☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's name** | PG&E Corporation |
| **2.** | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names, and *doing business as* names | |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | 94-3234914 |

**4. Debtor's address**

| Principal place of business | | | Mailing address, if different from principal place of business |
|---|---|---|---|
| 77 | Beale Street | | |
| Number | Street | | Number  Street |
| P.O. Box 770000 | | | |
| | | | P.O. Box |
| San Francisco | California | 94177 | |
| City | State | ZIP Code | City  State  ZIP Code |
| | | | **Location of principal assets, if different from principal place of business** |
| San Francisco | | | |
| County | | | Number  Street |
| | | | City  State  ZIP Code |

**5. Debtor's website** (URL)    http://www.pgecorp.com

**6. Type of debtor**
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

| Debtor | PG&E Corporation | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above <u>Holding company</u>

B. *Check all that apply:*

☐ Tax- entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**2211 – Electric Power Generation, Transmission, and Distribution**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  ☐ A plan is being filed with this petition.
  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes  District _____ When _____ Case number _____
                               MM/ DD/ YYYY
         District _____ When _____ Case number _____
                               MM / DD/ YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes  Debtor  See Schedule 1  Relationship _____
         District _____  When _____
         Case number, if known _____

| Debtor | PG&E Corporation | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number       Street

_____    _____    _____
City                         State                         ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact Name _____

Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**
**(on a consolidated basis)**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☒ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**
**(on a consolidated net book value basis)**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☒ More than $50 billion

**16. Estimated liabilities**
**(on a consolidated net book value basis)**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☒ More than $50 billion

| Request for Relief, Declaration, and Signatures |
|---|

WARNING — Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

    ☒ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

    ☒ I have been authorized to file this petition on behalf of the debtor.

    ☒ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on  01/29/19
                 MM/ DD /YYYY

    ✗ /s/ Jason P. Wells
    Signature of authorized representative of debtor

    Jason P. Wells
    Printed name

    Senior Vice President and Chief Financial Officer
    Title

18. **Signature of attorney**

    ✗ /s/ Tobias S. Keller                    Date  01/29/19
    Signature of attorney for debtor                MM / DD / YYYY

    Tobias S. Keller
    Printed Name

    Keller & Benvenutti LLP
    Firm Name

    650 California Street, Suite 1900
    Number      Street

    | San Francisco | California | 94108 |
    |---|---|---|
    | City | State | ZIP Code |

    | (415) 496-6723 | tkeller@kellerbenvenutti.com |
    |---|---|
    | Contact phone | Email address |

    | #151445 | California |
    |---|---|
    | Bar Number | State |

**Fill in this information to identify the case:**

Debtor name: PG&E Corporation

United States Bankruptcy Court for the: Northern District of California

Case number (*If known*): _____

# Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is    1-12609

2. The following financial data is the latest available information and refers to the debtor's condition (on a consolidated net book value basis) on September 30, 2018 as reflected in the debtor's Form 10-Q for the quarterly period that ended September 30, 2018:

   a. Total assets                                         $71,385,000,000

   b. Total debts (including debts listed in 2.c., below)    $51,689,000,000

   c. Debt securities held by more than 500 holders

                                                                                                   Approximate
                                                                                                   number of holder

   secured ☐    unsecured ☐    subordinated ☐    $ See Schedule 2    _____
   secured ☐    unsecured ☐    subordinated ☐    $_____    _____
   secured ☐    unsecured ☐    subordinated ☐    $_____    _____
   secured ☐    unsecured ☐    subordinated ☐    $_____    _____

   d. Number of shares of preferred stock           No shares outstanding
   e. Number of shares common stock              518,674,276 shares

   Comments, if any:
   _____
   _____

3. Brief description of debtor's business: Holding company whose primary operating subsidiary's business is electric power generation, transmission, and distribution.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: Based on publicly filed and available information, the debtor understands that the following persons directly or indirectly own, control, or hold, with power to vote, 5% or more of the voting securities of the debtor: Blackrock, Inc., T. Rowe Price Associates, and The Vanguard Group.

