**<u>Exhibit A</u>**

**[PROPOSED] Interim Order**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice* pending)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice* pending)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice* pending)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>                  **Debtor.**<br><br>Tax I.D. No. 94-3234914 | Case Nos.     19-_____ (___)<br>                  19-_____ (___)<br><br>Chapter 11<br><br>**[PROPOSED] INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 362 ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF STOCK OF, AND CLAIMS AGAINST, THE DEBTORS** |
| In re:<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                  **Debtor.**<br><br>Tax I.D. No. 94-0742640 | Date:<br>Time:<br>Place: |

Case 19-30088   Doc# 101   Filed 01/29/19   Entered: 01/29/19 00:51:17   Page 2 of 22

*Weil, Gotshal & Manges LLP*
*767 Fifth Avenue*
*New York, NY 10153-0119*

Upon the Motion, dated _____, 2019 (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105(a) and 362 of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of interim and final orders establishing procedures to protect the potential value of the Debtors' consolidated net operating loss carryforwards (the "**NOLs**") and other tax benefits (collectively, the "**Tax Attributes**") for use in connection with the reorganization of the Debtors, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.) and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted on an interim basis, as provided herein.

2.      The provisions of this Interim Order shall be effective *nunc pro tunc* to the Petition Date.

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

3. The restrictions, notification requirements, and other procedures annexed hereto as **Exhibit 1** (the "**Procedures**") are hereby approved and shall apply to all trading and transfers of PG&E Stock.

4. Until further order of this Court to the contrary, any acquisition or trading of PG&E Stock in violation of the Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code.

5. Any person (including any Entity) or Acquiring Group that acquires PG&E Stock in violation of this Interim Order or the Procedures or that otherwise fails to comply with their requirements, shall be subject to such sanctions as this Court may consider appropriate pursuant to this Court's equitable power under section 105(a) of the Bankruptcy Code.

6. The notices substantially in the forms annexed hereto as **Exhibit 2**, and **Exhibit 3** are hereby approved.

7. Within three (3) business days of the entry of this Interim Order, the Debtors shall send the notice of this Interim Order (the "**Notice of Interim Order**") annexed hereto as **Exhibit 4** to all parties that were served with notice of the Motion, publish the Notice of Interim Order once in the national edition of *The New York Times* and the *San Francisco Chronicle*, and post the Procedures to the website established by Prime Clerk for these chapter 11 cases (which website address shall be identified in the Notice of Interim Order), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown, and no further notice of the Procedures shall be necessary.

8. Nothing herein shall preclude any person desirous of acquiring any PG&E Stock from requesting relief from this Interim Order from this Court, subject to the Debtors' rights to oppose such relief.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion.

10. The relief granted in this Interim Order is intended solely to permit the Debtors to protect, preserve, and maximize the value of their Tax Attributes; accordingly, other than to the extent that this

Case: 19-30088    Doc# 10-1    Filed: 01/29/19    Entered: 01/29/19 00:51:17    Page 4 of 22

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Interim Order expressly conditions or restricts trading in PG&E Stock, nothing in this Interim Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of PG&E Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

11. The requirements set forth in this Interim Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws and do not excuse noncompliance therewith.

12. The Debtors are authorized to take all steps necessary or appropriate to carry out this Interim Order.

13. A final hearing to consider the relief requested in the Motion shall be held on _____, ____ at _____ (Prevailing Pacific Time) and any objections or responses to the Motion shall be filed and served so as to be actually received on or prior to _____ , ____ at 4:00 p.m. (Prevailing Pacific Time).

