**<u>Exhibit B</u>**

**[PROPOSED] Final Order**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Debtors' Motion for Notification
Procedures and Transfer Restrictions
— Exhibit B

Case: 19-30088   Doc# 10-2   Filed: 01/29/19   Entered: 01/29/19 00:51:17   Page 1 of 49

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice pending*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice pending*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice pending*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>        **Debtor.**<br><br>**Tax I.D. No. 94-3234914** | Case Nos.   19-_____ (___)<br>                19-_____ (___)<br><br>Chapter 11<br><br>**[PROPOSED] FINAL ORDER PURSUANT TO PURSUANT TO 11 U.S.C. §§ 105(A) AND 362 ESTABLISHING NOTIFICATION PROCEDURES AND CERTAIN RESTRICTIONS REGARDING OWNERSHIP AND ACQUISITIONS OF STOCK OF, AND CLAIMS AGAINST, THE DEBTORS** |
| **In re:**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>        **Debtor.**<br><br>**Tax I.D. No. 94-0742640** | Date:<br>Time:<br>Place: |

DEBTORS' MOTION FOR NOTIFICATION
PROCEDURES AND TRANSFER RESTRICTIONS
EXHIBIT B

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Upon the Motion, dated _____, 2019 (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105(a) and 362 of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of interim and final orders establishing procedures to protect the potential value of the Debtors' consolidated net operating loss carryforwards (the "**NOLs**") and other tax benefits (collectively, the "**Tax Attributes**") for use in connection with the reorganization of the Debtors, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, and is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on a final basis, as provided herein.

2. The provisions of this Order shall be effective *nunc pro tunc* to the Petition Date.

3. The restrictions, notification requirements, and other procedures annexed hereto as **Exhibit 1** (the "**Procedures**") are hereby approved and shall apply to all trading and transfers of stock

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

Case: 19-30088   Doc# 10-2   Filed: 01/29/19   Entered: 01/29/19 00:51:17   Page 3 of 49

4.      Any transfer of PG&E Stock or Claims against the Debtor in violation of the Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code.

5.      Any person (including any Entity) or Acquiring Group that acquires PG&E Stock or transfers Claims against the Debtor in violation of this Order or the Procedures or that otherwise fails to comply with their requirements, shall be subject to such sanctions as this Court may consider appropriate pursuant to this Court's equitable power under section 105(a) of the Bankruptcy Code.

6.      The notices substantially in the forms annexed hereto as **Exhibit 2**, **Exhibit 3**, **Exhibit 4**, **Exhibit 5**, **Exhibit 6** and **Exhibit 7** are hereby approved.

7.      Within three (3) business days of the entry of this Order, the Debtors shall send the notice of this Order (the "**Notice of Final Order**") annexed hereto as **Exhibit 7** to all parties that were served with notice of the Motion, publish the Notice of Final Order once in the national edition of *The New York Times* and the *San Francisco Chronicle*, and post the Procedures to the website established by Prime Clerk LLC for these chapter 11 cases (which website address shall be identified in the Notice of Final Order), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown, and no further notice of the Procedures shall be necessary.

8.      Nothing herein shall preclude any person (including any Entity) or Acquiring Group desirous of purchasing or transferring any interest in, or Claims against, the Debtors from requesting relief from this Order from this Court, subject to the Debtors' rights to oppose such relief.

9.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion.

10.     The relief granted in this Order is intended solely to permit the Debtors to protect, preserve, and maximize the value of their Tax Attributes; accordingly, other than to the extent that this Order expressly conditions or restricts trading and transfers of stock of, or Claims against, the Debtor,

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

nothing in this Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of stock of, or Claims against, the Debtors, including in connection with the treatment of any such stock or claims under any chapter 11 plan or any applicable bankruptcy court order.

11.    The requirements set forth in this Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws and do not excuse noncompliance therewith.

12.    The entry of this Order shall in no way be deemed a determination that entry of a Sell-Down Notice is necessary or warranted in this chapter 11 cases, and this Court's review of any future request for entry of a Sell-Down Notice shall be without regard to the entry of this Order.

13.    The entry of this Order shall in no way prejudice the rights of any party to oppose the entry of a Sell-Down Notice, on any grounds, and all such rights are expressly preserved hereby.

14.    Nothing contained in this Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.  Likewise any payment made pursuant to this Order is not intended to be and shall not be construed as an admission of the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

15.    Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

16.    The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

17.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

** END OF ORDER **

**Exhibit 1 to Final Order**

**Procedures**

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Case Nos.    19-<br>          19- |
| **PG&E CORPORATION,** | |
| **Debtor.** | Chapter 11 |
| Tax I.D. No. 94-3234914 | **NOTICES, RESTRICTIONS, AND OTHER PROCEDURES REGARDING OWNERSHIP AND TRANSFERS OF STOCK OF, AND CLAIMS AGAINST, THE DEBTORS** |
| **In re:** | |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | Date:<br>Time:<br>Place: |
| **Debtor.** | |
| Tax I.D. No. 94-0742640 | |

**TO ALL PERSONS (INCLUDING ENTITIES) WITH CLAIMS AGAINST OR STOCK OWNERSHIP OF THE DEBTORS:**

Pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Stock of, and Claims Against, the Debtors* (the "**Final Order**") entered by the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") on _____, 2019, Docket No. [____], the following restrictions, notification requirements, and/or other procedures (collectively, the "**Procedures**") apply to all trading and transfers of stock of, and Claims[1] against, the Debtors.

**A.     PG&E Stock Restrictions**

(1)     <u>Definitions</u>.  For purposes of these Procedures, the following terms have the following meanings:

(a)     "**PG&E Corp.**" shall mean PG&E Corporation.

(b)     "**Utility**" shall mean Pacific Gas and Electric Company.

(c)     "**Common Stock**" shall mean common stock issued by PG&E Corp.

---

[1] Capitalized terms used but not defined herein (in particular, see definitions in paragraphs A(1) and B(1) below) shall have the meanings ascribed to them in the Final Order.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

(d)    "**Preferred Stock**" shall mean preferred stock issued by Utility.

(e)    "**Option**" shall mean any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable.

(f)    "**PG&E Stock**" shall mean, collectively, Common Stock and Preferred Stock. For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire PG&E Stock may be treated as the owner of such PG&E Stock.

(g)    "**Beneficial ownership**" of PG&E Stock and Options to acquire PG&E Stock shall be determined in accordance with section 382 of the title 26 of the United States Code (the "**Tax Code**"), the regulations promulgated by the U.S. Department of Treasury under the Tax Code (the "**Treasury Regulations**"), and rulings issued by the Internal Revenue Service (the "**IRS**"), and as described herein, and, thus, to the extent provided in those sources, from time to time shall include, without limitation, (i) direct and indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity), e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries, (ii) ownership by a holder's family members, (iii) ownership by any Entity, and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire PG&E Stock.

(h)    "**Acquiring Group**" shall mean any group of persons (including any Entity) that has a plan or arrangement to acquire beneficial ownership of the stock of more than one Debtor within the meaning of Treasury Regulations section 1.1502-92(c)(3)(i).

(i)    "**Entity**" shall mean any "entity" as such term is defined in Treasury Regulations section 1.382-3(a), including any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of PG&E Stock.

(j)    "**Substantial Stockholder**" shall mean any person (including any Entity) or Acquiring Group that beneficially owns at least 24.6 million shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock).

