**Exhibit A**

**[PROPOSED] Interim Order**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice* pending)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice* pending)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice* pending)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>        **Debtor.**<br><br>**Tax I.D. No. 94-3234914**<br><br>In re:<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>        **Debtor.**<br><br>**Tax I.D. No. 94-0742640** | Case Nos. 19 -\_\_\_\_\_ (\_\_\_)<br>     19 -\_\_\_\_\_ (\_\_\_)<br><br>Chapter 11<br><br>**[PROPOSED] INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), 507(a), AND 541 AND FED. R. BANKR. P. 6003 AND 6004 AUTHORIZING DEBTORS TO PAY PREPETITION TAXES AND ASSESSMENTS AND GRANTING RELATED RELIEF**<br><br>Date:<br>Time:<br>Place: |

Upon the Motion, dated _____, 2019 (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105(a), 363(b), 507(a), and 541 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of interim and final orders authorizing, but not directing, the Debtors to pay the Taxes and Assessments, including any Taxes and Assessments subsequently determined upon audit, or otherwise, to be owed, and granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is granted on an interim basis, as provided herein.

2.     The Debtors are authorized, but not directed, in their sole discretion, pursuant to sections

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

105(a), 363(b), 507(a)(8), and 541 of the Bankruptcy Code, to pay all Taxes and Assessments whether relating to the period prior or subsequent to the Petition Date, including all Sales and Use Taxes, Property Taxes, Income Taxes, Excise Taxes, Gross Receipts Taxes, Pass Through Fees, Regulatory Fees and Other Taxes and Fees, and including any Taxes and Assessments subsequently determined on audit or otherwise; provided that the prepetition amounts authorized shall not exceed $11,300,000 pending the final hearing on the Motion.

3.     Banks and financial institutions are authorized, but not directed, at the Debtors' request, to receive, process, honor and pay, to the extent of funds on deposit, any and all checks issued or to be issued or electronic funds transfers requested or to be requested by the Debtors relating to the payment of Taxes and Assessments as authorized herein.

4.     The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers on account of the Taxes and Assessments to replace any prepetition checks or electronic funds transfer requests that may be lost, dishonored, or rejected as a result of the commencement of the Chapter 11 Cases.

5.     Nothing contained in this Interim Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.  Likewise any payment made pursuant to this Interim Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

6.     Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

7.     The requirements for immediate entry of this Interim Order pursuant to Bankruptcy Rule 6003(b) have been satisfied.

8.     The requirements of Bankruptcy Rules 4001(d) and 6004(a) are waived.

9.     Notwithstanding the provisions of Bankruptcy Rules 4001(a)(2) and 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

10.     The Debtors are authorized to take all steps necessary or appropriate to carry out this Interim Order.

11.     A final hearing to consider the relief requested in the Motion shall be held on ____, ____ at _____ (Prevailing Pacific Time) and any objections or responses to the Motion shall be filed and served so as to be actually received on or prior to _____, ____ at 4:00 p.m. (Prevailing Pacific Time).

12.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

** END OF ORDER **