**Exhibit A**

[PROPOSED] Interim Order

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice* pending)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice* pending)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice* pending)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>     **Debtor.**<br><br>**Tax I.D. No. 94-3234914**<br><br>**In re:**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>     **Debtor.**<br><br>**Tax I.D. No. 94-0742640** | Case Nos.   19 - _____ (\_\_\_)<br>        19 - _____ (\_\_\_)<br><br>Chapter 11<br><br>**[PROPOSED] INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), AND 503(b)(9) AND FED. R. BANKR. P. 6003 AND 6004 AUTHORIZING DEBTORS TO PAY PREPETITION OBLIGATIONS OWED TO CERTAIN SAFETY AND RELIABILITY, OUTAGE, AND NUCLEAR FACILITY SUPPLIERS**<br><br>Date:<br>Time:<br>Place: |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Upon the Motion, dated _____, 2019 (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105(a), 363(b), and 503(b)(9) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for interim and final authority to pay the prepetition claims (the "**Operational Integrity Supplier Claims**") of certain vendors, suppliers, service providers, and other similar parties and entities that are essential to protecting the public health and safety and maintaining the going-concern value and integrity of the Debtors' businesses and operations (the "**Operational Integrity Suppliers**"), all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, creditors, shareholders and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on an interim basis, as provided herein.

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

2. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363(b), and 503(b)(9) of the Bankruptcy Code, to satisfy Operational Integrity Supplier Claims, upon such terms and in the manner provided in this Interim Order and the Motion; *provided, however*, that the prepetition amounts authorized to be paid pursuant to this paragraph shall not exceed $30,100,000 pending entry of a final order on the Motion (the "**Interim Operational Integrity Supplier Cap**").

3. The Debtors are authorized, but not directed, to pay the 503(b)(9) Claims of any Operational Integrity Supplier to the extent the Debtors determine it is necessary and appropriate in accordance with the procedures and protocol provided in this Interim Order and in the Motion; *provided, however*, any amounts paid by the Debtors in satisfaction of such 503(b)(9) Claims shall not be included in or subject to the Interim Operational Integrity Supplier Cap.

4. The Debtors shall only make payment on account of an Operational Integrity Supplier Claim to an Operational Integrity Supplier that agrees to continue to supply goods or services to the Debtors on Customary Trade Terms or such other terms that are individually agreed to by the Debtors and such Operational Integrity Supplier.

5. The Debtors shall undertake all appropriate efforts to cause Operational Integrity Suppliers to enter into an agreement (the "**Vendor Agreement**") with the Debtors, substantially in the form annexed to the Motion as **Exhibit B**.

6. The Debtors are authorized, but not required, to enter into Vendor Agreements when the Debtors determine, in the exercise of their reasonable business judgment, that it is appropriate and feasible to do so; *provided, however*, that the Debtors' inability to enter into a Vendor Agreement shall not preclude them from paying an Operational Integrity Supplier Claim when, in the exercise of their reasonable business judgment, such payment is necessary to the Debtors' operations.

7. If the Debtors, in their discretion, determine that an Operational Integrity Supplier has not complied with the terms and provisions of the Vendor Agreement or has failed to continue to comply with the Customary Trade Terms or such other terms that are individually agreed to by the Debtors and such Operational Integrity Supplier, the Debtors may terminate a Vendor Agreement, together with the other benefits to the Operational Integrity Supplier as contained in this Interim Order; *provided, however*, that the Vendor Agreement may be reinstated if (i) such determination is

subsequently reversed by the Court for good cause shown after notice and a hearing following a Motion from the Operational Integrity Supplier, (ii) the underlying default of the Vendor Agreement is fully cured by the Operational Integrity Supplier not later than five (5) business days after the Debtors provide notice of such default, or (iii) the Debtors, in their discretion, reach an agreement with the Operational Integrity Supplier.

8. If a Vendor Agreement is terminated as set forth above, or if an Operational Integrity Supplier that has received payment of a prepetition claim later refuses to continue to supply goods or services in compliance with the Vendor Agreement or as otherwise agreed with the Debtors, then the Debtors reserve their rights to and may seek approval of this Court to (i) deem any such payment to apply to postpetition amounts payable to such Operational Integrity Supplier, if applicable, or (ii) take any and all appropriate steps to cause such Operational Integrity Supplier to repay payments made to it on account of its Operational Integrity Supplier Claim to the extent that such payments exceed the postpetition amounts then owing to such Operational Integrity Supplier. The Operational Integrity Supplier Claim shall then be reinstated in such an amount so as to restore the Debtors and the Operational Integrity Supplier to their original positions as if the Vendor Agreement had never been entered into and the payment of the Operational Integrity Supplier Claim had not been made.

9. The Debtors shall maintain a matrix summarizing (i) the name of each Operational Integrity Supplier paid, (ii) the amount paid to each Operational Integrity Supplier on account of its Operational Integrity Supplier Claim (and any 503(b)(9) Claims), and (iii) the goods or services provided by such Operational Integrity Supplier. This matrix shall be provided, upon request, to the Office of the United States Trustee and the professionals retained by any official committee appointed in the Chapter 11 Cases; provided, that the professionals for any such committee shall keep the matrix confidential and shall not disclose any of the information in the matrix to anyone, including any member of such committee, without prior written consent of the Debtors.

10. Banks and financial institutions are authorized, but not directed, at the Debtors' request, to receive, process, honor and pay, to the extent of funds on deposit, any and all checks issued or to be issued or electronic funds transfers requested or to be requested by the Debtors relating to the Operational Integrity Supplier Claims.

11. The Debtors are authorized, but not directed, to issue new postpetition checks or effect new electronic funds transfers on account of the Operational Integrity Supplier Claims to replace any prepetition checks or electronic funds transfer requests that may be lost, dishonored, or rejected as a result of the commencement of the Chapter 11 Cases.

12. Nothing contained in this Interim Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise any payment made pursuant to this Interim Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

13. Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

14. The requirements for immediate entry of this Interim Order pursuant to Bankruptcy Rule 6003(b) have been satisfied.

15. The requirements of Bankruptcy Rules 4001(d) and 6004(a) are waived.

16. Notwithstanding the provisions of Bankruptcy Rules 4001(a)(2) and 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

17. The Debtors are authorized to take all steps necessary or appropriate to carry out this Interim Order.

18. A final hearing to consider the relief requested in the Motion shall be held on _____, ____ at _____ (Prevailing Pacific Time) and any objections or responses to the Motion shall be filed and served so as to be actually received on or prior to _____, ____ at 4:00 p.m. (Prevailing Pacific Time).

19. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

** END OF ORDER **