WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice pending*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice pending*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice pending*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Case Nos.    19-_____ (\_\_\_)<br>                     19-_____ (\_\_\_) |
| **PG&E CORPORATION,** | Chapter 11 |
|                   **Debtor.** | |
| **Tax I.D. No. 94-3234914** | **DEBTORS' APPLICATION PURSUANT TO 28 U.S.C. § 156(c) FOR APPOINTMENT OF PRIME CLERK LLC AS CLAIMS AND NOTICING AGENT** |
| **In re:** | |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | |
|                   **Debtor.** | Date:<br>Time:<br>Place: |
| **Tax I.D. No. 94-0742640** | |

1         PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as

2 debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned

3 chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this application (the "**Section 156(c)**

4 **Application**") for entry of an order, pursuant to section 156(c) of title 28 of the United States Code

5

6 and section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), appointing Prime

7 Clerk LLC ("**Prime Clerk**") as claims and noticing agent ("**Claims and Noticing Agent**") in the

8 Chapter 11 Cases.  In support of the Section 156(c) Application, the Debtors submit the Declaration of

9 Shai Y. Waisman (the "**Waisman Declaration**"), which has been filed contemporaneously herewith.

10         A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A**

11 (the "**Proposed Order**").

12

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY  10153-0119

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLICATION TO APPOINT CLAIMS AND      2
NOTICING AGENT

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On the date hereof (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in either of the Chapter 11 Cases.

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the Declaration of Jason P. Wells, Senior Vice President and Chief Financial Officer of PG&E Corp., filed contemporaneously herewith in support of the Debtors' chapter 11 petitions and related first day relief (the "**Wells Declaration**").

## III. RELIEF REQUESTED

The Debtors request entry of an order appointing Prime Clerk as the Claims and Noticing Agent for the Debtors and their Chapter 11 Cases, including assuming full responsibility for the distribution of notices and the maintenance, processing and docketing of proofs of claim filed in the Debtors' Chapter 11 Cases. The terms of Prime Clerk's retention are set forth in the Engagement Agreement attached hereto as **Exhibit B** (the "**Engagement Agreement**"); provided, however, that the Debtors are seeking approval solely of the terms and provisions as set forth in this Section 156(c) Application and the Proposed Order.

By separate application, the Debtors will seek authorization to retain and employ Prime Clerk as

1 administrative advisor in these Chapter 11 Cases pursuant to section 327(a) of the Bankruptcy Code

2 because the administration of Chapter 11 Cases will require Prime Clerk to perform duties outside the

3 scope of 28 U.S.C. § 156(c).

## IV. PRIME CLERK'S QUALIFICATIONS

5 Prime Clerk is comprised of leading industry professionals with significant experience in both

6 the legal and administrative aspects of large, complex chapter 11 cases. Prime Clerk's professionals

7 have experience in noticing, claims administration, solicitation, balloting and facilitating other

8 administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Prime

9 Clerk's professionals have acted as debtor's counsel or official claims and noticing agent in a bankruptcy

10 case in this District and in other districts nationwide. Prime Clerk's active and former cases include:

11 *NewZoom, Inc.*, No. 15-31141 (HB) (Bankr. N.D. Cal.); *Checkout Holding Corp.*, No. 18-12794 (KG)

12 (Bankr. D. Del.); *Fairway Energy, LP*, No. 18-12684 (LSS) (Bankr. D. Del.); *Dixie Electric, LLC*, No.

13 18-12477 (KG) (Bankr. D. Del.); *New MACH Gen GP, LLC*, No. 18-11369 (MFW) (Bankr. D. Del.);

14 *Gibson Brands, Inc.*, No. 18-11028 (CSS) (Bankr. D. Del.); *Bertucci's Holdings, Inc.*, No.18-10894

15 (MFW) (Bankr. D. Del.); *EV Energy Partners, L.P.*, No. 18-10814 (CSS) (Bankr. D. Del.); *Claire's*

16 *Stores, Inc.*, No. 18-10584 (MFW) (Bankr. D. Del.); *The Bon-Ton Stores, Inc.*, No. 18-10248 (MFW)

17 (Bankr. D. Del.); *Orchard Acquisition Company, LLC*, No. 17-12914 (KG) (Bankr. D. Del.); *Rentech*

18 *WP U.S., Inc.,* No. 17-12958 (CSS) (Bankr. D. Del.); *Appvion, Inc.,* No. 17-12082 (KJC) (Bankr. D.

