WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice* pending)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice* pending)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice* pending)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>Debtor.<br><br>Tax I.D. No. 94-3234914 | Case Nos. 19 -_____ (___)<br>19 -_____ (___)<br><br>Chapter 11<br><br>**MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a), 342(a), AND 521(a)(1) AND FED. R. BANKR. P. 1007 AND 2002 FOR ENTRY OF ORDER (I) WAIVING THE REQUIREMENTS TO FILE LISTS OF CREDITORS AND EQUITY HOLDERS AND GRANTING RELATED RELIEF; AND (II) AUTHORIZING AND APPROVING PROCEDURES FOR PROVIDING NOTICE OF THE COMMENCEMENT OF CHAPTER 11 CASES** |
| **In re:**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtor.<br><br>Tax I.D. No. 94-0742640 | Date:<br>Time:<br>Place: |

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to sections 105(a), 342(a), and 521(a)(1) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 1007(a) and (d) and 2002(a), (d), and (f) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order (i) waiving the requirements that the Debtors file lists of creditors and equity holders on the Petition Date (as defined below), as set forth in section 521(a)(1) of the Bankruptcy Code, Bankruptcy Rules 1007(a)(1) and (a)(3), and Amended General Order 13 (the "**General Order**") of the United States Bankruptcy Court for the Northern District of California (collectively, the "**Notice Rules**"); and (ii) authorizing the Debtors to implement certain procedures for the mailing and publication of the notice announcing the commencement of these Chapter 11 Cases and the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "**Notice of Commencement**").

A proposed form of order granting the relief requested herein is annexed hereto as **<u>Exhibit A</u>** (the "**Proposed Order**").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On the date hereof (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in either of the Chapter 11 Cases.

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the Declaration of Jason P. Wells, Senior Vice President and Chief Financial Officer of PG&E Corp., filed contemporaneously herewith in support of the Debtors' chapter 11 petitions and related first day relief (the "**Wells Declaration**").

## III. BASIS FOR RELIEF REQUESTED

### A. Waiving the Requirements to File Lists of Creditors and Equity Holders is Warranted

Pursuant to the Notice Rules, unless a debtor's schedules of assets and liabilities are filed simultaneously with a chapter 11 petition, a debtor must file a list of creditors as of the Petition Date (the "**List of Creditors**") with the petition. Similarly, Bankruptcy Rule 1007(a)(3) provides that "unless the court orders otherwise, the debtor must file within fourteen (14) days after entry of the order for relief a list of the debtor's equity security holders of each class (the "**List of Equity Holders**") showing the number and kinds of interests registered in the name of each holder, and the last known address or place of business for each holder." Fed. R. Bankr. P. 1007(a)(3). The Debtors submit that waiving the requirements to file a List of Creditors and, for PG&E Corp., a List of Equity Holders is appropriate.

Case: 19-30088    Doc# 17    Filed: 01/29/19    Entered: 01/29/19 01:22:35    Page 3 of 8

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Contemporaneously herewith, the Debtors have filed a motion requesting an extension of the time to file their schedules of assets and liabilities and statements of financial affairs (collectively, the "**Schedules and Statements**"), and, therefore, have not yet filed their Schedules and Statements with the Bankruptcy Court. Accordingly, without the relief requested herein, the Notice Rules would require the Debtors to each file a separate List of Creditors on the date hereof. The Debtors submit that waiving the requirement to file the List of Creditors is appropriate in these Chapter 11 Cases and is within the Bankruptcy Court's equitable powers under section 105 of the Bankruptcy Code.

The Debtors have filed an application to retain Prime Clerk LLC as their claims and noticing agent (the "**Prime Clerk**") in these Chapter 11 Cases. Pursuant to section 156(c) of title 28 of the United States Code, the Court is empowered to use outside facilities or services to provide notices and other administrative information to parties in interest, if the costs are paid from the assets of the estates. Under the proposed Procedures (as defined and as set forth below) and pursuant to section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f), as soon as practicable after the Petition Date, the Debtors will furnish their consolidated List of Creditors to Prime Clerk so that Prime Clerk can mail the Notice of Commencement to creditors identified on the Debtors' List of Creditors. Under these circumstances, the Debtors submit that the requirement that the List of Creditors be filed on the Petition Date should be waived.

As set forth in the Wells Declaration, all of the outstanding common stock of the Utility is owned by PG&E Corp. This information is set forth in the List of Equity Holders filed as a part of the Utility's chapter 11 petition. With respect to PG&E Corp., however, the Debtors submit that the requirement that it file a List of Equity Holders should be waived. PG&E Corp. is a public company and, as of October 25, 2018, had 518,674,276 shares of common stock outstanding. The ownership of these shares changes daily, if not more frequently. The Debtors submit that preparing the List of Equity Holders with last-known addresses will be expensive for the Debtors, time consuming, and difficult to accomplish quickly and accurately. The Debtors further submit that PG&E Corp.'s equity security holders will not be prejudiced if the List of Equity Holders is not filed. As set forth in the Procedures, such parties will receive appropriate notice of the commencement of these Chapter 11 Cases. Accordingly, the requirement that the Debtors file a List of Equity Holders for PG&E Corp. should be waived.

