**Exhibit A**

**[PROPOSED] Order**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice* pending)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice* pending)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice* pending)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>     **Debtor.**<br><br>**Tax I.D. No. 94-3234914**<br><br>**In re:**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>     **Debtor.**<br><br>**Tax I.D. No. 94-0742640** | Case Nos. 19 -\_\_\_\_ (\_\_\_)<br>     19 -\_\_\_\_ (\_\_\_)<br><br>Chapter 11<br><br>**[PROPOSED] ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 342(a), AND 521(a)(1) AND FED. R. BANKR. P. 1007 AND 2002 (I) WAIVING THE REQUIREMENTS TO FILE LISTS OF CREDITORS AND EQUITY SECURITY HOLDERS AND GRANTING RELATED RELIEF; AND (II) AUTHORIZING AND APPROVING PROCEDURES FOR PROVIDING NOTICE OF THE COMMENCEMENT OF CHAPTER 11 CASES**<br><br>Date:<br>Time:<br>Place: |

Upon the Motion, dated _____, 2019 (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105(a), 342(a), and 521(a)(1) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 1007(a) and (d) and 2002(a), (d), and (f) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order (i) waiving the requirements that the Debtors file their lists of creditors and equity holders on the Petition Date, as set forth in section 521(a)(1) of the Bankruptcy Code, Bankruptcy Rules 1007(a)(1) and (a)(3), and Amended General Order 13 (the "**General Order**") of the United States Bankruptcy Court for the Northern District of California; and (ii) authorizing the Debtors to implement certain procedures (the "**Procedures**") for the mailing and publication of the notice announcing the commencement of these Chapter 11 Cases and the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "**Notice of Commencement**"), all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted, as provided herein.

2. The requirements under section 521(a)(1) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and the General Order that the Debtors file with the Court a consolidated list containing the names and last known addresses of the Debtors' creditors (the "**List of Creditors**") are waived.

3. The requirement under Bankruptcy Rule 1007(a)(3) that PG&E Corp. file a List of Equity Holders is waived.

4. As soon as practicable after entry of an order authorizing the engagement of Prime Clerk LLC, as the Debtors' claims and noticing agent (the "**Prime Clerk**"), the Debtors shall furnish to Prime Clerk a List of Creditors.

5. The Procedures are hereby approved.

6. The Notice of Commencement, substantially in the form attached hereto as **Exhibit 1**, is hereby approved.

7. On or before the date that is 21 days prior to the date on which the Section 341 Meeting is scheduled to take place, the Debtors, with the assistance of Prime Clerk, shall mail the Notice of Commencement to all creditors on the List of Creditors.

8. Notwithstanding anything herein to the contrary, the requirement under Bankruptcy Rule 2002(d) that the Debtors mail the Notice of Commencement to all equity security holders of PG&E Corp. is waived.

9. Pursuant to Bankruptcy Rule 2002(l), the Debtors, with the assistance of Prime Clerk, shall (a) cause the Notice of Commencement to be published (i) once in the national editions of the *Wall Street Journal* and *USA Today*, and (ii) once in each of the *Los Angeles Times*, *San Francisco Chronicle*, *The Bakersfield Californian*, *The Fresno Bee*, *The Modesto Bee*, *The Sacramento Bee*, *The Santa Rosa Press Democrat*, *The San Jose Mercury News*, *The East Bay Times*, *The Stockton Record*, the *Paradise Post*, and the *Chico Enterprise-Record*; and (b) post the Notice of Commencement on the website to be established by Prime Clerk and on the Debtors' website.

10. The form and manner of notice as provided herein and in the Procedures are reasonably calculated to inform interested parties of these Chapter 11 Cases and are hereby approved.

11. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

# Exhibit 1

**Proposed Form of Notice of Commencement**

| **Information to identify the case:** | | |
|---|---|---|
| Debtor | PG&E Corporation. *et al.* <br> Name | EIN 94-3234914 |
| United States Bankruptcy Court for the: Northern District of California | | Date case filed in chapter 11: [_____] <br> MM / DD / YYYY |
| Case number: 19-_____ | | |

Official Form 309F (For Corporations or Partnerships)

# Notice of Chapter 11 Bankruptcy Case                                              12/17

For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered. This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| 1. Debtors' full names (Jointly Administered Cases): | | | |
|---|---|---|---|
| **Debtor** | **Address** | **Case No.** | **EIN#** |
| PG&E Corporation | 77 Beale Street, P.O. Box 77000, San Francisco, California 94177. | 19-_____ | 94-3234914 |
| Pacific Gas and Electric Company | 77 Beale Street, P.O. Box 77000, San Francisco, California 94177. | 19-_____ | 94-0742640 |

2. **All other names used in the last 8 years:** Other names, if any, used by any of the Debtors in the last 8 years may be found in the Debtors' chapter 11 petitions.

3. **Address:** See above

4. **Debtors' attorneys**

Tobias S. Keller (#151445) <br>
KELLER & BENVENUTTI LLP <br>
650 California Street, Suite 1900 <br>
San Francisco, CA 94108

Telephone: (844) 339-4217 (Toll Free) <br>
+1 (929) (333)-8977 (Int'l) <br>
Email: pgeinfo@primeclerk.com

Stephen Karotkin (*pro hac vice* pending) <br>
WEIL, GOTSHAL & MANGES LLP <br>
767 Fifth Avenue <br>
New York, New York 10153

5. **Bankruptcy clerk's office:** <br>
Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.com.

U.S. Bankruptcy Court <br>
450 Golden Gate Avenue <br>
Mail Box 36099 <br>
San Francisco, CA 94102

**Hours open**: Monday-Friday, 9 a.m.- 4:30 p.m. (CT)

**Contact phone**: 888-821-7606

| | | | | |
|---|---|---|---|---|
| Debtor | PG&E Corporation, *et al.,* | | Case number (if known) | |
| | Name | | | |

| | | |
|---|---|---|
| 6. | **Meeting of creditors** The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | _____ at _____ Location: [_____] Date Time The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. |
| 7. | **Proof of claim deadline** | **Deadline for filing proof of claim:    To Be Determined** A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office. Your claim will be allowed in the amount scheduled unless: ☐ your claim is designated as *disputed*, *contingent*, or *unliquidated*; ☐ you file a proof of claim in a different amount; or ☐ you receive another notice. If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled. You may review the schedules at the bankruptcy clerk's office or online at www.pacer.gov. Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. |
| 8. | **Exception to discharge deadline** The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applied to you claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline statement below. **Deadline for filing the complaint:  To Be Determined** |
| 9. | **Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| 10. | **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| 11. | **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge under 11 U.S.C. § 1141(d)(6)(A), you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |