WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice* pending)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice* pending)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice* pending)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>     **Debtor.**<br><br>**Tax I.D. No. 94-3234914**<br><br>**In re:**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>     **Debtor.**<br><br>**Tax I.D. No. 94-0742640** | Case Nos.  19 - _____ (___)<br>      19 - _____ (___)<br><br>Chapter 11<br><br>**MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 521(a) AND 105(a) AND FED. R. BANKR. P. 1007(c) FOR ENTRY OF ORDER (I) EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS, AND (II) EXTENDING TIME TO FILE 2015.3 REPORTS**<br><br>Date:<br>Time:<br>Place: |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to sections 521(a) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order extending the initial fourteen (14) day period to file their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements") by sixty (60) days, to allow the Debtors a total of seventy-four (74) days after the Petition Date (as defined below) to file their Schedules and Statements (the "**Schedules and Statements Deadline**"), without prejudice to the Debtors' right to request additional time if necessary. Additionally, the Debtors request that the Court grant an extension until sixty (60) days after the date set for the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "**341 Meeting**") for the Debtors to either file their initial reports of financial information with respect to entities in which their chapter 11 estates hold a controlling or substantial interest, as set forth in Bankruptcy Rule 2015.3 (the "**2015.3 Reports**"), or file a motion with the Court seeking a modification of such reporting requirements for cause.

A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On the date hereof (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in either of the Chapter 11 Cases.

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the Declaration of Jason P. Wells, Senior Vice President and Chief Financial Officer of PG&E Corp., filed contemporaneously herewith in support of the Debtors' chapter 11 petitions and related first day relief (the "**Wells Declaration**").

## III. CAUSE EXISTS TO EXTEND TIME TO FILE SCHEDULES AND STATEMENTS

Section 521 of the Bankruptcy Code requires a debtor to file its schedules of assets and liabilities and statements of financial affairs unless the Court orders otherwise. 11 U.S.C. § 521(a)(1)(A)–(B). These schedules and statements must be filed within fourteen (14) days after the petition date unless the Bankruptcy Court grants an extension of time "on motion for cause shown." Fed. R. Bankr. P. 1007(c).

Additionally, section 105(a) of the Bankruptcy Code, which codifies the equitable powers of the Bankruptcy Court, authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In light of the facts and

circumstances surrounding these Chapter 11 Cases, this Court has the authority, consistent with sections 521(a) and 105(a) of the Bankruptcy Code, to grant the requested relief.

The Debtors are one of the nation's largest utility companies, providing natural gas and electric service to approximately 16 million customers throughout an approximately 70,000-square-mile service area in northern and central California. The Debtors own and operate approximately 136 generating facilities, nine (9) natural gas compressor stations, over 120,000 circuit miles of electric transmission and distribution lines, and nearly 50,000 miles of natural gas transmission and distribution pipelines. The scope and complexity of the Debtors' businesses, coupled with the limited time available to the Debtors to assemble the required information, necessitate an extension of the Schedules and Statements Deadline. Collecting the necessary information to prepare the Schedules and Statements requires an enormous expenditure of time and effort on the part of the Debtors, their employees, and their professionals.

The Court's grant of a time extension to file the Schedules and Statements as requested in this Motion is appropriate in light of the circumstances. While the Debtors, with the assistance of their professional advisors, have mobilized their employees to work diligently and expeditiously to prepare the Schedules and Statements, the 14 day deadline simply is not achievable under the circumstances of these Chapter 11 Cases. Given the volume of work entailed in completing the Schedules and Statements, as well as the competing demands on the Debtors' employees and professionals to stabilize the Debtors' business operations and address the many other issues that arise during the critical initial postpetition period, the Debtors, as a practical matter, are unable to properly and accurately complete the Schedules and Statements within the initial statutory period. Accordingly, the Debtors submit that ample cause exists to extend the time for filing the Schedules and Statements as requested in the Motion.

**IV.  CAUSE EXISTS TO EXTEND THE TIME TO FILE THE 2015.3 REPORTS**

Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than seven (7) days before the date set for the 341 Meeting and no less than every six (6) months thereafter, periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling

interest. Bankruptcy Rule 9006(b)(1) provides the Court with the ability to enlarge the period of time to file the 2015.3 Reports "for cause." Bankruptcy Rule 2015.3(d) also provides the Court with the ability, after notice and a hearing, to modify the reporting requirements for cause, including that the debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available." Fed. R. Bankr. P. 2015.3(d).

The Debtors hold a substantial or controlling interest in several other entities within the meaning of Bankruptcy Rule 2015.3. Cause exists to extend the deadline for filing the 2015.3 Reports as requested herein based on the same factors described above, including (i) the size and complexity of the Debtors' business, and (ii) the burdens imposed by compliance with Bankruptcy Rule 2015.3 in the early days of these Chapter 11 Cases. As such, cause exists to extend the time to file the 2015.3 Reports as well.

Extending the deadline for the initial Rule 2015.3 Reports will also enable the Debtors to work with their financial advisors and the United States Trustee to determine the appropriate nature and scope of the 2015.3 Reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3. Accordingly, the Debtors respectfully request that the Court grant an extension of the time by which the Debtors must either file their initial Rule 2015.3 Reports or file a motion with the Court seeking appropriate modifications to or extensions of time of such reporting requirements, for cause, until sixty (60) days after the 341 Meeting, pursuant to Bankruptcy Rule 2015.3(d).

**V. NOTICE**

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) the Debtors' fifty (50) largest unsecured creditors on a consolidated basis; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the Office of the California Attorney General; (vi) the California Public Utilities Commission; (vii) the Nuclear Regulatory Commission; (viii) the Federal Energy Regulatory Commission; (ix) the Office of the United States Attorney for the Northern District of California; (x) counsel for the agent under the Debtors' proposed debtor in possession financing facilities; and (xi) those persons who have formally appeared in these Chapter 11 Cases and requested service

pursuant to Bankruptcy Rule 2002. Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: January 29, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/   Tobias S. Keller
      Tobias S. Keller

*Proposed Attorneys for Debtors
and Debtors in Possession*

DEBTORS' MOTION TO EXTEND TIME TO FILE SCHEDULES

6