WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice* pending)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice* pending)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice* pending)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>                         **Debtor.**<br>**Tax I.D. No. 94-3234914** | Case Nos. 19 -_____ (___)<br>              19 -_____ (___)<br>Chapter 11<br>**MOTION OF DEBTORS PURSUANT TO L.B.R. 9013-1(c) FOR ENTRY OF ORDER AUTHORIZING OVERSIZE BRIEFING FOR CERTAIN FIRST DAY MOTIONS** |
| **In re:**<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                         **Debtor.**<br>**Tax I.D. No. 94-0742640** | Date:<br>Time:<br>Place: |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to Rule 9013-1(c) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for an order authorizing the Debtors to file oversize briefs for certain motions seeking emergency relief (the "**First Day Motions**"), which First Day Motions are filed contemporaneously herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. BACKGROUND

On the date hereof (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in either of the Chapter 11 Cases.

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the Declaration of Jason P. Wells, Senior Vice President and Chief Financial Officer of PG&E Corp., filed contemporaneously herewith in support of the Debtors' chapter 11 petitions and related first day relief (the "**Wells Declaration**").

///
///
///
///

## III. OVERSIZE BRIEFING FOR FIRST DAY MOTIONS IS WARRANTED

Bankruptcy Local Rule 9013-1(c) provides that, "Unless the Court expressly orders otherwise, the initial and response memoranda of points and authorities shall not exceed 25 pages of text, and reply memorandum shall not exceed 15 pages of text." B.L.R. 9013-1(c).

The Debtors' businesses are large and necessarily complex. The First Day Motions seek emergency relief of various forms to sustain their business operations, prevent disruptions in the supply of electricity and natural gas, and to protect public health and safety. The relief requested specifically in the First Day Motions is necessary to, among other things, protect the interests of the Debtors' employees and customers, to avoid disruption to their operations, to maintain their cash management system, and to maintain public programs during the pendency of the Chapter 11 Cases. Such relief is designed to prevent unnecessary disruptions in the operations of the Debtors' businesses, and is necessary to preserve and maximize the value of the Debtors' estates and operations for the benefit of all parties in interest. In order to adequately describe the nature of the relief requested and disclose the underlying facts that give rise to such relief, it will be necessary in some instances for the Debtors to exceed the 25-page limit.

The Debtors submit that sufficient cause exists for the Court to allow oversize briefing for the First Day Motions. Although the Debtors have tried to limit the length of their briefing as much as possible here, the size and complexity of these Chapter 11 Cases and the relief requested have made it impracticable to limit the size of the briefing for certain motions.

A complete list of the First Day Motions appears in the Notice of Hearing on Shortened Time for First Day Motions of Chapter 11 Cases and Proposed Agenda for First Day Hearing filed concurrently herewith. The First Day Motions likely to exceed the 25-page limit are listed below:

   A. **DIP Financing Motion**. Motion of Debtors Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 and Fed. R. Bankr. P. 2002, 4001, 6004 and 9014 for Interim and Final Orders (I) Authorizing the Debtors to Obtain Senior Secured, Superpriority, Postpetition Financing, (II) Granting Liens and Superpriority Claims, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief;

B. **Employee Wages & Benefits Motion**. Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 507 and Fed. R. Bankr. P. 6003 and 6004 for Interim and Final Authority to (I) Pay Prepetition Wages, Salaries, Withholding Obligations, and Other Compensation and Benefits; (II) Maintain Employee Benefits Programs; and (III) Pay Related Administrative Obligations;

C. **Cash Management Motion**. Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 507 and Fed. R. Bankr. P. 6003 and 6004 for Interim and Final Authority to (I)(A) Continue Existing Cash Management System, (B) Honor Certain Prepetition Obligations Related to the Use Thereof, (C) Continue Intercompany Arrangements, and (D) Maintain Existing Bank Accounts and Business Forms; and (II) Waiving the Requirements of 11 U.S.C. § 345(b);

D. **NOL Motion**. Motion of Debtors Pursuant to 11 U.S.C. §§ 105(A) and 362 for Interim and Final Orders Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Stock of, and Claims Against, the Debtors;

E. **Exchange Operator Motion**. Motion of Debtors Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364 and Fed. R. Bankr. P. 6003 and 6004 to (A) Honor Prepetition Obligations to Natural Gas and Electricity Exchange Operators, (B) Grant Administrative Expense Claims and Authorize Posting of Postpetition Collateral to Such Parties, (C) Modify the Automatic Stay, and (D) Grant Related Relief; and

F. **Public Purpose Programs Motion**. Motion of Debtors Pursuant to Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 507(a)(7) and Fed. R. Bankr. P. 6003 and 6004 for Interim and Final Orders (I) Authorizing Debtors to (A) Maintain and Administer Customer Programs, Including Public Purpose Programs, and (B) Honor Any Prepetition Obligations Relating Thereto; and (II) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers.

To the extent that any of the other first day motions exceed 25 pages, however, the Debtors also seek authority to exceed the limit as to those motions as well.

**IV. NOTICE**

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) the Debtors' fifty (50) largest unsecured creditors on a consolidated basis; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the Office of the California Attorney General; (vi) the California Public Utilities Commission; (vii) the Nuclear Regulatory Commission; (viii) the Federal Energy Regulatory

Commission, (ix) the Office of the United States Attorney for the Northern District of California; (x) counsel for the agent under the Debtors' proposed debtor in possession financing facilities; and (xi) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE,** the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: January 29, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/ Tobias S. Keller
Tobias S. Keller

*Proposed Attorneys for Debtors and Debtors in Possession*