WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice* pending)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice* pending)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice* pending)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice* pending)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice* pending)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice* pending)
(onasab@cravath.com)
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors and Debtors
in Possession*

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>**Debtor.**<br><br>**Tax I.D. No. 94-3234914** | Case Nos. 19 -30088 (DM)<br><br>19 -30089 (DM)<br><br>Chapter 11<br><br>**MOTION OF DEBTORS PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A) AND 107(B) AND BANKRUPTCY RULE 9018 FOR ENTRY OF AN ORDER AUTHORIZING THE FILING UNDER SEAL OF THE PROPOSED DEBTOR-IN-POSSESSION FINANCING FEE LETTERS** |
| **In re:**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtor.**<br><br>**Tax I.D. No. 94-0742640** | Date:<br>Time:<br>Place: |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 1001-2(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**") and the *New District Wide Procedures for Electronically Filing Sealed and Redacted Documents* adopted by the United States Bankruptcy Court for the Northern District of California (the "**Local Procedures**"), for entry of an order (i) authorizing the Debtors to file under seal Fee Letters (as defined below) related to the *Motion of Debtors Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507, and Fed. R. Bankr. P. 2002, 4001, 6004 and 9014 for Interim and Final Orders (I) Authorizing the Debtors to Obtain Senior Secured, Superpriority, Postpetition Financing, (II) Granting Liens and Superpriority Claims, (III) Approving Use of Cash Collateral of Prepetition Bridge Secured Parties, (IV) Granting Adequate Protection to Prepetition Bridge Secured Parties and (V) Scheduling Final Hearing* (the "**DIP Financing Motion**"),[1] filed contemporaneously herewith, and (ii) directing that the Fee Letters shall remain under seal and confidential and not be made available to anyone without the consent of the Debtors and the other parties to the Fee Letters or further order from the Court. The Debtors propose providing the Fee Letters to the Office of the United States Trustee for the Northern District of California (the "**U.S. Trustee**") on a strictly confidential basis and to counsel and financial advisors to any statutory committee appointed in the Chapter 11 Cases on a strictly confidential and "professionals' eyes only" basis.

A proposed form of order granting the relief requested herein is being uploaded concurrently herewith in accordance with the Local Procedures (the "**Proposed Order**").

---

[1] Capitalized terms used but not defined in this Motion shall have the meaning used in the DIP Financing Motion.

2

DEBTORS' MOTION TO FILE
FEE LETTERS UNDER SEAL

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. BACKGROUND

On the date hereof (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in either of the Chapter 11 Cases.

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Declaration of Jason P. Wells, Senior Vice President and Chief Financial Officer of PG&E Corp.*, filed contemporaneously herewith in support of the Debtors' chapter 11 petitions and related first day relief (the "**Wells Declaration**").

### III. FACTS SPECIFIC TO RELIEF REQUESTED

Contemporaneously herewith, the Debtors have filed the DIP Financing Motion seeking authority to, among other things, obtain postpetition financing in accordance with the terms, and subject to the conditions of, the DIP Credit Agreement, the other DIP Loan Documents and the interim and final orders with respect to the DIP Financing Motion. As set forth in the DIP Financing Motion, the Debtors secured a commitment from a group of lenders (the "**Commitment Parties**") to provide $5.5 billion secured, superpriority postpetition financing facilities (the "**DIP Facilities**") that will enable the Debtors to fund their operations, develop a restructuring plan, and emerge from chapter 11, while continuing to provide safe and reliable gas and electric service to their millions of customers throughout California.

As consideration for this commitment, the Debtors have agreed to certain fee arrangements and other economic terms and other confidential commercial information set forth in the following agreements (together, the "**Fee Letters**"):

> i. Fee Letter, dated as of January 21, 2019, by and among the Utility and J.P. Morgan Securities LLC and acknowledged by Merrill Lynch, Pierce, Fenner & Smith Incorporated, Barclays Bank PLC and Citigroup Global Markets Inc.; and

> ii. Fee Letter, dated as of January 21, 2019 (the "**Underwriting Fee Letter**"), by and among the Utility, J.P. Morgan Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Barclays Bank PLC and Citigroup Global Markets Inc.

