WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice* pending)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice* pending)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice* pending)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>                    **Debtor.**<br><br>**Tax I.D. No. 94-3234914** | Case Nos. 19 -_____ (___)<br>         19 -_____ (___)<br><br>Chapter 11<br><br>**MOTION OF DEBTORS PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON FIRST DAY MOTIONS**<br><br>Date:<br>Time:<br>Place: |
| **In re:**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtor.**<br><br>**Tax I.D. No. 94-0742640** | |

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1  PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as

2  debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned

3  chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion to Shorten**"),

4  pursuant to Rule 9006-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the

5  Northern District of California (the "**Bankruptcy Local Rules**"), for entry of an order shortening time

6  for a hearing on January 29, 2019 or January 30, 2019, or as soon thereafter as is convenient for the

7  Court, on the following Motions and Applications (the "**First Day Motions**") which were filed

8  contemporaneously herewith:

9      a.    Motion of Debtors Pursuant to Fed. R. Bank. P. 1015(b) for Entry of Order Directing
Joint Administration of Chapter 11 Cases [Docket No. [__]] (the "**Joint Administration**
10          **Motion**");

11     b.    Motion of Debtors Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503 and 507, and
Fed. R. Bankr. P. 2002, 4001, 6003, 6004 and 9014 for Interim and Final Orders
12          (i) Authorizing the Debtors to Obtain Senior Secured, Superpriority, Postpetition
Financing, (ii) Granting Liens and Superpriority Claims, (iii) Modifying the Automatic
13          Stay, (IV) Scheduling Final Hearing, and (v) Granting Related Relief [Docket No. [__]]
(the "**DIP Financing Motion**");
14

15     c.    Motion of Debtors Pursuant to Bankruptcy Code Sections 105(A) and 107(B) and
Bankruptcy Rule 9018 for Entry of an Order Authorizing the Filing under Seal of the
16          Proposed Debtor-in-Possession financing Fee Letters [Docket No.[__]] (the "**DIP**
**Motion to Seal**");

17     d.    Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 507 and Fed. R. Bankr.
P. 6003 and 6004 for Interim and Final Authority to (i) (a) Continue Existing Cash
18          Management System, (b) Honor Certain Prepetition Obligations Related to the Use
Thereof, (c) Continue Intercompany Arrangements, (d) Continue to Honor Obligations
19          Related to Joint Infrastructure Projects, and (e) Maintain Existing Bank Accounts and
Business Forms; and (ii) Waiving the Requirements of 11 U.S.C. § 345(b) [Docket No.
20          [__]] (the "**Cash Management Motion**");

21     e.    Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 507 and Fed. R. Bankr.
P. 6003 and 6004 for Interim and Final Authority to (i) Pay Prepetition Wages, Salaries,
22          Withholding Obligations, and Other Compensation and Benefits; (ii) Maintain Employee
Benefit Programs; and (iii) Pay Related Administrative Obligations [Docket No. [__]]
23          (the "**Employee Wages and Benefits Motion**");

24     f.    Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 507(a)(7) and Fed. R.
Bankr. P. 6003 and 6004 for Interim and Final Orders (i) Authorizing Debtor to
25          (a) Maintain and Administer Customer Programs, Including Public Purpose Programs,
and (b) Honor Any Prepetition Obligations Relating Thereto; and (ii) Authorizing
26          Financial Institutions to Honor and Process Related Checks and Transfers [Docket No.
[__]] (the "**Public Purpose Programs Motion**");
27

28     g.    Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 503(b)(9) and Fed. R.
Bankr. P. 6003 and 6004 for Interim and Final Authority to Pay Prepetition Obligations
Owed to Certain Safety and Reliability, Outage, and Nuclear Facility Suppliers [Docket

