WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice* pending)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice* pending)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice* pending)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br>　　　　　　　　　**Debtor.** <br><br> Tax I.D. No. 94-3234914 <br><br> **In re:** <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br>　　　　　　　　　**Debtor.** <br><br> Tax I.D. No. 94-0742640 | Case Nos.　　19 - _____ (___) <br>　　　　　　　　19 - _____ (___) <br><br> Chapter 11 <br><br> **MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 503(b)(9) AND 105(a) FOR ENTRY OF ORDER ESTABLISHING PROCEDURES FOR THE ASSERTION, RESOLUTION, AND SATISFACTION OF CLAIMS ASSERTED PURSUANT TO 11 U.S.C. § 503(b)(9)** <br><br> Date: <br> Time: <br> Place: |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to sections 503(b)(9) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order (i) authorizing the Debtors to establish procedures (the "**Procedures**") for the assertion of unpaid claims pursuant to section 503(b)(9) of the Bankruptcy Code (the "**503(b)(9) Claims**") and the resolution, allowance, and satisfaction thereof, and (ii) prohibiting Vendors (as defined below) from pursuing 503(b)(9) Claims outside of the Procedures.

A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On the date hereof (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in either of the Chapter 11 Cases.

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the Declaration of Jason P. Wells, Senior Vice President and Chief Financial Officer of PG&E Corp., filed contemporaneously herewith in support of the Debtors' chapter 11 petitions and related first day relief (the "**Wells Declaration**").

## III. THE 503(b)(9) CLAIMS

Section 503(b)(9) of the Bankruptcy Code provides for the allowance, as an administrative expense, of the value of any goods sold to the Debtors in the ordinary course of the Debtors' business and received by the Debtors within twenty (20) days prior to the Petition Date. Specifically, section 503(b)(9) provides:

> (b) After notice and a hearing, there shall be allowed, administrative expenses . . . including –
>
> (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under [the Bankruptcy Code] in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

11 U.S.C. § 503(b)(9).

Prior to the Petition Date and in the ordinary course of their business, the Debtors purchased on credit a variety of raw materials, equipment, specially fabricated repair and replacement parts, supplies, and other goods (collectively, the "**Goods**") for use in their electric and natural gas transmission, distribution, generation and other operations. As of the Petition Date, the Debtors were in possession of certain Goods that had been delivered to them by various vendors, suppliers, or other parties (collectively, the "**Vendors**"), but for which the Debtors had not yet made payment.

The Debtors believe that there will be some uncertainty among Vendors over the procedures and methods they must undertake to properly assert administrative expense claims pursuant to section 503(b)(9) of the Bankruptcy Code. This may result in numerous inquiries and demands on the Debtors' employees and professionals, as well as in the initiation of piecemeal litigation, which would divert the attention of the Debtors and their professionals from the more pressing tasks of administering these Chapter 11 Cases and overseeing the Debtors' operations in a safe and reliable manner. To avoid the resulting distraction, delay, and expense that may ensue, the Debtors propose the Procedures set forth below.[1]

### IV. PROPOSED PROCEDURES

The Debtors propose the following Procedures with respect to all 503(b)(9) Claims:

a) Any Vendor asserting a 503(b)(9) Claim must prepare a proof of claim (a "**Proof of 503(b)(9) Claim**"), substantially in the form annexed as **Schedule 1** to the Proposed Order (the "**Proof of 503(b)(9) Claim Form**") that sets forth: (i) the value of the Goods the Vendor contends the Debtors received within twenty (20) days prior to the Petition Date; (ii) documentation, including invoices, receipts, bills of lading, and the like, identifying the particular Goods for which the claim is being asserted; (iii) documentation regarding which Debtor the Goods were shipped to, the date the Goods were received by such Debtor, and the alleged value of such Goods; and (iv) a statement indicating (I) whether the value of such Goods listed in the Proof of 503(b)(9) Claim represents a combination of services and Goods, (II) the percentage of value related to services and related to Goods, and (III) whether the Vendor has filed any other claim against any Debtor regarding the Goods underlying its Proof of 503(b)(9) Claim;

---

[1] These procedures shall not apply to any claims that are treated as Operational Integrity Supplier Claims pursuant to the *Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 503(b)(9) and Fed. R. Bankr. P. 6003 and 6004 for Interim and Final Authority to Pay Prepetition Obligations Owed to Certain Safety and Reliability, Outage, and Nuclear Facility Suppliers* filed contemporaneously herewith.

