**PROSKAUER ROSE LLP**
Martin J. Bienenstock (*pro hac vice* pending)
Brian S. Rosen (*pro hac vice* pending)
Maja Zerjal (*pro hac vice* pending)
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
　　　　brosen@proskauer.com
　　　　mzerjal@proskauer.com

Michael A. Firestein (SBN 110622)
Lary Alan Rappaport (SBN 87614)
Steve Y. Ma (SBN 320997)
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
Telephone: (310) 557-2900
Fax: (310) 557-2193
Email: mfirestein@proskauer.com
　　　　lrappaport@proskauer.com
　　　　sma@proskauer.com

*Attorneys for Ad Hoc Group of Institutional Bondholders
of Pacific Gas and Electric Co.*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>**Debtor.**<br><br>**Tax I.D. No. 94-3234914** | Case Nos. 19-30088 (DM)<br>　　　　　　19-30089 (DM)<br><br>Chapter 11<br><br>**OBJECTION OF AD HOC GROUP OF INSTITUTIONAL BONDHOLDERS TO MOTION OF DEBTORS PURSUANT TO FED. R. BANKR. P. 1015(b) FOR ENTRY OF ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES** |
| **In re:**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtor.**<br><br>**Tax I.D. No. 94-0742640** | |

| | |
|---|---|
| 1 | **AD HOC GROUP OF INSTITUTIONAL BONDHOLDERS OF PACIFIC GAS AND ELECTRIC CO.,** |
| 2 | |
| 3 | **Objector,** |
| 4 | -against- |
| 5 | **PG&E CORPORATION,** *et al.*, |
| 6 | **Movants.** |

The Ad Hoc Group of Institutional Bondholders (the "**Ad Hoc Group**") of chapter 11 debtor Pacific Gas and Electric Co. (the "**Utility**," and together with PG&E Corporation, the "**Debtors**") hereby submits this objection to the *Motion of Debtors Pursuant to Fed. R. Bankr. P. 1015(b) for Entry of Order Directing Joint Administration of Chapter 11 Cases* [Case No. 19-30088, ECF No. 5] (the "**Motion**").

The Ad Hoc Group does not oppose the joint administration of the Debtors' chapter 11 cases for efficiency and procedural purposes. While the Debtors state that "[j]oint administration will not adversely affect rights of parties in interest because [the] Motion requests only administrative consolidation of the estates for procedural purposes," and that "each creditor will continue to hold its claim against a particular Debtor's estate . . . ." Motion at 5:14-17, in light of recent Ninth Circuit jurisprudence,[1] the proposed order should make clear the Debtors' joint administration shall not enable a joint chapter 11 plan for both Debtors to satisfy Bankruptcy Code section 1129(a)(1) with an impaired accepting class for only one debtor. Put differently, the Ad Hoc Group opposes joint administration unless it is clear that joint administration shall not

---

[1] *JPMCC 2007-C1 Grasslawn Lodging, LLC v. Transwest Resort Props. (In re Transwest Resort Props.)*, 881 F.3d 724 (9th Cir. 2018).

convert the requirement of one impaired accepting class per debtor into a requirement of only one impaired accepting class per joint plan.

Specifically, the order granting joint administration should include the following paragraph: "This Order shall not, for purposes of confirmation of a chapter 11 plan, allow the plan proponent to satisfy the requirement of section 1129(a)(10) of title 11 of the United States Code with less than one impaired accepting class per debtor in a joint plan for more than one debtor."

The two Debtors have different capital structures and different creditors. It would be highly prejudicial to creditors of the Utility if the Debtors were deemed to satisfy Bankruptcy Code section 1129(a)(10) by having one accepting impaired class at PG&E Corporation in a joint plan, and no accepting classes at the Utility—and *vice versa*. Accordingly, the inclusion in the order of the proposed paragraph is in the best interest of all stakeholders.

WHEREFORE the Ad Hoc Group requests that the Court (a) deny the Motion, or grant it only if the order includes the additional paragraph provided above, and (b) grant the Ad Hoc Group such other and further relief as is just.

| | |
|---|---|
| Dated: January 29, 2019 | **PROSKAUER ROSE LLP** |
| | /s/ *Martin J. Bienenstock* |
| | Martin J. Bienenstock *(pro hac vice pending)* |
| | Brian S. Rosen *(pro hac vice pending)* |
| | Maja Zerjal *(pro hac vice pending)* |
| | Eleven Times Square |
| | New York, New York 10036-8299 |
| | Telephone: (212) 969-3000 |
| | Facsimile: (212) 969-2900 |
| | |
| | - and - |
| | |
| | Michael A. Firestein (SBN 110622) |
| | Lary Alan Rappaport (SBN 87614) |
| | Steve Y. Ma (SBN 320997) |
| | 2029 Century Park East |

| | |
|---|---|
| 1 | Suite 2400 |
| | Los Angeles, CA 90067-3010 |
| 2 | Telephone: (310) 557-2900 |
| | Fax: (310) 557-2193 |
| 3 | |
| | *Attorneys for Ad Hoc Group of Institutional* |
| 4 | *Bondholders of Pacific Gas and Electric Co.* |

# CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2019, I electronically filed the above Objection of Ad Hoc Group of Institutional Bondholders to Motion of Debtors Pursuant to Fed. R. Bankr. P. 1015(b) for Entry of Order Directing Joint Administration of Chapter 11 Cases with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to e-mail addresses on file with the Court's ECF System.

Dated: January 29, 2019.  **PROSKAUER ROSE LLP**

By: _Lary Alan Rappaport_
Lary Alan Rappaport

*Attorneys for Ad Hoc Group of Institutional Bondholders of Pacific Gas and Electric Co.*