XAVIER BECERRA, SBN 118517
Attorney General of California
MARGARITA PADILLA, SBN 99966
Supervising Deputy Attorney General
JAMES POTTER, SBN 166992
Deputy Attorney General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 879-0815
Fax: (510) 622-2270
E-mail: Margarita.Padilla@doj.ca.gov

XAVIER BECERRA, SBN 118517
Attorney General of California
DANETTE VALDEZ, SBN 141780
ANNADEL ALMENDRAS, SBN 192064
Supervising Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3367
Email: Danette.Valdez@doj.ca.gov
       Annadel.Almendras@doj.ca.gov

STEVEN H. FELDERSTEIN, SBN 059678
PAUL J. PASCUZZI, SBN 148810
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com

Attorneys for California Department of Toxic
Substances Control, California Department of
Water Resources, State Water Resources Control
Board, Regional Water Quality Control Boards,
State Energy Resources Conservation and
Development Commission

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORP.,<br><br>    Debtor. | CASE NO. 19-30088<br><br>Chapter 11 |
| In re:<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Debtor. | CASE NO. 19-30089<br><br>Chapter 11<br><br>Date: January 31, 2019<br>Time: 10:00 a.m.<br>Place: 450 Golden Gate Avenue<br>      16th Floor<br>      San Francisco, CA 94102<br>Judge: Honorable Dennis Montali |

**PRELIMINARY OBJECTION TO CUSTOMER PROGRAMS MOTION**
**[DOCKET NO. 16]**

-1-

The California Department of Toxic Substances Control, California Department of Water Resources, State Water Resources Control Board, Regional Water Quality Control Boards and State Energy Resources Conservation and Development Commission (collectively, the "California State Agencies") hereby file this preliminary objection to the Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 507(a)(7) and Fed. R. Bankr. P. 6003 and 6004 for Interim and Final Orders (I) Authorizing Debtors to (A) Maintain and Administer Customer Programs, Including Public Purpose Programs, and (B) Honor any Prepetition Obligations Relating Thereto; and (II) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers (the "Motion") based on the following:

1. The California State Agencies object to the Motion to the extent it seeks authority from this Court to terminate one or more of the Customer Programs, including but not limited to the Environmental Cleanup Programs, in violation of non-bankruptcy laws or obligations or to use the proposed order on this Motion as a shield for non-compliance with non-bankruptcy laws or obligations.[1] A proposed addition to the interim order is set forth in paragraph 5 below.

2. Paragraph 2 of the proposed interim order on the Motion provides that the Debtors, in their business judgment, are authorized to, ". . . terminate, one or more of the Customer Programs, including, without limitation, . . . the Environmental Cleanup Programs, . . . as they deem appropriate, in the ordinary course of business, without further application to or Order of the Court."

3. Title 28, U.S.C. § 959(b) provides, in pertinent part, that, "a trustee, receiver or manager appointed in any cause pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof." 28 U.S.C. §959(b).

4. The California State Agencies submit that it is not proper for the Court to

---

[1] To the extent not otherwise defined herein, all capitalized terms shall have the meaning set forth in the Motion.

authorize the Debtors in the proposed interim order or otherwise to "terminate. . . as [Debtors] deem appropriate, in the ordinary course of business, without further application to or Order of the Court" the Environmental Cleanup or other programs that the Debtors are required to administer under applicable non-bankruptcy law or to use the Court's order as a shield for non-compliance with non-bankruptcy laws and obligations. Indeed, the Motion states at page 32, lines 9-12: "With respect to the Environmental Cleanup Programs, any suspension or delay in administering the Environmental Cleanup Programs is contrary to public health and welfare and may exacerbate not only existing circumstances but the ultimate costs of cleanup as well."[2]

5. The California State Agencies respectfully request that the following language be included in the interim order on the Motion:

> "Nothing in this Interim Order releases, excuses, or precludes the Debtors from compliance with all applicable federal, state and local laws, regulations, ordinances or with any injunctions, administrative orders, or agreements entered pursuant to such non-bankruptcy laws, including, but not limited to the Environmental Cleanup Programs."

6. The California State Agencies have not had sufficient time to fully review the Motion and other first-day motions filed by the Debtors in this case and reserve the right to assert or join in other objections in connection with the final hearing on the Motion and other first-day motions.

7. Neither this preliminary objection nor any subsequent appearance, pleading, proof of claim, claim or suit is intended or shall be deemed or construed as:

(a) a consent by the California State Agencies to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving the California State Agencies;

(b) a waiver of any right of the California State Agencies to (i) have an Article III judge adjudicate in the first instance any case, proceeding, matter or controversy as to which a

---

[2] As referenced in the Debtors' motion at page 25, lines 15-18, the Debtors are required by the provisions of California Water Code Section 80000 et seq., and applicable orders of the California Public Utilities Commission to act as billing agent for the Department of Water Resources in the collection of charges for power purchased by the Department under Water Code Section 80000 et seq. The Debtors' duties as a billing agent to timely remit funds to the Department continue notwithstanding the filing of this case.

Bankruptcy Judge may not enter a final order or judgement consistent with Article III of the United States Constitution, (ii) have final orders in non-core matters entered only after *de novo* review by a District Court Judge, (iii) trial by jury in any proceeding so triable in the Chapter 11 Cases or in any case, controversy, or proceeding related to the Chapter 11 Cases, (iv) have the United States District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (v) any and all rights, claims, actions, defenses, setoffs, recoupments or remedies to which the California State Agencies are or may be entitled under agreements, in law or in equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved hereby; or

    (c)    a waiver of any objections or defenses that the State of California, the California State Agencies or any other agency, unit or entity of the State of California may have to this Court's jurisdiction over the State of California, the California State Agencies or such other agency, unit or entity based upon the Eleventh Amendment to the United States Constitution or related principles of sovereign immunity or otherwise, all of which objections and defenses are hereby reserved.

Dated: January 30, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MARGARITA PADILLA
Supervising Deputy Attorney General

By: */s/ Paul J. Pascuzzi*
STEVEN H. FELDERSTEIN
PAUL J. PASCUZZI
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
Attorneys for California
Department of Toxic Substances Control,
California Department of Water Resources,
State Water Resources Control Board,
Regional Water Quality Control Boards, and
State Energy Resources Conservation and
Development Commission

## PROOF OF SERVICE

I, Lori N. Lasley, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 Capitol Mall, Suite 1750, Sacramento, CA 95814. On January 30, 2019, I served the within documents:

**PRELIMINARY OBJECTION TO CUSTOMER PROGRAMS MOTION
[DOCKET NO. 16]**

By Electronic Service only via CM/ECF.

*/s/ Lori N. Lasley*
Lori N. Lasley