XAVIER BECERRA
Attorney General of California
MARTIN GOYETTE
Senior Assistant Attorney General
DANETTE E. VALDEZ
Supervising Deputy Attorney General
State Bar No. 141780
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3540
Fax: (415) 703-5843
E-mail: Danette.Valdez@doj.ca.gov

STEVEN H. FELDERSTEIN, SBN 059678
PAUL J. PASCUZZI, SBN 148810
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com

*Attorneys for California Department of Water Resources*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORP.,**<br><br>**Debtor.** | CASE NO. 19-30088<br><br>Chapter 11 |
| **In re:**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtor.** | CASE NO. 19-30089<br><br>Chapter 11<br><br>Hearing: January 31, 2019<br>Time: 10:00 a.m.<br>Place: 450 Golden Gate Avenue<br>16th Floor<br>San Francisco, CA 94102<br>Judge Honorable Dennis Montali |

**PRELIMINARY OBJECTION TO DIP FINANCING MOTION [DOCKET NO. 23]**

1

The California Department of Water Resources, acting under the authority and powers created by California Water Code Sections 80000 through 80270 ("CDWR"), hereby files this preliminary objection to the Motion of Debtors Pursuant to 11 U.S.C. §§ 105, 362, 363, 364, 503 And 507, and Fed. R. Bankr. P. 2002, 4001, 6003, 6004 and 9014 For Interim and Final Orders (I) Authorizing The Debtors To Obtain Senior Secured, Superpriority, Postpetition Financing, (II) Granting Liens And Superpriority Claims, (III) Modifying The Automatic Stay, (IV) Scheduling Final Hearing and (V) Granting Related Relief, based on the following:[1]

1. Since 2000, the Utility and dozens of other parties, including CDWR and the CPUC, have been engaged in complex and disputed regulatory proceedings, appellate proceedings, litigation, and investigations regarding numerous issues and allegations arising from events in the Western Energy Markets during the years 2000 and 2001.

2. Over the course of those years, funds have been set aside in various qualified settlement funds and in one or more accounts held by the California Power Exchange pursuant to the terms of over 60 settlement agreements approved by the CPUC and the Federal Energy Regulatory Commission ("FERC"), and pursuant to other orders issued by FERC (the "Funds").

3. Pursuant to express CPUC directives, the interests of the Utility in the Funds will be administered for the benefit of the public or public good.

4. While Schedule A of the Motion, under the heading "Funds Held in Trust or Escrow," appears to be intended to capture the Funds, it fails to account for the fact that the Funds are held by parties other than the Debtor and will continue to earn interest as provided in the settlement agreements and FERC orders.

5. To remedy this oversight and ensure that all Funds are unambiguously carved out of the DIP Collateral, the Department asks that the following carve-out in Schedule A of the Motion be revised as shown: "Any assets or property held by the Debtors in trust for, or otherwise administered for the benefit of, the public or public good, pursuant to an express CPUC directive or another express Requirement of Law, each as in existence as of the Petition Date**, and**

---

[1] Capitalized terms used but not defined in this preliminary objection have the meaning given to them in the Motion.

**all interest earned thereon,** as provided below: a. Settlement funds in relation to energy crisis litigation that have been deposited in escrow **and all interest earned thereon now and in the future,** ~~as directed by the 2003 Bankruptcy Settlement~~ **including any interests of the Debtors in funds held in any escrows, qualified settlement accounts or accounts of the California Power Exchange established in connection with the 2000-2001 energy crisis refund proceedings pending before the Federal Energy Regulatory Commission in Dockets EL00-95 and EL00-98**.

6. CDWR has not had sufficient time to fully review the Motion and other first day motions filed by the Debtors in this case and reserves the right to assert or join other objections in connection with the final hearing on the Motion and other first day motions.

7. Neither this preliminary objection nor any subsequent appearance, pleading, proof of claim, claim or suit is intended or shall be deemed or construed as:

    (a) a consent by CDWR to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving CDWR;

    (b) a waiver of any right of CDWR to (i) have an Article III judge adjudicate in the first instance any case, proceeding, matter or controversy as to which a Bankruptcy Judge may not enter a final order or judgement consistent with Article III of the United States Constitution, (ii) have final orders in non-core matters entered only after *de novo* review by a District Court Judge, (iii) trial by jury in any proceeding so triable in the Chapter 11 Cases or in any case, controversy, or proceeding related to the Chapter 11 Cases, (iv) have the United States District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (v) any and all rights, claims, actions, defenses, setoffs, recoupments or remedies to which CDWR is or may be entitled under agreements, in law or in equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved hereby; or

    (c) a waiver of any objections or defenses that the State of California, CDWR or any other agency, unit or entity of the State of California may have to this Court's jurisdiction over the State of California, CDWR or any other agency, unit or entity based upon the Eleventh

Amendment to the United States Constitution or related principles of sovereign immunity or otherwise, all of which objections and defenses are hereby reserved.

Dated: January 30, 2019

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
MARTIN GOYETTE
Senior Assistant Attorney General
DANETTE VALDEZ
Supervising Deputy Attorney General

By: */s/ Paul J. Pascuzzi*
PAUL J. PASCUZZI
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
*Attorneys for California Department of Water Resources*

## PROOF OF SERVICE

I, Lori N. Lasley, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 Capitol Mall, Suite 1750, Sacramento, CA 95814. On January 30, 2019, I served the within documents:

**PRELIMINARY OBJECTION TO DIP FINANCING MOTION**
**[DOCKET NO. 23]**

By Electronic Service only via CM/ECF.

*/s/ Lori N. Lasley*
Lori N. Lasley