DONNA S. TAMANAHA (WI 1013199)
Assistant United States Trustee
LYNETTE C. KELLY (SBN 120799)
Trial Attorney
MARTA E. VILLACORTA (NY SBN 4918280)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
450 Golden Gate Avenue, Suite 05-0153
San Francisco, CA 94102
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: lynette.c.kelly@usdoj.gov;
       marta.villacorta@usdoj.gov

Attorneys for James L. Snyder,
Acting United States Trustee for Region 12[1]

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 19-30088 DM |
| PG&E CORPORATION, | ) | Chapter 11 |
|       Debtor-in-Possession. | ) | |
| In re | ) | Case No. 19-30089 DM |
| PACIFICE GAS AND ELECTRIC COMPANY, | ) | Chapter 11 |
|       Debtor-in-Possession. | ) | |

**OBJECTION OF THE UNITED STATES TRUSTEE TO MOTION OF THE DEBTORS PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A) AND 107(B) AND BANKRUPTCY RULE 9018 FOR ENTRY OF AN ORDER AUTHORIZING THE FILING UNDER SEAL OF THE PROPOSED DEBTOR-IN-POSSESSION FINANCING FEE LETTERS**

---

[1] James L. Snyder, Acting United States Trustee for Region 12, is acting in this appointment for Tracy Hope Davis, United States Trustee for Region 17, who has recused herself.

UST Objection to Debtors' Motion for an Order Authorizing Filing Under Seal of the Proposed DIP Financing Fee Letters  -1-

The United States Trustee for Region 17 (the "**United States Trustee**") files the following objection to the Motion (ECF No. 25, the "**Seal Motion**") of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above captioned chapter 11 cases (the "**Chapter 11 Cases**"), to permit the Debtors to file under seal certain fee letters (the "Fee Letters") in support of the Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507, and Fed. R. Bankr. P. 2002, 4001, 6004 and 9014 for Interim and Final Orders (I) Authorizing the Debtors to Obtain Senior Secured, Superpriority, Postpetition Financing, (II) Granting Liens and Superpriority Claims, (III) Approving Use of Cash Collateral of Prepetition Bridge Secured Parties, (IV) Granting Adequate Protection to Prepetition Bridge Secured Parties and (V) Scheduling Final Hearing (ECF No. 23, the "**DIP Financing Motion**"). The Debtors' request to file the Fee Letters under seal contravenes Bankruptcy Code Section 107 and, therefore, should be denied. In support of his objection, the United States Trustee alleges as follows:

I. **Background**

1. On January 29, 2019 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. The United States Trustee has not appointed an official Committee of Unsecured Creditors. An organizational meeting to do so is scheduled for February 11, 2019, at 10:00 a.m. at the Office of the U.S. Trustee, 450 Golden Gate Avenue, Suite 01-5467, San Francisco, CA 94102.

3. On the Petition Date, the Debtors filed the Seal Motion, along with an accompanying DIP Motion.

UST Objection to Debtors' Motion for an Order Authorizing Filing Under Seal of the Proposed DIP Financing Fee Letters -2-

Case: 19-30088    Doc# 167    Filed: 01/31/19    Entered: 01/31/19 07:25:01    Page 2 of 8

4. In the Seal Motion, the Debtors seek to file the following under seal:

(i) Fee Letter, dated as of January 21, 2019, by and among the Utility and J.P. Morgan Securities LLC and acknowledged by Merrill Lynch, Pierce, Fenner & Smith, Incorporated, Barclays Bank PLC and Citigroup Global Markets, Inc.

(ii) Fee Letter, dated as of January 21, 2019 (the "Underwriting Fee Letter") by and among the Utility, J.P. Morgan Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Barclays Bank PLC and Citigroup Global Markets Inc.

Seal Motion at p. 4.

5. Of apparent specific concern are "market flex" provisions in the Underwriting Fee Letter. Seal Motion at p. 4.

## II. Jurisdiction and Standing

6. This Court has jurisdiction to hear this objection.

7. Pursuant to 28 U.S.C. §586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the U.S. Trustee has public interest standing under 11 U.S.C. §307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498,500 (6th Cir. 1990) (describing the U.S. Trustee as a watchdog).

