

ENTERED
05/13/2016

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Chapter 11 |
| LINN ENERGY LLC, *et al.* | § | CASE NO: 16-60040 |
| | § | |
| Debtor(s). | § | Jointly Administered |

ORDER (A) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (B) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, (C) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADDITIONAL ASSURANCE REQUESTS, AND (D) GRANTING RELATED RELIEF
(Docket No. 14)

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] for entry of an order (this "Order"), (a) approving the Debtors' Proposed Adequate Assurance of payment for future utility services, (b) prohibiting Utility Companies from altering, refusing, or discontinuing services, (c) approving the Adequate Assurance Procedures for resolving Additional Assurance Requests, and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this

---

[1]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

[2]   The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number are as follows:  Linn Energy, LLC (7591); Berry Petroleum Company, LLC (9387); LinnCo, LLC (6623); Linn Acquisition Company, LLC (4791); Linn Energy Finance Corp. (5453); Linn Energy Holdings, LLC (6517); Linn Exploration & Production Michigan LLC (0738); Linn Exploration Midcontinent, LLC (3143); Linn Midstream, LLC (9707); Linn Midwest Energy LLC (1712); Linn Operating, Inc. (3530); Mid-Continent I, LLC (1812); Mid-Continent II, LLC (1869); Mid-Continent Holdings I, LLC (1686); Mid-Continent Holdings II, LLC (7129).  The Debtors' principal offices are located at JPMorgan Chase Tower, 600 Travis, Suite 5100, Houston, Texas 77002.

Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors shall cause a copy of the Motion and this Order to be served on each Utility Company listed on the Utility Services List no later than two business days after the date this Order is entered.

3. The Debtors are authorized to cause the Adequate Assurance Deposit to be held in a segregated account during the pendency of these chapter 11 cases.

4. The Adequate Assurance Deposit, together with the Debtors' ability to pay for future utility services in the ordinary course of business subject to the Adequate Assurance Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

5.     Each Utility Company shall be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Company in the column labeled "Proposed Adequate Assurance" on the Utility Services List attached hereto.

6.     If an amount relating to Utility Services provided postpetition by a Utility Company is unpaid, and remains unpaid beyond any applicable grace period, such Utility Company may request a disbursement from the Adequate Assurance Account by giving notice to: (a) the Debtors, JPMorgan Chase Tower, 600 Travis, Suite 5100, Houston, Texas 77002, Attn: Candice J. Wells; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Stephen E. Hessler and Brian S. Lennon, and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Joseph M. Graham and Jessica Silverman; (c) proposed co-counsel to the Debtors, Jackson Walker L.L.P., 1401 McKinney Street, Suite 1900, Houston, Texas, Attn: Patricia B. Tomasco & Bruce J. Ruzinsky; (d) the Office of the United States Trustee, Southern District of Texas, Region 7, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Diane Livingstone; (e) counsel to any official committee appointed in these chapter 11 cases; (f) counsel to Wells Fargo Bank, N.A. as administrative agent under LINN's prepetition credit facility and Berry's prepetition credit facility, Baker & McKenzie LLP, 452 Fifth Avenue, New York, NY 10018, Attn: James Donnel, Baker & McKenzie LLP, 300 East Randolph Street, Chicago, IL, Attn: Garry Jaunal and Nasri Ashkar, (g) counsel to the ad hoc group of LINN 12% second lien noteholders, O'Melveny & Myers LLP, Times Square Tower, New York, NY 10036, Attn: John Rapisardi and Jeeho Lee; (h) counsel to the ad hoc group of LINN's senior unsecured noteholders, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005, Attn: Gerard Uzzi and Michael Price; and (i) counsel to the ad hoc group of Berry's senior unsecured noteholders,

Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, New York, NY 10010, Attn: Susheel Kirplani and Benjamin Finestone (collectively, the "Notice Parties"). The Debtors shall honor such request within five business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Company to resolve any dispute regarding such request without further order of the Court. To the extent a Utility Company receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

7. The portion of the Adequate Assurance Deposit attributable to each Utility Company shall be returned to the Debtors on the earlier of (a) reconciliation and payment by the Debtors of the Utility Company's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Company and (b) the effective date of any chapter 11 plan confirmed in these chapter 11 cases.

