**Exhibit 1 to Interim Order**

**Procedures**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>                         Debtor.<br><br>Tax I.D. No. 94-3234914<br><br>In re:<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                         Debtor.<br><br>Tax I.D. No. 94-0742640 | Case Nos.   19-_____(___)<br>                  19-_____(___)<br><br>Chapter 11<br><br>**NOTICES, RESTRICTIONS, AND OTHER PROCEDURES REGARDING OWNERSHIP AND ACQUISITIONS OF STOCK OF THE DEBTORS**<br><br>Date:<br>Time:<br>Place: |

**TO ALL PERSONS (INCLUDING ENTITIES) THAT OWN STOCK OF THE DEBTORS:**

      Pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Stock of, and Claims Against, the Debtors* (the "**Interim Order**") entered by the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") on _____, 2019, Docket No. ____, the following restrictions, notification requirements, and/or other procedures (collectively, the "**Procedures**") apply to all trading and transfers of stock of the Debtors.[1]

**A.**     **PG&E Stock Restrictions**

    (1)     <u>Definitions</u>. For purposes of these Procedures, the following terms have the following meanings:

        (a)     "**PG&E Corp.**" shall mean PG&E Corporation.

        (b)     "**Utility**" shall mean Pacific Gas and Electric Company.

---

[1] Capitalized terms used but not defined herein (in particular, see definitions in paragraphs A(1) below) shall have the meanings ascribed to them in the Interim Order.

(c) **"Common Stock"** shall mean common stock issued by PG&E Corp.

(d) **"Preferred Stock"** shall mean preferred stock issued by Utility.

(e) **"Option"** shall mean any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable.

(f) **"PG&E Stock"** shall mean, collectively, Common Stock and Preferred Stock. For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire PG&E Stock may be treated as the owner of such PG&E Stock.

(g) **"Beneficial ownership"** of PG&E Stock and Options to acquire PG&E Stock shall be determined in accordance with section 382 of the title 26 of the United States Code (the "**Tax Code**"), the regulations promulgated by the U.S. Department of Treasury under the Tax Code (the "**Treasury Regulations**"), and rulings issued by the Internal Revenue Service (the "**IRS**"), and as described herein, and, thus, to the extent provided in those sources, from time to time shall include, without limitation, (i) direct and indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity), e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries, (ii) ownership by a holder's family members, (iii) ownership by any Entity, and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire PG&E Stock.

(h) **"Acquiring Group"** shall mean any group of persons (including any Entity) that has a plan or arrangement to acquire beneficial ownership of the stock of more than one Debtor within the meaning of Treasury Regulations section 1.1502-92(c)(3)(i).

(i) **"Entity"** shall mean any "entity" as such term is defined in Treasury Regulations section 1.382-3(a), including any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of PG&E Stock.

(j) **"Substantial Stockholder"** shall mean any person (including any Entity) or Acquiring Group that beneficially owns at least 24.6 million shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock).

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

(2) <u>Notice of Substantial Ownership</u>.  Any person (including any Entity) or Acquiring Group that beneficially owns, at any time on or after the Petition Date, PG&E Stock in an amount sufficient to qualify such person or Acquiring Group as a Substantial Stockholder shall serve upon (a) PG&E Corporation, 77 Beale Street, P.O. Box 770000 San Francisco, California 94177 (Attn: Chris Foster); (b) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq.; Jessica Liou, Esq.; Matthew Goren, Esq.; Kevin Bostel, Esq.), as proposed counsel to the Debtors; and (c) counsel to any statutory committees appointed in the Chapter 11 Cases (each an "**Official Committee**") (collectively, together with the Debtors, the "**Disclosure Parties**") a notice of such person's or Acquiring Group's substantial ownership (a "**Substantial Stock Ownership Notice**"), in substantially the form annexed to the Interim Order as <u>**Exhibit 2**</u>, which describes specifically and in detail such person's or Acquiring Group's ownership of PG&E Stock, on or before the date that is the later of (x) twenty (20) calendar days (the "**Initial Notice Due Date**") after the entry of the order granting the requested relief or (y) ten (10) business days after such person or Acquiring Group qualifies as a Substantial Stockholder.

(3) <u>Acquisition of PG&E Stock</u>.  At least fifteen (15) business days (or, if the Initial Notice Due Date has not passed at the time of the filing of the Acquisition Notice (defined below), at least twenty (20) business days) prior to the proposed date of any transfer of PG&E Stock or exercise of any Option to acquire PG&E Stock that would result in an increase in the amount of PG&E Stock beneficially owned by any person (including any Entity) or Acquiring Group that currently is or, as a result of the proposed acquisition transaction, would be a Substantial Stockholder (a "**Proposed Acquisition Transaction**"), such person, Acquiring Group or Substantial Stockholder (a "**Proposed Transferee**") shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such Proposed Transferee's intent to purchase, acquire, or otherwise accumulate PG&E Stock (an "**Acquisition Notice**"), in substantially the form annexed to the Interim Order as <u>**Exhibit 3**</u>, which describes specifically and in detail the Proposed Acquisition Transaction.  At the election of the filing person or Acquiring Group, the Acquisition Notice to be filed with the Bankruptcy Court (but not the Acquisition Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for any Official Committee) may be redacted to exclude the taxpayer identification number and the

amount of PG&E Stock beneficially owned. In connection with any inquiries by counsel ("**Transferee Counsel**") on behalf of a Proposed Transferee regarding a proposed acquisition of PG&E Stock (whether or not an Acquisition Notice has been or will be filed), in the event that non-public information is or may be provided to such counsel by the Debtor or its counsel, Transferee Counsel (i) shall keep such information strictly confidential and shall not disclose such information or any part thereof to any person (including the Proposed Transferee), except to the extent otherwise required by law, and (ii) shall acknowledge in writing to the Debtors its obligation to comply with clause (i).

(4) Objection Procedures. The Debtors and any Official Committee shall have ten (10) business days (or, if the Initial Notice Due Date has not passed at the time of the filing of the Acquisition Notice, fifteen (15) business days) after the filing of an Acquisition Notice (the "**Objection Period**") to file with the Bankruptcy Court and serve on a Proposed Transferee, an objection (each, an "**Objection**") to any Proposed Acquisition described in such Acquisition Notice. If the Debtors or any Official Committee files an Objection by the expiration of the Objection Period (the "**Objection Deadline**"), then the applicable Proposed Acquisition Transaction shall not be effective unless approved by a final and nonappealable order of the Bankruptcy Court. If neither the Debtors nor any Official Committee file an Objection by the Objection Deadline or if the Debtors and any and all Official Committees provide written authorization to the Proposed Transferee approving the Proposed Acquisition Transaction prior to the Objection Deadline, then such Proposed Acquisition Transaction may proceed solely as specifically described in the applicable Acquisition Notice. Any further Proposed Acquisition Transaction must be the subject of an additional Acquisition Notice and Objection Period.

(5) Confidential Information. Other than in connection with any filing with, or audit or other investigation by, the IRS or other taxing authority, the Disclosure Parties shall not share the information in any Substantial Stock Ownership Notice (or in any other notice provided for in these Procedures) with any other person, except (i) to the extent necessary to respond to a notice or other filing with a court of competent jurisdiction in furtherance of the Interim Order (including filing an Objection) or to enforce the Interim Order, (ii) to the extent otherwise required by law or (iii) to the extent that the information contained therein is already public; *provided*, *however*, that the Debtors

may disclose the contents thereof to its counsel and professional financial advisors, and counsel to and the professional financial advisors of any Official Committee, and of any other person(s) that are subject to a nondisclosure agreement with the Debtors, each of whom shall keep all confidential information strictly confidential and shall not disclose the contents thereof to any other person, subject to an order of the Bankruptcy Court and except in the circumstances described in clauses (i) and (ii).

B. **Noncompliance with the Procedures**

Any transfer of PG&E Stock in violation of these Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code. Furthermore, any person (including any Entity) or Acquiring Group that acquires PG&E Stock in violation of these Procedures shall be subject to sanctions as provided by law.

C. **Debtors' Right to Waive**

**The Debtors may waive, in writing, any and all restrictions, stays, and notification Procedures contained in this Notice.**

Dated: San Francisco, California                     **BY ORDER OF THE COURT**

_____, 2019

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119