

Signed and Filed: January 31, 2019

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>     - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY**,<br><br>Debtors.<br><br>☐  Affects PG& Corporation<br>☐  Affects Pacific Gas and Electric Company<br>☐  Affects both Debtors<br><br>* *ALL PAPERS SHALL BE FILED IN THE LEAD CASE, NO. 19-30088 (DM).* | Case Nos.   19 - 30088 (DM)<br>            19 - 30089 (DM)<br><br>Chapter 11<br><br>**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), AND 503(b) AND FED. R. BANKR. P. 6003 AND 6004 (I) AUTHORIZING THE DEBTORS TO PAY PREPETITION OBLIGATIONS OWED TO SHIPPERS, WAREHOUSEMEN, AND OTHER LIEN CLAIMANTS, AND (II) GRANTING ADMINISTRATIVE EXPENSE PRIORITY STATUS FOR CLAIMS ARISING FROM GOODS DELIVERED TO THE DEBTORS POSTPETITION** |

INTERIM ORDER TO PAY SHIPPERS, WAREHOUSEMEN, AND OTHER LIEN CLAIMANTS

Upon the Motion, dated January 29, 2019 (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105(a), 363(b), and 503(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (i) for interim and final authority to pay the prepetition claims (the "**Lien Claims**") of certain third-party shippers, warehousemen, vendors, and other service providers or contractors that may be permitted to assert statutory or possessory liens against the Debtors' property and equipment if the Debtors fail to pay the prepetition amounts owed to those parties for their various goods and services (collectively, the "**Lien Claimants**"), and (ii) granting administrative priority status to all undisputed obligations of the Debtors owing to third-party vendors and suppliers arising from the postpetition delivery of goods ordered prior to the Petition Date and authorizing the Debtors to pay such obligations in the ordinary course of business, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on an interim basis, as provided herein.

2. The Debtors are authorized, but not directed, pursuant to sections 363(b) and 105(a) of the Bankruptcy Code, to satisfy prepetition Lien Claims in the ordinary course of business, upon such terms and in the manner provided in this Interim Order and the Motion; *provided, however*, that the prepetition amounts authorized to be paid pursuant to this paragraph shall not exceed $25,800,000 pending entry of a final order on the Motion.

3. The Debtors are authorized, but not directed, to pay Lien Claimants, regardless of whether their Lien Claims arose prior to or after the Petition Date; *provided, however*, that no such payment shall be deemed to be a waiver of rights regarding the extent, validity, perfection, or possible avoidance of any such liens.

4. For any payments made to Lien Claimants, the Lien Claimants receiving the payments shall take whatever action is necessary to remove such liens, if any, at such Lien Claimant's sole cost and expense.

5. All undisputed obligations of the Debtors arising from the postpetition delivery or shipment of goods by Vendors to the Debtors' facilities under the Prepetition Orders are granted administrative expense priority status pursuant to section 503(b)(1)(A) of the Bankruptcy Code, and the Debtors are authorized to pay such obligations in the ordinary course of business consistent with the Debtors' customary practices in effect prior to the Petition Date.

6. The Debtors shall maintain a matrix summarizing (i) the name of each Lien Claimant paid on account of Lien Claims, (ii) the amount paid to each Lien Claimant on account of its Lien Claim, and (iii) the goods or services provided by such Lien Claimant. This matrix shall be provided, upon request, to the Office of the United States Trustee and the professionals retained by any official committee appointed in the Chapter 11 Cases; *provided*, that the professionals for any such committee shall keep the matrix confidential and shall not disclose any of the information in the matrix to anyone, including any member of such committee, without prior written consent of the Debtors.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

7. Banks and financial institutions are authorized, but not directed, at the Debtors' request, to receive, process, honor and pay, to the extent of funds on deposit, any and all checks issued or to be issued or electronic funds transfers requested or to be requested by the Debtors relating to the Lien Claims and the Prepetition Orders.

8. The Debtors are authorized, but not directed, to issue new postpetition checks or effect new electronic funds transfers on account of the Lien Claims and the Prepetition Orders to replace any prepetition checks or electronic funds transfer requests that may be lost, dishonored, or rejected as a result of the commencement of the Chapter 11 Cases.

9. Nothing contained in this Interim Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any lien or claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise any payment made pursuant to this Interim Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

10. Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

11. The requirements for immediate entry of this Interim Order pursuant to Bankruptcy Rule 6003(b) have been satisfied.

12. The requirements of Bankruptcy Rules 4001(d) and 6004(a) are waived.

13. Notwithstanding the provisions of Bankruptcy Rules 4001(a)(2) and 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all steps necessary or appropriate to carry out this Interim Order.

15. A final hearing to consider the relief requested in the Motion shall be held on February 27, 2019 at 9:30 a.m. (Prevailing Pacific Time) and any objections or responses to the Motion shall be filed and served so as to be actually received on or prior to February 20, 2019 at 4:00 p.m. (Prevailing Pacific Time).

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

16. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

** END OF ORDER **

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119