Richard A. Lapping (SBN: 107496)
Trodella & Lapping LLP
540 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 399-1015
Facsimile: (415) 651-9004
Rich@TrodellaLapping.com

Attorneys for Valero Refining Company-California

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>     -and-<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>                    Debtors.<br><br>☐ Affects PG&E Corporation<br>■ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No.: 19-30088-DM<br><br>Chapter 11<br><br>**MOTION FOR RELIEF FROM STAY BY VALERO REFINING COMPANY-CALIFORNIA**<br><br>Date: February 26, 2019<br>Time: 9:30 a.m.<br>Place: Courtroom 17<br>     450 Golden Gate Avenue, 16th Floor<br>     San Francisco, California<br>Judge: Hon. Dennis Montali |

TABLE OF CONTENTS

I. Introduction and Summary of the Facts ................................................................... 4

II. Argument ..................................................................................................................... 5

    A. Legal Standard ..................................................................................................... 5

    B. Application of the *Curtis* Factors ...................................................................... 6

        1. Whether the relief will result in a partial or complete resolution of the issues ........................................................................................................... 6

        2. The lack of any connection with or interference with the bankruptcy case ............................................................................................................ 7

        3. Whether the foreign proceeding involves the debtor as a fiduciary ................ 8

        4. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases ........................................................................................... 8

        5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation .................................................... 8

        6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question ...................................................................................................... 10

        7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditor's committee and other interested parties ........ 11

        8. Whether the judgment claim arising from the foreign action is subject to equitable subordination ......................................................................... 11

        9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f) ............................ 11

        10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties ..................................................... 11

        11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial ................................................................... 12

        12. The impact of the stay and the balance of hurt ............................................. 13

III. Conclusion ................................................................................................................ 14

TABLE OF AUTHORITIES

**Cases**

*Am. Safety Indem. Co. v. Vanderveer Estates Holding, LLC (In re Vanderveer Estates Holding, LLC)*, 328 B.R. 18, 25 (Bankr. E.D.N.Y. 2005) ...................................................... 10

*Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990) ................................................................................................................. 5, 11

*Class Five Nev. Claimants v. Dow Corning Corp. (In re Dow Corning Corp.)*, 280 F.3d 648 (6th Cir. 2002) ................................................................................................................. 11

*Groshong v. Sapp (In re MILA, Inc.)*, 423 B.R. 537, 543 (9th Cir. BAP 2010) ................................. 10

*In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984) ..................................................................... 5

*In re Howrey,* 492 B.R. 19, 24 (Bankr. N.D. Cal. 2013); ............................................................ 6

*In re Kronemyer*, 405 B.R. 915, 921 (9th Cir. BAP 2009) ......................................................... 6

*In re Pac. Gas & Elec. Co.*, 279 B.R. 561 571 (Bankr. N.D. Cal. 2002) ........................................ 7

*In re Roger*, 539 B.R. 837, 844-45 (C.D. Cal. 2015 ................................................................. 6

*Kane v. Johns-Manville Corp.*, 843 F.2d 636 (2d Cir. 1988) ..................................................... 11

*Phillips v. Noetic Specialty Ins. Co.*, 919 F. Supp. 2d 1089, 1099 (S.D. Cal. 2013) ....................... 9

*Quintrall v. Nunes (In re Quintrall)*, 2007 Bankr. LEXIS 4831, *10-*11 (9th Cir. BAP July 5, 2007) .................................................................................................................................. 12

*Santa Clara Cty. Fair Ass'n v. Sanders (In re Santa Clara Cty. Fair Ass'n)*, 180 B.R. 564, 566-67 (9th Cir. BAP 1995) .......................................................................................... 7, 13

*Truebro, Inc. v. Plumberex Specialties Products, Inc. (In re Plumberex Specialties Products, Inc.)*, 311 B.R. 551, 559 (Bankr. C.D. Cal. 2004) ............................................................. 6

**Statutes**

11 U.S.C. § 362(d)(1) ................................................................................................................. 4

3

TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Creditor Valero Refining Company-California ("Valero") hereby moves this Court for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) (the "Motion"), to allow the completion of pretrial proceedings, trial, post-trial motions and any appellate proceedings in or in connection with VALERO REFINING COMPANY-CALIFORNIA, a Delaware corporation v. PACIFIC GAS & ELECTRIC COMPANY, a California corporation, pending as Case No. 2:17-cv-01350-TLN-EFB in United States District Court for the Eastern District of California before the Honorable Troy L. Nunley, United States District Judge (the "District Court Action").

Valero does not seek relief from the stay to pursue any enforcement of any judgment it may obtain in the District Court Action.

This Motion is based on the accompanying Declaration and Request for Judicial Notice of John Cox ("Cox Decl."), the points and authorities set forth below, and on such other and further evidence and matters that the Court may consider at the hearing of the Motion.

## I. Introduction and Summary of the Facts

As alleged in First Amended Complaint, the District Court Action arises out of an incident on May 5, 2017 in which PG&E breached its duties, contractual and otherwise, resulting in a complete power outage to Valero's Benicia refinery ("The Refinery"). (Cox Decl., Ex. 1.) The loss of power caused an emergency shutdown of the Refinery, an extended period of flaring and significant damage to the complex Refinery equipment. (*Id*.) The Refinery remained out of service for an extended period of time depriving Valero of revenues and causing fuel supply disruptions in Northern California. (*Id*.) Valero alleges and has developed evidence of damages in excess of Seventy-Five Million Dollars ($75,000,000). (*Id*.) Additionally, Valero had filed a motion in the District Court Action to amend its complaint to allege punitive damages, which had been briefed and taken under consideration by the District Court at the time of PG&E commenced this case. (Cox Decl., Ex. 2.)

The District Court Action was commenced on June 30, 2017. (Cox Decl., Ex. 2.) PG&E filed its answer and demand for jury trial on October 23, 2017. (*Id*.) There are no counterclaims or crossclaims against third parties. (*Id*.) On October 26, 2017, the District Court issued a pre-trial

4

1 scheduling order, modified by stipulations on November 14, 2017 and June 18, 2018, that provided, among other things, a close of fact discovery by August 24, 2018, designations of expert witnesses by October 19, 2018, supplemental expert disclosures by November 16, 2018, and setting the deadline for dispositive motions to be heard by February 7, 2019, and setting the jury trial for June 3, 2019. (*Id.*)

All fact discovery, including 19 depositions, has been completed, and all expert depositions (seven in all) except one (the eighth) have been taken. (Cox Decl., ¶6.) On January 10, 2019, PG&E filed a Motion for Partial Summary Judgment, on January 22, 2019, Valero filed its opposition to PG&E's motion. (Cox Decl., Ex. 2.) On January 31 2019, following notice of this bankruptcy case, the District Court issued a minute order that the case be administratively closed but that it may be reopened at the request of the parties. (*Id.*)

The facts and legal issues in the District Court Action are complex and vigorously disputed. (Cox Decl., ¶7.)

## II. Argument

### A. Legal Standard

A party may move for relief from automatic stay under 11 U.S.C. § 362, which provides that a bankruptcy court shall grant relief from the stay upon a showing of cause. 11 U.S.C. § 362(d)(1). Cause is determined on a case-by-case basis. *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990) (citation omitted). In determining whether cause exists to permit an action to proceed in a nonbankruptcy forum, courts often analyze the twelve factors set forth in *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984). These factors, known as the *Curtis* factors, are:

1. Whether the relief will result in a partial or complete resolution of the issues;
2. The lack of any connection with or interference with the bankruptcy case;
3. Whether the foreign proceeding involves the debtor as a fiduciary;
4. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;

5

5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditor's committee and other interested parties;

8. Whether the judgment claim arising from the foreign action is subject to equitable subordination;

9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties;

11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and

12. The impact of the stay and the balance of hurt.

*Curtis*, 40 B.R. at 799–800 (internal citations omitted); see also *In re Roger*, 539 B.R. 837, 844-45 (C.D. Cal. 2015); *In re Howrey,* 492 B.R. 19, 24 (Bankr. N.D. Cal. 2013); *Truebro, Inc. v. Plumberex Specialties Products, Inc. (In re Plumberex Specialties Products, Inc.)*, 311 B.R. 551, 559 (Bankr. C.D. Cal. 2004). The Ninth Circuit has recognized that "the *Curtis* factors are appropriate, nonexclusive, factors to consider in deciding whether to grant relief from the automatic stay to allow pending litigation to continue in another forum." *In re Kronemyer*, 405 B.R. 915, 921 (9th Cir. BAP 2009). While the Curtis factors are widely used to determine the existence of cause, not all of the factors are relevant in every case, nor is a court required to give each factor equal weight. *Plumberex*, 311 B.R. at 560. "The most important factor in determining whether to grant relief from the automatic stay to permit litigation against the debtor in another forum is the effect of such litigation on the administration of the estate." *Roger*, 539 B.R. at 846, citing *Curtis*, 40 B.R. at 806.

### B. Application of the *Curtis* Factors

#### 1. Whether the relief will result in a partial or complete resolution of the issues

In the context of this bankruptcy case, Valero has a potential claim that is contingent, unliquidated and disputed by PG&E. If Valero filed a proof of claim in this case based on its claims and damages in the District Court Action, at some point in the future, PG&E would no doubt object

to such a claim, requiring resolution of all the fact and legal issues presently before the District Court. Further, PG&E must address any Valero claim in its reorganization plan, and if an objection is made and not resolved, the issue of voting by Valero would need to be addressed. Relief from stay as requested by Valero completely resolves these issues.

This factor favors relief from stay.

### 2. The lack of any connection with or interference with the bankruptcy case

As noted above, interference with the bankruptcy case is the most important factor. *Roger*, 539 B.R. at 846. Here, resolution of the District Court Action will not interfere with the bankruptcy case. The District Court Action did not cause this bankruptcy and will not be a significant matter in the bankruptcy case. *See In re Pac. Gas & Elec. Co.*, 279 B.R. 561 571 (Bankr. N.D. Cal. 2002). (analyzing abstention factors). PG&E has a separate litigation firm, Steptoe & Johnson LLP, at hand and fully prepared to try the case. Its expert witnesses are fully briefed and ready to testify. This litigation will not be a distraction to PG&E's reorganization professionals, who have not been and will not need to be involved.

PG&E will need to commit resources to resolve this dispute at some point. Doing so now, while everything is fresh in the minds of all counsel and witnesses, will undoubtedly cost less than indefinite delay followed by duplicative efforts to reconstruct evidence and preparation down the road. Other than the relatively modest expense of concluding the litigation, there is no interference with the chapter 11 case. And, the litigation expense itself is "irrelevant to this *Curtis* factor" and has been repeatedly held to be legally impermissible as a basis for denying stay relief. *Roger*, 40 B.R. at 847, 848, citing and quoting *Santa Clara Cty. Fair Ass'n v. Sanders (In re Santa Clara Cty. Fair Ass'n)*, 180 B.R. 564, 566-67 (9th Cir. BAP 1995) ("Ordinarily, litigation costs to a bankruptcy estate do not compel a court to deny stay relief"). In *Roger*, the district court reversed a bankruptcy court decision denying relief from stay on, among other grounds, "the lack of any evidence regarding the costs of litigating the State Court Action versus the Roger Bankruptcy . . ." 40 B.R. at 851.

Equally impermissible as a factor is any consideration of whether PG&E might hope in vain to obtain a more favorable outcome in bankruptcy court. As observed by the district court in *Roger*,

7

> To the extent the Bankruptcy Court's decision rested on such an assumption, the Bankruptcy Court committed legal error. *See Tucson Estates,* 912 F.2d at 1167 ("An underlying assumption made by the bankruptcy court was that its decision on this issue and the misappropriation damages claim might be different from the state court's. Yet state law governs both issues, so both courts should reach the same result.").

Roger, 40 B.R. at 848, n. 5.

This factor supports granting relief from the stay.

**3. Whether the foreign proceeding involves the debtor as a fiduciary**

This factor is not applicable.

**4. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases**

Although the District Court is not a specialized tribunal in a strict sense, that court has direct and detailed knowledge of the issues after having presided over the litigation for eighteen months. This factor leans toward granting relief from the stay.

**5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation**

Based on its review of PG&E's insurance policies obtained in discovery, Valero understands that PG&E has liability insurance coverage for some or all of the claims asserted in the District Court Action, up to a per-occurrence limit well over ███████, and subject to an aggregate ███████████████████████████████ ("SIR"). The policies provide for coverage of all sums that PG&E becomes ██████████████████████████████████████ They also provide that the defense costs reduce or exhaust limits, including an underlying aggregate limit such as the SIR. Thus, they are "wasting" policies.

The applicable insurers are ████████████████████████████████████████ ████████████████████████████████████ (Cox Decl., Exhibits 3 and 4.) The applicable insurance policies (the "Policies") are claims-made policies with a coverage period, as applicable to

8

the Valero refinery incident, from ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. As such, the Policies are not, to Valero's knowledge, subject to claims from the Northern California wildfires that occurred in October 2017. Valero has no knowledge as to what other claims against PG&E may be covered by the Policies. Nor does Valero have knowledge of the extent to which the SIR underlying the Policies has been satisfied by payment of defense costs or indemnity by PG&E.

Regardless of whether PG&E has not or never does satisfy payment of the SIR amount, the Policies will provide coverage for Valero's claims to the extent the damages exceed the SIR amount. The ▓▓▓ Policy contains an ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ condition (to which ▓▓▓ also follows form), which provides in its entirety as follows:

> ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

(Cox. Decl., Exhibit 3, p. 14, Condition M.) In addition, the ▓▓▓ Policy contains a Bankruptcy or Insolvency condition (to which ▓▓▓ also follows form) which provides: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Cox. Decl., Exhibit 3, p. 13, Condition G.)

Courts have repeatedly held that under California law, as well as in the application of similar insurance provisions, that "payment of the SIR is not a condition precedent to coverage under the terms of Defendant's policy." *Phillips v. Noetic Specialty Ins. Co.*, 919 F. Supp. 2d 1089, 1099

9

Trodella & Lapping LLP
540 Pacific Avenue
San Francisco, CA 94133

(S.D. Cal. 2013). The policy in *Phillips* had a provision, similar to the above term, that provided that the insolvency of the insured would not relieve the insurer of its obligations under the policy. *Id*. at 1098. Adopting a contrary interpretation would "conflict with public policy as reflected by California's direct action statute." *Id*. at 1099. Further, the court noted:

> Other courts have recognized that even without a direction [sic] action statute, a SIR requirement may be void as a matter of public policy if non-compliance by the insured voided coverage of existing claims. *Gulf Underwriters Ins. Co. v. Burris*, 674 F.3d 999, 1005 (8th Cir. 2012), *reh'g denied* (May 3, 2012). *See also Rosciti v. Ins. Co. of Pennsylvania*, 659 F.3d 92, 99 (1st Cir. 2011).

*Id*. at n. 5. *See also Am. Safety Indem. Co. v. Vanderveer Estates Holding, LLC (In re Vanderveer Estates Holding, LLC)*, 328 B.R. 18, 25 (Bankr. E.D.N.Y. 2005) (applying similar Illinois law to the same effect).

In addition, to the extent that the Policies cover Valero's damages, once determined in the District Court Action, then the insurance proceeds should be paid to Valero independent of any bankruptcy distributions, barring other considerations. Although it remains unsettled whether liability insurance proceeds are property of the estate, *Groshong v. Sapp (In re MILA, Inc.)*, 423 B.R. 537, 543 (9th Cir. BAP 2010), their potential availability (in that case, for defense of directors and officers) at a minimum points towards granting relief from stay. *Id*. at 545.

To be sure, determination of whether available insurance proceeds from the Policies are sufficient to cover and pay all eligible claims must be made by the bankruptcy court. But in the meantime, if PG&E should exhaust its SIR by payment of defense costs in this or other litigations, it will then have insurance coverage for its defense costs in the District Court Action.

This factor favors relief from stay.

**6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question**

This factor is not applicable.

**7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditor's committee and other interested parties**

The District Court Action is a two-party dispute between Valero and PG&E. Resolution of the dispute will result in the liquidation of Valero's claim; and will remove the contingent and disputed designations, if any, of the claim. As noted above, the potential for insurance coverage of all or part of the liability on the claim further removes this dispute outside the spheres of interest of other parties. Only in the unlikely event that multiple claims exceeding the coverage limits are made against PG&E's insurance coverage for the year applicable to the Valero incident will any other party potentially be affected by Valero's claim. But that would be true no matter what forum determines liability and damages and is no reason not to have the claim liquidated. Bankruptcy courts have capably addressed insurance shortfalls in numerous cases. *See, e.g., Class Five Nev. Claimants v. Dow Corning Corp. (In re Dow Corning Corp.)*, 280 F.3d 648 (6th Cir. 2002); *Kane v. Johns-Manville Corp.*, 843 F.2d 636 (2d Cir. 1988).

This factor favors relief from stay.

**8. Whether the judgment claim arising from the foreign action is subject to equitable subordination**

This factor is not applicable.

**9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f)**

This factor is not applicable.

**10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties**

*Curtis* Factors 10, 11 and 12 invoke reasoning similar to that applied in bankruptcy cases in connection with abstention. "Where a bankruptcy court may abstain from deciding issues in favor of an imminent state court trial involving the same issues, cause may exist for lifting the stay as to the state court trial." *In re Tucson Estates, Inc.*, 912 F.2d at 1166.

Judicial economy would be well served by granting relief from stay. The District Court Action involves issues of state law, not bankruptcy issues. The case is complex and difficult due to

11

the highly technical electrical engineering and refinery operations evidence and testimony expected regarding the responsibility for the outage that occurred on May 5, 2017. (Cox Decl., ¶ 7.) But most important, the burden on the bankruptcy docket to take on this dispute would be too great at a time when the court is addressing myriad bankruptcy issues resulting from the largest utility in the United States commencing a chapter 11 case.

> [T]he legislative history of section 362(a) indicates that judicial economy provides sufficient cause to lift the stay to permit the prosecution of actions pending elsewhere against a debtor:
>
> > <u>[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result</u>, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.
>
> Santa Clara County Fair, 180 B.R. at 566, citing H.R. Rep. No. 95-595, at 341 (1977); S. Rep. No. 95-989, at 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5836 (emphasis added).

*Quintrall v. Nunes (In re Quintrall)*, 2007 Bankr. LEXIS 4831, \*10-\*11 (9th Cir. BAP July 5, 2007).

Here, there is no prejudice to the bankruptcy estate, only advantage. This factor favors relief from stay.

### 11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial

This is exactly the situation in the District Court Action on the date the petition was filed. Fact discovery had closed; expert discovery had closed except for a single remaining deposition. Dispositive motions have been filed and briefed, except for a reply memorandum on PG&E's motion for partial summary judgment. The final pretrial conference was scheduled for April 4, 2019. Trial was set for June 3, 2019.

This factor favors relief from stay.

12

## 12. The impact of the stay and the balance of hurt

Valero will be prejudiced by delay in presenting this complex case if relief from stay is not granted. As the Bankruptcy Appellate Panel observed:

> Additionally, the court reasoned that [plaintiff] could be prejudiced by delay in the manner that all plaintiffs are prejudiced by failing memories and the like, and that the [debtor] would not be greatly prejudiced by granting [plaintiff] relief since it would have to defend itself in either forum.

*In re Santa Clara Cty. Fair Ass'n*, 180 B.R. at 566. Likewise, the costs associated with a pencils down freeze and a later revival at some indefinite point in the future will undoubtedly result in duplication of efforts and increase Valero's overall litigation costs. On the contrary, proceeding to trial now will not increase the litigation costs to PG&E. As the Bankruptcy Appellate Panel further observed:

> The [debtor] does not argue that resolution of [plaintiff's] claim in the bankruptcy court would be less taxing on the estate than defense in the district court forum, but rather that it will be costly to the estate in either forum. On this basis, the Association's argument amounts to a request for delay, which may have some merit, but falls far short of balancing the considerations used by the court in properly exercising its discretion.

*Id*. at 567. The impact of the stay, without relief, prejudices Valero. The balance of the hurt clearly favors Valero's motion to lift the stay.

/////
/////
/////
/////
/////
/////

## III. Conclusion

There is nothing to be gained, and much to be lost, by delaying determination of the issues in this litigation before the District Court. The relevant *Curtis* factors all point to relief from stay. Based on all of the foregoing, the Court should grant the Motion.

Dated: February 5, 2019                    TRODELLA & LAPPING LLP

By:    /s/ Richard A. Lapping
        Richard A. Lapping
        Attorneys for Valero Refining Company-California