WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>     **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 331 AND 105(a) AND FED. R. BANKR. P. 2016 FOR AUTHORITY TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**<br><br>Date: February 27, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>    Courtroom 17, 16th Floor<br>    San Francisco, CA 94102 |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to sections 331 and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to establish an orderly and regular process for interim and monthly allowance and payment of compensation and reimbursement of expenses (the "**Interim Compensation Procedures**") for professionals whose services are authorized by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a).

A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in either of the Chapter 11 Cases.

The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

## III. RETENTION OF PROFESSIONALS

Given the size and complex nature of these Chapter 11 Cases, the Debtors require the assistance of a number of professionals to efficiently manage these cases to successfully and timely emerge from chapter 11. Accordingly, the Debtors have filed (or will soon file) separate applications with the Court to employ and retain a number of professionals, including, without limitation, (i) Weil, Gotshal & Manges LLP, as attorneys to represent them in the Chapter 11 Cases, (ii) Keller & Benvenutti LLP, as local counsel, (iii) Lazard Frères & Co. LLC, as investment banker, (iv) AP Services LLP, to provide a chief restructuring officer, a chief transition officer, and other

personnel, (v) Cravath, Swaine & Moore LLP, as corporate counsel, and (vi) Prime Clerk LLP, as administrative agent (collectively, the "**Debtors' Professionals**"). The Debtors may also need to retain additional professionals in connection with the administration of the Chapter 11 Cases.[1] In addition, any statutory committees (each a "**Committee**") appointed in these Chapter 11 Cases pursuant to section 1102 of the Bankruptcy Code will likely retain counsel and possibly other professionals to represent them in these Chapter 11 Cases (collectively, the "**Committee Professionals**" and, together with the Debtors' Professionals, the "**Retained Professionals**").

## IV. PROPOSED COMPENSATION AND REIMBURSEMENT PROCEDURES

The Debtors believe that establishing orderly procedures to pay the Retained Professionals will streamline the administration of the Chapter 11 Cases and otherwise promote efficiency for the Court, the Office of the United States Trustee (the "**U.S. Trustee**"), and all parties in interest. A streamlined process for serving interim and monthly fee applications and notices thereof is in the best interest of the Debtors because it will facilitate efficient review of, and enable parties to more efficiently monitor, the Retained Professionals' fees and expenses incurred in the Chapter 11 Cases while saving the Debtors unnecessary copying and mailing expenses. Accordingly, the Debtors propose that the payment of compensation and reimbursement of expenses of Retained Professionals be structured as follows:

*Monthly Fee Statements*

(a) On or after the 30th day of each calendar month, following the month for which compensation is sought, each Retained Professional seeking interim allowance of its fees and expenses may file a monthly statement, which will include the relevant time entry and description and expense detail, with the Court for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "**Monthly**

---

[1] In addition, the Debtors have filed, or will soon file, a motion pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code seeking authority to employ certain legal professionals used in the ordinary course of business (collectively, the "**Ordinary Course Professionals**"). Pursuant to the relief requested in such motion, Ordinary Course Professionals will not need to file individual retention applications and will be paid in full without interim or final fee applications, subject to monthly and annual caps on fees and expenses. Any Ordinary Course Professional seeking payment of fees exceeding the monthly cap will be required to file a fee application pursuant to the procedures set forth in the Proposed Order.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**Fee Statement**"). Retained Professionals may submit the first Monthly Fee Statement, covering the period from the Petition Date through February 28, 2019, on or after April 1, 2019.

(b) Each Retained Professional shall properly serve a copy of such Monthly Fee Statement on the following parties (collectively, the "**Notice Parties**"):

    (1) the Debtors c/o Pacific Gas & Electric Company, 77 Beale Street, San Francisco, CA 94105 (Attn: Janet Loduca, Esq.);

    (2) the proposed attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. and Rachael Foust, Esq.) and Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco, CA 94108 (Attn: Tobias S. Keller, Esq. and Jane Kim, Esq.);

    (3) the Office of the United States Trustee for Region 17, 450 Golden Gate Avenue, 5th Floor, Suite #05-0153, San Francisco, CA 94102 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); and

    (4) counsel to each of the Committees.

(c) Any Retained Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Statements will comply with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California*, dated February 19, 2014 (the "**Local Guidelines**"), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**UST Guidelines**" and, together with the Local Guidelines, collectively, the '**Fee Guidelines**").

(d) The deadline to object to any Monthly Fee Statement is 4:00 p.m. (prevailing Pacific Time) on the 20th day (or the next business day if such day is not a business day) following the date the Monthly Fee Statement is served (the "**Objection Deadline**").

(e) To object to a Retained Professional's Monthly Fee Statement, the party must (i) file a written objection on or before the Objection Deadline and (ii) serve the objection upon the affected Retained Professional and the Notice Parties on or before the Objection Deadline.

(f) Upon the expiration of the Objection Deadline, a Retained Professional may file a certificate of no objection (a "**CNO**") with the Court with respect to any fees and expenses not subject to objection. After a Retained Professional files

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

a CNO, the Debtors will pay the Retained Professional 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement that are not subject to an objection.

(g) If a portion of the fees and expenses requested in a Monthly Fee Statement is subject to an objection and the parties are unable to reach a consensual resolution, the Retained Professional may (i) request the Court approve the amounts subject to objection or (ii) forego payment of such amounts until the next hearing to consider interim or final fee applications, at which time the Court will adjudicate any unresolved objections.

*Interim Fee Applications*

(a) At four-month intervals or such other intervals convenient to the Court, Retained Professionals may file with the Court an application (an "**Interim Fee Application**") for interim approval and allowance of compensation and reimbursement of expenses sought by such Retained Professional in its Monthly Fee Statements, including any holdbacks, filed during the preceding interim period (the "**Interim Fee Period**"). The initial Interim Fee Period will include the period from the Petition Date through May 31, 2019.

(b) Retained Professionals will file their Interim Fee Applications on or before the 45th day, or the next business day if such day is not a business day, following the end of each Interim Fee Period.

(c) The Interim Fee Application will include a brief description identifying the following:

  (1) the Monthly Fee Statements that are the subject of the request;

  (2) the amount of fees and expenses requested;

  (3) the amount of fees and expenses paid to date or subject to an objection;

  (4) the deadline for parties to file objections to the Interim Fee Application ("**Additional Objections**"); and

  (5) any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, or the Fee Guidelines.

(d) Additional Objections to any Interim Fee Application will be filed and served upon the affected Retained Professional and the Notice Parties so as to be received on or before 4:00 p.m. (prevailing Pacific Time) on the 20th day (or the next business day if such day is not a business day), following service of the applicable Interim Fee Application.

(e) Each Retained Professional will properly serve its Interim Fee Application and final fee application upon the Notice Parties. Each Retained Professional

will properly serve a notice of hearing on its Interim Fee Application and final fee application on all parties that have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. No further notice shall be necessary.

(f) The Debtors may request that the Court schedule a hearing on Interim Fee Applications at least once every four months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing.

(g) A pending objection to compensation or reimbursement of any Retained Professional does not disqualify a Retained Professional from future compensation or reimbursement.

(h) Any Retained Professional that fails to file a Monthly Fee Statement or an Interim Fee Application when due or permitted will not receive further interim compensation or reimbursement until the Retained Professional submits any outstanding Monthly Fee Statements or Interim Fee Applications. There are no other penalties for failing to file a Monthly Fee Statement or Interim Fee Application.

(i) Neither (i) the payment of, or the failure to pay, in whole or in part, any interim compensation and reimbursement to a Retained Professional nor (ii) the filing of, or failure to file an objection, will bind any party in interest or the Court with respect to the final allowance of any compensation of fees for services rendered or reimbursement of expenses incurred. All fees and expenses paid to Retained Professionals under these Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

(j) No Retained Professional may serve a Monthly Fee Statement or file an Interim Fee Application until the Court enters an order approving the retention of such Professional pursuant to sections 327 or 1103 of the Bankruptcy Code.

(k) The attorneys for any Committees may, in accordance with the Interim Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of such Committee; *provided that* these reimbursement requests must comply with the Fee Guidelines.

## V. BASIS FOR RELIEF REQUESTED

Pursuant to section 331 of the Bankruptcy Code, all Retained Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every one-hundred and twenty (120) days, or more often if the Court permits. Section 331 of the Bankruptcy Code provides, in part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply

to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331. Section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. *Id.* § 105(a). Thus, the Court has ample authority to enter an order authorizing the Interim Compensation Procedures requested herein.

Courts in this Circuit have made it clear that monthly interim payments to professionals employed in large chapter 11 cases are reasonable and appropriate. *See e.g. In re Knudsen*, 84 B.R. 668, 672 (B.A.P. 9th Cir. 1988) ("[T]he Trustee ignores the problem, arising especially in large cases, that when counsel must wait an extended period for payment, counsel is essentially compelled to finance the reorganization. This result is improper and may discourage qualified practitioners from participating in bankruptcy cases; a result that is clearly contrary to Congressional intent."). In *Knudsen*, the Ninth Circuit Bankruptcy Appellant Panel identified four criteria to be applied in evaluating whether to adopt such a procedure:

1. The case is an unusually large one in which an exceptionally large amount of fees accrue each month;

2. The court is convinced that waiting an extended period for payment would place an undue hardship on counsel;

3. The court is satisfied that counsel can respond to any reassessment in one or more of the ways listed above; an

4. The fee retainer procedure is, itself, the subject of a noticed hearing prior to any payment thereunder.

*Knudsen*, supra, 84 B.R. at 672.

The size and complexity of these Chapter 11 Cases and the amount of time and effort that will be required from Retained Professionals to effectuate a successful outcome justify approval of the Interim Compensation Procedures requested herein. The proposed Interim Compensation Procedures are necessary to ensure that Retained Professionals are fairly and timely compensated for their services in these cases and are not forced to bear undue financial burden or risk caused by

delays in payment. The proposed Interim Compensation Procedures will enable the Debtors to closely monitor the costs of administration, forecast cash flows, and implement efficient cash management procedures. Absent streamlined compensation procedures, the professional fee application and review process could be exceptionally burdensome on the Debtors, the Retained Professionals, the Court, and other parties. Accordingly, the Interim Compensation Procedures should be approved.

## VI. RESERVATION OF RIGHTS

Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

## VII. NOTICE

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) the Debtors' fifty (50) largest unsecured creditors on a consolidated basis; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the Office of the California Attorney General; (vi) the California Public Utilities Commission; (vii) the Nuclear Regulatory Commission; (viii) the Federal Energy Regulatory Commission; (ix) the Office of the United States Attorney for the Northern District of California; (x) counsel for the agent under the Debtors' debtor in possession financing facilities; and (xi) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: February 6, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/ *Jane Kim*
     Jane Kim

*Proposed Attorneys for Debtors
and Debtors in Possession*

10

Case: 19-30088    Doc# 349    Filed: 02/06/19    Entered: 02/06/19 18:23:42    Page 10 of 10

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119