# Exhibit A
# [PROPOSED] Order

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)|
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**[PROPOSED] ORDER PURSUANT TO 11 U.S.C. §§ 331 AND 105(a) AND BANKRUPTCY RULE 2016 FOR AUTHORITY TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**<br><br>Date: February 27, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

DEBTORS' MOTION FOR INTERIM COMPENSATION PROCEDURES – EXHIBIT A

Upon the Motion, dated _____, 2019 (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 331 and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order establishing an orderly and regular process for interim and monthly allowance and payment of compensation and reimbursement of expenses (the "**Interim Compensation Procedures**") for professionals whose services are authorized by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a), all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted, as provided herein.

2. Except as may otherwise be provided by orders of this Court authorizing the retention of specific professionals, all Retained Professionals and members of any Committee may seek interim payment of compensation and reimbursement of expenses in accordance with the following Interim Compensation Procedures:

*Monthly Fee Statements*

(a) On or after the 30th day of each calendar month, following the month for which compensation is sought, each Retained Professional seeking interim allowance of its fees and expenses may file a monthly statement, which will include the relevant time entry and description and expense detail, with the Court for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "**Monthly Fee Statement**"). Retained Professionals may submit the first Monthly Fee Statement, covering the period from the Petition Date through February 28, 2019, on or after April 1, 2019.

(b) Each Retained Professional shall properly serve a copy of such Monthly Fee Statement on the following parties (collectively, the "**Notice Parties**"):

(1) the Debtors c/o Pacific Gas & Electric Company, 77 Beale Street, San Francisco, CA 94105 (Attn: Janet Loduca, Esq.);

(2) the proposed attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. and Rachael Foust, Esq.) and Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco, CA 94108 (Attn: Tobias S. Keller, Esq. and Jane Kim, Esq.);

(3) the Office of the United States Trustee for Region 17, 450 Golden Gate Avenue, 5th Floor, Suite #05-0153, San Francisco, CA 94102 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); and

(4) counsel to each of the Committees.

(c) Any Retained Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Statements will comply with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local

Rules, the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California*, dated February 19, 2014 (the "**Local Guidelines**"), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**UST Guidelines**" and, together with the Local Guidelines, collectively, the '**Fee Guidelines**").

(d) The deadline to object to any Monthly Fee Statement is 4:00 p.m. (prevailing Pacific Time) on the 20th day (or the next business day if such day is not a business day) following the date the Monthly Fee Statement is served (the "**Objection Deadline**").

(e) To object to a Retained Professional's Monthly Fee Statement, the party must (i) file a written objection on or before the Objection Deadline and (ii) serve the objection upon the affected Retained Professional and the Notice Parties on or before the Objection Deadline.

(f) Upon the expiration of the Objection Deadline, a Retained Professional may file a certificate of no objection (a "**CNO**") with the Court with respect to any fees and expenses not subject to objection. After a Retained Professional files a CNO, the Debtors will pay the Retained Professional 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement that are not subject to an objection.

(g) If a portion of the fees and expenses requested in a Monthly Fee Statement is subject to an objection and the parties are unable to reach a consensual resolution, the Retained Professional may (i) request the Court approve the amounts subject to objection or (ii) forego payment of such amounts until the next hearing to consider interim or final fee applications, at which time the Court will adjudicate any unresolved objections.

*Interim Fee Applications*

(a) At four-month intervals or such other intervals convenient to the Court, Retained Professionals may file with the Court an application (an "**Interim Fee Application**") for interim approval and allowance of compensation and reimbursement of expenses sought by such Retained Professional in its Monthly Fee Statements, including any holdbacks, filed during the preceding interim period (the "**Interim Fee Period**"). The initial Interim Fee Period will include the period from the Petition Date through May 31, 2019.

(b) Retained Professionals will file their Interim Fee Applications on or before the 45th day, or the next business day if such day is not a business day, following the end of each Interim Fee Period.

(c) The Interim Fee Application will include a brief description identifying the following:

    (1) the Monthly Fee Statements that are the subject of the request;

(2) the amount of fees and expenses requested;

(3) the amount of fees and expenses paid to date or subject to an objection;

(4) the deadline for parties to file objections to the Interim Fee Application ("**Additional Objections**"); and

(5) any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, or the Fee Guidelines.

(d) Additional Objections to any Interim Fee Application will be filed and served upon the affected Retained Professional and the Notice Parties so as to be received on or before 4:00 p.m. (prevailing Pacific Time) on the 20th day (or the next business day if such day is not a business day), following service of the applicable Interim Fee Application.

(e) Each Retained Professional will properly serve its Interim Fee Application and final fee application upon the Notice Parties. Each Retained Professional will properly serve a notice of hearing on its Interim Fee Application and final fee application on all parties that have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. No further notice shall be necessary.

(f) The Debtors may request that the Court schedule a hearing on Interim Fee Applications at least once every four months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing.

(g) A pending objection to compensation or reimbursement of any Retained Professional does not disqualify a Retained Professional from future compensation or reimbursement.

(h) Any Retained Professional that fails to file a Monthly Fee Statement or an Interim Fee Application when due or permitted will not receive further interim compensation or reimbursement until the Retained Professional submits any outstanding Monthly Fee Statements or Interim Fee Applications. There are no other penalties for failing to file a Monthly Fee Statement or Interim Fee Application.

(i) Neither (i) the payment of, or the failure to pay, in whole or in part, any interim compensation and reimbursement to a Retained Professional nor (ii) the filing of, or failure to file an objection, will bind any party in interest or the Court with respect to the final allowance of any compensation of fees for services rendered or reimbursement of expenses incurred. All fees and expenses paid to Retained Professionals under these Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

(j) No Retained Professional may serve a Monthly Fee Statement or file an Interim Fee Application until the Court enters an order approving the retention of such Professional pursuant to sections 327 or 1103 of the Bankruptcy Code.

(a) The attorneys for any Committees may, in accordance with the Interim Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of such Committee; *provided that* these reimbursement requests must comply with the Fee Guidelines.

3. The Debtors shall include all payments to Retained Professionals on their monthly operating reports, detailed so as to state the amount paid to each Retained Professional; *provided that* amounts paid to Ordinary Course Professionals may be stated in the aggregate on any monthly operating reports.

4. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

5. The Debtors shall serve a copy of this Order on each of the Retained Professionals.

6. Notice of hearings to consider Interim Fee Applications and final fee applications shall be limited to the Notice Parties and any party who files a notice of appearance and requests notice in the Chapter 11 Cases.

7. Nothing contained in this Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise any payment made pursuant to this Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

8. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

9. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**END OF ORDER**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119