WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a), 327, 328, AND 330 FOR AUTHORITY TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS *NUNC PRO TUNC* TO THE PETITION DATE**<br><br>Date: February 27, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court, Courtroom 17, 16th Floor<br>450 Golden Gate Avenue,<br>San Francisco, CA 94102 |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (together, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to sections 105(a), 327, 328, and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing, but not directing, the Debtors to (i) establish certain procedures to retain and compensate those professionals that the Debtors employ in the ordinary course of business (collectively, the "**Ordinary Course Professionals**"), effective as of the Petition Date (as defined below), without (a) the submission of separate retention applications or (b) the issuance of separate retention orders by the Court for each individual Ordinary Course Professional; and (ii) compensate and reimburse Ordinary Course Professionals without individual fee applications.

A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**"). An initial list of Ordinary Course Professionals is annexed to the Proposed Order as **Exhibit 1**.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in either of the Chapter 11 Cases.

The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

## III. PROPOSED PROCEDURES FOR EMPLOYMENT OF ORDINARY COURSE PROFESSIONALS

The Debtors seek to employ Ordinary Course Professionals to render professional services to the Debtors' estates in the same manner and for the same or similar purposes as such professionals were retained by the Debtors prior to the Petition Date. In the past, Ordinary Course Professionals have provided the Debtors with specialized legal services relating to, among other things, corporate, litigation, employment, labor, and regulatory matters that have a direct and significant impact on the Debtors' day-to-day operations. It is essential that the employment of Ordinary Course Professionals, many of whom are familiar with the Debtors' business, be continued to avoid disruption of the Debtors' operations during these Chapter 11 Cases.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

DEBTORS' MOTION TO EMPLOY
ORDINARY COURSE PROFESSIONALS

3

Case: 19-30088    Doc# 350    Filed: 02/06/19    Entered: 02/06/19 18:25:14    Page 3 of 9

The Debtors submit that the proposed employment of the Ordinary Course Professionals and the payment of monthly compensation pursuant to the procedures set forth below (the "**Procedures**") are in the best interests of their estates, creditors, and all other parties in interest. The relief requested will save the Debtors the time and expense associated with applying to the Court separately to retain each Ordinary Course Professional, and will avoid the incurrence of additional fees for the preparation and prosecution of numerous interim and final fee applications during these Chapter 11 Cases. Accordingly, the Debtors request that the Court dispense with the requirement of filing individual retention and fee applications for the Ordinary Course Professionals and implement the following Procedures:

(i) Within thirty (30) days after the later of (a) the entry of an order granting this Motion and (b) the date on which an Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional will provide the following to the Debtors' attorneys: (1) a declaration (the "**OCP Declaration**"), substantially in the form annexed to the Proposed Order as **Exhibit 2**, certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which such professional is to be employed, and (2) a completed retention questionnaire (the "**Retention Questionnaire**"), substantially in the form annexed to the Proposed Order **Exhibit 3**.

(ii) Upon receipt of a completed OCP Declaration and Retention Questionnaire, the Debtors will file the same with the Court and serve copies on (a) the United States Trustee for Region 17 (the "**U.S. Trustee**"), (b) counsel for any official committees appointed in these Chapter 11 Cases (each a "**Committee**"), and (c) counsel for the agent under the Debtors' debtor-in-possession financing facility (collectively, the "**Reviewing Parties**").

(iii) If a party wishes to object to the retention of an Ordinary Course Professional, such party shall, within fifteen (15) days after the filing of the applicable OCP Declaration (the "**Retention Objection Deadline**"), file with the Court and serve on (a) the attorneys for the Debtors and (b) the relevant Ordinary Course Professional (together, the "**Objection Recipients**") a written objection stating, with specificity, the legal and/or factual bases for such objection. If no objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients before the Retention Objection Deadline, the retention and employment of such professional shall be deemed approved without further order of the Court.

(iv) If a timely objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients, and such objection cannot be resolved within fourteen (14) days after the Retention Objection Deadline, the Debtor will file a notice of hearing and schedule the matter for adjudication by the Court at the next available hearing that is at least seven (7) days from the date of such notice.

(v) No Ordinary Course Professional may be paid any amount for invoiced fees and expenses until the Ordinary Course Professional has been retained in accordance with these Procedures.

(vi) The Debtors are authorized to retain any Ordinary Course Professional and to compensate such Ordinary Course Professional, without formal application to the Court, 100% of the fees and reimburse 100% of the expenses incurred upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtors' right to dispute any such invoices); provided, however, that the Ordinary Course Professional's total compensation and reimbursements shall not exceed $100,000 for each month starting from the first full month following the Petition Date (the "**Monthly Cap**").

(vii) To the extent an Ordinary Course Professional's total compensation and reimbursements are less than the OCP Monthly Cap, the amount by which such compensation and reimbursements are below the OCP Monthly Cap may be carried over to successive periods, subject at all times to the OCP Annual Cap (as defined below).

(viii) In the event that an Ordinary Course Professional's fees and expenses exceed the OCP Monthly Cap for any month during these Chapter 11 Cases: (a) the Debtors may pay the Ordinary Course Professional's fees and expenses owed for such month up to the OCP Monthly Cap; and (b) for each such month, the Ordinary Course Professional will file with the Court a fee application, to be heard on notice, on account of the fees and expenses in excess of the OCP Monthly Cap and apply for compensation and reimbursement of such amount in compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California*, dated February 19, 2014 (the "**Local Guidelines**"), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**UST Guidelines**" and, together with the Local Guidelines, collectively the '**Fee Guidelines**"), and all orders of the Court.

(ix) Payment to any one Ordinary Course Professional shall not exceed $1,000,000 for any twelve-month period in which these Chapter 11 Cases are pending (the "**OCP Annual Cap**"), subject to further order of the Court. In the event that an Ordinary Course Professional's fees and expenses exceed the OCP Annual Cap, such Ordinary Course Professional shall be required to file a separate retention application to be retained as a professional pursuant to section 327 of the Bankruptcy Code (which application may seek to be effective *nunc pro tunc* to the Petition Date). The OCP Annual Cap may be increased by mutual agreement between the Debtors and the U.S. Trustee; provided that the Debtors shall file a notice with the Court of any such agreed increase.

(x) Within thirty (30) days of the end of each quarterly period, the Debtors will file a statement with the Court and serve the same on the Reviewing Parties, certifying the Debtors' compliance with the terms of the relief requested herein. The statement shall include for each Ordinary Course Professional (a) the name of such Ordinary Course Professional, and (b) for each quarterly

period, the aggregate amounts paid as compensation for services rendered and as reimbursement of expenses incurred by such professional.

(xi) If the Debtors seek to retain an Ordinary Course Professional not already listed on **Exhibit 1** to the Proposed Order, the Debtors will file with the Court and serve on the Reviewing Parties a notice listing those additional Ordinary Course Professionals to be added to the initial list of Ordinary Course Professionals (the "**OCP List Supplement**"), along with the attendant OCP Declarations and Retention Questionnaires.

(xii) If a party wishes to object to the retention of an Ordinary Course Professional listed on an OCP List Supplement, such party shall, within fifteen (15) days after the filing of the applicable OCP List Supplement, file with the Court and serve on the Objection Recipients a written objection stating, with specificity, the legal and/or factual bases for such objection. If no timely objection to the retention of an Ordinary Course Professional listed on an OCP List Supplement is filed with the Court and served on the Objection Recipients, the retention and employment of such professional shall be deemed approved without further order of the Court. Any Ordinary Course Professional retained pursuant to an OCP List Supplement will be paid in accordance with the terms and conditions set forth in these Procedures.

## IV. EMPLOYMENT OF ORDINARY COURSE PROFESSIONALS SHOULD BE AUTHORIZED

A debtor is required to obtain bankruptcy court approval before it is permitted to hire certain professionals and compensate them with funds from property of the estate. As explained below, however, the Bankruptcy Code allows a debtor to retain professionals in the ordinary course of business when they are not representing or assisting the debtor in carrying out its duties under the Bankruptcy Code. 11 U.S.C. § 327(a). The Debtors submit that most, if not all, of the Ordinary Course Professionals subject to this Motion may be retained and paid by the Debtors in the ordinary course of business, without Court approval. The Debtors, however, have proposed the Procedures set forth above out of an abundance of caution and to provide the Court and parties in interest an opportunity to object, and to provide assurance to the Ordinary Course Professionals of the Debtors' authority to compensate them for postpetition work.

Section 327(a) of the Bankruptcy Code provides as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a). Section 327(e) of the Bankruptcy Code further provides as follows:

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

*Id.* § 327(e). Section 328(a) of the Bankruptcy Code provides, in pertinent part, that the trustee "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment."

Section 330 of the Bankruptcy Code authorizes the court to award reasonable compensation for actual and necessary services rendered by retained professionals. 11 U.S.C. § 330. Further, the Court may exercise its broad discretion under section 105(a) of the Bankruptcy Code in connection with the foregoing. 11 U.S.C. § 105(a). Accordingly, the Court has ample authority to approve the Procedures and other relief sought herein.

Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors for prepetition services rendered to the Debtors, the Debtors do not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtors, their creditors, or other parties in interest with respect to the matters on which they are to be employed. Accordingly, pursuant to the above-cited provisions of the Bankruptcy Code, the Court may authorize the retention of the Ordinary Course Professionals.

The Debtors rely on the Ordinary Course Professionals to support a multitude of areas of their business and every day operations. As a result of their prepetition representations of the Debtors, the Ordinary Course Professionals have obtained significant knowledge of the day to day operations of the Debtors which would make them difficult and costly to replace. In light of the additional costs associated with the preparation of retention applications for professionals that likely will receive relatively small fees as compared to professionals retained to assist the Debtors in prosecuting these Chapter 11 Cases, it is impractical and economically inefficient for the Debtors to submit individual retention applications and proposed retention orders for each Ordinary Course Professional. Accordingly, the Debtors request that the Court dispense with the requirement of individual retention applications and retention orders with respect to each Ordinary Course Professional.

Other than the Ordinary Course Professionals, all professionals employed by the Debtors to assist in the prosecution of these Chapter 11 Cases will be retained by the Debtors pursuant to separate orders approving separate retention applications. Those professionals will be compensated in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and other orders of this Court.

Based on the foregoing, the Debtors submit that the requested relief is necessary and appropriate, is in the best interests of their estates, and should be granted.

## V. RESERVATION OF RIGHTS

Nothing contained herein is intended, or shall be construed, as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

## VI. NOTICE

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) the Debtors' fifty (50) largest unsecured creditors on a consolidated basis; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the Office of the California Attorney General; (vi) the California Public Utilities Commission; (vii) the Nuclear Regulatory Commission; (viii) the Federal Energy Regulatory Commission; (ix) the Office of the United States Attorney for the Northern District of California; (x) counsel for the agent under the Debtors' debtor in possession financing facilities; and (xi) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: February 6, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/ *Jane Kim*
      Jane Kim

*Proposed Attorneys for Debtors
and Debtors in Possession*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119