WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19 - 30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**MOTION OF DEBTORS FOR ENTRY OF ORDER IMPLEMENTING CERTAIN NOTICE AND CASE MANAGEMENT PROCEDURES**<br><br>Date:  February 27, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>           Courtroom 17, 16th Floor<br>           San Francisco, CA 94102 |

DEBTORS' MOTION TO IMPLEMENT CASE
MANAGEMENT PROCEDURES

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 1015(c), 2002(m), and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order approving and implementing certain notice, case management, and administrative procedures set forth therein (collectively, the "**Case Management Procedures**").

A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in either of the Chapter 11 Cases.

The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Dcket No. 263] (the "**Wells Declaration**").

## III. THE CASE MANAGEMENT PROCEDURES

As set forth more fully in the Proposed Order, the Case Management Procedures do, among other things, the following:

(a) establish requirements for filing and serving notices, motions, applications, declarations, objections, responses, memoranda, briefs, supporting documents, and other papers filed in these Chapter 11 Cases (collectively, the "**Documents**");

(b) delineate standards for notices of hearings and agenda letters;

(c) fix periodic omnibus hearing dates and articulate mandatory guidelines for the scheduling of hearings and objection deadlines; and

(d) limit matters that are required to be heard by the Court.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Given the size and scope of these cases, the Debtors believe that the Case Management Procedures will facilitate service of Documents that will be less burdensome and costly than serving such pleadings on every potentially interested party or effecting service by mail where parties have indicated their consent to service by e-mail (by providing their e-mail addresses in notices of appearance) or ECF (through registration and electronically filing in these cases), which, in turn, will maximize the efficiency and orderly administration of these Chapter 11 Cases, while at the same time ensuring that appropriate notice is provided, particularly to parties who have expressed an interest in these cases and those directly affected by a request for relief. In particular, the Case Management Procedures are intended to:

(a) reduce the need for emergency hearings and requests for expedited relief;

(b) provide for omnibus hearings for the Court to consider motions, pleadings, applications, objections, and responses thereto;

(c) foster consensual resolution of important matters;

(d) assure prompt receipt of appropriate notice affecting parties' interests;

(e) allow for electronic notice pursuant to the Court's electronic filing system;

(f) provide ample opportunity to parties in interest to prepare for and respond to matters before this Court;

(g) reduce the substantial administrative and financial burden that would otherwise be placed on the Debtors and other parties in interest who file documents in these Chapter 11 Cases; and

(h) reduce the administrative burdens on the Court and the Clerk's office.

To ensure that parties in interest in these Chapter 11 Cases are made aware of the Case Management Procedures, the Debtors propose to: (a) serve the Case Management Procedures on the Master Service List (as defined in the Case Management Procedures), (b) publish the Case Management Procedures on the Debtors' restructuring website (the "**Case Website**"), and (c) make the Case Management Procedures readily available on request to the Debtors' proposed noticing and claims agent, Prime Clerk LLC (the "**Claims and Noticing Agent**"). In the event the Case Management Procedures are modified during these chapter 11 cases, the Debtors will ensure updated versions of the Case Management Procedures are available on the Case Website and will file notice of the same on the Court's Electronic Filing System.

DEBTORS' MOTION TO IMPLEMENT CASE
MANAGEMENT PROCEDURES  4

Case: 19-30088    Doc# 352    Filed: 02/06/19    Entered: 02/06/19 18:58:31    Page 4 of 7

Where possible, the Debtors have endeavored to preserve the rules and procedures of this Court, including the Bankruptcy Local Rules, ECF procedures, and Judge Montali's Practices and Procedures. However, as this Court is aware, these Chapter 11 Cases are very large and complex, and given the number of creditors and other parties-in-interest as well as the volume of pleadings that have been and will be filed in these cases, the Debtors submit that the modifications and clarifications set forth in the Case Management Procedures will create a more streamlined process with respect to service of documents, notices of motions, and scheduling of hearings, in addition to standardized procedures for presentation of evidence and taking of testimony in evidentiary hearings. The Case Management Procedures are similar to case management orders entered in other districts in similarly-sized chapter 11 cases.

In addition, many counsel from outside of this District already have sought to be admitted pro hac vice to represent their clients. The Debtors believe that the references to the Bankruptcy Local Rules and the Court's Practices and Procedures contained in the proposed Case Management Procedures will assist those counsel who are unfamiliar with the practice and procedures in this District.

## IV. RELIEF REQUESTED SHOULD BE GRANTED

The Court may grant the relief requested herein pursuant to Bankruptcy Rules 2002(m), 9007, and 1015(c). Bankruptcy Rules 2002(m) and 9007 empower the Court with the general authority to regulate the manner in which notices required under the Bankruptcy Rules are provided. Specifically, Bankruptcy Rule 2002(m) provides that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." Fed. R. Bankr. P. 2002(m). Bankruptcy Rule 9007 further provides that "[w]hen notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given." Fed R. Bankr. P. 9007. Further, Bankruptcy Rule 1015(c) provides that when, as here, two or more cases are being administered jointly, the Court may enter orders "as may tend to avoid unnecessary costs and delay." Fed R. Bankr. P. 1015(c).

The relief requested herein is further supported by section 105(a) of the Bankruptcy Code which provides, in pertinent part, that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Debtors submit that implementation of the Case Management Procedures is appropriate in these Chapter 11 Cases and well within the Court's equitable powers under section 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002(m), 9007, and 1015(c).

The Debtors submit that approval of the Case Management Procedures is in the best interests of the Debtors and their estates. The Case Management Procedures, if implemented, will ensure that these Chapter 11 Cases are administered efficiently and economically. By authorizing the Debtors to schedule omnibus hearing dates, establish clear timelines for the filing of requests for relief, and allow for electronic service, the Case Management Procedures will assist the Debtors and the Court with the orderly and efficient administration of these Chapter 11 Cases and negate the need for procedural disputes or frequent piecemeal hearings. The Case Management Procedures will thus enable the Debtors to preserve their funds, thereby benefiting the Debtors and their estates.

Based upon the foregoing, the Debtors submit that the relief requested herein is appropriate and in the best interests of the Debtors and their estates.

## V. NOTICE

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) the Debtors' fifty (50) largest unsecured creditors on a consolidated basis; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the Office of the California Attorney General; (vi) the California Public Utilities Commission; (vii) the Nuclear Regulatory Commission; (viii) the Federal Energy Regulatory Commission; (ix) the Office of the United States Attorney for the Northern District of California; (x) counsel for the agent under the Debtors' debtor in possession financing facilities; and (xi) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other

court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: February 6, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/ Tobias S. Keller
     Tobias S. Keller

*Proposed Attorneys for Debtors
and Debtors in Possession*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119