WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                                         **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**MOTION CONFIRMING INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), AND 507 AND FED. R. BANKR. P. 6003 AND 6004 AUTHORIZING DEBTORS TO (I) PAY PREPETITION WAGES, SALARIES, WITHHOLDING OBLIGATIONS AND OTHER COMPENSATION AND BENEFITS; (II) MAINTAIN EMPLOYEE WAGE AND BENEFITS PROGRAMS; AND (III) PAY RELATED ADMINISTRATIVE OBLIGATIONS**<br><br>Date:   TBD<br>Time:  TBD<br>Place:  United States Bankruptcy Court<br>           Courtroom 17, 16th Floor<br>           San Francisco, CA 94102 |

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**") for an order confirming the interim relief approved in the Court's Order, dated January 31, 2019, [Docket No. 210] (the "**Interim Employee Wage Order**"), with respect to the *Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 507 and Fed. R. Bankr. P. 6003 and 6004 for Interim and Final Authority to (I) Pay Prepetition Wages, Salaries, and other Compensation and Benefits; (II) Maintain Employee Benefit Programs; and (III) Pay Related Administrative Obligations* filed on January 29, 2019 [Docket No. 8] (the "**Employee Wage Motion**").[1]

A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Order**").

---

[1] Contemporaneously herewith, the Debtors have filed an Application requesting a hearing on the relief requested herein on an expedited basis to avoid any financial hardship to, or further imposition on, the Debtors' Employees as a result of the commencement of these Chapter 11 Cases.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief [Docket No. 263] (the "**Wells Declaration**").

## III. THE OUTSTANDING EMPLOYEE COMPENSATION AND RELOCATION EXPENSES

Pursuant to the Employee Wage Motion[2], the Debtors sought authority to, *inter alia*, pay and honor certain Compensation Obligations and benefits for the Debtors' Employees that were outstanding with respect to the period prior to the Petition Date. In the Employee Wage Motion and at the hearing held on January 31, 2019, the Debtors represented that they did not believe any outstanding prepetition Compensation Obligations to their Employees exceeded $12,850 per individual Employee – the amount of the statutory caps for priority treatment of individual prepetition wages and benefits

---

[2] Capitalized terms used herein unless otherwise defined have the meanings ascribed to such terms in the Wage Motion.

established under sections 507(a)(4) and (a)(5) of the Bankruptcy Code. On January 31, 2019, the Court entered the Interim Employee Wage Order granting the relief requested in the Employee Wage Motion on an interim basis.

Subsequent to the entry of the Interim Employee Wage Order, the Debtors discovered that outstanding Compensation owed to approximately thirty (30) Employees with respect to the prepetition period exceeded the $12,850 cap. The aggregate amount in excess of the cap for such Employees is approximately $260,000, or an average of approximately $8,650 per Employee (collectively, the "**Outstanding Compensation**"). In addition, the Outstanding Compensation amounts range from approximately $230.00 to approximately $50,000 per Employee. All but three of such Employees are Union Represented Employees and none of such are officers or Insiders.

In addition, pursuant to the Employee Wage Motion, the Debtors sought authority to, *inter alia*, pay and honor certain obligations relating to their Relocation Program. In the Employee Wage Motion, the Debtors represented that they owe approximately $1,400,000 on account of prepetition obligations associated with the Relocation Program, $100,000 of which will come due during the Interim Period.

Subsequent to the entry of the Interim Employee Wage Order, the Debtors became aware of certain relocation-related payments owed to approximately twenty-one (21) Union Represented Employees that were not included in the amounts set forth in the Employee Wage Motion. These amounts relate to payments to such Union Represented Employees in consideration of them being moved to new work locations and were negotiated with the Unions in connection with the consolidation of certain functions provided by the Union Represented Employees (collectively, the "**Additional Relocation Payment**s"). The Additional Relocation Payments are between $20,000 and $25,000 per Employee for an aggregate amount of approximately $500,000. The Debtors believe that almost all – approximately $415,000 of the $500,000 – qualify as administrative expenses as the affected Union Represented Employees do not earn the payment until they have reported to the new location, and such reporting has not yet occurred for seventeen of the twenty-one Union Represented Employees entitled to these payments.

## IV. RELIEF REQUESTED

Although the Employee Wage Order itself does not limit the payment of prepetition Compensation Obligations to the $12,850 cap, out of an abundance of caution and because of the representation made in the Employee Wage Motion and at the initial hearing on the Employee Wage Motion, the Debtors seek authority to pay the Employees the balance of the Outstanding Compensation owed to them with respect to their customary and expected compensation.

In addition, the Debtors seek authority to pay the Additional Relocation Payments to the extent any such payments represent prepetition obligations.

## V. BASIS FOR RELIEF REQUESTED

The Employee Wage Motion sets forth in detail the legal bases that support the relief requested herein and the Debtors incorporate the same into this Motion. The Outstanding Compensation owed to the Employees is very important to meeting their day to day expenses and other needs and constitutes normal and customary earned wages. As a result of the commencement of these Chapter 11 Cases, certain of their compensation checks were dishonored because, although they were issued in the normal course prior to the Petition Date, they were not presented timely as a result of, in certain instances, the Employees dealing with the exigencies of their job responsibilities.

The Additional Relocation Payments also are an expected and integral part of the Union Represented Employees' compensation arrangements and were negotiated and agreed to with the Unions to address cost savings in connection with certain consolidations. The Additional Relocation Payments were negotiated at arms' length with the Unions and are required to be made pursuant to the collective bargaining agreements and other related agreements.

The Debtors believe that under these circumstances, it is warranted and appropriate to pay the Outstanding Compensation and Additional Relocation Payments due to, among other things, the ongoing services the Employees provide and the relative modest amounts involved on an aggregate basis. The Debtors believe that the relief requested herein is entirely consistent with the relief granted in the Employee Wage Order and will promote Employee morale and avoid an undue hardship being imposed on the Employees.

## VI. RESERVATION OF RIGHTS

Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's Order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

## VII. IMMEDIATE ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 6003

Bankruptcy Rule 6003 provides that, to the extent relief is necessary to avoid immediate and irreparable harm, a Bankruptcy Court may issue an order granting "a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" before twenty-one (21) days after filing of the petition. As set forth above, in the Employee Wage Motion, and in the Wells Declaration, the Debtors cannot risk the damage to their businesses, and the potential disruption to their ability to provide essential utilities to 16 million Californians, that would follow any decline in morale and the resulting attrition that likely would occur if the Debtors fail to pay the Personnel their compensation and other benefits. Accordingly, the Debtors have satisfied the requirements for immediate entry of an order granting the relief requested herein pursuant to Bankruptcy Rule 6003.

## VIII. REQUEST FOR BANKRUPTCY RULE 6004 WAIVERS

The Debtors request a waiver of the notice requirements under Bankruptcy Rule 6004(a) and any stay of the order granting the relief requested herein pursuant to Bankruptcy Rule 6004(h). As explained in the Employee Wage Motion, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors. Accordingly, ample cause exists to justify the waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and stay apply.

## IX. NOTICE

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) the Debtors' fifty (50) largest unsecured creditors on a consolidated basis; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the Office of the California Attorney General; (vi) the California Public Utilities Commission; (vii) the Nuclear Regulatory Commission; (viii) the Federal Energy Regulatory Commission; (ix) the Office of the United States Attorney for the Northern District of California; (x) counsel for the agent under the Debtors' debtor in possession financing facilities; (xi) the Banks; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court, except as set forth in the Employee Wage Motion.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: February 8, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: */s/ Tobias S. Keller*
     Tobias S. Keller

*Proposed Attorneys for Debtors and Debtors in Possession*