**WEIL, GOTSHAL & MANGES LLP**
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
New York, NY 10153-0119
Tel:   (212) 310-8000
Fax:   (212) 310-8007

**KELLER & BENVENUTTI LLP**
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel:   (415) 496-6723
Fax:   (415) 636-9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION**, | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors**. | **DEBTORS' *EX PARTE* APPLICATION PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON MOTION CONFIRMING INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), AND 507 AND FED. R. BANKR. P. 6003 AND 6004 AUTHORIZING DEBTORS TO (I) PAY PREPETITION** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors | |
| * *All papers shall be filed in the lead case, No. 19-30088 (DM)* | |

| | WAGES, SALARIES, WITHHOLDING OBLIGATIONS AND OTHER COMPENSATION AND BENEFITS; (II) MAINTAIN EMPLOYEE WAGE AND BENEFITS PROGRAMS; AND (III) PAY RELATED ADMINISTRATIVE OBLIGATIONS |
|---|---|
| | [No Hearing Requested] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Application (the "**Application**"), pursuant to Rule 9006-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for entry of an order shortening the time for notice such that a hearing may be set on February 13, 2019, or as soon thereafter as is convenient for the Court, on the Debtors' Motion (the "**Motion**") for an order confirming the interim relief approved in the Court's Order, dated January 31, 2019 [Dkt No. 210] (the "**Interim Employee Wage Order**"), with respect to the *Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 507 and Fed. R. Bankr. P. 6003 and 6004 for Interim and Final Authority to (I) Pay Prepetition Wages, Salaries, and other Compensation and Benefits; (II) Maintain Employee Benefit Programs; and (III) Pay Related Administrative Obligations* filed on January 29, 2019 [Dkt No. 8] (the "**Employee Wage Motion**"), filed concurrently herewith.[1]

---

[1] Capitalized terms used but not otherwise herein defined have the meanings ascribed to such terms in the Employee Wage Motion.

APPLICATION FOR ORDER SHORTENING TIME ON
MOTION TO CONFIRM INTERIM WAGE ORDER 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells, Senior Vice President and Chief Financial Officer of PG&E Corp.*, filed on February 1, 2019 [Dkt No. 263] in support of the Debtors' chapter 11 petitions and related first day relief (the "**Wells Declaration**").

## III. SHORTENING TIME FOR HEARING ON THE MOTION IS WARRANTED

Pursuant to Bankruptcy Local Rule 9014-1(b)(3)(A), a hearing on the Motion ordinarily requires at least twenty-one (21) days' notice of an opportunity for a hearing. Bankruptcy Local Rule 9006-1(a) provides that, except as set forth therein, "approval of the Court is required to enlarge or to shorten time to perform any act or file any paper pursuant to the Federal Rules of Civil Procedures, the Bankruptcy Rules, or these Bankruptcy Local Rules." B.L.R. 9006-1(a).

At the hearing on January 31, 2019 (the "First Day Hearing"), the Court considered the Employee Wage Motion and issued the Interim Employee Wage Order. The Motion is brought to clarify the relief granted in the Interim Employee Wage Order and avoid any financial hardship to,

or further imposition on, the Debtors' Employees as a result of the commencement of these Chapter 11 Cases. Payment of pre-petition employee wages is vital to the continued smooth operation of the Debtors in this critical early stage of the chapter 11 reorganization process and the relief requested in the Motion is consistent with the relief granted in the Interim Employee Wage Order.

As stated in the Employee Wage Motion and the Motion, payment of the Debtors' Employees' pre-petition wages and compensation is essential to promote Employee morale and avoid an undue hardship being imposed on the Employees. Additionally, as set forth in the Motion, the Debtors cannot risk the damage to their businesses, and the potential disruption to their ability to provide essential utilities to 16 million Californians, that would follow any decline in morale and resulting attrition that likely would occur if the Debtors fail to pay their Employees the Outstanding Compensation, Additional Relocation Payments, or other compensation and benefits. Accordingly, the Debtors submit that sufficient cause exists for the Court to shorten the time for notice of hearing on the Motion.

## IV. PROPOSED NOTICE OF THE MOTION

Notice of the Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) the Debtors' fifty (50) largest unsecured creditors on a consolidated basis; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the Office of the California Attorney General; (vi) the California Public Utilities Commission; (vii) the Nuclear Regulatory Commission; (viii) the Federal Energy Regulatory Commission; (ix) the Office of the United States Attorney for the Northern District of California; (x) counsel for the agent under the Debtors' proposed debtor in possession financing facilities; (xii) the Banks; and (xiii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. Based on the urgency of the circumstances surrounding this Application and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

## V. EFFORTS TO SPEAK WITH RESPONDING PARTIES

Counsel for the Debtors has spoken with counsel to the Office of the United States Trustee regarding a proposed hearing on the Motion, and the Office of the United States Trustee has

consented to a hearing on February 13, 2019 or as soon as possible thereafter (but has not been asked to, nor consented to, a response deadline).  No official committee has been appointed in this case, and the Debtors submit that given the relief requested, it would be impracticable to speak with the entire proposed notice list for the Motion regarding the timing of a hearing.

No previous request to shorten time has been made by the Debtors.

**WHEREFORE** the Debtors respectfully request entry of an order:

1. Shortening time for notice of hearing on the Motion such that the hearing may be set for 1:00 p.m. on February 13, 2019.
2. Requiring any response or opposition to the Motion to be in writing and filed with the Court no later than 1:00 p.m. on February 12, 2019.

Dated: February 8, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/ Tobias S. Keller
      Tobias S. Keller

*Proposed Attorneys for Debtors and Debtors in Possession*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119