WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**DECLARATION OF JOHN R. BOKEN IN SUPPORT OF MOTION CONFIRMING INTERIM ORDER AUTHORIZING DEBTORS TO (I) PAY PREPETITION WAGES, SALARIES, WITHHOLDING OBLIGATIONS AND OTHER COMPENSATION AND BENEFITS; (II) MAINTAIN EMPLOYEE WAGE AND BENEFITS PROGRAMS; AND (III) PAY RELATED ADMINISTRATIVE OBLIGATIONS**<br><br>Date: February 13, 2019<br>Time: 1:00 p.m. (prevailing Pacific time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

I, John R. Boken, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Managing Director in the Turnaround Restructuring Services practice of AlixPartners, LLP, which is an affiliate of both AlixPartners, LLC and AP Services, LLC ("**APS**"), which will provide interim management services, described further below, to Pacific Gas and Electric Corporation and Pacific Gas and Electric Company, as debtors and debtors-in-possession (collectively, "**PG&E**" or the "**Debtors**" and together with their non-Debtor subsidiaries, the "**Company**") in the above-captioned Chapter 11 Cases (the "**Chapter 11 Cases**"). I have been appointed by the PG&E Board of Directors to serve as the Deputy Chief Restructuring Officer ("**Deputy CRO**") for the Debtors and will be serving in that capacity pursuant to an engagement letter that the Company has entered into with APS, subject to Court approval.

2. I submit this Declaration in support of the Debtors' Motion (the "**Motion**") [Docket No. 392] for an order confirming the interim relief approved in the Court's Order, dated January 31, 2019, [Docket No. 210] (the "**Interim Employee Wage Order**"), with respect to the *Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 507 and Fed. R. Bankr. P. 6003 and 6004 for Interim and Final Authority to (I) Pay Prepetition Wages, Salaries, and other Compensation and Benefits; (II) Maintain Employee Benefit Programs; and (III) Pay Related Administrative Obligations* filed on January 29, 2019 [Docket No. 8] (the "**Employee Wage Motion**").[1]

3. I have more than 28 years of corporate restructuring experience. I have led over 75 restructuring projects in a wide variety of industries, including energy, construction, health care, manufacturing, homebuilding, retail, and agriculture. In doing so, I have developed expertise in resolving day-to-day operational issues, devising business turnaround strategies, formulating debt restructuring plans, and divesting of unprofitable and/or non-strategic operations and assets. I also have significant experience designing creative solutions to the complex operating and capital structure problems that exist in large restructuring cases. I have served as Chief Restructuring Officer, and in other senior management capacities, in other large, complex chapter 11 cases. I have also assisted

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Employee Wage Motion.

1   numerous companies in restructuring situations in an advisory capacity.  Examples of situations where I have had a material leadership role in the restructuring are:  President and COO of NRG Energy, CEO of Entegra Power Group, CEO of TOUSA, CRO of Flying J, CRO of Homer City Generation, CEO of SolarWorld Americas, and restructuring advisor to Southern California Edison.

4.  I hold a Bachelor of Science degree in commerce-finance from the University of Santa Clara.  I am a Certified Public Accountant (inactive) and a Certified Insolvency and Restructuring Advisor.  I am also a member of the Association of Insolvency and Restructuring Advisors, the American Bankruptcy Institute and the Turnaround Management Association.  I have been a regular speaker and panelist at seminars and conferences on issues relating to financially distressed companies.

5.  Prior to the Petition Date, AlixPartners, LLC was engaged to provide financial advisory and other restructuring related services to the Debtors, and I have worked with the Debtors since November 2018.  In my capacity as proposed Deputy CRO, as well as my work with the Debtors prior to the Petition Date, I have become knowledgeable and familiar with the Debtors' day-to-day operations, business, and financial affairs.  The facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, and information provided to me by the Debtors or the Debtors' legal, restructuring, and financial advisors.

6.  Subsequent to the entry of the Interim Employee Wage Order, the Debtors discovered that outstanding Compensation owed to approximately thirty (30) Employees (collectively, the "**Impacted Employees**") with respect to the prepetition period exceeded the $12,850 cap. The aggregate amount in excess of the cap for such Impacted Employees is approximately $260,000, or an average of approximately $8,650 per Employee (collectively, the "**Outstanding Compensation**").  In addition, the Outstanding Compensation amounts range from approximately $230.00 to approximately $50,000 per Employee.  It is my understanding that all but three of such Impacted Employees are Union Represented Employees.  None of the Impacted Employees are officers or Insiders.

7.  Attached as Exhibit A is a chart that sets forth, for each Impacted Employee, a description of the position of such Impacted Employee and the amount of Compensation in excess of $12,850 that the Debtors seek authority to pay by the Motion.

8.  In addition, in the Employee Wage Motion, the Debtors described their Relocation

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

DECLARATION OF JOHN R. BOKEN ISO DEBTORS'
MOTION TO CONFIRM INTERIM WAGE ORDER

3

Case: 19-30088    Doc# 418    Filed: 02/12/19    Entered: 02/12/19 18:06:43    Page 3 of 4

Program, which is one of the Employee Benefits Programs with respect to which the Interim Employee Wage Order authorized the Debtors to pay prepetition obligations and continue to maintain.

9. Subsequent to the entry of the Interim Employee Wage Order, the Debtors became aware of certain relocation-related payments owed to approximately twenty-one (21) Union Represented Employees that were not included in the amounts relating to the Relocation Program set forth in the Employee Wage Motion. These amounts relate to payments to such Union Represented Employees in consideration of them being moved to new work locations and were negotiated with the Unions in connection with the consolidation of certain functions provided by the Union Represented Employees (collectively, the "**Additional Relocation Payment**s"). The Additional Relocation Payments are between $20,000 and $25,000 per Employee for an aggregate amount of approximately $500,000. For almost all of the outstanding amounts – approximately $415,000 of the $500,000 – the affected Union Represented Employees do not earn the payment until they have reported to the new location, and such reporting has not yet occurred for seventeen of the twenty-one Union Represented Employees entitled to these payments.

Pursuant to section 1746 of title 28 of the United States Code, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: February 12, 2019            By: _____
                                          John Boken

DECLARATION OF JOHN R. BOKEN ISO DEBTORS' 4
MOTION TO CONFIRM INTERIM WAGE ORDER