OREN B. HAKER (*pro hac vice*)
DAVID B. LEVANT (*pro hac vice*)
GABRIELLE GLEMANN (*pro hac vice*)
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.386.7530
Facsimile: 206.386.7500
gabrielle.glemann@stoel.com

*Attorneys for Party in Interest*
*Enel Green Power North America, Inc.*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors. | Bankruptcy Case<br>No. 19 - 30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**ENEL GREEN POWER NORTH AMERICA'S MOTION UNDER 11 U.S.C. §§ 105(a) AND 107(b) AND FRBP 9018 FOR ENTRY OF AN ORDER AUTHORIZING THE FILING OF CERTAIN CONTRACTS AND RELATED FILINGS UNDER SEAL** |
| ☐ Affects PG&E Corporation<br>X Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*\*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Hearing Date: March 12, 2019<br>Time: 9:30 a.m.<br>Courtroom: Hon. Dennis Montali<br><br>Objections Due: March 5, 2019, 4 p.m. |

Enel Green Power North America, Inc. ("Enel") hereby moves (this "Motion"), pursuant to Sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 1001-2(a) of

the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "Bankruptcy Local Rules"), and the *New District Wide Procedures for Electronically Filing Sealed and Redacted Documents* adopted by the United States Bankruptcy Court for the Northern District of California (the "Local Procedures"), for entry of an order (i) authorizing Enel to file under seal the CSAs (*as defined below*) and the Interconnection Agreements (*as defined below*) related to Enel's *Motion for Entry of an Order Confirming Safe Harbor Protection Under 11 U.S.C. §§ 362(b)(6) and 556* (the "Safe Harbor Motion"),[1] filed contemporaneously herewith, as well as certain portions of the Safe Harbor Motion and the Bertolino Declaration (the "Motion Papers") that refer to confidential details contained in the CSAs and Interconnection Agreements, and (ii) directing that the CSAs, Interconnection Agreements, and unredacted copies of the Motion Papers will remain under seal and confidential and not be made available to anyone without the consent of Enel and the other parties to the CSAs and Interconnection Agreements, or further order from the Court.

A proposed form of order is attached hereto as Exhibit A, in accordance with the Local Procedures (the "Proposed Order").

The Motion is based on this Memorandum of Points and Authorities, the concurrently filed Safe Harbor Motion, the concurrently filed Bertolino Declaration, the complete files and records of the referenced matters, the arguments of counsel, and such other and further matters as this Court may consider at or before any hearing on this Motion.

---

[1] Capitalized terms used but not defined in this Motion shall have the meaning used in the Safe Harbor Motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

Enel Green Power North America, Inc. ("Enel"), through its subsidiaries, is party to three Capacity Storage Agreements (the "CSAs") with Pacific Gas and Electric Company ("PG&E," and together with PG&E Corporation, the "Debtors"). Enel has filed a *Motion for Entry of an Order Confirming Safe Harbor Protection Under 11 U.S.C. §§ 362(b)(6) and 556* (the "Safe Harbor Motion") seeking an order determining that Enel's exercise of its contractual rights under the CSAs is protected by the safe harbor provision of Sections 362(b)(6) and 556 of the Bankruptcy Code, as well as a declaration in support thereof (the "Bertolino Declaration," and together with the Safe Harbor Motion, the "Motion Papers"). Both Enel and PG&E have agreed to stringent confidentiality clauses in the CSAs, and Enel respectfully requests that the Court allow Enel to submit the CSAs and Interconnection Agreements, as well as unredacted versions of the Motion Papers that reference confidential details in the CSAs and Interconnection Agreements, under seal so that the matter of safe harbor protection can be adequately adjudicated without violating the confidence of PG&E and Enel regarding the terms of their agreements.

## II. JURISDICTION

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The bases for the relief requested in the Motion are §§ 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.

## III. FACTS

Enel, through its subsidiaries,[2] is party to three CSAs with PG&E, each dated November 8, 2017, with terms ranging from 10 to 20 years. Each CSA encompasses two phases: (i) the development of an energy storage facility (each a "Facility," and together the "Facilities") and (ii)

---

[2] The subsidiary companies that are party to the Capacity Storage Agreements with PG&E are Cascade Energy Storage, LLC, Kingston Energy Storage, LLC, and Sierra Energy Storage, LLC.

STOEL RIVES LLP
ATTORNEYS AT LAW
SEATTLE

ENEL'S MOTION TO FILE CONTRACTS AND MOTION PAPERS UNDER SEAL - CASE NO. 19-30088 (DM)
Case: 19-30088    Doc# 483    Filed: 02/19/19    Entered: 02/19/19 17:43:24    Page 3 of 11
3

providing resource adequacy capacity to PG&E from each Facility, to enable PG&E, *inter alia*, to meet its resource adequacy and renewable energy requirements prescribed by the California Public Utilities Commission ("CPUC").

In reliance on the CSAs, Enel's same subsidiaries have entered into two interconnection agreements, executed December 3 and 4, 2018, with a third interconnection agreement expected to be executed in December 2020 (the "Interconnection Agreements," and together with the CSAs, the "Contracts"). The Interconnection Agreements allow Enel to interconnect the relevant Facility to PG&E's transmission system, and guarantee the ability of Enel to deliver the Facility's output.

Additional information regarding Enel's business and commercial agreements with PG&E is set forth in the Safe Harbor Motion and the Bertolino Declaration.

Each CSA contains a provision stating that throughout the term of the agreement, "neither party shall disclose the non-public terms or conditions of this Agreement or the Parties' bidding or negotiation process … to a third-party."[3]

When PG&E filed the application for approval of the CSAs with the CPUC (Application 17-12-003), PG&E claimed the CSAs were confidential in their entirety, and the CSAs were filed under seal.

As each of the Contracts contains sensitive and confidential commercial information, Enel respectfully requests that the Court permit Enel to file the CSAs and the Interconnection Agreements under seal, and the Motion Papers in redacted form, to ensure that the Contracts are not publicly disclosed in violation of their confidentiality provisions.

## IV. BASIS FOR RELIEF REQUESTED

Under Section 105(a) of the Bankruptcy Code, the Court is allowed to "issue any order … that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) provides that, "[o]n request of a party in interest, the bankruptcy court shall, and

---

[3] *See, i.e.*, Capacity Storage Agreement Resource Adequacy Only between Pacific Gas and Electric Company (as Buyer) and Cascade Energy Storage, LLC (as Seller), executed November 8, 2017, Article 19.1 Confidential Information.

on the bankruptcy court's own motion, the bankruptcy court may … [p]rotect any entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b).

An entity seeking protection under Section 107(b) need only show that the information it seeks to seal is "confidential" and "commercial" in nature. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). Commercial information has been defined as information that would produce "an unfair advantage to competitors by providing them with information as to the commercial operations" of the entity seeking protection. *In re Itel Corp.*, 17 B.R. 942, 944 (9th Cir. B.A.P. 1982). Commercial information does not need to be a trade secret to fall under Section 107(b)'s protection. *See Orion Pictures Corp.*, 21 F.3d at 28 (finding that § 107(b) was carefully drafted to avoid merging "trade secrets" with "confidential commercial information").

Under the Bankruptcy Rules, the Court is similarly authorized to "make any order which justice requires … to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. Similarly, the Local Procedures require that a request to file under seal be narrowly tailored to sealable materials. *New District Wide Procedures for Electronically Filing Sealed and Redacted Documents*.

Because the Contracts contain confidential commercial information within the scope of Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Court should grant Enel's request.

The Contracts are the product of extensive good faith negotiations between PG&E and Enel, following a competitive bidding process, and public disclosure of the Contracts would cause substantial harm to both parties and create an unfair advantage for potential competitors seeking to enter into similar agreements. The Contracts contain highly sensitive commercial information and are subject to robust confidentiality provisions negotiated and agreed between PG&E and Enel. Disclosure of this information would put the parties at a competitive disadvantage by constraining their ability to negotiate capacity storage agreements in future transactions. Further,

compelling public disclosure of the Contracts or their terms in the Motion Papers could have a chilling effect that discourages other potential transaction counterparties from entering into similar agreements with the parties in the future.

## V. NOTICE

Notice of the Motion to File Under Seal will be provided to (i) the Debtors and counsel to the Debtors; (ii) counsel to the Office of the United States Trustee for Region 17; (iii) counsel to the administrative agent under the Debtors' debtor-in-possession financing facility; (iv) counsel to the collateral agent under the Debtors' debtor-in-possession financing facility; (v) counsel to the CPUC; (vi) the U.S. Nuclear Regulatory Commission; (vii) the U.S. Department of Justice, as counsel for the United States on behalf of the Federal Energy Regulatory Commission; (viii) each member of the Official Committee of Unsecured Creditors specified in the Notice of Appointment of the Official Committee of Unsecured Creditors [Docket 409]; (ix) each member of the Official Committee of Tort Claimants specified in the Notice of Appointment of the Official Committee of Tort Claimants [Docket 453]; and (x) those parties who have requested notice pursuant to Fed. R. Bankr. P. 2002. Enel respectfully submits that no further notice is required.

## VI. CONCLUSION

For the reasons stated in this Memorandum of Points and Authorities, Enel respectfully requests that the Court enter an order (i) granting this Motion; (ii) authorizing Enel to file the Contracts and unredacted versions of the Motion Papers under seal; and (iii) granting such other and further relief as is just and proper.

| | |
|---|---|
| Dated: February 19, 2019 | STOEL RIVES LLP |
| | */s/ Gabrielle Glemann*<br>Oren Buchanan Haker<br>David B. Levant<br>Gabrielle Glemann<br>STOEL RIVES LLP<br>600 University Street, Suite 3600<br>Seattle, WA 98101<br>(206) 386-7530<br>gabrielle.glemann@stoel.com<br><br>*Attorneys for Party in Interest*<br>*Enel Green Power North America, Inc.* |

# EXHIBIT A

**Proposed Order**

| 1  | OREN B. HAKER (*pro hac vice*) |
|    | DAVID B. LEVANT (*pro hac vice*) |
| 2  | GABRIELLE GLEMANN (*pro hac vice*) |
|    | STOEL RIVES LLP |
| 3  | 600 University Street, Suite 3600 |
|    | Seattle, WA  98101 |
| 4  | Telephone:  206.386.7530 |
|    | Facsimile:  206.386.7500 |
| 5  | gabrielle.glemann@stoel.com |

*Attorneys for Party in Interest*
*Enel Green Power North America, Inc.*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| In re: | Bankruptcy Case No. 19 - 30088 (DM) |
|---|---|
| **PG&E CORPORATION** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| Debtors. | **[PROPOSED] ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 107(b) AND FRBP 9018 AUTHORIZING ENEL GREEN POWER NORTH AMERICA TO FILE CERTAIN CONTRACTS AND RELATED FILINGS UNDER SEAL** |
| ☐  Affects PG&E Corporation<br>X  Affects Pacific Gas and Electric Company<br>☐  Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Hearing Date:  March 12, 2019<br>Time:  9:30 a.m.<br>Courtroom:  Hon. Dennis Montali<br><br>Objections Due:  March 5, 2019, 4 p.m. |

Upon the Motion, dated February 19, 2019 (the "Motion to File Under Seal"), of Enel Green Power North America, Inc. ("Enel"), pursuant to Sections 105(a) and 107(b) of the

ENEL'S MOTION TO FILE CONTRACTS AND MOTION PAPERS UNDER SEAL - CASE NO. 19-30088 (DM)
2

STOEL RIVES LLP
ATTORNEYS AT LAW
SEATTLE

Bankruptcy Code[1] and Rule 2018 of the Bankruptcy Rules for authority to file the Contracts and unredacted versions of the Motion Papers under seal, all as more fully set forth in the Motion to File Under Seal [Dkt. __]; and this Court having jurisdiction to consider the Motion to File Under Seal and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.) and Bankruptcy Local Rule 5011-1(a); and consideration of the Motion to File Under Seal and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion to File Under Seal as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion to File Under Seal and the Bertolino Declaration; and this Court having determined that the legal and factual bases set forth in the Motion to File Under Seal establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion to File Under Seal is in the best interests of Enel, the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion to File Under Seal is granted as provided herein.

2. Enel is authorized to file the Contracts and unredacted copies of the Motion Papers under seal pursuant to Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.

3. The Contracts and the unredacted Motion Papers are confidential, shall remain under seal, and shall not be made available to anyone without the consent of Enel and the parties thereto, except that copies shall be provided to the Court on a strictly confidential basis.

4. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion to File Under Seal.

shall be immediately effective and enforceable upon its entry.

5. Enel is authorized to take all steps necessary or appropriate to carry out this Order.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**\*\*END OF ORDER\*\***