# Exhibit 7

**Proposed Final Customer Programs Order**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                                  **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**[PROPOSED] FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) 363(b), AND 507(a)(7) AND FED. R. BANKR. P. 6003 AND 6004 (I) AUTHORIZING DEBTORS TO (A) MAINTAIN AND ADMINISTER CUSTOMER PROGRAMS, INCLUDING PUBLIC PURPOSE PROGRAMS, AND (B) HONOR ANY PREPETITION OBLIGATIONS RELATING THERETO; AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS** |

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

Upon the Motion, dated January 29, 2019 (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105(a), 363(b), and 507(a)(7) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), requesting interim and final authority, in the ordinary course of business and consistent with past practices, to (a) maintain and administer their Customer Programs (as defined below) including the (i) Deposit and Reimbursement Programs, (ii) Public Purpose Programs, (iii) Environmental Cleanup Programs, (iv) Third-Party Programs, (v) GHG Credit Programs, and (vi) Customer Support Programs, and (b) pay and otherwise honor all obligations relating to each of the foregoing, whether arising prior to, or after, the Petition Date, as necessary and appropriate in the Debtors' business judgment, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration (as amended on February 2, 2019 [Docket No. 263]); and this Court having held hearings to consider the relief requested in the Motion on an interim and final basis; and this Court having previously entered an order granting interim relief with respect to the Motion [Docket No. 216]; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

FINAL ORDER AUTHORIZING CUSTOMER AND
PUBLIC PURPOSE PROGRAMS

2

and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on a final basis, as provided herein.

2. The Debtors, in their business judgment, are authorized, but not directed, to (i) pay, perform, and honor the Customer Program Obligations, and to effect all payments and permit all setoffs in connection therewith (whether relating to the period prior or subsequent to the Petition Date), including, without limitation, payment of Security Deposit Refunds, MLX Deposit Refunds, UG Costs, PPP Costs, ECP Costs, TPP Costs, GHG Costs, and CSP Costs in an aggregate amount not to exceed $248.3 million plus OCP Costs on an interim basis, and (ii) continue to perform in accordance with applicable laws one or more of the Customer Programs, including, without limitation, the Deposit and Reimbursement Programs, the Public Purpose Programs, the Environmental Cleanup Programs, the Third-Party Programs, the GHG Credit Programs, and the Customer Support Programs, in the ordinary course of business, without further application to or Order of the Court.

3. Banks and financial institutions are authorized, but not directed, at the Debtors' request, to receive, process, honor and pay, to the extent of funds on deposit, any and all checks issued or to be issued or electronic funds transfers requested or to be requested by the Debtors relating to the Customer Programs and/or the Customer Program Obligations.

4. The Debtors are authorized, but not directed, to issue new postpetition checks or effect new electronic funds transfers on account of the Customer Programs and Customer Program Obligations to replace any prepetition checks or electronic funds transfer requests that may be lost, dishonored, or rejected as a result of the commencement of the Chapter 11 Cases.

5. Nothing contained in this Final Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise any payment made pursuant to this Final Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

FINAL ORDER AUTHORIZING CUSTOMER AND
PUBLIC PURPOSE PROGRAMS

3

claim subsequently.

6. Notwithstanding entry of this Final Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

7. The requirements of Bankruptcy Rules 4001(d) and 6004(a) have been satisfied.

8. Notwithstanding the provisions of Bankruptcy Rules 4001(a)(2) and 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all steps necessary or appropriate to carry out this Final Order.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

** END OF ORDER **

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br>    Debtors. <br><br> ☐  Affects PG&E Corporation <br> ☐  Affects Pacific Gas and Electric Company <br> ☒  Affects both Debtors <br><br> * All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Bankruptcy Case Nos. 19-30088 (DM) <br> 19-30089 (DM) <br><br> Chapter 11 <br> (Lead Case) <br> (Jointly Administered) <br><br> **INTERIM[PROPOSED] FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) 363(b), AND 507(a)(7) AND FED. R. BANKR. P. 6003 AND 6004 (I) AUTHORIZING DEBTORS TO (A) MAINTAIN AND ADMINISTER CUSTOMER PROGRAMS, INCLUDING PUBLIC PURPOSE PROGRAMS, AND (B) HONOR ANY PREPETITION OBLIGATIONS RELATING THERETO; AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS** |

| | |
|---|---|
| 1 | Upon the Motion, dated January 29, 2019 (the "**Motion**"),[1] of PG&E Corporation ("**PG&E |
| 2 | Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession |
| 3 | (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11** |
| 4 | **Cases**"), pursuant to sections 105(a), 363(b), and 507(a)(7) of title 11 of the United States Code |
| 5 | (the "**Bankruptcy Code**") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure |
| 6 | (the "**Bankruptcy Rules**"), requesting interim and final authority, in the ordinary course of business |
| 7 | and consistent with past practices, to (a) maintain and administer their Customer Programs (as defined |
| 8 | below) including the (i) Deposit and Reimbursement Programs, (ii) Public Purpose Programs, |
| 9 | (iii) Environmental Cleanup Programs, (iv) Third-Party Programs, (v) GHG Credit Programs, and |
| 10 | (vi) Customer Support Programs, and (b) pay and otherwise honor all obligations relating to each of |
| 11 | the foregoing, whether arising prior to, or after, the Petition Date, as necessary and appropriate in the |
| 12 | Debtors' business judgment, all as more fully set forth in the Motion; and this Court having jurisdiction |
| 13 | to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order* |
| 14 | *Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), |
| 15 | and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the |
| 16 | Northern District of California; and consideration of the Motion and the requested relief being a core |
| 17 | proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 |
| 18 | U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as |
| 19 | provided to the parties listed therein is reasonable and sufficient ~~under the circumstances~~, and it |
| 20 | appearing that no other or further notice need be provided; and this Court having reviewed the Motion |
| 21 | and the Wells Declaration (as amended on February 2, 2019 [Docket No. 263]); and this Court having |
| 22 | held ~~a~~ hearings ~~on~~ to consider the relief requested in the Motion on an interim and final basis; and this |
| 23 | Court having previously entered an order granting interim relief with respect to the Motion [Docket |
| 24 | No. 216]; and this Court having determined that the legal and factual bases set forth in the Motion |

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is ~~necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, and is~~ in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on ~~an interim~~ a final basis, as provided herein.

2. The Debtors, in their business judgment, are authorized, but not directed, to (i) pay, perform, and honor the Customer Program Obligations, and to effect all payments and permit all setoffs in connection therewith (whether relating to the period prior or subsequent to the Petition Date), including, without limitation, payment of Security Deposit Refunds, MLX Deposit Refunds, UG Costs, PPP Costs, ECP Costs, TPP Costs, GHG Costs, and CSP Costs in an aggregate amount not to exceed $248.3 million plus OCP Costs on an interim basis, and (ii) continue to perform in accordance with applicable laws one or more of the Customer Programs, including, without limitation, the Deposit and Reimbursement Programs, the Public Purpose Programs, the Environmental Cleanup Programs, the Third-Party Programs, the GHG Credit Programs, and the Customer Support Programs, in the ordinary course of business, without further application to or Order of the Court.

3. Banks and financial institutions are authorized, but not directed, at the Debtors' request, to receive, process, honor and pay, to the extent of funds on deposit, any and all checks issued or to be issued or electronic funds transfers requested or to be requested by the Debtors relating to the Customer Programs and/or the Customer Program Obligations.

4. The Debtors are authorized, but not directed, to issue new postpetition checks or effect new electronic funds transfers on account of the Customer Programs and Customer Program Obligations to replace any prepetition checks or electronic funds transfer requests that may be lost, dishonored, or rejected as a result of the commencement of the Chapter 11 Cases.

5. Nothing contained in this ~~Interim~~ Final Order or in the Motion is intended to be or shall

~~[PROPOSED]~~ FINAL ORDER ~~RE DEBTORS' MOTION TO CONTINUE PREPETITION~~ AUTHORIZING CUSTOMER AND PUBLIC PURPOSE PROGRAMS—~~EXHIBIT A~~   4   ~~CASE NO. 19-XXXXXX~~

Case: 19-30088    Doc# 491-7    Filed: 02/19/19    Entered: 02/19/19 19:35:25    Page 8 of 9

be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise any payment made pursuant to this ~~Interim~~Final Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

6. Notwithstanding entry of this ~~Interim~~Final Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

~~7. The requirements for immediate entry of this Interim Order pursuant to Bankruptcy Rule 6003(b) have been satisfied.~~

~~8~~7. The requirements of Bankruptcy Rules 4001(d) and 6004(a) ~~are waived~~have been satisfied.

~~9~~8. Notwithstanding the provisions of Bankruptcy Rules 4001(a)(2) and 6004(h), this ~~Interim~~Final Order shall be immediately effective and enforceable upon its entry.

~~10~~9. The Debtors are authorized to take all steps necessary or appropriate to carry out this ~~Interim~~Final Order.

~~11. A final hearing to consider the relief requested in the Motion shall be held on February 27, 2019 at 9:30 a.m. (Prevailing Pacific Time) and any objections or responses to the Motion shall be filed and served so as to be actually received on or prior to February 20, 2019 at 4:00 p.m. (Prevailing Pacific Time).~~

~~12~~10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this ~~Interim~~Final Order.

** END OF ORDER **