**Exhibit 11**

**Proposed Reclamation Procedures Order**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>  - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>            **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**[PROPOSED] ORDER PURSUANT TO 11 U.S.C. §§ 546(c) AND 105(a) AND FED. R. BANKR. P. 9019 ESTABLISHING AND IMPLEMENTING EXCLUSIVE AND GLOBAL PROCEDURES FOR THE TREATMENT OF RECLAMATION CLAIMS** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Upon the Motion, dated January 29, 2019 (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 546(c) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order establishing procedures for the treatment of all claims seeking reclamation of Goods pursuant to section 546(c) of the Bankruptcy Code (the "**Reclamation Claims**") that may be asserted against the Debtors, and prohibiting any Seller from taking any other remedial action with respect to its Goods, including any other effort to reclaim the same, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration (as amended on February 2, 2019 [Docket No. 263]); and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. The following reclamation procedures (the "**Reclamation Procedures**"), which are

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

hereby approved and authorized in their entirety, shall apply to all Reclamation Claims:

a. any Seller asserting a Reclamation Claim must satisfy all procedural and timing requirements entitling it to have a right to reclamation under section 546(c) of the Bankruptcy Code;

b. any Seller asserting a Reclamation Claim must submit a written demand asserting such Reclamation Claim (a "**Reclamation Demand**"), which must include, to the extent such information is already available or known to such Seller, (i) a description of the Goods subject to the Reclamation Demand; (ii) copies of any purchasing orders, invoices, receipts, bills of lading and the like, identifying the particular Goods for which the Reclamation Demand is being asserted; (iii) any evidence regarding the date(s) such Goods were shipped to and received by the Debtors and the alleged value of such Goods; and (iv) a statement indicating whether the Seller has filed or intends to file any other claim against the Debtors regarding the Goods underlying its Reclamation Demand (collectively, the "**Reclamation Demand Requirements**");

c. all Reclamation Demands must be submitted to the Debtors' proposed claims and noticing agent, Prime Clerk LLC ("**Prime Clerk**"), by the applicable deadline set forth below, either by mail or hand delivery at PG&E Corporation Reclamations Demands, c/o Prime Clerk LLC, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232, and not filed on the Court docket;

d. to the extent that any Seller asserted a Reclamation Demand prior to entry of this Order granting the relief requested herein that complied with the procedures and timing requirements of section 546(c) of the Bankruptcy Code, but otherwise did not meet the Reclamation Demand Requirements, such Seller shall have twenty (20) days from the date of entry of this Order to submit to the Debtors (via Prime Clerk as set forth in (c) above) the supplemental information or evidence required to meet the Reclamation Demand Requirements;

e. unless a Seller has already submitted a Reclamation Demand to the Debtors within the forty-five (45) days prior to the Petition Date, any Seller asserting a Reclamation Claim must have submitted a Reclamation Demand (subject to the Seller's right to supplement the Reclamation Demand as set forth in (d) above to meet the Reclamation Demand Requirements) so that it was received by the Debtors (via Prime Clerk as set forth in (c) above) on or before twenty (20) days after the Petition Date (the "**Reclamation Deadline**");

f. upon entry of this Order, the Debtors will serve upon all Sellers who have submitted a Reclamation Demand by the Reclamation Deadline a copy of this Order at the address indicated in its Reclamation Demand;

g. no later than 120 days after entry of this Order (the "**Reclamation Notice Deadline**"), the Debtors will file with the Court a notice (the "**Reclamation Notice**"), listing the timely submitted Reclamation Claims and the amounts (if any) and proposed status and treatment of each such Reclamation Claim that the Debtors determine to be valid. The Debtors will serve the Reclamation Notice on (i) the United States Trustee for Region 17; (ii) the attorneys for any statutory committees appointed in these Chapter 11 Cases; (iii) counsel to the agent(s) under the Debtors' proposed debtor-in-possession financing facilities; and (iv) each Seller listed in the Reclamation Notice, at the address indicated in the respective Seller's Reclamation Demand (collectively, the "**Notice Parties**");

h. if the Debtors fail to file the Reclamation Notice by the Reclamation Notice Deadline, any holder of a Reclamation Claim that submitted a timely Reclamation Demand in accordance with the Reclamation Procedures may bring a motion on its own behalf to seek relief with respect to its Reclamation Claim;

i. any party that wishes to object to the Reclamation Notice must file and serve an objection (a "**Reclamation Notice Objection**") on the Notice Parties, so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the twentieth (20th) day after the date on which the Reclamation Notice is filed (the "**Objection Deadline**"). Any Reclamation Notice Objection must include (i) a copy of the Reclamation Demand, with evidence of the date mailed to the Debtors; and (ii) a statement describing with specificity the objections to the Reclamation Notice and any legal and factual bases for such objections;

j. any Reclamation Claim listed in the Reclamation Notice for which no Reclamation Notice Objection is filed and served by the Objection Deadline shall be deemed allowed by the Court in the amount identified by the Debtors in the Reclamation Notice, *provided* that all issues relating to the treatment of any such allowed Reclamation Claim under a chapter 11 plan for the Debtors shall be reserved;

k. notwithstanding and without limiting the foregoing, the Debtors will be authorized, but not required, to negotiate, with any Seller to seek an agreement resolving the Seller's Reclamation Claim. If no agreement is reached resolving the Reclamation Notice Objection, the Debtors or the Sellers may file a motion with the Court requesting a hearing with respect to the Reclamation Notice Objection. If the Debtors and a Seller agree on the validity, amount, or treatment of the Seller's Reclamation Claim, the Debtors will file with the Court a notice of settlement (a "**Settlement Notice**") and serve such Settlement Notice on the Notice Parties. Each Notice Party will have ten (10) days from the date of service of such Settlement Notice to file with the Court and serve on the other Notice Parties and attorneys for the Debtors an objection thereto (a "**Settlement Objection**");

l. if no Settlement Objection is timely filed and served, such Reclamation Claim will be treated in accordance with the Settlement Notice without further order of the Court;

m. if a Settlement Objection is timely filed and served, the parties may negotiate a consensual resolution of such objection to be incorporated in a stipulation filed with the Court (a "**Settlement Stipulation**"). Upon the filing of a Settlement Stipulation, the applicable Reclamation Claim shall be allowed and treated in accordance with the terms of the Settlement Stipulation without further order of the Court;

n. if no consensual resolution of a Settlement Objection is reached, the Debtors may file a motion with the Court requesting a hearing with respect to the Settlement Notice;

o. if a Seller receives payment on account of the Seller's prepetition claims pursuant to any other motion that has been or may be filed by the Debtors, including, without limitation, (i) the Debtors' motion seeking authorization to establish procedures for asserting claims arising under section 503(b)(9) of the Bankruptcy Code; and (ii) the Debtors' motion seeking authorization to pay prepetition claims of certain safety and reliability, outage and nuclear facility suppliers, to the extent a Seller receives payment on account of its prepetition claim pursuant to an order

approving any of such motions, the Reclamation Procedures shall not apply to such Seller to the extent of any such payment; and

    p.     all Sellers shall be forever barred, without further order of the Court, from asserting a Reclamation Demand after the expiration of the Reclamation Deadline, but shall not be barred from asserting, subject to applicable deadlines, related or unrelated general unsecured claims or administrative expense status pursuant to section 503(b)(9) of the Bankruptcy Code.

3.     The foregoing Reclamation Procedures are the sole and exclusive method for addressing and resolving unpaid Reclamation Claims asserted against the Debtors.

4.     All Sellers are prohibited from seeking any other means for the resolution or treatment of their Reclamation Claims, including without limitation: (a) commencing adversary proceedings and contested matters in connection with any Reclamation Claims, (b) seeking to obtain possession of any Goods except as may be permitted by the Reclamation Procedures, and (c) interfering with the delivery of any Goods to the Debtors or the retention of any Goods by the Debtors; *provided, however*, that nothing in this Order shall bar a Seller from asserting a claim pursuant to section 503(b)(9) of the Bankruptcy Code by the applicable deadline.

5.     Any adversary proceedings or contested matters related to Reclamation Claims, whether currently pending or initiated in the future, except those proceedings initiated by the Debtors in accordance with the Reclamation Procedures, are stayed and the claims asserted therein shall be resolved exclusively pursuant to the Reclamation Procedures.

6.     To the extent a Reclamation Claim has been paid by the Debtors pursuant to another order entered by the Court in these Chapter 11 Cases, the Reclamation Procedures shall not apply to such Seller to the extent of any such payment and any Reclamation Claim to the extent of any such payment filed by such Seller with the Court shall be deemed withdrawn without the need for any further order of the Court.

7.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **