**Exhibit 13**

**Proposed Utilities Order**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                              **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**[PROPOSED] ORDER PURSUANT TO 11 U.S.C. §§ 366 AND 105(a) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES PROVIDING ADEQUATE ASSURANCE AND RESOLVING OBJECTIONS OF UTILITY PROVIDERS, AND (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICE** |

ORDER APPROVING ADEQUATE ASSURANCE
PROCEDURES FOR UTILITY PROVIDERS

Upon the Motion, dated January 29, 2019 (the "**Motion**"), of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 366 and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order (i) approving the Debtors' proposed form of adequate assurance of payment for postpetition Utility Services; (ii) establishing procedures for providing adequate assurance and resolving objections of Utility Providers relating to the adequacy of the proposed adequate assurance; and (iii) prohibiting the Utility Providers from altering, refusing, or discontinuing service to, or discriminating against, the Debtors because of the commencement of the Chapter 11 Cases or a debt that is owed by the Debtors for Utility Services rendered prior to the Petition Date, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration (as amended on February 2, 2019 [Docket No. 263]); and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. The Proposed Adequate Assurance is hereby approved and is deemed adequate assurance of payment as the term is used in section 366 of the Bankruptcy Code.

3. The following Adequate Assurance Procedures to be utilized in connection with the Proposed Adequate Assurance are approved:

(a) The Debtors shall fax, e-mail, serve by overnight mail, or otherwise expeditiously send a copy of this Order to each Utility Provider on the Utility Service List within three (3) business days after entry of this Order.

(b) The Debtors shall deposit the Adequate Assurance Deposit in the amount of $4,800,000 into a segregated, interest-bearing bank account (the "**Adequate Assurance Account**") within five (5) business days of entry of this Order; provided, that to the extent any Utility Provider receives any additional assurance of payment as set forth herein, the Debtors may reduce the Adequate Assurance Deposit maintained in the Adequate Assurance Account by such amount.

(c) The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors on the earlier of (i) the date on which the Debtors have terminated the services from such provider and have satisfied in full all postpetition obligations due and owing to the applicable Utility Provider and (ii) the effective date of a plan of reorganization in the Chapter 11 Cases, if not applied earlier.

d. Any Utility Provider not satisfied with the Proposed Adequate Assurance must serve a written request for additional assurance (an "**Additional Assurance Request**") on the following parties: (i) the Debtors, 77 Beale Street, San Francisco, CA 94105 (Attn.: Mari Becker and Nicholas Bijur); (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn.: Stephen Karotkin, Esq. and Rachael Foust, Esq.); and (iii) Keller & Benvenutti, 650 California Street, Suite 1900, San Francisco, CA 94108 (Attn: Tobias S. Keller, Esq. and Jane Kim, Esq.) (collectively, the "**Adequate Assurance Notice Parties**").

e. Any Additional Assurance Request must (i) be made in writing, (ii) set forth the location for which Utility Services are provided, (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including the amounts of any security deposits, and (iv) set forth an explanation of why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

f. Any Additional Assurance Request must be made and actually received by the Adequate Assurance Notice Parties by no later than twenty (20) days after entry of this Order, or such greater period as may be agreed to by the Debtors and the relevant Utility Provider. If a Utility Provider fails to timely file and serve an Additional Assurance Request, it shall be: (i) deemed to have received adequate assurance of payment "satisfactory" to such Utility Provider in compliance with section 366 of the Bankruptcy Code; and (ii) forbidden to discontinue, alter, or refuse service to, or discriminate against, the Debtors on account of any unpaid prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance.

g. Upon receipt by the Adequate Assurance Notice Parties of any Additional Assurance Request as set forth above, the Debtors shall have the greater of (i) twenty (20) days from the receipt of such Additional Assurance Request, and (ii) thirty (30) days from entry of this Order (the "**Resolution Period**") to negotiate with such Utility Provider to resolve such Utility Provider's Additional

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Assurance Request, or such greater period as may be agreed to by the Debtors and the relevant Utility Provider.

  h. If the Debtors, in their sole discretion, determine that an Additional Assurance Request or any consensual agreement reached in connection therewith is reasonable, the Debtors may resolve any Additional Assurance Request without further order of the Court, and may, in connection with any such agreement, in their sole discretion, provide a Utility Provider with additional adequate assurance of future payment, including but not limited to cash deposits, prepayments or other forms of security.

  i. If the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach a resolution with the Utility Provider during the Resolution Period, the Debtors, during or immediately after the Resolution Period, shall schedule a hearing before this Court to determine the adequacy of assurances of payment with respect to such Utility Provider (the "**Determination Hearing**") pursuant to section 366(c)(3) of the Bankruptcy Code.

  j. Pending resolution of a disputed Additional Assurance Request at the Determination Hearing, the relevant Utility Provider shall be prohibited from discontinuing, altering, or refusing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

5. Absent compliance with the procedures set forth in the Motion and this Order, the Utility Providers are prohibited from altering, refusing, or discontinuing service on account of any unpaid prepetition charges and are deemed to have received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code.

6. The Debtors are authorized, in their sole discretion, to amend the Utility Service List to add or delete any Utility Provider, and this Order shall apply to any Utility Provider that is subsequently added to the Utility Service List. In addition, the Debtors may terminate the services of any Utility Provider and are immediately authorized to reduce the Adequate Assurance Deposit by the amount held on account of such terminated Utility Provider.

7. The Debtors shall serve a copy of this Order on any Utility Provider that is subsequently added to the Utility Services List and deposit two (2) weeks' worth of estimated utility costs in the Adequate Assurance Account for the benefit of such Utility Provider (less any amounts on deposit with any such Utility Provider that have not been applied to outstanding prepetition amounts), and any such subsequently added Utility Providers shall have twenty (20) days from the date of service of this Order to make an Additional Assurance Request.

8. Any Utility Provider that fails to timely provide the Debtors with an Additional Assurance Request in accordance with the procedures set forth here shall be deemed to have consented to the Adequate Assurance Procedures and shall be bound by this Order.

9. Nothing contained in this Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise any deposit made pursuant to this Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

10. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

11. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119