# Exhibit 16

## Ordinary Course Professionals Motion

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1  WEIL, GOTSHAL & MANGES LLP
   Stephen Karotkin (*pro hac vice*)
2  (stephen.karotkin@weil.com)
   Jessica Liou (*pro hac vice*)
3  (jessica.liou@weil.com)
   Matthew Goren (*pro hac vice*)
4  (matthew.goren@weil.com)
   767 Fifth Avenue
5  New York, NY 10153-0119
   Tel: 212 310 8000
6  Fax: 212 310 8007
7
   KELLER & BENVENUTTI LLP
8  Tobias S. Keller (#151445)
   (tkeller@kellerbenvenutti.com)
9  Jane Kim (#298192)
   (jkim@kellerbenvenutti.com)
10 650 California Street, Suite 1900
   San Francisco, CA 94108
11 Tel: 415 496 6723
   Fax: 650 636 9251
12
13 *Proposed Attorneys for Debtors
   and Debtors in Possession*

14

15            **UNITED STATES BANKRUPTCY COURT**

16            **NORTHERN DISTRICT OF CALIFORNIA**

17            **SAN FRANCISCO DIVISION**

18 | In re:

19 | **PG&E CORPORATION**

20 |         **- and -**

21 | **PACIFIC GAS AND ELECTRIC**
   | **COMPANY,**
22 |                         **Debtors.**

23 | ☐   Affects PG&E Corporation
24 | ☐   Affects Pacific Gas and Electric
   |      Company
25 | ☒   Affects both Debtors
26 | *\* All papers shall be filed in the Lead Case,*
   | *No. 19-30088 (DM).*

27

28

Bankruptcy Case
No. 19-30088 (DM)

Chapter 11
(Lead Case)
(Jointly Administered)

**[PROPOSED] ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 327, 328, AND 330 AUTHORIZING THE DEBTORS TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS *NUNC PRO TUNC* TO THE PETITION DATE**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Upon the Motion, dated February 6, 2019 (the "**Motion**"),[1] of PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (together, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105(a), 327, 328, and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing, but not directing, the Debtors to (i) establish certain procedures to retain and compensate those professionals that the Debtors employ in the ordinary course of business (collectively, the "**Ordinary Course Professionals**"), effective as of the Petition Date, without (a) the submission of separate retention applications or (b) the issuance of separate retention orders by the Court for each individual Ordinary Course Professional; and (ii) compensate and reimburse Ordinary Course Professionals without individual fee applications, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration (as amended on February 2, 2019 [Docket No. 263]); and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as provided herein.

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

Case: 19-30088    Doc# 491-16    Filed: 02/19/19    Entered: 02/19/19 19:35:25    Page 3
of 42

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

2.      The Debtors are authorized, but not directed, to employ the Ordinary Course Professionals listed on **Exhibit 1** hereto in the ordinary course of their business in accordance with the terms of any existing engagement letter(s) and subject to the following procedures (the "**Procedures**"), *nunc pro tunc* to the Petition Date:

(i)     Within thirty (30) days after the later of (a) the entry of this Order and (b) the date on which an Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional will provide the following to the Debtors' attorneys: (1) a declaration (the "**OCP Declaration**"), substantially in the form annexed hereto as **Exhibit 2**, certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which such professional is to be employed, and (2) a completed retention questionnaire (the "**Retention Questionnaire**"), substantially in the form annexed hereto **Exhibit 3**.

(ii)    Upon receipt of a completed OCP Declaration and Retention Questionnaire, the Debtors will file the same with the Court and serve copies on (a) the United States Trustee for Region 17 (the "**U.S. Trustee**"), (b) counsel for any official committees appointed in these Chapter 11 Cases (each a "**Committee**"), and (c) counsel for the agent under the Debtors' debtor-in-possession financing facility (collectively, the "**Reviewing Parties**").

(iii)   If a party wishes to object to the retention of an Ordinary Course Professional, such party shall, within fifteen (15) days after the filing of the applicable OCP Declaration (the "**Retention Objection Deadline**"), file with the Court and serve on (a) the attorneys for the Debtors and (b) the relevant Ordinary Course Professional (together, the "**Objection Recipients**") a written objection stating, with specificity, the legal and/or factual bases for such objection.  If no objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients before the Retention Objection Deadline, the retention and employment of such professional shall be deemed approved without further order of the Court.

(iv)    If a timely objection to the retention of any Ordinary Course Professional is filed with the Court and served on the Objection Recipients, and such objection cannot be resolved within fourteen (14) days after the Retention Objection Deadline, the Debtor will file a notice of hearing and schedule the matter for adjudication by the Court at the next available hearing that is at least seven (7) days from the date of such notice.

(v)     No Ordinary Course Professional may be paid any amount for invoiced fees and expenses until the Ordinary Course Professional has been retained in accordance with these Procedures.

(vi)    The Debtors are authorized to retain an Ordinary Course Professional and to compensate such Ordinary Course Professional, without formal application to the Court, 100% of the fees and reimburse 100% of the expenses incurred upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtors' right to dispute any such invoices); provided, however, that the Ordinary Course

Case: 19-30088    Doc# 491-16    Filed: 02/19/19    Entered: 02/19/19 19:35:25    Page 4
of 42

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

Professional's total compensation and reimbursements will not exceed $100,000 for each month starting from the first full month following the Petition Date (the "**Monthly Cap**").

(vii)    To the extent an Ordinary Course Professional's total compensation and reimbursements are less than the OCP Monthly Cap, the amount by which such compensation and reimbursements are below the OCP Monthly Cap may be carried over to successive periods, subject at all times to the OCP Annual Cap (as defined below).

(viii)    In the event that an Ordinary Course Professional's fees and expenses exceed the OCP Monthly Cap for any month during these Chapter 11 Cases, (a) the Debtors may pay the Ordinary Course Professional's fees and expenses owed for such month up to the OCP Monthly Cap; and (b) for each such month, the Ordinary Course Professional will file with the Court a fee application, to be heard on notice, on account of the fees and expenses in excess of the OCP Monthly Cap and apply for compensation and reimbursement of such amount in compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California*, dated February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**UST Guidelines**" and, together with the Local Guidelines, collectively, the '**Fee Guidelines**"), and all orders of the Court.

(ix)    Payment to any one Ordinary Course Professional shall not exceed $1,000,000 for any twelve-month period in which these Chapter 11 Cases are pending (the "**OCP Annual Cap**"), subject to further order of the Court. In the event that an Ordinary Course Professional's fees and expenses exceed the OCP Annual Cap, such Ordinary Course Professional shall be required to file a separate retention application to be retained as a professional pursuant to section 327 of the Bankruptcy Code (which application may seek to be effective *nunc pro tunc* to the Petition Date). The OCP Annual Cap may be increased by mutual agreement between the Debtors and the U.S. Trustee; provided that the Debtors shall file a notice with the Court of any such agreed increase.

(x)    Within thirty (30) days of the end of each quarterly period, the Debtors will file a statement with the Court and serve the same on the Reviewing Parties, certifying the Debtors' compliance with the terms of the relief requested herein. The statement shall include for each Ordinary Course Professional (a) the name of such Ordinary Course Professional, and (b) for each quarterly period, the aggregate amounts paid as compensation for services rendered and as reimbursement of expenses incurred by such professional.

(xi)    If the Debtors seek to retain an Ordinary Course Professional not already listed on **Exhibit 1** hereto, the Debtors will file with the Court and serve on the Reviewing Parties a notice listing those additional Ordinary Course Professionals to be added to the initial list of Ordinary Course Professionals (the "**OCP List Supplement**"), along with the attendant OCP Declarations and Retention Questionnaires.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

(xii)    If a party wishes to object to the retention of an Ordinary Course Professional listed on an OCP List Supplement, such party shall, within fifteen (15) days after the filing of the applicable OCP List Supplement, file with the Court and serve on the Objection Recipients a written objection stating, with specificity, the legal and/or factual bases for such objection. If no timely objection to the retention of an Ordinary Course Professional listed on an OCP List Supplement is filed with the Court and served on the Objection Recipients, the retention and employment of such professional shall be deemed approved without further order of the Court. Any Ordinary Course Professional retained pursuant to an OCP List Supplement will be paid in accordance with the terms and conditions set forth in these Procedures.

3.    For the avoidance of doubt, in the event of any conflict between the terms of any engagement letter(s) with any Ordinary Course Professional and the terms of the Procedures, the terms of the Procedures shall govern.

4.    The form of OCP Declaration and Retention Questionnaire are approved.

5.    Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code. Entry of this Order and approval of the Procedures shall not affect the Debtors' ability to (i) dispute any invoice submitted by an Ordinary Course Professional or (ii) retain additional Ordinary Course Professionals from time to time as needed, and the Debtors reserve all of their rights with respect thereto.

6.    Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

7.    The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

8.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

Case: 19-30088   Doc# 491-16   Filed: 02/19/19   Entered: 02/19/19 19:35:25   Page 6 of 42

**<u>Exhibit 1</u>**

**Ordinary Course Professionals**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER AUTHORIZING DEBTORS TO EMPLOY
ORDINARY COURSE PROFESSIONALS –
EXHIBIT 1

| Name | Address | Legal Service |
|------|---------|---------------|
| Aldrich & Bonnefin, PLC | 18500 Von Karman Avenue, Suite 300, Irvine, CA, 62612, United States | FERC/CPUC (Non-Permitting) Regulatory & Licensing Matters |
| Allen Matkins | Three Embarcadero Center, 12th Floor, San Francisco, CA, 94111-4074 | Environmental Law (non-CPUC) Matters |
| Alvardo Smith | 235 Pine Street, Suite 1150, San Francisco, CA, 94104, United States | Personal Injury and Property Damage Matters |
| Amanda C. Lewis | 20 Sunnyside Road Suite #110A, Mill Valley, CA, 94941, United States | Commercial Transaction Matters |
| Armbruster, Goldsmith & Delvac | 12100 Wilshire Boulevard, Suite 1600, Los Angeles, CA, 90024, United States | Nuclear Regulatory Commission Matters |
| Barg Coffin | 600 Montgomery Street, Suite 525, San Francisco, CA, 94111, United States | Environmental Law (non-CPUC) Matters |
| Boersch Shapiro | 1611 Telegraph Avenue Suite 806, Oakland, CA, 94612, United States | Employment and Labor Matters |
| Castellon & Funderburk | 3201 Danville Boulevard, Suite 267, Alamo, CA, 94507, United States | Environmental Law (non-CPUC) Matters |
| CJG Legal | 200 Pringle Ave., Suite 400, Walnut Creek, CA, 94596, United States | Land/Eminent Domain Matters |
| Coleman, Chavez & Associates | 1731 East Roseville Parkway, Suite 200, Roseville, CA, 95661 | Employment and Labor Matters |
| Cooley | 101 California Street, Suite 500, San Francisco, CA, 94111-5800, United States | Environmental Law (non-CPUC) Matters |
| Cox, Castle & Nicholson | 50 California Street, Suite 3200, San Francisco, CA, 94111, United States | Environmental Law (non-CPUC) Matters |
| Davis Polk & Wardwell LLP | 1600 El Camino Real, Menlo Park, CA, 94025 | Corporate Matters |
| Day Carter Murphy | 3620 American River Drive, Suite 205, Sacramento, CA, 95864, United States | Environmental Matters - Non-Water, Permitting, Land Use |
| Ebbin, Moser & Skaggs | 550 Montgomery Street, Suite 900, San Francisco, CA, 94111-2539, United States | Environmental Law (non-CPUC) Matters |
| Egoscue Law Group | 3777 Long Beach Blvd, Suite 280, Long Beach, CA, 90807, United States | Environmental Law (non-CPUC) Matters |

ORDER AUTHORIZING DEBTORS TO EMPLOY
ORDINARY COURSE PROFESSIONALS –
EXHIBIT 1

| Ericksen, Arbuthnot, Kilduff, Day & Lindstrom | 100 Howe Avenue, Suite 110S, Sacramento, CA, 95825, United States | Personal Injury/Propery Damage Matters |
|---|---|---|
| Eversheds - Sutherland | 700 Sixth St. NW, Suite 700 Washington DC 20001-2980 United States | Tax Law |
| Farella Braun | 235 Montgomery Street, 17th Floor Russ Building, San Francisco, CA, 94104, United States | Commercial Transactions (Non-EP an Non-Const), & Intel. Prop. Matters |
| Flesher Schaff & Schroeder, Inc. | 2202 Plaza Drive, Rocklin, CA, 95762, United States | Employment and Labor Matters |
| Friedman & Springwater | 350 Sansome Street, Suite 210, San Francisco, CA, 94104 | Corporate Matters |
| Gordon-Creed, Kelley, Holl & Sugerman | 101 Montgomery Street, Suite 2650, San Francisco, CA, 94104 | Affirmative Claims/Property Damage Matters |
| Gough & Hancock | Two Embarcadero Center, Suite 640, San Francisco, CA, 94111, United States | Affirmative Claims/Property Damage Matters |
| Greenberg Traurig | 2375 East Camelback Road, Suite 700, Phoenix, AZ, 85016, United States | Personal Injury/Property Damage Matters |
| Hanna, Brophy, MacLean, McAleer & Jensen (Workers Comp) | 2701 Park Marina Drive, 1st Floor, Redding, CA, 96001, United States | Employment and Labor Matters |
| Hanson Bridgett | 425 Market Street, 26th Floor, San Francisco, CA, 94105, United States | Commercial Transactions (Non-EP an Non-Const), & Intel Prop Matters |
| Helena S. Younossi (dba Younossi Law) (Immigration) | 601 Gateway Boulevard, Suite 210, South San Francisco, CA, 94080, United States | Labor Immigration Matters |
| Horvitz & Levy | 3601 West Olive Avenue, 8th Floor, Burbank, CA, 91505 | Appellate Matters |
| Hunton Andrews Kurth | 2200 Pennsylvania Avenue, NW, Washington DC, 20037, United States | Commercial Transactions (Non-EP an Non-Const), & Intel Prop Matters |
| Hwang Law Group | 420 Kit Fox Court, Walnut Creek, CA, 94598, United States | Land/Eminent Domain Matters |
| J. Drew Page | 11622 El Camino Real, Suite 100, San Diego, CA, 92130, United States | Environmental Law (non-CPUC) Matters |
| Jackson Lewis P.C. | 200 Spectrum Center Drive, Suite 500, Irvine, CA, 92618, United States | Employment and Labor Matters |

Order Authorizing Debtors to Employ Ordinary Course Professionals – Exhibit 1

| Jennie Lee | 10 Corte Azul, Moraga, CA, 94556, United States | Labor Matters |
| Jennifer L. Dodge | 2512 Artesia Blvd., Suite 300D, Redondo Beach, CA, 90278, United States | Personal Injury/Propery Damage Matters |
| Jo Lynn Lambert (dba Lambert Law) | 300 East State Street, Suite 600, Redlands, CA, 92373, United States | Environmental Law (CPUC and non-CPUC) Matters |
| Kollitz & Kollitz | 150 South Los Robles Avenue, Suite 920, Pasadena, CA, 91101, United States | Employment and Labor Matters |
| Kronenberg Law, P.C. | 1 Kaiser Plaza, Suite 1675, Oakland, Ca, 94612, United States | Personal Injury/Propery Damage Matters |
| Latham & Watkins | 355 South Grand Avenue, Suite 100, Los Angeles, CA, 90071-1560, United States | Environmental Law (non-CPUC) Matters |
| Law Offices of Michael L. Gallo | 417 Village Drive, El Cerrito, CA, 94530, United States | Regulatory – CPUC Matters |
| Lee Law Offices | 1700 S. El Camino Real, Suite 450, San Mateo, CA, 94402, United States | Land/Eminent Domain Matters |
| LimNexus LLP | 707 Wilshire Blvd., 46th Floor, Los Angeles, CA, 90017, United States | Personal Injury/Propery Damage Matters |
| Lindsey How-Downing | 3060 El Cerrito Plaza #175, El Cerrito, CA, 94530, United States | Commercial Transactions-Energy Procurement Mattesr |
| Lucinda L. Storm | 720 Lombard Street, San Francisco, CA, 94133, United States | Personal Injury/Propery Damage Matters |
| Martha J. Simon | 22 Battery Street, Suite 888, San Francisco, CA, 94111, United States | Corporate Matters |
| Mayer Brown LLP | 1221 Avenue of the Americas, New York, NY, 10020-1001, United States | Corporate Matters |
| McClellan & Corren | 395 Oyster Point Blvd. Suite 218, South San Francisco, CA, 94080, United States | Employment and Labor Matters |
| Miller Chevalier | 900 16th Street NW, Washington, DC, 20006-2901, United States | Corporate Matters |
| Miller Starr Regalia | 1331 N. California Boulevard, 5th Floor, Walnut Creek, CA, 94596, United States | Environmental - Non-Water, Permitting, Land Use Matters |

ORDER AUTHORIZING DEBTORS TO EMPLOY
ORDINARY COURSE PROFESSIONALS –
EXHIBIT 1

| Law Office of Mario A. Moya | 1300 Clay Street, Suite 600, Oakland, CA, 94612 | Personal Injury/Propery Damage Matters |
|---|---|---|
| Paragon | 601 California Street, Suite 615, San Francisco, CA, 94108, United States | Staff Attorneys |
| Nakamoto Chou | 1532 E. Warner Avenue, Santa Ana, CA, 92705, United States | Employment and Labor Matters |
| Nielsen Merksamer | 1415 "L" Street Suite 1200, Sacramento, CA, 95814, United States | Political Compliance/Comm Trans - Other Incl. IP & Technology Matters |
| Nixon Peabody | One Embarcadero Center, 18th Floor, San Francisco, CA, 94111-3600, United States | Safety/OSHA Matters |
| Noland, Hamerly, Etienne & Hoss | P. O. Box 2510, Salinas, CA, 93902, United States | Joinder Benefits Matters |
| Nossaman LLP | 1666 K Street, NW, Suite 500, Washington, DC, 20006, United States | Environmental Law (non-CPUC) Matters |
| Opterra Law, Inc. | 2907 Claremont Avenue, Suite 115,, Berkeley, CA, 94705, United States | Commercial Transactions-Energy Procurement/FERC/CPUC Matters |
| Pasich LLP | 1100 Glendon Avenue, Los Angeles, CA, 90024, United States | Insurance Matters |
| Peters, Habib, McKenna & Juhl-Rhodes | 414 Salem Street, Chico, CA, 95928, United States | Land/Eminent Domain Matters |
| Pillsbury | Four Embarcadero Center, 22nd Floor, San Francisco, Ca, 94111-5998, United States | Commercial Transactions and Nuclear Regulatory Commission Matters |
| Ralls, Gruber & Niece LLP | 1700 S. El Camino Real, Suite 150, San Mateo, CA, 94402 | Commercial Litigation, Commercial Transactions, and Construction Matters |
| Rovens Lamb | 1500 Rosecrans Avenue, Suite 418, Manhattan Beach, CA, 90266, United States | Commercial Litigation/Personal Injury/Property Damage Matters |
| Roy J. Park, A Professional Law Corporation (Workers Comp) | 6119 E. Washington Blvd., Suite 202, Commerce, CA, 90040, United States | Employment and Labor Matters |
| Samuelsen, Gonzalez, Valenzuela & Brown | 700 Airport Boulevard Suite 380, Burlingame, CA, 94010, United States | Employment and Labor Matters |
| Sanchez & Amador | 1300 Clay Street, Suite 600, Oakland, CA, 94612, United States | Employment and Labor Matters |

ORDER AUTHORIZING DEBTORS TO EMPLOY
ORDINARY COURSE PROFESSIONALS –
EXHIBIT 1

| | | |
|---|---|---|
| Sheppard Mullin | 333 S. Hope Street, 43rd Floor, Los Angeles, CA, 90071, United States | Environmental Matters - Non-Water, Permitting, Land Use |
| Sinnott Puebla | 2000 Powell Street, Suite 830,, Emeryville, CA, 94608, United States | Personal Injury/Propery Damage Matters |
| Stander, Reubens, Thomas, and Kinsey | 200 North Sepulveda Boulevard, Suite 1400 | Employment and Labor Matters |
| Steptoe & Johnson | One Market Street, Steuart Tower, Suite 1800, San Francisco, CA, 94105 | Commercial Litigation - Energy Proc & Grid Matters |
| Tamara J. Gabel | 50 West San Fernando Street, Suite 1408, San Jose, CA, 95113, United States | Environmental Law (non-CPUC) Matters |
| Urrabazo Law | 10340 Santa Monica Boulevard, Los Angeles, CA, 90025, United States | Affirmative Claims and Property Damage Matters |
| Vedder Price | 1401 I Street NW, Suite 110, Washington, DC, 20005, United States | FAA and Aviation Matters |
| Wai & Connor | 2566 Overland Avenue, Suite 570, Los Angeles, CA, 90064, United States | Employment and Labor Matters |
| Walsworth | 601 Montgomery Street, Ninth Floor, San Francisco, Ca, 94111, United States | Environmental Law (non-CPUC) Matters |
| White & Case | 701 Thirteenth Street, N.W., Washington, DC, 20005, United States | FERC/CPUC (Non-Permitting) Regulatory & Licensing Matters |
| Wilmer Hale | 1875 Pennsylvania Avenue NW, Washington, DC, 20006, United States | Employment and Labor Matters |
| Winston & Strawn | 101 California Street, 35th Floor, San Francisco, CA, 94111, United States | FERC/CPUC (Non-Permitting) Regulatory & Licensing Matters |
| Work/Environment Law Group | 351 California Street, Suite 700, San Francisco, CA, 94104, United States | CPUC Permitting |

ORDER AUTHORIZING DEBTORS TO EMPLOY
ORDINARY COURSE PROFESSIONALS –
EXHIBIT I

**Exhibit 2**

**Ordinary Course Professional Declaration**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br> **- and -**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>       **Debtors.** | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br>(Jointly Administered)<br><br>**DECLARATION AND DISCLOSURE STATEMENT OF _____, ON BEHALF OF _____** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

I, _____, hereby declare as follows:

1.  I am a _____ of _____, located at _____ (the "**Firm**").

2.  PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (together, the "**Debtors**") in the above-captioned chapter 11 cases, have requested that the Firm provide _____ _____ services to the Debtors, and the Firm has consented to provide such services (the "**Services**").

3.  The Services include, but are not limited to, the following:

_____

_____.

4.  The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. The Firm does not

Case: 19-30088  Doc# 491-16  Filed: 02/19/19  Entered: 02/19/19 19:35:25  Page 14 of 42

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

perform services for any such person in connection with these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

5.     Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than principals and regular employees of the Firm.

6.     Neither I nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

7.     As of the commencement of this chapter 11 case, the Debtors owed the Firm $_____ in respect of prepetition services rendered to the Debtors.

8.     The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of this inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Case: 19-30088    Doc# 491-16    Filed: 02/19/19    Entered: 02/19/19 19:35:25    Page 15 of 42

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1     Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the

2 United States of America that the foregoing is true and correct, and that this Declaration and

3 Disclosure Statement was executed on _____, 2019, at _____.

4                 _____

5                 Declarant Name

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER AUTHORIZING DEBTORS TO EMPLOY    3
ORDINARY COURSE PROFESSIONALS –
EXHIBIT 2

**Exhibit 3**

**Retention Questionnaire**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtors.** | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br>(Jointly Administered)<br><br>**RETENTION QUESTIONNAIRE** |

☐     Affects PG&E Corporation

☐     Affects Pacific Gas and Electric Company

☐     Affects both Debtors

*All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

         TO BE COMPLETED BY PROFESSIONALS EMPLOYED by PG&E Corporation and

Pacific Gas and Electric Company, as debtors and debtors in possession (together, the "**Debtors**") in

the above-captioned chapter 11 cases.

         All questions **must** be answered.  Please use "none," "not applicable," or "N/A," as appropriate.

If more space is needed, please complete on a separate page and attach.

1.     Name and address of professional:

         _____

         _____

         _____

2.     Date of retention:  _____

3.     Type of services to be provided:

         _____

         _____

ORDER AUTHORIZING DEBTORS TO EMPLOY
ORDINARY COURSE PROFESSIONALS –
EXHIBIT 3

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

4.    Brief description of services to be provided:

_____

_____

_____

5.    Arrangements for compensation (hourly, contingent, etc.):

_____

(a)    Average hourly rate (if applicable): _____

(b)    Estimated average monthly compensation based on prepetition retention (if company was employed prepetition):

_____

6.    Prepetition claims against the Debtors held by the company:

Amount of claim:  $_____

Date claim arose:  _____

Nature of claim:  _____

7.    Prepetition claims against the Debtors held individually by any member, associate, or employee of the company:

Name:  _____

Status:  _____

Amount of claim: $_____

Date claim arose:  _____

Nature of claim:  _____

_____

8.    Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates for the matters on which the professional is to be employed:

_____

_____

_____

Case: 19-30088    Doc# 491-16    Filed: 02/19/19    Entered: 02/19/19 19:35:25    Page 19 of 42

9. Name and title of individual completing this form:

_____

Dated: _____, 2019

_____

Signature of Individual Completing Form

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**Exhibit A**

**[PROPOSED] Order**

1 WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
2 (stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
3 (jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
4 (matthew.goren@weil.com)
767 Fifth Avenue
5 New York, NY 10153-0119
Tel: 212 310 8000
6 Fax: 212 310 8007
7

8 KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
9 (tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
10 (jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
11 San Francisco, CA 94108
Tel: 415 496 6723
12 Fax: 650 636 9251
13

*Proposed Attorneys for Debtors*
14 *and Debtors in Possession*

15 **UNITED STATES BANKRUPTCY COURT**

16 **NORTHERN DISTRICT OF CALIFORNIA**

17

18 **In re:**

19 **PG&E CORPORATION**

20 **- and -**

21 **PACIFIC GAS AND ELECTRIC**
**COMPANY,**
22                                    **Debtors.**

Bankruptcy Case
No. 19-30088 (DM)

Chapter 11
(Lead Case)
(Jointly Administered)

23 **[PROPOSED] ORDER PURSUANT TO 11 U.S.C.**
**§§ 105(a), 327, 328, AND 330 AUTHORIZING THE**
24 **DEBTORS TO EMPLOY PROFESSIONALS**
**USED IN THE ORDINARY COURSE OF**
25 **BUSINESS *NUNC PRO TUNC* TO THE PETITION**
**DATE**
26

27 ~~Date:~~        ~~February 27, 2019~~
~~Time:~~        ~~9:30 a.m. (Pacific Time)~~
28 ~~Place:~~       ~~United States Bankruptcy Court,~~
~~Courtroom 17, 16th Floor~~

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

ORDER AUTHORIZING DEBTORS' ~~MOTION~~ TO
EMPLOY ~~ORDINARY COURSE PROFESSIONALS~~
~~EXHIBIT A~~

~~450 Golden Gate Avenue,
San Francisco, CA 94102~~

☐ Affects PG&E Corporation

☐ Affects Pacific Gas and Electric
   Company

☑ Affects both Debtors

*All papers shall be filed in the Lead Case,
No. 19-30088 (DM).*

**SAN FRANCISCO DIVISION**

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

2

DEBTORS' MOTION TO EMPLOY ORDINARY
COURSE PROFESSIONALS – EXHIBIT A
-

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Upon the Motion, dated February 6, 2019 (the "**Motion**"),[1] of PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (together, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105(a), 327, 328, and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing, but not directing, the Debtors to (i) establish certain procedures to retain and compensate those professionals that the Debtors employ in the ordinary course of business (collectively, the "**Ordinary Course Professionals**"), effective as of the Petition Date, without (a) the submission of separate retention applications or (b) the issuance of separate retention orders by the Court for each individual Ordinary Course Professional; and (ii) compensate and reimburse Ordinary Course Professionals without individual fee applications, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration (as amended on February 2, 2019 [Docket No. 263]); and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

Case: 19-30088   Doc# 491-16   Filed: 02/19/19   Entered: 02/19/19 19:35:25   Page 24 of 42

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as provided herein.

2.      The Debtors are authorized, but not directed, to employ the Ordinary Course Professionals listed on **Exhibit 1** hereto in the ordinary course of their business in accordance with the terms of any existing engagement letter(s) and subject to the following procedures (the "**Procedures**"), *nunc pro tunc* to the Petition Date:

(i)     Within thirty (30) days after the later of (a) the entry of this Order and (b) the date on which an Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional will provide the following to the Debtors' attorneys: (1) a declaration (the "**OCP Declaration**"), substantially in the form annexed hereto as **Exhibit 2**, certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which such professional is to be employed, and (2) a completed retention questionnaire (the "**Retention Questionnaire**"), substantially in the form annexed hereto **Exhibit 3**.

(ii)    Upon receipt of a completed OCP Declaration and Retention Questionnaire, the Debtors will file the same with the Court and serve copies on (a) the United States Trustee for Region 17 (the "**U.S. Trustee**"), (b) counsel for any official committees appointed in these Chapter 11 Cases (each a "**Committee**"), and (c) counsel for the agent under the Debtors' debtor-in-possession financing facility (collectively, the "**Reviewing Parties**").

(iii)   If a party wishes to object to the retention of an Ordinary Course Professional, such party shall, within fifteen (15) days after the filing of the applicable OCP Declaration (the "**Retention Objection Deadline**"), file with the Court and serve on (a) the attorneys for the Debtors and (b) the relevant Ordinary Course Professional (together, the "**Objection Recipients**") a written objection stating, with specificity, the legal and/or factual bases for such objection. If no objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients before the Retention Objection Deadline, the retention and employment of such professional shall be deemed approved without further order of the Court.

(iv)    If a timely objection to the retention of any Ordinary Course Professional is filed with the Court and served on the Objection Recipients, and such objection cannot be resolved within fourteen (14) days after the Retention Objection Deadline, the Debtor will file a notice of hearing and schedule the matter for adjudication by the Court at the next available hearing that is at least seven (7) days from the date of such notice.

(v)     No Ordinary Course Professional may be paid any amount for invoiced fees and expenses until the Ordinary Course Professional has been retained in accordance with these Procedures.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Case: 19-30088    Doc# 491-16    Filed: 02/19/19    Entered: 02/19/19 19:35:25    Page 25
of 42

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

(vi)     The Debtors are authorized to retain an Ordinary Course Professional and to compensate such Ordinary Course Professional, without formal application to the Court, 100% of the fees and reimburse 100% of the expenses incurred upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtors' right to dispute any such invoices); provided, however, that the Ordinary Course Professional's total compensation and reimbursements will not exceed $100,000 for each month starting from the first full month following the Petition Date (the "**Monthly Cap**").

(vii)    To the extent an Ordinary Course Professional's total compensation and reimbursements are less than the OCP Monthly Cap, the amount by which such compensation and reimbursements are below the OCP Monthly Cap may be carried over to successive periods, subject at all times to the OCP Annual Cap (as defined below).

(viii)   In the event that an Ordinary Course Professional's fees and expenses exceed the OCP Monthly Cap for any month during these Chapter 11 Cases, (a) the Debtors may pay the Ordinary Course Professional's fees and expenses owed for such month up to the OCP Monthly Cap; and (b) for each such month, the Ordinary Course Professional will file with the Court a fee application, to be heard on notice, on account of the fees and expenses in excess of the OCP Monthly Cap and apply for compensation and reimbursement of such amount in compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California*, dated February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**UST Guidelines**" and, together with the Local Guidelines, collectively, the "**Fee Guidelines**"), and all orders of the Court.

(ix)     Payment to any one Ordinary Course Professional shall not exceed $1,000,000 for any twelve-month period in which these Chapter 11 Cases are pending (the "**OCP Annual Cap**"), subject to further order of the Court.  In the event that an Ordinary Course Professional's fees and expenses exceed the OCP Annual Cap, such Ordinary Course Professional shall be required to file a separate retention application to be retained as a professional pursuant to section 327 of the Bankruptcy Code (which application may seek to be effective *nunc pro tunc* to the Petition Date). The OCP Annual Cap may be increased by mutual agreement between the Debtors and the U.S. Trustee; provided that the Debtors shall file a notice with the Court of any such agreed increase.

(x)      Within thirty (30) days of the end of each quarterly period, the Debtors will file a statement with the Court and serve the same on the Reviewing Parties, certifying the Debtors' compliance with the terms of the relief requested herein.  The statement shall include for each Ordinary Course Professional (a) the name of such Ordinary Course Professional, and (b) for each quarterly period, the aggregate amounts paid as compensation for services rendered and as reimbursement of expenses incurred by such professional.

(xi)     If the Debtors seek to retain an Ordinary Course Professional not already listed on **Exhibit 1** hereto, the Debtors will file with the Court and serve on the Reviewing Parties a notice listing those additional Ordinary Course Professionals to be added to the initial list of Ordinary Course Professionals (the "**OCP List Supplement**"), along with the attendant OCP Declarations and Retention Questionnaires.

(xii)    If a party wishes to object to the retention of an Ordinary Course Professional listed on an OCP List Supplement, such party shall, within fifteen (15) days after the filing of the applicable OCP List Supplement, file with the Court and serve on the Objection Recipients a written objection stating, with specificity, the legal and/or factual bases for such objection. If no timely objection to the retention of an Ordinary Course Professional listed on an OCP List Supplement is filed with the Court and served on the Objection Recipients, the retention and employment of such professional shall be deemed approved without further order of the Court. Any Ordinary Course Professional retained pursuant to an OCP List Supplement will be paid in accordance with the terms and conditions set forth in these Procedures.

3.      For the avoidance of doubt, in the event of any conflict between the terms of any engagement letter(s) with any Ordinary Course Professional and the terms of the Procedures, the terms of the Procedures shall govern.

4.      ~~3.~~ The form of OCP Declaration and Retention Questionnaire are approved.

5.      ~~4.~~ Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.  Entry of this Order and approval of the Procedures shall not affect the Debtors' ability to (i) dispute any invoice submitted by an Ordinary Course Professional or (ii) retain additional Ordinary Course Professionals from time to time as needed, and the Debtors reserve all of their rights with respect thereto.

6.      ~~5.~~ Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

7.      ~~6.~~ The Debtors are authorized to take all steps necessary or appropriate to carry out this

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

---

Case: 19-30088    Doc# 491-16    Filed: 02/19/19    Entered: 02/19/19 19:35:25    Page 27
of 42

Order.

8. ~~7.~~ This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**<u>Exhibit 1</u>**

**Ordinary Course Professionals**

| Name | Address | Legal Service |
|------|---------|---------------|
| Aldrich & Bonnefin, PLC | 18500 Von Karman Avenue, Suite 300, Irvine, CA, 62612, United States | FERC/CPUC (Non-Permitting) Regulatory & Licensing Matters |
| Allen Matkins | Three Embarcadero Center, 12th Floor, San Francisco, CA, 94111-4074 | Environmental Law (non-CPUC) Matters |
| Alvardo Smith | 235 Pine Street, Suite 1150, San Francisco, CA, 94104, United States | Personal Injury and Property Damage Matters |
| Amanda C. Lewis | 20 Sunnyside Road Suite #110A, Mill Valley, CA, 94941, United States | Commercial Transaction Matters |
| Armbruster, Goldsmith & Delvac | 12100 Wilshire Boulevard, Suite 1600, Los Angeles, CA, 90024, United States | Nuclear Regulatory Commission Matters |
| Barg Coffin | 600 Montgomery Street, Suite 525, San Francisco, CA, 94111, United States | Environmental Law (non-CPUC) Matters |
| Boersch Shapiro | 1611 Telegraph Avenue Suite 806, Oakland, CA, 94612, United States | Employment and Labor Matters |
| Castellon & Funderburk | 3201 Danville Boulevard, Suite 267, Alamo, CA, 94507, United States | Environmental Law (non-CPUC) Matters |
| CJG Legal | 200 Pringle Ave., Suite 400, Walnut Creek, CA, 94596, United States | Land/Eminent Domain Matters |
| Coleman, Chavez & Associates | 1731 East Roseville Parkway, Suite 200, Roseville, CA, 95661 | Employment and Labor Matters |
| Cooley | 101 California Street, Suite 500, San Francisco, CA, 94111-5800, United States | Environmental Law (non-CPUC) Matters |
| Cox, Castle & Nicholson | 50 California Street, Suite 3200, San Francisco, CA, 94111, United States | Environmental Law (non-CPUC) Matters |
| Davis Polk & Wardwell LLP | 1600 El Camino Real, Menlo Park, CA, 94025 | Corporate Matters |
| Day Carter Murphy | 3620 American River Drive, Suite 205, Sacramento, CA, 95864, United States | Environmental Matters - Non-Water, Permitting, Land Use |
| Ebbin, Moser & Skaggs | 550 Montgomery Street, Suite 900, San Francisco, CA, 94111-2539, United States | Environmental Law (non-CPUC) Matters |
| Egoscue Law Group | 3777 Long Beach Blvd, Suite 280, Long Beach, CA, 90807, | Environmental Law (non-CPUC) Matters |

ORDER AUTHORIZING DEBTORS' MOTION TO
EMPLOY ORDINARY COURSE PROFESSIONALS

EXHIBIT 1 TO ORDER

| | | |
|---|---|---|
| | United States | |
| Ericksen, Arbuthnot, Kilduff, Day & Lindstrom | 100 Howe Avenue, Suite 110S, Sacramento, CA, 95825, United States | Personal Injury/Propery Damage Matters |
| Eversheds - Sutherland | 700 Sixth St. NW, Suite 700 Washington DC 20001-2980 United States | Tax Law |
| Farella Braun | 235 Montgomery Street, 17th Floor Russ Building, San Francisco, CA, 94104, United States | Commercial Transactions (Non-EP an Non-Const), & Intel. Prop. Matters |
| Flesher Schaff & Schroeder, Inc. | 2202 Plaza Drive, Rocklin, CA, 95762, United States | Employment and Labor Matters |
| Friedman & Springwater | 350 Sansome Street, Suite 210, San Francisco, CA, 94104 | Corporate Matters |
| Gordon-Creed, Kelley, Holl & Sugerman | 101 Montgomery Street, Suite 2650, San Francisco, CA, 94104 | Affirmative Claims/Property Damage Matters |
| Gough & Hancock | Two Embarcadero Center, Suite 640, San Francisco, CA, 94111, United States | Affirmative Claims/Property Damage Matters |
| Greenberg Traurig | 2375 East Camelback Road, Suite 700, Phoenix, AZ, 85016, United States | Personal Injury/Property Damage Matters |
| Hanna, Brophy, MacLean, McAleer & Jensen (Workers Comp) | 2701 Park Marina Drive, 1st Floor, Redding, CA, 96001, United States | Employment and Labor Matters |
| Hanson Bridgett | 425 Market Street, 26th Floor, San Francisco, CA, 94105, United States | Commercial Transactions (Non-EP an Non-Const), & Intel Prop Matters |
| Helena S. Younossi (dba Younossi Law) (Immigration) | 601 Gateway Boulevard, Suite 210, South San Francisco, CA, 94080, United States | Labor Immigration Matters |
| Horvitz & Levy | 3601 West Olive Avenue, 8th Floor, Burbank, CA, 91505 | Appellate Matters |
| Hunton Andrews Kurth | 2200 Pennsylvania Avenue, NW, Washington DC, 20037, United States | Commercial Transactions (Non-EP an Non-Const), & Intel Prop Matters |
| Hwang Law Group | 420 Kit Fox Court, Walnut Creek, CA, 94598, United States | Land/Eminent Domain Matters |
| J. Drew Page | 11622 El Camino Real, Suite 100, San Diego, CA, 92130, United States | Environmental Law (non-CPUC) Matters |
| Jackson Lewis P.C. | 200 Spectrum Center Drive, Suite 500, Irvine, CA, 92618, | Employment and Labor Matters |

ORDER AUTHORIZING DEBTORS' MOTION TO
EMPLOY ORDINARY COURSE PROFESSIONALS

EXHIBIT 1 TO ORDER

|  |  |  |
|---|---|---|
|  | United States |  |
| Jennie Lee | 10 Corte Azul, Moraga, CA, 94556, United States | Labor Matters |
| Jennifer L. Dodge | 2512 Artesia Blvd., Suite 300D, Redondo Beach, CA, 90278, United States | Personal Injury/Propery Damage Matters |
| Jo Lynn Lambert (dba Lambert Law) | 300 East State Street, Suite 600, Redlands, CA, 92373, United States | Environmental Law (CPUC and non-CPUC) Matters |
| Kollitz & Kollitz | 150 South Los Robles Avenue, Suite 920, Pasadena, CA, 91101, United States | Employment and Labor Matters |
| Kronenberg Law, P.C. | 1 Kaiser Plaza, Suite 1675, Oakland, Ca, 94612, United States | Personal Injury/Propery Damage Matters |
| Latham & Watkins | 355 South Grand Avenue, Suite 100, Los Angeles, CA, 90071-1560, United States | Environmental Law (non-CPUC) Matters |
| Law Offices of Michael L. Gallo | 417 Village Drive, El Cerrito, CA, 94530, United States | Regulatory – CPUC Matters |
| Lee Law Offices | 1700 S. El Camino Real, Suite 450, San Mateo, CA, 94402, United States | Land/Eminent Domain Matters |
| LimNexus LLP | 707 Wilshire Blvd., 46th Floor, Los Angeles, CA, 90017, United States | Personal Injury/Propery Damage Matters |
| Lindsey How-Downing | 3060 El Cerrito Plaza #175, El Cerrito, CA, 94530, United States | Commercial Transactions-Energy Procurement Mattesr |
| Lucinda L. Storm | 720 Lombard Street, San Francisco, CA, 94133, United States | Personal Injury/Propery Damage Matters |
| Martha J. Simon | 22 Battery Street, Suite 888, San Francisco, CA, 94111, United States | Corporate Matters |
| Mayer Brown LLP | 1221 Avenue of the Americas, New York, NY, 10020-1001, United States | Corporate Matters |
| McClellan & Corren | 395 Oyster Point Blvd. Suite 218, South San Francisco, CA, 94080, United States | Employment and Labor Matters |
| Miller Chevalier | 900 16th Street NW, Washington, DC, 20006-2901, United States | Corporate Matters |
| Miller Starr Regalia | 1331 N. California Boulevard, | Environmental - Non-Water, |

| | | | |
|---|---|---|---|
| 1 | | 5th Floor, Walnut Creek, CA, 94596, United States | Permitting, Land Use Matters |
| 2 | Law Office of Mario A. Moya | 1300 Clay Street, Suite 600, Oakland, CA, 94612 | Personal Injury/Propery Damage Matters |
| 3 4 | Paragon | 601 California Street, Suite 615, San Francisco, CA, 94108, United States | Staff Attorneys |
| 5 | Nakamoto Chou | 1532 E. Warner Avenue, Santa Ana, CA, 92705, United States | Employment and Labor Matters |
| 6 7 | Nielsen Merksamer | 1415 "L" Street Suite 1200, Sacramento, CA, 95814, United States | Political Compliance/Comm Trans - Other Incl. IP & Technology Matters |
| 8 9 | Nixon Peabody | One Embarcadero Center, 18th Floor, San Francisco, CA, 94111-3600, United States | Safety/OSHA Matters |
| 10 | Noland, Hamerly, Etienne & Hoss | P. O. Box 2510, Salinas, CA, 93902, United States | Joinder Benefits Matters |
| 11 12 | Nossaman LLP | 1666 K Street, NW, Suite 500, Washington, DC, 20006, United States | Environmental Law (non-CPUC) Matters |
| 13 14 | Opterra Law, Inc. | 2907 Claremont Avenue, Suite 115,, Berkeley, CA, 94705, United States | Commercial Transactions-Energy Procurement/FERC/CPUC Matters |
| 15 16 | Pasich LLP | 1100 Glendon Avenue, Los Angeles, CA, 90024, United States | Insurance Matters |
| 17 | Peters, Habib, McKenna & Juhl-Rhodes | 414 Salem Street, Chico, CA, 95928, United States | Land/Eminent Domain Matters |
| 18 19 | Pillsbury | Four Embarcadero Center, 22nd Floor, San Francisco, Ca, 94111-5998, United States | Commercial Transactions and Nuclear Regulatory Commission Matters |
| 20 21 | Ralls, Gruber & Niece LLP | 1700 S. El Camino Real, Suite 150, San Mateo, CA, 94402 | Commercial Litigation, Commercial Transactions, and Construction Matters |
| 22 | Rovens Lamb | 1500 Rosecrans Avenue, Suite 418, Manhattan Beach, CA, 90266, United States | Commercial Litigation/Personal Injury/Property Damage Matters |
| 23 24 25 | Roy J. Park, A Professional Law Corporation (Workers Comp) | 6119 E. Washington Blvd., Suite 202, Commerce, CA, 90040, United States | Employment and Labor Matters |
| 26 | Samuelsen, Gonzalez, Valenzuela & Brown | 700 Airport Boulevard Suite 380, Burlingame, CA, 94010, United States | Employment and Labor Matters |
| 27 | Sanchez & Amador | 1300 Clay Street, Suite 600, | Employment and Labor Matters |

28

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| | Oakland, CA, 94612, United States | |
|---|---|---|
| Sheppard Mullin | 333 S. Hope Street, 43rd Floor, Los Angeles, CA, 90071, United States | Environmental Matters - Non-Water, Permitting, Land Use |
| Sinnott Puebla | 2000 Powell Street, Suite 830,, Emeryville, CA, 94608, United States | Personal Injury/Propery Damage Matters |
| Stander, Reubens, Thomas, and Kinsey | 200 North Sepulveda Boulevard, Suite 1400 | Employment and Labor Matters |
| Steptoe & Johnson | One Market Street, Steuart Tower, Suite 1800, San Francisco, CA, 94105 | Commercial Litigation - Energy Proc & Grid Matters |
| Tamara J. Gabel | 50 West San Fernando Street, Suite 1408, San Jose, CA, 95113, United States | Environmental Law (non-CPUC) Matters |
| Urrabazo Law | 10340 Santa Monica Boulevard, Los Angeles, CA, 90025, United States | Affirmative Claims and Property Damage Matters |
| Vedder Price | 1401 I Street NW, Suite 110, Washington, DC, 20005, United States | FAA and Aviation Matters |
| Wai & Connor | 2566 Overland Avenue, Suite 570, Los Angeles, CA, 90064, United States | Employment and Labor Matters |
| Walsworth | 601 Montgomery Street, Ninth Floor, San Francisco, Ca, 94111, United States | Environmental Law (non-CPUC) Matters |
| White & Case | 701 Thirteenth Street, N.W., Washington, DC, 20005, United States | FERC/CPUC (Non-Permitting) Regulatory & Licensing Matters |
| Wilmer Hale | 1875 Pennsylvania Avenue NW, Washington, DC, 20006, United States | Employment and Labor Matters |
| Winston & Strawn | 101 California Street, 35th Floor, San Francisco, CA, 94111, United States | FERC/CPUC (Non-Permitting) Regulatory & Licensing Matters |
| Work/Environment Law Group | 351 California Street, Suite 700, San Francisco, CA, 94104, United States | CPUC Permitting |

ORDER AUTHORIZING DEBTORS' MOTION TO
EMPLOY ORDINARY COURSE PROFESSIONALS

EXHIBIT 1 TO ORDER

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1

2    <u>**Exhibit 2**</u>

3    **Ordinary Course Professional Declaration**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | |
| **- and -** | Chapter 11 |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Lead Case) (Jointly Administered) |
| Debtors. | **DECLARATION AND DISCLOSURE STATEMENT OF _____, ON BEHALF OF _____** |
| Affects PG&E Corporation | |
| Affects Pacific Gas and Electric Company | |
| Affects both Debtors | |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

I, _____, hereby declare as follows:

1.      I am a _____ of _____, located at _____ (the "**Firm**").

2.      PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (together, the "**Debtors**") in the above-captioned chapter 11 cases, have requested that the Firm provide _____ _____ services to the Debtors, and the Firm has consented to provide such services (the "**Services**").

3.      The Services include, but are not limited to, the following:

_____

_____.

4.      The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases.  As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

5.     Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than principals and regular employees of the Firm.

6.     Neither I nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

7.     As of the commencement of this chapter 11 case, the Debtors owed the Firm $_____ in respect of prepetition services rendered to the Debtors.

8.     The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of this inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

ORDER AUTHORIZING DEBTORS' MOTION TO            2
EMPLOY ORDINARY COURSE PROFESSIONALS

EXHIBIT 2 TO ORDER

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1    Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the

2    United States of America that the foregoing is true and correct, and that this Declaration and

3    Disclosure Statement was executed on _____, 2019, at _____.

4

                                                    _____

5                                                   Declarant Name

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    ORDER AUTHORIZING DEBTORS' MOTION TO          3
      EMPLOY ORDINARY COURSE PROFESSIONALS

EXHIBIT 2 TO ORDER

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

# Exhibit 3

**Retention Questionnaire**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case<br>No. 19-30088 (DM) |
| **PG&E CORPORATION** | |
| **- and -** | Chapter 11 |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Lead Case)<br>(Jointly Administered) |
| Debtors. | **RETENTION QUESTIONNAIRE** |

Affects PG&E Corporation

Affects Pacific Gas and Electric
  Company

Affects both Debtors

*All papers shall be filed in the Lead Case,
No. 19-30088 (DM).*

TO BE COMPLETED BY PROFESSIONALS EMPLOYED by PG&E Corporation and

Pacific Gas and Electric Company, as debtors and debtors in possession (together, the "**Debtors**") in

the above-captioned chapter 11 cases.

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as

appropriate. If more space is needed, please complete on a separate page and attach.

1.      Name and address of professional:

_____

_____

_____

2.      Date of retention: _____

3.      Type of services to be provided:

_____

_____

ORDER AUTHORIZING DEBTORS' MOTION TO
EMPLOY ORDINARY COURSE PROFESSIONALS

EXHIBIT 3 TO ORDER

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1  4.  Brief description of services to be provided:

2  _____

3  _____

4  _____

5  5.  Arrangements for compensation (hourly, contingent, etc.):

6  _____

7  (a)  Average hourly rate (if applicable): _____

8  (b)  Estimated average monthly compensation based on prepetition retention (if company

9  was employed prepetition):

10  _____

11  6.  Prepetition claims against the Debtors held by the company:

12  Amount of claim:  $_____

13  Date claim arose: _____

14  Nature of claim: _____

15  7.  Prepetition claims against the Debtors held individually by any member, associate, or employee

16  of the company:

17  Name: _____

18  Status: _____

19  Amount of claim: $_____

20  Date claim arose: _____

21  Nature of claim: _____

22  _____

23  8.  Disclose the nature and provide a brief description of any interest adverse to the Debtors or to

24  their estates for the matters on which the professional is to be employed:

25  _____

26  _____

27  _____

28  Order Authorizing Debtors' Motion to                    2
Employ Ordinary Course Professionals

9.    Name and title of individual completing this form:

_____

Dated: _____, 2019

_____
Signature of Individual Completing Form

Case: 19-30088    Doc# 491-16    Filed: 02/19/19    Entered: 02/19/19 19:35:25    Page 42
of 42

EXHIBIT 3 TO ORDER