XAVIER BECERRA, SBN 118517
Attorney General of California
MARGARITA PADILLA, SBN 99966
Supervising Deputy Attorney General
JAMES POTTER, SBN 166992
Deputy Attorney General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 879-0815
Fax: (510) 622-2270
Margarita.Padilla@doj.ca.gov
James.Potter@doj.ca.gov

XAVIER BECERRA, SBN 118517
Attorney General of California
DANETTE VALDEZ, SBN 141780
ANNADEL ALMENDRAS, SBN 192064
Supervising Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3367
Fax: (415) 703-5480
Danette.Valdez@doj.ca.gov
Annadel.Almendras@doj.ca.gov

STEVEN H. FELDERSTEIN, SBN 059678
PAUL J. PASCUZZI, SBN 148810
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone: (916) 329-7400
Fax: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com

Attorneys for California Air Resources Board

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>   - and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>             Debtors.<br>☐   Affects PG&E Corporation<br>☐   Affects Pacific Gas and Electric Company<br>☑   Affects both Debtors | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>Date: February 27, 2019<br>Time: 9:30 a.m.<br>Place: 450 Golden Gate Avenue<br>       16th Floor<br>       San Francisco, CA 94102<br>Judge: Honorable Dennis Montali |

**SUPPLEMENTAL STATEMENT AND RESERVATION OF RIGHTS REGARDING
CUSTOMER PROGRAMS MOTION
[DOCKET NO. 16]**

The California Air Resources Board ("CARB") hereby files this supplemental statement and reservation of rights with respect to the Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 507(a)(7) and Fed. R. Bankr. P. 6003 and 6004 for Interim and Final Orders (I) Authorizing Debtors to (A) Maintain and Administer Customer Programs, Including Public Purpose Programs, and (B) Honor any Prepetition Obligations Relating Thereto; and (II) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers (the "Customer Programs Motion") based on the following:

1. CARB files this supplemental statement and reservation of rights because the Debtors' descriptions of the terms "CC Costs," and "GHG Funds" in the Customer Programs Motion (Docket 16, pgs. 26-27) are not accurate. CARB seeks to clarify the record on these issues and reserve all rights with regard to any descriptions of the Cap-and-Trade Regulation.

2. Under California's Cap-and-Trade Regulation (title 17, California Code of Regulations, sections 95801-96022), the Debtors receive a free allocation of allowances for ratepayer benefit. All free allowances must be placed in a Limited Use Holding Account ("LUHA"). The free allowances in the LUHA must be offered for sale at auction, where the free allowances are monetized. The proceeds from the auctioned allowances are returned to the Debtors' customers as "California Climate Credits" ("CC Credits").

3. In the Customer Programs Motion, the Debtors define CC Credits as the credits returned to customers, which is accurate. However, the Debtors define the costs of CC Credits as "CC Costs" and funded through fees in customer rates and "revenues accrued from the monetization of credits by the Debtors." This description is imprecise because it refers to the monetization of "credits" rather than the monetization of free allowances under the Cap-and-Trade Regulation. Allowances—not credits—are monetized by the Debtors.

4. The definition of "GHG Funds" is also incorrect. The Debtors define GHG Funds as "the funds collected through rates and revenues from the monetization of CC Credits and LCFS credits collectively." But as explained above, CC Credits are not monetized. Free allowances are monetized through auction, and these auction proceeds are returned to customers as CC Credits.

5. Despite the inaccurate descriptions of "CC Costs" and "GHG Funds" in the Customer Programs Motion, it is CARB's position that the Debtors must continue to satisfy the obligations under the Cap-and-Trade Regulation and in accordance with the correct definition of these terms. In communications with counsel for the Debtors, the Debtors have indicated their intention to continue to satisfy the obligations under the Cap-and-Trade Regulation and in accordance with the appropriate definition of the terms "CC Costs" and "GHG Funds."

6. CARB files this supplemental statement and reservation of rights to clarify its position on these definitions in the Cap-and-Trade Regulation, notwithstanding the Debtors' descriptions in the Customer Programs Motion, and reserve all rights with respect thereto.

7. Neither this supplemental statement and reservation of rights nor any subsequent appearance, pleading, proof of claim, claim or suit is intended or shall be deemed or construed as:

    a. consent by CARB to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving CARB;

    b. waiver of any right of CARB to (i) have an Article III judge adjudicate in the first instance any case, proceeding, matter or controversy as to which a Bankruptcy Judge may not enter a final order or judgment consistent with Article III of the United States Constitution, (ii) have final orders in non-core matters entered only after *de novo* review by a District Court Judge, (iii) trial by jury in any proceeding so triable in the Chapter 11 Cases or in any case, controversy, or proceeding related to the Chapter 11 Cases, (iv) have the United States District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (v) any and all rights, claims, actions, defenses, setoffs, recoupments or remedies to which CARB is or may be entitled under agreements, in law or in equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved hereby; or

    c. waiver of any objections or defenses that the State of California, CARB or any other agency, unit or entity of the State of California may have to this Court's jurisdiction over the State of California, CARB or such other agency, unit or entity based upon the Eleventh

///

///

Amendment to the United States Constitution or related principles of sovereign immunity or otherwise, all of which objections and defenses are hereby reserved.

Dated: February 20, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MARGARITA PADILLA
Supervising Deputy Attorney General

By: */s/ Paul J. Pascuzzi*
STEVEN H. FELDERSTEIN
PAUL J. PASCUZZI
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
Attorneys for California
Air Resources Board

# PROOF OF SERVICE

I, Lori N. Lasley, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 Capitol Mall, Suite 1750, Sacramento, CA 95814. On February 20, 2019, I served the within documents:

**SUPPLEMENTAL STATEMENT AND RESERVATION OF RIGHTS REGARDING CUSTOMER PROGRAMS MOTION [DOCKET NO. 16]**

By Electronic Service only via CM/ECF.

> */s/ Lori N. Lasley*
> Lori N. Lasley