EMILY P. RICH, Bar No. 168735
TRACY L. MAINGUY, Bar No. 176928
CAITLIN GRAY, Bar No. 305118
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone (510) 337-1001
Fax (510) 337-1023
E-Mail: bankruptcycourtnotices@unioncounsel.net
erich@unioncounsel.net
tmainguy@unioncounsel.net
cgray@unioncounsel.net

Attorneys for Creditor Engineers and Scientists of California, Local 20, IFPTE

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| In Re<br><br>PG&E CORPORATION,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Case No. 19-30088 DM<br><br>CHAPTER 11<br><br>**ESC LOCAL 20'S RESPONSE TO DEBTORS' MOTION TO PAY PREPETITION EMPLOYEE OBLIGATIONS AND CONTINUE WAGES AND BENEFITS (DOC. 8)**<br><br>Date: February 27, 2019<br>Time: 9:30 a.m.<br>Location: U.S. Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

ESC LOCAL 20'S RESPONSE TO EMPLOYEE WAGES AND BENEFITS MOTION (DOC 8)
Case No. 19-30088 DM

Case: 19-30088 Doc# 501 Filed: 02/20/19 Entered: 02/20/19 14:30:06 Page 1 of 16

## TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 2 |
| II. | FACTS | 3 |
| | A. The collective bargaining agreement requires PG&E to pay a certain level of wages and benefits | 3 |
| |     1. The negotiated wages and benefits under the collective bargaining agreement include STIP payments | 3 |
| |     2. The negotiated wages and benefits under the collective bargaining agreement also include relocation payments to certain impacted employees | 4 |
| | B. The Debtors have sought authority to continue to pay these wages and benefits, including STIP payments and relocation payments | 4 |
| III. | ARGUMENT | 5 |
| | A. The Debtors have a legal duty to honor the terms of the collective bargaining agreement until that agreement is modified or rejected | 6 |
| | B. The Debtors are required to comply with state law, which prohibits any reduction in compensation of employees of a gas or electrical corporation during the transition period following a filing for bankruptcy protection | 8 |
| IV. | CONCLUSION | 9 |

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

# I. INTRODUCTION

Engineers and Scientists of California, IFPTE Local 20, ("ESC Local 20"), the exclusive collective bargaining representative of over 3,700 of Debtors' professional and technical employees pursuant to a collective bargaining agreement with the Debtors, hereby submits its response to the Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 507 and Fed. R. Bankr. P. 6003 and 6004 for Interim and Final Authority to (I) Pay Prepetition Wages, Salaries, Withholding Obligations, and Other Compensation and Benefits; (II) Maintain Employee Benefits Programs; and (III) Pay Related Administrative Obligations (the "Employee Wages and Benefits Motion") (Doc. 8).

ESC Local 20 supports entry of a final order authorizing Debtors to pay prepetition wages, salaries, withholding obligations and other compensation and benefits, and authorizing the Debtors to maintain its Employee Wage and Benefits Programs (Doc. 8-1). While ESC Local 20 takes no position on payments to non-represented employees, the Debtors should be authorized to pay ESC Local 20 members' wages and benefits, including the STIP payments and relocation payments required by the collective bargaining agreement between ESC Local 20 and PG&E. Not only is the payment of these wages and benefits necessary to promote the rehabilitation of the Debtors, it is also required by law.

The Debtors have a legal duty to honor the terms of the collective bargaining agreement until that agreement is modified or rejected under Section 1113 of the Bankruptcy Code. Because the Debtors have not followed the procedures laid out in Section 1113 or engaged ESC Local 20 in negotiations regarding modification or termination of its collective bargaining obligations, they are barred from terminating any of the requirements in the collective bargaining agreement. As such, the Debtors are required to pay the wages and benefits required by the collective bargaining agreement, including STIP payments and relocation payments.

Additionally, the Debtors have an ongoing duty to operate in accordance with state law. The California Public Utilities Code prohibits a gas or electrical company from reducing the compensation of its non-managerial employees within 180 days following a transition or change

in control, including a filing for bankruptcy protection. Accordingly, the Debtors cannot be permitted to reduce the total compensation of its non-managerial employees.

## II. FACTS

### A. The collective bargaining agreement requires PG&E to pay a certain level of wages and benefits

ESC Local 20 is a labor union that represents 3,700 professional and technical employees at PG&E, including the engineers, estimators, mappers, project managers, and other professional and technical employees that have been doing the important work needed to maintain and modernize the systems and keep the public utility safe.

The terms and conditions of employment for these employees are governed by a collective bargaining agreement between ESC Local 20 and PG&E. Sperry Decl., Ex. A, Ex. B.

#### 1. The negotiated wages and benefits under the collective bargaining agreement include STIP payments

The collective bargaining agreement requires PG&E to pay certain employees Short Term Incentive Plan (STIP) payments as part of the employees' compensation. Sperry Decl., Ex. A, pp. viii-x. Approximately 1,200 ESC-represented employees are eligible for these STIP payments. Sperry Decl., ¶ 5. Pursuant to the terms of the collective bargaining agreement, the amount of the STIP payment for each employee is calculated by multiplying that employee's eligible earnings by their participation rate, their individual modifier, and the company score. Sperry Decl., Ex. A, p. viii. For nearly all ESC-represented employees who are eligible for STIP payments, the participation rate is 10%, meaning that the target level for the STIP payment is 10% of the employee's yearly base salary.[1] Sperry Decl., ¶ 6. That 10% STIP award is then adjusted up or down by multiplying it by the employee's individual modifier, which is determined by that employee's performance rating from their supervisor, and the company score, which is based on company-wide metrics related to safety, reliability of the system, and the company's financial performance. Sperry Decl., ¶¶ 7-8. The collective bargaining agreement prohibits PG&E from

---

[1] For about 10 employees in "Principal Engineer" classifications, the participation rate is 15%. The participation rate for ESC-represented employees is lower than the participation rate for managers. Sperry Decl., ¶ 6.

3

reducing STIP awards based on an employee's performance issues without first giving the employee reasonable notice of those issues and an opportunity to improve. Sperry Decl., ¶ 7.

These STIP payments are an important part of the employees' compensation, which was bargained for by ESC Local 20. ESC Local 20 members gave up wage increases in exchange for these payments. Sperry Decl., ¶ 10. In bargaining for the 2012-2015 collective bargaining agreement, workers gave up a wage increase of 8.25% and received an increase of only 3% to have STIP phased in over a three year period. *Id.*; Sperry Decl., Ex. C, pp. viii-ix. This was widely understood and agreed to be an exchange of base salary for pay at risk. Sperry Decl., ¶ 10. STIP payments are thus an important part of the wages that the Union bargained for and won.

  2. <u>The negotiated wages and benefits under the collective bargaining agreement also include relocation payments to certain impacted employees</u>

PG&E and ESC Local 20 also have letters of agreement supplementing the collective bargaining agreement that require PG&E to pay negotiated relocation payments to Estimators, Electric Mappers, and Gas Mappers whose positions were moved to new headquarters as a result of PG&E's consolidation and reorganization of these functions. Sperry Decl., Exs. D-F. These payments to impacted employees range from $10,000 to $25,000, and were bargained for by ESC Local 20 to compensate employees being moved to new locations. Sperry Decl., ¶ 13.

**B. The Debtors have sought authority to continue to pay these wages and benefits, including STIP payments and relocation payments**

The Debtors filed their petition for relief under Chapter 11 of the Bankruptcy Code on January 29, 2019. Doc. 1. On the same day, the Debtors filed First Day Motions, including a motion for interim and final authority to pay prepetition wages and benefits and maintain employee benefits programs. Doc. 8. As part of that motion, Debtors seek authority to pay employees the STIP payments they have earned. The Debtors also seek authority to pay the negotiated relocation payments. Doc. 392.

The Debtors explain that payment of employee obligations is an exercise of sound business judgment and is necessary to facilitate a successful reorganization. Doc. 8, p. 52. The

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

4

ESC LOCAL 20'S RESPONSE TO EMPLOYEE WAGES MOTION
Case No. 19-30088 DM

STIP payments specifically are necessary to "incentivize strong Employee performance and are critical to ensuring that Employees stay motivated and reach higher performance standards," Doc. 8, p. 14, but they are also part of the compensation package that employees rely on to satisfy their daily living expenses. Likewise, the relocation payments are "an expected and integral part of the Union Represented Employees' compensation arrangements and were negotiated and agreed to with the Union[] to address cost savings in connection with certain consolidations." Doc. 132, p. 5. Employees would be exposed to significant financial difficulties if the Debtors are not permitted to honor these obligations, and failure to honor the negotiated wages and benefits would not only impact morale but could also lead to turnover, attrition, and instability at this critical time in the Chapter 11 Cases, which is a risk that is especially consequential due to the highly specialized nature of many of the duties that the employees perform and the critical nature of the Debtors' business as the sole utility provider to approximately 16 million customers. Doc. 8, p. 52. Accordingly, the Debtors argue that Court may permit the payment of these obligations because they are necessary to promote the rehabilitation of the debtor. Doc. 8, pp. 48-54.

### III. ARGUMENT

The Debtors should be authorized to pay ESC-represented employees' wages and benefits, including the STIP payments and relocation payments required by the collective bargaining agreement.

Not only is continuing to pay these wages and benefits within the sound business judgment of the Debtors, it is also legally required. Section 1113 of the Bankruptcy Code prohibits a debtor from terminating any provisions of a collective bargaining agreement prior to negotiating with the union in good faith, and state law prohibits a gas and electric company from reducing the total compensation of non-managerial employees during the first 180 days of a transition period including a bankruptcy.

///

///

///

A.  **The Debtors have a legal duty to honor the terms of the collective bargaining agreement until that agreement is modified or rejected**

A debtor in possession cannot modify or terminate a collective bargaining agreement without following the detailed procedure set forth in 11 U.S.C. § 1113. This is the exclusive method of rejecting a collective bargaining agreement. 11 U.S.C. § 1113(a) (providing that a Chapter 11 debtor may reject a collective bargaining agreement "only in accordance with the provisions of this section"). Section 1113(f) provides that "[n]o provisions of this title shall be construed to permit a trustee to unilaterally terminate or alter any provisions of a collective bargaining agreement prior to compliance with the provisions of this section."

"[T]he language employed by Congress in § 1113 is unequivocal." *Adventure Resources, Inc. v. Holland*, 137 F.3d 786, 796 (4th Cir. 1998). "It plainly imposes a legal duty on the debtor to honor the terms of a collective bargaining agreement … until that agreement is properly rejected." *Id.*; *In re Manor Oak Skilled Nursing Facilities*, 201 B.R. 348, 350 (Bankr. W.D.N.Y. 1996) ("[A]ll aspects of a collective bargaining agreement remain in effect and binding until rejection occurs, including the duty to cure pre-petition arrears.").

As the Bankruptcy Appellate Panel of the Ninth Circuit has explained, "Section 1113 was enacted to protect employees during the interim between the filing of the bankruptcy petition and court-supervised modification or ultimate rejection of the CBA. During this period, working employees benefit the estate. Their rights accrue as services are rendered *on the basis provided for by the CBA*." *Teamsters Indus. Sec. Fund v. World Sales (In re World Sales)*, 183 B.R. 872, 878 (B.A.P. 9th Cir. 1995) (emphasis added). In *In re Tucson Yellow Cab Co.*, 789 F.2d 701, 704 (9th Cir. 1986), the Ninth Circuit explained that the "fair value of the employees' services" is "set by the agreement"—the whole package of wages and benefits contained in the CBA. Employees continue to work for the estate "in the reasonable belief" that the terms of their employment as laid out in the CBA will remain unchanged, and that they will get the package of wages and benefits they bargained for. *Id.* at 705 (holding that contractually required severance payments were owed in exchange for post-petition work and were entitled to administrative status). Because Section 1113 provides that "the contract may not be rejected without first complying

with the procedure" in that section, this package of wages and may not be changed prior to modification or rejection of the collective bargaining agreement. *In re World Sales*, 183 B.R. at 878. Thus, where employees continue employment post-petition, reasonably believing that they will receive the wages and benefits contained in the collective bargaining agreement, such wages and benefits are entitled to administrative status. *Id.* (holding that post-petition obligations to provide healthcare coverage beyond the scope of work performed pursuant to terms of a CBA that had not yet been rejected were entitled to administrative claim status, even though they might not otherwise meet the standards for an administrative claim); *see also In re Colorado Springs Symphony Orchestra Assn.*, 308 B.R. 508 (Bankr. D. Colorado 2004) (finding that pursuant to debtor's obligation under CBA to pay musicians for minimum number of performances, whether or not musician played at all such performances, such payments entitled to administrative status for post-petition period prior to rejection of CBA).

Similarly, in *Adventure Resources*, the Fourth Circuit made it clear that a debtor "may not" "continue to reap the benefits of its bargain without concern that the non-debtor party will be made whole for the debtor's unfulfilled prepetition obligations." *Adventure Resources, Inc. v. Holland*, 137 F.3d at 790. Thus, when the debtor continued to use the labor of employees under the collective bargaining agreement, it was obligated to fulfill its end of the bargain, including its contractual obligation to pay the pension funds. *Id.*

Here, the Debtors have not followed the § 1113 procedures to reject the collective bargaining agreement. Because the collective bargaining agreement has not been modified or rejected, the Debtors are obligated to honor its terms and conditions. The Debtors are not free to continue to use bargaining unit labor and reap benefits under the collective bargaining agreement while unilaterally modifying the CBA's requirement to pay a certain level of wages and benefits, including STIP payments and relocation payments. In exchange for the postpetition labor the Debtors are using under the collective bargaining agreement, they are bound to pay the compensation required by the collective bargaining agreement. These STIP and relocation payments are entitled to administrative expense priority and should be paid in the ordinary course.

///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

ESCOBAR DO#'S RESPONSE TO EMPLOYEE WAGES AND BENEFITS MOTION.docx
Case No. 19-30088 DM

**B.  The Debtors are required to comply with state law, which prohibits any reduction in compensation of employees of a gas or electrical corporation during the transition period following a filing for bankruptcy protection**

The Debtors are required to operate the system in compliance with applicable state law. Federal law is absolutely clear on this point. Section 959(b) of Title 28 of the United States Code provides that "a debtor in possession shall manage and operate the property in his possession . . . according to the requirements of the valid laws of the State in which such property is situated."

Among the state laws regulating the operation of the system, California Public Utilities Code section 854.2 prohibits any reduction in compensation of non-managerial employees of an electrical or gas corporation in the 180 days following a change in control, including a filing for bankruptcy.[2]

In enacting Public Utilities Code section 854.2, the California Legislature made findings that "an adequately sized workforce of experienced electric and gas utility employees with the appropriate training and skills, as well as the knowledge of an electric or gas utility's facilities and equipment, is essential to the safe, efficient, and uninterrupted provision of electrical and gas services" and that "[s]afe and reliable electric and gas utility service is vital to public health, public safety, air quality, and reducing emissions of greenhouse gases." Cal. Pub. Util. Code § 854.2(a). The state therefore "has a compelling interest in ensuring that when there is a change in the ownership or control of an electrical corporation or gas corporation, the new employer maintains a qualified and knowledgeable workforce with the ability to ensure safe, efficient,

---

[2] Specifically, California Public Utilities Code section 854.2(c)(1) provides:
> [A] successor employer shall retain all covered employees for at least the transition period following a change of control, unless the commission approves a reduction in the workforce …. During the transition period, the successor employer shall not reduce the total compensation of a covered employee.

The statute defines "change of control" to include "any material change in ownership of the electric corporation or gas corporation … or any filing seeking bankruptcy protection." Cal. Pub. Util. Code § 854.2(b)(1). The "transition period" is the "period of 180 days immediately following the effective date of a change of control." Cal. Pub. Util. Code § 854.2(b)(8). A "successor employer" is "the person who controls the electrical corporation or gas corporation after the change of control." Cal. Pub. Util. Code § 854.2(b)(6). And "covered employees" include all individuals who have been "employed by an electrical corporation or gas corporation for at least 90 days immediately before a change of control" but do not include "managerial, supervisory, or confidential employee[s]," "temporary employee[s]," or "part-time employee[s] who ha[ve] worked less than 20 hours per week." Cal. Pub. Util. Code § 854.2(b)(2). Hence, a debtor in possession is barred from reducing the total compensation of non-managerial employees for the 180 days following the filing of the bankruptcy petition.

reliable, and continuous service to California consumers and communities." *Id.* Because the statute is reasonably designed to protect public health and safety, it is not preempted by the Bankruptcy Code and the debtor in possession must comply with the law. *Midlantic National Bank v. New Jersey Department of Environmental Protection*, 474 U.S. 494, 507 (1986) (Bankruptcy Code does not preempt "a state statute or regulation that is reasonably designed to protect the public health or safety").

Accordingly, the Debtors are prohibited from reducing the total compensation of any of their non-managerial employees, like the ESC Local 20 members here, for the 180 days following the Petition Date.

The negotiated relocation payments are "an expected and integral part of the Union Represented Employees' compensation arrangements." Doc. 132, p. 5. As such, the Debtors are barred from reducing this aspect of compensation. Likewise, the STIP payments to ESC-represented employees are an important piece of this total compensation. The workers gave up wage increases in exchange for these payments, and the STIP payments are routinely treated as part of the employees' compensation during negotiations over compensation and in comparison to compensation at other companies (where annual bonuses are also a regular part of total compensation for salaried workers). Sperry Decl., ¶¶ 10-11. The Debtors also treat STIP payments as part of total compensation in their General Rate Case filing with the Public Utilities Commission.[3] Because STIP payments are part of total compensation, a reduction or failure to pay these STIP payments would violate Public Utilities Code section 854.2.

## IV. CONCLUSION

For the reasons stated herein, ESC Local 20 respectfully requests that the Court grant the Debtors' Motion to Pay Prepetition Employee Obligations and Continue Wages and Benefits with

---

[3] PG&E's General Rate Case is publicly accessible on PG&E's website, and a portion of the evidence related to STIP is available at https://pgera.azurewebsites.net/Regulation/ValidateDocAccess?docID=545392 There, PG&E explains that, "in accordance with [the Public Utility] Commission['s] directives" it hired a consulting firm to analyze total compensation, measuring total cash compensation—including both "base salary" and "short-term incentive awards"—plus the value of employee benefits. *Id.* at pp. 59-60 of the PDF.

respect to all ESC-represented employees, and permit the Debtors to pay these amounts in the ordinary course of business.

Dated: February 20, 2019

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: /s/ Emily P. Rich
    EMILY P. RICH

Attorneys for Creditor Engineers and Scientists of California, Local 20, IFPTE

147061\1011285

# CERTIFICATE OF SERVICE

I am a citizen of the United States and an employee in the County of Alameda, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1001 Marina Village Parkway, Suite 200, Alameda, California 94501.

I hereby certify that on February 20, 2019, I electronically filed the forgoing ESC LOCAL 20'S RESPONSE TO DEBTORS' MOTION TO PAY PREPETITION EMPLOYEE OBLIGATIONS AND CONTINUE WAGES AND BENEFITS (DOC. 8) with the U.S. Bankruptcy Court, Northern District California, by using the Court's CM/ECF system.

Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 20, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

SEE ATTACHED SERVICE LIST

On February 20, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

SEE ATTACHED SERVICE LIST

I certify under penalty of perjury that the above is true and correct. Executed at Alameda, California, on February 20, 2019.

*/s/ Stephanie Mizuhara*
Stephanie Mizuhara

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

11
Case: 19-30088  Doc# 501  Filed: 02/20/19  Entered: 02/20/19 14:30:06  Page 12 of 16
ESC LOCAL 20'S RESPONSE TO EMPLOYEE WAGES AND BENEFITS MOTION
Case No. 19-30088 DM

# **SERVICE LIST**

- Richard L. Antognini    rlalawyer@yahoo.com, hallonaegis@gmail.com
- Herb Baer    hbaer@primeclerk.com, ecf@primeclerk.com
- Todd M. Bailey    Todd.Bailey@ftb.ca.gov
- Kathryn E. Barrett    keb@svlg.com, amt@svlg.com
- Ronald S. Beacher    rbeacher@pryorcashman.com
- Hagop T. Bedoyan    hbedoyan@kleinlaw.com, ecf@kleinlaw.com
- Peter J. Benvenutti    pbenvenutti@kellerbenvenutti.com
- Robert Berens    rberens@smtdlaw.com, sr@smtdlaw.com
- Heinz Binder    heinz@bindermalter.com
- W. Steven Bryant    , molly.batiste-debose@lockelord.com
- Christina Lin Chen    christina.chen@morganlewis.com, christina.lin.chen@gmail.com
- Shawn M. Christianson    schristianson@buchalter.com
- Robert N.H. Christmas    rchristmas@nixonpeabody.com, nyc.managing.clerk@nixonpeabody.com
- Alicia Clough    aclough@loeb.com
- Marc Cohen    mscohen@loeb.com
- Keith J. Cunningham    , rkelley@pierceatwood.com
- James D. Curran    jcurran@wolkincurran.com, vsimmons@wolkincurran.com
- Jonathan R. Doolittle    jdoolittle@reedsmith.com, bgonshorowski@reedsmith.com
- Jennifer V. Doran    jdoran@hinckleyallen.com
- David V. Duperrault    dvd@svlg.com, edn@svlg.com
- Kevin M. Eckhardt    keckhardt@hunton.com, candonian@huntonak.com
- Joseph A. Eisenberg    JAE1900@yahoo.com
- Sally J. Elkington    sally@elkshep.com, ecf@elkshep.com
- G. Larry Engel    larry@engeladvice.com
- Krista M. Enns    kenns@beneschlaw.com
- Michael P. Esser    michael.esser@kirkland.com, michael-esser-3293@ecf.pacerpro.com.
- Richard W. Esterkin    richard.esterkin@morganlewis.com, sue.reimers@morganlewis.com
- Joseph Kyle Feist    jfeistesq@gmail.com, info@norcallawgroup.net
- James J. Ficenec    James.Ficenec@ndlf.com, caroline.pfahl@ndlf.com
- John D. Fiero    jfiero@pszjlaw.com, ocarpio@pszjlaw.com
- Kimberly S. Fineman    kfineman@nutihart.com, nwhite@nutihart.com
- Stephen D. Finestone    sfinestone@fhlawllp.com
- Jonathan Forstot    , john.murphy@troutman.com
- Gregg M. Galardi    gregg.galardi@ropesgray.com
- Richard L. Gallagher    richard.gallagher@ropesgray.com
- Barry S. Glaser    bglaser@swesq.com
- Gabriel I. Glazer    gglazer@pszjlaw.com
- Gabrielle Glemann    gabrielle.glemann@stoel.com, rene.alvin@stoel.com
- Eric D. Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Richard H. Golubow    rgolubow@wcghlaw.com, jmartinez@WCGHLaw.com
- Mark A. Gorton    mgorton@boutinjones.com, cdomingo@boutininc.com
- Mark A. Gorton    mgorton@boutininc.com, cdomingo@boutininc.com
- Debra I. Grassgreen    dgrassgreen@pszjlaw.com, hphan@pszjlaw.com

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

- Oren Buchanan Haker  oren.haker@stoel.com, rene.alvin@stoel.com
- Robert G. Harris  rob@bindermalter.com
- Christopher H. Hart  chart@nutihart.com, nwhite@nutihart.com
- Bryan L. Hawkins  bryan.hawkins@stoel.com, Sharon.witkin@stoel.com
- Jan M Hayden  jhayden@bakerdonelson.com, gmitchell@bakerdonelson.com
- Jennifer C. Hayes  jhayes@fhlawllp.com
- Stephen E. Hessler, P.C.  , jozette.chong@kirkland.com
- Michael R. Hogue  hoguem@gtlaw.com, frazierl@gtlaw.com
- David Holtzman  david.holtzman@hklaw.com
- Marsha Houston  mhouston@reedsmith.com, hvalencia@reedsmith.com
- Mark V. Isola  mvi@sbj-law.com
- J. Eric Ivester  , Andrea.Bates@skadden.com
- Ivan C. Jen  ivan@icjenlaw.com
- Gregory K. Jones  GJones@dykema.com, cacossano@dykema.com
- Roberto J. Kampfner  rkampfner@whitecase.com, mco@whitecase.com
- Robert B. Kaplan  rbk@jmbm.com
- Tobias S. Keller  tkeller@kellerbenvenutti.com, pbenvenutti@kellerbenvenutti.com
- Lynette C. Kelly  lynette.c.kelly@usdoj.gov, ustpregion17.oa.ecf@usdoj.gov
- Gerald P. Kennedy  gerald.kennedy@procopio.com, laj@procopio.com
- Samuel M. Kidder  skidder@ktbslaw.com
- Marc Kieselstein  , carrie.oppenheim@kirkland.com
- Jane Kim  jkim@kellerbenvenutti.com
- Thomas F. Koegel  tkoegel@crowell.com
- Andy S. Kong  kong.andy@arentfox.com, Yvonne.Li@arentfox.com
- Alan W. Kornberg  , akornberg@paulweiss.com
- Jeffrey C. Krause  jkrause@gibsondunn.com, psantos@gibsondunn.com
- Michael Thomas Krueger  michael.krueger@ndlf.com, Havilyn.lee@ndlf.com
- Richard A. Lapping  rich@trodellalapping.com
- Matthew A. Lesnick  matt@lesnickprince.com, jmack@lesnickprince.com
- David B. Levant  david.levant@stoel.com, rene.alvin@stoel.com
- Andrew H. Levin  alevin@wcghlaw.com, vcorbin@wcghlaw.com
- John William Lucas  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Jane Luciano  jane-luciano@comcast.net
- Kerri Lyman  klyman@irell.com, lgauthier@irell.com
- John H. MacConaghy  macclaw@macbarlaw.com, smansour@macbarlaw.com;kmuller@macbarlaw.com
- Iain A. Macdonald  iain@macfern.com, ecf@macfern.com
- Michael W. Malter  michael@bindermalter.com
- David P. Matthews  jrhoades@thematthewslawfirm.com, aharrison@thematthewslawfirm.com
- Hugh M. McDonald  , john.murphy@troutman.com
- C. Luckey McDowell  luckey.mcdowell@bakerbotts.com
- Frank A. Merola  lacalendar@stroock.com, mmagzamen@stroock.com
- Matthew D. Metzger  belvederelegalecf@gmail.com
- M. David Minnick  dminnick@pillsburylaw.com, docket@pillsburylaw.com
- Thomas C. Mitchell  tcmitchell@orrick.com, Dcmanagingattorneysoffice@ecf.courtdrive.com
- John A. Moe  john.moe@dentons.com, glenda.spratt@dentons.com

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

13

Case: 19-30088 Doc# 501 Filed 02/20/19 Entered 02/20/19 14:30:06 Page 14 of 16

RESPONSE TO EMPLOYEE WAGES AND BENEFITS MOTION
Case No. 19-30088 DM

- David W. Moon    lacalendar@stroock.com, mmagzamen@stroock.com
- Courtney L. Morgan    morgan.courtney@pbgc.gov
- Joshua D. Morse    Joshua.Morse@dlapiper.com, joshua-morse-0092@ecf.pacerpro.com
- Thomas G. Mouzes    tmouzes@boutinjones.com, cdomingo@boutininc.com
- Peter S. Munoz    pmunoz@reedsmith.com, gsandoval@reedsmith.com
- Michael S. Myers    myersms@ballardspahr.com, hartt@ballardspahr.com
- David L. Neale    dln@lnbrb.com
- David L. Neale    dln@lnbyb.com
- David Neier    dneier@winston.com
- Melissa T. Ngo    ngo.melissa@pbgc.gov, efile@pbgc.gov
- Gregory C. Nuti    gnuti@nutihart.com, nwhite@nutihart.com
- Abigail O'Brient    aobrient@mintz.com, docketing@mintz.com
- Office of the U.S. Trustee / SF    USTPRegion17.SF.ECF@usdoj.gov
- Aram Ordubegian    Ordubegian.Aram@ArentFox.com
- Gabriel Ozel    Gabriel.Ozel@troutman.com, tsinger@houser-law.com
- Amy S. Park    amy.park@skadden.com, alissa.turnipseed@skadden.com
- Donna Taylor Parkinson    donna@parkinsonphinney.com
- Paul J. Pascuzzi    ppascuzzi@ffwplaw.com, JNiemann@ffwplaw.com
- Valerie Bantner Peo    vbantnerpeo@buchalter.com
- Danielle A. Pham    danielle.pham@usdoj.gov
- Thomas R. Phinney    tom@parkinsonphinney.com
- R. Alexander Pilmer    alexander.pilmer@kirkland.com, keith.catuara@kirkland.com
- M. Ryan Pinkston    rpinkston@seyfarth.com, jmcdermott@seyfarth.com
- Estela O. Pino    epino@epinolaw.com, staff@epinolaw.com
- Mark D. Poniatowski    ponlaw@ponlaw.com
- Christopher E. Prince    cprince@lesnickprince.com
- Douglas B. Provencher    dbp@provlaw.com
- Lary Alan Rappaport    lrappaport@proskauer.com, PHays@proskauer.com
- Justin E. Rawlins    jrawlins@winston.com, justin-rawlins-0284@ecf.pacerpro.com
- Emily P. Rich    erich@unioncounsel.net, bankruptcycourtnotices@unioncounsel.net
- Christopher O. Rivas    crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
- Lacey Rochester    lrochester@bakerdonelson.com, gmitchell@bakerdonelson.com
- Gregory A. Rougeau    grougeau@brlawsf.com
- Nanette D. Sanders    nanette@ringstadlaw.com, becky@ringstadlaw.com
- Sunny S. Sarkis    , dawn.forgeur@stoel.com
- David B. Shemano    dshemano@pwkllp.com
- James A. Shepherd    jim@elkshep.com, ecf@elkshep.com
- Wayne A. Silver    w_silver@sbcglobal.net, ws@waynesilverlaw.com
- Dania Slim    dania.slim@pillsburylaw.com, melinda.hernandez@pillsburylaw.com
- Alan D. Smith    adsmith@perkinscoie.com, al-smith-9439@ecf.pacerpro.com
- Jan D. Sokol    jdsokol@lawssl.com, dwright@lawssl.com
- Bennett L. Spiegel    blspiegel@jonesday.com
- Michael St. James    ecf@stjames-law.com
- David M. Stern    dstern@ktbslaw.com
- Meagan S. Tom    Meagan.tom@lockelord.com, autodocket@lockelord.com
- Edward Tredinnick    etredinnick@grmslaw.com
- Victor A. Vilaplana    vavilaplana@foley.com, rhurst@foley.com
- Marta Villacorta    marta.villacorta@usdoj.gov

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

14

CALHR'S RESPONSE TO EMPLOYEE WAGES AND BENEFITS MOTION
Case No. 19-30088 DM

- John A. Vos    InvalidEMailECFonly@gmail.com, PrivateECFNotice@gmail.com
- Riley C. Walter    ecf@W2LG.com
- Philip S. Warden    philip.warden@pillsburylaw.com, candy.kleiner@pillsburylaw.com
- Genevieve G. Weiner    gweiner@gibsondunn.com
- Joseph M. Welch    jwelch@buchalter.com, dcyrankowski@buchalter.com
- Eric R. Wilson    kdwbankruptcydepartment@kelleydrye.com, ewilson@kelleydrye.com
- Kimberly S. Winick    kwinick@clarktrev.com, knielsen@clarktrev.com
- Rebecca J. Winthrop    rebecca.winthrop@nortonrosefulbright.com, evette.rodriguez@nortonrosefulbright.com
- David Wirt    david.wirt@hklaw.com, denise.harmon@hklaw.com
- Ryan A. Witthans    rwitthans@fhlawllp.com, rwitthans@fhlawllp.com
- Christopher Kwan Shek Wong    christopher.wong@arentfox.com
- Kirsten A. Worley    kw@wlawcorp.com, admin@wlawcorp.com
- Andrew Yaphe    andrew.yaphe@davispolk.com, lit.paralegals.mp@davispolk.com

**VIA U.S. MAIL**

| | |
|---|---|
| Max Africk<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 | Kevin Bostel<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 |
| Matthew Goren<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 | Andriana Georgallas<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 |
| David A. Herman<br>Cravath, Swaine & Moore LLP<br>85 Eighth Avenue<br>New York, NY 10019 | Stuart J. Goldring<br>Weil, Gotshal & Manges LLP<br>767 Fifth Ave.<br>New York, NY 10153 |
| Stephen Karotkin<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 | Kevin Kramer<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 |
| John Nolan<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 | Jessica Liou<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 |
| Kevin J. Orsini<br>Cravath, Swaine & Moore LLP<br>85 Eighth Avenue<br>New York, NY 10019 | Omid H. Nasab<br>Cravath, Swaine & Moore LLP<br>85 Eighth Avenue<br>New York, NY 10019 |
| Ray C. Schrock<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 | Theodore Tsekerides<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 |
| Paul H. Zumbro<br>Cravath, Swaine & Moore LLP<br>85 Eighth Avenue<br>New York, NY 10019 | |

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

15
CAL-FIRE LOCAL 2881 RESPONSE TO EMPLOYEE WAGES AND BENEFITS MOTION
Case No. 19-30088 DM

Case: 19-30088    Doc# 5015    Filed: 02/20/19    Entered: 02/20/19 14:30:06    Page 16 of 16