Mark D. Poniatowski, Esq. (#123405)
Kimberly F. Leding, Esq. (#233618)
Meera T. Parikh, Esq. (#217996)
PONIATOWSKI LEDING PARIKH PC
20980 Redwood Road, Suite 200
Castro Valley, California 94546
Telephone: (510) 881-8700
Facsimile: (510) 881-8702

Attorneys for Creditor
Holt of California, a California corporation

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br>_____ /<br><br>[ ]  Affects PG&E Corporation<br>[ ]  Affects Pacific Gas and Electric Company<br>[X]  Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).*<br>_____ / | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>REFILED CONDITIONAL OBJECTION OF HOLT OF CALIFORNIA TO MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), AND 503(b) (9) AND FED. R. BANKR. P. 6003 AND 6004 FOR INTERIM AND FINAL AUTHORITY TO PAY PREPETITION OBLIGATIONS OWED TO CERTAIN SAFETY AND RELIABILITY, OUTAGE, AND NUCLEAR FACILITY SUPPLIERS<br><br>DATE:   February 27, 2019<br>TIME:   9:30 a.m.<br>CTRM.:  17 |

In re Pacific Gas and Electric Company, Chapter 11 Case No. 19-30088
REFILED CONDITIONAL OBJECTION OF HOLT OF CALIFORNIA TO MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), AND 503(b) (9) AND FED. R. BANKR. P. 6003 AND 6004 FOR INTERIM AND FINAL AUTHORITY TO PAY PREPETITION OBLIGATIONS OWED TO CERTAIN SAFETY AND RELIABILITY, OUTAGE, AND NUCLEAR FACILITY SUPPLIERS

Page 1

Case: 19-30088    Doc# 508    Filed: 02/20/19    Entered: 02/20/19 15:19:50    Page 1 of 6

Mark D. Poniatowski, Esq. (#123405)
Kimberly F. Leding, Esq. (#233618)
Meera T. Parikh, Esq. (#217996)
PONIATOWSKI LEDING PARIKH PC
20980 Redwood Road, Suite 200
Castro Valley, California 94546
Telephone: (510) 881-8700
Facsimile: (510) 881-8702

Attorneys for Creditor
Holt of California, a California corporation

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| In Re<br><br>THE PG&E CORPORATION,<br><br>Debtor.<br><br>Tax I.D. No. 94-3234914<br>_____/<br><br>In Re<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtor.<br><br>Tax I.D. No. 94-0742640<br>_____/ | Chapter 11 Case No. 19-30089DM<br><br>CONDITIONAL OBJECTION OF HOLT OF CALIFORNIA TO MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), AND 503(b) (9) AND FED. R. BANKR. P. 6003 AND 6004 FOR INTERIM AND FINAL AUTHORITY TO PAY PREPETITION OBLIGATIONS OWED TO CERTAIN SAFETY AND RELIABILITY, OUTAGE, AND NUCLEAR FACILITY SUPPLIERS<br><br>DATE: January 31, 2019<br>TIME: 10:00 a.m.<br>DEPT.: 17 |

**I.**

**PRELIMINARY STATEMENT**

The Motion Of Debtors Pursuant To 11 U.S.C. §§ 105(a), 363(b), And 503(b) (9) And Fed. R. Bankr. P. 6003 And 6004 For Interim And Final Authority To Pay Prepetition Obligations Owed To Certain Safety And Reliability, Outage, And Nuclear Facility Suppliers ("Critical Vendor Motion") does not specifically identify the vendors that it considers to be critical and entitled to priority treatment. Creditor Holt of California ("Holt") is the Caterpillar

In re Pacific Gas and Electric Company, Chapter 11 Case No. 19-30089
CONDITIONAL OBJECTION OF HOLT OF CALIFORNIA TO MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), AND 503(b) (9) AND FED. R. BANKR. P. 6003 AND 6004 FOR INTERIM AND FINAL AUTHORITY TO PAY PREPETITION OBLIGATIONS OWED TO CERTAIN SAFETY AND RELIABILITY, OUTAGE, AND NUCLEAR FACILITY SUPPLIERS

Case: 19-30089   Doc# 502   Filed: 02/20/19   Entered: 02/20/19 18:00:20   Page 1 of 9

Page 1

equipment dealer in northern and central California with its corporate headquarters in Pacific Grove, Sutter County, California. Holt has been renting the Debtor critical Caterpillar earth moving and related rental equipment under a Master Rental Agreement for emergency and non-emergency safety related work on the Camp Fire and for the Debtor's pipeline reconstruction project. The Debtor currently has 10 Holt units in its possession that the Debtor wants to continue to rent and owes Holt $453,980 in pre-petition arrearages, with about $150,000 incurred in the 21 days pre-petition. Holt considers itself a "Safety and Reliability Vendor", a "Regulatory Compliance Vendor" and an "Operational Integrity Supplier" (collectively, "Critical Vendor") by the Debtor's own definitions in the Critical Vendor Motion. Holt has requested confirmation from the Debtor that the Debtor considers Holt a Critical Vendor, but has received no confirmation from the Debtor one way or the other. As such, Holt objects to the Critical Vendor Motion to the extent that the Debtor does not list the specific identity of the critical vendors, and relies on ambiguous, ill-defined criteria with no Court oversight to determine the identity of the critical vendors entitled to priority treatment under the Critical Vendor Motion.

## II.

## FACTS

Holt is the Caterpillar equipment dealer in northern and central California with its corporate headquarters in Pacific Grove, Sutter County, California. Holt is in the business providing sales, rental, parts, service and related activities to its customers for Caterpillar construction, earthmoving, material handling, agricultural, power generation and related equipment. Holt has 16 locations throughout northern and central California. (Declaration of Darrell Weight In Support Of Conditional Objection Of Holt Of California To Motion Of Debtors Pursuant To 11 U.S.C. §§ 105(A), 363(B), And 503(B)(9) And Fed. R. Bankr. P. 6003 And 6004 For Interim And Final Authority To Pay Prepetition Obligations Owed To Certain Safety And Reliability, Outage, And Nuclear Facility Suppliers ("Weight Declaration").

On or about November 12, 2015 Holt and the Debtor entered into an agreement titled PG&E Contract No. 4400010093; Project Name: Rental Project; Job Location: Various PG&E Locations (collectively, the "Master Rental Agreement"). The Master Rental Agreement is

In re Pacific Gas and Electric Company, Chapter 11 Case No. 19-30089
CONDITIONAL OBJECTION OF HOLT OF CALIFORNIA TO MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), AND 503(b) (9) AND FED. R. BANKR. P. 6003 AND 6004 FOR INTERIM AND FINAL AUTHORITY TO PAY PREPETITION OBLIGATIONS OWED TO CERTAIN SAFETY AND RELIABILITY, OUTAGE, AND NUCLEAR FACILITY SUPPLIERS

Page 2

1. currently in effect and expires on December 31, 2019. ("Weight Declaration")

2. The Master Rental Agreement contains preferred rental pricing and rebates to the Debtor that are not generally available to Holt's other customers. ("Weight Declaration")

3. Holt is considered a critical vendor rated by the Debtor as one of the top equipment suppliers to the Debtor based on the Debtor's written scoring system. Also, Holt is a critical vendor when the Debtor considers its 3 areas of focus: safety, fire clean up and support. ("Weight Declaration")

4. During the emergency conditions of the Camp Fire, Holt supplied Caterpillar Earth Moving Equipment to the Debtor at the fire site within 5 hours of notification, which was critical in facilitating the staging areas for all of the first responders. Holt also supplied lighting and power on an emergency basis. ("Weight Declaration")

5. Holt locations are close to the rental equipment locations so providing parts, service and support by Holt's field personnel is available 24/7 and response time is minimized, which is particularly important in an emergency situation. ("Weight Declaration")

6. During the past week the Debtor had approximately 17 units on rent from Holt, primarily used for fire clean up and pipeline reconstruction purposes. 7 of these units have been returned to Holt pre-petition at Holt's request and 10 of these units remain in the possession of the Debtor. The Debtor has advised Holt that it wants to continue to rent these 10 units post-petition. ("Weight Declaration")

7. The current amount due to Holt by the Debtor as of the petition date is $453,979.66. The approximate amount due from rentals for the 21 days prior to the petition date is approximately $150,458.69. ("Weight Declaration")

8. Holt qualifies as a "Safety and Reliability Vendor" for the following reasons:

   a. Holt provides Caterpillar rental equipment that is highly specialized and closely integrated into the Debtor's business operations;

   b. Holt was selected and qualified as a provider of critical goods;

   c. The Caterpillar equipment provided by Holt relates to services that the Debtor has identified as critical, such as earth - moving and waste - removal;

In re Pacific Gas and Electric Company, Chapter 11 Case No. 19-30089
CONDITIONAL OBJECTION OF HOLT OF CALIFORNIA TO MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), AND 503(b) (9) AND FED. R. BANKR. P. 6003 AND 6004 FOR INTERIM AND FINAL AUTHORITY TO PAY PREPETITION OBLIGATIONS OWED TO CERTAIN SAFETY AND RELIABILITY, OUTAGE, AND NUCLEAR FACILITY SUPPLIERS

Case: 19-30089    Doc# 502    Filed: 02/20/19    Entered: 02/20/19 13:00:20    Page 3 of 9

Page 3

    d.      The Caterpillar equipment provided by Holt relates to providing base camp services for the Debtor's personnel. ("Weight Declaration").

Holt qualifies as a "Regulatory Compliance Vendor" for the following reasons:

    a.      The Caterpillar equipment provided by Holt relates to the management of vegetation that grows near the Debtor's transmission and distribution lines, and vegetation management reduces the risk of creating dangerous or hazardous conditions within the Debtor's service area. ("Weight Declaration")

Holt qualifies as an "Operational Integrity Supplier" for the following reasons:

    a.      Holt is a select supplier of the Debtor;

    b.      The Caterpillar equipment provided by Holt, and the service provided by Holt, is vital so that disruption would raise safety risks;

    c.      The Debtor would be unable to obtain comparable Caterpillar equipment and Holt service on a cost effective basis within a reasonable time;

    d.      The Debtor does not have a sufficient current inventory of Caterpillar equipment to meet its needs while searching for an alternative vendor;

    e.      Holt is a party to the Master Rental Agreement with the Debtor; and

    f.      Holt is the owner of the Caterpillar equipment in the possession of the Debtor. ("Weight Declaration")

### III.
### LEGAL ANALYSIS

Holt agrees with the Debtor's argument that there is ample authority for the Court to grant the Critical Vendor Motion, but contends that the Debtor must specify the critical vendors that will benefit from priority treatment. The Critical Vendor Motion does not specify the critical vendors, and instead seeks to appoint a "Supplier Management Committee" to make this determination based on vague and ambiguous criteria. Who is on the Supplier Management Committee? How are the members of the Supplier Management Committee selected? Is the selection of the Supplier Management Committee members subject to Court approval? Is it contemplated that the selection of critical vendors by the Supplier Management Committee that

In re Pacific Gas and Electric Company, Chapter 11 Case No. 19-30089
CONDITIONAL OBJECTION OF HOLT OF CALIFORNIA TO MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), AND 503(b) (9) AND FED. R. BANKR. P. 6003 AND 6004 FOR INTERIM AND FINAL AUTHORITY TO PAY PREPETITION OBLIGATIONS OWED TO CERTAIN SAFETY AND RELIABILITY, OUTAGE, AND NUCLEAR FACILITY SUPPLIERS

Page 4

Case: 19-30089   Doc# 502   Filed: 02/20/19   Entered: 02/20/19 18:00:20   Page 4 of 9

will benefit from priority treatment is subject to Court approval?

Unlike here, both cases within this Circuit cited by the Debtor in support of the Critical Vendor Motion <u>specifically identified the critical vendors whose pre-petition claims were to be paid</u>. In <u>In re Laurel Fertility Care</u>, Case No. 14-30404-DM-11 (Bankr. N.D. Cal. May 21, 2014) the critical vendor was identified as Mellowood Medical. In <u>In re Montgomery-Sansome, LP</u>, Case No. 17-30151-HLB (Bankr. N. D. Sept. 20, 2017), the Debtor included a chart itemizing 14 payees by name, amount, category of creditor and explanation of why payment of the pre-petition claim was required.

Here, Holt meets the definition of a Critical Vendor and should be identified in the Critical Vendor Motion by the Debtor and approved by the Court as a Critical Vendor entitled to priority treatment. Otherwise, Holt objects to the Critical Vendor Motion and the Critical Vendor Motion should be denied.

## IV.
## CONCLUSION

Holt meets the definition of a Critical Vendor and should be identified as such in the Critical Vendor Motion. Otherwise, the Critical Vendor Motion should be denied.

DATED: January 30, 2019                PONIATOWSKI LEDING PARIKH PC


                                                   */s/ Mark D. Poniatowski*
MARK D. PONIATOWSKI
Attorneys for Creditor Holt of California

In re Pacific Gas and Electric Company, Chapter 11 Case No. 19-30089
CONDITIONAL OBJECTION OF HOLT OF CALIFORNIA TO MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), AND 503(b) (9) AND FED. R. BANKR. P. 6003 AND 6004 FOR INTERIM AND FINAL AUTHORITY TO PAY PREPETITION OBLIGATIONS OWED TO CERTAIN SAFETY AND RELIABILITY, OUTAGE, AND NUCLEAR FACILITY SUPPLIERS

Page 5

Case: 19-30089    Doc# 502    Filed: 01/30/19    Entered: 01/30/19 18:00:20    Page 9 of 9