# EXHIBIT A

```
 1                UNITED STATES BANKRUPTCY COURT
 2                NORTHERN DISTRICT OF CALIFORNIA
 3                    (SAN FRANCISCO DIVISION)
 4
 5   In re:                          Case No. 19-30088
 6   PG&E CORPORATION,               Chapter 11
 7                                   San Francisco, California
                                     January 31, 2019
 8                                   10:04 a.m.
                 Debtor.
 9   _____/
10                    TRANSCRIPT OF PROCEEDINGS
      1.  MOTION OF DEBTORS FOR ENTRY OF ORDER DIRECTING JOINT
11                ADMINISTRATION OF CHAPTER 11 CASE
       2.  MOTION OF DEBTORS FOR INTERIM AND FINAL ORDERS (I)
12    AUTHORIZING THE DEBTORS TO MAINTAIN INSURANCE POLICIES,
       WORKERS' COMPENSATION PROGRAM, AND SURETY BOND PROGRAM
13      AND PAY ALL OBLIGATIONS THERETO; AND (ii) GRANTING
           RELIEF FROM THE AUTOMATIC STAY WITH RESPECT TO
14                  WORKER'S COMPENSATION CLAIMS
     3. MOTION OF DEBTORS TO (A) HONOR PRE-PETITION OBLIGATIONS
15      TO NATURAL GAS AND ELECTRICITY EXCHANGE OPERATORS;
        (B) GRANT ADMINISTRATIVE EXPENSE CLAIMS AND AUTHORIZE
16     POSTING OF COLLATERAL TO EXCHANGE OPERATORS TRADING
          COUNTER-PARTIES AND FUTURE COMMISSION MERCHANTS;
17              (C) MODIFY THE AUTOMATIC STAY; AND
                    (D) GRANTED RELATED RELIEF
18         4.  APPLICATION OF DEBTORS FOR ORDER APPOINTING
              JASON P. WELLS AS RESPONSIBLE INDIVIDUAL
19     5. MOTION OF DEBTORS FOR INTERIM AND FINAL AUTHORITY TO
           (I)(A) CONTINUE EXISTING CASH MANAGEMENT SYSTEM,
20      (B) HONOR CERTAIN PRE-PETITION OBLIGATIONS RELATED TO
               THE USE THEREOF, (C) CONTINUE INTER-COMPANY
21         ARRANGEMENTS, (D) CONTINUE TO HONOR OBLIGATIONS
              RELATED TO JOINT INFRASTRUCTURE PROJECTS, AND
22    (E) MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS;
      AND (II) WAIVING THE REQUIREMENTS OF 11 U.S.C. 345(b)[7]
23       6.  MOTION OF DEBTORS FOR INTERIM AND FINAL ORDERS
          ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING
24         RESTRICTION ON CERTAIN TRANSFERS OF STOCK OF, AND
                     CLAIMS AGAINST, THE DEBTORS
25
```

7. MOTION OF DEBTORS FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTORS TO (A) MAINTAIN AND ADMINISTER CUSTOMER PROGRAMS, INCLUDING PUBLIC PURPOSE PROGRAMS, AND (B)HONOR ANY PRE-PETITION OBLIGATIONS RELATING THERETO; AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS

8. MOTION OF DEBTORS FOR (I) INTERIM AND FINAL AUTHORITY TO PAY PRE-PETITION OBLIGATIONS OWED TO SHIPPERS, WAREHOUSEMEN, AND OTHER LIEN CLAIMANTS; AND (II) GRANTING ADMINISTRATIVE EXPENSE PRIORITY STATUS FOR CLAIMS ARISING FROM GOODS DELIVERED TO THE DEBTORS POST-PETITION

9. MOTION OF DEBTORS FOR INTERIM AND FINAL AUTHORITY TO (I) PAY PRE-PETITION WAGES, SALARIES, WITHHOLDING OBLIGATIONS, AND OTHER COMPENSATION AND BENEFITS; (II) MAINTAIN EMPLOYEE BENEFITS PROGRAMS; AND (III) PAY RELATED ADMINISTRATIVE OBLIGATIONS

10. MOTION OF DEBTORS FOR ENTRY OF ORDER (I) EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS, AND (II) EXTENDING TIME TO FILE 2015.3 REPORTS

11. MOTION OF DEBTORS FOR INTERIM AND FINAL AUTHORITY TO PAY CERTAIN PRE-PETITION TAXES AND ASSESSMENTS AND GRANTING RELIEF

12. MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE FILING UNDER SEAL OF THE PROPOSED DEBTOR IN POSSESSION FINANCING FEE LETTERS

13. MOTION OF DEBTORS FOR ENTRY OF ORDER (I) WAIVING THE REQUIREMENTS TO FILE LISTS OF CREDITORS AND EQUITY HOLDERS AND GRANTING RELATED RELIEF; AND (II) AUTHORIZING AND APPROVING PROCEDURES FOR PROVIDING NOTICE OF THE COMMENCEMENT OF CHAPTER 11 CASES

14. DEBTORS' APPLICATION FOR APPOINTMENT OF PRIME CLERK LLC AS CLAIMS AND NOTICING AGENT

15. MOTION OF DEBTORS FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO OBTAIN SENIOR SECURED, SUPER-PRIORITY, POST-PETITION FINANCING, (II) GRANTING LIENS AND SUPER-PRIORITY CLAIMS, (III) MODIFYING THE AUTOMATIC STAY (IV) SCHEDULING FINAL HEARING, AND (V) GRANTING RELATED RELIEF

16. MOTION OF DEBTORS FOR INTERIM AND FINAL AUTHORITY TO PAY PRE-PETITION OBLIGATIONS OWED TO CERTAIN SAFETY AND RELIABILITY, OUTAGE, AND NUCLEAR FACILITY SUPPLIERS

17. MOTION OF DEBTORS FOR ENTRY OF ORDER AUTHORIZING OVERSIZE BRIEFING FOR CERTAIN FIRST-DAY MOTIONS

1     THE COURT: Ms. Liou, good afternoon.
2     MR. LIOU: Good afternoon, Your Honor, Jessica
3 Liou from Weil Gotshal and Manges, here on behalf of the
4 Debtors. The next item on the agenda is Docket Entry No.
5 11, Agenda Item 12, which is the Debtors' motion seeking
6 approval to pay certain pre-petition taxes and assessments
7 and granting related relief.
8     THE COURT: And the way I read it, you get interim
9 authority, temporary -- I mean remedial authority for
10 around 11 million dollars to pay and then at the final
11 hearing 139 million. Some are priority claims; some are
12 post-petition, a variety of things.
13     MS. LIOU: That's correct.
14     THE COURT: Are there any objections that you
15 received?
16     MS. LIOU: Absolutely none that I'm aware of.
17     THE COURT: Anyone either in the court or the
18 overflow or on the phone want to be heard on the tax
19 motion?
20     (No response.)
21     I have no objections. I reviewed it, understand
22 it. That motion will be granted.
23     MR. LIOU: Thank you very much, Your Honor.
24     Next on the agenda is Item No. 13. It's Docket
25 Entry No. 16. It's what the Debtors have termed their

Public Programs and Customer Programs Motion. As Your Honor may be aware, we did receive a couple of filed statements in response to the Customer Program Motion. I'd like to take a moment to go through those on the record with Your Honor and indicate where we have resolved certain of the statements. I also do want to note that we have been working extensively with the staff of the CPUC regarding the motion itself and the provisions of the order, and that the U.S. Trustee's office has not objected to this requested relief.

THE COURT: Okay.

MR. LIOU: At Docket No. 66, Sonoma Clean Power Authority filed a statement in support and reservation of rights. We have communicated with their attorneys and confirmed that their issues are all resolved. They have filed a separate statement in connection with entry of the DIP order and given that there were some proposed changes to the DIP order, that is fully resolved -- their issues with respect to not only the DIP, but also this Customer Programs Motion.

THE COURT: Okay. That's good to hear.

MS. LIOU: At Docket No. 147, that's ChargePoint, Inc.'s conditional non-opposition that was filed. We have worked out some language with them that I believe fully resolves their conditional non-opposition, and they now

1  support the relief requested.  I will go through those
2  interlineated edits in the order in a moment because I
3  believe that those edits also resolve Docket Item No. 158
4  which is the preliminary objection filed on behalf of
5  various California State Agencies.
6          THE COURT: Well again, as you heard me speak
7  earlier this morning, I just have not been able to keep up
8  with the pace.  So you summarized what's there, and to the
9  extent that you or the Debtor has resolved them, we will
10 make that on the record and go from there and get
11 confirmation from any counsel.
12         MS. LIOU: Correct.
13         THE COURT: And I did look over the ChargePoint
14 one because that was one that came in a little earlier, and
15 I understand it.  So that's fine.
16         MS. LIOU: Yes.  And there are two other remaining
17 statements.  That's Docket Entry No. 156 filed on behalf of
18 Marin Clean Energy.  We confirmed with counsel that that is
19 also fully resolved.  We confirmed with Marin Clean Energy
20 that their program is part of the customer programs
21 included in the motion.
22         THE COURT: Okay.  Well, that's it.  That's the
23 easy way to get people to come around is to get them on the
24 program.
25         MS. LIOU: That's right.  And then the last one is

1  Docket No. 170.  That's Air (could be Area) Petroleum
2  Reservation of Rights that was filed.  I do not believe
3  that there's any action required as a result of that
4  reservation of rights being filed at this point in time.
5          THE COURT: So you probably heard me have some
6  conversation earlier in the day with your colleague, and
7  this one is the one that is teed up as a two-step motion,
8  but if I grant the motion, there's nothing to do really at
9  the final hearing other than to ratify it, right?
10         MS. LIOU: That's correct.
11         THE COURT: Yeah.  I mean I guess what I want -- I
12 just want to make sure we're clear that -- I'm sure in your
13 experience and in my experience and in a lot of the
14 bankruptcy lawyers' experience, as I said earlier, this
15 concept of a preliminary hearing and a certain amount of
16 things happening, whether it be money borrowed or payments
17 made, followed by more, gives people an opportunity
18 particularly when we're operating under this enormously
19 tight time schedule, but this one looked like, okay,
20 there's a lot of money being spent and there's going to be
21 a final hearing, but by the time of the final hearing, the
22 money is either all spent or committed.
23         MR. LIOU: Well, I think that there's actually a
24 significant portion of the relief that is reserved for the
25 final hearing.  We do provide an estimate in the motion of

1  what we anticipate we will spend during the interim period
2  which is about approximately 215 million dollars plus any
3  additional CPUC costs on top of that.  But I share your
4  concern.  Your Honor, I would just say that, you know, this
5  motion is critically important to many constituencies for
6  many reasons.
7              THE COURT:  Oh, I know it is.  I mean I'm
8  absolutely convinced.  And that was my point, and maybe I
9  missed it, but think in one or two of the other similar
10 motions --
11             MR. LIOU:  There is no interim cap if that's the
12 question that you're asking.
13             THE COURT:  Well, I think, for example, in a
14 couple of the other ones, I had a table with "X" dollars to
15 be spent now; "Y" dollars to be spent later, and I just
16 wanted to get a sense.  I'm not opposing this; I'm not
17 going to impose anything on my own, and the people that
18 have had a chance to weigh in on it, including some counsel
19 behind you, that's fine.  And we don't need to dwell on it
20 now.  In fact, why don't I shut up and see what the
21 gentlemen behind you want to say.
22             MS. LIOU:  Sure.  But, Your Honor, if I may, at
23 least go through the changes to the proposed order that we
24 had agreed to with two of the parties that have filed
25 statements.

```
                                                                    104
 1              THE COURT: All right.  Okay.
 2              MS. LIOU: If you have a copy of the order in
 3   front of you.
 4              THE COURT: I do.  Yes, I do.
 5              MS. LIOU: All right.  The only changes are with
 6   respect to paragraph 2, and if you go about halfway down
 7   into that paragraph, there's a Romanette ii.
 8              THE COURT: Yes.
 9              MS. LIOU: The original language read: "Continue,
10   comma, renew, comma, replace, comma, implement, new, comma
11   and/or terminate one or more of the customer programs.
12   There were certain parties who raised concerns about the
13   termination language and so we have agreed to modify that
14   language to make clear that the Debtors intend to continue
15   to perform in accordance with applicable law their
16   obligations under the customer programs.  So we have now
17   revised that language to Romanette ii:
18          "... continue to perform in accordance with
19          applicable law one or more of the customer
20          programs."
21              THE COURT: Okay.
22              MS. LIOU: And then if you go three lines down,
23   there's language that reads "as they deem appropriate."
24   We've agreed to strike that language.  The Debtors will
25   obviously perform their obligations in the ordinary course
```

105

1 of business in accordance with what Federal, State and
2 other regulations require.
3    THE COURT: Okay. I appreciate that, Ms. Liou.
4 Those are the only changes?
5    MR. LIOU: Yes.
6    THE COURT: All right. Counsel? Mr. Harris?
7    MR. HARRIS: Good afternoon, Your Honor, Robert
8 Harris of Binder and Malter appearing for ChargePoint, Inc.
9 Ms. Liou has accurately represented our agreed changes to
10 the order, and we withdraw our objection.
11    THE COURT: Okay. Thank you, Mr. Harris. Yes,
12 sir.
13    MR. PASCUZZI: Good afternoon, Your Honor, Paul
14 Pascuzzi, Felderstein, Fitzgerald, Willoughby & Pascuzzi.
15 We are co-counsel with the California Attorney General's
16 Office for various State agencies, the ones --
17    THE COURT: I expected you here. You're a
18 regular.
19    MR. PASCUZZI: Thank you, Your Honor. The State
20 agencies on our pleading in this particular matter are the
21 California Department of Toxic Substances Control,
22 California Department of Water Resources, State Water
23 Resources Control Board, Regional Water Quality Control
24 Boards and State Energy Resources Conservation and
25 Development Commission. Your Honor, we do support the

```
 1
 2
 3
 4                  CERTIFICATE OF TRANSCRIBER
 5
 6       I certify that the foregoing is a correct
 7  transcript from the digital sound recording of the
 8  proceedings in the above-entitled matter.
 9
10  DATED: February 5, 2019
11
12                          By:    /s/ Jo McCall
13
14
15
16
17
18
19
20
21
22
23
24
25
```