| | |
|---|---|
| Jonathan R. Doolittle (SBN 290638)<br>Email: jdoolittle@reedsmith.com<br>REED SMITH LLP<br>101 Second Street, Suite 1800<br>San Francisco, CA 94105-3659<br>Telephone: +1 415 543 8700<br>Facsimile: +1 415 391 8269<br><br>Attorneys for BP Energy Company and BP Products North America Inc. | |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors | No.: 19-30088 DM<br><br>Chapter 11<br>Lead Case, Jointly Administered<br><br>Date: February 27, 2019<br>Time: 9:30 a.m.<br>Place: 450 Golden Gate Ave., Ctrm 17<br><br>Honorable Hon. Dennis Montali |

**RESERVATION OF RIGHTS BY BP ENERGY COMPANY AND BP PRODUCTS NORTH AMERICA INC. TO THE MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105, 362, 363, AND 364 AND FED. R. BANKR. P. 6003 AND 6004 TO (A) HONOR PREPETITION OBLIGATIONS TO NATURAL GAS AND ELECTRICITY EXCHANGE OPERATORS, (B) GRANT ADMINISTRATIVE EXPENSE CLAIMS AND AUTHORIZE POSTING OF COLLATERAL TO EXCHANGE OPERATORS TRADING COUNTERPARTIES, AND FUTURE COMMISSION MERCHANTS, (C) MODIFY THE AUTOMATIC STAY, AND (D) GRANT RELATED RELIEF [DOCKET NO. 15]**

BP Energy Company ("**BPEC**") and BP Products North America Inc. ("**BPNA**" and, collectively with BPEC, "**BP**"), by their undersigned attorneys, submit this response to the motion ("**Motion**") of the Debtors pursuant to 11 U.S.C. §§ 105, 362, 363, and 364 and Fed. R. Bankr. P. 6003 and 6004 to (a) honor prepetition obligations to natural gas and electricity exchange operators, (b) grant administrative expense claims and authorize posting of collateral to exchange operators trading counterparties, and future commission merchants, (c) modify the automatic stay, and (d) grant related relief [ECF No. 15] and respectfully represents as follows:

1. BPEC and BPNA are each counterparties to commodities supply contracts ("**Contracts**") with Pacific Gas & Electric Company (the "**Utility**") that are subject to the Bankruptcy Code's safe harbor provisions for financial-markets contracts.[1] Pursuant to the safe harbor provisions of the Bankruptcy Code, BP may terminate the Contracts terminate the transaction based on the Utility's bankruptcy petition, insolvency, or financial condition and offset and net out the parties' obligations (including enforcement against collateral held by BP) free of the restraints of the automatic stay.

2. On the Petition Date, the Utility filed the Motion, *inter alia*, to permit Trading Counterparties (as defined therein) to apply existing cash collateral to their prepetition obligations and authorize the Utility to provide cash collateral for post-petition obligations to Trading Counterparties.

3. BPEC and BPNA believe that they are each intended to be Trading Counterparties within the definition of the Motion. However, the language used in the Motion is not clear and BP is

---

[1] BPEC is counterparty to a contract for the Sale and Purchase of Natural Gas pursuant to which it supplies natural gas to the Utility. BPNA is counterparty to a Master Allowance/Offset Credit Purchase Agreement pursuant to which it sells carbon offset credits to the Utility.

unsure whether any order that may be entered if the Motion is granted will provide BP with protections it will need to continue to deliver commodities to the Utility during the Chapter 11 case.

4. BP has raised its concerns with counsel for the Debtors and is hopeful that the language of any proposed final order might provide BP with the assurances it needs to continue to make deliveries to the Utility. Since the Debtor has not yet proposed a form of final order, BP reserves its right to object to the form and present its concerns to the Court at the hearing on the Motion.

5. Neither this reservation of rights nor any subsequent appearance, pleading, proof of claim or suit is intended or shall be deemed or construed as a waiver of any or all rights, claims, actions, defenses, and recoupments to which BPEC and BNPA are or may be entitled to under any agreements with the Utility, in law or in equity, all of which rights, claims actions, defenses, setoffs and recoupments are expressly reserved hereby.

Dated: February 21, 2019

DATED: February 21, 2019

REED SMITH LLP

By: /s/ Jonathan R. Doolittle
Jonathan R. Doolittle
Attorneys for BP Energy Company and
BP Products North America Inc.