| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP | KELLER & BENVENUTTI LLP |
| Stephen Karotkin (*pro hac vice*) | Tobias S. Keller (#151445) |
| (stephen.karotkin@weil.com) | (tkeller@kellerbenvenutti.com) |
| Jessica Liou (*pro hac vice*) | Peter J. Benvenutti (#60566) |
| (jessica.liou@weil.com) | (pbenvenutti@kellerbenvenutti.com) |
| Theodore Tsekerides (*pro hac vice*) | Jane Kim (#298192) |
| (theodore.tsekerides@weil.com) | (jkim@kellerbenvenutti.com) |
| Matthew Goren (*pro hac vice*) | 650 California Street, Suite 1900 |
| (matthew.goren@weil.com) | San Francisco, CA 94108 |
| 767 Fifth Avenue | Tel: 415 496 6723 |
| New York, NY 10153-0119 | Fax: 650 636 9251 |
| Tel: 212 310 8000 | |
| Fax: 212 310 8007 | |

*Proposed Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☑ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**PRELIMINARY RESPONSE IN OPPOSITION TO VALERO REFINING COMPANY-CALIFORNIA'S MOTION FOR RELIEF FROM STAY**<br><br>Date:   February 26, 2019<br>Time:  9:30 a.m.<br>Place:  United States Bankruptcy Court<br>         Courtroom 17, 16th Floor<br>         San Francisco, CA 94102 |

Pacific Gas and Electric Company (the "**Utility**," "**PG&E**," or the "**Debtor**"), as debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), respectfully submits this preliminary response in opposition to Valero Refining Company-California's ("**Valero**") Motion for Relief from Stay (the "**Motion**"). As discussed below, Valero's Motion fails to make a prima facie showing for relief and should be denied. If the Court, however, concludes that Valero has made a prima facie case for relief such that PG&E should be required to present a full opposition for consideration at a final hearing, PG&E intends to file a legal memorandum and one or more declarations in opposition to the Motion, on a schedule to be agreed by the parties or set by the Court at the preliminary hearing.

Valero filed its Motion a mere eight days after the Debtor filed for relief under Chapter 11. Valero seeks relief from the automatic stay under 11 U.S.C. § 362(d)(1) to "complete pretrial proceedings, trial, post-trial motions and any appellate proceedings" in or in connection with *Valero v. PG&E*, Case No. 2:17-cv-01350-TLN-EFB, in the United States District Court for the Eastern District of California (the "**Valero Action**").[1] Valero's Motion should be denied for several reasons.

Valero's requested relief would interfere with the pending Chapter 11 Cases. As the Court is aware, the Debtor is in the early stages of a complex reorganization that requires the Debtor's undivided attention to effect a smooth business transition into Chapter 11 so as to maximize value and to assure the success of these Chapter 11 Cases. Valero's requested relief would, among other things, defeat the very purpose of the automatic stay and divert the Debtor's time, attention, and resources away from undertaking its reorganization, forcing the Debtor to expend resources to litigate the Valero Action and requiring key individuals at the Company to prepare Debtors' defense and to serve as witnesses through trial.

Granting Valero relief from the automatic stay would also prejudice the interests of other creditors and interested parties. Valero has failed to make a prima facie showing why its disputed unliquidated prepetition claim should be treated differently from the other claims and pending lawsuits of all other prepetition creditors, including the thousands of wildfire claimants. In fact, as

---

[1] Notably, "Valero does not seek relief from the stay to pursue any enforcement of any judgment it may obtain in the [Valero Action]." *See* Motion at 1.

PRELIMINARY RESPONSE IN OPPOSITION TO
MOTION FOR RELIEF FROM STAY BY VALERO
Case: 19-30088    Doc# 601    Filed: 02/22/19    Entered: 02/22/19 14:59:10    Page 2 of 4

Valero itself acknowledges, "other part[ies] [may] potentially be affected by Valero's claim" if "multiple claims exceeding the coverage limits are made against PG&E's insurance coverage for the year applicable to the Valero incident…." Motion at 11.

Valero's assertion that relief from stay would promote judicial economy and avoid delay and inefficiencies is facially unfounded and incorrect. Indeed, and as made clear in the Motion, the Valero Action is far from the eve of trial. Valero acknowledges that, when these Chapter 11 Cases were commenced, the parties were still engaged in expert discovery, and there was still outstanding motion practice, including Valero's motion for leave to amend the complaint to add punitive damages. Motion at 3, 4, 12. While there was a trial date set for June 2019, the court in the Valero Action issued a minute order that the case be administratively closed; and there is no evidence or suggestion in the Motion that the trial would proceed in June 2019 (or any reasonably proximate date) if the stay were lifted. *Id.* at 4.

Contrary to Valero's assertion, judicial economy would be better served by denying stay relief and addressing Valero's claims against PG&E in the normal claims process as is customary in cases under Chapter 11. Granting Valero the relief it requests would *undermine* judicial economy, as it would virtually guarantee protracted litigation in the district court, with all of the expense and disruption inherent in that process, potentially followed by years of appeals. There is no valid reason to embark on such a path, particularly at this stage of the Chapter 11 Cases.

The equitable treatment of similarly situated creditors also weighs against granting relief. There are numerous other prepetition claims of like priority against PG&E that have been asserted in other litigation subject to the automatic stay. There is no justification for allowing Valero's claim to proceed in a different forum, at significant cost and disruption to PG&E's estate while those other creditors' actions necessarily remain stayed in furtherance of the reorganization process.

Ignoring the disruptive impact on the Debtor's reorganization efforts, the prejudicial effect on other creditors and parties in interest, and lack of judicial economy, Valero appears to justify its request for relief from stay on the notion that "PG&E has liability insurance coverage for some or all of the claims asserted in the [Valero Action]." Motion at 8. Valero's own Motion properly calls into question the extent to which PG&E's insurance coverage is available to cover Valero's claims. *Id.* at

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

8-10. For example, PG&E's applicable insurance is subject to a $10 million self-insured retention (deductible) that applies to both defense costs and damages, such that PG&E and its estate are entirely self-funding for the first $10 million of defense costs and damage payments without any prospect of reimbursement by insurance. Thus, Valero's premise that PG&E's insurance coverage will insulate PG&E from significant economic cost, or provide a ready and potentially prompt source of recovery to Valero at little cost to any party other than PG&E's insurers, is misplaced.

In sum, Valero's Motion fails to establish a prima facie basis for its requested relief from the automatic stay. Accordingly, Valero's request for relief from the automatic stay should be denied. Alternatively, PG&E respectfully requests that this Court schedule a final hearing and set a briefing schedule for PG&E to submit a full opposition to Valero's Motion.

Dated: February 22, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/ Peter J. Benvenutti
      Peter J. Benvenutti

*Proposed Attorneys for Debtors and Debtors in Possession*