TIMOTHY S. LAFFREDI (WI SBN 1055133)
Assistant United States Trustee
MARTA E. VILLACORTA (NY SBN 4918280)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
450 Golden Gate Avenue, Suite 05-0153
San Francisco, CA 94102
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: marta.villacorta@usdoj.gov

Attorneys for Andrew R. Vara,
Acting United States Trustee for Region 3[1]

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION**,<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>**Debtors**.<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>*\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered) |

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a), 327, 328, AND 330 FOR AUTHORITY TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS *NUNC PRO TUNC* TO THE PETITION DATE**

Andrew R. Vara, Acting United States Trustee for Region 3 (the "United States Trustee"), by and through his undersigned counsel, hereby files this limited objection ( Objection") to the Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 327, 328, and 330 for Authority to Employ Professionals Used in the Ordinary Course of Business *Nunc Pro Tunc* to the Petition Date (ECF No. 350, "Motion").[2]

---

[1] Andrew R. Vara, Acting United States Trustee for Region 3, is acting in this appointment for Tracy Hope Davis, United States Trustee for Region 17, who has recused herself.

[2] The United States Trustee requests that the Court take judicial notice of the pleadings and

This Objection is supported by the following memorandum of points and authorities and any argument the Court may permit on the Omnibus Objection.

## I. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Introduction

The Debtors filed the Motion on February 6, 2019. ECF No. 350. The Motion requests the Court approve procedures permitting the retention and payment of so-called Ordinary Course Professionals on a summary basis. Ordinary Course Professionals are typically professionals necessary to a Debtor but whose services and compensation are limited. The United States Trustee does not oppose the Motion generally but believes the procedures can be modified to provide for greater disclosure in the retention process and more oversight of fees in the compensation process. Additionally, certain of the Ordinary Course Professionals proposed by the Debtors should bring applications pursuant to the provisions of 11 U.S.C. §327(a),(e).

### B. Background Facts and Procedural Posture

1. On January 29, 2019, the Debtors commenced the above-captioned cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.[3] ECF No. 1.

2. No trustee has been appointed in the Debtors' cases. *See generally* Case Dockets.

3. On February 12, 2019, the U.S. Trustee appointed an Official Committee of Unsecured Creditors ("OCUC"). ECF No. 409. On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants ("OCTC"). ECF No. 453.

---

documents filed in these cases pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 201. To the extent that the Omnibus Objection contains factual assertions predicated upon statements made by Debtors, any of their current or former affiliates, agents, attorneys, professionals, officers, directors or employees, the United States Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 801(d)(2).

[3] The Utility filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on April 6, 2001. *See* PACER docket for Case No. 01-30923 DM. According to the bankruptcy docket, this case is still active and pending before the Honorable Dennis Montali. *Id.*

4. Paragraph 2(vi) of the Proposed Order provides that the fees and expenses of an OCP be paid in full every month subject to a Monthly Cap of $100,000. Paragraph 2(viii) proposes that if an OCP exceeds the Monthly Cap the OCP will file a noticed fee application: "…on account of the fees and expenses in excess of the OCP Monthly Cap…". Paragraph 2(ix) of the Proposed Order provides for an OCP Annual Cap of $1,000,000 per OCP. This provision also permits the cap to be increased but not decreased.

5. Exhibit 1 to the Motion identifies 77 Ordinary Course Professionals. The list includes one firm providing Tax Law, Eversheds-Sutherland. Some of the proposed Ordinary Course Professionals are identified as providing services related to FERC matters.

## II. ARGUMENT

### A. The Proposed Cap is Excessive

The Monthly Cap and the Annual Cap are excessive. There are 77 proposed Ordinary Course Professionals identified on Exhibit 1, and additional ones may be added. The Monthly Cap of $100,000 means that fees of up to $7,700,000 could be paid on a monthly basis without any meaningful oversight. On an annual basis, the amount exceeds $92 million, a not insubstantial sum. The United States Trustee would propose that the proposed caps be reduced by fifty percent (50%).

Reducing the proposed caps will provide for greater oversight of professional fees being incurred in the case. Where law firms are involved, reducing the caps will ensure greater compliance with all applicable Fee Guidelines.[4]

The provision contained in Paragraph 2(viii) of the Proposed Order that if an OCP exceeds the Monthly Cap the OCP will file a noticed fee application: "…on account of the fees and expenses in excess of the OCP Monthly Cap…" is unreasonable. This would mean, for example, that a monthly fee of $101,000 would subject only the last $1,000 to a fee application, exempting

---

[4] Ordinary Course Professionals who are attorneys are exempt from application of the 2013 U.S. Trustee Fee Guidelines. Attorney Ordinary Course Professionals exceeding any applicable cap will be required to comply with the 2013 Guidelines as set forth in the Motion, providing for additional oversight of compensation.

Page -3-
In re PG&E Corporation, 19-30088 DM – LIMITED OBJECTION TO DEBTORS' OCP MOTION

Case: 19-30088    Doc# 602    Filed: 02/22/19    Entered: 02/22/19 15:42:45    Page 3 of 5

the balance.  This provision should be stricken.  If an OCP exceeds the Monthly Cap a fee application should be brought for the entire month as there is no other way to meaningfully review the reasonableness of the fees unless it is for the entire affected period.

The proposed procedures would permit caps to be increased but not decreased.

Some of the proposed OCPs are more likely than not receiving reimbursements from third party sources, such as insurance companies. The proposed OCP Declaration should disclose whether or not the professional is receiving payment from third party sources other than the Debtors.

### B.     11 U.S.C. §327 Professionals

Exhibit 1 to the Motion identifies 77 Ordinary Course Professionals.  The list includes one firm providing Tax Law, Eversheds-Sutherland.  Some of the proposed Ordinary Course Professionals are identified as providing services related to FERC matters.  The Debtor is already engaged in litigation with FERC. (Pacific Gas and Electric v Federal Energy Regulatory Commission, Adversary Proceeding No. 19-03003). With respect to Tax-Law, if the firm is acting as the Debtors' Accountant, then an application should be filed pursuant to 11 U.S.C. §327(a) as the section by its terms requires that accountants be retained under this process. The Debtors should provide more detail as to the services to be rendered by Eversheds-Sutherland.  With respect to FERC representations, the Debtors should file appropriate applications to retain special counsel pursuant to 11 U.S.C. §327(e) where it is more likely than not that any approved fee caps herein will be exceeded on a regular basis by one or more propose  OCPs.

Additionally, the Debtors should identify which proposed OCPs hold pre-petition claims against the Debtors, and whether they have agreed to waive those pre-petition claims in order to be retained. To the extent that any of the proposed Ordinary Course Professionals are creditors of the Debtors and would be prohibited by Section 327 from being retained by the Debtors because they are not disinterested, the United States Trustee objects to approval of the retention of those OCPs pursuant to the Motion.

### III. CONCLUSION

The United States Trustee does not generally oppose the Motion. However, by adopting the proposed revisions to the Motion there will be greater oversight of the substantial OCP fees that will be incurred in this case. While the Ordinary Course Professional procedures have positive benefits in cases such as this, procedures should not be proposed in a manner that may have the effect of avoiding oversight of professional fees including compliance with applicable Fee Guidelines.

**WHEREFORE**, the United States Trustee requests to Court to deny the Motion unless modified as requested herein.

Dated: February 22, 2019

Andrew R. Vara
Acting United States Trustee, Region 3
By: /s/ *Timothy S. Laffredi*
TIMOTHY S. LAFFREDI
Assistant United States Trustee