TIMOTHY S. LAFFREDI (WI SBN 1055133)
Assistant United States Trustee
MARTA E. VILLACORTA (NY SBN 4918280)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
450 Golden Gate Avenue, Suite 05-0153
San Francisco, CA 94102
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: marta.villacorta@usdoj.gov

Attorneys for Andrew R. Vara,
Acting United States Trustee for Region 3[1]

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION**, <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> **Debtors**. <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☑ Affects both Debtors <br><br> *\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) <br><br> (Jointly Administered) |

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO MOTION OF DEBTORS FOR ENTRY OF ORDER IMPLEMENTING CERTAIN NOTICE AND CASE MANAGEMENT PROCEDURES**

Andrew R. Vara, Acting United States Trustee for Region 3 (the "United States Trustee"), by and through his undersigned counsel, hereby files this objection ( Objection") to the Motion of Debtors For Entry Of Order Implementing Certain Notice And Case Management Procedures (ECF No. 352, "Motion").[2]

---

[1] Andrew R. Vara, Acting United States Trustee for Region 3, is acting in this appointment for Tracy Hope Davis, United States Trustee for Region 17, who has recused herself.

[2] The United States Trustee requests that the Court take judicial notice of the pleadings and documents filed in these cases pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal

This Objection is supported by the following memorandum of points and authorities and any argument the Court may permit on the Objection.

## I. **MEMORANDUM OF POINTS AND AUTHORITIES**

### A. Introduction

The Debtors filed the Motion on February 6, 2019. ECF No. 352. The Motion is an attempt to control the court's calendar, regulate the introduction of evidence at hearings in the case, and to regulate the manner of service. Although many aspects of the Motion are not objectionable attempts to control the court's calendar, regulate the introduction of evidence, the manner of service are attempts to rewrite various of the Bankruptcy Rules of Procedure that will only benefit the authors of the Motion to the detriment of all other parties in interest, all of whom may reasonably rely upon the Federal Rules of Bankruptcy Procedure and applicable local rules and not be required to ferret through the docket for an order interposed at the inception of the case.

### B. Background Facts and Procedural Posture

1. On January 29, 2019, the Debtors commenced the above-captioned cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.[3] ECF No. 1.

2. No trustee has been appointed in the Debtors' cases. *See generally* Case Dockets.

3. On February 12, 2019, the U.S. Trustee appointed an Official Committee of Unsecured Creditors ("OCUC"). ECF No. 409. On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants ("OCTC"). ECF No. 453.

4. Paragraph 5 of the Proposed Order identifies parties to be served with all pleadings. The United States Trustee is not included on the list.

---

Rule of Evidence 201. To the extent that the Omnibus Objection contains factual assertions predicated upon statements made by Debtors, any of their current or former affiliates, agents, attorneys, professionals, officers, directors or employees, the United States Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 801(d)(2). Terms shall have the same meaning ascribed to them in the Motion.

[3] The Utility filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on April 6, 2001. *See* PACER docket for Case No. 01-30923 DM. According to the bankruptcy docket, this case is still active and pending before the Honorable Dennis Montali. *Id.*

5.  Paragraph 14 of the Proposed Order provides that any Rule 2002 Party: "…shall be deemed to have consented to service by e-mail of ECF, and such party shall thereby be served in accordance with the Case Management Procedures."

6.  Paragraph 23 of the Proposed Order would require that prior to seeking an emergency hearing before the Court, a movant or applicant must first consult with the Debtor who shall decide if the matter is an emergency.  If the Debtor disagrees, the movant can arrange for a telephonic status conference with the Court.

7.  Paragraphs 40 and 41 of the Proposed Order purport to regulate how testimony will be taken at hearings, requiring among other things that direct testimony by other than adverse witnesses be conducted solely by affidavit.  Paragraph 41 also purports to direct the Court that it will only take live testimony if credibility is in issue.

## II.  ARGUMENT

The United States Trustee should be added to the list of Standard Parties in paragraph 5 of the Proposed Order.  Section 307 of the Bankruptcy Code provides that the United States Trustee is a party in interest.  11 U.S.C. §107(c) entitles the United States Trustee to full access to all information filed with the Court.

Federal Rule of Bankruptcy Procedure ("FRBP") 9036 states in pertinent part:  Whenever the Clerk or some other person as directed by the court is required to send notice by mail **and the entity to receive the notice requests in writing that**, instead of notice by mail, all or part of the information required to be contained in the notice be sent by a specified type of electronic transmission…" (emphasis added). This rule contemplates that a party may agree in writing to accept service by electronic means but the choice belongs to the recipient not the sender.  Paragraph 14 of the Proposed Order would make this the unilateral decision of the Debtors for the entirety of the case since any Rule 2002 party would be deemed to have consented to electronic service.  This is an attempt to rewrite the rule.  If the Debtor desires to proceed in this manner, it must first provide any affected party the opportunity to elect to not receive service by electronic

means. Among other things, there is no assurance that all parties who may appear before the court in this case will have the ability to be served by electronic means.

The various requirements contained in paragraph 23 of the Proposed Order act to make the Debtor the gatekeeper for emergent relief, the various requirements would make any request for emergent relief anything but. This is an attempt to rewrite FRBP 9006. To the extent the Motion purports to rewrite the FRBP or local rules, any such provisions should be stricken. All parties in interest who are now before the court and who may come before the court in this case may rely upon the FRBP and applicable local rules and not be subjected to having to ferret out an order entered at the early stage of this case. Rather than aid in the administration of this estate, the order may be interposed to delay the presentation of emergent matters before the Court unless the Debtor has made a prior judgment that the matter is emergent.

Similarly, paragraphs 40 and 41 of the Proposed Order would purport to regulate the introduction of testimony at any hearing in this manner. The Court is more than capable to make its own determinations as to how testimony should be presented before it. Rather than aid in the administration of this estate, these rules could be interposed to prevent testimony and needless time will be spent during the course of this case litigating whether the Order entered herein has been complied with rather than the substantive issues that will be before the Court.

### III. CONCLUSION

The United States Trustee does not generally oppose the Motion. However, provisions that have the effect of rewriting FRBP 9006 and 9036, and provisions purporting to regulate how the court may take testimony in the case should be stricken.

**WHEREFORE**, the United States Trustee requests to Court to deny the Motion unless modified consistent with this Objection.

Dated: February 22, 2019       Andrew R. Vara
                               Acting United States Trustee, Region 3

                               By:   /s/ *Timothy S. Laffredi*
                                     TIMOTHY S. LAFFREDI
                                     Assistant United States Trustee

Page -4-
In re PG&E Corporation, 19-30088 DM – LIMITED OBJECTION TO DEBTORS' OCP MOTION
Case: 19-30088   Doc# 604   Filed: 02/22/19   Entered: 02/22/19 15:46:26   Page 4 of 4