TIMOTHY S. LAFFREDI (WI SBN 1055133)
Assistant United States Trustee
MARTA E. VILLACORTA (NY SBN 4918280)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
450 Golden Gate Avenue, Suite 05-0153
San Francisco, CA 94102
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: marta.villacorta@usdoj.gov

Attorneys for Andrew R. Vara,
Acting United States Trustee for Region 3[1]

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION**, | |
| - and - | Chapter 11 |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Lead Case) |
| **Debtors**. | (Jointly Administered) |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| *\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | |

## UNITED STATES TRUSTEE'S SUPPLEMENTAL OBJECTION TO MOTION OF THE DEBTORS TO CONTINUE THEIR EXISTING CASH MANAGEMENT SYSTEM AND FOR OTHER RELIEF [ECF NO. 7]

Andrew R. Vara, Acting United States Trustee for Region 3 (the "United States Trustee"), by and through his undersigned counsel, hereby files this objection to the motion filed by PG&E Corporation ("PG&E Corp.") and Pacific Gas and Electric Company (the "Utility"), the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases for Final Authority to (I) (a) Continue Existing Cash Management System, (b) Honor Certain Prepetition Obligations Related to the Use Thereof, (c) Continue Intercompany Arrangements, (d)

---

[1] Andrew R. Vara, Acting United States Trustee for Region 3, is acting in this appointment for Tracy Hope Davis, United States Trustee for Region 17, who is recused from the above-captioned cases.

Continue to Honor Obligations Related to Joint Infrastructure Projects, and (e) Maintain Existing Bank Accounts and Business Forms; and (II) Waiving Requirements of 11 U.S.C. § 345(b), ECF No. 7 ("Cash Management Motion").

I. **MEMORANDUM OF POINTS AND AUTHORITIES**

A. **Introduction**

Despite attempts to work through the remaining issues with the Debtors' Cash Management Motion, these issues have not yet been resolved, and accordingly the United States Trustee must file this Objection. According to the Cash Management Motion, the Debtors are seeking a waiver of Section 345's requirements on almost all aspects of their cash management system, including their main bank account. They have approximately 108 accounts, and some of these likely contain speculative investments or investments not insured, guaranteed, or backed by the full faith and credit of the United States Government or its agencies; in fact, it appears that over $1 billion dollars are currently in brokerage accounts. Therefore, at this juncture, the Court should either: (a) sustain the United States Trustee's objection or (b) adjourn the hearing on the Cash Management Motion to allow the parties to resolve outstanding issues if possible, or otherwise set this matter down for an evidentiary hearing.

B. **Background Facts and Procedural Posture**

1. On January 29, 2019, the Debtors commenced the above-captioned cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.[2] ECF No. 1. The Debtors' petitions were not accompanied by all schedules, statements, and lists required to be filed under Section 521 and FRBP 1007. *Id.*

2. No trustee has been appointed in the Debtors' cases. *See generally* Case Dockets.

3. The Senior Vice President and Chief Financial Officer of PG&E Corp. is Jason P. Wells. ECF No. 28.

---

[2] The Utility filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on April 6, 2001. *See* PACER docket for Case No. 01-30923 DM. According to the bankruptcy docket, this case is still active and pending before the Honorable Dennis Montali. *Id.*

4. Mr. Wells filed an omnibus declaration in support of the certain "First Day Motions," including the Cash Management Motion ("Wells Declaration"). *Id.*

5. On January 31, 2019, the United States Trustee filed an Omnibus Objection to First Day Motions, including to the Cash Management Motion (the "US Trustee Omnibus Objection"). ECF No. 173. In the US Trustee Omnibus Objection, the United States Trustee observed that most of the Debtors' accounts are in banks or financial institutions that have not been approved as authorized depository banks by the United States Trustee. *See* US Trustee Omnibus Objection at 6-9. The United States Trustee recommended the entry of an interim order to allow the parties to amicably work through the complex cash management issues. *See* Declaration of Michael Sorgaard (the "Sorgaard Decl."), Ex. A (copy of the US Trustee Omnibus Objection).

6. On January 31, 2019, the Court entered an order granting the Cash Collateral Motion on an interim basis (the "Interim Order"). *See* Sorgaard Decl., Ex. B (Interim Order).

7. The Interim Order maintains the *status quo* for a short period of time to allow the parties to review cash management procedures. The Interim Order contains the list of accounts held by the Debtors. *See* Interim Order, Schedule 1.

8. The Debtors have not disclosed in any public filings the amounts of funds in the accounts listed on Schedule 1,[3] but they are have subsequently represented to the United States Trustee that they have over $1 billion in brokerage accounts that are not subject to collateralization requirements (the "BNYM Brokerage Accounts"). *See* Sorgaard Decl. ¶ 1.

9. The BNYM Brokerage Accounts are disclosed on Schedule 1 of the Interim Order (first two listed accounts on Schedule 1).

10. Since the entry of the Interim Order, the United States Trustee has had numerous telephone conferences and email exchanges with the Debtors and their advisors, as well as with Bank of New York Mellon ("BNYM"), in an attempt to resolve and work through the cash management issues. The United States Trustee had believed the parties were working amicably to address outstanding cash management issues; despite these attempts, the remaining issues could

---

[3] The Wells Declaration does not recite the actual amounts in the Debtors' accounts. The Debtors secured an extension of time to file their schedules of assets and liabilities, at which time they will be required to disclose this information.

not be resolved, necessitating the filing of this Objection. *See* Sorgaard Decl. at ¶¶ 2-32 (describing conversations in general fashion).

**II.   ARGUMENT**

Section 345(a) of the Bankruptcy Code requires the trustee or a debtor in possession to deposit or invest money of the estate so that it will result in the "maximum reasonable net return. . . [while] taking into account the safety of such deposit or investment." Section 345(b) requires that estate funds be deposited or invested so as to ensure that the funds are protected for the benefit of creditors. *See* 11 U.S.C. § 345(b).

Generally, unless the funds are insured, guaranteed, or backed by the full faith and credit of the United States Government or its agencies, the institution holding the estate funds must post a bond in favor of the United States or, in the alternative, deposit securities pursuant to 31 U.S.C. § 9303 to protect the funds. To ensure that trustees and debtors in possession meet their responsibilities to safeguard funds in accordance with Section 345, the United States Trustee monitors fiduciaries and depositories, and requires that chapter 11 estate assets be held in debtor-in-possession accounts at "authorized depositories,"

An authorized depository is one that has entered into a Uniform Depository Agreement with the United States Trustee.

The Uniform Depository Agreement ("UDA") between the depository and the United States Trustee requires the depository to maintain collateral, unless an order of the bankruptcy court provides otherwise, in an amount of no less than 115 percent of the aggregate bankruptcy funds on deposit in each bankruptcy estate that exceeds the FDIC insurance limit. Further, each authorized depository is required to provide the United States Trustee quarterly reports for all bankruptcy estate accounts on deposit at all branches of the depository within the district.

Here, the Debtors state they maintain 108 bank accounts at various banks, of which 30 are actively used in the Cash Management System (the "Primary Bank Accounts"). *See* Wells Decl., ECF No. 28 at 26. Of the Primary Bank Accounts, 16 accounts are maintained at BNYM, 6

accounts are maintained at Bank of America, N.A., 4 accounts are maintained at Citibank, N.A. Citi, 1 account is maintained at Royal Bank of Canada ("RBC"), 2 accounts are maintained at Union Bank of California, and 1 account is maintained at U.S. Bank, N.A. The Debtors, however, concede that only 21 of the Primary Bank Accounts are maintained at banks designated as authorized depositories by the United States Trustee pursuant to the United States Trustee Guidelines. *Id.* at 27.

The Debtors have failed to meet their burden of showing that a waiver of the Section 345(b) is appropriate or necessary, particularly at this early stage of the case.

As revealed in the Interim Order, the Debtors have accounts in other financial institutions that are not authorized depositories, including Goldman Sachs & Company, Merrill Lynch, Morgan Stanley and Royal Bank of Scotland. *See* Sorgaard Decl., Ex. B (Interim Order, Schedule 1). With respect to the BNYM, the Debtors may have over $1 billion in brokerage accounts, which are not FDIC insured to that amount, and are not otherwise collateralized. *See* Sorgaard Decl. at ¶ 3.

As to each account listed on Schedule 1, the United States Trustee has requested balances and maximum anticipated amounts. Balances have been provided, but not maximums. *See* Sorgaard Decl. at 3. To meet their burden of a waiver of Section 345 requirements, the Debtors must provide relevant information regarding each account. As demonstrated above, the Debtors have funds in a variety of financial institutions that are not currently subject to Court and United States Trustee oversight.

**WHEREFORE**, the United States Trustee requests to Court to sustain his Objection; and grant such other relief as is just under the circumstances.

Dated: February 22, 2019        Andrew R. Vara
                                        Acting United States Trustee, Region 3

                                        By:   /s/ *Timothy S. Laffredi*
                                                TIMOTHY S. LAFFREDI
                                                Assistant United States Trustee