# EXHIBIT A

DONNA S. TAMANAHA (WI SBN 1013199)
Assistant United States Trustee
LYNETTE C. KELLY (SBN 120799)
Trial Attorney
MARTA E. VILLACORTA (NY SBN 4918280)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
450 Golden Gate Avenue, Suite 05-0153
San Francisco, CA  94102
Telephone:  (415) 705-3333
Facsimile:   (415) 705-3379
Email: lynette.c.kelly@usdoj.gov;
        marta.villacorta@usdoj.gov

Attorneys for James L. Snyder,
Acting United States Trustee for Region 12[1]

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 19-30088 DM |
| PG&E CORPORATION, | Chapter 11 |
| Debtor-in-Possession. | |
| In re | Case No. 19-30089 DM |
| PACIFICE GAS AND ELECTRIC COMPANY, | Chapter 11 |
| Debtor-in-Possession. | |

## UNITED STATES TRUSTEE'S OMNIBUS OBJECTION TO
## DEBTORS' FIRST DAY MOTIONS [ECF NOS. 5, 7, 8 & 18]

James L. Snyder, Acting United States Trustee for Region 12 (the "United States Trustee"),

by and through his undersigned counsel, hereby files these objections (the "Omnibus Objection")

to the following "first day" motions (collectively, the "First Day Motions") filed by PG&E

Corporation ("PG&E Corp.") and Pacific Gas and Electric Company (the "Utility"), the debtors

and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases:[2]

---

[1] James L. Snyder, Acting United States Trustee for Region 12, is acting in this appointment for Tracy Hope Davis, United States Trustee for Region 17, who has recused herself.

[2] The United States Trustee requests that the Court take judicial notice of the pleadings and

Case: 19-30088    Doc# 173-1    Filed: 01/31/19    Entered: 01/31/19 07:44:20    Page 2
of 31

- Motion of Debtors for Entry of Order Directing Joint Administration of Chapter 11 Cases, ECF No. 5[3] ("Joint Administration Motion");

- Motion of Debtors for Interim and Final Authority to (I) (a) Continue Existing Cash Management System, (b) Honor Certain Prepetition Obligations Related to the Use Thereof, (c) Continue Intercompany Arrangements, (d) Continue to Honor Obligations Related to Joint Infrastructure Projects, and (e) Maintain Existing Bank Accounts and Business Forms; and (II) Waiving Requirements of 11 U.S.C. § 345(b), ECF No. 7 ("Cash Management Motion");

- Motion of Debtors for Interim and Final Authority to (I) Pay Prepetition Wages, Salaries, Withholding Obligations, and Other Compensation and Benefits; (II) Maintain Employee Benefits Programs; and (III) Pay Related Administrative Obligations, ECF No. 8 ("Wage Motion"); and,

- Motion of Debtors for Entry of Order (I) Extending Time to File Schedules of Assets and Liabilities and Statement of Financial Affairs, and (II) Extending Time to File 2015.3 Reports, ECF No. 18 ("Extension Motion").[4]

The United States Trustee does <u>not</u> object to the following motions at this time:[5]

- Motion of Debtors for Interim and Final Orders (I) Authorizing the Debtors to Maintain Insurance Policies, Workers' Compensation Program, and Surety Bond Program and Pay All Obligations with Respect Thereto; and (II) Granting Relief from the Automatic Stay with Respect to Workers' Compensation Claims, ECF No. 9;

- Motion of Debtors for Interim and Final Orders Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Stock of, and Claims Against, the Debtors, ECF No. 10;

---

documents filed in these cases pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 201. To the extent that the Omnibus Objection contains factual assertions predicated upon statements made by Debtors, any of their current or former affiliates, agents, attorneys, professionals, officers, directors or employees, the United States Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 801(d)(2).

[3] Unless otherwise noted, "ECF No." refers to the bankruptcy docket for case number, 19-30088.

[4] Separate objections will be filed in response to the Motion of Debtors for Interim and Final Orders (I) Authorizing the Debtors to Obtain Senior Secured, Superpriority, Postpetition Financing, (II) Granting Liens and Superpriority Claims, (III) Modifying the Automatic Stay, (IV) Scheduling Final Hearing and (V) Granting Related Relief, ECF 23 and Motion of Debtors for Entry of an Order Authorizing the Filing Under Seal of the Proposed Debtor-in-Possession Financing Fee Letters, ECF No. 25.

[5] The United States Trustee reserves all rights to object to the final relief sought in these motions.

Case: 19-30088    Doc# 673-1    Filed: 01/31/2019    Entered: 01/31/2019 07:45:48    Page 3 of 31

- Motion of Debtors for Interim and Final Authority to Pay Certain Prepetition Taxes and Assessments and Granting Related Relief, ECF No. 11;

- Motion of Debtors for Interim and Final Authority to Pay Prepetition Obligations Owed to Certain Safety and Reliability, Outage, and Nuclear Facility Suppliers, ECF No. 12;

- Motion of Debtors (I) for Interim and Final Authority to Pay Prepetition Obligations Owed to Shippers, Warehousemen, and Other Lien Claimants, and (II) Granting Administrative Expense Priority Status for Claims Arising from Goods Delivered to the Debtors Postpetition, ECF No. 13;

- Debtors' Application for Appointment of Prime Clerk LLC as Claims and Noticing Agent, ECF No. 14;

- Motions of Debtors to (A) Honor Prepetition Obligations to Natural Gas and Electricity Exchange Operators, (B) Grant Administrative Expense Claims and Authorize Posting of Collateral to Exchange Operators Trading Counterparties, and Future Commission Merchants, (C) Modify the Automatic Stay, and (D) Grant Related Relief, ECF No. 15;

- Motion of Debtors for Interim and Final Orders (I) Authorizing Debtors to (A) Maintain and Administer Customer Programs, Including Public Purpose Programs, and (B) Honor Any Prepetition Obligations Relating Thereto; and (II) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers, ECF No. 16;

- Motion of Debtors for Entry of Order (I) Waiving the Requirements to File Lists of Creditors and Equity Holders and Granting Related Relief; and (II) Authorizing and Approving Procedures for Providing Notice of the Commencement of Chapter 11 Cases, ECF No. 17;

- Motion of Debtors for Entry of Order Authorizing Oversize Briefing for Certain First Day Motions, ECF No. 19; and,

- Application of Debtors for Order Appointing Jason P. Wells as Responsible Individual, ECF No. 20.

The Omnibus Objection is supported by the following memorandum of points and authorities and any argument the Court may permit on the Omnibus Objection.

## I. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Introduction

The Debtors' request for relief through their various First Day Motions should either be (a) denied outright or (b) significantly limited by the Court solely to a level that is absolutely necessary to sustain the Debtors' operations. As to each of the above-mentioned motions, the

Debtors have failed to meet their evidentiary burden for the relief requested. A meeting of creditors pursuant to 11 U.S.C. § 341 has not been held. A creditors committee has not yet been formed. Bankruptcy schedules, the Statement of Financial Affairs, and other required documents have not been filed. Therefore, at this juncture, the Court should either sustain the United States Trustee's Omnibus Objection or adjourn the hearing on these First Day Motions to a later date to allow any creditors committee(s) or other creditors a meaningful opportunity to evaluate the First Day Motions.

### B. Background Facts and Procedural Posture

1. On January 29, 2019, the Debtors commenced the above-captioned cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.[6] ECF No. 1. The Debtors' petitions were not accompanied by all schedules, statements, and lists required to be filed under Section 521 and FRBP 1007. *Id.*

2. The Senior Vice President and Chief Financial Officer of PG&E Corp. is Jason P. Wells. ECF No. 28.

3. Mr. Wells filed an omnibus declaration in support of the First Day motions listed above ("Wells Declaration"). *Id.*

4. No trustee has been appointed in the Debtors' cases. *See generally* Case Dockets.

5. As of the date of this Objection, no official committee of unsecured creditors (or other committees) has been appointed. *Id.* However, on February 11, 2019, at 10:00 a.m., the United States Trustee will hold a formation meeting to determine interest in forming a creditors' committee.

6. On January 29, the Debtor filed the First Day Motions. ECF Nos. 5, 7-8 & 18. On the same date, the Debtors filed an *Ex Parte* Motion for Order Shortening Time with regard to the First Day Motions. ECF No. 29.

---

[6] The Utility filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on April 6, 2001. *See* PACER docket for Case No. 01-30923 DM. According to the bankruptcy docket, this case is still active and pending before the Honorable Dennis Montali. *Id.*

7.     A status conference was held in the above-captioned cases on January 29, 2019, in order to set a scheduling order with respect to the various First Day Motions.  *See* ECF No. 41.  At the status conference, the Court scheduled a hearing on the First Day Motions for January 31, 2019, at 10:00 a.m., with oppositions to be filed by 8:00 a.m. on January 31, 2019.  *See* ECF No. 78.

8.     A meeting of creditors has not yet been noticed.  *See* generally Case Dockets.

## II.    **ARGUMENT**

Four principles for Courts to consider with regard to first day motions are:

> First, the requested relief should be limited to that which is minimally necessary to maintain the existence of the debtor, until such time as the debtor can affect appropriate notice to creditors and parties in interest. In particular, a first day order should avoid substantive rulings that irrevocably determine the rights of parties.

> Second, first day orders must maintain a level of clarity and simplicity sufficient to allow reasonable confidence that an order will effect no unanticipated or untoward consequences.

> Third, first day orders are not a device to change the procedural and substantive rights that the Bankruptcy Code and Rules have established. In particular, first day orders should provide no substitute for the procedural and substantive protections of the plan confirmation process.

> Fourth, no first day order should violate or disregard the substantive rights of parties, in ways not expressly authorized by the Bankruptcy Code.

*In re The Colad Group, Inc.*, 324 B.R. 208, 213-14 (Bankr. W.D.N.Y. 2005).

Accordingly, the relief sought in the First Day Motions, if granted at all, should only be granted on an interim basis, with a final hearing set so that an Official Committee of Unsecured Creditors, which is expected to be formed, can review and respond to the final relief sought, preferably after the schedules are filed and the 341 meeting of creditors is held.

The United States Trustee reserves all rights to object to the final relief sought through the First Day Motions.

//

### A. The Joint Administration Motion

The United States Trustee objects to the Joint Administration Motion as it relates to the Monthly Operating Reports ("MORs"). The MORs perform the critical function of providing transparency and complete information to creditors, the Court, the United States Trustee and other interested parties. These MORs and the financial disclosures contained in them "are the life blood of the Chapter 11 process" and are more than "mere busy work." *YBA Nineteen, LLC v. IndyMac Venture, LLC (In re YBA Nineteen, LLC),* 505 B.R. 289, 303 (S.D. Cal. 2014) (citation omitted). Thus, combining the MORs of two entities that are not substantively consolidated would not serve this purpose and would likely confuse rather than clarify the facts presented. Separate reporting will also provide the information necessary to accurately calculate quarterly fees payable under 28 U.S.C. § 1930(a)(6). *Cf.* Fed. R. Bankr. P. 2015(a)(5). Most importantly, the Debtors have failed to present any legal argument or authority supporting this "request." Because the Debtors have failed to meet their burden, the Joint Administration Motion should be denied as it relates to MORs.

Moreover, the request to file consolidated MORs is not "emergency" relief. The first MOR is not due until March 21, 2019. Consequently, the Debtors have not met their burden with respect to the Court's consideration of the Joint Administration Motion on an emergency basis as it relates to MORs. If this issue is to be considered by the Court, it should be on full notice after a committee or committees are appointed and can be heard on the issue.

### B. The Cash Management Motion

Through the Cash Management Motion, the Debtors seek entry of an order (1) authorizing the continued use of Debtor's existing cash management system, prepetition bank accounts, prepetition agency accounts, and business forms; and (2) waiving compliance with the investment and deposit requirements of section 345(b) of the Bankruptcy Code. *See* ECF No. 7.

Section 345(a) of the Bankruptcy Code requires the trustee or a debtor in possession to deposit or invest money of the estate so that it will result in the "maximum reasonable net return. . . [while] taking into account the safety of such deposit or investment." Section 345(b) requires

that estate funds be deposited or invested so as to ensure that the funds are protected for the benefit of creditors. *See* 11 U.S.C. § 345(b).

Generally, unless the funds are insured, guaranteed, or backed by the full faith and credit of the United States Government or its agencies, the institution holding the estate funds must post a bond in favor of the United States or, in the alternative, deposit securities pursuant to 31 U.S.C. § 9303 as security. To ensure that trustees and debtors in possession meet their responsibilities to safeguard funds in accordance with Section 345, the United States Trustee monitors fiduciaries and depositories, and requires that chapter 11 estate assets be held in debtor-in-possession accounts at "authorized depositories," i.e., those that have entered into a Uniform Depository Agreement with the United States Trustee. *See* United States Trustee Program Policy and Practices Manual, Volume 7, "Banking and Bonding," ("Manual"), § 7-1.1, pp. 1-2, at https://www.justice.gov/ust/file/volume_7_banking_and_bonding.pdf/download.

The Uniform Depository Agreement between the depository and the United States Trustee ("UDA") requires the depository to maintain collateral, unless an order of the bankruptcy court provides otherwise, in an amount of no less than 115 percent of the aggregate bankruptcy funds on deposit in each bankruptcy estate that exceeds the FDIC insurance limit. Pursuant to the UDA, each authorized depository is required to provide quarterly reports for all bankruptcy estate accounts on deposit at all branches of the depository within the district. *See* Manual, § 7-1.3.2, p. 6. *See* Manual, §7-1.2.1, p. 2. The Manual also states that under no circumstances should a chapter 11 debtor, trustee, or examiner establish accounts in financial institutions or depositories outside the United States without prior approval of the United States Trustee or the bankruptcy court. *See* Manual, § 7-1.2.3, pp. 4-5.

The United States Trustee is mindful that some courts have concluded that guidelines established by the United States Trustee do not have the force and effect of law. *See, e.g., In re Young*, 205 B.R. 894, 897 (Bankr. W.D. Tenn. 1997); *In re Lani Bird, Inc.*, 113 B.R. 672, 673 (Bankr. D. Hawaii 1990); *In re Gold Standard Baking, Inc.*, 179 B.R. 98, 105-06 (Bankr. N.D. Ill. 1995); *In re Johnson*, 106 B.R. 623, 624-25 (Bankr. D. Neb. 1989). As a result, "if the court is to

require debtors to comply with particular provisions of the U.S.T.'s Guidelines, it must be for a reason independent of the Guidelines themselves." *Johnson*, 106 B.R. at 624.

Here, the Debtors state they maintain 108 bank accounts at various banks, of which 30 are actively used in the Cash Management System (the "Primary Bank Accounts"). *See* Wells Decl., ECF No. 28 at 26. Of the Primary Bank Accounts, 16 accounts are maintained at The Bank of New York Mellon ("BNYM"), 6 accounts are maintained at Bank of America, N.A., 4 accounts are maintained at Citibank, N.A. Citi, 1 account is maintained at Royal Bank of Canada ("RBC"), 2 accounts are maintained at Union Bank of California, and 1 account is maintained at U.S. Bank, N.A. The Debtors, however, concede that only 21 of the Primary Bank Accounts are maintained at banks designated as authorized depositories by the United States Trustee pursuant to the United States Trustee Guidelines. *Id.* at 27.[7]

The Debtors have failed to meet their burden of showing that a waiver of the Section 345(b) is appropriate or necessary at all, and particularly at this early stage of the case. With respect to the BNYM, the Debtors have not indicated that they have made any efforts to have the bank become an authorized depository. It does not appear that the Debtors have even contacted BNYM to request that it enter into the UDA with the United States Trustee, thereby affording the Debtors and their creditors the benefits and protections of Section 345 and the United States Trustee Guidelines. Likewise, there is no discussion in the Cash Management Motion as to whether RBC could be similarly collateralized. Again, it does not appear the Debtors have endeavored to bring these accounts into compliance with Section 345(b). Compliance with the requirements of 11 U.S.C. § 345(b) will ensure that all post-petition receipts (including the proposed DIP Financing) and disbursements will be readily identifiable and easily accounted for during the pendency of this case.

Based on the foregoing, the Debtors' request to waive the requirements of Section 345(b), which are designed to safeguard assets of the estate, should be denied. However, if the Court is inclined to grant some form of relief on this issue, the United States Trustee requests that it be in

---

[7] The status of the non-primary bank accounts has not been provided and/or an explanation regarding why these accounts were excluded from the requirement.

Case: 19-30088   Doc# 673-1   Filed: 01/31/2019   Entered: 01/31/2019 07:44:50   Page 9 of 31

the nature of an extension so that (1) the Debtors can make efforts to comply with the terms of Section 345(b) and (2) any official committees may review the issue and determine the impact on creditors of any waiver of these important protections.[8] *See In re Lehman Bros. Holdings, Inc.*, 2008 Bankr. LEXIS 4154 (Bankr. S.D.N.Y. Nov. 6, 2008) (The Court ordered that "with respect to those Bank Accounts which are not located in Banks that are Authorized Bank Depositories and with respect to their investments, the Debtors shall have 60 days (or such additional time as the U.S. Trustee may agree to) from entry of the Interim Order . . . to either come into compliance with section 345(b) of the Bankruptcy Code or to make such other arrangements as agreed with the U.S. Trustee.").

**C.    The Wage Motion**

Section 507(a)(4) of the Bankruptcy Code grants priority to employee claims for wages, salaries, or commissions.  The statute provides fourth priority for:

> allowed unsecured claims, but only to the extent of $12,850 for each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for – (A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual . . .

*See* 11 U.S.C. § 507(a)(4).

Similarly, section 507(a)(5) of the Bankruptcy Code provides that employees' claims for contributions to certain employee benefit plans are also afforded priority unsecured status. Specifically, section 507(a)(5) provides fifth priority to claims for:

> allowed unsecured claims for contributions to an employee benefit plan-

---

[8]The Declaration of Jason P. Wells filed in support of the Cash Management Motion states that "if the U.S. Trustee needs additional time to consider the waiver," the Court should grant interim relief by extending "Debtors' time to comply with the requirements of section 345(b) of the Bankruptcy Code for sixty (60) days while the Debtors discuss the issue with the U.S. Trustee and any statutory committees appointed in these chapter 11 cases." Wells Decl., ECF No. 28 at 41-42.

Page -9-

(A) arising from services rendered within 180 days before the date of the filing of the petition or date of the cessation of the debtor's business, whichever occurs first; but only

(B) for each such plan, to the extent of –

    i. the number of employees covered by each such plan multiplied by $12,850; less

    ii. the aggregate amount paid to such employees under paragraph (4) of this subsection, plus the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan.

*See* 11 U.S.C. § 507(a)(5).

Section 507(a) includes the maximum priority allowable per individual claimant, and any amount in excess of the statutory cap of $12,850 is required to be treated as a general unsecured claim. *See In re Powermate Holding Corp.*, 394 B.R. 765, 772-773 (Bankr. D. Del. 2008) ("Any pre-petition unsecured claim that does not receive priority status under 11 U.S.C. § 507 is a general unsecured claim which receives payment last under a plan of reorganization or liquidation. Such claims include . . . any amounts in excess of statutory caps under various priority subsections."); *see also In re First Magnus Fin. Corp.*, 390 B.R. 667, 672 (Bankr. D. Ariz. 2008) ("[M]ost bankruptcy courts . . . afforded them priority treatment under § 507(a), up to the amount of the statutory cap. Any excess, over the cap, was treated as an unsecured claim.").

By the Wage Motion, the Debtors seek to pay the following amounts on an interim basis:

    a. Compensation Obligations[9] in the approximate amount of $61,200,000;

    b. Incentive and Retention Program Obligations (excluding 2018 STIP in the approximate amount of $970,000;

    c. Reimbursable expenses in the approximate amount of $3,800,000;

    d. Withholding Obligations in the approximate amount of $24,330,000;

    e. Payroll Maintenance Fees in the approximate amount of $75,000;

    f. Severance Obligations in the approximate amount of $630,000;

---

[9] All capitalized terms used herein but not otherwise defined shall have the same meanings given to them in the Wage Motion.

g.  Benefits Program Obligations in the approximate amount of $73,600,000; and,

h.  Supplemental Workforce Obligations in the amount of $25,000,000.

*See* ECF Nos. 8, 28 at 45-46.  Together, the Debtors employ "approximately 24,000 Employees" and pay their Compensation Obligations.  *See* ECF No. 8, 28 at 46-47.  The Debtors state that on a per-Employee basis, the outstanding prepetition Obligations average approximately $4,400, and as such will not exceed $12,850 per individual employee.  ECF No. 28 at 48.  The United States Trustee has no objection to Employees being paid up to their statutory caps under section 507(a)(4) for all items including vacation time earned within 180 days prior to the Petition Date, but opposes any payments in amounts in excess of the statutory cap.

In the Wage Motion, the Debtors have also requested that they be authorized to pay $130,000,000 in connection with the STIP (Short-Term Incentive Plan) Awards, which will be awarded to approximately 14,000 Employees for the 2018 fiscal year.  ECF No. 28 at 49.  The average individual STIP Award for 2018 is expected to be approximately $13,000, and individual STIP Awards are expected to range from approximately $5,000 to $90,000, exclusive of the Insiders.  *Id.*  The Debtors state that they are not requesting authority to pay any STIP Awards on an interim basis, but that consideration will be deferred to the final hearing on the Wage Motion.  ECF No. 8 at 14.  However, to the extent the Debtors requests that a final hearing on the Wage Motion be set within the next few weeks, they should be prepared to explain why the Court should consider these bonuses or "cash incentives" in the early stages of the case.  *See* Fed. R. Bankr. P. 6003.

For the reasons stated above, the relief requested by the Debtors in Wage Motion should be limited to those arising in the ordinary course of business and only up to the limit allowed by statute.

D.  **The Extension Motion**

The Debtors' request for an additional 60 days to file their Bankruptcy Schedules, Statement of Financial Affairs, and other required documents appears excessive.  The public

record shows that Debtors' decision file their chapter 11 bankruptcy petitions did not happen overnight. On the contrary, PG&E has been considering the possibility of restructuring under chapter 11 as early as November 2018 based on its own moving papers. *See* ECF No. 24, ¶ 2. Moreover, Debtors filed approximately 1,000 pages of motions in the first 24 hours of this case, including a 166-page declaration. These facts indicate a high level of preparation rather than a last-minute "emergency" filing.

In these circumstances, Debtors have failed to meet their burden of showing that the requested extension is necessary and consistent with Debtors' exercise of their fiduciary duties. When added to the 14-day initial timeline for filing schedules and statements, the requested extension would allow Debtors to file these critical documents 74 days after the commencement of the case. In the meantime, events in the case would be proceeding without necessary information: the initial debtor interview and Section 341 meeting of creditors will be held, a committee or committees will be appointed, additional hearings on motions will occur. Creditors and other interested parties would be prejudiced by having to take positions and actions in the case without complete information.

Although this is a large chapter 11 case, this fact does not automatically entitle Debtors to a large extension of time, especially where, as here, it appears that they have prepared extensively prepetition. Because Debtors have not shown that such a long extension is warranted in the exercise of their fiduciary duties, the Court should limit any such extension to 30 days in order to avoid prejudice to creditors and other interested parties.

III.    **CONCLUSION**

In view of the shortened notice provided to creditors and the Debtors' failure to establish a sufficient evidentiary record for the relief sought, the objected to First Day Motions should either be denied in the entirety or any relief granted should be limited for the Debtor to sustain operations and to provide adequate protection, if any. Alternatively, the First Day Motions should be adjourned until a later date. The adjournment would permit parties that were not provided sufficient notice and any committee the opportunity to be heard on the First Day Motions.

If the Court grants any of the relief sought in the First Day Motions, the United States Trustee requests that any committee appointed under Section 1102 be permitted the right to reconsider the Motions. The United States Trustee reserves all rights to object to the final relief granted to the First Day Motions.

**WHEREFORE**, the United States Trustee requests to Court to sustain his Omnibus Objection; and grant such other relief as is just under the circumstances.

Dated: January 31, 2019       James L. Snyder
                                      Acting United States Trustee, Region 12
                                      By:   */s/ Marta E. Villacorta*
                                          MARTA E. VILLACORTA
                                        Trial Attorney

# EXHIBIT B



1  WEIL, GOTSHAL & MANGES LLP
2  Stephen Karotkin (*pro hac vice*)
   (stephen.karotkin@weil.com)
3  Jessica Liou (*pro hac vice*)
   (jessica.liou@weil.com)
4  Matthew Goren (*pro hac vice*)
   (matthew.goren@weil.com)
5  767 Fifth Avenue
   New York, NY 10153-0119
6  Tel: 212 310 8000
7  Fax: 212 310 8007

8  KELLER & BENVENUTTI LLP
9  Tobias S. Keller (#151445)
   (tkeller@kellerbenvenutti.com)
   Jane Kim (#298192)
10 (jkim@kellerbenvenutti.com)
11 650 California Street, Suite 1900
   San Francisco, CA 94108
12 Tel: 415 496 6723
   Fax: 650 636 9251
13
14 *Proposed Attorneys for Debtors*
   *and Debtors in Possession*

Signed and Filed: January 31, 2019

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

15        **UNITED STATES BANKRUPTCY COURT**
16        **NORTHERN DISTRICT OF CALIFORNIA**
17           **SAN FRANCISCO DIVISION**

18 | In re: | Bankruptcy Case |
| | No. 19 - 30088 (DM) |

19 **PG&E CORPORATION**
20                                    Chapter 11
            - and -
21                                    (Lead Case)
   **PACIFIC GAS AND ELECTRIC**
   **COMPANY,**                      (Jointly Administered)
22
                **Debtors.**
23

24 ☐    Affects PG& Corporation
25 ☐    Affects Pacific Gas and Electric
        Company
26 x    Affects both Debtors
27 * *All papers shall be filed in the Lead Case,*
   *No. 19-30088 (DM).*
28

**INTERIM ORDER PURSUANT TO 11 U.S.C.
§§ 105(a), 345(b), 363(b), AND 363(c), AND
FED. R. BANKR. P. 6003 AND 6004 (I)
AUTHORIZING DEBTORS TO (A)
CONTINUE THEIR EXISTING CASH
MANAGEMENT SYSTEM, (B) HONOR
CERTAIN PREPETITION OBLIGATIONS
RELATED TO THE USE THEREOF, (C)
CONTINUE INTERCOMPANY**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

| | |
|---|---|
| 1 | **ARRANGEMENTS, (D) CONTINUE TO** |
| 2 | **HONOR OBLIGATIONS RELATED TO** |
| | **JOINT INFRASTRUCTURE PROJECTS,** |
| 3 | **AND (E) MAINTAIN EXISTING BANK** |
| | **ACCOUNTS AND BUSINESS FORMS; AND** |
| 4 | **(II) WAIVING THE REQUIREMENTS OF 11** |
| | **U.S.C. § 345(b)** |
| 5 | |

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Upon the Motion, dated January 29, 2019 (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E" or the "Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105(a), 345(b), 363(b), and 363(c) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), requesting interim and final authority to (i) (a) continue operating their existing cash management system (the "**Cash Management System**"), as described in the Motion, including the continued maintenance of existing bank accounts at the Debtors' banks (the "**Banks**"), (b) honor certain prepetition obligations related to the Cash Management System, (c) continue certain intercompany arrangements among the Debtors and certain non-Debtor affiliates and subsidiaries (the "**Non-Debtor Affiliates and Subsidiaries**"), (d) continue to honor all obligations with respect to certain Joint Infrastructure Projects, and (e) maintain existing business forms; and (ii) waive the requirements of section 345(b) of the Bankruptcy Code to the extent they apply to any of the Bank Accounts, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, and is in the best interests of the

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

Case: 19-30088   Doc# 498-1   Filed: 02/22/19   Entered: 02/22/19 18:55:48   Page 18
of 31

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on an interim basis, as provided herein.

2. The Debtors are authorized, but not directed, to continue to (a) maintain and manage their cash pursuant to the Cash Management System in the same manner as before the Petition Date, (b) collect and disburse cash in accordance with the Cash Management System, including Intercompany Transactions between and among the Debtors and other Non-Debtor Affiliates and Subsidiaries, (c) perform and honor all prepetition amounts owing under the PG&E Corp. CSA, the Non-Debtor CSAs, the Stan-Pac Operating Agreement, the Gill Ranch Operating Agreements, and the Joint Infrastructure Projects, in the ordinary course, and (d) make ordinary course changes to their Cash Management System, without further order of the Court.

3. Each of the Banks is authorized, but not directed, to continue to honor transfers of funds in the Bank Accounts.

4. The Debtors shall maintain accurate records of all transfers within the Cash Management System and among the Debtors and Non-Debtor Affiliates and Subsidiaries so that all postpetition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, their books and records, to the same extent maintained by the Debtors before the Petition Date.

5. The Debtors are further authorized to (i) designate, maintain, and continue to use any or all of its existing Bank Accounts, including those listed on **Schedule 1** hereto, in the names and with the account numbers existing immediately before the Petition Date, (ii) deposit funds in, and withdraw funds from, such accounts by all usual means, including, without limitation, checks, wire transfers, ACH transfers, and other debits, (iii) pay any Bank Fees or other charges associated with the Bank Accounts, whether arising before or after the Petition Date, and (iv) treat their prepetition Bank Accounts for all purposes as debtor in possession accounts.

6. The Debtors are authorized to open new bank accounts; *provided that*, all accounts opened by the Debtors on or after the Petition Date at any bank shall, for purposes of this Interim Order, be deemed a Bank Account as if it had been listed on **Schedule 1** annexed hereto; *provided, further*,

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1    that such opening shall be timely indicated on the Debtors' monthly operating reports and notice of

2    such opening shall be provided to the United States Trustee.

3    7.    All Banks with which the Debtors maintained Bank Accounts are authorized to debit the

4    Debtors' accounts in the ordinary course of business without the need for further order of this Court

5    for: (i) all checks or other items deposited in the Debtors' accounts with such Bank prior to the Petition

6    Date which have been dishonored or returned unpaid for any reason, together with any fees and costs

7    in connection therewith, to the same extent the Debtors were responsible for such items prior to the

8    Petition Date, and (ii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed

9    to any Bank as Bank Fees for the maintenance of or in connection with the Cash Management System,

10   which shall include all amounts owed by the Debtors to any Bank to repay or reimburse such Bank in

11   connection with ordinary course ACH transactions executed on behalf of or for the accounts of the

12   Debtors.

13   8.    The Banks are authorized to charge, and the Debtors are authorized and directed to pay,

14   honor, or allow, both prepetition and postpetition fees, costs, charges, and expenses, including the Bank

15   Fees and charge back returned items to the Bank Accounts in the ordinary course.

16   9.    The Debtors are authorized and directed to pay, honor, or allow, both prepetition and

17   postpetition Payment Processing Fees in the ordinary course.

18   10.   The Banks shall not be liable to any party on account of: (i) following the Debtors'

19   representations, instructions, or presentations as to any order of the Court (without any duty of further

20   inquiry); (ii) the honoring of any prepetition checks, drafts, wires, or ACH transfers in a good faith

21   belief or upon a representation by the Debtors that the Court has authorized such prepetition check,

22   draft, wires, or ACH transfers; or (iii) an innocent mistake made despite implementation of reasonable

23   handling procedures.

24   11.   Nothing contained herein shall prevent the Debtors from closing any Bank Account(s)

25   in the ordinary course and in accordance with their prepetition practices as they may deem necessary

26   and appropriate, any relevant Bank is authorized to honor the Debtors' requests to close such Bank

27   Accounts, and the Debtors shall give notice of the closure of any account to the United States Trustee.

28

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

12.     The requirements of section 345(b) of the Bankruptcy Code and the UST Guidelines are hereby waived through and including the date of the final hearing set forth in Paragraph 20 hereof.

13.     The Debtors are authorized to use their existing Business Forms and not print "debtor in possession" on any of their Business Forms, and any otherwise applicable requirement that the Debtors print "debtor in possession" on any new checks ordered during the Chapter 11 Cases, or that the Debtors change their system for electronic generation of checks and Business Forms to reflect their status as debtors in possession, is hereby waived.

14.     Nothing in the Motion or this Interim Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due prior to the Court's ultimate disposition of the Motion on a final basis.

15.     Nothing contained in this Interim Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.  Likewise any payment made pursuant to this Interim Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

16.     Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

17.     The requirements for immediate entry of this Interim Order pursuant to Bankruptcy Rule 6003(b) have been satisfied.

18.     Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

19.     The Debtors are authorized to take all steps necessary or appropriate to carry out this Interim Order.

20.     A final hearing to consider the relief requested in the Motion shall be held on February 27, 2019 at 9:30 a.m. (Prevailing Pacific Time) and any objections or responses to the Motion shall be filed and served so as to be actually received on or prior to February 20, 2019 at 4:00 p.m. (Prevailing

1    Pacific Time).

2        21.    This Court shall retain jurisdiction to hear and determine all matters arising from or

3    related to the implementation, interpretation, or enforcement of this Interim Order.

4                                    ** END OF ORDER **

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| Bank Name | Debtor | Account Type | Description | Account No. (Last 4 Digits) |
|---|---|---|---|---|
| The Bank of New York Mellon | Pacific Gas & Electric Company | Brokerage | Brokerage Account | XXX8400 |
| The Bank of New York Mellon | Pacific Gas & Electric Company | Brokerage | Brokerage Account - VPDI | XXX8400 |
| Bank of America | Pacific Gas & Electric Company | Campground Collection | Campground Receipts | XXX2302 |
| U.S. Bank | Pacific Gas & Electric Company | Campground Collection | Campground Receipts | XXX2311 |
| Citibank N. A. | Pacific Gas & Electric Company | Collection - Non energy billing | Non-Energy Receipts | XXX0901 |
| Citigroup Global Markets | Pacific Gas & Electric Company | CP Settlement | Brokerage Account | XXX6473 |
| Bank of America | Pacific Gas & Electric Company | Customer Depository | Customer Receipts | XXX0817 |
| Citibank N. A. | Pacific Gas & Electric Company | Customer Depository | Customer Receipts | XXX1958 |
| The Bank of New York Mellon | Pacific Gas & Electric Company | Customer Depository | Customer Receipts | XXX5477 |
| The Bank of New York Mellon | Pacific Gas & Electric Company | Customer Depository | Customer Receipts | XXX7822 |
| Union Bank of California | Pacific Gas & Electric Company | Customer Depository | Concentration Account for Customer Receipts | XXX5581 |
| The Bank of New York Mellon | Pacific Gas & Electric Company | Customer Refund and Rebate Disbursement | Customer Receipts and Disbursements | XXX3044 |
| The Bank of New York Mellon | Pacific Gas & Electric Company | Customer Refund and Rebate Disbursement | Customer refunds | XXX3532 |
| The Bank of New York Mellon | Pacific Gas & Electric Company | Disability Disbursement | Employee Benefits | XXX8544 |
| The Bank of New York Mellon | Pacific Gas & Electric Company | Disbursement | Gill Ranch | XXX4122 |
| Royal Bank of Canada | Pacific Gas & Electric Company | Gas Purchase Disbursement | Canadian Currency Exchange | XXX0446 |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

| Bank Name | Debtor | Account Type | Description | Account No. (Last 4 Digits) |
|---|---|---|---|---|
| The Bank of New York Mellon | Pacific Gas & Electric Company | Land Draft Disbursement | Other Operating | XXX0143 |
| Citibank N. A. | Pacific Gas & Electric Company | Outside Collection | Customer Receipts | XXX2316 |
| Bank of America | Pacific Gas & Electric Company | Payroll Disbursement | Payroll | XXX7115 |
| Bank of America | Pacific Gas & Electric Company | Utility Concentration | Concentration account BofA | XXX3212 |
| Citibank N. A. | Pacific Gas & Electric Company | Utility Concentration | Securities Settlement Account (CP) | XXX2091 |
| The Bank of New York Mellon | Pacific Gas & Electric Company | Utility Master Concentration | Concentration account at BNY Mellon (Utility) | XXX9994 |
| The Bank of New York Mellon | Pacific Gas & Electric Company | Vendor Disbursement | Vendor and employee payments | XXX9978 |
| The Bank of New York Mellon | PG&E Corporation | Brokerage | Brokerage Account | XXX8400 |
| Bank of America | PG&E Corporation | Payroll Disbursement | Payroll | XXX7981 |
| Bank of America | PG&E Corporation | Payroll Disbursement | Payroll | XXX7107 |
| The Bank of New York Mellon | PG&E Corporation | Payroll Disbursement | Payroll | XXX9946 |
| Union Bank of California | PG&E Corporation | Payroll Disbursement | Employee payments | XXX9557 |
| The Bank of New York Mellon | PG&E Corporation | PG&E Concentration | Concentration account at BNY Mellon (Corp) | XXX9023 |
| The Bank of New York Mellon | PG&E Corporation | Vendor Disbursement | Vendor and employee payments | XXX4558 |
| The Bank of New York Mellon | Pacific Gas & Electric Company | Disbursement | PG&E Credit Assurance Account | XXX9990 |
| Bank of America | Pacific Gas & Electric Company | Payroll Disbursement | Payroll | XXX1675 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX8541 |

Case: 19-30088    Doc# 699-1    Filed: 02/22/19    Entered: 02/22/19 15:55:43    Page 25
of 31

| Bank Name | Debtor | Account Type | Description | Account No. (Last 4 Digits) |
|---|---|---|---|---|
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5410 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5411 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5412 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5413 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5414 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5415 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5416 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX8542 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX8543 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX8544 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX8545 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX8546 |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| Bank Name | Debtor | Account Type | Description | Account No. (Last 4 Digits) |
|---|---|---|---|---|
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX8547 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX8548 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX8549 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX4310 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX4311 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX4312 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5436 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5437 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5438 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5501 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5010 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5011 |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| Bank Name | Debtor | Account Type | Description | Account No. (Last 4 Digits) |
|-----------|--------|--------------|-------------|------------------------------|
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5012 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5013 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5014 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5015 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5016 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5017 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5018 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5019 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5502 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5020 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5021 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5022 |

| Bank Name | Debtor | Account Type | Description | Account No. (Last 4 Digits) |
|---|---|---|---|---|
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5023 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5024 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5503 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5504 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5505 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5506 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5507 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5508 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX5509 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX3871 |
| Bank of America | Pacific Gas & Electric Company | Asbestos Disbursement | Other Operating | XXX2988 |
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX4XL9 |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| Bank Name | Debtor | Account Type | Description | Account No. (Last 4 Digits) |
|---|---|---|---|---|
| Deutsche Bank Trust Company Americas | Pacific Gas & Electric Company | Disbursement | Tax Exempt Bonds | XXX7110 |
| The Bank of New York Mellon | Pacific Gas & Electric Company | Disbursement | Payroll | XXX4017 |
| U. S. Bank N.A. Global Corporate Trust Services | Pacific Gas & Electric Company | Disbursement | Escrow | XXX8000 |
| U. S. Bank N.A. Global Corporate Trust Services | Pacific Gas & Electric Company | Disbursement | Escrow | XXX9000 |
| U. S. Bank N.A. Global Corporate Trust Services | Pacific Gas & Electric Company | Disbursement | Escrow | XXX6000 |
| U. S. Bank N.A. Global Corporate Trust Services | Pacific Gas & Electric Company | Disbursement | Escrow | XXX8100 |
| U. S. Bank N.A. Global Corporate Trust Services | Pacific Gas & Electric Company | Disbursement | Escrow | XXX3500 |
| U. S. Bank N.A. Global Corporate Trust Services | Pacific Gas & Electric Company | Disbursement | Escrow | XXX9500 |
| Citibank N. A. | PG&E Corporation | Commercial Paper Program | Securities Settlement Account (CP) | XXX9167 |
| Bank of Marin | PG&E Corporation | Disbursement | PG&E Political Action Committee | XXX0132 |
| Bank of Marin | PG&E Corporation | Disbursement | PG&E Political Action Committee | XXX0140 |
| Fidelity Management Trust Company | PG&E Corporation | Disbursement | Trust Account | XXX0137 |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| Bank Name | Debtor | Account Type | Description | Account No. (Last 4 Digits) |
|---|---|---|---|---|
| Wells Fargo Bank N.A. | PG&E Corporation | Disbursement | Trust Account | XXX5300 |
| Wells Fargo Bank N.A. | PG&E Corporation | Disbursement | Trust Account | XXX5400 |
| Wells Fargo Bank N.A. | Pacific Gas & Electric Company | Disbursement | Trust Account | XXX9578 |
| Bank of America | PG&E Corporation | Disbursement | Continuous Equity Offering | XXX0X30 |
| Barclays Capital Inc. | PG&E Corporation | Disbursement | Continuous Equity Offering | XXX1362 |
| BNP Paribas | PG&E Corporation | Disbursement | Continuous Equity Offering | XXX0652 |
| Citigroup Global Markets | PG&E Corporation | Disbursement | Continuous Equity Offering | XXX0473 |
| Goldman, Sachs & Co | PG&E Corporation | Disbursement | Continuous Equity Offering | XXX0609 |
| JP Morgan Chase Bank, N.A. | PG&E Corporation | Disbursement | Continuous Equity Offering | XXX0698 |
| Merrill Lynch | PG&E Corporation | Disbursement | Continuous Equity Offering | XXX0X30 |
| Mitsubishi UFJ Securities USA, INC. | PG&E Corporation | Disbursement | Continuous Equity Offering | XXX0189 |
| Morgan Stanley / ISG Operations | PG&E Corporation | Disbursement | Continuous Equity Offering | XXX4966 |
| RBC Capital Markets | PG&E Corporation | Disbursement | Continuous Equity Offering | XXX2226 |
| Royal Bank of Scotland | PG&E Corporation | Disbursement | Continuous Equity Offering | XXX2141 |
| Wells Fargo Securities, LLC | PG&E Corporation | Disbursement | Continuous Equity Offering | XXX7221 |