Dennis F. Dunne (*pro hac vice* application pending)
Samuel A. Khalil (*pro hac vice* application pending)
MILBANK LLP
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

and

Paul S. Aronzon (SBN 88781)
Gregory A. Bray (SBN 115367)
Thomas R. Kreller (SBN 161922)
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063

*Proposed Counsel for the Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br><br>Debtors and Debtors In Possession.<br><br>☒ Affects All Debtors<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br><br>\* *All papers shall be filed in the lead case, 19-30088 (DM)* | Case No.: 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**STATEMENT AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS WITH RESPECT TO CERTAIN MATTERS SCHEDULED FOR FEBRUARY 27 HEARING**<br><br>Date: February 27, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

The Official Committee of Unsecured Creditors (the "Committee") in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby submits this statement and reservation of rights (this "Statement") in connection with various motions of the

Debtors that are currently scheduled for consideration at the omnibus hearing on February 27, 2019 (the "February 27 Hearing").

By the Committee's count, the Debtors have placed fifteen (15) motions on the agenda for the February 27 Hearing. Ten (10) of these motions were approved on an interim basis at the "first day" hearing in these cases, such that the February 27 Hearing will be a hearing where the Debtors will seek to make the interim orders on those motions final.[1]

The Committee has reviewed, analyzed and conducted sufficient due diligence on nine (9) of the motions (the "Committee Supported Motions") to conclude that it is supportive of, and will not be interposing any objections to, the relief being sought in those motions.[2] The Committee Supported Motions consist of the following:

(i) Insurance Motion [Docket No. 9];

(ii) Prepetition Taxes Motion [Docket No. 11];

(iii) Lien Claimants Motion [Docket No. 13];

(iv) Exchange Operators Motion [Docket No. 15];

(v) Reclamation Motion [Docket No. 30];

(vi) 503(b)(9) Motion [Docket No. 31];

(vii) Utilities Motion [Docket No. 32];

(viii) Interim Compensation Procedures Motion [Docket No. 349]; and

(ix) Ordinary Course Professionals Motion [Docket No. 350].

With respect to five (5) of the remaining six (6) motions (the "Committee Reserved Motions"),[3] the Committee has been working (and continues to work) diligently to reach a consensus with the Debtors, but is not yet in a position to support those motions. The Committee's good faith

---

[1] The five motions scheduled for the February 27 Hearing that were not considered at the first day hearing are the: (i) Reclamation Motion; (ii) 503(b)(9) Motion; (iii) Utilities Motion; (iv) Interim Compensation Procedures Motion; and (v) Ordinary Course Professionals Motion. The Debtors have also filed a Case Management Motion [Docket No. 352].

[2] The Committee has, however, requested certain changes to the corresponding proposed orders and confirmatory diligence that the Committee anticipates will be resolved prior to the February 27 Hearing.

[3] Just prior to the filing of this Statement, the Debtors advised the Committee that they are willing to adjoin the: (i) DIP Motion; (ii) Customer Programs Motion; (iii) Cash Management Motion; and (iv) Operational Integrity Motion.

efforts with respect to the Committee Reserved Motions are detailed below.  To the extent the Committee needs additional time to diligence the Committee Reserved Motions and resolve any open issues with the Debtors, the Committee believes that a brief adjournment of the hearing on those motions to allow the Committee to complete its work is preferable to a contested February 27 Hearing on these matters.  The Committee Reserved Motions consist of the following:

    (i) Cash Management Motion [Docket No. 7];

    (ii) Employee Wages and Benefits Motion [Docket No. 8];

    (iii) Operational Integrity Motion [Docket No. 12];

    (iv) Customer Programs Motion [Docket No. 16]; and

    (v) DIP Motion [Docket No. 23].

Finally, the Committee opposes on a limited basis the remaining motion that is neither a Committee Supported Motion nor a Committee Reserved Motion – namely, the Debtors' NOL Motion [Docket No. 10].  The Committee will be filing a separate limited objection to the NOL Motion to be heard at the February 27 Hearing.

## STATEMENT AND RESERVATION OF RIGHTS

The Committee supports the Committee Supported Motions.  And to be clear, the Committee does not necessarily take issue with any of the relief being requested in the Committee Reserved Motions at this time.  With respect to the Committee Reserved Motions, however, the Committee has not yet had sufficient time or access to sufficient information to properly diligence and investigate certain issues that the Committee has identified with respect to those motions.

The Committee was only appointed on February 12, 2019 – just fifteen days in advance of the February 27 Hearing.  The Committee promptly hired legal and financial advisors and got to work on all of the pending motions (among other things).  And while the Committee's advisors immediately reached out to the Debtors' advisors and the dialogue has been cooperative and constructive, time constraints have been tight.  As a logistical matter, while information started to be sent to the Committee's advisors on February 18, information necessary for the Committee to properly evaluate all of the pending motions only started flowing in earnest on February 20.

Since its formation, the Committee has been working closely and so far productively with the

Debtors' advisors to obtain the necessary diligence information, narrow the Committee's issues, and try to consensually resolve any remaining concerns before the Hearing. The fact that the Committee has been able to put to bed the nine (9) Committee Supported Motions is testament to both the Committee's efforts and the Debtors' cooperation. Simply put, however, there has not been enough time to perform the proper diligence and formulate positions on the Committee Reserved Motions based on the information provided by the Debtors prior to the Committee's objection deadline of February 22. The Committee is optimistic that it will reach a consensual resolution to its outstanding issues on the Committee Reserved Motions upon receipt of all requested information and, in general, seeks to avoid cluttering the Court's docket with unnecessary objections. But pending closure on the Committee Reserved Motions prior to the February 27 Hearing, the Committee submits this Statement seeking an adjournment of the Committee Reserved Motions until March 12, the next omnibus hearing scheduled in these cases. Any prejudice to such delay will be minimal given that the Debtors have been granted interim relief with respect to each of the Committee Reserved Motions, and the Committee has no objection to such continued relief until the March 12 hearing date.

    The Committee reserves all rights to respond to the motions at or prior to the Hearing, to supplement this Statement, and to otherwise be heard by the Court with respect to these matters.

DATED: February 22, 2019        MILBANK LLP

                                                          */s/ Thomas R. Kreller*
                                              DENNIS F. DUNNE
                                              SAMUEL A. KHALIL
                                              PAUL S. ARONZON
                                              GREGORY A. BRAY
                                              THOMAS R. KRELLER

*Proposed Counsel for the Official Committee of Unsecured Creditors*