Andrew I. Silfen (*pro hac vice*)
Beth M. Brownstein (*pro hac vice*)
Jordana L. Renert (*pro hac vice*)
**ARENT FOX LLP**
1301 Avenue of the Americas, 42nd Floor
New York, New York 10019
Telephone:   (212) 484-3900
Facsimile:    (212) 484-3990
Email:         andrew.silfen@arentfox.com
                   beth.brownstein@arentfox.com
                   jordana.renert@arentfox.com

Aram Ordubegian (SBN 185142)
**ARENT FOX LLP**
55 Second Street, 21st Floor
San Francisco, CA  94105
Telephone:   (415) 757-5500
Facsimile:    (415) 757-5501
Email:         aram.ordubegian@arentfox.com

*Counsel for BOKF, NA, solely in its capacity as Indenture Trustee*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and – | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| Debtors. | |

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☑ Affects both Debtors
*All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

**JOINDER OF BOKF, NA AS INDENTURE TRUSTEE TO LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(A) AND 362 FOR INTERIM AND FINAL ORDERS ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF STOCK OF, AND CLAIMS AGAINST, THE DEBTORS**

**Hearing**
Date: February 27, 2019
Time: 9:30 a.m. (Pacific time)
Place: Courtroom 17
　　　450 Golden Gate Ave, 16th Floor
　　　San Francisco, CA 94102

BOKF, NA ("BOKF"), in its capacity as successor indenture trustee (the "Trustee") under the Indentures dated as of (i) March 11, 2004 (as supplemented, amended and restated), (ii) November 29, 2017 and (iii) August 6, 2018 pursuant to which Pacific Gas and Electric Company's senior notes (the "Senior Notes") were issued, by and through its counsel, Arent Fox LLP, hereby joins in the limited objection of the Official Committee of Unsecured Creditors [Docket No. 605] (the "Creditors' Committee Objection") to the *Motion of the Debtors Pursuant to 11 U.S.C. §§ 105(A) and 363 for Interim and Final Orders Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Stock of and Claims Against, the Debtors* [Docket No. 10] (the "Motion")[1]. In support hereof, BOKF respectfully states as follows:

## JOINDER

As trustee for holders of the Senior Notes in the aggregate outstanding principal amount of approximately $17.525 billion, BOKF objects to the aspect of the Motion seeking approval of the Claims Procedures. The proposed procedures will not take effect until the Debtors or another Plan Proponent decides to pursue a plan of reorganization contemplating the potential utilization of section 382(l)(5) of the Tax Code ("Qualifying Plan"). Granting prospective approval of the

---
[1] Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the Motion.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

Case: 19-30088    Doc# 614    Filed: 02/22/19    Entered: 02/22/19 17:09:56    Page 2 of 3

future implementation of Claims Procedures, if and when a Qualifying Plan is pursued, is potentially unnecessary, unwarranted and premature. While the Claims Procedures may never go into effect, the relief requested today may cast a shadow of uncertainty, create an overhang on the market and trading of the Senior Notes and disrupt the trading or liquidity of the Senior Notes.

Ultimately, if it turns out that there is no need to protect the NOLs and other tax attributes by restricting claims trading or implementing the Sell-Down procedures, there is no rationale to grant such relief now. If it turns out that a Qualifying Plan is pursued, and that the Claims Procedures are necessary to preserve the Debtors' or Plan Proponent's ability to use the NOLs and other tax attributes for the benefit of the Debtors' creditors pursuant to Qualifying Plan, the Debtors or another Plan Proponent can seek appropriate relief at that time. There is no need for the premature relief that the Debtors now seek.

For the reasons herein and those set forth in the Creditors' Committee Objection, BOKF hereby requests that the Court deny, without prejudice, approval of the Claims Procedures at this time or, in the alternative, continue the hearing on that portion of the relief sought to a date when the Debtors or another Plan Proponent determine to pursue a Qualifying Plan.

Dated: February 22, 2019 **ARENT FOX LLP**

By: /s/ Aram Ordubegian
Aram Ordubegian (SBN 185142)
Andrew I. Silfen (*pro hac vice*)
Beth M. Brownstein (*pro hac vice*)
Jordana L. Renert (*pro hac vice*)

*Counsel for BOKF, NA, solely in its capacity as Indenture Trustee*