AKIN GUMP STRAUSS HAUER & FELD LLP

Michael S. Stamer (*pro hac vice*)
Ira S. Dizengoff (*pro hac vice*)
David H. Botter (*pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: mstamer@akingump.com
idizengoff@akingump.com
dbotter@akingump.com

AKIN GUMP STRAUSS HAUER & FELD LLP

David P. Simonds (SBN 214499)
1999 Avenue of the Stars, Suite 600
Los Angeles, California 90067
Telephone: (310) 229-1000
Facsimile: (310) 229-1001
Email: dsimonds@akingump.com

Ashley Vinson Crawford (SBN 257246)
580 California Street
Suite 1500
San Francisco, CA 94104
Telephone: (415) 765-9500
Facsimile: (415) 765-9501
Email: avcrawford@akingump.com

*Counsel to the Ad Hoc Committee of Senior Unsecured Noteholders of Pacific Gas and Electric Company*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors. | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered) |

AD HOC COMMITTEE'S JOINDER TO OFFICIAL COMMITTEE'S LIMITED OBJECTION TO CLAIMS PROCEDURES

| | |
|---|---|
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM). | **JOINDER OF THE AD HOC COMMITTEE OF SENIOR UNSECURED NOTEHOLDERS TO LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(A) AND 362 FOR INTERIM AND FINAL ORDERS ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF STOCK OF, AND CLAIMS AGAINST, THE DEBTOR**<br><br>**Hearing**<br>Date: February 27, 2019<br>Time: 9:30 a.m. (Pacific time)<br>Place: Courtroom 17<br>450 Golden Gate Ave, 16th Floor<br>San Francisco, CA 9410 |

The Ad Hoc Committee of Senior Unsecured Noteholders of Pacific Gas and Electric Company (the "Ad Hoc Committee") in the above-captioned chapter 11 cases of Pacific Gas and Electric Company (the "Utility") and PG&E Corporation ("PG&E" and, together with the Utility, the "Debtors"), by its undersigned counsel, Akin Gump Strauss Hauer & Feld LLP, hereby joins in the limited objection of the Official Committee of Unsecured Creditors [Dkt. No. 613] (the "Creditors' Committee Objection") to the *Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a) and 362 for Interim and Final Orders Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Stock of, and Claims Against, the Debtors* [Dkt. No. 10] (the "Motion")[1]. In support hereof, the Ad Hoc Committee respectfully represents as follows:

## PRELIMINARY STATEMENT

1. Through the Motion, the Debtors seek relief that is both premature and advisory in nature and therefore should be denied. Specifically, the Debtors ask this Court to approve at the outset of these chapter 11 cases a set of Claims Procedures that, among other things, contemplate (i) a hypothetical process for gathering information on Claims traded and the parties trading during the pendency of these chapter 11 cases, and (ii) a separate set of hypothetical procedures for requiring sell-

---

[1] Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the Motion.

AD HOC COMMITTEE'S JOINDER TO OFFICIAL COMMITTEE'S LIMITED OBJECTION TO CLAIMS PROCEDURES

down of Claims, *while acknowledging that such Claims Procedures may never be necessary*. Imposing the potentially unnecessary Claims Procedures could have enormous consequences on holders of Claims – rendering marketplace trades void *ab initio* and imposing sanctions on creditors. The substantial adverse impact that entry of an order approving the Claims Procedures would have on trading of Claims today – especially if the substantive relief is never needed – makes plain that the Court should not approve the Motion as it relates to the Claims Procedures at this time.

2. The Motion makes clear that the requested relief is entirely advisory: the Debtors seek the imposition of Claims Procedures that will govern future action if, and only if, one possible course, among many, becomes available to the Debtors and is ultimately chosen by the requisite creditor constituencies. The Debtors acknowledge that the Claims Procedures will be called upon only if a plan that utilizes Section 382(l)(5) of the Internal Revenue Code (a "<u>382(l)(5) Plan</u>") is pursued. However, this will happen only if the value of the Debtors' Tax Attributes warrants use of, and the Debtors can satisfy the requirements of, a 382(l)(5) Plan. And the Debtors further acknowledge that the purported benefit of the Tax Attributes has not been determined, or even examined, and that they have no idea what a plan of reorganization in these cases may look like. Under existing Ninth Circuit precedent, given all the hypotheticals upon which the requested relief is built, the Court should refrain from granting the Debtors' request for an advisory opinion.

3. The only real purpose of the Motion that is relevant to the Debtors at this time is to give notice to creditors that circumstances may arise in the future where relief of the type suggested by the Motion may be required. That notice has been given by virtue of filing the Motion. As this Court noted in connection with its *Tentative Ruling on Valero Refining Motion for Relief From Stay*, these cases are truly in their infancy and all parties in interest need time to determine the best path forward. *In re PG&E Corp., et al.*, No. 19-30088 (DM) (Bankr N.D. Cal. Feb. 23, 2019). While relief similar to that requested here may be appropriate in the future depending on the course of these chapter 11 cases and ultimate plan negotiations, and following analysis of the benefits and burdens of imposing the restrictions reflected in the Claims Procedures, it is premature to grant relief now based on hypothetical

AD HOC COMMITTEE'S JOINDER TO OFFICIAL COMMITTEE'S LIMITED OBJECTION TO CLAIMS PROCEDURES

contingencies that may never materialize. Based on the lack of need for the relief today, the Ad Hoc Committee hereby fully joins in the Creditors' Committee Objection.

**JOINDER**

4. The Ad Hoc Committee joins the Creditors' Committee Objection and agrees that the requested relief is entirely advisory and premature in the context of the current facts and circumstances of these chapter 11 cases. When compared against the risk and harm to the Claims-trading markets and holders of Claims from entry of the Proposed Final Order, the Debtors cannot meet their burden of demonstrating that the Motion presents a concrete factual situation requiring immediate relief.

5. As more fully set forth in the Creditors' Committee Objection, the requested relief clearly requires the Court to render an advisory opinion regarding the appropriateness of restricting the trading of Claims in the face of an entirely hypothetical scenario. Federal courts, including bankruptcy courts, are barred from giving "an opinion advising what the law would be upon a hypothetical state of facts." *In re Cubic Energy, Inc.*, 587 B.R. 849, 855 (Bankr. D. Del. 2018); *see also In re Lazy Days' RV Ctr. Inc.*, 724 F.3d 418, 421 (3d Cir. 2013) (quoting Chafin v. Chafin, 568 U.S. 165, 172 (2013)) (internal quotations omitted); *In Re Dumont*, 581 F.3d 1104, 1112, n.14 (9th Cir. 2009) ("[I]t is a rule of long standing that federal courts may not issue advisory opinions."). "Ripeness is an Article III doctrine designed to ensure that courts adjudicate lives cases or controversies and do not 'issue advisory opinions [or] declare rights in hypothetical cases.'" *Bishop Paiute Tribe v. Inyo County*, 863 F.3d 1144, 1153 (9th Cir. 2017) (quoting *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 1990)). The Court is clearly presented here with a request to issue an advisory opinion and should refrain from doing so.

6. Even if the Motion were based upon more than speculation, the requested relief is not narrowly tailored to the Debtors' needs, especially given that their needs are entirely unknown at this time. Any order intended to protect a debtor's future tax benefits through the imposition of restrictions on the ability of the holders of claims and interests to transfer their claims or interests must be reasonable and narrowly tailored to achieve that underlying objective. *See* 15 Collier on Bankruptcy § 18.91[1]. An order that unnecessarily impairs the rights of claimholders to engage in the securities

market and realize upon their investment is improper. *See, e.g., In re UAL Corporation*, 412 F.3d 775, 778 (7th Cir. 2005) ("Requiring investors to bear the costs of illiquidity and underdiversification [is] both imprudent and unnecessary."). Given the uncertain nature of the connection between the claimholders' exercise of their rights to freely trade Claims and the preservation of the Debtors' hypothetical ability to use the Tax Attributes in a hypothetical plan of reorganization, the Debtors have failed to establish at this time any foundation for applying the automatic stay to restricting the claimholders from exercising their rights.

7. The requested relief not only directly impairs the rights and interests of the claimholders, it also threatens market liquidity. If ordered, the Claims Procedures may also create general market uncertainty, as the Claims Procedures grant the Debtors the right to seek a Court order to void sales or transfers of all or a portion of a claimholder's beneficial ownership of Claims. There is a significant risk that the Claims Procedures outlined in the Proposed Final Order will chill the market with no corresponding benefit to the Debtors.

## CONCLUSION

8. For the reasons set forth herein and those set forth in the Creditors' Committee Objection, the Ad Hoc Committee joins in the Creditors' Committee Objection and respectfully requests that the Court deny the Motion as it relates to the Claims Procedures at this time.

Dated: February 24, 2019    **AKIN GUMP STRAUSS HAUER & FELD LLP**

By: */s/ Ashley Vinson Crawford*
Ashley Vinson Crawford (SBN 257246)
David P. Simonds (SBN 214499)
Michael S. Stamer (*pro hac vice*)
Ira S. Dizengoff (*pro hac vice*)
David H. Botter (*pro hac vice*)

*Counsel to the Ad Hoc Committee of Senior Unsecured Noteholders of Pacific Gas and Electric Company*

AD HOC COMMITTEE'S JOINDER TO OFFICIAL COMMITTEE'S LIMITED OBJECTION TO CLAIMS PROCEDURES