Richard A. Lapping (SBN: 107496)
Trodella & Lapping LLP
540 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 399-1015
Facsimile: (415) 651-9004
 Rich@TrodellaLapping.com

Attorneys for Valero Refining Company-California

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No.: 19-30088-DM |
| PG&E CORPORATION, | Chapter 11 |
| -and- | **DECLARATION OF RICHARD A. LAPPING AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR RELIEF FROM STAY BY VALERO REFINING COMPANY-CALIFORNIA** |
| PACIFIC GAS & ELECTRIC COMPANY, | |
| Debtors. | |
| □ Affects PG& Corporation | Date: February 26, 2019 |
| ■ Affects Pacific Gas and Electric Company | Time: 9:30 a.m. |
| □ Affects both Debtors | Place: Courtroom 17 |
| * All papers shall be filed in the Lead Case, No. 19-30088 (DM). | 450 Golden Gate Avenue, 16th Floor San Francisco, California |
| | Judge: Hon. Dennis Montali |

I, Richard A. Lapping, declare as follows:

1. I am an attorney at law, licensed to practice in the State of California and admitted to the bar of this Court. I am a partner with the firm of Trodella & Lapping LLP, attorneys for moving party Valero Refining Company-California. I make this declaration in that capacity and, if called upon to do so, I could and would testify of my own personal knowledge to the facts set forth herein.

2. This declaration ("Declaration") is submitted in support of the Motion for Relief From Stay by Valero Refining Company-California (the "Motion") and in support of this Request

1

for Judicial Notice.  The Motion seeks relief to permit continuation of the litigation case of VALERO REFINING COMPANY-CALIFORNIA, a Delaware corporation v. PACIFIC GAS & ELECTRIC COMPANY, a California corporation, pending as Case No. 2:17-cv-01350-TLN-EFB in United States District Court for the Eastern District of California before the Honorable Troy L. Nunley, United States District Judge (the "District Court Action").

3.     Except as otherwise indicated, all statements set forth in this Declaration are based upon my personal knowledge or my review of relevant records and documents.  If called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

4.     In preparing the Motion and the exhibits, I noticed that the two PG&E insurance policies obtained by Valero in discovery in the District Court Action which were to be submitted in support of the Motion contained a footer stating "CONFIDENTIAL– SUBJECT TO PROTECTIVE ORDER."  I then obtained a copy of the most recent protective order from the docket in the District Court Action.  The Court is requested to take judicial notice of the Amended Stipulated Protective Order ("Protective Order") entered in the litigation district Court Action, a true and correct copy of which is attached hereto as **Exhibit 1**.

5.     After reviewing the Protective Order, I contacted counsel for PG&E by email on February 4, 2019, to request that PG&E waive confidentiality with respect to the insurance policies.  Attached hereto as **Exhibit 2** is a true and correct copy of an email exchange between myself and counsel for PG&E Corporation on February 4 and 5, 2019, without the attachments.

6.     I also prepared a motion to file the insurance policies under seal and to redact portions of the Motion that revealed terms of the policies.  Attached hereto as **Exhibit 3** is a true and correct copy of Valero's unfiled MOTION TO FILE REDACTED DOCUMENT AND TO FILE DOCUMENTS UNDER SEAL ("Motion to Seal"), without the exhibits.

7.     Based on PG&E counsel's statement on February 5, 2019 in Exhibit 2, that "As to the policies that are covered by the protective order in the Eastern District, we understand they can't be used outside of the proceeding pending there without PG&E's consent" and PG&E's refusal to release Valero from the obligations under the Protective Order, I did not file the Motion to Seal out of concern that doing so would violate the Protective Order.

2

Trodella & Lapping LLP
540 Pacific Avenue
San Francisco, CA 94133

8. After filing the Motion, I had a brief telephone conversation with Peter Benvenutti on February 12 about clearing up the matter, following which he emailed a request for an unredacted copy of Valero's Motion, which I sent to him. Attached hereto as **Exhibit 4** is a true and correct copy of an email exchange between myself and counsel for PG&E Corporation on February 12, 2019, without the attachment.

9. To my surprise, PG&E's preliminary response (Docket 601) to the Motion chose to disclose one of the confidential insurance policy terms redacted in Valero's Motion, the $10 million self-insured retention. PG&E's effort to delay or derail the District Court Action is not a new position. The Court is requested to take judicial notice of the Order entered in the District Court Action on January 18, 2019, denying PG&E's Application for Temporary Stay filed on January 18, 2019, a true and correct copy of which is attached hereto as **Exhibit 5**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information is true and correct.

Dated: February 24, 2019

/s/ Richard A. Lapping
Richard A. Lapping

Trodella & Lapping LLP
540 Pacific Avenue
San Francisco, CA 94133

# EXHIBIT 1

1   NATHAN R. JASKOWIAK, CASB No. 248007   LAURIE EDELSTEIN (Bar No. 164466)
    ALEXANDER J. BUKAC, CASB No. 305491   SARAH K. JACKEL (Bar No. 289227)
2   KEESAL, YOUNG & LOGAN   STEPTOE & JOHNSON LLP
    A Professional Corporation   One Market Street
3   450 Pacific Avenue   Steuart Tower, Suite 1800
    San Francisco, California  94133   San Francisco, California  94105
4   Telephone:    (415) 398-6000   Telephone:    (415) 365-6700
    Facsimile:    (415) 981-0136   Facsimile:    (415) 365-6699
5                             ledelstein@steptoe.com
    MIKAL C. WATTS (admitted pro hac vice)   sjackel@steptoe.com
6   FRANCISCO GUERRA IV (admitted pro hac
    vice)   MICHAEL DOCKTERMAN (admitted pro hac vice)
7   MARK A. FASSOLD (admitted pro hac vice)   STEPTOE & JOHNSON LLP
    WATTS GUERRA, L.L.P.   115 S. LaSalle Street, Suite 3100
8   Four Dominion Drive   Chicago, Illinois  60603
    Bldg. 3, Suite 100   Telephone:    (312) 577-1300
9   San Antonio, Texas 78257   Facsimile:    (312) 577-1370
    Telephone:    (210) 527-0500
10  Facsimile:    (210) 527-0501   Attorneys for Defendant
                             PACIFIC GAS AND ELECTRIC COMPANY
11  Attorneys for Plaintiff
    VALERO REFINING COMPANY --
12  CALIFORNIA

13              **UNITED STATES DISTRICT COURT**

14              **EASTERN DISTRICT OF CALIFORNIA**

15

16
    VALERO REFINING COMPANY --   )   Case No. 2:17−CV−01350−TLN−EFB
17  CALIFORNIA, a Delaware corporation,   )
                             )   **[~~PROPOSED~~] AMENDED STIPULATED**
18                  Plaintiff,   )   **PROTECTIVE ORDER**
                             )
19          vs.   )
                             )
20  PACIFIC GAS AND ELECTRIC COMPANY, a   )
    California corporation,   )
21                             )
                  Defendant.   )
22  _____   )

23

24

25

26

27

28

Plaintiff Valero Refining Company – California ("Valero") and Defendant Pacific Gas and Electric Company ("PG&E") (together, the "parties"), by and through their respective counsel of record, hereby stipulate and agree as follows:

## 1.  PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2.  DEFINITIONS

2.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL– SUBJECT TO PROTECTIVE ORDER" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.5   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL– SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

2.6   Disclosure or Discovery Material: all items or information, regardless of the medium or

- 2 -

manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party, its counsel, or its insurer to serve as an expert witness or as a consultant in this action.

2.8     "HIGHLY CONFIDENTIAL– SUBJECT TO PROTECTIVE ORDER" Information or Items: extremely sensitive "Confidential – Subject to Protective Order – Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of irreparable harm.

2.9     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL– SUBJECT TO PROTECTIVE ORDER," or as "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

2.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a

Producing Party.

### 3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

### 4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### 5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept

1   unjustifiably within the ambit of this Order.

2         Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to

3   be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber

4   or retard the case development process or to impose unnecessary expenses and burdens on other

5   parties) expose the Designating Party to sanctions.

6         If it comes to a Designating Party's attention that information or items that it designated for

7   protection do not qualify for protection at all or do not qualify for the level of protection initially

8   asserted, that Designating Party must promptly notify all other parties that it is withdrawing the

9   mistaken designation.

10        5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see,

11  e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or

12  Discovery Material that qualifies for protection under this Order must be clearly so designated before

13  the material is disclosed or produced.

14        Designation in conformity with this Order requires:

15        (a) for information in documentary form (e.g., paper or electronic documents, but excluding

16  transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the

17  legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL

18  – SUBJECT TO PROTECTIVE ORDER" to each page that contains Protected Material. If only a

19  portion or portions of the material on a page qualifies for protection, the Producing Party also must

20  clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and

21  must specify, for each portion, the level of protection being asserted.

22        A Party or Non-Party that makes original documents or materials available for inspection need

23  not designate them for protection until after the inspecting Party has indicated which material it would

24  like copied and produced. During the inspection and before the designation, all of the material made

25  available for inspection shall be deemed "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE

26  PROTECTIVE ORDER." After the inspecting Party has identified the documents it wants copied and

27  produced, the Producing Party must determine which documents, or portions thereof, qualify for

28

[PROPOSED] AMENDED STIPULATED PROTECTIVE ORDER                    Case No. 2:17−CV−01350−TLN−EFB

protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL  – SUBJECT TO PROTECTIVE ORDER."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages

1  (including line numbers as appropriate) that have been designated as Protected Material and the level

2  of protection being asserted by the Designating Party. The Designating Party shall inform the court

3  reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period

4  for designation shall be treated during that period as if it had been designated "HIGHLY

5  CONFIDENTIAL  – SUBJECT TO PROTECTIVE ORDER" in its entirety unless otherwise agreed.

6  After the expiration of that period, the transcript shall be treated only as actually designated.

7        (c) for information produced in some form other than documentary and for any other tangible

8  items, the Producing Party shall affix in a prominent place on the exterior of the container or

9  containers in which the information or item is stored the legend "CONFIDENTIAL – SUBJECT TO

10  PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL  – SUBJECT TO PROTECTIVE ORDER."

11  If only a portion or portions of the information or item warrant protection, the Producing Party, to the

12  extent practicable, shall identify the protected portion(s) and specify the level of protection being

13  asserted.

14        5.3      Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

15  designate qualified information or items does not, standing alone, waive the Designating Party's right

16  to secure protection under this Order for such material. Upon timely correction of a designation, the

17  Receiving Party must make reasonable efforts to assure that the material is treated in accordance with

18  the provisions of this Order.  Upon request, the Receiving Party shall delete, destroy or return material

19  that was inadvertently not designated appropriately under this order and the Designating Party shall

20  reproduce those same materials with the appropriate designation.

21        **6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

22        6.1      Timing of Challenges. Any Party or Non-Party may challenge a designation of

23  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

24  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

25  or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

26  confidentiality designation by electing not to mount a challenge promptly after the original

27  designation is disclosed.

28

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 230 within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

1  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary

2  expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the

3  Designating Party has waived the confidentiality designation by failing to file a motion to retain

4  confidentiality as described above, all parties shall continue to afford the material in question the level

5  of protection to which it is entitled under the Producing Party's designation until the court rules on the

6  challenge.

7        **7.      <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

8        7.1      <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

9  produced by another Party or by a Non-Party in connection with this case only for prosecuting,

10  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the

11  categories of persons and under the conditions described in this Order. When the litigation has been

12  terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

13  DISPOSITION).

14        Protected Material must be stored and maintained by a Receiving Party at a location and in a

15  secure manner that ensures that access is limited to the persons authorized under this Order.

16        7.2      <u>Disclosure of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"</u>

17  <u>Information or Items or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"</u>

18  <u>Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating

19  Party, a Receiving Party may disclose any information or item designated "<u>CONFIDENTIAL –</u>

20  <u>SUBJECT TO PROTECTIVE ORDER</u>" or "<u>HIGHLY CONFIDENTIAL – SUBJECT TO</u>

21  <u>PROTECTIVE ORDER</u>" only to:

22        (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of

23  said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this

24  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached

25  hereto as Exhibit A;

26        (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to

27  whom disclosure is reasonably necessary for this litigation and who have signed the

28

1    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2            (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably

3    necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

4    (Exhibit A);

5            (d) the court and its personnel;

6            (e) court reporters and their staff, professional jury or trial consultants, and Professional

7    Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

8    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9            (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary

10   and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless

11   otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition

12   testimony or exhibits to depositions that reveal Protected Material must be separately bound by the

13   court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective

14   Order;

15           (g) the author or recipient of a document containing the information or a custodian or other

16   person who otherwise possessed or knew the information;

17           (h) any insurer or insurance counsel of Receiving Party and any Expert (as defined in this

18   Order) of the Receiving Party's insurer or insurance counsel to whom disclosure is reasonably

19   necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

20   (Exhibit A).

21       **8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
             OTHER LITIGATION**
22

23           If a Party is served with a subpoena or a court order issued in other litigation that compels

24   disclosure of any information or items designated in this action as "CONFIDENTIAL – SUBJECT

25   TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE

26   ORDER" that Party must:

27           (a) promptly notify in writing the Designating Party. Such notification shall include a copy of

28   the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL– SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the

- 11 -

Case: 19-30088    Doc# 617    Filed: 02/24/19    Entered: 02/24/19 16:54:39    Page 15 of 38

information requested; and

        3.   make the information requested available for inspection by the Non-Party.

    (c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

### 10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

(a)    Non-Waiver of Protection

    Pursuant to Fed. R. Evid. 502(d), any party's production of documents covered by an applicable privilege or protection shall not constitute a waiver of the privilege or protection with respect to those documents or the subject matter of those documents in this case or any other federal or state proceeding.  Nothing in this paragraph shall require a party to produce documents that are protected from disclosure.  This paragraph shall be interpreted to provide the greatest protection allowed by Federal Rule of Evidence 502, or otherwise permitted by law.

    Nothing herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation

of privileged and/or protected information before production.

(b)    "Clawback" of Documents

Any party that inadvertently discloses or produces a document or ESI that it considers privileged or otherwise protected from discovery will promptly give written notice to the Receiving Party, identifying the document or ESI in question, the asserted privilege or protection, and the grounds therefor.  Any party that receives a document that is clearly privileged shall promptly give written notice to the Producing Party and identify the document(s) which appear to be privileged.

Upon receipt of notice of the assertion of privilege or protection over produced documents or ESI, the Receiving Party will act in accordance with Federal Rule of Civil Procedure 26(b)(5)(B), including:

(1) to whatever extent it contests the assertion of privilege or protection, promptly so notify the Producing Party, and sequester and refrain from using or disclosing the contested documents and ESI pending resolution of the contest by the parties or the Court; and

(2) to whatever extent the Receiving Party does not contest the assertion of privilege or protection, promptly return or destroy the applicable document(s) and/or ESI, take reasonable steps to identify and destroy each copy thereof and all information derived therefrom (normally reasonable diligence will not include disaster recovery media), and promptly certify in writing to the Producing Party that it has done so.

In the event of a contested assertion of privilege or protection over produced documents that cannot be resolved amicably after meeting and conferring in good faith, either party may bring the contest to the attention of the Court by motion.  The Producing Party must preserve the contested information until the claim is resolved.

## 12.    **MISCELLANEOUS**

12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or

- 13 -

item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 141 is denied by the court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the court.

### 13.    **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute

1    Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

2

3                IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4    DATED:  February 7, 2018                      _____*/s/ Alexander Bukac*_____(as

5                                                   authorized on February 7, 2018)

6                                                   NATHAN R. JASKOWIAK
                                                    ALEXANDER J. BUKAC
7                                                   KEESAL, YOUNG & LOGAN
                                                    Attorneys for Plaintiff
8                                                   VALERO REFINING COMPANY –
                                                    CALIFORNIA
9
                                                    MIKAL C. WATTS
10                                                  FRANCISCO GUERRA IV
                                                    MARK A. FASSOLD
11                                                  WATTS GUERRA, L.L.P.
                                                    Attorneys for Plaintiff
12                                                  VALERO REFINING COMPANY –
                                                    CALIFORNIA
13

14                                                         ____

15

16   DATED:  February 7, 2018                      _____*/s/ Laurie Edelstein*_____

17                                                  LAURIE EDELSTEIN
                                                    SARAH K. JACKEL
18                                                  MICHAEL DOCKTERMAN
                                                    STEPTOE & JOHNSON LLP
19                                                  Attorneys for Defendant
                                                    PACIFIC GAS & ELECTRIC COMPANY
20

21

22

23   PURSUANT TO STIPULATION, IT IS SO ORDERED.

24   DATED:  February 7, 2018.                      _____

25                                                  HONORABLE EDMUND F. BRENNAN
                                                    UNITED STATES MAGISTRATE JUDGE
26

27

28

                                            - 15 -
Case: 19-30088   Doc# 617   Filed: 02/24/19   Entered: 02/24/19 16:54:39   Page 19 of
38

1

**EXHIBIT A**

2

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3     I, _____ [print or type full name], of _____ [print or type

4  full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated

5  Protective Order that was issued by the United States District Court for the Eastern District of California on

6  February __, 2018 in the case of *Valero Refining Company – California v. Pacific Gas & Electric Company*,

7  No. 17 Civ. 1350 (TLN)(EFB).  I agree to comply with and to be bound by all the terms of this Stipulated

8  Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and

9  punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any

10  information or item that is subject to this Stipulated Protective Order to any person or entity except in strict

11  compliance with the provisions of this Order.

12     I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of

13  California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement

14  proceedings occur after termination of this action.

15     I hereby appoint _____ [print or type full name] of

16  _____ [print or type full address and telephone number] as my

17  California agent for service of process in connection with this action or any proceedings related to enforcement

18  of this Stipulated Protective Order.

19

20  Date: _____

21

22  City and State where sworn and signed: _____

23

24  Printed name: _____
                          [printed name]

25

26  Signature: _____
                        [signature]

27

28

[PROPOSED] AMENDED STIPULATED PROTECTIVE ORDER                    Case No. 2:17−CV−01350−TLN−EFB

| From: | caed_cmecf_helpdesk@caed.uscourts.gov |
|---|---|
| To: | CourtMail@caed.uscourts.dcn |
| Subject: | Activity in Case 2:17-cv-01350-TLN-EFB Valero Refining Company California v. Pacific Gas & Electric Company Stipulation and Order. |
| Date: | Thursday, February 08, 2018 9:55:45 AM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* There is no charge for viewing opinions.**

## U.S. District Court

## Eastern District of California - Live System

### Notice of Electronic Filing

The following transaction was entered on 2/8/2018 at 9:54 AM PST and filed on 2/8/2018

| | |
|---|---|
| **Case Name:** | Valero Refining Company California v. Pacific Gas & Electric Company |
| **Case Number:** | 2:17-cv-01350-TLN-EFB |
| **Filer:** | |
| **Document Number:** | 31 |

**Docket Text:**
**AMENDED STIPULATED PROTECTIVE ORDER signed by Magistrate Judge Edmund F. Brennan on 2/7/2018. (Becknal, R)**

**2:17-cv-01350-TLN-EFB Notice has been electronically mailed to:**

Alexander James Bukac      alexander.bukac@kyl.com, maricel.schilt@kyl.com

Francisco Guerra, IV , PHV      fguerra@wattsguerra.com, khays@wattsguerra.com

John Cox      john.cox@kyl.com, maricel.schilt@kyl.com

Laura Joy Edelstein      ledelstein@steptoe.com, sbutler@steptoe.com

Mark Fassold , PHV      mfassold@wattsguerra.com, khays@wattsguerra.com

Michael Dockterman , PHV      mdockterman@steptoe.com

Mikal C. Watts , PHV      mcwatts@wattsguerra.com, khays@wattsguerra.com

Nathan Randall Jaskowiak      nathan.jaskowiak@kyl.com, lori.carmichael@kyl.com, maricel.schilt@kyl.com

Sarah Katherine Jackel      sjackel@steptoe.com

**2:17-cv-01350-TLN-EFB Electronically filed documents must be served conventionally by the filer to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1064943537 [Date=2/8/2018] [FileNumber=9206284-0]
[7f231dbccf173d2342486f60677b9f5e0e2c6d150c93f782ed6daffc2c09872bf8bd
f19601d1b63b537cec2a15e9d379d6defdc1b21d5a1c9e91fdaf25399be1]]

# EXHIBIT 2

| | |
|---|---|
| **From:** | Tobias Keller <tkeller@kellerbenvenutti.com> |
| **Sent:** | Tuesday, February 5, 2019 5:24 PM |
| **To:** | Richard Lapping |
| **Cc:** | Peter Benvenutti; Tran, An; Tsekerides, Theodore |
| **Subject:** | RE: PG&E - Valero litigation - time sensitive |

Rich:

We were able to convene a group familiar with the litigation this afternoon but won't be able to get you any meaningful agreements tonight. The debtors won't stipulate to relief from stay, at least for the foreseeable future.

As to the policies that are covered by the protective order in the Eastern District, we understand they can't be used outside of the proceeding pending there without PG&E's consent. With our colleagues at Weil, copied here, we're authorized to work with you to get the publicly-filed version of your motion in a form that we can agree doesn't disclose confidential information that is protected by the protective order, but we will need to clear that with the insurers among others. That will take a couple of days.

I understand your clients are anxious to file, but we're hopeful they'll take a little extra time to make sure we're on the same page as to the disclosures regarding confidential information.

If not, they're stuck with the protective order as it is. We're not in a position to release them from those obligations on such short notice and with the limited information we have at hand.

With best regards,


Tobias S. Keller, Esq.
Direct: (415) 796-0709
Email: tkeller@kellerbenvenutti.com

---

**From:** Richard Lapping <rich@trodellalapping.com>
**Sent:** Tuesday, February 5, 2019 3:13 PM
**To:** Tobias Keller <tkeller@kellerbenvenutti.com>
**Subject:** RE: PG&E - Valero litigation - time sensitive

Toby,

I need to catch a plane at noon tomorrow. Can someone get to me today?

Otherwise, I can file the policies under seal and redact discussion in the motion, and PG&E can decide whether it wants to keep the confidential designation by filing something with Judge Montali under District Court Local Rule 79-5(e), which appears to contemplate this situation.

Rich Lapping



www.trodellalapping.com
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the
sender by reply email and destroy all copies of the original message.

**From:** Richard Lapping
**Sent:** Tuesday, February 5, 2019 11:47 AM
**To:** 'Tobias Keller' <tkeller@kellerbenvenutti.com>
**Subject:** RE: PG&E - Valero litigation - time sensitive

Toby,

Thanks. If anyone needs to call me, please use my cell – 415-200-9407.

Rich Lapping



www.trodellalapping.com
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the
sender by reply email and destroy all copies of the original message.

**From:** Tobias Keller <tkeller@kellerbenvenutti.com>
**Sent:** Tuesday, February 5, 2019 11:44 AM
**To:** Richard Lapping <rich@trodellalapping.com>
**Subject:** RE: PG&E - Valero litigation - time sensitive

Rich:

Finally got to the right folks at PG&E. Should have something for you later this evening or tomorrow.

Tobias S. Keller, Esq.
Direct: (415) 796-0709
Email: tkeller@kellerbenvenutti.com

**From:** Richard Lapping <rich@trodellalapping.com>
**Sent:** Monday, February 4, 2019 12:01 PM
**To:** Tobias Keller <tkeller@kellerbenvenutti.com>; Peter Benvenutti <pbenvenutti@kellerbenvenutti.com>; Jane Kim

<jkim@kellerbenvenutti.com>
**Subject:** PG&E - Valero litigation - time sensitive

Toby, Peter, Jane:

My client, Valero Refining Company-California, is the plaintiff in an action against PG&E – the utility – in district court in Sacramento. We are filing this week a motion for relief from stay to allow completion of that litigation, which was in the final stages with a June trial date.

Part of what we will say in the motion has to do with PG&E's insurance coverage for the Valero claim under claims made policies issued for the period August 1, 2016 to August 1, 2017. At a minimum, we would disclose the amount of the per occurrence limits, the amount of the underlying SIR, the policy period, and the text of the clause that provides that bankruptcy of the insured does not excuse coverage.

However, there is a protective order in the district court case and the policies, which we would ordinarily attach as exhibits, were designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" when they were produced in discovery to Valero. I attach a copy of the stipulated protective order. It would seem that such a designation no longer applies given the disclosure obligations in bankruptcy and the materiality of the terms of these policies. In any event, we are not sure what aspect of the insurance coverage PG&E wants to keep out of public filings at this point.

Please consult with your team and let me know if PG&E will waive confidentiality with respect to these policies. If not, whether PG&E objects to disclosure of the matters above. Failing that, we will file the policies under seal in the bankruptcy case. The protective order does not address or contemplate PG&E's bankruptcy, so we see no problem with doing that.

We intend to file our motion no later than Wednesday morning, February 6, so if we don't hear back, we'll file under seal and redact as appropriate in our papers.

Additionally, is there any chance that PG&E will stipulate to relief from stay?

Rich Lapping



TRODELLA & LAPPING LLP

540 Pacific Ave • San Francisco, CA 94133
Direct: 415.399.1015 • Mobile: 415.200.9407 • rich@trodellalapping.com

www.trodellalapping.com
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

# EXHIBIT 3

Richard A. Lapping (SBN: 107496)
Trodella & Lapping LLP
540 Pacific Avenue
San Francisco, CA 94133
Telephone:    (415) 399-1015
Facsimile:    (415) 651-9004
  *Rich@TrodellaLapping.com*

Attorneys for Valero Refining Company-California

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    -and-<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>                 Debtors.<br><br>□ Affects PG&E Corporation<br>■ Affects Pacific Gas and Electric Company<br>□ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No.: 19-30088-DM<br><br>Chapter 11<br><br>**MOTION TO FILE REDACTED DOCUMENT AND TO FILE DOCUMENTS UNDER SEAL; DECLARATION OF RICHARD A. LAPPING**<br><br>Date:   February 26, 2019<br>Time:   9:30 a.m.<br>Place:  Courtroom 17<br>         450 Golden Gate Avenue, 16th Floor<br>         San Francisco, California<br>Judge: Hon. Dennis Montali |

Trodella & Lapping LLP
540 Pacific Avenue
San Francisco, CA 94133

TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Creditor Valero Refining Company-California ("Valero") hereby submits this motion ("Seal Motion") pursuant to Bankruptcy Code § 107(b), 11 U.S.C., Federal Rule of Bankruptcy Procedure 9018, the Court's *New District Wide Procedures for Electronically Filing Sealed and Redacted Documents,* and District Court Local Rule 79-5, made applicable by Bankruptcy Local Rule 1001-2(a), for entry of an order granting or denying the redaction and sealing of documents as described in this Seal Motion and the Declaration of Richard A. Lapping (the "Declaration").

As set forth in the Declaration, Valero received in discovery copies of two insurance policies

1

("Policies") of Pacific Gas & Electric Company ("PG&E") in the litigation case of VALERO REFINING COMPANY-CALIFORNIA, a Delaware corporation v. PACIFIC GAS & ELECTRIC COMPANY, a California corporation, pending as Case No. 2:17-cv-01350-TLN-EFB in United States District Court for the Eastern District of California before the Honorable Troy L. Nunley, United States District Judge (the "District Court Action").

A stipulated protective order was entered in the District Court Action that permitted the parties to designate documents produced in discovery as "CONFIDENTIAL– SUBJECT TO PROTECTIVE ORDER." PG&E placed that designation on the Policies when produced.

Concurrently with this Seal Motion, Valero has filed a Motion for Relief from Stay (the "Stay Motion") to permit it to conclude the District Court Action. The Stay Motion is supported by the Declaration of John Cox ("Cox Declaration"). In the Stay Motion, Valero discusses certain terms and conditions of the Policies as they pertain to Valero's request for relief from stay. Those provisions are redacted in the Stay Motion as filed, and are subject to the Seal Motion's request to rule on the redactions. The Policies are or would be attached as Exhibits 3 and 4 to the Cox Declaration.

Valero does not believe that the Policies or the contents thereof, were appropriately designated as confidential under the protective order in the District Action, or if they were, that they remain commercially confidential in the context of this bankruptcy case within the meaning of Bankruptcy Code § 107(b). Nonetheless, Valero remains subject to the District Court's protective order and PG&E's designation thereunder, and thus brings this Seal Motion under District Court Rule 79-5(e), which provides:

> **Documents Designated as Confidential or Subject to a Protective Order.** If the Submitting Party is seeking to file under seal a document designated as confidential by the opposing party or a non-party pursuant to a protective order, or a document containing information so designated by an opposing party or a non-party, the Submitting Party's declaration in support of the Administrative Motion to File Under Seal must identify the document or portions thereof which

2

contain the designated confidential material and identify the party that has designated the material as confidential ("the Designating Party"). The declaration must be served on the Designating Party on the same day it is filed and a proof of such service must also be filed.

(1) Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable.

(2) If the Designating Party does not file a responsive declaration as required by subsection 79-5(e)(1) and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied. A Judge may delay the public docketing of the document upon a showing of good cause.

As the Submitting Party under the foregoing local rule, Valero will, simultaneously with filing the Seal Motion, serve PG&E as the Submitting Party with this Seal Motion and, by email to its attorneys of record, a copy of the chambers copy of the Stay Motion that highlights the redacted information, as well as copies of the Policies.

Dated: February 5, 2019       TRODELLA & LAPPING LLP

By:     /s/ Richard A. Lapping
        Richard A. Lapping
        Attorneys for Valero Refining Company-
        California

## DECLARATION OF RICHARD A. LAPPING

I, Richard A. Lapping, declare as follows:

1     I am an attorney at law, licensed to practice in the State of California and admitted to

3

the bar of this Court. I am a partner with the firm of Trodella & Lapping LLP, attorneys for moving party Valero Refining Company-California. I make this declaration in that capacity and, if called upon to do so, I could and would testify of my own personal knowledge to the facts set forth herein.

2. This declaration ("<u>Declaration</u>") is submitted in support of Valero's Motion To File Redacted Document And To File Documents Under Seal.

3. Except as otherwise indicated, all statements set forth in this Declaration are based upon my personal knowledge or my review of relevant records and documents. If called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5. Attached hereto as Exhibit 1 is a true and correct copy the Amended Stipulated Protective Order entered in the District Court Action. Exhibit 1 will be filed in the public record of this case.

4. Attached hereto as Exhibit 2 is a copy of the unredacted version of Valero's Motion for Relief from Stay, highlighted to indicate proposed redactions. Exhibit 2 is not filed in the public record of this case.

5. Attached hereto as Exhibits 3 and 4 are true and correct copies of the Policies that are the proposed documents filed under seal. I am informed, based on the Declaration of John Cox, that Exhibits 3 and 4 were produced and designated as confidential by PG&E in discovery in the District Court Action. Exhibits 3 and 4 are not filed in the public record of this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information is true and correct.

Dated: February 5, 2019

                                        __/s/ Richard A. Lapping_____
                                           Richard A. Lapping

4

# EXHIBIT 4

# Richard Lapping

**From:** Tobias Keller <tkeller@kellerbenvenutti.com>
**Sent:** Tuesday, February 12, 2019 5:00 PM
**To:** Richard Lapping; Peter Benvenutti
**Subject:** RE: PG&E - Valero

Received.  Thank you.

Tobias S. Keller, Esq.
Direct:  (415) 796-0709
Email: tkeller@kellerbenvenutti.com

**From:** Richard Lapping <rich@trodellalapping.com>
**Sent:** Tuesday, February 12, 2019 4:45 PM
**To:** Peter Benvenutti <pbenvenutti@kellerbenvenutti.com>
**Cc:** Tobias Keller <tkeller@kellerbenvenutti.com>
**Subject:** RE: PG&E - Valero

Gentlemen,

Here it is, with redactions highlighted in yellow.

Rich Lapping



TRODELLA & LAPPING LLP

540 Pacific Ave • San Francisco, CA 94133
Direct: 415.399.1015 • Mobile: 415.200.9407• rich@trodellalapping.com

www.trodellalapping.com

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** Peter Benvenutti <pbenvenutti@kellerbenvenutti.com>
**Sent:** Tuesday, February 12, 2019 2:05 PM
**To:** Richard Lapping <rich@trodellalapping.com>
**Cc:** Tobias Keller <tkeller@kellerbenvenutti.com>
**Subject:** PG&E - Valero

Rich, could you send us an unredacted copy of the Valero stay relief motion?

Thanks.

Peter

Peter J. Benvenutti
Keller & Benvenutti LLP
650 California Street, Suite 1900
San Francisco, CA 94108
Direct:  415.364.6798
Cell:  415.722.4299
Fax:  650.636.9251
Email:  pbenvenutti@kellerbenvenutti.com
Web:  http://www.kellerbenvenutti.com



This message is being sent from a law firm and may contain confidential or privileged information. If you are not
the intended recipient, please advise the sender immediately by reply e-mail and delete this message and
any attachments without retaining a copy.

# EXHIBIT 5

1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   VALERO REFINING COMPANY—                No. 2:17-cv-01350-TLN-EFB
     CALIFORNIA, a Delaware corporation,
12
                    Plaintiff,
13                                           **ORDER**
          v.
14
     PACIFIC GAS AND ELECTRIC
15   COMPANY, a California corporation,

16                  Defendant.

17   _____

18        On January 18, 2019, Defendant Pacific Gas and Electric Company ("Defendant" or

19   "PG&E") filed an Application for Temporary Stay.  (ECF No. 46.)  On January 21, 2019,

20   Plaintiff Valero Refining Company ("Plaintiff") filed an Opposition thereto.  (ECF No. 47.)  The

21   Court has reviewed the parties' briefs, and for the reasons provided below, Defendant's

22   Application is DENIED.

23        Defendant seeks a temporary stay in this matter pending its anticipated Chapter 11

24   bankruptcy filing.  Indeed, PG&E has announced its intent to file for Chapter 11 protection "on or

25   about January 29, 2019."  (Pl.'s App., ECF No. 46, at 2.)  Under 11 U.S.C. § 362, once PG&E

26   files for such protection, all litigation against PG&E will automatically be stayed, including the

27   present action.  Defendant seeks a temporary stay in this matter—to last thirty (30) days or until it

28   files for bankruptcy—in order to "preserve [its] assets" pending that automatic stay.  (*Id.*)

                                             1

Defendant indicates—and Plaintiff agrees—that the parties are in the middle of briefing on

Defendant's Motion for Summary Judgment, and that depositions of two of PG&E's experts are

scheduled for the end of January.  Defendant seeks to temporarily stay the action so it does not

expend resources on these matters in the interim.

The Court has broad discretion in deciding whether to issue a stay.  "[T]he power to stay

proceedings is incidental to the power inherent in every court to control the disposition of the

causes on its docket . . . .  [This] calls for the exercise of judgment, which must weigh competing

interests and maintain an even balance."[1]  *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

Exercising that discretion, the Court is not convinced that a stay is necessary or proper in this

case.

First, PG&E filed its motion for summary judgment (ECF No. 44) before even requesting

this stay.  The vast majority of resources it would need to dedicate to that filing have therefore

already been expended, and any "assets" it might use to review Plaintiff's opposition and prepare

an optional reply are minimal.  The same is true of defending the upcoming depositions.

Defendant's interest in preserving the limited resources it will take to defend two depositions

does not outweigh Plaintiff's interest in pursuing litigation unless and until the automatic stay

takes effect.  Indeed, PG&E may still opt not to file for Chapter 11 bankruptcy, in which case

Plaintiff would be stuck with an unjustified thirty-day stay.

Additionally, Plaintiff's arguments that a stay imposed by this Court would act as a

premature protection to a debtor and set a dangerous precedent are well taken.  (*See* ECF No. 47

at 3-4.)  This Court is not a bankruptcy court, and Defendant is not entitled to a premature stay of

proceedings unless and until it actually files for the protections afforded under Chapter 11.

///

///

///

---

[1]    The Court rejects Plaintiff's position that the requested stay is governed by a preliminary injunction standard.  (*See* ECF No. 47 at 3.)  *Solidus Networks, Inc. v. Excel Innovations, Inc.* (*In re Excel Innovations, Inc.*), 502 F.3d 1086, 1094 (9th Cir. 2007) applied a preliminary injunction standard where a Chapter 11 debtor sought to stay a proceeding in which the debtor was not a party.  Here, the Plaintiff—who happens to be a *potential* debtor—is seeking to stay a proceeding in which it is a party.

2

1    For the reasons provided above, Defendant's Application for Temporary Stay (ECF No.

2  46) is DENIED.

3    IT IS SO ORDERED.

4  Dated: January 28, 2019

5

6

7    Troy L. Nunley
   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3