**Exhibit 1**

**Insurance Motion**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>       Debtors.<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br>**[PROPOSED] FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 362(d), 363(b), 363(c), AND 364 AND FED. R. BANKR. P. 4001, 6003, AND 6004 (I) AUTHORIZING THE DEBTORS TO (A) MAINTAIN INSURANCE POLICIES, WORKERS' COMPENSATION PROGRAM, AND SURETY BOND PROGRAM AND (B) PAY ALL OBLIGATIONS WITH RESPECT THERETO; AND (II) GRANTING RELIEF FROM THE AUTOMATIC STAY WITH RESPECT TO WORKERS' COMPENSATION CLAIMS** |

FINAL ORDER REGARDING INSURANCE
POLICIES

Upon the Motion, dated January 29, 2019 (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105(a), 362(d), 363(b), 363(c), and 364 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 4001, 6003, and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for interim and final authority (i) to (a) maintain their Insurance Policies, Workers' Compensation Program, and Surety Bond Program and to perform their obligations with respect thereto during these Chapter 11 Cases, and (b) pay any prepetition obligations arising under or related to the Insurance Policies, Workers' Compensation Program, or Surety Bond Program; and (ii) modifying the automatic stay to the extent necessary to permit the Debtors' employees to proceed with any claims they may have under the Workers' Compensation Program; and granting related relief; all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration (as amended on February 2, 2019 [Docket No. 263]); and this Court having held hearings to consider the relief requested in the Motion on an interim and final basis; and this Court having previously entered an order granting interim relief with respect to the Motion [Docket No. 211]; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

FINAL ORDER REGARDING INSURANCE POLICIES

2

Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on a final basis, as provided herein.

2. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363, and 364 of the Bankruptcy Code, to continue and maintain all Insurance Policies,[2] the Workers' Compensation Program (including providing additional Collateral), and the Surety Bond Program, and to perform all of their obligations with respect thereto, and to pay any amounts owed with respect to the Insurance Policies, the Service Provider Fees, the Workers' Compensation Program, the Workers' Compensation Claims, and the Surety Bond Program.

3. The Debtors are authorized, but not directed, in the ordinary course of business to revise, renew, roll over, replace, extend, supplement or otherwise modify their insurance coverage as needed, including, without limitation, through the purchase of new or the renewal of existing Insurance Policies; *provided, however,* that the Debtors shall provide the attorneys for each of the Official Committee of Unsecured Creditors, the Official Committee of Tort Creditors, and any other statutory committee appointed in these Chapter 11 Cases with five (5) calendar days' written notice prior to purchasing any new Insurance Policies that contemplate or provide coverage that would be materially inconsistent with the Debtors' current coverage under their existing Insurance Policies.

4. The Debtors are authorized, but not directed, to renew or to obtain and provide additional or new Surety Bonds, and to take all appropriate actions in connection therewith, including providing any cash or other collateral, as required under existing, renewed or new Surety Bonds.

5. Pursuant to section 362(d) of the Bankruptcy Code, to the extent any of the Debtors' employees hold claims under or in connection with the Workers' Compensation Program, in the Debtors' sole discretion, such employees are authorized to proceed with their Workers' Compensation Claims through and including the collection or payment of any judgment or claim in the appropriate judicial or

---

[2] For the avoidance of doubt, the term Insurance Policies shall include all insurance policies issued or providing coverage to the Debtors at any time, whether expired, current or prospective, and any agreements related thereto.

administrative forum under the Workers' Compensation Program; *provided*, that, the prosecution of such claims is in accordance with the Workers' Compensation Program and the recoveries are limited to the proceeds available under the Workers' Compensation Program.

6. Nothing herein alters or amends the terms and conditions of any of the Insurance Policies or relieves the Debtors of any of their obligations under the Insurance Policies.

7. Applicable banks and financial institutions are authorized, but not directed, at the Debtors' request, to receive, process, honor and pay, to the extent of funds on deposit, any and all checks issued or to be issued or electronic funds transfers requested or to be requested by the Debtors relating to the Insurance Obligations, the Workers' Compensation Claims, the Surety Bond Obligations or the Service Provider Fees.

8. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers on account of the Insurance Obligations, the Workers' Compensation Claims, the Surety Bond Obligations and the Service Provider Fees, to replace any prepetition checks or electronic funds transfer requests that may be lost, dishonored, or rejected as a result of the commencement of the Chapter 11 Case.

9. Nothing contained in this Final Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise any payment made pursuant to this Final Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

10. Notwithstanding entry of this Final Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

11. The requirements of Bankruptcy Rules 4001(d) and 6004(a) have been satisfied.

12. Notwithstanding the provisions of Bankruptcy Rules 4001(a)(2) and 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all steps necessary or appropriate to carry out this

Final Order.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

** END OF ORDER **

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>**- and -**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                                    **Debtors.**<br><br>~~Tax I.D. No. 94-3234914~~<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>~~Case~~ Nos. 19-30088 (DM)<br><br>~~19-30089 (DM)~~<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>~~**INTERIM**~~**[PROPOSED] FINAL** ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 362(d), 363(b), 363(c), AND 364 AND FED. R. BANKR. P. 4001, 6003, AND 6004 (I) AUTHORIZING THE DEBTORS TO (A) MAINTAIN INSURANCE POLICIES, WORKERS' COMPENSATION PROGRAM, AND SURETY BOND PROGRAM AND (B) PAY ALL OBLIGATIONS WITH RESPECT THERETO; AND (II) GRANTING RELIEF FROM THE AUTOMATIC STAY WITH RESPECT TO WORKERS' COMPENSATION CLAIMS |

~~INTERIM~~FINAL ORDER REGARDING INSURANCE POLICIES

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| | | |
|---|---|---|
| 1 | In re: | Bankruptcy Case ~~Case~~ No~~s~~. 19-~~-~~30088 (DM) |
| 2 | **PG&E CORPORATION,** | ~~19--30089 (DM)~~ |
| 3 | **- and -** | Chapter 11 |
| 4 | **PACIFIC GAS AND ELECTRIC COMPANY,** | (Lead Case) (Jointly Administered) |
| 5 | Debtor~~s~~. | ~~INTERIM~~[PROPOSED] FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 362(d), 363(b), 363(c), AND 364 AND FED. R. BANKR. P. 4001, 6003, AND 6004 (I) AUTHORIZING THE DEBTORS TO (A) MAINTAIN INSURANCE POLICIES, WORKERS' COMPENSATION PROGRAM, AND SURETY BOND PROGRAM AND (B) PAY ALL OBLIGATIONS WITH RESPECT THERETO; AND (II) GRANTING RELIEF FROM THE AUTOMATIC STAY WITH RESPECT TO WORKERS' COMPENSATION CLAIMS |
| 6 | ~~Tax I.D. No. 94-3234914~~ | |
| 7 | ~~In re:~~ | |
| 8 | ~~PACIFIC GAS AND ELECTRIC COMPANY,~~ | |
| 9 | ~~Debtor.~~ | |
| 10 | | |
| 11 | ~~Tax I.D. No. 94-0742640~~ | |

Upon the Motion, dated January 29, 2019 (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105(a), 362(d), 363(b), 363(c), and 364 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 4001, 6003, and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for interim and final authority (i) to (a) maintain their Insurance Policies, Workers' Compensation Program, and Surety Bond Program and to perform their obligations with respect thereto during these Chapter 11 Cases, and (b) pay any prepetition obligations arising under or related to the Insurance Policies, Workers' Compensation Program, or Surety Bond Program; and (ii) modifying the automatic stay to the extent necessary to permit the Debtors' employees to proceed with any claims they may have under the Workers' Compensation Program; and granting related relief; all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient ~~under the circumstances~~, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration (as amended on February 2, 2019 [Docket No. 263]); and this Court having held ~~a~~ hearings ~~on~~ to consider the relief requested in the Motion on an interim and final basis; and this Court having previously entered an order granting interim relief with respect to the Motion [Docket No. 211]; and this Court having determined that the legal and factual bases set

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

~~INTERIM~~ FINAL ORDER REGARDING INSURANCE POLICIES     3

forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is ~~necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, and is~~ in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on ~~an interim~~ a final basis, as provided herein.

2. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363, and 364 of the Bankruptcy Code, to continue and maintain all Insurance Policies,[2] the Workers' Compensation Program (including providing additional Collateral), and the Surety Bond Program, and to perform all of their obligations with respect thereto, and to pay any amounts owed with respect to the Insurance Policies, the Service Provider Fees, the Workers' Compensation Program, the Workers' Compensation Claims, and the Surety Bond Program~~; *provided*, that, the Debtors are authorized to pay only amounts due and payable as of the Petition Date and amounts that are or become due and payable between the Petition Date and the date that a final order on the Motion is entered, unless otherwise ordered by the Court.~~.

3. The Debtors are authorized, but not directed, in the ordinary course of business to revise, renew, roll over, replace, extend, supplement or otherwise modify their insurance coverage as needed, including, without limitation, through the purchase of new or the renewal of existing Insurance Policies~~.~~; *provided, however,* that the Debtors shall provide the attorneys for each of the Official Committee of Unsecured Creditors, the Official Committee of Tort Creditors, and any other statutory committee appointed in these Chapter 11 Cases with five (5) calendar days' written notice prior to purchasing any new Insurance Policies that contemplate or provide coverage that would be materially inconsistent with the Debtors' current coverage under their existing Insurance Policies.

---

[2] For the avoidance of doubt, the term Insurance Policies shall include all insurance policies issued or providing coverage to the Debtors at any time, whether expired, current or prospective, and any agreements related thereto.

4. The Debtors are authorized, but not directed, to renew or to obtain and provide additional or new Surety Bonds, and to take all appropriate actions in connection therewith, including providing any cash or other collateral, as required under existing, renewed or new Surety Bonds.

5. Pursuant to section 362(d) of the Bankruptcy Code, to the extent any of the Debtors' employees hold claims under or in connection with the Workers' Compensation Program, in the Debtors' sole discretion, such employees are authorized to proceed with their Workers' Compensation Claims through and including the collection or payment of any judgment or claim in the appropriate judicial or administrative forum under the Workers' Compensation Program; *provided*, that, the prosecution of such claims is in accordance with the Workers' Compensation Program and the recoveries are limited to the proceeds available under the Workers' Compensation Program.

6. Nothing herein alters or amends the terms and conditions of any of the Insurance Policies or relieves the Debtors of any of their obligations under the Insurance Policies.

7. Applicable banks and financial institutions are authorized, but not directed, at the Debtors' request, to receive, process, honor and pay, to the extent of funds on deposit, any and all checks issued or to be issued or electronic funds transfers requested or to be requested by the Debtors relating to the Insurance Obligations, the Workers' Compensation Claims, the Surety Bond Obligations or the Service Provider Fees.

8. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers on account of the Insurance Obligations, the Workers' Compensation Claims, the Surety Bond Obligations and the Service Provider Fees, to replace any prepetition checks or electronic funds transfer requests that may be lost, dishonored, or rejected as a result of the commencement of the Chapter 11 Case.

9. Nothing contained in this ~~Interim~~Final Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise any payment made pursuant to this ~~Interim~~Final Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to

dispute such claim subsequently.

10. Notwithstanding entry of this ~~Interim~~Final Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

~~11. The requirements for immediate entry of this Interim Order pursuant to Bankruptcy Rule 6003(b) have been satisfied.~~

11. ~~12.~~ The requirements of Bankruptcy Rules 4001(d) and 6004(a) ~~are waived~~have been satisfied.

12. ~~13.~~ Notwithstanding the provisions of Bankruptcy Rules 4001(a)(2) and 6004(h), this ~~Interim~~Final Order shall be immediately effective and enforceable upon its entry.

13. ~~14.~~ The Debtors are authorized to take all steps necessary or appropriate to carry out this ~~Interim~~Final Order.

~~15. A final hearing to consider the relief requested in the Motion shall be held on February 27, 2019 at 9:30 a.m. (Prevailing Pacific Time) and any objections or responses to the Motion shall be filed and served so as to be actually received on or prior to February 20, 2019 at 4:00 p.m. (Prevailing Pacific Time).~~

14. ~~16.~~ This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this ~~Interim~~Final Order.

** END OF ORDER **