**Exhibit 8**

**Section 509(b)(3) Procedures Motion**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>  - and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**[PROPOSED] ORDER PURSUANT TO 11 U.S.C. §§ 503(b)(9) AND 105(a) ESTABLISHING PROCEDURES FOR THE ASSERTION, RESOLUTION, AND SATISFACTION OF CLAIMS ASSERTED PURSUANT TO 11 U.S.C. § 503(b)(9)** |

Upon the Motion, dated January 29, 2019 (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 503(b)(9) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order (i) authorizing the Debtors to establish procedures (the "**Procedures**") for the assertion of unpaid claims pursuant to section 503(b)(9) of the Bankruptcy Code (the "**503(b)(9) Claims**") and the resolution, allowance, and satisfaction thereof, and (ii) prohibiting Vendors from pursuing 503(b)(9) Claims outside the Procedures, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration (as amended on February 2, 2019 [Docket No. 263]); and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted as provided herein.

2. The following Procedures are the sole and exclusive method for the assertion, resolution,

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

allowance, and satisfaction of 503(b)(9) Claims against the Debtors:[2]

    a) Any Vendor asserting a 503(b)(9) Claim must prepare a proof of claim (a "**Proof of 503(b)(9) Claim**"), substantially in the form annexed as **Schedule 1** hereto (the "**Proof of 503(b)(9) Claim Form**") that sets forth: (i) the value of the Goods the Vendor contends the Debtors received within twenty (20) days prior to the Petition Date; (ii) documentation, including invoices, receipts, bills of lading, and the like, identifying the particular Goods for which the claim is being asserted; (iii) documentation regarding which Debtor the Goods were shipped to, the date the Goods were received by such Debtor, and the alleged value of such Goods; and (iv) a statement indicating (I) whether the value of such Goods listed in the Proof of 503(b)(9) Claim represents a combination of services and Goods, (II) the percentage of value related to services and related to Goods, and (III) whether the Vendor has filed any other claim against any Debtor regarding the Goods underlying its Proof of 503(b)(9) Claim;

    b) All Proofs of 503(b)(9) Claims must be submitted to the Debtors' proposed claims and noticing agent, Prime Clerk LLC ("**Prime Clerk**"), so as to be received no later than the fiftieth (50th) day after the Petition Date (the "**503(b)(9) Claim Filing Deadline**"), either (i) by mail or hand delivery at PG&E Corporation Claims Processing Center c/o Prime Clerk LLC, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232, or (ii) electronically via the interface provided on Prime Clerk's website at http://restructuring.primeclerk.com/PGE/EPOC-index. Proofs of 503(b)(9) Claims sent by facsimile or electronic mail will not be accepted;

    c) The Debtors shall have seventy-five (75) days (or such later date as may be approved by the Court) after the 503(b)(9) Claim Filing Deadline to file with the Court and serve any objections (the "**Objections**") to timely filed 503(b)(9) Claims (the "**Objection Deadline**"), without prejudice to the Debtors' right to set an extension to such Objection Deadline;

    d) Vendors shall have until twenty (20) days after the filing of the applicable Objection to file with the Court and serve any replies to such Objections on (i) the United States Trustee for Region 17; (ii) Milbank LLP, as counsel to the Official Committee of Unsecured Creditors; (iii) Baker & Hostetler LLP, as counsel to the Official Committee of Tort Claimants; (iv) counsel to any other statutory committees appointed in these Chapter 11 Cases; and (v) counsel to the agent under the Debtors' debtor-in-possession financing facility;

    e) All timely filed 503(b)(9) Claims will be deemed allowed unless objected to by the Debtors on or before the Objection Deadline;

---

[2] These Procedures shall not apply to any claims that are treated as Operational Integrity Supplier Claims pursuant to the *Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 503(b)(9) and Fed. R. Bankr. P. 6003 and 6004 for Interim and Final Authority to Pay Prepetition Obligations Owed to Certain Safety and Reliability, Outage, and Nuclear Facility Suppliers* or any claims of the Exchange Operators pursuant to the *Motion of Debtors Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364 and Fed. R. Bankr. P. 6003 and 6004 to (a) Honor Prepetition Obligations to Natural Gas and Electricity Exchange Operators, (b) Grant Administrative Expense Claims and Authorize Posting of Collateral to Exchange Operators, Trading Counterparties, and Future Commission Merchants, (c) Modify the Automatic Stay, and (d) Grant Related Relief.*

f) Notwithstanding and without limiting the foregoing, the Debtors are authorized, but not required, to negotiate, in their sole discretion, with any Vendor and to seek an agreement resolving any Objection to such Vendor's 503(b)(9) Claim without the need for any further order by the Court;

g) If the Debtors cannot reach agreement with a Vendor regarding a particular Objection to such Vendor's 503(b)(9) Claim, the Debtors will schedule the matter for a hearing by the Court;

h) To the extent a 503(b)(9) Claim is allowed, such 503(b)(9) Claim will be satisfied pursuant to, and as set forth in, a chapter 11 plan for the Debtors as confirmed by the Court, or as otherwise ordered by the Court after notice and an opportunity for a hearing; provided, that the Debtors reserve the right to exercise any lawful right of setoff against any 503(b)(9) Claim; and

i) Vendors shall be forever barred, without further order of the Court, from asserting 503(b)(9) Claims after the expiration of the 503(b)(9) Claim Filing Deadline, but shall not be barred from asserting any related or unrelated general unsecured claims in accordance with any general unsecured claims bar date established in these Chapter 11 Cases.

3. The Proof of 503(b)(9) Claim Form attached as **Schedule 1** is hereby approved.

4. All Vendors are prohibited from using any other means for the assertion, reconciliation, allowance, resolution, or satisfaction of their 503(b)(9) Claims, including, without limitation, the filing of a motion for allowance, or to compel payment, of any 503(b)(9) Claims.

5. Within five (5) business days of the date of entry of this Order, the Debtors will serve notice of this Order to all parties known to the Debtors to have potential 503(b)(9) Claims.

6. Nothing contained in this Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise any payment made pursuant to this Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

7. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

8. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

**Exhibit A**

**[PROPOSED] Order**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Debtors' Motion to Establish Order Establishing 503(b)(9) Claim Procedures — Exhibit A

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice* ~~pending~~)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice* ~~pending~~)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice* ~~pending~~)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>**- and -**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtor~~s~~. ~~Tax I.D. No. 94-3234914~~<br><br>☐Affects PG&E Corporation<br>☐Affects Pacific Gas and Electric Company<br>☐Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* ~~In re:~~<br><br>~~PACIFIC GAS AND ELECTRIC~~ | Bankruptcy Case ~~Case~~ Nos~~.~~ . 19 -_____30088 (____DM)<br>~~19 -_____(__)~~<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**[PROPOSED] ORDER PURSUANT TO 11 U.S.C. §§ 503(b)(9) AND 105(a) ESTABLISHING PROCEDURES FOR THE ASSERTION, RESOLUTION, AND SATISFACTION OF CLAIMS ASSERTED PURSUANT TO 11 U.S.C. § 503(b)(9)**<br><br>~~Date:~~<br>~~Time:~~<br>~~Place:~~ |

~~DEBTORS' MOTION TO ESTABLISH 503(b)(9) CLAIM PROCEDURES~~

Upon the Motion, dated ~~———~~ January 29, 2019 (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 503(b)(9) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order (i) authorizing the Debtors to establish procedures (the "**Procedures**") for the assertion of unpaid claims pursuant to section 503(b)(9) of the Bankruptcy Code (the "**503(b)(9) Claims**") and the resolution, allowance, and satisfaction thereof, and (ii) prohibiting Vendors from pursuing 503(b)(9) Claims outside the Procedures, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient ~~under the circumstances~~, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration (as amended on February 2, 2019 [Docket No. 263]); and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted as provided herein.

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

2. The following Procedures are the sole and exclusive method for the assertion, resolution, allowance, and satisfaction of 503(b)(9) Claims against the Debtors:[2]

    a) Any Vendor asserting a 503(b)(9) Claim must prepare a proof of claim (a "**Proof of 503(b)(9) Claim**"), substantially in the form annexed as **Schedule 1** hereto (the "**Proof of 503(b)(9) Claim Form**") that sets forth: (i) the value of the Goods the Vendor contends the Debtors received within twenty (20) days prior to the Petition Date; (ii) documentation, including invoices, receipts, bills of lading, and the like, identifying the particular Goods for which the claim is being asserted; (iii) documentation regarding which Debtor the Goods were shipped to, the date the Goods were received by such Debtor, and the alleged value of such Goods; and (iv) a statement indicating (I) whether the value of such Goods listed in the Proof of 503(b)(9) Claim represents a combination of services and Goods, (II) the percentage of value related to services and related to Goods, and (III) whether the Vendor has filed any other claim against any Debtor regarding the Goods underlying its Proof of 503(b)(9) Claim;

    b) All Proofs of 503(b)(9) Claims must be submitted to the Debtors' proposed claims and noticing agent, Prime Clerk LLC ("**Prime Clerk**"), so as to be received no later than the fiftieth (50th) day after the Petition Date (the "**503(b)(9) Claim Filing Deadline**"), either (i) by mail or hand delivery at PG&E Corporation Claims Processing Center c/o Prime Clerk LLC, 850 3rd Avenue, Suite 412, Brooklyn, New York 11232, or (ii) electronically via the interface provided on Prime Clerk's website at http://restructuring.primeclerk.com/PGE/EPOC-index. Proofs of 503(b)(9) Claims sent by facsimile or electronic mail will not be accepted;

    c) The Debtors shall have seventy-five (75) days (or such later date as may be approved by the Court) after the 503(b)(9) Claim Filing Deadline to file with the Court and serve any objections (the "**Objections**") to timely filed 503(b)(9) Claims (the "**Objection Deadline**"), without prejudice to the Debtors' right to set an extension to such Objection Deadline;

    d) Vendors shall have until twenty (20) days after the filing of the applicable Objection to file with the Court and serve ~~on the Notice Parties~~ any replies to such Objections~~;~~ on (i) the United States Trustee for Region 17; (ii) Milbank LLP, as counsel to the Official Committee of Unsecured Creditors; (iii) Baker & Hostetler LLP, as counsel to the Official Committee of Tort Claimants; (iv) counsel to any other statutory committees appointed in these Chapter 11 Cases; and (v) counsel to the agent under the Debtors' debtor-in-possession financing facility;

---

[2] These Procedures shall not apply to any claims that are treated as Operational Integrity Supplier Claims pursuant to the *Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 503(b)(9) and Fed. R. Bankr. P. 6003 and 6004 for Interim and Final Authority to Pay Prepetition Obligations Owed to Certain Safety and Reliability, Outage, and Nuclear Facility Suppliers* or any claims of the Exchange Operators pursuant to the *Motion of Debtors Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364 and Fed. R. Bankr. P. 6003 and 6004 to (a) Honor Prepetition Obligations to Natural Gas and Electricity Exchange Operators, (b) Grant Administrative Expense Claims and Authorize Posting of Collateral to Exchange Operators, Trading Counterparties, and Future Commission Merchants, (c) Modify the Automatic Stay, and (d) Grant Related Relief*.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

e) All timely filed 503(b)(9) Claims will be deemed allowed unless objected to by the Debtors on or before the Objection Deadline;

f) Notwithstanding and without limiting the foregoing, the Debtors are authorized, but not required, to negotiate, in their sole discretion, with any Vendor and to seek an agreement resolving any Objection to such Vendor's 503(b)(9) Claim without the need for any further order by the Court;

g) If the Debtors cannot reach agreement with a Vendor regarding a particular Objection to such Vendor's 503(b)(9) Claim, the Debtors will schedule the matter for a hearing by the Court;

h) To the extent a 503(b)(9) Claim is allowed, such 503(b)(9) Claim will be satisfied pursuant to, and as set forth in, a chapter 11 plan for the Debtors as confirmed by the Court, or as otherwise ordered by the Court after notice and an opportunity for a hearing; provided, that the Debtors reserve the right to exercise any lawful right of setoff against any 503(b)(9) Claim; and

i) Vendors shall be forever barred, without further order of the Court, from asserting 503(b)(9) Claims after the expiration of the 503(b)(9) Claim Filing Deadline, but shall not be barred from asserting any related or unrelated general unsecured claims in accordance with any general unsecured claims bar date established in these Chapter 11 Cases.

3. The Proof of 503(b)(9) Claim Form attached as **Schedule 1** is hereby approved.

4. All Vendors are prohibited from using any other means for the assertion, reconciliation, allowance, resolution, or satisfaction of their 503(b)(9) Claims, including, without limitation, the filing of a motion for allowance, or to compel payment, of any 503(b)(9) Claims.

5. Within five (5) business days of the date of entry of this Order, the Debtors will serve notice of this Order to all parties known to the Debtors to have potential 503(b)(9) Claims.

6. Nothing contained in this Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise any payment made pursuant to this Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

7. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to

create, any rights in favor of or enhance the status of any claim held by, any party.

8.  The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

9.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **