**<u>Exhibit 10</u>**

**Case Management Motion**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    **- and -**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**[PROPOSED] ORDER IMPLEMENTING CERTAIN NOTICE AND CASE MANAGEMENT PROCEDURES** |

ORDER APPROVING CASE MANAGEMENT PROCEDURES

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Upon the Motion, dated February 6, 2019 (the "**Case Management Motion**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 1015(c), 2002(m), and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for an order approving and implementing certain notice, case management, and administrative procedures set forth therein (collectively the "**Case Management Procedures**"), all as more fully set forth in the Case Management Motion; and this Court having jurisdiction to consider the Case Management Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Case Management Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Case Management Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Case Management Motion and the Wells Declaration (as amended on February 2, 2019 [Docket No. 263]); and a hearing having been noticed to consider the relief requested in the Case Management Motion (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Case Management Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and that the legal and factual bases set forth in the Case Management Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Case Management Motion is granted to the extent set forth herein.

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Case Management Motion.

Case: 19-30088    Doc# 654-10    Filed: 02/25/19    Entered: 02/25/19 20:43:58    Page 3 of 30

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

2.      The Case Management Procedures set forth herein are approved and shall govern all aspects of these Chapter 11 Cases, except as otherwise ordered by the Court or agreed to by mutual consent of the parties.

3.      The Debtors' claims and noticing agent (the "**Claims and Noticing Agent**") is authorized to maintain the case website (the "**Case Website**") that it has established, available at https://restructuring.primeclerk.com/pge/, where, among other things, the Case Management Procedures, and also key dates and information about these Chapter 11 Cases, will be posted. Pursuant to the Order Pursuant to 28 U.S.C. § 156(c) Authorizing Retention and Appointment of Prime Clerk LLC as Claims and Noticing Agent [Dkt. No. 245] entered by this Court on February 1, 2019, all proofs of claim filed in these Chapter 11 Cases will be filed with, and retained by, the Claims and Noticing Agent.

## FILING OF DOCUMENTS

4.      All documents filed in these cases, including but not limited to all notices, motions, applications, other requests for relief, and documents filed in support thereof (collectively, the "**Motions**"), objections or responses to Motions ("**Oppositions**"), and replies to Opposition (the "**Replies**," and together with the Motions and Oppositions, the "**Documents**") shall be filed in accordance with Bankruptcy Local Rule 5005-1(c), which governs Electronic Case Filing, on the docket of *In re PG&E Corporation*, Case No. 19-30088 (DM) (the "**Docket**"). Promptly after any Document has been filed electronically, the filer shall deliver chambers copies to the Court in accordance with the procedures available at: http://www.canb.uscourts.gov/procedure/san-francisco/policy-chamber-copies-ecf-filed-documents-san-francisco.

## PARTIES ENTITLED TO SERVICE OF DOCUMENTS

5.      Notwithstanding anything to the contrary in Rule 11-3(e) of the Local Rules of Practice in Civil Procedure before the United States District Court for the Northern District of California,

all Documents shall be served, in the manner described herein, on the following parties (collectively, the "**Standard Parties**"):

i. the Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, PO Box 770000, 77 Beale Street, San Francisco, CA 94105 (Attn: Janet Loduca, Esq.);

ii. Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq., Jessica Liou, Esq., and Matthew Goren, Esq.), proposed attorneys for the Debtors;

iii. Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco, CA 94108 (Attn: Tobias Keller, Esq. and Jane Kim, Esq.), proposed attorneys for the Debtors;

iv. Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038-4982 (Attn: Kristopher M. Hansen, Esq., Erez E. Gilad, Esq., and Matthew G. Garofalo, Esq.) and 2029 Century Park East, Los Angeles, CA 90067-3086 (Attn: Frank A. Merola, Esq.), as counsel for the administrative agent under the Debtors' debtor-in-possession financing facility;

v. Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Eli J. Vonnegut, Esq., David Schiff, Esq., and Timothy Graulich, Esq.), as counsel for the collateral agent under the Debtors' debtor-in-possession financing facility;

vi. Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019-6064 (Attn: Alan W. Kornberg, Esq., Brian S. Hermann, Esq., Walter R. Rieman, Esq., Sean A. Mitchell, Esq., and Neal P. Donnelly, Esq.), as counsel to the California Public Utilities Commission;

vii. the Office of the United States Trustee for Region 17, 450 Golden Gate Avenue, 5th Floor, Suite #05-0153, San Francisco, CA 94102 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.);

viii. U.S. Nuclear Regulatory Commission, Washington, DC 20555-0001 (Attn: General Counsel);

ix. U.S. Department of Justice, 1100 L Street, NW, Room 7106, Washington DC 20005 (Attn: Danielle A. Pham, Esq.,) as counsel for United States on behalf of the Federal Energy Regulatory Commission;

x. Milbank LLP, 55 Hudson Yards, New York, NY 10001-2163 (Attn: Dennis F. Dunne, Esq. and Sam A. Khalil, Esq.) and 2029 Century Park East, 33rd Floor, Los Angeles, CA 90067 (Attn: Paul S. Aronzon, Esq., Gregory A. Bray, Esq., and Thomas R. Kreller, Esq.), as counsel for the Official Committee of Unsecured Creditors (the "**Creditors Committee**");

xi. Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509 (Attn: Eric Sagerman, Esq. and Cecily Dumas, Esq.), as counsel for the Official Committee of Tort Claimants (the "**Tort Claimants Committee**");

Case: 19-30088    Doc# 654-10    Filed: 02/25/19    Entered: 02/25/19 20:43:58    Page 5 of 30

xii. Counsel for any other official committee(s) that may be appointed in these Chapter 11 Cases (together with the Creditors Committee and the Tort Claimants Committee, each an "**Official Committee**"); and

xiii. any person or entity with a particularized interest in the subject matter of a certain Document.

6. In addition to the Standard Parties, Motions, but no other Documents, must be served on all persons and entities that have filed notices of appearance and requested service in these cases pursuant to Bankruptcy Rule 2002 and the Case Management Procedures (the "**Rule 2002 Parties**"). Notwithstanding this Order, Documents filed in adversary proceedings shall be served in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

7. The Claims and Noticing Agent shall maintain a master service list (the "**Master Service List**"), which shall include the Standard Parties and the Rule 2002 Parties. The Master Service List shall contain physical addresses and e-mail addresses. The Claims and Noticing Agent shall use reasonable efforts to update the Master Service List as often as practicable, but in no event less frequently than every thirty (30) days. The Claims and Noticing Agent shall provide a copy of the most up-to-date version of the Master Service List to any party in interest requesting a copy of the same and a copy of the Master Service List shall be posted on the Case Website commencing as of the date that is ten (10) days from the date of this Order.

8. The proceedings with respect to which notice is limited to the Master Service List (including any person or entity with a particularized interest in the subject matter of the Document) shall include all matters covered by Bankruptcy Rule 2002, with the express exception of the following: (i) notices of (a) a meeting of creditors pursuant to section 341 of the Bankruptcy Code, (b) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), and (c) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and a chapter 11 plan; and (ii) notice and transmittal of ballots for accepting or rejecting a chapter 11 plan, which notices shall be given in accordance with Bankruptcy Rule 2002 and other applicable Bankruptcy Rules, unless otherwise ordered by the Court or otherwise prescribed by the Bankruptcy Code.

## METHOD OF SERVICE OF DOCUMENTS

9. The Standard Parties shall serve the Master Service List by U.S. mail, overnight delivery, hand delivery, e-mail, or Notice of Electronic Filing through the CM/ECF system (the choice of the foregoing being in the Debtors' or any Official Committee's sole discretion). Parties other than the Debtors and any Official Committee shall serve Motions on the Master Service List in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules; provided that (i) service by facsimile by such parties shall not be effective; (ii) parties are authorized to serve Rule 2002 Parties by e-mail; provided that if a party entitled to notice of a Motion does not have an e-mail address or an e-mail address is not available, the party shall be served by U.S. mail, overnight delivery, facsimile (if agreed by such party), or hand delivery, the choice of the foregoing being in the sole discretion of the serving party in accordance with the Case Management Procedures; and (iii) any other party may agree to accept service by e-mail.

10. The Rule 2002 Parties shall be deemed to have consented to service by e-mail or ECF and such party shall thereby be served in accordance with the Case Management Procedures unless such party affirmatively opts-out by making a written request to Prime Clerk, the Debtors' claims and noticing agent at PGETeam@primeclerk.com.

11. In addition, further to Bankruptcy Local Rule 9013-3(c), transmission of service by e-mail or the Notification of Electronic Filing by ECF to a Registered Participant (as defined in the Bankruptcy Local Rules) who has consented to electronic service shall constitute effective service on that Registered Participant of all papers filed in these Chapter 11 Cases, except that Documents filed in adversary proceedings shall be served in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

12. If service is authorized and completed by e-mail, paper copies of the Documents shall not be required to be served on interested parties by any other method and e-mail service shall satisfy the Court's rules for service.

13. The time of service, regardless of where service is effected, is deemed to have occurred based on prevailing Pacific Time.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

14.     Service by e-mail shall be effective as of the date and time the Document is sent to the e-mail address provided by a party.

15.     All Documents served by e-mail shall include the entire Document, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials, in "**.pdf**" format, readable by Adobe Acrobat or an equivalent program.  All service by e-mail shall include "**Service by E-mail in PG&E Bankruptcy Case:**" at the beginning of the subject line of the e-mail, followed by a concise description of the Documents being served.  The relevant Document shall either be attached to the e-mail in a format specified above or the e-mail shall contain a link to such filing on the docket maintained by Prime Clerk.  Notwithstanding the foregoing, if a Document cannot be attached to an e-mail (because of its size, technical difficulties, or otherwise), the party serving the Document may, in its sole discretion (i) serve the entire Document by U.S. Mail or overnight delivery, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials or (ii) e-mail the party being served and include a notation that the Document cannot be attached and will be (a) mailed if requested or (b) posted on any website maintained in connection with these Chapter 11 Cases.

## REQUESTING NOTICE

16.     Any creditor, equity interest holder, or party in interest that wishes to receive notice in these cases and is not otherwise entitled to notice pursuant to these Case Management Procedures shall file a notice of appearance and request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b) (a "**Notice of Appearance**").

17.     A Notice of Appearance shall include the following information:  (i) the party's name; (ii) the name of its counsel, if applicable; (iii) an e-mail address at which the requesting party consents to service of all Documents; and (iv) a physical address by which the requesting party may be served by U.S. mail, hand delivery, and overnight delivery.  Notwithstanding Bankruptcy Rules 2002 and 9010(b), no request for service filed in these cases shall have any effect unless the foregoing requirements are satisfied.

18.     Any individual or entity filing a Notice of Appearance who does not maintain and cannot practicably obtain an e-mail address must include in its Notice of Appearance a certification stating the same.  Notice will be provided to these individuals or entities by U.S. mail, overnight delivery,

Case: 19-30088    Doc# 654-10    Filed: 02/25/19    Entered: 02/25/19 20:43:58    Page 8
of 30

or facsimile, in the sole discretion of the serving party in accordance with the Case Management Procedures.

**SCHEDULING OF HEARINGS**

19. The Court will schedule, in consultation with the Debtors, periodic "open calendar" hearings ("**Omnibus Hearings**") at which Motions and other requests for relief shall be heard. Upon scheduling, the Claims and Noticing Agent shall post the dates of the Omnibus Hearings on the Case Website. The Court will schedule additional Omnibus Hearings on request of the Debtors, and, upon scheduling, the Claims and Noticing Agent shall post the date of the Omnibus Hearing on the Case Website. Entities may contact the Claims and Noticing Agent for information concerning all scheduled Omnibus Hearings.

20. Initial scheduling conferences for adversary proceedings shall be scheduled on Omnibus Hearing dates; provided that initial scheduling conferences scheduled in connection with adversary proceedings involving the Debtors shall be set on a date that is at least thirty (30) days after the filing of the complaint.

21. Every complaint initiating an adversary proceeding and every notice of removal pursuant to Bankruptcy Rule 9027 shall be accompanied by a completed Adversary Proceeding Cover Sheet in a form prescribed by the Clerk, as required by Bankruptcy Local Rule 7003-1. Adversary Proceeding Cover Sheets shall be available in the Office of the Bankruptcy Clerk and on the Court's website at www.canb.uscourts.gov. Except as otherwise ordered, motions in adversary proceedings shall be set for briefing on the schedule prescribed in Bankruptcy Local Rule 7007-1. Hearings on Motions filed by a non-Debtor must be scheduled for an Omnibus Hearing except as permitted under the Expedited Relief Procedures (as defined below). Notwithstanding the foregoing, a hearing on Motions filed by a non-Debtor may thereafter be rescheduled by stipulation with the Debtors for a date other than an Omnibus Hearing date through coordination with the Court.

22. If a Document is filed by a non-Debtor party and purports to set a hearing date inconsistent with the Case Management Procedures, the Court shall reschedule the hearing through a minute order on the Docket, for the first available Omnibus Hearing date after the applicable notice

Case: 19-30088    Doc# 654-10    Filed: 02/25/19    Entered: 02/25/19 20:43:58    Page 9 of 30

period has expired and all applicable deadlines to oppose or reply to the Document shall apply to the new hearing date.

23.     If a movant or applicant other than the Debtors determines that a motion or application requires emergency or expedited relief, the movant or applicant shall telephonically contact the Debtors' attorneys requesting that the motion or application be considered on an expedited basis (the "**Expedited Relief Procedures**").  If the Debtors disagree with the movant or applicant's determination regarding the emergency or expedited nature of the relief requested, the movant or applicant shall (i) inform the Court of the disagreement by telephone and thereafter (ii) arrange for a telephonic chambers conference for the Court to determine whether an expedited hearing is necessary.  If the Court determines expedited consideration is necessary, it may set an expedited hearing and any necessary expedited briefing schedule.  The parties shall otherwise comply with Judge Montali's Practices and Procedures, available at the Court's website: (http://www.canb.uscourts.gov/procedure/montali/judge-montalis-practices-and-procedures).

24.     If a Motion to extend the time to take any action is filed consistent with this Order before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, or the provisions of any order entered by this Court, the time shall automatically be extended until the Court acts on the Motion, without the necessity for the entry of a bridge order.

## SCHEDULE FOR FILING DOCUMENTS

25.     Documents filed in these Chapter 11 Cases shall follow the briefing schedules set forth in Bankruptcy Local Rule 9014-1(c), except as expressly modified herein.  Unless ordered by the Court, the objection deadline for all Motions shall be 4:00 p.m. (Prevailing Pacific Time).  Motions in adversary proceedings shall follow the briefing schedule set forth in Bankruptcy Local Rule 7007-1.  The scheduled hearing date for all Motions shall be an Omnibus Hearing date unless otherwise authorized by the Court.

26.     Notwithstanding section 362(e) of the Bankruptcy Code, if a motion for relief from the automatic stay (a "**Stay Relief Motion**") is scheduled, in accordance with this Order, for, or adjourned to, a hearing date that falls on or after the thirtieth (30th) day after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

27.    Notwithstanding anything contained herein or in the Bankruptcy Local Rules to the contrary, in accordance with section 362 of the Bankruptcy Code, Stay Relief Motions shall be noticed for consideration on the Omnibus Hearing Date that is at least twenty-one (21) days after the Stay Relief Motion is filed and notice thereof is served upon the Debtors.  Unless otherwise ordered by the Court, the objection deadline with respect thereto shall be 4:00 p.m. (Prevailing Pacific Time) on the date that is seven (7) calendar days prior to the applicable hearing.

28.    Unless otherwise ordered by the Court, Replies, if any, shall be filed with the Court and served in accordance with these Case Management Procedures on or before 12:00 p.m. (Prevailing Pacific Time) on the day that is two (2) business days prior to the date of the applicable hearing (the "**Reply Deadline**").

29.    Sur-replies shall be not permitted or considered unless authorized by the Court.

30.    Submission of orders shall follow the procedures set forth in Bankruptcy Local Rule 9021-1(c) and the San Francisco Division's procedures for uploading orders.

## HEARING PROCEDURES

31.    The initial hearing on all Motions will not be an evidentiary hearing, unless the Court otherwise directs in advance of the hearing.  If, upon or after the filing of a Motion, any party seeks an evidentiary hearing, such party must confer with all other parties involved to determine whether there is agreement that an evidentiary hearing is appropriate.  In the absence of an agreement, the Court will consider requests for an evidentiary hearing by conference call.  The Court may, upon advance request and for cause shown, order that the initial hearing on a Motion will be an evidentiary hearing. Generally, interests of judicial economy and the absence of disputed material issues of fact will collectively suggest that a non-evidentiary hearing is appropriate on Motions.

32.    Concurrently with any determination that an evidentiary hearing is necessary or desirable, Chambers must be notified with an estimate of expected trial time; parties may be informed that a different return date is necessary if the available time on the requested day is insufficient.  Any

ORDER APPROVING CASE MANAGEMENT
PROCEDURES

Motion noticed as an evidentiary hearing must prominently state, just below the return date in the upper right-hand corner, "Evidentiary Hearing Requested."

33.    A request for relief in a Motion may be granted without a hearing provided that, after the passage of the objection deadline; the movant requests relief by default by following the procedures set forth in B.L.R. 9014-1(b)(4). If the Court does not grant the relief, the Motion will be heard at the originally scheduled hearing; <u>provided</u> that if the Court does not grant the relief requested in a Motion without a hearing, such action shall not constitute an extension of the objection deadline related thereto, unless otherwise agreed between the Debtors and the party seeking relief.

34.    In the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing. In the event the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement. In the event the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Case Management Procedures set forth herein and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

## FORM OF DOCUMENTS

35.    A "**Notice of Hearing**" for every Motion shall be filed in accordance with Bankruptcy Local Rule 9013-1(b)(3) and shall include the following: (i) the title of the Motion; (ii) the parties upon whom any Opposition to the Motion is required to be served; (iii) the date and time of the applicable objection deadline; (iv) the date of the Omnibus Hearing at which the Motion shall be considered by the Court; and (v) a statement that the relief requested may be granted without a hearing if no Opposition is timely filed and served in accordance with these Case Management Procedures.

36.    The applicable objection deadline shall appear below the hearing date on every Notice of Hearing and each Motion and each Opposition thereto.

37.    Nothing in these Case Management Procedures shall prejudice the right of any party to move the Court to request relief under section 107(b) of the Bankruptcy Code to protect any

ORDER APPROVING CASE MANAGEMENT PROCEDURES

11

Case: 19-30088    Doc# 654-10    Filed: 02/25/19    Entered: 02/25/19 20:43:58    Page 12 of 30

entity with respect to a trade secret or confidential research, development, or commercial information or to protect a person with respect to scandalous or defamatory matter contained in a Document filed in these Chapter 11 Cases.

## DISCOVERY AND EVIDENCE

38.     Expedited discovery in contested matters in these Chapter 11 Cases is authorized without further Court order.  This authorization is without prejudice to the rights of any party or witness to seek protective order relief if the time to respond or appear, or the burden of the requested discovery, is unreasonable or for other cause shown.  Parties are expected to work informally and cooperatively to effect any necessary discovery, with due recognition of the time exigencies that are typical in bankruptcy litigation.  Document requests by letter, facsimile (if available), or e-mail (if available) are authorized.

39.     Parties are required in the first instance to resolve discovery and due diligence disputes by negotiation in good faith and, if necessary, a conference call with the Court without submission of papers.  Such calls will not be scheduled until and unless the parties have first tried and failed to resolve the disputed matters themselves.  Parties requesting a conference call shall do so by written request to Chambers with a description of the underlying dispute. Unless otherwise ordered by the Court, no Motion with respect to a discovery or due diligence dispute may be filed unless the parties have first conferred in good faith to resolve it and also sought to resolve the matter by conference call with the Court.

40.     Except as otherwise ordered by the Court for cause shown before the hearing, all direct testimony in contested matters in these Chapter 11 Cases, other than duly designated deposition testimony and testimony by witnesses not under the party's reasonable control, must be submitted by affidavit, and all cross-examination and subsequent examination will be taken live.  Unless otherwise ordered by the Court, all affidavits and any designated testimony must be submitted to the adversary and the Court no later than three (3) full business days before the hearing.

41.     Parties may, if they are so advised, introduce the testimony of witnesses who reasonably can be expected not to be cooperative (such as employees or agents of adversaries) by calling them as adverse witnesses and taking their testimony on "adverse direct."  The Court will generally regard taking direct testimony "live" as appropriate if, but only if, matters of credibility are important in

the particular case, and credibility on direct, as well as after cross-examination, is at issue; the Court generally will regard "live" direct as inappropriate where the bulk of the testimony is historical or involves more than minimal discussion of accounting information or other financial or numerical analysis. In any instances where direct testimony will proceed "live," the proponent(s) of such testimony will be responsible for so advising Chambers in advance and taking such steps (*e.g.*, subpoenas) as are necessary to secure the attendance of any non-cooperating witnesses. The parties shall also meet and confer to agree on the admissibility of as many proposed exhibits as possible and shall submit a joint exhibit book to Chambers no later than three (3) business days before the hearing.

## MISCELLANEOUS

42.    By approximately 12:00 p.m. (Prevailing Pacific Time) on the day before a scheduled hearing, the Debtors shall file a letter (the "**Agenda Letter**") setting forth each matter to be heard at the hearing (the letter may be updated after the initial submission if necessary) and shall deliver a copy of the letter to Chambers, by e-mail or hand delivery, and serve the letter(s), by e-mail or Notice of Electronic Filing: (i) the U.S. Trustee; (iii) counsel to any Official Committee; and (iv) any parties filing Documents to be heard at the hearing; provided that an Agenda Letter shall not be required where the Debtors have less than forty-eight (48) hours' notice of a hearing.

43.    Matters listed on the Agenda Letter shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service.

44.    If a party desires to participate in a hearing by telephone, such party must arrange such telephonic participation with Court Call, adhering to the *San Francisco Division's Procedures for Appearances by Telephone* and this Court's Practices and Procedures. Court staff approval is not required for telephonic appearances in these Chapter 11 Cases, and the 4:00 p.m. telephone reservation deadline is waived.

45.    Any party in interest may seek to amend the Case Management Procedures from time to time throughout these Chapter 11 Cases and shall present such amendments to the Court by notice of presentment in accordance with this Order.

the particular case, and credibility on direct, as well as after cross-examination, is at issue; the Court generally will regard "live" direct as inappropriate where the bulk of the testimony is historical or involves more than minimal discussion of accounting information or other financial or numerical analysis. In any instances where direct testimony will proceed "live," the proponent(s) of such testimony will be responsible for so advising Chambers in advance and taking such steps (*e.g.*, subpoenas) as are necessary to secure the attendance of any non-cooperating witnesses. The parties shall also meet and confer to agree on the admissibility of as many proposed exhibits as possible and shall submit a joint exhibit book to Chambers no later than three (3) business days before the hearing.

## MISCELLANEOUS

42.    By approximately 12:00 p.m. (Prevailing Pacific Time) on the day before a scheduled hearing, the Debtors shall file a letter (the "**Agenda Letter**") setting forth each matter to be heard at the hearing (the letter may be updated after the initial submission if necessary) and shall deliver a copy of the letter to Chambers, by e-mail or hand delivery, and serve the letter(s), by e-mail or Notice of Electronic Filing: (i) the U.S. Trustee; (iii) counsel to any Official Committee; and (iv) any parties filing Documents to be heard at the hearing; provided that an Agenda Letter shall not be required where the Debtors have less than forty-eight (48) hours' notice of a hearing.

43.    Matters listed on the Agenda Letter shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service.

44.    If a party desires to participate in a hearing by telephone, such party must arrange such telephonic participation with Court Call, adhering to the *San Francisco Division's Procedures for Appearances by Telephone* and this Court's Practices and Procedures. Court staff approval is not required for telephonic appearances in these Chapter 11 Cases, and the 4:00 p.m. telephone reservation deadline is waived.

45.    Any party in interest may seek to amend the Case Management Procedures from time to time throughout these Chapter 11 Cases and shall present such amendments to the Court by notice of presentment in accordance with this Order.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

46.     The Debtors may seek to amend the Case Management Procedures from time to time throughout these Chapter 11 Cases and shall present such amendments to the Court by notice of presentment in accordance with this Order.

47.     Within three (3) business days of entry of this Order, the Claims and Noticing Agent shall serve a printed copy of this Order upon all parties on the Master Service List and post a copy of this Order on the Case Website.

48.     To the extent the Case Management Procedures conflict with the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Local Rules, the Case Management Procedures shall govern these Chapter 11 Cases.

49.     This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

** END OF ORDER **

ORDER APPROVING CASE MANAGEMENT
PROCEDURES

14

1  WEIL, GOTSHAL & MANGES LLP
   Stephen Karotkin (*pro hac vice*)
2  (stephen.karotkin@weil.com)
   Jessica Liou (*pro hac vice*)
3  (jessica.liou@weil.com)
   Matthew Goren (*pro hac vice*)
4  (matthew.goren@weil.com)
5  767 Fifth Avenue
   New York, NY 10153-0119
6  Tel: 212 310 8000
7  Fax: 212 310 8007

8  KELLER & BENVENUTTI LLP
   Tobias S. Keller (#151445)
9  (tkeller@kellerbenvenutti.com)
   Jane Kim (#298192)
10 (jkim@kellerbenvenutti.com)
11 650 California Street, Suite 1900
   San Francisco, CA 94108
12 Tel: 415 496 6723
   Fax: 650 636 9251
13
14 *Proposed Attorneys for Debtors
   and Debtors in Possession*

15              **UNITED STATES BANKRUPTCY COURT**

16              **NORTHERN DISTRICT OF CALIFORNIA**

17                 **SAN FRANCISCO DIVISION**

18

19 | Bankruptcy Case
   | No. 19 -30088 (DM)
20 **In re:**
   | Chapter 11
21 **PG&E CORPORATION,**
   | (Lead Case)
22     **- and -**
   | (Jointly Administered)
23 **PACIFIC GAS AND ELECTRIC
   COMPANY,**
   | **[PROPOSED] ORDER IMPLEMENTING
24 | CERTAIN  NOTICE AND CASE
            **Debtors.**  | MANAGEMENT PROCEDURES**

25 ☐ Affects PG&E Corporation       ~~Date:   January 27, 2019~~
26 ☐ Affects Pacific Gas and Electric Company  ~~Time:  9:30 a.m. (Pacific Time)~~
27 ☒ Affects both Debtors           ~~Place:  United States Bankruptcy Court~~
                                    ~~Courtroom 17, 16th Floor~~
                                    ~~San Francisco, CA 94102~~
   *\* All papers shall be filed in the Lead Case,
28 No. 19-30088 (DM).*

~~D~~EBTORS' ~~M~~OTION TO ~~I~~MPLEMENT~~O~~RDER
~~A~~PPROVING ~~C~~ASE ~~M~~ANAGEMENT ~~P~~ROCEDURES—
~~E~~XHIBIT A

Upon the Motion, dated ~~————~~February 6, 2019 (the "**Case Management Motion**"),[1] of

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as

debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned

chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to section 105(a) of title 11 of the United States

Code (the "**Bankruptcy Code**") and Rules 1015(c), 2002(m), and 9007 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**") for an order approving and implementing certain

notice, case management, and administrative procedures set forth therein (collectively the "**Case

Management Procedures**"), all as more fully set forth in the Case Management Motion; and this

Court having jurisdiction to consider the Case Management Motion and the relief requested therein

pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to

Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the

United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**");

and consideration of the Case Management Motion and the requested relief being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§

1408 and 1409; and due and proper notice of the Case Management Motion having been provided to

the parties listed therein, and it appearing that no other or further notice need be provided; and this

Court having reviewed the Case Management Motion and the Wells Declaration (as amended on

February 2, 2019 [Docket No. 263]); and a hearing having been noticed to consider the relief requested

in the Case Management Motion (the "**Hearing**"); and upon the record of the Hearing and all of the

proceedings had before the Court; and this Court having found and determined that the relief sought in

the Case Management Motion is in the best interests of the Debtors, their estates, creditors,

shareholders, and all parties in interest; and that the legal and factual bases set forth in the Case

Management Motion establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Case Management Motion.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1. The Case Management Motion is granted to the extent set forth herein.

2. The Case Management Procedures set forth herein are approved and shall govern all aspects of these Chapter 11 Cases, except as otherwise ordered by the Court or agreed to by mutual consent of the parties.

3. The Debtors' claims and noticing agent (the "**Claims and Noticing Agent**") is authorized to maintain the case website (the "**Case Website**") that it has established, available at https://restructuring.primeclerk.com/pge/, where, among other things, the Case Management Procedures, and also key dates and information about these Chapter 11 Cases, will be posted. Pursuant to the Order Pursuant to 28 U.S.C. § 156(c) Authorizing Retention and Appointment of Prime Clerk LLC as Claims and Noticing Agent [Dkt. No. 245] entered by this Court on February 1, 2019, all proofs of claim filed in these Chapter 11 Cases will be filed with, and retained by, the Claims and Noticing Agent.

## FILING OF DOCUMENTS

4. All documents filed in these cases, including but not limited to all notices, motions, applications, other requests for relief, and documents filed in support thereof (collectively, the "**Motions**"), objections or responses to Motions ("**Oppositions**"), and replies to Opposition (the "**Replies**," and together with the Motions and Oppositions, the "**Documents**") shall be filed in accordance with Bankruptcy Local Rule 5005-1(c), which governs Electronic Case Filing, on the docket of *In re PG&E Corporation*, Case No. 19-30088 (DM) (the "**Docket**"). Promptly after any Document has been filed electronically, the filer shall deliver chambers copies to the Court in accordance with the procedures available at: http://www.canb.uscourts.gov/procedure/san-francisco/policy-chamber-copies-ecf-filed-documents-san-francisco.

## PARTIES ENTITLED TO SERVICE OF DOCUMENTS

5.      Notwithstanding anything to the contrary in Rule 11-3(e) of the Local Rules of Practice in Civil Procedure before the United States District Court for the Northern District of California, all Documents shall be served, in the manner described herein, on the following parties (collectively, the "**Standard Parties**"):

    i.   the Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, PO Box 770000, 77 Beale Street, San Francisco, CA 94105 (Attn:  Janet Loduca, Esq.);

    ii.   Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Stephen Karotkin, Esq., Jessica Liou, Esq., and Matthew Goren, Esq.), proposed attorneys for the Debtors;

    iii.   Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco, CA 94108 (Attn:  Tobias Keller, Esq. and Jane Kim, Esq.), proposed attorneys for the Debtors;

    iv.   Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038-4982 (Attn: Kristopher M. Hansen, Esq., Erez E. Gilad, Esq., and Matthew G. Garofalo, Esq.) and 2029 Century Park East, Los Angeles, CA 90067-3086 (Attn: Frank A. Merola, Esq.), as counsel for the administrative agent under the Debtors' debtor-in-possession financing facility;

    v.   Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Eli J. Vonnegut, Esq., David Schiff, Esq., and Timothy Graulich, Esq.), as counsel for the collateral agent under the Debtors' debtor-in-possession financing facility;

    vi.   Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019-6064 (Attn: Alan W. Kornberg, Esq., Brian S. Hermann, Esq., Walter R. Rieman, Esq.,  Sean A. Mitchell, Esq., and Neal P. Donnelly, Esq.), as counsel to the California Public Utilities Commission;

    vii.   the Office of the United States Trustee for Region 17, 450 Golden Gate Avenue, 5th Floor, Suite #05-0153, San Francisco, CA 94102 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.);

    viii.   ~~vii.~~ U.S. Nuclear Regulatory Commission, Washington, DC  20555-0001 (Attn: General Counsel);

    ix.   ~~viii.~~ U.S. Department of Justice, 1100 L Street, NW, Room 7106,      Washington DC 20005 (Attn: Danielle A. Pham, Esq.,) as counsel for United States on behalf of the Federal Energy Regulatory Commission;

x.  Milbank LLP, 55 Hudson Yards, New York, NY 10001-2163 (Attn: Dennis F. Dunne, Esq. and Sam A. Khalil, Esq.) and 2029 Century Park East, 33rd Floor, Los Angeles, CA 90067 (Attn: Paul S. Aronzon, Esq., Gregory A. Bray, Esq., and Thomas R. Kreller, Esq.), as counsel for the Official Committee of Unsecured Creditors (the "**Creditors Committee**");

xi.  Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509 (Attn: Eric Sagerman, Esq. and Cecily Dumas, Esq.), as counsel for the Official Committee of Tort Claimants (the "**Tort Claimants Committee**");

xii.  ~~ix.~~ Counsel for any other official committee(s) that may be appointed in these Chapter 11 Cases (together with the Creditors Committee and the Tort Claimants Committee, each an "**Official Committee**"); and

xiii.  ~~x.~~ any person or entity with a particularized interest in the subject matter of a certain Document.

6.     In addition to the Standard Parties, Motions, but no other Documents, must be served on all persons and entities that have filed notices of appearance and requested service in these cases pursuant to Bankruptcy Rule 2002 and the Case Management Procedures (the "**Rule 2002 Parties**"). Notwithstanding this Order, Documents filed in adversary proceedings shall be served in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the ~~Local~~ Bankruptcy Local Rules.

7.     The Claims and Noticing Agent shall maintain a master service list (the "**Master Service List**"), which shall include the Standard Parties and the Rule 2002 Parties. The Master Service List shall contain physical addresses and e-mail addresses. The Claims and Noticing Agent shall use reasonable efforts to update the Master Service List as often as practicable, but in no event less frequently than every thirty (30) days. The Claims and Noticing Agent shall provide a copy of the most up-to-date version of the Master Service List to any party in interest requesting a copy of the same and a copy of the Master Service List shall be posted on the Case Website commencing as of the date that is ten (10) days from the date of this Order.

8.     The proceedings with respect to which notice is limited to the Master Service List (including any person or entity with a particularized interest in the subject matter of the Document) shall include all matters covered by Bankruptcy Rule 2002, with the express exception of the following: (i) notices of (a) a meeting of creditors pursuant to section 341 of the Bankruptcy Code, (b) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), and (c) the time

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

5

fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and a chapter 11 plan; and (ii) notice and transmittal of ballots for accepting or rejecting a chapter 11 plan, which notices shall be given in accordance with Bankruptcy Rule 2002 and other applicable Bankruptcy Rules, unless otherwise ordered by the Court or otherwise prescribed by the Bankruptcy Code.

## METHOD OF SERVICE OF DOCUMENTS

9.      The Standard Parties shall serve the Master Service List by U.S. mail, overnight delivery, hand delivery, e-mail, or Notice of Electronic Filing through the CM/ECF system (the choice of the foregoing being in the Debtors' or any Official Committee's sole discretion). Parties other than the Debtors and any Official Committee shall serve ~~Documents~~Motions on the Master Service List in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules; provided that (i) service by facsimile by such parties shall not be effective; (ii) parties are authorized to serve Rule 2002 Parties by e-mail; provided that if a party entitled to notice of a Motion does not have an e-mail address or an e-mail address is not available, the party shall be served by U.S. mail, overnight delivery, facsimile (if agreed by such party), or hand delivery, the choice of the foregoing being in the sole discretion of the serving party in accordance with the Case Management Procedures; and (iii) any other party may agree to accept service by e-mail.

10.      The Rule 2002 Parties shall be deemed to have consented to service by e-mail or ECF and such party shall thereby be served in accordance with the Case Management Procedures unless such party affirmatively opts-out by making a written request to Prime Clerk, the Debtors' claims and noticing agent at PGETeam@primeclerk.com.

11.      In addition, further to Bankruptcy Local Rule 9013-3(c), transmission of service by e-mail or the Notification of Electronic Filing by ECF to a Registered Participant (as defined in the Bankruptcy Local Rules) who has consented to electronic service shall constitute effective service on that Registered Participant of all papers filed in these Chapter 11 Cases, except that Documents filed in adversary proceedings shall be served in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

6

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

12.   10. If service is authorized and completed by e-mail, paper copies of the Documents shall not be required to be served on interested parties by any other method and e-mail service shall satisfy the Court's rules for service.

13.   11. The time of service, regardless of where service is effected, is deemed to have occurred based on prevailing Pacific Time.

14.   12. Service by e-mail shall be effective as of the date and time the Document is sent to the e-mail address provided by a party.

15.   13. All Documents served by e-mail shall include the entire Document, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials, in ".pdf" format, readable by Adobe Acrobat or an equivalent program.  All service by e-mail shall include "**Service by E-mail in PG&E Bankruptcy Case:**" at the beginning of the subject line of the e-mail, followed by a concise description of the Documents being served.  The relevant Document shall either be attached to the e-mail in a format specified above or the e-mail shall contain a link to such filing in such format on the docket maintained by Prime Clerk.  Notwithstanding the foregoing, if a Document cannot be attached to an e-mail (because of its size, technical difficulties, or otherwise), the party serving the Document may, in its sole discretion (i) serve the entire Document by U.S. Mail or overnight delivery, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials or (ii) e-mail the party being served and include a notation that the Document cannot be attached and will be (a) mailed if requested or (b) posted on any website maintained in connection with these Chapter 11 Cases.

14. The Rule 2002 Parties shall be deemed to have consented to service by e-mail or ECF, and such party shall thereby be served in accordance with the Case Management Procedures.

15. In addition, further to Bankruptcy Local Rule 9013-3(c), transmission of the Notification of Electronic Filing by ECF to a Registered Participant (as defined in the Local Bankruptcy Rules) who has consented to electronic service shall constitute effective service on that Registered Participant of all papers filed in these Chapter 11 Cases, except that Documents filed in

~~adversary proceedings shall be served in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.~~

## REQUESTING NOTICE

16.     Any creditor, equity interest holder, or party in interest that wishes to receive notice in these cases and is not otherwise entitled to notice pursuant to these Case Management Procedures shall file a notice of appearance and request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b) (a "**Notice of Appearance**").

17.     A Notice of Appearance shall include the following information:  (i) the party's name; (ii) the name of its counsel, if applicable; (iii) an e-mail address at which the requesting party consents to service of all Documents; and (iv) a physical address by which the requesting party may be served by U.S. mail, hand delivery, and overnight delivery.  Notwithstanding Bankruptcy Rules 2002 and 9010(b), no request for service filed in these cases shall have any effect unless the foregoing requirements are satisfied.

18.     Any individual or entity filing a Notice of Appearance who does not maintain and cannot practicably obtain an e-mail address must include in its Notice of Appearance a certification stating the same.  Notice will be provided to these individuals or entities by U.S. mail, overnight delivery, or facsimile, in the sole discretion of the serving party in accordance with the Case Management Procedures.

8

~~DEBTORS' MOTION TO IMPLEMENT~~ ORDER APPROVING CASE MANAGEMENT PROCEDURES— ~~EXHIBIT A~~

## SCHEDULING OF HEARINGS

19.     The Court will schedule, in consultation with the Debtors, periodic "open calendar" hearings ("**Omnibus Hearings**") at which Motions and other requests for relief shall be heard.  Upon scheduling, the Claims and Noticing Agent shall post the dates of the Omnibus Hearings on the Case Website.  The Court will schedule additional Omnibus Hearings on request of the Debtors, and, upon scheduling, the Claims and Noticing Agent shall post the date of the Omnibus Hearing on the Case Website.  Entities may contact the Claims and Noticing Agent for information concerning all scheduled Omnibus Hearings.

20.     Initial scheduling conferences for adversary proceedings shall be scheduled on Omnibus Hearing dates; provided that initial scheduling conferences scheduled in connection with adversary proceedings involving the Debtors shall be set on a date that is at least thirty (30) days after the filing of the complaint.

21.     Every complaint initiating an adversary proceeding and every notice of removal pursuant to Bankruptcy Rule 9027 shall be accompanied by a completed Adversary Proceeding Cover Sheet in a form prescribed by the Clerk, as required by Bankruptcy Local Rule 7003-1. Adversary Proceeding Cover Sheets shall be available in the Office of the Bankruptcy Clerk and on the Court's website at www.canb.uscourts.gov.  Except as otherwise ordered, motions in adversary proceedings shall be set for briefing on the schedule prescribed in Bankruptcy Local Rule 7007-1. Hearings on Motions filed by a non-Debtor must be scheduled for an Omnibus Hearing except as permitted under the Expedited Relief Procedures (as defined below).  Notwithstanding the foregoing, a hearing on Motions filed by a non-Debtor may thereafter be rescheduled by stipulation with the Debtors for a date other than an Omnibus Hearing date through coordination with the Court.

22.     If a Document is filed by a non-Debtor party and purports to set a hearing date inconsistent with the Case Management Procedures, the Court shall reschedule the hearing through a minute order on the Docket, for the first available Omnibus Hearing date after the applicable notice period has expired and all applicable deadlines to oppose or reply to the Document shall apply to the new hearing date.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

23.      If a movant or applicant other than the Debtors determines that a motion or application requires emergency or expedited relief, the movant or applicant shall telephonically contact the Debtors' attorneys requesting that the motion or application be considered on an expedited basis (the "**Expedited Relief Procedures**").  If the Debtors disagree with the movant or applicant's determination regarding the emergency or expedited nature of the relief requested, the movant or applicant shall (i) inform the Court of the disagreement by telephone and thereafter (ii) arrange for a telephonic chambers conference for the Court to determine whether an expedited hearing is necessary. If the Court determines expedited consideration is necessary, it may set an expedited hearing and any necessary expedited briefing schedule.  The parties shall otherwise comply with Judge Montali's Practices and Procedures, available at the Court's website: (http://www.canb.uscourts.gov/procedure/montali/judge-montalis-practices-and-procedures).

24.      If a Motion to extend the time to take any action is filed consistent with this Order before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, or the provisions of any order entered by this Court, the time shall automatically be extended until the Court acts on the Motion, without the necessity for the entry of a bridge order.

## SCHEDULE FOR FILING DOCUMENTS

25.      Documents filed in these Chapter 11 Cases shall follow the briefing schedules set forth in Bankruptcy Local Rule 9014-1(c), except as expressly modified herein.  Unless ordered by the Court, the objection deadline for all Motions shall be 4:00 p.m. (Prevailing Pacific Time).  Motions in adversary proceedings shall follow the briefing schedule set forth in Bankruptcy Local Rule 7007-1. The scheduled hearing date for all Motions shall be an Omnibus Hearing date unless otherwise authorized by the Court.

26.      Notwithstanding section 362(e) of the Bankruptcy Code, if a motion for relief from the automatic stay (a "**Stay Relief Motion**") is scheduled, in accordance with this Order, for, or adjourned to, a hearing date that falls on or after the thirtieth (30th) day after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the

automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

27.  Notwithstanding anything contained herein or in the Bankruptcy Local Rules to the contrary, in accordance with section 362 of the Bankruptcy Code, Stay Relief Motions shall be noticed for consideration on the Omnibus Hearing Date that is at least twenty-one (21) days after the Stay Relief Motion is filed and notice thereof is served upon the Debtors. Unless otherwise ordered by the Court, the objection deadline with respect thereto shall be 4:00 p.m. (Prevailing Pacific Time) on the date that is seven (7) calendar days prior to the applicable hearing.

28.  Unless otherwise ordered by the Court, Replies, if any, shall be filed with the Court and served in accordance with these Case Management Procedures on or before 12:00 p.m. (Prevailing Pacific Time) on the day that is two (2) business days prior to the date of the applicable hearing (the "**Reply Deadline**").

29.  Sur-replies shall be not permitted or considered unless authorized by the Court.

30.  Submission of orders shall follow the procedures set forth in Bankruptcy Local Rule 9021-1(c) and the San Francisco Division's procedures for uploading orders.

## HEARING PROCEDURES

31.  The initial hearing on all Motions will not be an evidentiary hearing, unless the Court otherwise directs in advance of the hearing. If, upon or after the filing of a Motion, any party seeks an evidentiary hearing, such party must confer with all other parties involved to determine whether there is agreement that an evidentiary hearing is appropriate. In the absence of an agreement, the Court will consider requests for an evidentiary hearing by conference call. The Court may, upon advance request and for cause shown, order that the initial hearing on a Motion will be an evidentiary hearing. Generally, interests of judicial economy and the absence of disputed material issues of fact will collectively suggest that a non-evidentiary hearing is appropriate on Motions.

32.  Concurrently with any determination that an evidentiary hearing is necessary or desirable, Chambers must be notified with an estimate of expected trial time; parties may be informed

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

11

that a different return date is necessary if the available time on the requested day is insufficient.  Any Motion noticed as an evidentiary hearing must prominently state, just below the return date in the upper right-hand corner, "Evidentiary Hearing Requested."

33.     A request for relief in a Motion may be granted without a hearing provided that, after the passage of the objection deadline; the movant requests relief by default by following the procedures set forth in B.L.R. 9014-1(b)(4).  If the Court does not grant the relief, the Motion will be heard at the originally scheduled hearing; _provided_ that if the Court does not grant the relief requested in a Motion without a hearing, such action shall not constitute an extension of the objection deadline related thereto, unless otherwise agreed between the Debtors and the party seeking relief.

34.     In the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing.  In the event the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.  In the event the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Case Management Procedures set forth herein and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

## FORM OF DOCUMENTS

35.     A "**Notice of Hearing**" for every Motion shall be filed in accordance with Bankruptcy Local Rule 9013-1(b)(3) and shall include the following:  (i) the title of the Motion; (ii) the parties upon whom any Opposition to the Motion is required to be served; (iii) the date and time of the applicable objection deadline; (iv) the date of the Omnibus Hearing at which the Motion shall be considered by the Court; and (v) a statement that the relief requested may be granted without a hearing if no Opposition is timely filed and served in accordance with these Case Management Procedures.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

36.     The applicable objection deadline shall appear below the hearing date on every Notice of Hearing and each Motion and each Opposition thereto.

37.     Nothing in these Case Management Procedures shall prejudice the right of any party to move the Court to request relief under section 107(b) of the Bankruptcy Code to protect any entity with respect to a trade secret or confidential research, development, or commercial information or to protect a person with respect to scandalous or defamatory matter contained in a Document filed in these Chapter 11 Cases.

## DISCOVERY AND EVIDENCE

38.     Expedited discovery in contested matters in these Chapter 11 Cases is authorized without further Court order.  This authorization is without prejudice to the rights of any party or witness to seek protective order relief if the time to respond or appear, or the burden of the requested discovery, is unreasonable or for other cause shown.  Parties are expected to work informally and cooperatively to effect any necessary discovery, with due recognition of the time exigencies that are typical in bankruptcy litigation.  Document requests by letter, facsimile (if available), or e-mail (if available) are authorized.

39.     Parties are required in the first instance to resolve discovery and due diligence disputes by negotiation in good faith and, if necessary, a conference call with the Court without submission of papers.  Such calls will not be scheduled until and unless the parties have first tried and failed to resolve the disputed matters themselves.  Parties requesting a conference call shall do so by written request to Chambers with a description of the underlying dispute. Unless otherwise ordered by the Court, no Motion with respect to a discovery or due diligence dispute may be filed unless the parties have first conferred in good faith to resolve it and also sought to resolve the matter by conference call with the Court.

40.     Except as otherwise ordered by the Court for cause shown before the hearing, all direct testimony in contested matters in these Chapter 11 Cases, other than duly designated deposition testimony and testimony by witnesses not under the party's reasonable control, must be submitted by affidavit, and all cross-examination and subsequent examination will be taken live.  Unless otherwise

ordered by the Court, all affidavits and any designated testimony must be submitted to the adversary and the Court no later than three (3) full business days before the hearing.

41.  Parties may, if they are so advised, introduce the testimony of witnesses who reasonably can be expected not to be cooperative (such as employees or agents of adversaries) by calling them as adverse witnesses and taking their testimony on "adverse direct."  The Court will generally regard taking direct testimony "live" as appropriate if, but only if, matters of credibility are important in the particular case, and credibility on direct, as well as after cross-examination, is at issue; the Court generally will regard "live" direct as inappropriate where the bulk of the testimony is historical or involves more than minimal discussion of accounting information or other financial or numerical analysis.  In any instances where direct testimony will proceed "live," the proponent(s) of such testimony will be responsible for so advising Chambers in advance and taking such steps (*e.g.*, subpoenas) as are necessary to secure the attendance of any non-cooperating witnesses.  The parties shall also meet and confer to agree on the admissibility of as many proposed exhibits as possible and shall submit a joint exhibit book to Chambers no later than three (3) business days before the hearing.

## MISCELLANEOUS

42.  By approximately 12:00 p.m. (Prevailing Pacific Time) on the day before a scheduled hearing, the Debtors shall file a letter (the "**Agenda Letter**") setting forth each matter to be heard at the hearing (the letter may be updated after the initial submission if necessary) and shall deliver a copy of the letter to Chambers, by e-mail or hand delivery, and serve the letter(s), by e-mail or Notice of Electronic Filing: (i) the U.S. Trustee; (iii) counsel ~~for~~to any Official Committee; and (iv) any parties filing Documents to be heard at the hearing; <u>provided</u> that an Agenda Letter shall not be required where the Debtors have less than forty-eight (48) hours' notice of a hearing.

43.  Matters listed on the Agenda Letter shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service.

44.  If a party desires to participate in a hearing by telephone, such party must arrange such telephonic participation with Court Call, adhering to the *San Francisco Division's Procedures for Appearances by Telephone* and this Court's Practices and Procedures.  Court staff

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

14

DEBTORS' MOTION TO IMPLEMENT ORDER APPROVING CASE MANAGEMENT PROCEDURES—EXHIBIT A

Case: 19-30088   Doc# 654-10   Filed: 02/25/19   Entered: 02/25/19 20:43:58   Page 29 of 30

approval is not required for telephonic appearances in these Chapter 11 Cases, and the 4:00 p.m. telephone reservation deadline is waived.

45.     Any party in interest may seek to amend the Case Management Procedures from time to time throughout these Chapter 11 Cases and shall present such amendments to the Court by notice of presentment in accordance with this Order.

46.     The Debtors may seek to amend the Case Management Procedures from time to time throughout these Chapter 11 Cases and shall present such amendments to the Court by notice of presentment in accordance with this Order.

47.     Within three (3) business days of entry of this Order, the Claims and Noticing Agent shall serve a printed copy of this Order upon all parties on the Master Service List and post a copy of this Order on the Case Website.

48.     To the extent the Case Management Procedures conflict with the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Local Rules, the Case Management Procedures shall govern these Chapter 11 Cases.

49.     This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

## ** END OF ORDER **