

Signed and Filed: February 27, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)|
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>   - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>              Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105, 362, 363, AND 364 AND FED. R. BANKR. P. 6003 AND 6004 AUTHORIZING DEBTORS TO (A) HONOR PREPETITION OBLIGATIONS TO NATURAL GAS AND ELECTRICITY EXCHANGE OPERATORS, (B) GRANT ADMINISTRATIVE EXPENSE CLAIMS AND AUTHORIZE POSTING OF COLLATERAL TO EXCHANGE OPERATORS, TRADING COUNTERPARTIES, AND FUTURE COMMISSION MERCHANTS, (C) MODIFY THE AUTOMATIC STAY, AND (D) GRANT RELATED RELIEF** |

Upon the Motion, dated January 29, 2019 (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105, 362, 363, and 364 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for interim and final authority to (i) pay all outstanding Prepetition Exchange Obligations owed to the Exchange Operators, under those certain Prepetition Exchange Agreements, in the ordinary course as they come due, (ii) provide the Exchange Operators with administrative expense claims on account of all Postpetition Exchange Obligations, (iii) confirm the existing liens and security interests of the Exchange Operators in their collateral and authorize the Utility to pledge additional collateral to the Exchange Operators in the form of cash, letters of credit and/or other forms of collateral acceptable to the parties on account of all Exchange Obligations, (iv) permit the Trading Counterparties to apply existing cash collateral to their prepetition obligations and authorize the Utility to provide cash collateral for postpetition obligations to Trading Counterparties, (v) provide cash or other collateral to the Future Commission Merchants, and (vi) modify the automatic stay under section 362 of the Bankruptcy Code to the extent necessary to allow the (A) Exchange Operators to exercise the Trade Setoff and to apply collateral and the proceeds thereof and settle transactions, whether undertaken with respect to collateral or obligations that arose, and whether such collateral and proceeds were posted or arose, prior to or after the Petition Date, and, upon default, exercise their rights, in each case under and in accordance with the terms of the agreements and tariffs that govern the relationship between the Exchange Operators and the Utility, and (B) Trading Counterparties to exercise any valid right to setoff, settle or recoup any mutual obligations owing by the Utility to such Trading Counterparties, and to apply cash collateral to prepetition obligations, notwithstanding any limits otherwise imposed by section 553 of the Bankruptcy Code, and (vii) grant related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C.

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

§§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration (as amended on February 2, 2019 [Docket No. 263]); and this Court having held hearings to consider the relief requested in the Motion on an interim and final basis; and this Court having previously entered an order granting interim relief with respect to the Motion [Docket No. 215]; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on a final basis, as provided herein.

2. The Utility is authorized, but not directed, to pay or otherwise satisfy all Exchange Obligations owing to the Exchange Operators pursuant to the Prepetition Exchange Agreements in the ordinary course and consistent with such parties' prepetition practices including the payment of any Prepetition Exchange Obligations (taking into account all authorized and available setoffs or netting, and all applications of Exchange Collateral, as authorized or provided for under the Prepetition Exchange Agreements), without regard to whether such obligations accrued or became due and owing, and without regard to whether such Exchange Collateral was posted, prior to, on, or following, the Petition Date.

3. All postpetition transactions and obligations between the Utility and the Exchange Operators shall be made or withheld and undertaken in accordance with the terms of the Prepetition

Exchange Agreements and all postpetition invoices shall be paid in accordance with the terms of the applicable Prepetition Exchange Agreement (taking into account all authorized and available setoffs or netting and other rights as authorized or provided for under the Prepetition Exchange Agreements).

4. The Exchange Operators shall be entitled to receive and retain existing Exchange Collateral and demand additional Exchange Collateral, and the Utility shall be authorized to post any and all cash and other forms of credit support and financial security authorized under or approved by the applicable Prepetition Exchange Agreements, or as otherwise mutually agreed to by the Utility and the Exchange Operators, and the Utility shall be authorized to prepay Exchange Obligations. All such cash and other forms of credit support and financial security and all proceeds thereof shall be considered Exchange Collateral for purposes of this Final Order. For the avoidance of doubt, the total Exchange Collateral posted in favor of the Exchange Operators will include Exchange Collateral provided by the Utility to the Exchange Operators prior to and following the Petition Date. Requests for financial security in excess of the amounts required by or under the applicable Prepetition Exchange Agreement shall be processed, and excess amounts of collateral returned to the Utility, in accordance with the terms set forth therein. To the extent not otherwise effected in any Prepetition Exchange Agreement, the Exchange Operators are hereby granted, and shall have, pursuant to section 364(c)(2) and/or section 364(d) of the Bankruptcy Code, as applicable, first-priority liens on and security interests in all Exchange Collateral previously or hereafter provided to them in accordance with the Prepetition Exchange Agreements, and the creation, perfection, and priority of such liens and security interests shall not require any further action of the Exchange Operators or any other person or entity and shall not be impaired or otherwise affected by any existing liens or security interests of any other person or entity or by any debtor-in-possession financing obtained by the Utility, any rights granted to any lender, agent, or other secured party in connection with any debtor-in-possession financing, or any order of the Court in connection with any debtor-in-possession financing.

5. The Exchange Operators shall have an Administrative Expense Claim in the Chapter 11 Cases under section 507(a) of the Bankruptcy Code for all Postpetition Exchange Obligations.

6. For the avoidance of doubt, the Exchange Operators are authorized to setoff, settle or recoup any Exchange Obligations owing by the Utility to the Exchange Operators and to apply Exchange Collateral to satisfy any obligations of the Utility, in accordance with the terms of the applicable Prepetition Exchange Agreement, whether such obligations or collateral relate to the periods prior to after the Petition Date, notwithstanding any limits otherwise imposed by section 553 of the Bankruptcy Code.

7. As used in this Final Order, "Trading Counterparties" refers to the Utility's counterparties in gas and electricity markets and exchanges other than the Exchanges, including buyers or sellers of natural gas, natural gas transportation providers, natural gas storage providers, gas fired electric generators, electric transmission and distribution services providers, energy storage providers, renewable electric generators, RPS shaping and firming providers, buyers and sellers of the Utility's resource adequacy and renewable energy products, and buyers and sellers of greenhouse gas compliance instruments or low carbon fuel credits pursuant to the California Air Resources Board's regulations.

8. The Trading Counterparties are authorized to exercise any valid right to setoff, settle or recoup any obligations owing by the Utility to the Trading Counterparties, and to apply cash or other collateral to outstanding obligations, notwithstanding any limits otherwise imposed by section 553 of the Bankruptcy Code. The Trading Counterparties may hold any excess cash or other collateral as security for any postpetition obligations and the Utility is authorized to enter into new transactions with Trading Counterparties consistent with past practice and to provide additional cash or other collateral to the Trading Counterparties in connection with such postpetition transactions.

9. The Utility shall be authorized, but not directed, to pay amounts or post funds to the Future Commission Merchants in connection with the Prepetition FCM Agreements in the ordinary course of business on a postpetition basis in an amount not to exceed $15 million.

10. Notwithstanding anything herein to the contrary, the Exchange Operators shall have all rights and remedies provided under the Prepetition Exchange Agreements or applicable law in the case of nonpayment by the Utility, including closing out of open transactions, application of collateral, cessation of service, set off or recoupment rights, and such other remedies as provided under the terms

of the Prepetition Exchange Agreements, and the automatic stay pursuant to section 362(a) of the Bankruptcy Code is expressly waived to allow the Exchange Operators to exercise such rights and remedies without having to seek any further relief from the Bankruptcy Court and to take all actions to validate and perfect the liens and security interests granted by the Utility in the Exchange Collateral.

11. Notwithstanding anything contained in the Motion, the relief granted in this Final Order, and any actions taken pursuant to such relief, the Debtors shall reserve: (i) all rights to object to a claim or assertion by any party that any of the Prepetition Exchange Agreements are governed by section 546, 555, 556, and/or 559 of the Bankruptcy Code or that such provisions in any way apply to such agreements; and (ii) all rights (including, without limitation, any right of setoff, settlement, or recoupment), claims, counterclaims, and defenses in any way relating to the Exchange Obligations or the Prepetition Exchange Agreements.

12. Nothing contained in this Final Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise any payment made pursuant to this Final Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

13. On or before the 30th day of each calendar month, the Debtors shall provide a report of the collateral posted in the previous month pursuant to this Motion to (i) United States Trustee for Region 17; (ii) Milbank LLP, as counsel to the Official Committee of Unsecured Creditors; (iii) Baker & Hostetler LLP, as counsel to the Official Committee of Tort Claimants; (iv) counsel to any other statutory committees appointed in these Chapter 11 Cases; and (v) counsel to the agent under the Debtors' debtor-in-possession financing facility to the current list of parties entitled to receive reports of collateral postings.

14. Notwithstanding entry of this Final Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

15. The requirements of Bankruptcy Rules 4001(d) and 6004(a) have been satisfied.

16. Notwithstanding the provisions of Bankruptcy Rules 4001(a)(2) and 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

17. The Debtors are authorized to take all steps necessary or appropriate to carry out this Final Order.

18. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

** END OF ORDER **

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119