

Signed and Filed: February 27, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>        - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                                    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), AND 507 AND FED. R. BANKR. P. 6003 AND 6004 AUTHORIZING DEBTORS TO (I) PAY PREPETITION WAGES, SALARIES, WITHHOLDING OBLIGATIONS AND OTHER COMPENSATION AND BENEFITS; (II) MAINTAIN EMPLOYEE WAGE AND BENEFITS PROGRAMS; AND (III) PAY RELATED ADMINISTRATIVE OBLIGATIONS** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Upon the Motion, dated January 29, 2019 (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105(a), 363(b), and 507(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for interim and final authority to (i) pay, in their sole discretion, all prepetition amounts required under or related to the Prepetition Employee Obligations; (ii) continue their Employee Wage and Benefits Programs as such were in effect as of the date hereof and as such may be modified, amended, or supplemented from time to time in the ordinary course of the Debtors' businesses, and (iii) honor and pay all Employee Program Administrative Obligations, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration (as amended on February 2, 2019 [Docket No. 263]); and this Court having held hearings to consider the relief requested in the Motion on an interim and final basis; and this Court having previously entered an order granting interim relief with respect to the Motion [Docket No. 210] (the "**Interim Order**"); and this Court also having previously entered an order confirming the interim relief granted in the Interim Order [Docket No. 439] (the "**Additional Order**"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on a final basis, as provided herein.

2. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363(b), and 507(a) of the Bankruptcy Code, to pay all Prepetition Employee Obligations, including, without limitation, all such obligations under or relating to the Debtors' Compensation Obligations, Employee Incentive and Retention Programs, Reimbursable Expenses, Withholding Obligations, Payroll Maintenance Fees, Severance Programs, Employee Benefits Programs, and Supplemental Workforce Obligations (which in each of the foregoing cases includes, without limitation, all Employee Program Administrative Obligations arising thereunder or related thereto), that are due and payable and relate to the period prior to the Petition Date, in accordance with the Debtors' ordinary course of conduct and consistent with the Debtors' prepetition practices.

3. Without limiting the foregoing, the Debtors are authorized, but not directed, to pay all "cash out" amounts due or that may become due with respect to accrued but unused vacation, to pay all contributions to the 401(k) Plan withheld from Employees' paychecks and all prepetition 401(k) Matching Obligations and administrative fees, to transfer all withheld amounts and to continue to withhold amounts on account of the Flexible Spending Account Contributions, to transfer such amounts to the Flexible Spending Account Administrators in the ordinary course of business, and to continue to withhold amounts on account of the Voluntary AD&D Insurance Plan and to transfer such amounts withheld to the Life Insurance Administrator in the ordinary course of business, including all prepetition amounts withheld on account of the Voluntary AD&D Insurance Plan.

4. The Debtors are further authorized, but not directed, pursuant to sections 105(a), 363(b), and 507 of the Bankruptcy Code, to maintain and continue to administer, in their sole discretion, their Employee Wage and Benefits Programs as such were in effect as of the commencement of these Chapter

11 Cases and as such may be modified or supplemented from time to time in the ordinary course of business, and to pay all obligations in connection with such programs in the ordinary course of business, except as ordered otherwise herein.

5. Notwithstanding anything herein to the contrary, during the pendency of the Chapter 11 Cases, the Debtors shall not, absent further order of the Court, make any payments under the Severance Programs or any of the Employee Incentive Programs to any of the Insiders.

6. The Debtors are authorized to pay and otherwise honor all Reimbursable Expenses in the ordinary course, as and when due; provided, that the Debtors shall not accelerate payment of any Reimbursable Expenses prior to the respective payment date.

7. The Debtors are further authorized, but not directed, to pay all Outstanding Compensation and Additional Relocation Payments (each as defined and as provided in the Additional Order) that are due and payable and relate to the period prior to the Petition Date.

8. Banks and financial institutions are authorized, but not directed, at the Debtors' request, to receive, process, honor and pay, to the extent of funds on deposit, any and all checks issued or to be issued or electronic funds transfers requested or to be requested by the Debtors relating to the Prepetition Employee Obligations, including the Employee Program Administrative Expenses, the Outstanding Compensation, and Additional Relocation Payments.

9. The Debtors are authorized, but not directed, to issue new postpetition checks or effect new electronic funds transfers on account of the Prepetition Employee Obligations, including the Employee Program Administrative Expenses, the Outstanding Compensation, and Additional Relocation Payments, to replace any prepetition checks or electronic funds transfer requests that may be lost, dishonored, or rejected as a result of the commencement of the Chapter 11 Cases.

10. Nothing contained in this Final Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1  Code. Likewise any payment made pursuant to this Final Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

11. The relief requested in the Motion with respect to the STIP Awards is hereby withdrawn, <u>provided</u>, <u>however</u>, that the objection of the Engineers and Scientists of California, IFPTE Local 20 ("**ESC Local 20**"), solely as it relates to STIP Awards for members of ESC Local 20, is preserved and shall be heard at the hearing to be held on **March 13, 2019**, at **9:30 a.m. (Pacific Time)**.

12. Notwithstanding entry of this Final Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

13. The requirements of Bankruptcy Rules 4001(d) and 6004(a) have been satisfied.

14. Notwithstanding the provisions of Bankruptcy Rules 4001(a)(2) and 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all steps necessary or appropriate to carry out this Final Order.

16. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

APPROVED AS TO FORM AND CONTENT:

Dated: February 27, 2019

WEINBERG, ROGER & ROSENFLED
A Professional Corporation

*/s/ Emily P. Rich*
EMILY P. RICH

*Attorneys for Engineers and Scientists of California, Local 20, IFPTE*

** END OF ORDER **