**Entered on Docket**
**February 28, 2019**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: February 27, 2019

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

1  WEIL, GOTSHAL & MANGES LLP
   Stephen Karotkin (*pro hac vice*)
2  (stephen.karotkin@weil.com)
   Jessica Liou (*pro hac vice*)
3  (jessica.liou@weil.com)
   Matthew Goren (*pro hac vice*)
4  (matthew.goren@weil.com)
   767 Fifth Avenue
5  New York, NY 10153-0119
   Tel: 212 310 8000
6  Fax: 212 310 8007
7
   KELLER & BENVENUTTI LLP
8  Tobias S. Keller (#151445)
   (tkeller@kellerbenvenutti.com)
9  Jane Kim (#298192)
   (jkim@kellerbenvenutti.com)
10 650 California Street, Suite 1900
   San Francisco, CA 94108
11 Tel: 415 496 6723
   Fax: 650 636 9251
12

*Proposed Attorneys for Debtors
and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>   - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                                **Debtors.**<br><br>☐   Affects PG&E Corporation<br>☐   Affects Pacific Gas and Electric Company<br>☒   Affects both Debtors<br><br>\* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 327, 328, AND 330 AUTHORIZING THE DEBTORS TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS *NUNC PRO TUNC* TO THE PETITION DATE** |

Upon the Motion, dated February 6, 2019 (the "**Motion**"),[1] of PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (together, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105(a), 327, 328, and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing, but not directing, the Debtors to (i) establish certain procedures to retain and compensate those professionals that the Debtors employ in the ordinary course of business (collectively, the "**Ordinary Course Professionals**"), effective as of the Petition Date, without (a) the submission of separate retention applications or (b) the issuance of separate retention orders by the Court for each individual Ordinary Course Professional; and (ii) compensate and reimburse Ordinary Course Professionals without individual fee applications, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration (as amended on February 2, 2019 [Docket No. 263]); and this Court having held a hearing on the Motion; and this Court having overruled the objection to the Motion filed by the U.S. Trustee [Docket No. 602] to the extent not consensually resolved with the Debtors; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest;

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. The Debtors are authorized, but not directed, to employ the Ordinary Course Professionals listed on **Exhibit 1** hereto in the ordinary course of their business in accordance with the terms of any existing engagement letter(s) and subject to the following procedures (the "**Procedures**"), *nunc pro tunc* to the Petition Date:

   (i) Within thirty (30) days after the later of (a) the entry of this Order and (b) the date on which an Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional will provide the following to the Debtors' attorneys: (1) a declaration (the "**OCP Declaration**"), substantially in the form annexed hereto as **Exhibit 2**, certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which such professional is to be employed, and (2) a completed retention questionnaire (the "**Retention Questionnaire**"), substantially in the form annexed hereto **Exhibit 3**.

   (ii) Upon receipt of a completed OCP Declaration and Retention Questionnaire, the Debtors will file the same with the Court and serve copies on (a) the United States Trustee for Region 17 (the "**U.S. Trustee**"), (b) Milbank LLP, as counsel to the Official Committee of Unsecured Creditors, (c) Baker & Hostetler LLP, as counsel to the Official Committee of Tort Claimants, (d) counsel to any other statutory committees appointed in these Chapter 11 Cases (collectively, the "**Committees**"), and (e) counsel for the agent under the Debtors' debtor-in-possession financing facility (collectively, the "**Reviewing Parties**").

   (iii) If a party wishes to object to the retention of an Ordinary Course Professional, such party shall, within fifteen (15) days after the filing of the applicable OCP Declaration (the "**Retention Objection Deadline**"), file with the Court and serve on (a) the attorneys for the Debtors and (b) the relevant Ordinary Course Professional (together, the "**Objection Recipients**") a written objection stating, with specificity, the legal and/or factual bases for such objection. If no objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients before the Retention Objection Deadline, the retention and employment of such professional shall be deemed approved without further order of the Court.

   (iv) If a timely objection to the retention of any Ordinary Course Professional is filed with the Court and served on the Objection Recipients, and such objection cannot be resolved within fourteen (14) days after the Retention Objection Deadline, the Debtor will file a notice of hearing and schedule the matter for adjudication by the Court at the next available hearing that is at least seven (7) days from the date of such notice.

(v)     No Ordinary Course Professional may be paid any amount for invoiced fees and expenses until the Ordinary Course Professional has been retained in accordance with these Procedures.

(vi)     The Debtors are authorized to retain an Ordinary Course Professional and to compensate such Ordinary Course Professional, without formal application to the Court, 100% of the fees and reimburse 100% of the expenses incurred upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtors' right to dispute any such invoices); provided, however, that the Ordinary Course Professional's total compensation and reimbursements will not exceed $100,000 for each month starting from the first full month following the Petition Date (the "**Monthly Cap**").

(vii)     To the extent an Ordinary Course Professional's total compensation and reimbursements are less than the OCP Monthly Cap, the amount by which such compensation and reimbursements are below the OCP Monthly Cap may be carried over to successive periods, subject at all times to the OCP Annual Cap (as defined below).

(viii)     In the event that an Ordinary Course Professional's fees and expenses exceed the OCP Monthly Cap for any month during these Chapter 11 Cases, (a) the Debtors may pay the Ordinary Course Professional's fees and expenses owed for such month up to the OCP Monthly Cap; and (b) for each such month, the Ordinary Course Professional will file with the Court a fee application, to be heard on notice, for the full amount of its fees and expenses for such month and apply for compensation and reimbursement in compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California*, dated February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**UST Guidelines**" and, together with the Local Guidelines, collectively, the '**Fee Guidelines**"), and all orders of the Court.

(ix)     Payment to any one Ordinary Course Professional shall not exceed $1,000,000 for any twelve-month period in which these Chapter 11 Cases are pending (the "**OCP Annual Cap**"), subject to further order of the Court. In the event that an Ordinary Course Professional's fees and expenses exceed the OCP Annual Cap, such Ordinary Course Professional shall be required to file a separate retention application to be retained as a professional pursuant to section 327 of the Bankruptcy Code (which application may seek to be effective *nunc pro tunc* to the Petition Date). The OCP Annual Cap may be increased by mutual agreement between the Debtors and the U.S. Trustee; provided that the Debtors shall file a notice with the Court of any such agreed increase.

(x)     Within thirty (30) days of the end of each quarterly period, the Debtors will file a statement with the Court and serve the same on the Reviewing Parties, certifying the Debtors' compliance with the terms of the relief requested herein. The statement shall include for each Ordinary Course Professional

(a) the name of such Ordinary Course Professional, and (b) for each quarterly period, the aggregate amounts paid as compensation for services rendered and as reimbursement of expenses incurred by such professional.

(xi) If the Debtors seek to retain an Ordinary Course Professional not already listed on **Exhibit 1** hereto, the Debtors will file with the Court and serve on the Reviewing Parties a notice listing those additional Ordinary Course Professionals to be added to the initial list of Ordinary Course Professionals (the "**OCP List Supplement**"), along with the attendant OCP Declarations and Retention Questionnaires.

(xii) If a party wishes to object to the retention of an Ordinary Course Professional listed on an OCP List Supplement, such party shall, within fifteen (15) days after the filing of the applicable OCP List Supplement, file with the Court and serve on the Objection Recipients a written objection stating, with specificity, the legal and/or factual bases for such objection. If no timely objection to the retention of an Ordinary Course Professional listed on an OCP List Supplement is filed with the Court and served on the Objection Recipients, the retention and employment of such professional shall be deemed approved without further order of the Court. Any Ordinary Course Professional retained pursuant to an OCP List Supplement will be paid in accordance with the terms and conditions set forth in these Procedures.

3. For the avoidance of doubt, in the event of any conflict between the terms of any engagement letter(s) with any Ordinary Course Professional and the terms of the Procedures, the terms of the Procedures shall govern.

4. The form of OCP Declaration and Retention Questionnaire are approved.

5. Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code. Entry of this Order and approval of the Procedures shall not affect the Debtors' ability to (i) dispute any invoice submitted by an Ordinary Course Professional or (ii) retain additional Ordinary Course Professionals from time to time as needed, and the Debtors reserve all of their rights with respect thereto.

6. Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

7. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

APPROVED AS TO FORM:

Dated: February 27, 2019

OFFICE OF THE UNITED STATES TRUSTEE

*/s/ Timothy S. Laffredi*
Timothy S. Laffredi
Trial Attorney
*Attorney for Andrew R. Vara,*
*Acting United States Trustee for Region 3*[2]

** END OF ORDER **

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

---

[2] Andrew R. Vara, Acting United States Trustee for Region 3, is acting in this appointment for Tracy Hope Davis, United States Trustee for Region 17, who is recused from the above-captioned cases.