Sander L. Esserman *(Admitted Pro Hac Vice)*
Cliff I. Taylor *(Admitted Pro Hac Vice)*
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, P.C.
2323 Bryan Street, Suite 2200
Dallas, TX 75201-2689
Telephone: 214-969-4900
Email: esserman@sbep-law.com

Scott Summy
John Fiske (CSBN 249256)
BARON & BUDD, P.C.
3102 Oak Lawn Avenue #1100
Dallas, TX 75219
Telephone: 214-521-3605
Email: ssummy@baronbudd.com

Christopher H. Hart (CSBN 184117)
Kimberly S. Fineman (CSBN 184433)
NUTI HART LLP
411 30TH Street, Suite 408
Oakland, CA 94609-3311
Telephone: 510-506-7152
Email: kfineman@nutihart.com

Attorneys for Public Entities Impacted by the Wildfires

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>    and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>              Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088-DM. | Case No. 19-30088-DM<br><br>Chapter 11<br>Lead Case, Jointly Administered<br><br><br>***EX PARTE* MOTION TO SHORTEN TIME FOR NOTICE AND HEARING ON MOTION OF PUBLIC ENTITIES FOR APPOINTMENT OF OFFICIAL COMMITTEE OF PUBLIC ENTITIES PURSUANT TO 11 U.S.C. §§ 1102(a)(2) AND 105(a)**<br><br>[No hearing required.]<br><br>Requested Hearing on Shortened Time:<br>Date:  March 13, 2019<br>Time:  9:30 a.m. (Pacific Time) |

STUTZMAN BROMBERG ESSERMAN & PLIFKA, P.C.
2323 BRYAN STREET, SUITE 2200
DALLAS, TX 75201-2689
TELEPHONE: 214-969-4900

STUTZMAN BROMBERG ESSERMAN & PLIFKA, P.C.
2323 BRYAN STREET, SUITE 2200
DALLAS, TX 75201-2689
TELEPHONE: 214-969-4900

Pursuant to Local Rule 9006-1(c), the Public Entities[1] hereby seek an order shortening time for the Court to conduct a hearing to consider their Motion of Public Entities for Appointment of Official Committee of Public Entities Pursuant to 11 U.S.C. §§ 1102(a)(2) and 105(a) (the ***"PE Committee Motion"***).  The Public Entities request that a hearing be set for the PE Committee Motion on March 13, 2019 at 9:30 a.m., or at the Court's earliest convenience.

In support hereof, the Public Entities state as follows:

1.      As noted in the PE Committee Motion attached as Exhibit A to the declaration of Sander L. Esserman filed concurrently herewith, the Public Entities can and should serve a distinct and important role in the Debtors' bankruptcy cases given (1) the unique nature of these proceedings and the Public Entities' claims herein, (2) the scope of the effect these proceedings will have on the communities represented by the Public Entities, and (3) the distinct possibility the Debtors will seek statutory and/or regulatory concessions that could affect the Public Entities in order to effectuate a viable reorganization of the Debtors.  It is critical that the Public Entities have the opportunity to assist in the progress of this case in a centralized and independent manner at the earliest possible juncture.

2.      The Public Entities have been in discussions with the U.S. Trustee for the past several weeks regarding the appointment of an Official Committee of Public Entities.  The U.S. Trustee ultimately declined to appoint such a committee on February 20, 2019, citing grounds addressed by the Public Entities in the PE Committee Motion.  The Public Entities therefore request that the Court appoint an Official Committee of Public Entities under 11 U.S.C. §§1102(a)(2) and 105(a).

3.      The Official Committee of Unsecured Creditors was appointed by the U.S. Trustee on February 12, 2019 and the Official Committee of Tort Claimants was appointed on

---

[1] The Public Entities consist of the following California public entities: (a) Calaveras County Water District, (b) Napa County, (c) City of Napa, (d) Mendocino County, (e) Lake County, (f) City of Clearlake, (g) Nevada County, (h) Yuba County, (i) City of Santa Rosa, (j) Sonoma County, (k) Sonoma County Agricultural Preservation and Open Space District, (l) Sonoma County Community Development Commission, (m) Sonoma County Water Agency, (n) Sonoma County Sanitation District, (o) Town of Paradise, and (p) Butte County.

February 15, 2019. Both of those committees are therefore already functioning, and important early negotiations and other discussions regarding these bankruptcy cases are already underway. The Public Entities as a unified body should be a party to those discussions. Accordingly, the Public Entities submit that sufficient cause exists for the Court to shorten the time for notice of hearing on the PE Committee Motion.

4.     The requested shortened notice period should have little to no impact on these cases since the party to whom the PE Committee Motion is primarily directed, namely the U.S. Trustee, has known of the relief requested by the Public Entities since January 30, 2019. Three weeks later, the U.S. Trustee relayed its decision to the Public Entities. Therefore, there is no prejudice to the parties-in-interest by shortening notice under the circumstances. Conversely, the Public Entities' interests are not represented by the committees currently appointed, although the Public Entities are a separate and substantial class of interests. Any additional delay in the Court's consideration of the PE Committee Motion may have substantial adverse impacts on the interests of all public entities in these cases.

5.     The Public Entities therefore request that the Court conduct a hearing to consider the PE Committee Motion at the Omnibus Hearing scheduled for March 13, 2019 at 9:30 a.m., or at the Court's earliest convenience. The Public Entities further request that March 11, 2019 be set as the deadline for filing any opposition.

6.     On the morning of February 28, 2019, counsel for the Public Entities contacted both counsel for the Debtors and the Assistant U.S. Trustee regarding this request to hear the PE Committee Motion on shortened time. Specifically, counsel for the Public Entities requested that the PE Committee Motion be heard on March 13 and that the deadline for responsive pleadings be March 11. Counsel for the Public Entities discussed the matter by phone with Debtors' counsel and followed up by email. Debtors' counsel indicated he would consult with his clients and get back to counsel for the Public Entities. Counsel for the Public Entities asked for a response by close of business on February 28th. No further response has been received from either counsel for the Debtors or the Assistant U.S. Trustee.

STUTZMAN BROMBERG ESSERMAN & PLIFKA, P.C.
2323 BRYAN STREET, SUITE 2200
DALLAS, TX 75201-2689
TELEPHONE: 214-969-4900

STUTZMAN BROMBERG ESSERMAN & PLIFKA, P.C.
2323 BRYAN STREET, SUITE 2200
DALLAS, TX 75201-2689
TELEPHONE: 214-969-4900

1   WHEREFORE, the Public Entities pray that the Court enter an order:

2   a.   Granting this motion;

3   b.   Setting a hearing on March 13, 2019, or at the Court's earliest convenience, to

4   consider the PE Committee Motion;

5   c.   Allowing the Public Entities to limit service of the notice of the PE Committee

6   Motion and related pleadings to the U.S. Trustee, ECF participants, and the proposed counsel

7   for the Debtors, the Official Committee of Unsecured Creditors, and the Official Committee of

8   Tort Claimants;

9   d.   Ordering that any opposition to the PE Committee Motion be filed and served no

10  later than March 11, 2019, or two days before the scheduled hearing; and

11  e.   Granting such other or further relief as the Court deems just and proper.

12  Dated:  March 1, 2019          STUTZMAN, BROMBERG, ESSERMAN &
                                   PLIFKA, P.C.
13

14

15                                 By:  _/s/ Sander L. Esserman_
                                        Sander L. Esserman
16                                 Attorneys for Public Entities Impacted by the Wildfires

17

18  Dated:  March 1, 2019          BARON & BUDD, P.C.

19

20                                 By:  _/s/ Scott Summy_
                                        Scott Summy
21                                 Attorneys for Public Entities Impacted by the Wildfires

22

23  Dated:  March 1, 2019          NUTI HART LLP

24

25                                 By:  _/s/ Kimberly S. Fineman_
                                        Kimberly S. Fineman
26                                 Attorneys for Public Entities Impacted by the Wildfires

27

28

4