Sander L. Esserman *(Admitted Pro Hac Vice)*
Cliff I. Taylor *(Admitted Pro Hac Vice)*
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, P.C.
2323 Bryan Street, Suite 2200
Dallas, TX 75201-2689
Telephone: 214-969-4900
Email: esserman@sbep-law.com

Scott Summy
John Fiske (CSBN 249256)
BARON & BUDD, P.C.
3102 Oak Lawn Avenue #1100
Dallas, TX 75219
Telephone: 214-521-3605
Email: ssummy@baronbudd.com

Christopher H. Hart (CSBN 184117)
Kimberly S. Fineman (CSBN 184433)
NUTI HART LLP
411 30TH Street, Suite 408
Oakland, CA 94609-3311
Telephone: 510-506-7152
Email: kfineman@nutihart.com

Attorneys for Public Entities Impacted by the Wildfires

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>     and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>          Debtors.<br><br>―――――――――――――――<br><br>☐Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088-DM. | Case No. 19-30088-DM<br><br>Chapter 11<br>Lead Case, Jointly Administered<br><br><br>**DECLARATION OF SANDER L. ESSERMAN IN SUPPORT OF MOTION OF PUBLIC ENTITIES FOR APPOINTMENT OF OFFICIAL COMMITTEE OF PUBLIC ENTITIES PURSUANT TO 11 U.S.C. §§ 1102(a)(2) AND 105(a)**<br><br><u>Hearing on Shortened Time</u>:<br>Date:  March 13, 2019<br>Time:  9:30 a.m. (Pacific Time)<br>Place:  450 Golden Gate Avenue, Ctrm 17<br>         San Francisco, CA 94102<br>Judge:  Hon. Dennis Montali |

STUTZMAN BROMBERG ESSERMAN & PLIFKA, P.C.
2323 BRYAN STREET, SUITE 2200
DALLAS, TX 75201-2689
TELEPHONE: 214-969-4900

I, Sander L. Esserman, declare:

1. I am a shareholder with the law firm Stutzman, Bromberg, Esserman & Plifka, P.C., counsel of record to the Public Entities[1] Impacted by the Wildfires in the above-captioned cases. Except as otherwise indicated herein, I have personal knowledge of the facts set forth below, and if called as a witness I could and would competently testify to the matters set forth in this declaration.

2. Early on in these cases, the United States Trustee (the "***Trustee***") indicated that two separate committees would be formed and solicited applications for claimants to serve on such committees. Those committees were (1) an Official Committee of Unsecured Creditors and (2) an Official Committee of Tort Claimants.

3. Because of their unique interests and claims, the Public Entities requested that the Trustee form a separate official committee comprised solely of the Public Entities with respect to the Public Entities' tort claims against the Debtors arising out of the 2017 Northern California Wildfires[2] and the 2018 Camp Fire[3] (collectively, the "***Wildfires***"). Such a committee would represent the Public Entities solely with respect to the Public Entities' Wildfire claims and not any other claims that the Public Entities may assert in these bankruptcy cases, such as tax claims or other priority claims more typical of claims by governmental units.

---

[1] The Public Entities consist of the following California public entities: (a) Calaveras County Water District, (b) Napa County, (c) City of Napa, (d) Mendocino County, (e) Lake County, (f) City of Clearlake, (g) Nevada County, (h) Yuba County, (i) City of Santa Rosa, (j) Sonoma County, (k) Sonoma County Agricultural Preservation and Open Space District, (l) Sonoma County Community Development Commission, (m) Sonoma County Water Agency, (n) Sonoma County Sanitation District, (o) Town of Paradise, and (p) Butte County.

[2] The 2017 Northern California Wildfires began on October 8, 2017 when multiple wildfires spread through Northern California, including Napa, Sonoma, Butte, Humboldt, Mendocino, Del Norte, Lake, Nevada and Yuba Counties, as well as the area surrounding Yuba City. The Debtors acknowledge that the 2017 Northern California Wildfires consumed 245,000 acres of land, resulting in at least 44 fatalities and the destruction of an estimated 8,900 structures. *See* Declaration of Jason P. Wells in Support of First Day Motions and Related Relief, Dkt. No. 27 at p. 12-13.

[3] The 2018 Camp Fire began on November 8, 2018 near the city of Paradise, Butte County, California. The Debtors acknowledge that the 2018 Camp Fire consumed 153,336 acres of land, resulting in at least 86 facilities and the destruction of 13,972 residences, 528 commercial structures and 4,293 other buildings. *See id.* at p. 11-12.

STUTZMAN BROMBERG ESSERMAN & PLIFKA, P.C.
2323 BRYAN STREET, SUITE 2200
DALLAS, TX 75201-2689
TELEPHONE: 214-969-4900

4.      On January 30, 2019, the Public Entities delivered a letter to the Trustee requesting that the Trustee appoint an official committee of Public Entities.  A true and correct copy of this letter is attached as <u>Exhibit A</u>.

5.      The Public Entities supplemented their January 30, 2019 letter to the Trustee with a February 6, 2019 letter that highlighted the unique and particularized nature of the Public Entities' claims, described the difficulties the Public Entities would have serving on a more generalized committee, and again requested formation of a Public Entities official committee.  A true and correct copy of this letter is attached as <u>Exhibit B</u>.

6.      On February 14, 2019, I spoke with the Trustee regarding the Public Entities' request for a separate official committee.  During the conversation, the Trustee indicated that the Public Entities' request for an official committee was still being considered, and that he would not appoint a Public Entity to the Tort Committee because they were excluded from the definition of "person" in the Bankruptcy Code.

7.      On February 19, 2019, I received an email correspondence from the Trustee's office stating that the Public Entities' request for a separate official committee was still being considered.

8.      On February 20, 2019, I received a letter from the Trustee's office stating that the Trustee would not form a Public Entities Committee, because the Trustee concluded that he lacked statutory authority to form such a committee.  More specifically, the Trustee stated as follows:

> Although we do not reject or contest the reasons you set forth in favor of the appointment of a Public Entities Committee, we have concluded that appointment of such a committee would be outside the United States Trustee's statutory authority.  Specifically, the public entities noted in your letter are not eligible to serve on a committee under the definition of "person" found in 11 U.S.C. § 101(41).

> 11 U.S.C. § 1102(b) governs committee appointments and composition. Section 1102(b)(1) requires that the United States Trustee appoint "persons" to serve on official committees.  Under 11 U.S.C. § 101(41), "[t]he term 'person' includes individual, partnership, and corporation, but does not include governmental unit . . ." 11 U.S.C. § 101(41).

A copy of this February 20, 2019 letter is attached as <u>Exhibit C</u>.

STUTZMAN BROMBERG ESSERMAN & PLIFKA, P.C.
2323 BRYAN STREET, SUITE 2200
DALLAS, TX 75201-2689
TELEPHONE: 214-969-4900

9.      Attached as <u>Exhibit D</u> is a Case Management Order entered in the underlying State Court litigation involving the Public Entities and the Debtor, wherein the Superior Court recognized early on the unique nature of the claims by the Public Entities and separated the wildfire claimants into the following distinct categories: (1) the individual plaintiffs (individuals and businesses damaged by the fires), (2) the Public Entities, (3) class action plaintiffs, and (4) the insurer subrogation claimants.

I declare under penalty of perjury pursuant to the laws of the United States of America and the State of California that the foregoing is true and correct to the best of my knowledge and belief.  Executed this 28th day of February 2019 at Dallas, Texas.


                                          /s/ *Sander L. Esserman*
                                          Sander L. Esserman

# **EXHIBIT A**

STUTZMAN BROMBERG ESSERMAN & PLIFKA, P.C.
2323 BRYAN STREET, SUITE 2200
DALLAS, TX 75201-2689
TELEPHONE: 214-969-4900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Christopher H. Hart
Direct Dial : 510.506.7154
E-Mail : chart@nutihart.com

**January 30, 2019**

**VIA E-MAIL AND FIRST-CLASS MAIL**

Lynette C. Kelly
Office of the United States Trustee
Phillip J. Burton Federal Building
450 Golden Gate Ave., 5th Flr., #05-0153
San Francisco, CA 94102

> **RE:  Official Committee of Unsecured Creditors**
> **PG&E Corporation (BK Case No. 19-30088-DM)**

Dear Ms. Kelly

  I am writing in response your comments in Court yesterday inviting parties that wish to serve on a creditors' committee to reach out to you directly.

  This office, with Sander Esserman, of Stutzman, Bromberg, Esserman & Plifka, PC, as lead bankruptcy counsel and Baron & Budd, P.C. as litigation counsel represent sixteen public entities impacted by the wildfires (the "Public Entities")[1].

  Each Public Entity is pursuing claims against PG&E. We wish to highlight unique damages our clients suffer which need immediate redress in order to restore critical public infrastructure necessary to rebuild devastated communities The Public Entities each incurred significant damages to almost every city service, including, but not limited to, roads, bridges, sidewalks, culverts, drains, storm and waste water systems, traffic lights, stop signs, public landscaping and art, drinking water systems destruction and contamination, lost capacities in reservoir, water storage and landfills. Dead or dying trees, soil erosion, debris flows, flooding, and mudslides continues to threaten public safety. In the face of this destruction, the Public Entities' damages are compounded by loss of revenue from property, sales, and other taxes, loss of revenue generating assets and services, and increased cost of services from workers' compensation claims, overtime, and increased use and need of law enforcement, emergency response, and other life safety services. It is crucial to the rebuilding process that the Public

---

[1] A list of the Public Entities is set forth on attached **Exhibit A.**



Entities affected by the wildfires have their issues addressed, until then their communities cannot be rebuilt.

The Public Entities have been already functioning, and managed, as an ad hoc committee. Given the importance of restoring public infrastructure we suggest and encourage the United States Trustee to recognize the Public Entities as an official committee of creditors under the Bankruptcy Code. We also want to alert you that the Public Entities have tentatively set confidential meetings, for next week, February 6 and 7. Thus, in the event an organization meeting is held on those dates I will be available and can attend on behalf of the Public Entities.

Please accept this letter as an application for each of the Public Entities to serve on such a committee. We are happy to provide any further information you may need, including any necessary forms.

We very much look forward to working with you.

Very truly yours,

Christopher H. Hart

CHH/ncw

CC:     Martha Villacorta
        Sander L. Esserman, Esq.
        Cliff I. Taylor, Esq.
        Scott Summy, Esq.
        John Fiske, Esq.



# **EXHIBIT A**

### **2015 Butte Fire**

Calaveras County Water District

### **2017 North Bay Fires**

Napa County

City of Napa

Mendocino County

Lake County

City of Clearlake

Nevada County

Yuba County

City of Santa Rosa

Sonoma County

Sonoma County Agricultural Preservation and Open Space District

Sonoma County Community Development Commission

Sonoma County Water Agency

Sonoma County Sanitation District

### **2018 Camp Fire**

Town of Paradise

Butte County

# **EXHIBIT B**

STUTZMAN BROMBERG ESSERMAN & PLIFKA, P.C.
2323 BRYAN STREET, SUITE 2200
DALLAS, TX 75201-2689
TELEPHONE: 214-969-4900

# STUTZMAN, BROMBERG, ESSERMAN & PLIFKA

A PROFESSIONAL CORPORATION

ATTORNEYS AND COUNSELORS

2323 BRYAN STREET

SUITE 2200

DALLAS, TEXAS 75201-2689

TELEPHONE: (214) 969-4900

FACSIMILE: (214) 969-4999

E-MAIL: esserman@sbep-law.com

SANDER L. ESSERMAN

February 6, 2019

**VIA ELECTRONIC MAIL**
**AND FIRST-CLASS MAIL**

Lynette C. Kelly
Office of the United States Trustee
Phillip J. Burton Federal Building
450 Golden Gate Ave., 5th Floor, #05-0153
San Francisco, CA 94102
Lynette.c.kelly@usdoj.gov

RE:    Request for formation of Official Committee of Public Entities
*In re PG&E Corporation* (BK Case No. 19-30088-DM)
*In re Pacific Gas and Electric Company* (BK Case No. 19-30089-DM)

Dear Ms. Kelly:

This office as lead bankruptcy counsel, along with Baron & Budd, P.C. (as litigation counsel) and Mr. Christopher Hart of Nuti Hart LLP (as local counsel), represents sixteen public entities impacted by the northern-California wildfires (the "***Public Entities***"). This letter supplements Mr. Hart's January 30, 2019 correspondence to you (attached as Exhibit A) and highlights the unique and particularized nature of the claims that the Public Entities assert against the Debtors. The Public Entities request the United States Trustee form an Official Committee of Public Entities in the PG&E bankruptcy and appoint the Public Entities to that committee.

It is notable that in bankruptcy proceedings of this magnitude (the Debtors' bankruptcy being the ***sixth largest*** bankruptcy in United States history) it is not only common, but crucial to fair and orderly proceedings, to form multiple committees in order to ensure that distinct classes of claimants with substantial claims (here, the Public Entities have aggregate claims against the Debtors in excess of $2.5 billion) are provided adequate representation and recognition. Here, the United States Trustee has already provided notice that he intends to form an Official Committee of Unsecured Creditors and an Official Committee of Tort Claimants.[1] The unique

---

[1] The Notice of Formation of Official Committee of Tort Claimants indicates that the purpose of the committee is "to represent the interests and act on behalf of all individuals with tort claims against the Debtors." The Public Entities are not individuals nor do their claims pertain to individuals. Instead, the Public Entities' are governmental bodies responsible for entire

nature of the Public Entities' claims (and the importance of those claims to entire communities affected by the northern-California wildfires) mandate that a separate Official Committee of Public Entities also be formed. The Public Entities have already formed an ad hoc committee and will act as such until an Official Committee of Public Entities is formed and appointed.

**A.      PRIOR TO THESE BANKRUPTCY PROCEEDINGS, THE DEBTORS AND THE SUPERIOR COURT OF CALIFORNIA TREATED THE PUBLIC ENTITIES SEPARATE AND DISTINCT FROM THE OTHER WILDFIRE CLAIMANTS AND APPOINTED BARON & BUDD, P.C. TO REPRESENT THE PUBLIC ENTITIES.**

In the pre-petition wildfire litigation, the  Superior Court of California, County of San Francisco identified four distinct classes of wildfire claimants and recognized the need to treat each class of wildfire claimant separately.[2] The Superior Court of California appointed separate lead counsel for the Public Entities in that litigation[3] and required that each class of claimant (including the Public Entities) submit separate pleadings to the Court.[4] The Superior Court of California recognized that the Public Entities, individual claimants, and the subrogation claimants each have separate interests and determined that it is appropriate to address each class of claim separately.

**B.      A SEPARATE MEDIATOR, PAID IN PART BY THE DEBTORS, HAS BEEN APPOINTED FOR <u>SOLELY</u> THE PUBLIC ENTITIES.**

In the pre-petition wildfire litigation, the Hon. Jay C. Gandhi *(Ret.)* was appointed as mediator (the "***Public Entities Mediator***") to deal solely with the Public Entities' claims. The cost of the Public Entities Mediator has been paid, in part, by the Debtors. The mediation of the Public Entities' claims has been conducted separate and apart from the mediation of the

---

communities. Their claims are for damages and losses affecting the health and welfare of many thousands of citizens.

[2] *See* Case Management Order No. 1, Coordination Proceeding Special Title [Rule 3.550] *California North Bay Fire Cases* attached as <u>Exhibit B</u>.  The Superior Court of California separated wildfire claimants into the following categories: (1) the individual plaintiffs (individuals and businesses damaged by the fires), (2) the public entities, (3) class action plaintiffs, and (4) the insurer subrogation claimants.

[3] *See id.* at p. 6.

[4] *See id.* at p. 11.

individual claimants' claims and the subrogation claimants' claims, although such mediations in certain circumstances could take place at the same or similar times. The Debtors have recognized the separate interests of the different classes of wildfire claimants and have determined that it is appropriate to address each class of claim separately.

    **C.**    **IN THEIR PRELIMINARY FILINGS WITH THE BANKRUPTCY COURT, THE DEBTORS ACKNOWLEDGE THAT THE CLAIMS OF PUBLIC ENTITIES ARE DISTINCT AND SEPARATE FROM THE CLAIMS OF OTHER WILDFIRE CLAIMANTS AND HAVE TREATED THE PUBLIC ENTITY CLAIMS AS A DIFFERENT CLASS OF CLAIMS.**

From the first day of these bankruptcy cases, the Debtors have recognized three separate classes of wildfire claimants: (1) individual personal injury and property damage claimants, (2) the public entity claimants, and (3) insurance carriers seeking subrogation claims.[5] Each of these classes have separate and distinct interests, different types of damages, and the bases of their claims differ. For instance, the Public Entities do not seek recovery on behalf of individuals or businesses affected by the wildfires. Instead, the Public Entities' interests are broad and cut to the very fabric of the communities and institutions represented by the Public Entities. The Public Entities seek recovery for, *inter alia*, damages to infrastructure as previously described in Mr. Hart's letter. These are claims that can only be brought by the Public Entities for recovery of roads, parks, schools, water development, and other areas of public welfare and safety. The Public Entities' claims are unique and unlike the claims anticipated by individuals and business affected by the wildfires. In light of the discrete nature of the claims in each of the three classes of wildfire claimants, there may be numerous issues and matters that arise during these bankruptcy proceedings that would give unnecessary pause to a class as to certain decision making when other classes are being discussed or negotiated. The Debtors recognize this fact by addressing the Public Entities separately in their first-day filings with the Bankruptcy Court.

    **D.**    **THE NATURE OF THE PUBLIC ENTITIES' CLAIMS AGAINST THE DEBTORS AND THE DEBTORS' ALLEGED DEFENSES TO THOSE CLAIMS REQUIRE THAT A SEPARATE COMMITTEE BE APPOINTED FOR THE PUBLIC ENTITIES.**

As discussed above, the claims and damages of the Public Entities are unique and differ substantially from the claims of the individual claimants and the subrogation claimants. While the individual claimants' damages relate to personal injury and property damage and the

---

[5] Declaration of Jason P. Wells in Support of First Day Motions and Related Relief, Bankr. N.D. Cal. Docket No. 27 at p. 14-16.

subrogation claimants are derivative of those claims, the Public Entities have suffered damages more public in nature, such as infrastructure damages, fire suppression costs, debris cleanup, and loss of tax revenue all as described in the prior correspondence attached hereto. Furthermore, the Debtors may take certain positions with respect to the public entity claims that are different in nature to the positions taken by the Debtors with respect to the other classes of wildfire claimants.

**E.     APPOINTMENT OF THE PUBLIC ENTITIES TO AN OFFICIAL PUBLIC ENTITIES COMMITTEE WILL ALLEVIATE TENSIONS THAT COULD EXIST WITH OTHER WILDFIRE CLAIMANTS.**

Because of the effect the fires have had on public services and public safety in the affected communities and because of the unique position of the Public Entities as representatives of their respective communities, the Public Entities must take into consideration the interests of the entire body of citizens for whom each of the Public Entities are responsible. Consequently, participation of the Public Entities (i.e., municipalities, counties and their respective districts, commissions and agencies) on an Official Public Entities Committee will properly focus the committee's efforts on solely the recovery for the Public Entities. If there is one "wildfire committee" or all wildfire claimants are included in the Official Committee of Tort Claimants, the Public Entities might find themselves having to abstain from participating in certain decisions regarding the individual claims of members of the Public Entities' communities. The Public Entities' decisions must be made with respect to the health and welfare of their entire communities.

**F.     PROVIDING COMMITTEE REPRESENTATION TO THE PUBLIC ENTITIES IS APPROPRIATE AND WOULD FACILITATE A MORE ORDERLY ADMINISTRATION OF THE DEBTORS' BANKRUPTCIES.**

The devastation resulting from the northern-California wildfires (and the substantial expense associated with the Public Entities' ongoing efforts to stabilize their communities and infrastructure) has, in many cases, put the Public Entities under economic stress. Appointment of an Official Committee of Public Entities would allow for the deployment of professionals to analyze issues and appear at court and in negotiations on behalf of all the Public Entities, providing a more cost-effective, efficient, and realistic method of giving voice to the Public Entities and their respective communities. An Official Committee of Public Entities would also provide a centralized point of contact for the Debtors when negotiating a viable plan of reorganization that adequately provides for the Public Entities and the communities for whom they are responsible.

Furthermore, an Official Committee of Public Entities will likely not result in appreciable additional costs to the Debtors' estates. The Public Entities are focused on ensuring that they recover from the Debtors, as expeditiously as practicable, sufficient monies to restore the critical infrastructure necessary to rebuild their devastated communities. Speed is paramount, and delay would have a detrimental effect on the Public Entities and the good will of their communities. Given this focus, an Official Committee of Public Entities will likely not need to engage investment bankers or accountants and could rely on the accountants engaged by the other official committees for information and analysis relevant to the Public Entities. We propose that an Official Committee of Public Entities could share certain professionals such as accountants, investment bankers and the like and need not engage separate professionals (except for lawyers) at this time, unless a need arises and the Bankruptcy Court agrees.[6] Furthermore, the appointment of an Official Committee of Public Entities would likely result in efforts to expedite these bankruptcy cases, which would save considerable administrative costs for Debtors.

Accordingly, the Public Entities respectfully request that the United States Trustee appoint an Official Committee of Public Entities. Only with such an independent and separate committee will the significant claims and interests of the Public Entities be adequately protected in this historic bankruptcy case. Representatives of the Public Entities would like to serve as members of any such official committee appointed by the United States Trustee. The Public Entities propose the following representation for an Official Committee of Public Entities:

| | |
|---|---|
| **Calaveras County Water District** | **Napa County** |
| **City of Napa** | **Mendocino County** |
| **Lake County** | **City of Clearlake** |
| **Nevada County** | **Yuba County** |
| **City of Santa Rosa** | **Sonoma County** |
| **Sonoma County Agricultural Preservation and Open Space District** | **Sonoma County Community Development Commission** |

---

[6] An Official Committee of Public Entities would only need to engage its own accountants or financial advisors in the event there is a dispute with the other committees or issues arise regarding the sharing of information among the committees.

**Sonoma County Water Agency**          **Sonoma County Sanitation District**

**Town of Paradise**                          **Butte County**

The Public Entities intend to have certain representatives present at the February 14, 2019 formation meeting for the Official Committee of Tort Claimants; however, because of their governmental duties (and the stresses thereon resulting from the wildfires), representatives from certain of the Public Entities will not be able to attend, and I will attend on their behalf. We would appreciate knowing in advance (as much time as you reasonably can) your position on the appointment of an Official Committee of Public Entities.

If you have any questions at all about this issue, or would like to discuss it further, please do not hesitate to call me.

Very truly yours,

Sander L. Esserman  w/ permission
CIT

cc:     James L. Snyder, Acting United States Trustee
             c/o donna.s.tamanaha@usdoj.gov
         Donna Tamanaha
             donna.s.tamanaha@usdoj.gov
         Marta Villacorta, Esq.
             Marta.villacorta@usdoj.gov
         Cliff I. Taylor, Esq.
             taylor@sbep-law.com
         Scott Summy, Esq.
             ssummy@baronbudd.com
         John Fiske, Esq.
             jfiske@baronbudd.com
         Christopher H. Hart, Esq.
             chart@nutihart.com

**EXHIBIT A**

**Christopher Hart, January 30, 2019 Correspondence**

*[Attached]*



NUTI HART    411 30th Street, Suite 408, Oakland, CA 94609-3311 | 510.506.7152 | nutihart.com

Christopher H. Hart
Direct Dial : 510.506.7154
E-Mail : chart@nutihart.com

**January 30, 2019**

## VIA E-MAIL AND FIRST-CLASS MAIL

Lynette C. Kelly
Office of the United States Trustee
Phillip J. Burton Federal Building
450 Golden Gate Ave., 5th Flr., #05-0153
San Francisco, CA 94102

> **RE:**   **Official Committee of Unsecured Creditors**
> **PG&E Corporation (BK Case No. 19-30088-DM)**

Dear Ms. Kelly

I am writing in response your comments in Court yesterday inviting parties that wish to serve on a creditors' committee to reach out to you directly.

This office, with Sander Esserman, of Stutzman, Bromberg, Esserman & Plifka, PC, as lead bankruptcy counsel and Baron & Budd, P.C. as litigation counsel represent sixteen public entities impacted by the wildfires (the "Public Entities")[1].

Each Public Entity is pursuing claims against PG&E. We wish to highlight unique damages our clients suffer which need immediate redress in order to restore critical public infrastructure necessary to rebuild devastated communities  The Public Entities each incurred significant damages to almost every city service, including, but not limited to, roads, bridges, sidewalks, culverts, drains, storm and waste water systems, traffic lights, stop signs, public landscaping and art, drinking water systems destruction and contamination, lost capacities in reservoir, water storage and landfills. Dead or dying trees, soil erosion, debris flows, flooding, and mudslides continues to threaten public safety. In the face of this destruction, the Public Entities' damages are compounded by loss of revenue from property, sales, and other taxes, loss of revenue generating assets and services, and increased cost of services from workers' compensation claims, overtime, and increased use and need of law enforcement, emergency response, and other life safety services. It is crucial to the rebuilding process that the Public

---

[1] A list of the Public Entities is set forth on attached **Exhibit A.**



January 30, 2019

Entities affected by the wildfires have their issues addressed, until then their communities cannot be rebuilt.

The Public Entities have been already functioning, and managed, as an ad hoc committee. Given the importance of restoring public infrastructure we suggest and encourage the United States Trustee to recognize the Public Entities as an official committee of creditors under the Bankruptcy Code. We also want to alert you that the Public Entities have tentatively set confidential meetings, for next week, February 6 and 7. Thus, in the event an organization meeting is held on those dates I will be available and can attend on behalf of the Public Entities.

Please accept this letter as an application for each of the Public Entities to serve on such a committee. We are happy to provide any further information you may need, including any necessary forms.

We very much look forward to working with you.

Very truly yours,

Christopher H. Hart

CHH/ncw

CC:     Martha Villacorta
        Sander L. Esserman, Esq.
        Cliff I. Taylor, Esq.
        Scott Summy, Esq.
        John Fiske, Esq.



# EXHIBIT A

### 2015 Butte Fire

Calaveras County Water District

### 2017 North Bay Fires

Napa County

City of Napa

Mendocino County

Lake County

City of Clearlake

Nevada County

Yuba County

City of Santa Rosa

Sonoma County

Sonoma County Agricultural Preservation and Open Space District

Sonoma County Community Development Commission

Sonoma County Water Agency

Sonoma County Sanitation District

### 2018 Camp Fire

Town of Paradise

Butte County

**EXHIBIT B**

**Case Management Order No. 1, Coordination Proceeding Special Title [Rule 3.550]**
*California North Bay Fire Cases*

*[Attached]*



F I L E

San Francisco County Super...

MAR 6 – 2018

CLERK OF THE COURT

BY: _____
Deputy Clerk

E-SERVICE
61766260
Mar 06 2018
03:18PM
File & ServeXpress

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.550] <br><br> *California North Bay Fire Cases* | Judicial Council Coordination Proceeding No.: 4955 <br><br> **CASE MANAGEMENT ORDER NO. 1** |

I conducted a case management conference (CMC) February 27, 2018.[1]

There are five groups in this litigation: 1) Individual Plaintiffs, which include cases brought on behalf of persons and business entities; 2) Public Entity Plaintiffs; 3) Class Action Plaintiffs (together with the Individual Plaintiffs and the Public Entity Plaintiffs the "Direct Action Plaintiffs"); 4) Subrogation Plaintiffs; and 5) Defendants.

**ORGANIZATION OF PLAINTIFFS' COUNSEL**

    **A.**    **Individual Plaintiffs**

        **1.**    **Lead Counsel for Individual Plaintiffs**

The Court appoints the following lawyers as Individual Plaintiffs' Lead Counsel for those cases:

> Michael A. Kelly
> Walkup, Melodia, Kelly & Schoenberger
> 650 California Street, 26th Floor
> San Francisco, CA 94108
> Tel: (415) 981-7210

---

[1] The Department's User Manual may be found at <http://sfsuperiorcourt.org/divisions/civil/litigation>

Case: 19-30088    Doc# 721    Filed: 03/01/19    Entered: 03/01/19 11:23:45    Page 21 of 74

1   mkelly@walkuplawoffice.com

2   Frank Pitre
    Cotchett, Pitre & McCarthy, LLP
3   840 Malcolm Road, Suite 200
    Burlingame, CA 94010
4   Tel: (650) 697-6000
    fpitre@cpmlegal.com
5
    Bill Robins, III
6   Robins Cloud LLP
    808 Wilshire Boulevard, Suite 450
7   Santa Monica, CA 90401
    Tel.: (310) 929-4200
8   robins@robinscloud.com

9

10       Lead Counsel for Individual Plaintiffs shall be members of, as well as authorize and

11  direct the work of the Plaintiffs' Executive Committee and Individual Plaintiffs' Steering

12  Committee for cases involving Individual Plaintiffs. Individual Plaintiffs' Lead Counsel shall

13  also be responsible for coordinating the activities of the Direct Action Plaintiffs during pretrial

14  proceedings, and in consultation and with the assistance of the Plaintiffs' Executive Committee,

15  shall:

16       a.   Appear before the Court and present the position of Individual Plaintiffs at

17            all Case Management Conferences, Status Conferences, or other court

18            ordered hearings;

19       b.   Direct and coordinate the briefing and argument of all motions directed at

20            or brought by Direct Action Plaintiffs generally;

21
         c.   Direct and coordinate the filing of opposing briefs and argue motions in
22
              proceedings initiated by other parties against Direct Action Plaintiffs'
23
              interests (except as to matters directed to specific individual plaintiffs and
24
              their counsel or a specific Plaintiff group);
25
26       d.   Initiate and coordinate all discovery proceedings on behalf of Direct

27            Action Plaintiffs, including propounded general liability written discovery,

-2-

document production discovery and the taking of oral depositions;[2]

e.  Manage the selection of all cases for trial setting;

f.  Coordinate the initiation of, and conduct discovery on behalf of Direct Action Plaintiffs consistent with the requirements of the California Code of Civil Procedure and Rules of Court or any order of this Court;

g.  Assign work for the investigation and discovery of common liability and damages matters for all Direct Action Plaintiffs' counsel, and delegate specific tasks to other Direct Action Plaintiffs' counsel, in a manner to ensure that pretrial preparation for Individual Plaintiffs is conducted effectively, efficiently and economically;

h.  Enter into stipulations, on behalf of Direct Action Plaintiffs, with opposing counsel as necessary for the conduct of the litigation;

i.  Prepare and distribute to other Individual Plaintiffs' counsel periodic status reports;

j.  Perform such other duties as may be necessary to the representation of Individual Plaintiffs, proper coordination of Individual Plaintiffs' activities or authorized by order of the Court; and

k.  Submit, if appropriate, additional Individual Plaintiffs' committees and counsel for designation by the Court.

**2.  Individual Plaintiffs' Liaison Counsel**

The Court appoints the following lawyers as Individual Plaintiffs' Liaison Counsel:

Khaldoun A. Baghdadi
Walkup, Melodia, Kelly & Schoenberger
650 California Street, 26th Floor
San Francisco, CA 94108
Tel: (415) 981-7210
kbaghdadi@walkuplawoffice.com

---

[2] Discovery initiated by Defendants directed to specific individual plaintiffs shall be handled by the attorney for those specific individuals.

-3-

Amy Eskin
Levin Simes LLP
44 Montgomery Street, Floor 32
San Francisco, CA 94104
Tel: (415) 426-3000
aeskin@levinsimes.com

Steven J. Skikos
Skikos, Crawford, Skikos & Joseph, LLP
One Sansome Street, Suite 2830
San Francisco, CA 94104
Tel: (415) 546-7300
sskikos@skikos.com

Liaison Counsel shall be members of the Plaintiffs' Executive Committee and have the following responsibilities:

a. Upon the designation of Individual Plaintiffs' Lead Counsel, appear before the Court and present the position of Individual Plaintiffs at all Case Management Conferences, Status Conferences, or other court ordered hearings;

b. To make available to the Court, to counsel for Individual Plaintiffs, and to counsel for Defendants an up-to-date comprehensive Service List of all Individual Plaintiffs' counsel (including the date of the most recent revision);

c. To receive and distribute to Individual Plaintiffs' counsel as appropriate, orders, notices and correspondence from the Court;

d. To maintain and make available to other Individual Plaintiffs, on reasonable notice and at reasonable times, a complete set of all filed pleadings and orders filed and/or served in these coordinated proceedings; and

e. To coordinate the filing of notices and papers by any Individual Plaintiff, including the designation of responsibilities to encourage the filing of a

- 4 -

single set of papers by the Individual Plaintiffs in situations where the Individual Plaintiffs have a common position.

**3.    Individual Plaintiffs' Executive Committee**

The Court appoints the lawyers and firms identified in Addendum A to the Individual Plaintiffs' Executive Committee. Individual Plaintiffs' Executive Committee shall have the following responsibilities with respect to matters of common concern to all Individual Plaintiffs:

a.    Coordination of Individual Plaintiffs' pretrial activities and work performed by the Individual Plaintiffs' lead counsel and liaison counsel;

b.    Calling meetings of Individual Plaintiffs' counsel when appropriate and to consult with Individual Plaintiffs' counsel on matters of common concern;

c.    Designating additional Individual Plaintiffs' subcommittees to perform services on behalf of Individual Plaintiffs and designate additional Individual Plaintiffs' counsel to serve on such subcommittees; and

d.    When appropriate, chairing and organizing Individual Plaintiffs' sub-committees as necessary to address specific issues of concern to claims of Individual Plaintiffs, Subrogation Plaintiffs, Government Plaintiffs and Class Plaintiffs.

**4.    Individual Plaintiffs' Steering Committee**

The Court appoints the lawyers and firms identified in Addendum B to the Individual Plaintiffs' Steering Committee. The Individual Plaintiffs' Steering Committee shall have the following responsibilities with respect to matters of common concern to all Individual Plaintiffs:

a.    To meet, strategize, and provide guidance to Individual Plaintiffs' Lead Counsel, Liaison Counsel, and Executive Committee with respect to the

- 5 -

direction of Individual Plaintiffs' pretrial activities and overall litigation strategy;

b. To provide recommendations concerning the execution of Individual Plaintiffs' pretrial activities and work performed by the Individual Plaintiffs' lead counsel and liaison counsel, including the drafting of motions and opposing briefs and taking of depositions;

c. To call meetings of Individual Plaintiffs' counsel when appropriate and to consult with Individual Plaintiffs' counsel on matters of common concern; and

d. Serve on additional Individual Plaintiffs' subcommittees to perform services on behalf of Individual Plaintiffs and designate additional Individual Plaintiffs' counsel to serve on such subcommittees.

**B. Public Entity Plaintiffs**

The Court appoints the following lawyer as Lead Counsel:

> Scott Summy
> Baron & Budd, P.C.
> 3102 Oak Lawn Ave #1100
> Dallas, TX 75219
> Tel: (214) 521-3605
> ssummy@baronbudd.com

Public Entities' Lead Counsel shall be responsible for responding to discovery, briefing, and argument of issues that are specific to the Public Entity cases. Public Entities' Lead Counsel shall maintain a current listing of all filed Public Entity cases and identify same for the Executive Plaintiffs Committee, Defendants and the Court. Counsel in any Public Entity cases shall cooperate with the Lead Counsel for Individual Plaintiffs, Public Entities' Lead Counsel and the Court in the production of information necessary to prepare for any status conference or in the scheduling of any discovery, or hearing.

- 6 -

## C. Class Action Plaintiffs

The Class Action committee will be formed and the Committee Chairs are identified below:

> Elizabeth Cabraser
> Lexi Hazam
> Lieff Cabraser Heimann & Bernstein, LLP
> 275 Battery Street, 29th Floor
> San Francisco, CA 94111-3339
> Tel: (415) 956-1000
> ecabraser@lchb.com
> lhazam@lchb.com

The Committee shall be responsible for the prosecution and management of the class actions, including discovery, briefing, and argument of issues that are specific to the class cases. The Committee shall maintain a current listing of all filed class action cases and identify same for Lead Counsel for Individual Plaintiffs, Defendants and the Court. Counsel in any Class Action case shall cooperate with the Committee, Lead Counsel for Individual Plaintiffs and the Court in the production of information necessary to prepare for any status conference or in the scheduling of any discovery, or hearing. The Committee should evaluate consolidated complaints and certification hearings, and report in the next CMC statement its views on the timing of these. While there is no stay of class related discovery, the Committee expects that the liability discovery described below will be used for certification briefing.

## D. Subrogation Plaintiffs

The Court appoints the following lawyers as Lead Counsel and Liaison Counsel for the Subrogation Plaintiffs and the Executive Committee for Subrogation Plaintiffs. They have the same duties/responsibilities within/to the Subrogation Plaintiffs group as the lawyers serving as Lead Counsel and Liaison Counsel and the Executive Committee for the Individual Plaintiffs:

- 7 -

### 1. Lead Counsel for Subrogation Plaintiffs[3]

Shawn Caine
The Law Offices of Shawn E. Caine
1221 Camino Del Mar
Del Mar, CA 92014
Tel: (619) 838-1365
scaine@cainelaw.com

Mark Grotefeld
Grotefeld Hoffmann
Shepard Mountain Plaza
6034 West Courtyard Drive, Suite 200
Austin, TX 78730
Tel: (737) 226-5310
mgrotefeld@ghlaw-llp.com

Howard Maycon
Cozen O'Connor
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Tel: (213) 892-7900
hmaycon@cozen.com

Maura Walsh Ochoa
Grotefeld Hoffmann
700 Larkspur Landing Circle, Suite 280
Larkspur, California 94939
Tel: (415) 344-9670
mochoa@ghlaw-llp.com

Craig Simon
Berger Kahn, A Law Corporation
1 Park Plaza, Suite 340
Irvine, CA 92614
Tel: (949) 748-4444
csimon@bergerkahn.com

Lead Counsel for Subrogation Plaintiffs shall be responsible for discovery, briefing, and argument of issues that are specific to the Subrogation cases. Lead Counsel for the Subrogation Plaintiffs shall maintain a current listing of all filed Subrogation cases and identify same for Lead Counsel for Individual Plaintiffs, Defendants and the Court. Counsel in any Subrogation cases shall cooperate with Lead Counsel for the Subrogation Plaintiffs, Subrogation Plaintiffs' Executive Committee and the Court in the production of information necessary to prepare for

---

[3] The rights and obligations of Lead Counsel for Subrogation Plaintiffs mirror the rights and obligations of Lead Counsel for Individual Plaintiffs.

- 8 -

any status conference or in the scheduling of any discovery, or hearing.

**2.**    **Liaison Counsel for Subrogation Plaintiffs**

Alan Jang
Jang & Associates
1766 Lacassie Avenue, Suite 200
Walnut Creek, CA 94596
Tel: (925) 937-1400
ajang@janglit.com

Scott Loewe
Bauman Loewe Witt & Maxwell, PLLC
8765 East Bell Road, Suite 210
Scottsdale, Arizona 85260
Tel: (480) 502-4664
sloewe@blwmlawfirm.com

Waylon Pickett
Grotefeld Hoffmann
0324 SW Abernethy Street
Portland, Oregon 97239
Tel: (503) 384-2772
wpickett@ghlaw-llp.com

**3.**    **Subrogation Plaintiffs' Executive Committee**

Mark Bauman
Bauman Loewe Witt & Maxwell, PLLC
8765 East Bell Road, Suite 210
Scottsdale, Arizona 85260
Tel: (480) 502-4664
mbauman@blwmlawfirm.com

Kevin Bush
Cozen O'Connor
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Tel: (213) 892-7900
kbush@cozen.com

Tim Cary
Stutman Law
1260 Corona Pointe Ct., Suite 306
Corona, CA 92879
Tel: (951) 963-1298
caryt@stutmanlaw.com

Eric Schroeder
Schroeder Loscotoff

-9-

7410 Greenhaven Dr., Ste. 200
Sacramento, CA 95831
Tel: (916) 438-8306
emschroeder@calsubro.com

## II.    DEFENDANTS' COUNSEL

Defendants are represented by Cravath, Swaine & Moore LLP, Wilson Sonsini Goodrich & Rosati and Clarence Dyer & Cohen LLP.

Evan R. Chesler,
Timothy G. Cameron
Kevin J. Orsini
Damaris Hernandez
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 8th Avenue
New York, New York 10019
Tel: (212) 474-1000
echesler@cravath.com
tcameron@cravath.com
korsini@cravath.com
dhernandez@cravath.com

Keith E. Eggleton
John P. Flynn
Rodney G. Strickland
Colleen Bal
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, California 94304, and
One Market Plaza, Suite 3300
San Francisco, CA 94105
Tel: (650) 493-9300
Tel: (415) 947-2000
keggleton@wsgr.com
jflynn@wsgr.com
rstrickland@wsgr.com
cbal@wsgr.com

Kate Dyer
Clarence Dyer & Cohen LLP
899 Ellis Street
San Francisco, California 94109
Tel: (415) 749-1800
kdyer@clarencedyer.com

- 10 -

## JURISDICTION AND WAIVER OF SERVICE OF PROCESS

The parties agree that this court has jurisdiction over the parties and that there are no challenges to personal or subject matter jurisdiction. The parties have met and conferred and Defendants have agreed to waive service of process in cases filed in JCCP No. 4955 in which they are named. For such cases, Plaintiffs shall send the Notice of Adoption of Short Form Complaint and Short Form Complaint by email to the following individuals, Kevin J. Orsini (korsini@cravath.com), Brittany L. Sukiennik, (bsukennik@cravath.com), Keith E. Eggleton (keggleton@wsgr.com), and Rodney Strickland (rstrickland@wsgr.com) or by U.S. Mail to:

Kevin J. Orsini
Brittany L. Sukiennik
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 8th Avenue
New York, New York 10019-7475

Keith E. Eggleton
Rodney G. Strickland
Wilson Sonsini Goodrich & Rosati, EC
650 Page Mill Road
Palo Alto, California 94304

The parties agree that complying with these provisions shall constitute personal service of process under the California Code of Civil Procedure.

### A.    Master Pleadings

The parties agree that a Master Complaint for Individual Plaintiffs, a Master Complaint for Subrogation Plaintiffs and a Master Complaint for the Public Entity Plaintiffs shall be lodged with the Court. Corresponding Master Answers for Defendants in response to each of the three Master Complaints shall govern the pleadings for those actions.[4] Drafts of the applicable Master Complaints for the Individual Plaintiffs, Public Entity Plaintiffs and Subrogation Plaintiffs are being exchanged and will be presented to the Court.

---

[4] Subsections B, C and D do not apply to the Class Action Plaintiffs.

- 11 -

**B.    Challenges to Master Pleadings**

The parties anticipate a single challenge to the Master Complaints concerning the applicability of inverse condemnation to a private utility.

Defendants will file that challenge on March 16, 2018. The Individual Plaintiffs' Lead Counsel (on behalf of the Direct Action Plaintiffs) and the Subrogation Plaintiffs' Lead Counsel shall each file their opposition no later than April 16, 2018. Defendants will file a single reply to both oppositions, which shall not exceed 20 pages, by April 30, 2018. The hearing is set for **May 18, 2018 at 9:00 a.m.**

**C.    Notice of Adoption of Master Complaint and Master Answer**

The parties will meet and confer regarding the Notice of Adoption of Master Complaint, and Notice of Potential Add-On Cases and Request for Coordination. Plaintiffs will provide Defendants the applicable documents for review and submission to the Court. The Master Complaints shall be filed no later than March 12, 2018. The Master Answers shall be filed no later than March 16, 2018. The Master Complaints and the Master Answers will not be verified.

**1.    Notice of Adoption of Master Complaint**

Each Direct Action Plaintiff or Subrogation Plaintiff with a case already on file in JCCP No. 4955 shall serve on their respective Lead Counsel a Notice of Adoption of Master Complaint within 30 days of the date the Master Complaint is filed. The Notice of Adoption shall contain the following information: 1) the name and address of each plaintiff; 2) the fire(s) by which each plaintiff was allegedly harmed;[5] 3) the causes of action each plaintiff is joining and against which defendant(s) they are pled; and 4) the categories of damages allegedly incurred by each plaintiff and for which that plaintiff is seeking recovery and from which defendant(s).

For existing Individual Plaintiffs, the filing of a Notice of Adoption of Master Complaint

---

[5] Counsel are to agree on a naming convention for the fires.

- 12 -

shall not require the payment of an additional filing fee or a new case number. Each Notice of Adoption shall constitute an amended complaint for all purposes. Upon filing the Notice of Adoption, the Master Complaint, as amended by the Plaintiff's Notice of Adoption, shall be the operative pleading. The date on which the Master Complaint is filed shall have no bearing on whether any Plaintiff has satisfied the applicable statute of limitations. Rather, the date on which an individual Plaintiff's properly filed original complaint initiating his or her action was filed shall be the operative date for statute of limitations purposes.

For cases naming more than one Plaintiff, except those naming a derivative Plaintiff (e.g., an heir asserting a wrongful death claim) each Plaintiff must file an individual Notice of Adoption.[6]

### 2. Notice of Adoption of Master Answer

The Defendants' Notice of Adoption of Master Answer must be filed within 30 days of the filing of Plaintiffs' Notice of Adoption of Master Complaint. All responses pled in PG&E's Master Answer will be deemed pled in any previously filed Complaint and Responsive Pleading now pending in this JCCP proceeding, and in any Notice of Adoption filed thereafter.

### 3. Cases to Be Filed

Plaintiffs who have not yet filed an action will initiate an action by Filing a Short Form Complaint and Notice of Adoption of Master Complaint, in a proper venue in California. As indicated above, the Notice of Adoption shall contain the following information: 1) the name and address of each plaintiff; 2) the fire(s) by which each plaintiff was allegedly harmed; 3) the causes of action each plaintiff is joining and against which defendant(s) they are pled; and 4) the categories of damages allegedly incurred by each plaintiff and for which that plaintiff is seeking recovery and from which defendant(s).

---

[6] Members of a single household need only file one notice of adoption.

Upon that filing, the Master Complaint, as Amended by the Notice of Adoption, shall be the operative pleading. The date on which the Master Complaint is filed shall have no bearing on whether any Plaintiff has satisfied any applicable statute of limitations. Rather, the later date on which an individual Plaintiff properly filed the Short Form Complaint or Notice of Adoption initiating his or her action shall be the operative date for statute of limitations purposes. For any future case filed, the Plaintiff must include a civil cover sheet identifying this JCCP (California North Bay Fire Cases, JCCP No. 4955).

### D.     Adding Cases into These Coordinated Proceedings

Add-on cases may be handled by stipulation of all parties or by petition of Defendants consistent with the procedures and requirements of CRC 3.531 and C.C.P. § 404.4.

### E.     Cross-Complaints

The parties agree that Defendants may or may not file cross-complaints as they choose.

However, if a cross-complaint is not filed at the time Defendants file the Master Answers, but instead is filed by an existing Defendant at a later date, by whatever means or procedure, such later filing will not, absent good cause or as otherwise provided by the Code of Civil Procedure, constitute cause for delay of any then-existing trial date or trial.

### Discovery Phases

The parties have agreed to stage discovery. Stage One relates to: 1) liability discovery; and 2) damages discovery from Individual Plaintiffs, Public Entity Plaintiffs and Subrogation Plaintiffs. Stage Two relates to expert discovery on issues of both liability and damages and will be subject to further order of this Court.

- 14 -

**Stage One: Liability Discovery**

   1.   **By Direct Action and Subrogation Plaintiffs.**

   Liability discovery shall be conducted as directed by Lead Counsel for the Individual Plaintiffs and Lead Counsel for Subrogation Plaintiffs. Lead Counsel for Individual Plaintiffs have informed counsel for PG&E regarding the initial round of liability discovery that includes: a set of initial Requests for Admission to elicit whether PG&E is contesting causation on the origin of each of the North Bay Fires; a Deposition notice for the person most qualified at PG&E on the general topics of how the company stores, accesses, exchanges and retrieves data on vegetation management and electrical infrastructure; and a request for inspection and/or production of photographs or recordings of any item of physical evidence related to PG&E equipment or vegetation inspected as a potential cause of a fire included in these proceedings. Direct Action Plaintiffs and Subrogation Plaintiffs may seek liability discovery concerning the origin and cause of each of the North Bay Fires:, such as vegetation management, electrical infrastructure and wildfire risk management.

   Prior to serving Defendants with liability discovery, Direct Action Plaintiffs and Subrogation Plaintiffs have agreed to cooperate in good faith to coordinate such discovery. Either the Individual Plaintiffs' Lead Counsel (on behalf of Direct Action Plaintiffs) or the Subrogation Plaintiffs' Lead Counsel may serve discovery on Defendants. After liability discovery is served on Defendants, regardless of which Plaintiff group was the serving party, the Individual Plaintiffs' Lead Counsel (on behalf of Direct Action Plaintiffs) and the Subrogation Plaintiffs' Lead Counsel shall collectively meet and confer with Defendants concerning Defendants' discovery responses. Plaintiffs shall not serve duplicative or cumulative discovery on Defendants.

   Should any Plaintiff or law firm after consultation with the Individual Plaintiffs' Lead Counsel and the Subrogation Plaintiffs' Lead Counsel believe that they need to propound liability discovery that has not been or will not be propounded by the Individual Plaintiffs' Lead

Case: 19-30088   Doc# 721   Filed: 03/01/19   Entered: 03/01/19 11:23:45   Page 35 of 74

Counsel or the Subrogation Plaintiffs' Lead Counsel, such Plaintiff or law firm may seek an order from the Court allowing such discovery to be propounded. Otherwise, no Plaintiff may serve separate liability discovery.

### 2. By Defendants

Defendants will serve any liability discovery directed to any specific individual Plaintiff or the Subrogation Plaintiffs on Individual Plaintiffs' Lead Counsel, Subrogation Plaintiffs' Lead Counsel and counsel of record for the specific individual plaintiff(s). Where appropriate, the Direct Action Plaintiffs or Subrogation Plaintiffs will serve Defendants with a Master Response. To the extent such discovery relates to a specific Plaintiffs' group, Defendants may serve such discovery requests on Lead Counsel for each applicable Plaintiffs' group or, in the case of the Class Action Plaintiffs, the Committee, Lead Counsel or Committee shall similarly serve Defendants with a Master Response for such group.

### Stage One: Damages Discovery

### 3. Subrogation Plaintiffs

Damages discovery may be propounded to all Subrogation Plaintiffs in a Master Request to All Subrogation Plaintiffs. The Subrogation Plaintiffs will serve a Master Response to the Master Request to All Subrogation Plaintiffs, and each Subrogation Plaintiff will then serve an Adoption of the Master Response in Full or in Part. If the response adopts "in Part", the responding Subrogation Plaintiff will set forth any answers that are different from the Master Response in the Adoption. These Adoptions will be verified by each responding Subrogation Plaintiff.

The Subrogation Plaintiffs will set forth a list of claims for which they are seeking reimbursement. The Subrogation Plaintiffs will provide to Defendants an updated list of the names, addresses, dates of loss, claim numbers, the amounts paid by Subrogation Plaintiffs and

Case: 19-30088   Doc# 721   Filed: 03/01/19   Entered: 03/01/19 11:23:45   Page 36 of 74

open reserves (as that information is available) as to each of the subrogated claims for which they are seeking reimbursement (hereinafter the "List of Claims") not later than June 30, 2018. The Subrogation Plaintiffs will provide an updated List of Claims at least on a quarterly basis, or more frequently as necessary to advise Defendants of additional payments made on any claims, and/or as reasonably requested by the Defendants. In any event, Subrogation Plaintiffs will provide a final List of Claims to Defendants on or before October 31, 2020 (prior to the statute of limitations), which will constitute the final list of claims to be included in the litigation.[7] The original and/or any amended adoption complaint filed by the Subrogation Plaintiffs will be deemed to set forth all of the information in the List of Claims provided to Defendants pursuant to this order. Any claims not disclosed by the Subrogating Plaintiffs on or before October 31, 2020, will be barred by statute.

The parties agree that the Lists of Claims provided by the Subrogation Plaintiffs will not be admissible in evidence unless the Defendants later reach an agreement with the Subrogation Plaintiff that prepared the List of Claims that the List of Claims is admissible.

The Subrogation Plaintiffs will produce claim files on a rolling basis. The parties will meet and confer regarding a schedule and protective order to govern the production of claim files and will report back to the Court on this issue in the next joint CMC statement. The Subrogation Plaintiffs will continue to produce on a rolling basis any supplements to the claim files as required to update Defendants on any additional payments made on the claims following the production of the claim files. Defendants will also be notified of additional payments on any of the claims by the Subrogating Plaintiffs by the periodic production of an updated List of Claims. Claim files may be requested sooner for any Plaintiff claiming a preference or on a case-by-case basis, and Subrogation Plaintiffs will make every effort to produce such claim files within 15 days of a request.

---

[7] This is not an implication that trials be delayed until after this date.

### 4. Individual Plaintiffs

Each individual plaintiff shall complete the Notice of Adoption of Master Complaint which contains specific facts regarding the case. All other damages case specific discovery is stayed including any written discovery, contention discovery, or deposition discovery until further order of the court and as contemplated by sections below relating to bellwether trial settings and preference trial settings.

**Privileged Communications**

Pursuant to the parties' agreement, the communication, transmission, or dissemination of information of common interest among Plaintiffs' counsel or among Defendants' counsel shall be protected by the attorney-client privilege, the protections afforded by the attorney work product doctrine, the protections afforded to material prepared for litigation or any other privilege to which a party may otherwise be entitled. Further, cooperative efforts shall not in any way be used against any of the parties, be cited as purported evidence of conspiracy, wrongful action or wrongful conduct, and shall not be communicated to any jury.

**Trial**

*Preferential Trial Settings*: The Plaintiffs anticipate that it may be appropriate to file motions for preferential trial settings per C.C.P. § 36.

*Bellwether Process*: The parties have agreed to meet and confer on the scope and procedure relating to any potential bellwether process, including a bellwether case selection process, case specific discovery and law and motion practice in bellwether and non-bellwether cases, if any, and the conduct of bellwether trials. The parties contemplate that if they agree upon a bellwether process, an order of this Court relating to the bellwether process will include: trial settings and the bellwether selection process, discovery and motion practice appropriate for

- 18 -

bellwether selected cases, and whether or not motion practice may be appropriate to cases outside of those selected as bellwethers.

*Jury or Non-Jury*: Plaintiffs demand jury trials.

*Trial Date*: Trial dates and length, and close of discovery dates will be set in future case management conferences.

*Place of Trial*: Complaints in this matter have been filed in the Superior Court of Napa, Sonoma, and San Francisco. Locations of trials are reserved for future consideration.

**Pro Hac Vice Admissions:**

A number of counsel have been admitted *pro hac vice* in the underlying cases now coordinated in this JCCP. Such counsel are deemed admitted for all purposes in this JCCP and all current and future actions coordinated in this JCCP. Counsel not yet been admitted *pro hac vice* shall file his or her *pro hac vice* application with this Court.

*Protective Order*: The parties are expected to present a proposed stipulated protective order within 30 days. I ask the parties to review the Department's User Manual especially on sealing issues, and to resist the urge to over-designate under the protective order.

**Next Case Management Conference**

A date will be selected for the next CMC at the May 18, 2018 hearing. In addition to issues noted above, the parties are invited to advise on (1) the status of a discovery plan, including discovery focused on e.g., (i) PG&E policies and actions and (ii) causes and circumstances of ignitions; (2) whether a cut-off date for the addition of new parties should be set (which could be avoided on a showing that new information supported leave of court to add

- 19 -

the party); a general description of the discovery required for meaningful settlement discussions, and the likely time needed to acquire it.

Dated: March 6, 2018

_____
Curtis E.A. Karnow
Judge Of The Superior Court

- 20 -

*Addendum A – Individual Plaintiffs' Executive Committee*

Individual Plaintiffs request that the Court appoint the following attorneys and firms to the Executive Committee:

Mary Alexander
Mary Alexander & Associates, P.C.
44 Montgomery Street, Suite 1303
San Francisco, CA 9410 I
Tel: (415) 433-4440
malexander@maryalexanderlaw.com

Thomas Brandi
The Brandi Law Firm
354 Pine St. Floor, 3rd floor
San Francisco, CA 94104-3231
Tel (415) 989-1800
tjb@brandilaw.com

Elizabeth Cabraser
Lexi Hazam
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel: (415) 956-1000
ecabraser@lchb.com
lhazam@lchb.com

Steven M. Campora
Dreyer Babich Buccola Wood Campora LLP
20 Bicentennial Circle
Sacramento, CA 95826
Tel: (916) 379-3500
scampora@dbbwc.com

Ahmed S. Diab
Dixon Diab & Chambers LLP
501 W. Broadway, Suite 800
San Diego, CA 92101
Tel: (619) 354-2662
diab@theddcfirm.com

Amy Eskin **(Co-Liaison)**
Levin Simes LLP
44 Montgomery Street, Floor 32
San Francisco, CA 94104
Tel: (415) 426-3000
aeskin@levinsimes.com

Dario de Ghetaldi
Corey, Luzaich, de Ghetaldi & Riddle LLP
700 El Camino Real
Millbrae, CA 94030
Tel: (650) 871-5666
deg@coreylaw.com

Michael A. Kelly **(Co-Lead)**
Khaldoun A. Baghdadi **(Co-Liaison)**
Walkup, Melodia, Kelly & Schoenberger
650 California Street, 26th Floor
San Francisco, CA 94108
Tel: (415) 981-7210
mkelly@walkuplawoffice.com
kbaghdadi@walkuplawoffice.com

Brendan M. Kunkle
Michael Green
Abbey, Weitzenberg, Warren & Emery
100 Stony Point Rd, Suite 200
Santa Rosa, CA 95401
Tel: (707) 542-5050
bkunkle@abbeylaw.com
mgreen@abbeylaw.com

Brian Panish
Rahul Ravipudi
Panish Shea & Boyle, LLP
11111 Santa Monica Blvd. #700
Los Angeles, CA 90025
Tel: (310) 477-1700
panish@psblaw.com
ravipudi@psblaw.com

Frank Pitre **(Co-Lead)**
Cotchett, Pitre & McCarthy, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
fpitre@cpmlegal.com

Bill Robins III **(Co-Lead)**
Robins Cloud, LLP
808 Wilshire Boulevard, Suite 450
Santa Monica, CA 90401
Tel: (310) 929-4200
robins@robinscloud.com

1

Case: 19-30088   Doc# 721   Filed: 03/01/19   Entered: 03/01/19 11:23:45   Page 41 of 74

1 | Mark Robinson
Robinson Calcagnie, Inc.
2 | 19 Corporate Plaza Dr.
Newport Beach, CA 92660
3 | Tel: (949) 720-1288
mrobinson@robinsonfirm.com
4 |
Steve Skikos (**Co-Liaison**)
5 | Greg Skikos
Matt Skikos
6 | Skikos, Crawford, Skikos & Joseph, LLP
One Sansome Street, Suite 2830
7 | San Francisco, CA 94104
Tel: (415) 546-7300
8 | sskikos@skikos.com
gskikos@skikos.com
9 | mskikos@skikos.com

Scott Summy (**Lead for Public Entities**)
Baron & Budd
N 7000 Mopac Service Road #200
Austin, TX 78731
Tel: (214) 521-3605
ssummy@baronbudd.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

ADDENDUM A - PLAINTIFFS' EXECUTIVE COMMITTEE - JCCP No. 4955

## Addendum B – Individual Plaintiffs' Steering Committee

Individual Plaintiffs request that the Court create and name the following individuals to a Steering Committee:

Elliot Adler
Adler Law Group, APLC
402 W. Broadway, Suite 860
San Diego, CA 92101
Tel: (619) 531-8700
eadler@theadlerfirm.com

Michael Caddell
Cynthia Chapman
Caddell & Chapman
628 E. 9th Street
Houston, TX 77077
Tel: (713) 751-0400
mac@caddellchapman.com
cbc@caddellchapman.com

Don Edgar
Edgar Law Firm
408 College Avenue
Santa Rosa, CA 95401
Tel: (707) 799-4090
don@classattorneys.com

Dave Fox
Fox Law, APC
Plaza Building
225 West Plaza Street, Suite 102
Solana Beach, CA 92075
Tel: (858) 256-7616
dave@foxlawapc.com

Sean Higgins
Andrews & Thornton
2 Corporate Park, Suite 110
Irvine, California 92606
Tel: (949) 748-1000
shiggins@andrewsthornton.com

John F. McGuire
Thorsnes Bartolotta McGuire, LLP
2550 Fifth Avenue, 11th Floor
San Diego, CA 92103
Tel: (619) 236-9363
mcguire@tbmlawyers.com

Patrick McNicholas
McNicholas & McNicholas, LLP
10866 Wilshire Blvd., Suite 1400
Los Angeles, CA 90024
Tel: (310) 474-1582
pmc@mcnicholaslaw.com

Francis O. Scarpulla
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Tel: (415) 788-7210
fos@scarpullalaw.com

Christopher Sieglock
Sieglock Law, APC
1221 Camino Del Mar
Del Mar, CA 92014
Tel: (858) 793-0380
chris@sieglocklaw.com

Gerald Singleton
Singleton Law Firm
115 Plaza St
Solana Beach, CA 92075
Tel: (760) 697-1330
gerald@slffirm.com

Terry L. Singleton
Terry Singleton, APC
1950 5th Avenue, Suite 200
San Diego, CA 92101-2344
Tel: (619) 239-3225
terry@terrysingleton.com

Tom Tosdal
777 South Highway 101, Suite 215
Solana Beach, CA 92075
Tel: (858) 704-4709
tom@tosdallaw.com

Mikal C. Watts
Guy Watts
Watts Guerra LLP
5726 W. Hausman Rd, Suite 119
San Antonio, Texas
Tel: (210) 527-0500
mcwatts@wattsguerra.com
gwatts@wattsguerra.com

1

ADDENDUM B - PLAINTIFFS' STEERING COMMITTEE - JCCP No. 4955

Ben Wilson
Morgan & Morgan, PLLC
4450 Old Canton Rd. Suite 200
Jackson, MS 39211
Tel: (601) 949-3388
BWilson@ForThePeople.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

ADDENDUM B - PLAINTIFFS' STEERING COMMITTEE - JCCP No. 4955

## CERTIFICATE OF ELECTRONIC SERVICE
(CCP 1010.6(6) & CRC 2.260(g))

I, DANIAL LEMIRE, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

On **MAR 6 – 2018**, I electronically served THE ATTACHED DOCUMENT via File & ServeXpress on the recipients designated on the Transaction Receipt located on the File & ServeXpress website.

Dated:

**MAR 6 – 2018**

T. Michael Yuen, Clerk

By: _____

DANIAL LEMIRE, Deputy Clerk

# **EXHIBIT C**

STUTZMAN BROMBERG ESSERMAN & PLIFKA, P.C.
2323 BRYAN STREET, SUITE 2200
DALLAS, TX 75201-2689
TELEPHONE: 214-969-4900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**U.S. Department of Justice**

*United States Trustee*
*Northern and Eastern*
*Districts of California and Nevada*

---

*Regional Office*                                          *415-705-3300*
*450 Golden Gate Avenue, Suite 05-0153*      *FAX 415-705-3367*
*San Francisco, California 94102*

*Website address: www.usdoj.gov/ust/r17*

February 20, 2019

Sander L. Esserman
Stutzman, Bromberg, Esserman & Plifka
2323 Bryan Street
Suite 2200
Dallas, TX 75201-2689

      Re:    PG&E, Case No. 19-30088
              Request for Public Entities Committee

Dear Mr. Esserman:

      Thank you for your letter of February 6, 2019, in which you ask the United States Trustee to consider appointing an Official Committee of Public Entities ("Public Entities Committee") in PG&E's jointly administered chapter 11 case.

      Although we do not reject or contest the reasons you set forth in favor of the appointment of a Public Entities Committee, we have concluded that appointment of such a committee would be outside the United States Trustee's statutory authority. Specifically, the public entities noted in your letter are not eligible to serve on a committee under the definition of "person" found in 11 U.S.C. § 101(41).

      11 U.S.C. § 1102(b) governs committee appointments and composition. Section 1102(b)(1) requires that the United States Trustee appoint "persons" to serve on official committees. Under 11 U.S.C. § 101(41), "[t]he term 'person' includes individual, partnership, and corporation, but does not include governmental unit. . . ." 11 U.S.C. § 101(41). Before 1994, the Bankruptcy Code's definition of "person" excluded all governmental units. In 1994 Congress amended the Bankruptcy Code to include a very limited subset of governmental units (not applicable here) within the definition of "person" for purposes of § 1102. *Id.* Had Congress intended for all governmental units to be eligible for committee service, the amendment would not have been so narrowly and specifically tailored.

      Moreover, the change was adopted in § 106 of the Bankruptcy Reform Act of 1994, Pub.L.No. 103-394 (1994), which was entitled "Definition Relating to Eligibility to Serve on Chapter 11 Committees." Although the title of the section of the bill is not technically part of the legislation, it clearly indicates Congressional intent. Only governmental units holding the defined types of claims are "persons" eligible to serve on committees. Other governmental units are not eligible for committee membership. The public entities identified in your correspondence are governmental units of the type excluded from appointment to a committee pursuant to 11 U.S.C. § 1102(b)(1). As such, the United States Trustee lacks the statutory authority to form the requested committee.

Thank you for raising this issue and please let me know if you want to discuss this matter further.

Respectfully,

*Andrew R. Vara*

Andrew Vara
Acting United States Trustee

James Snyder
Acting United States Trustee

cc:   Donna S. Tamanaha, Assistant United States Trustee for Region 17 (415-705-3300)
      Timothy Laffredi, Assistant United States Trustee for Region 17 (408-535-5525 x229)

# **EXHIBIT D**

STUTZMAN BROMBERG ESSERMAN & PLIFKA, P.C.
2323 BRYAN STREET, SUITE 2200
DALLAS, TX 75201-2689
TELEPHONE: 214-969-4900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



F I L E

San Francisco County Super

MAR 6 - 2018

CLERK OF THE COURT

BY: _____
Deputy Clerk

61766260
Mar 06 2018
03:18PM
E-SERVICE
File & ServeXpress

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.550] | Judicial Council Coordination Proceeding No.: 4955 |
| *California North Bay Fire Cases* | **CASE MANAGEMENT ORDER NO. 1** |

I conducted a case management conference (CMC) February 27, 2018.[1]

There are five groups in this litigation: 1) Individual Plaintiffs, which include cases brought on behalf of persons and business entities; 2) Public Entity Plaintiffs; 3) Class Action Plaintiffs (together with the Individual Plaintiffs and the Public Entity Plaintiffs the "Direct Action Plaintiffs"); 4) Subrogation Plaintiffs; and 5) Defendants.

**ORGANIZATION OF PLAINTIFFS' COUNSEL**

A. **Individual Plaintiffs**

1. **Lead Counsel for Individual Plaintiffs**

The Court appoints the following lawyers as Individual Plaintiffs' Lead Counsel for those cases:

> Michael A. Kelly
> Walkup, Melodia, Kelly & Schoenberger
> 650 California Street, 26th Floor
> San Francisco, CA 94108
> Tel: (415) 981-7210

---

[1] The Department's User Manual may be found at <http://sfsuperiorcourt.org/divisions/civil/litigation>

- 1 -

mkelly@walkuplawoffice.com

Frank Pitre
Cotchett, Pitre & McCarthy, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
fpitre@cpmlegal.com

Bill Robins, III
Robins Cloud LLP
808 Wilshire Boulevard, Suite 450
Santa Monica, CA 90401
Tel.: (310) 929-4200
robins@robinscloud.com

Lead Counsel for Individual Plaintiffs shall be members of, as well as authorize and direct the work of the Plaintiffs' Executive Committee and Individual Plaintiffs' Steering Committee for cases involving Individual Plaintiffs. Individual Plaintiffs' Lead Counsel shall also be responsible for coordinating the activities of the Direct Action Plaintiffs during pretrial proceedings, and in consultation and with the assistance of the Plaintiffs' Executive Committee, shall:

    a.    Appear before the Court and present the position of Individual Plaintiffs at all Case Management Conferences, Status Conferences, or other court ordered hearings;

    b.    Direct and coordinate the briefing and argument of all motions directed at or brought by Direct Action Plaintiffs generally;

    c.    Direct and coordinate the filing of opposing briefs and argue motions in proceedings initiated by other parties against Direct Action Plaintiffs' interests (except as to matters directed to specific individual plaintiffs and their counsel or a specific Plaintiff group);

    d.    Initiate and coordinate all discovery proceedings on behalf of Direct Action Plaintiffs, including propounded general liability written discovery,

- 2 -

document production discovery and the taking of oral depositions;[2]

e.  Manage the selection of all cases for trial setting;

f.  Coordinate the initiation of, and conduct discovery on behalf of Direct Action Plaintiffs consistent with the requirements of the California Code of Civil Procedure and Rules of Court or any order of this Court;

g.  Assign work for the investigation and discovery of common liability and damages matters for all Direct Action Plaintiffs' counsel, and delegate specific tasks to other Direct Action Plaintiffs' counsel, in a manner to ensure that pretrial preparation for Individual Plaintiffs is conducted effectively, efficiently and economically;

h.  Enter into stipulations, on behalf of Direct Action Plaintiffs, with opposing counsel as necessary for the conduct of the litigation;

i.  Prepare and distribute to other Individual Plaintiffs' counsel periodic status reports;

j.  Perform such other duties as may be necessary to the representation of Individual Plaintiffs, proper coordination of Individual Plaintiffs' activities or authorized by order of the Court; and

k.  Submit, if appropriate, additional Individual Plaintiffs' committees and counsel for designation by the Court.

**2.  Individual Plaintiffs' Liaison Counsel**

The Court appoints the following lawyers as Individual Plaintiffs' Liaison Counsel:

> Khaldoun A. Baghdadi
> Walkup, Melodia, Kelly & Schoenberger
> 650 California Street, 26th Floor
> San Francisco, CA 94108
> Tel: (415) 981-7210
> kbaghdadi@walkuplawoffice.com

---

[2] Discovery initiated by Defendants directed to specific individual plaintiffs shall be handled by the attorney for those specific individuals.

- 3 -

Amy Eskin
Levin Simes LLP
44 Montgomery Street, Floor 32
San Francisco, CA 94104
Tel: (415) 426-3000
aeskin@levinsimes.com

Steven J. Skikos
Skikos, Crawford, Skikos & Joseph, LLP
One Sansome Street, Suite 2830
San Francisco, CA 94104
Tel: (415) 546-7300
sskikos@skikos.com

Liaison Counsel shall be members of the Plaintiffs' Executive Committee and have the following responsibilities:

    a.    Upon the designation of Individual Plaintiffs' Lead Counsel, appear before the Court and present the position of Individual Plaintiffs at all Case Management Conferences, Status Conferences, or other court ordered hearings;

    b.    To make available to the Court, to counsel for Individual Plaintiffs, and to counsel for Defendants an up-to-date comprehensive Service List of all Individual Plaintiffs' counsel (including the date of the most recent revision);

    c.    To receive and distribute to Individual Plaintiffs' counsel as appropriate, orders, notices and correspondence from the Court;

    d.    To maintain and make available to other Individual Plaintiffs, on reasonable notice and at reasonable times, a complete set of all filed pleadings and orders filed and/or served in these coordinated proceedings; and

    e.    To coordinate the filing of notices and papers by any Individual Plaintiff, including the designation of responsibilities to encourage the filing of a

- 4 -

single set of papers by the Individual Plaintiffs in situations where the Individual Plaintiffs have a common position.

**3.     Individual Plaintiffs' Executive Committee**

The Court appoints the lawyers and firms identified in Addendum A to the Individual Plaintiffs' Executive Committee. Individual Plaintiffs' Executive Committee shall have the following responsibilities with respect to matters of common concern to all Individual Plaintiffs:

a.     Coordination of Individual Plaintiffs' pretrial activities and work performed by the Individual Plaintiffs' lead counsel and liaison counsel;

b.     Calling meetings of Individual Plaintiffs' counsel when appropriate and to consult with Individual Plaintiffs' counsel on matters of common concern;

c.     Designating additional Individual Plaintiffs' subcommittees to perform services on behalf of Individual Plaintiffs and designate additional Individual Plaintiffs' counsel to serve on such subcommittees; and

d.     When appropriate, chairing and organizing Individual Plaintiffs' sub-committees as necessary to address specific issues of concern to claims of Individual Plaintiffs, Subrogation Plaintiffs, Government Plaintiffs and Class Plaintiffs.

**4.     Individual Plaintiffs' Steering Committee**

The Court appoints the lawyers and firms identified in Addendum B to the Individual Plaintiffs' Steering Committee. The Individual Plaintiffs' Steering Committee shall have the following responsibilities with respect to matters of common concern to all Individual Plaintiffs:

a.     To meet, strategize, and provide guidance to Individual Plaintiffs' Lead Counsel, Liaison Counsel, and Executive Committee with respect to the

Case: 19-30088    Doc# 721    Filed: 03/01/19    Entered: 03/01/19 11:23:45    Page 54 of 74

direction of Individual Plaintiffs' pretrial activities and overall litigation strategy;

b. To provide recommendations concerning the execution of Individual Plaintiffs' pretrial activities and work performed by the Individual Plaintiffs' lead counsel and liaison counsel, including the drafting of motions and opposing briefs and taking of depositions;

c. To call meetings of Individual Plaintiffs' counsel when appropriate and to consult with Individual Plaintiffs' counsel on matters of common concern; and

d. Serve on additional Individual Plaintiffs' subcommittees to perform services on behalf of Individual Plaintiffs and designate additional Individual Plaintiffs' counsel to serve on such subcommittees.

**B.    Public Entity Plaintiffs**

The Court appoints the following lawyer as Lead Counsel:

> Scott Summy
> Baron & Budd, P.C.
> 3102 Oak Lawn Ave #1100
> Dallas, TX 75219
> Tel: (214) 521-3605
> ssummy@baronbudd.com

Public Entities' Lead Counsel shall be responsible for responding to discovery, briefing, and argument of issues that are specific to the Public Entity cases. Public Entities' Lead Counsel shall maintain a current listing of all filed Public Entity cases and identify same for the Executive Plaintiffs Committee, Defendants and the Court. Counsel in any Public Entity cases shall cooperate with the Lead Counsel for Individual Plaintiffs, Public Entities' Lead Counsel and the Court in the production of information necessary to prepare for any status conference or in the scheduling of any discovery, or hearing.

- 6 -

## C. Class Action Plaintiffs

The Class Action committee will be formed and the Committee Chairs are identified below:

> Elizabeth Cabraser
> Lexi Hazam
> Lieff Cabraser Heimann & Bernstein, LLP
> 275 Battery Street, 29th Floor
> San Francisco, CA 94111-3339
> Tel: (415) 956-1000
> ecabraser@lchb.com
> lhazam@lchb.com

The Committee shall be responsible for the prosecution and management of the class actions, including discovery, briefing, and argument of issues that are specific to the class cases. The Committee shall maintain a current listing of all filed class action cases and identify same for Lead Counsel for Individual Plaintiffs, Defendants and the Court. Counsel in any Class Action case shall cooperate with the Committee, Lead Counsel for Individual Plaintiffs and the Court in the production of information necessary to prepare for any status conference or in the scheduling of any discovery, or hearing. The Committee should evaluate consolidated complaints and certification hearings, and report in the next CMC statement its views on the timing of these. While there is no stay of class related discovery, the Committee expects that the liability discovery described below will be used for certification briefing.

## D. Subrogation Plaintiffs

The Court appoints the following lawyers as Lead Counsel and Liaison Counsel for the Subrogation Plaintiffs and the Executive Committee for Subrogation Plaintiffs. They have the same duties/responsibilities within/to the Subrogation Plaintiffs group as the lawyers serving as Lead Counsel and Liaison Counsel and the Executive Committee for the Individual Plaintiffs:

- 7 -

### 1. Lead Counsel for Subrogation Plaintiffs[3]

Shawn Caine
The Law Offices of Shawn E. Caine
1221 Camino Del Mar
Del Mar, CA 92014
Tel: (619) 838-1365
scaine@cainelaw.com

Mark Grotefeld
Grotefeld Hoffmann
Shepard Mountain Plaza
6034 West Courtyard Drive, Suite 200
Austin, TX 78730
Tel: (737) 226-5310
mgrotefeld@ghlaw-llp.com

Howard Maycon
Cozen O'Connor
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Tel: (213) 892-7900
hmaycon@cozen.com

Maura Walsh Ochoa
Grotefeld Hoffmann
700 Larkspur Landing Circle, Suite 280
Larkspur, California 94939
Tel: (415) 344-9670
mochoa@ghlaw-llp.com

Craig Simon
Berger Kahn, A Law Corporation
1 Park Plaza, Suite 340
Irvine, CA 92614
Tel: (949) 748-4444
csimon@bergerkahn.com

Lead Counsel for Subrogation Plaintiffs shall be responsible for discovery, briefing, and argument of issues that are specific to the Subrogation cases. Lead Counsel for the Subrogation Plaintiffs shall maintain a current listing of all filed Subrogation cases and identify same for Lead Counsel for Individual Plaintiffs, Defendants and the Court. Counsel in any Subrogation cases shall cooperate with Lead Counsel for the Subrogation Plaintiffs, Subrogation Plaintiffs' Executive Committee and the Court in the production of information necessary to prepare for

---

[3] The rights and obligations of Lead Counsel for Subrogation Plaintiffs mirror the rights and obligations of Lead Counsel for Individual Plaintiffs.

- 8 -

any status conference or in the scheduling of any discovery, or hearing.

**2.     Liaison Counsel for Subrogation Plaintiffs**

Alan Jang
Jang & Associates
1766 Lacassie Avenue, Suite 200
Walnut Creek, CA 94596
Tel: (925) 937-1400
ajang@janglit.com

Scott Loewe
Bauman Loewe Witt & Maxwell, PLLC
8765 East Bell Road, Suite 210
Scottsdale, Arizona 85260
Tel: (480) 502-4664
sloewe@blwmlawfirm.com

Waylon Pickett
Grotefeld Hoffmann
0324 SW Abernethy Street
Portland, Oregon 97239
Tel: (503) 384-2772
wpickett@ghlaw-llp.com

**3.     Subrogation Plaintiffs' Executive Committee**

Mark Bauman
Bauman Loewe Witt & Maxwell, PLLC
8765 East Bell Road, Suite 210
Scottsdale, Arizona 85260
Tel: (480) 502-4664
mbauman@blwmlawfirm.com

Kevin Bush
Cozen O'Connor
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Tel: (213) 892-7900
kbush@cozen.com

Tim Cary
Stutman Law
1260 Corona Pointe Ct., Suite 306
Corona, CA 92879
Tel: (951) 963-1298
caryt@stutmanlaw.com

Eric Schroeder
Schroeder Loscotoff

-9-

| | |
|---|---|
| 1 | 7410 Greenhaven Dr., Ste. 200 |
| 2 | Sacramento, CA 95831 |
| | Tel: (916) 438-8306 |
| 3 | emschroeder@calsubro.com |

**II.    DEFENDANTS' COUNSEL**

Defendants are represented by Cravath, Swaine & Moore LLP, Wilson Sonsini Goodrich & Rosati and Clarence Dyer & Cohen LLP.

Evan R. Chesler,
Timothy G. Cameron
Kevin J. Orsini
Damaris Hernandez
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 8th Avenue
New York, New York 10019
Tel: (212) 474-1000
echesler@cravath.com
tcameron@cravath.com
korsini@cravath.com
dhernandez@cravath.com

Keith E. Eggleton
John P. Flynn
Rodney G. Strickland
Colleen Bal
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, California 94304, and
One Market Plaza, Suite 3300
San Francisco, CA 94105
Tel: (650) 493-9300
Tel: (415) 947-2000
keggleton@wsgr.com
jflynn@wsgr.com
rstrickland@wsgr.com
cbal@wsgr.com

Kate Dyer
Clarence Dyer & Cohen LLP
899 Ellis Street
San Francisco, California 94109
Tel: (415) 749-1800
kdyer@clarencedyer.com

- 10 -

**JURISDICTION AND WAIVER OF SERVICE OF PROCESS**

The parties agree that this court has jurisdiction over the parties and that there are no challenges to personal or subject matter jurisdiction. The parties have met and conferred and Defendants have agreed to waive service of process in cases filed in JCCP No. 4955 in which they are named. For such cases, Plaintiffs shall send the Notice of Adoption of Short Form Complaint and Short Form Complaint by email to the following individuals, Kevin J. Orsini (korsini@cravath.com), Brittany L. Sukiennik, (bsukennik@cravath.com), Keith E. Eggleton (keggleton@wsgr.com), and Rodney Strickland (rstrickland@wsgr.com) or by U.S. Mail to:

> Kevin J. Orsini
> Brittany L. Sukiennik
> Cravath, Swaine & Moore LLP
> Worldwide Plaza
> 825 8th Avenue
> New York, New York 10019-7475
>
> Keith E. Eggleton
> Rodney G. Strickland
> Wilson Sonsini Goodrich & Rosati, EC
> 650 Page Mill Road
> Palo Alto, California 94304

The parties agree that complying with these provisions shall constitute personal service of process under the California Code of Civil Procedure.

### A.    Master Pleadings

The parties agree that a Master Complaint for Individual Plaintiffs, a Master Complaint for Subrogation Plaintiffs and a Master Complaint for the Public Entity Plaintiffs shall be lodged with the Court. Corresponding Master Answers for Defendants in response to each of the three Master Complaints shall govern the pleadings for those actions.[4] Drafts of the applicable Master Complaints for the Individual Plaintiffs, Public Entity Plaintiffs and Subrogation Plaintiffs are being exchanged and will be presented to the Court.

---

[4] Subsections B, C and D do not apply to the Class Action Plaintiffs.

**B.     Challenges to Master Pleadings**

The parties anticipate a single challenge to the Master Complaints concerning the applicability of inverse condemnation to a private utility.

Defendants will file that challenge on March 16, 2018. The Individual Plaintiffs' Lead Counsel (on behalf of the Direct Action Plaintiffs) and the Subrogation Plaintiffs' Lead Counsel shall each file their opposition no later than April 16, 2018. Defendants will file a single reply to both oppositions, which shall not exceed 20 pages, by April 30, 2018. The hearing is set for **May 18, 2018 at 9:00 a.m.**

**C.     Notice of Adoption of Master Complaint and Master Answer**

The parties will meet and confer regarding the Notice of Adoption of Master Complaint, and Notice of Potential Add-On Cases and Request for Coordination. Plaintiffs will provide Defendants the applicable documents for review and submission to the Court. The Master Complaints shall be filed no later than March 12, 2018. The Master Answers shall be filed no later than March 16, 2018. The Master Complaints and the Master Answers will not be verified.

**1.     Notice of Adoption of Master Complaint**

Each Direct Action Plaintiff or Subrogation Plaintiff with a case already on file in JCCP No. 4955 shall serve on their respective Lead Counsel a Notice of Adoption of Master Complaint within 30 days of the date the Master Complaint is filed. The Notice of Adoption shall contain the following information: 1) the name and address of each plaintiff; 2) the fire(s) by which each plaintiff was allegedly harmed;[5] 3) the causes of action each plaintiff is joining and against which defendant(s) they are pled; and 4) the categories of damages allegedly incurred by each plaintiff and for which that plaintiff is seeking recovery and from which defendant(s).

For existing Individual Plaintiffs, the filing of a Notice of Adoption of Master Complaint

---

[5] Counsel are to agree on a naming convention for the fires.

- 12 -

shall not require the payment of an additional filing fee or a new case number. Each Notice of Adoption shall constitute an amended complaint for all purposes. Upon filing the Notice of Adoption, the Master Complaint, as amended by the Plaintiff's Notice of Adoption, shall be the operative pleading. The date on which the Master Complaint is filed shall have no bearing on whether any Plaintiff has satisfied the applicable statute of limitations. Rather, the date on which an individual Plaintiff's properly filed original complaint initiating his or her action was filed shall be the operative date for statute of limitations purposes.

For cases naming more than one Plaintiff, except those naming a derivative Plaintiff (e.g., an heir asserting a wrongful death claim) each Plaintiff must file an individual Notice of Adoption.[6]

### 2.    Notice of Adoption of Master Answer

The Defendants' Notice of Adoption of Master Answer must be filed within 30 days of the filing of Plaintiffs' Notice of Adoption of Master Complaint. All responses pled in PG&E's Master Answer will be deemed pled in any previously filed Complaint and Responsive Pleading now pending in this JCCP proceeding, and in any Notice of Adoption filed thereafter.

### 3.    Cases to Be Filed

Plaintiffs who have not yet filed an action will initiate an action by Filing a Short Form Complaint and Notice of Adoption of Master Complaint, in a proper venue in California. As indicated above, the Notice of Adoption shall contain the following information: 1) the name and address of each plaintiff; 2) the fire(s) by which each plaintiff was allegedly harmed; 3) the causes of action each plaintiff is joining and against which defendant(s) they are pled; and 4) the categories of damages allegedly incurred by each plaintiff and for which that plaintiff is seeking recovery and from which defendant(s).

---

[6] Members of a single household need only file one notice of adoption.

- 13 -

Upon that filing, the Master Complaint, as Amended by the Notice of Adoption, shall be the operative pleading. The date on which the Master Complaint is filed shall have no bearing on whether any Plaintiff has satisfied any applicable statute of limitations. Rather, the later date on which an individual Plaintiff properly filed the Short Form Complaint or Notice of Adoption initiating his or her action shall be the operative date for statute of limitations purposes. For any future case filed, the Plaintiff must include a civil cover sheet identifying this JCCP (California North Bay Fire Cases, JCCP No. 4955).

### D.     Adding Cases into These Coordinated Proceedings

Add-on cases may be handled by stipulation of all parties or by petition of Defendants consistent with the procedures and requirements of CRC 3.531 and C.C.P. § 404.4.

### E.     Cross-Complaints

The parties agree that Defendants may or may not file cross-complaints as they choose.

However, if a cross-complaint is not filed at the time Defendants file the Master Answers, but instead is filed by an existing Defendant at a later date, by whatever means or procedure, such later filing will not, absent good cause or as otherwise provided by the Code of Civil Procedure, constitute cause for delay of any then-existing trial date or trial.

### Discovery Phases

The parties have agreed to stage discovery. Stage One relates to: 1) liability discovery; and 2) damages discovery from Individual Plaintiffs, Public Entity Plaintiffs and Subrogation Plaintiffs. Stage Two relates to expert discovery on issues of both liability and damages and will be subject to further order of this Court.

- 14 -

**Stage One: Liability Discovery**

     **1.**     **By Direct Action and Subrogation Plaintiffs.**

Liability discovery shall be conducted as directed by Lead Counsel for the Individual Plaintiffs and Lead Counsel for Subrogation Plaintiffs. Lead Counsel for Individual Plaintiffs have informed counsel for PG&E regarding the initial round of liability discovery that includes: a set of initial Requests for Admission to elicit whether PG&E is contesting causation on the origin of each of the North Bay Fires; a Deposition notice for the person most qualified at PG&E on the general topics of how the company stores, accesses, exchanges and retrieves data on vegetation management and electrical infrastructure; and a request for inspection and/or production of photographs or recordings of any item of physical evidence related to PG&E equipment or vegetation inspected as a potential cause of a fire included in these proceedings. Direct Action Plaintiffs and Subrogation Plaintiffs may seek liability discovery concerning the origin and cause of each of the North Bay Fires:, such as vegetation management, electrical infrastructure and wildfire risk management.

Prior to serving Defendants with liability discovery, Direct Action Plaintiffs and Subrogation Plaintiffs have agreed to cooperate in good faith to coordinate such discovery. Either the Individual Plaintiffs' Lead Counsel (on behalf of Direct Action Plaintiffs) or the Subrogation Plaintiffs' Lead Counsel may serve discovery on Defendants. After liability discovery is served on Defendants, regardless of which Plaintiff group was the serving party, the Individual Plaintiffs' Lead Counsel (on behalf of Direct Action Plaintiffs) and the Subrogation Plaintiffs' Lead Counsel shall collectively meet and confer with Defendants concerning Defendants' discovery responses. Plaintiffs shall not serve duplicative or cumulative discovery on Defendants.

Should any Plaintiff or law firm after consultation with the Individual Plaintiffs' Lead Counsel and the Subrogation Plaintiffs' Lead Counsel believe that they need to propound liability discovery that has not been or will not be propounded by the Individual Plaintiffs' Lead

Case: 19-30088   Doc# 721   Filed: 03/01/19   Entered: 03/01/19 11:23:45   Page 64 of 74

Counsel or the Subrogation Plaintiffs' Lead Counsel, such Plaintiff or law firm may seek an order from the Court allowing such discovery to be propounded. Otherwise, no Plaintiff may serve separate liability discovery.

### 2. By Defendants

Defendants will serve any liability discovery directed to any specific individual Plaintiff or the Subrogation Plaintiffs on Individual Plaintiffs' Lead Counsel, Subrogation Plaintiffs' Lead Counsel and counsel of record for the specific individual plaintiff(s). Where appropriate, the Direct Action Plaintiffs or Subrogation Plaintiffs will serve Defendants with a Master Response. To the extent such discovery relates to a specific Plaintiffs' group, Defendants may serve such discovery requests on Lead Counsel for each applicable Plaintiffs' group or, in the case of the Class Action Plaintiffs, the Committee, Lead Counsel or Committee shall similarly serve Defendants with a Master Response for such group.

### Stage One: Damages Discovery

### 3. Subrogation Plaintiffs

Damages discovery may be propounded to all Subrogation Plaintiffs in a Master Request to All Subrogation Plaintiffs. The Subrogation Plaintiffs will serve a Master Response to the Master Request to All Subrogation Plaintiffs, and each Subrogation Plaintiff will then serve an Adoption of the Master Response in Full or in Part. If the response adopts "in Part", the responding Subrogation Plaintiff will set forth any answers that are different from the Master Response in the Adoption. These Adoptions will be verified by each responding Subrogation Plaintiff.

The Subrogation Plaintiffs will set forth a list of claims for which they are seeking reimbursement. The Subrogation Plaintiffs will provide to Defendants an updated list of the names, addresses, dates of loss, claim numbers, the amounts paid by Subrogation Plaintiffs and

- 16 -

open reserves (as that information is available) as to each of the subrogated claims for which they are seeking reimbursement (hereinafter the "List of Claims") not later than June 30, 2018. The Subrogation Plaintiffs will provide an updated List of Claims at least on a quarterly basis, or more frequently as necessary to advise Defendants of additional payments made on any claims, and/or as reasonably requested by the Defendants. In any event, Subrogation Plaintiffs will provide a final List of Claims to Defendants on or before October 31, 2020 (prior to the statute of limitations), which will constitute the final list of claims to be included in the litigation.[7] The original and/or any amended adoption complaint filed by the Subrogation Plaintiffs will be deemed to set forth all of the information in the List of Claims provided to Defendants pursuant to this order. Any claims not disclosed by the Subrogating Plaintiffs on or before October 31, 2020, will be barred by statute.

The parties agree that the Lists of Claims provided by the Subrogation Plaintiffs will not be admissible in evidence unless the Defendants later reach an agreement with the Subrogation Plaintiff that prepared the List of Claims that the List of Claims is admissible.

The Subrogation Plaintiffs will produce claim files on a rolling basis. The parties will meet and confer regarding a schedule and protective order to govern the production of claim files and will report back to the Court on this issue in the next joint CMC statement. The Subrogation Plaintiffs will continue to produce on a rolling basis any supplements to the claim files as required to update Defendants on any additional payments made on the claims following the production of the claim files. Defendants will also be notified of additional payments on any of the claims by the Subrogating Plaintiffs by the periodic production of an updated List of Claims. Claim files may be requested sooner for any Plaintiff claiming a preference or on a case-by-case basis, and Subrogation Plaintiffs will make every effort to produce such claim files within 15 days of a request.

---

[7] This is not an implication that trials be delayed until after this date.

### 4.    Individual Plaintiffs

Each individual plaintiff shall complete the Notice of Adoption of Master Complaint which contains specific facts regarding the case. All other damages case specific discovery is stayed including any written discovery, contention discovery, or deposition discovery until further order of the court and as contemplated by sections below relating to bellwether trial settings and preference trial settings.

**Privileged Communications**

Pursuant to the parties' agreement, the communication, transmission, or dissemination of information of common interest among Plaintiffs' counsel or among Defendants' counsel shall be protected by the attorney-client privilege, the protections afforded by the attorney work product doctrine, the protections afforded to material prepared for litigation or any other privilege to which a party may otherwise be entitled. Further, cooperative efforts shall not in any way be used against any of the parties, be cited as purported evidence of conspiracy, wrongful action or wrongful conduct, and shall not be communicated to any jury.

**Trial**

*Preferential Trial Settings*: The Plaintiffs anticipate that it may be appropriate to file motions for preferential trial settings per C.C.P. § 36.

*Bellwether Process*: The parties have agreed to meet and confer on the scope and procedure relating to any potential bellwether process, including a bellwether case selection process, case specific discovery and law and motion practice in bellwether and non-bellwether cases, if any, and the conduct of bellwether trials. The parties contemplate that if they agree upon a bellwether process, an order of this Court relating to the bellwether process will include: trial settings and the bellwether selection process, discovery and motion practice appropriate for

Case: 19-30088    Doc# 721    Filed: 03/01/19    Entered: 03/01/19 11:23:45    Page 67 of 74

bellwether selected cases, and whether or not motion practice may be appropriate to cases outside of those selected as bellwethers.

*Jury or Non-Jury*: Plaintiffs demand jury trials.

*Trial Date*: Trial dates and length, and close of discovery dates will be set in future case management conferences.

*Place of Trial*: Complaints in this matter have been filed in the Superior Court of Napa, Sonoma, and San Francisco. Locations of trials are reserved for future consideration.

**_Pro Hac Vice_ Admissions:**

A number of counsel have been admitted *pro hac vice* in the underlying cases now coordinated in this JCCP. Such counsel are deemed admitted for all purposes in this JCCP and all current and future actions coordinated in this JCCP. Counsel not yet been admitted *pro hac vice* shall file his or her *pro hac vice* application with this Court.

*Protective Order*: The parties are expected to present a proposed stipulated protective order within 30 days. I ask the parties to review the Department's User Manual especially on sealing issues, and to resist the urge to over-designate under the protective order.

**Next Case Management Conference**

A date will be selected for the next CMC at the May 18, 2018 hearing. In addition to issues noted above, the parties are invited to advise on (1) the status of a discovery plan, including discovery focused on e.g., (i) PG&E policies and actions and (ii) causes and circumstances of ignitions; (2) whether a cut-off date for the addition of new parties should be set (which could be avoided on a showing that new information supported leave of court to add

- 19 -

the party); a general description of the discovery required for meaningful settlement discussions, and the likely time needed to acquire it.

Dated: March 6, 2018

_____
Curtis E.A. Karnow
Judge Of The Superior Court

1 ***Addendum A – Individual Plaintiffs' Executive Committee***

2      Individual Plaintiffs request that the Court appoint the following attorneys and firms to the

3 Executive Committee:

4 Mary Alexander
  Mary Alexander & Associates, P.C.
5 44 Montgomery Street, Suite 1303
  San Francisco, CA 9410 I
6 Tel: (415) 433-4440
  malexander@maryalexanderlaw.com

7

8 Thomas Brandi
  The Brandi Law Firm
  354 Pine St. Floor, 3rd floor
9 San Francisco, CA 94104-3231
  Tel (415) 989-1800
10 tjb@brandilaw.com

11 Elizabeth Cabraser
  Lexi Hazam
12 Lieff Cabraser Heimann & Bernstein, LLP
  275 Battery Street, 29th Floor
13 San Francisco, CA 94111-3339
  Tel: (415) 956-1000
14 ecabraser@lchb.com
  lhazam@lchb.com

15
  Steven M. Campora
16 Dreyer Babich Buccola Wood Campora LLP
  20 Bicentennial Circle
17 Sacramento, CA 95826
  Tel: (916) 379-3500
18 scampora@dbbwc.com

19 Ahmed S. Diab
  Dixon Diab & Chambers LLP
20 501 W. Broadway, Suite 800
  San Diego, CA 92101
21 Tel: (619) 354-2662
  diab@theddcfirm.com

22
  Amy Eskin **(Co-Liaison)**
23 Levin Simes LLP
  44 Montgomery Street, Floor 32
24 San Francisco, CA 94104
  Tel: (415) 426-3000
25 aeskin@levinsimes.com

26

27

28

Dario de Ghetaldi
Corey, Luzaich, de Ghetaldi & Riddle LLP
700 El Camino Real
Millbrae, CA 94030
Tel: (650) 871-5666
deg@coreylaw.com

Michael A. Kelly **(Co-Lead)**
Khaldoun A. Baghdadi **(Co-Liaison)**
Walkup, Melodia, Kelly & Schoenberger
650 California Street, 26th Floor
San Francisco, CA 94108
Tel: (415) 981-7210
mkelly@walkuplawoffice.com
kbaghdadi@walkuplawoffice.com

Brendan M. Kunkle
Michael Green
Abbey, Weitzenberg, Warren & Emery
100 Stony Point Rd, Suite 200
Santa Rosa, CA 95401
Tel: (707) 542-5050
bkunkle@abbeylaw.com
mgreen@abbeylaw.com

Brian Panish
Rahul Ravipudi
Panish Shea & Boyle, LLP
11111 Santa Monica Blvd. #700
Los Angeles, CA 90025
Tel: (310) 477-1700
panish@psblaw.com
ravipudi@psblaw.com

Frank Pitre **(Co-Lead)**
Cotchett, Pitre & McCarthy, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
fpitre@cpmlegal.com

Bill Robins III **(Co-Lead)**
Robins Cloud, LLP
808 Wilshire Boulevard, Suite 450
Santa Monica, CA 90401
Tel: (310) 929-4200
robins@robinscloud.com

Case: 19-30088   Doc# 721   Filed: 03/01/19   Entered: 03/01/19 11:23:45   Page 70 of 74

1  Mark Robinson
   Robinson Calcagnie, Inc.
2  19 Corporate Plaza Dr.
   Newport Beach, CA 92660
3  Tel: (949) 720-1288
   mrobinson@robinsonfirm.com
4
   Steve Skikos (**Co-Liaison**)
5  Greg Skikos
   Matt Skikos
6  Skikos, Crawford, Skikos & Joseph, LLP
   One Sansome Street, Suite 2830
7  San Francisco, CA 94104
   Tel: (415) 546-7300
8  sskikos@skikos.com
   gskikos@skikos.com
9  mskikos@skikos.com

   Scott Summy (**Lead for Public Entities**)
   Baron & Budd
   N 7000 Mopac Service Road #200
   Austin, TX 78731
   Tel: (214) 521-3605
   ssummy@baronbudd.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

ADDENDUM A - PLAINTIFFS' EXECUTIVE COMMITTEE - JCCP No. 4955

**Addendum B – Individual Plaintiffs' Steering Committee**

Individual Plaintiffs request that the Court create and name the following individuals to a

Steering Committee:

Elliot Adler
Adler Law Group, APLC
402 W. Broadway, Suite 860
San Diego, CA 92101
Tel: (619) 531-8700
eadler@theadlerfirm.com

Michael Caddell
Cynthia Chapman
Caddell & Chapman
628 E. 9th Street
Houston, TX 77077
Tel: (713) 751-0400
mac@caddellchapman.com
cbc@caddellchapman.com

Don Edgar
Edgar Law Firm
408 College Avenue
Santa Rosa, CA 95401
Tel: (707) 799-4090
don@classattorneys.com

Dave Fox
Fox Law, APC
Plaza Building
225 West Plaza Street, Suite 102
Solana Beach, CA 92075
Tel: (858) 256-7616
dave@foxlawapc.com

Sean Higgins
Andrews & Thornton
2 Corporate Park, Suite 110
Irvine, California 92606
Tel: (949) 748-1000
shiggins@andrewsthornton.com

John F. McGuire
Thorsnes Bartolotta McGuire, LLP
2550 Fifth Avenue, 11th Floor
San Diego, CA 92103
Tel: (619) 236-9363
mcguire@tbmlawyers.com

Patrick McNicholas
McNicholas & McNicholas, LLP
10866 Wilshire Blvd., Suite 1400
Los Angeles, CA 90024
Tel: (310) 474-1582
pmc@mcnicholaslaw.com

Francis O. Scarpulla
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Tel: (415) 788-7210
fos@scarpullalaw.com

Christopher Sieglock
Sieglock Law, APC
1221 Camino Del Mar
Del Mar, CA 92014
Tel: (858) 793-0380
chris@sieglocklaw.com

Gerald Singleton
Singleton Law Firm
115 Plaza St
Solana Beach, CA 92075
Tel: (760) 697-1330
gerald@slffirm.com

Terry L. Singleton
Terry Singleton, APC
1950 5th Avenue, Suite 200
San Diego, CA 92101-2344
Tel: (619) 239-3225
terry@terrysingleton.com

Tom Tosdal
777 South Highway 101, Suite 215
Solana Beach, CA 92075
Tel: (858) 704-4709
tom@tosdallaw.com

Mikal C. Watts
Guy Watts
Watts Guerra LLP
5726 W. Hausman Rd, Suite 119
San Antonio, Texas
Tel: (210) 527-0500
mcwatts@wattsguerra.com
gwatts@wattsguerra.com

1

Case: 19-30088    Doc# 721    Filed: 03/01/19    Entered: 03/01/19 11:23:45    Page 72 of 74

Ben Wilson
Morgan & Morgan, PLLC
4450 Old Canton Rd. Suite 200
Jackson, MS 39211
Tel: (601) 949-3388
BWilson@ForThePeople.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

ADDENDUM B - PLAINTIFFS' STEERING COMMITTEE - JCCP No. 4955

## CERTIFICATE OF ELECTRONIC SERVICE
### (CCP 1010.6(6) & CRC 2.260(g))

I, DANIAL LEMIRE, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

On **MAR 6 – 2018**, I electronically served THE ATTACHED DOCUMENT via File & ServeXpress on the recipients designated on the Transaction Receipt located on the File & ServeXpress website.

Dated:

**MAR 6 – 2018**

T. Michael Yuen, Clerk

By: _____
DANIAL LEMIRE, Deputy Clerk