WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br>                          Debtors. <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br> (Lead Case) <br> (Jointly Administered) <br><br> **SUPPLEMENTAL MOTION PURSUANT TO 11 U.S.C. §§ 105, 363(b), 507(a), AND 541(d) AND FED. R. BANKR. P. 6004 AUTHORIZING DEBTORS TO PAY PREPETITION TAXES AND ASSESSMENTS AND GRANTING RELATED RELIEF** <br><br> Date: March 27, 2019 <br> Time: 9:30 a.m. (Pacific Time) <br> Place: United States Bankruptcy Court <br>        Courtroom 17, 16th Floor <br>        San Francisco, CA 94102 |

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Supplemental Motion (the "**Supplemental Motion**") with respect to the *Motion of Debtors Pursuant to 11 U.S.C. §§ 105, 363, 507(a), and 541(d) and Fed. R. Bankr. P. 6003 and 6004 for Interim and Final Authority to Pay Certain Prepetition Taxes and Assessments and Granting Related Relief* [Docket No. 11] (the "**Tax Motion**"). In support of this Supplemental Motion, the Debtors submit the Declaration of Mark Caron, Vice President of Tax at PG&E (the "**Caron Declaration**"), filed concurrently herewith.

A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Order**").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief [Docket No. 263] (the "**Wells Declaration**").

## III. THE ADDITIONAL PASS THROUGH FEES

On the Petition Date, the Debtors filed the Tax Motion[1] seeking authority to, *inter alia*, pay prepetition taxes, assessments, fees, and other charges incurred in the ordinary course of business, including any such taxes, assessments, fees, and charges subsequently determined upon audit, or otherwise, to be owed (collectively, the "**Taxes and Assessments**"). The relief requested in the Tax

---

[1] Capitalized terms used herein unless otherwise defined have the meanings ascribed to such terms in the Tax Motion.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Motion was granted by the Court on a final basis by Order dated February 27, 2019 [Docket No. 698] (the "**Final Tax Order**").

Among the various Taxes and Assessments described in the Tax Motion, the Debtors sought authority and were authorized pursuant to the Final Tax Order to pay certain Pass Through Fees, which include utility users tax, excessive electric use tax, business license tax, and city franchise surcharges and other fees collected through customer billings and remitted to the applicable state and local municipalities. The method of calculation of Pass Through Fees is set by statute or local ordinance, but Pass Through Fees are typically based either on total revenues allocated based on the miles of line within the public right of way of the local jurisdiction or on a specified percentage of the Debtors' gross revenues within a city's boundaries. In the Tax Motion, the Debtors indicated that approximately $79,700,000 in Pass Through Fees were owed as of the Petition Date.

Subsequent to the filing of the Tax Motion, the Debtors discovered that an aggregate amount of approximately $170 million in additional Pass Through Fees (the "**Additional Pass Through Fees**") were inadvertently excluded from the estimated amount of outstanding prepetition Pass Through Fees set forth in the Tax Motion. More specifically, the Additional Pass Through Fees consist of franchise fees, franchise fee surcharges, and city franchise surcharges (collectively, "**Franchise Fees**") that the Debtors owe to approximately 260 cities and counties in California in consideration of the Debtors' right to use public streets and property. The estimated amount of Pass Through Fees set forth in the Tax Motion only included an estimate for Franchise Fees and related charges with respect to the first month of 2019. Inadvertently, the estimated amount of outstanding Franchise Fees for calendar year 2018, which under the statutory procedure[2] the Debtors are required to calculate and remit on March 31, 2019 or April 15, 2019 (depending on the individual franchise agreement), were omitted from the estimate in the Tax Motion. The estimated amount of such Franchise Fees is consistent with such fees remitted to local agencies in prior fiscal years. As to the unpaid Franchise Fees for calendar year 2018, approximately $40 million is due and payable on March 31, 2019 with the remaining approximate $130 million coming due and payable on April 15, 2019. The Franchise Fees with respect to January, 2019

---

[2] Municipalities are authorized to grant public utility franchises under either the 1905 Broughton Act (Pub. Util. Code §6001 *et. seq.*), the Franchise Act of 1937 (Pub. Util. Code §6201 *et. seq.*), or the provisions of city charters (*see*, Pub. Util. Code, §6205).

will be payable in March of 2020.

## IV. RELIEF REQUESTED

As stated, the Tax Motion inadvertently excluded reference to the Additional Pass Through Fees referred to above in estimating the aggregate amount of such fees and charges relating to the period prior to the Petition Date. Pursuant to this Motion the Debtors seek authority to pay the Additional Pass Through Fees in the approximate amount of $170 million.

## V. BASIS FOR RELIEF REQUESTED

The Tax Motion sets forth in detail the legal bases that support the relief requested herein and the Debtors incorporate the same into this Supplemental Motion. The Debtors seek to pay the Additional Pass Through Fees to, among other things, prevent the Taxing Authorities from taking actions that may unduly interfere with the administration of these Chapter 11 Cases and impede the Debtors' ability to successfully reorganize.

If the Additional Pass Through Fees are not timely paid, the Debtors may be subject to interest and penalties, which are typically set forth in the applicable municipal code or county code. In at least one jurisdiction, there is a 2% penalty, plus interest, on the amount due if payment is delinquent. Failure to timely pay Franchise Fees also exposes the Debtors to potential claims by local governmental agencies that there has been a material breach of the franchise agreement, resulting in a forfeiture of the underlying franchise agreements. Although the Debtors do not believe that any such assertion necessarily would ultimately be sustained, it nevertheless could result in costly litigation or other potentially adverse consequences. Further, as stated in the Tax Motion, the Additional Pass Through Fees constitute priority claims under the Bankruptcy Code.

The Debtors believe that under these circumstances, it is warranted and appropriate to pay the Additional Pass Through Fees and that the relief requested herein is entirely consistent with the intent and purpose of the relief granted in the Final Tax Order. Additionally, the Debtors believe, and request that the Court find, that paying the Additional Pass Through Fees, and thereby avoiding the potential incurrence of penalties and interest, is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest. Accordingly, the relief requested herein should be granted.

## VI. RESERVATION OF RIGHTS

Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's Order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

## VII. REQUEST FOR BANKRUPTCY RULE 6004 WAIVER

The Debtors request a waiver of any stay of the order granting the relief requested herein pursuant to Bankruptcy Rule 6004(h).  As explained in the Tax Motion, the relief requested herein is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest.  Accordingly, ample cause exists to justify the waiver of the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent such stay applies.

## VIII. NOTICE

Notice of this Supplemental Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (i) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other Court, except as set forth in the Tax Motion.

WHEREFORE the Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties interests, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: March 6, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/ Jane Kim
      Jane Kim

*Proposed Attorneys for Debtors
and Debtors in Possession*

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119