# Exhibit B

**Settlement Agreement**

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE BETWEEN THE PEOPLE OF THE STATE OF CALIFORNIA AND PACIFIC GAS & ELECTRIC COMPANY

This SETTLEMENT AGREEMENT AND RELEASE ("**Agreement**"), is made and entered into between the People of the State of California (the "**People**"), currently represented by the District Attorney of Butte County (the "**District Attorney**"), and Pacific Gas & Electric Company ("**PG&E**"), currently represented by Munger, Tolles & Olson LLP and Clarence, Dyer & Cohen LLP. The People and PG&E are individually referred to herein as "**Party**" and, collectively, as the "**Parties**."

1. **RECITALS**

   This Agreement is entered into with reference to the following facts.

   1.1  PG&E and the District Attorney share a common interest in safety and reducing the risk of fires caused by vegetation coming into contact with power lines and equipment.

   1.2  The Parties enter into this Agreement to promote fire safety in Butte County by creating a "Fire Inspection and Prevention Program" (the "**Program**").

   1.3  The Cherokee Fire, Honey Fire, and LaPorte Fire started on or around October 8–9, 2017, in Butte County (collectively, the "**Fires**").

   1.4  This Agreement is entered into without any admission of liability or wrongdoing on PG&E's part.

2. **ENHANCED FIRE PREVENTION AND COMMUNICATION**

   2.1  <u>Fire Inspection & Prevention Program</u>. PG&E will provide funding through the Butte County District Attorney for an Enhanced Fire Prevention and Communications Program ("**Program**") to be run and administered by the Butte County Fire Department. The Program shall be funded for four years, but may exist up to five years or until funding is depleted, from January 1, 2019 to December 31, 2023 (the "**Effective Period**"). Pursuant to this Program, PG&E agrees to the following:

   2.1.1  <u>Cost</u>. PG&E agrees to provide funding in the amount not to exceed one million five hundred thousand dollars ($1,500,000) over the Effective Period. PG&E will not recover this amount from its customers.

   (1)  The District Attorney represents that this amount will be used to fund: four (4) Butte County Fire Department Defensible Space Inspectors (working for nine (9) months of each year); two (2) vehicles; one All Terrain Vehicle ("**ATV**") and trailer; office equipment; and other associated costs related to effectuate the Program. The estimated cost for each item is as follows.

(A) Personnel expenses for the Effective Period, including salary and benefits, are estimated to cost one million, two hundred twenty five thousand, eight hundred and seventy three dollars, and twenty one cents ($1,225,873.21).

(B) Vehicle expenses for the Effective Period, including the purchase of two (2) vehicles, accessories, and annual fuel and maintenance, are estimated to cost one hundred thirty thousand dollars ($130,000).

(C) ATV expenses for the Effective Period, including the purchase of a vehicle, trailer, and annual fuel and maintenance, are estimated to cost twenty three thousand dollars ($23,000).

(D) Office expenses for the Effective Period, including the purchase of four (4) laptops, field tablets, and cell phones, and the annual cost of cell phone service, are estimated to cost twenty thousand, one hundred and sixty dollars ($20,160).

2.1.2 Compliance. The District Attorney and the County of Butte will ensure funding of the Program will be distributed in accordance with the purposes of the Program and expenses identified herein. The funds to be distributed will be held in a separate Butte County Enhanced Fire Prevention and Communications Special Revenue Fund ("**Fund**") and funds will only be distributed from the Fund to reimburse the Butte County General Fund for the expenses related to the operation of the Program as identified herein. The inspectors hired for this Program will be hired by the Butte County Fire Department, not by PG&E, and will not be contractors or employees of PG&E. PG&E assumes no liability for any such hiring, any use of the vehicles purchased with the funds, or for the Butte County Fire Department's implementation, operation, or supervision of the Program.

2.1.3 Payment Schedule. PG&E shall make payment for the Program to Butte County to be deposited into the Fund. Payment shall be disbursed as follows: (1) the first installment of $500,000 will be paid within thirty (30) days of the Effective Date of this Agreement; (2) the second installment of $500,000 will be paid within one hundred eighty (180) days of the Effective Date of this agreement; (3) the third installment of $400,000 will be paid within three hundred sixty (360) days of the Effective Date; (4) any remaining installment needed to fund the Program, not to exceed $100,000, will be paid upon request of the District Attorney and the Butte County Fire Department after three hundred sixty (360) days of the Effective Date and before the Effective Period expires on December 31, 2023.

(1) "**Effective Date**" shall mean the first day by which the Parties' duly authorized representatives have executed this Agreement.

2.1.4 Inspections. The inspections by the four (4) Butte County Fire Department inspectors funded through the Program shall encompass the following:

(1) Geographic Area. The geographic area of the inspectors shall encompass territories within Butte County qualifying as "State Responsibility Areas" ("**SRAs**") and "Local Responsibility Areas" ("**LRAs**").

(2) <u>Scope of Inspections</u>. The scope of the inspections shall encompass any potential discrepancies, compliance concerns, or violations as defined by Public Resources Code §§ 4292 and 4293, or the guidelines pertaining to PG&E power lines and power poles under California Public Utilities Commission General Order 95, or other fire and safety concerns noted by the inspectors.

(3) <u>Notice & Cure</u>. If the Butte County Fire Department inspectors hired under the Program identify any alleged or potential violation or compliance concern, the Butte County Fire Department shall notify PG&E of each alleged or potential violation or compliance concern by contacting PG&E at the address in this Paragraph (or to such other address that the receiving Party may designate from time to time in accordance with this section) and identifying each alleged or potential violation or compliance concern. If PG&E resolves the alleged or potential violation or compliance concern within a reasonable time not to exceed thirty (30) days of receiving such notice, no citation shall issue for that alleged violation or compliance concern. If there is an alleged or potential violation or compliance concern that the Butte County Fire Department determines is an Imminent Threat (meaning a "burner" or other situation where there is immediate peril of fire), the Butte County Fire Department shall issue to PG&E a Notice of Imminent Threat. PG&E will resolve immediately any Notice of Imminent Threat. For these purposes, "immediately" means within twenty-four (24) hours. Nothing in this Agreement is intended to expand the scope of citations that otherwise could be issued to PG&E. Additionally, nothing in this Agreement relieves PG&E from its duties to maintain and inspect its power lines, poles and equipment regardless of any failure of the Butte County Fire Department to detect a law violation. Additionally, nothing in this Agreement is intended to place or shift any liability for any fires caused in the future by PG&E equipment to Butte County Fire Department or the Butte County District Attorney. If a Force Majeure event, as set forth in Paragraph 5.9 below, prevents reasonable compliance with the time limitations set forth in this Paragraph, then PG&E shall have an additional reasonable time to correct such violations.

(4) <u>Notice</u>. All notices of alleged or potential violations or compliance concerns (including a Notice of Imminent Threat) shall be provided to PG&E to the contact immediately below (or in such other manner as PG&E may designate from time to time in accordance with this section). In addition, a Notice of Imminent Threat shall contain markings designating the notice "URGENT: Notice of Imminent Threat"). Notice contact:

Kamran Rasheed
Senior Manager, Vegetation Management Operations
Pacific Gas and Electric Company
55 East 10th Street
Tracy, CA 95376-4001
Kamran.Rasheed@pge.com
(831) 212-2350

Kathy Martinez
Vegetation Program Manager
Pacific Gas and Electric Company
350 Salem Street
Chico, CA 95928-5331

3

Kathy.Martinez@pge.com
(925) 963-5078

Doug McPherson
Manager, Vegetation Management Operations
Pacific Gas and Electric Company
1220 Anderson Drive
San Rafael, CA 94901-5332
Douglas.McPherson@pge.com
(510) 912-2724

2.2 <u>Enhanced Coordination and Communication</u>. To advance the shared commitment between PG&E and the District Attorney in promoting fire safety, PG&E agrees to participate in quarterly meetings with the Butte County Fire Department and County officials to report on the following: (1) PG&E's vegetation management practices and plans in Butte County; (2) the results of PG&E's Quality Assurance ("QA") and Quality Control ("QC") work in Butte County; and (3) PG&E's vegetation management contractor training and certification materials. At the quarterly meetings, the Butte County Fire Department will report on their findings in the field and any conditions observed relevant to this Agreement.

3. **RELEASE AND COVENANT NOT TO SUE**

3.1 <u>Covenant Not To Bring Charges or Claims</u>. The People, including by and through the District Attorney, any future District Attorney, or current or future representative of the People, agree not to cause, induce, authorize, or voluntarily assist, participate, or cooperate in, the commencement, maintenance, or prosecution of any civil or criminal actions, charges, causes of action, or proceeding against PG&E Released Parties related to the "Settled Matters," as defined in this Paragraph.

3.1.1 **"PG&E Released Parties"** shall mean (a) PG&E Corporation, Pacific Gas and Electric Company and any wholly-owned subsidiaries thereof; and (b) the respective officers, directors, shareholders, affiliates, agents, principals, employees, attorneys, successors, and assigns of the persons and entities described in (a) immediately above.

3.1.2 **"Settled Matters"** shall mean all past, present, and future civil claims or criminal charges of any nature whatsoever in any way relating to the Fires, including without limitation all claims, allegations, damages, liabilities, causes of action, complaints, criminal charges, lawsuits, responsibilities, demands, debts, and obligations of any kind or character, known or unknown, foreseen or unforeseen, asserted or unasserted, existing or contingent, whether at law or in equity, that arise out of, or relate in any way to the Fires, including, but not limited to, civil claims or criminal charges brought under California Public Resources Code §§ 4421, 4292, 4293, 4435; Penal Code § 452 (inclusive); California Health & Safety Code § 13000 *et seq.*; California Health & Safety Code § 12510; California Business & Professions Code § 17200 *et seq.*; and any common law claims that may arise from the Fires.

4

3.1.3  **"Charge"** shall mean any potential criminal charges the People, by and through the Butte County District Attorney, could bring against PG&E through an accusatory pleading, including an indictment or criminal complaint, including but not limited to charges brought under California's Penal Code, Public Resources Code, and Health & Safety Code.

3.1.4  **"Claim"** shall mean any potential civil claim or cause of action, including claims brought under the common law or California statute, the People, by and through the Butte County District Attorney, could bring against PG&E in a civil enforcement complaint or other proceeding.

4.  **REPRESENTATION AND WARRANTIES**

    4.1  Representations and Warranties of the Parties. The Parties each represent and warrant that the statements contained in this Paragraph 4.1 are true and correct.

    4.1.1  Authority and Enforceability. The Parties have been represented by independent counsel in connection with the drafting of this Agreement, and that counsel for each has obtained all requisite power and authority to enter into this Agreement on behalf of each Party, and to carry out its and such Party's obligations hereunder, and to consummate the releases and covenants contemplated in this Agreement.

    4.1.2  Fair and Reasonable. The Parties agree that this Agreement is a fair and reasonable resolution of the Settled Matters and is in the public interest.

    4.1.3  Adequate Investigation. The Parties have each made an investigation of the facts pertaining to this Agreement and to the Settled Matters as they deem necessary. The Parties are aware that they may hereafter discover facts in addition to, contrary to, or different from those they now know or believe to be true with respect to the matters set forth herein. The Parties are not relying on any representations not included within this Agreement. Despite the discovery or existence of any additional, contrary, or different facts, the release in this Agreement shall remain in full and complete effect.

    4.1.4  No Admission. Nothing in the Agreement shall be construed as an admission by PG&E of any civil or criminal liability, fault, or fact, whatsoever relating to the Settled Matters.

5.  **MISCELLANEOUS**

    5.1  Entire Agreement. This Agreement constitutes the final and complete agreement of the Parties and supersedes any prior agreements and understandings between the Parties, whether oral or written, concerning the matters set forth above, and represents the entire agreement between the parties.

    5.2  Amendments. This Agreement may be amended only by a writing executed by both Parties hereto. Either Party may request that the Parties meet during the Effective Period of the Program to discuss ways in which the Program may be changed.

5.3     Governing Law. The Agreement shall be governed by, and interpreted in accordance with, the laws of the State of California. Any dispute regarding the interpretation of this Agreement or the performance of the Parties pursuant to the terms of this Agreement shall be determined under the laws of the State of California.

5.4     Dispute Resolution. Any dispute or claim arising out of or relating to this Agreement, or an alleged breach thereof, shall be resolved through binding arbitration in accordance with the rules of the American Arbitration Association ("**AAA**"). The parties will seek to agree on a single AAA arbitrator; if the Parties are unable to agree on such an arbitrator, one will be appointed by the AAA.

5.5     Headings. The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation.

5.6     Construction. This Agreement shall be deemed to have been drafted jointly by the Parties and without regard to any presumption or rule requiring construction or interpretation against the Party drafting an instrument or causing an instrument to be drafted. Nothing in this agreement shall be construed as enlarging upon or diminishing the District Attorney or the Butte County Fire Department's authority or jurisdiction under the law. Nothing in this Agreement is intended to legislate new law or limit PG&E's liability or defenses under subsequently enacted law.

5.7     Coordinated Communications. Within five (5) business days of the Effective Date of this Agreement, the Parties will work together to develop and issue a joint press release describing the material elements of this Agreement. If the Parties cannot agree on language to be included in the joint press release, they will share copies of any written announcements they intend to use prior to issuance.

5.8     Execution. This Agreement may be executed in one or more counterparts, all of which together shall constitute one and the same agreement. This Agreement may be executed by facsimile or by a PDF image delivered via e-mail copy of this Agreement, including the signature pages, which facsimile or PDF image shall be deemed an original.

5.9     Force Majeure. It is not a breach of a Party's obligations under this Agreement if a Party is unable to perform due to a Force Majeure event or series of conditions. Any event or series of conditions due to acts of God, acts of nature, acts of war, extreme weather, or that arise beyond the control of a Party that prevent the performance of such an obligation (including refusal of land owners or tenants to permit access to PG&E's easement and/or right of way), despite that Party's timely and diligent efforts to fulfill the obligation, is a Force Majeure event. A Force Majeure event does not include financial inability to fund or complete work, any failure by PG&E's contractors, subcontractors, or other persons contracted to perform work for or on behalf of PG&E (unless their failure to do so is itself due to a Force Majeure event).

5.10    Notice. Each Party shall deliver all notices, requests, consents, claims, demands, waivers, and other communications under this Agreement (each, a "**Notice**") in writing and by email, to the District Attorney, PG&E, and PG&E's counsel at the addresses set forth in this Paragraph (or to such other address that the receiving Party may designate from time to time in

accordance with this section). Each Party shall deliver all Notices by personal delivery, nationally recognized overnight courier (with all fees prepaid), e-mail (with confirmation of transmission), or certified or registered mail (in each case, return receipt requested, postage prepaid). Except as otherwise provided in this Agreement, a Notice is effective only (a) upon receipt by the receiving Party and (b) if the Party giving the Notice has complied with the requirements of this Section.

>John Simon
>Executive Vice President and General Counsel
>PG&E Corporation
>77 Beale Street
>San Francisco, CA 94105
>John.Simon@pge-corp.com

>Brad D. Brian
>Lisa J. Demsky
>Munger, Tolles & Olson LLP
>350 S. Grand Ave., 50th Fl.
>Los Angeles, CA 90071-3426
>Lisa.Demsky@mto.com

>Kate Dyer
>Clarence, Dyer & Cohen
>899 Ellis Street
>San Francisco, CA 94109
>kdyer@clarencedyer.com

>Michael L. Ramsey
>Butte County District Attorney
>25 County Center Drive, Suite 245
>Oroville, CA 95965
>mramsey@buttecounty.net

[Remainder of page left intentionally blank]

IT IS SO STIPULATED AND AGREED:

DATED: 10/3/18

BRAD D. BRIAN
MUNGER, TOLLES & OLSON

KATE DYER
CLARENCE, DYER & COHEN

*Counsel for PG&E*

DATED: 10/4/18

MICHAEL L. RAMSEY
Butte County District Attorney

8