WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> **Debtors.** <br><br> ☐ Affects PG&E Corporation <br> ☒ Affects Pacific Gas and Electric Company <br> ☐ Affects both Debtors <br><br> *∗ All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) <br><br> (Jointly Administered) <br><br> **MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 363(b) AND 105(a) FOR AUTHORITY TO CONTINUE PERFORMANCE UNDER PREPETITION SETTLEMENT AGREEMENT WITH BUTTE COUNTY DISTRICT ATTORNEY'S OFFICE TO FUND ENHANCED FIRE PREVENTION AND COMMUNICATIONS PROGRAM** <br><br> Date: March 27, 2019 <br> Time: 9:30 a.m. (Pacific Time) <br> Place: United States Bankruptcy Court <br> Courtroom 17, 16th Floor <br> San Francisco, CA 94102 |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to sections 363(b) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing the Utility to continue performance under that certain Settlement Agreement and Mutual Release, dated October 4, 2018, between the People of the State of California (the "**People**") currently represented by the District Attorney of Butte County, California (the "**District Attorney**") and the Utility (the "**Settlement Agreement**") to, inter alia, establish and fund an Enhanced Fire Prevention and Communications Program as set forth in the Settlement Agreement.

A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**"). In support of the Motion, the Debtors submit the declaration of Stephen L. Schirle, filed contemporaneously herewith. A copy of the Settlement Agreement is annexed hereto as **Exhibit B**.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. JURISDICTION**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**II. BACKGROUND**

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

**III. SETTLEMENT AGREEMENT**

In early October 2017, the Cherokee Fire, Honey Fire, and LaPorte Fires started in Butte County (collectively, the "**2017 Butte County Fires**"). During the second quarter of 2018, the California Department of Forestry and Fire Protection ("**Cal Fire**") issued news releases announcing its determination of the causes of, among other things, the 2017 Butte County Fires. According to the Cal Fire releases, the Cherokee, Honey and LaPorte fires were caused by trees coming into contact with

power lines, and Cal Fire referred the Honey fire to the District Attorney's Office for investigation. In connection with the investigation, and the Utility's and the State's common interest in fire safety and reducing the risk of fires caused by vegetation coming into contact power lines and equipment, the Utility determined that it was appropriate to enter into the Settlement Agreement with the People represented by the District Attorney to help further reduce the risk of wildfire.

Pursuant to the Settlement Agreement, the Utility agreed to provide funding to Butte County through the District Attorney for an Enhanced Fire Prevention and Communications Program (the "**Program**") to be run and administered by the Butte County Fire Department (the "**Fire Department**"). The Settlement Agreement and the Program are designed to promote increased coordination and communications between the Utility and the People. Specifically, in accordance with the Settlement Agreement, the Utility has agreed to participate in quarterly meetings with the Fire Department and County officials to report on (i) the Utility's vegetation management practices and plans in Butte County; (ii) the results of the Utility's quality assurance and quality control work in Butte County; and (iii) the Utility's vegetation management contractor training and certification materials.

The Settlement Agreement and Program also establish a time frame and process by which the Fire Department can notify the Utility of any compliance issues or concerns, including any imminent threats, and for the Utility to respond and, if necessary, cure such issues or concerns prior to any citation issuing. If the Fire Department inspectors hired under the Program identify any alleged or potential violation or compliance concern, the Fire Department shall notify the Utility of each alleged or potential violation or compliance concern. If the Utility resolves the alleged or potential violation or compliance concern within a reasonable time, generally not to exceed thirty (30) days of receiving such notice, no citation shall be issued for that alleged violation or compliance concern. If there is an alleged or potential violation or compliance concern that the Fire Department determines is a "burner" or another situation where there is immediate peril of fire, the Fire Department shall issue to the Utility a notice of such immediate threat. The Utility will immediately resolve such notices, within twenty-four (24) hours.

To fund the Program, the Utility agreed to pay the sum of up to one million five hundred thousand dollars ($1,500,000) to be administered by the District Attorney over a period from January 1, 2019 to December 31, 2023. Any amounts paid by the Utility will be used, among other things, for the purposes

of hiring four (4) inspectors, purchasing and funding inspection vehicles and a trailer, paying for related office equipment, and funding other expenses related to the Program.

Pursuant to the Settlement Agreement, Program payments are required to be made by the Utility into a separate Butte County Enhanced Fire Prevention and Communications Special Revenue Fund ("**Fund**") in the following installments:

a) The first installment of $500,000 was paid on November 2, 2018 (within 30 days of the effective date of the Settlement Agreement);

b) The second installment of $500,000 is due on April 2, 2019;

c) The third installment of $400,000 is due on September 29, 2019; and

d) Any remaining installments, not to exceed $100,000, will be paid upon the request of the District Attorney and Fire Department after September 29, 2019, but prior to the Settlement Agreement expiration date on December 31, 2023.

Accordingly, as of the date of this Motion, the total maximum amount outstanding under the Settlement Agreement will not exceed one million dollars ($1,000,000). The Settlement Agreement was entered into without any admission of liability or wrongdoing on the part of the Utility. Further, the Settlement Agreement also includes a covenant that the People, including by and through the District Attorney, agree not to commence or prosecute any civil or criminal actions, charges, causes of actions or proceeding against the PG&E Released Parties related to the Settled Matters.[1]

The Company understands that Butte County is in the process of obtaining approvals to use the initial $500,000 payment to purchase equipment and recruit personnel and would like assurance that the Utility remains committed to honoring its obligations under the Settlement Agreement. The

---

[1] Pursuant to the Settlement Agreement, (i) PG&E Released Parties shall mean (a) PG&E Corporation, Pacific Gas and Electric Company and any wholly-owned subsidiaries thereof; and (b) the respective officers, directors, shareholders, affiliates, agents, principals, employees, attorneys, successors, and assigns of the persons or entities described in (a) immediately above; and (ii) Settled Matters shall mean all past, present, and future civil claims or criminal charges of any nature whatsoever in any way relating to the Fires, including without limitation all claims, allegations, damages, liabilities, causes of action, complaints, criminal charges, lawsuits, responsibilities, demands, debts, and obligations of any kind or character, known or unknown, foreseen or unforeseen, asserted or unasserted, existing or contingent, whether at law or in equity, that arise out of, or relate in any way to the Fires, including, but not limited to, civil claims or criminal charges brought under California Public Resources Code §§ 421, 4292, 4293, 4435; Penal Code § 452 (inclusive); California Health & Safety Code § 13000 et seq.; California Health & Safety Code § 12510; California Business & Professions Code § 17200 et seq.; and any common law claims that may arise from the 2017 Butte County Fires.

Utility and the District Attorney entered into the Settlement Agreement because they share a common interest in safety and the reduction of the risk of wildfires. The Settlement Agreement furthers the Debtors' objective of keeping their customers and the communities they serve safe by promoting increased reporting, accountability, and communication. It also furthers the Debtors' interest of resolving all matters related to the Butte County fires with the People through the District Attorney. Accordingly, the Debtors believe, and request that the Court find, that the Motion is in the best interest of the Debtors, their estates, creditors, shareholders, and all other parties in interest and should be approved.

## IV. BASIS FOR RELIEF REQUESTED

The settlement embodied in the Settlement Agreement should be approved pursuant to sections 363(b) and 105(a) of the Bankruptcy Code.

Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." Under this section, a court may authorize a debtor to pay certain prepetition claims. *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (affirming lower court order authorizing payment of prepetition wages pursuant to section 363(b) of the Bankruptcy Code). To do so, courts require that the debtor "show that a sound business purpose justifies such actions." *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) (citations omitted); *see also In re Phx. Steel Corp.*, 82 B.R. 334, 335–36 (Bankr. D. Del. 1987) (stating that section 363 was satisfied where there was a "good business reason" for the sale). Additionally, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) (citation omitted); *see also In re Laurel Fertility Care*, Case No. 14-30403-DM-11 (Bankr. N.D. Cal. May 21, 2014) (finding that bankruptcy courts have the authority to authorize the debtor to pay certain prepetition claims).

Additionally, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a); *Mgmt. Tech. Corp. v. Pardo*, 56 B.R. 337, 339 (Bankr. D.N.J. 1985*); In re Unoil*, 948

F. 2d 678, 682 (10th Cir. 1991). A Bankruptcy Court may use its equitable powers to authorize the payment of prepetition debt when such payment is necessary to facilitate the rehabilitation of the debtor. *See In re Adams Apple, Inc.*, 829 F.2d 1484, 1490 (9th Cir. 1987) (noting that unequal treatment of pre-petition debts may be permissible when necessary for rehabilitation, in such contexts as (i) pre-petition wages to key employees; (ii) hospital malpractice premiums incurred prior to filing; (iii) debts to providers of unique and irreplaceable supplies; and (iv) peripheral benefits under labor contracts); *see also In re Pettit Oil Co.*, No. 13-47285, 2015 WL 6684225, at *8 (Bankr. W.D. Wash. Oct. 22, 2015) (citing *In re Adams Apple Inc.* for proposition that it "is permissible to treat prepetition debts unequally when necessary for rehabilitation"); *Gordon v. Hines (In re Hines)*, 147 F.3d 1185, 1191 (9th Cir. 1998) (applying "essentially a doctrine of necessity" to provide for the payment of the fees of debtor's counsel in chapter 7 cases because without this right the "entire [chapter 7] system would suffer a massive breakdown"); *but see In Matter of B & W Enterprises, Inc*., 713 F.2d 534, 535 (9th Cir. 1983) (failing to elevate certain prepetition payments over others where prepetition payments at issue there were made by the debtor without notice, hearing, or authorization from the Bankruptcy Court).

As set forth above, the Settlement Agreement resolves all issues and claims (civil or criminal) that may be asserted by the People through the District Attorney in any way related to the 2017 Butte County Fires. Further, the Settlement Agreement promotes and funds a Program for enhanced fire protection in Butte County that will inure to the benefit of the residents of Butte County and, indeed all other parties in interest. The Utility already has funded a significant part of the Settlement Agreement, however, the remaining funding is required to both ensure the effectiveness of the covenant not to sue and that the Program be implemented and achieve its beneficial purpose. The Utility believes that under these circumstances, the continued performance under the Settlement Agreement clearly represents a sound exercise of its business judgement and should be approved.

## V. REQUEST FOR BANKRUPTCY RULE 6004 WAIVERS

The Debtors request a waiver of the notice requirements under Bankruptcy Rule 6004(a) and any stay of the order granting the relief requested herein pursuant to Bankruptcy Rule 6004(h). As explained above, the relief requested herein is in the best interest of the Debtors, their estates, creditors,

shareholders, and all other parties. Accordingly, ample cause exists to justify the waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and stay apply.

## VI. NOTICE

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Utility's business judgment and in the best interests of its estate, creditors, shareholders, and all other parties interests, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: March 6, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/Jane Kim
     Jane Kim

*Proposed Attorneys for Debtors and Debtors in Possession*