TIMOTHY S. LAFFREDI (WI SBN 1055133)
Assistant United States Trustee
CAMERON M. GULDEN (MN SBN 310931)
Trial Attorney
MARTA E. VILLACORTA (NY SBN 4918280)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
450 Golden Gate Avenue, Suite 05-0153
San Francisco, CA 94102
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: marta.villacorta@usdoj.gov;
cameron.m.gulden@usdoj.gov

Attorneys for Andrew R. Vara,
Acting United States Trustee for Region 3[1]

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION**,<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>**Debtors**.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered) |

**UNITED STATES TRUSTEE'S OBJECTION TO MOTION OF PUBLIC ENTITIES FOR APPOINTMENT OF OFFICIAL COMMITTEE OF PUBLIC ENTITIES UNDER 11 U.S.C. §§ 1102(a)(2) AND 105**

---

[1] Andrew R. Vara, Acting United States Trustee for Region 3, is acting in this appointment for Tracy Hope Davis, United States Trustee for Region 17, who has recused herself.

Andrew R. Vara, Acting United States Trustee for Region 3 (the "United States Trustee"), by and through his undersigned counsel, hereby files this objection ("Objection") to the Motion of Public Entities for Appointment of Official Committee of Public Entities Pursuant to 11 U.S.C. §§ 1102(a)(2) and 105(a) (ECF No. 720, "Motion").[2]

This Objection is supported by the following memorandum of points and authorities and any argument the Court may permit.

I. **MEMORANDUM OF POINTS AND AUTHORITIES**

    A. **Introduction**

The Motion requests the Court order the appointment of a committee made up of public entities in addition to the committees that have already been formed. The United States Trustee understands the importance of these proceedings to the many affected stakeholders, including public entities such as cities and counties. That does not, however, establish a legal entitlement to an additional committee under section 1102(a)(2). The Public Entities[3] fail to satisfy the threshold eligibility requirement for appointment to any official committee — personhood — and their Motion must therefore be denied.

    B. **Background Facts and Procedural Posture**

    1.    On January 29, 2019, the Debtors commenced the above-captioned cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. ECF No. 1.

    2.    No trustee has been appointed in the Debtors' cases. *See generally* Case Dockets.

---

[2] The United States Trustee requests that the Court take judicial notice of the pleadings and documents filed in these cases pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 201.

[3] Per the Public Entities, they "consist of the following California public entities: (a) Calaveras County Water District, (b) Napa County, (c) City of Napa, (d) Mendocino County, (e) Lake County, (f) City of Clearlake, (g) Nevada County, (h) Yuba County, (i) City of Santa Rosa, (j) Sonoma County, (k) Sonoma County Agricultural Preservation and Open Space District, (l) Sonoma County Community Development Commission, (m) Sonoma County Water Agency, (n) Sonoma County Sanitation District, (o) Town of Paradise, and (p) Butte County." ECF No. 720 at fn. 1.

Page -2-

3. On February 12, 2019, the U.S. Trustee appointed an Official Committee of Unsecured Creditors. ECF No. 409. On February 15, 2019, the United States Trustee appointed an Official Committee of Tort Claimants. ECF No. 453.

4. The movants filed the Motion on March 1, 2019, ECF No. 720, as well as a request that it be heard on shortened time. ECF No. 715.

5. The Motion have requests "that the United States Trustee form an official committee comprised solely of the Public Entities with respect to the PE Wildfire Claims." ECF No. 720. According to the Motion, "[s]uch a committee would represent the Public Entities solely with respect to the PE Wildfire Claims and not any other claims that the Public Entities may assert in these bankruptcy cases . . . ." *Id.*

**C. Statutory Framework**

Sections 1102 and 101(41) of the Bankruptcy Code, 11 U.S.C. 101 *et seq.* state that only "persons" are eligible to serve on a creditors' committee and that the term "person" specifically excludes virtually all governmental units.

In particular, "[a] committee of creditors appointed under subsection (a) of this section shall ordinarily consist of the *persons*, willing to serve, that hold the seven largest claims against the debtor of the kinds represented on such committee . . . ." 11 U.S.C § 1102(b) (emphasis added). "Person" as defined in 11 U.S.C. § 101(41) includes "individual, partnership and corporation but does not include governmental unit," with three limited and detailed exceptions not applicable here.

"The term 'governmental unit' means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or

Case: 19-30088    Doc# 803    Filed: 03/08/19    Entered: 03/08/19 14:20:25    Page 3 of 11

domestic government." 11 U.S.C. § 101(27). A municipality is a "political subdivision or public agency or instrumentality of a State." 11 U.S.C. § 101(40).

## ARGUMENT

**I.  Congress intentionally excluded governmental units from committee service, and the limited exceptions it created do not apply to municipalities.**

The plain language of the Bankruptcy Code unequivocally excludes municipalities from service on official committees. Section 1102(b) requires that committee members be persons, and municipalities are not persons. 11 U.S.C. §§ 101(27), 101(41), and 101(52). Notwithstanding the policy arguments the Public Entities advance, they cannot overcome their legal impediment to committee service: They are not "persons" eligible for committee appointments under the Bankruptcy Code.[4]

When Congress enacted the Bankruptcy Code in 1978, it intentionally excluded governmental entities from service on official committees. "The exclusion of governmental entities is made explicit in order to avoid any confusion that may arise if, for example, a municipality is incorporated and thus is legally a corporation as well as a governmental unit." H.R. REP. NO. 95-595, at 313, *reprinted in* 1977 U.S.C.C.A.N. 5963, 6270.

Later, in 1984 and 1994, Congress enacted limited amendments to the definition of "person" to include a specific and defined universe of governmental entities — such as the Federal Deposit Insurance Corp. (FDIC), Resolution Trust Corp. (RTC), and Pension Benefit Guaranty Corp. (PBGC) — as persons eligible to serve on committees under section 1102 under certain circumstances. The amendments allowed these and other similar agencies to become members of a creditors' committee when they became owners or guarantors of debt obligations or pension

---

[4] The Public Entities do not contend that they fall within one of section 101(41)'s enumerated exceptions to the general exclusion of governmental units from "person" status.

Page -4-

plans. *See* 7 COLLIER ON BANKRUPTCY ¶ 1102.02[2][a][viii] (16th ed. 2017).  If Congress wanted to further expand committee eligibility to include other types of governmental units, such as municipalities, it could have done so.[5]  But it did not, and "without a clear directive from Congress to the contrary, this court should follow prior bankruptcy law."  *In re Cty. of Orange*, 183 B.R. at 602.

It is a fundamental canon of statutory construction that courts should not create statutory exceptions in addition to those specified by Congress.  *U.S. v. Smith*, 499 U.S. 160, 167 (1991). "Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent."  *Id.* (quoting *Andrus v. Glover Constr. Co.,* 446 U.S. 608, 616-17 (1980)).  Similarly, the canon of *expressio unius est exclusio alterius* — when one or more things of a class are expressly mentioned, others of the same class are excluded, *see, e.g., O'Melveny & Myers v. Fed. Deposit Ins. Co.*, 114 S. Ct. 2048, 2054 (1994) — compels the conclusion that Congress did not intend governmental entities to be persons eligible to serve on committees.  Thus, it would be inappropriate for the United States Trustee to appoint or this Court to direct the appointment of a committee of governmental entities in contravention of the law that Congress wrote.

**II.    Statutory construction is a holistic endeavor, and interpreting the word "ordinarily" in section 1102(b)(1) to permit governmental entities to serve in extraordinary cases is inconsistent with the statutory scheme.**

In an effort to overcome their statutory ineligibility, the Public Entities argue that the word "ordinarily" in section 1102 modifies the word "persons" and permits governmental entities to

---

[5] Congress amended the definition of "person" in the Bankruptcy Amendments and Federal Judgeship Act of 1984 and the Bankruptcy Reform Act of 1994.  Congress also enacted substantial amendments to the Bankruptcy Code in the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986 and in the Bankruptcy Abuse and Consumer Protection Act of 2005, but it did not further amend the definition of "persons" in either law.  With one limited exception not relevant here, Congress has never amended the definition of "governmental unit" since the enactment of the Bankruptcy Code in 1978.

Page -5-

serve on committees in extraordinary cases. But that simply does not work as a matter of statutory construction. The statute provides that an unsecured creditors' committee "shall ordinarily consist of the *persons*, willing to serve, that hold the seven largest claims against the debtor . . . ." 11 U.S.C § 1102(b)(1). The United States Trustee interprets "ordinarily" as modifying the "seven largest claims," not "persons." This makes sense given that the United States Trustee must ensure "adequate representation" on committees of the different kinds of claims and creditors represented by the committee, and the largest claims will not always provide the diversity needed for adequate representation.

One of the few and the earliest decisions on the committee service ban for governmental units held that this interpretation of "ordinarily" is exactly right:

> The clause "shall ordinarily consist of persons . . . that hold the seven largest claims against the debtor" refers either to the ordinary size of the committee or the persons ordinarily eligible to serve. **Nothing in this clause indicates that the committee will usually consist of persons, but may alternatively consist of non-persons.** Moreover, even if the literal language could be construed as meaning that non-persons such as government entities may serve on the committee, the House Committee note clearly negates that interpretation. The House Committee's statement that "the court is restricted to persons to exclude governmental holders of claims and interests" plainly refutes any interpretation of 1102(b)(1) which would allow governmental entities to serve on the committee.[6]

*In re Mansfield Tire & Rubber Co.*, 39 B.R. 974, 976 (N.D. Ohio 1983) (emphasis added).

Moreover, statutory interpretation is a holistic endeavor. *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 371 (1988). Interpreting the Bankruptcy Code, the Supreme Court held that "[a] provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme . . . because only one of the permissible meanings

---

[6] The reference to the restriction on the court's appointment powers in this 1983 case reflects that courts appointed committees before the United States Trustee Program expanded beyond the original pilot to become a permanent, national program.

Case: 19-30088    Doc# 803    Filed: 03/08/19    Entered: 03/08/19 14:20:25    Page 6 of 11

produces a substantive effect that is compatible with the rest of the law." *Id.* That is true here. Reading "ordinarily" in section 1102 to permit non-persons (governmental units) to serve on committees is incompatible with the carefully crafted definitions Congress wrote in 1978 to exclude all governmental actors from committee service and later modified narrowly to include only a limited subset — an exception that does not apply here.

        **1.     Two isolated instances of statutory misinterpretation should not be repeated.**

As support for their unusual argument, the Public Entities cite two aberrational cases, the most recent of which is nearly 30 years old.[7] Both are from other jurisdictions and lack precedential value. They are also distinguishable and, to the extent that committees of governmental entities were appointed, they are contrary to the express language of the statute.

Significantly, in only one of the cases, *Lion Capital,* did the court order the appointment of governmental entities to an official committee. But the *Lion Capital* court failed to analyze or even discuss the legislative history of section 1102. The court's statutory analysis was wrong at the time, and subsequent amendments by Congress eliminated any doubt that most governmental units are not persons eligible for official committee membership.

In addition, the *Lion Capital* case was vastly different than the cases at bar. The *Lion Capital* case was so small that the United States Trustee was "unable to form an official committee due to the small amount of debt owed to [] unsecured creditors, [so] the municipalities . . . sought anew the appointment of a special committee." *In re Lion Capital*, 44 B.R. at 686. On the contrary, in these cases there are already two different official committees, as well as four ad hoc committees, so there is even less reason to disregard the express language of the statute.

---

[7] *In re Lion Capital Grp.*, 44 B.R. 684 (Bankr. S.D.N.Y 1984); *In re Gates Eng'g Co.*, 104 B.R. 653 (Bankr. D. Del. 1989).

Case: 19-30088    Doc# 803    Filed: 03/08/19    Entered: 03/08/19 14:20:25    Page 7 of 11

In the second case, the court declined a request to direct the appointment of a committee of governmental claimants, although it suggested in *dicta* that it had the authority to do so. *Gates Eng'g*, 104 B.R. at 655. Nevertheless, in construing the predecessors to 11 U.S.C. §§ 101(27) and 101(41), the court affirmed the United States Trustee's exclusion of the State of Tennessee from the Warranty Claimants' Committee: "Section 101(35) excludes, with one exception not pertinent here, a governmental unit from the meaning of person. Section 101(26) defining governmental units includes a state. The U.S. Trustee quite appropriately excluded Tennessee as a member of the Warranty Claimants Committee." *Id.* at 654.

Finally, these two cases are outliers and outweighed by other decisions from the same period that considered and denied governmental units' service on a creditors' committee. One court held soon after the enactment of the Bankruptcy Code — and years before either of the aberrational cases cited in the Motion — that the definition of person "does not include governmental units," and the legislative history states that membership is "restricted to . . . persons in order to exclude governmental holders of claims and interests." *In re American Atomics Corp.,* 2 B.R. 526, 527 (Bankr. D. Ariz. 1980). *See also Mansfield Tire*, 39 B.R. at 976 (finding that statutory language and legislative intent require the exclusion of governmental units from committee service); *In re Baldwin-United Corp.,* 38 B.R. 802, 806 (Bankr. S.D. Ohio 1984) (finding FDIC's effort to "sidestep this clear statutory language" barring governmental units from committees was a "far more serious problem" than the other issues before the court, even with FDIC's non-voting status).[8] Moreover, in denying a public service district's request for committee membership, another court found that reliance on *Lion Capital* was "misplaced." *In re VTN, Inc.,* 65 B.R. 278 (Bankr. S.D. Fla. 1986). Thus, the statutory language, the legislative intent, and the

---

[8] This was before the statutory amendments defining the FDIC as a person for limited purposes.

Page -8-

weight of the case law all firmly support the conclusion that the Public Entities' Motion must be denied.

### 2. Section 105(a) does not grant the Court authority to appoint a committee at odds with the requirements of section 1102(a).

Because section 1102(a) forecloses the relief that the Municipalities seek, they ultimately rely on the equitable powers conferred by section 105(a), which gives a court authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. But in *Law v. Siegel*, 571 U.S. 415, 420 (2014), the Supreme Court reaffirmed once again that section 105(a) is no authority for a court to act in contravention of express provisions of the Bankruptcy Code: "[I]n exercising those statutory and inherent powers, a bankruptcy court may not contravene specific statutory provisions." *Id.* at 421. In *Law*, the Court considered the "carefully calibrated exceptions and limitations" to the exemption rules established in section 522 of the Bankruptcy Code. The case trustee invoked the bankruptcy court's equitable powers to surcharge the debtor's exempt property based on debtor misconduct, effectively denying the statutory exemption, and the lower courts agreed that the trustee's surcharge on exempt property was permissible.

But the Supreme Court reversed, finding that the "detailed . . . exceptions to those exemptions confirm[] that courts are not authorized to create additional exceptions." *Id*. at 1196; *see also In re Colon,* 558 B.R. 563 (Bankr. D.P.R. 2016) (finding that the specific statutory requirement for the number of creditors filing an involuntary petition could not be obviated by the court's equitable powers under section 105). Similarly here, Congress created specific and detailed exceptions to the definitions of governmental units that are persons — and thus eligible for committee service — in the 1984 and 1994 amendments, and a court is not authorized to create additional exceptions based on the equitable powers conferred by section 105.

Case: 19-30088    Doc# 803    Filed: 03/08/19    Entered: 03/08/19 14:20:25    Page 9 of 11

Finally, the Public Entities' reliance on *City of Detroit* is misplaced. The Public Entities aruge that "[w]ithout an express prohibition in the Bankruptcy Code against governmental units serving on a committee in the Bankruptcy Code, Congress' identification of certain types of claims that may ***ordinarily*** permit a governmental unit to serve on a general creditors committee should not be interpreted to bar the formation of a separate Public Entities Committee where, as here, the circumstances demand it," and cite to *City of Detroit*, 519 B.R. 673, 680 (Bankr. E.D. Mich. 2014) as support. ECF No. 720.

In *City of Detroit*, the bankruptcy court concluded "that 11 U.S.C. § 1102(a)(1), on which the U.S. Trustee relied in appointing the Committee, does not apply in a chapter 9 case." 519 B.R. at 675. The court so ruled because section 1102(a)(1), which is incorporated in chapter 9, states that a committee shall be appointed only after an order for relief is entered "under chapter 11." "[O]n this ground alone, the City's motion to disband the Committee is granted." *Id*. at 679. Although the court also opined that it had "the authority to disband a creditors committee under 11 U.S.C. § 105(a)," the express finding that section 1102(a)(1) did not apply was dispositive and rendered any section 105 comments dicta. *Id*. at 682.

Moreover, four days after the Detroit ruling, the U.S. Supreme Court clarified the scope of the bankruptcy courts' equitable powers under section 105 and cast serious doubt on the persuasive value of any dicta in *City of Detroit*. *See Law v. Siegel*, 571 U.S. at 422-23. *See also In re Caesars Entm't Operating Co., Inc.*, 526 B.R. 265, 269 (Bankr. N.D. Ill. 2015) (examining section 105 in the context of section 1102 and holding "section 105(a) does not allow bankruptcy court's to contradict the Code . . . such as exercising powers the Code does not confer").

//

//

Page -10-

## CONCLUSION

Although the United States Trustee appreciates the significance of Public Entities' claims, applicable statutory provisions preclude its holders from service on an official committee of creditors. Therefore, the Public Entities' request for an order directing the Appointment of an Official Committee of Public Entities should be denied.

**WHEREFORE**, the United States Trustee requests to Court to deny the Motion.

Dated: March 8, 2019

Andrew R. Vara
Acting United States Trustee, Region 3

By: /s/ *Marta E. Villacorta*
Cameron M. Gulden
Marta E. Villacorta
Trial Attorneys
Office of the United States Trustee