SULLIVAN HILL REZ & ENGEL
A Professional Law Corporation
  James P. Hill, SBN 90478
  Christopher V. Hawkins, SBN 222961
600 B Street, Suite 1700
San Diego, California 92101
Telephone: (619) 233-4100
Email: hill@sullivanhill.com
Email: hawkins@sullivanhill.com

SINGLETON LAW FIRM, APC
  Gerald Singleton, SBN 208783
  Amanda W. LoCurto, SBN 265420
450 A Street, 5th Floor
San Diego, CA 92101
Telephone: (619) 771-3473
Email: gerald@slffirm.com
Email: amanda@slffirm.com
Attorneys for SLF Fire Victim Claimants

**Electronically Filed 03/08/2019**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>     and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                    Debtors.<br><br>Affects:<br>☐ PG&E Corporation<br>☐ Pacific Gas & Electric Company<br>☒ Both Debtors | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**DECLARATION OF GERALD SINGLETON IN SUPPORT OF OBJECTION TO MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364, 503, AND 507, AND FED. R. BANKR. P. 2002, 4001, 6003, 6004, AND 9014 FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO OBTAIN SENIOR SECURED, SUPERPRIORITY, POSTPETITION FINANCING, (II) GRANTING LIENS AND SUPERPRIORITY CLAIMS, (III) MODIFYING THE AUTOMATIC STAY, (IV) SCHEDULING FINAL HEARING ,AND (V) GRANTING RELATED RELIEF**<br><br>Date: March 13, 2019<br>Time: 9:30 a.m. (Pacific)<br>Place: United States Bankruptcy Court<br>         Courtroom 17, 16th Floor<br>         San Francisco, CA 94102 |

402692-v2

1

I, Gerald Singleton, state and declare as follows:

1. I am an attorney duly licensed to practice law in the states of California and Texas, the United States Supreme Court, the Ninth Circuit Court of Appeals, and all District Courts in the State of California. I am the senior partner of the Singleton Law Firm, APC, counsel for the SLF Fire Victim Claimants ("SLF Claimants"). I make this declaration in support of the SLF Claimants' Objection to Motion of Debtors Pursuant to 11 U.S.C. §§ 105, 362, 363, 364, 503, and 507, and Fed. R. Bankr. P. 2002, 4001, 6003, 6004, and 9014 for Interim and Final Orders (I) Authorizing the Debtors to Obtain Senior Secured, Superpriority, Postpetition Financing, (II) Granting Liens and Superpriority Claims, (III) Modifying the Automatic Stay, (IV) Scheduling Final Hearing, and (V) Granting Related Relief ("Objection"). All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would testify competently to those facts.

2. I am informed and believe that the majority of cases stemming from the 2015 Butte Fire have been settled. Prior to PG&E filing bankruptcy in January 2019, PG&E was settling an average of 40-60 cases per month with the Butte Fire victims. In December 2018 and January 2019, PG&E agreed to settle approximately 52 cases on behalf of Butte Fire victims. This included 30 Butte Fire cases represented by Singleton Law Firm[1] in the combined amount of $5,513,303, and 22 individual plaintiffs represented by the Corey/Danko firms[2] in the combined amount of $3,960,000, for an aggregate of $9,473,303.00.[3] These individuals who cases were settled during this period are referred to herein as the "Settled-But-Not-Paid Fire Victims." In each of these cases, PG&E and the Settled-But-Not-Paid Fire Victims agreed to a specific settlement amount. PG&E then drafted the

---

[1] The 30 SLF Claimants in this group are Suzette Baldwin; Malinda Bissell; Judy Brown; Steven Contreras; Stephanie Dewey; Kurt Dunajski; Cari Duvall; Kimberly Hie-Kosta; Emilie Houle; Darren Johnson; Dean Kelaita; Karen Klith; Douglas Lemos; Robert Lock; Randall Lorenzi; James Martin; James Marvin; Patrick Miller; David Newell; Richard Moldovan; Brock Montgomery; Bryan Montgomery; Gerald Munson; Mark Peterson; Candace Rummerfield; Ronnie L. Rummerfield, Sr.; Christian Siefert; Vera Pearson; and Christopher Wilson.

[2] The names of the 22 Settled-But-Not-Paid Fire Victims represented by the Corey/Danko firms are set forth in their Objection, Doc. No. 178. For the Court's convenience, these names are: Dawnielle Burich, Philip Charvet, Diana Eriksen, Stein Eriksen (and the two minor Eriksen children), Deborah Guyton, Nancy Kuchins, Carl Madeiros, Brian Ottinger, Jack Rodgers, Thomas Rodgers, Jillian Sandbothe, Richard Segovia, Abril Shouse, William Shouse, Hilde Solliday, Mark Wiebens, Nicole Wiebens, Peter Wiebens, Gerhard Ziemer, and Jerry Ziller.

[3] The specific amount of each settlement is not set forth herein due to the confidential nature of the mediation process.

402692-v2

2

settlement agreements, and the settlement agreements were signed by the Settled-But-Not-Paid Fire Victims and returned to PG&E. Thus, the Settled-But-Not-Paid Fire Victims complied with all of their duties and obligations under the settlement agreements. PG&E could have paid the settlement funds before filing bankruptcy, but chose not to do so. During that same period, however, PG&E did choose to pay out millions of dollars in severance packages to departing executives on the eve of bankruptcy, including $2,500,000 to its former CEO. The few remaining victims of the Butte fire have been waiting for more than three years and they deserve to be paid as soon as possible. Since PG&E has already agreed to the precise amounts that the Settled-But-Not-Paid Fire Victims deserve in settlement, their damages are definite and not speculative. They deserve to be paid now.

3. I attended the section 341(a) meeting of creditors on March 4, 2019, at the Office of the United States Trustee at 450 Golden Gate Avenue, Suite 01-5467, California-Nevada Room, San Francisco, California. I was present at the 341(a) meeting and had the opportunity to personally question the Debtor's Senior Vice President and Chief Financial Officer ("CFO") Jason Wells under oath. CFO Wells testified that PG&E had obtained roughly $920,000,000 in insurance proceeds from its insurers in connection with the Butte fire.

4. The Debtor's most recent Form 10k SEC filing shows the amount of insurance proceeds received from PG&E's insurers in connection with the Butte Fire to be $922,000,000. *See* RFJN, Ex B. In addition, Mr. Wells testified at the 341(a) meeting that the Debtor also recovered an additional $75,000,000 in claim settlement payments from two of its contractors (or their insurers) involved in the Butte fire. Mr. Wells further testified that PG&E had paid out approximately $800,000,000 in settlements to victims of the Butte fire, leaving a surplus of approximately $200,000,000. CFO Wells testified that some of this $200,000,000 had been used to pay legal fees and other expenses connected with the Butte Fire litigation, but he was not able to provide an estimate as to exact amount. Mr. Wells further testified that on the petition date, the Debtor had approximately $240,000,000 in cash on hand.

/ / /

/ / /

/ / /

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 8, 2019, at San Diego, California.

_____
Gerald Singleton

402692-v2

Case: 19-30088    Doc# 804-1    Filed: 03/08/19    Entered: 03/08/19 14:34:56    Page 4 of 4