Robert A. Julian
Cecily A. Dumas
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone:     628.208.6434
Facsimile:     310.820.8859
Email:  rjulian@bakerlaw.com
Email:  cdumas@bakerlaw.com

Eric E. Sagerman
Lauren T. Attard
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025
Telephone:     310.820.8800
Facsimile:     310.820.8859
Email:  esagerman@bakerlaw.com
Email:  lattard@bakerlaw.com

*Proposed Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| -and- | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors** | |
| ☐ Affects PG& E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors | **MOTION OF OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. §§ 503(b)(3)(F) AND 105(a) TO ESTABLISH PROCEDURES FOR REIMBURSEMENT OF EXPENSES OF TORT COMMITTEE MEMBERS**<br>Date:     Tuesday, April 9, 2019<br>Time:     9:30 a.m. (Pacific Time)<br>Place:    United States Bankruptcy Court<br>          Courtroom 17, 16 Floor<br>          San Francisco, CA  94102 |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | **Objection Deadline**:   April 1, 2019<br>                           4 p.m. (Pacific Time) |

The Official Committee of Tort Claimants (hereafter, the "**Tort Committee**"), in the above-captioned chapter 11 cases ("**Chapter 11 Cases**") of PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**" or "**PG&E**"), hereby submit this Motion (the "**Motion**"), pursuant to sections 503(b)(3)(F) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), to establish an orderly, regular, and efficient process for reimbursement of expenses (the "**Member Reimbursement Procedures**") for Tort Committee members (**"Members"**).

A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

# MEMORANDUM AND POINTS OF AUTHORITIES

## I. JURISDICTION AND VENUE

The United States Bankruptcy Court for the Northern District of California ("**Bankruptcy Court**") has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges* of the United States District Court of the Northern District of California, dated February 22, 2016, and Rule 5011-1(a) of the Bankruptcy Local Rules for the Northern District of California (the "**Bankruptcy Local Rules**"). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

## II. BACKGROUND

On January 29, 2019, the Debtors commenced their Chapter 11 Cases by filing voluntary petitions for relief under the Bankruptcy Code.

On February 15, 2019, the United States Trustee filed a notice appointing the Tort Committee pursuant to section 1102(a)(1) of the Bankruptcy Code (ECF No. 453).

The Tort Committee is made up of eleven (11) Members who are all fire victims.

In connection with their service on the Tort Committee, the Members incur various regular expenses including: tolls, parking, mileage, taxi fares, fares for rideshare services such as Uber and Lyft, hotel stays, airfare, meals while traveling, and printing. The Members personally pay these expenses in performance of their duties on the Tort Committee.

These expenses will be recurring throughout the life of the Bankruptcy Cases and without streamlined procedures to allow for the orderly review and payment of the expenses, Members would be forced to file monthly applications for administrative expense claims which would be inefficient, costly and create an undue burden on the Members.

The Member Reimbursement Procedures allow for quicker review and reimbursement than those allowed for estate professionals in the Bankruptcy Cases under the *Order Pursuant to 11 U.S.C. Sections 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (ECF No. 701) ("**Interim Compensation Order**"), but the Committee believes that the circumstances warrant a

- 3 -
Case: 19-30088   Doc# 813   Filed: 03/10/19   Entered: 03/10/19 20:19:54   Page 3 of 13

more expedited process for the Members. Amounts sought to be reimbursed by the Members will be significantly less than the amounts sought by the estate professionals and unlike the estate professionals, the Members are personally paying their expenses incurred in serving on the Tort Committee.

While the amounts that have and will be incurred by the Members in performance of their duties on the Tort Committee are very small compared to the interim payments that will be made to professionals and other parties in these Chapter 11 Cases, they are substantial to the Members and requiring Members to wait an extended time for reimbursement would impose an undue hardship.

### III. PROPOSED MEMBER REIMBURSEMENT PROCEDURES

The Tort Committee believes that establishing orderly procedures to reimburse the expenses of the Members will promote efficiency for all parties in interest. Additionally, the procedures will support the Members, who are personally carrying the expenses related to their service in these Chapter 11 Cases. The Tort Committee proposes that the reimbursement of expenses of Members be structured as follows:

(a) No sooner than the 5th day of each calendar month, counsel retained by the Tort Committee ("**Tort Committee Professionals**") may file a monthly statement for Members (which will include the relevant expense detail) with the Court for interim reimbursement of expenses incurred during the preceding month (a "**Member Monthly Expenses Statement**").

(b) Tort Committee Professionals shall properly serve a copy of such Member Monthly Expenses Statement on the following parties (collectively, the "**Notice Parties**");

(1) the Debtors c/o Pacific Gas & Electric Company, 77 Beale Street, San Francisco, CA 94105 (Attn: Janet Loduca, Esq.);

(2) the proposed attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. and Rachael Foust, Esq.) and Keller & Benvenutti LLP, 650 California Street, Suite

1900, San Francisco, CA 94108 (Attn: Tobias S. Keller, Esq. and Jane Kim, Esq.);

(3) the Office of the United States Trustee for Region 17, 450 Golden Gate Avenue, 5th Floor, Suite #05-0153, San Francisco, CA 94102 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); and

(4) counsel to the Official Committee of Unsecured Creditors.

(c) Any Member whose expenses are not included on a Member Monthly Expenses Statement for a particular month or months may be included on a subsequent Monthly Expenses Statement. All Member Monthly Expenses Statements will comply with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California, dated February 19, 2014 (the "**Local Guidelines**"), and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "**UST Guidelines**" and, together with the Local Guidelines, collectively, the "**Guidelines**[1]").

(d) The deadline to object to any Member Monthly Expenses Statement is 4:00 p.m. (prevailing Pacific Time) on the 10th day (or the next business day if such day is not a business day) following the date the Member Monthly Expenses Statement is served (the "**Objection Deadline**").

(e) To object to a Member Monthly Expenses Statement, the party must (i) file a written objection on or before the Objection Deadline identifying the specific expenses subject to the objection and (ii) serve the objection upon Tort Committee Professionals and the Notice Parties on or before the Objection Deadline.

(f) Upon the expiration of the Objection Deadline, Tort Committee Professionals may file a certificate of no objection (a "**CNO**") with the Court with respect to any expenses not

---

[1] While the Guidelines do not apply to Members specifically, the Tort Committee's proposed procedures implement the provisions regarding expenses from the Guidelines to apply to Members' expenses.

- 5 -

subject to objection. After Tort Committee Professionals file a CNO, the Debtors will pay the Members 100% of the expenses requested in the applicable Member Monthly Expenses Statement that are not subject to an objection within seven (7) days after the filing of the CNO.

(g) If a portion of the expenses requested in a Member Monthly Expenses Statement is subject to an objection and the parties are unable to reach a consensual resolution, the Tort Committee Professionals may (i) request the Court approve the amounts subject to objection or (ii) forego payment of such amounts until a later hearing, at which time the Court will adjudicate any unresolved objections.

(h) Under these Member Reimbursement Procedures, Members may be reimbursed for all reimbursable expenses in the Guidelines incurred by the individual Member for travel to or the conducting of official Tort Committee business. For the avoidance of doubt, Members may request reimbursement for the following expenses in accordance with the Guidelines: tolls, parking, mileage at the federal rate, taxis, rideshare services such as Uber and Lyft, hotels, coach airfare, breakfast or dinner while traveling, and printing.

## IV. BASIS FOR RELIEF REQUESTED AND ARGUMENT

Section 503(b)(3)(F) of the Bankruptcy Code allows for an administrative expense claim for the actual and necessary expenses "incurred by a member of a committee appointed under section 1102 of this title, if such expenses are incurred in performance of the duties of such committee." 11 U.S.C. § 503. Section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions of this title." *Id.* § 105(a). These sections provide the statutory authority to establish procedures to provide for the reimbursement of expenses incurred by the Members in performance of their duties on the Tort Committee.

Given the events and circumstances surrounding these Chapter 11 Cases, active involvement by the Members will be critical to an equitable and just resolution of the issues in these cases including the ultimate treatment of the various tort claims. As victims themselves, the Members have limited resources and specific procedures for review and reimbursement of their

expenses will facilitate meaningful participation by the Members. Without these procedures Members may be reluctant to travel to meetings or hearings because of concern over the timing of reimbursement. At the same time, the proposed procedures will have no negative impact on the Debtors or other parties-in-interest, since they provide ample time for the Debtors and other Noticed Parties to review the proposed reimbursements.

Accordingly, pursuant to sections 503(b)(3)(F) and 105(a) of the Bankruptcy Code, the Tort Committee requests that the Court enter an order authorizing the Member Reimbursement Procedures.

## V. NOTICE

Notice of this Motion will be provided to (i) the Debtors; (ii) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (iii) the Official Committee of Unsecured Creditors; (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Tort Committee respectfully submits that no further notice is required.

No previous request for the relief sought herein has been made by the Tort Committee to this or any other court.

WHEREFORE the Tort Committee respectfully requests entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: March 10, 2019

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Lauren T. Attard*
　　Lauren T. Attard

Proposed Attorneys for Official Committee of Tort Claimants

# Exhibit A
# [PROPOSED] Order

Robert A. Julian
Cecily A. Dumas
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone:	628.208.6434
Facsimile:	310.820.8859
Email:	rjulian@bakerlaw.com
Email:	cdumas@bakerlaw.com

Eric E. Sagerman
Lauren T. Attard
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025
Telephone:	310.820.8800
Facsimile:	310.820.8859
Email:	esagerman@bakerlaw.com
Email:	lattard@bakerlaw.com

*Proposed Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| -and- | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors** | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors | **ORDER PURSUANT TO 11 U.S.C. §§ 503(b)(3)(F) AND 105(a) ESTABLISHING PROCEDURES FOR REIMBURSEMENT OF EXPENSES OF TORT COMMITTEE MEMBERS** |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | |

Upon the Motion, dated March 10, 2019, (the "**Motion**"),[2] of the Official Committee of Tort Claimants (hereafter, the "**Tort Committee**"), in the above-captioned chapter 11 cases ("**Chapter 11 Cases**") of PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**" or "**PG&E**"), pursuant to sections 503(b)(3)(F) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order establishing for Tort Committee members ("**Members**") an orderly, regular, and efficient process for monthly allowance and reimbursement of expenses (the "**Member Reimbursement Procedures**"), as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted, as provided herein.

2. Except as may otherwise be provided by orders of this Court authorizing the retention of specific professionals, the Members may seek reimbursement of expenses in accordance with the following Monthly Expenses Procedures:

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

(i) No sooner than the 5th day of each calendar month, counsel retained by the Tort Committee ("**Tort Committee Professionals**") may file a monthly statement for Members, which will include the relevant expense detail, with the Court for interim reimbursement of expenses incurred during the preceding month (a "**Member Monthly Expenses Statement**").

(j) Tort Committee Professionals shall properly serve a copy of such Member Monthly Expenses Statement on the following parties (collectively, the "**Notice Parties**");

    (1) the Debtors c/o Pacific Gas & Electric Company, 77 Beale Street, San Francisco, CA 94105 (Attn: Janet Loduca, Esq.);

    (2) the proposed attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. and Rachael Foust, Esq.) and Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco, CA 94108 (Attn: Tobias S. Keller, Esq. and Jane Kim, Esq.);

    (3) the Office of the United States Trustee for Region 17, 450 Golden Gate Avenue, 5th Floor, Suite #05-0153, San Francisco, CA 94102 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); and

    (4) counsel to the Official Committee of Unsecured Creditors.

(k) Any Member whose expenses are not included on a Member Monthly Expenses Statement for a particular month or months may be included on a subsequent Monthly Expenses Statement. All Monthly Expenses Statements will comply with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California, dated February 19, 2014 (the "**Local Guidelines**"), and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "**UST Guidelines**" and, together with the Local Guidelines, collectively, the "**Guidelines**").

(l) The deadline to object to any Monthly Expenses Statement is 4:00 p.m. (prevailing Pacific Time) on the 10th day (or the next business day if such day is not a business day) following the date the Monthly Expenses Statement is served (the "**Objection Deadline**").

(m) To object to a Member Monthly Expenses Statement, the party must (i) file a written objection on or before the Objection Deadline identifying the specific expenses subject to the objection; and (ii) serve the objection upon Tort Committee Professionals and the Notice Parties on or before the Objection Deadline.

(n) Upon the expiration of the Objection Deadline, Tort Committee Professionals may file a certificate of no objection (a "**CNO**") with the Court with respect to any expenses not subject to objection. After Tort Committee Professionals file a CNO, the Debtors will pay the Members 100% of the expenses requested in the applicable Monthly Expenses Statement that are not subject to an objection within seven (7) days after filing the of the CNO.

(o) If a portion of the expenses requested in a Monthly Expenses Statement is subject to an objection and the parties are unable to reach a consensual resolution, the Tort Committee Professionals may (i) request the Court approve the amounts subject to objection or (ii) forego payment of such amounts until a later hearing, at which time the Court will adjudicate any unresolved objections.

(p) Under these Member Reimbursement Procedures, Members may be reimbursed for all reimbursable expenses in the Guidelines incurred by the individual Member for travel to or the conducting of official Tort Committee business. For the avoidance of doubt, Members may request reimbursement for the following expenses in accordance with the Guidelines: tolls, parking, mileage at the federal rate, taxis, rideshare services such as Uber and Lyft, hotels, coach airfare, breakfast or dinner while traveling, and printing.

3. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

4. The Tort Committee shall serve a notice of this Order on the Debtors and on counsel to the Official Committee of Unsecured Creditors.

5. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

6. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**END OF ORDER**