Robert A. Julian
Cecily A. Dumas
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone:    628.208.6434
Facsimile:    310.820.8859
Email:   rjulian@bakerlaw.com
Email:   cdumas@bakerlaw.com

Eric E. Sagerman
Lauren T. Attard
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025
Telephone:    310.820.8800
Facsimile:    310.820.8859
Email:   esagerman@bakerlaw.com
Email:   lattard@bakerlaw.com

*Proposed Counsel for Official Committee of Tort Claimants*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION**<br>-and-<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**INITIAL OBJECTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS TO MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a), 363, AND 503(c) FOR ENTRY OF AN ORDER (I) APPROVING SHORT-TERM INCENTIVE PLAN AND (II) GRANTING RELATED RELIEF**<br><br>Date:     March 27, 2019<br>Time:    9:30 a.m. (Pacific Time)<br>Place:    United States Bankruptcy Court<br>             Courtroom 17, 16 Floor<br>             San Francisco, CA  94102 |

The Official Committee of Tort Claimants (hereafter, the "**TCC**"), representing the largest group of stakeholders in these jointly administered bankruptcy cases, hereby objects to the Debtors' Motion Pursuant to 11 U.S.C. §§ 105(A), 363, and 503(C) for Entry of an Order (I) Approving Short-Term Incentive Plan and (II) Granting Related Relief (ECF No. 782) (the "**Motion**")[1] filed by PG&E Corp. and Pacific Gas and Electric Company (collectively, the "**Debtors**" or "**PG&E**"), in order to commence a contested matter pursuant to Federal Rule of Bankruptcy Procedure 9014, take discovery in that contested matter, and file its Opposition Memorandum on or before March 20, 2019.

## SUMMARY OF ARGUMENT

The TCC objects to the Motion on the following grounds, and such other grounds that the TCC will set forth in its Opposition Memorandum:

**1. The Motion is Premature**. The Motion for approval for payment of seemingly metric-based bonuses under its short-term incentive plan ("**2019 STIP**") is premature until PG&E can demonstrate to the Bankruptcy Court that it has successfully established and maintained a track record of safety and compliance sufficient to justify the payment of such bonuses. Prioritizing PG&E's expenditures on safety and compliance is in the best interest of the public, and is required by the District Court's March 5, 2019 Order in PG&E's pending criminal action. In that criminal action, a jury convicted PG&E of intentionally and knowingly violating safety laws that caused the 2010 San Bruno gas explosions and intentionally and knowingly obstructing justice of the NTSB's resulting investigation; and the District Court placed PG&E on probation for its criminal violations. In in its recent March 5, 2019 Order to Show Cause, the District Court noted that Cal Fire has so far determined that PG&E equipment or lines started seventeen of the major October 2017 wildfires; the seventeen fires burned 193,743 acres, destroyed 3,256 structures and killed 22 people; Cal Fire referred its investigation in eleven of the fires to appropriate district attorney's offices based on alleged violations of state law; the 2018 Camp Fire killed 86 people and burned 18,793 structures; and PG&E has recently announced that it believes it is probable that its equipment will be determined to be an ignition point of the 2018 Camp Fire.

---

[1] Capitalized terms used but not defined in this Objection have the meanings given to them in the Motion.

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

Case: 19-30088   Doc# 847   Filed: 03/12/19   Entered: 03/12/19 17:10:02   Page 2 of 6

The District Court set forth its tentative finding that the single most recurring cause of the large 2017 and 2018 wildfires attributable to PG&E's equipment had been the susceptibility of PG&E's distribution lines to trees or limbs falling on them during high wind events. The District Court proposed conditioning PG&E's continued probation on the company's compliance with applicable laws concerning vegetation management and clearance requirements and use of sufficient resources, financial and personnel, to achieve the foregoing, in order to protect the public from further death and destruction resulting from PG&E-caused wildfires. PG&E's repeated and documented failure to protect public safety is a product of an ongoing corporate culture that prioritizes generating profits for its shareholders rather than making its electrical systems safe, as the District Court found in its March 5, 2019 Order. In that Order, the District Court criticized PG&E's corporate culture, and ruled that the company must allocate funds to make its electrical systems safe before using other funds as though it is business as usual:

> …dividends paid to common shareholders…during 2016 and 2017 amounted to one billion dollars and $921 million, respectively…Yet, during this same period PG&E knowingly failed to trim or remove thousands of trees it had already identified as posting a hazard….some of these dividends could and should have been used to bring PG&E into compliance with state and federal law with respect to the number one cause of PG&E-induced wildfires. The proposed conditions would help ensure that, going forward, funds are adequately allocated to PG&E's vegetation and management costs.

But PG&E has not yet proved that the company has changed its corporate culture that prioritizes profits over safety to the satisfaction of the District Court, and the District Court has scheduled a further hearing on PG&E's ability to comply with the District Court's proposed conditions of probation for April 2, 2019. PG&E's Motion does not even try to argue or provide any evidentiary support that the company has complied with the District Court's directive to make its systems safe so that more lives are not lost in future fire seasons, before using its funds for business as usual. Further, and based upon information and belief, a number of the proposed "safety metrics" in the 2019 STIP are unproven and yet to be fully put into practice. Implementing effective and proven safety measures should be the paramount focus of the company, not seeking discretionary bonus payments triggered by PG&Es own vague interpretation of protecting public safety. Worse yet,

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

Case: 19-30088   Doc# 847   Filed: 03/12/19   Entered: 03/12/19 17:10:02   Page 3 of 6

on the second day of its bankruptcy filing, PG&E gave evasive and non-responsive answers to the District Court's questions about PG&E's past and current mismanagement in the pending criminal action, showing that the filing of the bankruptcy case has not resulted in the necessary change in management's priorities. PG&E's Motion to use what it admits are insufficient and limited funds to pay incentive bonus compensation is therefore premature until after the District Court's April 2, 2019 hearing, and PG&E establishes that the company's management has prioritized protecting public safety over generating profits.

2. **The Motion Cannot Be Considered Until the Numerous State Government Investigations of PG&E's Criminal and Civil Culpability for its Prior Wrongful Conduct Are Concluded**. By the Motion, the Debtors are seeking to compensate employees whose work is currently subject to unfinished investigations by the California Public Utilities Commission, California Department of Forestry and Fire Protection, California local County District Attorneys, and the District Court in the pending criminal action. The Debtors should not be paying bonuses to employees whose work for PG&E is under investigation as to the propriety and legality of their work, because the investigations could establish that the employees damaged PG&E and/or contributed to the deaths and destruction of the fire victims, and should be terminated or subject to reduction in their compensation.

3. **The Motion Lacks Sufficient Evidentiary Support**. The Motion lacks evidentiary support to establish that PG&E's proposed 2019 STIP incentive program, which is modeled in the same manner as previous short-term incentive programs (generally, "**STIPs**") that have failed to reduce ongoing criminal safety violations and loss of life, would suddenly protect public safety for the first time. Rather, the evidence reveals that during the term of each of the prior STIPs, California residents suffered unparalleled property damage, deaths, and environmental destruction as a result of the PG&E employees' work. PG&E's proposed standards for awarding 2019 STIP bonuses places four times greater weight on the company's financial performance than on an eligible employee's contribution to wildfire safety measures (referenced 'public safety index' metric in 2019 STIP supporting vegetation management and implementing fire-resistant systems),

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

in direct contravention of the District Court's March 5, 2019 Order that the company must allocate funds to enhancing the safety of its systems and infrastructure before expending money elsewhere.

**4. The Motion Does Not Comply with Bankruptcy Code §363(b)**. The Motion and declarations in support supply no evidentiary support sufficient to meet the business judgment threshold applicable to the Debtors' request to use property of the estate pursuant to Bankruptcy Code § 363(b). The Declarations do not establish that the Debtors and their advisors considered the District Court's imposition of conditions of probation in order to protect the public from such continued deaths and destruction or the effect of the numerous ongoing criminal investigations of PG&E and the performance of its employees charged with maintaining the safety of its electrical system.

**5. PG&E's Compensation is Already Above Market**. PG&E's 2020 General Rate Case Total Compensation Study dated May 11, 2018, evidences that employees are compensated higher than their peers when one considers base pay, benefits, and total compensation.

**6. Additional Information is Required to Determine Whether Bonuses Are Appropriate, and to Whom They Should be Paid**. Putting aside the criminal liability issues, and the fact that the District Court has ordered PG&E to institute safety measures, the Debtors have provided insufficient information from which the Court or the parties can determine whether bonuses are appropriate. The Debtors have yet to file their schedules and Statement of Affairs. The parties do not know the historical bonus payments by title, department and function for each of the eligible employees. The Debtors have not disclosed the anticipated payments under the 2019 STIP for the eligible employees by title, department and function. How do the eight proposed metrics (and associated weighting) correlate to the eligible employees' role at PG&E? How many of these eligible employees actually protect public safety, as opposed to driving financial performance? There are too many unknowns here for the Court to make an informed decision.

## CONCLUSION

The Committee requests that the Court enter relief consistent with this Initial Objection as it determines is just and proper.

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

Dated: March 12, 2019

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Robert A. Julian*
Robert A. Julian

Proposed Attorneys for Official Committee of Tort Claimants