WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    **- and -**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                       **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**<br><br>Date: April 9, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 94102 |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Application (the "**Application**"), pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to retain and employ Weil, Gotshal & Manges LLP ("**Weil**" or the "**Firm**") as attorneys for the Debtors effective as of the Petition Date (as defined below).

The Debtors request the Court approve the retention of Weil, under a general retainer, as their attorneys to perform the extensive legal services that will be required during these Chapter 11 Cases in accordance with Weil's normal hourly rates in effect when services are rendered and Weil's normal reimbursement policies.

In support of this Application, the Debtors submit the Declaration of Stephen Karotkin, a member of the Firm (the "**Karotkin Declaration**"), and the Declaration of Janet Loduca, Senior Vice President and Interim General Counsel of PG&E Corp. (the **"Loduca Declaration"**), each of which is filed concurrently herewith. A proposed form of order approving the retention and employment of Weil is annexed hereto as **Exhibit A** (the "**Proposed Order**").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

## III. WEIL'S QUALIFICATIONS

Since October 2017, Weil has advised the Debtors regarding the legal and financial challenges facing the Debtors, including providing advice regarding potential liabilities relating to the 2017 and 2018 Northern California wildfires. As a result of its prepetition representation of the Debtors, Weil has acquired in-depth knowledge of the Debtors' capital structure and liability profile and has gained insight into the Debtors' business operations. Accordingly, Weil possesses the necessary background to address

the legal issues and related matters that may arise in the administration of the Debtors' Chapter 11 Cases.

The Debtors also have selected Weil as their attorneys because of the Firm's extensive general experience and knowledge, including Weil's recognized expertise in the field of debtors' protections, creditors' rights, and the administration of cases under chapter 11 of the Bankruptcy Code. For example, Weil currently represents or has represented, among others, the following debtors and their affiliates: Sears Holdings Corporation; Westinghouse Electric Company LLC; TK Holdings Inc.; Vantage Drilling International (f/k/a Offshore Group Investment Limited); The Great Atlantic and Pacific Tea Co.; Chassix, Inc.; AMR Corp.; Lehman Brothers Holdings Inc.; General Motors Corp. n/k/a Motors Liquidation Co.; General Growth Properties, Inc.; WorldCom, Inc.; Enron Corp.; and Washington Mutual, Inc. Accordingly, the Debtors believe that Weil is both well qualified and uniquely able to represent the Debtors in their Chapter 11 Cases in an efficient and timely manner.

## IV. SCOPE OF SERVICES

The services to be performed by Weil are appropriate and necessary to enable the Debtors to execute faithfully their duties as debtors and debtors in possession and to prosecute their Chapter 11 Cases. Subject to further order of this Court, it is proposed that Weil be employed to render the following professional services:

    a.    take all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved and the preparation of objections to claims filed against the Debtors' estates;

    b.    prepare on behalf of the Debtors, as debtors in possession, all necessary motions, applications, answers, orders, reports and other pleadings and documents in connection with the administration of the Debtors' Chapter 11 Cases;

    c.    take all necessary actions in connection with any chapter 11 plan and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates;

    d.    take all necessary actions to protect and preserve the value of the Debtors' estates, and all related matters; and

    e.    perform all other necessary legal services in connection with the prosecution of these Chapter 11 Cases; provided, however, that to the extent Weil determines that such services fall outside of the scope of services historically or generally performed by Weil as lead debtors'

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

counsel in a bankruptcy case, Weil will file a supplemental declaration.

It is necessary for the Debtors to employ attorneys to render the foregoing professional services. Weil has stated its desire and willingness to act in these cases and render the necessary professional services as attorneys for the Debtors.

## V. NO DUPLICATION OF SERVICES

In addition to this Application, the Debtors have filed, or expect to file shortly, applications to employ: (i) Keller & Benvenutti LLP ("**K&B**"), as co-counsel, (ii) Cravath, Swaine & Moore LLP, as corporate counsel, (iii) Munger, Tolles & Olson LLP, as regulatory counsel, (iv) Lazard Frères & Co. LLC, as investment banker, (v) AP Services, LLP, to provide a chief restructuring officer, deputy chief restructuring officer, and other personnel, and (vi) Prime Clerk, LLC, as claims and noticing agent. The Debtors may also file applications to employ additional professionals. Rather than resulting in any extra expense to the Debtors' estates, it is anticipated that the efficient coordination of efforts of the Debtors' attorneys and other professionals will greatly add to the progress and effective administration of these Chapter 11 Cases.

Weil and K&B have informed the Debtors that Weil will take the lead on, among other tasks, the professional services listed in a – e above. K&B's duties will include, among other tasks: (a) providing California law expertise, including advising the Debtors and Weil on issues of local practice and the Bankruptcy Local Rules; (b) communicating with the Court and the Office of the U.S. Trustee with respect to the Debtors' filings and the Chapter 11 Cases; (c) reviewing, commenting on, and coordinating the filing of various pleadings; (d) appearing in Court on behalf of the Debtors; and (e) serving as lead counsel to the Debtors with respect to matters or parties as to which Weil has a conflict and determines that it cannot (or should not) represent the Debtors (where K&B does not similarly have a conflict). In addition, as described in the Karotkin Declaration, Weil will monitor and coordinate with the other professionals in these Chapter 11 Cases to ensure a clear delineation of each firm's respective roles in connection with representation of the Debtors in these Chapter 11 Cases to prevent duplication of services and ensure the cases are administered in the most efficient fashion possible.

## VI. WEIL'S DISINTERESTEDNESS

To the best of the Debtors' knowledge, the partners of, counsel to, and associates of Weil do not

have any connection with or any interest adverse to the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants, except as may be set forth in the Karotkin Declaration.

Based upon the information set forth in the Karotkin Declaration, Weil is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code. The Debtors have been informed that Weil will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise. If any new relevant facts or relationships are discovered, Weil will supplement its disclosure to the Court.

## VII. PROFESSIONAL COMPENSATION

As set forth in the Karotkin Declaration, for the 90 days prior to the Petition Date, Weil received payments and advances in the aggregate amount of $4,733,953.03 for professional services performed and to be performed, and expenses incurred and to be incurred, including professional services and expenses related to the commencement and prosecution of these Chapter 11 Cases. Weil has a remaining credit balance in favor of the Debtors for professional services performed and to be performed, and expenses incurred and to be incurred, in connection with these Chapter 11 Cases in the amount of $1,548,143.70 (the "**Fee Advance**"). Weil intends to apply the Fee Advance to any outstanding amounts relating to the period prior to the Petition Date that were not processed through Weil's billing system as of the Petition Date. Weil intends to retain any remaining balance of the Fee Advance on account of any services rendered and expenses incurred subsequent to the Petition Date.

The Debtors understand and have agreed that Weil hereafter will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees,* effective February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), and any further Orders of the Court (the "**Orders**") for all professional services performed and expenses

incurred after the Petition Date.

Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and the Orders, the Debtors propose to compensate Weil for services rendered at its customary hourly rates that are in effect from time to time, as set forth in the Karotkin Declaration, and to reimburse Weil according to its customary reimbursement policies. The Debtors respectfully submit that Weil's rates and policies stated in the Karotkin Declaration are reasonable, particularly given the nature of these Chapter 11 Cases.

## VIII. NOTICE

Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order (i) granting the relief requested herein as a sound exercise of the Debtors' business judgment and in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: March 13, 2019

Respectfully submitted,

By: /s/ *Janet Loduca*

Name: Janet Loduca

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119