**Exhibit A**

**[PROPOSED] Order**

| | |
|---|---|
| 1 | WEIL, GOTSHAL & MANGES LLP |
| 2 | Stephen Karotkin (*pro hac vice*) (stephen.karotkin@weil.com) |
| 3 | Jessica Liou (*pro hac vice*) (jessica.liou@weil.com) |
| 4 | Matthew Goren (*pro hac vice*) (matthew.goren@weil.com) |
| 5 | 767 Fifth Avenue New York, NY 10153-0119 |
| 6 | Tel: 212 310 8000 |
| 7 | Fax: 212 310 8007 |
| 8 | KELLER & BENVENUTTI LLP |
| 9 | Tobias S. Keller (#151445) (tkeller@kellerbenvenutti.com) |
| 10 | Jane Kim (#298192) (jkim@kellerbenvenutti.com) |
| 11 | 650 California Street, Suite 1900 San Francisco, CA 94108 |
| 12 | Tel: 415 496 6723 Fax: 650 636 9251 |

*Proposed Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    **- and -**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                   **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**[PROPOSED] ORDER PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a) AND 2016 AUTHORIZING THE RETENTION AND EMPLOYMENT OF WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR DEBTORS EFFECTIVE AS OF THE PETITION DATE** |

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

Upon the Application, dated March __, 2019 (the "**Application**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to retain and employ Weil, Gotshal & Manges LLP ("**Weil**") as attorneys for the Debtors, effective as of the Petition Date, under a general retainer, all as more fully set forth in the Application; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application, the Karotkin Declaration and the Loduca Declaration; and upon the record of the Hearing (if any was held) and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as provided herein.

2. The Debtors are authorized, pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, to retain and employ Weil as their attorneys in these Chapter 11

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

Cases under a general retainer, in accordance with Weil's normal hourly rates and reimbursement of disbursements policies, all as contemplated by Application, effective as of the Petition Date.

3. Weil is authorized to render the following professional services:

   a. take all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved and the preparation of objections to claims filed against the Debtors' estates;

   b. prepare on behalf of the Debtors, as debtors in possession, all necessary motions, applications, answers, orders, reports and other papers in connection with the administration of the Debtors' Chapter 11 Cases;

   c. take all necessary actions in connection with any chapter 11 plan and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates;

   d. take all necessary actions to protect and preserve the value of the Debtors' estates, and all related matters; and

   e. perform all other necessary legal services in connection with the prosecution of these Chapter 11 Cases; provided, however, that to the extent Weil determines that such services fall outside of the scope of services historically or generally performed by Weil as lead debtors' counsel in a bankruptcy case, Weil will file a supplemental declaration.

4. Weil shall be compensated in accordance with, and will file, interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and any further order of the Court;

5. Weil shall be reimbursed for reasonable and necessary expenses as provided by the Fee Guidelines;

6. Weil shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases;

7. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application;

8. Weil shall provide reasonable notice to the Debtors and the U.S. Trustee of any increase of Weil's hourly rates;

9. To the extent the Application is inconsistent with this Order, the terms of the Order shall govern;

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119