WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**DECLARATION OF STEPHEN KAROTKIN IN SUPPORT OF APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**<br><br>Date: April 9, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 94102 |

Pursuant 28 U.S.C. § 1746, I, Stephen Karotkin, hereby declare as follows:

I am a member of the firm of Weil, Gotshal & Manges LLP ("**Weil**" or the "**Firm**"), an international law firm with principal offices at 767 Fifth Avenue, New York, New York 10153; regional offices in Washington, D.C.; Houston and Dallas, Texas; Miami, Florida; Boston, Massachusetts; Princeton, New Jersey; Redwood Shores, California; and foreign offices in London, United Kingdom; Warsaw, Poland; Frankfurt and Munich, Germany; Paris, France; and Beijing, Hong Kong and Shanghai, China.

I submit this Declaration in connection with the Application, submitted on the date hereof (the "**Application**"),[1] of PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for authority to employ and retain Weil as their attorneys, effective as of January 29, 2019 (the "**Petition Date**"), at its normal hourly rates in effect from time to time and in accordance with its normal reimbursement policies, in compliance with section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and to provide the disclosure required under Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Bankruptcy Local Rules for the U.S. District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein. To the extent any information disclosed herein requires amendment or modification upon Weil's completion of further review, or as additional information regarding parties in interest becomes available, a supplemental declaration will be submitted to the Court reflecting such amended, supplemented or otherwise modified information.

Neither I, Weil, nor any partner of, counsel to, or associate of the Firm represents any entity other than the Debtors in connection with these Chapter 11 Cases. In addition, except as set forth herein, to the best of my knowledge, after due inquiry, neither I, Weil, nor any partner of, counsel to, or associate of the Firm represents any party in interest in these Chapter 11 Cases in matters related to these Chapter 11 Cases.

---

[1] Capitalized terms used but not otherwise herein defined have the meanings ascribed to such terms in the Application.

# I. WEIL'S DISCLOSURE PROCEDURES

Weil, which employs approximately 1,100 attorneys, has a large and diversified legal practice that encompasses the representation of many financial institutions and commercial corporations. Weil has, in the past, represented, currently represents, and may, in the future, represent, entities that are claimants or interest holders of the Debtors in matters unrelated to these Chapter 11 Cases. Some of those entities are, or may consider themselves to be, creditors or parties in interest in these Chapter 11 Cases or otherwise have interests in these cases.

In preparing this Declaration, I used a set of procedures developed by Weil to ensure compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules regarding the retention of professionals by a debtor under the Bankruptcy Code (the "**Firm Disclosure Procedures**"). Pursuant to the Firm Disclosure Procedures, I performed, or caused to be performed, the following actions to identify the parties relevant to this Declaration and to ascertain Weil's connection to such parties:

   a. A comprehensive list of the types of entities that may have contacts with the Debtors was developed through discussions with the Weil attorneys who have provided services to the Debtors and in consultation with the advisors to and senior management of the Debtors (the "**Retention Checklist**"). A copy of the Retention Checklist is attached hereto as **Exhibit 1**.

   b. Weil obtained information responsive to the Retention Checklist through several inquiries of the Debtors' senior management and advisors and review of documents provided by the Debtors to Weil. Weil then used that information, together with other information identified by Weil, to compile a list of the names of entities that may be parties in interest in these Chapter 11 Cases (the "**Potential Parties in Interest**").

   c. Weil maintains a master client database as part of its conflict clearance and billing records. The master client database includes the names of the entities for which any attorney time charges have been billed since the database was first created (the "**Client Database**"). The Client Database includes the names of all current and former clients, the names of the parties who are or were related or adverse to such current and former clients, and the names of the Weil personnel who are or were responsible for current or former matters for such clients. Weil's policy is that no new matter may be accepted or opened within the Firm without completing and submitting to those charged with maintaining the conflict clearance system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the name of the matter, adverse parties, and, in some cases, parties related to the client or to an adverse party. Accordingly, the database is updated for every new matter undertaken by Weil. The accuracy of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

d. Weil compared the names of each of the Potential Parties in Interest to client matters in the Client Database for which professional time was recorded during the two years prior to the comparison.[2] Any matches to names in the Client Database generated by the comparison were compiled, together with the names of the respective Weil personnel responsible for the identified client matters (the "**Client Match List**").

e. A Weil attorney then reviewed the Client Match List and deleted obvious name coincidences and individuals or entities that were adverse to Weil's clients in both this matter and the matter referenced on the Client Match List.

f. Using information in the Client Database concerning entities on the Client Match List and making general and, if applicable, specific inquires of Weil personnel, Weil verified that it does not represent and has not represented any entity on the Client Match List in connection with these Chapter 11 Cases.

g. In addition, a general inquiry was sent by electronic mail to all Weil personnel (attorneys and staff) to determine whether any such individuals or any members of their households (i) own any debt or equity securities of the Debtors; (ii) hold a claim against or interest adverse to the Debtors; (iii) are or were officers, directors, or employees of the Debtors or any of the affiliates or subsidiaries; (iv) are related to or have any connections to Bankruptcy Judges in the Northern District of California; or (v) are related to or have any connections to anyone working in the Office of the United States Trustee for the Northern District of California (the "**U.S. Trustee**").

## II. WEIL'S CONNECTIONS WITH THE DEBTORS

Weil compiled responses to the foregoing inquiries for the purpose of preparing this Declaration. Responses to the inquiries described above reflect that, as of the Petition Date, no Weil personnel or member of the household of any Weil personnel holds any claims against, stock of, or other interests in the Debtors and that no such individuals held significant employment with the Debtors.[3] A Weil attorney clerked for a Bankruptcy Judge in the Northern District of California; however, not for a Bankruptcy Judge in the San Francisco Division, and that clerkship ended in 2015.

Since October 2017, Weil has advised the Debtors regarding the legal and financial challenges facing the Debtors, including providing advice regarding potential liabilities relating to the 2017 and 2018 Northern California wildfires. As a result of its prepetition representation of the Debtors, Weil has

---

[2] For purposes of the Firm Disclosure Procedures, Weil considers an entity a "former client" if professional time was recorded within the past two years, but all matters for such client have since been closed. Because the Firm Disclosure Procedures only reflect client activity during the past two years, matches to client matters outside that timeframe are not reflected in this Declaration

[3] Certain Weil personnel or members of the households of Weil personnel may unknowingly hold stock or other interests in the Debtors in blind, discretionary accounts, or mutual funds.

acquired an in-depth knowledge of the Debtors' capital structure and liability profile and has gained insight into the Debtors' business operations. Accordingly, Weil possesses the necessary background to address the legal issues and related matters that may arise in the administration of the Debtors' Chapter 11 Cases. Most recently, Weil has provided the necessary services to enable the Debtors to commence the above captioned Chapter 11 Cases. Weil, working together with Keller & Benvenutti LLP. ("**K&B**"), primarily was responsible for the preparation of the chapter 11 petitions, initial motions and applications relating to these Chapter 11 Cases and their commencement.

### III. WEIL'S CONNECTIONS WITH PARTIES IN INTEREST IN MATTERS UNRELATED TO THESE CHAPTER 11 CASES

Either I, or an attorney working under my supervision, reviewed the connections between Weil and the clients identified on the Client Match List, and the connections between those entities and the Debtors. After such review, either I, or an attorney working under my supervision, determined, in each case, that Weil does not hold or represent an interest that is adverse to the Debtors' estates and that Weil is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, for the reasons discussed below.

Weil previously represented, currently represents, and may, in the future, represent the entities (or their affiliates) described below, in matters unrelated to the Debtors. These disclosures, attached hereto as **Exhibit 2** (the "**Disclosure Schedule**"), are the product of implementing the Firm Disclosure Procedures. An entity is listed as a "Current Client" on the Disclosure Schedule if Weil has any open matters for such entity or a known affiliate of such entity and attorney time charges have been recorded on any such matters within the past two (2) years. An entity is listed as a "Former Client" on the Disclosure Schedule if Weil represented such entity or a known affiliate of such entity within the past two (2) years based on recorded attorney time charges on a matter, but all matters for such entity or any known affiliate of such entity have been formally closed. Weil has not represented, does not represent, and will not represent any entities listed on the Disclosure Schedule in matters directly related to the Debtors or these Chapter 11 Cases.

To the best of my knowledge and information, the annual fees for the last twenty-four (24)

months[4] paid to Weil by any entity listed on the Disclosure Schedule or its affiliates did not exceed one percent (1%) of the Firm's annual gross revenue, except with respect to the Firm's representations of: Brock Services LLC (approximately 1.2%), Brookfield Renewable Energy Partners (approximately 2.1%), General Electric LLC (approximately 2.1%), Goldman Sachs Bank USA (approximately 1.1%), Lehman Brothers Holdings Inc. (approximately 1.1%), and Westinghouse Electric Company (approximately 3.2%).[5] In the event that there is any dispute between the Debtors and any of the above entities, Weil will not represent either party in such dispute.

In addition to the foregoing, through diligent inquiry, I have ascertained no connection, as such term is used in section 101(14)(C) of the Bankruptcy Code, as modified by section 1107(b), and Bankruptcy Rule 2014(a), between Weil and (i) the U.S. Trustee or any person employed by the U.S. Trustee, (ii) any attorneys, accountants, or financial consultants in these Chapter 11 Cases,[6] or (iii) any investment bankers who represent or may represent the Debtors, claimants, or other parties in interest in these Chapter 11 Cases, except as set forth herein and on the Disclosure Schedule.[7] As part of its practice, Weil appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, some of whom now, or may in the future, represent claimants and other parties in interest in these cases. Weil has not represented, and will not represent, any such parties in relation to the Debtors or their Chapter 11 Cases. Weil does not have any relationship with any such attorneys, accountants, financial consultants, or investment bankers that would be adverse to the Debtors or their estates.

Additionally, Weil has represented, and may currently represent, entities that hold, or may, in the

---

[4] According to Weil's records as of January 28, 2019.

[5] It is my understanding that the annual revenues with respect to Westinghouse Electric Company ("**Westinghouse**") were largely in connection with its reorganization under chapter 11 of the Bankruptcy Code and related global restructuring activities. Westinghouse emerged from chapter 11 in July, 2018.

[6] My son, Joshua Karotkin, is an employee of Prime Clerk LLC, the Debtors' claims and noticing agent. Both Weil and Prime Clerk LLC are retained by the Debtors, accordingly such employment does not affect Weil's disinterestedness in these Chapter 11 Cases. Additionally, he does not work on matters related to these Chapter 11 Cases.

[7] Certain Weil partners have family members who are affiliated with investment banking firms. Should such investment banking firms become parties in interest in these Chapter 11 Cases, such a *de minimis* connection would not affect Weil's disinterestedness in these Chapter 11 Cases.

future, hold certain of the Debtors' debt in beneficial accounts on behalf of unidentified parties. Because distressed debt is actively traded in commercial markets, Weil may be unaware of the actual holder of such debt at any given moment. Weil also represents numerous entities in unrelated matters that may buy and/or sell distressed debt, claims, or equity interests of chapter 11 debtors. Moreover, from time to time, Weil is engaged by various entities that buy and/or sell distressed debt and equity to analyze the capital structure of a distressed company based on a review of publicly available information. The Firm does not undertake such reviews after it has been engaged to represent any such company, including the Debtors, and does not view any public debt review as an adverse representation to the Debtors. Similarly, as a large firm, Weil may represent creditors/investors of or parties interested in investing in one or more parties in interest in these cases. Weil does not believe these relationships represent interests adverse to the Debtors' estates.

Certain of the parties in interest in these Chapter 11 Cases are or were, from time to time, members of ad hoc or official committees represented by Weil in matters unrelated to these Chapter 11 Cases. In such instances, Weil only represented the committee or group, and did not represent the creditors in their individual capacities.

Despite the efforts described herein to identify and disclose Weil's connections with the parties in interest in these Chapter 11 Cases, and because the Debtors have numerous relationships, Weil is unable to state with certainty that every client relationship or other connection has been disclosed. In this regard, Weil will continue to apply the Firm Disclosure Procedures. If any new material, relevant facts, or relationships are discovered or arise, Weil will promptly file a supplemental disclosure with the Court.

**IV.  WEIL IS DISINTERESTED**

Based on the foregoing, insofar as I have been able to ascertain after diligent inquiry, I believe Weil does not hold or represent an interest adverse to the Debtors' estates in the matters upon which Weil is to be employed, and that Weil is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

## V. WEIL'S RETAINER, RATES, AND BILLING PRACTICES

Weil is not a creditor of the Debtors. During the ninety (90) day period prior to the Petition Date, Weil received payments in the amount of $4,733,953.03 for services performed and to be performed, and expenses incurred and to be incurred, including services and expenses related to the commencement of these Chapter 11 Cases. As of the Petition Date, Weil held an advance payment retainer of $1,548,143.70, subject to any amounts Weil intends to apply against the retainer as set forth in the Application.

Weil intends to charge the Debtors for services rendered in these Chapter 11 Cases at Weil's normal hourly rates in effect at the time the services are rendered. Weil's current customary hourly rates, subject to change from time to time, are $1,050.00 to $1,600.00 for partners and counsel, $560.00 to $995.00 for associates, and $240 to $420 for paraprofessionals. Weil also intends to seek reimbursement for expenses incurred in connection with its representation of the Debtors in accordance with Weil's normal reimbursement policies, subject to any modifications to such policies that Weil may be required to make to comply with orders of this Court, the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, effective February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), and any further orders of the Court (the "**Orders**").

Weil's disbursement policies pass through all out-of-pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine. For example, with respect to duplication charges, Weil will charge $0.10 per page for black and white copies and $0.50 per page for color copies in accordance with the Fee Guidelines. Similarly, as it relates to computerized research, Weil believes that it does not make a profit on that service as a whole, although the cost of any particular search is difficult to ascertain. Other reimbursable expenses (whether the service is performed by Weil in-house or through a third-party vendor) include, but are not limited to, facsimiles, overtime, overtime

meals, deliveries, court costs, cost of food at meetings, transcript fees, travel fees, and clerk fees.

No promises have been received by Weil, or any partner, counsel, or associate of Weil, as to payment or compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and the Fee Guidelines. Furthermore, Weil has no agreement with any other entity to share compensation received by Weil or by such entity.

The Application requests approval of Weil's retention on rates, terms, and conditions consistent with what Weil charges non-chapter 11 debtors, namely, prompt payment of Weil's hourly rates, as adjusted from time to time, and reimbursement of out-of-pocket disbursements at cost or based on formulas that approximate the actual cost where the actual cost is not easily ascertainable. Subject to these terms and conditions, Weil intends to apply for allowance of compensation for professional services rendered in these Chapter 11 Cases and for reimbursement of actual and necessary expenses relating thereto, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and the Fee Guidelines.

## VI. COORDINATION WITH OTHER PROFESSIONALS FOR THE DEBTORS

Weil is aware that the Debtors have submitted, or intend to submit, separate applications to retain, among others, (i) K&B, as co-counsel, (ii) Cravath, Swaine & Moore LLP, as corporate counsel, (iii) Munger, Tolles & Olson LLP, as regulatory counsel, (iv) Lazard Frères & Co. LLC, as investment banker; (v) AP Services, LLC to provide a chief restructuring officer, deputy chief restructuring officer, and other personnel; and (vi) Prime Clerk, LLC, as claims and noticing agent. The Debtors will also file applications to employ additional professionals. Weil, in conjunction with the Debtors' management, intends to carefully monitor and coordinate the efforts of all professionals retained by the Debtors in these Chapter 11 Cases and will delineate their respective duties so as to prevent duplication of services whenever possible.

# VII. ATTORNEY STATEMENT PURSUANT TO U.S. TRUSTEE GUIDELINES

The following is provided in response to the request for additional information set forth in Paragraph D.1 of the U.S. Trustee Fee Guidelines.

**Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Response:** No.

**Question:** Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

**Response:** No.

**Question:** If you represented the client in the twelve (12) months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the twelve (12) months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Response:** Weil represented the Debtors for approximately fifteen (15) months prior to the Petition Date. Weil's customary hourly rates at the beginning of the engagement were $990.00 to $1,500.00 for partners and counsel, $535.00 to $975.00 for associates, and $230.00 to $385.00 for paraprofessionals. In October 2018, Weil adjusted its standard billing rates for its professionals in the normal course. The second paragraph in Section V above sets forth the billing rates used by Weil from October 2018 through the date hereof. Weil's billing rates and material financial terms with respect to this matter have not changed postpetition.

**Question:** Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

**Response:** Weil is developing a prospective budget and staffing plan for these Chapter 11 Cases.

The foregoing constitutes the statement of Weil pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated March 13, 2019

_____
Stephen Karotkin
Partner, Weil, Gotshal & Manges LLP

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119