WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>   - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>            **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**DECLARATION OF JANET LODUCA IN SUPPORT OF APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**<br><br>Date:  April 9, 2019<br>Time:  9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>          Courtroom 17, 16th Floor<br>          San Francisco, CA 94102 |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Pursuant 28 U.S.C. § 1746, I, Janet Loduca, hereby declare as follows:

I am the Senior Vice President and Interim General Counsel of PG&E Corporation ("**PG&E Corp.**"). In my current role, I am responsible for supervising outside counsel and monitoring and managing legal fees and expenses.

On January 29, 2019 (the "**Petition Date**"), PG&E Corp. and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). I submit this Declaration in support of the Debtors' Application (the "**Application**")[1], pursuant to section 327(a) of the Bankruptcy Code and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to employ and retain Weil, Gotshal & Manges LLP ("**Weil**" or the "**Firm**"), as attorneys for the Debtors in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") effective as of the Petition Date.

This Declaration is provided pursuant to Paragraph D.2 of the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**Fee Guidelines**"). Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, information provided to me by the Debtors' employees or advisors, or my opinion based upon knowledge and experience as Senior Vice President and Interim General Counsel. I am authorized to submit this Declaration on behalf of the Debtors.

The Debtors recognize that a comprehensive review process is necessary when selecting and managing chapter 11 counsel to ensure that their bankruptcy professionals are subject to the same client-driven market forces, security, and accountability as professionals in non-bankruptcy engagements. Since October 2017, Weil has advised the Debtors regarding the legal and financial challenges facing the Debtors, including providing advice regarding potential liabilities relating to the 2017 and 2018 Northern California wildfires. As a result of its prepetition representation of the Debtors, Weil has

---

[1] Capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to such terms in the Application.

acquired an in-depth knowledge of the Debtors' capital structure and liability profile and has gained insight into the Debtors' business operations. Accordingly, Weil possesses the necessary background to address the legal issues and related matters that may arise in the administration of the Debtors' Chapter 11 Cases.

Weil has confirmed to me that the Firm does not vary its billing rates or the material terms of an engagement depending on whether such engagement is a bankruptcy or a non-bankruptcy engagement. Weil has advised me that its current customary U.S. hourly rates are $1,050.00 to $1,600.00 for partners and counsel, $560.00 to $995.00 for associates, and $240.00 to $420.00 for paraprofessionals. It is my understanding that Weil reviews and adjusts its billing rates annually, typically on or around October 1st of each year. Weil has advised me that it will inform the Debtors of any adjustment to its existing rate structure.

I am informed by Weil that its attorneys' billing rates are aligned each year to ensure that its rates are comparable to the billing rates of its peer firms. To the extent that there is any disparity in such rates, however, I nevertheless believe that Weil's retention by the Debtors is warranted in these cases for the reasons set forth in the Debtors' Application.

I understand that Weil's fees and expenses will be subject to periodic review on a monthly, interim, and final basis during the pendency of these Chapter 11 Cases by, among other parties, a fee examiner or fee committee (if appointed), the Office of the United States Trustee and the Debtors, and in accordance with the terms of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court governing the procedures for approval of interim compensation of professionals retained in these Chapter 11 Cases.

As Senior Vice President and Interim General Counsel, I supervise and manage legal fees and expenses incurred by the Debtors' outside counsel. Either I or a senior lawyer in our legal department reviews the Debtors' outside counsel invoices and authorizes all legal fees and expenses prior to the payment of such fees to outside counsel. In so doing, I assure that all requested fees and expenses are reasonable and correspond with necessary or beneficial services rendered on behalf of the Debtors and their estates. The aforementioned review and approval process does not differ when the Debtors employ outside counsel for non-bankruptcy matters. Moreover, Weil has informed me that the Debtors will be

provided with the opportunity to review all invoices and request adjustments to such invoices to the extent that the Debtors determine that such adjustments are necessary and appropriate, which requests will be carefully considered by Weil.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: March 13, 2019

/s/ *Janet C. Loduca*
Janet Loduca

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119