WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors**. | **APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY KELLER & BENVENUTTI LLP AS CO-COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors | |
| *\* All papers shall be filed in the lead case,*<br>*No. 19-30088 (DM)* | Date:  April 9, 2019<br>Time:  9:30 a.m. (Pacific Time)<br>Place:  United States Bankruptcy Court<br>    Courtroom 17, 16th Floor |

PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby submit this Application (the "Application"), pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authority to retain and employ Keller & Benvenutti LLP (the "Firm") as co-counsel for the Debtors effective as of the Petition Date (as defined below).

The Debtors request the Court approve the retention of the Firm, under a general retainer, as their attorneys to perform the extensive legal services that will be required during these Chapter 11 Cases in accordance with the Firm's normal hourly rates in effect when services are rendered and the Firm's normal reimbursement policies.

A proposed form of order approving the retention and employment of the Firm is annexed hereto as **Exhibit A** (the "Proposed Order"). In support of this Application, the Debtors submit the declaration of Tobias S. Keller, a partner of the Firm (the "Keller Declaration"), which is filed concurrently herewith.

///
///
///
///
///
///
///
///
///
///
///
///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. sections 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "Bankruptcy Local Rules").  This is a core proceeding pursuant to 28 U.S.C. section 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. sections 1408 and 1409.

## II.    BACKGROUND

On January 29, 2019 (the "Petition Date"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in either of the Chapter 11 Cases.

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the declaration of Jason P. Wells, Senior Vice President and Chief Financial Officer of PG&E Corporation filed in support of the Debtors' chapter 11 petitions and related first day relief.

## III.    QUALIFICATIONS

Since May 2018, the Firm has advised the Debtors in connection with refinancing and restructuring strategies, with an emphasis on local practices and precedent.  As a result of its prepetition representation of the Debtors, the Firm (A) has acquired in-depth knowledge of the Debtors' capital structure and liability profile, (B) has gained additional insight into the current condition of the Debtors' business operations, and (C) has developed a working relationship with the Debtors' officers, staff, and outside counsel.  Accordingly, the Firm possesses the necessary background to address the potential legal issues that may arise in the context of the Chapter 11 Cases.

The Firm's attorneys are admitted to practice before this Court and are qualified to represent the Debtors in these proceedings by reason of their ability, integrity, and professional experience. The Firm is a boutique law firm focused on bankruptcy and restructuring. The Firm's attorneys have served as debtor's counsel in a wide range of chapter 11 cases, involving most aspects of law that may arise in these Chapter 11 Cases. In addition to their work as debtor's counsel, the Firm's attorneys have played various roles in chapter 11 cases and have extensive chapter 11 experience, both within this District and across the country.

## IV.	SCOPE OF SERVICES

The services to be performed by the Firm are appropriate and necessary to enable the Debtors to execute faithfully their duties as debtors and debtors in possession and to prosecute their Chapter 11 Cases. Subject to further order of this Court, it is proposed that the Firm be employed to render the following professional services:

a.	appear in Court on behalf of the Debtors;

b.	provide legal advice regarding the Debtors' rights and obligations as debtors in possession and regarding local rules, practices, and procedures;

c.	act to protect and preserve the Debtors' estates through the prosecution of actions on the Debtors' behalf, defense of actions commenced against the Debtors, negotiation of disputes in which the Debtors are involved, and preparation of objections to claims filed against the Debtors' estates;

d.	prepare on behalf of the Debtors any necessary applications, motions, answers, orders, reports, and other legal papers;

e.	provide traditional services of local co-counsel including, without limitation: monitoring the docket for filings and coordinating with co-counsel in pending matters that need response; preparing agenda letters, certificates of no objection, certifications of counsel, and notices of fee applications and hearings; preparing hearing binders of documents and pleadings; and preparing documents and pleadings for hearings;

f.	handle inquiries and calls from creditors and counsel to interested parties regarding pending matters and the general status of the Chapter 11 Cases, and, to the extent required, coordinating with co-counsel on any necessary responses;

g.	act as primary counsel in the event that debtor's lead bankruptcy counsel has a disabling conflict, believes it would be more efficient,

or otherwise desires the Firm to act in such capacity in discrete matters; and

    h.      provide additional support to the Debtors and to co-counsel, as requested.

It is necessary for the Debtors to employ attorneys to render the foregoing professional services. The Firm desires, and is willing, to act in these cases and render the necessary professional services as attorneys for the Debtors.

## V.    NO DUPLICATION OF SERVICES

In addition to this Application, the Debtors have filed, or expect to file shortly, applications to employ: (i) Weil, Gotshal & Manges LLP ("Weil"), as general bankruptcy counsel, (ii) Cravath, Swaine & Moore LLP, as corporate counsel, (iii) Munger, Tolles & Olson LLP, as regulatory counsel, (iv) Lazard Frères & Co. LLC, as investment banker, (v) Alix Partners, LLP, as financial advisor, and (vi) Prime Clerk, LLC, as claims and noticing agent. The Debtors may also file applications to employ additional professionals. Rather than resulting in any extra expense to the Debtors' estates, it is anticipated that the efficient coordination of efforts of the Debtors' attorneys and other professionals will greatly add to the progress and effective administration of these Chapter 11 Cases. While the Firm will generally defer to Weil and the other professionals on strategic matters and advice, it will contribute its perspective with respect to the Court, local practices and practitioners, and other matters known to or more readily available to the Firm. In addition, the Firm stands ready to provide legal services that require the regular appearance of attorneys on site or near the Court or the Debtors' executive offices and in matters that the professionals agree might be more efficiently and/or appropriately handled by the Firm for any reason. The Firm will endeavor to minimize instances in which work is duplicated by and between the Firm and any other professionals.

## VI.    DISINTERESTEDNESS

To the best of the Debtors' knowledge, the partners of, counsel to, and associates of the Firm do not have any connection with or any interest adverse to the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants, except as may be set forth in the Keller Declaration. Based upon the Keller Declaration, the Firm has concluded that it is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code as modified by

section 1107(b) of the Bankruptcy Code.  The Firm will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise.  If any new relevant facts or relationships are discovered, the Firm will supplement its disclosure to the Court.

## VII.    PROFESSIONAL COMPENSATION

As set forth in the Keller Declaration, for the 90 days prior to the Petition Date, the Firm received payments and advances in the aggregate amount of $383,635.00 for professional services performed and to be performed, and expenses incurred and to be incurred, including in connection with the commencement and prosecution of these Chapter 11 Cases.  As of the Petition Date, the Firm had a remaining credit balance in favor of the Debtors for professional services performed and to be performed, and expenses incurred and to be incurred, in connection with these Chapter 11 Cases in the amount of approximately $111,105 (the "Fee Advance").[1]

The Debtors understand and have agreed that the Firm hereafter will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees effective February 19, 2014, the United States Trustee Guidelines Region 17 updated December 16, 2016 (the "Local Guidelines"), the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases effective November 1, 2013 (the "U.S. Trustee Guidelines," and together with the Local Guidelines, the "Fee Guidelines"), and any further orders of the Court (the "Orders") for all professional services performed and expenses incurred after the Petition Date.

Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local

---

[1]    The Firm drew down funds in its trust account immediately prior to the Petition Date in an amount sufficient to cover its outstanding fees and expenses at the time.  On February 9, 2019, the Firm completed its reconciliation of fees and expenses incurred prior to the Petition Date and determined that it drew down, prior to the filing, $21,105.20 more than necessary to cover the Firm's outstanding fees and expenses.  That sum has been returned to the Firm's trust fund for the benefit of the Debtors.

Rules, the Fee Guidelines, and the Orders, the Debtors propose to compensate the Firm for services rendered at its customary hourly rates that are in effect from time to time, as set forth in the Keller Declaration, and to reimburse the Firm according to its customary reimbursement policies. The Debtors respectfully submit that the Firm's rates and policies stated in the Keller Declaration are reasonable, particularly given the nature of these Chapter 11 Cases.

## VIII. NOTICE

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) the Debtors' fifty (50) largest unsecured creditors on a consolidated basis; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the Office of the California Attorney General; (vi) the California Public Utilities Commission; (vii) the Nuclear Regulatory Commission; (viii) the Federal Energy Regulatory Commission; (ix) the Office of the United States Attorney for the Northern District of California; (x) counsel for the agent under the Debtors' proposed debtor in possession financing facilities; and (xi) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE** the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  March 13, 2019

**PG&E CORPORATION**

**PACIFIC GAS AND ELECTRIC COMPANY**

By:  /s/ *Janet Loduca*
     Janet Loduca, Esq.
     Senior Vice President and
     General Counsel