

# KELLER KB BENVENUTTI

650 California Street, Suite 1900
San Francisco, CA 94108

January 2, 2019

VIA ELECTRONIC MAIL

John R. Simon, Esq.
Executive Vice President and General Counsel
PG&E Corporation
77 Beale Street
P.O. Box 770000
San Francisco, CA 94177

VIA ELECTRONIC MAIL

Janet Loduca, Esq.
Senior Vice President and Deputy General Counsel
Pacific Gas and Electric Company
77 Beale Street
P.O. Box 770000
San Francisco, CA 94177

Re: Retention of Keller & Benvenutti LLP

Dear John and Janet:

This letter confirms the scope, terms and conditions of our engagement by PG&E Corporation and its wholly-owned subsidiary Pacific Gas and Electric Company (together, "PG&E" or "you"). The scope of our services is described in paragraph 1 below. Thank you for retaining Keller & Benvenutti LLP ("K&B", "we" or "us") in this engagement and for your consideration and cooperation concerning the matters covered in this letter. This letter agreement replaces and supersedes, in its entirely, our engagement agreement dated May 8, 2018.

1. Scope of and Limitations on Engagement and Client Relationship

You have retained us to represent PG&E as local counsel to Weil, Gotshal & Manges LLP in reviewing the prospect of, preparing for and, if necessary, filing chapter 11 cases in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"); and thereafter representing PG&E throughout the course of the case. In performing the services described here, our sole client will be PG&E. While our services and advice may benefit or otherwise affect other affiliated persons or entities, we are not agreeing to represent, and are not entering into an attorney-client relationship with, any affiliates of PG&E, or any directors, equity owners, officers or employees of PG&E, or any of their affiliates. We are also not agreeing by this letter to represent PG&E any proceedings before a court, arbitration panel, or any other formal or informal tribunal or decision-making body or governmental agency other than the Bankruptcy Court and courts hearing appeals therefrom.

Any new or expanded engagement beyond that described above, including the representation of any additional persons or entities, or the agreement to expand the subject of our representation or the scope of or services, will require a new and separate agreement. We understand that you have advised, or will advise, other involved parties that this representation is only of PG&E and that this engagement does not include any undertaking by K&B to represent any of them or create any attorney/client relationship between K&B and any of them.

2. Staffing

You will be the individuals from whom we will take direction and to whom we will report in connection with this engagement. I will have primary responsibility for this engagement and will be assisted by various attorneys at the firm. We will staff matters with such K&B lawyers and service personnel as we deem appropriate from time to time in order to provide high quality services in a cost-efficient manner.

3. Potentially Adverse Representations or Conflicts of Interest

We previously performed a conflict check and determined that we had no matters or relationships that posed a conflict with PG&E or the other parties we have identified. We are supplementing that conflict check now.[1] It is possible that during the time we are working for you, an existing or future client may seek to engage us in connection with an actual or potential transaction or pending or potential litigation or other dispute resolution proceeding in which such client's interests are or potentially may become adverse to your interests.

Should such a situation arise, we would be unable to take on the adverse representation without obtaining your informed consent, and you have the right to withhold your consent. Should we request you to consent to an adverse representation, you agree to consider our request with an open mind in good faith so long as the subject matter of the proposed adverse representation is not substantially related to this engagement. Under the applicable legal ethics rules, you will nevertheless retain the right to decline our request for any reason, or for no reason. In the same vein, as a matter of professional responsibility, we may be unable to, or may elect not to, represent you in commencing litigation against a then-current client.

We note that we frequently represent local businesses in bankruptcies and restructurings and, in many of those cases, one of PG&E's wholly-owned subsidiaries acts as a utility provider or vendor to the business. Absent extraordinary circumstances (*e.g.* material disputes between PG&E and our clients), you have agreed that you will waive conflicts as to such clients if requested.

---

[1] We are completing a thorough conflict check and, as required by the Bankruptcy Code, we will file a detailed declaration setting forth the nature and extent of our final conflict analysis.

4. <u>Fees and Disbursements</u>

Our fees are generally determined by the time devoted by each lawyer or other service provider involved in the engagement and the hourly billing rates assigned to each such person. Our current rates for the personnel we anticipate being most active at the outset of the assignment are:

| | |
|---|---|
| Peter J. Benvenutti | $800 per hour |
| Tobias S. Keller | $800 per hour |
| Jane Kim | $650 per hour |
| Keith McDaniels | $600 per hour |
| Thomas Rupp | $400 per hour |
| Stacey Oborne | $225 per hour |

We reserve the right to use other attorneys should we determine that such assistance would be efficient. Our hourly rates are revised periodically, typically effective January 1, and we reserve the right to revise them from time to time during the course of our representation of PG&E. We will submit periodic billing statements (generally monthly), which will be payable in the first instance from the advance as discussed in paragraph 5 below, and will be an obligation of PG&E to the extent the advanced funds are insufficient or otherwise unavailable to pay them. Unless we specifically agree, any fee estimate that we may provide is not a commitment to perform the services within a fixed time or for a fixed fee.

In addition to our fees, we expect our clients to defray certain costs and expenses incurred during our representation of them. Please note that although our charges for non-cash costs incurred by K&B reflect our good faith estimate of our actual, fully absorbed, out-of-pocket costs, those estimates may differ from our actual costs. Normally, disbursements and charges will be subject to reimbursement from you in the regular billing cycle. In some circumstances, however, such as in the case of particularly large expense items, we may ask you to pay these items directly or in advance.

5. <u>Advance for Fees and Expenses</u>

As a condition to our obligation to perform services under this letter agreement, PG&E provided us with an advance for fees and expenses in the amount of $50,000 and has agreed to pay an additional such advance, payable upon PG&E's execution of this letter, in an amount such that, after application of all accrued but unpaid fees and expenses, we will be holding an advance in the total amount of $100,000 as of the date that the Bankruptcy Case is commenced. This amount will serve as an advance payment of our fees and expenses; they will be deposited upon receipt into, and held in, our trust account. PG&E expressly grants us a security interest in these funds (including all future additions thereto) to secure full payment of our fees and expenses incurred and to be incurred. We will be authorized to apply these funds immediately prior to the commencement of

the Bankruptcy Case, to pay the full estimated amount of our then-accrued but unpaid fees and expenses, with the objective of paying all pre-petition fees and expenses as of the commencement of the Bankruptcy Case. Any excess payment of pre-petition fees and expenses shall be credited against our post-petition fees and expenses.

We will be authorized to apply such funds to current fees and costs as incurred, subject to bankruptcy law limitations. At the conclusion of K&B's representation or as otherwise directed by the Bankruptcy Court or other court with jurisdiction over the Bankruptcy Case, the advances will be applied against our then-unpaid fees and expenses, and any unapplied portion will be promptly returned to Delivery Agent. To the extent applicable, Rule 3-300 of the California Rules of Professional Conduct requires that we disclose that such interest could be deemed adverse to you by virtue of our ready access to funds in which you have a direct interest for purposes of enforcing our fee and expense claims, that you may seek the advice of an independent lawyer of your choice, and that you consent to our taking such interest in the advanced funds. By executing this letter, you are giving your knowing and voluntary consent to our taking this advance.

We will refund to you at the conclusion of our engagement any portion of the funds on deposit in excess of our outstanding unpaid fees (including any portion of our fees that are then disputed and the amount of any fees and expenses expected to be incurred prior to the termination of our retention).

6. Bankruptcy Case

Our employment by PG&E will be subject to the approval of the Bankruptcy Court. If necessary, we will modify the terms and conditions of our employment described above as may be required to comply with the applicable requirements of the bankruptcy process, including any orders of the Bankruptcy Court.

7. Respective Responsibilities of Attorney and Client

PG&E agrees to cooperate fully with K&B in connection with our representation of PG&E by providing K&B with information relevant to this engagement and by making PG&E's employees and representatives reasonably available for consultation and interviews to the extent necessary. We will keep you informed of developments as necessary to perform our services and will consult with you to ensure the timely and efficient completion of our work.

As with every K&B engagement, our representation will be conducted in accordance with the highest legal and ethical standards governing the practice of law. PG&E has the right to terminate our services at any time upon written notice. PG&E agrees to pay for all services rendered and costs or expenses paid or incurred prior to the date of such termination.

John R. Simon, Esq.
Janet Loduca, Esq.
January 2, 2019
Page 5

We will also have the right to withdraw from this representation if PG&E fails to comply with this agreement, if any fact or circumstance arises that would render our continuing representation unlawful or unethical, or for any other reason for which withdrawal is authorized or required under applicable law or rules of professional conduct, including the PG&E's refusal to cooperate with us or to follow our advice on a material matter. In the event of our withdrawal, PG&E agrees to pay for all services rendered and costs or expenses paid or incurred prior to the date of such withdrawal.

8. <u>Miscellaneous Issues.</u>

   a. <u>Procedures upon Termination</u>. Unless previously terminated, our representation of you will terminate upon our sending you our final statement for services rendered in this matter. In that case, or otherwise at your request, any papers and property sent by you to us will be returned to you. Our own files pertaining to the matter, including lawyer work product and administrative records, as well as document copies, will be retained by K&B in accordance with our document retention policy. All documents retained by us will be transmitted in the ordinary course to the person responsible for administering our records retention program. Subject to our obligations under applicable bar requirements, we reserve the right to destroy or otherwise dispose of any documents or other materials, including electronic versions, retained by us after the termination of the engagement.

   b. <u>Publicity</u>. We will keep this retention confidential. In addition, we are required to and will keep confidential any of your confidential information obtained in the course of our representation of you in the same manner and with the same degree of prudence as we keep our own confidential information. If our retention by you becomes a matter of public record, we reserve the right to identify you as a client in connection with our web site and similar disclosures regarding its experience and practice areas.

   c. <u>Audit Letter Issues</u>. In responses to any of your requests to provide information to your auditors, our policy is to comply with the American Bar Association Statement of Policy Regarding Lawyers' Responses to Auditors' Requests for Information regarding the scope and content of such responses, except when such Policy is clearly inapplicable.

   d. <u>Conflicts with the Bankruptcy Code</u>. Nothing contained herein is intended to or shall operate to relieve K&B from complying with its obligations under applicable law, including bankruptcy laws, which will control in the event of a conflict with this letter.

9. <u>Governing Law</u>

The laws of the State of California, without regard to conflict of law rules, shall govern the interpretation of this agreement.

John R. Simon, Esq.
Janet Loduca, Esq.
January 2, 2019
Page 6

    Please sign and return to us a copy of this letter in order to confirm that it accurately reflects the scope, terms and conditions with respect to this engagement. If you would like to discuss any of these matters, please give me a call.

With best regards,

KELLER & BENVENUTTI LLP

By _____
    Tobias S. Keller

The foregoing is agreed and accepted.

PG&E Corporation

By _____
    John R. Simon, Esq.
    Executive Vice President and
    General Counsel

Pacific Gas and Electric Corporation

By _____
    Janet Loduca
    Senior Vice President and Deputy
    General Counsel