Entered on Docket
March 14, 2019
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: March 13, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                                         **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 345(b), 363(b), AND 363(c), AND FED. R. BANKR. P. 6003 AND 6004 (I) AUTHORIZING DEBTORS TO (A) CONTINUE THEIR EXISTING CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED TO THE USE THEREOF, (C) CONTINUE INTERCOMPANY ARRANGEMENTS, (D) CONTINUE TO HONOR OBLIGATIONS RELATED TO JOINT INFRASTRUCTURE PROJECTS, AND (E) MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS; AND (II) WAIVING THE REQUIREMENTS OF 11 U.S.C. § 345(b)** |

Upon the Motion, dated January 29, 2019 (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105(a), 345(b), 363(b), and 363(c) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), requesting interim and final authority to (i) (a) continue operating their existing cash management system (the "**Cash Management System**"), as described in the Motion, including the continued maintenance of existing bank accounts at the Debtors' banks (the "**Banks**"), (b) honor certain prepetition obligations related to the Cash Management System, (c) continue certain intercompany arrangements among the Debtors and certain non-Debtor affiliates and subsidiaries (the "**Non-Debtor Affiliates and Subsidiaries**"), (d) continue to honor all obligations with respect to certain Joint Infrastructure Projects, and (e) maintain existing business forms; and (ii) waive the requirements of section 345(b) of the Bankruptcy Code to the extent they apply to any of the Bank Accounts, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration (as amended on February 2, 2019 [Docket No. 263]); and this Court having held hearings to consider the relief requested in the Motion on an interim and final basis; and this Court having previously entered an order granting interim relief with respect to the Motion [Docket No. 209]; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

Case: 19-30088    Doc# 881    Filed: 03/13/19    Entered: 03/14/19 12:57:46    Page 2 of 6

appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on final basis, as provided herein.

2. The Debtors are authorized, but not directed, to continue to (a) maintain and manage their cash pursuant to the Cash Management System in the same manner as before the Petition Date, (b) collect and disburse cash in accordance with the Cash Management System, including Intercompany Transactions between and among the Debtors and other Non-Debtor Affiliates and Subsidiaries, (c) perform and honor all prepetition amounts owing under the PG&E Corp. CSA, the Non-Debtor CSAs, the Stan-Pac Operating Agreement, the Gill Ranch Operating Agreements, and the Joint Infrastructure Projects, in the ordinary course, and (d) make ordinary course changes to their Cash Management System, without further order of the Court.

3. All claims resulting from payments owed after the Petition Date by a Debtor to another Debtor shall be accorded administrative expense priority status in accordance with section 503(b) of the Bankruptcy Code.

4. Each of the Banks is authorized, but not directed, to continue to honor transfers of funds in the Bank Accounts, including any ordinary course transfers of funds relating to currency conversions between US dollars and Canadian dollars.

5. Notwithstanding anything in this Final Order to the contrary, no transfers or disbursements shall be made out of retiree benefits trust accounts of the Debtors held at Wells Fargo absent further approval of the Court.

6. The Debtors shall maintain accurate records of all transfers within the Cash Management System and among the Debtors and Non-Debtor Affiliates and Subsidiaries so that all postpetition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, their books and records, to the same extent maintained by the Debtors before the Petition Date.

7. The Debtors shall provide Stroock & Stroock & Lavan LLP, as counsel to the administrative agent under the Debtors' debtor-in-possession financing facilities (the "**DIP**

**Administrative Agent**"), Milbank LLP, as counsel to the Official Committee of Unsecured Creditors (the "**UCC**"), and Baker & Hostetler LLP, as counsel to the Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and together with the UCC, the "**Committees**") with monthly reporting of all intercompany transactions in a form and manner to be agreed upon among the Debtors and the Committees.

8. The Debtors shall provide the DIP Administrative Agent and the Committees with five (5) business days' advance notice of any cash transfers from the Debtors (i) to any Non-Debtor Affiliates or Subsidiaries or (ii) on account of any Joint Infrastructure Project involving a non-Debtor affiliate in an amount greater than or equal to $3,000,000.

9. The Committees reserve their rights to challenge or dispute the allocation of costs or obligations among and between the Debtors and their Non-Debtor Affiliates and Subsidiaries.

10. The Debtors are further authorized to (i) designate, maintain, and continue to use any or all of its existing Bank Accounts, including those listed on **Schedule 1** hereto, in the names and with the account numbers existing immediately before the Petition Date, (ii) deposit funds in, and withdraw funds from, such accounts by all usual means, including, without limitation, checks, wire transfers, ACH transfers, and other debits, (iii) pay any Bank Fees or other charges associated with the Bank Accounts, whether arising before or after the Petition Date, and (iv) treat their prepetition Bank Accounts for all purposes as debtor in possession accounts.

11. The Debtors are authorized to open new bank accounts; *provided that*, all accounts opened by the Debtors on or after the Petition Date at any bank shall, for purposes of this Final Order, be deemed a Bank Account as if it had been listed on **Schedule 1** annexed hereto; *provided, further*, that such opening shall be timely indicated on the Debtors' monthly operating reports and notice of such opening shall be provided to the United States Trustee (the "**U.S. Trustee**").

12. All Banks with which the Debtors maintained Bank Accounts are authorized to debit the Debtors' accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks or other items deposited in the Debtors' accounts with such Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Petition Date, and (ii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as Bank Fees for the maintenance of or in connection with the Cash Management System, which shall include all amounts owed by the Debtors to any Bank to repay or reimburse such Bank in connection with ordinary course ACH transactions executed on behalf of or for the accounts of the Debtors.

13. The Banks are authorized to charge, and the Debtors are authorized and directed to pay, honor, or allow, both prepetition and postpetition fees, costs, charges, and expenses, including the Bank Fees and charge back returned items to the Bank Accounts in the ordinary course.

14. The Debtors are authorized and directed to pay, honor, or allow, both prepetition and postpetition Payment Processing Fees in the ordinary course.

15. The Banks shall not be liable to any party on account of: (i) following the Debtors' representations, instructions, or presentations as to any order of the Court (without any duty of further inquiry); (ii) the honoring of any prepetition checks, drafts, wires, or ACH transfers in a good faith belief or upon a representation by the Debtors that the Court has authorized such prepetition check, draft, wires, or ACH transfers; or (iii) an innocent mistake made despite implementation of reasonable handling procedures.

16. Nothing contained herein shall prevent the Debtors from closing any Bank Account(s) in the ordinary course and in accordance with their prepetition practices as they may deem necessary and appropriate, any relevant Bank is authorized to honor the Debtors' requests to close such Bank Accounts, and the Debtors shall give notice of the closure of any account to the U.S. Trustee.

17. The requirements of section 345(b) of the Bankruptcy Code and the U.S. Trustee Guidelines are hereby waived with respect to any bank that is not an authorized depository approved by the U.S. Trustee; *provided that* all funds held in the Debtors' brokerage accounts at BNYM shall at all times only be invested in United States Government money market funds; *provided further that* at any given time during the pendency of the Chapter 11 Cases, the maximum aggregate cash balances of the Debtors' depository accounts held at any individual bank listed on **Exhibit 1** that has not been approved as an authorized depository by the U.S. Trustee (other than BNYM in accordance with this paragraph 17) shall not exceed $5 million; *provided further that*, the waiver contained in this paragraph

17 shall only be applicable to the Debtors' depository accounts held at BNYM through and including March 26, 2019, at which time the Debtors shall either (i) satisfactorily demonstrate to the U.S. Trustee BNYM's compliance with the U.S. Trustee Guidelines, thereby establishing a permanent waiver, (ii) obtain, with the consent of the U.S. Trustee, an additional extension of the time to comply with the U.S. Trustee Guidelines, or (iii) seek further relief from the Court with respect to a permanent waiver.

18. The Debtors are authorized to use their existing Business Forms and not print "debtor in possession" on any of their Business Forms, and any otherwise applicable requirement that the Debtors print "debtor in possession" on any new checks ordered during the Chapter 11 Cases, or that the Debtors change their system for electronic generation of checks and Business Forms to reflect their status as debtors in possession, is hereby waived.

19. Nothing contained in this Final Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise any payment made pursuant to this Final Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

20. Notwithstanding entry of this Final Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

21. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

22. The Debtors are authorized to take all steps necessary or appropriate to carry out this Final Order.

23. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

** END OF ORDER **