WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                          **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**APPLICATION PURSUANT TO 11 U.S.C. § 327 FOR AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF PRIME CLERK LLC AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE**<br><br>Date: April 9, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this application (the "**Section 327 Application**") for entry of an order, pursuant to section 327 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), appointing Prime Clerk LLC ("**Prime Clerk**"), as administrative advisor to the Debtors ("**Administrative Advisor**") in the Chapter 11 Cases. In support of the Section 327 Application, the Debtors submit the Declaration of Shai Y. Waisman (the "**Waisman Declaration**"), which has been filed contemporaneously herewith.

A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

## III. RELIEF REQUESTED

The Debtors previously filed an application (the "**Section 156(c) Application**") for an order appointing Prime Clerk as claims and noticing agent pursuant to 28 U.S.C. § 156(c) and section 105(a) of the Bankruptcy Code, which application was granted by this Court on February 1, 2019 [Docket No. 245].

## IV. PRIME CLERK'S QUALIFICATIONS

The Debtors believe that administration of these Chapter 11 Cases will require Prime Clerk to perform duties outside the scope approved by the Court in the Section 156(c) Application. Therefore, to enable Prime Clerk to provide services outside the scope of the order approving the Section 156(c) Application, the Debtors submit this Section 327 Application, for an order authorizing the Debtors to employ and retain Prime Clerk as Administrative Advisor for the Debtors in accordance with the Engagement Agreement attached hereto as **Exhibit B** (the "**Engagement Agreement**").

Prime Clerk is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Prime Clerk's professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Prime Clerk's professionals have acted as official claims and noticing agent and/or administrative advisor in a bankruptcy case in this District and in other districts nationwide. Prime Clerk's active and former cases include: *NewZoom, Inc.*, No. 15-31141 (HB) (Bankr. N.D. Cal.); *Channel Technologies Group, LLC*, No. 16-11912 (DS) (Bankr. C.D. Cal.); *Checkout Holding Corp.*, No. 18-12794 (KG) (Bankr. D. Del.); *Fairway Energy, LP*, No. 18-12684 (LSS) (Bankr. D. Del.); *Dixie Electric, LLC*, No. 18-12477 (KG) (Bankr. D. Del.); *New MACH Gen GP, LLC*, No. 18-11369 (MFW) (Bankr. D. Del.); *Gibson Brands, Inc.*, No. 18-11028 (CSS) (Bankr. D. Del.); *Bertucci's Holdings, Inc.*, No.18-10894 (MFW) (Bankr. D. Del.); *EV Energy Partners, L.P.*, No. 18-10814 (CSS) (Bankr. D. Del.); *Claire's Stores, Inc.*, No. 18-10584 (MFW) (Bankr. D. Del.); *The Bon-Ton Stores, Inc.*, No. 18-10248 (MFW) (Bankr. D. Del.); *Orchard Acquisition Company, LLC*, No. 17-12914 (KG) (Bankr. D. Del.); *Rentech WP U.S., Inc.,* No. 17-12958 (CSS) (Bankr. D. Del.); *Appvion, Inc.,* No. 17-12082 (KJC) (Bankr. D. Del.); *Global Brokerage, Inc.,* No. 17-13532 (MEW) (Bankr. S.D.N.Y.); *Global A&T Electronics Ltd.,* No. 17-23931 (RDD) (Bankr. S.D.N.Y.); *Pacific Drilling S.A.*, No. 17-13193 (MEW) (Bankr. S.D.N.Y.); *Walter Investment Management Corporation,* No. 17-13446 (JLG) (Bankr. S.D.N.Y.); *Castex Energy Partners, L.P.,* No. 17-35835 (MI) (Bankr. S.D. Tex.); *Toys "R" Us, Inc.,* No. 17-34665 (KLP) (Bankr. E.D. Va.); *TK Holdings Inc.,* No. 17-11375 (BLS) (Bankr. D. Del.); *Ultrapetrol (Bahamas) Limited,* No. 17-22168

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

(RDD) (Bankr. S.D.N.Y.); and *General Wireless Operations Inc. dba RadioShack,* No. 17-10506 (BLS) (Bankr. D. Del.).

## V. SERVICES TO BE PROVIDED

Pursuant to the Engagement Agreement, the Debtors seek to retain Prime Clerk to provide, among other things, the following bankruptcy administration services, if and to the extent requested:

(a) Assist with, among other things, solicitation, balloting and tabulation of votes, and prepare any related reports, as required in support of confirmation of a chapter 11 plan, and in connection with such services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices and institutional holders;

(b) Prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

(c) Assist with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith;

(d) Provide a confidential data room, if requested;

(e) Manage and coordinate any distributions pursuant to a chapter 11 plan; and

(f) Provide such other processing, solicitation, balloting and other administrative services described in the Engagement Agreement, but not included in the Section 156(c) Application, as may be requested from time to time by the Debtors, the Court or the Office of the Clerk of the Bankruptcy Court (the "**Clerk**").

## VI. PROFESSIONAL COMPENSATION

The fees Prime Clerk will charge in connection with providing services to the Debtors are set forth in the Engagement Agreement. The Debtors respectfully submit that Prime Clerk's rates are competitive and comparable to the rates its competitors charge for similar services. Indeed, the Debtors conducted a review and competitive comparison of other firms and reviewed the rates of other firms before selecting Prime Clerk as Administrative Advisor. The Debtors believe Prime Clerk's rates are more than reasonable given the quality of Prime Clerk's services and its professionals' bankruptcy expertise. Additionally, Prime Clerk will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Engagement Agreement.

Prime Clerk intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the services it provides as Administrative Advisor pursuant to the Engagement Agreement. Prime Clerk will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, effective February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), and any further Orders of the Court in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses (the "**Orders**").

Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend and hold harmless Prime Clerk and its members, officers, employees, representatives and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Prime Clerk's negligence, gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement. The Debtors believe that such an indemnification obligation is customary, reasonable and necessary to retain the services of an Administrative Advisor in these Chapter 11 Cases.

**VII.     DISINTERESTEDNESS**

Prime Clerk has reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Waisman Declaration, Prime Clerk is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

Prime Clerk believes that it does not have any relationships with creditors or parties in interest that would present a disqualifying conflict of interest. Prime Clerk will supplement its disclosure to the

Court if any facts or circumstances are discovered that would require such additional disclosure.

## VIII. BASIS FOR RELIEF

Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, and proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

Fed. R. Bankr. P. 2014.

In light of the size and complexity of these Chapter 11 Cases, the Debtors respectfully submit and request that the Court find that retaining and employing Prime Clerk pursuant to the terms of the Engagement Agreement is necessary and in the best interests of the Debtors' estates and all parties in interest to these Chapter 11 Cases. The Debtors also believe that the terms and conditions of the Engagement Agreement are reasonable in light of the anticipated high volume of creditors and other parties-in-interest that will be involved in these cases.

Accordingly, to help manage administrative tasks with respect to the thousands of creditors and other parties in interest that are expected to be involved in the Debtors' Chapter 11 Cases, and the complexity of such cases, the Debtors respectfully request the Court enter an order appointing Prime Clerk as the Administrative Advisor in these Chapter 11 Cases pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## IX. NOTICE

Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: March 14, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By:  /s/ Jane Kim
      Jane Kim

*Proposed Attorneys for Debtors and Debtors in Possession*