WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    **- and -**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                  **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**DECLARATION OF SHAI Y. WAISMAN IN SUPPORT OF APPLICATION PURSUANT TO 11 U.S.C. § 327 FOR AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF PRIME CLERK LLC AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE**<br><br>Date:   April 9, 2019<br>Time:  9:30 a.m. (Pacific Time)<br>Place:  United States Bankruptcy Court<br>          Courtroom 17, 16th Floor<br>          San Francisco, CA 94102 |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1      I, Shai Y. Waisman, make this declaration (the "**Declaration**") [1] pursuant to 28 U.S.C. §

2  1746, and state:

3      I am Chief Executive Officer of Prime Clerk LLC ("**Prime Clerk**"), a chapter 11

4  administrative services firm whose headquarters are located at 830 3rd Avenue, 9th Floor, New York,

5  New York 10022.   I submit this Declaration in connection with the Application, submitted on the date

6  hereof (the "**Section 327 Application**"), of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and

7  Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**") in

8  the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for authority to employ and retain Prime

9  Clerk as administrative advisor for the Debtors ("**Administrative Advisor**"), *nunc pro tunc* to the

10  Petition Date (as defined below).   I am duly authorized to execute this Declaration on behalf of Prime

11  Clerk.   Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth

12  herein.

13      Prime Clerk is comprised of leading industry professionals with significant experience in

14  both the legal and administrative aspects of large, complex chapter 11 cases.  Prime Clerk's professionals

15  have experience in noticing, claims administration, solicitation, balloting and facilitating other

16  administrative aspects of chapter 11 cases and experience in matters of this size and complexity.   Prime

17  Clerk's professionals have acted as official claims and noticing agent and/or administrative advisor in a

18  bankruptcy case in this District and in other districts nationwide.  Prime Clerk's active and former cases

19  include: *NewZoom, Inc.*, No. 15-31141 (HB) (Bankr. N.D. Cal.); *Channel Technologies Group, LLC*,

20  No. 16-11912 (DS) (Bankr. C.D. Cal.); *Checkout Holding Corp.*, No. 18-12794 (KG) (Bankr. D. Del.);

21  *Fairway Energy, LP*, No. 18-12684 (LSS) (Bankr. D. Del.); *Dixie Electric, LLC*, No. 18-12477 (KG)

22  (Bankr. D. Del.); *New MACH Gen GP, LLC*, No. 18-11369 (MFW) (Bankr. D. Del.); *Gibson Brands,*

23  *Inc.*, No. 18-11028 (CSS) (Bankr. D. Del.); *Bertucci's Holdings, Inc.*, No.18-10894 (MFW) (Bankr. D.

24  Del.); *EV Energy Partners, L.P.*, No. 18-10814 (CSS) (Bankr. D. Del.); *Claire's Stores, Inc.*, No. 18-

25  10584 (MFW) (Bankr. D. Del.); *The Bon-Ton Stores, Inc.*, No. 18-10248 (MFW) (Bankr. D. Del.);

26  *Orchard Acquisition Company, LLC*, No. 17-12914 (KG) (Bankr. D. Del.); *Rentech WP U.S., Inc.,* No.

27  _____

28  [1] Capitalized terms used but not otherwise herein defined have the meanings ascribed to such terms in
the Application.

17-12958 (CSS) (Bankr. D. Del.); *Appvion, Inc.,* No. 17-12082 (KJC) (Bankr. D. Del.); *Global Brokerage, Inc.,* No. 17-13532 (MEW) (Bankr. S.D.N.Y.); *Global A&T Electronics Ltd.,* No. 17-23931 (RDD) (Bankr. S.D.N.Y.); *Pacific Drilling S.A.,* No. 17-13193 (MEW) (Bankr. S.D.N.Y.); *Walter Investment Management Corporation,* No. 17-13446 (JLG) (Bankr. S.D.N.Y.); *Castex Energy Partners, L.P.,* No. 17-35835 (MI) (Bankr. S.D. Tex.); *Toys "R" Us, Inc.,* No. 17-34665 (KLP) (Bankr. E.D. Va.); *TK Holdings Inc.,* No. 17-11375 (BLS) (Bankr. D. Del.); *Ultrapetrol (Bahamas) Limited,* No. 17-22168 (RDD) (Bankr. S.D.N.Y.); and *General Wireless Operations Inc. dba RadioShack,* No. 17-10506 (BLS) (Bankr. D. Del.).

As Administrative Advisor, Prime Clerk will perform the bankruptcy administration services specified in the Section 327 Application and the Engagement Agreement. In performing such services, Prime Clerk will charge the Debtors the rates set forth in the Engagement Agreement, which is attached as **Exhibit B** to the Section 327 Application.

Prime Clerk is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that Prime Clerk and its professional personnel:

    a.   are not creditors, equity security holders, or insiders of the Debtors;

    b.   are not and were not, within two years before the date of the filing of these cases, directors, officers, or employees of the Debtors; and

    c.   do not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

I caused to be submitted for review by our conflicts system the names of all known potential parties-in-interest (the "**Potential Parties in Interest**") in these Chapter 11 Cases. The list of Potential Parties in Interest was provided by the Debtors and included Debtors, current and former directors and officers of the Debtors, significant stockholders, lenders, the Debtors' 50 largest unsecured creditors on a consolidated basis, contract counterparties, landlords, vendors, insurers, utilities, governmental authorities, the United States Trustee and persons employed in the office of the United States Trustee, and other parties.

The results of the conflict check were compiled and reviewed by Prime Clerk professionals under

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

my supervision.  At this time, and as set forth in further detail herein, Prime Clerk is not aware of any connection that would present a disqualifying conflict of interest.  Should Prime Clerk discover any new relevant facts or connections bearing on the matters described herein during the period of its retention, Prime Clerk will use reasonable efforts to file promptly a supplemental declaration.

To the best of my knowledge, and based solely upon information provided to me by the Debtors, and except as provided herein, neither Prime Clerk, nor any of its professionals, has any materially adverse connection to the Debtors, their creditors or other relevant parties.  Prime Clerk may have relationships with certain of the Debtors' creditors as vendors or in connection with cases in which Prime Clerk serves or has served in a neutral capacity as claims and noticing agent and/or administrative advisor for another chapter 11 debtor.

Certain of Prime Clerk's professionals were partners of or formerly employed by firms that are providing or may provide professional services to parties in interest in these cases.  Such firms include Kirkland & Ellis LLP; Weil, Gotshal & Manges LLP ("**Weil**"); O'Melveny & Myers LLP; Mayer Brown LLP; Fried, Frank, Harris, Shriver & Jacobson LLP; Bracewell LLP; Proskauer Rose LLP ("**Proskauer**"); Curtis, Mallet-Prevost, Colt & Mosle LLP; Baker & Hostetler LLP; Togut, Segal & Segal LLP; Hughes Hubbard & Reed LLP; Gibson, Dunn & Crutcher LLP; Centerview Partners LLC; KPMG LLP; Epiq Bankruptcy Solutions, LLC; Donlin, Recano & Company, Inc. and Kurtzman Carson Consultants LLC.  Except as may be disclosed herein, these professionals did not work on any matters involving the Debtors while employed by their previous firms.  Moreover, these professionals were not employed by their previous firms when these Chapter 11 Cases were filed.

I was previously a partner at Weil, counsel to the Debtors in these Chapter 11 Cases.  Shira D. Weiner, General Counsel of Prime Clerk, was formerly an associate at Weil.  Christina Pullo, Senior Director of Solicitation and Public Securities at Prime Clerk, was previously an associate at Weil. Certain other employees of Prime Clerk were also formerly associates at Weil.  I left Weil in March

2011, Ms. Weiner left Weil in February 2008, and Ms. Pullo left Weil in May 2009. Neither I, nor Ms. Weiner, Ms. Pullo, or any other former Weil associates now working at Prime Clerk worked on any matters involving the Debtors during their time at Weil.

Stephen Karotkin is a partner at Weil. Mr. Karotkin's son, Joshua Karotkin, a Director at Prime Clerk, has been an employee of Prime Clerk since April 2014. Joshua Karotkin holds no equity interest in Prime Clerk and receives no compensation based upon Prime Clerk's revenue. Furthermore, Joshua Karotkin has been screened from and will perform no work on this matter.

Prime Clerk hereby also discloses the following connections, each of which Prime Clerk believes does not present an interest adverse to the Debtors and is disclosed solely out of an abundance of caution:

- Heidi Stern, Chief Financial Officer at Prime Clerk, and Diana Shih, controller at Prime Clerk, were formerly associates at PricewaterhouseCoopers LLP ("**PWC**"), one of the Debtors' professionals and a non-Debtor professional. Ms. Stern and Ms. Shih left PWC in 2011. Neither Ms. Stern nor Ms. Shih worked on any matters involving the Debtors during their time at PWC.

- Jordan Searles is a Director at Prime Clerk. Mr. Searles' brother, Adam Searles, is a Director at AlixPartners, LLC, one of the Debtors' professionals.

- Joshua Karotkin is a Director at Prime Clerk. Mr. Karotkin's brother, Samuel Karotkin, is a Vice President at Rothschild Inc., a non-Debtor professional. As stated above, Joshua Karotkin has been screened from and will perform no work on this matter.

- David Sharp, a Director of Solicitation at Prime Clerk, directly holds preferred shares of the Debtors' public stock. As stated below, Prime Clerk has a policy prohibiting its partners and employees from using confidential information that may come to their attention in the course of their work, and all Prime Clerk partners and employees are barred from trading in securities with respect to matters in which Prime Clerk is retained.

- Stephanie Basta, Prime Clerk's Chief People Officer, was formerly an associate at Proskauer, a non-Debtor professional. Additionally, Ms. Basta's husband, Paul Basta, is a Partner at Paul, Weiss, Rifkind, Wharton & Garrison LLP, a non-Debtor professional. Ms. Basta's role at Prime Clerk is purely administrative and, as such, she does not work on any of Prime Clerk's cases.

Prime Clerk has and will continue to represent clients in matters unrelated to these Chapter 11 Cases. In addition, Prime Clerk and its personnel have and will continue to have relationships personally or in the ordinary course of business with certain vendors, professionals, financial institutions, and other

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

parties in interest that may be involved in the Debtors' Chapter 11 Cases. Prime Clerk may also provide professional services to entities or persons that may be creditors or parties in interest in these Chapter 11 Cases, which services do not directly relate to, or have any direct connection with, these Chapter 11 Cases or the Debtors.

Prime Clerk, as well as its personnel in their individual capacities regularly utilizes the services of law firms, investment banking and advisory firms, accounting firms and financial advisors. Such firms engaged by Prime Clerk or its personnel may appear in Chapter 11 Cases representing the Debtors or parties in interest. All engagements where such firms represent Prime Clerk or its personnel in their individual capacities are unrelated to these Chapter 11 Cases.

From time to time, Prime Clerk partners or employees personally invest in mutual funds, retirement funds, private equity funds, venture capital funds, hedge funds and other types of investment funds (the "**Investment Funds**"), through which such individuals indirectly acquire a debt or equity security of many companies, one of which may be one of the Debtors or their affiliates, often without Prime Clerk's or its personnel's knowledge. Each Prime Clerk partner or employee generally owns substantially less than one percent of such Investment Fund, does not manage or otherwise control such Investment Fund and has no influence over the Investment Fund's decision to buy, sell or vote any particular security. Each Investment Fund is generally operated as a blind pool, meaning that when the Prime Clerk partners or employees make an investment in the particular Investment Fund, he, she or they do not know what securities the blind pool Investment Fund will purchase or sell, and have no control over such purchases or sales.

From time to time, Prime Clerk partners or employees may personally directly acquire a debt or equity security of a company which may be one of the Debtors or their affiliates. Prime Clerk has a policy prohibiting its partners and employees from using confidential information that may come to their attention in the course of their work. In this regard, subject to the foregoing paragraph, all Prime Clerk

partners and employees are barred from trading in securities with respect to matters in which Prime Clerk is retained. Subject to the foregoing paragraph, upon information and belief, and upon reasonable inquiry, Prime Clerk does not believe that any of its partners or employees own any debt or equity securities of a company that is a Debtor or of any of its affiliates.

Based on the foregoing, I believe that Prime Clerk is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code. Moreover, to the best of my knowledge and belief, neither Prime Clerk nor any of its partners or employees hold or represent any interest materially adverse to the Debtors' estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Dated March 14, 2019

/s/ _____

Shai Y. Waisman
Chief Executive Officer

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119