WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**MOTION TO ENFORCE THE AUTOMATIC STAY AGAINST RICK BOWLINGER AND BOTTINI & BOTTINI, INC., PURSUANT TO 11 U.S.C. § 362(A)(3)**<br><br>Date: April 24, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102<br><br>**Objection Deadline**: April 10, 2019<br>                            4:00 p.m. (Pacific Time) |

1    PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to section 362(a)(3) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order declaring that (i) as of January 29, 2019 (the "**Petition Date**"), section 362(a)(3) of the Bankruptcy Code automatically stayed the matter of *Bowlinger v. Chew et al.*, No. CGC-18-572326 (S.F. Super. Ct. Dec. 24, 2018) (the "**Derivative Action**"), in its entirety, and (ii) any further acts or proceedings in the Derivative Action are void *ab initio*.

A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On December 24, 2018, Rick Bowlinger ("**Bowlinger**") filed a derivative shareholder complaint (the "**Derivative Complaint**") in the Superior Court of California for the County of San Francisco (the "**State Court**") on behalf of the Debtors against certain of the Debtors' current and former directors and officers (the "**D&O Defendants**"), and naming the Debtors as nominal defendants. *See* Declaration of Kevin Kramer in support of Motion, dated March 14, 2019 (the "**Kramer Decl.**"), Ex. A. The Derivative Complaint alleges (1) breach of fiduciary duty, (2) abuse of control, (3) corporate waste, and (4) unjust enrichment. *See id.* at 59-61. In filing the Derivative Complaint, and in taking the other actions described in this Motion, Bowlinger acted through his counsel of record in the Derivative Action, Bottini & Bottini, Inc. ("**Bottini Inc.**"). *See* Kramer Decl. ¶ 2.

On the Petition Date, the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b). Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors'

businesses and capital structure is set forth in the Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief [Docket No. 263].

On February 1, 2019, the Debtors filed a Notice of Stay of Proceedings (the "**Notice of Stay**") in the Derivative Action. *See* Kramer Decl., Ex. B. The Notice of Stay indicates that the Derivative Action is stayed "with regard to all parties." *Id*. On February 5, 2019, Bowlinger filed a response (the "**Response**") to the Debtors' Notice of Stay. *See* Kramer Decl., Ex. C. Bowlinger asserted incorrectly in the Response that "the automatic stay applies only to the debtor nominal defendants (PG&E Corporation and Pacific Gas and Electric Company) and does not extend to the Non-Debtor Defendants" and "request[ed] that the Case Management Conference currently set for May 29, 2019 remain on calendar." *Id*.[1] On February 8, 2019, the State Court issued an Order Granting a Complex Designation and for Single Assignment (the "**Case Management Order**"). *See* Kramer Decl., Ex. D. In the Case Management Order, the State Court rescheduled the case management conference to March 21, 2019. *See id*.

On February 25, 2019, Debtors' counsel emailed a letter (the "**February 25 Letter**") to Francis A. Bottini, as a matter of courtesy, informing Bowlinger and Bottini Inc. that the automatic stay applied to the Derivative Action in its entirety because the derivative claims asserted by Bowlinger are property of the estate, and that the continued prosecution by Bowlinger and Bottini Inc. of those claims violates section 362(a)(3) of the Bankruptcy Code. *See* Kramer Decl., Ex. E. The February 25 Letter demanded that Bowlinger and Bottini Inc. "immediately comply with section 362(a) of the Bankruptcy Code, cease any efforts to further prosecute the [Derivative] Action, and inform the Court in that action that you agree the automatic stay applies to the derivative claims at issue, including as against the Non-Debtor Defendants, thereby staying the entire proceeding." *Id*.

---

[1] Certain of the Debtors' current and former directors and officers are named as defendants in five other state and federal derivative actions in which various plaintiffs have asserted derivative clams on behalf of the Debtors. *See* Kramer Decl. ¶ 12. The Debtors similarly filed notices of stay in each of those proceedings alerting the presiding courts and respective plaintiffs that the matters are automatically stayed with regard to all parties. *See id*. Contrary to Bowlinger and Bottini Inc. here, none of those plaintiffs have contested the application of the automatic stay to derivative actions. *See id*.

-2-

On March 4, having received no response to the February 25 Letter, Debtors' counsel placed a call to Mr. Bottini to confirm receipt and to determine whether Bowlinger and Bottini Inc. would agree that the Derivative Action is stayed. *See* Kramer Decl. ¶ 7. Debtors' counsel was unable to reach Mr. Bottini, and instead left a message with the receptionist requesting that Mr. Bottini return his call. *See id*. On March 7, 2019, after Debtors' counsel again followed up the day prior, Debtors' counsel and Mr. Bottini spoke via phone. *See id*. ¶¶ 8-9. On that call, Mr. Bottini informed Debtors' counsel that he had not received the February 25 Letter, that his assistant normally monitors his email and had been out of the office recently, and that Debtors' counsel should fax the letter to him. *See id*. ¶ 9. Mr. Bottini then asserted that the automatic stay did not apply to the D&O Defendants in the Derivative Action, and refused to cease further prosecuting the Derivative Action against the D&O Defendants. *See id.* After the call, Debtors' counsel faxed a copy of the February 25 Letter to Mr. Bottini, and re-sent the February 25 Letter to Mr. Bottini, along with the fax confirmation, via email. *See* Kramer Decl., Ex. F. As of the date of this filing, neither Bowlinger nor Bottini Inc. has responded in writing to the February 25 Letter or the March 7 Email. *See* Kramer Decl. ¶ 11.

### III. THE DEBTORS RESPECTFULLY REQUEST THAT THE COURT ENFORCE THE AUTOMATIC STAY AGAINST BOWLINGER AND BOTTINI INC.

As demonstrated below, the Derivative Action is automatically stayed in its entirety by operation of law. Neither Bowlinger nor Bottini Inc. may continue to prosecute the Derivative Action against the D&O Defendants, because the underlying claims are now property of the Debtors' estates, and ongoing prosecution thereof by Bowlinger and Bottini Inc. therefore violates section 362(a)(3) of the Bankruptcy Code. In light of Bowlinger and Bottini Inc.'s stated intent to further prosecute the Derivative Action, the Debtors respectfully request that the Court declare that, as of the Petition Date, section 362(a)(3) of the Bankruptcy Code automatically stayed the Derivative Action in its entirety, and that any further acts or proceedings in the Derivative Action are void *ab initio*.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

The filing of a petition under chapter 11 of the Bankruptcy Code operates as an automatic stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Section 541 of the Bankruptcy Code broadly defines "property of the estate" to include "all legal or equitable interests of the debtor in property as of the commencement of the case" and "[a]ny interest in property that the estate acquires after the commencement of the case." 11 U.S.C. §§ 541(a)(l) and (a)(7). "The legislative history makes plain that '[t]he scope of this paragraph [section 541(a)] is broad. It includes all kinds of property, including tangible or intangible property . . . .'" *In re Minoco Grp. of Companies, Ltd.*, 799 F.2d 517, 518 (9th Cir. 1986) (quoting S. Rep. No. 95-989, 95th Cong., 1st Sess. 82 (1978), *reprinted in* 1978 U.S. Code Cong. & Admin. News 5787, 5868) (alteration in original). "In *In re Bialac*, 712 F.2d 426 (9th Cir. 1983) [the Ninth Circuit] said that section 541(a)'s definition of property 'was intended to be broad and all-inclusive' . . . and 'an interest is not outside its reach because it is novel or contingent or enjoyment must be postponed.'" *Id.* at 518-519.

Accordingly, courts in the Ninth Circuit routinely hold that shareholder derivative claims are property of the estate, and that prosecution thereof by anyone other than a debtor or its trustee constitutes an attempt to "obtain possession of property of the estate or of property from the estate or to exercise control over" such property in violation of section 362(a)(3) of the Bankruptcy Code.[2] *See CAMOFI Master LDC v. Associated Third Party Adm'rs*, No. 16-cv-00855-EMC, 2018 WL 839134, at *4, *6 (N.D. Cal. Feb. 13, 2018) (staying derivative claim on grounds that "filing bankruptcy formally places the trustee in the exclusive position to vindicate harms to the corporation" and thus the "bankruptcy trustee has the exclusive right to prosecute the claim"); *In re Grove Farm Fish & Poi, LLC*, No. 11–90031, 2011 Bankr. WL 3878358, at *1 (Bankr. D. Haw. Aug. 31, 2011) ("[D]erivative claims belong to the Debtor's estate and only the Debtor can assert them.").

---

[2] *See also In re At Home Corp.*, 154 Fed Appx. 666, 668–69 (9th Cir. 2005) (unpublished) (affirming the Northern District of California's holding that derivative claims at issue were stayed under section 362(a)(3) and stating that a "bankruptcy court may enjoin a derivative claim brought by shareholders because the claim is the property of the bankrupt estate").

-4-

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

The Derivative Complaint asserts exclusively shareholder derivative causes of action, including for breach of fiduciary duty, abuse of control, corporate waste, and unjust enrichment. *See* Kramer Decl., Ex. A at 59-61. The Derivative Complaint expressly states that Bowlinger brings the Derivative Action "derivatively on behalf of PG&E Corporation and Pacific Gas [and] Electric Company." *Id*. at 5. As such, the entirety of the Derivative Action is property of the Debtors' estate, and post-petition prosecution thereof by Bowlinger and Bottini Inc. against the D&O Defendants is an attempt to obtain possession of or exercise control over that property in violation of section 362(a)(3) of the Bankruptcy Code. *See, e.g.*, *In re CIL, Ltd.*, 2018 WL 2383102, at *4 (S.D.N.Y. May 4, 2018) (citing 11 U.S.C. § 362(a)(3)) ("The law is clear that derivative claims are assets of the [] estate and their prosecution violates the automatic stay."); *In re Black Elk Energy Offshore Op's, LLC*, No. 15–34287, 2016 Bankr. WL 4055044, at *2 (Bankr. S.D. Tex. July 26, 2016) ("It is fundamental that derivative claims are property of the debtor's estate . . . . If the claims belong to the estate, it would violate the automatic stay for the [third-party] to exercise control over them."); *Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1150 (5th Cir. 1987) (quoting *In re MortgageAmerica*, 714 F.2d 1266, 1276–77 (5th Cir. 1983)) (stating that "property of the estate within the meaning of section 541(a)(1) of the Code" and concluding "the automatic stay therefore applies").

It is well-settled in the Ninth Circuit that "judicial proceedings in violation of the automatic stay are void *ab initio*." *In re Gruntz*, 202 F.3d 1074, 1082 n.6 (9th Cir. 2000). Further, in *In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992), the Ninth Circuit made clear that "violations of the automatic stay are void, not voidable," *i.e.*, that debtors need not make any attempt to have a violation voided in bankruptcy for such a violation to be void. *See also In re Del Mission Ltd.*, 98 F.3d 1147, 1151 (9th Cir. 1996) (citing *In re Abrams*, 127 B.R. 239, 243 (B.A.P. 9th Cir. 1991) (stating that "it does not fall on the debtor" to "effectuate the purpose of the automatic stay"). Consistent with the foregoing precedent, Debtors need not undertake any further efforts for this Court to recognize that continued prosecution of the Derivative Action by Bowlinger and Bottini

Inc. violates section 362(a)(3) of the Bankuptcy Code and is therefore void *ab initio*.

The Debtors thus respectfully request that the Court issue an order declaring that, as of the Petition Date, section 362(a)(3) of the Bankruptcy Code automatically stayed the Derivative Action in its entirety, and that any further acts or proceedings in the Derivative Action are void *ab initio*.

### IV. THE DEBTORS RESERVE THEIR RIGHTS TO SEEK A FINDING OF CIVIL CONTEMPT AND AN AWARD OF DAMAGES

The Debtors reserve their rights to request that the Court issue an order under section 105(a) of the Bankruptcy Code finding Bowlinger and Bottini Inc. in civil contempt, and awarding an appropriate award of damages, including costs and attorneys' fees incurred by the Debtors, should Bowlinger and Bottini Inc. continue to attempt to prosecute the Derivative Action in violation of the automatic stay. *See, e.g., In re Goodman*, 991 F.2d 613, 620 (9th Cir. 1993) (quoting *In re Chateaugay Corp.*, 920 F.2d 183, 184-87 (2d Cir. 1990)) ("'For [corporate debtors], contempt proceedings are the proper means of compensation and punishment for willful violations of the automatic stay.'"); *In re Dyer*, 322 F.3d 1178, 1189 (9th Cir. 2003) (quoting *In re Pace*, 67 F.3d 187, 193 (9th Cir. 1995)) ("[T]he trustee may be entitled to recovery for violation of the automatic stay 'under section 105(a) as a sanction for ordinary civil contempt.'").

### V. REQUEST FOR RELIEF

The Debtors respectfully request entry of the Proposed Order, substantially in the form attached here as Exhibit A, granting the following relief against Bowlinger and Bottini Inc.:

1. Declaring that, as of the Petition Date, Bankruptcy Code section 362(a)(3) automatically stayed the Derivative Action;

2. Declaring that any further acts or proceedings in the Derivative Action are void *ab initio*; and

3. Such other and further relief as the Court may deem just and appropriate.

-6-

Dated: March 14, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

/s/ *Peter J. Benvenutti*
Peter J. Benvenutti

*Proposed Attorneys for Debtors and Debtors in Possession*