# Exhibit A
# [PROPOSED] Order

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**[PROPOSED] ORDER ON DEBTORS' MOTION TO ENFORCE THE AUTOMATIC STAY AGAINST RICK BOWLINGER AND BOTTINI & BOTTINI, INC. PURSUANT TO 11 U.S.C. §§ 362(A)(3) AND 105(A)**<br><br>Date:   April 24, 2019<br>Time:  9:30 a.m. (Pacific Time)<br>Place:  United States Bankruptcy Court<br>         Courtroom 17, 16th Floor<br>         San Francisco, CA 94102<br><br>**Objection Deadline**: April 10, 2019<br>                               4:00 p.m. (Pacific Time) |

Upon the Debtors' Motion to Enforce the Automatic Stay against Rick Bowlinger and Bottini & Bottini, Inc., pursuant to 11 U.S.C. §§ 362(a)(3), dated March 14, 2019 (the "**Motion**"), PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases, having moved, pursuant to section 362(a)(3) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order declaring that (i) as of January 29, 2019 (the "**Petition Date**"), section 362(a)(3) of the Bankruptcy Code automatically stayed the matter of *Bowlinger v. Chew et al.*, No. CGC-18-572326 (S.F. Super. Ct. Dec. 24, 2018) (the "**Derivative Action**"), in its entirety, and (ii) any further acts or proceedings in the Derivative Action are void *ab initio*, all as set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Declaration of Kevin Kramer in support of the Motion, dated March 14, 2019, submitted in connection therewith, and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. As of the Petition Date, section 362(a)(3) of the Bankruptcy Code automatically stayed the Derivative Action in its entirety.

3. Any further acts or proceedings in the Derivative Action are void *ab initio*.

4. The Debtors shall serve this Order, as well as all supporting pleadings and papers, on Bowlinger and Bottini & Bottini, Inc. by _____ \_\_\_\_, 2019 at \_\_\_:\_\_\_ am/pm (Prevailing Pacific Time).

5. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

6. Nothing contained in this Order is intended to be or shall be construed as (a) a determination as to the validity or invalidity of any claims or defenses asserted in the Derivative Action, (b) a limitation on the Debtors' or any other appropriate party's right to dispute any claims or defenses in the Derivative Action, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

7. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

8. This Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119