WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF KEVIN W. KRAMER IN SUPPORT OF MOTION TO ENFORCE THE AUTOMATIC STAY AGAINST RICK BOWLINGER AND BOTTINI & BOTTINI, INC., PURSUANT TO 11 U.S.C. § 362(A)(3)**<br><br>Date: April 24, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>**Objection Deadline**: April 10, 2019<br>4:00 p.m. (Pacific Time) |

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

I, Kevin Kramer, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am an attorney admitted *pro hac vice* to practice before this Court and an employee of the law firm Weil, Gotshal & Manges, LLP, which represents PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I submit this declaration in support of the Debtors' Motion (the "**Motion**") to Enforce the Automatic Stay against Rick Bowlinger ("**Bowlinger**") and Bottini & Bottini, Inc. ("**Bottini Inc.**"), pursuant to 11 U.S.C. §§ 362(a)(3). I am authorized to submit this declaration on behalf of the Debtors and, if called upon, would testify to the facts set forth herein.

2. Attached hereto as Exhibit A is a true and correct copy of the complaint, not including exhibits thereto (the "**Derivative Complaint**"), in the matter of *Bowlinger v. Chew et al.*, No. CGC-18-572326 (S.F. Super. Ct. Dec. 24, 2018) (the "**Derivative Action**"). The Derivative Complaint asserts derivative claims on behalf of the Debtors against certain of the Debtors' current and former directors and officers (the "**D&O Defendants**"), and names the Debtors as nominal defendants. In filing the Derivative Complaint, and in taking the other actions described in this Motion, Bowlinger acted through his counsel of record in the Derivative Action, Bottini Inc.

3. Attached hereto as Exhibit B is a true and correct copy of Notice of Stay of Proceedings, dated February 1, 2019, filed by the Debtors in the Derivative Action.

4. Attached hereto as Exhibit C is a true and correct copy of Plaintiff's Response to Nominal Defendants PG&E Corporation and Pacific Gas and Electric Company's Notice of Stay of Proceedings, dated February 5, 2019, filed by Bowlinger in the Derivative Action.

5. Attached hereto as Exhibit D is a true and correct copy of Order Granting Complex Designation and for Single Assignment, dated February 8, 2019, issued by the presiding court in the Derivative Action.

6. Attached hereto as Exhibit E is a true and correct copy of a letter from Mr. Theodore E. Tsekerides to Mr. Francis. A. Bottini, dated February 25, 2019 (the "**February 25 Letter**"). On February 25, 2019, I emailed the February 25 Letter to Mr. Bottini on behalf of Mr. Tsekerides.

7. As of March 4, 2019, neither Mr. Tsekerides nor I had received a response to the February 25 Letter. On March 4, 2019, I placed a call to Mr. Bottini to confirm receipt and to determine whether Bowlinger and Bottini Inc. would agree that the Derivative Action is stayed. I was unable to reach Mr. Bottini, and instead left a message with the receptionist requesting that Mr. Bottini return my call.

8. As of March 6, 2019, neither Mr. Tsekerides nor I had received a response to the February 25 Letter. On March 6, 2019, I left a voicemail with Mr. Bottini, again seeking to confirm receipt of the February 25 Letter.

9. On March 7, 2019, I spoke with Mr. Bottini via phone. Mr. Bottini informed me that he had not received the February 25 Letter, that his assistant normally monitors his email and had been out of the office recently, and that I should fax the letter to him. Mr. Bottini then asserted that the automatic stay did not apply to the D&O Defendants in the Derivative Action, and refused to cease further prosecuting the Derivative Action against the D&O Defendants.

10. Attached hereto as Exhibit F is a true and correct copy of my email to Mr. Bottini, dated March 7, 2019 (the "**March 7 Email**"), along with the attachments thereto.

11. As of the date of this filing, neither Bowlinger nor Bottini Inc. has responded in writing to the February 25 Letter or the March 7 Email.

12. Certain of the Debtors' current and former directors and officers are named as defendants in five other state and federal derivative actions in which various plaintiffs have asserted derivative clams on behalf of the Debtors. *See In re California North Bay Fire Derivative Litigation*, No. CGC-17-562591 (S.F. Super. Ct. Apr. 13, 2018); *Hagberg v. Chew et al.*, No. CGC-19-573190 (S.F. Super. Ct. Jan. 25, 2019); *OFPRS v. Chew et al.*, No. 3:18-cv-04698-RS (N.D. Cal. Aug. 3, 2018); *Williams v. Earley et al.*, No. 3:18-cv-07128-RS (N.D. Cal. Nov. 21, 2018); *Blackburn v. Meserve et al.*, No. 3:19-cv-00501-JST (N.D. Cal.) (Jan. 28, 2019). The Debtors filed

notices of stay in each of those proceedings alerting the presiding courts and respective plaintiffs that the matters are automatically stayed with regard to all parties, and none of those plaintiffs have contended the application of the automatic stay to derivative actions.

Executed on March 14, 2019

/s/ Kevin W. Kramer