# EXHIBIT A



# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

## Document Scanning Lead Sheet

Jan-18-2019 8:24 am

Case Number: CGC-18-572326

Filing Date: Dec-24-2018 12:52

Filed by: KALENE APOLONIO

Image: 06622824

COMPLAINT

RICK BOWLINGER VS. LEWIS CHEW ET AL

001C06622824

**Instructions:**
Please place this sheet on top of the document to be scanned.

| | | CM-010 |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>BOTTINI & BOTTINI, INC.<br>Francis A. Bottini, Jr. (SBN 175783)<br>7817 Ivanhoe Avenue, Suite 102<br>La Jolla, CA 92037<br>TELEPHONE NO.: (858) 914-2001  FAX NO.: (858) 914-2002<br>ATTORNEY FOR (Name): Plaintiff Rick Bowlinger | | FOR COURT USE ONLY<br><br>**FILED**<br>San Francisco County Superior Court<br><br>DEC 24 2018<br><br>CLERK OF THE COURT<br>BY: _Charlene Johnson_<br>Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco, California 94102<br>BRANCH NAME: Civic Center Courthouse | | |
| CASE NAME:<br>Bowlinger v. Chew, et al. | | |
| CIVIL CASE COVER SHEET<br>[✓] Unlimited   [ ] Limited<br>(Amount       (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: CGC-18-572326<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [✓] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action (specify): 4
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 24, 2018
Francis A. Bottini, Jr.
(TYPE OR PRINT NAME)                                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX
ONE LEGAL LLC

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

Case: 19-30088    Doc# 894-1    Filed: 03/14/19    Entered: 03/14/19 18:50:30    Page 4 of 10

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LEWIS CHEW; RICHARD C. KELLY; FRED J. FOWLER;
[Additional Parties Attachment Form is attached]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RICK BOWLINGER, derivatively on behalf of PG&E Corporation and Pacific Gas & Electric Company,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER: CGC-18-572326

Superior Court of California, County of San Francisco
400 McAllister Street, San Francisco, California 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

BOTTINI & BOTTINI, INC., 7817 Ivanhoe Ave., Suite 102, La Jolla, CA 92037 (858) 914-2001

DATE: DEC 24 2018
*(Fecha)*

Clerk, by KALENE APOLONIO, Deputy
CLERK OF THE COURT
*(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

BY FAX
ONE LEGAL LLC

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| SHORT TITLE: Bowlinger v. Chew, et al. | CASE NUMBER: CGC-18-572326 |
|---|---|

SUM-200(A)

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

ROGER H. KIMMEL; RICHARD A. MESERVE; FORREST E. MILLER; BENITO (BEN) MINICUCCI; ERIC D. MULLINS; ROSENDO (RO) G. PARRA; BARBARA L. RAMBO; ANNE SHEN SMITH; GEISHA J. WILLIAMS; ANTHONY F. EARLEY JR.; JASON P. WELLS; PATRICK M. HOGAN; JULIE M. KANE; DINYAR B. MISTRY; DAVID S. THOMASON; MARYELLEN C. HERRINGER; JEH C. JOHNSON; NICKOLAS STAVROPOULOS; BARRY LAWSON WILLIAMS; DOES 1 through 50, inclusive, PG&E CORPORATION, and PACIFIC GAS & ELECTRIC COMPANY.

Page ____ of ____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr. (SBN 175783)
Albert Y. Chang (SBN 296065)
Yury A. Kolesnikov (SBN 271173)
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone:  (858) 914-2001
Facsimile:  (858) 914-2002
E-mail: fbottini@bottinilaw.com
        achang@bottinilaw.com
        ykolesnikov@bottinilaw.com

*Attorneys for Plaintiff*

**FILED**
San Francisco County Superior Court

DEC 2 4 2018

CLERK OF THE COURT
BY: _____
                Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| RICK BOWLINGER, derivatively on behalf of PG&E Corporation and Pacific Gas & Electric Company,<br><br>Plaintiff,<br><br>v.<br><br>LEWIS CHEW; RICHARD C. KELLY; FRED J. FOWLER; ROGER H. KIMMEL; RICHARD A. MESERVE; FORREST E. MILLER; BENITO (BEN) MINICUCCI; ERIC D. MULLINS; ROSENDO (RO) G. PARRA; BARBARA L. RAMBO; ANNE SHEN SMITH; GEISHA J. WILLIAMS; ANTHONY F. EARLEY JR.; JASON P. WELLS; PATRICK M. HOGAN; JULIE M. KANE; DINYAR B. MISTRY; DAVID S. THOMASON; MARYELLEN C. HERRINGER; JEH C. JOHNSON; NICKOLAS STAVROPOULOS; CHRISTOPHER P. JOHNS, BARRY LAWSON WILLIAMS; and DOES 1 through 50, inclusive,<br><br>Defendants,<br><br>and<br><br>PG&E CORPORATION and PACIFIC GAS & ELECTRIC COMPANY,<br><br>Nominal Defendants. | Case No. **CGC-18-572326**<br><br>**SHAREHOLDER DERIVATIVE COMPLAINT FOR:**<br><br>1. **BREACH OF FIDUCIARY DUTY,**<br>2. **ABUSE OF CONTROL,**<br>3. **CORPORATE WASTE, and**<br>4. **UNJUST ENRICHMENT**<br><br>**BY FAX**<br>ONE LEGAL LLC<br><br>**<u>JURY TRIAL DEMANDED</u>** |

SHAREHOLDER DERIVATIVE COMPLAINT

Case: 19-30088    Doc# 894-1    Filed: 03/14/19    Entered: 03/14/19 18:50:30    Page 7 of 10

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................... 5

II. NATURE OF THE ACTION .................................................................................. 6

III. JURISDICTION AND VENUE ............................................................................. 10

IV. THE PARTIES ....................................................................................................... 10

    A. Plaintiff ...................................................................................................... 10

    B. Nominal Defendants ................................................................................. 10

    C. Individual Defendants ............................................................................... 11

    D. Doe Allegations ........................................................................................ 13

    E. Unnamed Participants ............................................................................... 14

V. STATEMENT OF FACTS ..................................................................................... 14

    A. PG&E Is the Primary Energy Provider In Northern and Central California ......... 14

    B. Individual Defendants Are Responsible for Ensuring PG&E Is Complying with California and Federal Regulations ........................................... 15

    C. PG&E Has a Long History of Safety and Maintenance Violations ......... 16

        1. Hinkley Groundwater Contamination (1952–1956) .................... 17

        2. Trauner Fire aka Sierra Blaze (1994) ........................................... 17

        3. Mission District Substation Fire (2003) ....................................... 18

        4. Rancho Cordova Explosion (2008) .............................................. 18

        5. San Bruno Explosion (2010) ........................................................ 18

        6. Cupertino Explosion (2011) ......................................................... 20

        7. Carmel Explosion (2014) ............................................................. 21

        8. Butte Fire (2015) .......................................................................... 21

        9. North Bay Fires (2017) ................................................................ 22

    D. PG&E Caused the Camp Fire (2018) ........................................................ 23

    E. The Camp Fire Was a Foreseeable and Likely Outcome of Defendants' Conduct that Could Have Been Prevented ............................ 27

1. PG&E Considered Preemptively Shutting Off Power to Many Northern California Areas Due to Extreme Fire Danger ...................................27
2. PG&E Knew Its Infrastructure Posed a Dangerous Wildfire Threat.........30
3. PG&E Knew Its Electrical Equipment Was Unsafe ...............................32
4. PG&E's "Run to Failure" Approach to Maintenance..............................33
5. PG&E's Corporate Culture Puts Profits Over Safety ...............................34
6. PG&E Is Required to Safely Design, Operate, and Maintain Its Electrical Systems and Surrounding Vegetation...................................35

F. Defendants Paid Themselves Millions of Dollars in Bonuses for Supposedly Improving Safety at PG&E.......................................................................37

G. Defendants Caused PG&E to Make Materially Misleading Statements About the Company's Compliance With Laws and Safety Efforts ...........................41

H. Defendants Have Inflicted Massive Damages Upon PG&E..................................52
1. Share Price Depressed by Over 50% ...............................................52
2. $15B In Liability Created ..................................................................52
3. PG&E's Credit Rating Slashed..........................................................53
4. New Criminal Liability .....................................................................54
5. $27B In Total Damages: Company Killers?.....................................55

VI. **DEMAND FUTILITY ALLEGATIONS**................................................................56

VII. **CAUSES OF ACTION** ............................................................................................59

A. First Cause of Action: Breach of Fiduciary Duty .............................................59

B. Second Cause of Action: Abuse of Control......................................................59

C. Third Cause of Action: Corporate Waste..........................................................60

D. Unjust Enrichment .............................................................................................60

VIII. **PRAYER FOR RELIEF**..........................................................................................61

IX. **DEMAND FOR JURY TRIAL**................................................................................61

- 3 -
SHAREHOLDER DERIVATIVE COMPLAINT

Case: 19-30088   Doc# 894-1   Filed: 03/14/19   Entered: 03/14/19 18:50:30   Page 9 of 10

# LIST OF EXHIBITS

**EXHIBIT 1:** Criminal Indictment, *U.S. v. Pacific Gas & Electric Company*, No. CR-14-00175-THE (Apr. 1, 2014);

**EXHIBIT 2:** Monitorship Order (ECF No. 916), *U.S. v. Pacific Gas & Electric Company*, No. CR-14-00175-THE (Jan. 26, 2017);

**EXHIBIT 3:** PG&E CORP., CORPORATE RESPONSIBILITY & SUSTAINABILITY REPORT (2018);

**EXHIBIT 4:** Notice Re: California Wildfires (Dkt. No. 951), *U.S. v. Pacific Gas & Electric Company*, No. 3:14-CR-00175-WHA (Nov. 27, 2018).