162. In addition, Defendants' wrongdoing has caused the PUC to open a new investigation into the Board's governance practices. PUC Commissioner Michael Picker announced on November 16, 2018, that: "I will open a new phase examining the corporate governance, structure, and operation of PG&E, including in light of the recent wildfires, to determine the best path forward for Northern Californians to receive safe electrical and gas service in the future." *See* Hannah Norman, "Following Volatile Day for Utility's Stock, California to Probe PG&E's Structure and Operations," San Francisco Business Times, Nov. 16, 2018.

5. $27 Billion In Total Damages: Company Killers?

163. Even setting aside both new criminal liability and the increased cost of capital associated with the downgrading of PG&E's credit rating, Defendants have caused at least $27B in damages to PG&E *from the Camp Fire alone*. Adding in PG&E outstanding liabilities from the 2017 wine country fires it caused, PG&E is on the hook for almost $50B. This enormous figure leaves many analysts wondering whether the Company will retain any value at all after every claim is adjudicated, *id.*, and Defendant's malfeasance has even led the California Public Utilities Commission to investigate whether PG&E should be broken up, Russell Gold & Katherine Blunt, *California to Conduct Wide-Ranging Review of PG&E, Including Possible Breakup*, WALL ST. J., Nov. 15, 2018, https://www.wsj.com/articles/pg-e-sell-off-continues-as-wildfires-rage-1542304152. Such possibilities can only arise where a company's directors have been derelict in their duties. Here, that is manifestly so. After lining their own pockets, Defendants leave shareholders with a company the condition of which is aptly analogized to the cars found in the Camp Fire's wake.



Burned Out Car
Paradise, California
November 9, 2018

Scott Strazzante
San Francisco Chronicle

- 55 -
SHAREHOLDER DERIVATIVE COMPLAINT

Case: 19-30088    Doc# 894-7    Filed: 03/14/19    Entered: 03/14/19 18:50:30    Page 1 of 8

## VI. DEMAND FUTILITY ALLEGATIONS

164. Plaintiff brings this action derivatively in the right of and for the benefit of PG&E to redress injuries suffered and to be suffered by PG&E as a result of Defendants' breaches of fiduciary duty, abuse of control, and gross mismanagement. Plaintiff and Plaintiff's counsel will adequately and fairly represent the interests of PG&E in enforcing and prosecuting its rights. Prior to filing, Plaintiff, through counsel, delivered a copy of the complaint to PG&E Corporation and Pacific Gas & Electric Company.

165. Plaintiff was a shareholder of PG&E Corporation at the time of the wrongdoing complained of, has continuously been a shareholder of PG&E since the 1990s, and is a current shareholder. Pacific Gas & Electric Company is the operating subsidiary of PG&E Corporation.

166. Based upon the Defendants' acts and omissions in direct violation of their fiduciary duties of care, good faith, honesty, and loyalty, a pre-suit demand on the PG&E Board to bring the claims asserted in this action is excused as a futile and useless act. PG&E's Board of Directors personally profited from the wrongdoing alleged in this Complaint, and it was PG&E's Board of Directors and officers who oversaw PG&E and its culture of neglect, described herein.

167. Plaintiff has not made any demand on the Board of Directors of PG&E Corporation or Pacific Gas & Electric Company to investigate and prosecute the wrongdoing alleged herein. Such a demand is excused because: (i) making a demand would be a futile and useless act as the majority of both Companies' directors are not able to conduct an independent and objective investigation of the alleged wrongdoing, and (ii) the wrongful conduct of Defendants is not subject to protection under the business judgment rule. Under such circumstances, the demand requirement is excused since making such a demand on the Boards of Directors would be futile. *Shields v. Singleton*, 15 Cal. App. 4th 1611 (1993).

168. At the time this derivative lawsuit was commenced, the PG&E Corporation's Board of Directors consisted of twelve directors and Pacific Gas & Electric Company's Board of Directors consisted of the same twelve directors. All directors served on the Boards of PG&E Corporation and Pacific Gas & Electric Company during significant portions of the period during which PG&E was engaged in, authorized, or ignored the wrongdoing alleged in this complaint.

- 56 -
SHAREHOLDER DERIVATIVE COMPLAINT
Case: 19-30088  Doc# 894-7  Filed: 03/14/19  Entered: 03/14/19 18:50:30  Page 2 of 8

169. All of the current PG&E Corporation and Pacific Gas & Electric Company directors were directors on November 8, 2018, when PG&E filed an incident report related to power issues in Butte County, California, and the Camp Fire began. This demonstrates (i) that all of the current PG&E Corporation and Pacific Gas & Electric Company directors are potentially liable to PG&E, (ii) that they cannot be trusted to appropriately adjudicate this case as they are all aware of the wrongdoing committed earlier by the current directors of PG&E Corporation and the current directors of Pacific Gas & Electric Company, (iii) that they intend to condone and continue such misconduct, and (iv) that the current directors of both Boards have demonstrated no intention of suing themselves or the other individuals whose wrongdoing resulted in the deadliest fire in California history.

170. Furthermore, the members of both Boards of Directors profited substantially from maintaining an environment and culture that prioritized short-term gains over safety and maintenance. The misconduct of both Boards of Directors resulted in several major accidents that have destroyed PG&E's credibility, and in the case of the Camp Fire, resulted in the deaths of at least eighty-eight people. The culture that led to the incidents at issue was fostered by the Defendants in this case, who lack the objectivity to judge their own misconduct. Accordingly, a majority of both Boards engaged in the wrongdoing and have interests adverse to performing a fair and unbiased investigation.

171. Defendants cannot consider a demand because (i) their decision to operate PG&E in violation of the law is not a protected business decision and (ii) they all face a substantial likelihood of liability for breaching their duties of loyalty and good faith. These defendants were either informed of PG&E's numerous safety violations or are consciously violating their duty to stay informed about the core business of PG&E.

172. The failure to follow safety regulations imposed by the PHMSA and CPUC has been pervasive and systematic at PG&E. Despite this knowledge of the failure to follow safety regulations, Defendants failed to act to correct PG&E's numerous safety issues. Such a decision could not have been an action taken in good faith and is accordingly not protected by the business judgment rule. Furthermore, the conscious failure of Defendants to act in the face of the overwhelming number of warnings is a breach of the duties of care and loyalty. This breach subjects them to a substantial

- 57 -
SHAREHOLDER DERIVATIVE COMPLAINT

Case: 19-30088    Doc# 894-7    Filed: 03/14/19    Entered: 03/14/19 18:50:30    Page 3 of 8

likelihood of liability. Since demand on the majority of the Boards of Directors is futile, demand is excused.

173. Despite the Individual Defendants having knowledge of the history of their own misconduct and mismanagement, the current Boards of Directors have failed and refused to seek recovery for PG&E for any of the misconduct alleged herein.

174. PG&E's directors and top officers pocketed hundreds of millions of dollars in salaries, bonuses and directors' fees, as well as hundreds of millions in proceeds from their sales of PG&E stock, further enriching themselves at the expense of the Company to which they owed fiduciary duties of good faith, honesty, and loyalty. PG&E's leadership made an active decision to divert money necessary for safety and operational protocols towards other purposes and at the same time approved bonus payments and developed a corporate culture that placed short-term economic gain over long-term profitability. In so doing, PG&E has caused irreparable financial and reputational harm to PG&E. PG&E's directors, for years, failed to take responsibility for creating the culture and misappropriating customer fees, and there is no reason to believe they would do so now. Thus, neither of the Boards of Directors could exercise independent objective judgment in deciding whether to bring this action or to vigorously prosecute the claims alleged herein.

175. The Directors cannot be relied upon to reach a truly independent decision about whether to commence the demanded action against themselves and the officers responsible for the misconduct alleged in this Complaint because, *inter alia*, the Boards are currently dominated by Defendants (i) who were personally and directly involved in the acts of mismanagement, abuse of control, and waste alleged, (ii) who approved the actions complained of, and (ii) to whose directives and views the Boards have consistently acceded and will continue to accede.

176. A majority of the directors received personal and financial benefits while they caused or permitted the Company to engage in the extensive misconduct detailed in this complaint. Non-employee directors received annual cash retainers, cash fees for meetings attended, as well as lucrative equity awards for serving as directors and members of Board committees. Employee directors were also compensated in both cash and "incentive" awards of cash and stock, in large part based on the Company's financial and sales results.

177. The members of the Boards of Directors are biased and cannot appropriately and fairly adjudicate any demand on the Boards.

178. Demand is excused as to all Individual Defendants who are not now members of PG&E Leadership because they have no current authority or ability to rectify and remedy PG&E's wrongdoing.

## VII. CAUSES OF ACTION

### A. First Cause of Action: Breach of Fiduciary Duty

179. Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

180. Defendants, as PG&E's directors and officers owed fiduciary duties to PG&E, and were and are required to use their abilities to control and manage PG&E in a fair, just, and equitable manner to ensure that the Company complied with applicable laws and contractual obligations, to refrain from abusing their positions of control, and not to favor their own interests at the expense of PG&E. Defendants breached their fiduciary duties to PG&E, including without limitation their duties of care, good faith, honesty and loyalty.

181. The wrongful conduct particularized herein was not due to an honest error in judgment but rather to Defendants' gross mismanagement, bad faith, and reckless disregard of the rights and interests of PG&E, its shareholders, and its ratepayers, and for acting without the reasonable and ordinary care which they owed PG&E. As a result, Defendants have participated in harming PG&E and have breached fiduciary duties owed to PG&E. Defendants knowingly aided, encouraged, cooperated and/or participated in, and substantially assisted the other Defendants in the breaches of their fiduciary duties.

182. By reason of the foregoing, PG&E has sustained and will continue to sustain damages and injuries for which it has no adequate remedy at law.

### B. Second Cause of Action: Abuse of Control

183. Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

184. By virtue of their positions and financial holdings in PG&E, Defendants exercised control over PG&E and its operations and owed duties as officers and directors and controlling persons to PG&E not to use their positions of control within the Company for their own personal interests and contrary to the interests of PG&E.

185. Defendants' conduct amounts to an abuse of their control of PG&E in violation of their obligations to PG&E. Defendants knowingly aided, encouraged, cooperated, and participated in this abuse of control and substantially assisted the other defendants in their abuse of control.

186. As a result of Defendants' abuse of control, PG&E has sustained and will continue to sustain damages and injuries for which it has no adequate remedy at law.

## C. Third Cause of Action: Corporate Waste

187. Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

188. As alleged in detail above, Defendants had a fiduciary duty to exercise good faith and diligence in the administration of the affairs of PG&E and in the use and preservation of its property and assets. Defendants also had the highest obligation of fair dealing.

189. Defendants breached these duties by wasting PG&E's corporate assets. For example, the Defendants diverted corporate assets that were specifically intended for safety and maintenance for other improper corporate purposes.

190. As a result of Defendants' actions, PG&E has suffered losses and incurred substantial costs in investigating and defending itself against pending actions. PG&E also has to incur the substantial costs of conducting internal investigations, as well as the costs of dealing with investigations by regulatory agencies.

191. As a result of Defendants' wrongful conduct, PG&E has suffered and continues to suffer damages, all in an amount to be determined according to proof at trial.

## D. Unjust Enrichment

192. Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

193. Defendants derived compensation and other benefits from PG&E and were otherwise unjustly enriched during the time in which the wrongful practices occurred to the detriment of PG&E. Defendants profited by engaging in the wrongful conduct set forth in the Complaint above. Defendants also wrongfully converted funds belonging to PG&E.

194. Defendants' enrichment is directly and causally related to the detriment of PG&E.

195. These benefits were accepted by Defendants under such circumstances that it would be inequitable for it to be retained without payment. As alleged above, Defendants breached their fiduciary duties and abused their positions of control to PG&E. Therefore, Defendants are not justified to retain the benefits conferred upon them.

## VIII. PRAYER FOR RELIEF

Plaintiff, on behalf of himself and PG&E, prays for relief and judgment as set forth below:

1. Awarding compensatory damages against all Defendants, jointly and severally, in an amount to be proven at trial;

2. Awarding restitution, disgorgement of all illicit proceeds generated as a result of the wrongful conduct alleged herein;

3. Awarding appropriate equitable relief, including any injunctive or declaratory relief necessary to change and/or reform PG&E's corporate governance, policies and culture;

4. Awarding punitive damages at the maximum amount permitted by law;

5. Awarding pre-judgment interest, as well as reasonable attorneys' fees and other costs; and

6. Awarding such other relief as this Court may deem just and proper.

## IX. DEMAND FOR JURY TRIAL

CPUC President Michael Picker recently stated that PG&E's responsibility for numerous catastrophes and failure to replace Defendants with a new board has "left [CPUC] wondering [whether] anyone [is] ever accountable for failing to provide safety at PG&E." Helman, *Wall St. J.*, *supra*. A jury trial would provide an opportunity for just the kind of accountability Picker suggests.

- 61 -
SHAREHOLDER DERIVATIVE COMPLAINT

Case: 19-30088    Doc# 894-7    Filed: 03/14/19    Entered: 03/14/19 18:50:30    Page 7 of 8

Plaintiff hereby demands a trial by jury of all issues subject to adjudication by a trier of fact.

Dated: December 24, 2018

Respectfully submitted,

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr. (SBN 175783)
Albert Y. Chang (SBN 296065)
Yury A. Kolesnikov (SBN 271173)

*[signature]*

Francis A. Bottini, Jr.

7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001
Facsimile: (858) 914-2002
Email: fbottini@bottinilaw.com
achang@bottinilaw.com
ykolesnikov@bottinilaw.com

*Attorneys for Plaintiff*