# EXHIBIT E

Case: 19-30088    Doc# 894-11    Filed: 03/14/19    Entered: 03/14/19 18:50:30    Page 1 of 4

**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Theodore E. Tsekerides**
+1 212 310 8218
theodore.tsekerides@weil.com

February 25, 2019

**VIA EMAIL**

Mr. Francis A. Bottini
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
fbottini@bottinilaw.com

Re: *Bowlinger v. Chew et al.*, No. CGC-18-572326 (S.F. Super. Ct. Dec. 24, 2018)

Dear Mr. Bottini:

  We represent PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, the "Debtors"), in connection with their voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court").[1] I write in connection with your recent filing of Plaintiffs' Response to Nominal Defendants PG&E Corporation and Pacific Gas and Electric Company's Notice of Stay of Proceeding, dated February 5, 2019 ("Plaintiffs' Response"), in *Bowlinger v. Chew et al.*, No. CGC-18-572326 (S.F. Super. Ct. Dec. 24, 2018) (the "Bowlinger Action").

  Your assertion in paragraph 5 of Plaintiffs' Response that "the automatic stay applies only to the debtor nominal defendants (PG&E Corporation and Pacific Gas and Electric Company) and does not extend to the Non-Debtor Defendants[2]" and suggestion that the Bowlinger Action is not stayed automatically in its entirety pursuant to section 362(a) of the Bankruptcy Code is incorrect. First, pursuant to section 362(a)(3) of the Bankruptcy Code, the automatic stay applies to "any act to obtain possession of property of the estate[s] or of property from the estate[s] or to exercise control over property of the estate[s]." Derivative claims, such as those at issue in the Bowlinger Action, are property of the Debtors' estates and, as such, they are stayed and your continued efforts to prosecute those claims violates the automatic stay. *See In re At Home Corp.*, 154 Fed Appx. 666, 667, 669 (9th Cir. 2005) (unpublished) (affirming the Northern District of California's holding that derivative claims

---

[1] The Chapter 11 Cases are being jointly administered under Case Nos. 19-30088 and 19-30099.

[2] Capitalized terms not defined herein are defined as set forth in Plaintiffs' Response.

were stayed under § 362(a)(3) and stating that a "bankruptcy court may enjoin a derivative claim brought by shareholders because the claim is the property of the bankrupt estate"); *CAMOFI Master LDC v. Associated Third Party Adm'rs*, 2018 WL 839134, at *4, *6 (N.D. Cal. Feb. 13, 2018) (staying derivative claim on grounds that "filing bankruptcy formally places the trustee in the exclusive position to vindicate harms to the corporation" and thus the "bankruptcy trustee has the exclusive right to prosecute the claim"); *In re Grove Farm Fish & Poi, LLC*, 2011 WL 3878358, at *1 (D. Haw. Aug. 31, 2011) ("[A]ny derivative claims belong to the Debtor's estate and only the Debtor can assert them."); *In re CIL, Ltd.*, 2018 WL 2383102, at *4 (S.D.N.Y. May 4, 2018) ("The law is clear that derivative claims are assets of the [] estate and their prosecution violates the automatic stay.") (citing 11 U.S.C. § 362(a)(3)); *In re Black Elk Energy Offshore Operations, LLC*, 2016 WL 4055044, at *2 (S.D. Tex. July 26, 2016) ("It is fundamental that derivative claims are property of the debtor's estate . . . . If the claims belong to the estate, it would violate the automatic stay for the [third-party] to exercise control over them.").[3] Additionally, section 362(a)(3) of the Bankruptcy Code applies to the Bowlinger Action because the litigation would implicate the Debtors' directors and officers insurance policies, which are the property of the Debtors' estates.

Please be advised that Plaintiffs' efforts to continue prosecuting the derivative claims at issue in the Bowlinger Action, including by requesting that a case management conference proceed as scheduled, therefore violate section 362(a)(3) of the Bankruptcy Code. Moreover, your request that "any court order referring to a stay in [the Bowlinger Action] clarify that the stay only applies to nominal defendants PG&E Corporation and Pacific Gas and Electric Company" improperly seeks to divest the Bankruptcy Court of its exclusive jurisdiction over this issue. *See, e.g.*, *In re Dingley*, 514 B.R. 591, 597 (B.A.P. 9th Cir. 2014) ("[T]he Ninth Circuit has definitively held that the applicability of the automatic stay is within the exclusive jurisdiction of the bankruptcy court.").

The Debtors demand that you immediately comply with section 362(a) of the Bankruptcy Code, cease any efforts to further prosecute the Bowlinger Action, and inform the Court in that action that you agree the automatic stay applies to the derivative claims at issue, including as against the Non-Debtor Defendants, thereby staying the entire proceeding. If you do not take this corrective action by March 1, 2019, the Debtors will enforce the protections afforded to them under section 362(a) of the Bankruptcy Code, and reserve all of their rights with respect thereto including, without limitation, to move before the Bankruptcy Court to enforce the stay of the Bowlinger Action and seek recovery of damages, costs and attorneys' fees, to which they are entitled under section 362(k) of the Bankruptcy Code.

---

[3] None of the cases cited in paragraph 5 of Plaintiffs' Response supports the proposition that section 362(a) of the Bankruptcy Code does not automatically stay claims against non-debtors in derivative actions; indeed, none of those cases even discusses the application of the automatic stay in the context of derivative claims.

Sincerely,


*/s/ Theodore E. Tsekerides*
Theodore E. Tsekerides

cc:

Mr. Robert Perrin