WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> **Debtors.** <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas & Electric Company <br> X Affects both Debtors <br><br> * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM) <br> Chapter 11 <br> (Lead Case) <br> (Jointly Administered) <br><br> **APPLICATION PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR ORDER AUTHORIZING THE DEBTORS TO RETAIN JENNER & BLOCK LLP AS SPECIAL CORPORATE DEFENSE COUNSEL** *NUNC PRO TUNC* **TO THE PETITION DATE** <br><br> Date: April 24, 2019 <br> Time: 9:30 a.m. (Pacific Time) <br> Place: United States Bankruptcy Court <br> Courtroom 17, 16th Floor <br> San Francisco, CA 94102 |

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this application (the "**Application**") for entry of an order, pursuant to section 327(e) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the employment of Jenner & Block LLP ("**Jenner & Block**"), as the Debtors' special corporate defense counsel to represent the Debtors in connection with the Criminal Case (as defined below) and various other state and federal regulatory matters on the terms and conditions set forth herein, *nunc pro tunc* to the Petition Date (as defined below). In support of this Application, the Debtors rely upon the Declaration of Randall E. Mehrberg (the "**Mehrberg Declaration**") and the Declaration of Janet Doluca (the "**Loduca Declaration**").

A proposed form of order approving the retention and employment of Jenner & Block is annexed hereto as **Exhibit A** (the "**Proposed Order**").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue before the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

## III. BASIS FOR RELIEF

The Debtors seek approval of the employment of Jenner & Block as special corporate defense counsel pursuant to section 327(e) of the Bankruptcy Code. Section 327(e) of the Bankruptcy Code provides that the debtor in possession "may employ, for a specified special

purpose, other than to represent the [debtor in possession] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

As detailed below, the Debtors submit that the employment of Jenner & Block, effective as of the Petition Date, and on the terms and conditions set forth herein, is in the best interest of the Debtors, their estates, their creditors, and all other parties in interest, and therefore should be approved.

**IV.    JENNER & BLOCK'S QUALIFICATIONS**

The Debtors have selected Jenner & Block to serve as special corporate defense counsel because of Jenner & Block's considerable experience in complex corporate investigations and defense and energy regulatory matters. Jenner & Block has more than 500 lawyers in offices in Chicago, New York, Los Angeles, Washington D.C., and, through an affiliated law firm, in London. Jenner & Block's Internal Investigations, Compliance, and Defense group is one of the country's premier practices in the field of internal investigations and corporate defenses. Its members, which include two former U.S. attorneys, have conducted internal investigations for publicly held corporations, privately held corporations, and governmental entities across the United States and abroad. Jenner & Block also has a world-class energy practice, co-chaired by a former major utility general counsel and a former Federal Energy Regulatory Commission ("**FERC**") Commissioner. Jenner & Block's energy practice also includes a former FERC general counsel and two former U.S. Supreme Court clerks who lead major litigation efforts on behalf of numerous energy industry clients.

Additionally, having represented the Debtors in the Criminal Case and other matters for over two years prior to the Petition Date, Jenner & Block has acquired considerable knowledge of Debtors' business and operations. For the foregoing reasons, the Debtors believe that Jenner & Block is well-qualified to represent the Debtors as special corporate defense counsel during the pendency of these Chapter 11 Cases, and that the retention of Jenner & Block is in the best interests

of the Debtors, their estates, creditors, shareholders, and all parties in interest.

V.   **SERVICES TO BE PROVIDED**

Jenner & Block will provide the following services to the Debtors:

a) draft motions and briefs, appear at hearings, and otherwise represent the Utility in connection with the probation and the monitorship resulting from the criminal investigation and convictions relating to the natural gas explosion that occurred in the City of San Bruno, California, on September 9, 2010 (the "**Criminal Case**");

b) advise the Debtors in complying with the probationary measures imposed in the Criminal Case;

c) advise the Debtors in connection with various regulatory and enforcement matters involving the Federal Energy Regulatory Commission, Department of the Interior, Federal Communications Commission, and other federal agencies, and/or California state agencies, including the California Public Utilities Commission;

d) conduct internal investigations and advise the Debtors with respect to remediation of same, including in defending the Debtors in any regulatory actions taken against the Debtors;

e) assist, as requested, with matters relating to the aforementioned services as they may impact the Chapter 11 Cases; and

f) perform all other necessary legal services required by the Debtors during the pendency of their Chapter 11 Cases.

Jenner & Block has, and will continue to, work closely with Weil, Gotshal & Manges LLP, Cravath, Swain & Moore LLP, Munger, Tolles & Olson LLP and the Debtors' other professionals to maximize efficiency and avoid any duplication of effort.

VI.  **TERMS OF COMPENSATION**

As set forth in the Mehrberg Declaration, the Debtors understand and have agreed that

Jenner & Block will apply to the Court for allowances and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, effective February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), and any further Orders of the Court regarding professional compensation and reimbursement of expenses in these Chapter 11 Cases (the "**Orders**").

The pre-petition terms of Jenner & Block's engagement by the Debtors are set forth in that certain engagement agreement dated January 22, 2018 (the "**Engagement Agreement**"). Jenner & Block has informed the Debtors that, subject to the approval of this Court, it will charge the Debtors for its legal services on an hourly basis at the rates set forth in the Engagement Agreement, which reflect an approximately 20% discount[1] from Jenner & Block's ordinary and customary hourly rates in effect as of January 1, 2019, and for reimbursement of all costs and expenses in connection with these Chapter 11 Cases, as set forth in the Mehrberg Declaration. In the normal course of its business, Jenner & Block revises its hourly rates annually. Jenner & Block will provide notice of any such rate increases to the Debtors and the Office of the United States Trustee for Region 17 (the "**U.S. Trustee**") before taking effect. Notwithstanding the provisions of the Engagement Agreement, Jenner & Block will bill for services in increments of a tenth of an hour (0.1) as required by the Fee Guidelines.

The Debtors believe that Jenner & Block's rates are reasonable based upon its capabilities

---

[1] In the Engagement Agreement, Jenner & Block agreed to charge the Debtors its 2018 hourly rates (subject to class-year step increases for associates and new partners), less a 15% discount, through December 31, 2019, at which time Jenner & Block's rates will revert to its standard applicable rates. Additionally, Jenner & Block agreed to a 2.5% discount on fees collected in excess of $2,500,000 and a 5% discount on fees collected in excess of $5,000,000 during the 2019 calendar year.

and are within the market range for comparable firms. The billing rates for the attorneys expected to have a material role in representing the Debtors are set forth below:

| Name | Position | Discounted Hourly Rate |
|---|---|---|
| Randall E. Mehrberg | Partner | $893 |
| Reid J. Schar | Partner | $982 |
| Ian H. Gershengorn | Partner | $982 |
| Catherine L. Steege | Partner | $918 |
| Suedeen G. Kelly | Partner | $871 |
| Brian Hauck | Partner | $782 |
| Matthew S. Hellman | Partner | $761 |
| Matthew L. Haws | Partner | $761 |
| Brandon D. Fox | Partner | $761 |
| Max Minzner | Partner | $740 |
| Matthew E. Price | Partner | $714 |
| Coral A. Negron | Partner | $714 |
| Emily M. Loeb | Partner | $706 |
| Angela M. Allen | Partner | $701 |
| Samuel Jahangir | Associate | $506 |
| Andrew P. Walker | Associate | $506 |
| William A. Williams | Associate | $459 |
| Jason T. Perkins | Associate | $459 |
| Amir Shakoorian Tabrizi | Associate | $400 |

In addition to the hourly billing rates set forth above, Jenner & Block customarily charges its clients for all costs and expenses incurred, including telephone and telecopier charges, mail and express mail charges, hand delivery charges, document processing, photocopying charges, travel expenses, computerized research and transcription costs, as well as non-ordinary overhead expenses such as secretarial overtime. Jenner & Block has advised the Debtors that it will charge such costs and expenses in accordance, with the Local Rules, the Fee Guidelines, the Orders, and the Engagement Agreement.

  The Debtors believe that the terms on which they propose to employ Jenner & Block are usual and customary, that the rates are reasonable based upon its capabilities and the market range for comparable firms, and that they are in line with fees routinely allowed and approved in cases in the Ninth Circuit.

  In the twelve months prior to the Petition Date, the Debtors made payments to Jenner & Block on periodic invoices totaling $3,570,982.15. Additionally, on January 22 and 25, 2019, the

Debtors provided Jenner & Block with advance payment retainers in the total amount of $1,000,000 each. Prior to the Petition Date, Jenner & Block applied its retainer in satisfaction of the fees and expenses incurred by Jenner & Block through January 28, 2019. After that application of the retainer, Jenner & Block held and still holds $710,723.16 in retainer.

**VII.    DISINTERESTEDNESS**

To the best of the Debtors' knowledge, except as set forth in the Mehrberg Declaration, the partners, counsel, and associates of Jenner & Block: (i) do not have any connection with the Debtors, their affiliates, their creditors, or any other parties in interest, or their respective attorneys and accountants, and (ii) do not hold or represent any interest adverse to the Debtors or their estates with respect to the matters on which Jenner & Block is to be employed. Jenner & Block is thus disinterested within the meanings of section 101(14) and 327(e) of the Bankruptcy Code. Given the large number of parties in interest involved in these Chapter 11 Cases, Jenner & Block's evaluation of its potential connections with such interested parties is ongoing. To the extent that Jenner & Block discovers any connection with any interested party or enters into any new relationship with any interested party, the firm will promptly supplement its disclosure to the Court.

Based on the foregoing, the Debtors believe and request that the Court find that it is necessary and in the best interest of the Debtors, their estates, their creditors, and all other parties in interest to employ Jenner & Block as special corporate defense counsel to render professional services during the pendency of these Chapter 11 Cases.

**VIII.    NOTICE**

Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the

Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

| | |
|---|---|
| 1 | WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein and such further relief as is just and proper. |

Dated: March 15, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/ Jane Kim
      Jane Kim

*Proposed Attorneys for Debtors
and Debtors in Possession*