DAVID I. KORNBLUH, ESQ., SBN 162310
*dkornbluh@venturahersey.com*
CHRISTOPHER J. HERSEY, ESQ., SBN 197767
*chersey@venturahersey.com*
VENTURA HERSEY & MULLER, LLP
1506 Hamilton Avenue
San Jose, CA 95125-4539
Telephone: 408-512-3022
Facsimile: 408-512-3023

Attorneys for Creditor DE ANZA TILE CO., INC.

RYAN M. HAGAN, ESQ., SBN 200850
*ryan@deanzatile.com*
DE ANZA TILE CO., INC.
45755 Northport Loop West
Fremont, CA 94538-6460
Telephone: 510-933-7600
Facsimile: 510-933-7650

Co-Counsel for Creditor DE ANZA TILE CO., INC.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>  - and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>  Debtors.<br><br>Tax I.D. NOS. 94-3234914, 94-0742640 | Case No.: 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**NOTICE OF PERFECTION OF MECHANIC'S LIEN PURSUANT TO 11 U.S.C. §§ 546 AND 362** |

DE ANZA TILE CO., INC. ("De Anza") files this Notice of Perfection of Mechanic's Lien Pursuant to 11 U.S.C. §§ 546(b) and 362(b)(3). In support of this notice, De Anza represents as follows:

1. De Anza is a California licensed tile and stone contractor with a principal place of business at 45755 Northport Loop West, Fremont, California 94538.

//

2. Debtor PG&E Corporation ("Debtor") is the owner or reputed owner of real property located at 2180 Harrison St., San Francisco, California 94110 (parcel no. 3592-030) (the "Real Property").

3. De Anza furnished labor and/or materials for the supply and installation of tile and associated materials in order to improve the Real Property pursuant to a contract associated with the PG&E Service Center Refresh Area, Turner Project #171397. De Anza furnished the above-described labor, equipment, materials and services at the special instance and request of, and pursuant to a contract with, Turner Construction Company, 300 Frank H. Ogawa Plaza, Suite 510, Oakland, California 94612.

4. After deducting all just credits and offsets, the sum of $103,410.00, together with interest at the rate of 10% per annum from January 19, 2019 (the date when balance became due), remains currently due and owing to De Anza by the Debtor for labor and materials provided to the Debtor.

5. On or about February 6, 2019, De Anza timely filed and recorded a verified mechanics lien claim in the official records of the County of San Francisco, under Document No. 2019-K729250-00 (the "Mechanics Lien Claim"), pursuant to which De Anza holds a properly-perfected security interest in the Real Property. A true and correct copy of the Mechanics Lien Claim is attached as Exhibit "A" and incorporated by reference.

6. Under California law, to enforce the Mechanics Lien Claim, De Anza must commence an action in California state court within 90 days after recordation of its claim of lien. Cal. Civ. Code § 8460. On January 29, 2019, Debtor filed its Chapter 11 petition with this court (the "Petition"), effectively preventing De Anza from commencing action in the California courts to enforce and perfect its mechanics lien rights.

7. As provided by 11 U.S.C. § 362(b)(3):

> "[t]he filing of a petition under section 301, 302, or 303 of this title,…, does not operate as a stay--…under subsection (a) of this section, of any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under Section 546(b) of this

title or to the extent that such act is accomplished within the period provided under section 547(e)(2)(A) of this title." 11 U.S.C. § 362(b)(3).

8. As provided by 11 U.S.C. § 546(b):

"(1) The rights and powers of a trustee under sections 544, 545, and 549 of this title are subject to any generally applicable law that—

    (A) Permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection; or
    (B) Provides for the maintenance or continuation of perfection of an interest in property to be effective against an entity that acquires rights in such property before the date on which action is taken to effect such maintenance or continuation.

(2) If –
    (A) a law described in paragraph (1) requires seizure of such property or commencement of an action to accomplish such perfection, or maintenance or continuation of perfection of an interest in property; and
    (B) such property has not been seized or such an action has not been commenced before the date of the filing of the petition;

Such interest in such property shall be perfected, or perfection of such interest shall be maintained or continued, by giving notice within the time fixed by such law for such seizure or such commencement." 11 U.S.C. § 546(b).

9. The California mechanics lien law (Cal. Civ. Code § 8200) is a generally applicable law that is described in 11 U.S.C. §546(b)(2)(A) and (B), and provides for the rights and remedies set forth in Section 546(b)(2)(A) and (B).

10. As noted above, De Anza was not able to commence an action to enforce the Mechanics Lien Claim before the filing of the Petition.

11. **Accordingly, De Anza hereby gives notice in lieu of commencement of such action to perfect, maintain and continue perfection of the interest of Mechanics Lien Claim in the Real Property pursuant to 11 U.S.C. § 546(b), including, but not limited to, the filing of a lawsuit to enforce and/or foreclose on the Mechanics Lien Claim, the filing of any Lis Pendens or the service of notice on purchasers of production from the Real Property. By virtue of this notice and applicable law, De Anza demands adequate protection of its interests in the Real Property.**

//

3
NOTICE OF PERFECTION OF MECHANIC'S LIEN      USBC-ND CA (SF) Case No. 19-30088 (DM)
PURSUANT TO 11 U.S.C. §§ 546 AND 362

Case: 19-30088    Doc# 929    Filed: 03/15/19    Entered: 03/15/19 14:22:14    Page 3 of 8

12. De Anza reserves the right to supplement and/or amend this notice. De Anza further reserves all rights under applicable law.

Dated: March 15, 2019    Respectfully submitted,

VENTURA HERSEY & MULLER, LLP

By: */S/ David I. Kornbluh*
DAVID I. KORNBLUH
CHRISTOPHER J. HERSEY
Attorneys for Attorneys for Creditor
DE ANZA TILE CO., INC.

Dated: March 15, 2019    DE ANZA TILE CO., INC.

By: */S/ Ryan M. Hagan*
RYAN M. HAGAN
Co-Counsel for Creditor
DE ANZA TILE CO., INC.

# EXHIBIT A

# EXHIBIT A

Recording requested by (name):
De Anza Tile Co., Inc.

When recorded, mail to (name and address):
Ryan M. Hagan

De Anza Tile Co., Inc.

45755 Northport Loop West

Fremont, CA 94538

San Francisco Assessor-Recorder
Carmen Chu, Assessor-Recorder
DOC- 2019-K729250-00
Wednesday, FEB 06, 2019 12:23:26
Ttl Pd  $95.00   Rcpt # 0005950380
                              oes/ES/1-3

# CLAIM OF MECHANICS LIEN

(Cal. Civ. Code § 8416)

APN 3592-30

1. De Anza Tile Co., Inc. ("claimant") claims a mechanics lien for the labor or services or equipment or materials described in paragraph 2, furnished for a work of improvement on that certain real property located in the County of San Francisco, State of California, and more particularly described as (address and/or sufficient description): 2180 Harrison St., San Francisco, CA, 94110 PG&E Service Center Refresh Area 1 - Turner Project #171397

2. After deducting all just credits and offsets, the sum of $103,410.00, together with interest at the rate of 10% per annum from January 19, 2019 (date when balance became due), is due claimant for the following labor, materials, services, or equipment: supply and installation of tile and associated services and materials related to installation

3. Claimant furnished the labor or services or equipment or materials, at the request of Turner Construction Company, 300 Frank H. Ogawa Plz, Ste 510, Oakland, CA, 94612 (employer, person, or entity to whom labor, materials, services, or equipment were furnished).

4. The name and address of the owner or reputed owner of the real property is/are: PG&E Corporation 77 Beale 24th Floor San Francisco, CA 94105

5. Claimant's address is: 45755 Northport Loop West Fremont, CA 94538

Dated February 4, 2019

_Ryan M. Hagan_
(Signature)

## VERIFICATION

I, Ryan M. Hagan, am the: Vice President ("owner," "president," "authorized agent," "partner," etc.) of claimant on the foregoing claim of mechanics lien, and am authorized to make this verification for and on its behalf. I have read the foregoing claim of mechanics lien and know the contents of the claim of mechanics lien to be true of my own knowledge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Dated February 4, 2019

_Ryan M. Hagan_
(Signature)

# NOTICE OF MECHANICS LIEN CLAIM
# ATTENTION!

Upon the recording of the enclosed MECHANICS LIEN with the county recorder's office of the county where the property is located, your property is subject to the filing of a legal action seeking a court-ordered foreclosure sale of the real property on which the lien has been recorded. That legal action must be filed with the court no later than 90 days after the date the mechanics lien is recorded.

The party identified in the enclosed mechanics lien may have provided labor or materials for improvements to your property and may not have been paid for these items. You are receiving this notice because it is a required step in filing a mechanics lien foreclosure action against your property. The foreclosure action will seek to pay for unpaid labor, materials, or improvements provided to your property. This may affect your ability to borrow against, refinance, or sell the property until the mechanics lien is release.

BECAUSE THE LIEN AFFECTS YOUR PROPERTY, YOU MAY WISH TO SPEAK WITH YOUR CONTRACTOR IMMEDIATELY, OR CONTACT AN ATTORNEY, OR FOR MORE INFORMATION ON MECHANICS LIENS GO TO THE CONTRACTORS' STATE LICENSE BOARD WEB SITE AT www.cslb.ca.gov.

# PROOF OF SERVICE AFFIDAVIT
## California Civil Code section 8416

Failure to serve the Mechanic's Lien and Notice of Mechanic's Lien on the owner, or alternatively if the owner cannot be served on the lender or direct contractor, shall cause the Mechanic's Lien to be unenforceable as a matter of law (Civil Code Section 8024(d)). Service of the Mechanic's Lien and Notice of Mechanic's Lien must be by (1) registered mail, (2) certified mail, or (3) first-class mail evidenced by a certificate of mailing, postage prepaid, and to a residence or business address for the owner, lender or contractor. Further, a Proof of Service Affidavit (below) must be completed and signed by the person serving the Mechanic's Lien and Notice of Mechanic's Lien. This page should be completed (either one of the sections below) and recorded with the County Recorder along with the Mechanic's Lien and Notice of Mechanic's Lien.

## PROOF OF SERVICE AFFIDAVIT (ON OWNER)
### California Civil Code section 8416(a)(7) and (c)(1)

I, _Jeanett Frein-Kim_ (name), declare that I served a copy of this Mechanic's Lien and Notice of Mechanic's Lien by registered mail, certified mail, or first-class mail evidenced by a certificate of mailing, postage prepaid, addressed as follows to the owner(s) or reputed owner(s) of the property:

Company/Person Served: PG&E Corporation

Title or capacity of person served (if appropriate): _____

Service address: 77 Beale 24th Floor San Francisco, CA 94105

Said service address is the owner's residence, place of business, or address showed by the building permit on file with the permitting authority for the work.

Executed on _February 4_, 20_19_ (date) at _Fremont_ (city), _California_ (county), California.

By: _[signature]_
(Signature of person making service)

## ALTERNATE PROOF OF SERVICE AFFIDAVIT (ON LENDER OR DIRECT CONTRACTOR)
### California Civil Code Section 8416(a)(7) and (c)(2)

I, _____ (name), declare that the owner or reputed owner cannot be served with a copy of this Mechanic's Lien and Notice of Mechanic's Lien by registered mail, certified mail, or first-class mail. Pursuant to California civil Code section 8416(c)(2), I served a copy of this Mechanic's Lien and Notice of Mechanic's Lien by registered mail, certified mail, or first-class mail evidenced by a certificate of mailing, postage prepaid, addressed as follows to the construction lender or direct contractor as follows:

Company/Person Served: _____

Title or capacity of person served (if appropriate): _____

Service address: _____

Executed on _____, 20____ (date) at _____ (city), _____ (county), California.

By: _____
(Signature of person making service)