Robert A. Julian
Cecily A. Dumas
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone:    628.208.6434
Facsimile:    310.820.8859
Email:   rjulian@bakerlaw.com
Email:   cdumas@bakerlaw.com

Eric E. Sagerman
Lauren T. Attard
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025
Telephone:    310.820.8800
Facsimile:    310.820.8859
Email:   esagerman@bakerlaw.com
Email:   lattard@bakerlaw.com

*Proposed Counsel for Official Committee of Tort Claimants*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>       -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                              **Debtors.**<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**DECLARATION OF CATHERINE E. WOLTERING IN SUPPPORT OF EX PARTE APPLICATION FOR ORDER EXTENDING TIME FOR HEARING ON MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a), 363, AND 503(c) FOR ENTRY OF AN ORDER (I) APPROVING SHORT-TERM INCENTIVE PLAN AND (II) GRANTING RELATED RELIEF (ECF NO. 782)** |

CATHERINE E. WOLTERING declares as follows under penalty of perjury:

1. I am a partner at Baker & Hostetler, LLP ("**Baker Hostetler**"), proposed counsel to the Official Committee of Tort Claimants (hereafter, the "**TCC**") in the above captioned chapter 11 cases of PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**" or "**PG&E**"). I have personal knowledge of the facts stated herein except as to matters where I indicate otherwise, and as to those matters, I believe them to be true. If called upon to testify, I could and would competently do so. I make this declaration in support of the TCC's *Ex Parte* Application (the "**Application**") for an Order Extending the Time for Hearing on Motion Pursuant to 11 U.S.C. §§ 105(a), 363, and 503(c) for Entry of an Order (I) Approving Short-Term Incentive Plan and (II) Granting Related Relief (the "**Motion**") (ECF No. 782), which was set for a hearing before this Court at 9:30 a.m. on March 27, 2019 (the "**Hearing**"). The Application is filed concurrently herewith.

2. On March 6, 2019, the Debtors filed a notice of hearing (the "**Notice**") (ECF No. 785) noticing their Motion for a hearing before the Court at 9:30 a.m. on March 27, 2019 (the "**Hearing**"). On March 12, 2019, the TCC filed its Initial Objection to the Debtors' Motion Pursuant to 11 U.S.C. §§ 105(A), 363, and 503(C) for Entry of an Order (I) Approving Short-Term Incentive Plan and (II) Granting Related Relief ("**Initial Objection**") (ECF No. 847). That same day, the TCC served notice on the Debtors that it sought to depose the two individuals submitting declarations in support of PG&E's Motion (the "**Declarations**"), Dinyar Mistry and Donald J. Frisk (collectively, the "**Declarants**") on Monday March 18, 2019.

3. On March 13, 2019, proposed counsel for the TCC began discussions with proposed counsel for the Debtors regarding the availability of the Declarants for deposition. Proposed counsel for the Debtors indicated they could not produce the Declarants for deposition on Monday, March 18, 2019, but could produce Dinyar Mistry on Tuesday March 19, 2019 at 12:00 p.m. (Pacific Time) and Douglas J. Friske on Thursday March 21, 2019 at 12:00 p.m. (Pacific Time), with each deposition beginning at 12:00 p.m. (Pacific Time). Because TCC's Opposition Memorandum is currently due by March 20, 2019 at 4:00 p.m. (Pacific Time), my co-counsel at

1 Baker Hostetler and I requested that Debtors consent to an extension of the briefing schedule and an adjournment of the Hearing in order to allow proposed counsel for the TCC sufficient time to obtain discovery on crucial information about PG&E's proposed payment under the 2019 STIP decision and sufficient time to subsequently incorporate such information into the TCC's Opposition Memorandum.

4. On March 14, 2019, I formally submitted the TCC's request for an extension to Debtor's counsel in the form of a draft stipulation (i) extending the time for the TCC to file its opposition to the Motion by eight (8) days to 4:00 p.m. (Pacific Time) on March 28, 2019; (ii) extending the Debtor's time to file a reply in support of the Motion, if any, to 4:00 p.m. (Pacific Time) on April 4, 2019; and (iii) adjourning the Hearing currently set for March 27, 2019 at 9:30 a.m. (Pacific Time) by fourteen (14) days to April 10, 2019 at 9:30 a.m. (Pacific Time). In response, and also on March 14, 2019, proposed counsel for the Debtors agreed to produce the Declarants for deposition, however, counsel indicated the Debtors were unwilling to extend TCC's time to file its Opposition Memorandum beyond 5:00 p.m. (Pacific Time) on March 22, 2019—a mere twenty-four (24) hours after the final deposition concludes.

5. Debtors' proposal is not acceptable for many reasons, including my own pre-existing scheduling conflicts. Beyond this, twenty-four (24) hours following the last deposition of the Declarants is simply not sufficient time for the TCC to draft and file a meaningful and reasoned opposition to the Motion. The information from the noticed depositions is critical to determining whether the Debtors should be granted permission to pay hundreds of millions of dollars in bonus payments under the 2019 STIP, which would deplete the estate and reduce the assets available to the 2017 and 2018 wildfire victims represented by the TCC.

6. Moreover, the Debtors have provided no indication as to the reasons for their urgency in not agreeing to extend the briefing schedule for the Motion or adjourn the Hearing. Nothing in their papers have indicated why the Hearing cannot wait two weeks in order for the parties to obtain information from the Debtors' own Declarants. And nothing in my discussions with proposed counsel for the Debtors has provided any substantive reason for not agreeing to the proposed extension I requested from them, and now seek from this Court.

7. I do not believe that the relief requested herein will prejudice the Debtors or interested parties, nor do I believe the extension I sought on behalf of the TCC is extraordinary or unreasonable in light of the circumstances.

8. The TCC therefore respectfully requests that the Court enter an order extending the time for the TCC to file its opposition to the Motion to 4:00 p.m. (Pacific Time) on March 28, 2019; extending the time for Debtors to file a reply in support of the Motion to 4:00 p.m. (Pacific Time) on April 4, 2019; and adjourning the Hearing on the Motion to April 10, 2019 at 9:30 a.m. (Pacific Time).

9. Prior to filing the Application, I, as well as my colleague, Robert Julian, contacted proposed counsel for the Debtors to inquire whether Debtors would consent to the relief sought therein. As of the date hereof, proposed counsel for the Debtors has refused to consent to such relief.

10. There have been no previous time modifications related to the Debtors' Motion.

I declare under penalty of perjury that the forgoing is true and correct.

Executed this 15th day of March, 2019,
at Columbus, Ohio,

*/s/ Catherine Woltering*
CATHERINE E. WOLTERING