Robert A. Julian (SBN 99469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone:   628.208.6434
Facsimile:    310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone:   310.442.8875
Facsimile:    310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Proposed Counsel for Official Committee of Tort Claimants*

# IN THE UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>PG&E CORPORATION<br><br>– and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case<br>Case No.: 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002, FOR AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF BAKER & HOSTETLER LLP, EFFECTIVE AS OF FEBRUARY 15, 2019**<br><br>Date:     Tuesday, April 9, 2019<br>Time:    9:30 a.m. (Pacific Time)<br>Place:   United States Bankruptcy Court<br>           Courtroom 17, 16th Floor<br>           San Francisco, CA 94102<br><br>**Objection Deadline**: April 1, 2019<br>                         4 p.m. (Pacific Time) |

The Official Committee of Tort Claimants (the **"Committee"**) of PG&E Corporation and Pacific Gas and Electric Company (collectively the **"Debtors"**) submits this retention application (the "**Application**") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to retain and employ Baker & Hostetler LLP ("**Baker**" or "**Firm**") as counsel for the Committee, effective as of February 15, 2019, pursuant to section 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 - 1532 (as amended, the "**Bankruptcy Code**"), and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). In support of the Application, the Committee respectfully represents as follows:

## Background

1. On January 29, 2019 (the **"Petition Date"**), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "**Cases**") in the United States Bankruptcy Court for the Northern District of California (the "**Court**"). On January 31, 2019, the Court entered an order consolidating the Cases for joint administration [Doc. No. 207].

2. The Debtors continue to manage their assets and operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in the Cases.

3. On February 15, 2019, the Office of the United States Trustee ("**U.S. Trustee**") filed an Appointment of the Official Committee of Tort Claimants [Doc. No. 453]. Following the resignation of Richard Heffern from the original committee and the addition of Tommy Wehe, on February 21, 2019, the U.S. Trustee filed the Amended Appointment of the Official Committee of Tort Claimants [Doc. No. 530]. The members of the Committee are: (i) GER Hospitality, LLC, in its capacity as an individual claimant; (ii) Kirk Trostle; (iii) Tommy Wehe; (iv) Angelo Loo; (v) Karen K. Gowins; (vi) Agajanian, Inc.; (vii) Susan Slocum; (viii) Samuel Maxwell; (ix) Karen M. Lockhart; (x) Wagner Family Wines-Caymus Vineyards; and (xi) Gregory Wilson.

4. The Committee conducted a meeting on February 15, 2019, at which all members were present, and appointed Karen M. Lockhart as Chairperson. During this meeting, the Committee conducted interviews of prospective counsel and duly selected Baker as counsel to represent it during the pendency of the Cases.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges* of the United States District Court of the Northern District of California, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Retention of Baker

**A.  Services to be provided by Baker**

6. The Committee respectfully submits that it will be necessary to employ and retain Baker pursuant to section 1103 of the Bankruptcy Code to render the following services, among others, as directed by the Committee:

(a) participate in in-person and telephonic meetings of the Committee and any subcommittees formed thereby, and otherwise advise the Committee with respect to its rights, powers and duties in these Cases;

(b) assist and advise the Committee in its consultations, meetings and negotiations with the Debtors and all other parties in interest regarding the administration of these Cases;

(c) assist the Committee in analyzing the claims asserted against and interests asserted in the Debtors, and in negotiating with the holders of such claims and interests and bringing, or participating in, objections or estimation proceedings with respect to such claims or interests;

(d) assist with the Committee's review of the Debtors' schedules of assets and liabilities, statement of financial affairs and other financial reports prepared by the Debtors, and the Committee's investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors and of the historic and ongoing operation of their businesses;

(e) assist the Committee in its analysis of, and negotiations with, the Debtors or any third party related to, among other things, financings, asset disposition transactions, compromises of controversies, assumption or rejection of executory contracts and unexpired leases;

(f) assist the Committee in its analysis of, and negotiations with, the Debtors or any third party related to, the negotiation, formulation, confirmation and implementation of a chapter 11 plan or plans for the Debtors, and all documentation related thereto;

(g) assist and advise the Committee with respect to its communications with the general creditor body regarding significant matters in these Cases;

(h) respond to inquiries from individual creditors as to the status of, and developments in, the Cases;

(i) represent the Committee at all hearings and other proceedings before the Court and such other courts or tribunals, as appropriate;

(j) review and analyze all complaints, motions, applications, orders and other pleadings filed with the Court, and advise the Committee with respect to its position thereon and the filing of any response thereto;

(k) assist the Committee in preparing pleadings and applications, and pursuing or participating in adversary proceedings, contested matters and administrative proceedings as may be necessary or appropriate in furtherance of the Committee's interests and objectives; and

(l) perform such other legal services as may be necessary or as may be requested by the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

7. Baker possesses extensive knowledge and expertise in the areas of law relevant to these Cases and Baker is well-qualified to represent the Committee. The Committee sought counsel with experience in representing committees in large chapter 11 cases and other debt-restructuring scenarios. Baker has such experience, having represented many creditors' committees, in significant cases under chapter 11 of the Bankruptcy Code. For example, Baker, or its attorneys have represented (or are representing) official committees in the following chapter 11 cases of national significance, among others: Abengoa Bioenergy Biomass of Kansas, LLC; Akron Thermal Limited Partnership; Alamo National; American Day Behavioral Health Services; Baltimore Energy Services II, LLC; Card Store; Hashfast Techologies, LLC; Hillsborough Holdings Corp.; Iten Chevrolet; J.A. Jones, Inc.; Johns-Manville Corp.; Lanser Partners; LTV Steel; Sedgwick Law Firm; S-Tran Holdings, Inc.; Tristream Energy, LLC; and Workflow Management, Inc.

8. Baker also has substantial experience and familiarity with the Federal Energy Regulatory Commission (FERC), and maintains a practice in this specialty area. It also has an expert on the California Public Utilities Commission (CPUC) available for this matter.

9. Baker or its attorneys have served as counsel in cases involving mass torts, including but not limited to serving as lead global restructuring counsel for AB Volvo, Peugeot, and Opel Vauxhall in the Takata bankruptcy case, serving as counsel to the Official Committee of Tort Plaintiffs of Baltimore Emergency Services II, LLC, serving as counsel to the Asbestos Litigants Committee of Johns-Manville and Hillsborough Holdings, and representing A.H. Robbins in its chapter 11 case concerning Dalkon Shield. Baker serves as counsel to the Trustee for the liquidation proceedings of Bernard L. Madoff Investment Securities, LLC, and the Chapter 7 case of Bernard L. Madoff, the largest financial fraud in history, and has achieved recoveries of over $13 billion for victims, fully satisfying 1,688 claims, with nearly 67% of allowed customer claims recovered to date.

10. Baker also has extensive expertise and experience in matters relating to the production of energy, including matters involving corporate finance, secured and unsecured lending transactions, derivatives transactions, project and structured finance, and securitizations, as well as the structuring and negotiation of commercial contracts (such as production agreements, operating agreements, pipeline agreements, infrastructure and utilities agreements, construction contracts, maintenance agreements and supply agreements) – all capabilities that may be important in determining and maximizing the assets and fixing the liabilities of the Debtors. Baker possesses significant experience with white collar and securities law practices. All of such expertise and experience will enable the Committee to react more quickly and to function more efficiently and effectively in these Cases.

**B.  Disclosures of Conflicts of Interest**

11. To the best of the Committee's knowledge, information and belief, based on and except as otherwise set forth in the annexed Declaration of Cecily A. Dumas, a partner in Baker's Financial Restructuring Group (the "**Dumas Declaration**"), a copy of which is attached hereto as **Exhibit B**, Baker does not have any connection with or represent any other entity having an adverse interest to the Debtors, their creditors or any other party in interest, or their respective attorneys or accountants. The Dumas Declaration also sets forth, pursuant to Bankruptcy Rule 2014(a), to the best of Ms. Dumas's knowledge, all of Baker's connections with the Debtors,

known creditors, other known parties in interest and their respective attorneys and accountants, any person employed in the San Francisco Office of the United States Trustee for Region 17, and the Bankruptcy Judges in the Northern District of California.

12. The Committee believes that the employment of Baker as counsel on the terms set forth in this Application is appropriate and in the best interests of the tort victim creditor body that the Committee represents. The Committee has reviewed the Dumas Declaration, including the description of Baker's connections with parties in interest and potential parties in interest, and has no objection to any matter set forth therein. The Committee thus seeks an order approving Baker's engagement by the Committee on the terms set forth therein and in this Application.

13. Given Baker's extensive experience as set forth above, the Committee believes that the employment of Baker as set forth herein would be appropriate and in the best interests of the tort claimants whose interests the Committee represents.

**C.     Effective Date of Retention**

14. The Committee requests that Baker's retention be approved effective as of February 15, 2019, the date Baker was selected as Committee counsel and began substantive work on the Committee's behalf. The Committee believes retention effective as of February 15, 2019 is appropriate in view of the nature of these Cases and the Committee's immediate and urgent need for legal services upon its formation and selection of counsel.

**D.     Compensation of Baker**

15. Baker intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines promulgated by the Office of the United States Trustee, and pursuant to the order entered by this Court on February 28, 2019 establishing the procedures for interim compensation and reimbursement of expenses of professionals [Doc. No. 701] and any additional procedures that may be established by the Court in these Cases.

16. Subject to the Court's approval, Baker will be compensated at its standard hourly rates, which are based on the professionals' level of experience, plus reimbursement of the actual and necessary expenses that Baker incurs in accordance with the ordinary and customary rates

which are in effect on the date the services are rendered. At present, the standard hourly rates for Baker's attorneys range from $335 to $1195. These rates are subject to annual firm-wide adjustments in the ordinary course of Baker's business, notice of which adjustments shall be provided to the Debtors and the United States Trustee. Baker will maintain detailed, contemporaneous records of time and any necessary costs and expenses incurred in connection with the rendering of the legal services described above and will be reimbursed for such costs and expenses in conformity with the Guidelines promulgated by the United States Trustee as in effect in this District.

### Relief Requested

17. By this Application, the Committee respectfully requests entry of the Order authorizing the employment and retention of Baker as counsel for the Committee, effective as of February 15, 2019, pursuant to section 1103(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 5002.

### Basis for Relief

18. The Committee respectfully requests that the Court authorize the retention of Baker as its attorneys pursuant to section 1103(a) of the Bankruptcy Code, which provides that a committee appointed under section 1102 of the Bankruptcy Code:

> [M]ay select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).

19. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

20. The Committee submits that for all the reasons stated above and based upon the Dumas Declaration as well as the declaration submitted by Karen M. Lockhart, Chair of the Official Committee of Tort Claimants, attached hereto as **Exhibit C** and incorporated herein, the retention of Baker as counsel to the Committee is merited. Further, as stated in the Dumas Declaration, Baker is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors or their related parties except as may be disclosed in the Dumas Declaration. Accordingly, the retention of Baker as counsel to the Committee should be approved.

### Notice

21. No trustee or examiner has been sought or appointed in these Cases. Notice of this Application has been given to counsel to the Debtors, the U.S. Trustee and all other parties that have requested receipt of notices in these Cases. In light of the relief requested, the Committee submits that no other or further notice need be provided. Baker sent a draft of this Application to the U.S. Trustee in advance of the filing.

### No Prior Request

22. No previous request for the relief sought herein has been made to this or any other court.

### Reservation of Rights

23. The Committee respectfully reserves the right to file a brief and memorandum of law in response to any objection to this Application.

WHEREFORE, the Committee respectfully requests that this Court enter an order, in the form attached hereto as **Exhibit A**, (a) authorizing the Committee to retain Baker effective as of February 15, 2019; and (b) granting such other and further relief as is just and proper.

Dated: March 17, 2019

OFFICIAL COMMITTEE OF TORT CLAIMANTS OF PG&E CORPORATION AND PACIFIC GAS AND ELECTRIC COMPANY

By: /s/ Karen Lockhart
Name: Karen M. Lockhart
Title: Chair of the Official Committee of Tort Claimants

4848-3711-8604.2