# EXHIBIT A

**Proposed Order**

Robert A. Julian (SBN 99469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone:     628.208.6434
Facsimile:      310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone:     310.442.8875
Facsimile:      310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Proposed Counsel for Official Committee of Tort Claimants*

**IN THE UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** <br> **PG&E CORPORATION** <br> – and – <br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br> **Debtors.** <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ■ Affects both Debtors <br><br> * *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case <br> Case No.: 19-30088 (DM) <br><br> Chapter 11 <br> (Lead Case) <br> (Jointly Administered) <br><br> **ORDER APPROVING APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002, FOR AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF BAKER & HOSTETLER LLP, EFFECTIVE AS OF FEBRUARY 15, 2019** |

Upon the application (the "**Application**")[1] dated March 17, 2019, of the Official Committee of Tort Claimants (the "**Committee**") of PG&E Corporation and Pacific Gas and Electric Company (collectively the "**Debtors**") appointed in the above-captioned jointly administered bankruptcy cases (the "**Cases**") for an order authorizing the Committee to retain and employ Baker & Hostetler LLP ("**Baker**") as counsel for the Committee effective as of February 15, 2019, pursuant to section 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"), and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Court having reviewed the Application and considered both the Declaration of Cecily A. Dumas, dated March 17, 2019 (the "**Dumas Declaration**") and the Declaration of Karen Lockhart, dated March 17, 2019 (the "**Lockhart Declaration**"), in connection with the Application; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Application and the Dumas Declaration establish just cause for the relief granted herein, that Baker represents no interest adverse to the Debtors' estates or to any class of creditors or equity security holders in the matters upon which Baker is to be engaged, Baker is disinterested within the meaning of 11 U.S.C. § 101(14) and Baker's employment is necessary and is in the best interest of the Debtors' estates, creditors, and other parties in interest, and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED:**

1. The Application is approved, effective as of February 15, 2019.

2. Pursuant to section 1103(a) of the Bankruptcy Code, and Bankruptcy Rules 2014 and 5002, the Committee is authorized to employ and retain Baker as counsel for the Committee, effective as of February 15, 2019, on the terms set forth in the Application, the Dumas Declaration,

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

1 and the Lockhart Declaration, as provided herein.

3. Baker shall be compensated for fees and reimbursed for reasonable and necessary expenses and shall file interim and final fee applications for allowance of its compensation and expenses pursuant to sections 330 and 331 of the Bankruptcy Code and in accordance with Bankruptcy Rules 2016(a), 2002(a), (c), and (k), B.L.R. 9014-1(b)(1), and the order entered by this Court on February 28, 2019 establishing the procedures for interim compensation and reimbursement of expenses of professionals [Doc. No. 701] and any other order of the Court.

4. In connection with any increases in Baker's rates, as set forth in paragraph 16 of the Application, Baker shall file a supplemental declaration with this Court and provide ten [10] business days' notice to the United States Trustee and the Debtors prior to filing a fee statement or fee application reflecting an increase in such rates. The supplemental declaration shall set forth the requested rate increases, explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and certify that the Committee has consented to the requested rate increases. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

5. The terms and conditions of this order shall be immediately effective and enforceable upon its entry. The terms of this order may be modified only upon proper notice, and only after an actual hearing, regardless of whether there is any opposition.

6. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

7. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

**END OF ORDER**

- 3 -
Case: 19-30088   Doc# 934-1   Filed: 03/17/19   Entered: 03/17/19 23:55:02   Page 4 of 4