Robert A. Julian (SBN 99469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone:   628.208.6434
Facsimile:    310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone:   310.442.8875
Facsimile:    310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Proposed Counsel for Official Committee of Tort Claimants*

# IN THE UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>– and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case<br>Case No.: 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**DECLARATION OF KAREN M. LOCKHART IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002, FOR AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF BAKER & HOSTETLER LLP, EFFECTIVE AS OF FEBRUARY 15, 2019**<br><br>Date:      Tuesday, April 9, 2019<br>Time:     9:30 a.m. (Pacific Time)<br>Place:    United States Bankruptcy Court<br>            Courtroom 17, 16th Floor<br>            San Francisco, CA  94102 |

KAREN M. LOCKHART, under penalty of perjury, declares:

1. I am the chair of the Official Committee of Tort Claimants (the "**Committee**") of PG&E Corporation and Pacific Gas and Electric Company (collectively the **"Debtors"**) in these chapter 11 cases (the "**Cases**").

2. I am authorized to make this Declaration pursuant to section 1103(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"), and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), in support of the Committee's application, dated March 17, 2019 (the "**Application**") seeking authorization to employ and retain the law firm of Baker & Hostetler LLP ("**Baker**" or the "**Firm**"), as counsel to the Committee, effective as of February 15, 2019.

3. I submit this declaration in support of the Application, pursuant to the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "**Revised UST Guidelines**"), which were adopted by the Executive Office for United States Trustees under 28 U.S.C. § 586(a)(3). Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents and information supplied to me by Baker.

4. I am informed by counsel that ¶ D.2. of the Revised UST Guidelines requests that any application for employment of an attorney under 11 U.S.C. §§ 327 or 1103 be accompanied by a verified statement from the client that addresses the following:

> (i) The identity and position of the person making the verification. The person ordinarily should be the general counsel of the debtor or another officer responsible for supervising outside counsel and monitoring and controlling legal costs.
>
> (ii) The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.
>
> (iii) The number of firms the client interviewed.
>
> (iv) If the billin rates are not comparable to the applicant's billing rates for other nonbankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.

- 3 -

Case: 19-30088    Doc# 936    Filed: 03/18/19    Entered: 03/18/19 00:19:52    Page 2 of 4

(v) The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. If the procedures for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in nonbankruptcy cases to supervise outside counsel, explain how and why. In addition, describe any efforts to negotiate rates, including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel.

### The Committee's Selection of Counsel

5. Following its formation, the Committee interviewed approximately eight law firms to represent it as lead bankruptcy counsel in the Debtors' Cases. After interviewing each of these firms, the Committee selected Baker to represent the Committee. Baker possesses extensive knowledge and expertise in the areas of law relevant to these Cases and is amply qualified to represent the Committee all as set forth in the Application.

### Rate Structure

6. Baker has informed the Committee that its rates for bankruptcy representations are comparable to the rates Baker charges for non-bankruptcy representations. Further, Baker has informed the Committee that its hourly rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions. Baker has advised me that they will inform the Committee in advance of any such adjustments to their existing rate structure. Further, I have been specifically advised by Baker that, pursuant to ABA Formal Ethics Opinion 11-458, "periodic, incremental increases in a lawyer's regular hourly billing rates are generally permissible if such practice is communicated clearly to and accepted by the client at the commencement of the client-lawyer relationship and any periodic increases are reasonable under the circumstances." I have also been specifically advised by Baker that, pursuant to ABA Formal Ethics Opinion 11-458, "the client need not agree to pay the modified fee to have the lawyer continue the representation." To the extent Baker seeks to make any such adjustment to its rate structure, the Committee expressly reserves the right to reject any such modification to the extent the Committee deems it unreasonable.

### Cost Supervision

7. The Committee recognizes that it is their responsibility to monitor the billing practices of their counsel to ensure the fees and expenses paid by the estate remain consistent with the Committee's expectations and the exigencies of these Cases. The Committee will review the invoices that Baker regularly submits. In addition, Baker's fees and expenses will be subject to review, comment and objection (if warranted), and court approval pursuant to the order entered by this Court on February 28, 2019 establishing the procedures for interim compensation and reimbursement of expenses of professionals [Doc. No. 701] (the "**Interim Compensation Procedures**"), which implement certain procedures for the interim allowance and payment of fees and expenses during the course of the Debtors' Cases. Based on the Interim Compensation Procedures, Baker's fees and expenses will be subject to the periodic review on a monthly, interim, and final basis during the course of the Cases by the U.S. Trustee and the Debtors, as well as the Committee.

8. The Committee is working with Baker to develop a staffing plan, which the Committee intends to review on an ongoing basis, as necessary.

*Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.*

Executed on March 17, 2019

OFFICIAL COMMITTEE OF TORT CLAIMANTS OF PG&E CORPORATION AND PACIFIC GAS AND ELECTRIC COMPANY

By: /s/ Karen Lockhart
Name: Karen M. Lockhart
Title: Chair of the Official Committee of Tort Claimants