EDWARD J. TREDINNICK (#84033)
GREENE RADOVSKY MALONEY
 SHARE & HENNIGH LLP
Four Embarcadero Center, Suite 4000
San Francisco, California 94111-4106
Telephone: (415) 981-1400
Facsimile: (415) 777-4961
E-mail: etredinnick@greeneradovsky.com

Attorneys for Creditor,
City and County of San Francisco

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>Debtors,<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Case No.: 19-30088-DM<br><br>Chapter 11<br><br>**JOINDER OF THE CITY AND COUNTY OF SAN FRANCISCO TO INITIAL OBJECTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS TO MOTION OF DEBTORS PURSUANT TO 11 USC §§105(a), 363 AND 503(c) FOR ENTRY OF AN ORDER (1) APPROVING SHORT-TERM INCENTIVE PLAN AND (II) GRANTING RELATED RELIEF.**<br><br>DATE: April 9, 2019 (continued date)<br>TIME: 9:30 am<br>PLACE: Courtroom 17<br>450 Golden Gate Avenue, 16th Fl.<br>San Francisco, California<br>JUDGE: Hon. Dennis Montali<br><br>RELATED DOCKET NOS: 782, 806 & 847 |

///

1    Case No. 19-30088-DM

GREENE RADOVSKY
MALONEY SHARE &
HENNIGH LLP
FOUR EMBARCADERO
CTR, SUITE 4000
SAN FRANCISCO, CA
94111

545522.1

Case: 19-30088    Doc# 968    Filed: 03/20/19    Entered: 03/20/19 12:05:10    Page 1 of 3

The City and County of San Francisco (**"San Francisco"**) in the above-captioned chapter 11 cases of Pacific Gas and Electric Company (the **"Utility"**) and PG&E Corporation (**"PG&E"** and, together with the Utility, the **"Debtors"**), hereby joins, as further described herein, in the Initial Objection of the Official Committee of Tort Claimants (the **"Tort Committee Initial Objection"**) [Docket No. 847] to Motion of Debtors Pursuant to 11 U.S.C. §§ 105(A), 363, and 503 (C) for Entry of Order (I) Approving Short-Term Incentive Plan and (II) Granting Related Relief [Dkt. No. 782 and No. 806] (the **"Motion"**).

While San Francisco generally concurs with the Tort Committee; as described below, it is particularly concerned regarding the specific matter described in paragraph 6 of the Tort Committee Initial Objection. San Francisco understands that the Tort Committee will undertake discovery regarding the Motion and additional objections will be filed by the Tort Committee at a later date. San Francisco files this joinder to preserve its rights to object to the Motion on the specific grounds set forth herein and to reserve its right to present further objections based on the results of the discovery to be undertaken by the Tort Committee.

In support hereof, San Francisco respectfully represents as follows:

## JOINDER

San Francisco's interest in the Motion is both as a creditor and on behalf of the Utility's ratepayers in San Francisco.

San Francisco joins the Tort Committee Initial Objection in the issue identified in paragraph 6 regarding the additional information required to determine whether bonuses are appropriate, and to whom they should be paid. San Francisco agrees that more and adequate information is required before the court considers acting on the Motion. Further, any incentive program should be designed to enhance safety and reliability and preserve funds for creditors, not reward management employees who bear responsibility for the Debtors' financial condition.

More specifically, San Francisco maintains that the 2019 Short-Term Incentive Program (**"STIP"**) should be limited to employees directly responsible for establishing and implementing demonstrable safety measures or improvements and employees performing work necessary to ensure the reliability of the Utility.

Related to this point, management employees should not be eligible for the STIP. The Motion states that "insiders" will not be eligible for the STIP. (Motion, pg. 12) However, the Motion's definition of the term "insider" indicates that only the most senior level employees will be excluded from the STIP. San Francisco maintains that management employees, including, but not limited to "insiders", as defined in the Motion, should be excluded from the STIP and that these higher paid employees should not be rewarded financially for the Debtors' bankruptcy filing.

To help the Court, the committees and interested parties distinguish management employees from those employees directly responsible for instituting and implementing measures that contribute to public safety and electric grid reliability, the Debtor should provide information including, but not limited to: (i) anticipated payments under the STIP for eligible employees by title, department, salary and function; and (ii) how objective safety and reliability metrics correlate to STIP eligible employees' positions.

San Francisco expressly reserves all rights to join in any further opposition of the Tort Committee to the Motion.

## **CONCLUSION**

For the reasons stated herein, San Francisco joins in the Tort Committee Objection and requests that the Court require Debtors to provide the specific information on the STIP as set forth in this Joinder and such further requirements as the Court deems appropriate.

Respectfully submitted,

Dated: March 20, 2019

GREENE RADOVSKY MALONEY
SHARE & HENNIGH LLP

By: \_\_\_\_\_/s/ Edward Tredinnick_____
Edward J. Tredinnick
Attorneys for Creditor,
City and County of San Francisco

GREENE RADOVSKY
MALONEY SHARE &
HENNIGH LLP
FOUR EMBARCADERO
CTR, SUITE 4000
SAN FRANCISCO, CA
94111

3

Case No. 19-30088-DM

545522.1

Case: 19-30088    Doc# 968    Filed: 03/20/19    Entered: 03/20/19 12:05:10    Page 3 of 3