HOGAN LOVELLS US LLP
Erin N. Brady (CA 215038)
erin.brady@hoganlovells.com
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601

– and –

M. Hampton Foushee (*pro hac vice*)
hampton.foushee@hoganlovells.com
875 Third Avenue
New York, New York 10022
Tel: (212) 918-3000
Fax: (212) 918-3100

*Counsel for Party in Interest
esVolta, LP.*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>**- and -**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>    **Debtors.** | Bankruptcy Case<br>No. 19 – 30888 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**ESVOLTA, LP'S MOTION UNDER 11 U.S.C. §§ 105(a) AND 107(b) AND FRBP 9018 FOR ENTRY OF AN ORDER AUTHORIZING THE FILING OF CERTAIN CONTRACTS AND RELATED FILINGS UNDER SEAL** |
| ☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>**\*All papers shall be filed in the Lead Case, No. 19-30088 (DM)** | Hearing Date: **April 10, 2019**<br>Time: **9:30 a.m.**<br>Courtroom: Hon. Dennis Montali<br>450 Golden Gate Avenue<br>16th Floor, Courtroom 17<br>San Francisco, CA 94102<br><br>Objections Due: **April 3, 2019, 4:00 p.m.** |

esVolta, LP ("esVolta") hereby moves (this "Motion"), pursuant to Sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 1001-2(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "Bankruptcy Local Rules"), and the *New District Wide Procedures for Electronically Filing Sealed and Redacted Documents* adopted by the United States Bankruptcy Court for the Northern District of California (the "Local Procedures"), for entry of an order (i) authorizing esVolta to file under seal the PPA (*as defined below*) related to esVolta's *Motion for Entry of an Order Confirming Safe Harbor Protection Under 11 U.S.C. §§ 362(b)(6) and 556* (the "Safe Harbor Motion"),[1] filed contemporaneously herewith, as well as certain portions of the Safe Harbor Motion and the Mann Declaration (the "Motion Papers") that refer to confidential details contained in the PPA, and (ii) directing that the PPA and unredacted copies of the Motion Papers will remain under seal and confidential and not be made available to anyone without the consent of esVolta and the other parties to the PPA or further order from the Court.

A proposed form of order is attached hereto as Exhibit A, in accordance with the Local Procedures (the "Proposed Order").

The Motion is based on this Memorandum of Points and Authorities, the concurrently filed Safe Harbor Motion, the concurrently filed Mann Declaration, the complete files and records of the referenced matters, the arguments of counsel, and such other and further matters as this Court may consider at or before any hearing on this Motion. esVolta notes that this motion is substantially similar to *Enel Green Power North America's Motion Under 11 U.S.C. §§105(a) and 107(b) and FRBP 9018 for Entry Of An Order Authorizing The Filing Of Certain Contracts and Related Filings Under Seal* [Dkt. No. 483] (the "Enel Motion"), which motion concerns a substantially similar energy storage resource adequacy agreement procured by PG&E under an earlier resource adequacy procurement and seeks the same relief from the Court sought herein.

---

[1] Capitalized terms used but not defined in this Motion shall have the meaning used in the Safe Harbor Motion.

- 2 -

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
SAN FRANCISCO, NEW YORK
\\BA - 049926/000001 - 798357 v9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

Hummingbird Energy Storage, LLC ("Hummingbird"), a wholly-owned subsidiary of esVolta, LP ("esVolta"), is party to an Energy Storage Resource Adequacy Agreement (the "PPA") with Pacific Gas and Electric Company ("PG&E," and together with PG&E Corporation, the "Debtors"). esVolta has filed a *Motion for Entry of an Order Confirming Safe Harbor Protection Under 11 U.S.C. §§ 362(b)(6) and 556* (the "Safe Harbor Motion") seeking an order determining that Hummingbird's exercise of its contractual rights under the PPA is protected by the safe harbor provision of Sections 362(b)(6) and 556 of the Bankruptcy Code, as well as a declaration in support thereof (the "Mann Declaration," and together with the Safe Harbor Motion, the "Motion Papers"). Both esVolta and PG&E have agreed to stringent confidentiality clauses in the PPA, and esVolta respectfully requests that the Court allow esVolta to submit the PPA, as well as unredacted versions of the Motion Papers that reference confidential details in the PPA, under seal so that the matter of safe harbor protection can be adequately adjudicated without violating the confidence of PG&E and esVolta regarding the terms of their agreement.

## II. JURISDICTION

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The bases for the relief requested in the Motion are §§ 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.

## III. FACTS

Hummingbird is party to the PPA with PG&E dated June 1, 2018, with a delivery term of fifteen years. The PPA encompasses two phases: (i) the development of a lithium ion battery energy storage facility in the Coyote Valley area of San Jose, California (the "Facility,") and (ii) providing resource adequacy capacity to PG&E from the Facility, to enable PG&E, *inter alia*, to

meet its resource adequacy and renewable energy requirements prescribed by the California Public Utilities Commission ("CPUC").

Additional information regarding Hummingbird's business and commercial agreements with PG&E is set forth in the Safe Harbor Motion and the Mann Declaration.

The PPA contains a provision stating that throughout the term of the agreement, "neither party shall disclose the non-public terms or conditions of this Agreement or the Parties' bidding or negotiation process ... to a third-party."[2]

When PG&E filed the application for approval of the PPA with the CPUC (Advice Letter 5322-E), PG&E claimed the PPA was confidential in its entirety, and the PPA was filed under seal.

As the PPA contains sensitive and confidential commercial information, esVolta respectfully requests that the Court permit esVolta to file the PPA under seal, and the Motion Papers in redacted form, to ensure that the PPA is not publicly disclosed in violation of their confidentiality provisions.

## IV. BASIS FOR RELIEF REQUESTED

Under Section 105(a) of the Bankruptcy Code, the Court is allowed to "issue any order ... that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) provides that, "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may ... [p]rotect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b).

An entity seeking protection under Section 107(b) need only show that the information it seeks to seal is "confidential" and "commercial" in nature. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). Commercial information has been defined as information that would produce "an unfair advantage to competitors by providing them with information as to the commercial operations" of the entity seeking protection. *In re Itel Corp.*,

---

[2] *See* Energy Storage Resource Adequacy Agreement between Pacific Gas and Electric Company (as Buyer) and Hummingbird Energy Storage, LLC (as Seller), executed June 1, 2018, Article 19.1 Confidential Information.

- 4 -

17 B.R. 942, 944 (9th Cir. B.A.P. 1982). Commercial information does not need to be a trade secret to fall under Section 107(b)'s protection. *See Orion Pictures Corp.*, 21 F.3d at 28 (finding that § 107(b) was carefully drafted to avoid merging "trade secrets" with "confidential commercial information").

Under the Bankruptcy Rules, the Court is similarly authorized to "make any order which justice requires ... to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. Similarly, the Local Procedures require that a request to file under seal be narrowly tailored to sealable materials. *New District Wide Procedures for Electronically Filing Sealed and Redacted Documents*.

Because the PPA contains confidential commercial information within the scope of Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Court should grant esVolta's request.

The PPA is the product of extensive good faith negotiations between PG&E and Hummingbird, following a competitive bidding process, and public disclosure of the PPA would cause substantial harm to both parties and create an unfair advantage for potential competitors seeking to enter into similar agreements. The PPA contains highly sensitive commercial information and is subject to robust confidentiality provisions negotiated and agreed between PG&E and Hummingbird. Disclosure of this information would put the parties at a competitive disadvantage by constraining their ability to negotiate capacity storage agreements in future transactions. Further, compelling public disclosure of the PPA or its terms in the Motion Papers could have a chilling effect that discourages other potential transaction counterparties from entering into similar agreements with the parties in the future.

## V. NOTICE

Notice of the Motion to File Under Seal will be provided to (i) the Debtors and counsel to the Debtors; (ii) counsel to the Office of the United States Trustee for Region 17; (iii) counsel to the administrative agent under the Debtors' debtor-in-possession financing facility; (iv) counsel to the collateral agent under the Debtors' debtor-in-possession financing facility; (v)

counsel to the CPUC; (vi) the U.S. Nuclear Regulatory Commission; (vii) the U.S. Department of Justice, as counsel for the United States on behalf of the Federal Energy Regulatory Commission; (viii) counsel for the Official Committee of Unsecured Creditors, Milbank, LLP, 55 Hudson Yards, New York, NY 10001-2163, Attn: Dennis F. Dunne and Samuel A. Khalil, and, Milbank, LLP, 2029 Century Park East, 33rd Floor, Los Angeles, CA 90067, Attn: Paul S. Aronzon, Gregory A. Bray, Thomas R. Kreller; (ix) proposed counsel for Official Committee of Tort Claimants, Baker & Hostetler, LLP, 11601 Wilshire Blvd., Suite 1400, Los Angeles, CA 90025-0509, Attn: Eric. E. Sagerman and Lauren T. Attard, and Baker & Hostetler, LLP, 1160 Battery Street, Suite 100, San Francisco, CA 94111, Attn: Robert A. Julian, Cecily A. Dumas; and (x) those parties who have requested notice pursuant to Fed. R. Bankr. P. 2002. esVolta respectfully submits that no further notice is required.

## VI. CONCLUSION

For the reasons stated in this Memorandum of Points and Authorities, esVolta respectfully requests that the Court enter an order (i) granting this Motion; (ii) authorizing esVolta to file the PPA and unredacted versions of the Motion Papers under seal; and (iii) granting such other and further relief as is just and proper.

Dated: March 20, 2019        HOGAN LOVELLS US LLP

By: */s/ Erin N. Brady*
    Erin N. Brady (CA 215038)
    erin.brady@hoganlovells.com
    1999 Avenue of the Stars, Suite 1400
    Los Angeles, California 90067
    Telephone: (310) 785-4600
    Facsimile: (310) 785-4601

    – and –

    M. Hampton Foushee (*pro hac vice*)
    hampton.foushee@hoganlovells.com
    875 Third Avenue
    New York, New York 10022
    Telephone: (212) 918-3000
    Facsimile: (212) 918-3100

**COUNSEL FOR PARTY IN INTEREST ESVOLTA, LP**

# Exhibit A

**Proposed Order**

```
 1  HOGAN LOVELLS US LLP
    Erin N. Brady (CA 215038)
 2  erin.brady@hoganlovells.com
    1999 Avenue of the Stars, Suite 1400
 3  Los Angeles, California 90067
    Telephone: (310) 785-4600
 4  Facsimile: (310) 785-4601

 5  – and –

 6  M. Hampton Foushee (*pro hac vice*)
    hampton.foushee@hoganlovells.com
 7  875 Third Avenue
    New York, New York 10022
 8  Tel: (212) 918-3000
    Fax: (212) 918-3100
 9
    *Counsel for Party in Interest*
10  *esVolta, LP.*
```

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19 – 30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 (Lead Case) |
| - and - | (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **[PROPOSED] ORDER PURSUANT TO 11 U.S.C. §§ 105(a) and 107(b) AND FRBP 9018 FOR ENTRY OF AN ORDER AUTHORIZING ESVOLTA, LP TO FILE CERTAIN CONTRACTS AND RELATED FILINGS UNDER SEAL** |
| Debtors. | |
| ☐    **Affects PG&E Corporation** <br> ☒    **Affects Pacific Gas and Electric Company** <br> ☐    **Affects both Debtors** <br><br> **\*All papers shall be filed in the Lead Case, No. 19-30088 (DM)** | Hearing Date: **April 10, 2019** <br> Time: **9:30 a.m.** <br> Courtroom: Hon. Dennis Montali <br> 450 Golden Gate Avenue <br> 16th Floor, Courtroom 17 <br> San Francisco, CA 94102 <br><br> Objections Due: **April 3, 2019, 4:00 p.m.** |

Upon the Motion, dated March 20, 2019 (the "Motion to File Under Seal"), of esVolta, LP ("esVolta"), pursuant to Sections 105(a) and 107(b) of the Bankruptcy Code[1] and Rule 2018 of the Bankruptcy Rules for authority to file the PPA and unredacted versions of the Motion Papers under seal, all as more fully set forth in the Motion to File Under Seal [Dkt.[●]; and this Court having jurisdiction to consider the Motion to File Under Seal and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.) and Bankruptcy Local Rule 5011-1(a); and consideration of the Motion to File Under Seal and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion to File Under Seal as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion to File Under Seal and the Mann Declaration; and this Court having determined that the legal and factual bases set forth in the Motion to File Under Seal establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion to File Under Seal is in the best interests of esVolta, the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion to File Under Seal is granted as provided herein.

2. esVolta is authorized to file the PPA and unredacted copies of the Motion Papers under seal pursuant to Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.

3. The PPA and the unredacted Motion Papers are confidential, shall remain under seal, and shall not be made available to anyone without the consent of esVolta and the parties thereto, except that copies shall be provided to the Court on a strictly confidential basis.

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion to File Under Seal.

4. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. esVolta is authorized to take all steps necessary or appropriate to carry out this Order.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**\*\*END OF ORDER\*\***

Hogan Lovells US LLP
Attorneys At Law
San Francisco, New York

\\BA - 049926/000001 - 798357 v9