PORTER LAW GROUP, INC.
William L. Porter, Esq. [133968]
7801 Folsom Boulevard, Suite 101
Sacramento, California 95826
Telephone: 916-381-7868
Facsimile: 916-381-7880

Attorneys for
NEW WEST PARTITIONS

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

In re:

PG&E CORPORATION

-and-

PACIFIC GAS & ELECTRIC COMPANY,

Debtors

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
X Affects both Debtors

*All papers shall be filed in the Lead Case, No. 19-30088(DM)*

Case Nos.   19-30088 (DM)

19-.0089 (DM)

Chapter 11

(Jointly Administered)

**NOTICE PURSUANT TO 11 U.S.C. § 546(b)(2) RELATED TO PERFECTION, MAINTENANCE AND ENFORCEMENT OF MECHANICS LIEN CLAIMS**

NEW WEST PARTITIONS ("NWP"), by and through its undersigned counsel, hereby (I) provides notice pursuant to 11 U.S.C. § 546(b)(2) of mechanics liens, corresponding to secured claims, and enforcement rights it holds against property of one or both of PG&E

- 1 -

NOTICE PURSUANT TO 11 U.S.C. § 546(b)(2) RELATED TO PERFECTION, MAINTENANCE AND ENFORCEMENT OF MECHANICS LIEN CLAIMS

CORPORATION and PACIFIC GAS & ELECTRIC COMPANY (collectively "Debtors") and (ii) reserves all related and other rights claims and interests it may have in the subject Chapter 11 cases. In support hereof, NWP states as follows:

### Section 546(b)(2) Notice

1. NWP is a California corporation authorized to do business under the laws of the State of California, and duly licensed by the Contractors' State License Board to operate as a general building contractor, holding a class B license under license number 723392.

2. In accordance with a Subcontract Agreement ("Subcontract") dated August 24, 2018, and entered into between NWP and Roebbelen Contracting, Inc., NWP furnished labor, services, equipment and material in connection with works of improvement to certain real property located at 1030 Detroit Avenue, Concord, CA 94520, also known as the PG&E Concord Building B Service Center Refresh ("Service Center Property"). A true and correct copy of this Subcontract Agreement is attached hereto as *Exhibit 1*. The works of improvement were performed under contract and/or at the special request and instance of one or more of the Debtors and with their actual or constructive knowledge. One or more of the Debtors holds or claims an ownership interest in the Service Center Property.

3. On or about October 30, 2018, pursuant to California Civil Code §§§8034(a), 8102, 8106-8118, 8200 et seq., NWP served a California Preliminary Notice on Debtors. Attached hereto as *Exhibit 2* is a true and correct copy of NWP's California Preliminary Notice with proof of mailing and return receipt.

4. After performance under the Subcontract, and upon nonpayment for labor, materials, services and equipment furnished, and within the time required by California law, NWP recorded a verified claim of mechanics lien in the office of the County Recorder of Contra Cost. At the time of recording the verified claim of mechanics lien, the principal amount remaining due, owing and unpaid for its work on the Service Center Property was $80,704.00, excluding interest, and the cost of verifying and recording the mechanics lien claim. Attached hereto as *Exhibit 3* is a true and correct copy of NWP's mechanics lien, recorded on or about February 28, 2019, with the Contra Costa County Recorder's Office. An official recorded

NOTICE PURSUANT TO 11 U.S.C § 546(b)(2) RELATED TO PERFECTION, MAINTENANCE AND ENFORCEMENT OF MECHANICS LIEN CLAIMS

mechanics lien had not been received by NWP as of the filing of this Notice, however, the official recorded copy will be available once NWP has received it back from the Contra Costa County Recorder's Office.

5. In accordance with various Subcontract Work Orders ("SWOs") and related agreements made between NWP and Turner Construction Company, NWP furnished labor, services, equipment and material in connection with works of improvement to certain real property located at 7205 National Dr., Livermore, CA 94550, also known as the PG&E Livermore Training Center ("Training Center Property"). Attached hereto as ***Exhibit 4*** is a true and correct copy of the SWOs and related agreements and documents. The works of improvement were performed under contract and/or at the special request and instance of one or more of the Debtors and with their actual or constructive knowledge. One or more of the Debtors hold or claim an ownership interest in the Training Center Property.

6. On or about May 23, 2018, pursuant to California Civil Code §§ 8034(a), 8102, 8106-8118, 8200 et seq., NWP served a California Preliminary Notice on Debtors. Attached hereto as ***Exhibit 5*** is a true and correct copy of NWP's California Preliminary Notice with proof of mailing and return receipt.

7. After performance under the Agreements, and upon nonpayment for labor, materials, services and equipment furnished, and within the time required by California law, NWP recorded a verified claim of mechanics lien in the office of the County Recorder of Alameda. At the time of recording the verified claim of mechanics liens, the principal amount remaining due, owing and unpaid for its work on the Training Center Property was $366,599.39, excluding interest, and the cost of verifying and recording the mechanics lien claim. Attached hereto as ***Exhibit 6*** is a true and correct copy of NWP's mechanics lien, recorded on or about February 28, 2019, with the Alameda County Recorder's Office.

8. In total, and prior to the January 29, 2019 petition date ("Petition Date"), the aggregate amount owed to NWP for the labor, services, equipment and material furnished in connection with the works of improvement described above was at least $447,303.39, exclusive of accruing interest and other charges, with additional amounts owing and accruing after the

Case: 19-30088    Doc# 975    Filed: 03/20/19    Entered: 03/20/19 13:26:51    Page 3 of 6

1 | Petition Date (collectively, "Indebtedness"). To the date of filing of this Notice, all of the
2 | Indebtedness remains outstanding and owed to NWP.

3 |       9.     Under California Civil Code § 8460(a), a claimant is ordinarily required to commence an action to enforce a mechanics lien "within 90 days after recordation of the claim of lien." However, at present, NWP is prevented from commencing appropriate actions to enforce its mechanics liens in both Contra Costa and Alameda Counties ("Actions") as a result of the institution of the subject Chapter 11 cases and the application of the automatic stay of 11 U.S.C. § 362(a) ("Automatic Stay").

      10.     Section 546(b)(2) of the Bankruptcy Code provides in pertinent part that when applicable law requires commencement of an action to perfect, or to maintain or continue the perfection of, an interest in property and an action has not been commenced prior to the petition date, then such perfection, or maintenance or continuation of perfection, may be accomplished by a claimant instead "giving notice within the time fixed by such law" for commencement of such action.

      11.     Accordingly, NWP hereby provides notice that (a) it is the holder of the verified and recorded mechanics liens, as described above, and corresponding Secured Claims to the Service Center and Training Center Properties under California law; (b) but for the Automatic Stay it would have timely commenced appropriate Actions pursuant to California law in both Contra Costa and Alameda Counties to enforce such mechanics liens and Secured Claims; and © it intends in all respects to fully perfect, maintain, preserve and continue the perfection of its mechanics liens on the Service Center and Training Center Properties and to enforce and realize upon its corresponding Secured Claims in accordance with the requirements of California State law, 11 U.S.C. §§ 362(a), 362(b)(3) and 546(b)(2), and any other applicable law. Without limiting the generality of the foregoing, this notice constitutes the legal equivalent of having filed mechanics liens in the Recorders Offices of Contra Costa and Alameda Counties for the pertinent works of improvement and respective amounts of Indebtedness, and then having commenced Actions to enforce and foreclose such mechanics liens in the proper courts.

//

### Reservation of Rights

12. In the interests of economy and efficiency, NWP has filed this single Notice in the above-captioned Chapter 11 cases intending and expecting it to apply or pertain separately and individually to (a) the continued perfection of each one of the subject mechanics liens; (b) the Actions that otherwise would have been commenced by NWP in accordance with California State law to maintain, enforce and realize upon its corresponding Secured Claims; © NWP's exercise of any other rights under or satisfaction of any other requirements of 11 U.S.C. § 546(b)(2) in the circumstances.

13. NWP reserves the right to supplement, amend or otherwise alter this Notice from time to time as may be necessary or appropriate to conform to, or to adapt to changes in, facts or law, determinations yet to be made in the subject Chapter 11 cases or in other proceedings, or otherwise to further the purposes of filing this Notice. Without limiting the generality of the foregoing, NWP reserves the right if deemed necessary or appropriate to subdivide this Notice into several notices under Section 546(b)(2) based upon each of the mechanics liens and potential Actions thereon, to include specific or additional pre-petition or post-petition amounts, and to state a total amount of the Indebtedness or any component thereof that would be owed by a Debtor upon the effective date of any plan of reorganization or liquidation, the date of any distribution or payment with respect to NWP's Secured Claims or any other appropriate date(s).

14. NWP reserves the right to request modification of the Automatic Stay, determinations with respect to the validity, priority or extent of its mechanics liens and Secured Claims, and adequate protection of, or any other relief in relation to its mechanics liens and Secured Claims.

15. NWP reserves the right to assert against either of the Debtors any and all claims and interests that are not encompassed by the mechanics liens and Secured Claims, including additional secured claims, administrative-priority claims or other claims that may have arisen before or after the Petition Date. Also, NWP reserves any rights, claims, actions, setoffs, or recoupments to which it is or may be entitled under contract or otherwise in law or equity with respect to either of the Debtors or their respective assets in the subject cases. In addition, NWP

reserves any and all rights, claims, actions, and remedies it has or may have with respect to all entities other than Debtors, and nothing herein shall be considered an election not to pursue remedies against such entities.

Dated: March 19, 2019

**PORTER LAW GROUP, INC.**

By: _/s/ William L. Porter_
William L. Porter, Esq.
Attorneys for NEW WEST PARTITIONS

R:\Production\1\1000-1999 - Porter Law Group\1600-1699\1682 New West Partitions\Pleadings\Notice of Perfection.wpd

- 6 -
NOTICE PURSUANT TO 11 U.S.C § 546(b)(2) RELATED TO PERFECTION, MAINTENANCE AND ENFORCEMENT OF MECHANICS LIEN CLAIMS

Case: 19-30088    Doc# 975    Filed: 03/20/19    Entered: 03/20/19 13:26:51    Page 6 of 6