HOGAN LOVELLS US LLP
Erin N. Brady (CA 215038)
erin.brady@hoganlovells.com
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601

– and –

M. Hampton Foushee (*pro hac vice*)
hampton.foushee@hoganlovells.com
875 Third Avenue
New York, New York 10022
Tel: (212) 918-3000
Fax: (212) 918-3100

Counsel for Party in Interest
esVolta, LP.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors. | Bankruptcy Case<br>No. 19 - 30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**DECLARATION OF RANDOLPH MANN IN SUPPORT OF ESVOLTA, LP'S (I) MOTION FOR ENTRY OF AN ORDER CONFIRMING SAFE HARBOR PROTECTION UNDER 11 U.S.C. §§ 362(b)(6) AND 556; AND (II) MOTION TO FILE UNDER SEAL** |
| ☐ Affects PG&E Corporation<br>× Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>\* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Hearing Date: **April 10, 2019**<br>Time: **9:30 a.m.**<br>Courtroom: Hon. Dennis Montali<br>450 Golden Gate Avenue<br>16th Floor, Courtroom 17<br>San Francisco, CA 94102<br><br>Objections Due: **April 3, 2019, 4:00 p.m.** |

I, Randolph Mann, declare as follows:

1. I am the President of esVolta, LP ("esVolta"). I submit this declaration (the "Declaration") on behalf of esVolta in support of (i) esVolta's Motion for Entry Of An Order Confirming Safe Harbor Protection Under 11 U.S.C. §§ 362(b)(6) and 556 (the "Safe Harbor Motion") and (ii) esVolta's Motion Under 11 U.S.C. §§ 105(a) and 107(b) and FRBP 9018 to File Certain Contracts and Related Filings Under Seal (the "Motion to File Under Seal"). I have personal knowledge of the facts stated in this Declaration. If called as a witness I could, and would, competently testify under oath as set forth below.

2. esVolta is headquartered in Aliso Viejo, California and is a leading developer, owner and operator of utility-scale energy storage projects in North America.

3. Hummingbird Energy Storage, LLC ("Hummingbird"), a wholly-owned subsidiary of esVolta, is party to that certain Energy Storage Resource Adequacy Agreement dated June 1, 2018 (the "PPA"), with Pacific Gas and Electric Company ("PG&E").

**The PPA**

4. The PPA encompasses two phases: (i) the development of a lithium ion battery energy storage facility in the Coyote Valley area of San Jose, California (the "Facility"), and (ii) providing resource adequacy capacity to PG&E from the Facility ((i) and (ii) together, the "Energy Storage Project"). Hummingbird is a special-purpose entity that is wholly controlled by esVolta and created for the purpose of entering into the PPA and other contracts in relation to the Energy Storage Project.

5. The PPA by its terms, unless otherwise terminated, will continue for a period of fifteen years from the initial delivery date, during which time PG&E will purchase resource adequacy capacity from Hummingbird. At the time of execution, the expected initial delivery date under the PPA was December 1, 2020.

6. After development and construction of the Facility is complete, Hummingbird will provide resource adequacy capacity to PG&E as needed to allow PG&E to hedge against price fluctuation by providing grid stability and to comply with its regulatory commitments.

7. Energy utilities purchase resource adequacy capacity in order to ensure that the

utility is able to meet future electricity demand from consumers as required by energy regulators.

8. The PPA specifies a minimum quantity of resource adequacy capacity to be supplied over the set period of time.[1]

9. The PPA also enables PG&E to comply with the California Public Utilities Commission (the "CPUC") Decision No. 13-10-040, which requires that PG&E meet certain energy storage procurement targets, and CPUC Resolution E-4909, directing PG&E to hold a competitive solicitation for energy storage and/or preferred resources to meet local reliability needs in three local sub-areas in northern California. Under the PPA, Hummingbird is required to post increasing amounts of collateral at various stages in the project's development. To date, Hummingbird has already posted ███ million in collateral as project development security under the PPA. Hummingbird was required to post this amount as development security in favor of PG&E upon signing the PPA.

10. Under the PPA, on or before February 24, 2019, PG&E was required to obtain a final and non-appealable order from the CPUC approving the PPA, including payments made thereunder, and confirming that the PPA counts toward PG&E's energy storage procurement obligations established in D.13-10-040. On March 19, 2019, the CPUC issued an order indicating that Cal Advocates' Application for Rehearing was denied, presumably rendering CPUC's approval of the PPA final and non-appealable. Once esVolta receives written notice from PG&E that the CPUC's approval of the PPA has become final and non-appealable, Hummingbird will be required to post an additional ███████ of project development security within five business days. While, as of filing, esVolta has not yet received written notice from PG&E, esVolta expects to receive written notice from PG&E any day now.

**The Interconnection Agreements**

11. Pursuant to the PPA, Hummingbird is required to enter into an interconnection agreement (the "Interconnection Agreement") with PG&E and the California Independent System Operator Corporation ("CAISO").

---

[1] The PPA defines a specific Resource Adequacy Attributes capacity and Flexible Resource Adequacy Attributes capacity, in MW, and the PPA guarantees a minimum percentage of these capacity numbers.

- 3 -

12. The Interconnection Agreement will allow Hummingbird to interconnect the Facility to PG&E's transmission system, controlled by CAISO, and will guarantee the ability of Hummingbird to deliver the Facility's capacity attributes to PG&E. It is anticipated that the Interconnection Agreement will include a schedule for posting collateral that covers the cost of constructing the interconnection facilities and network upgrades to ensure that each facility will have deliverability.

13. Hummingbird has applied to CAISO for the Interconnection Agreement and CAISO is currently undertaking the required interconnection studies and will later provide a draft agreement. Hummingbird has already made an initial payment as part of the application. In the coming months, Hummingbird will incur additional costs under the interconnection application and study process, as well as under the Interconnection Agreement, once signed.

**Additional Costs Incurred by esVolta's Continuing Performance**

14. esVolta and Hummingbird have been developing the Energy Storage Project since the spring of 2018, and have incurred significant expenses beyond the project development security costs incurred thus far, including an investment of ▬ in unrecoverable development expenses for site control and land payments, interconnection studies, permit applications (and related consulting costs including engineering, environmental, entitlements and architecture), plus travel and legal fees.

15. In addition to its investments to date, esVolta and Hummingbird face significant near term cash requirements to continue the development of the Facility in order to maintain the schedule required to ensure that Hummingbird does not trigger an "Event of Default" under the PPA. These near-term cash requirements include the following: (a) ▬ million of project development security soon after PG&E's written notice of final CPUC approval, (b) a ▬ down payment to reserve battery cell manufacturing capacity, (c) roughly ▬ to begin the early engineering and procurement of the interconnection and generation tie-line, (d) approximately ▬ of ongoing project development costs including for expert consultants and (e) an estimated ▬ of additional interconnection early engineering and procurement costs in the coming months.

\\NY - 049926/000001 - 9718817 v10
Case: 19-30088    Doc# 979    Filed: 03/20/19    Entered: 03/20/19 13:46:34    Page 4 of 6

16. These costs are highly material to esVolta, Hummingbird and their investors and require funding assistance from third party investors. To help meet these costs, esVolta recently secured a financial commitment from a third party energy investor to provide capital funding for a portion of the expected development costs. However, further funding by this investor (and likely any other investor) is contingent on the PPA being assumed by PG&E pursuant to Section 365 of the Bankruptcy Code.

**Motion to File Under Seal**

17. In connection with the Safe Harbor Motion, esVolta has concurrently filed a Motion to File Under Seal, requesting entry of an order authorizing the filing under seal of the PPA, as well as unredacted versions of the Safe Harbor Motion and this Declaration. The PPA contains sensitive and confidential commercial information, and Hummingbird and PG&E have therefore agreed that these agreements not be publicly disclosed. The PPA contains a provision stating that throughout the term of the agreement, "neither party shall disclose the non-public terms or conditions of this Agreement or the Parties' bidding or negotiation process ... to a third-party."

18. Additionally, when PG&E filed the application for approval of the PPA with the CPUC (Advice Letter 5322-E), PG&E claimed the PPA was confidential in its entirety, and the PPA was filed under seal.

19. The relief requested in the Motion to File Under Seal is necessary in order to avoid putting esVolta and PG&E at a competitive disadvantage by constraining their ability to negotiate capacity storage agreements in future transactions.

\\NY - 049926/000001 - 9718817 v10
Case: 19-30088    Doc# 979    Filed: 03/20/19    Entered: 03/20/19 13:46:34    Page 5 of 6

I declare under penalty of perjury under the law of the United States and the state of California that the foregoing is true and correct.

Executed this 20 day of March, 2019 at Aliso Viejo, California

_____
Randolph Mann

Hogan Lovells US LLP
Attorneys At Law
San Francisco, New York