Robert S. Arns, State Bar No. 65071, rsa@arnslaw.com
Jonathan E. Davis, State Bar No. 191346, jed@arnslaw.com
Zachariah D. Hansen, State Bar No. 267755, zdh@arnslaw.com
Shounak S. Dharap, State Bar No. 311557, ssd@arnslaw.com
**THE ARNS LAW FIRM**
A Professional Corporation
515 Folsom Street, 3rd Floor
San Francisco, California 94105
Phone: (415) 495-7800
Fax: (415) 495-7888

Attorneys for Plaintiff

UNITED STATES BANKRUPTCY COURT
NORTHEN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>and<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>Debtors. | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>Adv. Pro. No. 19-03006 (DM) |
| PG&E CORPORATION,<br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>PUBLIC EMPLOYEES EMNT ASSOCIATION OF NEW MEXICO, *et al.*<br><br>Defendants. | **DEFENDANT ENRIQUE GUZMAN'S ANSWER TO DEBTORS' COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AS TO ACTIONS AGAINST NON-DEBTORS**<br><br>Complaint Filed: February 15, 2019<br>Judge: Hon. Dennis Montali<br>Courtroom 17, 16th Fl. |

-1-

ENRIQUE GUZMAN'S ANSWER TO DEBTOR'S COMPLAINT FOR PRELIMINARY AND PERMANENT
INJUNCTIVE RELIEF AS TO ACTIONS AGAINST NON-DEBTORS

Case: 19-30088    Doc# 1000    Filed: 03/20/19    Entered: 03/20/19 17:03:50    Page 1 of 5

## I. INTRODUCTION

1. Debtors Pacific Gas and Electric Company and PG&E Corporation (collectively, "PG&E") ask this Court to enjoin Creditor Enrique Guzman's ("Defendant" or "Mr. Guzman") personal injury action currently pending against PG&E and Non-Debtor M Squared Construction, Inc. ("M Squared"), in San Francisco Superior Court, *Guzman v. Pacific Gas and Electric Company, et al.*, No. CGC-16-554005 ("*Guzman*"), because allowing it to proceed "would have a direct impact on the Debtors' estates." Debtor PG&E claims the attention of officers, directors, key employees and legal team will be diverted with litigating the *Guzman* matter, thereby draining resources from the Chapter 11 proceeding. Further, Debtor claims PG&E will be necessarily liable for the actions of the individual defendant in the *Guzman* matter. Debtors claims are inaccurate, unsupported and will not necessarily lead to irreparable harm. The Court should deny the request for injunction as to the *Guzman* case.

## II. FACTUAL ALLEGATIONS

2. The *Guzman* action involves personal injuries suffered by Mr. Guzman when an unmarked electrical line exploded and caused him to be burned and suffer related orthopedic injuries.

3. The subject incident giving rise to the *Guzman* action occurred on March 28, 2016. The complaint was filed on September 1, 2016. The matter was originally set for trial on January 2, 2018. Four continuances were granted due to trial calendar conflicts and ongoing efforts to resolve the case. The case was set for trial on March 18, 2019.

4. The *Guzman* complaint alleges a single cause of action of negligence against M Squared, the contractor for the subject project, and PG&E. M Squared filed a cross complaint against Mr. Guzman's employer for contractual indemnity. M Squared filed a cross complaint against PG&E for equitable indemnity.

5. Mr. Guzman denies that PG&E will suffer immediate adverse, and irreparable harm absent the injunction. Moreover, the unusual circumstances under which a bankruptcy stay may be extended to non-debtors are not present here.

6. There is no contractual obligation for PG&E to indemnify M Squared in this case, as there was no contract between M Squared and PG&E. As PG&E admits in its complaint, there is no legal relationship between PG&E and M Squared.

-2-

ENRIQUE GUZMAN'S ANSWER TO DEBTOR'S COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AS TO ACTIONS AGAINST NON-DEBTORS

Case: 19-30088    Doc# 1000    Filed: 03/20/19    Entered: 03/20/19 17:03:50    Page 2 of 5

7. Additionally, the *Guzman* action is not one in which PG&E's conduct sits at the core of the allegations. Mr. Guzman's complaint against M Squared stems form its own breach of duty for proceeding to dig the trench and directing Mr. Guzman to excavate before receiving an affirmative response from PG&E to proceed with the work, in direct violation of 8 CCR Section 1541. Thus, the liability of M Squared rests on its own breach of duty under common law and applicable regulations, particularly 8 CCR Section 1541. PG&E's claim that it is PG&E's own conduct that sits at the core of the allegations in the underlying Complaint is mistaken and any claim that a finding against M Squared would constitute a finding against PG&E is wrong, factually and legally.

8. Furthermore, allowing the *Guzman* action to proceed against M Squared will not adversely affect PG&E's key personnel. At the time of the bankruptcy filing, the parties to the *Guzman* action had completed the following discovery with P&E: 18 depositions, 4 document requests seeking 36 categories of records from PG&E (more than 970 pages were produced); Judicial Council Form Interrogatoies, 28 Special Interrogatories; 24 Requests for Admissions and Supplemental Discovery for all categories.

9. An equal amount of discovery was completed with M Squared and Cross-defendant. A Motion for Summary Judgment was filed by Cross-Defendant against M Squared, and was denied. All parties participated in two mediations and disclosed experts for trial.

10. Of the 18 depositions, there were five depositions of employees of PG&E, none of whom are officers, directors, or members of management. Four of the witnesses, Ron Chavez, Raymond Datu, Alberto Degracia, and John Smoot, were line employees from the Locate and Mark Team. Esther O'Keefe was a damage investigator for PG&E. Thus, the trial of this case will not involve the participation of any officers, directors, or members of management. Further, none of the defendants in the Guzman matter are officers, directors or members of management.

11. At all times, PG&E was represented by Mark Hansen of LimNexis LLP. Mr. Hansen and his firm are not counsel for PG&E in relation to the bankruptcy proceedings. Therefore, any trial of this case will not involve the participation of PG&E's legal personnel related to the reorganization matter.

ENRIQUE GUZMAN'S ANSWER TO DEBTOR'S COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AS TO ACTIONS AGAINST NON-DEBTORS

12. While the harm to PG&E of allowing the *Guzman* action to proceed again M Squared will be limited or nonexistent, the issuance of a preliminary injunction here will result in immediate and irreparable harm to Mr. Guzman. As a result of his injuries, Mr. Guzman's treating physicians have determined he is medically unable to continue working as a union laborer. Mr. Guzman is 29 years old and as a result of this incident has suffered past and future loss of wages and union benefits valued in excess of $2,000,000 and non-economic damages for pain and suffering. Due to a lack of transferable skills and education, Mr. Guzman's ability to compete in the open labor market is extremely limited. He is married and every day that passes causes severe financial hardship, uncertainty, and stress. Because he has lost his union job, he no longer has health insurance for himself and his wife.

13. M Squared is a licensed contractor in the State of California and is insured against Mr. Guzman's claims in this case. Mr. Guzman has made policy limit demand under California Code of Civil Procedure Section 998. M Squared has not offered the policy.

14. Due to the delay and uncertainty in this matter, Mr. Guzman and his wife face the prospect of economic ruin and the loss of housing.

15. In sum, while the *Guzman* case poses little danger of hardship to PG&E, a stay of the action would result in immediate and irreparable harm to Mr. Guzman and PG&E's request for a preliminary injunction should therefore be denied.

### III. CAUSES OF ACTION

### COUNT ONE

(Section 105 Preliminary and Permanent Injunction)

16. Mr. Guzman realleges and incorporates by reference the allegations above as if fully set forth herein.

17. Mr. Guzman admits that Debtors seek a preliminary and permanent injunction to stay the continued prosecution of the Related Actions against the Non-Debtor Defendants under section 105(a) of the Bankruptcy Code until the Debtors emerge from Chapter 11, as set forth in Paragraph 47 of the Complaint.

18. Mr. Guzman admits that this Court has jurisdiction and authority to enjoin the *Guzman* case against M Squared under unusual circumstances. However, Mr. Guzman denies that the

ENRIQUE GUZMAN'S ANSWER TO DEBTOR'S COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AS TO ACTIONS AGAINST NON-DEBTORS

*Guzman* case would constitute unusual circumstance or otherwise unduly interfere with the Chapter 11 cases.

19. Mr. Guzman admits that a Bankruptcy Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code] (11 U.S.C. § 105(a))," as set forth in Paragraph 49 of the Complaint.

20. Mr. Guzman admits that the Bankruptcy Court may issue injunctive relief provided that the elements for that relief have been met. Creditor denies that allowing the *Guzman* action to proceed against M Equared would threaten the reorganization process or impair the Court's jurisdiction with respect to the case before it.

21. Mr. Guzman lacks sufficient evidence to admit or deny the allegations of Paragraph 51 and therefore denies them.

22. Mr. Guzman denies that PG&E will suffer immediate, adverse, and irreparable harm absent the injunction, as set forth in Paragraph 52.

23. Mr. Guzman denies that the balance of hardships favors an injunction, as set forth in Paragraph 53. Rather, Mr. Guzman alleges the balance of hardships favors denial of an injunction, as discussed above.

24. Mr. Guzman denies that the requested injunctive relief will serve the public interest.

25. Mr. Guzman denies that the injunction is necessary or appropriate.

Defendant Enrique Guzman therefore asks this Court to deny PG&E's request for a preliminary and permanent injunction under section 105 of the Bankruptcy Code with regard to the *Guzman* action against Non-Debtor Defendant M Squared.

Pursuant to Federal Rules of Bankruptcy Procedure 7012(b), Mr. Guzman consents to the entry of final orders or judgments by the Court

THE ARNS LAW FIRM

DATED: March 21, 2019

/s/ Jonathan E. Davis
JONATHAN E. DAVIS
Attorney for Enrique Guzman

ENRIQUE GUZMAN'S ANSWER TO DEBTOR'S COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AS TO ACTIONS AGAINST NON-DEBTORS

Case: 19-30088   Doc# 1000   Filed: 03/20/19   Entered: 03/20/19 17:03:50   Page 5 of 5