WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

OREN B. HAKER (*pro hac vice*)
GABRIELLE GLEMANN (*pro hac vice*)
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.386.7530
Facsimile: 206.386.7500
gabrielle.glemann@stoel.com

*Attorneys for Party in Interest
Enel Green Power North America, Inc.*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors. | Bankruptcy Case<br>No. 19 - 30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br>(Jointly Administered)<br><br>**STIPULATION BETWEEN THE DEBTORS AND ENEL GREEN POWER NORTH AMERICA, INC. TO PERMIT TERMINATION OF CAPACITY STORAGE AGREEMENTS AND INTERCONNECTION AGREEMENTS**<br>**[Re: Dkt. No. 481]** |
| ☐   Affects PG&E Corporation<br>☒   Affects Pacific Gas and Electric Company<br>☐   Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | [No Hearing Date Requested] |

Pacific Gas and Electric Company (the "Utility") and Enel Green Power North America, Inc. ("Enel"), by and through their respective counsel, hereby submit this stipulation (the "Stipulation"), for an order approving their agreement to allow for the termination of the three Capacity Storage Agreements (the "CSAs") and two Interconnection Agreements, and to the extent applicable, the modification of the automatic stay pursuant to section 362 of title 11 of the United States Code (the "Bankruptcy Code"), and represent and agree as follows:

## RECITALS

A. On January 29, 2019 (the "Petition Date"), PG&E Corporation and the Utility (collectively, the "Debtors") commenced the above-captioned chapter 11 cases (the "Chapter 11 Cases") in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court").

B. On February 19, 2019, Enel filed a Motion and Memorandum for Entry of an Order Confirming Safe Harbor Protection Under 11 U.S.C. §§ 362(b)(6) and 556 (together with the Declaration filed in support thereof, and an accompanying Motion to File Under Seal, the "Safe Harbor Motion)[1] (Dkts. 481, 483, 484) seeking an Order of the Court confirming that, *inter alia*, the safe harbor provisions of Sections 362(b)(6) and 556 of the Bankruptcy Code apply to permit Enel to exercise its contractual rights to terminate the CSAs and the Interconnection Agreements[2];

C. The Utility has raised with Enel certain informal objections to the relief requested in the Safe Harbor Motion.

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Safe Harbor Motion.

[2] As set forth in the Safe Harbor Motion, the Utility is currently party to three CSAs with three special purpose entities, two of which are wholly-owned by Enel, with the third being owned 51% by Enel as managing member. In addition, two of the special purpose entities are also each party to a separate Interconnection Agreement with the Utility and CAISO.

D. The parties hereto desire to resolve their issues regarding the Safe Harbor Motion, the CSAs and the Interconnection Agreements.

E. The Official Committee of Unsecured Creditors and the Official Committee of Tort Claimants have each reviewed the Stipulation and have no objection to the agreements set forth herein or to entry of an Order approving the terms of the Stipulation.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT:**

1. This Stipulation shall have no force and effect unless and until approved by the Bankruptcy Court (the date of entry of an Order approving the Stipulation, the "Approval Date").

2. Upon the Approval Date, to the extent applicable and subject to the reservations set forth in this Stipulation, the parties hereto agree that the automatic stay under Section 362 of the Bankruptcy Code shall be modified solely to the extent necessary to (i) authorize (but not direct) Enel to exercise its contractual rights to terminate the CSAs in accordance with, and pursuant to, the express terms and provisions of the applicable CSA, and (ii) permit Enel to exercise any contractual rights it may have under the Interconnection Agreements or applicable law to terminate or suspend its obligations in accordance with, and pursuant to, the express terms of each of the Interconnection Agreements. The time in which Enel must provide notice of the exercise of any contractual right under the CSAs and the Interconnection Agreement as set forth herein shall begin to run on the Approval Date.

3. Upon the Approval Date, each of the Parties agrees that it shall not be entitled to assert any claim for damages against the other arising out of or relating to Enel's exercise of its contractual rights with respect to the CSAs or the Interconnection Agreements as set forth herein,

provided however that nothing in this Stipulation shall (a) prejudice or release any claim that Enel may assert for the return and release of any collateral it has pledged with respect to the CSAs or the Interconnection Agreements or (b) prejudice or release any claim, right to payment, defense, or right of setoff the Debtors may have with respect to any collateral Enel has pledged in connection with the Interconnection Agreements and in application of CAISO tariff rules.

4. Within three (3) Business Days of the Approval Date, Enel shall withdraw the Stay Motion, with prejudice.

5. This Stipulation shall constitute the entire agreement and understanding of the parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

6. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

7. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

[*Signatures on Next Page*]

| | | |
|---|---|---|
| DATED: March 21, 2019 | | STOEL RIVES LLP |
| | | /s/ *Gabrielle Glemann* |
| | | Gabrielle Glemann (*pro hac vice*) |
| | | *Attorneys for Party in Interest* |
| | | *Enel Green Power North America, Inc.* |

| | | |
|---|---|---|
| DATED: March 21, 2019 | | WEIL, GOTSHAL & MANGES LLP |
| | | /s/ *Matthew Goren* |
| | | Matthew Goren (*pro hac vice*) |
| | | *Proposed Attorneys for Debtors and Debtors in Possession* |