CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19 - 30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY** | (Jointly Administered) |
| **Debtors.** | **APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY CRAVATH, SWAINE & MOORE LLP AS CORPORATE AND LITIGATION COUNSEL FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Date: April 23, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>**Objection Deadline**: April 16, 2019<br>4:00 p.m. (Pacific Time) |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Application (the "**Application**"), pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to retain and employ Cravath, Swaine & Moore LLP ("**Cravath**" or the "**Firm**") as corporate and litigation counsel, effective as of the Petition Date (as defined below).

The Debtors request that the Court approve the retention of Cravath, under a retainer (the "**Retainer**")[1], as their attorneys to perform the legal services described herein in accordance with Cravath's standard hourly rates and reimbursement policies.  In support of this Application, the Debtors submit the Declaration of Paul H. Zumbro, a partner of Cravath (the "**Zumbro Declaration**"), and the Declaration of Janet Loduca, Senior Vice President and Interim General Counsel of PG&E Corp. (the "**Loduca Declaration**"), each of which is filed concurrently herewith.

A proposed form of order approving the retention and employment of Cravath is annexed hereto as **Exhibit A** (the "**Proposed Order**").

---

[1] At the request of the United States Trustee, Cravath has agreed to apply any remaining balance of the Retainer as a credit toward any services rendered and expenses incurred subsequent to the Petition Date, rather than holding the Retainer as security during the pendency of these Chapter 11 Cases.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**").  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.    BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in either of these Chapter 11 Cases.  These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**").  On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of these Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

## III.    CRAVATH'S QUALIFICATIONS

The Debtors have selected Cravath as their corporate and litigation counsel in these Chapter 11 Cases, with responsibilities described herein.  Cravath has represented the Debtors for more than two years in ongoing litigation and regulatory matters related to the Northern California wildfires, the resolution of which is central to these Chapter 11 Cases.  In addition, Cravath for more than a year has advised the Debtors on corporate governance, strategic transaction and financing

matters.  Through these engagements, the Firm has accumulated significant institutional knowledge regarding the wildfire litigations and has developed a deep understanding of the Debtors' business operations, capital structure and financial outlook.  In addition, beyond its experience representing PG&E, Cravath has extensive experience advising clients with respect to corporate governance, mergers and acquisitions, bankruptcy and litigation, as well as financing involving both distressed and non-distressed companies, including debtor-in-possession financings and bankruptcy exit financings.

### A.  Cravath's Representation of PG&E

Cravath is PG&E's lead coordinating counsel for all wildfire-related issues.  Since the initial filings, Cravath has been lead counsel for PG&E in lawsuits and with respect to claims related to the 2017 North Bay fires and the 2018 Camp fire.  In the Chapter 11 Cases, Cravath will also handle all litigation matters for PG&E concerning the 2015 Butte fire (together with the 2017 North Bay fire litigation and the Camp fire litigation, the "**Wildfire Litigations**").  The Wildfire Litigations concern some of the largest wildfires in Northern California's history and comprise claims by thousands of plaintiffs—including individuals, insurance companies and public entities— with potential liabilities in excess of $30 billion if the Debtors were to be found liable for certain or all of the alleged damages (excluding potential punitive damages, fines and penalties and damages from claims that have not manifested yet).  In connection with the Wildfire Litigations, Cravath has appeared on behalf of PG&E in consolidated lawsuits concerning the 2017 North Bay fires and has advised PG&E on a range of legal matters, including tort liability, regulatory compliance and constitutional questions.  As described in further detail in the Wells Declaration, the Debtors filed these Chapter 11 Cases in large part to resolve potential liability stemming from the Wildfire Litigations and related claims.  (*See* Wells Decl. at 14-18.)

In addition to the Wildfire Litigations, Cravath represents the Debtors in connection with ongoing regulatory and criminal investigations.  Cravath advises the Debtors in connection with continuing investigations by the California Public Utilities Commission (the "**CPUC**") and the California Department of Forestry and Fire Protection concerning the 2017 North Bay fires and the

2018 Camp fire.  Given its expertise on the wildfire issues confronting PG&E, Cravath also advises PG&E with respect to ongoing criminal investigations concerning the 2017 North Bay fires and the 2018 Camp Fire.  Cravath also advises the Debtors on all wildfire issues that have arisen in connection with the Utility's corporate probation resulting from its January 27, 2017 federal criminal convictions, including appearing on behalf of PG&E in connection with proposed modifications of the Utility's probation conditions and assisting the Debtors in addressing requests from the federal monitor appointed in connection with the Utility's probation.  (*See* Wells Decl. at 8.)  Effectively managing these important processes are critical to the success of these Chapter 11 Cases.

In addition to litigation and other wildfire-related matters, since September 2017, Cravath has advised the Debtors on a wide variety of corporate matters.  Since 2017, Cravath has been the primary legal advisor to the Debtors in connection with the consideration of potential corporate transactions and other strategic alternatives.  In addition, Cravath advises the Debtors on corporate governance and strategic matters related to the 2017 and 2018 Northern California wildfires, including shareholder engagement matters and the evaluation of various financial and structural alternatives.  Cravath also advises the Debtors regarding their ongoing disclosure obligations under the U.S. securities laws, including in connection with financing transactions and in relation to the 2017 and 2018 Northern California wildfires.  In addition, Cravath leads the advisory team in connection with the Debtors' boards of directors refreshment process and CEO search.

Since November 2017, Cravath has represented the Debtors in connection with their consideration of various bank and bond financing alternatives.  In these capacities, Cravath has advised PG&E on various pre-petition financing transactions, including the Utility's November 2017 $2.5 billion senior notes offering and its May 2018 $2.5 billion registered exchange offer.

Most recently, in November 2018, Cravath was retained by the Debtors to provide legal services in connection with a potential bankruptcy filing.  Cravath worked closely with Weil, Gotshal & Manges LLP ("**Weil**") in advising the Debtors on restructuring alternatives, including their ultimate decision to commence these Chapter 11 Cases.  Cravath served as primary counsel in negotiating the Debtors' debtor-in-possession financing ("**DIP Financing**") and in preparing, filing and presenting to this Court the Debtors' motion for interim and final approval of that financing.

(*See* Docket No. 23.)  Cravath also advised the Debtors on various state and federal regulatory requirements relating to the commencement of these Chapter 11 Cases, including the Debtors' required notice under SB 901 and associated public disclosures.

**B.  Cravath's Expertise in Bankruptcy, Complex Litigation and Financing Matters**

Cravath has substantial experience representing debtors, creditors and other parties in interest in major bankruptcy cases.  Notable representations include (in reverse chronological order): counsel to Credit Suisse, as lead arranger of bankruptcy exit financing for Pacific Drilling S.A.—*In re Pacific Drilling S.A., et al.*, Case No. 17-13193 (Bankr. S.D.N.Y. 2017); special legal counsel to the United States Government (U.S. Department of the Treasury and Federal Emergency Management Agency) in connection with, among other services, structuring, negotiating and documenting proposed post-petition financing for the Commonwealth of Puerto Rico in its bankruptcy case under the Puerto Rico Oversight, Management and Economic Stability Act—*In re the Fin. Oversight and Mgmt. Bd. For Puerto Rico, et al.*, Case No. 17-bk-3282 (D. P.R. 2017); NHTSA Monitor and DOJ Monitor, in connection with the Takata Corporation Chapter 11 cases—*In re TK Holdings Inc.*, Case No. 17-11375 (Bankr. D. Del. 2017); counsel to YPF S.A., parent company of Maxus Energy Corp., in connection with Maxus Energy Corp.'s Chapter 11 case and related matters—*In re Maxus Energy Corp.*, Case No. 16-11501 (Bankr. D. Del. 2017); counsel to the independent directors of General Motors Corporation in connection with the company's Chapter 11 filing and 363 sale—*In re General Motors Corp.*, Case No. 09-50026 (Bankr. S.D.N.Y. 2009); counsel to Goldman Sachs Lending Partners as pre-petition secured creditor and post-petition DIP lender to Lyondell Chemical Company—*In re Lyondell Chemical Company*, Case No. 09-10023 (Bankr. S.D.N.Y 2009); and counsel to Credit Suisse and several of its U.S. and non-U.S. subsidiaries as creditors under a derivatives claim in connection with the Chapter 11 filing of Lehman Brothers Holdings, Inc.—*In re Lehman Brothers Holdings Inc.*, Case No. 08-13555 (Bankr. S.D.N.Y. 2008).

In addition, Cravath is one of the leading law firms in complex litigation and has extensive experience representing clients in mass tort litigation and CERCLA litigation involving environmental remediation activities.  Notable recent representations include:  Colgate-Palmolive

Company in product liability lawsuits alleging that certain talcum powder products were contaminated with asbestos; and NCR Corporation in Superfund environmental actions relating to the remediation of Wisconsin's Fox River and Michigan's Kalamazoo River.

Cravath is a market leader in mergers and acquisitions, financing and corporate governance matters, including with respect to advising distressed companies on financing, corporate governance and in-court asset sales. In the Chapter 11 context, notable recent representations include acting as counsel to Brookfield Asset Management Inc. in connection with its $1.3 billion acquisition of TerraForm Global, Inc. and $3.8 billion acquisition of a controlling stake in and assumption of sponsorship of TerraForm Power, Inc.—*In re SunEdison, Inc. et al.*, Case No. 16-10992 (Bankr. S.D.N.Y. 2016)—and counsel to the independent manager of Energy Future Intermediate Holding Company on conflicts matters in relation to the Chapter 11 bankruptcy of Energy Future Holdings Corp., including in connection with the $18.8 billion sale of Oncor Electric Delivery Company LLC to Sempra Energy—*In re Energy Future Holdings Corp.*, Case No. 14-10979 (Bankr. D. Del. 2014). In addition, Cravath advises on a broad range of capital markets and banking and credit transactions and counsels public company clients on corporate governance matters and their disclosure and compliance obligations.

Given Cravath's longstanding relationship with the Debtors and expertise in relevant areas that go to the heart of these bankruptcy proceedings, the Debtors believe that the Firm is both well qualified and uniquely capable of performing the services described herein efficiently and effectively.

## IV.   SCOPE OF SERVICES

The services to be performed by Cravath are appropriate and necessary to enable the Debtors to execute faithfully their duties as debtors and debtors in possession and to prosecute their Chapter 11 Cases. (*See* Fed. R. Bankr. P. 2014(a).) It is proposed that Cravath be employed to render professional services during the pendency of the Chapter 11 Cases in connection with (i) litigation relating to various Northern California wildfires and related matters (including related claims estimation and allowance or disallowance matters), and all wildfire-related investigations, regulatory matters and criminal matters (collectively, the "**Wildfire Litigation Matters**"),

(ii) strategic transactions, (iii) financing transactions and (iv) corporate governance and disclosure

matters.  This retention includes the following services:

a.  advising and representing the Debtors with respect to the Wildfire Litigation Matters, including by prosecuting actions on the Debtors' behalf, defending actions commenced or ongoing against the Debtors, negotiating disputes in which the Debtors are involved and preparing objections to motions or to claims filed against the Debtors' estates;

b.  advising and representing the Debtors in connection with claims allowance, claims estimation and related settlement and plan of reorganization matters with respect to claims in connection with the Wildfire Litigation Matters;

c.  representing the Debtors in connection with investigations and inquiries by regulators and prosecuting authorities related to the Northern California wildfires, and advising the Debtors in connection with wildfire issues that have arisen or may arise in connection with their criminal probation arising from the San Bruno gas explosion;

d.  advising and representing the Debtors with respect to (i) any sale or other disposition or separation of assets or other strategic transactions; (ii) any financing transactions, including any amendment to, or incremental borrowing under, the DIP Financing, and bankruptcy exit financings; (iii) corporate governance and disclosure matters; and (iv) tax and employee benefits matters; in each case including negotiating and preparing on the Debtors' behalf any agreements, applications, motions and other filings related thereto;

e.  in consultation with the Debtors' other professionals, taking all necessary actions in connection with any Chapter 11 plan and related disclosure statement and/or other related documents, including in particular as they relate to the matters specified above; and

f.  performing all other necessary legal services in connection with these Chapter 11 Cases as requested by the Debtors and without duplication of other professionals' services.

It is necessary for the Debtors to employ attorneys to render the foregoing

professional services during the pendency of the Chapter 11 Cases.  (*See* Fed. R. Bankr. P. 2014.)

Cravath has stated its desire and willingness to render the foregoing professional services as

attorneys for the Debtors.

In addition to this Application, the Debtors have filed, or expect to file shortly,

applications to employ: (i) Weil, as primary bankruptcy counsel, (ii) Keller & Benvenutti LLP

1   ("**K&B**"), as co-counsel, (iii) Munger, Tolles & Olson LLP, as regulatory counsel, (iv) Lazard

2   Frères & Co. LLC, as investment banker, (v) AP Services LLP, to provide a chief restructuring

3   officer, deputy chief restructuring officer, and other personnel, and (vi) Prime Clerk, LLC, as claims

4   and noticing agent.  The Debtors may also file applications to employ additional professionals.

5   These professionals' efficient coordination of efforts will ensure the progress and effective

6   administration of these Chapter 11 Cases.

7   **V.      NO DUPLICATION OF SERVICES**

8          As described in the Zumbro Declaration filed concurrently herewith, Cravath will

9   work with Weil, K&B and the Debtors' other professionals to delineate each firm's role to prevent

10   duplication of services and to ensure the case is administered in the most efficient fashion possible.

11   **VI.     PROFESSIONAL COMPENSATION**

12          As set forth in the Zumbro Declaration, during the 90-day period prior to the Petition

13   Date (the "**Specified Period**"), Cravath received payments in the amount of $45,168,152,

14   comprising payments for services performed and expenses incurred primarily between June 2018

15   and the Petition Date, including in preparation for the commencement of the Chapter 11 Cases.  In

16   addition, Cravath received the Retainer totaling $10,000,000 on December 27, 2018, which Retainer

17   has been drawn by Cravath in the amount of $3,026,871 and applied to additional invoices.

18          For the one-year period prior to the Petition Date, Cravath received payments and

19   advances in the aggregate amount of $75,729,004 (comprised of (i) the above-described $55,168,152

20   received during the Specified Period, and (ii) $20,560,852 of payments received during such one-

21   year period but prior to the Specified Period).  As of the Petition Date, Cravath has a remaining

22   credit balance in favor of the Debtors with respect to the Retainer for professional services

23   performed and to be performed, and expenses incurred and to be incurred, in connection with these

24   Chapter 11 Cases in the amount of $6,973,129 (the "**Retainer Balance**").  Cravath intends to apply

25   the Retainer to any outstanding amounts relating to the period prior to the Petition Date that were not

26   processed through Cravath's billing system as of the Petition Date.  Such amounts do not exceed the

27   Retainer Balance.  Cravath intends to apply any remaining balance of the Retainer as a credit toward

28   any services rendered and expenses incurred subsequent to the Petition Date.

1    The Debtors understand and have agreed that Cravath hereafter will apply to the

2  Court for allowances of compensation and reimbursement of expenses for all professional services

3  performed and expenses incurred after the Petition Date in accordance with the applicable provisions

4  of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the U.S. Trustee

5  Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

6  under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013, the

7  United States Bankruptcy Court for the Northern District of California Guidelines for Compensation

8  and Expense Reimbursement of Professionals and Trustees, effective February 19, 2014, the United

9  States Trustee Guidelines Region 17, updated December 16, 2016 (collectively, the "**Fee**

10  **Guidelines**"), and any further orders of the Court (the "**Orders**").

11    Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the

12  Bankruptcy Local Rules, the Fee Guidelines, and the Orders, the Debtors propose to compensate

13  Cravath for services rendered at its customary hourly rates that are in effect from time to time, as set

14  forth in the Zumbro Declaration, and to reimburse Cravath according to its customary

15  reimbursement policies.  The Debtors respectfully submit that Cravath's rates and policies stated in

16  the Zumbro Declaration are reasonable, particularly given the complex nature of these Chapter 11

17  Cases and the services described herein.

18  **VII.    SUPPORTING AUTHORITY**

19    The Debtors seek retention of Cravath as their corporate and litigation counsel

20  pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to court

21  approval:

22    [M]ay employ one or more attorneys, accountants, appraisers,
    auctioneers, or other professional persons, that do not hold or represent
    an interest adverse to the estate, and that are disinterested persons, to

23    represent or assist the [debtor] in carrying out the [debtor]'s duties
    under this title.

24

25  11 U.S.C. § 327(a).

26    Bankruptcy Rule 2014(a) requires that an application for retention include:
    [S]pecific facts showing the necessity for the employment, the name of

27    the [firm] to be employed, the reason for the employment, the
    professional services to be rendered, any proposed arrangement for

28    compensation, and, to the best of the applicant's knowledge, all of the

[firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

The Debtors submit that the retention and employment of Cravath as corporate and litigation counsel to the Debtors is warranted, based on the reasons stated herein and in the Zumbro Declaration. Cravath's retention under section 327(a) is appropriate given that the services described herein will require Cravath to play a significant role in the Chapter 11 Cases and the administration of the Debtors' estates. (*See In re American Tissue, Inc.*, 331 B.R. 169, (Bankr. D. Del. 2005) (describing section 327 professionals as "play[ing] a central or significant role in the overall administration of the Debtors' estate" or otherwise vested with "autonomy in some part of the administration of the Debtors' estate"); *Matter of Seatrain Lines, Inc.*, 13 B.R. 980, 981 (Bankr. S.D.N.Y. 1981) (retention under section 327 must "affect the administration of [the Debtor's] reorganization").

Further, to the best of the Debtors' knowledge, the partners and associates of Cravath do not have any connection with or any interest adverse to the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants, except as may be set forth in the Zumbro Declaration. Based upon the information set forth in the Zumbro Declaration, Cravath is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code, per the requirements of section 327(a) of the Bankruptcy Code. The Debtors have been informed that Cravath will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise. If any new relevant facts or relationships are discovered, Cravath will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

VIII.    NOTICE

Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange

1 | Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General;

2 | (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the

3 | Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the

4 | Northern District of California; (xi) counsel for the agent under the Debtors' debtor-in-possession

5 | financing facilities; and (xii) those persons who have formally appeared in these Chapter 11 Cases

6 | and requested service pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that no

7 | further notice is required.

8 | No previous request for the relief sought herein has been made by the Debtors to this

9 | or any other court.

10 | ////

11 | ////

12 | ////

13 | ////

14 | ////

15 | ////

16 | ////

17 | ////

18 | ////

19 | ////

20 | ////

21 | ////

22 | ////

23 | ////

24 | ////

25 | ////

26 | ////

27 | ////

28 | ////

| | |
|---|---|
| 1 | WHEREFORE the Debtors respectfully request entry of an order (i) granting the |
| 2 | relief requested herein as a sound exercise of the Debtors' business judgment and in the interests of |
| 3 | the Debtors, their estates, creditors, shareholders, and all parties in interest, and (ii) such other and |
| 4 | further relief as the Court may deem just and appropriate. |
| 5 | Dated: March 22, 2019 |
| 6 | Respectfully submitted, |
| 7 | |
| 8 | By: /s/ *Janet Loduca* |
| 9 | Janet Loduca |
| 10 | Senior Vice President and Interim General Counsel, PG&E Corporation |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |