| | |
|---|---|
| 1 | Robert A. Julian (SBN 99469) |
| | Cecily A. Dumas (SBN 111449) |
| 2 | BAKER & HOSTETLER LLP |
| | 1160 Battery Street, Suite 100 |
| 3 | San Francisco, CA 94111 |
| | Telephone: 628.208.6434 |
| 4 | Facsimile: 310.820.8859 |
| | Email: rjulian@bakerlaw.com |
| 5 | Email: cdumas@bakerlaw.com |
| 6 | Eric E. Sagerman (SBN 155496) |
| | Lauren T. Attard (SBN 320898) |
| 7 | BAKER & HOSTETLER LLP |
| | 11601 Wilshire Blvd., Suite 1400 |
| 8 | Los Angeles, CA 90025-0509 |
| | Telephone: 310.442.8875 |
| 9 | Facsimile: 310.820.8859 |
| | Email: esagerman@bakerlaw.com |
| 10 | Email: lattard@bakerlaw.com |

*Proposed Counsel for Official Committee of Tort Claimants*

# IN THE UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| | Chapter 11 |
| **PG&E CORPORATION** | (Lead Case) |
| | (Jointly Administered) |
| -and- | |
| | **STATEMENT OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS IN RESPONSE TO (I) MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 363(b) AND 105(a) FOR AUTHORITY TO CONTINUE PERFORMANCE UNDER PREPETITION SETTLEMENT AGREEMENT WITH BUTTE COUNTY DISTRICT ATTORNEY'S OFFICE TO FUND ENHANCED FIRE PREVENTION AND COMMUNICATIONS PROGRAM, AND (II) LIMITED OBJECTION OF THE SINGLETON LAW FIRM FIRE VICTIM CLAIMANTS [Dkt. Nos. 770, 986]** |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | |
| **Debtors** | |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ■ Affects both Debtors | |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | |
| | Date: March 27, 2019 |
| | Time: 9:30 a.m. (Pacific Time) |
| | Place: United States Bankruptcy Court |
| | Courtroom 17, 16th Floor |
| | San Francisco, CA 94102 |

The Official Committee of Tort Claimants (hereafter, the "**TCC**"), representing the largest group of stakeholders in these jointly administered bankruptcy cases, hereby responds (the "**Response**") to the (1) Debtors' Motion Pursuant to 11 U.S.C. §§ 363(b) and 105(a) for Authority to Continue Performance Under Prepetition Settlement Agreement with Butte County District Attorney's Office to Fund Enhanced Fire Prevention and Communications Program (the "**Motion**") [Dkt. No.770], and (2) Limited Opposition to Debtors' Motion Pursuant to 11 U.S.C. §§ 363(b) and 105(a) for Authority to Continue Performance Under Prepetition Settlement Agreement with Butte County District Attorney's Office to Fund Enhanced Fire Prevention and Communications Program (the "**Opposition**") filed by the Singleton Law Firm Fire Victim Claimants [Dkt. No. 986]. The TCC states as follows:

## **STATEMENT**

The TCC has reviewed both the Motion and Opposition, and does not object to the Motion. Instead, the TCC offers the following observations:

1. PG&E's assertion that it entered into the Settlement Agreement[1] for the purpose of "reducing the risk of fires caused by vegetation," is a misrepresentation to this Court. At the time of the subject settlement, Pacific Gas & Electric Company ("**PG&E**") was and remains a convicted felon on criminal probation. PG&E entered into this Settlement Agreement in order to avoid criminal charges, which it knew would be a violation of its probation[2]. PG&E violated the terms of its probation by failing to notify the Federal Probation Officer of the pending criminal investigation. (See *USA v. Pacific Gas and Electric Company*, No. CR 14-0175 WHA, Dkt. No. 1000.) PG&E has not yet been sentenced with regard to its probation violation and it remains to be seen how this settlement may be affected by the sentencing of PG&E. In addition, on April 2, 2019, the District Court, Hon. Judge William H. Alsup, has scheduled a hearing on the Second Order to Show Cause Why PG&E's Conditions of Probation Should Not Be Modified, *USA v. Pacific Gas and Electric Company*, No. CR 14-0175 WHA, Dkt. No. 1027. The District Court retains jurisdiction over this matter and the TCC suggests the hearing on this matter be deferred

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.
[2] If PG&E's motivation for entering into this settlement was the prevention of wildfires, it would not have negotiated a release of criminal charges with the District Attorney.

until after April 2, 2019, to determine whether the District Court enters a sentence that affects the terms of the Settlement Agreement.

    2.      The Settlement Agreement defines two terms, Claims and Charges, as civil claims and criminal charges that the Butte County District Attorney may bring on behalf of the People; but the release provisions use the words "claims" and "charges" instead of the defined terms Claims and Charges, which likely was a typographical error. In the TCC's view, the Butte County District Attorney may release claims and charges that only the Butte County District Attorney may prosecute, and are not the public's at large. The TCC believes the parties should eliminate the ambiguity in the Settlement Agreement by confirming they intended to use the defined terms Claims and Charges in the release provisions of the Settlement Agreement.

    3.      With respect to payment of unfunded Butte Fire Claim Settlements, the TCC believes the request for that relief is best considered pursuant to a noticed motion.

## **CONCLUSION**

The Committee requests that the Court enter relief consistent with this Response as it determines is just and proper.

Dated: March 24, 2019          Respectfully submitted,

BAKER & HOSTETLER LLP

By:   */s/ Robert A. Julian*
       Robert A. Julian

Proposed Attorneys for Official Committee of Tort Claimants