Paul J. Laurin (CA No. 136287)
BARNES & THORNBURG LLP
2029 Century Park E, Suite 300
Los Angeles, CA 90067
Telephone: (310) 284-3785
E-mail: paul.laurin@btlaw.com

David M. Powlen (DE No. 4978) (*pro hac vice*)
Kevin G. Collins (DE No. 5149) (*pro hac vice*)
BARNES & THORNBURG LLP
1000 N. West St., Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 300-3434
Facsimile: (302) 300-3456
E-mail: david.powlen@btlaw.com
           kevin.collins@btlaw.com

*Attorneys for Miller Pipeline, LLC*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>   -and-<br><br>**PACIFIC GAS & ELECTRIC COMPANY,**<br><br>                 Debtors.<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Case Nos.    19-30088 (DM)<br><br>                  19-30089 (DM)<br><br>Chapter 11<br>(Jointly Administered)<br><br><br><br>**NOTICE PURSUANT TO 11 U.S.C. § 546(b)(2) RELATED TO PERFECTION, MAINTENANCE AND ENFORCEMENT OF MECHANICS LIEN CLAIMS** |

1

Miller Pipeline, LLC ("MP"), by and through its undersigned counsel, hereby (i) provides notice pursuant to 11 U.S.C. § 546(b)(2) of mechanics liens, corresponding secured claims, and enforcement rights it holds against property of one or both of the above-referenced debtors (the "Debtors") and (ii) reserves all related and other rights, claims and interests it may have in the subject Chapter 11 cases. In support hereof, MP states as follows:

### Section 546(b)(2) Notice

1. In accordance with a Master Service Agreement No. 4400011646 dated June 9, 2017, various Contract Work Authorizations and related agreements and documents (collectively the "Agreements") between MP and the debtor Pacific Gas and Electric Company, MP delivered and provided labor, services, equipment and/or materials for the construction and/or improvement (collectively the "Construction Work") of certain projects, structures, systems and/or other real property (the "Property") owned by one or both of the Debtors.

2. On January 29, 2019 (the "Petition Date"), the aggregate amount owed to MP for the Construction Work was at least $3,626,984.11, exclusive of accruing interest and other charges, with additional amounts owing and accruing after the Petition Date (collectively, the "Indebtedness"). To the date of filing of this Notice, all of the Indebtedness remains outstanding and owed to MP.

3. As evidenced by copies of the claim forms which are included in "Exhibit A"[1] hereto and are hereby incorporated into this Notice as if fully set forth herein, MP has properly recorded and perfected mechanics liens (collectively the "Liens") against the pertinent Property of the Debtor(s) pursuant to California Civil Code §§ 8400, *et seq.* by filing such Liens with the Recorders Offices for Alameda County, Contra Costa County, Marin County and Solano County (collectively the "Counties" and each a "County') in the State of California based upon

---

[1] Due to CM/ECF imposed file size limitations, Exhibit A has been divided into four sub-parts, labeled A-1 through A-4.

the respective Construction Work completed in each County, and at various locations within each County and for corresponding components of the Indebtedness that are more particularly described in the claim forms (collectively, the "Secured Claims").

4. Under California Civil Code § 8460(a), a claimant is ordinarily required to commence an action to enforce a mechanics lien "within 90 days after recordation of the claim of lien." However, at present MP is prevented from commencing appropriate actions to enforce the Liens in each of the Counties (the "Actions") as a result of the institution of the subject Chapter 11 cases and the application of the automatic stay of 11 U.S.C. § 362(a) (the "Automatic Stay").

5. Section 546(b)(2) of the Bankruptcy Code provides in pertinent part that when applicable law requires commencement of an action to perfect, or to maintain or continue the perfection of, an interest in property and an action has not been commenced prior to the petition date, then such perfection, or maintenance or continuation of perfection, may be accomplished by a claimant instead "giving notice within the time fixed by such law" for commencement of such action.

6. Accordingly, MP hereby provides notice that (a) it is the holder of the recorded and perfected Liens on and corresponding Secured Claims to the Property under California law, (b) but for the Automatic Stay it would have timely commenced appropriate Actions pursuant to California law in each of the Counties to enforce such Liens and Secured Claims, and (c) it intends in all respects fully to perfect, maintain, preserve and continue the perfection of its Liens on the Property and to enforce and realize upon its corresponding Secured Claims in accordance with the requirements of California state law, 11 U.S.C. §§ 362(a), 362(b)(3) and 546(b)(2), and any other applicable law. Without limiting the generality of the foregoing, this notice constitutes the legal equivalent of having recorded mechanics liens in the Recorders Offices of each of the Counties where the Property is located for the pertinent Construction

Work and respective amounts of Indebtedness, and then having timely commenced Actions to enforce and foreclose such liens in the proper Courts.

**Reservation of Rights**

7. In the interests of economy and efficiency, MP has filed this single Notice in the above-captioned Chapter 11 cases intending and expecting it to apply or pertain separately and individually to (a) the continued perfection of each and every one of the subject Liens, (b) the Actions that otherwise would have been commenced by MP in accordance with California state law to maintain, enforce and realize upon its corresponding Secured Claims and (c) MP's exercise of any other rights under or satisfaction of any other requirements of 11 U.S.C. § 546(b)(2) in the circumstances.

8. MP reserves the right to supplement, amend or otherwise alter this Notice from time to time as may be necessary or appropriate to conform to, or to adapt to changes in, facts or law, determinations yet to be made in the subject Chapter 11 cases or in other proceedings, or otherwise to further the purposes of filing this Notice. Without limiting the generality of the foregoing, MP reserves the right if deemed necessary or appropriate to subdivide this Notice into several notices under Section 546(b)(2) based upon each and every one of the Liens and potential Actions thereon, to include specific or additional pre-petition or post-petition amounts, and to state a total amount of the Indebtedness or any component thereof that would be owed by a Debtor upon the effective date of any plan of reorganization or liquidation, the date of any distribution or payment with respect to MP's Secured Claims, or any other appropriate date(s).

9. MP reserves the right to request modification of the Automatic Stay, determinations with respect to the validity, priority or extent of its Liens and Secured Claims, and adequate protection of or any other relief in relation to its Liens and Secured Claims.

10. MP reserves the right to assert against either of the Debtors any and all claims and interests that are not encompassed by the Liens and Secured Claims, including additional secured claims, administrative-priority claims or other claims that may have arisen before or after the Petition Date, and interests as a party to one or more of the Agreements with either of the Debtors that may be subject to the provisions of 11 U.S.C. § 365. Also, MP reserves any rights, claims, actions, setoffs, or recoupments to which it is or may be entitled under contract or otherwise in law or equity with respect to either of the Debtors or their respective assets in the subject cases. In addition, MP reserves any and all rights, claims, actions, and remedies it has or may have with respect to all entities other than the Debtors, and nothing herein shall be considered an election not to pursue remedies against such entities.

Dated: March 27, 2019          BARNES & THORNBURG LLP

By: */s/Kevin G. Collins*
       Kevin G. Collins

Attorneys for Miller Pipeline, LLC