Scott E. Jenny, Esq. – State Bar No. 166111
Richard K. Jenny, Esq. – State Bar No. 200756
JENNY & JENNY, LLP
736 Ferry Street
Martinez, California 94553
Telephone: (925) 228-1265
Facsimile: (925) 228-2841

Attorney for Andrew M. Kleiber,
Marisa T. Mulladi-Kleiber, John L. Hansen,
Adam J. McNulty, Lucille J. McNulty,
Mario Oliveros, Jr. and Phoebe Wong-Oliveros

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION, INC.,<br><br>Debtor in Possession<br><br>Defendants. | **Bankruptcy Case Nos.: 19-30088 DM**<br>**Chapter 11**<br>**Hon. Dennis Montali**<br>**(Lead Case) (Jointly Administered)**<br><br>**DECLARATION OF ADAM MCNULTY IN SUPPORT OF JOINDER TO MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a), 362, AND 363 AND FED. R. BANKR. P. 2002, 4001, AND 6004**<br><br>Date: April 10, 2019<br>Time: 1:30 p.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br>**Objection Deadline:** April 3, 2019, 4:00 p.m |

**TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, DEBTOR'S ATTORNEY, THE UNITED STATES TRUSTEE AND OTHER PARTIES IN INTEREST:**

I am the owner of 6010 Zinn Drive on Oakland, California. PG&E filed an eminent domain lawsuit against me to take an easement on my property and to erect two large PG&E

-1-

electrical towers and power lines on or adjacent to my property altering the view from my home in a very negative way. Attached hereto as Exhibit A is a copy of the complaint PG&E filed against me. I did not ask to lose my property and I did not want this project on or near my property. Every day my family and I have to look at the enormous PG&E towers and wires from my home. Numerous trees and bushes have already been removed by PG&E. My property has already suffered a substantial decrease in value caused by PG&E.

I have not been compensated one single dollar for this loss. On December 6, 2018 we attended mediation at JAMS in San Francisco and my case was settled for $200,000.00. PG&E thereafter declared bankruptcy and I have not received any portion of this settlement.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and if called as a witness I could competently testify to the truth of the matters asserted therein. Executed this 21 day of March, 2019.

_____
Adam McNulty

EXHIBIT A

ELIZABETH A. COLLIER (State Bar No. 148537)
CESAR V. ALEGRIA, JR. (State Bar No. 145625)
**PACIFIC GAS AND ELECTRIC COMPANY**
77 Beale Street, B30A
San Francisco, CA 94105
Telephone: (415) 973-0360

Please Direct All Correspondence To:

CHRISTOPHER J. GONZALEZ (State Bar No. 227804)
**CJG LEGAL**
200 Pringle Ave, Suite 400
Walnut Creek, CA 94596
Telephone: (925) 464-2121
chris@cjglegal.com

Attorneys for Plaintiff
PACIFIC GAS AND ELECTRIC COMPANY

ENDORSED
FILED
ALAMEDA COUNTY

DEC 2 2 2017

CLERK OF THE SUPERIOR COURT
By _____
                              Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ADAM J. MCNULTY AND LUCILLE J. MCNULTY, TRUSTEES OF THE MCNULTY FAMILY LIVING TRUST; WESTERN RESOURCES TITLE; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC; PARKSIDE LENDING, INC; and DOES 1 through 50 inclusive,<br><br>Defendants. | Case No. RG17887443<br><br>**COMPLAINT IN EMINENT DOMAIN**<br><br>(JURY TRIAL DEMANDED)<br><br>APN: 048E-7348-056 |

Plaintiff PACIFIC GAS AND ELECTRIC COMPANY (hereinafter referred to as "PG&E") alleges as follows:

1. PG&E is a public utility corporation, duly organized and existing under, and by virtue of, the laws of the State of California, with its principal place of business in the City and County of San Francisco.

- 1 -
COMPLAINT IN EMINENT DOMAIN

BY FAX
Case: 19-30088    Doc# 1079    Filed: 03/27/19    Entered: 03/27/19 13:57:14    Page 4 of 15

2. The names and capacities of the known defendants (collectively "Owner") and their possible interests in the property at issue (described in Paragraph 4) are set forth below for the convenience of the Court. These data are based on information and belief, and are not allegations by which PG&E intends to be bound.

| Defendant | Apparent Property Interest |
|---|---|
| ADAM J. MCNULTY AND LUCILLE J. MCNULTY, TRUSTEES OF THE MCNULTY FAMILY LIVING TRUST | Fee ownership interest. |
| WESTERN RESOURCES TITLE | Trustee under deed of trust recorded September 27, 2017, in Alameda County as Document No. 2017-213174 (the "2017 DOT") |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC | Beneficiary under 2017 DOT, as nominee for Lender (see next item) |
| PARKSIDE LENDING, INC | Lender under 2017 DOT |

3. PG&E does not know the true names or capacities of defendants sued herein as DOES 1 through 50, inclusive, nor the interests which they claim in the property, if any. PG&E will, upon ascertaining their true names, substitute the true names for such fictitious names by amendment to this Complaint.

4. Defendants, and each of them, claim some right, title or interest in a parcel of vacant/unimproved real property situated in the Shepherd Canyon Park area of Oakland, Alameda County, California, and more particularly described as follows:

> ALL OF LOT FOUR HUNDRED EIGHTEEN (418) AS SAID LOT IS LAID DOWN, DELINEATED AND SO DESIGNATED UPON SHEET NO. 1 OF THAT CERTAIN MAP ENTITLED, "MONTCLAIR HIGHLANDS, OAKLAND, ALAMEDA COUNTY, CALIFORNIA", ETC., FILED SEPTEMBER 11, 1925, MAP BOOK 4, PAGE 88, ALAMEDA COUNTY RECORDS.

(Alameda County Assessor's Parcel Number 048E-7348-056, and hereafter the "Property.")

# BACKGROUND

5. One of PG&E's top priorities is to ensure the safety and reliability of its electric transmission system.

6. In June 2016, a private property owner contacted PG&E and requested it review the safety and stability of two of PG&E's lattice steel electrical towers in the Shepherd Canyon area of Oakland. PG&E noted potential slope instability where the towers are presently located and a resulting structural impact to the legs of those towers. PG&E made a temporary fix at that time.

7. Following the temporary fix, and after a comprehensive inspection and evaluation of the system, PG&E determined that it is necessary to relocate approximately 1,600 linear feet of existing overhead Moraga – Oakland 115kv electric transmission lines in Shepherd Canyon to mitigate safety concerns over slope stability. More specifically, PG&E needs to replace those two existing towers with two self-weathering tubular steel poles ("TSPs"), and relocate them to a more stable area approximately 170 and 250 feet north of their current location.

8. This will result in a slight realignment of the overhead lines, and the potential for the overhead lines to sway or swing over private property. It is therefore critical that PG&E obtain new overhead rights, including the right to ensure adequate clearance between PG&E's lines and any existing structures or vegetation. To that end, PG&E requires the acquisition of electric transmission and vegetation management easements from a number of residential properties which are adjacent to the project area, including the Property at issue in this action.

9. Public interest and necessity require the Project in order for PG&E to protect the integrity of its facilities, and for PG&E to continue providing safe and reliable electricity service to the public.

# PROJECT DETAILS

10. PG&E is undertaking a project entitled the Moraga-Oakland 115kv Tower Replacement Project (the "Project"). PG&E's present intended scope of work includes the installation of overhead crossarms, wires and cables necessary for the transmission and

-3-

distribution of electric energy, and for communication purposes. Specific to the Property, PG&E seeks the following rights:

 A. An easement to suspend, replace, remove, maintain and use such crossarms, wires and cables (supported by or suspended from poles, towers, or other structures located on lands adjacent to the Property) as PG&E shall from time to time deem to be reasonably required for the transmission and distribution of electric energy, and for communication purposes, together with a right of way, on, along and in all of the easement area lying within the Property. The easement area is described on EXHIBIT A, and shown on EXHIBIT A-1.

 B. The right of ingress to and egress from said easement area over and across the Property by means of roads and lanes thereon, if such there be, otherwise by such route or routes as shall occasion the least practicable damage and inconvenience to Owner, provided, that such right of ingress and egress shall not extend to any portion of said lands which is isolated from said easement area by any public road or highway, now crossing or hereafter crossing said lands.

 C. The right, from time to time, to trim or to cut down any and all trees and brush now or hereafter within said easement area, and shall have the further right, from time to time, to trim and cut down trees and brush along each side of said easement area which now or hereafter in the opinion of PG&E may interfere with or be a hazard to the facilities installed hereunder, or as PG&E deems necessary to comply with applicable state or federal regulations.

 D. The right to install, maintain and use gates in all fences which now cross or shall hereafter cross said easement area.

 E. The right to mark the location of said easement area by suitable markers set in the ground; provided that said markers shall be placed in fences or other locations which will not interfere with any reasonable use the Owner shall make of said easement area.

 F. PG&E will covenant and agree:
  i. Not to fence said easement area;
  ii. To repair any damage it shall do to Owner's private roads or lanes on the Property;
  iii. To indemnify Owner against any loss and damage which shall be caused by any wrongful or negligent act or omission of PG&E or of its agents or employees in the course of their employment, provided, however, that this indemnity shall not extend to that portion of such loss or damage that shall have been caused by the owner's comparative negligence or willful misconduct; and

 G. PG&E confirms the Owner reserves the right to use said easement area for purposes which will not interfere with PG&E's full enjoyment of the rights hereby granted; provided that the Owner shall not erect or construct any building or other structure, or drill or operate any well, or construct any reservoir or other obstruction within said easement area, or

-4-

COMPLAINT IN EMINENT DOMAIN

diminish or substantially add to the ground level in said easement area, or construct any fences that will interfere with the maintenance and operation of said facilities.

H. The provisions and rights sought herein shall inure to the benefit of and bind the successors and assigns of the respective parties, and all covenants shall apply to and run with the land.

11. Because PG&E already has existing facilities adjacent the Property, this location is ideal for the Project. A depiction of the Property, and its relation to the Project is included herewith as EXHIBIT B.

12. PG&E has authority to exercise the power of eminent domain under Public Utilities Code sections 612 and 613, and Code of Civil Procedure sections 1230.010, et seq., and 1240.120. Exercise of this power is proper in this case.

13. The rights/property sought to be condemned for the Project are necessary for the project and the public good. The Project is planned and located in a manner that is the most compatible with the greatest public good and with the least private injury. PG&E has made the offer required by Government Code section 7267.2 to the owners of the Property. PG&E has also deposited with the State Condemnation Deposit Fund probable just compensation for the easement rights being acquired.

14. WHEREFORE, PG&E prays that the property interests and obligations as herein described, and as depicted on EXHIBIT A and A-1, be condemned for the use of PG&E, that just compensation due to the Defendants for the taking of this property be ascertained, that any liens and encumbrances against said property be deducted from the judgment, and that PG&E have such other and further relief as the Court may deem necessary and proper.

Dated: December 22, 2017

CJG LEGAL

By: _____
CHRISTOPHER J. GONZALEZ
Attorneys for Plaintiff
PACIFIC GAS AND ELECTRIC COMPANY

-6-

COMPLAINT IN EMINENT DOMAIN

# EXHIBIT A

LD 2301-03-2185
2017199 (01-16-020) 11 17 2
Moraga – Oakland NEW TWR 2/19 & 2/21

## EXHIBIT "A"

(APN 048E-7348-056)

A portion of Lot 418 as shown upon the map of Montclair Highlands filed for record September 11, 1925 in Book 4 of Maps at page 88, Alameda County Records, being more particularly described as follows:

> Beginning at the southeasterly corner of said Lot 418; running along the easterly boundary line of said Lot 418
>
> (1) north 05°40'00" east 26.89' feet; thence
>
> (2) along a curve to the right, having a radius of 623.14 feet, through a central angle of 2°07'56", an arc length of 23.19 feet; thence leaving said easterly boundary line
>
> (3) from a tangent line that bears south 13°36'33" west, on a curve to the left, having a radius of 5000 feet, through a central angle of 0°34'09", an arc length of 49.67 feet to the southerly boundary line of said Lot 418; thence along said southerly boundary line
>
> (4) south 76°21'50" east 6.24 feet to the point of beginning.

Containing an area of 150 square feet, more or less.

_Robert S. Sullivan_ PLS 8558

11-17-17

(Seal: LICENSED LAND SURVEYOR, ROBERT S. SULLIVAN, No. 8558, Exp. 12/31/18, STATE OF CALIFORNIA)

# EXHIBIT A-1



# EXHIBIT B



| AUTHORIZATION 74008842 | EXHIBIT "B" PROJECT EXTENTS MORAGA - OAKLAND TOWER REPLACEMENT | PG&E | JCN 01-16-020 |
|---|---|---|---|
| BY | | | AREA NORTH COAST |
| DR | | | COUNTY ALAMEDA |
| CH | | | SCALE 1" = 200' |
| O.K. | PACIFIC GAS AND ELECTRIC COMPANY | | SHEET NO. 1 OF 1 |
| DATE NOVEMBER 2017 | San Francisco      California | | DRAWING NUMBER EXHIBIT "B" |