

Signed and Filed: March 27, 2019

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>       - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                              Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>Related Docket Ref: Docket No. 10<br><br>**FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 362 ESTABLISHING (1) NOTIFICATION PROCEDURES AND CERTAIN RESTRICTIONS REGARDING OWNERSHIP AND ACQUISITIONS OF STOCK OF THE DEBTORS AND (2) A RECORD DATE REGARDING THE OWNERSHIP OF CLAIMS AGAINST THE DEBTORS WITH RESPECT TO CERTAIN NOTIFICATION AND SELL-DOWN PROCEDURES AND REQUIREMENTS** |

Upon the Motion, dated January 29, 2019 (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105(a) and 362 of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of interim and final orders establishing procedures to protect the potential value of the Debtors' consolidated net operating loss carryforwards (the "**NOLs**") and other tax benefits (collectively, the "**Tax Attributes**") for use in connection with the reorganization of the Debtors, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration (as amended on February 2, 2019 [Docket No. 263)]; and this Court having held hearings to consider the relief requested in the Motion on an interim and final basis; and this Court having previously entered an order granting interim relief with respect to the Motion [Docket No. 212]; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on a final basis, as provided herein.

2. The provisions of this Order shall be effective *nunc pro tunc* to the Petition Date (also

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

referred to herein as the "**Record Date**").

3. The restrictions, notification requirements, and other procedures annexed hereto as **Exhibit 1** (the "**Stock Procedures**") are hereby approved and shall apply to all trading and transfers of stock of the Debtors from and after the Petition Date.

4. Any transfer of PG&E Stock in violation of the Stock Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code.

5. Any person (including any Entity) or Acquiring Group that acquires PG&E Stock in violation of this Order or the Stock Procedures or that otherwise fails to comply with their requirements, shall be subject to such sanctions as this Court may consider appropriate pursuant to this Court's equitable power under section 105(a) of the Bankruptcy Code.

6. The Debtors and/or plan proponent may seek a further order of the Court, upon appropriate notice, containing certain restrictions, notification requirements, and other procedures with respect to Claims against the Debtors, which the Debtors assert will be substantially in the form annexed hereto as **Exhibit 2** (the "**Claims Procedures**" and together with the Stock Procedures, the "**Procedures**"), that may be imposed by the Debtors or other plan proponent upon subsequent order of this Court (the "**Claims Procedures Order**") in connection with the possible proposal of a 382(l)(5) Plan (as defined in the Claims Procedures).

7. If the Court enters a Claims Procedures Order as described in the preceding paragraph, the Claims Procedures shall apply, *nunc pro tunc*, to the Petition Date and, accordingly, to all transfers of Claims from and after the Petition Date.

8. Subject to entry of, and the terms provided in, the Claims Procedures Order, any person (including any Entity, as defined therein) that has acquired or acquires beneficial ownership of certain Claims against the Debtors after the Petition Date (i.e., the Record Date) and that, as of a date specified in accordance with the Claims Procedures following (or in anticipation of) the filing of the 382(l)(5) Plan, owns Claims (together with any other interests) that would entitle such person to receive at least 4.75% of New PG&E Stock (as defined in the Claims Procedures) under the 382(l)(5) Plan, shall be subject to, among other things, (i) certain notification requirements and (ii) the sell-down process, all as

more fully set forth in the Claims Procedures.

9. The Notice of Final Order (defined below) is hereby determined to be adequate and sufficient so that, if this Court enters the Claims Procedures Order, each person that has acquired or acquires beneficial ownership of Claims after the Petition Date and would own at least 4.75% of New PG&E Stock under the 382(l)(5) Plan can be required to (i) sell all or a portion of such claims in accordance with the Claims Procedures, and (ii) otherwise comply with the Claims Procedures.

10. The notices, substantially in the forms annexed hereto as **Exhibit 3**, **Exhibit 4** and **Exhibit 5**, are hereby approved.

11. Within three (3) business days of the entry of this Order, the Debtors shall send the notice of this Order (the "**Notice of Final Order**"), substantially in the form annexed hereto as **Exhibit 5** to all parties that were served with notice of the Motion, post the Procedures to the website established by Prime Clerk LLC for these chapter 11 cases (which website address shall be identified in the Notice of Final Order) and provide the Notice of Final Order to the Depository Trust Corporation, and, within five (5) business days of the entry of this Order, publish the Notice of Final Order once in the national edition of *The New York Times*, the *San Francisco Chronicle*, and *The Wall Street Journal*, such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown, and no further notice of the Procedures shall be necessary.

12. Nothing herein shall preclude any person (including any Entity) desirous of purchasing or transferring any interest in, or claims against, the Debtors from requesting relief from this Order from this Court, on appropriate notice and subject to the rights of the Debtors and any other party in interest to oppose such relief; provided, however, that prior to entry of a Claims Procedures Order, nothing in this order restricts in any way the transfer of any Claim against the Debtors.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion.

14. The relief granted in this Order is intended solely to permit the Debtors to protect, preserve, and maximize the value of their Tax Attributes; accordingly, other than to the extent that this Order expressly conditions or restricts trading and transfers of stock of, or Claims against, the Debtors, nothing in this Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter

or affect the rights of any holders of stock of, or Claims against, the Debtors, including in connection with the treatment of any such stock or Claims under any chapter 11 plan or any applicable Bankruptcy Court order.

15. The requirements set forth in this Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws and do not excuse noncompliance therewith.

16. The entry of this Order shall in no way be deemed a determination that entry of a Claims Procedures Order or Sell-Down Notice is necessary or warranted in these chapter 11 cases, and the entry of this Order shall in no way prejudice the rights of any party to oppose the entry of a Claims Procedures Order or Sell-Down Notice, or any similar relief, on any grounds, and all such rights are expressly preserved hereby.

17. Nothing contained in this Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

18. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

19. Notwithstanding anything to the contrary, the terms and provisions of this Order are immediately effective and enforceable upon entry.

20. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

21. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

** END OF ORDER **