EMILY P. RICH, Bar No. 168735
TRACY L. MAINGUY, Bar No. 176928
CAITLIN GRAY, Bar No. 305118
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone (510) 337-1001
Fax (510) 337-1023
E-Mail: bankruptcycourtnotices@unioncounsel.net
erich@unioncounsel.net
tmainguy@unioncounsel.net
cgray@unioncounsel.net

Attorneys for Creditor Engineers and Scientists of California,
Local 20, IFPTE

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| In Re<br><br>PG&E CORPORATION,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Case No. 19-30088 DM<br><br>CHAPTER 11<br><br>**ESC LOCAL 20'S RESPONSE TO DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING SHORT-TERM INCENTIVE PLAN AND GRANTING RELATED RELIEF (DOC. 782, DOC. 806)**<br><br>Date: April 9, 2019<br>Time: 9:30 a.m.<br>Location: U.S. Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

## I. INTRODUCTION

Engineers and Scientists of California Local 20, IFPTE ("ESC Local 20"), the exclusive collective bargaining representative of over 3,700 of Debtors' professional and technical employees pursuant to a collective bargaining agreement with the Debtors, hereby submits its response to the Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 363, and 503(c) for Entry of an Order (I) Approving Short-Term Incentive Plan and (II) Granting Related Relief (Doc. 782, corrected at Doc. 806).

ESC Local 20 supports entry of an order approving the 2019 Short-Term Incentive Plan (STIP) as it relates to ESC-represented employees. ESC Local 20 takes no position on STIP payments to non-represented employees, but with respect to represented employees, PG&E is required to make these payments by the collective bargaining agreement between ESC Local 20 and PG&E.

The STIP payments to ESC Local 20 members are not incentives related to the bankruptcy; they are contractually required payments that workers rely upon as part of their compensation. The employees represented by ESC Local 20 are engineers, estimators, mappers, project managers and other professional and technical employees who are working to modernize and maintain the utility. These are working people, not officers or executives. They gave up wage increases in exchange for STIP payments in their collective bargaining agreement, and now, in negotiations pursuant to 11 U.S.C. § 1113, they have agreed to give up the contractually required STIP payments for 2018 in order to secure the STIP payments for 2019.

Unlike STIP payments to PG&E's executives and managers, the STIP payments to ESC Local 20 members are required by the collective bargaining agreement, and PG&E has a legal duty to honor the terms of that agreement under Section 1113 of the Bankruptcy Code. *Adventure Resources, Inc. v. Holland*, 137 F.3d 786, 796 (4th Cir. 1998) ("[T]he language employed by Congress in § 1113 is unequivocal … It plainly imposes a legal duty on the debtor to honor the terms of a collective bargaining agreement … until that agreement is properly rejected." *Id.*; *In re Manor Oak Skilled Nursing Facilities*, 201 B.R. 348, 350 (Bankr. W.D.N.Y. 1996) ("[A]ll aspects

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

of a collective bargaining agreement remain in effect and binding until rejection occurs, including the duty to cure pre-petition arrears.").

Accordingly, this Court should approve the 2019 STIP as it relates to ESC Local 20 members.

## II. FACTS

### 1. STIP payments are part of the negotiated wages and benefits under the collective bargaining agreement

ESC Local 20 is a labor union that represents 3,700 professional and technical employees at PG&E, including the engineers, estimators, mappers, project managers, and other professional and technical employees that have been doing the important work needed to maintain and modernize the systems and keep the public utility safe.

The terms and conditions of employment for these employees are governed by a collective bargaining agreement between ESC Local 20 and PG&E. Sperry Decl., Ex. A, Ex. B.

The collective bargaining agreement requires PG&E to pay certain employees Short Term Incentive Plan (STIP) payments as part of the employees' compensation. Sperry Decl., Ex. A, pp. viii-x. Approximately 1,396 ESC-represented employees are eligible for these STIP payments. Sperry Decl., ¶ 5. Pursuant to the terms of the collective bargaining agreement, the STIP payments to eligible employees are calculated by multiplying that employee's eligible earnings by their participation rate, their individual modifier, and the company score. Sperry Decl., Ex. A, p. viii. For nearly all ESC-represented employees who are eligible for STIP payments, the participation rate is currently 10%, meaning that the target level for the STIP payment is 10% of the employee's yearly base salary.[1] Sperry Decl., ¶ 6. That 10% STIP award is then adjusted up or down by multiplying it by the employee's individual modifier, which is determined by that employee's performance rating from their supervisor, and the company score, which is based on company-wide metrics related to safety, reliability of the system, and the company's financial performance. Sperry Decl., ¶¶ 7-8. These STIP payments are an important part of the

---

[1] For about 10 employees in "Principal Engineer" classifications, the participation rate is 15%. The participation rate for ESC-represented employees is lower than the participation rate for managers. Sperry Decl., ¶ 6.

employees' compensation, which was bargained for by ESC Local 20. ESC Local 20 members were forced to give up wage increases in exchange for these payments. Sperry Decl., ¶ 10. In bargaining for the 2012-2015 collective bargaining agreement, workers gave up a wage increase of 8.25% and received an increase of only 3% to have STIP phased in over a three year period. *Id.*; Sperry Decl., Ex. C, pp. viii-ix. This was widely understood and agreed to be an exchange of base salary for pay at risk. Sperry Decl., ¶ 10. STIP payments are thus an important part of the employees' wages that the Union bargained for and won.

### 2. ESC Local 20 agreed to give up 2018 STIP payments in exchange for 2019 STIP payments

The STIP payments for 2018 were expected to be paid in March 2019. Sperry Decl., ¶ 14. ESC Local 20 employees would have been entitled to approximately $29,487,708 in 2018 STIP payments. *Id.*

On February 22, 2019, PG&E announced that it would not be making any STIP payments for 2018, and on February 25, 2019, PG&E withdrew the request for authorization of the 2018 STIP payments that it had previously made in its Employee Wage and Benefits Motion. Sperry Decl., ¶ 15; Doc. 652, p. 4. The loss of these payments was a significant hardship on ESC Local 20 members who rely on these payments to meet their regular cost of living. Sperry Decl., ¶ 17.

ESC Local 20 filed a grievance over PG&E's decision not to pay the STIP payments for 2018 in violation of the collective bargaining agreement, and objected to PG&E's failure to request authorization to honor its contractual obligations regarding STIP payments to ESC Local 20 members. Sperry Decl., ¶ 18; Doc. 646. Specifically, ESC Local 20 argued that PG&E was barred from unilaterally terminating the collective bargaining agreement's requirement to make STIP payments. This was a violation of the collective bargaining agreement, and a violation of Section 1113 of the Bankruptcy Code, which prohibits a debtor in possession from terminating any provision of a collective bargaining agreement prior to negotiating with the union and following the carefully laid out procedures for modification. 11 U.S.C. § 1113(f) (a debtor in possession shall not "unilaterally terminate or alter any provisions of a collective bargaining agreement prior to compliance with the provisions of this section").

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

PG&E and ESC Local 20 then entered into negotiations over the STIP payments. As the result of these negotiations, the parties reached a Memorandum of Understanding to modify the collective bargaining agreement. Sperry Decl., ¶ 20, Ex. E (MOU on STIP awards). ESC Local 20 agreed to settle its grievance regarding PG&E's failure to pay the 2018 STIP awards and forgo all payment of 2018 STIP awards in exchange for an increase in participation rates for the 2019 STIP awards by 25%. Sperry Decl., ¶ 20, Ex. E. ESC Local 20 also agreed to other modifications of the STIP design, including the switch from annual payment to quarterly payments. Sperry Decl., Ex. E.

This modification to the collective bargaining agreement is contingent upon the approval of this Court. Sperry Decl., Ex. E. Should this Court deny this motion with regard to ESC Local 20 members, it will constitute a violation of Section 1113, the Union's grievance regarding the 2018 STIP payments will be reinstated, the Union will have a claim for the 2018 STIP payments, and the agreed-to modification to the collective bargaining regarding the 2019 STIP payments will be nullified.

### III. ARGUMENT

Section 1113 of the Bankruptcy Code provides special protection to collective bargaining obligations by barring a debtor in possession from modifying or terminating a collective bargaining agreement without engaging with the union in good faith and following the procedures carefully laid out in Section 1113.[2] This is the exclusive method of terminating any obligations in a collective bargaining agreement. 11 U.S.C. § 1113(a) (a debtor may reject a collective bargaining agreement "only in accordance with the provisions of this section"). "No provisions of this title shall be construed to permit a trustee to unilaterally terminate or alter any provisions

---

[2] Specifically, section 1113 requires a debtor to make a formal proposal to modify the CBA based on the most complete and reliable information available at the time of the proposal. The proposed modifications must be necessary to permit the reorganization of the debtor, and they must assure that all affected parties are treated fairly and equitably. The debtor must provide the union with all relevant information that is necessary to evaluate the proposal. Between the time of the making of the proposal and the time of the hearing on the motion to reject the existing CBA, the debtor must meet at reasonable times with the union. At the meetings, the debtor must confer in good faith in attempting to reach mutually satisfactory modification of the CBA. Only if the union refuses to accept the debtor's proposal without good cause and the balance of the equities clearly favors rejection of the CBA may the court allow the debtor to modify or reject the agreement. *See, e.g.*, *In re American Provision Co.*, 44 B.R. 907, 909 (Bankr. D. Minn. 1984) (articulating the nine-factor test for modification or rejection of a CBA under Section 1113).

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

of a collective bargaining agreement prior to compliance with the provisions of this section." 11 U.S.C. § 1113(f).

"[T]he language employed by Congress in § 1113 is unequivocal." *Adventure Resources, Inc. v. Holland*, 137 F.3d 786, 796 (4th Cir. 1998). "It plainly imposes a legal duty on the debtor to honor the terms of a collective bargaining agreement … until that agreement is properly rejected." *Id.*; *In re Manor Oak Skilled Nursing Facilities*, 201 B.R. 348, 350 (Bankr. W.D.N.Y. 1996) ("[A]ll aspects of a collective bargaining agreement remain in effect and binding until rejection occurs, including the duty to cure pre-petition arrears.").

Accordingly, PG&E is bound by the collective bargaining agreement's requirement to make STIP payments to employees represented by ESC Local 20. It is not free to abandon this requirement without engaging in the process required by Section 1113. Absent the Court's approval of the agreed upon modification of the collective bargaining agreement to terminate the requirement to make STIP payments in 2018 and institute the modified plan for 2019, PG&E is obligated to make the full 2018 STIP payment (and will be bound to make the full 2019 STIP payment).

As the Bankruptcy Appellate Panel of the Ninth Circuit has explained, "Section 1113 was enacted to protect employees during the interim between the filing of the bankruptcy petition and court-supervised modification or ultimate rejection of the CBA. During this period, working employees benefit the estate. Their rights accrue as services are rendered *on the basis provided for by the CBA*." *Teamsters Indus. Sec. Fund v. World Sales (In re World Sales)*, 183 B.R. 872, 878 (B.A.P. 9th Cir. 1995) (emphasis added). The debtor's "employees continued employment post-petition in the 'reasonable belief'" that the terms of their employment as laid out in the CBA would remain unchanged. *Id.* "We therefore hold that a debtor's unperformed post-petition obligations under an unmodified or unrejected CBA are beyond the scope of § 365(g), and claims based on such post-petition breaches must be given administrative status." *Id.* (holding that post-petition obligations to provide healthcare coverage beyond the scope of work performed pursuant to terms of a CBA that had not yet been rejected were entitled to administrative claim status, even though they might not otherwise meet the standards for an administrative claim); *see also In re*

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

6

Case: 19-30088    Doc# 1107    Filed: 03/28/19    Entered: 03/28/19 14:51:46    Page 6 of 12

*Colorado Springs Symphony Orchestra Assn.*, 308 B.R. 508 (Bankr. D. Colorado 2004) (finding that pursuant to debtor's obligation under CBA to pay musicians for minimum number of performances, whether or not musician played at all such performances, such payments entitled to administrative status for post-petition period prior to rejection of CBA).

PG&E is required to continue to compensate employees on the terms laid out in the collective bargaining agreement, including STIP payments. STIP payments to ESC Local 20 members must be paid, and the Debtors' motion should be granted with respect to STIP payments to Local 20 members.

## IV. CONCLUSION

For the reasons stated herein, ESC Local 20 respectfully requests that the Court grant Debtors' motion with respect to 2019 STIP payments to employees represented by ESC Local 20, authorizing the MOU between ESC Local 20 and PG&E to take effect.

Dated:  March 28, 2019

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: /s/ Emily P. Rich
EMILY P. RICH

Attorneys for Creditor Engineers and Scientists of California,
Local 20, IFPTE

147061\1018328

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

# CERTIFICATE OF SERVICE

I am a citizen of the United States and an employee in the County of Alameda, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1001 Marina Village Parkway, Suite 200, Alameda, California 94501.

I hereby certify that on January 30, 2019, I electronically filed the forgoing @ with the U.S. Bankruptcy Court, Northern District California, by using the Court's CM/ECF system.

Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 28, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

SEE ATTACHED SERVICE LIST

On January 30, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

SEE ATTACHED SERVICE LIST

I certify under penalty of perjury that the above is true and correct. Executed at Alameda, California, on January 30, 2019.

*/s/ Stephanie Mizuhara*
Stephanie Mizuhara

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

8

Case: 19-30088   Doc# 1107   Filed: 03/28/19   Entered: 03/28/19 14:51:46   Page 8 of 12

# SERVICE LIST

- Richard L. Antognini     rlalawyer@yahoo.com, hallonaegis@gmail.com
- Herb Baer     hbaer@primeclerk.com, ecf@primeclerk.com
- Todd M. Bailey     Todd.Bailey@ftb.ca.gov
- Kathryn E. Barrett     keb@svlg.com, amt@svlg.com
- Ronald S. Beacher     rbeacher@pryorcashman.com
- Hagop T. Bedoyan     hbedoyan@kleinlaw.com, ecf@kleinlaw.com
- Peter J. Benvenutti     pbenvenutti@kellerbenvenutti.com
- Robert Berens     rberens@smtdlaw.com, sr@smtdlaw.com
- Heinz Binder     heinz@bindermalter.com
- W. Steven Bryant     , molly.batiste-debose@lockelord.com
- Christina Lin Chen     christina.chen@morganlewis.com, christina.lin.chen@gmail.com
- Shawn M. Christianson     schristianson@buchalter.com
- Robert N.H. Christmas     rchristmas@nixonpeabody.com, nyc.managing.clerk@nixonpeabody.com
- Alicia Clough     aclough@loeb.com
- Marc Cohen     mscohen@loeb.com
- Keith J. Cunningham     , rkelley@pierceatwood.com
- James D. Curran     jcurran@wolkincurran.com, vsimmons@wolkincurran.com
- Jonathan R. Doolittle     jdoolittle@reedsmith.com, bgonshorowski@reedsmith.com
- Jennifer V. Doran     jdoran@hinckleyallen.com
- David V. Duperrault     dvd@svlg.com, edn@svlg.com
- Kevin M. Eckhardt     keckhardt@hunton.com, candonian@huntonak.com
- Joseph A. Eisenberg     JAE1900@yahoo.com
- Sally J. Elkington     sally@elkshep.com, ecf@elkshep.com
- G. Larry Engel     larry@engeladvice.com
- Krista M. Enns     kenns@beneschlaw.com
- Michael P. Esser     michael.esser@kirkland.com, michael-esser-3293@ecf.pacerpro.com.
- Richard W. Esterkin     richard.esterkin@morganlewis.com, sue.reimers@morganlewis.com
- Joseph Kyle Feist     jfeistesq@gmail.com, info@norcallawgroup.net
- James J. Ficenec     James.Ficenec@ndlf.com, caroline.pfahl@ndlf.com
- John D. Fiero     jfiero@pszjlaw.com, ocarpio@pszjlaw.com
- Kimberly S. Fineman     kfineman@nutihart.com, nwhite@nutihart.com
- Stephen D. Finestone     sfinestone@fhlawllp.com
- Jonathan Forstot     , john.murphy@troutman.com
- Gregg M. Galardi     gregg.galardi@ropesgray.com
- Richard L. Gallagher     richard.gallagher@ropesgray.com
- Barry S. Glaser     bglaser@swesq.com
- Gabriel I. Glazer     gglazer@pszjlaw.com
- Gabrielle Glemann     gabrielle.glemann@stoel.com, rene.alvin@stoel.com
- Eric D. Goldberg     eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Richard H. Golubow     rgolubow@wcghlaw.com, jmartinez@WCGHLaw.com
- Mark A. Gorton     mgorton@boutinjones.com, cdomingo@boutininc.com
- Mark A. Gorton     mgorton@boutininc.com, cdomingo@boutininc.com
- Debra I. Grassgreen     dgrassgreen@pszjlaw.com, hphan@pszjlaw.com
- Oren Buchanan Haker     oren.haker@stoel.com, rene.alvin@stoel.com

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

- Robert G. Harris     rob@bindermalter.com
- Christopher H. Hart     chart@nutihart.com, nwhite@nutihart.com
- Bryan L. Hawkins     bryan.hawkins@stoel.com, Sharon.witkin@stoel.com
- Jan M Hayden     jhayden@bakerdonelson.com, gmitchell@bakerdonelson.com
- Jennifer C. Hayes     jhayes@fhlawllp.com
- Stephen E. Hessler, P.C.    , jozette.chong@kirkland.com
- Michael R. Hogue     hoguem@gtlaw.com, frazierl@gtlaw.com
- David Holtzman     david.holtzman@hklaw.com
- Marsha Houston     mhouston@reedsmith.com, hvalencia@reedsmith.com
- Mark V. Isola     mvi@sbj-law.com
- J. Eric Ivester    , Andrea.Bates@skadden.com
- Ivan C. Jen     ivan@icjenlaw.com
- Gregory K. Jones     GJones@dykema.com, cacossano@dykema.com
- Roberto J. Kampfner     rkampfner@whitecase.com, mco@whitecase.com
- Robert B. Kaplan     rbk@jmbm.com
- Tobias S. Keller     tkeller@kellerbenvenutti.com, pbenvenutti@kellerbenvenutti.com
- Lynette C. Kelly     lynette.c.kelly@usdoj.gov, ustpregion17.oa.ecf@usdoj.gov
- Gerald P. Kennedy     gerald.kennedy@procopio.com, laj@procopio.com
- Samuel M. Kidder     skidder@ktbslaw.com
- Marc Kieselstein    , carrie.oppenheim@kirkland.com
- Jane Kim     jkim@kellerbenvenutti.com
- Thomas F. Koegel     tkoegel@crowell.com
- Andy S. Kong     kong.andy@arentfox.com, Yvonne.Li@arentfox.com
- Alan W. Kornberg    , akornberg@paulweiss.com
- Jeffrey C. Krause     jkrause@gibsondunn.com, psantos@gibsondunn.com
- Michael Thomas Krueger     michael.krueger@ndlf.com, Havilyn.lee@ndlf.com
- Richard A. Lapping     rich@trodellalapping.com
- Matthew A. Lesnick     matt@lesnickprince.com, jmack@lesnickprince.com
- David B. Levant     david.levant@stoel.com, rene.alvin@stoel.com
- Andrew H. Levin     alevin@wcghlaw.com, vcorbin@wcghlaw.com
- John William Lucas     jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Jane Luciano     jane-luciano@comcast.net
- Kerri Lyman     klyman@irell.com, lgauthier@irell.com
- John H. MacConaghy     macclaw@macbarlaw.com, smansour@macbarlaw.com;kmuller@macbarlaw.com
- Iain A. Macdonald     iain@macfern.com, ecf@macfern.com
- Michael W. Malter     michael@bindermalter.com
- David P. Matthews     jrhoades@thematthewslawfirm.com, aharrison@thematthewslawfirm.com
- Hugh M. McDonald    , john.murphy@troutman.com
- C. Luckey McDowell     luckey.mcdowell@bakerbotts.com
- Frank A. Merola     lacalendar@stroock.com, mmagzamen@stroock.com
- Matthew D. Metzger     belvederelegalecf@gmail.com
- M. David Minnick     dminnick@pillsburylaw.com, docket@pillsburylaw.com
- Thomas C. Mitchell     tcmitchell@orrick.com, Dcmanagingattorneysoffice@ecf.courtdrive.com
- John A. Moe     john.moe@dentons.com, glenda.spratt@dentons.com
- David W. Moon     lacalendar@stroock.com, mmagzamen@stroock.com
- Courtney L. Morgan     morgan.courtney@pbgc.gov

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

10

Case: 19-30088    Doc# 1107    Filed: 03/28/19    Entered: 03/28/19 14:51:46    Page 10 of 12

- Joshua D. Morse    Joshua.Morse@dlapiper.com, joshua-morse-0092@ecf.pacerpro.com
- Thomas G. Mouzes    tmouzes@boutinjones.com, cdomingo@boutininc.com
- Peter S. Munoz    pmunoz@reedsmith.com, gsandoval@reedsmith.com
- Michael S. Myers    myersms@ballardspahr.com, hartt@ballardspahr.com
- David L. Neale    dln@lnbrb.com
- David L. Neale    dln@lnbyb.com
- David Neier    dneier@winston.com
- Melissa T. Ngo    ngo.melissa@pbgc.gov, efile@pbgc.gov
- Gregory C. Nuti    gnuti@nutihart.com, nwhite@nutihart.com
- Abigail O'Brient    aobrient@mintz.com, docketing@mintz.com
- Office of the U.S. Trustee / SF    USTPRegion17.SF.ECF@usdoj.gov
- Aram Ordubegian    Ordubegian.Aram@ArentFox.com
- Gabriel Ozel    Gabriel.Ozel@troutman.com, tsinger@houser-law.com
- Amy S. Park    amy.park@skadden.com, alissa.turnipseed@skadden.com
- Donna Taylor Parkinson    donna@parkinsonphinney.com
- Paul J. Pascuzzi    ppascuzzi@ffwplaw.com, JNiemann@ffwplaw.com
- Valerie Bantner Peo    vbantnerpeo@buchalter.com
- Danielle A. Pham    danielle.pham@usdoj.gov
- Thomas R. Phinney    tom@parkinsonphinney.com
- R. Alexander Pilmer    alexander.pilmer@kirkland.com, keith.catuara@kirkland.com
- M. Ryan Pinkston    rpinkston@seyfarth.com, jmcdermott@seyfarth.com
- Estela O. Pino    epino@epinolaw.com, staff@epinolaw.com
- Mark D. Poniatowski    ponlaw@ponlaw.com
- Christopher E. Prince    cprince@lesnickprince.com
- Douglas B. Provencher    dbp@provlaw.com
- Lary Alan Rappaport    lrappaport@proskauer.com, PHays@proskauer.com
- Justin E. Rawlins    jrawlins@winston.com, justin-rawlins-0284@ecf.pacerpro.com
- Emily P. Rich    erich@unioncounsel.net, bankruptcycourtnotices@unioncounsel.net
- Christopher O. Rivas    crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
- Lacey Rochester    lrochester@bakerdonelson.com, gmitchell@bakerdonelson.com
- Gregory A. Rougeau    grougeau@brlawsf.com
- Nanette D. Sanders    nanette@ringstadlaw.com, becky@ringstadlaw.com
- Sunny S. Sarkis    , dawn.forgeur@stoel.com
- David B. Shemano    dshemano@pwkllp.com
- James A. Shepherd    jim@elkshep.com, ecf@elkshep.com
- Wayne A. Silver    w_silver@sbcglobal.net, ws@waynesilverlaw.com
- Dania Slim    dania.slim@pillsburylaw.com, melinda.hernandez@pillsburylaw.com
- Alan D. Smith    adsmith@perkinscoie.com, al-smith-9439@ecf.pacerpro.com
- Jan D. Sokol    jdsokol@lawssl.com, dwright@lawssl.com
- Bennett L. Spiegel    blspiegel@jonesday.com
- Michael St. James    ecf@stjames-law.com
- David M. Stern    dstern@ktbslaw.com
- Meagan S. Tom    Meagan.tom@lockelord.com, autodocket@lockelord.com
- Edward Tredinnick    etredinnick@grmslaw.com
- Victor A. Vilaplana    vavilaplana@foley.com, rhurst@foley.com
- Marta Villacorta    marta.villacorta@usdoj.gov
- John A. Vos    InvalidEMailECFonly@gmail.com, PrivateECFNotice@gmail.com
- Riley C. Walter    ecf@W2LG.com
- Philip S. Warden    philip.warden@pillsburylaw.com, candy.kleiner@pillsburylaw.com

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

- Genevieve G. Weiner  gweiner@gibsondunn.com
- Joseph M. Welch  jwelch@buchalter.com, dcyrankowski@buchalter.com
- Eric R. Wilson  kdwbankruptcydepartment@kelleydrye.com, ewilson@kelleydrye.com
- Kimberly S. Winick  kwinick@clarktrev.com, knielsen@clarktrev.com
- Rebecca J. Winthrop  rebecca.winthrop@nortonrosefulbright.com, evette.rodriguez@nortonrosefulbright.com
- David Wirt  david.wirt@hklaw.com, denise.harmon@hklaw.com
- Ryan A. Witthans  rwitthans@fhlawllp.com, rwitthans@fhlawllp.com
- Christopher Kwan Shek Wong  christopher.wong@arentfox.com
- Kirsten A. Worley  kw@wlawcorp.com, admin@wlawcorp.com
- Andrew Yaphe  andrew.yaphe@davispolk.com, lit.paralegals.mp@davispolk.com

**VIA U.S. MAIL**

| | |
|---|---|
| Max Africk<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 | Kevin Bostel<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 |
| Matthew Goren<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 | Andriana Georgallas<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 |
| David A. Herman<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019 | Stuart J. Goldring<br>Weil, Gotshal & Manges LLP<br>767 Fifth Ave.<br>New York, NY 10153 |
| Stephen Karotkin<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 | Kevin Kramer<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 |
| John Nolan<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 | Jessica Liou<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 |
| Kevin J. Orsini<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019 | Omid H. Nasab<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019 |
| Ray C. Schrock<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 | Theodore Tsekerides<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 |
| Paul H. Zumbro<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019 | |

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

Case: 19-30088   Doc# 1107   Filed: 03/28/19   Entered: 03/28/19 14:51:46   Page 12 of 12

12