# EXHIBIT C-13

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Defendant.<br>_____/ | No. CR 14-0175  WHA<br><br>**ORDER TO SHOW CAUSE WHY PG&E'S CONDITIONS OF PROBATION SHOULD NOT BE MODIFIED** |

In 2016, a jury convicted PG&E on six felony counts of knowingly and willfully violating safety standards and obstructing an investigation by the National Transportation Security Board arising out of the San Bruno explosion of a PG&E gas pipeline that killed eight and destroyed 38 homes. A corporation cannot go to prison, so the criminal judgment imposed the largest fine allowed by law and several conditions of probation. Recently, CAL FIRE has determined that PG&E caused eighteen wildfires in 2017, twelve of which CAL FIRE referred for possible criminal prosecution. (CAL FIRE continues its investigation into the more recent Camp Fire in Butte County in which 86 people lost their lives.)

In order to protect the public from further wrongs by the offender, to deter similar wrongs by other utilities, and to promote the rehabilitation of the offender among other goals of 18 U.S.C. §§ 3553(a)(1) and (a)(2), the Court proposes to add the following new conditions of probation pursuant to 18 U.S.C. § 3563(c):

1. In light of PG&E's history of falsification of inspection reports, PG&E shall, between now and the 2019 Wildfire Season, re-inspect all of its electrical grid and remove or trim all trees that could fall onto its power lines, poles or equipment in high-wind conditions, branches that might bend in high wind and hit power lines, poles or equipment, and branches that could break off in high wind and fall onto power lines, poles or equipment; shall identify and fix all conductors that might swing together and arc due to slack and/or other circumstances under high-wind conditions; shall identify and fix damaged or weakened poles, transformers, fuses and other connectors; and shall identify and fix any other condition anywhere in its grid similar to any condition that contributed to any previous wildfires. The trees and branches to be removed are not limited to those within the distances prescribed by the California Public Resources Code but extend farther to any tree or branch posing the dangers described above. As used herein, the 2019 Wildfire Season means June 21, 2019, through the first region-wide rainstorm in November or December.

2. For each segment of its electrical grid, PG&E shall document the foregoing inspections and the work done and shall rate each segment's safety under various wind conditions (from little wind to high wind). PG&E must designate one or more qualified engineers to make these safety determinations and the rating must be certified under oath by the engineer in writing. In light of PG&E's history of false reporting, PG&E may not rely upon its earlier inspection reports as substitutes for the new inspections. PG&E shall follow all requirements of law as well as those in this order, shall follow all guidance provided by the Monitor, and shall be complete and truthful. If a power line happens to comply with all of the requirements of state law but nevertheless poses a safety issue under the circumstances, then the line may not be rated as safe until the safety issue is resolved.

2

Case: 19-30088   Doc# 1112-15   Filed: 03/28/19   Entered: 03/28/19 16:34:16   Page 3 of 5

3. At all times during the 2019 Wildfire Season (and thereafter), PG&E may supply electricity only through those parts of its electrical grid it has determined to be safe under the wind conditions then prevailing. Conversely, PG&E must de-energize any part of its grid not yet rated as safe by PG&E for the wind conditions then prevailing until those conditions have subsided. For example, if Santa Ana winds of up to thirty miles per hour are expected in a given county and if PG&E has not yet rated those power lines as safe for such winds, then PG&E must de-energize those lines during the wind event and beforehand notify affected customers that those lines will be de-energized. In determining safety, PG&E may not take into account the need for reliability of service, the inconvenience to customers resulting from interruption in service, or its impact upon PG&E's revenues and profits. Reliability is important but safety must come first. Profits are important but safety must come first. *Only* safe operation will be allowed.

These conditions of probation are intended to reduce to zero the number of wildfires caused by PG&E in the 2019 Wildfire Season. This will likely mean having to interrupt service during high-wind events (and possibly at other times) but that inconvenience, irritating as it will be, will pale by comparison to the death and destruction that otherwise might result from PG&E-inflicted wildfires. PG&E shall promptly advise law enforcement, hospitals and other emergency personnel and the public at large in its service area to consider arranging for back-up emergency generators as a hedge against interruption of power.

The Monitor shall promptly spot-check the inspections (with field inspections of his own), promptly spot-check the safety ratings, and otherwise monitor compliance with this order, providing a monthly report to the Court that plainly and prominently identifies any weaknesses in PG&E's compliance. PG&E shall immediately notify Probation and the Monitor of any violations.

1  By **NOON ON JANUARY 23, 2019**, all parties are **ORDERED TO SHOW CAUSE** why PG&E's
2  conditions of probation should not be modified as stated above. A hearing on this matter will be
3  held on **JANUARY 30, 2019, AT 9:00 A.M.**

4  PG&E and the government shall transmit a copy of this order to the California Public
5  Utilities Commission. If the CPUC (or the California legislature) comes up with a better plan for
6  insuring the safety of California before the 2019 Wildfire Season, the Court will consider
7  conforming its proposed conditions to any such plan. The CPUC is hereby invited to comment
8  by **JANUARY 25**, and to attend the hearing on **JANUARY 30**.

9  PG&E and the government shall also transmit a copy of this order to CAL FIRE. The
10 Court requests input from CAL FIRE concerning its investigation into the specifics of wildfires
11 caused by PG&E and on what operating restrictions going forward might be adopted by the
12 Court as a condition of probation to maximize the safety of California. CAL FIRE is hereby
13 invited to the hearing on **JANUARY 30**, and is requested to file a public statement by **JANUARY**
14 **25**.

16 **IT IS SO ORDERED.**

18 Dated: January 9, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4