# EXHIBIT C-21

Decision 18-11-050  November 29, 2018

**BEFORE THE PUBLIC UTILITIES COMMISSION OF THE STATE OF CALIFORNIA**

| | |
|---|---|
| Order Instituting Investigation on the Commission's Own Motion to Determine Whether Pacific Gas and Electric Company and PG&E Corporation's Organizational Culture and Governance Prioritize Safety. | Investigation 15-08-019 |

## DECISION ORDERING PACIFIC GAS AND ELECTRIC COMPANY TO IMPLEMENT THE RECOMMENDATIONS OF THE NORTHSTAR REPORT

**Summary**

Pacific Gas and Electric Company is ordered to implement the recommendations of the Commission's Safety and Enforcement Division, set forth in a report prepared by the NorthStar Consulting Group.  This proceeding remains open.

**Background**

The Commission opened this investigation to determine whether Pacific Gas and Electric Company's (PG&E) and PG&E Corporation's (PG&E Corp.) organizational culture and governance prioritize safety and adequately direct resources to promote accountability and achieve safety goals and standards.  In the first phase of this proceeding, the Commission's Safety and Enforcement Division (SED) was directed to evaluate PG&E's and PG&E Corp.'s organizational culture, governance, policies, practices, and accountability metrics in relation to PG&E's record of operations, including its record of safety

Case: 19-30088    Doc# 1112-23    Filed: 03/28/19    Entered: 03/28/19 16:34:16    Page 2 of 10

incidents, and to produce a report on the issues and questions contained in this order.

SED, with the assistance of a consultant, NorthStar Consulting Group (NorthStar), performed this evaluation and prepared a report summarizing its findings. Attached to this decision as Appendix A is a copy of the report: *Assessment Of Pacific Gas And Electric Corporation And Pacific Gas And Electric Company's Safety Culture Prepared For California Public Utilities Commission (May 8, 2017) by NorthStar Consulting Group* (NorthStar Report).

Following the issuance of the NorthStar Report, prepared testimony was served by PG&E, The Utility Reform Network (TURN), the Commission's Office of Ratepayer Advocates (ORA), and the Commission's Office of Safety Advocates (OSA). Evidentiary hearings were conducted on April 11, 2018. The same four parties filed opening briefs on May 9, 2018 and reply briefs on or before May 23, 2018.

## Discussion

At this time, the issues presented in this proceeding are relatively limited – the Commission needs to consider adoption of the recommendations for PG&E set forth in the NorthStar Report.[1] PG&E and TURN have proposed some additional items that they are asking the Commission to approve, but those are relatively limited in their scope.

The primary question before the Commission is whether the Commission should adopt the recommendations for PG&E in the NorthStar Report, and this

---

[1] The NorthStar Report also contained recommendations for the Commission to implement. The Commission is considering those recommendations outside of this proceeding.

Case: 19-30088   Doc# 1112-23   Filed: 03/28/19   Entered: 03/28/19 16:34:16   Page 3 of 10

question has a simple answer: yes. Accordingly, the Commission adopts the recommendations for PG&E set forth in the NorthStar Report, and directs PG&E to promptly implement those recommendations, but at this time does not adopt the additional recommendations of PG&E and TURN.

All of the parties, including PG&E, agreed with the NorthStar Report's recommendations. PG&E said:

> As stated in PG&E's prepared testimony, PG&E agrees with all 61 recommendations directed at PG&E, commits to complete most recommendations by the end of 2018, and supports their adoption by the Commission. (PG&E Opening Brief at 9, citing to Ex. PG&E-1.)

The other parties similarly agreed with the recommendations in the NorthStar report. ORA stated: "The Commission should adopt the recommendations in the NorthStar Report, and give PG&E time to implement its plan for adopting the recommendations." (ORA Opening Brief at 3.) TURN similarly states: "The Commission should adopt the recommendations in the NorthStar Report." (TURN Opening Brief at 5.) While not supporting every recommendation in the NorthStar Report, OSA conditionally endorsed the recommendations as "a good start." (OSA Opening Brief at 1.)

The Commission adopts the recommendations for PG&E in the NorthStar Report, and directs PG&E to promptly implement those recommendations, with implementation to be completed no later than July 1, 2019. PG&E proposes to submit an annual report to SED on the implementation status. (PG&E Opening Brief at 10.) We prefer more frequent updates, and accordingly direct PG&E to submit quarterly reports to SED and to also serve those reports to the service list for this proceeding, beginning the fourth quarter of 2018. PG&E should coordinate with SED regarding the content and format of the reports.

Case: 19-30088    Doc# 1112-23    Filed: 03/28/19    Entered: 03/28/19 16:34:16    Page 4 of 10

PG&E asks that the Commission also: "[A]pprove PG&E's proposal to implement the recommendations through its 51 plans…" (PG&E Reply Brief at 4.) PG&E wants the Commission to confirm that the NorthStar Report's recommendations "[S]hould be implemented through completion of PG&E's implementation plans…" (PG&E Opening Brief at 33.)

We neither approve nor reject PG&E's plans to implement the recommendations in the NorthStar Report. The recommendations for PG&E are clear, and PG&E is responsible for implementing them. While the Commission is heartened by PG&E's apparent responsiveness to the recommendations in the NorthStar Report, the Commission is reserving its judgment whether PG&E has effectively implemented them. The Commission wants to confirm that PG&E has implemented the recommendations, rather than pre-bless PG&E's plans for doing so. Results are a higher priority than intentions.

TURN argues that the Commission should adopt safety performance metrics and targets applicable to PG&E. (*See*, TURN Opening Brief at 9.) TURN also argues that the Commission should direct PG&E to increase the weighting of safety in its Long-Term Incentive Plan (LTIP) to at least 50% from its current level of 5%. (*Id*. at 16.)

The Commission is not adopting TURN's recommendations at this time, as we prefer a more holistic approach, rather than nibbles around the edge of the problem. Our intention is to look at a potentially broader set of changes, and TURN's proposals may be considered in that context, rather than in isolation.

The parties differed on some going-forward proposals, including the structure of employee incentive plans, and the possible implementation and use of performance based ratemaking. Some of the party proposals tended to be either very narrowly focused (e.g. modification of incentive levels in PG&E's

Case: 19-30088   Doc# 1112-23   Filed: 03/28/19   Entered: 03/28/19 16:34:16   Page 5 of 10

LTIP) or very general (e.g. adoption of performance-based ratemaking "PBR"), but in general tended to extend beyond the scope of the first phase of this proceeding, which was:

> [T]o evaluate PG&E's and PG&E Corp.'s organizational culture, governance, policies, practices, and accountability metrics in relation to PG&E's record of operations, including its record of safety incidents, and to produce a report on the issues and questions contained in this order. (OII at 2.)

Accordingly, while we may consider such proposals in the future, we do not adopt these specific recommendations at this time.  We will, however, evaluate PG&E's compliance with the recommendations in the NorthStar Report, and consider how to best ensure ongoing compliance.

While in general we are encouraged by PG&E's responsiveness to the NorthStar Report, we continue to have concerns about whether PG&E truly is changing its culture, or is just trying to "check the boxes."  For example, PG&E appears to have overstated the safety expertise of several of its Directors.  In response to TURN, PG&E's witness stated that TURN's criticism:  "[A]ppears to reflect a lack of understanding about the significant safety expertise of PG&E's Directors."  (Ex. PG&E-2 at 4-2.)  PG&E's witness then discussed the backgrounds of Directors Fowler, Kelly and Smith, implying that they had "significant safety expertise."  But when pressed to describe those Directors' safety training and experience, PG&E's witness was unable to do so.  (Transcript, Vol. 1 at 77-78.)  This Commission wants PG&E to have a genuine and effective safety culture that permeates the organization, not just a thin veneer or window dressing that superficially looks good but fails under stress.

Case: 19-30088   Doc# 1112-23   Filed: 03/28/19   Entered: 03/28/19 16:34:16   Page 6 of 10

As this proceeding goes forward, the Commission will consider steps to ensure the depth and viability of PG&E's safety culture. As the Order Instituting Investigation (OII) opening this proceeding stated:

> In a later phase of this investigation, the Commission may consider revising existing or imposing new orders and conditions on PG&E or PG&E Corp. as necessary and appropriate to optimize public utility resources and achieve the operational standards and performance record required by law. This investigation will not undertake a duplicative review of specific incidents already investigated or that are pending investigation at the Commission. This investigation will instead undertake a deeper review of PG&E's and PG&E Corp's organizational culture, governance, and operations, and the systemic issues identified by the National Transportation Safety Board (NTSB). (OII at 2.)

PG&E argues that specific measures should be addressed in other proceedings; according to PG&E, safety performance metrics should be addressed in the Safety Model Assessment Proceeding, and performance-based ratemaking should be addressed in an upcoming General Rate Case, and that this proceeding should be closed. (*See*, PG&E Opening Brief at 3 and 31, PG&E Reply Brief at 23-24.) This Commission fully supports safety-related issues being addressed in other appropriate proceedings, but doing so does not obviate the need for this proceeding to continue. This proceeding has a different and larger focus than other proceedings, and while the NorthStar Report has identified problems (and PG&E has plans to fix those problems), we want to make sure that those problems are fixed (or at least farther along the road to being fixed) before closing this proceeding.

## Next Steps

The first part of this proceeding was beginning the process to review and evaluate PG&E's safety culture, and to identify problems with PG&E's safety

Case: 19-30088   Doc# 1112-23   Filed: 03/28/19   Entered: 03/28/19 16:34:16   Page 7 of 10

culture. The next part of the proceeding is a remedial phase – identifying and taking the steps to fix those problems.

We acknowledge that PG&E needs some time to implement the recommendations of the NorthStar Report, and doing so will be a series of steps in the right direction, but at the same time the Commission should also look at what things it can do differently, including the use of other regulatory mechanisms than used to date. These two things – PG&E's implementation of NorthStar's recommendations and Commission consideration of new regulatory approaches - are not mutually exclusive, and the Commission does not need to wait for PG&E to complete its plans before beginning this work.

Accordingly, the assigned Commissioner and Administrative Law Judge should develop a process for going forward with a remedial phase, and should issue a second Scoping Memo. In doing so, they may take into consideration the record of the proceeding to date.

**Comments on Proposed Decision**

The proposed decision of Administrative Law Judge Allen in this matter was mailed to the parties in accordance with Section 311 of the Public Utilities Code and comments were allowed under Rule 14.3 of the Commission's Rules of Practice and Procedure. Comments were filed by PG&E and TURN, and reply comments were filed by PG&E and OSA.

PG&E states that while it commits to complete implementation of the NorthStar recommendations by July 1, 2019, as ordered by the decision, "[I]t cannot guarantee that it will have conducted all of the post-completion assessments of completion and sustainability by that time." (PG&E Comments at 2.) This is understood, and the Commission intends that PG&E will continue

Case: 19-30088    Doc# 1112-23    Filed: 03/28/19    Entered: 03/28/19 16:34:16    Page 8 of 10

to assess its compliance with the recommendations of the NorthStar Report on an ongoing basis. PG&E's obligation to do so does not end on July 1, 2019.

On a different issue, TURN argues that:

The PD [proposed decision] seems to be suggesting that recommendations such as the adoption of performance-based ratemaking and safety performance metrics and targets are beyond the scope of this phase of the proceeding, which is an error. (TURN Comments at 3-4.)

In response, OSA states:

OSA was generally in agreement with TURN's specific recommendation to facilitate the adoption of safety performance metrics, safety culture metrics, and safety performance targets in this proceeding. OSA believes that is the intention of the Commission in this PD to keep the proceeding open to address that. (OSA Reply Comments at 2.)

OSA's understanding is more accurate. Performance-based ratemaking and safety performance metrics and targets are not addressed in the proposed decision, and are accordingly outside the scope of the issues addressed by the proposed decision, but they are not outside the scope of the proceeding, and may be addressed by the Commission in this proceeding.

With these clarifications, no changes were made to the proposed decision in response to comments.

## Assignment of Proceeding

Michael Picker is the assigned Commissioner and Peter V. Allen is the assigned Administrative Law Judge in this proceeding.

## Finding of Fact

1. NorthStar prepared a report for the SED assessing PG&E's safety culture and making recommendations.

Case: 19-30088   Doc# 1112-23   Filed: 03/28/19   Entered: 03/28/19 16:34:16   Page 9 of 10

**Conclusions of Law**

1.  PG&E should promptly implement the recommendations set forth in the NorthStar Report.

2.  PG&E should submit reports on the status of its implementation of the recommendations set forth in the NorthStar Report.

# O R D E R

**IT IS ORDERED** that:

1.  Pacific Gas and Electric Company is ordered to implement the recommendations set forth in the NorthStar Report no later than July 1, 2019.

2.  Pacific Gas and Electric Company is ordered to submit quarterly reports on the status of its implementation of the recommendations set forth in the NorthStar Report to the Commission's Safety Enforcement Division and to serve those reports to the service list for this proceeding, beginning the fourth quarter of 2018.

3.  This proceeding remains open.

This order is effective today.

Dated November 29, 2018, at San Francisco, California.

MICHAEL PICKER
       President
CARLA J. PETERMAN
LIANE M. RANDOLPH
MARTHA GUZMAN ACEVES
CLIFFORD RECHTSCHAFFEN
       Commissioners

Case: 19-30088    Doc# 1112-23    Filed: 03/28/19    Entered: 03/28/19 16:34:16    Page 10 of 10