Robert A. Julian (SBN 99469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone: 628.208.6434
Facsimile: 310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.442.8875
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Proposed Counsel for Official Committee of Tort Claimants*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002 TO RETAIN AND EMPLOY LINCOLN PARTNERS ADVISORS LLC, AS A FINANCIAL ADVISER EFFECTIVE AS OF MARCH 1, 2019**<br><br>Date: April 22, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>**Objections Due: April 15, 2019** |

The Official Committee of Tort Claimants (the "**Committee**") of PG&E Corporation and Pacific Gas and Electric Company (collectively the "**Debtors**") hereby submits this application (the "**Application**") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to retain and employ Lincoln Partners Advisors LLC ("**Lincoln**") as financial advisor to the Committee, effective as of March 1, 2019, pursuant to section 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and in accordance with the terms and conditions set forth in the engagement letter between the Committee and Lincoln dated March 1, 2019, including its terms for indemnification and contribution contained in **Exhibit 1** to the engagement letter (the "**Engagement Letter**"). In support of the Application, the Committee respectfully represents as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges* of the United States District Court of the Northern District of California, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2. On January 29, 2019 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "**Cases**") in the United States Bankruptcy Court for the Northern District of California (the "**Court**"). On January 31, 2019, the Court entered an order consolidating the Cases for joint administration [Doc. No. 207].

3. The Debtors continue to manage their assets and operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in the Cases.

4. On February 15, 2019, the Office of the United States Trustee ("**U.S. Trustee**") filed an Appointment of the Official Committee of Tort Claimants [Doc. No. 453]. Following the

resignation of Richard Heffern from the original committee and the addition of Tommy Wehe, on February 21, 2019, the U.S. Trustee filed the Amended Appointment of the Official Committee of Tort Claimants [Doc. No. 530]. The members of the Committee are: (i) GER Hospitality, LLC, in its capacity as an individual claimant; (ii) Kirk Trostle; (iii) Tommy Wehe; (iv) Angelo Loo; (v) Karen K. Gowins; (vi) Agajanian, Inc.; (vii) Susan Slocum; (viii) Samuel Maxwell; (ix) Karen M. Lockhart; (x) Wagner Family Wines-Caymus Vineyards; and (xi) Gregory Wilson. The Committee conducted a meeting on February 15, 2019, at which all members were present, and appointed Karen M. Lockhart as Chairperson.

### Retention of Lincoln

A.  **Qualifications of Lincoln**

5.  In light of the size and complexity of the Cases, the Committee requires a highly qualified and experienced financial advisor with the resources, capabilities, and depth of experience to assist. Lincoln is an internationally recognized investment bank with both extensive relevant experience and an excellent reputation in providing financial advisory services in other large and complex chapter 11 cases. Lincoln has deep experience assessing business models with characteristics similar to the Debtors', and Lincoln's professionals have significant experience directly relevant to the Cases including expertise in power infrastructure, regulatory-specific valuations, and complex energy valuations and claims analysis.

6.  Lincoln professionals have been involved in the restructuring of over $100 billion in indebtedness and closed over 200 investment banking transactions in 2018 alone. Lincoln's Valuation Group regularly values over 1,600 companies on a quarterly basis, including over 15 utility-specific valuation assignments. Members of Lincoln's Special Situations Group have represented over fifty official committees in developing and analyzing plans of reorganization, including among others, committees in *In re Chassix Holdings, Inc., et al*, 15-10578 (Bankr. S.D. N.Y. 2015), *In re K-V Discovery Solutions, Inc.,* No., 12-13346 (Bankr. S.D.N.Y. 2012), *In re Citadel Broad. Corp.*, No. 09-17442 (Bankr. S.D.N.Y. 2010), *In re Trico Marine Servs., Inc.*, No. 10-12653 (Bankr. D. Del. 2010), *In re Hayes Lemmerz International Inc., et al.*, No. 09-11655 (Bankr. D. Del. 2009), *In re Philadelphia Newspapers, LLC*, No. 09-11204 (Bankr. D. Del. 2009),

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

*In re Dura Automotive Systems, Inc., et al*, No. 06-11202 (Bankr. D. Del. 2006), *In re Global Power Equipment Group, Inc., et al*, 06-11045 (Bankr. D. Del. 2006) and *In re Cable & Wireless USA, Inc., et al.*, 03-13711 (Bankr. D. Del. 2003).

7. Lincoln's professionals have a proven track record in complex restructuring cases including *In re Residential Capital, LLC, et al.*, No. 12-12020 (Bankr. S.D.N.Y. 2010), *In re Visteon Corporation, et al.*, No. 09-11786 (Bankr. D. Del. 2009) and *In re Comdisco Holding Company, Inc.*, No. 01-24795 (Bankr. N.D. Ill. 2001). Lincoln's team is amply qualified to serve as the Committee's financial advisor as evidenced by the work of Lincoln's professionals in highly complex litigation assignments in *In re Washington Group International, Inc. et al.*, No. 01-31627 (Bankr. D. Nev. 2001), among other confidential mandates. Lincoln's professionals also have substantial experience in cases involving complex claims structures across multiple creditor classes, claims analysis, and claim reconciliation from their work in the Bernard L. Madoff Investment Securities LLC liquidating proceedings, and their work in *In re Garlock Sealing Technologies, LLC, et al.*, No. 10-31607 (Bankr. W.D. NC. 2010) and *In re W.R. Grace & Co., et al.*, No. 01-01139 (Bankr. D. Del. 2001). Lincoln also has expertise in managing asset recovery processes including non-traditional assets such as D&O proceeds from their work in *In re Black Elk Energy Offshore Operations, LLC*, No. 15-34287 (Bankr. S.D. Tex. 2015), *In re Washington Mutual Inc.*, No. 08-12229 (Bankr. D. Del. 2008) and *In re Touch America Holdings, Inc. et al.*, No. 03-11915 (Bankr. D. Del. 2003). In *Touch America*, as the result of aggressive recovery strategies recommended by Lincoln's professionals, the Debtors' secured creditors, unsecured creditors, and preferred equity holders were all paid in full and equity holders received a material recovery.

**B. Scope of Services to be Provided by Lincoln**

8. The Committee respectfully submits that it will be necessary to employ and retain Lincoln to provide financial advisory services for the Committee in connection with the Debtors' restructuring and the Cases, including the analysis, consideration and potential development of a Chapter 11 plan or plans of reorganization. Further, Lincoln will work at the direction of the Committee to:

(a) Review and analyze the Debtors' operations and businesses and financial projections, including but not limited to, financial condition, business plan strategy, operating forecasts, cash flow projections, and budgets;

(b) Review, analyze and monitor DIP financing and other financing alternatives;

(c) Assist with the review and calculation(s) of the cost/benefit analysis with respect to the affirmation or rejection of any executory contracts (including, but not limited to, power purchase agreements);

(d) Analyze proposed sale(s) of core/non-core assets of the Debtors, the terms thereof and options and issues relating thereto, including strategic alternatives available to the Debtors;

(e) Determine a theoretical range of values for the Debtors on a going concern basis as well as any securities to be issued or distributed in connection with the Chapter 11 cases, including without limitation any securities to be distributed under a plan of reorganization;

(f) Assist the Committee in developing, evaluating, structuring and negotiating the terms and conditions of a restructuring, plan of reorganization, disclosure statement, or sale transaction(s), including the value of the securities, if any, that may be issued to the Committee under any such restructuring, plan of reorganization, or sale transaction;

(g) Analyze any new debt or equity capital (including advice on the nature and terms of new securities);

(h) Provide analysis on illustrative claim recoveries;

(i) Assist the Committee in responses / objections to Bankruptcy Court motions;

(j) Attend meetings and assist in discussions with the Debtors, secured and unsecured creditors, other Official Committee(s), the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

(k) Assist the Committee in negotiations with all case participants (including, but not limited to, Debtors, secured and unsecured creditors, other Official Committee(s), State of California, California Public Utilities Commission, power purchase agreements, among other parties), as requested;

(l) If requested by the legal counsel to the Committee, prepare report(s) with respect to any and all proposed financings, the valuation of the Company (as a going concern or otherwise), or proposed merger, divestiture, joint-venture, or investment transaction;

(m) Provide testimony in connection with Lincoln's provision of any of the above-mentioned services in the Bankruptcy Court or other court; and

Baker & Hostetler LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

(n) Render such other general investment banking or financial advisory assistance as the Committee may reasonably request that is consistent with the role of Lincoln as financial advisor(s) and not duplicative of services provided by other professionals retained by the Committee.

9. The services that Lincoln will provide to the Committee are critically necessary to enable the Committee—representing and consisting of tort claimants—to evaluate its unique position in the Cases and attain fair treatment relative to the Debtors' other creditors resulting from commercial relationships with the Debtors. Lincoln is highly qualified to analyze the Debtors' financial position, projections, strategic alternatives, and claim recoveries, and Lincoln's services will not duplicate those of any other professional serving the Committee.

10. Lincoln's services will not duplicate those of any other professional serving the Committee, specifically those proposed to be provided by Development Specialists, Inc. ("**DSI**") as the Committee has taken great care to separate the functions to be performed by each financial advisor. Lincoln, on one hand, will generally be assisting and advising the Committee with respect to the Debtors' assets and valuation related work, and DSI, on the other hand, will assist and advise the Committee with respect to the Debtors' liabilities and claims related work.

C. **Lincoln's Disinterestedness**

11. To the best of the Committee's knowledge, information and belief, based on and except as otherwise set forth in the annexed Declaration of Brent C. Williams, Managing Director and Co-Head of Lincoln's Special Situations Group (the "**Williams Declaration**"), a copy of which is attached hereto as **Exhibit B** and to which the Engagement Letter is attached, neither Lincoln nor its professionals have any connection with or represent any other entity having an adverse interest to the Debtors, their creditors or any other party in interest, or their respective attorneys or accountants. The Williams Declaration also sets forth, pursuant to Bankruptcy Rule 2014(a), to the best of Mr. Williams's knowledge, all of Lincoln's connections with the Debtors, known creditors, other known parties in interest and their respective attorneys and accountants, and any person employed in the San Francisco Office of the United States Trustee for Region 17. Based upon the Williams Declaration, Lincoln is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

12. The Committee believes that the employment of Lincoln as financial advisor on the terms set forth in this Application is appropriate and in the best interests of the tort victim creditor body that the Committee represents. The Committee has reviewed the Williams Declaration, including the description of Lincoln's connections with parties in interest and/or potential parties in interest, and has no objection to any matter set forth therein. The Committee thus seeks an order approving Lincoln's engagement by the Committee on the terms set forth in this Application and the Engagement Letter.

**D. Effective Date of Retention**

13. The Committee requests that Lincoln's retention be approved effective as of March 1, 2019, the date Lincoln was selected by the Committee as its financial advisor and began substantive work on the Committee's behalf. The Committee believes retention effective as of March 1, 2019 is appropriate in view of the nature of these Cases and the Committee's immediate needs for the assistance of a financial advisor.

**E. Compensation of Lincoln**

14. Lincoln intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines promulgated by the Office of the United States Trustee, and pursuant to the order entered by this Court on February 28, 2019 establishing the procedures for interim compensation and reimbursement of expenses of professionals [Doc. No. 701] and any additional procedures that may be established by the Court in these Cases.

15. Subject to the Court's approval, Lincoln will be compensated at its standard hourly rates, which are based on the professionals' level of experience, plus reimbursement of the actual and necessary expenses that Lincoln incurs in accordance with the ordinary and customary rates which are in effect on the date the services are rendered. At present, the standard hourly rates for Lincoln's advisors are as follows:

| Title | Hourly Rate (Range) |
| --- | --- |
| Managing Directors | $995 to $1,195 per hour |
| Directors / Vice Presidents | $795 to $895 per hour |
| Associates / Analysts | $395 to $695 per hour |
| Administrative Staff | $250 per hour |

16. These rates are subject to periodic adjustments in the ordinary course of Lincoln's business, notice of which adjustments shall be provided to the Debtors and the United States Trustee. Lincoln will maintain detailed, contemporaneous records of time and any necessary costs and expenses incurred in connection with the rendering of the its services as described above and will be reimbursed for such costs and expenses in conformity with the Guidelines promulgated by the United States Trustee as in effect in this District.

**F.     Indemnification of Lincoln**

17. As a material part of the consideration for the provision of financial advisory services by Lincoln to the Committee, and as part of the overall compensation payable to Lincoln under the terms of the Engagement Letter, the Committee has agreed to seek approval of certain indemnification, exculpation, contribution and reimbursement obligations as described in the Engagement Letter ("Indemnification Rights"). The Committee has negotiated the Indemnification Rights to be consistent with the Debtors' financial advisors. The Committee and Lincoln have agreed that any modifications to the Debtors' financial advisors' indemnifications provisions shall be applicable to the Lincoln's retention.

18. Specifically, the Committee requests the Court authorize the Debtors to, among other things, indemnify, hold harmless, and provide contribution and reimbursement to Lincoln and its personnel in connection with any disputes, including any objections to Lincoln's fees in the Cases, arising in connection with Lincoln's engagement as financial advisor to the Committee except to the extent that a court of competent jurisdiction shall have determined by a final, non-appealable, judgment that losses, claims, damages, expenses and liabilities arising out of Lincoln's engagement as financial advisor were primarily caused by Lincoln's gross negligence, bad faith, or willful misconduct.

19. The Committee and Lincoln believe that the indemnification provisions in the Engagement Letter are customary and reasonable for financial advisory engagements, both in and out-of-court, and reflect the qualifications and limitations on indemnification provisions that are customary for such engagements. *See United Artists Theatre Co. v. Walton*, 315 F.3d 217, 229 (3d Cir. 2003) ("Indemnification of financial advisors against their own negligent conduct is becoming

Case: 19-30088    Doc# 1134    Filed: 03/30/19    Entered: 03/30/19 12:14:24    Page 8 of 11

- 8 -

a common market occurrence."); *see, e.g., In re Sears Holdings Corp.*, No. 18-23538 (RDD) (Bankr. S.D.N.Y. Nov. 9, 2018) [Docket No. 606] (approving retention of investment banker for the debtors in accordance with letter, which provided indemnification except in cases of bad faith, self-dealing, breach of fiduciary duty, if any, gross negligence, or willful misconduct); *In re J & M Sales Inc.*, No. 18-11801 (LSS) (Bankr. D. Del. Sept. 17, 2018) [Docket No. 410] (same); *In re Toys "R" Us, Inc.*, No. 17-34665 (KLP) (Bankr. E.D. Va. Oct. 25, 2017) [Docket No. 732] (same); *In re Payless Holdings LLC*, No. 17-42267 (KAS) (Bankr. E.D. Mo. May 9, 2017) [Docket No. 645] (same); *In re Caesars Entm't Operating Co.*, No. 15-01145 (ABG) (Bankr. N.D. Ill. Mar. 26, 2015) [Docket No. 991] (same); *In re Crumbs Bake Shop, Inc.*, No. 14-24287 (MBK) (Bankr. D. N.J. Aug. 4, 2014) [Docket No. 97] (same); *In re Aloha Airlines, Inc.*, No. 08-00337 (LK) (Bankr. D. Haw. Apr. 8, 2008) [Docket No. 203] (same); *In re Metabolife Int'l, Inc.*, No. 05-06040-PB11 (JJH) (Bankr. S.D. Cal. Aug. 5, 2005) [Docket No. 128] (same). The Committee believes that, given the size and complexity of these Cases and the standard terms for indemnification common in the marketplace for financial advisors of comparable size, quality and expertise to Lincoln, it is reasonable and in the best interests of the Debtors' estates to provide Lincoln with the indemnification protections requested. Accordingly, as part of this Application, the Committee requests that this Court approve the terms of indemnification in the Engagement Letter.

## Basis for Relief

20. The Committee respectfully requests that the Court authorize the retention and employment of Lincoln as its financial advisor, effective as of March 1, 2019, pursuant to section 1103(a) of the Bankruptcy Code, which provides that a committee appointed under section 1102 of the Bankruptcy Code:

> [M]ay select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).

21. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the

applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

22. The Committee submits that for all the reasons stated above and based upon the Williams Declaration, the retention of Lincoln as financial advisor to the Committee is merited. Further, as stated in the Williams Declaration, Lincoln is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors or their related parties except as may be disclosed in the Williams Declaration. Accordingly, the retention of Lincoln as financial advisor to the Committee should be approved.

### Notice

23. Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Debtors; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

### No Prior Request

24. No previous request for the relief sought herein has been made to this or any other court.

## Reservation of Rights

25. The Committee respectfully reserves the right to file a brief and memorandum of law in response to any objection to this Application.

WHEREFORE, the Committee respectfully requests that this Court enter an order, in the form attached hereto as **Exhibit A**, (a) authorizing the Committee to retain Lincoln effective as of March 1, 2019; and (b) granting such other and further relief as is just and proper.

Dated: March 29, 2019

OFFICIAL COMMITTEE OF TORT CLAIMANTS OF PG&E CORPORATION AND PACIFIC GAS AND ELECTRIC COMPANY

By: /s/ Karen M. Lockhart
Name: Karen M. Lockhart
Title: Chair of the Official Committee of Tort Claimants