**Exhibit A**
**Proposed Order**

Robert A. Julian (SBN 99469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone:   628.208.6434
Facsimile:    310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone:   310.442.8875
Facsimile:    310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Proposed Counsel for Official Committee of Tort Claimants*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>                           Debtors.<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**[PROPOSED] ORDER APPROVING THE APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002 TO RETAIN AND EMPLOY LINCOLN PARTNERS ADVISORS LLC AS A FINANCIAL ADVISER EFFECTIVE AS OF MARCH 1, 2019** |

Upon the Application, dated March 29, 2019, (the "**Application**"),[1] of the Official Committee of Tort Claimants (the "**Committee**") of PG&E Corporation and Pacific Gas and Electric Company (collectively the "**Debtors**") for an order authorizing the Committee to retain and employ Lincoln Partners Advisors LLC ("**Lincoln**") as financial advisor to the Committee, effective as of March 1, 2019, pursuant to section 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and in accordance with the terms and conditions set forth in the engagement letter between the Committee and Lincoln dated March 1, 2019, including its terms for indemnification and contribution contained in **Exhibit 1** to the engagement letter (the "**Engagement Letter**") as such was affixed to the Williams Declaration, and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Application as provided to the parties listed therein is reasonable and sufficient; and it appearing that no other or further notice need be provided; and this Court having reviewed the Application and the Williams Declaration; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Application is approved solely to the extent set forth herein.

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

2. The Committee is authorized, pursuant to section 1103 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 5002, to engage Lincoln as its financial advisor in these Cases, effective as of March 1, 2019, pursuant to the terms of the Engagement Letter a copy of which is annexed hereto as **Exhibit A**.

3. Lincoln's compensation as set forth in the Engagement Letter and including the expense reimbursement and indemnification and related obligations, are approved.

4. Lincoln shall file monthly fee statements and interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines and pursuant to the order entered by this Court on February 28, 2019 establishing the procedures for interim compensation and reimbursement of expenses of professionals [Doc. No. 701] and any additional procedures that may be established by the Court in these Cases.

5. Notwithstanding anything to the contrary herein, the Office of the United States Trustee shall have the right to object to Lincoln's interim and final fee applications (including expense reimbursement) on all grounds, including the reasonableness standard provided in section 330 of the Bankruptcy Code.

6. Notwithstanding anything to the contrary in the Application, any of its attachments, or the Engagement Letter, Lincoln shall not seek reimbursement of any fees or costs arising from the defense of any of Lincoln's monthly fee statements or fee applications in these Cases.

7. The indemnification, exculpation, contribution, reimbursement and related provisions set forth in the Engagement Letter and Indemnification Letter are approved, subject during the pendency of these Cases to the following:

(a) Lincoln shall not be entitled to indemnification, contribution or reimbursement for services other than the services provided under the Engagement Letter, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court; and

(b) notwithstanding any provisions of the Engagement Letter or Indemnification Letter to the contrary, the Debtors shall have no obligation to indemnify an Indemnified Person or provide contribution or

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

reimbursement to an Indemnified Person (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from such Indemnified Person's bad faith, gross negligence, or willful misconduct, (ii) for a contractual dispute in which the Committee alleges the breach of Lincoln's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible, or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which such Indemnified Person should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter and Indemnification Letter, as modified by this Order.

8. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter and this Order, the terms of this Order shall govern.

9. The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Cases to cases under chapter 7.

10. The Committee is authorized to take all steps necessary or appropriate to carry out this Order.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order. For the avoidance of doubt, notwithstanding any provision in the Engagement Letter to the contrary, during the pendency of these Cases, this Court shall have exclusive jurisdiction over the approval of fees due and owing to Lincoln for this retention.

** END OF ORDER **

# EXHIBIT A

**Engagement Letter**



March 1, 2019

Karen M. Lockhart Chairperson
Official Committee of Tort Claimants
 c/o Robert Julian
Baker Hostetler LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, California 90025


Dear Chairwoman:

This letter agreement ("Letter Agreement") confirms our mutual understanding regarding the retention of Lincoln Partners Advisors LLC ("Lincoln Advisors") by The Official Committee of Tort Claimants (the "Tort Committee") of PG&E Corporation and Pacific Gas and Electric Company, Chapter 11 Debtors in Case No. 3:19-bk-30088 (collectively with any entity formed or used for the purpose set forth herein, the "Debtors" or the "Company"). Lincoln Advisors acknowledges and agrees that this Letter Agreement (including Exhibit I hereto) is subject to Bankruptcy Court (as defined below) approval and the terms of the order of the Bankruptcy Court approving Lincoln Advisors' retention.

**Lincoln Advisors' Services and Role**

1.      In connection with this engagement, Lincoln Advisors is being retained to provide financial advisory services for the Tort Committee in collection with the Debtors' restructuring and Chapter 11 cases (the "Chapter 11 Cases"), including the analysis, consideration and potential development of a Chapter 11 plan or plans of reorganization, before the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"). Upon retention, Lincoln Advisors will work at the direction of the Tort Committee to:

   (a)   Review and analyze the Debtors' operations and businesses and financial projections, including but not limited to, financial condition, business plan strategy, operating forecasts, cash flow projections, and budgets;

   (b)   Review, analyze and monitor DIP financing and other financing alternatives;

   (c)   Assist with the review and calculation(s) of the cost/benefit analysis with respect to the affirmation or rejection of any executory contracts (including, but not limited to, power purchase agreements);

   (d)   Analyze proposed sale(s) of core / non-core assets of the Debtors, the terms thereof and options and issues relating thereto, including strategic alternatives available to the Debtors;

   (e)   Determine a theoretical range of values for the Debtors on a going concern basis as well as any securities to be issued or distributed in connection with the Chapter 11 cases, including without limitation any securities to be distributed under a plan of reorganization;

   (f)   Assist the Tort Committee in developing, evaluating, structuring and negotiating the terms and conditions of a restructuring, plan of reorganization, disclosure statement, or sale

Lincoln Partners Advisors LLC
500 West Madison Street
Suite 3900
Chicago, Illinois 60661                                                                        www.lincolninternational.com



(continued)

      transaction(s), including the value of the securities, if any, that may be issued to the Tort Committee under any such restructuring, plan of reorganization, or sale transaction;

(g)     Analyze any new debt or equity capital (including advice on the nature and terms of new securities);

(h)     Provide analysis on illustrative claim recoveries;

(i)     Assist the Tort Committee in responses / objections to Bankruptcy Court motions;

(j)     Attend meetings and assist in discussions with the Debtors, secured and unsecured creditors, other Official Committee(s), the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

(k)     Assist the Tort Committee in negotiations with all case participants (including, but not limited to, Debtors, secured and unsecured creditors, other Official Committee(s), State of California, California Public Utilities Commission, power purchase agreements, among other parties), as requested;

(l)     If requested by the legal counsel to the Tort Committee, prepare report(s) with respect to any and all proposed financings, the valuation of the Company (as a going concern or otherwise), or proposed merger, divestiture, joint-venture, or investment transaction;

(m)     Provide testimony in connection with Lincoln Advisors' provision of any of the above-mentioned services in the Bankruptcy Court or other court; and

(n)     Render such other general investment banking or financial advisory assistance as the Tort Committee may reasonably request that is consistent with the role of Lincoln Advisors' role financial advisor(s) and not duplicative of services provided by other professionals retained by the Tort Committee.

The services and compensation arrangements set forth herein do not encompass any other investment banking or financial advisory services not set forth in this paragraph 1.

The Tort Committee acknowledges that Lincoln Advisors is not an advisor as to legal, tax, accounting or regulatory matters in any jurisdiction. The Tort Committee should consult with its own advisors concerning such matters and Lincoln Advisors and Lincoln International have no responsibility or liability to the Tort Committee with respect such matters

**Company Information**

2.     The Tort Committee recognizes and confirms that in rendering services hereunder, Lincoln Advisors will be using and relying on, and assuming the accuracy of, without any independent verification, data, material and other information (collectively, the "Information") furnished to Lincoln Advisors by or on behalf of the Tort Committee, the Company or other third parties (including their agents, counsel, employees and representatives) and other Information available from public sources and other sources deemed reliable by Lincoln Advisors. The Tort Committee understands that Lincoln Advisors will not be responsible for independently verifying any such Information or for independently appraising the Debtors' assets and Lincoln Advisors shall not be liable with respect to accuracy or completeness of any such Information. Unless required by subpoena or other valid legal or regulatory process, and prior written notice



is provided to the Tort Committee (if legally permissible) so that the Tort Committee may challenge such disclosure, Lincoln Advisors will not disclose to any third party (other than Lincoln International and Lincoln Advisors' or the Tort Committee's counsel) any portion of the Information provided by the Tort Committee which constitutes confidential, proprietary or trade secret information except in furtherance of the Tort Committee's engagement hereunder. Lincoln Advisors will not use such confidential Information for any purpose other than pursuant to Lincoln Advisors' engagement hereunder. The Tort Committee acknowledges that Lincoln Advisors and Lincoln International have no obligation to disclose any information acquired in connection with various investment banking and financial advisory relationships with, or services for, other clients and customers, to the Tort Committee or the Company or to use such information in connection with any transaction contemplated by this Letter Agreement.

**Compensation and Reimbursement of Expenses**

3. All fees and expenses hereunder shall be paid subject to application to the Bankruptcy Court pursuant to the court-approved compensation procedures and allowance by the Bankruptcy Court.

   (a) <u>Compensation</u>: The Company shall pay Lincoln Advisors on an hourly basis, subject to periodic rate adjustments by Lincoln Advisors, based upon the time incurred by Lincoln Advisors' professionals in providing the services under this Agreement to the Tort Committee as follows:

   | Title / Hourly Rate (Range): | |
   | --- | --- |
   | Managing Directors | $995 to $1,195 per hour |
   | Directors / Vice Presidents | $795 to $895 per hour |
   | Associates / Analysts | $395 to $695 per hour |
   | Administrative Staff | $250 per hour |

   (b) <u>Expense Reimbursement</u>: Further, in addition to the compensation described in paragraph 3(a) above and the rights provided in Exhibit I, the Company shall promptly reimburse Lincoln Advisors for all reasonable and documented out-of-pocket expenses incurred by Lincoln Advisors during the term hereof in connection with the matters contemplated by this Letter Agreement, including without limitation, transportation, lodging, meals, communications, color copying, printing, computer and database research charges, industry reports necessary for testimony or otherwise, and document services.

   (c) All compensation and expense reimbursement paid pursuant to this paragraph 7 and all indemnity payments made pursuant to Exhibit I hereto shall be entitled to priority as an expense of administration in the Chapter 11 Cases.

   (d) The Tort Committee acknowledges and agrees that the rates payable to Lincoln Advisors pursuant to this Letter Agreement are reasonable based on the size and complexity of this case. The Tort Committee and Lincoln Advisors acknowledge and agree that the hours worked, the results achieved and the ultimate benefit to the Tort Committee of the work performed, in each case, in connection with this engagement, may be variable, and that the Tort Committee and Lincoln Advisors have taken this into account in setting the fees under this Letter Agreement.



**Bankruptcy Court Approval**

4.      This Letter Agreement is subject to the entry of an order by the Bankruptcy Court in the Chapter 11 Cases approving the retention of Lincoln Advisors pursuant to the terms hereof. The Tort Committee shall use commercially reasonable efforts to obtain authorization of the retention of Lincoln Advisors pursuant to, and subject to the standards of review set forth in, Section 330 of the Bankruptcy Code, *nunc pro tunc* to the date of this Letter Agreement, on the terms and provisions in this Letter Agreement. The Tort Committee shall supply Lincoln Advisors with a draft of the retention application and proposed order prior to the filing of such application and proposed order to enable Lincoln Advisors and its counsel to review and comment thereon. The order approving this Letter Agreement and authorizing Lincoln Advisors' retention shall be acceptable to Lincoln Advisors in its sole and absolute discretion.

**Engagement and Reliance**

5.      The Tort Committee recognizes that Lincoln Advisors has been retained only by the Tort Committee and that the Tort Committee's engagement of Lincoln Advisors is not deemed to be on behalf of and is not intended to and does not confer rights upon any individual members of the Tort Committee. Unless otherwise expressly agreed, no one other than the Tort Committee is authorized to rely upon the engagement of Lincoln Advisors or any statements, advice, opinions or conduct by Lincoln Advisors.

**Indemnification and Remedies**

6.      The Tort Committee hereby agrees to the provisions attached to this Letter Agreement as Exhibit I, which provisions are incorporated herein and made a part hereof. The Company shall provide indemnification and other obligations set forth in Exhibit I hereto, subject to approval of the Bankruptcy Court. The terms and provisions of Exhibit I shall survive any termination or expiration of this Letter Agreement.

**Other Terms**

7.      In the event that (a) the Tort Committee's application for employment of Lincoln Advisors under Section 330 of the Bankruptcy Code is not granted by the Bankruptcy Court or (b) the form of the order entered by the Bankruptcy Court granting such employment application is not acceptable to Lincoln Advisors in its sole and absolute discretion, this Letter Agreement shall terminate immediately. Otherwise, either party hereto may terminate this Letter Agreement at any time but only upon 30 days prior written notice of termination to the other party, without continuing obligation except as set forth in this paragraph. The following paragraphs shall survive and remain in full force and effect following the termination of this Letter Agreement and the completion of Lincoln Advisors' engagement hereunder: 3 (to the extent such provisions relate to payment of compensation for services rendered, or to reimbursement of expenses incurred, on or prior to the effective date of termination), 4, 5, 6 (including Exhibit I) and 7 through 14. This Letter Agreement shall inure to the sole and exclusive benefit of the Tort Committee and Lincoln Advisors and their respective successors and, with respect to paragraph 6 (including the provisions of Exhibit I), the Indemnified Parties (as defined in Exhibit I). This Letter Agreement constitutes the entire agreement between the parties and supersedes any and all prior or contemporaneous arrangements, understandings, written or oral, between them relating to the subject matter hereof and has been duly authorized and executed by each of the parties hereto and, once executed by the other party, constitutes the legal, valid and binding obligation of each party. This Letter Agreement may not be assigned by the Tort Committee without the prior written consent of Lincoln Advisors. This Letter Agreement may not be amended or modified, nor may any provision be waived, except in writing signed by the parties. THE TORT COMMITTEE, THE COMPANY (ON ITS OWN BEHALF AND, TO THE EXTENT PERMITTED BY LAW,



ON BEHALF OF ITS EQUITY OWNERS AND ITS CREDITORS) AND LINCOLN ADVISORS EACH WAIVES ANY RIGHT TO TRIAL BY JURY IN ANY ACTION, CLAIM, SUIT OR PROCEEDING WITH RESPECT TO THE ENGAGEMENT OF LINCOLN ADVISORS UNDER THIS LETTER AGREEMENT OR ITS ROLE IN CONNECTION HEREWITH, which shall be heard by the Bankruptcy Court, to the extent the Bankruptcy Court has jurisdiction over such dispute. The Tort Committee agrees that Lincoln Advisors is acting as an independent contractor to perform the services for the Tort Committee contemplated by this Letter Agreement and neither this Letter Agreement nor Lincoln Advisors' services to the Tort Committee shall create any agency relationship with the Tort Committee or any other party.

8. Any advice rendered by Lincoln Advisors pursuant to this Letter Agreement may not be disclosed to any party other than the Tort Committee and its affiliates without Lincoln Advisors' prior written consent.

9. Notwithstanding anything contained in this Letter Agreement to the contrary: (a) Lincoln Advisors makes no representations or warranties, express or implied, about the Company's ability to (i) successfully improve its operations, (ii) maintain sufficient liquidity to operate its business or (iii) successfully complete any sale, transaction, restructuring, plan of reorganization or any other transaction (or whether any of the foregoing will be available to the Company), (b) neither Lincoln Advisors nor any of its affiliates makes any representation, warranty or commitment, express or implied, to underwrite, place or purchase any securities or provide any form of financing to the Company, (c) Lincoln Advisors is not assuming any responsibility for the underlying business decision of the Debtors, the Tort Committee or any third party to pursue (or not to pursue) any business strategy or to effect (or not to effect) any restructuring, sale transaction or other transaction and (d) Lincoln Advisors shall have no responsibility to provide "crisis management" services or to design or implement any initiatives to improve the Company's operations, profitability, cash management or liquidity.

**Public Announcements**

10. Lincoln Advisors may publish (including on its website), at its own expense, advertisements announcing the services hereunder upon completion of this engagement (including the name of the Company) and Lincoln Advisors' role therein (which may include the reproduction of the Company's logo and a hyperlink to the Company's website). Furthermore, if requested by Lincoln Advisors, the Company shall include a mutually acceptable reference to Lincoln Advisors in any press release or other public announcement made by the Company regarding the matters described in this Letter Agreement.

**Governing Law**

11. This Letter Agreement shall be governed exclusively by and construed in accordance with the internal substantive laws of the State of New York, without regard to the provisions, policies or principles thereof relating to choice or conflicts of law. Each of the parties hereto agrees to submit any claim or dispute arising out of or related to this Letter Agreement to the Bankruptcy Court in the Chapter 11 Cases. If the Bankruptcy Court declines to assert jurisdiction over such proceedings or if the reference is withdrawn to the United States District Court, then such proceedings shall be heard and determined in any New York state or federal court of competent jurisdiction sitting in Manhattan, to whose jurisdiction each of the parties hereto hereby irrevocably submit. Nothing in this paragraph shall pertain to or affect the authority of a bankruptcy court having jurisdiction over the Company to consider and rule upon Lincoln Advisors' applications for interim or final compensation pursuant to this Agreement.

12. The Tort Committee acknowledges that this Letter Agreement is being entered into with Lincoln Advisors, an Illinois limited liability company. The Tort Committee agrees that it has contracted solely with Lincoln Advisors, and shall look solely to Lincoln Advisors, for performance of the terms and conditions



hereof. The Tort Committee shall have no recourse against any affiliate of Lincoln Advisors based on this Letter Agreement or the terms, conditions, and contemplated services to be provided hereunder.

13. The invalidity or unenforceability of any provision of this Letter Agreement shall not affect the validity or enforceability of any other provision of this Letter Agreement, which shall remain in full force and effect pursuant to the terms of this Letter Agreement. There shall be no construction of any provision against Lincoln Advisors due to the fact that this Agreement was drafted by Lincoln Advisors, and the parties to this Letter Agreement waive any statute or rule of law to such effect. The Tort Committee has all requisite power and authority to enter into this Letter Agreement and to perform its obligations hereunder. This Letter Agreement has been duly and validly authorized by all necessary action on the part of the Tort Committee and has been duly executed and delivered by the Tort Committee and constitutes a legal, valid and binding agreement of the Tort Committee, enforceable in accordance with its terms. This Letter Agreement may be executed in any number of counterparts, each of which will be deemed an original and all of which will constitute one and the same instrument. Such counterparts may be delivered by one party to the other by facsimile or other electronic transmission, and such counterparts shall be valid for all purposes.



If the foregoing correctly sets forth our understanding, please sign the enclosed copy of this Letter Agreement in the space provided and return it to us.

Very truly yours,

Lincoln Partners Advisors LLC

By: _____
Name: Brent C. Williams
Title: Managing Director

Accepted and agreed to as of
the date first set forth above

Chairwoman, Official Committee of Tort Claimants


By: _____
Name:
Title:



If the foregoing correctly sets forth our understanding, please sign the enclosed copy of this Letter Agreement in the space provided and return it to us.

Very truly yours,

Lincoln Partners Advisors LLC

By: _____
Name: Brent C. Williams
Title: Managing Director

Accepted and agreed to as of
the date first set forth above

Chairwoman, Official Committee of Tort Claimants

By: _____
Name: KAREN M. LOCKHART
Title: Chair, Official Committee
of Tort Claimants

Page 7 of 9

Case: 19-30088   Doc# 1134-1   Filed: 03/30/19   Entered: 03/30/19 12:14:24   Page 14 of 16



**EXHIBIT I**

**INDEMNIFICATION AND REMEDIES**

1. **Indemnification**. In the event that Lincoln Advisors, Lincoln Advisors' affiliates, or any of their respective officers, directors, members, employees, agents, representatives or any person who controls any of them within the meaning of the federal securities laws (each such entity and person collectively being referred to hereinafter as an "Indemnified Party") becomes involved in any capacity in any actual or threatened investigation, dispute (whether or not formal proceedings are instituted and whether or not the Indemnified Person is a party), claim, action, suit or proceeding (in court, arbitration, mediation or otherwise) related to or arising out of Lincoln Advisors' engagement contemplated by the Letter Agreement (including, but not limited to, any objections to Lincoln Advisors' fees in the Chapter 11 Cases), then the Company will reimburse each Indemnified Party for all legal and other expenses relating thereto as the expenses are incurred. In addition, the Company agrees to indemnify and hold harmless each Indemnified Party from and against any and all losses, claims, damages, expenses and liabilities (collectively, "Losses") related to or arising out of (i) Lincoln Advisors' engagement contemplated by the Letter Agreement, except to the extent a court of competent jurisdiction shall have determined by a final judgment (without possibility of appeal) that such Losses were primarily caused by the gross negligence, bad faith, or willful misconduct of such Indemnified Party, and (ii) any untrue statement or alleged untrue statement of a material fact contained in the Information or the omission or alleged omission to state therein a material fact necessary in order to make the statements therein not misleading in light of the circumstances under which they were made. The Company's indemnification obligations are in addition to any liability that the Company might otherwise have to any Indemnified Party.

2. **Contribution**. If any indemnification or reimbursement sought by an Indemnified Party pursuant to the Letter Agreement is unavailable or insufficient to hold an Indemnified Party harmless, then (whether or not Lincoln Advisors is the Indemnified Party) the Company shall contribute to the Losses for which such indemnification or reimbursement is unavailable or insufficient in proportion to the relative economic interests of the Company on the one hand, and Lincoln Advisors on the other hand, in connection with the relevant matter. If the foregoing allocation according to relative economic interests is not permitted by applicable law, then the Company shall contribute in a proportion that reflects not only the relative economic interests referred to above, but also the relative fault of the Company, on the one hand, and Lincoln Advisors, on the other hand, as well as any other relevant equitable considerations. The Company and Lincoln Advisors agree that for the purposes of this paragraph, the relative economic interests of the Company and Lincoln Advisors in the matters contemplated by the Letter Agreement shall be deemed to be in the same proportion as (a) the total value paid or received or contemplated to be paid or received by the Company in the transaction, whether or not any transaction is consummated, bears to (b) the fees actually paid to Lincoln Advisors under the Letter Agreement.

3. **Limitations.** In no event shall any Indemnified Party be liable in connection with any matter relating to the engagement of Lincoln Advisors pursuant to the Letter Agreement, except to the extent that a court having competent jurisdiction shall have determined by final judgment (without possibility of appeal) that such liability was primarily caused by the gross negligence, bad faith or willful misconduct of such Indemnified Party. In no event shall any Indemnified Party be deemed grossly negligent to the extent such party is acting in accordance with or in reliance on the direction or authority of the Company or the Tort Committee. In no event shall any Indemnified Party be liable for lost profits, consequential damages, special damages, incidental damages, punitive damages or similar items other than actual damages, in connection with any matter relating to the engagement of Lincoln Advisors pursuant to the Letter Agreement.



4. **General.** The provisions of this Exhibit I shall remain in full force and effect whether or not any of the transactions contemplated by this Letter Agreement are consummated and shall survive the expiration or termination of the period of Lincoln Advisors' engagement. All capitalized terms defined in the Letter Agreement but not defined in this Exhibit I have the meanings set forth in the Letter Agreement.

Accepted and agreed to this
29th day of March, 2019

Chairwoman, Official Committee of Tort Claimants

By: _____
Name: KAREN H. LOCKHART
Title: Chair, Official Committee of Tort Claimants