# Exhibit B
## Declaration of Brent C. Williams

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

Robert A. Julian (SBN 99469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone:    628.208.6434
Facsimile:    310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone:    310.442.8875
Facsimile:    310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Proposed Counsel for Official
Committee of Tort Claimants*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | |
| -and- | Chapter 11 (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | |
| Debtors. | |
| ☐ Affects PG&E Corporation | **DECLARATION OF BRENT C. WILLIAMS IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002 TO RETAIN AND EMPLOY LINCOLN PARTNERS ADVISORS LLC AS A FINANCIAL ADVISER EFFECTIVE AS OF MARCH 1, 2019** |
| ☐ Affects Pacific Gas and Electric Company | |
| ■ Affects both Debtors | |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | |
| | Date:    April 22, 2019 |
| | Time:    9:30 a.m. (Pacific Time) |
| | Place:    United States Bankruptcy Court Courtroom 17, 16th Floor San Francisco, CA 94102 |
| | **Objections Due: April 15, 2019** |

Pursuant to section 1746 of title 28 of the United States Code, I, Brent C. Williams , hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1.    I am a Managing Director and Co-Head of Lincoln's Special Situations Group at Lincoln Partners Advisors LLC ("**Lincoln**"), which has its principal office at 500 West Madison Street, Suite 3900 Chicago, IL. I am authorized to execute this declaration on behalf of Lincoln. Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2.    I submit this Declaration in support of the Application (the "**Application**") of the Official Committee of Tort Claimants (the "**Committee**") of PG&E Corporation and Pacific Gas and Electric Company (collectively the "**Debtors**") for the entry of an order authorizing the Committee to retain and employ Lincoln as financial advisor to the Committee, effective as of March 1, 2019, pursuant to section 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and in accordance with the terms and conditions set forth in the engagement letter between the Committee and Lincoln dated March 1, 2019, including its terms for indemnification and contribution contained in **Exhibit 1** to the engagement letter (the "**Engagement Letter**").

3.    Lincoln is an internationally recognized investment bank with both extensive relevant experience and an excellent reputation in providing financial advisory services in other large and complex chapter 11 cases. Lincoln has deep experience assessing business models with characteristics similar to the Debtors', and Lincoln's professionals have significant experience directly relevant to the Cases including expertise in power infrastructure, regulatory-specific valuations, and complex energy valuations and claims analysis. As a global advisory firm, Lincoln offers services across multiple groups within the investment bank including the Capital Advisory Group, which includes the Special Situations and Debt Advisory groups of the investment bank, the Mergers & Acquisitions Group. Through its Valuation Group, Lincoln also performs certain limited financial reporting valuation engagements, primarily on behalf of asset management firms.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

Lincoln's Valuations group has an "ethics wall" with Lincoln's investment banking group and is separate and distinct from the Capital Advisory Group.

4. Lincoln professionals have been involved in the restructuring of over $100 billion in indebtedness and closed over 200 investment banking transactions in 2018 alone. Lincoln's Valuation Group regularly values over 1,600 companies on a quarterly basis including over 15 utility-specific valuation assignments. Members of Lincoln's Special Situation Group have represented over fifty official committees in developing and analyzing plans of reorganization, including among others, committees in *In re Chassix Holdings, Inc., et al*, No. 15-10578 (Bankr. S.D.N.Y. 2015), *In re K-V Discovery Solutions, Inc.,* No. 12-13346 (Bankr. S.D.N.Y. 2012), *In re Citadel Broad. Corp.*, No. 09-17442 (Bankr. S.D.N.Y. 2010), *In re Trico Marine Servs., Inc.*, No. 10-12653 (Bankr. D. Del. 2010), *In re Philadelphia Newspapers, LLC*, No. 09-11204 (Bankr. D. Del. 2009), *In re Hayes Lemmerz International Inc., et al.*, No. 09-11655 (Bankr. D. Del. 2009), *In re Global Power Equipment Group, Inc., et al.*, No. 06-11045 (Bankr. D. Del. 2006), *In re Dura Automotive Systems, Inc., et al.*, No. 06-11202 (Bankr. D. Del. 2006) and *In re Cable & Wireless USA, Inc., et al.*, No. 03-13711 (Bankr. D. Del. 2003). Lincoln's professionals have a proven track record in complex restructuring cases including in *In re Residential Capital, LLC, et al.*, No. 12-12020 (Bankr. S.D.N.Y. 2010), *In re Visteon Corporation, et al*, No. 09-11786 (Bankr. D. Del. 2009) and *In re Comdisco Holding Company, Inc.*, No. 01-24795 (Bankr. N.D. Ill. 2001). Lincoln's team is amply qualified to serve as the Committee's financial advisor as evidenced by the work of Lincoln's professionals in highly complex litigation assignments in *In re Washington Group International, Inc. et al.,* No. 01-31627 (Bankr. D. Nev. 2001), among other confidential mandates. Lincoln's professionals also have substantial experience in cases involving complex claims structure across multiple creditor classes, claims analysis, and claim reconciliation from their work in the Bernard L. Madoff Investment Securities LLC liquidating proceedings, and their work in *In re Garlock Sealing Technologies, LLC, et al.*, No. 10-31607 (Bankr. W.D. NC. 2010) and *In re W.R. Grace & Co., et al.*, No. 01-01139 (Bankr. D. Del. 2001). Lincoln also has expertise in managing asset recovery processes including non-traditional assets such as D&O proceeds from their work in *In re Black Elk Energy Offshore Operations, LLC*, No. 15-34287 (Bankr. S.D. Tex.

Case: 19-30088    Doc# 1134-2    Filed: 03/30/19    Entered: 03/30/19 12:14:24    Page 4 of 12

- 3 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

2015), *In re Washington Mutual Inc.*, No. 08-12229 (Bankr. D. Del. 2008) and *In re Touch America Holdings, Inc. et al*, No. 03-11915 (Bankr. D. Del. 2003). In *Touch America*, as the result of aggressive recovery strategies recommended by Lincoln's professionals, the Debtors' secured creditors, unsecured creditors, and preferred equity holders were all paid in full and equity holders received a material recovery.

5.    In connection with its proposed retention by the Committee in the Debtors' Cases, Lincoln obtained from the Committee and/or its representatives the names of individuals and entities that may be parties in interest (individually a "**Potential Party in Interest**" and collectively the "**Potential Parties in Interest**") in the Cases. Lincoln searched the name of each Potential Party in Interest in Lincoln's customer relationship management software platform (the "**Lincoln CRM**") to determine the names of each Potential Party in Interest that has entered into engagement agreements with Lincoln in the last two years. Additionally, where a search of the Lincoln CRM *did not* produce a name identical to the name of Potential Party In Interest but *did* produce a name that could potentially be an affiliate of an Potential Party in Interest or associated with a Potential Party in Interest by virtue of name similarity, Lincoln also identified and disclosed relationships with any such Potential Party in Interest.

6.    In several instances, the names on the Debtors' list of Potential Parties in Interest were very common and/or generic. As such, it was not possible to identify with certainty whether Lincoln has any client relationship to disclose for those specific names.

7.    To the extent that this inquiry revealed that any of the Potential Parties in Interest (or their apparent affiliates or entities that Lincoln believes to be affiliates, as the case may be) entered into any such engagement agreements with Lincoln within the last two years, such parties are listed on Schedule 1 annexed hereto.

8.    To the best of my knowledge and belief, Lincoln's representation of each entity listed on Schedule 1 (or their apparent affiliates or entities that Lincoln believes to be affiliates, as the case may be) was or is only on matters that are unrelated to the Debtors and these Cases. Other than as listed on Schedule 1, I am unaware of any investment banking engagements of Lincoln by the Potential Parties in Interest within the last two years.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

9. Given the size of Lincoln and the breadth of Lincoln's client base, however, it is possible that Lincoln may now or in the future be retained by one or more of the Potential Parties in Interest in unrelated matters without my knowledge. To the extent the Debtors discover and disclose additional Potential Parties in Interest during the course of these Cases, Lincoln will use reasonable efforts to identify whether a material relationship exists with any such parties. To the extent that Lincoln discovers or enters into any new, material relationship with Potential Parties in Interest, it will supplement this Declaration.

10. In addition to the parties listed on Schedule 1, Lincoln may also represent, or may have represented, affiliates, equity holders or sponsors of Potential Parties in Interest and Lincoln may have worked with, continue to work with, have or had mutual clients with, been represented by and/or advised certain accounting and law firms that are Potential Parties in Interest (and, in the case of law firms, may have entered into engagement agreements in which the law firm was named as client although the work was performed for a mutual client of Lincoln's and the applicable law firm). Lincoln may also represent, or may have represented in the past, committees or groups of lenders or creditors in connection with certain restructuring or refinancing engagements, which committees or groups include, or included, entities that are Potential Parties in Interest. Certain of the Potential Parties in Interest may also be vendors and/or have other non-investment banking relationships with Lincoln.

11. Although Lincoln has researched the Potential Parties in Interest list, the Debtors may have customers, creditors, competitors, and other parties with whom they maintain business relationships that are not included as Potential Parties in Interest and with whom Lincoln may maintain business relationships. In addition, as of the date hereof, Lincoln and its affiliates have approximately 500 employees worldwide. It is possible that certain of Lincoln's and its affiliates' respective directors, officers, and employees may have had in the past, may currently have, or may in the future have connections to (a) the Debtors, (b) Potential Parties in Interest, or (c) funds or other investment vehicles that may own debt or securities of the Debtors or Potential Parties in Interest.

12.     Presently, Lincoln's Valuations Group, which has an "ethics wall" with Lincoln's investment banking group and is separate and distinct from the Capital Advisory Group, performs certain limited financial reporting valuation engagements for the asset management affiliates of certain of the Debtors' lenders as listed in Schedule 1. These financial reporting and valuation engagements are unrelated to the Debtors and their Cases.

13.     Lincoln provided mergers & acquisitions advisory services or debt advisory services to certain of the Debtors' vendors or ordinary course professionals. These services were provided in matters unrelated to the Debtors and their Cases.

14.      Other than as disclosed herein, Lincoln has no relationship with the Debtors of which I am aware after due inquiry. Based on the foregoing, I believe Lincoln is disinterested as defined in section 101(14) of the Bankruptcy Code and does not hold or represent an interest materially adverse to the Debtors or their estates.

15.     The compensation structure, including the indemnification obligations, set forth in the Application and Engagement Letter were negotiated at arms' length, and are consistent with

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

Lincoln's typical compensation for work of this nature. The indemnification terms sought here have been standard for Lincoln engagements for years, and I believe them to be comparable to those generally obtained by financial advisory firms of similar stature to Lincoln for comparable engagements, both in and out of court. I am not aware of any restructuring engagements, whether in or out of court, where Lincoln has been engaged with indemnification provisions that are not consistent in all material respects with those requested here.

Dated:          March 29, 2019

Brent C. Williams
Managing Director and Co-Head of Special Situations Group
Lincoln Partners Advisors LLC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO , CA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

# Schedule 1

Engagements with Interested Parties/Potentially Interested Parties

SCHEDULE 1

| POTENTIAL PARTIES IN INTEREST | RELATIONSHIP TO DEBTORS | NAME OF ENTITY IN THE LINCOLN CRM | RELATIONSHIP TO LINCOLN |
|---|---|---|---|
| Deutsche Bank, Deutsche Bank Trust Company Americas, Deutsche Bank National Trust Company | Bank Accounts, Top Unsecured Creditors, Top Unsecured Notes, Unsecured Notes, Interested Parties / Notice of Appearance Parties | Deutsche Bank AG | Current Valuation Group client on matters unrelated to the Debtors or the Chapter 11 Cases |
| | | Deutsche Bank Securities, Inc. | Current Valuation Group client on matters unrelated to the Debtors or the Chapter 11 Cases |
| Morgan Stanley / ISG Operations, Morgan Stanley Bank, N.A., Morgan Stanley Senior Funding, Inc., Morgan Stanley Capital Group Inc., Morgan Stanley Bank, Morgan Stanley Bank/ Morgan Stanley Senior Funding, Morgan Stanley Senior Funding | Bank Accounts, Term and Revolving Loan Lenders and Administrative Agents, Contract Counterparties, Unsecured Notes | Morgan Stanley | Current Valuation Group client on matters unrelated to the Debtors or the Chapter 11 Cases |
| Goldman Sachs Bank USA, Goldman Sachs | Term and Revolving Loan Lenders and Administrative Agents, Unsecured Notes | Goldman Sachs Middle Market Lending Corp. | Current Valuation Group client on matters unrelated to the Debtors or the Chapter 11 Cases |
| | | Goldman Sachs BDC | Current Valuation Group client on matters unrelated to the Debtors or the Chapter 11 Cases |
| Lehman Brothers Commodity Services, Lehman Brothers | Contract Counterparties, Unsecured Notes | Lehman Brothers | Current Valuation Group client on matters unrelated to the Debtors or the Chapter 11 Cases |
| UBS AG (Switzerland), UBS Investment Bank, UBS Securities | Contract Counterparties, Unsecured Notes | UBS O'Connor LLC | Current Valuation Group client on matters unrelated to the Debtors or the Chapter 11 Cases |

Case: 19-30088    Doc# 1134-2    Filed: 03/30/19    Entered: 03/30/19 12:14:24    Page 10 of 12

SCHEDULE 1

| POTENTIAL PARTIES IN INTEREST | RELATIONSHIP TO DEBTORS | NAME OF ENTITY IN THE LINCOLN CRM | RELATIONSHIP TO LINCOLN |
|---|---|---|---|
| | | UBS Investment Bank | Current Valuation Group client on matters unrelated to the Debtors or the Chapter 11 Cases |
| | | UBS Securities LLC | Current Valuation Group client on matters unrelated to the Debtors or the Chapter 11 Cases |
| Latham & Watkins LLP, Latham & Watkins | Non-Debtors Professionals, Ordinary Course Professionals | Latham & Watkins LLP | Counsel to a past Valuation Group client on matters unrelated to the Debtors or the Chapter 11 Cases |
| Paragon, Paragon Enterprises | Ordinary Course Professionals, Vendors | Paragon Partners GmbH | Past client on matters unrelated to the Debtors or the Chapter 11 Cases |
| BlackRock, Inc., BlackRock Fund Advisors | Significant Shareholders (more than 5% of equity), Significant holder of voting securities | BlackRock Financial Management, Inc. | Current Valuation Group client on matters unrelated to the Debtors or the Chapter 11 Cases |
| | | BlackRock Financial Management, Inc. | Current Valuation Group client on matters unrelated to the Debtors or the Chapter 11 Cases |
| Intren, LLC | Vendors | Intren, Inc. | Past client on matters unrelated to the Debtors or the Chapter 11 Cases |
| Quantum Spatial, Inc. | Vendors | Quantum Spatial, Inc. | Past client on matters unrelated to the Debtors or the Chapter 11 Cases |

Case: 19-30088    Doc# 1134-2    Filed: 03/30/19    Entered: 03/30/19 12:14:24    Page 11 of 12

| POTENTIAL PARTIES IN INTEREST | RELATIONSHIP TO DEBTORS | NAME OF ENTITY IN THE LINCOLN CRM | RELATIONSHIP TO LINCOLN |
|---|---|---|---|
| Schneider Electric Systems USA, Inc, Schneider Electric USA | Vendors | Schneider Electric SA | Past client on matters unrelated to the Debtors or the Chapter 11 Cases |