McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
H Annie Duong, #319953
*annie.duong@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone: (559) 433-1300
Facsimile: (559) 433-2300

Attorneys for Creditor
PHILIP VERWEY d/b/a
PHILIP VERWEY FARMS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **In Re** <br><br> **PG&E CORPORATION** <br><br> **and** <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> Debtors. <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Corporation <br> ☒ Affects both Debtors <br><br> \*\*All papers shall be filed in the Lead Case No. 19-30088 DM | Bankruptcy Cases <br> 19-30088-DM (Lead Case) <br> 19-30089-DM <br><br> (Jointly Administered) <br><br> **MOTION FOR RELIEF FROM AUTOMATIC STAY TO EXERCISE SETOFF PURSUANT TO 11 U.S.C. §§ 362 AND 553; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> (11 U.S.C. §§ 362(d), 553(a), 562) |

# TABLE OF CONTENTS

I. JURISDICTION ........................................................................................................................ 1

II. INTRODUCTION AND SUMMARY OF FACTS ................................................................ 1

III. ARGUMENT ......................................................................................................................... 3

    A.    PVF Is Entitled To Withhold Funds From Debtor To Exercise Setoff Rights ......... 3

    B.    This Court Should Grant PVF Relief From Automatic Stay To Exercise Setoff ..... 4

        1.    PVF's Claim For Setoff Meet Section 553(a) Requirements ....................... 5

        2.    PVF's Right To Setoff Is Permitted Under State Law ................................ 7

        3.    Relief From The Automatic Stay To Exercise Setoff Is Appropriate And Will Not Prejudice The Debtors ............................................................. 9

    C.    PVF's General Claims Are Eligible To Exercise Setoff ........................................ 10

        1.    *Section 553 of The Bankruptcy Code Does Not Require A Setoff Claim To Be Liquidated or Non-Contingent* ................................................................ 10

        2.    *Even If Required, The General Claims Are Non-Contingent And Liquidated For Purposes Of Exercising A Setoff* ............................................................ 11

IV. CONCLUSION ................................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Advance Indus. Finance Co. v. Western Equities, Inc.*
   173 Cal. App. 2d 420 (Cal. Ct. App. 1959) ................................................................. 11

*Bird, II v. Carl's Grocery Co.* (*In re NWFX, Inc.*)
   864 F.2d 593, 595 (8th Cir. 1989) ............................................................................ 6

*Bohack Corp. v. Borden, Inc.* (*In re Bohack Corp.*) 599 F.2d 1160, 1165 (2d Cir. 1979) ............. 6

*Braniff Airways, Inc. v. Exxon Co.*, USA., 814 F.2d 1030, 1041 (5th Cir. 1987) ..................... 5, 7

*Briggs v. Stovin* (*In re Lux Int'l, Ltd.*), 219 B.R. 837, 841 (9th Cir. BAP) ........................ 5

*Citizens Bank of Maryland v. Strumpf,* 516 U.S.16 (1995) ............................................. 4, 5

*FDIC v. Ching*, 189 F. Supp.3d 978 (E.D.Cal. 2016) ................................................... 9

*Ginger Root Office Associates, LLC v. Advanced Packing & Products*, 2009 WL 10672775 (C.D.Cal.
   Feb. 18, 2009) .................................................................................................. 10

*Great Western Drywall, Inc. v. Roel Construction Co.*, Inc., 166 Cal.App.4th 761 (Cal. Ct. App. 2008)
   .................................................................................................................. 10

*Harrison v. Adams*, 20 Cal. 2d 646 (Cal. 1942) ....................................................... 10

*In re All Media Properties, Inc.*, 5 B.R. 126 (Bankr. S.D. Tex. 1980) ............................. 14

*In re Barry P. Parker's, Inc.*, 33 B.R. 115 (Bankr. M.D. Tenn. 1983) ............................... 8

*In re Bridge Info. Sys., Inc. v. Gulfcoast Workstation Corp.*, 314 B.R. 421, 430-431 (Bankr. E.D. Mo.
   2004) .......................................................................................................... 6, 7, 9

*In re Buckenmaier*, 127 B.R. 233 (B.A.P. 9th Cir. 1991) ........................................... 5, 7, 8

*In re Calderone*, 166 B.R. 825 (Bankr. W.D. Pa. 1994) ............................................. 12

*In re Clark*, 91 B.R. 570 (Bankr. D. Colo. 1988) ..................................................... 15

*In re Coleman*, 52 B.R. 1 (Bankr. S.D. Ohio 1985) ................................................... 6

*In re Davidovich,* 901 F.2d 1533 (10th Cir. 1990) ................................................... 5

*In re DeLaurentiis Entertainment Group, Inc.*, 963 F.2d 1269, 1277 (9th Cir. 1992) ............. 6, 13

*In re Doyle*, 340 B.R. 381 (Bankr. D. Or. 2006) ..................................................... 14, 15

*In re Ealy*, 392 B.R. 408 (Bankr. E.D. Ark. 2008) ................................................... 5, 11

*In re Faasoa*, 576 B.R. 631 (S.D. Cal. 2017) ......................................................... 12

*In re Gehrke*, 158 Bankr. 465, 468 (Bankr. N.D. Iowa 1993) ...................................... 3

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

*In re Huelbig*, 299 B.R. 721 (Bankr. D.R.I. 2003) ............................................................................. 16

*In re Lewis*, 157 B.R. 253 (Bankr. E.D. Va. 1993) ............................................................................ 15

*In re Luz Intern., Ltd.*, 219 B.R. 837(B.A.P. 9th Cir.1998) .............................................................. 8

*In re Matter of Corland Corp.*, 967 F.2d 1069 (5th Cir. 1992); ......................................................... 5

*In re McGarry*, 230 B.R. 272 (Bankr. W.D. Pa. 1999) ................................................................... 14

*In re Metropolitan Hosp.*, 131 B.R. 283, 288 (E.D. Pa. 1991) ......................................................... 4

*In re Morristown Lincoln-Mercury, Inc.*, 42 B.R. 413 (Bankr. E.D. Tenn. 1984) ......................... 13

*In re Nicholes*, 184 B.R. 82 (B.A.P. 9th Cir. 1995). ....................................................................... 15

*In re Nuclear Imaging Sys., Inc.*, 260 B.R. 724 (Bankr. E.D. Pa. 2000) .................................. 6, 11

*In re Olson*, 175 B.R. 30 (Bankr. D. Neb. 1994) ............................................................................ 12

*In re Ristic*, 142 B.R. 856 (Bankr. E.D. Wis. 1992) ....................................................................... 14

*In re Tillery*, 149 B.R. 576, 581 (Bankr. W.D. Ark 1995). ........................................................ 3, 4

*In re Verco Industries,* 704 F.2d 1134 (9th Cir. 1983) ..................................................................... 7

*In re Wiencko*, 275 B.R. 772 (Bankr. W.D.Va. 2002) ................................................................... 16

*Jess v. Herrmann*, 26 Cal.3d 131 (Cal. 1979) ................................................................................ 10

*Meherin v. Saunders*, 131 Cal. 681, 693 (Cal. 1901) .................................................................... 10

*Newberry Corp. v. Fireman's Funds Ins. Co*, 995 F.3d 1392 (9th Cir. 1996) ............................... 11

*Pennsylvania Dep't of Public Welfare v. Davenport*, 495 U.S. 552 (1990) .................................... 7

*Scherling v. Chase Manhattan Bank, N.A.* (*In re Tilston Roberts Corp.),* 75 B.R. 76, 79 (S.D.N.Y 1987)   6

*Small Business Admin. v. Rinehart*, 887 F.2d 165, 168 (8th Cir. 1989) ..................................... 4, 5

*United States. v. May*, 211 B.R. 991 (Bankr. M.D. Fla. 1997) ...................................................... 15

*Waidschmidt v. Columbia Gulf Transmission Co. (In re Fulghum Construction Corp.),* 23 B.R. 147 (Bankr. M.D. Tenn. 1982) ..................................................................................................... 9

*Western Dealer Management, Inc. v. England* (*In re Bob Richards Chrysler-Plymouth Corp., Inc.*), 473 F.2d 262 (9th Cir. 1973) .......................................................................................................... 8

*Whitman v. SeedTec Int'l Inc.*, 38 B.R. 395 (Bankr. N.D. 1984) .................................................... 13

**Statutes**

11 U.S.C. § 101 ............................................................................................................ 7, 8, 13

11 U.S.C. § 1107 ................................................................................................................ 2

11 U.S.C. § 1108 ................................................................................................................ 2

11 U.S.C. § 362(a), (d) ....................................................................................................... 4

11 U.S.C. § 542(b) .......................................................................................................... 3, 4

11 U.S.C. § 553(a) .................................................................................................. 3, 4, 9, 13

11 U.SC. § 506(a) ............................................................................................................... 9

28 U.S.C. § 1408 ................................................................................................................ 1

28 U.S.C. § 1409 ................................................................................................................ 1

28 U.S.C. 1334 ................................................................................................................... 1

Cal. Civ. Proc. 431.70 ...................................................................................................... 10

Fed. R. Bankr. P. 1015(b) ................................................................................................... 2

Local Rule 5011-1(a) ......................................................................................................... 1

TO THE COURT AND ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

Creditor Philip Verwey d/b/a Philip Verwey Farms (hereinafter "PVF"), by and through his undersigned counsel, hereby moves this Court and submits this memorandum of points and authorities for an entry of an Order (a) declaring PVF properly withheld funds to satisfy mutual debts to Debtor Pacific Gas and Electric Company ("PG&E") pending determination of its setoff rights and (b) granting PVF relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and 553 to exercise a setoff between the mutual debts, or in the alternative, continuing its motion for relief pending an adversary proceeding of the same (the "Motion"). This Motion is supported by the declaration of Philip Verwey ("Verwey Declaration"), filed concurrently with this Motion, and the attachments and exhibits attached thereto. PVF respectfully represents the following in support of this Motion:

## I.
## JURISDICTION

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California, and the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.). This Court has authority to hear this Motion, as it is a core proceeding within the meaning of 28 U.S.C. § 157(b) and venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.
## INTRODUCTION AND SUMMARY OF FACTS

PVF operates a dairy cattle business and renewable energy business, both of which operate out of the Central Valley in California. *See* Declaration of Philip Verwey In Support of Motion For Relief From Automatic Stay To Exercise Setoff Pursuant To 11 U.S.C. §§ 362 And 553 (hereinafter "Decl. Verwey"), ¶ 2. The dairy business and renewable energy business work jointly – the dairy cattle produce the waste necessary to process renewable energy and the renewable energy is used to operate the dairy. *Id*. PVF is a continuing customer of Debtor PG&E and heavily relies on its utility services to conduct and operate both businesses. *Id.*

On April 6, 2018, PG&E breached its duties when it negligently rerouted a circuit regulator, which resulted in a high voltage surge causing an explosion on PVF's property. *See* Decl. Verwey ¶3. After PVF repaired the damages and a PG&E agent repaired the circuit regulator, a second high voltage power surge caused another explosion on PVF property on April 11, 2018. *See* Decl. Verwey ¶4. Both times, the explosions damaged the facilities, buildings, equipment, and generator effectively halting PVF's dairy operations and caused major property damages and deprived PVF of significant revenues (collectively, "**General Claims**"). *See* Decl. Verwey ¶ 5.

On December 31, 2018, PVF filed claims with PG&E to pursue its remedies pursuant to PG&E's administrative procedures. *See* Decl. Verwey ¶ 8. But before PVF's claims were rejected or accepted, Debtors PG&E Corporation and Pacific Gas & Electric Corporation (collectively the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on January 29, 2019 ("Petition Date"). *See* Decl. Verwey ¶ 11. The Debtors' cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the Order Directing Joint Administration entered by this Court on January 31, 2019. *See* ECF No. 207. The Debtors have continued to operate and manage their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. *See* ECF No. 209-223, 439, 695. Pursuant to the bankruptcy, PVF is automatically precluded from bringing legal action and asserting its claims in court against PG&E.

Prior to the Debtors' bankruptcy, PVF entered into a contract with PG&E to construct an interconnection unit pipeline from the dairy digesters on PVF property to PG&E's distribution line. *See* Decl. Verwey ¶ 15. The contract provided that PVF agreed to pay PG&E for the costs of the construction. *Id.* PVF received invoices for one hundred twenty-six thousand three hundred fifty-eight dollars and forty-seven cents ($126,358.47) from PG&E for the costs of constructing the interconnection unit pipeline ("**Interconnection Charges**"). *See* Decl. Verwey ¶ 16.

In addition, PVF continued using PG&E's services necessary to operate its businesses and incurred charges for electricity and gas usage for its properties. As of the Petition Date, PVF was obligated to pay PG&E for its electricity and gas usage in the amount of two hundred sixty-four thousand three hundred thirty-five dollars and seventy cents ($264,335.70) ("**Usage Charges**"). *See* Decl. Verwey ¶ 13. Thus, the total PVF is obligated to pay PG&E is three hundred ninety thousand

eight hundred seventy-four dollars and seventeen cents ($390,874.17) ("**Setoff Claims**"). *See* Decl. Verwey ¶ 18.

On February 14, 2019, PVF filed a proof of claim against PG&E for the above claims. On March 5, 2019, PVF filed an amended proof of claim asserting its rights to setoff pursuant to Sections 542(b) and 553 of the Bankruptcy Code. PVF's claim is listed on PG&E's Schedule EF: Unsecured Creditors as contingent, unliquidated, and disputed and not subject to offset. See ECF No. 906.

## III.
## ARGUMENT

### A. PVF Is Entitled To Withhold Funds From Debtor To Exercise Setoff Rights

Section 542(b) of the Bankruptcy Code in pertinent part provides that:

> An entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 533 of this title against a claim against the debtor.

Similarly, Section 553(a) of the Bankruptcy Code in pertinent part provides:

> This title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case.

"In order to effect a setoff, in or outside of the bankruptcy context, the creditor need be holding the funds of the debtor." *In re Tillery*, 149 B.R. 576, 581 (Bankr. W.D. Ark 1995). "Once the funds are turned over, there can be no 'setoff.' *Id.* (citing *In re Gehrke*, 158 Bankr. 465, 468 (Bankr. N.D. Iowa 1993) ("Once the deposit is paid out, there is no longer a debt which the bank may offset against a debt the depositor owes the bank. Turnover to the trustee of the debtor's property precludes any subsequent claim of setoff by the creditor who had held the property."); see also *Citizens Bank of Maryland v. Strumpf,* 516 U.S. 16 (1995) (debtor defeats setoff if the funds are removed.").) there is no method in the Bankruptcy Code by which the creditor can compel a debtor to return the entire amount of the funds in order to effect a setoff." *In re Tillery*, at 581. "Once those funds are in the hands of the debtor or trustee, the right to setoff is gone." *Id.* The creditor has lost its lien, as provided

by section 506, and its right to setoff." *Id.*

Under the statutes and relevant case law, PVF is required to hold on to funds belonging to the Debtor PG&E in order to effect a setoff under the Bankruptcy Code. Accordingly, PVF respectfully requests the Court grant its motion for declaratory relief specifying PVF is entitled to withhold funds from Debtor PG&E for the Usage Charges and the Interconnection Charges up to the Petition Date until the Court has conclusively determined whether PVF has the right to setoff its claims against PG&E pursuant to Sections 542(b) and 533(a) of the Bankruptcy Code.

**B.     This Court Should Grant PVF Relief From Automatic Stay To Exercise Setoff**

Pursuant to section 362 of the Bankruptcy Code, an automatic stay went into effect upon the commencement of the Debtor's case, which is in effect as of the Petition Date. The automatic stay expressly prohibits "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor." 11 U.S.C. § 362(a)(7); *In re Metropolitan Hosp.*, 131 B.R. 283, 288 (E.D. Pa. 1991); *SBA v. Rinehart*, 887 F.2d 165, 168 (8th Cir. 1989). The stay is meant to protect a debtor from interference with its efforts to successfully reorganize; upon request of a party in interest and after notice and a hearing, the Court his empowered to grant relief from the stay in order to effectuate a setoff. 11 U.S.C. § 362(d). Thus, a creditor must seek and obtain relief from the automatic stay or must otherwise obtain an order allowing the setoff. *Braniff Airways, Inc. v. Exxon Co.*, USA., 814 F.2d 1030, 1041 (5th Cir. 1987).

The right of setoff, or offset, allows creditors and debtors that owe each other monies to apply their mutual debts against each other, thereby avoiding "the absurdity of making A pay B when B owes A." *Strumpf* at 18. Although there is no federal right of setoff created by the Bankruptcy Code, section 553(a) permits that whatever right of setoff that otherwise exists is preserved in bankruptcy. *Id.* The right of setoff is preserved and is only stayed pending an "orderly examination of the debtor's and creditor's rights." *Briggs v. Stovin* (*In re Lux Int'l, Ltd.*), 219 B.R. 837, 841 (9th Cir. BAP); *In re Matter of Corland Corp.*, 967 F.2d 1069 (5th Cir. 1992); *Rinehart*, 887 F.2d at 169. A creditor's right to setoff a mutual, pre-petition debt survives even after the discharge of the debtor, because it would "be unfair to deny a creditor the right to recover an established obligation while requiring the creditor to fully satisfy a debt to a debtor." *In re Buckenmaier*, 127 B.R. 233, 237 (B.A.P. 9th Cir. 1991)

(citing *In re Davidovich,* 901 F.2d 1533, 1539 (10th Cir. 1990). "It was to avoid this unfairness to creditors that setoffs were allowed in bankruptcy in the first place. *Id.*

Courts are generally permitted entitled to discretion in permitting setoff. Once a creditor establishes is right to setoff, the creditor has established a prima facie showing of "cause" for relief from the automatic stay under section 362(d)(1). *In re Ealy*, 392 B.R. 408, 414 (Bankr. E.D. Ark. 2008) (*citing In re Nuclear Imaging Sys., Inc.*, 260 B.R. 724, 730 (Bankr. E.D. Pa. 2000); *In re Coleman*, 52 B.R. 1, 3 (Bankr. S.D. Ohio 1985).

However, compelling circumstances must be found before a setoff is disallowed. *See Bird, II v. Carl's Grocery Co.* (*In re NWFX, Inc.*), 864 F.2d 593, 595 (8th Cir. 1989) (compelling reasons required to disallow setoff); *Scherling v. Chase Manhattan Bank, N.A.* (*In re Tilston Roberts Corp.),* 75 B.R. 76, 79 (S.D.N.Y 1987) (citing *Bohack Corp. v. Borden, Inc.* (*In re Bohack Corp.)* 599 F.2d 1160, 1165 (2d Cir. 1979)), stating that "[t]he Second Circuit has repeatedly favored the allowance of setoffs, and has noted specifically its reluctance to disturb the Bankruptcy Code's policy of allowing setoffs unless compelling circumstances require it.").

Further, the Court's discretion to deny an otherwise proper setoff remedy under section 533(a) is limited to "only those rare cases where fraud or illegal conduct is present." *In re Bridge Info. Sys., Inc. v. Gulfcoast Workstation Corp.*, 314 B.R. 421, 430-431 (Bankr. E.D. Mo. 2004) (citing *In re DeLaurentiis Entertainment Group, Inc.*, 963 F.2d 1269, 1277 (9th Cir. 1992), cert. denied 506 U.S. 918 (1992). The Court reasoned that a "creditor's right to setoff pre-petition mutual debts with the debtor has a long and venerable tradition in bankruptcy and therefore a presumption exists in favor of enforcing a creditor's right to setoff under § 553(a)." *Id.* Additionally, the text and legislative history of § 533(a) itself makes it clear that the purpose of the statute is to preserve a creditor's state law rights to setoff pre-petition mutual debts in bankruptcy." *Id.* "There is nothing in the text or the legislative history of § 533(a) or any other Code provision that gives the court the power to diminish that right." *Id.*

### 1. PVF's Claim For Setoff Meet Section 553(a) Requirements

In addition to being authorized under state law, Section 553(a) imposes two additional requirements before a setoff may be asserted: timing and mutuality. *In re Verco Industries,* 704 F.2d

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1134, 1130 (9th Cir. 1983).

### a. The Timing Requirement Is Satisfied Because Both Obligations Are Pre-Petition Debts

For timing, under section 553(a), to maintain a right of setoff, a creditor must prove that a debt exists from the creditor to debtor which arose prior to the commencement of the bankruptcy case; the creditor has a claim against the debtor which arose prior to the commencement of the bankruptcy case. *Braniff Airways*, 814 F.2d at 1030. In other words, it requires that the two debts must have arisen pre-petition. *In re Buckenmaier*, 127 B.R. at 238. Although a prepetition could not be setoff against a postpetition debt, the right to setoff may be asserted in a bankruptcy even though one of the debts involved is absolutely owing but not presently due when the petition is filed. *Braniff Airways*, 814 F.2d at 1030 (5th Cir. 1987).

The Bankruptcy Code takes an expansive approach to the terms "claim" and "debt" and the meanings are co-extensive. *Pennsylvania Dep't of Public Welfare v. Davenport*, 495 U.S. 552 (1990). A "debt" is defined as a "liability on a claim." 11 U.S.C. § 101(11). A "claim is defined as "a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed undisputed, legal, equitable, secured or unsecured." 11 U.S.C. § 101(4)(A).

### b. The Debts Are Mutual As They Are Between The Same Parties And Due And Owing In The Same Capacity

For mutuality, the debt and the claim must be mutual obligations. The mutuality requirement means "the obligations must be between the same parties and must be owing and due in the same rights and capacity." *In re Barry P. Parker's, Inc.*, 33 B.R. 115, 117 (Bankr. M.D. Tenn. 1983). "In order for debts to be mutual, something must be owed by both sides. *Buckenmaier*, 127 B.R. at 238. "Capacity" refers to the nature of the relationship between the parties. *In re Luz Intern., Ltd.*, 219 B.R. 837, 847-48 (B.A.P. 9th Cir.1998). The mutuality requirement in bankruptcy is strictly construed. Thus, where a debt arises from a fiduciary duty or is in the nature of a trust, courts have held no mutuality for setoff purposes. *See Western Dealer Management, Inc. v. England* (*In re Bob Richards Chrysler-Plymouth Corp., Inc.*), 473 F.2d 262 (9th Cir. 1973).

However, it is not necessary that the mutual obligations be of the same character or arise from

the same transaction. Tort claims may be setoff against contractual ones which arise from totally different transactions and statutory claims may be setoff against obligations arising in equity. *Buckenmaier,* 127 B.R. at 238; Collier on Bankruptcy ¶ 553.03(3)(e). The right to setoff can be asserted despite having multiple contingencies because of the Bankruptcy Code's expansive definitions of "claim" and "debt." *Id*. at 239. It is a long-standing rule that the right of setoff exists if the debt is absolutely owing at the time of the petition even though not due or liquidated. *Barry*, 33 B.R. at 117 (quoting *Waidschmidt v. Columbia Gulf Transmission Co. (In re Fulghum Construction Corp.),* 23 B.R. 147, 151-152 (Bankr. M.D. Tenn. 1982).

Here, it is clear that the claims and debts between PVF and Debtor PG&E are mutual as they are between the same parties and mutually due owing and due as of the Petition Date. At the very core, PVF and Debtor are in a servicer-customer relationship. It is because of this relationship that PVF, as a customer, incurred Usage Charges and Interconnection Charges due and owing to PG&E before the bankruptcy. Likewise, PG&E, as a servicer, failed to exercise reasonable care in its servicing and repair of a circuit regulator to provide such electric and gas services to its customers causing PVF significant damages and losses due and owing to PVF before bankruptcy. There are no third parties involved, no fiduciary relationship exists between the parties, and both of these claims occurred pre-bankruptcy. Accordingly, PVF holds a valid right to assert a setoff of PVF's General Claims with PG&E's Setoff Claims.

**2.    PVF's Right To Setoff Is Permitted Under State Law**

Section 533(a) provides in relevant part that the Bankruptcy Code does not alter a creditor's right to offset a "mutual debt" owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case. If setoff is allowed, the claim of the creditor subject to setoff under section 533(a) is a secured claim to the extent of the amount subject to setoff. 11 U.SC. § 506(a). Because section 553(a) does not establish an independent federal right to setoff, courts must examine applicable state law to determine the creditor's substantive setoff rights." *Gulfcoast*, 314 B.R. at 428.

Under California law, an offset must normally rest on a claim enforceable in its own right.

*FDIC v. Ching*, 189 F. Supp.3d 978, 998 (E.D.Cal. 2016). Under Code of Civil Procedure section 431.70, a party is authorized to assert a statutory offset for cross-demands for money between parties to the same lawsuit. There is no requirement that one party's setoff claim arise from the same events as the other party's claim. *Ginger Root Office Associates, LLC v. Advanced Packing & Products*, 2009 WL 10672775 (C.D.Cal. Feb. 18, 2009). The statute requires only that "the claim that is the basis of the setoff claim 'have existed' at some point in time concurrent with" the other party's claim. *Id.*; *See* Cal. Civ. Proc. § 431.70. Whether rooted in tort or contract, unliquidated claims have as much force as liquidated claims and may be used to effectuate a setoff. *See Great Western Drywall, Inc. v. Roel Construction Co.*, Inc., 166 Cal.App.4th 761, 768-69 (Cal. Ct. App. 2008) (permitting award of unliquidated tort damages to a cross-complainant as a setoff against other party's liquidated contract damages).

The right to offset is preeminently an equitable doctrine and a "court of equity will compel a setoff when mutual demands are held under such circumstances that one of them should be applied against the other and only the balance recovered. *Harrison v. Adams*, 20 Cal. 2d 646, 649 (Cal. 1942). The "insolvency of the party against whom the relief is sought affords sufficient ground for invoking this principle." *Meherin v. Saunders*, 131 Cal. 681, 693 (Cal. 1901). The fact that the demand of a party has not been reduced to judgment is no obstacle to its allowance as a set-off against a judgment. *Id.* Such a set-off may be compelled even against an assignee of the judgment who took without notice and for value. *Id.* The "setoff procedure simply eliminates a superfluous exchange of monies between the parties." *Jess v. Herrmann*, 26 Cal.3d 131, 137 (Cal. 1979).

The court in *Advance Indus. Finance Co. v. Western Equities*, *Inc.*, 173 Cal. App. 2d 420, 427 (Cal. Ct. App. 1959), explained that:

> It is a general rule that the right to offset exists when the parties hold mutual cross-demands under such circumstances that in equity they should be applied one against the other. However, in order to warrant an offset the debts must be mutual and the principle of mutuality requires that the debts should not only be due to and from the same person, but in the same capacity (*internal citations omitted*).

In the instant case, the Setoff Claims occurred concurrently as the General Claims and both accrued before the Petition Date. In addition, the Setoff Claims are enforceable in their own right. If

PVF fails to satisfy its obligation to PG&E through either the Usage Charges or Interconnection Charges, PG&E would have the ability to pursue remedies against PVF. Lastly, the General and Setoff Claims easily meet California's mutuality requirement because they are both due and owing from the same two parties, PVF and PG&E. Further, the parties hold the mutual obligations in the same capacity, that is PVF and PG&E incurred the obligations as a result of their servicer-customer relationship. PVF would not have incurred the Setoff Claims but for PG&E being its utility servicer. PG&E would not have incurred the General Claims but for PVF being a customer of its utility services. Thus, the PVF is entitled to assert a setoff under California law and therefore, is entitled to assert a setoff under Section 553 and 542(b) of the Bankruptcy Code.

### 3. Relief From The Automatic Stay To Exercise Setoff Is Appropriate And Will Not Prejudice The Debtors

The right of setoff is permissive, not mandatory and rests in the discretion of the court. *Newberry Corp. v. Fireman's Funds Ins. Co*, 995 F.3d 1392, 1399 (9th Cir. 1996). Once a prima facie case is shown, the burden shifts to the debtor to rebut the prima facie showing. *In re Ealy*, 392 B.R. at 414; *Nuclear*, 260 B.R. at 730; *In re Olson*, 175 B.R. 30, 33 (Bankr. D. Neb. 1994). Courts have denied setoffs when (1) where it would jeopardize a debtor's ability to reorganize and (2) in a liquidation case if it results in a preference or priority over other unsecured creditors. *See In re Faasoa*, 576 B.R. 631, 639 (S.D. Cal. 2017).

Permitting PVF to offset the Usage claims will not impede the debtor's fresh start and would not interfere with the pending cases. Although the Debtors are in the early stages of reorganization, the case has been proceeding briskly including applications for employment of counsel and other officers, including Special Corporate Defense Counsel, docket No. 911, Administrative Advisor, Docket No. 896, Investment Banker, docket No. 892, Attorneys for Debtor, Docket No. 872, Employ AP Services LLP, Docket No. 868., Employ Corporate and Litigation Counsel, Docket No. 1025., and issued Orders authorizing the Debtors to pay prepetition wages and salaries, Docket No. 439, prepetition taxes and assessments, Docket No. 1045, granting relief from automatic stay with respect to workers compensation claims, Docket No. 695, and other debtors-in-possession actions.

The Motion also does not jeopardize the debtor's plan of reorganization or prejudice other

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

creditors. With this Motion, PVF is seeking to only setoff its own damages and injuries with a mutual obligation to reduce its overall recovery against the estate. In actuality, the setoff assists PG&E in pursuing its plan of reorganization because it does not seek distribution from the Debtor's assets thereby allowing it to satisfy other creditors' claims and meet their other obligations. *See In re Calderone*, 166 B.R. 825, 830 (Bankr. W.D. Pa. 1994) ("A creditor asserting setoff is not requesting distribution from the bankruptcy estate res but is seeking to satisfy a debt owed to it by the debtor to the extent of the debt it owes to the debtor.") The amount of debt that PVF seeks to setoff is nominal in the larger scope of the debtor's plan of reorganization and represents about a billionth of a percentage of the Debtor's scheduled assets.

Lastly, the equities weigh heavily in favor of granting relief from the stay where PVF has no other remedy to satisfy its General Claims. PVF has been placed between a rock and a hard place – PG&E failed to complete the administrative claims process for PVF to pursue action in court before the Petition Date and at the same time, the automatic stay prevents PVF from asserting or preserving its General Claims in court. *See DeLaurentiis*, 963 F.2d at 1277 ("Absent a setoff, a creditor…is in the worst of both worlds: it must pay its debt to the debtor in full, but is only entitled to receive a tiny fraction of the money the debtor owes it."). Thus, this Court should grant relief from the automatic stay for PVF to exercise a setoff of the mutual obligations between PVF and Debtor PG&E.

**C.     PVF's General Claims Are Eligible To Exercise Setoff**

PVF anticipates opposition asserting that because PVF's General Claims have not been reduced to a judgment, they are contingent and unliquidated precluding setoff under the Bankruptcy Code.

**1.     *Section 553 of The Bankruptcy Code Does Not Require A Setoff Claim To Be Liquidated or Non-Contingent***

By the statutory language alone, mutual debts between creditor and debtor are not required to be liquidated or non-contingent to effect a setoff. *See* 11 U.S.C. § 553. The opposite is actually true, where "debts" are defined to specifically include any right to payment, whether liquidated, unliquidated, contingent, or non-contingent. *See* 11 U.S.C. § 101(4)(A). Although Section 553 prohibits the setoff of a post-petition claim against a debtor's prepetition liability, it "does not prohibit

setoff of a creditor's claim arising prepetition, unliquidated or unmatured as of the petition date, against a debtor's prepetition claim. *In re Morristown Lincoln-Mercury, Inc.*, 42 B.R. 413, 415 (Bankr. E.D. Tenn. 1984) (*citing Whitman v. SeedTec Int'l Inc.*,38 B.R. 395 (Bankr. N.D. 1984)). Further, a contingent claim which arises prior to the commencement of a bankruptcy case may be set off against a prepetition claim of the debtor's estate. *Id.*; see 4 Collier on Bankruptcy ¶ 553.11. The debt owed to the debtor does not have to be calculated prior to the filing of the bankruptcy petition in order for setoff to be available to a creditor. *Braniff*, 814 F.2d at 1036.

> **2.** ***Even If Required, The General Claims Are Non-Contingent And Liquidated For Purposes Of Exercising A Setoff***
>> a. <u>The General Claims Are Non-Contingent Because The Events Triggering Obligation Occurred Before The Bankruptcy And Not Dependent On Future Action</u>

There is authority concerning the classification of un-litigated claims as contingent. *See In re All Media Properties, Inc.*, 5 B.R. 126, 133 (Bankr. S.D. Tex. 1980) (providing that an underlying "tort claim for negligence" classifies the debt as contingent since the presumption is that the "tort feasor would be liable only if it were so established by a competent tribunal.")

Recent cases, however, hold that debts arising from tortious conduct are not automatically deemed contingent, but rather, the court must determine whether all of the events that give rise to a debtor's alleged liability occurred prior to the bankruptcy filing. "If all of the events giving rise to liability occurred prior to the bankruptcy filing, the debt is not contingent." *See In re McGarry*, 230 B.R. 272, 275 (Bankr. W.D. Pa. 1999) (holding that while securities fraud claims are disputed and listed as contingent by the debtor, the debt is actually not contingent since "[a]n obligation is noncontingent when all of the events giving rise to liability for the debt occurred prior to a debtor's bankruptcy filing."); *In re Ristic*, 142 B.R. 856, 857 (Bankr. E.D. Wis. 1992) (holding the debt to be non-contingent because the events upon which the liability was based occurred before the debtor filed his petition and explaining "the fact that the debt was not reduced to judgment before the chapter 13 petition was filed does not make the debt contingent.") A debt's "contingency" relates to the time or circumstances under which the liability arises but it does mean a judgment or remedy. *In re Doyle*, 340 B.R. 381, 384 (Bankr. D. Or. 2006).

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

Here, the General Claims are not contingent because all of the events that give rise to its claim against PG&E occurred prior to the Petition Date. The negligent acts occurred on April 6 and April 11, 2018, and the subsequent repairs occurred immediately after with invoices dating April 30, 2018 through May 15, 2018. The negligent actions that triggered PG&E's debt to PVF was completed at the latest April 11, 2018, approximately 7 months prior to the Petition Date. The fact that PVF did not file a complaint and reduce its claim to a judgment before the Petition Date is of no consequence because all the actions and events on which the General Claims are based occurred and were completed well before the Petition Date. Further, the Debtor's liability is not dependent on the occurrence of a future event and PVF's injuries as a result of the General Claims have already been sustained. Thus, the unsecured claim held by PVF are not contingent as of the Petition Date to exercise a setoff.

### b. The General Claims Are Liquidated For Purposes Of Setoff

Under the context of eligibility for Chapter 13 relief, the Ninth Circuit holds that a "debt is liquidated if it is capable of ready determination and precision in computation of the amount due." *In re Nicholes*, 184 B.R. 82, 89 (B.A.P. 9th Cir. 1995). The test for "ready determination" is whether the amount due is fixed or certain or otherwise ascertainable by reference to an agreement or by simple computation. *Id.* Generally dispute as to the debtor's liability for a debt does not render a debt unliquidated unless the dispute precludes the ready determination of a debt. *Doyle*, 340 B.R. at 384.

Courts in other circuits have similarly held that a debt is "liquidated" if it is certain as to amount. *In re Lewis*, 157 B.R. 253, 255 (Bankr. E.D. Va. 1993). A "liquidated" debt is one that "is readily and precisely determinable, where the claim is determinable by reference to an agreement or by simple computation." *United States. v. May*, 211 B.R. 991, 996 (Bankr. M.D. Fla. 1997). Even where the debt arises from a claim of tortious conduct in which the debtor disputes liability, a debt has nevertheless been qualified as liquidated if the amount is readily ascertainable by a simple mathematical calculation. *See In re Clark*, 91 B.R. 570 (Bankr. D. Colo. 1988) (under subrogation, the insurer carrier was able to identify the exact dollar amount paid under the insurance policy even though the liability was disputed by the debtor). Despite being a substantial dispute as to liability and damages, a tort liability can nevertheless be classified as liquidated where the amount is easily determinable using simple arithmetic. *See In re Huelbig*, 299 B.R. 721 (Bankr. D.R.I. 2003); *In re*

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

*Wiencko*, 275 B.R. 772, 779 (Bankr. W.D.Va. 2002) ("[N]owhere in the Bankruptcy Code does it require that a debt be based on a final order to be determined liquidated.").

In this instant case, the General Claims are liquidated to exercise a setoff because the damages and losses have been ascertained and are reasonably certain in the amount of one million two hundred thirty-four thousand four hundred sixty-nine dollars and sixty-one cents ($1,234,469.61), exclusive of interest and other costs. The amount of property damages were computed through a review of the invoices for the cost and expenses to repair the property damage caused by the negligent conduct. The amount of loss of profits have been calculated and determined using mathematical calculations through a review of the previous year production records and applying reliable accounting methods. The amount, and all supporting documentation including invoices and production tables, have been fully evidenced in its Proof of Claim submitted on February 14, 2019 and its amended claim submitted on March 4, 2019. The General Claims, while the Debtors dispute liability, are liquidated and certain to the extent that it can be used to apply a setoff with the Setoff Claims without the need for an extensive hearing.

## IV.
## CONCLUSION

WHEREFORE, based on the foregoing, PVF respectfully requests entry of an Order (1) declaring PVF is entitled to withhold funds from Debtor PG&E until the Court has conclusively determines PVF's rights to assert a setoff, (2) granting PVF relief from the automatic stay to exercise a setoff of the General Claims with the Setoff Claims, and (3) such other relief that the Court deems proper and just.

Dated: March 29, 2019

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By: /s/ H. Annie Duong
H Annie Duong
Attorneys for Creditor
PHILIP VERWEY d/b/a
PHILIP VERWEY FARMS