McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
H Annie Duong, #319953
*annie.duong@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone: (559) 433-1300
Facsimile: (559) 433-2300

Attorneys for Creditor
PHILIP VERWEY d/b/a
PHILIP VERWEY FARMS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In Re**<br><br>**PG&E CORPORATION**<br><br>**and**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors. | Bankruptcy Cases<br>19-30088-DM (Lead Case)<br>19-30089-DM<br><br>(Jointly Administered) |

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Corporation
☒ Affects both Debtors

**\*\*All papers shall be filed in the Lead Case No. 19-30088 DM**

**DECLARATION OF PHILIP VERWEY IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY TO EXERCISE SETOFF PURSUANT TO 11 U.S.C. §§ 362 AND 553**

(11 U.S.C. §§ 362(d), 553(a), 562)

Date: April 23, 2019
Time: 9:30 am
Place: 450 Golden Gate Ave, 16th Floor
San Francisco, CA
Judge: Honorable Dennis Montali

I, Philip Verwey, declare and state as follows:

1.      I am over the age of 18 and the Movant in this action. If called as a witness, I would and could competently testify to all facts stated herein from my personal knowledge except where stated upon information and belief and, as to these matters, I am informed and believe them to be true. I am submitting this Declaration in support of my Motion For Relief From Automatic Stay To Exercise Setoff Pursuant To 11 U.S.C. §§ 362 and 553 ("Setoff Motion").

2. I am the owner of Philip Verwey Farms ("**PVF**"), a dairy cattle business with its principal place of business at 19765 13th Avenue, Hanford, California 93230, with different locations in the Central Valley including Hanford and Madera. I also operate Hanford Renewable Energy LLC ("**HRE**") and Madera Renewable Energy LLC ("**MRE**"), renewable energy businesses that run in tandem with PVF. HRE and MRE have dairy digesters that utilize greenhouse gas emissions from livestock manure and processes it into usable renewable energy. I am a heavy user and large customer of Pacific Gas and Electric Company ("**PG&E**") and require their services to operate my businesses.

**Property and Loss of Revenue Damages**

3. On April 6, 2018, a high voltage power surge caused an explosion at PVF property at 19765 13th Avenue, Hanford, California. The power surge occurred as a result of PG&E employees/agents failed to exercise reasonable care when switching a circuit regulator, located approximately on 13th Avenue and Kansas Avenue in Hanford, to a power line from Corcoran. The negligent conduct caused a 750+ high voltage spike for approximately 30 minutes and resulted in an explosion on the property that damaged the facilities, buildings, equipment, generator, and other property, which substantially impaired PVF's dairy operations until repairs could be completed. I contracted with Roman Electric, Inc. out of Visalia, California to repair the damages from the explosion. After the incident, a PG&E employee/agent came to the circuit regulator on 13th Avenue to assess and repair the switch.

4. On April 11, 2018, a second high voltage power surge caused an explosion at the same property at PVF. The second power surge was caused from PG&E employees/agents failing to exercise reasonable care when repairing the switch on 13th Avenue after the April 6, 2018 incident. The second explosion damaged the facilities, buildings, equipment, and other property, after the repairs were made from the April 6 explosion. Again, the damages substantially impaired the dairy operations until repairs could be completed. I again, contracted with Roman Electric, Inc. to repair the damages from the second explosion. After the second incident, PG&E employees/agents came back to the circuit regular on 13th Avenue and repaired it by switching the power line from Corcoran back to the Hanford power line.

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

5. Because of the power surges and explosions, the dairy operations at PVF effectively stopped. The dairy cattle could not be adequately milked and the products could not be processed efficiently because the milking equipment, the processing equipment, the barns, and the generator were burned and unusable. In addition, the explosions caused a significant number of dairy cattle to diminish their peak yield and a large amount of the stock had to be converted into excess beef and dead stock to mitigate the damages.

6. I filed two claims with my insurance company, Zenith Insurance Company ("**Zenith**"), and they ultimately covered and reimbursed PVF for $517,851.89, which was made up of $217,851.89 in property damages and $200,000.00 in lost profits up to the policy limit. However, Zenith did not cover and reimburse me $284,462.61 in property damages and the excess loss of revenue. Zenith's accounting firm, Hagen, Streiff, Newton & Oshiro, Accountants PC ("**HSNO**"), only calculated the loss profits up to the policy limit. I was notified by Zenith that they had also filed claims against PG&E for recoupment based on the same incidents. A true and correct copy of the Summary of Loss Profits from HSNO is attached hereto as Exhibit "A."

7. I consulted with Ron Greenall, CPA, of Genske, Mulder & Company in Visalia, California, that specializes in dairy farm businesses to calculate the full losses and damages using the production and profit tables from the previous years. I sustained $1,234,469.61 in total losses and damages as a result of PG&E's negligent conduct on April 6 and April 11, 2018, which are made up of $284,462.61 in uncovered property damages plus $950,007.00 in loss of revenue, minus the reimbursements I received from Zenith. These damages and losses would not have occurred but for the power surges and resulting explosions on PVF property. True and correct copies of the 2018 Repair Invoices and 2018 Loss Revenue Statement are attached hereto as Exhibit "B."

8. On December 31, 2018, I submitted two Claim Forms to PG&E for each of the above incidents and attached copies of all the invoices and documentation supporting the loss of revenue due to the negligent conduct and repair as required by PG&E's administrative claims procedures. True and correct copies of the Claim Forms are attached hereto as Exhibit "C."

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

Case: 19-30088    Doc# 1145    Filed: 04/01/19    Entered: 04/01/19 12:07:03    Page 3 of 6

9.      On January 15, 2019, my counsel received a phone call from PG&E's legal claims department, Anthony Keir. Mr. Keir explained that PG&E would not process the claim unless I provided more documentation that split the damages and losses between the two incidents.

10.     On January 16, 2019, Mr. Greenall, who prepared the calculations for the loss of business profits, confirmed that it would be near impossible to separate the losses between the two incidents based on the nature of the dairy business. The full extent of damages and losses could not be ascertained until the end of the year where milk production, and thus revenue, could be calculated based on information from previous years.

11.     On or about February 22, 2019, I received written notice that PG&E Corporation and PG&E (collectively "**Debtors**") filed for Chapter 11 bankruptcy. I was never notified by PG&E of the status of my claims and have not received any documentation showing my claims were accepted or denied by PG&E.

12.     Since the filing, I have not filed any action in court against PG&E or the Debtors. I have submitted a Proof of Claim for the two incidents, attaching the Claim Forms and supporting documentation in claim #596. On March 4, 2019, I filed an amended Proof of Claim showing that the claim was subject to a right of setoff in claim # 1299.

**Usage Charges**

13.     As of the January 29, 2019 date, I owe PG&E $264,335.70 in gas and electricity usage charges for all my properties to operate my businesses ("**Usage Charges**"). The amount is calculated based on energy bill statements from February 5, 2019 and February 27, 2019. True and correct copies of the electricity bills are attached hereto as Exhibit "D."

14.     On or about March 12, 2019, I received a 15-day notice on an energy bill statement from PG&E providing that in order to avoid disconnection of my utility service, I would need to pay the past due amount of the Usage Charges on or before April 1, 2019. True and correct copies of the March 12, 2019 energy bill statement are attached hereto as Exhibit "E."

**Interconnection Charges**

15.     On August 31, 2016, I entered into a Generator Interconnection Agreement (GIA) For Exporting Generating Facilities with PG&E, Queue #1317-RD ("Contract"), to interconnect the dairy

MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

digesters on PVF's property to PG&E's distribution system grid ("**Interconnection Unit**"). The Contract provided that I would be responsible and billed for the costs for construction of the Interconnection Unit to PG&E's distribution grid.

16.     PG&E completed construction of the Interconnection Unit on PVF property on or about January 5, 2019. As of the date of this Declaration, I received invoices from PG&E for $126,358.47 as costs to construct the Interconnection Unit and attach it to the distribution grid ("**Interconnection Charges**"). True and correct copies of the Interconnection Unit invoices are attached hereto as Exhibit "F."

17.     On or about March 12, 2019, my PG&E representative, Josh Glidden, informed me that there would be more invoices coming for the construction of the Interconnection Unit performed prior to January 29, 2019. Further, the costs of the construction for the Interconnection Unit are estimated at $750,000 in total but that I should not expect to receive all the invoices for the work performed until the end of the 2019 year and because PG&E was backed up and behind on their invoicing.

18.     In total, I owe PG&E $390,874.17, which is based on $264,335.70 in Usage Charges plus $126,358.47 in Interconnection Charges.

19.     I will be seriously prejudiced if the court does not determine my right to setoff my damages. If I pay PG&E for the charges from my electricity usage and the Interconnection Unit now, I will completely lose my ability to offset those charges with the significant damages I suffered purely from PG&E's negligence. But if I don't pay PG&E, I run the risk of PG&E shutting off the power to PVF property and halting my businesses altogether.

20.     PG&E, on the other hand, continues to service electricity and gas to all its other customers without being affected by the bankruptcy.

\\

\\

\\

\\

\\

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

1    I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct and that this declaration was executed by me on March 29, 2019, at

3    Hanford, California.

4

5    _____

6                                  Philip Verwey

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720