BRAD BRIAN (State Bar No. 79001)
Brad.Brian@mto.com
THOMAS B. WALPER (State Bar No. 96667)
thomas.walper@mto.com
HENRY WEISSMANN (State Bar No. 132418)
henry.weissmann@mto.com
BRADLEY SCHNEIDER (State Bar No. 235296)
bradley.schneider@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071
Telephone:     (213) 683-9100
Facsimile:     (213) 683-3702

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>        -and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>                Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY MUNGER, TOLLES & OLSON LLP AS ATTORNEYS FOR CERTAIN MATTERS FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**<br><br>Date:    April 23, 2019<br>Time:   9:30 a.m. (Pacific Time)<br>Place:   United States Bankruptcy Court<br>             Courtroom 17, 16th Floor<br>             San Francisco, CA 94102 |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Application (the "**Application**"), pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to retain and employ Munger, Tolles & Olson LLP ("**MTO**" or "**Firm**") as counsel on certain matters for the Debtors effective as of the Petition Date (as defined below).

In support of this Application, the Debtors submit the Declaration of Henry Weissmann, a partner of the Firm (the "**Weissmann Declaration**") and the Declaration of Janet Loduca, Senior Vice President and Interim General Counsel of PG&E Corp. (the "**Loduca Declaration**"), which are filed concurrently herewith. A proposed form of order approving the retention and employment of MTO is annexed hereto as **Exhibit A** (the "**Proposed Order**").

## I. JURISDICTION

The Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court under 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**"). Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

### III. SCOPE OF SERVICES

By this Application, the Debtors seek to engage MTO as counsel to provide professional services with respect to the following matters (the "**Specific Matters**"):

- Advising and representing the Debtors with respect to federal, state, and local laws and regulations as they relate to (1) wildfires and the effects of wildfire liabilities on the Debtors' businesses; (2) the relative jurisdiction of the California Public Utilities Commission ("**CPUC**"), the Federal Energy Regulatory Commission ("**FERC**"), and federal courts, including the Bankruptcy Court; and (3) motions and other negotiations and proceedings in the Chapter 11 Cases, and other legal proceedings, that may affect the interests of the CPUC and/or parties in CPUC proceedings involving the Debtors, including matters that may affect or relate to the Debtors' management, governance, structure, and rates;

- Advising and representing the Debtors in CPUC Proceedings, including but not limited to: (a) R.19-01-006, Order Instituting Rulemaking to Implement Public Utilities Code Section 451.2 Regarding Criteria and Methodology for Wildfire Cost Recovery Pursuant to Senate Bill 901 ("**CPUC Proceeding R.19-01-006**"); (b) I.15-08-019, Order Instituting Investigation on the Commission's Own Motion to Determine Whether Pacific Gas and Electric Company and PG&E Corporation's Organizational Culture and Governance Prioritize Safety ("**CPUC Proceeding I.15-08-019**"); (c) A.19-02-016, Application of Pacific Gas and Electric Company for a Waiver of the Capital Structure Condition ("**CPUC Proceeding A.19-02-016**"); (d) A.18-11-001, Application of Pacific Gas and Electric Company to issue, sell, and deliver one or more series of Debt Securities and to guarantee the obligations of others in respect of the issuance of Debt Securities; to execute and deliver one or more indentures; to sell, lease, assign, mortgage, or otherwise dispose of or encumber utility property; to issue, sell and deliver in one or more series, cumulative Preferred Stock -- $25 Par Value, Preferred Stock -- $100 Par Value, Preference Stock or any combination thereof; to utilize various debt enhancement features; and enter into interest rate hedges ("**CPUC Proceeding A.18-11-001**"); (e) A.18-10-003, Application of Pacific Gas and Electric Company to increase its authority to finance short-term borrowing needs and procurement-

related collateral costs by $2.0 billion to an aggregate amount not to exceed $6.0 billion ("**CPUC Proceeding A.18-10-003**"); and (f) any other related or similar CPUC proceeding or other CPUC proceeding arising from the matters for which MTO is representing the Debtors;

- Advising and representing the Utility regarding its rights and obligations under various power purchase agreements, including in connection with *NextEra Energy, Inc., et al. v. Pacific Gas and Electric Company*, FERC Docket No. 19-35-000, and *PG&E Corp. et al. v. Federal Energy Regulatory Commission*, Adv. Proc. No. 19-03003 (N.D. Cal.); advising and representing the Utility on any appeal from these matters and, potentially, as an amicus curiae in other proceedings involving similar legal issues;

- Advising the Debtors regarding compliance with laws and regulations governing public utilities, including Division 1, Part 1 of the California Public Utilities Code and the CPUC's affiliate transaction rules (including Decision 06-12-029 and related decisions);

- Advising and representing the Debtors as necessary and appropriate with respect to potential actions by state government actors, including the legislature and the CPUC, that may affect or relate to the Debtors' reorganization, plan and operations, including with respect to liability standards, insurance and related cost-spreading regimes, recovery of costs in rates and the Debtors' management, governance and structure;

- Advising and representing the Debtors with respect to issues arising under California law that may affect or relate to the Debtors' reorganization, plan and operations; California corporate law including but not limited to fiduciary duties and opinions regarding due authority; California law governing corporate forms; the California Public Records Act;

- Advising and representing the Debtors with regard to potential criminal, civil, and administrative liability in connection with the 2017 and 2018 Northern California wildfires, including:

  - Advising and representing the Debtors in connection with potential or actual criminal investigations, and any resulting prosecutions, arising from the 2017 and 2018 Northern California wildfires;

  - Advising and representing the Debtors in civil or administrative proceedings relating to the 2017 and 2018 Northern California wildfires;

  - Advising and representing the Debtors concerning the settlement agreement between the Utility and the District Attorney's Office for Butte, County California relating to certain wildfires (the "**Butte County Settlement**");

  - Coordinating with Debtors' counsel in civil actions and administrative proceedings arising from wildfires to provide advice regarding potential

- impact on and coordination with the Debtors' response to and positions in the criminal investigations and any resulting prosecutions;

- Advising and representing the Debtors and coordinating with other counsel in connection with any possible or proposed resolutions or settlements of criminal, civil, or administrative liability arising from California wildfires; and,

- Providing all other necessary legal services for the Debtors, as related to the above matters, in connection with the above captioned Chapter 11 Cases, including fact investigation, legal researching, briefing, argument, discovery, reorganization, plan and disclosure statement matters, appearance and participation in hearings, and communications and meetings with parties in interest.

## IV. MTO'S QUALIFICATIONS

MTO is well-qualified to represent the Debtors in the Specific Matters. Since October 2017, MTO has represented and advised the Utility on regulatory law. MTO is currently representing the Utility in connection with CPUC Proceeding R.19-01-006 and the Debtors in CPUC Proceeding I.15-08-019. MTO has also represented the Utility in proceedings before the CPUC seeking authorization for the Utility to issue financing, including the DIP Financing; advised the Utility regarding California affiliate transaction rule compliance; and advised the Utility on potential California legislation affecting public utilities. In addition, MTO has advised the Debtors on CPUC matters generally and on specific issues of California law relating to potential transactions in these cases.

MTO is also currently advising the Utility in connection with regulatory issues concerning its wholesale power purchase agreements, including in connection with the administrative proceeding before FERC captioned *NextEra Energy, Inc., et al. v. Pacific Gas and Electric Company*, FERC Docket No. 19-35-000, and the adversary proceeding *PG&E Corp. et al. v. Federal Energy Regulatory Commission*, Adv. Proc. No. 19-03003 (N.D. Cal.). MTO does not anticipate appearing as counsel for the Utility in either matter but may appear as counsel of record in any appeal.

In addition to its representation of the Debtors, MTO has represented Edison International and a number of its regulated and unregulated subsidiaries, including Southern California Edison Company ("**SCE**") on various regulatory matters, including the energy crisis of 2000-01,

proceedings arising from wildfires, and proceedings related to the shutdown of the San Onofre Nuclear Generating Station.  MTO has also represented regulated utilities in connection with various transactional and bankruptcy matters, and in numerous proceedings before federal, state, and local regulatory bodies.

Since June 2018, MTO has represented the Utility as outside counsel in connection with certain potential and actual criminal investigations relating to a series of fires that occurred in Northern California in the fall of 2017 and the November 2018 Camp Fire.  MTO's legal services have included representing the Utility in connection with: (1) communications with, responses to requests from, and negotiations with the California Attorney General and certain state District Attorney offices; and (2) potential investigations from other state and federal governmental agencies.  MTO is also advising the Utility with respect to the Butte County Settlement.  MTO also is working with Debtors' counsel in civil actions to provide advice regarding potential impact of the Utility's position civil litigation on in the criminal investigations.

MTO has significant experience representing clients facing potential criminal and civil liability for major fires.  For example, MTO defended an owner against criminal and civil liability arising from the 240,000 acre Zaca fire in 2007, then the second largest fire in California history.

More generally, MTO has one of the premier criminal defense and internal investigation practices in the country.  MTO's criminal defense and investigations group includes several former federal prosecutors, as well as other lawyers with significant experience representing clients who are the targets of criminal enforcement proceeding and related civil and administrative litigation.  MTO attorneys have defended clients under investigations by federal, state and local authorities, including investigations by the United States Department of Justice and multi-jurisdictional state attorney general investigations.  MTO has also conducted hundreds of internal investigations in the United States and around the world.

## V. TERMS OF MTO'S ENGAGEMENT

The terms of MTO's current representations of the Debtors in the above-referenced matters are set forth in the engagement letters attached as **Exhibits** 1 through 6 to the Weissmann Declaration.

## VI. CORDINATION WITH OTHER PROFESSIONALS

MTO is aware that the Debtors have submitted, or intend to submit, separate applications to retain other law firms for civil litigation arising from the California wildfires described above, including Weil, Gotshal & Manges LLP ("**Weil**"), Cravath, Swaine & Moore LLP ("**Cravath**") and Jenner & Block LLP ("**Jenner**"). MTO intends to coordinate with Debtors, Weil, Cravath, Jenner and other professionals to clearly delineate the scope of services and avoid the duplication of services wherever reasonably possible.

## VII. NO ADVERSE INTEREST WITH RESPECT TO THE SPECIFIC MATTERS

The Weissmann Declaration, incorporated herein by reference, discloses MTO connections to the Debtors and parties in interest in these Chapter 11 Cases that MTO has been able to determine as of the time of filing this application. In reliance on the Weissmann Declaration, and except as set forth therein, the Debtors believe that MTO does not hold or represents an interest adverse to the Debtors or their estates with respect to the Specific Matters.

## VIII. COMPENSATION AND FEE APPLICATIONS

Subject to Court approval of this Application, MTO intends to apply for compensation for professional services rendered on an hourly basis and the reimbursement of reasonable expenses. The hourly rates and corresponding rate structure MTO will apply are the same as the hourly rates and corresponding rate structure that MTO uses in other restructuring matters, and are comparable to the hourly rates and corresponding rate structure that MTO uses for corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. The hourly rates used by MTO in representing the Debtors are consistent with the rates that MTO charges other clients (including other clients in chapter 11 cases), regardless of the location of the client or the court in which the matter is pending.

MTO and the Debtors have not agreed to any variations from, or alternatives to, MTO's standard billing arrangements. As discussed in more detail below, MTO rates are subject to periodic change in the ordinary course of business. The MTO 2019 hourly rates for the engagement are as follows:

| **Billing Category** | **Range** |
| --- | --- |

| | |
|---|---|
| Partners | $860 to $1,500 |
| Of Counsel | $860 to $1,075 |
| Associates | $460 to $825 |
| Paraprofessionals | $270 to $460 |

The MTO hourly rates are set at a level designed to compensate MTO fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions.[1] MTO represented the Debtors before the Petition Date using the hourly rates listed above.

As set forth in the Weissmann Declaration, the Debtors understand and have agreed that MTO will apply to the Court for allowance of fees and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, effective February 19, 2014 (the "**Local Guidelines**"), the U.*S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), and any further Orders of the Court in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses (the "**Orders**").

MTO will maintain detailed, contemporaneous time records in six-minute intervals and apply to the Court for payment of compensation and reimbursement of expenses in accordance

---

[1] Like many other law firms, MTO typically increases the hourly billing rate of attorneys and paraprofessionals once a year, which increase includes (i) ordinary course step increases related to the advancing seniority or promotion of an attorney or paraprofessional (a "**Step Increase**"), and (ii) periodic (generally yearly) rate increases with respect to each level of seniority (a "**Rate Increase**"). The Step Increases do not constitute "rate increases" (as the term is used in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013). The proposed order provides that MTO will provide reasonable advance notice to the Debtors and the U.S. Trustee of any Rate Increase.

with the Bankruptcy Code, Bankruptcy Rules, and Fee Guidelines.[2] MTO timekeepers will record time using billing categories that substantially conform to those categories set forth at section 8(b) of the U.S. Trustee Guidelines, and will record the amount of time per task within each billing category.[3]

Furthermore, MTO will maintain records of expenses incurred and itemize those expenses as well as summarize them by expense categories established as part of MTO's customary billing procedures. MTO does not charge clients for office supplies, standard duplication, facsimile transmissions, secretarial support, or Westlaw or Lexis computer-assisted legal research. MTO does charge its clients in all areas of practice for all other expenses incurred in connection with a representation. The expenses charged to clients include, among other things, telephone conference call and international call charges, mail, express mail, and overnight delivery service charges, special or hand delivery charges, document retrieval charges, mass mailings (including envelopes and labels), outside copying services, airfare, meals, lodging, transcription costs, and non-ordinary overhead expenses. MTO will charge the Debtors for these expenses in compliance with all applicable rules, procedures and orders of the Court.

Pursuant to Bankruptcy Rule 2016(b), no agreement or understanding exists between MTO and any other person, other than as permitted by Section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with these Chapter 11 Cases, nor shall MTO share or agree to share compensation received for services rendered in connection with these Chapter 11 Cases with any other person other than as permitted by section 504 of the Bankruptcy Code.

On November 21, 2018, the Debtors provided MTO with an advance payment retainer of $3 million (the "**Retainer**") for professional services to be rendered to the Debtors. Pursuant to a

---

[2] In applying to the Court for payment of compensation and reimbursement of expenses, MTO will also make reasonable efforts to comply with the U.S. Trustee Guidelines.

[3] MTO may, in its discretion and in consultation with the Debtors, determine to create separate or additional billing categories for certain discrete projects undertaken during these Chapter 11 Cases.

retainer agreement, MTO's fees and expenses were deemed automatically deducted from the Retainer as such fees and expenses were incurred. As of the Petition Date, the balance of the Retainer was approximately $790,678.66.[4]

Subject to Court approval, the Retainer will be disbursed in payment of the amounts owed to MTO as of the Petition Date (including any amounts owed to economic consulting firms), while the remaining amounts will be held until the conclusion of MTO's engagement and applied to any fees or expenses of MTO awarded in a final fee application. MTO will return the remaining balance, if any, to the Debtors.

## IX. BASIS FOR RELIEF

The Debtors seek retention of MTO as their counsel pursuant to section 327(e) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

This provision authorizes a debtor to retain counsel for a specified special purpose, provided that: (a) the appointment is in the best interest of the debtor's estate, (b) counsel does not hold an interest adverse to the debtor or to the estate with respect to the matter for which counsel is to be employed, and (c) the specified special purpose for which counsel is being retained does not rise to the level of conducting the bankruptcy case for the debtor in possession. *See In re Goldstein*, 383 B.R. 496, 501 (Bankr. C.D. Cal. 2007).

Based on the foregoing, the Debtors submit that for all the reasons stated above and in the Weissmann Declaration and the Loduca Declaration, the retention of MTO as counsel with respect to the Specific Matters is warranted and satisfies Section 327(e) and Bankruptcy Rule 2014(a). Further, as stated in the Weissmann Declaration, MTO does not hold or represent an interest

---

[4] Information regarding payments that MTO received from Debtors in the 90-day period before the Petition Date is set forth in the Weissmann Declaration.

adverse to the Debtors or their estates with respect to the Specific Matters, and MTO has no connection to the Debtors, their creditors, or other parties in interest, except as disclosed in the Weissmann Declaration.

The Debtors submit that the terms and conditions of MTO's employment, as disclosed in this Application, are reasonable.

**X.  NOTICE**

Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facilities; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court authorize entry of an order substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein in this Application and such other and further relief as the Court may deem just and appropriate.

Dated: April 1, 2019                                      Respectfully submitted,

By: /s/ Janet Loduca