**Exhibit 7**

**Weissmann Declaration**

## MUNGER, TOLLES & OLSON LLP

350 SOUTH GRAND AVENUE
FIFTIETH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

1155 F STREET N.W.
SEVENTH FLOOR
WASHINGTON, D.C. 20004-1361
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

RONALD L. OLSON
ROBERT E. DENHAM
JEFFREY I. WEINBERGER
CARY B. LERMAN
GREGORY P. STONE
BRAD D. BRIAN
BRADLEY S. PHILLIPS
GEORGE M. GARVEY
WILLIAM D. TEMKO
JOHN W. SPIEGEL
DONALD B. VERRILLI, JR.*
TERRY E. SANCHEZ
STEVEN M PERRY
MARK B HELM
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
GREGORY D. PHILLIPS
KATHLEEN M. McDOWELL
GLENN D. POMERANTZ
THOMAS B. WALPER
SANDRA A. SEVILLE-JONES
HENRY WEISSMANN
KEVIN S. ALLRED
JEFFREY A. HEINTZ
JUDITH T. KITANO
JEROME C. ROTH
GARTH T. VINCENT
TED DANE
STUART N. SENATOR
MARTIN D. BERN
DANIEL P. COLLINS
ROBERT L. DELL ANGELO
BRUCE A. ABBOTT
JONATHAN E. ALTMAN
KELLY M. KLAUS
DAVID B. GOLDMAN
DAVID H. FRY
LISA J. DEMSKY
MALCOLM A. HEINICKE
TAMERLIN J. GODLEY
JAMES C. RUTTEN
RICHARD ST. JOHN
ROHIT K. SINGLA
LUIS LI
MICHAEL B. DESANCTIS*
CAROLYN HOECKER LUEDTKE
C. DAVID LEE

MARK H. KIM
FRED A. ROWLEY, JR.
KATHERINE M. FORSTER
BLANCA FROMM YOUNG
RANDALL G. SOMMER
ROSEMARIE T. RING
MELINDA EADES LEMOINE
SETH GOLDMAN
GRANT A. DAVIS-DENNY
JONATHAN H BLAVIN
DANIEL B. LEVIN
MIRIAM KIM
MISTY M. SANFORD
HAILYN J. CHEN
BETHANY W. KRISTOVICH
JACOB S. KREILKAMP
JEFFREY Y. WU
LAURA D. SMOLOWE
ANJAN CHOUDHURY
KYLE W. MACH
HEATHER E. TAKAHASHI
ERIN J. COX
BENJAMIN J. HORWICH
E. MARTIN ESTRADA
MATTHEW A. MACDONALD
BRYAN H. HECKENLIVELY
SAMUEL T. GREENBERG
ELAINE J. GOLDENBERG*
MARK R. YOHALEM
CHAD GOLDER*
GINGER D. ANDERS*
MARGARET G. MARASCHINO
JOHN M. GILDERSLEEVE
ADAM B. WEISS
GEORGE CLAYTON FATHEREE, III
KELLY LC KRIEBS
ADAM R. LAWTON
MARK R. SAYSON
JEREMY A. LAWRENCE
CHRISTOPHER M. LYNCH*
ADAM I. KAPLAN
KENNETH M TRUJILLO-JAMISON
LAURA K. LIN
GREGORY M. SERGI
ACHYUT J. PHADKE
MARI OVERBECK
ZACHARY M. BRIERS
JENNIFER M. BRODER

JORDAN D. SEGALL
WESLEY T.L. BURRELL
KAREN A. LORANG
KURUVILLA J. OLASA
JUSTIN P RAPHAEL
CRAIG A. LAVOIE
ELIA HERRERA
JOSHUA S. MELTZER
ROSE LEDA EHLER
MARIA JHAI
ADAM P. BARRY
JENNIFER L BRYANT
ANDREW CATH RUBENSTEIN
JEFFREY A. PAYNE
HANNAH L DUBINA
NICHOLAS D. FRAM
JOHN L. SCHWAB
ALEXANDER D. TEREPKA
PETER E. BOOS
J'ME K. FORREST
ASHLEY D. KAPLAN
JESSICA REICH BARIL
JULIANA M. YEE
JEREMY K. BEECHER
MATTHEW K. DONOHUE
ARIEL C. GREEN
ELIZABETH A. LAUGHTON
EMILY CURRAN-HUBERTY
TIMOTHY J MOON
JORDAN X. NAVARETTE
JOHN B. MAJOR
LAUREN C. BARNETT
C. HUNTER HAYES
KIMBERLY D. OMENS
AARON D. PENNEKAMP
TREVOR N TEMPLETON
SKYLAR D BROOKS
ELIZABETH R. DYER
ELIZABETH A. HAR
SUSAN S. HAR
THOMAS RUBINSKY
NICHOLAS DUFAU
LAURA M LOPEZ
MICHAEL C. BAKER
NAJEE K. THORNTON
SARAH G. BOYCE*
MOLLY K. PRIEDEMAN
WILLIAM LARSEN

CELIA R. CHOY*
COLIN A. DEVINE
DANE P. SHIKMAN
LEXI PEACOCK
MAGGIE THOMPSON
SAMUEL H. ALLEN
ALLISON M. DAY
GIOVANNI S. SAARMAN GONZÁLEZ
JONATHAN S. MELTZER*
SAMUEL JOSÉ DÍAZ
LAUREN M. HARDING
NEFI D. ACOSTA
STEPHANIE G. HERRERA
TERESA REED DIPPO
GRANT R. ARNOW
DANIEL BENYAMIN
SARA A. McDERMOTT
J. MAX ROSEN
M. ELIZA HANEY
RACHEL G. MILLER-ZIEGLER*
ALISON F. KAROL
ANNE K. CONLEY
GRAHAM B COLE
SHEILA ONGWAE
SUSAN M. PELLETIER*

OF COUNSEL

ROBERT K. JOHNSON
ALAN V FRIEDMAN
PATRICK J. CAFFERTY, JR.
PETER A. DETRE
ALLISON B. STEIN
BRAD SCHNEIDER
ERIC P. TUTTLE
PETER E. GRATZINGER
JENNY H. HONG
KIMBERLY A. CHI
DAVID S. HONG

E. LEROY TOLLES
(1922-2008)

*ADMITTED IN DC,
ALL OTHERS ADMITTED IN CA

November 14, 2018

WRITER'S DIRECT CONTACT
(213) 683-9150
henry.weissmann@mto.com

John Simon, Esq.
General Counsel
Pacific Gas & Electric Company
77 Beale Street
San Francisco, CA 94105

Re: *Retainer*

Dear John:

This letter sets forth the terms of the agreement between Munger, Tolles & Olson LLP ("MTO" or "we") and Pacific Gas & Electric Company ("PG&E" or "you") with respect to a retainer (the "Retainer") and related topics.

PG&E agrees to provide the Retainer in the amount of Three Million Dollars ($3,000,000), which MTO will hold as an advance payment for MTO's representation of PG&E in current or future matters. MTO's fees and expenses for its representation of PG&E shall be deemed automatically applied against the Retainer as such fees and expenses arise, unless we notify you otherwise. We will require the restoration of this advance payment retainer by you to the original level on a continuing or "evergreen" basis, or to a higher level, if in our reasonable judgment the circumstances so warrant. Any payment or fees and expenses will be credited to the Retainer. Notwithstanding the foregoing, it is agreed that MTO will (a) at all times have a Retainer in excess of the fees and expenses it has incurred on behalf of you (whether or not statements for such fees and expenses have been sent by us to you) and (b) have a Retainer upon the commencement of any chapter 11 case for PG&E (and/or any affiliate of PG&E) in an

amount not less than $3 million. In the event that a chapter 11 bankruptcy case commences for PG&E (and/or any affiliate of PG&E), we will apply the Retainer to the fees and expenses owed in the final application for payment of fees and expenses filed by MTO, after which, if not applied, any unused Retainer will be returned to PG&E. If no chapter 11 case for PG&E (and/or any affiliate of PG&E) has been commenced by July 1, 2019, then, absent further agreement between us, MTO will refund the Retainer, less any fees and expenses outstanding at that time.

If it becomes necessary for PG&E (and/or any affiliate of PG&E) to file a petition under chapter 11 of Title 11 of the United States Code, our ongoing employment by PG&E shall be subject to the approval of the bankruptcy court with jurisdiction over the petition.

If a bankruptcy case is commenced or becomes likely for PG&E (and/or any affiliate of PG&E), we will draft a schedule describing MTO's relationships with certain interested parties. Although we believe that these relationships do not constitute actual conflicts of interest, these relationships must be described and disclosed in the application to the bankruptcy court to retain MTO as counsel to you. If actual conflicts of interest arise in our representation of PG&E (and/or any affiliate of PG&E) following commencement of a bankruptcy case for PG&E (and/or any affiliate of PG&E), absent the informed written consent of you and the other client(s), you will be required to use separate conflicts counsel in those matters, and the firm will not participate in those matters.

Very truly yours,

*Henry Weissmann /v*

Henry Weissmann

HW:v