BRAD BRIAN (State Bar No. 79001)
Brad.Brian@mto.com
THOMAS B. WALPER (State Bar No. 96667)
thomas.walper@mto.com
HENRY WEISSMANN (State Bar No. 132418)
henry.weissmann@mto.com
BRADLEY SCHNEIDER (State Bar No. 235296)
bradley.schneider@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071
Telephone:   (213) 683-9100
Facsimile:   (213) 683-3702

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>    -and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>                    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**DECLARATION OF JANET LODUCA IN SUPPORT OF APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY MUNGER, TOLLES & OLSON LLP AS COUNSEL FOR CERTAIN MATTERS FOR THE DEBTORS THE EFFECTIVE AS OF THE PETITION DATE**<br><br>Date:    April 23, 2019<br>Time:   9:30 a.m. (Pacific Time)<br>Place:   United States Bankruptcy Court<br>            Courtroom 17, 16th Floor<br>            San Francisco, CA 94102 |

Pursuant to 28 U.S.C. § 1746, I, Janet Loduca, hereby declare as follows

I am the Senior Vice President and Interim General Counsel of PG&E Corporation ("**PG&E Corp.**"). In my current role, I am responsible for supervising outside counsel and monitoring and managing legal fees and expenses.

On January 29, 2019 (the "**Petition Date**"), PG&E Corp. and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). I submit this Declaration in support of the Debtors' Application (the "**Application**"),[1] pursuant to section 327(e) of the Bankruptcy Code and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to employ and retain Munger, Tolles & Olson LLP ("**MTO**" or the "**Firm**"), as counsel on certain matters for the Debtors in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") effective as of the Petition Date.

This Declaration is provided pursuant to Paragraph D.2 of the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "**Fee Guidelines**"). Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, information provided to me by the Debtors' employees or advisors, or my opinion based upon knowledge and experience as Senior Vice President and Interim General Counsel. I am authorized to submit this Declaration on behalf of the Debtors.

The Debtors recognize that a comprehensive review process is necessary when selecting and managing chapter 11 counsel to ensure that their bankruptcy professionals are subject to the same client-driven market forces, security, and accountability as professionals in non-bankruptcy engagements. MTO has extensive experience advising and representing the Debtors on various regulatory matters, advising on issues of California law, and representing the Debtors in connection with several ongoing criminal investigations of wildfires.

---

[1] Capitalized terms used but not otherwise herein defined have the meanings ascribed to such terms in the Application.

In particular, MTO currently represents the Debtors in connection with California Public Utilities Commission ("**CPUC**") proceedings, including CPUC Proceeding R.19-01-006, *Order Instituting Rulemaking to Implement Public Utilities Code Section 451.2 Regarding Criteria and Methodology for Wildfire Cost Recovery Pursuant to Senate Bill 901* and CPUC Proceeding I.15-08-019, *Order Instituting Investigation on the Commission's Own Motion to Determine Whether Pacific Gas and Electric Company and PG&E Corporation's Organizational Culture and Governance Prioritize Safety*. MTO has also advised the Utility regarding *NextEra Energy, Inc., et al. v. Pacific Gas and Electric Company*, FERC Docket No. 19-35-000, and *PG&E Corp. et al. v. Federal Energy Regulatory Commission*, Adv. Proc. No. 19-03003 (N.D. Cal.), and may represent the Utility in any appeal from these matters. In addition to these regulatory matters, MTO represents the Debtors in connection with potential or actual criminal investigations, and any resulting prosecutions, arising from the 2017 and 2018 Northern California wildfires. Based on its experience and relationship with the Debtors, I believe that MTO is well qualified to perform the services described herein efficiently and effectively.

With respect to billing, MTO has confirmed for me that it does not vary its billing rates or the material terms of an engagement depending on whether such engagement is a bankruptcy or a non-bankruptcy engagement. MTO has advised me that the Firm's current standard hourly rates, subject to change from time to time, are $860 to $1,500 for partners and Of Counsel, $460 to $825 for associates, and $270 to $460 for paraprofessionals. It is my understanding that these rates are subject to periodic adjustment, typically around the first of the year. MTO has advised me that it will inform the Debtors of any adjustment to its existing rate structure, prior to such adjustment.

I understand that MTO's fees and expenses will be subject to periodic review on a monthly, interim, and final basis during the pendency of these Chapter 11 Cases by, among other parties, the Office of the United States Trustee and the Debtors, in accordance with the terms of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders or guidelines of the Court governing the procedures for approval of interim and final compensation of professionals retained in Chapter 11 cases.

As Senior Vice President and Interim General Counsel, I supervise and manage legal fees and expenses incurred by the Debtors' outside counsel. Either I or a senior lawyer in our legal department reviews the Debtors' outside counsel invoices and authorizes all legal fees and expenses prior to the payment of such fees to outside counsel. In so doing, I assure that all requested fees and expenses are reasonable and correspond with necessary or beneficial services rendered on behalf of the Debtors and their estates. The aforementioned review and approval process does not differ when the Debtors employ outside counsel for non-bankruptcy matters. Moreover, MTO has informed me that the Debtors will be provided with the opportunity to review all invoices and request adjustments to such invoices to the extent that the Debtors determine that such adjustments are necessary and appropriate, and such requests will be carefully considered by MTO.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

DATED: April 1, 2019          By: /s/ Janet Loduca