GARY LIVAICH, SBN 084186
J. RUSSELL CUNNINGHAM, SBN 130578
BRIAN MANNING, SBN 241512
KRISTEN RENFRO, SBN 259162
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for DF Properties, KV Sierra Vista, LLC,
Baseline 80 Investors, LLC, Baseline P&R, LLC, John J. Guerra Jr.,
Successor Trustee of the Cyril G. Barbaccia Irrevocable
Trust dated December 15, 1976, Joiner Limited Partnership,
Brian T. Howe and Stephen J. Norman

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

In re:

PG&E CORPORATION,

-and-

PACIFIC GAS & ELECTRIC COMPANY,

Debtors.

[ ] Affects PG&E Corporation
[ ] Affects Pacific Gas & Electric Company
[X] Affects both Debtors

*All papers shall be filed in the Lead Case, No. 19-30088(DM)

Case No. 19-30088 (DM)
Chapter 11
(Lead Case) (Jointly Administered)

**DECLARATION OF KRISTEN RENFRO IN SUPPORT OF MOTION OF REAL PROPERTY OWNERS FOR AN ORDER CONFIRMING THE AUTOMATIC STAY DOES NOT BAR CONTINUATION OF EMINENT DOMAIN ACTIONS FILED BY THE DEBTOR PRE-PETITION AND GRANTING RELIEF FROM STAY FOR CAUSE TO THE EXTENT IT MIGHT OTHERWISE BAR ACTS RELATED TO THE PROCEEDINGS, INCLUDING THE PAYMENT OF JUST COMPENSATION**

Date: April 23, 2019
Time: 9:30 a.m. (Pacific Time)
Place: United State Bankruptcy Court
  Courtroom 17, 16th Floor
  San Francisco, CA 94102

Objection Deadline: April 16, 2019 at 4:00p.m. (Pacific)

I, Kristen Renfro, declare as follows:

1. I am an attorney at law, duly licensed to practice before the United States Bankruptcy Court for the Northern District of California, and a member of the law firm of Desmond, Nolan, Livaich & Cunningham ("**DNLC**"), attorneys for moving parties DF Properties, a California corporation, ("**DF**"), KV Sierra Vista, LLC, a California limited liability company, ("**KV**"), Baseline 80 Investors, LLC, a California limited liability company, and Baseline P&R, LLC, a California limited liability company, (collectively, "**Baseline Entities**"), John J. Guerra Jr., Successor Trustee of the Cyril G. Barbaccia Irrevocable Trust dated December 15, 1976 ("**CGB**"), Joiner Limited Partnership ("**Joiner**"), and Brian T. Howe and Stephen J. Norman ("**Howe** and **Norman**") (hereinafter, collectively "**Real Property Owners**").

2. Unless stated otherwise, I have personal knowledge of each of the facts set forth in this declaration, and if called to testify as a witness, I could and would competently do so.

3. **DNLC** represents the **Real Property Owners** in a series of eminent domain actions filed by the **Debtor** prepetition ("**Eminent Domain Actions**").

4. The **Real Property Owners** are the fee title owners of the following parcels of real property (hereinafter, collectively, "**Subject Properties**"), in which the **Debtor** seeks to take and/or has taken property interests for which it owes just compensation:
- APNs 498-010-020, 498-010-019, 498-010-015 (formerly 017-151-027), 017-151-029, located at 5000 Baseline and 5501 Market Street, Roseville, California in Placer County (**DF**)
- APNs 499-010-014, 499-010-017, 499-010-018, 499-010-032 (formerly 017-151-044 and 017-151-046) (**KV**)
- APN 498-010-012, 498-010-013 (formerly 017-151-026) (**CGB**)
- APN 017-151-035 and APNs 017-151-044, 017-151-045, 017-151-046 (formerly 017-150-082, 017-150-087, 017-150-088) (**Baseline Entities**)
- APN 010-010-008, 010-010-009, 030-140-004 (**Howe** and **Norman**)
- APN 021-310-097 (**Joiner**)

5.  Attached as **Exhibit A** hereto is a true and correct copy of the form of order proposed by the **Real Property Owners**.

6.  Attached hereto as **Exhibits B** through **H** are true and correct copies of the operative complaints filed by the **Debtor** in each of the **Eminent Domain Actions** affecting the **Subject Properties**. Each of the complaints includes a detailed description of the specific property interests sought relative to each of the **Subject Properties**.

7.  According to its pleadings, the **Debtor** seeks in four of the **Eminent Domain Actions** to take permanent and temporary easement interests for the purposes of construction, maintenance, and operation of a 30-inch high pressure natural gas transmission line, known as Line 406/407 (hereinafter "Line 406/407 Project", which the **Debtor** has alleged is being constructed for the purpose of bringing gas from Canada to service the Sacramento Valley region. According to the **Debtor**, the Line 406/407 Project spans over forty miles and traverses four counties.

8.  In the actions affecting the **Howe** and **Norman** property and the **Joiner** property, the **Debtor** has alleged it is seeking permanent and temporary interests to facilitate the installation of valve stations, In-Line Inspection facilities, and a valve automation line regulator station to improve the safety of existing gas transmission lines through the installation of remotely controllable and automated valves to identify operational issues and prevent pipeline ruptures. The projects are identified by the **Debtor**, respectively as the V-

234 Valve Automation Line 173 Rocklin Regulator Station Project and the V-252 L-123 MP 13.57 Lincoln Junction.

9. The complaints filed by the **Debtor** in each of the **Eminent Domain Actions** pray, in pertinent part, that (1) the real property interests sought to be taken be condemned to the **Debtor**; (2) the **Real Property Owners** be required to assert their interests and claims, and the court determine and condemn such interests; and (3) just compensation for the **Debtor's** taking, including any damages or benefits incidental thereto, be ascertained, assessed, and awarded. Disputed in each of the **Eminent Domain Actions** is the amount of just compensation due each of the respective **Real Property Owners**.

10. The **Debtor** has alleged in each of the **Eminent Domain Actions** that the public interest and necessity require construction and operation of its projects, that the projects are planned and located in the manner that will be most compatible with the greatest public good and least private injury, and that the property interests sought to be taken are necessary for the projects.

11. The **Debtor** obtained orders of possession over objections of the **Real Property Owners** in all of the **Eminent Domain Actions** affecting the **Subject Properties**, with the exception of **Joiner**, who entered into a right of entry agreement in exchange for the early payment of $38,400 to be credited against the amount ultimately determined to be just compensation for the property interests taken.

12. Pre-petition, the **Debtor** entered into identical Right to Take Settlement Agreements in February of 2016 with **DF**, **KV**, **CGB**, and the **Baseline**

**Entities**, which resolved a portion of just compensation, including reimbursements for the reasonable cost of certain landscaping, increased costs of construction of public facilities due to the location of the Line 407 pipeline, and certain grading work, as well as a subsequent Grading Work Agreement and a First Amendment to Grading Work Agreement in 2017 with **DF**. Further, the **Debtor** has already otherwise fully resolved and paid the amount of just compensation due the **Baseline Entities** pursuant to a settlement agreement executed in December of 2017, has resolved the amount of just compensation to be paid **CGB** pursuant to a Stipulation for Entry of Judgment in Condemnation executed in January of 2019, and has resolved the amount of just compensation to be paid **Howe** and **Norman** pursuant to a Mediation Settlement Agreement and Release of Claims executed in January of 2019.

13. True and correct copies of the referenced agreements are filed herewith as **Exhibits I** through **M** hereto; with the exceptions that only one of the identical Right to Take Settlement Agreements is attached – the Right to Take Settlement Agreement entered into with **DF** – and the **Baseline Entities** settlement agreement is not provided given that the compensation provided for therein has been paid. The Increased Cost Agreement requires the Debtor to fund an escrow agreement in the amount of $1 million, for the benefit of the **DF**, **KV**, **CGB**, and the **Baseline Entities**, to be drawn upon for reimbursement if and when any of owners incurs increased costs as a result of the presence of the Line 407 pipeline.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on April 2, 2019, at Sacramento, California.

/s/ KRISTEN RENFRO
**KRISTEN RENFRO**