# Exhibit A

J. RUSSELL CUNNINGHAM, SBN 130578
BRIAN MANNING, SBN 241512
KRISTEN REFRO, SBN 259162
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for DF Properties, KV Sierra Vista, LLC,
Baseline 80 Investors, LLC, Baseline P&R, LLC, John J. Guerra Jr.,
Successor Trustee of the Cyril G. Barbaccia Irrevocable
Trust dated December 15, 1976, Joiner Limited Partnership,
Brian T. Howe and Stephen J. Norman

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

In re:

PG&E CORPORATION,

-and-

PACIFIC GAS & ELECTRIC COMPANY,

Debtors.

[ ] Affects PG&E Corporation
[ ] Affects Pacific Gas & Electric Company
[X] Affects both Debtors

*All papers shall be filed in the Lead Case, No. 19-30088(DM)*

Case No. 19-30088 (DM)

Chapter 11

(Lead Case)

(Jointly Administered)

**ORDER GRANTING MOTION OF REAL PROPERTY OWNERS FOR AN ORDER CONFIRMING THE AUTOMATIC STAY DOES NOT BAR CONTINUATION OF EMINENT DOMAIN ACTIONS FILED BY THE DEBTOR PRE-PETITION AND GRANTING RELIEF FROM STAY FOR CAUSE TO THE EXTENT IT MIGHT OTHERWISE BAR ACTS RELATED TO THE PROCEEDINGS, INCLUDING THE PAYMENT OF JUST COMPENSATION**

Date: May 8, 2019
Time: 9:30 a.m. (Pacific Time)
Place: United State Bankruptcy Court
Courtroom 17, 16th Floor
San Francisco, CA 94102
Objection Deadline: May 1, 2019 at 4:00p.m. (Pacific)

Upon consideration of the motion of DF Properties, a California corporation, ("**DF**"), KV Sierra Vista, LLC, a California limited liability company, ("**KV**"), Baseline 80 Investors, LLC, a California limited liability company, and Baseline P&R, LLC, a California limited liability company, (collectively, "**Baseline Entities**"), John J. Guerra Jr., Successor Trustee of the Cyril G. Barbaccia Irrevocable Trust dated December 15, 1976 ("**CGB**"), Joiner Limited Partnership ("**Joiner**"), and Brian T. Howe and Stephen J. Norman ("**Howe and Norman**") (hereinafter, collectively "**Real Property Owners**"), and good cause appearing therefor,

IT IS ORDERED that:

1. The motion is granted as set forth herein.

2. No stay is in effect as to direct condemnation actions (hereinafter, collectively "**Eminent Domain Actions**") filed by Pacific Gas & Electric Company (referred to herein, in conjunction with PG&E Corporation, collectively, as the "**Debtor**") pre-petition, and granting relief from the automatic stay for all purposes with respect to the **Eminent Domain Actions** and the property interests subject thereto, so that the **Real Property Owners** may take any acts they deem necessary or appropriate to exercise, safeguard, or otherwise preserve their constitutional rights to the extent authorized by the Eminent Domain Law of California, Title 7 of Part 3 of the California Code of Civil Procedure ("**CCP**"), CCP 1230.010, et seq., the **Debtor** may meet its constitutional and statutory obligations, and the superior courts in which the **Eminent Domain Actions** are pending may make and enforce without limitation all appropriate orders and enter judgments.

3. Relief is further granted to the fullest extent, and without limitation, from the automatic stay to the extent it might operate to bar any actions relating to the prosecution, defense, and administration of the **Eminent Domain Actions**, or to the payment of just compensation in conjunction therewith. This relief authorizes each of the following potential actions by the **Real Property Owners**, the **Debtor**, and the superior courts in which the **Eminent Domain Actions** are now pending:

- Continued prosecution of the **Eminent Domain Actions**, in the superior courts of the State of California in which they are now pending;

- The filing, amendment, and supplementing of pleadings as permitted by California law, and entry of related orders;

- The filing, amendment, and supplementing of motions authorized by California law, and entry of related orders;

- Full engagement of the **Real Property Owners** and the **Debtor** in all discovery permitted, and the enforcement of discovery obligations, as permitted under California law;

- The serving of demands for exchange, and exchange of lists of expert witness and statements of valuation data pursuant to CCP § 1258.210, et seq.;

- The exchange of final offers and demands pursuant to CCP § 1250.410;

- Participation of the **Real Property Owners** and the **Debtor** in mediations, settlement conferences, and any other formal or informal alternative dispute resolution processes as may be deemed desirable by the parties;

- The depositing and increasing of amounts of probable just compensation by the **Debtor**; stipulations to, and unilateral applications for, withdrawal of deposits; and orders authorizing withdrawals pursuant to the provisions of CCP §§ 1255.010, et seq. and 1255.210, et seq.;

- The filing of motions to vacate orders of possession, and the entry of such orders pursuant to CCP § 1255.440;

- Abandonment of the **Eminent Domain Actions** pursuant to CCP § 1268.510;

- Dismissals and entry of judgments as warranted under California law, and orders for redelivery of possession and for damages proximately caused by the proceedings and dismissals pursuant to CCP § 1268.620, and for awards of litigation expenses pursuant to CCP § 1268.610 to the extent applicable;

- Trial to assess and finally determine just compensation, pursuant to California law, including the provisions of CCP §§ 1263.310, et seq, 1263.410, et seq. defining the governing valuation standards, fair market value for property taken, and compensatory damage for injury to remainder property;

- Payment of just compensation[1], including costs to cure or mitigate severance damages, pursuant to settlement agreements and judgments entered, and acts to enforce judgments obtained, whether before or after the commencement of the bankruptcy case, against the **Debtor** and property of the estate, through all available means under California law;

- Motions pursuant to CCP § 1268.020 to dismiss the **Eminent Domain Actions** in the event of the **Debtor**'s failure to timely pay the full amount required by settlement agreements executed and judgments entered pursuant to the provisions of CCP § 1268.010, et seq., and the entry of judgments of dismissal pursuant thereto;

- Deposits and withdrawals pursuant to CCP § 1268.110, et seq.;

- The filing and participation in appellate proceedings that may arise out of the **Eminent Domain Actions**.

4. The list of authorized actions enumerated in this order is not exhaustive, but rather is illustrative of the scope of the stay granted.

5. Further, the confirmation and relief granted by this order encompass and authorizes each of the following actions:

- The **Debtor**'s full performance of the terms, including deposit into escrow of One Million Dollars ($1,000,000), and the making of subsequent payments therefrom, without restriction, of the Right to Take Settlement Agreements

---

[1] Including recoverable court costs pursuant to CCP §§ 1268.710 and 1268.720, litigation expenses awarded as costs pursuant to CCP §§ 1250.410, and interest or its equivalent.

entered into in February of 2016 with **DF**, **KV**, **CGB**, and the **Baseline Entities** in connection with Placer County Case. Nos. SCV 0035649, SCV 0039709, SCV 0035650, SCV 0035651, and SCV 0035652.

- The **Debtor**'s full performance of all terms, including payment of all reimbursements provided for therein, of the Grading Work Agreement and First Amendment of Grading Work Agreement entered into with **DF** in 2017 in connection with Placer County Case No. SCV 0035649.

- The **Debtor**'s full performance of all terms, including payment of the amount of just compensation of One Hundred Fifty-Seven Thousand Dollars ($157,000), of the Stipulation for Entry of Judgment in Condemnation executed by the Debtor and **CGB** in January of 2019 and subsequently entered Judgment thereon in Placer County Case. No. SCV 0035650.

- The **Debtor**'s full performance of all terms, including payment of the amount of just compensation of Two Hundred Fifty Thousand Dollars ($250,000), of the Mediation Settlement Agreement and Release of Claims executed by the **Debtor** and **Howe** and **Norman** in January of 2019 and such subsequent Stipulated Judgment as may be entered thereon in Placer County Case. No. SCV 0040815.