# Exhibit C

SUM-100

# AMEMDED SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
KV SIERRA VISTA LLC; DOES 1 through 30, inclusive, and ALL PERSONS UNKNOWN CLAIMING AN INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PACIFIC GAS AND ELECTRIC COMPANY, a California corporation

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

APR 20 [illegible]

JAKE CHATTERS
EXECUTIVE OFFICER & CLERK
By: C. Vallan-Brown, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER
10820 Justice Center Drive
Roseville, CA 95678

**CASE NUMBER:**
*(Número del Caso):*
SCV 0039709

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven D. Roland (SBN 108097) Randall G. Block (SBN 121330) Nora E.B. Wetzel (SBN 287773)
BURKE, WILLIAMS & SORENSEN, LLP
101 Howard Street, Suite 400, San Francisco, CA 94105
(415) 655-8100

DATE: [illegible] Clerk, by C. Vallan-Brown , Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]
COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
SF #4827-6959-8303 v1

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

BY FAX

1  Elizabeth Collier (SBN 148537)
   Cesar Alegria (SBN 145625)
2  PG&E Law Dept.

3  DIRECT CORRESPONDENCE TO:
   Steven D. Roland (SBN 108097)
4  Randall G. Block (SBN 121330)
   Nora E.B. Wetzel (SBN 287773)
5  E-mail: nwetzel@bwslaw.com
   BURKE, WILLIAMS & SORENSEN, LLP
6  101 Howard Street, Suite 400
   San Francisco, CA 94105-6125
7  Tel: 415.655.8100   Fax: 415.655.8099

8  Attorneys for Plaintiff
   PACIFIC GAS AND ELECTRIC COMPANY
9

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

APR 20

JAKE CHATTERS
EXECUTIVE OFFICER & CLERK
By: G. Vallan-Brown, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF PLACER

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>KV SIERRA VISTA LLC; DOES 1 through 30, inclusive; and ALL PERSONS UNKNOWN CLAIMING AN INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT,<br><br>Defendants. | CASE NO. SCV 0039709<br><br>Singly Assigned to Dept. 42<br><br>**AMENDED COMPLAINT IN EMINENT DOMAIN**<br><br>APN 499-010-014, 499-010-017, 499-010-018, 499-010-032 (formerly 017-151-044, 017-151-046) (Portion) |

Plaintiff PACIFIC GAS AND ELECTRIC COMPANY ("PG&E") alleges as follows:

1. PG&E is, and at all times herein mentioned was, a public utility and a corporation duly organized and existing under and by virtue of the laws of the State of California with its principal place of business in the City and County of San Francisco, State of California.

2. PG&E is informed and believes that KV Sierra Vista LLC is the fee title owner of the property at issue herein, located in the County of Placer, State of California, designated as

-1-
AMENDED COMPLAINT IN EMINENT DOMAIN

SF #4852-5850-0707 v1

Case: 19-30088   Doc# 1174-8   Filed: 04/02/19   Entered: 04/02/19 10:59:02   Page 3 of 20

Assessor Parcel Numbers 499-010-014, 499-010-017, 499-010-018, 499-010-032 (formerly 017-151-044, 017-151-046) ("the KV Property").

3. PG&E also names as defendants all persons unknown and claiming an interest in the KV Property.

4. PG&E does not know the true names and capacities of DOES 1 to 30, inclusive, nor the interests they have or claim to have in the KV Property. PG&E will ask leave to amend this complaint to show the true names and capacities of said Does where ascertained.

5. PG&E does not name the City of Roseville as a defendant in this action as the City of Roseville has disclaimed any interest in seeking compensation for the condemned property, including those lands dedicated to the City by way of Irrevocable Offers of Dedication from defendants. (**Exhibit F**).

6. To meet growing demand for natural gas within the Sacramento Valley region, improve public safety, ensure reliability, and increase automation of its natural gas delivery system, PG&E has completed construction of two major new gas transmission pipelines -- Line 406 and Line 407 -- consisting of approximately 44 miles of 30-inch pipeline (the "Project"). The Project also includes the construction of above ground facilities.

7. The Project crosses California's Central Valley in the counties of Yolo, Sutter, Sacramento and Placer, serving some of the highest growth counties in California, with the majority of projected new consumers located in this region.

8. The first phase of the Project, Line 406, consisted of approximately 14 miles of pipeline for which land rights were acquired and construction was completed during 2011.

9. Construction of the Line 407 segment of the Project started in early 2016. Line 407 extends from Line 406 and Line 172A in the town of Yolo, east to Line 123 in Roseville. The Line 407 portion of the Project provided major reinforcement to the Sacramento Valley region by establishing an inter-tie from the backbone pipeline system, Line 400 and Line 401, into the local gas transmission system (Line 123). As the Sacramento Valley region reached its capacity limits in 2017, the Project added critical transmission capacity and allowed PG&E reliably to meet customer demands under conditions involving the highest demand for natural

gas, including Abnormal Peak Day and Cold Winter Day conditions beginning in the 2017/2018 heating season and continuing thereafter. The new lines also improved public safety, ensured reliability, and increased automation of the natural gas delivery system.

10. PG&E complied with an extensive CEQA permitting process and obtained the authorization necessary for construction of the Project by the Lead Agency overseeing the Project, the California State Lands Commission. The State Lands Commission issued its Amended Final EIR for the Project on November 16, 2009. The approval was issued after years of applications, review, public comment, and public hearings. PG&E acquired all necessary permits and approvals from the agencies listed below for construction of the Project:

- California State Lands Commission
- National Oceanic and Atmospheric Administration
- Army Corps of Engineers
- United State Fish and Wildlife Services
- California Department of Fish and Game (fully approved and permitted).

11. PG&E seeks to acquire by eminent domain for the Project the following property, property rights and property interests (collectively, "Property Interests") in the KV Property:

(a) The right at any time, and from time to time, to excavate for, install, replace (of the initial or any other size), maintain and use such pipe lines as PG&E shall from time to time elect for conveying gas, with necessary and proper valves and other appliances and fittings, and devices for controlling electrolysis for use in connection with said pipe lines, and such underground wires, cables, conduits, appliances, fixtures and appurtenances, as PG&E shall from time to time elect for communication purposes, together with adequate protection therefor, and also a right of way, within the hereinafter described easement area lying within Defendants' lands which are situate in the City of Roseville, County of Placer, State of California, said lands and easement area being described in **Exhibit "A"**, and shown on **Exhibit "B"**, which **Exhibits "A" and "B"** are incorporated herein as though set forth in full by this reference;

(b) the right of ingress to and egress from said easement area over and across said lands by means of roads and lanes thereon, if such there be, otherwise by such route or

routes as shall occasion the least practicable damage and inconvenience to Defendants, provided, that such right of ingress and egress shall not extend to any portion of said lands which is isolated from said easement area by any public road or highway, now crossing or hereafter crossing said lands;

(c) The right, from time to time, to trim or to cut down any and all trees and brush now or hereafter within said easement area, and shall have the further right, from time to time, to trim and cut down trees and brush along each side of said easement area which now or hereafter in the opinion of PG&E may interfere with or be a hazard to the facilities installed hereunder, or as PG&E deems necessary to comply with applicable state or federal regulations.

(d) The right to use such portion of said lands contiguous to said easement area as may be reasonably necessary in connection with the construction, reconstruction, installation, inspection, maintenance, repair, replacement, and removal of said facilities;

(e) The rights to install, maintain and use gates in all fences which now cross or shall hereafter cross said easement area;

(f) The right to mark the location of the Pipeline Easement and pipe lines by suitable markers set in the ground; provided that said markers shall be placed in fences or other locations which will not interfere with any reasonable use Defendants shall make of the Pipeline Easement.

(g) The temporary right to use for working strips and laydown and staging areas, including the right to place and operate construction equipment thereon, the areas outlined by the heavy dashed lines on the map attached hereto, **Exhibit C,** which is incorporated herein by this reference, and thereon designated TCE No. 1, TCE No. 2, TCE No. 3, and TCE No. 4.

(h) The temporary right to use as a pipeline preparation area the area outlined by heavy dashed lines on the map attached hereto **Exhibit C,** which is incorporated herein by this reference, and thereon designated TCE No. 1, TCE No. 2, TCE No. 3, and TCE No. 4.

(i) The Property Interests are fully described in the Easement Deed and Temporary Construction Easement, **Exhibits D and E** respectively, and incorporated herein by this reference.

12. PG&E is, and at all times mentioned herein has been, authorized to exercise the power of eminent domain to acquire property for public use under the statutory authority set forth in Public Utilities Code section 613 and Code of Civil Procedure sections 1230.010 *et seq.* and 1240.010 *et seq.*, and also under the California Constitution, Article I, Section 19. Exercise of this power is proper in this case for the following reasons:

(a) The public interest and necessity require construction and operation of the Project to provide natural gas to the service area in which the Project is located.

(b) The Project is planned and located in the manner that will be most compatible with the greatest public good and least private injury.

(c) The Property Interests are necessary for the Project.

13. PG&E has attempted without success to negotiate the purchase of the Property Interests. In addition, PG&E has offered to pay the reasonable costs, not to exceed five thousand dollars ($5,000), of an independent appraisal ordered by the owner, and conducted by an appraiser licensed by the Office of Real Estate Appraisers, as required under Code of Civil Procedure section 1263.025.

**WHEREFORE,** PG&E prays judgment that:

1. The Property Interests be condemned to PG&E's use for the purposes set forth in this Complaint;

2. Defendants be required to set forth the nature of their title, interest and claim in and to the lands herein sought to be condemned, and that the same be determined by this Court and condemned to PG&E's use;

3. Just compensation for such taking and any damages or benefits incidental thereto be ascertained, assessed and awarded as provided by law;

4. The reasonable value of all liens and encumbrances, if any, against the KV Property be ascertained, deducted from said judgment and be ordered paid to the persons thereunto entitled; and

/ / /

/ / /

5. Such other and further relief as the Court may deem proper.

DATED: April 20, 2018              BURKE, WILLIAMS & SORENSON LLP

                                   By: /s/ Nora E. B. Wetzel
                                   NORA E. B. WETZEL
                                   Attorneys for Plaintiff
                                   PACIFIC GAS AND ELECTRIC COMPANY

-6-
AMENDED COMPLAINT IN EMINENT DOMAIN

# EXHIBIT A

GAS LINE TRANSMISSION - "A"(REV. 10/14)

RECORDING REQUESTED BY AND RETURN TO:

*PACIFIC GAS AND ELECTRIC COMPANY*
*245 Market Street, N10A, Room 1015*
*P.O. Box 770000*
*San Francisco, California 94177*

Location: City/Uninc_____
Recording Fee $_____
Document Transfer Tax $ _____
[ ] This is a conveyance where the consideration and
    Value is less than $100.00 (R&T 11911).
[ ] Computed on Full Value of Property Conveyed, or
[ ] Computed on Full Value Less Liens
    & Encumbrances Remaining at Time of Sale

_____
Signature of declarant or agent determining tax

(SPACE ABOVE FOR RECORDER'S USE ONLY)

LD 2111-05-0159

**EASEMENT DEED**

2015168 (06-05-033) 9 15 3
LINE 407 PHASE 1

KV SIERRA VISTA, LLC, a California limited liability company,

hereinafter called Grantor, in consideration of value paid by PACIFIC GAS AND ELECTRIC COMPANY, a California corporation, hereinafter called Grantee, the receipt whereof is hereby acknowledged, hereby grants to Grantee the right at any time, and from time to time, to excavate for, install, replace (of the initial or any other size), maintain and use such pipe lines as Grantee shall from time to time elect for conveying gas, with necessary and proper valves and other appliances and fittings, and devices for controlling electrolysis for use in connection with said pipe lines, and such underground wires, cables, conduits, appliances, fixtures and appurtenances, as Grantee shall from time to time elect for communication purposes, together with adequate protection therefor, and also a right of way, within the hereinafter described easement area lying within Grantor's lands which are situate in the City of Roseville, County of Placer, State of California, said lands and easement area being described in EXHIBIT "A" and shown on EXHIBIT "B" attached hereto and made a part hereof.

(APN 499-010-014, 499-010-017, 499-010-018, 499-010-032 Formerly 017-151-044 and 017-151-046)

Grantor further grants to Grantee:

(a) the right of ingress to and egress from said easement area over and across said lands by means of roads and lanes thereon, if such there be, otherwise by such route or routes as shall

occasion the least practicable damage and inconvenience to Grantor, provided, that such right of ingress and egress shall not extend to any portion of said lands which is isolated from said easement area by any public road or highway, now crossing or hereafter crossing said lands;

(b) the right, from time to time, to trim or to cut down any and all trees and brush now or hereafter within said easement area, and shall have the further right, from time to time, to trim and cut down trees and brush along each side of said easement area which now or hereafter in the opinion of Grantee may interfere with or be a hazard to the facilities installed hereunder, or as Grantee deems necessary to comply with applicable state or federal regulations;

(c) the right to use such portion of said lands contiguous to said easement area as may be reasonably necessary in connection with the construction, reconstruction, installation, inspection, maintenance, repair, replacement and removal of said facilities;

(d) the right to install, maintain and use gates in all fences which now cross or shall hereafter cross said easement area; and

(e) the right to mark the location of said easement area and pipe lines by suitable markers set in the ground; provided that said markers shall be placed in fences or other locations which will not interfere with any reasonable use Grantor shall make of said easement area.

Grantee hereby covenants and agrees:

(a) not to fence said easement area;

(b) to promptly backfill any excavations made by it on said easement area and repair any damage it shall do to Grantor's private roads or lanes on said lands; and

(c) to indemnify Grantor against any loss and damage which shall be caused by any wrongful or negligent act or omission of Grantee or of its agents or employees in the course of their employment, provided, however, that this indemnity shall not extend to that portion of such loss or damage that shall have been caused by Grantor's comparative negligence or willful misconduct.

Grantor reserves the right to use said easement area for purposes which will not interfere with Grantee's full enjoyment of the rights hereby granted; provided that Grantor shall not erect or construct any building or other structure, or drill or operate any well, or construct any reservoir or other obstruction within said easement area, or plant any trees or vines, or construct associated supporting structures, within ten (10) feet of the edge(s) of the pipe line(s), or diminish or substantially add to the ground cover over said facilities, or construct any fences that will interfere with the maintenance and operation of said facilities.

The provisions hereof shall inure to the benefit of and bind the successors and assigns of the respective parties hereto, and all covenants shall apply to and run with the land.

2

Dated _____, 20____.

                                KV SIERRA VISTA, LLC, a California limited liability company,

                                By _____

                                By _____

Attach to LD: 2111-05-0159
Area, Region or Location: 6
Land Service Office: Sacramento
Line of Business: 52
Business Doc Type: Easements
MTRSQ: 21.11.05.34.21, 21.11.05.34.22, 21.11.05.35.2, 21.11.05.35.3
FERC License Number: N/A
PG&E Drawing Number: N/A
Plat No.: N/A
LD of Affected Documents: N/A
LD of Cross Referenced Documents: N/A
Type of interest: 5, 6
SBE Parcel: N/A
% Being Quitclaimed: N/A
Order or PM: 74001449-3210
JCN: 06-05-033
County: Placer
Utility Notice Number:
851 Approval Application No: N/A    ;Decision:
Prepared By: bcs6
Checked By: DPM2
Approved By:
Revised by: BCS6
Revision Number: 2
Ver2 Edit for APN's and Lands and area change. 11/30/17 BCS6
Ver3 Edit to add former APN's 1/23/18 BCS

Case: 19-30088    Doc# 1174-8    Filed: 04/02/19    Entered: 04/02/19 10:59:02    Page 12 of 20

LD 2111-05-0159
2015168 (JCN 06-05-033) 9 15 3
Line 407 – Phase 1

EXHIBIT "A"

PIPELINE EASEMENT

LANDS:

The parcels of land described as Resultant Parcel 2 and Resultant Parcel 4 in the deed from Baseline P & R, LLC to KV Sierra Vista, LLC dated June 18, 2015 and recorded as Document No. 2015-0053568, Official Records of Placer County, State of California.

EXCEPTING THEREFROM any portions thereof lying within Areas R-2, R-6, O-1 and O-2 described in the IRREVOCABLE OFFER OF DEDICATION from KV Sierra Vista, LLC to the City of Roseville dated April 23, 2016 and recorded as Document No. 2016-0036246 Official Records of Placer County, State of California and also shown on Record of Survey No. 3221, recorded in Book 22 of Surveys, Page 135, Placer County Records.

## PIPELINE EASEMENT No. 1

A strip of land being the uniform width of 50 feet extending from the westerly boundary line of said Resultant Parcel 2 described in the deed dated June 18, 2015, easterly to the easterly boundary line of said Resultant Parcel 2 described in the deed dated June 18, 2015, lying 50.00 feet southerly of the line described as follows:

Beginning at a point in the westerly boundary line of said Resultant Parcel 2 described in the deed dated June 18, 2015 and running thence
(1) north 89°43'16" east approximately 780.50 feet to a point which bears north 83°04'10" west 1113.95 feet from a railroad spike marking the center line of Watt Avenue as shown on Record of Survey No. 2600 dated October 8, 2004 and filed for record in Book 18 of Surveys at page 55, Placer County Records; thence continuing
(2) north 89°43'16" east approximately 500.00 feet easterly to the easterly boundary line of said Resultant Parcel 2 described in the deed dated June 18, 2015.

Containing 1.083 acres of land more or less.

Case: 19-30088    Doc# 1174-8    Filed: 04/02/19    Entered: 04/02/19 10:59:02    Page 13 of 20

PIPELINE EASEMENT No. 2

A strip of land being the uniform width of 50 feet extending from the westerly boundary line of said Resultant Parcel 4 described in the deed dated June 18, 2015, easterly to the easterly boundary line of said Resultant Parcel 4 described in the deed dated June 18, 2015, lying 50.00 feet southerly of the line described as follows:

Beginning at a point in the westerly boundary line of said Resultant Parcel 4 described in the deed dated June 18, 2015 and running thence
(1) north 89°49'02" east approximately 2515.35 feet to a point which bears north 86°42'58" east 2583.91 feet from a railroad spike marking the centerline of Watt Avenue as shown on Record of Survey No. 2600 dated October 8, 2004 and filed for record in Book 18 of Surveys at page 55, Placer County Records; thence
(2) north 89°47'42" east 129.09 feet; thence
(3) north 89°46'12" east 1396.63 feet; thence
(4) north 89°34'14" east approximately 345.52 feet to the easterly boundary line of said Resultant Parcel 4 described in the deed dated June 18, 2015.

Containing 2.820 acres of land more or less.

The Basis of Bearings for this description is geodetic north derived from California State Plane Coordinates, CCS83, Zone 2. To obtain grid bearings, rotate the bearings shown hereon by 00°01'51.6" counterclockwise. To obtain grid distances, multiply the distances shown hereon by 0.99990656. All units are U.S. Survey Feet.

Prepared By:
R.E.Y. Engineers, Inc.

Ronald E. Monsour, PLS 8474    Date: 1/23/2018

*[Seal: Professional Land Surveyor, RON MONSOUR, No. 8474, State of California]*

# EXHIBIT B







# EXHIBIT C



Exhibit "A" — Temporary Construction Easement, Line 407 on KV Sierra Vista, LLC, Pacific Gas and Electric Company, Sacramento, Cal. Sheet 1 of 2. Scale 1"=300'. Date 1.23.2018. Drawn by RM, Checked by DPM. R.E.Y. Engineers, Inc.