# Exhibit F

Elizabeth Collier (SBN 148537)
Cesar Alegria (SBN 145625)
PG&E Law Dept.

DIRECT CORRESPONDENCE TO:
Steven D. Roland (SBN 108097)
Randall G. Block (SBN 121330)
Nora E.B. Wetzel (SBN 287773)
E-mail: nwetzel@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
101 Howard Street, Suite 400
San Francisco, CA 94105-6125
Tel: 415.655.8100   Fax: 415.655.8099

Attorneys for Plaintiff
PACIFIC GAS AND ELECTRIC COMPANY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF PLACER

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN J. GUERRA JR., Successor Trustee of the Cyril G. Barbaccia Irrevocable Trust dated December 15, 1976; AGNES C. CONLEY; SALLY S. TAKETA; DOES 1 through 30, inclusive; and ALL PERSONS UNKNOWN CLAIMING AN INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT,<br><br>Defendants. | CASE NO. SCV 0035650<br><br>**AMENDED COMPLAINT IN EMINENT DOMAIN**<br><br>APN: 498-010-012, 498-010-013, formerly 017-151-026 (Portion) |

Plaintiff PACIFIC GAS AND ELECTRIC COMPANY ("PG&E") alleges as follows:

1.   PG&E is, and at all times herein mentioned was, a public utility and a corporation duly organized and existing under and by virtue of the laws of the State of California with its principal place of business in the City and County of San Francisco, State of California.

2.   PG&E is informed and believes that John J. Guerra Jr., Successor Trustee of the Cyril G. Barbaccia Irrevocable Trust dated December 15, 1976 is the fee title owner of the

-1-
AMENDED COMPLAINT IN EMINENT DOMAIN
C:\Users\wetzel-n\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\JEX4FMED\PGE v. Previte __ Amended Complaint in Eminent Domain.doc

Case: 19-30088   Doc# 1174-11   Filed: 04/02/19   Entered: 04/02/19 10:59:02   Page 2 of 15

property at issue herein, located in the County of Placer, State of California, designated as Assessor Parcel Number APN: 498-010-012 and 498-010-013, formerly 017-151-026 (Portion) ("the Property").

3. PG&E is informed and believes Agnes Conley and Sally Taketa had or claimed an easement interest in the Property, but have disclaimed their interest, if any, or been dismissed from this case.

4. PG&E also names as defendants all persons unknown and claiming an interest in the Property.

5. PG&E does not know the true names and capacities of DOES 1 to 30, inclusive, nor the interests they have or claim to have in the Property. PG&E will ask leave to amend this complaint to show the true names and capacities of said Does where ascertained.

6. PG&E does not name the City of Roseville as a defendant in this action as the City of Roseville has confirmed it is not seeking any compensation from PG&E or the landowners as it relates to this condemnation action and the areas subject to irrevocable offers of dedication to the City. (**Exhibit E**).

7. To meet growing demand for natural gas within the Sacramento Valley region, improve public safety, ensure reliability, and increase automation of its natural gas delivery system, PG&E has completed construction of two major new gas transmission pipelines -- Line 406 and Line 407 -- consisting of approximately 44 miles of 30-inch pipeline (the "Project"). The Project also includes the construction of above ground facilities.

8. The Project crosses California's Central Valley in the counties of Yolo, Sutter, Sacramento and Placer, serving some of the highest growth counties in California, with the majority of projected new consumers located in this region.

9. The first phase of the Project, Line 406, consisted of approximately 14 miles of pipeline for which land rights were acquired and construction was completed during 2011.

10. Construction of the Line 407 segment of the Project started in early 2016, and is finished. Line 407 extends from Line 406 and Line 172A in the town of Yolo, east to Line 123 in Roseville. The Line 407 portion of the Project provides major reinforcement to the

-2-
AMENDED COMPLAINT IN EMINENT DOMAIN
C:\Users\wetzel-n\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\JEX4FMED\PGE v. Previte _ Amended Complaint in Eminent Domain.doc

Case: 19-30088    Doc# 1174-11    Filed: 04/02/19    Entered: 04/02/19 10:59:02    Page 3 of 15

Sacramento Valley region by establishing an inter-tie from the backbone pipeline system, Line 400 and Line 401, into the local gas transmission system (Line 123). As the Sacramento Valley region reached its capacity limits in 2017, the Project added critical transmission capacity and allowed PG&E reliably to meet customer demands under conditions involving the highest demand for natural gas, including Abnormal Peak Day ("ADP") and Cold Winter Day ("CWD") conditions beginning in the 2017/2018 heating season and continuing thereafter. The new lines also improved public safety, ensured reliability, and increased automation of the natural gas delivery system.

11. PG&E complied with an extensive CEQA permitting process and obtained the authorization necessary for construction of the Project by the Lead Agency overseeing the Project, the California State Lands Commission. The State Lands Commission issued its Amended Final EIR for the Project on November 16, 2009. The approval was issued after years of applications, review, public comment, and public hearings. PG&E acquired all necessary permits and approvals from the agencies listed below for construction of the Project:

- California State Lands Commission
- National Oceanic and Atmospheric Administration
- Army Corps of Engineers
- United State Fish and Wildlife Services
- California Department of Fish and Game (fully approved and permitted).

11. PG&E seeks to acquire by eminent domain for the Project the following property, property rights and property interests (collectively, "Property Interests") in the Property:

(a) The right at any time and from time to time to install, replace (of the initial or any other size), maintain and use such pipelines as PG&E shall from time to time elect for conveying gas, with necessary and proper valves and other appliances and fittings, and devices for controlling electrolysis for use in connection with said pipelines, and such underground wires, cables, conduits, and other electrical conductors, appliances, fixtures and appurtenances, as PG&E shall from time to time deem necessary for communication purposes, together with adequate protection therefor, and also a right of way, within the hereinafter described strip of

-3-

Case: 19-30088    Doc# 1174-11    Filed: 04/02/19    Entered: 04/02/19 10:59:02    Page 4 of 15

land lying within Defendant's lands which are situate in the County of Placer, State of California, described and designated EASEMENT NO. 1 in **Exhibit A**, and shown on **Exhibit B**, which Exhibits A and B are incorporated herein as though set forth in full by this reference (hereinafter, the "Pipeline Easement").

(b) An exclusive easement and right of way to construct, install, replace (of the initial or any other size), maintain, and use such valves and other devices and equipment as PG&E shall from time to time deem necessary for metering, regulating, and discharging gas into the atmosphere within, to install concrete curbing on, to cover with bitumastic pavement and to enclose with a fence, the hereinafter described parcel of land ("Valve Lot") described and designated as EASEMENT No. 2 in **Exhibit A**, and shown on **Exhibit B**, which Exhibits A and B are incorporated herein as though set forth in full by this reference.

(c) A permanent Non-Exclusive access easement ("Access Easement") for ingress to and egress from the hereinbefore described Valve Lot together with the right to install concrete paving blocks and grass, to cover with bitumastic pavement, to install decorative planters with vegetation, to construct temporary fencing, store material, construct, reconstruct, maintain drainage, operate equipment and perform any other activities associated with the operation and maintenance of said Valve Lot and Pipeline Easement within the parcel of land described and designated EASEMENT No. 3 in **Exhibit A**, and shown on **Exhibit B**, which Exhibits A and B are incorporated herein as though set forth in full by this reference.

(d) the right of ingress to and egress from the Pipeline Easement, Valve Lot, and Access Easement over and across the Property by means of roads and lanes thereon, if such there be, otherwise by such route or routes as shall occasion the least practicable damage and inconvenience to Defendants, provided, that such right of ingress and egress shall not extend to any portion of the Property which is isolated from the Pipeline Easement, Valve Lot, and Access Easement by any public road or highway, now crossing or hereafter crossing the Property.

(e) The right from time to time to trim and to cut down and clear away or otherwise destroy any and all trees and brush now or hereafter on the Pipeline Easement, Valve Lot, and Access Easement, and to trim and to cut down and clear away any trees on either side of

-4-
AMENDED COMPLAINT IN EMINENT DOMAIN
C:\Users\wetzel-n\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\JEX4FMED\PGE v. Previte __ Amended Complaint in Eminent Domain.doc

Case: 19-30088    Doc# 1174-11    Filed: 04/02/19    Entered: 04/02/19 10:59:02    Page 5 of 15

the Pipeline Easement, Valve Lot, and Access Easement which now or hereafter in the opinion of PG&E may be a hazard to the facilities installed hereunder by reason of the danger of falling thereon, or may interfere with the exercise of PG&E's rights hereunder; provided, however, that all trees which PG&E is hereby authorized to cut and remove, if valuable for timber or wood, shall continue to be the property of Defendants, but all branches, brush, and refuse wood shall be burned, removed, or chipped and scattered by PG&E.

(f) The right to use such portion of the Property contiguous to the Pipeline Easement as may be reasonably necessary in connection with the installation and replacement of said facilities.

(g) The rights to install, maintain and use gates in all fences which now cross or shall hereafter cross the Pipeline Easement.

(h) The right to mark the location of the Pipeline Easement by suitable markers set in the ground; provided that said markers shall be placed in fences or other locations which will not interfere with any reasonable use Defendants shall make of the Pipeline Easement.

(i) The temporary right to use as a pipeline preparation area and for working strips and laydown and staging areas, including the right to place and operate construction equipment thereon the area outlined by the heavy dashed lines and cross hatched on Exhibit A sheet 1 of 2 attached hereto as **Exhibit C** and made a part hereof and thereon designated TCE.

(j) The temporary right to use as an access road the area outlined by the heavy dashed lines and cross hatched on Exhibit A sheet 2 of 2 attached hereto as **Exhibit C** and made a part hereof and thereon designated Temporary Access Road.

(k) The Property Interests are fully described in the Easement Deed and Temporary Construction Easement, **Exhibit A and D** hereto, and incorporated herein by this reference.

2. PG&E is, and at all times mentioned herein has been, authorized to exercise the power of eminent domain to acquire property for public use under the statutory authority set forth in Public Utilities Code section 613 and Code of Civil Procedure sections 1230.010 *et seq.*

-5-
AMENDED COMPLAINT IN EMINENT DOMAIN
C:\Users\wetzel-n\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\JEX4FMED\PGE v. Previte __ Amended Complaint in Eminent Domain.doc

Case: 19-30088    Doc# 1174-11    Filed: 04/02/19    Entered: 04/02/19 10:59:02    Page 6 of 15

and 1240.010 *et seq.*, and also under the California Constitution, Article I, Section 19. Exercise of this power is proper in this case for the following reasons:

    (a)    The public interest and necessity require construction and operation of the Project to provide natural gas to the service area in which the Project is located.

    (b)    The Project is planned and located in the manner that will be most compatible with the greatest public good and least private injury.

    (c)    The Property Interests are necessary for the Project.

12.    PG&E has attempted without success to negotiate the purchase of the Property Interests. In addition, PG&E has offered to pay the reasonable costs, not to exceed five thousand dollars ($5,000), of an independent appraisal ordered by the owner, and conducted by an appraiser licensed by the Office of Real Estate Appraisers, as required under Code of Civil Procedure section 1263.025.

**WHEREFORE,** PG&E prays judgment that:

1.    The Property Interests be condemned to PG&E's use for the purposes set forth in this Amended Complaint;

2.    Defendants be required to set forth the nature of their title, interest and claim in and to the lands herein sought to be condemned, and that the same be determined by this Court and condemned to PG&E's use;

3.    Just compensation for such taking and any damages or benefits incidental thereto be ascertained, assessed and awarded as provided by law;

4.    The reasonable value of all liens and encumbrances, if any, against the Property be ascertained, deducted from said judgment and be ordered paid to the persons thereunto entitled; and

///
///
///
///
///

-6-
AMENDED COMPLAINT IN EMINENT DOMAIN
C:\Users\wetzel-n\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\JEX4FMED\PGE v. Previte _ Amended Complaint in Eminent Domain.doc

Case: 19-30088   Doc# 1174-11   Filed: 04/02/19   Entered: 04/02/19 10:59:02   Page 7 of 15

5. Such other and further relief as the Court may deem proper.

DATED: February 27, 2018

BURKE, WILLIAMS & SORENSON LLP

By: _____
NORA E.B. WETZEL
Attorneys for Plaintiff
PACIFIC GAS AND ELECTRIC COMPANY

C:\Users\wetzel-n\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\JEX4FMED\PGE v. Previte __ Amended Complaint in Eminent Domain.doc

Case: 19-30088   Doc# 1174-11   Filed: 04/02/19   Entered: 04/02/19 10:59:02   Page 8 of 15

# EXHIBIT A

RECORDING REQUESTED BY AND RETURN TO:

*PACIFIC GAS AND ELECTRIC COMPANY*
*245 Market Street, N10A, Room 1015*
*P.O. Box 770000*
*San Francisco, California 94177*

Location: City/Uninc_____
Recording Fee $_____
Document Transfer Tax $_____
[ ] This is a conveyance where the consideration and
    Value is less than $100.00 (R&T 11911).
[ ] Computed on Full Value of Property Conveyed, or
[ ] Computed on Full Value Less Liens
    & Encumbrances Remaining at Time of Sale

_____
Signature of declarant or agent determining tax

(SPACE ABOVE FOR RECORDER'S USE ONLY)

LD 2111-05-0104

EASEMENT

2008088 (06-05-033) 09 08 8
LINE 407 PHASE 1

JOHN J. GUERRA, JR., Successor Trustee of the Cyril G. Barbaccia Irrevocable Trust, dated December 15, 1976,

hereinafter called Grantor, in consideration of value paid by PACIFIC GAS AND ELECTRIC COMPANY, a California corporation, hereinafter called PG&E, the adequacy and receipt whereof are hereby acknowledged, hereby grants to PG&E the right at any time, and from time to time, to excavate for, install, replace (of the initial or any other size), maintain and use such pipelines as PG&E shall from time to time elect for conveying gas, with necessary and proper valves and other appliances and fittings, and devices for controlling electrolysis for use in connection with said pipelines, and such underground wires, cables, conduits, and other electrical conductors, appliances, fixtures and appurtenances, as PG&E shall from time to time deem necessary for communication purposes, together with adequate protection therefor, and also a right of way, within the strip of land ("Pipeline Easement") lying within Grantor's lands which are situate in the county of Placer, state of California, and are described as follows:

(APN 498-010-012 and 498-010-013 Formerly 017-151-026)

The parcel of land described and designated LANDS on EXHIBIT "A", attached hereto and made a part hereof.

The aforesaid strip of land ("Pipeline Easement") is described as follows:

- 1 -

Case: 19-30088    Doc# 1174-11    Filed: 04/02/19    Entered: 04/02/19 10:59:02    Page
10 of 15

The parcel of land described and designated EASEMENT No. 1 in EXHIBIT "A" and shown on EXHIBIT "B", attached hereto and made a part hereof.

Grantor also grants to PG&E, an exclusive easement and right of way to construct, install, replace (of the initial or any other size), maintain and use such valves and other devices and equipment as PG&E shall from time to time deem necessary for metering, regulating and discharging gas into the atmosphere within, to install concrete curbing on, to cover with bitumastic pavement and to enclose with a fence, the hereinafter described parcel of land ("Valve Lot") described as follows:

The parcel of land described and designated EASEMENT No. 2 in EXHIBIT "A" and shown on EXHIBIT "B", attached hereto and made a part hereof.

Grantor also grants to PG&E a permanent Non-Exclusive access easement ("Access Easement") for ingress to and egress from the hereinbefore described Valve Lot together with the right to install concrete paving blocks and grass, to cover with bitumastic pavement, to install decorative planters with vegetation, to construct temporary fencing, store material, construct, reconstruct, maintain drainage, operate equipment and perform any other activities associated with the operation and maintenance of said Valve Lot and Pipeline Easement within the parcel of land described as follows:

The parcel of land described and designated EASEMENT No. 3 in EXHIBIT "A" and shown on EXHIBIT "B", attached hereto and made a part hereof.

Grantor further grants to PG&E:

(a) the right of ingress to and egress from said Pipeline Easement, Valve Lot and Access Easement over and across said lands by means of roads and lanes thereon, if such there be, otherwise by such route or routes as shall occasion the least practicable damage and inconvenience to Grantor, provided, that such right of ingress and egress shall not extend to any portion of said lands which is isolated from said Pipeline Easement, Valve Lot and Access Easement by any public road or highway, now crossing or hereafter crossing said lands;

(b) the right from time to time to trim and to cut down and clear away or otherwise destroy any and all trees and brush now or hereafter on said Pipeline Easement, Valve Lot and Access Easement and to trim and to cut down and clear away any trees on either side of said Pipeline Easement, Valve Lot and Access Easement which now or hereafter in the opinion of PG&E may be a hazard to the facilities installed hereunder by reason of the danger of falling thereon, or may interfere with the exercise of PG&E's rights hereunder; provided, however, that all trees which PG&E is hereby authorized to cut and remove, if valuable for timber or wood, shall continue to be the property of Grantor, but all branches, brush, and refuse wood shall be burned, removed, or chipped and scattered by PG&E;

(c) the right to use such portion of said lands contiguous to said Pipeline Easement as may be reasonably necessary in connection with the installation and replacement of said facilities;

(d) the right to install, maintain and use gates in all fences which now cross or shall hereafter cross said Pipeline Easement; and

(e) the right to mark the location of said Pipeline Easement by suitable markers set in the ground; provided that said markers shall be placed in fences or other locations which will not interfere with any reasonable use Grantor shall make of said Pipeline Easement.

PG&E hereby covenants and agrees:

(a) not to fence said Pipeline Easement;

(b) to promptly backfill any excavations made by it on said Pipeline Easement and repair any damage it shall do to Grantor's private roads or lanes on said lands; and

(c) to indemnify Grantor against any loss and damage which shall be caused by any wrongful or negligent act or omission of PG&E or of its agents or employees in the course of their employment, provided, however, that this indemnity shall not extend to that portion of such loss or damage that shall have been caused by Grantor's comparative negligence or willful misconduct.

Grantor reserves the right to use said Pipeline Easement for purposes which will not interfere with PG&E's full enjoyment of the rights hereby granted; provided that Grantor shall not erect or construct any building or other structure, or drill or operate any well, or construct any reservoir or other obstruction within said Pipeline Easement, or diminish or substantially add to the ground cover over said facilities, or construct any fences that will interfere with the maintenance and operation of said facilities. No trees or vines will be planted, or associated supporting structures will be located, within 10 feet of the centerline of the pipeline(s) within the easement area.

Grantor agrees that PG&E has the exclusive use of said Valve Lot and further agrees not to grant any easement or easements on, under or over said Valve Lot without the written consent of PG&E.

- 3 -

Case: 19-30088    Doc# 1174-11    Filed: 04/02/19    Entered: 04/02/19 10:59:02    Page 12 of 15

The provisions hereof shall inure to the benefit of and bind the successors and assigns of the respective parties hereto, and all covenants shall apply to and run with the land.

Dated _____, 20_____.

JOHN J. GUERRA, JR., Successor Trustee
of the Cyril G. Barbaccia Irrevocable Trust,
dated December 15, 1976,

_____
John J. Guerra, Jr., Successor Trustee

Attach to LD: 2111-05-0104
Area, Region or Location: 6
Land Service Office: Sacramento
Line of Business: 52
Business Doc Type: Easements
MTRSQ: 21.11.05.36.33, 21.11.05.36.34
FERC License Number: N/A
PG&E Drawing Number: N/A
Plat No.: N/A
LD of Affected Documents: N/A
LD of Cross Referenced Documents: N/A
Type of interest: 5
SBE Parcel: N/A
% Being Quitclaimed: N/A
Order or PM: 74001449
JCN: 06-05-033
County: Placer
Utility Notice Number:
851 Approval Application No: N/A    ;Decision:
Prepared By: bcs6
Checked By: DPM2
Approved By:
Revised by:
Revision Number: 7
    Ver2 Added planting clause, BCS
    Ver3 Edit and update document, 6/6/13 BCS
    Ver4 Edit APN, 8/25/14    BCS
    Ver5 Edit for gas lot and access esmt, 2/29/16  BCS
    Ver6 Edit LD number, 3/7/16  BCS
    Ver7 Edit for heading and signature to "John J. Guerra, Jr., Successor Trustee
    10/31/17 BCS
    Ver8 Added new APN's with ref. to former APN's 1/22/18  BCS

Case: 19-30088    Doc# 1174-11    Filed: 04/02/19    Entered: 04/02/19 10:59:02    Page 13 of 15

LD 2111-05-0104
2008088 (JCN 06-05-033)
Line 407 – Phase 1

EXHIBIT "A"

EASEMENTS

LANDS:

Parcel A as shown upon the Record of Survey Map No. 2687 filed for record July 1, 2005 in Book 18 of Surveys at page 118, Placer County Records.

### EASEMENT No. 1 (Pipeline Easement)

A strip of land being the uniform width of 50.00 feet extending from the westerly boundary line of said Parcel A, easterly to the easterly boundary line of said Parcel A, lying 50.00 feet southerly of the line described as follows:

Beginning at a point in the westerly boundary line of said Parcel A and running thence
  (1) north 89°34'14" east approximately 1200.91 feet; thence
  (2) north 89°21'09" east 27.98 feet to hereinafter referred to as Point 'A', which bears north 89°23'31" west 4055.78 feet from a 2-1/4" Brass Disc in a monument well at the intersection of Baseline Road and Fiddyment Road, said disc bears north 89°16'35" east 9736.09 feet from a railroad spike at Baseline Road and Watt Avenue as shown on the record of survey filed for record in Book 18 of Surveys, at Page 55 in the office of the Placer County Recorder; thence continuing
  (3) north 89°21'09" east approximately 63.28 feet to the easterly boundary line of said Parcel A.

Containing 1.482 acres of land more or less.

### EASEMENT No. 2 (Valve Lot)

Beginning at Point 'A' and running thence
  (1) north 00°21'32" east 156.26 feet to hereinafter referred to as Point 'B'; thence
  (2) south 89°38'28" east 63.13 feet to the easterly boundary line of said Parcel A; thence along said easterly boundary line
  (3) south 00°18'27" west 155.15 feet to the northerly boundary line of the hereinbefore described Easement No. 1; thence leaving said easterly boundary line and running along said northerly boundary line of the hereinbefore described Easement No. 1; thence
  (4) south 89°21'09" west 63.28 feet to the point of beginning.

Containing 0.226 acres of land more or less.

Case: 19-30088    Doc# 1174-11    Filed: 04/02/19    Entered: 04/02/19 10:59:02    Page 14 of 15

## EASEMENT No. 3 (Access Easement)

Beginning at Point 'B' and running thence
  (1) north 00°21'32" east 60.05 feet to a point of non-tangent curvature; thence
  (2) easterly from a radial line which bears north 11°53'17" west, along a curve to the right having a radius of 33.00 feet, through a central angle of 21°58'22", an arc length of 12.66 feet to a point of compound curvature; thence
  (3) southeasterly, along a curve to the right having a radius of 220.50 feet, through a central angle of 13°43'41", an arc length of 52.83 feet to the easterly boundary line of said Parcel A; thence along said easterly boundary line
  (4) south 00°18'27" west 45.28 feet to the northerly boundary line of the hereinbefore described Easement No. 2; thence leaving said easterly boundary line and running along said northerly boundary line of Easement No. 2
  (5) north 89°38'28" west 63.13 feet to the point of beginning.

Containing 0.080 acres of land more or less.

The Basis of Bearings for this description is geodetic north derived from California State Plane Coordinates, CCS83, Zone 2. To obtain grid bearings, rotate the bearings shown hereon by 00°01'51.6" counterclockwise. To obtain grid distances, multiply the distances shown hereon by 0.99990656. All units are U.S. Survey Feet.

Prepared By:
R.E.Y. Engineers, Inc.

_____
Ronald E. Monsour, PLS 8474   Date: 1/22/2018

[Seal: PROFESSIONAL LAND SURVEYOR, RON MONSOUR, No. 8474, STATE OF CALIFORNIA]