# Exhibit G

ELIZABETH COLLIER (SBN 148537)
CESAR V. ALEGRIA, JR. (SBN 145625)
**PACIFIC GAS AND ELECTRIC COMPANY**
77 Beale Street, B30A
San Francisco, CA 94105
Telephone: (415) 973-0360

Please Direct All Correspondence To:

MARK A. HABIB (SBN 150087)
Email: mhabib@peterslawchico.com
LIA M. JUHL-RHODES (SBN 268816)
Email: ljuhl@peterslawchico.com
**PETERS, HABIB, McKENNA,**
**JUHL-RHODES & CARDOZA, LLP**
Attorneys at Law
414 Salem Street – P. O. Box 3509
Chico, CA 95927-3509
Telephone: (530) 342-3593
Facsimile: (530) 342-4272

Attorneys for Plaintiff
PACIFIC GAS AND ELECTRIC COMPANY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

FEB 23 2018

JAKE CHATTERS
EXECUTIVE OFFICER & CLERK
By: C. Waggoner, Deputy

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF PLACER

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> BRIAN T. HOWE; <br> STEPHEN J. NORMAN, Trustee of the Stephen J. Norman Revocable Trust, dated February 23, 2005; <br> CITY OF ROCKLIN; and <br> DOES 1 through 50, Inclusive; <br><br> Defendants. | Case No. SCV 0040815 <br><br> **COMPLAINT IN EMINENT DOMAIN** <br><br> **JURY TRIAL DEMANDED** <br><br> APN: 010-010-008, 010-010-009, 030-140-004 <br><br> Date: _____ <br> Time: _____ <br> Dept.: _____ |

- 1 -

COMPLAINT IN EMINENT DOMAIN

Plaintiff PACIFIC GAS AND ELECTRIC COMPANY (hereinafter referred to as "PG&E") alleges as follows:

1.     PG&E is a public utility corporation, duly organized and existing under and by virtue of the laws of the State of California, with its principal place of business in the City and County of San Francisco.

2.     The names and capacities of the known defendants and their possible interests in the property which is the subject of this complaint, which property is described and depicted in **EXHIBITS C and C-1** hereto, are set forth below for the convenience of the Court, based on information and belief, not on allegations by which PG&E intends to be bound. The ownership information herein is based on a litigation guarantee by North American Title Insurance Company, dated September 27, 2017.

| **Defendant** | **Property Interest** |
|---|---|
| Brian T. Howe | Fee ownership interest, as to an undivided 50% interest |
| Stephen J. Norman, Trustee of the Stephen J. Norman Revocable Trust, dated February 23, 2005 | Fee ownership interest, as to an undivided 50% interest |
| City of Rocklin | Roadway Easement (City of Rocklin's roadway easement is being relocated pursuant to PG&E's Project and this Complaint) |

3.     PG&E does not know the true names or capacities of defendants sued herein as DOES 1 through 50, inclusive, nor the interests which they claim in the property, if any. PG&E will, upon ascertaining their true names, substitute the true names for such fictitious names by amendment to this Complaint.

4.     Defendants, and each of them, claim some right, title or interest in the unimproved real property ("the Property) situated in the City of Rocklin, County of Placer, State of California, described and depicted in **EXHIBITS C and C-1** attached hereto.

///

///

///

-2-

COMPLAINT IN EMINENT DOMAIN

5.      Pursuant to CCP Section 1240.610, PG&E's public use for the portion of roadway easement owned by City of Rocklin and sought by PG&E is a more necessary public use than the use to which the property is appropriated and being used by City of Rocklin. Additionally, PG&E's Complaint and accompanying motion for prejudgment possession seek to acquire an alternative roadway easement for City of Rocklin that replaces the portion of roadway easement being acquired by PG&E, such that City of Rocklin's roadway easement is being relocated and not extinguished pursuant to these proceedings.

6.      PG&E constantly strives to improve and enhance the safety of its operations, as well as to improve and protect the reliability of utility service. With its natural gas transmission pipelines, one such safety feature is the installation of remotely controllable and automated valves. These automated values enhance electronic monitoring of the natural gas transmission system to identify operational issues, and to prevent pipeline ruptures. Should a rupture occur, automated values allow PG&E to quickly locate, isolate, and minimize damage.

7.      Natural gas pipeline safety regulations use the concept of High Consequence Areas ("HCAs"), to identify specific locales and areas where a pipeline rupture/release could have the most significant consequences. An equation has been developed based on research and experience that estimates the distance from an adverse event at which personal injury or significant property damage could occur. This distance is known as the potential impact radius (or "PIR"). Natural gas transmission operators, like PG&E, must calculate the PIR for all points along their pipelines and evaluate corresponding impact circles to identify what population is contained within each circle.

8.      Locations for valve automation are selected after an internal review that evaluates a number of factors, including the HCA classification, and the PIR should a rupture occur.

9.      Here, PG&E has identified natural gas transmission pipe line L-173 for remote actuation and valve automation. L-173 is already physically present on the Property pursuant to existing PG&E easements. Based on the alignment of existing pipelines and the topography of

COMPLAINT IN EMINENT DOMAIN

1 | the site, the Property is the ideal and required location for these facilities and this Project.

2 |         10.      Additionally, PG&E's Transmission Integrity Management Plan ("TIMP") is

3 | dedicated to making its natural gas transmission lines "piggable" which means to allow the

4 | passage of In-Line Inspection ("ILI") tools. This capability will allow PG&E to assess the

5 | integrity of its natural gas transmission pipelines by running a tool inside of the pipeline that can

6 | detect damage or corrosion.

7 |         11.      PG&E, in addition to holding a fee interest to land that was formerly part of the

8 | Property, owns a series of existing easements on the Property for its electrical and natural gas

9 | transmission facilities; however, the existing easements do not presently provide the necessary

10 | rights or sufficient area needed for the installation of the new facilities, nor do they accommodate

11 | the space needs for the ILI tools, modern facilities and equipment, or pipeline repair or

12 | maintenance. In determining property needs, PG&E considers factors such as the diameter of the

13 | pipe or the gas transmission facilities at issue, construction equipment working space

14 | requirements, and construction working space for the pipe trench and spoil pile.

15 |         12.      Here, due to the anticipated scope of construction and the required installation of

16 | the new valve station and ILI facilities, PG&E has determined that it is necessary to acquire

17 | additional easement rights on the Property.

18 | **PROJECT DETAILS**

19 |         13.      PG&E is undertaking a project entitled the V-234 Valve Automation Line 173

20 | Rocklin Regulator Station Project (the "Project"). PG&E's present intended scope of work

21 | includes the installation of automatic shut-off valves, and remote operated valves, including

22 | associated facilities. Specifically, PG&E seeks the following rights in the **EXHIBITS C and C-1**

23 | Property (also described as the "Lands" herein):

24 | **PERMANENT RIGHTS**

25 |       PG&E seeks the following permanent easement rights in the **EXHIBIT C** Property:

26 |       A.      An exclusive easement and right of way to excavate for, install, construct, replace

27 | (of the initial or any other size), remove, maintain and use aboveground and underground facilities,

28 | consisting of but not limited to, pipes with necessary and proper valves with aboveground gearing,

-4-

Case: 19-30088   Doc# 1174-13   Filed: 04/02/19   Entered: 04/02/19 10:59:02   Page 5 of 26

1  together with such other appliances, fittings, devices, equipment, associated supports, concrete

2  pedestals and pads, and fixtures, necessary to any and all thereof, as PACIFIC GAS AND

3  ELECTRIC COMPANY, a California corporation, hereinafter called PG&E, deems necessary for

4  the purpose of launching and/or receiving internal pipe line devices used to inspect, maintain and

5  monitor PG&E's natural gas pipe line system, and for metering, regulating and discharging gas

6  into the atmosphere, to install concrete curbing on, to cover with bitumastic pavement and to

7  enclose with a fence or other suitable protection, as PG&E deems necessary in connection

8  therewith, the hereinafter described PARCEL TWO in **EXHIBIT A** attached hereto and made a

9  part hereof, lying within Defendants' lands which are situate in the City of Rocklin, County of

10  Placer, State of California, and described and designated LANDS in said **EXHIBIT A;** together

11  with the right to install, operate, maintain, repair, reconstruct, replace (with like sizes or types),

12  and remove, within said PARCEL TWO, at any time and from time to time, such aboveground

13  and underground data transmitting and data receiving equipment, as PG&E shall from time to time

14  deem necessary, together with the right to construct and/or install an underground vault with

15  suitable covers therefor, aboveground and underground wires, cables and conduits, an equipment

16  cabinet and service boxes with associated concrete pads; meters, protective relays, communication

17  equipment, consisting of, but not limited to, pole or tower mounted antennae, equipment boxes

18  and solar photovoltaic panels, together with the right to install the pole or tower necessary therefor;

19  and such appliances and fixtures necessary for any or all thereof, for the purpose of receiving and

20  transmitting data necessary to remotely monitor, control and operate equipment associated with

21  PG&E's gas transmission pipe line facilities; together with the right to install, operate, maintain,

22  repair, reconstruct, replace (with like sizes or types), and remove, within said PARCEL TWO, at

23  any time and from time to time, such poles, aerial wires, cables, electrical conductors with

24  associated crossarms, braces, transformers, anchors, guy wires and cables; and such underground

25  conduits, pipes, manholes, service boxes, wires, cables, and electrical conductors; aboveground

26  marker posts, risers, and service pedestals; underground and aboveground switches, fuses,

27  terminals, and transformers with associated concrete pads; and fixtures and appurtenances

28  necessary to any and all thereof, as PG&E deems necessary for the distribution of electric energy

-5-

COMPLAINT IN EMINENT DOMAIN

1 and communication purposes.

2       PG&E shall have the exclusive use of said PARCEL TWO and defendants shall not grant

3 any easement or easements on, under or over said PARCEL TWO without the written consent of

4 PG&E, or construct any building or other structure, or drill or operate any well, or construct any

5 reservoir or other obstruction within said PARCEL TWO.

6 Containing 10,906 square feet of land.

7       B.    The right to construct, reconstruct, maintain and use a road within the parcel of land

8 described and designated PARCEL ONE in said **EXHIBIT A** and shown upon said **EXHIBIT A-**

9 **1,** together with the independent and separate right of PG&E to also grant and assign to City of

10 Rocklin the non-exclusive right to construct, reconstruct, maintain and use said road within said

11 PARCEL ONE for purposes of access ingress and egress by City of Rocklin and its employees,

12 representatives and invitees to and from the road right of way known as Yankee Hill Road.

13 Containing 8,595 square feet of land.

14       C.    The right at any time, and from time to time, to excavate for, install, replace (of the

15 initial or any other size), maintain and use such pipe lines as PG&E shall from time to time elect

16 for conveying gas, with necessary and proper valves and other appliances and fittings, and devices

17 for controlling electrolysis for use in connection with said pipe lines, and such underground wires,

18 cables, conduits, appliances, fixtures and appurtenances, as PG&E shall from time to time elect

19 for communication purposes, together with adequate protection therefor, and also a right of way,

20 within the parcel of land described and designated PARCEL THREE in said **EXHIBIT A** and

21 shown upon said **EXHIBIT A-1.**

22 Containing 381 square feet of land.

23       D.    PG&E seeks the following additional rights in the **EXHIBIT C** property:

24       (i)    The right of ingress to and egress from said PARCEL ONE, PARCEL

25 TWO, and PARCEL THREE over and across said LANDS by means of roads and lanes thereon,

26 if such there be, otherwise by such route or routes as shall occasion the least practicable damage

27 and inconvenience to Defendants, provided, that such right of ingress and egress shall not extend

28 to any portion of said LANDS which is isolated from said PARCEL ONE, PARCEL TWO, or

COMPLAINT IN EMINENT DOMAIN

1 PARCEL THREE by any public road or highway, now crossing or hereafter crossing said LANDS,

2 over the lands described and depicted in **EXHIBIT C and C-1.**

3       (ii)    The right, from time to time, to trim or to cut down any and all trees and

4 brush now or hereafter within said PARCEL ONE, PARCEL TWO, and PARCEL THREE, and

5 shall have the further right, from time to time, to trim and cut down trees and brush along each

6 side of said PARCEL ONE, PARCEL TWO, and PARCEL THREE which now or hereafter in the

7 opinion of Plaintiff may interfere with or be a hazard to the facilities installed hereunder, or as

8 Plaintiff deems necessary to comply with applicable state or federal regulations;

9       (iii)    The right to use such portion of said LANDS contiguous to said PARCEL

10 ONE, PARCEL TWO, and PARCEL THREE as may be reasonably necessary in connection with

11 the construction, reconstruction, installation, inspection, maintenance, repair, replacement and

12 removal of said facilities;

13       (iv)    The right to install, maintain and use gates in all fences which now cross or

14 shall hereafter cross said PARCEL ONE and said PARCEL THREE; and

15       (v)    The right to mark the location of said PARCEL THREE and pipe lines by

16 suitable markers set in the ground; provided that said markers shall be placed in fences or other

17 locations which will not interfere with any reasonable use Defendants shall make of said PARCEL

18 THREE.

19       (vi)    PG&E covenants and agrees:

20             (a)    not to fence said PARCEL ONE and said PARCEL THREE;

21             (b)    to promptly backfill any excavations made by it on said PARCEL

22 ONE and said PARCEL THREE and repair any damage it shall do to Defendants' private roads

23 or lanes on said LANDS; and

24             (c)    to indemnify Defendants against any loss and damage which shall

25 be caused by any wrongful or negligent act or omission of Plaintiff or of its agents or employees

26 in the course of their employment, provided, however, that this indemnity shall not extend to that

27 portion of such loss or damage that shall have been caused by Defendants' comparative negligence

28 or willful misconduct.

COMPLAINT IN EMINENT DOMAIN

1              (d)     Defendants shall have and reserve the right to use said PARCEL

2    ONE and said PARCEL THREE for purposes which will not interfere with the rights of PG&E

3    and City of Rocklin to utilize Parcel ONE for roadway access purposes; provided that Defendants

4    shall not erect or construct any building or other structure, or drill or operate any well, or construct

5    any reservoir or other obstruction within said PARCEL ONE and said PARCEL THREE, or plant

6    any trees or vines, or construct associated supporting structures, within ten (10) feet of the edge(s)

7    of the pipe line(s), or diminish or substantially add to the ground cover over said facilities, or

8    construct any fences that will interfere with the maintenance and operation of said facilities.

9           E.     The provisions hereon shall inure to the benefit of and bind the successors and

10   assigns of PG&E and Defendants.

11   **TEMPORARY RIGHTS**

12          F.     PG&E seeks the following temporary construction easement rights in the

13   **EXHIBIT C** Property which shall expire on the earlier of (i) six months from the effective date of

14   the Order for Prejudgment Possession; or (ii) upon Project completion.

15             (i)     the temporary right to use for working strips and laydown and staging

16   areas, including the right to locate construction trailers and construction equipment thereon, the

17   areas outlined by the dashed blue lines with shaded opaque color areas on **EXHIBIT D (four**

18   **pages)** herein, consisting of a one-page TCE Legal Description and Sheet Nos. 1 – 3, inclusive,

19   that describe and/or depict with additional detail said temporary construction easement areas;

20             (ii)     the temporary right to grade for, gravel and use, including the necessary

21   cuts and fills therefor, existing and/or proposed access roads the areas outlined by the dashed blue

22   lines with shaded opaque color areas on the maps included herein as **EXHIBIT D**;

23             (iii)     the temporary right to use as a pipe line preparation area the area outlined

24   by the dashed blue lines with shaded opaque color areas on the maps included herein as

25   **EXHIBIT D**;

26   ///

27   ///

28   ///

-8-

COMPLAINT IN EMINENT DOMAIN

1          (iv)    the temporary right to use for a working strip and laydown and staging

2   area, the area outlined by the dashed blue lines with shaded opaque color areas on the maps

3   included herein as **EXHIBIT D**;

4          (v)    the temporary right to use for working, laydown and staging areas,

5   including the right to locate construction trailers and construction equipment thereon, and the

6   temporary right to enclose with a fence, the areas outlined by the dashed blue lines with shaded

7   opaque color areas on the maps included herein as **EXHIBIT D**;

8          (vi)    the temporary right to use a crane and to construct a pad therefor within,

9   and to enclose with a fence, the areas outlined by the dashed blue lines with shaded opaque color

10   areas on the maps included herein as **EXHIBIT D**.

11       14.    Because PG&E already has existing facilities on and/or adjacent to the Property,

12   this location is ideal for the Project.

13       15.    A diagram depicting the relationship of the Project to the property being acquired

14   by PG&E through this proceeding is attached hereto as **EXHIBIT B**.

15       16.    PG&E has authority to exercise the power of eminent domain under Public

16   Utilities Code sections 612 and 613, and Code of Civil Procedure sections 1230.010, et seq., and

17   1240.120. Exercise of this power is proper in this case.

18       17.    The rights/property sought to be condemned for the Project are necessary for the

19   Project and the public good.  The Project is planned and located in a manner that is the most

20   compatible with the greatest public good and with the least private injury.  PG&E has made the

21   offer required by Government Code section 7267.2 to the owners of the Property.  PG&E has also

22   deposited with the State Condemnation Deposit Fund probable just compensation for the

23   easement rights being acquired.

24       18.    WHEREFORE, PG&E prays that the permanent and temporary easements herein

25   described, and as depicted on **EXHIBITS A and A-1** and **EXHIBIT D**, in the **EXHIBIT C**

26   property, be condemned for the use of PG&E, that just compensation due to the Defendants for

27   the taking of these property interests be ascertained, that any liens and encumbrances against said

28   property be deducted from the judgment, and that PG&E have such other and further relief as the

COMPLAINT IN EMINENT DOMAIN

1   Court may deem necessary and proper.

2   Dated: 2/22/18               **PETERS, HABIB, McKENNA,**

3                               **JUHL-RHODES & CARDOZA, LLP**

4

5                               MARK A. HABIB

6                               Attorneys for Plaintiff
                               PACIFIC GAS AND ELECTRIC COMPANY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-10-

COMPLAINT IN EMINENT DOMAIN

# EXHIBIT A
# &
# EXHIBIT A-1

LD 2111-07-0578

2017073 (N:A) 1 17 4

V-234 Rocklin Reg Station

Howe, Mori, Norman

## EXHIBIT "A"

(APN 010-010-008, 010-010-009, 030-140-004)

<u>LANDS:</u>

The parcels of land described and designated PARCEL ONE and PARCEL TWO in EXHIBIT "A" in the deed from William H. Whitney to Brian T. Howe, and others, dated September 11, 2004 and recorded as Document No. 2005-0050674, Placer County Records.

PARCEL ONE

Commencing at the westerly terminus of the centerline of Independence Place (50 feet wide), as said centerline is shown on the map entitled "FINAL MAP OF YANKEE HILL ESTATES UNIT I", filed for record December 20, 2002, in Book Y of Maps at page 58, Placer County Records, and running thence along the westerly prolongation of said centerline

   (a)   north 89°43'55" west 20.00 feet to a point in the West line of Section 17, Township 11 North, Range 7 East, Mount Diablo Baseline and Meridian, said point being the TRUE POINT OF BEGINNING of this description; thence along said West line of Section 17

   (1)   north 00°16'05" east 46.02 feet to a point herein for convenience called POINT "A"; thence leaving said West line of Section 17

   (2)   north 89°43'55" west 82.00 feet; thence

   (3)   north 00°16'05" east 133.00 feet; thence

   (4)   south 89°43'55" east 62.00 feet to a point in the westerly boundary line of Yankee Hill Road (40 feet wide); thence along said westerly boundary line

   (5)   north 00°16'05" east 25.00 feet; thence leaving said westerly boundary line

   (6)   north 89°43'55" west 87.00 feet; thence

   (7)   south 00°16'05" west 183.00 feet; thence

LD 2111-07-0578

2017073 (N/A) 1 17 4

V-234 Rocklin Reg Station

Howe, Mori, Norman

1  (8)  south 89°43'55" east 87.00 feet to a point in said westerly boundary line; thence

2       along said westerly boundary line

3  (9)  south 00°16'05" west 21.02 feet; thence leaving said westerly boundary line

4  (10) south 89°43'55" east 20.00 feet to a point in said West line of Section 17, said point

5       being the point of beginning.

6

7  Containing 8,595 square feet of land.

8

9  PARCEL TWO

10 Beginning at said POINT "A" and running

11 (1)  north 89°43'55" west 82.00 feet; thence

12 (2)  north 00°16'05" east 24.41 feet to a point herein for convenience called POINT "B";

13      thence continuing

14 (3)  north 00°16'05" east 108.59 feet; thence

15 (4)  south 89°43'55" east 82.00 feet to a point in said West line of Section 17; thence

16      along said West line of Section 17

17 (5)  south 00°16'05" west 133.00 feet to the point of beginning.

18

19 Containing 10,906 square feet of land.

20

21 PARCEL THREE

22 Beginning at said POINT "B" and running thence

23 (1)  north 89°43'55" west 37.98 feet to the northeasterly boundary line of the strip of

24      land described in the deed from Brain T. Howe and others to Pacific Gas and

25      Electric Company dated December 12, 2006 and recorded as Document No. 2007-

26      0001411, Placer County Records; thence along said northeasterly boundary line

27 (2)  south 61°52'57" east 42.95 feet to a point in the westerly boundary line of the

28      hereinabove described PARCEL TWO; thence leaving said northeasterly boundary

Case: 19-30088    Doc# 1174-13    Filed: 04/02/19    Entered: 04/02/19 10:59:02    Page
14 of 26

LD 2111-07-0578
2017073 (N/A) 1 17 4
V-234 Rocklin Reg Station
Howe, Mori, Norman

1       line and along said westerly boundary line

2    (3)   north 00°16'05" east 20.07 feet to the point of beginning.

3

4   Containing 381 square feet of land.

5

6   EXHIBIT "A-1" is attached hereto and made a part hereof.

7

8   *Justin Scroggins*

9   Justin Scroggins, PLS 9229

3



MAP LEGEND

BOUNDARY LINE
PG&E EASEMENT C/L
EXISTING PG&E EASEMENT BOUNDARY
HISTORIC ROAD RIGHT-OF-WAY
NEW EASEMENT AREA
FOR THIS PROJECT
EASEMENT AREA BEING DESCRIBED
DIMENSION POINT

0  10  20  30  40      60      80      120

1 INCH = 40 FEET

LOT 38
Y MAPS 58

C/L OF YANKEE HILL RD.
ALSO BEING THE WEST LINE OF SEC. 17
T. 11N, R.7E., M.D.B.&M.

YANKEE HILL ROAD (40' WIDE)

AITKEN DAIRY ROAD

N 89°43'55" W  87.00'
S 89°43'55" E  62.00'
S 89°43'55" E  82.00'

25' WIDE

25' WIDE

PARCEL
TWO

LANDS OF
CLINTON & ELY
APN: 045-500-023-000
LOT 37
Y MAPS 58

25' WIDE
LANDS OF MORI,
HOWE, & NORMAN
APN: 010-010-008-000
DOC #: 2008-0003378

S 00°16'05" W  103.00'
N 00°16'05" E  133.00'
108.59'
133.00'
N 00°16'05" E

PG&E EASEMENT
640 O.R. 161

PG&E EASEMENT
PER 640 O.R. 17

PG&E EASEMENT
DOC #: 2007-0001411

(L6)
(L7)  (L8)  (L5)

POINT "B"

25' WIDE
N 89°43'55" W  82.00'

POINT "A"

P.U.E.
Y MAPS 58

PARCEL
THREE

PARCEL
ONE

PG&E EASEMENT
BEING ACQUIRED
CONCURRENTLY
LD 2111-07-0577

45.02'

S 89°43'55" E  87.00'

(L3)
(L4)  (L1)

INDEPENDENCE PLACE
(50' WIDE)

T.P.O.B.

LINE TABLE

(L1)  N 89°43'55" W  20.00'
(L2)  N 00°16'05" E  25.00'
(L3)  S 00°16'05" W  21.02'
(L4)  S 89°43'55" E  20.00'
(L5)  N 00°16'05" E  24.41'
(L6)  N 89°43'55" W  37.98'
(L7)  S 61°52'57" E  42.95'
(L8)  N 00°16'05" E  20.07'

LOT 32
Y MAPS 58

PROFESSIONAL LAND SURVEYOR
JUSTIN
SCROGGINS
No. 9229
2/2/2018
STATE OF CALIFORNIA

AUTHORIZATION
31101194
BY  B. POLOWSKE
DR    E1WP
CH    J91L
O.K.  J91L
DATE 1/31/2018

EXHIBIT "A-1"
V-234 L-173 ROCKLIN REG. STATION
LANDS OF MORI, HOWE & NORMAN

PACIFIC GAS AND ELECTRIC COMPANY
San Ramon          California

PG&E

JOB  N/A
AREA  6; SIERRA DIV.
COUNTY  PLACER
SCALE  1" = 40'
SHEET NO.  1  OF  1
DRAWING NUMBER        VERSION
L-10024        3

Case: 19-30088   Doc# 1174-13   Filed: 04/02/19   Entered: 04/02/19 10:59:02   Page
16 of 26

# EXHIBIT B



# EXHIBIT C
## &
# EXHIBIT C-1

LD 2111-07-0578
2017073 (N/A) 01 17 4
V-234 Rocklin Reg Station
Howe, Mori, & Norman

1

2

**EXHIBIT "C"**

3      (APN 010-010-008, 010-010-009, 030-140-004)

4

5      <u>LANDS:</u>

6      The parcels of land described and designated PARCEL ONE and PARCEL TWO in

7      EXHIBIT "A" in the deed from William H. Whitney to Brian T. Howe, and others, dated

8      September 11, 2004 and recorded as Document No. 2005-0050674, Placer County Records.

9

10

End of Description

1

Assessor's Map Bk.10 Pg.01
County of Placer, Calif.

Case: 19-30088    Doc# 1174-13    Filed: 04/02/19    Entered: 04/02/19 10:59:02    Page 21 of 26

# EXHIBIT D

## TCE LEGAL DESCRIPTION

A portion of the parcels of land described and designated PARCEL ONE and PARCEL TWO in EXHIBIT "A" in the deed from William H. Whitney to Brian T. Howe, and others, dated September 11, 2004 and recorded as Document No. 2005-0050674, Placer County Records, more particularly described as follows:

Commencing at the westerly terminus of the centerline of Independence Place (50 feet wide), as said centerline is shown on the map entitled "FINAL MAP OF YANKEE HILL ESTATES UNIT I", filed for record December 20, 2002, in Book Y of Maps at page 58, Placer County Records, and running thence along the westerly prolongation of said centerline

- (a) north 89°43'55" west 20.00 feet to a point in the West line of Section 17, Township 11 North, Range 7 East, Mount Diablo Baseline and Meridian, said point being the TRUE POINT OF BEGINNING of this description; thence along said West line of Section 17
- (1) south 00°16'05" west 104.45 feet; thence leaving said West line of Section 17
- (2) north 89°43'55" west 20.00 feet; thence
- (3) north 00°16'05" east 36.00 feet; thence
- (4) north 64°34'54" west 175.00 feet; thence
- (5) north 24°40'29" east 121.99 feet; thence
- (6) north 89°43'55" east 16.00 feet; thence
- (7) north 00°16'05" east 92.01 feet; thence
- (8) south 89°43'55" east 92.00 feet; thence
- (9) south 00°16'05" west 5.00 feet; thence
- (10) north 89°43'55" west 87.00 feet; thence
- (11) south 00°16'05" west 133.59 feet; thence
- (12) north 89°43'55" west 12.98 feet; thence
- (13) south 61°52'57" east 14.68 feet; thence
- (14) south 00°16'05" west 42.55 feet; thence
- (15) south 89°43'55" east 87.00 feet; thence
- (16) south 00°16'05" west 21.02 feet; thence
- (17) south 89°43'55" east 20.00 feet to a point in said West line of Section 17, said point being the point of beginning.

Containing 15,277 square feet of land.

"TCE EXHIBIT" is attached hereto and made a part hereof.

Justin Scroggins, PLS 9229

PROFESSIONAL LAND SURVEYOR
JUSTIN SCROGGINS
No. 9229
12/11/2017
STATE OF CALIFORNIA



0  10 20 30 40    60    80         120
1 INCH = 40 FEET

UNION PACIFIC RAILROAD CO.

S 89°43'55" E 92.00'
N 89°43'55" W 87.00'
S 00°16'05" W 5.00'

N 00°16'05" E 92.01'

S 00°16'05" W 133.59'

YANKEE HILL ESTATES
BOOK Y OF MAPS, PAGE 58

PROFESSIONAL LAND SURVEYOR
JUSTIN H. SCROGGINS
No. 8299
12/11/2017
STATE OF CALIFORNIA

N 89°43'55" E 16.00'

20' PG&E GAS LINE
EASEMENT
LD 2111-07-0457

N 89°43'55" W 12.98'

20' PG&E GAS LINE
EASEMENT
LD 2111-07-2037

ROCKLIN REG.
STATION
PER 640 O.R. 17
LD 2111-07-0087

S 61°52'57" E 14.68'

S 00°16'05" W 42.55'

S 24°70'29" W 121.99'

S 89°43'55" E 87.00'
S 00°16'05" W 21.02'
P.O.C.

S 89°43'55" E 20.00'
N 89°43'55" W 20.00' (TIE)

N 64°34'54" W 175.00'

T.P.O.B.

S 00°16'05" W 104.45'

N 00°16'05" E 36.00'

YANKIE HILL RD.
(40' WIDE)

CENTERLINE OF
YANKEE HILL RD.
ALSO THE WESTERLY LINE OF
SECTION 17

N 89°43'55" W 20.00'

## Map Legend

— BOUNDARY LINE
— EXISTING PG&E EASEMENT C/L
— EXISTING PG&E EASEMENT BOUNDARY
— HISTORIC ROAD RIGHT-OF-WAY
— WORKING STRIP PER LD 2111-07-0457
— NEW PG&E GAS EASEMENT
— PROPOSED ACCESS EASEMENT
— PROPOSED EXCLUSIVE PG&E EASEMENT
— PROPOSED NEW TCE BOUNDARY OF SHADED AREA
• DIMENSION POINT

AUTHORIZATION
31101194
BY   B. POLOWSKE
DR   E1WP
CH   J91L
O.K.   J91L
DATE 12/11/2017

## TCE EXHIBIT
### V-234 L-173 ROCKLIN REG. STATION
### LANDS OF MORI, HOWE, & NORMAN

PACIFIC GAS AND ELECTRIC COMPANY
San Ramon         California

| JC: | N/A |
| AREA | 6; SIERRA DIV. |
| COUNTY | PLACER |
| SCALE | 1" = 40' |
| SHEET NO. 1 OF 3 | |
| DRAWING NUMBER | CHANGE 3 |

Case: 19-30088    Doc# 1174-13    Filed: 04/02/19    Entered: 04/02/19 10:59:02    Page 24 of 26



## Map Legend
- BOUNDARY LINE
- EXISTING PG&E EASEMENT C/L
- EXISTING PG&E EASEMENT BOUNDARY
- HISTORIC ROAD RIGHT-OF-WAY
- WORKING STRIP PER LD 2111-07-0457
- NEW PG&E GAS EASEMENT
- PROPOSED ACCESS EASEMENT
- PROPOSED EXCLUSIVE PG&E EASEMENT
- PROPOSED NEW TCE AREAS BY COLOR

20' PG&E GAS LINE EASEMENT LD 2111-07-0457

20' PG&E GAS LINE EASEMENT LD 2111-07-2037

YANKEE HILL ESTATES BOOK V OF MAPS PAGE 58

ROCKLIN REG. STATION PER 640 O.R. 17 LD 2111-07-0087

UNION PACIFIC RAILROAD CO.

YANKEE HILL ROAD

40'

CENTERLINE OF YANKEE HILL RD. ALSO THE WESTERLY LINE OF SECTION 17

1 INCH = 40 FEET

0 10 20 30 40   60   80   120

**TCE EXHIBIT**
V-234 L-173 ROCKLIN REG. STATION
LANDS OF MORI, HOWE, & NORMAN
PACIFIC GAS AND ELECTRIC COMPANY
San Ramon          California

| | |
|---|---|
| AUTHORIZATION 31101194 | |
| BY B. POLOWSKE | |
| DR E1WP | |
| CH J91L | |
| O.K. J91L | |
| DATE 12/11/2017 | |

| | |
|---|---|
| JCN | N/A |
| AREA | 6; SIERRA DIV. |
| COUNTY | PLACER |
| SCALE | 1" = 40' |
| SHEET NO. 2 OF 3 | |
| DRAWING NUMBER | CHANGE 3 |

PG&E

# TCE AREAS NEEDED FOR THIS PROJECT
# & A FUTHER BREAKDOWN OF
# EXISTING RIGHTS WITHIN SAID AREAS

| AREA | EXISTING RIGHT(S) | REF. DOCUMENT(S) | SQ. FT. |
|------|-------------------|------------------|---------|
| ( 1 ) | NONE | N/A | 722 |
| ( a ) | TCE | LD 2111-07-0457 | 270 |
| ( b ) | PERM. ESMT. | LD 2111-07-0457 | 537 |
| ( c ) | TCE | LD 2111-07-0457; LD 2111-07-2037 | 656 |
| ( d ) | PERM. ESMT.; TCE | LD 2111-07-2037; LD 2111-07-0457 | 807 |
| ( e ) | TCE | LD 2111-07-0457; LD 2111-07-2037 | 87 |
| ( f ) | PERM. ESMT. | LD 2111-07-2037 | 113 |
| ( g ) | PERM. ESMT. | LD 2111-07-2037 | 598 |
| ( h ) | TCE | LD 2111-07-2037 | 11,488 |

PERM.   PERMANENT
TCE     TEMPORARY CONSTRUCTION EASEMENT
ESMT.   EASEMENT

ALL AREAS ARE ROUNDED TO THE NEAREST SQ. FT.

TOTAL TCE AREA = 15,277 SQ. FT.

| AUTHORIZATION 31101194 | | |
|---|---|---|
| BY B. POLOWSKE | | |
| DR E1WP | | |
| CH J91L | | |
| O.K. J91L | | |
| DATE 12/11/2017 | | |

## TCE EXHIBIT
### V-234 L-173 ROCKLIN REG. STATION
### LANDS OF MORI, HOWE, & NORMAN
PACIFIC GAS AND ELECTRIC COMPANY
San Ramon          California



JCI. N/A
DIV. 6; SIERRA DIV.
COUNT. PLACER
SCALE 1" = 40'
SHEET NO. 3 OF 3
DRAWING NUMBER
CHANGE 3

Case: 19-30088   Doc# 1174-13   Filed: 04/02/19   Entered: 04/02/19 10:59:02   Page
26 of 26