# Exhibit L

MEDIATION SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

### A.     PARTIES AND PURPOSE:

This Mediation Settlement Agreement and Release of Claims ("Agreement") is entered into between Plaintiff PACIFIC GAS & ELECTRIC COMPANY ("PG&E") and Defendants BRIAN T. HOWE and STEPHEN J. NORMAN ("HOWE/NORMAN"), all being collectively referred to herein as the "PARTIES".

A case has been filed by PG&E pertaining to the required acquisition of easements by PG&E for gas line operations (the "Dispute") necessary for its ordinary business operations. Based upon the Dispute, Plaintiff filed an action entitled *Pacific Gas and Electric Company v. Brian T. Howe; Stephen J. Norman, Trustee of the Stephen J. Norman Revocable Trust, dated February 23, 2005; et al*, in the Placer County Superior Court, Case Number SCV0040815 (the "Action").

The Parties agreed to the mediation of the Dispute and Action by Russ Wunderli, and mediation occurred on February 13, 2019. This is intended to be a binding and legal settlement agreement, enforceable under the provisions of CCP Section 664.6.

The effective date of this Agreement is February 13, 2019.

### B.     SETTLEMENT TERMS:

NOW, THEREFORE, in consideration of the mutual covenants and obligations contained herein, the PARTIES do hereby agree as follows:

1.     HOWE/NORMAN are the owners of an interest in real property described in the Action, located in the City of Rocklin, County of Placer, California. HOWE/NORMAN represent and warrant that they are the only persons entitled to compensation being paid to the owner of APN: 010-010-008 and 009, 030-140-004, pursuant to this Agreement for the property rights sought from HOWE/NORMAN in the Action.

2.     PG&E seeks the easements described in the Action.

3.     The parties will enter into a Stipulated Judgment in the Action conveying to PG&E the easement rights described in the Action; provided that the roadway easement granted in the action shall be identified as "non-exclusive".

4.     PG&E shall pay to HOWE/NORMAN the total sum of Two Hundred Fifty thousand Dollars ($250,000.00) within thirty (30) days after the entry of Stipulated Judgment described in Paragraph 3 above, which sum includes all reasonably foreseeable compensation and reimbursement due to HOWE/NORMAN for costs, fees, land rights, appraisal and pre-judgment interest, pre-condemnation claims and any other form of compensation that might be claimed by HOWE/NORMAN, subject to the provisions of paragraph 5 below. The payment required pursuant

Case: 19-30088    Doc# 1174-31    Filed: 04/02/19    Entered: 04/02/19 10:59:02    Page 2 of 5

to this paragraph shall not be diminished in any way as a result of PG&E's pending bankruptcy or this agreement shall be considered null and void.

5.      Notwithstanding any other provision of this Agreement, due to the recent Chapter 11 Bankruptcy filing by PG&E in United States Bankruptcy Court for the Northern District of California, Case Number 19-30089, the parties understand and agree that performance of this Agreement by PG&E and payment to Norman/Howe of the sum(s) herein specified is contingent on and subject to approval by the bankruptcy court.  PG&E shall exercise good faith efforts consistent with its responsibilities in said bankruptcy proceedings and this Agreement to implement the terms of this agreement in a timely manner.

6.      It is understood that this agreement is entered into under threat of eminent domain.

7.      This Agreement shall be binding upon, and benefit, the Parties' respective successors, heirs, trustees, beneficiaries, assigns, lien claimants, personal representatives and all others including, but not limited to: individuals, partnerships and corporations connected with the subject matter previously mentioned herein in this Agreement.

8.      The facts of this Agreement shall not be construed as an admission of wrongdoing by any party to this Agreement.

9.      If any term or provision hereof is illegal or invalid for any reason whatsoever, such illegality or invalidity shall not affect the validity of the remainder of this Agreement.

10.     This Agreement, its validity, the construction of its terms and the interpretation of rights and duties to the parties hereto, shall be governed and construed under the laws of the State of California.

11.     This Agreement may be executed in one or more counterparts, each of which, after each party has signed and delivered at least one such counterpart to each other party, shall have the same force and effect as an original executed by all parties.  A facsimile or PDF signature exchanged by e-mail or facsimile shall be considered an original.

12.     No modification, amendment, or waiver of any of the provisions contained in this Agreement shall be binding unless made in writing and signed by all of the parties and/or by their duly authorized officers or agents.

13.     The Parties have jointly drafted this Agreement and it will not be interpreted in favor of or against either party.

Case: 19-30088    Doc# 1174-31    Filed: 04/02/19    Entered: 04/02/19 10:59:02    Page 3 of 5

IN WITNESS WHEREOF the PARTIES hereto have accepted this Settlement Agreement and Release of All Claims on the dates specified below.

Dated: 2/13/19                          _B. T. Howe_
                                        BRIAN T. HOWE

Dated: 2-13-19                          _____
                                        STEPHEN J. NORMAN


**APPROVED AS TO FORM:**

DESMOND, NOLAN, LIVAICH
& CUNNINGHAM

By: _____
    BRIAN MANNING
    Attorneys for Defendants
    Brian T. Howe and Stephen J. Norman


By Mediator: _____
             RUSS J. WUNDERLI

3

Dated: 2/13/19                     PACIFIC GAS AND ELECTRIC COMPANY

                                   By: _____
                                        Chris Medders
                                   Its: Manager, Land Acquisition

**APPROVED AS TO FORM:**

PETERS, HABIB, McKENNA,
JUHL-RHODES & CARDOZA, LLP                    2/13/19

By: _____
        MARK A. HABIB
        Attorneys for Plaintiff
        Pacific Gas and Electric Company

4