# Exhibit M

Elizabeth Collier (SBN 148537)
Cesar Alegria (SBN 145625)
PG&E Law Dept.

**DIRECT CORRESPONDENCE TO:**
Steven D. Roland (SBN 108097)
E-mail: sroland@bwslaw.com
Randall G. Block (SBN 121330)
E-mail: rblock@bwslaw.com
Nora E.B. Wetzel (SBN 287773)
E-mail: nwetzel@bwslaw.com
Kara L. DiBiasio (SBN 294547)
E-mail: kdibiasio@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
101 Howard Street, Suite 400
San Francisco, CA 94105-6125
Tel: 415.655.8100    Fax: 415.655.8099

Attorneys for Plaintiff
PACIFIC GAS AND ELECTRIC COMPANY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF PLACER

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY, a California corporation,<br><br>Plaintiff,<br><br>JOHN J. GUERRA JR., Successor Trustee of the Cyril G. Barbaccia Irrevocable Trust dated December 15, 1976; AGNES C. CONLEY; SALLY S. TAKETA; DOES 1 through 30, inclusive; and ALL PERSONS UNKNOWN CLAIMING AN INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT,<br><br>Defendants. | CASE NO.  SCV 0035650<br>APNS: 498-010-012, 498-010-013 formerly 017-151-026 (Portion)<br><br>**STIPULATION FOR ENTRY OF JUDGMENT IN CONDEMNATION** |

Plaintiff Pacific Gas and Electric Company ("PG&E") and defendant John Guerra Jr., Successor Trustee of the Cyril G. Barbaccia Irrevocable Trust dated December 15, 1976 ("Defendant") stipulate as follows:

1. The Complaint in Eminent Domain was filed on December 31, 2014 for the purpose of acquiring certain property interests as described in the Complaint in Eminent Domain on

-1-

84854751v1

property located in the County of Placer, State of California and designated as a portion of Assessor's Parcel No. 017-151-026 owned of record by John Guerra Jr., Successor Trustee of the Cyril G. Barbaccia Irrevocable Trust dated December 15, 1976. The Amended Complaint in Eminent Domain was filed on March 12, 2018 for the purpose of acquiring certain property interests as described in the Amended Complaint ("Property Interests") on property located in the County of Placer, State of California and designated as a portion of Assessor's Parcel No. 498-010-012 and 498-010-013, owned of record by John Guerra Jr., Successor Trustee of the Cyril G. Barbaccia Irrevocable Trust dated December 15, 1976 ("Property"). The Property Interests are described in the Judgment in Condemnation and Final Order of Condemnation submitted herewith and incorporated by reference herein.

2. PG&E has sought to acquire the Property Interests for the Line 407 Project, which is a public use, and the taking in condemnation is necessary for that public use.

3. John Guerra Jr., Successor Trustee of the Cyril G. Barbaccia Irrevocable Trust dated December 15, 1976 is the sole fee owner of the Property, subject to other encumbrances of record. Defendant Sally Taketa filed a disclaimer of interest on June 1, 2015. PG&E filed a request for dismissal of defendant Agnes Conley, which was granted and dismissal entered by the clerk on June 25, 2015.

4. Pursuant to a settlement agreed to by the parties, the agreed total compensation to be paid by PG&E is the sum of one hundred fifty- seven thousand dollars ($157,000) inclusive of all interest, fees, and costs. The agreed total compensation includes compensation for temporary construction easements, permanent easements, valve lot, and access easement. Within thirty (30) days of the court executing the Judgment in Condemnation, PG&E shall deliver to Desmond, Nolan, Livaich & Cunningham a check payable to Desmond, Nolan, Livaich & Cunningham in trust for John Guerra Jr. Successor Trustee to the Cyril G. Barbaccia Irrevocable Trust dated December 15, 1976 in the amount of one hundred fifty- seven thousand dollars ($157,000).

5. Defendant shall provide an Acknowledgment of Satisfaction of Judgment within 10 business days of receipt of the payment of one hundred fifty- seven thousand dollars ($157,000)

84854751v1

in agreed total compensation, and will not include any commentary, allegations, or attachments that are in addition to or contrary to this Stipulation.

6. The Court is authorized and petitioned to enter without further notice a Judgment in Condemnation, a copy of which is attached hereto as Exhibit 1, decreeing that the Property Interests described therein are taken and condemned as authorized by law and adjudging that the sum of one hundred fifty- seven thousand dollars ($157,000) is the total just compensation due in the proceeding. Once the total just compensation of $157,000 is paid to Desmond, Nolan, Livaich & Cunningham in trust for defendant John Guerra Jr., Successor Trustee to the Cyril G. Barbaccia Irrevocable Trust dated December 15, 1976, the Court is authorized to enter the Final Order of Condemnation attached hereto as Exhibit 2. This total compensation is in full payment for the taking of the property described in PG&E's amended complaint in Eminent Domain, and for the release and discharge of "all reasonably foreseeable damage to [defendant's] property resulting from the acquisition and the construction of the proposed public improvements...and by reason of the 'necessary, natural, and ordinary use' of the property for the public purpose for which it was acquired" by PG&E, *Ellena v. State of California* (1977) 69 Cal.App.3d 245, 254, including severance damages, loss of goodwill, interest, costs and attorneys' fees. This Stipulation, Judgment, and payment of compensation does not resolve or relate to any unpaid sums or obligations owed to Defendant, other than just compensation, under the parties Settlement Agreement dated February 1, 2016.

7. Each party shall be responsible for its own costs and legal fees, and no party shall recover its costs or legal fees from any other.

8. This Stipulation may be executed in counterparts. Each fully executed counterpart shall constitute an original of this Agreement. Signatures may be obtained and exchanged via facsimile.

PACIFIC GAS AND ELECTRIC COMPANY

DATED: January 29, 2019

By: _Chris Medders_
Title: _Manager, Land Acquisition_

Case: 19-30088    Doc# 1174-32    Filed: 04/02/19    Entered: 04/02/19 10:59:02    Page 4 of 28

THE CYRIL G. BARBACCIA IRREVOCABLE
TRUST DATED DECEMBER 15, 1976

DATED: January 15, 2019

By: John Guerra Jr., Trustee for the Cyril G.
Barbaccia Irrevocable Trust dated December 15,
1976

APPROVED AS TO FORM

BURKE, WILLIAMS & SORENSON LLP

DATED: January 21, 2019

By: Steven Roland

APPROVED AS TO FORM

DESMOND, NOLAN, LIVAICH &
CUNNINGHAM

DATED: January 15, 2019

By: Brian Manning

84854751v1

-4-

STIPULATION FOR ENTRY OF JUDGMENT IN CONDEMNATION

# Exhibit 1

1    Elizabeth Collier (SBN 148537)
     Cesar Alegria (SBN 145625)
2    PG&E Law Dept.

3    **DIRECT CORRESPONDENCE TO:**
     Steven D. Roland (SBN 108097)
4    E-mail: sroland@bwslaw.com
     Randall G. Block (SBN 121330)
5    E-mail: rblock@bwslaw.com
     Nora E.B. Wetzel (SBN 287773)
6    E-mail: nwetzel@bwslaw.com
     Kara L. DiBiasio (SBN 294547)
7    E-mail: kdibiasio@bwslaw.com
     BURKE, WILLIAMS & SORENSEN, LLP
8    101 Howard Street, Suite 400
     San Francisco, CA 94105-6125
9    Tel: 415.655.8100    Fax: 415.655.8099

10   Attorneys for Plaintiff
     PACIFIC GAS AND ELECTRIC COMPANY

11

12          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13               **FOR THE COUNTY OF PLACER**

14

15   PACIFIC GAS AND ELECTRIC       CASE NO. SCV 0035650
     COMPANY, a California corporation,
                           APNS: 498-010-012, 498-010-013 formerly
16          Plaintiff,                  017-151-026 (Portion)

17   JOHN J. GUERRA JR., Successor Trustee
     of the Cyril G. Barbaccia Irrevocable Trust
18   dated December 15, 1976; AGNES C.      **JUDGMENT IN CONDEMNATION**
     CONLEY; SALLY S. TAKETA; DOES 1
19   through 30, inclusive; and ALL PERSONS
     UNKNOWN CLAIMING AN INTEREST
20   IN THE PROPERTY DESCRIBED IN THE
     COMPLAINT,
21          Defendants.

22

23         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the total

24   compensation to be paid for the taking of the Property Interests described herein in Exhibit 1

25   ("the Property Interests") attached hereto and made a part hereof is the sum of one hundred fifty-

26   seven thousand dollars ($157,000) (the "Total Compensation"), inclusive of all interest, fees, and

27   costs, compensation for the temporary construction easement, permanent easements, valve lot,

28   and access easement. This Total Compensation is in full payment for the taking of the property

84854751v1

-1-

JUDGMENT IN CONDEMNATION

Case: 19-30088   Doc# 1174-32   Filed: 04/02/19   Entered: 04/02/19 10:59:02   Page 7
of 28

described in Pacific Gas and Electric Company's ("PG&E") Amended Complaint in Eminent Domain, including severance damages, loss of goodwill, interest, costs, and attorneys' fees. The Total Compensation does not resolve or relate to any unpaid sums or obligations owed to Defendant, other than just compensation, pursuant to the parties Settlement Agreement dated February 1, 2016.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this taking is for PG&E's Line 407 Project, which is a public use, and the taking in condemnation is necessary for that public use.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that each party shall be responsible for its own costs and legal fees, and no party shall recover its costs or legal fees from the other.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that within thirty (30) days of the court executing the judgment, PG&E shall deliver to Desmond, Nolan, Livaich & Cunningham a check payable to Desmond, Nolan, Livaich & Cunningham in trust for John Guerra Jr. Successor Trustee to the Cyril G. Barbaccia Irrevocable Trust dated December 15, 1976 in the amount of one hundred fifty-seven thousand dollars ($157,000) which shall constitute full payment of this judgment. The State Condemnation Deposits Fund shall return to PG&E its deposit in the sum of sixty-nine thousand two hundred dollars ($69,200), the amount of probable just compensation PG&E deposited with the State Condemnation Deposits Fund pursuant to Code of Civil Procedure section 1255.010 *et seq.*, plus any interest earned thereon.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that upon Defendant's receipt of the payment required by this judgment, Defendant shall execute, and deliver to PG&E, a full Satisfaction of Judgment.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that:

1. Defendant shall file the Full Satisfaction of Judgment upon receipt of the payment of the Total Just Compensation from PG&E required by this judgment; and

2. Upon receipt of the payment of the Total Just Compensation by Defendant, Final Order of Condemnation shall be made and entered by the Court and thereafter recorded

Case: 19-30088   Doc# 1174-32   Filed: 04/02/19   Entered: 04/02/19 10:59:02   Page 8
of 28

containing the terms and conditions of the attached proposed Final Order of Condemnation

marked Exhibit 2 and by this reference made a part of this Judgment.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that payment as

provided herein shall be full payment for the Property Interests and for the release and discharge

of "all reasonably foreseeable damage to [defendant's] property resulting from the acquisition

and the construction of the proposed public improvements…and by reason of the necessary,

natural, and ordinary use' of the property for the public purpose for which it was acquired" by

PG&E. *Ellena v. State of California* (1977) 69 Cal.App.3d 245, 254.

DATED: January __, 2019     _____

JUDGE OF THE SUPERIOR COURT

EXHIBIT 1

Property Interests

Pursuant to the Final Order in Condemnation in action no. SCV 0035650, in the Superior Court of California, Placer County, entitled Pacific Gas and Electric Company v. John Guerra Jr., Successor Trustee to the Cyril G. Barbaccia Irrevocable Trust dated December 15, 1976, et al., Pacific Gas and Electric Company, hereinafter called PG&E, has the following rights and interests in the property which is the subject of the above-captioned action and designated by Assessor's Parcel Numbers 498-010-012, 498-010-013 formerly 017-151-026 and described and designated LANDS on Exhibit "A" attached hereto and made a part hereof.:

(a) the right at any time, and from time to time, to excavate for, install, replace (of the initial or any other size), maintain and use such pipelines as PG&E shall from time to time elect for conveying gas, with necessary and proper valves and other appliances and fittings, and devices for controlling electrolysis for use in connection with said pipelines, and such underground wires, cables, conduits, and other electrical conductors, appliances, fixtures, and appurtenances, as PG&E shall from time to time deem necessary for communication purposes, together with the adequate protection therefor, and also a right of way, within the strip of land ("Pipeline Easement") lying within Defendant's lands which are situate in the County of Placer, State of California, and is the parcel of land described and designated Easement No. 1 (Pipeline Easement) in Exhibit "A" and shown on Exhibit "B", attached hereto and made a part hereof.

(b) an exclusive easement and right of way to construct, install, replace (of the initial or any other size), maintain and use such valves and other devices and equipment as PG&E shall from time to time deem necessary for metering, regulating, and discharging gas into the atmosphere within, to install concrete curbing on, to cover with bitumastic pavement and to enclose with a fence, the hereinafter described parcel of land ("Valve Lot") described and designated as Easement No. 2 in Exhibit "A" and shown in Exhibit "B", attached hereto and made a part hereof. Owner of said lands agrees that PG&E has the exclusive use of said Valve Lot and further agrees not to grant any easement or easements on, under, or over said Valve Lot without written consent of PG&E.

-4-

Case: 19-30088   Doc# 1174-32   Filed: 04/02/19   Entered: 04/02/19 10:59:02   Page
10 of 28

1        (c) a permanent non-exclusive access easement ("Access Easement") for ingress to and

2    egress from the hereinbefore described Valve Lot together with the right to install concrete

3    paving blocks and grass, to cover with bitumastic pavement, to install decorative planters with

4    vegetation, to construct temporary fencing, store material, construct, reconstruct, maintain

5    drainage, operate equipment and perform any other activities associated with the operation and

6    maintenance of said Valve Lot and Pipeline Easement within the parcel of land described and

7    designated as Easement No. 3 in Exhibit "A" and shown on Exhibit "B", attached hereto and

8    made a part hereof.

9        (d) the right of ingress to and egress from said Pipeline Easement, Valve Lot, and Access

10    Easement over and across said lands by means of roads and lanes thereon, if such there be,

11    otherwise by such route or routes as shall occasion the least practicable damage and

12    inconvenience to Owner of said lands, provided that such right of ingress and egress shall not

13    extend to any portion of said lands which is isolated from said Pipeline Easement, Valve Lot, and

14    Access Easement by any public road or highway , now crossing or hereafter crossing said lands.

15        (e) the right from time to time to trim and cut down and clear away or otherwise destroy

16    any and all trees and brush now or hereafter on said Pipeline Easement, Valve Lot, and Access

17    Easement and to trim and to cut down and clear away any trees on either side of said Pipeline

18    Easement, Valve Lot, and Access Easement which now or hereafter in the opinion of PG&E may

19    be a hazard to the facilities installed hereunder by reason of the danger of falling thereon, or may

20    interfere with the exercise of PG&E's rights hereunder; provided, however, that all trees which

21    PG&E is hereby authorized to cut and remove, if valuable for timber or wood, shall continue to

22    be the property of Owner of said lands, but all branches, brush, and refuse wood shall be burned,

23    removed, or chipped and scattered by PG&E.

24        (f) the right to use such portion of said lands contiguous to said Pipeline Easement as may

25    be reasonably necessary in connection with the installation and replacement of said facilities.

26        (g) the right to install, maintain, and use gates in all fences which now cross or shall

27    hereafter cross said Pipeline Easement.

28

84854751v1

-5-

JUDGMENT IN CONDEMNATION

(h) the right to mark the location of said Pipeline Easement by suitable markers set in the ground; provided that said markers shall be placed in fences or other locations which will not interfere with any reasonable use Owner of said lands shall make of said Pipeline Easement

(i) the temporary right to use as a pipeline preparation area and for working strips and laydown and staging areas, including the right to place and operate construction equipment thereon the area outlined by heavy dashed lines and cross hatched on Exhibit "A" sheet 1 of 2 attached hereto made a part hereof and thereon designated TCE. This right has now lapsed by virtue of the passage of time.

(j) the temporary right to use as an access road the area outlined by the heavy dashed lines and cross hatched on Exhibit "A" sheet 2 of 2 attached hereto and made part hereof and thereon designated Temporary Access Road. This right has now lapsed by virtue of the passage of time.

(k) PG&E hereby covenants and agrees:

(i) not to fence said Pipeline Easement

(ii) to promptly backfill any excavations made by it on said Pipeline Easement and repair any damage it shall do to Owner of said lands' private roads or lanes on said lands;

(iii) PG&E will compensate Owner for any damage to the Owner's property that results from PG&E's exercise of its easement rights, including for replacement, in like kind, quality and number, of all surface, underground, and landscape improvements not owned by PG&E that are removed, damaged or destroyed by PG&E.

(iv) to indemnify Owner of said lands against any loss and damage which shall be caused by any wrongful or negligent act or omission of PG&E or of its agents or employees in the course of their employment, provided, however, that this indemnity shall not extent to that portion of such loss or damage that shall have been caused by Owner of said lands' comparative negligence or willful misconduct.

84854751v1

Case: 15-30088   Doc# 1174-32   Filed: 04/02/19   Entered: 04/02/19 10:59:02   Page
12 of 28

1       (l) Owner of said lands reserves the right to use said Pipeline Easement for purposes
which will not interfere with PG&E's full enjoyment of the rights hereby granted; provided that
Owner of said lands shall not erect or construct any building or other structure, or drill or operate
any well, or construct any reservoir or other obstruction within said Pipeline Easement, or
diminish or substantially add to the ground cover over said facilities.  No trees or vines will be
planted, or associated supporting structures will be located, within 10 feet of the centerline of the
pipeline(s) within the easement area.

       (m) The provisions hereof shall inure to the benefit of and bind the successors and
assigns of the respective parties hereto, and all covenants shall apply to and run with the land.

84854751v1

SF #4824-6991-1173 v.1

LD 2111-05-0104
2008088 (JCN 06-05-033)
Line 407 – Phase 1

EXHIBIT "A"

EASEMENTS

LANDS:

Parcel A as shown upon the Record of Survey Map No. 2687 filed for record July 1, 2005 in Book 18 of Surveys at page 118, Placer County Records.

EASEMENT No. 1 (Pipeline Easement)

A strip of land being the uniform width of 50.00 feet extending from the westerly boundary line of said Parcel A, easterly to the easterly boundary line of said Parcel A, lying 50.00 feet southerly of the line described as follows:

Beginning at a point in the westerly boundary line of said Parcel A and running thence
    (1) north 89°34'14" east approximately 1200.91 feet; thence
    (2) north 89°21'09" east 27.98 feet to hereinafter referred to as Point 'A', which bears north 89°23'31" west 4055.78 feet from a 2-1/4" Brass Disc in a monument well at the intersection of Baseline Road and Fiddyment Road, said disc bears north 89°16'35" east 9736.09 feet from a railroad spike at Baseline Road and Watt Avenue as shown on the record of survey filed for record in Book 18 of Surveys, at Page 55 in the office of the Placer County Recorder; thence continuing
    (3) north 89°21'09" east approximately 63.28 feet to the easterly boundary line of said Parcel A.

Containing 1.482 acres of land more or less.

EASEMENT No. 2 (Valve Lot)

Beginning at Point 'A' and running thence
    (1) north 00°21'32" east 156.26 feet to hereinafter referred to as Point 'B'; thence
    (2) south 89°38'28" east 63.13 feet to the easterly boundary line of said Parcel A; thence along said easterly boundary line
    (3) south 00°18'27" west 155.15 feet to the northerly boundary line of the hereinbefore described Easement No. 1; thence leaving said easterly boundary line and running along said northerly boundary line of the hereinbefore described Easement No. 1; thence
    (4) south 89°21'09" west 63.28 feet to the point of beginning.

Containing 0.226 acres of land more or less.

Case: 19-30088   Doc# 1174-32   Filed: 04/02/19   Entered: 04/02/19 10:59:02   Page 14 of 28

## EASEMENT No. 3 (Access Easement)

Beginning at Point 'B' and running thence
    (1) north 00°21'32" east 60.05 feet to a point of non-tangent curvature; thence
    (2) easterly from a radial line which bears north 11°53'17" west, along a curve to the right having a radius of 33.00 feet, through a central angle of 21°58'22", an arc length of 12.66 feet to a point of compound curvature; thence
    (3) southeasterly, along a curve to the right having a radius of 220.50 feet, through a central angle of 13°43'41", an arc length of 52.83 feet to the easterly boundary line of said Parcel A; thence along said easterly boundary line
    (4) south 00°18'27" west 45.28 feet to the northerly boundary line of the hereinbefore described Easement No. 2; thence leaving said easterly boundary line and running along said northerly boundary line of Easement No. 2
    (5) north 89°38'28" west 63.13 feet to the point of beginning.

Containing 0.080 acres of land more or less.

The Basis of Bearings for this description is geodetic north derived from California State Plane Coordinates, CCS83, Zone 2. To obtain grid bearings, rotate the bearings shown hereon by 00°01'51.6" counterclockwise. To obtain grid distances, multiply the distances shown hereon by 0.99990656. All units are U.S. Survey Feet.

Prepared By:
R.E.Y. Engineers, Inc.



Ronald E. Monsour, PLS 8474   Date: 1/22/2018

Case: 19-30088   Doc# 1174-32   Filed: 04/02/19   Entered: 04/02/19 10:59:02   Page 15 of 28



CITY OF ROSEVILLE
COUNTY OF PLACER
T.11N., R.5E., SW 1/4, S. 36 M.D.B.&M.

MONUMENT TIE DETAIL          N.T.S.

JOHN J. GUERRA, JR., TRUSTEE
DOC.#2017-0013281

FND. 2-1/4" BRASS DISC
IN MON. WELL
PER 18 S 55

EASEMENT No. 1
50' PLE

VALVE LOT &
ACCESS ESMT.

PT. 'A'

FND. RAILROAD SPIKE
PER 18 S 55

FIDDYMENT RD.

BASELINE RD.                                N89° 23'31"W      4055.78'

WATT AVE.

N89° 16'35"E      9736.09'

60' ROAD R/W PER
1537 O.R. 486

APN 498-010-012 & 013
( Formerly APN 017-151-026)
JOHN J. GUERRA, JR., TRUSTEE
DOC.#2017-0013281
PARCEL A
BK 18 S PG 118

VALVE LOT &
ACCESS ESMT.
SEE SHT 2

EASEMENT No. 1
50' PLE

PT. 'A'

N89° 21'09'E
63.28'±

POB

N89° 34'14"E 1200.91'±

BASELINE RD

30' HIGHWAY ESMT.
PER 2213 O.R. 26

PIPELINE

N89° 21'09'E
27.98'

PG&E CO R/W
LD 2111-05-0104

EASEMENT INFORMATION

| EASEMENT No. 1 (PLE) | AREA = 1.482 ACRES +/- |
| --- | --- |

BASIS OF BEARINGS

THE BASIS OF BEARINGS FOR THIS DESCRIPTION IS GEODETIC NORTH
DERIVED FROM CALIFORNIA STATE PLANE COORDINATES, CCS83,
ZONE 2. TO OBTAIN GRID BEARINGS, ROTATE THE BEARINGS
SHOWN HEREON BY 0°01'51.6" COUNTERCLOCKWISE. TO OBTAIN
GRID DISTANCES, MULTIPLY THE DISTANCES SHOWN HEREON BY
0.99990656. ALL UNITS ARE U.S. SURVEY FEET.

PROFESSIONAL LAND SURVEYOR
RONALD E. MONSOUR
No. 8474
STATE OF CALIFORNIA
1/22/2018

N

SCALE: 1"=400'

PLE = PIPELINE EASEMENT
POB = POINT OF BEGINNING

R.E.Y. ENGINEERS, INC.
CIVIL ENGINEERS AND SURVEYORS

EXHIBIT "B"
PIPELINE EASEMENT
LINE 407 ON JOHN J. GUERRA, JR., TRUSTEE
PACIFIC GAS AND ELECTRIC COMPANY
SACRAMENTO      CAL.

Scale: 1"=400'
Date 1.19.2018
Drawn By RM
Checked By DPM

PG&E
LAND
ENGINEERING

| J.C.N. | 06-05-033 |
| --- | --- |
| REG. | NORTHERN |
| PROJECT AUTH. | 30603988 |

SHEET NO.   1   OF   2

DRAWING NUMBER      CHANGE

Case: 19-30088   Doc# 1174-32   Filed: 04/02/19   Entered: 04/02/19 10:59:02   Page 16 of 28



CITY OF ROSEVILLE
COUNTY OF PLACER
T.11N., R.5E., SW 1/4, S. 36 M.D.B.&M.

RAD=N11°53'17"W

R=33'
D=21°58'22"
L=12.66'

R=220.50'
D=13°43'41"
L=52.83'

APN 498-010-012 & 013
( Formerly APN 017-151-026)
JOHN J. GUERRA, JR., TRUSTEE
DOC.#2017-0013281
PARCEL A
BK 18 S PG 118

EASEMENT No. 3
ACCESS ESMT.
LD 2111-05-0104

N00°21'32"E
60.05'

PT. 'B'

S00°18'27"W
45.28'

S89°38'28"E
63.13'

EASEMENT No. 2
VALVE LOT
LD 2111-05-0104

S00°18'27"W
155.15'

N00°21'32"E
156.26'

EASEMENT No. 1
50' PLE

PT
'A'

30' HIGHWAY ESMT.
PER 2213 O.R. 26

S89°21'09"W
63.28'

BASELINE ROAD

EASEMENT INFORMATION

| EASEMENT No. 2 (VALVE LOT) | AREA = 0.226 ACRES +/- |
| EASEMENT No. 3 (ACCESS) | AREA = 0.080 ACRES +/- |

BASIS OF BEARINGS

THE BASIS OF BEARINGS FOR THIS DESCRIPTION IS GEODETIC NORTH
DERIVED FROM CALIFORNIA STATE PLANE COORDINATES, CCS83,
ZONE 2. TO OBTAIN GRID BEARINGS, ROTATE THE BEARINGS
SHOWN HEREON BY 0°01'51.6" COUNTERCLOCKWISE. TO OBTAIN
GRID DISTANCES, MULTIPLY THE DISTANCES SHOWN HEREON BY
0.99990656. ALL UNITS ARE U.S. SURVEY FEET.

PROFESSIONAL LAND SURVEYOR
RONALD E. MONSOUR
No. 8474
STATE OF CALIFORNIA

1/22/2018

SCALE: 1"=80'

PLE = PIPELINE EASEMENT

N

R.E.Y. ENGINEERS, INC.
CIVIL ENGINEERS AND SURVEYORS

Scale: 1"=80'
Date 1.19.2018
Drawn By RM
Checked By DPM

EXHIBIT "B"
VALVE LOT & ACCESS EASEMENT
LINE 407 ON JOHN J. GUERRA, JR., TRUSTEE
PACIFIC GAS AND ELECTRIC COMPANY
SACRAMENTO      CAL.

PG&E
LAND
ENGINEERING

| J.C.N. | 06-05-033 |
| REG. | NORTHERN |
| PROJECT AUTH. | 306039B8 |
| SHEET NO. | 2  OF  2 |
| DRAWING NUMBER | CHANGE |

Case: 19-30088   Doc# 1174-32   Filed: 04/02/19   Entered: 04/02/19 10:59:02   Page
17 of 28



CITY OF ROSEVILLE
COUNTY OF PLACER
T.11N., R.5E., SW 1/4, S. 36 M.D.B.&M.

APN 498-010-012 & 013
(Formerly APN 017-151-026)
JOHN J. GUERRA, JR., TRUSTEE
DOC.# 2017-0013281
PARCEL A
BK 18 S PG 118

EASEMENT No. 3
ACCESS ESMT.

TEMP ACCESS ROAD
SEE SHEET 2

N89° 38'28"E
88.10'

S00° 18'27"E
25.00'

N89° 38'28"W
63.13'

TCE
LD 2111-05-0105

N00° 21'32"E
131.71'

S00° 21'32"W
156.26'

EASEMENT No. 2
VALVE LOT

EASEMENT No. 1
50' PLE

N47° 27'38"E
74.57'

N89° 34'14"E 138.27'

30' HIGHWAY ESMT.
PER 2213 O.R. 26

S89° 34'14"W 189.93'

S89° 21'09"W
27.98'

BASELINE ROAD

EASEMENT INFORMATION

| TCE | AREA = 0.330 ACRES +/- |
|---|---|
| TEMPORARY ACCESS RD. | AREA = 0.037 ACRES +/- |

*BASIS OF BEARINGS*

THE BASIS OF BEARINGS FOR THIS DESCRIPTION IS GEODETIC NORTH
DERIVED FROM CALIFORNIA STATE PLANE COORDINATES, CCS83,
ZONE 2. TO OBTAIN GRID BEARINGS, ROTATE THE BEARINGS
SHOWN HEREON BY 0° 01'51.6" COUNTERCLOCKWISE. TO OBTAIN
GRID DISTANCES, MULTIPLY THE DISTANCES SHOWN HEREON BY
0.99990656. ALL UNITS ARE U.S. SURVEY FEET.

PROFESSIONAL LAND SURVEYOR
RONALD E. MONSOUR
No. 8474
STATE OF CALIFORNIA

1/22/2018

SCALE: 1"-80'

PLE = PIPELINE EASEMENT
TCE = TEMPORARY CONSTRUCTION ESMT

R.E.Y. ENGINEERS, INC
CIVIL ENGINEERS AND SURVEYORS

Scale: 1"-80'
Date 1.19.2018
Drawn By RM
Checked By DPM

*EXHIBIT "A"*
TEMP CONSTRUCTION EASEMENT and
TEMP ACCESS ROAD
*LINE 407 ON JOHN J. GUERRA, JR., TRUSTEE*
PACIFIC GAS AND ELECTRIC COMPANY
SACRAMENTO       CAL.

PG&E
LAND
ENGINEERING

| J.C.N. | 06-05-033 |
|---|---|
| REG. | NORTHERN |
| PROJECT AUTH. | 30603988 |
| SHEET NO. 1 OF 2 |
| DRAWING NUMBER | CHANGE |

Case: 19-30088   Doc# 1174-32   Filed: 04/02/19   Entered: 04/02/19 10:59:02   Page
18 of 28



CITY OF ROSEVILLE
COUNTY OF PLACER
T.11N., R.5E., SW 1/4, S. 36 M.D.B.&M.

EASEMENT No. 3
ACCESS ESMT.

R=27.83'
D=90° 46'12"
L=44.08'

S89° 36'43"E
45.28'

R=50'
D=17° 01'58"
L=14.86'

TEMP ACCESS ROAD

APN 498-010-012 & 013
(Formerly APN 017-151-026)
JOHN J. GUERRA, JR., TRUSTEE
DOC.#2017-0013281
PARCEL A
BK 18 S PG 118

S00° 18'27"W
30.27'

N89° 38'28"W
63.13'

TCE
LD 2111-05-0105

EASEMENT No. 1
50' PLE

EASEMENT No. 2
VALVE LOT

30' HIGHWAY ESMT.
PER 2213 O.R. 26

BASELINE ROAD

**EASEMENT INFORMATION**

| | |
|---|---|
| TCE | AREA = 0.330 ACRES +/- |
| TEMPORARY ACCESS RD. | AREA = 0.037 ACRES +/- |

**BASIS OF BEARINGS**

THE BASIS OF BEARINGS FOR THIS DESCRIPTION IS GEODETIC NORTH
DERIVED FROM CALIFORNIA STATE PLANE COORDINATES, CCS83,
ZONE 2. TO OBTAIN GRID BEARINGS, ROTATE THE BEARINGS
SHOWN HEREON BY 0° 01'51.6" COUNTERCLOCKWISE. TO OBTAIN
GRID DISTANCES, MULTIPLY THE DISTANCES SHOWN HEREON BY
0.99990656. ALL UNITS ARE U.S. SURVEY FEET.

PROFESSIONAL LAND SURVEYOR
RONALD E. MONSOUR
No. 8474
STATE OF CALIFORNIA

1/22/2018

SCALE: 1"=80'

PLE = PIPELINE EASEMENT
TCE = TEMPORARY CONSTRUCTION ESMT

R.E.Y. ENGINEERS, INC
CIVIL ENGINEERS LAND SURVEYORS

Scale: 1"=80'
Date 1.19.2018
Drawn By RM
Checked By DPM

*EXHIBIT "A"*
TEMP CONSTRUCTION EASEMENT and
TEMP ACCESS ROAD
*LINE 407 ON JOHN J. GUERRA, JR., TRUSTEE*
PACIFIC GAS AND ELECTRIC COMPANY
SACRAMENTO        CAL.

PG&E
LAND
ENGINEERING

| | |
|---|---|
| J.C.N. | 06-05-033 |
| REG. | NORTHERN |
| PROJECT AUTH. | 30603988 |
| SHEET NO. | 2   OF   2 |
| DRAWING NUMBER | CHANGE |

Case: 19-30088    Doc# 1174-32    Filed: 04/02/19    Entered: 04/02/19 10:59:02    Page 19 of 28

EXHIBIT 2

<u>Final Order of Condemnation</u>

1  Elizabeth Collier (SBN 148537)
   Cesar Alegria (SBN 145625)
2  PG&E Law Dept.

3  **DIRECT CORRESPONDENCE TO:**
   Steven D. Roland (SBN 108097)
4  E-mail: sroland@bwslaw.com
   Randall G. Block (SBN 121330)
5  E-mail: rblock@bwslaw.com
   Nora E.B. Wetzel (SBN 287773)
6  E-mail: nwetzel@bwslaw.com
   Kara L. DiBiasio (SBN 294547)
7  E-mail: kdibiasio@bwslaw.com
   BURKE, WILLIAMS & SORENSEN, LLP
8  101 Howard Street, Suite 400
   San Francisco, CA 94105-6125
9  Tel: 415.655.8100    Fax: 415.655.8099

10 Attorneys for Plaintiff
   PACIFIC GAS AND ELECTRIC COMPANY

11

12          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                  **FOR THE COUNTY OF PLACER**

14

15 PACIFIC GAS AND ELECTRIC          CASE NO. SCV 0035650
   COMPANY, a California corporation,
                                     APNS: 498-010-012, 498-010-013 formerly
16          Plaintiff,               017-150-026 (Portion)

17 JOHN J. GUERRA JR., Successor Trustee
   of the Cyril G. Barbaccia Irrevocable Trust
18 dated December 15, 1976; AGNES C.        **FINAL ORDER OF CONDEMNATION**
   CONLEY; SALLY S. TAKETA; DOES 1
19 through 30, inclusive; and ALL PERSONS
   UNKNOWN CLAIMING AN INTEREST
20 IN THE PROPERTY DESCRIBED IN THE
   COMPLAINT,
21          Defendants.

22

23          Pursuant to the Stipulation for Entry of Judgment and Judgment in Condemnation

24 entered in this proceeding,

25          IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Property

26 Interests described in Exhibit 1 ("the Property Interests"), attached hereto and made a part

27 hereof, situated in the County of Placer, State of California, be, and hereby are, condemned to

28

84854751v1                              -1-
                         ORDER IN CONDEMNATION

Case: 19-30088  Doc# 1174-32   Filed: 04/02/19   Entered: 04/02/19 10:59:02   Page
                               21 of 28

1    Plaintiff Pacific Gas and Electric Company.  Upon filing a certified copy of this Order in the
2    office of the recorder of the County of Placer, State of California, the Property Interests shall vest
3    in PG&E and its successor and assigns.

4    DATED:  January ___, 2019

5                                                            _____
                                                             JUDGE OF THE SUPERIOR COURT

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

84854751v1
                                              -2-
                                        ORDER IN CONDEMNATION

EXHIBIT 1

Property Interests

Pursuant to the Final Order in Condemnation in action no. SCV 0035650, in the Superior Court of California, Placer County, entitled Pacific Gas and Electric Company v. John Guerra Jr., Successor Trustee to the Cyril G. Barbaccia Irrevocable Trust dated December 15, 1976, et al., Pacific Gas and Electric Company, hereinafter called PG&E, has the following rights and interests in the property which is the subject of the above-captioned action and designated by Assessor's Parcel Numbers 498-010-012, 498-010-013 formerly 017-151-026 and described and designated LANDS on Exhibit "A" attached hereto and made a part hereof.:

(a) the right at any time, and from time to time, to excavate for, install, replace (of the initial or any other size), maintain and use such pipelines as PG&E shall from time to time elect for conveying gas, with necessary and proper valves and other appliances and fittings, and devices for controlling electrolysis for use in connection with said pipelines, and such underground wires, cables, conduits, and other electrical conductors, appliances, fixtures, and appurtenances, as PG&E shall from time to time deem necessary for communication purposes, together with the adequate protection therefor, and also a right of way, within the strip of land ("Pipeline Easement") lying within Defendant's lands which are situate in the County of Placer, State of California, and is the parcel of land described and designated Easement No. 1 (Pipeline Easement) in Exhibit "A" and shown on Exhibit "B", attached hereto and made a part hereof.

(b) an exclusive easement and right of way to construct, install, replace (of the initial or any other size), maintain and use such valves and other devices and equipment as PG&E shall from time to time deem necessary for metering, regulating, and discharging gas into the atmosphere within, to install concrete curbing on, to cover with bitumastic pavement and to enclose with a fence, the hereinafter described parcel of land ("Valve Lot") described and designated as Easement No. 2 in Exhibit "A" and shown in Exhibit "B", attached hereto and made a part hereof. Owner of said lands agrees that PG&E has the exclusive use of said Valve

1  Lot and further agrees not to grant any easement or easements on, under, or over said Valve Lot

2  without written consent of PG&E.

3         (c) a permanent non-exclusive access easement ("Access Easement") for ingress to and

4  egress from the hereinbefore described Valve Lot together with the right to install concrete

5  paving blocks and grass, to cover with bitumastic pavement, to install decorative planters with

6  vegetation, to construct temporary fencing, store material, construct, reconstruct, maintain

7  drainage, operate equipment and perform any other activities associated with the operation and

8  maintenance of said Valve Lot and Pipeline Easement within the parcel of land described and

9  designated as Easement No. 3 in Exhibit "A" and shown on Exhibit "B", attached hereto and

10  made a part hereof.

11         (d) the right of ingress to and egress from said Pipeline Easement, Valve Lot, and Access

12  Easement over and across said lands by means of roads and lanes thereon, if such there be,

13  otherwise by such route or routes as shall occasion the least practicable damage and

14  inconvenience to Owner of said lands, provided that such right of ingress and egress shall not

15  extend to any portion of said lands which is isolated from said Pipeline Easement, Valve Lot, and

16  Access Easement by any public road or highway , now crossing or hereafter crossing said lands.

17         (e) the right from time to time to trim and cut down and clear away or otherwise destroy

18  any and all trees and brush now or hereafter on said Pipeline Easement, Valve Lot, and Access

19  Easement and to trim and to cut down and clear away any trees on either side of said Pipeline

20  Easement, Valve Lot, and Access Easement which now or hereafter in the opinion of PG&E may

21  be a hazard to the facilities installed hereunder by reason of the danger of falling thereon, or may

22  interfere with the exercise of PG&E's rights hereunder; provided, however, that all trees which

23  PG&E is hereby authorized to cut and remove, if valuable for timber or wood, shall continue to

24  be the property of Owner of said lands, but all branches, brush, and refuse wood shall be burned,

25  removed, or chipped and scattered by PG&E.

26         (f) the right to use such portion of said lands contiguous to said Pipeline Easement as may

27  be reasonably necessary in connection with the installation and replacement of said facilities.

28

84854751v1

(g) the right to install, maintain, and use gates in all fences which now cross or shall hereafter cross said Pipeline Easement.

(h) the right to mark the location of said Pipeline Easement by suitable markers set in the ground; provided that said markers shall be placed in fences or other locations which will not interfere with any reasonable use Owner of said lands shall make of said Pipeline Easement

(i) the temporary right to use as a pipeline preparation area and for working strips and laydown and staging areas, including the right to place and operate construction equipment thereon the area outlined by heavy dashed lines and cross hatched on Exhibit "A" sheet 1 of 2 attached hereto made a part hereof and thereon designated TCE. This right has now lapsed by virtue of the passage of time.

(j) the temporary right to use as an access road the area outlined by the heavy dashed lines and cross hatched on Exhibit "A" sheet 2 of 2 attached hereto and made part hereof and thereon designated Temporary Access Road. This right has now lapsed by virtue of the passage of time.

(k) PG&E hereby covenants and agrees:

(i) not to fence said Pipeline Easement

(ii) to promptly backfill any excavations made by it on said Pipeline Easement and repair any damage it shall do to Owner of said lands' private roads or lanes on said lands;

(iii) PG&E will compensate Owner for any damage to the Owner's property that results from PG&E's exercise of its easement rights, including for replacement, in like kind, quality and number, of all surface, underground, and landscape improvements not owned by PG&E that are removed, damaged or destroyed by PG&E.

(iv) to indemnify Owner of said lands against any loss and damage which shall be caused by any wrongful or negligent act or omission of PG&E or of its agents or employees in the course of their employment, provided, however, that this indemnity shall not extent to that portion of such loss or damage that shall have

84854751v1

| | |
|---|---|
| 1 | been caused by Owner of said lands' comparative negligence or willful |
| 2 | misconduct. |
| 3 | (l) Owner of said lands reserves the right to use said Pipeline Easement for purposes |
| 4 | which will not interfere with PG&E's full enjoyment of the rights hereby granted; provided that |
| 5 | Owner of said lands shall not erect or construct any building or other structure, or drill or operate |
| 6 | any well, or construct any reservoir or other obstruction within said Pipeline Easement, or |
| 7 | diminish or substantially add to the ground cover over said facilities.  No trees or vines will be |
| 8 | planted, or associated supporting structures will be located, within 10 feet of the centerline of the |
| 9 | pipeline(s) within the easement area. |
| 10 | (m) The provisions hereof shall inure to the benefit of and bind the successors and |
| 11 | assigns of the respective parties hereto, and all covenants shall apply to and run with the land. |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

84854751v1

-6-

ORDER IN CONDEMNATION

LD 2111-05-0104
2008088 (JCN 06-05-033)
Line 407 – Phase I

EXHIBIT "A"

EASEMENTS

LANDS:

Parcel A as shown upon the Record of Survey Map No. 2687 filed for record July 1, 2005 in Book 18 of Surveys at page 118, Placer County Records.

### EASEMENT No. 1 (Pipeline Easement)

A strip of land being the uniform width of 50.00 feet extending from the westerly boundary line of said Parcel A, easterly to the easterly boundary line of said Parcel A, lying 50.00 feet southerly of the line described as follows:

Beginning at a point in the westerly boundary line of said Parcel A and running thence
  (1) north 89°34'14" east approximately 1200.91 feet; thence
  (2) north 89°21'09" east 27.98 feet to hereinafter referred to as Point 'A', which bears north 89°23'31" west 4055.78 feet from a 2-1/4" Brass Disc in a monument well at the intersection of Baseline Road and Fiddyment Road, said disc bears north 89°16'35" east 9736.09 feet from a railroad spike at Baseline Road and Watt Avenue as shown on the record of survey filed for record in Book 18 of Surveys, at Page 55 in the office of the Placer County Recorder; thence continuing
  (3) north 89°21'09" east approximately 63.28 feet to the easterly boundary line of said Parcel A.

Containing 1.482 acres of land more or less.

### EASEMENT No. 2 (Valve Lot)

Beginning at Point 'A' and running thence
  (1) north 00°21'32" east 156.26 feet to hereinafter referred to as Point 'B'; thence
  (2) south 89°38'28" east 63.13 feet to the easterly boundary line of said Parcel A; thence along said easterly boundary line
  (3) south 00°18'27" west 155.15 feet to the northerly boundary line of the hereinbefore described Easement No. 1; thence leaving said easterly boundary line and running along said northerly boundary line of the hereinbefore described Easement No. 1; thence
  (4) south 89°21'09" west 63.28 feet to the point of beginning.

Containing 0.226 acres of land more or less.

Page 1 of 2

Case: 19-30088   Doc# 1174-32   Filed: 04/02/19   Entered: 04/02/19 10:59:02   Page 27 of 28

## EASEMENT No. 3 (Access Easement)

Beginning at Point 'B' and running thence
  (1) north 00°21'32" east 60.05 feet to a point of non-tangent curvature; thence
  (2) easterly from a radial line which bears north 11°53'17" west, along a curve to the right having a radius of 33.00 feet, through a central angle of 21°58'22", an arc length of 12.66 feet to a point of compound curvature; thence
  (3) southeasterly, along a curve to the right having a radius of 220.50 feet, through a central angle of 13°43'41", an arc length of 52.83 feet to the easterly boundary line of said Parcel A; thence along said easterly boundary line
  (4) south 00°18'27" west 45.28 feet to the northerly boundary line of the hereinbefore described Easement No. 2; thence leaving said easterly boundary line and running along said northerly boundary line of Easement No. 2
  (5) north 89°38'28" west 63.13 feet to the point of beginning.

Containing 0.080 acres of land more or less.

The Basis of Bearings for this description is geodetic north derived from California State Plane Coordinates, CCS83, Zone 2. To obtain grid bearings, rotate the bearings shown hereon by 00°01'51.6" counterclockwise. To obtain grid distances, multiply the distances shown hereon by 0.99990656. All units are U.S. Survey Feet.

Prepared By:
R.E.Y. Engineers, Inc.

Ronald E. Monsour, PLS 8474    Date: 1/22/2018

PROFESSIONAL LAND SURVEYOR
RON MONSOUR
No. 8474
Exp.
STATE OF CALIFORNIA

Case: 19-30088    Doc# 1174-32    Filed: 04/02/19    Entered: 04/02/19 10:59:02    Page 28 of 28