

Case: 19-30088   Doc# 1174-33   Filed: 04/02/19   Entered: 04/02/19 10:59:02   Page 1 of 18







# Exhibit 2

| | |
|---|---|
| 1 | Elizabeth Collier (SBN 148537) |
| | Cesar Alegria (SBN 145625) |
| 2 | PG&E Law Dept. |
| 3 | **DIRECT CORRESPONDENCE TO:** |
| | Steven D. Roland (SBN 108097) |
| 4 | E-mail: sroland@bwslaw.com |
| | Randall G. Block (SBN 121330) |
| 5 | E-mail: rblock@bwslaw.com |
| | Nora E.B. Wetzel (SBN 287773) |
| 6 | E-mail: nwetzel@bwslaw.com |
| | Kara L. DiBiasio (SBN 294547) |
| 7 | E-mail: kdibiasio@bwslaw.com |
| | BURKE, WILLIAMS & SORENSEN, LLP |
| 8 | 101 Howard Street, Suite 400 |
| | San Francisco, CA 94105-6125 |
| 9 | Tel: 415.655.8100   Fax: 415.655.8099 |
| 10 | Attorneys for Plaintiff |
| | PACIFIC GAS AND ELECTRIC COMPANY |

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF PLACER

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY, a California corporation,<br><br>Plaintiff,<br><br>JOHN J. GUERRA JR., Successor Trustee of the Cyril G. Barbaccia Irrevocable Trust dated December 15, 1976; AGNES C. CONLEY; SALLY S. TAKETA; DOES 1 through 30, inclusive; and ALL PERSONS UNKNOWN CLAIMING AN INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT,<br><br>Defendants. | CASE NO.  SCV 0035650<br><br>APNS: 498-010-012, 498-010-013 formerly 017-150-026 (Portion)<br><br>**FINAL ORDER OF CONDEMNATION** |

Pursuant to the Stipulation for Entry of Judgment and Judgment in Condemnation entered in this proceeding,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Property Interests described in Exhibit 1 ("the Property Interests"), attached hereto and made a part hereof, situated in the County of Placer, State of California, be, and hereby are, condemned to

-1-
ORDER IN CONDEMNATION

84854751v1

Plaintiff Pacific Gas and Electric Company. Upon filing a certified copy of this Order in the office of the recorder of the County of Placer, State of California, the Property Interests shall vest in PG&E and its successor and assigns.

DATED: January __, 2019

                                                                       JUDGE OF THE SUPERIOR COURT

EXHIBIT 1

Property Interests

Pursuant to the Final Order in Condemnation in action no. SCV 0035650, in the Superior Court of California, Placer County, entitled Pacific Gas and Electric Company v. John Guerra Jr., Successor Trustee to the Cyril G. Barbaccia Irrevocable Trust dated December 15, 1976, et al., Pacific Gas and Electric Company, hereinafter called PG&E, has the following rights and interests in the property which is the subject of the above-captioned action and designated by Assessor's Parcel Numbers 498-010-012, 498-010-013 formerly 017-151-026 and described and designated LANDS on Exhibit "A" attached hereto and made a part hereof.:

(a) the right at any time, and from time to time, to excavate for, install, replace (of the initial or any other size), maintain and use such pipelines as PG&E shall from time to time elect for conveying gas, with necessary and proper valves and other appliances and fittings, and devices for controlling electrolysis for use in connection with said pipelines, and such underground wires, cables, conduits, and other electrical conductors, appliances, fixtures, and appurtenances, as PG&E shall from time to time deem necessary for communication purposes, together with the adequate protection therefor, and also a right of way, within the strip of land ("Pipeline Easement") lying within Defendant's lands which are situate in the County of Placer, State of California, and is the parcel of land described and designated Easement No. 1 (Pipeline Easement) in Exhibit "A" and shown on Exhibit "B", attached hereto and made a part hereof.

(b) an exclusive easement and right of way to construct, install, replace (of the initial or any other size), maintain and use such valves and other devices and equipment as PG&E shall from time to time deem necessary for metering, regulating, and discharging gas into the atmosphere within, to install concrete curbing on, to cover with bitumastic pavement and to enclose with a fence, the hereinafter described parcel of land ("Valve Lot") described and designated as Easement No. 2 in Exhibit "A" and shown in Exhibit "B", attached hereto and made a part hereof. Owner of said lands agrees that PG&E has the exclusive use of said Valve

Lot and further agrees not to grant any easement or easements on, under, or over said Valve Lot without written consent of PG&E.

(c) a permanent non-exclusive access easement ("Access Easement") for ingress to and egress from the hereinbefore described Valve Lot together with the right to install concrete paving blocks and grass, to cover with bitumastic pavement, to install decorative planters with vegetation, to construct temporary fencing, store material, construct, reconstruct, maintain drainage, operate equipment and perform any other activities associated with the operation and maintenance of said Valve Lot and Pipeline Easement within the parcel of land described and designated as Easement No. 3 in Exhibit "A" and shown on Exhibit "B", attached hereto and made a part hereof.

(d) the right of ingress to and egress from said Pipeline Easement, Valve Lot, and Access Easement over and across said lands by means of roads and lanes thereon, if such there be, otherwise by such route or routes as shall occasion the least practicable damage and inconvenience to Owner of said lands, provided that such right of ingress and egress shall not extend to any portion of said lands which is isolated from said Pipeline Easement, Valve Lot, and Access Easement by any public road or highway, now crossing or hereafter crossing said lands.

(e) the right from time to time to trim and cut down and clear away or otherwise destroy any and all trees and brush now or hereafter on said Pipeline Easement, Valve Lot, and Access Easement and to trim and to cut down and clear away any trees on either side of said Pipeline Easement, Valve Lot, and Access Easement which now or hereafter in the opinion of PG&E may be a hazard to the facilities installed hereunder by reason of the danger of falling thereon, or may interfere with the exercise of PG&E's rights hereunder; provided, however, that all trees which PG&E is hereby authorized to cut and remove, if valuable for timber or wood, shall continue to be the property of Owner of said lands, but all branches, brush, and refuse wood shall be burned, removed, or chipped and scattered by PG&E.

(f) the right to use such portion of said lands contiguous to said Pipeline Easement as may be reasonably necessary in connection with the installation and replacement of said facilities.

(g) the right to install, maintain, and use gates in all fences which now cross or shall hereafter cross said Pipeline Easement.

(h) the right to mark the location of said Pipeline Easement by suitable markers set in the ground; provided that said markers shall be placed in fences or other locations which will not interfere with any reasonable use Owner of said lands shall make of said Pipeline Easement

(i) the temporary right to use as a pipeline preparation area and for working strips and laydown and staging areas, including the right to place and operate construction equipment thereon the area outlined by heavy dashed lines and cross hatched on Exhibit "A" sheet 1 of 2 attached hereto made a part hereof and thereon designated TCE. This right has now lapsed by virtue of the passage of time.

(j) the temporary right to use as an access road the area outlined by the heavy dashed lines and cross hatched on Exhibit "A" sheet 2 of 2 attached hereto and made part hereof and thereon designated Temporary Access Road. This right has now lapsed by virtue of the passage of time.

(k) PG&E hereby covenants and agrees:

(i) not to fence said Pipeline Easement

(ii) to promptly backfill any excavations made by it on said Pipeline Easement and repair any damage it shall do to Owner of said lands' private roads or lanes on said lands;

(iii) PG&E will compensate Owner for any damage to the Owner's property that results from PG&E's exercise of its easement rights, including for replacement, in like kind, quality and number, of all surface, underground, and landscape improvements not owned by PG&E that are removed, damaged or destroyed by PG&E.

(iv) to indemnify Owner of said lands against any loss and damage which shall be caused by any wrongful or negligent act or omission of PG&E or of its agents or employees in the course of their employment, provided, however, that this indemnity shall not extent to that portion of such loss or damage that shall have

-5-
ORDER IN CONDEMNATION
84854751v1
Case: 19-30088  Doc# 1174-33  Filed: 04/02/19  Entered: 04/02/19 10:59:02  Page 10 of 18

been caused by Owner of said lands' comparative negligence or willful misconduct.

(l) Owner of said lands reserves the right to use said Pipeline Easement for purposes which will not interfere with PG&E's full enjoyment of the rights hereby granted; provided that Owner of said lands shall not erect or construct any building or other structure, or drill or operate any well, or construct any reservoir or other obstruction within said Pipeline Easement, or diminish or substantially add to the ground cover over said facilities. No trees or vines will be planted, or associated supporting structures will be located, within 10 feet of the centerline of the pipeline(s) within the easement area.

(m) The provisions hereof shall inure to the benefit of and bind the successors and assigns of the respective parties hereto, and all covenants shall apply to and run with the land.

LD 2111-05-0104
2008088 (JCN 06-05-033)
Line 407 – Phase 1

EXHIBIT "A"

EASEMENTS

LANDS:

Parcel A as shown upon the Record of Survey Map No. 2687 filed for record July 1, 2005 in Book 18 of Surveys at page 118, Placer County Records.

### EASEMENT No. 1 (Pipeline Easement)

A strip of land being the uniform width of 50.00 feet extending from the westerly boundary line of said Parcel A, easterly to the easterly boundary line of said Parcel A, lying 50.00 feet southerly of the line described as follows:

Beginning at a point in the westerly boundary line of said Parcel A and running thence
  (1) north 89°34'14" east approximately 1200.91 feet; thence
  (2) north 89°21'09" east 27.98 feet to hereinafter referred to as Point 'A', which bears north 89°23'31" west 4055.78 feet from a 2-1/4" Brass Disc in a monument well at the intersection of Baseline Road and Fiddyment Road, said disc bears north 89°16'35" east 9736.09 feet from a railroad spike at Baseline Road and Watt Avenue as shown on the record of survey filed for record in Book 18 of Surveys, at Page 55 in the office of the Placer County Recorder; thence continuing
  (3) north 89°21'09" east approximately 63.28 feet to the easterly boundary line of said Parcel A.

Containing 1.482 acres of land more or less.

### EASEMENT No. 2 (Valve Lot)

Beginning at Point 'A' and running thence
  (1) north 00°21'32" east 156.26 feet to hereinafter referred to as Point 'B'; thence
  (2) south 89°38'28" east 63.13 feet to the easterly boundary line of said Parcel A; thence along said easterly boundary line
  (3) south 00°18'27" west 155.15 feet to the northerly boundary line of the hereinbefore described Easement No. 1; thence leaving said easterly boundary line and running along said northerly boundary line of the hereinbefore described Easement No. 1; thence
  (4) south 89°21'09" west 63.28 feet to the point of beginning.

Containing 0.226 acres of land more or less.

Case: 19-30088    Doc# 1174-33    Filed: 04/02/19    Entered: 04/02/19 10:59:02    Page 12 of 18

EASEMENT No. 3 (Access Easement)

Beginning at Point 'B' and running thence
    (1) north 00°21'32" east 60.05 feet to a point of non-tangent curvature; thence
    (2) easterly from a radial line which bears north 11°53'17" west, along a curve to the right having a radius of 33.00 feet, through a central angle of 21°58'22", an arc length of 12.66 feet to a point of compound curvature; thence
    (3) southeasterly, along a curve to the right having a radius of 220.50 feet, through a central angle of 13°43'41", an arc length of 52.83 feet to the easterly boundary line of said Parcel A; thence along said easterly boundary line
    (4) south 00°18'27" west 45.28 feet to the northerly boundary line of the hereinbefore described Easement No. 2; thence leaving said easterly boundary line and running along said northerly boundary line of Easement No. 2
    (5) north 89°38'28" west 63.13 feet to the point of beginning.

Containing 0.080 acres of land more or less.

The Basis of Bearings for this description is geodetic north derived from California State Plane Coordinates, CCS83, Zone 2. To obtain grid bearings, rotate the bearings shown hereon by 00°01'51.6" counterclockwise. To obtain grid distances, multiply the distances shown hereon by 0.99990656. All units are U.S. Survey Feet.

Prepared By:
R.E.Y. Engineers, Inc.

Ronald E. Monsour, PLS 8474   Date: 1/22/2016






Case: 19-30088    Doc# 1174-33    Filed: 04/02/19    Entered: 04/02/19 10:59:02    Page 15 of 18





# PROOF OF SERVICE

I, Christine J. Shores, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 101 Howard Street, Suite 400, San Francisco, California 94105-6125. On January 30, 2019, I served a copy of the within document(s):

**STIPULATION FOR ENTRY OF JUDGMENT IN CONDEMNATION**

[X] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California to the addressee(s) set forth below.

[ ] OVERNIGHT COURIER – by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via **FEDERAL EXPRESS**.

[X] E-MAIL - by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Brian Manning, Esq.
Kristen Ditlevsen Renfro, Esq.
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
15th & S Building
1830 15th Street
Sacramento, CA 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651
Email(s): bmanning@dnlc.net
krenfro@dnlc.net

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 30, 2019, at San Francisco, California.

Christine J. Shores

SF #4844-6234-7648 v1 - 1 -

PROOF OF SERVICE