GARY LIVAICH, SBN 084186
J. RUSSELL CUNNINGHAM, SBN 130578
BRIAN MANNING, SBN 241512
KRISTEN RENFRO, SBN 259162
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for DF Properties, KV Sierra Vista, LLC,
Baseline 80 Investors, LLC, Baseline P&R, LLC, John J. Guerra Jr.,
Successor Trustee of the Cyril G. Barbaccia Irrevocable
Trust dated December 15, 1976, Joiner Limited Partnership,
Brian T. Howe and Stephen J. Norman

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

In re:

PG&E CORPORATION,

-and-

PACIFIC GAS & ELECTRIC COMPANY,

Debtors.

[ ] Affects PG&E Corporation
[ ] Affects Pacific Gas & Electric Company
[X] Affects both Debtors

*All papers shall be filed in the Lead Case, No. 19-30088(DM)

Case No. 19-30088 (DM)
Chapter 11
(Lead Case) (Jointly Administered)

**LIMITED OPPOSITION** TO MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(A), 362, AND 363 AND FED. R. BANKR. P. 2002, 4001, AND 6004 FOR AN ORDER (I) AUTHORIZING DEBTORS TO (A) SELL, TRANSFER LEASE OR OTHERWISE ENCUMBER REAL PROPERTY, (B) ENTER INTO ACQUISITIONS, LEASE, LICENSE, AND PERMIT AGREEMENTS RELATING TO THIRD-PARTY PROPERTY, AND (C) PURSUE AND BRING EMINENT DOMAIN PROCEEDINGS TO JUDGMENT OR ENTER INTO SETTLEMENT IN LIEU THEREOF, SUBJECT TO CERTAIN PROCEDURES AND PARAMETERS, AND (II) GRANTING RELATED RELIEF

Date: April 10, 2019
Time: 1:30 p.m. (Pacific Time)
Place: United State Bankruptcy Court
        Courtroom 17, 16th Floor
        San Francisco, CA 94102
Objection Deadline: April 3, 2019 at 4:00p.m. (Pacific)

**LIMITED OPPOSITION OF REAL PROPERTY OWNERS**

Responding parties DF Properties, a California corporation, ("**DF**"), KV Sierra Vista, LLC, a California limited liability company, ("**KV**"), Baseline 80 Investors, LLC, a California limited liability company, and Baseline P&R, LLC, a California limited liability company, (collectively, "**Baseline Entities**"), John J. Guerra Jr., Successor Trustee of the Cyril G. Barbaccia Irrevocable Trust dated December 15, 1976 ("**CGB**"), Joiner Limited Partnership ("**Joiner**"), and Brian T. Howe and Stephen J. Norman ("**Howe** and **Norman**") (hereinafter, collectively "**Real Property Owners**"), hereby present a limited opposition to PG&E Corporation and Pacific Gas & Electric Company's (collectively, "**Debtor**") Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 362, and 363 and Fed. R. Bankr. P. 2002, 4001, and 6004 for an Order (I) Authorizing Debtors to (a) Sell, Transfer Lease or Otherwise Encumber Real Property, (b) Enter Into Acquisitions, Lease, License, and Permit Agreements Relating to Third-Party Property, and (c) Pursue and Bring Eminent Domain Proceedings to Judgment or Enter Into Settlement in Lieu Thereof, Subject to Certain Procedures and Parameters, and (II) Granting Related Relief ("**Debtor's Motion**").

I. **REAL PROPERTY OWNERS AGREE THAT THE DEBTOR'S FULL ENGAGEMENT IN EMINENT DOMAIN PROCEEDINGS IS IN THE ORDINARY COURSE.**

The **Real Property Owners** agree that in the ordinary course of its business, the **Debtor** routinely pursues, and often settles, eminent domain actions, and that such proceedings are integral to its ability to deliver utility services. They further agree with the **Debtor** that it would represent no more than a continuation

of past business practices for it to maintain pending eminent domain actions it filed pre-petition (referred to herein as the "**Eminent Domain Actions**"), and to obtain and pay just compensation, whether upon the entry of judgment based on jury award or stipulation, or pursuant to settlement agreements; and that pending proceedings should be treated the same as newly filed actions.

Allowing the **Debtor** to continue its ordinary business practices for handling condemnation proceedings will benefit the **Debtor**'s estate, facilitate the **Debtor**'s ability to maintain access to real property interests deemed necessary for the safe and reliable delivery of services to the **Debtor**'s customers, and decrease what would otherwise amount to a substantial burden on the Court and affected property owners if approval of the payment of individual judgments or settlement agreements were subjected to the Court's scrutiny.

## II. THE AUTOMATIC STAY DOES NOT OPERATE TO BAR CONTINUATION OF THE EMINENT DOMAIN ACTIONS, AND THE COURT SHOULD REJECT SUCH ASSUMPTION IN FAVOR OF AFFIRMING THE STAY'S INAPPLICABILITY BY GRANTING THE REAL PROPERTY OWNERS' ALTERNATIVE PROPOSED ORDER OF CONFIRMATION AND RELIEF.

The **Real Property Owners** do not agree with the **Debtor's** apparent assumption that the automatic stay bars the continuation of the **Eminent Domain Actions**. The state of the law appears quite clear that the automatic stay does not bar the **Debtor** "from continuing to prosecute a pre-bankruptcy lawsuit" it instituted. *In re Merrick*, 175 B.R. 333, 337 (B.A.P. 9th Cir. 1994) (citing several circuits in accord); accord *In re Miller*, 262 B.R. 499, 503 (B.A.P. 9th Cir. 2001) (citing *Chugach Timber Corp. v. Northern Stevedoring & Handling Corp.*, 23 F.3d 241, 246 (9th Cir.1994), quoting *Advanced Ribbons and Office Products, Inc. v. U.S.*

*Interstate Distributing, Inc.*, 125 B.R. 259, 263 (9th Cir. BAP 1991) ("[The automatic stay] does not protect non-debtor parties or their property."); *Rett White Motor Sales Co. v. Wells Fargo Bank*, 99 B.R. 12, 15 (N.D. Cal. 1989) ("There is simply no language in Section 362(a) designed to stay actions initiated by the debtor."); and *Shah v. Glendale Federal Bank*, 44 Cal.App.4th 1371, 1375 (1996) ("California decisional authority holds, based on the plain language of section 362(a)(1), the automatic stay is inapplicable to superior court actions initiated by the debtor.")

Further, "[g]iven this freedom for the debtor . . . to prosecute [its] claims, an equitable principle of fairness" likewise "requires a defendant to be allowed to defend himself from the attack without imposing on him a gratuitous impediment in dealing with an adversary who suffers no correlative constraint." *In re Merrick*, 175 B.R. at 338.

Based on these authorities, the **Real Property Owners** have sought the Court's confirmation on this point by filing, concurrently herewith, a separate **MOTION OF REAL PROPERTY OWNERS FOR AN ORDER CONFIRMING THE AUTOMATIC STAY DOES NOT BAR CONTINUATION OF EMINENT DOMAIN ACTIONS FILED BY THE DEBTOR PRE-PETITION AND GRANTING RELIEF FROM STAY FOR CAUSE TO THE EXTENT IT MIGHT OTHERWISE BAR ACTS RELATED TO THE PROCEEDINGS, INCLUDING THE PAYMENT OF JUST COMPENSATION** ("**Owners' Motion**"). They urge the Court to reject the Debtor's conception of the automatic stay's application to the **Eminent Domain Actions** and instead grant the **Owners' Motion**.

///

### III. CLAIMS IN THE EMINENT DOMAIN ACTIONS SHOULD NOT BE SUBJECTED TO A PROCEDURE THAT WOULD BURDEN AND THREATEN TO VIOLATE THE REAL PROPERTY OWNERS' CONSTITUTIONAL ENTITLEMENT TO THE PAYMENT OF JUST COMPENSATION IN FULL.

The **Debtor** proposes to treat the **Eminent Domain Actions** as if they represent nothing more than a subset of real property "transactions," and that arbitrary total dollar thresholds of "consideration" involved should dictate that in some instances either the Committees be granted review or the Court be required to approve. This ignores the exceptional nature of claims to just compensation, which demands that the **Debtor** be permitted a much broader authority to pay, without prior individual approval, all just compensation owed, however determined, and in whatever amount. To the extent the **Debtor's Motion** seeks to subject the **Eminent Domain Actions** to an unwarranted and burdensome review process that threatens to violate the constitutional right of the **Real Property Owners** to be paid just compensation in full for property interests sought to be taken by the **Debtor** pursuant to the Takings clause of the Fifth Amendment to the United States Constitution and Article I, section 19 of the California Constitution, the **Real Property Owners** strenuously object.

"The Takings Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, . . . prohibits the government from taking private property for public use without just compensation."[1] *Palazzolo v. Rhode Island*, 533 U.S. 606, 617 (2001) (citing *Chicago, B. & Q.R. Co. v. Chicago*, 166 U.S.

---

[1] The **Debtor** is empowered to take property pursuant to California Public Utilities Code section 613, subject to compliance with requirements of the Eminent Domain Law.

226); U.S. Const. amend. V. (private property may not "be taken for public use, without just compensation."); Cal. Const. art. I, § 19 ("Private property may be taken or damaged for a public use and only when just compensation, ascertained by a jury unless waived, has first been paid to, or into court for, the owner."). And it has been stated time and again by the United States Supreme Court, that just compensation "must be a full and perfect equivalent for the property taken." *Monongahela Nav. Co. v. U.S.*, 148 U.S. 312, 326 (1893) ("*Monongahela*"); accord *Seaboard Air Line Ry. Co. v. United States*, 261 U.S. 299, 304 (1923) ("*Seaboard*"), *United States v. Miller*, 317 U.S. 369, 373 (1943), and *United States v. Reynolds*, 397 U.S. 14, 16 (1970) ("*Reynolds*"). An injured owner must "be put in as good position pecuniarily as he would have been if his property had not been taken." *Seaboard* at 304; *Reynolds* at 16.

The constitutional right to just compensation "cannot be taken away by statute." *Seaboard* at 304. Congress lacks the right to alter the measure of compensation for property taken by the power of eminent domain. See *Monongahela* at 327 (ascertainment of just compensation "is a judicial inquiry"); accord *Seaboard* at 304 and *United States v. New River Collieries Co.*, 262 U.S. 341, 343-344 (1923) ("The ascertainment of compensation is a judicial function, and no power exists in any other department of the government to declare what the compensation shall be or to prescribe any binding rule in that regard."). Therefore, it is clear that no provisions of the Bankruptcy Code may constitutionally be applied in a manner that would deny or reduce just compensation. Discharging, or reducing, any claim of just compensation against the **Debtor** would result in a clear constitutional violation:

no plan may constitutionally be confirmed that would deny just compensation for private property taken or damaged by the **Debtor**. *In re City of Detroit*, 524 B.R. 147, 268-270 (Bankr. E.D. Mich. 2014) (citing *Blanchette v. Connecticut General Insurance Corps.*, 419 U.S. 102 (1974) and *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555 (1935)).[2]

The **Owners' Motion**, in contrast to the **Debtor**'s, recognizes the inviolate protection afforded by the constitutional provisions and seeks, pursuant to 11 U.S.C. §§ 105(a), 362(a)(1), and 362(d)(1), an order granting substantially broader relief from the automatic stay to the extent it might bar actions taken in relation to the **Condemnation Actions** to safeguard the **Real Property Owners**' right to be paid just compensation in full. The **Owners' Motion** requests a termination of the automatic stay to the fullest extent possible, and for all purposes, in relation to the **Eminent Domain Actions**, such that the **Real Property Owners** may take any acts they deem necessary or appropriate to exercise, safeguard, or otherwise preserve their constitutional rights to the extent authorized by the Eminent Domain Law of California.[3] The order sought by the **Real Property Owners** would authorize all of the following actions to be carried out:

---

[2] The **Real Property Owners** note that the Ninth Circuit has recently offered commentary related to the issue of the treatment of claims for just compensation in bankruptcy in the case of *In re City of Stockton, California*, 909 F.3d 1256 (9th Cir. 2018) ("Cobb"). However, *Cobb* is so anomalous and distinguishable in terms of critical facts that it offers little useful direction. Unlike *Cobb*, which was decided on equitable mootness grounds, the **Real Property Owners** undoubtedly enjoy "actual property rights" in the Properties and "'in rem right[s] under nonbankruptcy law'" pursuant to the Eminent Domain Law by virtue of their status that justifies priority of their recovery over that of general unsecured creditor of the **Debtor**. See *id.* at 1266. They do not hold "just a contractual or statutory right for monetary relief" that "can be adjusted in bankruptcy." *Id.*

[3] Commonly referred to as the Eminent Domain Law, Title 7 of Part 3 of the California Code of Civil Procedure ("CCP"), CCP 1230.010, et seq., is the

- Continued prosecution of the **Eminent Domain Actions** in the superior courts of the State of California in which they are now pending;

- The filing, amendment, and supplementing of pleadings as permitted by California law, and entry of related orders;

- The filing, amendment, and supplementing of motions authorized by California law, and entry of related orders;

- Full engagement of the **Real Property Owners** and the **Debtor** in all discovery, and the enforcement of discovery obligations, as permitted under California law;

- The serving of demands for exchange, and exchange of lists of expert witness and statements of valuation data pursuant to CCP § 1258.210, et seq.;

- The exchange of final offers and demands pursuant to CCP § 1250.410;

- Participation of the **Real Property Owners** and the **Debtor** in mediations, settlement conferences, and any other formal or informal alternative dispute resolution processes as may be deemed desirable by the parties;

- The depositing and increasing of amounts of probable just compensation by the **Debtor**; stipulations to, and unilateral applications for, withdrawal of deposits; and orders authorizing withdrawals pursuant to the provisions of CCP §§ 1255.010, et seq. and 1255.210, et seq.;

- The filing of motions to vacate orders of possession, and the entry of such orders pursuant to CCP § 1255.440;

- Abandonment of the **Eminent Domain Actions** pursuant to CCP § 1268.510;

- Dismissals and entry of judgments as warranted under California law, and orders for redelivery of possession and for damages proximately caused by the proceedings and dismissals pursuant to CCP § 1268.620, and for awards of litigation expenses pursuant to CCP § 1268.610 to the extent applicable;

- Trial to assess and finally determine just compensation, pursuant to California law, including the provisions of CCP §§ 1263.310, et seq, 1263.410, et seq. defining the governing valuation standards, fair market value for property taken, and compensatory damage for injury to remainder property;

---

comprehensive body of procedural rules that govern condemnation actions in California.

- Payment of just compensation pursuant to settlement agreements and judgments entered, and acts to enforce judgments obtained, whether before or after the commencement of the bankruptcy case, against the **Debtor** and property of the estate, through all available means under California law;

- Motions pursuant to CCP § 1268.020 to dismiss the **Eminent Domain Actions** in the event of the **Debtor**'s failure to timely pay the full amount required by settlement agreements executed and judgments entered pursuant to the provisions of CCP § 1268.010, et seq., and the entry of judgments of dismissal pursuant thereto;

- Deposits and withdrawals pursuant to CCP § 1268.110, et seq.; and

- The filing and participation in appellate proceedings that may arise out of the **Eminent Domain Actions.**

The **Real Property Owners** urge the Court to reject the **Debtor**'s proposed treatment of the **Eminent Domain Actions** and instead grant the **Owners' Motion** that affords an appropriately broad spectrum of relief to avoid undue burden of their rights and constitutional infirmity.

### IV. ALLOWING THE DEBTOR REQUESTED UNILATERAL POWER TO DETERMINE WHICH EMINENT DOMAIN ACTIONS MAY PROCEED WOULD BE INEQUITABLE AND IS WHOLLY UNJUSTIFIED.

The form of order sought by the **Debtor** would provide: "To the extent applicable, pursuant to section 362(d)(1) of the Bankruptcy Code, the automatic stay shall be lifted with respect to eminent domain proceedings . . . *only if PG&E stipulates to lift the stay.*" *(Emphasis added.)* Were the Court to enter an order upon such a term, it would give the **Debtor** an unwarranted power to delay and hinder actions at its discretion, resulting in unwarranted disparate treatment of the **Real Property Owners** and similarly situated owners.

It cannot be left to the **Debtor** to pick and choose when it will be required to submit to the substantive and procedural provisions of the Eminent Domain Law, in

9

Case: 19-30088    Doc# 1177    Filed: 04/02/19    Entered: 04/02/19 11:53:23    Page 9 of 10

actions it filed, that it already has the unilateral discretion to maintain or abandon at will, and in which it obtained pre-judgment possession orders that are contingent upon the deposit of probable just compensation and the **Debtor**'s obligation to pay just compensation finally determined in the actions. Fairness dictates that "[t]he automatic stay should not tie the hands of a defendant while the plaintiff debtor is given free rein to litigate." *In re Merrick*, 175 B.R. 333, 338 (B.A.P. 9th Cir. 1994).

For all of the reasons cited herein, the **Real Property Owners** respectfully request that the Court deny or require appropriate modification of the order sought by the **Debtor** consistent with the points of opposition raised herein.

Date: April 1, 2019     **DESMOND, NOLAN, LIVAICH & CUNNINGHAM**

By: /s/ KRISTEN RENFRO
**KRISTEN RENFRO**
Attorneys for DF Properties, KV Sierra Vista, LLC, Baseline 80 Investors, LLC, Baseline P&R, LLC, John J. Guerra Jr., Successor Trustee of the Cyril G. Barbaccia Irrevocable Trust dated December 15, 1976, Joiner Limited Partnership, Brian T. Howe and Stephen J. Norman