**Exhibit 7**

**Weissmann Declaration**

# MUNGER, TOLLES & OLSON LLP

350 SOUTH GRAND AVENUE
FIFTIETH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426

TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

---

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

---

1155 F STREET N.W.
SEVENTH FLOOR
WASHINGTON, D.C. 20004-1361
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

November 14, 2018

WRITER'S DIRECT CONTACT
(213) 683-9150
henry.weissmann@mto.com

John Simon, Esq.
General Counsel
Pacific Gas & Electric Company
77 Beale Street
San Francisco, CA 94105

      Re: *Retainer*

Dear John:

      This letter sets forth the terms of the agreement between Munger, Tolles & Olson LLP ("MTO" or "we") and Pacific Gas & Electric Company ("PG&E" or "you") with respect to a retainer (the "Retainer") and related topics.

      PG&E agrees to provide the Retainer in the amount of Three Million Dollars ($3,000,000), which MTO will hold as an advance payment for MTO's representation of PG&E in current or future matters. MTO's fees and expenses for its representation of PG&E shall be deemed automatically applied against the Retainer as such fees and expenses arise, unless we notify you otherwise. We will require the restoration of this advance payment retainer by you to the original level on a continuing or "evergreen" basis, or to a higher level, if in our reasonable judgment the circumstances so warrant. Any payment or fees and expenses will be credited to the Retainer. Notwithstanding the foregoing, it is agreed that MTO will (a) at all times have a Retainer in excess of the fees and expenses it has incurred on behalf of you (whether or not statements for such fees and expenses have been sent by us to you) and (b) have a Retainer upon the commencement of any chapter 11 case for PG&E (and/or any affiliate of PG&E) in an

MUNGER, TOLLES & OLSON LLP

John Simon, Esq.
General Counsel
November 14, 2018
Page 2

amount not less than $3 million. In the event that a chapter 11 bankruptcy case commences for PG&E (and/or any affiliate of PG&E), we will apply the Retainer to the fees and expenses owed in the final application for payment of fees and expenses filed by MTO, after which, if not applied, any unused Retainer will be returned to PG&E. If no chapter 11 case for PG&E (and/or any affiliate of PG&E) has been commenced by July 1, 2019, then, absent further agreement between us, MTO will refund the Retainer, less any fees and expenses outstanding at that time.

If it becomes necessary for PG&E (and/or any affiliate of PG&E) to file a petition under chapter 11 of Title 11 of the United States Code, our ongoing employment by PG&E shall be subject to the approval of the bankruptcy court with jurisdiction over the petition.

If a bankruptcy case is commenced or becomes likely for PG&E (and/or any affiliate of PG&E), we will draft a schedule describing MTO's relationships with certain interested parties. Although we believe that these relationships do not constitute actual conflicts of interest, these relationships must be described and disclosed in the application to the bankruptcy court to retain MTO as counsel to you. If actual conflicts of interest arise in our representation of PG&E (and/or any affiliate of PG&E) following commencement of a bankruptcy case for PG&E (and/or any affiliate of PG&E), absent the informed written consent of you and the other client(s), you will be required to use separate conflicts counsel in those matters, and the firm will not participate in those matters.

Very truly yours,

*Henry Weissmann* /ac

Henry Weissmann

HW:v

Case: 19-30088    Doc# 1181-7    Filed: 04/02/19    Entered: 04/02/19 15:38:22    Page 3
of 3