WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                     **Debtors**.<br><br>☐  Affects PG&E Corporation<br>☐  Affects Pacific Gas and Electric Company<br>☒  Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**MOTION PURSUANT TO 11 U.S.C. § 363(b) AUTHORIZING DEBTORS TO PAY THE FEES AND EXPENSES OF SIMPSON THACHER & BARTLETT LLP AS COUNSEL TO THE INDEPENDENT DIRECTORS OF PG&E CORP.**<br><br>Date:    April 24, 2019<br>Time:   9:30 a.m. (Pacific Time)<br>Place:  United States Bankruptcy Court,<br>          Courtroom 17, 16th Floor<br>          San Francisco, CA 94102 |

1         PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), submit this Motion (this "**Motion**"), pursuant to section 363 of title 11 of the United States Code (the "**Bankruptcy Code**"), authorizing the Debtors to pay the fees and expenses of Simpson Thacher & Bartlett LLP ("**Simpson Thacher**" or the "**Firm**") as counsel to the Independent Directors of PG&E Corp. (the "**Independent Directors**"), effective as of the Petition Date (as defined below).

        A proposed form of order approving the relief requested in the Motion is annexed hereto as **Exhibit A** (the "**Proposed Order**").  The Motion is supported by the *Declaration of Michael H. Torkin in Support of the Motion Pursuant to 11 U.S.C. § 363(b) Authorizing Debtors to Pay the Fees and Expenses of Simpson Thacher & Bartlett LLP as Counsel to the Independent Directors of PG&E Corp.* (the "**Torkin Declaration**").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      JURISDICTION**

The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges,* General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.     BACKGROUND**

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

**III.    RETENTION OF SIMPSON THACHER BY THE INDEPENDENT DIRECTORS**

Simpson Thacher has been providing separate advice to the Independent Directors on a range of unique matters for more than one year. Given the unprecedented issues facing the Independent Directors, including significant regulatory, judicial, and shareholder scrutiny, it is

important to both the Independent Directors and the Debtors that the Independent Directors continue to receive this advice.

Simpson Thacher was first engaged in December 2017 to advise the Independent Directors regarding legislation concerning dividends and related issues. Simpson Thacher also has been representing the Independent Directors regarding alleged breaches of fiduciary duties and other claims arising out of the 2017 and 2018 wildfires — including in pending derivative litigation which the plaintiff has asserted will not be stayed during the Chapter 11 Cases. *See* Plaintiff's Response to Nominal Defendants, PG&E Corporation, and Pacific Gas and Electric Company's Notice of Stay of Proceedings, *Bowlinger v. Chew et al.*, No. CGC-18-572326 (Supp. Ct. S.F. City and Country, Feb. 5, 2019). In addition, Simpson Thacher continues to advise the Independent Directors concerning their fiduciary duties.

There are also a number of ongoing inquiries, none of which will be stayed during these Chapter 11 Cases, that involve the interests of the Independent Directors:

- <u>The California Public Utility Commission's (CPUC) Safety and Enforcement Division's Order Instituting Investigation (OII) Concerning the Debtors' Safety Culture</u>. In 2015, the CPUC instituted an investigation to assess the organizational and governance measures taken by the Board and the Debtors to improve safety. In 2018, the CPUC expanded this investigation to include the Debtors' corporate governance, structure, and operation.

- <u>CPUC's OII Concerning Locate & Mark</u>. In December 2018, the CPUC instituted an investigation to assess the adequacy of the Debtors' "damage prevention and locate and mark programs and practices for its natural gas system," citing alleged record falsification issues and safety violations by the Debtors from 2012 to 2017.

- <u>Judicial Oversight of the Debtors' Probationary Period in *United States v. Pacific Gas and Electric*</u>. Under its continuing jurisdiction to oversee the Debtors' compliance with the conditions of its probation, the U.S. District Court for the Northern District of California has issued several orders in recent months requesting detailed information from the Debtors' regarding, among other things, potential crimes and Debtors' role in

causing wildfires.

- <u>District Attorney of Butte County, California</u>.  The District Attorney of Butte County, the county where the Camp Fire occurred, has conducted criminal investigations following other wildfires and has stated that his office may conduct similar investigations whenever fatalities are involved.  It is possible that the Independent Directors may be drawn into such an investigation, even if only as witnesses.

The Independent Directors have publicly announced an independent review of best practices regarding safety and compliance.  To avoid any criticism that this review is not sufficiently objective, the Independent Directors need independent counsel.

In addition, the Board of PG&E Corp. is seeking to add new directors.  Given that the Debtors benefit from having highly qualified directors, it is important that the best candidates feel confident that they are getting appropriate, independent legal advice and that their interests are properly protected.

Finally, even under more ordinary circumstances, the independent directors of a debtor need separate legal advice concerning multiple issues.  Ensuring that the Independent Directors continue receiving separate, objective legal advice will benefit the Estate during these Chapter 11 Cases.

In sum, the dynamic here is highly unusual and it would not be practical or appropriate for the Independent Directors to surrender the benefit of independent advice in connection with the exercise of their fiduciary duties.

**IV.    SIMPSON THACHER'S QUALIFICATIONS**

Simpson Thacher has represented and worked closely with the Independent Directors since 2017.  As a general matter, Simpson Thacher has extensive experience representing boards in highly challenging circumstances and is well positioned to continue providing necessary independent representation to the Independent Directors.  The Independent Directors selected and desire to remain with Simpson Thacher because of its history in this matter and its experience representing the interests of directors in complex situations together with Simpson Thacher's broad experience with bankruptcy, restructuring, and corporate governance matters.

Simpson Thacher has worked productively and efficiently alongside the Debtors' advisors in ways that have avoided duplication of effort. Simpson Thacher has not and will not advise the Debtors, and none of the Debtors' lawyers will be positioned to provide independent legal advice to the Independent Directors.

## V. SCOPE OF SIMPSON THACHER'S SERVICES AND PROFESSIONAL COMPENSATION

The Independent Directors have requested that Simpson Thacher represent and advise them in connection with: these Chapter 11 Cases; regulatory, judicial, and related proceedings concerning conduct of the Debtors or the Independent Directors; shareholder and securities-related issues including litigation; the Independent Directors' review of the Debtors' safety and compliance practices; the exercise of their fiduciary duties including with respect to maximizing the value of the estates; and such other matters as may be requested by the Independent Directors and agreed by Simpson Thacher from time to time.

The Debtors are seeking authority to pay the reasonable and undisputed fees and expenses of Simpson Thacher for the services rendered by Simpson Thacher to the Independent Directors. Simpson Thacher's current hourly rates for the attorneys who are expected to continue providing services to the Independent Directors are $1,325-$1,640 for partners, $1,190-$1,220 for counsel and senior counsel, $590-$1,145 for associates and $265-$455 for legal paraprofessionals. Simpson Thacher adjusts its rates periodically, typically on January 1 of each year; in addition, rates of associate attorneys typically increase in the fall as associates move up in class seniority.

In addition to the hourly rates set forth above, Simpson Thacher customarily charges its clients for costs or expenses incurred. These costs and expenses include, among other things, overnight mail, courier delivery, transportation, computer-assisted legal research, photocopying, airfare, meals, and lodging.

Simpson Thacher intends to file and submit monthly invoices (the "**Monthly Invoices**") to the Independent Directors, with copies of the Monthly Invoices (redacted as appropriate) submitted reasonably contemporaneously therewith to (a) the Debtors, (b) counsel for the Debtors, (c) the U.S. Trustee; (d) counsel to any official committees appointed in these Chapter 11 Cases; and (e)

counsel to the administrative agent under the Debtors' debtor in possession financing facility(collectively, the "**Notice Parties**" and each, a "**Notice Party**"). The Debtors will pay all reasonable and undisputed amounts invoiced by Simpson Thacher for fees and expenses pursuant to the following procedures (the "**Payment Procedures**"):

a) On or after the 30th day of each calendar month, following the month for which compensation is sought, Simpson Thacher will file with the Court and serve on each of the Notice Parties a Monthly Invoice with respect to the fees and expenses incurred during the preceding month.

b) Each Notice Party shall have fifteen (15) days after a Monthly Invoice is served to review it and, if such Notice Party has an objection to the fees or expenses sought in a particular Monthly Invoice (an "**Objection**"), such party shall, by no later than fifteen (15) days following service of the particular Monthly Invoice (the "**Objection Deadline**"), to file and serve upon Simpson Thacher and the Notice Parties a written notice (the "**Notice of Objection to Invoice**"), setting forth with specificity the nature of the Objection and the amount of fees or expenses at issue.

c) If no Notice of Objection to Invoice has been timely filed and served upon Simpson Thacher and the Notice Parties by the expiration of the Objection Deadline, or if Simpson Thacher and the objecting Notice Party thereafter consensually resolve any such Objection, the Debtors shall promptly pay, in full, the fees and expenses identified in the Monthly Invoice.

d) If a Notice of Objection to Invoice has been timely filed and served upon Simpson Thacher and the Notice Parties, the Debtors shall withhold payment of that portion of the Monthly Invoice to which the Objection is directed and promptly pay the remainder of the undisputed fees and expenses to Simpson Thacher.

e) If a Notice of Objection to Invoice is filed and served upon Simpson Thacher and the Notice Parties, Simpson Thacher and the objecting party will work in good faith to resolve their dispute without resort to the Court.

f) Any Objections that are not resolved by the parties shall be preserved and presented to the Court at the next available hearing date.

## VI. SIMPSON THACHER'S DISINTERESTEDNESS

Because Simpson Thacher will be acting as counsel to the Independent Directors, rather than the Debtors, the Debtors do not believe that Simpson Thacher is a professional whose employment is subject to approval under Section 327 of the Bankruptcy Code. Nevertheless, Simpson Thacher has conducted the customary review of the parties in interest list provided by the Debtors. To the best of the Debtors' knowledge, the partners of, counsel to, and associates of Simpson Thacher do not have any connection with or any interest adverse to the Debtors, their

creditors, or any other party in interest, or their respective attorneys and accountants, except as may be set forth in the Torkin Declaration.

The Debtors have been informed that Simpson Thacher will conduct an ongoing review of these matters, and, if any new facts or relationships that Simpson Thacher believes should be disclosed to this Court and the parties in interest in these cases are discovered, Simpson Thacher will use reasonable efforts to file a supplemental disclosure with the Court and serve such supplemental disclosure on the U.S Trustee.

## VII. BASIS FOR RELIEF REQUESTED

The Debtors seek to pay the fees and expenses of Simpson Thacher pursuant to section 363 of the Bankruptcy Code. Section 363(b) of the Bankruptcy Code provides, in relevant part, that a debtor in possession "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363. In considering a section 363(b) motion, courts examine whether the proposed use of property is supported by a sound business reason. *Walter v. Sunwest Bank* (*In re Walter*), 83 B.R. 14, 19-20 (9th Cir. BAP 1988) (citing *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986)). This examination requires consideration of the "business justification" for the proposed use. *Walter*, 83 B.R. at 19 ("[F]or the debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business…."). In deciding whether to approve the use of estate property outside of the ordinary course of business, "the bankruptcy judge should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike." *Id*.; *Continental Air Lines*, 780 F.2d at 1226.

Courts have approved payment of fees and expenses of counsel for a debtor's independent directors pursuant to section 363. *See*, *e.g.*, *In re SunEdison, Inc.*, No. 16-10992 (SMB) (Bankr. S.D.N.Y. July 13, 2016) [ECF No. 764] (authorizing debtors to pay fees and expenses of counsel to independent directors on monthly basis); *In re Sabine Oil & Gas Corp.*, No. 15-11835 (SCC) (Bankr. S.D.N.Y. Nov. 5, 2015) [ECF No. 485] (authorizing debtors to advance legal fees to directors in connection with a postpetition investigation); *In re Residential Capital, LLC*, No. 12-

12020 (MG) (Bankr. S.D.N.Y. Sept. 27, 2012) [ECF No. 1610] (authorizing payment of fees and expense of counsel to independent directors); *In re Innkeepers USA Trust*, No. 10-13800 (SCC) (Bankr. S.D.N.Y. Nov. 10, 2010) [ECF No. 701] (authorizing payment of fees and expenses of counsel to committee of independent trustees of a board of trustees).

Payment of the fees and expenses of Simpson Thacher incurred on behalf of the Independent Directors is consistent with PG&E Corp.'s Articles of Incorporation, which provide:

> The Corporation is authorized to provide indemnification of agents (as defined in Section 317 of the California Corporations Code) through bylaws, resolutions, agreements with agents, vote of shareholders or disinterested directors, or otherwise in excess of the indemnification otherwise permitted by Section 317 of the California Corporations Code, subject only to the applicable limits set forth in Section 204 of the California Corporations Code.

Restated Articles of Incorporation of PG&E Corp. § 6. Identical language is found in the Restated Articles of Incorporation of the Utility § 7.

PG&E Corp. adopted the following resolution to implement section 6 of its Articles of Incorporation:

> Each person who was or is a party or is threatened to be made a party to, or who is involved in any threatened, pending, or completed action, suit, or proceeding, formal or informal, whether brought in the name of this corporation (the "Corporation") or otherwise, and whether of a civil, criminal, administrative, or investigative nature (hereinafter a "proceeding"), by reason of the fact that he or she, or a person of whom he or she is the legal representative, is or was a director or officer of the Corporation, or is or was a director or officer of the Corporation serving at the request of the Corporation (as determined by a committee composed of the General Counsel and the Corporate Secretary) as a director, officer, employee, or agent of another corporation or of a partnership, joint venture, trust, or other enterprise, including service with respect to employee benefit plans, whether the basis of such proceeding is an alleged action or inaction in an official capacity or in any other capacity while serving as a director or officer, shall, subject to the terms of any agreement between the Corporation and such a person, be indemnified and held harmless by the Corporation to the fullest extent permissible under California law and the Corporation's Articles of Incorporation . . . .

Resolution of the Board of Directors of PG&E Corp., Dec. 18, 1996. PG&E Corp. Annual Report, Exhibit 10.40 (Form 10-K) (Feb. 18, 2005). Identical language is found in the Resolution of the Board of Directors of the Utility, July 19, 1995. *Id.* Exhibit 10.41.

In addition, it is not uncommon outside of bankruptcy for independent directors to engage separate counsel to provide independent advice when a corporation is pursuing strategic initiatives, including restructurings, with such counsel being paid by the corporation.

For the reasons explained above, the payment of the reasonable and undisputed fees and expenses of Simpson Thacher for its services to the Independent Directors is fully supported by the applicable indemnification provisions of the Debtors' corporate documents. It is a sound exercise of the Debtors' business judgment to pay these fees and expenses as required.

Accordingly, the Debtors believe that paying the ongoing fees and expenses of Simpson Thacher as counsel to the Independent Directors is appropriate and in the best interests of the Debtors and their estates.

## VIII. NOTICE

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No prior motion for the relief requested herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request an order (i) authorizing the Debtors to pay the ongoing fees and expenses of Simpson Thacher as counsel to the Independent Directors, and (ii) granting such other and further relief as the Court deems just and proper.

April 2, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/Jane Kim
      Jane Kim

*Proposed Attorneys for Debtors and Debtors in Possession*