**EXHIBIT A**

**[PROPOSED] Order**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> - and – <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> Debtors. <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) <br><br> (Jointly Administered) <br><br> **[PROPOSED] ORDER PURSUANT TO 11 U.S.C. § 363(b) AUTHORIZING DEBTORS TO PAY THE FEES AND EXPENSES OF SIMPSON THACHER & BARTLETT LLP AS COUNSEL TO THE INDEPENDENT DIRECTORS OF PG&E CORP.** |

Upon the Motion, dated _____ (the "**Motion**")[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to section 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), for authorization to pay the reasonable and undisputed fees and expenses of Simpson Thacher & Bartlett LLP ("**Simpson Thacher**") as counsel to the Independent Directors, pursuant to the terms set forth in the Motion; and upon consideration of the *Declaration of Michael H. Torkin in Support of the Motion Pursuant to 11 U.S.C. § 363(b) Authorizing Debtors to Pay the Fees and Expenses of Simpson Thacher & Bartlett LLP as Counsel to the Independent Directors of PG&E Corp.* (the "**Torkin Declaration**"); and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Torkin Declaration; and a hearing having been noticed to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing (if any was held) and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders and all parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

2. The Debtors are authorized, pursuant to section 363(b) of the Bankruptcy Code, to pay the reasonable fees and compensation to, and reimburse expenses of, Simpson Thacher, as counsel to the Independent Directors of PG&E Corp. (the "**Independent Directors**"), effective as of the Petition Date.

3. The Debtors shall pay the reasonable and undisputed fees and expenses incurred by Simpson Thatcher as advised to the Independent Directors in connection with: these Chapter 11 Cases; regulatory, judicial, and related proceedings concerning conduct of the Debtors or the Independent Directors; shareholder and securities-related issues including litigation; the Independent Directors' review of the Debtors' safety and compliance practices; the exercise of their fiduciary duties including with respect to maximizing the value of the Estate; and such other matters as may be requested by the Independent Directors and agreed by Simpson Thacher from time to time.

4. Simpson Thacher shall file and submit monthly invoices (the "**Monthly Invoices**") to the Independent Directors, with copies of the Monthly Invoices (redacted as appropriate) submitted reasonably contemporaneously therewith to (a) the Debtors, (b) counsel for the Debtors, (c) the Office of the United States Trustee for Region 17 (the "**U.S. Trustee**"); (d) counsel to each of the committees and any official committees appointed in these Chapter 11 Cases; and (e) counsel to the administrative agent under the Debtors' debtor in possession financing facility (collectively, the "**Notice Parties**" and each, a "**Notice Party**"). The Debtors will pay all reasonable and undisputed amounts invoiced by Simpson Thacher in accordance with the following Payment Procedures:

(a) On or after the 30th day of each calendar month following the month for which compensation is sought, Simpson Thatcher will file with the Court and serve on each of the Notice Parties a Monthly Invoice with respect to the fees and expenses incurred during the preceding month.

(b) Each Notice Party shall have fifteen (15) days after a Monthly Invoice is served to review it and, if such Notice Party has an objection to the fees and expenses sought in a particular Monthly Invoice (an "**Objection**"), such party shall, by no later than fifteen (15) days following service of the particular Monthly Invoice (the "**Objection Deadline**") to file and serve upon Simpson Thacher and the Notice Parties a written notice (the "**Notice**

**of Objection to Invoice**"), setting forth with specificity the nature of the Objection and the amount of fees or expenses at issue.

(c) If no Notice of Objection to Invoice has been filed and timely served upon Simpson Thacher and the Notice Parties by the expiration of the Objection Deadline, or if Simpson Thacher and the objecting Notice Party thereafter consensually resolve any such Objection, the Debtors shall promptly pay, in full, the fees and expenses identified in the Monthly Invoice.

(d) If a Notice of Objection to Invoice has been filed and timely served upon Simpson Thacher and the Notice Parties, the Debtors shall withhold payment of that portion of the Monthly Invoice to which the Objection is directed and promptly pay the remainder of the fees and expenses to Simpson Thacher.

(e) If a Notice of Objection to Invoice is filed upon Simpson Thacher and the Notice Parties, Simpson Thacher and the objecting party will work in good faith to resolve their dispute without resort to the Court.

(f) Any Objections that are not resolved by the parties shall be preserved and presented to the Court at the next available Omnibus Hearing Date; and it is further

4. Notice of the Motion as provided therein is deemed good and sufficient notice of the Motion.

5. Simpson Thacher shall provide reasonable notice to the Debtors and the U.S. Trustee of any increase in Simpson Thacher's hourly rates as set forth in the Motion.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **