Jay M. Ross (State Bar No. 151750)
Monique D. Jewett-Brewster (State Bar No. 217792)
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 S First Street
San Jose, CA 95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone: (408) 286-9800
Facsimile: (408) 998-4790

Attorneys for Interested Party
The City of Oakland

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 19-30088 (DM) |
| PG&E CORPORATION | Chapter 11 |
| - and - | (Lead Case) |
| PACIFIC GAS AND ELECTRIC COMPANY, | (Jointly Administered |
| Debtors. | **LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE CITY OF OAKLAND IN RESPONSE TO MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a), 362, AND 363 AND FED. R. BANKR. P. 2002, 4001, AND 6004 FOR AN ORDER (I) AUTHORIZING DEBTORS TO (a) SELL, TRANSFER, LEASE OR OTHERWISE ENCUMBER REAL PROPERTY, (b) ENTER INTO ACQUISITION, LEASE, LICENSE, AND PERMIT AGREEMENTS RELATING TO THIRD-PARTY PROPERTY, AND (c) PURSUE AND BRING EMINENT DOMAIN PROCEEDINGS TO JUDGMENT OR ENTER INTO SETTLEMENTS IN LIEU THEREOF, SUBJECT TO CERTAIN PROCEDURES AND PARAMETERS,** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>X Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | |

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

Date: April 10, 2019
Time: 1:30 p.m. (Pacific Time)
Place: United States Bankruptcy Court
Courtroom 17, 16th Floor
San Francisco, CA 94102

The City of Oakland, an Interested Party and "governmental unit" as defined in 11 U.S.C. section 101(27) (the "City"), respectfully submits this Limited Objection and Reservation of Rights in response to the *Motion of Debtors pursuant to 11 U.S.C. §§ 105(a), 362, and 363 and Fed. R. Bankr. P. 2002, 4001 and 6004 for an Order (I) Authorizing Debtors to (a) Sell, Transfer, Lease or Otherwise Encumber Real Property, (b) Enter into Acquisition, Lease, License, and Permit Agreements Relating to Third-Party Property, and (c) Pursue and Bring Eminent Domain Proceedings to Judgment or Enter into Settlements in Lieu Thereof, Subject to Certain Procedures and Parameters, and (II) Granting Related Relief* ("Motion," ECF No. 1004), and in support thereof, represents as follows:

The City has a broad relationship with Pacific Gas and Electric Company ("PG&E") and its predecessors in interest extending back to the 19th century. While the City is diligently investigating the extent of its current relationship with PG&E, the City respectfully points out that the Debtors' definition of "Real Property Interests" in the Motion is *extremely* broad. Due to sheer breadth of the Motion's definition of "Real Property Interests," Debtors' request to sell, license, lease or otherwise "deal with" (*see, e.g.,* Mot., 1:8) Real Property Interests necessarily extends to contracts that may be executory in nature. Consequently, the City objects to the Motion solely to the extent that the Motion seeks to make any determination as to the application of section 365 to any Real Property Interests that purport to impact the City.

The City also raises a limited objection to Debtors' proposed procedures for review and approval of Real Property Interest transactions between PG&E and third parties. While the City takes no issue with the Debtor's proposal of streamlined procedures for dealing with Real Property Interests (to the contrary, the City supports PG&E's efforts to limit disruption of

services to PG&E's customers), the City does object on the basis that the proposed procedures are ambiguous. Specifically, while Debtors refer to the amount of the "consideration" for any Real Property Interest transaction as a criterion for the treatment of that transaction, currently pending or otherwise, they provide no timeframe or guideline for calculating the amount of that consideration. Is the consideration at issue limited to the amount received in one year under any Real Property Interest transaction? Alternatively, is the consideration in question to be calculated over the life of the transaction? The City requests that any Order granting the Motion clarify the definition of "consideration" as used in Debtors' proposed procedures. The City further requests that any Order on the Motion confirm that all transactions involving Debtors' Real Property Interests be subject to the same Order, provided, that, Bankruptcy Code section 365 remain applicable to any decisions involving the assumption or rejection of pre-existing agreements related to Real Property Interests.

For the reasons stated above, the City requests that the Court grant Debtors' Motion subject to entry of an Order addressing the points raised by the City herein.

Dated: April 3, 2019

Respectfully submitted,

HOPKINS & CARLEY
A Law Corporation

By:/s/ *Monique D. Jewett-Brewster*
　　Jay M. Ross
　　Monique D. Jewett-Brewster
　　Attorneys for Interested Party
　　The City of Oakland

853\3239574.2