| | |
|---|---|
| 1 | Dennis F. Dunne (admitted *pro hac vice*) |
| | Samuel A. Khalil (admitted *pro hac vice*) |
| 2 | MILBANK LLP |
| | 55 Hudson Yards |
| 3 | New York, New York 10001-2163 |
| | Telephone: (212) 530-5000 |
| 4 | Facsimile: (212) 530-5219 |
| 5 | and |
| 6 | Paul S. Aronzon (SBN 88781) |
| | Gregory A. Bray (SBN 115367) |
| 7 | Thomas R. Kreller (SBN 161922) |
| | MILBANK LLP |
| 8 | 2029 Century Park East, 33rd Floor |
| | Los Angeles, CA 90067 |
| 9 | Telephone: (424) 386-4000 |
| | Facsimile: (213) 629-5063 |

*Proposed Counsel for the Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| -and- | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | |
| Affects PG&E Corporation<br>Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case. No. 19-30088 (DM)* | **APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103(a) AND FED. R. BANK. P. 2014 AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY MILBANK LLP AS COUNSEL, EFFECTIVE AS OF FEBRUARY 12, 2019**<br><br>Date: April 24, 2019<br>Time: 9:30 AM Pacific Time<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

The Official Committee of Unsecured Creditors (the "Committee") appointed in the jointly administered cases of the above-captioned debtors in possession (the "Debtors"), hereby submits this application (the "Application") for entry of an order substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to retain and employ Milbank LLP ("Milbank") as its counsel pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), and Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), effective as of February 12, 2019. In support of the Application, the Committee submits the declaration of Thomas R. Kreller, a partner at Milbank (the "Kreller Declaration"), and the declaration of Cynthia Wong, a member of the Committee (the "Wong Declaration"), each of which was filed concurrently herewith and is incorporated herein by reference. In further support of the Application, the Committee respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24* (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "Local Bankruptcy Rules"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On January 29, 2019, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On January 31, 2019 [Docket No. 207], the Court ordered the joint administration of the Debtors' chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b). The Debtors continue to operate their businesses and manage their

properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner has been appointed in these chapter 11 cases.

3. On February 12, 2019, pursuant to Bankruptcy Code section 1102(a)(1), the United States Trustee for the Northern District of California (the "U.S. Trustee") appointed the Committee. The Committee currently consists of: (i) BOKF, N.A., as indenture trustee under unsecured bond indentures; (ii) The Davey Tree Expert Company, Davey Tree Surgery Company, and DRG, Inc.; (iii) Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas, as indenture trustee; (iv) G4S Secure Solutions (USA) Inc. and G4S Secure Integration LLC; (v) International Brotherhood of Electrical Workers, Local 1245; (vi) Mizuho Bank, Ltd. (vii) NextEra Energy, Inc.; (viii) Pension Benefit Guaranty Corporation; and (ix) Roebbelen Contracting, Inc.

## APPLICATION

**A.     Milbank's Qualifications**

4. The Committee seeks to employ and retain Milbank, pursuant to Bankruptcy Code sections 328(a) and 1103(a) because Milbank possesses extensive knowledge and expertise in the areas of law relevant to these chapter 11 cases and is well qualified to represent the Committee. In selecting Milbank, the Committee sought counsel with experience in representing creditors' committees in large, complex chapter 11 cases. Milbank has such experience, having represented (or currently representing) many official creditors' committees in chapter 11 cases of national significance.

5. Importantly, Milbank served as counsel to the official committee of unsecured creditors in the 2001 bankruptcy cases of PG&E. See In re Pacific Gas & Electric Co., Case No. 01-30923 (Bankr. N.D. Cal.). Milbank's other notable representations include the representations of the official creditors' committees in such cases as, among others: In re FirstEnergy Solutions, Corp., Case No. 18-50757 (AMK) (Bankr. N.D. Ohio); In re TK Holdings Inc., Case No. 17-11375

(BLS) (Bankr. D. Del.); <u>In re M & G USA Corp.</u>, Case No. 17-12307 (BLS) (Bankr. D. Del.); <u>In re Breitburn Energy Partners LP</u>, Case No. 16-11390 (SMB) (Bankr. S.D.N.Y.); <u>In re Alpha Natural Resources, Inc.</u>, Case No. 15-33896 (KRH) (Bankr. E.D. Va.); <u>In re Arcapita Bank B.S.C.(c)</u>, Case No. 12-11076 (SHL) (Bankr. S.D.N.Y.); <u>In re Eastman Kodak Co.</u>, Case No. 12-10202 (ALG) (Bankr. S.D.N.Y.); <u>In re ATP Oil & Gas Corporation</u>, Case No. 12-36187 (MI) (Bankr. S.D. Tex.); <u>In re The Great Atlantic & Pacific Tea Company, Inc.</u>, Case No. 10-24549 (RDD) (Bankr. S.D.N.Y.); <u>In re Local Insight Media Holdings, Inc.</u>, Case No 10-13677 (KG) (Bankr. D. Del.); <u>In re Idearc Inc.</u>, Case No. 09-31828 (BJH) (Bankr. N.D. Tex.); <u>In re Sea Launch Company, L.L.C.</u>, Case No. 09-12153 (BLS) (Bankr. D. Del.); <u>In re Charys Holding Company, Inc.</u>, Case No. 08-10289 (BLS) (Bankr. D. Del.); <u>In re Lehman Brothers Holdings Inc.</u>, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y.); <u>In re VI Acquisition Corp.</u>, Case No. 08-10623 (KG) (Bankr. D. Del.); <u>In re Anvil Knitwear, Inc.</u>, Case No. 06-12345 (ALG) (Bankr. S.D.N.Y.); <u>In re Winn-Dixie Stores, Inc.</u>, Case No. 05-03817 (JAF) (Bankr. M.D. Fla.); <u>In re Refco Inc.</u>, Case No. 05-60006 (RDD) (Bankr. S.D.N.Y.); <u>In re Intermet Corp.</u>, Case No. 04-67597 (MBM) (Bankr. E.D. Mich.); <u>In re RCN Corporation</u>, Case No. 04-13638 (RDD) (Bankr. S.D.N.Y.); <u>In re Maxxim Medical Group, Inc.</u>, Case No. 03-10438 (PJW) (Bankr. D. Del.); <u>In re Fleming Companies, Inc.</u>, Case No. 03-10945 (MFW) (Bankr. D. Del.); <u>In re Enron Corp.</u>, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y.); and <u>In re Safety-Kleen Corp.</u>, Case No. 00-2303 (PJW) (Bankr. D. Del.).

6. In addition, Milbank is recognized as one of the premier global legal advisors to the power generation industry, including leading roles in complex financing and restructuring transactions, as well as representing various creditor constituencies and other parties-in-interest in many of the industry's significant chapter 11 cases. Such experience and know-how will enable the Committee to react more quickly and to function more efficiently and effectively in these chapter 11 cases.

7.     The Committee believes that Milbank's employment as its counsel on the terms of this Application and the Kreller Declaration is appropriate, necessary and in the best interests of the Debtors' unsecured creditors.  The Committee thus seeks entry of an order authorizing and approving Milbank's employment and retention by the Committee on the terms set forth herein and in the Kreller Declaration.

**B.     Services to Be Provided by Milbank**

8.     The Committee expects that Milbank will provide, as directed by the Committee, the following services (without limitation):

 a. participate in in-person and telephonic meetings of the Committee and subcommittees formed thereby, and otherwise advise the Committee with respect to its rights, powers and duties in these chapter 11 cases;

 b. assist and advise the Committee in its meetings and negotiations with the Debtors and other parties in interest regarding the administration of these chapter 11 cases;

 c. represent the Committee at hearings and other proceedings before the Court and such other courts or tribunals, as appropriate;

 d. assist the Committee in its analysis of, and negotiations with the Debtors or third parties related to, financing, asset disposition transactions, compromises of controversies, and assumption and rejection of executory contracts and unexpired leases;

 e. assist the Committee in its analysis of, and negotiations with the Debtors or third parties related to, the formulation, confirmation and implementation of a chapter 11 plan(s) and all documentation related thereto;

 f. assist the Committee in analyzing claims asserted against, and interests in, the Debtors, and in negotiating with the holders of such claims and interests and bringing, or participating in, objections or estimation proceedings with respect to such claims and interests;

 g. assist with the Committee's review of the Debtors' Schedules of Assets and Liabilities, Statements of Financial Affairs and other financial reports prepared by the Debtors, and the Committee's investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors and of the historic and ongoing operation of their businesses;

 h. assist and advise the Committee with respect to its communications with the general creditor body regarding significant matters in these cases;

i. respond to inquiries from individual creditors as to the status of, and developments in, these chapter 11 cases;

j. review and analyze complaints, motions, applications, orders and other pleadings filed with the Court, and advise the Committee with respect to its positions thereon and the filing of any responses thereto;

k. assist the Committee in its review and analysis of, and negotiations with the Debtors and non-Debtor affiliates related to, intercompany transactions and claims;

l. review and analyze third party analyses or reports prepared in connection with potential claims of the Debtors, advise the Committee with respect to its positions thereon, and perform such other diligence and independent analysis as may be requested by the Committee;

m. provide the Committee with advice relating to applicable federal and state regulatory issues, including with respect to matters related to the Federal Energy Regulatory Commission, California Public Utilities Commission and the Nuclear Regulatory Commission, as such issues may arise in these chapter 11 cases;

n. assist the Committee in preparing pleadings and applications, and pursuing or participating in adversary proceedings, contested matters and administrative proceedings as may be necessary or appropriate in furtherance of the Committee's duties, interests, and objectives; and

o. perform such other legal services as may be necessary or as may be requested by the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

**C.     No Duplication of Services**

9.     In addition to this Application, the Committee has filed, or is expected to file shortly, applications to employ: (i) FTI Consulting Inc., as financial advisor; (ii) Centerview Partners LLC, as investment banker; and (ii) Epiq Corporate Restructuring, LLC, as information and noticing agent. The Committee may also file applications to employ additional professionals in the future. Rather than overlap, it is anticipated that the efficient coordination of efforts between Milbank and such other professionals will complement one another and greatly add to the effective and efficient administrative administration of these chapter 11 cases. Milbank will coordinate with the other professionals retained in these chapter 11 cases to ensure a clear delineation of each

firm's respective role in connection with representation of the Committee in these chapter 11 cases to prevent duplication of services and ensure that the cases are administrated in the most efficient fashion possible.

**D.  Requisite Disclosures**

10.  To the best of the Committee's knowledge, information and belief, based on, and except as otherwise set forth in, the Kreller Declaration, Milbank does not represent any other entity having an adverse interest in connection with these chapter 11 cases. Thus, Milbank's retention is authorized by Bankruptcy Code section 1103(b). The Kreller Declaration also sets forth, pursuant to Bankruptcy Rule 2014(a), Milbank's connections, to the best of Mr. Kreller's knowledge, with the Debtors, the Debtors' known creditors, other known parties in interest, their respective attorneys and accountants, the U.S. Trustee, and any person employed in the office of the U.S. Trustee, as such potential parties in interest were disclosed by the Debtors to the Committee. To the best of the Committee's knowledge, Milbank is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

**E.  Effective Date of Retention**

11.  The Committee requests that Milbank's retention be approved effective as of February 12, 2019, the date Milbank was selected to serve as counsel to the Committee and began substantive work on the Committee's behalf. The Committee believes that Milbank's retention effective as of this date is appropriate in light of the Committee's immediate and urgent need for legal services upon its formation.

**F.  Proposed Compensation**

12.  Milbank intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in*

*Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines"), United States Bankruptcy Court Northern District of California *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* (the "Guidelines for Compensation"), *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (the "Interim Compensation Order") [Docket No. 427], and any additional orders and procedures that may be or have already been established by the Court.

13. Subject to the Court's approval, Milbank will seek to be compensated for its services to the Committee at its standard hourly rates, which are based on each Milbank professional's level of experience, and will be reimbursed for its actual and necessary expenses incurred in connection with the rendering of the legal services described herein, in accordance with the ordinary and customary rates in effect on the date the services are rendered or expenses incurred. At present, the standard hourly rates charged by Milbank range from $1,155 to $1,540 for partners, $1,120 to $1,315 for counsel, $450 to $1,080 for associates and senior attorneys, and $220 to $360 for paralegals. These hourly rates are subject to periodic firm-wide adjustments in the ordinary course of Milbank's business, notice of which adjustments will be provided to the Committee, the Debtors, and the U.S. Trustee.

14. It is the firm's policy to charge its clients for all disbursements and expenses incurred in the rendering of services. These disbursements and expenses include, among other things, costs for telephone and facsimile charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings. Milbank will maintain detailed records of the actual expenses it incurs in connection with rendering legal services to the Committee and for which it will seek reimbursement in accordance with the Local Bankruptcy Rules, the Interim Compensation Order and any other applicable orders or procedures of this Court. Further, Milbank will also seek the reimbursement

of the expenses of Committee members incur in connection with such members' service on the Committee. Milbank will submit such expenses with its monthly fee statements or fee applications, as applicable.

## RELIEF REQUESTED

15. By this Application, the Committee respectfully requests entry of an order authorizing the employment and retention of Milbank as counsel to the Committee effective as of February 12, 2019, pursuant to Bankruptcy Code sections 328(a) and 1103(a) and Bankruptcy Rules 2014, 2016 and 5002.

## BASIS FOR RELIEF

16. Bankruptcy Code section 1103(a) provides that a committee appointed under Bankruptcy Code section 1102 "with the court's approval, . . . may select and authorize the employment . . . of one or more attorneys, accountants, or other agents, to represent or perform services for such committee."

17. Bankruptcy Code section 328(a) provides that professionals employed pursuant to section 1103 may be employed "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingency fee basis."

18. The Committee submits that for all the reasons stated above and in the Kreller Declaration, the retention of Milbank as counsel to the Committee, on the terms set forth herein and in the Kreller Declaration, is warranted and should be approved.

## NOTICE

19. Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Debtors; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General;

(vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002. The Committee respectfully submit that no further notice is required.

20. No previous request for the relief sought herein has been made by the Committee to this or any other Court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**: (i) granting the Application; (ii) authorizing and approving the Committee's retention and employment of Milbank as its counsel, effective as of February 12, 2019; and (iii) granting such other and further relief as the Court may deem proper.

Dated: April 3, 2019

Respectfully submitted,

OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PG&E CORPORATION AND PACIFIC GAS AND ELECTRIC COMPANY

By: /s/ Cynthia Wong
Name: Cynthia Wong
Corporate Finance & Restructuring
Pension Benefit Guaranty Corporation

# EXHIBIT A

**[Proposed] Order**

Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

and

Paul S. Aronzon (SBN 88781)
Gregory A. Bray (SBN 115367)
Thomas R. Kreller (SBN 161922)
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063

*Proposed Counsel for the Official Committee
of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| -and- | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case. No. 19-30088 (DM) | **[PROPOSED] ORDER PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103(a) AND FED. R. BANK. P. 2014 AND 2016 AUTHORIZING THE RETENTION AND EMPLOYMENT OF MILBANK LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF FEBRUARY 12, 2019**<br><br>Date: April 24, 2019<br>Time: 9:30 AM Pacific Time<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

| | |
|---|---|
| 1 | Upon the application (the "<u>Application</u>")[1] of the Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the above-captioned chapter 11 cases for entry of an order authorizing the Committee to retain and employ Milbank LLP ("<u>Milbank</u>") as counsel to the Committee, effective as of February 12, 2019; and the Court having reviewed the Application and the accompanying Declarations of Thomas R. Kreller (the "<u>Kreller Declaration</u>") and of Cynthia Wong (the "<u>Wong Declaration</u>"); and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and the Court having found that: (i) Milbank does not represent any entity having an adverse interest in connection with these chapter 11 cases; (ii) Milbank is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; and (iii) Milbank's hourly rates as set forth in the Kreller Declaration are reasonable; and any objections to the relief requested by the Application having been overruled or withdrawn; and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor, |

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as set forth herein.

2. The Committee is authorized to retain and employ Milbank as counsel, effective as of February 12, 2019, on the terms set forth in the Application and the Kreller Declaration.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

3. Milbank shall use its reasonable best efforts to avoid any duplication of the services to be provided by any of the Committee's other retained professionals.

4. Subject to the Court's approval, Milbank shall be compensated for its services and reimbursed for its reasonable and necessary expenses in accordance with the ordinary and customary rates in effect on the date the services are rendered or expenses incurred. Milbank shall maintain detailed, contemporaneous records of time expended and expenses incurred in connection with rendering legal services to the Committee. For the avoidance of doubt, under no circumstances shall any of the compensation or expense reimbursement obligations approved by the Court be an obligation of, or paid by, the Committee or any of its members.

5. In connection with any increases in Milbank's rates, Milbank shall provide ten (10) business days' notice to the Committee, the Debtors, and the U.S. Trustee prior to filing a fee statement or fee application reflecting an increase in such rates and shall file such notice with the Court. The notice shall set forth the requested rate increases, explain the basis for the requested rate increases, and certify that the Committee has consented to the requested rate increases. The U.S. Trustee shall retain all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6. Milbank shall apply for compensation and reimbursement of expenses in compliance with the Interim Compensation Order, applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court. Milbank shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Revised UST Guidelines. Notwithstanding anything to the contrary herein, Milbank shall be entitled to reimbursement for the actual and reasonable costs of meals and transportation to or from the office for employees

required to work after business hours and during weekends in connection with these chapter 11 cases, subject to approval by the Court.

7. Milbank shall also be entitled to submit with its fee statements or fee applications, as applicable, the expenses of Committee members that are incurred in connection with such Committee members' service on the Committee, which shall be reimbursed by the Debtors' estates in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.

8. The Committee and Milbank are authorized to take all actions each of them deems necessary and appropriate to effectuate the relief granted in this Order.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

** END OF ORDER **