Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

and

Paul S. Aronzon (SBN 88781)
Gregory A. Bray (SBN 115367)
Thomas R. Kreller (SBN 161922)
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone:  (424) 386-4000
Facsimile:  (213) 629-5063

*Proposed Counsel for the Official Committee
of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| -and- | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case. No. 19-30088 (DM)* | **DECLARATION OF CYNTHIA WONG IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AUTHORITY TO RETAIN AND EMPLOY MILBANK LLP AS COUNSEL EFFECTIVE AS OF FEBRUARY 12, 2019**<br>Date: April 24, 2019; Time: 9:30 AM (PT)<br>Place:  United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

Cynthia Wong, under penalty of perjury, declares:

1. I am employed by the Pension Benefit Guaranty Corporation ("PBGC"), a member of the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned cases.

2. I am authorized to make this Declaration in support of the Committee's application (the "Application") for authorization to retain Milbank LLP ("Milbank") as counsel to the Committee pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014, 2016 and 5002.

3. This Declaration is provided pursuant to the Revised UST Guidelines. Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents, and information supplied to me by Milbank.

4. I am informed by Milbank that ¶ D.2. of the Revised UST Guidelines requires that any application for employment of an attorney under 11 U.S.C. § 1103 be accompanied by a verified statement from the client that addresses the following:

(a) The identity and position of the person making the verification. The person ordinarily should be the general counsel of the debtor or another officer responsible for supervising outside counsel and monitoring and controlling legal costs.

(b) The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

(c) The number of firms the client interviewed.

(d) If the billing rates are not comparable to the applicant's billing rates for other nonbankruptcy engagements and to the billing rates of

(e) The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. If the procedures for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in nonbankruptcy cases to supervise outside counsel, explain how and why. In addition, describe any efforts to negotiate rates, including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel.

other comparably skilled professionals, the circumstances warranting the retention of that firm.

**IDENTITY OF DECLARANT**

5. On February 12, 2019, the United States Trustee for the Northern District of California (the "U.S. Trustee") appointed the Committee, which currently consists of the following nine members: (i) BOKF, N.A., as indenture trustee under unsecured bond indentures; (ii) The Davey Tree Expert Company, Davey Tree Surgery Company, and DRG, Inc.; (iii) Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas, as indenture trustee; (iv) G4S Secure Solutions (USA) Inc. and G4S Secure Integration LLC; (v) International Brotherhood of Electrical Workers, Local 1245; (vi) Mizuho Bank, Ltd.; (vii) NextEra Energy, Inc.; (viii) Pension Benefit Guaranty Corporation; and (ix) Roebbelen Contracting, Inc. See Docket No. 409.[1]

6. On February 12, 2019, the Committee duly selected Milbank as counsel to represent it during the pendency of these cases.

7. As the representative of PBGC, a member of the Committee, I was directly involved in the Committee's decision to retain Milbank and actively participated in negotiating the terms of Milbank's employment together with the other members of the Committee.

---

[1] Western Asset Management Company, LLC has resigned from the Committee and was replaced with Mizuho Bank, Ltd.

## STEPS TAKEN TO ENSURE THE COMPARABILITY OF ENGAGEMENT TERMS

8. Milbank has informed the Committee that its rates for bankruptcy representations are comparable to the rates Milbank charges for non-bankruptcy representations, and that Milbank endeavors to set its hourly rates for attorneys and paraprofessionals at levels competitive to those charged by peer firms.

## COMMITTEE'S SELECTION OF COUNSEL

9. Following its formation, the Committee interviewed five law firms to represent the Committee as lead bankruptcy counsel in these cases. After interviewing each of these firms, the Committee found Milbank to be uniquely qualified for the present engagement. As described in the Application and the Kreller Declaration, Milbank maintains a broad-based, international practice and has a long history of representing official committees in large, complex chapter 11 cases. Therefore, it is the Committee's opinion that Milbank's capabilities and expertise will enable it to faithfully execute its responsibilities to the Debtors' unsecured creditors.

## RATE STRUCTURE

10. Milbank has informed the Committee that its hourly rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions. Milbank has advised the Committee that they will inform the Committee in advance of any such adjustments to their existing rate structure. Further, the Committee has been specifically advised by Milbank that, pursuant to ABA Formal Ethics Opinion 11-458, "periodic, incremental increases in a lawyer's regular hourly billing rates are generally permissible if such practice is communicated clearly to and accepted by the client at the commencement of the client-lawyer relationship and any periodic increases are reasonable under the circumstances." The Committee has also been specifically advised by Milbank that, pursuant to ABA Formal Ethics Opinion 11-458, "the client need not agree to pay the modified fee to have the lawyer continue the representation." To the extent Milbank seeks to make any such adjustment to its rate structure, the Committee expressly

reserves the right to reject any such modification to the extent the Committee deems it unreasonable.

**COST SUPERVISION**

11. The Committee recognizes its responsibility to closely monitor Milbank's billing practices to ensure the fees and expenses charged remain consistent with the Committee's expectations and the exigencies of these chapter 11 cases. Accordingly, the Committee will work with Milbank to develop a prospective budget and staffing plan, which the Committee intends to review on an ongoing basis, as necessary. The Committee will also review Milbank's invoices and any applications for payment of fees and reimbursement of expenses that it submits to the Court. In addition, Milbank's fees and expenses will be subject to review, comment, objection (if warranted), and Court approval pursuant to any orders and procedures that may be or have already been established by the Court in these chapter 11 cases.

12. Nothing contained herein is intended to limit Milbank's ability to request allowance and payment of fees and expenses pursuant to 11 U.S.C. §§ 330 and 331, nor to restrict Milbank's right to defend any objection raised to the allowance or payment of such fees, nor to restrict the Committee's right to retain conflicts counsel to prosecute any such fee objection to the extent it is not resolved informally by the parties or raised by another party in interest, such as the U.S. Trustee.

[*Remainder of Page Intentionally Left Blank*]

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on April 1, 2019

By: /s/ Cynthia Wong
Cynthia Wong
Corporate Finance & Restructuring
Pension Benefit Guaranty Corporation