Dennis F. Dunne (*admitted pro hac vice*)
Samuel A. Khalil (*admitted pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

*and*

Paul S. Aronzon (SBN 88781)
Gregory A. Bray (SBN 115367)
Thomas R. Kreller (SBN 161922)
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063

*Proposed Counsel for the Official Committee*
*of Unsecured Creditors*

Milbank LLP
55 Hudson Yards
New York, NY 10001-2163

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>**- and -**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                              **Debtors.** | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered) |
| ☐    Affects PG&E Corporation<br><br>☐    Affects Pacific Gas and Electric Company<br><br>☑    Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | **APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF ORDER APPROVING RETENTION AND EMPLOYMENT OF EPIQ CORPORATE RESTRUCTURING, LLC AS INFORMATION AGENT FOR THE COMMITTEE, *NUNC PRO TUNC* TO FEBRUARY 12, 2019**<br><br>Date:       April 24, 2019<br>Time:      9:30 a.m. (Pacific Time)<br>Place:     United States Bankruptcy Court,<br>             Courtroom 17, 16th Floor<br>             450 Golden Gate Avenue,<br>             San Francisco, CA 94102 |

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") hereby submits this application (the "<u>Application</u>") for entry of an order, authorizing the Committee to retain and employ Epiq Corporate Restructuring, LLC (together with its affiliates and subcontractors, "<u>Epiq</u>") as the Committee's information agent, *nunc pro tunc* to February 12, 2019, pursuant to section 156(c) of title 28 of the United States Code (as amended, the "<u>Judicial Code</u>"), sections 105(a), 1102(b)(3), and 1103(a) of title 11 of the United States Code (as amended, the "<u>Bankruptcy Code</u>"). In support of this Application, the Committee submits the Declaration of Sidney Garabato, Consultant, of Epiq, attached hereto as **Exhibit B** (the "<u>Garabato Declaration</u>").

A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "<u>Proposed Order</u>").

[*Remainder of Page Intentionally Left Blank*]

Milbank LLP
55 Hudson Yards
New York, NY 10001-2163

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "Bankruptcy Local Rules"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are section 156(c) of the Judicial Code and sections 105(a), 1102(b)(3), and 1103(a) of the Bankruptcy Code.

## II. BACKGROUND

On January 29, 2019 (the "Petition Date"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in either of the Chapter 11 Cases. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

On February 12, 2019, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed the Committee. On March 7, 2019, the Committee selected Epiq to serve as its information agent in these chapter 11 cases and, on or around April [1], 2019, executed that certain Epiq Services Agreement (the "Services Agreement"), which is attached hereto as **Exhibit C**.

## III. BASIS FOR RELIEF REQUESTED

The Committee proposes to engage Epiq to provide certain services to the Committee that will assist it in complying with its obligations under sections 1102(b)(3) and 1103 of the Bankruptcy Code. Pursuant to section 1103(a) of the Bankruptcy Code, a creditors' committee "may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee." 11 U.S.C. § 1103(a). Section 156(c) of the

Milbank LLP
55 Hudson Yards
New York, NY 10001-2163

1  Judicial Code empowers the Court to utilize outside agents and facilities for notice and claims

2  purposes, provided that the Debtors' estates pay the cost of such services.

3       As Bankruptcy Rules 2014 and 5002 require, this Application sets forth the following: (a) the

4  specific facts showing the necessity for Epiq's employment; (b) the reasons for the Committee's

5  selection of Epiq as its Information Agent; (c) the services to be provided by Epiq; (d) Epiq's

6  proposed compensation; and (e) to the best of the Committee's and Epiq's knowledge, the extent of

7  Epiq's connections, if any, to certain parties in interest in these chapter 11 cases.

8  **IV.    EPIQ'S QUALIFICATIONS**

9       Epiq is a bankruptcy administrator that specializes in providing comprehensive chapter 11

10 administrative services including noticing, claims processing, balloting, and other related services

11 critical to the effective administration of chapter 11 cases.  Indeed, Epiq has developed efficient and

12 cost-effective methods to properly handle the voluminous mailings associated with noticing

13 procedures in large chapter 11 cases.

14      Epiq has substantial experience in matters of this size and complexity and has acted as an

15 official notice, claims, and balloting agent in many large bankruptcy cases in districts nationwide.

16 See, e.g., In re Aegean Marine Petroleum Network Inc., Case No. 18-13374 (Bankr. S.D.N.Y. Nov.

17 6, 2018); In re 1 Global Capital, LLC, Case No. 18-19121 (Bankr. S.D. Fla. Jul. 27, 2018); In re

18 EXCO Resources, Inc., Case No. 18-30155 (Bankr. S.D. Tex. Jan. 15, 2018); In re GenOn Energy,

19 Inc., Case No. 17-33695 (Bankr. S.D. Tex. Jun. 14, 2017); In re Illinois Power Generating Co., Case

20 No. 16-36326 (Bankr. S.D. Tex. Dec. 9, 2016); In re La Paloma Generating Company, LLC, Case

21 No. 16-12700 (Bankr. D. Del. Dec. 6, 2016); In re CS Mining, LLC, Case No. 16-24818 (Bankr. D.

22 Utah Jun. 2, 2016); In re Ultra Petroleum Corp., Case No. 16-32202 (Bankr. S.D. Tex. Apr. 29, 2016);

23 In re Energy XXI LTD, Case No. 16-31928 (Bankr. S.D. Tex. Apr. 14, 2016); In re Midway Gold

24 US Inc., Case No. 15-16835 (Bankr. D. Colo. Jun. 22, 2015); In re Energy Future Holdings Corp.,

25 No. 14-10979 (Bankr. D. Del. Apr. 29, 2014); In re Casa Grande Regional Medical Center, Case

26 No. 14-01383 (Bankr. D. Ariz. Feb. 4, 2014).

27      Accordingly, Epiq is qualified to assist the Committee in providing creditors with access to

28 information in connection with these chapter 11 cases, including maintaining an informational

Milbank LLP
55 Hudson Yards
New York, NY 10001-2163

website for the Committee, responding or forwarding creditor inquiries regarding these chapter 11 cases and serving court filings for the Committee, as detailed below.

## V. SERVICES TO BE PROVIDED

Epiq's retention will assist the Committee in complying with its obligations under the Bankruptcy Code, add to the effective administration of, and reduce the overall expense of administering, these chapter 11 cases. Specifically, Epiq will establish and maintain a website for the Committee and provide technology and communications-related services. Additionally, Epiq will prepare and serve required notices and pleadings on behalf of the Committee in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Committee and/or the Court, including, if applicable, all notices, orders, pleadings, publications and other documents as the Committee and/or the Court may deem necessary or appropriate. Bankruptcy courts in various jurisdictions have approved the retention of third party service providers to assist official committees of unsecured creditors by providing services similar to those the Committee seeks to have Epiq provide in these cases. See, e.g., In re FirstEnergy Solutions, Inc., Case No. 18-50757 (Bankr. N.D. Ohio Jun. 12, 2018) [Docket No. 727]; In re Toys "R" Us, Inc., Case No. 17-34665 (Bankr. E.D. Va. Dec. 27, 2017) [Docket No. 1375]; In re Westinghouse Electric Co. LLC, Case No. 17-10751 (Bankr. S.D.N.Y. July 18, 2017) [Docket No. 934]; In re Magnum Hunter Resources Corp., Case No. 15-12533 (Bankr. D. Del. Jan. 27, 2016) [Docket No. 404]; In re Energy Future Holdings Corp., Case No. 14-10979 (Bankr. D. Del. Apr. 29, 2014) [Docket No. 3240].

## VI. PROFESSIONAL COMPENSATION

Epiq's rate structure in connection with these chapter 11 cases is set forth in the Services Agreement attached hereto as **Exhibit C**. The Committee proposes that the cost of Epiq's services be paid from the Debtors' estates pursuant to section 156(c) of the Judicial Code. Prior to the selection of Epiq, the Committee conducted a competitive bidding process, and the Committee respectfully submits that Epiq's rates are competitive and comparable to the rates charged by its competitors for similar services.

The Committee respectfully requests that the undisputed fees and expenses incurred by Epiq performing the above services be treated as administrative expenses of the Debtors' estates pursuant

Milbank LLP
55 Hudson Yards
New York, NY 10001-2163

to section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business without further application to or order of the Court. Epiq agrees to maintain records of all services, including the dates, categories of services and the rates and fees charged, and to serve monthly invoices on counsel to the Committee, the Debtors, counsel to the Debtors, the Office of the United States Trustee and any other party in interest who specifically requests service of the monthly invoices. If any dispute arises related to the monthly invoices, the objecting party and Epiq will meet and confer in an attempt to resolve the dispute. If resolution is not achieved, the objecting party and Epiq may seek resolution of the matter from the Court.

The Committee believes employing Epiq on the terms set forth herein and in the Services Agreement is necessary, in the best interests of the creditors and the Debtors' estates and will enable the Committee to carry out its duties under the Bankruptcy Code.

## VII. DISINTERESTEDNESS

To the best of Epiq's knowledge, and except as set forth in the attached Garabato Declaration, Epiq does not represent any other entity having an adverse interest in connection with the Debtors' chapter 11 cases. Epiq may have relationships with certain of the Debtors' creditors as vendors or in connection with other cases in which Epiq serves or has served in a neutral capacity as claims and noticing agent. Should Epiq discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, Epiq will use reasonable efforts to file promptly a supplemental declaration or affidavit.

## VIII. NOTICE

Notice of this Motion will be provided to (i) the Debtors; (ii) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (iii) the Debtors' fifty (50) largest unsecured creditors on a consolidated basis; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facilities; and (xii) those persons who have formally appeared in these Chapter 11 Cases and

1    requested service pursuant to Bankruptcy Rule 2002.  The Committee respectfully submits that no

2    further notice is required.

3         No previous request for the relief sought herein has been made by the Committee to this or

4    any other court.

5

6                     [*Remainder of Page Intentionally Left Blank*]

Milbank LLP
55 Hudson Yards
New York, NY 10001-2163

1

2        WHEREFORE, the Committee respectfully requests entry of an order, substantially in the

3   form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief

4   as is just and proper.

5

6   Dated: April 3, 2019

7                      OFFICIAL COMMITTEE OF UNSECURED
                         CREDITORS OF PG&E CORPORATION

8                      AND PACIFIC GAS AND ELECTRIC
                         COMPANY

9

10                   By:

11                   Cynthia Wong
                   Corporate Finance & Restructuring

12                   Pension Benefit Guaranty Corporation

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Milbank LLP
55 Hudson Yards
New York, NY 10001-2163

1

**Exhibit A**

2

**Proposed Order**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Milbank LLP
55 Hudson Yards
New York, NY 10001-2163

Dennis F. Dunne (*admitted pro hac vice*)
Samuel A. Khalil (*admitted pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

*and*

Paul S. Aronzon (SBN 88781)
Gregory A. Bray (SBN 115367)
Thomas R. Kreller (SBN 161922)
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063

*Proposed Counsel for the Official Committee*
*of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br> - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>**Debtors.** | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered) |
| ☐     Affects PG&E Corporation<br><br>☐     Affects Pacific Gas and Electric Company<br><br>☑     Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | **[PROPOSED] ORDER APPROVING APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF ORDER APPROVING RETENTION AND EMPLOYMENT OF EPIQ CORPORATE RESTRUCTURING, LLC AS INFORMATION AGENT FOR THE COMMITTEE, *NUNC PRO TUNC* TO FEBRUARY 12, 2019**<br><br>Date:   April 24, 2019; Time: 9:30 a.m. (PT)<br>Place:   United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

10

Upon the application (the "<u>Application</u>")[1] of the Official Committee of Unsecured Creditors (the "<u>Committee</u>") for entry of an order authorizing the Committee to retain and employ Epiq Corporate Restructuring, LLC (together with its affiliates and subcontractors, "<u>Epiq</u>") as Information Agent for the Committee *nunc pro tunc* to February 12, 2019, and the Court having reviewed the Application and considered the Declaration of Sidney Garabato (the "<u>Garabato Declaration</u>") in connection with the Application, the Court hereby finds as follows: (a) the Court has jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; (b) consideration of the Application and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue of this matter is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (d) due and proper notice of the Application was provided, and no other or further notice need be provided; (e) the legal and factual bases set forth in the Application and the Declaration establish just cause for the relief granted herein; and (f) Epiq represents no entity having an adverse interest in connection with these cases, as required by section 1103(b) of the Bankruptcy Code. Now, therefore, upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Application is granted as set forth herein, *nunc pro tunc* to February 12, 2019.

2. Pursuant to section 1103(a) of the Bankruptcy Code, the Committee is authorized to employ and retain Epiq as its Information Agent in accordance with the terms and conditions of the Services Agreement.

3. Epiq is authorized to establish and maintain the Committee's website and provide technology and communications-related services.

4. Epiq will prepare and serve required notices and pleadings on behalf of the Committee in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Committee and/or the Court, including, if applicable, all notices, orders, pleadings,

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Application.

Milbank LLP
55 Hudson Yards
New York, NY 10001-2163

1  publications and other documents as the Committee and/or the Court may deem necessary or
2  appropriate.

3         5.   Without further order of the Court, the Debtors are authorized to compensate Epiq in
4  accordance with the terms and conditions of the Services Agreement upon Epiq's submission to the
5  Debtors of invoices summarizing, in reasonable detail, the services rendered and expenses incurred
6  in connection therewith and without the necessity for Epiq to file an application for compensation or
7  reimbursement with the Court.

8         6.   Notwithstanding any term in the Services Agreement to the contrary, no limitation of
9  liability under the Services Agreement shall apply during these chapter 11 cases.

10        7.   Epiq will serve monthly invoices on the Notice Parties (as defined in the *Order*
11 *Pursuant to 11 U.S.C. §§ 331 and 501(a) and Fed. R. Bankr. P. 2016 for Authority to Establish*
12 *Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket
13 No. 701]).

14        8.   The parties shall meet and confer in an attempt to resolve any dispute which may arise
15 relating to the Services Agreement or monthly invoices; <u>provided</u> that the parties may seek resolution
16 of the matter from the Court if resolution is not achieved.

17        9.   Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of
18 Epiq incurred pursuant to the Services Agreement are to be treated as an administrative expense of
19 the Debtors' estates.

20        10. In the event of any inconsistency between the Services Agreement, the Application,
21 and this Order, this Order shall govern.

22        11. The Committee and Epiq are authorized to take all actions necessary to effectuate the
23 relief granted in this Order in accordance with the Application.

24        12. Notwithstanding any term in the Services Agreement to the contrary, this Court retains
25 exclusive jurisdiction with respect to all matters arising from or related to the implementation,
26 interpretation, and enforcement of this Order.

27                          ** END OF ORDER **

28

**Exhibit B**

**Garabato Declaration**

1   Dennis F. Dunne (*admitted pro hac vice*)
    Samuel A. Khalil (*admitted pro hac vice*)
2   MILBANK LLP
    55 Hudson Yards
3   New York, New York 10001-2163
    Telephone: (212) 530-5000
4   Facsimile: (212) 530-5219

5   *and*

6
    Paul S. Aronzon (SBN 88781)
7   Gregory A. Bray (SBN 115367)
    Thomas R. Kreller (SBN 161922)
8   MILBANK LLP
    2029 Century Park East, 33rd Floor
9   Los Angeles, CA 90067
    Telephone:  (424) 386-4000
10  Facsimile:  (213) 629-5063

11
    *Proposed Counsel for the Official Committee*
12  *of Unsecured Creditors*

13              **UNITED STATES BANKRUPTCY COURT**
14              **NORTHERN DISTRICT OF CALIFORNIA**
                **SAN FRANCISCO DIVISION**
15

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | |
| - and - | Chapter 11 (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | |
| **Debtors.** | **DECLARATION OF SIDNEY GARABATO IN SUPPORT OF APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF ORDER APPROVING RETENTION AND EMPLOYMENT OF EPIQ CORPORATE RESTRUCTURING, LLC AS INFORMATION AGENT FOR THE COMMITTEE, *NUNC PRO TUNC* TO FEBRUARY 12, 2019** |
| Affects PG&E Corporation | |
| Affects Pacific Gas and Electric Company | |
| ☑ Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Date:   April 24, 2019; Time: 9:30 a.m. (PT) Place:  United States Bankruptcy Court Courtroom 17, 16th Floor 450 Golden Gate Avenue San Francisco, CA 94102 |

Milbank LLP
55 Hudson Yards
New York, NY 10001-2163

Milbank LLP
55 Hudson Yards
New York, NY 10001-2163

## DECLARATION OF SIDNEY GARABATO

I, Sidney Garabato, hereby declare:

1.      I am a Consultant at Epiq Corporate Restructuring, LLC (together with its affiliates, "Epiq").

2.      I submit this Declaration in support of the application of the Official Committee of Unsecured Creditors (the "Committee") to retain and employ Epiq as Information Agent for the Committee, *nunc pro tunc* to February 12, 2019.  Except as otherwise noted, I have personal knowledge of or have relied upon the knowledge of others employed by Epiq with respect to the matters set forth herein.  If called to testify, I could and would testify competently to the facts set forth herein.

3.      Epiq is a bankruptcy administrator that specializes in providing comprehensive chapter 11 administrative services including noticing, claims processing, balloting, and other related services critical to the effective administration of chapter 11 cases.  Indeed, Epiq has developed efficient and cost-effective methods to properly handle the voluminous mailings associated with noticing procedures in large chapter 11 cases.

4.      Epiq has substantial experience in matters of this size and complexity and has acted as the official notice, claims, and balloting agent in many large bankruptcy cases in districts nationwide.  See, e.g., In re Aegean Marine Petroleum Network Inc., Case No. 18-13374 (Bankr. S.D.N.Y. Nov. 6, 2018); In re 1 Global Capital, LLC, Case No. 18-19121 (Bankr. S.D. Fla. Jul. 27, 2018); In re EXCO Resources, Inc., Case No. 18-30155 (Bankr. S.D. Tex. Jan. 15, 2018); In re GenOn Energy, Inc., Case No. 17-33695 (Bankr. S.D. Tex. Jun. 14, 2017); In re Illinois Power Generating Co., Case No. 16-36326 (Bankr. S.D. Tex. Dec. 9, 2016); In re La Paloma Generating Company, LLC, Case No. 16-12700 (Bankr. D. Del. Dec. 6, 2016); In re CS Mining, LLC, Case No. 16-24818 (Bankr. D. Utah Jun. 2, 2016); In re Ultra Petroleum Corp., Case No. 16-32202 (Bankr. S.D. Tex. Apr. 29, 2016); In re Energy XXI LTD, Case No. 16-31928 (Bankr. S.D. Tex. Apr. 14, 2016); In re Midway Gold US Inc., Case No. 15-16835 (Bankr. D. Colo. Jun. 22, 2015); In re Energy Future Holdings Corp., Case No. 14-10979 (Bankr. D. Del. Apr. 29, 2014); In re Casa Grande Regional Medical Center, Case No. 14-01383 (Bankr. D. Ariz. Feb. 4, 2014).

Milbank LLP
55 Hudson Yards
New York, NY 10001-2163

5.      As Information Agent pursuant to 28 U.S.C. § 156(c), Epiq will establish and maintain a website for the Committee, provide technology and communications-related services and prepare and serve required notices and pleadings on behalf of the Committee in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Committee and/or the Court.

6.      Epiq has conducted a conflicts analysis and, to the best of its knowledge, Epiq does not represent any entity having an interest adverse in connection with these cases.  I caused to be submitted for review by our conflicts system the names of all known potential parties in interest (the "Potential Parties in Interest") in these chapter 11 cases.  The list of Potential Parties in Interest was provided by the Debtors and included, among other parties, the Debtors, directors and officers of the Debtors secured creditors, lenders, the Debtors' 50 largest unsecured creditors on a consolidated basis, contract counterparties, landlords, vendors, utilities, governmental authorities, the United States Trustee and persons employed in the office of the United States Trustee, United States Bankruptcy Judges and District Judges for the Northern District of California, and the Clerk of the Bankruptcy Court for the Northern District of California.  The results of the conflict check were compiled and reviewed by Epiq professionals under my supervision.  At this time, and as set forth in further detail herein, Epiq is not aware of any connection that would present a disqualifying conflict of interest.

7.      Epiq may have relationships with certain of the Debtors' creditors as vendors or in connection with cases in which Epiq serves or has served in a neutral capacity as claims and noticing agent for another chapter 11 case or as a class action settlement administrator.  To the best of my knowledge, such relationships are materially unrelated to these chapter 11 cases.

8.      In addition, Epiq personnel may have relationships with some of the Debtors' creditors or other parties in interest.  However, to the best of my knowledge, such relationship, to the extent they exist, are of a personal financial nature and completely unrelated to these chapter 11 cases.  Epiq has and will continue to represent customers in matters materially unrelated to these chapter 11 cases.  In addition, Epiq has had and will continue to have relationships in the ordinary course of its business

1    with certain vendors, professionals, and other parties in interest that may be involved in the Debtors'

2    cases in matters unrelated to this case.

3         9.      Should Epiq discover any new relevant facts or relationships bearing on the matters

4    described herein during the period of its retention, Epiq will use reasonable efforts to file promptly a

5    supplemental affidavit.

6         I declare under penalty of perjury that the foregoing is true and correct.

7         Dated: April 1, 2019

8

9

10        Sidney Garabato

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Milbank LLP
55 Hudson Yards
New York, NY 10001-2163

**<u>Exhibit C</u>**

**Services Agreement**

# EPIQ CORPORATE RESTRUCTURING

## STANDARD SERVICES AGREEMENT

This Standard Services Agreement is being entered into by and between Epiq Corporate Restructuring, LLC ("Epiq") and The Official Committee of Unsecured Creditors of the Pacific Gas & Electric Company., et.al. (the "Client") appointed in the jointly administered Chapter 11 cases of Pacific Gas & Electric Company and the other debtors and debtors in possession (collectively, the "Debtors") pending in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"), Case No. 19-30088, filed as of January 29, 2019.

In consideration of the premises herein contained and of other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

## General Terms and Conditions

**1. Services.**

In accordance with the charges, terms and conditions contained in this agreement and in the schedule(s) attached hereto (collectively, the "Agreement"), Epiq agrees to furnish Client with the services set forth on the Services Schedule attached hereto (the "Services") in connection with a corporate restructuring. Services will be provided on an as needed basis and upon request or agreement of Client. Charges for the Services will be based on the pricing schedule attached hereto (the "Pricing Schedule"). The Pricing Schedule sets forth individual unit pricing for each of the Services provided by Epiq and represents a bona fide proposal for each such Service. Client may request separate Services or all of the Services reflected in the Pricing Schedule.

**2. Term.**

This Agreement shall become effective on the date of its acceptance by both Epiq and Client; provided, however, Epiq acknowledges that Bankruptcy Court approval of its engagement may be required in order for Epiq to be engaged in a chapter 11 proceeding. The Agreement shall remain in effect until terminated: (a) by Client, on thirty (30) days' prior written notice to Epiq; (b) by Epiq, on ninety (90) days' prior written notice to Client; or (c) automatically upon dissolution of the Client.

**3. Charges.**

3.1 For the Services and materials furnished by Epiq under this Agreement, the Client shall request payment by the Debtor of the fees, charges and costs set forth in the Pricing Schedule. Epiq will provide an invoice to the Debtors with a copy to the Client monthly. All invoices shall be due and payable by the Debtors' estates upon receipt.

1



3.2  Epiq reserves the right to make reasonable increases to the unit prices, charges and professional service rates reflected in the Pricing Schedule on an annual basis effective January 2, 2020. If such annual increases exceed 10% from the prior year's level, Epiq shall provide sixty (60) days' prior written notice to the Client and the Debtor of such proposed increases.

3.3  Client agrees to request payment by the Debtors' estates for all materials necessary for performance by Epiq of the Services under this Agreement (other than computer hardware and software) and any reasonable out of pocket expenses including, without limitation, transportation, long distance communications, printing, photocopying, fax, postage and related items.

3.4  Client shall request payment or reimbursement by the Debtors' estates of all taxes applicable to services performed under this Agreement and, specifically, taxes based on disbursements made on behalf of Client, notwithstanding how such taxes may be designated, levied or based. This provision is intended to include sales, use and excise taxes, among other taxes, but is not intended to include personal property taxes or taxes based on net income of Epiq.

3.5  Client shall request payment by the Debtors' estates to Epiq any actual charges (including fees, costs and expenses as set forth in the Pricing Schedule) related to, arising out of or resulting from any Client error or omission. Such charges may include, without limitation, print or copy re-runs, supplies, long distance phone calls, travel expenses and overtime expenses for work chargeable at the rates set forth on the Pricing Schedule.

3.6  In the event of termination pursuant to Section 2 hereof, the Debtors' estates shall be liable for all amounts then accrued and/or due and owing to Epiq under the Agreement.

3.7  In no event shall the Client, any member of or professional for the Client be liable in any capacity for any of Epiq's fees, expenses, costs, damages, indemnity or other liabilities in connection with this engagement.


**4.  Confidentiality.**

Client data provided to Epiq during the term of this Agreement in connection with the Services ("Client Data") shall be maintained confidentially by Epiq in the same manner and to the same level as Epiq safeguards data relating to its own business; provided, however, that if Client Data is publicly available, was already in Epiq's possession or known to it, was required to be disclosed by law, was independently developed by Epiq without use or reference to any Client Data, or was rightfully obtained by Epiq from a third party, Epiq shall bear no responsibility for public disclosure of such data. Client agrees that Epiq shall not be liable for damages or losses of any nature whatsoever arising out of the unauthorized acquisition or use of any Client Data or other Client materials provided to Epiq in the performance of this Agreement.

2



**5. Title to Property.**

Epiq reserves all property rights in and to all materials, concepts, creations, inventions, works of authorship, improvements, designs, innovations, ideas, discoveries, know-how, techniques, programs, systems and other information, including, without limitation, data processing programs, specifications, applications, processes, routines, sub-routines, procedural manuals and documentation furnished or developed by Epiq for itself or for use by the Client (collectively, the "Property"). Charges paid by the Debtors' estates do not vest in Client or the Debtor any rights to the Property, it being expressly understood that the Property is made available to Client under this Agreement solely for Client's use during and in connection with each use of the Epiq equipment and services. Client agrees not to copy or permit others to copy any of the Property.

**6. Disposition of Data.**

6.1   Client is responsible for the accuracy of the programs and Client Data it provides or gives access to Epiq and for the output resulting from such data. Client shall initiate and maintain backup files that would allow Client to regenerate or duplicate all programs and Client Data which Client provides or gives access to Epiq. Client agrees, represents and warrants to Epiq that, prior to delivery of any Client Data to Epiq, it has full authority to deliver the Client Data to Epiq. Client has obtained binding consents, permits, licenses and approvals from all necessary persons, authorities or individuals, and has complied with all applicable policies, regulations and laws, required by Client, in order to allow Epiq to use all Client Data delivered to it in connection with its Services. Epiq shall not be liable for with respect to Client Data prior to Epiq's receipt, including without limitation, any liability arising during the delivery of Client Data to Epiq.

6.2   Any Client Data, programs, storage media or other materials furnished by the Client to Epiq in connection with this Agreement (collectively, the "Client Materials") may be retained by Epiq until the services provided pursuant to this Agreement are paid for, or until this Agreement is terminated with the services provided herein having been paid for in full. The Debtors' estates shall remain liable for all out of pocket charges incurred by Epiq under this Agreement as a result of any Client Materials maintained by Epiq. Epiq shall dispose of Client Materials in the manner requested by Client (except to the extent disposal may be prohibited by law). Client agrees to request payment by the Debtors' estates of reasonable expenses incurred by Epiq as a result of the disposition of the Client Materials. Epiq reserves the right to dispose of any Client Materials if this Agreement is terminated without Client's direction as to the return or disposal of Client Material or Client has not paid all charges due to Epiq for a period of at least ninety (90) days; provided, however, Epiq shall provide Client with thirty (30) days' prior written notice if it intends to dispose of such data and media.

**7. Indemnification.**

The Debtors shall indemnify, defend and hold Epiq, its affiliates, parent, and each such entity's officers, members, directors, agents, representatives, managers, consultants and employees (each an "Indemnified Person") harmless from and against any and all losses, claims, damages, liabilities, costs (including,

3



without limitation, costs of preparation and attorneys' fees) and expenses as incurred (collectively, "Losses"), to which any Indemnified Person may become subject or involved in any capacity arising out of or relating to this Agreement or Epiq's rendering of services pursuant hereto, regardless of whether any of such Indemnified Persons is a party thereto, other than Losses resulting solely from Epiq's gross negligence or willful misconduct. Without limiting the generality of the foregoing, "Losses" includes any liabilities resulting from claims by third persons against any Indemnified Person. Client, Debtors and Epiq shall notify each other party in writing promptly of the commencement, institution, threat, or assertion of any claim, action or proceeding of which such party is aware with respect to the services provided by Epiq under this Agreement. All requests of Epiq for payment of indemnity pursuant to this Agreement shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Bankruptcy Court to ensure that payment of such indemnity conforms to the terms of this Agreement and is reasonable based on the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall Epiq be indemnified in the case of its own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct or fraud.

## 8.  Limitation of Liability

NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THIS AGREEMENT, THIS SECTION SHALL CONTROL.

(a) EACH PARTY AND ITS RESPECTIVE AGENTS SHALL NOT HAVE ANY OBLIGATION OR LIABILITY TO THE OTHER PARTY OR TO ANY THIRD PARTY (WHETHER IN TORT, EQUITY, CONTRACT, WARRANTY OR OTHERWISE AND NOTWITHSTANDING ANY FAULT, NEGLIGENCE, PRODUCT LIABILITY, OR STRICT LIABILITY IN ACCORDANCE WITH APPLICABLE LAW, RULE OR REGULATION) FOR ANY INDIRECT, GENERAL, PUNITIVE, INCIDENTAL, SPECIAL, OR CONSEQUENTIAL DAMAGES, INCLUDING BUT NOT LIMITED TO BUSINESS INTERRUPTION, LOST WAGES, BUSINESS OR PROFITS, OR LOSS OF DATA INCURRED BY CLIENT OR ANY OTHER PERSON, ARISING OUT OF RELATING TO THIS AGREEMENT, OR ANY USE, INABILITY TO USE OR RESULTS OF USE OF THE SERVICES OR SOFTWARE OR OTHERWISE, EVEN IF SUCH PARTY WAS ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

(b) EPIQ SHALL NOT BE LIABLE TO CLIENT FOR ANY LOSSES REGARDLESS OF THEIR NATURE THAT ARE CAUSED BY OR RELATED TO A FORCE MAJEURE EVENT.

(c) THE TOTAL LIABILITY OF EACH PARTY AND ITS AGENTS TO THE OTHER PARTY OR TO ANY THIRD PARTY FOR ALL LOSSES ARISING OUT OF OR RELATING TO THIS AGREEMENT, OR THE SERVICES SHALL NOT EXCEED THE TOTAL AMOUNT PAID BY THE CLIENT TO EPIQ FOR THE PARTICULAR SERVICES WHICH GAVE RISE TO THE LOSSES IN THE IMMEDIATE SIX (6) MONTHS PRIOR TO THE DATE OF THE ACTION GIVING RISE TO THE ALLEGED LOSS.

4



**9. Representations / Warranties.**

Epiq makes no representations or warranties, express or implied, including, without limitation, any implied or express warranty of merchantability, suitability, fitness or adequacy for a particular purpose or use, quality, productiveness or capacity.

**10. Confidential On-Line Workspace**

Upon request of Client, Epiq shall be authorized to: (a) establish a confidential on-line workspace with an outside vendor in connection with the provision of its Services to Client pursuant to this Agreement; and (b) with the consent of Client and/or its designees, publish documents and other information to such confidential workspace. By publishing documents and other information to this confidential workspace in accordance with the foregoing, Epiq shall not be considered in violation of any of the provisions of this Agreement, including, but not limited to, Section 4 (Confidentiality).

**11. General**

11.1 No waiver, alteration, amendment or modification of any of the provisions of this Agreement shall be binding upon either party unless signed in writing by a duly authorized representative of both parties.

11.2 This Agreement may not be assigned by Client without the express written consent of Epiq, which consent shall not be unreasonably withheld. The services provided under this Agreement are for the sole benefit and use of Client, and shall not be made available to any other persons.

11.3 This Agreement shall be governed by the laws of the State of New York, without regard to that state's provisions for choice of law. Client and Epiq agree that any controversy or claim arising out of or relating to this Agreement or the alleged breach shall be heard and determined by the Bankruptcy Court or any court having appellate jurisdiction over the Bankruptcy Court. If the Bankruptcy Court declines to assert jurisdiction over such proceedings or if the reference is withdrawn to the United States District Court, then such proceedings shall be heard and determined in any New York state or federal court of competent jurisdiction sitting in the city and county of New York, to whose jurisdiction Client and Epiq irrevocably submit.

11.4 The parties hereto agree that this Agreement is the complete and exclusive statement of the agreement between the parties which supersedes all proposals or prior agreements, oral or written, and all other communications between the parties relating to the subject matter of this Agreement.

11.5 Client will use its best efforts to cooperate with Epiq at Client's facilities if any portion of the Services requires its physical presence thereon.

11.6 In no event shall Epiq's Services constitute or contain legal advice or opinion, and neither Epiq nor its personnel shall be deemed to practice law hereunder.

5



11.7 Neither party shall be in default or otherwise liable for any delay in or failure of its performance under this Agreement to the extent such delay or failure arises by reason of any act of God, any governmental requirement, act of terrorism, riots, epidemics, flood, strike, lock-out, industrial or transportational disturbance, fire, lack of materials, war, event of force majeure, or other acts beyond the reasonable control of a performing party.

11.8 This Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same agreement.

11.9 All clauses and covenants in this Agreement are severable; in the event any or part of them are held invalid or unenforceable by any court, such clauses or covenants shall be valid and enforced to the fullest extent available, and this Agreement will be interpreted as if such invalid or unenforceable clauses or covenants were not contained herein. The parties are independent contractors and, except as expressly stated herein, neither party shall have any rights, power or authority to act or create an obligation on behalf of the other party.



11.10 Notices to be given or submitted by either party to the other, pursuant to this Agreement, shall be sufficiently given or made if given or made in writing and sent by hand delivery, overnight or certified mail, postage prepaid, and addressed as follows:

<u>If to Epiq Systems</u>:

Epiq Corporate Restructuring, LLC
777 Third Avenue, 12th Floor
New York, New York 10017
Attn: Robert A. Hopen

<u>If to Client</u>:

Official Committee of Unsecured Creditors of Pacific Gas & Electric Company., et.al.
Milbank LLP
55 Hudson Yards
New York, NY 10001-2163
Attn: Craig M. Price, Esq.
Matthew R. Koch, Esq.
Parker J. Milender, Esq.

<u>If to Debtors</u>:

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY   10153
Attn: Stephen Karotkin, Esq.

11.11 Invoices should be delivered to the Debtors, with a copy to the Client:

<u>If to Debtors</u>:

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY   10153
Attn: Stephen Karotkin, Esq.
Email: stephen.karotkin@weil.com

Official Committee of Unsecured Creditors of Pacific Gas & Electric Company., et.al.
Milbank LLP
55 Hudson Yards
New York, NY 10001-2163
Attn: Craig M. Price, Esq.
Matthew R. Koch, Esq.
Parker J. Milender, Esq.

Email:          CPrice@milbank.com;

7



MKoch@milbank.com
PMilender@milbank.com

11.12 The "Effective Date" of this Agreement is March 7, 2019.

8



IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

**EPIQ CORPORATE RESTRUCTURING, LLC**

Name: Robert A. Hopen
Title:  President

**PENSION BENEFIT GUARANTY CORPORATION**
Member of the Committee

By
Name: Cynthia Wong
     Corporate Finance & Restructuring

9



# SERVICES SCHEDULE

## WEBSITE SERVICES

➢ Create and maintain a website with general case information provided by the Committee, key documents, claim search function, a mirror of ECF case docket, and other case information as requested by Client.

➢ Website will also contain links to the Debtors' claims agent's website, the Debtors' corporate website, the Bankruptcy Court for the Northern District of California and the Office of the United States Trustee.

➢ Provide email functionality whereby viewers may send email inquiries to the Committee to a designated email address.

## NOTICING

➢ Prepare and serve required notices in accordance with case management or other relevant procedures.

➢ After service of a particular notice - whether by regular mail, overnight or hand delivery, email or facsimile service - file with the Clerk's office an affidavit of service that includes a copy of the notice involved, a list of persons to whom the notice was mailed and the date and manner of mailing.

➢ Update noticing database to reflect undeliverable or changed addresses.

➢ Coordinate publication of notices in periodicals and other media.

## MISCELLANEOUS

➢ Provide such other noticing and related administrative services as may be requested from time to time.

➢ Promptly comply with such further conditions and requirements as the Court may at any time prescribe.

➢ Comply with applicable federal, state, municipal, and local statutes, ordinances, rules, regulations, orders and other requirements.

10



# EPIQ SYSTEMS PRICING SCHEDULE

## PROFESSIONAL SERVICES

| Title | Rates |
|---|---|
| Clerical/Administrative Support | $20.00 – $36.00 |
| IT / Programming | $52.00 – $68.00 |
| Case Managers | $56.00 – $132.00 |
| Consultants/ Directors/Vice Presidents | $128.00 – $152.00 |

## NOTICING RATES[1]

| | |
|---|---|
| Printing | $0.10 per image |
| Personalization / Labels | WAIVED |
| Envelopes | VARIES BY SIZE |
| Postage / Overnight Delivery | AT COST AT PREFFERED RATES |
| E-Mail Noticing | WAIVED |
| Fax Noticing | $0.05 per page |
| Claim Acknowledgement Letter | $0.05 per letter |
| Publication Noticing | Quoted at time of request |

## DATA MANAGEMENT RATES

| | |
|---|---|
| Data Storage, Maintenance and Security | $0.09 per record/month |
| Electronic Imaging | $0.10 per image; no monthly storage charge |
| Website Hosting Fee | $100 per month |
| CD- ROM (Mass Document Storage) | $5.00 per CD |

---

[1] Noticing via overnight delivery after traditional overnight drop-off times (e.g., 9:00 p.m. in NYC) may result in additional print charges.

Case: 19-30088   Doc# 1214   Filed: 04/03/19   Entered: 04/03/19 18:04:25   Page 29 of 29