Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

and

Paul S. Aronzon (SBN 88781)
Gregory A. Bray (SBN 115367)
Thomas R. Kreller (SBN 161922)
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063

*Proposed Counsel for the Official Committee
of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>   - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>   Debtors and Debtors in Possession.<br><br>☐  Affects PG&E Corporation<br>☐  Affects Pacific Gas and Electric Company<br>☒  Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM) (Lead Case)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER (I) CLARIFYING CERTAIN BANKRUPTCY CODE REQUIREMENTS AND (II) APPROVING PROTOCOL FOR PROVIDING ACCESS TO INFORMATION TO UNSECURED CREDITORS, *NUNC PRO TUNC* TO FEBRUARY 12, 2019**<br><br>Date:    April 24, 2019<br>Time:   9:30 a.m. (Pacific Time)<br>Place:   United States Bankruptcy Court<br>         Courtroom 17, 16th Floor<br>         450 Golden Gate Avenue,<br>         San Francisco, CA 94102 |

The Official Committee of Unsecured Creditors (the "Committee") in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby submits this Motion (the "Motion") for entry of an order, *nunc pro tunc* to February 12, 2019, pursuant to sections 105(a), 107(b), 1102(b)(3), and 1103(c) of title 11 the United States Code, 11 U.S.C §§ 101, et seq. (as amended, the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules") that, among other things: (i) clarifies the Committee's statutory disclosure obligations to the Debtors' unsecured creditors; and (ii) approves the Creditor Information Protocol (as defined below).

A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "Proposed Order").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "Bankruptcy Local Rules"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "Petition Date"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

On February 12, 2019 (the "Formation Date"), pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed the Committee.[1]

Section 1102 of the Bankruptcy Code requires the dissemination of information to creditors holding unsecured claims but who are not appointed to the creditors' committee. Pursuant to section 1102(b)(3) of the Bankruptcy Code, the Committee must "provide access to information for creditors who—(i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee." 11 U.S.C. §1102(b)(3)(A). However, section 1102(b)(3) neither indicates how the Committee should comply with this disclosure obligation, nor specifies the nature, scope or extent of information it must provide to the Debtors' unsecured creditors.

---

[1] The Committee currently consists of: (i) BOKF, N.A., as indenture trustee under unsecured bond indentures; (ii) The Davey Tree Expert Company, Davey Tree Surgery Company, and DRG, Inc.; (iii) Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas, as indenture trustee; (iv) G4S Secure Solutions (USA) Inc. and G4S Secure Integration LLC; (v) International Brotherhood of Electrical Workers, Local 1245; (vi) Mizuho Bank, Ltd. (vii) NextEra Energy, Inc.; (viii) Pension Benefit Guaranty Corporation; and (ix) Roebbelen Contracting, Inc.

Milbank LLP
55 Hudson Yards
New York, NY 10001-2163

Moreover, among the Committee's primary statutory duties under section 1103(c) of the Bankruptcy Code are investigating "the acts, conduct, assets, liabilities, and financial information of the [Debtors], the operation of the [Debtors'] business and the desirability of the continuance of such business," and "participat[ing] in the formulation of a plan." 11 U.S.C. §§ 1103(c)(2) and (3). To properly perform these duties, the Committee must have access to the Debtors' proprietary information, which it will only be able to obtain under strict confidentiality arrangements. However, section 1102(b)(3) provides no guidance regarding the extent to which the Committee is obligated to provide confidential, proprietary or material non-public information to its constituency. Thus, the lack of clarity in section 1102(b)(3) of the Bankruptcy Code raises significant issues regarding the interplay between the Committee's disclosure obligations and its commitments regarding information that may be confidential or privileged.

### III. RELIEF REQUESTED

Accordingly, the Committee seeks entry, *nunc pro tunc* to the Formation Date, of an order substantially in the form attached hereto as **Exhibit A**: (i) finding that, by implementing and complying with the Creditor Information Protocol (as defined below), the Committee, its members and, in each case, their respective agents, representatives, affiliates, partners, employees, counsel, and financial and other advisors (collectively, the "Committee Parties") will be in compliance with section 1102(b)(3) of the Bankruptcy Code; and (ii) confirming that section 1102(b)(3)(A) of the Bankruptcy Code does not authorize or require the Committee (except as set forth in the Creditor Information Protocol) to provide access for any entity (as such term is defined in section 101(15) of the Bankruptcy Code) to: (a) any confidential, proprietary, and/or other non-public information (whether oral or written and in any electronic or physical medium) received or held by the Committee Parties concerning the Debtors, these chapter 11 cases, the Committee, any other matter related or relevant to these chapter 11 cases, the formulation of one or more chapter 11 plans, or any adversary proceeding, contested matter or other litigation in these chapter 11 cases, whether provided (voluntarily or involuntarily) by or on behalf of the Debtors or by any third party or prepared by or for the Committee (the "Confidential Information"), or (b) any other information if the effect of disclosure would constitute a general or subject matter waiver

**Milbank LLP**
55 Hudson Yards
New York, NY 10001-2163

of the attorney-client, work-product, or any other privilege possessed by the Committee (the "Privileged Information" and, together with the Confidential Information, the "Relevant Information").

IV. **PROCEDURES FOR IMPLEMENTATION OF 11 U.S.C. § 1102(b)**

To balance the need to maintain the confidentiality of the Relevant Information with unsecured creditors' right to receive information regarding these chapter 11 cases, the Committee proposes to establish the following protocol (the "Creditor Information Protocol"):

A. The Committee will, until the earliest to occur of dissolution of the Committee, dismissal or conversion of these chapter 11 cases, and a further order of the Court, establish and maintain an internet-accessed website (the "Committee Website") that provides, without limitation:

i. general information concerning the Debtors, including, case docket, access to docket filings, and general information concerning significant parties in these cases;

ii. contact information for the Debtors (and any information hotlines that may be established), the Debtors' counsel and the Committee's counsel;

iii. the date by which unsecured creditors must file their proofs of claim;

iv. the voting deadline with respect to any chapter 11 plan filed in these cases;

v. a calendar with upcoming significant events in these cases;

vi. access to the claims docket as and when established by the claims and noticing agent retained by the Debtors in these cases;

vii. the Debtors' monthly operating reports;

viii. a general overview of the chapter 11 process;

ix. press releases (if any) issued by the Committee or any of the Debtors;

x. a forum to submit questions, comments and requests for access to information;

xi. responses to questions, comments and requests for access to information; provided, that the Committee, in the exercise of its reasonable discretion, may provide such responses privately; and

xii. links to other relevant websites (e.g., the Debtors' corporate website, the website maintained by Prime Clerk LLC on behalf of the Debtors, and the website of the U.S. Trustee Office).

B. The Committee will also establish and maintain an electronic mail address for creditors to submit questions and comments.[2]

---

[2] Contemporaneously with filing this Motion, the Committee has filed an application seeking to retain Epiq Corporate Restructuring LLC (together with its affiliates and subcontractors, "Epiq"), for maintaining the

## V. ARGUMENT

As discussed above, section 1102(b)(3) of the Bankruptcy Code, while creating disclosure obligations for the Committee, neither indicates how the Committee should comply with such obligations, nor specifies the nature, scope or extent of the information the Committee must disclose to the creditors it represents. The legislative history of section 1102(b)(3) of the Bankruptcy Code does not provide any further guidance and merely reiterates the statutory text. See H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 87 (2005) ("[Section 1102(b)(3),] requires the committee to give creditors having claims of the kind represented by the committee access to information. In addition, the committee must solicit and receive comments from these creditors and, pursuant to court order, make additional reports and disclosures available to them."). This lack of clarity raises significant issues for the Committee regarding compliance with its statutory duties, while also honoring its commitment to protect the Relevant Information.

The Committee respectfully submits that section 1102(b)(3) of the Bankruptcy Code is unclear and ambiguous. See In re Refco Inc., 336 B.R. 187, 190 (Bankr. S.D.N.Y. 2006). The statute simply requires a creditors' committee "to provide access to information," yet sets forth no guidelines as to the type, kind or extent of the information to be provided. Indeed, section 1102(b)(3) of the Bankruptcy Code could be read as requiring the Committee to provide access to all information provided to it by the Debtors, or developed through exercise of its investigative function, including the Relevant Information. This overly broad reading of section 1102(b)(3) (i) might require the disclosure of all information requested by the Committee's constituency, irrespective of applicable state and federal securities laws, as well as non-disclosure obligations (see Refco, 336 B.R. at 190 (stating that such reading arguably "impose[s] an obligation contrary to other applicable laws and the Committee's fiduciary duties and hamper[s] the Committee's performance under section 1103 of the Bankruptcy Code."), and (ii) impact the attorney-client privilege and work-product privileges between the Committee and its counsel or other agents. See Refco, 336 B.R. at 197 (noting that "one should proceed cautiously concerning the disclosure

---

Committee Website and providing other services to the Committee. *See Application of Official Committee of Unsecured Creditors for Entry of Order Approving Retention and Employment of Epiq Corporate Restructuring LLC as Information Agent for the Committee, Nunc Pro Tunc to February 12, 2019.*

of information that could reasonably have the effect of waiving the attorney-client or other privilege . . . notwithstanding Bankruptcy Code section 1102(b)(3).") (citing Marcus v. Parker (In re Subpoena Duces Tecum), 978 F.2d 1159, 1161 (9th Cir. 1992)). See also In re Baldwin-United Corp., 38 B.R. 802, 805 (Bankr. S.D. Ohio 1984) (creditors' committee entitled to protection of attorney-client privilege).

Without clarification by the Court, the Committee may be hampered in its efforts to fulfill its statutory duties in these cases because the Debtors may be hesitant to share Confidential Information—precisely the information the Committee requires and typically receives to carry out its fiduciary obligations—for fear that the shared information may be disseminated to the members of the public. Moreover, without Court intervention, the Committee may be deterred from conducting its own independent investigations out of concern that its findings may be disseminated to inappropriate parties. These concerns could impede the Committee's efforts to maximize value ultimately available to unsecured creditors.

The Bankruptcy Code also requires a creditors' committee to "solicit and receive comments" from unsecured creditors (11 U.S.C. § 1102(b)(3)(B)), but does not establish acceptable methods for fulfilling such obligation. Because the cost associated with this requirement will ultimately be borne by the Debtors' estates, the Committee submits that its proposal to invite unsecured creditors to comment on matters related to these chapter 11 cases on the Committee Website and make an electronic mail address available to them provides a cost-effective and efficient method for the Committee to satisfy its obligation under section 1102(b)(3)(B) of the Bankruptcy Code.

The Court is empowered, under sections 107(b)(1) and 105 of the Bankruptcy Code, to address these concerns and clarify the Committee's disclosure obligations. Under section 107(b)(1) of the Bankruptcy Code, "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1).[3] The application of this section is mandatory for the types of information specified therein,

---

[3] Section 107(b)(1) of the Bankruptcy Code is further supported by Bankruptcy Rule 9018, which states, in relevant part, that "on motion or on its own initiative, with or without notice, the court may make any order which justice requires to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." FED. R. BANKR. P. 9018.

Milbank LLP
55 Hudson Yards
New York, NY 10001-2163

including, without limitation, trade secrets or confidential research, development or commercial information. See Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994) ("[I]f the information fits any of the specified categories, the court is *required* to protect a requesting interested party and has no discretion to deny the application"). As a result, under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Court is empowered to protect parties by restricting the dissemination of the Relevant Information.

Further, under section 105(a) of the Bankruptcy Code, the Court may "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Committee believes that the relief requested herein is necessary for the Committee to fulfill its statutory duties as contemplated by section 1103(c) of the Bankruptcy Code. Indeed, various courts in this circuit and others have granted relief similar to that requested herein. See, e.g., In re HDOS Enters., Case No. 14-12028 (Bankr. C.D. Cal. Mar. 18, 2014) [Docket No. 194]; In re Composite Tech. Corp., Case No. 11-15058 (Bankr. C.D. Cal. June 30, 2011) [Docket No. 175]; In re Contessa Liquidating Co., Inc., Case No. 11-13454 (Bankr. C.D. Cal. May 4, 2011) [Docket No. 223]; In re MMFx Canadian Holdings, Inc., Case No. 10-10083 (Bankr. C.D. Cal. Mar. 15, 2011) [Docket No. 169]; In re Fleetwood Enterprises, et al., Case No. 09-14254 (Bankr. C.D. Cal. Nov. 30, 2009) [Docket No. 1584]; In re S&B Surgery Center, Inc., Case No. 09-19825 (Bankr. C.D. Cal. Aug. 19, 2009) [Docket No. 130]; see also In re FirstEnergy Solutions Corp., Case No. 18-50757 (Bankr. N.D. Ohio June 12, 2018) [Docket No. 728]; In re Nine West Holdings, Inc., Case No. 18-10947 (Bankr. S.D.N.Y. June 5, 2018) [Docket No. 353]; In re iHeartMedia, Inc., Case No. 18-31274 (Bankr. S.D. Tex. May 15, 2018) [Docket No. 728]; In re Phoenix Brands LLC, Case No. 16-11242 (Bankr. D. Del. July 5, 2016) [Docket No. 245]; In re QSL of Medina, Inc., Case No. 15-52722 (Bankr. N.D. Ohio January 8, 2016) [Docket No. 144]; In re Alpha Natural Resources, Inc., Case No. 15-33896 (Bankr. E.D. Va. Oct. 16, 2015) [Docket No. 690]; In re Patriot Coal Corp., Case No. 15-32450-KLP (Bankr. E.D. Va. July 29, 2015) [Docket No. 678].

**VI. NOTICE**

Notice of this Motion will be provided to (i) the Debtors, (ii) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (iii) the Debtors' fifty (50) largest unsecured creditors on a consolidated basis; (iv) the Securities and Exchange Commission;

Milbank LLP
55 Hudson Yards
New York, NY 10001-2163

(v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facilities; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Committee respectfully submits that no further notice is required.

No previous request for the relief sought herein has been made by the Committee to this or any other court.

WHEREFORE the Committee respectfully requests entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

DATED: April 3, 2019               MILBANK LLP

                                     */s/ Thomas R. Kreller*
                                     DENNIS F. DUNNE
                                     SAMUEL A. KHALIL
                                     PAUL S. ARONZON
                                     GREGORY A. BRAY
                                     THOMAS R. KRELLER

*Proposed Counsel for the Official Committee of Unsecured Creditors*

**Milbank LLP**
55 Hudson Yards
New York, NY 10001-2163

# EXHIBIT A

**Proposed Order**

Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

and

Paul S. Aronzon (SBN 88781)
Gregory A. Bray (SBN 115367)
Thomas R. Kreller (SBN 161922)
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063

*Proposed Counsel for the Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors and Debtors in Possession.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Case No. 19-30088 (DM) (Lead Case)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**[PROPOSED] ORDER GRANTING MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER (I) CLARIFYING CERTAIN BANKRUPTCY CODE REQUIREMENTS AND (II) APPROVING PROTOCOL FOR PROVIDING ACCESS TO INFORMATION TO UNSECURED CREDITORS, *NUNC PRO TUNC* TO FEBRUARY 12, 2019** |

Upon the *Motion of Official Committee of Unsecured Creditors for Entry of an Order (I) Clarifying Certain Bankruptcy Code Requirements and (II) Approving Protocol for Providing Access to*

*Information to Unsecured Creditors, Nunc Pro Tunc to February 12, 2019* [Docket No. \_\_] (the "Motion")[1] brought by the Official Committee of Unsecured Creditors (the "Committee") in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to sections 105(a), 107(b), 1102(b)(3) and 1103(c) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24* (N.D. Cal.) and Bankruptcy Local Rule 5011-1(a); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted *nunc pro tunc* to the Formation Date.

2. The Committee, its members and, in each case, their respective agents, representatives, affiliates, partners, employees, counsel, and financial and other advisors (collectively, the "Committee Parties") shall be deemed to be in compliance with sections 1102(b)(3) and 1103(c) of the Bankruptcy Code by implementing the Creditor Information Protocol.

3. Subject to paragraphs 4 through 10 hereof, in full satisfaction of the Committee's obligations to provide access to information for creditors in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code, the Committee shall, until the earliest to occur of dissolution of the Committee, dismissal or conversion of these chapter 11 cases, and a further order of the Court:

   a. Establish and maintain an Internet-accessed website (the "Committee Website") that provides, without limitation:

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Motion.

Milbank LLP
55 Hudson Yards
New York, NY 10001-2163

Milbank LLP
55 Hudson Yards
New York, NY 10001-2163

      i. general information concerning the Debtors, including, case docket, access to docket filings, and general information concerning significant parties in these cases;

      ii. contact information for the Debtors (and any information hotlines that may be established), the Debtors' counsel and the Committee's counsel;

      iii. the date by which unsecured creditors must file their proofs of claim;

      iv. the voting deadline with respect to any chapter 11 plan filed in these cases;

      v. a calendar with upcoming significant events in these cases;

      vi. access to the claims docket as and when established by the claims and noticing agent retained by the Debtors in these cases;

      vii. the Debtors' monthly operating reports;

      viii. a general overview of the chapter 11 process;

      ix. press releases (if any) issued by the Committee or any of the Debtors;

      x. a forum to submit questions, comments and requests for access to information;

      xi. responses to questions, comments and requests for access to information; provided, that the Committee, in the exercise of its reasonable discretion, may provide such responses privately; and

      xii. links to other relevant websites (e.g., the Debtors' corporate website, the website maintained by Prime Clerk LLC on behalf of the Debtors, and the website of the U.S. Trustee Office).

    b. The Committee will also establish and maintain an electronic mail address for creditors to submit questions and comments.

4. The Committee Parties shall not be required to disseminate to any entity (as defined in section 101(15) of the Bankruptcy Code) (each, an "Entity"): (a) without further order of the Court, confidential, proprietary, and/or other non-public information (whether oral or written and including information in any electronic or physical medium) received or held by the Committee Parties concerning the Debtors, these chapter 11 cases, or the Committee, including (without limitation) with respect to the acts, conduct, assets, liabilities and financial condition of the Debtors, the operations of the Debtors' businesses and the desirability of the continuance of such businesses, or any other matter related or

relevant to these chapter 11 cases or to the formulation of one or more chapter 11 plans or related to any adversary proceeding, contested matter or other litigation (including any and all confidential, proprietary, or other non-public materials of the Committee) whether provided (voluntarily or involuntarily) by or on behalf of the Debtors or by any third party or prepared by or for the Committee (collectively, the "Confidential Information"); or (b) any other information if the effect of such disclosure would constitute a general or subject matter waiver of the attorney-client, work-product, or other applicable privilege possessed by the Committee.

5. Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Rule 2004 of the Bankruptcy Rules or in connection with discovery in any contested matter, adversary proceeding or other litigation shall not be governed by the terms of this Order but, rather, by any order governing such discovery, as applicable.

6. Any documents, information or other materials designated by the Debtors as confidential shall be treated as "Confidential Information" for purposes of this Order; provided, however, that nothing in this Order affects or shall be deemed to affect the Committee's ability to dispute any Debtor's designation of information as "Confidential Information."

7. Committee's counsel is hereby authorized, in its reasonable discretion, to communicate with the Debtors' general unsecured creditors and/or respond to their information requests, submitted by email or otherwise, on behalf of the Committee. Notwithstanding any construction of section 1102(b)(3) of the Bankruptcy Code to the contrary, the Committee, its professionals, its individual members, advisors, and counsel shall not be required or obligated to disseminate any Confidential Information or privileged information.

8. The Committee shall not have or incur any liability to any entity for acts taken or omitted to be taken with respect to its obligations under section 1102(b)(3) of the Bankruptcy Code as along as the Committee and its professionals have acted in compliance with the procedures set forth herein and any confidentiality agreement; provided, however, that the foregoing shall not preclude the right of any creditor to move the Court for an order requiring production of other or additional information, to the extent available.

Milbank LLP
55 Hudson Yards
New York, NY 10001-2163

9. Nothing in this Order requires the Committee to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

10. The Committee may use the services of Epiq Corporate Restructuring LLC ("Epiq") as a vendor to administer the Committee Website without further order of the Court. Epiq shall be paid for its services related to the creation and maintenance of the Committee Website and any ancillary services that may be required pursuant to the terms of a services agreement.

11. For the avoidance of doubt, nothing in this Order shall affect the obligations of the Committee Parties under any agreements with the Debtors or other parties addressing the confidentiality or handling of any information, whether such agreements are entered into before or after the entry of this Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation and/or interpretation of this Order.

**END OF ORDER**