WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C.
(ray.schrock@weil.com) (*pro hac vice*)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>     **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**MOTION TO REDACT DOCUMENTS FILED IN SUPPORT OF MOTION OF DEBTORS PURSUANT TO 11 U.S.C. § 365(a), FED. R. BANKR. P. 6006, AND B.L.R. 6006-1 APPROVING THE UTILITY'S ASSUMPTION OF CERTAIN AGREEMENTS WITH QUANTA ENERGY SERVICES, LLC**<br><br>[No Hearing Requested] |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Redaction Motion**"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 1001-2(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**") and the *New District Wide Procedures for Electronically Filing Sealed and Redacted Documents* adopted by the United States Bankruptcy Court for the Northern District of California (the "**Local Procedures**"), for entry of an order (i) authorizing the Debtors to file with certain limited redactions the Quanta Contracts (as defined below) related to the Motion of Debtors Pursuant to 11 U.S.C. § 365(a), Fed. R. Bankr. P. 6006, and B.L.R. 6006-1 Approving the Utility's Assumption of Certain Agreements with Quanta Energy Services, LLC (the "**Quanta Assumption Motion**"),[1] filed contemporaneously herewith, and (ii) directing that the unredacted copies of the Quanta Contracts provided to the Court shall remain under seal and confidential and not be made available to anyone without the consent of the Debtors and the other parties to the Quanta Contracts or further order from the Court. The Debtors propose to share unredacted copies of the Quanta Contracts with (i) the U.S. Trustee (as defined below) on a strictly confidential basis and (ii) counsel and financial advisors to the Creditors Committee and the Tort Claimants Committee (each as defined below) on a strictly confidential and "professionals' eyes only" basis.

In support of the Redaction Motion, the Debtors submit the Declaration of Steve Coleman (the "**Coleman Declaration**"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein is being uploaded concurrently herewith in accordance with the Local Procedures (the "**Proposed Order**").

---

[1] Capitalized terms used but not defined in this Motion shall have the meaning used in the Quanta Assumption Motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

## III. THE QUANTA CONTRACTS

As set forth in the Quanta Assumption Motion, the Quanta Companies are party to a number of contracts with the Utility; however, the Utility is only seeking approval to assume two specific contracts pursuant to the Quanta Assumption Motion, which are of immediate consequence to the Utility's transmission systems and the work being conducted in connection with the Wildfire Safety Program: (i) the Transmission Inspection Agreement, dated as of December 20, 2018 (the "**TIA**"), and (ii) the Cross Cut Agreement, dated as of March 26, 2016 (the "**CCA**" and, together with the TIA,

the "**Quanta Contracts**"). Redacted copies of the Quanta Contracts are annexed to the Quanta Assumption Motion as **Exhibit B** and **Exhibit C**, respectively.

In addition to the relevant terms governing the work and other critical services that have been, and will continue to be, performed by the Quanta Companies for the benefit of the Utility and its estate (which are described in detail in the Quanta Assumption Motion), the Quanta Contracts also contain commercially sensitive information related to costs and overhead calculations that the Quanta Companies have requested be redacted from publicly available filings in these Chapter 11 Cases.

The limited redacted information consists of equipment costs, overhead rates, and other cost inputs that form the basis of the pricing agreed to by the Quanta Companies under the agreements. The Quanta Companies operate in a competitive industry, which is often bid-based. Therefore, the Quanta Companies' cost structures are commercially sensitive information and, in recognition of this commercial sensitivity, the Debtors have agreed to seek to file the Quanta Contracts with the limited redactions described above. *See* Coleman Declaration ¶¶ 5, 6.

## IV. BASIS FOR RELIEF REQUESTED

Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) further provides:

> On request of a party in interest, the bankruptcy court *shall*, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) Protect any entity with respect to a trade secret or *confidential* research, development, or *commercial information*.

11 U.S.C. § 107(b) (emphasis added). Some courts have emphasized, parsing the language of 107(b) (namely, the word "shall"), that once the court determines that the information the moving party seeks to protect falls within one of the categories enumerated in 107(b), it "has no discretion to deny" the protection sought. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). Also, section 107(b) expressly authorizes the court to grant protection, where warranted, to the confidential commercial information of "any entity." 11. U.S.C. § 107(b). Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require

an entity seeking protection to demonstrate "good cause." *Id.* at 28. Indeed, an entity seeking protection under section 107(b) only needs to show "that the information it [seeks] to seal [is] 'confidential' and 'commercial' in nature." *Id.* at 27. Commercial information has been defined as information would produce "an unfair advantage to competitors by providing them information as to the commercial operations" of the entity seeking protection. *In re Itel Corp.*, 17 B.R. 942, 944 (9th Cir. B.A.P. 1982). Significantly, commercial information need not rise to the level of a trade secret to warrant section 107(b)'s protection. *See Orion Pictures Corp.*, 21 F.3d at 28 (finding that "§ 107(b) is carefully drafted to avoid merging 'trade secrets' with 'confidential commercial information'").

The Bankruptcy Rules similarly authorize the Court to "make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other *confidential* research, development, or *commercial information*." Fed. R. Bankr. P. 9018 (emphasis added). Finally, Local Procedures require that a request for seal is narrowly tailored to sealable materials. *New District Wide Procedures For Electronically Filing Sealed and Redacted Documents*. Because the Quanta Contracts contain confidential commercial information within the scope of section 107(b), this Court should grant the Debtors' request.

The Debtors and the Quanta Companies fully acknowledge the paramount importance of the policy of open access to courts underlying section 107(a)—"[e]xcept as provided in subjections (b) and (c) and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a). In this spirit, the Debtors will file unredacted copies of the Quanta Contracts with the Court under seal according to the Local Procedures and propose to share unredacted copies of the Quanta Contracts with (i) the U.S. Trustee on a strictly confidential basis and (ii) counsel and financial advisors to the Creditors Committee and the Tort Claimants Committee on a strictly confidential and "professionals' eyes only" basis.

## V. NOTICE

Notice of this Redaction Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; (xii) the Quanta Companies; and (xiii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: April 3, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/ Jane Kim
     Jane Kim

*Proposed Attorneys for Debtors and Debtors in Possession*