WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>***EX PARTE* APPLICATION FOR ORDER, PURSUANT TO L.B.R. 9013-1(c), AUTHORIZING OVERSIZE BRIEFING FOR REPLY IN SUPPORT OF CORRECTED MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a), 363, AND 503(c) FOR ENTRY OF AN ORDER APPROVING (I) SHORT-TERM INCENTIVE PLAN AND (II) GRANTING RELATED RELIEF**<br><br>Related Document: Dkt. 806<br><br>[No hearing requested] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this *Ex Parte* Application (the "**Application**"), pursuant to Rule 9013-1(c) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for an order authorizing the Debtors to file an oversize reply memorandum of points and authorities (the "**Reply**") in support of the *Corrected Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 363, and 503(c) for Entry of an Order Approving (I) Short-Term Incentive Plan and (II) Granting Related Relief* (the "**2019 STIP Motion**") [Dkt. 806], which Reply is filed contemporaneously herewith.

In support of this Application, the Debtors submit the Declaration of Jessica Liou (the "**Liou Declaration**"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

MEMORANDUM OF POINTS AND AUTHORITIES

**I. JURISDICTION**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**II. BACKGROUND**

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

### III. OVERSIZE BRIEFING FOR THE REPLY IS WARRANTED

The 2019 STIP Motion seeks an order approving the Debtors' 2019 short-term incentive plan and authorizing its implementation, as further described therein.

Bankruptcy Local Rule 9013-1(c) provides that, "Unless the Court expressly orders otherwise, the initial and response memoranda of points and authorities shall not exceed 25 pages of text, and reply memorandum shall not exceed 15 pages of text." B.L.R. 9013-1(c).

The Debtors received a limited objection to the 2019 STIP Motion from the Creditors Committee, as well as six other objections to the 2019 STIP Motion from the Tort Claimants Committee, the U.S. Trustee, the City and County of San Francisco, the Singleton Law Firm Fire Victim Claimants the Plaintiffs' Executive Committee, and the Herndon Litigation Plaintiffs (collectively, the "**Objectors**").[1]

In particular, the opposition memorandum filed by the Tort Claimants Committee, not only is the second opposition to the same motion filed by the same party, but also is 30 pages long [Dkt. 1109]. Pursuant to the Court's order entered on March 28, 2019, the Court granted the Tort Claimants Committee's *ex parte* application [Dkt. 1088] for authority to submit an oversize memorandum in opposition of up to 40 pages [Dkt. 1106]. The Tort Claimants Committee also filed

---

[1] A letter was also filed in response to the 2019 STIP Motion by James M. Eaneman, Sr. (collectively with the Objectors, the "**Respondents**"). No e-mail address or phone number for Mr. Eaneman was provided in the letter.

two declarations in support of its opposition [Dkts. 1112 and 1113], one of which attached over 1,700 pages of exhibits.

The Debtors submit that sufficient cause exists for the Court to allow oversize briefing for the Reply. The Debtors have tried to limit the length of the Reply, but to adequately address the number of responses filed to the 2019 STIP Motion, including the Tort Claimants Committee's opposition and voluminous exhibits to its supporting declarations, the Debtors believe it is appropriate to request authority to exceed the 15 pages allowed under Bankruptcy Local Rule 9013-1(c).

As described in the Liou Declaration, on the date of this Application, counsel for the Debtors notified by e-mail counsel to each of the Objectors and to the Creditors Committee that the Debtors intended to seek authority to file an oversize reply to the 2019 STIP Motion. The U.S. Trustee took no position, and the other Objectors and the Creditors Committee had no objection to the request.

**IV.    NOTICE**

Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; (xii) counsel to the Respondents; and (xiii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE,** the Debtors respectfully request entry of an order authorizing the Debtors to file a Reply in further support of the 2019 STIP Motion not to exceed 30 pages, and such other and further relief as the Court may deem just and appropriate.

Dated: April 3, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/ *Jane Kim*
      Jane Kim

*Proposed Attorneys for Debtors and Debtors in Possession*