XAVIER BECERRA, SBN 118517
Attorney General of California
MARGARITA PADILLA, SBN 99966
Supervising Deputy Attorney General
JAMES POTTER, SBN 166992
Deputy Attorney General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 879-0815
Fax: (510) 622-2270
Margarita.Padilla@doj.ca.gov
James.Potter@doj.ca.gov

XAVIER BECERRA, SBN 118517
Attorney General of California
DANETTE VALDEZ, SBN 141780
ANNADEL ALMENDRAS, SBN 192064
Supervising Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3367
Fax: (415) 703-5480
Danette.Valdez@doj.ca.gov
Annadel.Almendras@doj.ca.gov

STEVEN H. FELDERSTEIN, SBN 059678
PAUL J. PASCUZZI, SBN 148810
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone: (916) 329-7400
Fax: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com

Attorneys for California Department of Toxic
Substances Control, et al.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>Date: April 10, 2019<br>Time: 1:30 p.m.<br>Place: 450 Golden Gate Avenue<br>16th Floor<br>San Francisco, CA 94102<br>Judge: Honorable Dennis Montali |

**STATEMENT OF THE CALIFORNIA STATE AGENCIES ON MOTION FOR ORDER AUTHORIZING DEBTORS TO (A) SELL, TRANSFER, LEASE OR OTHERWISE ENCUMBER REAL PROPERTY, (B) ENTER INTO ACQUISITION, LEASE, LICENSE, AND PERMIT AGREEMENTS RELATING TO THIRD-PARTY PROPERTY, AND (C) PURSUE AND BRING EMINENT DOMAIN PROCEEDINGS TO JUDGMENT OR ENTER INTO SETTLEMENTS IN LIEU THEREOF, SUBJECT TO CERTAIN PROCEDURES AND PARAMETERS, AND GRANTING RELATED RELIEF [DOCKET NO. 1004]**

The California Department of Toxic Substances Control, California Department of Water Resources, State Water Resources Control Board, Regional Water Quality Control Boards, State Energy Resources Conservation and Development Commission, and California Department of Fish and Wildlife (collectively, the "California State Agencies") hereby file this statement and reservation of rights with respect to the Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 362, and 363 and Fed. R. Bankr. P. 2002, 4001 and 6004 for an Order (I) Authorizing Debtors to (a) Sell, Transfer, Lease or Otherwise Encumber Real Property, (b) Enter Into Acquisition, Lease, License, and Permit Agreements Relating to Third-Party Property, and (c) Pursue and Bring Eminent Domain Proceedings to Judgment or Enter into Settlements in Lieu Thereof, Subject to Certain Procedures and Parameters, and (II) Granting Related Relief (Docket No. 1004) (the "Motion") based on the following:

1. The California State Agencies do not oppose the Motion to the extent it seeks this Court's authority for the Debtors to enter into transactions involving real property in the ordinary course of business, and subject to the parameters in the Motion, outside the ordinary course of business. In fact, many state agencies of the State of California, including the California State Agencies, regularly interact with the Debtors in the ordinary course of the Debtors' business in this regard.

2. Counsel has met and conferred with Counsel for the Debtors regarding the California State Agencies' objections to the Debtor's Motion and form of Order. The parties stipulated to a one-day extension for any response to the Motion, while the Debtors provided a revised proposed Order on the Motion addressing the California State Agencies' objections. The parties will continue to discuss any unresolved issues. Pending inclusion of the agreed upon language in the final Order, the California State Agencies submit this statement to preserve their objections, as identified below.

3. The California State Agencies would object to the Motion to the extent the relief the Debtors request in any way operates to circumvent the application of non-bankruptcy requirements for regulatory approvals that would otherwise apply to any transactions addressed in

the Motion.[1]  In discussions with the Debtors' Counsel, the California State Agencies are informed and believe that the Debtors are willing to put the following language in the Order, which would resolve any objection on this point:

> "Nothing in this Order releases or excuses the Debtors from obtaining all non-bankruptcy law approvals for any real property transaction, or releases or excuses the Debtors from compliance with all applicable state and local laws, regulations, ordinances or with any injunctions, administrative orders, or agreements entered pursuant to such non-bankruptcy laws."

4.  The Order also should be clear about its effect on environmental issues relating to the Debtors' real property.  When discussing surplus property sales, the Motion mentions the sale of vacant lands on which PG&E facilities have been decommissioned. *See* Motion at page 8. Typically, such properties have environmental issues.  The Order should be clear that any sale or other disposition of property does not relieve the Debtors or a subsequent owner of liabilities and responsibilities under non-bankruptcy law, which also is consistent with the Court's guidelines on sale motions.  In discussions with the Debtors' Counsel, the California State Agencies are informed and believe that the Debtors are willing to put the following language in the Order, which would resolve any objection on this point:

> "Nothing in this Order:  (a) releases, nullifies, precludes or enjoins the enforcement of any liability (including for penalties, damages, cost recovery or injunctive relief) to a governmental unit under police and regulatory statutes or regulations (including but not limited to environmental laws or regulations) that any entity would be subject to as the owner or operator of property that is sold or transferred pursuant to this Order or (b) authorizes the transfer to the purchaser of any governmental licenses, permits, registrations, authorizations or approvals without compliance with all applicable legal requirements under the law governing such transfers."

5.  The California State Agencies object to the Motion to the extent it would authorize the sale of contaminated property outside the ordinary course of business without prior approval of California state agencies with jurisdiction over the property.  Any sale without such authorization should proceed by noticed motion pursuant to section 363(b).  Counsel discussed

---

[1] Title 28, U.S.C. § 959(b) provides, in pertinent part, that, "a trustee, receiver or manager appointed in any cause pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof." 28 U.S.C. §959(b).

this issue and it is not resolved. The California State Agencies suggest the following language in the Order to address this objection:

> "This Order does not authorize any sale of contaminated Real Property Interests other than in the ordinary course of business. This Order does not preclude Debtors from filing a motion pursuant to section 363(b) seeking authorization to sell any contaminated Real Property Interests."

6. The Motion at page 14 represents that the Debtors do not seek to circumscribe or affect any specific protections afforded any lienholder, co-interest owner, or similarly situated party that may be applicable under section 363 with respect to any specific property the Debtors might seek to sell or transfer. The Debtors represent that they will seek Court approval of any sale free and clear of liens under section 363(f). Moreover, it should be clear that to the extent the Debtors seek to assume and assign leases or executory contracts without the consent of the affected non-debtor parties as provided in such leases or contracts, the Debtors must seek such relief by properly noticed motion under section 365.[2] While the California State Agencies agree that the relief granted by the Motion should be limited as described, the Order must contain appropriate language to that effect. The Debtors' proposed Order filed with the Motion does not contain any such language. In discussions with the Debtors' Counsel, the California State Agencies have been provided language in the Order to address this issue, which would resolve any objection on this point if in the final Order.

7. The California State Agencies also request the right to be heard on any motion that is filed by the Debtors pursuant to the procedures set forth in the Motion when the Committees object to a transaction. While the Motion does not mention the rights of parties in interest other than the Committees to be heard on a motion in such circumstances, the California State Agencies submit that the Order should be clear that any party in interest may be heard at such hearing, including for the purpose of requesting more time than the ten (10) calendar days' notice, adequate protection or such other relief as may be appropriate. In discussions with Counsel for the Debtors, the California State Agencies have been provided language in the Order clarifying

---

[2] The California State Agencies reserve all rights with respect to any attempt to use section 365 of the Bankruptcy Code to assume and assign regulatory permits, agreements, and/or licenses.

that the California State Agencies may be heard on any motion filed under the procedures in the Motion, which would resolve this issue if in the final Order.

8. The California State Agencies note that the Motion says that the Debtors served "the Office of the California Attorney General" among others. *See* Motion at page 23, lines 2-5. While counsel for the California State Agencies appreciate the Debtors' efforts toward thorough service, it is unclear in what capacity or for what purpose service on "the Office of the California Attorney General" was made. Counsel discussed the issue with Debtors' counsel and made clear that any notice to a particular agency of the State of California should be served on that specific agency in accordance with applicable law, and service on "the Office of the California Attorney General" is not sufficient.[3]

9. Further, the California State Agencies reserve all rights to assert their objections in the event agreed upon language for the Order is not approved by the Court, and as to any particular real property transaction that is the subject of the Motion as to the applicability of any particular provision of non-bankruptcy law or regulation or agreement, the Debtors' compliance therewith, and with respect to the proper notifications that the Debtors must give any particular agency of the State of California for regulatory approvals of such transactions.

10. Neither this statement nor any subsequent appearance, pleading, proof of claim, claim or suit is intended or shall be deemed or construed as:

    a. consent by the California State Agencies to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving the California State Agencies;

    b. waiver of any right of the California State Agencies to (i) have an Article III judge adjudicate in the first instance any case, proceeding, matter or controversy as to which a Bankruptcy Judge may not enter a final order or judgment consistent with Article III of the United States Constitution, (ii) have final orders in non-core matters entered only after *de novo*

---

[3] The California State Agencies filed a Request for Special Notice at Docket No. 655. However, that request was for notice to certain specified agencies of the State of California that have retained the Office of the Attorney General and other counsel to represent them in this bankruptcy case only.

review by a District Court Judge, (iii) trial by jury in any proceeding so triable in the Chapter 11 Cases or in any case, controversy, or proceeding related to the Chapter 11 Cases, (iv) have the United States District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, (v) any and all rights, claims, actions, defenses, setoffs, recoupments or remedies to which the California State Agencies are or may be entitled under agreements, in law or in equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved hereby, (vi) the requirements for service of process under Federal Rules of Bankruptcy Procedure 7004 and 9014, or (vii) the requirements for service of an objection to claim under Federal Rule of Bankruptcy Procedure 3007, all of which rights, claims, actions, defenses, setoffs, and recoupments the California State Agencies expressly reserve; or

      c.    waiver of any objections or defenses that the State of California, the California State Agencies or any other agency, unit or entity of the State of California may have to this Court's jurisdiction over the State of California, the California State Agencies or such other agency, unit or entity based upon the Eleventh Amendment to the United States Constitution or related principles of sovereign immunity or otherwise, all of which objections and defenses are hereby reserved.

Dated: April 4, 2019                      Respectfully submitted,

                                               XAVIER BECERRA
                                               Attorney General of California
                                               MARGARITA PADILLA
                                               Supervising Deputy Attorney General

                                            By: */s/ Paul J. Pascuzzi*
                                               STEVEN H. FELDERSTEIN
                                               PAUL J. PASCUZZI
                                               FELDERSTEIN FITZGERALD
                                               WILLOUGHBY & PASCUZZI LLP
                                               Attorneys for California Department of Toxic Substances Control, California Department of Water Resources, State Water Resources Control Board, Regional Water Quality Control Boards, State Energy Resources Conservation and Development Commission, and California Department of Fish and Wildlife

# PROOF OF SERVICE

I, Karen L. Widder, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 Capitol Mall, Suite 1750, Sacramento, CA 95814. On April 4, 2019, I served the within document(s):

**STATEMENT OF CALIFORNIA STATE AGENCIES TO MOTION FOR ORDER AUTHORIZING DEBTORS TO (A) SELL, TRANSFER, LEASE OR OTHERWISE ENCUMBER REAL PROPERTY, (B) ENTER INTO ACQUISITION, LEASE, LICENSE, AND PERMIT AGREEMENTS RELATING TO THIRD-PARTY PROPERTY, AND (C) PURSUE AND BRING EMINENT DOMAIN PROCEEDINGS TO JUDGMENT OR ENTER INTO SETTLEMENTS IN LIEU THEREOF, SUBJECT TO CERTAIN PROCEDURES AND PARAMETERS, AND GRANTING RELATED RELIEF [DOCKET NO. 1004]**

by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California, addressed as set forth below:

Debtors

PG&E Corporation and
Pacific Gas and Electric Company
Attn: Janet Loduca, Esq.
PO Box 770000
77 Beale Street,
San Francisco, CA 94105

Proposed Counsel to Debtors

Weil, Gotshal & Manges LLP
Attn: Stephen Karotkin, Esq.,
Jessica Liou, Esq. and Matthew Goren, Esq.
767 Fifth Avenue
New York, New York 10153

Keller & Benvenutti LLP
Attn: Tobias Keller, Esq. and Jane Kim, Esq.
650 California Street, Suite 1900
San Francisco, CA 94108

Counsel for Administrative Agent under Debtor-in-Possession Financing Facility

Stroock & Stroock & Lavan LLP
Attn: Kristopher M. Hansen, Esq.,
Erez E. Gilad, Esq. & Matthew G. Garofalo, Esq.
180 Maiden Lane
New York, NY 10038-4982

Stroock & Stroock & Lavan LLP
Attn: Frank A. Merola, Esq
2029 Century Park East
Los Angeles, CA 90067-3086

Counsel for Collateral Agent under Debtor-in-Possession Financing Facility

Davis Polk & Wardwell LLP
Attn: Eli J. Vonnegut, Esq., David Schiff, Esq.,
and Timothy Graulich, Esq.
450 Lexington Avenue
New York, NY 10017

Counsel to California Public Utilities Commission

Paul, Weiss, Rifkind, Wharton & Garrison LLP
Attn: Alan W. Kornberg, Esq., Brian S. Hermann, Esq.,
Walter R. Rieman, Esq., Sean A. Mitchell, Esq.,
and Neal P. Donnelly, Esq.
1285 Avenue of the Americas
New York, NY 10019-6064

Office of the United States Trustee

Office of the United States Trustee
Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.
450 Golden Gate Avenue, Suite #05-0153
San Francisco, CA 94102

U.S. Nuclear Regulatory Commission

U.S. Nuclear Regulatory Commission
Attn: General Counsel
Washington, DC 20555-0001

Counsel for United States on behalf of the Federal Energy Regulatory Commission

U.S. Department of Justice
Attn: Danielle A. Pham, Esq.
1100 L Street, NW, Room 7106
Washington DC 20005

Proposed Counsel for the Official Committee of Unsecured Creditors

Milbank LLP
Attn: Dennis F. Dunne, Esq. and
Sam A. Khalil, Esq.
55 Hudson Yards
New York, NY 10001-2163

Milbank LLP
Attn: Paul S. Aronzon, Esq., Gregory A. Bray, Esq.,
and Thomas R. Kreller, Esq.
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067

Proposed Counsel for the Official Committee of Tort Claimants

Baker & Hostetler LLP
Attn: Eric Sagerman, Esq. and Cecily Dumas, Esq.
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509

And

By Electronic Service via CM/ECF to all registered participants in this case as of April 4, 2019.

*/s/ Karen L. Widder*
Karen L. Widder