**EXHIBIT 1-1**
**Clean Version of Revised Proposed Hedging Programs Order**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (pro hac vice)
(stephen.karotkin@weil.com)
Jessica Liou (pro hac vice)
(jessica.liou@weil.com)
Matthew Goren (pro hac vice)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**[PROPOSED] ORDER PURSUANT TO 11 U.S.C. §§ 105, 363, AND 364 AND FED. R. BANKR. P. 4001 AND 6004 AUTHORIZING UTILITY TO (A) CONTINUE HEDGING PROGRAMS, (B) ENTER INTO AND PERFORM UNDER POSTPETITION HEDGING TRANSACTIONS, AND (C) PLEDGE COLLATERAL AND HONOR OBLIGATIONS THEREUNDER** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Upon the Motion, dated March 6, 2019 (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to pursuant to sections 105(a), 363, and 364 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 4001 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order authorizing the Utility to (a) continue the Hedging Programs; (b) enter into new postpetition Hedging Transactions in the ordinary course of business and to honor, pay, and/or otherwise satisfy any and all obligations thereunder, in a manner consistent with the Utility's prepetition practices; and (c) pledge cash and other collateral on account of the Utility's postpetition Hedging Transactions, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration (as amended on February 2, 2019 [Docket No. 263]) and the Wan Declaration; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. The Utility is authorized, but not directed, to continue the Hedging Programs in the ordinary course of business in a manner consistent with prepetition practices.

3. The Utility is further authorized, but not directed, to enter into new postpetition Hedging Agreements in the ordinary course of business and to honor, pay, and/or otherwise satisfy any and all obligations thereunder, in a manner consistent with prepetition practices, and to pledge cash or other collateral on account of the Utility's postpetition Hedging Transactions.

4. Notwithstanding anything contained in the Motion, the relief granted in this Order, and any actions taken pursuant to such relief, the Debtors hereby reserve: (i) all rights to object to a claim or assertion by any party that any of the Hedging Transactions are governed by section 546, 555, 556, and/or 559 of the Bankruptcy Code or that such provisions in any way apply to such agreements; and (ii) all rights (including, without limitation, any right of setoff, settlement, or recoupment), claims, counterclaims, and defenses in any way relating to Hedging Transactions.

5. Nothing contained in this Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Utility, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise any payment made pursuant to this Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

6. The Debtors shall provide counsel to the Committees with monthly reports of active Hedging Transactions entered into pursuant to this Order, including reasonable details around: (a) collateral posted or received; and (b) mark to market exposure by counterparty (including ability for the Committees to request reasonable additional information on calculations of such exposure, and exposure limits). The monthly report for each calendar month shall be provided on or before the 30th day of the following calendar month.

7. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to

create, any rights in favor of or enhance the status of any claim held by, any party.

8. The requirements of Bankruptcy Rule 4001(d) are waived.

9. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **