# EXHIBIT A

Robert A. Julian (SBN 99469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone:     628.208.6434
Facsimile:     310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone:     310.442.8875
Facsimile:     310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Proposed Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**ORDER PURSUANT TO 11 U.S.C. §§ 503(b)(3)(F) AND 105(a) ESTABLISHING PROCEDURES FOR REIMBURSEMENT OF EXPENSES OF MEMBERS OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS** |

Upon the Motion dated March 10, 2019, (the "**Motion**"),[1] of the Official Committee of Tort Claimants (hereafter, the "**Tort Committee**"), in the above-captioned chapter 11 cases ("**Chapter 11 Cases**") of PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**" or "**PG&E**"), pursuant to sections 503(b)(3)(F) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order establishing for Tort Committee members ("**Tort Committee Members**") an orderly, regular, and efficient process for monthly allowance and reimbursement of expenses (the "**Member Reimbursement Procedures**"), as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the response from the Official Unsecured Creditors Committee (the "**UCC**") requesting that the UCC members (the "**UCC Members**") be included in the Member Reimbursement Procedures; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted, as provided herein.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

- 2 -

2. Tort Committee Members and UCC Members (collectively, the "**Committee Members**") may seek reimbursement of expenses reasonably incurred in the performance of their duties as members of the Tort Committee or the UCC, as applicable, in accordance with the Monthly Expenses Procedures set forth hereinbelow.

3. All Committee Member expenses for which reimbursement is sought pursuant to this Order shall be in compliance with, and allowable pursuant to, the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California, dated February 19, 2014.

4. Reimbursement of expenses incurred by anyone other than a Committee Member are not authorized under this Order, including, without limitation, professionals employed by the Tort Committee and the UCC and the Committee Members' personal lawyers, advisors or consultants, or family members.

5. On or after the 5th day of each calendar month, the Tort Committee's bankruptcy counsel and the UCC's bankruptcy counsel shall file with the Court a monthly statement on behalf of its respective Committee Members, including relevant expense detail, for interim reimbursement of expenses incurred during the preceding month (a "**Member Monthly Expenses Statement**").

6. Each Member Monthly Expenses Statement shall be served on the following parties (collectively, the "**Notice Parties**");

 (1) the Debtors c/o Pacific Gas & Electric Company, 77 Beale Street, San Francisco, CA 94105 (Attn: Janet Loduca, Esq.);

 (2) the proposed counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. and Rachael Foust, Esq.) and Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco, CA 94108 (Attn: Tobias S. Keller, Esq. and Jane Kim, Esq.);

 (3) counsel for the administrative agent under the Debtors' debtor-in-possession financing facility, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038-4982 (Attn: Kristopher M. Hansen, Esq., Erez E. Gilad, Esq.,

and Matthew G. Garofalo, Esq.) and 2029 Century Park East, Los Angeles, CA 90067-3086 (Attn: Frank A. Merola, Esq.);

(4) the Office of the United States Trustee for Region 17, 450 Golden Gate Avenue, 5th Floor, Suite #05-0153, San Francisco, CA 94102 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.);

(5) the proposed counsel to the Official Committee of Tort Claimants, Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, CA 94111 (Attn: Robert A. Julian, Esq. and Cecily A. Dumas, Esq.); and

(6) the proposed counsel to the Official Committee of Unsecured Creditors, Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, CA 90067 (Attn: Thomas Kreller, Esq. and Gregory Bray, Esq).

7. Objections must be filed and served on counsel to the Tort Committee or the UCC, as applicable, and the other Notice Parties no later than the 10th day (or the next business day if such day is not a business day) following the date the Monthly Expenses Statement is served (the "**Objection Deadline**"). Upon the expiration of the Objection Deadline, counsel to the Tort Committee or the UCC, as applicable, shall file and serve a certificate of no objection (a "**CNO**") with the Court with respect to any expenses not subject to objection. Within ten (10) business days following service of a CNO, the Debtors will remit checks to each Committee Member entitled to reimbursement at the address provided to it by such Committee Member.

8. If a portion of the expenses requested in a Monthly Expenses Statement is subject to an objection and the parties are unable to reach a consensual resolution, counsel to the Tort Committee or the UCC, as applicable, may (i) request the Court approve the amounts subject to objection or (ii) forego payment of such amounts until a later hearing, at which time the Court will adjudicate any unresolved objections.

9. Counsel to the Tort Committee and the UCC each shall file applications for final approval of expense reimbursement of all expenses allowed under this Order pursuant to Bankruptcy Code §503(b)(3)(F) within the time frame directed by the Court.

**END OF ORDER**

Case: 19-30088    Doc# 1276-1    Filed: 04/08/19    Entered: 04/08/19 12:12:15    Page 5 of 11

Robert A. Julian (SBN 99469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone:    628.208.6434
Facsimile:    310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
~~BAKER & HOSTETLER LLP~~
~~11601 Wilshire Boulevard~~
~~Suite 1400~~
~~Los Angeles, CA 90025~~
~~Telephone:   310.820.8800~~
~~Facsimile:   310.820.8859~~
~~Email:  esagerman@bakerlaw.com~~
~~Email:  lattard@bakerlaw.com~~

~~*Proposed Counsel for Official Committee of Tort Claimants*~~

BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone:   310.442.8875
Facsimile:   310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Proposed Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br>**PG&E CORPORATION**<br>   -and-<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>            **Debtors** | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered) |

| | |
|---|---|
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM) | **ORDER PURSUANT TO 11 U.S.C. §§ 503(b)(3)(F) AND 105(a) ESTABLISHING PROCEDURES FOR REIMBURSEMENT OF EXPENSES OF <s>TORT COMMITTEE MEMBERS</s> MEMBERS OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS** |

Upon the Motion<s>,</s> dated March 10, 2019, (the "**Motion**"),[1] of the Official Committee of Tort Claimants (hereafter, the "**Tort Committee**"), in the above-captioned chapter 11 cases ("**Chapter 11 Cases**") of PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**" or "**PG&E**"), pursuant to sections 503(b)(3)(F) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order establishing for Tort Committee members ("**Tort Committee Members**") an orderly, regular, and efficient process for monthly allowance and reimbursement of expenses (the "**Member Reimbursement Procedures**"), as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the response from the Official Unsecured Creditors Committee (the "**UCC**") requesting that the UCC members (the "**UCC Members**") be included in the Member Reimbursement Procedures; and this Court having held a hearing on the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

- 2 -

Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. ~~-~~ The Motion is granted, as provided herein.

2. ~~Except as may otherwise be provided by orders of this Court authorizing the retention of specific professionals, the~~ Tort Committee Members and UCC Members (collectively, the "**Committee Members**") may seek reimbursement of expenses reasonably incurred in the performance of their duties as members of the Tort Committee or the UCC, as applicable, in accordance with the ~~following~~ Monthly Expenses Procedures~~:~~ set forth hereinbelow.

~~No sooner than~~ 3. All Committee Member expenses for which reimbursement is sought pursuant to this Order shall be in compliance with, and allowable pursuant to, the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California, dated February 19, 2014.

4. Reimbursement of expenses incurred by anyone other than a Committee Member are not authorized under this Order, including, without limitation, professionals employed by the Tort Committee and the UCC and the Committee Members' personal lawyers, advisors or consultants, or family members.

~~(a)~~ 5. On or after the 5th day of each calendar month, the Tort Committee's bankruptcy counsel ~~retained by the Tort Committee ("**Tort Committee Professionals**") may~~ and the UCC's bankruptcy counsel shall file with the Court a monthly statement ~~for~~ on behalf of its respective Committee Members, ~~which will include the~~ including relevant expense detail, ~~with the Court~~ for interim reimbursement of expenses incurred during the preceding month (a "**Member Monthly Expenses Statement**").

- 3 -

~~(b)  Tort Committee Professionals shall properly serve a copy of such~~ 6. Each Member Monthly Expenses Statement shall be served on the following parties (collectively, the "**Notice Parties**");

    (1) the Debtors c/o Pacific Gas & Electric Company, 77 Beale Street, San Francisco, CA 94105 (Attn: Janet Loduca, Esq.);

    (2) the proposed ~~attorneys for~~ counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. and Rachael Foust, Esq.) and Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco, CA 94108 (Attn: Tobias S. Keller, Esq. and Jane Kim, Esq.);

    (3) counsel for the administrative agent under the Debtors' debtor-in-possession financing facility, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038-4982 (Attn: Kristopher M. Hansen, Esq., Erez E. Gilad, Esq., and Matthew G. Garofalo, Esq.) and 2029 Century Park East, Los Angeles, CA 90067-3086 (Attn: Frank A. Merola, Esq.);

    ~~(3)~~(4) the Office of the United States Trustee for Region 17, 450 Golden Gate Avenue, 5th Floor, Suite #05-0153, San Francisco, CA 94102 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); ~~and~~

    (5) the proposed counsel to the Official Committee of Tort Claimants, Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, CA 94111 (Attn: Robert A. Julian, Esq. and Cecily A. Dumas, Esq.); and

    ~~(4)~~(6) the proposed counsel to the Official Committee of Unsecured Creditors~~.~~, Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, CA 90067 (Attn: Thomas Kreller, Esq. and Gregory Bray, Esq).

~~(c) Any Member whose expenses are not included on a Member Monthly Expenses Statement for a particular month or months may be included on a subsequent Monthly Expenses Statement. All Monthly Expenses Statements will comply with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Guidelines~~

~~for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California, dated February 19, 2014 (the "**Local Guidelines**"), and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "**UST Guidelines**" and, together with the Local Guidelines, collectively, the "**Guidelines**").~~

~~(d) The deadline to object to any Monthly Expenses Statement is 4:00 p.m. (prevailing Pacific Time) on~~ 7. Objections must be filed and served on counsel to the Tort Committee or the UCC, as applicable, and the other Notice Parties no later than the 10th day (or the next business day if such day is not a business day) following the date the Monthly Expenses Statement is served (the "**Objection Deadline**").

~~(e) To object to a Member Monthly Expenses Statement, the party must (i) file a written objection on or before the Objection Deadline identifying the specific expenses subject to the objection; and (ii) serve the objection upon Tort Committee Professionals and the Notice Parties on or before the Objection Deadline.~~

~~(f)~~ Upon the expiration of the Objection Deadline, counsel to the Tort Committee ~~Professionals may~~ or the UCC, as applicable, shall file and serve a certificate of no objection (a "**CNO**") with the Court with respect to any expenses not subject to objection. ~~After Tort Committee Professionals file a CNO, the Debtors will pay the Members 100% of the expenses requested in the applicable Monthly Expenses Statement that are not subject to an objection within seven (7) days after filing the of the CNO~~ Within ten (10) business days following service of a CNO, the Debtors will remit checks to each Committee Member entitled to reimbursement at the address provided to it by such Committee Member.

~~(g)~~ 8. If a portion of the expenses requested in a Monthly Expenses Statement is subject to an objection and the parties are unable to reach a consensual resolution, counsel to the Tort Committee ~~Professionals~~ or the UCC, as applicable, may (i) request the Court approve the amounts subject to objection or (ii) forego payment of such amounts until a later hearing, at which time the Court will adjudicate any unresolved objections.

- 5 -

1  ~~(h) Under these Member Reimbursement Procedures, Members may be reimbursed for all~~
2  ~~reimbursable expenses in the Guidelines incurred by the individual Member for travel~~
3  ~~to or the conducting of official Tort Committee business. For the avoidance of doubt,~~
4  ~~Members may request reimbursement for the following expenses in accordance with the~~
5  ~~Guidelines: tolls, parking, mileage at the federal rate, taxis, rideshare services such as~~
6  ~~Uber and Lyft, hotels, coach airfare, breakfast or dinner while traveling, and printing.~~
7  ~~3. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy~~
8  ~~Rule 9006(a).~~
9  ~~4. The Tort Committee shall serve a notice of this Order on the Debtors and on counsel to~~
10 ~~the Official Committee of Unsecured Creditors.~~
11 ~~5. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create,~~
12 ~~any rights in favor of or enhance the status of any claim held by, any party.~~
13 ~~6. The Debtors are authorized to take all steps necessary or appropriate to carry out this~~
14 ~~Order.~~
15 ~~7. This Court shall retain jurisdiction to hear~~9.   Counsel to the Tort Committee and the
16 UCC each shall file applications for final approval of expense reimbursement of all expenses
17 allowed under this Order pursuant to Bankruptcy Code §503(b)(3)(F) within the time frame
18 directed by the Court.
19 ~~and~~ ~~determine all matters arising from or related to the implementation, interpretation, or~~
20 ~~enforcement of this Order.~~

**END OF ORDER**

- 6 -