

Signed and Filed: April 9, 2019

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**ORDER PURSUANT TO 11 U.S.C. §§ 363(b) AND 105(a) AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN AP SERVICES, LLC TO PROVICE A CHIEF RESTRUCTURING OFFICER, DEPUTY CHIEF RESTRUCTURING OFFICER, AND ADDITIONAL PERSONNEL FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE** |

Upon the Application, dated March 13, 2019 (the "**Application**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 363(b) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for authority to employ and retain AP Services, LLC ("**APS**"), *nunc pro tunc* to the Petition Date, to provide (i) James Mesterharm to serve as the Debtors' Chief Restructuring Officer ("**CRO**"), (ii) John Boken to serve as the Debtors' Deputy Chief Restructuring Officer ("**Deputy CRO**"), and (iii) additional personnel in accordance with the terms and conditions set forth in that certain engagement letter by and among the Debtors and APS, dated as of January 25, 2019 (the "**CRO Engagement Letter**"), a copy of which is attached to the Application as **Exhibit B-1**, all as more fully set forth in the Application; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application and the Mesterham Declaration; and a hearing having been noticed to consider the relief requested in the Application (the "**Hearing**"); and upon the record of the Hearing (if any was held) and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

1. The Application is granted as set forth herein.

2. The terms and conditions of the CRO Engagement Letter, as modified by the Application and this Order, are reasonable and are hereby approved.

3. The Debtors are hereby authorized, pursuant to sections 363(b) and 105(a) of the Bankruptcy Code, to employ and retain APS, *nunc pro tunc* to the Petition Date, to provide (i) James Mesterharm to serve as the Debtors' CRO, (ii) John Boken to serve as the Debtors' Deputy CRO, and (iii) additional personnel as described in the CRO Engagement Letter (the "**APS Personnel**") in accordance with the terms and conditions set forth in the Application, the Mesterharm Declaration, and the CRO Engagement Letter, subject to the provisions of this Order.

4. APS and its affiliates shall not act as financial advisor, claims agent, claims administrator, or investor/acquirer in connection with the Chapter 11 Cases.

5. No principal, employee, or independent contractor of APS and its affiliates shall serve as a director of any of the Debtors during the pendency of the Chapter 11 Cases.

6. APS shall be compensated for its services and reimbursed for any related expenses in accordance with the rates (as may be adjusted from time-to-time) and disbursement policies as set forth in the Application, the Mesterharm Declaration, the CRO Engagement Letter, and any other applicable Orders of this Court.

7. The Success Fee requested by APS shall be subject to a reasonableness standard and will be submitted by separate application to this Court for approval.

8. APS is not required to submit fee applications pursuant to sections 330 and 331 of the Bankruptcy Code, but will instead submit monthly invoices to the Debtors, and the Debtors are hereby authorized to pay, in the ordinary course of business, all reasonable and undisputed amounts invoiced by APS for fees and expenses.

9. APS shall file and submit reports of compensation earned and expenses incurred on a monthly basis ("**Compensation Reports**") to the Court, and provide notice of the same to the Notice Parties. APS will file and submit Compensation Reports within 30 days of the end of each monthly period. Compensation reports shall summarize the services provided, and identify the compensation earned and expenses incurred by APS Personnel. The Notice Parties shall have 21 days after the date

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

each Compensation Report is served upon them to object. Such compensation and expenses will be subject to Court review in the event an objection is filed.

10. Each month, APS shall file with the Court (and serve copies to the Notice Parties) a report reflecting the APS Personnel that worked on the engagement for the previous month ("**Staffing Reports**"). Staffing Reports shall include the names of all full- and part-time APS Personnel that provided services in these Chapter 11 Cases during the prior month and each individual's hourly billing rate. APS will file and submit Staffing Reports within 30 days of the end of each monthly period. The Notice Parties shall have 21 days after the date each Staffing Report is served upon them to object. The Staffing Reports and APS's staffing decisions will be subject to review by the Court in the event an objection is filed.

11. APS is authorized to apply the Retainer to satisfy any unbilled or other remaining prepetition fees and expenses APS becomes aware of during its ordinary course billing review and reconciliation. The remaining balance of the Retainer held by APS shall be applied to post-petition fees and expenses incurred by APS.

12. Notwithstanding anything in the Application or the CRO Engagement Letter to the contrary, APS shall (a) pass through the cost of such Contractors to the Debtors at the same rate that APS pays the Contractors; (b) seek reimbursement for actual costs only; (c) ensure that the Contractors are subject to the same conflict checks as required for APS; and (d) file with the Court disclosure(s) of the results of such conflict checks.

13. APS shall use its reasonable efforts to avoid any unnecessary duplication of services provided by any other retained professionals in these Chapter 11 Cases.

14. For the duration of these Chapter 11 Cases, there shall be no indemnification of APS, its affiliates, or the APS Personnel. Debtors shall indemnify Mr. Mesterharm and Mr. Boken in their capacity as corporate officers on the same terms provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policy.

15. For a period of three years after the conclusion of the engagement, neither APS nor its affiliates shall make any investments in the Debtors or the Reorganized Debtors.

16. To the extent that there may be any inconsistency between the terms of the Application, the Mesterharm Declaration, or the CRO Engagement Letter and this Order, the terms of this Order shall govern.

17. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

19. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119