| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | BOTTINI & BOTTINI, INC.<br>Francis A. Bottini, Jr. (SBN 175783)<br>Albert Y. Chang (SBN 296065)<br>Yury A. Kolesnikov (SBN 271173)<br>7817 Ivanhoe Avenue, Suite 102<br>La Jolla, California 92037<br>Telephone: (858) 914-2001<br>Facsimile: (858) 914-2002<br>Email: fbottini@bottinilaw.com<br>         achang@bottinilaw.com<br>         ykolesnikov@bottinilaw.com |
| 7<br>8 | *Counsel for Plaintiff Rick Bowlinger<br>in Bowlinger v. Chew, No. CGC-18-<br>572326 (Cal. Super. Ct. Cnty. of S.F.)* |



FILED
APR 10 2019
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re:*<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                        Debtors.<br><br>○ Affects PG&E Corporation<br>○ Affects Pacific Gas and Electric Company<br>● Affects Both Debtors<br><br>\* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**Plaintiff Rick Bowlinger and Bottini & Bottini, Inc.'s Memorandum of Points and Authorities in Opposition to the Debtors' Motion to Enforce the Automatic Stay Pursuant to 11 U.S.C. § 362(a)(3)**<br><br>Date: April 24, 2019<br>Time: 9:30 a.m.<br>Place: United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, California 94102 |

**Table of Contents**

I. INTRODUCTION ................................................................................................1

II. FACTUAL BACKGROUND ...............................................................................3

    A. Bowlinger's Shareholder Derivative Action in State Court ....................3

    B. The Post-Petition Filings in State Court .................................................3

III. LEGAL STANDARD ..........................................................................................4

IV. ARGUMENT ........................................................................................................5

    A. The Court Should Deny the Debtors' Motion Because the Automatic Stay Is Inapplicable to Actions Brought on Behalf of the Debtors ........................................................................................................5

    B. The Court Should Deny the Debtors' Motion Because the Automatic Stay Is Inapplicable to Shareholder Derivative Actions Brought by Non-Creditor Shareholders ......................................7

    C. The Court Should Reject the Debtors' Reservation of Rights to Seek Contempt Citations Because Bowlinger and His Counsel Have Not Violated and Will Not Violate the Automatic Stay .................9

V. CONCLUSION ....................................................................................................9

**Table of Authorities**

**Cases**

*Aronson v. Lewis*,
　473 A.2d 805 (Del. 1984) .................................................................................... 7

*Bader v. Anderson*,
　179 Cal. App. 4th 775 (2009) ..................................................................... 2, 7, 8

*Boucher v. Shaw*,
　572 F.3d 1087 (9th Cir. 2009) ............................................................................ 1

*CAMOFI Master LDC v. Associated Third Party Adm'rs*,
　No. 16-cv-0855-EMC,
　2018 U.S. LEXIS 23657 (N.D. Cal. Feb. 13, 2018) ........................................... 6

*Chugach Timber Corp. v. N. Stevedoring & Handling Corp.*,
　23 F.3d 241 (9th Cir. 1994) ............................................................................ 1, 7

*Gershman v Kiam*,
　498 A.2d 512 (Conn. Super. Ct. 1985) ............................................................... 8

*In re Black Elk Energy Offshore Operations, LLC*,
　No. 15-34287,
　2016 Bankr. LEXIS 2708 (Bankr. S.D. Tex. July 26, 2016) ............................. 6

*In re CIL, Ltd.*,
　No. 18-cv-2226,
　2018 U.S. Dist. LEXIS 83452 (S.D.N.Y. May 4, 2018) ..................................... 6

*In re Goodman*,
　991 F.2d 613 (9th Cir. 1993) .............................................................................. 9

*In re Grove Farm Fish & Poi, LLC*,
　No. 11-90031,
　2011 Bankr. LEXIS 3398 (D. Haw. Aug. 31, 2011) .......................................... 6

*In re Merrick*,
　175 B.R. 333 (9th Cir. B.A.P. 1994) ........................................................ *passim*

*In re Miller*,
　397 F.3d 726 (9th Cir. 2005) .............................................................................. 4

*In re Mortgs. Ltd.*,
　771 F.3d 1211 (9th Cir. 2014) ............................................................................ 4

*In re Nelson*,
　994 F.2d 42 (1st Cir. 1993) ................................................................................. 9

*In re Palmdale Hills Prop., LLC*,
　423 B.R. 655 (9th Cir. B.A.P. 2009) ........................................................... 4, 6, 8

*In re S.I. Acquisition, Inc.*,
    817 F.2d 1142 (5th Cir. 1987) .................................................................. 6, 7

*In re White*,
    186 B.R. 700 (9th Cir. B.A.P. 1995) .............................................................. 6

*Kamen v. Kemper Fin. Servs., Inc.*,
    500 U.S. 90 (1991) ....................................................................................... 7

*Liu v. Gold*,
    No. C14-1087-JCC,
    2014 U.S. Dist. LEXIS 163849 (W.D. Wash. Nov. 21, 2014) ................. 2, 8

*Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n*,
    892 F.2d 575 (7th Cir. 1989) ........................................................................ 8

*Price & Pierce Int'l, Inc. v. Spicers Int'l Paper Sales, Inc.*,
    50 B.R. 25 (S.D.N.Y. 1985) .......................................................................... 8

*Ross v. Bernhard*,
    396 U.S. 531 (1970) ...................................................................................... 7

*Ruskay v. Bennett*,
    73 A.D.2d 519 (N.Y. App. Div. 1979) .......................................................... 8

*United States v. Dos Cabezas Corp.*,
    995 F.2d 1486 (9th Cir. 1993) ...................................................................... 4

*Walters v. First Tenn. Bank, N.A.*,
    855 F.2d 267 (6th Cir. 1988) .................................................................. 2, 8

**Statutes**

11 U.S.C. § 362 .............................................................................................. *passim*

11 U.S.C. § 541 ........................................................................................................ 5

## I. INTRODUCTION

The Debtors' motion should be denied because it seeks to extend the automatic stay — in contravention of well-established law — to the pre-petition shareholder derivative action, brought by plaintiff Rick Bowlinger on behalf of nominal defendants PG&E Corporation and Pacific Gas and Electric Company (collectively, the "Utility" or the "Debtors").[1] It is settled that the automatic stay under Section 362 "'does not protect non-debtor parties or their property.'" *Boucher v. Shaw*, 572 F.3d 1087, 1092 (9th Cir. 2009) (quoting *Chugach Timber Corp. v. N. Stevedoring & Handling Corp.*, 23 F.3d 241, 246 (9th Cir. 1994)). As such, courts in the Ninth Circuit and elsewhere have interpreted paragraph (3) of subsection 362(a) — the sole statutory basis for the Debtors' motion — to require a stay of only "actions '*against*' the debtor." *In re Merrick*, 175 B.R. 333, 336 (9th Cir. B.A.P. 1994) (emphasis in original). Put differently, as held in *Merrick*, "the automatic stay is inapplicable to suits *by* the bankrupt." *Id.* at 337 (emphasis in original).

*Merrick* precludes the application of Section 362 here because Bowlinger's Derivative Action is akin to a pre-petition action brought by the Debtors. Bowlinger, a long-term shareholder of the Utility, sued the non-debtor Individual Defendants in State Court over a month before the Utility petitioned for bankruptcy. Asserting only derivative claims on the Utility's behalf, Bowlinger seeks damages and injunctive relief for the Utility's benefit. Bowlinger's Derivative Action thus falls outside Section 362(a)(3)'s purview because it does *not* seek "to exercise control over property of the

---

[1] On December 24, 2018 — over a month before the Utility petitioned for bankruptcy — Bowlinger filed a shareholder derivative complaint against certain current and former directors and officers of the Utility (the "Individual Defendants") in the Superior Court of California, County of San Francisco (the "State Court"), alleging common-law claims for breach of fiduciary duty, abuse of control, corporate waste, and unjust enrichment. The case is captioned *Bowlinger v. Chew*, No. CGC-18-572326 (Cal. Super. Ct. Cnty. of S.F.) (the "Derivative Action"). The Individual Defendants are non-debtors and are sued in their individual capacity. The Debtors are named only as nominal defendants.

1

estate," as the text of paragraph (3) provides. *See id.* at 336 (quoting 11 U.S.C. § 362(a)(3)). Under similar circumstances, courts across the country, including district courts in the Ninth Circuit, have declined to extend Section 362's automatic stay to shareholder derivative actions like the one brought by Bowlinger. *See, e.g., Liu v. Gold*, No. C14-1087-JCC, 2014 U.S. Dist. LEXIS 163849, at \*\*2–3 (W.D. Wash. Nov. 21, 2014) ("[the debtor], a nominal defendant in this shareholder derivative action, may not avail itself of the automatic stay provision"); *Walters v. First Tenn. Bank, N.A.*, 855 F.2d 267, 271 (6th Cir. 1988) (same). This Court should do the same here and reject the Debtors' attempt to extend the scope of the automatic stay.

Arguing the contrary, the Debtors cite no on-point authority. None of the cases cited by the Debtors support their impermissibly broad interpretation of Section 362(a)(3) to encompass pre-petition derivative actions brought by shareholders who are *not* creditors. As discussed below, each of those cases is distinguishable.

The fact that the trustee to be appointed for the Debtors may later take control of the claims asserted in the Derivative Action does not change the interpretation of Section 362(a)(3). For this future event does not — and cannot — alter the nature of Bowlinger's claims. Moreover, no trustee has yet been appointed.

In any event, by attempting to stretch the scope of Section 362(a)(3), the Debtors disregard one of the most basic rules in shareholder derivative litigation:

> A derivative lawsuit is in essence a consolidation in equity of two suits, one by the shareholder against the directors seeking an order that they sue those who have wronged the corporation, and the other by the corporation against the wrongdoers.

*Bader v. Anderson*, 179 Cal. App. 4th 775, 789 (2009). Bowlinger's right to compel the Utility's directors to sue the wrongdoers belongs to him as a shareholder of the Utility. This first part of the two-part derivative lawsuit does not belong to the Utility and thus cannot, even under the Debtors' theory, be subject to Section 362(a)(3).

In sum, the Debtors' motion lacks legal support and must be denied.

## II. FACTUAL BACKGROUND

### A. Bowlinger's Shareholder Derivative Action in State Court

The Derivative Action arises from the Individual Defendants' failure to implement adequate safety measures and to address safety and maintenance deficiencies relating to the Utility's power lines and transmission pipelines. Debtors' Ex. A ¶¶ 1–17.[2] Bowlinger, a long-term shareholder of the Utility (*id.* ¶ 20), alleges that despite their knowledge of the Utility's long history of safety violations (*id.* ¶¶ 56–78), the Individual Defendants put profit over safety and failed to maintain adequate infrastructure and to ensure the safe operation of power lines and pipelines. *Id.* ¶¶ 102–117. As a result, the Utility has incurred and continues to incur tens of billions of dollars in liability relating to the 2018 Camp Fire. *Id.* ¶¶ 155–163.

Seeking to hold the Individual Defendants accountable, Bowlinger brings claims on the Utility's behalf for breach of fiduciary duty, abuse of control, corporate waste, and unjust enrichment. *Id.* ¶¶ 179–195. Alleging that a litigation demand on the Utility's board is futile, Bowlinger's complaint sets forth facts demonstrating that the board faces a substantial likelihood of liability. *Id.* ¶¶ 164–178.

### B. The Post-Petition Filings in State Court

On February 1, 2019 — over a month after Bowlinger filed his complaint — the Utility filed a notice of bankruptcy stay in State Court. Declaration of Francis A. Bottini, Jr. ("Bottini Decl.") ¶ 4. Bowlinger filed a response on February 5, 2019, stating that the automatic stay is inapplicable to the non-debtor Individual Defendants. *Id.* ¶ 5. Bowlinger believed that, if the Debtors wished to extend the automatic stay to the non-debtor Individual Defendants, they should move this Court for such relief. *Id.* ¶ 7. On March 18, 2019, Bowlinger and the Utility jointly requested that the State Court continue a case management conference pending this Court's resolution of the Debtors' present motion to enforce the stay. *Id.* ¶ 10, Ex. 1.

---

[2] A copy of Bowlinger's December 24, 2018 complaint is attached as Exhibit A to the Declaration of Kevin W. Kramer submitted by the Debtors.

3

## III. LEGAL STANDARD

In seeking to enforce the automatic stay against Bowlinger and his counsel, the Debtors rely solely on paragraph (3) of subsection 362(a), which provides:

> (a) ... a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of —
>
> ...
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]

11 U.S.C. § 362(a)(3). Because the underlying facts are undisputed, this Court's decision on the Debtors' motion requires only statutory interpretation and is subject to *de novo* review on appeal. *See In re Mortgs. Ltd.*, 771 F.3d 1211, 1214 (9th Cir. 2014).

Aside from considering Section 362's text, the Court must interpret the section consistently with its policy — to "protect the estate from being depleted by creditors' lawsuits and seizures of property ... to provide the debtor breathing room to reorganize." *In re Palmdale Hills Prop., LLC*, 423 B.R. 655, 663 (9th Cir. B.A.P. 2009). Although the scope of the automatic stay is broad, it applies only to proceedings originally brought against the debtor. *In re Miller*, 397 F.3d 726, 729–30 (9th Cir. 2005). As such, actions against non-debtor third parties are stayed only if "the assets of the bankrupt estate are at stake." *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491 (9th Cir. 1993) (citations omitted). Accordingly, an action against a non-debtor third party is stayed under Section 362 where there is "such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor," or where "extending the stay against codefendants contributes to the debtor's efforts of rehabilitation." *Id.* at 1491 n.3 (citations and internal quotation marks omitted).

As discussed below, Section 362(a)(3) is inapplicable to the Derivative Action.

4

## IV. ARGUMENT

### A. The Court Should Deny the Debtors' Motion Because the Automatic Stay Is Inapplicable to Actions Brought on Behalf of the Debtors

Established case law in the Ninth Circuit precludes the application of Section 362 to pre-petition actions brought by the debtor:

> It is clear that § 362 does not stay the hand of the trustee from continuing to prosecute a pre-bankruptcy lawsuit instituted by the debtor.

*Merrick*, 175 B.R. at 337. In *Merrick*, the Ninth Circuit Bankruptcy Appellate Panel considered whether paragraphs (1) and (3) of subsection 362(a) applied to a pre-petition action brought by the debtor in state court. *See id.* at 334–36. The Panel answered the question in the negative. The bankruptcy trustee in *Merrick*, like the Debtors here (*see* Debtors' Mot. at 4), sought an impermissibly expansive construction of Section 362. *See id.* at 336. The trustee argued, as do Debtors here, that because the debtor's pre-petition claims constituted "property of the estate" under Section 541, litigation of such claims necessarily constituted an "act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," as prohibited by Section 362(a)(3). *Id.* Rejecting the trustee's argument, the Panel interpreted paragraphs (1) and (3) of subsection 362(a) to "contemplate [only] actions '*against*' the debtor":

> This distinction is the basis for language in the various subsections of § 362(a), where the statute uses the language "against the debtor," § 362(a)(1); "against property of the estate," § 362(a)(2); or "to exercise control over property of the estate," § 362(a)(3).... The only place where the language permits a broader view is § 362(a)(8), where the automatic stay applies to the "commencement or continuation of a proceeding before the United States Tax Court *concerning* the debtor." (emphasis added). Thus, the operative subsections in the case at hand, (a)(1) and (a)(3), contemplate actions "*against*" the debtor and not "concerning" the debtor, which is much broader.

*Id.* (emphases in original).

The same reasoning applies here and requires a denial of the Debtors' motion. *See id.* It is undisputed that Bowlinger's Derivative Action seeks damages and injunctive relief for the Debtors' benefit — not "'*against*' the debtor." *Id.* Thus, Section

5

362(a)(3) is inapplicable to the Derivative Action. This is especially so because *Merrick*'s interpretation of Section 362(a)(3) is consistent with its legislative purpose: to "protect the estate from being depleted by creditors' lawsuits and seizures of property ... to provide the debtor breathing room to reorganize." *See Palmdale Hills*, 423 B.R. at 663 (citing *In re White*, 186 B.R. 700, 704 (9th Cir. B.A.P. 1995)).

Arguing the contrary, the Debtors cite a string of inapposite cases.[3] *CAMOFI, Grove Farm, Black Elk*, and *S.I. Acquisition* are distinguishable because the plaintiffs in those cases were all creditors and had direct claims against the debtors at issue. Enforcing the automatic stay against the plaintiffs in *CAMOFI, Grove Farm, Black Elk*, and *S.I. Acquisition* is thus consistent with Section 362's purpose. The Debtors rely on *CIL*'s conclusory statement that "[t]he law is clear that derivative claims are assets of the [debtor's] estate and their prosecution violates the automatic stay." *See* Debtors' Mot. at 5 (quoting *CIL*, 2018 U.S. Dist. LEXIS 83452, at *9). Other than Section 362(a)(3) itself, however, the district court in *CIL* cited *no law* to support that broad statement. This Court should disregard that statement because it directly conflicts with *Merrick*'s interpretation of Section 362(a)(3).

In any event, in every one of the cases cited by the Debtors — *CAMOFI, Grove Farm, Black Elk, S.I. Acquisition*, and *CIL* — a trustee was appointed, and the trustee sought to stay the prosecution of the derivative claims there. In contrast, no trustee has been appointed in this Court for the Debtors' bankruptcy. The Debtors are now controlled by some of the Individual Defendants against whom recovery is sought in the Derivative Action. Under these facts, Section 362(a) cannot be applied

---

[3] *See* Debtors' Mot. at 4–5 (citing *CAMOFI Master LDC v. Associated Third Party Adm'rs*, No. 16-cv-0855-EMC, 2018 U.S. LEXIS 23657 (N.D. Cal. Feb. 13, 2018); *In re Grove Farm Fish & Poi, LLC*, No. 11-90031, 2011 Bankr. LEXIS 3398 (D. Haw. Aug. 31, 2011); *In re CIL, Ltd.*, No. 18-cv-2226, 2018 U.S. Dist. LEXIS 83452 (S.D.N.Y. May 4, 2018); *In re Black Elk Energy Offshore Operations, LLC*, No. 15-34287, 2016 Bankr. LEXIS 2708 (Bankr. S.D. Tex. July 26, 2016); and *In re S.I. Acquisition, Inc.*, 817 F.2d 1142 (5th Cir. 1987)).

6

to provide relief for the non-debtor Individual Defendants. *See Chugach Timber*, 23 F.3d at 246 (Section 362 "does not protect non-debtor parties or their property").

In sum, none of the cases relied on by the Debtors involves a pre-petition derivative action brought by a non-creditor shareholder on behalf of the debtor. Thus, these cases do *not* support the application of Section 362(a)(3) to the Derivative Action.[4] Absent legal support, the Debtors' motion must be denied.

**B.  The Court Should Deny the Debtors' Motion Because the Automatic Stay Is Inapplicable to Shareholder Derivative Actions Brought by Non-Creditor Shareholders**

In attempting to expand the scope of Section 362(a)(3), the Debtors disregard the "dual nature" of derivative actions. As the California Supreme Court held in *Bader*,[5] a "derivative lawsuit is in essence a consolidation in equity of two suits, *one by the shareholder against the directors seeking an order that they sue those who have wronged the corporation*, and the other by the corporation against the wrongdoers." *See* 179 Cal. App. 4th at 789 (emphases added). This "dual-nature" rule is settled law in shareholder derivative litigation. *See id.*; *accord Ross v. Bernhard*, 396 U.S. 531, 534–35 (1970) (noting "the dual nature of the stockholder's action: first, the plaintiff's right to sue on behalf of the corporation and, second, the merits of the corporation's claim itself"); *Aronson v. Lewis*, 473 A.2d 805, 811 (Del. 1984) (discussing the "two-fold" nature of a derivative action). Thus, under the "dual nature" rule, Bowlinger has a right, as a shareholder of the Utility, to compel its directors to bring claims against the Individual Defendants. It is therefore wrong for the Debtors to assert that the Derivative Action is entirely the property of the estate.

No law permits applying the automatic stay to prevent Bowlinger from

---

[4] The Ninth Circuit Panel in *Merrick* also distinguished *S.I. Acquisition*. *See Merrick*, 175 B.R. at 337.

[5] Because the Utility is incorporated in California (Debtors' Ex. A ¶ 21), California law applies to the issues relating to demand futility (the "first suit" described in *Bader*). *See Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 96–97 (1991).

7

asserting his right to prosecute derivative claims. This is so because Bowlinger is seeking to "protect the estate" consistent with Section 362's purpose, *see Palmdale Hills*, 423 B.R. at 663, and his "first suit" as described in *Bader* does not attempt to "exercise control over property of the estate" as provided in Section 362(a)(3). *See Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir. 1989) ("the automatic stay is inapplicable to suits *by* the [debtor]" because "there is ... no policy of preventing persons whom the bankrupt has sued from protecting their legal rights") (emphasis in original). This point cannot be disputed. Indeed, the Debtors have cited *no law* that requires applying the automatic stay to a non-creditor shareholder's prosecution of derivative claims on behalf of the corporation.

In fact, courts across the country that have considered the question have declined to stay pre-petition shareholder derivative actions under Section 362. In *Liu*, for example, a shareholder of Dendreon Corporation brought a derivative action in the Western District of Washington, alleging that Dendreon's directors breached their fiduciary duties. *See* 2014 U.S. Dist. LEXIS 163849, at *1. After the commencement of the derivative action, Dendreon petitioned for Chapter 11 bankruptcy. *See id.* Dendreon sought to impose the automatic stay on the derivative action. The court refused, reasoning that "a shareholder derivative suit is brought *on behalf of*, rather than against, the debtor corporation." *Id.* at *2 (emphases in original). In so holding, the court followed the Sixth Circuit's decision in *Walters*, 855 F.2d at 271, and the Southern District of New York's decision in *Price & Pierce International, Inc. v. Spicers International Paper Sales, Inc.*, 50 B.R. 25, 26 (S.D.N.Y. 1985). *See also, e.g., Ruskay v. Bennett*, 73 A.D.2d 519, 520 (N.Y. App. Div. 1979) (vacating an order staying derivative action); *Gershman v Kiam*, 498 A.2d 512 (Conn. Super. Ct. 1985).

*Liu*, *Walters*, and *Price & Pierce* are on-point. Their reasoning is sound and is consistent with *Merrick*. This Court should follow these on-point decisions and deny the Debtors' motion to apply the automatic stay to Bowlinger's Derivative Action.

8

### C. The Court Should Reject the Debtors' Reservation of Rights to Seek Contempt Citations Because Bowlinger and His Counsel Have Not Violated and Will Not Violate the Automatic Stay

There is *no* basis for the Debtors to seek contempt citations against Bowlinger and his counsel, Bottini & Bottini, Inc. *See* Debtors' Mot. at 6. As the Debtors concede, contempt citations are available only where a violation of the automatic stay is "willful." *See In re Goodman*, 991 F.2d 613, 620 (9th Cir. 1993). Here, Bowlinger and his counsel have done nothing that remotely rises to willful violation of Section 362.

In terms of law, as demonstrated above, Section 362 is inapplicable to the Derivative Action. Bowlinger and his counsel are entitled to rely on the circuit precedent and on-point case law cited above when they rejected the Debtors' position regarding the automatic stay. *See In re Nelson*, 994 F.2d 42, 45 (1st Cir. 1993) (denying sanctions because the party was "reasonable" in "believ[ing] that the property was not part of the bankruptcy estate"). In terms of fact, Bowlinger and his counsel have consistently taken the position that this Court should decide the scope of the automatic stay. *See* Bottini Decl. ¶¶ 7, 9. Since the commencement of the bankruptcy petition, Bowlinger and his counsel have filed only one case management statement — jointly with the Utility's counsel — in compliance with the State Court's order. *See id.* ¶¶ 10–11. As such, Bowlinger and his counsel have done nothing to violate the automatic stay.

### V. CONCLUSION

For all the foregoing reasons, the Court should deny the Debtors' motion to enforce the automatic stay against plaintiff Bowlinger and his counsel.

Dated: April 10, 2019

Respectfully submitted,

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr. (SBN 175783)
Albert Y. Chang (SBN 296065)
Yury A. Kolesnikov (SBN 271173)

*Francis A. Bottini, Jr./ayc*
Francis A. Bottini, Jr.

9

| | |
|---|---|
| 1 | 7817 Ivanhoe Avenue, Suite 102 |
| 2 | La Jolla, California 92037<br>Telephone: (858) 914-2001 |
| 3 | Facsimile: (858) 914-2002<br>Email: fbottini@bottinilaw.com |
| 4 | achang@bottinilaw.com<br>ykolesnikov@bottinilaw.com |

*Counsel for Plaintiff Rick Bowlinger in Bowlinger v. Chew, No. CGC-18-572326 (Cal. Super. Ct. Cnty. of S.F.)*

10