**PORTER LAW GROUP, INC.**
William L. Porter, Esq. [133968]
Hannah C. Kreuser, Esq. [322959]
7801 Folsom Boulevard, Suite 101
Sacramento, California 95826
Telephone: 916-381-7868
Facsimile: 916-381-7880

Attorneys for
**TOWNSEND & SCHMIDT MASONRY**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>-and-<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>Debtors | Case Nos.   19-30088 (DM)<br><br>                  19-.0089 (DM)<br><br>Chapter 11<br><br>(Jointly Administered) |
| ☐   Affects PG&E Corproation<br><br>☐   Affects Pacific Gas and Electric Company<br><br>X   Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088(DM)* | **NOTICE PURSUANT TO 11 U.S.C. § 546(b)(2) RELATED TO PERFECTION, MAINTENANCE AND ENFORCEMENT OF MECHANICS LIEN CLAIMS** |

TOWNSEND & SCHMIDT MASONRY ("TSM"), by and through its undersigned counsel, hereby (i) provides notice pursuant to 11 U.S.C. § 546(b)(2) of a mechanics lien,

-1-

corresponding to a secured claim, and enforcement rights it holds against property of one or both of PG&E CORPORATION and PACIFIC GAS & ELECTRIC COMPANY (collectively "Debtors") and (ii) reserves all related and other rights claims and interests it may have in the subject Chapter 11 cases. In support hereof, TSM states as follows:

### Section 546(b)(2) Notice

1. TSM is a California corporation authorized to do business under the laws of the State of California, and duly licensed by the Contractors' State License Board to operate as a masonry contractor, holding a class C29 license under license number 186559.

2. In accordance with a subcontract agreement ("Subcontract") dated December 28, 2018, and entered into between TSM and Lamon Construction Co., Inc., TSM furnished labor, services, equipment and material in connection with works of improvement to certain real property located at 2111 Hillcrest Avenue, Antioch, CA 94509, also known as the PG&E SC Security Program - Area 2 ("Property"). A true and correct copy of this Subcontract is attached hereto as *Exhibit 1*. The works of improvement were performed under contract and/or at the special request and instance of one or more of the Debtors and with their actual or constructive knowledge. One or more of the Debtors holds or claims an ownership interest in the Property.

3. On or about January 4, 2019, pursuant to California Civil Code §§ 8034(a), 8102, 8106-8118, 8200 et seq., TSM served a California Preliminary Notice on Debtors. Attached hereto as *Exhibit 2* is a true and correct copy of TSM's California Preliminary Notice and proof of mailing.

4. Having provided labor, materials, services and equipment under the Subcontract, and within the time required by California law, TSM recorded a verified claim of mechanics lien in the office of the County Recorder of Contra Costa. At the time of recording the verified claim of mechanics lien, the principal amount remaining due, owing and unpaid for its work on the Property was $65,945.00, excluding interest, and the cost of verifying and recording the mechanics lien claim. Attached hereto as *Exhibit 3* is a true and correct copy of TSM's

mechanics lien, recorded on or about April 4, 2019, with the Contra Costa County Recorder's Office and proofs of mailing.

5. Prior to the January 29, 2019 petition date ("Petition Date"), the aggregate amount owed to TSM for the labor, services, equipment and material furnished in connection with the works of improvement described above was at least $65,945.00, exclusive of accruing interest and other charges, with additional amounts owing and accruing after the Petition Date (collectively, "Indebtedness"). To the date of filing of this Notice, all of the Indebtedness remains outstanding and owed to TSM.

6. Under California Civil Code § 8460(a), a claimant is ordinarily required to commence an action to enforce a mechanics lien "within 90 days after recordation of the claim of lien." However, at present, TSM is prevented from commencing appropriate actions to enforce its mechanics lien in Contra Costa County ("Action") as a result of the institution of the subject Chapter 11 cases and the application of the automatic stay of 11 U.S.C. § 362(a) ("Automatic Stay").

7. Section 546(b)(2) of the Bankruptcy Code provides in pertinent part that when applicable law requires commencement of an action to perfect, or to maintain or continue the perfection of, an interest in property and an action has not been commenced prior to the petition date, then such perfection, or maintenance or continuation of perfection, may be accomplished by a claimant instead "giving notice within the time fixed by such law" for commencement of such action.

8. Accordingly, TSM hereby provides notice that (a) it is the holder of the verified and recorded mechanics lien, as described above, and corresponding Secured Claim to the Property under California law; (b) but for the Automatic Stay it would have timely commenced an appropriate Action pursuant to California law in Contra Costa County to enforce such mechanics lien and Secured Claim; and (c) it intends in all respects to fully perfect, maintain, preserve and continue the perfection of its mechanics lien on the Property and to enforce and

realize upon its corresponding Secured Claim in accordance with the requirements of California State law, 11 U.S.C. §§ 362(a), 362(b)(3) and 546(b)(2), and any other applicable law. Without limiting the generality of the foregoing, this notice constitutes the legal equivalent of having filed a mechanics lien in the Recorder's Office of Contra Costa County for the pertinent works of improvement and respective amount of Indebtedness, and then having commenced an Action to enforce and foreclose such mechanics lien in the proper court.

## Reservation of Rights

9. In the interests of economy and efficiency, TSM has filed this single Notice in the above-captioned Chapter 11 cases intending and expecting it to apply or pertain separately and individually to (a) the continued perfection of the subject mechanics lien; (b) the Action that otherwise would have been commenced by TSM in accordance with California State law to maintain, enforce and realize upon its corresponding Secured Claim; (c) TSM's exercise of any other rights under or satisfaction of any other requirements of 11 U.S.C. § 546(b)(2) in the circumstances.

10. TSM reserves the right to supplement, amend or otherwise alter this Notice from time to time as may be necessary or appropriate to conform to, or to adapt to changes in, facts or law, determinations yet to be made in the subject Chapter 11 cases or in other proceedings, or otherwise to further the purposes of filing this Notice. Without limiting the generality of the foregoing, TSM reserves the right, if deemed necessary or appropriate, to include specific or additional pre-petition or post-petition amounts, and to state a total amount of the Indebtedness or any component thereof that would be owed by a Debtor upon the effective date of any plan of reorganization or liquidation, the date of any distribution or payment with respect to TSM's Secured Claim or any other appropriate date(s).

11. TSM reserves the right to request modification of the Automatic Stay, determinations with respect to the validity, priority or extent of its mechanics lien and Secured Claim, and adequate protection of, or any other relief in relation to its mechanics lien and

Secured Claim.

12. TSM reserves the right to assert against either of the Debtors any and all claims and interests that are not encompassed by the mechanics lien and Secured Claim, including additional secured claims, administrative-priority claims or other claims that may have arisen before or after the Petition Date. Also, TSM reserves any rights, claims, actions, setoffs, or recoupments to which it is or may be entitled under contract or otherwise in law or equity with respect to either of the Debtors or their respective assets in the subject cases. In addition, TSM reserves any and all rights, claims, actions, and remedies it has or may have with respect to all entities other than Debtors, and nothing herein shall be considered an election not to pursue remedies against such entities.

Dated: April 11, 2019                                    **PORTER LAW GROUP, INC.**

                                                         By: /s/ Hannah C.Kreuser
                                                         Hannah C. Kreuser, Esq.
                                                         Attorneys for TOWNSEND & SCHMIDT
                                                         MASONRY

R:\Production\1\1000-1999 - Porter Law Group\1100-1199\1162 Townsend & Schmidt Masonry\PG&E\Notice of Perfection.wpd

# EXHIBIT 1

Lamon Construction Co., Inc.
General Contractors
871 Van Geldern, P.O. Box 632
Yuba City, CA 95991
P: 530-671-1370  F: 530-671-7482

## SUBCONTRACT
## 12/28/18

LAMON CONSTRUCTION CO., INC. hereinafter called Contractor, holder of California License No. 174828, and Townsend & Schmidt Masonry, license No. 186559, agree as follows: For the total contract price of **Two Hundred Ninety One Thousand Two Hundred and Eighty Dollars & 00/100 ($ 291,280.00)**, Subcontractor will complete in the best manner known to the trade the following scope of work:

**CMU Wall**

**The attached Subcontractor Bid letter is hereby made part of this contract as it relates to scope**

Completion Date: TBD
For: PG&E SC Security Program - Area 2
Situated at 2111 Hillcrest Avenue, Antioch, CA 94509

In accordance with the Plans, Specifications, Drawings, General Conditions, Special Conditions, Addenda, Amendments and Revisions of the Prime Contract, dated 12/08/17,

Subcontractor will supply all necessary materials, equipment, labor and supervision and will be bound to the extent hereinafter stated by the General Contract hereinafter mentioned. This Subcontract is to be performed in accordance with the construction schedule or as directed by the Contractor's Superintendent or a duly authorized representative and the contract price paid in the manner shown on the reverse side hereof. Contractor and Subcontractor each stipulates that he has read the General Contract and this agreement and has studied the drawings and specifications above referred to and by such reference incorporated in this agreement, and that he is fully aware of the contents thereof. The provisions set forth on pages one, two and three hereof are hereby incorporated herein.

Subcontractor agrees:

a) To assume toward Contractor all obligations and responsibilities assumed by Contractor toward the Owner under any General Contract pertaining to the job which this Subcontract relates, to the extent that such obligation and responsibilities apply, generally or specifically, to the subject matter of this Subcontract.
b) To submit to Contractor all applications for payment under said General Contract.
c) To make all claims for extra work and for extensions of time upon Contractor in the manner provided in said General Contract for like claims by the Contractor upon the Owner. However, no change in addition to the contract price stated herein will be made by Subcontractor or paid by Contractor, whether the materials, labor, or otherwise, unless with prior written consent of Contractor.
d) To provide and maintain Worker's Compensation insurance as required by law and as will protect Subcontractor from loss or damage because of personal injuries, including death, to his employees and any of them; and such public liability insurance as will protect him from all claims for damages for personal injuries, including death, and for property damages, suffered by persons other than employees and arising from operations under this Subcontract, the limit of such insurance not to be less than $1,000,000 for each occurrence for personal injuries and property damage combined. Before starting work hereunder and otherwise at Contractor's request, Sub-contractor will furnish certificates issued by the insurance company to Contractor, evidencing that such insurance is in full force and that the insurance will not be cancelled or reduced without 30 days written notice to the Contractor. The certificate of liability insurance shall show that liability assumed under this Subcontract is covered. Subcontractor shall name owners, leasees, or contractors, as the case may be, as additionally insured.
e) To indemnify and hold harmless Owner and Contractor and their joint and respective officers, agents, and employees, from all liability, active or passive, loss damage, claims, suits, and actions of every type brought for, or on account of, any actual or alleged personal injury, death, property loss, violation of patent right, or any other damage sustained, or claimed to have been sustained by any person, corporation or legal entity, including employees of Subcontractor, however the same may have been caused (excluding those arising from sole negligence or willful misconduct of the Owner or Contractor or of any other person) and in any way connected with, or directly or indirectly arising out of, the performance of this contract or the work hereunder, or the materials used in such work or performance, or the use or occupation of any premises, facility, equipment or service in connection with such work or performance, including all attorney's fees and incidental loss incurred or sustained by Owner or Contractor or by any officer, agent or employee of Owner or Contractor as a result of any such claim, suit or action, and upon demand to defend every such claim, suit or action brought or made against Owner or Contractor and to pay all costs, expenses, attorney's fees, and incidental loss and damage attributed to such defense, whether or not such defense is actually undertaken by Subcontractor, and should Owner or Contractor bring any suit or action or cross-complaint to compel performance of or to recover for breach of, any convenant or condition contained herein including a suit, cross-complaint to compel performance of, or recover for breach of, the indemnification and hold harmless provisions of this contract, Subcontractor shall pay Owner or Contractor the reasonable attorney's fees incurred by Owner or Contractor therein, in addition to his costs of suit and the amount of any judgement obtained by Owner or Contractor as a result of such suit, action or cross-complaint.

RECEIVED
JAN - 4 2019
BY:

f) To provide at Contractor's expense within ten days, if requested by Contractor, a corporate surety bond satisfactory to Contractor and conditioned for the full and faithful performance of this Subcontract and payment for labor and materials covered hereby. Contractor will nominate the broker on said bond.

g) The Contractor has no responsibility to protect Subcontractor's materials and equipment from damage or loss caused by any Act of God, strike, riot or other natural element. Subcontractor shall be responsible for his own work and shall carry all necessary insurance to protect his own as well as Contractor's interest in his work as it progresses until it is completed and accepted by Contractor and by Owner.

h) To remove from this site, as work progresses and upon completion, all surplus materials, rubbish and waste must be removed or Subcontractor will reimburse Contractor for doing so.

i) To pay for all materials furnished and work and labor performed under this Subcontract and all social security and unemployment insurance levies relating thereto, to the extent validly applicable to work done hereunder, to comply with all provisions of any collective bargaining agreements executed by Contractor or on Contractor's behalf, including without limitation provisions for health, welfare, or any other fringe benefit plans, to include a similar provision in any further subcontracts, binding on all lower tier Subcontractors and to hold Owner and Contractor harmless for all claims, suits and liens relating to work contracted hereunder brought by others than Subcontractor.
Contractor, at his own discretion, may elect to utilize a joint check agreement to ensure that Subcontractor properly disburses the subcontract funds to the Subcontractor's material suppliers and lower-tier Subcontractors. Subcontractor agrees to sign and abide by the provisions of the joint check agreement.

j) To obtain and pay for all permits, licenses, official inspections and taxes made necessary by his own work and to comply with all laws, ordinances and regulations bearing on his work and the conduct thereof, including but not limited to Occupational Safety and Health Act requirements and California Division of Industrial Safety orders and all Equal Employment Opportunity requirements as may be applicable to his work imposed upon his work by any government agency.

k) To hold Contractor harmless from any prosecutions or penalties that may result from any proceedings instituted by the Department of Labor under the Occupational Safety and Health Act or the State of California for the violation of any law or safety order regarding Subcontractor's work, materials furnished or equipment used and to make no claim for damages because of any court order or governmental regulation imposed on this work to enforce socio-economic or environmental statutes or regulations.

l) To warrant and guarantee his work and materials, and to make good, at his own expense, all defects in materials or workmanship which may occur or develop prior to one year after completion or Contractor's release from responsibility to the Owner thereof, whichever shall be later. No payment shall operate as approval of said work or materials or any part thereof or be construed as a waiver of any provisions of this Subcontract.

m) That should Subcontractor fail to prosecute his work with promptness and diligence, Contractor may, at his option and after three days written notice to Subcontractor, terminate this subcontract and complete work of Subcontractor. If the expense incurred by the Contractor in so completing is less than the balance due Subcontractor, such difference shall be paid to Subcontractor by Contractor. If the expense exceeds said unpaid balance, Subcontractor shall pay such excess to Contractor. An email or letter sent by First Class United States Mail to the last known address of the Subcontractor shall be sufficient notice hereunder.

n) To perform his work promptly, so that construction will not be delayed. If Contractor is required to pay a penalty or liquidated damages because of failure to complete said General Contract within the time specified therein and said failure is a result of Subcontractor's failure to perform his contract promptly, Subcontractor will the reimburse Contractor all penalties and damages so paid by Contractor, to the extent that said penalties and damages result from said failure.

o) To cooperate with Contractor and all other Subcontractors and material men employed on the work in order to avoid complications and insure first class workmanship in every respect and to employ only persons whose work will be acceptable to and in harmony with other workers on the job. Neither Subcontractor nor any of their employees shall discuss their work or that of others with owners or prospective owners.

p) To familiarize yourself thoroughly with the building site conditions and with the request for quotations, instructions to bidders, bulletins issued prior to the date for receiving or proposals, plans, and specifications and to be familiar with shipping and delivery facilities and all other matters and conditions affecting the operation and completion of said work and to assume all risk therein.

q) That no assignments of this Subcontract or of any money due which may become due hereunder shall be made without written consent of Contractor.

Contractor agrees:

r) To be bound to the Subcontractor by all of the obligations that the Owner assumes to Contractor under said General Contract and by all of the provisions thereof affording remedies and redress to Contractor from the Owner.

s) To Pay Subcontractor upon receipt of each payment received from the Owner, the portion of said payment allowed to Contractor on account of Subcontractor's work, to the extent of Subcontractor's interest therein less any percentage retained under said General Contract. In the event that no General Contract or similar document exists, Subcontractor will be paid upon satisfactory evidence of his work. In no event, however, will payments be made until Subcontractor has furnished Contractor satisfactory evidence of freedom from liens if requested. The Contractor reserves the right to retain out of the monies due or to become due to the Subcontractor, an amount sufficient to indemnify the Contractor against loss by reason of lien or claim against Subcontractor, including cost of litigation thereunder, if the Contractor might be held directly or indirectly liable for such lien or claim, until such liability shall cease to exist; to require as a prerequisite to making any payment to the Subcontractor, satisfactory evident that the Subcontractor has paid or made arrangements to pay which are satisfactory to the Contractor, at least ninety (90%) percent of the cost of the total work (labor, materials, taxes, etc.) for which such payment is to be made.

t) To pay Subcontractor a just share of any insurance monies received on account of loss to Subcontractor's work.

u) That all claims for services rendered or material furnished by Contractor to Subcontractor shall be given to Subcontractor by Contractor during the first ten days of the calendar month following that in which the claim originated.

v) To give Subcontractor an opportunity to be present and to submit evidence in any arbitration involving his work.

Both parties agree:

w) That the term "General Contract" as used herein shall extend to any document or documents or similar purport, including sales agreements, drawings, plans and specifications and all other instruments affecting Contractor's rights and obligations pertaining to the work to which this Subcontract relates, and the term "Owner" shall, whenever such interpretation is possible, be extended to include any purchaser and any lender referred to in such document or documents. Interpretation of this Subcontract shall favor the applicability of every provision hereof to the subject matter covered, but the inapplicability of any provisions shall not reduce the force and effect of any other provision hereof
x) To submit disputes to arbitration by the American Arbitration Association, not withstanding any other provisions of this contract.
y) That the provisions of paragraphs (e), (g), (j) and (k) above, and all other provisions susceptible of applicability under the rule of interpretation stated in the foregoing paragraph (w), shall apply whether or not this agreement (Subcontract) be for rental of equipment, either with or without operator, or for purchases.

IN WITNESS WHEREOF the parties hereto have hereunto set their hands this 28th day of December, 2018.

Townsend & Schmidt Masonry
8788 Elder Creek Road
Sacramento, CA 95828

By _____
Name: Troy D. Brewer, Vice President
Subcontractor's License No. 186559

Lamon Construction Co., Inc.
871 Von Geldern Way.
Yuba City, CA 95991

By _____
Steve Ithurburn, President
Contractor's License No. 174828

# Lamon
## CONSTRUCTION CO., INC.

To: Townsend & Schmidt Masonry
8788 Elder Creek Road
Sacramento, CA 95828

DATE: 01/03/19
ATTENTION:
Re: PG&E SC Security Program Area 2

WE ARE SENDING-
X ATTACHED
☐ UNDER SEPARATE COVER VIA _____
☐ PRINTS
☐ CHANGE ORDER
☐ SHOP DRAWINGS
☐ COPY OF LETTER
☐ PLANS
☐ SPECIFICATIONS
☐ SAMPLES
☐ BILLING

| COPIES | DATE | NUMBER | DESCRIPTION |
|---|---|---|---|
| 1 | | | Executed Subcontract Agreement |
| | | | |
| | | | |
| | | | |

TRANSMITTED-

X FOR REVIEW
☐ APPROVED AS SUBMITTED
☐ APPROVED AS NOTED
☐ RETURNED FOR CORRECTIONS
☐ SUBMIT _____ COPIES FOR REVIEW

☐ FOR YOUR SIGNATURE
X FOR YOUR USE
☐ AS REQUESTED
☐ SUBMIT _____ CORRECTED PRINTS

SIGNED _____
Annelies Ureel
Contract Administrator

RECEIVED
JAN - 4 2019
BY: ..........................

California Lic. No. 174828
871 Von Geldern Way  PO Box 632  Yuba City, CA 95991
Tele 530-671-1370  Fax 530-673-6501

# EXHIBIT 2

# CALIFORNIA PRELIMINARY NOTICE

FOR USE ON PRIVATE AND PUBLIC WORKS - SEE CIVIL CODE SECTIONS 8200, ET SEQ., 9300, ET SEQ.

## NOTICE TO PROPERTY OWNER (PRIVATE WORKS ONLY)

EVEN THOUGH YOU HAVE PAID YOUR CONTRACTOR IN FULL, if the person or firm that has given you this notice is not paid in full for labor, service, equipment, or material provided or to be provided to your construction project, a lien may be placed on your property. Foreclosure of the lien may lead to loss of all or part of your property. You may wish to protect yourself against this by (1) requiring your contractor to provide signed release by the person or firm that has given you this notice before making payment to your contractor, or (2) any other method that is appropriate under the circumstances. This notice is required by law to be served by the undersigned as a statement of your legal rights. This notice is not intended to reflect upon the financial condition of the contractor or the person employed by you on the construction project. If you record a notice of cessation or completion of your construction project, you must within 10 days after recording, send a copy of the notice of completion to your contractor and the person or firm that has given you this notice. The notice must be sent by registered or certified mail. Failure to send the notice will extend the deadline to record a claim of lien. You are not required to send the notice if you are a residential homeowner of a dwelling containing four or fewer units.

**YOU ARE HEREBY NOTIFIED:**
THE NAME AND ADDRESS OF THE PERSON OR FIRM WHO HAS FURNISHED OR WILL FURNISH
LABOR, SERVICES, EQUIPMENT AND/OR MATERIAL OF THE FOLLOWING DESCRIPTION IS:

DATE: 01/04/2019

| INDIVIDUAL OR FIRM | TOWNSEND & SCHMIDT MASONRY (NAME) <br> 8788 ELDER CREEK ROAD (ADDRESS) <br> SACRAMENTO, CA 95828 (CITY) (STATE) (ZIP) <br> BY (SIGNATURE) Robin J. Tuyul <br> OFFICE MANAGER (TITLE)   01/04/2019 (DATE) | MASONRY MATERIAL, LABOR, AND EQUIPMENT (MATERIALS LABOR, SERVICES OR EQUIPMENT FURNISHED OR TO BE FURNISHED) <br> PG&E ANTIOCH SC CMU WALL <br> 2111 HILLCREST AVENUE (ADDRESS OF BUILDING, STRUCTURE, WORK OF IMPROVEMENT) <br> ANTIOCH, CA 94509 (CITY) (STATE) (ZIP) |

THE NAME AND ADDRESS OF THE PERSON WHO CONTRACTED FOR THE PURCHASE OF (PRIVATE WORKS) OR WHO WILL BE FURNISHED (PUBLIC WORKS) SUCH LABOR, SERVICE EQUIPMENT AND/OR MATERIAL IS:  _LAMON CONSTRUCTION CO, INC._

| TO OWNER OR REPUTED OWNER OR PUBLIC ENTITY | PACIFIC GAS & ELECTRIC (PG&E) <br> 245 MARKET STREET <br> SAN FRANCISCO, CA 94105 | TO DIRECT CONTRACTOR OR REPUTED CONTRACTOR | ROEBBELEN CONTRACTING, INC. <br> 1241 HAWKS FLIGHT COURT <br> EL DORADO HILLS, CA 95762 |
| TO DIRECT CONTRACTOR OR REPUTED CONTRACTOR | LAMON CONSTRUCTION CO, INC. <br> 871 VON GELDERN WAY <br> YUBA CITY, CA 95991 | TO LEASE HOLD OWNER OR TRUST FUND | NONE |
| TO CONSTRUCTION LENDER OR REPUTED CONSTRUCTION LENDER | NONE | ESTIMATED PRICE OF THE LABOR, SERVICES, EQUIPMENT, AND/OR MATERIALS DESCRIBED HEREON: | $ 291,280.00 |

## PROOF OF SERVICE DECLARATION
(§3097.1 CALIFORNIA CIVIL CODE)

I, _ROBIN J. TUYUL_ declare that I served copies of the above CALIFORNIA PRELIMINARY NOTICE (check appropriate box).

a. [ ] By personally delivering copies to _____ at _____
on _____ (date) 20 ___, at _____ (time) m.

b. [X] By first Class Certified or Registered Mail service, postage prepaid, addressed to each of the parties at the addresses shown above on _01/04/2019_ (date)

I declare under penalty of perjury that the foregoing is true and correct.

Signed at _SACRAMENTO,_ California, on _01/04/2019_

ATTACH RECEIPTS OF CERTIFIED OR REGISTERED MAIL WHEN RETURNED
(signature of person making service)



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: 18017

LAMON CONSTRUCTION CO, INC.
871 VON GELDERN WAY
YUBA CITY, CA 95991

9590 9402 2505 6306 0862 07

2. Article Number (Transfer from service label)
7017 1450 0000 4351 4257

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

RECEIVED JAN - 9 2019 BY:

D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted
☐ Collect on Delivery
☐ Collect on Delivery Restricted
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt



**U.S. Postal Service™ CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

YUBA CITY, CA 95991

Certified Mail Fee: $3.45
18017

Extra Services & Fees
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required $ $0.00
☐ Adult Signature Restricted Delivery $ $0.00

Postage: $1.63
Total Postage and Fees: $7.83

Postmark Here  JAN - 4 2019
USPS 01/04/2019

Sent To: LAMON CONSTRUCTION CO, INC.
Street and Apt. No., or PO Box No.: 871 VON GELDERN WAY
City, State, ZIP+4®: YUBA CITY, CA 95991

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions







# EXHIBIT 3

Recording Requested By:

TOWNSEND & SCHMIDT MASONRY

When Recorded Mail To Claimant at:
Name TOWNSEND & SCHMIDT MASONRY
Street Address 8788 ELDER CREEK ROAD
City & State, Zip SACRAMENTO, CA 95828

CONTRA COSTA Co Recorder Office
JOSEPH CANCIAMILLA, Clerk—Recorder
DOC— 2019-0046609-00
Check Number vck mb
Thursday, APR 04, 2019 14:32:19
LIE $7.00 | MOD $3.00 | REC $13.00
FTC $2.00 | DAF $2.70 | REF $0.30
RED $1.00 | ERD $1.00 | SB2 $75.00
Ttl Pd $105.00   Nbr-0003437954
MLB / RU / 1-3

SPACE ABOVE THIS LINE FOR RECORDERS USE

# CLAIM OF MECHANICS LIEN
(CA Civil Code § 8400 et seq)

THE UNDERSIGNED CLAIMANT, TOWNSEND & SCHMIDT MASONRY (correct full name as on contractor's license, if applicable or records of Secretary of State), CLAIMS A LIEN FOR LABOR, SERVICES, EQUIPMENT, AND/OR MATERIALS UNDER CALIFORNIA CIVIL CODE SECTION 8416 ET SEQ., UPON THE PREMISES HEREINAFTER DESCRIBED, AND UPON EVERY ESTATE OR INTEREST IN SUCH STRUCTURES, IMPROVEMENTS AND PREMISES HELD BY ANY PARTY HOLDING ANY ESTATE THEREIN.

THE LABOR, SERVICES, EQUIPMENT, AND/OR MATERIALS, WERE FURNISHED FOR THE CONSTRUCTION OF THOSE CERTAIN BUILDINGS, IMPROVEMENTS, OR STRUCTURES, NOW UPON THAT CERTAIN PARCEL OF LAND SITUATED IN THE COUNTY OF SACRAMENTO [handwritten: Contra Costa] STATE OF CALIFORNIA, SAID LAND DESCRIBED AS FOLLOWS:

Address: 2111 HILLCREST AVENUE - ANTIOCH, CA 94509

and/or Sufficient Description: PG&E ANTIOCH SC CMU WALL (PARCEL NO. 068100024)

**LIEN NOTICE MAILED**

THE MECHANICS LIEN IS CLAIMED FOR THE FOLLOWING GENERALLY DESCRIBED WORK, LABOR, SERVICES, EQUIPMENT OR MATERIALS:

Description: MATERIAL, LABOR AND EQUIPMENT TO PROVIDE MASONRY FOR THE PG&E ANTIOCH SC CMU WALL PROJECT

THE SUM OF $ 65,945.00, TOGETHER WITH INTEREST THEREON AT THE RATE OF 10 PERCENT PER DAY FROM JANUARY 31, 2019 (date when balance became due), IS DUE CLAIMANT, AFTER DEDUCTING ALL JUST CREDITS AND OFFSETS, FOR THE LABOR, SERVICES, EQUIPMENT, AND/OR MATERIALS FURNISHED BY CLAIMANT.

CLAIMANT FURNISHED THE LABOR, SERVICES, EQUIPMENT, AND/OR MATERIALS, AT THE REQUEST OF, OR UNDER CONTRACT WITH:
Name: LAMON CONSTRUCTION CO INC.
Address: 871 VON GELDERN WAY - YUBA CITY, CA 95991

THE OWNER(S) OR REPUTED OWNER(S) OF SAID PREMISES IS/ARE:
Name: PACIFIC GAS & ELECTRIC (PG&E)
Address: 245 MARKET STREET - SAN FRANCISCO, CA 94105

DATE: 04/04/2019

NAME OF CLAIMANT: TOWNSEND & SCHMIDT MASONRY
(Claimant Name)
BY: _____ (Signature of Claimant or Authorized Agent)
Kevin MacDonald

**VERIFICATION**

I, KEVIN D. MacDONALD, state: I am the PRESIDENT ("Owner of", "President of", Authorized Agent of", "Partner of", etc.) the claimant named in the foregoing Mechanics Lien. I have read said Mechanics Lien and know the contents thereof; the same is true of my own knowledge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on MARCH 4, 2019 (date), at SACRAMENTO (City), CA (State).

_____ (Signature of Claimant or Authorized Agent)

Porter Law Group, Inc. © 2015

Page 1 of 3

## NOTICE OF MECHANICS LIEN

### ATTENTION!

Upon the recording of the enclosed MECHANICS LIEN with the county recorder's office of the county where the property is located, your property is subject to the filing of a legal action seeking a court-ordered foreclosure sale of the real property on which the lien has been recorded. That legal action must be filed with the court no later than 90 days after the date the mechanics lien is recorded.

The party identified in the enclosed mechanics lien may have provided labor or materials for improvements to your property and may not have been paid for these items. You are receiving this notice because it is a required step in filing a mechanics lien foreclosure action against your property. The foreclosure action will seek a sale of your property in order to pay for unpaid labor, materials, or improvements provided to your property. This may affect your ability to borrow against, refinance, or sell the property until the Mechanics Lien is released.

**BECAUSE THE LIEN AFFECTS YOUR PROPERTY, YOU MAY WISH TO SPEAK WITH YOUR CONTRACTOR IMMEDIATELY, OR CONTACT AN ATTORNEY, OR FOR MORE INFORMATION ON MECHANICS LIENS GO TO THE CONTRACTORS' STATE LICENSE BOARD WEBSITE AT www.cslb.ca.gov.**

Please complete and sign <u>at least one</u> (1) of the following proofs of service and record it along with this 3-page Mechanics Lien: Always attempt to serve the owner or reputed owner. Per California Civil Code § 8416 (c)(2) you must use the "ALTERNATIVE PROOF OF SERVICE AFFIDAVIT" if the owner or reputed owner cannot be served under Civil Code Section 8416(c)(1). Note: There is no prohibition from using both proof of service affidavits and serving both the owner/reputed owner as well as the construction lender and/or original contractor.

## PROOF OF SERVICE AFFIDAVIT
California Civil Code Section 8416 (a)(7), (c)(1)

I, KEVIN D. MacDONALD, PRESIDENT, declare that I served a copy of the enclosed MECHANICS LIEN and NOTICE OF MECHANICS LIEN by Registered Mail, Certified Mail, or First Class Mail, evidenced by a certificate of mailing, postage prepaid, addressed to the following owner or reputed owner of the property PACIFIC GAS & ELECTRIC (PG&E),
(Name and title or capacity of person or entity served)
at the following address: 245 MARKET STREET - SAN FRANCISCO, CA 94105.
(Owner's residence or place of business or owner's address on building permit or otherwise as per California Civil Code Section 8174)

on this date: APRIL 4, 2019. Signed at SACRAMENTO, SACRAMENTO COUNTY,
(Month/Day/Year) (City, County of person making service)

on this date: APRIL 4, 2019.
(Month/Day/Year) (Signature of person making service)

## ALTERNATIVE PROOF OF SERVICE AFFIDAVIT
California Civil Code Section 8416 (a)(7), (c)(2)

Use this Alternative Proof of Service Affidavit if the owner or reputed owner cannot be served per California Civil Code § 8416 (c)(1), as specified above. Note: You may also use this Alternative Proof of Service if you have served the owner or reputed owner as specified above and also want to serve the construction lender and/or original contractor as an additional measure.

I, _____, declare that the owner or reputed owner of the property specified in the enclosed MECHANICS LIEN and NOTICE OF MECHANICS LIEN could not be served by Registered Mail, Certified Mail, or First Class Mail, evidenced by a certificate of mailing, postage prepaid as specified in California Civil Code § 8416 (c)(1) [or that I am also serving the Construction Lender and/or Original Contractor as an additional measure]. Therefore, pursuant to California Civil Code §8416 (c)(2), I served a copy of the enclosed MECHANICS LIEN and NOTICE OF MECHANICS LIEN by Registered Mail, Certified Mail or First Class Mail, evidenced by a certificate of mailing, postage prepaid, addressed to the

construction lender _____ at the following address:
(Name of construction lender)

_____ and/or to the
(Construction lender address)

original contractor _____ at the following address:
(Name of original contractor)

_____.
(Original contractor address)

on this date: _____. Signed at _____,
(Month/Day/Year) (City, County of person making service)

on this date: _____.
(Month/Day/Year) (Signature of person making service)

Porter Law Group, Inc. © 2015                Page 3 of 3

Case: 19-30088    Doc# 1353    Filed: 04/12/19    Entered: 04/12/19 09:07:47    Page 19 of 20

