TIMOTHY S. LAFFREDI (WI SBN 1055133)
Assistant United States Trustee
MARTA E. VILLACORTA (NY SBN 4918280)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
450 Golden Gate Avenue, Suite 05-0153
San Francisco, CA 94102
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: marta.villacorta@usdoj.gov

Attorneys for Andrew R. Vara,
Acting United States Trustee for Region 3[1]

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**,<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtors**.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>*\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br><br>Date:  May 22, 2019<br>Time:  9:30 a.m.<br>Place:  Hon. Dennis Montali<br>        450 Golden Gate Avenue<br>        16th Floor, Courtroom 17<br>        San Francisco, CA 94102 |

## MOTION OF THE UNITED STATES TRUSTEE FOR ORDER APPOINTING FEE EXAMINER AND ESTABLISHING PROCEDURES FOR CONSIDERATION OF REQUESTED COMPENSATION AND REIMBURSEMENT OF EXPENSES

Pursuant to 28 U.S.C. § 586 and 11 U.S.C. §§ 105(a) and 330, Andrew R. Vara, Acting United States Trustee for Region 3 (the "United States Trustee"), by and through his undersigned counsel, hereby moves (the "Motion") for an Order appointing a fee examiner (the "Fee Examiner") and for related modifications to the Court's *Order Authorizing the Debtors to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*,

---

[1] Andrew R. Vara, Acting United States Trustee for Region 3, is acting in this appointment for Tracy Hope Davis, United States Trustee for Region 17, who has recused herself.

ECF No. 701 (the "Interim Compensation Order"). The United States Trustee recommends that Professor Bruce A. Markell be appointed as the Fee Examiner based on his experience, character, and judgment. This recommendation is supported by Professor Markell's declaration and curriculum vitæ, each of which are attached as **Exhibit A**. The proposed form of order for Professor Markell's appointment is attached as **Exhibit B**.

## INTRODUCTION

The United States Trustee respectfully requests that the Court appoint a fee examiner to provide substantive analysis of the fee requests to be filed by the numerous estate professionals whose retentions have been authorized by the Court or are the subject of pending or forthcoming retention applications. Given the magnitude of these Chapter 11 cases and the number of retained professionals who will apply to this Court for compensation, scrutiny of professional fees will prove especially challenging. To meet these challenges and to ensure that all professional fee requests meet applicable Bankruptcy Code requirements, the Court should appoint a fee examiner. Because the Debtors' business affects a large segment of the general consumer public, such an appointment will also help ensure public confidence in the Bankruptcy System.[2]

## BACKGROUND

1. On January 29, 2019, the Debtors commenced the above-captioned cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. *See* ECF No. 1. No trustee has been appointed in the Debtors' cases. *See generally* Case Dockets.

2. The Debtors' Chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. ECF No. 207.

//
//

---

[2] The United States Trustee has engaged in discussions with counsel to the Debtors, the Official Committee of Unsecured Creditors, and the Official Committee of Tort Claimants regarding the relief sought in the Motion, the proposed order on the Motion, and the selection of a Fee Examiner. The United States Trustee is informed that the Debtors and the Committees do not presently oppose the appointment of a Fee Examiner.

Page -2-

3. On February 12, 2019, the United States Trustee appointed an Official Committee of Unsecured Creditors ("OCC"). *See* ECF No. 409. On February 15, 2019, the United States Trustee appointed an Official Committee of Tort Claimants ("TCC"). *See* ECF No. 453.

4. The section 341(a) meeting of creditors in these cases was called on March 4, 2019 and continued to April 29, 2019. *See* ECF Nos. 396, 736.

5. On February 27, 2019, the Court entered an Order Authorizing the Debtors to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals ("Interim Compensation Order"). ECF No. 701.

6. Following the filing, the Debtors have employed with Court approval (or applications are pending for) the following professionals:

   a. Weil, Gotshal & Manges, counsel for the Debtors;
   b. Keller & Benvenutti LLP, co-counsel for the Debtors;
   c. AP Services, LLC (Chief Restructuring Officer, Deputy Chief Restructuring Officer, and Additional Personnel);
   d. Lazard Frères & Co. LLC, Investment Banker for the Debtors;
   e. Jenner & Block LLP, special corporate defense counsel for the Debtors; and
   f. Cravath, Swaine & Moore LLP, corporate and litigation counsel for the Debtors.
   g. Munger, Tolles & Olson LLP as special counsel.

7. The TCC has filed applications to employ (i) Baker & Hostetler, LLP as its counsel, and (ii) Lincoln Partners Advisors LLC as its financial adviser.

8. The OCC has filed applications to employ (i) Milbank LLP as its counsel, (ii) FTI Consulting, Inc. as its financial advisors, and (iii) Centerview Partners LLC as its investment bankers.

## **AUTHORITY FOR THE APPOINTMENT OF A FEE EXAMINER**

Section 330(a)(3) of Title 11 sets forth the standards for authorizing compensation to professionals retained in bankruptcy cases:

Page -3-

> In determining the amount of reasonable compensation to be awarded ... the court shall consider the nature, the extent, and the value of such services, taking into account all factors, including–
>
>> (A) the time spent on such services;
>> (B) the rates charged for such services;
>> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>> (E) with respect to a professional person, whether the person … has demonstrated skill and experience in the bankruptcy field; and
>> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3). It is the Court's responsibility to review applications for compensation and reimbursement of expenses and to enter appropriate Orders on them. The United States Trustee is also charged with reviewing fee applications and commenting when appropriate. 28 U.S.C. § 586(a)(3)(A).

In complex cases, a number of bankruptcy courts have appointed fee examiners pursuant to Section 105 of the Bankruptcy Code. The role of a fee examiner is different from that of an examiner appointed under 11 U.S.C. § 1104(c) who is charged with conducting "an investigation of the debtor as is appropriate." 11 U.S.C. § 1104; *see also In re Collins & Aikman Corp.*, 368 B.R. 623, 625-627 (Bankr. E.D. Mich. 2007).

Fee examiners or fee review committees have been appointed in many significant and complex bankruptcy cases, including but not limited to *Energy Future Holdings Corp.*, ECF No. 1896, Case No. 14-10979-CSS (Bankr. D. Del.), *The Budd Company, Inc.*, ECF No. 346, Case No. 14-11873-JBS (Bankr. N.D. Ill.), *Lehman Brothers Holdings, Inc.*, ECF No. 3651, Case No. 08-13555-scc (Bankr. S.D.N.Y.), *Motors Liquidation Company (f/k/a General Motors)*, ECF No. 4708, Case No. 09-50026-reg (Bankr. S.D.N.Y.), *AMR Corp.*, ECF No. 2897, Case No. 11-15463-shl (Bankr. S.D.N.Y.), *Exide Technologies*, ECF No. 1283, Case No. 13-11482-KJC (Bankr. D. Del.), and *Mineral Park, Inc.*, ECF No. 274, Case No. 14-11996-KJC (Bankr. D. Del.).

Case: 19-30088    Doc# 1370    Filed: 04/12/19    Entered: 04/12/19 16:31:48    Page 4 of 12

The Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and guidelines issued by the bankruptcy courts and the Executive Office for U.S. Trustees impose fairly rigorous and detailed timekeeping and reporting standards on professionals.

> Even with electronic data and filing now widely in use, those detailed reporting requirements impose a significant burden on the courts: daily narrative time records for hundreds and, in some proceedings, thousands of timekeepers fill thousands of pages and hundreds of thousands of lines. On occasion, usually by stipulation, the bankruptcy courts have utilized fee auditors, fee examiners, and fee committees to provide quantitative and qualitative analysis and recommendations.

*Baker Botts L.L.P.* v. *Asarco, LLC*, 2014 WL 6984132 (Supreme Court December 10, 2014) (*Amicus Brief of Neutral Fee Examiners Supporting Neither Party*).

## ARGUMENT

### A. The Court Should Appoint a Fee Examiner

Given the size and complexity of these Chapter 11 cases, the United States Trustee requests that the Court appoint a fee examiner to review and report on as appropriate the monthly invoices submitted in accordance with the Interim Compensation Order and all interim and final applications for allowance of compensation and reimbursement of expenses filed by professionals retained under sections 327, or 1103 of the Bankruptcy Code or similar authority (the "Retained Professionals"), in accordance with sections 328, 330, and 331 of the Bankruptcy Code and the Interim Compensation Order (collectively, the "Applications").

The appointment of a fee examiner will promote consistency, predictability, and transparency when the Retained Professionals file their Applications. In addition, all parties will maintain their rights to review and contest any of the Applications.

Because the Debtors' business effects a large segment of the general consumer public, the appointment of a fee examiner will help ensure public confidence in the Bankruptcy system. *Cf.,* *In re Ionosphere Clubs, Inc.,* 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990)(where debtor's business

Case: 19-30088    Doc# 1370    Filed: 04/12/19    Entered: 04/12/19 16:31:48    Page 5 of 12

effects large segment of general public, consideration of public interest becomes a factor in deciding to appoint trustee).

**B. Duties of Fee Examiner**

The United States Trustee requests that any order appointing a fee examiner impose certain duties on the fee examiner (described below). Specifically, the Fee Examiner shall:

a. establish, subject to court review and approval, a Protocol for examining fees ("Protocol"), which shall contain procedures for the submission and consideration of monthly invoices, Interim Fee Applications, and Final Fee Applications filed by each Applicant in these Chapter 11 Cases;[3]

b. review Monthly Invoices, Interim Fee Applications and Final Fee Applications filed by each Applicant in these Chapter 11 Cases (along with the fee detail related thereto), and to the extent possible, the Fee Examiner shall avoid duplicative review;

c. during the course of his review of an Application, consult, as he deems appropriate, with each Applicant concerning such Application;

d. during the course of his review of an Application, review, to the extent appropriate, any relevant documents filed in these Chapter 11 Cases to be generally familiar with these Chapter 11 Cases and the dockets;[4]

e. within twenty-one (21) days after an Applicant files an Interim Fee Application or Final Fee Application, serve an initial report (the "Initial Report") on the Applicant designed to quantify and present factual data relevant to whether the requested fees, disbursements, and expenses are in compliance with the applicable standards of sections 328, 329, 330, and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and whether the Applicant (if required) has made a reasonable effort to comply with the United States Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "U.S. Trustee Guidelines");

---

[3] Capitalized terms in this paragraph shall take the meaning given them in the Interim Fee Order, entered February 28, 2019, as Docket Number 701.

[4] The Fee Examiner shall be deemed to have filed a request for notice of papers filed in these cases pursuant to Bankruptcy Rule 2002, and the Fee Examiner shall be served with all such papers.

f. during the period between service of the Initial Report and filing of the Final Report (as defined below), engage in written communication with each Applicant, the objective of which is to resolve matters raised in the Initial Report and to endeavor to reach consensual resolution with each Applicant with respect to that Applicant's requested fees and expenses. The Fee Examiner may also use the resolution process to revise findings contained in the Initial Report. Each Applicant may provide the Fee Examiner with written supplemental information that the Applicant believes is relevant to the Initial Report;

g. following communications between the Fee Examiner and the Applicant and the Fee Examiner's review of any supplemental information provided by such Applicant in response to the Initial Report, conclude the informal resolution period by filing with this Court a report with respect to each Application (the "<u>Final Report</u>") within fourteen (14) days after the service of the Initial Report. The Final Report shall be in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of each Applicant are in compliance with the applicable standards of section 330 of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules, and whether the Applicant has made a good faith reasonable effort to comply with the U.S. Trustee Guidelines; and

h. serve each Final Report on counsel for the Debtors, counsel for the Committees, the United States Trustee, and each Applicant whose fees and expenses are addressed in the Final Report.

**C. Authority of Fee Examiner**

The United States Trustee also requests that any Court Order appointing a Fee Examiner also authorize the Fee Examiner to:

a. notice, defend, or appear in any appeal regarding an Application;

b. conduct and respond to discovery in connection with any Application, including making himself available for deposition and cross-examination by the Debtors, the OCC, the TCC, the United States Trustee, and other interested parties consistent with Rule 706 of the Federal Rules of Evidence; and

c. retain, subject to Court approval, professionals (including attorneys and auditors) to represent or assist the Fee Examiner in connection with any of the foregoing.

Case: 19-30088    Doc# 1370    Filed: 04/12/19    Entered: 04/12/19 16:31:48    Page 7 of 12

**D. Compensation of Fee Examiner**

The fees and expenses of the Fee Examiner shall be subject to application and review pursuant to section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, *the United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, the U.S. Trustee Guidelines, and the Interim Compensation Order, and shall be paid from the Debtors' estates as an administrative expense under section 503(b)(2) of the Bankruptcy Code. The fees paid to the Fee Examiner for his services shall be determined and charged in accordance with sections 327-331 of the Bankruptcy Code and shall not include any success fees. Further, the Fee Examiner's expenses shall be subject to the information detail requirements set forth in Bankruptcy Rule 2016.

Should the Court decide to order the appointment of Professor Markell as the Fee Examiner, his Declaration discloses that he bills at an hourly rate of $900 per hour, subject to periodic revision that will be noticed in advance. Further, as set forth in his declaration, Professor Markell proposes the following fee structure for this appointment.

1. an initial, one-time, setup fee of $25,000; and thereafter,
2. a flat fee of $75,000 per month for the duration of this engagement.

The initial setup fee will cover the cost of preparing and obtaining approval of a fee protocol, the cost of obtaining and training staff, and will allow the development of data analytics and analysis that are based upon practice in the case thus far. Approximately $15,000 of the setup fee will be allocated to the fees and expenses of Joseph Tiano and his firm Legal Decoder, Inc. ("Legal Decoder"), whose data analytics software Professor Markell plans to use to perform my analyses in this case

From Professor Markell's monthly flat fee, he will pay all expenses of the engagement, including:

1. The subscription and licensing fees of Legal Decoder, whose data analytics software Professor Markell plans to use as the basis of his examinations for the

duration of his appointment. Legal Decoder will charge Professor Markell a flat monthly licensing fee of $40,000 for its license and related services;

2. The hourly fees to be charged by those Professor Markell employs as fee reviewers (at an estimated $50 to $100 per hour based on experience);

3. The costs and expenses related to any of Professor Markell's court appearances, together with all travel expenses related to any such court appearances. Professor Markell will not charge any time present in court or related to travel, nor will Professor Markell charge for meals incurred during his travels. Time and expenses for any other person that Professor Markell has employed, however, will be outside the flat fee, and subject to the next paragraph; and

4. All other costs and expenses incurred that, in the exercise of Professor Markell's judgment, are necessary or appropriate to fulfill his obligations as fee examiner after the initial setup phase. These include any expenses for (i) an office or for any services normally associated with an office (such as telephone, staff assistance or other items of overhead), and (ii) any reimbursements requested by Professor Markell's current employer, Northwestern University.

5. The flat fee compensation does **not** include:

    a. Travel and related expenses for anyone other than Professor Markell necessary for any court appearance requested by any party other than myself;

    b. Time spent by Professor Markell or anyone employed by Professor Markell which relates to responding to discovery requests of any type, or for any testimony, or for the preparation or of either. If such activities arise in the course of the fee examiner's appointment, they will be charged at the affected individual's then-currently hourly rate;

    c. Time spent by Legal Decoder's personnel for:

Case: 19-30088    Doc# 1370    Filed: 04/12/19    Entered: 04/12/19 16:31:48    Page 9 of 12

         i. preparation, normalization, reviewing, or manipulation of data or other information (both invoice data and professional biographical data) provided by professionals in non-LEDES format or not in compliance with data format and transfer requirements in the Fee Examiner protocol;

        ii. attending (in person or telephonically) any conference, deposition, hearing or other meeting; or

        iii. preparing any non-standard or customized report.

d. If any of the activities covered by the preceding sub-paragrph are undertaken by Legal Decoder personnel in the course of the fee examiner's appointment, Legal Decoder will bill their time monthly at an hourly rate ranging from $75 to $325 per hour (based on such individual's expertise), and the aggregate total added to Professor Markell's monthly flat fee. He will then pay the amount directly to Legal Decoder; or

e. time and expenses of any local counsel or other professional Professor Markell may hire to represent him in this matter.

### E. Immunity of Fee Examiner

The Fee Examiner, as an officer of the court, and those employed or paid by him with respect to this appointment shall be given the maximum immunity permitted by law from civil actions for all acts taken or omitted in the performance of his duties.

### F. Appointment of Chapter 11 Trustee

In the event a chapter 11 trustee is appointed in these cases, such appointment will not terminate or otherwise modify the duties and responsibilities of the Fee Examiner. The Fee Examiner's appointment shall only be terminated or otherwise modified by entry of an Order of the Court.

//

//

Page -10-

Case: 19-30088    Doc# 1370    Filed: 04/12/19    Entered: 04/12/19 16:31:48    Page 10 of 12

## **PROPOSED MODIFICATION TO THE INTERIM COMPENSATION ORDER**

Should the Court find that the appointment of a Fee Examiner is warranted under the circumstances, the United States Trustee requests entry of an Order submitted herewith that will supplement any interim compensation order previously entered in this case.

## CONCLUSION

The United States Trustee requests that the Court consider the foregoing, and appoint a Fee Examiner in these Chapter 11 cases subject to the terms herein, and grant such further relief as may be just. The United States Trustee recommends that the Court appoint Bruce A. Markell as the Fee Examiner according to the fee structure proposed in this motion and accompanying Declaration.

Dated: April 12, 2019

Andrew R. Vara
Acting United States Trustee, Region 3

By: /s/ Timothy S. Laffredi
Marta E. Villacorta
Timothy S. Laffredi
Attorney for United States Trustee