TIMOTHY S. LAFFREDI (WI SBN 1055133)
Assistant United States Trustee
CAMERON M. GULDEN (MN SBN 310931)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
450 Golden Gate Avenue, Suite 05-0153
San Francisco, CA 94102
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: cameron.m.gulden@usdoj.gov

Attorneys for Andrew R. Vara,
Acting United States Trustee for Region 3[1]

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION**, <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> **Debtors**. <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☑ Affects both Debtors <br><br> *\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) <br><br> (Jointly Administered) <br><br> Date: April 24, 2019 <br> Time: 9:30 a.m. (Pacific Time) <br> Place: Hon. Dennis Montali <br> 450 Golden Gate Avenue <br> 16th Floor, Courtroom 17 <br> San Francisco, CA 94102 |

## UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AUTHORITY TO RETAIN AND EMPLOY CENTERVIEW PARTNERS LLC AS INVESTMENT BANKER

Andrew R. Vara, Acting United States Trustee for Region 3 (the "United States Trustee"), by and through his undersigned counsel, hereby files this objection ("Objection") to

---

[1] Andrew R. Vara, Acting United States Trustee for Region 3, is acting in this appointment for Tracy Hope Davis, United States Trustee for Region 17, who has recused herself.

the Motion of the Official Committee of Unsecured Creditors for Authority to Retain and Employ Centerview Partners LLC as Investment Banker (ECF No. 1213, "Motion").[2]

This Objection is supported by the following memorandum of points and authorities and any argument the Court may permit.

**PRELIMINARY STATEMENT**

Rigorous compliance with professional retention rules is critical to the integrity and transparency required of the bankruptcy system. Bankruptcy Rule 2014 requires that professionals file a verified statement listing "all of the person's connections" to the debtor, creditors, and any other parties in interest. Here, the disclosures made by Centerview are not transparent and are incomplete. Referencing only unspecified client "confidentiality obligations," Centerview's declaration discloses vague connections to certain "Potential Parties-in-Interest and/or their affiliates." Centerview does not adequately explain the purported separateness of its investment affiliates, and it must either do so or disclose the affiliates' connections to interested parties.

It is not adequate for Centerview to simply assert that certain of its connections are confidential. On the contrary, "[p]ursuant to the disclosure rules of §§ 327 and 329 and Rules 2014 and 2016, the [party seeking employment] has the duty to disclose all relevant information

---

[2] The United States Trustee requests that the Court take judicial notice of the pleadings and documents filed in these cases pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 201.

to the court, and may not exercise any discretion to withhold information." *In re Thomas*, 476 B.R. 579, 586 (N.D. Cal. 2012).

Bankruptcy Rule 2014 requires that disclosures be sufficiently explicit for a court and other parties to determine whether a professional is disinterested or holds or represents an adverse interest. Given the lack of information provided by Centerview and its decision to withhold certain information, it is impossible for the Court and other parties in interest to make such a determination. An indeterminate statement of connections with a creditor does not satisfy Rule 2014. Rather, "the burden is on the person to be employed to come forward and make full, candid and complete disclosure in applications for employment." *In re Lotus Properties LP*, 200 B.R. 388, 391 (Bankr. C.D. Cal. 1996). Accordingly, the Court should deny the Application.

I. **BACKGROUND**

1. On January 29, 2019, the Debtors commenced the above-captioned cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. ECF No. 1.

2. On February 12, 2019, the U.S. Trustee appointed an Official Committee of Unsecured Creditors ("the Committee"). ECF No. 409.

3. The Committee filed the Motion on April 3, 2019. ECF No. 1213.

4. The declaration of Samuel M. Greene, a partner at Centerview, accompanies the Motion. *Id.* at 61. Schedule 2 of Mr. Greene's declaration include a list titled "Connections to Potential Parties in Interest." *Id.* at 45.

5. Following is a list of 62 entities to which it has such connections, Centerview

adds the following note:

> Centerview currently is engaged to advise and/or was formerly engaged in the last three years to advise several Potential Parties-in-Interest and/or their affiliates that, due to confidentiality obligations owed to such entities, Centerview is unable to disclose. These Potential Parties-in-Interest are in the following categories: "Bank Accounts," "Contract Counterparties", "Litigation Counterparties/ Litigation Pending Lawsuits", "Top Unsecured Creditors", "Unsecured Notes", "Utility Providers" and "Vendors". Centerview's work for each of these entities is or was on matters that are wholly unrelated to the Debtors or these cases.

6.     Aside from listing the names of the 62 parties on Schedule 2, Centerview provides no further information regarding the nature of the various representations.

## II.     MEMORANDUM OF POINTS AND AUTHORITIES

### A.     Statutory Framework

Section 327 provides that the trustee or debtor in possession may employ, with court approval, professionals who are disinterested and who do not hold or represent interests adverse to the estate. 11 U.S.C. § 327. Bankruptcy Rule 2014 imposes a complementary duty of disclosure so that courts and parties can determine whether a professional to be employed satisfies section 327's ethical requirements. Rule 2014 requires the applicant to include, among other things, "all of the person's connections with the debtor, creditors, or any other party in interest . . . ."

"While the term "connections" is not defined in Rule 2014(a), it has long been held to be read broadly. In addition, strict compliance with the disclosure requirements, independent of a finding of any actual conflict, is required in order to give effect to the disinterestedness requirements of the Bankruptcy Code and maintain the integrity of the system." *In re Condor*

Page -4-

*Sys., Inc.*, 302 B.R. 55, 70 (Bankr. N.D. Cal. 2003) (internal cite omitted). Thus, Rule 2014 is likewise broader than section 327, and "[a]ll facts that *may* be pertinent to a court's determination of whether an attorney is disinterested or holds an adverse interest to the estate must be disclosed." *In re Hathaway Ranch P'ship*, 116 B.R. 208, 219 (Bankr. C.D. Cal. 1990) (emphasis in original).

These statutory provisions, which prohibit conflicting interests in bankruptcy, "serve the important policy of ensuring that all professionals appointed pursuant to section 327(a) tender undivided loyalty and provide untainted advice and assistance." *Rome v. Braunstein*, 19 F.3d 54, 58 (1st Cir. 1994). Therefore, "[t]he disclosure rules impose upon [professionals] an independent responsibility. Thus, failure to comply with the disclosure rules is a sanctionable violation, even if proper disclosure would have shown that the [professional] had not actually violated any Bankruptcy Code provision or any Bankruptcy Rule." *In re Park Helena Corp.,* 63 F.3d at 880 (citing *In re Film Ventures Int'l, Inc.,* 75 B.R. 250, 252 (B.A.P. 9th Cir. 1987)).

"The disclosure requirements of Rule 2014 do not give the professional the right to withhold information because it is not apparent to the professional that a conflict exists. *In re Condor Sys., Inc.*, 302 B.R. at 70. On the contrary, the Ninth Circuit Court of Appeals has held that "[t]he duty of professionals is to disclose all connections with the debtor, debtor-in-possession, insiders, creditors, and parties in interest . . . . They cannot pick and choose which connections are irrelevant or trivial . . . . No matter how old the connection, no matter how trivial it appears, the professional seeking employment must disclose it." *In re Park-Helena Corp.*, 63

Page -5-

F.3d at 882 (internal cite omitted).  Finally, "the disclosure requirement is a continuing one, even after an application for employment is approved." *In re Condor Sys., Inc.*, 302 B.R. at 70.

### B. The Role of the United States Trustee

Under 28 U.S.C. § 586, the United States Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code.  This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. 11 U.S.C. § 307 (stating that "[t]he United States Trustee "may raise and may appear and be heard on any issue in any case or proceeding under this title but may not file a plan pursuant to section 1121(c) of this title"; *Stanley v. McCormick (In re Donovan Corp.*), 215 F.3d 929, 930 (9th Cir. 2000).

### III. <u>ARGUMENT</u>

#### A. Centerview May Not Circumvent Bankruptcy Rule 2014 on the Grounds of Client Confidentiality.

In addition to its connections to the 62 parties listed in Schedule 2, Centerview reports that it has additional "confidential connections" but attempts to assure the Court and interested parties — without providing any specific information — that these undisclosed connections do not rise to the level of a connection that would disqualify Centerview from being retained. Although Centerview may have private contractual confidentiality agreements,[3] these

---

[3] A limited exception to public disclosure may be invoked to protect "an entity with respect to a trade secret or confidential research, development or commercial information." 11 U.S.C. § 107(b)(1); *accord* Fed. R. Bankr. P. 9018.  The moving party bears the burden of showing that a request to place documents under seal falls within the parameters of Bankruptcy Code § 107(b) and Bankruptcy Rule 9018 by demonstrating ". . . that the interest in secrecy outweighs the presumption in favor of access." *In re Continental Airlines*, 50 B.R. 334, at 340 (D. Del. 1993).

Page -6-

agreements do not and cannot supersede the ethics and disclosure requirements of the Bankruptcy Code and Rules. *See In re Project Orange*, 431 B.R. 363 (Bankr. S.D.N.Y. 2010) (conflict waivers obtained from a creditor by a law firm do not, by contractually permitting the firm to represent the debtor on some matters adverse to creditors, trump the statutory requirements governing the estate's employment of professionals); *see also Granite Partners*, 219 B.R. 22, 34 (Bankr. S.D.N.Y. 1998) (observing that while clients may, in some instances, waive conflicts, "the mandatory provisions of section 327(a) do not allow for waiver."). Moreover, client confidentiality is a common concern with other professionals, including law firms which are also bound by the duties of professional responsibility and confidentiality, yet other professional firms routinely satisfy their disclosure requirements.

The United States Trustee (and other parties in interest) has no information that the undisclosed Centerview connections are not a conflict under section 327(a) — and that is precisely the point. Without voluntary adequate disclosures, parties do not have a roadmap to assess any firm's connections. The requirements of Bankruptcy Rule 2014 "transcend those of § 327, as they mandate disclosure of all connections with the named parties, rather than being limited to those which deal with disinterestedness." *In re Filene's Basement, Inc.*, 239 B.R. 845, 849 (Bankr. D. Mass. 1999). Once disclosures are properly made, only then can the Court and the parties objectively satisfy themselves whether there are no conflicts or disabling connections.

**B.     Centerview's Affiliate Disclosures Do Not Satisfy Bankruptcy Rule 2014**

Centerview advises that it is a global investment banking and advisory firm with "legal and separate affiliates and related parties (the "Corporate Group Entities") that engage in a

Page -7-

variety of investment activities." ECF No. 1213 DKT No. 135, Ex B at ¶24. Mr. Greene's declaration asserts that "[t]he Centerview employees providing services in connection with these chapter 11 cases have no control over the investment or business decisions made for the Corporate Group Entities . . . [and that] "[l]ikewise, the investment professionals responsible for the Corporate Group Entities' day-to-day portfolio have no access to any confidential information relating to Centerview's work for the Debtors." *Id.* However, even if true, without more information the Court and interested parties have absolutely no information upon which to form a belief as to the connections between Centerview, its investment affiliates and parties, and these Debtors. For example, Centerview fails to provide the name of its investment arms, the corporate structure of the related parties, and the nature of investments that are made. Likewise, Centerview has not pointed to any documented policies that actually restrict the flow of information. Without even this most basic of information, it is impossible to reach a reasoned determination regarding whether there is any cause for concern about Centerview's investment affiliates. If Centerview cannot carry its burden in establishing separateness of operations, then it must fully disclose all connections of the Corporate Group Entities.

C. **Centerview Fails to Explain Material Connections That it Did Identify**

Centerview's disclosures are also deficient because Centerview fails to explain its *identified* connections. Although Schedule 2 of the Declaration indicates that there is some connection between Centerview and 62 different parties, no information is provided as to what the connection may be and/or why Centerview believes that such connection does not render Centerview disinterested. Furthermore, even if such connections ultimately prove unrelated to

Page -8-

the Debtors, Centerview's disclosures are insufficient to satisfy Rule 2014.  Centerview has provided no information regarding the identity, nature, or scope of many of the connections.  Stated another way, the Declaration gives the appearance of compliance without actually complying with Rule 2014.  Centerview fails to provide any information regarding why it listed the 62 parties on Schedule 2 and what those connections may be to each party.

**WHEREFORE**, the United States Trustee respectfully requests that the Court (i) deny the Application and (ii) grant such other relief as the Court deems appropriate and just.

Dated: April 15, 2019

Andrew R. Vara
Acting United States Trustee, Region 3

By: /s/ *Cameron M. Gulden*
CAMERON M. GULDEN
Trial Attorney