# Exhibit A

**Proposed Order**

Robert A. Julian (SBN 99469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone:     628.208.6434
Facsimile:      310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone:     310.442.8875
Facsimile:      310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official
Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                              Debtors.<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**[PROPOSED] ORDER APPROVING THE APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002 TO RETAIN AND EMPLOY DEVELOPMENT SPECIALISTS, INC. AS A FINANCIAL ADVISOR EFFECTIVE AS OF MARCH 20, 2019** |

Upon the Application, dated March 29, 2019, (the "**Application**")[1], of the Official Committee of Tort Claimants (the "**Committee**") of PG&E Corporation and Pacific Gas and Electric Company (collectively the "**Debtors**") for an order authorizing the Committee to retain and employ Development Specialists, Inc. ("**DSI**") as financial advisor to the Committee, effective as of March 20, 2019, pursuant to section 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and in accordance with the terms and conditions set forth in the engagement letter between the Committee and DSI dated March 20, 2019 (the "**Engagement Letter**") attached to the Application as **Exhibit B**, and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Application as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application and the Sharp Declaration; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Application is approved solely to the extent set forth herein.

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

Baker & Hostetler LLP
Attorneys at Law
San Francisco, CA

2. The Committee is authorized, pursuant to section 1103 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 5002, to engage DSI as its financial advisor in these Cases, effective as of March 20, 2019, pursuant to the terms of the Engagement Letter a copy of which is annexed as **Exhibit B to the Application**.

3. DSI shall file monthly fee statements and interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines and pursuant to the order entered by this Court on February 28, 2019 establishing the procedures for interim compensation and reimbursement of expenses of professionals [Doc. No. 701] and any additional procedures that may be established by the Court in these Cases.

4. Notwithstanding anything to the contrary herein, the Office of the United States Trustee shall have the right to object to DSI's interim and final fee applications (including expense reimbursement) on all grounds, including the reasonableness standard provided in section 330 of the Bankruptcy Code.

5. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter and this Order, the terms of this Order shall govern.

6. Notwithstanding anything to the contrary in the Application, any of its attachments, or the Engagement Letter, DSI shall not seek reimbursement of any fees or costs arising from the defense of any of DSI's monthly fee statements or fee applications in these Cases. Approval of the Application and any terms of the Engagement Agreement shall not alter the result dictated by the holding in Baker Botts L.L.P. v. ASARCO LLC, 135 S. Ct. 2158, 2169 (2015) and its construction of 11 U.S.C. § 330(a)(1).

7. Notwithstanding anything to the contrary in the Application, any of its attachments, or the Engagement Letter, DSI's allowed compensation, including expense reimbursement and indemnification, shall have the same priority as the allowed professional fees and expenses of other professionals retained in the Cases.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

8. The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Cases to cases under chapter 7.

9. The Committee is authorized to take all steps necessary or appropriate to carry out this Order.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order. For the avoidance of doubt, notwithstanding any provision in the Engagement Letter to the contrary, during the pendency of these Cases, this Court shall have exclusive jurisdiction over the approval of fees due and owing to DSI for this retention.

** END OF ORDER **