# Exhibit B

# Engagement Letter

March 20, 2019

Karen Lockhart, Chairperson
Official Committee of Tort Claimants
c/o Robert Julian, Esq.
Baker & Hostetler LLP
11601 Wilshire Boulevard
Suite 1400
Los Angeles, California 90025

      Re:    Engagement Agreement In re: PG&E Corporation and
                  Pacific Gas and Electric Company, et al. ("Debtors")

Dear Ms. Lockhart:

Please accept this letter as our firm's ("DSI's") formal written agreement (the "Agreement") to provide consulting services to the Official Committee of Tort Claimants, appointed with respect to the above Debtors' bankruptcy cases ("You" or the "Tort Committee"). The Agreement will become effective upon execution by duly authorized representatives of the respective parties and approval by the United States Bankruptcy Court.

Section 1 – Scope of Work

DSI's role will be to provide the following services to the Tort Committee:

1. Advising the Tort Committee and its counsel regarding the tort claims process, filing and processing of tort claims and estimation of tort claims.

2. Monitor liquidity as it relates to the foregoing including evaluation of critical vendor payments and other key payments.

3. Claims Management including establishing procedures for claims processing and coordination with claimants.

4. Review of statements of financial affairs, schedules of assets and liabilities and related documents and report to the Tort Committee as appropriate.

5. Advise the Tort Committee with respect to formulation of a plan and disclosure statement as well as plan feasibility that involve the foregoing.

LOS ANGELES
333 South Grand Avenue, Suite 4100 • Los Angeles, CA 90071 • Telephone: 213.617.2717 • Fax: 213.617.2718 • DSIConsulting.com

SAN FRANCISCO • CHICAGO • NEW YORK • MIAMI/FT. LAUDERDALE • LONDON • WILMINGTON • COLUMBUS

Case: 19-30088   Doc# 1461-2   Filed: 04/15/19   Entered: 04/15/19 20:23:15   Page 2 of 6

6. Participate in meetings/calls with the Debtors, creditors, other committees, the US Trustee, and other parties in interest and professionals hired by the same, as requested.

7. Assist counsel with advising the Tort Committee on tax issues relating to the Debtors.

8. Perform such other tasks as may be agreed to by DSI and directed by the Tort Committee, counsel or order of the Court having jurisdiction over the Tort Committee.

DSI will submit its evaluation and analyses pursuant to this engagement in periodic oral and written reports. Such reports are intended to and shall constitute privileged and confidential information, and shall constitute your property, regardless of whether the Agreement is approved by the Bankruptcy Court.

Section 2 – Rates and Invoicing

A number of DSI's personnel have experience in the above matters and may be engaged in this representation. Although others of our staff may also be involved, we have listed below certain of the DSI personnel (along with their corresponding billing rates) who would likely constitute the core group for this matter.

| | |
|---|---|
| Bradley D. Sharp | $685.00/hr. |
| R. Brian Calvert | $640.00/hr. |
| Thomas P. Jeremiassen | $575.00/hr. |
| Eric J. Held | $495.00/hr. |
| Nicholas Troszak | $485.00/hr. |
| Shelly L. Cuff | $360.00/hr. |
| Spencer Ferrero | $350.00/hr. |

These rates are adjusted as of January 1st of each year to reflect advancing experience, capabilities, and seniority of our professionals as well as general economic factors. Bradley Sharp will lead this assignment, and will remain personally involved throughout the engagement.

DSI will submit fee statements in accordance with Bankruptcy Court guidelines for payment by the Debtors. Our statements will also reflect reasonable out-of-pocket expenses incurred in connection with our work in this matter, including airfare at coach fare, lodging for our staff members, rental cars, meals, taxi and other ground transportation, long distance calls, delivery services, postage and photocopying, as well as other attendant costs that we may reasonably incur in connection with this matter.

DSI may subcontract with a third-party party to serve as information agent for the Tort Committee and to assist with the compiling of information related to the services that DSI will be performing for the Tort Committee. Such third-party subcontractor will submit invoices alongside DSI's for payment by the Debtors, and the Tort Committee and its counsel and advisors shall have no liability for any amounts payable in connection with this Agreement.

Section 3 – Termination

Either the Tort Committee or DSI may terminate this Agreement for any reason with thirty (30) business days' written notice; provided however, the Debtors shall be obligated to pay and/or reimburse DSI all fees and expenses accrued under this Agreement as of the effective date of the termination, subject to the Bankruptcy Code and Rules and applicable orders of the Bankruptcy Court.

Section 4 – Relationship of the Parties, Confidentiality

DSI will provide consulting services to and for the Tort Committee, with select members of DSI, as noted above, assigned to specific roles for the benefit of the Tort Committee. These members will remain as DSI employees during the pendency of this case. Specifically, the parties intend that an independent contractor relationship will be created by this Agreement. Employees of DSI are not to be considered employees of the Tort Committee.

The Tort Committee acknowledges that all advice (written or oral) given by DSI to the Tort Committee in connection with DSI's engagement is intended solely for the benefit and use of the Tort Committee (limited to its members and advisors) in considering the transaction or subject matter to which it relates, and that no third party is entitled to rely on any such advice or communication. DSI will in no way be deemed to be providing services for any person not an express party to this letter agreement.

DSI agrees that all information not publicly available that is received by DSI from the Tort Committee in connection with this engagement or that is developed during this engagement, will be treated as confidential and will not be disclosed by DSI, except as required by Court order, or other legal process, or as may be authorized by the Tort Committee. DSI shall not be required to defend against any action to obtain an order requiring disclosure of such information, but shall instead give prompt notice of any such action to the Tort Committee, so that You may seek appropriate remedies, including a protective order. The Debtors shall reimburse DSI for all costs and fees (including reasonable attorney's fees and internal time devoted by DSI employees) incurred by DSI, whether during the pendency of this engagement or thereafter, relating to responding to (whether by objecting to or complying with) any subpoenas or requests for production of information or documents, subject to the Bankruptcy Code and Rules and order of the Bankruptcy Court.

DSI intends for all work to be privileged and confidential to the fullest extent possible and to be covered by the attorney work-product doctrine and any other applicable privileges. Accordingly, DSI agrees to maintain strict confidentiality with respect to all aspects of the engagement and the work, including all communications between or among DSI, this Counsel, or any other advisors; all documents that are received, reviewed, provided, made accessible or generated; and all strategies or tactics employed or considered in connection with the engagement.

Section 5 – No Audit

The Tort Committee acknowledges that it is hiring DSI to assist and advise the Tort Committee in business planning and operations. DSI's engagement shall not constitute an audit, review or compilation, or any other type of financial statement reporting engagement that is subject to the rules of AICPA or other such state and national professional bodies. It is beyond the scope of our services to identify deficiencies in record keeping practices or procedures, errors or irregularities in financial statements or the Tort Committee's books and records.

Section 6 —Retention of Information provided by the Tort Committee to DSI

Regarding all documents and other materials provided by the Tort Committee to DSI, including all copies thereof, (the "Tort Committee Documents"), upon termination or expiration of the Agreement, DSI shall, at its election, either 1) return such documents to the Tort Committee 2) destroy such documents upon three days' written notice to the Tort Committee or 3) treat such documents and other materials in accordance with DSI's then existing document retention policy. Should DSI elect either alternatives 1 or 2 above, DSI may retain copies of those Tort Committee Documents that it deems necessary to address potential post-termination issues, subject to complying with any confidentiality provisions in effect at the time of termination of the Agreement.

Section 7 – Survival

The provisions of this Agreement relating to payment of fees and expenses and the non-solicitation or hiring of DSI employees, and all other provisions necessary to the enforcement of the intent of this Agreement will survive the termination or expiration of this Agreement.

Section 8 – Governing Law

This Agreement shall be governed by and construed in accordance with the laws of the State of California.

Section 9 – Entire Agreement, Amendment

This Agreement contains the entire understanding of the parties relating to the subject matter of this engagement letter and supersedes and is intended to nullify any other agreements, understandings or representations relating to the subject of this Agreement. This Agreement may not be amended or modified except in a writing signed by the parties.

If you are in Agreement with the terms and conditions of this engagement letter, I would ask that you indicate your acceptance of the above terms of our engagement by signing an original copy of this Agreement on the signature lines below, then returning one fully-executed agreement to DSI's office.

      Should the Tort Committee or its representatives have any questions, comments or concerns, or require additional clarification or information, please do not hesitate to call.

Very truly yours,

*[signature]*

Bradley D. Sharp

**AGREED AND ACKNOWLEDGED:**
Official Committee of Tort Claimants

By: *[signature: Karen Lockhart]*

Date: April 15, 2019

**DSI** Development Specialists, Inc.