# Exhibit C

**Declaration of Bradley D. Sharp**

Robert A. Julian (SBN 99469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone: 628.208.6434
Facsimile: 310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.442.8875
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official
Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION** <br><br> -and- <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br>                   **Debtors.** <br><br> ☐ Affects PG&E Corporation <br><br> ☐ Affects Pacific Gas and Electric Company <br><br> ■ Affects both Debtors <br><br> *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br> (Lead Case) <br> (Jointly Administered) <br><br> **DECLARATION OF BRADLEY D. SHARP IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002 TO RETAIN AND EMPLOY DEVELOPMENT SPECIALISTS, INC. AS A FINANCIAL ADVISER EFFECTIVE AS OF MARCH 20, 2019** <br><br> Date: May 8, 2019 <br> Time: 9:30 a.m. (Pacific Time) <br> Place: United States Bankruptcy Court <br>        Courtroom 17, 16th Floor <br>        San Francisco, CA 94102 <br><br> **Objections Due: May 1, 2019** |

Pursuant to section 1746 of title 28 of the United States Code, I, Bradley D. Sharp, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1. I am the President and Chief Executive Officer of Development Specialists, Inc. ("**DSI**"), serving in DSI's office in Los Angeles, California. I am authorized to execute this declaration on behalf of DSI. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

2. I submit this Declaration in support of the Application (the "**Application**") of the Official Committee of Tort Claimants (the "**Committee**") of PG&E Corporation and Pacific Gas and Electric Company (collectively the "**Debtors**") for the entry of an order authorizing the Committee to retain and employ DSI as a financial advisor to the Committee, effective as of March 20, 2019, pursuant to section 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and in accordance with the terms and conditions set forth in the engagement letter between the Committee and DSI dated March 20, 2019 (the "**Engagement Letter**") attached as **Exhibit B** to the Application.

3. DSI is an internationally recognized company with both extensive relevant experience and an excellent reputation in providing financial advisory services in other large and complex chapter 11 cases. DSI has deep experience assessing business models with characteristics similar to the Debtors, and DSI's professionals have significant experience directly relevant to the Cases including expertise in claims and damages analysis.

4. DSI professionals are particularly well-suited for the specific financial advisory role for which the Committee seeks their retention based upon their experience in other complex chapter 11 cases involving multiple creditor constituencies and complicated asset structures.

5. In *In re Namco Capital Group, Inc.,* a real estate investment concern through which $3 billion flowed between 2003 and 2008, a DSI professional was appointed as Chapter 11 trustee and unraveled a complex business structure comprising over 400 entities through which investor

funds were diverted by the debtor's owner for the benefit of himself and his family. DSI professionals resolved over 200 lawsuits to recover diverted funds. DSI also reconciled over a thousand claims totaling more than $1 billion.

6. In *In re Woodbridge Group of Companies, LLC,* et al, a massive $1.2 billion Ponzi scheme, DSI was retained as Chief Restructuring Officer in February 2018. Through over 300 debtor affiliates, Woodbridge operated a real estate acquisition and development business with over 350 employees in 6 states and owned over 250 residential properties. DSI professionals managed the bankruptcy reporting for over 300 debtors, conducted forensic accounting to confirm all historical financial activity and reconciled over 8,000 claims.

7. In *In re Dana Corporation, In re Hayes Lemmerz and In re Keystone Steel*, DSI was engaged to advise the Retiree Committees appointed in each of these separate matters. Professionals from DSI analyzed the financial condition of the debtors and evaluated the various proposals and counter-proposals regarding benefit modification. DSI had the primary responsibility of communicating with the committees and the broader retiree constituencies.

8. In *In re Western Asbestos Co.*, DSI compiled a database of the asbestos future claims in order to independently arrive at certain value conclusions. DSI provided an expert report and testimony on three points: whether the Amended Joint Plan of Administration satisfied the best interest of creditors test; the business and financial condition of the subject entity; and the treatment of existing equity under the plan. Additionally, DSI provided an expert report and deposition testimony regarding the appropriate discount rate used to value the future claims. In other non-bankruptcy, and nonpublic matters, DSI and its professionals have acted as advisors, consulting experts and testifying experts with respect to mass torts and damages analysis. This work includes establishing informational databases and reaching conclusions with respect to the valuation of damages.

9. The Engagement Letter contemplates that DSI may subcontract with a third-party, to serve as information agent for the Committee and to assist with the compiling of information related to the services that DSI will be performing for the Committee. Any third-party with whom

DSI may subcontract will submit invoices alongside DSI's for payment by the Debtors. Neither the Committee nor its counsel or advisors shall assume liability for any amounts payable in connection with any subcontracting arrangement. DSI has not and will not enter into any agreement with any third-party to share compensation within the meaning of Bankruptcy Code section 504. Rather, all costs relating to any subcontracting arrangement will be presented and accounted for as separate expenses.

10. In connection with its proposed retention by the Committee in the Debtors' Cases, DSI obtained from the Committee and/or its representatives the names of individuals and entities that may be parties in interest in the Cases (the "**Potential Parties in Interest**"). DSI then circulated the names to its Senior Managing Directors and Managing Directors requesting disclosure of relationships with any party included in the Potential Parties in Interest. Additionally, DSI requested disclosure by all Senior Managing Directors and Managing Directors, to the best of their knowledge, of any claims held against, or equity interest in, any of the Debtors.

11. Additionally, DSI searched its client and conflict database ("Firm Database") for Potential Parties in Interest in the following categories: (a) Debtors; (b) Debtors' Affiliates and Subsidiaries; (c) Banks at which the Debtors hold accounts; (d) Debtors' current Officers and Directors; and (e) Debtors' Term and Revolving Loan Lenders and Administrative Agents. Because of the length of the Debtors' Potential Parties in Interest List, a search of every name thereon would have produced little meaningful information for DSI, the Court, and parties in interest to evaluate DSI's relationships with Interested Parties.

12. To the extent the search of the Firm Database and the inquiries to Senior Managing Directors and Managing Directors indicated that DSI presently has, or had within the last five years, a relationship with a Potential Party in Interest, the identities of such Parties and DSI's relationships therewith are set forth on **Schedule 1**, attached hereto and incorporated herein.

13. To the best of my knowledge and belief, DSI's relationship with each entity listed on Schedule 1 (or their apparent affiliates or entities that DSI believes to be affiliates, as the case may be) was or is only on matters that are unrelated to the Debtors and these Cases. Other than as

listed on Schedule 1, I am unaware of any investment banking engagements of DSI by the Potential Parties in Interest within the last five years.

14. DSI's inquiry of its Senior Managing Directors and Managing Directors and its search of the Firm Database produced matching results that do not rise to the level of a relationship that create an actual or potential conflict of interest. Accordingly, DSI narrowed its Schedule 1 disclosures for certain types of interested parties as follows:

    a. For the Debtors' Insurance/Insurance Provider/Surety Bonds category, DSI has disclosed on Schedule 1 connections that involve insurance policies and bonds that run in favor of DSI in its official capacity in a given matter;

    b. For the Debtors and their Affiliates and Subsidiaries DSI has excluded matters for which the only connection is that the affected interested party is or was the provider of ordinary utility services in matters unrelated to the Debtors or the Cases;

    c. For banks and other financial institutions that provide deposit accounts and related routine services, DSI has excluded matters for which the only connection is that the affected interested party was the institution at which bank accounts were was established in matters unrelated to the Debtors or the Cases;

    d. For banks, financial institutions and other entities that are commonly secured lenders in DSI's current and past case work and except as provided in Schedule 1, DSI has not included those interested parties whose sole interest in an active or prior case was as a secured creditor of the estate, the company, or the individual;

    e. With respect to taxing and regulatory authorities, DSI's investigation focused on relationships that were not typical, such as filing tax returns or attending to compliance matters, to DSI's cases in general.

    f. With respect to the names on the Interested Party List that are generic and provide only what appears to a first or last name of an individual, DSI did not undertake a review of its Client Database. Doing so would require an expenditure of significant resources with no benefit to DSI, this Court or parties in interest.

15. Given the size of DSI and the breadth of DSI's client base, however, it is possible that DSI may now or in the future be retained by one or more of the Potential Parties in Interest in unrelated matters without my knowledge. To the extent the Debtors discover and disclose additional Potential Parties in Interest during the course of these Cases, DSI will use reasonable efforts to identify whether a material relationship exists with any such parties. To the extent that DSI discovers or enters into any new, material relationship with Potential Parties in Interest, it will supplement this Declaration.

16. In addition DSI may also have been engaged by, affiliates, equity holders or sponsors of Potential Parties in Interest and DSI may have worked with, continue to work with, have or had mutual clients with, been represented by and/or advised certain accounting and law firms that are Potential Parties in Interest (and, in the case of law firms, may have entered into engagement agreements in which the law firm was named as client although the work was performed for a mutual client of DSI's and the applicable law firm). DSI may also have been engaged by committees or groups of lenders or creditors in connection with certain restructuring or refinancing engagements, which committees or groups include, or included, entities that are Potential Parties in Interest. Certain of the Potential Parties in Interest may also be vendors and/or have other non-investment banking relationships with DSI.

17. Although DSI has researched the Potential Parties in Interest list, the Debtors may have customers, creditors, competitors, and other parties with whom they maintain business relationships that are not included as Potential Parties in Interest and with whom DSI may maintain business relationships. In addition, as of the date hereof, DSI has approximately 33 professionals. It is possible that certain of DSI's and its respective directors, officers, and employees may have had in the past, may currently have, or may in the future have connections to (a) the Debtors, (b) Potential Parties in Interest, or (c) funds or other investment vehicles that may own debt or securities of the Debtors or Potential Parties in Interest.

18. Other than as disclosed herein, DSI has no relationship with the Debtors of which I am aware after due inquiry. Based on the foregoing, I believe DSI is disinterested as defined in

section 101(14) of the Bankruptcy Code and does not hold or represent an interest materially adverse to the Debtors or their estates.

19. The compensation structure set forth in the Application and Engagement Letter were negotiated at arms' length and are consistent with DSI's typical compensation for work of this nature.

Dated: April 15, 2019

Bradley D. Sharp
President and CEO
Development Specialists, Inc.

# Schedule 1

Engagements with Interested Parties/Potentially Interested Parties

| Party | Category/Categories | Description |
|---|---|---|
| Archer Norris | Ordinary Course Professionals | DSI[1] is post-confirmation trustee for Archer Norris, which has ceased operations. |
| Bank of America Merrill Lynch | Bank Accounts<br><br>Unsecured Notes | Bank of America Merrill Lynch (Asia Pacific) is a member of the Ad Hoc Bondholder Committee in the China Fishery Group chapter 11 cases for which DSI serves as trustee of a subsidiary that controls the operating entities. |
| Bank of Montreal | Contract Counterparties | Secured lender to the company and executed consent & subordination agreement with DSI as assignee for the benefit of creditors of Cp OpCo dba Classic Party Rentals. |
| | | Secured lender to the company and executed consent & subordination agreement with DSI as assignee for the benefit of creditors of B&H Education, LLC. |
| Blue Cross of California, Inc. d/b/a Anthem Blue Cross ("Anthem") | Insurance/ Insurance Provider/ Surety Bond | DSI maintains its employee health care insurance policy with Blue Cross of Illinois, which may be related to Blue Cross of California. |
| Danning, Gill, Diamond & Kollitz | Ordinary Course Professional | Counsel to DSI as post-confirmation trustee for the Ezri Namvar bankruptcy estate. |
| DLA Piper LLP (US) | Ad Hoc Committee of Unsecured Tort Claimants | On behalf of client, engaged DSI as an expert in denial of discharge action in an individual bankruptcy case. |
| | | Engaged DSI as collateral agent in foreclosure and public auction of clients' debtors' collateral. |
| Evershed – Sutherland | Ordinary Course Professionals | UK counsel to chapter 7 trustee for Howrey, LLP; DSI is the trustee's financial advisor. |
| Farella Braun | Ordinary Course Professionals | DSI appointed receiver to enforce judgment against a debtor of the firm's client. |

---

[1] As used in this Schedule 1, "DSI" means DSI, DSI Assignments, LLC and any employee of DSI in his or her appointed capacity in a DSI client matter.

Case: 19-30088   Doc# 1461-3   Filed: 04/15/19   Entered: 04/15/19 20:23:15   Page 10 of 15

| Party | Category/Categories | Description |
|---|---|---|
| FTI | Non-Debtors' Professionals | Prior financial advisor to ARO Liquidation, Inc., fka Aeropostale, Inc., and related Debtors and to DSI as financial advisor to and CRO for Debtors. |
| | | Engaged as consultant and potential expert by DSI as sole remaining director in a confidential matter unrelated to the Debtors or the Chapter 11 Cases. |
| | | Provides litigation support services to1 Global Capital, LLC and 1 West Capital, LLC, for which DSI serves as restructuring advisors, CRO and Deputy CRO. |
| Debra Grassgreen | Interested Parties/Notice of Appearance Parties | Partner of firm that is counsel to DSI as chapter 11 trustee of Exigen USA, Inc. and actively involved in representation. Firm, which is not an Interested Party, has represented DSI in official capacities, and other parties aligned with or adverse to those capacities, in numerous cases. |
| Greenberg Traurig | Ordinary Course Professionals | Counsel to 1 Global Capital, LLC and 1 West Capital, LLC, for which DSI serves as restructuring advisors, CRO and Deputy CRO. |
| | | Represents the unsecured creditors committee of National Auto Lenders, for which DSI serves as financial advisor. |
| Iain A. Macdonald | Interested Parties/ Notice of Appearance Parties | Partner of firm that is counsel to DSI as assignee for the benefit of the creditors of BRE America, LLC and BuildingWise LLC. |
| Jenner & Block LLP | Ordinary Course Professionals | Retained DSI as an expert witness in the Emerald Casino matter. |
| JPMorgan Chase Bank, NA | Debtors' Bank Accounts<br><br>Term and Revolving Loan Lenders and Administrative Agents<br><br>Contract Counterparties | Through counsel, engaged DSI as an expert in a wrongful disclosure matter. |

| Party | Category/Categories | Description |
|---|---|---|
| Keller & Benvenutti | Debtors' Professionals | Counsel to DSI as assignee for the benefit of creditors of Loyal3 Holdings. |
| | | Counsel to DSI as assignee for the benefit of creditors of Stion Corp. |
| Lafferty<br>The Hon. William Lafferty | United States Bankruptcy Judge for the Northern District of California | More than five years ago, the Honorable William Lafferty participated with his former law firm in representation of DSI in its official capacity in various matters unrelated to the Debtors or the Chapter 11 Cases. |
| Latham & Watkins | Non-Debtors' Professionals/ Ordinary Course Professionals | Counsel to DSI as assignee for the benefit of creditors of Affinita Biotech. |
| | | Former counsel to DSI as assignee for the benefit of creditors of Romic Environmental Technologies. |
| | | Counsel to Rentech FF, Inc. dba Fulghum Fibres for which DSI serves as sole remaining officer and director. |
| | | DSI is trustee of indemnification trust created by firm's client. |
| | | Counsel to trustee in criminal forfeiture proceeding; DSI is financial advisor to the trustee. |
| | | Counsel to DSI as assignee for the benefit of creditors of Roger Garments, LLC. |
| | | Counsel to DSI as assignee for the benefit of creditor of Flavours, Inc. |
| | | Counsel to DSI as sole remaining officer and director of Kalypsys, Inc. and, subsequently, its liquidating trustee. |
| | | Counsel to DSI as sole remaining officer and director of Versive, Inc. |
| | | Counsel to DSI as assignee for the benefit of creditors of Uncle Milton Industries. |
| | | Counsel to DSI as post-confirmation trustee and sole remaining officer of reorganized debtor. |

| Party | Category/Categories | Description |
|---|---|---|
| Latham & Watkins (cont.) | | Counsel to assignor where DSI is assignee for the benefit of creditors of Idun Pharmaceuticals, Inc. |
| Liberty Mutual | Insurance/Insurance Provider/Surety Bonds<br><br>Litigation Counterparties<br><br>Interested Parties / Notice of Appearance Parties | A member of DSI is engaged and will shortly be married to an an employee of Liberty Mutual Group as an attorney with Wolf & O'Connor, which is affiliated with Liberty Mutual Group, performing legal work wholly unrelated to the Debtors or the Chapter 11 Cases. |
| Littler Mendelson | Ordinary Course Professionals | Special labor counsel to Luxe Valet, Inc. for which DSI was retained as a consultant, CRO and sole remaining officer and director. |
| Mayer Brown, LLP | Ordinary Course Professionals | Special counsel for certain tax matters to Total Finance Investment Inc., and related cases, for which DSI serves as CRO. |
| Milbank Tweed Hadley & McCloy | Non-Debtors' Professionals | Where DSI served as trustee to the global trust resulting from bankruptcy court dismissal of case, firm represented secured lender and prosecuted litigation with funds turned over to the estate. |
| Pillsbury | Ordinary Course Professionals | Pillsbury Winthrop is special counsel to DSI as plan administrator of ARO Liquidation, Inc., fka Aeropostale, Inc., and related debtors. |
| PriceWaterhouseCoopers | Debtors' Professionals/ Non-Debtors Professionals | Accountant for certain tax preparation services to DSI as assignee for the benefit of creditors of Accuworx Holdings, Inc. |
| | | Accountant for certain tax return services to DSI as sole remaining officer and director of Versive, Inc. |

| Party | Category/Categories | Description |
|---|---|---|
| Prime Clerk | Debtors' Professionals | Claims and noticing agent and call center for ARO Liquidation, Inc., fka Aeropostale, Inc., and related Debtors; DSI is plan administrator and served as financial advisor to and CRO for Debtors. |
| | | Prior claims and noticing agent for Remington Outdoor Company; DSI is financial advisor to the post-confirmation Remington Litigation Trust. |
| Regents of the University of California | Contract Counterparties (includes, PPAs, patents and IP) as The Regents of the University of California<br><br>Landlords and parties to leases involving the Debtors | DSI's sole shareholder served in his personal capacity on the National Advisory Council for the Institute of Government Studies at Berkley (2006-2018) and has made financial donations to the Institute through the Regents of the University of California. |
| Sedgwick | Ordinary Course Professionals | DSI was engaged as financial advisor to Sedgwick prepetition and postpetition. |
| | | Prior counsel to DSI as assignee for the benefit of creditors of Pearl Automotive |
| | | Prior counsel to DSI as chapter 7 trustee of Tally One, Inc. |
| Sheppard Mullin | Ordinary Course Professionals | Patent counsel to DSI as assignee for the benefit of Creditors of Pearl Automotive. |
| | | Counsel to DSI as assignee for the benefit of creditors of Cambrios Technology. |
| | | Counsel to assignor where DSI is assignee for the benefit of creditors of CareSync, Inc. |
| | | Counsel to Pop Expert, Inc., for which DSI serves as CRO. |
| | | Counsel to MedCision, LLC, for which DSI serves as CRO. |
| | | Counsel to DSI as chapter 7 trustee for Pacific Metro, LLC. |
| | | Counsel to Kinetich Search, Inc., which engaged DSI as forensic accountant. |

4836-0295-4132.1

Case: 19-30088   Doc# 1461-3   Filed: 04/15/19   Entered: 04/15/19 20:23:15   Page 14 of 15

| Party | Category/Categories | Description |
|---|---|---|
| Sidley Austin | Ordinary Course Professionals | Counsel for debtors in Total Fitness Investment, Inc. and related debtors' chapter 11, for which DSI serves as CRO. |
| T Rowe Price | Significant Shareholders | Employees of DSI may invest in T Rowe Price as one of a buffet of investment option through the firm's 401(k) plan. |
| Travelers | Litigation Counterparties | DSI currently has 12 bonds in place with Travelers Casualty and Surety Company of America for cases in which it serves as fiduciary. |
| Weil, Gotshal & Manges LL | Debtors' Professionals | Counsel to the debtors in ARO Liquidation, Inc., fka Aeropostale, Inc., and related Debtors; DSI is plan administrator and served as financial advisor to and CRO for Debtors. |
| Wells Fargo Bank, NA | Bank Accounts<br><br>Term and Revolving Lenders<br><br>Contract Counterparties<br><br>Top Unsecured Creditors<br><br>Unsecured Notes<br><br>UCC Lienholders | Representative served on the Oversight Committee of the Liquidating Trust of J.E. Land Company, Inc.; DSI is the trustee. |
| Winston & Strawn | Ordinary Course Professionals | Counsel to the Vineyard National Bancorp Liquidating Trust, for which DSI serves as trustee. |
| | | Counsel to the Beverly Hills Bancorp, Inc. Liquidating Trust, for which DSI served as restructuring and financial advisor and CRO and, subsequently, as trustee. |
| | | Counsel to DSI as assignee for the benefit of creditors of Contessa Premium Foods, Inc. |
| | | Counsel to DSI as assignee for the benefit of creditors of ThermaSources, LLC and related entities. |