**DIEMER & WEI, LLP**
Kathryn S. Diemer (#133977)
100 West San Fernando Street, Suite 555
San Jose, CA 95113
Telephone: 408-971-6270
Facsimile: 408-971-6271
Email: kdiemer@diemerwei.com

**WILLKIE FARR & GALLAGHER LLP**
Matthew A. Feldman (*pro hac vice*)
Joseph G. Minias (*pro hac vice*)
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: mfeldman@willkie.com
       jminias@willkie.com

*Counsel for Ad Hoc Group of Subrogation Claim Holders*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **PG&E CORPORATION,** | Bankr. Case No. 19-30088 (DM) |
| -and- | (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | |
| **Debtors.** | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| *\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | |

| | |
|---|---|
| THE AD HOC GROUP OF SUBROGATION CLAIM HOLDERS, | Adv. Proc. No. __-____ (DM) |
| Plaintiff, | **ADVERSARY COMPLAINT** |
| v. | A. NEGLIGENCE |
| BUTTE COUNTY, CALIFORNIA, | B. DECLARATORY RELIEF |
| PG&E CORPORATION, | |
| -and- | |
| PACIFIC GAS AND ELECTRIC COMPANY, | |
| Defendants, | |

Plaintiffs, the Ad Hoc Group (defined below), by and through their undersigned counsel, for their complaint against Defendants PG&E Corporation and Pacific Gas and Electric Company (together, "PG&E" or the "Debtors"), Butte County, California, and the agents of Butte County, the Butte County District Attorney's Office specifically, hereby allege as follows:

## THE PARTIES

1. Plaintiffs are the ad hoc group of subrogation claim holders, whose members include those entities set forth in the *Verified Statement of the Ad Hoc Group of Subrogation Claim Holders Pursuant to Bankruptcy Rule 2019* [Dkt. No. 971] (collectively, the "Ad Hoc Group" or "Plaintiffs"). Plaintiffs hold liquidated and unliquidated claims against the Debtors relating to certain California wildfires described below.

2. Defendants PG&E Corporation and Pacific Gas and Electric Company were corporations authorized to do business and doing business in the State of California with their principal place of business in the County of San Francisco, State of California. Defendant PG&E Corporation is an energy-based holding company headquartered in San Francisco and is the parent company of Defendant Pacific Gas and Electric Company. Defendants provide natural gas and electric service to millions of consumers throughout northern and central California.

3. Defendant Butte County is a county in the State of California. Butte County, by and through it's agent, the Butte County District Attorney's office, is the location where the Camp Fire occurred in November 2018.

## JURISDICTION AND VENUE

4. On January 29, 2019, the Debtors filed voluntary Chapter 11 bankruptcy petitions, commencing the above-captioned Chapter 11 bankruptcy cases (the "Chapter 11 Cases").

4. This adversary proceeding relates to the Chapter 11 Cases. The Court has jurisdiction to consider this adversary proceeding and over the claims against the Defendants pursuant to 28 U.S.C. §§ 157 and 1334. Plaintiffs consent to the entry of a final order by the Court in connection with this adversary proceeding to the extent it is later determined that the Court, absent consent of

the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

5. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL ALLEGATIONS

6. The Ad Hoc Group holds claims against the Debtors related to the Camp Fire that ravaged Butte County, California in November 2018. On November 8, 2018, the Camp Fire started in Pulga, California, and has been deemed the deadliest and most destructive fire in California's history. The Camp Fire claimed the lives of at least 86 victims and injured many more. It also destroyed approximately 14,000 residences, in excess of 525 commercial structures, and over 4,200 other buildings, while also destroying in excess of 150,000 acres of land.

7. The Ad Hoc Group is comprised of holders of claims against the Debtors, including many insurance companies whose insureds owned property that suffered damages as a result of the Camp Fire. As a result of the Camp Fire, the Ad Hoc Group has paid and/or will pay money to their respective insureds under their policies of insurance for losses caused by the Camp Fire.

8. Beginning in early 2019, the Ad Hoc Group began filing prepetition lawsuits in California state court bringing claims against the Debtors related to the insureds' losses due to the Camp Fire (the "Subrogation Claims"). These Subrogation Claims alleged, *inter alia*, that the Camp Fire ignited as a result of certain power lines and associated equipment that were owned, operated, controlled, and/or maintained by the Debtors.

9. On January 29, 2019, the Debtors filed these Chapter 11 cases. As a result of the automatic stay imposed by the Debtors' chapter 11 filing, the Subrogation Claims were stayed on that date.

10. Upon information and belief, the Butte County District Attorney's office (the "Butte County DA") has commenced a criminal investigation into the circumstances surrounding the Camp Fire incident and its causes. Upon information and belief, that investigation remains ongoing.

11. On April 15, 2019, counsel to the Ad Hoc Group received an email from counsel to the

Debtors which stated that the Debtors, at the request of the Butte County DA, had recently assisted the Butte County DA with the collection of certain evidence from four power line towers owned, operated, controlled, and/or maintained by the Debtors. Counsel to the Debtors further stated that the Debtors, at the request of the Butte County DA, also intend to cut certain additional pieces of evidence from the four power line towers and from an additional tower that has been in the possession of the California Department of Forestry and Fire Prevention since 2018. See Exhibit A to the Complaint.

12. Counsel for the Debtors indicated that the Butte County DA intends to send all of the collected evidence to the FBI National Lab in Quantico, Virginia to perform "partially destructive testing." The Debtors' counsel has further indicated that once the evidence is sent to the FBI National Lab for testing, it will not be available for further examination for the foreseeable future.

13. The evidence that the Debtors have collected, and intend to collect, on behalf of the Butte County DA is potentially critical to establishing the Subrogation Claims held by the Ad Hoc Group. This evidence is being taken from the power line towers where the Camp Fire incident is believed to have started.

14. Immediately upon receiving the email from Debtors' counsel, counsel for the Ad Hoc Group reached out to the Butte County DA to request that the evidence collection and turnover to the FBI National Lab be delayed, and representatives for the Ad Hoc Group be permitted to attend the collection of evidence. Despite repeated requests, the Ad Hoc Group's requests were denied and the Debtors and Butte County DA indicated that they intended to proceed imminently with the collection of evidence and shipment of such evidence to the FBI National Lab. See Exhibit B to the Complaint.

15. On April 16, 2019, the Debtors' counsel informed counsel for the Ad Hoc Group that the Debtors no longer planned to attend the evidence collection by the Butte County DA scheduled for April 17, 2019.

16. As set forth in more detail in the complaints filed in the prepetition state court actions relating to the Subrogation Claims, Plaintiffs have claims against the Defendant PG&E for, among other things, (1) Inverse Condemnation under California Constitution, Article 1, Section 19; (2)

Negligence; (3) Statutory Liability Pursuant to California Health & Safety Code § 13007; (4) Violation of Public Utilities Code § 2106; (5) Trespass per Civil Code § 3333 and CCP § 1021.9; and (6) Private Nuisance. It is anticipated that additional insurer parties will file additional claims in these proceedings related to the Camp Fire.

## FIRST CLAIM FOR RELIEF

## FOR DECLARATORY RELIEF PURSUANT TO 11 U.S.C. SECTION 105, RULES 7001(7) AND (9), 7065 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE.

17. Plaintiff incorporates the allegations of Paragraphs 1 through 16 hereof and realleges them herein.

18. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties in that Plaintiff contends that Defendants are conducting or planning to conduct destructive testing on materials critical to the understanding of liability related to the Camp fires, which destructive testing will impact the number of claims in the bankruptcy estate, the value of the claims in the bankruptcy estate, and the assessment of liability owed by the Debtors.

19. Plaintiff asked the Butte County district attorney to not conduct the destructive testing until Plaintiffs' experts had the opportunity to participate, and/or review the materials as indicated by the Fire Protection Investigation guidelines, and best practices. Butte County, and it's agent the Butte County District Attorney refused to delay their action of sending the materials to the FBI for the destructive testing. Once sent, the materials will be unavailable for review by Plaintiffs' experts.

20. Plaintiff seeks a judicial declaration whether the automatic stay of 11 U.S.C. Section 362(a) prohibits Defendants from sending materials critical to the determination of value of claims in the bankruptcy estate out of the control of the estate, without allowing Plaintiffs and other claimants to review the materials or participate in the destructive testing.

WHEREFORE, the Plaintiff prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF
## NEGLIGENCE

21. Plaintiff incorporates the allegations of Paragraphs 1 through 20 hereof and realleges them herein.

22. Butte County is acting in a manner which will prevent Plaintiff from being able to observe, and understand critical evidence.

23. Butte County is sending critical evidence for destructive testing and making it unavailable to Plaintiffs.

24. Butte County has an obligation to preserve evidence, and/or to treat in a manner which allows all interested parties to review evidence and participate in decisions about destructive testing.

25. Butte County is violating it's duty to preserve evidence and/or to treat the evidence in a manner which allows all interested parties to review evidence and participate in decisions about destructive testing.

26. Butte County's actions are/will cause harm to Plaintiff.

27. Butte County's negligence is/will be a substantial factor in causing harm to Plaintiffs.

WHEREFORE, the Debtor prays for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

As to the First Cause of Action FOR DECLARATORY AND INJUNCTIVE RELIEF:

(a) Ordering that Defendants refrain from removing, transferring, altering or otherwise potentially destroying evidence without providing Plaintiffs an opportunity to review and record that evidence (as is being offered to the Debtors);

(b) Ordering that Defendant PG&E attend the collection of evidence by the Butte County DA and appropriately record such evidence prior to its removal and transport;

(c) Ordering that Defendant PG&E provide access to the Plaintiffs to all such evidence; and

(d) Awarding the Plaintiffs such other and further relief as the Court deems just and proper.

As to the Second Cause of Action for NEGLIGENCE:

(a) Awarding Damages in an Amount to be proven at trial.

(b) Awarding such other and further relief as the Court deems just and proper.

Dated: April 16, 2019

**WILLKIE FARR & GALLAGHER LLP**

/s/ Matthew A. Feldman
Matthew A. Feldman (*pro hac vice*)
Joseph G. Minias (*pro hac vice*)

*Counsel to Ad Hoc Group of Subrogation Claim Holders*