| | HEFNER, STARK & MAROIS, LLP
1 | Howard S. Nevins (CA Bar Assn No. 119366)
2 | Aaron A. Avery (CA Bar Assn No. 245448)
  | 2150 River Plaza Drive, Suite 450
3 | Sacramento, CA 95833-4136
  | Telephone: (916) 925-6620
4 | Fax No: (916) 925-1127
  | Email: hnevins@hsmlaw.com
5
6 | Attorneys for Creditor
  | Performance Contracting, Inc.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### (San Francisco Division)

| | |
|---|---|
| In re<br><br>PG&E CORPORATION<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtor, | Case No. 19-30088 DM (Lead Case)<br><br>(Jointly Administered with Case No. 19-30089 DM)<br><br>Chapter 11<br><br>**NOTICE OF PERFECTION OF MECHANICS LIEN PURSUANT TO 11 U.S.C. § 546(b)(2)** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* All papers shall be filed in the Lead Case No. 19-30088 DM. | [San Mateo County, Document No. 2019-019522] |

Performance Contracting, Inc. ("PCI"), by and through its undersigned counsel, hereby gives notice of perfection of its mechanics lien under 11 U.S.C. § 546(b)(2), as follows:

1. PCI is a corporation that has provided and delivered labor, services, equipment, and materials for the construction and improvement of projects on real property located in the County of San Mateo, State of California (the "Property") and owned by

PG&E Corporation and/or Pacific Gas and Electric Company (collectively, the "Debtors")

2. Through January 29, 2019 (the "Petition Date"), the amount owing to PCI is at least $40,760.00, exclusive of accruing interest and other charges, with additional amounts owed and accrued after the Petition Date.

3. On March 20, 2019, after the Petition Date, PCI properly perfected its mechanics lien under California Civil Code §§ 8400, et seq. by timely recording its Mechanics Lien (Claim of Lien) in the Official Records of San Mateo County, State of California, as more fully described in its Mechanics Lien, a true copy of which is attached hereto as Exhibit A.

4. Pursuant to California Civil Code § 8460, an action to enforce a lien must be commenced within 90 days after recordation of the claim of lien. However, due to the automatic stay set forth in 11 U.S.C. § 362, PCI is precluded from filing a state court action to enforce its mechanics lien. 11 U.S.C. § 546(b)(2) provides that when applicable law requires seizure of property or commencement of an action to perfect, maintain, or continue the perfection of an interest in property, and the property has not been seized or an action has not been commenced before the bankruptcy petition date, then the claimant shall instead give notice within the time fixed by law for seizing the property or commencing an action. (See 11 U.S.C. § 546(b)(2); see also In re Baldwin Builders (Village Nurseries v. Gould), 232 B.R. 406, 410-411 (9th Cir. 1999); Village Nurseries v. Greenbaum, 101 Cal.App 4th 26, 41 (Cal. Ct. App. 2002).)

5. Accordingly, PCI hereby provides notice of its rights as a perfected lienholder in the Property pursuant to California's mechanics lien law. PCI is filing and serving this notice to preserve, perfect and maintain the perfection of its lien and its rights in the Property to comply with the requirements of California state law, 11 U.S.C. §§ 362(a), 362(b)(3), and 546(b)(2), and any other applicable law. This notice constitutes the legal equivalent of having recorded a mechanics lien in the recorder's office for the county where the Property is located and then having commenced an action to foreclose the lien in the proper court. By this notice, the Debtors and other parties in interest are estopped

from claiming that the lawsuit to enforce PCI's mechanics lien was not timely commenced pursuant to applicable state law. PCI intends to enforce its lien rights to the fullest extent permitted by applicable law. The interests perfected, maintained, or continued by 11 U.S.C. § 546(b)(2) extend in and to the proceeds, products, offspring, rents, or profits of the Property.

6.    The filing of this notice shall not be construed as an admission that such filing is required under the Bankruptcy Code, the California mechanics lien law, or any other applicable law. In addition, PCI does not make any admission of fact or law, and PCI asserts that its lien is senior to and effective against entities that may have acquired rights or interests in the Property previously.

7.    The filing of this notice shall not be deemed to be a waiver of PCI's right to seek relief from the automatic stay to foreclose its mechanics lien and/or a waiver of any other rights or defenses.

8.    PCI reserves all rights, including the right to amend or supplement this notice.

Dated: April 17, 2019

HEFNER, STARK & MAROIS, LLP

By *Howard S. Nevins*
Howard S. Nevins, Attorneys for
PERFORMANCE CONTRACTING, INC.,
Creditor

# EXHIBIT A

RECORDING REQUESTED BY AND
WHEN RECORDED, MAIL TO:

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Attn: Michael R. Williams, Esq.

2019-019522 CONF
4:12 pm 03/20/19 MLL Fee: 104.00
Count of pages 5
Recorded in Official Records
County of San Mateo
Mark Church
Assessor-County Clerk-Recorder

# NOTICE AND CLAIM OF MECHANIC'S LIEN

NOTICE IS HEREBY GIVEN that Performance Contracting, Inc., 11145 Thompson Avenue, Lenexa, Kansas 66219, ("Claimant") claims a lien upon the real property described below for labor, services, materials, and/or equipment; specifically, for providing labor, supervision, material, tools, equipment and machinery for providing, installing, set up and removal of scaffolding actually used in the construction of that certain work of improvement now upon and located on the real property located in the County of San Mateo, State of California, and particularly described below, and upon every estate or interest in such structures, improvements, improvements and premises held by an party holding any estate or interest therein:

**Bridge over water area located on Foster City Boulevard north of Marlin Avenue and south of Bounty Drive in Foster City, CA 94404**

Said work of improvement as a whole and the whole of all said work of improvement and the land described above are sought to be charged with this lien.

The last known name and address of the owner or purported owner of said real property is: Pacific Gas and Electric Company, a California corporation, 77 Beale Street, 24th Floor, B24W, San Francisco, CA 94105.

Pacific Gas and Electric Company, a California corporation, is the name of the entity to whom claimant furnished the labor, services, materials, and/or equipment, which said labor, services, materials, and/or equipment were actually used therein in the construction of said commercial buildings.

Pacific Gas and Electric Company, a California corporation, was the contractor and person in charge of the work of improvement as a whole, and the work of improvement was made with the knowledge of and pursuant to the authority of Pacific Gas and Electric Company, a California corporation.

The contract price of said labor, services, materials, and/or equipment was and is the sum of $45,950.00, and said sum was and is the reasonable value thereof. There is now due, owing, and unpaid, the sum of **$40,760.00**, after all adjustments and change orders, and after deducting all just credits and offsets, and the same has not been paid.

WHEREFORE, the undersigned claims the benefit of the law relative to mechanics' liens and works of improvements, to wit: Division 3 Title 15 of the Civil Code of the State of California.

Michael R. Williams
Attorney for Claimant, Performance Contracting, Inc.

# ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____SACRAMENTO_____ )

On __March 19, 2019__ before me, __M. MCGUIRE, NOTARY PUBLIC__
(insert name and title of the officer)

personally appeared __MICHAEL R. WILLIAMS__
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature __/s/ M. McGuire__ (Seal)

M. MCGUIRE
Notary Public - California
Sacramento County
Commission # 2173832
My Comm. Expires Dec 8, 2020

## VERIFICATION

I declare that I am the owner/officer/authorized representative of claimant named in the foregoing claim of lien, and am authorized to make this verification for and on behalf of said claimant, and I make this verification for that reason. I have read the claim of lien and know the contents thereof and the same is true and contains among other things, a correct statement of claimant's demand after deducting all just credits and offsets.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on March 19, 2019, at Sacramento, California.

*[signature]*

Michael R. Williams
Attorney for Claimant,
Performance Contracting, Inc.

# NOTICE OF MECHANIC'S LIEN

## ATTENTION!

Upon the recording of the enclosed MECHANIC'S LIEN with the county recorder's office of the county where the property is located, your property is subject to the filing of a legal action seeking a court-ordered foreclosure sale of the real property on which the lien has been recorded. That legal action must be filed with the court no later than 90 days after the date the mechanic's lien is recorded.

The party identified in the mechanic's lien may have provided labor or materials for improvements to your property and may not have been paid for these items. You are receiving this notice because it is a required step in filing a mechanic's lien foreclosure action against your property. The foreclosure action will seek a sale of your property in order to pay for unpaid labor, materials, or improvements provided to your property. This may affect your ability to borrow against, refinance, or sell the property until the mechanic's lien is released.

BECAUSE THE LIEN AFFECTS YOUR PROPERTY, YOU MAY WISH TO SPEAK WITH YOUR CONTRACTOR IMMEDIATELY, OR CONTACT AN ATTORNEY, OR FOR MORE INFORMATION ON MECHANIC'S LIENS GO TO THE CONTRACTORS' STATE LICENSE BOARD WEB SITE AT www.cslb.ca.gov.

# CERTIFICATE OF SERVICE

I am a citizen of the United States, employed in the city and county of Sacramento. My business address is 2150 River Plaza Drive, Suite 450, Sacramento, California 95833-3883. I am over the age of 18 years and not a party to the above-entitled action. I am readily familiar with my employer's practices for collection and processing of correspondence for mailing with the United States Postal Service.

X     On March 19, 2019, I served the following documents:

NOTICE AND CLAIM OF MECHANIC'S LIEN

X     **By Mail** on the interested party(ies) in the case above-referenced, in accordance with Code of Civil Procedure section 1013(a), by placing a true copy of the above-referenced document(s) enclosed in a sealed envelope, with postage fully prepaid, in the designated area for outgoing mail in accordance with this office's practice whereby the mail is deposited in a U.S. mailbox in the city of Sacramento, California, after the close of the day's business at the address(es) as set forth below.

Pacific Gas and Electric Company
77 Beale Street, 24th Floor, B24W
San Francisco, CA 94105

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on March 19, 2019, at Sacramento, California.

*/s/ Maureen McGuire*
Maureen McGuire