EXHIBIT "A"

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11 | SULLIVAN HILL REZ & ENGEL<br>A Professional Law Corporation<br>  James P. Hill, SBN 90478<br>  Christopher V. Hawkins, SBN 222961<br>600 B Street, Suite 1700<br>San Diego, California 92101<br>Tel:    (619) 233-4100<br>Email: hill@sullivanhill.com<br>         hawkins@sullivanhill.com<br><br>Gerald Singleton, SBN 208783<br>Amanda W. LoCurto, SBN 265420<br>SINGLETON LAW FIRM, APC<br>450 A Street, 5th Floor<br>San Diego, CA 92101<br>Tel:    (619) 771-3473<br>Email: gerald@slffirm.com<br>         amanda@slffirm.com<br><br>Attorneys for SLF Fire Victim Claimants |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>PG&E CORPORATION<br><br>      - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>      Debtors and Debtors in Possession<br><br>Affects:<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas & Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Case No. 19-30088 (DM) (Lead Case)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**[PROPOSED] ORDER GRANTING MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER (I) CLARIFYING CERTAIN BANKRUPTCY CODE REQUIREMENTS AND (II) APPROVING PROTOCOL FOR PROVIDING ACCESS TO INFORMATION TO UNSECURED CREDITORS,** *NUNC PRO TUNC* **TO FEBRUARY 12, 2019** |

Upon the *Motion of Official Committee of Unsecured Creditors for Entry of an Order (I) Clarifying Certain Bankruptcy Code Requirements and (II) Approving Protocol for Providing Access*

403413-v1

1

*to Information to Unsecured Creditors, Nunc Pro Tunc to February 12, 2019* [Docket No. 1215] (the "Motion")[1] brought by the Official Committee of Unsecured Creditors (the "Committee") in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to sections 105(a), 107(b), 1102(b)(3) and 1103(c) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24* (N.D. Cal.) and Bankruptcy Local Rule 5011-1(a); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted *nunc pro tunc* to the Formation Date to the extent set forth herein.

2. The Committee, its members and, in each case, their respective agents, representatives, affiliates, partners, employees, counsel, and financial and other advisors (collectively, the "Committee Parties") shall be deemed to be in compliance with sections 1102(b)(3) and 1103(c) of the Bankruptcy Code by implementing the Creditor Information Protocol.

3. Subject to paragraphs 4 through 12 hereof, in full satisfaction of the Committee's obligations to provide access to information for creditors in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code, the Committee shall, until the earliest to occur of dissolution of the

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Motion.

403413-v1

2

Committee, dismissal or conversion of these chapter 11 cases, and a further order of the Court:

    a. Establish and maintain an Internet-accessed website (the "Committee Website") that provides, without limitation:

        i. general information concerning the Debtors, including, case docket, access to docket filings, and general information concerning significant parties in these cases;

        ii. contact information for the Debtors (and any information hotlines that may be established), the Debtors' counsel and the Committee's counsel;

        iii. the date by which unsecured creditors must file their proofs of claim;

        iv. the voting deadline with respect to any chapter 11 plan filed in these cases;

        v. a calendar with upcoming significant events in these cases;

        vi. access to the claims docket as and when established by the claims and noticing agent retained by the Debtors in these cases;

        vii. the Debtors' monthly operating reports;

        viii. a general overview of the chapter 11 process;

        ix. press releases (if any) issued by the Committee or any of the Debtors;

        x. a forum to submit questions, comments and requests for access to information;

        xi. responses to questions, comments and requests for access to information; provided, that the Committee, in the exercise of its reasonable discretion, may provide such responses privately; and

        xii. links to other relevant websites (e.g., the Debtors' corporate website, the website maintained by Prime Clerk LLC on behalf of the Debtors, and the website of the U.S. Trustee Office).

    b. The Committee will also establish and maintain an electronic mail address for creditors to submit questions and comments.

    c. The Committee will also provide monthly Committee written reports summarizing recent proceedings, events, and financial information, including information not otherwise publically available, to unsecured creditors.

4. The Committee Parties shall not be required to disseminate to any entity (as defined in section 101(15) of the Bankruptcy Code) (each, an "<u>Entity</u>"): (a) without further order of the Court, any "Confidential Information"[2] received or held by the Committee Parties; or (b) any other information if the effect of such disclosure would constitute a general or subject matter waiver of the attorney-client, work-product, or other applicable privilege possessed by the Committee.

5. If a creditor (the "<u>Requesting Creditor</u>") submits a written request to the Committee (the "<u>Information Request</u>") for the Committee to disclose information, the Committee shall as soon as practicable, but no more than twenty (20) days after receipt of the Information Request, provide a response to the Information Request (the "<u>Response</u>"), including providing access to the information requested or the reasons for which the Committee cannot comply with the Information Request. If the Response is to deny the Request because the Committee believes the Information Request implicates Confidential Information or privileged information or otherwise, or that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion filed with this Court. Such motion shall be served on the counsel for the Committee and the Debtors and the hearing on such motion shall be noticed and scheduled as required by the Local Rules for the Northern District of California. Upon request, the Committee shall provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's Information Request that the Committee deems

---

[2] The term "Confidential Information" shall mean any nonpublic information of the Debtors, including, without limitation, nonpublic information concerning the Debtors' assets, liabilities, business operations, projections, analyses, compilations, studies, and other documents prepared by the Debtors or their advisors, or other agents of the Debtors, which is furnished, disclosed, or made known to the Committee or its advisors or agents, whether intentionally or unintentionally, and in any manner, including written form, orally, or through any electronic, facsimile or computer-related communication. Confidential Information shall include: (a) any notes, summaries, compilations, memoranda, or other written materials disclosing or discussing Confidential Information; (b) any written Confidential Information that is discussed or presented orally; and (c) any other Confidential Information conveyed to the Committee orally that the Debtors or their advisors, or other agents of the Debtors advise the Committee should be treated as confidential. Notwithstanding the foregoing, Confidential Information shall not include any information or portions of information that: (a) is or becomes generally available to the public or is or becomes available to the Committee on a non-confidential basis, in each case to the extent that such information became so available other than by a violation of a contractual, legal, or fiduciary obligation to the Debtors; or (b) in the possession of the Committee prior to its disclosure by the Debtors and is not subject to any other duty or obligation to maintain confidentiality.

to be Confidential Information or privileged information, including (as to any document), the nature of the document, its date, the parties involved, and the basis for the privilege asserted. Furthermore, the Requesting Creditor may request that the Court conduct an *in camera* review of any information specifically responsive to the Requesting Creditor's Information Request that the Committee asserts is Confidential Information or privileged information.

6. In its Response to an Information Request for access to Confidential Information, the Committee shall consider whether (a) the Requesting Creditor is willing to agree to reasonable confidentiality restrictions with respect to such Confidential Information; and (b) under the particular facts, such agreement will reasonably protect the confidentiality of such Confidential Information. Any disputes with respect to this paragraph shall be resolved as provided in the preceding paragraph, and, to the extent applicable, the next paragraph.

7. In addition, if the Information Request implicates Confidential Information of the Debtors (or any other Entity) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may demand (the "Demand") the disclosure of such Confidential Information for the benefit of the Debtors' creditors: (a) if the Confidential Information is information of the Debtors, by submitting a written request, each captioned as a "Committee Information Demand," to counsel for the Debtors, stating that such information will be disclosed in the manner described in the Demand unless the Debtors object to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of any such an objection, the Committee, the Requesting Creditor (if one exists), or the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand under 11 U.S.C. § 704(a)(7) (incorporated by 11 U.S.C. §§ 1106 & 1107); and (b) if the Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to the Debtors' counsel, stating that such information will be disclosed in the manner described in the Demand unless such entity objects to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of any such an objection, the Committee, the Requesting Creditor (if one exists), such Entity, or the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand.

8. Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Rule 2004 of the Bankruptcy Rules or in connection with discovery in any contested matter, adversary proceeding or other litigation shall not be governed by the terms of this Order but, rather, by any order governing such discovery, as applicable.

9. Committee's counsel is hereby authorized, in its reasonable discretion, to communicate with the Debtors' general unsecured creditors and/or respond to their information requests, submitted by email or otherwise, on behalf of the Committee. Notwithstanding any construction of section 1102(b)(3) of the Bankruptcy Code to the contrary, the Committee, its professionals, its individual members, advisors, and counsel shall not be required or obligated to disseminate any Confidential Information or privileged information, except as provided in this Order.

10. The Committee shall not have or incur any liability to any entity for acts taken or omitted to be taken with respect to its obligations under section 1102(b)(3) of the Bankruptcy Code as along as the Committee and its professionals have acted in compliance with the procedures set forth herein and any confidentiality agreement; <u>provided</u>, however, that the foregoing shall not preclude the right of any creditor to move the Court for an order requiring production of other or additional information, to the extent available.

11. Nothing in this Order requires the Committee to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

12. The Committee may use the services of Epiq Corporate Restructuring LLC ("<u>Epiq</u>") as a vendor to administer the Committee Website without further order of the Court. Epiq shall be paid for its services related to the creation and maintenance of the Committee Website and any ancillary services that may be required pursuant to the terms of a services agreement.

13. For the avoidance of doubt, nothing in this Order shall affect the obligations of the Committee Parties under any agreements with the Debtors or other parties addressing the confidentiality or handling of any information, whether such agreements are entered into before or after the entry of this Order.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation and/or interpretation of this Order.

**END OF ORDER**

403413-v1

7