WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 (Lead Case) (Jointly Administered) |
| - and - | **APPLICATION PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY GROOM LAW GROUP, CHARTERED AS SPECIAL EMPLOYEE BENEFITS COUNSEL FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE** |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | |
| **Debtors.** | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | Date: May 8, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | **Objection Deadline**: May 1, 2019<br>4:00 p.m. (Pacific Time) |

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1      PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as

2   debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned

3   chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Application (the "**Application**"),

4   pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules

5   2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority

6   to retain and employ Groom Law Group, Chartered ("**Groom**") as special employee benefits counsel to

7   the Debtors effective as of the Petition Date (as defined below). The Debtors request the Court approve

8   the retention of Groom, under a general retainer, as special counsel to advise Debtors on issues relating

9   to Debtors' employee benefit plans in accordance with Groom's normal hourly rates in effect when

10  services are rendered and Groom's normal reimbursement policies.  The terms and conditions of

11  Groom's employment are set forth in the engagement letter agreement by and between the Debtors and

12  Groom dated January 8, 2018 (the "**Engagement Letter**").  In support of this Application, the Debtors

13  submit the Declaration of David N. Levine, a principal of Groom (the "**Levine Declaration**"), which is

14  filed concurrently herewith.

15      A proposed form of order approving the retention and employment of Groom is annexed hereto

16  as **Exhibit A** (the "**Proposed Order**").  A copy of the Engagement Letter is annexed hereto as **Exhibit B**.

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    JURISDICTION**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**").  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.    BACKGROUND**

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in either of the Chapter 11 Cases.  The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**").  On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

**III.    GROOM'S QUALIFICATIONS**

Groom is a Washington, D.C. law firm with more than 80 attorneys and other professionals practicing in the employee benefits field.  Since 2012, Groom has advised the Debtors in matters relating to Debtors' employee benefit plans.  As a result of Groom's prepetition representation of the Debtors, Groom has acquired an in-depth knowledge of the Debtors' various employee benefit plans and the issues surrounding such plans.  Additionally, Groom advised the Debtors in preparation for the

commencement of these Chapter 11 Cases as they relate to the Debtors' employee benefit plans.

The Debtors are familiar with the professional standing and reputation of Groom. The Debtors understand that Groom has significant experience in providing legal services in connection with employee benefit plans and related issues and has earned an excellent reputation for the services it has rendered in connection with complex restructuring matters throughout the United States.

Groom's experience includes representing debtors on employee benefits matters in a number of large chapter 11 cases, including *In re Hayes Lemmerz International, Inc.* (Bankr. D. Del., Case No. 09-11655); *In re Northwest Airlines Corporation* (Bankr. S.D.N.Y., Case No 05-17930 (ALG); *In re Delphi Corporation*, (Bankr. S.D.N.Y., Case No. 05-44481 (RDD)); *In re US Airways Group, Inc.* (Bankr. E.D. Va., Case No. 02-83984-SSM); *In re Agway, Inc.* (Bankr. N.D.N.Y Case No. 02-65872); *In re Polaroid Corporation* (Bankr. D. Del., Case No. 01-10864 (PJW)); *In re Sterling Chemical Holdings, Inc.* (Bankr. S.D. Tex., Case No. 01-37085-H4-11); *In re Stone & Webster, Inc.* (Bankr. D. Del., Case No. 00-2142 (RRM)); *In re Laclede Steel Company* (Bankr. E.D. Mo. Case No. 98-53121-399); *In re Montgomery Ward Holding Corp. (*Bankr. D. Del., Case No. 97-1409 (PJW)); *In re Westmoreland Coal Corp*. (Bankr. D. Colo., Case No. 96-26092-MSK); *In re New Valley Corp.* (Bankr. D.N.J. 91-27704 NW (KJC)); *In re Continental Airlines, Inc.* (Bankr. D. Del., Case No. 90-932 (HSB)); and *In re AMR Corporation, et al.,* (Bankr. S.D.N.Y., Case No. 11-15463 (SHL)).

Based upon its years of experience and its prepetition representation of Debtors, the Debtors believe that Groom possesses extensive knowledge of the Debtors' employee benefits plans and related obligations, and has the requisite legal expertise relevant to the Debtors' needs in these Chapter 11 Cases.

## IV. SCOPE OF SERVICES

The Debtors seek to employ Groom in accordance with the terms and conditions set forth in the Engagement Letter. The services of Groom are necessary to enable the Debtors to carry out their duties as debtors and debtors in possession. Employee benefits in bankruptcy is a particularly specialized practice area. There are three principal government agencies that regulate Debtors' employee benefit plans -- the Department of Labor ("**DOL**"), the Internal Revenue Service, ("**IRS**") and the Pension Benefit Guaranty Corporation ("**PBGC**"). Issues that arise as a result of the application of the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), the Internal Revenue Code of 1986,

as amended, ("**IRC**"), and the Bankruptcy Code to debtors and debtors in possession and their obligations under their employee benefit plans are extremely technical. The attorneys at Groom have extensive private and public sector experience with respect to these issues.

The Debtors anticipate that, as special counsel to the Debtors, Groom will provide legal services to the Debtors with respect to legal issues associated with Debtors' employee benefit plans, including, but not limited to, issues related to Debtors' employee benefit obligations under the Employee Retirement Income Security Act of 1974, as amended, the Internal Revenue Code of 1986, as amended, and the Bankruptcy Code; any investigations, inquiries, or claims made by the Department of Labor, the Internal Revenue Service, the Pension Benefit Guaranty Corporation, or the U.S. Trustee; claims by plan participants or beneficiaries that relate to Debtors' employee benefit plans; and any proceedings before this Court, any appellate court, or any other court of competent jurisdiction relating to Debtors' employee benefit plans.

## V.     NO DUPLICATION OF SERVICES

The services to be rendered by Groom are not intended to be duplicative of the services to be performed by any other professional retained by the Debtors. Groom, in concert with the other professionals retained by the Debtors, will undertake reasonable efforts to avoid any unnecessary duplication of their respective service.

## VI.     GROOM'S DISINTERESTEDNESS

To the best of the Debtors' knowledge, the partners of, counsel to, and associates of Groom do not have any connection to the Debtors, their creditors, or any other party in interest in this case, and do not represent or hold any interest adverse to the Debtors or to the Debtors' estates with respect to the matter on which Groom is to be employed, except may be set forth in the Levine Declaration. Groom may represent or may have represented in the past certain of the Debtors' creditors or equity holders or other parties in interest in matters unrelated to these Chapter 11 Cases. Groom has represented to the Debtors that it will not represent any other party in connection with Debtor's bankruptcy proceedings or related matters.

To the best of the Debtors' knowledge, based upon the Levine Declaration, Groom is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code as modified by

1  section 1107(b) of the Bankruptcy Code.  As set forth in the Levine Declaration, there are no amounts

2  owed by the Debtors to Groom.

3  The Debtors have been informed that Groom will conduct an ongoing review of its files to ensure

4  that no disqualifying circumstances arise.  If any new relevant facts or relationships are discovered,

5  Groom will supplement its disclosure to the Court.

6  **VII.  PROFESSIONAL COMPENSATION**

7  As set forth in the Levine Declaration, for the 90 days prior to the Petition Date, Groom received

8  payments for professional services performed and to be performed leading up to and in connection with

9  these Chapter 11 Cases.  The Debtors understand and have agreed that Groom hereafter will apply to the

10  Court for allowances of compensation and reimbursement of expenses in accordance with the applicable

11  provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the United States

12  Bankruptcy Court Northern District of California Guidelines for Compensation and Expense

13  Reimbursement of Professionals and Trustees, effective February 19, 2014, and the United States Trustee

14  Guidelines Region 17, updated December 16, 2016 (the "**Local Guidelines**"), the U.S. Trustee

15  Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under

16  11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "**U.S.**

17  **Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), and any further

18  orders of the Court (the "**Orders**") for all professional services performed and expenses incurred after

19  the Petition Date.

20  Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local

21  Rules, the Fee Guidelines, and the Orders, the Debtors propose to compensate Groom in accordance with

22  the Engagement Letter for services rendered at its customary hourly rates that are in effect from time to

23  time, as set forth in the Levine Declaration, and to reimburse Groom according to its customary

24  reimbursement policies.  The Debtors respectfully submit that Groom's rates and policies stated in the

25  Levine Declaration are reasonable, particularly given the nature of these Chapter 11 Cases.

26  Other than with its own principals, of counsels, associates, and employees, Groom has agreed

27  not to share with any person or firm the compensation to be paid for professional services rendered in

28  connection with these cases.

## VIII.  NOTICE

Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order (i) granting the relief requested herein as a sound exercise of the Debtors' business judgment and in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest, and and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: April 17, 2019

WEIL, GOTSHAL & MANGES LLP

KELLER & BENVENUTTI LLP

By: /s/ *Thomas B. Rupp*
Thomas B. Rupp

*Attorneys for Debtors
and Debtors in Possession*