**Exhibit A**

**[PROPOSED] Order**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                        **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**[PROPOSED] ORDER PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORIZING THE RETENTION AND EMPLOYMENT OF GROOM LAW GROUP, CHARTERED AS SPECIAL EMPLOYEE BENEFITS COUNSEL FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE** |

Upon the Application, dated April 17, 2019 (the "**Application**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), requesting authority to retain and employ Groom Law Group, Chartered ("**Groom**") as special employee benefits counsel for the Debtors, effective as of the Petition Date, under a general retainer, all as more fully set forth in the Application; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Application as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application and the Levine Declaration; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as provided herein.

2. The Debtors are authorized, pursuant to section 327(e) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, to retain and employ Groom as their special employee benefits counsel in these Chapter 11 Cases under a general retainer, in accordance with Groom's normal hourly

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

rates and disbursements policies, all as contemplated in the Application and Engagement Letter, effective as of the Petition Date.

3. Groom is authorized to provide legal services to the Debtors with respect to legal issues related to their employee benefit plans, including, but not limited to, issues related to Debtors' employee benefit obligations under the Employee Retirement Income Security Act of 1974, as amended, the Internal Revenue Code of 1986, as amended, and the Bankruptcy Code; any investigations, inquiries, or claims made by the Department of Labor, the Internal Revenue Service, the Pension Benefit Guaranty Corporation, or the U.S. Trustee; claims by plan participants or beneficiaries that relate to Debtors' employee benefit plans; and any proceedings before this Court, any appellate court, or any other court of competent jurisdiction relating to Debtors' employee benefit plans.

4. Groom shall be compensated in accordance with, and will file, interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and any Orders of the Court;

5. Groom shall be reimbursed for reasonable and necessary expenses as provided by the Fee Guidelines;

6. Groom shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases;

7. Groom shall provide reasonable notice to the Debtors and the U.S. Trustee of any increase of Groom's hourly rates as set forth in the Levine Declaration;

8. To the extent the Application is inconsistent with this Order, the terms of the Order shall govern;

9. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119