WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com) Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900 San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                   **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11 (Lead Case) (Jointly Administered)<br><br>**DECLARATION OF DAVID N. LEVINE IN SUPPORT OF APPLICATION PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY AS SPECIAL EMPLOYEE BENEFITS COUNSEL TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**<br><br>Date: May 8, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 94102<br><br>**Objection Deadline**: May 1, 2019<br>                                      4:00 p.m. (Pacific Time) |

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

Pursuant 28 U.S.C. § 1746, I, David N. Levine, hereby declare as follows:

1. I am an attorney admitted and in good standing to practice law in the District of Columbia. I am a principal in the law firm of Groom Law Group, Chartered ("**Groom**") and am duly authorized to make this Declaration (the "**Declaration**") on behalf of Groom. The facts set forth in this Declaration are based on my knowledge and belief after due inquiry and, if called as a witness, I could and would testify thereto.

2. On January 29, 2019 (the "**Petition Date**"), PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**"), each commenced with this Court a voluntary case under the Bankruptcy Code (the "**Chapter 11 Cases**").

3. I submit this Declaration in support of the Debtors' Application (the "**Application**"),[1] pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to employ and retain Groom as special employee benefits counsel, effective as of the Petition Date.

4. This Declaration is provided pursuant to Paragraph D.1 of the U.S. Trustee *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses* Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "**U.S. Trustee Guidelines**").

5. In connection with these Chapter 11 Cases, Groom has agreed to advise the Debtors with respect to legal issues associated with their employee benefit plans, including, but not limited to, issues related to Debtors' employee benefit obligations under the Employee Retirement Income Security Act of 1974, as amended, the Internal Revenue Code of 1986, as amended, and the Bankruptcy Code; any investigations, inquiries, or claims made by the Department of Labor, the Internal Revenue Service, the Pension Benefit Guaranty Corporation, or the U.S. Trustee; claims by plan participants or beneficiaries that relate to Debtors' employee benefit plans; and any proceedings before this Court, any appellate court, or any court of competent jurisdiction relating to Debtors' employee benefit plans.

---

[1] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to such terms in the Application.

6. Groom did not agree to any variations from, or alternatives to, the firm's standard or customary billing arrangements with the Debtors with respect to this matter.

7. No prospective budget or staffing plan has been prepared for this matter, except that Groom's services must comply with the Groom Agreement.

8. No Groom principal, of counsel, or associate, varies their billing rate based on the geographic location of the Debtor's bankruptcy case.

9. Neither I, nor Groom, nor any principal, of counsel, or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors, the Office of the United States Trustee for Region 17 (the "**U.S. Trustee**") or any other party with an actual or potential interest in these Chapter 11 Cases or their respective attorneys or accountants, except as set forth below:

   a. Groom is not and has not been employed by any entity, other than the Debtors, in matters related to these Chapter 11 Cases.

   b. Groom may perform or may have performed services for certain "Parties in Interest," as defined below, in matters unrelated to these Chapter 11 Cases. As set forth below, Groom has undertaken a search to determine, and to disclose, whether it is performing or has performed services for any Parties in Interest in such unrelated matters.

10. Neither I, nor Groom, nor any of counsel or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their respective estates. Accordingly, I believe that Groom is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code. The Debtors, however, have numerous relationships and creditors. Consequently, although every reasonable effort has been made to discover and eliminate the possibility of any conflicts, including the efforts outlined in paragraphs 11 and 12 below, Groom is unable to state with certainty whether one or more of its clients or an affiliated entity may hold a claim or otherwise be a party in interest in these Chapter 11 Cases. If Groom discovers any information that is contrary to or in addition to the statements made herein, Groom will immediately disclose such information to the Court. To the best of my knowledge, Groom has not represented and will not represent any entities or individuals other than the Debtors in these Chapter 11 Cases or in connection with any matters that would be adverse to the interests of the Debtors.

11. Subject to the Court's approval, Groom will charge for its services on an hourly basis in accordance with the January 2018 Master Services Agreement ("Groom Agreement") and Groom's

standard hourly rates in effect on the date services are rendered, minus a 5% or more discount based on volume of services. The hourly rates charged by Groom professionals differ based on, among other things, such professional's level of experience. The names of Groom's professionals approved by PG&E to provide services and their PG&E-approved rates (before application of certain applicable discounts) are listed below:

| Principal | Standard Rates | Non-Principals | Standard Rates |
|---|---|---|---|
| Adams | 751 | Ashner | 556 |
| Amin | 713 | Boberg | 708 |
| Anillo | 898 | Bradford | 637 |
| Cho | 836 | Carolan | 675 |
| Dold | 898 | Del Conte | 713 |
| Hogans | 836 | Fogleman | 675 |
| Itami | 713 | Geloneck | 594 |
| Keller | 812 | Goodwin | 751 |
| Kreps | 751 | Junk | 812 |
| Lee | 751 | Kimelblatt | 413 |
| Levine | 860 | Kohn | 708 |
| Levy | 732 | Lucco | 637 |
| Lofgren | 898 | Malik | 499 |
| Mazawey | 1055 | Mayland | 556 |
| Ryan | 732 | McSweeney | 637 |
| St. Martin | 998 | McTyre | 675 |
| Tinnes | 812 | Muma | 556 |
| Turner | 732 | Slee | 751 |
| Ullman | 732 | Temme | 675 |
| Walsh | 708 | Wood | 713 |
| Witt | 751 | | |
| Zaklad | 795 | | |

Other Professionals
Latalladi-Fulton 328
Shahinllari 214

12. These rates may change from time to time in accordance with Groom's established billing practices and procedures. Groom will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of legal services described above by category and nature of the services rendered.

13. In determining that Groom is a disinterested person, I have made diligent inquiry to determine whether Groom has any connection with parties in interest in these cases, or has or represents any interest adverse to the Debtors' estates, or is otherwise subject to any disqualification which would prevent it from serving as special employee benefits counsel to the Debtor in these Chapter 11 Cases. In preparing this Declaration, I caused to be submitted for review by our conflicts check system the names

of all known parties in interest (the "**Parties in Interest**") in this case. The list of Parties in Interest was provided to us by the Debtors and included the following categories:

| | |
|---|---|
| Debtors | Ad Hoc Committee of Unsecured Tort Claimant Creditors |
| Debtors' Trade Names and Aliases | Non-Debtors Professionals |
| Affiliates and Subsidiaries | Ordinary Course Professionals |
| Current Officers and Directors | Other Secured Parties |
| Term and Revolving Loan Lenders and Administrative Agents | Regulatory and Government (Federal, State and Local) |
| Contract Counterparties | DIP Lenders |
| Debtors Professionals | Significant Competitors |
| Former Officers and Directors | Significant Shareholders |
| Affiliations of Former Officers | Significant holder of voting securities |
| Affiliations of Former Directors | Taxing Authorities |
| Insurance/Insurance Provider/Surety Bonds | Top Unsecured Creditors |
| Surety Bonds | Unsecured Notes |
| Landlords and parties to leases | UCC Lien Holders |
| Lenders | Unions |
| Litigation Counterparties/Litigation Pending Lawsuits | Utility Providers |
| Litigation Parties | Vendors/Suppliers |

The results of this review were compiled and analyzed by Groom attorneys acting under my supervision.

14. Groom has researched its client database to determine whether Groom has provided in the recent past, or is presently providing, services to those persons/entities. To the extent that such research indicated that Groom has provided/is providing such services, the identities of those persons/entities are set forth in **Exhibit 1** attached hereto.

15. The services we may currently provide or may have provided for creditors generally include advising such creditors with respect to legal issues associated with their own employee benefit plans or the services that they provide in connection with other employee benefit plans. To the best of my knowledge, information and belief, Groom's fees for services we provided to any of the entities listed in **Exhibit 1** are completely unrelated to any matters concerning these Debtors.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

16. To the best of my knowledge, information and belief, neither the undersigned nor the professionals anticipated to assist the Debtors in these matters are related to any judge in the United States Bankruptcy for the Northern District of California or the U.S. Trustee assigned to this matter.

17. Accordingly, based upon the discussion herein above, Groom is a "disinterested person," as defined in section 101(14) and as required by section 327(e) of the Bankruptcy Code and, to the best of my information and belief, neither my firm nor any member thereof is connected, other than as disclosed herein or at **Exhibit 1**, to the Debtors or the parties set forth above.

18. As of the date of filing, based upon review of our internal billing records, Groom was not owed any fees in respect of services provided during the pre-petition period.

19. Groom has not shared or agreed to share any of its compensation from the Debtors with any other person, other than with principals, of counsel, associates or other employees of Groom as permitted by section 304 of the Bankruptcy Code.

20. To the best of my knowledge, Groom has not represented and will not represent any entities or individuals other than Debtors in these Chapter 11 Cases or in connection with any matters that would be adverse to the interests of the Debtors.

21. Groom intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and any further order of the Court and pursuant to any additional procedures that may be established by the Court in these cases.

22. This Declaration is submitted in accordance with section 327 of the Bankruptcy Code and Bankruptcy Rule 2014.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 14th day of April, 2019

David N. Levine