<mark>Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119</mark>

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
 and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11 (Lead Case) (Jointly Administered)<br><br>**DECLARATION OF JANET LODUCA IN SUPPORT OF APPLICATION PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY GROOM LAW GROUP, CHARTERED AS SPECIAL EMPLOYEE BENEFITS COUNSEL FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**<br><br>Date: May 8, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102<br><br>**Objection Deadline**: May 1, 2019<br>      4:00 p.m. (Pacific Time) |

<mark>Case: 19-30088    Doc# 1529    Filed: 04/17/19    Entered: 04/17/19 18:15:24    Page 1 of 4</mark>

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

Pursuant 28 U.S.C. § 1746, I, Janet Loduca, hereby declare as follows:

I am the Senior Vice President and Interim General Counsel of PG&E Corporation ("**PG&E Corp.**"). In my current role, I am responsible for supervising outside counsel and monitoring and managing legal fees and expenses.

On January 29, 2019 (the "**Petition Date**"), PG&E Corp. and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). I submit this Declaration in support of the Debtors' Application (the "**Application**")[1], pursuant to section 327(e) of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to employ and retain Groom Law Group, Chartered ("**Groom**" or the "**Firm**"), as special employee benefits counsel for the Debtors in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") effective as of the Petition Date.

This Declaration is provided pursuant to Paragraph D.2 of the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**Fee Guidelines**"). Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, information provided to me by the Debtors' employees or advisors, or my opinion based upon knowledge and experience as Senior Vice President and Interim General Counsel. I am authorized to submit this Declaration on behalf of the Debtors.

The Debtors recognize that a comprehensive review process is necessary when selecting and managing chapter 11 counsel to ensure that their bankruptcy professionals are subject to the same client-driven market forces, security, and accountability as professionals in non-bankruptcy engagements. Groom has extensive experience advising and representing the Debtors on various matters related to their employee benefits plans. Specifically, Groom as advised the Debtors on issues related to Debtors' employee benefit obligations under the Employee Retirement Income Security Act of 1974, as amended, and the Internal Revenue Code of 1986, as amended. Based on its experience and relationship with the

---

[1] Capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to such terms in the Application.

1 Debtors, I believe that Groom is well qualified to perform the services described herein and in the
2 Application efficiently and effectively.

3       Groom has confirmed to me that the Firm does not vary its billing rates or the material terms of
4 an engagement depending on whether such engagement is a bankruptcy or a non-bankruptcy
5 engagement. Groom has advised me that its current customary U.S. hourly rates range from $655.00 to
6 $1,055.00 for principals, $375.00 to $760.00 for non-principals, and $185.00 to $328.00 for other
7 professionals. It is my understanding that Groom reviews and adjusts its billing rates annually, typically
8 on or around January 1st of each year. Groom has advised me that it will inform the Debtors of any
9 adjustment to its existing rate structure.

10       I am informed by Groom that its attorneys' billing rates are aligned each year to ensure that its
11 rates are comparable to the billing rates of its peer firms. To the extent that there is any disparity in such
12 rates, however, I nevertheless believe that Groom's retention by the Debtors is warranted in these cases
13 for the reasons set forth in the Debtors' Application.

14       I understand that Groom's fees and expenses will be subject to periodic review on a monthly,
15 interim, and final basis during the pendency of these Chapter 11 Cases by, among other parties, a fee
16 examiner or fee committee (if appointed), the Office of the United States Trustee and the Debtors, and
17 in accordance with the terms of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local
18 Rules, and any orders of the Court governing the procedures for approval of interim compensation of
19 professionals retained in these Chapter 11 Cases.

20       As Senior Vice President and Interim General Counsel, I supervise and manage legal fees and
21 expenses incurred by the Debtors' outside counsel. Either I or a senior lawyer in our legal department
22 reviews the Debtors' outside counsel invoices and authorizes all legal fees and expenses prior to the
23 payment of such fees to outside counsel. In so doing, I assure that all requested fees and expenses are
24 reasonable and correspond with necessary or beneficial services rendered on behalf of the Debtors and
25 their estates. The aforementioned review and approval process does not differ when the Debtors employ
26 outside counsel for non-bankruptcy matters. Moreover, Groom has informed me that the Debtors will
27 be provided with the opportunity to review all invoices and request adjustments to such invoices to the
28

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

extent that the Debtors determine that such adjustments are necessary and appropriate, which requests will be carefully considered by Groom.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: April 17, 2019

_____
Janet Loduca
Senior Vice President & Acting General Counsel

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119