WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>      **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEBTORS MOTION TO ENFORCE THE AUTOMATIC STAY AGAINST RICK BOWLINGER AND BOTTINI & BOTTINI, INC.**<br><br>Date: April 24, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>    Courtroom 17, 16th Floor<br>    San Francisco, CA 94102 |

# PRELIMINARY STATEMENT[1]

In their opening memorandum, the Debtors explained that Rick Bowlinger's Derivative Action seeks to exercise control over property of their estates, and that his lawsuit is thus subject to the automatic stay under section 362(a)(3) of the Bankruptcy Code, just like the five other pending derivative lawsuits that have been filed by other shareholders on the Debtors' behalf. After all, Bowlinger asserts his derivative claims *on behalf of the Debtors*, and seeks recovery of monetary damages that he contends are owed *to the Debtors*. Like any shareholder derivative plaintiff, Bowlinger thus seeks to displace the Debtors' control over their own litigation claims—which are corporate assets—and instead assert and control those claims himself.

In opposition, Bowlinger argues that his Derivative Action should be exempt from the stay because he is not suing the Debtors, but instead asserting claims against their former and current officers and directors.[2] This argument fails because it ignores both the numerous cases from the Ninth Circuit and elsewhere making clear that derivative claims are a debtor's property, and, more importantly, the plain language of section 362(a)(3) of the Bankruptcy Code, which—unlike section 362(a)(1)—does not merely stay actions "against the debtor," but stays *any act* that seeks "to exercise control" over a debtor's property. It further ignores the very nature of these chapter 11 proceedings, which upon commencement divested Bowlinger of any right to pursue derivative claims on the Debtors' behalf: "[W]hile normally the fiduciary obligation of officers, directors and shareholders is enforceable directly by the corporation or through a stockholder's derivative action, it is, in the event of bankruptcy of the corporation, enforceable by the trustee." *Mitchell Excavators, Inc. by Mitchell v. Mitchell*, 734 F.2d 129, 131 (2d Cir. 1984) (internal quotations omitted). The few cases Bowlinger cites are distinguishable either because they are not *derivative* cases and/or

---

[1] Capitalized terms not defined herein are ascribed the meaning assigned to them in the Debtors' Motion to Enforce the Automatic Stay against Rick Bowlinger and Bottini & Bottini, Inc. [Dkt No. 893] (the "**Motion**").

[2] *See* Plaintiff Rick Bowlinger and Bottini & Bottini Inc.'s Memorandum of Points and Authorities in Opposition to the Debtors Motion to Enforce the Automatic Stay Pursuant to § 11 U.S.C. 362(a)(3) [Dkt No. 1321] (the "**Opposition**"), at 6-7.

because they do not apply section 362(a)(3) of the Bankruptcy Code.

The Debtors respectfully request that this Court declare that, as of the Petition Date, section 362(a)(3) of the Bankruptcy Code automatically stayed the Derivative Action in its entirety, and that any further acts or proceedings in the Derivative Action are void *ab initio*.

## ARGUMENT

### I. The Derivative Action is Property of the Debtors' Estates

As the Debtors described in their opening memorandum, section 362(a)(3) of the Bankruptcy Code prohibits any act "to exercise control over the property of the estate." Litigation claims seeking to remedy harm incurred by a debtor are corporate property, controlled outside of bankruptcy by management and/or the board of directors, and in bankruptcy by the debtor-in-possession or trustee. *See Bader v. Anderson*, 179 Cal. App. 4th 775, 787 (2009) (citing *Grosset v. Wenaas*, 42 Cal. 4th 1100, 1108 (2008)) (a board's role necessarily includes managing the "prosecution, defense and control of corporate litigation"); *In re Gen. Dev. Corp.*, 179 B.R. 335, 338 (S.D. Fla. 1995) (internal citations omitted) ("The bankruptcy trustee—or, as in this case, the debtor in possession—is vested with title to all assets of the estate and becomes the estate's legal representative."); *In re Polis*, 217 F.3d 899, 902 (7th Cir. 2000) (internal citations omitted) (legal claims that arise pre-petition are "already 'property' of the debtor and hence of the debtor's estate in bankruptcy").

Precisely because they are purportedly asserted on a company's *behalf*, courts have repeatedly and routinely confirmed that shareholder derivative litigation claims are property of a company's estate, and are thus stayed under section 362(a)(3) of the Bankruptcy Code. *See, e.g.*, Mot. at 4-5; *In re At Home Corp.*, 154 Fed Appx. 666, 668 (9th Cir. 2005) ("A bankruptcy court may enjoin a derivative claim brought by shareholders because the claim is property of the bankruptcy estate.") (citing 11 U.S.C. § 362(a)(3); *CAMOFI Master LDC v. Associated Third Party Adm'rs*, No. 16-cv-00855-EMC, 2018 U.S. Dist. WL 839134, at *3 (N.D. Cal. Feb. 13, 2018) (quoting *Grosset*, 42 Cal. 4th at 1118) ("third parties may not bring derivative actions in bankruptcy" because they "belong[] to

Case: 19-30088    Doc# 1531    Filed: 04/17/19    Entered: 04/17/19 18:49:27    Page 3 of 9

the corporation, not the plaintiff asserting [them]"); *In re Grove Farm Fish & Poi, LLC*, Adv. No. 11-90031, 2011 WL 3878358, at *1 (D. Haw. Aug. 31, 2011) (citing *In re Folks*, 211 B.R. 378, 384 (B.A.P. 9th Cir. 1997)) ("[A]ny derivative claims belong to the Debtor's estate and only the Debtor can assert them."); *In re RNI Wind Down Corp.*, 348 B.R. 286, 293 (Bankr. D. Del. 2006) (internal citations omitted) (section 362(a)(3) stayed derivative claims because "upon the filing of a bankruptcy petition . . . any claims for injury to the debtor from actionable wrongs committed by the debtor's officers and director become property of the estate under 11 U.S.C. § 541"); *In re BICC Ltd. Partnership*, 392 B.R. 209, 213 (Bankr. E.D. Va. 2008) (filing of derivative claims was "in violation of the automatic stay" because plaintiff "in effect was attempting to obtain possession of property of [the debtor's] estate in contravention of Bankruptcy Code § 362(a)(3)"); *In re Gen. Dev. Corp.*, 179 B.R. at 338-340 (shareholders "lacked standing to maintain their derivative action" because "the bankruptcy estate includes all legal claims owned by [the] corporate debtor, including derivative actions").

Here, Bowlinger asserts derivative claims for breach of fiduciary duty, abuse of control, corporate waste, and unjust enrichment against the Debtors' current and former officers and directors. *See* Kramer Decl., Ex. A at 59-61. The Derivative Complaint expressly states that Bowlinger brings these claims "derivatively on behalf of PG&E Corporation and Pacific Gas [and] Electric Company," and seeks "money damages" on behalf of PG&E. *Id.* at 5. These claims are in the heartland of the Debtors' property, and are subject to the automatic stay under the Bankruptcy Code.

Bowlinger tries to distinguish the cases cited by the Debtors that hold derivative claims to be property of the estate, and thus stayed by section 362(a)(3) of the Bankruptcy Code, by arguing that their findings are limited to circumstances in which the shareholder plaintiffs were also asserting direct claims against the debtor. *See* Opp. at 6. But this assertion runs counter to the Bankruptcy Code's unqualified prohibition of "any act . . . to exercise control over property of the estate." *See* 11 U.S.C. § 362(a)(3). This alone defeats Bowlinger's contention that he can proceed with the Derivative Action because he does not assert direct claims against the Debtors. *See BedRoc Ltd., LLC v. United*

-3-

*States*, 541 U.S. 176, 183 (2004) (plurality opinion) (internal citations omitted) (when confronted with a question of statutory interpretation, a court's "inquiry begins with the statutory text, and ends there as well if the text is unambiguous").

Moreover, consistent with the plain language of section 362(a)(3) of the Bankruptcy Code, numerous courts have found the automatic stay applicable to derivative claims where the shareholder plaintiff had no direct claims. *See, e.g., In re CIL, Ltd.*, No. 18-cv-2226, 2018 WL 2383102, at *4 (S.D.N.Y. May 4, 2018) (rejecting motion for leave to appeal order finding that stay applied where plaintiff asserted only derivative claims: "[T]he law is clear that derivative claims are assets of the [] estate and their prosecution violates the automatic stay"); *In re BICC*, 392 B.R. at 214-215 (section 362(a)(3) of the Bankruptcy Code applied where shareholder asserted exclusively derivative claims); *In re Gen. Dev. Corp.*, 179 B.R. at 337, 340 (shareholders "lacked standing to maintain their derivative action" even where their only claims were "against [the debtor's] directors and officer, alleging civil racketeering and breach of fiduciary duty").

Bowlinger separately attempts to distinguish the precedent relied upon by the Debtors by contending those decisions only held that the automatic stay prevents shareholders from prosecuting derivative claims because a trustee had been appointed. Again, this fundamentally misconstrues the bankruptcy process. Courts make no distinction between "debtor" and "trustee" in finding that only the estate's designated legal representative has a right to bring claims on the debtor's behalf. *See, e.g.*, *In re Gen. Dev. Corp.*, 179 B.R. at 338 (emphasis added) (internal citations omitted) ("The bankruptcy trustee—*or, as in this case, the debtor in possession*—is vested with title to all assets of the estate and becomes the estate's legal representative. Derivative claims are among these assets.") (emphasis added); *In re Moore*, 608 F.3d 253, 261 (5th Cir. 2010) (emphasis added) (quoting *Nat'l Tax Credit Partners, L.P. v. Havlik*, 20 F.3d 705, 708–09 (7th Cir. 1994)) ("[T]he right to recoup a fraudulent conveyance, which outside of bankruptcy may be invoked by a creditor, is property of the estate that *only a trustee or debtor in possession* may pursue once a bankruptcy is under way."); *In re Black Elk Energy Offshore Op's, LLC*, No. 15-34287, 2016 Bankr. WL 4055044, at *2 (Bankr. S.D.

-4-

Tex. July 26, 2016) (emphasis added) ("[I]t is the estate's fiduciary (ordinarily, *a trustee or debtor-in-possession*) that pursues derivative claims for the benefit of the estate") (emphasis added).

In short, Bowlinger's derivative claims are property of the Debtors' estates, and section 362(a)(3) of the Bankruptcy Code mandates that the Derivative Action must be stayed, irrespective of the Derivative Complaint's lack of direct claims against the Debtors or the fact that no trustee has been appointed.

**II.     Section 362(a)(3) is Not Restricted to Actions "Against the Debtor"**

Bowlinger further argues that his derivative claims should be exempt from the stay imposed by section 362(a)(3) of the Bankruptcy Code because they are purportedly brought for the benefit of the Debtors, as opposed to "against the Debtors." Opp. at 5-7. In addition to being refuted by the authority cited above, this contention is also flatly contradicted by the statute.

Unlike section 362(a)(1) of the Bankruptcy Code, which automatically stays proceedings only if they are "against the debtor," section 362(a)(3) contains no such restriction. To the contrary, it imposes—without qualification—a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). By its own terms, the statute applies equally to any act exercising control over estate property, regardless of whether it is against or on behalf of the debtor. There is furthermore no dispute that it is section 362(a)(3)—not section 362(a)(1)—that is the basis for the stay here. Mot. at 3-6.

The case law cited by Bowlinger finding that the automatic stay only applied to actions "against the debtor" is wholly inapposite. The primary case upon which Bowlinger relies—*In re Merrick*, 175 B.R. 333 (9th Cir. B.A.P. 1994)—is not a derivative case and did not consider whether the automatic stay prohibits a shareholder's prosecution of derivative claims on behalf of a debtor. Instead, the court analyzed whether a defendant to a lawsuit *brought by the debtor* could *defend itself* without violating the automatic stay. *Id*. at *336. While the debtor argued that the defendants' motion to dismiss constituted an "act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," the court rightly concluded that section

-5-

362(a)(3) of the Bankruptcy Code did not apply because "a contention by a defendant that the trustee's claim is unfounded [cannot] be equated with exercising dominion or control over property of the estate." *Id*. *Merrick* is inapplicable here, where what Bowlinger seeks is to control claims on the Debtors' behalf. Indeed, the *Merrick* panel *explicitly distinguished* its reasoning from a Fifth Circuit decision that held that section 362(a)(3) of the Bankruptcy Code stayed a creditor "from prosecution for its own benefit of [a] cause of action against non-debtor defendants [because it] was property of the estate." *Merrick*, 175 B.R. at 337 (distinguishing *Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142 (5th Cir. 1987)).

The other cases cited by Bowlinger all fail even to address section 362(a)(3) of the Bankruptcy Code, much less to conclude that it does not apply to derivative claims. *See* Opp. at 8; *Fang Liu v. Gold*, No. C14-1087-JCC, 2014 U.S. Dist. WL 6609467, at *1 (W.D. Wash. Nov. 21, 2014) (finding that section 362(a)(1) did not stay derivative action because it "is not a case against [the debtor]"); *Walters v. First Tenn. Bank, N.A.*, 855 F.2d 267, 271 (6th Cir. 1988) (no mention of section 362(a)(3) or whether derivative claims are property of the estate); *Gershman v. Kiam*, 40 Conn. Supp. 327, 329 (Super. Ct. 1985) (same); *Ruskay v. Bennett*, 73 A.D.2d 519 (1979) (same); *In re Miller*, 397 F.3d 726 (9th Cir. 2005) (no mention of section 362(a)(3) in non-derivative action). In stark contrast to the numerous cases cited by Debtors holding that the statute requires derivative claims to be stayed, the Opposition does not identify a single case where a court considered section 362(a)(3) of the Bankruptcy Code and concluded that a shareholder could continue to prosecute a derivative claim on behalf of a debtor.

### III. Debtors' Bankruptcy Petition Extinguished Bowlinger's Right to Bring Derivative Claims

Finally, Bowlinger maintains in his Opposition that because of the so-called "dual nature" of derivative claims, he possesses a right as a shareholder "to compel the Utility's directors to sue the wrongdoers" through his Derivative Action, and that this "right" is not solely the Debtors' property nor subject to section 362(a)(3) of the Bankruptcy Code. Opp. at 2. But Bowlinger cites no

-6-

case for this proposition, and there is none. To the contrary, as the cases make clear, whatever pre-petition right Bowlinger may have had to try and plead a derivative claim was extinguished by the Debtors filing of their chapter 11 petitions:

> [T]he filing of the bankruptcy petition instantly alters the rights of a corporation and its creditors. As a general rule, and outside the context of a bankruptcy case, the fiduciary obligation of officers, directors, and shareholders is enforceable directly by the corporation or through a stockholder's derivative action. *However, it is, in the event of bankruptcy of the corporation, enforceable by the trustee*. For that standard of fiduciary obligation is designed for the protection of the entire community of interests in the corporation—creditors as well as stockholders.

*Delgado Oil Co., Inc. v. Torres*, 785 F.2d 857, 860 (10th Cir. 1986) (emphasis added); *see also Mitchell Excavators*, 734 F.2d at 131 (quoting *Pepper v. Litton*, 308 U.S. 295, 306–07 (1939)) ("[W]hile normally the fiduciary obligation of officers, directors and shareholders 'is enforceable directly by the corporation or through a stockholder's derivative action, it is, in the event of bankruptcy of the corporation, enforceable by the trustee.'"); *In re Gen. Dev. Corp.*, 179 B.R. at 339 ("[The debtor's] bankruptcy extinguished [the shareholders'] right to maintain their derivative action.").

While Bowlinger suggests in his Opposition that the fact that he filed the Derivative Action pre-petition exempts it from the stay triggered by the bankruptcy, *see* Opp. at 7-8, neither the timing of his lawsuit nor the fact that his asserted claims arose pre-petition makes any difference at all. Section 362(a)(3) of the Bankruptcy Code applies to "any act . . . to exercise control over property of the estate." As noted above, the filing of a bankruptcy petition fundamentally alters a shareholder's right to pursue derivative claims, regardless of whether such claims are already pending. *See, e.g.*, *In re RNI Wind Down Corp.*, 348 B.R. at 293 (section 362(a)(3) of the Bankruptcy Code stayed derivative claims because "upon the filing of a bankruptcy petition . . . any claims for injury to the debtor from actionable wrongs committed by the debtor's officers and director become property of the estate"); *In re Grove Farm,* 2011 Bankr. WL 3878358, at *1 (staying pending derivative litigation where plaintiff sought permission "to continue" prosecuting his claims). Indeed, Bowlinger's position would render

-7-

section 362(a)(3) of the Bankruptcy Code a dead letter, as a shareholder (or any claimant) could avoid the stay merely by asserting that its claims pre-dated the bankruptcy petition.

The Debtors' filing of bankruptcy petitions on January 29, 2019, necessarily suspended Bowlinger's ability to prosecute further his lawsuit in the Debtors' name and on their behalf, and this Court should now grant the Debtors' Motion and reject Bowlinger's attempt to circumvent the automatic stay.

## CONCLUSION

For the foregoing reasons, the Debtors respectfully request that this Court grant the Motion and enter an order substantially in the form of the Proposed Order attached as its Exhibit A thereto.

Dated: April 17, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

/s/ *Peter J. Benvenutti*
Peter J. Benvenutti

*Attorneys for Debtors and Debtors in Possession*