EDWARD J. TREDINNICK (#84033)
GREENE RADOVSKY MALONEY
 SHARE & HENNIGH LLP
Four Embarcadero Center, Suite 4000
San Francisco, California 94111-4106
Telephone: (415) 981-1400
Facsimile: (415) 777-4961
E-mail: etredinnick@greeneradovsky.com

Attorneys for Creditor,
City and County of San Francisco

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>     -and-<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>     Debtors,<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Case No.: 19-30088-DM<br><br>Chapter 11<br><br>**DECLARATION OF KATHARINE M. MAPES IN SUPPORT OF MOTION BY THE CITY AND COUNTY OF SAN FRANCISCO FOR DETERMINATION THAT AUTOMATIC STAY DOES NOT APPLY UNDER §362(b)(4) OR IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY UNDER §362(d)(1) BY THE CITY AND COUNTY OF SAN FRANCISCO**<br><br>DATE: May 9, 2019<br>TIME: 9:30 a.m.<br>PLACE: Courtroom 17<br>           450 Golden Gate Avenue<br>           16th Floor<br>           San Francisco, California<br>JUDGE: Hon. Dennis Montali |

I, Katharine M. Mapes, declare:

1

Case: 19-30088    Doc# 1538    Filed: 04/18/19    Entered: 04/18/19 08:20:57    Page 1 of 8

547134.1

GREENE RADOVSKY
MALONEY SHARE &
HENNIGH LLP
FOUR EMBARCADERO
CTR, SUITE 4000
SAN FRANCISCO, CA
94111

1. I am a partner at the firm of Spiegel & McDiarmid, LLP, in Washington, D.C. Spiegel & McDiarmid has served as outside counsel to the City and County of San Francisco ("San Francisco" or "City") with respect to its disputes with the Pacific Gas and Electric Company ("PG&E") before the Federal Energy Regulatory Commission ("FERC") that are described in this declaration. Accordingly, I am familiar with the procedural history and posture of San Francisco's pending complaints against PG&E at FERC, as well as other ongoing cases involving PG&E and San Francisco at FERC. The pending matters described in this declaration all concern PG&E's provision of service under the Wholesale Distribution Tariff ("WDT").[1] The following facts are known to me personally and, if called upon as a witness, I would testify as to them competently.

2. San Francisco and PG&E have competed to serve customers within the City for nearly a century. PG&E does so pursuant to a 1939 franchise agreement with the City. The City does so under authority granted to it in the State of California Constitution (art. XI, § 9), the Federal Raker Act of 1913 (Pub. L. No. 63-41, 38 Stat. 242), and the San Francisco Charter (§§ 4.112, 8B.120-127, 16.101).

3. FERC has an obligation to ensure that tariffs on file are just, reasonable, and not unduly discriminatory against one customer or another. This obligation is found within the Federal Power Act, which FERC administers.[2] FERC has stated that it has a "statutory obligation under sections 205 and 206 of the Federal Power Act (FPA) to remedy undue discrimination."[3] For

---

[1] A copy of PG&E's Wholesale Distribution Tariff (without attachments not relevant here) is attached hereto as Exhibit A. The full version of the WDT, with all attachments, is available at FERC's "eTariff" website (https://etariff.ferc.gov/TariffBrowser.aspx?tid=4084) and at https://www.pge.com/pge_global/common/pdfs/about-pge/company-information/regulation/contracts-and-tariffs/wd-tariff.pdf. The most recent changes to PG&E's WDT were approved by FERC in *Pacific Gas & Elec. Co.*, 152 FERC ¶ 61,010 (2015).

[2] 16 U.S.C. §§ 824d, 824e.

[3] *Promoting Wholesale Competition Through Open Access Non-Discriminatory Transmission Services by Public Utilities; Recovery of Stranded Costs by Public Utilities and Transmitting Utilities*, Order No. 888, 61 Fed. Reg. 21,539, 21,541 (May 10, 1996), FERC Stats. & Regs. ¶ 31,036, at 31,635 (1996) ("Order 888"), *clarified*, 76 FERC ¶ 61,009 (1996), *modified*, Order No. 888-A, 62 Fed. Reg. 12,274 (Mar. 14, 1997), FERC Stats. & Regs. ¶ 31,048 (1997), *order on reh'g*, Order No. 888-B, 62 Fed. Reg. 64,688 (Dec. 9, 1997), 81 FERC ¶ 61,248 (1997), *order on reh'g*, Order No. 888-C, 82 FERC ¶ 61,046 (1998), *aff'd in part and remanded in part sub nom. Transmission Access Policy Study Grp. v. FERC*, 225 F.3d 667 (D.C. Cir. 2000), *aff'd sub nom. New York v. FERC*, 535 U.S. 1

2

GREENE RADOVSKY
MALONEY SHARE &
HENNIGH LLP
FOUR EMBARCADERO
CTR, SUITE 4000
SAN FRANCISCO, CA
94111

Case: 19-30088    Doc# 1538    Filed: 04/18/19    Entered: 04/18/19 08:20:57    Page 2 of 8
547134.1

example, under Section 206 of the Federal Power Act (16 U.S.C. § 824e), FERC shall, "after a hearing held upon its own motion or upon complaint," "determine the just and reasonable rate, charge, classification, rule, regulation, practice, or contract" whenever FERC has found "that any rate, charge, or classification, demanded, observed, charged or collected by any public utility for any transmission or sale subject to [its] jurisdiction," "is unjust, unreasonable, unduly discriminatory or preferential."[4]

4. Because PG&E is a FERC-jurisdictional public utility, it must file tariffs like its Wholesale Distribution Tariff with FERC.[5]

5. PG&E first filed the Wholesale Distribution Tariff with FERC in 1997.[6] PG&E, along with the other investor-owned utilities in California, filed wholesale distribution tariffs with FERC as part of their implementation of California's electric industry restructuring.[7]

6. When PG&E submitted its most recent Wholesale Distribution Tariff rate case to FERC in FERC Docket No. ER13-1188, it stated that the Wholesale Distribution Tariff "was designed to provide eligible wholesale customers interconnected to PG&E's distribution system with open-access, non-discriminatory service necessary to reach the CAISO-controlled grid to make wholesale sales and purchases."[8] PG&E also stated that the Wholesale Distribution Tariff "is based on

---

(2002).

[4] 16 U.S.C. § 824e(a).

[5] 16 U.S.C. § 824(e) (defining "public utility" as "any person who owns or operates facilities subject to the jurisdiction of the [Federal Energy Regulatory] Commission under this subchapter," with exception for facilities subject to such jurisdiction solely under certain provisions of the Federal Power Act); 16 U.S.C. § 824d(c) (requiring that "every public utility shall file with the [Federal Energy Regulatory] Commission . . . and shall keep open in convenient form and place for public inspection schedules showing all rates and charges for any transmission or sale subject to the jurisdiction of the Commission, and the classifications, practices, and regulations affecting such rates and charges, together with all contracts which in any manner affect or relate to such rates, charges, classifications, and services").

[6] Pac. Gas & Elec. Co., ISO Cost of Service Filing 1, *Pac. Gas & Elec. Co.*, FERC Docket No. ER97-2358-000 (Mar. 31, 1997), eLibrary No. 19970407-0088.

[7] *Id.* (filing PG&E's Wholesale Distribution Tariff for FERC approval and explaining that "[t]he filing is being made to implement the State of California's restructuring objectives . . . codified in California Assembly Bill 1890").

[8] Pac. Gas & Elec. Co., Proposed Rate and Non-rate Changes to the Wholesale Distribution Tariff, FERC Electric Tariff Volume No. 4 and Related Service Agreements for Wholesale Distribution Service 2, *Pac. Gas & Elec. Co.*, FERC Docket No. ER13-1188-000 (Mar. 29, 2013), eLibrary

3

GREENE RADOVSKY MALONEY SHARE & HENNIGH LLP
FOUR EMBARCADERO CTR, SUITE 4000
SAN FRANCISCO, CA 94111

547134.1

[FERC's] Order No. 888-A Open Access Transmission Tariff"[9]—the standardized tariff containing minimum terms and conditions of non-discriminatory transmission service that FERC issued in a rulemaking and required all public utility transmission owners to file with FERC.[10]

7. The Wholesale Distribution Tariff is a tariff of general applicability. That means that any entity that falls within the Tariff's definition of "Eligible Customer" has the right to request and receive wholesale distribution service from PG&E under the standard set of terms and conditions spelled out in the Tariff.[11] PG&E and San Francisco agree that San Francisco is an Eligible Customer under the Wholesale Distribution Tariff.[12] The Tariff's standard terms and conditions include the prices charged by PG&E for wholesale distribution service, as well as the physical requirements for interconnection and conditions such as how service may be terminated.

8. For decades, San Francisco had taken service over PG&E's distribution system pursuant to a series of bilateral agreements with PG&E, the most recent of which terminated on June 30, 2015.[13] San Francisco began taking extensive service under PG&E's Wholesale Distribution Tariff on July 1, 2015 (prior to that it took very limited service under the Tariff).[14]

9. San Francisco has filed complaints with FERC and participated in proceedings related to rate filings made by PG&E at FERC regarding the Wholesale Distribution Tariff. In those proceedings, San Francisco argues that PG&E has failed, and continues to fail, to provide San Francisco with wholesale distribution service that is consistent with the terms and conditions

---

No. 20130329-5091.

[9] *Id.*

[10] *See* Order 888. The Commission's pro forma Open Access Transmission Tariff covers transmission facilities, but not local distribution facilities. Accordingly, PG&E's separate Wholesale Distribution Tariff was needed to extend non-discriminatory open access to PG&E's distribution system.

[11] Att. A, WDT § 2.12 ("Distribution Customer"), 2.16 ("Eligible Customer"), 13.1 ("General Conditions" of "Service Availability").

[12] Pac. Gas & Elec. Co., Explanatory Statement in Support of Offer of Settlement 4, *Pac. Gas & Elec. Co.*, FERC Docket No. ER13-1188-037 (Mar. 31, 2015), eLibrary No. 20150331-5502.

[13] *City & Cty. of S.F. v. Pac. Gas & Elec. Co.*, 150 FERC ¶ 61,255, PP 9, 59, Ordering Paragraph A (2015).

[14] *Id.* PP 3-5.

4

Case: 19-30088    Doc# 1538    Filed: 04/18/19    Entered: 04/18/19 08:20:57    Page 4 of 8

GREENE RADOVSKY
MALONEY SHARE &
HENNIGH LLP
FOUR EMBARCADERO
CTR, SUITE 4000
SAN FRANCISCO, CA
94111

547134.1

required by the FERC-approved Wholesale Distribution Tariff and the Federal Power Act. These disputes can be generally grouped into three categories.

10. First, there is a set of consolidated FERC proceedings dating back to 2014 regarding San Francisco's transition from service pursuant to bilateral agreements with PG&E to service under PG&E's Wholesale Distribution Tariff.[15] In 2013, San Francisco submitted an application to PG&E to transfer all loads then being served under bilateral agreement to Wholesale Distribution Tariff service. In response, PG&E claimed that the majority of San Francisco's delivery points were not eligible for Wholesale Distribution Tariff service. In 2014, San Francisco filed a complaint with FERC under Section 206 and 306 of the Federal Power Act seeking Wholesale Distribution Tariff service for all of its delivery points. A few months later, PG&E filed unexecuted service agreements with FERC under Section 205 of the Federal Power Act, under which it proposed to provide Wholesale Distribution Tariff service to only certain of San Francisco's loads. PG&E also filed unexecuted service agreements that it proposed for certain existing San Francisco loads previously served under the same expiring bilateral agreement, for which transmission service under PG&E's Transmission Owner Tariff was needed, but Wholesale Distribution Tariff service was unnecessary. San Francisco protested these filings, with respect to the issue of the scope of eligibility for Wholesale Distribution Tariff service as well as certain terms and conditions in the service agreements. These proceedings were consolidated in 2015, and a seven-day hearing was held before a FERC Administrative Law Judge in May 2016. The Administrative Law Judge issued an Initial Decision in November 2016, to which San Francisco, PG&E, and FERC Trial Staff filed exceptions. The Commission has yet to act on the Initial Decision, so these proceedings remain open. Once the Commission issues a final decision, the parties may request rehearing by FERC and petition for review by the Court of Appeals.

11. Second, there is a set of disputes regarding quarterly filings PG&E makes at FERC to identify all added, changed, or terminated San Francisco points of delivery receiving Wholesale

---

[15] *See generally City & Cty. of S.F. v. Pac. Gas & Elec. Co.*, 157 FERC ¶ 63,021, PP 1-22 (2016) (Initial Decision of FERC Administrative Law Judge describing the background of these proceedings).

Distribution Tariff service. San Francisco protested ten of these filings in 2017 and 2018. The protests identify certain technical errors and allege that PG&E has failed to comply with the Federal Power Act and its Wholesale Distribution Tariff in its treatment of particular points of delivery and in its practices in responding to San Francisco's requests for service. These cases were set for trial-type evidentiary hearing, but FERC has held the hearings in abeyance pending settlement discussions. In December 2018, San Francisco and PG&E filed a Joint Offer of Partial Settlement with FERC that addresses some of the issues raised in San Francisco's protests.[16] Six of the proceedings would be entirely resolved by FERC's approval of the partial settlement, while four of the proceedings would still have outstanding issues. FERC has yet to act on the settlement. FERC may adopt or reject the settlement or request additional briefing from the parties. For the four cases that will have unresolved issues even if the settlement is adopted, San Francisco expects FERC to lift the abeyance of active litigation and trial-type hearing procedures, if not barred by the automatic stay.

12. Third, on January 28, 2019, San Francisco filed a complaint against PG&E pursuant to Sections 206, 306, and 309 of the Federal Power Act, 16 U.S.C. §§ 824e, 825e, 825h.[17] In its Complaint, San Francisco alleges that PG&E has denied service to San Francisco in violation of the terms of its Wholesale Distribution Tariff and that PG&E is violating the Federal Power Act by implementing its Wholesale Distribution Tariff in a manner that is unjust, unreasonable, and unduly discriminatory.[18] This complaint is primarily focused on PG&E's refusal to provide the City with Wholesale Distribution Tariff service at secondary voltage levels as required by the terms and conditions of its Wholesale Distribution Service Tariff. The complaint alleges that PG&E has used, and continues to use, its position as the administrator of its open access tariff to disadvantage its competitor, the City, by denying service it is required to provide under the tariff and by imposing on the City, and no other customer, interconnection requirements that are not in the tariff and serve no

---

[16] Pac. Gas & Elec. Co., Joint Offer of Partial Settlement, *Pac. Gas & Elec. Co.*, FERC Docket No. ER17-910-001 (Dec. 14, 2018), eLibrary No. 20181214-5000.

[17] City & Cty. of S.F., Complaint, *City & Cty. of S.F. v. Pac. Gas & Elec. Co.*, FERC Docket No. EL19-38-000 (Jan. 28, 2019), eLibrary No. 20190128-5207, attached hereto as Exhibit B.

[18] *Id.* at 1.

GREENE RADOVSKY
MALONEY SHARE &
HENNIGH LLP
FOUR EMBARCADERO
CTR, SUITE 4000
SAN FRANCISCO, CA
94111

547134.1

6

legitimate purpose.[19] The complaint alleges that these additional requirements improperly delay service to the City, increase the City's costs to serve its customers, and in some cases have caused the City to lose customers to PG&E.[20]

13. The complaint alleges that PG&E's actions are inconsistent with the tariff, the Federal Power Act, and FERC decisions,[21] and asks FERC to order PG&E to provide service as offered by its tariff. Secondarily, the complaint seeks refunds of excess costs incurred by the City as a result of PG&E's non-tariff requirements.[22]

14. In prior cases, FERC has determined that it has exclusive jurisdiction to interpret the filed rate and calculate the amount of the refund, but has deferred to the bankruptcy court on the issue of whether, and to what extent, a refund should be paid.[23]

15. PG&E did not answer San Francisco's January 28, 2019 complaint, but instead filed a notice on February 19, 2019, asserting that the complaint was stayed under section 362(a) of the Bankruptcy Code.[24]

---

[19] *Id.* at 2-5. *See* additional discussion of these impacts on the City in the Declaration of Barbara Hale in support of the City's Motion for Determination that the Automatic Stay Does Not Apply Under § 362(b)(4), or in the alternative, for Relief from the Automatic Stay Under § 362(d)(1).

[20] Complaint at 10-20.

[21] *Id.* at 20-33.

[22] *Id.* at 36-37.

[23] *Midwest Generation, LLC*, 157 FERC ¶ 61,016, PP 13-14 (2016) (determining refund obligation of Midwest Generation under the Federal Power Act, but deferring to bankruptcy proceedings whether those refunds can be recovered from reorganized entity); *Niagara Mohawk Power Corp.*, 77 FERC ¶ 61,224, at 61,900 (1996) (asserting "exclusive jurisdiction over establishing the rates, terms and conditions of the interconnection agreement" at issue, but adding that "whether Niagara Mohawk ultimately will be permitted to collect . . . any monies ordered by the Commission is a matter for the bankruptcy court to decide") (internal citation omitted).

[24] A copy of PG&E's Notice of Bankruptcy Filing and Imposition of Automatic Stay is attached hereto as Exhibit C.

GREENE RADOVSKY MALONEY SHARE & HENNIGH LLP
FOUR EMBARCADERO CTR, SUITE 4000
SAN FRANCISCO, CA 94111

547134.1

1 | I declare under penalty of perjury under the laws of the United States of America that
2 | the foregoing is true and correct. Executed on April 17, 2019.

    /s/ Katharine M. Mapes
Katharine M. Mapes

GREENE RADOVSKY
MALONEY SHARE &
HENNIGH LLP
FOUR EMBARCADERO
CTR, SUITE 4000
SAN FRANCISCO, CA
94111