| | |
|---|---|
| 1 | Dennis F. Dunne (admitted *pro hac vice*) |
| 2 | Samuel A. Khalil (admitted *pro hac vice*) |
| | MILBANK LLP |
| | 55 Hudson Yards |
| 3 | New York, New York 10001-2163 |
| | Telephone: (212) 530-5000 |
| 4 | Facsimile: (212) 530-5219 |
| 5 | and |
| 6 | Gregory A. Bray (SBN 115367) |
| | Thomas R. Kreller (SBN 161922) |
| 7 | MILBANK LLP |
| | 2029 Century Park East, 33rd Floor |
| 8 | Los Angeles, CA 90067 |
| | Telephone: (424) 386-4000 |
| 9 | Facsimile: (213) 629-5063 |
| 10 | *Proposed Counsel for the Official Committee of Unsecured Creditors* |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| -and- | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| Debtors. | |
| ☐ Affects PG&E Corporation<br>■ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM) | **LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN RESPECT OF MOTION OF DEBTORS PURSUANT TO 11 U.S.C. § 365(A) 11 U.S.C. § 365(A), FED. R. BANKR. P. 6006, AND B.L.R. 6006-1 FOR AN ORDER APPROVING THE UTILITY'S ASSUMPTION OF CERTAIN AGREEMENTS WITH QUANTA ENERGY SERVICES, LLC**<br><br>Re: Docket No. 1218 |

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of PG&E Corporation ("PG&E") and Pacific Gas and Electric Company (the "Utility" and, together with PG&E, the "Debtors"), by its proposed attorneys, Milbank LLP, hereby submits this limited objection and reservation of rights (the "Limited Objection") in respect of the *Motion of Debtors Pursuant to 11 U.S.C. § 365(a), Fed. R. Bankr. P. 6006, and B.L.R. 6006-1 for an Order Approving the Utility's Assumption of Certain Agreements with Quanta Energy Services, LLC* [Docket No. 1218] (the "Motion").[1] In support of the Limited Objection, the Committee respectfully represents as follows:

## BACKGROUND

1. On January 29, 2019, the Debtors filed petitions for relief under chapter 11 of the Bankruptcy Code.

2. On February 12, 2019, the U.S. Trustee appointed and formed the Committee. The Committee is statutorily charged with the fiduciary responsibility to represent various unsecured creditors and is tasked to provide a reliable and independent check and balance on the Debtors. Among those included in its broad constituency, holding more than $22 billion in claims, are union members, pension holders, counterparties to contracts, key vendors supplying critical materials and services to the Debtors, long-time lenders and other financial institutions as well as dozens of small and medium sized businesses that provide critical supplies and services to the Debtors. These individuals and companies, spanning from line-workers to key vendors, play a critical role in supporting PG&E's operations and their support is essential to preserving the operations of a restructured company.

3. The Debtors filed the Motion on April 3, 2019, seeking authority for the Utility to assume two contracts with Quanta Energy Services, LLC and its affiliated companies (collectively, the "Quanta Companies"): (i) the Transmission Inspection Agreement, dated as of December 20, 2018 (the "TIA"), and (ii) the Cross Cut Agreement, dated as of March 26, 2016 (the "CCA" and, together with the TIA, the "Quanta Contracts"). In connection with this assumption, the Debtors

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Motion.

seek authority to cure defaults under the Quanta Contracts, which the Debtors estimate to be in the aggregate amount of $116,103,954. In support of the Motion, the Debtors filed the *Declaration of Steve Coleman in Support of Motion of Debtors Pursuant to 11 U.S.C. § 365(a), Fed. R. Bankr. P. 6006, and B.L.R. 6006-1 for an Order Approving the Utility's Assumption of Certain Agreements with Quanta Energy Services, LLC* [Docket No. 1219] (the "<u>Declaration</u>").

4. Shortly after the Motion was filed, the Committee, through its proposed counsel and financial advisors, requested information pertinent to the relief sought by the Motion from the Debtors and their advisors. On April 16, 2019, the Court granted a stipulation between the Debtors and the Committee extending the deadline by which the Committee must object to the Motion to April 19, 2019, which provided an opportunity to continue diligence efforts and evaluate the Debtors' responses.[2]

5. The Committee's advisors have received responses to some of their information requests.

6. However, as more fully set forth below, the Committee still requires certain diligence material before it can take an informed position on the entirety of the relief requested in the Motion. Nonetheless, the Committee understands the importance of the relief requested to the Wildfire Safety Program. The Committee's professionals are currently continuing to work with the Debtors to obtain the required additional diligence material. As a result, the Committee reserves its rights to object to the Motion at the hearing pending the receipt of additional information. Further, as part of the relief requested, the Committee requests the Court's order provide that the Debtors share with the Committee the periodic reporting received from the Quanta Companies pursuant to the Quanta Contracts on a go-forward basis. The Committee also requests that payment of the cure amounts should be conditioned on the performance of the additional work described in the Motion.

---

[2] *See Order Granting Stipulation Between Debtors and Official Committee of Unsecured Creditors Extending Time to Respond to Quanta Assumption Motion* [Dkt. No. 1474].

3

**RESPONSE**

7. The Committee fully supports the implementation of additional precautionary measures in advance of the 2019 wildfire season by performing accelerated safety inspections of electrical infrastructure in high fire-threat areas in addition to continued ordinary course inspections and maintenance. The Committee also understands, based on diligence discussions and the statements in the Declaration, that the Quanta Companies require the assumption of the Quanta Contracts to continue to provide these critical services. However, the Debtors have not provided the Committee sufficient information to evaluate the proposed assumption of one of the Quanta Contracts. Specifically, the Committee requires further diligence to understand the necessity and propriety of assuming the CCA at this early stage in the case. Therefore, the Committee reserves its rights to object to that portion of the relief requested if it has not been able to reach a fully informed position on the Motion. Further, the Committee recognizes, based on the representations in the Motion and the statements in the Declaration, the critical nature of services provided by the Quanta Companies for the Wildfire Safety Program and related safety measures pursuant to the TIA. Thus, while the diligence received to date does not enable the Committee to verify the relief requested with respect to the CCA, the Committee does not object to the assumption of the TIA in light of the critical nature of the services provided thereunder.

8. The Committee has fiduciary obligations to all creditors represented by the Committee. *See In re Pierce*, 237 B.R. 748, 758 (Bankr. E.D. Cal. 1999). In furtherance of these obligations, the Committee may "investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan." 11 U.S.C. § 1103(c). Such investigative authority includes undertaking "whatever investigation is appropriate to enable [the Committee] to fulfill its duty to monitor the operations of the debtor . . . ." 7 *Collier on Bankruptcy* ¶ 1103.5[1][c].

9. The Committee has requested information regarding the Quanta Contracts in furtherance of these duties so that it may determine the reasonableness of the proposed assumption. While the Debtors have produced some information responsive to the Committee's requests, other

4

diligence requests remain outstanding, in particular with respect to the CCA. Further, the Committee's professionals have also asked to diligence the Wildfire Safety Program generally in connection with its other ongoing diligence responsibilities. The Committee's professionals have not yet received the requested diligence material, but it is understood that the Debtors will begin the process of providing the required information shortly.

10. Finally, the Committee believes that in connection with the assumption of the Quanta Contracts and the expanded services to be provided thereunder, the Committee should benefit from the periodic reporting that is already required to be provided to the Debtors pursuant to the Quanta Contracts. This sharing of information would allow the Committee to safeguard unsecured creditors' interests by monitoring the expansion of services under the Quanta Contracts and the progress with respect to key safety priorities, including the Wildfire Safety Program. Given that the assumption of the Quanta Contracts is premised on the need for additional services, payment of the cure amounts should be conditioned on the performance of the additional work.

**WHEREFORE,** the Committee requests that the Court grant it relief consistent with this Limited Objection as it determines is just and proper.

DATED: April 19, 2019

**MILBANK LLP**

/s/ *Thomas R. Kreller*
DENNIS F. DUNNE
SAMUEL A. KHALIL
GREGORY A. BRAY
THOMAS R. KRELLER

*Proposed Counsel for the Official Committee of Unsecured Creditors*