| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>OSCAR GARZA, SBN 149790<br>  ogarza@gibsondunn.com<br>SAMUEL A. NEWMAN, SBN 217042<br>  snewman@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, CA  90071-3197<br>Telephone:    213.229.7000<br>Facsimile:     213.229.7520<br><br>*Counsel for Centerview Partners LLC* | |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>    -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | CASE NO. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**DECLARATION OF KARN CHOPRA IN SUPPORT OF CENTERVIEW PARTNERS LLC'S EX PARTE MOTION FOR ENTRY OF AN ORDER AUTHORIZING CERTAIN CONFIDENTIAL INFORMATION TO BE FILED UNDER SEAL IN CONNECTION WITH THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AUTHORITY TO RETAIN AND EMPLOY CENTERVIEW AS INVESTMENT BANKER** |

# DECLARATION OF KARN CHOPRA

I, Karn Chopra, pursuant to section 1746 of title 28 of the United States Code, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I am a partner in the Restructuring Group at Centerview Partners LLC ("Centerview"). On April 3, 2019, the Official Committee of Unsecured Creditors (the "Committee") filed an application ("the Application") to retain Centerview Partners LLC as investment banker [Dkt. No. 1213], which included an accompanying declaration (the "Initial Greene Declaration"). I submit this declaration (the "Declaration") in support of *Centerview Partners LLC's Ex Parte Motion for Entry of an Order Authorizing Certain Confidential Information to Be Filed Under Seal in Connection with the Application of the Official Committee of Unsecured Creditors for Authority to Retain and Employ Centerview as Investment Banker* (the "Motion").

2. Unless otherwise indicated herein, the statements in this Declaration are based on my personal knowledge, my discussions with other employees of Centerview, my discussions with other advisors to the Committee appointed in these chapter 11 cases of PG&E Corporation and Pacific Gas and Electric Company (collectively, the "Debtors"), my review of relevant documents, and/or my opinion based upon my experience.

3. Centerview has only one line of business: providing corporate advice, including in connection with mergers and acquisitions and restructuring.

4. None of the confidential engagements Centerview seeks to seal here are restructuring engagements. Further, none of these engagements are related to the Debtors or these chapter 11 cases.

5. The Initial Greene Declaration made reference to a schedule of certain current and former client engagements of Centerview attached to the Initial Greene Declaration as Schedule 2. Schedule 2 disclosed Centerview's relationship with over 60 potential parties in interest and/or affiliates thereof (the "Parties"). However, a pool of five client engagements, which has now been reduced to four, was not disclosed. All four

client engagements are confidential. Rather, the Initial Greene Declaration disclosed the existence of certain potential confidential parties in interest without disclosing the names of such entities. As disclosed in the Initial Greene Declaration, none of these representations were (or are) related to the Debtors or these chapter 11 cases and do not preclude Centerview from meeting the disinterestedness standard under the Bankruptcy Code.

6. Centerview hereby discloses its previously confidential engagement with Waste Management, Inc. ("Waste Management"), affiliates of which are Parties. Centerview's engagement with Waste Management did not become public until after the Application was filed.

7. Subsequent to the filing of the Application and the Initial Greene Declaration, the Debtors informed the Committee and Centerview of additional parties with which they have business relationships (the "Additional Potential Parties in Interest"), and Centerview entered the names of the Additional Potential Parties in Interest into its computer database of existing and prior clients and other relevant databases relating to Centerview's clients. To the best of my knowledge, information, and belief, and based on such internal review process, Centerview currently is engaged to advise and/or was formerly engaged in the last three years to advise Centerbridge Partners, L.P. and Itron, Inc. or affiliates thereof, which are included on the Supplemental Schedule 2 attached hereto on matters unrelated to the Debtors' chapter 11 cases. The Supplemental Schedule 2 also includes Centerview's Waste Management engagement. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, none of these engagements are adverse to the Debtors' interests.

8. The four remaining confidential client engagements are identified on Schedule 1, which is the proposed document filed under seal. We are referring to four confidential client engagements rather than the 16 redacted rows on Schedule 1 because we have collapsed affiliated Parties together. Although the Application did not list the names

of these Parties, it disclosed the Parties' relationship to the Debtors: "Bank Accounts," "Contract Counterparties," "Litigation Counterparties/Litigation Pending Lawsuits," "Top Unsecured Creditors," "Unsecured Notes," "Utility Providers," and "Vendors." Centerview Application Ex. B, Schedule 2 at 4. Each of these four relationships is confidential for the same reason: these engagements are not public.

9. Confidentiality is fundamental to, and at the center of, Centerview's business model.

10. Centerview's engagements are, by their terms, confidential. Centerview is generally not able to disclose its client engagements until its clients disclose them. This confidentiality is important to Centerview's clients for a number of reasons.

11. First, the very nature of Centerview's business—as an advisory firm that only provides corporate and restructuring advice—means that merely identifying a client relationship essentially "lets the cat out of the bag" on the nature of the engagement. Clients hire Centerview with an expectation that Centerview will exercise discretion with regard to client engagements. If Centerview disclosed its confidential engagements, that would suggest a lack of discretion in a highly competitive business that values discretion. This would put Centerview at a competitive disadvantage. It would punish current clients who engaged Centerview with an expectation (whether contractual, oral, or otherwise) of confidentiality. This also disincentivizes future clients from engaging Centerview. In my experience, clients that specifically hire Centerview are often concerned with confidentiality regarding even the existence of the engagement. As a result, in evaluating which advisory firm to hire, clients are likely to weigh, among other considerations, the likelihood of public disclosure regarding the representation.

12. Second, in many situations, Centerview's association with a public company means the public company is exploring a significant transaction, like a sale. The public disclosure of Centerview's relationship has the potential to lead to speculation among investors, put the client at a competitive disadvantage as compared to its peers, and disrupt deal negotiations.

Gibson, Dunn & Crutcher LLP

13. The public disclosure of such confidential engagements would therefore prejudice both Centerview and its clients.

14. Accordingly, the relief requested in the Motion is necessary in order to prevent negative business implications, preserve the confidentiality and integrity of Centerview's engagements, and protect commercially sensitive and confidential information.

I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on the 19th day of April, 2019 at New York, New York.

/s/ Karn Chopra
KARN CHOPRA, Declarant

**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

**Schedule 1**

Centerview currently is engaged to advise and/or was formerly engaged in the last three years to advise the following Potential Parties-in-Interest and/or their affiliates on a confidential basis in matters wholly unrelated to the Debtors or these cases. Centerview requests FOIA confidential treatment with respect to the names set forth below.

| Potential Party In Interest | Relationship to Debtors |
| --- | --- |
| ███████████████████ ████████████████ ████████████ █████████████████ ██████████ | Contract Counterparties (includes, PPAs, patents and IP) |
| ████████████ ████████████ | Litigation Counterparties/Litigation Pending Lawsuits – includes threatened litigation |
| ███████████████ | Suppliers |
| ████████████ ████████ ██████████████████████ ██████████████████████ ████████████ ██████████████ | Top Unsecured Creditors |
| █████████████████████ ███████████████ | Vendors |

## Supplemental Schedule 2

Centerview currently is engaged to advise and/or was formerly engaged in the last three years to advise the following Potential Parties-in-Interest and/or their affiliates in matters wholly unrelated to PG&E Corporation and Pacific Gas and Electric Company (the "Debtors") or these cases (including where the Potential Party-in-Interest was only a member of group of lenders, creditors or equity owners):

|  | **Potential Party In Interest** | **Relationship to Debtors** |
| --- | --- | --- |
| 1 | Centerbridge Partners, LP | Interested Parties – Notice of Appearance Parties |
| 2-11 | Waste Management, Inc. Affiliates: Central Valley Waste USA Waste of California Waste Management – Fresno Waste Management – Ukiah Waste Management - USA Waste of California Waste Management of Alameda Waste Management of Antelope Valley Waste Management of Corning Waste Management of Fort Bragg Waste Management of Nevada Waste Management of North Valley Disposal | Utility Providers |
| 12 | Itron, Inc. | Interested Parties – Notice of Appearance Parties |

Note: This schedule reflects Centerview's engagement with Waste Management, Inc., affiliates of which are potential parties-in-interest, which became public after the Official Committee of Unsecured Creditors filed an application ("the Application") to retain Centerview as investment banker. It also reflects current and former engagements with certain of the additional potential parties-in-interest, which as described in Paragraph 7 of the Chopra Declaration, the Debtors provided to Centerview after the Application was filed. Chopra Decl. ¶ 7.