Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

and

Gregory A. Bray (SBN 115367)
Thomas R. Kreller (SBN 161922)
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063

*Proposed Counsel for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case. No. 19-30088 (DM) | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**REPLY OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER (I) CLARIFYING CERTAIN BANKRUPTCY CODE REQUIREMENTS AND (II) APPROVING PROTOCOL FOR PROVIDING ACCESS TO INFORMATION TO UNSECURED CREDITORS, *NUNC PRO TUNC* TO FEBRUARY 12, 2019**<br><br>Date: April 24, 2019<br>Time: 9:30 a.m. Pacific Time<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>Re: Docket No. 1215 |

The Official Committee of Unsecured Creditors (the "Committee") appointed in the jointly administered chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors in possession (the "Debtors"), hereby submits this reply (the "Reply") in support of the *Motion of Official Committee of Unsecured Creditors for Entry of an Order (I) Clarifying Certain Bankruptcy Code Requirements and (II) Approving Protocol for Providing Access to Information to Unsecured Creditors, Nunc Pro Tunc to February 12, 2019* [Dkt. No. 1215] (the "Motion")[1] and in response to the *Objection to Motion of Official Committee of Unsecured Creditors for Entry of an Order (I) Clarifying Certain Bankruptcy Code Requirements and (II) Approving Protocol for Providing Access to Information to Unsecured Creditors, Nunc Pro Tunc to February 12, 2019* [Dkt. No. 1523] (the "Objection") filed by Singleton Law Firm Fire Victim Claimants (the "SLF Claimants"). In support of the Reply, the Committee respectfully states as follows:

**BACKGROUND**

1. On January 29, 2019, the Debtors filed petitions for relief under chapter 11 of the Bankruptcy Code. On February 12, 2019, the Office of the United States Trustee ("U.S. Trustee") appointed and formed the Committee. The Committee is statutorily charged with the fiduciary responsibility to represent various unsecured creditors and is tasked to provide a reliable and independent check and balance on the Debtors. Among those included in its broad constituency that holds more than $22 billion in claims are union members, pension holders, counterparties to contracts, key vendors supplying critical materials and services to the Debtors, long-time lenders and other financial institutions, as well as dozens of small and medium sized businesses that provide critical supplies and services to the Debtors. These individuals and companies, spanning from line workers to key vendors, play a critical role in the Debtors' operations, and their ongoing support will be essential to preserving the operations of a restructured company

2. The Committee filed the Motion on April 3, 2019, seeking authority to establish certain protocols and "rules of the road" for the Committee's use in communicating with and disseminating information to the creditors that it represents. On April 17, 2019, the SLF Claimants

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Motion.

filed the Objection, arguing that the information-sharing protocols requested by the Motion are inconsistent with the access-to-information requirements of Bankruptcy Code section 1102(b)(3). As set forth below, the objections of the SLF Claimants are misplaced in several respects. As a threshold matter, the U.S. Trustee determined early in these cases that the unique circumstances of these cases warranted the appointment of a separate Official Committee of Tort Claimants (the "TCC") for the express purpose of ensuring the adequate representation of tort claimants such as the SLF Claimants. Thus, the SLF Claimants should look to the TCC, not the Committee, for access to whatever information the TCC decides to share with its constituency and any other protocols that the TCC might wish to implement. In addition, the Creditor Information Protocol proposed by the Committee in the Motion, while not designed to serve the SLF Claimants, nonetheless: (i) satisfies the requirements of section 1102(b)(3); (ii) is consistent with information-sharing protocols used in other cases and jurisdictions; and (iii) appropriately takes into account concerns of cost, privilege and confidentiality.

## ARGUMENT

### A. The Committee Owes No Duty to the SLF Claimants.

3. Section 1102(b)(3) requires that a committee provide access to information and solicit and receive comments from creditors "who hold claims of the kind represented by that committee." In these Chapter 11 Cases, the U.S. Trustee appointed the TCC to serve as fiduciary for holders of tort claims against the Debtors. The SLF Claimants purport to hold claims as a result of "injuries and damages in the fires" linked to the Debtors. These claims fall squarely in the kind of claims represented by the TCC, such that any section 1102(b)(3) obligations that run to the SLF Claimants rest with the TCC, not the Committee.

4. Accordingly, the SLF Claimants have no grounds to complain of the Committee's Creditor Information Protocol. Where (as here) the U.S. Trustee has determined that the appointment of an official committee is necessary to assure adequate representation of a certain category of creditors, that class should look to *its* official committee (and no other) for the access to information required under section 1102(b)(3). Therefore, in this circumstance, the Objection's

claim that "the Committee owes a fiduciary duty to the SLF Claimants" is misguided. It is the TCC—not the Committee—that owes the SLF Claimants fiduciary duties and duties of disclosure.

5. Case law supports the view that the appointment of the TCC relieves the Committee of any duties of representation to holders of claims of the kind represented by the TCC. See In re Barney's, Inc., 197 B.R. 431, 442 (Bankr. S.D.N.Y. 1996) (stating that a "committee and its members have a fiduciary duty to all creditors *represented by the committee*.") (emphasis added); In re Nutritional Sourcing Corp., 398 B.R. 816, 836 (Bankr. D. Del. 2008) ("As to the Committee, it is true that an official committee of unsecured creditors holds a fiduciary duty *to the committee's constituents*[.]") (emphasis added).

6. Thus, when a bankruptcy court or U.S. Trustee *does* determine that a committee in addition to the unsecured creditors' committee is necessary to provide a particular creditor constituency with adequate representation, it is that additional, specifically designated committee that takes on the fiduciary duties owed to that particular group of constituents.

**B. The Creditor Information Protocol Is Based on Standard Practice Approved by Courts Across the Country.**

7. Even if the Committee were for some reason responsible for providing access to information to the SLF Claimants, the Creditor Information Protocol satisfies the requirements of section 1102(b)(3). Section 1102(b)(3) arose under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCA"), enacted into law on April 20, 2005. Since that time, procedures substantially similar to those requested by the Motion have been approved in numerous cases in this Circuit and others across the country. See Motion at 8 (collecting cases). Given the existence of such well-established practices, the SLF Claimants' characterization of the Committee's interpretation of section 1102(b)(3) as "ludicrous" is inexplicable and should be dismissed out of hand.

8. The Committee is tasked with balancing cost and confidentiality concerns with the importance of sharing information with its constituency, so it is no surprise that a few details of information-sharing protocols may differ from case to case. There are clear trends away from some of the provisions requested in the Objection. For example, there has been no major case in

the last decade that has required sharing monthly written reports of the kind requested by the SLF Claimants. Here, the information protocol was prepared in light of the Committee's constituency and the latest and most relevant precedents and are modeled after the information protocols employed in the two most relevant comparable recent precedents: FirstEnergy Solutions Corp., et al., a case of a similar power company, and Takata Corporation, a case precipitated by a large number and amount of tort claims. In re FirstEnergy Solutions Corp., Case No. 18-50757 (Bankr. N.D. Ohio June 12, 2018) [Dkt. No. 728]; In re TK Holdings Inc., Case No. 17-11375 (BLS) (Bankr. D. Del. August 25, 2017) [Dkt. No. 592]. Likewise, cases in the Ninth Circuit stand as examples of approved information protocols that do not include any of the additional provisions demanded by the SLF Claimants. See, e.g., In re Composite Tech. Corp., Case No. 11-15058 (Bankr. C.D. Cal. June 30, 2011) [Dkt. No. 175]; In re Contessa Liquidating Co., Inc., Case No. 11-13454 (Bankr. C.D. Cal. May 4, 2011) [Dkt. No. 223].

### C. The Changes Proposed by the SLF Claimants Are Inappropriate and Unnecessary for this Case.

9. The Objection takes issue with the Motion's confidentiality safeguards, but it ignores the constraints faced by the Debtors, in particular PG&E Corporation as a publicly traded company. The Debtors must comply with SEC regulations concerning the dissemination of material nonpublic information. Further, the Committee is subject to the confidentiality provisions in its by-laws, which are a product of an agreement with the Debtors that allow the Committee to access nonpublic information. That agreement has already been negotiated with the input of the members of the Committee, and the Committee is bound to abide by those rules. These arrangements are customary and need to be respected for the Committee to fulfill its fiduciary duties. Without them, the Committee risks being cut off from critical information from the Debtors.

10. Other provisions requested by the SLF Claimants are unnecessary or premature. For example, the current Creditor Information Protocol already allows for creditor requests for information and questions. The additional burdens requested by the SLF Claimants would not be worth the added expense incurred on behalf of the Committee without a more concrete showing

that SLF Claimants are being denied access to material information—and here, from the TCC, which represents holders of claims of the kind held by the SLF Claimants.

11. Unsecured creditors that are not members of the Committee are always free to engage with the Debtors with an eye towards entering into the requisite confidentiality agreements to access confidential information from the Debtors. If a certain creditor feels that it has been unjustly denied the information it needs, it can petition the Court for relief. The SLF Claimants are capable of protecting their own interests without the Committee or a place on the TCC. They have been very active in these cases and have appeared on several issues. Notably, neither any other creditor, nor the U.S. Trustee, objected to the Motion. In some sense, the Objection almost appears to be an effort by the SLF Claimants to try to use the Committee to obtain confidential information to which they are not otherwise entitled. Obviously, any such efforts are inappropriate and should be rejected.

12. For the reasons set forth above, the Committee respectfully requests that the Court overrule the Objection and grant the relief requested in the Motion.

DATED: April 22, 2019            MILBANK LLP

                                 /s/ Thomas R. Kreller
                                 DENNIS F. DUNNE
                                 SAMUEL A. KHALIL
                                 GREGORY A. BRAY
                                 THOMAS R. KRELLER

*Proposed Counsel for the Official Committee of Unsecured Creditors*