1  Dennis F. Dunne (admitted *pro hac vice*)
   Samuel A. Khalil (admitted *pro hac vice*)
2  MILBANK LLP
   55 Hudson Yards
3  New York, New York 10001-2163
   Telephone: (212) 530-5000
4  Facsimile: (212) 530-5219

5  and

6  Gregory A. Bray (SBN 115367)
   Thomas R. Kreller (SBN 161922)
7  MILBANK LLP
   2029 Century Park East, 33rd Floor
8  Los Angeles, CA 90067
   Telephone: (424) 386-4000
9  Facsimile: (213) 629-5063

10 *Proposed Counsel for the Official Committee
   of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br>**PG&E CORPORATION**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF ITS APPLICATION FOR AUTHORITY TO RETAIN AND EMPLOY CENTERVIEW PARTNERS LLC AS INVESTMENT BANKER EFFECTIVE AS OF FEBRUARY 15, 2019**<br><br>Date: May 8, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br><br>Re: Docket No. 1213 |

# BACKGROUND

1. On February 15, 2019, after interviewing numerous investment bankers, the Official Committee of Unsecured Creditors (the "Committee") appointed in the jointly administered chapter 11 cases of the above-captioned debtors (the "Debtors") selected Centerview Partners LLC ("Centerview") to serve as its investment banker. Since that time, the Committee and its professionals have worked closely with Centerview on numerous issues, and Centerview has gained critical knowledge of the Debtors' businesses and these cases.

2. The Committee filed its *Application to Retain and Employ Centerview Partners LLC as Investment Banker, Effective February 15, 2019* (the "Application") [Docket No. 1213] on April 3, 2019. As part of the application process, Centerview conducted a rigorous conflict search and, as a result, and in compliance with its disclosure obligations under Bankruptcy Rule 2014, Centerview named over 62 "Potential Parties-in-Interest" with which it had connections. Centerview also disclosed that it had advised "several [additional] Parties-in-Interest and/or their affiliates" (the "Confidential Parties"), but did not specifically identify those entities "due to confidentiality obligations owed to such entities." Centerview further stated that "Centerview's work for each of [the Confidential Parties] is or was on matters that are wholly unrelated to the Debtors or these cases." See Declaration of Samuel Green, Schedule 2 at 4.

3. The Committee understands that, following the filing of the Application, Centerview contacted the Office of United States Trustee ("US Trustee") to discuss possible disclosure of the identities of the Confidential Parties to the US Trustee pursuant to section 107(b) under seal and that the US Trustee did not believe that filing a list of the Confidential Parties under seal would satisfy Centerview's obligations under Bankruptcy Rule 2014. Subsequently, on April 15, 2019, the US Trustee filed its Objection to the Application (the "Objection") [Docket No. 1376] asserting, among other things, that Bankruptcy Rule 2014 requires professionals to file a

verified statement listing "all of the person's connections" to the debtor, creditors, and any other parties in interest. Objection at 2. No other party objected to the Application.

**RESPONSE**

4. The Committee urges the Court to overrule the Objection. While the Committee understands the concerns of the US Trustee and acknowledges the importance of disclosure and transparency in bankruptcy cases, the Committee believes that Centerview's proposed solution – to file the list of the Confidential Parties under seal – makes sense under the circumstances and satisfies the requirements of Bankruptcy Rule 2014. Contrary to the US Trustee's assertion, Bankruptcy Rule 2014 is not explicit in demanding that all connections of a professional must be disclosed publicly. In fact, the US Trustee itself mentions in footnote 3 of the Objection that parties are permitted in certain instances to meet their disclosure requirements by filing the names of confidential parties under seal. Moreover, an absolute requirement to disclose commercially sensitive and confidential matters would require all investment bankers to choose between representing clients involved in bankruptcy proceedings or maintaining their other clients' privacy. Such a result could seriously discourage qualified advisors from taking on restructuring engagements for fear of being compelled to make public disclosures that could prove harmful to other firm clients.

5. Centerview is a corporate advisory firm that, among other things, provides corporate advice including advice on mergers and acquisitions and restructurings. Such representations are often high-profile and their very disclosure before the deal becomes public could not only move markets, but could also lead to investor speculation, violate securities laws and/or disrupt a deal. The US Trustee's insistence on public disclosure of confidential matters is problematic because the disclosure of the identities of the Confidential Parties could potentially affect markets involving such parties or have other similar unintended consequences. This would

be an unacceptable result particularly where these transactions have nothing to do with the Debtors' bankruptcy cases and do not represent a situation where a party is attempting to skirt the disclosure requirements or attempting to hide a disqualifying connection. Rather, Centerview contacted the US Trustee immediately after filing the Application to discuss a process through which it could comply with its disclosure requirements while at the same time maintaining its confidentiality obligations to the Confidential Parties.

6. Moreover, other courts in other jurisdictions have permitted Centerview to file under seal the name of its confidential client engagements. See In re CTI Foods, LLC, Case No. 19-10497 (CSS) (Bankr. D. Del. April 8, 2019) (granting *Motion to File Certain Confidential Information Under Seal* where like here, Centerview's Confidential Information constituted clients' names, because there was a valid basis under Section 107(b) and the redactions were narrowly tailored to apply to only the most sensitive information). The Committee does not believe this situation calls for a different result.

7. Given these facts, the Committee believes that Centerview should be permitted to file the names of the Confidential Parties under seal and continue with its engagement.

WHEREFORE, the Committee respectfully requests that the Court: (i) overrule the Objection; (ii) approve the Application; and (iii) grant such other relief as is just and proper.

Dated: April 22, 2019

**MILBANK LLP**

*/s/ Thomas R. Kreller*
DENNIS F. DUNNE
SAMUEL A. KHALIL
GREGORY A. BRAY
THOMAS R. KRELLER

*Proposed Counsel for the Official Committee of Unsecured Creditors*