# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case |
| PG&E CORPORATION, | No. 19-30088 (DM) |
| - and - | |
| PACIFIC GAS AND ELECTRIC | Chapter 11 |
| COMPANY, | (Lead Case) |
| Debtors. | (Jointly Administered) |

## CERTIFICATE OF SERVICE

I, Alain B. Francoeur, do declare and state as follows:

1. I am employed at Prime Clerk LLC ("*Prime Clerk*"), the claims and noticing agent for the debtors in the above-referenced chapter 11 bankruptcy cases.

2. On April 17, 2019, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via First Class Mail on the Notice Parties Service List attached hereto as **Exhibit A**:

- Order Re Initial Disclosures and Discovery Conference, attached hereto as **Exhibit B**

3. On April 17, 2019, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via First Class Mail on the Ad Hoc Group of Subrogation Claim Holders, Diemer & Wei, LLP, 100 W. San Fernando Street, Suite 555 San Jose, CA 95113:

- Notice Re Plaintiff, attached hereto as **Exhibit C**

4. I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct and that if called upon as a witness, I could and would competently testify thereto.

Executed this 22nd day of April 2019, at New York, NY.

_____
Alain B. Francoeur

# **Exhibit A**

Exhibit A
Notice Parties Service List
Served via First Class Mail

| NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | CITY | STATE | ZIP |
|---|---|---|---|---|---|---|
| Ad Hoc Group of Subrogation Claim Holders | Diemer & Wei, LLP | 100 W. San Fernando Street | Suite 555 | San Jose | CA | 95113 |
| Butte County | Clerk of the Board of Supervisors | 25 County Center Drive | Suite 200 | Oroville | CA | 95965 |
| Pacific Gas and Electric Company | 77 Beale Street | PO Box 770000 | | San Francisco | CA | 94177 |
| PG&E Corporation | 77 Beale Street | PO Box 770000 | | San Francisco | CA | 94177 |

In re: PG&E Corporation, *et al.*
Case No. 19-30088 (DM)

Page 1 of 1

**Exhibit B**

SRF 32360

Form ODSCY

**UNITED STATES BANKRUPTCY COURT**
**Northern District of California**

| | |
|---|---|
| In Re:<br>PG&E Corporation and Pacific Gas & Electric Company<br>Debtor(s) | Case No.: 19–30088 Chapter: 11 |
| Ad Hoc Group of Subrogation Claim Holders<br>Plaintiff(s)<br>vs.<br>PG&E Corporation et al.<br>Defendant(s) | Adversary Proceeding No. 19–03015 |

**ORDER RE INITIAL DISCLOSURES AND DISCOVERY CONFERENCE**

   The purpose of this order is: (1) to notify the parties of their obligation under Fed. R. Civ. P. 26, as incorporated by Fed. R. Bankr. P. 7026, to make Initial Disclosures and meet for a Discovery Conference; and (2) to modify those Rule 26 requirements in certain respects. As such, this order has no effect in any proceeding exempted under Rule 26(a)(1)(E) and (f) from the Initial Disclosure and Discovery Conference requirements.

   1. **The Discovery Conference.** At least 21 calendar days before the scheduling conference set in the summons, the parties shall confer (in person or by telephone) at a "Discovery Conference." Plaintiff shall initiate contact regarding arrangement of the Discovery Conference. Defendant shall cooperate in fixing the time and place of the Discovery Conference. Except to the extent the parties stipulate otherwise, no party shall initiate or conduct any formal discovery prior to the Discovery Conference. The parties may conduct informal discovery.

   2. **Settlement.** At the Discovery Conference, the parties shall consider the nature and basis of their claims and defenses and the possibility of an early settlement. The parties shall also discuss ADR options, as required by B.L.R. 9040–3.

   3. **Initial Disclosures.** At the Discovery Conference, the parties shall arrange to make the "Initial Disclosures" required by Rule 26(a), without necessity of a formal discovery request. The Disclosures shall be made at or within 14 calendar days after the Discovery Conference. All disclosures shall be in writing, signed by the party or his or her attorney, and served on all other parties.

   4. **Discovery Plan.** At the Discovery Conference, the parties shall develop a written Discovery Plan signed by all parties or their counsel, that reflects the parties' views and proposals concerning: (i) what changes, if any, should be made in the timing, form, or requirements of the Initial Disclosures; (ii) the timing, subject matter, and limitations, if any, of discovery to be conducted after the initial disclosures; and (iii) the subject of any orders that the court should enter under Fed.R.Bankr.P. 7016(b) and (c) and 7026(a)(1)unless:
  (a) the proceeding is exempt under Rule 26(f);
  (b) the proceeding seeks to recover money or property, or except a debt from discharge pursuant to 11 U.S.C. §523(a), of no more than $15,000, excluding interest, attorneys, fees, and costs; or
  (c) the parties stipulate to the contrary in a writing filed with the court.
  The Discovery Plan shall be filed within 14 calendar days after the Discovery Conference.

   5. **Pretrial Disclosures.** Notwithstanding Rule 26(a)(3), pretrial disclosures shall be made in accordance with further order of the court.

   6. **Service hereof.** The summons, complaint, and this order shall be served by the plaintiff within 7 days of the date of this order. A return or proof of service shall be filed within 5 days after service.
      SO ORDERED.

Dated: 4/17/19                                                          For the Court:

                                                                        Edward J. Emmons
                                                                        Clerk of Court
                                                                        United States Bankruptcy Court

I certify that a copy of this Order was returned to the plaintiff at the time the original summons was issued.

Dated: 4/17/19                                                          DaWana Chambers

**Exhibit C**

Form NTCPLA

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## NOTICE

**PLAINTIFF IS REQUIRED TO SERVE A COPY OF THIS NOTICE TO ALL PARTIES.**

**PLAINTIFF IS ALSO REQUIRED TO SERVE A COPY OF THE BANKRUPTCY DISPUTE RESOLUTION PROGRAM INFORMATION SHEET ON ALL PARTIES.**

The Information Sheet is available at the clerk's office and is posted on the court's website at: http://www.canb.uscourts.gov/court–info/bdrp/bankruptcy–dispute–resolution–program–information–sheet.

1. <u>DEFAULT</u> may be entered against defendant upon the plaintiff's request, if plaintiff files a proof of service and defendant fails to file timely an answer or a responsive motion, and appear at the Scheduling Conference. If appropriate, a default hearing may be set at the Scheduling Conference. Relief from default may be granted only on stipulation or after hearing on noticed motion.

2. <u>MEET AND CONFER</u> The parties shall meet and confer at least once before the Scheduling Conference to discuss settlement of the Adversary Proceeding. The parties shall be prepared to represent to the Court at the Scheduling Conference that they have complied with this requirement unless good cause exists for their failing to do so. At the Scheduling Conference, the Court may direct the parties to conduct further settlement negotiations prior to setting the Adversary Proceeding for trial.

3. <u>MOTIONS</u> The parties shall comply with BLR 9013–1 of the Bankruptcy Local Rules. The notice's hearing date and time shall appear on the cover page of each motion, opposition, reply and all supporting papers in accordance with BLR 1005–1. The parties will also be expected to comply with the policy for chambers copies that is posted on the court's website at: http://www.canb.uscourts.gov/ecf/procedures/Chambers–Copies–for–ECF–Filed–Documents.

4. <u>ORDERS</u> after contested hearings or trials will not be considered by the Court unless the non–prevailing party has approved it as to form, or the proposed order is served on the non–prevailing party, a proof of service is filed with the Clerk, and the proposed order has been lodged for seven (7) calendar days. See BLR 9021–1. This does not apply to stipulations or defaults.

5. <u>CALENDAR</u> Matters may be set for hearing using the court's open calendaring system. Inquiries concerning calendaring matters not authorized for open calendaring may be directed to the Courtroom Deputy for the assigned Judge:

| | | | |
|---|---|---|---|
| Chief Judge Charles Novack | Ruby Bautista | (510) 879–3529 | ruby_bautista@canb.uscourts.gov |
| Judge Hannah L. Blumenstiel | Benjamin Gapuz | (415) 268–2362 | benjamin_gapuz@canb.uscourts.gov |
| Judge Roger Efremsky | Monica Burley | (510) 879–3541 | monica_burley@canb.uscourts.gov |
| Judge M. Elaine Hammond | Anna Rosales | (408) 278–7581 | anna_rosales@canb.uscourts.gov |
| Judge Stephen L Johnson | Anna Lee | (408) 278–7515 | anna_e_lee@canb.uscourts.gov |
| Judge William J. Lafferty | Dianna Passadore | (510) 879–3533 | dianna_passadore@canb.uscourts.gov |
| Judge Dennis Montali | Lorena Parada | (415) 268–2323 | lorena_parada@canb.uscourts.gov |

rev. 1/1/2019