**Entered on Docket
April 22, 2019**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: April 22, 2019

_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Chapter 11 |
| PG&E CORPORATION, | ) Bankruptcy Case<br>) No. 19-30088-DM (Lead Case) |
| and | ) |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) Bankruptcy Case<br>) No. 19-30089-DM |
| Debtors. | ) (Jointly Administered) |
| X Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Co.<br>☐ Affects both Debtors<br>* All papers shall be filed in Lead Case, No. 19-30088-DM. | ) Date: April 24, 2019<br>) Time: 9:30 a.m. (Pacific Time)<br>) Place: United States Bankruptcy<br>) Court<br>) Courtroom 17, 16th Floor<br>) San Francisco, CA 94102 |

**ISSUES TO BE ADDRESSED AT THE APRIL 24
HEARING ON RETENTION APPLICATIONS**

The following are preliminary questions and concerns the court has regarding the forthcoming hearings on the applications by the Debtors and the two official committees to employ various professionals and others. At the hearings or any continued hearings the parties' counsel are encouraged to address these

concerns and any others that have been voiced by the United States Trustee or other parties in interest.

**FOR ALL PROFESSIONALS:**

The orders approving any retentions should not include findings that any professional is "disinterested" or does not represent an adverse interest. The court relies on recitals or representations that a professional is "disinterested" and does not represent adverse interests to support the engagement and retention. If subsequent events imply or establish that any recitals or representations are or were not correct, the court will deal with any problems when and if necessary.

The retention orders will not approve any hourly rates or range of rates. They serve as notices by the respective applicants of their anticipated charges; the actual approvals will be in accordance with sections 330 and 331 of the bankruptcy code unless provided otherwise.

**FOR EPIQ:**

The retention application states that a competitive bidding process was conducted and that the rates are competitive and comparable, but with no particulars or authentication. More information is needed.

There is no anticipated budget indicating what the likely cost for these services will be throughout the engagement. More information is needed.

The application is not persuasive as to why EPIQ's services are even necessary beyond establishing and maintaining a website as described in the motion for clarification to be heard at the same time (#1215). Specifically, why does docket and claims information

that is already on the court's website and Prime Clerk's website need to be reproduced again?  And what type of "required notices and pleadings" (Application, at 5:29) need to be prepared and served?

Why should the Debtors pay for errors by the Committee (See Services Agreement, § 3.5)?

Venue selection for dispute resolution other than in this court is not acceptable.

**FOR FTI** (in addition to questions raised by the UST):

Why isn't there an anticipated monthly budget for the coming months?  Further, a separate budget is necessary for anticipated fees of FTI's own counsel.

The court is not inclined to depart from its usual practice of disapproving provisions granting indemnity for negligence.  See comment re Lincoln Partners and DSI regarding indemnity.

The retention applications of FTI and Centerview overlap to some extent.  While both include some clear lines of demarcation, there needs to be a more definitive indication why there will not be unnecessary duplication of effort.

Compensation under section 330 and 331 (as with Lincoln Partners and DSI for the TCC) rather than section 328 seems more appropriate for this engagement.

**FOR LINCOLN PARTNERS**:

Why isn't there an anticipated monthly budget for the coming months?

The court is not inclined to depart from its usual practice of disapproving provisions granting indemnity for negligence.  The Committee's application states that it has negotiated indemnification provisions for Lincoln to be consistent with

-3-

provisions covering the Debtors' financial advisors (Application, at 8:12-14) but there is no reference to such comparable terms, nor does the court know which advisors are referred to in that statement. It is worth noting (with approval) that the application for employment of Development Specialists, Inc. (set for hearing on May 8, 2019), a second financial advisor for the TCC, contains no provisions for indemnity.

The court is not persuaded that the TCC needs two financial advisers, Lincoln and DSI. For that reason it intends to continue the Lincoln application to the May 8, 2019, calendar so the TCC will have an opportunity to explain in detail why two such advisers are necessary, particularly when the Official Committee of Unsecured Creditors is retaining yet a third financial adviser (FTI) and an investment banker (Centerview). While the court knows well the different interests and positions of the two committees, all of their respective constituents have a common interest in a successful and cost effective reorganization of the Debtors. Multiple layers of professionals analyzing the Debtors' financial conditions and affairs would not appear to advance those goals.

**FOR CENTERVIEW** (in addition to questions raised by the UST and above re overlap with FTI)**:**

The monthly retainer terms are unclear about the use of time records and application of hourly rates (See Application at 10-11). How will the court and parties in interest be able to assess the reasonableness of a monthly charge of $250,000?

There are no guidelines or mileposts for the award of an Additional Fee in an unknown amount to be determined by the Committee and paid by the Debtors. More information is needed.

Reimbursement of expenses include fees of Centerview's own counsel with no budget, no described duties and no standards. More information is needed.

The court is not inclined to depart from its usual practice of disapproving provisions granting indemnity for negligence.

There needs to be clarification of Centerview's employment and compensation. Paragraph 5 of the proposed order authorizing employment directs that applications be filed in accordance with sections 330 and 331, yet not subject to review under section 330. Compensation is to be pursuant to section 328(a), but subject to limited review of fees only by the UST "for reasonableness." There is no provision for review by the court or other parties in interest. More information is needed.

Venue selection for dispute resolution other than in this court is not acceptable.

* * * END OF ISSUES * * *