Thomas C. Mitchell (CA State Bar No. 124438)
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Telephone: (415) 773-5732
Facsimile: (415) 773-5759
Email: tcmitchell@orrick.com

Debra L. Felder (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8567
Facsimile: (202) 339-8500
Email: dfelder@orrick.com

Counsel for mNOC AERS LLC

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088-DM.* | Bankruptcy Case<br>Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**mNOC AERS LLC'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES UNDER 11 U.S.C. §§ 105(A) AND 107(B) AND FRBP 9018 FOR ENTRY OF AN ORDER AUTHORIZING THE FILING OF CERTAIN DOCUMENTS AND RELATED FILINGS UNDER SEAL**<br><br>**DATE**: May 21, 2019<br>**TIME**: 9:30 a.m. (Pacific Time)<br>**PLACE**: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>**Objection Deadline: May 7, 2019, 4:00 pm PDT** |

mNOC AERS LLC ("mNOC") hereby moves (the "Motion to File Under Seal")[1] pursuant to Sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure, Rule 1001-2(a) of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Local Rules"), and the *New District Wide Procedures for Electronically Filing Sealed and Redacted Documents* adopted by the United States Bankruptcy Court for the Northern District of California (the "Local Procedures"), for entry of an order (i) authorizing mNOC to file under seal the CSA (as defined below) related to mNOC's *Motion and Memorandum of Points and Authorities of mNOC AERS LLC for Entry of an Order Confirming Safe Harbor Protection under 11 U.S.C. §§ 362(b)(6) and 556* (the "Safe Harbor Motion"), filed contemporaneously herewith, as well as the portions of the Safe Harbor Motion and the Chang Declaration (the "Motion Papers") that refer to confidential details contained in the CSA, and (ii) directing that the CSA and unredacted copies of the Motion Papers will remain under seal and confidential and not be made available to anyone without the consent of mNOC and any other parties to the CSA, or further order from the Court.

A proposed form of order is attached hereto as **Exhibit A**, in accordance with the Local Procedures (the "Proposed Order").

The Motion to File Under Seal is based on this motion and memorandum of points and authorities, the concurrently filed Safe Harbor Motion, the concurrently filed Chang Declaration, the complete files and records in these cases, the arguments of counsel, and such other and further matters as this Court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PRELIMINARY STATEMENT

1. mNOC is party to a Behind the Retail Meter Capacity Storage Agreement ("CSA") with Pacific Gas and Electric Company ("PG&E," and together with PG&E Corporation, the "Debtors"). mNOC has filed the Safe Harbor Motion seeking an order determining that mNOC's

---

[1] Capitalized terms used herein but not defined shall have the meaning ascribed to them in mNOC's *Motion and Memorandum of Points and Authorities of mNOC AERS LLC for Entry of an Order Confirming Safe Harbor Protection Under 11 U.S.C. §§ 362(b)(6) and 556*.

exercise of its contractual rights under the CSA, including its right to terminate the CSA, is protected by the safe harbor provision of Sections 362(b)(6) and 556 of the Bankruptcy Code, as well as the declaration of Ting Chang, the Managing Director of mNOC, in support thereof. Both mNOC and PG&E have agreed to stringent confidentiality clauses in the CSA, and mNOC respectfully requests that the Court allow mNOC to submit the CSA, as well as unredacted versions of the Motion Papers that reference confidential details in the CSA, under seal so that the matter of safe harbor protection can be adequately adjudicated without violating the expectations of PG&E and mNOC regarding the confidentiality of their agreements.

**II. JURISDICTION**

2.      This Court has jurisdiction over the Motion to File Under Seal pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24, and Bankruptcy Local Rule 5011-1(a).

3.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The basis for the relief requested herein are Sections 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.

**III. FACTS**

6.      mNOC is party to a CSA with PG&E, dated June 1, 2018, as amended by letter agreements dated October 11, 2018 and November 27, 2018. The CSA obligates mNOC to (i) construct, operate and maintain an energy storage Project and (ii) provide resource adequacy capacity to PG&E from the Project to enable PG&E, *inter alia*, to meet its resource adequacy and renewable energy requirements prescribed by the California Public Utilities Commission ("CPUC").

7.      Additional information regarding mNOC's business and commercial agreement with PG&E is set forth in the Safe Harbor Motion and the Chang Declaration.

8.      The CSA contains a provision stating that throughout the term of the agreement, "neither party shall disclose the non-public terms or conditions of this Agreement or the Parties'

bidding or negotiation process . . . to a third-party."[2]

9. When PG&E filed the Advice Letter seeking approval of the CSA with CPUC (pursuant to Resolution E-4909), PG&E claimed the CSA was confidential in its entirety, and the CSA was filed under seal.

10. As the CSA contains sensitive and confidential commercial information, mNOC respectfully requests that the Court permit mNOC to file the CSA under seal, and the Motion Papers in redacted form, to ensure that the CSA is not publicly disclosed in violation of its confidentiality provisions.

**IV. BASIS FOR RELIEF REQUESTED**

11. Under Section 105(a) of the Bankruptcy Code, the Court can "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) provides that, "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . [p]rotect any entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b).

12. An entity seeking protection under Section 107(b) need only show that the information it seeks to seal is "confidential" and "commercial" in nature. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). Commercial information has been defined as information that would produce "an unfair advantage to competitors by providing them with information as to the commercial operations" of the entity seeking protection. *In re Itel Corp.*, 17 B.R. 942, 944 (9th Cir. B.A.P. 1982). Commercial information does not need to be a trade secret to fall under Section 107(b)'s protection. *See Orion Pictures Corp.*, 21 F.3d at 28 (finding that § 107(b) was carefully drafted to avoid merging "trade secrets" with "confidential commercial information").

13. Under the Bankruptcy Rules, the Court is similarly authorized to "make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

---

[2] CSA § 20.1 (Confidential Information).

Similarly, the Local Procedures require that a request to file under seal be narrowly tailored to sealable materials.

14. Because the CSA contains confidential commercial information within the scope of Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Court should grant mNOC's request.

15. The CSA is the product of extensive good faith negotiations between PG&E and mNOC following a competitive bidding process. Public disclosure of the CSA would cause substantial harm to both parties and create an unfair advantage for potential competitors seeking to enter into similar agreements. The CSA contains highly sensitive commercial information and is subject to robust confidentiality provisions negotiated and agreed between PG&E and mNOC. Disclosure of this information would put the parties at a competitive disadvantage by constraining their ability to negotiate capacity storage agreements in future transactions. Further, compelling public disclosure of the CSA or its terms in the Motion Papers could have a chilling effect that discourages other potential transaction counterparties from entering into similar agreements with the parties in the future.

**V. NOTICE**

16. Notice of the Motion will be provided to (i) the Debtors and counsel to the Debtors; (ii) counsel to the Office of the United States Trustee for Region 17; (iii) counsel to the administrative agent under the Debtors' debtor-in-possession financing facility; (iv) counsel to the collateral agent under the Debtors' debtor-in-possession financing facility; (v) counsel to the CPUC; (vi) the U.S. Nuclear Regulatory Commission; (vii) the U.S. Department of Justice, as counsel for the United States on behalf of the Federal Energy Regulatory Commission; (viii) counsel to the Official Committee of Unsecured Creditors; (ix) counsel to the Official Committee of Tort Claimants; and (x) those parties who have requested notice pursuant to Fed. R. Bankr. P. 2002. mNOC respectfully submits that no further notice is required.

## VI. CONCLUSION

For the reasons stated here and in the Chang Declaration, mNOC respectfully requests that the Court enter an order (i) granting this Motion to File Under Seal; (ii) authorizing mNOC to file the CSA and unredacted versions of the Motion Papers under seal; and (iii) granting such other and further relief as is just and proper.

DATED: April 22, 2019

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Thomas C. Mitchell*
Thomas C. Mitchell (CA State Bar No. 124438)
405 Howard Street
San Francisco, CA 94105
Telephone: (415) 773-5732
Facsimile: (415) 773-5759
Email: tcmitchell@orrick.com

and

Debra L. Felder (admitted *pro hac vice*)
1152 15th Street, N.W.
Washington, DC 20005
Telephone: (202) 339-8567
Facsimile: (202) 339-8500
Email: dfelder@orrick.com

*Counsel for mNOC AERS LLC*