Thomas C. Mitchell (CA State Bar No. 124438)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: (415) 773-5732
Facsimile: (415) 773-5759
Email: tcmitchell@orrick.com

Debra L. Felder (admitted pro hac vice)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8567
Facsimile: (202) 339-8500
Email: dfelder@orrick.com

*Counsel for mNOC AERS LLC*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19 - 30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**DECLARATION OF TING CHANG IN SUPPORT OF mNOC AERS LLC'S (I) MOTION FOR ENTRY OF AN ORDER CONFIRMING SAFE HARBOR PROTECTION UNDER 11 U.S.C. §§ 362(b)(6) AND 556; AND (II) MOTION UNDER 11 U.S.C. §§ 105(a) AND 107(b) AND FRBP 9018 TO FILE CONTRACT AND RELATED FILINGS UNDER SEAL**<br><br>**DATE:** May 21, 2019<br>**TIME:** 9:30 a.m. (Pacific Time)<br>**PLACE:** United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>**Objection Deadline: May 7, 2019, 4 pm PDT** |

**REDACTED VERSION OF DECLARATION OF TING CHANG IN SUPPORT OF mNOC AERS LLC'S (I) MOTION FOR ENTRY OF AN ORDER CONFIRMING SAFE HARBOR PROTECTION UNDER 11 U.S.C. §§ 362(b)(6) AND 556 AND (II) MOTION UNDER 11 U.S.C. §§ 105(a) AND 107(b) AND FRBP 9018 TO FILE CONTRACT AND RELATED FILINGS UNDER SEAL**

I, Ting Chang, declare as follows:

1. I am the Managing Director of mNOC AERS LLC ("mNOC"), a California limited liability company. I submit this declaration (the "Declaration") on behalf of mNOC in support of mNOC's (i) Motion for Entry Of An Order Confirming Safe Harbor Protection Under 11 U.S.C. §§ 362(b)(6) and 556 (the "Safe Harbor Motion") and (ii) Motion Under 11 U.S.C. §§ 105(a) and 107(b) and FRBP 9018 to File Contract and Related Filings Under Seal (the "Motion to File Under Seal"). I have personal knowledge of the facts stated in this Declaration. If called as a witness I could, and would, competently testify under oath as set forth below.

2. mNOC is a California based project company formed for the purpose of delivering to Pacific Gas and Electric Company ("PG&E") all capacity attributes, including resource adequacy attributes, flexible resource adequacy attributes, and other capacity attributes, from an aggregate energy storage system (the "Project"). The availability of such capacity attributes is necessary for the smooth operation of the electrical grid. Energy utilities like PG&E purchase resource adequacy capacity to ensure that they can meet future electricity demand from consumers as required by energy regulators.

**The CSA**

3. mNoc and PG&E entered into a Behind the Retail Meter Capacity Storage Agreement, dated June 1, 2018, as amended by letter agreements dated October 11, 2018 and November 27, 2018 (collectively, the "CSA"). A true and correct copy of the CSA is attached hereto as **Exhibit A**. By its terms, unless otherwise terminated, the CSA will continue for a period of ███████ from the initial delivery date. At the time of execution, the expected initial delivery date under the CSA is ███████.

4. The CSA provides that mNOC is to arrange for a total of ███████ of aggregated energy storage, in the form of various lithium ion battery systems placed behind customers' meters. As a condition precedent to the CSA's initial delivery date, mNOC must obtain certification of the capacity attributes in accordance with applicable California Public Utilities Commission ("CPUC") requirements and the California Independent System Operator ("CAISO")

tariff. Once development and construction of the Project is complete, mNOC is contracted to provide all such certified capacity attributes to PG&E to allow PG&E to comply with its regulatory obligations and to provide grid reliability in its territory.

5. I understand that the CSA is the outcome of a competitive procurement process by which PG&E ensures compliance with CPUC Decision ("D.") 13-10-040 implementing California Assembly Bill 2514, which requires that PG&E meet certain energy storage procurement targets, and CPUC Resolution E-4909, directing PG&E to hold a competitive solicitation for energy storage and/or preferred resources to meet local reliability needs in three local sub-areas in northern California.

6. On June 29, 2018, PG&E filed Advice Letter 5322-E with CPUC requesting approval of the CSA (along with three other contracts with Dynergy, Hummingbird Energy Solutions, LLC, and Tesla, Inc.).

7. On November 8, 2018, CPUC issued Resolution E-4949, approving the CSA and the other three contracts. In approving the contracts, CPUC found that PG&E's execution of the agreements is consistent with the objectives and directives of CPUC Resolution E-4909, as well as the Energy Storage Procurement Framework and Design Program, approved by CPUC in D. 13-10-040. CPUC further found that the agreements were reasonably priced and the related costs to PG&E were fully recoverable in the rates over the life of the CSA. On December 10, 2018, the Public Advocates Office at CPUC ("Cal Advocates") filed an Application for Rehearing of Resolution E-4949, claiming the Resolution committed a legal error.

8. Under the CSA, PG&E was required to obtain a final and non-appealable order from CPUC approving the CSA within ▮▮▮▮▮ from the date on which PG&E filed the CSA with CPUC.[1] While this approval was not obtained within the ▮▮▮▮▮ window, on March 19, 2019, the CPUC issued an order indicating that Cal Advocates' Application for Rehearing was denied, rendering CPUC's approval of the CSA final and non-appealable. Thereafter, mNOC received written notice from PG&E that CPUC's approval of the CSA had become final and non-appealable.

---

[1] CSA § 1.3 (CPUC Approval Delayed).

At that time, pursuant to the CSA, mNOC posted $ ▮▮▮▮▮ in project development security (in addition to $ ▮▮▮▮▮ mNoc posted in June 2018 when it signed the CSA) for a total of $ ▮▮▮▮▮ to support mNOC's continuing performance in constructing the Project.[2]

**Additional Costs Incurred by mNOC's Continuing Performance**

9. In addition to having to post security as described above, mNOC continues to incur development costs associated with the CSA. For example, mNOC is obligated under the CSA to bear the cost of acquiring various permits and approvals from the necessary governmental authorities, arranging for agreements with customers to install energy storage units behind the customers' electrical meters, complying with the CPUC's Electric Rule 21 regarding interconnection, redeploying and reallocating assets, purchasing equipment on an accelerated basis, complying with the special requirements of the CSA, generating and compiling the necessary customer information for the CPUC, acquiring certifications and reports from retained consultants, including to meet PG&E requirements in the CSA, undergoing testing and registration requirements, and installing any necessary metering equipment.[3] mNOC's costs of financing its performance under the CSA are increasing as a result of the uncertainty as to whether or not PG&E will perform. mNOC is also incurring administrative and operational costs as a result of the specialized requirements of the CSA, costs that it would not incur if its counterparty were not PG&E. Further, pursuant to the CSA, mNOC is required to post $ ▮▮▮▮▮ in security at the time of the Project's initial delivery date.[4]

10. I understand that mNOC must meet each of its obligations under the CSA to ensure that it does not trigger an event of default or potentially violate the automatic stay provisions of the Bankruptcy Code. These costs and obligations are highly material to mNOC, and mNOC continues to bear the risks in the face of the potential failure of PG&E to meet its obligations because of the Chapter 11 cases.

---

[2] CSA § 11.4(a)(i) (Project Development Security).
[3] CSA § 2.1 (Conditions Precedent to the Initial Delivery Date).
[4] CSA § 11.4(a)(ii) (Delivery Term Security).

**Motion to File Under Seal**

11. In connection with the Safe Harbor Motion, mNOC has concurrently filed a Motion to File Under Seal requesting entry of an order authorizing the filing under seal of the CSA, as well as unredacted versions of the Safe Harbor Motion and this Declaration.

12. The CSA contains a provision stating that throughout the term of the agreement, "neither party shall disclose the non-public terms or conditions of this Agreement or the Parties' bidding or negotiation process . . . to a third-party."[5]

13. I understand that when PG&E filed Advice Letter 5322-E seeking approval of the CSA with CPUC (pursuant to Resolution E-4909), PG&E claimed the CSA was confidential in its entirety, and the CSA was filed under seal.

14. As the CSA contains sensitive and confidential commercial information, it is critical for mNOC to be permitted to file the CSA and related filings under seal to ensure that such sensitive and confidential information is not publicly disclosed in violation of the CSA's confidentiality provisions.

15. I believe the relief requested in the Motion to File Under Seal is necessary in order to avoid putting mNOC at a competitive disadvantage by constraining its ability to negotiate capacity storage agreements in future transactions and to avoid a violation of the terms of the CSA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of April, 2019 at Rancho Cucamonga, California.

Ting Chang
mNOC AERS LLC
Managing Director

---

[5] CSA § 20.1 (Confidential Information).

**REDACTED VERSION OF DECLARATION OF TING CHANG IN SUPPORT OF mNOC AERS LLC'S (I) MOTION FOR ENTRY OF AN ORDER CONFIRMING SAFE HARBOR PROTECTION UNDER 11 U.S.C. §§ 362(b)(6) AND 556 AND (II) MOTION UNDER 11 U.S.C. §§ 105(a) AND 107(b) AND FRBP 9018 TO FILE CONTRACT AND RELATED FILINGS UNDER SEAL**

## EXHIBIT A

**Behind the Retail Meter Capacity Storage Agreement between mNOC and Pacific Gas and Electric Company, dated June 1, 2018, as amended by letter agreements dated October 11, 2018 and November 27, 2018**

[redacted in full]