| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | GIBSON, DUNN & CRUTCHER LLP<br>OSCAR GARZA, SBN 149790<br>   ogarza@gibsondunn.com<br>SAMUEL A. NEWMAN, SBN 217042<br>   snewman@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520 |
| 6 | *Counsel for Centerview Partners LLC* |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>   -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br> **Debtors.** <br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | CASE NO. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**CENTERVIEW PARTNERS LLC'S REPLY TO THE UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AUTHORITY TO RETAIN AND EMPLOY CENTERVIEW PARTNERS LLC AS INVESTMENT BANKER**<br><br>**Hearing:**<br>Date: April 24, 2019<br>Time: 9:30 a.m. Pacific Time<br>Place: United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 94102<br>Judge: Hon. Dennis Montali |

Centerview Partners LLC ("Centerview"), by and through its undersigned counsel, hereby files this Reply to the Objection of Andrew R. Vara, Acting United States Trustee for Region 3

("Objection") to the Application of the Official Committee of Unsecured Creditors for Authority to Retain and Employ Centerview Partners LLC as Investment Banker (Dkt. No. 1213, the "Application").

## I. PRELIMINARY STATEMENT

Centerview has rigorously complied with its obligations in connection with its professional retention in this case. Centerview complied with Federal Rule of Bankruptcy Procedure 2014 ("Bankruptcy Rule 2014") by filing a verified statement listing "all of the person's connections" to PG&E Corporation and Pacific Gas and Electric Company (collectively, the "Debtors"). Centerview explained in detail in its *Ex Parte Motion for Entry of an Order Authorizing Certain Confidential Information to be Filed Under Seal in Connection with the Application of the Official Committee of Unsecured Creditors for Authority to Retain and Employ Centerview as Investment Banker* (the "Motion to Seal") and supporting Declaration of Karn Chopra in support of Centerview Partners LLC's Motion to Seal (the "Chopra Declaration"), the need for limited, targeted protection of the names of four confidential clients who could be severely prejudiced by such disclosure.

In addition, the Application addressed prior comments of the United States Trustee in other cases by explaining in detail the structure, identity, and separateness of Centerview's investment affiliates, and such affiliates' connections to interested parties. These disclosures were approved in another, recent case and the United State Trustee has taken no steps to articulate why these disclosures should not be sufficient in this case. *In re CTI Foods, LLC*, Case No. 19-10497 (CSS) (Bankr. D. Del. April 8, 2019). Centerview has also disclosed sufficient information about its connections to the Debtors and other parties in this case to permit the parties in the case to form a view about whether Centerview can be employed.

Based on the specific, detailed information provided, the Court and other parties in interest have the required ability to make a determination and take a position on the Application. They should do so, and the Application should be approved.

## II. BACKGROUND

On January 29, 2019, the Debtors commenced the above-captioned cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Dkt. No. 1.

On February 12, 2019, the U.S. Trustee appointed an Official Committee of Unsecured Creditors (the "Committee"). Dkt. No. 409.

The Committee filed the Application on April 3, 2019. Dkt. No. 1213. The declaration of Samuel M. Greene, a partner at Centerview, accompanied the Application (the "Greene Declaration"). *Id.* at 61. Schedule 2 of Mr. Greene's declaration included a list titled "Connections to Potential Parties in Interest." *Id.* at 45. Mr. Greene's declaration disclosed that Centerview currently is engaged to advise and/or was formerly engaged in the last three years to advise several Potential Parties-in-Interest and/or their affiliates ("Potential Parties-in-Interest"), whose identities Centerview is unable to disclose more broadly than as proposed in the Motion to Seal due to confidentiality obligations owed to such entities. These Potential Parties-in-Interest are in the following categories: "Bank Accounts," "Contract Counterparties," "Litigation Counterparties/ Litigation Pending Lawsuits," "Top Unsecured Creditors," "Unsecured Notes," "Utility Providers" and "Vendors." Centerview's work for each of these entities is or was on matters that are wholly unrelated to the Debtors or these cases.

On April 15, 2019, the United States Trustee objected to the Application.

On April 19, 2019, Centerview filed its Motion to Seal, which is pending entry of an order by the Court. The contents of the Motion to Seal are hereby incorporated by reference. The Committee filed a Statement in Support of its Application for Authority to Retain and Employ Centerview Partners LLC as Investment Banker on April 22, 2019 urging the court to overrule the United States Trustee's objections and grant the Application. Dkt. No. 1569. Centerview has addressed the comments of the Official Committee of Tort Claimants appointed in this case, and does not believe there are any other outstanding objections. Centerview is prepared to address the comments raised by the Court in connection with the Application prior to entry of any order approving the Application.

## III. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Centerview Has Met All Of Its Disclosure Obligations In This Case.

The United States Trustee described these obligations at some length in his objections, but none of the cases cited go to the United States Trustee's fundamental objection–that restricting access to non-public information is or should be prohibited in connection with employment applications. Centerview addresses this argument at length in the Motion to Seal. Centerview in those papers has described in detail why the limited exception to public disclosure may be invoked to protect Centerview and its clients from broad dissemination of this information.

Centerview has disclosed, or proposes to disclose subject to appropriate protection, all relevant information to the Court, the Office of the United States Trustee, the Debtors, and the official committees apportioned in this case to date. Nothing in the Federal Rules of Bankruptcy Procedure or case law requires that all information be made available to all parties in interest in the case without regard to the negative effects of the disclosure of sensitive information. The United States Trustee admits as much. *See* United States Trustee's Objection to Application of the Official Committee of Unsecured Creditors for Authority to Retain and Employ Centerview Partners LLC as Investment Banker at n.3, Dkt. No. 1376.

Bankruptcy Rule 2014 requires only that disclosures be filed and provided to the Office of the United States Trustee. *See* Bankruptcy Rule 2014(a). Centerview proposes to do so and to make the information available to other major players in the case. Further, had any other party objected or otherwise inquired, Centerview could have made arrangements to enhance its disclosure further consistent with the rights and interests of its clients.

### B. Centerview's Affiliate Disclosures Satisfy Bankruptcy Rule 2014.

In his objections, the United States Trustee alleges that Centerview "fails to provide the name of its investment arms, the corporate structure of the related parties, and the nature of the investments that are made." United States Trustee's Objection at 8. But in Paragraph 24 of the Greene Declaration, Centerview provided specific information about the names and corporate structures of the separate affiliates and related parties ("Corporate Group Entities") described in the Application. Application Ex. B at ¶ 24. Importantly, Centerview also

Gibson, Dunn & Crutcher LLP

provided testimony explaining that none of the Corporate Group Entities held "an ownership interest in, or debt of, any of the Debtors or the other Potential Parties in Interest." *Id.* Indeed, Centerview described in detail the corporate structure, internal controls, and the connections between the Corporate Group Entities and the Debtors. The detailed disclosure of the relationships between Centerview and the Corporate Group Entities, combined with the disclosure that none of the Corporate Group Entities holds any ownership interest in any of the Potential Parties in Interest more than satisfies Bankruptcy Rule 2014.

**C. Centerview Provided All Necessary Information Regarding Identified Material Connections.**

The United States Trustee also alleges that Centerview failed "to explain its *identified* connections" and "provided no information regarding the identity, nature, or scope of many of the connections." United States Trustee's Objection at 8–9. Those allegations are refuted on the face of the Application. The Greene Declaration disclosed Centerview's relationship with over 60 potential parties in interest and/or affiliates thereof and withheld not "many" but only four confidential identities, disclosure of which is the subject of our Motion to Seal. Centerview Application Ex. B, Schedule 2 at 4. Moreover, Centerview revealed that the current and former engagements identified in the Greene Declaration are on matters wholly unrelated to these chapter 11 cases. *Id.* at ¶ 21.

Centerview's disclosures comply with Bankruptcy Rule 2014 and custom and practice in these cases. Bankruptcy Rule 2014 only requires a verified statement setting forth connections, which has been done in the Greene Declaration. *See* Bankruptcy Rule 2014(a).

## IV. CONCLUSION

WHEREFORE, Centerview respectfully requests that the Court (i) grant the Application and (ii) grant such other relief as the Court deems appropriate and just.

Gibson, Dunn & Crutcher LLP

Dated: April 23, 2019

OSCAR GARZA
GIBSON, DUNN & CRUTCHER LLP

By: /s/ Oscar Garza
Oscar Garza

*Counsel for Centerview Partners LLC*

Gibson, Dunn &
Crutcher LLP