

Signed and Filed: April 23, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>          Debtors.<br>_____<br>X Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Co.<br>☐ Affects both Debtors<br><br>* All papers shall be filed in Lead Case, No. 19-30088-DM. | Chapter 11<br><br>Bankruptcy Case<br>No. 19-30088-DM (Lead Case)<br><br><br>Bankruptcy Case<br>No. 19-30089-DM<br><br>(Jointly Administered)<br><br>Date: April 24, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

## ADDITIONAL INFORMATION ON THE COURT'S VIEW OF INDEMNITY FOR NEGLIGENCE

Attached is the court's tentative decision issued on July 6, 2001, (#1407) in the first Pacific Gas & Electric Company bankruptcy case dealing with indemnity provisions. It was not readily available when the court posted its "Issues to be addressed" statement on April 22, 2019 (#1587).

Shortly after the tentative was issued the debtor withdrew the application. The court's views on the subject have not changed since then.

* * * END OF STATEMENT * * *

FILED
01 JUL -6 AM 11:01

KEENAN G. CASADY, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DIST. OF CA.
SAN FRANCISCO, CA.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re ) Bankruptcy Case
) No. 01-30923DM
PACIFIC GAS AND ELECTRIC COMPANY, )
) Chapter 11
                 Debtor. )
_____ )

TENTATIVE DECISION ON DEBTOR'S APPLICATION
TO EMPLOY DRESDNER KLEINWORT WASSERSTEIN, INC.

    The court has reviewed the application (the "Application") of Pacific Gas and Electric Company ("PG&E"), the above-named debtor, to employ Dresdner Kleinwort Wasserstein, Inc. ("DrKW"), the response of the Official Committee of Unsecured Creditors, the objections of the United States Trustee ("UST"), the reply of DrKW, and the UST's response to the DrKW Reply. A hearing on the Application and the objections is presently set for July 10, 2001, at 9:30 a.m.

    By way of tentative decision, the court will sustain the objections of the UST concerning DrKW's requirement that it be provided with indemnity pursuant to the terms of a letter of April 6, 2001, from PG&E to it (set forth as part of Exhibit B to the Application).

    Without taking the time to go into detail, the court

-1-

generally agrees with the UST concerning the inadequacy of
Mr. Harvey's declaration in support of the Application and also
notes that he has not demonstrated that PG&E could not obtain
DrKW's services without the indemnity agreement, or if it could
not, that PG&E could not obtain the services of another financial
advisor and investment banker who would not require an indemnity
provision. Further, as set forth in the UST's reply, DrKW has not
convinced the court that the indemnity provisions are consistent
with industry practice such that they should be approved by the
court. It is particularly telling to note an omission in Exhibit
C to the Application in which PG&E mentions several recent Chapter
11 cases to demonstrate the success fee DrKW would seek. In ten
of those Chapter 11 cases DrKW is the investment banker; in none
of them has PG&E or DrKW shown this court that those bankruptcy
courts approved indemnity agreements for DrKW. The omission of
any such order from DrKW's reply is not insignificant.

    This court is of the view that the cases cited by the UST
that disapprove of indemnity agreements for investment bankers are
well reasoned, both from a point of view of a legal analysis and
also from the point of view of fundamental bankruptcy policy.
Indemnity is inappropriate for professionals employed by
representatives of bankruptcy estates. The court would rather
presume that DrKW possesses sufficient expertise and
sophistication that it will **not** be negligent in the performance of
its duties; if there is any doubt about that, it would be
inappropriate for the estate to be prohibited from seeking
compensation if it suffers as a result of such negligence.

    DrKW and the UST both report that indemnification is the only

-2-

open issue. That may be so as far as they are concerned, but from a reading of the Application and the engagement letter, the court is not convinced that DrKW contemplates and agrees to final approval under Bankruptcy Code section 330 of its Monthly Advisory Fees. Specifically, in paragraph 14 of the Application, the statement is made that pursuant to section 330 DrKW will file final applications for allowance of the Transaction Fee and reimbursement of its reasonable expenses in respect of its services. Nowhere does the Application recite that the court will be asked to give final approval of the Monthly Advisory Fees. Further, the court approval of reimbursement of reasonable expenses must necessarily include a detailed summary of any professional fees DrKW incurs that it seeks to be reimbursed from this estate. While it may be implicit in the papers that final approval of the Monthly Advisory Fees and of DrKW's professional fees will be subject to review, it is not explicit and needs to be incorporated into any order that is entered.

Since this is a tentative ruling only, PG&E and DrKW are entitled to be heard on July 10, 2001, if they wish. If they are willing to abide by the tentative decision and DrKW is willing to go forward with the engagement notwithstanding the foregoing, then counsel for PG&E should advise the court's courtroom deputy (Ms. Virginia Belli, 415-268-2323) by noon on Monday, July 9, 2001. The matter will then be dropped from the calendar and the court will expect PG&E to submit an order authorizing the engagement, but without the indemnity agreement and with final approval of the Monthly Advisory Fees and professional fees included within DrKW's expenses. Counsel for PG&E should also

Case: 09-30928    Doc# 1406    Filed: 04/06/09    Entered: 04/26/09 13:14:57    Page 4 of 5

notify counsel for the UST and the OCC if this matter is to come off calendar. Similarly, if DrKW is unwilling to go forward with the representation on these terms, PG&E should withdraw the application without prejudice.

Finally, if PG&E and DrKW wish to attempt to convince the court to depart from this Tentative Decision, the matter will go forward as scheduled.

Dated: July 6, 2001

/s/ Dennis Montali
Dennis Montali
United States Bankruptcy Judge

Case: 09-30988   Doc# 1406   Filed: 04/06/09   Entered: 04/26/09 13:14:57   Page 5 of 5