UNITED STATES DEPARTMENT OF JUSTICE
JOSEPH H. HUNT
Assistant Attorney General
RUTH A. HARVEY
Director
KIRK MANHARDT
Deputy Director
MATTHEW J. TROY (GABN 717258)
Senior Trial Counsel
P.O. Box 875
Ben Franklin Station
Washington, DC 20044-0875
Telephone: (202) 514-9038
E-mail: matthew.troy@usdoj.gov

DAVID L. ANDERSON (CABN 149604)
United States Attorney
ROBIN M. WALL (CABN 235690)
Assistant United States Attorney

Attorneys for the United States of America

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re | Case Nos. 19-30088 DM (Lead Case) |
| | 19-30089 DM |
| PG&E CORPORATION and | |
| PACIFIC GAS AND ELECTRIC | Chapter 11 |
| | Jointly Administered |
| Debtors. | |
| _____ | **NOTICE OF DEBTORS'** |
| ☐ Affects PG&E Corporation | **OBLIGATIONS PURSUANT TO** |
| ☐ Affects Pacific Gas and Electric Company | **LICENSES, AUTHORIZATIONS,** |
| ☒ Affects both Debtors | **AND ANTENNAE REGULATED** |
| | **BY THE UNITED STATES** |
| | **FEDERAL COMMUNICATIONS** |
| *All papers shall be filed in the Lead* | **COMMISSION** |

*Case, No. 19-30088 DM.*     )
_____   )

The United States of America, on behalf of the Federal Communications Commission ("FCC"), hereby provides notice as follows:

1. On January 29, 2019, the above captioned debtors (collectively, "Debtors" or "Regulated Entities," and singly, a "Regulated Entity") filed voluntary petitions for relief under chapter 11 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California. The Debtors' bankruptcy cases are jointly administered. Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No examiner or trustee has been appointed in these cases.

2. The Debtors hold wireless licenses issued and regulated by the FCC (collectively, "Licenses" or singly "License") or own antennae structures (collectively, the "Antennae") registered with the FCC. The FCC regulates the Licenses and the Antennae.

3. Although in bankruptcy, each Regulated Entity remains responsible for complying with FCC regulations applicable to it, including regulatory requirements for operation and transfer of a License.

4. Specifically, and without limitation, the FCC's regulations at 47 C.F.R. §§73.3540, 73.3541 and 1.948, and 310(d) of the Communications Act of 1934, as

2

Case: 19-30088    Doc# 1638    Filed: 04/24/19    Entered: 04/24/19 07:11:25    Page 2 of 5

amended (47 U.S.C. §310(d)), require i) a Regulated Entity that holds a License to obtain FCC approval for a proposed transfer or assignment of that License or a proposed transfer of control of itself and ii) a Regulated Licensee in control of an FCC licensee to obtain FCC approval of a proposed transfer of control of the Regulated Entity, whether such transfer is voluntary or involuntary, whether such transfer is direct or indirect and irrespective of whether the Regulated Entity possesses any other FCC license or authorization. Furthermore, pursuant to 47 C.F.R. § 1.948(c)(2), upon the involuntary transfer of control of a Regulated Entity, including a transfer of control to a debtor-in-possession or trustee, a Regulated Entity must file an application for involuntary transfer or assignment with the FCC no later than thirty (30) days following the occurrence of such transfer.

5.  Therefore, the FCC hereby provides notice that it is the responsibility of each Regulated Entity to ascertain the FCC regulations applicable to it and to comply with all such FCC rules and regulations, including those pertaining to the transfer of FCC Licenses and those pertaining to transfers of control of an FCC licensee.

6.  The FCC respectfully requests that any order issued by the Bankruptcy Court regarding the sale, transfer or assignment of any the Licenses held by a Regulated Entity include the following language:

> Notwithstanding any other provision of this Order or any other Order of this Court, no sale, transfer or assignment

of any rights and interests of the Regulated Entity in any federal license or authorization issued by the Federal Communications Commission ("FCC") shall take place prior to the issuance of FCC regulatory approval for such sale, transfer or assignment pursuant to the Communications Act of 1934, as amended, and the rules and regulations promulgated thereunder. The FCC's rights and powers to take any action pursuant to its regulatory authority, including, but not limited to, imposing any regulatory conditions on such sales, transfers and assignments and setting any regulatory fines or forfeitures, are fully preserved, and nothing herein shall proscribe or constrain the FCC's exercise of such power or authority to the extent provided by law.

7. If, pursuant to a plan of reorganization, a Regulated Entity that holds a License seeks to transfer its License or seeks to transfer control of itself or an FCC licensee that it controls, the FCC respectfully requests that any proposed confirmation order include the following language:

> No provision in the Plan or this Order relieves any Regulated Entity or reorganized Regulated Entity from its obligation to comply with the Communications Act of 1934, as amended, and the rules, regulations and orders promulgated thereunder by the Federal Communications Commission ("FCC"). No transfer or assignment of any FCC license or authorization held by a Regulated Entity or transfer of control of a Regulated Entity, or transfer of control of a FCC licensee controlled by a Regulated Entity shall take place prior to the issuance of FCC regulatory approval for such transfer pursuant to applicable FCC regulations. The FCC's rights and powers to take any action pursuant to its regulatory authority including, but

4

not limited to, imposing any regulatory conditions on any of the above described transfers, are fully preserved, and nothing herein shall proscribe or constrain the FCC's exercise of such power or authority.

Date: April 24, 2019                                Respectfully submitted,

                                                  /s/ Matthew J. Troy
                                                  MATTHEW J. TROY
                                                  Senior Trial Counsel
                                                  Attorney for United States

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2019, I electronically filed the foregoing NOTICE with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

                                                  /s/ Matthew J. Troy
                                                  Matthew J. Troy
                                                  Senior Trial Counsel

Case: 19-30088    Doc# 1638    Filed: 04/24/19    Entered: 04/24/19 07:11:25    Page 5 of 5