TIMOTHY S. LAFFREDI (WI SBN 1055133)
Assistant United States Trustee
CAMERON M. GULDEN (MN SBN 310931)
Trial Attorney
MARTA E. VILLACORTA (NY SBN 4918280)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
450 Golden Gate Avenue, Suite 05-0153
San Francisco, CA 94102
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: cameron.m.gulden@usdoj.gov

Attorneys for Andrew R. Vara,
Acting United States Trustee for Region 3[1]

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION**,<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>**Debtors**.<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>*\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>Date: May 8, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: Hon. Dennis Montali<br>  450 Golden Gate Avenue<br>  16th Floor, Courtroom 17<br>  San Francisco, CA 94102 |

## UNITED STATES TRUSTEE'S OBJECTION TO MOTION BY TURN FOR APPOINTMENT OF COMMITTEE OF RATEPAYER CLAIMANTS PURSUANT TO 11 U.S.C. §§ 1102(A)(2) AND 105

Andrew R. Vara, Acting United States Trustee for Region 3 (the "United States Trustee"), by and through his undersigned counsel, hereby files this objection ("Objection") to the Motion of The Utility Reform Network ("TURN") for Appointment of Official Committee of Ratepayer

---

[1] Andrew R. Vara, Acting United States Trustee for Region 3, is acting in this appointment for Tracy Hope Davis, United States Trustee for Region 17, who has recused herself.

Claimants Pursuant to 11 U.S.C. §§ 1102(a)(2) and 105(a) (ECF No. 1324, "Motion").[2] This Objection is supported by the following memorandum of points and authorities and any argument the Court may permit.

I. **MEMORANDUM OF POINTS AND AUTHORITIES**

    A. **Introduction**

Despite the fact that this Court has previously held, in a case involving the same entity, that "[t]here is no authority for creation of the Ratepayers Committee," the Motion requests the Court direct the United States Trustee to appoint an official committee of ratepayer claimants. The United States Trustee understands the importance of these proceedings to the many affected parties, including ratepayers. That does not, however, establish a legal entitlement for any group of interested parties to be represented by an official committee under section 1102(a)(2). TURN's attempt to distinguish the earlier PG&E case with this one and to establish that, this time, the ratepayers are actually "creditors" fails, and the Motion must therefore be denied. In the alternative, TURN has failed to show that the ratepayers are not adequately represented. Moreover, the ratepayers enjoy certain protections with regard to rate increases under section 1129(a)(6).

    B. **Background Facts and Procedural Posture**

1. On January 29, 2019, the Debtors commenced the above-captioned cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. ECF No. 1.

2. No trustee has been appointed in the Debtors' cases. *See generally* Case Dockets.

3. On February 12, 2019, the United States Trustee appointed an Official Committee of Unsecured Creditors ("OCC"). ECF No. 409. On February 15, 2019, the United States Trustee appointed an Official Committee of Tort Claimants. ECF No. 453.

---

[2] The United States Trustee requests that the Court take judicial notice of the pleadings and documents filed in these cases pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 201.

Page -2-

4. By letter dated February 6, 2019, TURN requested the United States Trustee appoint an official committee of ratepayer claimants. *See* ECF No. 1327. After review and analysis, the United States Trustee responded that he had concluded that appointment of such a committee would be outside the United States Trustee's statutory authority. ECF No. 1327-1. Specifically, the United States Trustee stated that "Section 1102(b)(1) requires that the United States Trustee appoint persons who hold claims against the debtor to serve on official committees. To be eligible for appointment, prospective members must qualify under the Bankruptcy Code as 'persons' and must 'hold claims against the debtor.' See 11 U.S.C. §§ 101(10) and (41)." *Id.*

5. TURN again requested the United States Trustee form a ratepayers committee, and by letter dated March 21, 2019, the United States Trustee once again declined, indicating that his position remained the same and that, accordingly, no action would be taken. ECF No. 1327-2.

6. TURN filed the Motion on April 10, 2019. ECF No. 1324.

7. The Motion requests "the Court for an order pursuant to 11 U.S.C. §§ 1102(a)(2) and 105(a) directing the United States Trustee to appoint an official committee of ratepayer claimants." *Id.* According to the Motion, "the U.S. Trustee has failed to follow controlling law, refusing to appoint a committee on the ground that ratepayers are not persons with pre-petition claims against the debtors herein." *Id.*[3]

8. Certain other parties filed joinders to TURN's motion, each expressing a willingness to serve on an official committee of ratepayer claimants. ECF No. 1476, 1477.

---

[3] To be clear, the United States Trustee never based the denial of the committee request on a conclusion that ratepayers are not "persons." Although most governmental ratepayers would not be "persons" under 11 U.S.C. § 101(41), most private ratepayers are persons. But "personhood" does not by itself entitle one to be represented by an official committee. The person must be either a creditor or an equity security holder. The United States Trustee concluded that the ratepayers are not creditors.

Page -3-

# OBJECTION

## I. The Statutory Framework: Section 1102 Confers Important, but Different, Authority on Bankruptcy Courts and U.S. Trustees with Respect to Official Committees.

Section 1102(a) of the Code governs the formation, appointment, and modification of official committees of creditors and equity security holders. It provides under what circumstances the court and the United States Trustee may act and under what standard. Congress gave the United States Trustee and bankruptcy courts important, but divergent, authority with respect to committees in chapter 11. As to the United States Trustee's role (outside of North Carolina and Alabama), the United States Trustee appoints all official committees and, as appropriate, monitors membership and occasionally modifies their composition. 11 U.S.C. § 1102(a)(1) and (2).

Section 1102 also confers important, but different, authority on bankruptcy courts with respect to official committees. A court's authority over committee formation and membership is limited. A court may, if requested:

- order the United States Trustee to appoint additional committees if necessary to assure adequate representation;

- order the United States Trustee to change committee membership if necessary to ensure adequate representation;

- order that a committee not be appointed in a small business case; or

- order the United States Trustee to increase membership to include a creditor that is a small business concern.

11 U.S.C. § 1102(a)(1)-(4). "Those are the only powers over committees the Code gives the court. There are no others." *In re Caesars Entertainment Operating Co.,* 526 B.R. 265, 268 (Bankr. N.D. Ill. 2015).

Case: 19-30088    Doc# 1651    Filed: 04/24/19    Entered: 04/24/19 13:57:10    Page 4 of 9

## II. As This Court Has Previously Held, There is No Authority in the Bankruptcy Code for the Appointment of a Ratepayers Committee Because Ratepayers Are Not Creditors.

TURN cannot obtain the relief it seeks because such a committee can represent only creditors or equity security holders. As this Court has specifically ruled, ratepayers — customers of PG&E who pay money to the entity for gas and electrical services — are not creditors. *See In re Pacific Gas & Electric Co.*, Case No. 01-30923, Memorandum of Decision Regarding Motion for Order Vacating Appointment by U.S. Trustee of Official Comm. of Ratepayers (Bankr. N.D. Cal. May 18, 2001, ECF No. 599 at 8) (finding that "having an interest in a particular result (as all ratepayers do) does not rise to the level of having a claim as defined in the Bankruptcy Code"). The Court noted that section 1102 of Bankruptcy Code authorizes the appointment of one creditors' committee and additional creditors' committees "if necessary to assure adequate representation of creditors," (*i.e.*, holders of prepetition claims). *Id.* at 5. The Court also noted that "ratepayers have other means and other fora to protect their interests," such as the Official Committee of Unsecured Creditors and the Attorney General's Office. *Id.* at 2.

TURN's attempt to distinguish current ratepayers from ratepayers during the prior case fails. TURN argues that because PG&E customers are entitled to receive a small credit on their bills twice a year, "[e]very ratepayer within PG&E's service area is a creditor in these cases." ECF No. 1324 at 8-9. While TURN is correct that 11 U.S.C. § 101(5)(A) defines "claim" as a "right to payment," ratepayers do not have a right to payment. In fact, the Public Utilities Commission of the State of California specifically rejected the idea of paying customers directly via an off-bill rebate check in favor of an on-bill credit. ECF No. 1326-1 at 121. All current customers receive the small credit in April and October, *id.* at 122, a minor, automatic[4] statement adjustment that does not rise to the level of transforming all gas and electric customers into creditors of PG&E. The adjustment is simply a reduction in the amounts owed by ratepayers that is reflected on their April and October statements.

---

[4] Contrary to what TURN argues, ratepayers do not, in fact need a committee to "ensur[e] their claims are paid as and when due . . . ." The rebates are provided automatically every six months. ECF No. 1326-41 at 124.

Page -5-

Finally, even if ratepayers may end up partially funding (directly or indirectly) a plan of reorganization proposed by the Debtors, there simply is no debtor-creditor relationship between PG&E and its customers that would give rise to creditor status. TURN's argument proves too much. Almost every operating chapter 11 debtor will have key customers who purchase its products or services. The maintenance of relationships with those customers will likely be vitally important to the successful rehabilitation of the debtor. Indeed, the proceeds of the customers' purchases of products or services will, at least to some degree, fund the plan. But the customers are not creditors of the debtor. To the contrary, they are more likely to be obligors to the debtor.[5] The Bankruptcy Code definition of "creditor" simply cannot bear the weight of TURN's expansive interpretation. Because TURN seeks the appointment of a committee of interested parties who are not creditors, the Motion should be denied.

### III. Even if this Court Were to Find that the Ratepayers are Creditors, an Additional Committee is Not Warranted.

"The party moving for an order directing the appointment of an additional committee has the burden of establishing that it is not adequately represented." *In re Nat'l R.V. Holdings, Inc.*, 390 B.R. 690, 695 (Bankr. CD Cal. 2008); *In re Residential Capital, LLC*, 480 B.R.550, 557 (Bankr. SDNY 2012). Even if the ratepayers are somehow able to establish that they have a "right to payment" or that PG&E owes a "debt" to them, they must further show that the ratepayers are not adequately represented. TURN cannot meet this burden, because "the requirement that the moving party show that such a committee is 'necessary to assure adequate representation' has been described as ranging from a 'high standard' to requiring a showing that an additional committee is 'absolutely required,' 'essential,' or 'indispensable.'" *In re Residential Capital, LLC*, 480 B.R. at

---

[5] Similarly, ratepayers are not "involuntary creditors" merely because their money may be used to fund a chapter 11 plan in the future.

558 (internal cites omitted). The remedy TURN seeks is "extraordinary," and not supported by the facts and circumstances of the case. *In re Nat'l R.V. Holdings, Inc.*, 390 B.R. at 695.

On February 12, 2019, the United States Trustee appointed the OCC. ECF No. 409. The OCC is composed of a broad and diverse group of legitimate unsecured creditors, including, as noted by TURN, "a Fortune 200 energy generator, an integrated security company specializing in the provision of security and related services, two bond indenture trustees, and one of the unions for PG&E employees." ECF No. 1324 at 9. The OCC, the committee already in place, is the voice for all unsecured creditors in these bankruptcy cases. *See In re SPM Mfg. Corp.*, 984 F.2d 1305, 1315 (1st Cir. 1993) (finding that "a creditors' committee and its members must act in accordance with the provisions of the Bankruptcy Code" and that "the committee is a fiduciary for those whom it represents, not for the debtor or the estate generally"). Any argument by TURN that the OCC is not or cannot adequately represent all unsecured creditors is unsupported and without merit. If ratepayers are somehow found to be "creditors," their interests as creditors are represented by the OCC; if ratepayers are not creditors, they do not belong on any official committee at all.[6]

One additional consideration should bear on the entitlement of ratepayers to an additional official committee. TURN is not actually seeking protection for the ratepayers' interests *as creditors*. Instead, it appears that TURN seeks to use this hypothetical creditor status to obtain an official committee to represent the ratepayers' overall concerns in these cases. Although those

---

[6] TURN suggests individuals from numerous entities that it believes should be appointed to a ratepayers' committee, ECF No. 1324 at 1-2, though in the event the Court orders the formation of such an additional committee, any members would selected by the United States Trustee. *See* 11 U.S.C. § 1102(a)(2).

Case: 19-30088    Doc# 1651    Filed: 04/24/19    Entered: 04/24/19 13:57:10    Page 7 of 9

concerns are undoubtedly important and deserve due consideration, the Code remedy of an official committee is not available to represent the ratepayers' non-creditor interests in the cases.

Furthermore, it bears noting that the ratepayers have other options available to them to protect their interests. Bankruptcy Rule 2018(b) permits the Attorney General of the State of California to appear and be heard on behalf of consumer creditors as long as the court determines that the appearance is in the public interest. And section 1109(b) gives a "party in interest," including various enumerated entities, the right to appear and be heard on any issue in a case. *See In re Pacific Gas & Electric Co.*, Case No. 01-30923, ECF No. 599 (discussing Rule 2018(b) and section 1109(b)).

**IV. Ratepayers Are Protected by 11 U.S.C. § 1129(a)(6) Because Any Potential Rate Change Would Need to Be Approved By the Regulatory Commission.**

Section 1129(a)(6) states that a court may only confirm a plan if "[a]ny regulatory commission with jurisdiction, after confirmation of the plan, over the rates of the debtor has approved any rate change provided for in the plan, or such rate change is expressly conditioned on such approval." *See, e.g.*, *In re Cajun Elec. Power Co-op., Inc.*, 230 B.R. 715, 741 (Bankr. M.D. La. 1999) (finding that proposed plan satisfied section 1129(a)(6) where it provided that debtor would "seek all necessary approval" for any rate change).

So, while TURN argues that a "separate committee is required to allow the millions of ratepayers affected by these cases to speak with a single voice . . .," ECF No. 1324 at 10, no plan can be confirmed that does not comply with section 1129(a)(6). Therefore, if any future plan included a rate change, PG&E would first have to have full approval from the California Public Utilities Commission, and any ratepayer or entity would have the opportunity to be heard by the regulatory agency during any such consideration. Or, put another way, section 1129(a)(6) specifically allows for a rate change subject to regulatory commission approval. *See In re Pacific Gas and Electric Co.*, 304 B.R. 395, 410 (Bankr. N.D. Cal. 2004) (finding that "[s]ection 1129(a)(6) specifically allows confirmation of a plan containing a rate change as long as the rate

change is approved by the commission having jurisdiction over those rates"). Therefore, the primary concern of the movants here is better and more appropriately addressed during plan formulation and confirmation, not by forming another committee in a case where unsecured creditors are already adequately represented.

## CONCLUSION

**WHEREFORE**, the United States Trustee requests the Court deny the Motion.

Dated: April 24, 2019

Andrew R. Vara
Acting United States Trustee, Region 3

By: /s/ *Cameron M. Gulden*
CAMERON M. GULDEN
Trial Attorney

Case: 19-30088    Doc# 1651    Filed: 04/24/19    Entered: 04/24/19 13:57:10    Page 9 of 9