| | |
|---|---|
| 1 | GIBSON, DUNN & CRUTCHER LLP |
| | OSCAR GARZA, SBN 149790 |
| 2 |    ogarza@gibsondunn.com |
| | SAMUEL A. NEWMAN, SBN 217042 |
| 3 |    snewman@gibsondunn.com |
| | 333 South Grand Avenue |
| 4 | Los Angeles, CA 90071-3197 |
| | Telephone: 213.229.7000 |
| 5 | Facsimile: 213.229.7520 |

Signed and Filed: April 24, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

*Counsel for Centerview Partners LLC*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**In re:**

**PG&E CORPORATION**

   -and-

**PACIFIC GAS AND ELECTRIC COMPANY,**

**Debtors.**

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

*\* All papers shall be filed in the lead case, No. 19-30088 (DM)*

CASE NO. 19-30088 (DM)

Chapter 11

(Lead Case)

(Jointly Administered)

**ORDER AUTHORIZING CENTERVIEW PARTNERS LLC TO FILE CERTAIN CONFIDENTIAL INFORMATION UNDER SEAL IN CONNECTION WITH THE APPLICATIONS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AUTHORITY TO RETAIN AND EMPLOY CENTERVIEW AS INVESTMENT BANKER**

Upon the Motion, dated April 19, 2019 (the "Motion to File Under Seal"), of Centerview Partners LLC ("Centerview"), for entry of an order pursuant to Sections 105(a) and 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules, authorizing Centerview to redact and file under seal certain Confidential Information in connection with the Application of the Official Committee of Unsecured Creditors for Authority to Retain and Employ Centerview as Investment Banker and granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and

1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§1408 and 1409; and this Court having reviewed the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. Centerview is authorized to file the unredacted version of Schedule 1 of the Chopra Declaration under seal pursuant to section 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, Bankruptcy Local Rule 1001-2(a), and the *New District Wide Procedures for Electronically Filing Sealed and Redacted Documents adopted by the United States Bankruptcy Court for the Northern District of California*.

3. The Confidential Information shall remain confidential, shall remain under seal, and shall not be made available to anyone except (i) this Court, (ii) the U.S. Trustee, (iii) attorneys for the PG&E Corporation and Pacific Gas and Electric Company (the "Debtors"), (iv) attorneys for the Official Committee of Unsecured Creditors and the Official Committee of Tort Claimants, and (v) such other parties as ordered by this Court or as agreed to in writing by Centerview.

4. Except as ordered by this Court or as agreed to in writing by the Debtors and Centerview, any pleadings that disclose any of the Confidential Information shall be filed under seal in accordance with this Order and served only on those parties authorized in paragraph 3 above.

5. Any party who receives the Confidential Information in accordance with this Order shall not disclose or otherwise disseminate such Confidential Information to any other person or entity, including in response to a request under the Freedom of Information Act.

6. Within a reasonable time after the need for confidential treatment no longer

applies, Centerview will publicly file supplemental disclosures.

7.  Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

8.  The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

9.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**\*\*END OF ORDER\*\***

Gibson, Dunn & Crutcher LLP

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | Federal Energy Regulatory Commission |
| 3 | Attn: General Counsel
888 First St NE |
| 4 | Washington, DC 20426 |
| 5 | Internal Revenue Service
Centralized Insolvency Operation |
| 6 | 2970 Market St |
| 7 | Philadelphia, PA 19104-5016 |
| 8 | John A. Vos
1430 Lincoln Avenue |
| 9 | San Rafael, CA 94901 |
| 10 | Office of the United States Attorney for the Northern District of California |
| 11 | Attn: Bankruptcy Unit
Federal Courthouse |
| 12 | 450 Golden Gate Avenue
San Francisco, CA 94102 |
| 13 | |
| 14 | PG&E Corporation
Attn: President or General Counsel |
| 15 | 77 Beale Street
P.O. Box 77000 |
| 16 | San Francisco, CA 94177 |
| 17 | Placer County Office Of The Treasurer-Tax Collector |
| 18 | Attn: Robert Kanngiesser
2976 Richardson Drive |
| 19 | Auburn, CO 95603 |
| 20 | U.S. Nuclear Regulatory Commission
Attn: General Counsel |
| 21 | U.S. NRC Region IV
1600 E. Lamar Blvd. |
| 22 | Arlington, TX 76011 |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |