UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re: Pacific Gas and Electric Company, Case No. 19-30089
Jointly Administered Under
PG&E, Case No. 19-30088

# TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claims referenced in this evidence and notice.

**Vendor Recovery Fund IV, LLC**
Name of Transferee

**R & S Erection Inc**
Name of Transferor

Name and agree where notice to transferee should be sent:

Vendor Recovery Fund IV, LLC
PO Box 669
Smithtown, NY 11787

Phone: (631) 791-5015

Amount of Claim: $20,331.89
Scheduled:
Proof of Claim No. 110
Date Claim Filed: 02/06/19

Address of Transferor:
R & S Erection Inc
PO Box 601
Wallace, CA 95254-0601

Last Four Digits of Acct #: _____

Last Four Digits of Acct #: _____

Name and Address where transferee payments should be sent (if different from above):
SAME AS ABOVE

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:    /S/ EDWIN K. CAMSON    Date: 4/25/2019
       Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## ASSIGNMENT OF CLAIM

R & S Erection, Inc., a _Corporation_ organized under the laws of the State of _CA_ having offices at PO Box 601 Valley Springs CA 95252 ("Assignor"), for good and valuable consideration in the amount of (the "Consideration"), does hereby absolutely and unconditionally sell, transfer and assign unto Vendor Recovery Fund IV, LLC a Delaware Limited Liability Company, with offices at 4 Stamford Plaza Stamford CT 06902, its successors and assigns ("Assignee"), all rights, title and interest in and to the claim of Assignor (the "Claim") against Pacific Gas and Electric Company Debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court, Nothern District of Califonia (the "Court"), Case No. 19-30089 ("Debtor"), in the amount of not less than $20,331.89 , and all rights and benefits of Assignor relating to the Claim, including without limitation any interest, penalties and fees, if any, which may be paid with respect to the Claim, and all cash, securities, instruments and/or other property which may be paid or issued in satisfaction of the Claim. The Claim is based on accounts owed to Assignor by Debtor as set forth below and this Assignment shall be for the purpose of collection and shall not be deemed to create a security interest.

Assignor represents and warrants the following: (Check appropriate box)

☐ A Proof of Claim HAS NOT BEEN filed in the Proceedings.

☒ A Proof of Claim in the amount of $20,331.89 HAS BEEN DULY AND TIMELY FILED in the Proceedings (and a true copy of such Proof of Claim with supporting documentation is attached to this Assignment). If the Proof of Claim amount differs from the Claim amount set forth above, Assignee shall nevertheless be deemed the owner of that Proof of Claim subject to the terms of this Agreement and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court.

Assignor represents and warrants that the Claim is a valid, undisputed, liquidated and non-contingent Claim, for an amount of, not less than the amount in the first paragraph above (amount of the claim) and that the Claim in that amount is a valid general unsecured trade claim against the Debtor. Assignor further represents and warrants the following: this Assignment of Claim has been duly authorized, executed and delivered by Assignor and Assignor has the requisite power and authority to execute and deliver this Assignment; this Assignment constitutes the valid, legal and binding Assignment of Assignor, enforceable against Assignor in accordance with its terms; that no objection to the Claim exists; that no payment has been received by Assignor or on behalf of Assignor, in full or partial satisfaction of the Claim; that Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part; that Assignor owns and has sole title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever; that the Claim is not subject to any claim or right of setoff, reduction, impairment, avoidance, disallowance, subordination, preference actions, and that there are no legal or equitable defenses, counterclaims or offsets that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Claim or affect its validity or enforceability.

Assignor is aware that the consideration being paid by Assignee hereunder may differ both in kind and amount from the amount ultimately distributed with respect to the Claim pursuant to any plan of reorganization which is confirmed by the Court in the Proceedings. Assignor acknowledges that, except as set forth in this Assignment, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor or the Claim. Assignor represents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate (including information available from the files of the Court in the Proceedings which may be pertinent to Assignor's decision to transfer the Claim), made its own analysis and decision to enter into this Assignment of Claim.

In the event all or any part of the Claim is disallowed in the Proceedings for any reason whatsoever, Assignor agrees to immediately repay, on demand of Assignee, such portion of the consideration paid by Assignee hereunder as shall be calculated by multiplying such consideration by a fraction, the numerator of which shall be the amount of the Claim which was so disallowed and the denominator of which shall be the amount of the Claim, together with interest at the rate of five percent (5%) per annum on the amount repaid for the period from the date of this Assignment through the date such repayment is made. Assignor further agrees to reimburse Assignee for all losses, costs and expenses, including reasonable legal fees and costs, incurred by Assignee as a result of such disallowance.

Page 1   Form: Standard

In the event the claim is ultimately allowed in an amount in excess of the amount purchased herein, Assignor is hereby deemed to sell to Assignee, and Assignee hereby agrees to purchase, the balance of said Claim up to a maximum amount equal to the amount stated in the Proof of Claim at the same percentage of Claim paid herein. Assignee shall remit such payment to Assignor upon Assignee's satisfaction that the Claim has been allowed in the higher amount and is not subject to any objection by the Debtor.

Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such consideration which is now, or may hereafter become due and payable for, or on account of the Claim herein assigned. Assignor grants unto Assignee full authority to do all things necessary to enforce the Claim and Assignor's rights thereunder pursuant to this Assignment of Claim. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings. Assignor agrees to take such further action, at its own expense, as may be necessary or desirable to effect the assignment of the Claim and any payments or distributions on account of the Claim to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

Assignor agrees to forward to Assignee all notices received from Debtor, the Court or any third party with respect to the Claim assigned herein and to vote the Claim, and to take such other action with respect to the Claim in the Proceedings, as Assignee may from time to time request. Assignor further agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instruments and/or any other property, shall constitute property of Assignee to which Assignee shall have an absolute right, and that Assignor will hold such property in trust and will, at its own expense, promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

The terms of this Assignment of Claim shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns. Assignor hereby acknowledges that Assignee may at any time re-assign the Claim, together with all rights, title and interest of Assignee in and to this Assignment of Claim. All representation and warranties made herein shall survive the execution and delivery of this Assignment of Claim and any such re-assignment.

This Assignment of Claim shall be governed by and construed in accordance with the laws of the State of Connecticut. Any action arising under or relating to this Assignment of Claim may be brought in any State or Federal Court located in the State of Connecticut, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Assignment of Claim, and in any action hereunder Assignor waives the right to demand trial by jury.

## CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Claim and hereby waives its right to raise any objections thereto and its right to receive notice pursuant to Rule 3001 of the Rules of Bankruptcy Procedure.

IN WITNESS WHEREOF, the undersigned Assignor has duly executed this Assignment of Claim by its authorized representative this 4 day of March 2019.

WITNESS: *Laura Conley*
SIGNATURE OF WITNESS

Laura Conley
PRINT NAME / TITLE

BY: *Johanna Smith*
AUTHORIZED SIGNATURE

Johanna Smith, Operations Manager
PRINT NAME / TITLE

209-703-2561
TELEPHONE NUMBER

Page 2   Form: Standard

Case: 19-30088   Doc# 1668   Filed: 04/25/19   Entered: 04/25/19 07:40:54   Page 3 of 3