**Entered on Docket**
**April 25, 2019**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: April 24, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors *<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**AMENDED ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 362, AND 363 AND FED. R. BANKR. P. 2002, 4001, AND 6004 (I) AUTHORIZING DEBTORS TO (a) SELL, TRANSFER, LEASE OR OTHERWISE ENCUMBER REAL PROPERTY, (b) ENTER INTO ACQUISITION, LEASE, LICENSE, AND PERMIT AGREEMENTS RELATING TO THIRD-PARTY PROPERTY, AND (c) PURSUE AND BRING EMINENT DOMAIN PROCEEDINGS TO JUDGMENT OR ENTER INTO SETTLEMENTS IN LIEU THEREOF, SUBJECT TO CERTAIN PROCEDURES AND PARAMETERS, AND (II) GRANTING RELATED RELIEF** |

Upon the Motion, dated March 20, 2019 (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105(a), 362, and 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002, 4001, and 6004 of the Federal Rules of Bankruptcy Procedure, for entry of an order (the "**Order**") (I) authorizing the Debtors to (a) sell, transfer, lease, encumber or otherwise deal with real property interests, including without limitation, fee interests, leasehold interests, temporary and permanent easements, utility relocation agreements, conservation easements, land use restrictions, temporary and permanent licenses, and agreements or options to transfer or acquire same (collectively, "**Real Property Interests**") held by the Debtors, (b) enter into agreements to acquire or otherwise deal with Real Property Interests, (c) pursue and bring eminent domain proceedings to judgments or enter into settlements in lieu thereof, and (d) implement procedures for the review and approval of such transactions, each subject to certain parameters and (II) granting other related relief, each as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion, the Williams Declaration; and upon resolution of the Limited Opposition to the Motion [Dkt. 1177]; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best

---

[1] Capitalized terms used but not otherwise defined in this Order have the meanings given in the Motion.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to (a) sell (including through condemnation or in lieu thereof), transfer, lease, encumber or otherwise deal with Real Property Interests, (b) enter into agreements to acquire or otherwise deal with Real Property Interests, and (c) pursue and bring eminent domain proceedings to judgment or enter into settlements in lieu thereof, each without further application or motion to this Court and without any further authorization of this Court being required, subject to the following procedures (the "**Procedures**"):

    a) <u>**Transactions Requiring Review by the Committees**</u>

        i. The Debtors shall submit to the advisors for each of the Committees the following Real Property Interest transactions for review:

- Any sale of a real property fee interest at a discount in excess of 15% relative to the greater of book value and appraised/market value, notwithstanding anything else contained in this Order.

- Any transaction involving an individual Real Property Interest where the consideration in question is between $5 million and $10 million;

- Any sale of an individual Real Property Interest pursuant to the exercise of an eminent domain action or settlement in lieu thereof, and any stipulation to lift the automatic stay to allow the applicable condemning authority to pursue any such eminent domain proceeding, where the consideration in question is between $1 million and $5 million;

- Any lease or license of a Real Property Interest by PG&E where the initial annual rental obligation or license fee is between $500,000 and $1 million (with the annual rental obligation or license fee in subsequent years subject to commercially reasonable escalations);

- Any acquisition of a Real Property Interest by PG&E's exercise of eminent domain or a settlement in lieu thereof where the consideration in question is between $2 million and $5 million; and

Case: 19-30088    Doc# 1676    Filed: 04/24/19    Entered: 04/25/19 11:00:13    Page 3 of 10

ii. The Committees shall have ten (10) days to review transactions submitted by PG&E.

iii. If the Committees do not object to the transaction within ten (10) days, the Debtors may enter into or consummate the transaction without further Court order and any third-party may rely on the representations of the Debtors that these procedures have been complied with and that no objections have been received.

iv. If a Committee objects to the transaction within such ten (10) day period, the Debtors must seek Court approval of such transactions unless the Committee's objection is resolved or withdrawn.

v. The Debtors may file a motion seeking approval of such transactions on an expedited basis, and must serve such motion on the Committees and the U.S. Trustee on no less than fourteen (14) days' notice. Any party in interest may be heard on a motion filed pursuant to this clause 2.a.v.

b) **Transactions Requiring Court Approval**

i. The Debtors shall submit for approval by the Court the following Real Property Interest transactions:

- Any sale or other transaction involving an individual Real Property Interest where the consideration in question exceeds $10 million;

- Any sale of an individual Real Property Interest pursuant to the exercise of an eminent domain action or settlement in lieu thereof, and any stipulation to lift the automatic stay to allow the applicable condemning authority to pursue any such eminent domain proceeding, where the consideration in question exceeds $5 million;

- Any lease or license of a Real Property Interest by PG&E where the initial annual rental obligation or license fee exceeds $1 million (with annual rental obligation or license fee in subsequent years subject to commercially reasonable escalations); and

- Any acquisition of a Real Property Interest by PG&E's exercise of eminent domain or a settlement in lieu thereof where the consideration in question exceeds $5 million.

ii. The Debtors shall file a motion seeking such approval on an expedited basis, and must serve such motion upon the Committees and the U.S. Trustee on no less than fourteen (14) days' notice. Any party in interest may be heard on a motion filed pursuant to this clause 2.b.ii

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

c) **Transactions Requiring No Committee Review or Court Approval**

  i. The Debtors shall be permitted to enter into and consummate the following Real Property Interest transactions without Committee review or Court approval:

- Any transaction involving an individual Real Property Interest where the consideration in question is below $5 million;

- Any sale of an individual Real Property Interest pursuant to the exercise of an eminent domain action or settlement in lieu thereof, and any stipulation to lift the automatic stay to allow the applicable condemning authority to pursue any such eminent domain proceeding, where the consideration in question is below $1 million;

- Any lease or license of a Real Property Interest by PG&E where the initial annual rental obligation or license fee is below $500,000 (with the annual rental obligation or license fee in subsequent years subject to commercially reasonable escalations); and

- Any acquisition of a Real Property Interest by PG&E's exercise of eminent domain or a settlement in lieu thereof where the consideration in question is below $2 million.

3. Any of the foregoing transactions that are pending at the time this Order is entered shall be subject to this Order and shall be subject to the same review and approval procedures described herein; provided that any direct condemnation actions filed by the Debtors prior to the Petition Date (the "**Prepetition PG&E Eminent Domain Actions**" and the defendants in such actions, the "**Prepetition Eminent Domain Defendants**") shall proceed in accordance with applicable California law, and shall not be subject to the above review and approval procedures. Such actions shall be governed by this paragraph and by paragraph 4 of this Order.

4. The Prepetition PG&E Eminent Domain Actions are authorized to proceed in the ordinary course and relief is granted from the automatic stay to the extent it would operate to bar the prosecution, defense, or administration of the Prepetition PG&E Eminent Domain Actions or the payment of just compensation in conjunction therewith, including, but not limited to, the following potential actions by the Prepetition Eminent Domain Defendants, the Debtors, and the superior courts in which the Prepetition PG&E Eminent

Domain Actions are pending:

a) Continued prosecution of the Prepetition PG&E Eminent Domain Actions in the superior courts of the State of California in which they are now pending;

b) The filing, amendment, and supplementing of pleadings or motions as permitted by California law, and entry of related orders;

c) The engagement of the Prepetition Eminent Domain Defendants and the Debtors in permitted discovery, and the enforcement of discovery obligations, as permitted under California law;

d) The serving of demands for exchange, and exchange of lists of expert witnesses and statements of valuation data pursuant to CCP § 1258.210, *et seq.*;

e) The exchange of final offers and demands pursuant to CCP § 1250.410;

f) Participation of the Prepetition Eminent Domain Defendants and the Debtors in mediations, settlement conferences, and any other formal or informal alternative dispute resolution processes as may be deemed desirable by the parties;

g) The depositing, decreasing, or increasing of amounts of probable just compensation by the Debtors; stipulations to, and unilateral applications for, withdrawal of deposits; and orders authorizing withdrawals pursuant to the provisions of CCP §§ 1255.010, *et seq.* and 1255.210, *et seq.*;

h) The filing of motions to vacate orders of possession, and the entry of such orders pursuant to CCP § 1255.440;

i) Abandonment of the Prepetition PG&E Eminent Domain Actions pursuant to CCP § 1268.510;

j) Dismissals and entry of judgments as warranted under California law, and orders for redelivery of possession and for damages proximately caused by the proceedings and dismissals pursuant to CCP § 1268.620, and for awards of litigation expenses pursuant to CCP § 1268.610 to the extent applicable;

k) Trials to assess and finally determine just compensation, pursuant to California law, including the provisions of CCP §§ 1263.310, *et seq.*, 1263.410, *et seq.* defining the governing valuation standards, fair market value for property taken, and compensatory damage for injury to remainder property;

l) Payment of just compensation[2], including costs to cure or mitigate severance damages, pursuant to settlement agreements or judgments entered, and acts by the Prepetition Eminent Domain Defendants to enforce judgments obtained, whether before or after the Petition Date, against the Debtors and property of the estate, through all available means under California law[3];

m) Motions pursuant to CCP § 1268.020 to dismiss the Prepetition PG&E Eminent Domain Actions in the event the Debtors fail to timely pay the amounts required by fully executed settlement agreements or by judgments entered pursuant to the provisions of CCP § 1268.010, *et seq.*, and the entry of judgments of dismissal pursuant thereto;

n) Deposits and withdrawals pursuant to CCP § 1268.110, *et seq.*; and

o) The filing and participation in appellate proceedings that may arise out of the Prepetition PG&E Eminent Domain Actions.

5. Neither the Motion nor this Order addresses or purports to govern transactions that are undertaken pursuant to a confirmed plan of reorganization in these Chapter 11 Cases, which shall be governed by subsequent order(s) of this Court.

6. Nothing in this Order releases or excuses the Debtors from obtaining all applicable non-bankruptcy law approvals for any real property transaction, or releases or excuses the Debtors from compliance with all applicable state and local laws, regulations, ordinances or with any injunctions, administrative orders, or agreements entered pursuant to such non-bankruptcy laws.

7. Nothing in this Order: (i) releases, nullifies, precludes, or enjoins the enforcement of any liability (including for penalties, damages, cost recovery, or injunctive

---

[2] Including recoverable court costs pursuant to CCP §§ 1268.710 and 1268.720, litigation expenses awarded as costs pursuant to CCP §§ 1250.410, and interest or its equivalent.

[3] For the avoidance of doubt, the following agreements are covered by paragraph 4(l) of this Order: (i) the *Right to Take Settlement Agreements* entered into in February of 2016 by the Utility, DF Properties ("**DF**"), KV Sierra Vista, LLC, Successor Trustee of the Cyril G. Barbaccia Irrevocable Trust ("**GCB**"), and Baseline P&R, LLC, (ii) *Grading Work Agreement* and *First Amendment of Grading Work Agreement* entered into in 2017 by the Utility and DF, (iii) the *Stipulation for Entry of Judgment in Condemnation* executed in January of 2019 by the Utility and CGB; and (iv) the *Mediation Settlement Agreement and Release of Claims* executed in January of 2019 by the Utility, Brian T. Howe, and Stephen J. Norman; provided that this Order does not adjudicate or determine the parties' rights under the agreements, which are fully reserved, including, but not limited to, the right to contest any obligation or payment thereunder.

relief) to a governmental unit under police and regulatory statutes or regulations (including but not limited to environmental laws or regulations) that any entity would be subject to as the owner or operator of property that is sold or transferred pursuant to this Order or (ii) authorizes the transfer to the purchaser of any governmental licenses, permits, registrations, authorizations, or approvals without compliance with all applicable legal requirements under the law governing such transfers.

8. This Order does not authorize any sale of contaminated Real Property Interests other than in the ordinary course of business. This Order does not preclude the Debtors from filing a motion pursuant to section 363(b) seeking authorization to sell any contaminated Real Property Interests.

9. This Order does not preempt, dislodge, or otherwise affect any regulatory jurisdiction that the California Public Utilities Commission (the "**Commission**") may have under California law in respect of actions involving Real Property Interests, including under Section 851 of the California Public Utilities Code. The Debtors reserve the right to contend that they may execute actions involving Real Property Interests without permission from the Commission and the Commission reserves the right to oppose such contention.

10. This Order does not preempt, dislodge, or otherwise affect the Debtors' obligations under that certain Settlement Agreement, dated December 19, 2003, among the Debtors and the Commission and approved by the Court and the related Stipulation Resolving Issues Regarding the Land Conservation Commitment.

11. Nothing in this Order shall approve the Debtors' assumption, assumption and assignment, or rejection of any real property leases, contracts, or other such interests to which section 365 of the Bankruptcy Code applies and the Debtors shall comply with the requirements of section 365 of the Bankruptcy Code, to the extent applicable, with respect to any assumption, assumption and assignment, or rejection of any real property leases, contracts, or other such interests.

12. This Order does not circumscribe or affect any specific protections afforded any lienholder, co-interest owner, or similarly situated party that may be applicable under

section 363 of the Bankruptcy Code with respect to any specific property the Debtors may seek to sell or transfer. With respect to any transaction covered by the Procedures, if there is a lien on such property and the Debtors seek to transfer the property free and clear of the lien, section 363(f) of the Bankruptcy Code and any relevant Federal or local Bankruptcy Rule remain fully applicable and the Debtors would be required to comply therewith, including, but not limited to, providing to all lienholders, co-interest owners, or similarly situated parties advance notice and an opportunity to object and be heard by the Court with respect to any specific property that the Debtors may seek to sell or transfer.

13. The Debtors shall maintain a matrix summarizing with respect to each transaction involving Real Property Interests (regardless of whether notice pursuant to this Order is required): (i) a description of the Real Property Interest involved in the transaction; (ii) the type of transaction, (iii) whether sold or acquired under an eminent domain proceeding; (iv) the name of the purchaser/counterparty; (v) type of consideration; (vi) the amount of consideration; (vii) to the extent applicable and available, book value of the Real Property Interest, and (viii) to the extent applicable and available, valuation data for the Real Property Interest. This matrix shall be provided monthly on a confidential basis to (i) Milbank LLP, as counsel to the Creditors Committee and (ii) Baker & Hostetler LLP, as counsel to the Tort Claimants Committee.

14. To the extent applicable, pursuant to section 362(d)(1) of the Bankruptcy Code, the Debtors are authorized to enter into stipulations to lift the automatic stay with respect to eminent domain proceedings where PG&E is a defendant as necessary to effectuate the relief granted in this Order; provided, however, that nothing in this Order shall prevent any party from seeking relief from the automatic stay with respect to such eminent domain actions.

15. Nothing contained in this Order is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the

Bankruptcy Code. Likewise any payment made pursuant to this Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

16. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

17. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

18. Notwithstanding the provisions of Bankruptcy Rules 4001 and 6004(h), this Order shall be immediately effective and enforceable upon its entry.

19. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

20. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

** END OF ORDER**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119