

1 WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
2 (stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
3 (ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
4 (jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
5 (matthew.goren@weil.com)
6 767 Fifth Avenue
New York, NY 10153-0119
7 Tel: 212 310 8000
Fax: 212 310 8007
8

9 KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
10 (tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
11 (jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
12 San Francisco, CA 94108
13

14 Tel: 415 496 6723
Fax: 650 636 9251
15

*Attorneys for Debtors
and Debtors in Possession*

Signed and Filed: April 24, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case)(Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **ORDER PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AND 2016 AUTHORIZING THE DEBTORS TO RETAIN JENNER & BLOCK LLP AS SPECIAL CORPORATE DEFENSE COUNSEL EFFECTIVE AS OF THE PETITION DATE** |
| Debtors. | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas & Electric Company<br>X Affects both Debtors | |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

Upon the Application dated March 15, 2019 (the "**Application**"),[1] of PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for entry of an order, pursuant to section 327 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the Debtors to retain Jenner & Block LLP ("**Jenner & Block**") as special corporate defense counsel to the Debtors *nunc pro tunc* to the Petition Date, all as more fully described in the Application; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application, the Mehrberg Declaration and the Loduca Declaration; and upon the record of the Hearing (if any was held) and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED**

1. The Application is granted as set forth herein.

2. The retention and employment of Jenner & Block as special corporate defense

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

counsel to the Debtors pursuant to section 327(e) and Fed. R. Bankr. P. 2014(a) and 2016, on the terms set forth in the Application and in the Mehrberg Declaration, is hereby approved, effective as of the Petition Date.

3. Jenner & Block is authorized to render the following services to the Debtor during the pendency of these Chapter 11 Cases:

a) draft motions and briefs, appear at hearings, and otherwise represent the Utility in connection with the probation and the monitorship resulting from the criminal investigation and convictions relating to the natural gas explosion that occurred in the City of San Bruno, California, on September 9, 2010 (the "**Criminal Case**");

b) advise the Debtors in complying with the probationary measures imposed in the Criminal Case;

c) advise the Debtors in connection with various regulatory and enforcement matters involving the Federal Energy Regulatory Commission, Department of the Interior, Federal Communications Commission, and other federal agencies, and/or California state agencies, including the California Public Utilities Commission;

d) conduct internal investigations and advise the Debtors with respect to remediation of same, including in defending the Debtors in any regulatory actions taken against the Debtors;

e) assist, as requested, with matters relating to the aforementioned services as they may impact the Chapter 11 Cases; and

f) perform all other necessary legal services required by the Debtors during the pendency of their Chapter 11 Cases.

4. Jenner & Block shall be compensated in accordance with, and will file, interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules,

the Fee Guidelines, and any further Order of the Court;

5. Jenner & Block shall provide reasonable notice to the Debtors and the U.S. Trustee of any increase of its hourly rates.

6. Jenner & Block shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application.

9. In the event of any inconsistency between the Engagement Agreement, the Application and the Order, the Order shall govern.

10. The Court shall retain jurisdiction to hear and determine all matters arising from, or related to, the implementation of this Order.

** END OF ORDER **