

Signed and Filed: April 24, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice* pending)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice* pending)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice* pending)
(onasab@cravath.com)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19 - 30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY** | (Jointly Administered) |
| **Debtors.** | **ORDER PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a) AND 2016 AUTHORIZING THE RETENTION AND EMPLOYMENT OF CRAVATH, SWAINE & MOORE LLP AS CORPORATE AND LITIGATION COUNSEL FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

Upon the Application, dated March 22, 2019 (the "**Application**"),[1] of PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to retain and employ Cravath, Swaine & Moore LLP ("**Cravath**") as corporate and litigation counsel to the Debtors, effective as of the Petition Date, all as more fully set forth in the Application; and upon consideration of the Zumbro Declaration and the Loduca Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application and the Zumbro Declaration and the Loduca Declaration; and upon the record of the Hearing (if any was held) and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, creditors, shareholders and all parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as provided herein.

2. The Debtors are authorized, pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, to employ and retain Cravath as their attorneys in these

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

Chapter 11 Cases, in accordance with Cravath's standard hourly rates and disbursements policies, all as contemplated by the Application, effective as of the Petition Date.

3. Cravath is authorized to render the professional services specified in or contemplated by the Application;

4. Cravath shall be compensated in accordance with, and will file, interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and any further order of the Court;

5. Cravath shall be reimbursed for reasonable and necessary expenses as provided by the Fee Guidelines;

6. Cravath shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases;

7. Cravath is authorized without further order of the Court to apply amounts from the Retainer to compensate and reimburse Cravath for fees or expenses incurred on or prior to the Petition Date;

8. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application;

9. Cravath shall provide reasonable notice to the Debtors and the U.S. Trustee of any increase of Cravath's hourly rates;

10. To the extent the Application is inconsistent with this Order, the terms of the Order shall govern;

11. Notwithstanding any applicability of Bankruptcy Rule 6004(h) or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **