

```
                                                    Entered on Docket
                                                    April 25, 2019
                                                    EDWARD J. EMMONS, CLERK
                                                    U.S. BANKRUPTCY COURT
                                                    NORTHERN DISTRICT OF CALIFORNIA
```

1  WEIL, GOTSHAL & MANGES LLP
   Stephen Karotkin (*pro hac vice*)
2  Ray C. Schrock, P.C.                              Signed and Filed: April 24, 2019
   (ray.shrock@weil.com) (*pro hac vice*)
3  (stephen.karotkin@weil.com)
4  Jessica Liou (*pro hac vice*)
   (jessica.liou@weil.com)                           _____
5  Matthew Goren (*pro hac vice*)                    **DENNIS MONTALI**
   (matthew.goren@weil.com)                          **U.S. Bankruptcy Judge**
6  767 Fifth Avenue
   New York, NY 10153-0119
7  Tel: 212 310 8000
8  Fax: 212 310 8007

9  KELLER & BENVENUTTI LLP
   Tobias S. Keller (#151445)
10 (tkeller@kellerbenvenutti.com)
11 Jane Kim (#298192)
   (jkim@kellerbenvenutti.com)
12 650 California Street, Suite 1900
   San Francisco, CA 94108
13 Tel: 415 496 6723
   Fax: 650 636 9251
14

15 *Attorneys for Debtors
   and Debtors in Possession*

16                      **UNITED STATES BANKRUPTCY COURT**
17                      **NORTHERN DISTRICT OF CALIFORNIA**
18                           **SAN FRANCISCO DIVISION**

19 **In re:**

20 **PG&E CORPORATION**                       Bankruptcy Case
                                              No. 19-30088 (DM)
21      - and -
                                              Chapter 11
22 **PACIFIC GAS AND ELECTRIC**               (Lead Case)
   **COMPANY,**                               (Jointly Administered)
23                          Debtors.

24   ☐    Affects PG&E Corporation            **ORDER PURSUANT TO 11 U.S.C. § 365(a), FED.
                                              R. BANKR. P. 6006, AND B.L.R. 6006-1**
25   ☒    Affects Pacific Gas and Electric    **APPROVING UTILITY'S ASSUMPTION OF
          Company                             CERTAIN AGREEMENTS WITH**
26                                            **QUANTA ENERGY SERVICES, LLC**
     ☐    Affects both Debtors
27
   * *All papers shall be filed in the Lead Case,*  [Related Docket Ref No. 1218]
28   *No. 19-30088 (DM).*

Upon the Motion, dated April 3, 2019 (the "**Motion**"),[1] of PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (together, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to section 365(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 6006(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 6006-1 of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for an order approving the Utility's assumption of certain contracts (the "**Quanta Contracts**") with Quanta Energy Services, LLC. and its affiliated companies (collectively, the "**Quanta Companies**"), all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion, the Wells Declaration (as amended on February 2, 2019 [Docket No. 263]), and the Coleman Declaration; and upon the limited objection of the Creditors Committee [Docket No. 1555]; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Utility, its estate, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. Pursuant to section 365 of the Bankruptcy Code, the Utility's assumption of the Quanta Contracts, as amended, is hereby approved.

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

3. The Utility is authorized to cure existing defaults under the Quanta Contracts as required by section 365(b)(1)(A) of the Bankruptcy Code, up to the total aggregate amount of $116,103,954, within fourteen (14) days of entry of this Order (subject to any amounts that have yet to be invoiced or remain subject to ongoing reconciliation) or on such other terms that are mutually agreeable to the Utility and the Quanta Companies.

4. The Utility is authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, and documents and to take any and all actions reasonably necessary or appropriate to perform all obligations contemplated under the Quanta Contracts.

5. The Quanta Companies are obligated to continue to perform under the Quanta Contracts, as amended, in accordance with the terms set forth therein.

6. Within seven (7) business days of receipt, the Utility shall provide counsel to each of (i) the Committees, (ii) the DIP Administrative Agent, and (iii) any other official committees appointed in the Chapter 11 Cases, with any Monthly Progress Reports provided by the Quanta Companies to the Utility pursuant to sections 13.6 of the TIA and CCA; provided, that the professionals for each of the Committees, the DIP Administrative Agent, and any other committee shall keep such Monthly Progress Reports confidential and shall not disclose any of the information set forth therein to anyone, including any member of a committee, without the prior written consent of the Utility and the Quanta Companies.

7. The Utility is authorized to take all steps necessary or appropriate to carry out this Order.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **