WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>   - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>            **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**NOTICE OF PRELIMINARY OPPOSITION TO THE GELMANS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ABSTENTION PURSUANT TO 28 U.S.C. § 1334(c)(1)**<br><br>**[Relates to Dkt. 1201]**<br><br>Date:   May 9, 2019<br>Time:  9:30 a.m.<br>Place:  United States Bankruptcy Court<br>           Courtroom 17, 16th Floor<br>           San Francisco, CA  94102 |

Pacific Gas and Electric Company (the "**Utility,**" "**PG&E,**" or the "**Debtor**"), as debtor and debtor in possession in the above-captioned Chapter 11 Cases (the "**Chapter 11 Cases**"), respectfully submits this notice of opposition to Marina and Mikhail Gelmans' Motion for Relief from the Automatic Stay and Abstention Pursuant to 28 U.S.C. § 1334(c)(1) (the "**Motion**"). *See* Dkt. No. 1310.[1]

The Motion alleges that on January 26, 2016, Marina Gelman "tripped on [a] [Utility] vault . . . because of a hole in the sidewalk," and "[t]he fall shattered Marina's right forearm and caused her other injuries." Motion at 2–3. As a result, Marina claims to have "developed carpel tunnel syndrome and complex regional pain syndrome in her right upper extremity." *See id*. at 3. Moreover, "[b]ecause of Marina's [alleged] significant injuries, her husband [Mikhail] has [brought] a substantial claim for loss of consortium." *See id*. at 4.

The Gelmans brought their claims in a single lawsuit filed on January 31, 2017 (the "**Gelman Action**"), naming the Debtor, the City and County of San Francisco, and Blue Plantain, LLC as defendants. *See ibid*. However, as of the January 29, 2019 (the "**Petition Date**"), all claims against the Debtor have been stayed. *See* 11 U.S.C. § 362(a). The Gelmans now move for an order lifting the automatic stay so that they can litigate their claims against the Debtor in San Francisco County Superior Court.[2] *See id*. at 4–9.

Under this Court's Local Rules, the Debtor is not required to oppose the Gelmans' Motion prior to the May 9 preliminary hearing. *See* N.D. Cal Bankruptcy Local Rule 9014-1 (noting that

---

[1] The Gelmans initially filed their original motion on April 3, 2019, noticing a hearing date of April 24, 2019. Subsequently, on April 10, 2019, the Gelmans filed an Amended Notice of Motion, noticing the hearing date for May 9, 2019 and incorrectly indicating an objection deadline of April 24, 2019. Other than the new hearing date and the noticed objection deadline, there does not appear to be any differences between the active Motion and the original motion filed by the Gelmans.

[2] Although the Motion claims to seek permissive abstention, the Gelmans' ultimate desire to litigate hinges upon an order from this Court lifting the automatic stay. *See In re Conejo Enterprises, Inc*., 96 F.3d 346, 352 (9th Cir. 1996) (holding that "a finding that mandatory abstention applies to [a] state [court] action does not preclude denial of relief from § 362's automatic stay"). Moreover, if "the Court finds that [no] cause exists to lift the automatic stay, the Court will not [need to] address [the Gelmans'] arguments for permissive abstention" pursuant to 28 U.S.C. § 1334(c)(1). *See In re Farmland Indus., Inc*., 309 B.R. 14, 18 n.3 (Bankr. W.D. Mo. 2004).

the local rule calling for the filing of oppositions 14 days prior to the hearing date "does not apply to [*inter alia*] motions for relief from the automatic stay").[3] Nonetheless, the Debtor hereby provides notice that it does intend to file a preliminary opposition to the Gelmans' Motion prior to the May 9 preliminary hearing, and requests that the Court not tentatively (or otherwise) grant the Gelmans' Motion in the interim. *See* N.D. Cal Bankruptcy Local Rule 4001-1(f) ("A respondent will not be required to, but may, file responsive pleadings, points and authorities, and declarations for any preliminary hearing.").

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVNUTTI LLP**

By:    */s/ Peter J. Benvenutti*
          Peter J. Benvenutti

*Attorneys for Debtors
and Debtors in Possession*

---

[3] Even if the 14-day deadline imposed pursuant to Local Rule 9014-1 did apply (which it does not), the Debtor's notice of opposition would not be due until today, April 25, 2019, or 14 days prior to the date of the preliminary hearing.