

Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

Signed and Filed: April 25, 2019

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

and

Gregory A. Bray (SBN 115367)
Thomas R. Kreller (SBN 161922)
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063

*Proposed Counsel for the Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br>**PG&E CORPORATION**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**ORDER APPROVING APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF ORDER APPROVING RETENTION AND EMPLOYMENT OF EPIQ CORPORATE RESTRUCTURING, LLC AS INFORMATION AGENT FOR THE COMMITTEE, *NUNC PRO TUNC* TO FEBRUARY 12, 2019**<br><br>Date: April 24, 2019; Time: 9:30 a.m. (PT)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

Upon the application (the "Application")[1] of the Official Committee of Unsecured Creditors (the "Committee") for entry of an order authorizing the Committee to retain and employ Epiq Corporate Restructuring, LLC (together with its affiliates and subcontractors, "Epiq") as Information Agent for the Committee *nunc pro tunc* to February 12, 2019, and the Court having reviewed the Application and considered the Declaration of Sidney Garabato (the "Garabato Declaration") in connection with the Application, the Court hereby finds as follows: (a) the Court has jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; (b) consideration of the Application and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue of this matter is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (d) due and proper notice of the Application was provided, and no other or further notice need be provided; and (e) the legal and factual bases set forth in the Application and the Declaration establish just cause for the relief granted herein. Now, therefore, upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Application is granted as set forth herein, *nunc pro tunc* to February 12, 2019.

2. Pursuant to section 1103(a) of the Bankruptcy Code, the Committee is authorized to employ and retain Epiq as its Information Agent in accordance with the terms and conditions of the Services Agreement.

3. Epiq is authorized to establish and maintain the Committee's website and provide technology and communications-related services.

4. Epiq will prepare and serve required notices and pleadings on behalf of the Committee in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Application.

by the Committee and/or the Court, including, if applicable, all notices, orders, pleadings, publications and other documents as the Committee and/or the Court may deem necessary or appropriate.

5. Without further order of the Court, the Debtors are authorized to compensate Epiq in accordance with the terms and conditions of the Services Agreement upon Epiq's submission to the Debtors of invoices summarizing, in reasonable detail, the services rendered and expenses incurred in connection therewith and without the necessity for Epiq to file an application for compensation or reimbursement with the Court.

6. Notwithstanding any term in the Services Agreement to the contrary, no limitation of liability under the Services Agreement shall apply during these chapter 11 cases.

7. Epiq will serve monthly invoices on the Notice Parties (as defined in the *Order Pursuant to 11 U.S.C. §§ 331 and 501(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 701]).

8. The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Services Agreement or monthly invoices; provided that the parties may seek resolution of the matter from the Court if resolution is not achieved.

9. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Epiq incurred pursuant to the Services Agreement are to be treated as an administrative expense of the Debtors' estates.

10. In the event of any inconsistency between the Services Agreement, the Application, and this Order, this Order shall govern.

11. The Committee and Epiq are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

12. Notwithstanding any term in the Services Agreement to the contrary, this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

** END OF ORDER **