WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>**- and -**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐Affects PG&E Corporation<br>☐Affects Pacific Gas and Electric Company<br>☒Affects both Debtors<br><br>** All papers shall be filed in the Lead Case, No. 19-30088 (dm).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br>(Jointly Administered)<br><br>**DEBTORS' MOTION PURSUANT TO FED R. BANKR. P. 9006(b) AND 9027 ENLARGING THE TIME WITHIN WHICH TO FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS**<br><br>Date: May 22, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9006-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for an extension of time for the Debtors to file notices of removal of the civil actions and proceedings to which the Debtors are parties (collectively, the "**Civil Actions**") from April 29, 2019 until October 28, 2019.

In support of the Motion, the Debtors submit the *Declaration of John Boken in Support of Debtors' Motion Pursuant to Federal Rules of Bankruptcy Procedure 9006(b) and 9027 Enlarging the Time Within Which to File Notices of Removal of Related Proceedings* (the "**Boken Declaration**"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Order**").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      JURISDICTION**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.     BACKGROUND**

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

**III.    RELIEF REQUESTED**

By this Motion, pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027, the Debtors request entry of an order (i) extending the deadline by which the Debtors may

file notices of removal under Bankruptcy Rule 9027(a) from the current deadline of April 29, 2019 to October 28, 2019, and (ii) granting related relief.[1]

**IV.     BASIS FOR RELIEF REQUESTED**

Section 1452 of title 28 of the United States Code provides for the removal of actions related to bankruptcy cases and provides, in pertinent part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C § 1452(a).

Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims or causes of action and provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

Accordingly, the time within which the Debtors must file notices to remove any pending prepetition Civil Actions is currently set to expire on April 29, 2019.

Bankruptcy Rule 9006, however, permits the Court to enlarge the removal period and provides, in pertinent part:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the

---

[1] Pursuant to paragraph 24 of the *Amended Order Implementing Certain Notice and Case Management Procedures*, dated March 27, 2019 [Docket No. 1093], the current April 29, 2019 removal deadline "shall automatically be extended until the Court acts on th[is] Motion, without the necessity for the entry of a bridge order."

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

> court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

*Id.* 9006(b)(1).

It is well-settled that this Court is authorized to extend, for cause, the removal period under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995); *see also Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D.W. Va. 2000) (explaining that Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (finding that an expansion of time to file notices of removal is authorized under the Bankruptcy Rules); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (concluding that the period in which to file a notice of removal may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (providing that the United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)).

## V. CAUSE EXISTS TO ENLARGE THE REMOVAL PERIOD

As this Court is aware, the Chapter 11 Cases were necessitated by a confluence of factors resulting from the catastrophic and tragic wildfires that occurred in Northern California in 2017 and 2018. *See* Wells Decl. at 3. The multitude of pending claims and lawsuits, and the potentially thousands of additional claims that will be asserted, made it abundantly clear that PG&E could not continue to address those potential liabilities in the California state court system, deliver safe and reliable service to its 16 million customers, and remain economically viable. *See id.*

In addition to managing and operating a large and complex business enterprise, the Debtors must address and resolve in the chapter 11 plan process, the potentially thousands of wildfire claims that have already been asserted and will be asserted against them over the next

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

several months. *See* Boken Decl. ¶ 6. During the initial stages of these Chapter 11 Cases, the Debtors' resources have been devoted to successfully assuring a smooth transition into chapter 11 and minimizing the business disruptions normally attendant thereto, maintaining relationships with the Debtors' business partners, and establishing a collaborative working relationship with the U.S. Trustee, the Committees, as well as the Debtors' other key economic stakeholders, including the ad hoc committee of senior unsecured noteholders, the ad hoc group of institutional bondholders, and the ad hoc group of subrogation claim holders. *See id.*

The Debtors' primary focus has been on stabilizing their business by securing Court approval of $5.5 billion debtor-in-possession financing and obtaining certain relief with respect to their cash management system, employee compensation and benefit programs, customer and public purpose programs, insurance and surety bond programs, utility providers, taxes, certain safety and reliability suppliers, and lienholders, among others. *See id.* ¶ 7.

In addition, in the less than three months following the Petition Date, the Debtors have filed a number of additional motions and applications seeking operational and other relief, addressed numerous requests to lift the automatic stay, filed their Schedules of Assets and Liabilities and Statements of Financial Affairs, and provided responses to numerous requests for diligence, including holding multiple meetings and calls with the Committees and their advisors, as well as other key economic stakeholders. *See id.* ¶ 8. During this same period, the Debtors and their professionals have met with the advisors to the Governor to address their inquiries and to provide information relevant to the ongoing work of the Governor's Task Force and have met with the advisors for each of the Committees, the CPUC, the Ad Hoc Equity Holder Committee, and of the Ad Hoc Bondholders Committee to make formal presentations as to the Debtors' extensive business and operations. *See id.* The Debtors are also in the midst of prosecuting two adversary proceedings: the first, to protect the Debtors' rights under sections 362 and 365 of the Bankruptcy Code, and the second, to preserve estate assets by enjoining actions against non-debtor co-defendants to whom the Debtors owe indemnification obligations. *See id.* All of these tasks have taken significant time but were necessary to the effective administration of these Chapter 11 Cases.

*See id.* As a result, the Debtors have not yet had the opportunity to fully examine all of the Civil Actions to determine the feasibility or benefit of removing each case. *See id.*

The Debtors are party to numerous civil actions and proceedings. *See id.* ¶ 4. Given the sheer number of pending actions, the Debtors require additional time to consider whether to file notices of removal of the Civil Actions because the Debtors' key personnel must assess these numerous lawsuits while concurrently attending to the day-to-day demands of these complex Chapter 11 Cases. *See id.*

The Debtors are continuing to review their records to determine whether it would benefit their estates to remove any of the Civil Actions. *See* Boken Decl. ¶ 9. To date, however, the Debtors have not made a determination as to which, if any, of the Civil Actions they may seek to remove. *See id.* Therefore, the Debtors believe that it is prudent to seek an extension of the time prescribed under Bankruptcy Rule 9027(a), until October 28, 2019, to protect their right to remove those Civil Actions if they deem it to be appropriate. The extension sought will afford the Debtors a reasonable amount of time to determine whether to remove any pending Civil Actions and will help to ensure that the Debtors do not forfeit valuable rights under 28 U.S.C. § 1452. An extension also would not prejudice the rights of the Debtors' adversaries because any party to an action that is removed may seek to have the action remanded to state court pursuant to 28 U.S.C. § 1452(b).

The Debtors further request that the order approving this Motion be without prejudice to any position the Debtors may take regarding whether section 362 of the Bankruptcy Code applies to stay any given Civil Action pending against the Debtors.

For the reasons stated above, the Debtors submit that cause exists to grant the relief requested and that the relief requested herein is appropriate and in the best interests of their estates, creditors, shareholders, and all other parties' interests.

**VI.    NOTICE**

Notice of this Motion will be provided to (i) the Office of the U.S. Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; (xii) counsel to non-Debtor parties to any Civil Actions; and (xiii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

WHEREFORE the Debtors respectfully request entry of an order granting (i) the relief requested herein for cause, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: April 26, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

*s/ Jane Kim*
Jane Kim

*Attorneys for Debtors and Debtors in Possession*