WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>   - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>              **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br><br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**DECLARATION OF JOHN BOKEN IN SUPPORT OF DEBTORS' MOTION PURSUANT TO FED R. BANKR. P. 9006(b) AND 9027 ENLARGING THE TIME WITHIN WHICH TO FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS**<br><br>Date: May 22, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 94102 |

I, John Boken, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Managing Director in the Turnaround and Restructuring Services practice of AlixPartners, LLP, which is an affiliate of both AlixPartners, LLC and AP Services, LLC, ("**APS**"), which provides interim management services to Pacific Gas and Electric Corporation and Pacific Gas and Electric Company, as debtors and debtors-in-possession (collectively, "**PG&E**" or the "**Debtors**" and together with their non-Debtor subsidiaries, the "**Company**") in the above-captioned Chapter 11 Cases (the "**Chapter 11 Cases**"). I currently serve as the Deputy Chief Restructuring Officer ("**Deputy CRO**") for the Debtors as authorized by this Court by Order dated April 9, 2019 [Docket No. 1299].[1]

2. Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, and information provided to me by the Debtors' other employees or the Debtors' legal, restructuring, and financial advisors. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this Declaration on behalf of the Debtors.

3. This Declaration is submitted in further support of the Debtors' *Motion Pursuant to Federal Rules of Bankruptcy Procedure 9006(b) and 9027 Enlarging the Time Within Which to File Notices of Removal of Related Proceedings* filed contemporaneously herewith.

### Litigation to Which the Debtors are a Party

4. As part of my role as Deputy CRO, I am aware that the Debtors are party to numerous civil actions and proceedings. Given the sheer number of pending actions, the Debtors require additional time to consider whether to file notices of removal of the Civil Actions because the Debtors' key personnel must assess these numerous lawsuits while concurrently attending to the day-to-day demands of these complex Chapter 11 Cases.

### Enlarging the Time to Seek Removal

5. I understand that under Federal Rule of Bankruptcy Procedure 9027, for cases

---

[1] My education, background, and professional experience is described in the *Declaration of John Boken in Further Support of First Day Motions and Related Relief* [Docket No. 653] at 2–3.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1   commenced before January 29, 2019 (the "**Petition Date**"), the Debtors have 90 days from the Petition
2   Date to remove claims or causes of action from state to federal court. I further understand that the
3   deadline for such removal is April 29, 2019.

4   6.  In addition to managing and operating a large and complex business enterprise, the
Debtors must address and resolve in the chapter 11 plan process, the potentially thousands of wildfire
claims that have already been asserted and will be asserted against them over the next several months.
During the initial stages of these Chapter 11 Cases, the Debtors' resources have been devoted to
successfully assuring a smooth transition into chapter 11 and minimizing the business disruptions
normally attendant thereto, maintaining relationships with the Debtors' business partners, and
establishing a collaborative working relationship with the U.S. Trustee, the Committees, as well as the
Debtors' other key economic stakeholders, including the ad hoc committee of senior unsecured
noteholders, the ad hoc group of institutional bondholders, and the ad hoc group of subrogation claim
holders.

7.  The Debtors' primary focus has been on stabilizing their business by securing Court
approval of $5.5 billion debtor-in-possession financing and obtaining certain relief with respect to their
cash management system, employee compensation and benefit programs, customer and public purpose
programs, insurance and surety bond programs, utility providers, taxes, certain safety and reliability
suppliers, and lienholders, among others.

8.  In addition, in the less than three months following the Petition Date, the Debtors have
filed a number of additional motions and applications seeking operational and other relief, addressed
numerous requests to lift the automatic stay, filed their Schedules of Assets and Liabilities and
Statements of Financial Affairs, and provided responses to numerous requests for diligence, including
holding multiple meetings and calls with the Committees and their advisors, as well as other key
economic stakeholders. During this same period, the Debtors and their professionals have met with the
advisors to the Governor to address their inquiries and to provide information relevant to the ongoing
work of the Governor's Task Force and have met with the advisors for each of the Committees, the
CPUC, the Ad Hoc Equity Holder Committee, and of the Ad Hoc Bondholders Committee to make

formal presentations as to the Debtors' extensive business and operations. The Debtors are also in the midst of prosecuting two adversary proceedings: the first, to protect the Debtors' rights under sections 362 and 365 of the Bankruptcy Code, and the second, to preserve estate assets by enjoining actions against non-debtor co-defendants to whom the Debtors owe indemnification obligations. All of these tasks have taken significant time but were necessary to the effective administration of these Chapter 11 Cases. As a result, the Debtors have not yet had the opportunity to fully examine all of the Civil Actions to determine the feasibility or benefit of removing each case.

9. The Debtors are continuing to review their records to determine whether it would benefit their estates to remove any of the Civil Actions. To date, however, the Debtors have not made a determination as to which, if any, of the Civil Actions they may seek to remove. Therefore, I believe that it is prudent to seek an extension of the time prescribed under Bankruptcy Rule 9027(a), until October 28, 2019, to protect the Debtors' right to remove those Civil Actions if they deem it to be appropriate. Extending the deadline to remove the Civil Actions will help to ensure that the Debtors do not forfeit valuable rights under 28 U.S.C. § 1452.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: April 26, 2019

_____
John Boken

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119