

Signed and Filed: April 29, 2019

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | Related Docket Ref: Docket No. 806 |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | **ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363, AND 503(c) (I) APPROVING SHORT-TERM INCENTIVE PLAN AND (II) GRANTING RELATED RELIEF** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Upon the Motion dated March 8, 2019 [Docket No. 806] (the "**Motion**")[1] of PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105(a), 363, and 503(c) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order (a) approving the 2019 STIP and (b) granting related relief, as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion, Mistry Declaration, Friske Declaration, *Reply Declaration of Dinyar Mistry in Further Support of Corrected Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 363, and 503(c) for Entry of an Order (I)Approving Short-Term Incentive Plan and (II) Granting Related Relief* [Docket No. 1227] and other related pleadings filed with this Court; and this Court having held hearings on the Motion on April 9, 2019 and April 23, 2019; and this Court having determined that the legal and factual bases set forth in the Motion and related pleadings establish just cause for the relief granted herein; and this Court having found that (a) the Debtors have exercised sound business judgment in their decision to adopt the Modified 2019 STIP (as defined below), and (b) the Modified 2019 STIP is justified by the facts and circumstances of the Debtors' Chapter 11 Cases; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and all objections to the entry of this Order having been withdrawn, resolved, or overruled by the Court; and upon the record of the hearings, including the testimony and evidence presented and the reasons stated by the Court on the record; and upon all of the proceedings had before this Court and after due

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to them in the Motion.

Case: 19-30088    Doc# 1751    Filed: 04/29/19    Entered: 04/29/19 17:59:21    Page 2 of 4

deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The 2019 STIP, as described in the Motion, is approved as set forth herein with the below modifications (as modified, the "**Modified 2019 STIP**"):

    (a) The weighting for the Public Safety Index has been increased from 10% to 25%, thereby increasing the weighting for the safety metrics in the 2019 STIP from 50% to 65% (with a corresponding 15% reduction in the Financial Performance weighting, from 40% to 25%);

    (b) If, as a result of its review of the Debtors' 2019 Wildfire Mitigation Plan, the CPUC changes any of the safety targets that is a metric in the 2019 STIP, such metric will be changed to match that change;

    (c) The threshold and maximum targets for the financial metric in the 2019 STIP for Earnings from Operations have been changed from 95% to 105% of target to 90% to 110% of target;

    (d) The Individual Performance Modifier component of the 2019 STIP will be applied on an annual rather than quarterly basis—and, as in previous years, the IPM will be based on year-end performance, with the potential IPM ranging from 0–150% and for both upward and downward adjustments for all STIP participants; and

    (e) The Debtors will provide quarterly reporting to the advisors to the Creditors Committee on performance results and calculations underlying any proposed 2019 STIP payments after certification by PG&E Internal Audit and prior to any payment to eligible participants. A copy of any quarterly reporting provided to the advisors to the Creditors Committee will also be provided to the advisors to the Tort Claimants Committee. Any proposed 2019 STIP payments will be made no sooner than seven (7) calendar days after delivery of such quarterly reporting to the advisors to the Committees.

3. The Debtors are authorized to take all actions necessary to implement the Modified 2019 STIP pursuant to its terms, as set forth in the Motion and as modified herein, including

making any payments that come due thereunder during these Chapter 11 Cases and without the need for further Court approval.

4. The banks and financial institutions on which checks will be drawn or electronic payment requests made in payment of the amounts approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

5. Notice of the Motion satisfies requirements of Bankruptcy Rule 6004(a).

6. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

** END OF ORDER**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119