**Exhibit A**

**[PROPOSED] Order**

| | |
|---|---|
| 1 | CRAVATH, SWAINE & MOORE LLP |
| | Paul H. Zumbro (*pro hac vice*) |
| 2 | (pzumbro@cravath.com) |
| | Kevin J. Orsini (*pro hac vice*) |
| 3 | (korsini@cravath.com) |
| | Omid H. Nasab (*pro hac vice*) |
| 4 | (onasab@cravath.com) |
| | Worldwide Plaza |
| 5 | 825 Eighth Avenue |
| | New York, NY 10019 |
| 6 | Tel: 212 474 1000 |
| | Fax: 212 474 3700 |
| 7 | |
| | KELLER & BENVENUTTI LLP |
| 8 | Tobias S. Keller (#151445) |
| | (tkeller@kellerbenvenutti.com) |
| 9 | Jane Kim (#298192) |
| 10 | (jkim@kellerbenvenutti.com) |
| | 650 California Street, Suite 1900 |
| 11 | San Francisco, CA 94108 |
| | Tel: 415 496 6723 |
| 12 | Fax: 650 636 9251 |

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**[PROPOSED] ORDER PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY COMPASS LEXECON, LLC AS ECONOMIC CONSULTANTS TO THE DEBTORS *NUNC PRO TUNC* TO PETITION DATE** |

Upon the Application, dated April 29, 2019 (the "**Application**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to retain and employ Compass Lexecon, LLC ("**Compass**") as economic consultants for the Debtors, effective as of the Petition Date, all as more fully set forth in the Application; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application, the Turki Declaration and the Zumbro Declaration; and upon the record of the Hearing (if any was held) and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as provided herein.

2. Pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a)

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

Case: 19-30088    Doc# 1756-1    Filed: 04/29/19    Entered: 04/29/19 18:26:34    Page 3 of 5

and 2016, the Debtors are authorized to employ and retain Compass as economic consultants in these Chapter 11 Cases in accordance with the terms and conditions set forth in the Engagement Letter to perform the services as contemplated by the Application, *Nunc Pro Tunc* to the Petition Date.

3. If, during the pendency of these Chapter 11 Cases, the Debtors and Compass enter into any additional agreements for the provision of additional services by Compass, beyond those contemplated by the Application or reasonable extensions thereof, Compass and the Debtors will seek separate retention orders with regard to any such additional agreements.

4. Notwithstanding anything to the contrary contained herein or in the Application and the Engagement Letter, Compass shall file interim and final fee applications for allowance of compensation and reimbursement of out-of-pocket expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, effective February 19, 2014 (the "**Local Guidelines**"), the U.*S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 701], and any further Orders of the Court in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses (the "**Orders**"). For the avoidance of doubt, Compass' fee applications are subject to court approval.

5. Compass shall provide reasonable notice to the Debtors and the U.S. Trustee of any increase of the hourly rates listed in the Turki Declaration.

6. Compass shall use its best efforts to avoid duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

7. Except as otherwise ordered herein, the compensation, reimbursement, limitation of liability and related provisions set forth in the Engagement Letter are approved.

8. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**\*\* END OF ORDER \*\***