**EXHIBIT A**



Robert A. Paul
*Executive Director*
*Finance &Operations*

312 322 0890 DIRECT
RPaul@compasslexecon.com

March 22, 2018

Timothy G. Cameron
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019-7475

Re: *California Fire Class Action Litigation*

Dear Timothy:

This letter will confirm the arrangements for the engagement of Compass Lexecon by Cravath, Swaine & Moore LLP ("Cravath") for the provision of professional services.

**Scope of Work.** Compass Lexecon will serve as a consultant to you to assist with your representation of Pacific Gas and Electric Company and PG&E Corporation (collectively, "PG&E" or "Client"). In connection with this retention, Compass Lexecon may review confidential and non-confidential documents and other materials, provide information to you or other parties designated by you, prepare studies and reports, participate in meetings with you or with other parties designated by you, provide expert testimony and undertake other tasks as requested by you.

**Compensation.** Compass Lexecon's fee for professional services shall be calculated in accordance with its customary billing rates for the time of its professionals and use of its computer capability and document reproduction, if required. The rates of individuals who may be assigned to work on this assignment are summarized on the attached fee schedule. Travel, purchased data, and other significant out-of-pocket costs are charged at actual cost, or at an allocation of estimated actual cost for purchased data used on multiple engagements.

We also charge an administrative and overhead fee of three percent of all professional fees. Compass Lexecon fees are subject to periodic adjustment. Invoices shall be made out to Client, in care of Cravath.  Invoices will be sent on a monthly basis directly to Client and payment will be made by Client within 30 days of presentation.  Client shall be liable for all fees, costs and disbursements in connection with this matter.

u.s. BOSTON | CHICAGO | HOUSTON | LOS ANGELES | NEW YORK | OAKLAND | PASADENA | PRINCETON | TUCSON | WASHINGTON
EUROPE BRUSSELS | DÜSSELDORF | LONDON | MADRID | PARIS   SOUTH AMERICA BUENOS AIRES   ASIA PACIFIC HONG KONG

**Work Product.** Compass Lexecon understands that Client may intend the work covered by this engagement, including all opinions, conclusions, and communications, to be protected by the attorney-client privilege and attorney work product rule to the extent provided by law, and we will make all reasonable efforts to preserve those privileges, as directed by you.

**Other Employment and Activities.** Compass Lexecon is a major economic consulting firm, engaged by companies, government entities, individuals, and counsel. Compass Lexecon's engagement retention decisions are based on the substance of the work to be performed on an engagement and the applicable legal standards, as opposed to the parties involved. It is possible that some of Compass Lexecon's past, present, or future clients will have disputes and/or matters which may be adverse to the Client during the course of and/or subsequent to this engagement. The Client agrees that Compass Lexecon may be engaged by such parties without the need for consent from the Client nor any obligation to advise Client of such engagements. In such cases, Compass Lexecon will institute appropriate procedures to protect the confidentiality of information provided by the Client on this engagement. Compass Lexecon is a separate business unit within FTI Consulting, Inc., is operated as such, and does not recognize conflicts with the other business segments of FTI.

**Confidentiality.** It is Compass Lexecon's normal procedure to treat all non-public client information as confidential. We will not release non-public client information or use it without your permission except pursuant to legal process issued by regulatory and judicial bodies having jurisdiction over these matters, provided that whenever reasonably possible, Compass Lexecon will give you notice of such process prior to the release of said information. Compass Lexecon will not share any non-public client information with the other divisions within FTI during this engagement or thereafter.

**Termination.** Either party shall have the right to terminate this agreement upon providing written notice at least 14 days prior to termination. Upon termination by either party, Client shall pay all fees and expenses incurred through the effective date of termination.

**Independent Contractor.** Compass Lexecon is being retained as an independent contractor, rather than as an employee. Accordingly, Compass Lexecon shall have sole financial responsibility for any taxes that it may be required to pay for it to conduct business (with the exception of any sales or excise taxes applicable to the services provided to the Client by Compass Lexecon), and neither Compass Lexecon nor its employees will participate in any of the Client pension plans, welfare benefit plans, or other fringe benefit plans.

**Limitation of Liability.** Client agrees that Compass Lexecon shall not be liable under this agreement to the Client, its counsel, or its respective successors, assigns, or affiliates except where damages result directly from the gross negligence or willful misconduct of Compass Lexecon or its employees. In no event shall Compass Lexecon be liable for punitive or consequential damages of any kind. The terms of this paragraph shall survive the termination of

this agreement and shall apply to any controlling person, director, officer, employee, subcontractor, independent contractor or affiliate of Compass Lexecon. In no event, regardless of whether Compass Lexecon has consented to such disclosure, shall Compass Lexecon assume any responsibility to any third party to which any advice or report is disclosed or otherwise made available.

**Applicable Law/Arbitration.** This agreement shall be governed by and interpreted in accordance with the laws of the State of New York, without giving effect to the choice of law provisions thereof. The parties agree that any dispute or controversy that arises from this engagement, including any dispute or controversy relating to the fees and expenses billed under this agreement, that cannot be resolved by the parties shall be submitted to arbitration in New York, New York, in accordance with the applicable rules, regulations, policies, and procedures of the Commercial Arbitration Rules of the American Arbitration Association ("AAA") and the Federal Arbitration Act. The decision of the arbitrators shall be final and binding. The arbitration shall be conducted before a panel of three neutral arbitrators, with one arbitrator named by each party and the third named by the two party-appointed arbitrators, or (if they should fail to agree on the third) by the AAA. The parties consent to the jurisdiction of any federal and state court in the State of New York for the enforcement of the arbitration award or otherwise.

If this letter conforms to your understanding and is acceptable to you, please sign the enclosed copy and return it to us. We look forward to continuing to work with you and appreciate your cooperation and assistance.

Sincerely,

*[signature]*

Robert A. Paul
Executive Director, Finance & Operations

Accepted by Cravath, Swaine & Moore LLP for and on behalf of its Client Pacific Gas and Electric Company and PG&E Corporation:

_____
Signature

_____
Printed Name

_____
Date

# Compass Lexecon

## Schedule of Fees

| Individual | Fee $/Hr |
|---|---|
| Hal Sider | $950 |
| Adel Turki | $900 |
| Senior Professionals | $680-950 |
| Professional Staff | $535-740 |
| Research Staff | $220-590 |

Compass Lexecon's fee for professional services shall be calculated in accordance with its customary billing rates for the time of its professionals and use of its computer capability and document reproduction, if required. Travel, purchased data, and other significant out-of-pocket costs are charged at actual cost, or at an allocation of estimated actual cost for purchased data used on multiple engagements.

We also charge an administrative and overhead fee of three percent of all professional fees. Compass Lexecon fees are subject to periodic adjustment. Invoices will be sent on a monthly basis and payment is due within 30 days of presentation

## Compass Lexecon

### 2019 Schedule of Fees

| Individual | Fee $/Hr |
|---|---|
| Hal Sider | $975 |
| Adel Turki | $950 |
| Senior Professionals | $700-975 |
| Professional Staff | $580-685 |
| Research Staff | $220-605 |

Compass Lexecon's fee for professional services shall be calculated in accordance with its customary billing rates for the time of its professionals and use of its computer capability and document reproduction, if required. Travel, purchased data, and other significant out-of-pocket costs are charged at actual cost, or at an allocation of estimated actual cost for purchased data used on multiple engagements. Compass Lexecon fees are subject to periodic adjustment. Invoices will be sent on a monthly basis and payment is due within 30 days of presentation.



**Robert A. Paul**
*Executive Director*
*Finance & Operations*

312 322 0890 DIRECT
RPaul@compasslexecon.com

April 29, 2019

Timothy G. Cameron
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

Re: *California Fire Class Action Litigation*

Dear Timothy:

This letter is written as an addendum to the attached letter dated March 22, 2018 which arranged for the retention of Compass Lexecon LLC by Pacific Gas and Electric Company and PG&E Corporation (collectively, "PG&E" or "Client") for the provision of professional services by Compass Lexecon. The purpose of this letter is to amend the following provisions:

**Compensation.** All amounts payable to Compass Lexecon under the March 22, 2018 retention letter (the "Retention Letter") during the pendency of Client's chapter 11 cases (Case No. 19-30088 (DM)) (the "Chapter 11 Cases") shall be subject to the terms of the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. No. 701], and, in any event, shall be subject to approval of the Bankruptcy Court. Notwithstanding any provision to the contrary in the Retention Letter, during the pendency of the Chapter 11 Cases, Compass Lexecon agrees that it will not charge Client any administrative or overhead fees.

**Limitation of Liability.** Client, Cravath and Compass Lexecon agree that the provisions governing limitation of liability in the Retention Letter are hereby replaced in their entirety by the following: Compass Lexecon shall not be liable under the Retention Letter to the Client, its counsel, or their respective successors, assigns, or affiliates except where damages result directly from the negligence, gross negligence or willful misconduct of Compass Lexecon or its employees.

**Jurisdiction.** Compass agrees that, notwithstanding any provision to the contrary in the Retention Letter, during the pendency of the Chapter 11 Cases, the United States Bankruptcy Court for the Northern District of California (San Francisco Division) shall retain exclusive

u.s. BOSTON CHICAGO HOUSTON LOS ANGELES NEW YORK OAKLAND PASADENA PRINCETON WASHINGTON
EMEA BERLIN BRUSSELS DÜSSELDORF HELSINKI LONDON MADRID PARIS TEL AVIV SOUTH AMERICA BUENOS AIRES ASIA PACIFIC BEIJING HONG KONG

Case: 19-30088    Doc# 1757-1    Filed: 04/29/19    Entered: 04/29/19 18:28:29    Page 7 of 8

jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of the Retention Letter.

**Other Employment and Activities.** During the course of its retention by Cravath to assist with Cravath's representation of Client in the Chapter 11 Cases, Compass Lexecon agrees not to (i) hold or represent represent an interest adverse to Client or (ii) otherwise take any action that would cause it to not be "disinterested" for purposes of 11 U.S.C. § 101(14), as modified by 11 U.S.C. § 1107(b).

All other terms in the March 22, 2018 letter remain in effect.

If this letter conforms to your understanding and is acceptable to you, please sign the enclosed copy and return it to us. We look forward to continuing to work with you.

Sincerely,

*[signature: Robert A. Paul]*

Robert A. Paul
Executive Director, Finance & Operations


Accepted by Cravath, Swaine & Moore LLP for and on behalf of its Client Pacific Gas and Electric Company and PG&E Corporation:

*[signature]*
Signature

Timothy Cameron
Printed Name

4/29/19
Date