CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11 (Lead Case) (Jointly Administered)<br><br>***EX PARTE* MOTION OF DEBTORS PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY COMPASS LEXECON, LLC AS ECONOMIC CONSULTANTS TO DEBTORS *NUNC PRO TUNC* TO PETITION DATE**<br><br>Related Document: Dkt. 1756<br><br>[No hearing requested] |

PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion to Shorten**"), pursuant to Rule 9006-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for entry of an order shortening time for a hearing on May 9, 2019, at 9:30 a.m. (Pacific Time), on the *Application of the Debtors Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Retain and Employ Compass Lexecon, LLC, Nunc Pro Tunc to the Petition Date* (the "**Application**"), filed contemporaneously herewith.

In support of this Motion to Shorten, the Debtors submit the Declaration of Jane Kim (the "**Kim Declaration**"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    JURISDICTION**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.   BACKGROUND**

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants**

Committee").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

### III. SHORTENING TIME FOR HEARING ON THE APPLICATION IS WARRANTED

Pursuant to Bankruptcy Local Rule 9014-1(b)(3)(A), a hearing on the Application technically requires at least twenty-one (21) days' notice of an opportunity for a hearing. Bankruptcy Local Rule 9006-1(a) provides that, except as set forth therein, "approval of the Court is required to enlarge or to shorten time to perform any act or file any paper pursuant to the Federal Rules of Civil Procedures, the Bankruptcy Rules, or these Bankruptcy Local Rules." B.L.R. 9006-1(a).

As noted in the Declaration of Paul H. Zumbro filed in support of the Application, prior to the commencement of the Chapter 11 Cases, Cravath, Swaine & Moore LLP ("**Cravath**") retained Compass Lexecon, LLC ("**Compass**") as its economic consultant on February 24, 2018, and memorialized Compass' retention in the March 22, 2018 letter. The consulting work performed by Compass, and its communications with Cravath, as part of such retention is subject to the protections of attorney-client privilege and the attorney work product doctrine. While such protections limit the extent to which Compass' work may be disclosed or described, Compass' work to this point has, as a general matter, included the evaluation, analysis and estimation of potential damages and losses associated with the Wildfires Litigation. The Debtors continue to use the services of Compass and intend to do so during the pendency of these Chapter 11 Cases.

On April 3, 2019, the Creditors Committee filed the *Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to 11 U.S.C. §§328(a) and 1103 and Fed. R. Bankr. P. 2014(a) for Authorization to Retain and Employ FTI Consulting, Inc. as Financial Advisor Nunc Pro Tunc to February 12, 2019* (the "**FTI Retention Application**") [Dkt. No. 1212]. The Debtors did not oppose the FTI Retention Application, but at the time the Creditors Committee decided to seek to retain FTI Consulting Inc. ("**FTI**"), the Debtors made clear to the

Creditors Committee that the Debtors had no objection to the Creditors Committee's retention of FTI based on representations to the Debtors made by the Creditors Committee and FTI that Compass operates entirely separately and independently from FTI, as an entirely separate corporate entity with separate management and employees, and that FTI will not be privy to, or have access to, in any way, the work undertaken by Compass for or on behalf of Debtors, and subject to the condition that the Creditors Committee's retention of FTI would in no way prejudice or preclude, in any way, the Debtors' ongoing ability to utilize Compass's services, in any capacity, in these Chapter 11 Cases or any other context and would not present any conflicts for Compass or for the Debtors' continuing retention and use of the services of Compass. The Debtors filed a statement of non-opposition with respect to the FTI Retention Application (the "**Statement of Non-Opposition**") [Dkt. No. 1560], which sets forth this position.

On April 24, 2019, the Court held a hearing at which it considered the relief requested in the FTI Retention Application (the "**April 24 Hearing**"). At the April 24 Hearing, the Debtors reiterated the concerns stated in the Statement of Non-Opposition that Compass not be disqualified from engagement by the Debtors by reason of FTI's retention by the Creditors Committee in light of the affiliation between FTI and Compass. Accordingly, the Court reserved decision and continued the hearing on the FTI Retention Application to the hearing on May 9, 2019, at 9:30 a.m. (Pacific Time), to allow the Debtors to file the Application and have it heard on shortened notice at the same hearing, to avoid, in the Court's own words, "this potential of the [Debtors'] own interests being jeopardized by whatever legal consequences of not letting the [Debtors] hire and retain Compass" as a result of FTI's retention by the Creditors Committee.

Based on the foregoing, the Debtors request that notice be shortened to permit the Debtors' Application to retain Compass to be heard on May 9, 2019, at 9:30 a.m. As stated in the Kim Declaration, as of the filing of this Motion to Shorten, the Office of the United States Trustee had not responded to an e-mail requesting consent to the relief sought in this Motion to Shorten.

IV. **RESERVATION OF RIGHTS**

Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate

party in interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to any order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

## V. NOTICE

Notice of this Motion to Shorten will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: April 29, 2019

**CRAVATH SWAINE & MOORE LLP**
**WEIL, GOTSHAL & MANGES LLP**
**KELLER & BENVENUTTI LLP**

/s/ *Jane Kim*
Jane Kim

*Attorneys for Debtors and Debtors in Possession*