

Signed and Filed: April 30, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**,<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors. | Bankruptcy Case<br>No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**ORDER GRANTING MOTION TO ENFORCE THE AUTOMATIC STAY AGAINST RICK BOWLINGER AND BOTTINI & BOTTINI, INC., PURSUANT TO 11 U.S.C. § 362(a)(3)**<br><br>**[RELATES TO DKT. NO. 893]** |

On March 14, 2019, PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**" or "**PG&E**") in the above-captioned Chapter 11 Cases ("**Chapter 11 Cases**"), filed a *Motion to Enforce the Automatic Stay Against Rick Bowlinger and Bottini & Bottini, Inc. Pursuant to 11 U.S.C. § 362(a)(3)* [Dkt. No. 893] (the "**Motion**"). The Motion seeks entry of an order declaring that (i) as of January 29, 2019 (the "**Petition Date**"), section 362(a)(3) of the Bankruptcy Code automatically stayed the matter of *Bowlinger v. Chew*, No. CGC-18-572326 (S.F. Super. Ct. Dec. 24, 2018) (the "**Derivative Action**"), in its entirety, and (ii) any further acts or proceedings in the Derivative Action are *void ab initio*.

Having fully considered the Motion, the *Declaration of Kevin W. Kramer in Support of Motion to Enforce the Automatic Stay Against Rick Bowlinger and Bottini & Bottini, Inc. Pursuant to 11 U.S.C. § 362(a)(3)* [Dkt No. 894], *Plaintiff Rick Bowlinger and Bottini & Bottini, Inc.'s Memorandum of Points and Authorities in Opposition to the Debtors' Motion to Enforce the Automatic Stay Pursuant to 11 U.S.C. § 362(a)(3)* [Dkt. No. 1321], the *Declaration of Francis A. Bottini, Jr. in Support of Plaintiff Rick Bowlinger and Bottini & Bottini, Inc.'s Memorandum of Points and Authorities in Opposition to the Debtors' Motion to Enforce the Automatic Stay Pursuant to 11 U.S.C. § 362(a)(3)* [Dkt. No. 1320], the Debtors' *Reply Memorandum of Points and Authorities in Further Support of Debtors' Motion to Enforce the Automatic Stay Against Rick Bowlinger and Bottini & Bottini, Inc.* [Dkt. No. 1531], and all other evidence in the record, the Court issued a tentative ruling granting the Motion on April 18, 2019 (the "**Tentative Ruling**"), and instructed that "[i]f counsel for Mr. Bo[w]linger accepts this tentative [ruling], he should notify opposing counsel and the courtroom deputy . . . no later than 4:00 PM on April 22, 2019." On April 22, 2019, counsel for Mr. Bowlinger timely notified the Court that Mr. Bowlinger does not contest the Tentative Ruling. Accordingly, the Court finds and concludes as follows:

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**Findings of Fact and Conclusions of Law**

For the reasons set forth in this Court's tentative decision dated April 22, 2019,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. As of the Petition Date, section 362(a)(3) of the Bankruptcy Code automatically stayed the Derivative Action in its entirety.

3. Any further acts or proceedings in the Derivative Action are *void ab initio*.

4. Any further attempts by Mr. Bowlinger to prosecute the Derivative Action shall be dealt with under Bankruptcy Rule 9020.

5. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

6. Nothing contained in this Order is intended to or shall be construed as (a) a determination as to the validity or invalidity of any claims or defenses asserted in the Derivative Action, or (b) a limitation on the Debtors' or any other appropriate party's right to dispute any claims or defenses in the Derivative Action.

7. Notwithstanding entry of this Order, nothing herein shall enhance, nor is anything herein intended to enhance, the status of any claim held by any party.

8. This Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

COURT SERVICE LIST

Bottini & Bottini, Inc.
Francis A. Bottini, Jr.
Albert Y. Chang
Yury A. Kolesnikov
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037

*Counsel for Rick Bowlinger*