WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                       **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) AND FED. R. BANKR. P. 2002 AND 6004(h) FOR AN ORDER (A) AUTHORIZING DEBTORS TO ESTABLISH AND FUND PROGRAM TO ASSIST WILDFIRE CLAIMANTS WITH ALTERNATIVE LIVING EXPENSES AND OTHER URGENT NEEDS AND (B) GRANTING RELATED RELIEF ("WILDFIRE ASSISTANCE PROGRAM MOTION")**<br><br>Date:  May 22, 2019<br>Time:  9:30am (Pacific Time)<br>Place:  United States Bankruptcy Court<br>         Courtroom 17, 16th Floor<br>         San Francisco, CA 94102<br><br>**Objection Deadline:** May 15, 2019<br>                       4:00 p.m. (Pacific Time) |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**") pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002 and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for entry of an order (a) authorizing the Debtors to establish and fund a program to assist those displaced by the 2017 and 2018 Wildfires (as defined below) with alternative living expenses and other urgent needs and (b) granting related relief.

A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

## III. THE 2017 AND 2018 NORTHERN CALIFORNIA WILDFIRES

The background to the 2017 and 2018 Northern California wildfires is set out in further detail in the Wells Declaration. A brief summary of the relevant background is outlined below.

### A. The 2017 Fires and 2018 Camp Fire

Beginning on October 8, 2017, multiple wildfires spread throughout Northern California.

Case: 19-30088    Doc# 1777    Filed: 05/01/19    Entered: 05/01/19 13:38:45    Page 3 of 10

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Cal Fire reported that 21 major fires (the "**2017 Fires**")[1] burned over 245,000 acres and destroyed an estimated 8,900 structures.

On November 8, 2018, a wildfire began near the city of Paradise, Butte County, California (the "**2018 Camp Fire**", and together with the 2017 Fires, the "**2017 and 2018 Wildfires**"). Cal Fire reported that the 2018 Camp Fire consumed approximately 153,336 acres, and caused the destruction of 13,972 residences.

It is important to note that, as of the date of this Motion, there has been no legal determination that the Debtors are liable for any claims associated with the 2017 and 2018 Wildfires. The filing of this Motion shall not constitute or be deemed to constitute an acknowledgement or admission of liability.

## IV. THE PROPOSED WILDFIRE ASSISTANCE PROGRAM

### A. Background

Many of those who lost their homes in the 2017 and 2018 Wildfires (the "**Wildfire Claimants**") continue to struggle to find affordable alternative housing. It is the Debtors' understanding that, although many of the Wildfire Claimants expect to have the costs of substitute or temporary housing (known as "**Alternative Living Expenses**") for twelve (12) to twenty-four (24) months covered through their insurance companies, others are uninsured or have exhausted their insurance.

To provide some relief from the financial stress and burden many of the displaced Wildfire Claimants are experiencing, the Debtors have developed, and by this Motion seek approval to establish and fund, a program that will assist certain Wildfire Claimants with their Alternative Living Expenses and other urgent needs (the "**Wildfire Assistance Program**"). The Wildfire Assistance Program is intended to aid certain Wildfire Claimants who are either uninsured or still in need of assistance for Alternative Living Expenses or other urgent needs.

---

[1] The 2017 Fires are the Atlas, Adobe, Blue, Cascade, Cherokee, Honey, LaPorte, Lobo, Macaama, McCourtney, Nuns, Norrbom, Partrick, Pocket, Point, Pressley, Pythian, Redwood, Sulphur, Tubbs and 37 fires.

**B.** **Proposed Terms of the Wildfire Assistance Program**

The Debtors propose to provide support to those Wildfire Claimants who have been displaced from their primary residence as a result of the 2017 and 2018 Wildfires.

The Debtors propose depositing $105 million into a segregated account (the "**Wildfire Assistance Fund**") to be controlled by an independent third-party administrator, who will disburse and administer the funds (the "**Administrator**"). The Debtors will engage in discussions with the Committees regarding a suitable person to be appointed as the Administrator as expeditiously as possible, and upon agreement, will file a notice with the Court disclosing the identity and qualifications of the person selected to serve as Administrator. If, however, the Debtors and the Committees cannot agree upon an appropriate individual to serve as the Administrator, the Debtors will file a further motion with the Court seeking the appointment of an appropriate individual as the Administrator.

The Administrator will be responsible for developing the specific eligibility requirements and application procedures for the distribution of the Wildfire Assistance Fund to eligible Wildfire Claimants (the "**Program Terms**"). The Program Terms will be consistent with the following principles and guidelines:

1. **Eligibility Criteria**

   a) The Administrator will determine the eligibility criteria for participation in and receipt of funds from the Wildfire Assistance Program, including the types of expenses Wildfire Claimants can obtain financial assistance for and the amount of assistance to be provided to each eligible Wildfire Claimant (the "**Eligibility Criteria**").

   b) In developing the Eligibility Criteria, the Administrator must ensure that the Wildfire Assistance Fund is distributed in a fair and equitable manner, and assistance is prioritized to those eligible Wildfire Claimants who are most in need, including those who are currently without adequate shelter (*e.g.*, living in tents). The Administrator shall consult with the Federal Emergency Management Agency ("**FEMA**") as to the Eligibility Criteria to ensure eligible Wildfire Claimants do not receive funds from both FEMA and the Wildfire Assistance Program for the same expenses.

2. **The Administrator's Authority and Obligations**

   a) The Administrator will be authorized to engage (i) a claims management firm, (ii) a legal advisor, (iii) an accounting firm, and (iv) in consultation with the Debtors and with the consent of the Committees or by further

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Court order, any other professional the Administrator deems necessary or appropriate to assist in administering the Wildfire Assistance Program in accordance with these principles and guidelines (collectively, the "**Program Professionals**"). The Administrator may also partner with local housing agencies and community organizations with relevant experience and expertise (the "**Local Organizations**") to assist with the administration of the Wildfire Assistance Program. The costs of administering the Wildfire Assistance Program, including the Administrator's fees, the fees of the Program Professionals and costs associated with partnering with Local Organizations (collectively, the "**Fund Expenses**") will be paid from the Wildfire Assistance Fund. The Fund Expenses shall not exceed $5 million in total.

b)    The Administrator must prepare and, within 30 days after the end of a quarterly period (or such longer period as may be agreed to by the Administrator and the Committees or as authorized by Court order), file quarterly reports with the Court and serve such reports on counsel to the Debtors and the Committees. These reports must include (i) the number of applications submitted to and processed by the Wildfire Assistance Program during the preceding quarter, and (ii) an account of the receipts and disbursements from the Wildfire Assistance Fund during the preceding quarter.

c)    The Administrator must keep adequate administrative and financial records of the Wildfire Assistance Program, including a record of to whom disbursements from the Wildfire Assistance Fund are made and in what amounts. The Debtors and the Committees may inspect all the Wildfire Assistance Program's records upon request.

## V.    BASIS FOR RELIEF REQUESTED

Section 363(b) of the Bankruptcy Code provides, in relevant part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Under section 363 of the Bankruptcy Code, a court may authorize a debtor to use estate funds where a sound business purpose exists for doing so. *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). The business judgment rule is satisfied where "the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *See, e.g., Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)); *see also F.D.I.C. v. Castetter*, 184 F.3d 1040, 1043 (9th Cir. 1999) (the business judgment rule "requires directors to perform their duties in good

faith and as an ordinarily prudent person in a like circumstance would"). "Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986). Courts construing California law have consistently declined to interfere with corporate decisions absent a showing of bad faith, self-interest, or gross negligence, and have upheld a board's decisions as long as such decisions were made in good faith. *Scouler & Co., LLC v. Schwartz*, No. 11-CV-06377 NC, 2012 WL 1502762, at *4 (N.D. Cal. Apr. 23, 2012); *Berg & Berg Enterprises, LLC v. Boyle*, 178 Cal. App. 4th 1020, 1046 (2009).

The Court may also rely on its equitable powers under section 105 of the Bankruptcy Code to grant the relief requested in this Motion. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

The Debtors believe that funding and establishing the Wildfire Assistance Program to aid those displaced by the 2017 and 2018 Wildfires represents a sound exercise of their business judgment. Although no determination has been made that the Debtors are legally responsible for the 2017 and 2018 Wildfires, Cal Fire has issued determinations that the Utility's equipment was involved with the ignition of 18 of the 2017 Fires. In addition, although the cause of the 2018 Camp Fire remains under investigation and no determination has been made that the Debtors are legally responsible, based on information which has been reported to the California Public Utilities Commission and other agencies, the Debtors believe it is probable that the Utility's equipment will be determined to be an ignition point of the 2018 Camp Fire.[2]

Under these circumstances, the Debtors' senior management and their Boards of Directors determined that it would be appropriate to establish the Wildfire Assistance Program to provide

---

[2] Disbursements made under the Wildfire Assistance Program to eligible Wildfire Claimants might otherwise be entitled to be claimed by such individuals as damages arising from the 2017 and 2018 Wildfires. It is the Debtors' expectation that those who receive financial assistance under the Wildfire Assistance Program will not later seek a double recovery on account of any reimbursed or covered expenses.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

some relief to the people who lost their homes and are currently in need of temporary housing or have other urgent needs. Without in any way minimizing the loss and suffering incurred by others, these individuals are currently undergoing significant hardship in their day to day lives and the Debtors believe it is appropriate and a justified expenditure of assets to address this need as provided in the Motion.

As stated above, the Wildfire Assistance Fund will be administered and disbursed by an independent third party, consistent with the Program Terms, and in a manner designed to assure that the purposes of the Motion are achieved, and that the needs of those Wildfire Claimants most in need of temporary housing or who have other urgent needs are addressed. The Administrator will be required to maintain appropriate records of the funds' operations and disbursements, including disbursements made to eligible Wildfire Claimants, and to file regular reports with the Court.

Under these circumstances, the Debtors believe that establishing and funding the Wildfire Assistance Program clearly represents a sound and reasonable exercise of their business judgment and that, accordingly, the relief requested in this Motion should be granted.

## VI. REQUEST FOR BANKRUPTCY RULE 6004(h) WAIVER

To meet the temporary housing and other urgent needs of those eligible Wildfire Claimants impacted by the 2017 and 2018 Wildfires, it is important the Wildfire Assistance Program be established and available to distribute funds as soon as possible. Thus, the Debtors request a waiver of the 14-day stay of an order authorizing the use, sale, or lease of property outside the ordinary course of business under Bankruptcy Rule 6004(h) and the Court find that ample cause exists to grant a waiver of Bankruptcy Rule 6004(h).

## VII. RESERVATION OF RIGHTS

Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1    such claim subsequently.  Moreover, as stated, neither the filing of this Motion nor the entry of an order

2    granting the relief requested shall constitute or be deemed to constitute an acknowledgement or

3    admission by the Debtors of liability or responsibility for any of the 2017 and 2018 Wildfires or for any

4    claims related thereto.

5    **VIII.   NOTICE**

6         Notice of this Motion will be provided to (i) the Office of the United States Trustee for

7    Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors

8    Committee; (iii) counsel to the Tort Claimants Committee; (iv) the Securities and Exchange

9    Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii)

10   the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal

11   Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District

12   of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and

13   (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant

14   to Bankruptcy Rule 2002.  The Debtors respectfully submit that no further notice is required.

15        No previous request for the relief sought herein has been made by the Debtors to this or

16   any other Court.

17

18

19

20

21

22

23

24

25

26

27

28

WHEREFORE the Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties in interest, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: May 1, 2019

**WEIL, GOTSHAL & MANGES LLP**
**KELLER & BENVENUTTI LLP**


By:  */s/ Jane Kim*
       Jane Kim


*Attorneys for Debtors*
*and Debtors in Possession*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119