**Exhibit A**

**Proposed Order**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)|
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    - and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                 **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**[PROPOSED] ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) AND FED. R. BANKR. P. 2002 AND 6004(h) FOR AN ORDER (A) AUTHORIZING DEBTORS TO ESTABLISH AND FUND PROGRAM TO ASSIST WILDFIRE CLAIMANTS WITH ALTERNATIVE LIVING EXPENSES AND OTHER URGENT NEEDS AND (B) GRANTING RELATED RELIEF** |

Upon the Motion, dated _____, 2019 [Docket No. #] (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002 and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order (a) authorizing the Debtors to establish and fund a program to assist those displaced by the 2017 and 2018 Wildfires with Alternative Living Expenses and other urgent needs and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration (as amended on February 2, 2019 [Docket No. 263]); and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

2. The Debtors are authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to establish the Wildfire Assistance Program as provided herein and in the Motion.

3. The Debtors are further authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to deposit $105 million into a segregated account (the "**Wildfire Assistance Fund**") to be controlled by an independent third-party administrator (the "**Administrator**") who shall be responsible for disbursing and administering the Wildfire Assistance Fund in accordance with the Program Terms (as defined below). The Debtors shall have no obligation to deposit any additional funds into the Wildfire Assistance Fund.

4. The Debtors shall consult with the Committees regarding the appointment of an Administrator. If the Debtors and the Committees agree upon a suitable person to serve as Administrator, the Debtors shall file a notice with the Court disclosing the identity and qualifications of such person. If the Debtors and the Committees cannot agree upon a suitable person to serve as Administrator, the Debtors shall file a motion with the Court seeking authority to appoint an Administrator.

5. The Administrator shall be responsible for developing the specific eligibility requirements and application procedures for the distribution of the Wildfire Assistance Fund to eligible Wildfire Claimants (the "**Program Terms**") consistent with the following principles and guidelines:

    **(1) Eligibility Criteria**

        a) The Administrator shall determine the eligibility criteria for participation in and receipt of funds from the Wildfire Assistance Program, including the types of expenses Wildfire Claimants can obtain financial assistance for and the amount of assistance to be provided to each eligible Wildfire Claimant (the "**Eligibility Criteria**").

        b) In developing the Eligibility Criteria, the Administrator shall ensure that the Wildfire Assistance Fund is distributed in a fair and equitable manner, and assistance is prioritized to those eligible Wildfire Claimants who are most in need, including those who are currently without adequate shelter (*e.g.*, living in tents). The Administrator shall consult with the Federal Emergency Management Agency ("**FEMA**") as to the Eligibility Criteria to ensure eligible Wildfire Claimants do not receive funds from both FEMA and the Wildfire Assistance Program for the same expenses.

**(2) The Administrator's Authority and Obligations**

    a) The Administrator shall be authorized to engage (i) a claims management firm, (ii) a legal advisor, (iii) an accounting firm, and (iv) in consultation with the Debtors and with the consent of the Committees or by further Court order, any other professional the Administrator deems necessary or appropriate to assist in administering the Wildfire Assistance Program in accordance with these principles and guidelines (collectively, the "**Program Professionals**"). The Administrator may also partner with local housing agencies and community organizations with relevant experience and expertise (the "**Local Organizations**") to assist with the administration of the Wildfire Assistance Program. The costs of administering the Wildfire Assistance Program, including the Administrator's fees, the fees of the Program Professionals and costs associated with partnering with Local Organizations (collectively, the "**Fund Expenses**") shall be paid from the Wildfire Assistance Fund. The Fund Expenses shall not exceed $5 million in total.

    b) The Administrator shall prepare and, within 30 days after the end of a quarterly period (or such longer period as may be agreed to by the Administrator and the Committees or as authorized by Court order), file quarterly reports with the Court and serve such reports on counsel to the Debtors and the Committees. These reports shall include (i) the number of applications submitted to and processed by the Wildfire Assistance Program during the preceding quarter, and (ii) an account of the receipts and disbursements from the Wildfire Assistance Fund during the preceding quarter.

    c) The Administrator shall keep adequate administrative and financial records of the Wildfire Assistance Program, including a record of to whom disbursements from the Wildfire Assistance Fund are made and in what amounts. The Debtors and the Committees may inspect all the Wildfire Assistance Program's records upon request.

6. Nothing in this Order or the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise any payment made pursuant to this Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

7. Nothing in this Order or the Motion constitutes or shall be deemed to constitute

an acknowledgement or admission by the Debtors of any liability or responsibility for any of the 2017 and 2018 Wildfires or for any claims related thereto.

8. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

9. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

10. The Debtors and the Administrator are authorized to take all steps necessary or appropriate to carry out this Order and effectuate the relief granted herein.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119