WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors*
*and Debtors in Possession*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>   **- and -**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>              **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case,*<br>*No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 502(b)(9) AND 105(a), FED. R. BANKR. P. 2002, 3003(c)(3), 5005, AND 9007, AND L.B.R. 3003-1 FOR ORDER (I) ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM, (II) ESTABLISHING THE FORM AND MANNER OF NOTICE THEREOF, AND (III) APPROVING PROCEDURES FOR PROVIDING NOTICE OF BAR DATE AND OTHER INFORMATION TO ALL CREDITORS AND POTENTIAL CREDITORS (THE "BAR DATE MOTION")**<br><br>Hearing Date:  May 22, 2019<br>Hearing Time:  9:30 a.m. (PDT)<br>Obj. Deadline: May 15, 2019, 4:00 p.m. (PDT)<br>Place:  United States Bankruptcy Court<br>          Courtroom 17, 16th Floor<br>          San Francisco, CA 94102 |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to sections 502(b)(9) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 3003(c)(3), 5005, and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3003-1 of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for entry of an order:

(a) establishing **September 16, 2019 at 5:00 p.m. (Prevailing Pacific Time)** (the "**Bar Date**") as the deadline for each (i) person (as defined in section 101(41) of the Bankruptcy Code), including, without limitation, all Wildfire Claimants (as defined below), Wildfire Subrogation Claimants (as defined below), and Customers (as defined below), and (ii) governmental unit (as defined in section 101(27) of the Bankruptcy Code, collectively, the "**Governmental Units**") to file a proof of claim (each a "**Proof of Claim**") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, secured claims and priority claims, against either of the Debtors;

(b) approving the procedures for filing Proofs of Claim, including special procedures for the filing of Wildfire Proof of Claim Forms (as defined below);

(c) approving the Debtors' plan for providing notice of the Bar Date and the procedures related thereto (the "**Notice Procedures**"), including, among other things, (i) the form of notice of Bar Date to be sent to all creditors and parties in interest other than Wildfire Claimants, Wildfire Subrogation Claimants, and Customers (the "**Standard Bar Date Notice**"), substantially in the form annexed hereto as **Exhibit B-1**, (ii) the form of notice of Bar Date to be sent to Wildfire Claimants and Wildfire Subrogation Claimants (the "**Wildfire Claim Bar Date Notice**"), substantially in the form annexed hereto as **Exhibit B-2**, and (iii) the form of notice of Bar Date to be sent to Customers (the "**Customer Bar Date Notice**" and, together with the Standard Bar Date Notice and the Wildfire Claim Bar Date Note, the "**Bar Date Notices**"), substantially in the form annexed hereto as **Exhibit B-3**;

(d) approving the model Proof of Claim forms (collectively, the "**Proof of Claim Forms**") for (i) all creditors other than Wildfire Claimants and Wildfire Subrogation Claimants (the "**Standard Proof of Claim**

2

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**Form**"), substantially in the form annexed hereto as <u>**Exhibit C-1**</u>, (ii) all Wildfire Claimants (the "**Wildfire Claimant Proof of Claim Form**"), substantially in the form annexed hereto as <u>**Exhibit C-2**</u>, and (iii) all Wildfire Subrogation Claimants (the "**Wildfire Subrogation Claimant Proof of Claim Form**" and together with the Wildfire Claimant Proof of Claim Form, the "**Wildfire Proof of Claim Forms**"), substantially in the form annexed hereto as <u>**Exhibit C-3**</u>; and

(e)     approving the Debtors' plan for publication and other supplemental methods for providing notice of the Bar Date to known and unknown Wildfire Claimants and other unknown creditors and parties in interest.

In support of the Motion, the Debtors submit the declarations of Kevin J. Orsini (the "**Orsini Declaration**"), Shai Y. Waisman (the "**Waisman Declaration**"), and Benjamin P.D. Schrag (the "**Schrag Declaration**" and, together with the Waisman Declaration, the "**Prime Clerk Declarations**"), which have been filed contemporaneously herewith. A proposed form of order granting the relief requested herein is annexed hereto as <u>**Exhibit A**</u> (the "**Proposed Order**").

3

# TABLE OF CONTENTS

I.      JURISDICTION ................................................................................................8

II.     BACKGROUND ................................................................................................8

III.    THE BAR DATE ................................................................................................8

IV.     THE BANKRUPTCY RULES ........................................................................12

V.      THE PROPOSED PROCEDURES FOR FILING PROOFS OF CLAIM .................13

        a.  Proposed Procedures for Filing Proofs of Claim ................................13

        b.  Consequences of Failure to File a Proof of Claim ...............................18

VI.     BAR DATE NOTICES.....................................................................................19

        a.  The Standard Bar Date Notice ...............................................................19

        b.  The Wildfire Claim Bar Date Notice and Supplemental Notice Procedures.........21

        c.  The Supplemental Notice Plan.................................................................23

        d.  The Customer Bar Date Notice ...............................................................26

VII.    PROOF OF CLAIM FORMS ...........................................................................27

VIII.   BASIS FOR RELIEF REQUESTED ................................................................28

        a.  The Proposed Bar Date and Procedures are Reasonably  Calculated to Provide Due and Proper Notice ...............................................................28

        b.  The Notice Procedures and the Supplemental Notice Plan Satisfy Due Process for Wildfire Claimants and Other Unknown Creditors and Parties in Interest in the Chapter 11 Cases.....................................................................30

        c.  The Proof of Claim Forms Substantially Conform to Official Form 410 and Should be Approved ...............................................................34

IX.     RESERVATION OF RIGHTS .........................................................................36

X.      NOTICE............................................................................................................37

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Archdiocese of Milwaukee*,
  Case No. 11-20059 (SVK) (Bankr. E.D. Wisc. July 14, 2011) .....................................36

*In re Argonaut Fin. Servs., Inc.*,
  164 B.R. 107 (N.D. Cal. 1994) .....................................30

*In re Blitz U.S.S., Inc.*,
  Case No. 11-13603 (PJW) (Bankr. D. Del. 2011) .....................................29

*In re Caracciolo, No. ADV. 05-90348-H11*,
  2006 WL 6604324 (Bankr. S.D. Cal. Dec. 13, 2006).....................................30

*Chemetron Corp. v. Jones*,
  72 F.3d 341 (3d Cir. 1995).....................................30

*In re Energy Future Holdings Corp.*,
  Case No. 14-10979 (CSS) (Bankr. D. Del. Oct. 31, 2018).....................................33, 35

*In re Exide Techs.*,
  Case No. 02-11125 (KJC) (Bankr. D. Del. 2002).....................................29

*Fogel v. Zell*,
  221 F.3d 955 (7th Cir. 2000) .....................................31

*Matter of GAC Corp.*,
  681 F.2d 1295 (11th Cir. 1982) .....................................32

*In re Garlock Sealing Technologies LLC*,
  Case No. 10-31607 (Bankr. W.D.N.C. 2010).....................................33

*In re Jewelart, Inc.*,
  71 B.R. 968 (Bankr. C.D. Cal. 1987).....................................32

*In re Lily Robotics, Inc.*,
  Case No. 17-10426 (Bankr. D. Del. May 23, 2017) .....................................33

*In re Maya Const. Co.*,
  78 F.3d 1395 (9th Cir. 1996) .....................................30

*Monster Content, LLC v. HOMES.COM, Inc.*,
  331 B.R. 438 (N.D. Cal. 2005).....................................31

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Case: 19-30088    Doc# 1784    Filed: 05/01/19    Entered: 05/01/19 15:32:50    Page 5 of 37

*In re Motors Liquidation Co.*,
  29 B.R. 510 (Bankr. S.D.N.Y. 2015) ........................................................................31

*PacifiCorp and Van Cott Bagley Cornwall & McCarthy v. W.R. Grace*,
  2006 WL 2375371 (D. Del. 2006) ............................................................................31

*Perez v. Safety-Kleen Sys., Inc.*,
  253 F.R.D. 508 (N.D. Cal. 2008) ........................................................................30, 31

*In re Suntech Am., Inc.*,
  Case No. 15-10054 (CSS) (Bankr. D. Del. 2009) .....................................................31

*In re TK Holdings, Inc.*,
  Case No. 17-11375 (BLS) (Bankr. D. Del. 2017) ..........................................29, 32, 35

*Tulsa Professional Collection Serv., Inc. v. Pope*,
  485 U.S. 478 (1988) ................................................................................................30

*In re USA Gymnastics*,
  Case No. 18-09108 (RLM) (Bankr. S.D. Ind. Feb. 25, 2018) ....................................35

*Wise v. NCD Inc.*,
  No. 06-02027 PHX MEA, 2006 WL 3051873 ............................................................31

**Statutes**

11 U.S.C § 101 ...............................................................................................................2, 9

11 U.S.C. § 105(a) ............................................................................................................16

11 U.S.C. § 341(a) ............................................................................................................12

11 U.S.C. § 365 ................................................................................................................36

11 U.S.C. § 502(b)(9) ..................................................................................................10, 12

11 U.S.C. § 503(b)(9) ...................................................................................................6, 16

11 U.S.C. § 507(a)(2) ........................................................................................................16

11 U.S.C. § 1107(a) .............................................................................................................8

11 U.S.C. § 1108 .................................................................................................................8

28 U.S.C. § 157 ..................................................................................................................8

28 U.S.C. § 1334 ................................................................................................................8

28 U.S.C. § 1408 ................................................................................................................8

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

28 U.S.C. § 1409 .................................................................................................................8

**Other Authorities**

B.L.R. 3003-1 ..................................................................................................................12

B.L.R. 5011-1(a) ...............................................................................................................8

Bankruptcy Rule 1015(b) ...................................................................................................8

Bankruptcy Rule 2002 .........................................................................................18, 19, 37

Bankruptcy Rule 2002(a)(7) ................................................................................18, 20, 28

Bankruptcy Rule 3003(c)(2) ......................................................................................12, 18

Bankruptcy Rule 3003(c)(3) .............................................................................................12

*Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General
Order 24 ...................................................................................................................8

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.     BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**").  On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

## III.     THE BAR DATE

As set forth in the Wells Declaration, the Chapter 11 Cases were necessitated by a confluence of factors resulting from the catastrophic and tragic wildfires that occurred in Northern California in 2015, 2017, and 2018 (the "**Northern California Wildfires**[1]") and the Debtors' potential

---

[1] The Northern California Wildfires include, but are not limited to, the following fires:  37, Adobe, Atlas, Blue, Butte, Camp, Cascade, Cherokee, Honey, La Porte, Lobo, Maacama, McCourtney,

8

Case: 19-30088    Doc# 1784    Filed: 05/01/19    Entered: 05/01/19 15:32:50    Page 8 of 37

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

liabilities arising therefrom. The multitude of pending claims and lawsuits, and the thousands of additional Wildfire Claims (as defined below) that will be asserted, made it abundantly clear that the Debtors could not continue to address those claims and potential liabilities in the California state court system, continue to deliver safe and reliable service to their 16 million customers (each, a "**Customer**"), and remain economically viable. For purposes of this Motion, and all matters related thereto (a) any claim (as such term is defined in section 101(5) of the Bankruptcy Code) related to or in any way arising from the Northern California Wildfires (including any claim held by a Wildfire Subrogation Claimant) is referred to herein as a "**Wildfire Claim**"; (b) any person or entity, including any Governmental Unit, holding a Wildfire Claim (other than a Wildfire Subrogation Claimant) is referred to herein as a "**Wildfire Claimant**"; and (c) any insurance carrier having made payments to their insureds for any damages arising out of or relating to a Wildfire Claim, or any other party who has acquired by assignment or otherwise obtained an interest in a claim arising out or related to such payments, is referred to herein as a "**Wildfire Subrogation Claimant**".

Since the Petition Date, the Debtors have been working diligently with their advisors and other parties in interest to stabilize their businesses and operations and collaborate with the Committees and other key constituencies during the early stages of these Chapter 11 Cases. However, if these cases are to progress to the next phase and continue on an expeditious path towards confirmation, the Debtors need to establish a bar date for filing claims as part of the process to formulate and solicit acceptances of a chapter 11 plan. In particular, in order to properly assess their potential liabilities, including in connection with any claims estimation hearing, the Debtors will need to evaluate the information submitted by Wildfire Claimants and Wildfire Subrogation Claimants that the Debtors are seeking in connection with their Proofs of Claim. Indeed, the ability to engage in a rational, reasonable, and constructive plan of reorganization formulation and negotiation process is dependent on the ability of all parties to assess the Debtors' liability for Wildfire Claims to be

---

Norrbom, Nuns, Partrick, Pocket, Point, Pressley, Pythian (a.k.a. Oakmont), Redwood, Sulphur and Tubbs.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

addressed in a plan. Accordingly, establishing a Bar Date and Notice Procedures are of critical importance to the progress and ultimate successful resolution of these Chapter 11 Cases.

As set forth below, with the exception of Wildfire Claimants, Wildfire Subrogation Claimants, and Customers[2] (which are each discussed in detail below), the Debtors are proposing standard procedures for providing notice of the Bar Date to all creditors and parties in interest that are entitled to receive such notice in these Chapter 11 Cases, which include customary notice parties such as the Debtors' prepetition lenders, bondholders, other financial creditors, trade creditors, parties to pending or threatened litigation (other than Wildfire Claimants and Wildfire Subrogation Claimants), current and former employees, contract and lease counterparties, and other customary creditors and parties in interest in these Chapter 11 Cases. Additionally, the Debtors are proposing to extend the deadline for Governmental Units to file Proofs of Claim beyond the standard 180 days after the Petition Date required under section 502(b)(9) of the Bankruptcy Code.

Due to the unique nature of these Chapter 11 Cases, including the number of potential individual claimants and the destruction of structures to which notices of the Bar Date would customarily be sent, the Debtors are proposing special procedures to facilitate the submission and evaluation of Wildfire Claims, including, as discussed below, a simpler Wildfire Claim Bar Date Notice and customized Proof of Claim Forms for both Wildfire Claimants and Wildfire Subrogation Claimants which seek to identify critical information with respect to each potential Wildfire Claim, including, without limitation, the relevant wildfire, the type of loss or injury, the location of the loss or injury, the type of damages asserted, and (if applicable) whether the claim is covered by insurance and relevant coverage information. The Debtors are also proposing special procedures for providing notice of the Bar Date to their 16 million Customers, including a simpler Customer Bar Date Notice, which makes clear that Customers are not required to file proofs of claim for ordinary and customary refunds, overpayments, billing credits, deposits, or similar billing items. This shorter-form Customer

---

[2] The Debtors do not believe that Customers, in their capacity as such, have any claims against the estates that will be addressed in a chapter 11 plan because of the relief approved by the Court in the various first day orders.

10

Bar Date Notice provides the required notice of the Bar Date and will result in substantial cost-savings to the estates as the Debtors' claims and noticing agent, Prime Clerk LLC ("**Prime Clerk**"),[3] estimates providing hard-copies of the Standard Bar Date Notice to the Debtors' 16 million Customers would increase the cost of preparing and mailing the Bar Date Notice by approximately $14 million – $21 million.

In addition to serving the Bar Date Notices, the Debtors intend to provide supplemental notice of the Bar Date (the "**Supplemental Notice Plan**") to unknown creditors, including Unknown Wildfire Claimants (as defined below). As set forth below, the Supplemental Notice Plan will be multi-faceted, and is designed to reach its target audiences in a variety of different ways, including: (i) multiple newspaper publication notices, (ii) digital advertising, including social media and other paid internet search listings, (iii) television and radio advertising, (iv) email notice, and (v) dedicated claim service centers.

As set forth in the Prime Clerk Declarations, the Debtors estimate the total cost of the Notice Procedures, including the Supplemental Notice Plan, to be approximately $19 million - $22 million depending on the final number of noticing parties (estimated to be 16.3 million to 16.5 million parties) and assuming eligibility for volume postage discounts obtained, which costs may be further broken down as follows: (i) approximately $18 million - $20 million for expenses relating to service and mailing of physical Bar Date Notices; (ii) approximately $400,000 for publication of the Bar Date Notices; and (iii) approximately $1.0 million - $1.5 million for other costs and expenses associated with the Supplemental Notice Plan, including costs and expenses relating to digital, television, and radio advertising and the costs and expenses of staffing the Claim Service Centers.

The Notice Procedures, including the Supplemental Notice Plan, were designed after lengthy and thorough consideration by the Debtors and their advisors. The Debtors are striving to provide individual notice to the broadest range of potentially-affected Wildfire Claimants and other

---

[3] Prime Clerk was retained as the Debtors' claims and noticing agent by Order dated February 1, 2019 [Docket No. 245].

11

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

creditors and parties in interest as is practicable under the circumstances. Accordingly, the Debtors are proposing the Notice Procedures that go above and beyond the requirements of applicable law.

## IV.  THE BANKRUPTCY RULES

Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which Proofs of Claim may be filed. Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim or interest (a) is *not* scheduled in the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "**Schedules**")[4] or (b) is scheduled as disputed, contingent, or unliquidated must file a Proof of Claim by a bar date fixed by the Court. Bankruptcy Rule 3003(c)(2) further provides that "any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2).

Section 502(b)(9) of the Bankruptcy Code provides that the "claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide." 11 U.S.C. §502(b)(9). Local Bankruptcy Rule 3003-1 provides that unless otherwise ordered by the Court, and except as provided in Bankruptcy Rule 3003(c)(3), proofs of claim or interest shall be filed pursuant to Bankruptcy Rule 3003 and "shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to 11 U.S.C. § 341(a), unless the claimant is a government unit, in which case a proof of claim or interest shall be filed before 180 days after the date of the order for relief or such later time as the Bankruptcy Rules may provide." B.L.R. 3003-1. As set forth above, rather than requiring Governmental Units to file Proofs of Claim by July 29, 2019 (*i.e.*, within 180 days of the Petition Date), the Debtors are seeking to extend such deadline and allow Governmental Units until the Bar Date to file governmental claims.

In order to proceed with these Chapter 11 Cases and solicitation of a chapter 11 plan of reorganization, the Debtors must identify all potential voting creditors by fixing and sending out notice to potential parties in interest of the Bar Date. Fixing the Bar Date will enable the Debtors to

---

[4] The Debtors filed their Schedules on March 14, 2019 and April 15, 2019 [Docket Nos. 897-908, 1459-1460].

12

Case: 19-30088    Doc# 1784    Filed: 05/01/19    Entered: 05/01/19 15:32:50    Page 12 of 37

receive, process, and analyze creditor claims in a timely and efficient manner, and will expedite the administration of these Chapter 11 Cases and distributions to claimants. The analysis of Wildfire Claims in particular is of critical importance to move these Chapter 11 Cases forward. Additionally, setting the Bar Date will allow the Debtors to gain greater visibility into the total universe of claims against the estates to be addressed in a plan. Further, based on the Notice Procedures set forth below, including the Supplemental Notice Plan, the proposed Bar Date will give creditors ample opportunity to prepare and timely file Proofs of Claim.

## V. THE PROPOSED PROCEDURES FOR FILING PROOFS OF CLAIM

### a. Proposed Procedures for Filing Proofs of Claim

The Debtors propose the following Procedures for filing Proofs of Claim:

(a) Except as otherwise noted herein, the Bar Date for filing all Proofs of Claim in the Chapter 11 Cases (including all claims of Wildfire Claimants, Wildfire Subrogation Claimants, Governmental Units, and Customers) shall be **September 16, 2019 at 5:00 p.m.** (**Prevailing Pacific Time**).

(b) **Standard Proof of Claim Forms (which include Proofs of Claim to be filed by any Customers or Governmental Units (other than a Proof of Claim filed by a Governmental Unit on account of a Wildfire Claim))** must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the Standard Proof of Claim Form annexed hereto as **Exhibit C-1** or Official Bankruptcy Form No. 410;[5] (iv) specify by name and case number the Debtor against which the Standard Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

---

[5] Official Bankruptcy Form No. 410 can be found at http://www.uscourts.gov/forms/bankruptcy-forms/proof-claim-0, the Official Website for the United States Bankruptcy Courts. A Proof of Claim Form that has been customized to these Chapter 11 Cases can also be obtained on the website established in these Chapter 11 Cases, https://restructuring.primeclerk.com/pge/ (the "**Case Website**").

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

13

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

(c) **Wildfire Claimant Proof of Claim Forms** must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the Wildfire Claimant Proof of Claim Form annexed hereto as **Exhibit C-2**; (iv) set forth with specificity the legal and factual basis for the alleged claim, including all of the information requested in the Wildfire Claimant Proof of Claim Form; and (v) be signed by the Wildfire Claimant or, if the Wildfire Claimant is not an individual, by an authorized agent of the Wildfire Claimant.

(d) **Wildfire Subrogation Claimant Proof of Claim Forms** must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the Wildfire Subrogation Claimant Proof of Claim Form annexed hereto as **Exhibit C-3**; (iv) set forth with specificity the legal and factual basis for the alleged claim, including all of the information requested in the Wildfire Subrogation Claimant Proof of Claim Form; and (v) be signed by an authorized agent of the Wildfire Subrogation Claimant.

(e) Any holder of a Wildfire Claim that has either (i) filed a lawsuit against the Debtors prior to the Petition Date or (ii) filed a Proof of Claim in the Chapter 11 Cases prior to the entry of the Proposed Order, must submit the applicable Wildfire Proof of Claim Form. Any holder of a Wildfire Claim must file the applicable Wildfire Proof of Claim Form even if such claimant may be included in, or represented by, a purported class action, class suit, class Proof of Claim, or similar representative action filed against the Debtors with respect to such claimant's Wildfire Claim.

(f) If a claimant asserts a claim against more than one Debtor or has claims against different Debtors, the claimant must file a separate Proof of Claim against each Debtor. All timely filed Wildfire Proof of Claim Forms will be deemed filed against both PG&E Corp. and the Utility.

(g) All Proofs of Claim must be filed either (i) electronically through the Case Website under the link entitled "Submit a Claim" (the "**Electronic Filing System**") or (ii) by delivering the original Proof of Claim Form by hand, or mailing the original Proof of Claim Form so that is received on or before the Bar Date as follows:

If by first class mail:

PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC

14

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Grand Central Station, PO Box 4850
New York, NY 10163-4850

If by overnight courier:

PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

If by hand delivery:

PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

-or-

At one of the Debtors' Claim Service Centers located at the
following PG&E locations: (i) 350 Salem Street, Chico, CA
95928; (ii) 231 "D" Street, Marysville, CA 95901; (iii) 1567
Huntoon Street, Oroville, CA 95965; (iv) 3600 Meadow View
Road, Redding, CA 96002; (v) 111 Stony Circle, Santa Rosa,
CA 95401; or (vi) 1850 Soscol Ave. Ste 105, Napa, CA 94559.

(h)     A Proof of Claim shall be deemed timely filed only if it is **actually
received** by Prime Clerk (i) at the addresses listed above in
subparagraph (g) or (ii) electronically through the Electronic Filing
System on or before the Bar Date.

(i)     Proofs of Claim sent by facsimile, telecopy, or electronic mail
transmission (other than Proofs of Claim filed electronically through
the Electronic Filing System) **will not** be accepted.

(j)     Any person or entity (including, without limitation, individuals,
partnerships, corporations, joint ventures, trusts, and Governmental
Units) that asserts a claim that arises from the rejection of an executory
contract or unexpired lease must file a Standard Proof of Claim Form
based on such rejection by the later of (i) the Bar Date, and (ii) the date
that is thirty (30) days following the entry of the Court order approving
such rejection, (which order may be the order confirming a chapter 11
plan in the Debtors' Chapter 11 Cases) or be forever barred from doing
so.

(k)     Notwithstanding the foregoing, a party to an executory contract or
unexpired lease that asserts a claim on account of unpaid amounts

15

accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Standard Proof of Claim Form for such amounts on or before the Bar Date unless an exception identified in paragraph (o) below applies.

(l)     In the event that the Debtors amend or supplement their Schedules subsequent to the date of entry of the Proposed Order, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall have until the later of (i) the Bar Date and (ii) thirty (30) days from the date of such notice to file a Proof of Claim or be barred from doing so and shall be given notice of such deadline.

(m)     Any person or entity that relies on the Schedules has the responsibility to determine that its claim is accurately listed in the Schedules.

(n)     Notwithstanding anything herein to the contrary, any person asserting a claim arising under section 503(b)(9) of the Bankruptcy Code ("**503(b)(9) Claims**") against either Debtor shall be required to file such claim by the deadline established in the Court's *Amended Order Pursuant to 11 U.S.C. §§ 503(b)(9) and 105(a) Establishing Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9)* [Docket No. 725], and nothing herein shall be deemed to amend, modify, extend, or toll the deadlines and procedures with respect to the filing of 503(b)(9) Claims set forth therein.

(o)     The following persons or entities are **not** required to file a Proof of Claim on or before the Bar Date, solely with respect to the claims described below:

(1)     any person or entity whose claim is listed on the Schedules; *provided* that (i) the claim is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(2)     any person or entity whose claim has been paid in full;

(3)     any holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any party asserting a 503(b)(9) Claim as set forth in paragraph (n) above);

16

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

(4)    any person or entity who holds a claim that heretofore has been allowed by Order of this Court entered on or before the Bar Date;

(5)    any holder of a claim for which a separate deadline has been fixed by this Court;

(6)    any person or entity (other than a holder of a Wildfire Claim) who has already filed a Proof of Claim with Prime Clerk against the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the Standard Proof of Claim Form or Official Form No. 410[6];

(7)    any person or entity that holds an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; *provided, however,* that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Standard Proof of Claim must be filed on or before the Bar Date;

(8)    any person or entity whose claim is limited exclusively to the repayment of principal, interest, and other fees and expenses under any agreements (a "**Debt Claim**") governing any prepetition, unsecured revolving credit loan, term loan, notes, bonds, debentures, or other debt securities, in each case, issued by or on behalf of any of the Debtors (collectively, the "**Debt Instruments**"); *provided, however*, that (i) the foregoing exclusion shall not apply to the indenture trustee, owner trustee, pass-through trustee, subordination agent, registrar, paying agent, administrative, loan or collateral agent, or any other entity serving in a similar capacity however designated (collectively, an "**Indenture Trustee**") under the applicable Debt Instrument, (ii) each such Indenture Trustee shall be required to file a Standard Proof of Claim against the applicable Debtor, on or before the Bar Date, on account of all Debt Claims against such Debtor under the applicable Debt Instrument, and (iii) any holder of a Debt Claim that has a claim arising out of or relating to a Debt Instrument other than

---

[6] As set forth in paragraph (e) above, any holder of a Wildfire Claim (including any Wildfire Subrogation Claimant) that already has filed a Proof of Claim nevertheless shall be required to file another timely Proof of Claim by the Bar Date in the form of the applicable Wildfire Proof of Claim Form.

a Debt Claim must file a Standard Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies;

(9)     any Customer whose claim is limited exclusively to ordinary and customary refunds, overpayments, billing credits, security deposits or similar billing items; or

(10)    either Debtor having a claim against the other Debtor in these Chapter 11 Cases.

**b.   Consequences of Failure to File a Proof of Claim**

As stated above, Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim is not scheduled or is scheduled as disputed, contingent, or unliquidated is required to file a Proof of Claim by the Bar Date. Additionally, any creditor that fails to file a Proof of Claim by the Bar Date "shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2). Accordingly, the Debtors request that any holder of a claim against the Debtors that is required to file a Proof of Claim in accordance with the Proposed Order, but fails to do so on or before the Bar Date shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution in these Chapter 11 Cases on account of such claim. Such claim will, for the avoidance of doubt, remain subject to discharge under any chapter 11 plan of reorganization for the Debtors, and the holder thereof shall be subject to all applicable releases, injunctions, and other terms of such chapter 11 plan.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

18

## VI. BAR DATE NOTICES

### a. The Standard Bar Date Notice

Pursuant to Bankruptcy Rule 2002(a)(7) and to provide sufficient notice to all parties in interest of the Bar Date (**other than Wildfire Claimants, Wildfire Subrogation Claimants, and Customers as to which procedures are described below**), the Debtors propose to serve via first-class mail (i) a Standard Proof of Claim Form, and (ii) the Standard Bar Date Notice, substantially in the form annexed hereto as **Exhibit B-1**, at least **ninety-five (95) days** prior to the Bar Date on the following parties:

      (a)    the U.S. Trustee;

      (b)    the attorneys for the Committees;

      (c)    all parties actually known to the Debtors as having claims or potential claims against either of the Debtors (but excluding the holders of Wildfire Claims) which, for the avoidance of doubt, excludes any person or entity that holds an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred units, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest;

      (d)    all persons or entities that have filed Proofs of Claims as of the date of entry of the Proposed Order;

      (e)    all counterparties to the Debtors' executory contracts and unexpired leases as of the date of entry of the Proposed Order;

      (f)    all parties to pending litigation against the Debtors as of the date of entry of the Proposed Order (other than holders of Wildfire Claims);

      (g)    all current and former employees, directors, and officers (to the extent that contact information for former employees, directors, and officers is available in the Debtors' records);

      (h)    all regulatory authorities that regulate the Debtors' businesses as of the date of entry of the Proposed Order;

      (i)    the Offices of the California Attorney General and the U.S. Attorney for the Northern District of California;

19

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

(j)     the office of the attorney general for each state in which the Debtors maintain or conduct business;

(k)     the District Director of the Internal Revenue Service for the District of California;

(l)     all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

(m)     all parties who have requested notice pursuant to Bankruptcy Rule 2002 as of the date of entry of the Proposed Order; and

(n)     such additional persons and entities deemed appropriate by the Debtors.

Further, the Debtors shall post the Standard Proof of Claim Form and the Standard Bar Date Notice on the Case Website.

The Standard Bar Date Notice (i) sets forth the Bar Date; (ii) advises creditors under what circumstances they must file a Standard Proof of Claim; (iii) alerts creditors to the consequences of failing to timely file a Standard Proof of Claim; (iv) sets forth the address to which Standard Proofs of Claim must be sent for filing; and (v) notifies creditors that (a) Standard Proofs of Claim must be filed with original signatures, and (b) facsimile, telecopy, or electronic mail transmission of Standard Proofs of Claim (other than Proofs of Claim filed electronically through the Electronic Filing System) are not acceptable and are not valid for any purpose. Service of the Standard Bar Date Notice shall be substantially completed by five business days after entry of the Proposed Order. The Debtors submit that the Standard Bar Date Notice and the noticing procedures described above will provide creditors with sufficient notice and information to file properly prepared and executed Standard Proofs of Claim in a timely manner.

20

### b. The Wildfire Claim Bar Date Notice and Supplemental Notice Procedures

#### *The Wildfire Claim Bar Date Notice*

As set forth above, due to the unique nature of these Chapter 11 Cases, including the number of potential individual claimants and the destruction of structures to which notices of the Bar Date would customarily be sent, the Debtors are proposing special procedures with respect to Wildfire Claims. These procedures address (a) holders of Wildfire Claims that, as of the Petition Date, already had commenced actions against the Debtors or had provided actual notice to the Debtors of their intention to commence actions against the Debtors ("**Known Wildfire Claimants**"), and (b) holders of Wildfire Claims that, as of the Petition Date, had not commenced actions against the Debtors or provided actual notice to the Debtors of their intention to commence actions against the Debtors ("**Unknown Wildfire Claimants**"). As described more fully below, the Debtors are proposing a robust noticing plan designed to ensure widespread notice is provided to all holders and potential holders of Wildfire Claims of the obligation to timely file the applicable Wildfire Proof of Claim Form.

Pursuant to Bankruptcy Rule 2002(a)(7) and to provide sufficient notice of the Bar Date to all Known Wildfire Claimants, the Debtors propose to serve via first-class mail (i) the Wildfire Claim Bar Date Notice, substantially in the form annexed hereto as **Exhibit B-2**, and (ii) a Wildfire Claimant Proof of Claim Form or Wildfire Subrogation Claimant Proof of Claim Form, as applicable, at least **ninety-five (95) days** prior to the Bar Date. Further, the Debtors shall post the Wildfire Claimant Proof of Claim Form, the Wildfire Subrogation Claimant Proof of Claim Form, and the Wildfire Claim Bar Date Notice on the Case Website. The Wildfire Claim Bar Date Notice and the applicable Wildfire Proof of Claim Form will be mailed to each Known Wildfire Claimant at the address for the attorney of record set forth in the complaint initiating the prepetition action (or other document or correspondence notifying the Debtors of an intention to commence a prepetition action), and to (i) Willkie Farr & Gallagher LLP, as attorneys for the Ad Hoc Committee of Wildfire Subrogation Claimants, and (ii) Stutzman, Bromberg, Esserman & Plifka, P.C., as attorneys for the Ad Hoc Committee of Public Entity Wildfire Claimants. Similar notice will be sent by first class mail to any holder of a Wildfire Claim that has filed a Proof of Claim on or prior to the entry of a Proposed

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

21

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Order at the address listed in such Proof of Claim.[7]  To supplement the foregoing, the Debtors will make efforts to send by first class mail the foregoing notice to property owners of destroyed homes within the areas affected by the 2017 Northern California Wildfires using proprietary data maintained by Geographical Information Systems ("**GIS**") satellite experts retained by the Debtors in connection with the prepetition litigation.  In addition, the Debtors will request that certain third parties who may be in possession of contact information for additional potential Wildfire Claimants provide such information for the Debtors' use in identifying such claimants.  Information the Debtors will seek includes: (i) contact information stored in a database maintained by BrownGreer PLC, which lists persons or entities that have Wildfire Claims in connection with the State court litigation related to the 2017 Northern California Wildfires; and (ii) contact information maintained by the subrogation insurance carriers for persons or entities that have filed insurance claims or have received payment under any insurance policy for any damages arising out of or relating to a Wildfire Claim.  To the extent such information is provided to the Debtors reasonably in advance of the entry of the Proposed Order, the Debtors will send the foregoing notice by first class mail to any potential Wildfire Claimants identified in such sources at the addresses listed for them in those sources.

As set forth above, the Wildfire Claim Bar Date Notice is a shorter and more streamlined form of Bar Date Notice that has been specifically designed and tailored for Wildfire Claimants and Wildfire Subrogation Claimants.   The Wildfire Claim Bar Date Notice (i) sets forth the Bar Date; (ii) advises Wildfire Claimants and Wildfire Subrogation Claimants of their obligation to file the applicable Wildfire Proof of Claim Form; (iii) alerts the Wildfire Claimants and Wildfire Subrogation Claimants to the consequences of failing to file a timely Wildfire Proof of Claim Form;

---

[7] The list of Known Wildfire Claimants set forth in the Debtors' Schedule E/F (filed on March 14, 2019) was compiled from a review of all complaints related to the North Bay, Camp and Butte wildfires filed as of the Petition Date.  Schedule E/F also incorporates a list of individuals who may have contracted or corresponded with the Debtors through their claims management process regarding potential Wildfire Claims but who had not yet commenced formal litigation at the time of correspondence.  The list of Wildfire Claims set forth in Schedule E/F reflects approximately 13,700 individual Known Wildfire Claimants.  Taking into account additional related notice parties identified in the Schedules, the total number of parties to receive the Wildfire Claim Bar Date Notice is estimated to be approximately 38,400.

and (iv) sets forth the address to which Wildfire Proof of Claim Forms must be sent for filing. Service of the Wildfire Claim Bar Date Notice on all Known Wildfire Claimants shall be substantially completed by five business days after entry of the Proposed Order. The Debtors submit that the Wildfire Claim Bar Date Notice and the noticing procedures described therein will provide Known Wildfire Claimants with sufficient notice and information to file properly prepared and executed Proofs of Claim in a timely manner.

### c. The Supplemental Notice Plan

In light of the destruction of structures to which notices of a Bar Date would customarily be sent, the Debtors have consulted with Prime Clerk on the most efficient and practical way to notify Unknown Wildfire Claimants and as many other parties as practicable of the proceedings and the Bar Date and have developed the Supplemental Notice Plan. As further described below, the Supplemental Notice Plan is multi-faceted, and is designed to reach its target audiences in a variety of different ways, including: (i) multiple newspaper publication notices, (ii) digital advertising, including social media and other paid internet search listings, (iii) television and radio advertising, (iv) email notice, and (v) dedicated claim service centers.

The below summarizes the noticing strategy that aims to reach individuals impacted by the Northern California Wildfires in Napa, Lake, Sonoma, Mendocino, Nevada, Butte, and Humboldt counties, all of the counties impacted by the Northern California Wildfires. As set forth in the Prime Clerk Declaration, the Debtors believe this Supplemental Notice Plan will maximize notice of the Bar Date to adults in the impacted areas and those who may have moved within or out of those counties in the past two years. As set forth in the Prime Clerk Declarations, the non-traditional noticing strategy outlined below will be delivered over a four-week period and the total cost of the Supplemental Notice Plan is estimated to be approximately $1.5 million – $2.0 million. These noticing media have been designed in combination to ensure the broadest, yet most-targeted and efficient, noticing program practicable. The primary components of the Supplemental Notice Plan are summarized as follows:

(a) <u>Publication of the Bar Date Notice</u>.

(i) <u>Multiple Newspaper Publications</u>. The information set forth in the Standard

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Bar Date Notice will be published three times in each of the *Wall Street Journal, USA Today, the Los Angeles Times, San Francisco Chronicle, The Bakersfield Californian, The Fresno Bee, The Modesto Bee, The Sacramento Bee, The Santa Rosa Press Democrat, The San Jose Mercury News, The East Bay Times, The Stockton Record, the Paradise Post, and the Chico Enterprise-Record*. These are the same publications in which the Notice of Commencement was previously published. Additionally, each of the Standard Bar Date Notice, the Wildfire Claim Bar Date Notice, and the Customer Bar Date Notice will be posted on the Case Website.

(b) <u>Dedicated Website(s) and Toll-Free Numbers</u>.

    (i) The Debtors, through Prime Clerk, have established a dedicated Case Website and toll-free numbers. The Case Website and toll-free numbers will be prominently displayed in all printed notice documents and other paid advertising and will provide notice of the Bar Date and all requirements to comply therewith, and other relevant information relating to the Chapter 11 Cases. Included within the Case Website will be a page specifically tailored to, and designed for, the holders of Wildfire Claims, which will, among other things, inform them of certain key dates and deadlines, allow them to view certain key documents in the Chapter 11 Cases free of charge, and allow holders of Wildfire Claims and other creditors to register their email addresses and consent to e-mail service of certain notices required to be sent during the Chapter 11 Cases. In addition, Spanish, Mandarin, Tagolog, Vietnamese, and Korean language translations of the Customer Bar Date Notice will be available for download on the Case Website.

(c) <u>Digital Advertising</u>.

    (i) As soon as practicable following entry of the Proposed Order, the Debtors, through Prime Clerk, will implement both (1) a broad-based geographic effort to provide notice to a large majority of online adults in the six affected counties using available data related to adult online usage, and (2) digital matching to precisely target a known universe of individuals who have moved within or out of the affected counties in the past year.

    (ii) This digital effort is estimated to reach approximately 750,000 individuals, or approximately 70% of the adult population estimated to be approximately 1 million individuals, in the six affected counties through a combination of Facebook, Google Display Network™, and targeted news website ads.

    (iii) In order to target individuals who have moved within or out of the affected counties, Prime Clerk will utilize U.S. Postal Service data and private databases. Prime Clerk will then match those names to digital advertising targets (*e.g.*, using phone numbers to match to Facebook profiles) and target digital ads to that list.

24

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

(d) <u>Television and Radio</u>.

    (i) All of the affected counties are within four designated market areas in California, which render television and radio advertising fairly cost efficient and effective. The Debtors, through Prime Clerk, will utilize such methods to run advertisements – in both English and Spanish – to reach some of the more rural affected areas and audiences that may not be otherwise exposed to online noticing.[8]

(e) <u>Email Notice</u>.

    (i) The Debtors have email information for approximately 40% of their Customers. Accordingly, to supplement the hard-copy notice to Customers described above, the Debtors intend to send the Customer Bar Date Notice to such parties via email as well, with a link to the online proof of claim submission portal.

(f) <u>Claim Service Centers</u>.

    (i) The Debtors intend to utilize certain of their existing customer billing service centers as claims service centers ("**Claim Service Centers**"). Prime Clerk staff will supplement existing staff at the Debtors' Chico, Marysville, Oroville, Redding, Santa Rosa, and Napa billing center locations where members of the affected communities may go to ask general questions about the claims process. Additionally, Customers will be able to hand deliver Proofs of Claim to the Claim Service Centers during normal business hours and receive a date-stamped receipt. The individuals staffing the Claim Service Centers will make clear that that no legal advice would be provided. In addition, the Bar Date Notices will be posted in each of the Debtors' approximately seventy-five (75) billing service center locations.

---

[8] As set forth in the Prime Clerk Declarations, the Supplemental Notice Plan's television and radio advertisements will deliver approximately 150 gross rating points (GRPs) or rough equivalent each on English television, Spanish television, English radio, and Spanish radio. GRPs are a standard measure of delivery in advertising. In this instance, the Supplemental Notice Plan's advertisements will be seen by an average adult 1.5 times on television and heard 1.5 times on radio, although many individuals will see the advertisements numerous times and some may not see it at all.

25

The Supplemental Notice Plan is reasonably calculated to provide notice to all unknown creditors, including all Unknown Wildfire Claimants, and parties in interest, and, therefore, should be approved.

### d. The Customer Bar Date Notice

The Debtors are also proposing special procedures for providing notice of the Bar Date to their 16 million Customers, including a simpler Customer Bar Date Notice. As noted above, this shorter-form Customer Bar Date Notice will result in substantial cost-savings to the estates, but, importantly, will provide adequate notice of the Bar Date and how to comply therewith.

The Customer Bar Date Notice (i) sets forth the Bar Date; (ii) advises Customers under what circumstances they must file a Standard Proof of Claim; (iii) makes clear that Customers are not required to file proofs of claim for ordinary and customary refunds, overpayments, billing credits, deposits, or similar billing items, (iv) alerts Customers to the consequences of failing to file a timely Standard Proof of Claim; and (iv) sets forth the address to which Standard Proofs of Claim must be sent for filing. In addition, the Customer Bar Date Notice includes bold and conspicuous language alerting Customers that may potentially have Wildfire Claims of their obligation to file the applicable Wildfire Proof of Claim Form by the Bar Date (which is available for download or submission on the Case Website) – thereby providing actual notice of the procedures for filing Wildfire Proof of Claim Forms to any Unknown Wildfire Claimants that are Customers of the Debtors or have otherwise provided the Debtors with a forwarding address. The Customer Bar Date Notice will also direct Customers to the Case Website where such parties may register an email address and request electronic notice for the duration of the Chapter 11 Cases. Service of the Customer Bar Date Notice shall be given by first class mail at the last known address for each Customer as reflected in the Debtors' records and shall be substantially completed within approximately fifteen business days of entry of the Proposed Order.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## VII.     PROOF OF CLAIM FORMS

With the assistance of Prime Clerk, the Debtors have prepared the Standard Proof of Claim Form, the Wildfire Claimant Proof of Claim Form, and the Wildfire Subrogation Claimant Proof of Claim Form, substantially in the forms annexed hereto as **Exhibits C-1**, **C-2**, and **C-3**, respectively, which substantially conform to Official Form 410, but have been tailored to these Chapter 11 Cases.  The substantive modifications to Official Form 410 proposed by the Debtors include: (a) indicating how the Debtors have identified each creditor's respective claim, including, if available, the amount of the claim and whether the claim has been listed as contingent, unliquidated, or disputed; and (b) adding certain instructions.  The Standard Proof of Claim Form, Wildfire Claimant Proof of Claim Form, and Wildfire Subrogation Claimant Proof of Claim Form may be further customized by the Debtors (to the extent possible) to contain certain information about the creditor and the Debtor against which the creditor may have a claim.

Additionally, the Wildfire Claimant Proof of Claim Form and Wildfire Subrogation Claimant Proof of Claim Form[9] request important information relating to the Wildfire Claims, including information to identify the relevant wildfire, the specifics of the type of loss or injury, the location of the loss or injury, the type of damages asserted, and (if applicable) whether the claim is covered by insurance and the details with respect thereto.  It is abundantly clear that a gating issue in these cases is the magnitude of the Debtors' liability with respect to Wildfire Claims to be addressed in a plan of reorganization.  Although the Debtors certainly have no intention of having the Court address all of the Wildfire Claims on a claim by claim basis, the information being requested is critical to assessing the Debtors' aggregate liability, overall and for different categories of claims.  For

---

[9] The Wildfire Subrogation Proof of Claim form allows Wildfire Subrogation Claimants to submit a single master Proof of Claim on account of multiple Wildfire Claims.

27

instance, identifying the relevant fire and the location of the loss or injury is necessary to ensure that liability findings made with respect to the individual fires are carried through to the corresponding claims. Information concerning the types of damages asserted is required to enable the Debtors and other parties to calculate an accurate measure of damages. Identifying whether a claim has been covered by insurance is required to value claims accurately and avoid any double-counting of losses recovered across the different categories of claimants (*i.e.*, Wildfire Claimants and Wildfire Subrogation Claimants). The Debtors believe that obtaining this information will be essential to the claims estimation and resolution process whether the aggregate amount of liability relating to Wildfire Claims is established consensually—as is the Debtors' hope—or otherwise. Moreover, the information being requested is limited and has been tailored and organized in a streamlined manner so that providing the same will not impose any undue burden on any Wildfire Claimant.

In light of the sensitive nature of certain of the injuries and damages likely to be asserted in connection with the Wildfire Claims, the Debtors request that the supporting documentation submitted in connection with Wildfire Proof of Claim Forms remain confidential in these Chapter 11 Cases and not be available to the general public. Copies of such information may be provided to counsel for the Committees, the U.S. Trustee and any additional parties the Court directs but only after each such party agrees to keep the information provided in the applicable Wildfire Proof of Claim Forms confidential.

Accordingly, the Debtors submit that the Proof of Claim Forms substantially conform to Official Form 410 and should be approved.

## VIII.     BASIS FOR RELIEF REQUESTED

### a.  The Proposed Bar Date and Procedures are Reasonably Calculated to Provide Due and Proper Notice

Bankruptcy Rule 2002(a)(7) requires a debtor to provide at least twenty-one (21) days'

28

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

notice of the time fixed for filing Proofs of Claim. Under the Proposed Order, the Debtors will be providing at least ninety-five (95) days' notice (and in some instances, as much as one hundred and ten (110) days' notice) to all known creditors, including Known Wildfire Claimants, Governmental Units, and Customers. With respect to the Standard Bar Date Notice and Wildfire Claim Bar Date Notice, Prime Clerk will have five (5) business days from the date of entry of the Proposed Order to complete the mailing of the Standard Bar Date Notice to known claimants. With respect to the Customer Bar Date Notice, Prime Clerk will need approximately fifteen business (15) days upon entry of the Proposed Order to substantially complete the mailing of the Customer Bar Date Notice. Additionally, the Supplemental Notice Plan is specifically designed to ensure that all reasonably practicable efforts have been undertaken to provide notice to unknown claimants, including all Unknown Wildfire Claimants, of the Bar Date and all of the requirements to file a timely Proof of Claim.

Accordingly, the Debtors submit that the proposed Bar Date and all Notice Procedures related thereto provide sufficient notice and time for all parties in interest, including Wildfire Claimants, Wildfire Subrogation Claimants, Governmental Units, and Customers, to assert their claims. Further, because the proposed Notice Procedures will provide notice to all known claimants by mail and notice to any unknown claimants pursuant to the Supplemental Notice Plan, the Debtors submit that the proposed Notice Procedures are reasonably calculated to provide notice to all parties that may wish to assert a claim in these Chapter 11 Cases and are entirely consistent with due process. Indeed, the Debtors' proposed notice period of approximately ninety-five (95) days is not only consistent with but largely exceeds the notice periods provided claimants in other non-asbestos mass tort cases. See *In re TK Holdings, Inc.*, Case No. 17-11375 (BLS) (Bankr. D. Del. 2017) (approving 79 day bar date notice period for individuals asserting personal injury, wrongful death, or property damage that resulted from defective airbag inflator); *In re Blitz U.S.S., Inc.*, Case No. 11-13603

29

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

(PJW) (Bankr. D. Del. 2011) (Docket No. 1619) (approving 61 day bar date notice period for personal injury claims that resulted from defective gasoline cans); *In re Exide Techs.*, Case No. 02-11125 (KJC) (Bankr. D. Del. 2002) (Docket No. 1989) (approving 52 day bar date notice period for personal injury, property damage, and other claims relating to exposure to lead and other heavy metals); *In re Suntech Am.*, Inc., Case No. 15-10054 (CSS) (Bankr. D. Del. 2009) (Docket No. 86) (establishing 35 day bar date notice period for creditors to file proofs of claim, including creditors in connection with various commercial litigations, including various antitrust, breach of contract, and products liability litigations).

Prime Clerk will also post the Proof of Claim Forms, along with instructions for filing such claims or interests, on the Case Website.  The Bar Date Notices also will provide that the Debtors' Schedules may be accessed through the same websites or by contacting Prime Clerk at the applicable toll-free number or email address, as set forth in the Bar Date Notices.

### b. The Notice Procedures and the Supplemental Notice Plan Satisfy Due Process for Wildfire Claimants and Other Unknown Creditors and Parties in Interest in the Chapter 11 Cases

For notice purposes, bankruptcy law divides creditors into two types, "known" and "unknown."  Due process requires that known creditors receive actual written notice of a debtor's bankruptcy filing and claims bar date.  *See In re Maya Const. Co.,* 78 F.3d 1395, 1399 (9th Cir. 1996); *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995); *In re Argonaut Fin. Servs., Inc.*, 164 B.R. 107, 112 (N.D. Cal. 1994).  For unknown creditors, constructive notice by publication typically satisfies the requirements of due process.  *See Id*; *Perez v. Safety-Kleen Sys., Inc.*, 253 F.R.D. 508, 518 (N.D. Cal. 2008).  As characterized by the Supreme Court, a known creditor is one whose identity is either known or "reasonably ascertainable by the debtor."  *Tulsa Professional Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988); *In re Caracciolo, No. ADV. 05-90348-H11*, 2006 WL 6604324, at *4 (Bankr. S.D. Cal. Dec. 13, 2006); *Perez v. Safety-Kleen Sys., Inc.*, 253

30

F.R.D. at 518. In contrast, an unknown creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." *See Id.; In re Argonaut Fin. Servs., Inc.*, 164 B.R. at 112.

The Debtors have information regarding the names and contact information for the attorneys of record of many holders of Wildfire Claims based on prepetition lawsuits. However, many potential claimants had not commenced actions as of the Petition Date (or otherwise provided actual notice to the Debtors of their intention to do so) and, because many homes and buildings were destroyed, the Debtors do not have names and addresses of many potential claimants to which they would otherwise mail notice. As the Third Circuit explained in *Chemetron*, "reasonable diligence does not require 'impracticable and extended searches . . . in the name of due process. . . . The requisite search instead focuses on a debtor's own books and records. Efforts beyond a careful examination of these documents are generally not required. Only those claimants who are identifiable through a diligent search are 'reasonably ascertainable' and hence 'known' creditors." *Chemetron*, 72 F.3d 346-347; *Wise v. NCD Inc.*, No. 06-02027 PHX MEA, 2006 WL 3051873, at *3 ("A claim is reasonably ascertainable if the debtor has in his possession, at the very least, some specific information that reasonably suggests both the claim for which the debtor may be liable and the entity to whom he would be liable"); *see also In re Motors Liquidation Co.*, 29 B.R. 510, 550 (Bankr. S.D.N.Y. 2015) (surveying decisions discussing the reasonably ascertainable standard and finding, "[t]he takeaway from the cases discussing the general principles helping courts decide what are 'known' and 'unknown' claims is that the debtor must make effective use of the information already available, but the fact that additional claims may be 'foreseeable' does not make them 'known.'"); *Monster Content, LLC v. HOMES.COM, Inc.*, 331 B.R. 438, 442 (N.D. Cal. 2005) ("Reasonable diligence does not require 'impracticable and extended searches ... in the name of due process.' A debtor does not have a 'duty to search out each conceivable or possible creditor and urge that person

31

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

or entity to make a claim against it.'"); *Perez v. Safety-Kleen Sys., Inc.*, 253 F.R.D. at 518.

Creditor name and address information which a debtor can only acquire from a third-party vendor through a time-consuming and expensive process, is not reasonably ascertainable to such debtor. Indeed, Courts have affirmed that debtors are not obligated to search public records for creditor name and address information, even if that would be helpful here. *See PacifiCorp and Van Cott Bagley Cornwall & McCarthy v. W.R. Grace*, 2006 WL 2375371, *9-10 (D. Del. 2006) (explaining that "reasonable diligence" is a fact specific inquiry, and, contrary to the appellant's allegations, there is no obligation to search public records for claimant names and addresses in all situations). Moreover, in determining the appropriate level of notice, Courts will consider the cost and administrative burden of providing actual notice to a large class of creditors. *See Fogel v. Zell*, 221 F.3d 955, 963 (7th Cir. 2000) ("Notice by publication may thus be entirely appropriate when potential claimants are numerous, unknown, or have small claims (whether nominally or. . . realistically)—all circumstances that singly or in combination may make the cost of ascertaining the claimants' names and addresses and mailing each one a notice of the bar date and processing the responses consume a disproportionate share of the assets of the debtor's estate."); *Matter of GAC Corp.*, 681 F.2d 1295, 1300 (11th Cir. 1982) (reasoning that constructive notice is appropriate when it would have been extremely burdensome and costly to serve certain individual claimants within a larger class of creditors with actual notice of the bar date); *In re Jewelart, Inc.*, 71 B.R. 968, 973 (Bankr. C.D. Cal. 1987) (approving notice by publication as the most reasonable and practical available, given the limited resources available to the trustee and the limited funds to be distributed).

Despite the fact that certain of the holders of Wildfire Claims are unknown creditors and, consistent with the case law, are entitled to only constructive notice during the Chapter 11 Cases, the Debtors plan to undertake the Supplemental Notice Procedures, which, as noted, have been specifically-tailored and designed to notify as many holders of Wildfire Claims as practicable under

32

the circumstances, of the Bar Date and other key deadlines and information relevant to the Chapter 11 Cases.  The Supplemental Notice Procedures are expected to cost approximately $1.5 million - $2.0 million, comprised of approximately $400,000 for publication of the Bar Date Notices and $1.0 million - $1.5 million for other costs and expenses relating to digital, television, and radio advertising and the costs and expenses of staffing the Claim Service Centers.  The Debtors believe that the Notice Procedures are reasonable, go well-beyond the requirements of applicable law and due process requirements, and should be approved.

As discussed above, the Debtors and their advisors have carefully designed the Supplemental Notice Plan to provide notice to Unknown Wildfire Claimants (and other unknown creditors) through a variety of media, including widespread dissemination of publication notices, social media posts, television and radio advertising, email notice, and Claim Service Centers. Moreover, the reach and frequency of the Supplemental Notice Plan, and its use of new media, is consistent with, if not more developed than, similar new media notice plans, which courts have found to provide sufficient notice to large groups of unknown creditors.  *See In re TK Holdings Inc*., Case No. 17-11375 (Bankr. D. Del. Nov. 3, 2017) [Docket Nos. 959 and 1102] (implementing supplemental plan utilizing digital, print, and radio advertising to provide notice of bar date and other key dates and information to potential creditors residing in Puerto Rico and the U.S. Virgin Island, who were unable to receive mail due to recent natural disasters); *In re Energy Future Holdings Corp.,* Case No. 14-10979, Hr'g Tr. 83:13-20 (Bankr. D. Del. Dec. 18, 2015) (court approved noticing plan for unknown asbestos claimants, which included internet banner advertisements and sponsored searches on Google, Bing, and Yahoo!, and subsequently denied a late-filed class proof of claim emphasizing that to allow the claim "would be in effect a collateral attack on what this Court has already done, which is set a bar date as required by the bankruptcy rules . . . and establishing and approving an elaborate noticing procedure that cost several million dollars designed to provide a

33

notice as adequately as possible to as many possible claimants as possible.); *In re Garlock Sealing Technologies LLC*, Case No. 10-31607 (Bankr. W.D.N.C. 2010) [Docket Nos. 4378, 4542] (approving noticing plan for unknown asbestos claimants which supplemented publication notice with internet banner advertisements and sponsored searches on Google, Bing, and Yahoo!); *In re Lily Robotics, Inc.*, Case No. 17-10426 (Bankr. D. Del. May 23, 2017) [Docket No. 272] (approving noticing plan for customers which supplemented publication notice with weekly posts on the Debtors' Facebook and Twitter pages).

Accordingly, the Debtors submit that no further or other notice of the Bar Date is necessary and that the proposed Notice Procedures provide due and proper notice of the Bar Date.

### c. The Proof of Claim Forms Substantially Conform to Official Form 410 and Should be Approved

As set forth above, the Debtors have prepared the Standard Proof of Claim Form, the Wildfire Claimant Proof of Claim Form, and the Wildfire Subrogation Claimant Proof of Claim Form, substantially in the forms annexed hereto as **<u>Exhibits C-1</u>**, **<u>C-2</u>**, and **<u>C-3</u>**, respectively, which substantially conform to Official Form 410, but have been tailored to these Chapter 11 Cases. The substantive modifications to Official Form 410 proposed by the Debtors include: (a) indicating how the Debtors have identified each creditor's respective claim, including, if available, the amount of the claim and whether the claim has been listed as contingent, unliquidated, or disputed; and (b) adding certain instructions. The Standard Proof of Claim Form, Wildfire Claimant Proof of Claim Form, and Wildfire Subrogation Claimant Proof of Claim Form may be further customized by the Debtors (to the extent possible) to contain certain information about the creditor and the Debtor against which the creditor may have a claim.

Additionally, as set forth above and in the Orsini Declaration, the Wildfire Claimant Proof of Claim Form and Wildfire Subrogation Claimant Proof of Claim Form request important

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

34

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

information relating to the Wildfire Claims, including information to identify the relevant wildfire, the specifics of the type of loss or injury, the location of the loss or injury, the type of damages asserted, and (if applicable) whether the claim is covered by insurance and the details with respect thereto. The information being requested in the Wildfire Proof of Claim Forms is critical to assessing the Debtors' aggregate liability, overall and for different categories of claims. For example, as set forth in the Orsini Declaration, identifying the relevant fire and the location of the loss or injury is necessary to ensure that liability findings made with respect to the individual fires are carried through to the corresponding claims. Information concerning the types of damages asserted is required to enable the Debtors and other parties to calculate an accurate measure of damages. Identifying whether a claim has been covered by insurance is required to value claims accurately and avoid any double-counting of losses recovered across the different categories of claimants (*i.e.*, Wildfire Claimants and Wildfire Subrogation Claimants). The Debtors believe that obtaining this information is not only essential to the claims estimation and resolution process but will also serve to expedite the administration of these Chapter 11 Cases.

Moreover, the information being requested is limited and has been tailored and organized in a streamlined manner so that providing the same will not impose any undue burden on any Wildfire Claimant. Courts have previously approved specially tailored proof of claim forms that request similar information in the context of chapter 11 cases involving substantial tort claims. *See, e.g., In re TK Holdings Inc.*, Case No. 17-11375 (Bankr. D. Del. Oct. 4, 2017) [Dkt No. 959] (approving special proof of claim form for potential claimants that had suffered personal injury or economic loss damages relating to their ownership or operation of vehicles with recalled airbag inflators, which form required claimants to identify, among other things, (i) the manufacturer, make, model, and vehicle identification number of their vehicle, (ii) whether they owned or leased said vehicle, (iii) the period in which they owned or leased said vehicle, and (iv) the basis of the asserted

35

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

claim (loss of economic value, personal injury or litigation, other) and to submit supporting documentation explaining or detailing the type and date of injury); *In re USA Gymnastics*, Case No. 18-09108 (RLM) (Bankr. S.D. Ind. Feb. 25, 2018) [Docket No. 301] (approving special proof of claim form for claimants asserting claims relating to sexual misconduct, which form required claimants to, among other things, provide documentation and written responses to approximately thirty (30) separate questions regarding the nature of their claims, the damages asserted, their connections to the debtors, and the procedural history of their asserted claims); *In re Energy Future Holdings Corp.*, Case No. 14-10979 (Bankr. D. Del. July 30, 2015) [Docket No. 5171] (approving proof of claim for claimants asserting unmanifested asbestos related injuries which required claimants to, among other things, identify the plant in which they or their family members worked, the location of said plant, the type of asbestos exposure, and the estimated exposure dates, if known); *In re Archdiocese of Milwaukee*, Case No. 11-20059 (SVK) (Bankr. E.D. Wisc. July 14, 2011) [Docket No. 331] (approving special proof of claim for claimants asserting sexual misconduct claims requiring claimants to submit supporting documentation and answer a series of questions relating to the nature of the claim, whether they had filed previously commenced a lawsuit, the impact of the abuse and damages, and other additional information).

Accordingly, the Debtors submit that the Proof of Claim Forms substantially conform to Official Form 410 and should be approved.

## IX.        RESERVATION OF RIGHTS

Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not

36

intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

## X.        NOTICE

Notice of this Motion will be provided to (i) the Office of the U.S. Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties interests, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: May 1, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**


/s/ *Jane Kim*
             Jane Kim


*Attorneys for Debtors and Debtors in Possession*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

37