**Exhibit A**
**[PROPOSED] Order**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)|
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>PG&E CORPORATION,<br><br>         - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                              **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**[PROPOSED] ORDER PURSUANT TO 11 U.S.C. §§ 502(b)(9) AND 105(a), FED. R. BANKR. P. 2002, 3003(c)(3), 5005, AND 9007, AND L.B.R. 3003-1 (I) ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM, (II) ESTABLISHING THE FORM AND MANNER OF NOTICE THEREOF, AND (III) APPROVING PROCEDURES FOR PROVIDING NOTICE OF BAR DATE AND OTHER INFORMATION TO ALL CREDITORS AND POTENTIAL CREDITORS** |

Upon the Motion, dated May 1, 2019 [Docket No. #] (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 502(b)(9) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 3003(c)(3), 5005, and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3003-1 of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for entry of an order (i) establishing deadlines for filing proofs of claim, (ii) establishing the form and manner of notice thereof, and (iii) approving the Debtors' plan for providing notice of the Bar Date and other important deadlines and information to all creditors and potential creditors, including publication and other supplemental noticing procedures, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration (as amended on February 2, 2019 [Docket No. 263]), the Orsini Declaration, and the Prime Clerk Declarations; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. The Notice Procedures (including the Supplemental Notice Plan) are hereby approved and the Debtors are authorized to provide notice of the Bar Date as set forth in the Motion and this Order.

3. The following procedures for filing Proofs of Claim are approved:

    (a) Except as otherwise noted herein, the Bar Date for filing all Proofs of Claim in the Chapter 11 Cases (including all claims of Wildfire Claimants, Wildfire Subrogation Claimants, Governmental Units, and Customers) shall be **September 16, 2019** at **5:00 p.m.** (**Prevailing Pacific Time**).

    (b) **Standard Proof of Claim Forms (which include Proofs of Claim to be filed by any Customers or Governmental Units (other than a Proof of Claim filed by a Governmental Unit on account of a Wildfire Claim))** must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the Standard Proof of Claim Form annexed to the Motion as **Exhibit C-1** or Official Bankruptcy Form No. 410;[2] (iv) specify by name and case number the Debtor against which the Standard Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

---

[2] Official Bankruptcy Form No. 410 can be found at http://www.uscourts.gov/forms/bankruptcy-forms/proof-claim-0, the Official Website for the United States Bankruptcy Courts. A Proof of Claim Form that has been customized for these Chapter 11 Cases can also be obtained on the website established in these Chapter 11 Cases, https://restructuring.primeclerk.com/pge/ (the "**Case Website**").

3

(c) **Wildfire Claimant Proof of Claim Forms** must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the Wildfire Proof of Claim Form annexed to the Motion as **Exhibit C-2**; (iv) set forth with specificity the legal and factual basis for the alleged claim, including all of the information requested in the Wildfire Claimant Proof of Claim Form; and (v) be signed by the Wildfire Claimant or, if the Wildfire Claimant is not an individual, by an authorized agent of the Wildfire Claimant.

(d) **Wildfire Subrogation Claimant Proof of Claim Forms** must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the Wildfire Subrogation Claimant Proof of Claim Form annexed to the Motion as **Exhibit C-3**; (iv) set forth with specificity the legal and factual basis for the alleged claim, including all of the information requested in the Wildfire Subrogation Claimant Proof of Claim Form; and (v) be signed by an authorized agent of the Wildfire Subrogation Claimant.

(e) Any holder of a Wildfire Claim that has either (i) filed a lawsuit against the Debtors prior to the Petition Date or (ii) filed a Proof of Claim in the Chapter 11 Cases prior to the entry of this Order, must submit the applicable Wildfire Proof of Claim Form. Any holder of a Wildfire Claim must file the applicable Wildfire Proof of Claim Form even if such claimant may be included in, or represented by, a purported class action, class suit, class Proof of Claim, or similar representative action filed against the Debtors with respect to such claimant's Wildfire Claim.

(f) If a claimant asserts a claim against more than one Debtor or has claims against different Debtors, the claimant must file a separate Proof of Claim against each Debtor. All timely filed Wildfire Proof of Claim Forms and Wildfire Subrogation Proof of Claim Forms will be deemed filed against both PG&E Corp. and the Utility (without prejudice to the Debtors' right to assert that any such claim should be allowed only as to one of the Debtors).

(g) All Proofs of Claim must be filed either (i) electronically through Prime Clerk's website using the interface available on the Case Website under the link entitled "Submit a Claim" (the "**Electronic Filing System**") or (ii) by delivering the original Proof of Claim form by hand, or mailing the original Proof of Claim form so that is received on or before the Bar Date as follows:

4

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

If by first class mail:

PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

If by overnight courier:

PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

If by hand delivery:

PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

-or-

At one of the Debtors' Claim Service Centers located at the following PG&E locations: (i) 350 Salem Street, Chico, CA 95928; (ii) 231 "D" Street, Marysville, CA 95901; (iii) 1567 Huntoon Street, Oroville, CA 95965; (iv) 3600 Meadow View Road, Redding, CA 96002; (v) 111 Stony Circle, Santa Rosa, CA 95401; or (vi) 1850 Soscol Ave. Ste 105, Napa, CA 94559.

(h) A Proof of Claim Form shall be deemed timely filed only if it is **actually received** by Prime Clerk (i) at the addresses listed above in subparagraph (g) or (ii) electronically through the Electronic Filing System on or before the Bar Date.

(i) Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System) **will not** be accepted.

(j) Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a claim that arises from the rejection of an executory contract or unexpired lease must file a Standard Proof of Claim Form based on such rejection by the later of (i) the Bar Date, and (ii) the date that is thirty (30) days following the entry of the Court order approving such rejection, (which order may be the order confirming a chapter 11

5

plan in the Debtors' Chapter 11 Cases) or be forever barred from doing so.

(k) Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Standard Proof of Claim Form for such amounts on or before the Bar Date unless an exception identified in paragraph (o) below applies.

(l) In the event that the Debtors amend or supplement their Schedules subsequent to the date of entry of this Order, the Debtors shall give notice of any amendment or supplement to the holders of claims or interests affected thereby, and such holders shall have until the later of (i) the Bar Date and (ii) thirty (30) days from the date of such notice to file a Proof of Claim or be barred from doing so and shall be given notice of such deadline.

(m) Any person or entity that relies on the Schedules has the responsibility to determine that its claim is accurately listed in the Schedules.

(n) Notwithstanding anything herein to the contrary, any person asserting a claim arising under section 503(b)(9) of the Bankruptcy Code ("**503(b)(9) Claims**") against any Debtor shall be required to file such claim by the deadline established in the Court's *Amended Order Pursuant to 11 U.S.C. §§ 503(b)(9) and 105(a) Establishing Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9)* [Docket No. 724], and nothing herein shall be deemed to amend, modify, extend, or toll the deadlines and procedures with respect to the filing of 503(b)(9) Claims set forth therein.

(o) The following persons or entities are **not** required to file a Proof of Claim on or before the Bar Date, solely with respect to the claims described below:

(1) any person or entity whose claim is listed on the Schedules; *provided* that (i) the claim or interest is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim or interest is listed in the Schedules;

(2) any person or entity whose claim has been paid in full;

(3) any holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any party asserting a 503(b)(9) Claim as set forth in paragraph (n) above);

(4) any person or entity who holds a claim that heretofore has been allowed by Order of this Court entered on or before the Bar Date;

(5) any holder of a claim for which a separate deadline has been fixed by this Court;

(6) any person or entity (other than the holder of a Wildfire Claim) who has already filed a Proof of Claim with Prime Clerk against the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the Standard Proof of Claim Form or Official Form No. 410[3];

(7) any person or entity that holds an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; *provided, however,* that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Standard Proof of Claim must be filed on or before the Bar Date;

(8) any person or entity whose claim is limited exclusively to the repayment of principal, interest, and other fees and expenses under any agreements (a "**Debt Claim**") governing any prepetition, unsecured revolving credit loan, term loan, notes, bonds, debentures, or other debt securities, in each case, issued by or on behalf of any of the Debtors (collectively, the "**Debt Instruments**"); *provided, however*, that (i) the foregoing exclusion shall not apply to the indenture trustee, owner trustee, pass-through trustee, subordination agent, registrar, paying agent, administrative, loan or collateral agent, or any other entity serving in a similar capacity however designated

---

[3] Pursuant to paragraph 3(e) above, any holder of a Wildfire Claim (including any Wildfire Subrogation Claimant) that already has filed a Proof of Claim nevertheless shall be required to file another timely Proof of Claim by the Bar Date in the form of the applicable Wildfire Proof of Claim Form.

7

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

(collectively, an "**Indenture Trustee**") under the applicable Debt Instrument, (ii) each such Indenture Trustee shall be required to file a Standard Proof of Claim against the applicable Debtor, on or before the Bar Date, on account of all Debt Claims against such Debtor under the applicable Debt Instrument, and (iii) any holder of a Debt Claim that has a claim arising out of or relating to a Debt Instrument other than a Debt Claim must file a Standard Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies;

(9) any Customer whose claim is limited exclusively to ordinary and customary refunds, overpayments, billing credits, deposits, or similar billing items; or

(10) either Debtor having a claim against the other Debtor in these Chapter 11 Cases.

4. The supporting documentation submitted in connection with Wildfire Proof of Claim Forms shall remain confidential in these Chapter 11 Cases and shall not be made available to the general public. Copies of such information shall be provided to counsel for the Committees, the U.S. Trustee and any additional parties the Court directs but only after each such party agrees to keep the information provided in the Wildfire Proof of Claim Forms confidential.

5. Pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims, including Wildfire Claimants, Wildfire Subrogation Claimants, and Customers, that fail to comply with this Order by timely filing a Proof of Claim in the appropriate form shall (i) be forever barred, estopped, and enjoined from asserting such claims against the Debtors, their property, or their estates (or submitting a Proof of Claim with respect thereto) and (ii) not be treated as a creditor with respect to such claim for the purposes of voting and distribution with respect to any chapter 11 plan or plans of reorganization that may be filed in these Chapter 11 Cases.

*Procedures for Mailing of the Bar Date Notices*

6. **The Standard Bar Date Notice.** At least **ninety-five (95) days** prior to the Bar Date, the Debtors shall cause to be mailed at their last known address as reflected in the Debtors'

8

records (i) a Standard Proof of Claim Form, and (ii) the Standard Bar Date Notice on the following parties:

    (a)    The Office of the United States Trustee for Region 17;

    (a)    the attorneys for the Committees;

    (b)    all parties actually known to the Debtors as having claims or potential claims against either of the Debtors (but excluding holders of Wildfire Claims) which, for the avoidance of doubt, excludes any person or entity that holds an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred units, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest;

    (c)    all persons or entities that have filed Proofs of Claims as of the date of entry of this Order;

    (d)    all counterparties to the Debtors' executory contracts and unexpired leases as of the date of entry of this Order;

    (e)    all parties to pending litigation against the Debtors as of the date of entry of this Order (other than holders of Wildfire Claims);

    (f)    all current and former employees, directors, and officers (to the extent that contact information for former employees, directors, and officers is available in the Debtors' records);

    (g)    all regulatory authorities that regulate the Debtors' businesses as of the date of entry of this Order;

    (h)    the Offices of the California Attorney General and the U.S. Attorney for the Northern District of California;

    (i)    the office of the attorney general for each state in which the Debtors maintain or conduct business;

    (j)    the District Director of the Internal Revenue Service for the District of California;

    (k)    all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

    (l)    all parties who have requested notice pursuant to Bankruptcy Rule 2002 as of the date of entry of this Order; and

(m) such additional persons and entities deemed appropriate by the Debtors.

7. **The Wildfire Claim Bar Date Notice**. At least **ninety-five (95) days** prior to the Bar Date, the Debtors shall cause to be mailed to all Known Wildfire Claimants at the address for the attorney of record set forth in the complaint initiating such Known Wildfire Claimant's prepetition action (or other document or correspondence notifying the Debtors of an intention to commence a prepetition action) (i) the Wildfire Claim Bar Date Notice, and (ii) a Wildfire Claimant Proof of Claim Form or Wildfire Subrogation Claimant Proof of Claim Form, as applicable.

8. **The Customer Bar Date Notice**. At least **ninety-five (95) days** prior to the Bar Date, the Debtors shall cause to be mailed to all Customers at their last known address as reflected in the Debtors' records (i) a Standard Proof of Claim Form, and (ii) the Customer Bar Date Notice.

9. The Debtors shall post each of the Standard Bar Date Notice, the Wildfire Claim Bar Date Notice, and the Customer Bar Date Notice on the Case Website.

*The Supplemental Notice Plan*

10. The Supplemental Notice Plan is hereby approved and the Debtors are authorized to implement the components of the Supplemental Notice Plan as set forth in the Motion.

11. In addition to the other provisions of the Supplemental Notice Plan which are hereby approved, the Debtors shall publish notice of the Bar Date, with any necessary modifications for ease of publication, three times in each of the *Wall Street Journal, USA Today, the Los Angeles Times, San Francisco Chronicle, The Bakersfield Californian, The Fresno Bee, The Modesto Bee, The Sacramento Bee, The Santa Rosa Press Democrat, The San Jose Mercury News, The East Bay Times, The Stockton Record, the Paradise Post, and the Chico Enterprise-Record*.

12. The Notice Procedures, including the Supplemental Notice Plan (including, without limitation, the publication of the Bar Date Notice as set forth in this Order), are reasonably calculated to provide notice of the Bar Date to known and unknown creditors and parties in interest,

including Known Wildfire Claimants and Unknown Wildfire Claimants, and no other or further notice shall be required.

13. Nothing contained in this Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

14. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

15. The Debtors and Prime Clerk are authorized to take all steps necessary or appropriate to carry out this Order.

16. Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of claims **not** subject to the Bar Date established herein must file such claims against the Debtors or be forever barred from so doing.

17. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **