**Exhibit B-1**
**Standard Bar Date Notice**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case |
| **PG&E CORPORATION,** | No. 19-30088 (DM) |
| - and - | Chapter 11 |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Lead Case) |
| **Debtors.** | (Jointly Administered) |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | [Related Docket Ref: Docket Nos: #] |
| | **NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM IN CHAPTER 11 CASES** |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

**TO ALL PERSONS WITH CLAIMS AGAINST ANY DEBTOR SET FORTH BELOW:**

| NAME OF DEBTOR AND LAST FOUR DIGITS OF FEDERAL TAX IDENTIFICATION NUMBER | CASE NUMBER |
|---|---|
| PG&E Corporation (4914) | 19-30088 (DM) |
| Pacific Gas and Electric Company (2640) | 19-30089 (DM) |

The United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") has entered an order (the "**Bar Date Order**") establishing **September 16, 2019** at **5:00 p.m. (Prevailing Pacific Time)** (the "**Bar Date**") as the last date and time for each (i) person (as defined in section 101(41) of the Bankruptcy Code), including, without limitation, all Wildfire Claimants (as defined below), Wildfire Subrogation Claimants (as defined below), and Customers (as defined below), and (ii) governmental unit (as defined in section 101(27) of the Bankruptcy Code, collectively, the "**Governmental Units**") to file a proof of claim (each a "**Proof of Claim**") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance

1

of doubt, secured claims and priority claims against either of the above-listed debtors (collectively, the "**Debtors**").

The Bar Date and the procedures set forth below for filing Proofs of Claim apply to all claims against the Debtors that arose before January 29, 2019 (the "**Petition Date**"), the date on which the Debtors commenced cases under chapter 11 (the "**Chapter 11 Cases**") of title 11 of the United States Code (the "**Bankruptcy Code**").

## 1.    WHO MUST FILE A PROOF OF CLAIM

You **MUST** file a Proof of Claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the Petition Date, and it is not one of the types of claims described in Section 5 below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means a right to (a) payment, whether such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## 2.    WHAT TO FILE

### A. Claimants other than Holders of Wildfire Claims

The Debtors are enclosing a Proof of Claim form for use by claimants in these Chapter 11 Cases other than Wildfire Claimants and Wildfire Subrogation Claimants (the "**Standard Proof of Claim Form**").  If your claim is listed on the schedules of assets and liabilities filed by the Debtors (collectively, the "**Schedules**"), the Standard Proof of Claim form also sets forth the amount of your

2

claim as listed on the Schedules, if applicable, the specific Debtor against which the claim is scheduled, and whether the claim is scheduled as "disputed," "contingent," or "unliquidated." You will receive a different Standard Proof of Claim Form for each claim listed in your name on the Schedules. You may utilize the Standard Proof of Claim Form(s) provided by the Debtors to file your claim. Additional Standard Proof of Claim Forms and instructions may be obtained at (a) the website established by the Debtors' Court-approved claims and noticing agent, Prime Clerk LLC ("**Prime Clerk**"), located at https://restructuring.primeclerk.com/pge (the "**Case Website**") or (b) the Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

All Proof of Claim Forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency (using the exchange rate, if applicable, as of the Petition Date). You also should attach to your completed Proof of Claim any documents on which the claim is based (if voluminous, attach a summary) or explanation as to why the documents are not available.

Your Proof of Claim Form must **not** contain complete social security numbers or taxpayer identification numbers (only the last four (4) digits), a complete birth date (only the year), the name of a minor (only the minor's initials), or a financial account number (only the last four (4) digits of such account number).

IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE DEBTOR, SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR AND YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT DEBTOR'S BANKRUPTCY CASE. A LIST OF THE NAMES OF THE DEBTORS AND THEIR CASE NUMBERS IS SET FORTH ABOVE.

**B. Wildfire Claimants and Wildfire Subrogation Claimants**

Pursuant to the Bar Date Order, and all matters related thereto (a) any claim (as such term is

3

defined in section 101(5) of the Bankruptcy Code) related to or in any way arising from the wildfires that occurred in Northern California in 2015, 2017, and 2018[1] (the "**Northern California Wildfires**"), including any claim held by a Wildfire Subrogation Claimant, is referred to herein as a "**Wildfire Claim**"; (b) any person or entity, including any governmental entity (as defined in section 101(27) of the Bankruptcy Code, holding a Wildfire Claim (other than a Wildfire Subrogation Claimant) is referred to herein as a "**Wildfire Claimant**"; and (c) any insurance carrier having made payments to their insureds for any damages arising out of or relating to a Wildfire Claim, or any other party who has acquired by assignment or otherwise obtained an interest in a claim arising out or related to such payments, is referred to herein as a "**Wildfire Subrogation Claimant**".

If you (or, in the case of a wrongful-death claim, the estate you represent) believe you have a claim against either of the Debtors for personal injury or wrongful death, property damage, or other loss or liability in any way relation to or resulting from the Northern California Wildfires, you **MUST** file a Proof of Claim for your Wildfire Claim prior to the Bar Date in accordance with the instructions in this notice. Proof of Claim forms for Wildfire Claimants (a "**Wildfire Claimant Proof of Claim Form**") and Wildfire Subrogation Claimants (a "**Wildfire Subrogation Claimant Proof of Claim Form**" and, together with the Wildfire Claimant Proof of Claim Form, the "**Wildfire Proof of Claim Forms**") are available at the Case Website. All information requested in the applicable Wildfire Proof of Claim Form must be provided. All timely filed Wildfire Proof of Claim Forms shall be deemed filed against both PG&E Corp. and the Utility.

If you already either (i) filed a lawsuit against the Debtors prior to the Petition Date or (ii) filed a Proof of Claim in the Chapter 11 Cases, you **MUST** still submit the applicable Wildfire Proof of

---

[1] The Northern California Wildfires include, but are not limited to, the following fires: 37, Adobe, Atlas, Blue, Butte, Camp, Cascade, Cherokee, Honey, La Porte, Lobo, Maacama, McCourtney, Norrbom, Nuns, Partrick, Pocket, Point, Pressley, Pythian (a.k.a. Oakmont), Redwood, Sulphur and Tubbs.

4

Claim Form to maintain and/or preserve your rights in the Chapter 11 Cases. Furthermore, you **MUST** file a Wildfire Proof of Claim Form even if you may be included in, or represented by, a purported class action, class suit, class Proof of Claim, or similar representative action filed against the Debtors with respect to your Wildfire Claim. Pursuant to the Bar Date Order, the supporting documentation submitted in connection with Wildfire Proof of Claim Forms will remain confidential in these Chapter 11 Cases and will not be available to the general public. Copies of such information may be provided to counsel for the Committees, the U.S. Trustee and any additional parties the Court directs but only after each such party agrees to keep the information provided in the Wildfire Proof of Claim Forms confidential.

**3. SPECIAL PROVISIONS FOR CUSTOMERS**

If you are a residential or non-residential customer of the Debtors (each a "**Customer**") and you believe you have a claim against the Debtors relating to the period prior to the Petition Date, you **MUST** file a Standard Proof of Claim Form by the Bar Date. **Customers are not required to file proofs of claim for ordinary and customary refunds, overpayments, billing credits, deposits or similar billing items.**

**4. WHEN AND WHERE TO FILE**

All Proofs of Claim (including any claims of Wildfire Claimants, Wildfire Subrogation Claimants, Governmental Units, and Customers) must be filed so as to be received on or before **September 16, 2019** at **5:00 p.m. (Prevailing Pacific Time)** as follows:

**If electronically:**

The Case Website established by Prime Clerk, using the interface available on such website under the link entitled "Submit a Claim" (the "**Electronic Filing System**").

**If by first class mail:**

PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

5

Case: 19-30088    Doc# 1784-2    Filed: 05/01/19    Entered: 05/01/19 15:32:50    Page 6 of 11

**If by overnight courier:**

PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**If by hand delivery:**

PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

-or-

At one of the Debtors' Claim Service Centers located at the following PG&E locations (during the hours of 8:30 a.m. – 5:00 p.m. Pacific Time): (i) 350 Salem Street, Chico, CA 95928; (ii) 231 "D" Street, Marysville, CA 95901; (iii) 1567 Huntoon Street, Oroville, CA 95965; (iv) 3600 Meadow View Road, Redding, CA 96002; (v) 111 Stony Circle, Santa Rosa, CA 95401; or (vi) 1850 Soscol Ave. Ste 105, Napa, CA 94559. **Photocopy machines will not be available at the Claim Service Centers; you must bring a copy of your claim if you wish to receive a date-stamped conformed copy.**

Proofs of Claim will be deemed filed only when **actually received** at the addresses listed above or via the Electronic Filing System on or before the Bar Date. Proofs of Claim may not be delivered by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System).

**5. WHO NEED <u>NOT</u> FILE A PROOF OF CLAIM**

You do **not** need to file a Proof of Claim on or before the Bar Date if you are:

(a) any person or entity whose claim is listed on the Schedules; *provided* that (i) the claim is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(b) any person or entity whose claim has been paid in full;

(c) any holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any party asserting

6

a claim pursuant to section 503(b)(9) of the Bankruptcy Code who shall be required to file such claim by the deadline established in the Bankruptcy Court's *Amended Order Pursuant to 11 U.S.C. §§ 503(b)(9) and 105(a) Establishing Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9)* [Docket No. 724]);

(d) any person or entity who holds a claim that heretofore has been allowed by Order of the Bankruptcy Court entered on or before the Bar Date;

(e) any holder of a claim for which a separate deadline has been fixed by the Bankruptcy Court;

(f) any person or entity (other than the holder of a Wildfire Claim) who has already filed a Proof of Claim with Prime Clerk against the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the Standard Proof of Claim Form or Official Form No. 410;

(g) any person or entity that holds an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; *provided, however,* that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Standard Proof of Claim must be filed on or before the Bar Date;

(h) any person or entity whose claim is limited exclusively to the repayment of principal, interest, and other fees and expenses under any agreements (a "**Debt Claim**") governing any prepetition, unsecured revolving credit loan, term loan, notes, bonds, debentures, or other debt securities, in each case, issued by or on behalf of any of the Debtors (collectively, the "**Debt Instruments**"); *provided, however*, that (i) the foregoing exclusion shall not apply to the indenture trustee, owner trustee, pass-through trustee, subordination agent, registrar, paying agent, administrative, loan or collateral agent, or any other entity serving in a similar capacity however designated (collectively, an "**Indenture Trustee**") under the applicable Debt Instrument, (ii) each such Indenture Trustee shall be required to file a Standard Proof of Claim against the applicable Debtor, on or before the Bar Date, on account of all Debt Claims against such Debtor under the applicable Debt Instrument, and (iii) any holder of a Debt Claim that has a claim arising out of or relating to a Debt Instrument other than a Debt Claim must file a Standard Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies;

(i) any Customer whose claims is limited exclusively to ordinary and customary refunds, overpayments, billing credits, deposits, or similar billing items; or

(j) either Debtor having a claim against the other Debtor in these Chapter 11 Cases.

7

This notice may be sent to many persons that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. **The fact that you have received this notice does not mean that you have a claim or that the Debtors or the Bankruptcy Court believe that you have a claim against the Debtors.**

## 6. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you hold a claim arising out of the rejection of an executory contract or unexpired lease you must file a Standard Proof of Claim Form based on such rejection by the later of (i) the Bar Date, and (ii) the date that is thirty (30) days following the entry of the Bankruptcy Court's order approving such rejection (which order may be the order confirming a chapter 11 plan for the Debtors), or be forever barred from doing so. Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Standard Proof of Claim Form for such amounts on or before the Bar Date unless an exception identified in Section 5 above applies.

## 7. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN SECTION 5 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL **NOT** BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CHAPTER 11 CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

Case: 19-30088    Doc# 1784-2    Filed: 05/01/19    Entered: 05/01/19 15:32:50    Page 9 of 11

## 8. THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as a holder of a claim against one or more of the Debtors in the Debtors' Schedules. To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Standard Proof of Claim Form(s) regarding the nature, amount, and status of your claim(s). If you received postpetition payments from the Debtors (as authorized by the Bankruptcy Court) on account of your claim(s), the enclosed Standard Proof of Claim Form should reflect the net amount of your claim(s). Other than with respect to Wildfire Claims, if the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of Claim Forms, each of which will reflect the nature and amount of your claim against one Debtor, as listed in the Schedules.

If you rely on the Debtors' Schedules or the enclosed Standard Proof of Claim Form(s), it is your responsibility to determine that the claim accurately is listed on the Schedules. However, you may rely on the enclosed form, which lists your claim as scheduled, identifies the Debtor against which it is scheduled, and specifies whether the claim is disputed, contingent, or unliquidated.

As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim only is against the Debtor specified by the Debtors, **and** if your claim is not described as "disputed," "contingent," or "unliquidated," you need **not** file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date, in accordance with the procedures set forth in this notice. For the avoidance of doubt, if you have a Wildfire Claim and it is listed as "disputed," "contingent," or "unliquidated" you must file a Wildfire Proof of Claim Form.

Copies of the Debtors' Schedules are available for inspection on the Bankruptcy Court's electronic docket for the Debtors' Chapter 11 Cases, which is posted on (a) the Case Website and (b) on the Bankruptcy Court's website at http://www.nysb.uscourts.gov. A login and password to the Bankruptcy Court's Public Access to Electronic Records ("**PACER**") are required to access this

information on the Bankruptcy Court's website and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Schedules also may be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102. Copies of the Debtors' Schedules also may be obtained by request to Prime Clerk:

> PG&E Corporation
> c/o Prime Clerk LLC
> 850 Third Avenue, Suite 412
> Brooklyn, NY 11232
> Toll Free: (844) 339-4217
> Email: pgeinfo@primeclerk.com

**<u>Please note that Prime Clerk cannot provide legal advice, nor can they advise you as to whether you should file a Proof of Claim. A holder of a potential claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a Proof of Claim.</u>**

Dated: ____, 2019

**BY ORDER OF THE COURT**

**WEIL, GOTSHAL & MANGES LLP**
**KELLER & BENVENUTTI LLP**

10