WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>PG&E CORPORATION,<br><br>        - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                              **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**APPLICATION PURSUANT TO L.B.R. 2015-2(e) AND 11 U.S.C. § 105(a) FOR AN ORDER MODIFYING DEBTORS' DEADLINES FOR FILING MONTHLY OPERATING REPORTS AND APPROVING PROPOSED MODIFICATIONS TO FORM OF MONTHLY OPERATING REPORTS ("MOR DEADLINES AND FORM MODIFICATION APPLICATION")**<br><br>Date:    May 22, 2019<br>Time:   9:30 a.m. (Pacific Time)<br>Place:   United States Bankruptcy Court<br>            Courtroom 17, 16th Floor<br>            San Francisco, CA 94102<br><br>**Objection Deadline**: May 15, 2019<br>                                     4:00 p.m. (Pacific Time) |

PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Application (the "**Application**"), pursuant to Rule 2015-2(e) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**") and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order (a) modifying the deadlines, as required under section 521 of the Bankruptcy Code and Bankruptcy Local Rule 2015-2(a), for the Debtors to file monthly operating reports ("**Monthly Operating Reports**") to coincide with their reporting requirements to the Securities and Exchange Commission (the "**SEC**"), and (b) approving certain modifications to the form of Monthly Operating Reports required under Bankruptcy Local Rule 2015-2(d) to conform with the Debtors' existing reporting processes and procedures.

In support of this Application, the Debtors submit the Declaration of John Boken, filed contemporaneously herewith. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

### III. RELIEF REQUESTED

By this Application, pursuant to Bankruptcy Local Rule 2015-2(e) and section 105(a) of the Bankruptcy Code, the Debtors request entry of an order (a) modifying the times for filing Monthly Operating Reports to be consistent with the Debtors' reporting obligations with the SEC and (b) approving certain modifications to the form of Monthly Operating Reports as were used by the Debtors in the Monthly Operating Reports filed for January and February 2019, each as further described herein.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## IV. BASIS FOR RELIEF REQUESTED

Bankruptcy Local Rule 2015-2(b) requires that "[a] monthly report shall be filed . . . no later than the 21st day of the month following the month to which the report pertains." B.L.R. 2015-2(b). With regards to the form of monthly operating reports, Bankruptcy Local Rule 2015-2(d) requires that "[m]onthly reports shall be prepared on forms and supporting schedules approved by the Judges of the Court, copies of which shall be available in the Office of the Clerk." B.L.R. 2015-2(d).

However, Bankruptcy Local Rule 2015-2(e) also provides that, "The Court may, on application and for cause, modify the provisions of this rule. Any application to modify shall be served upon all parties upon whom the monthly report is required to be served." B.L.R. 2015-2(e).

Additionally, section 105(a) of the Bankruptcy Code, which codifies the equitable powers of the Bankruptcy Court, authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Debtors submit that, in light of the facts and circumstances surrounding these Chapter 11 Cases, ample cause exists to grant the requested relief herein.

## V. CAUSE EXISTS TO MODIFY THE DEADLINES FOR FILINGS THE DEBTORS' MONTHLY OPERATING REPORTS

The Debtors are one of the nation's largest utility companies, providing natural gas and electric service to approximately 16 million customers throughout an approximately 70,000-square-mile service area in northern and central California. The Debtors own and operate approximately 136 generating facilities, nine (9) natural gas compressor stations, over 120,000 circuit miles of electric transmission and distribution lines, and nearly 50,000 miles of natural gas transmission and distribution pipelines. While the Debtors, with the assistance of their professional advisors, have mobilized their employees to work diligently and expeditiously to prepare the Monthly Operating Reports each month, as set forth below, the default deadlines under Bankruptcy Local Rule 2015-2(b) promote an unnecessary duplication of effort with respect to the Debtors' SEC reporting requirements.

Due to the size and scope of the Debtors' operations, collecting the information necessary to prepare the Monthly Operating Reports requires a significant expenditure of time and effort on the part of the Debtors, their employees, and their professionals. The limited time available

to the Debtors to assemble the required information, coupled with the added responsibilities of the Debtors' employees in connection with the administration of these Chapter 11 Cases, necessitate an extension of the deadline for filing Monthly Operating Reports.

Moreover, the Debtors are public reporting companies under Section 12b of the Securities and Exchange Act of 1934. As such, much of the information included in the Monthly Operating Reports also is provided in the Debtors' annual and quarterly reports filed with the SEC. The Debtors' employees and professionals who prepare the Debtors' annual and quarterly SEC reports will also be tasked with preparing the Debtors' Monthly Operating Reports. To avoid unnecessary duplication of efforts and deadlines that conflict with the SEC's quarterly and annual reporting deadlines, the Debtors propose to modify the timing of the filing of their Monthly Operating Reports to be consistent with the timeline of their SEC reporting obligations.

Specifically, the Debtors propose that the time for filing Monthly Operating Reports be modified as follows:

- For months ending quarterly SEC reporting periods (specifically, the months of March, June, and September), the Debtors request to be allowed to file their Monthly Operating Reports on or before forty-five (45) days after the end of each such month.

- For months ending the annual SEC reporting period (December), the Debtors request to be allowed to file their Monthly Operating Reports on or before sixty (60) days after the end of the month.

- For all other months that do not end an SEC reporting period (specifically, the months of January, February, April, May, July, August, October, and November), the Debtors request to be allowed to file their Monthly Operating Reports on or before thirty (30) days after the end of each such month.

The Debtors have been in discussions with the U.S. Trustee regarding the relief requested in this Motion and understand that the U.S. Trustee generally has no objection to the modifications of the Monthly Operating Reports deadlines as requested herein, except with respect to the 60-day deadline for the December filing, which the U.S. Trustee indicated would not give the U.S. Trustee sufficient time to calculate monthly U.S. Trustee fees owing by the Debtors for that period.

The Debtors propose to address the U.S. Trustee's concern by providing to the U.S. Trustee no later than forty-five (45) days after the end of December, on a confidential basis, information concerning disbursements needed by the U.S. Trustee to calculate U.S. Trustee fees owing for December and ensure timely payment by the Debtors of such fees.

### VI. CAUSE EXISTS TO MODIFY THE FORM OF MONTHLY OPERATING REPORTS USED BY THE DEBTORS

The Debtors also seek Court approval to modify the form of Monthly Operating Report used by the Debtors. As described above, as public reporting companies, the Debtors have robust processes in place to comply with their SEC reporting obligations. The Debtors seek to provide the relevant information required with respect to the Monthly Operating Reports, but adhering strictly to the form of Monthly Operating Report used in this District would require that the Debtors undertake substantial administrative expense and burden to create additional reporting processes that are duplicative of the Debtors' existing reporting processes.

The Debtors have reviewed the form of Monthly Operating Report used in this District. The Debtors note that the form, which has not been modified since January 1, 1998, is designed to be used by smaller companies with simpler manufacturing, retail, and other similar businesses, and the Debtors respectfully submit that the District form, without any modifications, is not well-suited to the operations of a large utility provider such as the Debtors. For example, the District form requires that the Debtors include schedules with detailed inventory calculations that are not relevant to the Debtors' operations, as well as a granular listing of vehicles and mechanical assets that is not practicable given the scope of the Debtors' operations. In light of the Debtors' reporting processes in place and the complexity and size of the Debtors' operations, the Debtors propose to use a modified form of Monthly Operating Report that is similar to the form used by corporate, publicly reporting debtors in other large, complex chapter 11 cases in other Districts.

Specifically, the Debtors seek to use the modified form of Monthly Operating Report used in the Monthly Operating Reports the Debtors already filed in these Chapter 11 Cases for the periods ending January 31, 2019 [Dkt. No. 1136] and February 28, 2019 [Dkt. No. 1137]. The proposed modified form uses the information and reports the Debtors already assemble in connection

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

with the Debtors' ongoing SEC reporting obligations. Among other things, the modified form of Monthly Operating Report that the Debtors propose to use varies from the District form in the following ways:

- Provides an income statement that conforms to the Debtors' standard SEC reporting form;
- Provides a balance sheet that conforms to the Debtors' standard SEC reporting form;
- Does not provide a cash flow statement, as the Debtors do not prepare monthly cash flow statements; and
- Provides a summary of first day payments rather than a detailed listing of counterparties.

Although the Debtors and the U.S. Trustee have had a number of discussions regarding the form of Monthly Operating Report, as of the date of this Application, the U.S. Trustee was not willing to agree to any deviations from the District form. Nevertheless, the Debtors believe that modifying the form of Monthly Operating Report is warranted here given the size and scope of the Debtors' operations, as well as the reporting processes that the Debtors already have in place. The Debtors further believe that the form proposed by the Debtors provides the U.S. Trustee, the Court, and the Debtors' creditors and other parties in interest all relevant information about the Debtors' operations. Indeed, the information the Debtors propose to provide in the Monthly Operating Reports is generally the same information that the SEC requires that the Debtors provide to the investing public through their quarterly and annual reports.

Moreover, the information provided in the Debtors' modified form of Monthly Operating Report is similar to that which has been provided in other chapter 11 cases of similar size and complexity. *See, e.g., Westinghouse Elec. Co. LLC*, Case No. 17-10751 (MEW) (Bankr. S.D.N.Y. May 30, 2017) [Docket No. 631], *In re Sears Holdings Corp.,* Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. Dec. 28, 2018) [Docket No. 1450]; *In re Caesars Entertainment Operating Co.*, Case No. 15-01145 (Bankr. E.D. Ill. Aug. 31, 2015) [Docket No. 2137]; *In re Gymboree Corp.*, Case No. 17-32986 (KLP) (Bankr. E.D. Va. Aug. 31, 2017) [Docket No. 593]. Requiring the Debtors to adhere to

the District form would create substantial administrative expense and force the Debtors to introduce duplicative additional processes that would unnecessarily burden the Debtors' estates.

The Debtors submit that the proposed filing schedule and modifications to the form of Monthly Operating Report are appropriate and necessary given the size and scope of the Debtors' operations and the Company's ongoing SEC reporting obligations and timetable. Additionally, the proposed filing schedule and modified form of Monthly Operating Report will permit the Debtors to better utilize their employees and professionals in an efficient and effective manner. As such, the Debtors believe that the Court's modification of the deadlines to file the Monthly Operating Reports as requested in this Application and form of Monthly Operating Report are appropriate in light of the circumstances. Accordingly, the Debtors submit that ample cause exists to extend the time for filing the Monthly Operating Reports and to modify the form of Monthly Operating Report as requested in the Application.

### VII. NOTICE

Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE,** the Debtors respectfully request entry of an order modifying the time for filing Monthly Operating Reports, and such other and further relief as the Court may deem just and appropriate.

Dated: May 1, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By:    /s/ *Jane Kim*
          Jane Kim

*Attorneys for Debtors and Debtors in Possession*