WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF JOHN BOKEN IN SUPPORT OF MOR DEADLINES AND FORM MODIFICATION APPLICATION**<br>Related Document: Dkt. 1788<br><br>Date: May 22, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 94102<br><br>**Objection Deadline**: May 15, 2019<br>                          4:00 p.m. (Pacific Time) |

I, John Boken, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Managing Director in the Turnaround Restructuring Services practice of AlixPartners, LLP, which is an affiliate of both AlixPartners, LLC and AP Services, LLC, which provides interim management services to PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors-in-possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned Chapter 11 Cases (the "**Chapter 11 Cases**"). I currently serve as the Deputy Chief Restructuring for the Debtors as authorized by this Court by Order dated April 9, 2019 [Docket No. 1299].[1]

2. I submit this Declaration in support of the Debtors' *Application Pursuant to L.B.R. 2015-2(e) and 11 U.S.C. § 105(a) for an Order Modifying Debtors' Deadlines for Filing Monthly Operating Reports and Approving Proposed Modifications to Form of Monthly Operating Reports* (the "**Application**"), filed contemporaneously herewith.

3. Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, and information provided to me by the Debtors' other employees or the Debtors' legal, restructuring, and financial advisors. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this Declaration on behalf of the Debtors.

<u>The Proposed Modified Deadlines for Filing of Monthly Operating Reports</u>

4. As set forth in the Application, the Debtors are one of the nation's largest utility companies, providing natural gas and electric service to approximately 16 million customers throughout an approximately 70,000-square-mile service area in northern and central California. The Debtors own and operate approximately 136 generating facilities, nine (9) natural gas compressor stations, over 120,000 circuit miles of electric transmission and distribution lines, and nearly 50,000 miles of natural gas transmission and distribution pipelines. While the Debtors, with the assistance

---

[1] My education, background, and professional experience are described in the Declaration of John Boken in Further Support of First Day Motions and Related Relief [Docket No. 653] at 2–3.

of their professional advisors, have mobilized their employees to work diligently and expeditiously to prepare the Monthly Operating Reports each month, I believe the default deadlines under Bankruptcy Local Rule 2015-2(b) promote an unnecessary duplication of effort with respect to the Debtors' SEC reporting requirements.

5. Due to the size and scope of the Debtors' operations, collecting the information necessary to prepare the Monthly Operating Reports requires a significant expenditure of time and effort on the part of the Debtors, their employees, and their professionals. I believe, the limited time available to the Debtors to assemble the required information, coupled with the added responsibilities of the Debtors' employees in connection with the administration of these Chapter 11 Cases, necessitate an extension of the deadline for filing Monthly Operating Reports.

6. Moreover, the Debtors are public reporting companies under Section 12b of the Securities and Exchange Act of 1934. As such, much of the information included in the Monthly Operating Reports also is provided in the Debtors' annual and quarterly reports filed with the SEC. The Debtors' employees and professionals who prepare the Debtors' annual and quarterly SEC reports will also be tasked with preparing the Debtors' Monthly Operating Reports. To avoid unnecessary duplication of efforts and deadlines that conflict with the SEC's quarterly and annual reporting deadlines, the Debtors are proposing in the Application to modify the timing of the filing of their Monthly Operating Reports to be consistent with the timeline of their SEC reporting obligations.

7. Specifically, the Debtors are proposing in the Application that the time for filing Monthly Operating Reports be modified as follows:

- For months ending quarterly SEC reporting periods (specifically, the months of March, June, and September), the Debtors are requesting to be allowed to file their Monthly Operating Reports on or before forty-five (45) days after the end of each such month.
- For months ending the annual SEC reporting period (December), the Debtors are requesting to be allowed to file their Monthly Operating Reports on or before sixty (60) days after the end of the month.

- For all other months that do not end an SEC reporting period (specifically, the months of January, February, April, May, July, August, October, and November), the Debtors are requesting to be allowed to file their Monthly Operating Reports on or before thirty (30) days after the end of each such month.

<u>The Proposed Modified Form of Monthly Operating Report</u>

8. As set forth in the Application, the Debtors also seek Court approval to modify the form of Monthly Operating Report used by the Debtors. As described above, as public reporting companies, the Debtors have robust processes in place to comply with their SEC reporting obligations. Although the Debtors seek to provide the relevant information required with respect to the Monthly Operating Reports, I believe that adhering strictly to the form of Monthly Operating Report used in this District would require that the Debtors undertake substantial administrative expense and burden to create additional reporting processes that are duplicative of the Debtors' existing reporting processes.

9. The Debtors have reviewed the form of Monthly Operating Report used in this District. I believe that the form is designed to be used by smaller companies with simpler manufacturing, retail, and other similar businesses, and, without any modifications, is not well-suited to the operations of a large utility provider such as the Debtors. For example, the District form requires that the Debtors include schedules with information about the aging of accounts receivable and payable, which information is not relevant to the Debtors' operations, as well as a granular listing of vehicles and mechanical assets that is not practicable given the scope of the Debtors' operations. In light of the Debtors' reporting processes in place and the complexity and size of the Debtors' operations, the Debtors propose to use a modified form of Monthly Operating Report that is similar to the form used by corporate, publicly reporting debtors in other large, complex chapter 11 cases in other Districts.

10. Specifically, the Debtors seek to use the modified form of Monthly Operating Report used in the Monthly Operating Reports the Debtors already filed in these Chapter 11 Cases for the periods ending January 31, 2019 [Dkt. No. 1136] and February 28, 2019 [Dkt. No. 1137]. The proposed modified form uses the information and reports the Debtors already assemble in

connection with the Debtors' ongoing SEC reporting obligations. Among other things, the modified form of Monthly Operating Report that the Debtors propose to use varies from the District form in the following ways:

- Provides an income statement that conforms to the Debtors' standard SEC reporting form;
- Provides a balance sheet that conforms to the Debtors' standard SEC reporting form;
- Does not provide a cash flow statement, as the Debtors do not prepare monthly cash flow statements; and
- Provides a summary of first day payments rather than a detailed listing of counterparties.

11. I believe that modifying the form of Monthly Operating Report is warranted here given the size and scope of the Debtors' operations, as well as the reporting processes that the Debtors already have in place. I also believe that the form proposed by the Debtors provides the U.S. Trustee, the Court, and the Debtors' creditors and other parties in interest all relevant information about the Debtors' operations. Indeed, the information the Debtors propose to provide in the Monthly Operating Reports is the same information that the SEC requires that the Debtors provide to the investing public through their quarterly and annual reports.

12. Moreover, I understand that the Debtors' proposed form of Monthly Operating Report is similar to that used in other chapter 11 cases of similar size and complexity. I believe that requiring the Debtors to adhere to the District form would create substantial administrative expense and force the Debtors to introduce duplicative additional processes that would unnecessarily burden the Debtors' estates. Additionally, the proposed filing schedule and modified form of Monthly Operating Report will permit the Debtors to better utilize their employees and professionals in an efficient and effective manner.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information, and belief, and that this declaration was executed at Los Angeles, California on May 1, 2019.

/s/ John Boken
John Boken

[Signature Page to Declaration in Support of MOR Deadlines and Form Modification Application]