# Exhibit A

## [PROPOSED] Order

| | |
|---|---|
| 1 | WEIL, GOTSHAL & MANGES LLP |
| | Stephen Karotkin (*pro hac vice*) |
| 2 | (stephen.karotkin@weil.com) |
| | Ray C. Schrock, P.C. (*pro hac vice*) |
| 3 | (ray.schrock@weil.com) |
| 4 | Jessica Liou (*pro hac vice*) |
| | (jessica.liou@weil.com) |
| 5 | Matthew Goren (*pro hac vice*) |
| | (matthew.goren@weil.com) |
| 6 | 767 Fifth Avenue |
| 7 | New York, NY 10153-0119 |
| | Tel: 212 310 8000 |
| 8 | Fax: 212 310 8007 |
| 9 | KELLER & BENVENUTTI LLP |
| 10 | Tobias S. Keller (#151445) |
| | (tkeller@kellerbenvenutti.com) |
| 11 | Jane Kim (#298192) |
| | (jkim@kellerbenvenutti.com) |
| 12 | 650 California Street, Suite 1900 |
| 13 | San Francisco, CA 94108 |
| | Tel: 415 496 6723 |
| 14 | Fax: 650 636 9251 |
| 15 | *Attorneys for Debtors and Debtors in Possession* |

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **[PROPOSED] ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY PRICEWATERHOUSECOOPERS LLP AS MANAGEMENT, TAX, INTERNAL ACCOUNTING, AND ADVISORY CONSULTANTS TO THE DEBTORS *NUNC PRO TUNC* TO PETITION DATE** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| * All papers shall be filed in the Lead Case, No. 19-30088 (DM). | |

Upon the Application, dated May 1, 2019 (the "**Application**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to retain and employ PricewaterhouseCoopers LLP ("**PwC**") as management, tax, internal accounting, and advisory consultants for the Debtors, effective as of the Petition Date, under a general retainer, all as more fully set forth in the Application; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application, and the Bowman Declaration; and upon the record of the Hearing (if any was held) and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as provided herein.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, the Debtors are authorized to employ and retain PwC as management, tax, internal accounting, and advisory consultants in these Chapter 11 Cases in accordance with the terms and

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

conditions set forth in the MSA and the Engagement Letters to perform the services as contemplated by the Application, *nunc pro tunc* to the Petition Date.

3. If the Debtors and PwC enter into any additional agreements for the provision of additional services by PwC, PwC and the Debtors will seek separate retention orders with regard to any such additional agreements.

4. Notwithstanding anything to the contrary contained herein or in the Application, the MSA, and the Engagement Letters, PwC shall file interim and final fee applications for allowance of compensation and reimbursement of out-of-pocket expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, effective February 19, 2014 (the "**Local Guidelines**"), the U.*S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 701], and any further Orders of the Court in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses (the "**Orders**").

5. Notwithstanding the prior paragraph, the fixed fees payable to PwC pursuant to the MSA Contracts are hereby approved as reasonable and shall be (i) compensated and reimbursed pursuant to the Bankruptcy Code in accordance with the terms of the MSA Contracts, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and the Orders and (ii) subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except that the U.S. Trustee may review such compensation under sections 330 and 331 of the Bankruptcy Code and the Court retains jurisdiction to consider the U.S. Trustee's response or objection to PwC's interim and final fee applications on all grounds, including, but not limited to,

reasonableness pursuant to section 330 of the Bankruptcy Code.

6. PwC shall include in its fee applications, among other things, time records setting forth a summary description of the services rendered by each professional, with the exception of clerical staff, and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors in one-half hour (0.5) increments.

7. PwC shall provide reasonable notice to the Debtors and the U.S. Trustee of any increase of the hourly rates listed in the Bowman Declaration and the U.S. Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

8. Subject to PwC's compliance with applicable professional standards in its performance of the Services, PwC shall use its best efforts to avoid duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

9. The indemnification, contribution, reimbursement, limitation of liability and related provisions set forth in the MSA and the Engagement Letters are approved, *provided, however,* that during the pendency of the Cases, (a) the limitations of liability provisions set forth in the Bankruptcy Accounting Advisory Services Engagement Letter and the Bankruptcy Tax Advisory Services Engagement Letter (the "**Bankruptcy Engagement Letters**") shall be unenforceable and (b) the indemnification, contribution, reimbursement and related provisions set forth in the Bankruptcy Engagement Letters are, subject to the following terms:

  a. PwC shall not be entitled to indemnification, contribution or reimbursement for services other than the services provided under the Bankruptcy Engagement Letters, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court; and

  b. Notwithstanding any provisions of the Bankruptcy Engagement Letters to the contrary, the Debtors shall have no obligation to indemnify an Indemnified Person or provide contribution or reimbursement to an Indemnified Person (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from such Indemnified Person's bad faith, gross negligence, or willful misconduct, or (ii) for any indemnification, contribution, reimbursement claim or related expense that is judicially determined to be prohibited by the application of applicable contractual law.

10. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

\*\* END OF ORDER \*\*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119