# REDACTED VERSION OF EXHIBIT

**Exhibit 1-J**

**E-Discovery Services**


# Contract Work Authorization (CWA) Change Order

This is Change Order ("CO") No. 2 to Contract Work Authorization Matter No. 1807200 dated December 7, 2018 (the "CWA") issued under and pursuant to the Blanket Agreement or Master Service Agreement No. 4400011341 dated January 13, 2017 (the "MSA") between the below-named Contractor ("Contractor"), and Pacific Gas and Electric Company ("PG&E"), a California corporation with its headquarters located at 77 Beale Street, San Francisco, California 94105. Contractor shall perform all Work under this CWA, as amended by this Change Order, pursuant to and in accordance with the terms and conditions of the MSA.

| Contractor's Legal Name: | PricewaterhouseCoopers, LLP | This Change Order consists of 2 pages. |
|---|---|---|
| Contractor's Address: | 3 Embarcadero Center<br>San Francisco, CA 94111-4004 | |
| Project Name: | North Bay Fire Device Collection E-Discovery | |
| Job Location: | San Francisco and other various locations | |

**CHANGES:** The Parties hereby modify the Contract Work Authorization referenced above as follows:

1. The Total Value of the CWA is increased by $250,000 from $300,000 to new contract total of $550,000
2. See attached Statement of Work
3. ALL WORK PERFORMED UNDER THIS CONTRACT IS AT THE DIRECTION OF THE PG&E LAW DEPARTMENT. ACCORDINGLY, ALL COMMUNICATIONS REGARDING THIS WORK ARE INTENDED TO BE PRIVILEGED AND CONFIDENTIAL. ALL RESULTS PERTAINING TO WORK PERFORMED UNDER THIS CONTRACT SHALL BE SUBMITTED TO THE PG&E LAW DEPARTMENT.

**ATTACHMENTS:** The following are attached to this CWA Change Order and incorporated herein by this reference.

| PRICING CHANGES: | Previous Total CWA Value: | $300,000 |
|---|---|---|
| | Addition or Deduction: | $250,000 |
| | Revised Total CWA Value: | $550,000 |

All other terms and conditions of the CWA, as it may have been amended by previous CWA Change Order(s), if any, shall remain the same.

**THE PARTIES, BY SIGNATURE OF THEIR AUTHORIZED REPRESENTATIVES, HEREBY AGREE TO THE TERMS OF THIS CWA CHANGE ORDER.**

| PACIFIC GAS AND ELECTRIC COMPANY | | CONTRACTOR: PRICEWATERHOUSECOOPERS, LLP | |
|---|---|---|---|
| Signature | *[signed]* | Signature | *[signed]* |
| Name | Janet Loduca | Name | Jane Allen Carkuk |
| Title | Senior VP and Deputy General Counsel | Title | Partner |
| Date | 12/10/18 | Date | 12/13/18 |



| ADMINISTRATION | | | |
|---|---|---|---|
| PG&E Negotiator | Elizabeth Collier | Contractor Representative | Jane Allen Carlock |
| Phone | (415) 973-4620 | Phone | (415) 498-5656 |
| Email: | EACP@pge.com | Email: | Jane.Allen@us.pwc.com |
| Accounting Reference | Invoices should be sent to PG&E Law Department Payment Processing, P. O. Box 7133, San Francisco, CA 94120 | | |

| INTERNAL PG&E USE ONLY | | |
|---|---|---|
| Distribution Date | | |
| Distribution of Copies: | ☐ Document Services (Signed Original Copy) Mail Code N5D 245 MARKET ST., SAN FRANCISCO | ☐ Contractor (Signed Original Copy) |
| | ☐ Work Supervisor | ☐ Manager |
| | ☐ Invoice Approver | ☐ Supervisor |
| | ☐ V.P. | ☐ Sourcing/ Purchasing |
| | ☐ Director | ☐ Law |

62-1689 CWA (12-1-08)  Sourcing

Amendment to Statement of Work (CWA 1807200) Change Order No. 2
North Bay Fire Discovery Support
PricewaterhouseCoopers LLP

This Statement of Work (SOW) outlines Change Order No. 2 to the engagement previously covered by CWA No. 1807200 between Pacific Gas and Electric Company ("PG&E" or "Client") and PricewaterhouseCoopers LLP (PwC) to perform the services described below.

The governing MSA for this work is MSA #4400011341 executed on January 17, 2017 and supersedes all other oral and written representation, understandings, or agreements relating to the subject matter hereof.

**Scope**

PG&E's Law Department ("Law") has requested assistance from PwC ("Consultant") to (1) ███████████████████████████████████████████████████████████████████; (2) transfer the collected forensic evidence maintaining chain of custody to PG&E's selected third party vendor for further filtering and/or processing. This work will be performed at the direction of PG&E Counsel, and is subject to the attorney work product privilege.

**Forensic Evidentiary Collection on a Select Population of Electronic Devices**

- Upon request PwC's Forensic Technology examiners will:
    - ███████████████████████████████████████
    - ███████████████████████████████████████
    - Preparation and transmission ███████████████████████████████████████ to PG&E's designated third party vendor for any further tracking, filtering, and/or processing.
    - Preparation and transmission of all associated Chain of Custody logs and documentation from the collection site ███████████████ and documenting the chain of custody transmission to PG&E's third party vendor.
    - Upon request, conduct forensic analysis including, but not limited to, recovery of deleted data, USB device access/use, file transfer, log review, and other analysis as needed.

In addition to the identified work activities for the above project, PG&E may at times request additional support from Consultant specifically related to forensic acquisition of additional media (i.e., ███████████████████████████).
PG&E and PwC will discuss and agree upon the scope of any such additional activities, and what the additional associated estimated cost impact may be, to be set forth in a Change Order to this CWA.

PwC is not providing legal advice or legal opinions in this engagement. PG&E will obtain such advice or opinions from its attorneys.

**Deliverables, Milestones, and Acceptance**

- PwC's deliverables will be limited to the forensic evidence collected and the associated chain of custody documentation.
- PwC may also provide oral advice as requested as it relates to similar evidence gathering efforts and leading practices
- Scope changes to PwC deliverables will be discussed and prioritized with PG&E Law Department key contact.

**Anticipated Timeframe, Project Schedule**

- PwC began work on or about March 26, 2018. The CWA covered the time period of March 26, 2018 through April 12, 2018 (the "CWA Term").
- Change Order No.1, which accounts for continued North Bay Fire Device Collection support is intended to cover work through December 31, 2018.
- Change Order No. 2, which accounts for continued North Bay Fire Device Collection support is intended to cover work through March 31, 2019.
- Actual weekly staff loading can fluctuate to meet client needs. PG&E supervisor will coordinate with PwC to determine increases or decreases in actual staff loading on a weekly basis.

**Key Assumptions**

- The work will be performed at the direction of PG&E's Counsel.
- Access to all target devices will be granted by PG&E and/or PG&E Counsel.
- Additional work beyond the scope that is estimated in this CWA will be discussed and confirmed with PG&E, and is not included in the current rough cost or time estimate.
- It is assumed the physical sites in which the work will be performed is listed in the table of seven (7) above. It is estimated that on average each site will require two (2) to three (3) days of work, each with two (2) to four (4) experienced PwC forensic technologists. Target devices not available during these times may not be imaged.
- PwC will not conduct any filtering or further processing of the forensic evidence collected.
- PwC forensic staff will receive devices for forensic collection on a timely basis while onsite. Depending on timing and requirements, and time necessary/any restrictions in which to conduct the work and return the devices, PwC team may need to charge wait time if they are unable to conduct other work during that wait time. Devices that cannot be made available during these times will not be addressed under this CWA.
- Site locations further than 1 hour from San Francisco will incur necessary travel expenses and invoiced in accordance with the MSA terms.
- PwC will take direction from PG&E regarding data retention. PwC will delete any copies of collected data within our possession upon written request from PG&E.

**Team/Resource Description**

The key Consultant team members and roles are described below:

- Jane Allen, Partner, and Sarah Nolton, Partner, shall provide project oversight and guidance, coordinate staffing such that the right Consultant resources are available, provide quality control oversight and review, and provide strategic advice and recommendations as it relates to the forensic collection effort to PG&E as required.
- Amol Deshpande, Director, is the key point person for the PMO and Data Response Support at Direction of Law.
- Consultant shall provide additional team members with the right forensic acquisition expertise - primarily at the Senior Associate and Manager levels to perform the Services and Deliverables in accordance with the specifications set forth in this CWA.

**PG&E Roles and Responsibilities**

During this CWA Term, PwC will work in collaboration and at the direction of the PG&E and External Counsel. The PwC Team will meet with the PG&E Counsel lead contact on a daily, semi-weekly or ad-hoc basis as appropriate, to discuss status and all open issues arising from the Services, PwC's progress reports and/or reports identified as Deliverables in this CWA, PwC's resource utilization and staffing mix, adherence (or changes) to the Deliverables plan, as well as any requests for Scope Changes.

## Professional Fees and Expenses

Due to the nature of the work, potential changes in individual custodian/employee schedules to provide such devices, and the unknown variance of types, model, storage size of devices, and any unforeseen technical challenges that may arise as it typically does with this type of work, PwC is only able to provide a rough estimate of total fees. Fees will be incurred on a time and materials basis, as required.

PwC will provide a weekly update as to approximate costs incurred to date. The total number of devices is unknown at this time, and one of several direct drivers to the time required to complete the work. PwC currently estimates a not to exceed amount of $250,000 not including necessary expenses. If PwC approaches this not to exceed, discussions will occur with PG&E as to whether PwC receives approval to continue work beyond this amount.

| Grade | Rates (USD) |
|---|---|
| Partner | $499 |
| Director | $404 |
| Manager | $329 |
| Senior Associate | $267 |
| Associate | $172 |

## Other Items

- The parties hereby agree that PwC may subcontract the Services to its wholly-owned subsidiary, PricewaterhouseCoopers Advisory Services LLC.
- PwC's Materials and PwC's fees and fee structure is PwC's Confidential Information.
- PG&E shall indemnify and hold PwC harmless from and against any and all third party claims, losses, liabilities and damages arising from or relating to the Services or Deliverables under this CWA, except to the extent finally determined to have resulted from PwC's gross negligence or intentional misconduct relating to such Services and/or Deliverables.
- If PwC is requested or authorized by PG&E or required by government regulation, regulatory agency, subpoena, or other legal process to produce PwC's Deliverables, working papers or personnel for testimony or interview with respect to services PwC performed for PG&E, PG&E will reimburse PwC for PwC's and its counsels' expenses and professional time incurred in responding to such a request.
- Consultant understands that PG&E seeks to have the attorney work product doctrine, attorney-client or other privilege apply to some or all of the Services and Deliverables. PG&E and its Law Department are solely responsible for managing the establishment and maintenance of any such privilege or protection. Consultant makes no representation as to whether the attorney work product doctrine or the attorney-client privilege will apply, as the applicability of the doctrine and privilege are legal questions. However, Consultant agrees to assist PG&E and its Law Department in preserving the confidentiality of the information received or provided in connection with the Services contemplated herein in a manner consistent with preserving an attorney-client privilege.

# PG&E BILLING REQUIREMENTS AND PROCEDURES

**Billing Requirements:**

1. We agree to reimburse you for your out-of-pocket expenses at your actual net cost. All disbursements (including lodging, travel, out-of-pocket copying service, transcripts, and the like) must be included with your statements with supporting documentation for all lodging and travel expenses (other than nominal amounts) and for each individual item the cost of which is $75.00 or greater.

2. All expenses shall be reasonable, ordinary, actual net cost incurred and paid by you. All expenses shall be billed at cost. Please note that air travel must be at coach rates and all rental car costs must be at subcompact rates unless otherwise expressly authorized in writing. We agree that expenses for lodging, meals, and transportation shall be at reasonable rates and that you will exercise prudence in incurring such expenses. Mileage will be paid at the Internal Revenue Service's current year approved standard rate.

3. Normal overheads shall be considered a bundled component of your hourly fees and not charged or invoiced to PG&E. If any such charge appears, we will automatically deduct it from your invoice. Normal overheads for purposes of this Contract are secretarial services, administrative, library services, clerical support, office supplies, postage, routine office copying, telecopying or "fax," local telephone, filing, file indexing, bill preparation, staff overtime, word processing, and meals or snacks (unless while travelling or otherwise approved in advance).

4. When photocopying jobs, other than routine office copying, are required, you must use the least expensive service available. In any event, we will pay no more than $0.10 per page other than for unusually sized documents or color photocopying. Any job, whether by you, a vendor, or a service, exceeding $1,000 requires advance approval confirmed in writing.

5. Travel time shall not be considered as actual time worked unless approved, in advance, by the principal PG&E attorney assigned to the matter. In the event you or your employee works during travel time, such efforts shall not be considered travel time for the purpose of this Contract. Air travel time shall be billed at one-half the hourly rate of straight time rates unless you work during air travel.

**Billing Procedures:**

In order to process your statements, PG&E must have the following information with *every* monthly statement:

1. <u>A cover summary sheet on your letterhead that includes:</u>

- Your remittance address if different than your letterhead address;

- Your taxpayer ID number;

- The case or matter name;

- The calendar period covered by the statement; and,

- A summary statement of the professional fees and disbursements together with the invoice total.

2. <u>A separate statement of supporting detail on your letterhead with:</u>

- The case or matter name;

- Name and job title (e.g., paralegal) of each worker on each date work is done;

- Time worked on each date work is done, separated by function;

- Description of work done on each date;

- Hourly rates for each worker;

- Disbursements;

- Total amount billed; and,

- Display your approved annual budget and how much you have spent to date for the current calendar year, and how much you have spent on a cumulative basis since work began.

3. <u>Additional materials to include with your statement:</u>

- You should include as disbursements your actual out-of-pocket payments made to outside entities. ***Please remember*** that you must obtain authorization in advance of hiring experts/consultants.

- You should attach receipts or other documentation for individual items costing $75 or greater, including photocopying and lodging.

**SAMPLE BILLING STATEMENT**

| *Sample Cover Sheet* |
|---|

Your Firm Name
411 Main Avenue
City, CA 91234-5678

[Remittance address, if different than above.]

**Taxpayer ID**: 94-0987654

September 1, 2016
Pacific Gas & Electric Company
P.O. Box 7133
San Francisco, CA 94120

Re: ABC v. PG&E

    For professional services rendered during the period from August 1, 2016, to August 31, 2016.

| | |
|---|---:|
| Professional Fees | $187.50 |
| Expenses | 50.00 |
| **Total** | **$237.50** |

*Sample Detailed Statement*

Your Firm Name
411 Main Avenue
City, CA 91234-5678

**Taxpayer ID**: 94-0987654

*STATEMENT*

**TO:** Pacific Gas and Electric Company

**RE:** ABC v. PG&E

| Date | Employee | Title | Services Rendered | Hour | Rate | Amount |
|---|---|---|---|---|---|---|
| 8/5/16 | Jane Doe | Partner | Prepare for hearing | 1.5 | $125 | $187.50 |
| | | | | | Subtotal | $187.50 |

**Disbursements:**

| | | |
|---|---|---|
| C&D Blueprint Service—depo transcript exhibits for 7/15/16 depo | | $50.00 |
| | Subtotal | $50.00 |
| | **TOTAL** | **$237.50** |

| | |
|---|---|
| 2016 Budget | $2,500.00 |
| 2016 Amount billed to date | 237.50 |
| **Total amount billed to date** | **$3,237.60** |

*DUE AND PAYABLE UPON RECEIPT*