# EXHIBIT 1-1

**Revised Proposed Order**

```
 1  WEIL, GOTSHAL & MANGES LLP
    Stephen Karotkin (*pro hac vice*)
 2  (stephen.karotkin@weil.com)
    Ray C. Schrock, P.C. (*pro hac vice*)
 3  (ray.schrock@weil.com)
    Jessica Liou (*pro hac vice*)
 4  (jessica.liou@weil.com)
    Matthew Goren (*pro hac vice*)
 5  (matthew.goren@weil.com)
    767 Fifth Avenue
 6  New York, NY 10153-0119
    Tel: 212 310 8000
 7  Fax: 212 310 8007

 8  KELLER & BENVENUTTI LLP
    Tobias S. Keller (#151445)
 9  (tkeller@kellerbenvenutti.com)
    Jane Kim (#298192)
10  (jkim@kellerbenvenutti.com)
    650 California Street, Suite 1900
11  San Francisco, CA 94108
    Tel: 415 496 6723
12  Fax: 650 636 9251

13  *Attorneys for Debtors
    and Debtors in Possession*
```

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| In re: | Bankruptcy Case No. 19-30088 (DM) |
|---|---|
| **PG&E CORPORATION,** | Chapter 11 |
| - and – | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors**. | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | **[PROPOSED] ORDER AUTHORIZING DEBTORS TO PAY THE FEES AND EXPENSES OF SIMPSON THACHER & BARTLETT LLP PURSUANT TO 11 U.S.C. § 327(e) AS COUNSEL TO THE BOARD OF DIRECTORS OF EACH OF PG&E CORPORATION AND PACIFIC GAS AND ELECTRIC COMPANY AND PURSUANT TO 11 U.S.C. § 363 AS COUNSEL TO CERTAIN CURRENT AND FORMER INDEPENDENT DIRECTORS** |

Upon the Motion, dated April 2, 2019 (the "**Motion**")[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to section 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), for authorization to pay the reasonable fees and expenses of Simpson Thacher & Bartlett LLP ("**Simpson Thacher**") as counsel to the Board of Directors (the "**Board**") of each of PG&E Corporation and Pacific Gas and Electric Company and as counsel to certain current and former Independent Directors (as defined below), pursuant to the terms set forth in the Motion and the *Supplemental Declaration of Michael H.Torkin in Support of the Motion Pursuant to 11 U.S.C. § 363(b) Authorizing Debtors to Pay the Fees and Expenses of Simpson Thacher & Bartlett LLP as Counsel to the Independent Directors of PG&E (As Modified as Described Herein)* (the "**Supplemental STB Declaration**"); and upon consideration of the *Declaration of Michael H. Torkin in Support of the Motion Pursuant to 11 U.S.C. § 363(b) Authorizing Debtors to Pay the Fees and Expenses of Simpson Thacher & Bartlett LLP as Counsel to the Independent Directors of PG&E Corp.* (the "**Torkin Declaration**"), the Supplemental Declaration and the *Declaration of Nora Mead Brownell in Support of the Motion Pursuant to 11 U.S.C. § 363(b) Authorizing Debtors to Pay the Fees and Expenses of Simpson Thacher & Bartlett LLP as Counsel to the Independent Directors of PG&E (As Modified as Described in the Supplemental STB Declaration)* (the "**Brownell Declaration**"); and upon the request of the Office of the U.S. Trustee that Simpson Thacher be retained as counsel for the Board pursuant to 11 U.S.C. § 327(e); and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

need be provided; and this Court having reviewed the Motion, the Torkin Declaration, the Supplemental STB Declaration and the Brownell Declaration; and a hearing having been noticed to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing (if any was held) and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders and all parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as provided herein.

2. Pursuant to the terms of this Order and effective as of the Petition Date, the Debtors are authorized (i) pursuant to section 327(e) of the Bankruptcy Code, to pay reasonable fees and compensation to, and reimburse reasonable and necessary expenses of, Simpson Thacher as counsel to the Board, as it may be constituted from time to time, and to the members of the Board from time to time in their capacities as members of the Board (the "**Board Representation**"), and (ii) pursuant to section 363 of the Bankruptcy Code, to pay reasonable fees and compensation to, and reimburse reasonable and necessary expenses of, Simpson Thacher as counsel to certain current and former independent directors in their individual capacities who serve or served as independent directors prior to and/or as of the Filing Date (each an "**Independent Director**" and collectively, the "**Independent Directors**") (the "**Independent Director Representation**").

3. Subject to the Court's approval, the Debtors shall pay the reasonable fees of, and reasonable and necessary expenses incurred by, Simpson Thacher (A) in the Board Representation with respect to (i) all matters related to corporate governance, and (ii) other related matters and (B) in the Independent Director Representation with respect to (i) representation in ongoing litigation and regulatory inquiries, including matters involving the California Public Utilities Commission, (ii) fact-gathering, and (iii) related matters.

4. With respect to both the Board Representation and the Independent Director Representation, Simpson Thacher shall apply for compensation and reimbursement of expenses in compliance with the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for*

*Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (the "**Interim Compensation Order**") [Docket No. 701], applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.

5. In connection with any increases in Simpson Thacher's rates, Simpson Thacher shall provide reasonable notice to the Debtors, the Official Committee of Unsecured Creditors (the "**Committee**"), the Official Committee of Tort Claimants (the "**TCC**" and together with the Committee, the "**Committees**") and the U.S. Trustee. The notice shall certify that the Debtors have consented to the requested rate increases.

6. Nothing contained herein shall prejudice, in any way, the right of any current or former member of the Board of Directors of either Debtor, including any Independent Director, from seeking and obtaining indemnification, advancement, reimbursement or other coverage under any insurance policies, including D&O policies, related to such director's service on the Board of Directors of either Debtor or from filing a proof of claim against either Debtor.

7. Notice of the Motion as provided therein is deemed good and sufficient notice of the Motion.

8. This Order shall only apply to the retention of Simpson Thacher, and the retention of any additional counsel by the Debtors or any other party on behalf of the Independent Directors shall be the subject of an additional retention application filed in accordance with the *Order Implementing Certain Notice and Case Management Procedures* [Docket No. 759]. The Committee reserves all rights with respect to any such additional application.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation, interpretation, or enforcement of this Order.

**\*\* END OF ORDER \*\***