WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

Attorneys for Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**PRELIMINARY RESPONSE IN OPPOSITION TO PHILIP VERWEY FARMS' ("PVF") MOTION FOR RELIEF FROM AUTOMATIC STAY TO EXERCISE SETOFF PURSUANT TO 11 U.S.C. §§ 362 AND 553**<br><br>[Relates to Dkt. No. 1141–1148]<br><br>Date: May 9, 2019<br>Time: 9:30 a.m.<br>Place: United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102 |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned Chapter 11 Cases (the "**Chapter 11 Cases**"), respectfully submit this preliminary response in opposition to Philip Verwey Farms' ("**PVF**") *Motion for Relief from Automatic Stay to Exercise Setoff Pursuant to 11 U.S.C. §§ 362 and 553* (the "**Motion**"). *See* Dkt. No. 1141.

PVF's Motion acknowledges that it owes the Utility hundreds of thousands of dollars[1] in charges related to construction of a pipeline on PVF's property and for electricity and gas usage by PVF. However, PVF asserts that it is entitled to withhold those funds pursuant to an alleged right to setoff. *See* Motion at 7. At the crux of PVF's setoff claim is a claim for damages arising out of an alleged explosion on PVF property, for which PVF has filed an amended proof of claim against the Utility, seeking $1,234,469.61. *See id.* at 8, 18. PVF's Motion should be denied for several reasons.

First, any request by PVF for "relief from stay" to assert a claim against PG&E is misplaced because PVF has already filed a proof of claim against PG&E for the claims related to the alleged explosion. Indeed, the Motion indicates that on February 14, 2019, PVF filed a proof of claim against PG&E for these claims and on March 5, 2019, PVF filed an amended proof of claim asserting its rights to setoff pursuant to Sections 542(b) and 553 of the Bankruptcy Code. Motion at 8.

Further, it appears that PVF's Motion seeks not just a right to setoff, but also seeks a determination of liability, amounts owed, or whether PVF's asserted claim against the Debtors are "liquidated" or "non-contingent." *See* Mot. at 16–17. Such request is overly broad, premature and inappropriate relief requested on a motion for relief from stay to exercise setoff. The Bankruptcy Appellate Panel has found that "consideration of setoff is premature" when, as here, "the record has not established the existence of such a debt." *In re Brown & Cole Stores, LLC*, 375 B.R. 873, 880 (B.A.P. 9th Cir. 2007) (Montali, J.). "If and when such claims are asserted in proper form and adjudicated by the bankruptcy court, then any and all defenses, setoffs, and

---

[1] The Motion asserts that PVF owes the Utility $390,874.17.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

counterclaims can be considered." *Id.* at 881. Here, the Debtors dispute PVF's claim, both as to liability and amount—and any relief granted on this Motion should not permit PVF to have any broader relief or access to any other litigation process, or impose on the Utility any litigation burden, beyond what is involved in the normal claims review and allowance process.

Simply put, PVF's Motion is not the proper vehicle for attending to "a full adjudication of the merits of the parties." *See In re Luz Int'l, Ltd.*, 219 B.R. 837, 841 (B.A.P. 9th Cir. 1998) (reversing bankruptcy court for making a final adjudication on the setoff motion in the context of a motion for relief from stay). Thus, this Court should reject PVF's invitation to expedite and adjudicate its claim outside of the normal claims reconciliation and administration process. Numerous creditors have already asserted proofs of claims against the Debtors, and nothing under sections 362 or 363 of the Bankruptcy Code grants PVF the right to jump the line. Moreover, granting such relief would invite other creditors to file similar motions to adjudicate or liquidate their claims, which would require the Debtors to take time and attention away from the critical task of formulating a chapter 11 plan to effectively determine claims even before a bar date has been set by the Court.

In sum, PVF's requested relief is overly broad, premature, and should be denied. Alternatively, PG&E respectfully requests that this Court schedule a final hearing and set a briefing schedule for PG&E to submit a full opposition to PVF's Motion.

Dated: May 2, 2019

**WEIL, GOTSHAL & MANGES LLP**
**KELLER & BENVENUTTI LLP**

By: */s/ Peter J. Benvenutti*
      Peter J. Benvenutti

*Attorneys for Debtors and Debtors in Possession*

3

Case: 19-30088   Doc# 1817   Filed: 05/02/19   Entered: 05/02/19 17:50:06   Page 3 of 3