| | |
|---|---|
| 1 | WEIL, GOTSHAL & MANGES LLP |
| 2 | Stephen Karotkin (*pro hac vice*) (stephen.karotkin@weil.com) |
| 3 | Ray C. Schrock, P.C. (*pro hac vice*) (ray.schrock@weil.com) |
| 4 | Jessica Liou (*pro hac vice*) (jessica.liou@weil.com) |
| 5 | Matthew Goren (*pro hac vice*) (matthew.goren@weil.com) |
| 6 | 767 Fifth Avenue New York, NY 10153-0119 |
| 7 | Tel: 212 310 8000 Fax: 212 310 8007 |

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | ***EX PARTE* APPLICATION FOR ORDER PURSUANT TO L.B.R. 9013-1(c) AUTHORIZING OVERSIZE BRIEFING FOR MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE DEBTORS' BAR DATE MOTION** |
| **Debtors.** | Related Document: Dkt. No. 1784 |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | [No hearing requested] |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this *Ex Parte* Application (the "**Application**"), pursuant to Rule 9013-1(c) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for an order authorizing the Debtors to file an oversize memorandum of points and authorities in support of the *Motion of Debtors Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 For Order (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* (the "**Bar Date Motion**")[1] [Dkt. No. 1784], which the Debtors filed on May 1, 2019.

In support of this Application, the Debtors submit the Declaration of Matthew P. Goren (the "**Goren Declaration**"), filed contemporaneously herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.        JURISDICTION**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.       BACKGROUND**

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Bar Date Motion.

1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

**III. OVERSIZE BRIEFING FOR THE BAR DATE MOTION IS WARRANTED**

Bankruptcy Local Rule 9013-1(c) provides that, "Unless the Court expressly orders otherwise, the initial and response memoranda of points and authorities shall not exceed 25 pages of text, and reply memorandum shall not exceed 15 pages of text." B.L.R. 9013-1(c).

The Bar Date Motion seeks an order (i) establishing deadlines for filing proofs of claim (the "**Bar Date**"), (ii) establishing the form and manner of notice thereof, and (iii) approving the Debtors' plan for providing notice of the Bar Date and other important deadlines and information to all creditors and potential creditors. Due to the unique nature of these Chapter 11 Cases, the Debtors are proposing special procedures to facilitate the submission and evaluation of Wildfire Claims, including, as discussed in the Bar Date Motion, a simpler Wildfire Claim Bar Date Notice and customized Proof of Claim Forms for both Wildfire Claimants and Wildfire Subrogation Claimants. The Debtors are also proposing special procedures for providing notice of the Bar Date to their 16 million Customers, including a simpler Customer Bar Date Notice. In addition to serving the Bar Date Notices, as set forth in the Bar Date Motion, the Debtors intend to provide supplemental notice of the Bar Date to unknown creditors, including Unknown Wildfire Claimants, through a multi-faceted Supplemental Notice Plan that has been designed to reach its target audiences in a variety of different ways, including: (i) multiple newspaper publication notices, (ii) digital advertising, including social

media and other paid internet search listings, (iii) television and radio advertising, (iv) email notice, and (v) dedicated claim service centers.

The Debtors submit that sufficient cause exists for the Court to allow oversize briefing for the Bar Date Motion. To adequately describe the Debtors' unique circumstances, which necessitate and justify the Notice Procedures, and detail the special procedures of which the Debtors seek the Court's approval pursuant to the Bar Date Motion, the Debtors believe it is appropriate to request authority for the MPA to exceed the 25 pages allowed under Bankruptcy Local Rule 9013-1(c).

**IV.  NOTICE**

Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE,** the Debtors respectfully request entry of an order authorizing the Debtors to file a memorandum of points and authorities in support of the Bar Date Motion to exceed 25 pages, but not to exceed 40 pages, and such other and further relief as the Court may deem just and appropriate.

////
////
////
////
////

| | | |
|---|---|---|
| Dated: May 2, 2019 | | **WEIL, GOTSHAL & MANGES LLP** |
| | | **KELLER & BENVENUTTI LLP** |
| | | By: /s/ *Jane Kim* |
| | |       Jane Kim |
| | | *Attorneys for Debtors and Debtors in Possession* |