WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>               **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF MATTHEW P. GOREN IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER PURSUANT TO L.B.R. 9013-1(c) AUTHORIZING OVERSIZE BRIEFING FOR MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE DEBTORS' BAR DATE MOTION**<br><br>Related Document: Dkt. No. 1784<br><br>[No hearing requested] |

I, Matthew P. Goren, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am counsel at the law firm of Weil, Gotshal & Manges LLP, counsel to PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I submit this declaration in support of the Debtors' *Ex Parte* Application (the "**Application**"), pursuant to Rule 9013-1(c) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for an order authorizing the Debtors to file an oversize memorandum of points and authorities (the "**MPA**") in support of the *Motion of Debtors Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 For Order (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* (the "**Bar Date Motion**") [Dkt. No. 1784], which the Debtors filed on May 1, 2019.

2. The Bar Date Motion seeks an order (i) establishing deadlines for filing proofs of claim (the "**Bar Date**"), (ii) establishing the form and manner of notice thereof, and (iii) approving the Debtors' plan for providing notice of the Bar Date and other important deadlines and information to all creditors and potential creditors. Due to the unique nature of these Chapter 11 Cases, the Debtors are proposing special procedures to facilitate the submission and evaluation of Wildfire Claims, including, as discussed in the Bar Date Motion, a simpler Wildfire Claim Bar Date Notice and customized Proof of Claim Forms for both Wildfire Claimants and Wildfire Subrogation Claimants. The Debtors are also proposing special procedures for providing notice of the Bar Date to their 16 million Customers, including a simpler Customer Bar Date Notice. In addition to serving the Bar Date Notices, as set forth in the Bar Date Motion, the Debtors intend to provide supplemental notice of the Bar Date to unknown creditors, including Unknown Wildfire Claimants, through a multi-faceted Supplemental Notice Plan that has been designed to reach its target audiences in a variety of different ways, including: (i) multiple newspaper publication notices, (ii)

digital advertising, including social media and other paid internet search listings, (iii) television and radio advertising, (iv) email notice, and (v) dedicated claim service centers..

3. To adequately describe the Debtors' unique circumstances, which necessitate and justify the Notice Procedures, and detail the special procedures of which the Debtors seek the Court's approval pursuant to the Bar Date Motion, the Debtors believe it is appropriate to request authority for the MPA to exceed the 25 pages allowed under Bankruptcy Local Rule 9013-1(c).

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct and that this declaration was executed at New York, New York, on May 2, 2019.

*/s/ Matthew P. Goren*
Matthew P. Goren