EXHIBIT 1

L/cdl

Date of Issuance
November 23, 2015

BEFORE THE PUBLIC UTILITIES COMMISSION OF THE STATE OF CALIFORNIA

| | |
|---|---|
| Order Instituting Investigation and Ordering Pacific Gas and Electric Company to Appear and Show Cause Why It Should Not Be Sanctioned for Violations of Article 8 and Rule 1.1 of the Rules of Practice and Procedure and Public Utilities Code Sections 1701.2 and 1701.3. | FILED<br>PUBLIC UTILITIES COMMISSION<br>NOVEMBER 23, 2015<br>I.15-11-015 |

**ORDER INSTITUTING INVESTIGATION
AND ORDERING PACIFIC GAS AND ELECTRIC COMPANY
TO APPEAR AND SHOW CAUSE WHY IT SHOULD NOT BE SANCTIONED
FOR VIOLATIONS OF ARTICLE 8 AND RULE 1.1 OF THE RULES OF
PRACTICE AND PROCEDURE AND PUBLIC UTILITIES CODE
SECTIONS 1701.2 AND 1701.3**

**1.     Summary**

We open this investigation into Pacific Gas and Electric Company's (PG&E) failure to timely report *ex parte* communications and for engaging in improper *ex parte* communications in violation of Article 8 of the Rules of Practice and Procedure (C.C.R. Title 20, Div. 1, Ch. 1, Sections 8.1 *et seq*.), Rule 1.1 of the Rules of Practice and Procedure, and Public Utilities Code (Pub. Util. Code) §§ 1701.2(c) and 1701.3(c) related to the following proceedings:

- Rulemaking (R.) 09-01-019, Rulemaking to Examine the Commission's Energy Efficiency Risk/Reward Incentive Mechanism (Energy Efficiency Risk/Reward Incentive Mechanism Rulemaking)

- R.11-02-019, Rulemaking to Adopt New Safety and Reliability Regulations for Natural Gas Transmission and Distribution Pipelines and Related Ratemaking Mechanisms (Gas Pipeline Safety and Reliability Rulemaking)

EXHIBIT 1

I.15-11-015                                    L/cdl

- Application (A.) 09-12-020, Application of PG&E for Authority, Among Other Things, to Increase Rates and Charges for Electric and Gas Service Effective on January 1, 2011 (PG&E's 2011 General Rate Case (GRC))

- A.09-09-021, Application of PG&E for Approval of 2008 Long-Term Request for Offer Results and for Adoption of Cost Recovery and Ratemaking Mechanisms (PG&E Application for Approval of 2008 LTRO Results)

- A.09-12-002, Application of PG&E for Approval of the Manzana Wind Project and Issuance of a Certificate of Public Convenience and Necessity (PG&E Application for Approval of Manzana Wind Project)

- A.10-02-028, Application of Pacific Gas and Electric Company for Approval of its 2010 Rate Design Window Proposal for 2-Part Peak Time Rebate and Recovery of Incremental Expenditures Required for Implementation, and consolidated matter A.10-08-005  (PG&E Application for Approval of Peak Time Rebate)

- A.14-02-008, Application of Pacific Gas and Electric Company for Compliance Review of Utility Owned Generation Operations, Electric Energy Resource Recovery Account Entries, Contract Administration, Economic Dispatch of Electric Resources, Utility Retained Generation Fuel Procurement, and Other Activities for the Period January 1 through December 31, 2013 (PG&E 2013 ERRA Application)

- Investigation (I.) 12-01-007, Investigation into the Operations and Practices of Pacific Gas and Electric Company to Determine Violations of Pub. Util. Code § 451, General Order 112, and Other Applicable Standards, Laws, Rules and Regulations in Connection with the San Bruno Explosion and Fire on September 9, 2010, and related investigations I.11-02-016 and I.11-11-009. (Pipeline Investigations)

EXHIBIT 1

I.15-11-015                          L/cdl

Additionally, PG&E is ordered to show cause why it should not also be found to have violated the prohibition on *ex parte* communications in the Pipeline Investigations, as alleged by the City of San Bruno in the Pipeline Investigations.[1]

## 2.  Background and Discussion

The Commission first became aware of Pacific Gas and Electric Company (PG&E) having engaged in improper *ex parte* communications in Application (A.) 13-12-012, the Application of PG&E Proposing Cost of Service and Rates for Gas Transmission and Storage Services for the Period 2015 – 2017 (GT&S Proceeding).  On September 15, 2014, in that proceeding, PG&E filed a "Notice of Improper *Ex Parte* Communications" giving notice of numerous written communications concerning the assignment of that proceeding to particular Administrative Law Judges (ALJs) in violation of Rule 8.3(f).  By ruling dated September 17, 2014, the Law and Motion ALJ ordered PG&E to appear and show cause why it should not be sanctioned for those violations, and the Commission ultimately imposed sanctions on PG&E for those violations. (*See* Decision (D.) 14-11-041.)

On October 6, 2014, also in the GT&S Proceeding, PG&E filed an "Update Re September 15, 2014 Notice of Improper *Ex Parte* Communications" giving notice of improper *ex parte* oral communications with a Commissioner that had occurred on May 30, 2010, concerning matters in A.09-12-020 (PG&E's 2011 GRC), A.09-09-021 (PG&E's Application for Approval of 2008 LTRO Results), A.09-12-002 (PG&E Application for Approval of Manzana Wind Project), and R.09-01-019 (Energy Efficiency Risk/Reward Incentive Mechanisms Rulemaking).[2]  These proceedings are categorized as ratesetting and, as such, are subject to Rule 8.3(c) and Rule 8.4.  Rule 8.3(c) requires that notice of an individual meeting with a decisionmaker be given at least

---

[1] *See* D.15-04-024 at 172.

[2] This notice was subsequently filed in each of those dockets pursuant to Chief ALJ Sullivan's December 4, 2014 ruling.

3

EXHIBIT 1

I.15-11-015   L/cdl

three days before the meeting, and Rule 8.4 requires that a description of the communication be reported within three business days of its occurrence.[3]

On December 22, 2014, in Rulemaking (R.) 11-02-019 (Gas Pipeline Safety and Reliability Rulemaking) and in Pipeline Investigations, PG&E filed a "Late Notice of *Ex Parte* Communications" giving notice of improper *ex parte* communications with Commissioners that had occurred on September 9, 2011, November 21, 2011, and December 31, 2012, concerning matters in those proceedings. The Gas Pipeline Safety and Reliability Rulemaking is categorized as ratesetting and, as such, is subject to Rule 8.3(c) and Rule 8.4 as described above. The Pipeline Investigations are categorized as adjudicatory and, as such, *ex parte* communications are prohibited pursuant to Rule 8.3(b).

On June 11, 2015, in A.10-02-028 and consolidated matter (PG&E Application for Approval of Peak Time Rebate), PG&E filed late notice of an *ex parte* communication that had occurred on January 28, 2014, with a Commissioner's personal advisor. This proceeding is categorized as ratesetting and, as such, communications with a Commissioner's personal advisor must be reported consistent with Rule 8.4 as described above. (*See* Rule 8.2.)

On May 21, 2015, in A.14-02-008 (PG&E 2013 ERRA Application), PG&E filed notice of an improper *ex parte* communication that occurred on March 6, 2014 with a Commissioner.[4] The communication concerned the assignment of a particular ALJ to the proceeding. Pursuant to Rule 8.3(f), "*ex parte* communications regarding the assignment of a proceeding to a particular Administrative Law Judge … are prohibited."

In addition to admitting that it failed to comply with Rule 8 of the Rules of Practice and Procedure (Rules), PG&E's filings demonstrate that it knowingly violated

---

[3] These rules apply to proceedings that have been categorized as ratesetting. A.09-12-020, A.09-09-021, A.09-12-002 and R.09-01-019 are categorized as ratesetting.

[4] The assignment of the ALJ and assigned Commissioner occurred on March 14, 2014.

**EXHIBIT 1**

I.15-11-015                              L/cdl

Pub. Util. Code §§ 1701.2(c) and 1701.3(c).[5]  This investigation shall determine what sanctions should be imposed for these violations pursuant to Pub. Util. Code §§ 701, 2107 and 2108.

Further, this investigation shall determine whether PG&E's admitted failure to file timely the ex parte notices delineated in this Order, as well as its admission that it knowingly engaged in prohibited ex parte communications, constitutes a violation of Rule 1.1 of the Commission's Rules of Practice and Procedure.  If violations are found, this investigation shall determine what sanctions should be imposed for these violations pursuant to Pub. Util. Code §§ 701, 2107 and 2108.

Finally, we shall consider in this investigation the following allegations of *ex parte* violations raised by the City of San Bruno in the Pipeline Investigations:

1. *Motion of the City of San Bruno For An Order To Show Cause Why Pacific Gas And Electric Company Should Not Be Held In Violation of Commission Rule of Practice And Procedure 8.3(b) (Rule Against Ex Parte Communications) and for Sanctions and Fees*, filed on July 28, 2014.

2. *Motion for Evidentiary Hearing on City of San Bruno's Motion for an Order to Show Cause as to Why Pacific Gas and Electric Company Should Not Be Held in Violation of Commission Rule of Practice and Procedure 8.3(b) and for Sanctions and Fees*, filed on November 10, 2014.

We noted in D.15-04-024, "Due to the seriousness of the allegations raised by [the City of San Bruno] we believe they should be further investigated."[6]  We find that this investigation is the appropriate forum to review these allegations.

---

[5] Section 1701.2(c) provides that *ex parte* communications are prohibited in adjudicatory cases.  Section 1701.3(c) provides, in relevant part that a party that is granted an individual *ex parte* meeting send notice of the meeting at the time the request is granted, but "in no event shall that notice be less than three days."

[6] D.15-04-024 at 173.

Accordingly, we hereby order PG&E to appear, at a time to be determined by the presiding officer, and show cause why it should not be sanctioned for violating Rule 8 of the Commission's Rules, Rule 1.1 of the Commission's Rules and the Pub. Util. Code.

### 3. Preliminary Scoping Memo

The preliminary scope of issues and schedule of the proceeding are set forth below, and may be changed by the assigned Commissioner's scoping memo. (*See* Rule 7.3.)

1. What sanctions should be imposed on PG&E for its admitted violations of Rule 8 of the Commission's Rules and Pub. Util. Code §§ 1701.2(c) and 1701.3(c) with respect to the following *ex parte* notices?

    a. *Pacific Gas and Electric Company's Update Re September 15, 2014 Notice of Improper Ex Parte Communications,* filed on October 6, 2014 in A.13-12-012 (reporting improper ex parte oral communications with a Commissioner that had occurred on May 30, 2010, concerning matters in A.09-12-020, A.09-09-021, A.09-12-002, and R.09-01-019).

    b. *Pacific Gas and Electric Company's Late Notice of Ex Parte Communications,* filed on December 22, 2014 in R.11-02-019 (giving late notice of ex parte communications with Commissioners that had occurred on September 20, 2011, and December 31, 2012).

    c. *Pacific Gas and Electric Company's Notice of Improper Ex Parte Communications,* filed on December 22, 2014 in I.12-01-007, I.11-02-016 and I.11-11-009 (giving notice of improper ex parte communications with Commissioners that occurred on December 31, 2012 and March 3, 2012).

    d. *Revised Late-Filed Notice of Ex Parte Communication of Pacific Gas and Electric Company,* filed on June 11, 2015 in A.10-02-028 (giving late notice of an ex parte communication that had occurred on January 28, 2014, with a Commissioner's personal advisor.)

    e. *Pacific Gas and Electric Company's (U39E) notice of Improper Communication,* filed on May 21, 2015 in A.14-02-008 (giving notice of improper ex parte communication that occurred on March 6, 2014).

EXHIBIT 1

I.15-11-015                     L/cdl

2. Did PG&E violate Rule 1.1 of the Commission's Rules of Practice and Procedure by failing to timely file the ex parte notices or by engaging in improper ex parte communications listed in #1 above? If violations of Rule 1.1 are found, what sanctions should be imposed?

3. Did PG&E violate the prohibition on *ex parte* communications in I.11-02-016, I.11-11-009 and I.12-01-007, as alleged by the City of San Bruno, in the following motions?

   a. *Motion of the City of San Bruno for an Order to Show Cause Why Pacific Gas and Electric Company Should Not Be Held in Violation of Commission Rule of Practice and Procedure 8.3(b) (Rule Against Ex Parte Communications) and for Sanctions and Fees, filed on July 28, 2014.*

   b. *Motion for Evidentiary Hearing on City of San Bruno's Motion for an Order to Show Cause as to Why Pacific Gas and Electric Company Should Not Be Held in Violation of Commission Rule of Practice and Procedure 8.3(b) and for Sanctions and Fees, filed on November 10, 2014.*

4. If violations are found in #3 above, what sanctions should be imposed?

The issue of sanctions to be imposed encompasses consideration of Pub. Util. Code § 2107, which sets a $500 minimum and a $50,000 maximum fine for each offense, and § 2108, which provides that every day is a separate offense. It also encompasses consideration of the five factors to consider in assessing fines, as identified in the Affiliate Rulemaking Decision, D.98-12-075, as follows:

   a. How many days did each violation continue?
   b. What harm was caused by virtue of the violations? This includes harm to the integrity of the regulatory process.
   c. What was the utility's conduct in preventing, detecting, correcting, disclosing and rectifying the violation?
   d. What amount of fine will achieve the objective of deterrence?
   e. What fine or sanction has the Commission imposed under reasonably comparable factual circumstances?

Also, the issue of sanctions may encompass the consideration of any or all other remedies available to the Commission, including remedies pursuant to Pub. Util. Code § 701.

EXHIBIT 1

I.15-11-015                              L/cdl

**4.    Category**

The category of this proceeding is adjudicatory.  Accordingly, *ex parte* communications are prohibited pursuant to Rule 8.3(b).

**5.    Preliminary Determination of Need for Hearing**

It is preliminarily determined that evidentiary hearings will be needed in this proceeding.  However, given PG&E's admissions of *ex parte* violations in its filings, this OII may be conducted as an OSC on the violations, either with or without hearings.

**6.    Schedule**

Pursuant to Rule 7.6(a), appeals of the categorization of this investigation, if any, are to be filed and served within 10 days of the date this order is issued.

Respondent PG&E may file comment on the preliminary determination of need for evidentiary hearings, issues, and schedule within ten days of the date this order is issued.  Other persons who intend to move for party status may also file comment on these matters within ten days of the date this order is issued, provided that such comment is accompanied by written motion for party status (*See* Rule 1.4(a)(4) and (b)) and such motion is granted.

A prehearing conference shall be set as soon as practicable after a Commissioner and Administrative Law Judge are assigned to this proceeding.

The schedule for taking testimony and briefing shall be determined by the assigned Commissioner, and may be modified by the assigned ALJ as required to promote the efficient and fair resolution of the investigation.  It is expected that the investigation will be resolved no later than 12 months from the date this investigation is instituted, pursuant to Pub. Util. Code § 1701.2(e).

**7.    Service of OII**

This OII shall be served on the Official Service List for the proceedings that are implicated by the identified violations of the Rules of Practice and Procedure, as follows:

- R.09-01-019; R.11-02-019
- A.09-12-020; A.09-09-021; A.09-12-002; A.10-02-028; A.14-02-008;

- I.12-01-007; I.11-02-016; I.11-11-009

Service of the OII does not confer party status or place a person who has received such service on the Official Service List for this proceeding.

**8.    Addition to Official Service List**

Addition to the official service list is governed by Rule 1.9(f) of the Commission's Rules.

Any person will be added to the "Information Only" category of the official service list upon request, for electronic service of all documents in the proceeding, and should do so promptly in order to ensure timely service of comments and other documents and correspondence in the proceeding.  (*See* Rule 1.9(f).)  The request must be sent to the Process Office by e-mail (process_office@cpuc.ca.gov) or letter (Process Office, California Public Utilities Commission, 505 Van Ness Avenue, San Francisco, California  94102).  Please include the Docket Number of this rulemaking in the request.

Persons who move for party status (*See* Rule 1.4) will be added to the "Parties" category of the official service list upon granting of such motion.  In order to assure service of comments and other documents and correspondence in advance of obtaining party status, persons should promptly request addition to the "Information Only" category as described above; they will be removed from that category upon obtaining party status.

**9.    Subscription Service**

Persons may monitor the proceeding by subscribing to receive electronic copies of documents in this proceeding that are published on the Commission's website.  There is no need to be on the official service list in order to use the subscription service. Instructions for enrolling in the subscription service are available on the Commission's website at http://subscribecpuc.cpuc.ca.gov.

**10.    Public Advisor**

Any person or entity interested in participating in this rulemaking who is unfamiliar with the Commission's procedures should contact the Commission's Public

9
Case: 19-30088    Doc# 1821-1    Filed: 05/02/19    Entered: 05/02/19 18:25:22    Page 9 of 11

EXHIBIT 1

I.15-11-015        L/cdl

Advisor in San Francisco at (415) 703-2074 or (866) 849-8390 or e-mail public.advisor@cpuc.ca.gov.  The TTY number is (866) 836-7825.

O R D E R

**IT IS ORDERED** that:

1.  In accordance with Rule 5.1 of the Rules of Practice and Procedure, the Commission institutes this order instituting investigation and orders Pacific Gas and Electric Company to appear and show cause why it should not be sanctioned for violations of Rule 1.1 of the Commission's Rules of Practice and Procedure, Article 8 of the Rules of Practice and Procedure concerning communications with decisionmakers and advisors and Public Utilities Code Sections 1701.2(c) and 1701.3(c).

2.  Comment on the preliminary determination of need for evidentiary hearings, issues, and schedule are due within ten days of the date this order is issued.

3.  The Executive Director shall cause this order instituting investigation to be served on the official service lists for Rulemaking (R.) R.09-01-019; R.11-02-019; Application (A.) A.09-12-020; A.09-09-021; A.09-12-002; A.10-02-028; A.14-02-008; Investigation (I.) 12-01-007, I.11-02-016, and I.11-11-009.

4.  The Executive Director shall cause a copy of this order instituting investigation to be served by certified mail on the Respondent, PG&E, at:

| | |
|---|---|
| Anthony Early<br>Chairman, Chief Executive Officer<br>  and President<br>PG&E Corporation<br>77 Beale Street<br>San Francisco, CA 94105 | Hyun Park<br>General Counsel<br>PG&E Corporation<br>77 Beale Street<br>San Francisco, CA 94105 |
| Nick Stavropoulos<br>President, Gas<br>Pacific Gas and Electric Company<br>77 Beale Street<br>San Francisco, CA 94105 | Geisha Williams<br>President, Electric<br>Pacific Gas and Electric Company<br>77 Beale Street<br>San Francisco, CA  94105 |

EXHIBIT 1

I.15-11-015                               L/cdl

This order is effective today.

Dated  November 19, 2015, at San Francisco, California.

>                MICHAEL PICKER
>                        President
> CATHERINE J.K. SANDOVAL
> CARLA J. PETERMAN
> LIANE M. RANDOLPH
>                        Commissioners

I abstain.

/s/ MICHEL PETER FLORIO
        Commissioner