WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☑ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**PRELIMINARY RESPONSE IN OPPOSITION TO THE GELMANS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ABSTENTION PURSUANT TO 28 U.S.C. § 1334(c)(1)**<br><br>**[Related to Docket No. 1310]**<br><br>Date: May 9, 2019<br>Time: 9:30 a.m.<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

Pacific Gas and Electric Company (the "**Utility**" or the "**Debtor**") and its parent, PG&E Corporation (collectively, the "**Debtors**")," as debtors and debtors in possession in the above-captioned Chapter 11 Cases (the "**Chapter 11 Cases**"), respectfully submit this preliminary response in opposition to Marina and Mikhail Gelmans' (together, "**the Gelmans**") Motion for Relief from the Automatic Stay and Abstention Pursuant to 28 U.S.C. § 1334(c)(1) (the "**Motion**"). *See* Dkt. No. 1310. As discussed below, the Motion fails to make a prima facie showing for relief and should be denied. *See In re Plumberex Specialty Products, Inc.*, 311 B.R. 551, 557 (Bankr. C.D. Cal. 2004) ("To obtain relief from the automatic stay, the party seeking relief must first establish a prima facie case. If the movant fails to meet its initial burden to demonstrate cause, relief from the automatic stay should be denied.").

On January 31, 2017, the Gelmans initiated a personal injury action in San Francisco County Superior Court arising out of an alleged trip-and-fall incident, naming the Debtor, the City and County of San Francisco, and Blue Plantain, LLC as defendants (the "**Gelman Action**"). *See* Motion at 2-4. As of January 29, 2019, all claims against the Debtor in the Gelman Action have been stayed. *See* 11 U.S.C. § 362(a). The Gelmans now seek relief from the automatic stay under 11 U.S.C. § 362(d)(1) to "prosecute [the Gelman Action] to judgment." *See* Motion at 2. However, the Motion fails to establish a prima facie basis for its requested relief from the automatic stay and should be denied.

The Gelmans fail to show how their personal injury claim is different from the numerous other claims against the Debtors, including all other prepetition tort claims, so as to justify diversion of the Debtor's resources and management attention away from undertaking its reorganization.[1] Indeed, the Gelman Action is not unique, either in relation to the approximately one hundred non-

---

[1] The Debtor commenced the Chapter 11 Cases less than four months ago and it should be afforded the necessary "breathing room" to focus its attention on the critical matters necessary to move these Chapter 11 cases forward, including formulating a Chapter 11 plan and developing a structured approach to address *all* tort claims in an orderly manner. Indeed, as this Court aptly stated, "it is far too early in this case to consider relief from stay for a party to pursue tort claims. . . .The [D]ebtors, committee counsel, other parties in interest and the [C]ourt need time to consider whether there can and will be a coordinated and structured approach for dealing with tort claims." *See* Judge Docket Order, Case No. 19-30088, February 23, 2019 (Tentative Ruling on Valero Refining Motion For Relief From Stay).

wildfire tort cases against the Debtor for personal injury and/or property damages—approximately half of which include other non-debtor defendants—and certainly not in relation to the thousands of claims and lawsuits arising from wildfires. Permitting the Gelman Action to proceed threatens to open the floodgates for all tort plaintiffs to request relief from stay, rather than filing proofs of claim via the customary bankruptcy process. Such a result would defeat the very purpose of the automatic stay and interfere with the pending Chapter 11 Cases. Requests for relief from stay to litigate tort claims such as the Gelman Action should be denied to ensure orderly and fair administration of the estate regarding all tort claims. *In re Curtis*, 40 B.R. 795, 806 (Bankr. D. Utah 1984) ("Even slight interference with the administration [of the debtor's estate] may be enough to preclude relief [from the automatic stay] in the absence of a commensurate benefit.").

Moreover, granting the Gelmans relief from the automatic stay would prejudice the interests of other creditors and interested parties. The Gelmans incorrectly assert that allowing the Gelman Action to proceed in state court would not prejudice other stakeholders in the bankruptcy because it "involves only state law personal injury claims." Motion at 6. The automatic stay is critical to protect debtors and creditors by halting the creditor race to bring and prosecute any and all types of claims against the debtor, to the net detriment of the estate and all creditors. *See In re Landmark Fence Co.*, No. CV 11-00934 AHM, 2011 U.S. Dist. LEXIS 150928, at *7 (C.D. Cal. Dec. 9, 2011). The Gelmans have failed to make a prima facie showing why their disputed personal injury claim should be treated differently from the other claims and pending lawsuits of all other tort claimants. Granting the Motion would force the Debtor to devote resources to address the Gelmans' claims ahead of the thousands of other tort claimants, prejudicing all other prepetition claimants who follow the normal claims filing and administration process that is central to Chapter 11. And, there is a real possibility that dollars spent on defending the Gelman Action, should it be allowed to proceed, will diminish the total dollars available to pay in compensation to all claimants.

Furthermore, any assertion by the Gelmans that relief from stay would promote judicial economy and is necessary to avoid delay is unfounded. Although the Gelman Action is set for trial on December 16, 2019, the Gelmans admit that the trial date in the Gelman Action has been pushed

3

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

back several times, and they have failed to set forth any evidence that the parties are prepared for trial. *See* Motion at 6. Indeed, this is not a situation where a claim is about to be fixed or liquidated by a state court on the eve of trial or judgment. Contrary to the Gelmans' assertion, judicial economy would be better served by denying stay relief and addressing their claims against the Debtor in the normal claims process as is customary in cases under Chapter 11. Given the magnitude of tort claims against the Debtors, an orderly process for resolving these claims is necessary.

Equally unpersuasive is the Gelmans' assertion that they would suffer "a great injustice" if the stay remains in place simply because they would be forced "to proceed separately" against the Debtor and the non-debtor defendants. Motion at 7. The Motion does not allege *how* separate proceedings would prejudice the Gelmans nor can the Gelmans plausibly claim that the stay precludes the Gelmans from recovering their claim from either the City and County of San Francisco and/or Blue Plantain, LLC under generally applicable joint liability theories. Furthermore, the Gelmans can prosecute their claims against the Debtor by filing a proof of claim and participating, along with other unsecured creditors, in the claims allowance process.[2] And, as previously stated, there is nothing unique about the Gelmans having to litigate against other defendants as there are numerous other claimants who brought tort claims against the Debtors and other non-debtor defendants. The fact that a claimant may be required to proceed separately against the debtor and non-debtor defendants in different forums is not dispositive of whether the Court should lift the stay. *See In re Sonnax Indus., Inc*., 907 F.2d 1280, 1287 (2d Cir. 1990) (holding that balance of harms weighed in favor of stay where the movant had the right to proceed with its claims in a separate proceeding against non-debtor defendants).

In sum, the Motion fails to establish a prima facie basis for its requested relief from the automatic stay. Accordingly, the Gelmans' request for relief from the automatic stay should be denied. If the Court, however, concludes that the Gelmans have made a prima facie case for relief, the Debtor respectfully requests that this Court schedule a final hearing and set a briefing schedule

---

[2] If the Gelmans proceed against the non-debtor defendants to judgment in the Gelman Action, the non-debtor defendants can also file proofs of claim against the Debtor for any purported indemnity claims.

4

for the Debtor to submit a full opposition to the Gelmans' Motion as well as supporting declarations and evidence.³

WEIL, GOTSHAL & MANGES LLP

KELLER & BENVENUTTI LLP

By:   */s/ Peter J. Benvenutti*
        Peter J. Benvenutti

*Attorneys for Debtors and Debtors in Possession*

---

³ Although the Motion also claims to seek permissive abstention, the Gelmans' ultimate desire to litigate hinges upon an order from this Court lifting the automatic stay. *See In re Conejo Enterprises, Inc.*, 96 F.3d 346, 352 (9th Cir. 1996) (holding that "a finding that mandatory abstention applies to [a] state [court] action does not preclude denial of relief from § 362's automatic stay"). The Court need not reach the abstention issue in the first instance because the stay relief request should be denied for the reasons explained above. *See In re Farmland Indus., Inc.*, 309 B.R. 14, 18 n.3 (Bankr. W.D. Mo. 2004) (stating that if "the Court finds that [no] cause exists to lift the automatic stay, the Court will not [need to] address [the movants'] arguments for permissive abstention" pursuant to 28 U.S.C. § 1334(c)(1)). Nevertheless, the Court should likewise deny the Gelmans' abstention request because the Gelmans' Motion fails to set forth evidence showing that the circumstances of their lawsuit and the Chapter 11 Cases weigh in favor of abstention. If the Court is inclined to consider the abstention issue, the Debtor requests that the Court set a briefing schedule for the Debtor to submit a full response to all of the abstention arguments in the Motion before it rules.

5