Robert A. Julian (SBN 99469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone: 628.208.6434
Facsimile: 310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>      -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                              Debtors.<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. §§ 105(a) AND 501 AND FED. R. BANKR. P. 3001(a) FOR ENTRY OF AN ORDER APPROVING PROPOSED MODEL PROOF OF CLAIM FORM FOR FIRE CLAIMS AND RELATED PROCEDURES**<br><br>Date:  June 11, 2019<br>Time:  9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>           Courtroom 17, 16th Floor<br>           San Francisco, CA 94102<br>Objection Deadline: May 28, 2019 |

# TABLE OF CONTENTS

I. JURISDICTION .................................................................................................................. 1

II. BACKGROUND .................................................................................................................. 1

III. THE FIRE CLAIMS, PROPOSED CLAIM FORM AND PROCEDURES ....................... 1

    A. The Fire Claims ........................................................................................................ 2

    B. The Model Fire Proof of Claim Form ...................................................................... 3

    C. Proposed Procedures ................................................................................................ 4

IV. ARGUMENT ....................................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re A.H. Robins, Co.*,
    862 F.2d 1092 (4th Cir. 1988)..................................................................................7

*In re Babcock & Wilcox Co.*,
    No. 00-0558, 2000 WL 1511175 (E.D. La. Oct. 6, 2000) .........................................8

*In re Catholic Diocese of Wilmington, Inc.*,
    Case No. 09-13560 (Bankr. D. Del. 2009)................................................................7

*In re Cluff*,
    313 B.R. 323 (Bankr. D. Utah 2004) ...........................................................5, 6, 7, 9

*In re Diocese of Winona-Rochester*,
    Case No. 13-33707 (Bankr. D. Minn. 2018)..............................................................7

*In re Eagle-Picher Indus., Inc.*,
    158 B.R. 713 (Bankr. S.D. Ohio 1993).....................................................................8

*In re Garner*,
    246 B.R. 617 (B.A.P. 9th Cir. 2000).........................................................................5

*In re Jenny Lynn Mining Co.*,
    780 F.2d 585 (6th Cir. 1986).............................................................................6, 8, 9

*In re Latin*,
    BAP No. EC-08-1082, 2009 WL 7751424 (B.A.P. 9th Cir. Feb. 11, 2009) .............5

*In re the Diocese of New Ulm*,
    Case No. 17-30601 (Bankr. D. Minn. 2017)..............................................................7

*In re TK Holdings Inc.*,
    Case No. 17-11375 (Bankr. D. Del. 2017)............................................................7, 8

*In re USG Corp.*,
    290 B.R. 223 (Bankr. D. Del. 2003) .........................................................................7

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**Statutes**

28 U.S.C. § 152 ................................................................................................................3

28 U.S.C. § 157 ............................................................................................................1, 3

28 U.S.C. § 1334 ..............................................................................................................1

28 U.S.C. § 1408 ..............................................................................................................1

28 U.S.C. § 1409 ..............................................................................................................1

28 U.S.C. § 3571 ..............................................................................................................3

11 U.S.C. § 501(a) ............................................................................................................5

11 U.S.C. § 1107(a) ..........................................................................................................1

11 U.S.C. § 1108 ..............................................................................................................1

**Other Authorities**

Fed. R. Bankr. P. 1015(b) .................................................................................................1

Fed. R. Bankr. P. 3001(a) ............................................................................................4, 5

Fed. R. Bankr. P. 3001(c) .......................................................................................5, 6, 9

Fed. R. Bankr. P. 3001(f) .................................................................................................7

Fed. R. Bankr. P. 3003(c)(2) ............................................................................................5

Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges,
    General Order 24 .......................................................................................................1

Local Rule 5011-1(a) .......................................................................................................1

## I. JURISDICTION

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company ("**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**"), commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").

The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of title 11 of the United States Code (the "**Bankruptcy Code**"). No trustee or examiner has been appointed in the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed the Official Committee of Tort Claimants (the "**TCC**"). Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the Amended Declaration of Jason P. Wells in Support of First Day Motions and Related Relief (Dkt. No. 263) (the "**Wells Declaration**").

## III. THE FIRE CLAIMS, PROPOSED CLAIM FORM AND PROCEDURES

The Debtors' chapter 11 filings were necessitated by a confluence of factors resulting from catastrophic fires that occurred in Northern California prior to the Petition Date, and the Debtors' potential liabilities arising therefrom. *See* Wells Declaration, p. 3. The TCC anticipates that

thousands of parties are likely to file claims in the Chapter 11 Cases arising from or relating to fires that the Debtors are alleged to have caused (each, a "**Fire Claimant**" and, collectively, the "**Fire Claimants**").

### A. The Fire Claims

The fires at issue include fires that occurred over a three-year period—the November 2018 Camp Fire, the October 2017 Atlas Fire, the October 2017 Adobe Fire, the October 2017 Bear Fire, the October 2017 Blue Fire, the October 2017 Cascade Fire, the October 2017 Cherokee Fire, the October 2017 Honey Fire, the October 2017 La Porte Fire, the October 2017 Lobo Fire, the October 2017 McCourtney Fire, the October 2017 Norrbom Fire, the October 2017 Nuns Fire, the October 2017 Oakmont Fire, the October 2017 Partrick Fire, the October 2017 Pocket Fire, the October 2017 Point Fire, the October 2017 Potter Fire, the October 2017 Pythian Fire, the October 2017 Redwood Fire, the October 2017 Sulphur Fire, the October 2017 Sullivan Fire, the October 2017 Tubbs Fire, the October 2017 37 Fire, the December 2016 Ghost Ship Fire, the September 2015 Butte Fire, and other fires that occurred in California prior to the Petition Date (each, a "**Fire**" and, collectively, the "**Fires**").

On March 14, 2019, the Debtors filed their Schedules of Assets and Liabilities (collectively, the "**Schedules**"). *See* Dkt. Nos. 900 & 906. Claims arising from or related to the Fires comprise over 6,400 pages of individuals' and entities' names on both the PG&E Corp.'s and the Utility's Schedule E/F. *Id.* at Schedule E/F. The Debtors have scheduled over 70,000 fire-related claims.

The Debtors scheduled each fire-related claim in an "undetermined" amount and as "disputed," "contingent," and "unliquidated," thus necessitating the need for virtually all, if not all, Fire Claimants to file proofs of claim in the Chapter 11 Cases. In fact, many Fire Claimants have begun filing proofs of claim using the form provided by Prime Clerk on its website—*i.e.*, Official Form 410.

Official Form 410, however, is not tailored to prepetition claims against the Debtors for monetary losses, personal injuries (including death), losses or asserted damages arising out of or relating to the Fires (each, a "**Fire Claim**" and, collectively, the "**Fire Claims**"). This form contains several sections that are unlikely to apply to Fire Claims—*e.g.*, secured status (Official

Form 410 at § 9), cure amount under a lease (*id.* at § 10), setoff rights (*id.* at § 11), and priority (*id.* at § 12). For many Fire Claimants, the amount of their Fire Claims may be undetermined due to the nature of the claims being asserted and because damages continue to accrue (*id.* at § 7).

While all Fire Claims arise out of a Fire, each Fire Claim is unique. According to the Camp Fire Information Website maintained by the California Department of Forestry and Fire Protection as of January 4, 2019, the 2018 Camp Fire alone consumed 153,336 acres, destroyed 13,972 residences, 528 commercial structures, 4,293 other buildings, and resulted in 86 fatalities. Each Fire Claim arising out of or related to a Fire involves different and unique real estate, personal belongings, and injuries. The TCC respectfully submits that the proof of claim form for a Fire Claim should be customized to target information regarding the events giving rise to the Fire Claim, the alleged harm, and the damages sought, and should eliminate the need to provide information that is unnecessary to give the Debtors notice and that may not be available at this time.

### B. The Model Fire Proof of Claim Form

To this end, the TCC has prepared a model proof of claim form, attached to the Motion as Exhibit A (the "**Fire Proof of Claim Form**"), which has been tailored to these Chapter 11 Cases but substantially conforms to the Official Form. The Fire Proof of Claim Form is intended to simplify the process for Fire Claimants to file a proof of claim against the Debtors in respect of any prepetition Fire Claim (each, a "**Fire Proof of Claim**").

The proposed Fire Proof of Claim Form requests important information relating to each Fire Claim. Each Fire Claimant will identify the Fire or the location of their loss, allowing confirmation that their loss was in an affected area. Each Fire Claimant will be required to specify the alleged harm caused by the Fire—*e.g.*, property damage, personal injury, wrongful death, business loss or interruption, lost wages and earning capacity, loss of community and essential services, or agricultural loss. Each Fire Claimant will be required to specify the damages being sought—*e.g.*, economic damages, non-economic damages, punitive, exemplary damages, and statutory damages, attorney's fees and litigation costs, interest, and any other damages recoverable under California law. Each Fire Proof of Claim Form will require each Fire Claimant to provide the address to which notices and payment are to be sent and must be signed by the Fire Claimant or an

attorney or authorized agent under penalty of perjury in accordance with 28 U.S.C. §§ 152, 157, and 3571. This information will provide all parties in interest with notice of the basis and events giving rise to each Fire Claim.

### C. Proposed Procedures

The TCC requests that the Court approve the Fire Proof of Claim Form and find that it complies with the appropriate Official Form and Bankruptcy Rule 3001(a). To be clear, the TCC is not asking the Court to require Fire Claimants that have already filed a proof of claim using Official Form 410 to file a new proof of claim. The TCC is not asking the Court to establish a bar date for any party to file a proof of claim, including Fire Proofs of Claim, or to approve the form or manner of any notices to be given to known and unknown claimants, including the notice of any bar date or any notice by publication. The TCC reserves its rights with respect to procedures proposed by the Debtors.

To implement the use of the proposed Fire Proof of Claim Form, the TCC proposes the following procedures:

1. Prime Clerk will modify the website maintained for the Debtors' Chapter 11 Cases located at https://restructuring.primeclerk.com/pge/ so that (a) the Fire Proof of Claim Form is publicly accessible and (b) the webpage associated with the link entitled "Submit a Claim" (the "**Electronic Filing System**") is modified so that potential Fire Claimants that choose to file a proof of claim form before a deadline to file Fire Proofs of Claim is established are directed to, and can, complete the Fire Proof of Claim Form.

2. Any Fire Claimant that has already filed a proof of claim with Prime Clerk against any of the Debtors utilizing a claim form that substantially conforms to Official Form No. 410 is not required to file another proof of claim, or an amended proof of claim, using the Fire Proof of Claim Form.

3. Any Fire Claimant that choses to do so may file a Fire Proof of Claim using Official Form 410; *provided, however*, that the Electronic Filing System shall default to the Fire Proof of Claim Form for any party that identifies itself as a Fire Claimant.

The foregoing procedures provide instruction as to how the use of the Fire Proof of Claim Form should be implemented and will eliminate uncertainty among Fire Claimants that have already filed proofs of claim against the Debtors.

IV. **ARGUMENT**

The relief sought herein is appropriate under the Bankruptcy Code, the Bankruptcy Rules and applicable case law. Section 501(a) of the Bankruptcy Code provides that a creditor "may file a proof of claim." 11 U.S.C. § 501(a). Bankruptcy Rule 3001(a) provides that: "A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form." Fed. R. Bankr. P. 3001(a).

The Debtors scheduled each Fire Claim in an "undetermined" amount and as "disputed," "contingent," and "unliquidated." Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim "is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim" within the time prescribed by Bankruptcy Rule 3003(c)(3) and that "any creditor who fails to do so shall not be treated as a creditor with respect to such claim for purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2). Therefore, each Fire Claimant that fails to file a Fire Proof of Claim will not be treated as a creditor for purposes of voting and distribution.

An important function of a proof of claim is that it provides notice. As the Ninth Circuit explained in *In re Barker*, "[t]he proof of claim plays the important role of 'alert[ing] the court, trustee, and other creditors, as well as the debtor, to claims against the estate,' and the creditor's intention to enforce the claims." 839 F.3d 1189, 1195 (9th Cir. 2016) (quoting *In re Daystar of California, Inc.*, 122 B.R. 406, 408 (Bankr. C.D. Cal. 1990)). As the Bankruptcy Appellate Panel found in *In re Heath*, the evidentiary effect of a proof of claim is "similar to a verified complaint." 331 B.R. 424, 435 (B.A.P. 9th Cir. 2005) (following *In re Cluff*, 313 B.R. 323, 333 (Bankr. D. Utah 2004), *In re Garner*, 246 B.R. 617, 622 (B.A.P. 9th Cir. 2000)); *see In re Latin*, BAP No. EC-08-1082, 2009 WL 7751424, at *5 (B.A.P. 9th Cir. Feb. 11, 2009) ("A proof of claim is often analogized to a complaint").

When a claim is "based on a writing," Bankruptcy Rule 3001(c) requires the claimant to provide supporting documentation by filing "a copy of the writing" with the proof of claim. Fed.

5

R. Bankr. P. 3001(c).  When documents are voluminous, parties can attach a summary, so the court is not "inundated" with documents.  *Cluff*, 313 B.R. at 335.

However, when a claim is not based on a writing, such as a claim that is "created by statute" or arises "by operation of tort law," "no documentation is required to achieve *prima facie* status." *Id.* at 332 (discussing advisory committee note to Bankruptcy Rule 3001(c) and finding that it applies to claims where the writing "constitutes a fundamental part" thereof).  This principle is illustrated by the Ninth Circuit's decision in *In re Los Angeles International Airport Hotel Associates*, wherein the Circuit upheld the reversal of a Bankruptcy Court decision requiring a taxing authority to attach supporting documentation to a proof of claim reflecting a tax claim.  106 F.3d 1479, 1480 (9th Cir. 1997).  In that case, the debtor's position missed the nature of the underlying "legal obligation[]," which was created by statute and not a contract.  *Id.*

The Ninth Circuit found that, "[i]n the case of a contract, the legal obligation is created by the writing itself," however, "[i]n the case of a [] tax, the obligation to pay the tax is created solely by the completion of the transaction to which the state statute applies."  *Id.*  The Circuit held that the tax obligation was "ascertainable even absent such a writing" and that "Rule 3001(c) is invoked where the obligation itself" is "based upon a writing."  *Id.*  Thus, when "no writing is required <u>to create</u> a [] liability," "Rule 3001(c) does not apply to claims for such debt."  *Id.*(emphasis added); *see In re Jenny Lynn Mining Co.*, 780 F.2d 585, 587 (6th Cir. 1986) (no documentation had to be attached to proof of claim under former Bankruptcy Rule 13-302(c) where claim was based on statute and not on writing since there "was no documentation that would have provided additional notice for the basis of the claim").

As the court in *Cluff* recognized, the same rationale applies equally to claims arising "by operation of tort law." 313 B.R. at 332.  The Debtors' legal obligation to pay Fire Claimants is not created by a writing.  No writing is required to create such liability.  Under *Los Angeles International Airport*, Rule 3001(c)'s documentation requirement does not apply to Fire Claims. 106 F.3d at 1480.  No documentation is necessary to provide the Debtors with notice of the basis for the Fire Claims.  *See Jenny Lynn*, 780 F.2d at 587.  And, no documentation is necessary for a

6

Fire Proof of Claim to be entitled to the "presumptive validity" attributed to it under Bankruptcy Rule 3001(f). *Los Angeles Int'l Airport*, 106 F.3d at 1480; *see Cluff*, 313 B.R. at 332.

In mass tort bankruptcies, courts routinely permit parties to make modifications to the Official Form 410. *See, e.g.*, *In re A.H. Robins, Co.*, 862 F.2d 1092, 1093 (4th Cir. 1988) (discussing custom-designed questionnaire used to elicit information to establish grounds for tort liability and validity of proofs of claim in chapter 11 bankruptcy of manufacturer of defective medical devices); *In re Diocese of Winona-Rochester*, Case No. 13-33707 (Bankr. D. Minn. 2018) (Dkt. No. 51) (approving custom proof of claim form that included a detailed questionnaire for claimants alleging sexual abuse); *In re TK Holdings Inc.*, Case No. 17-11375 (Bankr. D. Del. 2017) (Dkt. No. 959, Ex. B-2) (approving model proof of claim form for individuals who owned vehicles equipped with airbag inflators containing phase-stabilized ammonium nitrate (PSAN) to file claims that required each claimant to provide vehicle-specific information); *In re the Diocese of New Ulm*, Case No. 17-30601 (Bankr. D. Minn. 2017) (Dkt. No. 33) (approving custom proof of claim form for claimants claiming sexual abuse); *In re Catholic Diocese of Wilmington, Inc.*, Case No. 09-13560 (Bankr. D. Del. 2009) (Dkt. No. 308) (approving custom proof of claim form for claimants alleging sexual abuse, which claim form requested information about the alleged abuse and allowed claimants to elect confidential treatment of claims); *The Roman Catholic Bishop of San Diego*, Case No. 07-00939-LA11 (Bankr. C.D. Cal. 2007) (Dkt. No. 1061) (approving custom proof of claim form for claimants alleging sexual abuse that required information regarding basis of abuse claim such as date of acts, nature of acts, witnesses, claimant impact statement, and related legal proceedings); *In re Roman Catholic Archbishop of Portland in Oregon dba the Archdiocese of Portland in Oregon*, Case No. 04-37154-elp11 (Bankr. D. Or. 2004) (Dkt. Nos. 179, 603, and 755) (approving proof of claim form with customized section for claimants alleging sexual abuse); *The Roman Catholic Church of the Diocese of Tucson aka the Diocese of Tucson*, Case No. 4:04-bk-04721-BMW (Bankr. D. Ariz. 2004) (Dkt. No. 118) (approving custom proof of claim form with detailed questionnaire for claimants who claim sexual abuse by clergy); *In re USG Corp.*, 290 B.R. 223, 227-29 (Bankr. D. Del. 2003) (establishing custom proof of claim form for asbestos claimants, including specific information regarding dates and extent of exposure, medical records, pending

litigation records, etc.); *In re Babcock & Wilcox Co.*, No. 00-0558, 2000 WL 1511175, at *1 (E.D. La. Oct. 6, 2000) (considering custom proof of claim form for asbestos claimants and ordering debtors to make certain changes to instructions and proof of claim form to conform with Asbestos Claimant Committee requests); *In re Eagle-Picher Indus., Inc.*, 158 B.R. 713, 716 (Bankr. S.D. Ohio 1993) (noting that the case involved a highly publicized and national advertising campaign, as well as a court-approved proof of claim form).

Such modifications serve several important functions. First, the form can be modified so that each claimant provides specific information about the basis for the tort claim, which information will provide better notice than would otherwise occur. Second, the form can be simplified to eliminate requests for information that is unlikely to apply. By eliminating potential grounds for confusion, a customized proof of claim form can result in more valid claims being filed. Third, the form can be modified to establish reasonable expectations regarding a claimant's ability to provide a claim amount. Where claims are undetermined, unliquidated, or certain elements have yet to be determined through expert testimony or otherwise, claimants should not be required to identify a claim amount. *See, e.g.*, *TK Holdings*, Case No. 17-11375, Dkt. No. 959, Ex. B-2 (permitting parties asserting PSAN-related claims to assert such claims in an "unknown" amount).

Here, the Fire Proof of Claim Form serves each of these functions. First, the Fire Proof of Claim Form incorporates a questionnaire to elicit information regarding the basis for the claim. Each Fire Claimant will be required to identify the specific Fire giving rise to the Fire Claim, the alleged harm caused by such Fire, and the damages being sought. This will put the Debtors and other parties in the Chapter 11 Cases on notice of the basis for each Fire Claim as well as each Fire Claimant's intent to hold the Debtors liable therefor. Since the Fire Claims are tort claims, no additional information is necessary to provide the Debtors or other parties with notice of the basis for the Fire Claims. *See Los Angeles Int'l Airport*, 106 F.3d at 1480; *Jenny Lynn*, 780 F.2d at 587.

Second, the Fire Proof of Claim Form is also more user-friendly than the Official Form 410. By eliminating requests for information that is unlikely to apply—*e.g.*, secured status, cure amount, setoff rights, and priority—the Fire Proof of Claim Form eliminates potential grounds for confusion and will focus each Fire Claimant on providing the information that reflects the basis for the Fire

8

Claim being asserted. The goal is for all Fire Claimants with valid claims against the Debtors to participate in the Chapter 11 Cases. This is critical here given the way the Debtors scheduled Fire Claims and the consequences of not filing a proof of claim in the Chapter 11 Cases.

Third, the Fire Proof of Claim Form has been modified to establish reasonable expectations regarding a claimant's ability, or inability, to provide a claim amount, and to make it clear that supporting documentation is not required at this time. Fire Claims for personal injuries (including death) and emotional distress are unliquidated and may not be determined except through expert and other testimony. The Debtors did not identify a dollar amount for a single Fire Claim listed in the Schedules, opting instead to assert that all are "undetermined." The Fire Proof of Claim Form does not require Fire Claimants to list an amount for their claims, as this would serve no useful purpose at this stage in the Chapter 11 Cases. In addition, the proposed instructions make it clear that supporting documentation is not required at this time. As the courts' analyses in *Los Angeles International Airport*, *Cluff* and *Jenny Lynn* show, such documentation is neither required by Bankruptcy Rule 3001(c), nor is it necessary to put the Debtors and other parties on notice of the Fire Claims.

The day will come when additional documentation and information will be necessary. The TCC expects that this will occur in connection with any claims estimation proceedings that take place in the Chapter 11 Cases. The TCC further expects that certain information obtained through the proof-of-claim filing process may be unnecessary to estimate certain claims given information available through databases maintained in connection with various state court proceedings. It would be both premature and unduly burdensome to require Fire Claimants to estimate their claims as part of the proof-of-claim filing process. The Fire Proof of Claim Form, like the customized forms approved in the mass tort bankruptcies cited above, elicits information and will provide parties with adequate notice of the basis for the Fire Claims being asserted.

The TCC believes that it is both necessary and appropriate for the Court to approve a model proof of claim form for Fire Claims at this early stage in the Chapter 11 Cases so that Fire Claimants that access the website maintained by Prime Clerk for the Chapter 11 Cases can avail themselves of the simplified form. The Fire Proof of Claim Form was designed with these objectives in mind

9

and to ease the burden imposed on Fire Claimants by not requiring Fire Claimants to provide information that is not available and, instead, focus on information that will provide all parties in interest with clear notice of the basis for and events giving rise to each Fire Claim. Accordingly, the TCC respectfully submits that the relief sought herein is necessary and appropriate and should be granted.

Dated: May 3, 2019

BAKER & HOSTETLER LLP

By:   /s/ Cecily Dumas
       Cecily Dumas

*Attorneys for The Official Committee of Tort Claimants*