Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

and

Gregory A. Bray (SBN 115367)
Thomas R. Kreller (SBN 161922)
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063

*Counsel for the Official Committee
of Unsecured Creditors*

**Entered on Docket
May 03, 2019
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**

Signed and Filed: May 3, 2019

_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**



# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors and Debtors in Possession.<br><br>☐  Affects PG&E Corporation<br>☐  Affects Pacific Gas and Electric Company<br>☑  Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Case No. 19-30088 (DM) (Lead Case)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**ORDER GRANTING MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER (I) CLARIFYING CERTAIN BANKRUPTCY CODE REQUIREMENTS AND (II) APPROVING PROTOCOL FOR PROVIDING ACCESS TO INFORMATION TO UNSECURED CREDITORS, *NUNC PRO TUNC* TO FEBRUARY 12, 2019** |

Upon the *Motion of Official Committee of Unsecured Creditors for Entry of an Order (I) Clarifying Certain Bankruptcy Code Requirements and (II) Approving Protocol for Providing Access to Information to Unsecured Creditors,* Nunc Pro Tunc *to February 12, 2019* [Docket No. 1215] (the

"Motion")[1] brought by the Official Committee of Unsecured Creditors (the "Committee") in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to sections 105(a), 107(b), 1102(b)(3) and 1103(c) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24* (N.D. Cal.) and Bankruptcy Local Rule 5011-1(a); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted *nunc pro tunc* to the Formation Date.

2. The Committee, its members and, in each case, their respective agents, representatives, affiliates, partners, employees, counsel, and financial and other advisors (collectively, the "Committee Parties") shall be deemed to be in compliance with sections 1102(b)(3) and 1103(c) of the Bankruptcy Code by implementing the Creditor Information Protocol.

3. Subject to paragraphs 4 through 10 hereof, in full satisfaction of the Committee's obligations to provide access to information for creditors in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code, the Committee shall, until the earliest to occur of dissolution of the Committee, dismissal or conversion of these chapter 11 cases, and a further order of the Court:

    a. Establish and maintain an Internet-accessed website (the "Committee Website") that provides, without limitation:

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Motion.

Milbank LLP
55 Hudson Yards
New York, NY 10001-2163

**Milbank LLP**
55 Hudson Yards
New York, NY 10001-2163

i. general information concerning the Debtors, including, case docket, access to docket filings, and general information concerning significant parties in these cases;

ii. contact information for the Debtors (and any information hotlines that may be established), the Debtors' counsel and the Committee's counsel;

iii. the date by which unsecured creditors must file their proofs of claim;

iv. the voting deadline with respect to any chapter 11 plan filed in these cases;

v. a calendar with upcoming significant events in these cases;

vi. access to the claims docket as and when established by the claims and noticing agent retained by the Debtors in these cases;

vii. the Debtors' monthly operating reports;

viii. a general overview of the chapter 11 process;

ix. press releases (if any) issued by the Committee or any of the Debtors;

x. a forum to submit questions, comments and requests for access to information;

xi. responses to questions, comments and requests for access to information; provided, that the Committee, in the exercise of its reasonable discretion, may provide such responses privately; and

xii. links to other relevant websites (e.g., the Debtors' corporate website, the website maintained by Prime Clerk LLC on behalf of the Debtors, and the website of the U.S. Trustee Office).

b. The Committee will also establish and maintain an electronic mail address for creditors to submit questions and comments.

4. The Committee Parties shall not be required to disseminate to any entity (as defined in section 101(15) of the Bankruptcy Code) (each, an "Entity"): (a) without further order of the Court, confidential, proprietary, and/or other non-public information (whether oral or written and including information in any electronic or physical medium) received or held by the Committee Parties concerning the Debtors, these chapter 11 cases, or the Committee, including (without limitation) with respect to the acts, conduct, assets, liabilities and financial condition of the Debtors, the operations of the Debtors' businesses and the desirability of the continuance of such businesses, or any other matter related or

relevant to these chapter 11 cases or to the formulation of one or more chapter 11 plans or related to any adversary proceeding, contested matter or other litigation (including any and all confidential, proprietary, or other non-public materials of the Committee) whether provided (voluntarily or involuntarily) by or on behalf of the Debtors or by any third party or prepared by or for the Committee (collectively, the "<u>Confidential Information</u>"); or (b) any other information if the effect of such disclosure would constitute a general or subject matter waiver of the attorney-client, work-product, or other applicable privilege possessed by the Committee.

5. Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Rule 2004 of the Bankruptcy Rules or in connection with discovery in any contested matter, adversary proceeding or other litigation shall not be governed by the terms of this Order but, rather, by any order governing such discovery, as applicable.

6. Any documents, information or other materials designated by the Debtors as confidential shall be treated as "Confidential Information" for purposes of this Order; <u>provided</u>, however, that nothing in this Order affects or shall be deemed to affect the Committee's ability to dispute any Debtor's designation of information as "Confidential Information."

7. Committee's counsel is hereby authorized, in its reasonable discretion, to communicate with the Debtors' general unsecured creditors and/or respond to their information requests, submitted by email or otherwise, on behalf of the Committee. Notwithstanding any construction of section 1102(b)(3) of the Bankruptcy Code to the contrary, the Committee, its professionals, its individual members, advisors, and counsel shall not be required or obligated to disseminate any Confidential Information or privileged information.

8. The Committee shall not have or incur any liability to any entity for acts taken or omitted to be taken with respect to its obligations under section 1102(b)(3) of the Bankruptcy Code as along as the Committee and its professionals have acted in compliance with the procedures set forth herein and any confidentiality agreement; <u>provided</u>, however, that the foregoing shall not preclude the right of any creditor to move the Court for an order requiring production of other or additional information, to the extent available.

9. Nothing in this Order requires the Committee to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

10. The Committee may use the services of Epiq Corporate Restructuring LLC ("Epiq") as a vendor to administer the Committee Website without further order of the Court. Epiq shall be paid for its services related to the creation and maintenance of the Committee Website and any ancillary services that may be required pursuant to the terms of a services agreement.

11. For the avoidance of doubt, nothing in this Order shall affect the obligations of the Committee Parties under any agreements with the Debtors or other parties addressing the confidentiality or handling of any information, whether such agreements are entered into before or after the entry of this Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation and/or interpretation of this Order.

**END OF ORDER**