CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**SUPPLEMENT TO DEBTORS' APPLICATION PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY COMPASS LEXECON, LLC AS ECONOMIC CONSULTANTS TO THE DEBTORS *NUNC PRO TUNC* TO PETITION DATE**<br>Re: Dkt. No. 1756<br>Date: May 9, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br>Objection Deadline: May 6, 2019<br>4:00 p.m. (Pacific Time) |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Supplement (the "**Supplement**") to Debtors' Application (the "**Application**") [Dkt. No. 1756] filed on April 29, 2019 (collectively, the "**Supplemented Application**") for authority to retain and employ Compass Lexecon, LLC pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to retain and employ Compass Lexecon, LLC ("**Compass**") as economic consultants for the Debtors effective as of the Petition Date.

In support of the Supplement, the Debtors submit the Supplemental Declaration of Dr. Adel Turki, a Senior Managing Director of Compass (the "**Turki Supplemental Declaration**"). A copy of the Supplemental Engagement Letter (defined below) is annexed as an exhibit to the Turki Supplemental Declaration.

In support of the Supplemental Application, an updated proposed form of order approving the retention and employment of Compass is annexed hereto as **Exhibit A** (the "**Updated Proposed Order**"). The Updated Proposed Order also reflects revisions made in response to informal comments received from the Office of the United States Trustee on May 1, 2019.

In their Application, Debtors inadvertently excluded Compass' engagement for consulting services related to a proceeding initiated by the California Public Utilities Commission (the "**CPUC**") to implement the requirement of Senate Bill 901 concerning utility requests for wildfire cost recovery (the "**CPUC Consulting Services**"). The Debtors engaged Compass as an economic consultant for the purpose of performing the CPUC Consulting Services on January 29, 2019, and memorialized this retention in the February 21, 2019 Letter (the "**Supplemental Engagement Letter**").[1] The CPUC Consulting Services have been and will continue to be performed by Compass at the direction of PG&E's Law Department, and are thus subject to the protections of attorney-client privilege and the attorney work product doctrine. While such protections limit the extent to which Compass' work may be disclosed or described, the CPUC Consulting Services related to the CPUC proceeding include the evaluation of methodologies for determining the appropriate level of wildfire costs that a utility should be required to pay pursuant to Public Utilities Code Section 451.2.[2] Pursuant to the terms and conditions of the Supplemental Engagement Letter, the Debtors seek to continue to retain Compass, to serve as economic consultants to assist the PG&E Law Department by continuing to provide CPUC Consulting Services.[3] As more fully set forth in the Application, by virtue of being a leading economic consulting firm with considerable experience providing economic and financial analysis services, and having expertise evaluating and assessing damages and losses in mass torts, Compass is well-qualified to provide the CPUC Consulting Services.

---

[1] Compass was originally retained by Munger, Tulles & Olson LLP in November 2018 to perform the CPUC Consulting Services. This retention was superseded, as of the Petition Date, by the Debtors' direct retention of Compass for the CPUC Consulting Services.

[2] Public Utilities Code Section 451.2(b) requires the CPUC to "determine the maximum amount [an electrical] corporation can pay without harming ratepayers or materially impacting its ability to provide adequate and safe services."

[3] As set forth in the Application, Debtors had not previously filed a retention application for Compass because Debtors do not believe that Compass' post-petition work to date falls within the scope of section 327(a) of the Bankruptcy Code. However, in light of the Creditors Committee's proposed retention of FTI, out of an abundance of caution and to preserve the Debtors' right to continue using Compass' services throughout the Chapter 11 Cases, the Debtors seek this Court's approval to retain Compass under section 327(a) of the Bankruptcy Code at this time.

The Debtors intend that the CPUC Consulting Services will complement or be entirely separate from, and not duplicate, the services being rendered by other professionals retained by or on behalf of Debtors in the Chapter 11 Cases.

Debtors do not believe that Compass' disinterestedness in the matter is in any way affected by nature of Compass' provision of the CPUC Consulting Services. Debtors maintain their position that Compass does not have "an interest materially adverse to the interest of the state or of any class of creditors" and that it is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and the Orders, the Debtors propose to compensate Compass as contemplated in the Supplemental Engagement Letter on an hourly basis. The hourly rates set forth below are Compass' current applicable hourly rates for the work of its professionals and staff members for certain of the engagements set forth in the Supplemental Engagement Letter. These hourly rates reflect Compass' normal and customary billing practices for engagements of this complexity and magnitude. Compass' hourly rates are subject to periodic adjustment from time to time in accordance with Compass' established billing practices and procedures. Compass will provide reasonable notice of any changes to its hourly rates to the Debtors and the U.S. Trustee.

| Compass Professional | Hourly Fee |
|---|---|
| Consultant | $885-1,125 |
| Senior Professionals | $700-975 |
| Professional Staff | $580-685 |
| Research Staff | $220-605 |

Compass has agreed to a budget of $500,000 for calendar year 2019 for its CPUC Consulting Services. This amount represents the maximum, not the minimum, of the amounts that

Compass shall charge Debtors in connection with the CPUC Consulting Services in 2019. Any amounts that exceed this budgeted amount will require specific advance approval by Debtors and corresponding approval by this Court.

Unless otherwise noted, all provisions from the Application apply to this Supplemented Application, including provisions governing the scope of services, Compass' disinterestedness and professional compensation.

WHEREFORE the Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties interests, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: May 3, 2019

**CRAVATH, SWAINE & MOORE LLP**

**KELLER & BENVENUTTI LLP**

By: /s/ Jane Kim
   Jane Kim

*Attorneys for Debtors
and Debtors in Possession*