CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>- and –<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>* *All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br>**SUPPLEMENTAL DECLARATION OF ADEL TURKI IN SUPPORT OF DEBTORS' APPLICATION PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY COMPASS LEXECON, LLC AS ECONOMIC CONSULTANTS TO THE DEBTORS *NUNC PRO TUNC* TO PETITION DATE**<br>Re: Dkt. No. 1756<br>Date: May 9, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br>Objection Deadline: May 6, 2019<br>4:00 p.m. (Pacific Time) |

I, Dr. Adel Turki, being duly sworn, state the following under penalty of perjury:

I am a Senior Managing Director of Compass Lexecon, LLC ("**Compass**"), a leading economic consulting firm. I am duly authorized to make this supplemental declaration (the "**Supplemental Declaration**") on behalf of Compass and submit it in support of the *Supplement to Debtors' Application Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Retain and Employ Compass Lexecon, LLC as Economic Consultants to the Debtors Nunc Pro Tunc to Petition Date* (the "**Supplement**"), which was filed by PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") to perform those engagements summarized in the Supplement.[1] Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

In addition to the engagement of Compass by Debtors described in the April 29, 2019 Application filed by the Debtors (the "**Application**"), Compass was engaged by the Debtors to provide consulting services related to the proceeding initiated by the California Public Utilities Commission (the "**CPUC**") to implement the requirement of Senate Bill 901 concerning utility requests for wildfire cost recovery (the "**CPUC Consulting Services**"). Compass was retained by the Debtors as an economic consultant for the purpose of performing the CPUC Consulting Services at the direction of the Debtors' Law Department on January 29, 2019, and this retention was memorialized by Compass and the Debtors in the February 21, 2019 Letter (the "**Supplemental Engagement Letter**").[2] The CPUC Consulting Services include the evaluation of methodologies for determining the appropriate level of wildfire costs that a utility should be

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Supplemented Application.

[2] Compass was originally retained by Munger, Tulles & Olson LLP in November 2018 to perform the CPUC Consulting Services. This retention was superseded, as of the Petition Date, by the Debtors' direct retention of Compass for the CPUC Consulting Services.

required to pay pursuant to Public Utilities Code Section 451.2.[3]

As more fully set forth in the Application, by virtue of being a leading economic consulting firm with considerable experience providing economic and financial analysis services, and having expertise evaluating and assessing damages and losses in mass torts, Compass is well-qualified to provide the CPUC Consulting Services. Compass also submits that continued employment and retention of Compass as economic consultants to the Debtors for the purpose of completing the specific services set forth in the Supplemental Engagement Letter is in the best interests of the Debtors, their creditors and all parties in interest.

Compass intends that the CPUC Consulting Services will complement or be entirely separate from, and not duplicate, the services being rendered by other professionals retained by or on behalf of Debtors in the Chapter 11 Cases.

Compass' decision to serve as economic consultants to the PG&E Law Department and to advise and assist the Debtors in connection with these Chapter 11 Cases is subject to its ability to be retained in accordance with the terms set forth in the Supplemental Engagement Letter.

Compass' disinterestedness in the matter is not in any way affected by nature of Compass' provision of the CPUC Consulting Services. Compass continues not to have "an interest materially adverse to the interest of the state or of any class of creditors" and, to the best of my knowledge, it is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

Compass seeks to be compensated as contemplated in the Supplemental Engagement Letter on an hourly basis, subject to the provisions of the title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), the *United States Bankruptcy*

---

[3] Public Utilities Code Section 451.2(b) requires the Commission to "determine the maximum amount [an electrical] corporation can pay without harming ratepayers or materially impacting its ability to provide adequate and safe services."

*Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, effective February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), *the Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 701]*, and any further Orders of the Court in the Chapter 11 Cases regarding professional compensation and reimbursement of expenses (the "**Orders**"). The hourly rates set forth below are Compass' current applicable hourly rates for the work of its professionals and staff members for the engagements set forth in the Supplemental Engagement Letter. These hourly rates reflect Compass' normal and customary billing practices for engagements of this complexity and magnitude. Compass' hourly rates are subject to periodic adjustment from time to time in accordance with Compass' established billing practices and procedures. Compass will provide reasonable notice of any changes to its hourly rates to the Debtors and the U.S. Trustee.

| **Compass Professional** | **Hourly Fee** |
|---|---|
| Consultant | $885-1,125 |
| Senior Professionals | $700-975 |
| Professional Staff | $580-685 |
| Research Staff | $220-605 |

Compass has agreed to a budget of $500,000 for calendar year 2019 for its CPUC Consulting Services. This amount represents the maximum, not the minimum, of the amounts that Compass shall charge Debtors in connection with the CPUC Consulting Services in 2019. Compass agrees that any amounts that exceed this budgeted amount will require specific advance approval by Debtors and corresponding approval by this Court.

All statements in the Declaration of Adel Turki in Support of the Application remain true and accurate and, in the absence of a contrary statement herein, also apply with respect to Compass' engagement for the provision of the CPUC Consulting services.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: May 3 , 2019

By:_____
Adel Turki
Senior Managing Director
Compass Lexecon, LLC