**Exhibit A**

**Supplemental Engagement Letter**



**Pacific Gas and Electric Company**

Charles R. Middlekauff
Attorney at Law

*Mailing Address:*
P.O. Box 7442
San Francisco, CA 94120

*Street/Courier Address:*
Law Department
77 Beale Street, B30A
San Francisco, CA 94105

415.973.6971
Fax: 415.973.5520
Internet: CRMd@pge.com

February 21, 2019

Robert Paul
Compass Lexecon LLC
332 S. Michigan, Suite 1300
Chicago, IL 60604

Re: North Bay Fires - Strategic Advice and Counsel
Matter Number: 1706992

Dear Mr. Paul:

I am pleased that you will work with Pacific Gas and Electric Company's ("PG&E") Law Department on North Bay Fires - Strategic Advice and Counsel. If you are confident that North Bay Fires - Strategic Advice and Counsel does not present any conflicts for you or your firm, we are prepared to refer it to you for handling. If you have not yet ruled out the possibility of conflict, however remote, please do so within one week of receipt of this letter. Your retention on this matter is for Post-Petition work starting January 29, 2019.

The attached Expert and Consultant Services Agreement ("Agreement") outlines the conditions upon which your engagement is based. Budgets, billings, and billing procedures are crucial to the successful performance of this engagement. You must pay careful attention to and adhere to those provisions unless you make special arrangements, confirmed in writing. Accordingly, I ask you to review carefully the attached Agreement before you sign and return it in the postage-paid envelope provided for that purpose.

Sincerely,

Charles R. Middlekauff
Assistant General Counsel

CRM:gac



# LAW DEPARTMENT EXPERT AND CONSULTANT AGREEMENT

## TABLE OF CONTENTS

| | | Page |
|---|---|---|
| 1. | RELATIONSHIP AND ENGAGEMENT EXPECTATIONS | 1 |
| 2. | RATES AND EXPENSES | 2 |
| 3. | SCOPE AND VOLUME OF WORK | 2 |
| 4. | BILLING AND STATEMENTS | 3 |
| 5. | CONFLICTS OF INTEREST AND BUSINESS ETHICS | 4 |
| 6. | WARRANTY | 4 |
| 7. | INFRINGEMENT PROTECTION | 5 |
| 8. | HAZARDOUS MATERIALS | 5 |
| 9. | SAFETY PRECAUTIONS AND PROTECTION OF PROPERTY | 5 |
| 10. | CONFIDENTIAL INFORMATION AND INFORMATION SECURITY MEASURES | 6 |
| 11. | DOCUMENT RETENTION AND PRODUCTION REQUIREMENTS | 6 |
| 12. | AVAILABILITY OF BILLING INFORMATION | 7 |
| 13. | FEDERAL EQUAL OPPORTUNITY LAWS | 7 |
| 14. | CHOICE OF LAWS | 7 |
| 15. | NON-WAIVER | 8 |
| 16. | FORCE MAJEURE | 8 |
| 17. | TERMINATION AND BREACH OF AGREEMENT | 8 |
| 18. | GENERAL PROVISIONS | 8 |

# PG&E EXPERT AND CONSULTANT SERVICES AGREEMENT

This Expert and Consultant Services Agreement ("Agreement") governs your retention by the Pacific Gas and Electric Company ("PG&E") Law Department as an expert and/or consultant. You have agreed to provide your professional services in connection with the following matter: **North Bay Fires - Strategic Advice and Counsel (1706992)**. This Agreement includes and incorporates all attached Exhibits. Your retention on this matter is for Post-Petition work starting January 29, 2019.

Your work under this Agreement is subject to the applicable procedures and/or processes approved by the Bankruptcy Court in PG&E's bankruptcy proceeding (Bankruptcy Case No. 19-30088 (DM)) in the United States Bankruptcy Court, Northern District of California, San Francisco Division for the retention of counsel [outside professionals] and those procedures and processes are expressly incorporated herein, as they may be changed from time to time by the Bankruptcy Court.

For purposes of this Agreement, "you" and "your" means: (1) the expert and/or consulting firm executing this Agreement ("Consultant"); and (2) all personnel, representatives, and vendors of the Consultant. PG&E and the Consultant may be individually referred to as "Party" and jointly referred to as "Parties."

1. **RELATIONSHIP AND ENGAGEMENT EXPECTATIONS**

    1.1 <u>Retention</u>. You acknowledge and agree that you have been engaged and will be supervised by PG&E's Legal Department. You should not solicit or accept an engagement from any PG&E department other than the Law Department. PG&E reserves the right to direct each matter for which you have been retained.

    1.2 <u>Retention of Other Consultants/Contractors</u>. You shall not employ other consultants or contractors without the prior written approval of PG&E, nor shall your duties under this Agreement be delegated without the prior written approval of PG&E. Unless otherwise expressly agreed by PG&E, you shall remain responsible for the quality and timeliness of performance notwithstanding any delegation. To the extent that PG&E approves you employing another consultant or contractor, it is PG&E's policy that women, minority, and disabled veteran-owned businesses shall have the maximum practicable opportunity to participate in providing PG&E with the products and services it purchases. You agree to use your best efforts to carry out this policy in the selection and use of consultants or experts to the fullest extent consistent with the efficient performance of this engagement.

    1.3 <u>PG&E Matter Liaison</u>. All PG&E matters are coordinated through the PG&E Law Department. Your PG&E Liaison for this matter is William Manheim; please contact your liaison at (415) 973-6628 with respect to any matter that arises during your engagement, including the terms of your engagement.

    1.4 <u>Independent Contractor Status</u>. In assuming and performing the obligations of this Agreement, you are an independent contractor and will not be eligible for any

1

benefits which PG&E may provide its employees. All persons, if any, whom you hire must be your employees or your subcontractors and will not be construed as employees or agents of PG&E in any respect.

2. **RATES AND EXPENSES**

   2.1 <u>Rates</u>. The Parties have agreed to the rates for individuals that are included in Exhibit A. In the event that you change or add personnel assigned to this matter, you agree to seek our approval in writing within ten (10) days of each change or addition including the additional person's billing rate. You agree to supplement this listing with the names and rates of any new personnel assigned to matters covered by this Agreement. No other person is authorized to work on the matter without our approval. Unless otherwise agreed, we will pay the rates in effect at the time that you are retained for a particular matter for all services rendered during the pendency of the matter.

   2.2 <u>Expenses and Disbursements</u>. The Billing Requirements and Procedures included in Exhibit B include a description of the expenses and disbursements that PG&E will pay for under this Agreement. PG&E will <u>not</u> reimburse you for expenses or disbursements that are not reasonable, ordinary, economical, and prudent, nor will PG&E pay for expenses or costs that are prohibited by Exhibit B or are above an amount specified in Exhibit B.

   2.3 <u>Travel Time</u>. Travel time shall not be considered as actual time worked unless approved, in advance, by the principal PG&E Matter Liaison. In the event you or your employee works during travel time, such efforts shall not be considered travel time for the purpose of this Agreement. Air travel time shall be billed at one-half the hourly rate of straight time rates unless you work during air travel. For additional travel requirements see Exhibit B.

   2.4 <u>Nonconforming items, Expenses and Disbursement</u>. PG&E will strike from your statements any items, expenses, or disbursements that do not conform with the terms of this Agreement, including the Billing Requirements.

3. **SCOPE AND VOLUME OF WORK**

   3.1 <u>Scope of Work</u>. You are being retained to perform the following work for PG&E: To serve as a consultant to assist Pacific Gas & Electric ("PG&E"); may review confidential and non-confidential documents and other materials; provide information to PG&E or other parties designated by PG&E; prepare studies and reports, participate in meetings with PG&E or with other parties designated by PG&E; provide expert testimony and undertake other tasks as requested by PG&E.

   3.2 <u>Budget</u>. For this year your budget is $500,000, to cover not only professional services required, but all amounts you anticipate billing to PG&E, including such things as consultant's or expert's fees and expenses, long distance telephone charges, travel, and other incidental charges. We have agreed that your total

billing in this matter will not exceed the budgeted amount without specific advance approval. It is imperative that you stay within the budget. PG&E cannot and will not pay your invoices if they exceed the authorized and budgeted amount for your services. When and if it appears that your services may exceed the budgeted amount, you agree to contact your PG&E Matter Liaison to discuss and resolve the matter *before* incurring further fees or expenses. This budget does not include time that you may require for testimony either at a deposition, at trial, or other hearing.

3.3 Volume of Work. This Agreement does not guarantee you any volume or duration of work. This Agreement establishes the terms and conditions on which PG&E will obtain expert and/or consulting services from you.

3.4 Public Testimony. You agree that, if requested by PG&E, you shall provide testimony before state or federal courts, the California Public Utilities Commission, other public agencies, or other dispute resolution proceedings such as an arbitration.

4. **BILLING AND STATEMENTS**

4.1 Separate Billing. You must bill separately for each matter assigned to you.

4.2 Bill Preparation and Outside Counsel Review. When you prepare your bill, your bill must consist of two parts. The first is a cover sheet summarizing your bill. The second is a detailed statement that must include a concise description of the various services separated by function performed by each person, the date of each service provided, the time spent on a daily basis, and the billing rates of each person who works on the matter(s). The descriptions may be, for example, "review reports," "acquire and organize data," "deposition preparation," "telephone call with Mr. X," or the like. A sample statement is included as Exhibit E. If PG&E's outside counsel is to supervise or direct your work, the outside counsel must approve your statement. Outside counsel must approve your statement.

4.3 Timing of Statements. Statements must be sent monthly unless other advance arrangements have been made in writing. Statements *must* be sent within thirty (30) days after the close of the month in which the services were rendered. If no fees or expenses are incurred for a particular month or if they are minimal, you may hold the statement and combine it with that for the following month.

4.4 Information on Statements. For this and all succeeding years your monthly statement must display your approved annual budget, how much you have spent to date for the current year, and how much you have spent on a cumulative basis since you began work. Please note: Failure to include this information will cause your invoice NOT to be paid. Other information required on statements is included in Exhibit B and a sample Statement is included as Exhibit E.

4.5 <u>Sending Statements</u>. Statements must be sent to:

Pacific Gas and Electric Company
P. O. Box 7133
San Francisco, CA 94120

Or emailed to GenlCnslLawPaymentProcessingGroup@pge.com

Statements sent directly to a PG&E in-house attorney or to any other address may cause your bill ***not*** to be paid.

4.6 <u>Overpayment and Non-Conforming Items</u>. In the event of an overpayment for any reason, you must remit the amount of the overpayment to us. You may not credit your next invoice. PG&E will strike nonconforming items from your statement without further notice.

5. **CONFLICTS OF INTEREST AND BUSINESS ETHICS**

   5.1 <u>General Requirements</u>. As long as your services for PG&E continue under this engagement, you are required to adhere to the following requirements, unless otherwise agreed to by the Parties in writing:

   5.1.1 All applicable rules and regulations governing professional conduct; and,

   5.1.2 PG&E's Supplier Code of Conduct (http://www.pge.com/includes/docs/pdfs/b2b/purchasing/suppliers/SupplierCodeofConductPGE.pdf).

   5.2 <u>Conflicts of Interest</u>. You and your employees agree not to accept any employment or engage in any work which creates a conflict of interest with PG&E or in any way compromises the work to be performed in this engagement without PG&E's prior written consent.

   5.3 <u>Gifts</u>. You or your employees shall not offer or cause to be offered gifts, entertainment, payments, loans and/or other services, benefits, or considerations of more than a nominal value to PG&E's employees, their families, vendors, subcontractors and other third parties.

   5.4 <u>Notification of Violation</u>. You agree to immediately notify immediately PG&E's Deputy General Counsel or Assistant General Counsel of any violations of this Section 5 upon becoming aware of such violation.

6. **WARRANTY**

   6.1 You warrant to PG&E that the work under this Agreement will be performed with the degree of skill and care that is required by current, good, and sound professional procedures and practices, and in conformance with generally accepted professional standards prevailing at the time the work is performed so as

to ensure that the services performed are correct and appropriate for the purposes contemplated in this Agreement.

7. **INFRINGEMENT PROTECTION**

   7.1 You represent to PG&E that the material to be prepared under this Agreement will not infringe upon the copyright, patent, or license, or otherwise violate the proprietary rights, including trade secret rights, of any person or entity. You agree to indemnify and hold PG&E, its parent, subsidiaries, and affiliates harmless from any liabilities, costs, and damages arising out of any such infringement and from any suit, demand or claim made against PG&E, its parent, subsidiaries, and affiliates alleging any such infringement or violation. If there is such a suit, demand, or claim, you agree as soon as possible either to procure for PG&E the right to continue using the material, replace the material with noninfringing material, or modify it so it becomes noninfringing. You further agree to pay any judgment or reasonable settlement offer resulting from a suit, demand or claim, and pay any reasonable attorney's fees incurred by PG&E in defense against such suit, demand, or claim.

8. **HAZARDOUS MATERIALS**

   8.1 The California Health and Safety Code requires businesses to provide warnings prior to exposing individuals to materials listed by the Governor as chemicals "known to the State of California to cause cancer, birth defects, or reproductive harm." PG&E uses chemicals on the Governor's list at many of its facilities. In addition, many of these chemicals are present at non-PG&E-owned facilities and locations. Accordingly, in performing the work or services contemplated under this Agreement, you, your employees, agents, and subcontractors may be exposed to chemicals on the Governor's list. You are responsible for notifying your employees, agents, and subcontractors that work performed hereunder may result in exposures to chemicals on the Governor's list.

9. **SAFETY PRECAUTIONS AND PROTECTION OF PROPERTY**

   9.1 At PG&E, safety is a core value and PG&E is committed to improving employee, contractor, and public safety. You will perform all work associated with your representation of PG&E safely, in compliance with all applicable laws, regulations, and best practices, including but not limited to, "Occupational Safety and Health Standards" promulgated by the U.S. Secretary of Labor and the California Division of Occupational Safety and Health and with the understanding that you are representing a company that promote safety in the communities it serves. In the course of your representation of PG&E, if you are on-site at PG&E facilities or asset locations, you will be required to comply with all PG&E safety procedures and precautions. If, in the course of your representation of PG&E, you encounter any situations or operations that you consider to be unsafe, please alert the PG&E Matter Liaison immediately so that the unsafe situation can be evaluated and made safe as necessary.

## 10. CONFIDENTIAL INFORMATION AND INFORMATION SECURITY MEASURES

10.1 <u>Definition</u>. Under this Agreement, "PG&E Confidential Information" shall include: (i) all documents, data and information that you receive in the course of performing under this Agreement (whether from PG&E, or a PG&E-authorized third party, and whether prior to this Agreement in contemplation of performing work under this Agreement) including, without limitation: customer information; employee information; regulatory information; litigation strategies; business strategies and costs; financial information; vendor or contractor information; gas and electric system information; technical information; intellectual property; information in the custody of PG&E or a third party which constitutes valuable confidential and proprietary information and/or trade secrets belonging to PG&E or third parties; and information relating to or owned by any affiliate of PG&E including its parent, subsidiaries, or affiliated companies; and (ii) all documents, data or information you create in connection with your representation of PG&E.

10.2 <u>Exclusions</u>. PG&E Confidential Information shall not include information that: (i) was in the public domain at the time you received it or is subsequently made available to the general public without restriction and without breach of this Agreement by you; (ii) was or becomes known by you at the time of disclosure on a non-confidential basis from a source, other than PG&E, lawfully having possession of and the right to disclose such information; (iii) was independently developed by you (other than in connection with your representation of PG&E) without use of PG&E Confidential Information; (iv) is disclosed with the prior written approval of PG&E; or (v) is used or disclosed pursuant to a court order, subpoena or other lawful order of a court or governmental authority of competent jurisdiction in which case you shall give PG&E maximum practicable advance notice prior to any use or disclosure.

10.3 <u>Treatment of PG&E Confidential Information</u>. PG&E Confidential Information shall be treated as confidential and shall not be disclosed to others unless such disclosure is in support of performing your obligations under this Agreement and approved by PG&E.

10.4 <u>Security Measures</u>. Exhibit C to this Agreement, *Security Measures to Protect PG&E Confidential Information*, describes the measures necessary to protect PG&E Confidential Information. Failure to implement and maintain Security Measures in accordance with Exhibit C, or resolve and mitigate any non-compliance, may constitute a material breach of this Agreement.

## 11. DOCUMENT RETENTION AND PRODUCTION REQUIREMENTS

11.1 You agree to comply with the *PG&E Contractor Document Retention and Production Requirements* included in Exhibit D. In Exhibit D, the term "Contractor" means you and the term "Work" means the services performed under this Agreement.

## 12. AVAILABILITY OF BILLING INFORMATION

12.1 <u>Terms and Scope</u>. PG&E will have, during the term of the Agreement and for five (5) years thereafter, access at all reasonable times to all of you and your subcontractors accounts and records of all description, including but not limited to computer files, pertaining to this Agreement necessary to verify and review the work performed and the fees and expenses billed to PG&E. These records will include work papers and related files, time reports and details of reimbursable expenses (with invoices for charges in excess of $75). You are not required to disclose any confidential and/or proprietary information including, but not limited to, other client information and information related to internal financial matters or affairs.

12.2 <u>Accounting Information</u>. You and your subcontractors' accounts must be kept in accordance with generally accepted accounting principles in the particular industry and must be kept in such a manner and in sufficient detail to clearly disclose the nature and amounts of the different items of service and cost pertaining to the Agreement and the basis for charges or allocations to the Agreement. You and your subcontractors must preserve such accounts and records for a period of five years after the term of the Agreement or of any particular engagement, whichever occurs first. PG&E will have the right to reproduce any such accounts and records.

12.3 <u>Availability of Subcontractors Information</u>. You must include the necessary provisions in your subcontracts to ensure that your subcontractors comply with this provision.

## 13. FEDERAL EQUAL OPPORTUNITY LAWS

13.1 During the performance of this Agreement, your firm agrees to comply with all Federal Equal Opportunity laws, orders and regulations, including Executive Order 11246, the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1972, the Rehabilitation Act of 1973, the Vietnam Era Veterans Readjustment Assistance Act of 1974, the Americans With Disabilities Act of 1990, and the Civil Rights Act of 1991. Your firm will not discriminate against any employee or applicant for employment because of race, color, religion, sex, or national origin and will take affirmative action to ensure that applicants and employees are treated without regard to their race, color, religion, sex, or national origin.

## 14. CHOICE OF LAWS

14.1 This Agreement shall be construed and interpreted in accordance with the laws of the State of California, excluding any choice of law rules which may direct the application of the laws of another jurisdiction.

15. **NON-WAIVER**

    15.1 The waiver by either Party of any breach of any term, covenant or condition contained in this Agreement, or any default in the performance of any obligations under this Agreement, will not be deemed to be a waiver of any other breach or default of the same or any other term, covenant, condition or obligation. Nor will any waiver of any incident of breach or default constitute a continuing waiver of the same.

16. **FORCE MAJEURE**

    16.1 Neither of the Parties will be considered in default in the performance of its obligations under this Agreement, except obligations to make payments hereunder for work previously performed, to the extent that the performance of any such obligation is prevented or delayed by any cause which is beyond the reasonable control of the affected party. In the event either Party claims that performance of its obligations was prevented or delayed by any such cause, that Party must promptly notify the other Party of that fact, and of the circumstances preventing or delaying performance. Such Party claiming a cause-delayed performance must endeavor, to the extent reasonable, to remove the obstacles which preclude performance.

17. **TERMINATION AND BREACH OF AGREEMENT**

    17.1 <u>Right to Terminate</u>. Either Party may terminate this Agreement by providing written notice to the other Party. Unless specifically agreed, you will provide no further services and incur or advance no further costs on PG&E's behalf after receiving a notice of termination from PG&E.

    17.2 <u>Returning of PG&E Property</u>. Upon termination of this Agreement or an individual engagement under this Agreement, all PG&E Confidential Information, files, documents, and other property will remain PG&E's property and must be returned to PG&E. PG&E's property includes, for example, correspondence, deposition transcripts, exhibits, experts' reports, legal documents, physical evidence, and other items reasonably necessary to PG&E's representation, whether PG&E has paid for them or not.

    17.3 <u>Breach of Agreement</u>. In the event that either Party breaches this Agreement, the non-breaching Party will have the right to immediately terminate this Agreement.

    17.4 <u>Consequential Damages</u>. In the event of termination for any reason, PG&E will not be liable for consequential damages, *e.g.*, lost or anticipated profits or overhead on uncompleted portions of any engagement.

18. **GENERAL PROVISIONS**

    18.1 <u>Modification by Subsequent Agreement</u>. This Agreement may be modified by subsequent agreement of the Parties only by an instrument in writing signed by

both of us. Any oral modification must be reduced to a writing signed by both Parties or it will be void and not binding in any respect.

18.2 <u>Integration</u>. This Agreement contains the entire agreement and understanding between the Parties as to the subject matter of the Agreement. It merges and supersedes all prior or contemporaneous agreements, commitments, representations, writings, and discussions between you and PG&E, whether oral or written and has been induced by no representations, statements or agreements other than those expressed herein. Neither you nor PG&E will be bound by any prior or contemporaneous obligations, conditions, warranties or representations with respect to the subject matter of this Agreement, except as provided herein.

This Agreement will take effect when it has been executed by both Parties.

PACIFIC GAS AND ELECTRIC COMPANY
LAW DEPARTMENT

By _____
Charles R. Middlekauff
Assistant General Counsel

CRM:gac

Enclosures

COMPASS LEXECON LLC

By _____ 5-2-19
Robert Paul

9