1  Dennis F. Dunne (admitted *pro hac vice*)
   Samuel A. Khalil (admitted *pro hac vice*)
2  MILBANK LLP
   55 Hudson Yards
3  New York, New York 10001-2163
   Telephone: (212) 530-5000
4  Facsimile: (212) 530-5219

5  and

6  Gregory A. Bray (SBN 115367)
   Thomas R. Kreller (SBN 161922)
7  MILBANK LLP
   2029 Century Park East, 33rd Floor
8  Los Angeles, CA 90067
   Telephone: (424) 386-4000
9  Facsimile: (213) 629-5063

10 *Counsel for the Official Committee
   of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING COMPASS LEXECON RETENTION APPLICATION**<br><br>Date: May 9, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br><br>Re: Docket No. 1756 |

1. As the Court is aware, on April 3, 2019, the Official Committee of Unsecured Creditors (the "Committee") filed its *Application for Entry of an Order Pursuant to 11 U.S.C. §§ 328(a) and 1103 and Fed. R. Bankr. P. 2014(a) for Authorization to Retain and Employ FTI Consulting, Inc., as Financial Advisor* Nunc Pro Tunc *to February 12, 2019* (the "FTI Application") [Docket No. 1212]. The FTI Application and its supporting papers disclosed that Compass Lexecon, LLC ("Compass") is a wholly-owned subsidiary of FTI, but also described the corporate separateness of FTI and Compass and the ethical walls they have established and adhered to. In subsequent filings with the Court, the Committee, FTI and the Debtors all have asserted their shared belief that FTI's mere ownership of Compass neither: (a) disqualifies FTI from employment by the Committee under Bankruptcy Code section 1103(b); nor (b) renders FTI to be not disinterested as that term is defined un Bankruptcy Code section 101(14). Since the filing of the FTI Application, nothing has occurred to change any of those facts.

2. At the hearing on the FTI Application held on April 24, 2019, the Court requested that the Debtors file an application to employ Compass on an expedited basis, essentially so that the Court could consider the relationship between FTI and Compass from both sides at the same time – i.e., in connection with the Committee's proposed employment of FTI and the Debtors' proposed employment of Compass. Accordingly, on April 29, 2019, the Debtors filed their *Application Pursuant to § 327(a) and Fed. R. Bankr. P. 2016(a) and 2016 for Authority to Retain and Employ Compass Lexecon, LLC as Economic Consultants to the Debtors* Nunc Pro Tunc *to Petition Date* (the "Compass Application") [Docket No. 1756].

3. In relevant part, the Compass Application reiterates the same disclosures as the FTI Application – that while Compass is a subsidiary of FTI, Compass is a separate legal entity that operates independently from FTI in all material respects and that FTI and Compass have established and adhere to ethical walls that prevent information flow between Compass and FTI

regarding their respective engagements relating to the Debtors. As the FTI Application does with respect to FTI, the Compass Application establishes that Compass is not disinterested as a result of its ownership by FTI (or otherwise).[1]  For that reason, the Committee reiterates its request that the Court approve the Committee's retention of FTI and also supports the Debtors' retention of Compass.

Dated: May 6, 2019

**MILBANK LLP**

*/s/ Thomas R. Kreller*
DENNIS F. DUNNE
SAMUEL A. KHALIL
GREGORY A. BRAY
THOMAS R. KRELLER

*Counsel for the Official Committee of Unsecured Creditors*

---

[1] This continues to be true notwithstanding the Debtors' recent additional disclosure that Compass was engaged to perform the CPUC Consulting Services as set forth in the *Supplement to Debtors' Application Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Retain and Employ Compass Lexecon, LLC as Economic Consultants to the Debtors* Nunc Pro Tunc *to the Petition Date* [Docket No. 1842]. As with the Debtors, the Committee does not believe that Compass' disinterestedness is in any way affected by the nature of Compass' provision of the CPUC Consulting Services, nor does the Committee believe such retention affects FTI's disinterestedness.