WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**FIRST SUPPLEMENTAL DECLARATION AND DISCLOSURE STATEMENT OF STEPHEN KAROTKIN PURSUANT TO 11 U.S.C. §§ 327(a) AND FED. R. BANKR. P. 2014(a) AND 2016 ON BEHALF OF WEIL, GOTSHAL & MANGES LLP** |

1  Pursuant to 28 U.S.C. § 1746, I, Stephen Karotkin, hereby declare as follows:

2  I am a member of the firm of Weil, Gotshal & Manges LLP ("**Weil**" or the "**Firm**"), an international law firm with principal offices at 767 Fifth Avenue, New York, New York 10153; regional offices in Washington, D.C.; Houston and Dallas, Texas; Miami, Florida; Boston, Massachusetts; Princeton, New Jersey; Redwood Shores, California; and foreign offices in London, United Kingdom; Warsaw, Poland; Frankfurt and Munich, Germany; Paris, France; and Beijing, Hong Kong and Shanghai, China.

I submit this declaration (this "**Declaration**") as a supplement to my Declaration, dated March 13, 2019 (the "**Original Declaration**"), filed in support of the *Application of Debtors Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Retain and Employ Weil, Gotshal & Manges LLP as Attorneys for the Debtors Effective as of the Petition Date* [Docket No. 864] (the "**Weil Retention Application**").

This Declaration has been prepared in accordance with the Original Declaration, which provides that Weil will supplement the disclosures in the Original Declaration to the extent required as a result of any new material relevant facts or relationships becoming available during these Chapter 11 Cases.[1]

As stated in the Original Declaration, a general inquiry was sent by electronic mail to all Weil personnel (attorneys and staff) to determine whether any such individuals or any members of their households (i) own any debt or equity securities of the Debtors; (ii) hold a claim against or interest adverse to the Debtors; (iii) are or were officers, directors, or employees of the Debtors or any of their affiliates or subsidiaries; (iv) are related to or have any connections to Bankruptcy Judges in the Northern District of California; or (v) are related to or have any connections to anyone working in the Office of the United States Trustee for the Northern District of California. Since the filing of the Original Declaration, I received an additional response to the general inquiry that is being disclosed out of an abundance of caution. It has come to my attention that a Weil attorney's father is employed by the Debtors and holds equity securities of the Debtors as part of his compensation arrangements. This Weil

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Original Declaration.

attorney has not worked on Weil's representation of the Debtors and does not reside in the same household as her father nor has she for over 19 years.

In addition, as set forth in the Original Declaration, Weil has continued to implement its Firm Disclosure Procedures and update the Retention Checklist. As a result, Weil is hereby supplementing its prior disclosures to disclose that Weil previously has represented, currently represents, and may represent in the future the entities (or their affiliates) set forth on **Schedule 1** hereto (the "**Supplemental Disclosure List**") in matters unrelated to these Chapter 11 Cases. The Supplemental Disclosure List contains entities that have not been previously disclosed and were not captured in the list of Potential Parties in Interest at the time of filing the Original Declaration. An entity is listed as a "Current Client" on the Supplemental Disclosure List if Weil has any open matters for such entity or a known affiliate of such entity and attorney time charges have been recorded on any such matters within the past two (2) years. To the best of my knowledge and information, Weil has not represented, does not represent, and will not represent any of such entities in matters directly related to the Debtors or these Chapter 11 Cases. To the best of my knowledge and information, the annual fees for each of the last two years paid to Weil by any entity listed on the Supplemental Disclosure List or its affiliates did not exceed 1% of the Firm's annual gross revenues.

Either I or an attorney under my supervision has reviewed the connections between Weil and the clients identified on the Supplemental Disclosure List and the connections between those entities and the Debtors. In each case, it has been determined that Weil does not hold or represent an interest that is adverse to the interests of the Debtors' estates and that Weil is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

In addition, an associate of Weil who worked on Weil's representation of the Debtors prior to the commencement of these Chapter 11 Cases was seconded to Centerbridge Partners, L.P. for a period of approximately one year beginning on April 30, 2018 and ending on April 25, 2019. I have been advised that during such secondment, the associate had no involvement with respect to any matters in any way related to the Debtors. Weil does not intend to screen this associate from Weil's representation

of the Debtors given this associate's lack of involvement at Centerbridge Partners, L.P. with respect to any matters involving the Debtors.

To the extent any information disclosed herein requires amendment or modification upon Weil's completion of further review or as additional material, relevant facts or relationships becomes available, Weil will file a further supplemental declaration stating such amended or modified information.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: May 6, 2019

*Stephen Karotkin*
Stephen Karotkin
Partner, Weil Gotshal & Manges LLP

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119