UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

In re:
Pacific Gas and Electric Company

Case No. 19-30089 (DJM)

NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY PURSUANT TO FED. R. BANKR. P. 3001(e)(2)

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Name of Transferee: | Name and Address of Transferor: |
|---|---|
| MCHA Holdings, LLC<br>c/o Orrick, Herrington & Sutcliffe LLP<br>51 west 52nd Street<br>New York, NY 10019-6142<br>Attn: Evan C. Hollander<br>Tel: (212) 506-5000<br>Email: MCHAnotice@orrick.com | Universal North America Insurance Company<br>101 Paramount Drive, STE 220<br>Sarasota, FL 34232<br>Attn: Miguel Barrales<br>Tel:941-378-8851 x6530<br>Email: mbarrales@uihna.com |

Name and address where transferee payments should be sent (if different than above):

Same as above

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _Evan C. Hollander_ Date: April 25, 2019

Evan C. Hollander
as authorized agent for MCHA Holdings, LLC

Transferee/Transferee's Agent
Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

As set forth in the attached evidence of transfer of claim (Proof of Claim # 2283), Transferor has waived to the fullest extent permitted by law any notice or right to receive notice of a hearing under Fed. R. Bankr. P. 3001(e).

### DEADLINE TO OBJECT TO TRANSFER

The alleged Transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the claimant without further order of the court.

TO: United States Bankruptcy Court
for the Northern District of California
(San Francisco Division)

AND TO: Pacific Gas and Electric Company ("Debtor")

Case No. 19-30089 (DJM)

Claim #: 2283

Universal North America Insurance Company, its successors and assigns ("Seller"), for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, does hereby unconditionally and irrevocably sell, transfer and assign unto: MCHA Holdings, LLC its successors and assigns ("Buyer"), all of Seller's right, title and interest now existing or hereafter arising, whether legal, equitable or otherwise in and to all claims and causes of action against the Debtors for damage to person or property resulting from those certain wildfires identified by the California Department of Forestry and Fire Protection as the "Tubbs Fire" and the "Atlas Fire", and which damage is covered by a Seller insurance policy identified on Exhibit 1. Such right title and interest acquired by Buyer, includes, without limitation, all rights: (a) of reclamation and all priority claims, and any cure payments made on account of Seller in the bankruptcy case; (b) to any proof(s) of claim filed; (c) in and to any secured claim, collateral or any liens held by Seller; (d) to vote on any question relating to the Claim in the bankruptcy case; and (e) to any amounts listed on the Debtor's schedules relating to the insurance policies identified on Exhibit 1 (the "Claim").

Seller hereby waives any objection to the transfer of the Claims to Buyer on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges, understands and agrees, and hereby stipulates that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Claims and recognizing Buyer as the sole owner and holder of the Claim.

Buyer does not assume and shall not be responsible for any obligations of liabilities of Seller related to or in connection with the Claim or the Case. You are hereby directed to make all future payments and distributions free and clear of all setoffs and deductions, and to give all notices and other communications, in respect of the Claim to Buyer.

IN WITNESS WHEREOF, the undersigned has duly executed this Evidence of Transfer of Claim by its duly authorized representative dated April 25, 2019.

| UNIVERSAL NORTH AMERICA INSURANCE COMPANY | MCHA Holdings, LLC |
|---|---|
| By: _____ | By: _____ |
| Name: Miguel Barcenas | Name: Evan C. Hollander |
| Title: President | Title: Authorized Agent |

United States Bankruptcy Court, Northern District of California

Fill in this information to identify the case (Select only one Debtor per claim form):

☐ PG&E Corporation (19-30088)

☒ Pacific Gas and Electric Company (19-30089)

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents**; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

1. **Who is the current creditor?**
   Universal North America Insurance Company
   Name of the current creditor (the person or entity to be paid for this claim)
   Other names the creditor used with the debtor _____

2. **Has this claim been acquired from someone else?**
   ☒ No
   ☐ Yes. From whom? _____

3. **Where should notices and payments to the creditor be sent?**
   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   Where should notices to the creditor be sent?
   Richard Urra
   101 Paramount Drive, Suite 220
   Sarasota, FL 34232

   Contact phone 941.378.8851 x 6536
   Contact email RUrra@uihna.com

   Where should payments to the creditor be sent? (if different)

   Contact phone _____
   Contact email _____

4. **Does this claim amend one already filed?**
   ☒ No
   ☐ Yes. Claim number on court claims registry (if known) _____
   Filed on ___/___/___
   MM / DD / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**
   ☒ No
   ☐ Yes. Who made the earlier filing? _____

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?** $ Not less than $14,000,000.00 . Does this amount include interest or other charges?

☒ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Property damage, loss of use and other related subrogation rights as detailed on the attached annex.

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____
Amount of the claim that is secured: $_____
Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed) _____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| | ☐ Yes. Check one: | Amount entitled to priority |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_____) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: *Evan C. Hollander*
Evan C. Hollander (Apr 15, 2019)

Email: RUrra@uihna.com

_____
Signature

Print the name of the person who is completing and signing this claim:

Name: Evan C. Hollander
First name | Middle name | Last name

Title: Partner

Company: Orrick, Herrington & Sutcliffe LLP
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 51 West 52nd Street
Number | Street
NYC | NY | 10019-6142
City | State | ZIP Code

Contact phone: 212.506.5000    Email: echollander@orrick.com

Official Form 410                Proof of Claim                page 3

Attach Supporting Documentation (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☒ I have supporting documentation.
(attach below)

☐ I do not have supporting documentation.

📎 Attachment

PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.

IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

---

| | |
|---|---|
| In re: | Chapter 11 |
| PG&E Corporation, and Pacific Gas and Electric Company, | Case No. 19-30089 (DM) |
| | Jointly Administered |
| Debtors. | |

---

## ANNEX TO PROOF OF CLAIM OF
## UNIVERSAL NORTH AMERICA INSURANCE COMPANY

This is an Annex to, and a part of, the proof of claim (the "Proof of Claim") filed by Universal North America Insurance Company located at 101 Paramount Drive, STE 220, Sarasota, FL 34232 (the "Claimant"). Claimant is the holder of property damage, loss of use, and other related subrogation and reimbursement rights (the "Claims") against Pacific Gas and Electric Company and PG&E Corporation (collectively, the "Debtors") in the above-captioned chapter 11 case described on the prefixed Proof of Claim and as set forth in further detail in this Annex.

THIS ANNEX CONSTITUTES A PART OF THE PROOF OF CLAIM AND IS INCORPORATED THEREIN BY REFERENCE. Copies of certain supporting documents relating to the Claims are described below and are incorporated by reference into the Proof of Claim.[1] Claimant will furnish the Debtor with copies of any additional pertinent documentation upon written request or as otherwise required by order of the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court").

1. Basis for Claims: Claimant is the insurer under numerous insurance policies (the "Policies") covering losses related to the fires that began near Highway 128 and Bennett Lane, Calistoga, California on October 8, 2017, identified by California Department of Forestry and Fire Protection as the "Tubbs Fire," and the fires that began near Atlas Peak Road, south of Lake Berryessa in Napa County California on October 8, 2017, identified by California Department of Forestry and Fire Protection as the "Atlas Fire". Claimant has, in the ordinary course of business and in accordance with its past practice, investigated the underlying losses and obtained sufficient documentary evidence to establish that losses, in an amount not less than $14,000,000.00, were covered under the Policies. Claimant has subrogation and reimbursement

---

[1] The documentation supporting this claim is too voluminous for attachment. Copies of the documents, redacted to protect private data will be made available upon request.

rights, whether contractual or equitable against certain the Debtors arising from payments made by Claimant under the Policies.

Without limiting any of the foregoing, Claimant reserves all of its rights to assert claims for interest, fees, costs, charges, expenses, disbursements, liabilities, losses, damages, indemnification, reimbursement and/or contribution, and other amounts, including, without limitation, legal fees and expenses (including, without limitation, in connection with the preparation, filing and prosecution of the Proof of Claim), that exist or arise as of or after the date of the filing of the Proof of Claim, whether prior to, on or subsequent to the Petition Date, in each case to the extent or as may be permitted, provided and/or contemplated in the Policies, any supporting documentation or applicable law.

2. <u>Reservation of Rights</u>: In filing the Proof of Claim, Claimant expressly reserves all rights and causes of action, including, without limitation, contingent and/or unliquidated rights that it may have against the Debtors. This description and classification of claims by Claimant is not a concession or admission as to the correct characterization or treatment of any such claims or a waiver of any rights of Claimant. Furthermore, Claimant expressly reserves all rights to amend, modify and/or supplement the Proof of Claim in any respect, including, without limitation, with respect to the filing of an amended proof of claim for the purpose of fixing and liquidating any contingent and/or unliquidated claim set forth herein, or to file additional proofs of claim for additional claims, including, without limitation, claims for interest, fees and related expenses (including, without limitation, attorneys' fees) that are not ascertainable at this time.

(a) Claimant's Proof of Claim is filed without prejudice to the filing by Claimant of additional proofs of claim or requests for payment with respect to any other indebtedness, liability or obligation of Debtors or their affiliates. Claimant does not, by its Proof of Claim or any amendment or other action, waive any rights with respect to any scheduled claim.

(b) By filing the Proof of Claim, Claimant does not waive any rights under chapter 5 of the Bankruptcy Code.

(c) In executing and filing the Proof of Claim, Claimant does not submit itself to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to its Claims against the Debtors and does not waive or release: (i) its rights and remedies against any other person or entity that may be liable for all or part of the Claims set forth herein, whether an affiliate or subsidiary of the Debtors, an assignee, guarantor or otherwise; (ii) any obligation owed to it, or any right to any security that may be determined to be held by it or for its benefit; (iii) any past, present or future defaults (or events of default) by the Debtors or others; or (iv) any right to the subordination, in favor of Claimant, of indebtedness or liens held by other creditors of the Debtors. The filing of the Proof of Claim is not, and shall not be construed as, an election of remedies or limitation of rights or remedies.

(d) Nothing contained in the Proof of Claim nor any subsequent appearance, pleading, claim or suit is intended to be a waiver or release of: (i) the right of Claimant to have final orders in non-core matters entered only after <u>de novo</u> review by a district court judge; (ii) the right of Claimant to a jury trial in any proceeding so triable herein or in any case, controversy or proceeding related hereto; (iii) the right of Claimant to have the reference withdrawn by the

Bankruptcy Court in any matter subject to mandatory or discretionary withdrawal; (iv) the right of Claimant to have any unliquidated portions of the Claims determined by applicable state courts; (v) the right of Claimant to assert that all or any portion of the Claims constitute administrative expense claims or other priority claims in this case; or (vi) any other rights, claims, actions, defenses, setoffs or recoupments to which Claimant is or may be entitled under the Policy, agreements, documents or instruments, in law or equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved.