| | |
|---|---|
| 1 | SULLIVAN HILL REZ & ENGEL |
| | A Professional Law Corporation |
| 2 |   James P. Hill, SBN 90478 |
| |   Christopher V. Hawkins, SBN 222961 |
| 3 | 600 B Street, Suite 1700 |
| | San Diego, California 92101 |
| 4 | Tel:    (619) 233-4100 |
| | Email: hill@sullivanhill.com |
| 5 |        hawkins@sullivanhill.com |
| 6 | Gerald Singleton, SBN 208783 |
| | Amanda W. LoCurto, SBN 265420 |
| 7 | SINGLETON LAW FIRM, APC |
| | 450 A Street, 5th Floor |
| 8 | San Diego, CA 92101 |
| | Tel:    (619) 771-3473 |
| 9 | Email: gerald@slffirm.com |
| |        amanda@slffirm.com |

Attorneys for SLF Fire Victim Claimants

**Electronically Filed: 05/07/2019**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 19-30088 (DM) |
| PG&E CORPORATION, | Chapter 11 |
| and | (Lead Case–Jointly Administered) |
| PACIFIC GAS AND ELECTRIC COMPANY | **LIMITED OBJECTION BY SLF FIRE VICTIM CLAIMANTS TO DEBTORS' MOTION TO ENLARGE THE TIME WITHIN WHICH TO FILE NOTICES OF REMOVAL OF RELATED PLEADINGS [ECF 1738]** |
| Debtors | |
| Affects:<br>☐ PG&E Corporation<br>☐ Pacific Gas & Electric Company<br>☒ Both Debtors | Date: May 22, 2019<br>Time: 9:30 a.m. (Pacific)<br>Place: United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102<br>      Hon. Dennis Montali |
| * All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Opposition Deadline: May 15, 2019, 4 p.m. (PDT) |

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company (collectively, "PG&E") filed for bankruptcy. PG&E's stated reason for seeking bankruptcy protection was that it was facing $30 billion in damages from the 2015 Butte Fire, the 2017 North Bay Fires (18 fires in 10 Northern California counties) and the 2018 Camp Fire.[1] Together these fires burned nearly 500,000 acres, killed over 100 people, destroyed almost 20,000 homes, and left tens of thousands of people homeless.

The Singleton Law Firm Fire Victim Claimants ("SLF Claimants") consist of over 4,700 individuals who suffered injuries and damages in the fires started by PG&E and who are represented by the Singleton Law Firm, APC.[2] The SLF Claimants have victims from each of the three major fires/fire complexes involved in the bankruptcy: the 2015 Butte Fire (coordinated in Sacramento Superior Court under JCCP Number 4853), the 2017 North Bay Fires (coordinated in San Francisco Superior Court under JCCP Number 4955), and the 2018 Camp Fire (which had not been coordinated or consolidated at the time PG&E filed for bankruptcy). With respect to the 2017 North Bay Fires, SLF Claimants sustained damages in each of the 18 major fires. Accordingly, the SLF Claimants comprise a more complete representative group of fire victims than any other group.

On April 26, 2019, PG&E filed its motion requesting that the Court extend the deadline by which PG&E may file notices of removal under Bankruptcy Rule 9027(a) from the current deadline of April 29, 2019 to October 28, 2019. [ECF 1738].

The SLF Claimants understand the scope and complexity of PG&E's Chapter 11 cases, and realize that it will take time for the cases to reach resolution. But the SLF Claimants submit that the following facts bear strongly on PG&E's current request for an extension of the removal deadline.

PGE has stated repeatedly throughout these bankruptcy cases that one of the main purposes in its filing for bankruptcy relief was to resolve the wildfire claims as expeditiously as possible.

---

[1] "PG&E to file for Bankruptcy as Wildfire Costs hit $30 billion", *Los Angeles Times*, July 14, 2019, https://www.latimes.com/business/la-fi-pge-bankruptcy-filing-20190114-story.html.

[2] While there are other firms involved in the representation of the SLF Claimants, because each fire has a different group of firms involved, this group is referred to as the "SLF Claimants" for ease of reference.

1       At the initial 341(a) meeting of creditors held March 4, 2019, Jason Wells, Chief Financial

2 Officer of PG&E Corporation, testified as follows:

> We believe that the provisions of the bankruptcy process allow for a more expeditious resolution of these [wildfire] claims. When we evaluated the different ways to provide relief and to address the claims the company faced, we evaluated doing so through the state court process, which as you know would–could be an ad hoc process that could extend over a number of years. The bankruptcy court process allows us to establish a fair bar date, to estimate the value of these claims, and to work more expeditiously to resolution. And so in part the filing for bankruptcy was guided by the desire to bring resolution as timely as possible.

8 <u>See</u> the transcript attached as Exhibit "A" hereto, p. 45, ll. 2–14.

9       At the continued 341(a) meeting of creditors held April 29, 2019, PG&E's Chief Financial Officer, Jason Wells, testified that prior to filing bankruptcy, PG&E estimated that resolving the wildfire claims in state court would take between three and five years–meaning that bankruptcy would allow PG&E to resolve the claims in less than three years.

      The vast majority of the fire victims have not been compensated and are still living in very difficult circumstances. Many are in temporary housing. A significant number are homeless. Some victims have been waiting for three-and-one half years to get the compensation they need to rebuild their lives–and now with the bankruptcy, they must wait even longer.

      The SLF Claimants request that the Court consider the above facts when setting the removal deadline currently requested by PG&E. It is imperative that these cases progress as quickly as possible, so that the suffering of the fire victims can come to an end.

Respectfully submitted,

Dated: May 7, 2019

SULLIVAN HILL REZ & ENGEL
A Professional Law Corporation

By:   <u>/s/ Christopher V. Hawkins</u>
      James P. Hill
      Christopher V. Hawkins

Attorneys for the Singleton Law Firm
Fire Victim Claimants

**EXHIBIT "A"**

1     AUDIO TRANSCRIPTION
2     ---oOo---
3     NORTHERN DISTRICT OF CALIFORNIA
4     SAN FRANCISCO DIVISION
5     MARCH 4, 2019
6     SECTION 341 MEETING OF CREDITORS
7     IN THE MATTER OF
8     PG&E CORPORATION
9     BANKRUPTCY CASE NO. 19-30088
10    AND
11    PACIFIC GAS & ELECTRIC COMPANY
12    BANKRUPTCY CASE NO. 19-30089
13
14
15
16
17
18
19
20
21    Transcribed by:
22
23    Diana Sasseen
24    CSR No. 13456
25

1        APPEARANCES

2  TIMOTHY S. LAFFREDI, Assistant U.S. Trustee

3

4  For the Debtors:

5     STEPHEN KAROTKIN, Weil, Gotshal & Manges

6     TOBIAS KELLER, Keller & Benvenutti

7            ---oOo---

8

9

10           EXAMINATION

11  WITNESS                          PAGE

12  JASON WELLS

13     Examination by Timothy Laffredi      10, 75

14     Examination by Gary Agajanian        22

15     Examination by Steve Campora         24

16     Examination by Angela J. Chun        41

17     Examination by Kirk Trostle          42

18     Examination by Tom Tosdal            44

19     Examination by Lindsay Wood          46

20     Examination by Bruce Worthington     48

21     Examination by Bill Daniels          50

22     Examination by Bradley Max           51

23     Examination by Gerald Singleton      53

24     Examination by Mike Danko            65

25

1    A. Well, let me also extend my deepest sympathies.

2        We believe that the provisions of the
3    bankruptcy process allow for a more expeditious
4    resolution of these claims. When we evaluated the
5    different ways to provide relief and to address the
6    claims the company faced, we evaluated doing so through
7    the state court process, which as you know would --
8    could be an ad hoc process that could extend over a
9    number of years. The bankruptcy court process allows us
10   to establish a fair bar date, to estimate the value of
11   these claims, and to work more expeditiously to
12   resolution. And so in part the filing for bankruptcy
13   was guided by the desire to bring resolution as timely
14   as possible.

15    Q. I appreciate the interest in the need for
16   speed, but my question's a little bit different; and
17   that is that you have a system designed for financial
18   losses, but you have massive and ongoing human suffering
19   here. And how is that going to play in your thinking
20   about reorganizing? I mean, is that a factor for you
21   all, or how much of a factor will that be?

22    A. It is absolutely a factor. We understand that
23   we've lost the trust of the community that we serve,
24   that the human toll that these fires have created are --
25   can't be expressed in words. We need to make the

REPORTER'S CERTIFICATE

I, the undersigned, a Certified Shorthand Reporter of the State of California, do hereby certify:

That the foregoing electronically-recorded proceedings were transcribed by me to the best of my ability.

I further certify I am neither financially interested in the action nor a relative or employee of any attorney or party to this action.

IN WITNESS WHEREOF, I have this date subscribed my name.

Dated: April 16, 2019

_____
Diana Sasseen
CSR No. 13456