Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

and

Gregory A. Bray (SBN 115367)
Thomas R. Kreller (SBN 161922)
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063

*Counsel for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case. No. 19-30088 (DM) | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>AMENDED DECLARATION OF CASSIE GILSON IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AUTHORITY TO RETAIN AND EMPLOY AXIOM ADVISORS AS GOVERNMENT AFFAIRS CONSULTANT, EFFECTIVE AS OF MARCH 15, 2019<br><br>Date: May 9, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102 |

I, Cassie Gilson, being duly sworn, state the following under the penalty of perjury:

1.  I am a principal of Axiom Advisors ("Axiom"), which has its principal office at 1201 K Street, Suite 920, Sacramento, CA 95814. I am duly authorized to make this amended declaration (the "Amended Declaration") on behalf of Axiom, which amends and restates the Declaration filed on April 17, 2019 [Docket No. 1525]. Unless otherwise indicated herein, the statements in this Amended Declaration are based on my personal knowledge, my discussions with other employees of Axiom, my discussions with other advisors to the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors in possession (collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases"), my review of relevant documents and/or my opinion based upon my experience.

2.  This Amended Declaration is being submitted in connection with the proposed retention of Axiom as government affairs consultant to the Committee in these Chapter 11 Cases to perform services as set forth in the *Application of the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 328(a) and 1103(a) and Fed. R. Bank. R. 2014 and 2016 for Authority to Retain and Employ Axiom Advisors as Government Affairs Consultant, Effective as of March 15, 2019* (the "Application"). The Committee's retention of Axiom is governed by an engagement letter, dated as of March 15, 2019 (the "Engagement Letter"), a copy of which is attached to the Application as **Exhibit C**.[1]

3.  I am familiar with the matters set forth herein and, if called as a witness, I would testify thereto.

### Axiom's Qualifications

4.  I believe that Axiom and the professionals it employs are uniquely qualified to advise the Committee in the matters for which Axiom is proposed to be employed.

5.  Axiom is a full-service government affairs firm dedicated to providing strategic consulting, lobbying and advocacy, public affairs and targeted communications, and regulatory

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application or the Engagement Letter, as applicable.

counsel to our clients in Sacramento and throughout California. Axiom has nine full-time staff operating out of three offices, with six full-time staff located in Sacramento.

6. Axiom regularly appears before nearly every policy committee in the Capitol, and a wide variety of regulatory agencies in Sacramento and across the state, and works closely with legislative leaders, the Governor's Administration, rank-and-file members in the California Senate and Assembly, and high-ranking members of virtually every department, agency, commission, and board in California's government. In addition, Axiom's professionals have decades of successful outcomes before key regulatory bodies such as the California Public Utilities Commission, the California Coastal Commission, the State Lands Commission, the California Energy Commission, the California Air Resources Board and the State Water Board.

**Scope of Axiom's Proposed Services**

7. The terms and conditions of the Engagement Letter were the result of arm's length discussions and negotiations between Axiom and the Committee. Subject to further order of the Court, and consistent with the Engagement Letter, Axiom will provide issues monitoring, consultation, strategic and communication advice and advocacy representation with respect to political, administrative, regulatory, governmental affairs, legislative and similar issues that may arise in connection with the Chapter 11 Cases that the Committee believes will assist in the performance of its duties or otherwise impact unsecured creditors of the Debtors.

8. As discussed further below, Axiom represents Clearway Energy ("Clearway") with respect to certain power purchase agreement ("PPA") issues (the "PPA Issues"). Axiom and the Committee have agreed that, if, during the duration of the engagement, counsel to the Committee determines that a conflict has or may arise between the Committee and Clearway solely with respect to PPA Issues, then Axiom will subcontract all Committee work on the PPA Issues to an individual and/or firm of the Committee's choice. Axiom will use its best efforts to assist the Committee in identifying individuals and/or firms to assume work on the PPA Issues, and any party assuming the subcontracted issues will be bound to the Committee to the same extent as Axiom is bound to the Committee under the terms of the Engagement Letter. Axiom shall obtain the Committee's written permission before subcontracting a PPA Issue to any other firm or

individuals, and such permission shall not be unreasonably withheld. To the extent a conflict has or may arise between the Committee and one of Axiom's existing clients with respect to any non-PPA Issue, then Axiom will subcontract all non-Committee work on such issue(s) to a third party consultant.

9. If the Committee requests that Axiom perform services not specifically contemplated by the Engagement Letter, Axiom and the Committee will agree, in writing, on the terms for such services and request the Court's approval thereof.

### Professional Compensation and Expense Reimbursement

10. Axiom's decision to advise and assist the Committee in connection with these Chapter 11 Cases is subject to its ability to be retained in accordance with the terms of the Engagement Letter pursuant to section 328(a), and not section 330, of the Bankruptcy Code.

11. As set forth more fully in the Engagement Letter, Axiom will be compensated through payment of a flat fee of $25,000 per month plus reimbursement of actual expenses. While Axiom does not ordinarily maintain contemporaneous time records, and will be paid a flat monthly fee, it will maintain time records in increments of 0.5 hours. Axiom will maintain detailed records of the actual expenses it incurs in connection with rendering services to the Committee and for which it will seek reimbursement.

12. Axiom intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Revised U.S. Trustee Guidelines, the Guidelines for Compensation, the Interim Compensation Order and any other applicable procedures and orders of the Court, including any order approving the Application and consistent with the proposed compensation set forth in the Engagement Letter.

### No Duplication of Services

13. I do not believe that the services to be rendered by Axiom will be duplicative of the services performed by any other professional, and Axiom will use reasonable efforts to coordinate

with the Committee and the other professionals engaged by the Committee to minimize and avoid duplication of services.

### **Disinterestedness and Eligibility**

14. In connection with its proposed retention by the Committee in these Chapter 11 Cases, Axiom undertook to determine whether it has any conflicts or other material relationships that might cause it to represent or hold an interest adverse to the Debtors. In connection with this inquiry, Axiom obtained from the Debtors and their professionals the names of individuals and entities that may be parties in interest in these cases (the "Potential Parties in Interest"), as summarized on the Debtors' Retention Checklist.

15. To the best of my knowledge, information, and belief, Axiom has not represented any Potential Parties in Interest in connection with matters relating to the Debtors, their estates, assets, or businesses and will not represent other entities which are creditors of, or have other relationships to, the Debtors in matters relating to these cases except as set forth herein.

16. As part of this inquiry, Axiom entered the names of Potential Parties in Interest into its computer database of existing and prior client engagements. Through this process, Axiom determined that it is and/or was formerly engaged by certain of the Potential Parties in Interest and/or their affiliates. To the best of my knowledge, information and belief, and based on such internal review process, Axiom currently is engaged to advise and/or was formerly engaged in the last three years to advise the entities identified on **Schedule 2** attached hereto and/or affiliates thereof on matters unrelated to these Chapter 11 Cases. These engagements are in no way connected with matters relating to the Debtors, their estates, assets, or businesses, and do not impair Axiom's ability to be employed by the Committee. To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, none of these engagements are adverse to the interests represented by the Committee. With respect to the rest of the Potential Parties in Interest, to the best of my knowledge, Axiom has not been engaged to render advisory services to any of them within the past three years.

17. In addition to the disclosures in **Annex 2**, Axiom has certain additional matters worthy of disclosure below.

18.  With respect to Centerbridge Partners LP, a party listed on the *Verified Statement of the Ad Hoc Committee of Senior Unsecured Noteholders Pursuant to Bankruptcy Rule 2019* [Docket No. 744] (the "Ad Hoc 2019"), Axiom provides information and analysis of legislative and administrative actions that are relevant to the bankruptcy but does not lobby or publicly represent Centerbridge before the legislature, administration or in any other forum.  Axiom does not believe that such representation will conflict with, or infringe upon, its representation of the Committee.  Axiom will also be bound to maintain the confidentiality of any information it receives from the Committee.

19.  With respect to LS Power, Axiom provides information and analysis of legislative and administrative actions that may be relevant to the bankruptcy and publicly lobbies and represents LS Power before the legislature and administration on matters unrelated to the Debtors' bankruptcy cases.  Axiom does not believe that such representation will conflict with, or infringe upon, its representation of the Committee.  Axiom will also be bound to maintain the confidentiality of any information it receives from the Committee.

20.  Axiom currently represents Clearway with respect to certain PPA Issues.  As provided above and in the Engagement Letter, the Committee and Axiom have agreed that if any conflict arises with respect to the PPA Issues, Axiom will subcontract such work to another provider subject to the Committee's approval.

21.  Axiom does not actually possess specific information regarding the PPA between Clearway and the Debtors, and Axiom does not believe that such information is relevant to the services that Axiom provides to Clearway.  The consulting Axiom provides to Clearway does not involve particular contracts, but rather is a higher level view on the regulatory and political environment that exists that may impact PPAs more generally.  Accordingly, Axiom does not have copies of, has not reviewed and does not provide any detailed advice on those agreements.  Axiom has been able to obtain summary information from the Debtors regarding those contracts and the Debtors have permitted Axiom to provide that information to the U.S. Trustee on a confidential basis.

22. One of Axiom's employees also performs certain services for California Strategies ("CA"), a separate governmental affairs firm. CA represents a coalition of parties in understanding the regulatory, political, and policy issues related to energy and wildfire issues in California. Among the parties included in the coalition is Diameter Capital Partners LP, which is listed on the Ad Hoc 2019. Axiom does not represent Diameter before the legislature, administration or in any other forum and Axiom does not believe that such representation by its employee will conflict with, or infringe upon, its representation of the Committee. Such employee will also be bound to maintain the confidentiality of any information he receives from the Committee.

23. Another employee of Axiom performs certain work for a coalition of parties with respect to certain California water resources-related issues. This coalition, named RiverArc, includes the Placer County Water Authority, a party listed as a Potential Parties in Interest. Such work is wholly unrelated to the Debtors' bankruptcy cases. Such employee will also be bound to maintain the confidentiality of any information he receives from the Committee.

24. Other than as referenced herein or set forth on Schedule 2, (a) I am unaware of any client engagements that Axiom has had or has with the Potential Parties in Interest herein; and (b) Axiom has not been engaged to assist any entity or person on matters relating to, or in connection with, these cases. It is possible that Axiom may now or in the future be engaged by one or more of the Potential Parties in Interest in matters unrelated to the Debtors or these cases. In addition, the Debtors may have customers, creditors, competitors, and other parties with whom they maintain business relationships that are not listed as Potential Parties in Interest and with whom Axiom may now or in the future have engagements or material commercial relationships. To the extent that Axiom discovers any, or enters into any new material engagement or commercial relationship with Potential Parties in Interest, it will supplement this disclosure to the Court.

25. To the best of my knowledge, information, and belief after reasonable inquiry, other than as disclosed in this Amended Declaration, neither I, Axiom, nor any of our professionals or employees participating in or connected with Axiom's engagement with the Committee: (i) is related to the Debtors or any other party in interest herein, the United States Trustee for the Northern District of California or anyone employed in the Office of the United States Trustee for

the Northern District of California, or the judge assigned to these cases; (ii) holds or represents any other entity having an adverse interest in connection with these Chapter 11 Cases; or (iii) has advised any Potential Parties in Interest in connection with these Chapter 11 Cases. Additionally, Axiom does not believe that any relationship that Axiom or any of our professionals or employees participating in or connected with Axiom's engagement with the Committee may have with any Potential Parties in Interest in connection with any unrelated matter will interfere with or impair Axiom's representation of the Committee in these Chapter 11 Cases.

26. To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, Axiom has no agreement with any other entity to share with such entity any compensation received by Axiom in connection with these Chapter 11 Cases. No promises have been received by Axiom as to compensation for Axiom in connection with these Chapter 11 Cases other than in accordance with the Engagement Letter.

27. Certain employees of Axiom may have mortgages, consumer loans, investment accounts, brokerage accounts, or other banking brokerage, or other customer relationships with institutions that are creditors, equity holders or other Potential Parties in Interest in these Chapter 11 Cases or with funds sponsored by or affiliated with such parties. I do not believe that these relationships create a conflict of interest regarding the Debtors or their Chapter 11 Cases.

28. Certain employees of Axiom were formerly employed by other professional services firms that are among, or represent other parties that are among, the creditors, equity holders, or other Potential Parties in Interest in these cases in connection with matters unrelated to the Debtors and the Chapter 11 Cases. I do not believe that these matters create a conflict of interest regarding the Debtors or the Chapter 11 Cases.

29. In addition, certain employees of Axiom and certain of such persons' relatives may directly or indirectly hold, in the ordinary course, debt or equity securities of certain of the Potential Parties in Interest or investment funds sponsored by them. However, based upon the information that has been provided to me, I believe that any such holdings are insignificant and, to my knowledge, none of these investors controls or has any influence on such Potential Parties in

Interest. Further, I do not believe these investments, considered separately or collectively, are material or create a conflict of interest regarding the Debtors or these Chapter 11 Cases.

30. In the light of the number of the Debtors' creditors, Potential Parties in Interest, and potential additional parties in interest, neither I nor Axiom is able conclusively to identify all potential relationships at this time, and we reserve the right to supplement this disclosure as additional material relationships come to our attention. In particular, among other things, Axiom may have relationships with persons who are beneficial owners of Potential Parties in Interest and persons whose beneficial owners include Potential Parties in Interest or persons who otherwise have relationships with Potential Parties in Interest. Moreover, Axiom employees may have relationships with Potential Parties in Interest, persons that may become parties in interest in this case, or persons that have business relationships with the Debtors or are competitors of the Debtors.

31. Based on the foregoing, to the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, Axiom and the employees of Axiom that will work on this engagement do not hold or represent any other entity having an adverse interest in connection with these Chapter 11 Cases, and Axiom is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that Axiom and the employees of Axiom that will work on this engagement:

   a. are not creditors, equity security holders, or insiders of the Debtors;
   b. were not, within two years before the Petition Date, a director, officer, or employee of the Debtors; and
   c. do not have an interest materially adverse to the Debtors, their respective estates, or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason.

32. Axiom will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. To the extent that any new material facts or relationships bearing on the matters described herein during the period of Axiom's retention are discovered or arise, Axiom will file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

| | |
|---|---|
| 1 | |
| 2 | Executed on May 7, 2019, Sacramento, CA |
| 3 | |
| 4 | /s/ Cassie Gilson<br>Cassie Gilson |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

# SCHEDULE 1

**Retention Checklist**

- Debtors
- Debtors' Trade Names and Aliases (up to 8 years)
- Affiliates and Subsidiaries
- Bank Accounts
- Bankruptcy Judges & Staff Northern District of California
- Current Officers and Directors
- Term and Revolving Loan Lenders and Administrative Agents
- Contract Counterparties
- DIP Lenders
- Debtors Professionals
- Former Officers and Directors (since 2008)
- Affiliations of Former Officers
- Affiliations of Former Directors
- Insurance/Insurance Provider/Surety Bonds
- Surety Bonds
- Landlords and parties to leases
- Lenders Litigation Counterparties/Litigation Pending Lawsuits
- Litigation Parties (in adversary proceeding 19-03003)
- Ad Hoc Committee of Unsecured Tort Claimant Creditors
- Non-Debtors Professionals
- Ordinary Course Professionals
- Letters of Credit
- Regulatory and Government
- Significant Competitors
- Significant Shareholders (more than 5% of equity)
- Significant holder of voting securities
- Taxing Authorities
- Top Unsecured Creditors (top 50 list as well as other large holders of unsecured claims)
- Unsecured Notes
- UCC Lien Holders
- Unions
- Office of the United States Trustee for Region 17
- Utility Providers
- Vendors/Suppliers
- Interested Parties / Notice of Appearance Parties

## SCHEDULE 2

**Connections to Potential Parties in Interest**

| Party Name | Relationship to Debtors[2] | Relationship to Axiom[3] |
|---|---|---|
| Aera Energy LLC | Contract Counterparties | Current client on matters unrelated to the Debtors or the Chapter 11 cases |
| Cargill Inc. | Contract Counterparties | Current client on matters unrelated to the Debtors or the Chapter 11 cases |
| LS Power | | Current client on matters unrelated to the Debtors or the Chapter 11 cases |
| SunPower | Contract Counterparties | Potential affiliate of current client on mattes unrelated to the Debtors or the Chapter 11 cases |

---

[2] The Relationship to the Debtors is correlated to the categories of relationships from the Debtors' Interested Party List. Where a Party was listed in multiple categories, each category is indicated.

[3] A "current client" is an entity for which there are, as of the date hereof, active matters on which Axiom is engaged; a "former client" is an entity for which there were no active matters as of the date hereof. Axiom does not represent any of these "current" or potential" clients in matters related to the Debtors or the Chapter 11 Cases. Identification of a party in interest on Annex 2 is not an admission of a conflict, disabling or otherwise, but rather is solely a disclosure of potential connections.