WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**DECLARATION OF MARK J. SWEENEY IN SUPPORT OF VALERO'S MOTION TO FILE REDACTED DOCUMENT AND TO FILE DOCUMENTS UNDER SEAL**<br><br>[Related to Dkt No. 1862] |

I, Mark J. Sweeney, hereby declare as follows:

1.  I am an attorney, licensed to practice in the State of California and admitted to practice before this Court. I am an employee of Pacific Gas and Electric Company (the "**Utility**"). I am authorized to submit this declaration in support of Valero Refining Company-California's ("**Valero's**") Motion To File Redacted Document And To File Documents Under Seal; Declaration of Richard A. Lapping (the "**Lapping Decl.**") (Dkt. No. 1862) (the "**Sealing Motion**") on behalf of the Utility in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I have personal knowledge of the facts stated herein and, if called upon, I could and would competently testify thereto.

2.  On February 5, 2019, Valero filed a Motion for Relief from Stay (Dkt. No. 315) (the "**Stay Motion**") along with the Declaration of John Cox (the "**Cox Declaration**") (Dkt. No. 315-1) in support of the Stay Motion to allow the completion of pretrial proceedings, trial, post-trial motions and any appellate proceedings in or in connection with VALERO REFINING COMPANY-CALIFORNIA, a Delaware corporation v. PACIFIC GAS & ELECTRIC COMPANY, a California corporation, pending as Case No. 2:17-cv-01350-TLN-EFB in United States District Court for the Eastern District of California before the Honorable Troy L. Nunley, United States District Judge (the "**District Court Action**").

3.  PG&E produced to Valero in discovery in the District Court Action copies of two insurance policies ("Policies") of PG&E, which were designated as "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" under a protective order in the District Court Action.

4.  On April 29, 2019, the Court approved Valero and the Utility's Stipulation for Order Approving Stipulated Protective Order and Authorizing Filing Under Seal (Valero Motion for Relief from Automatic Stay) (Dkt. No. 1752) (the "**Protective Order**"). That Protective Order provided that the protective order entered in the District Court Action would apply to the proceedings for the Stay Motion.

5.  On May 6, 2019, Valero filed its Sealing Motion, and filed conditionally under seal the following documents, pursuant to Bankruptcy Code § 107(b), 11 U.S.C., Federal Rule of

Bankruptcy Procedure 9018, the Court's *New District Wide Procedures for Electronically Filing Sealed and Redacted Documents*, and District Court Civil Local Rule 79-5, made applicable by Bankruptcy Local Rule 1001-2(a):

    a. Exhibit 2 to the Lapping Decl., which is a copy of the unredacted version of Valero's Motion for Relief from Stay, highlighted to indicate proposed redactions. Exhibit 2 is not filed in the public record of this case.

    b. Exhibits 3 and 4 to the Lapping Decl., which are true and correct copies of the Policies. Exhibits 3 and 4 are not filed in the public record of this case.

6. Pursuant to Civil Local Rule 79-5, made applicable by Bankruptcy Local Rule 1001-2(a), I make this declaration on behalf of the Debtors to establish that all designated material is sealable. Specifically, the Debtors request that Exhibits 2, 3, and 4 of the Lapping Decl. documents be maintained under seal.

7. The Policies, which are attached as Exhibits 3 & 4 to the Lapping Decl., consist of and identify confidential, nonpublic, proprietary and highly sensitive business information, namely the details of the insurance coverage for certain claims against PG&E. The documents contain confidential information concerning the Debtors' internal practices, business practices, competitive position, and financial state. This is sensitive information and public disclosure of this information presents a risk of undermining the Debtors' litigation position and business relationships, would cause it harm with respect to its customers, would put the Debtors at a competitive disadvantage, and would needlessly impede the Debtors' efforts towards a successful reorganization.

8. Similarly, the proposed redactions in Exhibit 2 cite to and reference the details of the Policies, which as described above consist of and identify confidential, nonpublic, proprietary and highly sensitive business information.

9. The Debtors have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in the exhibits sought to be sealed, including but not limited to designating the exhibits as "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" when produced in discovery in the District Court Action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 10, 2019

By: /s/ *Mark J. Sweeney*

MARK J. SWEENEY