

Signed and Filed: May 9, 2019

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

and

Gregory A. Bray (SBN 115367)
Thomas R. Kreller (SBN 161922)
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063

Counsel for the Official Committee
of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors. | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered) |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>\* *All papers shall be filed in the Lead Case. No. 19-30088 (DM).* | **ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF AXIOM ADVISORS AS GOVERNMENT AFFAIRS CONSULTANT, EFFECTIVE AS OF MARCH 15, 2019**<br><br>Date: May 9, 2019<br>Time: 9:30 AM Pacific Time<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

Upon the application (the "Application")[1] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases for entry of an order (this "Order") authorizing the Committee to retain and employ Axiom Advisors ("Axiom") as advisors to the Committee, effective as of March 15, 2019; and the Court having reviewed the Application and the accompanying Declaration of Cassie Gilson (the "Gilson Declaration"), as amended; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and the Court having found that good and sufficient cause exists for granting the Application; and any objections to the relief requested by the Application having been overruled or withdrawn; and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as set forth herein.

2. The Committee is authorized to retain and employ Axiom as advisors, effective as of March 15, 2019, on the terms set forth in the Engagement Letter.

3. Axiom shall use its reasonable best efforts to avoid any duplication of the services to be provided by any of the Committee's other retained professionals.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

4. Except to the extent set forth herein, the Engagement Letter is approved pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code. Axiom shall file monthly, interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable orders or procedures of this Court, and the Fee Guidelines; provided that Axiom shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code, and Axiom's fees and expenses shall not be subject to review under the standard set forth in section 330 of the Bankruptcy Code, except that the U.S. Trustee shall have review for reasonableness pursuant to section 330 of the Bankruptcy Code. Subject to compliance with the foregoing, and subject to approval by the Court, the Debtors shall pay Axiom's fees and reimburse Axiom for its reasonable and necessary costs and expenses as provided in the Engagement Letter. For the avoidance of doubt, under no circumstances shall any of the compensation or expense reimbursement obligations approved by the Court be an obligation of, or paid by, the Committee or any of its members.

5. Notwithstanding anything to the contrary herein, the requirements of the Interim Compensation Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other orders or procedures of this Court, to the extent applicable, are hereby modified such that Axiom's professionals shall only be required to maintain summary records in one-half (.5) hour increments.

6. The U.S. Trustee shall review and approve any agreements to outsource any of the services covered by Axiom's retention.

7. The Committee and Axiom are authorized to take all actions each of them deems necessary and appropriate to effectuate the relief granted in this Order.

8. Axiom shall conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. To the extent that any new material facts or relationships

bearing on the matters described in the Gilson Declaration during the period of Axiom's retention are discovered or arise, Axiom will file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

9. In the event of any inconsistency between the Engagement Letter, the Application, and this Order, this Order shall govern.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

** END OF ORDER **