

Signed and Filed: May 12, 2019

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Chapter 11 |
| PG&E CORPORATION, | ) Bankruptcy Case |
| and | ) No. 19-30088-DM (Lead Case) |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) Bankruptcy Case <br> ) No. 19-30089-DM |
| Debtors. | ) (Jointly Administered) |
| ☐ Affects PG&E Corporation <br> X Affects Pacific Gas and Electric Co. <br> ☐ Affects both Debtors <br><br> * All papers shall be filed in Lead Case, No. 19-30088-DM. | ) <br> ) <br> ) <br> ) <br> ) |

### MEMORANDUM DECISION ON MOTIONS FOR RELIEF FROM STAY

## I. INTRODUCTION

The court held hearings on May 9, 2019, on motions for relief from stay filed by Marina and Mikhail Gelman ("Gelmans") (Dkt. No. 1310) and Valero Refining Company - California ("Valero") (Dkt. No. 315). The two motions are unrelated and have not been consolidated for any purpose. For the reasons explained below, neither motion will be granted at this time.[1]

---

[1] After the court reviewed the motions and the accompanying briefs and reflected on the oral arguments that had been presented, it began and nearly completed this memorandum disposing of them.

The reason these motions are being discussed together is because the disposition of each is for the same reason: it is still too early in these complex reorganization cases to force the Debtors to defend the claims of the two movants in two different courts while at the same time attempting to make progress toward the goal of a successful reorganization. While there is no doubt that Pacific Gas and Electric Company's ("PG&E") alleged liability must be determined, if at all, and perhaps for both claims liquidated as to amount, it is far more preferable to make progress toward that goal before the individual claims be dealt with.

II. DISCUSSION

The underlying facts are well-established in the moving papers. Marina Gelman suffered personal injuries in January 2016, and has not fully recovered after lengthy medical treatment. She and her husband filed suit in San Francisco Superior Court in January, 2017, naming as defendants PG&E, the City and County of San Francisco ("CCSF"), and The Palm House restaurant. Much of the pretrial activity has been completed, and the trial has been set previously, continued once, and then continued again until this December.

If the Gelmans obtain relief from stay to liquidate their claims and prevail against PG&E, they will still not be able to enforce their claim or take other actions to recover without further permission from the court. Thus relief now will not finally resolve

---

Then it learned of the Debtors' Letter to Court Regarding Motion for Relief from Stay by Valero Refining Company-California (Dkt. No. 1980)(filed at 5:25 PM PDT on May 10, 2019). The information contained in the letter had no influence on the decision that had been reached and is reflected in this memorandum. Nothing further needs to be filed to supplement the record.

their involvement in this case.  Nothing prevents them from severing their action and proceeding separately against the other defendants but they have declined that option.

Valero suffered a loss of power and a subsequent complete shutdown at its Benecia, California refinery in May, 2017.  It sued PG&E the following month, claiming damages in excess of $75,000,000; it may also be permitted to seek punitive damages.  If it obtains a judgment above PG&E's applicable insurance deductible it may be able to recover from insurance.  As with the Gelmans, even if the court grants relief from stay, Valero will not be able to enforce any judgment or take other actions to recover from PG&E without further permission.

The Valero action was scheduled to go to trial in the United States District Court for the Eastern District of California in June of this year.  It has been postponed because of the PG&E bankruptcy.

The court is satisfied that both movants have shown prima facie cause for relief from stay under 11 U.S.C. § 362(d).  No purpose would be served by further explanation of their contentions and arguments.  That said, the court will use its discretion to deny such relief <u>at this time</u>.  PG&E has carried its burden in opposition under 11 U.S.C. § 362(g)(2).

In the Corrected Motion of Debtors Pursuant to 11 U.S.C. § 1121(d) to Extend Exclusive Periods (Dkt. 1737)[2], Debtors make a

---

[2] The Corrected Motion was filed before the May 9, 2019, hearing but had not been reviewed by the court nor made part of the record of the motions.  Whether or not either movant was even aware of it is of no moment.  Reasons for extending exclusivity are not reasons for granting or denying relief from stay.  Even referring to it now is only to provide a summary of the many complex and varied matters that have taken place in under four months and to illustrate the court's reason why these two motions (and perhaps

-3-

persuasive demonstration that more time is needed to attend to myriad issues in this case without forcing them to resume defense of these two actions absent compelling circumstances to justify relief now.³ That is not to ignore the obvious, namely that PG&E and its parent have numerous counsel and other professionals dealing with its affairs and litigation counsel defending these two tort actions may have little or no involvement with the reorganization efforts. Beyond the specifics of defending these two actions, however, Debtors' many challenging tasks include figuring out the structure and implementation methods of any viable reorganization, not the least of which task is the liquidation or aggregate estimation of countless claims from the recent wildfires, other tort liabilities and billions of dollars of contractual liabilities of all types.

    From this court's experience, both in the prior PG%E case and many other cases over the years, there is too much at stake in needing to craft the contours of the reorganization than to require a debtor this soon to tackle specific individual cases. They must have breathing room in order at least outline where and how these and other claims will be handled.

    The court must analyze each such request for relief on a case-by-case basis. The Gelmans and Valero may be closer to relief than others, and this is a close call given the status of both of these

---

many more) must be denied, or at least deferred, for the time being. It makes no determination on the merits of the Corrected Motion.

³For example, the lengthy litigation between CCSF and PG&E before the Federal Energy Regulatory Commission justified relief from stay, to the extent the stay applies at all, to CCSF at the same May 9, 2019, hearing. That litigation before a specialized tribunal will take far longer, and is arguably far more complex than the Gelman and Valero litigation.

-4-

actions, but relief from stay for these two motions now is not appropriate.

III. DISPOSITION

The court will follow its usual practice of continuing rather than denying motions such as these. Both preliminary hearings are continued to September 10, 2019, at 9:30 AM. If either the Gelmans or Valero prefer a final order denying their motion in order to facilitate an appeal, their counsel should serve and upload an order denying the motion "for the reasons stated in this memorandum". In that case the particular motion will be dropped from the September 10 calendar.

For motions remaining on calendar, the movant(s) may supplement the motion no later than twenty-one days before the continued hearing and PG&E may file a further response to the motion and any supplement no later than five days before the hearing.

\* \* \* END OF MEMORANDUM DECISION \* \* \*