**EXHIBIT 1-2**
**Redline Comparison**

**WEIL, GOTSHAL & MANGES LLP**
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

**KELLER & BENVENUTTI LLP**
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*~~Proposed~~ Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> Debtors. <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) <br><br> (Jointly Administered) <br><br> **[PROPOSED] ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AND FED. R. BANKR. P. 2014(a) AND 2016 AUTHORIZING THE RETENTION AND EMPLOYMENT OF LAZARD FRÈRES & CO. LLC AS INVESTMENT BANKER TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Upon the Application, dated March 14, 2019 (the "**Application**"),[1] of PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for an order: (i) authorizing the employment and retention of Lazard Frères & Co. LLC ("**Lazard**") as investment banker for the Debtors effective as of the Petition Date; (ii) modifying certain time-keeping requirements; and (iii) granting related relief, in accordance with the terms and conditions set forth in the engagement letter between the Debtors and Lazard dated as of January 4, 2019 (the "**Engagement Letter**," which Engagement Letter includes the terms of the related indemnification letter dated as of September 15, 2011, the "**Indemnification Letter**")~~;~~.; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Application as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application ~~and~~, the Ziman Declaration, and the Supplemental Ziman Declaration; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as provided herein.

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

2. The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, to engage Lazard as their investment banker in these Chapter 11 Cases, effective as of the Petition Date, pursuant to the terms of the Engagement Letter and the Indemnification Letter, copies of which are annexed hereto as **Exhibit 1** and **Exhibit 2** respectively.

3. ~~All~~Except to the extent set forth herein, all of Lazard's compensation as set forth in the Engagement Letter and the Indemnification Letter including, without limitation, the Monthly Fees, the Transaction Fee, the Restructuring Fee, and the Financing Fee, and the expense reimbursement and indemnification and related obligations, are approved pursuant to section 328(a) of the Bankruptcy Code and Lazard shall be compensated, reimbursed and indemnified pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of, and at the times specified in, the Engagement Letter and Indemnification Letter; provided, however, that the following language in sections 2(a), 2(b), 2(d) and 2(e) of the Engagement Letter shall be deemed stricken: "provided that in the event of Chapter 11 filing, such credit shall only apply to the extent that such fees are approved in their entirety by the Bankruptcy Court, if applicable."

4. Notwithstanding anything herein, in the Application or Engagement Letter:

   a. the total aggregate fees that may be paid to Lazard after the Petition Date will not exceed $36.5 million in the aggregate (the "Aggregate Cap"); provided that, for the avoidance of doubt, the Aggregate Cap excludes the following amounts:

   (1) any Fees paid prior to the Petition Date, including the Financing Fee paid in connection with the debtor-in-possession financing (the "DIP Financing Fee");

   (2) any Fees that are earned but not paid because they are credited against another Fee under the terms of the Engagement Letter;

   (3) out of pocket expenses which will be reimbursed in the ordinary course subject to the interim compensation order procedures; and

   (4) any amounts due and payable under the Indemnification Letter (as modified by this Order); and

   b. $8 million of the DIP Financing Fee shall be credited against any Restructuring Fee payable under the terms of the Engagement Letter; and

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

   c. in calculating the amount of any Financing Fee payable under the terms of the Engagement Letter, the total gross proceeds shall not include any funds provided or guaranteed by a governmental unit (as defined by the Bankruptcy Code); and

   d. in calculating the amount of any Transaction Fee payable under the terms of the Engagement Letter, the term "Transaction" shall not include condemnation proceedings by a governmental unit (as defined by the Bankruptcy Code).

5. Lazard shall file monthly fee statements and interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines and any Orders, provided that Lazard shall be compensated and reimbursed pursuant to Bankruptcy Code section 328(a) and that Lazard's fees and expenses shall not be subject to review under the standard set forth in section 330 of the Bankruptcy Code.

6. Notwithstanding anything to the contrary herein, the Office of the United States Trustee shall have the right to object to Lazard's interim and final fee applications (including expense reimbursement) on all grounds, including the reasonableness standard provided in section 330 of the Bankruptcy Code.

7. Notwithstanding anything to the contrary in the Application, any of its attachments, or the Engagement Letter and Indemnification Letter, Lazard shall not seek reimbursement of any fees or costs arising from the defense of any of Lazard's monthly fee statements or fee applications in these Chapter 11 Cases.

8. Lazard shall be excused from keeping time records for services rendered in one-tenth-hour (.1) increments, and instead shall only be required to maintain time records in half-hour (.5) increments in summary format.

9. None of the fees payable to Lazard shall constitute a "bonus" or fee enhancement under applicable law.

10. The indemnification, exculpation, contribution, reimbursement and related provisions set forth in the Engagement Letter and Indemnification Letter are approved, subject during the pendency of these Chapter 11 Cases to the following:

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

   a. Lazard shall not be entitled to indemnification, contribution or reimbursement for services other than the services provided under the Engagement Letter, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court; and

   b. notwithstanding any provisions of the Engagement Letter or Indemnification Letter to the contrary, the Debtors shall have no obligation to indemnify an Indemnified Person or provide contribution or reimbursement to an Indemnified Person (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from such Indemnified Person's negligence, bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of Lazard's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible, or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which such Indemnified Person should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter and Indemnification Letter, as modified by this Order; and

   c. if, during the pendency of the Debtors' Chapter 11 Cases, the indemnification is held unenforceable by reason of the exclusions set forth in subparagraph b. above (i.e., negligence, bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct, or for a contractual dispute in which the Debtors allege the breach of Lazard's contractual obligations if the Court determines that indemnification would not be permissible) and Lazard makes a claim for the payment of any amounts by the Debtors on account of the Debtors' contribution obligations, then the proviso set forth in the second sentence of the contribution provisions in the Engagement Letter shall not apply.

11. ~~10.~~ To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, the Indemnification Letter, and this Order, the terms of this Order shall govern.

12. ~~11.~~ The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Chapter 11 Cases to cases under chapter 7.

13. ~~12.~~ The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

14. ~~13.~~ This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order. For the avoidance

of doubt, notwithstanding any provision in the Engagement Letter to the contrary, during the pendency of these Chapter 11 Cases, this Court shall have exclusive jurisdiction over the approval of fees due and owing to Lazard for this retention.

** END OF ORDER **

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Document comparison by Workshare 9.5 on Monday, May 13, 2019 2:00:40 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://LOCAL/US/139306962/1 |
| Description | #139306962v1<US> - Pelican - PO Lazard Retention Application_(Filed Version) |
| Document 2 ID | interwovenSite://LOCAL/US/139379666/1 |
| Description | #139379666v1<US> - Revised Proposed Order (Final) |
| Rendering set | Firm Word - Adds Double Underline, Delete Strikethrough |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 26 |
| Deletions | 15 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 41 |