SULLIVAN HILL REZ & ENGEL
A Professional Law Corporation
  James P. Hill, SBN 90478
  Christopher V. Hawkins, SBN 222961
600 B Street, Suite 1700
San Diego, California 92101
Tel:    (619) 233-4100
Email: hill@sullivanhill.com
       hawkins@sullivanhill.com

Gerald Singleton, SBN 208783
John C. Lemon, SBN 175847
SINGLETON LAW FIRM, APC
450 A Street, 5th Floor
San Diego, CA 92101
Tel:    (619) 771-3473
Email: gerald@slffirm.com
       john@jcl-lawoffice.com

Attorneys for SLF Fire Victim Claimants

Electronically Filed 05/15/19

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>  and<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br><br>                    Debtors<br><br>Affects:<br>☐ PG&E Corporation<br>☐ Pacific Gas & Electric Company<br>☒ Both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case–Jointly Administered)<br><br>**DECLARATION OF GERALD SINGLETON IN SUPPORT OF OBJECTION BY THE SINGLETON LAW FIRM FIRE VICTIM CLAIMANTS TO PG&E'S EXCLUSIVITY MOTION (DOC. 1795)**<br><br>Date:  May 22, 2019<br>Time: 9:30 a.m. (Pacific)<br>Place: United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 94102<br>       Hon. Dennis Montali<br><br>Opposition Deadline: May 15, 2019, 4 p.m. (PDT) |

I, Gerald Singleton, state and declare as follows:

1. I am an attorney duly licensed to practice law in the states of California and Texas, the United States Supreme Court, the Ninth Circuit Court of Appeals, and all District Courts in the State of California. I am the senior partner of the Singleton Law Firm, APC, and am counsel for the SLF Fire Victim Claimants ("SLF Claimants").

2. I make this declaration in support of the Objection by the Singleton Law Firm Fire Victim Claimants to PG&E's Exclusivity Motion ("Objection"). All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would testify competently to those facts.

3. Although the Singleton Law Firm represents over 4,700 victims, the PG&E bankruptcy attorneys have stated that they will speak only to counsel for the Tort Claims Committee and there has been no substantive communications with counsel for the SLF Fire Victim Claimants.

4. Because PG&E has refused to communicate substantively with counsel the SLF Fire Victim Claimants, there has made no progress in negotiations. However, based on communications with other lawyers in this proceeding, it appears that PG&E is trying to negotiate a matrix to facilitate mass settlements (akin to a class action) rather than settling claims on an individual basis.

5. Mass settlement is not in the best interest of the fire victims. The Singleton Firm has settled well over one thousand fire cases – including over 700 from the Butte Fire with PG&E – and is uniquely credentialed to appreciate that the fire victims must maintain the right to have their cases handled individually. Taking a one-size-fits-all approach and resolving these claims *en masse* would be a windfall to PG&E at the expensive of these victims, who still deserve to be made whole – PG&E's *elective* bankruptcy notwithstanding.

6. The Butte Fire occurred in 2015. The Singleton Firm still represents over 700 individual victims (in more than 300 cases) who have been waiting since 2015 and who were on the cusp of being compensated for their losses when PG&E elected to declare bankruptcy.

7. As PG&E's Chief Financial Officer admitted in his sworn testimony at the Creditor's Hearing on April 29, even taking the worst current projections for its fire losses into account ($30

2

billion in overall damages from the three fire complexes) PG&E will still have over $6 billion more in assets than in liabilities. This was a tactical move designed to try and get a better deal for PG&E, and a worse deal for the fire victims, the ratepayers, and the public.

8. At the Creditor's Meeting on April 29, 2019, PG&E's CFO testified that he believed the lowest range of PG&E's liability would be $14 billion, not $13.4 billion. However, he acknowledged that, based on the information known to PG&E to date, $30 billion was the high-end of the PG&E's estimates for the potential damages from these fires.

9. PG&E is leveraging its position as a massive debtor to influence the state government to enact legislation: (1) imposing limitations on fire liability for utilities; and (2) to create a bail-out fund. This is both unfair to the victims (who must now languish while their claims are in bankruptcy court), the taxpayers (who are being asked to pay billions of dollars for PG&E's malfeasance so that PG&E shareholders can continue to reap billions of dollars in profits and dividends) and an abuse of process.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 15, 2019, at San Diego, California.

_____
Gerald Singleton

3