agents responsible for maintenance and inspection of the distribution lines and/or vegetation areas nearby these lines.

197. As a direct and legal result of **DEFENDANTS'** actions and/or omissions, and/or each of them, **PLAINTIFFS** were injured in their health, strength, and/or activity in an amount according to proof at trial.

198. As a further direct and legal result of the premises, **PLAINTIFFS** were required to and/or continue to employ physicians and other healthcare providers to examine, treat, and/or care for their injuries. **PLAINTIFFS** have incurred, and will continue to incur, medical and/or incidental expenses in an amount according to proof at trial.

199. As a further direct and legal result of the premises, **PLAINTIFFS** have suffered and/or continue to suffer great mental pain and suffering, including worry, emotional distress, humiliation, embarrassment, anguish, anxiety, and/or nervousness. **PLAINTIFFS** are informed and believe, and upon such information and belief allege, that such injuries have resulted in debilitating injuries in an amount according to proof at trial.

200. As a further direct and legal result of the premises, **PLAINTIFFS** have suffered a loss of income, loss of earning capacity, loss of profits, increased expenses due to displacement, and/or other consequential economic losses in an amount according to proof at trial.

201. As a further direct and legal result of **DEFENDANTS'** actions and/or omissions, and/or each of them, **PLAINTIFFS** have suffered damage to real property, including the loss of vegetation, trees, and structures, the creation of hydrophobic soil conditions, and a loss of use, benefit, goodwill, diminution in value, and/or enjoyment of such property in an amount according to proof at trial.

202. As a further direct and legal result of **DEFENDANTS'** actions and/or omissions, and/or each of them, **PLAINTIFFS** have suffered damage to and/or a loss of personal property, including but not limited to items of peculiar value to **PLAINTIFFS**, in an amount according to proof at trial.

203. As a further direct and legal result of **DEFENDANTS'** actions and/or omissions, and/or each of them, **PLAINTIFFS** have incurred and will continue to incur expenses and other

economic damages related to the damage to their property, including costs relating to storage, clean-up, disposal, repair, depreciation, and/or replacement of their property, and/or other related consequential damages in an amount according to proof at trial.

204. **PG&E** has a virtual monopoly over the transmission and distribution of electrical power to the areas affected by the North Bay Fires and has individual contracts with all residents and businesses in those areas to whom it distributes that electrical power. The communities affected by the North Bay Fires are all dependent upon the safe transmission and distribution of that electrical power for continuous residential and commercial usage, and **PG&E** has contractual, statutory, and public duties to provide that electrical power in a manner that promotes those individual and public interests.

205. The potential harms to **PLAINTIFFS** from wildfires such as the North Bay Fires were objectively foreseeable both in nature and in scope and were subjectively known to **PG&E** from its long and tragic history of causing such wildfires.

206. As set forth above and as will be shown by proof, there is a high degree of certainty that **PLAINTIFFS** have suffered those injuries and damages, and that there is an extremely close connection between those injuries and damages and **DEFENDANTS'** conduct. A high degree of moral blame is attached to **DEFENDANTS'** conduct, and the policy of preventing future harm justifies both the recognition of the existence of a duty of care owed by **DEFENDANTS** to all **PLAINTIFFS** and the imposition of all damages described above.

207. Based on the foregoing, **DEFENDANTS**, and/or each of them, acted willfully, wantonly, with oppression, fraud, malice, and/or with a knowing, conscious disregard for the rights and/or safety of others, such the **PLAINTIFFS** request that the trier of fact, in the exercise of sound discretion, award **PLAINTIFFS** additional damages pursuant to Code of Civil Procedure § 3294 for the sake of example and sufficient to punish the **DEFENDANTS**, and/or each of them, for their despicable conduct, in an amount reasonably related to **PLAINTIFFS'** actual damages and **DEFENDANTS'** financial condition, yet sufficiently large enough to be an example to others and to deter **DEFENDANTS** and others from engaging in similar conduct in the future.

208. As a further direct and legal result of the conduct of **DEFENDANTS**, **PLAINTIFFS** seek exemplary damages for injuries to **PLAINTIFFS'** animals as allowed under Code of Civil Procedure § 3340.

## SECOND CAUSE OF ACTION
## WRONGFUL DEATH
### (Against All Defendants)

209. **PLAINTIFFS** incorporate and re-allege each of the paragraphs set forth above as though fully set forth herein.

210. As a direct and legal result of **DEFENDANTS'** actions and/or omissions, and/or each of them, at least 44 people died in or from the North Bay Fires ("**DECEDENTS**").

211. As a further direct and legal result of **DEFENDANTS'** actions and/or omissions, and/or each of them, **PLAINTIFFS** suffered and continue to suffer the loss of love, society, solace, companionship, comfort, care, assistance, protection, affection, and/or moral support from **DECEDENTS** in an amount to be determined at trial.

212. As a further direct and legal result of **DEFENDANTS'** actions and/or omissions, and/or each of them, **PLAINTIFFS** incurred funeral and/or burial expenses and/or related medical expenses in an amount according to proof at trial.

213. As a further direct and legal result of **DEFENDANTS'** actions and/or omissions, and/or each of them, **PLAINTIFFS** suffered economic losses, including but not limited to the loss of financial support, and/or the loss of household services in an amount according to proof of trial.

## THIRD CAUSE OF ACTION
## SURVIVAL ACTION
### (Against All Defendants)

214. **PLAINTIFFS** incorporate and re-allege each of the paragraphs set forth above as though fully set forth herein.

215. Prior to **DECEDENTS'** death, this cause of action arose in their favor. Since **DECEDENTS'** death, **PLAINTIFFS** have served as representatives for **DECEDENTS'** estates and are authorized as successors in interest with respect to their interest in the property that was damaged, lost, and/or destroyed in the North Bay Fires, to pursue any and all legal claims for

damages relevant thereto, and/or to recover damages for expenses incurred related to medical and/or emergency services related to the fires.

216. As set forth above, the North Bay Fires were a direct and legal result of the negligence, carelessness, recklessness, and/or unlawfulness of **DEFENDANTS**, and/or each of them.

217. As a direct and legal result of **DEFENDANTS'** actions and/or omissions, and/or each of them, immediately prior to **DECEDENTS'** death, **DECEDENTS** suffered personal injuries, great pain and suffering, and/or damage to their real and/or personal property. Had they survived, **DECEDENTS** would have been entitled to recover all such damages allowed under Code of Civil Procedure § 377.30 under the causes of action alleged in this Master Complaint for, *inter alia*, inverse condemnation, negligence, negligent infliction of emotional distress, private nuisance, public nuisance, premises liability, trespass, and/or violations of statutes and regulations.

218. As a further direct and legal result of **DEFENDANTS'** actions and/or omissions, and/or each of them, expenses were incurred for the identification and/or removal of **DECEDENTS'** remains and other medical and/or emergency services related to the North Bay Fires.

219. As a further direct and legal result of the wrongful acts and/or omissions of **DEFENDANTS**, and/or each of them, **PLAINTIFFS** seek the recovery of punitive and exemplary damages against **DEFENDANTS** as set forth above.

### FOURTH CAUSE OF ACTION
### INVERSE CONDEMNATION
### (Against All Defendants)

220. **PLAINTIFFS** incorporate and re-allege each of the paragraphs set forth above as though fully set forth herein.

221. On or around October 8 or 9, 2017, **PLAINTIFFS** were owners of real property and/or personal property located within Butte, Calaveras, Lake, Mendocino, Napa, Nevada, Solano, Sonoma, and/or Yuba Counties in the area of the North Bay Fires.

222. Prior to and on October 8 or 9, 2017, **DEFENDANTS**, and/or each of them, installed, owned, operated, used, controlled, and/or maintained power lines and other electrical equipment for the public delivery of electricity, including power lines in and around the location of the North Bay Fires.

223. On or around October 8 or 9, 2017, as a direct, necessary, and legal result of **DEFENDANTS'** installation, ownership, operation, use, control, management, and/or maintenance for a public use the power lines and/or other electrical equipment, the power lines and/or other electrical equipment came in contact with vegetation and/or broke, failed, fell down, sparked, and/or exploded, causing wildfires that burned thousands of acres, including property owned or occupied by **PLAINTIFFS**. The fires damaged and/or destroyed **PLAINTIFFS'** real and/or personal property.

224. The above described damage to **PLAINTIFFS'** property was legally and substantially caused by the actions of **DEFENDANTS**, and/or each of them, in their installation, ownership, operation, use, control, management, and/or maintenance of the power lines and other electrical equipment for a public use. **PG&E** is a privately owned public utility which enjoys a state-protected monopoly or quasi-monopoly derived from its exclusive franchise provided by the State of California, is more akin to a governmental entity than a purely private entity, and runs its utility affairs like a governmental entity. **PG&E's** monopoly is guaranteed and safeguarded by the CPUC, which possesses the power to refuse to issue certificates of public convenience and necessity to permit potential competition to enter the market. The policy justifications underlying inverse condemnation liability are that individual property owners should not have to contribute disproportionately to the risks from public improvements made to benefit the community as a whole. Under the rules and regulations set forth by the CPUC, amounts that **DEFENDANTS** must pay in inverse condemnation can be included in their rates and spread among the entire group of rate payers so long as they are otherwise acting as a reasonable and prudent manager of their electric distribution systems.

225. **PLAINTIFFS** have not received adequate compensation for the damage to and/or destruction of their property, thus constituting a taking or damaging of **PLAINTIFFS'** property by **DEFENDANTS**, and/or each of them, without just compensation.

226. As a direct and legal result of the actions and/or omissions of the **DEFENDANTS**, **PLAINTIFFS** suffered damages to their real and/or personal property, including loss of use, interference with access, and/or diminution in value and/or marketability in an amount according to proof at trial.

227. As a direct and legal result of the actions and/or omissions of the **DEFENDANTS**, **PLAINTIFFS** have incurred and will continue to incur costs, disbursements, and/or expenses, including reasonable attorney, appraisal, engineering, and/or other expert fees due to the conduct of the **DEFENDANTS** in amounts that cannot yet be ascertained, but which are recoverable pursuant to Code of Civil Procedure § 1036.

### FIFTH CAUSE OF ACTION
### PUBLIC NUISANCE
### (Against All Defendants)

228. **PLAINTIFFS** incorporate and re-allege by this reference each of the paragraphs set forth as though fully set forth herein.

229. **PLAINTIFFS** own and/or occupy property at or near the site of the fire which is the subject of this action. At all relevant times herein, **PLAINTIFFS** had a right to occupy, enjoy, and/or use their property without interference by **DEFENDANTS**, and/or each of them.

230. **DEFENDANTS**, and/or each of them, owed a duty to the public, including **PLAINTIFFS** herein, to conduct their business, in particular the maintenance and/or operation of power lines, power poles, and/or electrical equipment on power poles, and adjacent vegetation in proximity to their power lines in and around Butte, Calaveras, Lake, Mendocino, Napa, Nevada, Solano, Sonoma, and/or Yuba Counties in a manner that did not threaten harm or injury to the public welfare from operation of those power lines.

231. **DEFENDANTS**, and/or each of them, by acting and/or failing to act, as alleged hereinabove, created a condition which was harmful to the health of the public, including these

Case: 19-30088    Doc# 2021-4    Filed: 05/15/19    Entered: 05/15/19 15:59:18    Page 6 of 19

**PLAINTIFFS**, and which interfered with the comfortable occupancy, use, and/or enjoyment of **PLAINTIFFS'** property.

232. **PLAINTIFFS** did not consent, expressly or impliedly, to the wrongful conduct of **DEFENDANTS**, and/or each of them, in acting in the manner set forth above.

233. The hazardous conditions that were created by and/or permitted to exist by **DEFENDANTS**, and/or each of them, affected a substantial number of people within the general public, including **PLAINTIFFS** herein, and constituted a public nuisance under Civil Code §§ 3479 and 3480 and Public Resources Code § 4171. Further, the ensuing uncontrolled wildfire constituted a public nuisance under Public Resources Code § 4170.

234. The damaging effects of **DEFENDANTS'** maintenance of a fire hazard and the ensuing uncontrolled wildfire are ongoing and affect the public at large. As a result of the fire's location, temperature, and/or duration, extensive areas of hydrophobic soils developed within the fire's perimeter. This further caused significant post fire runoff hazards to occur, including hillside erosion, debris flow hazards, sediment laden flow hazards, and hillside erosion. As a result, large quantities of ash and sediment will be deposited in perennial and ephemeral watercourses.

235. As a direct and legal result of the conduct of **DEFENDANTS**, and/or each of them, **PLAINTIFFS** suffered harm that is different from the type of harm suffered by the general public. Specifically, **PLAINTIFFS** have lost the occupancy, possession, use, and/or enjoyment of their land, real and/or personal property, including, but not limited to: (a) a reasonable and rational fear that the area is still dangerous; (b) a diminution in the fair market value of their property; (c) an impairment of the salability of their property; (d) soils that have become hydrophobic; (e) exposure to an array of toxic substances on their land; (f) the presence of "special waste" on their property that requires special management and disposal; and (g) a lingering smell of smoke, and/or constant soot, ash, and/or dust in the air.

236. As a further direct and legal result of the conduct of **DEFENDANTS**, and/or each of them, **PLAINTIFFS** have suffered, and will continue to suffer, discomfort, anxiety, fear, worries, annoyance, and/or stress attendant to the interference with **PLAINTIFFS'** occupancy, possession, use and/or enjoyment of their property, as alleged above.

237. A reasonable, ordinary person would be reasonably annoyed or disturbed by the condition created by **DEFENDANTS**, and/or each of them, and the resulting fire.

238. The conduct of **DEFENDANTS**, and/or each of them, is unreasonable and the seriousness of the harm to the public, including **PLAINTIFFS** herein, outweighs the social utility of **DEFENDANTS'** conduct.

239. The individual and/or collective conduct of **DEFENDANTS** set forth above, and/or each of them, resulting in the North Bay Fires is not an isolated incident, but is ongoing and/or a repeated course of conduct, and **DEFENDANTS'** prior conduct and/or failures have resulted in other fires and damage to the public.

240. The unreasonable conduct of **DEFENDANTS**, and/or each of them, is a direct and legal cause of the harm, injury, and/or damage to the public, including **PLAINTIFFS** herein.

241. **DEFENDANTS**, and/or each of them, have individually and/or collectively, failed and refused to conduct proper inspections and to properly trim, prune, and/or cut vegetation in order to ensure the sole delivery of electricity to residents through the operation of power lines in the affected area, and **DEFENDANTS'** individual and/or collective failure to do so exposed every member of the public, residing in Butte, Calaveras, Lake, Mendocino, Napa, Nevada, Solano, Sonoma, and/or Yuba Counties, to a foreseeable danger of personal injury, death, and/or a loss of or destruction of real and personal property.

242. The conduct of **DEFENDANTS**, and/or each of them, set forth above constitutes a public nuisance within the meaning of Civil Code §§ 3479 and 3480, Public Resources Code §§ 4104 and 4170, and Code of Civil Procedure § 731. Under Civil Code § 3493, **PLAINTIFFS** have standing to maintain an action for public nuisance because the nuisance is especially injurious to **PLAINTIFFS** because, as more specifically described above, it is injurious and/or offensive to the senses of the **PLAINTIFFS**, unreasonably interferes with the comfortable enjoyment of their properties, and/or unlawfully obstructs the free use, in the customary manner, of **PLAINTIFFS'** properties, and have suffered harm, injury, and/or damages.

243. For these reasons, **PLAINTIFFS** seek a permanent injunction ordering that **DEFENDANTS**, and each of them, stop continued violation of: (a) General Order No. 95, Rules

31.1-31.5, 35, 38, 43, 43.2, 44.1-44.4, and 48-48.1; (b) General Order No. 165; (c) Public Resources Code §§ 4292, 4293, and 4435; and (d) Public Utilities Code § 451. **PLAINTIFFS** also seek an order directing **DEFENDANTS** to abate the existing and continuing nuisance described above.

### SIXTH CAUSE OF ACTION
### PRIVATE NUISANCE
### (Against All Defendants)

244. **PLAINTIFFS** incorporate and re-allege by this reference each of the paragraphs set forth as though fully set forth herein.

245. **DEFENDANTS**, and/or each of them, by their acts and/or omissions set forth above, directly and legally caused an obstruction to the free use of **PLAINTIFFS'** property, an invasion the **PLAINTIFFS'** right to use their property, and/or an interference with the enjoyment of **PLAINTIFFS'** property, resulting in **PLAINTIFFS** suffering unreasonable harm and substantial actual damages constituting a nuisance pursuant to Civil Code §§ 3479 and 3481.

246. As a direct and legal result of the wrongful acts and/or omissions of **DEFENDANTS**, and/or each of them, **PLAINTIFFS** suffered, and continue to suffer, the injuries and/or damages as set forth above.

247. As a further direct and legal result of the wrongful acts and/or omissions of **DEFENDANTS**, and/or each of them, **PLAINTIFFS** seek the recovery of punitive and exemplary damages against **DEFENDANTS** as set forth above.

### SEVENTH CAUSE OF ACTION
### PREMISES LIABILITY
### (Against All Defendants)

248. **PLAINTIFFS** incorporate and re-allege by this reference, each of the paragraphs set forth as though fully set forth herein.

249. **DEFENDANTS**, and/or each of them, were the owners of an easement and/or real property in the area of the origins of the North Bay Fires, and/or were the owners of the power lines upon said easement(s) and/or right(s) of way.

MASTER COMPLAINT – INDIVIDUAL PLAINTIFFS 61

Case: 19-30088    Doc# 2021-4    Filed: 05/15/19    Entered: 05/15/19 15:59:18    Page 9 of 19

250. **DEFENDANTS**, and/or each of them, acted wantonly, unlawfully, carelessly, recklessly, and/or negligently in failing to properly inspect, manage, maintain, and/or control the vegetation near its power lines along the real property and easement(s), allowing an unsafe condition presenting a foreseeable risk of fire danger to exist on said property.

251. As a direct and legal result of the wrongful acts and/or omissions of **DEFENDANTS**, and/or each of them, **PLAINTIFFS** suffered, and continue to suffer, the injuries and/or damages as set forth above.

252. As a further direct and legal result of the wrongful acts and/or omissions of **DEFENDANTS**, and/or each of them, **PLAINTIFFS** seek the recovery of punitive and exemplary damages against **DEFENDANTS** as set forth above.

## EIGHTH CAUSE OF ACTION
### TRESPASS
### (Against All Defendants)

253. **PLAINTIFFS** incorporate and re-allege by this reference each of the paragraphs set forth as though fully set forth herein.

254. At all times relevant herein, **PLAINTIFFS** were the owners, tenants, and/or lawful occupants of property damaged by the North Bay Fires.

255. **DEFENDANTS**, and/or each of them, in wrongfully acting and/or failing to act in the manner set forth above, caused the North Bay Fires to ignite and/or spread out of control, causing harm, damage, and/or injury to **PLAINTIFFS** herein, resulting in a trespass upon **PLAINTIFFS** property interests.

256. **PLAINTIFFS** did not grant permission for **DEFENDANTS** to wrongfully act in a manner so as to cause the North Bay Fires, and thereby produce fires which spread and wrongfully entered upon their property, resulting in the harm, injury, and/or damage alleged above.

257. As a direct and legal result of the wrongful conduct of **DEFENDANTS**, and/or each of them, which led to the trespass, **PLAINTIFFS** have suffered and will continue to suffer damages as set forth above, in an amount according to proof at trial.

258. As a further direct and legal result of the wrongful conduct of **DEFENDANTS**, **PLAINTIFFS**, whose land was under cultivation, and was used for raising livestock or was intended to be used for raising livestock, have hired and retained counsel to recover compensation for loss and damage and are entitled to recover all attorney's fees, expert fees, consultant fees, and litigation costs and expenses, as allowed under Code of Civil Procedure § 1021.9.

259. As a further direct and legal result of the conduct of **DEFENDANTS**, **PLAINTIFFS** seek treble damages for injuries to trees or timber on **PLAINTIFFS'** property as allowed under Code of Civil Procedure § 733.

260. As a further direct and legal result of the conduct of **DEFENDANTS**, **PLAINTIFFS** seek exemplary damages for injuries to **PLAINTIFFS'** animals as allowed under Code of Civil Procedure § 3340.

261. As a further direct and legal result of the conduct of **DEFENDANTS**, **PLAINTIFFS** seek double or treble damages for the negligent, willful, and wrongful injuries to timber, trees, or underwood on their property, as allowed under Civil Code § 3346.

262. As a further direct and legal result of the wrongful acts and/or omissions of **DEFENDANTS**, and/or each of them, **PLAINTIFFS** seek the recovery of punitive and exemplary damages against **DEFENDANTS** as set forth above.

### NINTH CAUSE OF ACTION
### PRIVATE ACTION UNDER PUBLIC UTILITIES CODE § 2106
(Against All Defendants)

263. **PLAINTIFFS** incorporate and re-allege each of the paragraphs set forth above as though fully set forth herein.

264. Public Utilities Code § 2106 creates a private right of action against "[a]ny public utility which does, causes to be done, or permits any act, matter, or thing prohibited or declared unlawful, or which omits to do any act, matter, or thing required to be done, either by the Constitution, any law of this State, or any order or decision of the commission . . . ."

265. As a Public Utility, **DEFENDANTS** at all times herein had a duty to properly design, construct, operate, maintain, inspect, and manage its electrical infrastructure as well as trim

trees and vegetation in compliance with all relevant provisions of applicable orders, decisions, directions, rules or statutes, including, but not limited to, those stated in: (a) General Order No. 95, Rules 31.1-31.5, 35, 38, 43, 43.2, 44.1-44.4, and 48-48.1; (b) General Order No. 165; (c) Code of Civil Procedure § 733; (d) Public Resources Code §§ 4292, 4293, and 4435; and (e) Public Utilities Code § 451.

266. The violation of a legislative enactment or administrative regulation which defines a minimum standard of conduct is unreasonable per se.

267. **DEFENDANTS** violated the above listed requirements, by:

   a. Failing to service, inspect or maintain electrical infrastructure, structures and vegetation affixed to and in close proximity to high voltage electrical lines;

   b. Failing to provide electrical supply systems of suitable design;

   c. Failing to construct and to maintain such systems for their intended use of safe transmission of electricity considering the known condition of the combination of the dry season and vegetation of the area, resulting in **PLAINTIFFS** being susceptible to the ignition and spread of fire and the fire hazard and danger of electricity and electrical transmission and distribution;

   d. Failing to properly design, construct, operate, maintain, inspect and manage its electrical supply systems and the surrounding arid vegetation resulting in said vegetation igniting and accelerating the spread of the fire;

   e. Failing to properly safeguard against the ignition of fire during the course and scope of employee work on behalf of **DEFENDANTS**; and

   f. Failing to comply with the enumerated legislative enactments and administrative regulations.

268. **DEFENDANTS** proximately and substantially caused the destruction, damage, and injury to **PLAINTIFFS** by their violations of applicable orders, decisions, directions, rules or statutes, including, but not limited to, those stated in: (a) General Order No. 95, Rules 31.1-31.5, 35, 38, 43, 43.2, 44.1-44.4, and 48-48.1; (b) General Order No. 165; (c) Code of Civil Procedure § 733; (d) Public Resources Code §§ 4292, 4293, and 4435; and (e) Public Utilities Code § 4511.

269. **PLAINTIFFS** were and are within the class of persons for whose protection applicable orders, decisions, directions, rules or statutes were adopted, including, but not limited to, those stated in: (a) General Order No. 95, Rules 31.1-31.5, 35, 38, 43, 43.2, 44.1-44.4, and 48-48.1; (b) General Order No. 165; (c) Code of Civil Procedure § 733; (d) Public Resources Code §§ 4292, 4293, and 4435; and (e) Public Utilities Code § 451.

270. As alleged herein according to proof, **DEFENDANTS** are liable to **PLAINTIFFS** for all loss, damages and injury caused by and resulting from **DEFENDANTS'** violation of applicable orders, decisions, directions, rules or statutes were adopted, including, but not limited to, those stated in: (a) General Order No. 95, Rules 31.1-31.5, 35, 38, 43, 43.2, 44.1-44.4, and 48-48.1; (b) General Order No. 165; (c) Code of Civil Procedure § 733; (d) Public Resources Code §§ 4292, 4293, and 4435; and (e) Public Utilities Code § 451.

271. As a further direct and legal result of the wrongful acts and/or omissions of **DEFENDANTS**, and/or each of them, **PLAINTIFFS** seek the recovery of punitive and exemplary damages against **DEFENDANTS** as set forth above.

## TENTH CAUSE OF ACTION
### VIOLATION OF HEALTH & SAFETY CODE § 13007
(Against All Defendants)

272. **PLAINTIFFS** incorporate and re-allege each of the paragraphs set forth above as though fully set forth herein.

273. By engaging in the acts and/or omissions alleged in this Master Complaint, **DEFENDANTS**, and/or each of them, willfully, negligently, carelessly, recklessly, and/or in violation of law, set fire to and/or allowed fire to be set to the property of another in violation of Health & Safety Code § 13007.

274. As a direct and legal result of **DEFENDANTS'** violation of Health & Safety Code § 13007, **PLAINTIFFS** suffered recoverable damages to property under Health & Safety Code § 13007.21 and continue to suffer the injuries and damages described above.

275. As a further direct and legal result of the **DEFENDANTS**, and/or each of them, violating Health & Safety Code § 13007, **PLAINTIFFS** are entitled to reasonable attorney's fees under Code of Civil Procedure § 1021.9.

276. As a direct and legal result of the wrongful acts and/or omissions of **DEFENDANTS**, and/or each of them, **PLAINTIFFS** suffered, and continue to suffer, the injuries and/or damages as set forth above.

277. As a further direct and legal result of the wrongful acts and/or omissions of **DEFENDANTS**, and/or each of them, **PLAINTIFFS** seek the recovery of punitive and exemplary damages against **DEFENDANTS** as set forth above.

## ELEVENTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Against All Defendants)

278. **PLAINTIFFS** incorporate and re-allege each of the paragraphs set forth above as though fully set forth herein.

279. As set forth above, the North Bay Fires were a direct and legal result of the negligence, carelessness, recklessness, and/or unlawfulness of **DEFENDANTS**, and/or each of them.

280. As a result of the wrongful acts and/or omissions of **DEFENDANTS**, and/or each of them, **PLAINTIFFS** suffered serious emotional distress. As set forth above, **PLAINTIFFS** were physically injured by the North Bay Fires. Further, as set forth above, **PLAINTIFFS** suffered from damage to and/or loss of real and/or personal property and were in the zone of danger while evacuating from the North Bay Fires. **DEFENDANTS** knew or should have known that **PLAINTIFFS** would suffer serious emotional distress during and as a result of their wrongful acts and/or omissions and the ensuing North Bay Fires due to their injuries, death, property damages, and/or other damages. **DEFENDANTS'** wrongful acts and/or omissions were a substantial factor in causing **PLAINTIFFS'** serious emotional distress.

281. Additionally and/or alternatively, the wrongful acts and/or omission of **DEFENDANTS**, and/or each of them, resulted in the deaths of **DECEDENTS** and/or injuries to

PLAINTIFFS' loved ones as PLAINTIFFS watched the horrific North Bay Fires destroy, damage, and/or injure their communities and loved ones in person, on television, on the internet, and/or through text messages and/or other communications from their loved ones. PLAINTIFFS knew that that their loved ones were trapped in and around their burning homes, structures, and/or vehicles, and/or trying to evacuate from the North Bay Fires. PLAINTIFFS were thus aware that their loved ones were being injured. The DEFENDANTS' wrongful acts and/or omissions were a substantial factor in causing PLAINTIFFS' serious emotional distress.

282. As a direct and legal result of the wrongful acts and/or omissions of DEFENDANTS, and/or each of them, PLAINTIFFS have suffered and will continue to suffer great mental pain and suffering, including emotional suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, embarrassment, shame, and/or other emotional distress. PLAINTIFFS are informed and believe, and upon such information and belief allege, that such injuries have resulted in debilitating injuries in an amount according to proof at trial.

283. As a further direct and legal result of the wrongful acts and/or omissions of DEFENDANTS, and/or each of them, PLAINTIFFS seek the recovery of punitive and exemplary damages against DEFENDANTS as set forth above.

WHEREFORE, PLAINTIFFS pray for relief as set forth below.

## VI. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for judgment against Defendants **PG&E CORPORATION, PACIFIC GAS & ELECTRIC COMPANY,** and **DOES 1 through 20**, and each of them as follows:

**From All DEFENDANTS for Inverse Condemnation:**

1. Repair, depreciation, and/or replacement of damaged, destroyed, and/or lost personal and/or real property;
2. Loss of the use, benefit, goodwill, and enjoyment of **PLAINTIFFS'** real and/or personal property;

3. Loss of wages, earning capacity, and/or business profits or proceeds and/or any related displacement expenses;

4. All costs of suit, including attorneys' fees where appropriate, appraisal fees, engineering fees, and related costs;

5. Prejudgment interest according to proof; and

6. For such other and further relief as the Court shall deem proper, all according to proof.

**From All DEFENDANTS for Negligence, Wrongful Death, Survival Action, Public Nuisance, Private Nuisance, Premises Liability, Trespass, Private Action Under Public Utilities Code § 2106, Violation of Health & Safety Code § 13007, and Negligent Infliction of Emotional Distress:**

1. Repair, depreciation, and/or replacement of damaged, destroyed, and/or lost personal and/or real property;

2. Loss of the use, benefit, goodwill, and enjoyment of **PLAINTIFFS'** real and/or personal property;

3. Loss of wages, earning capacity, and/or business profits or proceeds and/or any related displacement expenses;

4. Past and future medical expenses and incidental expenses according to proof;

5. Treble damages for wrongful injuries to timber, trees, or underwood on their property as allowed under Civil Code § 3346;

6. Treble damages in an amount according to proof for injuries to trees as allowed under Code of Civil Procedure § 733;

7. Exemplary damages in an amount according to proof as allowed under Civil Code § 3294;

8. Exemplary damages in an amount according to proof for wrongful injuries to animals as allowed under Civil Code § 3340;

9. Exemplary damages in an amount according to proof as allowed under Public Utilities Code § 2106;

LAW OFFICES COTCHETT, PITRE & MCCARTHY, LLP

10. General damages for fear, worry, annoyance, disturbance, inconvenience, mental anguish, emotional distress, loss of quiet enjoyment of property, personal injury, and for such other and further relief as the Court shall deem proper, all according to proof;

11. Imposition of a permanent injunction ordering that **DEFENDANTS**, and each of them, stop continued violation of: (a) General Order No. 95, Rules 31.1-31.5, 35, 38, 43, 43.2, 44.1-44.4, and 48-48.1; (b) General Order No. 165; (c) Public Resources Code §§ 4292, 4293, and 4435; and (d) Public Utilities Code § 451.

12. Issuance of an order directing **DEFENDANTS** to abate the existing and continuing nuisance they created;

13. Attorney's fees, expert fees, consultant fees, and litigation costs and expense as allowed under Code of Civil Procedure § 1021.9;

14. For all costs of suit incurred;

15. Prejudgment interest according to proof; and

16. For such other and further relief as the Court shall deem proper, all according to proof.

**COTCHETT, PITRE & McCARTHY, LLP**

Dated: March 12, 2018     By: /s/ Frank M. Pitre
                                **FRANK M. PITRE**
                                *Co-Lead Counsel for Individual Plaintiffs*

**WALKUP MELODIA KELLY & SCHOENBERGER**

Dated: March 12, 2018     By: _____
                                **MICHAEL A. KELLY**
                                *Co-Lead Counsel for Individual Plaintiffs*

**ROBINS CLOUD LLP**

Dated: March 12, 2018      By:    /s/ Bill Robins, III
                                                 **BILL ROBINS, III**
                                                 *Co-Lead Counsel for Individual Plaintiffs*

## VII. JURY DEMAND

**PLAINTIFFS** demand a trial by jury as to all claims in this action.

**COTCHETT, PITRE & McCARTHY, LLP**

Dated: March 12, 2018      By:    /s/ Frank M. Pitre
                                                 **FRANK M. PITRE**
                                                 *Co-Lead Counsel for Individual Plaintiffs*

**WALKUP MELODIA KELLY & SCHOENBERGER**

Dated: March 12, 2018      By: _[signature]_
                                                 **MICHAEL A. KELLY**
                                                 *Co-Lead Counsel for Individual Plaintiffs*

**ROBINS CLOUD LLP**

Dated: March 12, 2018      By:    /s/ Bill Robins, III
                                                 **BILL ROBINS, III**
                                                 *Co-Lead Counsel for Individual Plaintiffs*

## PROOF OF SERVICE
### California North Bay Fire Cases
### JCCP No. 4955

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the county where the mailing took place. My business address is 650 California Street, 26th Floor, City and County of San Francisco, CA 94108-2615.

**BY ELECTRONIC SERVICE:** I caused to be served the within document(s) described as: **MASTER COMPLAINT – INDIVIDUAL PLAINTIFFS** on the interested parties in this action pursuant to the most recent Omnibus Service List by submitting an electronic version of the document(s) via file transfer protocol (FTP) to CaseHomePage through the upload feature at www.casehomepage.com.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 12, 2018, at San Francisco, California.

_____
Lily Connors