XAVIER BECERRA, SBN 118517
Attorney General of California
MARGARITA PADILLA, SBN 99966
Supervising Deputy Attorney General
JAMES POTTER, SBN 166992
Deputy Attorney General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 879-0815
Fax: (510) 622-2270
Margarita.Padilla@doj.ca.gov
James.Potter@doj.ca.gov

XAVIER BECERRA, SBN 118517
Attorney General of California
DANETTE VALDEZ, SBN 141780
ANNADEL ALMENDRAS, SBN 192064
Supervising Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3367
Fax: (415) 703-5480
Danette.Valdez@doj.ca.gov
Annadel.Almendras@doj.ca.gov

STEVEN H. FELDERSTEIN, SBN 059678
PAUL J. PASCUZZI, SBN 148810
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone: (916) 329-7400
Fax: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com

Attorneys for 35th District Agricultural Association

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>   - and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>               Debtors.<br><br>☐    Affects PG&E Corporation<br>☐    Affects Pacific Gas and Electric Company<br>☑    Affects both Debtors | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>Date: N/A<br>Time:<br>Ctrm: 17<br>Judge: Dennis Montali |

**35TH DISTRICT AGRICULTURAL ASSOCIATION OBJECTION TO TRANSFER OF CLAIM OTHER THAN FOR SECURITY [DKT NO. 1671]**

The 35th District Agricultural Association, an institution of the State of California ("35th DAA") hereby files this objection to the Transfer of Claim Other Than for Security filed by

-1-

Vendor Recovery Fund IV, LLC ("VRF") filed at Docket No. 1671 ("Transfer of Claim") pursuant to Federal Rule of Bankruptcy Procedure 3001(e), and asserts the following:

1. In or about April 2019, VRF solicited the 35th DAA for the purchase of any claims the 35th DAA may have against the Debtors.

2. On or about April 19, 2019, an employee of the 35th DAA executed an Assignment of Claim purportedly assigning a claim for $850 to VRF. A copy of the Assignment of Claim is attached to the Transfer of Claim. A copy of the Transfer of Claim is attached hereto.

3. The Assignment of Claim is void, because the employee at 35th DAA that signed the Assignment of Claim did not have the authority to enter into the agreement. Any valid assignment of a claim must be signed by the Chief Executive Officer of the 35th DAA. In addition, as an entity of the State of California, California Food and Agriculture Code section 4051 requires that any agreement by the 35th DAA must be approved by the 35th DAA's Board of Directors and the California Department of General Services. These approvals were not obtained when the assignment was executed, rendering the assignment not legally binding.

4. The 35th DAA sent a letter to VRF on or about May 10, 2019, informing it that the assignment was void, demanding that the Transfer of Claim be withdrawn, and indicating that the 35th DAA would return the consideration for the purchase of the claim. No response was received from VRF, necessitating this filing.

5. The 35th DAA reserves all rights and remedies, including the right to request a hearing on this objection.

6. Neither this objection nor any subsequent appearance, pleading, proof of claim, claim or suit is intended or shall be deemed or construed as:

   a. consent by the 35th DAA to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving the 35th DAA;

   b. waiver of any right of the 35th DAA to (i) have an Article III judge adjudicate in the first instance any case, proceeding, matter or controversy as to which a Bankruptcy Judge may not enter a final order or judgment consistent with Article III of the

United States Constitution, (ii) have final orders in non-core matters entered only after de novo review by a District Court Judge, (iii) trial by jury in any proceeding so triable in the Chapter 11 Cases or in any case, controversy, or proceeding related to the Chapter 11 Cases, (iv) have the United States District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, (v) any and all rights, claims, actions, defenses, setoffs, recoupments or remedies to which the 35th DAA is or may be entitled under agreements, in law or in equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved hereby, (vi) the requirements for service of process under Federal Rules of Bankruptcy Procedure 7004 and 9014, or (vii) the requirements for service of an objection to claim under Federal Rule of Bankruptcy Procedure 3007, all of which rights, claims, actions, defenses, setoffs, and recoupments the 35th DAA expressly reserves; or

      c.    waiver of any objections or defenses that the State of California, the 35th DAA or any other agency, unit or entity of the State of California may have to this Court's jurisdiction over the State of California, the 35th DAA or such other agency, unit or entity based upon the Eleventh Amendment to the United States Constitution or related principles of sovereign immunity or otherwise, all of which objections and defenses are hereby reserved.

Dated: May 16, 2019                        Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MARGARITA PADILLA
Supervising Deputy Attorney General

By: */s/ Paul J. Pascuzzi*
STEVEN H. FELDERSTEIN
PAUL J. PASCUZZI
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
Attorneys for California
35th District Agricultural Association

# PROOF OF SERVICE

I, Lori N. Lasley, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 Capitol Mall, Suite 1750, Sacramento, CA 95814. On May 16, 2019, I served the within documents:

**35th DISTRICT AGRICULTURAL ASSOCIATION OBJECTION TO TRANSFER OF CLAIM OTHER THAN FOR SECURITY [DKT NO. 1671]**

By Electronic Service via CM/ECF.

And

By Electronic Service on

Edwin Camson, Claims Administrator, Drum Capital Management – camson@drumcapital.com

And

By First Class Mail on

Edwin Camson, Claims Administrator
Drum Capital Management
P.O. Box 669
Smithtown, NY 11787

Vendor Recovery Fund IV, LLC
Attention: Officer, Director, or Managing Agent
P.O. Box 669
Smithtown, NY 11787

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the foregoing is true and correct. Executed on May 16, 2019, at Sacramento, California.

*/s/ Lori N. Lasley*
Lori N. Lasley

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

In re: Pacific Gas and Electric Company, Case No. 19-30089
Jointly Administered Under
PG&E, Case No. 19-30088

# TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(1), Fed. R. Bankr. P., of the transfer, other than for security, of the claims referenced in this evidence and notice.

| | |
|---|---|
| **Vendor Recovery Fund IV, LLC** | **35th District Agricultural Assn** |
| Name of Transferee | Name of Transferor |
| | |
| Name and agree where notice to transferee should be sent: | Amount of Claim:<br>Scheduled: $ 850.00<br>Proof of Claim:<br>Date Claim Filed: |
| Vendor Recovery Fund IV, LLC<br>PO Box 669<br>Smithtown, NY 11787 | Address of Transferor:<br>35th District Agricultural Assn<br>900 Martin Luther King Jr Way<br>Merced, CA 95341-6053 |
| Phone: (631) 791-5015 | |
| Last Four Digits of Acct #: _____ | Last Four Digits of Acct #: _____ |

Name and Address where transferee payments
should be sent (if different from above):
SAME AS ABOVE

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /S/ EDWIN K. CAMSON   Date: 4/25/2019
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## ASSIGNMENT OF CLAIM

35th District Agricultural Assn, a _____ organized under the laws of the State of __CA__ having offices at 900 Martin Luther King Jr Way, Merced, CA 95341-6053 ("Assignor"), for good and valuable consideration in the amount ( _____ the "Purchase Price"), does hereby absolutely and unconditionally sell, transfer and assign unto Vendor Recovery Fund IV, LLC a New York Limited Liability Company, with offices at PO Box 669 Smithtown NY 11787, its successors and assigns ("Assignee"), all rights, title and interest in and to the claim of Assignor (the "Claim") against Pacific Gas and Electric Company, Debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Northern District of California (the "Court"), Case No. 19-30089 ("Debtor"), in the amount of not less than $ 850.00 and all rights and benefits of Assignor relating to the Claim, including without limitation any interest, penalties and fees, if any, which may be paid with respect to the Claim, and all cash, securities, cure payments, instruments and/or other property which may be paid or issued in satisfaction of the Claim.

A Proof of Claim in the amount of $ __850.00__ HAS (HAS NOT) (circle one) BEEN DULY AND TIMELY FILED in the Proceedings. If the Proof of Claim amount differs from the Claim amount set forth above, Assignee shall nevertheless be deemed the owner of that Proof of Claim subject to the terms of this Agreement and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court.

Assignor represents and warrants that the Claim is a valid general unsecured trade claim against the Debtor. The Claim reflected in the Debtors most recent Schedules of Liabilities in the Proceedings is $ 850.00, that no payment has been received by Assignor or on behalf of Assignor, in full or partial satisfaction of the Claim; that Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part; that Assignor owns and has sole title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever.

In the event all or any part of the Claim is disallowed in the Proceedings for any reason whatsoever, Assignor shall make immediate restitution and repayment of the proportional Purchase Price equal to the Purchase Price times the ratio of the amount of the disallowance divided by the Claim Amount ("Restitution Payment"), no later than ten (10) business days after receiving a written demand from Assignee notifying of such disallowance. Such Restitution Payment shall be made together with interest, calculated at the rate of five (5%) percent per annum, from the date of Assignor's execution of this Agreement until the date that such Restitution Payment is received by Assignee. Assignor further agrees to reimburse Assignee for all losses, costs, and expenses, including reasonable legal fees and costs, incurred by Assignee as a result of Assignee's enforcement of its rights under this paragraph.

Assignor agrees to forward to Assignee all notices received from Debtor, the Court or any third party with respect to the Claim assigned herein and to vote the Claim, and to take such other action with respect to the Claim in the Proceedings, as Assignee may from time to time request. Assignor further agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instruments and/or any other property including cure payments, shall constitute property of Assignee to which Assignee shall have an absolute right, and that Assignor will hold such property in trust and will promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

This Assignment of Claim shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Assignment of Claim may be brought in any State or Federal Court located in the State of New York.

Assignor hereby waives its right to raise any objections thereto and its right to receive notice pursuant to Rule 3001 of the Rules of Bankruptcy Procedure.

IN WITNESS WHEREOF; the undersigned Assignor has duly executed this Assignment of Claim by its authorized representative this __19__ day of __April__ 2019.

_____      becky.cipriano@county of merced.com
AUTHORIZED SIGNATURE     E-MAIL ADDRESS

Becky, Business Assistant     209 722 1507
PRINT NAME / TITLE     PHONE NUMBER

PG&E standard 490  4