**DIEMER & WEI, LLP**
Kathryn S. Diemer (#133977)
100 West San Fernando Street, Suite 555
San Jose, CA 95113
Telephone: 408-971-6270
Facsimile: 408-971-6271
Email: kdiemer@diemerwei.com

**WILLKIE FARR & GALLAGHER LLP**
Matthew A. Feldman (*pro hac vice*)
Joseph G. Minias (*pro hac vice*)
Daniel I. Forman (*pro hac vice*)
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: mfeldman@willkie.com
       jminias@willkie.com
       dforman@willkie.com

*Counsel for Ad Hoc Group of Subrogation Claim Holders*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> -and- <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br>               **Debtors.** <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☑ Affects both Debtors <br><br> *\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | Chapter 11 <br> Bankr. Case No. 19-30088 (DM) <br> (Jointly Administered) <br><br> **MOTION OF THE AD HOC GROUP OF SUBROGATION CLAIM HOLDERS PURSUANT TO 11 U.S.C. §§ 105(a), 107(b) AND 501 AND FED. R. BANKR. P. 3001(a) AND 9018 FOR ENTRY OF AN ORDER APPROVING PROPOSED MODEL OMNIBUS INSURANCE SUBROGATION PROOF OF CLAIM FORM FOR SUBROGATION CLAIMS AND RELATED PROCEDURES** <br><br> <u>Hearing Date</u>: June 11, 2019 <br> <u>Hearing Time</u>: 9:30 a.m. (PT) <br> <u>Hearing Location</u>: 450 Golden Gate Ave., San Francisco, CA, Courtroom 17 <br> <u>Judge</u>: Hon. Dennis Montali <br> <u>Objection Deadline</u>: May 28, 2019 |

1.      The Ad Hoc Group of Subrogation Claim Holders[1] (the "**Ad Hoc Subrogation Group**") hereby submits this Motion (the "**Motion**"),[2] pursuant to sections 105(a), 107(b) and 501 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 3001(a) and 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order approving the proposed model Omnibus Insurance Subrogation Proof of Claim Form (attached hereto as **Exhibit A**, the "**Subrogation Group's Form**") for holders of insurance subrogation[3] claims ("**Subrogation Claims**") and related procedures.  A proposed form of order granting the relief requested herein is attached hereto as **Exhibit B** (the "**Proposed Order**").

2.      On May 1, 2019, the Debtors filed a motion for entry of an order, among other things, establishing a proof of claim form for Subrogation Claims [Docket No. 1784] (the "**Debtors' Motion**").  Though superficially similar to the Subrogation Group's Form proposed by this Motion, the Debtors' proposed form uses terminology that will likely confuse holders of Subrogation Claims, and asks for information that is (a) unnecessary and irrelevant to allege a claim against the estates and/or (b) unduly burdensome for claimants to collect and report.  The Ad Hoc Subrogation Group is filing an objection to the Debtors' Motion contemporaneously herewith, which describes these issues in detail.  In short, there is a long history of information exchanged between holders of Subrogation Claims and utilities (including PG&E).  The claim form should request the same information that subrogation claim holders have historically exchanged with defendants.  Accordingly, the Ad Hoc Subrogation Group re-drafted the proposed form to be less confusing for its intended audience and conform to past practice.  This Motion asks the Court to approve the attached Subrogation Group's Form and order the Debtors

---

[1] The Ad Hoc Subrogation Group's membership and collective holdings of claims and interests are disclosed in the *First Amended Verified Statement of the Ad Hoc Group of Subrogation Claims Holders Pursuant to Bankruptcy Rule 9019* [Docket No. 1482].
[2] Contemporaneously herewith the Ad Hoc Subrogation Group is filing an accompanying memorandum of law in support of the relief requested herein.
[3] The use of the shorthand descriptive term "subrogation" herein is not intended to modify or limit the substantive rights of the holder of claims or the basis for the claimant's right to assert claims originating with insured tort victims.  These "subrogation" claims include, but are not limited to, claims that arise from subrogation (whether such subrogation is contractual, equitable or statutory), assignment (whether such assignment is contractual, equitable or statutory), or otherwise in connection with payments made or to be made by the applicable insurer to insured tort victims, and whether arising as a matter of state or federal law, including, without limitation, Section 509 of the Bankruptcy Code.

1

to make it available to those that intend to assert Subrogation Claims against the estates prior to the bar date.

3. The Ad Hoc Subrogation Group proposes the Court order the following procedure: Prime Clerk will modify the website maintained for the Debtors' chapter 11 cases located at https://restructuring.primeclerk.com/pge/ so that (i) the Subrogation Group's Form is publicly accessible, (ii) the webpage associated with the link entitled "Submit a Claim" is modified so that potential Subrogation Claimants that choose to file a proof of claim form for Subrogation Claims are directed to, and can, complete the Subrogation Group's Form, and (iii) the supporting information submitted in connection with the Subrogation Group's Form is maintained in a confidential manner.

4. In addition, the Subrogation Group's Form asks for the submission of supporting information that may be commercially sensitive and/or implicates individual tort victims' personal privacy. Accordingly, the Ad Hoc Subrogation Group requests, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, that the supporting information submitted in connection with the Subrogation Group's Form be sealed, remain confidential in these chapter 11 cases, and not become part of the public record. Copies of such information may be provided to: (a) the Court, the Debtors, and the Office of the United States Trustee; and (b) counsel for any official committees in these cases on a professional eyes' only basis.

Dated: May 16, 2019

**WILLKIE FARR & GALLAGHER LLP**

/s/ *Matthew A. Feldman*
Matthew A. Feldman (*pro hac vice*)
Joseph G. Minias (*pro hac vice*)
Daniel I. Forman (*pro hac vice*)

*Counsel to Ad Hoc Group of Subrogation Claim Holders*