**DIEMER & WEI, LLP**
Kathryn S. Diemer (#133977)
100 West San Fernando Street, Suite 555
San Jose, CA 95113
Telephone: 408-971-6270
Facsimile: 408-971-6271
Email: kdiemer@diemerwei.com

**WILLKIE FARR & GALLAGHER LLP**
Matthew A. Feldman (*pro hac vice*)
Joseph G. Minias (*pro hac vice*)
Daniel I. Forman (*pro hac vice*)
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: mfeldman@willkie.com
 jminias@willkie.com
 dforman@willkie.com

*Counsel for Ad Hoc Group of Subrogation Claim Holders*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>　　　　　Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>*\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | Chapter 11<br>Bankr. Case No. 19-30088 (DM)<br>(Jointly Administered)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE AD HOC GROUP OF SUBROGATION CLAIM HOLDERS PURSUANT TO 11 U.S.C. §§ 105(a), 107(b) AND 501 AND FED. R. BANKR. P. 3001(a) AND 9018 FOR ENTRY OF AN ORDER APPROVING PROPOSED MODEL OMNIBUS INSURANCE SUBROGATION PROOF OF CLAIM FORM FOR SUBROGATION CLAIMS AND RELATED PROCEDURES**<br><br>**Hearing Date**: June 11, 2019<br>**Hearing Time**: 9:30 a.m. (PT)<br>**Hearing Location**: 450 Golden Gate Ave., San Francisco, CA, Courtroom 17<br>**Judge**: Hon. Dennis Montali<br>**Objection Deadline**: May 28, 2019 |

# PRELIMINARY STATEMENT[1]

1. The Court is asked to decide between competing motions to establish a form proof of claim for Subrogation Claims relating to fire losses. Though superficially similar, there are important differences between the form proposed by the Ad Hoc Subrogation Group and the form proposed by the Debtors. The Subrogation Group's Form is reasonably detailed, drafted with its intended audience in mind, requests the information necessary to assert and analyze a claim and allow the Debtors to administer their cases, and does not ask for any information that is unnecessary, unduly burdensome, confidential and/or unavailable. Contemporaneously with the filing of the motion to approve the Subrogation Group's Form (the "**Subrogation Group's Motion**") and this accompanying memorandum of law, the Ad Hoc Subrogation Group is also filing an objection to the Debtors' bar date motion, which describes in detail the issues with the Debtors' proposed form.

2. Importantly, the parties do not dispute the need for a specific proof of claim form for the assertion of Subrogation Claims, which present unique and complex issues both for those filing claims and for the Debtors' claims reconciliation process. Subrogation Claims will have to be matched to claims filed by individual claimants to avoid any overlapping recoveries, and to make sure all damages are fairly compensated. In addition, there is a long history of information exchanged between holders of Subrogation Claims and utilities (including PG&E). The claim form should request the same information that subrogation claim holders have historically exchanged with defendants. However, as is set forth in the Ad Hoc Subrogation Group's objection to the Debtors' Motion, the Debtors' proposed form uses confusing terminology, and asks for information that has not been historically provided to the company when settling these claims. The claim form proposed by the Ad Hoc Subrogation Group, attached to the Subrogation Group's Motion as Exhibit A (the "**Subrogation Group's Form**") and filed contemporaneously herewith, corrects those issues.

---

[1] Capitalized terms used but not defined in this section shall have the meanings ascribed below.

## I. JURISDICTION

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

4. On January 29, 2019 (the "**Petition Date**"), PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company ("**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**"), commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").

5. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of title 11 of the United States Code (the "**Bankruptcy Code**"). No trustee or examiner has been appointed in the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

6. The Ad Hoc Group of Subrogation Claim Holders' (the "**Ad Hoc Subrogation Group**") membership and collective holdings of claims and interests are disclosed in the *First Amended Verified Statement of the Ad Hoc Group of Subrogation Claims Holders Pursuant to Bankruptcy Rule 9019* [Docket No. 1482]. The Ad Hoc Subrogation Group consists of members holding insurance subrogation[2] claims ("**Subrogation Claims**") against the Debtors on account of

---

[2] The use of the shorthand descriptive term "subrogation" herein is not intended to modify or limit the substantive rights of the holder of claims or the basis for the claimant's right to assert claims originating with insured tort victims. For purposes of this Motion and Memorandum of Law, Subrogation Claims include, but are not limited to, claims that arise from subrogation (whether such subrogation is contractual, equitable or statutory), assignment (whether such assignment is contractual, equitable or statutory), or otherwise in connection with payments made or to be made by the applicable insurer to insured tort victims, and whether arising as a matter of state or federal law, including, without limitation, Section 509 of the Bankruptcy Code.

2

Case: 19-30088   Doc# 2044-1   Filed: 05/16/19   Entered: 05/16/19 12:49:07   Page 3 of 9

payments made (and to be made) to individual insureds relating to damages caused by the catastrophic fires that occurred in Northern California prior to the Petition Date.

7. On May 1, 2019, the Debtors filed a motion for entry of an order, among other things, establishing the last day to file proofs of claim and approving proposed proofs of claim forms for use in these chapter 11 cases (the "**Debtors' Motion**") [Docket No. 1784]. On May 3, 2019, the Official Committee of Tort Claimants (the "**TCC**") filed a motion and accompanying memorandum of law seeking approval of its own proposed model proof of claim form for fire claims ("**TCC's Motion**") [Docket Nos. 1824 & 1825]. Contemporaneously herewith, the Ad Hoc Subrogation Group filed the Subrogation Group's Motion and an objection to the Debtors' Motion.

### III. THE SUBROGATION CLAIMS, PROPOSED CLAIM FORM AND PROCEDURES

#### A. The Subrogation Claims

8. As the Debtors themselves have recognized, Official Form 410 is not useful for the assertion of prepetition Subrogation Claims against the Debtors. The official form contains several sections that are unlikely to apply to Subrogation Claims—e.g., secured status (Official Form 410 at § 9), cure amount under a lease (*id.* at § 10), setoff rights (*id.* at § 11), and priority (*id.* at § 12). For many (if not all) of those filing Subrogation Claims (each, a "**Subrogation Claimant**"), the amount of their liquidated Subrogation Claims changes constantly as payments are made to insureds. The Ad Hoc Subrogation Group respectfully submits that the proof of claim form for Subrogation Claims should avoid confusion for the filers, target the same information historically shared between subrogation claim holders and defendants, and provide a mechanism for sharing such information with the Debtors' claims and noticing agent. The claim form should not ask for information that is unavailable and/or unnecessary to assert a claim and put the Debtors on notice. Moreover, a proof of claim form should not require transfer information that is covered by a separate procedure governed by Bankruptcy Rule 3001(e), and should protect confidential information.

### B. The Subrogation Group's Form

9. To these ends, the Ad Hoc Subrogation Group has prepared the Subrogation Group's Form, which has been tailored to these Chapter 11 Cases and provides the Debtors with all of the information they will need to reconcile Subrogation Claims. The Subrogation Group's Form is intended to simplify the process for Subrogation Claimants to file a proof of claim and for the Debtors to intake the information necessary to reconcile claims and understand the overall claims pool. However, as discussed in the Ad Hoc Subrogation Group's objection to the Debtors' Motion, there are certain issues with the Debtors' proposed form which the Subrogation Group's Form addresses. The main differences between the two forms are set forth in the chart below, and the specific reasons the Subrogation Group's Form departs from the Debtors' form on each issue are set forth in the objection filed contemporaneously herewith:

| Issue | Debtors' Form | Subrogation Group's Form |
|---|---|---|
| **Unnecessary Information** | 11. . . . This information must be provided to Prime Clerk in the form requested . . .<br><br>4. Policy Limit . . .<br>10. Parcel ID . . .<br>15. Total Paid/Reserved by Claim Type (e.g., Auto Commercial, Homeowners)<br>16. Total Paid/Reserved by Loss Type (e.g., structure, personal property, automobile) | 15. . . . This information, to the extent maintained by the claimant in the ordinary course of business, shall be provided to Prime Clerk substantially in the form requested . . .<br><br>[*Policy Limit and Parcel ID not requested*]<br><br>13. Total Paid to date by Loss Type (e.g. structure, personal property, automobile)<br><br>[*Reserves requested in the aggregate.* See Question 12.] |
| **Terminology: "claim" vs. "subrogation claim"** | 4. Has this claim been acquired from someone else?<br><br>7. Do you know if anyone else has filed a proof of claim for this claim? | 4. Has this subrogation claim been acquired from someone else (other than an insured)?<br><br>9. Do you know if anyone else (other than the underlying insureds) has filed a proof of claim for this subrogation claim? |
| **Aggregate Claim Amounts** | 10. Total aggregate claim amount (amount to reflect all individual claims that have been paid or reserved by the Insurer) | 10. Liquidated Claims. What is the aggregate amount of liquidated claims (*i.e.* payments made to insureds as of the date hereof)?<br><br>12. Contingent or Unliquidated Claims. What is the aggregate amount of estimated contingent and unliquidated claims (*i.e.* amounts reserved or estimated for claims |

4

| | | to be paid to insureds for incidents that occurred prepetition)? |
|---|---|---|
| **Transfer Documentation** | 12. If any individual claims that form the basis of this claim have been acquired through an assignment, please provide the following additional information for each individual claim: (1) a copy of the original contract of sale/assignment . . . (2) a copy of insurer's written notification to insured (pursuant to 10 Cal. Code Regs. § 2695.7(p)) . . . (3) a copy of the underlying policy . . . | [*Omitted from Subrogation Group's Form*] |

### C. Proposed Procedures

10. The Ad Hoc Subrogation Group requests that the Court approve the Subrogation Group's Form and find that it complies with Bankruptcy Rule 3001(a), so that it may be used by Subrogation Claimants to assert Subrogation Claims. Nothing in the Subrogation Group's Form is intended to prejudice either the claimants' or the Debtors' rights with respect to the validity of the claims asserted. Rather, the Subrogation Group's Form was designed to ease the administration of these Chapter 11 Cases. To be clear, the Ad Hoc Subrogation Group is not asking the Court to establish a bar date for any party to file a proof of claim that is different than the date requested by the Debtors, nor to approve the form or manner of any notices to be given to known and unknown claimants, including the notice of any bar date or any notice by publication. Rather, the Ad Hoc Subrogation Group proposes the following simple procedure to replace the Debtors' proposed form for Subrogation Claimants with the Subrogation Group's Form: Prime Clerk will modify the website maintained for the Debtors' Chapter 11 Cases located at https://restructuring.primeclerk.com/pge/ so that (i) the Subrogation Group's Form is publicly accessible, (ii) the webpage associated with the link entitled "Submit a Claim" is modified so that potential Subrogation Claimants that choose to file a proof of claim form for Subrogation Claims are directed to, and can, complete the Subrogation Group's Form, and (iii) the supporting information submitted in connection with the Subrogation Group's Form is maintained in a confidential manner.

IV. ARGUMENT

11. Bankruptcy Rule 3001(a) provides that: "A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form." Fed. R. Bankr. P. 3001(a). As discussed in the TCC's Motion, in mass tort bankruptcies, courts routinely permit parties to make modifications to the Official Form 410.[3] The purpose of a proof of claim is to provide notice. The filing of a proof of claim puts the court and other parties in interest "on notice that a particular creditor is asserting a right to payment." *In re Gordian Med.*, 499 B.R. 793, 799 (C.D. Cal. 2013); *see als, Spokane Law Enf't Fed. Credit Union v. Barker (In re Barker)*, 839 F.3d 1189, 1195 (9th Cir. 2016) ("The proof of claim plays the important role of alerting the court, trustee, and other creditors, as well as the debtor, to claims against the estate, and the creditor's intention to enforce the claims.") (internal quotations omitted); *Brosio v. Deutsche Bank Nat'l Tr. Co. (In re Brosio)*, 505 B.R. 903, 912 (9th Cir. BAP 2014) ("The filing of a proof of claim is analogous to filing a complaint in the bankruptcy case.") (citations omitted). The Subrogation Group's Form achieves that purpose.

12. The Subrogation Group's Form is carefully drafted to avoid confusion by using terms of art familiar to insurers holding Subrogation Claims. For example, the term "claim" might mean one thing in the bankruptcy context, but insurers filing proofs of claim might read the term to mean individual claims made under insurance policies. The proposed Subrogation Group's Form uses terminology that the Ad Hoc Subrogation Group members are comfortable with to address such issues and avoid confusion among Subrogation Claimants.

13. The Subrogation Group's Form is also drafted to match the information the insurers historically shared with PG&E to resolve wildfire claims outside of bankruptcy. The Excel spreadsheet referenced in the Subrogation Group's Form to be provided by Prime Clerk and submitted by claimants should be compatible with the information the insurers routinely gather.

---

[3] *See*, Memorandum of Law in Support of TCC's Motion, pages 7-8.

Submitting the information in this manner will allow the Debtors to easily connect an underlying tort claimant's loss with a corresponding Subrogation Claim.

14. In accordance with section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the supporting information submitted in connection with Subrogation Group's Form should be sealed, remain confidential in these Chapter 11 Cases, and not become part of the public record. Copies of such information may be provided: (a) to the Court, the Debtors, and the Office of the United States Trustee; and (b) to counsel for any official committees in these cases on a professional eyes' only basis. Such individual claim information is commercially sensitive and/or implicates individual tort victims' personal privacy. Section 107(b) of the Bankruptcy Code makes it "mandatory for a court to protect documents" falling into one of three categories: confidential business information, scandalous or defamatory matter, and means of identification. *Archdiocese of Portland v. Various Tort Claimants (In re Roman Catholic Archbishop of Portland)*, 661 F.3d 417, 430-31 (9th Cir. 2011). Clarifying for Subrogation Claimants that such information will be kept confidential will encourage cooperation and participation with the filing and administration of claims.

15. Finally, the Subrogation Group's Form does not require information that is unnecessary to put all parties in interest on notice of an alleged claim against the estates. Nothing in the form prejudices the claimant's right to pursue (and the Debtors' rights to object to) the merits of any asserted claim. As the Court is well aware, in designing forms to be used by a large group who are unfamiliar with the bankruptcy process, clarity should be at the forefront. As discussed in the Ad Hoc Subrogation Group's objection to the Debtors' Motion, and detailed above, certain information requested by the Debtors is confusing, unnecessary and/or unduly burdensome for submission and administration of Subrogation Claims. The proposed Subrogation Group's Form strikes these unnecessary requests, and thus best serves Subrogation Claimants and the administration of the Debtors' estates.

7

**WILLKIE FARR & GALLAGHER LLP**

/s/ *Matthew A. Feldman*
Matthew A. Feldman (*pro hac vice*)
Joseph G. Minias (*pro hac vice*)
Daniel I. Forman (*pro hac vice*)

*Counsel to Ad Hoc Group of Subrogation Claim Holders*