MACDONALD | FERNANDEZ LLP
RENO F.R. FERNANDEZ III (SBN 251934)
MATTHEW J. OLSON (SBN 265908)
221 Sansome Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Creditor,
WENDY NATHAN

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>PG&E CORPORATION<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Co.<br>☐ Affects both Debtors<br><br>\* All papers shall be filed in Lead Case, No. 19-30088-DM | Case Nos. 19-30088-DM-11<br>19-30089-DM-11<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Date: June 11, 2019<br>Time: 9:30 a.m.<br>Place: Courtroom 17<br>450 Golden Gate Ave., 16th Floor<br>San Francisco, California<br><br>Opposition Deadline: June 6, 2019, 4 p.m. PDT<br><br>Hon. Dennis Montali |

COMES NOW Wendy Nathan, Creditor herein, move this Court for relief from the automatic stay pursuant to 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and Bankr. Local Rule 4001-1 to liquidate Creditor's claims arising from certain pre-petition personal injuries, and respectfully represents as follows:

**FACTS**

1. The within case was commenced by the filing of a voluntary chapter 11 petition on January 29, 2019. A trustee has not been appointed and the Debtor is in possession of its estate.

2. Creditors holds a claim against the Estate arising from certain personal injuries suffered on September 5, 2015, on the sidewalk in front of Lakeshore Natural Foods, located at 3321

1

Lakeshore Avenue, Oakland, California. Specifically, Creditor was injured when she fell because of, among other things, uplifted, raised, cracked, and sloped cement caused by the negligent maintenance of the sidewalk and an electrical box installed and controlled by Pacific Gas and Electric Company, the Debtor herein (the "Dangerous Condition").

3. In furtherance of those claims, on August 30, 2017, Creditor commenced an action before the Superior Court of California in and for the County of Alameda styled *Wendy Nathan v. Ann D. Grcevich, Successor Trustee of the Survivor's Trust, Grcevich Trust dated June 7, 1991; Jane Inok Hong; and Pacific Gas and Electric Company.* (Case No. RG17873549) (the "Complaint"). The First Amended Complaint, a true and correct copy of which is offered as Exhibit "A," asserts claims against the Debtor and other parties for negligence and premises liability, and seeks exemplary damages.

4. At least five personal-injury claims have been made regarding the Dangerous Condition, including Creditor's claim. The other four claims were resolved pre-petition wherein the Debtor, the other defendants, or both compensated claimants (the "Earlier Actions").

5. Based on these prior actions, liability cannot be seriously disputed and the only real question is the value of Nathan's damages. Indeed, in one of the Earlier Actions, the deposition of Debtor's "person most qualified" regarding the Dangerous Condition was cross-noticed for the instant action. Essentially no further discovery is necessary against Debtor (except, possibly, with respect to co-defendants). The mediation brief by plaintiff's counsel in an Earlier Action (the same counsel as Nathan's counsel), a true and correct copy of which is offered as Exhibit "B," includes an extensive analysis of Debtor's liability. In the Earlier Actions, Debtor's share of the settlement funds ranged between 85% to 100%. For two of the four Earlier Actions, Debtor paid 100% of the settlements.

6. The proceedings before the Superior Court had progressed substantially by the time Debtor filed its voluntary petition. Various cross- and counterclaims had been asserted between the parties and a new third-party defendant (the City of Oakland, California). The parties have been conducting discovery and the Court had set the case for trial. A motion for summary judgment filed by defendants Hong and Grcevich was pending before the petition was filed and was continued by

the Superior Court. Nathan has already been seen by a medical consultant regarding her injuries (the report on such damages can be made available to Debtor and the other parties after the stay is lifted). At the time of Debtor's bankruptcy, the parties to this action were scheduling a mediation wherein this fifth and final claim would likely have been resolved, too. Despite the progress in the case before the Superior Court, the Debtor filed this petition before Creditor's claims could be liquidated. The Superior Court recently ordered the parties to participate in mediation before August 30, 2019, and set a new trial date for February 21, 2020.

7. Creditor understands that the Debtor does not carry insurance for the claims asserted in the Complaint, but rather is self-insured.

## ANALYSIS

8. Creditor moves for relief from the automatic stay of § 362(a) to allow for liquidation of the claims asserted against the Debtor and for wavier of the 14-day stay of enforcement provided by Bankruptcy Rule 4001(a)(3).

### A. CAUSE EXISTS TO GRANT RELIEF FROM STAY UNDER §§ 362(d)(1).

9. Section 362(d)(1) authorizes the Court to modify or terminate the automatic stay for "cause," including the lack of adequate protection. "'Cause' for granting relief from stay has no clear definition and is determined on a case-by-case basis." *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990) (citation omitted).

10. Where a bankruptcy court may abstain from deciding issues in favor of an imminent state court trial involving the same issues, cause may exist for lifting the stay as to the state court trial." *Id.* (citing *Piombo Corp. v. Castlerock Properties (In re Castlerock Properties)*, 781 F.2d 159, 163 (9th Cir.1986)). Section 1334 of Title 28 sets forth when a bankruptcy court may abstain in favor of a state court (28 U.S.C. § 1334(c)(1)) or must abstain in favor of a state court (28 U.S.C. § 1334(c)(2)). Here, the Court should abstain in favor of the Superior Court of California under both permissive and mandatory abstention.

### i. Permissive Abstention is Applicable.

11. Permissive abstention is applicable to these proceedings. As the Ninth Circuit explained, courts consider twelve factors when deciding whether to abstain under § 1334(c)(1):

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*Tucson Estates*, 912 F.2d at 1167 (quoting *Republic Reader's Serv., Inc. v. Magazine Service Bureau, Inc. (In re Republic Reader's Serv., Inc.)*, 81 B.R. 422, 429 (Bankr.S.D.Tex.1987)).

12. These factors support permissive abstention:

    a. Addressing the first, second, and third factors, abstention is unlikely to have any noticeable impact on administration of Debtor's estate because the amount of the claim is not large and will not jeopardize the Debtor's reorganization, the issues are not complex, and Creditor only seeks to liquidate her claim. The negligence and premises-liability issues alleged in the complaint are not difficult or unsettled. The Superior Court is familiar with the facts and is in the best position to quickly liquidate the claim.

    b. Addressing the fourth, fifth, sixth, and eight factors, the Compliant presents purely issues of state law. The claims are merely related to the bankruptcy case[1] and concern typical negligence and premises-liability issues that the Superior Court adjudicates every day. No issues of federal law are presented by the Complaint. There is no jurisdictional basis for this Court to resolve the issues presented by the complaint other than 28 U.S.C. § 1334. The complaint does not present any federal questions and there is no diversity of citizenship to support jurisdiction of a federal court. It is impossible to sever the state law claims because there are no bankruptcy or federal claims asserted by the Complaint. Creditor only seeks to liquidate her claim, not to enforce the resulting judgment against the Estate.

---

[1] A proceeding "arises under" a title 11 case when it is created by the Bankruptcy Code. "Arising in" proceedings are not based on any right expressly created by the Bankruptcy Code but have not existence outside of the title 11 case. *Menk v. Lapaglia (In re Menk)*, 241 B.R. 896, 905–906 (B.A.P. 9th Cir. 1999).

4

c.  Addressing the seventh factor, the issues presented by the Complaint are not core within the meaning of 28 U.S.C § 157. While related to the main bankruptcy case because the claims are asserted against the Debtor, liquidation of this claim in not likely to have a material impact on the administration of the estate.

d.  The ninth and tenth factors are neutral as this matter is not particularly burdensome on the bankruptcy court's docket since the Court is not able to hold the jury trial required in these proceedings and there is no indication of forum shopping.

e.  Addressing the eleventh factor, creditor has a right to a jury trial to resolve her personal injury tort claims and the Bankruptcy Court is not authorized to conduct a trial resolving Complaint. 11 U.S.C. § 157(b)(5). Creditor does not consent to resolution of her claims by the Bankruptcy Court. *See Executive Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)*, 702 F.3d 553, 567 (9th Cir. 2012).

f.  Addressing the twelfth factor, besides Creditor, there are at least three other non-debtor parties to the underlying litigation before the Superior Court: Ann G. Grcevich, Jane Inok Hong, and the City of Oakland, California. Resolution of the claims involving these parties in conjunction with the claims against the Debtor promotes judicial economy.

### ii.  **Mandatory Abstention is Applicable.**

13.  Moreover, mandatory abstention is applicable. Under mandatory abstention, if a state law claim or cause of action could not have been commenced in federal court but for the conferral of jurisdiction under § 1334, the court must abstain from the resolving the claim or cause of action if (a) a timely motion to abstain if filed, (b) the action is related to (but not arising under or arising in) a bankruptcy case, (c) a related action is already pending in state court, and (d) that action may be timely adjudicated. 28 U.S.C. § 1334(c)(2). "A matter cannot be timely adjudicated in state court if abstention and remand of the state law claims will unduly prolong the administration of the estate." *Parmalat Capital Fin. Ltd. V. Bank of America Corp.*, 639 F.3d 572, 581 (2nd Cir. 2011).

14.  These factors support mandatory abstention in this case. The filing of this motion is timely, having been filed within the first few months of the bankruptcy case. The Compliant presents purely issues of state law. The claims are merely related to the bankruptcy case and

concern typical negligence and premises-liability issues that the Superior Court adjudicates every day. No issues of federal law or bankruptcy administration are presented by the Complaint. The underlying Complaint remains pending before the Superior Court with other non-debtor parties. Finally, the Superior Court can timely adjudicate the action. Trial in the matter has been set for February 21, 2020. It is unlikely that this scheduling will materially impact Debtor in Possession's reorganization efforts or that the District Court could schedule a jury trial on the matter more expeditiously.

### iii. Cause Exists to Grant Relief from Stay

15. Considering the circumstances, there is good cause for this Court to abstain from resolving the claims asserted by the Complaint. "Where a bankruptcy court may abstain from deciding issues in favor of an imminent state court trial involving the same issues, cause may exist for lifting the stay as to the state court trial." *Tucson Estates*, 912 F.2d at 1166; *see also In re Pacific Gas & Elec. Co.*, 279 B.R. 561, 572 (Bankr. N.D. Cal. 2002) (citing *Tucson Estates*). Because the Court should abstain from resolving the claims asserted in the Complaint, the Court should find that cause exists to grant relief from the automatic stay under § 362(d)(1) to permit Creditor to liquidate her claim subject to the treatment of the claim under the Debtor's expected plan of reorganization.

B. <u>CAUSE EXISTS TO WAIVE THE 14-DAY STAY OF ENFORCEMENT UNDER BANKRUPTCY RULE 4001(a)(3).</u>

16. The Court may waive the 14-day stay of enforcement of an order granting relief from the automatic stay for cause. Fed. R. Bankr. P. 4001(a)(3). Cause exists in this case because of the prejudice suffered by Creditors from further delay while Debtor will not suffer any prejudice from allowing the Superior Court to liquidate the claims. Hence, the Court should waive the 14-day stay provided by Bankruptcy Rule 4001(a)(3).

WHEREFORE, Creditor pray for entry of an order:

1. Granting relief from the automatic to liquate Creditor's claims before the Superior Court;

2. Waiving the 14-day stay of enforcement provided by Bankruptcy Rule 4001(a)(3); and

3. For such other and further relief as is appropriate in the premises.

DATED: May 16, 2019

MACDONALD | FERNANDEZ LLP

By: */s/ Matthew J. Olson*
 Matthew J. Olson
 Attorneys for Creditor,
 WENDY NATHAN