AKIN GUMP STRAUSS HAUER & FELD LLP

Michael S. Stamer (*pro hac vice*)
Ira S. Dizengoff (*pro hac vice*)
David H. Botter (*pro hac vice*)
Abid Qureshi (*pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone:   (212) 872-1000
Facsimile:   (212) 872-1002
Email:       mstamer@akingump.com
             idizengoff@akingump.com
             dbotter@akingump.com
             aqureshi@akingump.com

AKIN GUMP STRAUSS HAUER & FELD LLP

Ashley Vinson Crawford (SBN 257246)
580 California Street
Suite 1500
San Francisco, CA 94104
Telephone:   (415) 765-9500
Facsimile:   (415) 765-9501
Email:       avcrawford@akingump.com

*Counsel to the Ad Hoc Committee of Senior Unsecured Noteholders of Pacific Gas and Electric Company*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**JOINDER OF THE AD HOC COMMITTEE OF SENIOR UNSECURED NOTEHOLDERS TO OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' WILDFIRE ASSISTANCE MOTION**<br><br><u>Hearing</u><br>Date:   May 22, 2019<br>Time:   9:30 a.m. (Pacific Time)<br>Place:  Courtroom 17<br>        450 Golden Gate Ave, 16th Floor<br>        San Francisco, CA 94102<br><br>**Re:** Docket Nos. 1777, 2041 |

The Ad Hoc Committee of Senior Unsecured Noteholders of Pacific Gas and Electric Company (the "Ad Hoc Committee") in the above-captioned chapter 11 cases of Pacific Gas and Electric Company (the "Utility") and PG&E Corporation ("PG&E" and, together with the Utility, the "Debtors"), by its undersigned counsel, Akin Gump Strauss Hauer & Feld LLP, hereby joins (the "Joinder") the *Corrected Objection of the Official Committee of Unsecured Creditors to Motion of Debtors Pursuant to 11 U.S.C. § 105(a) and 363(b) and Fed. R. Bankr. P. 2002 and 6004(h) for an Order (A) Authorizing Debtors to Establish and Fund Program to Assist Wildfire Claimants with Alternative Living Expenses and Other Urgent Needs (B) Granting Related Relief* [Docket. No. 2041] (the "UCC Objection").[1] In support of the Joinder, the Ad Hoc Committee respectfully states the following:

**JOINDER**

1. The Ad Hoc Committee joins the Official Committee of Unsecured Creditors (the "UCC") in expressing its sympathy for the tragedy that the victims of the wildfires of 2017 and 2018 have had to endure. The Ad Hoc Committee, however, joins in the UCC Objection and agrees with the UCC that the Program is flawed and, therefore, can only be approved if modified in accordance with the UCC Objection to the *Motion Pursuant to 11 U.S.C. §§ 105(a) and 363(b) and Fed. R. Bankr. P. 2002 and 6004(h) for an Order (a) Authorizing Debtors to Establish and Fund Program to Assist Wildfire Claimants with Alternative Living Expenses and Other Urgent Needs and (b) Granting Related Relief* ("Wildfire Assistance Program Motion") [Docket. No. 1777] (the "Motion"). In particular, the Ad Hoc Committee believes that the UCC's concern that the Court "should remain mindful that it stands atop a slippery slope that very well may lead to additional 'creeping confirmation' requests," UCC Objection ¶ 8, is particularly apt in light of the fact that several requests have already been made to either increase the amount of the Fund or make additional payments to different groups of plaintiffs.

2. Specifically, shortly before the filing of the UCC Objection, the Official Committee of Tort Claimants filed the *Official Committee of Tort Claimants' Limited Joinder, Objection and Counter Motion to Debtors' Wildfire Assistance Program Motion (Dkt. No. 1777)* [Docket No. 2013], requesting that the Fund be increased to at least $250 million, with the option for the Administrator to seek

---

[1] Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the UCC Objection.

Case: 19-30088    Doc# 2058    Filed: 05/16/19    Entered: 05/16/19 16:48:51    Page 2 of 4

additional amounts.[2] In addition, a group of wildfire claimants represented by the Singleton Law Firm (the "SLF Claimants"), filed the *Objection by the Singleton Law Firm Fire Victim Claimants to PG&E's Exclusivity Motion (Doc. 1795)* [Docket No. 2019], requesting that the Court order the Debtors to resume a prepetition mediation system to begin immediately settling claims relating to the 2015 Butte Fire. The SLF Claimants estimate that remaining damages arising from that fire are between $100 million and $150 million.

3. The Ad Hoc Committee is prepared to sit down with all the major parties in interest prior to the hearing to discuss the implementation of a program to aid wildfire victims, with appropriate safeguards, as the UCC has suggested. Ultimately, as previously stated in the *Statement of the Ad Hoc Committee of Senior Unsecured Noteholders to Corrected Motion of Debtors Pursuant to 11 U.S.C. § 1121(d) to Extend Exclusive Periods* [Docket No. 2008], and echoed by the sentiments expressed by Governor Newsom in the *Limited Objection of Governor Gavin Newsom to Corrected Motion of Debtors Pursuant to 11 U.S.C. § 1121(d) to Extend Exclusive Periods* [Docket No. 2006], the Ad Hoc Committee believes that it is in the best interests of all stakeholders for all of the key parties in interest to turn their full attention to negotiating a confirmable plan of reorganization so that all creditors, including all wildfire victims with claims against the Debtors, can have their claims satisfied as quickly as possible.

**RESERVATION OF RIGHTS**

4. The Ad Hoc Committee reserves the right to raise further and other objections to the Motion at the hearing as may be necessary or appropriate.

[*Remainder of page left intentionally blank*]

---

[2] The Ad Hoc Committee reserves its right to object to the Official Committee of Tort Claimant's Counter Motion within the time period provided under the *Second Amended Order Implementing Certain Notice and Case Management Procedures* [Docket No. 1996] and the applicable local rules.

**WHEREFORE**, for the foregoing reasons, the Ad Hoc Committee respectfully requests that the Court (i) sustain the UCC Objection and only grant the Motion to the extent modified as proposed by the UCC, and (ii) grant such other and further relief as is just, equitable and proper.

Dated: May 16, 2019

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By: _____
David H. Botter (*pro hac vice*)
Michael S. Stamer (*pro hac vice*)
Ira S. Dizengoff (*pro hac vice*)
Abid Qureshi (*pro hac vice*)
Ashley Vinson Crawford (SBN 257246)

*Counsel to the Ad Hoc Committee of Senior Unsecured Noteholders of Pacific Gas and Electric Company*