Entered on Docket
May 17, 2019
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: May 16, 2019

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

GIBSON, DUNN & CRUTCHER LLP
OSCAR GARZA, SBN 149790
   ogarza@gibsondunn.com
SAMUEL A. NEWMAN, SBN 217042
   snewman@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

*Counsel for Centerview Partners LLC*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | CASE NO. 19-30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| -and- | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| Debtors. | **ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY AND RETAIN CENTERVIEW PARTNERS LLC AS ITS INVESTMENT BANKER, EFFECTIVE AS OF FEBRUARY 15, 2019** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| *\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | **Hearing**:<br>Date: May 9, 2019<br>Time: 9:30 a.m. Pacific Time<br>Place: United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 94102<br>Judge: Hon. Dennis Montali |

Upon the application (the "Application")[1] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases for entry of an order (this "Order") authorizing the Committee to retain and employ Centerview Partners LLC ("Centerview"), pursuant to section 1103 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as investment banker to the Committee, effective as of February 15, 2019, all as more fully set forth in the Application; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 157 and § 1334; and the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "Bankruptcy Local Rules"); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and no other or further notice being required; and this Court having reviewed the Application, the Declaration of Samuel M. Greene (the "Greene Declaration"), and the Declaration and Supplemental Declaration of Karn Chopra (the "Chopra Declarations"); and upon the record of the Hearing and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Application is in the best interests of PG&E Corporation and Pacific Gas and Electric Company (the "Debtors"), their estates, creditors, shareholders and all parties in interest; and that the legal and factual bases set forth in the Application establish just cause and satisfaction of the statutory requirements for the relief granted herein; and any objections to the relief requested by the Application

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

having been overruled, resolved, or withdrawn; and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as set forth herein.

2. The Committee is authorized to employ and retain Centerview as its investment banker, effective as of February 15, 2019, on the terms set forth in the Engagement Letter.

3. Centerview shall use its reasonable best efforts to avoid any duplication of the services to be provided by any of the Committee's other retained professionals.

4. Except to the extent set forth herein, the Engagement Letter, together with all attachments and schedules thereto, including, without limitation, the Fee Structure and the Indemnification Agreement, is approved pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code. Except as otherwise provided herein, all compensation, indemnification, reimbursement, and contribution obligations owed to Centerview and any Indemnified Person (as defined in the Engagement Letter) under the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code, and shall not be subject to any other standard of review, including, but not limited to, that set forth in section 330 of the Bankruptcy Code, except that the U.S. Trustee shall have review for reasonableness pursuant to section 330 of the Bankruptcy Code.

5. Centerview shall file monthly, interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable orders or procedures of this Court, and the Fee Guidelines; provided that Centerview shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code, and Centerview's fees and expenses shall not be subject to review under the standard set forth in section 330 of the

Gibson, Dunn & Crutcher LLP

Bankruptcy Code, except that the U.S. Trustee shall have review for reasonableness pursuant to section 330 of the Bankruptcy Code. Subject to compliance with the foregoing, and subject to approval by the Court, the Debtors shall pay Centerview's fees and reimburse Centerview for its reasonable and necessary costs and expenses as provided in the Engagement Letter.

6. Notwithstanding anything to the contrary herein, the requirements of the Interim Compensation Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other orders or procedures of this Court, to the extent applicable, are hereby modified such that Centerview's professionals shall only be required to maintain summary records in one-half (.5) hour increments; *provided further* that (a) Centerview shall not be required to obtain Court approval of any counsel it employs in connection with these chapter 11 cases; however, if Centerview seeks reimbursement for attorney's fees pursuant to the terms of the Engagement Letter or the Indemnification Agreement (except for fees incurred in defense of fee applications), the invoices and supporting time records from such attorneys shall be included in Centerview's own application and such invoices and time records shall be subject to (i) the guidelines promulgated by the U.S. Trustee for compensation and reimbursement of expenses and (ii) approval by the Bankruptcy Court under sections 330 and 331 of the Bankruptcy Code. Notwithstanding the foregoing, Centerview shall only be reimbursed for any legal fees incurred in connection with these chapter 11 cases to the extent permitted under applicable law. For the avoidance of doubt, under no circumstances shall any of the compensation or expense reimbursement obligations approved by the Court be an obligation of, or paid by, the Committee or any of its members.

7. Subject to the Court's approval, Centerview shall be compensated in accordance with the terms of the Engagement Letter and in particular, the Fee Structure. Notwithstanding anything to the contrary herein, the fees and expenses payable to Centerview pursuant to the Engagement Letter shall be subject to review pursuant to the standard of review set forth in section 330 of the Bankruptcy

Code only by the U.S. Trustee. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Centerview's compensation and expense reimbursements under section 330 of the Bankruptcy Code. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Centerview's compensation.

8. The indemnification and related provisions set forth in the Engagement Letter and the Indemnification Agreement are approved, subject during the pendency of these chapter 11 cases to the following:

    a. each Indemnified Person (as that term is defined in the Indemnification Agreement) shall be entitled to indemnification, contribution or reimbursement pursuant to the Indemnification Agreement only in respect of Losses (as defined in the Indemnification Agreement) in connection with any matters in any way relating to or referred to in the Engagement Letter (as may be modified by this Court pursuant to this Order or any further order);

    b. subject to the provisions of subparagraphs (c) and (d) of this paragraph 8, the Debtors are authorized to indemnify, and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to, the Indemnified Persons (as defined in the Indemnification Agreement) in accordance with the Indemnification Agreement for any claim arising from, related to, or in connection with the services provided for in the Engagement Letter;

    c. notwithstanding subparagraph (b) of this paragraph 8 or any provisions of the Engagement Letter or Indemnification Agreement to the contrary, the Debtors shall have no obligation to indemnify an Indemnified Person or provide contribution or reimbursement to an Indemnified Person (i) for any claim or expense that is judicially determined (the determination having become final) to have resulted directly from the willful misconduct, negligence, gross negligence, or bad faith of such Indemnified Person, (ii) for a contractual dispute alleging the breach of Centerview's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible, or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (d) *infra*, to be a claim or expense for which such Indemnified Person should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter and Indemnification Agreement, as modified by this Order;

d. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Debtors' cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing the Debtors' chapter 11 cases, Centerview believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Indemnification Agreement, as modified by this Order, including without limitation the advancement of defense costs, Centerview must file an application therefore in this Court, and the Debtors may not pay any such amounts to Centerview before the entry of an order by this Court approving such payment. This subparagraph (d) is intended only to specify the period during which the Court shall have jurisdiction over any request by Centerview for indemnification, contribution or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify; and

e. if, during the pendency of the Debtors' Chapter 11 Cases, the indemnification is held unenforceable by reason of the exclusions set forth in subparagraph c. above (i.e., bad faith, negligence, gross negligence, willful misconduct, or for a contractual dispute in which the Debtors allege the breach of Centerview's contractual obligations if the Court determines that indemnification would not be permissible) and Centerview makes a claim for the payment of any amounts by the Debtors on account of the Debtor's contribution obligations, then the proviso set forth in the first sentence in paragraph 5 of the Indemnification Agreement attached to the Engagement Letter shall not apply.

9. The Committee and Centerview are authorized to take all actions each of them deems necessary and appropriate to effectuate the relief granted in this Order.

10. Notwithstanding anything to the contrary in the Application or this Order, if the Committee approves an Additional Fee for Centerview, such Additional Fee shall only be allowed pursuant to further order of this Court. The Official Committee of Tort Claimants shall receive notice and an opportunity to object to such Additional Fee. Any and all grounds for the Official Committee of Tort Claimants' objection to allowance of such Additional Fee are hereby expressly reserved and preserved hereunder.

11. Notwithstanding anything to the contrary in the Application or the Engagement Letter, Centerview shall have whatever duties, fiduciary or otherwise, that are imposed upon it by applicable law.

12. This Order shall be immediately effective and enforceable upon its entry.

13. In the event of any inconsistency between the Engagement Letter, the Application, and this Order, this Order shall govern.

14. Notwithstanding any term in the Engagement Letter to the contrary, this Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

APPROVED AS TO FORM AND CONTENT:

Dated: May 15, 2019

OFFICE OF THE UNITED STATES TRUSTEE

/s/ *Marta E. Villacorta*

Marta E. Villacorta
Trial Attorney
*Attorney for Andrew R. Vara, Acting United States Trustee for Region 3*[2]

/ / /

/ / /

/ / /

---

[2] Andrew R. Vara, Acting United States Trustee for Region 3, is acting in this appointment for Tracy Hope Davis, United States Trustee for Region 17, who is recused from the above-captioned cases.

APPROVED AS TO FORM AND CONTENT:

Dated: May 15, 2019

OFFICIAL COMMITTEE OF TORT CLAIMANTS


 /s/ *Jorian L. Rose*
_____

Jorian L. Rose
*Attorney for Official Committee of Tort Claimants*

**\*\* END OF ORDER \*\***

COURT SERVICE LIST

Federal Energy Regulatory Commission
Attn: General Counsel
888 First St NE
Washington, DC 20426

Internal Revenue Service
Centralized Insolvency Operation
2970 Market St
Philadelphia, PA 19104-5016

John A. Vos
1430 Lincoln Avenue
San Rafael, CA 94901

Office of the United States Attorney for the Northern District of California
Attn: Bankruptcy Unit
Federal Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

PG&E Corporation
Attn: President or General Counsel
77 Beale Street
P.O. Box 77000
San Francisco, CA 94177

Placer County Office Of The Treasurer-Tax Collector
Attn: Robert Kanngiesser
2976 Richardson Drive
Auburn, CO 95603

U.S. Nuclear Regulatory Commission
Attn: General Counsel
U.S. NRC Region IV
1600 E. Lamar Blvd.
Arlington, TX 76011