TIMOTHY S. LAFFREDI (WI SBN 1055133)
Assistant United States Trustee
MARTA E. VILLACORTA (NY SBN 4918280)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
450 Golden Gate Avenue, Suite 05-0153
San Francisco, CA 94102
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: marta.villacorta@usdoj.gov

Attorneys for Andrew R. Vara,
Acting United States Trustee for Region 3[1]

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**,<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors**.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>*All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>Date: May 22, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: Hon. Dennis Montali<br>450 Golden Gate Avenue<br>16th Floor, Courtroom 17<br>San Francisco, CA 94102 |

## RESPONSE OF THE UNITED STATES TRUSTEE TO THE WILDFIRE ASSISTANCE PROGRAM MOTION (ECF No. 1777) AND RESERVATION OF RIGHTS

Andrew R. Vara, Acting United States Trustee for Region 3 (the "United States Trustee"), by and through his undersigned counsel, hereby files this response ("Response") to the Debtors' *Motion Pursuant to 11 U.S.C. §§ 105(A) and 363(B) and Fed. R. Bankr. P. 2002 and 6004(H) for an Order (A) Authorizing Debtors to Establish and Fund Program to Assist Wildfire*

---

[1] Andrew R. Vara, Acting United States Trustee for Region 3, is acting in this appointment for Tracy Hope Davis, United States Trustee for Region 17, who has recused herself.

*Claimants with Alternative Living Expenses and Other Urgent Needs and (B) Granting Related Relief* (ECF No. 1777) (the "Motion").[2]

The United States Trustee recognizes the continuing hardships faced by the Wildfire Claimants.[3] The hardship examples provided by the Tort Claimants' Committee in its Limited Joinder, Objection, and Counter Motion to the Motion (ECF No. 2013) are heartrending, and the extraordinary and unique facts of this particular case might justify immediate remediation outside of a confirmed plan.[4] But truly extraordinary circumstances cannot excuse the requirements of disclosure and transparency, which are critical to evaluating all actions by a debtor-in-possession. The Motion fails to provide sufficient information to enable the Court and parties in interest to assess the proposed payments of $105 million, including:

    (i)    how the payments will be funded;

    (ii)    the approximate number of Wildfire Claimants eligible for relief;

---

[2] The United States Trustee requests that the Court take judicial notice of the pleadings and documents filed in these cases pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 201.

[3] All capitalized terms used herein but not otherwise defined shall have the same meanings given to them in the Motion.

[4] The Motion presents an issue of timing, not priority, of payment to the Wildfire Victims, given the Debtors' apparent solvency. *See* G. Marcus Cole, Q&A with Sharon Driscoll, *Stanford Law's Marcus Cole on PG&E Bankruptcy: No Free Lunches* (Mar. 1, 2019), available at https://law.stanford.edu/2019/03/01/stanford-laws-marcus-cole-on-the-pge-bankruptcy/ ("… PG&E is not insolvent (the company has assets estimated at around $69 billion, and the tort claims are estimated to amount to around $35 billion) . . ."); *see also* ECF No. 897, Summary of Assets and Liabilities for Non-Individuals).

Case: 19-30088    Doc# 2068    Filed: 05/17/19    Entered: 05/17/19 11:57:04    Page 2 of 3

(iii) who will be paid (i.e., the Eligibility Criteria) and how much (including how payment disputes will be resolved);

(iv) how amounts paid will be credited against recipients' distributions under a confirmed plan on account of their claims;

(v) whether payments will result in discriminatory treatment of other general unsecured creditors; and

(vi) with respect to the Administrator, (1) the selection process and (2) his or her rights and responsibilities, qualifications, compensation, and oversight.

**WHEREFORE**, the United States Trustee respectfully requests that the Court require the additional information suggested herein in considering the Motion, and that the Court grant appropriate relief consistent with the needs of the Wildfire Claimants and the requirements of the Bankruptcy Code.

Dated: May 17, 2019

Andrew R. Vara
Acting United States Trustee, Region 3

By: *Marta E. Villacorta*
Marta E. Villacorta
Trial Attorney

Page -3-