TOGUT, SEGAL & SEGAL LLP
Albert Togut (*pro hac vice pending*)
(altogut@teamtogut.com)
Kyle J. Ortiz (admitted *pro hac vice*)
(kortiz@teamtogut.com)
Amy M. Oden (admitted *pro hac vice*)
(adoen@teamtogut.com)
Amanda C. Glaubach (admitted *pro hac vice*)
(aglaubach@teamtogut.com)
One Penn Plaza, Suite 3335
New York, New York 10119
Tel: (212) 594-5000
Fax: (212) 967-4258

- and -

SCHNADER HARRISON SEGAL & LEWIS LLP
George H. Kalikman
650 California Street, 19th Floor
San Francisco, CA 94108-2736
Direct (415) 364-6734
(gkalikman@schnader.com)

Attorneys for Compass Lexecon, LLC

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **SECOND SUPPLEMENTAL DECLARATION OF ADEL TURKI IN SUPPORT OF DEBTORS' APPLICATION PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY COMPASS LEXECON, LLC AS ECONOMIC CONSULTANTS TO THE DEBTORS *NUNC PRO TUNC* TO PETITION DATE** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| * All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Re: Docket Nos. 1756 and 1842<br>Date: May 22, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

I, Dr. Adel Turki, being duly sworn, state the following under penalty of perjury:

1. I am a Senior Managing Director of Compass Lexecon, LLC ("Compass") a leading economic consulting firm. Compass is currently the economic consultant to Cravath, Swaine & Moore LLP ("Cravath"), lead coordinating counsel for all wildfire-related issues involving the above-captioned debtors and debtors in possession (the "Debtors"). I am authorized to make this declaration on behalf of Compass. Unless otherwise stated, I have personal knowledge of the facts set forth herein.

2. This declaration (the "Second Supplemental Declaration") is being submitted to supplement my: (i) initial declaration (the "Initial Declaration") filed in support of the *Debtors' Application Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Retain and Employ Compass Lexecon, LLC as Economic Consultants to the Debtors Nunc Pro Tunc to Petition Date* [Docket No. 1756] (the "Application"); and (ii) supplemental declaration (the "Supplemental Declaration") filed in support of the *Supplement to Debtors' Application Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Retain and Employ Compass Lexecon, LLC as Economic Consultants to the Debtors Nunc Pro Tunc to Petition Date* [Docket No. 1842] (the "Supplemental Application").

3. Compass is a leading economic consulting firm with twenty-one (21) offices and more than 425 employees globally. Compass has considerable experience providing a wide variety of consulting services, including economic and financial analysis, to businesses in various contexts. In particular, Compass has significant and longstanding expertise evaluating and assessing potential damages and losses incurred in the context of mass tort litigation, including, for example, in matters pertaining to the BP Deepwater Horizon oil spill and the General Motors ignition switch recalls.

4. Compass has been employed in numerous chapter 11 cases, including: *In re Aeropostale, Inc.*, et al., Case No. 16-11275 (SHL) (Bankr. S.D.N.Y.); *In re AMR Corp.*, Case No. 11-15463 (SHL) (Bankr. S.D.N.Y.); *In re GenOn Energy, Inc.*, et al., Case No. 17-33695 (DRJ) (Bankr. S.D. Tex.); *In re Lehman Bros. Holdings Inc.*, et al., 08-01355 (SCC) (Bankr. S.D.N.Y.); *In re Lightsquared Inc.*, et al., Case No. 12-12080 (SCC) (Bankr. S.D.N.Y.); *In re Motors Liquidation Co.*, et al., Case No. 09-50026 (MG) (Bankr. S.D.N.Y.); *In re MPM Silicones, LLC*, et

*al.,* Case No. 14-22503 (RDD) (Bankr. S.D.N.Y.); *In re Nine West Holdings, Inc.*, *et al.,* Case No. 18-10947 (SCC) (Bankr. S.D.N.Y.); *In re Paragon Offshore PLC, et al.,* Case No. 16-10386 (CSS) (Bankr. D. Del.); *In re Physiotherapy Holdings, Inc.*, *et al.,* Case No. 13-12965 (KG) (Bankr. D. Del.); *In re Tribune Co.*, *et al.,* Case No. 08-13141 (KJC) (Bankr. D. Del); and *In re Tronox Inc.*, *et al.,* Case No. 09-10156 (ALG) (Bankr. S.D.N.Y).

5. Compass specializes in the valuation of mass tort damage claims, while FTI Consulting, Inc. ("FTI") provides more general financial advisory services. To my knowledge and as a general matter, FTI does not typically provide the type of specialized tort claims analysis that Compass has provided, and continues to provide, to the Debtors and Cravath. For that reason, FTI frequently brings Compass into bankruptcy cases when expert analysis and testimony on valuation issues are necessary. Some examples of that happening include: *In re Tribune Co., et al.,* Case No. 08-13141 (KJC) (Bankr. D. Del.); *In re Paragon Offshore PLC, et al.,* Case No. 16-10386 (CSS) (Bankr. D. Del.); *In re GenOn Energy, Inc., et al.,* Case No. 17-33695 (DRJ) (Bankr. D. Del.); *In re Physiotherapy Holdings, Inc., et al.,* Case No. 13-12965 (KG) (Bankr. D. Del.); *In re Nine West Holdings, Inc., et al.,* Case No. 18-10947 (SCC) (Bankr. S.D.NY.).

6. Compass is almost always engaged through counsel in chapter 11 cases and not pursuant to a court order. Cases where Compass was retained by counsel (as here) include: *In re Lightsquared Inc., et al.,* Case No. 12-12080 (SCC) (Bankr. S.D.N.Y.); *In re Lehman Brohters Holdings, Inc., et al.,* Case No. 08-1355 (SCC) (Bankr. S.D.N.Y.); *Fjord, et al., v. AMR Corporation, et al., (In re AMR Corporation),* Case No. 11-15463 (SHL), Adv. Pro. 13-01392 (SHL) (Bankr. S.D.N.Y.); *In re MPM Silicones, LLC, et al.,* Case No. 14-22503 (RDD) (Bankr. S.D.N.Y.); *In re Paragon Offshore PLC, et al.,* Case No. 16-10386 (CSS) (Bankr. D. Del.); *In re Tribune Co., et al.,* Case No. 08-13141 (KJC) (Bankr. D. Del.); *In re Aeropostale, Inc. et al.,* Case No. 16-11275 (SHL) (Bankr. S.D.N.Y.); *In re Tronox Inc., et al.,* Case No. 09-10156 (ALG) (Bankr. S.D.N.Y.); *In re GenOn Energy, Inc., et al.,* Case No. 17-33695 (DRJ) (Bankr. S.D. Tex.); *In re Motors Liquidation Co., et al.,* Case No. 09-50026 (MG) (Bankr. S.D.N.Y.); *Motors Liquidation Company Avoidance Action Trust, et al., v. JPMorgan Chase Bank, N.A., et al.,* Case No. 09-00504 (MG) (Bankr. S.D.N.Y.); *In re Nine West Holdings, Inc., et al.,* Case No. 18-10947

(SCC) (Bankr. S.D.NY.); *PAH Litigation Trust v. Water Street Healthcare Partners, L.P., et al., (In re Physiotherapy Holdings, Inc., et al.),* Case No. 13-12965 (KG), Adv. Pro. 15-51238 (KG) (Bankr. D. Del.).

7. Compass performed a number of services for Cravath prior to the January 29, 2019 petition date (the "Petition Date"), and as a result, has developed extensive and valuable institutional knowledge regarding the subject matter of its engagement. Compass began performing services for Cravath in February 2018 in connection with the 2017 North Bay fires (the "North Bay Fires").

8. Beginning in February 2018, Compass began its evaluation and analysis of potential damages and losses arising from the North Bay Fires, including detailed and in-depth analyses of multiple categories of potential losses (such as residential property damage and business interruption), across different fires. In order to perform this analysis, Compass conducted individual evaluations and assessments of the potential damages, and mined through significant amounts of data. Compass also evaluated potential government and public entity claims for losses arising from the North Bay Fires.

9. Beginning in November 2018, Compass commenced performing similar services for Cravath in connection with the 2018 Camp fire (the "Camp Fire"). Similar to its work on the North Bay Fires, Compass evaluated and analyzed potential damages and losses arising from the Camp Fire. In both cases, that work is being used by Cravath to advise its client regarding the Debtors' potential damages exposure.

10. Compass has dedicated significant time, more than a year, to collecting and assessing the reliability of potentially relevant data, as part of its work analyzing the potential losses and potential damages associated with both the North Bay Fires and the Camp Fire.

11. Since the Petition Date, Compass has continued to provide support to Cravath. Cravath has informed Compass that it expects Compass to provide significant additional services as the Chapter 11 Cases progress – as described in the Compass Retention Documents – including, possibly, the provision of expert witness services. Compass is uniquely situated to continue that work because of the significant work it has undertaken to date.

12. Additionally, as demonstrated by **Exhibit 1** annexed hereto, Compass and FTI are routinely engaged in separate and independent (and sometimes potentially adverse) roles in the same cases. Compass's standard letter of engagement, and the letter of engagement between Compass and Cravath executed on March 22, 2018 (the "Engagement Letter"), confirms that: "Compass Lexecon is a separate business unit within FTI Consulting, Inc., is operated as such, and does not recognize conflicts with the other business segments of FTI." *See* Engagement Letter at 3 [Docket No. 1757-1]. The Engagement Letter further provides that "Compass Lexecon will not share any non-public client information with the other divisions within FTI during this engagement or thereafter." *Id.*

13. Moreover, there is no overlap in governance between Compass and FTI. No FTI executives serve in any governance roles with Compass, and no senior professionals of Compass serve in any roles with FTI. Finally, none of the revenue from Compass's engagement by Cravath will be upstreamed to FTI.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: May 17, 2019

/s/ *Adel Turki*
Adel Turki
Senior Managing Director
Compass Lexecon, LLC