WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>      - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br>(Jointly Administered)<br><br>Related Docket Ref: Docket No. 1777<br><br>**DEBTORS' OMNIBUS REPLY IN FURTHER SUPPORT OF THE WILDFIRE ASSISTANCE PROGRAM MOTION**<br><br>Date:  May 22, 2019<br>Time: 9:30am (Pacific Time)<br>Place: United States Bankruptcy Court<br>         Courtroom 17, 16th Floor<br>         San Francisco, CA 94102 |

The Debtors submit this omnibus Reply in further support of their *Motion Pursuant to 11 U.S.C. §§ 105(a) and 363(b) and Fed. R. Bankr. P. 2002 and 6004(h) for an Order (a) Authorizing Debtors to Establish and Fund Program to Assist Wildfire Claimants with Alternative Living Expenses and Other Urgent Needs and (b) Granting Related Relief* [Docket No. 1777] (the "**Assistance Motion**")[1] and in connection with the responses filed to the Assistance Motion.[2]

In a good faith effort to provide some immediate relief from circumstances arising from the 2017 and 2018 Northern California wildfires, the Debtors filed the Assistance Motion. Pursuant to the Assistance Motion, the Debtors are seeking to establish an independently administered fund in the aggregate amount of $105 million — with no commitment to fund additional amounts — to provide some assistance to defray the costs of substitute or temporary housing and other urgent needs of certain individuals who are either uninsured or still in need of assistance. The Debtors concluded that funding and establishing the Wildfire Assistance Program to aid those displaced by the 2017 and 2018 Wildfires represents a sound exercise of their business judgment. There is no representation by the Debtors in the Assistance Motion that the amount to

---

[1] All capitalized terms used in this reply have the meanings assigned to them in the Assistance Motion, unless otherwise noted.

[2] The *Response to Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 363(b) and Fed. R. Bankr. P. 2002 and 6004(h) for an Order (a) Authorizing Debtors to Establish and Fund Program to Assist Wildfire Claimants with Alternative Living Expenses and Other Urgent Needs and (b) Granting Related Relief* [Docket No. 2011], the *Official Committee of Tort Claimants' Limited Joinder, Objection and Counter Motion to Debtors' Wildfire Assistance Program Motion* [Docket No. 2013] (the "**TCC Objection**"), the *International Brotherhood of Electrical Workers, Local Union No. 1245's Statement in Support and Further Response Regarding Motion Pursuant to 11 U.S.C. §§ 105(a) and 363(b) and Fed. R. Bankr. P. 2002 and 6004(h) for an Order (a) Authorizing Debtors to Establish and Fund Program to Assist Wildfire Claimants with Alternative Living Expenses and Other Urgent Needs and (b) Granting Related Relief* [Docket No. 2018], the *Corrected Objection of the Official Committee of Unsecured Creditors to Motion of Debtors Pursuant to 11 U.S.C. § 105(a) and 363(b) and Fed. R. Bankr. P. 2002 and 6004(h) for an Order (a) Authorizing Debtors to Establish and Fund Program to Assist Wildfire Claimants with Alternative Living Expenses and Other Urgent Needs and (b) Granting Related Relief* [Docket No. 2041], the *Joinder of the Ad Hoc Committee of Senior Unsecured Noteholders to Objection of the Official Committee of Unsecured Creditors to Debtors' Wildfire Assistance Motion* [Docket No. 2058], and the *Response of the United States Trustee to the Wildfire Assistance Program Motion (ECF No. 1777) and Reservation of Rights* [Docket. No. 2068] (together, the "**Responses**").

be funded pursuant to the Assistance Motion and outside of a chapter 11 plan will defray all of the costs that may be related to Alternative Living Expenses and other urgent needs of certain of the Wildfire Claimants. As a result, the Debtors stand willing and ready to establish the Wildfire Assistance Fund in the amount of $105 million on the terms set forth in the Assistance Motion.

The Official Committee of Tort Claimants (the "**TCC**"), however, has objected to the Assistance Motion and, in the same pleading, brought a cross motion (the "**Cross-Motion**") seeking an order compelling the Debtors to increase the Wildfire Assistance Fund to $250 million, subject to unlimited replenishment. Notably, the TCC cites no legal authority to support the novel relief it is seeking because there is none.[3] Further, to the extent that the Court would even entertain the relief sought by the TCC in the Cross-Motion, it should be set for hearing on appropriate notice, at a later date, with all parties in interest being afforded the opportunity to submit responsive pleadings.

Lastly, contrary to the objections interposed by the Official Committee of Unsecured Creditors and other parties in interest, the Debtors believe that there is authority to grant the relief requested under the circumstances and that appropriate mechanisms exist to guard against claimants being paid twice in these Chapter 11 Cases. Indeed, claimants must account for any payments they have received on their claims when they file a proof of claim in these cases.

The Debtors are open to the inclusion of an appropriate mechanism in the program that will help prevent the estates from inadvertently making duplicative payments to Wildfire Claimants, to giving both Committees limited consultation rights with the Administrator, or to making other reasonable changes to the parameters of the Wildfire Assistance Program. However, these parameters should not unduly delay the administration of the Wildfire Assistance Program or

---

[3] The TCC's reliance on the customary prayer for relief at the end of virtually every pleading that the moving party seeks "such other and further relief as the Court may deem just and appropriate" (TCC Objection at p. 11) to justify compelling the Debtors to increase the size of the fund, and the TCC's reliance on the Restatement of Torts in an attempt to create administrative expense claims based exclusively on prepetition conduct, plainly epitomize the complete lack of substance of its legal argument that an increase in the fund can be compelled.

result in the incurrence of additional unnecessary expenses. The Debtors determined that an experienced, independent Administrator is best-equipped to implement the program and bring some relief to those affected in a fair but timely manner and are cautious of imposing too much conditionality upon the Wildfire Assistance Program or burdensome oversight on the Administrator. If the program becomes a complex, time-consuming "mini-claims" process, its purpose—to provide urgent relief to certain Wildfire Claimants most in need—will be defeated.

Accordingly, the Debtors request that the Assistance Motion be granted, as proposed, that all objections in the Responses be overruled and that the TCC's Cross-Motion be denied or a hearing thereon be deferred after appropriate notice.

Dated: May 20, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

*/s/ Stephen Karotkin*
Stephen Karotkin

*Attorneys for Debtors and Debtors in Possession*