WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    **- and -**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>             **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**APPLICATION PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY KPMG LLP AS  INFORMATION TECHNOLOGY, RISK, AND LEGAL SUPPORT CONSULTANTS TO THE DEBTORS *NUNC PRO TUNC* TO PETITION DATE**<br>Date:  June 11, 2019<br>Time:  9:30 a.m. (PT)<br>Place:  United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102<br>**Objection Deadline**:  June 4, 2019, 4:00 p.m. (PT) |

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1    PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as

2  debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned

3  chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Application (the "**Application**"),

4  pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**")

5  and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"),

6  for authority to retain and employ KPMG LLP ("**KPMG**") as information technology, risk, and legal

7  support consultants for the Debtors effective as of the Petition Date (as defined below) in accordance

8  with the terms and conditions set forth in the Engagement Agreements (as defined below).

9    In support of this Application, the Debtors submit the Declaration of Geno Armstrong, a principal

10  of KPMG (the "**Armstrong Declaration**"), filed concurrently herewith.  Copies of the Engagement

11  Agreements are annexed as exhibits to the Armstrong Declaration.  A proposed form of order approving

12  the retention and employment of KPMG is annexed hereto as **Exhibit A** (the "**Proposed Order**").

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**").  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II.  BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**").  On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

### III.  KPMG'S QUALIFICATIONS

KPMG is a firm of independent public accountants as defined under the Code of Professional Conduct of the American Institute of Certified Public Accountants. The Debtors have selected KPMG as their advisors because of the firm's diverse experience and extensive knowledge in the fields of accounting, taxation, and operational controls for large sophisticated companies both in chapter 11 as well as outside of chapter 11.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1    The Debtors have employed KPMG for at least six years.  By virtue of its prior engagements, KPMG is familiar with the books, records, financial information and other data maintained by the Debtors and is qualified to continue to provide advisory services to the Debtors.  As such, retaining KPMG is an efficient and cost effective measure in which the Debtors may obtain the requisite services set forth herein.

## IV.    SCOPE OF SERVICES

The Debtors are proposing that KPMG be employed upon the terms and conditions set forth in (i) that certain Master Services Agreement dated as of January 17, 2017, attached to the Armstrong Declaration as **Exhibit 1-A** (together with the change order dated as of November 20, 2018, the "**MSA**"), and six distinct contracts by and between the Debtors and KPMG, attached to the Armstrong Declaration as **Exhibits 1-B** through **1-G** (the "**MSA Contracts**" and, together with the MSA, the "**Master Services Agreement**"), and (ii) that certain engagement letter dated March 13, 2012, among KPMG, the Debtors, Latham & Watkins LLP ("**Latham**") and Clarence Dyer & Cohen LLP ("**Clarence**"), attached to the Armstrong Declaration as **Exhibit 1-H** (the "**Legal Support Services Agreement**" and, together with the Master Services Agreement, the "**Engagement Agreements**").  Pursuant to the Engagement Agreements, KPMG will continue to provide information technology, risk, and legal support consulting to the Debtors including, without limitation, the following services (the "**Services**") each as more particularly described in the applicable designated agreements:

(i)    Design enterprise project management tools (Oracle Primavera Unifier and SAP PPM applications) to establish a common, centralized and automated approach for effectively and efficiently managing capital project work (the "**Enterprise Project Management Tools Implementation Services**", as described in **Exhibit 1-B** to the Armstrong Declaration);

(ii)    Provide Debtors with a staff member to support the Debtors' personnel with respect to their security initiatives: monitor budget; create and oversee schedules; track issues and risks; report to debtors' management as requested (the "**Risk Assessment Services**", as described in **Exhibits 1-C** and **1-D** to the Armstrong Declaration);

(iii)    Assist the Debtors with their migration from Siteminder to Ping (information technology software platforms) (the "**IT Software Services**") as described in **Exhibit 1-E** to the Armstrong Declaration);

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

(iv)    Provide support to the Debtors' internal counsel in connection with Debtors' development of certain aspects of its transmission, distribution and substation inspection programs (the "**Asset Management Services**", as described in **Exhibit 1–F** to the Armstrong Declaration);

(v)     Assist Debtors' team with the development of its Data Security program (the "**Data Security Services**", as described in **Exhibit 1-G** to the Armstrong Declaration); and

(vi)    Provide certain evidentiary support services at the request of Debtors' counsel, Latham and Clarence (the "**Legal Support Services**", as described in **Exhibit 1-H** to the Armstrong Declaration).

In addition to the foregoing, KPMG, at the request of the Debtors, may provide additional services deemed appropriate and necessary to benefit the Debtors' estates.  Should KPMG agree in its discretion to undertake any such matter, KPMG and the Debtors may enter into additional agreements and will seek separate retention orders with regard to any such additional agreements.

## V.    NO DUPLICATION OF SERVICES

The Debtors intend that the services of KPMG will complement, and not duplicate, the services being rendered by other professionals retained in these Chapter 11 Cases.  KPMG understands that the Debtors have retained and may retain additional professionals during the term of the engagement.  Specifically, the Debtors plan to retain PricewaterhouseCoopers LLP for distinct management, tax, internal accounting, and advisory services and Deloitte & Touche LLP as the Debtors' independent auditor of their financial statements.  KPMG will work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtors.

## VI.   KPMG'S DISINTERESTEDNESS

To the best of the Debtors' knowledge, information, and belief, the members, partners, principals and professionals assigned to this case by KPMG do not have any connection with or any interest adverse to the Debtors, their creditors, or any other party in interest, except as may be set forth in the Armstrong Declaration.

Based upon the Armstrong Declaration, the Debtors submit that KPMG is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.  The Debtors have been informed that KPMG will conduct an ongoing

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1    review of its files to ensure that no disqualifying circumstances arise.  If any new relevant facts or

2    relationships are discovered, KPMG will supplement its disclosure to the Court.

3         In the ninety (90) days before the Petition Date, the Debtors paid KPMG $4,836,042.16 for

4    services rendered.  These advance payments have been applied on account of fees and expenses incurred

5    in connection with prepetition services.  KPMG has agreed to waive any unpaid prepetition fees or

6    expenses.  Accordingly, as of the Petition Date, KPMG does not hold a prepetition claim against the

7    Debtors for amounts owed for services rendered.[1]

8    **VII.    PROFESSIONAL COMPENSATION**

9         As set forth in the Armstrong Declaration, KPMG will apply to the Court for allowances and

10   reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the

11   Bankruptcy Rules, the Bankruptcy Local Rules, the *United States Bankruptcy Court Northern District*

12   *of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*,

13   effective February 19, 2014 (the "**Local Guidelines**"), the U.*S. Trustee Guidelines for Reviewing*

14   *Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by*

15   *Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**,"

16   and together with the Local Guidelines, the "**Fee Guidelines**"), the *Order Pursuant to 11 U.S.C. §§ 331*

17   *and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation*

18   *and Reimbursement of Expenses of Professionals* [Docket No. 701], and any further Orders of the Court

19   in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses (the

20   "**Orders**").

21        Subject to the provisions of the Bankruptcy Code, Bankruptcy Rules, the Bankruptcy Local

22   Rules, the Fee Guidelines, and the Orders, the Debtors propose to compensate KPMG as contemplated

23   in the Engagement Agreements on either an hourly or fixed-fee basis as described below.

24

25   [1] KPMG received $115,000 payment on March 23, 2019 for prepetition hazardous substance mechanism
     work, an environmental cleanup program, in accordance with the *Final Order Pursuant to 11 U.S.C. §§*
26   *105(a) 363(b), and 507(a)(7) and Fed. R. Bankr. P. 6003 and 6004 (i) Authorizing Debtors to (a)*
     *Maintain and Administer Customer Programs, Including Public Purpose Programs, and (b) Honor Any*
27   *Prepetition Obligations Relating Thereto; and (ii) Authorizing Financial Institutions to Honor and*
     *Process Related Checks and Transfers* [Docket No. 843] entered on March 12, 2019.

28

A.      Fixed Fee Arrangements:

The Debtors and KPMG have agreed to fixed-fee compensation for the Enterprise Project Management Tools Implementation Services. Payment of the fixed fee is dependent on an iterative process by which stages of the project go through a formal review, including a detailed walkthrough, modifications (if required) and formal acceptance. In addition, the fee estimates are based on the assumption that the Debtors will provide the information and assistance necessary for KPMG to complete each assignment. As of January 29, 2019, KPMG had received the following amounts pursuant to the MSA Contract for Services performed prepetition and will be seeking payment of the remainder of the fixed-fee after KPMG has completed the process of delivery, review and acceptance of the overall project.

| Services | Fixed-Fee Amount | Fees Paid Prepetition | Fees Sought Postpetition |
|---|---|---|---|
| **Enterprise Project Management Tools Implementation Services** | $2,071,852[2] | $716,994 | $1,338,444[3] |

The Debtors and KPMG have agreed to fixed-fee compensation for the Data Security Services. Payment of the fixed fee is dependent on an iterative process by which stages of the project go through a formal review, including a detailed walkthrough, modifications (if required) and formal acceptance. In addition, the fee estimates are based on the assumption that the Debtors will provide the information and assistance necessary for KPMG to complete each assignment.

| Services | Fixed-Fee Amount | Fees Paid Prepetition | Fees Sought Post Petition |
|---|---|---|---|
| **Data Security Services** | $2,705,013.50 | $0 | $2,705,013.50 |

---

[2] KPMG owes a minority-owned subcontractor $375,583 for certain services in connection with this project. Although the subcontractor is not expected to provide any substantial services for the bankruptcy estates, the subcontractor has affirmed to KPMG that it is a disinterested person under the Bankruptcy Code.

[3] KPMG has reduced the fixed fee amount by $14,414 for a deliverable defined in the MSA Contract that was not completed by the project end date, and by a $2,000 credit on the invoices paid prior to the Petition Date. Of the unpaid fixed fee, $661,242 relates to steps of the project for which KPMG received formal acceptance prior to the Petition Date, but which are necessary for the completion of the overall project.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

B.      Hourly Arrangements:

The hourly rates set forth below are KPMG's applicable hourly rates for the work of its professionals and staff members to be provided to the Debtors other than with respect to the fixed fee engagements described above.  These hourly rates reflect KPMG's normal and customary billing practices for engagements of this complexity and magnitude.  KPMG's hourly rates are subject to periodic adjustment and/or increase from time to time in accordance with KPMG's established billing practices and procedures.  The Debtors have agreed to compensate KPMG[4] for professional services rendered at its normal and customary hourly rates, subject to the reductions discussed below. To the extent such hourly rates are increased, KPMG will provide reasonable notice of any changes to its hourly rates to the Debtors and the U.S. Trustee.

The hourly rates for Legal Support services regarding additional technical and advisory services to be rendered by KPMG and applicable herein are as follows:

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY  10153-0119

---

[4] Appendix C of the Legal Support Services Agreement contains additional charges for data hosting (such as per user, document, image/page and gigabyte charges).

| Billing Category | Legal Support Services[5] | Third Party Risk Assessment Loaned Staff[6] | IT Software Services[7] | Asset Management Services[8] |
|---|---|---|---|---|
| Partner / Managing Director | $595 | N/A | N/A | $500/$475 |
| Director | $575 | N/A | N/A | $435 |
| Manager | $475 | N/A | N/A | $400 |
| Senior Associate | $375 | $150 | $225 | $325 |
| Associate | $250 | N/A | N/A | $275 |
| Para Professional | $100 | N/A | N/A | N/A |
| Data Entry Clerk | $75 | N/A | N/A | N/A |

Additionally, KPMG will invoice the Debtors for its reasonable out-of-pocket expenses charged during these Chapter 11 Cases, which include, among other things, telephone and other charges, mail and express mail charges, travel expenses, expenses for "working meals" and computerized research, applicable sales, use or value added tax, as well as non-ordinary costs such as secretarial and other overtime.

The Debtors understand it is not the practice of KPMG's professionals to keep detailed time records in one-tenth-of-an-hour increments (*i.e.*, six minute increments) as customarily kept by attorneys who are compensated subject to approval of the Bankruptcy Court. Instead, the customary practice of KPMG's professionals is to keep reasonably detailed records of services rendered during the course of an engagement in half-hour (0.5) increments. Thus, KPMG requests that this Court allow KPMG's professionals to provide the following in its monthly, interim, and final fee applications: (a) a narrative

[5] The majority of fees to be charged for Legal Support Services regarding additional technical and advisory services reflect a reduction of approximately 30% - 38% from KPMG's normal and customary rates, depending on the types of services to be rendered.

[6] The majority of fees to be charged in the Third Party Risk Assessment Program Loaned Staff engagement reflect a reduction of approximately 78% from KPMG's normal and customary rates, depending on the types of services to be rendered. The services are billed to a cap of $378,000. The Engagement Agreement includes a total estimated amount of fees to be charged for the applicable services. Any such amount is an estimate and may be subject to increase or decrease.

[7] The majority of fees to be charged in the IT Software Services engagement reflect a reduction of approximately 69% - 73% from KPMG's normal and customary rates, depending on the types of services to be rendered. The services are billed to a cap of $228,690.00.

[8] The majority of fees to be charged for Asset Management Services regarding additional technical and advisory services reflect a reduction of approximately 29%-53% from KPMG's normal and customary rates, depending on the types of services to be rendered and the services are billed at a cap of $4,200,000.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

summarizing each project category and the services rendered under each project category; (b) as an exhibit to each monthly, interim, and final fee application that KPMG files in these Chapter 11 Cases, a summary, by project category, of services rendered to the Debtors, which identifies each professional rendering services, the number of hours expended by each professional, and the amount of compensation requested with respect to the services rendered by each professional; and (c) reasonably detailed records of time in half-hour (0.5) increments, describing the services rendered by each professional and the amount of time spent on each date.

The Debtors respectfully submit that KPMG's rates and policies stated in the Armstrong Declaration are reasonable, particularly given the nature of these Chapter 11 Cases.

## VIII.  INDEMNIFICATION

As part of the overall compensation payable to KPMG, the Debtors agreed to certain indemnification obligations as described in the Engagement Agreements. The terms of the Engagement Agreements and the indemnification provisions were fully negotiated at arm's length. During the pendency of the Debtors' Chapter 11 Cases, the Debtors seek the modification of the following terms described in the Engagement Agreements:

    (a)    KPMG shall not be entitled to indemnification, contribution or reimbursement for services other than those described in the Engagement Agreements and the Application, unless such services and indemnification therefor are approved by the Court;

    (b)    The Debtors shall have no obligation to indemnify KPMG, or provide contribution or reimbursement to KPMG, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from KPMG's bad faith, self-dealing, breach of fiduciary duty (if any such duty exists), gross negligence or willful misconduct; or (ii) judicially determined (the determination having become final), based on a breach of KPMG's contractual obligations to the Debtor; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) immediately above, but determined by the Court, after notice and a hearing to be a claim or expense for which KPMG should not receive indemnity, contribution or reimbursement under the terms of KPMG's retention by the Debtors pursuant to the terms of the Engagement Agreements and Application, as modified by the Proposed Order; and

    (c)    If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1    to appeal); and (ii) the entry of an order closing these Chapter 11 Cases, KPMG
2    believes that it is entitled to the payment of any amounts by the Debtors on
3    account of the Debtors' indemnification, contribution and/or reimbursement
4    obligations under the Engagement Agreements (as modified by the Proposed
5    Order) and Application, including without limitation the advancement of defense
6    costs, KPMG must file an application therefor in this Court, and the Debtors may
7    not pay any such amounts to KPMG before the entry of an order by this Court
8    approving the payment. This subparagraph (c) is intended only to specify the
period of time under which the Court shall have jurisdiction over any request for
fees and expenses by KPMG for indemnification, contribution or reimbursement,
and not a provision limiting the duration of the Debtors' obligation to indemnify
KPMG. All parties in interest shall retain the right to object to any demand by
KPMG for indemnification, contribution or reimbursement.

9    The following changes to the Engagement Agreements apply during the pendency of the Debtors'

10    Chapter 11 Cases:

11    (a)    Paragraph 29 of the Master Services Agreement, which provides for limitation
of liability between KPMG and the Debtors, is deleted.

12

13    (b)    Paragraph 6 of the standard terms and conditions in the Legal Support Services
Agreement, which provides for limitation on damages between KPMG and the
14    Debtors, is deleted.

15    **IX.    BASIS FOR RELIEF REQUESTED**

16    The Debtors seek authority to employ and retain KPMG as its information technology, risk and

17    legal support consultants under section 327 of the Bankruptcy Code, which provides that a debtor is

18    authorized to employ professional persons "that do not hold or represent an interest adverse to the estate,

19    and that are disinterested persons, to represent or assist the [debtors] in carrying out the [debtors'] duties

20    under this title." 11 U.S.C. § 327(a). Section 1107(b) of the Bankruptcy Code elaborates upon sections

21    101(14) and 327(a) of the Bankruptcy Code in cases under chapter 11 of the Bankruptcy Code and

22    provides that "a person is not disqualified for employment under section 327 of [the Bankruptcy Code]

23    by a debtor in possession solely because of such person's employment by or representation of the debtor

24    before the commencement of the case." 11 U.S.C. § 1107(b).

25    The Debtors further seek approval of the fixed-fee portion of the engagement pursuant to section

26    328(a) of the Bankruptcy Code, which provides, in relevant part, that the Debtors, "with the court's

27    approval, may employ or authorize the employment of a professional person under section 327 . . . on

28

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1  any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a

2  fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Accordingly, section

3  328 of the Bankruptcy Code permits the compensation of professionals on flexible terms that reflect the

4  nature of their services and market conditions. The Debtors believe that the fixed-fee portion of the

5  engagement provides for reasonable terms and conditions of employment, comparable to other leading

6  audit firms and, thus, should be approved under section 328(a) of the Bankruptcy Code (except that the

7  U.S. Trustee may review such compensation under sections 330 and 331 of the Bankruptcy Code).

8  Accordingly, the Debtors submit that the relief requested in this Application is in the best interests of the

9  Debtors' estates, creditors, and all parties in interest to these Chapter 11 Cases.

10  **X.      NOTICE**

11  Notice of this Application will be provided to (i) the Office of the United States Trustee for

12  Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors

13  Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission;

14  (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California

15  Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy

16  Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of

17  California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii)

18  those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to

19  Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

20  No previous request for the relief sought herein has been made by the Debtors to this or any other

21  Court.

22

23

24

25

26

27

28

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1    WHEREFORE the Debtors respectfully request entry of an order granting (i) the relief requested

2    herein as a sound exercise of the Debtors' business judgment and in the best interests of their estates,

3    creditors, shareholders, and all other parties interests, and (ii) such other and further relief as the Court

4    may deem just and appropriate.

5    Dated: May 21, 2019

6                                                                    **WEIL, GOTSHAL & MANGES LLP**

7                                                                    **KELLER & BENVENUTTI LLP**

8                                                                    By:  /s/ Stephen Karotkin
                                                                            Stephen Karotkin
9
                                                                    *Attorneys for Debtors*
10                                                                   *and Debtors in Possession*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28