Manuel Corrales, Jr. SBN 117647
ATTORNEY AT LAW
17140 Bernardo Center Drive, Suite 358
San Diego, CA 92128
Tel: (858) 521-0634/Fax: (858) 521-0633
Email: mannycorrales@yahoo.com

Attorney for Creditors BARBARA JEAN ZELMER
and ROBERT THOMAS ZELMER

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re<br><br>**PG&E CORPORATION**<br><br>and<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>　　　　Debtors.<br><br>○ Affects PG&E Corporation<br>○ Affects Pacific Gas and Electric Corporation<br>⊗ Affects both Debtors<br><br>**All papers shall be filed in the Lead Case No. 19-30088 DM | Bankruptcy Cases<br>19-30088-DM (Lead Case)<br>19-30089-DM<br><br>Chapter 11<br>(Jointly Administered)<br><br>**BARBARA ZELMER AND ROBERT ZELMER'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ABSTENTION PURSUANT TO 28 U.S.C. § 1334(C)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: June 25, 2019<br>Time: 9:30 a.m. (PT)<br>Ctrm: Hon. Dennis Montali<br>　　　450 Golden Gate Avenue<br>　　　16th Floor, Courtroom 17<br>　　　San Francisco, CA 94102 |

## MOTION

BARBARA ZELMER and ROBERT ZELMER ("the Zelmers") creditors of the above-named debtor, move for an order:

1. Terminating, annulling, modifying, lifting, or conditioning the automatic stay of 11 U.S.C §362(a) to allow PG&E CORPORATION and PACIFIC GAS & ELECTRIC COMPANY (collectively "PG&E") and the Zelmers to complete an appeal of a stipulated judgment the parties entered into in the state court action, Zelmer v. PG&E, BUTTE FIRE CASES, Case No. JCCP 4853, on

BARBARA ZELMER AND ROBERT ZELMER'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ABSTENTION PURSUANT TO 28 U.S.C. § 1334(C)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1

Case: 19-30088    Doc# 2183    Filed: 05/22/19    Entered: 05/22/19 11:32:18    Page 1 of 11

September 4, 2018, in connection with the settlement of the Zelmers' claims against PG&E. If PG&E prevails, it is not obligated to pay the 2nd part of the settlement. If PG&E loses on the appeal, the payment of the 2nd part of the settlement will be paid with insurance proceeds.

2. Abstaining pursuant to 28 U.S.C. § 1334(c)(1);

3. Providing that the 14-day stay prescribed by Federal Bankruptcy Rule 4001(a)(3) shall not apply to the Court's order issued pursuant to this motion; and

4. For such other and further relief as this Court deems just and proper pursuant to this motion.

## I.
## MEMORANDUM OF POINTS AND AUTHORITIES

The principle issues to be decided by this Motion are as follows:

Whether this Court should lift the automatic stay to allow PG&E and the Zelmers to complete the appeal of the stipulated judgment they entered into for settlement purposes, and whether potential payment of the settlement with insurance proceeds warrants lifting the stay.

Whether the Court should abstain and permit the appeal to continue in the State Court of Appeal.

## II.
## STATEMENT OF FACTS

On September 9, 2015, an electrical power line constructed, owned, operated, managed and maintained by PG&E CORPORATION and PACIFIC GAS AND ELECTRIC COMPANY (collectively "PG&E"), came in contact with adjacent native vegetation that had not been properly trimmed and maintained in violation of fire safety practices. As a result, an electrical arc ignited a fire, known as the Butte Fire, that spread and burned over 70,000 acres,

BARBARA ZELMER AND ROBERT ZELMER'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ABSTENTION PURSUANT TO 28 U.S.C. § 1334(C)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

2

Case: 19-30088    Doc# 2183    Filed: 05/22/19    Entered: 05/22/19 11:32:18    Page 2 of 11

destroyed over 570 homes, 368 buildings, killed two people, injured others, and damaged about 44 structures. The fire was not fully contained until October 1, 2015. (Decl. Corrales, para. 2).

The Zelmers are the owners of property located at 8749 Maranatha Lane, San Andreas, California 95246, and were not insured at the time of the fire. Their home and all of its contents were destroyed by the Butte Fire. On December 4, 2017, the Zelmers filed suit in the Sacramento County Superior Court in the Butte Fire Coordinated Proceeding, styled <u>Barbara Jean Zelmer and Robert Thomas Zelmer v. PG&E</u>, Case No. CGC-17-561107, and incorporated the Master Complaint therein (<u>Butte Fire Cases</u>, No. JCCP 4853, Hon. Allen H. Sumner, Dept. 42). The Zelmers sued PG&E for, inter alia, negligence, trespass, and inverse condemnation. (Decl. Corrales, para. 3).

The Zelmers sought damages for rebuilding their home, for personal property loss, tree loss, landscaping, erosion, lost wages, evacuation costs, alternative living expenses, cost of cleaning and repair of the property due to smoke, soot and ash damage, and damage to other structures. They also sought compensation for mental anguish, annoyance, inconvenience, disturbance, and loss of the quiet enjoyment of their property stemming from the damage caused by the fire. (Decl. Corrales, para. 4).

During the course of litigation, Defendants PG&E disclosed that it had liability insurance that covered the Zelmers' claims. Although PG&E claims its carrier has paid out the entirety of its policy, PG&E remains an additional insured under two policies from its contractors who were supposed to maintain proper vegetation control around the electrical line that sparked the fire, with limits in excess of $75 million. The

BARBARA ZELMER AND ROBERT ZELMER'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ABSTENTION PURSUANT TO 28 U.S.C. § 1334(C)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

3

Case: 19-30088    Doc# 2183    Filed: 05/22/19    Entered: 05/22/19 11:32:18    Page 3 of 11

Zelmers only seek recovery of insurance proceeds. (Decl. Corrales, para. 5).

On June 22, 2017, the trial court ruled on cross motions on whether PG&E is or should be liable for damages caused by the fire under the doctrine of inverse condemnation. It concluded that PG&E is liable for inverse condemnation, and found: (1) PG&E may be held liable for inverse condemnation under California law even though it is a privately-owned public entity, and (2) the Butte Fire was caused by a public improvement as deliberately designed and constructed by PG&E. (Decl. Corrales, para. 6).

PG&E reached a settlement with the Zelmers whereby PG&E would pay the Zelmers a sum certain up front, and then another sum, should PG&E succeed in reversing the trial court's ruling on inverse condemnation. To this end, on September 4, 2018, the Zelmers and PG&E entered into a stipulated judgment that allowed PG&E to appeal that ruling. The trial court approved the stipulated judgment on November 29, 2018. If the Bankruptcy Court lift the automatic stay and allow PG&E and the Zelmers to pursue the appeal of the Stipulated Judgment, and should PG&E not prevail on the appeal, the Zelmers would only be looking to the available insurance to satisfy the Stipulated Judgment. (Decl. Corrales, para. 7).

On December 12, 2018, PG&E filed a Notice of Appeal of the Stipulated Judgment. (Decl. Corrales, para. 8).

To the Zelmers knowledge, there are no other parties in the Butte Fire litigation who have entered into a stipulated judgment as the Zelmers and PG&E did. (Decl. Corrales, para. 9).

On January 29, 2019, PG&E filed for Chapter 11 bankruptcy protection. (Decl. Corrales, para. 10).

BARBARA ZELMER AND ROBERT ZELMER'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ABSTENTION PURSUANT TO 28 U.S.C. § 1334(C)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

4

Case: 19-30088    Doc# 2183    Filed: 05/22/19    Entered: 05/22/19 11:32:18    Page 4 of 11

# III.
# ARGUMENT

## A. GOOD CAUSE EXISTS FOR LIFTING THE AUTOMATIC STAY AS TO THE ZELMERS

### 1. The Zelmers seek only payment of a stipulated judgment from liability insurance proceeds.

As stated, the Zelmers and PG&E executed a stipulate judgment as part of a settlement of the Zelmers' claims, which allows PG&E to pursue an appeal in state court of a legal issue on whether it is liable, as a matter of law, under the doctrine of inverse condemnation. PG&E paid the first half of that settlement to the Zelmers, and the second payment is contingent on whether PG&E prevails on appeal with respect to this issue. If it loses, then it must pay the Zelmers under the second part of the settlement. However, the Zelmers seek payment of that eventuality solely from the insurance proceeds covering this claim.

### 2. The insurance proceeds are not property of the estate.

The Zelmers assert that payment of this potential second part of the stipulated judgment from insurance proceeds is not part of the debtors' estate, and therefore this Court should lift the automatic stay to allow the prosecution of the appeal and eventual, potential payment of the stipulated judgment.

"Property of the estate," as defined in 11 U.S.C, §541(a)(1) includes "all legal or equitable interests of the debtor in property as of the commencement of the case." Although the law is clear than an insurance **policy** issued to the debtor will generally constitute "property of the estate" (See Matter of Edgeworth (5th Cir. 1993) 993 F.2d 51, 55), the question of whether the **proceeds** of an insurance policy are property of the estate must be analyzed in light of the facts of

BARBARA ZELMER AND ROBERT ZELMER'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ABSTENTION PURSUANT TO 28 U.S.C. § 1334(C)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

5

Case: 19-30088    Doc# 2183    Filed: 05/22/19    Entered: 05/22/19 11:32:18    Page 5 of 11

each case. In re Scott Wetzel Services, Inc. (1999) 243 B.R. 802, 804. As explained in Edgeworth, supra:

> The overriding question when determining whether insurance proceeds are property of the estate is **whether the debtor would have a right to receive and keep those proceeds** when the insurer paid on the claim. When a payment by an insurer cannot inure to the debtor's pecuniary benefit, then that payment should neither enhance nor decrease the bankruptcy estate. In other words, **when the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate**. (Emphasis added).

993 F.2d at 55-56. The question is not who owns the policies, but who owns the liability proceeds. In re Louisiana World Exposition, Inc. (5th Cir. 1987) 832 F.2d 1391, 1399.

With respect to Chapter 11 bankruptcy cases, the Edgeworth rationale applies. Landry v. Exxon Pipeline Co. (2001) 260 B.R. 769, 800-801 (insurance proceeds for payment of tort claims regarding contamination of Plaintiff's land as a result of leaked contaminants not property of Chapter 11 estate). As explained in Landry, supra:

> The value of the asset side of an insured debtor's estate is not enriched by the existence of coverage or the payment by a liability insurer to a tort victim. The property which the debtor or estate holds, or the interests of the debtor or estate in property, remains the same; it is the underlying claim base for which the estate is liable that is affected. Because of the insurance, the estate property is liable for a smaller amount of claims (calculated by subtracting from the entirety of the claims base the amount of insurance coverage). However, to hold that the debtor has a legal or equitable interest in property used to pay the covered claims because payment of the covered claims by some other party with that party's property may decrease the debtor's overall liability, is utterly backward.

260 B.R. at 787.

PG&E's property interest in this case is created and defined by state law. There is no reason why such interest should be analyzed differently simply because PG&E is involved

BARBARA ZELMER AND ROBERT ZELMER'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ABSTENTION PURSUANT TO 28 U.S.C. § 1334(C)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

6

Case: 19-30088    Doc# 2183    Filed: 05/22/19    Entered: 05/22/19 11:32:18    Page 6 of 11

in a bankruptcy proceeding. Butner v. United States (1979) 440 U.S. 48, 55. Under state law, PG&E has no interest in the funds used by the relevant insurance companies to pay its own obligations which are separate and independent of its obligations to pay the same debt. Landry supra at 801. Accordingly, the proceeds of liability insurance payable to the Zelmers, or any other non-debtor parties, are not property of PG&E's bankruptcy estate under 11 U.S.C. §541, or any other provision of the Code. Landry, supra.

      3.    **The prosecution of the appeal involves state law issues.**

Here, it will be more efficient to allow the Zelmers and PG&E to prosecute the appeal of the stipulated judgment in the state Court of Appeal, rather than in the bankruptcy court. To this end, a desire to permit a state action to proceed in a state tribunal has been recognized as a proper cause to grant relief from the automatic stay. Piombo Corp. v. Castlerock Props. (9th Cir. 1986) 781 F.2d 159, 163.

As stated, the bankruptcy court shall grant relief from the automatic stay on a showing of "cause." 11 U.S.C. §362(d). "Cause" is determined on a case-by-case basis. In re Tucson Estates, Inc. (9th Cir. 1990) 912 F.2d 1162, 1166. In determining whether there is "cause" to grant relief, courts often consider the factors set out in In re Curtis (Bankr.D.Utah 1984) 40 B.R. 795 as follows:

    (1) Whether the relief will result in a partial or complete resolution of the issues;

    (2) **The lack of any connection with or interference with the bankruptcy case;**

    (3) Whether the foreign proceeding involves the debtor as a fiduciary;

BARBARA ZELMER AND ROBERT ZELMER'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ABSTENTION PURSUANT TO 28 U.S.C. § 1334(C)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

7

Case: 19-30088    Doc# 2183    Filed: 05/22/19    Entered: 05/22/19 11:32:18    Page 7 of 11

(4) Whether a **specialized tribunal has been established to hear the particular cause of action** and whether that **tribunal** has the **expertise to hear such cases**;

(5) **Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation**;

(6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

(7) Whether the litigation in another forum would prejudice the interests of other creditors, the creditor's committee and other interested parties;

(8) Whether the judgment claim arising from the foreign action is subject to equitable subordination;

(9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

(10) **The interests of judicial economy and the expeditious and economical determination of litigation for the parties**;

(11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and

(12) The impact of the stay and the "balance of hurt." 40 B.R. at 799-800; See also In re Plumberex Specialty Prod., Inc. (Bankr.C.D.2004) 311 B.R. 551, 559(adopting the Curtis factors and recognizing that courts in other circuits have done the same).

Applying the pertinent Curtis factors to this case, the Court should conclude that good cause exists to lift the stay. A "specialized tribunal," i.e., the California State Court of Appeal, has been established to hear the issue to be resolved relative to the stipulated judgment and the settlement between the Zelmers and PG&E. Moreover, allowing the appeal to proceed

BARBARA ZELMER AND ROBERT ZELMER'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ABSTENTION PURSUANT TO 28 U.S.C. § 1334(C)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

8

Case: 19-30088    Doc# 2183    Filed: 05/22/19    Entered: 05/22/19 11:32:18    Page 8 of 11

would not interfere with the bankruptcy case, since the issue is one of law, i.e., is PG&E liable as a matter of law for inverse condemnation. If PG&E prevails, its exposure to the Zelmers and other creditors would be lessened. On the flip side, should PG&E lose the issue on appeal, then the second part of the settlement would be paid by liability insurance proceeds, which, as shown, are not property of the debtors' estate.

The interest of judicial economy also supports lifting the stay, since the State Court of Appeals, not the Bankruptcy Court, would determine the issue of whether PG&E is liable for inverse condemnation under California State law.

**B. THE BANKRUPTCT COURT SHOULD ABSTAIN FROM DETERMINING THE ISSUES ON APPEAL INVOLVING THE APPLICATION OF INVERSE CONDEMNATION UNDER STATE LAW**

The bankruptcy court has the discretion to leave a personal injury action where it is pending and abstain from exercising jurisdiction. <u>Hopkins v. Plant Insulation Co</u>. (D.Del.2006) 342 B.R. 703, 708; 28 U.S.C. §1334(c)(1). The Zelmers assert that the Court should exercise its discretion and abstain from deciding the appeal of the stipulated judgment entered into between the Zelmers and PG&E.

The factors the Court can consider in determining whether to abstain from exercising jurisdiction are set forth in <u>In re Tucson Estates, Inc</u>. (9th Cir. 1990) 912 F.2d 1162, 1166-1167, as follows:

(1) the effect or lack thereof on the **efficient administration of the estate** if a Court recommends abstention;

(2) the extent to which **state law issues predominate over bankruptcy issues;**

(3) the **difficulty or unsettled nature of the applicable law;**

BARBARA ZELMER AND ROBERT ZELMER'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ABSTENTION PURSUANT TO 28 U.S.C. § 1334(C)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

9

Case: 19-30088   Doc# 2183   Filed: 05/22/19   Entered: 05/22/19 11:32:18   Page 9 of 11

(4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;

(5) the jurisdictional basis, if any, other than 28 U.S.C. §1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than form of an asserted "core" proceeding;

(8) the feasibility of **severing state law claims** from core bankruptcy matters to **allow judgments to be entered in state court with enforcement left to the bankruptcy court**;

(9) the **burden of [the bankruptcy court's] docket**;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial; and

(12) the presence in the proceeding of non-debtor parties. 912 F.2d at 1166-1167 (Emphasis added).

Clearly, abstention would promote the efficient administration of the estate. Allowing the State Court of Appeal to decide the issue of the application of the doctrine of inverse condemnation to PG&E would relieve the bankruptcy court from deciding this complex state law issue. To this end, factor three, the "difficulty or unsettled nature of the applicable law" warrants abstention, since the State Court of Appeal is more equipped in deciding the application of inverse condemnation than the bankruptcy court. All creditors and PG&E benefit from a ruling by the State Court of Appeal on this issue. If it applies, then the creditors have the benefit of the law of the case or a published opinion. If PG&E prevails,

BARBARA ZELMER AND ROBERT ZELMER'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ABSTENTION PURSUANT TO 28 U.S.C. § 1334(C)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

10

Case: 19-30088    Doc# 2183    Filed: 05/22/19    Entered: 05/22/19 11:32:18    Page 10 of 11

then the underling claim base for which the estate is liable is reduced, at least as to inverse condemnation.

Since the bankruptcy court's docket is overburdened with the PG&E wild fire matters, abstention is warranted under the circumstances. In re Tucson Estates, Inc., supra.

## V.

## CONCLUSION

For the foregoing reasons, this Court should lift the stay and allow the prosecution of the appeal of the stipulated judgment in state court, and allow the Zelmers to seek recovery of the liability insurance proceeds covering their claims, should they be the prevailing party on appeal.

DATED: May 3, 2019

*s/ Manuel Corrales, Jr.*
Manuel Corrales, Jr., Esq.
Attorney for Creditors
BARBARA ZELMER and ROBERT ZELMER

BARBARA ZELMER AND ROBERT ZELMER'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ABSTENTION PURSUANT TO 28 U.S.C. § 1334(C)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

11

Case: 19-30088    Doc# 2183    Filed: 05/22/19    Entered: 05/22/19 11:32:18    Page 11 of 11