Manuel Corrales, Jr. SBN 117647
ATTORNEY AT LAW
17140 Bernardo Center Drive, Suite 358
San Diego, CA 92128
Tel: (858) 521-0634/Fax: (858) 521-0633
Email: mannycorrales@yahoo.com

Attorney for Creditors BARBARA JEAN ZELMER
and ROBERT THOMAS ZELMER

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re<br><br>**PG&E CORPORATION**<br><br>and<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>         Debtors. | Bankruptcy Cases<br>19-30088-DM (Lead Case)<br>19-30089-DM<br><br>(Jointly Administered)<br><br>**DECLARATION OF MANUEL CORRALES, JR., IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY AND ABSTENTION** |
| O Affects PG&E Corporation<br>O Affects Pacific Gas and<br>   Electric Corporation<br>⊗ Affects both Debtors<br><br>**All papers shall be filed in the Lead Case No. 19-30088 DM | Date: June 25, 2019<br>Time: 9:30 a.m. (PT)<br>Ctrm: Hon. Dennis Montali<br>    450 Golden Gate Avenue<br>    16th Floor, Courtroom 17<br>    San Francisco, CA 94102 |

I, Manuel Corrales, Jr., declare that if called as a witness in this case I could and would testify as follows:

1.    I am an attorney at law duly licensed to practice law in the State of California, the State of New Mexico, and the State of Utah, and I am the attorney of record for Creditors Barbara Zelmer and Robert Zelmer herein.  I have personal knowledge concerning the facts set forth herein.

2.    On September 9, 2015, an electrical power line constructed, owned, operated, managed and maintained by PG&E

Case: 19-30088    Doc# 2184    Filed: 05/22/19    Entered: 05/22/19 11:38:07    Page 1 of 49

CORPORATION and PACIFIC GAS AND ELECTRIC COMPANY (collectively "PG&E"), came in contact with adjacent native vegetation that had not been properly trimmed and maintained in violation of fire safety practices. As a result, an electrical arc ignited a fire, known as the Butte Fire, that spread and burned over 70,000 acres, destroyed over 570 homes, 368 buildings, killed two people, injured others, and damaged about 44 structures. The fire was not fully contained until October 1, 2015.

3. The Zelmers are the owners of property located at 8749 Maranatha Lane, San Andreas, California 95246, and were not insured at the time of the fire. Their home and all of its contents were destroyed by the Butte Fire. On December 4, 2017, the Zelmers filed suit in the Sacramento County Superior Court in the Butte Fire Coordinated Proceeding, styled <u>Barbara Jean Zelmer and Robert Thomas Zelmer v. PG&E</u>, Case No. CGC-17-561107, and incorporated the Master Complaint therein (<u>Butte Fire Cases</u>, No. JCCP 4853, Hon. Allen H. Sumner, Dept. 42). The Zelmers sued PG&E for, inter alia, negligence, trespass, and inverse condemnation.

4. The Zelmers sought damages for rebuilding their home, for personal property loss, tree loss, landscaping, erosion, lost wages, evacuation costs, alternative living expenses, cost of cleaning and repair of the property due to smoke, soot and ash damage, and damage to other structures. They also sought compensation for mental anguish, annoyance, inconvenience, disturbance, and loss of the quiet enjoyment of their property stemming from the damage caused by the fire.

5. During the course of litigation, Defendants PG&E disclosed that it had liability insurance that covered the Zelmers' claims. Although PG&E claims its carrier has paid out the entirety of its policy, PG&E remains an additional insured under two policies from its contractors who were supposed to

maintain proper vegetation control around the electrical line that sparked the fire, with limits in excess of $75 million. The Zelmers only seek recovery of insurance proceeds.

6.    On June 22, 2017, the trial court ruled on cross motions on whether PG&E is or should be liable for damages caused by the fire under the doctrine of inverse condemnation. It concluded that PG&E is liable for inverse condemnation, and found: (1) PG&E may be held liable for inverse condemnation under California law even though it is a privately-owned public entity, and (2) the Butte Fire was caused by a public improvement as deliberately designed and constructed by PG&E.

7.    PG&E reached a settlement with the Zelmers whereby PG&E would pay the Zelmers a sum certain up front, and then another sum, should PG&E succeed in reversing the trial court's ruling on inverse condemnation.  To this end, on September 4, 2018, the Zelmers and PG&E entered into a stipulated judgment that allowed PG&E to appeal that ruling.  The trial court approved the stipulated judgment on November 29, 2018.  If the Bankruptcy Court lift the automatic stay and allow PG&E and the Zelmers to pursue the appeal of the Stipulated Judgment, and should PG&E not prevail on the appeal, the Zelmers would only be looking to the available insurance to satisfy the Stipulated Judgment.

8.    On December 12, 2018, PG&E filed a Notice of Appeal of the Stipulated Judgment.

9.    To the Zelmers knowledge, there are no other parties in the Butte Fire litigation who have entered into a stipulated judgment as the Zelmers and PG&E did.

10.    On January 29, 2019, PG&E filed for Chapter 11 bankruptcy protection.

Case: 19-30088    Doc# 2184    Filed: 05/22/19    Entered: 05/22/19 11:38:07    Page 3 of
49

11. Attached herewith and marked as Exhibit "1" is a true and correct copy of an Order Granting Motion for Entry of Stipulated Judgment, dated November 29, 2018.

12. Attached herewith and marked as Exhibit "2" is a true and correct copy of a Notice of Filing Notice of Appeal, dated December 13, 2018.

13. Attached herewith and marked as Exhibit "3" is a true and correct copy of a Notice of Filing of Notice of Appeal, dated December 11, 2018.

14. Attached herewith and marked as Exhibit "4" is a true and correct copy of Defendant Pacific Gas and Electric Company's Response to Plaintiffs' Form Interrogatories, Set One, dated May 23, 2016, wherein it discloses the existence of insurance policies covering the Zelmers' claims.

15. Attached herewith and marked as Exhibit "5" is a true and correct copy of Defendant Pacific Gas and Electric Company's Response to Plaintiffs' Requests for Production of Documents and Things, Set One, dated May 23, 2016, wherein it discloses the existence of insurance policies covering the Zelmers' claims.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 3 May 2019 at San Diego, California.

_____
MANUEL CORRALES, JR.


DATED: May 3, 2019

Case: 19-30088   Doc# 2184   Filed: 05/22/19   Entered: 05/22/19 11:38:07   Page 4 of 49

*s/ Manuel Corrales, Jr.*
                                          Manuel Corrales, Jr., Esq.
                                          Attorney for Creditors
                                          BARBARA ZELMER and ROBERT
                                          ZELMER

                                          17140 Bernardo Center Dr.
                                          Suite 358
                                          San Diego, CA 92128
                                          T: (858) 521-0634
                                          E: mannycorrales@yahoo.com

DECLARATION OF MANUEL CORRALES, JR., IN SUPPORT OF MOTION FOR RELIEF FROM      5
AUTOMATIC STAY AND ABSTENTION

# EXHIBIT "1"

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**

Gordon D Schaber Courthouse
720 Ninth STREET
Sacramento, CA 95814-1311

**SHORT TITLE:** Unifund CCR Partners vs. Lor

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: **34-2008-00004853-CL-CL-GDS** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of Stipulated Judgment filed November 29, 2018 was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at Sacramento, California, on 11/30/2018.

Clerk of the Court, by: _/s/ B. Loriga_____ , Deputy

MANUEL CORRALES, JR
17140 BERNARDO CENTER DRIVE # 370
SAN DIEGO, CA 92128 US

KENNETH R CHIATE
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S FIGUEROA STREET # 10TH FLR
LOS ANGELES, CA 90017 US

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 1

Code of Civ Procedure, § CCP1013(a)

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SACRAMENTO

| | |
|---|---|
| *Coordination Proceeding Special Title (CRC 3.550)* | Case No. JCCP 4853 |
| | [~~PROPOSED~~] **ORDER GRANTING MOTION FOR ENTRY OF STIPULATED JUDGMENT** |
| BUTTE FIRE CASES | |

The joint motion of Defendants Pacific Gas and Electric Company and PG&E Corporation (collectively, "PG&E") and Plaintiffs Barbara Jean Zelmer and Robert Thomas Zelmer (collectively, "Zelmers") for an order entering judgment in accordance with the terms of the Stipulated Judgment entered between the Zelmers and PG&E came on for hearing in Department 42 of this Court on ~~October 26~~ November 29, 2018.

Having read the motion and the proposed Stipulated Judgment, and having heard argument by counsel, the Court hereby grants PG&E's Motion for Entry of Stipulated Judgment.

THEREFORE, IT IS ORDERED THAT the joint motion is GRANTED, and that final judgment will be entered pursuant to the Stipulated Judgment between PG&E and the Zelmers.

DATED: ~~October~~ November 29, 2018

_____
Honorable Allen H. Sumner
Judge of the Superior Court

FILED/ENDORSED

NOV 2 9 2018

By B. Loriga, Deputy Clerk

-i-

Christopher Tayback (SBN 145532)
Kenneth R. Chiate (SBN 39554)
Kristen Bird (SBN 192863)
Jeffrey N. Boozell (SBN 199507)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
christtayback@quinnemanuel.com
kenchiate@quinnemanuel.com
kristenbird@quinnemanuel.com
jeffboozell@quinnemanuel.com

**Counsel for Defendants Pacific Gas and
Electric Company and PG&E Corporation**

Manuel Corrales, Jr. (SBN 117647)
ATTORNEY AT LAW
17140 Bernardo Center Drive, Ste. 358
San Diego, CA 92128
Telephone: (858) 521-0634
mannycorrales@yahoo.com

FILED/ENDORSED

NOV 2 9 2018

By B. Loriga, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| *Coordination Proceeding*<br>*Special Title (CRC 3.550)*<br>BUTTE FIRE CASES | Assigned to the Honorable Allen H. Sumner<br>Department No. 42 |
| This Document Relates to: | CASE NO. JCCP 4853 |
| BARBARA ZELMER, ROBERT<br>ZELMER,<br>    Plaintiffs, | **STIPULATED JUDGMENT** |
| vs. | |
| PACIFIC GAS & ELECTRIC COMPANY,<br>et al.,<br>    Defendants. | |

The Parties hereby *stipulate* and consent to final judgment resolving the entire case as follows:

WHEREAS, Plaintiffs Barbara Jean Zelmer and Robert Thomas Zelmer ("the Zelmers") filed complaints against Defendant Pacific Gas & Electric Company ("PG&E") asserting claims for inverse condemnation, negligence, trespass, public nuisance, private nuisance, negligence per se, premises liability, violation of California Public Utilities Code § 2106, and violation of California Health and Safety Code § 13007, and alleging damage to their home in Calaveras County, California and other property damage as a result of the 2015 Butte Fire;

WHEREAS, the Zelmers have requested dismissal *with prejudice* of their causes of action against PG&E for negligence, trespass, public nuisance, private nuisance, negligence per se, premises liability, violation of California Public Utilities Code § 2106, and violation of California Health and Safety Code § 13007, leaving inverse condemnation as their sole cause of action;

WHEREAS, PG&E denies any liability for the damages claimed by the Zelmers;

WHEREAS, PG&E believes this Court's June 22, 2017 and May 1, 2018 orders holding PG&E liable for inverse condemnation damages to be prejudicially erroneous and subject to reversal on appeal, but that the expense of trial, both to the court system and the litigants, is unwarranted given the standard for liability under inverse condemnation that was adopted by this Court, including the Court's rejection of legal arguments made in PG&E's May 5, 2017 motion and January 4, 2018 Renewed Motion;

WHEREAS, the Parties wish to enter into a stipulated judgment that is final but reserves the right of PG&E to appeal from the June 22, 2017 and May 1, 2018 orders holding PG&E liable in inverse condemnation for damages arising out the Butte Fire;

THEREFORE, the Parties agree that the Court should enter a final judgment

resolving all of Plaintiffs' claims and the entire case consisting of the terms set forth below for the purpose of facilitating PG&E's appeal of the Court's June 22, 2017 and May 1, 2018 orders:

1.   Plaintiffs shall take nothing on their claims against Defendant PG&E for negligence, trespass, public nuisance, private nuisance, negligence per se, premises liability, violation of California Public Utilities Code § 2106, and violation of California Health and Safety Code § 130, which have been dismissed;

2.   On Plaintiffs' First Cause of Action for Inverse Condemnation in their Complaint and Fourth Cause of Action for Inverse Condemnation in their Adoption Complaint, judgment shall be entered in favor of Plaintiffs and against Defendant PG&E in the amount of $850,000, inclusive of fees and costs;

3.   This stipulated final judgment resolving all of the claims in this case is without prejudice to the rights of PG&E to appeal this final judgment, including the Court's June 22, 2017 order denying PG&E's Motion for a Legal Determination of Inverse Condemnation Liability and its May 1, 2018 order denying PG&E's Renewed Motion for a Legal Determination of Inverse Condemnation Liability;

4.   Plaintiffs hereby waive, pursuant to Code of Civil Procedure § 995.230, any requirement that Defendant post an undertaking, bond or security deposit to stay, and they agree not to enforce the Judgment pending appeal from this Judgment.

/ / /

/ / /

/ / /

/ / /

/ / /

Case: 19-30088    Doc# 2184    Filed: 05/22/19    Entered: 05/22/19 11:38:07    Page 11 of 49

IT IS SO STIPULATED

DATED: _____October 1__, 2018          QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP


                                         By _____
                                            Kenneth R. Chiate
                                            Jeffrey N. Boozell
                                            Kristen Bird
                                            Attorney for Defendants
                                            Pacific Gas and Electric Company
                                            and PG&E Corporation


DATED: ___9/30_____, 2018               GILLEON LAW FIRM, APC


                                         By _____
                                            Manuel Corrales
                                            Attorney for the Zelmers


IT IS SO ORDERED.

Dated this __29__ day of _November_, 2018.


                                         By _____
                                            HON. ALLEN H. SUMNER
                                            Judge of the Superior Court


03765-00001/10433300.1                   4

# EXHIBIT "2"



# SUPERIOR COURT OF CALIFORNIA
## County of Sacramento
### 720 Ninth Street, Appeals Unit Room 102
### Sacramento, CA 95814-1380
### (916) 874-3701—Website www.saccourt.ca.gov

| | |
|---|---|
| **BARBARA ZELMER, ROBERT ZELMER**<br>**Plaintiff/Respondent**<br><br>**VS.**<br><br>**PACIFIC GAS & ELECTRIC COMPANY et al**<br>**Defendant/Appellant** | SUPERIOR COURT<br>NUMBER: **JCCP 4853**<br><br>**NOTICE OF FILING**<br>**NOTICE OF APPEAL** |

Please be advised that on December 12, 2018 a NOTICE OF APPEAL was filed in the above entitled cause.

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

DATED: : December 12, 2018

_____
Kevin M.
By: Deputy Clerk

SUPERIOR COURT OF CALIFORNIA)     DECLARATION OF MAILING
COUNTY OF SACRAMENTO    )

As Deputy Clerk of the Superior Court of California, County of Sacramento, I hereby declare under penalty of perjury, that I have this day mailed, by first class mail, postage fully prepaid, a true and correct copy of the above notice to each of the persons hereinafter set forth, addressed as follows:

MANUEL CORRALES #117647
17140 BERNARDO CENTER DR., STE 358
SAN DIEGO, CA 92128
858-521-0634

Representing: Plaintiff/Respondent

CHRISTOPHER TAYBACK #192863
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 S. FIGUEROA STREET, 10TH FL
LOS ANGELES, CA 90017
213-443-3000

Representing: Defendant/Appellant

COURT OF APPEAL
THIRD APPELLATE DISTRICT
914 CAPITOL MALL 4TH FLOOR
SACRAMENTO, CA 95814

Executed at Sacramento, California, on December 13, 2018

_____
Kevin M.
DEPUTY CLERK

# EXHIBIT "3"

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Christopher Tayback (Bar No. 145532)
  *christayback@quinnemanuel.com*
  Kristen Bird (Bar No. 192863)
  *kristenbird@quinnemanuel.com*
  Jeffrey N. Boozell (Bar No. 199507)
  *jeffboozell@quinnemanuel.com*
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Defendants
PACIFIC GAS AND ELECTRIC COMPANY and
PG&E CORPORATION

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SACRAMENTO

| | |
|---|---|
| *Coordination Proceeding*<br>*Special Title (CRC 3.550)*<br><br>BUTTE FIRE CASES | Case No. JCCP 4853<br><br>**NOTICE OF FILING OF NOTICE OF APPEAL**<br><br>Hon. Allen H. Sumner<br>Dept.:    42 |

PLEASE TAKE NOTICE that Defendants and Appellants Pacific Gas and Electric

Company and PG&E Corporation have filed the attached Notice of Appeal in Zelmer v. PG&E,

San Francisco County Superior Court, Case No. CGC-17-561107. For the reasons set forth in the

Court's November 29, 2018 order, this notice is provided for information purposes only.

DATED: December 11, 2018

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By_____
Christopher Tayback
Kristen Bird
Jeffrey N. Boozell

ATTORNEYS FOR DEFENDANTS
PACIFIC GAS AND ELECTRIC COMPANY
AND PG&E CORPORATION

Case No. JCCP 4853
PG&E's Notice of Filing of Notice of Appeal

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Christopher Tayback (Bar No. 145532)
  *christayback@quinnemanuel.com*
  Kristen Bird (Bar No. 192863)
  *kristenbird@quinnemanuel.com*
  Jeffrey N. Boozell (Bar No. 199507)
  *jeffboozell@quinnemanuel.com*
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Defendants
PACIFIC GAS AND ELECTRIC COMPANY and
PG&E CORPORATION

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SACRAMENTO

| | |
|---|---|
| *Coordination Proceeding*<br>*Special Title (CRC 3.550)*<br><br>BUTTE FIRE CASES<br><br>This Document Relates to:<br><br>BARBARA ZELMER, ROBERT ZELMER,<br><br>    Plaintiffs,<br><br>vs.<br><br>PACIFIC GAS & ELECTRIC COMPANY, et al.,<br><br>    Defendants. | Case No. JCCP 4853<br><br>San Francisco County Superior Court<br>Case No. CGC-17-561107 (*Joses*)<br><br>**NOTICE OF APPEAL**<br><br>Hon. Allen H. Sumner<br>Dept.: 42<br><br>Action Filed: September 1, 2017 |

PLEASE TAKE NOTICE that Defendants and Appellants Pacific Gas and Electric

Company and PG&E Corporation hereby appeal from the stipulated judgment entered on

November 29, 2018 and each and every part of that judgment.

DATED:  December 11, 2018

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By_____

Christopher Tayback
Kristen Bird
Jeffrey N. Boozell

ATTORNEYS FOR DEFENDANTS
PACIFIC GAS AND ELECTRIC COMPANY
AND PG&E CORPORATION

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On December 11, 2018, I served a true copy of the following document(s) described as

**NOTICE OF APPEAL**

on the interested parties in this action pursuant to the most recent Service List.

**BY HAND DELIVERY:**  In addition, I caused the above-described documents to be hand delivered via messenger at the addresses noted below:

Manuel Corrales, Jr.
17140 Bernardo Center Drive, Ste. 358
San Diego, CA 92128

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 11, 2018, at Los Angeles, California.

_____
Omar Galicia

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On December 11, 2018, I served a true copy of the following document(s) described as

**NOTICE OF FILING OF NOTICE OF APPEAL**

on the interested parties in this action pursuant to the most recent Service List.

**BY ELECTRONIC FILING SERVICE:** Pursuant to C.C.P. §1010.6, Cal. R. Ct. Rule 2.260, and the parties' agreement to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person(s) at the e-mail address listed by submitting a PDF format copy of such document via file transfer protocol (FTP) to CaseHomePage through the upload feature at www.casehomepage.com on December 11, 2018. The document(s) was transmitted by file transfer protocol (FTP) without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 11, 2018, at Los Angeles, California.

_____
Omar Galicia

# EXHIBIT "4"

QUINN EMANUEL URQUHART & SULLIVAN, LLP
KENNETH R. CHIATE (SBN 39554)
*kenchiate@quinnemanuel.com*
JEFFREY N. BOOZELL (SBN 199507)
*jeffboozell@quinnemanuel.com*
SARAH J. COLE (SBN 222719)
*sarahcole@quinnemanuel.com*
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

GOUGH & HANCOCK LLP
GAYLE L. GOUGH (SBN 154398)
*gayle.gough@ghcounsel.com*
649 Mission Street, Suite 460
San Francisco, CA 94105
Telephone: (415) 848-8900
Facsimile: (415) 974-6745

Attorneys for Defendants
PACIFIC GAS AND ELECTRIC COMPANY
and PG&E CORPORATION

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SACRAMENTO

| *Coordination Proceeding Special Title (CRC 3.550)* | JCCP 4853 |
|---|---|
| BUTTE FIRE CASES | DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S RESPONSE TO PLAINTIFFS' FORM INTERROGATORIES, SET ONE |

PROPOUNDING PARTY: All Plaintiffs

RESPONDING PARTY: Defendant Pacific Gas and Electric Company

SET NO.: One

Defendant Pacific Gas and Electric Company ("PG&E"), pursuant to Code of Civil Procedure sections 2030.010 through 2030.410, responds to Plaintiffs' First Set of Form Interrogatories as follows:

1 | FORM INTERROGATORY NO. 1.1:

2 |      State the name, ADDRESS, telephone number and relationship to you of each PERSON

3 | who prepared or assisted in the preparation of the responses to these interrogatories. (*Do not*

4 | *identify anyone who simply typed or reproduced the responses.*)

5 | RESPONSE TO FORM INTERROGATORY NO. 1.1:

6 |      PG&E's attorneys of record prepared and/or assisted in the preparation of these responses.

7 | FORM INTERROGATORY NO. 3.1:

8 |      Are you a corporation? If so, state:

9 |      (a) The name stated in the current articles of incorporation;

10 |      (b) All other names used by the corporation during the past 10 years and the dates each

11 |         was used;

12 |      (c) The date and place of incorporation;

13 |      (d) The ADDRESS of the principal place of business; and

14 |      (e) Whether you are qualified to do business in California.

15 | RESPONSE TO FORM INTERROGATORY NO. 3.1:

16 | Yes.

17 | (a)     Pacific Gas and Electric Company;

18 | (b)     None;

19 | (c)     October 10, 1905, San Francisco, California;

20 | (d)     77 Beale Street, San Francisco, California 94105;

21 | (e)     Yes

22 | FORM INTERROGATORY NO. 4.1:

23 |      At the time of the INCIDENT, was there in effect any policy of insurance through which

24 | you were or might be insured in any manner (for example, primary, pro-rata, or excess liability

25 | coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of

26 | the INCIDENT? If so, for each policy state:

27 |      (a) The kind of coverage;

28 |

DEFENDANT PG&E'S RESPONSE TO PLAINTIFFS' FORM INTERROGATORIES, SET ONE

1      (b) The name and ADDRESS of the insurance company;

2      (c) The name, ADDRESS, and telephone number of each named insured;

3      (d) The policy number;

4      (e) The limits of coverage for each type of coverage contained in the policy;

5      (f) Whether any reservation of rights or controversy or coverage dispute exists between

6         you and the insurance company; and

7      (g) The name, ADDRESS, and telephone number of the custodian of the policy.

8 RESPONSE TO FORM INTERROGATORY NO. 4.1:

9      PG&E has insurance coverage for third party claims.  PG&E's insurers for 2015-2016 are

10 identified in the chart produced in response to request for production no. 20.  PG&E and its

11 insurers are custodians of these policies.  In addition, PG&E has coverage through policies

12 obtained by Trees, Inc. and ACRT, including policies that include PG&E as an additional insured.

13 FORM INTERROGATORY NO. 4.2:

14      Are you self-insured under any statute for the damages, claims or actions that have arisen

15 out of the INCIDENT? If so, specify the statute.

16 RESPONSE TO FORM INTERROGATORY NO. 4.2:

17      Not applicable.  PG&E is insured as stated in response to Interrogatory No. 4.1.

18 FORM INTERROGATORY NO. 12.1:

19      State the name, ADDRESS, and telephone number of each individual:

20      (a) Who witnessed the INCIDENT or the events occurring immediately before or after the

21         INCIDENT;

22      (b) Who made any statement at the scene of the INCIDENT;

23      (c) Who heard any statements made about the INCIDENT by any individual at the scene;

24         and

25      (d) Who YOU OR ANYONE ACTING ON YOUR BEHALF claim has knowledge of the

26         INCIDENT (except for expert witnesses covered by Code of Civil Procedure section

27         2034).

28

1 RESPONSE TO FORM INTERROGATORY NO. 12.1:

2    (a) – (c) PG&E understands that INCIDENT in this request means the start of the Butte
3 Fire on September 9, 2015, on the Caufield Ranch, in Amador County. PG&E objects to the
4 extent the request is vague and ambiguous. Pursuant to Code of Civil Procedure section 2030.230,
5 PG&E refers Plaintiffs to the Cal Fire Investigation Report, including the witness statements of
6 Jamie Affonso, Jack and Diane Caufield, Louie Podesta Jr., and Louie Podesta Sr., and the aerial
7 photographs taken by Michael Lombart, a subcontracted pilot of PJ Helicopters.

8    (d) Cal Fire contacted PG&E representatives on September 11, 2015 to go to the area of
9 origin. PG&E employees Robert Cupp, Jason Regan, Mark Rasmussen, Barry Anderson, Richard
10 Yarnell, Micah Brosnan, Niel Fischer, Eric Back, Becky Johnson, and Kamran Rasheed went to
11 the area of origin on September 11 and 12, 2015. These individuals can be contacted through
12 counsel for PG&E. Thereafter, the area of origin was visited on numerous occasions by the
13 parties. PG&E objects to this interrogatory to the extent that it is overbroad, vague, and seeks the
14 work product of PG&E's attorneys or expert witnesses covered by Code of Civil Procedure
15 sections 2034.210-2034.310.

16 FORM INTERROGATORY NO. 12.2:

17    Have YOU OR ANYONE ACTING ON YOUR BEHALF interviewed any individual
18 concerning the INCIDENT? If so, for each individual state:

19    (a) The name, ADDRESS, and telephone number of the individual interviewed;

20    (b) The date of the interview; and

21    (c) The name, ADDRESS, and telephone number of the PERSON who conducted the
22        interview.

23 RESPONSE TO FORM INTERROGATORY NO. 12.2:

24    PG&E understands that INCIDENT in this request means the start of the Butte Fire on
25 September 9, 2015, on the Caufield Ranch, in Amador County. PG&E objects to the extent the
26 request is vague and ambiguous. PG&E cooperated with Cal Fire's investigation of the incident.
27 PG&E objects to this interrogatory to the extent that it seeks attorney work product or attorney-
28

1 client privileged communications. Subject to and without waiving these objections, PG&E

2 responds as follows: Jason Burke, who may be contacted through PG&E's counsel; Susan

3 Vinciguerra; Walt Ballard; and Michael Lombart.

4 FORM INTERROGATORY NO. 12.3:

5 Have YOU OR ANYONE ACTING ON YOUR BEHALF obtained a written or recorded

6 statement from any individual concerning the INCIDENT? If so, for each statement state:

7 (a) The name, ADDRESS, and telephone number of the individual from whom the

8 statement was obtained;

9 (b) The name, ADDRESS, and telephone number of the individual who obtained the

10 statement;

11 (c) The date the statement was obtained; and

12 (d) The name, ADDRESS, and telephone number of each PERSON who has the original

13 statement or a copy.

14 RESPONSE TO FORM INTERROGATORY NO. 12.3:

15 PG&E understands that INCIDENT in this request means the start of the Butte Fire on

16 September 9, 2015, on the Caufield Ranch, in Amador County. PG&E objects to the extent the

17 request is vague and ambiguous and seeks attorney work product or attorney-client privileged

18 communications. Subject to and without waiving these objection and pursuant to Code of Civil

19 Procedure section 2030.230, PG&E refers Plaintiffs to the Cal Fire Investigation Report, including

20 the witness statements of Jamie Affonso, Jack and Diane Caufield, Louie Podesta Jr., and Louie

21 Podesta Sr. PG&E has not otherwise obtained written or recorded witness statements.

22 FORM INTERROGATORY NO. 12.4:

23 Do YOU OR ANYONE ACTING ON YOUR BEHALF know of any photographs, films,

24 or videotapes depicting any places, object, or individual concerning the INCIDENT or plaintiff's

25 injuries? If so, state:

26 (a) The number of photographs or feet of film or videotape;

27 (b) The places, objects, or persons photographed, filmed, or videotaped;

28

DEFENDANT PG&E'S RESPONSE TO PLAINTIFFS' FORM INTERROGATORIES, SET ONE

1       (c) The date the photographs, films, or videotapes were taken;

2       (d) The name, ADDRESS, and telephone number of the individual taking the photographs,

3           films, or videotapes; and

4       (e) The name, ADDRESS, and telephone number of each PERSON who has the original

5           or a copy of the photographs, films, or videotapes.

6 RESPONSE TO FORM INTERROGATORY NO. 12.4:

7       PG&E understands that INCIDENT in this request means the start of the Butte Fire on

8 September 9, 2015, on the Caufield Ranch, in Amador County. PG&E objects to the extent the

9 request is vague and ambiguous. Pursuant to Code of Civil Procedure section 2030.230, PG&E

10 refers Plaintiffs to the Cal Fire Investigation Report, including aerial photographs taken by

11 Michael Lombart and the photographs provided by PG&E to Cal Fire (published at

12 www.fire.ca.gov/fire_protection/fire_protection_firereports); and the photographs produced to the

13 California Public Utilities Commission, which are produced in response to Plaintiffs' request for

14 production of documents. PG&E objects to this request to the extent that it seeks the work

15 product of PG&E's attorneys or expert witnesses covered by Code of Civil Procedure sections

16 2034.210-2034.310. PG&E further objects to the extent the request is overbroad and burdensome.

17 Subject to and without waiving this objection, PG&E responds that it is also aware that

18 photographs were taken by the parties at inspections in the area of origin and evidence inspections

19 allowed by Cal Fire that were attended by the parties.

20 FORM INTERROGATORY NO. 12.5:

21       Do YOU OR ANYONE ACTING ON YOUR BEHALF know of any diagram,

22 reproduction, or model or any place or thing (except for items developed by expert witnesses

23 covered by Code of Civil Procedure sections 2034.210-2034.310) concerning the INCIDENT? If

24 so, for each item state:

25       (a) The type (i.e., diagram, reproduction, or model);

26       (b) The subject matter; and

27       (c) The name, ADDRESS, and telephone number of each PERSON who has it.

28

DEFENDANT PG&E'S RESPONSE TO PLAINTIFFS' FORM INTERROGATORIES, SET ONE

RESPONSE TO FORM INTERROGATORY NO. 12.5:

        PG&E understands that INCIDENT in this request means the start of the Butte Fire on September 9, 2015, on the Caufield Ranch, in Amador County. PG&E objects to the extent the request is vague and ambiguous. Pursuant to Code of Civil Procedure section 2030.230, PG&E refers Plaintiffs to the Cal Fire Investigation Report and a drawing by Mark Rasmussen identifying the location where a section of the conductor was removed at the request of Cal Fire. The drawing is produced in response to Plaintiffs' request for production of documents. PG&E objects to this request to the extent that it seeks the work product of PG&E's attorneys or expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310. PG&E further objects to the extent it is overbroad and burdensome.

FORM INTERROGATORY NO. 12.6:

        Was a report made by any PERSON concerning the INCIDENT? If so, state:

    (a) The name, title, identification number, and employer of the PERSON who made the report;

    (b) The date and type of report made;

    (c) The name, ADDRESS, and telephone number of the PERSON for whom the report was made; and

    (d) The name, ADDRESS, and telephone number of each PERSON who has the original or a copy of the report.

RESPONSE TO FORM INTERROGATORY NO. 12.6:

        PG&E understands that INCIDENT in this request means the start of the Butte Fire on September 9, 2015, on the Caufield Ranch, in Amador County. PG&E objects to the extent the request is vague and ambiguous. Pursuant to Code of Civil Procedure section 2030.230, PG&E refers Plaintiffs to the Cal Fire Investigation Report, PG&E's Electric Safety Incident Report to the California Public Utilities Commission, and the 2015 Fire Patrol Recap for 9/7 to 9/13. These last two reports will be produced in response to Plaintiffs' request for production of documents. PG&E objects to this request to the extent that it seeks the work product of PG&E's attorneys or

DEFENDANT PG&E'S RESPONSE TO PLAINTIFFS' FORM INTERROGATORIES, SET ONE

expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310. PG&E further objects to the extent it is vague, ambiguous, and overbroad.

FORM INTERROGATORY NO. 12.7:

Have YOU OR ANYONE ACTING ON YOUR BEHALF inspected the scene of the INCIDENT? If so, for each inspection state:

(a) The name, ADDRESS, and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310); and

(b) The date of the inspection.

RESPONSE TO FORM INTERROGATORY NO. 12.7:

PG&E understands that INCIDENT in this request means the start of the Butte Fire on September 9, 2015, on the Caufield Ranch, in Amador County. PG&E objects to the extent the request is vague and ambiguous. Pursuant to Code of Civil Procedure section 2030.230, PG&E refers Plaintiffs to the Cal Fire Investigation Report. Cal Fire contacted PG&E representatives on September 11, 2015 to go to the area of origin. PG&E employees Robert Cupp, Jason Regan, Mark Rasmussen, Barry Anderson, Richard Yarnell, Micah Brosnan, Niel Fischer, Eric Back, Becky Johnson, and Kamran Rasheed went to the area of origin on September 11 and 12, 2015. These individuals can be contacted through counsel for PG&E. Thereafter, the area of origin was visited on numerous occasions by the parties. PG&E objects to this interrogatory to the extent that it seeks the work product of PG&E's attorneys or expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310. PG&E further objects to the extent it is vague, ambiguous, and overbroad.

FORM INTERROGATORY NO. 17.1:

Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a) State the number of the request;

(b) State all facts upon which you base your response;

1     (c) State the names, ADDRESSES, and telephone numbers of all PERSONS who have

2         knowledge of those facts; and

3     (d) Identify all DOCUMENTS and other tangible things that support your response and

4         state the name, ADDRESS, and telephone number of the PERSON who has each

5         DOCUMENT or thing.

6 RESPONSE TO FORM INTERROGATORY NO. 17.1:

7     PG&E incorporates herein by reference each and every response and objection stated in the

8 responses to requests for admissions, set one.  As to requests 20 through 23, PG&E responds as

9 follows:

10     Request no. 20

11     PG&E objects to this request as vague and ambiguous. PG&E objects to the extent this

12 request seeks the work product of attorneys or expert witnesses covered by Code of Civil

13 Procedure sections 2034.210-2034.310.  Subject to and without waiving the objection, PG&E

14 states that it does not have sufficient information to respond to this request.  Cal Fire's recent

15 report related to the Butte Fire referred to additional evidence that has not yet been produced.

16 Discovery and investigation are continuing at this time.

17     Request no. 21

18     PG&E objects to this request as vague and ambiguous. PG&E objects to the extent this

19 request seeks the work product of attorneys or expert witnesses covered by Code of Civil

20 Procedure sections 2034.210-2034.310.  Subject to and without waiving the objection, PG&E

21 states that it does not have sufficient information to respond to this request.  Cal Fire's recent

22 report related to the Butte Fire referred to additional evidence that has not yet been produced.

23 Discovery and investigation are continuing at this time.

24     Request no. 22

25     PG&E objects to this request as vague and ambiguous. PG&E objects to the extent this

26 request seeks the work product of attorneys or expert witnesses covered by Code of Civil

27 Procedure sections 2034.210-2034.310.  Subject to and without waiving the objection, PG&E

28

DEFENDANT PG&E'S RESPONSE TO PLAINTIFFS' FORM INTERROGATORIES, SET ONE

1 | states that it does not have sufficient information to respond to this request. Cal Fire's recent
2 | report related to the Butte Fire referred to additional evidence that has not yet been produced.
3 | Discovery and investigation are continuing at this time.

4 |     <u>Request no. 23</u>

5 |     PG&E objects to this request as vague and ambiguous. PG&E objects to the extent this
6 | request seeks the work product of attorneys or expert witnesses covered by Code of Civil
7 | Procedure sections 2034.210-2034.310. Subject to and without waiving the objection, PG&E
8 | states that it does not have sufficient information to respond to this request. Cal Fire's recent
9 | report related to the Butte Fire referred to additional evidence that has not yet been produced.
10 | Discovery and investigation are continuing at this time.

11 | DATED: May 23, 2016

By: _____

Kenneth R. Chiate
Jeffrey N. Boozell
Sarah J. Cole
QUINN EMANUEL URQUHART & SULLIVAN, LLP

Gayle L. Gough
GOUGH & HANCOCK LLP

Attorneys for Defendants
PACIFIC GAS AND ELECTRIC COMPANY
and PG&E CORPORATION

DEFENDANT PG&E'S RESPONSE TO PLAINTIFFS' FORM INTERROGATORIES, SET ONE

1    RE:    **Butte Fire Cases**
            **JCCP 4853**
2

3

4                                    **VERIFICATION**

5           I, the undersigned, say:

6           I am an officer, to wit, Assistant Corporate Secretary of PACIFIC GAS AND ELECTRIC

7    COMPANY, a corporation, and am authorized, pursuant to Code of Civil Procedure Section

8    446(a), to make this verification for and on behalf of said corporation, and I make this

9    verification for that reason; I have read the foregoing document, **DEFENDANT PACIFIC GAS**

10   **AND ELECTRIC COMPANY'S RESPONSE TO PLAINTIFFS' FORM**

11   **INTERROGATORIES, SET ONE,** and I am informed and believe the matters therein are true

12   and on that ground I allege that the matters stated therein are true.

13          I declare under penalty of perjury that the foregoing is true and correct.

14          Executed on May 23, 2016, at San Francisco, California.

15

16
                                        _Eileen Chan_
17                                      Eileen Chan

18

19

20

21

22

23

24

25

26

27

28

VERIFICATION

# EXHIBIT "5"

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   KENNETH R. CHIATE (SBN 39554)
2  *kenchiate@quinnemanuel.com*
   JEFFREY N. BOOZELL (SBN 199507)
3  *jeffboozell@quinnemanuel.com*
   SARAH J. COLE (SBN 222719)
4  *sarahcole@quinnemanuel.com*
   865 South Figueroa Street, 10th Floor
5  Los Angeles, CA 90017
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  GOUGH & HANCOCK LLP
   GAYLE L. GOUGH (SBN 154398)
8  *gayle.gough@ghcounsel.com*
   649 Mission Street, Suite 460
9  San Francisco, CA 94105
   Telephone: (415) 848-8900
10 Facsimile: (415) 974-6745

11 Attorneys for Defendants
   PACIFIC GAS AND ELECTRIC COMPANY
12 and PG&E CORPORATION

13

14            SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                      COUNTY OF SACRAMENTO

16

17 *Coordination Proceeding*          | JCCP 4853
   *Special Title (CRC 3.550)*        |
18                                     | DEFENDANT PACIFIC GAS AND
                                        | ELECTRIC COMPANY'S RESPONSE TO
19 BUTTE FIRE CASES                    | PLAINTIFFS' REQUESTS FOR
                                        | PRODUCTION OF DOCUMENTS AND
20                                     | THINGS, SET ONE

21

22     PROPOUNDING PARTY: All Plaintiffs

23     RESPONDING PARTY: Defendant Pacific Gas and Electric Company

24     SET NO.: One

25

26     Pursuant to Code of Civil Procedure sections 2031.010-2031.510, Defendant Pacific Gas

27 and Electric Company ("PG&E") hereby responds to plaintiffs' Request for Production of

28
                                         -1-
     DEFENDANT PG&E'S RESPONSE TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF
                       DOCUMENTS AND THINGS, SET ONE

1 | Documents, Set One, as follows:

2 | REQUEST NO. 1:

3 |      Any and all DOCUMENTS THAT RELATE TO the statements made on Page 36 of the

4 | Quarterly Report Pursuant to Section 15 or 15(d) of the Securities Exchange Act of 1934 filed by

5 | PG&E on or about September 30, 2015, which statements are as follows:

6 |      *"Investigation of the Butte Fire*

7 |         In September 2015, a wildfire (known as the "Butte Fire") ignited and spread in

8 | Amador and Calaveras Counties in Northern California. The California Department of

9 | Forestry and Fire Protection ("Cal Fire") is investigating the source of the fire including

10 | whether a live tree may have contacted a power line owned and operated by the Utility, in

11 | the vicinity of the ignition point. The Utility also is conducting an investigation. Cal Fire

12 | has reported that as a result of the fire there were two deaths and 965 structures, including

13 | 571 houses, were damaged or destroyed.

14 |      Although the cause of the fire has not yet been determined, PG&E Corporation and

15 | the Utility believe that it is reasonably possible that the Utility will incur a material amount

16 | of losses associated with third-party claims for property damage, fire suppression costs,

17 | personal injury, or other claims. PG&E Corporation and the Utility are unable to

18 | reasonably estimate the amount of possible losses (or range amounts) given the

19 | preliminary stages of the investigation into the cause of the fire and uncertainty about the

20 | extent and value of real and personal property damaged by the fire which spread over

21 | 70,000 acres much of which is remote and rugged terrain. The Utility has insurance

22 | coverage for these types of claims. If the amount of insurance is insufficient to cover the

23 | Utility's liability resulting from the Butte fire, or if insurance is otherwise available, PG&E

24 | Corporation's and the Utility's financial condition or results or operations could be

25 | materially affected."

26 | RESPONSE TO REQUEST NO. 1:

27 |      PG&E responds that the Cal Fire information and evidence available to PG&E has been

28 |

DEFENDANT PG&E'S RESPONSE TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF
DOCUMENTS AND THINGS, SET ONE

1  made equally available to Plaintiffs.  Subject to and without waiving objections based on attorney-
2  client privilege, the work product doctrine, and Code of Civil Procedure sections 2034.010 et seq.
3  regarding expert witnesses, PG&E will produce the information referred to in form interrogatory
4  responses regarding available insurance and the information produced to the CPUC and Cal Fire.
5  PG&E objects to the extent this request is vague, ambiguous, overbroad, and burdensome.  PG&E
6  is willing to meet and confer with Plaintiffs regarding this request.

7  REQUEST NO. 2:

8          Any and all DOCUMENTS THAT RELATE TO PG&E's compliance during the five-
9  year period immediately preceding the BUTTE FIRE with the requirements stated in Public
10  Utilities Code § 451 with respect to the POWER POLES and POWER LINES located on the
11  CAUFIELD RANCH.

12  RESPONSE TO REQUEST NO. 2:

13          Procedures, contracts, inspections, and work records for five years preceding the Butte fire
14  that relate to the Electra 1101 circuit that crosses the property identified as the Caufield Ranch are
15  responsive to this request.  The Electra 1101 circuit is also identified in vegetation management
16  records by the prior name of "Martell 1102."  Subject to and without waiving objections on the
17  grounds of attorney-client privilege, the work product doctrine, and expert witness discovery
18  provided by Code of Civil Procedure sections 2034.010, and pursuant to an appropriate protective
19  order, PG&E will produce non-privileged responsive documents identified above.  PG&E objects
20  to the extent the request is vague, ambiguous, overbroad and burdensome.

21  REQUEST NO. 3:

22          Any and all DOCUMENTS THAT RELATE TO PG&E's compliance during the five-year
23  period immediately preceding the BUTTE FIRE with the requirements stated in Public Resources
24  Code § 4292 with respect to the POWER POLES and POWER LINES located on the CAUFIELD
25  RANCH.

26  RESPONSE TO REQUEST NO. 3:

27          Procedures, contracts, inspections, and work records for five years preceding the Butte fire

28

DEFENDANT PG&E'S RESPONSE TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF
DOCUMENTS AND THINGS, SET ONE

1 that relate to the Electra 1101 circuit that crosses the property identified as the Caufield Ranch are

2 responsive to this request. The Electra 1101 circuit is also identified in vegetation management

3 records by the prior name of "Martell 1102." Subject to and without waiving objections on the

4 grounds of attorney-client privilege, the work product doctrine, and expert witness discovery

5 provided by Code of Civil Procedure sections 2034.010, and pursuant to an appropriate protective

6 order, PG&E will produce the non-privileged responsive documents identified above. PG&E

7 objects to the extent the request is vague, ambiguous, overbroad and burdensome.

8 REQUEST NO. 4:

9       Any and all DOCUMENTS THAT RELATE TO PG&E's compliance during the five-year

10 period immediately preceding the BUTTE FIRE with the requirements stated in Public Resources

11 Code § 4293 with respect to the POWER POLES and POWER LINES located on the CAUFIELD

12 RANCH.

13 RESPONSE TO REQUEST NO. 4:

14       Procedures, contracts, inspections, and work records for five years preceding the Butte fire

15 that relate to the Electra 1101 circuit that crosses the property identified as the Caufield Ranch are

16 responsive to this request. The Electra 1101 circuit is also identified in vegetation management

17 records by the prior name of "Martell 1102." Subject to and without waiving objections on the

18 grounds of attorney-client privilege, the work product doctrine, and expert witness discovery

19 provided by Code of Civil Procedure sections 2034.010, and pursuant to an appropriate protective

20 order, PG&E will produce the non-privileged responsive documents identified above. PG&E

21 objects to the extent the request is vague, ambiguous, overbroad and burdensome.

22 REQUEST NO. 5:

23       Any and all DOCUMENTS THAT RELATE TO PG&E's compliance during the five-year

24 period immediately preceding the BUTTE FIRE with the requirements stated in Public Utility

25 Commission General Order 95, including, but not limited to, Rules 33.1 and 35 of that Order, with

26 respect to the POWER POLES and POWER LINES located on the CAUFIELD RANCH.

27 RESPONSE TO REQUEST NO. 5:

28

Case 19-30088    Doc 21564    Filed 05/02/22    Entered 05/02/22 11:38:07    Page 38 of 49

DEFENDANT PG&E'S RESPONSE TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF
DOCUMENTS AND THINGS, SET ONE

1     Procedures, contracts, inspections, and work records for five years preceding the Butte fire

2 that relate to the Electra 1101 circuit that crosses the property identified as the Caufield Ranch are

3 responsive to this request. The Electra 1101 circuit is also identified in vegetation management

4 records by the prior name of "Martell 1102." Subject to and without waiving objections on the

5 grounds of attorney-client privilege, the work product doctrine, and expert witness discovery

6 provided by Code of Civil Procedure sections 2034.010, and pursuant to an appropriate protective

7 order, PG&E will produce the non-privileged responsive documents identified above. PG&E

8 objects to the extent the request is vague, ambiguous, overbroad and burdensome.

9 REQUEST NO. 6:

10     Any and all DOCUMENTS THAT RELATE TO PG&E's compliance during the five-year

11 period immediately preceding the BUTTE FIRE with the requirements stated in Public Utility

12 Commission General Order 165 with respect to the POWER POLES and POWER LINES located

13 on the CAUFIELD RANCH.

14 RESPONSE TO REQUEST NO. 6:

15     Procedures, contracts, inspections, and work records for five years preceding the Butte fire

16 that relate to the Electra 1101 circuit that crosses the property identified as the Caufield Ranch are

17 responsive to this request. The Electra 1101 circuit is also identified in vegetation management

18 records by the prior name of "Martell 1102." Subject to and without waiving objections on the

19 grounds of attorney-client privilege, the work product doctrine, and expert witness discovery

20 provided by Code of Civil Procedure sections 2034.010, and pursuant to an appropriate protective

21 order, PG&E will produce the non-privileged responsive documents identified above. PG&E

22 objects to the extent the request is vague, ambiguous, overbroad and burdensome.

23 REQUEST NO. 7:

24     Any and all DOCUMENTS THAT RELATE TO PG&E's compliance with the

25 requirements stated in North American Electric Reliability Council (NERC) Standard FAC-003-1

26 with respect to the POWER POLES and POWER LINES located on the CAUFIELD RANCH.

27 RESPONSE TO REQUEST NO. 7:

28

The North American Electric Reliability Council (NERC) Standard FAC-003-1 pertains to transmission lines, and the electric lines that cross the property identified as the Caufield Ranch are distribution lines. The NERC Standard FAC-003-01 is not relevant. Subject to and without waiving objections on the grounds of attorney-client privilege, the work product doctrine, and expert witness discovery provided by Code of Civil Procedure sections 2034.010, and pursuant to an appropriate protective order, PG&E will produce the documents responsive to request numbers 2 through 6, identified above, that show compliance with regulatory requirements.

REQUEST NO. 8:

Any and all DOCUMENTS THAT RELATE TO any report YOU made to any governmental agency, including, but not limited to the CPUC and the California Department of Forestry and Fire Protection, regarding the BUTTE FIRE.

RESPONSE TO REQUEST NO. 8:

PG&E provided documents to the CPUC and Cal Fire regarding the Butte Fire. Subject to and without waiving objections on the grounds of attorney-client privilege, the work product doctrine, and expert witness discovery provided by Code of Civil Procedure sections 2034.010, and pursuant to an appropriate protective order, PG&E will produce the non-privileged responsive documents identified above. PG&E objects to the extent the request is vague, ambiguous, overbroad and burdensome.

REQUEST NO. 9:

Any and all DOCUMENTS THAT RELATE TO any COMMUNICATIONS that YOU had with any governmental agency, including, but not limited to the CPUC and the California Department of Forestry and Fire Protection, regarding the BUTTE FIRE.

RESPONSE TO REQUEST NO. 9:

Documents provided to the CPUC and Cal Fire regarding the Butte Fire and communications with FEMA are responsive to this request. Subject to and without waiving objections on the grounds of attorney-client privilege, the work product doctrine, and expert witness discovery provided by Code of Civil Procedure sections 2034.010, and pursuant to an

1  appropriate protective order, PG&E will produce non-privileged responsive documents identified

2  above.  PG&E objects to the extent the request is vague, ambiguous, overbroad and burdensome.

3  REQUEST NO. 10:

4       Any and all DOCUMENTS that identify any individual or entity, including, but not limited

5  to, PG&E, who investigated the cause of the BUTTE FIRE.

6  RESPONSE TO REQUEST NO. 10:

7       PG&E cooperated with and provided documents to the CPUC and Cal Fire.  The Cal Fire

8  Investigation Report and evidence is equally available to Plaintiffs. Subject to and without

9  waiving objections on the grounds of attorney-client privilege, the work product doctrine, and

10  expert witness discovery provided by Code of Civil Procedure sections 2034.010, and pursuant to

11  an appropriate protective order, PG&E is producing the documents provided to the CPUC and Cal

12  Fire.  PG&E objects to the extent the request is vague, ambiguous, and overbroad.

13  REQUEST NO. 11:

14       Any and all any electronic audio recordings relating to the BUTTE FIRE.

15  RESPONSE TO REQUEST NO. 11:

16       Cal Fire audio recordings regarding fire suppression operations are equally available to

17  Plaintiffs.  PG&E objects to the extent the request is vague, ambiguous, overbroad and

18  burdensome.  Subject to and waiving the objections, PG&E will meet and confer to determine the

19  documents responsive to this request.

20  REQUEST NO. 12:

21       Any and all still and video ground photographs taken within the perimeter of the BUTTE

22  FIRE.

23  RESPONSE TO REQUEST NO. 12:

24       Ground photographs taken by PG&E employees on the property identified by Plaintiffs as

25  the Caufield Ranch after PG&E was contacted by Cal Fire are responsive to this request.  Subject

26  to and without waiving objections on the grounds of attorney-client privilege, the work product

27  doctrine, and expert witness discovery provided by Code of Civil Procedure sections 2034.010,

28

DEFENDANT PG&E'S RESPONSE TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF
DOCUMENTS AND THINGS, SET ONE

1  PG&E will produce responsive documents identified above.  PG&E objects to the extent the
2  request is vague, ambiguous, and overbroad.
3  REQUEST NO. 13:
4  　　　Any and all any still and video aerial photographs taken of lands within the perimeter of
5  the BUTTE FIRE.
6  RESPONSE TO REQUEST NO. 13:
7  　　　Aerial photographs that were taken of the area where the fire started on September 9, 2015
8  are responsive.   Subject to and without waiving objections on the grounds of attorney-client
9  privilege, the work product doctrine, and expert witness discovery provided by Code of Civil
10  Procedure sections 2034.010, PG&E will produce the non-privileged responsive documents
11  identified above.  PG&E objects to the extent the request is vague, ambiguous, and overbroad.
12  REQUEST NO. 14:
13  　　　Any and all LIDAR images of lands within the perimeter of the BUTTE FIRE.
14  RESPONSE TO REQUEST NO. 14:
15  　　　LiDAR data before the fire is responsive to this request.  Cal Fire evidence is equally
16  available to Plaintiffs.  Subject to and without waiving objections on the grounds of attorney-client
17  privilege, the work product doctrine, and expert witness discovery provided by Code of Civil
18  Procedure sections 2034.010, PG&E will produce the non-privileged responsive data identified
19  above.  PG&E objects to the extent the request is vague and ambiguous.
20  REQUEST NO. 15:
21  　　　Any and all DOCUMENTS THAT RELATE TO any COMMUNICATIONS that YOU
22  had with any emergency services or authorities at any time concerning the BUTTE FIRE.
23  RESPONSE TO REQUEST NO. 15:
24  　　　PG&E objects that this request is overbroad, vague, and ambiguous and includes extensive
25  documents regarding response to the fire and restoration of services.  Subject to and without
26  waiving objections on the grounds of attorney-client privilege, the work product doctrine, and
27  expert witness discovery provided by Code of Civil Procedure sections 2034.010, and pursuant to
28

-8-

DEFENDANT PG&E'S RESPONSE TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF
DOCUMENTS AND THINGS, SET ONE

1  an appropriate protective order, PG&E will produce the responsive documents after meeting and

2  conferring with Plaintiffs regarding the scope of this demand.

3  REQUEST NO. 16:

4       Any and all DOCUMENTS THAT RELATE TO any contracts or agreements that YOU

5  had with ACRT regarding the maintenance of vegetation located on the CAUFIELD RANCH,

6  including final contracts or agreements, drafts, bids, and COMMUNICATIONS concerning

7  negotiations as to terms.

8  RESPONSE TO REQUEST NO. 16:

9       Contracts for the five years preceding the Butte Fire are responsive to this request. Subject

10  to and without waiving objections on the grounds of attorney-client privilege, the work product

11  doctrine, and expert witness discovery provided by Code of Civil Procedure sections 2034.010,

12  and pursuant to an appropriate protective order, PG&E will produce the responsive non-privileged

13  documents identified above. PG&E objects to the extent the request is vague, ambiguous, and

14  overbroad.

15  REQUEST NO. 17:

16       Any and all DOCUMENTS THAT RELATE TO any contracts or agreements that YOU

17  had with TREES regarding the maintenance of vegetation located on the CAUFIELD RANCH,

18  including final contracts or agreements, drafts, bids, and COMMUNICATIONS concerning

19  negotiations as to terms.

20  RESPONSE TO REQUEST NO. 17:

21       Contracts for the five years preceding the Butte Fire are responsive to this request. Subject

22  to and without waiving objections on the grounds of attorney-client privilege, the work product

23  doctrine, and expert witness discovery provided by Code of Civil Procedure sections 2034.010,

24  and pursuant to an appropriate protective order, PG&E will produce the responsive non-privileged

25  documents identified above. PG&E objects to the extent the request is vague, ambiguous, and

26  overbroad.

27  REQUEST NO. 18:

28

-9-

DEFENDANT PG&E'S RESPONSE TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF
DOCUMENTS AND THINGS, SET ONE

Case 19-30088    Doc # 2184    Filed 05/22/19    Entered 05/22/19 11:38:07    Page 43
of 49

1    Any and all DOCUMENTS THAT RELATE TO contracts or agreements between PG&E

2    and ACRT in force between January 1, 2010, and December 31, 2015, including final contracts or

3    agreements, drafts, bids, and COMMUNICATIONS concerning negotiations as to terms.

4    RESPONSE TO REQUEST NO. 18:

5    Contracts for the five years preceding the Butte Fire that relate to vegetation located on the

6    property identified as the Caufield Ranch are responsive to this request. Subject to and without

7    waiving objections on the grounds of attorney-client privilege, the work product doctrine, and

8    expert witness discovery provided by Code of Civil Procedure sections 2034.010, and pursuant to

9    an appropriate protective order, PG&E will produce the non-privileged responsive documents

10   identified above. PG&E objects to the extent the request is vague, ambiguous, and overbroad.

11   REQUEST NO. 19:

12   Any and all DOCUMENTS THAT RELATE TO contracts or agreements between PG&E

13   and TREES in force between January 1, 2010 and December 31, 2015, including final contracts or

14   agreements, drafts, bids, and COMMUNICATIONS concerning negotiations as to terms.

15   RESPONSE TO REQUEST NO. 19:

16   Contracts for the five years preceding the Butte Fire that relate to vegetation located on the

17   property identified as the Caufield Ranch are responsive to this request. Subject to and without

18   waiving objections on the grounds of attorney-client privilege, the work product doctrine, and

19   expert witness discovery provided by Code of Civil Procedure sections 2034.010, and pursuant to

20   an appropriate protective order, PG&E will produce the non-privileged responsive documents

21   identified above. PG&E objects to the extent the request is vague, ambiguous, and overbroad.

22   REQUEST NO. 20:

23   Any and all DOCUMENTS THAT RELATE TO policies of insurance that YOU contend

24   provide coverage for any DAMAGES caused by the BUTTE FIRE, including but not limited to

25   policies, demand letters, and other COMMUNICATIONS between YOU and YOUR insurers.

26   RESPONSE TO REQUEST NO. 20:

27   Subject to and without waiving objections based on attorney-client privilege, the work

28

DEFENDANT PG&E'S RESPONSE TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF
DOCUMENTS AND THINGS, SET ONE

1 product doctrine, and Code of Civil Procedure sections 2034.010 et seq. regarding expert

2 witnesses, PG&E will produce the document identifying insurance information referred to in

3 response to form interrogatory 4.1. In addition, PG&E has coverage through policies obtained by

4 Trees, Inc. and ACRT, including policies that include PG&E as an additional insured.

5 REQUEST NO. 21:

6 Any and all DOCUMENTS THAT RELATE TO COMMUNICATIONS between PG&E

7 and ACRT about maintenance work near POWER POLES or POWER LINES on the CAUFIELD

8 RANCH, including, but not limited to, all documents showing when PG&E asked for or

9 authorized any work to be done and all bids for such work.

10 RESPONSE TO REQUEST NO. 21:

11 Procedures, contracts, inspections, and work records for five years preceding the Butte fire

12 that relate to the Electra 1101 circuit that crosses the property identified as the Caufield Ranch are

13 responsive to this request. The Electra 1101 circuit is also identified in vegetation management

14 records by the prior name of "Martell 1102." Subject to and without waiving objections on the

15 grounds of attorney-client privilege, the work product doctrine, and expert witness discovery

16 provided by Code of Civil Procedure sections 2034.010, and pursuant to an appropriate protective

17 order, PG&E will produce non-privileged responsive documents identified above. PG&E objects

18 to the extent the request is vague, ambiguous, and overbroad.

19 REQUEST NO. 22:

20 Any and all DOCUMENTS THAT RELATE TO COMMUNICATIONS between PG&E

21 and TREES about maintenance work near POWER POLES or POWER LINES on the

22 CAUFIELD RANCH, including, but not limited to, all documents showing when PG&E asked for

23 or authorized any work to be done and all bids for such work.

24 RESPONSE TO REQUEST NO. 22:

25 Procedures, contracts, inspections, and work records for five years preceding the Butte fire

26 that relate to the Electra 1101 circuit that crosses the property identified as the Caufield Ranch are

27 responsive to this request. The Electra 1101 circuit is also identified in vegetation management

28

records by the prior name of "Martell 1102." Subject to and without waiving objections on the grounds of attorney-client privilege, the work product doctrine, and expert witness discovery provided by Code of Civil Procedure sections 2034.010, and pursuant to an appropriate protective order, PG&E will produce privileged responsive documents identified above. PG&E objects to the extent the request is vague, ambiguous, and overbroad.

REQUEST NO. 23:

Any and all DOCUMENTS THAT RELATE TO PG&E's budgets for vegetation maintenance for the period from January 1, 2010 and December 31, 2015, including, but not limited to, preliminary and final budgets.

RESPONSE TO REQUEST NO. 23:

This request is overbroad, vague, ambiguous, burdensome, and seeks documents that are not relevant. PG&E vegetation management budgets are included in PG&E's General Rate Case submitted to the CPUC. PG&E will meet and confer with Plaintiffs regarding the scope of this request. PG&E further objects to this request on grounds of attorney-client privilege, the work product doctrine, and expert witness discovery provided by Code of Civil Procedure sections 2034.010.

REQUEST NO. 24:

Any and all DOCUMENTS THAT RELATE TO meetings of PG&E's Board of Directors between January 1, 2010 and December 31, 2015, of PG&E's Board of Directors where vegetation maintenance was on the agenda or discussed, including, but not limited to, agenda, notes, minutes, and recordings of meetings of PG&E's full Board of Directors and any committee comprised of members of PG&E's Board of Directors.

RESPONSE TO REQUEST NO. 24:

This request is overbroad, vague, ambiguous, burdensome, and seeks documents that are not relevant. PG&E will meet and confer with Plaintiffs regarding the scope of this request. PG&E further objects to this request on grounds of attorney-client privilege, the work product doctrine, and expert witness discovery provided by Code of Civil Procedure sections 2034.010.

Case 19-30088 Doc# 3184 Filed 05/22/19 Entered 05/22/19 11:38:07 Page 46
of 49

1 REQUEST NO. 25:

2        Any and all DOCUMENTS sufficient to identify the names, employers, business addresses

3 and business telephone numbers of all Supervising Program Managers, Vegetation Program

4 Managers, and Utility Foresters whose responsibilities during the five-year period immediately

5 preceding the BUTTE FIRE were to oversee and manage the contractor staff who inspected,

6 pruned, and removed vegetation growing into and near POWER LINES in PG&E's Vegetation

7 Management Area that included Calaveras County.

8 RESPONSE TO REQUEST NO. 25:

9        Subject to and without waiving objections on the grounds of attorney-client privilege, the

10 work product doctrine, and expert witness discovery provided by Code of Civil Procedure sections

11 2034.010, and pursuant to an appropriate protective order, PG&E will produce a document

12 sufficient to identify vegetation management personnel. PG&E objects to the extent this request is

13 vague, ambiguous, overbroad, and burdensome.

14 REQUEST NO. 26:

15        Any and all DOCUMENTS sufficient to identify the names, employers, business addresses

16 and business telephone numbers of all inspection contractors with whom PG&E contracted during

17 the five-year period immediately preceding the BUTTE FIRE to inspect the vegetation adjacent to

18 the POWER LINES in PG&E's Vegetation Management Area that included Calaveras County.

19 RESPONSE TO REQUEST NO. 26:

20        Contracts for the five years preceding the Butte Fire that relate to vegetation located on the

21 property identified as the Caufield Ranch are responsive to this request. Subject to and without

22 waiving objections on the grounds of attorney-client privilege, the work product doctrine, and

23 expert witness discovery provided by Code of Civil Procedure sections 2034.010, and pursuant to

24 an appropriate protective order, PG&E will produce the non-privileged responsive documents

25 identified above. PG&E objects to the extent the request is vague, ambiguous, and overbroad.

26 REQUEST NO. 27:

27        Any and all DOCUMENTS sufficient to identify the names, employers, business addresses

28

DEFENDANT PG&E'S RESPONSE TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF
DOCUMENTS AND THINGS, SET ONE

1  and business telephone numbers of all tree trimmers with whom PG&E contracted during the five-
2  year period immediately preceding the BUTTE FIRE to prune and remove vegetation growing
3  into and near POWER LINES in PG&E's Vegetation Management Area that included Calaveras
4  County.

5  RESPONSE TO REQUEST NO. 27:

6      Contracts for the five years preceding the Butte Fire that relate to vegetation located on the
7  property identified as the Caufield Ranch are responsive to this request. Subject to and without
8  waiving objections on the grounds of attorney-client privilege, the work product doctrine, and
9  expert witness discovery provided by Code of Civil Procedure sections 2034.010, and pursuant to
10  an appropriate protective order, PG&E will produce the non-privileged responsive documents
11  identified above. PG&E objects to the extent the request is vague, ambiguous, and overbroad.

12  DATED: May 23, 2016

        By: _____

14          Kenneth R. Chiate
            Jeffrey N. Boozell
            Sarah J. Cole
15          QUINN EMANUEL URQUHART & SULLIVAN,
            LLP

17          Gayle L. Gough
            GOUGH & HANCOCK LLP

18          Attorneys for Defendants
            PACIFIC GAS AND ELECTRIC COMPANY
19          and PG&E CORPORATION

-14-
DEFENDANT PG&E'S RESPONSE TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF
DOCUMENTS AND THINGS, SET ONE

RE: **Butte Fire Cases**
**JCCP 4853**

## VERIFICATION

I, the undersigned, say:

I am an officer, to wit, Assistant Corporate Secretary of PACIFIC GAS AND ELECTRIC COMPANY, a corporation, and am authorized, pursuant to Code of Civil Procedure Section 446(a), to make this verification for and on behalf of said corporation, and I make this verification for that reason; I have read the foregoing document, **DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S RESPONSE TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET ONE,** and I am informed and believe the matters therein are true and on that ground I allege that the matters stated therein are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 23, 2016, at San Francisco, California.

Eileen Chan