**PORTER LAW GROUP, INC.**
William L. Porter, Esq. [133968]
Hannah C. Kreuser, Esq. [322959]
7801 Folsom Boulevard, Suite 101
Sacramento, California 95826
Telephone: 916-381-7868
Facsimile: 916-381-7880

Attorneys for
**BURNETT & SONS PLANING MILL
AND LUMBER CO.**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>-and-<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>Debtors<br><br>☐ Affects PG&E Corproation<br>☐ Affects Pacific Gas and Electric Company<br>X Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088(DM)* | Case Nos.  19-30088 (DM)<br><br>19-.0089 (DM)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br><br><br>**NOTICE PURSUANT TO 11 U.S.C. § 546(b)(2) RELATED TO PERFECTION, MAINTENANCE AND ENFORCEMENT OF MECHANICS LIEN CLAIMS** |

-1-

BURNETT & SONS PLANING MILL AND LUMBER CO. ("BURNETT"), by and through its undersigned counsel, hereby (i) provides notice pursuant to 11 U.S.C. § 546(b)(2) of a mechanics lien, corresponding to a secured claim, and enforcement rights it holds against property of one or both of PG&E CORPORATION and PACIFIC GAS & ELECTRIC COMPANY (collectively "Debtors") and (ii) reserves all related and other rights claims and interests it may have in the subject Chapter 11 cases. In support hereof, BURNETT states as follows:

### Section 546(b)(2) Notice

1. BURNETT is a California corporation authorized to do business under the laws of the State of California, and duly licensed by the Contractors' State License Board to operate as a cabinet, millwork, and finish carpentry contractor, holding a class C6 license under license number 248649.

2. In accordance with a subcontract agreement ("Subcontract") dated July 11, 2018, and entered into between BURNETT and Roebbelen Contracting, Inc., BURNETT furnished labor, services, equipment and material in connection with works of improvement to certain real property located at 12840 Bill Clark Way, Auburn, CA 95602 ("Property"). A true and correct copy of this Subcontract is attached hereto as *Exhibit 1*. The works of improvement were performed under contract and/or at the special request and instance of one or more of the Debtors and with their actual or constructive knowledge. One or more of the Debtors holds or claims an ownership interest in the Property.

3. Further work was performed on the Property pursuant to Subcontract Change Orders, true and correct copies of which are attached hereto as *Exhibit 2*.

4. Having provided labor, materials, services and equipment under the Subcontract and Subcontract Change Orders, BURNETT recorded a verified claim of mechanics lien in the office of the County Recorder of Placer. At the time of recording the verified claim of mechanics lien, the principal amount remaining due, owing and unpaid for its work on the Property was

$37,450.60, excluding interest, and the cost of verifying and recording the mechanics lien claim. Attached hereto as *Exhibit 3* is a true and correct copy of BURNETT's mechanics lien, recorded on or about April 18, 2019, with the Placer County Recorder's Office, and proof of mailing.

5. Prior to the January 29, 2019 petition date ("Petition Date"), the aggregate amount owed to BURNETT for the labor, services, equipment and material furnished in connection with the works of improvement described above was at least $37,450.60, exclusive of accruing interest and other charges, with additional amounts owing and accruing after the Petition Date (collectively, "Indebtedness"). To the date of filing of this Notice, all of the Indebtedness remains outstanding and owed to BURNETT.

6. Under California Civil Code § 8460(a), a claimant is ordinarily required to commence an action to enforce a mechanics lien "within 90 days after recordation of the claim of lien." However, at present, BURNETT is prevented from commencing appropriate action to enforce its mechanics lien in Placer County ("Action") as a result of the institution of the subject Chapter 11 cases and the application of the automatic stay of 11 U.S.C. § 362(a) ("Automatic Stay").

7. Section 546(b)(2) of the Bankruptcy Code provides in pertinent part that when applicable law requires commencement of an action to perfect, or to maintain or continue the perfection of, an interest in property and an action has not been commenced prior to the petition date, then such perfection, or maintenance or continuation of perfection, may be accomplished by a claimant instead "giving notice within the time fixed by such law" for commencement of such action.

8. Accordingly, BURNETT hereby provides notice that (a) it is the holder of the verified and recorded mechanics lien, as described above, and corresponding Secured Claim to the Property under California law; (b) but for the Automatic Stay it would have timely commenced an appropriate Action pursuant to California law in Placer County to enforce such mechanics lien and Secured Claim; and (c) it intends in all respects to fully perfect, maintain,

-3-

preserve and continue the perfection of its mechanics lien on the Property and to enforce and realize upon its corresponding Secured Claim in accordance with the requirements of California State law, 11 U.S.C. §§ 362(a), 362(b)(3) and 546(b)(2), and any other applicable law. Without limiting the generality of the foregoing, this notice constitutes the legal equivalent of having filed a mechanics lien in the Recorder's Office of Placer County for the pertinent works of improvement and respective amount of Indebtedness, and then having commenced an Action to enforce and foreclose such mechanics lien in the proper court.

### Reservation of Rights

9. In the interests of economy and efficiency, BURNETT has filed this Notice in the above-captioned Chapter 11 cases intending and expecting it to apply or pertain to (a) the continued perfection of the subject mechanics lien; (b) the Action that otherwise would have been commenced by BURNETT in accordance with California State law to maintain, enforce and realize upon its corresponding Secured Claim; (c) BURNETT's exercise of any other rights under or satisfaction of any other requirements of 11 U.S.C. § 546(b)(2) in the circumstances.

10. BURNETT reserves the right to supplement, amend or otherwise alter this Notice from time to time as may be necessary or appropriate to conform to, or to adapt to changes in, facts or law, determinations yet to be made in the subject Chapter 11 cases or in other proceedings, or otherwise to further the purposes of filing this Notice. Without limiting the generality of the foregoing, BURNETT reserves the right, if deemed necessary or appropriate, to include specific or additional pre-petition or post-petition amounts, and to state a total amount of the Indebtedness or any component thereof that would be owed by a Debtor upon the effective date of any plan of reorganization or liquidation, the date of any distribution or payment with respect to BURNETT's Secured Claim or any other appropriate date(s).

11. BURNETT reserves the right to request modification of the Automatic Stay, determinations with respect to the validity, priority or extent of its mechanics lien and Secured Claim, and adequate protection of, or any other relief in relation to its mechanics lien and

Secured Claim.

12. BURNETT reserves the right to assert against either of the Debtors any and all claims and interests that are not encompassed by the mechanics lien and Secured Claim, including additional secured claims, administrative-priority claims or other claims that may have arisen before or after the Petition Date. Also, BURNETT reserves any rights, claims, actions, setoffs, or recoupments to which it is or may be entitled under contract or otherwise in law or equity with respect to either of the Debtors or their respective assets in the subject cases. In addition, BURNETT reserves any and all rights, claims, actions, and remedies it has or may have with respect to all entities other than Debtors, and nothing herein shall be considered an election not to pursue remedies against such entities.

Dated: May 22, 2019  **PORTER LAW GROUP, INC.**

By: /s/ Hannah C. Kreuser
Hannah C. Kreuser, Esq.
Attorneys for BURNETT & SONS PLANING MILL AND LUMBER CO.

R:\Production\6\0600-0699\639 Burnett & Sons Planning Mill\PG&E\Notice of Perfection.wpd

-5-

**EXHIBIT 1**



# SHORT FORM SUBCONTRACT AGREEMENT

Subcontract No. 21-17-442
Cost Code: 06-411

THIS AGREEMENT, made and entered into at El Dorado Hills, El Dorado County, California this <u>11th</u> day of <u>July 2018</u>, by and between <u>**ROEBBELEN CONTRACTING, INC.**</u>, hereinafter called CONTRACTOR, with principal office at <u>1241 Hawks Flight Court, El Dorado Hills, California 95762</u>, and <u>**Burnett & Sons Planing Mill and Lumber Co. 214 11th Street Sacramento, CA 95814**</u>, hereinafter called SUBCONTRACTOR.

WITNESSETH, that the Subcontractor and the Contractor agree as follows:

*ARTICLE I. DESCRIPTION OF WORK.* The Subcontractor shall perform all the work, labor, services, materials, plant, equipment, tools, scaffolds, appliances, insurance, and other facilities of every kind and description required for the prompt and efficient execution of the work described herein and to perform the work necessary or incidental to complete all activity (hereinafter called the Work) for and at **PG&E Auburn Regional Consolidation** (hereinafter called the Project), located on the premises at <u>12840 Bill Clark Way, Auburn, CA 95602</u> (hereinafter called the Premises). The Contract Documents for this Subcontract consist of this Subcontract and any Exhibits attached hereto, the Agreement between **Pacific Gas and Electric** ("Owner") and Contractor dated <u>December</u>, the Conditions of the Contract between Owner and Contractor (General, Supplementary, Special and other Conditions), Drawings, Specifications, all Addenda issued prior to the Agreement between Owner and Contractor and all Modifications subsequent thereto and in strict accordance with all additional requirements set forth in **Attachment "A"- Scope of Work, Attachment "B" Safety Job Requirements, Attachment "C" Agreement Authorizing Electronic Transactions, and Attachment "D"- Procedure Manual.**

All of the above documents which form the Contract between the Owner and Contractor are by this reference a part of this Subcontract and shall be available for inspection by Subcontractor upon his request. All items of this Contract are subject to Owner's approval. Submit samples, shop drawings, brochures, etc. at a time required by job to the job office. Delivery as directed by **Job Superintendent.**

*ARTICLE II. PRICE.* The sum to be paid by the Contractor to Subcontractor for the satisfaction, performance and completion of the work and of all of the duties, obligations, and responsibilities of the Subcontractor under this Agreement shall be the lump sum amount of <u>**Twenty Thousand Two Hundred Two Dollars and 00/100 ($20,202.00),**</u> hereafter called the "Price" subject to additions and deductions as herein provided.

The price herein specified shall, unless otherwise expressly stated, include all taxes and duties of any kind levied by any government authority which either party is required to pay with respect to the production, sale or shipment of the goods and all charges for packing, loading and shipping.

*ARTICLE III. ACCEPTANCE.* This subcontract will only be accepted by Contractor on the exact terms set forth herein. No additions or deletions or other modifications shall be binding on the Contractor, unless accepted by it in writing. If Subcontractor commences Work before Contractor endorses the Subcontract, this written Subcontract shall compromise the sole terms and conditions of the agreement.

*ARTICLE IV. CHANGES.* Contractor may by written change order make any change including additions or omissions in quantities or in the specifications or drawings. Changes will be binding on Contractor only if in writing and signed by Contractor. If any change otherwise affects the amount due or the time of performance hereunder, an equitable adjustment shall be made. Upon reasonable notice to the Subcontractor, Contractor may by written change order terminate this subcontract as to any work not then performed without any liability to the Contractor, except that there shall be an equitable adjustment between the parties as to any work or materials then in progress. No such termination shall relieve either party of any of their obligations as to any work performed hereunder. Any claim for adjustment to Subcontractor hereunder must be asserted in writing within ten (10) days from the date the change or termination is ordered, or such shorter time as set forth in the Contract Documents. Subcontractor's failure to give timely written notice to Contractor of a claim shall be deemed a waiver of any legal or equitable right for adjustment and/or a failure to meet an express condition precedent for such claim.

*ARTICLE V. PAYMENT.* Payment will be made in accordance with the applicable provisions of this Subcontract and the Contract Documents. The time for payment of invoices, or for accepting any discounts offered, shall run only from the date correct invoices, Conditional lien releases for prior progress payments to Subcontractor and its sub-subcontractors and vendors pursuant to Civil Code 8132, are received by the Contractor. Retention will be

held from the subcontractors' progress payment at the same rate that the Owner withholds from the Contractors progress payment. If Owner, or any other person responsible for providing construction funds from which payment to Subcontractor is to be made, delays in making payment to Contractor, Contractor shall have a reasonable time to make payment to Subcontractor. "Reasonable time" shall be determined according to the relevant circumstances, but in no event shall be less than the time Contractor and Subcontractor require to pursue to conclusion their legal remedies to obtain payment against Owner and/or any other person responsible for providing construction funds, including but not limited to mechanic's lien remedies.

*ARTICLE VI. SCHEDULE.* Time is of the essence in this Project. Unless a specific schedule date is otherwise specified on the face hereof, all work shall conform to the date or dates specified from time to time by the Project's Schedule, if not written schedule exists then as directed by the Contractors' representative. Failure of Subcontractor to perform timely shall make Subcontractor liable for all damages suffered as a result thereof by Contractor, including without limitation any liquidated damages under the prime contract. Contractor shall give Subcontractor an extension of time for any delays beyond the control of Subcontractor if Subcontractor shall give written notice therefore to Contractor within seven (7) days after the commencement of any such delay provided, however, that if Contractor's performance under the prime contract is delayed thereby, Subcontractor shall be entitled to an extension of time only to the extent Contractor is allowed an extension therefore by Owner.

*ARTICLE VII. DEFAULTS.* If Subcontractor fails to perform any of its obligations hereunder, Contractor shall be entitled to all remedies provided by law, and to recover all consequential and incidental damages and any replacement and repair costs resulting therefrom.

*ARTICLE VIII. WARRANTIES.* The Subcontractor warrants to Owner and Contractor, and successors that the workmanship, materials and services provided shall be free from all defect, shall be of the quality specified or of the best grade of their respective kinds if no quality is specified, shall be fit for the purpose intended and shall conform to the provisions, specifications, drawings, samples or other description contained herein or in Contractor's prime contract and to representations whenever made by Subcontractor or its representatives whether extrinsic to this Subcontract or otherwise. All warranties implied by law or usage of trade are incorporated herein to apply to any work as well as the materials covered hereby and shall run in favor of Contractor and its successor in interest to the goods and services. Subcontractor guarantees Contractor and its successor in interest to the materials and services against any and all defects in workmanship and materials which may develop for a period of eighteen (18) months following installation, or twelve (12) months following acceptance of the goods by Contractor's successor in interest, which ever period is longer. **To the extent a longer warranty or guarantee is required by the Owner's project documents, the Subcontractor agrees to provide the longer warranty or guarantee.**

*ARTICLE IX. COMPLIANCE.* Subcontractor shall produce, furnish and deliver all work, materials, or any services to be furnished hereunder, in strict compliance with all applicable laws, regulations, safety orders, labor agreements and working conditions to which they are subject, including without limitation and where applicable. Equal Employment Opportunity provisions and any such applicable provisions referred to or required under Contractor's prime contract with Owner of by law are, by this reference, incorporated herein. Subcontractor shall execute and deliver to Contractor such documents as may be required to effect or to evidence compliance. **Subcontractor agrees to pay the prevailing wages to all employees on all Public Works Projects.**

*ARTICLE X. ASSIGNMENTS, SETOFF.* Any delegation, subletting or assignment, by operation of law or otherwise, of all or any portion of the obligations to be performed hereunder by Subcontractor without the prior consent of Contractor shall be void. In the event of any transfer, hypothecation of assignment by Subcontractor of the right to receive all or any part of any payments due or to become due hereunder, Contractor may, at any time thereafter withhold any or all monies or payments due or to become due hereunder until final payment is due and all conditions precedent to such payment have been satisfied. Contractor may setoff against any amount payable to any person under this subcontract any claim or charge it might have against Subcontractor on any other Subcontract or Purchase Order or other Project.

*ARTICLE XI. DEFINITIONS:* Contractor means Roebbelen Contracting, Inc., or a partnership including Roebbelen Contracting, Inc., or a joint venture including Roebbelen Contracting, Inc., as a member thereof it so designated on the face hereof. If Contractor is not the ultimate consumer of the goods, then all rights, benefits and remedies available to Contractor including any guarantees and warranties made by Subcontractor or required with respect to the goods, then all rights, benefits and remedies available to Contractor including any guarantees and warranties made by Subcontractor or required with respect to the goods under Contractor's Contract with Owner, shall accrue and be available to and be for the express benefit of Contractor's successor in interest hereunder.

Case: 19-30088    Doc# 2189    Filed: 05/22/19    Entered: 05/22/19 13:40:32    Page 8 of 19

*ARTICLE XII. UNIONS.* It is agreed and understood that Roebbelen Contracting, Inc. is signatory to the Carpenters 46 Northern California Counties Conference Board and the Laborers Northern California Council of Laborers. It is agreed by the Subcontractor that any work being performed within the jurisdiction which is claimed by these labor organizations, will be performed by members of those labor organizations. To the extent the Subcontractor does not utilize workers from those labor unions, any damages incurred by the Contractor will be borne one hundred percent (100%) by the Subcontractor.

*ARTICLE XIII. COMPENSATION AND LIABILITY INSURANCE.* The Parties intend that Subcontractor shall provide the maximum insurance coverage for Contractor and Owner as additional insureds on Subcontractor's insurance policies ("Additional Insureds") as allowed by law. Subcontractor shall maintain the coverage and endorsements for the statutory period in which claims may be filed or brought against Subcontractor, Owner, or Contractor in connection with Work under Civil Code and Code of Civil Procedures of the jurisdiction in which Work is performed.

Before commencing with the work, Subcontractor shall procure and maintain, at its own expense, until completion and final acceptance of the work at least the following insurance from an insurance company satisfactory to the Contractor.

1. WORKERS' COMPENSATION AND EMPLOYER'S LIABILITY INSURANCE in accordance with laws of the State in which the Work is situated. Coverage shall include Employers Liability with the minimum limit of $1,000,000 each event and Waiver of Subrogation in favor of Owner and Contractor shall be provided.
2. COMMERCIAL GENERAL LIABILITY INSURANCE INCLUDING CONTRACTUAL LIABILITY INSURANCE AGAINST THE LIABILITY ASSUMED HEREIN ABOVE, and including CONTRACTOR'S PROTECTIVE LIABILITY INSURANCE if the Subcontractor sublets to another, all or any portion of the work, with the minimum limit of $2,000,000 per occurrence. It is understood and agreed that the Contractor and Project Owner are to be named as additional insureds on the Subcontractor's policy.
3. COMMERCIAL AUTOMOBILE LIABILITY INSURANCE covering all owned, non-owned and hired vehicles used in the connection with the work, with minimum insurance limits of $1,000,000.00 per incident.
4. POLLUTION LIABILITY INSURANCE. If subcontractors are required to perform remedial hazardous material operations such as asbestos containing materials, contaminated soil, etc., they must, in addition to the above requirements, carry a "Contractor's Pollution Liability" policy with limits not less than $5,000,000 per occurrence and not less than $5,000,000 aggregate for Bodily Liability, Personal Injury and Property Damage naming Contractor and Owner as an additional insured including contractual liability coverage. If Subcontractor or their Subcontractors haul hazardous waste, they must carry Automobile Liability Insurance with a $3,000,000 combined single limit per occurrence for Bodily Injury and Property Damage applicable to all hazardous waste hauling vehicles and include MCS 90.

Where Subcontractor is installing mechanical systems or exterior insulation and finish systems, Subcontractor shall provide Contractor's Pollution Liability which includes coverage for "mold" with limits of liability of not less than $1,000,000 per occurrence naming Contractor and Owner, and their respective officers, employees and agents as additional insured including contractual liability.

The Certificates of Insurance shall provide that there will be no cancellation or reduction of coverage without thirty (30) day's prior written notice to Contractor.

*ARTICLE XIV. INDEMNIFICATION.*

1. *Subcontractor Indemnity Obligations*

The work performed by Subcontractor shall be at the risk of Subcontractor, exclusively. To the fullest extent permitted by law, Subcontractor shall indemnify and hold harmless Owner and Contractor and all affiliated companies of Owner and Contractor and each of their partners, joint venturers, representatives, members, designees, officers, directors, shareholders, employees, agents, successors, and assigns ("Indemnified Parties"), from and against any and all claims, demands, damages, actions, causes of action, suits, losses, judgments, obligations and liabilities, costs and expenses (including, but limited to, investigative and repair costs, attorneys' fees and costs, and consultants' fees and costs) ("Claims") which arise out of or are in any way related to the scope of work performed, materials furnished or services provided under this Agreement by Subcontractor or its agents or employees. These indemnity and defense obligations shall apply to any and all acts or omissions and any and all negligent or willful misconduct of Subcontractor, its employees or agents, whether the same are active or passive. These indemnity and defense obligations shall not apply only to the extent said Claims arise out of, pertain, or relate to (a) the active (but not passive) negligence, sole negligence, or willful misconduct of the Indemnified Parties or their agents and independent contractors, other than Subcontractor or (b) defects in design furnished by those

Case: 19-30088   Doc# 2189   Filed: 05/22/19   Entered: 05/22/19 13:40:32   Page 9 of 19

persons. It is the express intent of the Parties and these indemnity provisions to comply with Civil Code section 2782 and 2782.05 as amended or added by Senate Bill 474, chaptered October 9, 2011.
Without limiting the generality of the foregoing indemnity obligations, such indemnity obligations expressly extend to and include any and all claims, demands, damages, costs, expenses, fines, penalties, or liability occasioned as a result of:

> Damages to adjacent property caused by the conduct of Subcontractor's Work;

> The violation by Subcontractor, Subcontractor's agents, employees, or independent contractors or subcontractors, of any provision of federal, state or local law, including applicable administrative regulations;

> Any and all claims, liabilities, loss, damage, costs, or expenses, including reasonable attorneys' fees, awards, and judgments, arising by reason of any claims, liens, stop notices, or bond claims for labor, materials, or equipment used or furnished to be used on the Project, or union trust fund payments arising from or relating to Subcontractor's Work on the Project, and all incidental or consequential damages resulting to Indemnified Parties from such claims, liens, stop notices or bond claims;

> Any claim, suit, or action, or any alleged violation or infringement of patent rights, copyrights or trademarks that may be made against Owner or Contractor by reason of the use in connection with or as a part of the performance of Subcontractor's Work or the furnishing of materials hereunder, of anything which is now or may hereafter be covered by patent, copyright, or trademark, and also against all expense, including attorneys' fees, which Contractor and/or Owner may incur in defending or adjusting any such claim, suit, or action; and

> Hazardous Materials or contamination therefrom brought onto the Project site, discharged or released by Subcontractor, any subcontractor, material supplier of Subcontractor or any person or entity under the direct or indirect control of any of them.

> Personal Injury, including, but not limited to, bodily injury, emotional distress, sickness or disease, or death to persons, including, but not limited to, any employees or agents of Subcontractor, Owner, Contractor, or any other subcontractor.

> Subcontractor's failure to comply with Article XII, above.

> Subcontractor's failure to comply with Article XIII, above.

> Any failure or alleged failure to comply with the terms of this Subcontract or the Contract Documents.

2. *Subcontractor Defense Obligations*

Subcontractor's obligation and duty to defend are as broad as allowed by law, including, without limitation, Civil Code section 2782.05, and apply whether the issue of the Indemnified Parties liability, breach of this Agreement or other obligation or fault has been determined.

**ARTICLE XV. SAFETY** Subcontractor acknowledges that it is responsible to supply all safety measures to insure all of its workers are working in a safe environment. To the extent Subcontractor does not feel the site is safe, Subcontractor is to immediately stop all work until all unsafe site conditions have been corrected. Subcontractor's failure to stop all work, or Subcontractor's recommencement of work, shall be an agreement by Subcontractor to indemnify Contractor, Owner, and all their Agents of any and all liability of any incident that arises. If applicable, Subcontractor must be enrolled in ISNetworld with an acceptable grade set by Owner's Requirements.

**ARTICLE XVI. CONFLICT WITH GOVERNING LAWS.** This Agreement shall be governed by California Law. If any provision of this agreement, or any part thereof, shall be held to be invalid under any applicable federal, state, municipal, or other law, ruling, or regulation, then such provision shall remain in effect to the extent permitted, and the remaining provisions of this agreement shall remain in full force and effect.

**ARTICLE XVII. DISPUTES.** If a dispute arises between the Subcontractor and Contractor resulting from the Owner's actions, or interpretations of the Owner's Contract or Contract Documents by Owner or Contractor, then the dispute resolution procedure in the Owner's Contract shall be applicable to the Subcontractor; When the Contractor and Owner arbitrate such a controversy that, in Contractor's opinion, involves Subcontractor's work, then, at Contractor's

sole option, and subject to the Owner's Contract arbitration agreement (between Contractor and Owner), the Subcontractor agrees it shall participate in a Owner/ Contractor/Subcontractor arbitration and be bound to the result as a party. Subcontractor expressly agrees to be bound by the terms and conditions of the Owner/Contractor arbitration, to be bound by the arbitration award, and to accept as full compensation for its claim such share of the award as is equitable under all of the circumstances or, if applicable, to pay such award as is assessed against Subcontractor by the arbitrator. If the dispute between the Contractor and Subcontractor is solely related to disputes between Subcontractor and Contractor (as real party in interest) and not the Owner or its Plans/Specification/Interpretations the parties shall:

Initially, and promptly after identification of any claim or dispute between the parties to this Agreement which arise from or in connection with this Agreement, Contractor's project manager and Subcontractor's project representative shall meet face-to-face to review and consider the claim or dispute. This meeting shall occur at the earliest practicable date and shall be for the express purposes of: (1) exchanging and reviewing all pertinent documents and information relating to the matters and issues in dispute; (2) freely and candidly discussing each party's position; and (3) reaching agreement upon a reasonable, compromise resolution of the claim or dispute.

If the project managers are unable to resolve the claim or dispute and if the claim or dispute is not one that Contractor believes should be submitted to the Owner, a senior representative from Contractor and a senior representative from Subcontractor each shall review the claim or dispute in detail and then meet face-to-face to discuss and resolve the matter. This meeting of senior management representatives shall occur no later than fifteen (15) days after the meeting of the project representatives, unless the parties both agree upon a longer period of time. The parties shall promptly designate a senior representative for purpose of this section. Either party may, if necessary, designate a different senior representative at any time during the course of the Project.

If any claim or dispute not involving the Owner remains unresolved after the meeting of the senior management representatives or subsequent meeting(s) as agreed upon by the parties, Contractor and Subcontractor agree to promptly submit the matter to mediation with an experienced, mutually acceptable mediator. Unless the parties both agree upon a longer period of time, the mediation shall be held no later than sixty (60) days after the meeting of the senior management representatives. No later than thirty (30) days prior to the mediation date, the parties shall exchange in a cooperative and forthright manner all documents, data and information relating to the claim or dispute, excepting only those items protected by the attorney/client or other applicable privilege. The parties shall share equally the mediator's fee for the mediation.

No claim, dispute or controversy shall interfere with the progress or performance of the Work, and in all instances Subcontractor shall proceed with the work as directed by Contractor. Any failure of Subcontractor to comply herewith and proceed with the Work shall be deemed a breach of this Agreement.

*ARTICLE XVIII. VENUE.* Subcontractor agrees that its execution/signature of this Agreement is an offer and that Contractors signature/execution of the Agreement shall be acceptance. It is further agreed and understood that any and all payments are due to Subcontractor by mail and payable by deposit into the US Mail or other commercial means in El Dorado Hills, California. Therefore, the parties expressly agree that any legal action related to this contract shall only be filed (commenced if arbitration) by either party in El Dorado County, notwithstanding that other statutory venues may exist. Subcontractor expressly agrees it will commence any contractual or statutory action against Contractor or its Bonding companies or Public Owners in El Dorado County, California.

*ARTICLE XVIV. ENTIRE AGREEMENT.* This Agreement represents the entire agreement between Contractor and Subcontractor and supersedes any prior written or oral representations.

FOR ALL CONTRACTS INVOLVING WORK IN THE STATE OF CALIFORNIA NOTE: CONTRACTORS ARE REQUIRED BY LAW TO BE LICENSED AND REGULATED BY THE CONTRACTORS STATE LICENSE BOARD WHICH HAS JURISDICTION TO INVESTIGATE COMPLAINTS AGAINST CONTRACTORS IF A COMPLAINT REGARDING A PATENT ACT OR OMISSION IF FILED WITHIN FOUR YEARS OF THE DATE OF THE ALLEGED VIOLATION. A COMPLAINT REGARDING A LATENT ACT OR OMISSION PERTAINING TO STRUCTURAL DEFECTS MUST BE FILED WITHIN 10 YEARS OF THE DATE OF THE ALLEGED VIOLATION. ANY QUESTIONS CONCERNING A CONTRACTOR MAY BE REFERRED TO THE REGISTRAR, CONTRACTORS STATE LICENSE BOARD, P.O. BOX 26000, SACRAMENTO, CALIFORNIA 95826.

*PLEASE SIGN AND RETURN ALL SUBCONTRACT AGREEMENTS.*

NOTE: NO PAYMENT CAN BE MADE ON THIS ORDER UNTIL A SIGNED COPY IS RETURNED TO ROEBBELEN CONTRACTING, INC.

| *Signature* | *Signature* |
|---|---|
| Frank Lindsay, Vice President<br>Type Name and Official Title | JAMES O. MILLER PRES<br>Type Name and Official Title |
| ROEBBELEN CONTRACTING, INC.<br>Company Name – Contractor | Burnett & Sons Planing Mill and Lumber Co.<br>Company Name – Subcontractor |
| | 7/12/2018<br>Date |
| 734124<br>License Number | 248649<br>License Number – THIS INFORMATION IS MANDATORY |
| 07/13/18<br>Date – Executed in El Dorado Hills, California | 94-1460709<br>Federal ID Number – THIS INFORMATION IS MANDATORY |

# EXHIBIT 2



# Subcontract Change Order  M18025

PG&E Auburn Regional Consolidation.2700045692

Tel:
Fax:

Date: Monday, August 13, 2018      Project # 21-17-442

To Subcontractor: Burnett & Sons Planing Mill    Contract No: 06-411    Change Order Number: 001

214 11th Street    Contract Date: 7/11/2018

Sacramento, CA 95814

| CE# | CEA# | Cost Code | Owner CO | Description | Amount |
|---|---|---|---|---|---|
| 023 | 013 | 06-411 | | Burnett to include after hours premium time per proposal COR #1 dated 8/10/18. | $4,004.00 |
| | | | | **TOTAL AMOUNT OF THIS CHANGE ORDER:** | **$4,004.00** |

Subcontractor or vendor agrees to make the herein-described changes in accordance with the terms hereof. The change in contract price and/or contract time noted above is a full and final settlement of all additional costs incurred or to be incurred as a result of the change described above.

| | |
|---|---|
| The original Contract Value was | $20,202.00 |
| Sum of changes by prior Subcontract Change Orders | $0 |
| The Contract Value prior to this Subcontract Change Order was | $20,202.00 |
| The Contract Value will be changed by this Subcontract Change Order in the amount of | $4,004.00 |
| The new Contract Value including this Subcontract Change Order will be | $24,206.00 |
| The Contract duration will be changed by | 0 Days |

The revised Project Completion date as of this Subcontract Change Order is

APPROVED:
Roebbelen Contracting, Inc.

By _____
    Frank Lindsay/Vice President

DATE _____

APPROVED:
Burnett & Sons Planing Mill

By _James O. Miller_

SIGNATURE _[signature]_

DATE _8/20/18_

Please sign and email Change Order(s) to our office. Upon execution, your copy will be emailed for your records.

Page 1 of 1

Roebbelen Management, Inc.
Roebbelen Contracting, Inc. CA #734124 NV #0056512 WA #ROEBBCI967KQ
Roebbelen Construction Management Services, Inc. CA #808764
Disabled Veteran Business Enterprise #1012610

1241 Hawks Flight Court
El Dorado Hills, CA 95762
p 916.939.4000
f 916.939.4028
www.roebbelen.com



## Subcontract Change Order

PG&E Auburn Regional Consolidation.2700045692

Date: Thursday, September 6, 2018
To Subcontractor: Burnett & Sons Planing Mill
214 11th Street
Sacramento, CA 95814

Contract No: 06-411
Contract Date: 7/11/2018

Tel:
Fax:

Project # 21-17-442
Change Order Number: 002

| CE# | CEA# | Cost Code | Owner CO | Description | Amount |
|---|---|---|---|---|---|
| 037 | 018 | 06-411 | | Burnett and Sons to provide architectural casework and counters for 4116 and 4157A per ASI 074. Details per proposal dated 8/17/18. | $35,030.00 |

**TOTAL AMOUNT OF THIS CHANGE ORDER:** $35,030.00

Subcontractor or vendor agrees to make the herein-described changes in accordance with the terms hereof. The change in contract price and/or contract time noted above is a full and final settlement of all additional costs incurred or to be incurred as a result of the change described above.

| | |
|---|---|
| The original Contract Value was | $20,202.00 |
| Sum of changes by prior Subcontract Change Orders | $4,004.00 |
| The Contract Value prior to this Subcontract Change Order was | $24,206.00 |
| The Contract Value will be changed by this Subcontract Change Order in the amount of | $35,030.00 |
| The new Contract Value including this Subcontract Change Order will be | $59,236.00 |
| The Contract duration will be changed by | 0 Days |

The revised Project Completion date as of this Subcontract Change Order is

| APPROVED: Roebbelen Contracting, Inc. | APPROVED: Burnett & Sons Planing Mill |
|---|---|
| By _____ Frank Lindsay/Vice President | By _James O. Miller_ SIGNATURE James O. Miller Pres. |
| DATE _____ | DATE 9/10/2018 |

Please sign and email Change Order(s) to our office. Upon execution, your copy will be emailed for your records.

Page 1 of 1

Roebbelen Management, Inc.
Roebbelen Contracting, Inc. CA #734124 NV #0056512 WA #ROEBBCI967KQ
Roebbelen Construction Management Services, Inc. CA #808764
Disabled Veteran Business Enterprise #1012610

1241 Hawks Flight Court
El Dorado Hills, CA 95762
p 916.939.4000
f 916.939.4028
www.roebbelen.com

# EXHIBIT 3

```
RECORDING REQUESTED BY AND RETURN TO:
Burnett & Sons Planing Mill and
Lumber Co.
214 11th Street
SACRAMENTO, CA  95814
USA
Telephone: (916) 442-0493
Fax: (916) 442-0529
```



```
PLACER, County Recorder
RYAN RONCO
DOC- 2019-0024003-00
CREDIT CARD
THURSDAY,  APR 18,  2019 08:13 AM
MIC    $3.00 | AUT    $3.00 | SBS    $2.00
ERD    $1.00 | SB2   $75.00 | REC   $11.00
ADD    $0.00 | LIE    $6.00

Ttl Pd    $101.00      Rcpt # 02770553
                           CLKBZPK9T2/TN/1-3
```

## MECHANIC'S LIEN (PRIVATE WORK)

The undersigned Claimant, Burnett & Sons Planing Mill and Lumber Co., hereby claims a mechanic's lien as follows:

The Claimant's demand, after deducting all just credits and offsets, is the sum of $37,450.60, including service charges or interest at the rate of 0.000% per annum, thereon from the dates of 09/15/2018 through 11/30/2018.

To the unpaid balance due of $37,450.60, please add anticipated service charges, interest, court costs and attorney fees of ___-0-___.

The name of the owner(s) or reputed owner(s), if known, is: Pacific Gas & Electric, 245 Market Street, SAN FRANCISCO, CA  94105.

The name of the person or entity to whom Claimant furnished the labor, services, equipment or materials to was Roebbelen Contracting, Inc., 1241 Hawks Flight Court, EL DORADO HILLS, CA  95762.

The Claimant furnished the following kinds of labor, services, equipment or materials: Architectural Millwork.

The site at which the work of improvement was constructed is commonly known as the PG&E Auburn Regional Consolidation project, located at 12840 Bill Clark Way, AUBURN, CA  95602, in the County of PLACER.

The specific contract information is for General/Prime Contractor Contract #21-17-442, Our Job/Invoice #M18025.

Dated 04/18/2019 for Claimant Burnett & Sons Planing Mill and Lumber Co., 214 11th Street, SACRAMENTO, CA  95814

Prepared by: _____
Jack Hedges, Controller

### VERIFICATION

I declare that I am authorized to file this claim on behalf of the Claimant. I have read the foregoing document and know the contents thereof; the same is true of my own knowledge. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at SACRAMENTO, CA on 04/18/2019 for Burnett & Sons Planing Mill and Lumber Co.

Prepared by: _____
Jack Hedges, Controller

PROOF OF SERVICE AFFIDAVIT TO OWNER OR REPUTED OWNER
(California Civil Code Section 8416 et seq.)

I declare that I served a copy of the attached MECHANIC'S LIEN and NOTICE OF MECHANIC'S LIEN, and any related documents, by (as required by law) first-class, (certified) or registered mail, postage prepaid, or other certified delivery, addressed to the OWNER(S) or REPUTED OWNER(S), Pacific Gas & Electric, 245 Market Street, SAN FRANCISCO, CA 94105, on 04/18/2019. I declare under penalty of perjury that the foregoing is true and correct. Executed at SACRAMENTO, California on 04/18/2019.

Declarant: _____
Jack Hedges, Controller

ALTERNATIVE PROOF OF SERVICE AFFIDAVIT
(California Civil Code Section 8416 et seq.)

I declare that in the event I was unable to serve a copy of the attached MECHANIC'S LIEN and NOTICE OF MECHANIC'S LIEN, and any related documents, by (as required by law) first-class, certified or registered mail, postage prepaid, or other certified delivery, addressed to the OWNER(S) or REPUTED OWNER(S) under California Civil Code Section 8416 et seq. I further served a copy of the attached MECHANIC'S LIEN and NOTICE OF MECHANIC'S LIEN, and any related documents, by (as required by law) first-class, certified or registered mail, postage prepaid, or other certified delivery, addressed to the General Contractor(s), Roebbelen Contracting, Inc., 1241 Hawks Flight Court, EL DORADO HILLS, CA 95762, or addressed to the Construction Lender(s), NO REPUTED LENDER/SURETY, on 04/18/2019. I declare under penalty of perjury that the foregoing is true and correct. Executed at SACRAMENTO, California on 04/18/2019.

Declarant: _____
Jack Hedges, Controller

## NOTICE OF MECHANIC'S LIEN
## ATTENTION!

Upon the recording of the enclosed MECHANIC'S LIEN with the county recorder's office of the county where the property is located, your property is subject to the filing of a legal action seeking a court-ordered foreclosure sale of the real property on which the lien has been recorded. That legal action must be filed with the court no later than 90 days after the date the Mechanic's Lien is recorded.

The party identified in the Mechanic's Lien may have provided labor or materials for improvements to your property and may not have been paid for these items. You are receiving this notice because it is a required step in filing a Mechanic's Lien foreclosure action against your property. The foreclosure action will seek a sale of your property in order to pay for unpaid labor, materials, or improvements provided to your property. This may affect your ability to borrow against, refinance, or sell the property until the Mechanic's Lien is released.

BECAUSE THE LIEN AFFECTS YOUR PROPERTY, YOU MAY WISH TO SPEAK WITH YOUR CONTRACTOR IMMEDIATELY, OR CONTACT AN ATTORNEY, OR FOR MORE INFORMATION ON MECHANIC'S LIENS, GO TO THE CONTRACTORS' STATE LICENSE BOARD WEBSITE AT www.cslb.ca.gov.

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
PG&E
245 Market
San Francisco, CA 94105

9590 9402 4270 8121 4128 04

2. Article Number (Transfer from service label)
7005 3110 0001 3188 3498

**COMPLETE THIS SECTION ON DELIVERY**
A. Signature
X _____ ☑ Agent ☐ Addressee
B. Received by (Printed Name): Juosio
C. Date of Delivery: APR 2 2 2019
D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

M18025

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt