WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11 (Lead Case) (Jointly Administered)<br><br>**APPLICATION PURSUANT TO 11 U.S.C. §§ 327 AND 328 FOR AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF DELOITTE & TOUCHE LLP AS INDEPENDENT AUDITOR AND ADVISOR TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**<br><br>Date: June 12, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102<br><br>**Objection Deadline**: June 5, 2019<br>                            4:00 p.m. (Pacific Time) |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Application (the "**Application**"), pursuant to sections 327 and 328 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to retain and employ Deloitte & Touche LLP ("**Deloitte & Touche**") as independent auditor and advisor to the Debtors effective as of the Petition Date (as defined below) in accordance with the terms and conditions set forth in the Engagement Agreements (as defined below).

In support of this Application, the Debtors submit the Declaration of Timothy Gillam, a partner of Deloitte & Touche (the "**Gillam Declaration**"), filed concurrently herewith. Copies of the Engagement Agreements are annexed as exhibits to the Gillam Declaration. A proposed form of order approving the retention and employment of Deloitte & Touche is annexed hereto as **Exhibit A** (the "**Proposed Order**").

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

## III. DELOITTE & TOUCHE'S QUALIFICATIONS

Deloitte & Touche is a public accounting firm with offices across the United States. Deloitte & Touche has significant experience in providing accounting and advisory services for debtors in many large and complex chapter 11 cases. *See, e.g., In re Sears Holdings Corporation*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. Jan. 22, 2019); *In re Tops II Holding Corp.,* Case No. 18-22279 (RDD) (Bankr. S.D.N.Y. May 10, 2018); *Westinghouse Elec. Co., LLC*, Case No. 17-10751 (MEW) (Bank. S.D.N.Y.

Nov. 16, 2017) (ECF No. 1585); *In re Sabine Oil & Gas Corp.*, Case No. 15-11835 (SCC) (Bankr. S.D.N.Y. Oct. 16, 2015) (ECF No. 425). Such experience renders Deloitte & Touche well-qualified and able to provide services to the Debtors during the pendency of these chapter 11 cases. Deloitte & Touche's services fulfill an important need and are not provided by any of the Debtors' other professionals.

In addition, since approximately February 1999, Deloitte & Touche has provided professional services to the Debtors. In providing such prepetition professional services to the Debtors, Deloitte & Touche is familiar with the Debtors and their business, including the Debtors' financial affairs, debt structure, operations, and related matters. Having worked with the Debtors' management, Deloitte & Touche has developed relevant experience and knowledge regarding the Debtors that will assist it in providing effective and efficient services during these cases. Accordingly, Deloitte & Touche is both well-qualified and able to provide the services for the Debtors in the chapter 11 cases in an efficient and timely manner.

## IV. SCOPE OF SERVICES

Pursuant to the terms and conditions of the following agreements (collectively, the "**Engagement Agreements**"), the Debtors seek to retain Deloitte & Touche to provide independent audit and advisory services (the "**Services**"), as follows:[1]

(i) ***Base Audit Engagement Letters.*** Pursuant to the terms of those certain engagement letters, dated February 16, 2018 (the "**2018 Base Audit Engagement Letter**") and February 19, 2019 (the "**2019 Base Audit Engagement Letter**" and, together with the 2018 Base Audit Engagement Letter, the "**Base Audit Engagement Letters**"), Deloitte & Touche will perform an integrated audit of the Debtors in accordance with the standards of the Public Company Accounting Oversight Board (PCAOB) (United States) (the "**PCAOB Standards**"). Deloitte & Touche will express opinions on (1) the fairness of the presentation of the Debtors' consolidated financial statements for the year ended December 31, 2018 and the year ending December 31, 2019, as applicable, in conformity with accounting principles generally accepted in the United States of America ("generally accepted accounting principles"), and (2) the effectiveness of the Debtors' internal control over financial reporting as of the applicable year ended

---

[1] The summary of the Engagement Agreements included in this Application is provided for purposes of convenience only and is qualified in its entirety by reference to the Engagement Agreements. To the extent that this Application and the terms of a particular Engagement Agreement are inconsistent, the terms of the Engagement Agreements shall control.

periods.

(ii) **Trust Audit Engagement Letter.** Pursuant to the terms of that certain engagement letter, dated February 19, 2019, for the audit of the respective financial statements of certain trusts of the Utility for the year ended December 31, 2018 (the "**Trust Audit Engagement Letter**"), Deloitte & Touche will perform audit services, as contemplated therein, for the Nuclear Facilities Non-Qualified CPUC Decommissioning Master Trust, the Nuclear Facilities Qualified CPUC Decommissioning Master Trust, and the Nuclear Facilities Qualified FERC Decommissioning Master Trust of the Utility, and express opinions on the fairness of the presentation of the applicable entity's financial statements for the year ended December 31, 2018, in conformity with generally accepted accounting principles.

(iii) **Lease Accounting Engagement Letter.** Pursuant to the terms of that certain engagement letter, dated February 22, 2018 (the "**Lease Accounting Engagement Letter**"), Deloitte & Touche will assess the internal controls and processes of PG&E Corp. and its subsidiaries in preparation for PG&E Corp's planned changes in information systems and related business processes for the PowerPlant Lease Accounting module ("lease accounting system"), which is a new software module designed to implement a new accounting standard (ASU No. 2016-02, Leases), and provide advice and recommendations regarding the transition to and implementation of the lease accounting system.

## V. NO DUPLICATION OF SERVICES

The Debtors intend that the services of Deloitte & Touche will complement, and not duplicate, the services being rendered by other professionals retained in these Chapter 11 Cases. Deloitte & Touche understands that the Debtors have retained and may retain additional professionals during the term of the engagement. The Debtors plan to retain KPMG LLP for information technology, risk, and forensic technology services and PricewaterhouseCoopers LLP as the Debtors' management, tax and advisory consultants. Deloitte & Touche will be providing distinct audit and advisory services and will work cooperatively with the Debtors to avoid unnecessary duplication of services.

## VI. DELOITTE & TOUCHE'S DISINTERESTEDNESS

To the best of the Debtors' knowledge, information, and belief, the members, partners, principals and professionals assigned to this case by Deloitte & Touche do not have any connection with or any interest adverse to the Debtors, their creditors, or any other party in interest, except as may be set forth in the Gillam Declaration.

Based upon the Gillam Declaration, the Debtors submit that Deloitte & Touche is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1107(b) of the Bankruptcy Code. The Debtors have been informed that Deloitte & Touche will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise. If any new relevant facts or relationships are discovered, Deloitte & Touche will supplement its disclosure to the Court.

In the ninety (90) days before the Petition Date, the Debtors paid Deloitte & Touche approximately $2,277,600 for services rendered. As of the Petition Date, Deloitte & Touche was not owed any amounts under invoices for professional services rendered prior to such date.

**VII. PROFESSIONAL COMPENSATION**

As set forth in the Gillam Declaration, Deloitte & Touche will apply to the Court for allowances and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, effective February 19, 2014 (the "**Local Guidelines**"), the U*.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, effective January 30, 1996 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), the *Amended Order Implementing Certain Notice and Case Management Procedures* [Docket No. 1093], and any further Orders of the Court in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses (the "**Orders**").

Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and the Orders, the Debtors propose to compensate Deloitte & Touche as contemplated in the Engagement Agreements on either an hourly or fixed-fee basis.

A.  <u>2018 Base Audit Engagement Letter</u>:

As of the Petition Date, Deloitte & Touche had received payment in full for services performed under the 2018 Base Audit Engagement Letter. Deloitte & Touche has been performing services under the 2018 Base Audit Engagement Letter during these Chapter 11 Cases but does not intend to bill the Debtors for any fees in connection with such services, and accordingly, such services will not be included in any fee application submitted by Deloitte & Touche in these cases.

B.  2019 Base Audit Engagement Letter

Pursuant to the 2019 Base Audit Engagement Letter, Deloitte & Touche agreed to bill the Debtors periodically with respect to the audit services performed thereunder, except for Out-of-Scope Services (as defined below). Deloitte & Touche will bill its fees for the audits of each Debtors' financial statements, the reviews of the related interim financial information, the audits of each Debtor's internal control over financial reporting, and the Utility's FERC Form 1 audit for the year ending December 31, 2019 at the hourly rates set forth in the table below.

Under the terms of the 2019 Base Audit Engagement Letter, the Debtors may request additional services that were not contemplated as part of the base audit, but that were pre-approved by the parties (collectively, the "**Out-of-Scope Services**"), as follows:

(i) Accounting consultations on accounting and financial reporting matters, which are pre-approved for the year ending December 31, 2019 up to $25,000 for PG&E Corp. and up to $75,000 for the Utility.

(ii) The issuance of a (1) "comfort letter" related to anticipated offerings of debt or equity during 2019, which are will be $45,000 per letter; or (2) consent letter for the reissuance of reports during 2019, which will be $25,000 each time a consent is required.

(iii) Out-of-scope audit procedures (including services provided in connection with statutory or regulatory filings, engagements and regulatory reviews of audit workpapers, specific transactions/accounting, reporting on critical audit matters, adoption of new accounting pronouncements, internal controls surrounding new applications, systems or activities, and changes in laws or regulations in the current year), which will be billed based on the time spent on such services at the rate of the professional performing the service, as noted in the table below.

(iv) Other audit-related services (including agreed-upon procedures, advice and recommendations regarding proposed transactions, adoption of new accounting pronouncements, internal controls surrounding new applications, systems or activities, and training in a future year), which will be billed based on the time spent on such services at the applicable rate of the professional performing the services, as noted in the table below.

| Professional Level | Hourly Rates for 2019 Base Audit | Hourly Rates for Out-of-Scope Services |
|---|---|---|
| Partner / Principal / Managing Director | $380 | $760 |
| Senior Manager | $330 | $660 |
| Manager | $290 | $580 |

| | | |
|---|---|---|
| Senior | $230 | $460 |
| Staff | $200 | $390 |
| Junior Staff | $180 | N/A |

C.    <u>Trust Audit Engagement Letter</u>:

Pursuant to the terms of the Trust Audit Engagement Letter, Deloitte & Touche agreed to bill the Debtors periodically with respect to the services performed thereunder. The fees for such services will be $63,000, plus expenses.

D.    <u>Lease Accounting Engagement Letter</u>:

Pursuant to the terms of the Lease Accounting Engagement Letter, Deloitte & Touche agreed to bill the Debtors based on the actual time spent by professionals on such services at the individual's applicable professional hourly rate. Deloitte & Touche will charge the Debtors the following hourly rates with respect to such services:

| **Professional Level** | **Hourly Rates** |
|---|---|
| Partner / Principal / Managing Director | $365 |
| Senior Manager | $325 |
| Manager | $295 |
| Senior | $265 |
| Staff | $225 |

In addition to the fees set forth above, the Debtors have agreed to compensate Deloitte & Touche for engagement-related expenses, including travel, report production, delivery services, and other expenses incurred by Deloitte & Touche in providing the services.

The Debtors understand it is not the practice of Deloitte & Touche's professionals to keep detailed time records in one-tenth-of-an-hour increments (*i.e.*, six minute increments) as customarily kept by attorneys who are compensated subject to approval of the Bankruptcy Court. Thus, Deloitte & Touche requests that this Court allow Deloitte & Touche's professionals to provide the following in its monthly, interim, and final fee applications: (a) a narrative summarizing each project category and the services rendered under each project category; (b) as an exhibit to each monthly, interim, and final fee application that Deloitte & Touche files in these Chapter 11 Cases, a summary, by project category, of services rendered to the Debtors, which identifies each professional rendering services, the number of hours expended by each professional, and the amount of compensation requested with respect to the

services rendered by each professional; and (c) reasonably detailed records of time in half-hour (0.5) increments, describing the services rendered by each professional and the amount of time spent on each date.

The Debtors respectfully submit that Deloitte & Touche's rates and policies stated in the Gillam Declaration are reasonable, particularly given the nature of these Chapter 11 Cases.

## VIII. INDEMNIFICATION

As part of the overall compensation payable to Deloitte & Touche under the terms of certain of the Engagement Agreements, the Debtors have agreed to certain indemnification obligations as described in such Engagement Agreements. The terms of the Engagement Agreements and the indemnification provisions contained therein were fully negotiated in good faith and at arm's length. Deloitte & Touche, in connection with its retention in these Chapter 11 Cases, has agreed to certain modifications of the indemnification provisions, as included in the Proposed Order.

## IX. BASIS FOR RELIEF REQUESTED

The Debtors seek authority to employ and retain Deloitte & Touche as independent auditor and advisor under section 327 of the Bankruptcy Code, which provides that a debtor is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtors] in carrying out the [debtors'] duties under this title." 11 U.S.C. § 327(a). Section 1107(b) of the Bankruptcy Code elaborates upon sections 101(14) and 327(a) of the Bankruptcy Code in cases under chapter 11 of the Bankruptcy Code and provides that "a person is not disqualified for employment under section 327 of [the Bankruptcy Code] by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

The Debtors further seek approval of the fixed-fee portion of the Engagement Agreements pursuant to section 328(a) of the Bankruptcy Code, which provides, in relevant part, that the Debtors, "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Accordingly, section 328 of the Bankruptcy Code permits the compensation of professionals on flexible

terms that reflect the nature of their services and market conditions. The Debtors believe that the fixed-fee portion of the Engagement Agreements provide for reasonable terms and conditions of employment, comparable to other leading consulting firms and, thus, should be approved under section 328(a) of the Bankruptcy Code (except that the U.S. Trustee may review such compensation under sections 330 and 331 of the Bankruptcy Code). Accordingly, the Debtors submit that the relief requested in this Application is in the best interests of the Debtors' estates, creditors, and all parties in interest to these Chapter 11 Cases.

## X. NOTICE

Notice of this Application will be provided to (i) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties interests, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: May 22, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/ *Stephen Karotkin*
 Stephen Karotkin

*Attorneys for Debtors
and Debtors in Possession*