Lily A. North (No. 260709)
DECHERT LLP
One Bush Street, Suite 1600
San Francisco, California 94104
Telephone:    415.262.4500
Facsimile:    415.262.4555
lily.north@dechert.com

Allan S. Brilliant (*pro hac vice*)
Shmuel Vasser (*pro hac vice*)
Alaina R. Heine (*pro hac vice*)
DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
Telephone:    212.698.3500
Facsimile:    415.698.3599
allan.brilliant@dechert.com
shmuel.vasser@dechert.com
alaina.heine@dechert.com

*Attorneys for State Farm Mutual Automobile Insurance Company and its affiliates and subsidiaries*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION and PACIFIC GAS & ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐   Affects PG&E Corporation<br>☐   Affects Pacific Gas and Electric Company<br>x   Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>Jointly Administered<br><br>**JOINDER AND OBJECTION TO MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 502(b)(9) AND 105(a), FED. R. BANKR. P. 2002, 3003(c)(3), 5005, AND 9007, AND L.B.R. 3003-1 FOR ORDER (I) ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM, (II) ESTABLISHING THE FORM AND MANNER OF NOTICE THEREOF, AND (III) APPROVING PROCEDURES FOR PROVIDING NOTICE OF BAR DATE AND OTHER INFORMATION TO ALL CREDITORS AND POTENTIAL CREDITORS**<br><br>**Hearing Date and Time**: June 11, 2019 at 9:30 a.m. (PT)<br>**Hearing Location**: 450 Golden Gate Ave., San Francisco, CA, Courtroom 17<br>**Judge**: Hon. Dennis Montali<br>**Related Docket Nos**: 1784, 2043 |

State Farm Mutual Automobile Insurance Company and its affiliates and subsidiaries (collectively, "State Farm"), as creditors and parties in interest in the above-captioned chapter 11 cases of Pacific Gas and Electric Company (the "Utility") and PG&E Corporation ("PG&E" and, together with the Utility, the "Debtors"), by and through its undersigned counsel, hereby file this limited joinder (the "Joinder") to the *Partial Objection of Ad Hoc Group of Subrogation Claim Holders* (the "Subrogation Group Objection") [ECF No. 2043], and objection to the *Motion of Debtors Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 for Order (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* (the "Debtors' Motion"), including the Debtors' proposed claim form to be used for insurance subrogation claims, attached thereto as Exhibit C-3 (the "Debtors' Form") [ECF No. 1784].[1] In support of the Joinder and Objection, State Farm respectfully sets forth and represents as follows:

**JOINDER AND OBJECTION**

State Farm is one of the largest property and casualty insurers in the State of California and is believed to be the insurer holding the most insurance subrogation claims against the Debtors. State Farm's claims are expected to be in the billions of dollars.

State Farm does not object to this Court setting a bar date, or to the date proposed by the Debtors. State Farm's objection relates solely to the proposed Debtors' Form. State Farm files this objection because, among other things, the claim form proposed by the Debtors is ambiguous, burdensome, and requires information that is either not available or irrelevant. State Farm has been in communication with the Debtors' counsel regarding the Debtors' Motion and hopes and

---

[1] Each capitalized term used but not defined herein shall have the meaning ascribed to it in the Subrogation Group Objection.

expects that most, if not all, of the issues raised herein will be resolved consensually in a modified subrogation claim form to be filed by the Debtors' prior to the hearing. Nevertheless, this Joinder and Objection is being filed to preserve any issue that is not so resolved.

State Farm joins the Subrogation Group Objection and agrees that (i) any order granting the Debtors' Motion should not provide for disallowance of any timely filed claim that does not meticulously follows the Debtors' Form (*i.e.* no foot fault disallowance), (ii) creditors' right to amend and supplement timely filed claims in compliance with prevailing legal precedent should be preserved, especially as the claim amounts grow on a daily basis as State Farm continues to pay claims filed by its policyholders, (iii) policy limits are irrelevant to the assertion of insurance subrogation claims, (iv) a property's parcel ID may not be collected by State Farm and other insurers in the ordinary course of business, (v) insurers may not adjust reserves by loss type, or update reserves for individual insureds when individual claims are part of a catastrophic event, but rather maintain reserves for events like wildfires in the aggregate and therefore, the claim form should allow the assertion of bulk reserves in connection with a catastrophe event, (vi) the Debtors' Form is not clear as to whether "reserves" relate solely to amounts reserved on individual claims, or to all projected losses associated with the fires; State Farm respectfully submits that the aggregate projected losses for each fire should be asserted as part of the claim, and (vii) the detailed supporting information required to be provided by Item 11 of the Debtors' Form must be treated as confidential information by Prime Clerk and the Debtors, and may only be provided to the Court and the United States Trustee, and, on a professional eyes' only basis, to the official committees.

In addition to the issues identified by the Subrogation Group Objection, State Farm also requests that the Debtors (i) define the term "carrier group" used in Item 2 of the Debtors' Form since it is not a term with a universally accepted definition, (ii) make available to State Farm (and

Dechert LLP
Attorneys At Law
San Francisco

other insurers that request it) at least three months prior to the bar date the electronic format in which the information required to be provided by Item 11 of the Debtors' Form must be submitted or allow a period longer than ten (10) business days for the submission of the electronic file, (iii) revise the claims categories included in Item 10 of the Debtors' Form to more closely align these categories with the types of insured losses as handled by insurers in their regular course of business: (a) Structure and Real Property Claims, (b) Debris Removal Claims, (c) Personal Property Claims, (d) Additional Living Expenses, Business Interruption, Loss of Use/Rent Claims, (e) Automobile, Rental, Loss of Use, Tow, Storage Claims, and (f) Other Claims.

For the reasons stated herein, State Farm objects to the Debtors' Motion as well as joins in the Subrogation Group's Objection.

**RESERVATION OF RIGHTS**

State Farm reserves the right to raise further and other objections to the Debtors' Motion at the hearing as may be necessary or appropriate.

DATED: May 28, 2019

/s/ *Shmuel Vasser*
Allan S. Brilliant (*pro hac vice*)
Shmuel Vasser (*pro hac vice*)
Alaina R. Heine (*pro hac vice*)
DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036

-and-

Lily A. North (No. 260709)
DECHERT LLP
One Bush Street, Suite 1600
San Francisco, California 94104

*Attorney for State Farm Mutual Automobile Insurance Company and its affiliates and subsidiaries*

## CERTIFICATE OF SERVICE

I hereby certify on this 28th day of May, 2019, this document was filed through the Electronic Case Filing System of the United States Bankruptcy Court for the Northern District of California and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic Filing (NEF).

/s/ *Shmuel Vasser*
Shmuel Vasser