Sander L. Esserman *(Admitted Pro Hac Vice)*
Cliff I. Taylor *(Admitted Pro Hac Vice)*
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, P.C.
2323 Bryan Street, Suite 2200
Dallas, TX 75201-2689
Telephone: 214-969-4900
Email: esserman@sbep-law.com

Scott Summy
John Fiske (CSBN 249256)
BARON & BUDD, P.C.
3102 Oak Lawn Avenue #1100
Dallas, TX 75219
Telephone: 214-521-3605
Email: ssummy@baronbudd.com

Christopher H. Hart (CSBN 184117)
Kimberly S. Fineman (CSBN 184433)
NUTI HART LLP
411 30TH Street, Suite 408
Oakland, CA 94609-3311
Telephone: 510-506-7152
Email: kfineman@nutihart.com

Attorneys for Public Entities Impacted by the Wildfires

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088-DM. | Case No. 19-30088-DM<br><br>Chapter 11<br>Lead Case, Jointly Administered<br><br>**OBJECTION OF PUBLIC ENTITIES IMPACTED BY THE WILDFIRES TO MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 502(b)(9) AND 105(a), FED. R. BANKR. P. 2002, 3003(c)(3), 5005, AND 9007, AND L.B.R. 3003-1 FOR ORDER (I) ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM, (II) ESTABLISHING THE FORM AND MANNER OF NOTICE THEREOF, AND (III) APPROVING PROCEDURES FOR PROVIDING NOTICE OF BAR DATE AND OTHER INFORMATION TO ALL CREDITORS AND POTENTIAL CREDITORS AND STATEMENT IN SUPPORT OF MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. §§ 105(a) AND 501 AND FED. R. BANKR. P. 3001(a) FOR ENTRY OF AN ORDER APPROVING PROPOSED** |

STUTZMAN BROMBERG ESSERMAN & PLIFKA, P.C.
2323 BRYAN STREET, SUITE 2200
DALLAS, TX 75201-2689
TELEPHONE: 214-969-4900

**MODEL PROOF OF CLAIM FORM FOR FIRE CLAIMS AND RELATED PROCEDURES**

Date: June 11, 2019
Time: 9:30 a.m. (prevailing Pacific time)
Place: 450 Golden Gate Avenue, Ctrm 17
San Francisco, CA 94102
Judge: Hon. Dennis Montali

The Public Entities Impacted by the Wildfires (the "**Public Entities**")[1] hereby submit this objection to the *Motion of Debtors Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 for Order (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 1784] (the "**Debtors' Bar Date Motion**") and statement in support of the *Motion of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. §§ 105(a) and 501 and Fed. R. Bankr. P. 3001(a) for Entry of an Order Approving Proposed Model Proof of Claim Form for Fire Claims and Related Procedures* (the "**Tort Committee POC Motion**"). In support hereof, the Public Entities, by and through their undersigned counsel, respectfully represent as follows:

**PRELIMINARY STATEMENT**

The Debtors[2] and the Official Committee of Tort Claimants (the "**Tort Committee**") have each proposed a proof of claim form to be used for wildfire claims, including the wildfire claims

---

[1] The Public Entities consist of the following California public entities: (a) Calaveras County Water District, (b) Napa County, (c) City of Napa, (d) Mendocino County, (e) Lake County, (f) City of Clearlake, (g) Nevada County, (h) Yuba County, (i) City of Santa Rosa, (j) Sonoma County, (k) Sonoma County Agricultural Preservation and Open Space District, (l) Sonoma County Community Development Commission, (m) Sonoma County Water Agency, (n) Sonoma County Sanitation District, (o) Town of Paradise, and (p) Butte County.

[2] The Debtors are comprised of PG&E Corporation and Pacific Gas and Electric Company, debtors and debtors in possession in these bankruptcy cases.

of the Public Entities (the "***Wildfire Claims***").  The proof of claim form submitted with the Tort Committee POC Motion (the "***Tort Committee POC***") provides a reasonable and fair mechanism by which to put the Debtors on notice of the wildfire claims asserted in these bankruptcy cases, while also taking into account the dire circumstances of the individual claimants and the nature of the Wildfire Claims.  In contrast, the Debtors have proposed an onerous proof of claim form (the "***Debtors' POC***") that seems designed more to trip up claimants with labyrinthine requirements than to give Debtors fair notice of a claim.  The Debtors' POC would require claimants with Wildfire Claims ("***Wildfire Claimants***") to marshal all of their evidence for the claim form, by demanding unnecessarily detailed information, multiple submissions and voluminous documentation in a clear effort to dissuade Wildfire Claimants from filing their Wildfire Claims and to provide the Debtors with "gotcha" mechanisms by which to reject Wildfire Claims at the outset because of some failure to comply with one or another of the detailed demands that the Debtors' POC would impose.  The Public Entities, therefore, support the Tort Committee POC Motion in so far as it seeks approval of the Tort Committee POC and object to the Debtors' POC Motion in so far as it seeks approval of the Debtors' POC for the reasons provided herein.

The Public Entities' primary objection to the Debtors' POC is the proposed requirement that Wildfire Claimants submit ***all*** available documentation supporting their claims at the time they submit their proof of claim or be subject to being "forever barred, estopped, and enjoined from asserting such claims against the Debtors."  (Debtors' Bar Date Motion Exhibit A, Dkt. No. 1784-1 at ¶ 5).  This requirement is unduly burdensome to the claimants, requiring claimants to submit all their supporting evidence for what is functionally the complaint stage of the claims determination process and would result in an unmanageable and unnecessary amount of documentation being submitted to the Debtors.  The purpose of a proof of claim is to put the

Debtors on notice of a creditor's claim, the basis of the claim, and when available, the amount of the claim. It is ***not*** for the purpose of requiring a claimant to marshal all of its evidence, which in the case of the Public Entities, will require production of a substantial amount of documentation. The Public Entities are already overburdened with the administrative and logistical exigencies arising out of the damage to their communities due to the Debtors' tortious conduct. They should not be further burdened with accumulating, processing, redacting and producing every conceivable document that might support their claim as part of the proof of claim submission process. Further, the Debtors have failed to explain why they need the documentation to be submitted with the proof of claims. As the Debtors concede in the Debtors' Bar Date Motion, ". . . the Debtors certainly have no intention of having the Court address all of the Wildfire Claims on a claim by claim basis." (Debtors' Bar Date Motion, Dkt. No. 1784 at p. 27).

The Public Entities further object to the Debtors' POC to the extent that it requires Wildfire Claimants to identify if their claims are insured, the name of their insurer(s), the aggregate amount of insurance coverage, and the amount of insurance proceeds already received by the Wildfire Claimants. These matters are not relevant to the issue of the Debtors' liability to claimants and should not be required on a proof of claim form. The Debtors' purported purpose for requiring Wildfire Claimants' insurance information is to "value claims accurately and avoid any double-counting of losses recovered across the different categories of claimants (*i.e.*, Wildfire Claimants and Wildfire Subrogation Claimants)" (Debtors' Bar Date Motion, Dkt. No. 1784 at p. 28). However, the Debtors provide no explanation as to how information about a Wildfire Claimant's insurance coverage will provide insight into the value of the Wildfire Claimant's claim. To burden individual Wildfire Claimants with the requirement of producing documentation and information regarding insurance coverage as part of the proof of claim

submission process is unduly burdensome and unnecessary for purposes of resolving the Wildfire Claims. Any information the Debtors may need to resolve the claims of the Wildfire Subrogation Claimants should be sought from the Wildfire Subrogation Claimants, not the Wildfire Claimants.

Furthermore, the Public Entities object to the Debtors' POC to the extent that it proposes to require the Public Entities and other Wildfire Claimants to submit separate proofs of claim as to each Debtor and as to each fire that resulted in the claims of the claimants. (*See* Debtors' Bar Date Motion Exhibit C-2, Dkt. No. 1784-6 at Part 3, Section 7). Requiring the filing of multiple proofs of claim is unnecessary and would be unduly burdensome on Wildfire Claimants. The Debtors have not provided an adequate explanation as to why such a requirement would be warranted. It would be just as effective for a Wildfire Claimant to submit one proof of claim form that identifies the Debtor against whom its Wildfire Claims are asserted (or whether the claims are asserted against both Debtors) and to identify on the proof of claim form each fire from which the claimant's Wildfire Claims arise.

Finally, the Public Entities object to the Debtors' POC to the extent that it fails to adequately identify the discrete fires that have given rise to claims against the Debtors. (*See* Debtors' Bar Date Motion Exhibit C-2, Dkt. No. 1784-6 at Part 3, Section 7). The Debtors identify the fires colloquially, using names such as "37," "Pocket," and "Cherokee." Any proof of claim approved by this Court should adequately identify each fire by location and the date(s) upon which the fire occurred.

## **BACKGROUND**

On January 29, 2019, the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code.

The Debtors' Bar Date Motion was filed on May 1, 2019. In the motion, the Debtors request that this Court enter an order establishing the last day to file proofs of claim and approving proposed proofs of claim forms for use in these bankruptcy cases. The Debtors have proposed a discrete proof of claim form for Wildfire Claims. On May 3, 2019, the Tort Committee filed a motion and memorandum of law seeking approval of its own proposed model proof of claim form for Wildfire Claims. (*See* Dkt. Nos. 1824 and 1825).

## STATEMENT IN SUPPORT OF THE TORT COMMITTEE POC

The Public Entities hereby support the Tort Committee's proposed Tort Committee POC and, for the reasons stated in the Tort Committee POC Motion, request that the Court enter an order approving the Tort Committee POC and ordering the Debtors to utilize such proof of claim form for purposes of Wildfire Claims.

## OBJECTION TO DEBTORS' POC

The Public Entities do not object to the establishment of a bar date or the Court approving a discrete proof of claim form for Wildfire Claims. However, the Debtors' POC and the relief requested in the Debtors' Bar Date Motion with respect thereto is improper, unfair to Wildfire Claimants, overly burdensome and unnecessary for the reasons discussed below.

**A. The Debtors' POC would improperly require a Wildfire Claimant to marshal all of the evidence supporting its claim when submitting a proof of claim or be subject to having its claim forever barred.**

It is wholly improper for the Debtors to request an order of this Court that would require Wildfire Claimants to marshal their evidence as part of the proof of claim submission process, which is functionally the complaint stage of the claims determination process. Most Wildfire Claimants are still reeling from the massive devastation and havoc created by the Debtors' tortious conduct. They are understandably pre-occupied with attending to the business of putting their lives, businesses and communities back together. Specifically, the Public Entities are

already burdened with the administrative and logistical exigencies of repairing the infrastructure of their communities, including roads, bridges, sidewalks, culverts, drains, storm and waste water systems, traffic lights, stop signs, public landscaping and art, drinking water systems in their communities and protecting the public from dead or dying trees, soil erosion, debris flows, flooding, and mudslides that resulted from the wildfires. The efforts of the Public Entities should be focused on initiating and maintaining processes that protect their communities from conditions that continue to threaten public welfare and safety, not to accumulating, processing, redacting and responding to onerous and needless document demands that the Debtors want to impose on the Public Entities to simply state and preserve a claim against the Debtors. The Debtors would have this Court require full production of *all* supporting documentation, including but not limited to the following:

- For property damage claims:
  - Proof of ownership of destroyed property (such as titles and deeds);
  - Property appraisals,
  - Insurance documents,
  - Lease/rental agreements,
- For business economic loss claims:
  - Proof of operation at time of fire
  - Federal tax returns for two-year period preceding fire,
  - Monthly and annual profit and loss statements
  - W-9 forms,
- For personal injury claims:
  - Hospital records,
  - Physician office visit records

- Insurance benefit summaries

The Debtors' document requests are atypical, unduly burdensome, and inappropriate for the proof of claim submission process. The purpose of a proof of claim is not to "prove up" one's claim, but merely to put interested parties on notice that the claim exists.

What is more, the Debtors have proposed an order that would ***permanently bar*** a Wildfire Claimants' claim if full production of the requested documentation is not submitted along with the proof of claim. Specifically, the Debtor's proposed order on the Bar Date Motion provides that a Wildfire Claimant must "set forth with specificity the legal and factual basis for the alleged claim, ***including all of the information requested in the Wildfire Claimant Proof of Claim Form***" (Debtors' Bar Date Motion Exhibit A, Dkt. No. 1784-1 at ¶3(c)) (emphasis added). The Debtors' proposed order further provides that any Wildfire Claimants who "fail to comply with this Order by timely filing a Proof of Claim in the appropriate form shall (i) be forever barred, estopped, and enjoined from asserting such claims against the Debtors, their property, or their estates (or submitting a Proof of Claim with respect thereto) and (ii) not be treated as a creditor with respect to such claim for the purposes of voting and distribution . . . ." (Debtors' Bar Date Motion Exhibit A, Dkt. No. 1784-1 at ¶ 5). The Debtors would have this Court disallow otherwise valid Wildfire Claims if a Wildfire Claimant were not able to provide full supporting documentation along with the Wildfire Claimant's proof of claim form. Such a proposal is unfair to Debtors' wildfire victims.

Furthermore, the Debtors have failed to provide any reason for requiring Wildfire Claimants to marshal their evidence as part of the proof of claim process. As the Debtors concede in their Bar Date Motion, ". . . the Debtors certainly have no intention of having the Court address all of the Wildfire Claims on a claim by claim basis . . . ." (Debtors' Bar Date Motion, Dkt. No. 1784 at p. 27). The Debtors, therefore, concede that the documentation to be

supplied is not to be used in the claim allowance process. Even if it were, the time for requesting the information would come after a claim objection is filed, not with the initial proof of claim. The Debtors' requirement of voluminous documentation instead appears to be for the sole purpose of making the claim submission process as onerous as possible on the very Wildfire Claimants devastated by the Debtors' tortious conduct and to provide a mechanism for the Debtors to reject Wildfire Claims outright and avoid liability based on a technicality (*i.e.*, a Wildfire Claimants' failure to produce all the requested documentation with their proof of claim). The Court should not allow the Debtors to spring such traps on Wildfire Claimants.

**B. The Debtors' POC would improperly require a Wildfire Claimant to respond to numerous information requests regarding the Wildfire Claimant's insurance coverage, which are irrelevant to the Debtors' liability for the claims asserted.**

The Debtors have inappropriately included in the Debtors' POC numerous information requests regarding a Wildfire Claimant's insurance coverage, without providing any explanation as to how such information is in any way relevant to a Wildfire Claimant's claim or the Debtors' liability therefor. More specifically, the Debtors' POC would require a Wildfire Claimant to provide:

- The name of the claimant's insurer(s);
- The property (e.g., structure, personal property, other) covered by the insurance;
- The total amount of insurance coverage with respect to the claimant's claims; and
- The amount of insurance proceeds already received by the claimant with respect to the claimant's claims.

Whether a Wildfire Claimant's Wildfire Claim is insured is immaterial to the existence of the claim or the Debtors' liability for the claimant's damages. The Debtors' only stated reason for including this information on the Debtors' POC is that "[i]dentifying whether a claim has been covered by insurance is required to value claims accurately and avoid any double-counting of losses recovered across the different categories of claimants (i.e., Wildfire Claimants and

Wildfire Subrogation Claimants)." (Debtors' Bar Date Motion, Dkt. No. 1784 at p. 28). However, demanding evidence regarding the existence and amount of insurance coverage available to a Wildfire Claimant is not appropriate at the proof of claim stage of a claim, and such evidence ultimately has nothing to do with the valuation of the Wildfire Claimant's claim. The Debtors certainly have not identified any reasonable nexus between the two. Otherwise, they would have presumably included a more reasonable explanation as to the necessity of this information in their Bar Date Motion, rather than providing this Court with a sweeping and unsubstantiated assertion that such information is "required." Furthermore, the Debtors have failed to explain how the information the Debtors seek to solicit regarding a Wildfire Claimant's insurance coverage would avoid double-counting of the Wildfire Claims and the Wildfire Subrogation Claims. Even if the Debtors could provide such an explanation (which, to date, they have not), the information would be more appropriately solicited from the Insurance Subrogation Claimants, not the Wildfire Claimants, and the information should certainly not be solicited by way of a proof of claim form.

**C.  The Debtors' Bar Date Motion seeks an order that would improperly require Wildfire Claimants to submit multiple proofs of claim for each Debtor and each wildfire.**

The Debtors provide no support for the proposed requirement that a Wildfire Claimant file a separate proof of claim for each Debtor and also a separate proof of claim for each fire giving rise to the claimant's Wildfire Claims. A requirement that Wildfire Claimants file multiple proofs of claim does nothing but add complexity, redundancy and unneeded additional costs to the claims filing process. Whether a Wildfire Claimant is asserting a claim against one or both of the Debtors and the designation of each wildfire giving rise to the claimant's Wildfire Claim can easily be provided by Wildfire Claimants through the submission of a single proof of claim form. Again, the Debtors have provided no explanation or rationale as to why a Wildfire

Claimant should be required to submit multiple proofs of claim for its Wildfire Claims. Requiring the filing of multiple proofs of claim is unnecessary and would be unduly burdensome on Wildfire Claimants. The only practical result of requiring multiple proofs of claim would be to provide yet another foot-fault by which the Debtors may avoid addressing the claims of Wildfire Claimants altogether.

**D.     The Debtors' POC inadequately describes the wildfires giving rise to the claims against them.**

The Debtors' POC also requires each Wildfire Claimant to identify the fire relevant to the claimant's claim. (*See* Debtors' Bar Date Motion Exhibit C-2, Dkt. No. 1784-6 at Part 3, Section 7, p. 3). However, the Debtors provide little guidance as to the date(s) of each of the fires identified in the Debtors' POC, the location of the fires, and other relevant information that would enable a Wildfire Claimant to accurately identify the fire or fires from which its claims arise. More specifically, the Debtors ask Wildfire Claimants to check a box next to one of the following names in order to designate the fire applicable to the Wildfire Claimant's claim:

37
Adobe
Atlas
Blue
Butte
Camp
Cascade
Cherokee
Honey
La Porte
Lobo
Maacama
McCourtney
Norrbom
Nuns
Partrick
Pocket
Point
Pressley
Pythian (a.k. Oakmont)
Redwood

Sulphur
Tubbs

The use of colloquial names for the fires fails to provide Wildfire Claimants with adequate information regarding which fire the Debtors mean to designate, which could cause confusion on the part of Wildfire Claimants and potentially mis-identified fires. At the very least, any proof of claim approved by this Court should adequately identify each fire by location and the date(s) upon which the fire occurred.

**E.      The Public Entities reserve their right to further object.**

The Public Entities reserve their right to adopt any other objection filed in these bankruptcy cases pertaining to the relief requested by the Debtors in the Debtors' Bar Date Motion.

## CONCLUSION

WHEREFORE, the Public Entities respectfully request that (a) their objection be granted, (b) the proposed Debtors' POC not be approved by this Court, (c) the Tort Committee's POC be approved by this Court, and (d) the Public Entities be granted such other and further relief as the Court deems just and proper.

Dated: May 28, 2019                    STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, P.C.


By:  */s/ Sander L. Esserman*
        Sander L. Esserman
Attorneys for Public Entities Impacted by the Wildfires


Dated: May 28, 2019                    BARON & BUDD, P.C.


By:  */s/ Scott Summy*
        Scott Summy
Attorneys for Public Entities Impacted by the Wildfires

Dated: May 28, 2019         NUTI HART LLP

                            By: */s/ Kimberly S. Fineman*
                                 Kimberly S. Fineman
                                 Attorneys for Public Entities Impacted by the Wildfires