Dario de Ghetaldi – Bar No. 126782
Amanda L. Riddle – Bar No. 215221
Steven M. Berki – Bar No. 245426
Sumble Manzoor – Bar No. 301704
**COREY, LUZAICH,**
**DE GHETALDI & RIDDLE LLP**
700 El Camino Real
P.O. Box 669
Millbrae, CA 94030-0669
Telephone: (650) 871-5666
Facsimile: (650) 871-4144
deg@coreylaw.com
alr@coreylaw.com
smb@coreylaw.com
sm@coreylaw.com

Michael S. Danko – Bar No. 111359
Kristine K. Meredith – Bar No. 158243
Shawn R. Miller – Bar No. 238447
**DANKO MEREDITH**
333 Twin Dolphin Drive, Suite 145
Redwood Shores, CA 94065
Telephone: (650) 453-3600
Facsimile: (650) 394-8672
mdanko@dankolaw.com
kmeredith@dankolaw.com
smiller@dankolaw.com

Eric Gibbs – Bar No. 178658
Dylan Hughes – Bar No. 209113
**GIBBS LAW GROUP**
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@classlawgroup.com
dsh@classlawgroup.com

Attorneys for Fire Victims Creditors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION and<br>PACIFIC GAS AND ELECTRIC<br>COMPANY,<br><br>           Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case,<br>No. 19-30088 (DM) | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**INDIVIDUAL BUTTE FIRE, NORTH BAY FIRES, AND CAMP FIRE VICTIM CLAIMANTS' OBJECTION TO DEBTORS' "BAR DATE MOTION" (DKT. NO. 1784)**<br><br>Date:    June 11, 2019<br>Time:   9:30 a.m. (Pacific Daylight Time)<br>Place:   United States Bankruptcy Court<br>            Courtroom 17, 16th Floor<br>            San Francisco, CA 94102<br>Objection Deadline: May 28, 2019 |

## I. INTRODUCTION

In 2015, 2017, and 2018, PG&E's recklessness torched almost 470,000 acres, killed more than 130 people, damaged or destroyed over 30,000 homes and structures, and left thousands of people homeless, burned or otherwise injured and traumatized. To shelter itself from lawsuits by these thousands of victims (the "Wildfire Claimants"), PG&E filed for bankruptcy. It now comes to this Court seeking an order approving a burdensome, confusing, and unnecessarily complex proof of claim form that will strip many of these Wildfire Claimants of their ability to make claims against PG&E and recover their losses.[1] Notably, PG&E insists that the Wildfire Claimants respond to questions, many of them irrelevant, to which any experienced mass tort lawyer knows victims generally do not know the answer, and produce documents that were destroyed in or will be difficult to obtain due to the very fires that PG&E started.

Objectors herein are 133 survivors of the 2015 Butte Fire, 333 survivors of the 2017 North Bay Fires, and 1,923 survivors of the 2018 Camp Fire, including the families of 18 people who died in three of those fires. (Declaration of Amanda L. Riddle in Support of Individual Butte Fire, North Bay Fires, and Camp Fire Victim Claimants' Objection to Debtors' "Bar Date Motion" (Riddle Decl.), ¶ 1-2.) They request that this Court reject PG&E's proposed claim form and, instead, approve the Tort Claimant Committee's proposed proof of claim form.

## II. FACTUAL BACKGROUND

Objectors are victims and survivors of the 2015 Butte Fire, the 2017 North Bay Fires, and the 2018 Camp Fire. (Riddle Decl., ¶ 2.) A significant number of Objectors lost their primary residence and are now displaced, living in trailers, RVs, hotels, rental units, and with friends and family. (*Id.* at ¶ 3; Declaration of Bradford Bowen in Support of Individual Butte Fire, North Bay Fires, and Camp Fire Victim Claimants' Objection to Debtors' "Bar Date Motion" (Bowen Decl.), ¶ 1-3.) Many Objectors do not have power and water hookups for their trailers and RVs and many obtained temporary housing in areas far from their hometown. (Riddle at ¶ 3; Bowen Decl., at ¶ 3.) Many Wildfire Claimants have been unable to maintain cell phone numbers, addresses, or email contact.

---

[1] Objectors understand that the Tort Claimants' Committee will address PG&E's proposed Bar Date and notice procedures, and defers to the TCC on those issues, only addressing PG&E's proposed proof of claim form in this objection.

Many have never used email before, and many of those who had, have been unable to find consistent internet access. Many Wildfire Claimants do not have a smart phone. Many more do not get service at their homes. (Bowen Decl., ¶ 4.)

In large numbers, Objectors suffer from the emotional fallout of these disasters, including from post-traumatic stress disorder, major depressive disorder, adjustment disorder, depression and anxiety. (Riddle at ¶ 6; see also Bowen Decl., at ¶ 2, 5.) This is all true of many victims of these fires, but most significantly the victims of the Camp Fire, which occurred less than seven months ago. (Bowen Decl., at ¶ 2.)

Counsel for Objectors have represented victims and survivors of PG&E caused and other disasters for more than a decade, including the wildfires at issue in this matter, as well as hundreds more survivors of the 2018 Montecito Mudslide, the 2017 Thomas Fire, and the 2010 San Bruno Explosion. (Riddle Decl., at ¶ 2.) In Objectors' Counsels' experience, it is common for disaster victims to not understand their insurance coverage, including the claims and payment amounts and process or their legal claims and damages available under the law. (Riddle Decl., at ¶ 7.) It is also generally the case that documents that support victims' claims were destroyed in the very disaster that caused their injuries and replacement documents are costly, time-consuming, or difficult to obtain. (Riddle Decl., at ¶ 5, 8; Bowen Decl., ¶ 6.) The aftermath of a wildfire or explosion is incredibly overwhelming and scurrying around obtaining documents to support damages is an arduous and sometimes impossible task. (Riddle Decl., at ¶ 10; Bowen Decl., at ¶ 2-9.) It is also rare for disaster victims to know the value of their claims. Expert witnesses are generally used for such calculations. (Riddle Decl., at ¶ 9.) As a result, it will be very difficult for many Wildfire Claimants to successfully submit a claim using PG&E's proposed proof of claim form. (Riddle Decl., at ¶ 10; Bowen Decl., at ¶ 9.)

III. LEGAL ARGUMENT

    A. **WILDFIRE CLAIMANTS SHOULD NOT BE REQUIRED TO RESPOND TO DISCOVERY IN ORDER TO SUBMIT A CLAIM**

The broad range of information and documents required by PG&E's proposed proof of claim form is unnecessarily and improperly sought. PG&E claims in its motion that the information it

seeks is "critical to assessing the Debtors' aggregate liability." (Debtors' Motion at p. 27:21-24.) PG&E's proposed order also requires each claimant to "set forth with specificity the legal and factual basis for the alleged claim, including all of the information requested in the Wildfire Claimant Proof of Claim Form," and produce supporting documents. (Debtors' Motion, Ex. A at ¶3(c).)

However, PG&E does not explain why it believes that this information, with the stated level of specificity, is critical. Is PG&E going to dispute liability on each one of the 2015, 2017 and 2018 fires? Liability on the 2015 Butte Fire has already been determined, with the court in that case finding that PG&E caused the Butte Fire. Cal Fire found that PG&E caused at least 19 out of 21 of the North Bay Fires, as well as the Camp Fire. Unless PG&E intends to dispute that it caused each of these fires, including the Camp Fire, for which PG&E's CEO recently apologized, the Wildfire Claimants need not produce the specific information and documents sought.

If what PG&E means is that the specific information and supporting documents are important and necessary to determine the ***extent*** of PG&E's liability, that is also not true. Rather, "[e]stimation is a summary procedure whereby the Court *estimates* the value of a claim. A bankruptcy court need only reasonably estimate the probable value of a claim. Such an estimate necessarily implies no certainty and is not a finding or fixing of an exact amount; it is merely the court's best estimate for the purpose of permitting the case to go forward." (*In re North Am. Health Care, Inc.,* 544 B.R. 684, 692 (Bankr. C.D. Cal 2016).) For this reason, it is also not true, as PG&E's claims, that "[i]dentifying whether a claim has been covered by insurance is required to value claims accurately and avoid any double-counting of losses recovered across the different categories of claimants." (Debtors' Motion at p. 28:4-6.) Even if this was the case, insurance information can be much more easily obtained from the subrogation carriers than it can be from 30,000 individual Wildfire Claimants, many of whom are still displaced and the vast majority of whom are unsophisticated when it comes to matters of insurance claims and payments. (Riddle Decl., ¶ 7.)

In addition, PG&E's heightened pleading standard of "specificity" and document production is improper for a proof of claim. A proof of claim is a written statement setting forth a creditor's claim, supported by writings that evidence the basis of the claim. (Bankruptcy Rule 3001(a).) The

purpose of the proof of claim is to alert the court, trustee, and other creditors, as well as the debtor, to claims against the estate. (*In re Daystar of Cal., Inc.,* 122 B.R. 406, 408 (Bankr. C.D. Cal. 1990).) A proof of claim is a notice pleading. Specificity should not be required. In addition, PG&E's liability to the Wildfire Claimants is not created by a writing. Therefore, under Rule 3001, no documents are required to support the proof of claim. (*See also In re Cluff*, 313 B.R. 323, 332.)

Wildfire Claimants should not be required to respond to discovery to submit a proof of claim. There is no requirement or basis for making them do so. PG&E's proposed form is unnecessarily and unduly burdensome and a clear ploy to create significant obstacles to the filing of a proof of claim for Wildfire Claimants.

### B. PG&E'S PROPOSED PROOF OF CLAIM FORM IS CONFUSING, BURDENSOME AND SEEKS IRRELEVANT INFORMATION

#### 1. Many of the Questions on PG&E's Proposed Proof of Claim Form are Confusing and Irrelevant

PG&E's proposed proof of claim form at Question 7 requires the Wildfire Claimant to check the box as to "Which fire is relevant to [their] claim." The form states that only one fire should be selected. The list of fires is incomplete. Certain Wildfire Claimants were impacted by more than one fire. Certain fires converged. (Riddle Decl., at ¶ 4.) This question is confusing, and PG&E does not state why the specific fire is required.

PG&E's proposed proof of claim at Question 8 asks for the "Loss of Residence/Structure" address. This question is confusing because it implies that a Wildfire Claimant must have "lost" their home or structures to have a real property claim.

PG&E's proposed proof of claim form at Question 8 asks "Do you intend to rebuild?" This question seeks irrelevant information. A Wildfire Claimants' measure of damages for real property loss is not defined by whether they intend to rebuild. Rather, the measure of damages is diminution in value or cost of repair, whichever is less, which an exception made for claimants who have a "genuine desire to rebuild for a personal reason." (Judicial Council of California Civil Jury

Instructions 3903(F).)[2] A claimant need only to have a ***genuine desire*** to rebuild their home to seek the cost of rebuild or repair. Many Wildfire Claimants cannot and will not intend to rebuild unless and until they get the money to do so, which they will not until PG&E pays their damages in full. (Riddle Decl., ¶ 9.)

In various places, the form requires the claimant to state the value of their claim. Disaster victims generally do not know the value of their claims or how to calculate their damages. Expert witnesses are often used to value real property, including structural, forestry, erosion and road damage, personal property, lost wages, and medical and mental health treatment claims, rather than relying on our clients to provide this information. (Riddle Decl., at ¶ 9.) Specifically, PG&E's proposed proof of claim form at Question 11 asks for the value of the claimants' personal injury claim. This question seeks irrelevant information. A claimant is not qualified to determine the value of their personal injury claim and their belief as to the value of their claim is not relevant. Such a determination is made by a finder of fact or through the estimation process.

Question 11 is also misleading in that it requires supporting documents such as medical records reflecting the date and nature of the injury, implying that a Wildfire Claimant only has a personal injury claim if they sought medical attention.

### 2. **Insurance Information Should be Sought from Insurers, Not Wildfire Claimants, and Should not be a Prerequisite to Filing a Claim**

In various places in its proposed proof of claim form, PG&E seeks details about insurance coverage, claims and payments. First, most Wildfire Claimants will not have the knowledge to respond to these specific questions. Often, insurance claims are made piecemeal, over time, as information regarding damage is learned. and payments are also made piecemeal, over time, as claims are approved. Claimants often have multiple insurance policies and more than one insurance claims representative assigned to their case over the period of the claim and each separate payment comes with separate documentation that is not always consistent with prior or subsequent

---

[2] The amount of a Wildfire Claimants' damages is measured by California law. (*In re* Cogar, 210 B.R. 803, 809 (B.A.P. 9th Cir. 1997) *citing* Bankr.Code, 11 U.S.C.A. § 101(5) [Absent overriding federal interest, existence of claim in bankruptcy is generally determined by state law.].)

documentation. For these reasons, insurance coverage, claim and payment information is generally obtained directly from the insurers in mass torts cases against PG&E. (Riddle Decl., at ¶ 7.)

In addition, the "collateral source rule" precludes consideration of amounts paid by the insurer when valuing a claim. (*Helfend v. S. Cal. Rapid Transit Dist.*, 2 Cal. 3d 1, 7 (1970) ["The Supreme Court of California has long adhered to the doctrine that if an injured party receives some compensation for his injuries from a source wholly independent of the tortfeasor, such payment should not be deducted from the damages which the plaintiff would otherwise collect from the tortfeasor."].) As such, the amount paid by the insurer is not relevant to the estimation of the wildfire claims.

### 3. PG&E's Demand for Documents Supporting Their Claims is Confusing, Burdensome and Prejudicial

In various places, PG&E's proposed claim form requires the claimant to provide documents in support of their claims. It is not clear from the form whether the list is exhaustive. It is not clear from the form or the motion whether the claim form will be defective if the specified or other documentation is not attached. Significantly, it is also generally the case that documents that support victims' claims were destroyed in the very fire from which their claims arise. Many of the Wildfire Claimants' homes were destroyed, with everything inside burned. While certain Wildfire Claimants may have electronic access to certain documents or may be able to obtain certain documents from public agencies, most of them certainly do not have access to all documents that support their claims. In addition, gathering all documents that support a Wildfire Claimant's claims is often costly, time-consuming, or difficult, especially considering living circumstances and emotional injuries. (Riddle Decl., at ¶ 8; Bowen Decl., at ¶ 4-6.)

## IV. CONCLUSION

PG&E's proposed form is a transparent attempt to exclude as many Wildfire Claimants as possible, unfairly prejudicing the most vulnerable claimants in this bankruptcy. It is confusing, seeks irrelevant information and improperly seeks discovery. As such, PG&E's motion should be

/ / /

1  denied, and its proposed proof of claim form should be rejected by this Court.  The TCC's proof of
2  claim form should be approved.

4  DATED: May 28, 2019                    Respectfully submitted,

**COREY, LUZAICH, DE GHETALDI & RIDDLE LLP**

By: _____
    Dario de Ghetaldi
    Amanda L. Riddle
    Steven Berki
    Sumble Manzoor
    Attorneys for Objectors Herein

**DANKO MEREDITH**
    Michael S. Danko
    Kristine K. Meredith
    Shawn R. Miller
    Attorneys for Objectors Herein

**GIBBS LAW GROUP**
    Eric Gibbs
    Dylan Hughes
    Attorneys for Objectors Herein