Dario de Ghetaldi – Bar No. 126782
Amanda L. Riddle – Bar No. 215221
Steven M. Berki – Bar No. 245426
Sumble Manzoor – Bar No. 301704
**COREY, LUZAICH,
DE GHETALDI & RIDDLE LLP**
700 El Camino Real
P.O. Box 669
Millbrae, CA 94030-0669
Telephone: (650) 871-5666
Facsimile: (650) 871-4144
deg@coreylaw.com
alr@coreylaw.com
smb@coreylaw.com
sm@coreylaw.com

Michael S. Danko – Bar No. 111359
Kristine K. Meredith – Bar No. 158243
Shawn R. Miller – Bar No. 238447
**DANKO MEREDITH**
333 Twin Dolphin Drive, Suite 145
Redwood Shores, CA 94065
Telephone: (650) 453-3600
Facsimile: (650) 394-8672
mdanko@dankolaw.com
kmeredith@dankolaw.com
smiller@dankolaw.com

Eric Gibbs – Bar No. 178658
Dylan Hughes – Bar No. 209113
**GIBBS LAW GROUP**
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@classlawgroup.com
dsh@classlawgroup.com

Attorneys for Individual Butte Fire, North Bay Fires,
And Camp Fire Victim Claimants

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION and<br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>　　　　　Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM) | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**DECLARATION OF AMANDA L. RIDDLE IN SUPPORT OF INDIVIDUAL BUTTE FIRE, NORTH BAY FIRES, AND CAMP FIRE VICTIM CLAIMANTS' OBJECTION TO DEBTORS' "BAR DATE MOTION" (DKT. NO. 1784)**<br><br>Date:　　June 11, 2019<br>Time:　　9:30 a.m. (Pacific Daylight Time)<br>Place:　　United States Bankruptcy Court<br>　　　　　Courtroom 17, 16th Floor<br>　　　　　San Francisco, CA 94102<br>Objection Deadline: May 28, 2019 |

I, AMANDA L. RIDDLE, declare:

1. I am partner in the law firm of Corey, Luzaich, de Ghetaldi & Riddle LLP. I have been practicing law for over 17 years. For more than eight of those years, I have spent a significant portion of my time suing utility companies, primarily Pacific Gas & Electric Company, and its parent corporation, PG&E Corporation. I also served on the Institute for the Advancement of the American Legal System's Natural Disasters Initial Discovery Protocols Committee, which was a project sponsored by the American College of Trial Lawyers to develop initial discovery protocols in mass disaster cases.

2. I was court-appointed Plaintiffs' Liaison Counsel and a member of the Executive Committee in the PG&E San Bruno Fire JCCP arising from the 2010 San Bruno explosion caused by PG&E. In that case, my firm represented 142 plaintiffs, and the JCCP included just over 500 plaintiffs. I was court-appointed Plaintiffs' Liaison Counsel in the Butte Fire JCCP arising from the 2015 Butte Fire cases against PG&E. In that case, my firm, along with our co-counsel, Danko Meredith, represents 260 plaintiffs, and, at its height, the JCCP included almost 3,800 plaintiffs. Our group settled approximately half of our cases prior to Debtors' Chapter 11 petition, and currently represent 133 victims of that disaster who we expect will file claims in this bankruptcy proceeding. My partner, Dario de Ghetaldi, is a member of the Plaintiffs' Executive Committee in the 2017 North Bay Fire JCCP against PG&E. Our firm, along with our co-counsel Danko Meredith and Gibbs Law Group, represent 333 victims of that fire, who we expect will file claims in this bankruptcy proceeding. In addition, our firm, along with our co-counsel Danko Meredith and Gibbs Law Group, represents 1,923 victims of the 2018 Camp Fire, caused by PG&E, each of whom we expect will file a claim in this bankruptcy proceeding. Our group represents the families of 18 people who were killed in the 2015, 2017 and 2018 fires. We expect each of those family members to file a claim in this bankruptcy proceeding. In addition, our firm represents one victim of the 2015 Fresno Gas Line Explosion – which involved the explosion of a PG&E gas line at the Fresno County Sheriff's gun range on April 17, 2015 – who will also file a claim in this bankruptcy proceeding. At all times, I was, and continue to be, involved in the management and litigation of each of these mass torts cases.

3. A significant number of our clients lost their primary residence and are now displaced, living in trailers, RVs, hotels, rental units, and with friends and family. Many of our

clients do not have power and water hookups for their trailers and RVs and many obtained temporary housing in areas far from their hometown. Many of our clients do not have consistent access to a computer or printer, nor do they have consistent cellular service, at this time. As a result, communication with them is often delayed and requires multiple attempts. This is true of clients in each of these fires, but most particularly of our Camp Fire clients because the fire happened less than seven months ago.

4. Certain of our North Bay Fire clients were victims of more than one fire or fires that merged, which names are not listed on the PG&E proposed proof of claim.

5. At least one of our clients who lost family members in the Camp Fire is not able to obtain a death certificate for those family members because not all victims of the Camp Fire have been formally identified. Our wrongful death clients' also have no access to their deceased family members' passport or driver's license, both of which were likely destroyed in the fire.

6. In large numbers, our clients share with us the emotional fallout of these disasters. Many of them have been diagnosed with post-traumatic stress disorder, major depressive disorder, adjustment disorder, depression and/or anxiety. Even those who have not been formally diagnosed often suffer from sleeplessness, nightmares, stress, irritability, and are easily triggered when they smell smoke or burnt food or see or talk about fire. In my experience representing over 2,500 disaster victims, I have found that it is often the case that when wildfire and disaster victims are asked to discuss their claims or recount their damages, that their trauma is triggered. As a result, I am careful not to ask disaster victims for information or documents unnecessarily.

7. In my experience representing disaster victims, it is common for disaster victims to not understand their insurance coverage, including the claims and payment amounts and process or their legal claims and damages available under the law. Often, insurance claims are made piecemeal, over time, as information regarding damage is learned. and payments are also made piecemeal, over time, as claims are approved. Claimants often have multiple insurance policies and more than one insurance claims representative assigned to their case over the period of the claim and each separate payment comes with separate documentation that is not always consistent with prior or

subsequent documentation. Insurance coverage, claim and payment information is generally obtained directly from the insurers in mass torts cases against PG&E.

8. In my experience, it is also generally the case that documents that support victims' claims were destroyed in the very fire from which their claims arise. A large number of our clients' homes were destroyed, with everything inside burned. While our clients may have electronic access to certain documents or may be able to obtain certain documents from public agencies, the majority of them certainly do not have access to all documents that support their claims. In addition, gathering all documents that support a Wildfire Claimant's claims is often costly, time-consuming, or difficult, especially in light of living circumstances and emotional injuries.

9. Furthermore, in my experience, disaster victims generally do not know the value of their claims or how to calculate their damages. We often use expert witnesses to value real property, including structural, forestry, erosion and road damage, personal property, lost wages, and medical and mental health treatment claims, rather than relying on our clients to provide this information. Wildfire victims are often not able to make the decision on whether they will rebuild their property until they know the full amount of compensation that they will receive.

10. Based on my extensive experience representing disaster victims and litigating such cases, I believe that PG&E's proposed proof of claim form will lead to confusion and will be very difficult for many Wildfire Claimants, especially Camp Fire victims, to effectively complete.

I declare under penalty of perjury that the foregoing is true and correct of my own personal knowledge. Executed this 28th day of May, 2019, at Millbrae, California.

_____
AMANDA L. RIDDLE

Case: 19-30088    Doc# 2242-1    Filed: 05/28/19    Entered: 05/28/19 15:37:20    Page 4 of 4

4