SULLIVAN HILL REZ & ENGEL
A Professional Law Corporation
 James P. Hill, SBN 90478
 Christopher V. Hawkins, SBN 222961
600 B Street, Suite 1700
San Diego, California 92101
Tel: (619) 233-4100
Email: hill@sullivanhill.com
        hawkins@sullivanhill.com

Gerald Singleton, SBN 208783
John C. Lemon, SBN 175847
SINGLETON LAW FIRM, APC
450 A Street, 5th Floor
San Diego, CA 92101
Tel: (619) 771-3473
Fax: (619) 255-1515
Email: gerald@slffirm.com
        john@slffirm.com

Attorneys for SLF Fire Victim Claimants

**Electronically Filed 5/28/19**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

In re

PG&E CORPORATION,

　　and

PACIFIC GAS AND ELECTRIC COMPANY

　　　　Debtors

Case No. 19-30088 (DM)

Chapter 11

(Lead Case–Jointly Administered)

**OBJECTIONS BY THE SINGLETON LAW FIRM FIRE VICTIM CLAIMANTS TO: (1) THE PROOF-OF-CLAIM FORMS PROPOSED BY PG&E AND THE TORT CLAIMANTS COMMITTEE (INCLUDING A PROPOSED ALTERNATIVE FORM); AND (2) THE WILDFIRE-CLAIM CUT-OFF DATE PROPOSED BY PG&E [ECF 1784, 1824]**

Date: June 11, 2019
Time: 9:30 a.m. (Pacific)
Place: United States Bankruptcy Court
　　　　Courtroom 17, 16th Floor
　　　　San Francisco, CA 94102
　　　　Hon. Dennis Montali

Opposition Deadline: May 28, 2019

1

TO: ALL COUNSEL AND THEIR ATTORNEYS OF RECORD

The Singleton Law Firm Fire Victim Claimants ("SLF Claimants") hereby submit the following objections to the above-captioned debtors' (collectively, "PG&E") proposed Proof of Claim Form and to PG&E's prposed deadline of September 16, 2019, for submitting proofs of claims for fire claims, and attach a proposed modification to the Proof of Claim Form proposed by the Tort Claims Committee.

## I.

## Introduction and Pertinent Facts

On May 1, 2019, PG&E filed a motion to, *inter alia,* set a September 16, 2019 deadline for submitting wildfire claims. Doc. No. 1784. In the same pleading, it proposed a Wildfire Claimant Proof of Claim Form. On May 3, the Official Committee of Tort Claimants Committee ("TCC") moved for an order adopting a different proof of claim form for wildfire claimants. Docs. No. 1824-25. This Court has scheduled a hearing for June 11.

The proof of claim form proposed by PG&E is unduly burdensome, and the SLF Claimants agree with the TCC that the only information *required* for the proof of claim form should be the information requested by the TCC's version of the proposed form.

However, a significant number of the SLF Claimants are able to supply *more* information, which would presumably be helpful to PG&E in processing the claims and formulating a plan of reorganization. Accordingly, in the interest of expediting this process, the SLF Claimants propose a slightly modified proof of claim form, which would permit claimants who can provide an estimated claim amount to do so.

The SLF Claimants' proposed form also permits multiple individuals who suffered a loss relating to the same property to submit a single form, rather than having each individual file separate forms. This will streamline the process – by requiring PG&E to review and process significantly fewer claim forms – and will also give PG&E a more realistic assessment of the amount of damages claimed because individuals with a joint loss (e.g., a husband and wife who jointly own a home destroyed in one of the fires started by PG&E) will not have to submit separate, duplicative claims.

2

With respect to the deadline for submitting claims, the SLF Claimants object to PG&E's proposed September 16, 2019 bar date, which would provide victims of the Camp Fire less than a year to file claims, likely barring the claims of many victims who have not yet come forward. They instead propose November 8, 2019, which would be exactly one year following the date of the Camp Fire.

## II.

**This Court should authorize a hybrid proof of claim form, which would allow (but not require) fire victims to provide *more* information to PG&E whenever possible, presumably shortening the time for the victims to be made whole.**

**A.     The TCC's form, as modified by the SLF Claimants, should be adopted**

As a threshold matter, the SLF Claimants agree with the TCC that the only *required* information for the wildfire proof-of-claim form should be the information called for by the TCC questionnaire. *See* Doc. No. 1824-1. Providing additional detail should *not* be mandatory and PG&E's attempt to impose that requirement is an obvious attempt to bar legitimate claims. *See* Partial Objection of Ad Hoc Group of Subrogation Claim Holders, Doc. No. 2043 at 2-3 (PG&E's "proposed order . . . appears to set up a foot-fault where a claimant that is unable to answer every question" shall be "forever barred, estopped, and enjoined from asserting [] claims.").

The SLF Claimants nonetheless want to have the option of providing *more* detail, however, because – if past is prologue – PG&E will rely on the absence of that information to further delay this process. Indeed, PG&E states in its motion that "[t]he analysis of Wildfire Claims in particular is of critical importance to move these Chapter 11 Cases forward." Doc. No. 1784 at 13. And it later elaborates that specific information regarding loss and injury is *critical* for PG&E to be able to assess its total liability:

> It is abundantly clear that a gating issue in these cases is the magnitude of the Debtors' liability with respect to Wildfire Claims to be addressed in a plan of reorganization. . . [T]he information being requested is critical to assessing the Debtors' aggregate liability, overall and for different categories of claims. For instance, identifying the relevant fire and the location of the loss or injury is necessary to ensure that liability findings made with respect to the individual fires are carried through to the corresponding claims.

3

*Id.* at 27-28.

It is also an open secret that PG&E elected to enter Chapter 11 for the purpose of delay – using that delay as leverage to lobby Sacramento to: (1) reduce PG&E's liability for future fires; and (2) provide a taxpayer-funded bailout fund. Indeed, PG&E recently moved for a 180-day extension of its exclusivity period while at the same time conceding before this Court that it doesn't "have a plan of reorganization" and that "until we have a better handle on total claims exposure as well as the legislation to reform wildfire liability laws, we are not in a position to be able to put forward a plan of reorganization." April 29, 2019 Transcript of Meeting of Creditors at 13.

And the SLF Claimants are not the only interested parties who have noticed. On May 15, 2019, for example, the Ad Hoc Committee of Senior Unsecured Noteholders filed a statement "to register its concerns regarding the length of the extension sought [by PG&E]." Doc. No. 2008 at 2. According to that statement, "the Debtors have not . . . engaged in any substantive plan-related discussions with any of their primary stakeholders, including the Ad Hoc Committee, which holds a majority of the Utility's approximately $20.5 billion in funded debt." *Id.*

It is thus reasonable to infer – based on PG&E's conduct to date – that it will use the absence of specific loss and injury information on the proof-of-claim forms to protest that it cannot process the claims, further dragging out this process.

In the interest of aiding PG&E in processing these claims (as well as eliminating this potential delay tactic), the SLF Claimants wish to have the option of including the amount of their claim if they have a reasonable basis for doing so at the time of filing. The SLF Claimants proposed, modified form is attached as Exhibit A.

**B. It will both streamline and improve the accuracy of the tort claims process if multiple claimants whose damages relate to the same property are permitted to file a single proof-of-claim form**

The SLF Claimants' proposed form also permits multiple individuals who suffered a loss relating to the same property to submit a single form, rather than having each individual file separate forms. By requiring PG&E to review and assess fewer claims, this will both streamline the process and give PG&E a more realistic assessment of the actual amount of damages claimed.

4

Here is an example of how this process will be an improvement over filing separate claims. Under the current system, if a husband and wife jointly own a home that was destroyed, then each would have to file a separate claim for the full value of the property destroyed. Under the SLF Claimants' proposed form, however, the husband and wife would jointly file a single claim that sets forth the amount of their loss. This will give PG&E a much more accurate picture of the damages caused by the fire, since they will not have to needlessly deal with duplicative claims.

Moreover, because fire claims in litigation generally are resolved by property (i.e., a single family unit will typically negotiate and receive a single settlement, rather than each member of the family negotiating his or her amount separately), this system will allow the parties to resolve these claims in the same manner they are accustomed to resolving them in Superior Court. Since many of the attorneys representing fire victims in this bankruptcy have already resolved hundreds of fire claims with PG&E from the 2015 Butte Fire, this will allow the parties to use the information and knowledge gained in Butte to more quickly evaluate – and resolve – the fire claims involved in this bankruptcy. Rather than re-inventing the wheel, the parties can work from the system that worked so well in the 2015 Butte Fire to construct a similar system for resolving the wildfire claims in this bankruptcy.

### III.

**PG&E's proposed claims-filing deadline of September 16, 2019 is premature; this Court should extend it to give the Camp Fire victims at least one year to file their claims.**

PG&E has proposed a tort-claim deadline of September 16, 2019. Although the SLF Claimants want this case to proceed as expeditiously as possible, they object because the Camp Fire victims should have at least a year to file a claim.

The Camp Fire started on November 8, 2019. In the experience of undersigned counsel, a substantial number of victims of a large, utility-started wildfire do *not* retain counsel within the first ten months (the period PG&E is suggesting). This occurs for a number of reasons, including: (1) victims are often disbursed geographically; (2) they are focused on obtaining insurance coverage (a process that can often be a full-time job), and want to exhaust their insurance coverage before

5

deciding whether to hire an attorney; and (3) many victims are not aware that the utility defendant is responsible for the fire. While the third issue is *not* as relevant here – since news coverage of PG&E's role in starting the Camp Fire is widespread – many victims are not aware that it is possible to file a claim against PG&E since PG&E has filed for Chapter 11 protection. Given the amount of destruction caused by the Camp Fire (nearly 14,000 homes and nearly 19,000 structures destroyed), undersigned counsel estimates that there may be as many as 10,000 Camp Fire victims who have not yet filed suit or otherwise registered claims against PG&E.

The purpose of a claim-filing deadline (or bar date) is obviously to balance the rights of creditors against the debtor's need to identify the universe of claims against it. Here, the SLF Claimants propose November 8, 2019 – one full year since the fire – as a workable deadline that is both easy to remember and disseminate in the community (i.e., "If your house burned down in the Camp Fire and you want to sue PG&E, you have one year from the date of the fire to file a proof of claim in the bankruptcy court.").

## IV.

## Conclusion

The SLF Claimants respectfully request that this Court approve its modified proof-of-claim form so that they may provide PG&E with the "critical information" it needs immediately. They also request a bar date for filing claims of November 8, 2019.

Dated: May 28, 2019　　　　　　　　　SULLIVAN HILL REZ & ENGEL
　　　　　　　　　　　　　　　　　　　A Professional Law Corporation

　　　　　　　　　　　　　　　　　　　By:　　*/s/ Christopher V. Hawkins*
　　　　　　　　　　　　　　　　　　　　　James P. Hill
　　　　　　　　　　　　　　　　　　　　　Christopher V. Hawkins

Dated: May 28, 2019　　　　　　　　　SINGLETON LAW FIRM, APC

　　　　　　　　　　　　　　　　　　　By:　*Gerald Singleton*
　　　　　　　　　　　　　　　　　　　　　Gerald Singleton
　　　　　　　　　　　　　　　　　　　　　John C. Lemon
　　　　　　　　　　　　　　　　　　　Attorneys for the Singleton Law Firm
　　　　　　　　　　　　　　　　　　　Fire Victim Claimants

6

**EXHIBIT "A"**

**UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br>    PG&E Corporation, and<br>    Pacific Gas and Electric Company,<br>        Debtors. | Chapter 11<br><br>Case No. 19-30088 (DM)<br>Jointly Administered |

# Proof of Claim (Fire Related Claim)

Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire. Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Please type or print in the spaces below. Do NOT use red ink or pencil.

### Part 1:  Identify the Claim

1. Creditor(s) (all individuals for whom this is being submitted) _____
_____
_____

   Name and address of individual(s) to whom notices of this claim should be sent: _____
_____
_____
_____

   Relationship of this individual to creditor: _____
_____

2. Total number of individuals included in this claim: _____
   Total number of properties: _____

3. Does this claim amend one already filed?
   ❑ No
   ❑ Yes.  Claim number on court claims registry (if known) _____  Filed on ___ / ___ / _____
                                                                                        MM  /  DD  /  YYYY

### Part 2:  Give Information About the Claim as of the Date the Case Was Filed

4. What fire is the basis of your claim? Check all that apply.
   ❑ Camp Fire (2018)
   ❑ North Bay Fires (2017)
          [ ] Tubbs Fire   [ ] Other 2017 North Bay Fire
   ❑ Ghost Ship Fire (2016)
   ❑ Butte Fire (2015)
   ❑ Other (please provide date and brief description of fire): _____
   _____

5. What are the loss location(s) where you suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different)
   Location(s): _____
   _____
   _____

| 6. How were you harmed? Check all that apply. | ☐ Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)<br>    ☐ Owner ☐ Renter ☐ Occupant ☐ Other (Please specify): _____<br>☐ Personal Injury<br>☐ Wrongful Death<br>☐ Business Loss/Interruption<br>☐ Lost wages and earning capacity<br>☐ Loss of community and essential services<br>☐ Agricultural loss<br>☐ Other (Please specify) _____ |
|---|---|
| 7. What damages are you claiming/seeking? | ☐ Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)<br>☐ Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)<br>☐ Punitive, exemplary, and statutory damages<br>☐ Attorney's fees and litigation costs<br>☐ Interest<br>☐ Any and all other damages recoverable under California law<br>☐ Other (Please specify) _____ |
| 8. How much is the claim? | ☐ To be determined in an amount according to proof<br>or<br>[ ] Creditor(s) will accept the following to resolve his/her/their claim _____ |

| Part 3: | Sign Below |
|---|---|

| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**<br>**18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br><br>☐   I am the creditor.<br>☐   I am the creditor's attorney or authorized agent.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date _____<br>                                MM / DD / YYYY<br><br><br>_____<br>   Signature<br><br>**Print the name of the person who is completing and signing this claim:**<br><br>Name    _____<br><br>Title     _____<br><br>Company _____<br>          Identify the corporate servicer as the company if the authorized agent is a servicer.<br><br>Address  _____<br>          Number    Street<br><br>         _____<br>         City                                 State    ZIP Code<br><br>Contact Phone#                    E-Mail |
|---|---|

# Instructions for Proof of Claim (Fire Related Claim)

United States Bankruptcy Court

You may have a claim against the Debtors for monetary loss, personal injury (including death), or other asserted damages arising out of or related to a fire. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form:

- **Fill in all of the information about the claim as of the date this claim form is filed**.

- **If the claim has been acquired from someone else**, then state the identity of the last party who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **For a minor child, fill in only the child's initials and the full name of the child's parent or guardian**. For example, write *A.B., a minor child* (*John Doe, parent*). *See* Bankruptcy Rule 9037.

- **You are not required to attach supporting documents to this form**. Many communities suffered significant, if not complete, ruin and destruction. Also, many individual claimants are displaced, lack the means for electronic and comprehensive communications and continue to have urgent priorities that make documentation requirements difficult and impractical. It is understood that supporting documents for many claimants have been destroyed or lost in the fires and that the reconstruction and retrieval process is slow or even underway. Supporting documents shall be gathered, maintained and provided at a later date as instructed by the Court.

- **Question 1.** List all individuals and legal entities of whom you are aware who have a claim in connection with any of the properties listed.

- **Question 5**. If you suffered property damage, then provide the street address of each real property parcel where you suffered property damage. If you were personally evacuated as the result of a fire, then provide the address or intersection closest to where you encountered the fire and began evacuation. If you suffered property damage and were evacuated from a different location, include both. If you were a renter, provide the address of your residence.

- **Question 6**. This question requests general statements of underlying facts relating to harm and is not intended to be exhaustive or preclusive.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://restructuring.primeclerk.com/pge.

### Understand the terms used in this form

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** PG&E Corporation and Pacific Gas & Electric Company.

**Information that is entitled to privacy:** A *Proof of Claim* form must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Proof of Claim:** A form that shows the creditor has a tort claim against the debtors on or before the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

### Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Please send completed Proof(s) of Claim to:**

PG&E Corporation Claims Processing Center c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

> **Do not file these instructions with your form**.