

1  Dennis F. Dunne (admitted *pro hac vice*)
   Samuel A. Khalil (admitted *pro hac vice*)      Signed and Filed: May 24, 2019
2  MILBANK LLP
   55 Hudson Yards
3  New York, New York 10001-2163
   Telephone: (212) 530-5000                       _____
4  Facsimile: (212) 530-5219                       **DENNIS MONTALI**
                                                   **U.S. Bankruptcy Judge**
5  and

6  Gregory A. Bray (SBN 115367)
   Thomas R. Kreller (SBN 161922)
7  MILBANK LLP
   2029 Century Park East, 33rd Floor
8  Los Angeles, CA 90067
   Telephone: (424) 386-4000
9  Facsimile: (213) 629-5063

10 *Counsel for the Official Committee*
   *of Unsecured Creditors*

11

12                    UNITED STATES BANKRUPTCY COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14                         SAN FRANCISCO DIVISION

15 **In re:**
                                                   Bankruptcy Case
16 **PG&E CORPORATION,**                           No. 19-30088 (DM)

17        -and-                                    Chapter 11

18 **PACIFIC GAS AND ELECTRIC**                    (Lead Case)
   **COMPANY,**
19                                                 (Jointly Administered)
                **Debtors.**
20                                                 **ORDER AUTHORIZING THE**
                                                   **OFFICIAL COMMITTEE OF**
21 ☐ Affects PG&E Corporation                      **UNSECURED CREDITORS TO**
   ☐ Affects Pacific Gas and Electric Company      **RETAIN AND EMPLOY FTI**
22 ■ Affects both Debtors                          **CONSULTING, INC. AS FINANCIAL**
                                                   **ADVISOR NUNC PRO TUNC TO**
23 **All papers shall be filed in the lead case,*  **FEBRUARY 12, 2019**
   *No. 19-30088(DM)*
24                                                 Date:  May 22, 2019
                                                   Time:  9:30 a.m.
25                                                 Place: United States Bankruptcy Court
                                                          Courtroom 17, 16th Floor
26                                                        San Francisco, CA 94102

27

28

Upon consideration of the *Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to 11 U.S.C. §§ 328(a) and 1103 and Fed. R. Bankr. P. 2014(a) for Authorization to Retain and Employ FTI Consulting, Inc. as Financial Advisors Nunc Pro Tunc to February 12, 2019* (the "**Application**")[1] of the Official Committee of Unsecured Creditors (the "**Committee**") appointed pursuant to section 1102 of title 11 of the United States Code §§ 101 et seq. (the "**Bankruptcy Code**") in these chapter 11 cases (the "**Chapter 11 Cases**") of the above captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order pursuant to sections 330, 331 and 1103 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") authorizing the retention and employment of FTI Consulting, Inc. (together with its wholly owned subsidiaries, contractors and employees, "**FTI**") *nunc pro tunc* to February 12, 2019; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application having been given as provided in the Application, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court; and all objections, if any, to the relief requested in the Application having been withdrawn, resolved or overruled by the Court; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, creditors, shareholders and all parties in interest; and that the legal and factual bases set forth in the Application establish just cause and satisfaction of the statutory requirements for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Application is GRANTED as set forth herein;

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Application.

2. The Committee is authorized to employ FTI as financial advisors *nunc pro tunc* to February 12, 2019, in accordance with the terms set forth in the Application, without the need for any further action on the part of FTI or the Committee to document such retention.

3. The Debtors shall be bound by the indemnification, contribution, and reimbursement provisions below and will indemnify and hold harmless FTI, subject, during the pendency of these chapter 11 cases, to the following:

    (a) Subject to the provisions of subparagraphs (b) and (c) below and approval of the Court, the Debtors are authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with FTI's engagement under this Application, but not for any claim arising from, related to, or in connection with FTI's post-petition performance of any other services other than those in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court; and

    (b) The Debtors shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's gross negligence, willful misconduct, fraud or negligence unless the Court determines that indemnification would be permissible pursuant to *In re United Artists Theatre company, et al., 315 F.3d 217 (3d Cir. 2003)*, or (ii) settled prior to a judicial determination as to FTI's gross negligence, willful misconduct, fraud or negligence, but determined by this Court, after notice and a hearing, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of this Application; and

    (c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under this Application, including, without limitation, the advancement of defense costs, FTI must file an application in this Court, and the Debtors may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify FTI.

4. FTI shall be compensated in accordance with, and will file, interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California, the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by*

*Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**") the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, effective February 19, 2014 (the "**Local Fee Guidelines**" and, together with the U.S. Trustee Guidelines, the "**Fee Guidelines**"), and any further order of the Court.

5. FTI shall be reimbursed for reasonable and necessary expenses as provided by the Fee Guidelines.

6. All compensation previously paid shall be subject to review by the Court if any objection is timely filed.

7. To the extent there is any inconsistency between the terms of this Order, the Application, or the Star Declaration, the terms of this Order shall control.

8. All compensation and reimbursement due to, and other rights of FTI, including, without limitation, indemnification obligations, shall be treated and allowed (subject to the compensation review procedures identified in this Order) as administrative expenses in accordance with section 503 of the Bankruptcy Code.

9. In the event FTI or its affiliates are required by subpoena or other legal process to produce any of their documents or their respective shareholders, members, managers, employees, agents, representatives, or subcontractors as witnesses with respect to FTI's services for the Committee, the Debtors will reimburse FTI for its professional time and expenses, as well as the fees and expenses of FTI's counsel, incurred in responding to such requests.

10. The Committee is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, or 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

1. 12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order. During the pendency of these Chapter 11 Cases, this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

** END OF ORDER **