

Signed and Filed: May 24, 2019

_____
DENNIS MONTALI
U.S. Bankruptcy Judge

1  Dennis F. Dunne (admitted *pro hac vice*)
2  Samuel A. Khalil (admitted *pro hac vice*)
   MILBANK LLP, 55 Hudson Yards
3  New York, New York 10001-2163

4  Gregory A. Bray (SBN 115367)
   Thomas R. Kreller (SBN 161922)
5  MILBANK LLP, 2029 Century Park East, 33rd Floor
   Los Angeles, CA 90067
6

7  *Counsel for the Official Committee of Unsecured Creditors*

8  Robert A. Julian (SBN 99469)
   Cecily A. Dumas (SBN 111449)
9  BAKER & HOSTETLER LLP, 1160 Battery Street, Suite 100
   San Francisco, CA 94111
10

11 Eric E. Sagerman (SBN 155496)
   Lauren T. Attard (SBN 320898)
12 BAKER & HOSTETLER LLP, 11601 Wilshire Blvd., Suite 1400
   Los Angeles, CA 90025-0509
13

14 *Counsel for Official Committee of Tort Claimants*

15
## UNITED STATES BANKRUPTCY COURT
16
## NORTHERN DISTRICT OF CALIFORNIA
17
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 (Lead Case) (Jointly Administered) |
| - and - | |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **AMENDED ORDER APPROVING RETENTION AND EMPLOYMENT OF EPIQ CORPORATE RESTRUCTURING, LLC AS INFORMATION AGENT FOR THE COMMITTEES** |
| Debtors. | |
| ☐ Affects PG&E Corporation | Docket No. 1214 |
| ☐ Affects Pacific Gas and Electric Company | |
| ☒ Affects both Debtors | |
| * All papers shall be filed in the Lead Case, No. 19-30088 (DM). | |

Upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "UCC") for entry of an order authorizing the UCC to retain and employ Epiq Corporate Restructuring, LLC (together with its affiliates and subcontractors, "Epiq") as Information Agent for the UCC *nunc pro tunc* to February 12, 2019, and the Court having reviewed the Application and considered the Declaration of Sidney Garabato (the "Garabato Declaration") in connection with the Application and the Stipulation (the "Stipulation")[2] between the UCC and the Official Committee of Tort Claimants (the "TCC") with respect to the retention of Epiq, the Court hereby finds as follows: (a) the Court has jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; (b) consideration of the Application and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue of this matter is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (d) due and proper notice of the Application was provided, and no other or further notice need be provided; and (e) the legal and factual bases set forth in the Application and the Declaration establish just cause for the relief granted herein. Now, therefore, upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Application is granted as set forth herein, *nunc pro tunc* to February 12, 2019 with respect to the UCC and February 15, 2019 with respect to the TCC.

2. Pursuant to section 1103(a) of the Bankruptcy Code, the UCC is authorized to employ and retain Epiq as its Information Agent in accordance with the terms and conditions of the UCC Services Agreement.

3. Pursuant to section 1103(a) of the Bankruptcy Code, the TCC is also authorized to employ and retain Epiq, as its Information Agent in accordance with the terms and conditions of the TCC Services Agreement.

---

[2] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Stipulation.

4. Epiq is authorized to establish and maintain each of the UCC's and TCC's websites and provide technology and communications-related services.

5. Epiq will prepare and serve required notices and pleadings on behalf of each of the UCC and TCC as may be requested in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the UCC and TCC, respectively, and/or the Court, including, if applicable, all notices, orders, pleadings, publications and other documents as the UCC, TCC and/or the Court may deem necessary or appropriate.

6. Without further order of the Court, the Debtors are authorized to compensate Epiq in accordance with the terms and conditions of the UCC Services Agreement and the TCC Services Agreement, as applicable, upon Epiq's submission to the Debtors of invoices summarizing, in reasonable detail, the services rendered, and expenses incurred in connection therewith and without the necessity for Epiq to file an application for compensation or reimbursement with the Court.

7. To the extent services are performed for both the TCC and the UCC, Epiq shall allocate any such charges equally between the TCC and the UCC for billing purposes. Under no circumstances shall Epiq charge the Debtors twice for services performed for both the TCC and the UCC.

8. Notwithstanding any term in the UCC Services Agreement or TCC Services Agreement to the contrary, no limitation of liability under either the UCC Services Agreement or TCC Services Agreement shall apply during these chapter 11 cases.

9. Epiq will serve monthly invoices on the Notice Parties (as defined in the *Order Pursuant to 11 U.S.C. §§ 331 and 501(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 701]).

10. The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to either the UCC Services Agreement, the TCC Services Agreement or monthly invoices; provided that the parties may seek resolution of the matter from the Court if resolution is not achieved.

11. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Epiq incurred in connection with providing services pursuant to both the UCC Services Agreement and TCC Services Agreement are to be treated as an administrative expense of the Debtors' estates.

12. In the event of any inconsistency between the UCC Services Agreement, the TCC Services Agreement, the Application, the Stipulation and this Order, this Order shall govern.

13. The UCC, TCC and Epiq are each authorized to take all actions necessary to effectuate the relief granted in this Order.

14. Notwithstanding any term in the UCC Services Agreement and/or TCC Services Agreement to the contrary, this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

15. This Order shall supersede *Order Approving Application of Official Committee of Unsecured Creditors for Entry of Order Approving Retention and Employment of Epiq Corporate Restructuring, LLC as Information Agent for the Committee Nunc Pro Tunc to February 12, 2019* [Docket No. 1705] in its entirety.

** END OF ORDER **