Entered on Docket
May 28, 2019
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: May 28, 2019

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.shrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>   - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                           **Debtors.**<br><br>☐   Affects PG&E Corporation<br>☐   Affects Pacific Gas and Electric Company<br>☑   Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**ORDER FOLLOWING DISCOVERY CONFERENCE HELD MAY 8, 2019 RE (I) EX PARTE APPLICATION OF THE TORT CLAIMANTS COMMITTEE PURSUANT TO FED. R. BANKR. P. 2004 FOR ORDERS AUTHORIZING PRODUCTION OF DOCUMENTS, AND (II) INFORMAL DISCOVERY LETTERS** |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**"), and the Official Committee of Tort Claimants (the "**TCC**"), appeared before this Court on May 8, 2019 for a discovery conference (the "**Discovery Conference**") to discuss (i) the Ex Parte Application of the TCC Pursuant to Bankruptcy Rule 2004 for Orders Authorizing Production of Documents dated April 30, 2019 (the "**2004 Application**"), and (ii) informal discovery correspondence submitted to the Court by the parties including (a) the TCC's letter to the Court dated April 30, 2019 regarding the TCC's request for the Debtors to produce certain "management-related" documents (the "**TCC Letter**"), and (b) the Debtors' letter to the Court dated May 6, 2019 setting forth their positions in response to both the Application and the TCC Letter (the "**Debtors' Response Letter**"). Appearances of counsel were as stated on the record.

Having considered the 2004 Application, the correspondence submitted by the parties, and the arguments at the hearing,

**IT IS HEREBY ORDERED THAT:**

1. The TCC's 2004 Application is granted to the extent set forth herein. The Debtors and the TCC reached agreement on Requests 1 through 24 and Request 25 (a), (b) and (f) of the 2004 Application without intervention of the Court. With respect to Request 25(c), (d), (e), (g) and (h) listed in <u>**Attachment A**</u> to the 2004 Application, the Debtors have agreed and are directed to produce to the TCC, to the extent non-privileged documents exist and are located after a reasonable search, non-privileged documents in response to these Requests from 2009 to November 8, 2018.

2. The Debtors are directed to produce to the TCC, to the extent non-privileged documents exist and are located after a reasonable search, the following non-privileged documents in response to Request 4 listed in <u>**Exhibit C**</u> to the TCC Letter: non-privileged board packages and board meeting agendas delivered to the Debtors' Boards of Directors for board meetings scheduled to occur during the three year period preceding the bankruptcy filing, January 29, 2016 through January 29, 2019, and the post-bankruptcy filing period of time through the date of this Order (the "**Applicable Period**"), on the following subjects: (i) the payment of dividends to holders of equity of PG&E Corp., (ii) the payment of severance to the Debtors' former CEO Geisha Williams, and (iii) the payment of severance

to senior officers to which Section 16 of the Securities Exchange Act would apply and to directors of the Board of Directors of PG&E Corp. or of the Utility ((i)-(iii) collectively, the "**Relevant Subjects**").

3. The Debtors are directed to produce to the TCC, to the extent non-privileged documents exist and are located after a reasonable search, the following non-privileged documents in response to Request 5 listed in **Exhibit C** to the TCC Letter: the Debtors' Board of Directors Minute Book, including minutes of board of director meetings, resolutions and unanimous consents prepared or signed during the Applicable Period on the Relevant Subjects.

4. The Debtors are directed to produce to the TCC, to the extent non-privileged documents exist and are located after a reasonable search, the following non-privileged documents in response to Request 10 listed in **Exhibit C** to the TCC Letter: the Debtors' minutes and summaries of meetings, discussions and resolutions of the Debtors' and the Board of Directors' respective committees, including without limitation the audit and compensation committee meetings, during the Applicable Period on the Relevant Subjects.

5. The Debtors are directed to produce to the TCC, to the extent non-privileged documents exist and are located after a reasonable search, the following non-privileged documents in response to Request 11 listed in **Exhibit C** to the TCC Letter: all formal reports prepared by or at the request of any special litigation committee or committee of the Board of the Debtors, or any investigation or audit team, including without limitation all formal audit committee reports on the Relevant Subjects and the wildfires that occurred during the 2017 and 2018 wildfire seasons.

6. The Debtors are directed to produce to the TCC, to the extent non-privileged documents exist and are located after a reasonable search, the following non-privileged documents in response to Request 12 listed in **Exhibit C** to the TCC Letter: all formal investigation reports prepared by the Debtors' counsel, auditors or investigators on the Relevant Subjects and the wildfires that occurred during the 2017 and 2018 wildfire seasons.

7. The Debtors are directed to produce to the TCC, to the extent non-privileged documents exist and are located after a reasonable search, the following non-privileged documents in response to Request 26 listed in **Exhibit C** to the TCC Letter: all ratifications of the Debtors' officers and directors' actions, granted in the Applicable Period on the Relevant Subjects.

8. The Debtors are directed to provide the TCC with a draft Protective Order on or before May 17, 2019.

APPROVED AS TO FORM AND CONTENT:

Dated: May 28, 2019

BAKER & HOSTETLER LLP

/s/ *Robert Julian*
Robert Julian

*Attorneys for Official Committee of Tort Claimants*

** END OF ORDER **