

TIMOTHY S. LAFFREDI (WI SBN 1055133)
Assistant United States Trustee
MARTA E. VILLACORTA (NY SBN 491828C
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
450 Golden Gate Avenue, Suite 05-0153
San Francisco, CA 94102
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: marta.villacorta@usdoj.gov

Signed and Filed: May 28, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

Attorneys for Andrew R. Vara,
Acting United States Trustee for Region 3[1]

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION**, | |
| - and - | Chapter 11 |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Lead Case) |
| **Debtors**. | (Jointly Administered) |

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☑ Affects both Debtors

*\* All papers shall be filed in the lead case, No. 19-30088 (DM)*

Date: May 22, 2019
Time: 9:30 a.m.
Place: Hon. Dennis Montali
450 Golden Gate Avenue
16th Floor, Courtroom 17
San Francisco, CA 94102
[ECF No. 1370]

## ORDER APPOINTING FEE EXAMINER AND ESTABLISHING PROCEDURES FOR CONSIDERATION OF REQUESTED FEE COMPENSATION AND REIMBURSEMENT OF EXPENSES

Upon consideration of the Motion of the United States Trustee for Order Appointing Fee Examiner and Establishing Procedures for Consideration of Requested Compensation and Reimbursement of Expenses (the "Motion"), the recommendation of the United States Trustee (the

---

[1] Andrew R. Vara, Acting United States Trustee for Region 3, is acting in this appointment for Tracy Hope Davis, United States Trustee for Region 17, who has recused herself.

"U.S. Trustee") to appoint Bruce A. Markell as the Fee Examiner in these Chapter 11 cases, the *Order Authorizing Debtors to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order", ECF No. 701),[2] the Statement of the Fee Examiner, ECF No. 2231; and given that the size and complexity of the above-captioned jointly administered chapter 11 cases (the "Chapter 11 Cases") likely will result in the filing of numerous, fee applications; and it appearing that the appointment of a fee examiner is appropriate pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 706 of the Federal Rules of Evidence, Bankruptcy Local Rule 9014-1(b)(1)(D) of the United States Bankruptcy Court for the Northern District of California (the "Local Rules"); and it further appearing that (a) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the U.S. Constitution,

**IT IS HEREBY ORDERED THAT:**

1.      Bruce A. Markell is appointed and shall be employed as the Fee Examiner in these Chapter 11 Cases.  Based upon the Declaration of Bruce A. Markell in Support of the Motion, Professor Markell does not hold or represent an interest adverse to the estate and is a disinterested person as defined under the Bankruptcy Code.

2.      Unless otherwise ordered by this Court, this Order shall apply to all professionals in these Chapter 11 Cases requesting compensation and/or reimbursement of expenses for services rendered pursuant to sections 327, 330 and 331, but excluding (i) ordinary course professionals employed by the Debtors in accordance with the *Order Pursuant to 11 U.S.C. §§ 105(a), 327, 328,*

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Interim Compensation Order.

Case: 19-30088    Doc# 2267    Filed: 05/28/19    Entered: 05/29/19 13:13:14    Page 2 of 10

*and 330 Authorizing the Debtors to Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Petition Date* [ECF No. 707] (the "OCP Order"),[3] and (ii) members of the Official Committee of Unsecured Creditors and the Official Committee of Tort Claimants (collectively, the "Committees") appointed in these Chapter 11 Cases, on account of such members' applications for reimbursement of expenses incurred in such capacity.

       3.      The terms and conditions of the Interim Compensation Order shall not be modified by this Order, except that: concurrently with the filing of each Monthly Fee Statement, each Interim Fee Application, and each final fee application ("Final Fee Application" and collectively with Monthly Fee Statements and Interim Fee Statements, the "Applications," and each an "Application"), the professional filing such Application ("Applicant") shall send to the Fee Examiner by electronic mail the Application and all supporting documents, in a format or formats set forth in any protocol promulgated by the Fee Examiner ("Protocol"). The Application shall contain the fee detail containing the time entries and the expense detail (the "Fee Detail") in a searchable electronic format specified in any Protocol (such as Ledes). An Applicant need not send the Fee Examiner the Fee Detail for any Interim Fee Application or Final Fee Application if such Applicant has previously submitted all of the Fee Detail relevant to such Interim Fee Application Request or Final Fee Application to the Fee Examiner in an acceptable electronic format, whether in conjunction with the relevant Monthly Fee Application or otherwise. If any Applicant cannot reasonably convert its Fee Detail to one of the electronic formats specified in the Protocol, the Fee Examiner will work with such Applicant to find an appropriate electronic format..

---

[3] To the extent any professionals employed pursuant to the OCP Order are required to file formal fee applications with this Court pursuant to the terms of the OCP Order, the fees and expenses of such professional set forth in such formal fee application shall be reviewed by the Fee Examiner as set forth herein.

Case: 19-30088   Doc# 2267   Filed: 05/28/19   Entered: 05/29/19 13:13:14   Page 3 of 10

4.      All previously filed Applications and related Fee Details shall be provided to the Fee Examiner by each Retained Professional within 21 days of entry of this Order.  All previously filed Applications, all future Applications, and all other documents, notices, or pleadings required to be sent to or served upon any Notice Party under the Interim Compensation Order on and after the date hereof, shall be served upon the Fee Examiner at the following address: Bruce A. Markell, 541 N. Fairbanks Ct., Ste 2200, Chicago, IL 60611-3710; email:  bamexampge@gmail.com.

5.      The Interim Compensation Order is hereby modified to permit the Fee Examiner to have the status of a professional who may object to Applications.  In accordance with the Interim Compensation Order, upon the expiration of the Objection Deadline, each professional (including the Fee Examiner) shall be permitted to file a certificate of no objection with this Court after which the Debtors are authorized to pay each professional an amount equal to the 80% of the fees and 100% of the expenses requested in the Monthly Fee Application that are not subject to an objection pursuant to the procedures set forth in the Interim Compensation Order, including an informal objection or inquiry by the Fee Examiner.

6.      The Fee Examiner shall:

a.  establish, subject to court review and approval, a  Protocol, which shall contain procedures for the submission and consideration of monthly invoices, Interim Fee Applications, and Final Fee Applications filed by each Applicant in these Chapter 11 Cases;

b.  review Monthly Invoices, Interim Fee Applications and Final Fee Applications filed by each Applicant in these Chapter 11 Cases (along with the Fee Detail related thereto), and to the extent possible, the Fee Examiner shall avoid duplicative review;

c.  during the course of his review of an Application, consult, as he deems appropriate, with each Applicant concerning such Application;

Case: 19-30088    Doc# 2267    Filed: 05/28/19    Entered: 05/29/19 13:13:14    Page 4 of 10

d.  during the course of his review of an Application, review, to the extent appropriate, any relevant documents filed in these Chapter 11 Cases to be generally familiar with these Chapter 11 Cases and the dockets;[4]

e.  within twenty-one (21) days after an Applicant files an Interim Fee Application or Final Fee Application, serve an initial report (the "Initial Report") on the Applicant designed to quantify and present factual data relevant to whether the requested fees, disbursements, and expenses are in compliance with the applicable standards of sections 328, 329, 330, and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and whether the Applicant (if required) has made a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "U.S. Trustee Guidelines");

f.  during the period between service of the Initial Report and filing of the Final Report (as defined below), engage in written communication with each Applicant, the objective of which is to resolve matters raised in the Initial Report and endeavor to reach consensual resolution with each Applicant with respect to that Applicant's requested fees and expenses. The Fee Examiner may also use the resolution process to revise findings contained in the Initial Report. Each Applicant may provide the Fee Examiner with written supplemental information that the Applicant believes is relevant to the Initial Report;

g.  following communications between the Fee Examiner and the Applicant and the Fee Examiner's review of any supplemental information provided by such Applicant in response to the Initial Report, conclude the informal resolution period by filing with this Court a report with respect to each Application (the "Final Report") within fourteen (14) days after the service of the Initial Report. The Final Report shall be in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of each Applicant are in compliance with the applicable standards of section 330 of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules, and whether the Applicant has made a good faith reasonable effort to comply with the U.S. Trustee Guidelines. ; and

---

[4]The Fee Examiner shall be deemed to have filed a request for notice of papers filed in these cases pursuant to Bankruptcy Rule 2002, and the Fee Examiner shall be served with all such papers.

Case: 19-30088   Doc# 2267   Filed: 05/28/19   Entered: 05/29/19 13:13:14   Page 5 of 10

h.  serve each Final Report on counsel for the Debtors, counsel for the Committees, the U.S. Trustee, and each Applicant whose fees and expenses are addressed in the Final Report.

7.     An Applicant subject to a Final Report may (i) file with this Court a response ("Final Response") to such Final Report no later than twenty-one (21) days after the Fee Examiner's service of a Final Report and request a ruling with respect to any fees and/or expenses to which an objection was made (the "Incremental Amount") at the next interim fee hearing or the final fee hearing or, in the alternative, (ii) defer filing the Final Response and request a ruling at any subsequent fee hearing, so as to allow continuing discussions with the Fee Examiner.  Any Final Response shall be served upon those parties served with the Final Report and the Fee Examiner.

8.     The Fee Examiner, the Applicants, and the Debtors shall use best efforts to have the undisputed portion of Applications allowed by this Court and paid as soon as reasonably practicable, even if the Incremental Amount remains disputed and subject to the procedures set forth above.

9.     An Interim Fee Application or Final Fee Application shall not be considered by this Court prior to review by the Fee Examiner and the submission to this Court of a Final Report specific to such Application, unless the Fee Examiner has expressly stated that such hearing should go forward without the Final Report being filed.  If applicable, hearings on the Applications shall be scheduled by this Court in consultation with the Debtors' counsel after the filing of the applicable Final Reports by the Fee Examiner.

10.    Any of the periods set forth above may be extended with the consent of the Fee Examiner, the applicable Applicant, and Debtors' counsel.  Should an Applicant fail to meet one or more deadlines set forth herein for the review of an Application and, in the reasonable discretion of the Fee Examiner, the Applicant's failure to meet these deadlines does not allow sufficient time for the review process to be completed, such Application shall be heard at a subsequent hearing date.

Case: 19-30088    Doc# 2267    Filed: 05/28/19    Entered: 05/29/19 13:13:14    Page 6 of 10

Nothing herein shall be construed or interpreted to require the filing of Final Reports on all Applications prior to any Application and the Final Report specific thereto being considered by this Court, and the delay or adjournment of consideration of an Application shall not affect the timing of hearings on the Applications of other Applicants.

11.     The Fee Examiner is authorized to notice, defend, or appear in any appeal regarding an Application and to conduct and respond to discovery in connection with any Application, including making himself available for deposition and cross-examination by the Debtors, the Committees, the U.S. Trustee, and other interested parties consistent with Rule 706 of the Federal Rules of Evidence.

12.     The Fee Examiner may retain attorneys and other professionals, assistants, or consultants to the extent he deems it necessary to discharge his duties.  The Fee Examiner's retention of professionals shall be subject to Court approval under standards equivalent to 11 U.S.C. § 327.

13.     If a Retained Professional or its client provides privileged or work product information to the Fee Examiner and identifies the confidential nature of such information to the Fee Examiner, the Fee Examiner shall treat such information as confidential.  The disclosure of such information to the Fee Examiner shall not be deemed to be a waiver by the disclosing party of any applicable work product, attorney client, or other privilege.

14.     The fees and expenses of the Fee Examiner  according to the structure set forth in the Fee Examiner's declaration is approved and shall be subject to application and review pursuant to section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, *the United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, the U.S. Trustee Guidelines, and the Interim Compensation Order, and shall be paid from the Debtors' estates as an administrative expense under section 503(b)(2) of the

Case: 19-30088    Doc# 2267    Filed: 05/28/19    Entered: 05/29/19 13:13:14    Page 7 of 10

Bankruptcy Code. The fees paid to the Fee Examiner for his services shall be determined and charged in accordance with sections 327-331 of the Bankruptcy Code and shall not include any success fees. Further, the Fee Examiner's expenses shall be subject to the information detail requirements set forth in Bankruptcy Rule 2016.

15.     Counsel for the Debtors shall promptly serve a copy of this Order, in accordance with the Local Rules on (i) the U.S. Trustee, (ii) counsel for the Committees, (iii) the Fee Examiner, (iv) counsel for the legal representative for future personal injury claimants, and (v) each Retained Professional, other than ordinary course professionals, employed by the Debtors or the Committees in these Chapter 11 Cases pursuant to section 327 of the Bankruptcy Code.

16.     The Fee Examiner, as an officer of the court, and those employed or paid by him with respect to this appointment shall have the maximum immunity permitted by law from civil actions for all acts taken or omitted in the performance of his duties.

17.     Nothing in this Order shall alter or impair the right of the U.S. Trustee or any party in interest to object to Applications subject to this Order. Nothing in this Order shall alter or modify prior orders governing the retention of professionals.

18.     The Debtors and the Fee Examiner are authorized to take any and all actions necessary to implement and effectuate the terms of this Order.

19.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

20.     In the event a chapter 11 trustee is appointed in these cases, such appointment will not terminate or otherwise modify the duties and responsibilities of the Fee Examiner. The Fee Examiner's appointment shall only be terminated or otherwise modified by entry of an Order of the Court.

Case: 19-30088    Doc# 2267    Filed: 05/28/19    Entered: 05/29/19 13:13:14    Page 8 of 10

1  21.    This Court shall retain jurisdiction over all matters arising from or related to the

2  interpretation and implementation of this Order.  Notwithstanding any provisions of this Order to

3  the contrary, this Court shall retain the ultimate authority to determine whether fees and expenses

4  requested are necessary and reasonable under section 330 of the Bankruptcy Code.

5

6

7                                   **END OF ORDER**

1

<u>COURT SERVICE LIST</u>

2

Federal Energy Regulatory Commission
3   Attn: General Counsel
888 First St NE
4   Washington, DC 20426

5

Internal Revenue Service
6   Centralized Insolvency Operation
2970 Market St
7   Philadelphia, PA 19104-5016

8

John A. Vos
9   1430 Lincoln Avenue
San Rafael, CA 94901

10

Office of the United States Attorney
11  for the Northern District of California
Attn: Bankruptcy Unit
12  Federal Courthouse
450 Golden Gate Avenue
13  San Francisco, CA 94102

14

Placer County Office of the Treasurer-Tax Collector
15  Attn: Robert Kanngiesser
2976 Richardson Drive
16  Auburn, CA 95603

17

U.S. Nuclear Regulatory Commission
18  Attn: General Counsel
U.S. NRC Region IV
19  1600 E. Lamar Blvd.
Arlington, TX 76011
20

21

U.S. Nuclear Regulatory Commission
22  Attn: General Counsel
Washington, DC 20555-0001
23

24

25

26

27

28