Robert A. Julian (SBN 99469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone: 628.208.6434
Facsimile: 310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>　　　　　　　　　**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002 TO RETAIN AND EMPLOY ANGEION GROUP, LLC AS FIRE CLAIM BAR DATE NOTICING AGENT EFFECTIVE AS OF MAY 22, 2019**<br><br>Date: June 25, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>　　　　Courtroom 17, 16th Floor<br>　　　　San Francisco, CA 94102<br>Objection Deadline: June 11, 2019 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAB FRANCISCO, CA

The Official Committee of Tort Claimants (the "**TCC**") of PG&E Corporation and Pacific Gas and Electric Company (collectively the "**Debtors**") hereby submits this application (the "**Application**") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the TCC to retain and employ Angeion Group, LLC ("**Angeion**") as the fire claim bar date ("**Fire Claim Bar Date**") noticing agent effective as of May 22, 2019, pursuant to section 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and in accordance with the terms and conditions set forth in the Statement of Work and Project Proposal between the TCC and Angeion dated May 31, 2019 (the "**Agreement**"). In support of the Application, the TCC respectfully represents as follows:

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges* of the United States District Court of the Northern District of California, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "**Cases**") in the United States Bankruptcy Court for the Northern District of California (the "**Court**"). On January 31, 2019, the Court entered an order consolidating the Chapter 11 Cases for joint administration (Dkt. No. 207).

The Debtors continue to manage their assets and operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in the Chapter 11 Cases.

On February 15, 2019, the Office of the United States Trustee ("**U.S. Trustee**") filed an Appointment of the Official Committee of Tort Claimants (Dkt. No. 453). Following the resignation of Richard Heffern from the original committee and the addition of Tommy Wehe, on

February 21, 2019, the U.S. Trustee filed the Amended Appointment of the Official Committee of Tort Claimants (Dkt. No. 530). The members of the TCC are: (i) GER Hospitality, LLC, in its capacity as an individual claimant; (ii) Kirk Trostle; (iii) Tommy Wehe; (iv) Angelo Loo; (v) Karen K. Gowins; (vi) Agajanian, Inc.; (vii) Susan Slocum; (viii) Samuel Maxwell; (ix) Karen M. Lockhart; (x) Wagner Family Wines-Caymus Vineyards; and (xi) Gregory Wilson. The TCC conducted a meeting on February 15, 2019, at which all members were present, and appointed Karen M. Lockhart as Chairperson.

## III. Retention of Angeion

### A. Qualifications of Angeion

Angeion is an industry leader in the claims noticing and administration field. Angeion was formed by a team of executives who have had extensive tenures at five other nationally-recognized claims administration companies, and its professionals have significant experience directly relevant to the Cases. Collectively, the management team at Angeion has overseen more than 2,000 class action settlements and distributed over $10 billion to claimants.

Angeion has extensive expertise in notifying unknown, displaced and/or shell-shocked people of their rights and obligations in litigation settings. Angeion implements cutting-edge notice methods which incorporate media best practices, contemporary media channels, and verified third-party research, in order to truly reach and inform potential claimants of their rights and obligations. Angeion's experience with robust paid media campaigns qualifies it to implement an integrated paid media campaign utilizing state-of-the-art targeted internet banner advertisements, custom social media campaigns, a bespoke broadcast radio/television campaign, a network of digital and static billboards, a combination of local, regional, and national print publications, and a nationwide, yet geographically tailored, public relations campaign. Angeion is also able to utilize an earned media campaign designed to take advantage of news coverage.

Further, extensive research into the notice issues specific to these Chapter 11 Cases was undertaken, including receiving information directly from those affected by the fires (the "**Fires**"), syndicated data sources relied upon by advertising and marketing professionals, and mass media reports. Angeion has received input and feedback from members of the TCC, who have unique

and important insights into the best way to reach communities affected by the Fires.

Angeion's professionals have a proven track record in complex cases including in *In re Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices, and Products Liability Litigation*, Case No. 17-md-02777-EMC (N.D. Cal.); *Mayhew v. KAS Direct, LLC, et al.*, Case No. 16-cv-6981 (VB) (S.D.N.Y.); *Halvorson v. Talentbin, Inc.*, Case No. 3:15-cv-05166-JCS (N.D. Cal.); *In re Ashley Madison Customer Data Security Breach Litigation*, Case No. 4:15-md-02669-JAR (E.D. Mo.); *Remijas v. Nieman Marcus Group LLC*, Case No. 1:14-cv-01735-SDY (N.D. Ill.); *Traxler v. PPG Industries Inc.*, Case No. 1:15-cv-00912-DAP (N.D. Ohio); *In re The Home Depot, Inc., Customer Data Security Breach Litigation*, Case No. 1:14-md-02583-TWT (N.D. Ga.); *James Roy et al. v. Titeflex Corp. et al.*, No. 384003V (Md. Cir. Ct.); *In re LG Front Loading Washing Machine Class Action Litigation*, Case No. 2:08-cv-00051-MCA-LDW (D.N.J.); *Fenley v. Applied Consultants, Inc.*, 2:15-cv-00259 (MRH) (W.D. Pa.); *Fuentes v. Unirush, LLC d/b/a Unirush Financial Services*, Case No. 15-cv-8372 (JPO) (S.D.N.Y.); *In re Whirlpool Corp. Frontloading Washer Products Liability Litigation*, Case No. 1:08-WP-65000-CAB (N.D. Ohio); *Sateriale v. R.J. Reynolds Tobacco Co.*, Case No. 09 CV 8394 CAS (C.D. Cal.); *Ferrera v. Snyder's-Lance, Inc.*, Case No. 0:13-cv-62496 (JAL) (S.D. Fla.); *In re Pool Products Distribution Market Antitrust Litigation*, Case No. MDL 2328 (SSV) (E.D. La.); *Soto v. The Gallup Organization, Inc.*, Case No. 13-cv-61747-MGC/EGT (S.D. Fla.); *Ott v. Mortgage Investors Corp. of Ohio, Inc.*, Case No. 3:14-cv-00645-ST (D. Or.).

Angeion's work has been favorably recognized on several occasions. For example, on February 24, 2017, the Honorable Ronald B. Rubin in *James Roy et al. v. Titeflex Corp. et al.*, No. 384003V (Md. Cir. Ct.), noted when granting preliminary approval to a settlement:

> What is impressive to me about this settlement is in addition to all the usual recitation of road racing litanies is that there is going to be a) public notice of a real nature and b) about a matter concerning not just money but public safety and then folks will have the knowledge to decide for themselves whether to take steps to protect themselves or not. And that's probably the best thing a government can do is to arm their citizens with knowledge and then the citizens can make a decision. To me that is a key piece of this deal. ***I think the notice provisions are exquisite***. (Emphasis added).

Likewise, on June 16, 2016, the Honorable Mark R. Hornak stated in *Fenley v. Applied*

*Consultants, Inc.*, 2:15-cv-00259 (MRH) (W.D. Pa.) that:

> The Court would note that it approved notice provisions of the settlement agreement in the proceedings today. That was all handled by the settlement and administrator Angeion. The notices were sent. The class list utilized the Postal Service's national change of address database along with using certain proprietary and other public resources to certify addresses *** The Court finds and concludes that the mechanisms and methods of notice to the class as identified were reasonably calculated to provide all notice required by the due process clause, the applicable rules and statutory provisions, and that the results of **the efforts of Angeion were highly successful and fulfilled all of those requirements.** (Emphasis added).

In addition to judicial recognitions, Angeion was honored in April 2019, when it was named Top Claims Administrator by the National Law Journal. This was the second consecutive year that Angeion was named Top Claims Administrator.

Angeion's team is uniquely qualified to provide the type of noticing services required by these Cases. Not only does the universe of potential claimants number in the tens of thousands, but many of them have been forced to relocate following the Fires. Angeion is able to conduct a diligent investigation into the identity and current contact information for known and reasonably ascertainable fire claimants (the "**Fire Claimants**"). Angeion is also able to craft a notice plan, which includes use of both traditional notice methods and the modern methods described above and in the Declaration of Steven Weisbrot in Support of the Application of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. § 1103 and Fed. R. Bankr. P. 2014 and 5002 (the "**Weisbrot Declaration**"), which is being submitted contemporaneously with the Application. Finally, as it has done in other cases, Angeion will engage in a grassroots word-of-mouth campaign, and experiential noticing across all of the counties affected by the Fires.

B. **Scope of Services to be Provided by Angeion**

The TCC respectfully submits that it will be necessary to employ and retain Angeion to assist with notifying Fire Claimants of the Fire Claim Bar Date. Angeion will:

(a) Develop and implement a notice program (the "**Notice Program**") for the Fire Claim Bar Date. The Notice Program will provide for both direct notice by U.S. mail and email, and indirect notice through an integrated, multimedia campaign. The Notice Program will be tailored to take into consideration that many Fire Claimants (1) have had to relocate, are homeless or in temporary housing, (2) may

be reliant on their mobile devices for receiving news or notices, (3) do not speak or read English and require notice in other languages, and (4) are demographically and socio-economically diverse.

(b) Conduct an investigation into the identity and current contact information for known and reasonably ascertainable Fire Claimants. The investigation will include researching public records, third-party data aggregation sources, and if necessary, requesting authorization from the Court to issue subpoenas. Angeion will also utilize the U.S. Postal Service ("**USPS**") National Change of Address database to identify updated address information for individuals and businesses who have moved in the last four years and who filed a change of address card with the USPS. Angeion will also perform verification searches (also known as skip tracing) for Fire Claimants whose notices are returned as undeliverable by the USPS without a forwarding address.

(c) Implement an integrated paid media campaign which will utilize state-of-the-art targeted internet banner advertisements, custom social media campaigns, a bespoke broadcast radio/television campaign, a network of digital and static billboards, a combination of local, regional, and national print publications, and a nationwide, yet geographically tailored, public relations campaign.

(d) Implement an earned media campaign designed to take advantage of the substantial news coverage the Fires and Chapter 11 Cases have already garnered and continue to drive media to cover the story at a local, regional and national level.

(e) Engage in a grassroots word-of-mouth campaign and experiential marketing across all of the counties affected by the fires.

(f) Provide information regarding Prime Clerk LLC's ("**Prime Clerk**") website and toll-free number in order to enable Fire Claimants to obtain additional information regarding the Fire Claim Bar Date and Fire Proof of Claim Form.

(g) Perform such other tasks as may be agreed to by Angeion and directed by the TCC or order of any court having jurisdiction over the TCC.

The services that Angeion will provide are critically necessary to protect the Due Process rights of the Fire Claimants. Its services will complement the services that Prime Clerk will continue to provide. Angeion will provide notice of the Fire Claim Bar Date and Fire Proof of Claim Form to the Fire Claimants and activities related to such notice. Angeion will also assume responsibility for mailing customer bar date notices, as provided in the Weisbrot declaration. Angenion will not accept Fire Proof of Claim Forms for filing, nor will it maintain a website, or undertake activities unrelated to Fire Claims. Prime Clerk on the other hand will provide those non-fire claim services for all known and

unknown creditors other than Fire Claimants, except as detailed above.[1]

### C. Angeion's Disinterestedness

To the best of the TCC's knowledge, information and belief, based on and except as otherwise set forth in the Weisbrot Declaration, a copy of which is being filed contemporaneously with this Application, and to which the Agreement is an exhibit, neither Angeion nor its professionals have any connection with or represent any other entity having an adverse interest to the Debtors, their creditors or any other party in interest, or their respective attorneys or accountants. The Weisbrot Declaration also sets forth, pursuant to Bankruptcy Rule 2014(a), to the best of Mr. Weisbrot's knowledge, all of Angeion's connections with the Debtors, known creditors, other known parties in interest and their respective attorneys and accountants, and any person employed in the San Francisco Office of the United States Trustee for Region 17. Based upon the Weisbrot Declaration, Angeion is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

The TCC believes that the employment of Angeion on the terms set forth in this Application is appropriate and in the best interests of the tort victim creditor body that the TCC represents. The TCC has reviewed the Weisbrot Declaration, including the description of Angeion's connections with parties in interest and/or potential parties in interest, and has no objection to any matter set forth therein. The TCC thus seeks an order approving Angeion's engagement on the terms set forth in this Application and the Agreement.

### D. Effective Date of Retention

The TCC requests that Angeion's retention be approved effective as of May 22, 2019, the date Angeion was selected by the TCC and began substantive work. The TCC believes retention effective as of May 22, 2019 is appropriate in view of the nature of these Chapter 11 Cases and the immediate need for the assistance of a Fire Claim Bar Date noticing agent.

### E. Compensation of Angeion

Angeion intends to apply to the Court for payment of compensation and reimbursement of

---

[1] Angeion may provide additional services deemed appropriate or necessary to provide notice to all known and unknown Fire Claimants. Should Angeion agree to undertake any additional services not contemplated herein, the TCC and Angeion will seek an expanded retention, as appropriate.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines promulgated by the Office of the United States Trustee, and pursuant to the order entered by this Court on February 28, 2019 establishing the procedures for interim compensation and reimbursement of expenses of professionals (Dkt. No. 701) and any additional procedures that may be established by the Court in these Cases.

Subject to the Court's approval, Angeion will be compensated at its standard hourly rates, which are based on the professionals' level of experience, plus reimbursement of the actual and necessary expenses that Angeion incurs in accordance with the ordinary and customary rates which are in effect on the date the services are rendered. At present, the standard hourly rates for Angeion's professionals are as follows:

| Title | Hourly Rate |
| --- | --- |
| Partner/Notice Expert | $495 per hour |
| Partner | $375 per hour |
| Advertising/Marketing Director | $250 per hour |
| Marketing Associate | $125 per hour |
| Project Manager | $135 per hour |
| Clerical/Project Support Associate/Claims Liaisons | $65 per hour |

These rates are subject to periodic adjustments in the ordinary course of Angeion's business, notice of which adjustments shall be provided to the Debtors and the United States Trustee. Angeion will maintain detailed, contemporaneous records of time and any necessary costs and expenses incurred in connection with the rendering of its services as described above and will be reimbursed for such costs and expenses in conformity with the Guidelines promulgated by the United States Trustee as in effect in this District.

**F.     Indemnification of Angeion**

As a material part of the consideration for the provision of Fire Claim Bar Date noticing services by Angeion, and as part of the overall compensation payable to Angeion under the terms of the Agreement, the TCC seeks approval of certain indemnification obligations as described in the Agreement ("**Indemnification Rights**").

Specifically, this Application seeks Court authorization for the Debtors to, among other things, indemnify, hold harmless, and provide contribution and reimbursement to Angeion and its

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

7

personnel in connection with any disputes arising in connection with Angeion's engagement as a noticing agent except to the extent that a court of competent jurisdiction shall have determined by a final, non-appealable, judgment that losses, claims, damages, expenses and liabilities arising out of Angeion's engagement as a noticing agent were primarily caused by Angeion's negligence, gross negligence, bad faith, or willful misconduct.

Such indemnification provisions in the Agreement are customary and reasonable for noticing agent engagements, and reflect the qualifications and limitations on indemnification provisions that are customary for such engagements. The Indemnification Rights in the Agreement are consistent with indemnification rights approved by the Court in the Order Pursuant to 28 U.S.C. § 156(c) Authorizing Retention and Appointment of Prime Clerk LLC as Claims and Noticing Agent entered on February 1, 2019 (Dkt. No. 245). Given the size and complexity of these Chapter 11 Cases and Fire Claim Bar Date noticing issues, it is reasonable and in the best interests of the Debtors' estates to provide Angeion with the indemnification protections requested. Accordingly, the Application seeks Court approval of the indemnification terms contained in the Agreement.

## IV. BASIS FOR RELIEF

The TCC respectfully requests that the Court authorize the retention and employment of Angeion as the Fire Claim Bar Date noticing agent, effective as of May 22, 2019, pursuant to section 1103(a) of the Bankruptcy Code, which provides that a committee appointed under section 1102 of the Bankruptcy Code:

> [M]ay select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).

Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

The TCC submits that for all the reasons stated above and based upon the Weisbrot Declaration, the retention of Angeion as the Fire Claim Bar Date noticing agent to the TCC is merited. Further, as stated in the Weisbrot Declaration, Angeion is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors or their related parties except as may be disclosed in the Weisbrot Declaration. Accordingly, the retention of Angeion as the Fire Claim Bar Date noticing agent should be approved.

**V.    NOTICE**

Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Debtors; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The TCC respectfully submits that no further notice is required.

**VI.   NO PRIOR REQUEST**

No previous request for the relief sought herein has been made to this or any other court.

**VII.  RESERVATION OF RIGHTS**

The TCC respectfully reserves the right to file a brief and memorandum of law in response to any objection to this Application.

**WHEREFORE**, the TCC respectfully requests that this Court enter an order, in the form attached hereto as **Exhibit A**, (a) authorizing the retention of Angeion effective as of May 22, 2019; and (b) granting such other and further relief as is just and proper.

Dated: May 31, 2019

OFFICIAL COMMITTEE OF TORT CLAIMANTS OF PG&E CORPORATION AND PACIFIC GAS AND ELECTRIC COMPANY

By: /s/ Karen Lockhart
Name: Karen M. Lockhart
Title: Chair of the Official Committee of Tort Claimants