**EXHIBIT 7**

**TROSTLE DECLARATION**

Robert A. Julian (SBN 99469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone: 628.208.6434
Facsimile: 310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.442.8875
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

Counsel for Official Committee of Tort Claimants

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors,<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM) | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter Number: 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**DECLARATION OF KIRK TROSTLE IN SUPPORT OF OBJECTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS TO MOTION OF THE DEBTORS FOR ORDER (I) ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM, (II) ESTABLISHING THE FORM AND MANNER OF NOTICE THEREOF, AND (III) APPROVING PROCEDURES FOR PROVIDING NOTICE OF BAR DATE AND OTHER INFORMATION TO ALL CREDITORS AND POTENTIAL CREDITORS (DKT. NO. 1784)**<br><br>Date: June 11, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br>Objection Deadline: May 28, 2019 |

I, KIRK TROSTLE, declare as follows under penalty of perjury:

1. I am member of the Official Committee of Tort Claimants. In 2014, I retired as the Chief of Police for the City of Chico, California after 27 years in law enforcement.

2. I have personal knowledge of the facts stated herein except as to matters where I indicate otherwise, and as to those matters, I believe them to be true. If called upon to testify, I could and would competently do so. I make this declaration in support of the Objection of the Official Committee of Tort Claimants (the "**TCC**") to the Motion of the Debtors for an Order (i) Establishing Deadline for Filing Proofs of Claim, (ii) Establishing the Form and Manner of Notice Thereof, and (iii) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors (Dkt. No. 1784) (the "**Motion**"). The TCC's Objection is filed concurrently herewith.

3. I have reviewed PG&E's Motion proposing a bar date of September 16, 2019 for all Fire Claims, as well as the declarations submitted in support of the Motion. I have also reviewed the Motion of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. §§ 105(a) and 501 and Fed. R. Bankr. P. 3001(a) for Entry of an Order Approving Proposed Model Proof of Claim Form for Fire Claims and Related Procedures (Dkt. No. 1824) (the "**TCC's Model Proof of Claim and Procedures**").

4. The TCC sought my insight and opinions as to how to best implement an effective, efficient notice program with the objective of reaching as many Camp Fire Claimants as possible to inform them of the bar date, the process for filing a Fire Proof of Claim, and their rights in the Chapter 11 Cases.

5. I have lived in Paradise for 30 years and experienced the decimation and displacement the Camp Fire brought to our community. Because of the Camp Fire, I was displaced to a community 1 hour and 45 minutes away from Paradise. I was separated from 25 family members, a network of friends, and social interaction with other community members.

6. As an investigator and supervisor in the respective law enforcement departments I served, it was my responsibility to locate people and direct other staff to do so. Even with access to confidential databases to obtain information on peoples' locations, the task was difficult, time

consuming, and challenging to accomplish during normal times. A mass disaster such as the Camp Fire will significantly compound this task to locate survivors.

7. As an example, I attempted to locate a good friend and neighbor after the Camp Fire. I had been provided information this neighbor may have been displaced to Las Vegas. I was able to track possible telephone contact information for my neighbor from an acquaintance. Unfortunately, my attempts to contact my neighbor using these telephone numbers was not successful. I attempted to use public sources available to me to locate my neighbor in Las Vegas, Nevada but this was also unsuccessful.

8. In my personal and professional experience, locating Camp Fire survivors will require more than the efforts described in the Debtors' Motion. Rather, it will require significant effort in the form of grassroots and other evidence-based strategies to complete.

9. I declare under penalty of perjury under the laws of California that the foregoing is true and correct, and that this declaration was executed on May 31, 2019.

_____
KIRK TROSTLE