| | |
|---|---|
| XAVIER BECERRA, SBN 118517<br>Attorney General of California<br>MARGARITA PADILLA, SBN 99966<br>Supervising Deputy Attorney General<br>JAMES POTTER, SBN 166992<br>Deputy Attorney General<br>1515 Clay Street, 20th Floor<br>P.O. Box 70550<br>Oakland, CA 94612-0550<br>Telephone: (510) 879-0815<br>Fax: (510) 622-2270<br>Margarita.Padilla@doj.ca.gov<br>James.Potter@doj.ca.gov | XAVIER BECERRA, SBN 118517<br>Attorney General of California<br>DANETTE VALDEZ, SBN 141780<br>ANNADEL ALMENDRAS, SBN 192064<br>Supervising Deputy Attorneys General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004<br>Telephone: (415) 510-3367<br>Fax: (415) 703-5480<br>Danette.Valdez@doj.ca.gov<br>Annadel.Almendras@doj.ca.gov |

STEVEN H. FELDERSTEIN, SBN 059678
PAUL J. PASCUZZI, SBN 148810
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone: (916) 329-7400
Fax: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com

Attorneys for California Department of Toxic Substances Control, et al.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                          Debtors.<br><br>☐    Affects PG&E Corporation<br>☐    Affects Pacific Gas and Electric Company<br>☑    Affects both Debtors | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>Date:    June 11, 2019<br>Time:   9:30 a.m.<br>Ctrm:   17<br>Judge:  Dennis Montali |

**LIMITED OBJECTION OF THE CALIFORNIA STATE AGENCIES TO MOTION OF DEBTORS FOR ORDER (I) ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM, (II) ESTABLISHING THE FORM AND MANNER OF NOTICE THEREOF, AND (III) APPROVING PROCEDURES FOR PROVIDING NOTICE OF BAR DATE AND OTHER INFORMATION TO ALL CREDITORS AND POTENTIAL CREDITORS [DOCKET NO. 1784]**

The California Department of Toxic Substances Control, California Department of Water Resources acting by and though the California Energy Resources Scheduling Division and on behalf of the State Water Project, State Water Resources Control Board, Regional Water Quality Control Boards, State Energy Resources Conservation and Development Commission, California Department of Forestry and Fire Protection (CAL FIRE), California Coastal Commission, California Air Resources Board, Department of Parks and Recreation, San Francisco Bay Conservation and Development Commission, Department of Housing and Community Development, Central Valley Flood Protection Board, Department of Conservation including the Division of Oil, Gas, and Geothermal Resources, State Coastal Conservancy and California Department of Fish and Wildlife (collectively, the "California State Agencies")[1] hereby file this limited objection to the Motion of Debtors for an order (i) establishing deadline for filing proofs of claim, (ii) establishing the form and manner of notice thereof, and (iii) approving procedures for providing notice of bar date and other information to all creditors and potential creditors (the "Motion") [Docket No. 1784] based on the following:

1.  The California State Agencies have met and conferred with the Debtors regarding their issues with the Motion. As described below, subject to review and agreement on revised language in the proposed order, the California State Agencies believe that most issues may be resolved. The Debtors have circulated a revised proposed order, which the California State Agencies are reviewing at this time. The unresolved issues include clarity regarding what is considered a "claim" for which a proof of claim must be filed. The California State Agencies believe other parties also have raised this issue and are discussing this issue with the Debtors. As such, the California State Agencies reserve all rights to review any proposed revised language for the proposed order on the Motion, to pursue its objection as described herein, and to join other objections to the proposed order. Also, the California State Agencies requested the Debtors to

---

[1] The following California State Agencies were added to the agencies filing this limited objection after the filing of the Stipulation Between Debtors and California State Agencies Extending Time to Respond to Bar Date: Department of Conservation, including the Division of Oil, Gas, and Geothermal Resources, and the State Coastal Conservancy. Counsel for the California State Agencies informed Debtors' counsel that other state agencies may be joining this limited objection.

include language reserving the right to challenge the Debtors' characterization of executory contracts in their schedules, which language is still being discussed.

**Unresolved Issues**

2. The California State Agencies believe that the proposed order should be clear that California residents, businesses, and governmental units, including but not limited to cities, counties and state entities, do not need to file proofs of claim based on future fires for which the Debtors may be liable. The proper test for whether a claim exists in the Ninth Circuit is the "fair contemplation" test.[2] The Debtors' motion can be understood to suggest that given the circumstances existing at this time regarding the state of the Debtors' transmission system and the risk of wildfires in the utility Debtor's service area, it is within the fair contemplation of residents, businesses, or governmental units that a fire would occur in the future which would cause damage and/or trigger government response actions such that a claim for future damages from a fire that has yet to occur is required to be filed against the Debtors in these bankruptcy cases. Requiring residents, businesses or governmental units to file a claim in this hypothetical is not a proper application of the fair contemplation test. If the Debtors disagree and intend to take such a position, the Debtors' proposed notices are wholly insufficient to provide the notice that would satisfy the requirement of due process for a claims bar date.

3. The California State Agencies are aware that the Sonoma Clean Power Authority and others also have raised this issue and are in discussions with the Debtors. The California State Agencies join in other objections on this issue. While hopeful that this issue can be resolved, the California State Agencies reserve all rights to present this objection to the Court at the hearing and/or review and approve language to be added to the proposed order.

4. The California State Agencies also have requested additional language in paragraph 13 of the proposed Order addressing reservations of rights to challenge the designation of matters as executory contracts in the Debtors' schedules. The California State Agencies do not

---

[2] *SNTL Corp. v. Ctr. Ins. Co. (In re SNTL Corp.)*, 571 F.3d 826, 839 (9th Cir. 2009) (The Ninth Circuit has adopted the "fair contemplation" test for determining when a claim accrues for the purposes of section 502(b). Under that test, a claim arises when a claimant can fairly or reasonably contemplate the claim's existence even if a cause of action has not yet accrued under nonbankruptcy law).

necessarily agree with the Debtors' listing of certain matters in its schedules as "Executory Contracts," and are concerned that this language could be used by the Debtors to bar future injunctive relief as to such matters. The Debtors have agreed to revise the proposed order to address this issue, but the exact revisions are still being discussed. The California State Agencies request that the following underlined language be added to paragraph 13(c) of the proposed order: "Nothing contained in this Order or in the Motion is intended to be or shall be construed as . . . (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code, or a waiver of the right to object to any designation that a matter is an executory contract".

**Potentially Resolved Issues, Subject to Review and Agreement on Revised Proposed Order**

5. The California State Agencies object to the language in the proposed order that purports to bar, estop or enjoin claimants from asserting claims if they fail to comply with the order. Paragraph 5(i) of the proposed order provides that all holders of claims "that fail to comply with this Order by timely filing a Proof of Claim in the appropriate form shall (i) be forever barred, estopped, and enjoined from asserting such claims against the Debtors, their property, or their estates (or submitting a Proof of Claim with respect thereto) . . ."

6. Such a provision is not appropriate at this stage of the case since, *inter alia*, it essentially provides the Debtors a discharge prior to confirmation of any chapter 11 plan. It further appears to prohibit the possible allowance of late claims as timely in the event of excusable neglect. Further, if the Debtors are solvent, then even late claims have to be paid in full under the best interests of creditors test in 11 U.S.C. § 1129(a)(7) in the absence of consent.[3] The California State Agencies are informed and believe that others have raised this issue with the Debtors and that the Debtors have agreed to delete the offending language in a revised proposed order. Subject to review and approval of the revised proposed order, this issue appears to be resolved.

---

[3] See e.g., *In re Sheehan Mem'l Hosp.*, 507 B.R. 802 (Bankr. W.D.N.Y. 2014); *In re Wash. Mut., Inc.*, 442 B.R. 314, 357 (Bankr. D. Del. 2011); *In re Best Payphone, Inc.*, 523 B.R. 54, 75 (Bankr. S.D.N.Y. 2015) (the best interests test would "require the solvent chapter 11 plan proponent to satisfy late claims, as the trustee would have to do in a chapter 7 case, before equity can receive or retain property").

7.     The California State Agencies also note that the definition of a "Wildfire Claim" in the Motion is extremely broad and appears to include claims from wildfires that are not tort claims. The California State Agencies note that not all claims that arise from a wildfire are tort claims. For example, CAL FIRE has statutory claims for cost recovery that would fit within the definition of a Wildfire Claim in the Motion, but such claims are not tort claims. See Health & Safety Code §§ 13009 and 13009.1. The California State Agencies believe that statutory and non-tort claims against the utility Debtor, which stem from responding to numerous wildfires—including past wildfires not specifically named on the Debtors' proposed Wildfire Claim form—should not be required to be filed on the same forms and provided the same treatment as tort claims stemming from wildfires. While this Motion might not be determinative of treatment under a future chapter 11 plan, the California State Agencies are concerned that the Debtors' broadly defined "Wildfire Claim" may snowball into attempting to treat non-tort, statutory based claims in the same manner as tort-based wildfire claims. As such, the California State Agencies note their objection for the record and reserve all rights as to treatment of non-tort, statutory based wildfire claims in a future chapter 11 plan.

8.     The Debtors have informed the California State Agencies that they will add language to the proposed order that addresses this issue. Because of the unduly onerous requirements of the Debtors' proposed Wildfire Claims form and confusion that is likely to arise as to which claim form to use, the California State Agencies submit that governmental units of the State of California be excluded from being required to use the Wildfire Claim forms entirely. However, at a minimum the California State Agencies request language clarifying that, for purposes of the Bar Date Order, statutory and non-tort wildfire-related claims of any governmental unit of the State of California shall be excluded from the definitions of "Wildfire Claim" and "Wildfire Claimant" and such governmental units shall not be required to submit such claims using the Wildfire Claimant Proof of Claim Forms but rather such parties may use the Standard Proof of Claim Form, or a proof of claim that conforms substantially to the Official Form (410B), to file statutory and non-tort wildfire-related claims. Further, the California State Agencies are aware that the Official Committee of Tort Claimants ("TCC") has proposed a

Case: 19-30088    Doc# 2307    Filed: 05/31/19    Entered: 05/31/19 13:31:18    Page 5 of 10

different Wildfire Claim form and understand that the Debtors are having discussions with the TCC and others regarding the different forms. The California State Agencies reserve their rights regarding the forms and procedures for Wildfire Claims.

9. The Debtors' proposed order requires claimants to file the different types of claims in "substantially" the form specified and imposes drastic consequences if the appropriate form is not used. See Order ¶¶ 3(c-e) and 5(ii). Paragraph 5 of the proposed order purports to disenfranchise creditors for purposes of voting and distribution if the claim is not filed on the "appropriate form." Order ¶ 5(ii). The requirement to use those forms in this case should be no more strictly enforced than is the requirement in other bankruptcy cases to use the standard form. See e.g., Fed. Rule. Bankr. Proc. 3001(a). So long as the nature, validity and basis of the claim can be determined, the claim should obtain the "deemed allowed" status provided under section 502(a) regardless of which form the creditor uses.

10. The California State Agencies and other creditors should not be prejudiced for not using a form that "substantially" conforms to the Debtors' proposed forms or the "appropriate form" among the choices for the particular claim. This is particularly true given that the Debtors have broadly defined "Wildfire Claim" when there are non-tort or statutory claims that relate to wildfires.

11. On this point, the California State Agencies agree with the language proposed by the Ad Hoc Committee of Subrogation claimants (Docket No. 2043, page 5, lines 20-23): "Notwithstanding anything to the contrary herein, claimants that make a good faith effort to assert a claim in the appropriate form shall be permitted to revise, amend and/or supplement their proof of claim until such claim is allowed or disallowed by Court order." The Debtors have circulated a revised proposed order containing similar language, which the California State Agencies are reviewing at this time.

12. The California State Agencies have requested that the Debtors make clear in the proposed order that the word claim refers to "claim" as defined in 11 U.S.C. §101(5), which the California State Agencies are informed and believe the Debtors have agreed to do. Subject to review and approval of the revised proposed order, this issue appears to be resolved.

-6-
Case: 19-30088  Doc# 2307  Filed: 05/31/19  Entered: 05/31/19 13:31:18  Page 6 of 10

13. The Motion seeks to set a deadline to file a claim if the schedules are amended, which typically would be proper. However, the California State Agencies submit that the description of the claims in the Debtors' schedules is often vague and ambiguous with respect to agencies of the State of California, with many such entries merely referencing the "State of California." The California State Agencies request that paragraph 3(l) of the order indicate that any notice of an amendment to the schedules provide sufficient information for the claimant to be able to determine the identity of the claimant and the nature of the amendment or supplement, which the Debtors appear to have agreed to do. The Debtors have circulated a revised proposed order containing similar language, which the California State Agencies are reviewing at this time.

14. The Department of Water Resources, acting by and through the California Energy Resources Scheduling Division (CERS), requested that the Debtors add language to the proposed order clarifying that claims against Debtor, Pacific Gas & Electric Company, arising out of the 2000-2001 energy crisis refund proceedings before FERC are not required to file a Proof of Claim on or before the Bar Date. The Debtors have circulated a revised proposed order containing acceptable language on this issue. Subject to review and approval of the final version of the revised proposed order, this issue appears to be resolved.

15. Finally, the Debtors request that proofs of claim using the Debtors' proposed Wildfire Claim form be kept confidential. See Order ¶ 4. The California State Agencies do not believe these claims should be confidential, unless otherwise requested by the wildfire claimants or the Official Committee of Tort Claimants. The California State Agencies do not want their wildfire-related proofs of claim to be treated as confidential. While there may be information in the California State Agencies' and other governmental units of the State of California respective supporting documentation which will be redacted to protect state employees' privacy rights (e.g., employee social security numbers), the proofs of claim should not be confidential and limited to review by only the select group mentioned in the proposed order. The Debtors have agreed to carve out the California State Agencies from the language requiring that information submitted in connection with Wildfire Claims remain confidential; however, the California State Agencies believe this revision should apply to all governmental units of the State of California. Subject to

review and approval of the revised proposed order, this issue may be resolved.

16. Neither this limited objection nor any subsequent appearance, pleading, proof of claim, claim or suit is intended or shall be deemed or construed as:

    a. a consent by the California State Agencies to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving the California State Agencies;

    b. a waiver of any right of the California State Agencies to (i) have an Article III judge adjudicate in the first instance any case, proceeding, matter or controversy as to which a Bankruptcy Judge may not enter a final order or judgement consistent with Article III of the United States Constitution, (ii) have final orders in non-core matters entered only after de novo review by a District Court Judge, (iii) trial by jury in any proceeding so triable in the Chapter 11 Cases or in any case, controversy, or proceeding related to the Chapter 11 Cases, (iv) have the United States District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (v) any and all rights, claims, actions, defenses, setoffs, recoupments or remedies to which the California State Agencies are or may be entitled under agreements, in law or in equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved hereby; or

    c. a waiver of any objections or defenses that the State of California, the California State Agencies or any other agency, unit or entity of the State of California may have to this Court's jurisdiction over the State of California, the California State Agencies or such

///
///
///
///
///
///
///
///

-8-

Case: 19-30088    Doc# 2307    Filed: 05/31/19    Entered: 05/31/19 13:31:18    Page 8 of 10

other agency, unit or entity based upon the Eleventh Amendment to the United States Constitution or related principles of sovereign immunity or otherwise, all of which objections and defenses are hereby reserved.

Dated: May 31, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MARGARITA PADILLA
Supervising Deputy Attorney General

By: */s/ Paul J. Pascuzzi*
STEVEN H. FELDERSTEIN
PAUL J. PASCUZZI
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
Attorneys for California Department of Toxic Substances Control, California Department of Water Resources acting by and though the California Energy Resources Scheduling Division and on behalf of the State Water Project, State Water Resources Control Board, Regional Water Quality Control Boards, and State Energy Resources Conservation and Development Commission, California Department of Forestry and Fire Protection (CAL FIRE), California Coastal Commission, California Air Resources Board, Department of Parks and Recreation, San Francisco Bay Conservation and Development Commission, Department of Housing and Community Development, Central Valley Flood Protection Board, Department of Conservation including the Division of Oil, Gas, and Geothermal Resources, State Coastal Conservancy, and California Department of Fish and Wildlife

# PROOF OF SERVICE

I, Lori N. Lasley, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 Capitol Mall, Suite 1750, Sacramento, CA 95814. On May 31, 2019, I served the within documents:

**LIMITED OBJECTION OF THE CALIFORNIA STATE AGENCIES TO MOTION OF DEBTORS FOR ORDER (I) ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM, (II) ESTABLISHING THE FORM AND MANNER OF NOTICE THEREOF, AND (III) APPROVING PROCEDURES FOR PROVIDING NOTICE OF BAR DATE AND OTHER INFORMATION TO ALL CREDITORS AND POTENTIAL CREDITORS [DOCKET NO. 1784]**

By Electronic Service only via CM/ECF.

*/s/ Lori N. Lasley*
Lori N. Lasley