Robert A. Julian (SBN 99469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone: 628.208.6434
Facsimile: 310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br>**PG&E CORPORATION**<br>-and-<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>***EX PARTE* MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON MOTION PURSUANT TO 11 U.S.C. §§ 105(a), 501 AND FED. R. BANKR. P. 3001(a), 3003(c), 5005 AND 9007 FOR ENTRY OF AN ORDER (I) ESTABLISHING A BAR DATE FOR FILING FIRE CLAIMS, (II) APPROVING THE FORM AND PROCEDURES FOR NOTICE OF THE BAR DATE FOR FIRE CLAIMS, AND (III) APPROVING SUPPLEMENTAL PROCEDURES FOR NOTICE OF THE BAR DATE TO FIRE CLAIMANTS**<br><br>Related Document: Dkt. No. 2297<br><br>[No hearing requested] |

The Official Committee of Tort Claimants (hereafter, the "**TCC**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") of PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**" or "**PG&E**"), hereby submits this Motion (the "**Motion to Shorten**"), pursuant to Rule 9006-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for entry of an order shortening time for a hearing on the TCC's motion to establish a bar date for filing fire claims and approving the TCC's notice procedures (Dkt. No. 2297) (the "**TCC Motion**"). In support of this Application, the TCC submits the Declaration of Eric Goodman (the "**Goodman Declaration**") filed contemporaneously herewith. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. BASIS FOR RELIEF SOUGHT

Pursuant to Bankruptcy Local Rule 9014-1(c)(2), a hearing on the TCC Motion requires at least twenty-one (21) days' notice of an opportunity for a hearing. Bankruptcy Local Rule 9006-1(a) provides that, except as set forth therein, "approval of the Court is required to enlarge or to shorten time to perform any act or file any paper pursuant to the Federal Rules of Civil Procedures, the Bankruptcy Rules, or these Bankruptcy Local Rules." B.L.R. 9006-1(a).

The Court's approval is warranted here. PG&E filed a motion (Dkt. No. 1784) (the "**PG&E Motion**") to establish September 16, 2019 at the bar date for filing Fire Claims, and for the approval of PG&E's claim form for fire victims and related notice procedures. As set forth in the TCC's Objection (Dkt. No. 2306) (the "**Objection**") to the PG&E Motion, and the Declarations filed in support thereof, PG&E's early bar date, when combined with its unduly complex claim form and

minimalist noticing procedures, will necessarily have the effect of excluding thousands of unrepresented victims, including those recovering from the aftermath of the 2018 Camp Fire.

The PG&E Motion is scheduled to be heard on June 11, 2019 at 9:30 a.m. (Pacific Time). Also scheduled to be heard on June 11, 2019 at 9:30 a.m. (Pacific Time) is the TCC's motion to approve the TCC's model proof of claim form for fire victims (Dkt. No. 1824) (the "**TCC's Claim Form Motion**"). But, the TCC Claim Form Motion does not seek approval of notice procedures or ask the Court to establish a bar date.

To address this, the TCC has filed the TCC Motion, asking the Court to approve the TCC's notice plan and establish January 31, 2020 as the bar date for filing Fire Claims. The TCC proposes a robust notice plan designed to reach victims of the 2018 Camp Fire and maximize creditor participation in the Chapter 11 Cases. And, the TCC is proposing a bar date that will give victims of the 2018 Camp Fire sufficient time to file proofs of claim.

The TCC believes that it is important for the Court to consider PG&E's proposal and the TCC's proposal at the same time on June 11, 2019. To this end, the TCC requests that notice be shortened to permit the TCC's Motion to be heard on June 11, 2019, at 9:30 a.m. (Pacific Time).

As stated in the Goodman Declaration, as of the filing of this Motion to Shorten, the Debtors do not object to the TCC Motion being heard on June 11, 2019, at 9:30 a.m. (Pacific Time), subject to an objection deadline of June 10, 2019, at 4:00 p.m. (Pacific Time).

**III. NOTICE**

Notice of this Motion to Shorten will be provided to (i) the Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, PO Box 770000, 77 Beale Street, San Francisco, CA 94105 (Attn: Janet Loduca, Esq.); (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq., Jessica Liou, Esq., and Matthew Goren, Esq.), proposed attorneys for the Debtors; (iii) Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco, CA 94108 (Attn: Tobias Keller, Esq. and Jane Kim, Esq.), proposed attorneys for the Debtors; (iv) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038-4982 (Attn: Kristopher M. Hansen, Esq., Erez E. Gilad, Esq., and Matthew G. Garofalo, Esq.) and 2029 Century Park East, Los Angeles, CA 90067-3086 (Attn: Frank A. Merola, Esq.), as counsel for the

administrative agent under the Debtors' debtor-in-possession financing facility; (v) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Eli J. Vonnegut, Esq., David Schiff, Esq., and Timothy Graulich, Esq.), as counsel for the collateral agent under the Debtors' debtor-in-possession financing facility; (vi) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019-6064 (Attn: Alan W. Kornberg, Esq., Brian S. Hermann, Esq., Walter R. Rieman, Esq., Sean A. Mitchell, Esq., and Neal P. Donnelly, Esq.), as counsel to the California Public Utilities Commission; (vii) the Office of the United States Trustee for Region 17, 450 Golden Gate Avenue, 5th Floor, Suite #05-0153, San Francisco, CA 94102 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (viii) U.S. Nuclear Regulatory Commission, Washington, DC 20555-0001 (Attn: General Counsel); (ix) U.S. Department of Justice, 1100 L Street, NW, Room 7106, Washington DC 20005 (Attn: Danielle A. Pham, Esq.,) as counsel for United States on behalf of the Federal Energy Regulatory Commission; (x) Milbank LLP, 55 Hudson Yards, New York, NY 10001-2163 (Attn: Dennis F. Dunne, Esq. and Sam A. Khalil, Esq.) and 2029 Century Park East, 33rd Floor, Los Angeles, CA 90067 (Attn: Paul S. Aronzon, Esq., Gregory A. Bray, Esq., and Thomas R. Kreller, Esq.), as counsel for the Official Committee of Unsecured Creditors; and (xi) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The TCC respectfully submits that no further notice is required.

No previous request for the relief sought herein has been made by the TCC to this or any other court.

**WHEREFORE**, the TCC respectfully requests entry of an order granting the Motion to Shorten, and such other and further relief as the Court may deem just and appropriate.

Dated: May 31, 2019

BAKER & HOSTETLER LLP

By: /s/ Eric Goodman

*Attorneys for The Official Committee of Tort Claimants*