TIMOTHY S. LAFFREDI (WI SBN 1055133)
Assistant United States Trustee
MARTA E. VILLACORTA (NY SBN 4918280)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
450 Golden Gate Avenue, Suite 05-0153
San Francisco, CA 94102
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: timothy.s.laffredi@usdoj.gov;
marta.villacorta@usdoj.gov

Attorneys for Andrew R. Vara,
Acting United States Trustee for Region 3[1]

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION**, <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> **Debtors**. <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> *\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) <br><br> (Jointly Administered) <br><br> Date: June 11, 2019 <br> Time: 9:30 a.m. (Pacific Time) <br> Place: United States Bankruptcy Court <br> Courtroom 17, 16th Floor <br> San Francisco, CA 94102 <br> [ECF No. 1784] |

**UNITED STATES TRUSTEE'S OBJECTION TO THE MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 502(b)(9) AND 105(a), FED. R. BANKR. P. 2002, 3003(c)(3), 5005 AND 9007, AND B.L.R. 3003-1 FOR ORDER (I) ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM, (II) ESTABLISHING THE FORM AND MANNER OF NOTICE THEREOF, AND (III) APPROVING PROCEDURES FOR PROVIDING NOTICE OF BAR DATE AND OTHER INOFORMATION TO ALL CREDITORS AND POTENTIAL CREDITORS (ECF No. 1784)**

---

[1] Andrew R. Vara, Acting United States Trustee for Region 3, is acting in this appointment for Tracy Hope Davis, United States Trustee for Region 17, who is recused from the above-captioned cases.

In support of his objection (the "Objection") to the Motion of Debtors Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005 and 9007, and B.L.R. 3003-1 for Order (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Important Information to all Creditors and Potential Creditors (ECF No. 1784, "Motion"), Andrew R. Vara, the Acting United States Trustee for Region 3 ("U.S. Trustee"), through his undersigned counsel, states as follows:

1. This Court has jurisdiction to hear the Objection.

2. Pursuant to 28 U.S.C. § 586, the U. S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U. S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.), 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.), 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to the Objection.

# I.
# Preliminary Statement

4. The Motion seeks Court approval of bar dates for filing claims, the format of proof of claim forms, and proposed notices.[2] The U.S. Trustee recognizes the importance of providing creditors with notice of deadlines in a cost-effective manner, and establishing a process for the timely filing of pre-petition claims. The U.S. Trustee does not oppose entry of a traditional bar date order for currently known creditors. Much of the relief being sought, however, is inappropriate. Under the Bankruptcy Code, a claim is presumed allowed when filed.

---

[2] All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

The Debtors inappropriately impose upon certain claimants, including most notably the proposed wildfire claimants, standards approaching those required to defeat a motion brought under Rule 12(b)(6) seeking to dismiss a case for failure to state a claim, or which require the filing of documents that typically are required with proofs of claim.[3] Claimants who do not satisfy such a standard will have their claims disallowed without proceeding through the objection process. Claimants who have previously filed a proof of claim will be required to file a proof of claim again. The Motion seeks advance authority for claims to be filed under seal without having to satisfy the necessary legal standards therefor. This request is made because of the Debtors' request that inappropriate personally identifiable information be included in proof of claim forms.[4] The Motion should therefore be denied to the extent that it seeks to establish anything more than a traditional notice of bar date and claims process applicable to creditors with actual prepetition claims known at this time.

## II.
## Background

5. On January 29, 2019 (the "Petition Date"), the Debtors commenced the above-captioned cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. *See* ECF No. 1. No trustee has been appointed in the Debtors' cases. See generally Case Dockets

6. On February 12, 2019, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee"). *See* ECF No. 409. On February 15, 2019, the United States Trustee appointed an Official Committee of Tort Claimants. See ECF No. 453.

7. The Debtors filed the Motion on May 3, 2019.

---

[3] Given that the 2018 fires are less than one year old, it is quite possible for many claimants that not all of their damages are presently known.

[4] On May 3, 2019, the Official Committee of Tort Claimants ("TCC") has filed its Motion of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. §§105(a) and 501 and Fed. R. Bankr. P. 3001(a) for Entry of an Order Approving Proposed Model Proof of Claim form for Fire Claims and Related Procedures ("TTC Motion", ECF No. 1824). The U.S. Trustee has recommended some minor revisions to the proposed TTC form but does not oppose the TTC Motion.

# III.

## Statement of Facts

8. The Motion seeks approval of bar dates, forms of notice and proof of claim forms for the filing of claims. The Motion proposes three different bar date forms: a Wildfire Claimant Proof of Claim Form; a Wildfire Subrogation Proof of Claim Form; and, a Standard Proof of Claim Form for all claimants other than Wildfire or Wildfire Subrogation claimants. The Motion seeks a Bar Date of September 16, 2019.[5] The proposed Wildfire and Wildfire Subrogation Proof of Claim forms request significantly more information than the proposed Standard Proof of Claim and significantly more information than is requested by Bankruptcy Official Form 410.

9. Paragraph 3(e) of the proposed Order would require Wildfire Claims that have previously filed a proof of claim ("POC") to file a new claim using the Debtors' proposed form or be precluded from participating in voting or distribution.

10. Paragraph 3(l) of the proposed Order would require a claimant to file a new claim based upon a filed amendment to the Schedules, even if the claimant has filed a claim prior to the filing of any amendment.

11. Paragraph 3(o)(6) of the proposed order provides that holders of claims that are not Wildfire or Wildfire Subrogation Claims who have previously filed a POC would be exempted from the requirement to file a new POC upon receiving notice of the Bar Date.

12. Paragraph 4 of the proposed Order provides that <u>all</u> supporting documentation submitted in connection with Wildfire POCs: "…shall remain confidential in these Chapter 11 cases and shall not be made available to the general public." The same provision would provide the information to the Committees and the U.S. Trustee, but only if each party agrees to keep the information confidential. This provision is repeated in the various proposed Bar Date Notices (Exhibits B-1; B-2; and, B-3).

---

[5] Paragraph 6-8 of the proposed Order (ECF No. 1784-1) actually provide for a bar date of 95 days from the giving of notice, so the actual date may be later than September 16, 2019 and will be reflected in the notices. The Debtors have acknowledged to the U.S. Trustee that this is the case. The U.S. Trustee observes too, that 180 days from the filing date of January 29, 2019 is July 28, 2019. The proposed bar date this complies with 11 U.S.C. §502(b)(9) with respect to a bar date for governmental entities.

13. Paragraph 5 of the proposed Order provides in part that a failure to file a claim in a timely manner will result in the claimant being: "…forever barred, estopped and enjoined from asserting such claims against the Debtors, their property, or their estates (or submitting a Proof of Claim with respect thereto).

14. The Wildfire Claim Notice refers potential claimants to a dedicated website for the filing of their claims: www.pgewildfireinfo.com. This page does not yet exist and it is not yet known what will be on the page. Similarly, the proposed Customer Bar Date Notice (Exhibit B-3) refers potential claimants to a dedicated website for the filing of their claims: www.pgecustomerbardateinfo.com. This page does not yet exist and it is not yet known what will be on the page.

15. The proposed Wildfire Claimant Proof of Claim form (Exhibit C-2) requires a Claimant to identify with specificity the fire from which the Claim emanates. This Exhibit would also require a claimant to provide copies of all supporting documentation supporting the claim: "…proof of ownership, property appraisals, insurance documents and other detailed information related to the claim "…such as proof of operation at the time of fire, federal tax returns for the two years preceding the fire, monthly/annual profit and loss statements or W-9 forms…". If the claim is based upon a personal injury or wrongful death, a claimant is required to provide a passport or driver's license, death certificate, autopsy findings or insurance benefit summaries, hospital records and physician office visit records. None of this information is required to be included in Official Form 410. On the other hand, the Debtors' proposed form does not include questions as to whether any portion of a Wildfire Claim is secured or priority as is required by Official Form 410.[6] As to the Wildfire Related – Subrogation Insurers (Motion, Ex. C-3), the Debtors require the claimants to comply with an additional step after their claims are filed. This step includes the filing of supplemental information within 10 days after receiving a request by Prime Clerk. See Questions 10-12.

---

[6] Although it is unlikely that a Wildfire claim might have a secured or priority status, it is not impossible and the proposed POC should so provide.

# IV.
# ARGUMENT

## A. A Filed Proof of Claim is Deemed Allowed Unless a Party in Interest Objects

16. Bankruptcy Code Section 502(a) provides in pertinent part as follows: "A claim or interest, proof of which is filed under Section 501 of this title, is deemed allowed, unless a party in interest…objects." Consistent therewith, Fed. R. Bankr. P. 3001(f) provides: "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim. The procedure for objecting to a claim is set forth in Federal Rule of Bankruptcy Procedure 3007, and requires among other things that an objection to a claim be filed and served at least 30 days before any scheduled hearing on the objection.

17. Here, the Debtor has proposed that Wildfire Claimants who have previously filed claims must file a new POC in order to have their claim deemed timely filed. This is entirely inappropriate. Any creditor of any kind that has previously filed a POC has an allowed claim. If the Debtors want to object to any such claim they have that right. The Debtors may not ignore the dictates of Bankruptcy Code Section 502(a) as to any claim which has already been filed.

18. Similarly, the proposal that an amendment to the schedules imposes a new requirement upon a claimant to file a POC or face the consequences thereof is entirely inappropriate as to any POC filed with respect to the claim prior to the filing of an amendment. The proper procedure is to object to the claim, not amend the schedules. The provisions purporting to affect amended schedules should exclude from them any requirement for a creditor who has previously filed a proof of claim to file another claim or be barred from a recovery in this case.

## B. The Presumption of Public Access to Court Records

19. Federal Rule of Bankruptcy Procedure 5001(b) provides, in pertinent part, as follows: "All trials and hearings shall be conducted in open court and so far as convenient in a regular court room." See In re Global Crossing Ltd., 295 B.R. 720, 723-24 (Bankr. S.D.N.Y. 2003). Thus, parties seeking to deny public access to court documents must overcome a strong

presumption. Neal v. The Kansas City Star (In re Neal), 461 F.3d 1048, 1053 (8th Cir. 2006); Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.), 422 F.3d 1, 6 (1st Cir. 2005).

20. In the bankruptcy context, the general rule of open access is set forth in Section 107(a) of the Bankruptcy Code, which provides, in part, that subject to certain limited exceptions: "A paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a). See In re Food Management Group, LLC, 359 B.R. 543, 553-55 (Bankr. S.D.N.Y. 2007) (section 107 reflects Congress' intent to favor public access to papers filed with the Bankruptcy Court).

21. The policy of open inspection, codified generally in Section 107(a) of the Bankruptcy Code, evidences the strong desire of Congress to preserve the public's right of access to judicial records in a bankruptcy proceeding. In re Orion Pictures Corp., 21 F.3d 24, 26 (2d Cir. 1994); In re Barney's, Inc., 201 B.R.703, 707 (Bankr. S.D.N.Y. 1996) ("Congress did not intend that sealed pleadings be the rule in bankruptcy cases"); In re Alterra Healthcare Corp., 353 B.R. 66, 74 (Bankr. D. Del. 2006) ("Congress has codified the historical practice of open access in bankruptcy").

22. Limited exceptions to the general rule are contained in the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. See, generally, Food Management, 359 B.R. at 553-55. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. Section 107(b) provides in relevant part that: "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may- (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title." 11 U.S.C. § 107(b).

23. Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under the Bankruptcy Code Section 107(b) and provides as follows:

On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. Fed. R. Bankr. P. 9018.

24. Here, the proposed Wildfire POC and the proposed Wildfire Subrogation POC forms request significantly more information than is typically required by Official Form 410. Some of the information requested seeks personally identifiable information which should not be included in a POC, such as social security or passport numbers, to name but two. Personally identifiable information should not be included in any POC form. Much of the information sought is more properly the subject of a discovery request rather than a requirement to file with a POC. Significant portions of many POCS may contain information that would comport with Section 107 or 9018. However, such rulings should not be made in a vacuum. The primary reason for this request by the Debtors is because it is likely that much of what they are requiring claimants to file with their claims is more properly the subject of a discovery request than documentation that should be included in a POC. Eliminating this material along with PII will obviate the need for any sealing or confidentiality provisions in the proposed Order.[7]

**C. Failure to File a Timely Claim Does Not Discharge a Debt**

25. Federal Rule of Bankruptcy Procedure 3003(c)(2) provides that the effect of failing to file a timely proof of claim is that: "…any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." A non-individual Chapter 11 debtor does not receive a discharge except through the provisions of Bankruptcy Code Section 1141(d).

---

[7] The proposed TCC Form does not suffer from these defects.

26. To the extent paragraph five of the proposed Order would effectively discharge untimely filed claims, any such language should be stricken. Further, the U.S. Supreme Court, in <u>Pioneer Investment Services v. Brunswick Associates, L.P.</u>, 507 U.S. 380 (1993), held that an untimely filed proof of claim may be allowed upon a showing of excusable neglect. Paragraph five of the proposed Order would prohibit the filing of a late filed claim, precluding a creditor from making a showing of excusable neglect. This language should be stricken from the proposed Order.

**D. Superfluous/Misleading Language in the Order**

27. Paragraph 14 states that "nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim. . ." Paragraph 15 provides that the "Debtors and Prime Clerk are authorized to take all steps necessary or appropriate to carry out this Order." These paragraphs should be stricken as the scope of the relief sought in the Motion is contained in the Motion.

**V.**

**Conclusion**

28. To the extent that the Motion attempts to ignore the substantive provisions of Bankruptcy Code Section 502(a) and corresponding Fed. R. Bankr. P. 3001(f) by requiring entities that have already filed proofs of claim to file them again or be deprived of their rights, the Motion should be denied. To the extent the Motion seeks to materially modify Official Form 410 by requiring a claimant to include PII and documentation that is more properly the subject of a discovery request or be deprived of their rights, the Motion should be denied. To the extent the Motion seeks to prevent open and public access to court records without any showing therefor, a request occasioned primarily due to the request to include PII and other inappropriate material in the proof of claim forms, the Motion should be denied.

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Motion to the extent of this Objection and/or granting such other relief as this Court deems appropriate,

Case: 19-30088   Doc# 2316   Filed: 05/31/19   Entered: 05/31/19 14:41:13   Page 9 of 10

fair and just.

Dated: May 31, 2019

Andrew R. Vara
Acting United States Trustee, Region 3

/s/ Timothy S. Laffredi
Assistant United States Trustee