WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**MOTION OF THE UTILITY FOR LIMITED RELIEF FROM THE AUTOMATIC STAY TO APPEAL CERTAIN MATTERS PENDING BEFORE THE FEDERAL ENERGY REGULATORY COMMISSION**<br><br>Date: June 26, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102<br><br>**Objection Deadline**: June 19, 2019<br>      4:00 p.m. (Pacific Time) |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**") as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to section 362(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 4001-1 of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), requesting an Order of this Court for relief from the automatic stay, to the extent it is or was applicable, as follows (and as specified in the proposed Order attached hereto as Exhibit "A"):

1. To permit the Utility, should it elect to do so, to file notices of appeal to the Court of Appeals from or relating to certain orders issued by the Federal Energy Regulatory Commission ("**FERC**") in proceedings before FERC, all as more specifically identified and defined in the following Memorandum of Points and Authorities (the "**FERC Orders**"), and to prosecute such appeals to conclusion.

2. If and to the extent the automatic stay applied (a) to post-petition proceedings before FERC relating to the FERC Orders, or (b) to post-petition actions taken by the Utility or FERC relating to the FERC Orders, including certain Requests for Rehearing filed by the Utility at FERC on February 25, 2019, for retroactive relief from the automatic stay such that the post-petition actions and filings before FERC are not rendered void by the automatic stay, and instead may properly be considered as part of the record on an appeal from the FERC Orders.

In support of the Motion, the Debtors submit the following Memorandum of Points and Authorities, and the *Declaration of Theodore E. Tsekerides* (the "**Tsekerides Declaration**"), filed contemporaneously herewith.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") submit this Motion for prospective and retroactive relief from the automatic stay pursuant to sections 105 and 362 of title 11 of the United States Code (the "**Bankruptcy Code**"), to the extent that the automatic stay applies, with respect to (1) the Utility's right to file and prosecute appeals of certain orders issued by FERC; (2) certain Requests for Rehearing filed by the Utility at FERC on February 25, 2019; (3) FERC's Orders Granting Rehearing for Further Consideration on March 26, 2019; and (4) the FERC Order Denying Rehearing, dated May 1, 2019. Because there is no risk of prejudice to any interested party if the Utility decides to appeal the FERC Orders to the appropriate United States Court of Appeals, the Court should lift the stay for the purpose of permitting the Utility to appeal the FERC Orders if it so chooses, and to pursue any such appeal to conclusion. Similarly, because the Utility's filings and the FERC Orders were filed in good faith, the Court should grant the Utility's Motion and provide retroactive relief from the stay, to the extent necessary, for the limited purposes of preserving the appellate record in subsequent litigation at the appropriate United States Court of Appeals.[1] In support of this Motion, the Debtors also offer the *Declaration of Theodore E. Tsekerides*, filed on the date hereof.

## II. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors oppose lifting the stay for any other purpose at FERC, including the continuation or commencement of litigation proceedings at FERC relating to the PPAs, as defined below.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

### III. BACKGROUND

On January 29, 2019, PG&E Corp. and the Utility each commenced with this Court the above-captioned Chapter 11 Cases. On that same day, the Utility commenced an adversary proceeding by filing a complaint against FERC seeking declaratory and injunctive relief on the basis that FERC had improperly interfered with the Utility's, and by extension the Debtors', bankruptcy proceedings. *See* Complaint, *Pac. Gas. & Elec. Co. v. FERC*, Adv. Pro. No. 19-03003 (Bankr. N.D. Cal. Jan. 29, 2019). This dispute stems from two orders issued by FERC, dated January 25 and January 28, 2019, respectively, which granted relief to certain petitions filed by power purchase agreement counterparties ("**PPA**" and "**PPA Counterparties**"). In those orders, FERC concluded that it had "concurrent" jurisdiction over the Utility's rejection decisions in bankruptcy pursuant to section 365 of the Bankruptcy Code. *See NextEra Energy, Inc. v. Pac. Gas & Elec. Co.*, 166 FERC ¶ 61,049 (Jan. 25, 2019) (the "**NextEra Order**") (attached as **Exhibit 1** of the Tsekerides Declaration); *Exelon Corp. v. Pac. Gas & Elec. Co.*, 166 FERC ¶ 61,053 (Jan. 28, 2019) (the "**Exelon Order**") (attached as **Exhibit 2**) (the "**FERC Proceedings**"). As the Court is aware, this dispute has been the subject of extensive briefing.

Upon the commencement of the Chapter 11 Cases, the Utility sought to preserve its appellate rights at FERC. As an entity "aggrieved by an order issued by [FERC] in a proceeding," the Utility would have ordinarily had 30 days to apply for a rehearing after the issuance of such an order. 16 U.S.C. § 825*l*(a). Filing a request for rehearing is a precondition to article III review of the FERC Proceedings. *See* 15 U.S.C. § 717r(b). Upon the filing of a petition for relief, section 108(b) of the Bankruptcy Code extends the time for the Utility to submit requests for rehearing by 60 days. To ensure that this right to appeal was preserved, the Debtors and FERC stipulated, and the Court ordered, that the Utility would have 60 days to submit requests for rehearing of the January 25 and 28 NextEra and Exelon Orders. *See Order Pursuant to Stipulation and Agreement for Order Regarding Extension of Time Granted by 11 U.S.C. § 108(b) for Debtors to Seek Rehearing of FERC Orders*, *Pac. Gas. & Elec. Co. v. FERC*, Adv. Pro. No. 19-03003 (Bankr. N.D. Cal. Feb. 6, 2019), Dkt. No. 65.

In order to preserve its rights, on February 25, 2019, during the pendency of the Debtors' Chapter 11 Cases, the Utility filed requests for rehearing of the NextEra and Exelon Orders at FERC,

pursuant to section 313 of the Federal Power Act, 16 U.S.C. § 825*l*(a), and Rule 713 of the Rules of Practice and Procedure of the Federal Energy Regulatory Commission, 18 C.F.R. § 385.713. *See Request for Rehearing*, *NextEra Energy, Inc. v. Pac. Gas & Elec. Co.*, No. EL19-35-001 (FERC Feb. 25, 2019) (attached as **Exhibit 3)**; *Request for Rehearing*, *Exelon Corp. v. Pac. Gas & Elec. Co.*, No. EL19-36-001 (FERC Feb. 25, 2019) (attached as **Exhibit 4**) (together, the "**Requests for Rehearing**"). FERC subsequently entered orders finding that the Utility had timely requested rehearing of the NextEra and Exelon Orders. *See Order Granting Rehearing for Further Consideration*, *NextEra v. Pac. Gas & Elec. Co.*, No. EL19-35-001 (FERC Mar. 26, 2019) (attached as **Exhibit 5**); *Order Granting Rehearing for Further Consideration*, *Exelon Corp. v. Pac. Gas & Elec. Co.*, No. EL19-36-001 (FERC Mar. 26, 2019) (attached as **Exhibit 6**).

On May 1, 2019, FERC entered a single order denying the Utility's Requests for Rehearing after consolidating the proceedings for purposes of rehearing. *See Order Denying Rehearing*, *NextEra Energy, Inc. v. Pac. Gas & Elec. Co.*, Nos. EL19-35-001, EL 19-36-001 (FERC May 1, 2019) (attached as **Exhibit 7**) (together with the other aforementioned FERC orders, the "**FERC Orders**"). Under 16 U.S.C. § 825*l*, the Utility has 60 days from the entry of the May 1, 2019 order to file appeals of the FERC Orders with the United States Court of Appeals for the Ninth or D.C. Circuit if it is to preserve its appellate rights.

## IV. THE COURT SHOULD GRANT THE UTILITY'S MOTION

### A. The Court Should Grant Relief from the Automatic Stay to Allow the Utility to File Appeals of the FERC Orders

While it is unclear to the Utility that the automatic stay would preclude filing an appeal, in an abundance of caution the Utility asks this Court to grant relief from the automatic stay so that it may, should it choose to, proceed with an appeal of the FERC Orders at the appropriate United States Court of Appeals. "The law is well settled that granting or denying relief from stay is a matter of the court's sound discretion." *In re Howrey LLP*, 492 B.R. 19, 23 (Bankr. N.D. Cal. 2013) (Montali, J.) (citing *In re Kronemyer*, 405 B.R. 915, 921 (B.A.P. 9th Cir. 2009)).

When deciding whether to lift the stay, courts commonly turn to a non-exhaustive list of factors to guide their discretion:

1. Whether the relief will result in a partial or complete resolution of the issues;
2. The lack of any connection with or interference with the bankruptcy case;
3. Whether the foreign proceeding involves the debtor as a fiduciary;
4. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;
5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;
7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;
8. Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c);
9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);
10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties;
11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and
12. The impact of the stay on the parties and the "balance of hurt."

*In re Plumberex Specialty Prod., Inc.*, 311 B.R. 551, 559 (Bankr. C.D. Cal. 2004) (citing *In re Curtis*, 40 B.R. 795, 800 (Bankr. D. Utah 1984)). Several of these factors—namely, 3, 5, 6, 8, 9, and 11—are inapplicable on the facts and procedural posture of this Motion.

The remaining factors strongly support lifting the automatic stay, to the extent it applies, so that the Utility may exercise its rights to pursue appeals of the FERC Orders. The first factor—involving the nature of the relief in question—supports lifting any stay. Appellate review of the FERC Orders will resolve the Debtors' disputes with FERC completely because the Debtors' disagreement with FERC's decision-making is a question of law reviewable by a United States Court of Appeals. *See* 16 U.S.C. § 825*l*(b). The second factor—concerning whether the FERC Proceedings are connected with the Debtors' Chapter 11 Cases—weighs for lifting the stay as well. Although this matter is intimately tied up with the Debtors' restructuring, the Debtors seek to reach a final resolution on their ability to reject PPAs pursuant to section 365 of the Bankruptcy Code as soon as possible and

seek to preserve all avenues of review, including by appeal to the United States Court of Appeals. While that may involve an appeal of any decision from this Court, the timing of such an appeal is unknown at this time.[2]

For similar reasons, the fourth, seventh, and tenth factors—concerning, respectively, a tribunal's expertise, prejudice to third parties, and the interests of judicial economy—all strongly support lifting the automatic stay. Appellate litigation relating to the FERC Orders may only take place at the Court of Appeals; resolving the question of law between the parties will prejudice no one; and the interests of judicial economy strongly support dealing with this controversy now rather than post-confirmation. Finally, the twelfth factor—the "balance of hurt"—supports lifting the stay, as the Utility's rights to judicial review of the FERC Orders should not be impeded by the automatic stay and there is no apparent harm to FERC or the PPA Counterparties. As such, the Court should grant relief from the automatic stay so that the Utility may preserve and, if it so chooses, exercise its rights to appeal the FERC Orders.

### B. To the Extent the Automatic Stay Applies, the Court Should Also Grant Retroactive Relief from the Stay for the Utility's Requests for Rehearing and the FERC Orders

In addition to prospective relief from the automatic stay, the Utility also seeks retroactive relief from the automatic stay for the Requests for Rehearing and the FERC Orders, to the extent section 362 applies to either. The Bankruptcy Court may grant relief from the stay "in order to retroactively validate actions that otherwise would be void as stay violations." *In re Ramirez*, No. EC-16-1015, 2016 WL 7189831, at *5 (B.A.P. 9th Cir. Dec. 2, 2016). "[T]he court may consider a number of different factors" when deciding whether to grant retroactive relief from the stay, but "any specific list of relevant factors is subject to modification depending on the circumstances of the particular case." *In re Gasprom, Inc.*, 500 B.R. 598, 607 (B.A.P. 9th Cir. 2013). Several factors guide this inquiry, many of which are substantively similar to those for prospective relief from the stay:

1. The number of filings;

---

[2] It may be that appeals of the FERC Orders and of a decision from this Court would ultimately be consolidated.

2. Whether, in a repeat filing case, the circumstances indicate an intention to delay and hinder creditors;
3. A weighing of the extent of prejudice to creditors or third parties if the stay relief is not made retroactive, including whether harm exists to a bona fide purchaser;
4. The Debtor's overall good faith (totality of circumstances test);
5. Whether creditors knew of stay but nonetheless took action, thus compounding the problem;
6. Whether the debtor has complied, and is otherwise complying, with the Bankruptcy Code and Rules;
7. The relative ease of restoring parties to the status quo ante;
8. The costs of annulment to debtors and creditors;
9. How quickly creditors moved for annulment, or how quickly debtors moved to set aside the sale or violative conduct;
10. Whether, after learning of the bankruptcy, creditors proceeded to take steps in continued violation of the stay, or whether they moved expeditiously to gain relief;
11. Whether annulment of the stay will cause irreparable injury to the debtor; and
12. Whether stay relief will promote judicial economy or other efficiencies.

See *Gasprom*, 500 B.R. at 607 (citing *Fjeldsted v. Lien (In re Fjeldsted)*, 293 B.R. 12, 25 (B.A.P. 9th Cir. 2003)). The fifth and tenth factors are not applicable on these facts.

The first, second, third, fourth, fifth, and sixth factors—concerning the number of filings, any intentional delays related thereto, prejudice to creditors or third parties if retroactive relief is not granted, the good faith of the Debtors, and the Debtors' continued compliance with the Bankruptcy Code and Rules—largely focus on whether the Debtors have acted in good faith by now seeking to lift the stay. All support retroactive relief. The Utility filed its Requests for Rehearing to preserve its rights to appeal the FERC Orders on the good faith basis that section 108(b) of the Bankruptcy Code permitted it to do so and after presenting the issue to the Bankruptcy Court, which entered an order approving the Debtors' and FERC's stipulation to the temporary stay of filing deadlines under section 108(b). *See* Dkt. No. 65. The Debtors have diligently complied with all applicable authority in their Chapter 11 Cases and have not intended to delay or hinder any creditors by filing their Requests for Rehearing. Indeed, the Utility now submits this Motion as a prophylactic measure to ensure that the rights of *all* parties—the Utility as well as FERC and certain PPA Counterparties—are preserved on appeal.

The remaining applicable factors (7, 8, 9, 10, and 12)—concerning the ease of restoring the status quo, the costs to the parties, the speed with which the Debtors acted to address a potential stay violation, whether retroactive relief would create irreparable harm, and whether relief from the stay will promote judicial economy—largely revolve around whether any harm would be created by the granting of retroactive relief and whether it would be fair or economical for the Bankruptcy Court to grant such relief. These factors, too, support granting retroactive relief from the stay. Granting the Utility's Motion will not affect the substance of the Requests for Rehearing, the FERC Orders, or any appeal of the FERC Orders, nor will it undermine any concerned parties or stakeholders. It will only remove a possible procedural cloud from the appellate record. Relatedly, granting the Utility's Motion will not impose any costs on the Debtors or any creditors or PPA Counterparties, and the Debtors moved quickly to address the concerns of certain parties, including the Court, by filing this Motion. Granting retroactive relief from the stay will occasion no injury to the Debtors, or to any other interested party.

## V. CONCLUSION

Because there is no risk of prejudice to any interested party if the Court grants the Utility's Motion so that the Utility may file and prosecute an appeal of the FERC Orders, the Utility's Motion should be granted.

# NOTICE

Notice of this Motion will be provided to (i) the Office of the U.S. Trustee for Region 17 (Attn: Anthony R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor-in-possession financing facility; (xii) counsel to the PPA Counterparties; and (xiii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

Date: June 3, 2019 **WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

/s *Theodore E. Tsekerides*
Theodore E. Tsekerides

*Attorneys for Debtors and Debtors in Possession*