XAVIER BECERRA, SBN 118517
Attorney General of California
CHRISTINA BULL ARNDT, SBN 175403
Supervising Deputy Attorney General
ERICA B. LEE, SBN 288151
Deputy Attorney General
Land Law Section
California Department of Justice
300 S. Spring Street
Los Angeles, CA 90013
Telephone: (213) 269-6386

XAVIER BECERRA, SBN 118517
Attorney General of California
DANETTE VALDEZ, SBN 141780
ANNADEL ALMENDRAS, SBN 192064
Supervising Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3367
Fax: (415) 703-5480
Danette.Valdez@doj.ca.gov
Annadel.Almendras@doj.ca.gov

STEVEN H. FELDERSTEIN, SBN 059678
PAUL J. PASCUZZI, SBN 148810
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone: (916) 329-7400
Fax: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com

Attorneys for High Speed Rail Authority and
California Air Resources Board

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>Date: June 11, 2019<br>Time: 9:30 a.m.<br>Ctrm: 17<br>Judge: Dennis Montali |

**OBJECTION OF HIGH SPEED RAIL AUTHORITY AND CALIFORNIA AIR RESOURCES BOARD TO DEBTORS' APPLICATION TO EMPLOY KPMG [DOCKET NO. 2171]**

High Speed Rail Authority and the California Air Resource Board, by and through its undersigned counsel, hereby file this objection to the *Application Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a) and 2016 For Authority to Retain and Employ KPMG LLP as Information Technology, Risk and Legal Support Consultants to the Debtors Nunc Pro Tunc to Petition Date.* This Objection is supported by the following memorandum of points and authorities and any argument the Court may permit.

## PRELIMINARY STATEMENT

High Speed Rail Authority's ("HSRA") mission is to build and maintain an electric, high-speed, rail system in the State of California. KPMG LLP ("KPMG") currently provides financial advisor services to HSRA under a $40 million, four-year contract that terminates June 14, 2020. Due to its work for HSRA, KPMG has an actual and potential conflict. Currently, KPMG provides for all of HSRA's accounting and financial planning needs, and includes the following services:

    a.    Coordinates funding requests and assists in the production of funding requests;

    b.    Provides financial analysis of all bidders in HSRA's procurement process to determine whether bidders are financially qualified;

    c.    Preparing financial statements for HSRA's board of directors.

In the future, HSRA will purchase electricity from Pacific Gas &Electric Company (the "Utility"), either directly or indirectly but through PG&E's grid system. HSRA therefore anticipates entering into long-term energy purchasing agreements with PG&E. HSRA will rely on KPMG for advice when it drafts and negotiates those contracts with PG&E.

The California Air Resources Board ("CARB") is charged with protecting the public from the harmful effects of air pollution and developing programs and actions to fight climate change. CARB designed and implements the Cap-and-Trade Program, a market-based regulation that reduces greenhouse gas emissions from the State's major emission sources. The Cap-and-Trade Program establishes a hard, declining cap on approximately 80 percent of total statewide emissions, and it creates a strong economic incentive for investments in cleaner, more efficient

technologies.  There are no facility-specific emissions reduction requirements; rather, each covered entity must acquire and surrender compliance instruments in an amount equal to its total covered emissions.  A market exists where compliance instruments may be sold and traded among Program participants.

Between March 1, 2010, and August 31, 2012, KPMG provided CARB with information technology planning and support, project planning and management, risk management support, and other services in support of CARB's development of a cap-and-trade market tracking system. This tracking system – known as the Compliance Instrument Tracking System Service (CITSS) – allows CARB to track regulated entities' cap-and-trade trading and compliance activities.  As a regulated entity, the Utility is a market participant in the Cap-and-Trade Program and utilizes CITSS to hold and surrender compliance instruments and to participate in transactions of compliance instruments with other market participants.  Although KPMG concluded its work for CARB nearly seven years ago, KPMG acquired confidential and sensitive information regarding the Cap-and-Trade Program from CARB and was directly involved in the preliminary development of the cap-and-trade market tracking system.  CARB regulates the Utility, and the Utility is a registered user in the cap-and-trade market tracking system.

## BACKGROUND

1. On January 29, 2019 (the "Petition Date"), the Debtors commenced the above captioned cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. *See* ECF No. 1.

2. On May 21, 2019, the Debtors filed the Application to Retain and Employ KPMG. *See* ECF No. 2171.

3. As disclosed in the Application and related declaration of Geno Armstrong (ECF No. 2172), KPMG would provide information technology, risk and legal support consulting services, asset management services, data security services, and legal support services. KPMG may provide additional services and seek separate retention orders with regard to any additional services.

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. LEGAL FRAMEWORK

11 U.S.C. section 327 governs employment of professionals. Section 327(a) requires employment of "disinterested persons" and section 327(c) requires disqualification if a creditor objects and there is an "actual conflict of interest". Whether an actual conflict of interest exists is a case- and fact-specific inquiry. *In re AFI Holding, Inc.*, 530 F.3d 832, 848 (9th Cir. 2008).

"'Actual' conflict occurs when the professional serves two presently competing and adverse interests." *In re Am. Printers & Lithographers, Inc.*, 148 B.R. 862, 866 (Bankr. N.D. Ill. 1992). "'Potential' conflict is said to occur where the competition does not presently exist, but may become active if certain contingencies arise." *Id*. "There is a trend to make no distinction between potential and actual conflicts." *In re AFI Holding, Inc.*, 530 F.3d 832, 843 n.5 (9th Cir. 2008).

## II. ARGUMENT

### A. The Application Should Be Denied Because KPMG Has an Actual and Potential Conflict of Interest.

An actual conflict may arise when dual representation creates a conflict of interest. *See In re Internet In a Mall, Inc.*, 216 F.3d 1083 (9th Cir. 2000). Here, KPMG would have an actual and potential conflict of interest if it provides information technology, risk and legal support consulting services, asset management services, data security services, and legal support services to the Debtors. KPMG concurrently provides financial services to HSRA, a creditor in this bankruptcy case with two active contracts with PG&E for $27 million and $36 million, respectively. These contracts contain a requirement to reconcile payments with true costs, which may lead to a claim. The types of services that KPMG would provide to PG&E could easily fall within the scope of these contracts, in which case KPMG would have a dual representation of both PG&E and HSRA.

In addition, KPMG would have a potential conflict of interest because, in the future, a major component of HSRA's objective will be to obtain electricity from PG&E to operate the high-speed rail. The parties will need to enter into long-term contracts between HSRA and PG&E. And because of the unique nature of the future contracts—this project will be the state's

first high-speed rail—market rates and terms for the contracts will likely not be readily ascertainable. HSRA will therefore heavily rely on KPMG's financial advice in negotiating and drafting these contracts. And again, KPMG would find itself on both sides of the negotiating table.

Although KPMG's work on CARB's cap-and-trade market tracking system ended in August 2012, a potential conflict still exists because KPMG helped with the initial development of the market system in which the Utility is an active participant. KPMG also acquired confidential and sensitive program information from CARB. Thus, having done work for the regulator and now proposing to do work for the regulated entity, KPMG may find itself in a situation that could lead to the disclosure of CARB's confidential program information to the Utility, which raises the prospect of a conflict of interest.

### B. Alternatively, the Court Should Impose an Ethical Wall.

In the alternative, if the Court does not deny the Debtors' application to retain KPMG, the Court should require an ethical wall that would (a) prohibit KPMG from sharing any information about HSRA's financials and CARB's cap-and-trade program and market tracking system with Debtors and (b) prohibit the same KPMG personnel that currently work or previously worked for HSRA and CARB to ever work for PG&E either in this bankruptcy case, or in the future. The Court also should require that KMPG and the Debtors establish protocols to protect against disclosures of HSRA and CARB information.

Dated: June 4, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ANNADEL ALMENDRAS
Supervising Deputy Attorney General
ERICA B. LEE
Deputy Attorney General

By: */s/ Paul J. Pascuzzi*
STEVEN H. FELDERSTEIN
PAUL J. PASCUZZI
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
Attorneys for High Speed Rail Authority and California Air Resources Board

# PROOF OF SERVICE

I, Sabrina M. Cisneros, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 Capitol Mall, Suite 1750, Sacramento, CA 95814. On June 4, 2019, I served the within documents:

**OBJECTION OF HIGH SPEED RAIL AUTHORITY AND CALIFORNIA AIR RESOURCES BOARD TO DEBTORS' APPLICATION TO EMPLOY KPMG [DOCKET NO. 2171]**

By Electronic Service only via CM/ECF.

*/s/ Sabrina M. Cisneros*
Sabrina M. Cisneros