# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re: Pacific Gas and Electric Company, Case No. 19-30089
Jointly Administered Under
PG&E, Case No. 19-30088

# TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(1), Fed. R. Bankr. P., of the transfer, other than for security, of the claims referenced in this evidence and notice.

| | |
|---|---|
| **Vendor Recovery Fund IV, LLC** | **Lorin Bentley** |
| Name of Transferee | Name of Transferor |
| | |
| Name and agree where notice to transferee should be sent: | Amount of Claim: |
| | Scheduled: $ 670.00 |
| | Proof of Claim: |
| Vendor Recovery Fund IV, LLC | Date Claim Filed: |
| PO Box 669 | |
| Smithtown, NY 11787 | Address of Transferor: |
| | Lorin Bentley |
| Phone: (631) 791-5015 | 53 Corte Morada |
| | Kentfield, CA 94904-1311 |
| | |
| Last Four Digits of Acct #: _____ | Last Four Digits of Acct #: _____ |

Name and Address where transferee payments
should be sent (if different from above):
SAME AS ABOVE

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:   /S/ EDWIN K. CAMSON   Date: 6/5/2019
      Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## ASSIGNMENT OF CLAIM

Lorin Bentley, a _____ organized under the laws of the State of _____ having offices at 53 Corte Murada, Kenefield, CA 94904-1311 ("Assignor"), for good and valuable consideration in the amount of _____ (the "Purchase Price"), does hereby absolutely and unconditionally sell, transfer and assign unto Vendor Recovery Fund IV, LLC a New York Limited Liability Company, with offices at PO Box 669 Smithtown NY 11787, its successors and assigns ("Assignee"), all rights, title and interest in and to the claim of Assignor (the "Claim") against Pacific Gas and Electric Company, Debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Northern District of California (the "Court"), Case No. 19-30089 ("Debtor"), in the amount of not less than $ 670.00 and all rights and benefits of Assignor relating to the Claim, including without limitation any interest, penalties and fees, if any, which may be paid with respect to the Claim, and all cash, securities, cure payments, instruments and/or other property which may be paid or issued in satisfaction of the Claim.

A Proof of Claim in the amount of $ __670__ **HAS** / HAS NOT (circle one) BEEN DULY AND TIMELY FILED in the Proceedings. If the Proof of Claim amount differs from the Claim amount set forth above, Assignee shall nevertheless be deemed the owner of that Proof of Claim subject to the terms of this Agreement and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court.

Assignor represents and warrants that the Claim is a valid general unsecured trade claim against the Debtor. The Claim reflected in the Debtors most recent Schedules of Liabilities in the Proceedings is $ 670.00, that no payment has been received by Assignor or on behalf of Assignor, in full or partial satisfaction of the Claim; that Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part; that Assignor owns and has sole title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever.

In the event all or any part of the Claim is disallowed in the Proceedings for any reason whatsoever, Assignor shall make immediate restitution and repayment of the proportional Purchase Price equal to the Purchase Price times the ratio of the amount of the disallowance divided by the Claim Amount ("Restitution Payment"), no later than ten (10) business days after receiving a written demand from Assignee notifying of such disallowance. Such Restitution Payment shall be made together with interest, calculated at the rate of five (5%) percent per annum, from the date of Assignor's execution of this Agreement until the date that such Restitution Payment is received by Assignee. Assignor further agrees to reimburse Assignee for all losses, costs, and expenses, including reasonable legal fees and costs, incurred by Assignee as a result of Assignee's enforcement of its rights under this paragraph.

Assignor agrees to forward to Assignee all notices received from Debtor, the Court or any third party with respect to the Claim assigned herein and to vote the Claim, and to take such other action with respect to the Claim in the Proceedings, as Assignee may from time to time request. Assignor further agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instruments and/or any other property including cure payments, shall constitute property of Assignee to which Assignee shall have an absolute right, and that Assignor will hold such property in trust and will promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

This Assignment of Claim shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Assignment of Claim may be brought in any State or Federal Court located in the State of New York.

Assignor hereby waives its right to raise any objections thereto and its right to receive notice pursuant to Rule 3001 of the Rules of Bankruptcy Procedure.

IN WITNESS WHEREOF, the undersigned Assignor has duly executed this Assignment of Claim by its authorized representative this _____ day of _____ 2019.

_[signature]_
**AUTHORIZED SIGNATURE**

Lorin Bentley, owner
**PRINT NAME / TITLE**

lorin_bentley@yahoo.com
**E-MAIL ADDRESS**

(415) 418-4563
**PHONE NUMBER**