TIMOTHY S. LAFFREDI (WI SBN 1055133)
Assistant United States Trustee
MARTA E. VILLACORTA (NY SBN 4918280)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
450 Golden Gate Avenue, Suite 05-0153
San Francisco, CA 94102
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: timothy.s.laffredi@usdoj.gov;
marta.villacorta@usdoj.gov

Attorneys for Andrew R. Vara,
Acting United States Trustee for Region 3[1]

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**,<br><br>   - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtors**.<br><br>☐  Affects PG&E Corporation<br>☐  Affects Pacific Gas and Electric Company<br>☑  Affects both Debtors<br><br>*\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>Date:  June 12, 2019<br>Time:  9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>          Courtroom 17, 16th Floor<br>          San Francisco, CA 94102<br>          [ECF No. 2197] |

**LIMITED OBJECTION OF THE UNITED STATES TRUSTEE TO THE APPLICATION PURSUANT TO 11 U.S.C. §§ 327 AND 328 FOR AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF DELOITTE & TOUCHE LLP AS AUDITOR AND ADVISOR NUNC PRO TUNC TO THE PETITION DATE (ECF No. 2197)**

In support of his limited objection (the "Limited Objection") to the Application Pursuant

---

[1] Andrew R. Vara, Acting United States Trustee for Region 3, is acting in this appointment for Tracy Hope Davis, United States Trustee for Region 17, who is recused from the above-captioned cases.

Page -1-

to 11 U.S.C. §§ 327 and 328 for an Order Authorizing Employment and Retention of Deloitte & Touche LLP as Auditor and Advisor Nunc Pro Tunc to the Petition Date (ECF No. 2197, "Application"), Andrew R. Vara, the Acting United States Trustee for Region Three ("U.S. Trustee"), through his undersigned counsel, states as follows:

1. This Court has jurisdiction to hear the Limited Objection.

2. Pursuant to 28 U.S.C. § 586, the U. S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U. S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to the Objection.

4. On January 29, 2019 (the "Petition Date"), the Debtors commenced the above-captioned cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. *See* ECF No. 1. No trustee has been appointed in the Debtors' cases. *See generally* Case Dockets

5. On February 12, 2019, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee"). *See* ECF No. 409. On February 15, 2019, the United States Trustee appointed an Official Committee of Tort Claimants. *See* ECF No. 453.

6. The Debtors filed the Application on May 22, 2019.

## I.

## **INTRODUCTION**

The United States Trustee does not necessarily object to the retention of DeLoitte & Touche ("DeLoitte"), but objects to certain aspects of its retention, namely because the Debtor

has failed to satisfy its burden of showing that the Application meets the requirements of Bankruptcy Code Section 327(a) and Rule 2014 of the Federal Rules of Bankruptcy Procedure.[2] Specifically,

- The Application requests *nunc pro tunc* relief to the petition date but the Debtor has made no showing to support such relief. If the Court determines that the Application should be approved, the U.S. Trustee objects to the *nunc pro tunc* approval of the Application on this record.
- It is unclear whether DeLoitte intends to seek reimbursement for defense of its fee applications. The Order should contain a provision prohibiting reimbursement for fees incurred in defense of fee applications.

Accordingly, the Application should be denied as to these requests. If the Court determines that the Application and Declaration contain sufficient information to grant retention on an interim basis, the U.S. Trustee reserves all rights, including the right to discovery and an evidentiary hearing, to supplement this Limited Objection, and to seek disgorgement of amounts paid by the Debtor.

## II.
## STATEMENT OF FACTS

7. Debtor commenced this case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code on January 29, 2019 (the "Petition Date"). [ECF No. 1]. The Application was filed on May 22, 2019 [ECF No. 2197].

8. The Application was accompanied by the Declaration of Timothy Gillam in Support of the Application [ECF No. 2198]. The Engagement Agreements attached as exhibits to the Application are dated February 19, 2019. The Applications were thus not filed until approximately ninety days later.

---

[2] Hereinafter, all references to "Section" in the Motion are to provisions of the Bankruptcy Code, title 11 of the United States Code, 11 U.S.C. §§ 101-1532 as amended, unless otherwise indicated. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure.

9. The Engagement Agreements indicate that DeLoitte intends to be reimbursed for expenses. It is unclear as to whether or not DeLoitte intends to seek compensation for reimbursement of attorney fees incurred in defense of fee applications.

## III.
## ARGUMENT

**A. The Request for *Nunc Pro Tunc* Relief Should Be Denied Because the Application Does Not Demonstrate That It Satisfies the Ninth Circuit's Governing Standard.**

The Application states that it seeks *nunc pro tunc* employment, but fails to cite any applicable case law or provide analysis as to how it satisfies Ninth Circuit standards.

"Court approval of the employment of counsel for a debtor in possession is *sine qua non* to counsel getting paid. Failure to receive court approval for the employment of a professional in accordance with § 327 and Rule 2014 precludes the payment of fees." *DeRonde v. Shirley (In re Shirley),* 134 B.R. 940, 943 (9th Cir. B.A.P. 1992) (citation omitted). "There is just no hardship in requiring attorneys to observe the strict requirements of § 327 because professionals are charged with knowledge of the law." *In re Downtown Investment Club III*, 89 B.R. 59, 63-64 (9th Cir. B.A.P. 1988).

The Ninth Circuit has limited the grant of retroactive employment orders to cases in which exceptional circumstances are demonstrated. *In re Occidental Fin. Group, Inc.*, 40 F.3d 1059, 1062 (9th Cir. 1994). To establish the presence of exceptional circumstances, professionals seeking retroactive approval must satisfy two requirements: they must (1) satisfactorily explain their failure to receive prior judicial approval; and (2) demonstrate that their services benefitted the bankrupt estate in a significant manner." *Atkins v. Wain, Samuel & Co. (In re Atkins),* 69 F.3d 970, 974 (9th Cir. 1995).

Case: 19-30088    Doc# 2396    Filed: 06/05/19    Entered: 06/05/19 13:08:45    Page 4 of 5

10. Here, the Application was filed more than 90 days after the Engagement Agreements were entered into. The Application does not cite, let alone argue, either of the two *Atkins* factors. It therefore fails to demonstrate "exceptional circumstances." *Id.*

**B. There is no Reimbursement of Fees Incurred Defending Fee Applications**

11. The Engagement Agreements indicate that DeLoitte intends to be reimbursed for expenses. It is unclear as to whether or not DeLoitte intends to seek compensation for reimbursement of attorney fees incurred in defense of fee applications. Reimbursement for fees incurred in defense of fee applications is not compensable by the estate as held by the U.S. Supreme Court in *Baker Botts LLP v ASARCO LLC*, 135 S. Ct. 2158 (2015). The U.S. Trustee recommends that the following or similar language be included in any Order approving the Application.

## IV.
## CONCLUSION

12. The Application was not filed in a timely manner. The Applicant has not demonstrated that the Application should be granted *nunc pro tunc* to the Petition Date. The Order should clarify that the Applicant may not seek reimbursement for fees incurred in defense of fee applications.

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Applications to the extent of this Objection and/or granting such other relief as this Court deems appropriate, fair and just.

Dated: June 5, 2019

Andrew R. Vara
Acting United States Trustee, Region 3

/s/ Timothy S. Laffredi
Assistant United States Trustee