Kenneth N. Klee (State Bar No. 63372)
David M. Stern (State Bar No. 67697)
Samuel M. Kidder (State Bar No. 284015)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, Thirty-Ninth Floor
Los Angeles, California 90067
Telephone: 310-407-4000
Facsimile: 310-407-9090
Email: kklee@ktbslaw.com
dstern@ktbslaw.com
skidder@ktbslaw.com

*Attorneys for NextEra Energy, Inc. and NextEra Energy Partners, L.P.*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>PG&E CORPORATION,<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**MOTION FOR LIMITED RELIEF FROM STAY TO PARTICIPATE IN APPELLATE PROCEEDINGS WITH RESPECT TO FERC ORDERS**<br><br>Date: June 26, 2019<br>Time: 9:30 a.m. (PST)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>**Objection Deadline**: June 21, 2019<br>4:00 p.m. (PST) |

NextEra Energy, Inc. and NextEra Energy Partners, L.P. (together, "NextEra") hereby submit this motion (this "Motion"), pursuant to section 362 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Bankruptcy Local Rules for the Northern District of

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

California (the "Local Rules"), for entry of an order lifting the automatic stay to the extent necessary to (i) permit NextEra to (*a*) seek leave from the applicable circuit court of appeals to intervene in any appeal of the FERC Orders (as defined below); (*b*) to the extent permitted by the applicable circuit court of appeals, participate in and prosecute to conclusion any appeal of the FERC Orders; (*c*) seek or oppose any request for rehearing, rehearing en banc, petition for writ of certiorari; (*d*) participate in the briefing and argument relating to any and all the foregoing; and (*e*) participate in any proceedings on remand of the FERC Orders; and (ii) generally allow all courts and administrative agencies with jurisdiction over the appeal or remand to enter final orders relating thereto.[*]

This Motion is based on the attached Memorandum of Points and Authorities, the complete files and records in the above-captioned chapter 11 case and in the related adversary proceeding styled *PG&E Corporation et al. v. FERC et al.*, Adv. No. 19-03003 (DM) (the "Adversary Proceeding"), the arguments of counsel and such other and further matters as this Court may consider at or before any hearing on this Motion.[†]

A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "Proposed Order").

DATED: June 5, 2019

/s/ David M. Stern
Kenneth N. Klee
David M. Stern
Samuel M. Kidder
KLEE, TUCHIN, BOGDANOFF & STERN LLP

*Attorneys for NextEra Energy, Inc. and NextEra Energy Partners, L.P..*

---

[*] NextEra anticipates that FERC and other PPA Counterparties (as defined below) will either join in this Motion or file their own motions seeking similar relief.

[†] This Motion is not accompanied by a declaration, as the relevant facts are set forth in the *Motion of the Utility for Limited Relief From the Automatic Stay to Appeal Certain Matters Pending Before the Federal Energy Regulatory Commission* [Docket No. 2359] (the "PG&E Stay Motion") filed by PG&E Corporation and Pacific Gas and Electric Company (the "Utility" and, together with PG&E Corporation, the "Debtors"). Accordingly, NextEra requests that the Court waive application of Local Rule 4001-1(a), to the extent it applies.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT[1]

NextEra seeks narrowly tailored stay relief solely to permit it to participate (to the extent authorized by the applicable appellate court) in the Utility's anticipated appeal of the FERC Orders. The entire impetus behind this Motion is the PG&E Stay Motion, which, at least on its face, seeks relief from stay for *it* to prosecute an appeal, but does not also seek relief for other interested parties to participate in that appeal. It may well have not been the Utility's intent to enable only it to engage in the appeal; however, out of an abundance of caution – and due to the time frames set forth in the Court's case management order[2] – NextEra files this Motion.

## II. JURISDICTION AND VENUE

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. BACKGROUND

The relevant background concerning the FERC Orders[3] and the FERC Proceedings[4] is set forth in the PG&E Stay Motion and is not repeated herein.

---

[1] Capitalized terms used but not defined in this Preliminary Statement have the meanings ascribed to them above or in subsequent sections of this Memorandum of Points and Authorities, as applicable.

[2] *See Second Amended Order Implementing Certain Notice and Case Management Procedures* [Docket No. 1996], ¶ 27 (requiring 21 days' notice of any lift stay motion).

[3] The term "FERC Orders" means, collectively, (i) *NextEra Energy, Inc. v. Pac. Gas & Elec. Co.*, 166 FERC ¶ 61,049 (Jan. 25, 2019); (ii) *Exelon Corp. v. Pac. Gas & Elec. Co.*, 166 FERC ¶ 61,053 (Jan. 28, 2019); (iii) *Order Granting Rehearing for Further Consideration*, *NextEra v. Pac. Gas & Elec. Co.*, No. EL19-35-001 (FERC Mar. 26, 2019); (iv) *Order Granting Rehearing for Further Consideration*, *Exelon Corp. v. Pac. Gas & Elec. Co.*, No. EL19-36-001 (FERC Mar. 26, 2019); and (v) *Order Denying Rehearing*, *NextEra Energy, Inc. v. Pac. Gas & Elec. Co.*, Nos. EL19-35-001, EL 19-36-001 (FERC May 1, 2019).

[4] The term "FERC Proceedings" means, together, the two proceedings before FERC from which the FERC Orders arose: (i) *NextEra v. Pac. Gas & Elec. Co.*, No. EL19-35-001; and (ii) *Exelon Corp. v. Pac. Gas & Elec. Co.*, No. EL19-36-001.

Pursuant to 16 U.S.C. § 825*l*, the Utility has 60 days from the entry of the Federal Energy Regulatory Commission's ("FERC") May 1, 2019 order to file a petition for review of the FERC Orders with the United States Court of Appeals for the Ninth Circuit or the D.C. Circuit (the circuit court in which such appeal, if any, is filed shall be referred to herein as the "Circuit Court"). FERC will be the appellee-respondent in such appeal. *See* FED. R. APP. P. 15(a)(2)(B). Although it is the party that commenced the first FERC Proceeding, NextEra will be required to seek leave to intervene in any appeal of the FERC Orders. *See* FED. R. APP. P. 15(d). A motion for intervention must be filed in the Circuit Court within 30 days of the filing of the petition for review. *Id.*

On June 3, 2019, the Debtors filed the PG&E Stay Motion. The Debtors seek, *inter alia*, prospective relief from stay "to permit the Utility to file and prosecute to conclusion an appeal of the FERC Orders." PG&E Stay Mtn., Proposed Order ¶ 1. The Debtors do not, however, expressly request that the stay also be lifted to permit NextEra – or any of the numerous other power purchase agreement counterparties who intervened in the FERC Proceedings (collectively, the "PPA Counterparties") – to seek leave to participate in such appeal and, if leave is granted, to prosecute such appeal to conclusion.[5] To the contrary, the proposed order annexed to the PG&E Stay Motion ambiguously provides: "This Order does not authorize, permit or validate the commencement or continuation of any other litigation proceedings at FERC, ***specifically including but not limited to proceedings relating to any of the PPAs***." PG&E Stay Mtn., Ex. A (Proposed Order), ¶ 2 (emphasis added). It is unclear whether the Debtors' proposed provision, especially the highlighted portion, is intended to preclude the PPA Counterparties from participating in appellate and/or remand proceedings with respect to the FERC Orders. Accordingly, NextEra files this Motion in order to clarify whether, and to what extent, it will be permitted to participate in such proceedings.

---

[5] For that matter, it is unclear if FERC can participate without violating the stay.

## IV. ARGUMENT

**A.     Applicable Legal Standard**

Bankruptcy Code section 362(d)(1) provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . .

11 U.S.C. § 362(d)(1).

There is no statutory definition of "cause," and relief from the stay is determined on a "case by case basis." *Piombo Corp. v. Castlerock Props. (In re Castlerock Props.)*, 781 F.2d 159, 163 (9th Cir. 1986) (quoting *MacDonald v. MacDonald (In re MacDonald)*, 755 F.2d 715, 717 (9th Cir. 1985)); *see also Benedor Corp. v. Conejo Enters. (In re Conejo Enters.)*, 96 F.3d 346, 352 (9th Cir. 1997); *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990). "[S]ection 362 gives the bankruptcy court wide latitude in crafting relief from the automatic stay . . . ." *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 572 (9th Cir. 1992).

As noted in the PG&E Stay Motion, courts commonly turn to a non-exhaustive list of 12 factors (the so-called "*Curtis* factors") to guide their discretion when deciding whether to lift the stay. *See* PG&E Stay Mtn., p. 6 (citing *Truebro, Inc. v. Plumberex Specialty Prods., Inc. (In re Plumberex Specialty Prods., Inc.)*, 311 B.R. 551, 559 (Bankr. C.D. Cal. 2004), and *In re Curtis*, 40 B.R. 795, 800 (Bankr. D. Utah 1984)).

**B.     The Stay Should be Lifted to the Extent Necessary to Permit FERC and the PPA Counterparties to Participate in Appellate Proceedings**

NextEra agrees with the Utility that the *Curtis* factors "strongly support" lifting the stay, to the extent it applies, to allow the Utility's appeal of the FERC Orders to be filed and prosecuted to conclusion. PG&E Stay Mtn., p. 6. As explained in more detail by the Debtors, allowing the appeal of the FERC Orders to move forward will further the interests of judicial economy and will

Klee, Tuchin, Bogdanoff & Stern LLP
1999 Avenue of the Stars, Thirty-Ninth Floor
Los Angeles, California 90067
Telephone: 310-407-4000

not prejudice any party (so long as the parties with an interest in the appeal are not barred by the stay from seeking to participate in the appeal). *See id.*, pp. 6-7.

NextEra files this Motion solely to clarify that if the automatic stay is lifted to permit the Utility to appeal the FERC Orders (as requested in the PG&E Stay Motion), it should also be lifted to permit NextEra to seek leave to intervene in such appellate proceedings and, if such intervention motion is granted, to participate in the appellate proceedings.[6] As this Court is aware, NextEra has a substantial interest in the subject matter of the FERC Proceedings and has played a significant role in litigating such issues, as the first party to initiate a prepetition FERC Proceeding and to move for (and be granted) intervention in the Adversary Proceeding. It would be fundamentally unfair for the Court to permit the Utility to move forward with its appeals of the FERC Orders without also affording NextEra an opportunity to seek to participate in such appeal.[7]

It may well be that if the Utility appeals, NextEra, as well as FERC and other PPA Counterparties, could then act without relief from the stay, as suggested in a recent opinion from Judge Blumenstiel, *In re Paxton*, 596 B.R. 686 (Bankr. N.D. Cal. 2019). As she held in a similar context:

> Although Respondents' actions, defending the appeal, were a continuation of a judicial proceeding that was in violation of the automatic stay, those actions did not violate the automatic stay. A party does not violate the stay by defending actions commenced by the debtor…. Therefore, Respondents did not violate the stay by defending the appeal.

*Id.* at 695 (citing, *inter alia*, *In re Palmdale Hills Prop. LLC*, 654 F.3d 868, 875 (9th Cir. 2011), and *Ingersoll-Rand Fin. Corp. v. Miller Mining Co., Inc.*, 817 F.2d 1424, 1426 (9th Cir. 1987)); *cf. Den Beste v. Harrington (In re Den Beste)*, 2012 WL 2061402, at *1 (Bankr. N.D. Cal. June 6,

---

[6] This is a shorthand for the relief which is spelled out with greater detail in the attached Proposed Order.

[7] For the avoidance of doubt, NextEra does not request that the Court *grant* NextEra leave to intervene in any appeal of the FERC Orders. Such intervention can only be granted by the applicable Circuit Court if and when NextEra files an intervention motion.

2012) (debtor who appealed without bankruptcy court approval "cannot complain that [appellee] defended herself").

However, as a matter of caution and prudence, NextEra requests that the Court make explicit what Judge Blumenstiel found implicit, and specifically authorize NextEra to participate in any and all appeals from the FERC Orders as set forth in the Proposed Order. Additionally, prior to the hearing on the PG&E Stay Motion and this Motion, NextEra intends to seek agreement from the Debtors to a consensual order that will resolve both this Motion and the PG&E Stay Motion.

## V. NOTICE

Notice of this Motion will be provided to (i) the Office of the U.S. Trustee for Region 17 (Attn: Anthony R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Debtors; (iii) counsel to the Creditors Committee; (iv) counsel to the Tort Claimants Committee; (v) the Securities and Exchange Commission; (vi) the Internal Revenue Service; (vii) the Office of the California Attorney General; (viii) the California Public Utilities Commission; (ix) the Nuclear Regulatory Commission; (x) the Federal Energy Regulatory Commission; (xi) the Office of the United States Attorney for the Northern District of California; (xii) counsel for the agent under the Debtors' debtor-in-possession financing facility; (xiii) counsel to the PPA Counterparties; and (xiv) those persons who have formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002. NextEra respectfully submits that no further notice is required.

No previous request for the relief sought herein has been made by NextEra to this or any other court.

# VI. CONCLUSION

For the reasons set forth herein, NextEra respectfully requests that the Court enter an order, substantially in the form of the Proposed Order, (i) lifting the automatic stay to the extent necessary to permit NextEra to (*a*) seek leave from the applicable circuit court of appeals to intervene in any appeal of the FERC Orders (as defined below); (*b*) to the extent permitted by the applicable circuit court of appeals, participate in and prosecute to conclusion any appeal of the FERC Orders; (*c*) seek or oppose any request for rehearing, rehearing en banc, petition for writ of certiorari; (*d*) participate in the briefing and argument relating to any and all the foregoing; and (*e*) participate in any proceedings on remand of the FERC Orders; (ii) lifting the automatic stay to the extent necessary to generally allow all courts and administrative agencies with jurisdiction over the appeal or remand to enter final orders relating thereto; and (iii) granting such other and further relief as is just and proper.

DATED: June 5, 2019

/s/ David M. Stern
Kenneth N. Klee
David M. Stern
Samuel M. Kidder
KLEE, TUCHIN, BOGDANOFF & STERN LLP

*Attorneys for NextEra Energy, Inc. and NextEra Energy Partners, L.P..*

# EXHIBIT A

Kenneth N. Klee (State Bar No. 63372)
David M. Stern (State Bar No. 67697)
Samuel M. Kidder (State Bar No. 284015)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, Thirty-Ninth Floor
Los Angeles, California 90067
Telephone: 310-407-4000
Facsimile: 310-407-9090
Email: kklee@ktbslaw.com
dstern@ktbslaw.com
skidder@ktbslaw.com

*Attorneys for NextEra Energy, Inc. et al.*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

**In re:**

**PG&E CORPORATION,**

-and-

**PACIFIC GAS AND ELECTRIC COMPANY,**

Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Bankruptcy Case No. 19-30088 (DM)

Chapter 11

(Lead Case)

(Jointly Administered)

**[PROPOSED] ORDER GRANTING MOTION FOR LIMITED RELIEF FROM STAY TO PARTICIPATE IN APPELLATE PROCEEDINGS WITH RESPECT TO FERC ORDERS**

The Court having considered the *Motion for Limited Relief From Stay to Participate in Appellate Proceedings with Respect to FERC Orders* [Dkt. No. __] (the "Motion"),[1] dated June 5, 2019, filed by NextEra Energy, Inc. and NextEra Energy Partners, L.P. (together, "NextEra"), and this Court having held a hearing on the Motion, and good cause appearing therefor pursuant to Bankruptcy Code section 362(d)(1),

---

[1] Capitalized terms used but not otherwise defined in this Order have the meanings ascribed to them in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted.

2. The automatic stay is lifted to the extent necessary to permit NextEra to (a) seek leave from the applicable Circuit Court to intervene in any appeal of the FERC Orders, (b) to the extent permitted by the applicable Circuit Court, participate in and prosecute to conclusion any appeal of the FERC Orders; (c) seek or oppose any request for rehearing, rehearing en banc, petition for writ of certiorari in connection with any appeal of the FERC Orders; (d) participate in the briefing and argument relating to any and all the foregoing; and (e) participate in any proceedings on remand of the FERC Orders.

3. The automatic stay is lifted to the extent necessary to permit all courts and administrative agencies with jurisdiction over any appeal or remand of the FERC Orders to enter final orders relating thereto.

4. The 14-day stay under Bankruptcy Rule 4001(a)(3) is hereby waived and this Order shall take effect immediately upon entry.

5. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

***END OF ORDER***