

Signed and Filed: June 5, 2019

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    - and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**SUPPLEMENTAL ORDER (A) APPROVING APPOINTMENT OF ADMINISTRATOR AND ESTABLISHING GUIDELINES FOR THE WILDFIRE ASSISTANCE PROGRAM AND (B) GRANTING RELATED RELIEF**<br><br>**Related Docket Nos.: 1777 and 2223** |

Upon the Order entered by the Court on May 23, 2019 (the "**Initial Order**") [Docket No. 2233] granting the Debtors' *Motion Pursuant to 11 U.S.C. §§ 105(a) and 363(b) and Fed. R. Bankr. P. 2002 and 6004(h) for an Order (a) Authorizing Debtors to Establish and Fund Program to Assist Wildfire Claimants with Alternative Living Expenses and Other Urgent Needs and (b) Granting Related Relief* [Docket No. 1777] (the "**Motion**")[1] and requiring, among other things, the Debtors and the Committees to (i) select forthwith an Administrator for the Wildfire Assistance Program and (ii) confer with the selected Administrator forthwith on the terms of an order appointing the Administrator and the guidelines for the administration of the Wildfire Assistance Program; and the Debtors and the Committees having met and conferred and having agreed upon the selection of an Administrator; and upon the agreement of the Debtors, the Committees and the selected Administrator: and upon the record established in support of the Motion and the entry of the Initial Order,

**IT IS HEREBY ORDERED THAT:**

1. Cathy Yanni is appointed as Administrator of the Wildfire Assistance Program.

2. The Debtors are authorized to deposit $105 million into a segregated account (the "**Wildfire Assistance Fund**") to be controlled by the Administrator who shall be responsible for disbursing and administering the Wildfire Assistance Fund in accordance with the Program Terms (as defined below). The Debtors shall have no obligation to deposit any additional funds into the Wildfire Assistance Fund.

3. The Administrator shall be responsible for developing the specific eligibility requirements and application procedures for the distribution of the Wildfire Assistance Fund to eligible Wildfire Claimants (the "**Program Terms**") consistent with the following principles and guidelines:

    **(1) Eligibility Criteria**

        a) The Administrator shall determine the eligibility criteria for participation in and receipt of funds from the Wildfire Assistance

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

Program, including the types of expenses Wildfire Claimants can obtain financial assistance for and the amount of assistance to be provided to each eligible Wildfire Claimant (the "**Eligibility Criteria**"). The Administrator shall consider the Committees' reasonable input in determining the Eligibility Criteria, and may adopt, modify or reject the input in whole or in part.

    b) The Administrator shall consult with the Federal Emergency Management Agency ("**FEMA**") as to the Eligibility Criteria to ensure eligible Wildfire Claimants do not receive funds from both FEMA and the Wildfire Assistance Program for the same expenses.

    c) In developing the Eligibility Criteria, the Administrator shall:

        i. ensure that the Wildfire Assistance Fund is distributed in a fair and equitable manner, and assistance is prioritized to those eligible Wildfire Claimants who are most in need, including those who are currently without adequate shelter (*e.g.*, living in tents); and

        ii. ensure that only eligible Wildfire Claimants, being those who lost their homes in the 2017 and 2018 Wildfires[2] receive distributions from the Wildfire Assistance Fund.

    d) The Administrator shall file a copy of the Eligibility Criteria with the Court.

**(2) The Administrator's Authority and Obligations**

    a) The Administrator shall be authorized to engage (i) a claims management firm, (ii) a legal advisor, (iii) an accounting firm, and (iv) in consultation with the Debtors and with the consent of the Committees or by further Court order, any other professional the Administrator deems necessary or appropriate to assist in administering the Wildfire Assistance Program in accordance with these principles and guidelines (collectively, the "**Program Professionals**"). The Administrator may also partner with local housing agencies and community organizations with relevant experience and expertise (the "**Local Organizations**") to assist with the administration of the Wildfire Assistance Program. The costs of administering the Wildfire Assistance Program, including the Administrator's fees, the fees of the Program Professionals and costs associated with partnering with Local Organizations (collectively, the

---

[2] The 2017 and 2018 Wildfires are the Atlas, Adobe, Blue, Cascade, Cherokee, Honey, LaPorte, Lobo, Macaama, McCourtney, Nuns, Norrbom, Partrick, Pocket, Point, Pressley, Pythian, Redwood, Sulphur, Tubbs and 37 Fires in 2017, and the Camp Fire in 2018.

"**Fund Expenses**") shall be paid from the Wildfire Assistance Fund. The Fund Expenses shall not exceed $5 million in total.

b) The Administrator shall prepare and, within 30 days after the end of a quarterly period (or such longer period as may be agreed to by the Administrator and the Committees or as authorized by Court order), file quarterly reports with the Court and serve such reports on counsel to the Debtors and the Committees. These reports shall include (i) the number of applications submitted to and processed by the Wildfire Assistance Program during the preceding quarter, and (ii) an account of the receipts and disbursements from the Wildfire Assistance Fund during the preceding quarter.

c) The Administrator shall keep adequate administrative and financial records of the Wildfire Assistance Program, including a record of to whom disbursements from the Wildfire Assistance Fund are made and in what amounts. The Debtors and the Committees may inspect all the Wildfire Assistance Program's records upon request.

4. A Wildfire Claimant who receives a payment from the Wildfire Assistance Fund and who subsequently is entitled to receive a distribution from the Debtors in respect of a claim on account of the 2017 and 2018 Wildfires (a "**Claim Distribution**") shall have the amount of such payment received from the Wildfire Assistance Fund deducted from such Claim Distribution.

5. Nothing in the Initial Order, this Supplemental Order or the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise any payment made in connection with the Motion, the Initial Order, this Supplemental Order or from the Wildfire Assistance Fund is not intended to be and shall not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

6. Nothing in the Initial Order, this Supplemental Order or the Motion constitutes or shall be deemed to constitute an acknowledgement or admission by the Debtors of any liability or responsibility for any of the 2017 and 2018 Wildfires or for any claims related thereto.

7. Notwithstanding entry of the Initial Order or this Supplemental Order, nothing

herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

8. This Supplemental Order shall be immediately effective and enforceable upon its entry.

9. The Debtors and the Administrator are authorized to take all steps necessary or appropriate to carry out this Supplemental Order and effectuate the relief granted herein.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Supplemental Order.

APPROVED AS TO FORM AND CONTENT:

Dated: 3 June 2019

**MILBANK LLP**

By: ＿/s/ Thomas Kreller＿＿＿＿＿＿
Thomas Kreller

*Attorneys for Official Committee of Unsecured Creditors*

**BAKER & HOSTETLER LLP**

By: ＿/s/ Robert Julian＿＿＿＿＿＿
Robert Julian

*Attorneys for Official Committee of Tort Claimants*

**CATHY YANNI**

By: /s/ Cathy Yanni
Cathy Yanni

*Proposed Administrator of the Wildfire Assistance Program*

** END OF ORDER **