Mark E. McKane, P.C. (SBN 230552)
Michael P. Esser (SBN 268634)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
T: (415) 439-1400 / F: (415) 439-1500
mark.mckane@kirkland.com
michael.esser@kirkland.com

David R. Seligman, P.C. *(Pro Hac Vice)*
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
T: (312) 862-2000 / F: (312) 862-2200
dseligman@kirkland.com

Aparna Yenamandra *(Pro Hac Vice)*
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
T: (212) 446-4800 / F: (212) 446-4900
aparna.yenamandra@kirkland.com

*Counsel for Calpine Corporation, et al.*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E Corporation, Pacific Gas & Electric Company,<br><br>               Debtors.<br><br><br>☐ Affects PG&E Corporation<br><br>☒ Affects Pacific Gas and Electric Company<br><br>☐ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Chapter 11<br><br>Case No. 19-30088 (DM)<br><br>(Lead Case)<br>(Jointly Administered)<br><br>**JOINDER OF CALPINE CORPORATION AND ITS SUBSIDIARIES TO NEXTERA ENERGY, INC.'S, MOTION FOR LIMITED RELIEF FROM STAY TO PARTICIPATE IN APPELLATE PROCEEDINGS WITH RESPECT TO FERC ORDERS**<br><br>Date:    6/26/2019<br>Time:   9:30 a.m. PST<br>Place:  United States Bankruptcy Court<br>          Courtroom 17, 16th Floor<br>          San Francisco, CA 94102<br><br>**Objection Deadline**: June 21, 2019<br>                        4:00 p.m. (PST) |

Calpine Corporation on behalf of itself and its subsidiaries, including: Geysers Power Company, LLC; Gilroy Energy Center, LLC; Los Esteros Critical Energy Facility, LLC; Russell City Energy Company, LLC; Calpine King City Cogen, LLC; Calpine Energy Services L.P.; Calpine Energy Solutions, LLC; and O.L.S. Energy Agnews, Inc. (collectively, "Calpine"), a party in interest in the above-captioned cases, through their counsel Kirkland & Ellis LLP, hereby joins in NextEra Energy, Inc., and NextEra Energy Partners, L.P.'s (collectively, "NextEra"), *Motion for Limited Relief from Stay to Participate in Appellate Proceedings with Respect to FERC Orders* [Docket No. 2400] (the "Motion").[1] In support hereof (the "Joinder"), Calpine respectfully represents as follows:

## JOINDER

By its Motion, NextEra seeks narrowly tailored relief solely to permit it to participate (to the extent authorized by the applicable appellate court) in the Debtors' anticipated appeal of the FERC Orders. For the reasons discussed below and in the Motion, Calpine merits the same relief.

***First***, Calpine agrees with NextEra and the Debtors that the factors enunciated in *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984), "strongly support" lifting the stay, to the extent it applies, to allow the Utility's appeal of the FERC Orders to be filed and prosecuted to conclusion. *See* Motion at 3; PG&E Stay Motion at 6.

***Second***, it would be fundamentally unfair to permit the Debtors to move forward with their appeals of the FERC Orders without also affording Calpine an opportunity to seek to participate in such appeal. As this Court recognized in entering the *Order Granting Movants' Motion to Intervene in Adversary Proceeding* [Adv. Proc. Docket No. 85], Calpine has a substantial interest in the subject matter of the FERC proceedings, including because subsidiaries of Calpine Corporation are counter-parties to several wholesale power purchase agreements that are subject to the FERC's jurisdiction. In addition, Calpine has already participated in the FERC proceeding out of which the appellate proceedings would arise, and no reason exists to deny Calpine the ability to defend the FERC Orders while the Debtors can challenge them on appeal.

---

[1] Capitalized terms used herein but not otherwise defined shall have their meaning set forth in the Motion.

Prior to the hearing on the Motion and PG&E Stay Motion, Calpine intends to work cooperatively with the Debtors and NextEra to resolve this Joinder, the Motion, and the PG&E Stay Motion.

## CONCLUSION

For the reasons set forth herein, Calpine respectfully requests that the Court enter an order, substantially in the form of the Exhibit A, (i) lifting the automatic stay to the extent necessary to permit Calpine to (*a*) seek leave from the applicable Circuit Court of appeals to intervene in any appeal of the FERC Orders (as defined below); (*b*) to the extent permitted by the applicable circuit court of appeals, participate in and prosecute to conclusion any appeal of the FERC Orders; (*c*) seek or oppose any request for rehearing, rehearing en banc, petition for writ of certiorari; (*d*) participate in the briefing and argument relating to any and all the foregoing; and (*e*) participate in any proceedings on remand of the FERC Orders; (ii) lifting the automatic stay to the extent necessary to generally allow all courts and administrative agencies with jurisdiction over the appeal or remand to enter final orders relating thereto; and (iii) granting such other and further relief as is just and proper.

## NOTICE

Notice of this Joinder will be provided to (i) the Office of the U.S. Trustee for Region 17 (Attn: Anthony R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Debtors; (iii) counsel to the Creditors Committee; (iv) counsel to the Tort Claimants Committee; (v) the Securities and Exchange Commission; (vi) the Internal Revenue Service; (vii) the Office of the California Attorney General; (viii) the California Public Utilities Commission; (ix) the Nuclear Regulatory Commission; (x) the Federal Energy Regulatory Commission; (xi) the Office of the United States Attorney for the Northern District of California; (xii) counsel for the agent under the Debtors' debtor-in-possession financing facility; (xiii) counsel to the PPA Counterparties; and (xiv) those persons who have formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002.

Calpine respectfully submits that no further notice is required.

*[Remainder of page intentionally left blank]*

1      No previous request for the relief sought herein has been made by Calpine to this or any other

2  court.

3

4
       DATED:  June 5, 2019                          KIRKLAND & ELLIS LLP
5

6

7                                        By:  /s/ Michael P. Esser
                                              Mark E. McKane, P.C. (SBN 230552)
8                                             Michael P. Esser (SBN 268634)
                                              KIRKLAND & ELLIS LLP
9                                             555 California Street
                                              San Francisco, CA 94104
10                                            T: (415) 439-1400 / F: (415) 439-1500
                                              mark.mckane@kirkland.com
11                                            michael.esser@kirkland.com

12                                            David R. Seligman, P.C. (Pro Hac Vice)
                                              KIRKLAND & ELLIS LLP
13                                            300 North LaSalle
                                              Chicago, IL 60654
14                                            T: (312) 862-2000 / F: (312) 862-2200
                                              dseligman@kirkland.com
15
                                              Aparna Yenamandra (Pro Hac Vice)
16                                            KIRKLAND & ELLIS LLP
                                              601 Lexington Avenue
17                                            New York, NY 10022
                                              T: (212) 446-4800 / F: (212) 446-4900
18                                            aparna.yenamandra@kirkland.com

19                                            Counsel for Calpine Corporation, et al.

20

21

22

23

24

25

26

27

28

1

**<u>EXHIBIT A</u>**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| PG&E Corporation, Pacific Gas & Electric Company, | Case No. 19-30088 (DM) |
| Debtors. | Case No. 19-30089 (DM) |
| ☐ Affects PG&E Corporation | (Joint Administration Requested) |
| ☐ Affects Pacific Gas and Electric Company | **ORDER GRANTING JOINDER OF CALPINE CORPORATION AND ITS SUBSIDIARIES TO NEXTERA ENERGY, INC.'S, MOTION FOR LIMITED RELIEF FROM STAY TO PARTICIPATE IN APPELLATE PROCEEDINGS WITH RESPECT TO FERC ORDERS** |
| ☒ Affects both Debtors | |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | |

The Court having considered the *Joinder Of Calpine Corporation And Its Subsidiaries To Nextera Energy, Inc. and NextEra Energy Partner, L.P.'s, Motion For Limited Relief From Stay To Participate In Appellate Proceedings With Respect To Ferc Orders* with Respect to FERC Orders [Dkt. No. 2400], dated June 5, 2019, filed by Calpine Corporation and Its Subsidiaries (together, "Calpine"), and this Court having held a hearing on the Motion, and good cause appearing therefor pursuant to Bankruptcy Code section 362(d)(1).

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is granted.

2.    The automatic stay is lifted to the extent necessary to permit Calpine to (a) seek leave from the applicable Circuit Court to intervene in any appeal of the FERC Orders, (b) to the extent permitted by the applicable Circuit Court, participate in and prosecute to conclusion any appeal of the FERC Orders; (c) seek or oppose any request for rehearing, rehearing en banc, petition for writ of certiorari in connection with any appeal of the FERC Orders; (d) participate in the briefing and argument relating to any and all the foregoing; and (e) participate in any proceedings on remand of the FERC Orders.

3.    The automatic stay is lifted to the extent necessary to permit all courts and administrative agencies with jurisdiction over any appeal or remand of the FERC Orders to enter final orders relating thereto.

4.    The 14-day stay under Bankruptcy Rule 4001(a)(3) is hereby waived and this Order shall take effect immediately upon entry.

5.    This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**\*\* END OF ORDER \*\***

Case: 19-30088    Doc# 2411    Filed: 06/05/19    Entered: 06/05/19 17:05:47    Page 7 of 7

Case No. 19-30088 (DM)