WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| In re: | Bankruptcy Case No. 19-30088 (DM) |
|---|---|
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** Debtors. | **DEBTORS' MOTION PURSUANT TO FED. R. BANKR. P. 4001(d) TO APPROVE STIPULATION WITH CALIFORNIA PUBLIC UTILITIES COMMISSION IN RESPECT OF CERTAIN PROCEEDINGS** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Date: June 26, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102<br><br>**Objection Deadline**: June 19, 2019<br>                                4:00 p.m. (Pacific Time) |

PG&E Corporation and Pacific Gas and Electric Company (the "**Utility**") as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to section 362(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 4001(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 4001-1 of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for approval of an agreement with the California Public Utilities Commission (the "**Commission**," together with PG&E, the "**Parties**"), as embodied in the *Stipulation Between Debtors and California Public Utilities Commission in Respect of Certain Proceedings* (the "**Stipulation**"), filed contemporaneously herewith, by issuance of an order in the form attached hereto as **Exhibit A** (the "**Proposed Order**").

In support of the Motion, the Debtors submit the Declaration of Theodore E. Tsekerides (the "**Tsekerides Declaration**"), filed contemporaneously herewith.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

## III. THE STIPULATION

California law empowers the Commission to do "all things . . . which are necessary and convenient" in the exercise of its regulatory power in respect of public utilities. Cal. Pub. Util. Code § 701. In carrying out its statutory duties, the Commission regularly oversees proceedings initiated by third parties (such parties, "**Commission Complainants**" and proceedings initiated by such parties, "**Commission Proceedings**"). From time to time, Commission Complainants lack the means to engage counsel to bring proceedings in these Chapter 11 Cases for relief from the Automatic Stay,

including certain Commission Complainants that are low-income customers eligible for PG&E's low-income rate or assistance programs. Commission Complainants sometimes initiate proceedings before the Commission to enforce public policy and safety, utility tariffs, administrative orders and regulations, including proceedings concerning matters arising before the Petition Date to compel the Utility to relocate overhead power lines, to restore utility services, effectuate Commission rules and regulations and utility tariffs or to issue reimbursements for certain remedial actions taken by ratepayers.

The Parties have determined that the commencement or continuation of certain Commission Proceedings, up to and including the determination of, but not the collection of, any money judgments in such proceedings, is in their best interests notwithstanding the Chapter 11 Cases.

Specifically, with respect to Commission Proceedings filed prior to entry of an order approving the Stipulation, the Parties have agreed that the Automatic Stay should be modified to allow the commencement or continuation of the relevant Commission Proceedings set forth on Exhibit A attached to the Stipulation, including the determination of, but not the collection of, any money judgments in such proceedings. With respect to Commission Proceedings by Commission Complainants of the type identified above that are accepted for filing by the Commission after the entry of an order approving the Stipulation, the Parties have agreed that, upon the expiration of the applicable Notice Period (as defined in the Stipulation) without objection by the Debtors, the Automatic Stay should be modified to allow the commencement or continuation of the relevant Commission Proceeding, including the determination of, but not the collection of, any money judgments in such proceedings. If the Debtors timely object to the commencement or continuation of such Commission Proceeding (by filing an objection in such Commission Proceeding within the applicable Notice Period), the Commission shall suspend such Commission Proceeding and the Debtors, the Commission, and the Commission Complainant, if applicable, shall meet and confer in a good faith effort to resolve whether such Commission Proceeding may continue before the Commission. If the parties are unable to reach agreement, then the stipulated modification of the Automatic Stay shall be inapplicable to such Commission Proceeding, and the Automatic Stay shall

remain in place as to such Commission Proceeding.

The Parties have further agreed that the Automatic Stay should continue to apply to the allowance of claims, and to the enforcement of any money judgments awarded in any Commission Proceedings that are or become the subject of the Stipulation. Moreover, the Parties have agreed that nothing in the Stipulation should be deemed to modify or alter the requirements or obligations of any Commission Complainant to timely file a proof of claim in these Chapter 11 Cases in accordance with any order of the Court governing the filing of claims.

## IV. BASIS FOR RELIEF REQUESTED

Limited relief from the Automatic Stay as provided in the Stipulation is consistent with the provisions of section 362 of the Bankruptcy Code and standards for the statute's application as developed by the courts. Section 362(d)(1) authorizes the Court to modify or terminate the Automatic Stay for "cause," including the lack of adequate protection. "'Cause' for granting relief from stay has no clear definition and is determined on a case-by-case basis." *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990) (citation omitted). Relief from the automatic stay may include terminating, annulling, modifying, or conditioning such stay. *Groshong v. Sapp (In re MILA, Inc.)*, 423 B.R. 537, 542 (B.A.P. 9th Cir. 2010) (citing *Mataya v. Kissinger (In re Kissinger)*, 72 F.3d 107, 108-09 (9th Cir. 1995)).

In determining whether cause exists to permit an action to proceed in a non-bankruptcy forum, courts analyze the twelve factors set forth in *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984). *See also In re Roger*, 539 B.R. 837, 844-45 (C.D. Cal. 2015); *In re Howrey LLP*, 492 B.R. 19, 24 (Bankr. N.D. Cal. 2013); *In re Plumberex Specialties Prods., Inc.*, 311 B.R. 551, 559 (Bankr. C.D. Cal. 2004). The twelve factors, commonly referred to as the *Curtis* factors, are:

1. Whether the relief will result in partial or complete resolution of issues;
2. The lack of any connection with or interference with the bankruptcy case;
3. Whether the foreign proceeding involves the debtor as a fiduciary;
4. Whether a specialized tribunal has been established to hear the particular cause of action and whether the tribunal has expertise to hear such cases;
5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

      7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;
      8. Whether the judgment claim arising from the foreign action is subject to equitable subordination;
      9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under section 522(f);
      10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties;
      11. Whether the foreign proceedings have progressed to a point where the parties are prepared for trial;
      12. The impact of the stay and the "balance of hurt."

See In re Howrey LLP, 492 B.R. at 24.

1. Many of the *Curtis* factors apply to the Commission Proceedings. Allowing the Commission to adjudicate the Commission Proceedings will not prejudice the Debtors' estates or other creditors, and will instead promote efficiency by saving the Debtors the effort and expense of relitigating the claims of the Commission Complainants—involving highly specialized regulatory issues—from scratch in the Bankruptcy Court through a contested claims process. The Commission Proceedings involve the normal regulatory functions of the Commission. For that reason, permitting the Commission to decide Commission Proceedings as provided in the Stipulation will promote efficiency and economy and will not impose a material burden on the Debtors' reorganization efforts. For these reasons, the Stipulation provides material benefits to the Debtors and their estates at little cost, has been authorized by the Debtors in the exercise of their business judgment, and is in the best interest of the Debtors and their estates.

Furthermore, without approval of the Stipulation, the Debtors (and the Court) could be faced with seriatim motions for relief from the automatic stay by the Commission or the Commission Complainants. Since the Commission Proceedings are alike in their procedure and subject matter, it is in the best interests of all parties that the Court approve an umbrella procedure for relief from stay, rather than having to determine whether each Commission Proceeding merits such relief.

Notably, the Stipulation would in practice be discretionary. Except for the Commission Proceedings listed on Exhibit A, the Stipulation provides the Debtors with unilateral objection rights through which the Debtors can prevent the application of the Stipulation, and in turn the modification

of the Automatic Stay pursuant to the Stipulation, as to any Commission Proceeding for which they believe the Automatic Stay should remain in place. If the Debtors do not agree to stay relief with respect to a particular Commission Proceeding, such proceeding will remain subject to the automatic stay—with the Commission Complainant's recourse being to bring a new motion for stay relief in this Court. Under the Stipulation, questions of stay relief in matters where the Debtors believe stay relief should not be granted (because, for example, the burden on the estates would be undue or the matter raises issues that implicate significant bankruptcy policies or protections) would still be subject to this Court's discretion. This Stipulation would provide the Debtors with this flexibility while sparing both the Court and the Parties the burden of repetitive formal requests for relief from stay or to approve agreements between the Parties for relief from stay.

## V.   NOTICE

Notice of motions to approve agreements to modify or terminate the Automatic Stay is governed by Bankruptcy Rule 4001(d)(1)(C) and the *Second Amended Order Implementing Certain Notice and Case Management Procedures* entered by this Court on May 13, 2019 [Dkt No. 1996] ("**Case Management Order**").

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: June 5, 2019

**WEIL, GOTSHAL & MANGES LLP**
**KELLER & BENVENUTTI LLP**

/s/ *Theodore E. Tsekerides*
Theodore E. Tsekerides

*Attorneys for Debtors and Debtors in Possession*