WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF THEODORE E. TSEKERIDES IN SUPPORT OF DEBTORS' MOTION PURSUANT TO FED. R. BANKR. P. 4001(d) TO APPROVE STIPULATION WITH CALIFORNIA PUBLIC UTILITIES COMMISSION IN RESPECT OF CERTAIN PROCEEDINGS**<br><br>Date: June 26, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102<br><br>**Objection Deadline**: June 19, 2019<br>                                4:00 p.m. (Pacific Time) |

1    I, Theodore E. Tsekerides, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a partner with Weil, Gotshal & Manges LLP, bankruptcy counsel to Pacific Gas and Electric Company (the "**Utility**") and its parent, PG&E Corporation, both Debtors and Debtors in Possession in the above-captioned chapter 11 reorganization cases. I file this declaration in support of Debtors' Motion (the "**Motion**") to approve the Stipulation with the California Public Utilities Commission in respect of certain proceedings (the "**Stipulation**"). The matters stated herein are based upon my personal knowledge (including from a review of publicly filed documents), and if called as a witness I can and would testify to them on that basis.

2. In carrying out its statutory duties, the California Public Utilities Commission (the "**Commission**") regularly oversees proceedings initiated by third parties (such parties, "**Commission Complainants**" and proceedings initiated by such parties, "**Commission Proceedings**"). From time to time, Commission Complainants lack the means to engage counsel to bring proceedings in these Chapter 11 Cases for relief from the Automatic Stay, including certain Commission Complainants that are low-income customers eligible for PG&E's low-income rate or assistance programs. Commission Complainants sometimes initiate proceedings before the Commission to enforce public policy and safety, utility tariffs, administrative orders and regulations, including proceedings concerning matters arising before the Petition Date to compel the Utility to relocate overhead power lines, to restore utility services, effectuate Commission rules and regulations and utility tariffs or to issue reimbursements for certain remedial actions taken by ratepayers.

3. The Parties have determined that the commencement or continuation of certain Commission Proceedings, up to and including the determination of, but not the collection of, any money judgments in such proceedings, is in their best interests notwithstanding the Chapter 11 Cases.

4. Specifically, with respect to Commission Proceedings filed prior to entry of an order approving the Stipulation, the Parties have agreed that the Automatic Stay should be modified to allow the commencement or continuation of the relevant Commission Proceedings set forth on Exhibit A attached to the Stipulation, including the determination of, but not the collection of, any money

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

judgments in such proceedings. With respect to Commission Proceedings by Commission Complainants of the type identified above that are accepted for filing by the Commission after the entry of an order approving the Stipulation, the Parties have agreed that, upon the expiration of the applicable Notice Period (as defined in the Stipulation) without objection by the Debtors, the Automatic Stay should be modified to allow the commencement or continuation of the relevant Commission Proceeding, including the determination of, but not the collection of, any money judgments in such proceedings. If the Debtors timely object to the commencement or continuation of such Commission Proceeding (by filing an objection in such Commission Proceeding within the applicable Notice Period), the Commission shall suspend such Commission Proceeding and the Debtors, the Commission, and the Commission Complainant, if applicable, shall meet and confer in a good faith effort to resolve whether such Commission Proceeding may continue before the Commission. If the parties are unable to reach agreement, then the stipulated modification of the Automatic Stay shall be inapplicable to such Commission Proceeding, and the Automatic Stay shall remain in place as to such Commission Proceeding.

5. The Parties have further agreed that the Automatic Stay should continue to apply to the allowance of claims, and to the enforcement of any money judgments awarded in any Commission Proceedings that are or become the subject of the Stipulation. Moreover, the Parties have agreed that nothing in the Stipulation should be deemed to modify or alter the requirements or obligations of any Commission Complainant to timely file a proof of claim in these Chapter 11 Cases in accordance with any order of the Court governing the filing of claims.

6. Allowing the Commission to adjudicate the Commission Proceedings will not prejudice the Debtors' estates or other creditors, and will instead promote efficiency by saving the Debtors the effort and expense of relitigating the claims of the Commission Complainants—involving highly specialized regulatory issues—from scratch in the Bankruptcy Court through a contested claims process. The Commission Proceedings involve the normal regulatory functions of the Commission. For that reason, permitting the Commission to decide Commission Proceedings as provided in the Stipulation will promote efficiency and economy and will not impose a material burden on the Debtors' reorganization efforts. For these reasons, the Stipulation provides material benefits to the

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1  Debtors and their estates at little cost, has been authorized by the Debtors in the exercise of their
2  business judgment, and is in the best interest of the Debtors and their estates.

3      7.    Furthermore, without approval of the Stipulation, the Debtors (and the Court) could be
4  faced with seriatim motions for relief from the automatic stay by the Commission or the Commission
5  Complainants. Since the Commission Proceedings are alike in their procedure and subject matter, it is
6  in the best interests of all parties that the Court approve an umbrella procedure for relief from stay,
7  rather than having to determine whether each Commission Proceeding merits such relief.

8      8.    Notably, the Stipulation would in practice be discretionary. Except for the Commission
9  Proceedings listed on Exhibit A, the Stipulation provides the Debtors with unilateral objection rights
10 through which the Debtors can prevent the application of the Stipulation, and in turn the modification
11 of the Automatic Stay pursuant to the Stipulation, as to any Commission Proceeding for which they
12 believe the Automatic Stay should remain in place. If the Debtors do not agree to stay relief with
13 respect to a particular Commission Proceeding, such proceeding will remain subject to the automatic
14 stay—with the Commission Complainant's recourse being to bring a new motion for stay relief in this
15 Court. Under the Stipulation, questions of stay relief in matters where the Debtors believe stay relief
16 should not be granted (because, for example, the burden on the estates would be undue or the matter
17 raises issues that implicate significant bankruptcy policies or protections) would still be subject to this
18 Court's discretion. The Stipulation would provide the Debtors with this flexibility while sparing both
19 the Court and the Parties the burden of repetitive formal requests for relief from stay or to approve
20 agreements between the Parties for relief from stay.

21     Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true
22 and correct, and that this declaration is executed on June 5, 2019.

/s/ *Theodore E. Tsekerides*
Theodore E. Tsekerides