Robert A. Julian (SBN 99469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone: 628.208.6434
Facsimile: 310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>     -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR ENTRY OF A PROTECTIVE ORDER**<br><br>Date:  June 26, 2019<br>Time:  9:30 a.m. (Pacific Time)<br>Place:  United States Bankruptcy Court<br>           Courtroom 17, 16th Floor<br>           San Francisco, CA 94102<br>**Objection Deadline**: June 19, 2019,<br>                    4:00 p.m. (Pacific Time) |

1

The Official Committee of Tort Claimants (the "**TCC**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") of PG&E Corporation and Pacific Gas and Electric Company (collectively the "**Debtors**") hereby submits this motion for entry of a protective order governing the production, review, disclosure, and handling of discovery materials produced by the parties in the Chapter 11 Cases (the "**Motion**"). In support of this Motion, the TCC submits the Declaration of Lars Fuller (the "**Fuller Declaration**") filed contemporaneously herewith. A proposed form of order granting the relief requested is attached hereto as **Exhibit A** (the "**Proposed Protective Order**").

## I. INTRODUCTION

This discovery dispute arises out of the Debtors' two-month refusal to give the TCC access to the documents the Debtors have already produced to the fire victims in the California state court North Bay fire litigation. After two months of arguing over the matter, the Debtors have agreed to provide the TCC with access to the already-produced documents, that are already in the database, provided the TCC agrees to a protective order over certain allegedly "confidential" documents that are in that database. The Debtors insist on a protective order that places the burden of whether or not the documents are confidential on the receiving party, in this case the TCC. This idea flies in the face of the Northern District standard protective order, and every other protective order entered in the state, which places the burden on proving confidentiality on the party placing the restriction of confidentiality on the documents. After two months of attempting to get access to documents the Debtors have already placed in a database for use in litigation, the TCC is now forced to bring this dispute to the Court for resolution.

The parties have agreed substantially on a stipulated proposed protective order to govern the production and exchange of discovery in these jointly administered chapter 11 cases. However, the Debtors have been unwilling to agree to standard, boilerplate language within this District and this Court regarding the provision for "judicial intervention," *i.e.*, which party shall bear the burden of filing a motion to resolve a dispute regarding the designation of materials as confidential. The U.S. District Court's model protective order for the Northern District of California, as well as prior

2

Case: 19-30088    Doc# 2419    Filed: 06/05/19    Entered: 06/05/19 20:03:53    Page 2 of 7

approved protective orders in other cases by the Court, place the burden of filing a motion, and the burden of persuasion regarding the asserted protection, upon the "Designating Party," *i.e.*, the party that seeks to designate the information as confidential. The Debtors have been unwilling to consent to this standard language. Instead, the Debtors wish to place the burden of filing a motion and removing the designation as confidential, and the attendant protective restrictions, upon the "Challenging Party," *i.e.*, the party that disputes the designation.

The TCC has conferred with the Debtors and with counsel for the Unsecured Creditors' Committee regarding the Proposed Protective Order attached hereto as **Exhibit A**. The Debtors have indicated that they remain opposed to the "judicial intervention" procedure set forth in the TCC's Proposed Protective Order. The Debtors have also indicated that the UCC supports a protective order that utilizes the judicial intervention procedure proposed by the Debtors.

The Debtors have refused to produce relevant discovery in the Cases absent a protective order. Consequently, the TCC files this Motion to obtain the Court's resolution of the disputed proposed language and to enable the parties to proceed with urgent discovery and document production with appropriate protective parameters.

## II. PROPOSED PROTECTIVE ORDER STRUCTURE

The Proposed Protective Order seeks to govern the production, review, disclosure, and handling of "**Discovery Material**," which is broadly defined to include all information produced in disclosures, responses to discovery requests, or provided to the Debtors' retained advisors and consultants. **Exhibit A**, at Sections 1; 2.4. The Proposed Protective Order provides that the "**Producing Party**," *i.e.*, the party producing the Discovery Materials, may designate the produced information as confidential. *Id.*, at Section 5. The Proposed Protective Order provides four distinct categories of confidentiality. *Id.* at Sections 5.1–5.4. Once a party receives Discovery Material marked as confidential under any of these four categories, the Proposed Protective Order provides significant restrictions and obligations on the access and use of the confidential information. *Id.* at Section 7. Based on these restrictions and obligations, it is far easier and less expensive on the

Receiving Party to receive, manage, and utilize Discovery Materials that has not been marked as confidential.

The Proposed Protective Order provides that a Producing Party may only designate Discovery Materials as confidential in "good faith." *Id.* at Sections 5.2−5.3. This limitation regarding whether the Producing Party has properly designated material as confidential in good faith is susceptible to disagreement between the parties, particularly given the substantial burden that is placed upon the Receiving Party upon receipt of Discovery Materials designated as confidential. Consequently, the Proposed Protective Order includes a balanced, progressive procedure for resolution of these disputes, requiring conferral, explanation for the designation, and written challenge. *Id.* at Section 6. To the extent the parties cannot reach agreement on the designation, the process provides for "Judicial Intervention," so that the Court may resolve the disagreement. *Id.* at Section 6.3. The TCC proposes that the burden of bringing the motion to resolve the conflict (the "**Resolution Motion**") should fall on the Designating Party, *i.e.*, the party claiming the confidential designation. The Debtors have refused to agree to such a procedure, and instead want the party seeking the Discovery Materials, *i.e.*, the Challenging Party, as unprotected to bear the burden of requesting the Court's resolution.

### III. THE COURT'S FORM PROTECTIVE ORDER

The U.S. District Court for the Northern District of California provides a model "Stipulated Protective Order for Standard Litigation." *See* Fuller Declaration, Ex. 1 (the "**Model Order**"). The TCC used the Model Order to draft the Proposed Protective Order. The TCC drafted the "Judicial Intervention" provision of the Proposed Protective Order to mirror the procedure in the Model Order. *Id.* The Model Order's "Judicial Intervention" procedure requires the Designating Party to initiate the Resolution Motion. *Id.* at Section 6.3. The Model Order also provides that the "burden of persuasion in any such challenge proceeding shall be on the Designating Party." *Id.* The TCC Proposed Protective Order proposes these same procedures. Notwithstanding the similarity to the procedure in the Model Order, the Debtors have refused to agree to the Judicial Intervention

procedure proposed in the Proposed Protective Order. Instead, the Debtors want the burden of initiating the Resolution Motion, and the burden of persuasion, to be on the Receiving Party.

## IV. THE COURT'S PRIOR PROTECTIVE ORDERS

The TCC's Proposed Protective Order utilizes the same Resolution Motion procedure as previously approved by this Court in *In re Yellow Cab Cooperative, Inc*. *See* Fuller Declaration, Ex. 2, at Section 6.3 (the "**Yellow Cab Protective Order**"). **Exhibit C**. The procedure requires the Designating Party, not the Requesting Party, to initiate the Resolution Motion. It also requires the Designating Party to bear the burden of persuasion that the disputed material should be kept confidential. The TCC's proposed Judicial Intervention procedure mirrors the Court's prior approved protective order in the Yellow Cab Protective Order.

## V. ARGUMENT

The Proposed Protective Order best places the burden of filing the Resolution Motion upon the party asserting the need for protection. Following this procedure is logical, given that it is the Designating Party that is provided the first opportunity to designate the Discovery Material as confidential, restricted only by the amorphous concept of "good faith." Designation as confidential places significant burdens upon the Receiving Party to maintain, preserve, and utilize confidential Discovery Material. Placing the burden upon the Receiving Party to remove such restrictions would allow the Designating Party to abuse the designation as confidential without consequence. Placing the burden on the Designating Party, rather than the Receiving Party, is the logical way to enforce the Designating Party's good faith, and appropriate use of discretion. To the extent the Designating Party knows it will bear the burden of requesting Judicial Intervention, as well as the burden of persuasion, in keeping a confidential designation for Discovery Materials, it will facilitate keeping the Designating Party honest in utilizing confidential designations only where it is objectively appropriate. Otherwise, the Designating Party will be able to use designations of confidentiality to shift burdens, expense, and significant restrictions upon the Receiving Party for materials that should not be designated as confidential.

## VI. CONCLUSION

The TCC requests that the Court enter the attached Proposed Protective Order, which complies with the Model Order, as well as the Court's prior approved protective orders, regarding the process for judicial intervention to resolve disputes. In the event the parties are unable to resolve a dispute regarding whether a particular confidential designation is appropriate, the Designating Party should bear the burden of seeking the Court's intervention, as well as the burden of persuasion in demonstrating that the Discovery Materials should be kept confidential. The procedure the Debtors seek to impose is contrary to the established practices of this District and this Court. It also gives the Designating Party excessive motivation to designate materials as confidential, while placing the burden of removing bad faith and unfounded designations on the Receiving Party who should be entitled to receive them without such designation.

## VII. NOTICE

Notice of the Motion will be provided to (i) the Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, PO Box 770000, 77 Beale Street, San Francisco, CA 94105 (Attn: Janet Loduca, Esq.); (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq., Jessica Liou, Esq., and Matthew Goren, Esq.), proposed attorneys for the Debtors; (iii) Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco, CA 94108 (Attn: Tobias Keller, Esq. and Jane Kim, Esq.), attorneys for the Debtors; (iv) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038-4982 (Attn: Kristopher M. Hansen, Esq., Erez E. Gilad, Esq., and Matthew G. Garofalo, Esq.) and 2029 Century Park East, Los Angeles, CA 90067-3086 (Attn: Frank A. Merola, Esq.), as counsel for the administrative agent under the Debtors' debtor-in-possession financing facility; (v) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Eli J. Vonnegut, Esq., David Schiff, Esq., and Timothy Graulich, Esq.), as counsel for the collateral agent under the Debtors' debtor-in-possession financing facility; (vi) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019-6064 (Attn: Alan W. Kornberg, Esq., Brian S. Hermann, Esq., Walter R. Rieman, Esq., Sean A. Mitchell, Esq., and Neal P. Donnelly, Esq.), as counsel to the

California Public Utilities Commission; (vii) the Office of the United States Trustee for Region 17, 450 Golden Gate Avenue, 5th Floor, Suite #05-0153, San Francisco, CA 94102 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (viii) the U.S. Nuclear Regulatory Commission, Washington, DC 20555-0001 (Attn: General Counsel); (ix) the U.S. Department of Justice, 1100 L Street, NW, Room 7106, Washington DC 20005 (Attn: Danielle A. Pham, Esq.,) as counsel for the United States on behalf of the Federal Energy Regulatory Commission; (x) Milbank LLP, 55 Hudson Yards, New York, NY 10001-2163 (Attn: Dennis F. Dunne, Esq. and Sam A. Khalil, Esq.) and 2029 Century Park East, 33rd Floor, Los Angeles, CA 90067 (Attn: Paul S. Aronzon, Esq., Gregory A. Bray, Esq., and Thomas R. Kreller, Esq.), as counsel for the Official Committee of Unsecured Creditors; and (xi) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The TCC respectfully submits that no further notice is required.

No previous request for the relief sought herein has been made by the TCC to this or any other court.

**WHEREFORE**, the TCC respectfully requests entry of the Proposed Protective Order, attached hereto as Exhibit A.

Dated June 5, 2019

Respectfully Submitted,

BAKER & HOSTETLER LLP

By: /s/ Robert Julian

*Counsel for The Official Committee of Tort Claimants*