**EXHIBIT 2**



1  Gary M. Kaplan (State Bar No. 155530)
   gkaplan@fbm.com
2  Farella Braun + Martel LLP
3  235 Montgomery Street, 17th Floor
   San Francisco, CA 94104
   Telephone: (415) 954-4400
4  Facsimile: (415) 954-4480

The following is signed and filed: June 13, 2016

_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**

5  Attorneys for Debtor in Possession
   YELLOW CAB COOPERATIVE, INC.
6

7

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 16-30063 |
| YELLOW CAB COOPERATIVE, INC., | Chapter 11 |
| Debtor. | [NO HEARING SCHEDULED] |

**STIPULATED PROTECTIVE ORDER BETWEEN DEBTOR AND
OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

This Stipulated Protective Order (the "Order") is entered into by and between Yellow Cab Cooperative, Inc. ("YCC" or the "Debtor"), the debtor in possession in the Chapter 11 bankruptcy case (the "Case"), and the Official Committee of Unsecured Creditors (the "Committee," and together with the Debtor, the "Parties"), with reference to the following facts:

## RECITALS

1. On January 22, 2016 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code,[1] thereby commencing the Case.

2. The Debtor continues to operate its businesses and manage its properties as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. On February 3, 2016, the Committee was appointed by the Office of the U.S. Trustee (with two members subsequently added on March 3, 2016). No trustee, examiner or

---

[1] The United States Bankruptcy Code (11 U.S.C. § 101 et seq.), as amended. Unless otherwise indicated, all statutory section references in this Stipulation are to the Bankruptcy Code.

STIPULATED PROTECTIVE ORDER

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Case: 19-30088   Doc# 2420-2   Filed: 06/05/19   Entered: 06/05/19 20:12:18   Page 2 of 20

Case: 16-30063   Doc# 420   Filed: 06/13/16   Entered: 06/13/16 13:52:29   Page 1 of 7

other official committee has been appointed in the Debtor's bankruptcy case.

4. The United States Bankruptcy Court for the Northern District of California (the "Court") has jurisdiction over the Case.

5. The Debtor and the Committee intend for this Order to govern the production of documents and information between the Parties, including with respect to the Committee's pending *ex parte* application for the examination of and production of documents by the Debtor pursuant to Federal Rule of Bankruptcy Procedure 2004.

**AGREEMENT**

Based on the foregoing recitals, the Parties agree as follows:

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this Case are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this Case may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 (applicable pursuant to Bankruptcy Local Rule 1001-2(a)) sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2. DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) or Federal Rule of Bankruptcy Procedure 9018.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER - 2 -

Case: 19-30088  Doc# 2420-2  Filed: 06/05/19  Entered: 06/05/19 20:12:18  Page 3 of 20

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to this Case who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Case.

2.7     House Counsel: attorneys who are employees of a Party in this Case. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Case.

2.9     Outside Counsel of Record: attorneys who are not employees of a Party in this Case but are retained to represent or advise a Party in this Case and have appeared in this Case on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.10    Party: any Party in this Case, including all of its officers, directors, employees, members, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Case.

2.12    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    Receiving Party: a Party that receives Disclosure or Discovery Material from a

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER     - 3 -

Case: 19-30088    Doc# 2420-2    Filed: 06/05/19    Entered: 06/05/19 19:32:29    Page 4 of 20

Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial or hearing shall be governed by a separate agreement or order.

4. <u>DURATION</u>

Even after final disposition of this Case, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) conversion or dismissal of this Case; and (2) the closing of this Case.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER - 4 -

Case: 19-30088    Doc# 2420-2    Filed: 06/05/19    Entered: 06/05/19 20:12:18    Page 5 of 20

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order *(see, e.g.*, Section 2.13 above and second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to the first page (if applicable to the entire document) or to the particular pages that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER - 5 -

Case: 19-30088    Doc# 2420-2    Filed: 06/05/19    Entered: 06/05/19 20:12:18    Page 6 of 20

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Case, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the

STIPULATED PROTECTIVE ORDER                - 6 -

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

  6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Bankruptcy Local Rules 9013 and 9014 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

  7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

STIPULATED PROTECTIVE ORDER - 7 -

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Case: 19-30088 Doc# 2420-2 Filed: 06/05/19 Entered: 06/05/19 20:12:18 Page 8 of 20
Case: 19-30088 Doc# 2420-2 Filed: 06/05/19 Entered: 06/05/19 20:12:18 Page 9 of 20

produced by another Party or by a Non-Party in connection with this case only in connection with this Case. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Case has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Case, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Case and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, members and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Case and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Case and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Case and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the Case to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER     - 8 -

Case: 19-30088    Doc# 2420-2    Filed: 06/05/19    Entered: 06/05/19 19:52:29    Page 9 of 20
Case: 19-30088    Doc# 2420-2    Filed: 06/19/19    Entered: 06/19/19 20:12:18    Page 9 of 20

Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a Court order issued in other litigation or another proceeding that compels disclosure of any information or items designated in this Case as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or Court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation or proceeding that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Case as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Case to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS CASE

(a) The terms of this Order are applicable to information produced by a Non-Party in this Case and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this Case is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER - 9 -

protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Order in this Case, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER - 10 -

Case: 19-30088    Doc# 2420-2    Filed: 06/05/19    Entered: 06/05/19 20:12:18    Page 11 of 20

produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the Court.

12. MISCELLANEOUS

    12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2    Right to Assert Other Objections. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

    12.3    Filing Protected Material. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Case any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

13. FINAL DISPOSITION

    Within 60 days after the final disposition of this Case, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER - 11 -

Case: 19-30088 Doc# 2420-2 Filed: 06/05/19 Entered: 06/05/19 20:12:18 Page 12 of 20

As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED.**

Dated: May __, 2016

YELLOW CAB COOPERATIVE, INC.
DEBTOR IN POSSESSION

By: /s/ Pamela Martinez
PAMELA MARTINEZ, PRESIDENT

Dated: May __, 2016

IDA CHRISTINA CRUZ
CREDITORS' COMMITTEE MEMBER

By:_____
DAVID COOK, ESQ.

Dated: May __, 2016

SUMI LIM
CREDITORS' COMMITTEE MEMBER

By:_____
GARY A. ANGEL, ESQ.

Dated: May __, 2016

MARSHALL CHILDS
CREDITORS' COMMITTEE MEMBER

By:_____

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER - 12 -

Dated: June 2, 2016

IDA CHRISTINA CRUZ
CREDITORS' COMMITTEE MEMBER

By: _____
DAVID COOK, ESQ.

Dated: June __, 2016

SUMI LIM
CREDITORS' COMMITTEE MEMBER

By: _____
GARY A. ANGEL, ESQ.

Dated: June __, 2016

MARSHALL CHILDS
CREDITORS' COMMITTEE MEMBER

By: _____
BENJAMIN SIEGEL, ESQ.

Dated: June __, 2016

MICHAEL MORAN
CREDITORS' COMMITTEE MEMBER

By: _____
MICHAEL PADWAY, ESQ.

Dated: June __, 2016

TANYA R. THIENNGERN
CREDITORS' COMMITTEE MEMBER

By: _____
LAWRENCE E. BIEGEL, ESQ.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER  - 13 -

Case: 19-30088   Doc# 2420-2   Filed: 06/05/19   Entered: 06/05/19 20:12:18   Page 14 of 20
Case: 16-30063   Doc# 202-2   Filed: 06/13/16   Entered: 06/13/16 15:52:29   Page 13 of 19

Dated: June __, 2016

IDA CHRISTINA CRUZ
CREDITORS' COMMITTEE MEMBER

By:_____
DAVID COOK, ESQ.

Dated: June 7, 2016

SUMI LIM
CREDITORS' COMMITTEE MEMBER

By: [signature]
GARY A. ANGEL, ESQ.

Dated: June __, 2016

MARSHALL CHILDS
CREDITORS' COMMITTEE MEMBER

By:_____
BENJAMIN SIEGEL, ESQ.

Dated: June __, 2016

MICHAEL MORAN
CREDITORS' COMMITTEE MEMBER

By:_____
MICHAEL PADWAY, ESQ.

Dated: June __, 2016

TANYA R. THIENNGERN
CREDITORS' COMMITTEE MEMBER

By:_____
LAWRENCE E. BIEGEL, ESQ.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER

- 13 -

Case: 19-30088   Doc# 2420-2   Filed: 06/05/19   Entered: 06/05/19 20:12:18   Page 15 of 20
Case: 16-30063   Doc# 202-2   Filed: 06/13/16   Entered: 06/13/16 13:52:29   Page 14 of 19

| | | |
|---|---|---|
| Dated: June __, 2016 | | IDA CHRISTINA CRUZ<br>CREDITORS' COMMITTEE MEMBER |
| | By: _____<br>DAVID COOK, ESQ. | |
| Dated: June __, 2016 | | SUMI LIM<br>CREDITORS' COMMITTEE MEMBER |
| | By: _____<br>GARY A. ANGEL, ESQ. | |
| Dated: June 3, 2016 | | MARSHALL CHILDS<br>CREDITORS' COMMITTEE MEMBER |
| | By: _____<br>BENJAMIN SIEGEL, ESQ. | |
| Dated: June __, 2016 | | MICHAEL MORAN<br>CREDITORS' COMMITTEE MEMBER |
| | By: _____<br>MICHAEL PADWAY, ESQ. | |
| Dated: June __, 2016 | | TANYA R. THIENNGERN<br>CREDITORS' COMMITTEE MEMBER |
| | By: _____<br>LAWRENCE E. BIEGEL, ESQ. | |

STIPULATED PROTECTIVE ORDER — - 13 -

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: June __, 2016 | IDA CHRISTINA CRUZ<br>CREDITORS' COMMITTEE MEMBER |
| 3 | | |
| 4 | | By:_____<br>DAVID COOK, ESQ. |
| 5 | Dated: June __, 2016 | SUMI LIM<br>CREDITORS' COMMITTEE MEMBER |
| 6 | | |
| 7 | | By:_____<br>GARY A. ANGEL, ESQ. |
| 8 | | |
| 9 | Dated: June __, 2016 | MARSHALL CHILDS<br>CREDITORS' COMMITTEE MEMBER |
| 10 | | |
| 11 | | By:_____<br>BENJAMIN SIEGEL, ESQ. |
| 12 | Dated: June 3, 2016 | MICHAEL MORAN<br>CREDITORS' COMMITTEE MEMBER |
| 13 | | |
| 14 | | By: /s/ _____<br>MICHAEL PADWAY, ESQ. |
| 15 | | |
| 16 | Dated: June __, 2016 | TANYA R. THIENNGERN<br>CREDITORS' COMMITTEE MEMBER |
| 17 | | |
| 18 | | By:_____<br>LAWRENCE E. BIEGEL, ESQ. |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER — 13 —

| | | |
|---|---|---|
| Dated: June __, 2016 | | IDA CHRISTINA CRUZ<br>CREDITORS' COMMITTEE MEMBER |
| | By: _____<br>DAVID COOK, ESQ. | |
| Dated: June __, 2016 | | SUMI LIM<br>CREDITORS' COMMITTEE MEMBER |
| | By: _____<br>GARY A. ANGEL, ESQ. | |
| Dated: June __, 2016 | | MARSHALL CHILDS<br>CREDITORS' COMMITTEE MEMBER |
| | By: _____<br>BENJAMIN SIEGEL, ESQ. | |
| Dated: June __, 2016 | | MICHAEL MORAN<br>CREDITORS' COMMITTEE MEMBER |
| | By: _____<br>MICHAEL PADWAY, ESQ. | |
| Dated: June 3, 2016 | | TANYA R. THIENNGERN<br>CREDITORS' COMMITTEE MEMBER |
| | By: /s/ Lawrence E. Biegel<br>LAWRENCE E. BIEGEL, ESQ. | |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER        - 13 -

Case: 19-30088   Doc# 2420-2   Filed: 06/05/19   Entered: 06/05/19 20:12:18   Page 18 of 20
Case: 16-30063   Doc# 202-2   Filed: 06/13/16   Entered: 06/13/16 13:52:29   Page 17 of 19

|    |                                    |                                                                      |
|----|------------------------------------|----------------------------------------------------------------------|
| 1  |                                    | BENJAMIN SIEGEL, ESQ.                                                |
| 2  | Dated: May ___, 2016               | MICHAEL MORAN<br>CREDITORS' COMMITTEE MEMBER                         |
| 3  |                                    |                                                                      |
| 4  |                                    | By:_____<br>MICHAEL PADWAY, ESQ.            |
| 5  |                                    |                                                                      |
| 6  | Dated: May ___, 2016               | TANYA R. THIENNGERN<br>CREDITORS' COMMITTEE MEMBER                   |
| 7  |                                    |                                                                      |
| 8  |                                    | By:_____<br>LAWRENCE E. BIEGEL, ESQ.        |

**APPROVED:**
DATED: ~~May~~ June 8, 2016          FARELLA BRAUN + MARTEL LLP

By: _____
        GARY KAPLAN
Attorneys for Debtor in Possession
YELLOW CAB COOPERATIVE, INC.

June 7
DATED: ~~May~~ ___, 2016             PACHULSKI STANG ZIEHL & JONES LLP

By: _____
        JOHN FIERO
Attorneys for THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


DATED: _____      _____
                                    HONORABLE DENNIS MONTALI
                                    UNITED STATES BANKRUPTCY JUDGE

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER                - 13 -

Case: 19-30088   Doc# 2420-2   Filed: 06/05/19   Entered: 06/05/19 20:12:18   Page 19 of 20
Case: 16-30063   Doc# 202-2    Filed: 06/13/16   Entered: 06/13/16 15:52:29   Page 18 of 19

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States Bankruptcy Court for the Northern District of California on [date] in the case of *In re Yellow Cab Cooperative, Inc.*, Case No. 16-30063-DM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Case.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this Case or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

32416\5464682.3

STIPULATED PROTECTIVE ORDER - 14 -

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400