WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    **- and -**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case,*<br>*No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**SUPPLEMENTAL DECLARATION OF DAVID N. LEVINE IN SUPPORT OF APPLICATION PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY GROOM LAW GROUP CHARTERED AS SPECIAL EMPLOYEE BENEFITS COUNSEL TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE** |

Pursuant 28 U.S.C. § 1746, I, David N. Levine, hereby declare as follows:

1.      I am an attorney admitted and in good standing to practice law in the District of Columbia. I am a principal in the law firm of Groom Law Group, Chartered ("**Groom**") and am duly authorized to make this Declaration (the "**Supplemental Declaration**") on behalf of Groom.  The facts set forth in this Declaration are based on my knowledge and belief after due inquiry and, if called as a witness, I could and would testify thereto.

2.      I submit this Declaration in further support of the *Application Pursuant to 11 U.S.C. § 327(e) and Fed. R. Bankr P. 2014(a) and 2016 for Authority to Retain and Employ Groom Law Group Chartered as Special Employee Benefits Counsel to the Debtors Effective as of the Petition Date* (Docket No. 1527) (the "**Application**").[1]

3.      On May 9, 2019, the Court held a hearing on, *inter alia*, the Application.  At the hearing, the Court preliminarily approved the Application and requested that I file a supplemental declaration in support of the Application addressing several outstanding issues, discussed below.

4.      First, I confirm that the only agreement governing Groom's provision of legal services to Debtors is the January 2018 Master Services Agreement identified in the Amended Declaration.

5.      Second, in determining that Groom is a disinterested person, I made diligent inquiry to determine whether Groom has any connection with parties in interest in these cases, or has or represents any interest adverse to the Debtors' estates, or is otherwise subject to any disqualification which would prevent it from serving as special employee benefits counsel to the Debtor in these Chapter 11 Cases. As described in the Amended Declaration, and as more fully described below, I took the following actions to determine whether Groom has any conflicts in representing Debtors in this matter:

(a)      I caused to be submitted for review by our conflicts check system the names of all known parties in interest (the "**Parties in Interest**") in this case, which were provided to us by Debtors' bankruptcy counsel.  The results of this review were compiled and analyzed by Groom attorneys acting under my supervision.

---

[1] All capitalized terms used but not defined herein have the meanings ascribed to such terms in the Application.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

(b)    To the extent Groom presently provides, or has provided in the recent past, legal services to any of the Parties in Interest identified by Debtors' bankruptcy counsel (see Exhibit 1 to the Amended Declaration for list of such Parties in Interest), I (or my colleagues, under my supervision), determined whether a conflict-of-interest exits as a result of the past or present representation of those Parties in Interest.

(c)    I determined that, given that the services we currently provide or have provided for the clients identified on Exhibit 1 to the Amended Declaration generally include advising such persons with respect to legal issues associated with their own employee benefit plans or the services that they provide in connection with other employee benefit plans, to the best of my knowledge, information and belief, Groom's fees for services we provided to any of the entities listed in Exhibit 1 to the Amended Declaration are completely unrelated to any matters concerning these Debtors

(d)    Accordingly, based upon the discussion herein above, Groom is a "disinterested person," as defined in section 101(14) and as required by section 327(e) of the Bankruptcy Code.

6.    Third, in the 90 days prior to Debtors' bankruptcy filing, Groom received payments from Debtors in the total amount of $639,839.80. This amount includes a $245,000 "retainer" that will be applied only to Court-approved fees paid by Debtors in this matter. Based on email communications with David Buchbinder from the Office the United States Trustee, I understand that the United States Trustee does not object to these payments on the grounds that the Debtors were solvent during the period in question.

7.    In addition to the above disclosures requested by the Court, in the interest of transparency, Groom discloses that it provides services in accordance with the January 2018 Master Services Agreement relating to the administration of certain of Debtor's qualified employee benefit retirement and health and welfare plans.

8.    Pursuant to those plans' governing documents, Groom's fees and expenses relating to legal services provided to the plans' administrators are paid from the plans' trusts ("**Trusts**"). To be clear, the Trust-paid legal fees and expenses do not include services to the Debtors in their capacity as sponsors of those plans.

9. The Trusts are separate from the Debtors' general assets and are not subject to the claims of the Debtors' creditors.

10. To the best of Groom's knowledge, the Trusts will not seek reimbursement from Debtors of Groom's Trust-paid fees and expenses.

11. Groom intends to submit invoices to the Trusts for Trust-payable services and such amounts will not be included in any fee applications submitted by Groom for approval by the Court.

12. This Declaration is submitted in accordance with section 327 of the Bankruptcy Code and Bankruptcy Rule 2014.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 6th day of June, 2019

_____
David N. Levine

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119