WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>　　　　　　　　　**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**MOTION FOR ENTRY OF PROTECTIVE ORDER PURSUANT TO FED. R. BANKR. P. 7026 AND 9014(c) AND 11 U.S.C. § 105(a) GOVERNING DISCOVERY MATERIALS AND OTHER INFORMATION**<br><br>Requested Hearing on Shortened Notice:<br>Date:　June 26, 2019<br>Time:　9:30 a.m. (Pacific Time)<br>Place:　United States Bankruptcy Court<br>　　　　Courtroom 17, 16th Floor<br>　　　　San Francisco, CA 94102<br><br>**Objection Deadline**:　June 19, 2019<br>　　　　　　　　　　　4:00 p.m. (Pacific Time) |

PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to Rules 7026 and 9014(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of a protective order governing all discovery in the Chapter 11 Cases and related proceedings, including informal discovery, discovery under Bankruptcy Rule 2004, and discovery in connection with judicial or other proceedings, such as contested matters, adversary proceedings and other disputes (each, a "**Case**," and collectively, the "**Cases**").

A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Protective Order**").

In support of the Motion, the Debtors submit the Declaration of Richard W. Slack (the "**Slack Decl.**"), filed contemporaneously herewith.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced in this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**UCC**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**TCC**," and, together with the UCC, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

## III. PRELIMINARY STATEMENT

These Chapter 11 Cases are large, complex, and heavily contested. The Debtors anticipate a significant amount of discovery, both formal and informal, being taken by a number of parties in connection with various motions, adversary proceedings, and general case management. As a result, Debtors have sought to fashion a Proposed Protective Order to govern discovery in these Cases and ensure that they and other parties are subject to only one set of rules and procedures relating to discovery when producing confidential information to more than one party, including the two Committees.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

The Proposed Protective Order provides typical protection for parties producing materials in large, complex bankruptcies, and is the product of the Debtors' discussions with both the Committees. Anticipating the need for an orderly, fair, and uniform set of rules under which multiple parties in interest could request and expect to receive confidential materials from the Debtors, the Debtors initiated discussions with and circulated a draft Protective Order to the TCC and UCC weeks ago. *See* Slack Decl. ¶ 5. Over the course of several weeks, the Debtors agreed to make a number of changes to reflect comments received from the two Committees. *See id.* ¶¶ 6-14. With respect to the comments from the UCC, Debtors addressed all of them by either making the proposed changes or reaching some compromise. *See id.* ¶¶ 10-12, 14. With respect to comments from the TCC (which were largely to Section 6 of the Proposed Protective Order), the Debtors agreed to make many of the changes requested, other than the changes discussed below. *See id.* ¶¶ 6-10, 12, 14.

Only two areas of disagreement remain between the Debtors and the TCC on the terms of the Proposed Protective Order. They relate to Section 6, which addresses challenging Confidentiality designations. As proposed by the Debtors, Section 6 requires the parties to meet and confer concerning any challenge by a party to a confidentiality designation. If the issue is still not resolved, Section 6 allows the challenging party to make a motion addressing the issue. The provision proposed by Debtors is modeled after a number of protective orders entered in bankruptcy matters by this Court, including protective orders entered in connection with the prior PG&E bankruptcy case. The proposed provision accords with the nature of large complex bankruptcies where the Debtor may produce documents to a number of parties and it would therefore be both burdensome and unfair to require Debtors to engage in the potentially costly and time-consuming exercise of filing multiple motions whenever any counterparty sends a simple letter or email challenging a designation.

The TCC proposes that the Debtors bear the burden to file a motion whenever any counterparty challenges a designation and that challenge remains unresolved after a meet and confer process. Even more onerous, the TCC's proposed language would have the Debtors waive

confidentiality protection if Debtors fail to make this motion in a 10-day period. These provisions are unreasonable and make no sense here.

In short, the Court should adopt Debtors' Proposed Protective Order.

## IV. RELIEF REQUESTED

By this Motion, pursuant to Bankruptcy Rules 7026 and 9014 and section 105(a) of the Bankruptcy Code, the Debtors request entry of a protective order governing all discovery in the Chapter 11 Cases and related proceedings, including informal discovery, discovery under Bankruptcy Rule 2004, and discovery in connection with the Cases, as further described herein.

### A. Summary of the Proposed Protective Order

The Debtors request entry of a protective order with respect to all discovery in the Cases as fully described in the Proposed Protective Order. The Proposed Protective Order is largely consistent with the United States District Court of the Northern District of California's model protective order for litigation involving highly sensitive confidential information with certain modifications given the size, complexity and unique nature of these Chapter 11 Cases. *See* Exhibit G to the Slack Decl. The following is a summary of the key terms of the Proposed Protective Order:

1. **Discovery Material Covered**: The Proposed Protective Order would govern the handling of all confidential material exchanged in the Cases, whether exchanged through informal or formal processes.

2. **Confidentiality Designations**: A Producing Party may designate qualifying Discovery Material as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", "PROFESSIONAL EYES ONLY" or "CONTRACTOR CONFIDENTIAL."
   a. **CONFIDENTIAL**
      i. Nonpublic proprietary or confidential technical, business, financial, personal or other information;
   b. **HIGHLY CONFIDENTIAL / PROFESSIONAL EYES ONLY**
      i. Trade secrets, sensitive financial, personal or business information whose disclosure risks competitive injury or materially risks the reorganization or emergence of the Company from bankruptcy.
      ii. Disclosure limited to outside counsel, advisors, experts, Court staff and certain others.
   c. **CONTRACTOR CONFIDENTIAL**
      i. Disclosure of this Discovery Material to a person or entity contracted to provide goods and/or services to Debtors would create a substantial risk of serious harm.

3. **No Waiver of Later Designation:** If the Producing Party fails to designate particular Discovery Material under one of the foregoing designations at the time of production, the Producing Party may later make or update the designation.

4. **Challenging Party Brings Dispute:** The Party seeking to modify a designation provides written notice identifying the disputed material and describing the basis for change. Within 5 business days, the Parties must confer directly in good faith and offer an opportunity for the Designating Party to respond. A Challenging Party may proceed to the Court only if it has attempted to engage in this meet and confer process first. If unresolvable without the Court's intervention, the Challenging Party may seek a ruling from the Court. All Parties treat the material in question with the level of protection under the Producing Party's designation until the Court rules on the challenge.

5. **Discovery Material for Use Only in the Chapter 11 Cases:** A Party may only use Discovery Material disclosed by another Party for the Chapter 11 Cases and not for any other purpose, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose.

6. **No Public Filing/Use in Open Court:** A Party may not publicly file Protected Material or use it in open court without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons. To use Protected Material in any hearing, a Receiving Party must meet and confer regarding how to redact the Protected Material with at least 72 hours prior notice. If the Parties fail to reach agreement, the Party seeking to use the Protected Material may seek relief from the Court.

7. **Compliance with Applicable Privacy Laws:** Certain customer data is subject to federal and state law concerning consumer privacy. The Parties must comply with all such requirements including affording any affected customers appropriate notice and opportunity to object to disclosure.

8. **Modification for Good Cause Shown:** A Party may apply to the Court for relief from any or all of the provisions of this Order at any time (including after the Chapter 11 proceedings). The Debtors and the Party seeking to modify or terminate the Order shall meet and confer in good faith before any application to the Court. A Producing Party and a Receiving Party may agree to modify the Order for a particular production or proceeding in the Cases with 7 business days' notice to the Debtors.

## V. BASIS FOR RELIEF REQUESTED

Bankruptcy Rule 7026, made applicable to contested matters by Bankruptcy Rule 9014(c), provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Among other things, Bankruptcy Rule 7026 provides that, "for good cause," the Court may issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by "requiring that a

trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Bankr. P. 7026.

Additionally, section 105(a) of the Bankruptcy Code, which codifies the equitable powers of the Bankruptcy Court, authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Debtors submit that, in light of the facts and circumstances surrounding these Chapter 11 Cases, ample cause exists to grant the very typical requested relief herein.

It is very typical for this and other Courts to enter protective orders to govern discovery in cases. *See, e.g.*, Stipulation for Protective Order; Order Thereon, *In re RDIO, Inc.*, Case No. 15-31430 (Jan. 15, 2016), ECF No. 165, Exhibit A to the Slack Decl.

### VI. The Court Should Adopt the Debtors' Proposed Protective Order

Given the nature of this case and the amount of discovery requests to the Debtors, both formal and informal, expected from a substantial number of parties in connection with various motions, adversary proceedings, and general case management, the Debtors sought to fashion a Protective Order to govern discovery in these cases. It is important that Debtors are subject to only one set of rules and procedures relating to discovery since it is likely that they may have to produce the same information to more than one party and/or Committee.[1] Neither the UCC nor the TCC have objected to the Court putting in a place a uniform Protective Order to govern discovery in these cases.[2]

---

[1] Late on June 4, 2019, before receiving the Debtors' comments on the TCC's last draft, the TCC sent an email re-attaching their last revision (which did not include certain later comments made by Debtors to certain comments of the UCC), and demanded that Debtors accede to their draft or they would file a motion to approve the TCC's version of the protective order the next day. The TCC then filed its motion on June 5, 2019, knowing that the Debtors had been working to gain the agreement of both Committees and then intended to file a motion. *See* Slack Decl. ¶¶ 13-16.

[2] The TCC claims in its competing motion for a protective order that "The Debtors have refused to produce relevant discovery in the Cases absent a protective order." Motion of the Official Committee of Tort Claimants for Entry of a Protective TCC Motion, June 5, 2019 [Dkt. No. 2419] (the "**TCC Motion**"). This is not true. As the TCC is well aware, the Debtors agreed on May 25, 2019, to proceed with a schedule of rolling discovery productions under this Court's discovery order, including making a first production by June 12, 2019. *See* Email from Robert Julian, Baker Hostetler, to Richard Slack, Weil, Gotshal & Manges, et al., Saturday, May 25, 2019 6:39 p.m., Exhibit U to the Slack Decl.; Slack Decl. ¶ 20.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

The Debtors drafted and circulated to the UCC and the TCC a proposed protective order and over the course of several weeks agreed to make a number of changes to reflect comments from the two Committees. *See* Slack Decl. ¶¶ 5-14.

As of June 4, 2019, Debtors had made all of the changes requested by the UCC (or reached agreement on an acceptable compromise) and had made most of the changes requested by the TCC. *See id*. ¶¶ 6-14. The TCC and the Debtors are not in agreement in two respects. Both of these issues arise in Section 6 of the attached Proposed Protective Order.

Consistent with protective orders issued by this Court, the Debtors propose a provision under Section 6 that requires the party challenging a confidentiality designation to bring any unresolved confidentiality dispute before the Court. This makes sense in bankruptcy cases in general given the number of counterparties who could challenge the Debtors' confidentiality designations. In contrast, the TCC seeks to place the burden on the Debtors to file motions every time a counterparty sends a letter or email challenging a designation. The TCC also proposes that if Debtors do not file a motion within ten (10) days of receipt of a challenge to a designation, Debtors forever waive the confidentiality protection. The TCC does not seek to put a similar limitation on its ability to challenge confidentiality, however. It demanded (and Debtors agreed to include) a provision that a party does not "waive" any challenge to a designation by not making a timely objection to that designation.

As noted above, the Debtors' proposed provision is consistent with prior protective orders issued by this Court in bankruptcy cases. *See, e.g.*, Exhibit A to the Slack Decl. ¶ 16; Stipulated Protective Order, *In re PG&E*, Case No. 01-30923 (May 11, 2001), ECF No. 503 ¶ 10, Exhibit B to the Slack Decl.; Stipulated Protective Order Regarding Confidential Information, *In re PG&E*, Case No. 01-30923 (May 22, 2001), ECF No. 619 ¶ 17, Exhibit C to the Slack Decl.; Stipulated Protective Order, *In re PG&E*, Case No. 01-30923 (May 24, 2001), ECF No. 691 ¶ 10, Exhibit D to the Slack Decl.; Order Directing Production of Documents to ISO/PX Market Participants Pursuant to Federal Bankruptcy Rule 2004 and Protective Order Respecting Confidentiality of Documents, *In re PG&E*, Case No. 01-30923 (July 11, 2001), ECF No. 1448 ¶ 5.I., Exhibit E to the Slack Decl.; Agreed Protective Order, *In re Brobeck, Phleger & Harrison*,

Case No. 03-32715-DM7 (Nov. 8, 2004), ECF No. 666 ¶ 10, Exhibit F to the Slack Decl.  In each of these matters, the protective order places the burden on the challenging party to move the Court for a ruling where a confidentiality dispute cannot be resolved by the parties.

For example, consistent with the Debtors' proposed Section 6.1, in Order Directing Production of Documents to ISO/PX Market Participants Pursuant to Federal Bankruptcy Rule 2004 and Protective Order Respecting Confidentiality of Documents, *In re PG&E*, Case No. 01-30923 (July 11, 2001), ECF No. 1448, Exhibit E to the Slack Decl., paragraph 5.I. of the protective order adopted by this Court provides:

> [If] the party seeking disclosure and the Affected Market Participant(s) are unable to agree upon a procedure that would permit the disclosure of the Responsive Information, then the Responsive Information shall not be disclosed; except, the party seeking disclosure may then request a ruling from the United States Bankruptcy Court.

It is not surprising that the Court has entered orders in bankruptcy cases placing the onus on the challenging parties to bring the challenging parties' confidentiality designation dispute before the Court given the sheer number of counterparties to whose challenges to confidentiality designations Debtors may need to respond at any time.[3]

The TCC asserts that the Court should adopt a provision similar to the model stipulated protective order for *standard* litigation that expressly contemplates one plaintiff and one defendant in the litigation, despite the fact that these Chapter 11 Cases bear no resemblance to a standard two-party litigation.  That model order provides that "the Designating Party shall file and serve a motion to retain confidentiality . . . within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute."[4]

---

[3] The TCC asserts that the Debtors' proposed Section 6.1 "flies in the face of . . . *every other protective order entered in the state*."  TCC Motion at 2 (emphasis added).  In fact, the TCC knows this statement is inaccurate.  A full day before the TCC Motion was filed, the Debtors sent the TCC six protective orders previously entered by this Court that include language reflecting that the onus is on the challenging parties to bring the challenging parties' confidentiality designation dispute before the Court.  *See* Email from Jay Minga, Weil, Gotshal & Manges, to Lars Fuller, Baker Hostetler, June 4, 2019, 7:04 p.m., Exhibit R to the Slack Decl.

[4] *See* Stipulated Protective Order for Standard Litigation, https://www.cand.uscourts.gov/filelibrary/407/CAND_StandardProtOrd.pdf.

Applying this "boilerplate" language may be fine for the typical litigation case where there is one plaintiff and one defendant and the burden on one party is not greater than the other, but – as this Court has acknowledged on numerous occasions – these Chapter 11 Cases are far from "boilerplate." Rather, the predominant likelihood here is of highly asymmetrical discovery – i.e., many, perhaps scores of non-debtor parties seeking discovery of confidential information from the Debtors.

Courts, including this one, routinely approve protective orders that deviate from the model form to accommodate the unique nature and circumstances of complex chapter 11 proceedings such as these that involve multiple parties and the presence of highly sensitive confidential information. See Slack Decl. ¶¶ 3-4; Exhibits A-G to the Slack Decl.

Here, accepting the model provision would place a heavy and unbalanced burden on the Debtors—which the TCC would exacerbate further by shortening the timeline (from 14 days to 10 days) for filing a motion and creating a drastic "waiver" of confidentiality protection as a penalty for failing to file a motion. The TCC's proposed provision is especially unreasonable given that the TCC demanded a provision in the protective order (to which the Debtors agreed) that a creditor does not "waive" any challenge to a designation by not making a timely objection to that designation. See Slack Decl. ¶ 9; Exhibit M to the Slack Decl. The TCC, however, then takes an inconsistent position by seeking a provision that a producing party (likely to be the Debtors) waives confidentiality protection by not making a motion within 10 days. See Slack Decl. ¶ 9; Exhibit M to the Slack Decl.

In short, the Court should adopt the Debtors' Proposed Protective Order.

## VII. GOOD CAUSE EXISTS FOR A PROTECTIVE ORDER

Since the commencement of these Chapter 11 Cases, the Debtors have received informal and formal discovery requests for information and documents from various parties, including both Committees. See Slack Decl. ¶ 2. The Debtors anticipate that, during the pendency of these Chapter 11 Cases, they will continue to receive informal and formal discovery requests from the Committees and other parties in interest. The Debtors expect that such requests will also seek certain information of a confidential or sensitive nature.

As the Debtors respond to such requests and produce documents and other information, they believe that a protective order governing the production, review, disclosure of any and all discovery material in the Chapter 11 Cases or the Cases would facilitate and expedite the production, exchange and treatment of materials in discovery and ensure the protection of any confidential and commercially sensitive information that any party in interest seeks to maintain as confidential.

The Debtors submit that a protective order generally applicable to the production, exchange and treatment of all discovery material in these Chapter 11 Cases and the Cases would obviate the need for separate negotiations of numerous individual protective orders on a case-by-case basis and the attendant strain on the Debtors' personnel and estate resources, and thereby promote uniformity, efficiency and economy.

The Debtors acknowledge that there may be certain circumstances in which a person may believe it appropriate to make modifications to the form of protective order. The Proposed Protective Order sets forth a process by which parties may agree upon a revised form of protective order, or, in the absence of agreement, request that the Court enter a revised form of protective order specific to a particular party or circumstance upon a showing of good cause. *See* Proposed Protective Order at Section 13.4.

Accordingly, the Debtors submit that good cause exists for entry of the proposed protective order requested herein.

## VIII. NOTICE

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the UCC; (iii) counsel to TCC; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE,** the Debtors respectfully request entry of a protective order governing all discovery in the Chapter 11 Cases and related proceedings, including informal discovery, discovery under Bankruptcy Rule 2004, and discovery in connection with the Cases, as further described herein, and such other and further relief as the Court may deem just and appropriate.

Dated: June 7, 2019

**WEIL, GOTSHAL & MANGES LLP**
**KELLER & BENVENUTTI LLP**

By: /s/ *Richard W. Slack*

*Attorneys for Debtors and Debtors in Possession*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119