# EXHIBIT A

Entered on Docket
January 15, 2016
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: January 15, 2016

_____
DENNIS MONTALI
U.S. Bankruptcy Judge

| | |
|---|---|
| 1 | RON BENDER (SBN 143364) |
| | PHILIP A. GASTEIER (SBN 130043) |
| 2 | MONICA Y. KIM (SBN 180139) |
| | KRIKOR J. MESHEFEJIAN (SBN 255030) |
| 3 | LEVENE, NEALE, BENDER, YOO & BRILL L.L.P. |
| | 10250 Constellation Boulevard, Suite 1700 |
| 4 | Los Angeles, California 90067 |
| | Telephone: (310) 229-1234 |
| 5 | Facsimile: (310) 229-1244 |
| | Email: rb@lnbyb.com; pag@lnbyb.com, myk@lnbyb.com, |
| 6 | kjm@lnbyb.com |
| | Attorneys for Chapter 11 Debtor and Debtor in Possession |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re

RDIO, INC.,

Debtor.

Case No. 15-31430

Chapter 11

**STIPULATION FOR PROTECTIVE ORDER; ORDER THEREON**

[No Hearing Required]

This Stipulation and Proposed Protective Order (the **"Stipulation"** or **"Protective Order"**) is entered into by and among: (i) Rdio, Inc. (**"Rdio"**), the debtor and debtor in possession in the above-captioned chapter 11 case (the **"Debtor"**); (ii) Iconical Investments II LP (**"Iconical"**); (iii) Pulser Media, Inc. (**"Pulser"**) and (ii) the Official Committee of Unsecured Creditors (the **"Committee"**) in the above-captioned chapter 11 cases (each a **"Party"** and collectively, the **"Parties"**). The Parties hereby stipulate, by and through their respective attorneys of record, subject to Court approval, to entry of the following Protective Order:

1. This Stipulation shall apply to any information, document or thing that has been or will be produced in discovery, informal information sharing, or otherwise (the **"Discovery Materials"**) in the above-captioned chapter 11 case or any adversary proceeding related to the chapter 11 case (the **"Proceedings"**). Discovery Materials also shall include, without limitation, testimony adduced at depositions; answers to interrogatories and requests for admission; documents and things produced in discovery or voluntarily or pursuant to any other type of request (including, without limitation, informal requests for the production of documents); and documents and things provided pursuant to subpoena in connection with the Proceedings. Discovery Materials shall also include all information, filings, documents, and things derived from, based on, or incorporating any of the foregoing material.

2. This Stipulation governs the production or provision of Discovery Materials and does not affect, amend or modify any existing confidentiality agreements, intercreditor agreements, or protective orders applicable to the Parties, and nothing in this Stipulation shall constitute a waiver of any rights under such agreements or orders. For the avoidance of doubt, Discovery Materials shall not include due diligence information provided to a counterparty for use in evaluating a potential strategic transaction with the Debtor; this Protective Order shall not abrogate, amend, or modify any confidentiality agreements or obligations attaching to the disclosure of such due diligence information.

3. Discovery Materials, or information derived therefrom, shall be used solely in connection with the Proceedings, and shall not be used in any other proceeding or for any other

purpose, unless the Discovery Materials fall within the provisions of subparagraphs 4(a) to 4(d) below.

**Designation of Discovery Materials as Confidential.**

4. Any Party or non-Party providing Discovery Materials (the **"Designating Party"**) may designate as "Confidential" that portion of any Discovery Material produced or disclosed in the Proceedings that the Designating Party in good faith believes meets the criteria in paragraph 5 below, provided that, Confidential Information shall not include:

(a) information that is at any time independently developed by the Receiving Party (as defined in paragraph 8 below) without use of or reliance upon any Discovery Materials;

(b) information that was, prior to disclosure, rightfully in the possession of the Receiving Party and not otherwise subject to a duty of confidentiality;

(c) information that is publicly available in substantially the same form in which it was provided by the Party producing or disclosing the information; and

(d) information that was, is, or becomes public knowledge, other than in violation of this Protective Order or other confidentiality obligation.

5. A Designating Party only may designate as "Confidential" any Discovery Materials, or any portion thereof, that it reasonably and in good faith believes are proprietary or commercially sensitive, contain private personal information, contain non-public financial information, or are subject to protection under applicable law or regulation (**"Confidential Information"**)**.** Confidential Information includes, but is not limited to, the following types of information:

(a) non-public information that is of a personal nature;

(b) non-public information that is of a business, financial, or commercial nature;

(c) non-public information that constitutes confidential research or business development, confidential technical information and data, or trade secrets;

(d) non-public information relating to finances, employee compensation, or taxes concerning one or more of the Parties, its affiliates, employees, or clients;

(e) information that is not generally known to persons other than the Designating Party and its representatives, agents, employees, and affiliates about products,

processes, operations, computer programs, marketing, business plans, accounting records, customer lists, supplier lists, formulae, collection, tabulation and analyses of data, materials, working papers, plans, devices, research, and methods of doing business; and

 (f) information that a Party is required by contract, law, or regulation to protect from disclosure.

 6. Where practicable, the Designating Party shall designate Discovery Materials as Confidential by applying the legend "Confidential" to the Discovery Materials. In the case of data stored in electronic form, where practicable, the legend shall be printed on the cover or container of the disk or other medium in which the electronic data is produced.

**Non-Disclosure of Confidential Information.**

 7. Subject to paragraphs 8 and 10 below, the Committee, which, for the avoidance of doubt comprises the current seven (7) creditors appointed by the United States Trustee for Region 17 to the Committee (each such creditor, a **"Member"** and collectively, the **"Members"**), whether through their individuals designated to serve as primary, and, if they choose, alternate representatives to attend Committee meetings (**"Representative(s)"**) or otherwise, will not directly or indirectly share any Confidential Information with any third parties, including, without limitation, the media or any employees, representatives, or agents of the Member's respective businesses, affiliates, and entities (the **"Committee Member's Company"**) who are not Representatives of Members. For avoidance of doubt, Representatives of a Member shall include such persons, including counsel, financial advisors, employees, and other advisors, who reasonably have a need to receive and review the Confidential Information in order to assist the Member in executing its duties as a Member of the Committee.

 8. Confidential Information shall be maintained in confidence and shall not be shared by any Party that receives the Confidential Information (the **"Receiving Party"**) with any person other than:

 (a) the Receiving Party's counsel (including in-house and local counsel) participating in the Proceedings and their legal, clerical, or support staff, who reasonably have a need to receive and review the Confidential Information;

(b) the Receiving Party's present officers, directors, trustees, partners, members, or employees whose review of the Confidential Information is necessary for the Proceedings;

(c) the Receiving Party's affiliates and such affiliates' managers, administrators, present officers, directors, trustees, partners, or employees whose review of the Confidential Information is necessary for the Proceedings;

(d) expert witnesses or consultants who are employed or retained by the Receiving Party or its counsel in connection with the Proceedings, provided that counsel, in good faith, requires their assistance, and further provided that any report created by such expert or consultant relying on or incorporating Confidential Information in whole or in part shall be designated as Confidential Information by the Party responsible for its creation;

(e) any author or original recipient of the Confidential Information;

(f) deponents and witnesses or prospective witnesses in the Proceedings, where such disclosure is reasonably necessary for the purposes of trial preparation, factual investigation, or discovery;

(g) the United States Bankruptcy Court for the Northern District of California (the **"Bankruptcy Court"**) or any court to which an appeal of the Proceedings is taken, and their personnel, subject to paragraph 10 below;

(h) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for purposes of the Proceedings; and

(i) any other person, with the express written authorization of the Designating Party, or upon order of the Bankruptcy Court.

Any person with whom a Receiving Party shares Confidential Information pursuant to this paragraph 8 shall be bound by the terms of this Stipulation, and the applicable Receiving Party shall be responsible for any violations of this Stipulation by such persons.

9. <u>Advisors' Eyes Only</u>. Notwithstanding the other provisions of this Stipulation, including paragraph 8, a Designating Party may designate certain Confidential Information as "Advisors' Eyes Only," in which case such Confidential Information may be viewed by a Receiving Party's counsel (and other outside advisors that have executed **Exhibit A**) and the

parties identified in paragraphs 8(d)-(e), (f) (but excluding potential witnesses), and (g)-(i) and subject to paragraph 10, but may not otherwise be disclosed. "Advisors' Eyes Only" means that subset of Confidential Information, as defined in paragraph 5 above, which would not normally be disclosed to the Parties or to the public at large, would be maintained in confidence, and that the Designating Party in good faith believes is so personally, economically, or competitively sensitive that disclosure would materially affect or threaten injury to personal, business, commercial, or financial interests. Such Confidential Information includes, but is not limited to, trade secrets or other highly sensitive competitive personal, financial, commercial, or proprietary research and development information. The requirements of paragraphs 4(a)-(d) and 6 above are hereby incorporated by reference and will apply to such Advisors' Eyes Only Information produced in the Proceedings, except that the marking shall state: "Confidential—Advisors' Eyes Only." Where the Committee is the Receiving Party with respect to any Confidential Information designated Advisors' Eyes Only, such Confidential Information may be viewed by the Committee's counsel (and other outside professional advisors of the Committee that have executed **Exhibit A**) but not individual Members of the Committee or the counsel, professional advisors, or other Representatives of such individual Members.

10. <u>Depositions</u>. During any deposition or interview, if counsel for any Party reasonably believes that any answer to a question will result in the disclosure of Confidential Information or Advisors' Eyes Only Information, counsel may require that all persons other than the reporter, counsel, and individuals entitled to view the Confidential Information or Advisors' Eyes Only Information, as the case may be, leave the room during the relevant portion of the deposition or interview. Any Party shall have the right to designate on the record, or within ten business days following receipt of the final transcript of the deposition, any portion of the deposition transcript as Confidential Information or Advisors' Eyes Only Information, subject to the guidelines established in paragraphs 5 and 9 above. Transcripts of testimony or portions thereof so designated during the deposition may, at the option of any Party, be appropriately marked and bound separately.

11. <u>Non-Disclosure Declaration</u>. Counsel for a Receiving Party shall provide a copy of this Protective Order to a representative of any professional firm or individual who is retained in

connection with the Proceedings and is otherwise entitled to receive Confidential Information pursuant to the terms of this Order (the **"Permitted Recipients"**), and the Permitted Recipient must execute a Non-Disclosure Declaration in the form annexed as **Exhibit A** hereto prior to receiving any Confidential Information; *provided*, *however*, that the Permitted Recipient shall remain bound by the provisions of this Stipulation as set forth in paragraph 8 hereof notwithstanding the failure of such Permitted Recipient to execute a Non-Disclosure Declaration. The Receiving Party's counsel shall maintain all Non-Disclosure Declarations.

12. <u>Filing Of Advisors' Eyes Only Information</u>. All Advisors' Eyes Only Information filed in any court, and all portions of pleadings, motions, or other papers filed with a court that disclose Advisors' Eyes Only Information, shall be filed in redacted form, with all Advisors' Eyes Only Information redacted along with an unredacted copy filed under seal with the Clerk of the Court and kept under seal until further order of the relevant court, and provided to the Court and all Parties entitled to receive such Advisors' Eyes Only Information.

13. <u>Disclosure in Court Proceeding</u>. Counsel shall confer on such procedures as are necessary to protect the confidentiality of Confidential Information or Advisors' Eyes Only Information used in the course of any court Proceedings, and, in the event counsel cannot agree on such procedures, the question shall be submitted to the court in which the materials are to be used for resolution.

14. <u>Disclosure Required by Law</u>. In the event that a Receiving Party or a Permitted Recipient is required, by interrogatories, subpoena, civil investigative demand, demand from a regulatory body, or similar legal process or applicable law or regulation, to disclose any Confidential Information or Advisors' Eyes Only Information, it is agreed that the Receiving Party or Permitted Recipient, if so entitled given the nature of the legal process, demand, or request at issue, will provide all of the Parties with prompt notice of such event so that one or more of the Parties may seek a protective order or other appropriate remedy or, with the consent of all of the Parties, waive compliance with the applicable provisions of this Stipulation. In the event that one or more of the Parties determines to seek such protective order or other remedy, the Receiving Party or Permitted Recipient shall reasonably cooperate with the Party seeking the protective order

or other remedy, provided that the terms of the relief sought by the applying Party will not narrow the scope of this Stipulation. In the event such protective order or other remedy is not obtained and disclosure of Confidential Information or Advisors' Eyes Information is required under law, or all of the Parties grant a waiver hereunder, the Receiving Party or Permitted Recipient (i) may, without liability hereunder, furnish that portion (and only that portion) of the Confidential Information or Advisors' Eyes Only Information that the Receiving Party or Permitted Recipient is legally required to disclose, and (ii) will exercise its commercially reasonable efforts to have confidential treatment accorded to the Confidential Information and Advisors' Eyes Only Information so furnished. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge or appeal any order directing production of Confidential Information or Advisors' Eyes Only Information covered by this Protective Order, or to subject himself, herself, or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from the Bankruptcy Court.

15. <u>No Waiver</u>. The failure to designate any Discovery Materials as Confidential or Advisors' Eyes Only does not constitute a waiver of such claim. If at any time any of the Parties determines or realizes that certain testimony or some portion of Discovery Materials that was previously produced should be designated as Confidential Information or Advisors' Eyes Only Information, that Party may notify all of the other Parties in writing, and such designated testimony or portion of Discovery Materials will thereafter be treated as Confidential Information or Advisors' Eyes Only Information under the terms of this Stipulation, provided that the Party designating the Confidential Information or Advisors' Eyes Only Information shall, at its cost, provide the other Parties with substitute copies, bearing the appropriate legend where practicable, of any such Discovery Materials. If such information has been disclosed by a Receiving Party between the time of production or receipt of the transcript containing the testimony and the time at which a Party gives notice that the Discovery Materials are to be designated as Confidential Information or Advisors' Eyes Only Information, such disclosure does not constitute a violation of this Protective Order.

16. <u>Disputes over Designation of Discovery Materials</u>. In the event that any Party objects to any designation of testimony or Discovery Materials as Confidential Information or Advisors' Eyes Only Information (the **"Objecting Party"**), the Objecting Party shall notify the other Parties in writing, stating the grounds of the objection. The Parties shall have one business day following the Designating Party's receipt of an objection from the Objecting Party to attempt to resolve the objection, at the end of which the Objecting Party may seek a ruling from the Bankruptcy Court on an expedited basis that such information should not be treated as Confidential Information or Advisors' Eyes Only Information. No Confidential Information or Advisors' Eyes Only Information shall be filed in the public record prior to such a determination by the Bankruptcy Court.

17. <u>Inadvertent Production</u>. In the event that any Party inadvertently produces any material that it determines is privileged or otherwise immune from discovery, in whole or in part, pursuant to the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection from disclosure (the **"Inadvertently Producing Party"**), such materials (**"Protected Information"**) may be retrieved by the Inadvertently Producing Party by giving written notice to the other Parties receiving such Protected Information. Inadvertent production of Protected Information shall not be deemed a waiver of, or estoppel as to, any claim asserted by the Inadvertently Producing Party that the materials in question constitute Protected Information. Upon receipt of written notice that an Inadvertently Producing Party intends to retrieve Protected Information, the other Parties or any other persons who have received a copy of the Protected Information shall promptly return all copies of such Protected Information to the Inadvertently Producing Party. The terms of this paragraph shall not be deemed a waiver of the other Parties' right to challenge the Inadvertently Producing Party's designation of materials as Protected Information (*provided*, *however*, that any such challenge to the designation may be made only following the return of such identified documents to the Inadvertently Producing Party). The Parties shall not use any inadvertently produced Protected Information, or information gleaned exclusively from any inadvertently produced Protected Information, in connection with the Proceedings or any other actions. No disclosure, production, or exchange of Discovery Materials in

this case shall constitute a waiver of any applicable attorney-client privilege, any applicable work product protection, or any other privilege in this or any other federal or state proceeding under any circumstances.

18.     No Bar Against Seeking Further Protection. Nothing in this Stipulation shall be construed as preventing any Party from seeking further protection for or disclosure of any Discovery Material under Rule 26(c) of the Federal Rules of Civil Procedure.

19.     No Admission Regarding Admissibility or Relevancy. Nothing in this Stipulation shall be construed to affect in any way the admissibility or relevance of any Discovery Material or other evidence.

20.     No Bar to Use of Party's Own Discovery Material. This Stipulation has no effect on, and shall not apply to, a producing Party's use or disclosure of its own Discovery Material for any purposes whatsoever.

21.     Binding Effect. The Parties agree to submit this Stipulation for entry by the Bankruptcy Court and to be bound by its terms while awaiting its entry by the Bankruptcy Court. The provisions of this Protective Order shall, absent written consent of all of the Parties or further order of the Bankruptcy Court, continue to be binding throughout the conclusion of the Proceedings and any related litigation, including without limitation any appeals therefrom. Within sixty (60) calendar days after receiving notice of an entry of an order, judgment, or decree finally disposing of the Proceedings and any related litigation, including the exhaustion of all possible appeals and other review, the Parties shall, upon written request by any Designating Party, either (i) return all Confidential Information and Advisors' Eyes Only Information and all copies thereof (including summaries and excerpts and including all such material provided by a Party to any other persons, whether or not in accordance herewith) to counsel for the Party that produced or disclosed such materials, or (ii) destroy or cause to be destroyed all Confidential Information and Advisors' Eyes Only Information. As to documents that have been received electronically and that cannot be returned, deleted, or destroyed, the recipient must take reasonable measures to ensure that unauthorized persons do not have access to Confidential Information and Advisors' Eyes Only Information present on the recipient's computer, server, or any backup media. Notwithstanding the

foregoing, counsel to any Party shall be entitled to retain court papers, deposition and court transcripts, and attorney work product that refer to or relate to Confidential Information and Advisors' Eyes Only Information. Additionally, the Parties and Permitted Recipients shall be entitled to maintain Confidential Information or Advisors' Eyes Only Information to the extent required by law or regulation (including regulations of a stock exchange or a self-regulatory body), or internal document retention policies; *provided*, *however*, that such information shall remain subject to the terms of this Protective Order.

22. Notice. Notice required or permitted to be given for any purpose under this Protective Order shall be delivered to the following Parties in writing by email and U.S. Mail as follows: (i) Debtor Rdio, Inc., by and through its counsel, Levene, Neale, Bender, Yoo & Brill L.L.P., 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067 (Attn: Ron Bender, rb@lnbyb.com; (ii) Iconical Investments II LP, by and through its counsel, Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, Suite 3400, Los Angeles, CA 90071 (Attn: Van C. Durrer II, van.durrer@skadden.com) and 155 North Wacker Drive, Chicago, IL 60606 (Attn: Albert L. Hogan III, al.hogan@skadden.com); (iii) Pulser Media, Inc., by and through its counsel, Stubbs Alderton & Markiles, LLP, 15260 Ventura Boulevard, 20th Floor, Sherman Oaks, CA 91403 (Attn: Greg Akselrud, gakselrud@stubbsalderton.com); and (iv) the Committee, by and through its counsel, Pachulski Stang Ziehl & Jones, 150 California Street, 15th Floor, San Francisco, CA 94111 (Attn: John Fiero, jfiero@pszjlaw.com and Debra Grassgreen, dgrassgreen@pszjlaw.com). These designations can be changed by providing notice to the Parties in writing by email and U.S. Mail in accordance with this paragraph.

23. Additional Parties. Additional parties may be added to this Stipulation in the future in the following manner: Any additional party that has executed and delivered to all existing Parties a complete and executed Acknowledgment in the form attached hereto as **Exhibit B** shall become subject to all of the provisions of this Stipulation and any resulting Protective Order as if the additional party were an original Party.

24. Continuing Jurisdiction. The Bankruptcy Court retains exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Stipulation upon appropriate motion by a party

in interest. Nothing herein shall preclude any party from seeking to amend or modify the terms of this Protective Order upon appropriate motion and order of the Bankruptcy Court.

25. <u>Irreparable Damages</u>. A Receiving Party acknowledges that irreparable damages would occur to a Designating Party if Confidential Information or Advisors' Eyes Only Information were disclosed in violation of this Stipulation and that remedies at law for any actual or threatened breach by the Receiving Party shall be inadequate and that the Designating Party will be entitled to equitable relief, including injunction and specific performance, in the event of any breach of the provisions of this Stipulation.

26. <u>Advice of Counsel</u>. Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Proceedings and, in the course thereof, relying on examination of Discovery Materials.

27. <u>Counterparts</u>. This Stipulation may be executed in multiple counterparts. The Parties agree that their respective signatures will be effective and a counterpart containing an electronic copy of the signature page shall have the same force and effect as an original.

*Remainder of Page Intentionally Left Blank*

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Accepted and agreed:

RDIO, INC.

By: _____/s/_____ Philip A. Gustier   Date: 1-12-2016
Name: Ron Bender
Levene, Neale, Bender, Yoo & Brill, L.L.P.

ICONICAL INVESTMENTS II LP

By: _____   Date: January 8, 2016
Name: Albert L. Hogan III
Skadden, Arps, Slate, Meagher & Flom LLP

PULSER MEDIA, INC.

By: _____/s/_____   Date: _____
Name: Greg Akselrud
Stubbs Alderton & Markiles, LLP

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

By: _____/s/_____   Date: _____
Name:
Pachulski Stang Ziehl & Jones

**IT IS SO ORDERED**

_____
Honorable Dennis Montali
United States Bankruptcy Judge

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Accepted and agreed:

RDIO, INC.

By: _____/s/_____ Date: _____
Name: Ron Bender
Levene, Neale, Bender, Yoo & Brill, L.L.P.

ICONICAL INVESTMENTS II LP

By: _____/s/_____ Date: _____
Name: Albert L. Hogan III
Skadden, Arps, Slate, Meagher & Flom LLP

PULSER MEDIA, INC.

By: _____/s/_____ Date: 1/12/2016
Name: Greg Akselrud
Stubbs Alderton & Markiles, LLP

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

By: _____ Date: January 12, 2016
Name:
Pachulski Stang Ziehl & Jones

**IT IS SO ORDERED**

_____
Honorable Dennis Montali
United States Bankruptcy Judge

12

Case: 19-30088   Doc# 2460-1   Filed: 06/07/19   Entered: 06/07/19 20:02:19   Page 15 of 20
Case: 15-31430   Doc# 169   Filed: 01/15/16   Entered: 01/15/16 13:21:08   Page 14 of 20

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Accepted and agreed:

RDIO, INC.

By: _____/s/_____     Date:_____
Name: Ron Bender
Levene, Neale, Bender, Yoo & Brill, L.L.P.

ICONICAL INVESTMENTS II LP

By: _____/s/_____     Date:_____
Name: Albert L. Hogan III
Skadden, Arps, Slate, Meagher & Flom LLP

PULSER MEDIA, INC.

By: _____/s/_____     Date:_____
Name: Greg Akselrud
Stubbs Alderton & Markiles, LLP

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

By: /s/ Kenneth Brown     Date: January 13, 2016
Name:
Pachulski Stang Ziehl & Jones

**IT IS SO ORDERED**

_____
Honorable Dennis Montali
United States Bankruptcy Judge

12

# EXHIBIT A

# NON-DISCLOSURE DECLARATION

I, _____, declare under penalty of perjury:

I reside at City/County of _____ and State of _____.

I have read the annexed Protective Order, dated _____, in the above-captioned matter.

I am fully familiar with and agree to comply with and be bound by the provisions of the Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the Northern District of California.

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of these Proceedings, and then only to the extent permitted by the Protective Order, any information designate as Confidential or Advisors' Eyes Only.[1]

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:

_____

Name

---

[1] Capitalized terms not otherwise defined in this Non-Disclosure Declaration shall have the meanings ascribed to them in the Protective Order.

# EXHIBIT B

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges and agrees to the following terms and conditions:

I have read the annexed Protective Order dated_____, in the above-captioned matter.

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the Jurisdiction of the United States Bankruptcy Court for the Northern District of California.

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of these Proceedings, and then only to the extent permitted by the Protective Order, any information designated as Confidential or Advisors' Eyes Only.[2]

Dated:

_____
Name

---

[2] Capitalized terms not otherwise defined in this Acknowledgement shall have the meanings ascribed to them in the Protective Order.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATION FOR PROTECTIVE ORDER; ORDER THEREON** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **January 13, 2016**, I checked the CM/ECF docket for this bankruptcy case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Ron Bender    rb@lnbyb.com
- John D. Fiero    jfiero@pszjlaw.com, ocarpio@pszjlaw.com
- Robert A. Franklin    Franklin.Robert@Dorsey.com, bobf_94303@yahoo.com
- Philip A. Gasteier    pag@lnbrb.com
- Julie M. Glosson    julie.m.glosson@usdoj.gov
- Debra I. Grassgreen    dgrassgreen@pszjlaw.com, hphan@pszjlaw.com
- Stephan Hornung    hornung@lsellp.com
- Thomas T. Hwang    Hwang.Thomas@Dorsey.com
- Lynette C. Kelly    lynette.c.kelly@usdoj.gov, ustpregion17.oa.ecf@usdoj.gov
- Monica Y. Kim    myk@lnbyb.com
- Andy S. Kong    kong.andy@arentfox.com
- Paul J. Laurin    plaurin@btlaw.com, slmoore@btlaw.com
- John William Lucas    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Thor D. McLaughlin    tmclaughlin@allenmatkins.com
- Krikor J. Meshefejian    kjm@lnbyb.com
- Ramon Naguiat    ramon.naguiat@skadden.com
- Stephen T. O'Neill    ONeill.Stephen@Dorsey.com
- Office of the U.S. Trustee / SF    USTPRegion17.SF.ECF@usdoj.gov, ltroxas@hotmail.com
- Richard A. Rogan    rrogan@jmbm.com, jb8@jmbm.com
- Jason Rosell    jrosell@pszjlaw.com, svuong@pszjlaw.com
- Harvey S. Schochet    Harveyschochet@dwt.com, BradleyRedmond@dwt.com
- Jane K. Springwater    jspringwater@friedmanspring.com
- Michael St. James    ecf@stjames-law.com
- Sabrina L. Streusand    streusand@slollp.com, prentice@slollp.com
- Bennett G. Young    byoung@jmbm.com, jb8@jmbm.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 13, 2016 | Megan Wertz | /s/ Megan Wertz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*     **F 9013-3.1.PROOF.SERVICE**

Case: 19-30088    Doc# 2460-1    Filed: 06/07/19    Entered: 06/07/19 13:21:08    Page 19 of 20

Case: 15-31430    Doc# 169-1    Filed: 01/15/16    Entered: 01/15/16 15:21:08    Page 19 of 20