# EXHIBIT C

| | |
|---|---|
| 1 | Gregory S. Clore Cal. Bar No. 142451 |
| 2 | **GNAZZOTHILL, A P.C.**<br>625 Market Street, Suite 1100 |
| 3 | San Francisco, CA 94105<br>Tel: (415) 541-0500 |
| 4 | Fax: (415) 541-0506 |
| 5 | Bruce W. Leaverton (*Pro Hac Vice*) |
| 6 | Mary Jo Heston (*Pro Hac Vice*)<br>**LANE POWELL SPEARS LUBERSKY** LLP |
| 7 | 1420 Fifth Avenue, Suite 4100<br>Seattle, WA 98101 |
| 8 | Telephone: (206) 223-7000<br>Facsimile: (206) 223-7107 |

FILED
01 MAY 21 AM 8:46
KEENAN C. CASADY, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DIST. OF CA.
SAN FRANCISCO, CA.

Attorneys for Mid-Set Cogeneration Co., Coalinga Cogeneration Co, Salinas River Cogeneration Co, and Sargent Canyon Cogeneration Co.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re:<br><br>PACIFIC GAS & ELECTRIC COMPANY, a California corporation,<br><br>Debtor.<br><br>Federal I.D. No. 94-0742640 | NO. 01-30923 DM<br><br>Chapter 11 Case<br><br>Honorable Dennis Montali |

**STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION**

THIS MATTER, having come before the Court on the Stipulation of Debtor Pacific Gas & Electric Company ("PG&E") in the above-referenced bankruptcy case (the "Bankruptcy Case"); creditors Mid-Set Cogeneration Company, Coalinga Cogeneration Company, Salinas River Cogeneration Company and Sargent Canyon Cogeneration Company (collectively "Westside Cogens"); and the PG&E Official General Unsecured Creditors Committee appointed by the

STIPULATED PROTECTIVE ORDER
-1-

3518.01/819076.3

United States Trustee ( the "Unsecured Creditors Committee") pursuant to Section 107(b) of the Bankruptcy Code and Federal Bankruptcy Rule of Procedure 9018 for entry of a Protective Order Regarding Confidential Information (the "Protective Order") to promote the orderly disclosure of confidential information in connection with the Westside Cogens' Emergency Motion for Relief from Stay (the "Matter"), to ensure that protection is afforded to such confidential information and to facilitate the prompt resolution of disputes over confidentiality, and the Court being fully advised, NOW, THEREFORE,

IT IS HEREBY ORDERED that disclosure of information deemed "confidential" shall be subject to the following terms and conditions:

1. <u>Definition of "Party."</u> As used in this Order, the term "party" means PG&E, the Westside Cogens, and the Unsecured Creditors Committee. The terms "party" and "parties" shall be deemed to include nonparties to the extent necessary or appropriate to effectuate the terms of this Order.

2. <u>Definition of "Document."</u> As used in this Order, the term "document" means all written, recorded or graphic material of any kind, however produced and in whatever form or medium, whether produced or created by a party or another person or entity.

3. <u>Litigation Use Only.</u> All documents produced by a party in this Matter, whether by filing as an exhibit to a pleading, subpoena, agreement or otherwise, and all information contained therein or derived therefrom, shall be used solely for the litigation of the Matter (including any appeals and retrials), and may not be used for any other purpose, including business, governmental or commercial, or any other administrative or judicial proceedings or actions. The "Confidential" information may also be used in other contested matters or adversary proceedings within the Bankruptcy Case brought by or against the Westside Cogens so long as such use is pursuant to the terms of this Protective Order (or such other equivalent protections agreed to by the parties) including the protections set forth in Paragraph 14.

STIPULATED PROTECTIVE ORDER

-2-

3518.01/819076.3

4. "Confidential" Documents. Any documents produced by any party in this Matter which are, in good faith, determined by the producing party to contain confidential, proprietary or other similarly sensitive information of a nonpublic nature may be designated "Confidential".

5. Designation of "Confidential" Documents. A producing party may designate documents "Confidential" by:

   a. Stamping the documents with the designation "Confidential" prior to their production. Stamping such a "Confidential" legend on the cover of any multi-page document designates the entire document and any exhibits attached thereto as "Confidential," unless otherwise indicated by the producing party or nonparty;

   b. Furnishing a separate written notice to counsel for the party receiving the "Confidential" documents at the time of their production; or

   c. Specifically identifying the documents as "Confidential" through a statement on the record at a deposition.

Discovery responses, deposition transcripts and exhibits, pleadings, motions, affidavits, briefs, and other court papers that discuss or refer to confidential documents or information may be accorded status as a "Confidential" document pursuant to the provisions of this Order, but, to the extent feasible, shall be prepared in such a manner that the "Confidential" information is bound separately from that not entitled to protection.

6. Scope of "Confidential" Designation. The special treatment accorded to documents designated "Confidential" under this Order shall reach:

   a. All documents previously or hereafter designated "Confidential";

   b. All copies, extracts, and complete or partial summaries prepared from such documents;

   c. Any deposition transcript or exhibit, or portion thereof, that discusses or refers to such documents, copies, extracts or summaries; and

d. Any portion of any discovery response, affidavit, declaration, brief, or other paper filed with the Court, or exhibit thereto, that discusses or refers to such documents, copies, extracts or summaries.

7. <u>Restrictions on Disclosure of "Confidential" Documents</u>. Except with prior written consent of all parties asserting confidential treatment, and except as provided elsewhere in this Order or in a later order of this Court, documents designated "Confidential," and all information contained therein or derived therefrom, may not be disclosed to any person other than:

   a. The Honorable Dennis Montali, his law clerks and his other designees;

   b. Debtor's counsel and the Counsel and the professionals hired by the Unsecured Creditors Committee;

   c. Individual Unsecured Creditors Committee Members ("Committee Members") and their counsel, upon the signing of the Acknowledgement of the Protective Order by each such individual attached hereto as Exhibit A (the "Acknowledgment");

   d. PG&E employees, Charles Middlekauf, Alice Reid, Joe Henry, Roy Kuga, Mark Renson and John Pappas, but only upon the signing of the Acknowledgment;

   e. Eric Carlson of Ernst & Young, the appointed accountants for PG&E, but only upon the signing of the Acknowledgement;

   f. Secretaries and paralegal assistants of the above referenced parties who are assisting in the preparation of documents related to the Matter, provided however, the respective counsel, other professional, PG&E employee or Committee Member shall be responsible for ensuring that the secretaries and paralegal assistants maintain the confidentiality of such documents; and

   g. Actual or potential deposition or trial witnesses in this Matter or in other contested matters or adversary proceedings within the Bankruptcy Case that are brought by or against the Westside Cogens, to the extent reasonably necessary to prepare the witness to testify concerning this case and so long as they have signed the Acknowledgment. In no event, however, shall disclosure be made under this subparagraph to any witness who is or has been employed by, has provided consulting services to, or otherwise has been associated with any competitor or customer

STIPULATED PROTECTIVE ORDER
-4-

3518.01/819076.3

of the designating party or nonparty unless the "Confidential" documents in question were written by, seen by or copied to said witness.

  h. Such other individuals as the party producing the "Confidential" documents may agree to in writing.

  In the event that a person to whom "Confidential" documents are disclosed ceases to be engaged in this Matter or is or becomes employed or retained by an entity which is not entitled to receive "Confidential" documents or information under Paragraph 7 above, access to "Confidential" documents and information shall be terminated. However, the terms of this Protective Order, including the Acknowledgement, shall continue to bind such individual as to the use, disposition and protection of "Confidential" documents and information.

  8. <u>Review of Own "Confidential" Documents</u>. The restrictions of this Order shall not apply to parties or nonparties, and their employees, attorneys, experts or other authorized agents, when reviewing their own "Confidential" documents. Nothing contained in this Order shall affect the right of any designating party to disclose to anyone or to use as it desires any information designated and produced by that party as "Confidential."

  9. <u>Certification of Compliance</u>. No person authorized under the terms of this Order to receive access to "Confidential" documents shall be granted access to them until such person has read this Order and agreed in writing to be bound by it per the form attached as Exhibit A. Upon order of this Court, for good cause shown, these certifications (Exhibit A) shall be available for inspection by counsel for other parties.

  10. <u>Notice of Breach</u>. It shall be the obligation of counsel, upon hearing of any breach or threatened breach of this Order by any person, promptly to notify counsel for the opposing and producing parties of such breach or threatened breach.

  11. <u>Use of "Confidential" Documents at Depositions</u>. Documents designated "Confidential," and all information contained therein or derived therefrom, may be used or referred to at depositions, or marked as deposition exhibits, in accordance with the provisions of this Order. Any "Confidential" documents marked as deposition exhibits shall be sealed separately from the

remainder of the deposition transcript and exhibits. When a party uses or refers to "Confidential" documents or information at a deposition, the portion of the deposition transcript that relates to such documents or information shall be stamped "Confidential" and sealed separately from the remainder of the transcript, and shall be treated as "confidential" under the provisions of this Order.

12. Designating Portions of Deposition Transcripts "Confidential." Any party may designate portions of the transcript, or exhibits thereto, as being "Confidential." At the deposition, the parties will attempt in good faith to preliminarily identify and designate "Confidential" testimony and exhibits without prejudice to their right to so designate other testimony or exhibits or withdraw such designation after receipt of the transcript. Confidential deposition testimony or exhibits may be so designated by stamping the exhibits "Confidential," or by underlining the portions of the pages that are confidential and stamping such pages "Confidential." Unless otherwise ordered by the Court, the entire deposition transcript, and all exhibits thereto, will be treated as "Confidential" under the provisions of this Order. If no party timely designates testimony or exhibits from a deposition as being "Confidential," none of the deposition testimony or exhibits will be treated as confidential. If a timely "Confidential" designation is made, the confidential portions and exhibits shall be sealed separately from the portions and exhibits not so marked, and shall be treated as "Confidential" under the provisions of this Order.

13. Use of "Confidential" Documents in Papers Filed With the Court. Documents designated "Confidential," and all information contained therein or derived therefrom, may be discussed or referred to in pleadings, motions, affidavits, briefs and other papers filed with the Court, or attached as exhibits thereto, provided that such "Confidential" documents and information, and any portion of any paper filed with the Court that discusses or refers to them, are stamped "Confidential" and separately filed under seal with the Clerk of Court.

14. Offering "Confidential" Documents as Evidence in Bankruptcy Court. Documents designated "Confidential" and all information contained therein or derived there from, may be used or offered in evidence only as follows:

STIPULATED PROTECTIVE ORDER

-6-

3518.01/819076.3

a. Documents designated "Confidential," and all information contained therein or derived there from, may be offered in evidence at the trial of this case, or at any court hearing in this litigation provided that the "Confidential" documents and information, and any portion of any transcript or court paper where they are discussed or referred to, are stamped "Confidential" and separately filed under seal with the Clerk of Court.

b. The direct examination and cross-examination of Kelly Lucas concerning the information contained in the Second Supplemental Declaration of Kelly S. Lucas In Support of the Westside Cogens' Emergency Motion for Relief From Stay and Exhibits attached thereto (the "Second Supplemental Declaration") and exhibits attached thereto shall take place only in the deposition of Kelly Lucas.

c The examination of any witness concerning the specific contents of any "Confidential" documents (as defined in paragraph 13 above), shall take place at the depositions of the respective witness and shall not be conducted in open court.

Notwithstanding the foregoing restrictions on the use of "Confidential" information in open court, counsel in their oral argument and witnesses in their testimony may cite to specific "Confidential" portions of deposition transcripts or deposition exhibits (without disclosing the specific content thereof) and may generally characterize or challenge the conclusions derived there from.

15. Subpoena of "Confidential Information." If another court or an administrative agency subpoenas or orders production of stamped "Confidential" documents that a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as "Confidential" of the pendency of such subpoena or order.

16. Access to "Confidential" Information. In the event that a party not identified in Paragraph 7, above, desires access to information that has been designated "Confidential," the party shall first make a request to the party making the confidentiality designation for stipulation to permit access. Said request is subject to the requesting party agreeing to sign the Certification of Compliance (Exhibit A). If the designating party declines to permit access to the confidential

STIPULATED PROTECTIVE ORDER

-7-

3518.01/819076.3

information, the requesting party may apply to the Court for authorization to obtain access to the confidential information, subject to executing the Certification of Compliance (Exhibit A.) In any such application to the Court, the requesting party shall bear the burden of demonstrating by a preponderance of the evidence that access to the confidential information is necessary in the interests of justice and that the designating party will not be materially harmed by the requesting party's access. The designating party shall be afforded an opportunity to respond to the application before any hearing on the application.

17. <u>Declassification</u>. If, at any time, any party or their counsel believes that a document should not be protected as "Confidential" under the terms of this Order, such party shall so notify the designating party or nonparty. If agreement cannot be reached, the party seeking a change in the status of a document may apply promptly to the Court for appropriate relief. Until the Court enters an order regarding the designation the document shall be given the confidential treatment initially assigned to it and provided for by this Order.

18. <u>Nontermination and Return of Documents</u>. The provisions of this Order shall continue to apply to all "Confidential" documents and information after the Bankruptcy Court has entered a final order on the Westside Cogens' Motion. Upon termination of this Matter, including all appeals or retrials, the parties shall return all "Confidential" documents to the producing party, as well as all copies, extracts and summaries thereof, except that counsel for each party may maintain in its files one copy of each pleading or other paper filed with the Court; alternatively, the parties and/or any producing party may agree upon appropriate methods of destruction.

19. <u>No Admissions</u>. Nothing contained in this Order, nor any action taken in compliance with it, shall:

    a. Operate as an admission by any party that any particular document or information is, or is not, "Confidential;"

    b. Prejudice in any way the right of any party to seek a Court determination whether particular information should or may be disclosed, or, if disclosed, whether it should remain subject to the terms of this Order; or

STIPULATED PROTECTIVE ORDER

-8-

3518.01/819076.3

c. Operate as an admission by any party that any particular document is, or is not, subject to discovery or admissible in evidence at the trial of this action.

20. <u>Interim Protection</u>. "Confidential" documents designated as such by any party in this Matter prior to the entry of this Order by the Court, including, but not limited to the Second Supplemental Declaration and Exhibits attached thereto, shall be subject to the provisions of this Order to the same extent as if the Order had been entered by the Court, unless the Court otherwise directs.

21. <u>Documents Obtained Through Other Sources</u>. Any party may freely use in any manner it chooses in its sole and absolute discretion documents that the party has obtained through independent sources, even if the same document or information has been designated "Confidential" in this Matter.

22. <u>Modification</u>. Any party may request the Court to modify or otherwise grant relief from any provision of this Order.

APPROVED AND HEREBY ORDERED this 19 day of May, 2001.

DENNIS MONTALI
_____
DENNIS J. MONTALI
Judge, United States Bankruptcy Court

STIPULATED & AGREED TO BY:

Bruce W. Leaverton (*Pro Hac Vice*)
Mary Jo Heston (*Pro Hac Vice*)
**LANE POWELL SPEARS LUBERSKY LLP**

By /s/ Bruce W. Leaverton
BRUCE W. LEAVERTON

STIPULATED PROTECTIVE ORDER
-9-

3518.01/819076.3

```
Gregory S. Clore
GNAZZOTHILL, A P.C.


By    /s/ Gregory S. Clore
         GREGORY S. CLORE
Attorneys for Mid-Set Cogeneration Co.,
Coalinga Cogeneration Co, Salinas River
Cogeneration Co. & Sargent Canyon Cogeneration Co.
Gregory S. Clore



James L. Lopes
William J. Lafferty
Simon J. Frankel
HOWARD, RICE NEMEROVSKI, CANADY,
   FALK & RABIN, P.C.



By_____
         Simon J. Frankel

Attorneys for Debtor and Debtors in Possession
Pacific Gas and Electric Company


Paul S. Aronzon
Robert Jay Moore
Michael I. Sorochinsky
MILBANK, TWEED, HADLEY & McCLOY LLP



By_____
         Michael I. Sorochinsky

Attorneys for Official Committee of Unsecured Creditors
```

Gregory S. Clore
**GNAZZOTHILL, A P.C.**

By _____
     GREGORY S. CLORE
Attorneys for Mid-Set Cogeneration Co.,
Coalinga Cogeneration Co, Salinas River
Cogeneration Co. & Sargent Canyon Cogeneration Co.
Gregory S. Clore

James L. Lopes
William J. Lafferty
Simon J. Frankel
**HOWARD, RICE NEMEROVSKI, CANADY,
   FALK & RABIN, P.C.**

By _____/s/ Simon J. Frankel_____  5/17/01
         Simon J. Frankel

Attorneys for Debtor and Debtors in Possession
Pacific Gas and Electric Company

Paul S. Aronzon
Robert Jay Moore
Michael I. Sorochinsky
**MILBANK, TWEED, HADLEY & McCLOY LLP**

By _____
         Michael I. Sorochinsky

Attorneys for Official Committee of Unsecured Creditors

STIPULATED PROTECTIVE ORDER
-10-

518 01/819076.3

```
 1  Gregory S. Clore
    GNAZZOTHILL, A P.C.
 2

 3

 4
    By_____
 5         GREGORY S. CLORE
    Attorneys for Mid-Set Cogeneration Co.,
 6  Coalinga Cogeneration Co, Salinas River
    Cogeneration Co. & Sargent Canyon Cogeneration Co.
 7  Gregory S. Clore

 8

 9
    James L. Lopes
10  William J. Lafferty
    Simon J. Frankel
11  HOWARD, RICE NEMEROVSKI, CANADY,
       FALK & RABIN, P.C.
12

13

14
    By_____
15         Simon J. Frankel

16  Attorneys for Debtor and Debtors in Possession
    Pacific Gas and Electric Company
17

18
    Paul S. Aronzon
19  Robert Jay Moore
    Michael I. Sorochinsky
20  MILBANK, TWEED, HADLEY & McCLOY LLP

21

22
    By_____
23         Michael I. Sorochinsky

24  Attorneys for Official Committee of Unsecured Creditors

25

26

27

28
```

STIPULATED PROTECTIVE ORDER

-10-

3518.01/819076.3

# EXHIBIT A

1. I, _____, have read the Stipulated Protective Order Regarding Confidential Information ("Order") entered in <u>In re Pacific Gas & Electric Company</u>, United States Bankruptcy Court, Northern District of California, San Francisco Division, Case No. 01-30923 DM in connection with the Westside Cogens' Emergency Motion for Relief from Stay, and agree to be bound by its terms with respect to any documents, material or information designated or marked "Confidential" that are furnished to me as set forth in the Order.

2. I further agree (i) not to disclose to anyone any documents, materials or information marked "Confidential" other than as set forth in the Order, and (ii) not to make any copies of any documents, material or information marked "Confidential" furnished to me except in accordance with the Order.

3. I hereby consent to venue and jurisdiction in the United States Bankruptcy Court, Northern District of California, San Francisco Division, with regard to any proceedings to enforce the terms of the Order.

_____
Signature          Date