# EXHIBIT D

ALAN D. SMITH (State Bar No. 89112)
STEVEN G. F. POLARD (State Bar No. 90319)
MANUELLA W. HANCOCK (State Bar No. 193003)
PERKINS COIE LLP
180 Townsend Street, 3rd Floor
San Francisco, California 94107-1909
Telephone: (415) 344-7000
Facsimile: (415) 344-7050
Attorneys for Creditor
Puget Sound Energy, Inc., a Washington corporation

MARK H. PENSKAR (State Bar No. 77725)
JANET C. LODUCA (State Bar No.166140)
PACIFIC GAS AND ELECTRIC COMPANY
77 Beale Street, B30A
San Francisco, CA 94105
Telephone: (415) 972-5672
Facsimile: (415) 973-5520

JAMES L. LOPES (State Bar No. 63678)
JANET A. NEXON (State Bar No. 104747)
WILLIAM J. LAFFERTY (State Bar No. 120814)
HOWARD, RICE, NEMEROVSKI, CANADY,
    FALK & RABKIN
Three Embarcadero Center, 7th Floor
San Francisco, California 94111
Telephone: (415) 434-1600
Facsimile: (415) 217-5910
Attorneys for Debtor and Debtor in Possession
Pacific Gas and Electric Company

FILED

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| In re<br><br>PACIFIC GAS AND ELECTRIC COMPANY, a California corporation,<br><br>Debtor.<br><br>Federal I.D. Number 94-0742640 | CASE NO. 01-30923-DM<br><br>Chapter 11 Case<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**Hon. Dennis Montali** |

It is hereby stipulated and agreed to by the parties and their counsel that the terms and conditions of this Protective Order shall govern the handling of documents, answers to interrogatories, depositions, pleadings, exhibits and other information exchanged by the parties in this action.

It is hereby ORDERED as follows:

1. This Order shall apply to and govern all depositions, documents produced in response to requests for production of documents or subpoenas, responses to requests for admissions and all other discovery pursuant to the Federal Rules of Civil Procedure and Local Rules of the Court, as well as testimony adduced at trial, matters in evidence and other information which the disclosing party designates (as set forth hereunder) as "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL/RESTRICTED MATERIAL" hereafter furnished, directly or indirectly, formally or informally, by or on behalf of any party in connection with this action.

2. In designating information as "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL/RESTRICTED MATERIAL" a party shall make such a designation only as to materials that the party reasonably and in good faith believes are not generally known and are eligible for protection under Fed. R. Civ. Pro. 26(c).

3. "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL/RESTRICTED MATERIAL" shall be used by the parties to this litigation solely for the purpose of conducting this litigation, and not for any other purpose whatsoever, except as required by law or order of the Court, in which case the party using or disclosing the "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL/RESTRICTED MATERIAL" shall provide to the party who produced the "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL/RESTRICTED MATERIAL" at least ten (10) days notice prior to the disclosure of the material.

4. Information designated as "CONFIDENTIAL MATERIAL" may be disclosed only to the following persons:

   a. The attorneys working on this action on behalf of any party, including in-house attorneys, and all paralegal assistants, stenographic and clerical employees working under the direct supervision of such attorneys;

   b. The parties to this action, their in-house counsel and current employees who have a need to know the information in order to assist in the prosecution or defense of this litigation;

1    c.   Any person not employed by a party who is retained or sought to be retained by any attorney described in paragraph 4(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

   d.   Any person of whom testimony is taken, except that such person may only be shown copies of "CONFIDENTIAL MATERIAL" during his testimony, or as is necessary to prepare for his testimony, and may not retain any "CONFIDENTIAL MATERIAL"; and

   e.   The Court.

5.   Information designated as "HIGHLY CONFIDENTIAL/RESTRICTED MATERIAL" may be disclosed only to the following persons:

   a.   The outside legal counsel for the receiving party assisting in this litigation and their respective legal assistants and stenographic and clerical staff working under the direct supervision of such counsel.

   b.   The following in-house legal counsel for Pacific Gas & Electric:
     1.   Mark H. Penskar
     2.   Janet C. Loduca

   c.   The following in-house legal counsel for Puget Sound Energy, Inc.:
     1.   Steven McKeon
     2.   Robert Neate

   d.   Outside experts and consultants retained by any of the parties who have a need for such information to assist in this litigation, with disclosure only to the extent necessary to perform such work.

   e.   Any person of whom testimony is taken, except that such person may only be shown copies of "HIGHLY CONFIDENTIAL/RESTRICTED MATERIAL" during his testimony, or as is necessary to prepare for his testimony, and may not retain any "HIGHLY CONFIDENTIAL/RESTRICTED MATERIAL"; and

   f.   The Court.

6.   The persons described in paragraphs 4(a), (b), (c), (d), and (e) and 5(a), (b), (c), (d), (e), and (f) shall have access to the "CONFIDENTIAL MATERIAL" and "HIGHLY

CONFIDENTIAL/RESTRICTED MATERIAL" only after they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGEMENT." A list shall be maintained by counsel for the parties hereto of the names of all persons to whom "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL/RESTRICTED MATERIAL" is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the Court upon the request of either party.

7. Each individual who receives any "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL/RESTRICTED MATERIAL" hereby agrees to be subject to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

8. The recipient of any "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL/RESTRICTED MATERIAL" that is provided under this Order shall exercise reasonable care with respect to the storage, custody, use and/or dissemination of such information.

9. Parties shall designate "CONFIDENTIAL MATERIAL" or "HIGHLY RESTRICTED MATERIAL" as follows:

    a. In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by placing the following legend on any such document prior to production: "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL/RESTRICTED MATERIAL." In the event that a party inadvertently fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL/RESTRICTED MATERIAL" at the time of its production, that party shall have five (5) business days after such production to so stamp or otherwise designate the document or other information. As to any documents produced prior to the date of entry of this Protective Order, the party who produced such documents shall have five (5) business days after the entry of this Order in which to stamp or otherwise designate the document or other information as "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL/RESTRICTED MATERIAL."

1         b.     In the case of depositions, designation of the portion of the transcript
2 (including exhibits) which contains "CONFIDENTIAL MATERIAL" or "HIGHLY
3 CONFIDENTIAL/RESTRICTED MATERIAL" shall be made by a statement to such effect on the
4 record in the course of the deposition or within five (5) days after party's receipt of the transcript of
5 the deposition. Counsel shall list on a separate piece of paper the numbers of the pages and specific
6 lines thereof of the transcript containing "CONFIDENTIAL MATERIAL" or "HIGHLY
7 CONFIDENTIAL/RESTRICTED MATERIAL," inserting the list at the end of the transcript, and
8 faxing copies of the list to counsel for all parties so that it may be affixed to the face of the
9 transcript and each copy thereof. In order to allow each party to designate "CONFIDENTIAL
10 MATERIAL" or "HIGHLY CONFIDENTIAL/RESTRICTED MATERIAL" in each deposition,
11 the entire transcript, including exhibits, shall be deemed "CONFIDENTIAL MATERIAL" or
12 "HIGHLY CONFIDENTIAL/RESTRICTED MATERIAL" for 2 days after receipt of the
13 transcript by counsel; after that time, only portions of the transcript designated in accordance with
14 this section shall be "CONFIDENTIAL MATERIAL" or "HIGHLY
15 CONFIDENTIAL/RESTRICTED MATERIAL."

16         c.     Transcripts of depositions will not be filed with the Court unless it is
17 necessary to do so for purposes of trial. If a deposition transcript is filed and if it contains
18 "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL/RESTRICTED MATERIAL"
19 the transcript shall bear the appropriate legend on the caption page and shall be filed under seal.

20     10.     A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL
21 MATERIAL" or "HIGHLY CONFIDENTIAL/RESTRICTED MATERIAL" designation at the
22 time made, and failure to do so shall not preclude a subsequent challenge thereto. Any party to this
23 litigation may challenge a designation by providing to the producing party written notice of its
24 disagreement with the designation. The parties shall first try to resolve any challenge in good faith
25 on an informal basis. If the challenge cannot be resolved, the party challenging the designation may
26 request appropriate relief from the Court, but in any event, such relief from the Court shall not be
27 requested before three (3) days after the producing party is served with said written notice. The
28 burden of proving that information has been properly designated as "CONFIDENTIAL

- 5 -

STIPULATED PROTECTIVE ORDER     [07771-0878/SL011220 067]

MATERIAL" or "HIGHLY CONFIDENTIAL/RESTRICTED MATERIAL" is on the party making such designation.

11. The Clerk of the Court is directed to maintain under seal all materials filed with this Court in this litigation by any party which are, in whole or in part, designated as "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL/RESTRICTED MATERIAL," including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such information. The person filing such material shall advise the Clerk that all or a designated portion thereof is subject to this Order and is to be kept under seal, except that upon the default of the filing party to so designate, any party may do so.

12. In the event that any "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL/RESTRICTED MATERIAL" is used in any court proceeding in connection with this litigation, it shall not lose its "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL/RESTRICTED MATERIAL" status through such use. The parties may request that the court take additional steps to protect "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL/RESTRICTED MATERIAL" used in open court proceedings. For the avoidance of doubt, use of any "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL/RESTRICTED MATERIAL" for any impeachment purposes shall not be considered a violation of this clause or this agreement.

13. Nothing in this Order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any information or documents not obtained in discovery in this lawsuit if such information is lawfully obtained, even though the same information or documents may have been produced in discovery in this lawsuit and designated as "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL/RESTRICTED MATERIAL."

14. Nothing in this order shall preclude any party to the lawsuit or their attorneys (a) from showing a document designated as "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL/RESTRICTED MATERIAL" to an individual who either prepared or reviewed the document prior to filing of this action, or (b) from disclosing or using, in any manner or for any

- 6 -

1 | purpose, any information or documents from the party's own files which the party itself has
2 | designated as "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL/RESTRICTED
3 | MATERIAL."

4     15. Within thirty-one (31) days of the termination of litigation between the parties, all "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL/RESTRICTED MATERIAL" and all copies thereof shall be returned to the party which produced it. Parties agree not to destroy the "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL/RESTRICTED MATERIAL" that is returned to them for a period of three (3) years from the termination of the litigation.

    16. Except as specifically provided herein, the terms, conditions and limitations of this Order shall survive the termination of this action.

    17. This Stipulated Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraphs 1 through 12, inclusive hereof.

ALAN D. SMITH
STEVEN G. F. POLARD
MANUELLA W. HANCOCK
PERKINS COIE LLP

By /s/ ALAN D. SMITH
ALAN D. SMITH
Attorneys for Creditor Puget Sound
Energy, Inc., a Washington corporation

MARK H. PENSKAR
JANET C. LODUCA
PACIFIC GAS AND ELECTRIC
COMPANY

By /s/ MARK H. PENSKAR
MARK H. PENSKAR
JANET C. LODUCA
Attorneys for Debtor and Debtor In
Possession Pacific Gas and Electric
Company

## ORDER

IT IS HEREBY ORDERED this 24th day of May, 2001.

_____
Dennis Montali
United States Bankruptcy Judge

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that he/she has read the PROTECTIVE ORDER entered by the Court on May ____, 2001, in <u>In Re Pacific Gas and Electric Company, Debtor; Case No. 01-30923-DM</u>, and that he/she fully understands and agrees to abide by the obligations and conditions of the Protective Order. The undersigned further consents to the jurisdiction of the United States Bankruptcy Court for the Northern District of California, for the purpose of any proceedings relating to performance under, compliance with or violation of the above-described Protective Order.

_____
(Signature)

_____
(Title or Position)