# EXHIBIT F

```
HENNIGAN, BENNETT & DORMAN LLP
Bennett J. Murphy (SBN 174536)
Kirk D. Dillman (SBN 110486)
James O. Johnston (SBN 167330)
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

Counsel for Ronald F. Greenspan
Chapter 7 Trustee for Brobeck, Phleger & Harrison LLP
```

Signed and Filed: November 08, 2004

_/s/ Dennis Montali_
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>BROBECK, PHLEGER & HARRISON LLP<br><br>Debtor. | Case No. 03-32715-DM7<br><br>Chapter 7<br><br>**AGREED PROTECTIVE ORDER**<br><br>[No Hearing Requested] |

Note change to order on page 7.

This matter having been brought before the Court by Hennigan, Bennett & Dorman LLP, counsel to Ronald F. Greenspan, chapter 7 trustee for Brobeck, Phleger & Harrison LLP (the "Trustee"); Klee, Tuchin, Bogdanoff & Stern, LLP, counsel to certain former limited liability partners of Brobeck (the "Former Partners"); Fergus, a Law Firm, counsel to certain retired partners and former employees of Brobeck (the "Retired Partners/Former Employees"); Stutman, Treister & Glatt PC, counsel for the Members of the Debtor's Liquidation Committee; Kornfield, Paul & Nyberg, counsel to the Debtor; Allen, Matkins, Leck, Gamble & Mallory, counsel to CA-550 South

Hope Street Limited Partnership, CA-One Market Limited Partnership and DC-1333 H Street, L.P. and Postpetition Lender, Equity Office Properties Management Corporation (collectively, the "EOP Parties"); and Thelen, Reid & Priest, counsel to University Circle Investors, LLC ("University Circle") (individually, the Trustee, the Former Partners, the Retired Partners/Former Employees, Members of the Debtor's Liquidation Committee, the Debtor, the EOP Parties and University Circle, each are referred to herein as "Party" and, collectively, as the "Parties") in connection with the contested matter involving the Trustee's Motion for Order (A) Approving Settlement Agreement with Clifford Chance Parties; (B) Finding that Settlement Is In Good Faith; (C) Authorizing Clifford Chance To Intervene In Adversary Proceedings Regarding Avoidance of Claim Assignments; and (D) Staying Adversary Proceeding Against Clifford Chance During Avoidance Action, and related matters (the "Clifford Chance Settlement Matter"). It appearing that the Parties and their counsel have consented to entry of the within Agreed Protective Order (the "Protective Order") and good cause appearing, IT IS HEREBY ORDERED THAT:

1. **"CONFIDENTIAL" INFORMATION**: Any person or entity producing documents in connection with the Clifford Chance Settlement Matter (the "Producing Party") may designate as "Confidential" any document, materials, thing or information in any form, written, recorded, electronic or graphic (collectively, the "Discovery Materials"). The Producing Party, however, may only designate such Discovery Materials as "Confidential" to the extent that such materials are entitled to protective treatment under Rule 26(c) of the Federal Rules of Civil Procedure, or otherwise can appropriately be designated in good faith as confidential, including, without limitation, information provided to the Producing Party by any other non-party which the Producing Party has undertaken to maintain in confidence (Discovery Materials designated as Confidential shall be referred to as "Confidential Information").

2. **"HIGHLY CONFIDENTIAL" INFORMATION**: The Producing Party may designate as "Highly Confidential" any Discovery Materials that reveals competitively sensitive or proprietary processes, structures, or pricing information, or sensitive personal information ("Highly Confidential Information").

2

3. **"CONFIDENTIAL – RESTRICTED" INFORMATION**: The Producing Party may designate as "Confidential – Restricted" any Discovery Materials that reveal confidential information relating to (1) any claims that are the subject of the Clifford Chance Settlement Matter or (2) any claims or potential claims by or against any of the plaintiffs in the underlying litigation that is the subject of the Clifford Chance Settlement Matter on the one hand, and any of the defendants in such litigation, on the other ("<u>Confidential – Restricted Information</u>").

4. **DESIGNATION**: The designation of Discovery Materials as Confidential, Highly Confidential, or Confidential – Restricted shall be effected by visibly marking it "Confidential," "Highly Confidential," or "Confidential – Restricted." When space is limited, the designation "Confidential – Restricted" may also be indicated by the abbreviation "Confid. – Restricted." The Confidential Information, Highly Confidential Information, or Confidential – Restricted Information may be so marked when it is produced or disclosed, or as otherwise provided in this Protective Order. Multi-paged materials that are bound together shall be stamped or labeled "Confidential," "Highly Confidential," or "Confidential – Restricted" on each page, and the burden of marking the information shall fall upon the Producing Party. If the information cannot be conveniently stamped or labeled, it will be designated in such a way as to clearly indicate to anyone coming into contact with it that it is Confidential, Highly Confidential, or Confidential – Restricted pursuant to this Protective Order. Any designation that is inadvertently omitted or designated improperly may be corrected by written notice from the Producing Party and, when so identified, such information shall thereafter be subject to this Protective Order.

5. **RESTRICTIONS ON DISCLOSURE**: Unless and until the restrictions on this Protective Order are removed or modified either by agreement of the Parties or by order of the Court, no Discovery Materials that are designated "Confidential," "Highly Confidential," or "Confidential – Restricted" may be used by any recipient of such information or disclosed to anyone for any purpose, other than in connection with the Clifford Chance Settlement Matter. Unless and until the restrictions in this Protective Order are removed or modified either by agreement of the Parties or by order of the Court, no Confidential Information may be disclosed by the recipient of such information to anyone other than those persons designated below in Paragraph 6, no Highly

3

Confidential Information may be disclosed by the recipient of such information to anyone other than those persons designated below in Paragraph 7, and no Confidential – Restricted Information may be disclosed by the recipient of such information to anyone other than those persons designated below in Paragraph 8.

6. **RESTRICTIONS ON "CONFIDENTIAL" INFORMATION**: All Confidential Information shall be restricted to the following persons:

   a. A Party and its employees whose review of Confidential Information is necessary to the Party's representation in connection with the Clifford Chance Settlement Matter;

   b. The Party's legal counsel and such counsel's clerical or support staff, including temporary or contract staff;

   c. Consulting or testifying experts or any person retained or used by any Party to assist with the Party's representation in connection with the Clifford Chance Settlement Matter, provided that such Party, in good faith, requires their assistance in connection with such representation, and further provided that any report created by such consultant or expert relying on or incorporating Confidential Information shall be designated (in whole or in part, as appropriate) as Confidential Information;

   d. Any outside copy and computer services personnel for purposes of copying, imaging, or indexing documents, and any court reporter or court reporting service;

   e. Any person whom the Parties agree, in advance and by writing, may receive Confidential Information;

   f. Judge Montali and necessary Court personnel, subject to the procedures for filing materials under seal set forth in paragraph 11, below.

   g. Confidential Information shall not be disclosed to any person identified in subparagraphs (c), (d) and (e) above unless and until such person has (i) been

4

shown a copy of this Protective Order, and (ii) such person has completed the consent that is attached hereto as Exhibit "1."

 h. This Protective Order shall not be deemed or construed to prohibit the Producing Party from disclosing its own Confidential Information. Nor shall this Protective Order be deemed or construed to prohibit a Party, person, or entity, from disclosing Confidential Information that was obtained independently of this discovery process, or from non-confidential sources that do not designate the Discovery Materials as Confidential.

7. **RESTRICTIONS ON "HIGHLY CONFIDENTIAL" INFORMATION**: All Highly Confidential Information shall be restricted to the following persons:

 a. The Party's legal counsel and such counsel's clerical or support staff, including temporary or contract staff.

 b. Consulting or testifying experts or any person retained or used by any Party to assist with the Party's representation in connection with the Clifford Chance Settlement Matter, provided that such Party, in good faith, requires their assistance in connection with such representation, and further provided that any report created by such consultant or expert relying on or incorporating Highly Confidential Information shall be designated (in whole or in part, as appropriate) as Highly Confidential Information.

 c. Any outside copy and computer services personnel for purposes of copying, imaging, or indexing documents and any court reporter or court reporting service; and

 d. Judge Montali and necessary Court personnel, subject to the procedures for filing materials under seal set forth in paragraph 11, below.

 e. Highly Confidential Information shall not be disclosed to any person identified in subparagraphs (b) and (c) above unless and until such person has (i) been shown a copy of this Protective Order, and (ii) such person has completed the consent that is attached hereto as Exhibit "1."

5

8. **RESTRICTIONS ON "CONFIDENTIAL – RESTRICTED" INFORMATION:** No Confidential – Restricted Information shall be disclosed, directly or indirectly, to Clifford Chance U.S. LLP ("Clifford Chance") or any of its attorneys, agents, affiliates, or representatives. All Confidential – Restricted Information shall be restricted to the following persons:

   a. A Party other than Clifford Chance, and the Party's employees whose review of Confidential – Restricted Information is necessary to the Party's representation in connection with the Clifford Chance Settlement Matter;

   b. For each Party other than Clifford Chance, the Party's legal counsel and such counsel's clerical or support staff, including temporary or contract staff;

   c. For each Party other than Clifford Chance, consulting or testifying experts or any person retained or used by any Party to assist with the Party's representation in connection with the Clifford Chance Settlement Matter, provided that such Party, in good faith, requires their assistance in connection with such representation, and further provided that any report created by such consultant or expert relying on or incorporating Confidential – Restricted Information shall be designated (in whole or in part, as appropriate) as Confidential – Restricted Information;

   d. Any outside copy and computer services personnel for purposes of copying, imaging, or indexing documents and any court reporter or court reporting service; and

   e. Judge Montali and necessary Court personnel, subject to the procedures for filing materials under seal set forth in paragraph 11, below.

   f. Confidential – Restricted Information shall not be disclosed to any person identified in subparagraph (b) through (d) above unless and until: (i) such person has been shown a copy of this Protective Order, and (ii) such person has completed the consent that is attached hereto as Exhibit "1."

9. **REQUEST FOR DISCLOSURE:** Any Party may at any time request permission to disclose Confidential Information, Highly Confidential Information, or Confidential – Restricted Information to a person other than those permitted by Paragraphs 6, 7 and 8, respectively, by serving

a written request upon counsel for the Producing Party. The request shall state the information or material the Party wishes to disclose and the person or entity to whom they wish to disclose the information or material. The Parties shall then attempt to resolve any disagreements in good faith. If consent is withheld, or if the parties are unable to agree on the terms and conditions of disclosure, the Party may move for an order from the Court permitting the disclosure, and such a motion may be brought on an expedited basis with at least two business days' advance notice to the Parties. While such an application is pending, the document, testimony or other information in question shall be treated in accordance with its original designation. Notwithstanding the foregoing, the Parties agree that they will not request nor attempt to disclose, directly or indirectly, Confidential – Restricted Information to Clifford Chance or any of its attorneys, agents, affiliates, or representatives, although the Parties may challenge such designation pursuant to Paragraph 10.

10. **OBJECTIONS TO DESIGNATIONS**: Any Party may object to the designation of Confidential Information, Highly Confidential Information, or Confidential – Restricted Information in a writing tendered to the Producing Party. The Parties shall then attempt to resolve any disagreements in good faith. If the Parties are not able to resolve their disagreement(s), the objecting Party may move for an order from the Court challenging the designation, and such a motion may be brought on an expedited basis with at least two business days' advance notice to the Parties. While such an application is pending, the document, testimony or other information in question shall be treated in accordance with its original designation.

11. **FILING UNDER SEAL**: Neither the Parties nor anyone to whom Confidential Information, Highly Confidential Information, or Confidential – Restricted Information is disseminated hereunder, shall file with the Court or otherwise disclose in any Court filing any document or information so designated, unless it is filed under seal in accordance with the procedures required by Fed. R. Bankr. P. 9018 and the local rules of this Court.[*] By this Order, the Court authorizes the filing of Confidential Information, Highly Confidential Information, or Confidential – Restricted Information under seal without further order of the Court. If any Party seeks to use any such information in any hearing or trial in the Clifford Chance Settlement Matter, the Party shall meet and confer with the other interested Parties to agree upon procedures to protect

---

[*] See Montali Practices & Procedures @ www.canb.uscourts.gov re filing under seal

the confidentiality of such information, such as requesting an in camera review, and present such proposed procedures to the Court for its approval or modification. The provisions of this paragraph are without prejudice to the right of any Party to request that any such information be introduced into evidence and be filed under seal. Confidential Information, Highly Confidential Information, and Confidential – Restricted Information shall not be included, in whole or in part, in pleadings, motions, briefs, exhibits, memoranda or other papers filed with the Court, except as provided in this paragraph.

12. **NO WAIVER**: Neither the taking of any action in accordance with the provisions of this Protective Order nor the failure to object to such action shall be construed as a waiver of any claim or defense in connection with the Clifford Chance Settlement Matter. Moreover, the failure to designate information in accordance with this Protective Order or the failure to object to a designation at a given time shall not preclude any Party from seeking to impose such designation or challenging the propriety thereof at a later time.

    a. The Trustee's production of Discovery Materials to any of the other Parties in connection with the Clifford Chance Settlement Matter shall not be deemed or argued to be a waiver of any attorney-client, joint-defense and/or work-product privileges.

13. **WITHHOLDING DISCOVERY MATERIALS**: Nothing in this Protective Order shall constitute a waiver of the Producing Party's right to object to the production of Discovery Materials (i.e., lack of relevance, burden, privilege, etc.), provided however, that if the Producing Party withholds Discovery Materials on the grounds that the protections of this Protective Order are inadequate, the Producing Party must state with specificity the reasons why the protections of this Protective Order are inadequate under the circumstances.

    a. Notwithstanding the foregoing, all Parties shall be entitled to receive copies of all Discovery Materials produced by any other Party in this matter on the terms and conditions set forth in this Order.

14. **NO EFFECT ON ADMISSIBILITY**: This Protective Order shall not be deemed or construed in any way to affect or to establish the admissibility or to waive any right to object to the admissibility at trial of any Discovery Materials subject to this Protective Order.

8

Case: 19-32073 Doc#: 486 Filed: 11/06/04 Entered: 11/06/04 12:39:27:19 Page 9 of 12

15. **NOTICE OF SUBPOENA, ETC.**: If any Party concludes that it has been compelled, by subpoena or other form of judicial process, to disclose Confidential Information, Highly Confidential Information or Confidential – Restricted Information to any person other than those permitted to receive such information as provided by Paragraphs 6, 7 or 8 above, they shall as promptly as possible, and in any event at least fourteen (14) days prior to disclosure or 72 hours prior to the return date of a subpoena or other process in the event of process requiring compliance in fewer than 14 days, whichever is the longer period, provide written notice to counsel for the Producing Party of their intention to disclose such information. If written notice cannot be provided at least fourteen (14) days prior to the time for production or other disclosure, the Party shall, in addition, give notice to counsel for the Producing Party by telephone. In no event shall production or disclosure be made before reasonable notice is given to the Producing Party. The purpose of this paragraph is to give the Producing Party an opportunity to intervene to object to the production or disclosure of Confidential Information, Highly Confidential Information, or Confidential – Restricted Information pursuant to compulsory process. If the Producing Party seeks an order precluding production or disclosure of such material, the other Parties shall not make production or disclosure until the Court rules on the request.

16. **RETURN OR DESTRUCTION OF DESIGNATED INFORMATION**: Each Party's participation in the Clifford Chance Settlement Matter may be concluded by: (i) the entry of a final, non-appealable final order on the Clifford Chance Settlement Matter; (ii) the settlement of the Clifford Chance Settlement Matter, or (iii) any Party's withdrawal from or discontinuance of participation in the Clifford Chance Settlement Matter. No later than 60 days after each Party's discontinuance in participation in the Clifford Chance Settlement Matter for any of the foregoing reasons, all Confidential Information, Highly Confidential, and Confidential – Restricted Information produced by the Producing Party (including all copies, extracts, summaries, digests and synopses) shall either be shredded or returned to the Producing Party, except that a Party's counsel and a Party's designated expert(s) may retain for their files one copy of any papers served and filed in connection with the Clifford Chance Settlement Matter, including portions of any such papers that contain or disclose Confidential Information, Highly Confidential Information, or Confidential –

9

Restricted Information, provided that such retained information is maintained pursuant to the terms of this Protective Order. (This obligation to either shred or return designated information shall extend to any other persons or entities to whom the Party has disclosed such information pursuant to the Protective Order.) Further, a Party which has discontinued its participation in the Clifford Chance Settlement Matter shall provide written notice to the Producing Party that the Party (and any other persons or entities to whom the Party has disclosed such information pursuant to the Protective Order) has complied with this paragraph 16. This Protective Order shall survive and remain in full force and effect after the termination of the Clifford Chance Settlement Matter.

17. Nothing herein shall prevent any Party from seeking further, greater or lesser protection with respect to the use of any information in connection with any trial, hearing or other proceeding in connection with the Clifford Chance Settlement Matter.

**END OF ORDER**

# EXHIBIT "1"

# CONSENT TO BE BOUND BY PROTECTIVE ORDER

I, the undersigned, have read and understand the terms and conditions of the Agreed Protective Order for the *In re Brobeck Phleger & Harrison LLP* case (the "Protective Order"), entered on _____, and I consent to be bound by its terms as follows:

1. I agree that I will make no further disclosure of any information designated pursuant to the Protective Order (including Confidential Information, Highly Confidential Information, and Confidential – Restricted Information) and will personally protect the confidentiality of all such information received;

2. To the extent I have retained any Confidential Information, Highly Confidential Information, and Confidential – Restricted Information, I agree that I will either shred or return to the attorneys who presented this consent to me all such designated information pursuant to the terms of paragraph 16 of the Protective Order, provided however that a designated expert may maintain one copy of its files, which may include such designated information, pursuant to the terms of the Protective Order; and

3. [If the undersigned is an expert] A true and correct copy of my curriculum vitae and a list of my prior engagements (for purposes of conducting a conflicts check) is attached.

Name of Person or Entity:_____

Authorized Representative (if applicable):_____

Address:_____

_____

Telephone:_____


_____            _____
Signature                                                        Dated

437772\v5