# EXHIBIT M

**Minga, Jay**

| | |
|---|---|
| **From:** | Kristiansen, Eric <EKristiansen@bakerlaw.com> |
| **Sent:** | Tuesday, May 28, 2019 9:46 AM |
| **To:** | Jones, Hannah L.; Julian, Robert |
| **Cc:** | Slack, Richard; Liou, Jessica; Tran, An |
| **Subject:** | RE: PG&E - Draft Protective Order |
| **Attachments:** | Protective Order [CLEAN 5-28-2019].docx; Protective Order [TCC REDLINE 5-28-2019].docx |

Hannah,

Your draft seeks to shift the responsibility of filing a motion and the burden of persuasion from the Designating Party to the Challenging Party. That is inconsistent with the Court's standard protective order and we will not agree to that. Attached is the mark-up that tracks the language of the standard order. Who is the attorney for the UCC that is addressing this item?

Eric

---

**From:** Jones, Hannah L. <Hannah.L.Jones@weil.com>
**Sent:** Thursday, May 23, 2019 9:14 PM
**To:** Kristiansen, Eric <EKristiansen@bakerlaw.com>; Julian, Robert <rjulian@bakerlaw.com>
**Cc:** Slack, Richard <richard.slack@weil.com>; Liou, Jessica <jessica.liou@weil.com>; Tran, An <An.Tran@weil.com>
**Subject:** RE: PG&E - Draft Protective Order

Eric,

Thank you for your comments. Attached please find the Debtors' initial mark-up of the protective order the TCC circulated on Monday. I have also attached a clean copy. We have accepted some of your proposed changes. Where we did not accept changes, it was typically because we were trying to keep the sections closer to the model protective order for the Northern District of California and/or a number of samples of protective orders entered by Judge Montali. We note that we are still awaiting comments to this draft from the UCC. We hope we receive comments from the UCC in the near future and will then circulate a draft protective order incorporating both your comments and those of the UCC before filing with the Court. Let us know if it would be helpful to discuss our draft.

Thanks,
Hannah

---

**From:** Kristiansen, Eric <EKristiansen@bakerlaw.com>
**Sent:** Thursday, May 23, 2019 1:39 PM
**To:** Jones, Hannah L. <Hannah.L.Jones@weil.com>
**Cc:** Julian, Robert <rjulian@bakerlaw.com>
**Subject:** FW: PG&E - Draft Protective Order

Hannah, just following up regarding below and attached. This needs to be resolved before the holiday weekend. Call me tomorrow if there is anything to discuss. Thanks. Eric

Case: 19-30088   Doc# 2460-13   Filed: 06/07/19   Entered: 06/07/19 20:02:19   Page 2 of 41

**From:** Kristiansen, Eric
**Sent:** Monday, May 20, 2019 4:47 PM
**To:** Jones, Hannah L. <Hannah.L.Jones@weil.com>
**Cc:** Julian, Robert <rjulian@bakerlaw.com>
**Subject:** RE: PG&E - Draft Protective Order

Hannah,

Please see the attached redlines (and corresponding clean copy).

Regards,

Eric

---

**From:** Jones, Hannah L. <Hannah.L.Jones@weil.com>
**Sent:** Monday, May 20, 2019 12:23 PM
**To:** Julian, Robert <rjulian@bakerlaw.com>; Kristiansen, Eric <EKristiansen@bakerlaw.com>; Woltering, Catherine E. <cwoltering@bakerlaw.com>
**Cc:** Liou, Jessica <jessica.liou@weil.com>; lgrossbard@cravath.com; Singh, David <David.Singh@weil.com>; David Herman <DHerman@cravath.com>; Peter Benvenutti <pbenvenutti@kellerbenvenutti.com>; Slack, Richard <richard.slack@weil.com>; Karotkin, Stephen <stephen.karotkin@weil.com>; Monica Kozycz <mkozycz@cravath.com>
**Subject:** PG&E - Draft Protective Order

All,

Attached please find the Debtors' proposed Protective Order for the Chapter 11 Cases.  Please let us know if the TCC has comments.

Best,
Hannah



**Hannah L. Jones**
Associate

Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
Hannah.L.Jones@weil.com
+1 650 802 3137 Direct

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

The information contained in this email message is intended only for use of the individual or entity named above. If the
reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended
recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly
prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com,
and destroy the original message. Thank you.

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Timothy G. Cameron (*pro hac vice pending*)
(tcameron@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

Keller & Benvenutti LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors*
*and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| **- and –** | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **[PROPOSED] CONFIDENTIALITY AND PROTECTIVE ORDER** |
| ☐   Affects PG&E Corporation<br>☐   Affects Pacific Gas and Electric Company<br>☒   Affects both Debtors | |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

WEIL:\96958026\12\67615.0013

This Confidentiality and Protective Order ("**Order**") shall govern the production, review, disclosure, and handling of any Discovery Material (as defined herein) by any person or entity (each a "**Party**" and, collectively, the "**Parties**") in connection with the above-captioned chapter 11 cases pending before the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**"), Ch. 11 Case Nos. 19-30088 (DM) and 19-30089 (DM) (collectively, the "**Chapter 11 Cases**").

1.     PURPOSES AND LIMITATIONS

This Order applies to all discovery in the Chapter 11 Cases and related proceedings, including informal discovery, discovery under Bankruptcy Rule 2004, and discovery in connection with judicial or other proceedings, such as contested matters, adversary proceedings and other disputes (each, a "**Case,**" and collectively, the "**Cases**").  The Parties have sought or may seek certain Discovery Material (as defined below) from one another with respect to the Chapter 11 Cases (collectively, "**Discovery Requests**") as provided by the Federal Rules of Civil Procedure (the "**Federal Rules**")**,** the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the Bankruptcy Court (the "**Local Rules**").  The purpose of this Order is to facilitate and expedite the production, exchange and treatment of Discovery Material (as defined below) and to protect Discovery Material that a Party seeks to maintain as confidential.   However, the Parties acknowledge that this Order does not entitle them to file confidential information under seal without further order of the Court; United States District Court for the Norther District of California Civil Local Rule 79-5 (incorporated into the Local Rules by Rule 1001-2) sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2.     DEFINITIONS

2.1     Challenging Party:  a Party that challenges the designation of information or items under this Order.

2.2     Counsel (without qualifier):  Outside Counsel of Record or House Counsel (as well as their support staff).

1

2.3 <u>Designating Party</u>: a Party that designates information or items that it produces in response to Discovery Requests as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", "PROFESSIONAL EYES ONLY" or "CONTRACTOR CONFIDENTIAL."

2.4 <u>Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to Discovery Requests or provided to industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the Debtors' creditors in connection with the Chapter 11 Cases, including deposition testimony, interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, information and things produced, including information provided to the Receiving Party orally, as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof.

2.5 <u>House Counsel</u>: attorneys who are employees or contractors of a Party. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.6 <u>Outside Counsel</u>: attorneys who are not employees of a Party but are retained to represent or advise a Party regarding the Chapter 11 cases. With respect to the Debtors, and any Official Committee, Outside Counsel refers to counsel that has been retained by one of the above Parties and whose retention has been approved by the Court.

2.7 <u>Producing Party</u>: a Party that produces Discovery Material.

2.8 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.9 <u>Protected Material</u>: any Discovery Material that is designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", "PROFESSIONAL EYES ONLY" or "CONTRACTOR CONFIDENTIAL."

2.10 <u>Receiving Party</u>: a Party that receives Discovery Material directly from the Producing Party.

2

3.     SCOPE

This Order applies to all Discovery Material exchanged in or subject to discovery that is produced, formally or informally in response to or in connection with any Discovery Requests in the Cases. Discovery Material produced informally by the Debtors in connection with the Chapter 11 Cases or pursuant to Rule 2004 (unless otherwise agreed by the Debtors) may only be used in the Chapter 11 Cases, including in connection with any contested motions in the Chapter 11 Cases, and may not be used in connection with any adversary proceeding or other litigation. This Order does not affect, amend or modify any existing confidentiality agreements, Committee Bylaws, non-disclosure agreements, intercreditor agreements, protective orders or similar agreements applicable to any Producing Party and/or Receiving Party, and nothing in this Order shall constitute a waiver of any rights under such agreements or orders. Where this Order is in conflict with any existing confidentiality agreements, intercreditor agreements, Committee Bylaws, non-disclosure agreements, protective orders or similar agreements applicable to any Producing Party and/or Receiving Party in connection with the Cases, the provision that provides the most confidentiality protection for Discovery Materials applies.

The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

4.     DURATION

Even after Debtors' emergence from Bankruptcy, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. The Debtors' emergence from Bankruptcy shall not relieve the Parties from their

responsibility to maintain the confidentiality of Discovery Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Manner and Timing of Designations.  Subject to paragraphs 5.5 and 5.6 and, except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Any Producing Party may designate Discovery Material as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", "PROFESSIONAL EYES ONLY" or "CONTRACTOR CONFIDENTIAL" in accordance with the following provisions:

5.2    "CONFIDENTIAL" Material.  A Producing Party may designate Discovery Material as "CONFIDENTIAL" if such Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that: (1) such Discovery Material (a) constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal or other information of a nature that can be protected under the Bankruptcy Rules or the Federal Rules or (b) is subject by law or by contract to a legally protected right of privacy; or (2) the Producing Party (a) is under a preexisting obligation to a third-party to treat such Discovery Material as confidential or (b) has in good faith been requested by another Party or non-Party to so designate such Discovery Material on the grounds that such other Party or non-Party considers such Discovery Material to contain information that is confidential or proprietary to such Party or non-Party.

5.3    "HIGHLY CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" Material. A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL" and/or "PROFESSIONAL EYES ONLY" if such Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or includes "HIGHLY CONFIDENTIAL" and/or "PROFESSIONAL EYES ONLY" Material that is of such a nature that a risk of competitive injury or a material risk to the Debtors' development of a plan of reorganization or emergence from Bankruptcy would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 7.3 of this Order, such as trade secrets, sensitive financial, personal or business information, including insurance

policy information, or material prepared by its industry advisors, financial advisors, accounting advisors, experts or consultants (and their respective staff) that are retained by any Party in connection with these Chapter 11 Cases, and only to the extent that the Producing Party believes in good faith that such material is of such a nature that Highly Confidential or Professional Eyes Only treatment is warranted.

5.4 <u>"CONTRACTOR CONFIDENTIAL" Material.</u> A Producing Party may designate Discovery Material as "CONTRACTOR CONFIDENTIAL" if disclosure of such Material to a PG&E contractor would create a substantial risk of serious harm that could not be avoided by less restrictive means. "PG&E Contractors" means any non-party or entity retained to provide any goods and/or services to PG&E. This designation will also encompass the following: (1) any information copied or extracted from Contractor Confidential material; (2) all copies, excerpts, summaries, or compilations of Contractor Confidential material; and (3) any testimony, conversations, or presentations by parties or their Counsel that might reveal Contractor Confidential material.

5.5 <u>Manner Of Designating Discovery Material.</u> Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", "PROFESSIONAL EYES ONLY" or "CONTRACTOR CONFIDENTIAL" to each page that contains protected material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, such testimony may be designated as appropriate by: (a) Stating so orally on the record and requesting that the relevant portion(s) of testimony is so designated; or (b) Providing written notice within twenty-one (21) days of the Party's receipt of the final transcript from the court reporter that the relevant portion(s) of such transcript or recording of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within twenty-one (21) days, in which case the foregoing twenty-one (21) day period will be reduced to seven (7) business days but in no event less than 3 business days before a hearing on related issues. Until expiration of the aforesaid designation period, as applicable, following receipt of the transcript by the Parties, all deposition transcripts and recordings shall be

considered and treated as Confidential Material unless otherwise designated by counsel to any Party on the record at the deposition or in other pretrial or trial proceedings.

          (c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", "PROFESSIONAL EYES ONLY" or "CONTRACTOR CONFIDENTIAL."

     5.6   <u>Inadvertent Failures to Designate.</u> The failure to designate particular Discovery Material as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", "PROFESSIONAL EYES ONLY" or "CONTRACTOR CONFIDENTIAL" at the time of production shall not operate to waive a Producing Party's right to later designate such Discovery Material as Protected Material or later apply another designation pursuant to this Order ("Misdesignated Material"). At such time, arrangement will be made for the destruction of the Misdesignated Material or for the return to the Producing Party of all copies of the Misdesignated Material and for the substitution, where appropriate, of properly labeled copies of such Discovery Material. Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties shall promptly take all commercially reasonable steps to return or destroy all previously produced copies of such Misdesignated Material. If requested by the Producing Party, a Receiving Party shall verify in writing that it has taken all commercially reasonable steps to return or destroy such Misdesignated Material. No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a Court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party that did not make the designation.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

     6.1   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer.</u>  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order. Within five (5) business days of the date of service of the notice challenging the designation, the Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the Protected Material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3   <u>Judicial Intervention.</u>  If the Parties cannot resolve a challenge without court intervention, the Designating Party must, within ten (10) days of receipt of the writing challenging the designation, file a motion with the Court seeking to confirm the designation.  The motion must be set at the first available date on regular notice.  No Confidential, Professional Eyes Only or Highly Confidential Material shall be filed in the public record prior to such a determination by the Bankruptcy Court.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.  Failure by the Designating Party to make a timely motion including the required declaration shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Designations which are not made in good faith and/or frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Designating/Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     <u>ACCESS TO AND USE OF DISCOVERY MATERIAL</u>

       7.1    <u>Use of Discovery Material.</u> A Receiving Party may use Discovery Material that is disclosed or produced by another Party solely for the purposes of these Chapter 11 Cases and not for any other purpose, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function. In the case of use by Official Committees or Committee Professionals, Protected Material may be used only in a manner consistent with the Committee's duties and responsibilities. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Debtors emerge from Bankruptcy, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

       Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

       7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

          (a)    the officers, directors, employees, and Counsel of the Receiving Party to whom disclosure is reasonably necessary for purposes of the Chapter 11 Cases or a Case;

          (b)    where the Receiving Party is an Official Committee, its members, Outside Counsel and its advisors that are retained by the Official Committee or its Outside Counsel and where

necessary approved by the Court, to whom disclosure is reasonably necessary for purposes of the Chapter 11 Cases or a Case;

        (c)    the Debtors;

        (d)    any Official Committee, including its members, and the Official Committee's Outside Counsel to whom the Producing Party has given consent;

        (e)    the U.S. Trustee;

        (f)    any other persons specified in Paragraph 7.3 below.

    7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" only to:

        (a)    Outside Counsel of the Receiving Party to whom disclosure is reasonably necessary for purposes of the Chapter 11 Cases or a Case;

        (b)    financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the Receiving Party (and in the case of the Debtors or any Official Committee, approved by the Court) in connection with the Chapter 11 Cases who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (c)    financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by any Party (and in the case of the Debtors or any Official Committee, approved by the Court) in connection with the Chapter 11 Cases, to whom the Producing Party may consent in writing and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

        (d)    Outside Counsel for the U.S. Trustee;

        (e)    the Bankruptcy Court or any Court to which an appeal of a Case is taken, and their personnel;

        (f)    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for purposes of the Chapter 11 Cases or a Case and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  for purposes of witness preparation, any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, in preparation for his or her noticed deposition, hearing, or trial testimony where such Protected Material is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony, and that doing so would not cause competitive harm, provided, however, that such persons (1) sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), (2) are only provided such Protected Material in connection with preparation for the anticipated testimony, and (3) shall not be permitted to retain copies of such Protected Material.

(h)  Deponents and witnesses where counsel has a good faith basis for believing that the witness would have had knowledge of the contents of the Protected Material in the course of fulfilling his or her responsibilities or has information that directly bears upon the Protected Material.

(i)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(j)  any other person or entity with respect to whom the Producing Party may consent in writing and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4  <u>Disclosure of "CONTRACTOR CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONTRACTOR CONFIDENTIAL" only to those parties listed in sections 7.2 – 7.3, but may not disclose such information to PG&E contractors or their advisors.

7.5  <u>Filing or Submitting Protected Material To Court.</u>  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record related to a Case or the Chapter 11 Cases any Protected Material.  A Party that seeks to file any Protected Material with the Court must file under seal in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules, and the individual practice rules of the Judge. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

8.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER PROCEEDINGS</u>

If a Party is served with a subpoena or a court order issued in other proceedings that compels

disclosure of any information or items designated in a Case or these Chapter 11 Cases as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", "PROFESSIONAL EYES ONLY", or "CONTRACTOR CONFIDENTIAL" that Party must:

       (a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

       (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

       (c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

       If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that Court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

9.      <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Disclosure of Protected Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

10.    <u>INADVERTENT PRODUCTION OF PRIVILEGED DISCOVERY MATERIAL</u>

       This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. If a Producing Party produces materials that the Producing Party later discovers to be privileged or subject to other

protection, such as work-product protection, the production of that material shall not be deemed to constitute the waiver of any applicable privileges or protections.   In such circumstances, shortly after the Producing Party becomes aware that privileged material was produced, it must notify the Receiving Party and request, at the Producing Party's election, either the return or the destruction of the produced material.  Immediately after receiving such notification, the Receiving Party shall, as instructed, return or destroy and confirm destruction of all such produced material, including all copies, notes, and/or summaries thereof in any Receiving Party work product.  The Receiving Party shall not use the contents of such material for any purpose, including in connection with any effort seeking to compel production of the produced material.  The Receiving Party must take reasonable steps to retrieve the produced material if the Receiving Party disclosed it before being notified.  Such return or destruction and confirmation of destruction shall not preclude the Receiving Party from seeking to compel production of the produced material for reasons other than its production or any information about the contents of the material that was gained due to its production.  Moreover, this Order shall not prevent any Party from challenging the designation of such material as privileged or protected and moving to compel production of allegedly privileged or protected documents.  If the Receiving Party becomes aware during the review of any material that is likely to be privileged or subject to other protection, the Receiving Party shall immediately notify the Producing Party and sequester the material until the Producing Party has had a reasonable opportunity to respond.

11.    <u>DEPOSITIONS</u>

11.1    <u>Presence Of Persons During Deposition Testimony.</u>  Anyone  who attends a deposition is subject to the provisions of this Order with respect to such deposition. When Protected Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall, upon request, be excluded from the portion of the deposition so designated.

11.2    <u>Responsibilities And Obligations Of Court Reporters.</u>  In the event that testimony is designated as Confidential, Highly Confidential or Professional Eyes Only Material, the court reporter, who shall first have agreed to abide by the terms of this paragraph, shall be instructed to include on the cover page of each such transcript the legend, "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith," and each page of the transcript shall

include the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL", "PROFESSIONAL EYES ONLY" or "CONTRACTOR CONFIDENTIAL" as appropriate. If the deposition is recorded, the recording shall also be subject to the same level of confidentiality as the transcript and include the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", "PROFESSIONAL EYES ONLY," or "CONTRACTOR CONFIDENTIAL" as appropriate, if any portion of the transcript itself is so designated.

12.     PRODUCTION OF CUSTOMER SMART METER DATA

12.1     Pursuant to California Public Utilities Commission Decision No. 11-07-056 and related decisions, utility customer smart meter usage data may only be disclosed after providing affected customers with seven days notice and an opportunity to object to such disclosure as required by the Decision. Pursuant to Debtor Pacific Gas and Electric Company's tariff Electric and Gas Rules 9.M and 27, confidential customer information is subject to similar prior notice requirements as applicable to such customer information. To the extent Debtors produce customer smart meter usage data subject to these rules and tariffs, Debtors shall provide affected customers with appropriate notice prior to production and appropriate notification to the affected customers as required by the rules and tariffs. Producing Party and Receiving Party shall comply with all federal and state privacy laws as applicable to customer data under this Order.

13.     MISCELLANEOUS

13.1     Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future, including as this Order applies to any particular contested matter or adversary proceeding.

13.2     Right to Assert Other Objections.  Nothing in this Order waives any right by a Party that it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.3     Continuing Applicability Of Order.  The provisions of this Order shall survive the Debtors' emergence from Bankruptcy for any retained Discovery Material. The Debtors' emergence from Bankruptcy shall not relieve the Parties from their responsibility to maintain the confidentiality of

Discovery Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

13.4 <u>Amendment Of Order.</u> This Order is subject to modification by this Court upon good cause shown by any Party. Nothing herein shall preclude a Party from applying at any time (including, without limitation, after the conclusion of these Chapter 11 proceedings) to the Court for relief from (including, without limitation termination of) any or all of the provisions of this Order. The Debtors and the Party seeking to modify or terminate the Order shall meet and confer in good faith to reach an agreement on any issues in dispute concerning the meaning, application, or interpretation of this Order prior to any application to the Court for resolution of such dispute. A Producing Party and a Receiving Party may agree to modify this Order as it applies to a particular production or a particular proceeding in the Cases with (7) business days prior notice to the Debtors.

13.5 <u>Use Of Discovery Material By Producing Party.</u> Nothing in this Order affects the right of any Producing Party to use or disclose its own Discovery Material in any way. Such disclosure will not waive the protections of this Order and will not otherwise entitle other Parties or their attorneys to use or disclose such Discovery Material in violation of this Order.

13.6 <u>Obligations Of Parties.</u> Nothing herein shall relieve a Party of its obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with any Dispute or the Chapter 11 Cases.

13.7 <u>Enforcement.</u> The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

14. <u>FINAL DISPOSITION</u>

Within 60 days after the conclusion the Debtors' emergence from Bankruptcy, unless otherwise ordered by the Court, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written

certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. A Receiving Party's obligations under this paragraph shall not require the destruction or return of Confidential, Highly Confidential or Professional Eyes Only Material by Outside Counsel that is stored on backup storage or in archiving solutions made in accordance with regular data backup procedures for disaster recovery or litigation hold, provided that Outside Counsel maintains the confidentiality thereof in accordance with this Order. If a Receiving Party chooses to take all commercially reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall, if requested by the Producing Party, verify such destruction in writing to counsel for the Producing Party. Notwithstanding anything in this paragraph, to the extent that the information in the Discovery Material remains confidential, the terms of this Order shall remain binding.

IT IS SO ORDERED.

DATED: _____     _____

                                  Judge Dennis Montali

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Confidentiality and Protective Order that was issued by the United States Bankruptcy Court for the Northern District of California on [date] in *In re PG&E Corp.*, et al., CASE NO. 3:19-bk-30088 (the "Order"). I agree to comply with and to be bound by all the terms of the Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the Northern District of California for the purpose of enforcing the terms of this Confidentiality and Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

CONFIDENTIAL

~~TCC~~ ~~WEIL/CRAVATH~~ TCC DRAFT
5/2~~018~~/2019

| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP | CRAVATH, SWAINE & MOORE LLP |
| Stephen Karotkin (*pro hac vice*) | Paul H. Zumbro (*pro hac vice*) |
| (stephen.karotkin@weil.com) | (pzumbro@cravath.com) |
| Ray C. Schrock, P.C. (*pro hac vice*) | Timothy G. Cameron (*pro hac vice pending*) |
| (ray.schrock@weil.com) | (tcameron@cravath.com) |
| Jessica Liou (*pro hac vice*) | Kevin J. Orsini (*pro hac vice*) |
| (jessica.liou@weil.com) | (korsini@cravath.com) |
| Matthew Goren (*pro hac vice*) | Omid H. Nasab (*pro hac vice*) |
| (matthew.goren@weil.com) | (onasab@cravath.com) |
| 767 Fifth Avenue | 825 Eighth Avenue |
| New York, NY 10153-0119 | New York, NY 10019 |
| Tel: 212 310 8000 | Tel: 212 474 1000 |
| Fax: 212 310 8007 | Fax: 212 474 3700 |

Keller & Benvenutti LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and – | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **[PROPOSED] CONFIDENTIALITY AND PROTECTIVE ORDER** |
| ☐  Affects PG&E Corporation ☐  Affects Pacific Gas and Electric Company ☒  Affects both Debtors | |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

WEIL:\96958026\12\67615.0013

This Confidentiality and Protective Order ("**Order**") shall govern the production, review, disclosure, and handling of any Discovery Material (as defined herein) by any person or entity (each a "**Party**" and, collectively, the "**Parties**") in connection with the above-captioned chapter 11 cases pending before the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**"), Ch. 11 Case Nos. 19-30088 (DM) and 19-30089 (DM) (collectively, the "**Chapter 11 Cases**").

1.    PURPOSES AND LIMITATIONS

This Order applies to all discovery in the Chapter 11 Cases and related proceedings, including informal discovery, discovery under Bankruptcy Rule 2004, and discovery in connection with judicial or other proceedings, such as contested matters, adversary proceedings and other disputes (each, a "**Case,**" and collectively, the "**Cases**"). The Parties have sought or may seek certain Discovery Material (as defined below) from one another with respect to the Chapter 11 Cases (collectively, "**Discovery Requests**") as provided by the Federal Rules of Civil Procedure (the "**Federal Rules**"), the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the Bankruptcy Court (the "**Local Rules**"). The purpose of this Order is to facilitate and expedite the production, exchange and treatment of Discovery Material (as defined below) and to protect Discovery Material that a Party seeks to maintain as confidential. However, the Parties acknowledge that this Order does not entitle them to file confidential information under seal without further order of the Court; United States District Court for the Norther District of California Civil Local Rule 79-5 (incorporated into the Local Rules by Rule 1001-2) sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party: a Party that challenges the designation of information or items under this Order.

2.2    Counsel (without qualifier): Outside Counsel of Record or House Counsel (as well as their support staff).

2.3    Designating Party:  a Party that designates information or items that it produces in response to Discovery Requests as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", "PROFESSIONAL EYES ONLY" or "CONTRACTOR CONFIDENTIAL."

2.4    Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to Discovery Requests or provided to industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the Debtors' creditors in connection with the Chapter 11 Cases, including deposition testimony, interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, information and things produced, including information provided to the Receiving Party orally, as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof.

2.5    House Counsel:  attorneys who are employees or contractors of a Party.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.6    Outside Counsel:  attorneys who are not employees of a Party but are retained to represent or advise a Party regarding the Chapter 11 cases.  With respect to the Debtors, and any Official Committee, Outside Counsel refers to counsel that has been retained by one of the above Parties and whose retention has been approved by the Court.

2.7    Producing Party:  a Party that produces Discovery Material.

2.8    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.9    Protected Material:  any Discovery Material that is designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", "PROFESSIONAL EYES ONLY" or "CONTRACTOR CONFIDENTIAL."

2.10    Receiving Party:  a Party that receives Discovery Material directly from the Producing Party.

2

3. SCOPE

This Order applies to all Discovery Material exchanged in or subject to discovery that is produced, formally or informally in response to or in connection with any Discovery Requests in the Cases. Discovery Material produced informally by the Debtors in connection with the Chapter 11 Cases or pursuant to Rule 2004 (unless otherwise agreed by the Debtors) may only be used in the Chapter 11 Cases, including in connection with any contested motions in the Chapter 11 Cases, and may not be used in connection with any adversary proceeding or other litigation. This Order does not affect, amend or modify any existing confidentiality agreements, Committee Bylaws, non-disclosure agreements, intercreditor agreements, protective orders or similar agreements applicable to any Producing Party and/or Receiving Party, and nothing in this Order shall constitute a waiver of any rights under such agreements or orders. Where this Order is in conflict with any existing confidentiality agreements, intercreditor agreements, Committee Bylaws, non-disclosure agreements, protective orders or similar agreements applicable to any Producing Party and/or Receiving Party in connection with the Cases, the provision that provides the most confidentiality protection for Discovery Materials applies.

The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

4. DURATION

Even after Debtors' emergence from Bankruptcy, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. The Debtors' emergence from Bankruptcy shall not relieve the Parties from their

3

responsibility to maintain the confidentiality of Discovery Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Manner and Timing of Designations.</u>  Subject to paragraphs 5.5 and 5.6 and, except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Any Producing Party may designate Discovery Material as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", "PROFESSIONAL EYES ONLY" or "CONTRACTOR CONFIDENTIAL" in accordance with the following provisions:

5.2    <u>"CONFIDENTIAL" Material.</u>  A Producing Party may designate Discovery Material as "CONFIDENTIAL" if such Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that: (1) such Discovery Material (a) constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal or other information of a nature that can be protected under the Bankruptcy Rules or the Federal Rules or (b) is subject by law or by contract to a legally protected right of privacy; or (2) the Producing Party (a) is under a preexisting obligation to a third-party to treat such Discovery Material as confidential or (b) has in good faith been requested by another Party or non-Party to so designate such Discovery Material on the grounds that such other Party or non-Party considers such Discovery Material to contain information that is confidential or proprietary to such Party or non-Party.

5.3    <u>"HIGHLY CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" Material.</u>  A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL" and/or "PROFESSIONAL EYES ONLY" if such Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or includes "HIGHLY CONFIDENTIAL" and/or "PROFESSIONAL EYES ONLY" Material that is of such a nature that a risk of competitive injury or a material risk to the Debtors' development of a plan of reorganization or emergence from Bankruptcy would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 7.3 of this Order, such as trade secrets, sensitive financial, personal or business information, including insurance

4

1  policy information, or material prepared by its industry advisors, financial advisors, accounting advisors,

2  experts or consultants (and their respective staff) that are retained by any Party in connection with these

3  Chapter 11 Cases, and only to the extent that the Producing Party believes in good faith that such material

4  is of such a nature that Highly Confidential or Professional Eyes Only treatment is warranted.

5  5.4   "CONTRACTOR CONFIDENTIAL" Material.   A Producing Party may designate

6  Discovery Material as "CONTRACTOR CONFIDENTIAL" if disclosure of such Material to a PG&E

7  contractor would create a substantial risk of serious harm that could not be avoided by less restrictive

8  means.   "PG&E Contractors" means any non-party or entity retained to provide any goods and/or

9  services to PG&E.  This designation will also encompass the following: (1) any information copied or

10 extracted from Contractor Confidential material; (2) all copies, excerpts, summaries, or compilations of

11 Contractor Confidential material; and (3) any testimony, conversations, or presentations by parties or

12 their Counsel that might reveal Contractor Confidential material.

13  5.5   Manner Of Designating Discovery Material.   Designation in conformity with this Order

14 requires:

15  (a)   for information in documentary form (e.g., paper or electronic documents, but

16 excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix

17 the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", "PROFESSIONAL EYES ONLY" or

18 "CONTRACTOR CONFIDENTIAL" to each page that contains protected material.

19  (b)   for testimony given in deposition or in other pretrial or trial proceedings, such

20 testimony may be designated as appropriate by: (a) Stating so orally on the record and requesting that

21 the relevant portion(s) of testimony is so designated; or (b) Providing written notice within twenty-one

22 (21) days of the Party's receipt of the final transcript from the court reporter that the relevant portion(s)

23 of such transcript or recording of a deposition thereof is so designated, except in the event that a hearing

24 on related issues is scheduled to occur within twenty-one (21) days, in which case the foregoing twenty-

25 one (21) day period will be reduced to seven (7) business days but in no event less than 3 business days

26 before a hearing on related issues.  Until expiration of the aforesaid designation period, as applicable,

27 following receipt of the transcript by the Parties, all deposition transcripts and recordings shall be

28

5

considered and treated as Confidential Material unless otherwise designated by counsel to any Party on the record at the deposition or in other pretrial or trial proceedings.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", "PROFESSIONAL EYES ONLY" or "CONTRACTOR CONFIDENTIAL."

5.6 <u>Inadvertent Failures to Designate.</u> The failure to designate particular Discovery Material as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", "PROFESSIONAL EYES ONLY" or "CONTRACTOR CONFIDENTIAL" at the time of production shall not operate to waive a Producing Party's right to later designate such Discovery Material as Protected Material or later apply another designation pursuant to this Order ("Misdesignated Material"). At such time, arrangement will be made for the destruction of the Misdesignated Material or for the return to the Producing Party of all copies of the Misdesignated Material and for the substitution, where appropriate, of properly labeled copies of such Discovery Material. Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties shall promptly take all commercially reasonable steps to return or destroy all previously produced copies of such Misdesignated Material. If requested by the Producing Party, a Receiving Party shall verify in writing that it has taken all commercially reasonable steps to return or destroy such Misdesignated Material. No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a Court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party that did not make the designation.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

Formatted: Underline

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

Formatted: No underline

6.16.2  Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order. Within three five (35) business days of the date of service of the notice challenging the designation, the Designating Party may elect to contact the Challenging Party to meet and confer.  If the Designating Party timely elects to meet and confer, the Parties shall attempt to resolve each challenge in good faith. If the Designating Party does not timely elect to meet and confer and must begin the process by conferring directly. In conferring, the Challenging Party may seek Judicial Intervention as detailed below.must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the Protected Material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3  Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party must, within ten (10) days of receipt of the writing challenging the designation, file a motion with the Court seeking to confirm the designation.  The motion must be set at the first available date on regular notice.  No Confidential, Professional Eyes Only or Highly Confidential Material shall be filed in the public record prior to such a determination by the Bankruptcy Court.  Any motion brought pursuant to this provision must be accompanied by a competent declaration setting forth the factual basis for the designation.  The burden of proof in any such challenge proceeding shall be on the Designating Party.  Designations which are not made in good faith and/or frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on

7

~~other Parties) may expose the Designating / Challenging Party to sanctions~~affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. ~~All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.~~Failure by the Designating Party to make a timely motion including the required declaration shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Designations which are not made in good faith and/or frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Designating/Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, a~~All~~ Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

~~6.3~~

7.      ACCESS TO AND USE OF DISCOVERY MATERIAL

7.1     Use of Discovery Material. A Receiving Party may use Discovery Material that is disclosed or produced by another Party solely for the purposes of these Chapter 11 Cases and not for any other purpose, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function. In the case of use by Official Committees or Committee Professionals, Protected Material may be used only in a manner consistent with the Committee's duties and responsibilities. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Debtors emerge from Bankruptcy, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the officers, directors, employees, and Counsel of the Receiving Party to whom disclosure is reasonably necessary for purposes of the Chapter 11 Cases or a Case;

(b)    where the Receiving Party is an Official Committee, its members, Outside Counsel and its advisors that are retained by the Official Committee or its Outside Counsel and where necessary approved by the Court, to whom disclosure is reasonably necessary for purposes of the Chapter 11 Cases or a Case;

(c)    the Debtors;

(d)    any Official Committee, including its members, and the Official Committee's Outside Counsel to whom the Producing Party has given consent;

(e)    the U.S. Trustee;

(f)    any other persons specified in Paragraph 7.3 below.

7.3    Disclosure of "HIGHLY CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" only to:

(a)    Outside Counsel of the Receiving Party to whom disclosure is reasonably necessary for purposes of the Chapter 11 Cases or a Case;

(b)    financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the Receiving Party (and in the case of the Debtors or any Official Committee, approved by the Court) in connection with the Chapter 11 Cases who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by any Party (and in the case of the Debtors or any Official Committee, approved by the Court) in connection with the Chapter 11 Cases, to whom the Producing Party may

9

consent in writing and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

        (d)      Outside Counsel for the U.S. Trustee;

        (e)      the Bankruptcy Court or any Court to which an appeal of a Case is taken, and their personnel;

        (f)      court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for purposes of the Chapter 11 Cases or a Case and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (g)      for purposes of witness preparation, any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, in preparation for his or her noticed deposition, hearing, or trial testimony where such Protected Material is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony, and that doing so would not cause competitive harm, provided, however, that such persons (1) sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), (2) are only provided such Protected Material in connection with preparation for the anticipated testimony, and (3) shall not be permitted to retain copies of such Protected Material.

        (h)      Deponents and witnesses where counsel has a good faith basis for believing that the witness would have had knowledge of the contents of the Protected Material in the course of fulfilling his or her responsibilities or has information that directly bears upon the Protected Material.

        (i)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

        (j)      any other person or entity with respect to whom the Producing Party may consent in writing and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

    7.4    <u>Disclosure of "CONTRACTOR CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONTRACTOR CONFIDENTIAL" only to those parties listed in sections 7.2 – 7.3, but may not disclose such information to PG&E contractors or their advisors.

    7.5    <u>Filing or Submitting Protected Material To Court.</u>  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may

10

1  not file in the public record related to a Case or the Chapter 11 Cases any Protected Material. A Party

2  that seeks to file any Protected Material with the Court must file under seal in accordance with the

3  Federal Rules, the Bankruptcy Rules, the Local Rules, and the individual practice rules of the Judge.

4  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the

5  specific Protected Material at issue.

6  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER PROCEEDINGS

7

8        If a Party is served with a subpoena or a court order issued in other proceedings that compels

9  disclosure of any information or items designated in a Case or these Chapter 11 Cases as

10 "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", "PROFESSIONAL EYES ONLY", or

11 "CONTRACTOR CONFIDENTIAL" that Party must:

12             (a)    promptly notify in writing the Designating Party. Such notification shall include

13 a copy of the subpoena or court order;

14             (b)    promptly notify in writing the party who caused the subpoena or order to issue in

15 the other litigation that some or all of the material covered by the subpoena or order is subject to this

16 Order. Such notification shall include a copy of this Order; and

17             (c)    cooperate with respect to all reasonable procedures sought to be pursued by the

18 Designating Party whose Protected Material may be affected.

19       If the Designating Party timely seeks a protective order, the Party served with the subpoena or

20 court order shall not produce any Protected Material before a determination by the Court from which the

21 subpoena or order issued, unless the Party has obtained the Designating Party's permission. The

22 Designating Party shall bear the burden and expense of seeking protection in that Court of its confidential

23 material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving

24 Party in this action to disobey a lawful directive from another Court.

25 9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

26       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material

27 to any person or in any circumstance not authorized under this Order, the Receiving Party must

28 immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best

efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Disclosure of Protected Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

10.     <u>INADVERTENT PRODUCTION OF PRIVILEGED DISCOVERY MATERIAL</u>

        This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. If a Producing Party produces materials that the Producing Party later discovers to be privileged or subject to other protection, such as work-product protection, the production of that material shall not be deemed to constitute the waiver of any applicable privileges or protections. In such circumstances, shortly after the Producing Party becomes aware that privileged material was produced, it must notify the Receiving Party and request, at the Producing Party's election, either the return or the destruction of the produced material. Immediately after receiving such notification, the Receiving Party shall, as instructed, return or destroy and confirm destruction of all such produced material, including all copies, notes, and/or summaries thereof in any Receiving Party work product. The Receiving Party shall not use the contents of such material for any purpose, including in connection with any effort seeking to compel production of the produced material. The Receiving Party must take reasonable steps to retrieve the produced material if the Receiving Party disclosed it before being notified. Such return or destruction and confirmation of destruction shall not preclude the Receiving Party from seeking to compel production of the produced material for reasons other than its production or any information about the contents of the material that was gained due to its production. Moreover, this Order shall not prevent any Party from challenging the designation of such material as privileged or protected and moving to compel production of allegedly privileged or protected documents. If the Receiving Party becomes aware during the review of any material that is likely to be privileged or subject to other protection, the Receiving Party shall immediately notify the Producing Party and sequester the material until the Producing Party has had a reasonable opportunity to respond.

12

11.    DEPOSITIONS

11.1    Presence Of Persons During Deposition Testimony.    Anyone who attends a deposition is subject to the provisions of this Order with respect to such deposition. When Protected Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall, upon request, be excluded from the portion of the deposition so designated.

11.2    Responsibilities And Obligations Of Court Reporters.    In the event that testimony is designated as Confidential, Highly Confidential or Professional Eyes Only Material, the court reporter, who shall first have agreed to abide by the terms of this paragraph, shall be instructed to include on the cover page of each such transcript the legend, "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith," and each page of the transcript shall include the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL", "PROFESSIONAL EYES ONLY" or "CONTRACTOR CONFIDENTIAL" as appropriate. If the deposition is recorded, the recording shall also be subject to the same level of confidentiality as the transcript and include the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", "PROFESSIONAL EYES ONLY," or "CONTRACTOR CONFIDENTIAL" as appropriate, if any portion of the transcript itself is so designated.

12.    PRODUCTION OF CUSTOMER SMART METER DATA

12.1    Pursuant to California Public Utilities Commission Decision No. 11-07-056 and related decisions, utility customer smart meter usage data may only be disclosed after providing affected customers with seven days notice and an opportunity to object to such disclosure as required by the Decision. Pursuant to Debtor Pacific Gas and Electric Company's tariff Electric and Gas Rules 9.M and 27, confidential customer information is subject to similar prior notice requirements as applicable to such customer information. To the extent Debtors produce customer smart meter usage data subject to these rules and tariffs, Debtors shall provide affected customers with appropriate notice prior to production and appropriate notification to the affected customers as required by the rules and tariffs. Producing

Case: 19-30088    Doc# 2460-13    Filed: 06/07/19    Entered: 06/07/19 20:02:19    Page 36 of 41

Party and Receiving Party shall comply with all federal and state privacy laws as applicable to customer data under this Order.

13.    MISCELLANEOUS

13.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future, including as this Order applies to any particular contested matter or adversary proceeding.

13.2    Right to Assert Other Objections.  Nothing in this Order waives any right by a Party that it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.3    Continuing Applicability Of Order.  The provisions of this Order shall survive the Debtors' emergence from Bankruptcy for any retained Discovery Material.  The Debtors' emergence from Bankruptcy shall not relieve the Parties from their responsibility to maintain the confidentiality of Discovery Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

13.4    Amendment Of Order.  This Order is subject to modification by this Court upon good cause shown by any Party.  Nothing herein shall preclude a Party from applying at any time (including, without limitation, after the conclusion of these Chapter 11 proceedings) to the Court for relief from (including, without limitation termination of) any or all of the provisions of this Order.  The Debtors and the Party seeking to modify or terminate the Order shall meet and confer in good faith to reach an agreement on any issues in dispute concerning the meaning, application, or interpretation of this Order prior to any application to the Court for resolution of such dispute.  A Producing Party and a Receiving Party may agree to modify this Order as it applies to a particular production or a particular proceeding in the Cases with (7) business days prior notice to the Debtors.

13.5    Use Of Discovery Material By Producing Party.  Nothing in this Order affects the right of any Producing Party to use or disclose its own Discovery Material in any way.  Such disclosure will not waive the protections of this Order and will not otherwise entitle other Parties or their attorneys to use or disclose such Discovery Material in violation of this Order.

14

13.6   <u>Obligations Of Parties.</u>  Nothing herein shall relieve a Party of its obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with any Dispute or the Chapter 11 Cases.

13.7   <u>Enforcement.</u>   The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

14.   <u>FINAL DISPOSITION</u>

Within 60 days after the conclusion the Debtors' emergence from Bankruptcy, unless otherwise ordered by the Court, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  A Receiving Party's obligations under this paragraph shall not require the destruction or return of Confidential, Highly Confidential or Professional Eyes Only Material by Outside Counsel that is stored on backup storage or in archiving solutions made in accordance with regular data backup procedures for disaster recovery or litigation hold, provided that Outside Counsel maintains the confidentiality thereof in accordance with this Order. If a Receiving Party chooses to take all commercially reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall, if requested by the Producing Party, verify such destruction in writing to counsel for the Producing Party. Notwithstanding anything in this paragraph, to

15

the extent that the information in the Discovery Material remains confidential, the terms of this Order shall remain binding.

IT IS SO ORDERED.

DATED: _____     _____

Judge Dennis Montali

16

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Confidentiality and Protective Order that was issued by the United States Bankruptcy Court for the Northern District of California on [date] in *In re PG&E Corp.*, et al., CASE NO. 3:19-bk-30088 (the "Order"). I agree to comply with and to be bound by all the terms of the Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the Northern District of California for the purpose of enforcing the terms of this Confidentiality and Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1