# EXHIBIT Q

| | |
|---|---|
| **From:** | Fuller, Lars H. <lfuller@bakerlaw.com> |
| **Sent:** | Tuesday, June 4, 2019 5:40 PM |
| **To:** | Slack, Richard; Liou, Jessica; Tran, An; tkeller@kellerbenvenutti.com |
| **Cc:** | Julian, Robert; Dumas, Cecily; Morris, Kimberly S.; Kristiansen, Eric; Green, Elizabeth A.; Goodman, Eric R. |
| **Subject:** | PG&E - Motion for Protective Order - Meet and Confer |
| **Attachments:** | Motion for Protective Order - 06-04-2019.pdf; Motion for Protective Order - Ex A - Proposed Order.pdf; Ex B - USDC California ND - Stipulated Protective Order for Standard Litigation.pdf; PG&E - Ex C - Protective Order - Yellow Cab.pdf |

Richard and Jessica,

We had been communicating with Hannah Jones about the protective order, but it appears Hannah has left Weil Gotshal. Please review the attached, and hopefully we can agree on the language (which mirrors the standard language in the ND of California and for Judge Montali) regarding "judicial intervention." Because this seems to be holding up all discovery production, we'd like to file it with the court tomorrow, either as stipulated or contested. Please confirm by noon PT tomorrow (June 5, 2019) if the Debtors oppose entry of the proposed protected order (attached as Ex. A), or if we can file it with the court as a stipulated, agreed order.

Glad to discuss. Thank you,

Lars

**Lars Fuller**
Counsel


BakerHostetler

1801 California Street | Suite 4400
Denver, CO 80202-2662
T +1.303.764.4114

lfuller@bakerlaw.com
bakerlaw.com

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are

present in this email, or any attachment, that have arisen as a result
of e-mail transmission,

Robert A. Julian (SBN 99469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone: 628.208.6434
Facsimile: 310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>    **-and-**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                **Debtors.**<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>☑ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR ENTRY OF A PROTECTIVE ORDER**<br><br>Date:      June 26, 2019<br>Time:     9:30 a.m. (Pacific Time)<br>Place:    United States Bankruptcy Court<br>             Courtroom 17, 16th Floor<br>             San Francisco, CA 94102<br>**Objection Deadline**: June 19, 2019,<br>                    4:00 p.m. (Pacific Time) |

1

The Official Committee of Tort Claimants (the "**TCC**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") of PG&E Corporation and Pacific Gas and Electric Company (collectively the "**Debtors**"), hereby submits this motion for entry of a protective order governing the production, review, disclosure, and handling of discovery materials produced by the parties in the Chapter 11 Cases (the "**Motion**"). In support of this Motion, the TCC submits the Declaration of Lars Fuller (the "**Fuller Declaration**") filed contemporaneously herewith. A proposed form of order granting the relief requested is attached hereto as **Exhibit A** (the "**Proposed Protective Order**").

## I.    INTRODUCTION

This discovery dispute arises out of the Debtors' two-month refusal to give the TCC access to the documents the Debtors have already produced to the fire victims in the California state court North Bay fire litigation. After two months of arguing over the matter, the Debtors have agreed to provide the TCC with access to the already-produced documents, that are already in the database, provided the TCC agrees to a protective order over certain allegedly "confidential" documents that are in that database. The Debtors insist on a protective order that places the burden of whether or not the documents are confidential on the receiving party, in this case the TCC. This idea flies in the face of the Northern District standard protective order, and every other protective order entered in the state, which places the burden on proving confidentiality on the party placing the restriction of confidentiality on the documents. After two months of attempting to get access to documents the Debtors have already placed in a database for use in litigation, the TCC is now forced to bring this dispute to the Court for resolution.

The parties have agreed substantially on a stipulated proposed protective order to govern the production and exchange of discovery in these jointly administered chapter 11 cases. However, the Debtors have been unwilling to agree to standard, boilerplate language within this District and this Court regarding the provision for "judicial intervention," *i.e.*, which party shall bear the burden of filing a motion to resolve a dispute regarding the designation of materials as confidential. The U.S. District Court's model protective order for the Northern District of California, as well as prior

2

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

approved protective orders in other cases by the Court, place the burden of filing a motion, and the burden of persuasion regarding the asserted protection, upon the "Designating Party," *i.e.*, the party that seeks to designate the information as confidential. The Debtors have been unwilling to consent to this standard language. Instead, the Debtors wish to place the burden of filing a motion and removing the designation as confidential, and the attendant protective restrictions, upon the "Challenging Party," *i.e.*, the party that disputes the designation.

The Debtors have refused to produce relevant discovery in the Cases absent a protective order. Consequently, the TCC files this Motion to obtain the Court's resolution of the disputed proposed language and to enable the parties to proceed with urgent discovery and document production with appropriate protective parameters.

## II.     PROPOSED PROTECTIVE ORDER STRUCTURE

The Proposed Protective Order seeks to govern the production, review, disclosure, and handling of "**Discovery Material**," which is broadly defined to include all information produced in disclosures, responses to discovery requests, or provided to the Debtors' retained advisors and consultants. **Exhibit A**, at Sections 1; 2.4. The Proposed Protective Order provides that the "**Producing Party**," *i.e.*, the party producing the Discovery Materials, may designate the produced information as confidential. *Id.,* at Section 5. The Proposed Protective Order provides four distinct categories of confidentiality. *Id.* at Sections 5.1−5.4. Once a party receives Discovery Material marked as confidential under any of these four categories, the Proposed Protective Order provides significant restrictions and obligations on the access and use of the confidential information. *Id.* at Section 7. Based on these restrictions and obligations, it is far easier and less expensive on the Receiving Party to receive, manage, and utilize Discovery Materials that has not been marked as confidential.

The Proposed Protective Order provides that a Producing Party may only designate Discovery Materials as confidential in "good faith." *Id.* at Sections 5.2−5.3. This limitation regarding whether the Producing Party has properly designated material as confidential in good faith is susceptible to disagreement between the parties, particularly given the substantial burden

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

that is placed upon the Receiving Party upon receipt of Discovery Materials designated as confidential. Consequently, the Proposed Protective Order includes a balanced, progressive procedure for resolution of these disputes, requiring conferral, explanation for the designation, and written challenge. *Id.* at Section 6. To the extent the parties cannot reach agreement on the designation, the process provides for "Judicial Intervention," so that the Court may resolve the disagreement. *Id.* at Section 6.3. The TCC proposes that the burden of bringing the motion to resolve the conflict (the "**Resolution Motion**") should fall on the Designating Party, *i.e.*, the party claiming the confidential designation. The Debtors have refused to agree to such a procedure, and instead want the party seeking the Discovery Materials, *i.e.*, the Challenging Party, as unprotected to bear the burden of requesting the Court's resolution.

## III.    THE COURT'S FORM PROTECTIVE ORDER

The U.S. District Court for the Northern District of California provides a model "Stipulated Protective Order for Standard Litigation." *See* Fuller Declaration, Ex. 1 (the "**Model Order**"). The TCC used the Model Order to draft the Proposed Protective Order. The TCC drafted the "Judicial Intervention" provision of the Proposed Protective Order to mirror the procedure in the Model Order. *Id.* The Model Order's "Judicial Intervention" procedure requires the Designating Party to initiate the Resolution Motion. *Id.* at Section 6.3. The Model Order also provides that the "burden of persuasion in any such challenge proceeding shall be on the Designating Party." *Id.* The TCC Proposed Protective Order proposes these same procedures. Notwithstanding the similarity to the procedure in the Model Order, the Debtors have refused to agree to the Judicial Intervention procedure proposed in the Proposed Protective Order. Instead, the Debtors want the burden of initiating the Resolution Motion, and the burden of persuasion, to be on the Receiving Party.

## IV.    THE COURT'S PRIOR PROTECTIVE ORDERS

The TCC's Proposed Protective Order utilizes the same Resolution Motion procedure as previously approved by this Court in *In re Yellow Cab Cooperative, Inc*. *See* Fuller Declaration, Ex. 2, at Section 6.3 (the "**Yellow Cab Protective Order**"). The procedure requires the Designating Party, not the Requesting Party, to initiate the Resolution Motion. It also requires the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

Designating Party to bear the burden of persuasion that the disputed material should be kept confidential. The TCC's proposed Judicial Intervention procedure mirrors the Court's prior approved protective order in the Yellow Cab Protective Order.

## V.    ARGUMENT

The Proposed Protective Order best places the burden of filing the Resolution Motion upon the party asserting the need for protection. Following this procedure is logical, given that it is the Designating Party that is provided the first opportunity to designate the Discovery Material as confidential, restricted only by the amorphous concept of "good faith." Designation as confidential places significant burdens upon the Receiving Party to maintain, preserve, and utilize confidential Discovery Material. Placing the burden upon the Receiving Party to remove such restrictions would allow the Designating Party to abuse the designation as confidential without consequence. Placing the burden on the Designating Party, rather than the Receiving Party, is the logical way to enforce the Designating Party's good faith, and appropriate use of discretion. To the extent the Designating Party knows it will bear the burden of requesting Judicial Intervention, as well as the burden of persuasion, in keeping a confidential designation for Discovery Materials, it will facilitate keeping the Designating Party honest in utilizing confidential designations only where it is objectively appropriate. Otherwise, the Designating Party will be able to use designations of confidentiality to shift burdens, expense, and significant restrictions upon the Receiving Party for materials that should not be designated as confidential.

## VI.    CONCLUSION

The TCC requests that the Court enter the attached Proposed Protective Order, which complies with the Model Order, as well as the Court's prior approved protective orders, regarding the process for judicial intervention to resolve disputes. In the event the parties are unable to resolve a dispute regarding whether a particular confidential designation is appropriate, the Designating Party should bear the burden of seeking the Court's intervention, as well as the burden of persuasion in demonstrating that the Discovery Materials should be kept confidential. The procedure the Debtors seek to impose is contrary to the established practices of this District and this Court. It

also gives the Designating Party excessive motivation to designate materials as confidential, while placing the burden of removing bad faith and unfounded designations on the Receiving Party who should be entitled to receive them without such designation.

**VII.    NOTICE**

Notice of the Motion will be provided to (i) the Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, PO Box 770000, 77 Beale Street, San Francisco, CA 94105 (Attn: Janet Loduca, Esq.); (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq., Jessica Liou, Esq., and Matthew Goren, Esq.), proposed attorneys for the Debtors; (iii) Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco, CA 94108 (Attn: Tobias Keller, Esq. and Jane Kim, Esq.), attorneys for the Debtors; (iv) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038-4982 (Attn: Kristopher M. Hansen, Esq., Erez E. Gilad, Esq., and Matthew G. Garofalo, Esq.) and 2029 Century Park East, Los Angeles, CA 90067-3086 (Attn: Frank A. Merola, Esq.), as counsel for the administrative agent under the Debtors' debtor-in-possession financing facility; (v) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Eli J. Vonnegut, Esq., David Schiff, Esq., and Timothy Graulich, Esq.), as counsel for the collateral agent under the Debtors' debtor-in-possession financing facility; (vi) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019-6064 (Attn: Alan W. Kornberg, Esq., Brian S. Hermann, Esq., Walter R. Rieman, Esq., Sean A. Mitchell, Esq., and Neal P. Donnelly, Esq.), as counsel to the California Public Utilities Commission; (vii) the Office of the United States Trustee for Region 17, 450 Golden Gate Avenue, 5th Floor, Suite #05-0153, San Francisco, CA 94102 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (viii) the U.S. Nuclear Regulatory Commission, Washington, DC 20555-0001 (Attn: General Counsel); (ix) the U.S. Department of Justice, 1100 L Street, NW, Room 7106, Washington DC 20005 (Attn: Danielle A. Pham, Esq.,) as counsel for the United States on behalf of the Federal Energy Regulatory Commission; (x) Milbank LLP, 55 Hudson Yards, New York, NY 10001-2163 (Attn: Dennis F. Dunne, Esq. and Sam A. Khalil, Esq.) and 2029 Century Park East, 33rd Floor, Los Angeles, CA 90067 (Attn: Paul S. Aronzon, Esq.,

6

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Gregory A. Bray, Esq., and Thomas R. Kreller, Esq.), as counsel for the Official Committee of Unsecured Creditors; and (xi) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The TCC respectfully submits that no further notice is required.

No previous request for the relief sought herein has been made by the TCC to this or any other court.

**WHEREFORE**, the TCC respectfully requests entry of the Proposed Protective Order, attached hereto as Exhibit A.

Dated June 5, 2019

Respectfully Submitted,

BAKER & HOSTETLER LLP

By: _/s/ Robert Julian_

*Counsel for The Official Committee of Tort Claimants*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

**EXHIBIT A**

**PROPOSED PROTECTIVE ORDER**

## EXHIBIT B

**U.S. DISTRICT COURT (N.D. CALIFORNIA)**

**MODEL STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION**

| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP | CRAVATH, SWAINE & MOORE LLP |
| Stephen Karotkin (*pro hac vice*) | Paul H. Zumbro (*pro hac vice*) |
| (stephen.karotkin@weil.com) | (pzumbro@cravath.com) |
| Ray C. Schrock, P.C. (*pro hac vice*) | Timothy G. Cameron (*pro hac vice pending*) |
| (ray.schrock@weil.com) | (tcameron@cravath.com) |
| Jessica Liou (*pro hac vice*) | Kevin J. Orsini (*pro hac vice*) |
| (jessica.liou@weil.com) | (korsini@cravath.com) |
| Matthew Goren (*pro hac vice*) | Omid H. Nasab (*pro hac vice*) |
| (matthew.goren@weil.com) | (onasab@cravath.com) |
| 767 Fifth Avenue | 825 Eighth Avenue |
| New York, NY 10153-0119 | New York, NY 10019 |
| Tel: 212 310 8000 | Tel: 212 474 1000 |
| Fax: 212 310 8007 | Fax: 212 474 3700 |

Keller & Benvenutti LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors*
*and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| **- and –** | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **[PROPOSED] CONFIDENTIALITY AND PROTECTIVE ORDER** |
| ☐   Affects PG&E Corporation<br>☐   Affects Pacific Gas and Electric Company<br>☒   Affects both Debtors | |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

This Confidentiality and Protective Order ("**Order**") shall govern the production, review, disclosure, and handling of any Discovery Material (as defined herein) by any person or entity (each a "**Party**" and, collectively, the "**Parties**") in connection with the above-captioned chapter 11 cases pending before the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**"), Ch. 11 Case Nos. 19-30088 (DM) and 19-30089 (DM) (collectively, the "**Chapter 11 Cases**").

1.      PURPOSES AND LIMITATIONS

This Order applies to all discovery in the Chapter 11 Cases and related proceedings, including informal discovery, discovery under Bankruptcy Rule 2004, and discovery in connection with judicial or other proceedings, such as contested matters, adversary proceedings and other disputes (each, a "**Case,**" and collectively, the "**Cases**"). The Parties have sought or may seek certain Discovery Material (as defined below) from one another with respect to the Chapter 11 Cases (collectively, "**Discovery Requests**") as provided by the Federal Rules of Civil Procedure (the "**Federal Rules**"), the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the Bankruptcy Court (the "**Local Rules**"). The purpose of this Order is to facilitate and expedite the production, exchange and treatment of Discovery Material (as defined below) and to protect Discovery Material that a Party seeks to maintain as confidential. However, the Parties acknowledge that this Order does not entitle them to file confidential information under seal without further order of the Court; United States District Court for the Norther District of California Civil Local Rule 79-5 (incorporated into the Local Rules by Rule 1001-2) sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2.      DEFINITIONS

2.1      Challenging Party:  a Party that challenges the designation of information or items under this Order.

2.2      Counsel (without qualifier):  Outside Counsel of Record or House Counsel (as well as their support staff).

4831-6021-3912.1

2.3    Designating Party:  a Party that designates information or items that it produces in response to Discovery Requests as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", "PROFESSIONAL EYES ONLY" or "CONTRACTOR CONFIDENTIAL."

2.4    Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to Discovery Requests or provided to industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the Debtors' creditors in connection with the Chapter 11 Cases, including deposition testimony, interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, information and things produced, including information provided to the Receiving Party orally, as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof.

2.5    House Counsel:  attorneys who are employees or contractors of a Party.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.6    Outside Counsel:  attorneys who are not employees of a Party but are retained to represent or advise a Party regarding the Chapter 11 cases.  With respect to the Debtors, and any Official Committee, Outside Counsel refers to counsel that has been retained by one of the above Parties and whose retention has been approved by the Court.

2.7    Producing Party:  a Party that produces Discovery Material.

2.8    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.9    Protected Material:  any Discovery Material that is designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", "PROFESSIONAL EYES ONLY" or "CONTRACTOR CONFIDENTIAL."

2.10    Receiving Party:  a Party that receives Discovery Material directly from the Producing Party.

3.      <u>SCOPE</u>

This Order applies to all Discovery Material exchanged in or subject to discovery that is produced, formally or informally in response to or in connection with any Discovery Requests in the Cases. Discovery Material produced informally by the Debtors in connection with the Chapter 11 Cases or pursuant to Rule 2004 (unless otherwise agreed by the Debtors) may only be used in the Chapter 11 Cases, including in connection with any contested motions in the Chapter 11 Cases, and may not be used in connection with any adversary proceeding or other litigation. This Order does not affect, amend or modify any existing confidentiality agreements, Committee Bylaws, non-disclosure agreements, intercreditor agreements, protective orders or similar agreements applicable to any Producing Party and/or Receiving Party, and nothing in this Order shall constitute a waiver of any rights under such agreements or orders. Where this Order is in conflict with any existing confidentiality agreements, intercreditor agreements, Committee Bylaws, non-disclosure agreements, protective orders or similar agreements applicable to any Producing Party and/or Receiving Party in connection with the Cases, the provision that provides the most confidentiality protection for Discovery Materials applies.

The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

4.      <u>DURATION</u>

Even after Debtors' emergence from Bankruptcy, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. The Debtors' emergence from Bankruptcy shall not relieve the Parties from their

responsibility to maintain the confidentiality of Discovery Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

5.    DESIGNATING PROTECTED MATERIAL

    5.1    Manner and Timing of Designations.  Subject to paragraphs 5.5 and 5.6 and, except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Any Producing Party may designate Discovery Material as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", "PROFESSIONAL EYES ONLY" or "CONTRACTOR CONFIDENTIAL" in accordance with the following provisions:

    5.2    "CONFIDENTIAL" Material.  A Producing Party may designate Discovery Material as "CONFIDENTIAL" if such Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that: (1) such Discovery Material (a) constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal or other information of a nature that can be protected under the Bankruptcy Rules or the Federal Rules or (b) is subject by law or by contract to a legally protected right of privacy; or (2) the Producing Party (a) is under a preexisting obligation to a third-party to treat such Discovery Material as confidential or (b) has in good faith been requested by another Party or non-Party to so designate such Discovery Material on the grounds that such other Party or non-Party considers such Discovery Material to contain information that is confidential or proprietary to such Party or non-Party.

    5.3    "HIGHLY CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" Material.  A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL" and/or "PROFESSIONAL EYES ONLY" if such Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or includes "HIGHLY CONFIDENTIAL" and/or "PROFESSIONAL EYES ONLY" Material that is of such a nature that a risk of competitive injury or a material risk to the Debtors' development of a plan of reorganization or emergence from Bankruptcy would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 7.3 of this Order, such as trade secrets, sensitive financial, personal or business information, including insurance

policy information, or material prepared by its industry advisors, financial advisors, accounting advisors, experts or consultants (and their respective staff) that are retained by any Party in connection with these Chapter 11 Cases, and only to the extent that the Producing Party believes in good faith that such material is of such a nature that Highly Confidential or Professional Eyes Only treatment is warranted.

5.4    "CONTRACTOR CONFIDENTIAL" Material.    A Producing Party may designate Discovery Material as "CONTRACTOR CONFIDENTIAL" if disclosure of such Material to a PG&E contractor would create a substantial risk of serious harm that could not be avoided by less restrictive means.    "PG&E Contractors" means any non-party or entity retained to provide any goods and/or services to PG&E.    This designation will also encompass the following: (1) any information copied or extracted from Contractor Confidential material; (2) all copies, excerpts, summaries, or compilations of Contractor Confidential material; and (3) any testimony, conversations, or presentations by parties or their Counsel that might reveal Contractor Confidential material.

5.5    Manner Of Designating Discovery Material.    Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", "PROFESSIONAL EYES ONLY" or "CONTRACTOR CONFIDENTIAL" to each page that contains protected material.

(b)    for testimony given in deposition or in other pretrial or trial proceedings, such testimony may be designated as appropriate by: (a) Stating so orally on the record and requesting that the relevant portion(s) of testimony is so designated; or (b) Providing written notice within twenty-one (21) days of the Party's receipt of the final transcript from the court reporter that the relevant portion(s) of such transcript or recording of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within twenty-one (21) days, in which case the foregoing twenty-one (21) day period will be reduced to seven (7) business days but in no event less than 3 business days before a hearing on related issues.    Until expiration of the aforesaid designation period, as applicable, following receipt of the transcript by the Parties, all deposition transcripts and recordings shall be

considered and treated as Confidential Material unless otherwise designated by counsel to any Party on the record at the deposition or in other pretrial or trial proceedings.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", "PROFESSIONAL EYES ONLY" or "CONTRACTOR CONFIDENTIAL."

5.6     <u>Inadvertent Failures to Designate.</u> The failure to designate particular Discovery Material as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", "PROFESSIONAL EYES ONLY" or "CONTRACTOR CONFIDENTIAL" at the time of production shall not operate to waive a Producing Party's right to later designate such Discovery Material as Protected Material or later apply another designation pursuant to this Order ("Misdesignated Material").  At such time, arrangement will be made for the destruction of the Misdesignated Material or for the return to the Producing Party of all copies of the Misdesignated Material and for the substitution, where appropriate, of properly labeled copies of such Discovery Material.  Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties shall promptly take all commercially reasonable steps to return or destroy all previously produced copies of such Misdesignated Material.  If requested by the Producing Party, a Receiving Party shall verify in writing that it has taken all commercially reasonable steps to return or destroy such Misdesignated Material.  No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation.  Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a Court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party that did not make the designation.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

4831-6021-3912.1

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order. Within five (5) business days of the date of service of the notice challenging the designation, the Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the Protected Material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 <u>Judicial Intervention.</u> If the Parties cannot resolve a challenge without court intervention, the Designating Party must, within ten (10) days of receipt of the writing challenging the designation, file a motion with the Court seeking to confirm the designation. The motion must be set at the first available date on regular notice. No Confidential, Professional Eyes Only or Highly Confidential Material shall be filed in the public record prior to such a determination by the Bankruptcy Court. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. Failure by the Designating Party to make a timely motion including the required declaration shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

4831-6021-3912.1

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Designations which are not made in good faith and/or frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Designating/Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.      ACCESS TO AND USE OF DISCOVERY MATERIAL

        7.1     Use of Discovery Material. A Receiving Party may use Discovery Material that is disclosed or produced by another Party solely for the purposes of these Chapter 11 Cases and not for any other purpose, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function. In the case of use by Official Committees or Committee Professionals, Protected Material may be used only in a manner consistent with the Committee's duties and responsibilities. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Debtors emerge from Bankruptcy, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

        Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

        7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

                (a)     the officers, directors, employees, and Counsel of the Receiving Party to whom disclosure is reasonably necessary for purposes of the Chapter 11 Cases or a Case;

                (b)     where the Receiving Party is an Official Committee, its members, Outside Counsel and its advisors that are retained by the Official Committee or its Outside Counsel and where

necessary approved by the Court, to whom disclosure is reasonably necessary for purposes of the Chapter 11 Cases or a Case;

      (c)    the Debtors;

      (d)    any Official Committee, including its members, and the Official Committee's Outside Counsel to whom the Producing Party has given consent;

      (e)    the U.S. Trustee;

      (f)    any other persons specified in Paragraph 7.3 below.

      7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" only to:

      (a)    Outside Counsel of the Receiving Party to whom disclosure is reasonably necessary for purposes of the Chapter 11 Cases or a Case;

      (b)    financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the Receiving Party (and in the case of the Debtors or any Official Committee, approved by the Court) in connection with the Chapter 11 Cases who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (c)    financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by any Party (and in the case of the Debtors or any Official Committee, approved by the Court) in connection with the Chapter 11 Cases, to whom the Producing Party may consent in writing and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

      (d)    Outside Counsel for the U.S. Trustee;

      (e)    the Bankruptcy Court or any Court to which an appeal of a Case is taken, and their personnel;

      (f)    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for purposes of the Chapter 11 Cases or a Case and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4831-6021-3912.1

1         (g)    for purposes of witness preparation, any deponent or witness who was noticed for

2     a deposition, or is on a witness list for hearing or trial, in preparation for his or her noticed deposition,

3     hearing, or trial testimony where such Protected Material is determined by counsel in good faith to be

4     necessary to the anticipated subject matter of testimony, and that doing so would not cause competitive

5     harm, provided, however, that such persons (1) sign the "Acknowledgment and Agreement to Be Bound"

6     (Exhibit A), (2) are only provided such Protected Material in connection with preparation for the

7     anticipated testimony, and (3) shall not be permitted to retain copies of such Protected Material.

8         (h)    Deponents and witnesses where counsel has a good faith basis for believing that

9     the witness would have had knowledge of the contents of the Protected Material in the course of fulfilling

10    his or her responsibilities or has information that directly bears upon the Protected Material.

11        (i)    the author or recipient of a document containing the information or a custodian or

12    other person who otherwise possessed or knew the information.

13        (j)    any other person or entity with respect to whom the Producing Party may consent

14    in writing and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

15        7.4    <u>Disclosure of "CONTRACTOR CONFIDENTIAL" Information or Items</u>.    Unless

16    otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

17    disclose any information or item designated "CONTRACTOR CONFIDENTIAL" only to those parties

18    listed in sections 7.2 – 7.3, but may not disclose such information to PG&E contractors or their advisors.

19        7.5    <u>Filing or Submitting Protected Material To Court.</u>  Without written permission from the

20    Designating Party or a court order secured after appropriate notice to all interested persons, a Party may

21    not file in the public record related to a Case or the Chapter 11 Cases any Protected Material.  A Party

22    that seeks to file any Protected Material with the Court must file under seal in accordance with the

23    Federal Rules, the Bankruptcy Rules, the Local Rules, and the individual practice rules of the Judge.

24    Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the

25    specific Protected Material at issue.

26    8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER PROCEEDINGS</u>

27

28        If a Party is served with a subpoena or a court order issued in other proceedings that compels

4831-6021-3912.1

disclosure of any information or items designated in a Case or these Chapter 11 Cases as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", "PROFESSIONAL EYES ONLY", or "CONTRACTOR CONFIDENTIAL" that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.   The Designating Party shall bear the burden and expense of seeking protection in that Court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  Disclosure of Protected Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

10.     INADVERTENT PRODUCTION OF PRIVILEGED DISCOVERY MATERIAL

This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.  If a Producing Party produces materials that the Producing Party later discovers to be privileged or subject to other

protection, such as work-product protection, the production of that material shall not be deemed to constitute the waiver of any applicable privileges or protections.   In such circumstances, shortly after the Producing Party becomes aware that privileged material was produced, it must notify the Receiving Party and request, at the Producing Party's election, either the return or the destruction of the produced material.  Immediately after receiving such notification, the Receiving Party shall, as instructed, return or destroy and confirm destruction of all such produced material, including all copies, notes, and/or summaries thereof in any Receiving Party work product.  The Receiving Party shall not use the contents of such material for any purpose, including in connection with any effort seeking to compel production of the produced material.  The Receiving Party must take reasonable steps to retrieve the produced material if the Receiving Party disclosed it before being notified.  Such return or destruction and confirmation of destruction shall not preclude the Receiving Party from seeking to compel production of the produced material for reasons other than its production or any information about the contents of the material that was gained due to its production.  Moreover, this Order shall not prevent any Party from challenging the designation of such material as privileged or protected and moving to compel production of allegedly privileged or protected documents.  If the Receiving Party becomes aware during the review of any material that is likely to be privileged or subject to other protection, the Receiving Party shall immediately notify the Producing Party and sequester the material until the Producing Party has had a reasonable opportunity to respond.

11.     DEPOSITIONS

11.1     Presence Of Persons During Deposition Testimony.  Anyone  who attends a deposition is subject to the provisions of this Order with respect to such deposition. When Protected Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall, upon request, be excluded from the portion of the deposition so designated.

11.2     Responsibilities And Obligations Of Court Reporters.  In the event that testimony is designated as Confidential, Highly Confidential or Professional Eyes Only Material, the court reporter, who shall first have agreed to abide by the terms of this paragraph, shall be instructed to include on the cover page of each such transcript the legend, "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith," and each page of the transcript shall

4831-6021-3912.1

include the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL", "PROFESSIONAL EYES ONLY" or "CONTRACTOR CONFIDENTIAL" as appropriate. If the deposition is recorded, the recording shall also be subject to the same level of confidentiality as the transcript and include the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", "PROFESSIONAL EYES ONLY," or "CONTRACTOR CONFIDENTIAL" as appropriate, if any portion of the transcript itself is so designated.

12.    PRODUCTION OF CUSTOMER SMART METER DATA

12.1    Pursuant to California Public Utilities Commission Decision No. 11-07-056 and related decisions, utility customer smart meter usage data may only be disclosed after providing affected customers with seven days notice and an opportunity to object to such disclosure as required by the Decision. Pursuant to Debtor Pacific Gas and Electric Company's tariff Electric and Gas Rules 9.M and 27, confidential customer information is subject to similar prior notice requirements as applicable to such customer information. To the extent Debtors produce customer smart meter usage data subject to these rules and tariffs, Debtors shall provide affected customers with appropriate notice prior to production and appropriate notification to the affected customers as required by the rules and tariffs. Producing Party and Receiving Party shall comply with all federal and state privacy laws as applicable to customer data under this Order.

13.    MISCELLANEOUS

13.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future, including as this Order applies to any particular contested matter or adversary proceeding.

13.2    Right to Assert Other Objections. Nothing in this Order waives any right by a Party that it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.3    Continuing Applicability Of Order. The provisions of this Order shall survive the Debtors' emergence from Bankruptcy for any retained Discovery Material. The Debtors' emergence from Bankruptcy shall not relieve the Parties from their responsibility to maintain the confidentiality of

4831-6021-3912.1

Discovery Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

13.4    Amendment Of Order.  This Order is subject to modification by this Court upon good cause shown by any Party.  Nothing herein shall preclude a Party from applying at any time (including, without limitation, after the conclusion of these Chapter 11 proceedings) to the Court for relief from (including, without limitation termination of) any or all of the provisions of this Order.  The Debtors and the Party seeking to modify or terminate the Order shall meet and confer in good faith to reach an agreement on any issues in dispute concerning the meaning, application, or interpretation of this Order prior to any application to the Court for resolution of such dispute.  A Producing Party and a Receiving Party may agree to modify this Order as it applies to a particular production or a particular proceeding in the Cases with (7) business days prior notice to the Debtors.

13.5    Use Of Discovery Material By Producing Party.  Nothing in this Order affects the right of any Producing Party to use or disclose its own Discovery Material in any way.  Such disclosure will not waive the protections of this Order and will not otherwise entitle other Parties or their attorneys to use or disclose such Discovery Material in violation of this Order.

13.6    Obligations Of Parties.  Nothing herein shall relieve a Party of its obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with any Dispute or the Chapter 11 Cases.

13.7    Enforcement.  The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

14.    FINAL DISPOSITION

Within 60 days after the conclusion the Debtors' emergence from Bankruptcy, unless otherwise ordered by the Court, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written

4831-6021-3912.1

certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. A Receiving Party's obligations under this paragraph shall not require the destruction or return of Confidential, Highly Confidential or Professional Eyes Only Material by Outside Counsel that is stored on backup storage or in archiving solutions made in accordance with regular data backup procedures for disaster recovery or litigation hold, provided that Outside Counsel maintains the confidentiality thereof in accordance with this Order. If a Receiving Party chooses to take all commercially reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall, if requested by the Producing Party, verify such destruction in writing to counsel for the Producing Party. Notwithstanding anything in this paragraph, to the extent that the information in the Discovery Material remains confidential, the terms of this Order shall remain binding.

IT IS SO ORDERED.

DATED: _____    _____
                                                    Judge Dennis Montali

4831-6021-3912.1

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Confidentiality and Protective Order that was issued by the United States Bankruptcy Court for the Northern District of California on [date] in *In re PG&E Corp.*, et al., CASE NO. 3:19-bk-30088 (the "Order"). I agree to comply with and to be bound by all the terms of the Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the Northern District of California for the purpose of enforcing the terms of this Confidentiality and Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

4831-6021-3912.1

4831-6021-3912.1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff,<br><br>v.<br><br><br><br>Defendant. | Case No.<br><br>STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION |

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     DEFINITIONS

2.1     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    Receiving Party:  a Party that receives Disclosure or Discovery Material from a

Producing Party.

3.      SCOPE

         The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      DURATION

         Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

         5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within

the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and

must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately

bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.

Case: 19-30088    Doc# 2460-17    Filed: 06/07/19    Entered: 06/07/19 20:02:19    Page 38 of 42

Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

9

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each

Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: _____     _____
                                        Attorneys for Plaintiff


DATED: _____     _____
                                        Attorneys for Defendant



PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: _____     _____
                                        United States District/Magistrate Judge

1    <u>EXHIBIT A</u>

2    <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3    I, _____ [print or type full name], of _____ [print or

4    type full address], declare under penalty of perjury that I have read in its entirety and understand the

5    Stipulated Protective Order that was issued by the United States District Court for the Northern

6    District of California on [date] in the case of _____ **[insert formal name of the case and the**

7    **number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the

8    terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply

9    could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I

10   will not disclose in any manner any information or item that is subject to this Stipulated Protective

11   Order to any person or entity except in strict compliance with the provisions of this Order.

12   I further agree to submit to the jurisdiction of the United States District Court for the Northern

13   District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even

14   if such enforcement proceedings occur after termination of this action.

15   I hereby appoint _____ [print or type full name] of

16   _____ [print or type full address and telephone number] as

17   my California agent for service of process in connection with this action or any proceedings related

18   to enforcement of this Stipulated Protective Order.

19

20   Date: _____

21   City and State where sworn and signed: _____

22

23   Printed name: _____

24

25   Signature: _____

26

27

28