# EXHIBIT S

**Minga, Jay**

| | |
|---|---|
| **From:** | Fuller, Lars H. <lfuller@bakerlaw.com> |
| **Sent:** | Tuesday, June 4, 2019 8:41 PM |
| **To:** | Minga, Jay |
| **Cc:** | Karotkin, Stephen; Slack, Richard; Tran, An; Liou, Jessica; tkeller@kellerbenvenutti.com; Julian, Robert; Dumas, Cecily; Morris, Kimberly S.; Kristiansen, Eric; Green, Elizabeth A.; Goodman, Eric R. |
| **Subject:** | RE: PG&E - Motion for Protective Order - Meet and Confer |

Jay,

Thank you for your response.  We are still in disagreement about the appropriate judicial intervention procedure.  I can discuss further tomorrow morning at 10 am PT if you think the Debtors will agree to the process the TCC has proposed, which follows the model protective order (i.e., the Designating Party will bear the burden of seeking judicial intervention and the burden of persuasion to maintain disputed confidential protection for designated materials).  If not, the TCC is unpersuaded that the alternate procedure is appropriate or makes sense.  The TCC is advised that the Debtors have sought confidential restrictions extensively on produced materials in other matters.  Given the volume of materials and the burden of confidential restrictions, the TCC is unwilling to agree to the Debtors' proposed procedure.  Particularly given that the designation of confidentiality requires an evidentiary foundation, it makes the most sense that the Designating Party bear the burden of demonstrating that it has exercised its good faith designation appropriately, and is not merely imposing an undue burden upon the Receiving Party.  If the Debtors are unwilling to agree to the process proposed by the TCC that mirrors the model protective order, the TCC will file the motion with the Court tomorrow afternoon, and note that the Debtors remain opposed to the identified language.  Thank you,

Lars

**Lars Fuller**
Counsel

**BakerHostetler**

1801 California Street | Suite 4400
Denver, CO 80202-2662
T +1.303.764.4114

lfuller@bakerlaw.com
bakerlaw.com



**From:** Minga, Jay <Jay.Minga@weil.com>
**Sent:** Tuesday, June 4, 2019 5:04 PM
**To:** Fuller, Lars H. <lfuller@bakerlaw.com>
**Cc:** Karotkin, Stephen <stephen.karotkin@weil.com>; Slack, Richard <richard.slack@weil.com>; Tran, An <An.Tran@weil.com>; Liou, Jessica <jessica.liou@weil.com>; tkeller@kellerbenvenutti.com; Julian, Robert <rjulian@bakerlaw.com>; Dumas, Cecily <cdumas@bakerlaw.com>; Morris, Kimberly S. <kmorris@bakerlaw.com>; Kristiansen, Eric <EKristiansen@bakerlaw.com>; Green, Elizabeth A. <egreen@bakerlaw.com>; Goodman, Eric R. <egoodman@bakerlaw.com>
**Subject:** RE: PG&E - Motion for Protective Order - Meet and Confer

Lars,

The UCC and the Debtors are both on board with the attached draft of the protective order. This draft largely accepted your previously proposed language, except in the limited areas set forth below.

First, since we and the TCC disagree on language with respect to the burden of proof on motions to challenge designations, we have agreed to remove the sentence entirely that assigns the burden on a motion concerning designation on the Challenging Party. We have instead left this issue to existing law.

Second, we have largely left in your new paragraph relating to non-waiver of the right to challenge a designation.

Third, consistent with Judge Montali's past protective orders including the following examples, we have provided that the party challenging a designation is responsible for seeking a ruling before the Bankruptcy Court. *See, e.g.*, Stipulation for Protective Order; Order Thereon, *In re RDIO, Inc.*, Case No. 15-31430 (Jan. 15, 2016), ECF No. 165 ¶ 16 ("at the end of [the period in which the Parties shall attempt to resolve an objection] *the Objecting Party* may seek a ruling from the Bankruptcy Court on an expedited basis that such information should not be treated as Confidential Information or Advisors' Eyes Only Information") (emphasis added); Stipulated Protective Order, *In re PG&E*, Case No. 01-30923 (May 11, 2001), ECF No. 503 ¶ 10 ("If the challenge cannot be resolved, *the party challenging* the designation may request appropriate relief from the Court.") (emphasis added); Stipulated Protective Order, *In re PG&E*, Case No. 01-30923 (May 24, 2001), ECF No. 691 ¶ 10 (same); Stipulated Protective Order Regarding Confidential Information, *In re PG&E*, Case No. 01-30923 (May 22, 2001), ECF No. 619 ¶ 17 ("If agreement cannot be reached, *the party seeking a change in the status of a document* may apply promptly to the Court for appropriate relief.") (emphasis added); Order Directing Production of Documents to ISO/PX Market Participants Pursuant to Federal Bankruptcy Rule 2004 and Protective Order Respecting Confidentiality of Documents, *In re PG&E*, Case No. 01-30923 (July 11, 2001), ECF No. 1448 ¶ 5.I. ("[If] the party seeking disclosure and the Affected Market Participant(s) are unable to agree upon a procedure that would permit the disclosure of the Responsive Information, then the Responsive Information shall not be disclosed; except, *the party seeking disclosure* may then request a ruling from the United States Bankruptcy Court . . . .") (emphasis added); Agreed Protective Order, *In re Brobeck, Phleger & Harrison*, Case No. 03-32715-DM7 (Nov. 8, 2004), ECF No. 666 ¶ 10 ("If the Parties are not able to resolve their disagreement(s), *the objecting Party* may move for an order from the Court challenging the designation, and such a motion may be brought on an expedited basis with at least two business days' advance notice to the Parties.") (emphasis added).

While we recognize that the model protective order applicable to all cases has different language, given that this is a bankruptcy case, and the sheer numerosity of counterparties to whose challenges Debtors may need to respond at any time, it is not surprising that Judge Montali has entered orders in bankruptcy cases putting the onus on the challenging parties to bring the challenging parties' disputes before the court.

Fourth, since we and the TCC also disagree with the sentences that attempt to create a risk of sanctions for designating and challenging parties, we have deleted that sentence as well. Obviously, any designating or challenging party remains free to make a motion to the Court if the other party is acting other than in good faith.

Let's have a call tomorrow or Thursday to meet and confer if you still have any issues.

Best,
Jay



**Jay Minga**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Jay.Minga@weil.com

2

+1 212 310 8378 Direct
+1 646 467 2079 Mobile
+1 212 310 8007 Fax

**From:** Fuller, Lars H. <lfuller@bakerlaw.com>
**Sent:** Tuesday, June 4, 2019 5:40 PM
**To:** Slack, Richard <richard.slack@weil.com>; Liou, Jessica <jessica.liou@weil.com>; Tran, An <An.Tran@weil.com>; tkeller@kellerbenvenutti.com
**Cc:** Julian, Robert <rjulian@bakerlaw.com>; Dumas, Cecily <cdumas@bakerlaw.com>; Morris, Kimberly S. <kmorris@bakerlaw.com>; Kristiansen, Eric <EKristiansen@bakerlaw.com>; Green, Elizabeth A. <egreen@bakerlaw.com>; Goodman, Eric R. <egoodman@bakerlaw.com>
**Subject:** PG&E - Motion for Protective Order - Meet and Confer

Richard and Jessica,

We had been communicating with Hannah Jones about the protective order, but it appears Hannah has left Weil Gotshal. Please review the attached, and hopefully we can agree on the language (which mirrors the standard language in the ND of California and for Judge Montali) regarding "judicial intervention." Because this seems to be holding up all discovery production, we'd like to file it with the court tomorrow, either as stipulated or contested. Please confirm by noon PT tomorrow (June 5, 2019) if the Debtors oppose entry of the proposed protected order (attached as Ex. A), or if we can file it with the court as a stipulated, agreed order.

Glad to discuss. Thank you,

Lars

**Lars Fuller**
Counsel

**BakerHostetler**

1801 California Street | Suite 4400
Denver, CO 80202-2662
T +1.303.764.4114

lfuller@bakerlaw.com
bakerlaw.com



This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, [postmaster@weil.com](mailto:postmaster@weil.com), and destroy the original message. Thank you.