**WEIL, GOTSHAL & MANGES LLP**
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

**KELLER & BENVENUTTI LLP**
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **DEBTORS' *EX PARTE* UNOPPOSED APPLICATION FOR ORDER PURSUANT TO L.B.R. 9006-1(a) SHORTENING NOTICE OF HEARING ON MOTION FOR ENTRY OF PROTECTIVE ORDER PURSUANT TO FED. R. BANKR. P. 7026 AND 9014(c) AND 11 U.S.C. § 105(a) GOVERNING DISCOVERY MATERIALS AND OTHER INFORMATION** |
| Debtors. | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | Related Document: Dkt. No. 2459 |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | [No hearing requested] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this *Ex Parte* Unopposed Application (the "**Application**"), pursuant to Rule 9006-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for entry of an order shortening notice of a hearing on June 26, 2019, at 9:30 a.m. (Pacific Time), on the *Motion for Entry of Protective Order Pursuant to Fed. R. Bankr. P. 7026 and 9014(c) and 11 U.S.C. § 105(a) Governing Discovery Materials and Other Information* (the "**Protective Order Motion**")[1] [Dkt. No. 2459], which the Debtors filed on June 7, 2019.

In support of this Application, the Debtors refer to and rely upon the Declaration of Richard W. Slack (the "**Slack Declaration**"), filed today in support of the Protective Order Motion [Dkt. No. 2460].

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    JURISDICTION**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.    BACKGROUND**

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Protective Order Motion.

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**UCC**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**TCC**"; collectively with the UCC, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Dkt. No. 263].

### III. SHORTENED NOTICE FOR THE MOTION ON THE PROTECTIVE ORDER IS WARRANTED

Pursuant to Bankruptcy Local Rule 9014-1(b)(3)(A) and the *Second Amended Order Implementing Certain Notice and Case Management Procedures* entered on May 14, 2019 [Dkt. No. 1996], paragraph 25, a hearing on the Protective Order Motion normally requires at least twenty-one (21) days' notice. Bankruptcy Local Rule 9006-1(a) provides that, except as set forth therein, "approval of the Court is required to enlarge or to shorten time to perform any act or file any paper pursuant to the Federal Rules of Civil Procedure, the Bankruptcy Rules, or these Bankruptcy Local Rules." By this Application, the Debtors seek to shorten notice to 19 days, so the Protective Order Motion can be heard on June 26, 2019.

As the Court is aware, the Debtors have for some time been engaged in the preparation of a standard form of protective order. After extensive internal communications and coordination with co-counsel and Debtors' internal legal staff, the Debtors circulated their proposed form of protective order to the Committees on May 17. Slack Decl. ¶ 5. Since that time, the Debtors have engaged in extensive communications and negotiations with both Committees in an effort to resolve concerns raised by the UCC and TCC, and if possible to reach consensus with them on the form of protective order. *Ibid.*, ¶¶ 6-17. This was a time-consuming process, as each significant revision involved discussions not only with the respective Committees' counsel but also with multiple co-counsel and in-house counsel for the Debtors, in light of the potential scope and breadth, and the significance of the impact on the Debtors, of the order once adopted by the Court. *Ibid.*, ¶ 19.

These efforts to reach agreement produced considerable progress, and continued up to June 5, when an impasse was reached between the Debtors and the TCC. On the evening of June 4, the TCC informed the Debtors that, if the Debtors did not agree to the TCC's position on one particular issue by noon the following day, the TCC intended to file a motion to approve its own form of protective order. The Debtors continued to try to reach agreement, but late the next day the TCC filed its motion. *Ibid.*, ¶¶ 1–16. Because they had been focused on efforts to reach a consensual agreement and anticipated filing a motion to approve an agreed form of protective order up until receiving the TCC's email the night of June 4, and due to the relatively time-consuming process for obtaining approvals from multiple co-counsel and client representatives, the Debtors needed until today to file their Protective Order Motion. *Ibid.*, ¶ 18.

The *Motion of the Official Committee of Tort Claimants for Entry of a Protective Order* [Dkt. No. 2419] ("**TCC Motion**") is set to be heard at the omnibus hearing on June 26, 2019. The TCC Motion seeks entry of a standard form of protective order for these Chapter 11 Cases that differs in certain material respects from the form of order prepared by the Debtors. The Debtors believe that it is necessary to the efficient administration of these Chapter 11 Cases that the Court, in deciding the appropriate form of standard protective order, have before it not only the form of order proposed by the TCC, but also the Debtors' proposed form of order that has been shaped by many weeks of internal effort and three weeks of negotiation among the Debtors and the two Committees. To that end, the Debtors seek shortened notice so their Protective Order Motion can be heard on June 26 at the same time as the TCC Motion. (Alternatively, and while this is not their preferred option, the Debtors request that the hearing on both motions be set for a date after June 26.)

The TCC and the UCC do not object to shortening notice as requested herein. Slack Decl. ¶ 21.

Accordingly, the Debtors request the Court to authorize shortened notice for hearing of the Protective Order Motion as follows:

    a. June 7, 2019 – Protective Order Motion filed and served;

    b. June 19, 2019, at 4:00 pm – deadline for responses to Protective Order Motion

    c. June 26, 2019, at 9:30 am – hearing on Protective Order Motion.

There have been no prior requests for shortened notice relating to the Protective Order Motion.

IV. NOTICE

Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE,** the Debtors respectfully request entry of an order shortening time for notice of hearing on the Protective Order Motion.

Dated: June 7, 2019

**WEIL, GOTSHAL & MANGES LLP**
**KELLER & BENVENUTTI LLP**

By: /s/ *Peter J. Benvenutti*
  Peter J. Benvenutti
*Attorneys for Debtors and Debtors in Possession*