AARON J. MOHAMED (SBN 245915)
**BRERETON LAW OFFICE, APC**
1362 Pacific Ave., Suite 221
Santa Cruz, CA 95060
ajm@brereton.law

Attorneys for Plaintiffs / Creditors
MARK ELWARD and MICHAEL ELWARD

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| In Re: | Case No. |
|---|---|
| Pacific Gas and Electric Company, PG&E Corporation,<br><br>    Debtors<br><br>(U.S. Bankruptcy Proceedings 19-30088, and 19-30098) | **ADVERSARY COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF RE: PUNITIVE DAMAGES, ATTORNEY FEES, NONDISCHARGEABILITY, PROPER IDENTITY OF DEBTOR, OBJECTION TO DISCHARGE**<br><br>**FEDERAL RULE OF BANKRUPTCY PROCEDURE § 7001 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |
| Mark Elward, an individual, and Mike Elward, an individual<br><br>        Creditors / Plaintiffs<br><br>vs.<br><br>Pacific Gas and Electric Company, a California Corporation and Public Utility, and PG&E Corporation, a California Corporation and Public Utility,<br><br>        Debtors / Defendants. | |

/ / /

/ / /

/ / /

/ / /

1

ADVERSARY COMPLAINT

## I. **INTRODUCTION**

1. California Public Utilities Code section 2106 states:

*"Any public utility which does, causes to be done, or permits any act, matter, or thing prohibited or declared unlawful, or which omits to do any act, matter, or thing required to be done, either by the Constitution, any law of this State, or any order or decision of the commission, shall be liable to the persons or corporations affected thereby for all loss, damages, or injury caused thereby or resulting therefrom. If the court finds that the act or omission was willful, it may, in addition to the actual damages, award exemplary damages."*

2. California Public Utilities Code section 2106 also states:

*"An action to recover for such loss, damage, or injury may be brought in any court of competent jurisdiction by any corporation or person."*

3. Plaintiffs filed the underlying State Court action on December 14, 2018, Santa Cruz Superior Court Case number 18CV03627 (the "State Court Action"). The State Court Action concerns Plaintiffs' development of an apartment complex at the property known as 153 E. Riverside Dr., Watsonville, CA 95076 (referred to herein as either the "Property" / the "Riverside Drive Property" / the "Riverside Drive Development" or the "Development"). Plaintiffs engaged with Defendant Pacific Gas and Electric Company in order to secure utility connections for the Riverside Drive Development. As set forth more fully herein and as to be proven at trial, Defendant committed a series of negligent, willfully negligent, malicious, fraudulent, and deceitful actions which proximately caused substantial damage to Plaintiffs. Pacific Gas and Electric Company's actions caused substantial delay in the completion of the Development and caused Plaintiffs to be financially damaged and to incur additional cost and expense as set forth more fully herein and in amounts to be proven at trial.

4. In the State Court Action, Plaintiffs named Pacific Gas and Electric Company, a California Corporation and Public Utility; and Does 1-99 as party Defendants, pursuant to California Code of Civil Procedure section 474.

5. On January 29, 2019, Debtor Pacific Gas and Electric Company filed Chapter 11

///

2

Bankruptcy proceeding number 19-30089. Also on January 29, 2019, Debtor PG&E Corporation filed Chapter 11 Bankruptcy proceeding number 19-30088.

6. On March 29, 2019 Plaintiffs filed Proof of Claim #34 against Debtor PG&E Corporation. On June 14, 2019 Plaintiffs filed Proof of Claim #54 against Debtor Pacific Gas and Electric Company. (Exhibits A and B hereto – supporting documentation omitted).

7. By this adversary proceeding, under Federal Rule of Bankruptcy Procedure 7001 et seq., Plaintiffs seek injunctive and declaratory relief in determining that Defendants, and each of them, acted intentionally, willfully, maliciously, and / or grossly negligent, such that punitive damages are and shall be rightly and properly imposed under applicable California State Law, including but not limited to California Code of Civil Procedure section 3294. Upon such a finding, Plaintiffs would amend their Proofs of Claim on file to reflect such an award of punitive damages.

8. Further by this adversary proceeding, Plaintiffs hereby object to any discharge contemplated by the Chapter Eleven Bankruptcy Proceedings referenced above (cases 19-30088 and 19-30089), under all applicable law including but not limited to 11 USC section 727 et seq.

9. Further by this adversary proceeding, Plaintiffs seek a determination that the debts owed to Plaintiffs as set forth in their proofs of claim (Claims #34 in Case 19-30088 and #54 in case 19-30089) are nondischargeable, pursuant to all applicable law including but not limited to 11 USC section 523 et seq.

10. Further by this adversary proceeding, Plaintiffs seek a court declarative order, determining which entity subject to the instant Bankruptcies are the true Debtor to Claimants debt for the wrongful acts alleged herein, and in the underlying State Court Action

## II.    JURISDICTION, VENUE, and CONSENT TO FINAL ORDERS

1. Pursuant to 28 USC section 157, the U.S. Bankruptcy Court has jurisdiction to hear and determine adversary proceedings brought pursuant to the portions of the Federal Rules and United States Code relevant herein, including FRBP 7001, 11 USC section 523 and 11 USC section 727.

3

2. Venue in this Court is proper because this is the Court where the instant Bankruptcy Petitions (19-30088, 19-30089) are pending (28 USC § 1409(a)).

3. Pursuant to Federal Rule of Bankruptcy Procedure 7008(a), Plaintiffs consent to entry of final orders or judgment by the bankruptcy court only as to those matters determined to be core-bankruptcy matters under applicable law, including but not limited to 28 USC section 157 et seq.

## III. IDENTITY AND CAPACITY OF PARTIES

1. At all times herein concerned, Plaintiff Mark Elward is and has been an individual residing in the County of Santa Cruz.

2. At all times herein concerned, Plaintiff Michael ("Mike") Elward is and has been an individual residing in the County of Santa Cruz. Plaintiffs Mark Elward and Mike Elward are natural brothers.

3. Defendant Pacific Gas and Electric Company is a California Corporation doing business in the County of Santa Cruz. Defendant Pacific Gas and Electric Company is a public utility, providing utility services to members of the public.

4. At all times herein concerned, Defendant Pacific Gas and Electric Company is and has been bound to the statutes and authorities contained in the California Public Utilities Code and other applicable law.

5. It is alleged herein, as set forth above, that Defendant / Debtor PG&E Corporation is a California Corporation doing business in the County of Santa Cruz. Defendant PG& Corporation is a public utility, providing utility services to members of the public.

6. At all times herein concerned, Defendant PG&E Corporation is and has been bound to the statutes and authorities contained in the California Public Utilities Code and other applicable law.

7. At all times mentioned herein, each defendant, were the agents and/or employees of each of the remaining co-defendants and in doing the things stated herein were acting within the scope of such agency and/or employment.

/ / /

4

## IV.    FACTUAL SUMMARY OF STATE COURT CLAIM

8.    In or around 2015, Plaintiffs commenced efforts to develop the Riverside Drive Property into an apartment complex of fourteen apartments.

9.    In or around middle year 2015, Plaintiffs contacted Defendant PG&E for the first time related to the Riverside Drive Development. This contact was made via Plaintiffs' architect on the project, Daryl Woods. Mr. Woods spoke with PG&E Representative William Clifton.

10. Through their architect Mr. Woods, Plaintiffs communicated their need to apply for a utility connection for the Development that they were planning. Plaintiff expressed to Defendant's representative Mr. Clifton that they were pursuing their application for services even before groundbreaking on the project, in order to ensure that everything went smoothly. PG&E represented that they would act diligently to ensure a smooth application and connection process.

11.   In October 2015, Plaintiffs filed an application for connection of utilities with Defendant PG&E. Defendant invoiced Plaintiffs for the application fee of $5,000.00, which Plaintiffs paid.

12.   On October 20, 2015, Defendant PG&E acknowledged their receipt of Plaintiffs' application for connection of utilities. This acknowledgement was in the form of a letter directed to Plaintiff Mark Elward.

13.   In or around April 2016, Plaintiffs secured a construction loan for financing of the Development. Plaintiffs secured a construction loan of $2,500,000.00 from Santa Cruz County Bank. According to the terms of that loan, the loan was due and payable on July 12, 2017.

14. Plaintiffs broke ground on the development in 2016.

15. From October 2015 onward, Plaintiffs communicated numerous times with PG&E, mostly through its representative William Clifton. Mr. Clifton represented to Plaintiffs that he was the PG&E representative who was handling their connection application through all of its stages, including acting as the inspector on their final inspections. Mr. Clifton at all times

5

1    represented that he was empowered by Defendant to act in such a manner, including as
2    inspector, and that he had the authority to sign off on inspections on behalf of Defendant.

3    16. Throughout the entirety of the construction of the Development, Plaintiffs followed
4    every instruction and mandate given to them by Defendant PG&E.

5    17. In or around October 2016, Mr. Clifton represented to Plaintiffs that their connection
6    had been approved, and that he had a "trench package" in hand for Plaintiffs. Mr. Clifton
7    directed Plaintiffs to meet him at the Property to receive the trench package.

8    18. Plaintiffs met Defendant's representative Mr. Clifton at the Riverside Property in
9    October, 2016. At the October 2016 meeting, Mr. Clifton changed his position and made an
10   excuse for not having the trench package ready. Mr. Clifton informed Plaintiffs that he was
11   unable to approve the requested utility connection.

12   19. In January 2017 Plaintiffs again met Mr. Clifton at the Property. Mr. Clifton
13   provided Plaintiffs with a map, materials information, and directions for installing electrical
14   conduit and gas lines. Plaintiffs followed Mr. Clifton's instructions and ran gas and electrical
15   connections at the Development, per said instructions.

16   20. In March and April, 2017 Mr. Clifton met with Plaintiffs and conducted inspections
17   based on the requirements previously given to Plaintiffs, in order for the Development to be
18   ready for connection to utility service. Mr. Clifton represented that he was the inspector, acting
19   on behalf of Defendant PG&E, and that he had authority to act as inspector.

20   21. In April 2017, PG&E, through their representative Clifton, approved Plaintiffs'
21   development for utility connection and informed Plaintiffs that they would have connection
22   within four weeks.

23   22. In or around April, 2017, Defendant PG&E refunded Plaintiffs' application fee of
24   $5,000.00. Plaintiffs are informed and believe that Defendant PG&E lost or destroyed their
25   application for utility services.

26   23. In or around May, 2017, Defendant representative Christina Reyes contacted
27   Plaintiffs. Ms. Reyes represented to Plaintiffs that the Development could not be connected for
28   service, because they had not received a "trench package," that William Clifton was not an

6

authorized PG&E inspector, that substantial rains in 2017 had delayed all projects, and other representations.

24. Ongoing from May 2017, Defendant PG&E caused more and further delays to utility connections for the development. Despite reasonable and diligent efforts by Plaintiffs to comply with Defendant's demands, Defendant continued to refuse to connect utility service. These delays caused by Defendant include but are not limited to PG&E demanding the following items:

    a. Plaintiffs were required to move a gas-line which Plaintiffs had installed per prior representations by PG&E.

    b. Plaintiffs were required to wait months more to be provided with a "trench package" without which, utility connections could not be made.

    c. Plaintiffs were required to pursue obtaining an easement from the Department of Transportation, to allow service lines to be run across a state highway (this turned out to not be necessary).

25. At all times herein concerned, Plaintiffs proceeded in a reasonable manner in the furtherance of the Riverside Drive Development project. Plaintiffs actions are not all recited herein, but include and are not limited to the following:

    a. Obtaining all necessary State, County, and Local permits and permissions for the project.

    b. Complying with all demands and requirements asserted by Defendant PG&E in order to be eligible for utilities connection. Plaintiffs also reasonably relied on the various representations made by PG&E, including by its representatives William Clifton, Christina Reyes, and others. This also includes performing acts at the behest and requirement of Defendant, which acts turned out later to be unnecessary.

    c. Securing apartment tenants at a time when it was reasonable for Plaintiffs to believe that the Development would be completed by the move-in date of said tenants (Plaintiffs had enough applications for apartment rentals to rent the

7

1 | entire complex – because of Defendant's actions, Plaintiffs were not able to
2 | enter into lease agreements with these parties).
3 | d. Adequately funding, managing, and supervising the Development Project in
4 | accordance with State, County, and Local codes and regulations.

26. In doing the above acts and other and further acts which continued to cause delay to the completion of the Development, Defendant PG&E acted unreasonably. Further, Plaintiffs are informed and believe that Defendant representative William Clifton had previously made similar untrue representations as to his station with PG&E and authority to act as a PG&E inspector. Therefore Plaintiffs are informed and believe that Defendant PG&E acted willfully negligent, or with intentional malice or oppression, or both.

27. In July 2017, Plaintiffs contacted Defendant PG&E through their attorney Robert Bosso to request a temporary utility connection while Plaintiffs were clearing further hurdles put into place by PG&E. Defendant PG&E refused this request.

28. Defendant PG&E did not end up providing the Development with utility connections until March, 2018.

29. All in all Defendant caused a substantial and unreasonable delay in providing utility connections for the Riverside Drive Development, and thereby caused damage and expense to Plaintiffs as set forth herein, and in an amount to be proven at trial. These damages and expenses include, but are not limited to:

    a. Lost rent for the development, from August 1, 2017 through the opening of the Development on April 1, 2018

    b. Increased in the costs of a loan that Plaintiffs were required to get from Fremont Bank, to cover expenses incurred due to PG&E's unreasonable delay, and to Plaintiffs' original construction loan coming due.

    c. Cost to relocate a gas line which Plaintiffs had installed per PG&E specifications, which later had to be moved.

    d. Fee for renewal of construction loan and increased loan costs.

    e. Running temporary power to the Development.

8

ADVERSARY COMPLAINT

f. Replanting landscaping after relocation of utility lines.

g. Water costs for replacement of landscaping.

h. Cost to repave parking lot after moving gas line.

30. The State Court Action having been stayed by the filing of the instant Bankruptcy petitions, Plaintiffs bring this adversary proceeding and hereby seek the relief set forth and described herein.

## V. ALLEGATIONS CONCERNING OBJECTION TO DISCHARGE

### a. Debtors' Underlying Conduct Constitutes Willful and Intentional Misconduct

31. At all times herein concerned, Defendant PG&E had a duty to act in such a way as to not cause unreasonable delay in the processing of Plaintiffs' utility connection, nor to mislead Plaintiffs, nor to cause Plaintiffs to reasonably rely on Defendant's misrepresentations, nor to cause damage to Plaintiffs, among other duties, including but not limited to those set forth under California Public Utilities Code section 2106.

32. In doing the foregoing acts, Defendant PG&E intentionally breached their duty of care towards Plaintiff.

33. As a direct and proximate result of PG&E's intentional misconduct, as set forth above and as alleged herein, Plaintiffs suffered damages included but not limited to those items listed above, and other such damages to be proven at trial.

34. Plaintiffs are informed and believe and based thereon allege that, in doing the wrongful acts as set forth above and to be proven at trial, Defendants acted in doing the aforementioned acts, Defendants and each of them knowingly, intentionally, and willfully engaged in the foregoing conduct which they knew was substantially certain to wrongfully harm Plaintiff, and Defendants knowingly, willfully, and intentionally exposed Plaintiff to unjust hardship through such conduct, all of which amounts to "oppression" within the meaning of Civil Code Section 3294. In engaging in the aforementioned conduct, Defendants consciously

9

disregarded the rights of Plaintiff, all of which amounts to "malice" within Civil Code Section 3294. All of the aforementioned conduct of Defendants amounts to "despicable conduct" within the meaning of Civil Code Section 3294. By reason of the foregoing, Plaintiff should be awarded punitive damages against the Defendants and each of them.

### b. Debtors' Underlying Conduct Constitutes Gross Negligence / Malice

At all times herein concerned, Defendant PG&E had a duty to act in such a way as to not cause unreasonable delay in the processing of Plaintiffs' utility connection, nor to mislead Plaintiffs, nor to cause Plaintiffs to reasonably rely on Defendant's misrepresentations, nor to cause damage to Plaintiffs, among other duties, including but not limited to those set forth under California Public Utilities Code section 2106.

35. In doing the foregoing acts, Defendant PG&E willfully and unreasonably breached their duties of care towards Plaintiff.

36. As a direct and proximate result of PG&E's willfully negligent misconduct, as set forth above and as shall be proven at trial, Plaintiffs suffered damages included but not limited to those items listed above, and other such damages to be proven at trial.

37. Plaintiffs are informed and believe and based thereon allege that, in doing the wrongful acts as set forth above and to be proven at trial, Defendants acted in doing the aforementioned acts, Defendants and each of them knowingly, intentionally, and willfully engaged in the foregoing conduct which they knew was substantially certain to wrongfully harm Plaintiff, and Defendants knowingly, willfully, and intentionally exposed Plaintiff to unjust hardship through such conduct, all of which amounts to "oppression" within the meaning of Civil Code Section 3294. In engaging in the aforementioned conduct, Defendants consciously disregarded the rights of Plaintiff, all of which amounts to "malice" within Civil Code Section 3294. All of the aforementioned conduct of Defendants amounts to "despicable conduct"

10

ADVERSARY COMPLAINT

within the meaning of Civil Code Section 3294. By reason of the foregoing, Plaintiff should be awarded punitive damages against the Defendants and each of them.

### c. **Debtors' Underlying Conduct Constitutes Fraud.**

38. At all times herein concerned, Defendant PG&E had a duty to act in such a way as to not cause unreasonable delay in the processing of Plaintiffs' utility connection, nor to mislead Plaintiffs, nor to cause Plaintiffs to reasonably rely on Defendant's misrepresentations, nor to cause damage to Plaintiffs, among other duties, including but not limited to those set forth under California Public Utilities Code section 2106.

39. During the course of the above actions taken by Defendants, and others such actions as to be proven at trial, Defendant made a series of representations to Plaintiffs regarding the necessary actions that Plaintiffs were required to take in order to obtain utility connections for the Development, and the station and capacity of Defendant's representatives such as William Clifton and Christina Reyes, and other representations.

40. At the time that Defendant made such representations to Plaintiffs, as set forth herein and such as to be otherwise proven at trial, Defendant intended that Plaintiffs rely on the truthfulness of said representations.

41. At the time that Defendant made such representations to Plaintiff, as set forth herein and such as to be otherwise proven at trial, Defendant knew or should have known that the representations were false or misleading, or both.

42. Plaintiffs reasonably relied on the representations made by Defendant as set forth herein and such as to be otherwise proven at trial.

43. As a direct and proximate result of Plaintiffs' reasonable reliance on Defendant's representations, as set forth above and such as shall be proven at trial, Plaintiffs

///

11

ADVERSARY COMPLAINT

suffered damages included but not limited to those items listed above, and other such damages to be proven at trial.

44. Plaintiffs are informed and believe and based thereon allege that, in doing the wrongful acts as set forth above and to be proven at trial, Defendants acted in doing the aforementioned acts, Defendants and each of them knowingly, intentionally, and willfully engaged in the foregoing conduct which they knew was substantially certain to wrongfully harm Plaintiff, and Defendants knowingly, willfully, and intentionally exposed Plaintiff to unjust hardship through such conduct, all of which amounts to "oppression" within the meaning of Civil Code Section 3294. In engaging in the aforementioned conduct, Defendants consciously disregarded the rights of Plaintiff, all of which amounts to "malice" within Civil Code Section 3294. All of the aforementioned conduct of Defendants amounts to "despicable conduct" within the meaning of Civil Code Section 3294. By reason of the foregoing, Plaintiff should be awarded punitive damages against the Defendants and each of them.

45. Plaintiffs hereby incorporate and reallege the foregoing allegations contained in this Complaint.

46. In doing the foregoing and other acts, and in making the foregoing representations and others such representations as to be proven at trial, Plaintiffs and Defendants entered into one or more legally binding contracts.

47. Plaintiffs fully performed the obligations which they were obligated to perform under the terms of the contracts entered into with Defendants as alleged herein and such as to be more fully proven at trial.

48. Defendants breached their obligations under the terms of the contracts entered into

12

with Plaintiffs as alleged herein and as shall be more fully proven at trial. Such breaches by Defendants were without reasonable excuse.

49. As a direct and proximate result of Defendants' breach of contract(s), Plaintiffs suffered damages included but not limited to those items listed above, and other such damages to be proven at trial. Plaintiffs suffered such damages based on both Defendant's failure to perform its obligations and based on actions taken by Plaintiffs in reasonable reliance on Defendants' representations, as set forth herein.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiffs submit their case to this Court to redress the wrongs committed by Defendant, as set forth herein and such as to be proven at trial, and respectfully request the following relief from this Court:

1. A Declaratory Order of the Court, providing that Debtors Pacific Gas and Electric Company and PG&E Corporation are both jointly and severally liable for the underlying debt as claimed and set forth in the State Court Action, and as reflected on the Proofs of Claim filed by Plaintiffs herein; and

2. An Declaratory Order of the Court, providing that Plaintiffs are entitled to punitive damages in the underlying State Court Action, and that their Proofs of Claim on file herein shall be modified to reflect the addition of such punitive damages;

3. A Declaratory Order of the Court, providing that the claims asserted by Plaintiffs in the underlying State Court Action, and as set forth in their Proofs of Claim on file herein, are nondischargeable; and

4. For an Order, denying any discharge of Debtors Pacific Gas and Electric Company and PG&E Corporation debts at issue in the pending Bankruptcy actions; and

5. For an Order awarding attorney fees and costs against Defendants / Debtors, and each of them; and,

6. For all such other and further relief as the Court shall deem just and proper.

13

Respectfully Submitted,

Date: June 14, 2019

BRERETON LAW OFFICE, APC
By: Aaron J. Mohamed, Esq.
Attorney for Plaintiffs / Creditors, Mike Elward
and Mark Elward

14

# EXHIBIT A

**Fill in this information to identify the case:**

Debtor 1    PG&E Corporation

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court    **Northern District of California**

Case number:  **19–30088**

FILED

**U.S. Bankruptcy Court**
**Northern District of California**

3/29/2019

**Edward J. Emmons, Clerk**

## Official Form 410
## Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

### Part 1:  Identify the Claim

| | |
|---|---|
| 1.Who is the current creditor? | Mark Elward |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |
| 2.Has this claim been acquired from someone else? | ☑ No<br>☐ Yes. From whom? |

| | | |
|---|---|---|
| 3.Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent?<br><br>Mark Elward | Where should payments to the creditor be sent? (if different) |
| | Name<br><br>Aaron J. Mohamed, Esq.<br>Brereton Law Office, APC<br>1362 Pacific Ave., Suite 221<br>Santa Cruz, CA 95060 | Name |
| | Contact phone _____ (831) 429–6391 | Contact phone _____ |
| | Contact email _____ ajm@brereton.law | Contact email _____ |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br>_____ | |

| | |
|---|---|
| 4.Does this claim amend one already filed? | ☑ No<br>☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____<br><br>MM / DD / YYYY |
| 5.Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes. Who made the earlier filing? _____ |

Official Form 410                                        Proof of Claim                                        page 1

| | | |
|---|---|---|
| **6. Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ | |

**7. How much is the claim?**  $ \_\_\_\_\_500000.00\_\_\_\_\_

**Does this amount include interest or other charges?**
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

Intentional tort arising out of breach of CPUC Code 2106 and other wrongful acts.

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.
    **Nature of property:**
    ☐ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim.*
    ☐ Motor vehicle
    ☐ Other. Describe: _____

    **Basis for perfection:** _____

    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

    **Value of property:**  $ _____

    **Amount of the claim that is secured:**  $ _____

    **Amount of the claim that is unsecured:**  $ _____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

    **Amount necessary to cure any default as of the date of the petition:**  $ _____

    **Annual Interest Rate** (when case was filed) \_\_\_\_\_ %

    ☐ Fixed
    ☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

Official Form 410            Proof of Claim            page 2

Case 19-30088   Claim 95-1   Filed 03/29/19   Desc Main Document   Page 2 of 3
Case: 19-30088   Doc# 2548   Filed: 06/14/19   Entered: 06/14/19 15:29:41   Page 17 of 22

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply:* | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ _____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157 and 3571.

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    3/29/2019

                MM / DD / YYYY

/s/ Aaron J. Mohamed

Signature

Print the name of the person who is completing and signing this claim:

| Name | Aaron J. Mohamed |
|---|---|
| | First name    Middle name    Last name |
| Title | Attorney for Creditor |
| Company | Brereton Law Office, APC |
| | Identify the corporate servicer as the company if the authorized agent is a servicer |
| Address | 1362 Pacific Ave., Suite 221 |
| | Number Street |
| | Santa Cruz, CA 95060 |
| | City State ZIP Code |
| Contact phone | (831) 429–6391     Email   ajm@brereton.law |

# EXHIBIT B

**Fill in this information to identify the case:**

Debtor 1    Pacific Gas and Electric Company

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court    **Northern District of California**

Case number:  **19–30089**

**FILED**

**U.S. Bankruptcy Court**
**Northern District of California**

6/14/2019

**Edward J. Emmons, Clerk**

## Official Form 410
## Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

| | |
| --- | --- |
| 1. **Who is the current creditor?** | Mark Elward |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |
| 2. **Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes. From whom? |

| | | |
| --- | --- | --- |
| 3. **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Mark Elward<br>Name<br><br>Aaron J. Mohamed, Esq.<br>Brereton Law Office, APC<br>1362 Pacific Ave., Suite 221<br>Santa Cruz, CA 95060<br><br>Contact phone _____ (831) 429–6391<br><br>Contact email _____ ajm@brereton.law<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br>_____ | **Where should payments to the creditor be sent?** (if different)<br><br>_____<br>Name<br><br>Contact phone _____<br><br>Contact email _____ |

| | | |
| --- | --- | --- |
| 4. **Does this claim amend one already filed?** | ☑ No<br>☐ Yes. Claim number on court claims registry (if known) _____ | Filed on _____<br>MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes. Who made the earlier filing? _____ | |

Official Form 410                              Proof of Claim                              page 1

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |

| | |
|---|---|
| 7. How much is the claim? | $ _____500000.00_____    **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Intentional tort arising out of breach of CPUC Code 2016 and other wrongful acts. |

| | |
|---|---|
| 9. Is all or part of the claim secured? | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>   **Nature of property:**<br>   ☐ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim.*<br>   ☐ Motor vehicle<br>   ☐ Other. Describe: _____<br><br>   **Basis for perfection:** _____<br><br>   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>   **Value of property:**   $ _____<br><br>   **Amount of the claim that is secured:**   $ _____<br><br>   **Amount of the claim that is unsecured:**   $ _____   (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>   **Amount necessary to cure any default as of the date of the petition:**   $ _____<br><br>   **Annual Interest Rate** (when case was filed)   _____ %<br>   ☐ Fixed<br>   ☐ Variable |

| | |
|---|---|
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____ |

| | |
|---|---|
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply:* | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ _____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    6/14/2019

               MM / DD / YYYY

/s/ Aaron J. Mohamed, Esq.

Signature

Print the name of the person who is completing and signing this claim:

| Name | Aaron J. Mohamed, Esq. |
|---|---|
| | First name    Middle name    Last name |
| Title | Attorney for Creditor |
| Company | Brereton Law Office, APC |
| | Identify the corporate servicer as the company if the authorized agent is a servicer |
| Address | Brereton Law Office, APC, 1362 Pacific A |
| | Number   Street |
| | Santa Cruz, CA 95060 |
| | City   State   ZIP Code |
| Contact phone | (831) 429–6391    Email   ajm@brereton.law |