SCOTT H. MCNUTT (CSBN 104696)
324 Warren Road
San Mateo, California 94402
Telephone: (415) 760-5601
Email: shm@ml-sf.com

Proposed Attorney for Fee Examiner

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM) | Bankruptcy Case No. 19-30088 (DM)<br>(Lead Case)<br>(Jointly Administered)<br><br>Chapter 11<br><br>**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF SCOTT H. MCNUTT AS COUNSEL TO FEE EXAMINER**<br><br>Judge:   Hon. Dennis Montali |

## I. <u>INTRODUCTION</u>

Bruce A. Markell, the duly appointed fee examiner (the "Fee Examiner") in these jointly administered Chapter 11 reorganization cases of PG&E Corporation and Pacific Gas and Electric Company (collectively, the "Debtors"), hereby moves for entry of an order authorizing the employment of Scott H. McNutt, Esq. ("McNutt") as his counsel in these cases (the "Employment Application"). This Employment Application seeks and order authorizing employment effective as of April 12, 2019, the date the Office of the United States Trustee filed its MOTION OF THE UNITED STATES TRUSTEE FOR ORDER APPOINTING FEE EXAMINER AND ESTABLISHING PROCEDURES

FOR CONSIDERATION OF REQUESTED COMPENSATION AND REIMBURSEMENT OF EXPENSES [Docket No. 1370] (the "Fee Examiner Motion").

This Employment Application is based on the Memorandum of Points and Authorities set forth herein, the DECLARATION OF SCOTT H. MCNUTT IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF SCOTT H. MCNUTT AS COUNSEL TO THE FEE EXAMINER (the "McNutt Declaration") filed concurrently herewith, the DECLARATION OF BRUCE A. MARKELL, FEE EXAMINER, IN SUPPORT OF THE APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF SCOTT H. MCNUTT AS COUNSEL TO THE FEE EXAMINER filed concurrently herewith, the pleadings and papers on file herein, and upon such oral and documentary evidence as may hereafter be presented in connection with the Employment Application.

## II. JURISDICTION

On January 29, 2019, the Debtors filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of California (the "Court"). The Debtors' Chapter 11 cases are being jointly administered pursuant to this Court's ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES PURSUANT TO FED. R. BANKR. P. 1015(B), entered January 31, 2019 (Docket. No. 207).

This Court has jurisdiction over this case and this Employment Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The subject matter of the Employment Application is a core proceeding pursuant to 28 U.S.C. § 157(b).

The statutory predicate for the relief requested herein consists of Sections 105(a), 327 through 331, and 1107 of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

## III. NOTICE.

Notice of this Employment Application has been given via ECF to the Office of the United States Trustee (the "U.S. Trustee"), counsel for the Debtors, and counsel for the official

committees appointed herein. No trustee or examiner (other than the Fee Examiner) has been appointed in either Chapter 11 case. The Fee Examiner submits that no further notice is required.

### IV. BACKGROUND

The Debtors are managing their assets and operating their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in these Cases.

At a hearing on May 22, 2019, the Court granted the relief requested in the Fee Examiner Motion. On May 29, 2019, the Court entered the ORDER APPOINTING FEE EXAMINER AND ESTABLISHING PROCEDURES FOR CONSIDERATION OF REQUESTED COMPENSATION AND REIMBURSEMENT OF EXPENSES [Docket No. 2267] (the "Fee Examiner Order"). The Fee Examiner Order details the duties and responsibilities of the Fee Examiner.

The Fee Examiner Order further specifically provides for retention of professionals by the Fee Examiner. The relevant paragraph states that: "The Fee Examiner may retain attorneys and other professionals, assistants, or consultants to the extent he deems it necessary to discharge his duties. The Fee Examiner's retention of professionals shall be subject to Court approval under standards equivalent to 11 U.S.C. § 327." Fee Examiner Order, ¶ 12.

### V. PROPOSED COUNSEL FOR THE FEE EXAMINER

**A. Employment of Scott H. McNutt as Counsel to the Fee Examiner**

Through this Employment Application, the Fee Examiner seeks to employ Scott H. McNutt as his counsel. The Fee Examiner requires the assistance of counsel with respect to matters including but not limited to:

1. Acting as local counsel to the Fee Examiner, and representing the Fee Examiner before this Court;
2. Advising the Fee Examiner on matters of Ninth Circuit law applicable to review and consideration of fee applications in this case;

Case: 19-30088    Doc# 2558    Filed: 06/17/19    Entered: 06/17/19 12:14:48    Page 3 of 8

3.  Assisting the Fee Examiner in reviewing the filings in this case in order to evaluate the reasonableness of fees charged;

4.  Representing the Fee Examiner in preparing, filing, and prosecuting any objections to fee applications that the Fee Examiner deems necessary;

5.  Representing the Fee Examiner in working with applicants to address and resolve issues identified by the Fee Examiner, either before or after the filing of any objections; and

6.  Providing the Fee Examiner with general counsel and representation on any other matters in this bankruptcy proceeding as may be directed by the Fee Examiner.

The proposed employment of McNutt in this matter is as a sole practitioner. In the course of the representation, it is anticipated that McNutt may associate other attorneys or paraprofessionals with his practice on a contract basis, for purposes of providing efficient and timely service to the Fee Examiner.

Any contract attorneys employed by McNutt will be hired and compensated by McNutt strictly on an hourly basis to be paid exclusively by McNutt. McNutt will not seek to compensate an associated attorneys or paralegals based on a contingency or other sharing of fees received from the PG&E estate. To the extent that McNutt associates any contract attorney or attorneys for this matter, a supplemental declaration disclosing their background, disinterestedness, and any connections will be filed.

References to "McNutt" herein are to Mr. McNutt's practice, including any other attorney's or paraprofessionals whose time may be billed to this matter.

The background and experience of Mr. McNutt is set forth in the biography attached as Exhibit A to the McNutt Declaration.

**B.     Disclosures and Compliance**

McNutt will charge for services in this matter on an hourly rate basis. As a general rule, McNutt's billing practices are identical for bankruptcy and non-bankruptcy clients. The hourly rates on which McNutt's fees are based are reflective of the services it is expected to provide, but are generally identical for bankruptcy and non-bankruptcy clients. The costs charged to bankruptcy

clients when paid from a bankruptcy estate are either identical to or less than the costs charged to non-bankruptcy clients in comparable matters.

McNutt is in compliance with the Guidelines promulgated by the U.S. Bankruptcy Court. McNutt will comply with all applicable orders and guidelines in this case, including this Court's ORDER PURSUANT TO 11 U.S.C. §§ 331 AND 105(A) AND FED. R. BANKR. P. 2016 FOR AUTHORITY TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS [Docket No. 701]; the Fee Examiner Order; and all protocols or procedures promulgated by the Fee Examiner.

McNutt has not shared nor agreed to share any compensation paid or payable by the bankruptcy Estates with any other entity. McNutt expects to compensate contract attorneys or paralegals associated for this matter on an hourly basis for work performed, however, McNutt does not believe that this qualifies as an agreement to share compensation.

McNutt has undertaken a review of creditors to determine potential conflicts. Based upon this review, McNutt has determined that he and the McNutt practice do not hold or represent any interest adverse to the Debtors' estates. Moreover, except as specifically disclosed in the accompanying McNutt Declaration, McNutt has determined that his practice has no connection with the Debtors, their principal creditors, equity security holders, or any other parties-in-interest, or their respective attorneys and accountants, or the U.S. Trustee or any person employed in the office of the United States Trustee. Finally, McNutt does not believe that any grounds exist that would make employment of McNutt or any associated attorneys improper under Rule 5002(a) of the Federal Rules of Bankruptcy Procedure.

McNutt believes that the matters set forth in the McNutt Declaration may be deemed "connections" that are required to be disclosed under Rule 2014(a) of the Federal Rules of Bankruptcy Procedure. In addition, in the interest of transparency, certain matters that may not rise to the level of "connections" for purposes of Rule 2014(a) are also disclosed therein.

C.  **Terms of Employment**

McNutt charges for services on an hourly basis, in addition to actual expenses incurred. McNutt's current hourly rates are as follows:

| Scott McNutt | $850 |
| Other Attorneys | $400.00 - $650.00 |
| Paralegals | $150.00 - $250.00 |

No other attorneys or paralegals are currently associated with the McNutt practice, however the range of rates is set forth above to provide transparency in the event other attorneys or paralegals are associated. The hourly rates set forth above are McNutt's normal hourly rates for work on comparable matters. These rates are set at a level designated to fairly compensate McNutt for the work of attorneys and paralegals and to cover fixed and routine overhead expenses. The hourly rates are subject to periodic adjustments to reflect economic and other conditions.

In addition, it is McNutt's policy to charge clients in all areas of practice for certain other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, charges for messenger services, air couriers, photocopying, court fees, travel expenses, working meals, postage, materials for large mailings, computerized legal research facilities, computerized document inventory and control, investigative searches, and other charges customarily invoiced by law firms in addition to fees for legal services. McNutt will bill the estates for these expenses in a manner and at rates consistent with charges made generally to McNutt's other clients and in accordance with this Court's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees (the "Compensation Guidelines"), and all orders and protocols specifically applicable in these cases.

McNutt has not received any retainer or other payment in this matter.

## VI. **RELIEF REQUESTED**

The Fee Examiner has employed McNutt as his attorneys in connection with his duties and responsibilities in these Chapter 11 cases. The Fee Examiner hereby requests that the Court approve the retention of McNutt as his counsel, effective as of April 12, 2019, the date of filing of the United States Trustee's motion for appointment of the Fee Examiner, to perform the legal services that will be necessary during these Chapter 11 cases.

The proposed form of order is attached hereto as **Exhibit A**.

### VII. BASIS FOR RELIEF REQUESTED

The Fee Examiner believes that it is in the best interest of the Debtors and their creditors for the Fee Examiner to retain McNutt to advise and assist him in connection with the performance of his duties in these cases. The United States Trustee's proposed order for the appointment of the Fee Examiner specifically contemplates that the Fee Examiner will require and employ counsel. *See* Fee Examiner Motion, Ex. B.

McNutt does not have or represent any interest adverse to either the Debtors or their estates and therefore McNutt is a "disinterested person" qualified to represent the Fee Examiner in these cases.

Rule 2014(a) of the Federal Rules of Bankruptcy Procedure provides that an application for employment must set forth the necessity for the employment, must disclose the proposed arrangements for compensation, and must disclose the bankruptcy professional's connections with the debtor, creditors, and parties in interest. The Fee Examiner submits that the foregoing requirements have been met, and that he should be authorized to employ McNutt as his counsel in this matter.

After entry of an order for relief, compensation and reimbursement of expenses is subject to all of the usual requirements of the Bankruptcy Code, as well as the specific guidelines and protocols applicable in this case. Such compensation and reimbursement shall be subject to approval of the Court in accordance with Sections 330(a) and 331 of the Bankruptcy Code. Except to the extent the Court allows payment of compensation to McNutt out of the assets of the estates, McNutt has no compensation arrangements with any other individual or entity associated with this bankruptcy case.

Based upon the foregoing, the Fee Examiner believes that McNutt is a disinterested person within the meaning of Bankruptcy Code §§ 101(14) and 327, and that employment of McNutt is in the best interests of the estates.

## VIII. CONCLUSION

WHEREFORE, the Fee Examiner respectfully requests entry of an order, in the form attached hereto as Exhibit A, authorizing the Fee Examiner to employ McNutt as his counsel for all purposes for this matter, upon the terms and conditions set forth above, effective as of April 12, 2019.

DATED: June 17, 2019

BRUCE A. MARKELL
Fee Examiner

By: */s/ Bruce A. Markell*
Bruce A. Markell

DATED: June 17, 2019

SCOTT H. McNUTT

By: */s/ Scott H. McNutt*
Scott H. McNutt
Proposed Attorney for the Fee Examiner