SCOTT H. McNUTT (CSBN 104696)
324 Warren Road
San Mateo, California 94402
Telephone: (415) 760-5601
Email: shm@ml-sf.com

Proposed Attorney for Fee Examiner

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM) | Bankruptcy Case<br>No. 19-30088 (DM)<br>(Lead Case)<br>(Jointly Administered)<br><br>Chapter 11<br><br>**DECLARATION OF SCOTT H. McNUTT IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF SCOTT H. McNUTT AS COUNSEL TO FEE EXAMINER**<br><br>Judge:   Hon. Dennis Montali |

I, Scott H. McNutt, hereby declare as follows:

1. I am an attorney at law, licensed by and in good standing with the Bar of this State, and admitted to practice before this Court. I practice law as a sole practitioner (my practice is referred to herein as "McNutt"), and in that capacity am proposed counsel to Bruce A. Markell, the duly appointed fee examiner (the "Fee Examiner") in these jointly administered Chapter 11 reorganization cases of PG&E Corporation and Pacific Gas and Electric Company (collectively, the "Debtors"). In such capacity, and except as otherwise indicated herein, I have personal

knowledge of the facts set forth below, and if called as a witness I could and would competently testify to the matters set forth in this declaration.

2. I hereby submit this declaration in support of the application by the Fee Examiner (the "Employment Application") for entry of an order authorizing the employment of McNutt as the Fee Examiner's counsel pursuant to Sections 105(a) and 327(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The following constitutes the statement required by Sections 327 and 504 of the Bankruptcy Code and Rule 2014(a) of the Bankruptcy Rules.

3. The Fee Examiner seeks to employ McNutt as counsel in the jointly administered Chapter 11 case effective as of April 12, 2019, the date the Office of the United States Trustee (the "U.S. Trustee") filed its MOTION OF THE UNITED STATES TRUSTEE FOR ORDER APPOINTING FEE EXAMINER AND ESTABLISHING PROCEDURES FOR CONSIDERATION OF REQUESTED COMPENSATION AND REIMBURSEMENT OF EXPENSES [Docket No. 1370] (the "Fee Examiner Motion").

4. The proposed employment of McNutt in this matter is as a sole practitioner. In the course of the representation, I anticipate that I may associate other attorneys or paraprofessionals with my practice on a contract basis, for purposes of providing efficient and timely service to the Fee Examiner. Any contract attorneys I employ will be hired and compensated by McNutt strictly on an hourly basis to be paid exclusively by McNutt. McNutt will not seek to compensate an associated attorneys or paralegals based on a contingency or other sharing of fees received from the PG&E estate. To the extent that I associate any contract attorney or attorneys for this matter, a supplemental declaration disclosing their background, disinterestedness, and any connections will be filed.

5. References to "McNutt" herein are to the McNutt practice, including any other attorney's or paraprofessionals whose time may be billed to this matter.

6. My background and experience of is brief described in the biography attached as **Exhibit A** hereto.

7. McNutt will charge for services in this matter on an hourly rate basis. As a general rule, McNutt's billing practices are identical for bankruptcy and non-bankruptcy clients. The

hourly rates on which McNutt's fees are based are reflective of the services it is expected to provide, but are generally identical for bankruptcy and non-bankruptcy clients. The costs charged to bankruptcy clients when paid from a bankruptcy estate are either identical to or less than the costs charged to non-bankruptcy clients in comparable matters.

8. McNutt will comply with all applicable orders and guidelines in this case, including this Court's ORDER PURSUANT TO 11 U.S.C. §§ 331 AND 105(A) AND FED. R. BANKR. P. 2016 FOR AUTHORITY TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS [Docket No. 701]; the Fee Examiner Order; and all protocols or procedures promulgated by the Fee Examiner.

9. I have not shared nor agreed to share any compensation paid or payable by the bankruptcy Estates with any other entity. I expect to compensate contract attorneys or paralegals associated for this matter on an hourly basis for work performed, however, I do not believe that this qualifies as an agreement to share compensation.

10. I have undertaken a review of the "PG&E Corporation and Pacific Gas and Electric Company Retention Checklist" prepared by Debtor's counsel to determine potential conflicts, and attached as Schedule 1 to the Declaration of Cecily Dumas filed on March 17, 2019 [Docket No. 935], to determine whether I have had any relationship with any listed party. Based upon this review, I have determined that my practice does not hold or represent any interest adverse to the Debtors' estates. Moreover, except as specifically disclosed below, I have determined that my practice has no connection with the Debtors, their principal creditors, equity security holders, or any other parties-in-interest, or their respective attorneys and accountants, or the U.S. Trustee or any person employed in the office of the United States Trustee. Finally, I do not believe that any grounds exist that would make employment of the myself or any associated attorneys improper under Rule 5002(a) of the Federal Rules of Bankruptcy Procedure.

11. I believe that the matters set forth below may be deemed "connections" that are required to be disclosed under Rule 2014(a) of the Federal Rules of Bankruptcy Procedure. In addition, in the interest of transparency, certain matters that may not rise to the level of "connections" for purposes of Rule 2014(a) are also disclosed as follows.

(a) I previously represented Pacific Gas and Electric Company in approximately five bankruptcy matters involving power purchase agreements. These representations were while I was affiliated with a prior firm, Severson & Werson, P.C., and were concluded more than twenty years ago. I have not represented the Debtors or any affiliates of the Debtors at any time in the past twenty years.

(b) My law partner at my prior firm McNutt Law Group, LLP, previously McNutt & Litteneker, LLP was Rebecca Litteneker. Ms. Litteneker's husband was, and may still be, employed as in-house counsel at Pacific Gas and Electric Company. My professional association with Ms. Litteneker ended in 2009, when she retired from her partnership in McNutt & Litteneker, LLP.

(c) The Debtors have been utility providers to many Chapter 11 debtors that I have represented at prior firms.

(d) I have or have previously had personal checking accounts and credit cards at various financial institutions on the list.

(e) I have appeared before all of the judges in the Northern District, and have participated in professional panels or presentations with a number of the Northern District judges, and employees of the Office of the United States Trustee.

(f) In prior matters, I have appeared on behalf of clients adverse to clients represented by a number of listed Debtors' Professionals, Non-Debtors Professionals and Ordinary Course Professionals.

(g) Thomas Rupp, an associate with Keller Benvenutti LLP, was previously employed as an associate of my prior law firm, McNutt Law Group, LLP. Mr. Rupp's employment with McNutt Law Group was terminated in July 2018. Mr. Rupp worked for my firm for approximately seven years. I do not believe I have any disputes with him. When I closed the firm, there were insufficient immediately available funds to pay all debts of the firm. There were, and are, sufficient accounts receivable to pay all debts upon collection of those receivables. I have been collecting these accounts receivable and paying the firm's debts as I am able, and will pay all

outstanding amounts to Mr. Rupp as funds are available. I believe that Mr. Rupp is owed approximately four weeks' wages.

  (h) I teach corporate reorganizations as an adjunct professor at the University of California, Davis School of Law. One of my previous students, Trevor Fehr, is now employed at the Office of the United States Trustee for Region 17. It is my understanding that he works out of the San Francisco and San Jose offices. I provided a recommendation for Mr. Fehr in connection with his application to the U.S. Trustee.

  (i) I know and socialize with Barry Lawson Williams in a personal capacity.

  (j) I believe that I have had personal and professional policies that were underwritten by a number of listed insurers. I have in the past represented clients under policies underwritten by Lloyds of London.

  (k) There is a Scott McNutt listed as a landlord or lease counterparty. I do not have any lease or contract relationship with the Debtors. I believe this is another person of the same name.

  (l) At my prior firm I represented a client who had an indirect interest in real property that was destroyed in the October 2017 Sonoma County fires, and provided limited advice regarding potential claims against the Debtors in connection with general insolvency advice. I did not represent this former client in asserting any such claims, and I no longer represent this client. The name of the client is not disclosed here for attorney-client confidentiality reasons.

  (m) I may have represented in unrelated matters other clients who may have or believe they have claims against the Debtors. I have not, and do not, represent them regarding those claims.

  (n) In prior matters I have represented clients adverse to parties represented by a number of law firms listed.

  (a) I was an associate at Sidley Austin, in the Los Angeles office, from approximately 1986 to 1989.

  (b) Many of the taxing authorities listed have been creditors in bankruptcy estates that I have represented at prior firms.

(c) Citicbank N.A. was a client of my prior firm, McNutt Law Group, LLP, on an unrelated matter. That representation concluded more than three years ago.

(d) It is possible that I may have represented or been adverse to listed vendors, potential litigation claimants, or other creditors in this case while at previous firms. Based on my review, I do not believe there are any such relationships within the past three years, except as disclosed specifically above.

2. The following information is provided in response to the request for additional information set forth in Paragraph D.1. of the Appendix B—Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective as of November 1, 2013 (the "Revised UST Guidelines"):

| | |
|---|---|
| Question: | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| Response: | No. |
| Question: | Do any of the professionals included in this engagement vary their rate based on the geographic locations of the bankruptcy case? |
| Response: | No. |
| Question: | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| Response: | McNutt did not represent the Fee Examiner or the Debtors prior to the commencement of these cases. |
| Question: | Has your client approved your prospective budget and staffing plan, and if so for what budget period. |

Response: McNutt has reviewed expectations regarding staffing and budget with the Fee Examiner, and the Fee Examiner has tentatively approved McNutt's staffing and budget expectations. McNutt expects to prepare a more detailed budget for approval by the Fee Examiner in compliance with the protocols to be promulgated by the Fee Examiner for professionals in these cases. McNutt understands that the Fee Examiner will maintain active oversight of McNutt's billing practices, which will be in compliance with the Fee Examiner's protocols.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct to the best of my knowledge and belief. Executed this 17th day of June, 2019, at San Mateo, California.

*/s/ Scott H. McNutt*
Scott H. McNutt