WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br>Chapter 11 (Lead Case)<br>(Jointly Administered)<br><br>**PRELIMINARY STATEMENT UPDATING THE COURT WITH RESPECT TO THE STATUS OF THE DEBTORS' BAR DATE MOTION AND RELATED NOTICING MOTIONS AND PLEADINGS**<br><br>Related Docket No.: 1784<br>Date: June 26, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102<br>Judge: Hon. Dennis Montali |

## STATUS UPDATE

As the Debtors have made clear since these cases were commenced, their primary goal is to compensate Wildfire Claimants entitled to recovery from the Debtors as expeditiously and fairly as possible. To that end, and as is fundamental to the filing of any chapter 11 plan and voting process, by Motion, dated May 1, 2019 [Docket No. 1784] (the "**Bar Date Motion**[1]"), the Debtors requested that the Court (a) set a claims bar date of September 16, 2019, (b) approve certain claims forms designed to accelerate the chapter 11 plan process and distributions to holders of valid claims, and (c) approve an extensive and, perhaps, unprecedented, notice protocol to assure that all known and unknown holders of Wildfire Claims receive appropriate notice of the Bar Date and are provided due process. The hearing on the Debtors' Bar Date Motion was originally set for May 22, 2019.

Since the filing of the Bar Date Motion, the following has occurred:

- The Tort Claimants Committee (the "**TCC**") requested an adjournment of the Bar Date Motion to June 11, 2019, to which the Debtors agreed;

- In an effort to agree on a claim form for Wildfire Claimants, the Debtors, the Unsecured Creditors Committee (the "**UCC**"), the TCC, and certain attorneys for the Wildfire Claimants engaged in various discussions and in-person meetings;

- During these discussions and meetings, the TCC and the plaintiffs' attorneys repeatedly stated that the Debtors' more detailed proposed Wildfire Claimant Proof of Claim Form was not necessary because adequate Wildfire Claims information already exists in the "BrownGreer" database maintained by the plaintiffs' lawyers. Notably, despite repeated requests by both the Debtors and the UCC to obtain access to the BrownGreer database to verify the type of information contained therein, such access has been denied.[2]

- On May 31, 2019, some thirty (30) days after the Debtors' Bar Date Motion was filed, the TCC filed the following pleadings (together with declarations,

---

[1] Capitalized terms used but not otherwise herein defined have the meanings ascribed to such terms in the Bar Date Motion.

[2] It is worth noting that the BrownGreer database was created as a result of a so-ordered stipulation entered by the State Court in the North Bay Wildfire cases prior to the commencement of these Chapter 11 Cases. The very purpose of the database and the State Court's Order was to provide PG&E a mechanism to obtain basic information about the scope and size of Wildfire Claims that are being asserted against it. It was, therefore, explicitly contemplated in the original State Court Order that PG&E would have direct access to this database.

schedules, and other exhibits in connection therewith), which resulted in a further adjournment of the hearing on the Bar Date Motion to June 26, 2019:

- *Motion of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. §§ 105(a), 501 and Fed. R. Bankr. P. 3001(a), 3003(c), 5005 and 9007 for Entry of an Order (i) Establishing a Bar Date for Filing Fire Claims, (ii) Approving the Form and Procedures for Notice of the Bar Date for Fire Claims, and (iii) Approving Supplemental Procedure for Notice of the Bar Date to Fire Claimants* [Docket No. 2297];

- *Objection of the Official Committee of Tort Claimants to Motion of the Debtors Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 for Order (i) Establishing Deadline for Filing Proofs of Claim, (ii) Establishing the Form and Manner of Notice Thereof, and (iii) Approving Procedures for Providing Notice of Bar Date and Other Information to all Creditors and Potential Creditors* [Docket No. 2306]; and

- *Application of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. § 1103 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Angeion Group, LLC as Fire Claim Bar Date Noticing Agent Effective as of May 22, 2019* [Docket No. 2303].

In essence, the TCC's pleadings (a) seek to delay the Bar Date to January 31, 2020; (b) usurp from the Debtors and their Court-appointed claims agent, the claims noticing and proof of claim process; and (c) install a different noticing agent with no chapter 11 experience of any kind and questionable credentials. Quite surprisingly, during the more than four week period when the Debtors and the UCC were engaged in what they believed were good faith discussions with the TCC, the TCC was engaged in preparing its own alternative bar date and noticing pleadings. Notably, the TCC never raised its noticing concerns nor suggested approaches for consideration during the various discussions between the parties.

It is also quite telling to note that, in addition to seeking to delay the Bar Date to January 31, 2020, the TCC, in an apparent attempt to frustrate any effort by the Debtors (or others) to seek discovery to validate or assess any Wildfire Claims, has asked the Court to preclude any objections to the Wildfire Claims until after the Bar Date has passed. Deferring any efforts to validate Wildfire Claims

until next year would unduly delay these Chapter 11 Cases and should not be countenanced by the Court (or by the holders of Wildfire Claims for that matter).

The Debtors want to move these cases forward to a plan and distributions to Wildfire Claimants and other creditors as quickly as possible. While the Debtors continue to believe that the approach set forth in their Bar Date Motion provides the most fair and efficient manner to do so, the Debtors determined that decisive action must be taken to avoid further unnecessary delay and for the Court to establish a reasonable Bar Date that is critical to the chapter 11 plan process.

Accordingly, on June 10, 2019, the Debtors sent a letter to the TCC, a copy of which is annexed hereto as **Exhibit A**, advising them that the Debtors would be willing to adopt the TCC's summary Wildfire Proof of Claim Form – thus rendering moot nearly all of the pending objections to the Debtors' Bar Date Motion and eliminating any basis for the Bar Date to be delayed until January 31, 2020.[3] In addition, although the Debtors are confident that their Noticing Procedures, including the unprecedented, multi-faceted aspects of their Supplemental Notice Plan, provide more than adequate notice of the Bar Date to known and unknown claimants and more than satisfy the requirements of due process of law, the Debtors are considering the TCC's proposed supplemental notice mechanisms to determine whether any should be incorporated in the Debtors' Supplemental Notice Plan. (The Debtors wish the TCC would have made such suggestions in our meetings with them or had picked up the phone to convey them, rather than resorting to costly motion practice for what is a common goal: robust notice to holders of Wildfire Claims.) These revisions along with certain other amendments and revisions that the Debtors have already agreed to incorporate into the proposed Bar Date Order to address concerns

---

[3] The Debtors' willingness to adopt the TCC's summary Proof of Claim Form is by no means an admission or acknowledgment that the information requested in the TCC Proof of Claim Form is sufficient. Accordingly, the Debtors reserve all rights to take discovery with respect to, among other things, all Wildfire Claims that are filed. That is critical to addressing what should be a shared concern of all parties: the possibility of fraudulent, invalid, or overstated claims, which undermines the fairness of the entire process.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

raised by other parties in interest will be set forth in detail in further filings with the Court prior to the hearing.

In connection with the June 26, 2019 hearing and the TCC's bar date motion and their application to retain Angeion Group, the Debtors also noticed the depositions of Steven Weisbrot and Jeffrey R. Dion, each of whom submitted declarations in support of the relief requested by the TCC. However, despite knowing for weeks of the scheduled hearing, the TCC advised the Debtors on June 13, 2019 that Messrs. Weisbrot and Dion are not available to be deposed prior to the June 26 hearing, and only offered to make their witnesses available the first two weeks of July, which would presumably necessitate further adjourning the hearing on the Bar Date Motion, consistent with the TCC's ongoing – and inexplicable – efforts to delay.

The Debtors, of course, will make their declarants available to be deposed prior to the hearing and intend to proceed on June 26, 2019 as to all matters. The Debtors also intend to seek to preclude all evidence and testimony of the TCC's declarants unless they are made available for their depositions prior to the June 26, 2019 hearing.

Dated: June 17, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/ *Stephen Karotkin*
      Stephen Karotkin

*Attorneys for Debtors
and Debtors in Possession*