Adam Cronin, Pro Se
101 Hannaford Ct Folsom CA 95630
916-467-6040
Ajcu88@gmail.com


FILED
JUN 18 2019
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHER DISTRICT OF CALIFORNIA

In Re

Pacific Gas and Electric Company ("PG&E"),

Debtor-in-Possession

) Bankruptcy Case
) No.: 19-30089-DM
)
) Chapter 11
)
) **POINTS AND AUTHORITIES IN**
) **SUPPORT OF THE MOTION FOR**
) **RELIEF FROM THE AUTOMATIC STAY**
)
) Hearing:
)
)
) Date:
)
) Time:
)
) Courtroom:

## INTRODUCTION

The Court should grant Adam Cronin ("Creditor" or "Movant") (a prior employee of the Debtor) relief from the automatic stay to proceed with litigation of state law employment and privacy tort claims against the debtor, Pacific Gas and Electric Company ("PG&E") that arise out of the Debtor's discrimination and wrongful termination which violates multiple State statutes, which include whistleblower retaliation for a serious safety issue (a potential fire hazard).

## FACTS

The Movant began working for Pacific Gas and Electric Company ("PG&E") in the city of Sacramento in August of 2008.

The Movant suffered from severe migraine headaches and went on leave intermittently for years prior to the last position he held with PG&E, without any work performance issues. This leave was protected by the Family Medical Leave Act/California Family Rights Act (FMLA/CFRA).

Movant's medical condition was known to PG&E.

- 1 -

Request for Relief from Automatic Stay

Towards the end of 2015, Movant's supervisor at PG&E, YOUNG NGUYEN suddenly and inexplicably blocked Movant from utilizing his available, paid sick time. Movant then re-established his FMLA/CFRA status in approximately December of 2015, as necessary for his serious medical condition.

Almost immediately, Movant began receiving retaliation, discrimination, and interference from his department leadership related to his CFRA use. Movant made a complaint regarding this discriminatory conduct through internal PG&E channels. After an investigation, PG&E determined that Mr. Nguyen was out of line in his treatment of Movant and gave Mr. Nguyen a reprimand.

Concerned that his career had been damaged by Mr. Nguyen's discriminatory and retaliatory conduct, which was pervasive, Movant filed a FMLA retaliation suit against PG&E.

This led PG&E actively begin seeking to constructively discharge the Movant. These attempts went on for several months, but failed. By way of the discovery powers of the court (arising from the legal claim the Movant filed for FMLA retaliation in May of 2016), PG&E's Legal Team initiated a fishing expedition which discovered that Movant had been arrested, based upon his ex-partner's meritless allegation that Movant had tampered with her PG&E meter, cutting off power to her home to spoil a party that she was hosting in **December of 2015**. These allegations were false and completely motivated by spite. The district attorney neglected to pursue these allegations, presumably due to a lack of evidence, as the allegations were meritless; additionally, the Movant was not arraigned for the allegation for approximately 1.5 years after the allegation was made.

While PG&E investigated this claim of meter tampering (in **May of 2017**), Movant absolutely and unequivocally denied these claims, but disclosed to the PG&E investigator that he had inspected the same meter in September/October of 2015, while still in the relationship with his former partner, (but before the December 2015 allegation which lead to the arrest). They had been experiencing intermittent occurrences of dim lights, which is indicative of voltage fluctuations. These voltage fluctuations can result in fires. Because Movant did not get prior "written authorization" (from PG&E), that was the hook that PG&E used to justify termination for "violation of their Code of Conduct".

The Movant's background and skill set have been accumulated over most of his adult life, which after nearly a decade of service to PG&E, are all but useless in an industry monopolized by PG&E, and are virtually untransferrable to any other employment. Movant essentially has to start over.

The Movant's pending State Court Action (for state law wrongful termination claims and privacy intrusion tort), can and should be most effectively adjudicated in the State Court forum, which had been underway for nearly 7 months prior to PG&E's Chapter 11 bankruptcy filing.

## 1. ARGUMENT

The debtor's Chapter 11 Bankruptcy filing on 1/29/2019 was primarily motivated by the prospect of being found liable for wildfires, namely the November of 2018 Paradise CA "Camp Fire". This event is completely independent of, and unrelated to the Movant's claim.

As established in the Movant's Motion for Relief from Stay, pursuant to 11 U.S.C. Section 362(d)(1), cause exists to grant Movant relief from stay to proceed with the State Court Action to final judgment. Mandatory abstention also applies under 28 U.S.C. Section 1334(c)(2).

As established in the Movant's Motion for Relief from Stay, Courts have previously applied an equitable balancing test to determine, if "cause" exists to lift the automatic stay. *In Izzarelli v. Rexene Prod. Co. (In re Rexene Prod. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992), under the equitable balancing test, the Court reviews three factors:

    a. whether prejudice will be caused to either the bankrupt estate or the debtor,

    b. whether the hardship to the Movant by maintenance of the automatic stay outweighs the hardship caused to the debtor;

    c. whether the Movant has a reasonable probability of prevailing on the merits of the suit. *Id.*

The attached Motion covers the aspects of this equitable balancing test, and argues that "cause" exists because hardships suffered by the Movant significantly exceed the hardships the Debtor would suffer, since they've already retained counsel for the proceeding. The Debtor will, undoubtedly object to the claim filed by the Creditor, thus, must be liquidated in the appropriate forum. The Movant argues that the State Court Forum is the appropriate forum because the pending Action deal with state laws and statutes, and the Movant has demanded a jury trial (which he is constitutionally entitled to).

All of the claims between the Mover and the Debtor are state law employment discrimination and wrongful termination claims, and a privacy tort under the California Constitution, and are unliquidated.

Moreover, Movant argues that a significant portion of the pending State Court Action relates to or may affect public safety ("Hot Socket" issue, as described in the Motion), which serves a public interest, and involves many key aspects to corporate culture issues which PG&E claims to be "embracing change" as it pertains to safety in particular.

## CONCLUSION

The Court should enter an order granting Cronin relief from stay to pursue his claims in State court to either settlement or jury award.

Dated: June 18, 2019

Adam Cronin, Pro Se