WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    - and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11 (Lead Case) (Jointly Administered)<br><br>**APPLICATION PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY BERMAN AND TODDERUD LLP AS SPECIAL COUNSEL FOR THE DEBTORS EFFECTIVE AS OF FEBRUARY 1, 2019**<br><br>Date:  July 9, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>          Courtroom 17, 16th Floor<br>          San Francisco, CA 94102<br>Objection Deadline: July 2, 2019 at 4:00 p.m. (PT) |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Application (the "**Application**"), pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to retain and employ Berman and Todderud LLP ("**Berman and Todderud**"), as special counsel for the Utility in litigation related to the California energy crisis of 2000-2001 as of February 1, 2019. The Debtors request the Court approve the retention of Berman and Todderud under a general retainer, as special counsel to advise Debtors on issues relating to Debtors' California energy crisis litigation in accordance with Berman and Todderud's normal hourly rates in effect when services are rendered and Berman and Todderud's normal reimbursement policies. In support of this Application, the Debtors submit the Declaration of Eric Todderud, a partner of Berman and Todderud (the "**Todderud Declaration**"), which is filed concurrently herewith.

A proposed form of order approving the retention and employment of Berman and Todderud is annexed hereto as **Exhibit A** (the "**Proposed Order**").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**").

By order entered on February 28, 2019 [Docket No. 707] (the "**OCP Order**"), the Court established certain procedures to retain and compensate certain professionals (collectively, the "**Ordinary Course Professionals**") that the Debtors employ in the ordinary course of business subject to, among other things, a monthly cap (the "**OCP Monthly Cap**") and annual cap (the "**OCP Annual Cap**") on fees incurred.

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

## III. BERMAN AND TODDERUD'S QUALIFICATIONS

Berman and Todderud is a two-person law firm that primarily represents electric utilities in litigation and regulatory matters before the Federal Energy Regulatory Commission ("**FERC**"). Debtors propose to retain Berman and Todderud to continue representing the utility in litigation over the 2000-2001 California energy crisis.[1] Mr. Berman has represented the Utility in those matters since 2000, and Eric Todderud has been involved in that litigation since 2004.[2]

Both Mr. Berman and Mr. Todderud have decades of experience in legal matters related to electric energy. Mr. Berman formerly was head of Trial Staff at FERC and, in private practice, has represented numerous investor-owned utilities in all areas of power sales and transmission. Eric Todderud has represented utilities, industrial customers, independent power producers, and power project developers and investors before FERC and numerous state regulatory agencies.

The Debtors view the attorneys of Berman and Todderud to be uniquely qualified to continue representing the Utility in the energy crisis-related proceedings because of their understanding of the complex issues and their first-hand knowledge of the history of the litigation. The energy crisis litigation has required multiple trials at FERC and dozens of appeals, and Mr. Berman and Mr. Todderud led the representation of the Utility in those matters. The issues in these proceedings involve complex questions regarding the types of transactions that constitute market manipulation, transaction reporting requirements under Section 206 of the Federal Power Act, and whether high-priced contracts violate the public interest.

Not only do Berman and Todderud have unique historical knowledge of the case and its issues, but they also have extensive experience in and knowledge of Federal Power Act issues that arise in the

---

[1] *See infra,* Memorandum of Points and Authorities, Section IV.

[2] Prior to forming Berman and Todderud in February 2019, Mr. Berman and Mr. Todderud represented the Utility through the law firms of Sidley Austin (2008-2019) and Heller Ehrman (2000-2008). Mr. Berman was one of the FERC attorneys identified in the application to retain the Heller Ehrman law firm as counsel to the Debtors in 2001. *In re Pacific Gas and Electric Co.,* Bk. No. 01-30923 M-11.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

energy crisis litigation.  The Utility believes that their continued involvement in the energy crisis litigation is in the best interest of the estate.

## IV. SCOPE OF SERVICES

Litigation over the California energy crisis of 2000 and 2001 is pending before FERC[3] and in appellate courts—predominantly the United States Court of Appeals for the Ninth Circuit.  The claims have also been addressed in a variety of bankruptcy and judicial proceedings concerning particular parties that participated in the California power markets in 2000 and 2001.  A primary purpose of the energy crisis-related litigation is to recover refunds for ratepayers from wholesale power transactions that were tainted by market manipulation during the energy crisis of 2000-2001.[4]  Claims in these cases involved many billions of dollars and more than eighty respondents.  Through settlements with most of those respondents, the Utility has recovered more than two billion dollars for ratepayers.  Debtors believe that Berman and Todderud have been instrumental in securing those recoveries.

The Debtors seek to have Berman and Todderud continue their representation of the Utility in the pending FERC proceedings, on appeal from those proceedings, in any other proceedings (including new proceedings) involving the Utility that arise from the California energy crisis of 2000-2001, and in other electric regulatory matters that may arise.  In addition, Berman and Todderud are currently working with other attorneys and consultants to determine who owes what to whom in the markets in order to achieve final market clearing.  That effort will culminate in a filing at FERC that may trigger additional litigation.  To the extent the Debtors request Berman and Todderud to provide additional services that fall outside of the scope of services contemplated herein, Berman and Todderud will file a supplemental declaration.

---

[3] Currently active dockets include *San Diego Gas & Elec. Co.,* Docket Nos. EL00-95, *et al.*; *State of California ex rel. Lockyer v. British Columbia Power Exchange Corp., et al.,* Docket No. EL02-71; *Public Utilities Comm'n of the State of California v. Sellers of Long-Term Contracts to the California Dept. of Water Resources*, Docket Nos. EL02-60, *et al.*  Several other FERC dockets addressing energy crisis issues remain open.

[4] A more detailed description of the 2000-2001 energy crisis and FERC's efforts to address market dysfunction may be found at *Public Utils. Comm'n of the State of California v. FERC,* 462 F.2d 1027, 1035-46 (9th Cir 2006).

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

While the Debtors believe Berman and Todderud would otherwise qualify as an Ordinary Course Professional under the OCP Order, Berman and Todderud expects to incur fees and expenses in excess of the Monthly OCP Cap and Annual OCP Cap. Therefore, the Debtors seek to retain Berman and Todderud.

## V. NO DUPLICATION OF SERVICES

In addition to this Application, the Debtors have filed, or expect to file shortly, applications to employ: (i) Weil Gotshal & Manges LLP, as lead bankruptcy counsel, (ii) Keller & Benvenutti LLP, as co-bankruptcy counsel, (iii) Cravath, Swaine & Moore LLP, as corporate counsel, (iv) Munger, Tolles & Olson LLP, as regulatory counsel, (v) Lazard Frères & Co. LLC, as investment banker, (vi) AP Services, LLP, to provide a chief restructuring officer, deputy chief restructuring officer, and other personnel, and (vii) Prime Clerk, LLC, as claims and noticing agent. The Debtors may also file applications to employ additional professionals. Rather than resulting in any extra expense to the Debtors' estates, it is anticipated that the efficient coordination of efforts of the Debtors' attorneys and other professionals will greatly add to the progress and effective administration of these Chapter 11 Cases.

As described herein and in the Todderud Declaration, Berman and Todderud will only advise the Debtors with respect to the FERC matters identified herein. While Morrison & Foerster LLP and Munger, Tolles & Olson LLP have been retained to provide regulatory advice to the Debtors on certain matters, such matters are separate and distinct from the FERC matters Berman and Todderud would handle. Further, Berman and Todderud intends to monitor and coordinate with the Debtors to ensure a clear delineation of each firm's respective roles in connection with representation of the Debtors in these Chapter 11 Cases to prevent duplication of services and ensure the cases are administered in the most efficient fashion possible.

## VI. NO ADVERSE INTERESTS

To the best of the Debtors' knowledge, the partners of Berman and Todderud do not represent or hold any interest adverse to the Debtor or the estate with respect to the scope of representation

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

described in Section IV of this Memorandum of Points and Authorities. Neither partner directly owns any investment in the Debtors or creditors in this proceeding.

Exelon Corporation and several of its subsidiaries are listed as contract counterparties and litigants against Debtors, and Berman and Todderud represents Exelon and its utility subsidiaries on matters before FERC that are entirely unrelated to, and unaffected by, these proceedings. Through their prior employment at Sidley Austin LLP and Heller Ehrman LLP, both Mr. Todderud and Mr. Berman represented entities that are listed as contract counterparties to the Debtors. They did not, however, represent any such entities in connection with contracts involving the Debtors.

Berman and Todderud has represented to the Debtors that the firm will not represent any other party in connection with Debtor's bankruptcy proceedings or related matters. To the best of the Debtors' knowledge, based upon the Todderud Declaration, Berman and Todderud is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code. If any new relevant facts or relationships are discovered, Berman and Todderud will supplement its disclosure to the Court.

## VII. PROFESSIONAL COMPENSATION

The law firm of Berman and Todderud was formed after the Petition Date and, therefore has not received any pre-Petition compensation. The Debtors understand and have agreed that Berman and Todderud hereafter will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees, effective February 19, 2014, and the United States Trustee Guidelines Region 17, updated December 16, 2016 (the "**Local Guidelines**"), the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), and any further orders of the Court (the "**Orders**") for all professional services performed and expenses incurred.

Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and the Orders, the Debtors propose to compensate Berman and Todderud for services rendered at its customary hourly rates that are in effect from time to time, as set forth in the Todderud Declaration, and to reimburse Berman and Todderud according to its customary reimbursement policies. The Debtors respectfully submit that Berman and Todderud's rates and policies stated in the Todderud Declaration are reasonable in light of the experience and expertise required for the engagements described in Section IV of the Memorandum of Points and Authorities.

Berman and Todderud has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with its engagement.

**VIII. NOTICE**

Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order (i) granting the relief requested herein as a sound exercise of the Debtors' business judgment and in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: June 18, 2019.

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/ *Stephen Karotkin*
       Stephen Karotkin

*Attorneys for Debtors
and Debtors in Possession*

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119