**Exhibit A**

**[Proposed] Order**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11<br>(Lead Case)<br>(Jointly Administered) |
| - and - | |
| **PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | **[PROPOSED] ORDER PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORIZING THE RETENTION AND EMPLOYMENT BERMAN AND TODDERUD LLP AS SPECIAL COUNSEL FOR THE DEBTORS EFFECTIVE AS OF FEBRUARY 1, 2019** |

Upon the Application, dated June ___, 2019 (the "**Application**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), requesting authority to retain and employ Berman and Todderud LLP ("**Berman and Todderud**") as special counsel for the Debtors in connection with litigation and claims arising from the California energy crisis of 2000-2001, effective as of February 1, 2019, under a general retainer, all as more fully set forth in the Application; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Application as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application and the Todderud Declaration; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as provided herein;

2. The Debtors are authorized, pursuant to section 327(e) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, to retain and employ Berman and Todderud as special counsel in connection with litigation and claims related to the California energy crisis of 2000-2001 under a

general retainer, in accordance with Berman and Todderud's normal hourly rates and disbursement policies for the Utility, all as contemplated in the Application, effective as of February 1, 2019;

3. Berman and Todderud is authorized to provide legal services to the Debtors with respect to legal issues related to the California energy crisis of 2000-2001, including, but not limited to, litigation at the Federal Energy Regulatory Commission and in various appellate courts, and with respect to other electric regulatory matters that may arise;

4. Berman and Todderud shall be compensated in accordance with, and will file, interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and any Orders of the Court;

5. Berman and Todderud shall be reimbursed for reasonable and necessary expenses as provided by the Fee Guidelines;

6. Berman and Todderud shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases;

7. Berman and Todderud shall provide reasonable notice to the Debtors and the U.S. Trustee of any increase of Berman and Todderud's hourly rates as set forth in the Todderud Declaration;

8. To the extent the Application is inconsistent with this Order, the terms of the Order shall govern;

9. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order;

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **