WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: (212) 310-8000
Fax: (212) 310-8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636-9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                          **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11 (Lead Case) (Jointly Administered)<br><br>**DECLARATION OF ERIC TODDERUD IN SUPPORT OF APPLICATION PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY BERMAN AND TODDERUD LLP AS SPECIAL COUNSEL FOR THE DEBTORS EFFECTIVE AS OF FEBRUARY 1, 2019**<br><br>Date: July 9, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 94102<br>Objection Deadline: July 2, 2019 at 4:00 p.m. (PT) |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Pursuant 28 U.S.C. § 1746, I, Eric Todderud, hereby declare as follows:

I am an attorney admitted and in good standing to practice law in the State of Washington. My Washington bar membership authorizes me to engage in the litigation before the Federal Energy Regulatory Commission ("**FERC**") that I describe herein. I am a principal in the law firm of Berman and Todderud LLP ("**Berman and Todderud**") and am duly authorized to make this Declaration (the "**Declaration**") on behalf of Berman and Todderud. The facts set forth in this Declaration are based on my knowledge and belief after due inquiry and, if called as a witness, I could and would testify thereto.

I have been informed that, on January 29, 2019 (the "**Petition Date**"), PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**"), each commenced with this Court a voluntary case under the Bankruptcy Code (the "**Chapter 11 Cases**").

I submit this Declaration in support of the Debtors' Application (the "**Application**"),[1] pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to employ and retain Berman and Todderud as counsel for the Utility, effective as of February 1, 2019.

This Declaration is provided pursuant to Paragraph 2.1 of the *United States Trustee Guidelines, Region 17*, effective December 16, 2016 (the "**U.S. Trustee Guidelines**").

In connection with these Chapter 11 Cases, Berman and Todderud has agreed to represent the Utility in matters related to the litigation of claims, and related matters, arising from the California energy crisis of 2000-2001 that are pending before FERC and in various appellate courts, and that have also arisen from time to time in various bankruptcy proceedings and other judicial proceedings concerning various participants in the 2000-2001 power markets, and in other energy regulatory matters that may arise. The energy crisis-related matters include claims of the utility for refunds for overcharges

---

[1] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to such terms in the Application.

that suppliers imposed during the energy crisis period, claims for refunds related to suppliers' misreporting of transactions, and claims for refunds under long-term contracts, part of the cost of which is the Utility's responsibility. Recovery under all of these claims benefits the Utility's ratepayers, as provided in various agreements that were reached in resolution of the Utility's 2001 bankruptcy. In addition to the litigation work described herein, Berman and Todderud will represent the Utility in connection with the final determination of who owes what to whom in the electric power markets, which effort will require filings at FERC and may spur additional litigation among market participants including the Utility.

My partner, Stan Berman, and I have substantial experience in legal matters related to electric power and electric transmission and have worked extensively on the matters for which the Debtors seek to retain us. Mr. Berman is a 1988 graduate of Columbia Law School, and during the 1990s was head of the Trial Staff at FERC. As a partner in the law firms of Heller Ehrman and Sidley Austin, he has been the lead attorney representing the Utility in matters related to the energy crisis of 2000-2001(which is the representation for which the Debtors seek to retain Berman and Todderud) since the year 2000. I am a 1987 graduate of Lewis and Clark Law School, and I have represented clients in electric power matters for nearly thirty years. Before forming Berman and Todderud, I represented the Utility in matters related to the California energy crisis since 2004 as Counsel in the Heller Ehrman and Sidley Austin law firms.

Berman and Todderud is not and has not been employed by any entity, other than the Debtors, in matters related to these Chapter 11 Cases. Neither I nor Mr. Berman, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors, the Office of United States Trustee for Region 17 (the "**U.S. Trustee**") or any party with an actual or potential interest in these Chapter 11 Cases or their respective attorneys or accountants, except as set forth below:

    a.    Berman and Todderud represents Exelon Corporation and electric utility companies that are subsidiaries of Exelon Corporation, which are among the parties in interest identified in this case ("**Parties in Interest**"). All such representation is unrelated to these Chapter 11 Cases.

    b.    Mr. Berman and I may have performed services for certain Parties in Interest through our past association with other law firms. All such representation was unrelated to these Chapter 11 Cases.

Neither I, nor Mr. Berman, nor Berman and Todderud, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their respective estates. Accordingly, I am informed and believe that Berman and Todderud is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code, although I have little experience and no expertise in bankruptcy matters. The Debtors have numerous relationships and creditors. Consequently, although we have made reasonable efforts to discover and eliminate the possibility of any conflicts, Berman and Todderud is unable to state with certainty whether one or more of its clients or an affiliated entity may hold a claim or otherwise be a party in interest in these Chapter 11 Cases. If Berman and Todderud discovers any information that is contrary to or in addition to the statements made herein, Berman and Todderud will immediately disclose such information to the Court. To the best of my knowledge, Berman and Todderud has not represented and will not represent any entities or individuals other than the Debtors in these Chapter 11 Cases or in connection with any matters that would be adverse to the interests of the Debtors.

In determining that Berman and Todderud is a disinterested person, I have made diligent inquiry to determine whether Berman and Todderud has any connection with Parties in Interest in these cases, or has or represents any interest adverse to the Debtors' estates, or is otherwise subject to any disqualification which would prevent it from serving as special employee benefits counsel to the Debtor in these Chapter 11 Cases. In preparing this Declaration, I compared the list of our existing clients with the names of all known Parties in Interest in this case. The list of Parties in Interest was provided to us by the Debtors and included the following categories:

| | |
|---|---|
| Debtors | Ad Hoc Committee of Unsecured Tort Claimant Creditors |
| Debtors' Trade Names and Aliases | Non-Debtors Professionals |
| Affiliates and Subsidiaries | Ordinary Course Professionals |
| Current Officers and Directors | Other Secured Parties |
| Term and Revolving Loan Lenders and Administrative Agents | Regulatory and Government (Federal, State and Local) |
| Contract Counterparties | DIP Lenders |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| Debtors Professionals | Significant Competitors |
|---|---|
| Former Officers and Directors | Significant Shareholders |
| Affiliations of Former Officers | Significant holder of voting securities |
| Affiliations of Former Directors | Taxing Authorities |
| Insurance/Insurance Provider/Surety Bonds | Top Unsecured Creditors |
| Surety Bonds | Unsecured Notes |
| Landlords and parties to leases | UCC Lien Holders |
| Lenders | Unions |
| Litigation Counterparties/Litigation Pending Lawsuits | Utility Providers |
| Litigation Parties | Vendors/Suppliers |

Berman and Todderud has researched its client database to determine whether Berman and Todderud has provided or is presently providing services to those persons/entities. The only Party in Interest that Berman and Todderud currently represents is Exelon Corporation and its utility subsidiaries. As noted previously, Berman and Todderud represents Exelon Corporation and its subsidiary utility operating companies in matters related to their respective utility operations and not in any matter related to the Debtors or this proceeding. The services that Berman and Todderud provided to Exelon and its subsidiaries are wholly unrelated to any matters concerning these Chapter 11 Cases.

Subject to the Court's approval, Berman and Todderud will charge for its services in accordance with the January 2018 Master Services Agreement and Berman and Todderud's standard hourly rates in effect on the date services are rendered. The names of Berman and Todderud's professionals approved by the Utility to provide services and their respective Utility-approved rates are as follows:

      Stan Berman   $920

      Eric Todderud   $692

The rates set forth above may change from time to time in accordance with Berman and Todderud's established billing practices and procedures. Berman and Todderud will not alter its billing rates for the Utility without prior agreement of the Utility and consent of this Court. Berman and

Todderud will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of legal services described above by category and nature of the services rendered.

Berman and Todderud did not agree to any variations from, or alternatives to, the firm's standard or customary billing arrangements with respect to this matter, except that Berman and Todderud agreed to provide the Utility with a discount from the firm's standard billing rates, which discount is reflected in the rates set forth above.

My partner, Stan Berman, provided a 2019 budget and staffing plan for this matter at the end of 2018 while he was a partner at Sidley Austin LLP. Berman and Todderud plan to conform to that budget and staffing plan.

Berman and Todderud attorneys have not adjusted their billing rates based on the geographic location of the Debtor's bankruptcy case.

To the best of my knowledge, information and belief, neither the undersigned nor my partner Mr. Berman are related to any judge in the United States Bankruptcy Court for the Northern District of California or the U.S. Trustee assigned to this matter.

Because Berman and Todderud was created on February 1, 2019, Berman and Todderud was and is not owed any fees in respect of services provided during the pre-petition period.

Berman and Todderud has not shared or agreed to share any of its compensation from the Debtors with any other person.

Berman and Todderud intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and any further order of the Court and pursuant to any additional procedures that may be established by the Court in these cases.

This Declaration is submitted in accordance with section 327 of the Bankruptcy Code and Bankruptcy Rule 2014.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 18 day of June, 2019.

_____
Eric Todderud

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119