WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11 (Lead Case) (Jointly Administered)<br><br>**DECLARATION OF JANET LODUCA IN SUPPORT OF APPLICATION PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY BERMAN AND TODDERUD LLP AS SPECIAL COUNSEL FOR THE DEBTORS EFFECTIVE AS OF FEBRUARY 1, 2019**<br><br>Date: July 9, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102<br><br>**Objection Deadline**: July 2, 2019<br>                       4:00 p.m. (Pacific Time) |

1    Pursuant 28 U.S.C. § 1746, I, Janet Loduca, hereby declare as follows:

2    I am the Senior Vice President and General Counsel of PG&E Corporation ("**PG&E Corp.**").
3    In my current role, I am responsible for supervising outside counsel and monitoring and managing legal
4    fees and expenses.

5    On January 29, 2019 (the "**Petition Date**"), PG&E Corp. and Pacific Gas and Electric Company
6    (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") each
7    commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code
8    (the "**Bankruptcy Code**"). I submit this Declaration in support of the Debtors' Application
9    (the "**Application**")[1], pursuant to section 327(e) of the Bankruptcy Code and Rule 2014(a) of the Federal
10   Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to employ and retain Berman
11   and Todderud LLP ("**Berman and Todderud**" or the "**Firm**"), as special counsel for the Utility in the
12   above-captioned chapter 11 cases (the "**Chapter 11 Cases**") in litigation related to the California energy
13   crisis of 2000-2001 effective as of the February 1, 2019.

14   This Declaration is provided pursuant to Paragraph D.2 of the *U.S. Trustee Guidelines for*
15   *Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*
16   *by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**Fee Guidelines**"). Except
17   as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal
18   knowledge, information provided to me by the Debtors' employees or advisors, or my opinion based
19   upon knowledge and experience as Senior Vice President and General Counsel. I am authorized to
20   submit this Declaration on behalf of the Debtors.

21   The Debtors recognize that a comprehensive review process is necessary when selecting and
22   managing chapter 11 counsel to ensure that their bankruptcy professionals are subject to the same client-
23   driven market forces, security, and accountability as professionals in non-bankruptcy engagements.
24   While Berman and Todderud was only formed in February of this year, Mr. Berman and Mr. Todderud
25   have extensive experience advising and representing the Utility in matters related to the energy crisis as
26   partner and counsel, respectively, at other law firms. Based on its experience and relationship with the

27

28
---

[1] Capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to such terms in the Application.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1 Utility, I believe that Berman and Todderud is well qualified to perform the services described herein
2 and in the Application efficiently and effectively.

3 Berman and Todderud has confirmed to me that the Firm does not vary its billing rates or the
4 material terms of an engagement depending on whether such engagement is a bankruptcy or a non-
5 bankruptcy engagement. Berman and Todderud has advised me that its current customary U.S. hourly
6 rates are $920 for Mr. Berman and $692 for Mr. Todderud. It is my understanding that Berman and
7 Todderud reviews and adjusts its billing rates annually, typically on or around January 1 of each year.
8 Berman and Todderud has advised me that it will inform the Debtors of any adjustment to its existing
9 rate structure.

10 I am informed by Berman and Todderud that its attorneys' billing rates will be aligned each year
11 to ensure that its rates are comparable to the billing rates of its peer firms. To the extent that there is any
12 disparity in such rates, however, I nevertheless believe that Berman and Todderud's retention by the
13 Debtors is warranted in these cases for the reasons set forth in the Debtors' Application.

14 I understand that Berman and Todderud's fees and expenses will be subject to periodic review
15 on a monthly, interim, and final basis during the pendency of these Chapter 11 Cases by, among other
16 parties, a fee examiner, the Office of the United States Trustee and the Debtors, and in accordance with
17 the terms of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders
18 of the Court governing the procedures for approval of interim compensation of professionals retained in
19 these Chapter 11 Cases.

20 As Senior Vice President and General Counsel, I supervise and manage legal fees and expenses
21 incurred by the Debtors' outside counsel. Either I or a senior lawyer in our legal department reviews the
22 Debtors' outside counsel invoices and authorizes all legal fees and expenses prior to the payment of such
23 fees to outside counsel. In so doing, I assure that all requested fees and expenses are reasonable and
24 correspond with necessary or beneficial services rendered on behalf of the Debtors and their estates. The
25 aforementioned review and approval process does not differ when the Debtors employ outside counsel
26 for non-bankruptcy matters. Moreover, Berman and Todderud has informed me that the Debtors will be
27 provided with the opportunity to review all invoices and request adjustments to such invoices to the
28

extent that the Debtors determine that such adjustments are necessary and appropriate, which requests will be carefully considered by Berman and Todderud.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct

Dated: June 18, 2019

/Janet Loduca