WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com) Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Ste. 1900 San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11 (Lead Case) (Jointly Administered)<br><br>**APPLICATION PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR ORDER AUTHORIZING THE DEBTORS TO RETAIN COBLENTZ PATCH DUFFY & BASS LLP AS SPECIAL COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE**<br><br>Date: July 9, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br>Objection Deadline: July 2, 2019 at 4:00 p.m. (PT) |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this application (the "**Application**") for entry of an order, pursuant to section 327(e) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the employment and retention of Coblentz Patch Duffy & Bass LLP ("**Coblentz**"), as special counsel to Debtors to represent the Debtors in connection with the matters described herein, on the terms and conditions set forth herein, *nunc pro tunc* to the Petition Date (as defined below). In support of this Application, the Debtors submit the Declaration of Gregg M. Ficks (the "**Ficks Declaration**") and the Declaration of Janet Loduca (the "**Loduca Declaration**"), each of which is being field contemporaneously herewith.

A proposed form of order approving the retention and employment of Coblentz is annexed hereto as **Exhibit A** (the "**Proposed Order**").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue before the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter

11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

By order entered on February 28, 2019 [Docket No. 707] (the "**OCP Order**"), the Court established certain procedures to retain and compensate certain professionals (collectively, the "**Ordinary Course Professionals**") that the Debtors employ in the ordinary course of business subject to, among other things, a monthly cap (the "**OCP Monthly Cap**") and annual cap (the "**OCP Annual Cap**") on fees incurred.

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

### III. BASIS FOR RELIEF

The Debtors seek approval of the employment of Coblentz as special counsel for the matters described herein pursuant to section 327(e) of the Bankruptcy Code. Section 327(e) of the Bankruptcy Code provides that the debtor in possession "may employ, for a specified special purpose, other than to represent the [debtor in possession] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

As detailed below, the Debtors submit that the employment of Coblentz, effective *nunc pro tunc* to the Petition Date, and on the terms and conditions set forth herein, is in the best interest of the Debtors, their estates, their creditors, and all other parties in interest, and therefore should be approved. The Debtors intended to retain and employ Coblentz as an Ordinary Court Professional,

pursuant to the OCP Order, to provide the services described herein. However, the services Coblentz is anticipated to provide in connection with its representation of the Debtors will likely result in fees generated in excess of the OCP Monthly Cap and the OCP Annual Cap. Accordingly, the Debtors are seeking to retain Coblentz pursuant to this Application.

## IV. COBLENTZ'S QUALIFICATIONS

The Debtors have selected Coblentz to serve as special counsel in the matters described herein because of Coblentz's considerable expertise and experience in these matters, and because of Coblentz's experience with, and knowledge of, the Debtors' business and legal affairs in these matters. Coblentz is a 125+ year old San Francisco-based law firm. Coblentz is a full-service law firm, but Coblentz's qualifications described herein focus on the practice areas for which the Debtors intend to retain Coblentz.

Coblentz's real estate practice is one of the premier real estate practices in California. Coblentz has advised the Debtors on real estate matters for more than 30 years, including as primary outside real estate transactional counsel for the last 20 years. Coblentz has regularly represented the Debtors in the acquisition of improved and unimproved properties, the disposition of surplus properties, and the negotiation of all types of leases. Over the years, Coblentz also has handled unique assignments such as the retrofit of the Debtors' headquarter buildings on Market Street, and more recently, the assemblage of parcels for the development of the state-of-the art gas training center in Winters.

Since 2005, Coblentz also has served as primary outside counsel to the Utility in the implementation of its Land Conservation Commitment ("**LCC**") under which the Utility is undertaking to conserve approximately 140,000 acres of its watershed lands for a broad range of beneficial public values, including the protection of the natural habitat of fish, wildlife and plants, the preservation of open space, outdoor recreation by the general public, sustainable forestry, agricultural uses, and historic values. Approximately 100 total transactions are anticipated. As of April 19, 2019, 39 transactions have closed. Ongoing compliance guidance is anticipated for closed transactions.

Coblentz's white collar defense practice group is one of California's premier practices in the field of internal investigations and defense of regulatory and civil enforcement matters. Its partner members, all of whom are former Assistant United States Attorneys in the United States Department of Justice, have conducted internal investigations concerning publicly held corporations, privately held corporations, and governmental entities across the United States and abroad, and have defended regulatory enforcement matters before the Securities and Exchange Commission, the Office of the Comptroller of the Currency, and the California Public Utilities Commission (the "**CPUC**"). Coblentz partner Sean Coyle has represented the Utility on regulatory enforcement and criminal matters for the last four-plus years.

Coblentz's commercial and real property litigation practices are also among the strongest in California. Coblentz has represented commercial entities in a broad range of litigation disputes in courts throughout the state, and across the country. The firm has handled some of the most significant real property litigation matters in California in recent years, including California Environmental Quality Act ("**CEQA**") matters, development disputes, and property tax matters.

Coblentz currently represents the Utility in an action against the California Department of Water Resources (the "**DWR Matter**") in which the Utility seeks to recover expenses incurred when it had to relocate electric transmission facilities as a result of the Oroville Dam crisis in 2017. (This is a coordinated case proceeding in the Superior Court of Sacramento County, which includes lawsuits by other landowners affected by the Oroville Dam crisis.) Coblentz also represents the Utility in an "Order Instituting Investigation" regulatory enforcement action (the "**Ex Parte OII Matter**") before the CPUC regarding alleged *ex parte* contacts between former of the Utility's officers, employees, and consultants, and CPUC officials, regarding a number of CPUC proceedings in 2010-2014.

Additionally, having represented the Debtors for years in real estate, regulatory, litigation, and similar matters, Coblentz and its applicable attorneys have acquired considerable knowledge of the Debtors' business and operations. For the foregoing reasons, the Debtors believe Coblentz is well-qualified to represent them as special counsel in connection with the matters described herein

during the pendency of these Chapter 11 Cases.

## III. SERVICES TO BE PROVIDED

Subject to Court approval, Coblentz will provide the following services to the Debtors:

**1. Real Estate Purchase and Sale and Leasing.**

    a. Maintain and revise real estate transaction and lease forms for the Debtors.

    b. Advise and represent the Debtors regarding potential and actual sales and acquisitions of real properties.

    c. Draft and negotiate transactional real estate agreements, including post-closing agreements.

    d. Review title, prepare title summaries and objection letters, and negotiate title policies and endorsements.

    e. Prepare escrow instructions and coordinate closings.

    f. Advise and represent the Debtors in connection with the creation of conservation easements.

    g. Coordinate with environmental counsel regarding environmental issues.

    h. Advise and represent the Debtors, as tenant(s), in connection with office, retail, warehouse, industrial, and yard leases.

    i. Advise and represent the Debtors, as landlord(s), in connection with retail tenancies.

    j. Advise and represent the Debtors in additional real estate and leasing matters during the course of these Chapter 11 Cases.

**2. Land Conservation Commitment.**

    a. Advise the Debtors regarding, and document, the development, preparation, negotiation, and finalization for each transaction.

    b. Analyze and advise the Debtors regarding title, subdivision, and other property-specific issues.

    c. Participate in implementation oversight by the Pacific Forest and Watershed Lands Stewardship Council, a non-profit corporation created to oversee and carry out the LCC.

    d. Advise and assist with the Debtors' requests for regulatory approval to FERC and the CPUC.

    e. Coordinate transaction closings.

    f. Advise and assist the Debtors regarding conservation compliance issues.

    g. Coordinate and interface with co-counsel on specialized legal issues, *e.g.*, tribal law, environmental law, governmental entity law, and water rights issues.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

h. Advise and represent the Debtors in additional land conservation work during the course of these Chapter 11 Cases.

3. **Litigation, Investigatory, and Regulatory Matters, Including the DWR Matter.**

   a. Propound and respond to written discovery and document demands/productions, and any related meet and confer and litigation.

   b. Analyze key discovery materials for motion practice and trial.

   c. Prepare for and attend depositions of the Utility's witnesses and of other witnesses.

   d. Contribute to case management submissions and attend case management conferences.

   e. Attend hearings and trial planning conferences, including preparing court papers in conjunction therewith.

   f. Prepare and oppose any motions for summary judgment or summary adjudication.

   g. Prepare for and participate in trial and trial-related proceedings, submissions, and briefing.

   h. Advise the Debtors regarding case management, discovery, and trial issues and strategies.

   i. Advise and represent the Debtors in additional litigation, investigatory, and regulatory matters during the course of these Chapter 11 Cases.

4. **Representation of the Utility in the Ex Parte OII Matter.**

   a. Review and produce discovery materials, and a joint administrative evidentiary record.

   b. Prepare written discovery responses and perform related research and investigation.

   c. Participate in case management/meet and confer discussions with proceeding parties.

   d. Attend status hearings.

   e. Manage discovery disputes, and perform legal and factual research relating to such disputes.

   f. Advise and participate in any settlement strategy, negotiations, and documentation, and any record submissions related thereto.

   g. Prepare case submissions and prepare for and attend any hearings and evidentiary hearings.

   h. Perform miscellaneous and case management work during the course of these Chapter 11 Cases.

Coblentz also will perform other legal services as requested by the Debtors during the

pendency of their Chapter 11 Cases, to the extent Coblentz agrees to perform such work. Coblentz will work with Weil, Gotshal & Manges LLP and the Debtors' other professionals, as and if applicable, to maximize efficiency and avoid any duplication of effort.

## V. TERMS OF COMPENSATION

As set forth in the Ficks Declaration, the Debtors understand and have agreed that Coblentz will apply to the Court for allowances and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, effective February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), and any other applicable Orders of the Court regarding professional compensation and reimbursement of expenses in these Chapter 11 Cases (the "**Orders**").

The pre-petition terms of Coblentz's engagement by the Debtors are set forth in the PG&E Master Services Agreement updated January 2018, attached hereto as **Exhibit B**, which is further incorporated by reference into periodic letters from the Utility confirming Coblentz's retention in connection with various new matters as they arise (collectively, the "**Engagement Agreement**").[1] Coblentz has informed the Debtors that, subject to the approval of this Court, it will charge the Debtors for its legal services on an hourly basis at the rates set forth in the Engagement Agreement for calendar year 2019 and for reimbursement of certain costs and expenses in accordance with the terms of the Engagement Agreement. These hourly rates reflect discounts ranging from

---

[1] In the Engagement Agreement, Coblentz agreed to charge the Debtors at stipulated discounted rates during 2018 and 2019. In addition, for land conservation commitment work for the Debtors, Coblentz provides a discount of 3 percent on fees collected in excess of $300,000 during a calendar year, up to and including $500,000, and a discount of 5 percent on fees collected in excess of $500,000 during a calendar year. Further, with respect to work other than real estate and land conservation commitment work, Coblentz agreed to a 5 percent discount to the Debtors on fees collected in excess of $1,000,000 during a calendar year.

approximately 12 to 24 percent from Coblentz's ordinary and customary hourly rates for attorneys in effect as of January 1, 2019. The average discount for partners is approximately 16 percent, the average discount for of counsel attorneys is approximately 15 percent, and the average discount for associates is approximately 18 percent. In the normal course of its business, Coblentz revises its hourly rates annually, typically on or about January 1 of each year. Coblentz will discuss any such rate increases with the Debtors, and will serve notice of such rate increases to the Debtors and the Office of the United States Trustee, before the rate increases take effect. Coblentz also will cause notice of the rate increases to be filed with the Court, if so required. Coblentz will bill for services in increments of a tenth of an hour (0.1) as required by the U.S. Trustee Guidelines.

The billing rates for the attorneys and paraprofessionals currently expected to have a material role in representing the Debtors are set forth below:

**Real Estate/Land/Conservation Easement/Eminent Domain:**

| Name | Title | Discounted Hourly Rate – 2019 |
|---|---|---|
| Barbara A. Milanovich | Partner | $648 |
| Douglas C. Sands | Partner | $648 |
| Harry O'Brien | Partner | $900 |
| Scott Greenwood-Meinert | Partner | $472 |
| Matt Bove | Partner | $725 |
| Robert B. Hodil | Of Counsel | $520 |
| Misti M. Schmidt | Of Counsel | $450 |
| Joy Spezeski | Associate | $369 |
| Daniel P. Barsky | Associate | $334 |
| Leah P. Collins | Associate | $334 |
| Michael Wilson | Paralegal | $302 |
| Doug Larson | Paralegal | $284 |
| Angie Brandt | Paralegal | $248 |
| Gino Altamirano | Paralegal | $248 |

**Litigation, Including CPUC, Regulatory, and Investigative**

| Name | Title | Discounted Hourly Rate – 2019 |
|---|---|---|
| Sean P. Coyle | Partner | $500 |
| Jonathan R. Bass | Partner | $800 |

| Name | Title | Discounted Hourly Rate – 2019 |
|---|---|---|
| Charmaine Yu | Partner | $595 |
| Gregg M. Ficks | Partner | $623 |
| David (Duff) Beach | Of Counsel | $450 |
| Mark Hejinian | Associate | $400 |
| James McKee | Associate | $400 |
| Foram Dave | Associate | $365 |
| Yasmin L. Jayasuriya | Paralegal | $260 |
| Vincent N. Doan | Case Clerk | $175 |

As set forth in the Ficks Declaration, the hourly rates set forth above are consistent with or generally less than the rates that Coblentz charges other comparable clients for similar services, whether in or outside of chapter 11, regardless of the location of the client or the court in which a matter is pending. The Debtors believe the hourly rates listed above are appropriate, and are less than or similar to, the rates that other counsel of similar expertise and experience would charge to do work similar to the work Coblentz will perform for the Debtors.

The expenses for which Coblentz may be reimbursed by the Debtors are limited by the Engagement Agreement. In accordance with the Engagement Agreement, unless otherwise agreed in advance, Coblentz cannot charge for secretarial services, library services, clerical support, learning or training costs, office supplies, postage, internal couriers, routine office photocopying, telecopying or fax, local telephone and cellular plans, filing, file indexing, bill preparation, staff overtime, word processing, computer assisted research (such as Lexis-Nexis, Westlaw and the like), and meals or snacks (unless while traveling). Coblentz will charge such costs and expenses in accordance, and only to the extent consistent, with the Bankruptcy Local Rules, the applicable Guidelines promulgated by the U.S. Trustee, and the Engagement Agreement.

The Debtors believe that the terms on which they propose to employ Coblentz are usual and customary and believe that Coblentz's rates for the Debtors are reasonable based upon its capabilities and are better than and/or within the market range for comparable firms.

## VI. SECTION 327(e) REQUIREMENTS AND COBLENTZ'S CONNECTIONS

Debtors believe Coblentz's employment as special counsel is in the best interest of these

estates. Further, to the best of the Debtors' knowledge based on the Ficks Declaration, Coblentz does not hold or represent any interest adverse to the Debtors or their estates with respect to the matters on which Coblentz is to be employed. Coblentz therefore qualifies for employment as special counsel for the Debtors in these Chapter 11 Cases pursuant to Bankruptcy Code Section 327(e). Given the large number of parties in interest involved in these Chapter 11 Cases, Coblentz's evaluation of its potential connections with such interested parties is ongoing. To the extent that Coblentz discovers any connection with any interested party or enters into any new relationship with any interested party that require disclosure under the Bankruptcy Code or Rules, the firm will supplement its disclosure to the Court.

Based on the foregoing, the Debtors believe, and request that the Court find, that it is necessary and in the best interest of the Debtors, their estates, their creditors, and all other parties in interest to employ Coblentz as special counsel to render professional services as described herein during the pendency of these Chapter 11 Cases, and that Coblentz be paid from these estates upon subsequent fee application(s), as applicable.

## VII. NOTICE

Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein and such further relief as

is just and proper.

Dated: June 18, 2019

<div style="margin-left: 40%;">
WEIL, GOTSHAL & MANGES LLP

KELLER & BENVENUTTI LLP


By:   */s/ Stephen Karotkin*
      Stephen Karotkin

      *Attorneys for Debtors
      and Debtors in Possession*
</div>

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119