WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com) Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900 San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11 (Lead Case) (Jointly Administered)<br><br>**DECLARATION OF JANET LODUCA IN SUPPORT OF THE APPLICATION PURSUANT TO 11 U.S.C. 327(e) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR ORDER AUTHORIZING THE DEBTORS TO RETAIN COBLENTZ PATCH DUFFY & BASS LLP AS SPECIAL COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE**<br><br>Date: July 9, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br>Objection Deadline: July 2, 2019 at 4:00 p.m. (PT) |

Pursuant 28 U.S.C. § 1746, I, Janet Loduca, hereby declare as follows:

On January 29, 2019 (the "**Petition Date**"), PG&E Corp. and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). I submit this Declaration in support of the Debtors' Application (the "**Application**")[1], pursuant to section 327(e) of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to employ and retain Coblentz Patch Duffy & Bass LLP ("**Coblentz**" or the "**Firm**") as special counsel to the Debtors effective *nunc pro tunc* as of January 29, 2019.

This Declaration is provided pursuant to Paragraph D.2 of the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**Fee Guidelines**"). Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, information provided to me by the Debtors' employees or advisors, or my opinion based upon knowledge and experience as Senior Vice President and General Counsel. I am authorized to submit this Declaration on behalf of the Debtors.

The Debtors recognize that a comprehensive review process is necessary when selecting and managing chapter 11 counsel to ensure that their bankruptcy professionals are subject to the same client-driven market forces, security, and accountability as professionals in non-bankruptcy engagements. Coblentz has extensive experience advising and representing the Debtors on various matters related to their real estate transactions and related matters. Specifically, Coblentz has advised the Debtors for over 30 years on issues related to Debtors' the acquisition of improved and unimproved properties, the disposition of surplus properties, and the negotiation of all types of leases. Based on its experience and relationship with the Debtors, I believe that Coblentz is well qualified to perform the services described herein and in the Application efficiently and effectively.

---

[1] Capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to such terms in the Application.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Coblentz has confirmed to me that the Firm has not varied its PG&E billing rates or the material terms of this engagement because of these bankruptcy cases or the geographic location of these bankruptcy cases. Coblentz has advised me that its current customary U.S. hourly rates range from $525 to $1,100 for partners, $540 to $925 for counsel, $375 to $525 for associates, and $165 to $395 for paraprofessionals, which rates all have been reduced in accordance with the terms of this engagement. It is my understanding that Coblentz reviews and adjusts its billing rates annually, typically on or around January 1 of each year. Coblentz has advised me that it will inform the Debtors of any adjustment to its existing rate structure.

I am informed by Coblentz that its attorneys' billing rates are aligned with, or are below, the billing rates of its peer firms. To the extent that there is any disparity in such rates, however, I nevertheless believe that Coblentz's retention by the Debtors is warranted in these cases for the reasons set forth in the Debtors' Application.

I understand that Coblentz's fees and expenses will be subject to periodic review on a monthly, interim, and final basis during the pendency of these Chapter 11 Cases by, among other parties, a fee examiner or fee committee (if appointed), the Office of the United States Trustee and the Debtors, and in accordance with the terms of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court governing the procedures for approval of interim compensation of professionals retained in these Chapter 11 Cases.

As Senior Vice President and General Counsel, I supervise and manage legal fees and expenses incurred by the Debtors' outside counsel. Either I or a senior lawyer in our legal department reviews the Debtors' outside counsel invoices and authorizes all legal fees and expenses prior to the payment of such fees to outside counsel. In so doing, I assure that all requested fees and expenses are reasonable and correspond with necessary or beneficial services rendered on behalf of the Debtors and their estates. The aforementioned review and approval process does not differ when the Debtors employ outside counsel for non-bankruptcy matters. Moreover, Coblentz has informed me that the Debtors will be provided with the opportunity to review all invoices and request adjustments to such invoices to the extent that the Debtors determine that such adjustments are necessary and appropriate, which requests will be carefully considered by Coblentz.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: June 18, 2019

Janet Loduca

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119