Rebecca Weissman (No. 322402)
DECHERT LLP
One Bush Street, Suite 1600
San Francisco, California 94104
Telephone: 415.262.4500
Facsimile: 415.262.4555
rebecca.weissman@dechert.com

Allan S. Brilliant (*pro hac vice*)
Shmuel Vasser (*pro hac vice*)
Alaina R. Heine (*pro hac vice*)
DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
Telephone: 212.698.3500
Facsimile: 415.698.3599
allan.brilliant@dechert.com
shmuel.vasser@dechert.com
alaina.heine@dechert.com

*Attorneys for State Farm Mutual Automobile Insurance Company and its affiliates and subsidiaries*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION and PACIFIC GAS & ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>x Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Case No. 19-30088 (DM)<br>Chapter 11<br>Jointly Administered<br><br>**STATE FARM'S LIMITED OBJECTION TO OFFICIAL COMMITTEE OF TORT CLAIMANTS' MOTION PURSUANT TO 11 U.S.C. §§ 105(a), 501 AND FED. R. BANKR. P. 3001(a), 3003(c), 5005 AND 9007 FOR ENTRY OF AN ORDER (I) ESTABLISHING A BAR DATE FOR FILING FIRE CLAIMS, (II) APPROVING THE FORM AND PROCEDURES FOR NOTICE OF THE BAR DATE FOR FIRE CLAIMS, AND (III) APPROVING SUPPLEMENTAL PROCEDURES FOR NOTICE OF THE BAR DATE TO FIRE CLAIMANTS**<br><br>**Hearing Date and Time**: June 26, 2019 at 9:30 a.m. (PT)<br>**Hearing Location**: 450 Golden Gate Ave., San Francisco, CA, Courtroom 17<br>**Judge**: Hon. Dennis Montali<br>**Related Docket Nos**: 2297, 2298, 2299 |

State Farm Mutual Automobile Insurance Company and its affiliates and subsidiaries (collectively, "State Farm"), as creditors and parties in interest in the above-captioned chapter 11 cases of Pacific Gas and Electric Company (the "Utility") and PG&E Corporation ("PG&E" and, together with the Utility, the "Debtors"), by and through its undersigned counsel, hereby file this limited objection (the "Objection") to the *Motion of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. §§ 105(a), 501 and Fed. R. Bankr. P. 3001(a), 3003(c)(3), 5005 and 9007 for Entry of an Order (I) Establishing a Bar Date for Filing Fire Claims, (II) Approving the Form and Procedures for Notice of the Bar Date for Fire Claims, and (III) Approving Supplemental Procedures for Notice of the Bar Date to Fire Claimants* (the "TCC" and "Motion," respectively) [ECF No. 2297].[1] In support of the Objection, State Farm respectfully sets forth and represents as follows:

## LIMITED OBJECTION

State Farm is one of the largest property and casualty insurers in the State of California and is believed to be the insurer holding the most insurance subrogation claims against the Debtors. State Farm's claims are expected to be in the billions of dollars.

Except as set forth herein, State Farm takes no position on the Motion. State Farm files this Limited Objection because the TCC's Notice Program contemplates that "the TCC could use subpoenas to procure information from insurance carriers." *See Memorandum of Points and Authorities in Support of Motion of the Official Committee of Tort Claimants for Entry of an Order (I) Establishing a Bar Date for Filing Fire Claims, (II) Approving the Form and Procedures for Notice of the Bar Date for Fire Claims, and (III) Approving Supplemental Procedures for Notice of the Bar Date to Fire Claimants* [ECF No. 2298] at p. 9; *Declaration of*

---

[1] Each capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

*Steven Weisbrot in Support of Motion of the Official Committee of Tort Claimants for Entry of an Order (I) Establishing a Bar Date for Filing Fire Claims, (II) Approving the Form and Procedures for Notice of the Bar Date for Fire Claims, and (III) Approving Supplemental Procedures for Notice of the Bar Date to Fire Claimants* [ECF No. 2299] at p. 21.

Should the Court grant the Motion, the approval order should clarify that it does not pre-judge the appropriateness of any subpoena issued by, or on behalf of the TCC thereunder, nor does it affect in any way any rights of the subpoena's target to oppose it, or otherwise move to quash on any available ground under the Federal Rules of Evidence, Federal Rules of Civil or Bankruptcy Procedure, or applicable law. Stated differently, the entry of an order proposed by the TCC should not predetermine the propriety of any subpoena later issued by the TCC.

**RESERVATION OF RIGHTS**

State Farm reserves the right to raise further and other objections to the Motion at the hearing as may be necessary or appropriate.

DATED: June 19, 2019

/s/ *Shmuel Vasser*
Allan S. Brilliant (*pro hac vice*)
Shmuel Vasser (*pro hac vice*)
Alaina R. Heine (*pro hac vice*)
DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036

-and-

Rebecca Weissman (No. 322402)
DECHERT LLP
One Bush Street, Suite 1600
San Francisco, California 94104

*Attorneys for State Farm Mutual Automobile Insurance Company and its affiliates and subsidiaries*