| | |
|---|---|
| 1 | Robert A. Julian (SBN 88469) |
| | Cecily A. Dumas (SBN 111449) |
| 2 | BAKER & HOSTETLER LLP |
| | 1160 Battery Street, Suite 100 |
| 3 | San Francisco, CA 94111 |
| | Telephone: 628.208.6434 |
| 4 | Facsimile: 310.820.8859 |
| | Email: rjulian@bakerlaw.com |
| 5 | Email: cdumas@bakerlaw.com |
| 6 | Eric E. Sagerman (SBN 155496) |
| | Lauren T. Attard (SBN 320898) |
| 7 | BAKER & HOSTETLER LLP |
| | 11601 Wilshire Boulevard |
| 8 | Suite 1400 |
| | Los Angeles, CA 90025 |
| 9 | Telephone: 310.820.8800 |
| | Facsimile: 310.820.8859 |
| 10 | Email: esagerman@bakerlaw.com |
| | Email: lattard@bakerlaw.com |

*Counsel for Official Committee of Tort Claimants*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| -and- | (Lead Case) |
| | (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | |
| Debtors. | **REPLY IN SUPPORT OF THE MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. §§ 105(a) AND 501 AND FED. R. BANKR. P. 3001(a) FOR ENTRY OF AN ORDER APPROVING PROPOSED MODEL PROOF OF CLAIM FORM FOR FIRE CLAIMS AND RELATED PROCEDURES (DKT. NO. 1824)** |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ■ Affects both Debtors | |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | |
| | Date: June 26, 2019 |
| | Time: 9:30 a.m. (Pacific Time) |
| | Place: United States Bankruptcy Court |
| | Courtroom 17, 16th Floor |
| | San Francisco, CA 94102 |

The Official Committee of Tort Claimants (the "**TCC**"), for its Reply in support of its Motion for Entry of an Order Approving Proposed Model Proof of Claim Form for Fire Claims and Related Procedures (Dkt. No. 1824) (the "**Claim Form Motion**"),[1] states as follows:

## I. INTRODUCTION

Both PG&E and the U.S. Trustee have agreed to the TCC's Fire Proof of Claim Form. PG&E made its concession after the TCC challenged PG&E's argument that it needs to obtain documents and information from victims through the proof of claim form to estimate tort claims.

The U.S. Trustee has consistently favored the TCC's form over PG&E's form and agreed to support the Claim Form Motion after proposing certain changes to the TCC's claim form and related proposed order on the TCC's bar date motion (Dkt. No. 2297) (the "**TCC Bar Date Motion**"). *See* Dkt. No. 2316 at 3 fn. 4. The TCC also made changes to the Fire Proof of Claim Form to address comments received from multiple plaintiffs' attorneys to make the form easier for families to use, which comments are reflected in the revised Fire Proof of Claim Form and revised proposed order on the TCC Bar Date Motion (the "**Proposed Order**") filed contemporaneously herewith. The TCC submits that the Court should adopt the TCC's Fire Proof of Claim Form.

## II. BACKGROUND

The Claim Form Motion filed on May 3, 2019 seeks approval of the TCC's Fire Proof of Claim Form and limited procedures related thereto. The TCC designed its form to reflect the fact that many victims of the 2018 Camp Fire are homeless and suffering trauma, and are unrepresented by counsel. By its Claim Form Motion, the TCC did not ask the Court to establish a bar date, approve the form of notice thereof, or approve a notice program. These matters are before the Court on separate motions—the TCC Bar Date Motion and a motion filed by PG&E (Dkt. No. 1784) (the "**PG&E Bar Date Motion**").

PG&E initially objected to the Claim Form Motion. *See* Dkt. No. 2296 (the "**PG&E Objection**"). Another party—the Singleton Law Firm Fire Victim Claimants ("**Singleton**" or the "**SLF Claimants**")—filed an objection to the PG&E Bar Date Motion and the Claim Form

---

[1] Capitalized terms used but not defined in this Reply have the meanings given to them in the Claim Form Motion and the Memorandum in Support thereof (Dkt. No. 1825).

2

Case: 19-30088    Doc# 2604    Filed: 06/19/19    Entered: 06/19/19 09:27:31    Page 2 of 4

Motion. *See* Dkt. No. 2248 (the "**Singleton Objection**"). Singleton argues that PG&E's form is unduly burdensome and that the TCC's form should be adopted but in a modified form. The Creditors Committee filed a statement supporting PG&E's form but did not object to the TCC's Claim Form Motion. *See* Dkt. No. 2308 (the "**UCC's Statement**").

After the TCC filed its objection to the PG&E Bar Date Motion (Dkt. No. 2306) (the "**TCC's Objection**") and served PG&E with discovery requests on PG&E's estimates of its liabilities for various Fires, as reflected in PG&E's SEC filings, PG&E notified the TCC that it has adopted the TCC's Fire Proof of Claim Form. *See* Orsini Letter, Dkt. No. 2562-1.[2] Such adoption moots the PG&E Objection to the Claim Form Motion and the UCC's Statement in support of PG&E's form.

The TCC has addressed all concerns raised by the U.S. Trustee with respect to the TCC's Fire Proof of Claim Form, the Proposed Order on the TCC Bar Date Motion, and the application to retain the Angeion Group, LLC as noticing agent (Dkt. No. 2303) (the "**Angeion Application**"). The TCC has also revised the Proposed Order on the TCC Bar Date Motion to reflect comments received from the California State Agencies. The TCC has also revised the Fire Proof of Claim Form to address comments received from multiple plaintiffs' attorneys, including changes to clarify that families may use a single form so long as each family member asserting a claim is identified.

With the changes to the Fire Proof of Claim Form and the Proposed Order, the TCC has been able to resolve all objections to the Court's approval of the Fire Proof of Claim Form with one lone exception—the Singleton Objection.

### III. THE SINGLETON OBJECTION

The Singleton Objection raises three issues with the TCC's form. First, the SLF Claimants request that the TCC's form be modified to permit multiple Fire Claimants whose claims stem from the same real property (*e.g.*, a family of four who lost their home) to submit a single claim form

---

[2] The TCC responded to the Orsini Letter on June 13, 2019. *See* Goodman Letter (attached as **Exhibit A**). PG&E did not disclose the Goodman Letter to the Court in its Status Update filed on June 17, 2019. To date, PG&E has declined the TCC's invitations to enter into an information-sharing protocol.

3

Case: 19-30088    Doc# 2604    Filed: 06/19/19    Entered: 06/19/19 09:27:31    Page 3 of 4

rather than multiple claim forms. The TCC addressed this issue with the addition of language clarifying that families may use a single claim form.

Second, the SLF Claimants request that Fire Claimants specify whether they were victims of the "Tubbs Fire" that occurred in 2017. The TCC's form requires Fire Claimants to identify the year of the fire giving rise to the Fire Claim and provide the location of loss. This information can be used to identify each Fire Claim arising out of the Tubbs Fire.

Lastly, the SLF Claimants request that the TCC's form be modified so that Fire Claimants are asked to provide a claim amount. Many Fire Claimants will assert claims that include damages for personal injury and emotional distress. Expert testimony will be used to determine damages for property losses. It serves no useful purpose to ask Fire Claimants to guess at the total amount of their Fire Claims as a condition to filing a proof of claim. However, the Proposed Order makes it clear that Fire Claimants are not required to use the Fire Proof of Claim Form but can also use Official Form 410. The SLF Claimants, each of whom is represented by legal counsel, can immediately file proofs of claim asserting claim amounts using Official Form 410.

After PG&E notified the TCC of its adoption of the TCC's form, the TCC sought clarification on several issues related to the proposed bar date and the TCC's notice program. These issues are not before the Court on the Claim Form Motion, which would be unopposed but for the Singleton Objection. Given the changes made to the Fire Proof of Claim Form, and the SLF Claimants' ability to use Official Form 410, the TCC respectfully submits that the Singleton Objection should be overruled and that the Court should grant the Claim Form Motion.

Dated June 19, 2019                              BAKER & HOSTETLER LLP

By: /s/ Eric Goodman

*Attorney for The Official Committee of Tort Claimants*