## Schedule 1 – Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On April 6, 2001, Pacific Gas and Electric Company (the "**Utility**") filed a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of California (the "**Court**") which was assigned Case No. 01-30923 DM (the "**2001 Case**"). As of the date hereof, the 2001 Case remains open and pending before the Court.

In addition, on the date hereof, the Utility and PG&E Corporation ("**PG&E Corp.**" and, together with the Utility, the "**Debtors**") each filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A motion will be filed with the Court requesting that the chapter 11 cases of the Utility and PG&E Corp. be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

## Schedule 2 – Debtor's Debt Securities

The following financial data is the latest available information and refers to the Debtor's financial condition as of December 30, 2018:

| Type | Maturity | Principal Amount Outstanding | Approximate Number of Holders |
|---|---|---|---|
| Revolving Credit Facility | April 27, 2022 | $300,000,000 | 16 |
| Term Loan | April 16, 2020 | $350,000,000 | 3 |

# PG&E CORPORATION

## CERTIFICATE OF CORPORATE SECRETARY

JANUARY 26, 2019

I, Linda Y. H. Cheng, being a duly elected and authorized officer of PG&E Corporation (the "**Company**"), hereby certify as follows:

A. I am a duly qualified and elected officer of the Company and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Company;

B. Attached hereto is a true, correct, and complete copy of the resolutions of the board of directors, duly adopted and approved on January 12, 2019, in accordance with the Company's bylaws; and

C. Such resolutions have not been amended, altered, annulled, rescinded, modified, or revoked since their adoption and remain in full force and effect as of the date hereof. There exist no subsequent resolutions relating to the matters set forth in the resolutions attached here.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of January 26, 2019.

Name: Linda Y. H. Cheng
Title: Vice President, Corporate Governance and Corporate Secretary

**Chapter 11 Case; Senate Bill 901 Notice; Debtor-in-Possession Financing**

# RESOLUTION OF THE
# BOARD OF DIRECTORS OF
# PG&E CORPORATION

January 12, 2019

WHEREAS, the Board of Directors (the "Board") of PG&E Corporation, a California corporation (the "Corporation"), has reviewed, discussed, and had the opportunity to ask questions about the materials presented by management and the legal and financial advisors of the Corporation regarding, among other matters, the actual and potential liabilities of the Corporation, its liquidity, the strategic alternatives available to it, and the impact of the foregoing on the Corporation's business;

WHEREAS, the Board has had the opportunity to consult with management and the legal and financial advisors of the Corporation to fully consider each of the strategic alternatives available to the Corporation;

WHEREAS, pursuant to State Senate Bill 901, effective as of January 1, 2019, California Public Utilities Code Section 854.2(d) appears on its face to purportedly require at least 15 days' advance notice ("SB 901 Notice") to covered employees prior to a "change in control" of a utility, which is defined to include any filing seeking bankruptcy protection; and

WHEREAS, the Board desires to approve this resolution;

**I.     Commencement of the Chapter 11 Case**

NOW, THEREFORE, BE IT RESOLVED that the Board has determined, after consultation with management and the legal and financial advisors of the Corporation, that it is desirable and in the best interests of the Corporation, its creditors, and other parties in interest that a petition be filed by the Corporation seeking relief under the provisions of chapter 11 of title 11 of the United States Code 15 days after delivery of a proper SB 901 Notice; and

BE IT FURTHER RESOLVED that any officer of the Corporation (each, an "Authorized Officer"), acting singly or jointly, be, and each hereby is, authorized and

empowered, with full power of delegation, to negotiate, execute, deliver, and file in the name and on behalf of the Corporation, and under its seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, and other documents in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"), and, in connection therewith, to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, appropriate, desirable, or advisable in connection with the Corporation's chapter 11 case (the "Chapter 11 Case"), including, without limitation, (a) the payment of any fees, expenses, and taxes such Authorized Officer deems necessary, appropriate, desirable, or advisable, and (b) negotiating, executing, delivering, performing, and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates, or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case with a view to the successful prosecution of the Chapter 11 Case (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard); and

**II.     SB 901 Notice**

BE IT FURTHER RESOLVED that the Board has determined, after consultation with management and the legal advisors of the Corporation, and in an abundance of caution, that applicable state law on its face purports to require the Corporation to provide proper SB 901 Notice to covered employees at least 15 days in advance of the commencement of the Chapter 11 Case; and

BE IT FURTHER RESOLVED that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized and empowered, in the name and on behalf of the Corporation, to (a) provide such SB 901 Notice, and (b) file with the U.S. Securities and Exchange Commission a related Form 8-K Report, in each case substantially in the form discussed with the Board, with such changes therein and additions thereto as any such Authorized Officer, in his or her sole discretion, may deem necessary, appropriate, desirable, or advisable; and

**III.    Debtor-in-Possession Financing**

BE IT FURTHER RESOLVED that in connection with the Chapter 11 Case, the Board has determined, after consultation with management and the legal and financial advisors of the Corporation, that it is desirable and in the best interests of the Corporation, its creditors,

2

and other parties in interest to obtain, and the Corporation will benefit under, a senior secured superpriority debtor-in-possession credit facility in an aggregate principal amount of up to $5.5 billion, consisting of a term loan and a revolving credit facility (including a letter of credit sub-facility) (with the ability to incur additional incremental facilities or commitments up to an amount to be agreed between any Authorized Officer and the applicable lenders in respect of such facilities or commitments), to be evidenced by a Senior Secured Superpriority Debtor-in-Possession Credit, Guaranty and Security Agreement (including any commitment letters and term sheets related to such term loan or revolving credit facility, the "DIP Credit Agreement"), to be entered into by and among Pacific Gas and Electric Company (as borrower), the Corporation (as guarantor), an administrative agent (the "Administrative Agent"), and certain institutional and other lenders (the "Lenders"), subject to approval by the Bankruptcy Court, which is necessary, appropriate, desirable, or advisable to the conduct, promotion, and attainment of the business of the Corporation (the "Debtor-in-Possession Financing"); and

BE IT FURTHER RESOLVED that the execution and delivery of the DIP Credit Agreement and any DIP Financing Documents (as defined below) to which the Corporation is a party, the consummation by the Corporation of the transactions contemplated thereunder, including the borrowing and reborrowing of loans thereunder, the guarantee of the obligations thereunder as provided in any DIP Financing Document, the grant of a security interest in and liens upon any or all of the Corporation's assets in favor of the secured parties (including the authorization of financing statements and other security documentation in connection with liens), and the execution, delivery, and performance of all other agreements, guarantees, letters (including fee letters), instruments, documents, notices, or certificates constituting exhibits to the DIP Credit Agreement or that may be necessary, appropriate, desirable, or advisable to be executed or delivered pursuant to the DIP Credit Agreement or otherwise related thereto (each, including the DIP Credit Agreement, a "DIP Financing Document" and collectively, the "DIP Financing Documents"), the making of the representations and warranties and compliance with the covenants thereunder, and the assumption of any obligations under and in respect of any of the foregoing, are hereby authorized and approved in all respects, and that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized and empowered, in the name and on behalf of the Corporation, to execute and deliver the DIP Credit Agreement and any other DIP Financing Document to which the Corporation is a party, with such changes therein and additions thereto as any such Authorized Officer, in his or her sole discretion, may deem necessary, appropriate, desirable, or advisable, the execution and delivery of the DIP Credit Agreement and any such DIP Financing Document with any changes thereto by the relevant

3

Authorized Officer to be conclusive evidence that such Authorized Officer deemed the same or any such changes to meet such standard; and

BE IT FURTHER RESOLVED that (i) the form, terms, and provisions of (a) the DIP Credit Agreement and (b) any and all of the other DIP Financing Documents, in each case substantially on the terms discussed with the Board, (ii) the extensions of credit contemplated by the DIP Credit Agreement and the other DIP Financing Documents, including the borrowing of funds under the DIP Credit Agreement, the use of proceeds of such borrowings to, among other things, provide liquidity for the Corporation throughout the Chapter 11 Case, and the issuance of letters of credit to support the Corporation's operations and financing activities throughout the Chapter 11 Case, and (iii) the performance of obligations under the DIP Credit Agreement and the other DIP Financing Documents, including the guarantees and the payment of all fees and expenses contemplated thereunder, are in each case hereby, in all respects confirmed, ratified, and approved; and

BE IT FURTHER RESOLVED that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized and empowered, in the name and on behalf of the Corporation, to cause the Corporation to negotiate and approve the terms, provisions, and performance of, and to prepare, execute, and deliver the DIP Credit Agreement and any other DIP Financing Document, in the name and on behalf of the Corporation under its corporate seal or otherwise, and such other documents, agreements, instruments, and certificates as may be required by the Administrative Agent thereunder or required by the DIP Credit Agreement or any other DIP Financing Document; and

BE IT FURTHER RESOLVED that the Corporation be, and hereby is, authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP Credit Agreement and any other DIP Financing Document, including the borrowing and reborrowing of loans, guaranteeing of obligations, granting of security thereunder, and the pledging of collateral; and

BE IT FURTHER RESOLVED that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized and empowered, in the name and on behalf of the Corporation, to grant security interests in, and liens on, any and all property (including real property) of the Corporation as collateral pursuant to the DIP Credit Agreement and any other DIP Financing Document to secure all of the obligations and liabilities of the Corporation thereunder to the Lenders and the Administrative Agent thereunder, and to authorize, execute,

verify, file, or deliver to such Administrative Agent, on behalf of the Corporation, all agreements, documents, and instruments required by such Administrative Agent or such Lenders in connection with the foregoing; and

BE IT FURTHER RESOLVED that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized and empowered, in the name and on behalf of the Corporation, to take all such further actions, including, without limitation, to pay all fees and expenses in accordance with the terms of the DIP Credit Agreement and any other DIP Financing Document, which shall, in such Authorized Officer's sole judgment, be necessary, appropriate, desirable, or advisable to perform the Corporation's obligations under or in connection with the DIP Credit Agreement or any other DIP Financing Document and the transactions contemplated therein and to carry out fully the intent of the foregoing paragraphs of this resolution; and

BE IT FURTHER RESOLVED that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized and empowered, in the name and on behalf of the Corporation, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the DIP Credit Agreement or any of the DIP Financing Documents, subject to any required approval of the Bankruptcy Court, which shall, in such Authorized Officer's sole judgment, be necessary, appropriate, desirable, or advisable (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard); and

## IV. **Retention of Advisors**

BE IT FURTHER RESOLVED that, in connection with the Corporation's Chapter 11 Case, any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of the Corporation and the Board, to employ and retain all assistance, in the name and on behalf of the Corporation and the Board, by legal counsel, accountants, financial advisors, investment bankers, and other professionals that such Authorized Officer deems necessary, appropriate, desirable, or advisable in connection with such employment and retention of professionals, with the view to the successful prosecution of the Chapter 11 Case (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard); and

## V. General Authorization and Ratification

BE IT FURTHER RESOLVED that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized and empowered, in the name and on behalf of the Corporation, to cause the Corporation to enter into, execute, deliver, certify, file or record, and perform, such agreements, instruments, motions, affidavits, rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions that in the judgment of the Authorized Officer shall be or become necessary, appropriate, desirable, or advisable in connection with the Chapter 11 Case; and

BE IT FURTHER RESOLVED that any and all past actions heretofore taken by any Authorized Officer in the name and on behalf of the Corporation in furtherance of any or all of the preceding paragraphs of this resolution be, and the same hereby are, ratified, confirmed, and approved in all respects; and

## VI. Designation of Responsible Individual

BE IT FURTHER RESOLVED that Jason P. Wells is designated and authorized to act as the "Responsible Individual" for the Corporation as may be required by the Bankruptcy Local Rules for the Northern District of California.