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

** END OF ORDER **

# **Exhibit 1 to Interim Order**

**Procedures**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>                  **Debtor.**<br><br>Tax I.D. No. 94-3234914 | Case Nos.    19-_____(___)<br>               19-_____(___)<br><br>Chapter 11<br><br>**NOTICES, RESTRICTIONS, AND OTHER PROCEDURES REGARDING OWNERSHIP AND ACQUISITIONS OF STOCK OF THE DEBTORS** |
| In re:<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                  **Debtor.**<br><br>Tax I.D. No. 94-0742640 | Date:<br>Time:<br>Place: |

    **TO ALL PERSONS (INCLUDING ENTITIES) THAT OWN STOCK OF THE DEBTORS:**

    Pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Stock of, and Claims Against, the Debtors* (the "**Interim Order**") entered by the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") on _____, 2019, Docket No. ____, the following restrictions, notification requirements, and/or other procedures (collectively, the "**Procedures**") apply to all trading and transfers of stock of the Debtors.[1]

**A.**    **PG&E Stock Restrictions**

    (1)   <u>Definitions</u>.  For purposes of these Procedures, the following terms have the following meanings:

        (a)   "**PG&E Corp.**" shall mean PG&E Corporation.

        (b)   "**Utility**" shall mean Pacific Gas and Electric Company.

---

[1] Capitalized terms used but not defined herein (in particular, see definitions in paragraphs A(1) below) shall have the meanings ascribed to them in the Interim Order.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

(c)    "**Common Stock**" shall mean common stock issued by PG&E Corp.

(d)    "**Preferred Stock**" shall mean preferred stock issued by Utility.

(e)    "**Option**" shall mean any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable.

(f)    "**PG&E Stock**" shall mean, collectively, Common Stock and Preferred Stock. For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire PG&E Stock may be treated as the owner of such PG&E Stock.

(g)    "**Beneficial ownership**" of PG&E Stock and Options to acquire PG&E Stock shall be determined in accordance with section 382 of the title 26 of the United States Code (the "**Tax Code**"), the regulations promulgated by the U.S. Department of Treasury under the Tax Code (the "**Treasury Regulations**"), and rulings issued by the Internal Revenue Service (the "**IRS**"), and as described herein, and, thus, to the extent provided in those sources, from time to time shall include, without limitation, (i) direct and indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity), e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries, (ii) ownership by a holder's family members, (iii) ownership by any Entity, and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire PG&E Stock.

(h)    "**Acquiring Group**" shall mean any group of persons (including any Entity) that has a plan or arrangement to acquire beneficial ownership of the stock ofs more than one Debtor within the meaning of Treasury Regulations section 1.1502-92(c)(3)(i).

(i)    "**Entity**" shall mean any "entity" as such term is defined in Treasury Regulations section 1.382-3(a), including any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of PG&E Stock.

(j)    "**Substantial Stockholder**" shall mean any person (including any Entity) or Acquiring Group that beneficially owns at least 24.6 million shares of Common Stock (representing

approximately 4.75% of all issued and outstanding shares of Common Stock).

(2) <u>Notice of Substantial Ownership</u>. Any person (including any Entity) or Acquiring Group that beneficially owns, at any time on or after the Petition Date, PG&E Stock in an amount sufficient to qualify such person or Acquiring Group as a Substantial Stockholder shall file with the Bankruptcy Court, and serve upon (a) PG&E Corporation, 77 Beale Street, P.O. Box 770000 San Francisco, California 94177 (Attn: Mark Caron); (b) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq.; Jessica Liou, Esq.; Matthew Goren, Esq.; Kevin Bostel, Esq.), as proposed counsel to the Debtors; (c) counsel to any statutory committees appointed in the Chapter 11 Cases (each an "**Official Committee**"); and (d) counsel to the lenders under the Debtors' proposed debtor in possession financing facility (the "**DIP Lenders**") (collectively, the "**Disclosure Parties**") a notice of such person's or Acquiring Group's substantial ownership (a "**Substantial Stock Ownership Notice**"), in substantially the form annexed to the Interim Order as **Exhibit 2**, which describes specifically and in detail such person's or Acquiring Group's ownership of PG&E Stock, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person or Acquiring Group qualifies as a Substantial Stockholder. At the election of the filing person or Acquiring Group, the Substantial Stock Ownership Notice to be filed with the Bankruptcy Court (but not the Substantial Stock Ownership Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for any Official Committee) may be redacted to exclude the taxpayer identification number and the amount of PG&E Stock beneficially owned.

(3) <u>Acquisition of PG&E Stock</u>. At least twenty (20) business days prior to the proposed date of any transfer of PG&E Stock or exercise of any Option to acquire PG&E Stock that would result in an increase in the amount of PG&E Stock beneficially owned by any person (including any Entity) or Acquiring Group that currently is or, as a result of the proposed acquisition transaction, would be a Substantial Stockholder (a "**Proposed Acquisition Transaction**"), such person, Acquiring Group or Substantial Stockholder (a "**Proposed Transferee**") shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such Proposed Transferee's intent to purchase, acquire, or otherwise

accumulate PG&E Stock (an "**Acquisition Notice**"), in substantially the form annexed to the Interim Order as **Exhibit 3**, which describes specifically and in detail the Proposed Acquisition Transaction. At the election of the filing person or Acquiring Group, the Acquisition Notice to be filed with the Bankruptcy Court (but not the Acquisition Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for any Official Committee) may be redacted to exclude the taxpayer identification number and the amount of PG&E Stock beneficially owned.

(4)     Objection Procedures. The Debtors and any Official Committee shall have fifteen (15) business days after the filing of an Acquisition Notice (the "**Objection Period**") to file with the Bankruptcy Court and serve on a Proposed Transferee, an objection (each, an "**Objection**") to any Proposed Acquisition described in such Acquisition Notice. If the Debtors or any Official Committee files an Objection by the expiration of the Objection Period (the "**Objection Deadline**"), then the applicable Proposed Acquisition Transaction shall not be effective unless approved by a final and nonappealable order of the Bankruptcy Court. If neither the Debtors nor any Official Committee file an Objection by the Objection Deadline or if the Debtors and any and all Official Committees provide written authorization to the Proposed Transferee approving the Proposed Acquisition Transaction prior to the Objection Deadline, then such Proposed Acquisition Transaction may proceed solely as specifically described in the applicable Acquisition Notice. Any further Proposed Acquisition Transaction must be the subject of an additional Acquisition Notice and Objection Period.

**B.     Noncompliance with the Procedures**

Any transfer of PG&E Stock in violation of these Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code. Furthermore, any person (including any Entity) or Acquiring Group that acquires PG&E Stock in violation of these Procedures shall be subject to sanctions as provided by law.

**C.     Debtors' Right to Waive**

**The Debtors may waive, in writing, any and all restrictions, stays, and notification Procedures contained in this Notice.**

Dated: San Francisco, California  **BY ORDER OF THE COURT**

_____, 2019

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

Case 19-30088    Doc 10-1    Filed: 01/29/19    Entered: 01/29/19 00:51:17    Page 11
of 22

# Exhibit 2 to Interim Order

## Notice of Substantial Stock Ownership

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case: 19-30088   Doc# 303-1   Filed: 01/29/19   Entered: 01/29/19 00:51:17   Page 13 of 22

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Case Nos. 19- |
| | 19- |
| **PG&E CORPORATION,** | |
| | Chapter 11 |
| **Debtor.** | |
| **Tax I.D. No. 94-3234914** | **NOTICES OF SUBSTANTIAL STOCK OWNERSHIP** |
| **In re:** | |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | Date: DATE |
| | Time: TIME |
| **Debtor.** | Dept.: DEPT |
| | Judge: Honorable NAME |
| **Tax I.D. No. 94-0742640** | |

PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Stock of, and Claims Against, the Debtors,* dated [_____], 2019, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that, as of the date hereof, the Filer beneficially owns:

(i) _____ shares of Common Stock, [1]

(ii) _____ shares of Preferred Stock, and/or

(iii) Options to acquire _____ shares of PG&E Stock,

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

For Common Stock, Preferred Stock and/or Options to acquire PG&E Stock that are owned directly by the Filer, the table sets forth (a) the number of such shares, the number of such interests

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Interim Order.

and/or the number of shares underlying Options beneficially owned by such Filer and (b) the date(s) on which such shares and/or Options were acquired (categorized by class, as applicable).

In the case of Common Stock or Preferred Stock and/or Options to acquire PG&E Stock that are not owned directly by the Filer but are nonetheless beneficially owned by the Filer or owned by an Acquiring Group of which the Filer is a member, the table sets forth (a) the name(s) of each record or legal owner of such shares of Common Stock, Preferred Stock and/or Options to acquire PG&E Stock that are beneficially owned by the Filer, (b) the number of shares of Common Stock, the number of shares of Preferred Stock and/or the number of shares of PG&E Stock underlying Options beneficially owned by such Filer, and (c) the date(s) on which such Common Stock, Preferred Stock and/or Options were acquired (categorized by class, as applicable). Any shares that are included solely as a result of the Filer being a member of an Acquiring Group are designated with an asterisk (*).

| Class | Name of Owner | Shares Owned | Shares Underlying Options Owned | Date(s) Acquired |
|---|---|---|---|---|
| Common Stock | | | | |
| Preferred Stock | | | | |

(Attach additional pages if necessary.)

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By:_____
Name:_____

Address: _____
Telephone: _____
Facsimile: _____
Date: _____

Case: 19-30088    Doc# 301-1    Filed: 01/29/19    Entered: 01/29/19 00:51:17    Page 14 of 22

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY  10153-0119

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit 3 to Interim Order**

**Notice of Intent to Purchase, Acquire, or Otherwise Accumulate PG&E Stock**

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Case Nos.    19-<br>                19- |
| **PG&E CORPORATION,** | Chapter 11 |
|                        **Debtor.** | **NOTICE OF INTENT TO PURCHASE,** |
| **Tax I.D. No. 94-3234914** | **ACQUIRE, OR OTHERWISE** |
| | **ACCUMULATE PG&E STOCK** |
| **In re:** | Date:    DATE |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | Time:    TIME<br>Dept.:    DEPT |
|                        **Debtor.** | Judge:   Honorable NAME |
| **Tax I.D. No. 94-0742640** | |

PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Stock of, and Claims Against, the Debtors*, dated [_____], 2019, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to purchase, acquire, or otherwise accumulate directly one or more shares of Common Stock, Preferred Stock and/or Options to acquire PG&E Stock and/or (ii) a proposed purchase or acquisition of Common Stock,[1] Preferred Stock and/or Options to acquire PG&E Stock that would result in an increase in the number of shares of Common Stock, Preferred Stock and/or number of shares of PG&E Stock underlying Options that are beneficially owned by the Filer (any proposed transaction described in (i) or (ii), a "**Proposed Acquisition**").

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1.      If the Proposed Acquisition involves the purchase or acquisition directly by the Filer of Common Stock, Preferred Stock and/or Options to acquire PG&E Stock, the table sets forth (a) the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Interim Order.

*Weil, Gotshal & Manges LLP*
*767 Fifth Avenue*
*New York, NY 10153-0119*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

number of shares of Common Stock, Preferred Stock and/or the number of shares of PG&E Stock underlying Options proposed to be purchased or acquired and (b) the date(s) of such Proposed Acquisition (categorized by class, as applicable).

2.     If the Proposed Acquisition involves the purchase or acquisition of Common Stock, Preferred Stock and/or Options to acquire PG&E Stock by a person (including any Entity) or Acquiring Group other than the Filer, but the Proposed Acquisition nonetheless would increase the number of shares of Common Stock, Preferred Stock and/or number of shares of PG&E Stock underlying Options that are beneficially owned by the Filer or owned by an Acquiring Group of which the Filer is a member, the table sets forth (a) the name(s) of each such person or Acquiring Group that proposes to purchase or acquire such shares of Common Stock, Preferred Stock and/or Options, (b) the number of shares of Common Stock, Preferred Stock and/or number of shares of PG&E Stock underlying Options proposed to be purchased or acquired, and (c) the date(s) of such Proposed Acquisition (categorized by class, as applicable).

| Class | Name of Purchaser or Acquirer | Shares to be Purchased or Acquired | Shares Underlying Options to be Purchased or Acquired | Date(s) of Proposed Acquisition |
|---|---|---|---|---|
| Common Stock | | | | |
| Preferred Stock | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table summarizes the Filer's beneficial ownership of Common Stock, Preferred Stock and/or Options to acquire PG&E Stock assuming that the Proposed Acquisition is approved and consummated as described above.  The table sets forth, as of immediately following the consummation of the Proposed Acquisition, the number of shares of Common Stock, Preferred Stock and/or the number of shares of PG&E Stock underlying Options (a) that would be owned <u>directly</u> by the Filer and, (b) in the case of any beneficial ownership by the Filer of Common Stock, Preferred Stock and/or Options that would be owned by another person (including any Entity) or Acquiring Group as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock, Preferred Stock and/or the number of shares of PG&E Stock

Case: 19-30088    Doc# 305    Filed: 01/29/19    Entered: 01/29/19 00:51:17    Page 17 of 22

underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

| Class | Name of Owner | Shares to Be Owned | Shares Underlying Options to Be Owned |
|-------|---------------|--------------------|---------------------------------------|
| Common Stock | | | |
| Preferred Stock | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that if the Proposed Acquisition involves a purchase or acquisition of Common Stock, Preferred Stock and/or Options to acquire PG&E Stock directly by the Filer and such Proposed Acquisition would result in (a) an increase in the beneficial ownership of Common Stock, Preferred Stock and/or Options to acquire PG&E Stock by a person (including any Entity) or Acquiring Group (other than the Filer) that currently is a Substantial Stockholder or (b) a person's or Acquiring Group's (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (i) the name of each such person or Acquiring Group, (ii) the number of shares of Common Stock, Preferred Stock and/or the number of shares of PG&E Stock underlying Options that are beneficially owned by such person or Acquiring Group currently (i.e., prior to the Proposed Acquisition), and (iii) the number of shares of Common Stock, Preferred Stock and/or the number of shares of PG&E Stock underlying Options that would be beneficially owned by such person or Acquiring Group immediately following the Proposed Acquisition (categorized by class, as applicable).

| Class | Name of Beneficial Owner | Shares Owned Currently (i.e., Prior to Proposed Acquisition) | Shares to Be Owned Following Proposed Acquisition | Shares Underlying Options Owned Currently (i.e., Prior to Proposed Acquisition) | Shares Underlying Options to Be Owned Following Proposed Acquisition |
|-------|--------------------------|------------------------------------------------------------|---------------------------------------------------|--------------------------------------------------------------------------------|---------------------------------------------------------------------|
| Common Stock | | | | | |
| Preferred Stock | | | | | |

(Attach additional page if necessary.)

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1    For each of the tables above, a Filer that is a member of an Acquiring Group shall indicate the

2    shares of PG&E Stock treated as owned or to be owned by the members of such Acquiring Group by

3    including an asterisk next to each entry made above.

4    PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is

5    _____.

6    PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares

7    that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge

8    and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and

9    complete.

10    [[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn:

11    [name of attorney]).]

12                                                    Respectfully submitted,

13

14                                                    _____
                                                     [Name of Filer]

15
                                                     By:_____
16                                                   Name:_____

17                                                   Address: _____
18                                                   Telephone: _____
                                                     Facsimile: _____
19                                                   Date: _____

20

21

22

23

24

25

26

27

28

Case: 19-30088    Doc# 30-3    Filed: 01/29/19    Entered: 01/29/19 00:51:17    Page 19
of 22

**Exhibit 4 to Interim Order**

**Interim Publication Notice**

Case: 19-30088    Doc# 303-4    Filed: 01/29/19    Entered: 01/29/19 00:51:17    Page 21 of 22

**ATTENTION DIRECT AND INDIRECT HOLDERS OF, AND PROSPECTIVE HOLDERS OF, (I) STOCK ISSUED BY PG&E CORPORATION OR PACIFIC GAS & ELECTRIC COMPANY AND (II) CERTAIN CLAIMS AGAINST PG&E CORPORATION OR PACIFIC GAS & ELECTRIC COMPANY:**

Upon the motion (the "**Motion**") of PG&E Corporation ("**PG&E Corp.")** and Pacific Gas & Electric Company ("**Utility**") (together with PG&E Corp., the "**Debtors**"), on [●], 2019, the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**"), having jurisdiction over the chapter 11 cases of the Debtors, captioned as *In re PG&E Corporation, et al*., Case No. ____ (the "**Chapter 11 Cases**"), entered an interim order establishing procedures (the "**Procedures**") with respect to direct and indirect trading and transfers of stock of the Debtors and scheduling a hearing on a final order with respect to such Procedures.

In certain circumstances, the Procedures restrict transactions involving, and require notices of the holdings of and proposed transactions by, any person or group of persons that is or, as a result of such a transaction, would become, a Substantial Stockholder of the common stock issued by PG&E Corp. (the "**Common Stock**"). For purposes of the Procedures, a "**Substantial Stockholder**" is any person or, in certain cases, group of persons that beneficially own, directly or indirectly (and/or owns options to acquire) at least 24.6 million shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock)." *Any prohibited transfer of stock of the Debtors will be null and void ab initio and may lead to contempt, compensatory damages, punitive damages, or sanctions being imposed by the Bankruptcy Court.*

In addition, the Debtors have requested approval of additional procedures (the "**Claims Procedures**") as part of the final order that set forth (i) certain future circumstances under which any person, group of persons, or entity holding, or which as a result of a proposed transaction may hold, a substantial amount of certain claims against the Debtors may be required to file notice of its holdings of such claims and of proposed transactions, which transactions may be restricted, and (ii) certain limited circumstances thereafter under which such person(s) may be required to sell, by a specified date following the confirmation of a chapter 11 plan of the Debtors, all or a portion of any such claims acquired during the Chapter 11 Cases.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

*The Procedures, as approved on an interim basis and as requested on a final basis (inclusive of the Claims Procedures), are available on the website of Prime Clerk LLC, the Debtors' Court-approved claims agent, located at https://primeclerk.com, and on the docket of the Chapter 11 Cases, Docket No. _____, which can be accessed via PACER at https://www.pacer.gov.*

**A direct or indirect holder of, or prospective holder of, stock issued by the Debtors that may be or become a Substantial Stockholder or a direct or indirect holder of, or prospective holder of, a substantial amount of claims against the Debtors should consult the Procedures.**

PLEASE TAKE NOTICE that the final hearing on the Motion shall be held on _____, **2019**, at _____ (**Pacific Time**), and any objections or responses to the Motion shall be in writing, filed with the Court (with a copy delivered to Chambers), and served upon (i) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Stephen Karotkin, Esq.; Jessica Liou, Esq.; Matthew Goren, Esq.; Kevin Bostel, Esq.), as proposed counsel to the Debtors, and (ii) the Office of the United States Trustee for Region 17 (Attn: Tracy Hope Davis, Esq. and Timothy Lafreddi, Esq.), in each case so as to be received no later than **4:00 p.m. (Pacific Time) on _____, 2019.**

PLEASE TAKE FURTHER NOTICE that the requirements set forth in the Procedures are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws and do not excuse non-compliance therewith.

Dated:    San Francisco, California         **BY ORDER OF THE COURT**
         [●], 2019

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

Case: 19-30088    Doc# 30-4    Filed: 01/29/19    Entered: 01/29/19 00:51:17    Page 22 of 22