(2)    <u>Notice of Substantial Ownership</u>.  Any person (including any Entity) or Acquiring Group that beneficially owns, at any time on or after the Petition Date, PG&E Stock in an amount sufficient to qualify such person or Acquiring Group as a Substantial Stockholder shall file with the Bankruptcy Court, and serve upon (a) PG&E Corporation, 77 Beale Street, P.O. Box 770000 San Francisco, California 94177 (Attn: Mark Caron); (b) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq.; Jessica Liou, Esq.; Matthew Goren, Esq.; Kevin Bostel, Esq.), as proposed counsel to the Debtors; (c) counsel to any statutory committees appointed in the Chapter 11 Cases (each an "**Official Committee**"); and (d) counsel to the lenders under the Debtors' proposed debtor in possession financing facility (the "**DIP Lenders**") (collectively, the "**Disclosure Parties**") a notice of such person's or Acquiring Group's substantial ownership (a "**Substantial Stock Ownership Notice**"), in substantially the form annexed to the Final Order as **<u>Exhibit 2</u>**, which describes specifically and in detail such person's or Acquiring Group's ownership of PG&E Stock, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person or Acquiring Group qualifies as a Substantial Stockholder.  At the election of the filing person or Acquiring Group, the Substantial Stock Ownership Notice to be filed with the Bankruptcy Court (but not the Substantial Stock Ownership Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for any Official Committee) may be redacted to exclude the taxpayer identification number and the amount of PG&E Stock beneficially owned.

(3)    <u>Acquisition of PG&E Stock</u>.  At least twenty (20) business days prior to the proposed date of any transfer of PG&E Stock or exercise of any Option to acquire PG&E Stock that would result in an increase in the amount of PG&E Stock beneficially owned by any person (including any Entity) or Acquiring Group that currently is or, as a result of the proposed acquisition transaction, would be a Substantial Stockholder (a "**Proposed Acquisition Transaction**"), such person, Acquiring Group or Substantial Stockholder (a "**Proposed Transferee**") shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such Proposed Transferee's intent to purchase, acquire, or otherwise accumulate PG&E Stock (an "**Acquisition Notice**"), in substantially the form annexed to the Final Order

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

as **Exhibit 3**, which describes specifically and in detail the Proposed Acquisition Transaction. At the election of the filing person or Acquiring Group, the Acquisition Notice to be filed with the Bankruptcy Court (but not the Acquisition Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for any Official Committee) may be redacted to exclude the taxpayer identification number and the amount of PG&E Stock beneficially owned.

(4)     Objection Procedures.  The Debtors and any Official Committee shall have fifteen (15) business days after the filing of an Acquisition Notice (the "**Objection Period**") to file with the Bankruptcy Court and serve on a Proposed Transferee, an objection (each, an "**Objection**") to any Proposed Acquisition described in such Acquisition Notice.  If the Debtors or any Official Committee files an Objection by the expiration of the Objection Period (the "**Objection Deadline**"), then the applicable Proposed Acquisition Transaction shall not be effective unless approved by a final and nonappealable order of the Bankruptcy Court.  If neither the Debtors nor any Official Committee file an Objection by the Objection Deadline or if the Debtors and any and all Official Committees provide written authorization to the Proposed Transferee approving the Proposed Acquisition Transaction prior to the Objection Deadline, then such Proposed Acquisition Transaction may proceed solely as specifically described in the applicable Acquisition Notice.  Any further Proposed Acquisition Transaction must be the subject of an additional Acquisition Notice and Objection Period.

**B.     Claims Restrictions**

(1)     Definitions.  For purposes of these Procedures, the following terms have the following meanings:

(a)     "**PG&E Corp.**" shall mean PG&E Corporation.

(b)     "**Post-Emergence PG&E**" means the reorganized Debtors or any successor thereto.

(c)     "**New PG&E Stock**" means the common stock and any other equity securities (including securities that are treated as equity securities for U.S. federal income tax purposes) of Post-Emergence PG&E, including Options to acquire the same.

(d)     "**Entity**" has the meaning as such term is defined in section 1.382-3(a) of title 26

Case: 19-30088    Doc# 310-2    Filed: 01/29/19    Entered: 01/29/19 00:51:17    Page 10
of 49

of the Code of Federal Regulations (the "**Treasury Regulations**"), including any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of Claims or New PG&E Stock.

(e)     A "**Claim**" means any claim, as defined in section 101(5) of the Bankruptcy Code, against any of the Debtors, whether secured or unsecured, other than claims under or in connection with the Debtors' proposed debtor in possession financing facility (the "**DIP Loan**").

(f)     An "**Option**" includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

(g)     A "**382(*l*)(5) Plan**" means a plan of reorganization (a "**Plan**") that contemplates the use of section 382(*l*)(5) of the title 26 of the United States Code (the "**Tax Code**") by a reorganized debtor to obtain certain incremental tax benefits.

(h)     "**Beneficial ownership**" of a Claim or Owned Interest means:

(i)     the beneficial ownership of a Claim or Owned Interest (as hereinafter defined) as determined in accordance with applicable rules under section 382 of the Tax Code, the Treasury Regulations, and rulings issued by the Internal Revenue Service (the "**IRS**") and as described herein (for such purpose, a Claim is treated as if it were stock) and, thus, to the extent provided in those sources, from time to time, shall include, without limitation, (A) direct and indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity), e.g., a holding company would be considered to beneficially own all Claims or Owned Interests owned or acquired by its subsidiaries, (B) ownership by a holder's family members, and (C) ownership by any Entity, Owned Interests, and/or stock; and

(ii)     the beneficial ownership of an Option (irrespective of the purpose for which such Option was issued, created, or acquired) with respect to a Claim or Owned Interest.

(iii)     For the avoidance of doubt, beneficial ownership of a Claim or Owned Interests also includes the beneficial ownership of any right to receive any equity consideration to be distributed in respect of a Claim or Owned Interests pursuant to a Plan or any applicable bankruptcy

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

court order.

    (i)  "**Threshold Amount**" means an amount of Claims that, when taking into account the Owned Interests beneficially owned by a holder of Claims (including under the applicable aggregation rules), could result in such holder of Claims holding the Applicable Percentage of New PG&E Stock. For this purpose, the beneficial ownership of an Option to acquire Owned Interests shall be considered beneficial ownership of Owned Interests.

    Notwithstanding the foregoing, if a beneficial owner of Claims does not agree to refrain from acquiring beneficial ownership of additional Owned Interests (and Options to acquire the same) or to dispose of immediately any such Owned Interests or Options (if acquired on or after the Petition Date but prior to submitting its Notice of Substantial Claim Ownership (as hereinafter defined)), the Threshold Amount for such beneficial owner of Claims shall be the "**Minimum Threshold Amount**," which shall be the amount of Claims beneficially owned by a holder of Claims continuously from the Petition Date to the Sell-Down Date (as hereinafter defined).

    (j)  A "Substantial Claimholder" means any person (including any Entity) that beneficially owns an aggregate dollar amount of Claims against the Debtors, or any Entity controlled by such person through which such person beneficially owns Claims against the Debtors, of more than the Threshold Amount, excluding Claims under or in connection with the DIP Loan.

    For the avoidance of doubt, section 382 of the Tax Code, the Treasury Regulations, and all relevant IRS and judicial authority shall apply in determining whether the Claims of several persons and/or Entities must be aggregated when a person's (including an Entity's) status as a Substantial Claimholder (for such purpose, a Claim is treated as if it were stock).

    (k)  "**Applicable Percentage**" means, if only one class of New PG&E Stock is to be issued pursuant to the terms of a 382($l$)(5) Plan and holders within each class of Claims receiving New PG&E Stock will receive a pro rata distribution of the New PG&E Stock, 4.75% of the number of shares of New PG&E Stock that the Debtors reasonably estimate will be outstanding immediately after the effective date of such 382($l$)(5) Plan, as determined for U.S. federal income tax purposes. If more than one class of New PG&E Stock is to be distributed pursuant to the terms of a 382($l$)(5) Plan or if holders

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

Case: 19-30088  Doc# 10-2  Filed: 01/29/19  Entered: 01/29/19 00:51:17  Page 12 of 49

within a class of Claims may receive a disproportionate distribution of New PG&E Stock relative to other holders in the same class, the Applicable Percentage shall be determined by the Debtors in their reasonable judgment in a manner consistent with the estimated range of values for the equity to be distributed (as reflected in the valuation analysis set forth in the 382(*l*)(5) Plan and disclosure statement) and shall be expressed in a manner that makes clear the number of shares or other interests in each class of New PG&E Stock that would constitute the Applicable Percentage.

(l)    "**Holdings Report**" means a Notice of Substantial Claim Ownership (as hereinafter defined) received by the Debtors with respect to the Determination Date.

(m)    "**Maximum Amount**" means the maximum amount of Claims (by class or other applicable classification of Claims) that may be held, as of the effective date of the 382(*l*)(5) Plan, by a Substantial Claimholder that was a Substantial Claimholder as of the Determination Date, which the Debtors shall calculate as follows:

(i)    Based upon the information provided by the Substantial Claimholders in the Holdings Reports, the Debtors shall calculate the aggregate amount of Claims that all such Substantial Claimholders must sell as a group to effectuate the 382(*l*)(5) Plan (the "**Sell-Down Amount**");

(ii)    The Debtors shall calculate for each Substantial Claimholder the amount of such Substantial Claimholder's *pro rata* share of the Sell-Down Amount (*i.e.*, the Sell-Down Amount multiplied by a fraction, (x) the numerator of which is the amount, if any, of Claims identified in such Substantial Claimholder's Holdings Report minus the greater of (A) the applicable Threshold Amount and (B) the Protected Amount for such Substantial Claimholder, and (y) the denominator of which is the aggregate amount of Claims identified in all of the Substantial Claimholders' Holdings Reports minus the greater of (A) the aggregate applicable Threshold Amount for all Substantial Claimholders and (B) the aggregate Protected Amount of all Substantial Claimholders; and

(iii)    For each such Substantial Claimholder, the Debtors shall subtract from the total Claims held by such Substantial Claimholder (as reported in the Holdings Report) such Substantial Claimholder's *pro rata* share of the Sell-Down Amount.  The difference shall be the Maximum Amount.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

(n)  "**Newly Traded Claims**" means Claims (i) with respect to which a person (including any Entity) acquired beneficial ownership after the date that was eighteen (18) months prior to the Petition Date and (ii) that are not "ordinary course" Claims, within the meaning of Treasury Regulations section 1.382-9(d)(2)(iv), of which the same person (including any Entity) always has had beneficial ownership.

(o)  A "**Permitted Transferee**" with respect to a Substantial Claimholder is a person (including any Entity) whose holding of a Claim would not result in such Substantial Claimholder having beneficial ownership of such Claim.

(p)  "**Protected Amount**" means the amount of Claims (by class or other applicable classification) of which a holder had beneficial ownership on the Petition Date *plus* the amount of Claims of which such holder acquires, directly or indirectly, beneficial ownership pursuant to trades entered into prior to the Petition Date, but that had not yet closed as of the Petition Date, and the amount of Claims of which such holder acquires, directly or indirectly, beneficial ownership pursuant to trades entered into after the Petition Date that have been approved by the Debtors in accordance with these Procedures minus the amount of Claims of which such holder sells, directly or indirectly, beneficial ownership pursuant to trades entered into prior to the Petition Date, but that had not yet closed as of the Petition Date.

(2)  Disclosure of 382(*l*)(5) Plan.  If the proponent of a Plan (a "**Plan Proponent**") determines that the reorganized Debtors likely will benefit from the application of section 382(*l*)(5) of the Tax Code and reasonably anticipates that Post-Emergence PG&E will invoke such section, then the Plan Proponent, in proposing a 382(*l*)(5) Plan, shall disclose in its proposed disclosure statement or, in the case of items (c) through (e) below, a later separate notice (collectively, the "**Proposed 382(*l*)(5) Disclosure Statement**"):

(a)  Adequate information about the incremental tax benefits anticipated to be realized through the use of section 382(*l*)(5) of the Tax Code that, taking into account the Debtors' anticipated net unrealized built-in gains or net unrealized built-in losses, would not otherwise be available;

(b)  A summary of any restrictions expected to be imposed on the transferability of

Case: 19-30088    Doc# 10-2    Filed: 01/29/19    Entered: 01/29/19 00:51:17    Page 14 of 49

securities issued under the Plan in order to preserve such incremental tax benefits;

(c)     The (i) dollar amount of Claims (by class or other applicable classification) expected to result in a one-percent (1%) interest in New PG&E Stock and (ii) the number of any of the specified interests ("**Owned Interests**") in the Debtors expected to result in a one-percent (1%) interest in New PG&E Stock, in each case based upon then-available information;

(d)     A specified date (the "**Determination Date**") that is not less than ten (10) calendar days after the service of the notice of the hearing with respect to the Proposed 382(*l*)(5) Disclosure Statement; and

(e)     A specified date (the "**Reporting Deadline**") that is not less than five (5) calendar days after the Determination Date, by which persons (including Entities, which for purposes of the Claims Procedures also includes an "entity" within the meaning of Treasury Regulations section 1.382-3(a)) must serve on various parties the notice required by these Procedures (the "**Notice of Substantial Claim Ownership**").

In the event that items (c) through (e) above are disclosed in a separate notice after the filing of the proposed disclosure statement, such items shall also be disclosed in a separate filing with the Securities and Exchange Commission on Form 8-K.

(3)     <u>Notice of Substantial Claim Ownership</u>.

(a)     Any person (including any Entity) that beneficially owns either (i) more than a specified amount of Claims[2] or (ii) a lower amount of Claims that (based on the applicable information set forth in the Proposed 382(*l*)(5) Disclosure Statement), when taking into account any Owned Interests beneficially owned by a holder of Claims (including pursuant to the applicable aggregation rules), could result in such holder of Claims holding the Applicable Percentage of New PG&E Stock, in each case as of the Determination Date, shall serve upon the Plan Proponent and its counsel (and the Debtors and their counsel if not the Plan Proponent), counsel to the lenders under the Debtors' proposed debtor in possession financing facility (the "**DIP Lenders**"), and counsel to any statutory committees appointed

_____

[2] This "specified amount" is to be reasonably established by the Plan Proponent, taking into account the terms of the 382(*l*)(5) Plan, and disclosed in the Proposed 382(*l*)(5) Disclosure Statement. The "specified amount" may be expressed by class or type of Claim(s), if applicable.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

DEBTORS' MOTION FOR NOTIFICATION
PROCEDURES AND TRANSFER RESTRICTIONS
EXHIBIT 1 TO FINAL ORDER

9

in the Chapter 11 Cases (each, an "**Official Committee**") a Notice of Substantial Claim Ownership, in substantially the form annexed to the Final Order as **Exhibit 5** (or as adjusted and annexed to the Proposed 382(*l*)(5) Disclosure Statement) on or before the Reporting Deadline. Such person also shall set forth in the Notice of Substantial Claim Ownership its beneficial ownership, if any, of any Owned Interests and whether it agrees to refrain from acquiring beneficial ownership of additional Owned Interests (and Options to acquire the same) until after the effective date of the 382(*l*)(5) Plan and to immediately dispose of any Owned Interests or Options (if acquired on or after the Petition Date and prior to submitting its Notice of Substantial Claim Ownership). A person (including any Entity) that is required to file a Notice of Substantial Claim Ownership may or may not be a Substantial Claimholder. The standard for a person's (including an Entity's) being required to file a Notice of Substantial Claim Ownership is different than the definition of a Substantial Claimholder. At the election of the Substantial Claimholder, the Notice of Substantial Claim Ownership to be filed with the Bankruptcy Court (but not the Notice of Substantial Claim Ownership that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for any Official Committee) may be redacted to exclude the Substantial Claimholder's taxpayer identification number.

        (b)      In order to assist in determining their eligibility to avail themselves of the relief set forth in section 382(*l*)(5) of the Tax Code, the Debtors may request[3] from any person (including any Entity) that beneficially owns either (i) more than a specified amount of Claims (which may be expressed by class or type of Claim(s), if applicable) or (ii) a lower amount of Claims that, when taking into account the Owned Interests beneficially owned by a holder of Claims (including pursuant to the applicable aggregation rules), could result in such holder of Claims holding the Applicable Percentage of New PG&E Stock, in each case as of the date specified in such request, information regarding its beneficial ownership of Claims and Owned Interests (and Options to acquire the same) prior to the filing of the Proposed 382(*l*)(5) Disclosure Statement, in a manner consistent with these Procedures. In addition, the Debtors shall disclose such request in a separate filing with the Securities and Exchange Commission on

---

[3] For purposes of making this determination, such request shall include information comparable to the information that would be required in a Proposed 382(*l*)(5) Disclosure Statement pursuant to these Procedures.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

Form 8-K.

(c)     Any person (including any Entity)  that fails to comply with its notification obligations set forth in this paragraph shall, in addition to the consequences set forth in paragraph B(5)(g) below, be subject to such remedy as the Bankruptcy Court may find appropriate upon motion by the Debtors, after service of the motion upon such person and a hearing on the motion in accordance with the Federal Rules of Bankruptcy Procedure, including, without limitation, ordering such noncompliant person (including any Entity)  to divest itself promptly of any beneficial ownership of Claims to the extent of such person's ownership of an Excess Amount (as defined herein) and imposing monetary damages for any costs reasonably incurred by the Debtors that were caused by the violation and enforcement of this paragraph.

(4)     <u>Claims Trading Before and After Determination Date</u>.

(a)     Any person (including any Entity) generally may trade freely and make a market in Claims until the Determination Date.

(b)     After the Determination Date, any acquisition of Claims by a person who filed or was required to file a Notice of Substantial Claim Ownership or by a person who would be required to file a Notice of Substantial Claim Ownership as a result of the consummation of the contemplated transaction if the proposed acquisition date had been the Determination Date (each, a "**Proposed Claims Transferee**") shall not be effective unless consummated in compliance with these Procedures.

(c)     At least ten (10) business days prior to the proposed date of any acquisition of Claims by a Proposed Claims Transferee (a "**Proposed Claims Acquisition Transaction**"), such Proposed Claims Transferee shall serve upon the Plan Proponent and its counsel (and the Debtors and their counsel if not the Plan Proponent), counsel to the DIP Lenders, and counsel to any Official Committee a notice of such Proposed Claims Transferee's request to purchase, acquire, or otherwise accumulate a Claim (a "**Claims Acquisition Request**"), in substantially the form annexed to the Final Order as **<u>Exhibit 6</u>**, which describes specifically and in detail the Proposed Claims Acquisition Transaction, regardless of whether such transfer would be subject to the filing, notice, and hearing requirements set forth in Bankruptcy Rule 3001.  At the election of the Substantial Claimholder, the

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

Case 19-30088    Doc 3  10-2    Filed: 01/29/19    Entered: 01/29/19 00:51:17    Page 17
of 49

Claims Acquisition Request to be filed with the Bankruptcy Court (but not the Claims Acquisition Request that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Official Committee) may be redacted to exclude the Substantial Claimholder's taxpayer identification number.

(d)     The Plan Proponent may determine, in consultation with the Debtors (if not the Plan Proponent), counsel to any Official Committee and counsel to the DIP Lenders, whether to approve a Claims Acquisition Request.  If the Plan Proponent does not approve a Claims Acquisition Request in writing within eight (8) business days after the Claims Acquisition Request is filed with the Court, the Claims Acquisition Request shall be deemed rejected.

(5)     Creditor Conduct and Sell-Down.

(a)     To permit reliance by the Debtors on Treasury Regulations section 1.382-9(d)(3), upon the entry of the Final Order, any Substantial Claimholder that participates in formulating any chapter 11 plan of or on behalf of the Debtors (which shall include, without limitation, making any suggestions or proposals to the Debtors or their advisors with regard to such a Plan) shall not disclose or otherwise make evident to the Debtors that any Claims in which such Substantial Claimholder has a beneficial ownership are Newly Traded Claims, unless compelled to do so by an order of a court of competent jurisdiction or some other applicable legal requirement, *provided*, *however*, that the following activities shall not constitute participation in formulating a Plan *if*, in pursuing such activities, the Substantial Claimholder does not disclose or otherwise make evident (unless compelled to do so by an order of a court of competent jurisdiction or some other applicable legal requirement) to the Debtors that such Substantial Claimholder has beneficial ownership of Newly Traded Claims:  filing an objection to a proposed disclosure statement or to confirmation of a proposed Plan; voting to accept or reject a proposed Plan; reviewing or commenting on a proposed business plan; providing information on a confidential basis to counsel to the Debtors; holding general membership on an official committee or an ad hoc committee; or taking any action required by an order of the Bankruptcy Court.

(b)     Following the Determination Date, if the Plan Proponent determines that Substantial Claimholders must sell or transfer all or a portion of their beneficial ownership of Claims in order that the requirements of section 382(l)(5) of the Tax Code will be satisfied, the Plan Proponent

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY  10153-0119

Case: 19-30088    Doc# 102    Filed: 01/29/19    Entered: 01/29/19 00:51:17    Page 18
of 49

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

may file a motion with the Bankruptcy Court for entry of an order—after notice to counsel to any Official Committee, counsel to the DIP Lenders, and the relevant Substantial Claimholder(s) and a hearing—approving the issuance of a notice (each, a "**Sell-Down Notice**") that such Substantial Claimholder must sell, cause to sell, or otherwise transfer a specified amount of its beneficial ownership of Claims (by class or other applicable classification) equal to the excess of (x) the amount of Claims beneficially owned by such Substantial Claimholder over (y) the Maximum Amount for such Substantial Claimholder (such excess amount, an "**Excess Amount**"). The motion shall be heard on expedited basis such that the Bankruptcy Court can render a decision on the motion at or before the hearing on confirmation of the 382($l$)(5) Plan. If the Bankruptcy Court approves the Plan Proponent's motion for the issuance of a Sell-Down Notice, the Plan Proponent shall provide the Sell-Down Notice to the relevant Substantial Claimholder(s).

(c)     Notwithstanding anything to the contrary in these Procedures, no Substantial Claimholder shall be required to sell, cause to sell, or otherwise transfer any beneficial ownership of Claims if such sale would result in the Substantial Claimholder's beneficial ownership of an aggregate amount of Claims (by class or other applicable classification) that is less than such Substantial Claimholder's Protected Amount.

(d)     Each Sell-Down Notice shall direct the Substantial Claimholder to sell, cause to sell, or otherwise transfer its beneficial ownership of the amount of Claims specified in the Sell-Down Notice to Permitted Transferees (each sale or transfer, a "**Sell-Down**"), *provided, however*, that such Substantial Claimholder shall not have a reasonable basis to believe that any such Permitted Transferee would own, immediately after the contemplated transfer, an Excess Amount of Claims and *provided, further*, that a Substantial Claimholder that has properly notified the Permitted Transferee of its Claims under these Procedures shall not be treated as having such reasonable basis in the absence of notification or actual knowledge that such Permitted Transferee would own, after the transfer, an Excess Amount of Claims.

(e)     By the date that is the later of (i) five (5) business days after the entry of an order confirming the 382($l$)(5) Plan and (ii) such other date specified in the Sell-Down Notice, as applicable,

but before the effective date of the 382(*l*)(5) Plan (the "**Sell-Down Date**"), each Substantial Claimholder subject to a Sell-Down Notice shall, as a condition to receiving New PG&E Stock, serve upon the Plan Proponent and its counsel (and the Debtors and their counsel if not the Plan Proponent), counsel to the DIP Lenders, and counsel to any Official Committee a notice substantially in the form annexed to the Final Order as **Exhibit 7** that such Substantial Claimholder has complied with the terms and conditions set forth in these Procedures and that such Substantial Claimholder does not and will not hold an Excess Amount of Claims as of the Sell-Down Date and at all times through the effective date of the 382(*l*)(5) Plan (each, a "**Notice of Compliance**"). Any Substantial Claimholder who fails to comply with this provision shall not receive New PG&E Stock with respect to any Excess Amount of Claims. At the election of the Substantial Claimholder, the Notice of Compliance to be filed with the Bankruptcy Court (but not the Notice of Compliance that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for any Official Committee) may be redacted to exclude the Substantial Claimholder's taxpayer identification number.

(f) Other than information that is public or in connection with an audit or other investigation by the IRS or other taxing authority, the Plan Proponent shall keep all Notices of Compliance and any additional information provided by a Substantial Claimholder pursuant to these Procedures (the "**Confidential Information**") strictly confidential and shall not disclose the Confidential Information to any other person (including any Entity), *provided, however*, that the Plan Proponent may disclose the identity of the Substantial Claimholder to its counsel and professional financial advisors, counsel to and the professional financial advisors of any Official Committee or the DIP Lenders, and of any other person(s) that are subject to a nondisclosure agreement with the Plan Proponent, each of whom shall keep all Confidential Information strictly confidential, subject to further order of the Bankruptcy Court, and *provided, further,* that to the extent the Plan Proponent reasonably determines such Confidential Information is necessary to demonstrate to the Bankruptcy Court the need for the issuance of a Sell-Down Notice, such Confidential Information (determined by, among other things, whether such information was redacted in any public filing) shall be filed with the Bankruptcy Court under seal.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

(g)    Any person (including any Entity)  that violates its obligations under these Procedures applicable to Claims or, if applicable, its agreement not to acquire beneficial ownership of Owned Interests (and Options to acquire the same) or to immediately dispose of any Owned Interests (if acquired on or after the Petition Date but prior to submitting its Notice of Substantial Claim Ownership) in its Notice of Substantial Claim Ownership shall, pursuant to these Procedures, be precluded from receiving, directly or indirectly, any consideration consisting of a beneficial ownership of New PG&E Stock that is attributable to the Excess Amount of Claims for such person and, if applicable, to the Owned Interests acquired (or not immediately disposed of) in violation of such agreement by such person (or if the Owned Interests acquired (or not immediately disposed of) in violation of such agreement become beneficial ownership of New PG&E Stock without the need to receive new equity interests, such person shall be precluded as a result of such violation (and, thus, in addition to any other amounts otherwise precluded hereunder) from receiving, directly or indirectly, any consideration consisting of a beneficial ownership of New PG&E Stock attributable to such person's Claims up to and including an amount equivalent to that represented by such Owned Interests), in each case including any consideration in lieu thereof, *provided, however*, that such person may be entitled to receive any other consideration to which such person may be entitled by virtue of holding Claims (this provision, the "**Equity Forfeiture Provision**").  Any purported acquisition of, or other increase in the beneficial ownership of, New PG&E Stock that is precluded by the Equity Forfeiture Provision will be an acquisition of "**Forfeited Equity**." Any acquirer of Forfeited Equity shall, promptly upon becoming aware of such fact, return or cause to return the Forfeited Equity to the Debtors (or any successor to the Debtors, including Post-Emergence PG&E) or, if all of the equity consideration properly issued to such acquirer and all or any portion of such Forfeited Equity have been sold prior to the time such acquirer becomes aware of such fact, such acquirer shall return or cause to return to the Debtors (or any successor to the Debtors, including Post-Emergence PG&E) (i) any Forfeited Equity still held by such acquirer and (ii) the proceeds attributable to the sale of Forfeited Equity, calculated by treating the most recently sold equity as Forfeited Equity. Any acquirer that receives Forfeited Equity and deliberately fails to comply with the preceding sentence shall be subject to such additional sanctions as the Bankruptcy Court may determine.  Any Forfeited

Equity returned to the Debtors, including Post-Emergence PG&E, shall be distributed (including a transfer to charity) or extinguished, in the Debtors' sole discretion, in furtherance of the 382(*l*)(5) Plan.

(h)     In effecting any sale or other transfer of Claims pursuant to a Sell-Down Notice, a Substantial Claimholder shall, to the extent that it is reasonably feasible to do so within the normal constraints of the market in which such sale takes place, notify the acquirer of such Claims of the existence of these Procedures and the Equity Forfeiture Provision (it being understood that, in all cases in which there is direct communication between a salesperson and a customer, including, without limitation, communication via telephone, e-mail, and instant messaging, the existence of these Procedures and the Equity Forfeiture Provision shall be included in such salesperson's summary of the transaction).

(6)     Exceptions.

(a)     No person (including any Entity) shall be subject to the approval provisions of paragraph B(4)(b)–(d) above or, in the case of Claims that are part of the transferor's Protected Amount, the sell-down provisions of paragraph B(5) above with respect to any transfer described in Treasury Regulations section 1.382-9(d)(5)(ii) so long as such transfer is not for a principal purpose of obtaining New PG&E Stock or permitting the transferee to benefit from the losses of the Debtors within the meaning of Treasury Regulations section 1.382-9(d)(5)(iii), *provided, however*, that any such transferee who becomes a Substantial Claimholder following the filing of a Proposed 382(*l*)(5) Disclosure Statement shall serve upon the Plan Proponent and its counsel (and the Debtors and their counsel if not the Plan Proponent), counsel to the DIP Lenders, and counsel to any Official Committee, a notice of such status, substantially in the form annexed to the Final Order as **Exhibit 5**, as provided in these Procedures.

(b)     For the avoidance of doubt, the trustee of any trust, any indenture trustee, subordination agent, registrar, paying agent, transfer agent, loan or collateral agent, or any other entity serving in a similar capacity however designated, in each case for any Claim or any Ownership Interests, notes, bonds, debentures, property, or other debt securities or obligations (collectively, the "**Debt Securities**") (i) issued by any of the Debtors, (ii) secured by assets of any of the Debtors or agreements

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Case: 19-30088    Doc# 10-2    Filed: 01/29/19    Entered: 01/29/19 00:51:17    Page 22
of 49

with respect to such assets, or (iii) secured by assets leased to any of the Debtors shall not be treated as a Substantial Claimholder solely to the extent that such entities are acting in the capacity described above, *provided, however*, that neither any transferee of Claims nor any equity or beneficial owner of a trust shall be excluded from these Procedures solely by reason of this provision.

**C.** **Noncompliance with the Procedures**

Any transfer of PG&E Stock in violation of these Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code. Any acquisition, disposition, or trading of Claims against the Debtors in violation of these Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code. Furthermore, any person (including any Entity) that acquires PG&E Stock or acquires, disposes of or trades Claims against the Debtors in violation of these Procedures shall be subject to sanctions as provided by law.

**D.** **Debtors' Right to Waive**

**The Debtors may waive, in writing, any and all restrictions, stays, and notification Procedures contained in this Notice, *provided, however*, that after a 382(*l*)(5) Plan has been properly filed by a Plan Proponent (other than by, or jointly with, the Debtors) and is still actively being pursued before this Court, the consent of such Plan Proponent also shall be necessary for any subsequent waiver to be effective.**

Dated: San Francisco, California                    **BY ORDER OF THE COURT**

_____, 2019

**Exhibit 2 to Final Order**

**Notice of Substantial Stock Ownership**

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Case Nos. 19- |
| | 19- |
| **PG&E CORPORATION,** | |
| **Debtor.** | Chapter 11 |
| **Tax I.D. No. 94-3234914** | **NOTICE OF SUBSTANTIAL STOCK OWNERSHIP** |
| **In re:** | Date: |
| | Time: |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | Place: |
| **Debtor.** | |
| **Tax I.D. No. 94-0742640** | |

PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Stock of, and Claims Against, the Debtors*, dated [_____], 2019, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that, as of the date hereof, the Filer beneficially owns:

(i) _____ shares of Common Stock,[1]

(ii) _____ shares of Preferred Stock, and/or

(iii) Options to acquire _____ shares of PG&E Stock,

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

For Common Stock, Preferred Stock and/or Options to acquire PG&E Stock that are owned directly by the Filer, the table sets forth (a) the number of such shares and/or the number of shares

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

Case: 19-30088   Doc# 10-2   Filed: 01/29/19   Entered: 01/29/19 00:51:17   Page 25 of 49

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

underlying Options beneficially owned by such Filer and (b) the date(s) on which such shares, Preferred Stock and/or Options were acquired (categorized by class, as applicable).

In the case of Common Stock, Preferred Stock and/or Options to acquire PG&E Stock that are not owned directly by the Filer but are nonetheless beneficially owned by the Filer or owned by an Acquiring Group of which the Filer is a member, the table sets forth (a) the name(s) of each record or legal owner of such shares of Common Stock, Preferred Stock and/or Options to acquire shares of PG&E Stock that are beneficially owned by the Filer, (b) the number of shares of Common Stock, the number of Preferred Stock and/or the number of shares of PG&E Stock underlying Options beneficially owned by such Filer, and (c) the date(s) on which such Common Stock, Preferred Stock and/or Options were acquired (categorized by class, as applicable). Any shares that are included solely as a result of the Filer being a member of an Acquiring Group are designated with an asterisk (*).

| Class | Name of Owner | Shares Owned | Shares Underlying Options Owned | Date(s) Acquired |
|---|---|---|---|---|
| Common Stock | | | | |
| Preferred Stock | | | | |
| Preferred Stock | | | | |

(Attach additional pages if necessary.)

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

Case: 19-30088   Doc# 10-2   Filed: 01/29/19   Entered: 01/29/19 00:51:17   Page 26 of 49

**Exhibit 3 to Final Order**

**Notice of Intent to Purchase, Acquire, or Otherwise Accumulate PG&E Stock**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Case Nos.     19-<br>                 19- |
| **PG&E CORPORATION,** | |
|             **Debtor.** | Chapter 11 |
| **Tax I.D. No. 94-3234914** | **NOTICE OF INTENT TO PURCHASE, ACQUIRE, OR OTHERWISE ACCUMULATE PG&E STOCK** |
| **In re:** | |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | Date:<br>Time:<br>Place: |
|             **Debtor.** | |
| **Tax I.D. No. 94-0742640** | |

PLEASE TAKE NOTICE that, pursuant to that certain Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Stock of, and Claims Against, the Debtors, dated [_____], 2019, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to purchase, acquire, or otherwise accumulate directly one or more shares of Common Stock[1], Preferred Stock and/or Options to acquire PG&E Stock and/or (ii) a proposed purchase or acquisition of Common Stock, Preferred Stock and/or Options to acquire PG&E Stock that would result in an increase in the number of shares of Common Stock, Preferred Stock and/or number of shares of PG&E Stock underlying Options that are beneficially owned by the Filer (any proposed transaction described in (i) or (ii), a "**Proposed Acquisition**").

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

      1.        If the Proposed Acquisition involves the purchase or acquisition directly by the Filer of

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

Common Stock, Preferred Stock and/or Options to acquire PG&E Stock, the table sets forth (a) the number of shares of Common Stock, Preferred Stock and/or the number of shares of PG&E Stock underlying Options proposed to be purchased or acquired and (b) the date(s) of such Proposed Acquisition (categorized by class, as applicable).

2. If the Proposed Acquisition involves the purchase or acquisition of Common Stock, Preferred Stock and/or Options to acquire PG&E Stock by a person (including any Entity) or Acquiring Group other than the Filer, but the Proposed Acquisition nonetheless would increase the number of shares of Common Stock, the number of Preferred Stock and/or number of shares of PG&E Stock underlying Options that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person or Acquiring Group that proposes to purchase or acquire such shares of Common Stock, Preferred Stock and/or Options, (b) the number of shares of Common Stock, Preferred Stock and/or number of shares of PG&E Stock underlying Options proposed to be purchased or acquired, and (c) the date(s) of such Proposed Acquisition (categorized by class, as applicable).

| Class | Name of Purchaser or Acquirer | Shares to be Purchased or Acquired | Shares Underlying Options to be Purchased or Acquired | Date(s) of Proposed Acquisition |
|---|---|---|---|---|
| Common Stock | | | | |
| Preferred Stock | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table summarizes the Filer's beneficial ownership of Common Stock, Preferred Stock and/or Options to acquire PG&E Stock assuming that the Proposed Acquisition is approved and consummated as described above. The table sets forth, as of immediately following the consummation of the Proposed Acquisition, the number of shares of Common Stock, Preferred Stock and/or the number of shares of PG&E Stock underlying Options (a) that would be owned directly by the Filer and, (b) in the case of any beneficial ownership by the Filer of Common Stock, Preferred Stock and/or Options that would be owned by another person (including any Entity) or Acquiring Group as record or legal owner, the name(s) of each prospective record or legal owner and

the number of shares of Common Stock, Preferred Stock and/or the number of shares of PG&E Stock underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

| Class | Name of Owner | Shares to Be Owned | Shares Underlying Options to Be Owned |
|---|---|---|---|
| Common Stock | | | |
| Preferred Stock | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that if the Proposed Acquisition involves a purchase or acquisition of Common Stock, Preferred Stock and/or Options to acquire PG&E Stock directly by the Filer and such Proposed Acquisition would result in (a) an increase in the beneficial ownership of Common Stock, Preferred Stock and/or Options to acquire PG&E Stock by a person (including any Entity) or Acquiring Group (other than the Filer) that currently is a Substantial Stockholder or (b) a person's or Acquiring Group's (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (i) the name of each such person or Acquiring Group, (ii) the number of shares of Common Stock, Preferred Stock and/or the number of shares of PG&E Stock underlying Options that are beneficially owned by such person or Acquiring Group currently (i.e., prior to the Proposed Acquisition), and (iii) the number of shares of Common Stock, Preferred Stock and/or the number of shares of PG&E Stock underlying Options that would be beneficially owned by such person or Acquiring Group immediately following the Proposed Acquisition (categorized by class, as applicable).

| Class | Name of Beneficial Owner | Shares Owned Currently (i.e., Prior to Proposed Acquisition) | Shares to Be Owned Following Proposed Acquisition | Shares Underlying Options Owned Currently (i.e., Prior to Proposed Acquisition) | Shares Underlying Options to Be Owned Following Proposed Acquisition |
|---|---|---|---|---|---|
| Common Stock | | | | | |
| Preferred Stock | | | | | |

Case: 19-30088    Doc# 10-2    Filed: 01/29/19    Entered: 01/29/19 00:51:17    Page 30 of 49

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

(Attach additional page if necessary.)

For each of the tables above, a Filer that is a member of an Acquiring Group shall indicate the shares of PG&E Stock treated as owned or to be owned by the members of such Acquiring Group by including an asterisk next to each entry made above.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

**Exhibit 4 to Final Order**

**Notice of Substantial Claim Ownership**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>        **Debtor.**<br><br>**Tax I.D. No. 94-3234914** | Case Nos.     19-_____(___)<br>                   19-_____(___)<br><br>Chapter 11<br><br>**NOTICE OF SUBSTANTIAL CLAIM OWNERSHIP** |
| **In re:**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>        **Debtor.**<br><br>**Tax I.D. No. 94-0742640** | Date:<br>Time:<br>Place: |

PLEASE TAKE NOTICE that, pursuant to that certain Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Stock of, and Claims Against, the Debtors, dated [_____], 2019, Docket No. [__] (with all exhibits thereto, the "Final Order"), [person (including any Entity) ] (the "Filer") hereby provides notice that the Filer beneficially owns either (i) more than $[ ] million of Claims[1] against the Debtors or (ii) a lesser amount of Claims that (based on the applicable information set forth in the Proposed 382(l)(5) Disclosure Statement), when taking into account any Owned Interests beneficially owned by a holder of Claims (including under the aggregation rules described in the definition of Substantial Claimholder), could result in such holder of Claims holding the Applicable Percentage of New PG&E Stock.

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

    1.      In the case of Claims that are owned directly by the Filer, the table sets forth the dollar amount of all Claims beneficially owned (as hereinafter defined) by the Filer (categorized by class or

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

Case: 19-30088   Doc# 10-2   Filed: 01/29/19   Entered: 01/29/19 00:51:17   Page 33 of 49

other applicable classification).

2. In the case of Claims that are not owned directly by the Filer but nonetheless are beneficially owned by the Filer, the table sets forth (a) the name(s) of each record or legal owner of such Claims that are beneficially owned by the Filer and (b) the dollar amount of all Claims beneficially owned by such Filer (categorized by class or other applicable classification).

| Class | Description of Claim | Name of Owner | Dollar Amount Owned |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table sets forth a summary of the Protected Amount for each class (or other applicable classification) of Claims beneficially owned by the Filer (whether owned by the Filer directly or indirectly) and that Filer will provide any additional information in respect of such Claims that the Debtors reasonably request.

| Class | Description of Claim | Name of Owner | Protected Amount |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1. In the case of Owned Interests that are owned directly by the Filer, the table sets forth (a) the type and number of any Owned Interests beneficially owned (or that are subject to Options that are beneficially owned) by the Filer and (b) the date(s) on which such Owned Interests (and Options to acquire the same) were acquired (categorized by class or other applicable classification);

2. In the case of Owned Interests that are not owned directly by the Filer but nonetheless are beneficially owned by the Filer, the table sets forth (a) the name(s) of each record or legal owner of such

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Owned Interests that are beneficially owned by the Filer, (b) the type and number of any such Owned Interests beneficially owned (or that are subject to Options that are beneficially owned) by such Filer, and (c) the date(s) on which such Owned Interests (and Options to acquire the same) were acquired (categorized by class or other applicable classification).

The Filer will provide any additional information in respect of such Owned Interests that the Debtors reasonably request.

| Name of Owner | Type and Number of Owned Interests Owned | Type and Number of Owned Interests Subject to Options Owned | Date Acquired |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby [agrees ☐ / does not agree ☐— PLEASE CHECK AS APPLICABLE] that it will not acquire beneficial ownership of additional Owned Interests (and Options to acquire the same) before PG&E's emergence from bankruptcy protection and that it immediately will dispose of any Owned Interests (and Options to acquire the same) that were acquired on or after the Petition Date and prior to submitting this Notice.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any) and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1   [[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn:
2   [name of attorney]).]

3                                        Respectfully submitted,

4

5                                        _____
                                         [Name of Filer]

6                                        By: _____
7                                        Name: _____

8                                        Address: _____
9                                        _____
                                         _____
10                                       Telephone: _____
                                         Facsimile: _____
11                                       Date: _____

**Exhibit 5 to Final Order**

**Notice of Request to Purchase, Acquire, or Otherwise Accumulate a Claim**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Case Nos.  19-<br>        19- |
| **PG&E CORPORATION,** | |
| **Debtor.** | Chapter 11 |
| **Tax I.D. No. 94-3234914** | **NOTICE OF REQUEST TO PURCHASE, ACQUIRE, OR OTHERWISE ACCUMULATE A CLAIM AGAINST THE DEBTOR** |
| **In re:** | |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | Date:    DATE<br>Time:    TIME<br>Dept.:    DEPT<br>Judge:  Honorable NAME |
| **Debtor.** | |
| **Tax I.D. No. 94-0742640** | |

PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Stock of, and Claims Against, the Debtors*, dated [_____], 2019, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [person (including any Entity)] (the "**Filer**") hereby provides notice of (i) its intent to purchase, acquire, or otherwise accumulate directly a Claim[1]  or Claims against the Debtors and/or (ii) a proposed purchase or acquisition of Claims that, following the proposed acquisition, would be beneficially owned by the Filer (any proposed transaction described in (i) or (ii), a "**Proposed Transfer**").

PLEASE TAKE FURTHER NOTICE that, if applicable, on [prior date(s)], the Filer served a Notice of Substantial Claim Ownership with the Plan Proponent, counsel to the Plan Proponent, counsel to the DIP Lenders, and counsel to any Official Committee.

PLEASE TAKE FURTHER NOTICE that the Filer is filing this notice as (check one):

| | |
|---|---|
| *A person (including any Entity)  that filed or was required to file a Notice of Substantial Claim Ownership* | |

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

| A person (including any Entity) that, upon consummation of the Proposed Transfer, would have been required to file a Notice of Substantial Claim Ownership (if the proposed acquisition date had been the Determination Date) | |

PLEASE TAKE FURTHER NOTICE that the following tables set forth the following information:

1.     In the case of Claims and/or Owned Interests that are owned directly by the Filer, the tables set forth (a) the dollar amount of all Claims and the type and number of Owned Interests (and Options to acquire the same) beneficially owned by the Filer (categorized by class or other applicable classification) and, (b) if applicable, the date such Owned Interests (or Options to acquire the same) were acquired.

2.     In the case of Claims and/or Owned Interests that are not owned directly by the Filer but nonetheless are beneficially owned by the Filer, the tables set forth (a) the name(s) of each record or legal owner of the Claims and/or Owned Interests (and Options to acquire the same) that are beneficially owned by the Filer, (b) the dollar amount of all Claims and the type and number of Owned Interests beneficially owned by the Filer (categorized by class or other applicable classification), and, (c) if applicable, the date such Owned Interests (and Options to acquire the same) were acquired.

The Filer will provide any additional information in respect of such Claims and/or Owned Interests that the Debtors reasonably request.

| Class | Description of Claim | Name of Owner | Dollar Amount Owned |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

| Name of Owner | Type and Number of Owned Interests Owned | Type and Number of Owned Interests Subject to Options Owned | Date Acquired |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

DEBTORS' MOTION FOR NOTIFICATION
PROCEDURES AND TRANSFER RESTRICTIONS
– EXHIBIT 5 TO FINAL ORDER

2

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

PLEASE TAKE FURTHER NOTICE that the following table sets forth a summary of the Protected Amount for each class (or other applicable classification) of Claims beneficially owned by the Filer (whether owned by the Filer directly or indirectly).

The Filer will provide any additional information in respect of such Claims that the Debtors reasonably request.

| Class | Description of Claim | Name of Owner | Protected Amount |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1. If the Proposed Transfer involves the purchase or acquisition of Claims directly by the Filer, the table sets forth the dollar amount of all Claims (categorized by class or other applicable classification) proposed to be purchased or acquired.

2. If the Proposed Transfer involves the purchase or acquisition of Claims by a person (including any Entity) other than the Filer, but the Proposed Transfer nonetheless would increase the dollar amount of Claims that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person that proposes to purchase or acquire such Claims and (b) the dollar amount of all Claims (categorized by class or other applicable classification) proposed to be purchased or acquired.

| Class | Description of Claim | Name of Owner | Dollar Amount to be Acquired |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a purchase or acquisition of Claims directly by the Filer and such Proposed Transfer would result in (a) an increase in the beneficial ownership of Claims by a person (including any Entity) (other than the Filer) that currently

is a Substantial Claimholder or (b) a person's or Acquiring Group's (other than the Filer) becoming a Substantial Claimholder, the following tables set forth (i) the name of each such person, (ii) the dollar amount of all Claims beneficially owned by such person currently (i.e., prior to the Proposed Transfer) (categorized by class or other applicable classification), (iii) the dollar amount of all Claims that would be beneficially owned by such person immediately following the Proposed Transfer (categorized by class or other applicable classification), (iv) the number and type of Owned Interests (and Options to acquire the same) beneficially owned by such person as of the date of the Proposed Transfer (categorized by class or other applicable classification), and (v) the date such Owned Interests (and Options to acquire the same) were acquired:

| Class | Description of Claim | Name of Owner | Dollar Amount of Claims Owned Currently (i.e., Prior to Proposed Transfer) | Dollar Amount of Claims to be Owned Following Proposed Transfer |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

(Attach additional page if necessary.)

| Name of Owner | Type and Number of Owned Interests Owned | Type and Number of Owned Interests Subject to Options Owned | Date Acquired |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the Filer [agreed ☐ / did not agree ☐— **PLEASE CHECK AS APPLICABLE**] in its Notice of Substantial Claim Ownership filed with the Court that it would not acquire beneficial ownership of additional Owned Interests (and Options to acquire the same) before PG&E Corp.'s emergence from bankruptcy protection and that it immediately would dispose of any Owned Interests (and Options to acquire the same) that were acquired on or after the Petition Date and prior to submitting its Notice of Substantial Claim Ownership, and the Filer has complied with and

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Case 19-30088   Doc 10-2   Filed: 01/29/19   Entered: 01/29/19 00:51:17   Page 41 of 49

intends to continue to comply with such statement.

PLEASE TAKE FURTHER NOTICE that, if the Plan Proponent approves the Proposed Transfer and the Filer did not previously file a Notice of Substantial Claim Ownership, the Filer, under penalty of perjury, hereby [agrees ☐ / does not agree ☐— **PLEASE CHECK AS APPLICABLE**] that it will not acquire beneficial ownership of additional Owned Interests (and Options to acquire the same) before PG&E Corp.'s emergence from bankruptcy protection and that it immediately will dispose of any Owned Interests (and Options to acquire the same) that were acquired on or after the Petition Date and prior to submitting this Notice.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that the Filer hereby acknowledges that, if the Plan Proponent does not approve the Proposed Transfer in writing within **eight (8) business days** after the filing of this Notice, such Proposed Transfer shall be deemed <u>rejected</u>. If the Plan Proponent provides written authorization approving the Proposed Transfer prior to the end of such eight-business-day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

[IF APPLICABLE] the Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

Case: 19-30088    Doc# 10-2    Filed: 01/29/19    Entered: 01/29/19 00:51:17    Page 42 of 49

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1       [IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn:

2 [name of attorney]).

3                             Respectfully submitted,

4

5                             _____

                            [Name of Filer]

6

7                             By: _____

                            Name: _____

8                             Address: _____

9                             _____

10                             Telephone: _____

                            Facsimile: _____

11                             Date: _____

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**Exhibit 6 to Final Order**</u>

**Notice of Compliance**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Case Nos.  19-<br>19- |
| **PG&E CORPORATION,** | |
| **Debtor.** | Chapter 11 |
| **Tax I.D. No. 94-3234914** | **NOTICE OF REQUEST TO PURCHASE, ACQUIRE, OR OTHERWISE ACCUMULATE A CLAIM AGAINST THE DEBTOR** |
| **In re:** | |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | Date:     DATE<br>Time:     TIME<br>Dept.:    DEPT<br>Judge:   Honorable NAME |
| **Debtor.** | |
| **Tax I.D. No. 94-0742640** | |

PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Stock of, and Claims Against, the Debtors*, dated [_____], 2019, Docket No. [___] (with all exhibits thereto, the "**Final Order**"), [person (including any Entity)] (the "**Filer**") hereby provides notice that Filer has complied in full with the terms and conditions set forth in the Final Order and as further set forth in the Sell-Down Notice[1] issued to Filer, such that (i) Filer does not and will not beneficially own an Excess Amount of Claims as of the Sell-Down Date and at all times through the effective date of the 382(l)(5) Plan and (ii) if Filer so agreed in its Notice of Substantial Claim Ownership, Filer does not and will not beneficially own any Owned Interests (and Options to acquire the same) unless acquired prior to the Petition Date.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of Filer is _____.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1    [IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn:

2    [name of attorney]).

3                                        Respectfully submitted,

4

5                                        _____
                                         [Name of Filer]
6
                                         By: _____
7                                        Name: _____

8                                        Address: _____

9                                        _____
                                         _____
10                                       Telephone: _____
                                         Facsimile: _____
11

12                                       Date**:** _____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 7 to Final Order**

**Final Publication Notice**

**ATTENTION DIRECT AND INDIRECT HOLDERS OF, AND PROSPECTIVE HOLDERS OF, (I) STOCK ISSUED BY PG&E CORPORATION OR PACIFIC GAS & ELECTRIC COMPANY AND (II) CERTAIN CLAIMS AGAINST PG&E CORPORATION OR PACIFIC GAS & ELECTRIC COMPANY:**

Upon the motion (the "**Motion**") of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas & Electric Company ("**Utility**" and together with PG&E Corp. the "**Debtors**"), on [_____, 2019], the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**"), having jurisdiction over the chapter 11 cases of the Debtors, captioned as *In re PG&E Corporation, et al.*, Case No. ____ (the "**Chapter 11 Cases**"), entered a final order establishing procedures (the "**Procedures**") with respect to direct and indirect trading and transfers of stock of, and claims against, the Debtors.

In certain circumstances, the Procedures restrict transactions involving, and require notices of the holdings of and proposed transactions by, any person or group of persons that is or, as a result of such a transaction, would become a Substantial Stockholder of the common stock issued by PG&E Corp. (the "**Common Stock**"). For purposes of the Procedures, a "**Substantial Stockholder**" is any person or, in certain cases, group of persons that beneficially own, directly or indirectly (and/or owns options to acquire) at least 24.6 million shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock)." *Any prohibited transfer of the stock of the Debtors will be null and void ab initio and may lead to contempt, compensatory damages, punitive damages, or sanctions being imposed by the Bankruptcy Court*.

In addition, the Procedures set forth (i) certain future circumstances under which any person, group of persons, or entity holding, or which as a result of a proposed transaction may hold, a substantial amount of certain claims against the Debtors may be required to file notice of its holdings of such claims and of proposed transactions, which transactions may be restricted, and (ii) certain limited circumstances thereafter under which such person(s) may be required to sell, by a specified date following the confirmation of a chapter 11 plan of the Debtors, all or a portion of any such claims acquired during the Chapter 11 Cases. *Any prohibited transfer of claims against the Debtors in violation of the claims procedures set forth in the Procedures will be null and void ab initio and/or may lead to contempt,*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

*compensatory damages, punitive damages, or sanctions being imposed by the Bankruptcy Court.*

*The Procedures are available on the website of Prime Clerk LLC, the Debtors' Court-approved claims agent, located at https://primeclerk.com, and on the docket of the Chapter 11 Cases, Docket No. _____, which can be accessed via PACER at https://www.pacer.gov.*

The requirements set forth in the Procedures are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws and do not excuse noncompliance therewith.

**A direct or indirect holder of, or prospective holder of, stock of the Debtors that may be or become a Substantial Stockholder or a direct or indirect holder of, or prospective holder of, a substantial amount of claims against the Debtors should consult the Procedures.**

Dated:     San Francisco, California             **BY ORDER OF THE COURT**
           [_____], 2019

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

Case 19-30088    Doc 340-2    Filed: 01/29/19    Entered: 01/29/19 00:51:17    Page 49 of 49