19 Del.); *Global Brokerage, Inc.,* No. 17-13532 (MEW) (Bankr. S.D.N.Y.); *Global A&T Electronics Ltd.,*

20 No. 17-23931 (RDD) (Bankr. S.D.N.Y.); *Pacific Drilling S.A.*, No. 17-13193 (MEW) (Bankr. S.D.N.Y.);

21 *Walter Investment Management Corporation,* No. 17-13446 (JLG) (Bankr. S.D.N.Y.); *Castex Energy*

22 *Partners, L.P.,* No. 17-35835 (MI) (Bankr. S.D. Tex.); *Toys "R" Us, Inc.,* No. 17-34665 (KLP) (Bankr.

23 E.D. Va.); *TK Holdings Inc.,* No. 17-11375 (BLS) (Bankr. D. Del.); *Ultrapetrol (Bahamas) Limited,* No.

24 17-22168 (RDD) (Bankr. S.D.N.Y.); *General Wireless Operations Inc. dba RadioShack,* No. 17-10506

25 (BLS) (Bankr. D. Del.); *Channel Technologies Group, LLC*, No. 16-11912 (DS) (Bankr. C.D. Cal.).

26 By appointing Prime Clerk as the Claims and Noticing Agent in these Chapter 11 Cases, the

27 distribution of notices and the processing of claims will be expedited, and the Office of the Clerk of the

28 Bankruptcy Court (the "**Clerk**") will be relieved of the administrative burden of processing what may

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1 be an overwhelming number of claims.

## V. SERVICES TO BE PROVIDED

This Section 156(c) Application pertains only to the work to be performed by Prime Clerk under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c). Any work to be performed by Prime Clerk outside of this scope is not covered by this Section 156(c) Application or by any order granting approval hereof. Specifically, Prime Clerk will perform the following tasks in its role as Claims and Noticing Agent, as well as all quality control relating thereto:

(a) Prepare and serve required notices and documents in these Chapter 11 Cases in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") in the form and manner directed by the Debtors and/or the Court, including (i) notice of the commencement of these Chapter 11 Cases and the initial meeting of creditors under Section 341(a) of the Bankruptcy Code, (ii) notice of any claims bar date, (iii) notices of transfers of claims, (iv) notices of objections to claims and objections to transfers of claims, (v) notices of any hearings on a disclosure statement and confirmation of the Debtors' plan or plans of reorganization, including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any plan and (vii) all other notices, orders, pleadings, publications and other documents as the Debtors or Court may deem necessary or appropriate for an orderly administration of these Chapter 11 Cases;

(b) Maintain an official copy of the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "**Schedules**"), listing the Debtors' known creditors and the amounts owed thereto;

(c) Maintain (i) a list of all potential creditors, equity holders and other parties-in-interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j) and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update and make said lists available upon request by a party-in-interest or the Clerk;

(d) Furnish a notice to all potential creditors of the last date for filing proofs of claim and a form for filing a proof of claim, after such notice and form are approved by the Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

(e) Maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

(f) For all notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

<div style="text-align: left; writing-mode: vertical-rl;">**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119</div>

within seven (7) business days of service which includes (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service and (iv) the date served;

(g)    Process all proofs of claim received, including those received by the Clerk, check said processing for accuracy and maintain the original proofs of claim in a secure area;

(h)    Maintain the official claims register for each Debtor (collectively, the "**Claims Registers**") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Registers; and specify in the Claims Registers the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.), (vi) the applicable Debtor and (vii) any disposition of the claim;

(i)    Provide public access to the Claims Registers, including complete proofs of claim with attachments, if any, without charge;

(j)    Implement necessary security measures to ensure the completeness and integrity of the Claims Registers and the safekeeping of the original claims;

(k)    Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

(l)    Relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Prime Clerk, not less than weekly;

(m)    Upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the Claims Registers for the Clerk's review (upon the Clerk's request);

(n)    Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the claims register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

(o)    Identify and correct any incomplete or incorrect addresses in any mailing or service lists;

(p)    Assist in the dissemination of information to the public and respond to requests for administrative information regarding these Chapter 11 Cases as directed by the Debtors or the Court, including through the use of a case website and/or call center;

(q)    Monitor the Court's docket in these Chapter 11 Cases and, when filings are made in error or containing errors, alert the filing party of such error and work with them to correct any such error;

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

(r)     If these Chapter 11 Cases are converted to cases under chapter 7 of the Bankruptcy Code, contact the Clerk's office within three (3) days of notice to Prime Clerk of entry of the order converting the cases;

(s)     Thirty (30) days prior to the close of these Chapter 11 Cases, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing Prime Clerk as Claims and Noticing Agent and terminating its services in such capacity upon completion of its duties and responsibilities and upon the closing of these Chapter 11 Cases;

(t)     Within seven (7) days of notice to Prime Clerk of entry of an order closing these Chapter 11 Cases, provide to the Court the final version of the Claims Registers as of the date immediately before the close of the Chapter 11 Cases; and

(u)     At the close of these Chapter 11 Cases, (i) box and transport all original documents, in proper format, as provided by the Clerk's office, to (A) the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, PA 19154-1096 or (B) any other location requested by the Clerk's office; and (ii) docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

The Claims Registers shall be open to the public for examination without charge during regular business hours and on a case-specific website maintained by Prime Clerk.

## VI.     PROFESSIONAL COMPENSATION

The Debtors respectfully request that the undisputed fees and expenses incurred by Prime Clerk in the performance of the above services be treated as administrative expenses of the Debtors' chapter 11 estates pursuant to 28 U.S.C. § 156(c) and section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business without further application to or order of the Court.  Prime Clerk agrees to maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and to serve monthly invoices on the Debtors, the office of the United States Trustee, counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors and any party-in-interest who specifically requests service of the monthly invoices.  If any dispute arises relating to the Engagement Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the parties may seek resolution of the matter from the Court.

Prior to the Petition Date, the Debtors provided Prime Clerk an advance in the amount of $100,000.00.  Prime Clerk seeks to first apply the advance to all prepetition invoices, and thereafter, to

APPLICATION TO APPOINT CLAIMS AND                                  7
NOTICING AGENT

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1  have the advance replenished to the original advance amount, and thereafter, to hold the advance under

2  the Engagement Agreement during these Chapter 11 Cases as security for the payment of fees and

3  expenses incurred under the Engagement Agreement.

4  Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to

5  indemnify, defend and hold harmless Prime Clerk and its members, officers, employees, representatives

6  and agents under certain circumstances specified in the Engagement Agreement, except in circumstances

7  resulting solely from Prime Clerk's gross negligence or willful misconduct or as otherwise provided in

8  the Engagement Agreement or Retention Order.  The Debtors believe that such an indemnification

9  obligation is customary, reasonable and necessary to retain the services of a Claims and Noticing Agent

10  in these Chapter 11 Cases.

11  **VII.    DISINTERESTEDNESS**

12  Although the Debtors do not propose to employ Prime Clerk under section 327 of the Bankruptcy

13  Code pursuant to this Section 156(c) Application (such retention will be sought by separate application),

14  Prime Clerk has nonetheless reviewed its electronic database to determine whether it has any

15  relationships with the creditors and parties in interest provided by the Debtors, and, to the best of the

16  Debtors' knowledge, information, and belief, and except as disclosed in the Waisman Declaration, Prime

17  Clerk has represented that it neither holds nor represents any interest materially adverse to the Debtors'

18  estates in connection with any matter on which it would be employed.

19  Moreover, in connection with its retention as Claims and Noticing Agent, Prime Clerk represents

20  in the Waisman Declaration, among other things, that:

21        (a)    Prime Clerk is not a creditor of the Debtors;

22        (b)    Prime Clerk will not consider itself employed by the United States government
23              and shall not seek any compensation from the United States government in its
            capacity as the Claims and Noticing Agent in these Chapter 11 Cases;

24        (c)    By accepting employment in these Chapter 11 Cases, Prime Clerk waives any
25              rights to receive compensation from the United States government in connection
            with these Chapter 11 Cases;

26

27        (d)    In its capacity as the Claims and Noticing Agent in these Chapter 11 Cases, Prime
            Clerk will not be an agent of the United States and will not act on behalf of the
28              United States;

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

(e)     Prime Clerk will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these Chapter 11 Cases

(f)     Prime Clerk is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged;

(g)     In its capacity as Claims and Noticing Agent in these Chapter 11 Cases, Prime Clerk will not intentionally misrepresent any fact to any person;

(h)     Prime Clerk shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

(i)     Prime Clerk will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(j)     None of the services provided by Prime Clerk as Claims and Noticing Agent in these Chapter 11 Cases shall be at the expense of the Clerk's office.

Prime Clerk will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

## VIII.   NOTICE

Notice of this Section 156(c) Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) the Debtors' fifty (50) largest unsecured creditors on a consolidated basis; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the Office of the California Attorney General; (vi) the California Public Utilities Commission; (vii) the Nuclear Regulatory Commission; (viii) the Federal Energy Regulatory Commission; (ix) the Office of the United States Attorney for the Northern District of California; (x) counsel for the agent under the Debtors' proposed debtor in possession financing facilities; and (xi) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

APPLICATION TO APPOINT CLAIMS AND
NOTICING AGENT

9

1         WHEREFORE the Debtors respectfully request entry of an order granting the relief requested

2 herein and such other and further relief as the Court may deem just and appropriate.

3

4 Dated: January 29, 2019         Respectfully Submitted,

5

6                         By: _____

                       Name: Jason P. Wells

7                        Title: Senior Vice President and Chief Financial Officer,

                       PG&E Corporation

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119