**B.** **Proposed Procedures for Service of the Notice of Commencement**

The Debtors propose the following procedures (the "**Procedures**") with respect to service and publication of the Notice of Commencement:

*Mailing of the Notice of Commencement*

Bankruptcy Rule 2002(a) provides, in pertinent part, that the "clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b) of the Code." Fed. R. Bankr. P. 2002(a). Bankruptcy Rule 2002(f) provides that notice of the order for relief shall be provided to all creditors by mail. Furthermore, Bankruptcy Rule 2002(d) provides that, unless otherwise ordered by the Bankruptcy Court, the Debtors shall provide notice to all equity security holders of the order for relief and any section 341 meeting for shareholders. *See* Fed. R. Bankr. P. 2002(d). In light of the requirement to notify creditors and shareholders of the commencement of these Chapter 11 Cases and to notify creditors of the meeting of creditors under section 341 of the Bankruptcy Code (the "**Section 341 Meeting**"), the Debtors seek authority to have Prime Clerk undertake the mailing of the Notice of Commencement, substantially in the form annexed as **Exhibit 1** to the Proposed Order, to the creditors listed on the Debtors' consolidated List of Creditors.

For purposes of this Motion, the Debtors have not included their 16 million customers or their nearly 24,000 employees as creditors on the List of Creditors (other than any customers or employees that may otherwise be creditors (*e.g.*, litigation claimants)) and do not believe that the Notice Rules require the Debtors to provide the Notice of Commencement to such parties. Moreover, Prime Clerk estimates that the cost of mailing the Notice of Commencement to such parties via traditional first class mail would increase the cost of preparing and mailing the Notice of Commencement by approximately $9.4 million. Nevertheless, employees will be made aware of the commencement of these Chapter 11 Cases through customary employee communication channels that the Debtors have historically utilized. Additionally, given the extensive media coverage of these Chapter 11 Cases and the proposed publication procedures described below, the Debtors believe that their customers will also be adequately informed regarding the commencement of these Chapter 11 Cases.

As set forth above, as PG&E Corp. is a public company, the ownership of its shares changes on

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

a daily, if not more frequent, basis. Accordingly, serving the Notice of Commencement on holders of PG&E Corp.'s equity interests by mail also would be a very costly undertaking and not necessarily very effective. Further, it is highly likely that PG&E Corp.'s equity security holders will learn of these Chapter 11 Cases through the financial press, the extensive publication proposed by the Debtors below, as well as the Debtors' reporting with the United States Securities and Exchange Commission. Accordingly, the requirement that the Debtors provide the Notice of Commencement to holders of equity interests in PG&E Corp. should be waived, as authorized by Bankruptcy Rule 2002(d).

*Publication of the Notice of Commencement*

In addition to providing the Notice of Commencement to the Debtors' creditors as set forth above, the Debtors propose to publish, as soon as practicable, the Notice of Commencement, substantially in the form attached to the Proposed Order (i) once in the national editions of the *Wall Street Journal* and *USA Today*, and (ii) once in each of the *Los Angeles Times, San Francisco Chronicle, The Bakersfield Californian, The Fresno Bee, The Modesto Bee, The Sacramento Bee, The Santa Rosa Press Democrat, The San Jose Mercury News, The East Bay Times, The Stockton Record,* the *Paradise Post*, and the *Chico Enterprise-Record*. The Debtors also propose to post the Notice of Commencement on the website to be established by Prime Clerk and on the Debtors' website. The Bankruptcy Court has authority under Bankruptcy Rule 2002(l) to "order notice by publication if it finds that notice by mail is impracticable or that is it desirable to supplement the notice." Fed. R. Bankr. P. 2002(l). Publication of the Notice of Commencement as proposed above is the most practical method by which to notify customers, employees and equity holders who do not receive the Notice of Commencement by mail and other parties in interest of the commencement of these Chapter 11 Cases. Notice by publication also will ensure an efficient use of estate resources.

As stated, the applicable Notice Rules permit the authorization of the relief requested herein and, in addition, the Bankruptcy Court has the authority under section 105(a) of the Bankruptcy Code to authorize the relief requested herein, because such relief is necessary for the Debtors to carry out their fiduciary duties under section 1107(a) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 1107(a) of the

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1  Bankruptcy Code "contains an implied duty of the debtor in possession" to "protect and preserve the

2  estate, including an operating business' going concern value," on behalf of the debtor's creditors and

3  other parties in interest. *In re CEI Roofing, Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (quoting *In re*

4  *CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002)); *see also Unofficial Comm. of Equity*

5  *Holders v. McManigle (In re Penick Pharm., Inc.)*, 227 B.R. 229, 232 33 (Bankr. S.D.N.Y. 1998)

6  ("[U]pon filing its petition, the Debtor became debtor in possession and, through its management . . .

7  was burdened with the duties and responsibilities of a bankruptcy trustee."). The Debtors submit that

8  implementation of the Procedures and the other relief requested herein is appropriate in these Chapter

9  11 Cases and well within the Bankruptcy Court's authority.

10 **IV.  NOTICE**

11  Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region

12  17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) the Debtors' fifty (50) largest unsecured

13  creditors on a consolidated basis; (iii) the Securities and Exchange Commission; (iv) the Internal

14  Revenue Service; (v) the Office of the California Attorney General; (vi) the California Public Utilities

15  Commission; (vii) the Nuclear Regulatory Commission; (viii) the Federal Energy Regulatory

16  Commission; (ix) the Office of the United States Attorney for the Northern District of California;

17  (x) counsel for the agent under the Debtors' proposed debtor in possession financing facilities; and

18  (xi) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant

19  to Bankruptcy Rule 2002. Based on the urgency of the circumstances surrounding this Motion and the

20  nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

21  No previous request for the relief sought herein has been made by the Debtors to this or any other

22  court.

23

24

25

26

27

28

Case: 19-30088   Doc# 47   Filed: 01/29/19   Entered: 01/29/19 01:22:35   Page 7 of 8

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: January 29, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: ____/s/ Tobias S. Keller_____
     Tobias S. Keller

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Case: 19-30088   Doc# 47   Filed: 01/29/19   Entered: 01/29/19 01:22:35   Page 8 of 8