(Kurtz Decl. ¶ 5.) In addition, the Underwriting Fee Letter contains "market flex" provisions, which describe permitted modifications to the DIP Facilities in the interest of achieving a successful syndication of the Commitment Parties' commitments, a customary feature of any broadly syndicated committed financing. (*Id.* ¶ 5.)

As each of the Fee Letters includes sensitive and confidential commercial information, the Debtors and Commitment Parties agreed that the Fee Letters would not be publicly disclosed. (*Id.* ¶ 6.) The Commitment Parties have, however, consented to the Debtors filing the Fee Letters under seal with the Court and providing the Fee Letters to (i) the U.S. Trustee on a strictly confidential basis and (ii) counsel and financial advisors to any statutory committee appointed in the Chapter 11 Cases on a strictly confidential and "professionals' eyes only" basis. (*Id.*)

## IV. BASIS FOR RELIEF REQUESTED

Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) further provides:

> On request of a party in interest, the bankruptcy court *shall*, and on the bankruptcy court's own motion, the bankruptcy court may—

4

(1)  Protect any entity with respect to a trade secret or *confidential* research, development, or *commercial information*.

11 U.S.C. § 107(b) (emphasis added).  Some courts have emphasized, parsing the language of 107(b) (namely, the word "shall"), that once the court determines that the information the moving party seeks to protect falls within one of the categories enumerated in 107(b), it "has no discretion to deny" the protection sought.  *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).  Also, section 107(b) expressly authorizes the court to grant protection, where warranted, to the confidential commercial information of "any entity."  11. U.S.C. § 107(b). Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking protection to demonstrate "good cause." *Id.* at 28.  Indeed, an entity seeking protection under section 107(b) only needs to show "that the information it [seeks] to seal [is] 'confidential' and 'commercial' in nature." *Id.* at 27.  Commercial information has been defined as information would produce "an unfair advantage to competitors by providing them information as to the commercial operations" of the entity seeking protection.  *In re Itel Corp.*, 17 B.R. 942, 944 (9th Cir. B.A.P. 1982).  Significantly, commercial information need not rise to the level of a trade secret to warrant section 107(b)'s protection.  *See Orion Pictures Corp.*, 21 F.3d at 28 (finding that "§ 107(b) is carefully drafted to avoid merging 'trade secrets' with 'confidential commercial information'").

The Bankruptcy Rules similarly authorize the Court to "make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other *confidential* research, development, or *commercial information*." Fed. R. Bankr. P. 9018 (emphasis added).  Finally, Local Procedures require that a request for seal is narrowly tailored to sealable materials. *New District Wide Procedures For Electronically Filing Sealed and Redacted Documents*.  Because the Fee Letters contain confidential commercial information within the scope of section 107(b), this Court should grant the Debtors' request.

The Fee Letters are the product of arm's length, extensive and good faith negotiations, and public disclosure of the Fee Letters would likely cause substantial harm to the Debtors and the Commitment Parties and create an unfair advantage for competitors of the Commitment Parties.  The

5

Case: 19-30088    Doc# 25    Filed: 01/29/19    Entered: 01/29/19 02:36:59    Page 5 of 8

Fee Letters contain highly sensitive commercial information that the Debtors and Commitment Parties have agreed should remain confidential. (*See* Kurtz Decl. ¶ 5.) These terms, which include fees payable to the Commitment Parties and market flex terms, are typically not disclosed publicly per the customs of the financial industry. (*Id.*) Disclosure of this information would put the Commitment Parties at a distinct competitive disadvantage by constraining their ability to negotiate fees in future transactions. Further, because debtor-in-possession financings are only a small fraction of all syndicated financings arranged by the Commitment Parties, requiring them to disclose certain information concerning their fees in this context but not in others could have a "chilling effect" that discourages them and other competitor institutions from providing debtor-in-possession financing facilities on terms favorable to debtors-in-possession. Finally, broad disclosure of the fees coupled with the market flex provisions could jeopardize the Debtors' ability to obtain the DIP Facilities on the best terms available for their estates—armed with knowledge of such terms, prospective lenders could insist on the maximum market flex that the Debtors would be obligated to accept in accordance with the terms of the Fee Letters. *See id.* ¶ 5; *cf. In re Farmland Industries, Inc.*, 290 B.R. 364 (Bankr. W.D. Mo. 2003) (holding that information regarding timelines established by a DIP credit agreement for the marketing and sale of debtors' assets was "commercial information" warranting seal because disclosure would hamper debtors in sale negotiations).

It is a widespread practice for courts to authorize the filing of similar confidential financing information under seal. *See, e.g.*, *Velocity Holding Company, Inc.*, Case No. 17-12442 (KJC) (Bankr. D. Del. Nov. 30, 2017) (D.I. 116) (authorizing debtors to file DIP financing fee letters under seal); *GST Autoleather, Inc.*, Case No. 17-12100 (LSS) (Bankr. D. Del. Oct. 5, 2017) (D.I. 72) (authorizing debtors to file under seal DIP financing commitment and fee letters); *In re Alpha Natural Res., Inc.*, Case No. 15-33896 (KRH) (Bankr. E.D. Va. Sept. 17, 2015) (D.I. 472) (authorizing debtors to file DIP financing fee letters under seal); *In re Tuscany Int'l Holdings (U.S.A.) Ltd.*, Case No. 14-10193 (KG) (Bankr. D. Del. Feb. 4, 2014) (D.I. 50) (granting debtors' request to file exit financing commitment fee letters under seal); *In re the Great Atl. & Pac. Tea Co.*, Case No. 10-24549 (RDD) (Bankr. S.D.N.Y. Jan. 18, 2012) (D.I. 3184) (authorizing debtors to file DIP financing fee letters under

DEBTORS' MOTION TO FILE
FEE LETTERS UNDER SEAL

seal); *In re Newpage Corp.*, Case No. 11-12804 (KG) (Bankr. D. Del. Sep. 8, 2011) (D.I. 78) (authorizing the debtors file under seal DIP agreement fee letters).

The Debtors and the Commitment Parties fully acknowledge the paramount importance of the policy of open access to courts underlying section 107(a)—"[e]xcept as provided in subjections (b) and (c) and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a); *see also* Kurtz Decl. ¶ 7. In this spirit, the Debtors will file the Fee Letters with the Court under seal according to the Local Procedures and propose to share copies of the Fee Letters with (i) the U.S. Trustee on a strictly confidential basis and (ii) counsel and financial advisors to any statutory committee appointed in the Chapter 11 Cases on a strictly confidential and "professionals' eyes only" basis.

## V.     NOTICE

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) the Debtors' fifty (50) largest unsecured creditors on a consolidated basis; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the Office of the California Attorney General; (vi) the California Public Utilities Commission; (vii) the Nuclear Regulatory Commission; (viii) the Federal Energy Regulatory Commission; (ix) the Office of the United States Attorney for the Northern District of California; (x) counsel for the agent under the Debtors' proposed debtor in possession financing facilities; and (xi) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

DEBTORS' MOTION TO FILE
FEE LETTERS UNDER SEAL

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: January 29, 2019

**CRAVATH, SWAINE & MOORE LLP**
**WEIL, GOTSHAL & MANGES LLP**
**KELLER & BENVENUTTI LLP**


By:   /s/ *Tobias S. Keller*
   Tobias S. Keller

*Proposed Attorneys for Debtors and Debtors in Possession*