DEBTORS' MOTION TO SHORTEN         2
NOTICE OF FIRST DAY MOTIONS

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

No. [__]] (the "**Operational Integrity Suppliers Motion**");

h.　Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 503(b) and Fed. R. Bankr. P. 6003 and 6004 (i) for Interim and Final Authority to Pay Prepetition Obligations Owed to Shippers, Warehousemen, and Other Lien Claimants, and (ii) Granting Administrative Expense Priority Status for Claims Arising From Goods Delivered to the Debtors Postpetition [Docket No. [__]] (the "**Lien Claimants Motion**");

i.　Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 362(d), 363(b), 363(c), and 364 and Fed. R. Bankr. P. 4001, 6003, and 6004 for Interim and Final Orders (i) Authorizing the Debtors to Maintain Insurance Policies, Workers' Compensation Program, and Surety Bond Program and Pay All Obligations With Respect Thereto; and (ii) Granting Relief From the Automatic Stay With Respect to Workers' Compensation Claims [Docket No. [__]] (the "**Insurance Motion**");

j.　Motion of Debtors Pursuant to 11 U.S.C. §§ 105, 363, 507(a) and 541(d) and Fed. R. Bankr. P. 6003 and 6004 for Interim and Final Authority to Pay Certain Prepetition Taxes and Assessments and Granting Related Relief [Docket No. [__]] (the "**Taxes Motion**");

k.　Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a) and 362 for Interim and Final Orders Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Stock of, and Claims Against, the Debtors [Docket No. [__]] (the "**NOL Motion**");

l.　Motion of Debtors Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364 and Fed. R. Bankr. P. 6003 and 6004 to (a) Honor Prepetition Obligations to Natural Gas and Electricity Exchange Operators, (b) Grant Administrative Expense Claims and Authorize Posting of Collateral to Exchange Operators, Trading Counterparties, and Future Commission Merchants, (c) Modify the Automatic Stay, and (d) Grant Related Relief [Docket No. [__]] (the "**Exchange Operator Motion**");

m.　Motion of Debtors Pursuant to 11 U.S.C. §§ 521(a) and 105(a) and Fed. R. Bankr. P. 1007(c) for Entry of Order (i) Extending Time to File Schedules of Assets and Liabilities and Statements of Financial Affairs and (ii) Extending Time to File 2015.3 Reports [Docket No. [__]] (the "**Motion for Extension of Time to File Schedules and Statements**");

n.　Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 342(a) and 521(a)(1) and Fed. R. Bankr. P. 1007 and 2002 for Entry of Order (i) Waiving the Requirements to File Lists of Creditors and Equity Holders and Granting Related Relief; and (ii) Authorizing and Approving Procedures for Providing Notice of the Commencement of Chapter 11 Cases [Docket No. [__]] (the "**Creditor Matrix and Notice of Commencement Motion**");

o.　Debtors' Application Pursuant to 28 U.S.C. § 156(c) for Appointment of Prime Clerk LLC as Claims and Noticing Agent [Docket No. [__]] (the "**Claims and Noticing Agent Retention Application**"); and

p.　Application of Debtors Pursuant to B.L.R. 4002-1 for Order Appointing Jason P. Wells as Responsible Individual [Docket No. [__]] (the "**Responsible Individual Application**").

q.　Motion of Debtors Pursuant to B.L.R. 9013-1(c) For Entry of Order Authorizing Oversize Briefing for First Day Motions [Docket No. [__]] (the "**Oversize Briefing Motion**").

1    A proposed form of order granting the relief requested herein is annexed hereto as **<u>Exhibit A</u>**

2    (the "**Proposed Order**").

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

DEBTORS' MOTION TO SHORTEN                              4
NOTICE OF FIRST DAY MOTIONS

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    JURISDICTION**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a).  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.    BACKGROUND**

On the date hereof (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in either of the Chapter 11 Cases.

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the Declaration of Jason P. Wells, Senior Vice President and Chief Financial Officer of PG&E Corp., filed contemporaneously herewith in support of the Debtors' chapter 11 petitions and related first day relief (the "**Wells Declaration**").

**III.    SHORTENING TIME FOR HEARING ON THE FIRST DAY MOTIONS IS WARRANTED**

Pursuant to Bankruptcy Local Rule 9014-1(b)(3)(A), a hearing on the First Day Motions ordinarily requires at least twenty-one (21) days' notice of an opportunity for a hearing.  Bankruptcy Local Rule 9006-1(a) provides that, except as set forth therein, "approval of the Court is required to enlarge or to shorten time to perform any act or file any paper pursuant to the Federal Rules of Civil Procedures, the Bankruptcy Rules, or these Bankruptcy Local Rules."  B.L.R. 9006-1(a).

The Debtors request emergency relief in order to sustain their business operations, prevent disruptions in the supply of electricity and natural gas, and to protect public health and safety.  As set forth in the Wells Declaration, each of the First Day Motions seeks relief that is narrowly tailored but critically important to ensure that the Debtors' operations continue uninterrupted and allow for and promote a smooth transition into chapter 11.  Specifically, the relief requested in the First Day Motions

is necessary, to among other things, protect the interests of the Debtors' employees and customers, to avoid disruption to their operations, to maintain the cash management systems, and to maintain public programs (most of which are mandated by statute or regulation) during the pendency of the Chapter 11 Cases.  The relief requested in the First Day Motions is designed to prevent unnecessary disruptions in the operations of the Debtors' businesses generally, and all of such relief is necessary to preserve and maximize the value of the Debtors' estates and operations for the benefit of all parties in interest.  The relief requested by each of the First Day Motions is summarized below.

A. **Joint Administration Motion.**  Pursuant to this Motion, the Debtors seek joint administration of their Chapter 11 Cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b). Joint administration will avoid the preparation, replication, service, and filing of duplicative notices, applications, and orders in each of the Chapter 11 Cases, thereby saving the Debtors' estates considerable expense and resources and simplifying supervision of the administration of these cases by the United States Trustee.

B. **DIP Financing Motion.** Pursuant to this Motion, the Debtors are seeking interim and final approval of $5.5 billion in debtor-in-possession financing on terms and conditions set forth in a proposed Senior Secured Superpriority Debtor-in-Possession Credit, Guaranty and Security Agreement, dated as of January 29, 2019, by and among PG&E Corp., as guarantor, the Utility, as borrower, the financial institutions from time to time party thereto, as lenders, JP Morgan Chase Bank, N.A., as administrative agent, and Citibank, N.A., as collateral agent.  The proceeds of the debtor-in-possession financing will enable the Debtors to fund their operations, develop a restructuring plan, and emerge from chapter 11, while continuing to provide safe and reliable gas and electric service to their customers throughout California. The Debtors also seek authority to draw $1.5 billion of the proceeds of the debtor-in-possession facility immediately to avoid irreparable harm to their businesses and to enable them to continue operating through the final hearing on the DIP Financing Motion.

C. **DIP Seal Motion**. Pursuant to this Motion, the Debtors are seeking to file the fee letter in connection with the debtor-in-possession financing under seal to protect the commercially sensitive information contained therein.

D. **Cash Management Motion.** Pursuant to this Motion, the Debtors request authority, on an interim and final basis, to, among other things, (a) continue operating their existing cash management system, including the continued maintenance of existing bank accounts, (b) continue certain intercompany arrangements among the Debtors and certain non-Debtor affiliates and subsidiaries, and (c) maintain existing bank accounts and business forms. The Debtors' cash management system provides significant benefits to the Debtors, including the ability to control corporate funds, ensure the maximum availability of funds when and where necessary, reduce costs and administrative expenses by facilitating the movement of funds, and ensure the availability of timely and accurate account balance information.  If the Debtors are required to significantly alter the way in which they collect and disburse cash throughout the cash management system, their operations will experience severe disruptions, which will negatively impact the Debtors' estates to the detriment of all parties in interest.  Furthermore, disruption to the Debtors' ability to manage intercompany transactions between the Debtors and their non-Debtor affiliates and subsidiaries could impact a number of critical services provided by and to the Debtors, as well as the Debtors' ability to maintain certain operations.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

E. **Employee Wages and Benefits Motion.** Pursuant to this Motion, the Debtors seek entry of interim and final orders granting the Debtors authority to, among other things, (i) pay certain prepetition obligations related to their employees' compensation and the various employee benefits programs that the Debtors maintain, and (ii) continue to maintain those benefits programs in the ordinary course of business. The Debtors' employees perform a variety of critical functions, including, without limitation, operating and maintaining the Debtors' generation units, natural gas facilities, and distribution and transmission assets; performing customer outreach and other critical customer-facing services; collecting payments from the Debtors' customers; and ensuring the safety of the Debtors' operations. Granting the relief requested in the Employee Wage and Benefits Motion is critical to employee continuity and will help minimize the adverse effects of the commencement of the Chapter 11 Cases on the Debtors' ongoing business operations.

F. **Public Purpose Programs Motion.** Pursuant to this Motion, the Debtors seek authority, on an interim and final basis, to maintain certain customer deposit and public purpose programs and initiatives and pay any outstanding prepetition and postpetition amounts related thereto. As set forth in the Public Purpose Programs Motion, these program include (a) programs made available to and measures taken for customers in the ordinary course of providing services, (b) programs designed to advance public policy goals such as local and state energy efficiency, renewable energy, carbon reduction, and energy conservation, (c) programs designed to manage the Debtors' environmental cleanup and nuclear power plant decommissioning efforts, (d) third-party programs pursuant to which the Debtors invoice customers on behalf of third parties that have purchased and provide electricity or natural gas to customers using the Debtors' transmission and distribution facilities, (e) greenhouse gas emissions reduction programs required by the California Air Resources Board that provide certain credits to customers, and (f) customer support programs pursuant to which the Debtors support customers by engaging contractors and other third parties to complete certain customer projects. As virtually all of these programs are mandated pursuant to state or local laws, federal law, regulations, and tariffs, the failure of the Debtors to continue to honor and maintain these programs would result in noncompliance with such laws, regulations, and tariffs, and could materially disrupt the Debtors' operations and jeopardize their ability to successfully reorganize.

G. **Operational Integrity Suppliers Motion.** Pursuant to this Motion, the Debtors seek entry of interim and final orders granting the Debtors authority to pay prepetition obligations owed to certain vendors, suppliers, service providers, and other similar parties and entities that are essential to protecting the public health and safety and maintaining the going-concern value and integrity of the Debtors' businesses and operations. As set forth in the Operational Integrity Suppliers Motion, the Debtors believe that certain vendors and suppliers that are critical to the Debtors' day-to-day operations will demand that the Debtors satisfy their prepetition obligations as a condition of doing business on a go-forward basis as a result of the commencement of the Chapter 11 Cases. Failure to pay these suppliers would severely inhibit the Debtors' ability to acquire necessary materials and maintain their generation units and gas facilities in order to safely and reliably provide essential utilities to the population of northern and central California, as well as remain in compliance with state and federal laws and regulations.

H. **Lien Claimants Motion.** Pursuant to this Motion, the Debtors seek entry of interim and final orders, among other things, granting them authority to pay prepetition obligations owed to certain third-party shippers, warehousemen, vendors, and other service providers or contractors that may be permitted to assert statutory or possessory liens against the Debtors' property and equipment if the Debtors fail to pay the prepetition amounts owed to those parties. The lien claimants provide valuable shipping, warehousing, and maintenance and repair services to the Debtors and may currently hold goods, including natural gas, pipes, valves, fittings, cables, wires, and replacement parts for the Debtors' transmission and generation units that are necessary to the Debtors' continued operations.

If the Debtors fail to pay the prepetition claims of certain lien claimants, those parties may assert liens against such goods for the amounts owed on account of their prepetition claims and may refuse to provide goods and future services to the Debtors, thereby disrupting the Debtors' business operations and inhibiting the Debtors' ability to provide essential services.

I.    **Insurance Motion.** Pursuant to this Motion, the Debtors seek interim and final authority to (a) continue performing under their various liability, property, and other insurance arrangements, including their workers' compensation program and surety bond program, and to pay all premiums and other obligations related thereto, and (b) modify the automatic stay to the extent necessary to permit the Debtors' employees to proceed with any workers' compensation claims they may have against the Debtors. The ongoing maintenance and integrity of the Debtors' insurance and workers compensation coverage is not only mandated, but a critical element of ongoing operations.

J.    **Taxes Motion.** Pursuant to this Motion, the Debtors seek authority, on an interim and final basis, to pay certain prepetition taxes, assessments, fees, and other charges in the ordinary course of business to the relevant taxing authorities. The taxes constitute priority claims and, in certain instances, the tax obligations constitute liens against the Debtors' assets, or the failure to pay will subject certain officers and directors to personal liability.

K.    **NOL Motion.** Pursuant to this Motion, the Debtors seek entry of interim and final orders authorizing the Debtors to establish procedures to protect the potential value of the Debtors' consolidated net operating loss carryforwards and other tax benefits for use in connection with the reorganization of the Debtors. The Debtors believe that they have significant tax attributes that would be impaired by the occurrence of an ownership change during the pendency of these Chapter 11 Cases. Therefore, it is in the best interests of the Debtors and their stakeholders to restrict trading of certain equity interests in, and claims against, the Debtors that could result in an Ownership Change occurring before the effective date of a chapter 11 plan or any applicable bankruptcy court order. Such a restriction would protect the Debtors' ability to use the tax attributes during the pendency of these Chapter 11 Cases or, potentially, in the event of a future transaction, to offset gain or other income recognized in connection with the Debtors' sale or ownership of their assets, which may be significant in amount.

L.    **Exchange Operator Motion.** To maintain continued access to the critical gas and power markets in which the Utility operates, including the ability to account for risks associated with transmission congestion, the Debtors are seeking interim and final authority to (i) pay all outstanding prepetition exchange obligations owed to the Natural Gas Exchange and California Independent System Operators, under those certain prepetition exchange agreements, in the ordinary course as they come due, (ii) provide the exchange operators with administrative expense claims on account of all postpetition exchange obligations, (iii) confirm the existing liens and security interests of the exchange operators in their collateral and authorize the Utility to pledge additional collateral to the exchange operators in the form of cash, letters of credit and/or other forms of collateral acceptable to the parties on account of all exchange obligations, (iv) permit the trading counterparties to apply existing cash collateral to their prepetition obligations and authorize the Utility to provide cash collateral for postpetition obligations to trading counterparties, (v) provide cash or other collateral to the future commission merchants, and (vi) modify the automatic stay under section 362 of the Bankruptcy Code to the extent necessary to allow the (A) exchange operators to exercise any valid rights of setoff or recoupment, and to apply collateral and the proceeds thereof and settle transactions, whether such trade setoff is undertaken with respect to collateral or obligations that arose prior to or after the Petition Date, and, upon default, exercise their rights, in each case under and in accordance with the terms of the agreements and tariffs that govern the relationship between the exchange operators and the Utility, and (B) trading counterparties to exercise

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

any valid right to setoff, settle or recoup any mutual obligations owing by the Utility to such trading counterparties, and to apply cash collateral to prepetition obligations, notwithstanding any limits otherwise imposed by section 553 of the Bankruptcy Code, and (vii) grant related relief,  Participating in the exchanges protects the Utility from harmful fluctuations in commodity prices and helps it to better manage the future energy demands of its customers.  Specifically, participation in the exchanges enables the Utility to procure natural gas and power for the long-term, thereby fixing the Utility's exposure to pricing.

M. **Motion to Extend Time to File Schedules and Statements.** Pursuant to this Motion, the Debtors seek entry of an order extending the initial fourteen (14) day period by which the Debtors must file their schedules of assets and liabilities and statements of financial affairs by sixty (60) days, to allow the Debtors a total of seventy-four (74) days after the Petition Date to file their schedules and statements and the time and resources necessary to assemble the required information.  Subject to the right to seek further extensions, the scope and complexity of the Debtors' businesses and the time and resources necessary to assemble the required information, necessitate an extension of the deadline to file the schedules of assets and liabilities and statements of financial affairs.

N. **Creditor Matrix and Notice of Commencement Motion.** Pursuant to this Motion the Debtors seek entry of an order (i) waiving the requirements that the Debtors file lists of creditors and equity holders on the Petition Date, as set forth in section 521(a)(1) of the Bankruptcy Code, Bankruptcy Rules 1007(a)(1) and (a)(3), and Amended General Order 13 of the United States Bankruptcy Court for the Northern District of California; and (ii) authorizing the Debtors to implement certain procedures for the mailing and publication of the notice announcing the commencement of these Chapter 11 Cases and the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code.  The procedures set forth in this Motion will ensure that creditors and other parties in interest receive adequate notice of the commencement of these Chapter 11 Cases, as well as other key dates and information, and ensure for the efficient and orderly administration of the Chapter 11 Cases.

O. **Claims and Noticing Agent Retention Application.**  By this Application, the Debtors seek entry of an order, pursuant to section 156(c) of title 28 of the United States Code, section 105(a) of the Bankruptcy Code, and Bankruptcy Local Rule 2002-1(f), appointing Prime Clerk LLC, as claims and noticing agent in the Debtors' Chapter 11 Cases effective *nunc pro tunc* to the Petition Date.  As set forth in the Application, to ensure the efficient and orderly administration of the Chapter 11 Cases, the Debtors request entry of an order appointing Prime Clerk, LLC as the claims and noticing agent for the Debtors and their Chapter 11 Cases, including assuming full responsibility for the distribution of notices and the maintenance, processing and docketing of proofs of claim filed in the Debtors' Chapter 11 Cases.

P. **Responsible Individual Application.** Pursuant to this Application, the Debtors seek to appoint Jason P. Wells as the individual, pursuant to Bankruptcy Local Rule 4002-1, with primary responsibility for the duties and obligations of the Debtors during the Chapter 11 Cases.

Q. **Oversize Briefing Motion**. This Motion seeks an order authorizing the Debtors to file memoranda of points and authorities for the First Day Motions that exceed the 25-page limit prescribed by L.B.R. 9013-1(c).

As stated the relief requested in the First Day Motions is essential to avoid the disruption of operations and to promote the Debtors' smooth transition into chapter 11 for the benefit of all parties in

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY  10153-0119

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1  interest.  Accordingly, the Debtors submit that sufficient cause exists for the Court to grant the relief

2  requested in this Motion to Shorten.

3  **IV.  RESERVATION OF RIGHTS**

4  Nothing contained herein is intended to be or shall be construed as (i) an admission as to the

5  validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in

6  interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract,

7  program, policy, or lease under section 365 of the Bankruptcy Code.  Likewise, if the Court grants the

8  relief sought herein, any payment made pursuant to any order is not intended to be and should not be

9  construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such

10  claim subsequently.

11  **V.  NOTICE**

12  Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region

13  17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) the Debtors' fifty (50) largest unsecured

14  creditors on a consolidated basis; (iii) the Securities and Exchange Commission; (iv) the Internal

15  Revenue Service; (v) the Office of the California Attorney General; (vi) the California Public Utilities

16  Commission; (vii) the Nuclear Regulatory Commission; (viii) the Federal Energy Regulatory

17  Commission; (ix) the Office of the United States Attorney for the Northern District of California;

18  (x) counsel for the agent under the Debtors' proposed debtor in possession financing facilities; and

19  (xi) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant

20  to Bankruptcy Rule 2002.  Based on the urgency of the circumstances surrounding this Motion and the

21  nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

22  No previous request for the relief sought herein has been made by the Debtors to this or any other

23  court.

24

25

26

27

28

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1

2  WHEREFORE the Debtors respectfully request entry of an order granting the relief requested

3  herein and such other and further relief as the Court may deem just and appropriate.

4  Dated: January 29, 2019

5  **WEIL, GOTSHAL & MANGES LLP**

6  **KELLER & BENVENUTTI LLP**

7  By: /s/ Tobias S. Keller
       Tobias S. Keller

8

9  *Proposed Attorneys for Debtors
   and Debtors in Possession*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28