b) All Proofs of 503(b)(9) Claims must be submitted to the Debtors' proposed claims and noticing agent, Prime Clerk LLC ("**Prime Clerk**"), so as to be received no later than the fiftieth (50th) day after the Petition Date (the "**503(b)(9) Claim Filing Deadline**"), either (i) by mail or hand delivery at PG&E Corporation Claims Processing Center c/o Prime Clerk LLC, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232, or (ii) electronically via the interface provided on Prime Clerk's website at http://restructuring.primeclerk.com/PGE/EPOC-index. Proofs of 503(b)(9) Claims sent by facsimile or electronic mail will not be accepted;

c) The Debtors shall have seventy-five (75) days (or such later date as may be approved by the Court) after the 503(b)(9) Claim Filing Deadline to file with the Court and serve any objections (the "**Objections**") to timely filed 503(b)(9) Claims (the "**Objection Deadline**"), without prejudice to the Debtors' right to set an extension to such Objection Deadline;

d) Vendors shall have until twenty (20) days after the filing of the applicable Objection to file with the Court and serve on the Notice Parties any replies to such Objections;

e) All timely filed 503(b)(9) Claims will be deemed allowed unless objected to by the Debtors on or before the Objection Deadline;

f) Notwithstanding and without limiting the foregoing, the Debtors are authorized, but not required, to negotiate, in their sole discretion, with any Vendor and to seek an agreement resolving any Objection to such Vendor's 503(b)(9) Claim without the need for any further order by the Court;

g) If the Debtors cannot reach agreement with a Vendor regarding a particular Objection to such Vendor's 503(b)(9) Claim, the Debtors will schedule the matter for a hearing by the Court;

h) To the extent a 503(b)(9) Claim is allowed, such 503(b)(9) Claim will be satisfied pursuant to, and as set forth in, a chapter 11 plan for the Debtors as confirmed by the Court, or as otherwise ordered by the Court after notice and an opportunity for a hearing; *provided*, that the Debtors reserve the right to exercise any lawful right of setoff against any 503(b)(9) Claim; and

i) Vendors shall be forever barred, without further order of the Court, from asserting 503(b)(9) Claims after the expiration of the 503(b)(9) Claim Filing Deadline, but shall not be barred from asserting related or unrelated general unsecured claims in accordance with any general unsecured claims bar date established in these Chapter 11 Cases.

The Debtors propose that the Procedures be the sole and exclusive method for the assertion, resolution, allowance, and satisfaction of 503(b)(9) Claims and request that all Vendors be prohibited from invoking any other means therefor, including, without limitation, the filing of a motion for allowance, or to compel payment, of any 503(b)(9) Claims.

DEBTORS' MOTION TO ESTABLISH
503(B)(9) CLAIM PROCEDURES

5

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## V. THE RELIEF REQUESTED IS IN THE BEST INTERESTS OF THE DEBTORS AND THEIR ESTATES

Because the Debtors, in the ordinary course of their business, typically purchase a substantial amount of Goods on a monthly basis from a variety of Vendors, the Debtors expect that numerous 503(b)(9) Claims may be filed. Accordingly, the establishment of an orderly, uniform process for their resolution is warranted. Deferring litigation of claims asserted under section 503(b)(9) of the Bankruptcy Code and establishing uniform procedures for resolving such claims is a common practice in chapter 11 cases, as is the establishment of a bar date. *See* Fed. R. Bankr. P. 3003(c)(3) ("The court shall fix . . . the time within which proofs of claim or interest may be filed."). Moreover, the Debtors believe that the Procedures will facilitate their ability to resolve claims with Vendors asserting a 503(b)(9) Claim, expediting the resolution of 503(b)(9) Claims, and assisting with the administration of these Chapter 11 Cases.

Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). The Debtors submit that establishing and implementing the Procedures is necessary and appropriate and that the Procedures are consistent with the provisions of section 503(b)(9) of the Bankruptcy Code.

The Debtors believe that their ability to address 503(b)(9) Claims in this uniform manner will assist in the timely resolution of such claims and promote the orderly, efficient, and economic administration of these Chapter 11 Cases. Therefore, the relief requested in this Motion is in the best interests of the Debtors and their respective estates and should be granted.

## VI. NOTICE

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) the Debtors' fifty (50) largest unsecured creditors on a consolidated basis; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the Office of the California Attorney General; (vi) the California Public Utilities Commission; (vii)the Nuclear Regulatory Commission; (viii) the Federal Energy Regulatory Commission; (ix) the Office of the United States Attorney for the Northern District of California; (x)

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

counsel for the agent under the Debtors' proposed debtor in possession financing facilities; and (xi) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: January 29, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/ Tobias S. Keller
     Tobias S. Keller

*Proposed Attorneys for Debtors and Debtors in Possession*