8. Pursuant to 11 U.S.C. §307, the U.S. Trustee has standing to be heard with regard to this objection.

## III. Applicable Law

The Supreme Court stated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 591

UST Objection to Debtors' Motion for an Order Authorizing Filing Under Seal of the Proposed DIP Financing Fee Letters -3-

Case: 19-30088    Doc# 167    Filed: 01/31/19    Entered: 01/31/19 07:25:01    Page 3 of 8

(1978): "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Unanimity in the case law demonstrates that there is common law right of access to judicial proceedings and to inspect judicial records in civil matters. *In Orion Pictures Corp. v. Video Software Dealers Assoc.*, 21 F.3d 24 (2d Cir. 1994), the court stated the general rule as: "...a strong presumption of public access to court records... This preference for public access is rooted in the public's first amendment right to know about the administration of justice. It helps safeguard the integrity, quality, and respect in our judicial system." 21 F.3d 24, 26 (citations omitted). *See also, In re Continental Airlines*, 150 B.R. 334 (D.Del 1993), where the court noted, ...the strong presumption in favor of public access to judicial records and papers...". Accord, *In re Foundation for New Era Philanthropy*, 1995 WL 478841 (E.D. Pa. 1995); *In re Barney's Inc.*, 201, B.R. 703 (Bankr. S.D.N.Y. 1996).

Section 107(a) has been viewed as codifying the common law right of public access to court records. The statute provides:

> "(a) Except as provided in subsections (b) and (c) of this section and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge."

Section 107(b)(1) provides limited exceptions to the statutory right of public access to certain specified kinds of information, and one of those exceptions is for "confidential commercial information":

> "(b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>   (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; . . . .

Federal Rule of Bankruptcy Procedure 9018 provides the procedural mechanism for

UST Objection to Debtors' Motion for an Order Authorizing Filing Under Seal of the Proposed DIP Financing Fee Letters -4-

seeking protective relief:

> "On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . "

The burden is on the movants to demonstrate that the interest in secrecy outweighs the presumption in favor of access. *Bank of America Nat'l Trust & Savings Assoc. v. Hotel Rittenhouse Associates*, 800 F.2d 339, 344 (3d Cir. 1986); In re Continental Airlines, 150 B.R. 334, 340 (D. Del. 1993).

"Confidential commercial information" is not a defined term within the Bankruptcy Code, but it has been addressed in the case law addressing Section 107(b)(1). "Confidential commercial information" is "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the [entity]." *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (Walrath, J.) (citing *In re Orion Pictures Corp.*, 21 F.3d 24, 27-28 (2d Cir. 1994) and *Ad Hoc Protective Comm. For 10 ½% Debenture Holders v. Itel Corp. (In re Itel Corp.),* 17 B.R. 942, 944 (9th BAP 1982)). The disclosure of such information must "reasonably be expected to cause the entity commercial injury." <u>Alterra</u>, 353 B.R. at 75 (citing *In re Northstar Energy, Inc.,* 315 B.R. 425, 429 (Bank. E.D. Tex. 2004) and *In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003)). "Moreover, the Court must find that information contained in the . . . [documents] . . . 'is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.'" <u>Alterra</u>, 353 B.R. at 75-76 (quoting *In re Barney's, Inc.*, 201 B.R. 703, 708-09 (Bankr. S.D.N.Y. 1996)). Information is not "'commercial' within the meaning of § 107(b) merely because it relate[s] to business affairs." *In re Northwest Airlines Corp.*, 363

UST Objection to Debtors' Motion for an Order Authorizing Filing Under Seal of the Proposed DIP Financing Fee Letters -5-

Case: 19-30088    Doc# 167    Filed: 01/31/19    Entered: 01/31/19 07:25:01    Page 5 of 8

B.R. 704, 706 (Bankr. S.D.N.Y. 2007). It must be "information which would give a competitor an unfair advantage." *Id*. (quoting *In re Handy Andy Home Improvement Centers, Inc.*, 199 B.R. 376, 382 (Bankr. N.D. Ill. 1996).

The sealing analysis should also take into account whether the filings are made pursuant to bankruptcy rules specifically requiring the public disclosure of information. *See Northwest Airlines*, 363 B.R. at 707-08 ("we start with the fact that Bankruptcy Rule 2019 is a disclosure rule"). *In re Foundation for New Era Philanthropy*, 1995 WL 478841 (Bankr. E.D. Pa. May 18, 1995) (disclosure of creditor list required under Fed. R. Bankr. P. 1007).

One of the hallmarks of bankruptcy law is the full and extensive disclosure required of debtors with respect to their financial affairs. For debtor-in-possession financing, Federal Rule of Bankruptcy Procedure 4001(c) sets forth the required disclosures. Rule 4001(c)(1)(B) specifically provides:

> The motion shall ... begin with a concise statement of the relief requested ... that lists or summarizes, and sets out the location within the relevant documents of, all material provisions of the proposed credit agreement and form of order, including interest rate, maturity, events of default, liens, borrowing limits, and borrowing conditions.

This rule is supplemented by Northern District of California Guidelines for Cash Collateral & Financing Motions & Stipulations (Effective 1/1/2006) at http://www.canb.uscourts.gov/procedure/guidelines-cash-collateral-financing-motions-stipulations-effective-112006.  The Guidelines contain, among other things requirements for disclosure of all material provisions of a borrowing agreement.

**IV.     The Debtors Have Not Sustained Their Burden of Proof**

In the Seal Motion, the Debtors assert that the Fee Letters in their entirety constitute proprietary information not typically disclosed to the public or to competing financial

UST Objection to Debtors' Motion for an Order Authorizing Filing Under Seal of the Proposed DIP Financing Fee Letters                                                                                                                                                              -6-

Case: 19-30088    Doc# 167    Filed: 01/31/19    Entered: 01/31/19 07:25:01    Page 6 of 8

institutions. Seal Motion at 6, 7. The parties do not want the Fee Letters disclosed because "the Debtors and Commitment Parties" simply agreed to this. Seal Motion at 4. Such assertions do not demonstrate that the information set forth in the Fee Letters is, in fact, commercially sensitive information. Contrary to the Debtors' assertions, it is routine to disclose the terms of DIP Motion. Disclosure of information related to the fees and charges is essential to the parties' ability to determine whether the loans are in the best interests of the estate and its creditors. As bankruptcy is a transparent process, creditors and other parties in interest have the right to review such information. This is consistent with the required disclosure of other payments by debtors are also routinely disclosed as part of the bankruptcy process, including the statement of financial affairs and the monthly operating reports.

Even if the Debtors can successfully demonstrate that there may be one or more terms of the Fee Letters that may be protected under Section 107(b) or Rule 9018, the relief granted should be narrowly tailored. *See In re Lomas Financial Corporation*, 1991 WL 21231, at *2 (S.D.N.Y. 1991). At the very most, the so called "Flex Market" information that comports with the requirements of either Section 107 (b) or FRBP 9018 should be redacted and sealed on a temporary basis, with the right of the parties to revisit the issue after a Committee is appointed in these cases.

### V. Conclusion

The Bankruptcy Code and Rules place narrow limits upon sealing documents. The requirements of the Bankruptcy Code and Rules express the necessary public interest in this matter requiring full disclosure.

///

///

UST Objection to Debtors' Motion for an Order Authorizing Filing Under Seal of the Proposed DIP Financing Fee Letters -7-

Case: 19-30088    Doc# 167    Filed: 01/31/19    Entered: 01/31/19 07:25:01    Page 7 of 8

WHEREFORE, the United States Trustee requests that the Court deny the Seal Motion and grant such other and further relief as the Court deems appropriate.

Dated: January 31, 2019

James L. Snyder
Acting United States Trustee, Region 12

/s/ Lynette C. Kelly
Trial Attorney

UST Objection to Debtors' Motion for an Order Authorizing Filing Under Seal of the Proposed DIP Financing Fee Letters -8-

Case: 19-30088    Doc# 167    Filed: 01/31/19    Entered: 01/31/19 07:25:01    Page 8 of 8