8. The following "Adequate Assurance Procedures" are hereby approved:

   a. Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Additional Assurance Request") on the Notice Parties. An Additional Assurance Request may be made at any time.

   b. Any Additional Assurance Request must (i) be in writing, (ii) identify the location for which the Utility Services are provided, (iii) summarize the Debtors' payment history relevant to the affected account(s), including any security deposits, and (iv) explain why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

   c. Upon the Debtors' receipt of any Additional Assurance Request, the Debtors shall promptly negotiate with such Utility Company to resolve such Utility Company's Additional Assurance Request.

   d. The Debtors may, without further order from the Court, resolve any Additional Assurance Request by mutual agreement with a Utility Company, and the Debtors may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, or other forms of

        security if the Debtors believe that such adequate assurance is reasonable, subject to the terms of any collateral or other financing orders entered by the Court.

    e.    If the Debtors and the Utility Company are not able to reach an alternative resolution within 14 days of receipt of the Additional Assurance Request, the Debtors will request a hearing before the Court at the next regularly scheduled omnibus hearing to determine the adequacy of assurances of payment with respect to a particular Utility Company (the "<u>Determination Hearing</u>") pursuant to section 366(c)(3) of the Bankruptcy Code. Pending resolution of any such Determination Hearing, the Utility Company filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

9.    The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

10.    Unless and until a Utility Company files an objection or serves an Additional Assurance Request, such Utility Company shall be: (a) deemed to have received adequate assurance of payment "satisfactory" to such Utility Company in compliance with section 366 of the Bankruptcy Code; and (b) forbidden from (i) discontinuing, altering, or refusing services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, the commencement of these chapter 11 cases, or any perceived inadequacy of the Proposed Adequate Assurance, and (ii) requiring additional assurance of payment other than the Proposed Adequate Assurance.

11.    The Debtors are authorized, following the giving of two weeks' notice to the affected Utility Company, and the Debtors having received no objection from any such Utility Company, to add or remove any Utility Company from the Utility Services List, and the Debtors shall add to or subtract from the Adequate Assurance Deposit an amount equal to one half of the Debtors' average monthly cost for each subsequently added or removed Utility Company as soon

as practicable.  If an objection is received, the Debtors shall request a hearing before this Court at the next omnibus hearing date, or such other date that the Debtors and the Utility Company may agree.  The Debtors shall not deduct from the Adequate Assurance Deposit the amount set aside for any Utility Company that the Debtors seek to terminate or delete from the Utility Service List unless and until the two week notice period has passed and the Debtors have not received any objection to termination or deletion from such Utility Company, or until any such objection has been resolved consensually or by order of the Court.  For Utility Companies that are added to the Utility Services List, the Debtors will cause a copy of this Order, including the Adequate Assurance Procedures, to be served on such subsequently added Utility Company.  Any Utility Company subsequently added to the Utility Services List shall be bound by the Adequate Assurance Procedures.  In addition, the Debtors will provide an Adequate Assurance Deposit in an amount equal to 50 percent of the Debtors' average monthly utility consumption over the course of 12 months for any Utility Company added to the Utility Services List as set forth herein.

12. The Adequate Protection Procedures set forth herein are for all Utility Companies providing Utility Services to the Debtors and are not limited to those parties or entities listed on the Utility Services List.

13. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any prepetition agreement,

contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

14. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

15. Notwithstanding the relief granted in this Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to the orders authorizing use of cash collateral.

16. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

17. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

18. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

19. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

20. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**SIGNED: May 13, 2016.**

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE