**EXHIBIT A**

**GOODMAN LETTER**

# BakerHostetler

Baker&Hostetler LLP

Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214

T 216.621.0200
F 216.696.0740
www.bakerlaw.com

Eric R. Goodman
direct dial: 216.861.7418
egoodman@bakerlaw.com

June 13, 2019

**VIA E-MAIL (KOrsini@cravath.com)**

Kevin Orsini
Cravath, Swaine & More LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

Re: In re PG&E Corporation and Pacific Gas and Electric Company
    Case No. 19-30088

Dear Mr. Orsini:

Thank you for your letter dated June 10, 2019 wherein PG&E Corporation and Pacific Gas and Electric Company (collectively, "**PG&E**" or "**Debtors**") agreed to adopt the Official Committee of Tort Claimants' (the "**TCC**") Fire Proof of Claim Form.[1] *See* Motion for Entry of an Order Approving Proposed Model Proof of Claim Form for Fire Claims and Related Procedures (Dkt. No. 1824) (the "**Motion**").

The TCC intends to inform the Court in its June 19, 2019, Reply in Support of the Motion that PG&E has agreed to the use of the TCC's Fire Proof of Claim Form (the "**TCC Form**"), and that, accordingly, this agreement moots PG&E's Objection to the TCC's Motion (Dkt. No. 2296).

The TCC's Motion and the TCC's Bar Date Motion request that the Court approve the TCC's Fire Proof of Claim Form along with certain procedures. We ask that you confirm that PG&E's adoption of the TCC's claim form includes PG&E's adoption of these procedures, or identify the matters to which PG&E objects:

>    1.    Can you confirm that PG&E agrees that Fire Claimants can file a proof of claim using either the TCC Form or Official Form 410. This would allow Fire Claimants

---

[1] Capitalized terms used but not defined in this letter have the meanings given to them in the Motion and the Memorandum in Support thereof (Dkt. No. 1825) and the TCC's Motion Pursuant to 11 U.S.C. §§ 105(a), 501, and Fed R. Bankr. P. 3001(a), 3003(c), 5005 and 9007 for Entry of an Order (I) Establishing a Bar Date for Filing Fire Claims, (II) Approving the Form and Procedures for Notice of the Bar Date for Filing Fire Claims, and (III) Approving Supplemental Procedures for Notice of the Bar Date to Fire Claimants (the "**TCC Bar Date Motion**") (Dkt. No. 2297).

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver*
*Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC*

> the opportunity to include a claim amount using the Official Form 410, if they so choose.

2. Can you confirm that any Fire Claimant who has already filed a Fire Proof of Claim against any of the Debtors with respect to the claim being asserted utilizing a claim form that substantially conforms to the TCC Form or Official Form 410 will not be required to re-file a proof of claim.

3. Can you confirm that no party, including PG&E, can object in whole or in part to any Fire Claim prior to the bar date. The TCC agrees in exchange to use its best efforts to encourage Fire Claimants to file proofs of claim as early as practicable.

4. Can you conform whether PG&E agrees to the use of the TCC's one-page Fire Claim Bar Date Notice. This should reduce the cost of mailings.

5. Can you confirm whether PG&E agrees to the revision to the TCC Form, a copy of which is attached hereto as Exhibit A, which clarifies that a family may use a single form, so long as each family member is individually identified in the proof of claim. It is our understanding that PG&E will find this change beneficial to the extent that it helps PG&E identify heirs for wrongful death claims.

While we understand the parties have not yet reached an agreement as to the below issues, we respectfully request that Debtors consider the following proposals:

1. <u>Bar Date</u>. The TCC understands PG&E's proposed Fire Claim Bar Date is September 2019, whereas the TCC's proposed Fire Claim Bar Date is January 2020. The TCC continues to believe that a Fire Claim Bar Date of January 2020 is more appropriate in order to provide Camp Fire victims with adequate time to prepare and submit their Fire Claims. Furthermore, a January 2020 Fire Claim Bar Date has the added advantage of being after the 2019 fire season. Adopting a January 2020 date will help moot concerns raised by state agencies.

2. <u>Supplemental Notice</u>. PG&E has indicated that it is "considering [the TCC's] proposed supplemental notice mechanisms to determine whether we believe any of them should be incorporated into our plan." To the extent PG&E is willing to adopt certain aspects of the TCC's Supplemental Notice Program, the TCC requests the parties schedule a telephone conference as soon as practicable to discuss. In order for the TCC's Supplemental Notice Program to be effective, it presumes a Fire Claim Bar Date later than September 2019. The TCC seeks clarification from the Debtors regarding what Fire Claim Bar Date is appropriate in light of its willingness to implement some, or all, of the TCC's Supplemental Notice Program. For example, if PG&E is willing to adopt some or all of the TCC's Supplemental Notice

        Program, how does PG&E propose to effectuate those aspects of the program in the period between the entry of an order setting a bar date and September 2019?

3.    <u>Noticing Agent</u>.  The TCC respectfully seeks clarification that PG&E objects to Angeion's retention and wants PrimeClerk to be the exclusive noticing agent.  Said another way, is the TCC's understanding correct that PG&E is not amendable to Angeion's retention to handle any part of the Supplemental Notice Program.

Finally, the TCC continues to believe and advocate for an information-sharing protocol that is in the best interest of all parties.  Your letter indicates that PG&E does not have information from any of the individual victims; however, your letter does not address what information PG&E has available from sources other than the individual victims.  The TCC remains open to further discussions on these points, as we believe that it would advance the cases if PG&E would produce the data that is currently in its possession, custody, and control.  Such disclosure would aid in the TCC's evaluation of any proposals made by PG&E regarding claim estimates.

Please let us know if you have any questions or seek any clarification regarding the above.

Best regards,

*/s/ Eric R. Goodman*

Eric R. Goodman

# Exhibit A

| In re:<br>   PG&E Corporation, and<br>   Pacific Gas and Electric Company,<br>      Debtors. | Chapter 11<br>Case No. 19-30088 (DM)<br>Jointly Administered |
|---|---|

# Proof of Claim (Fire Claim Related)

Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire. Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Please type or print in the spaces below. Do NOT use red ink or pencil.

**Part 1: Identify the Claim**

**1. Who is the current creditor?**
_____
Name of the current creditor (the person or entity to be paid for this claim)

**2. Are you filing on behalf of your family?**
❑ Yes
❑ No

A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.

If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:
_____
_____
_____
_____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**
Name _____
Attorney Name (if applicable) _____
Attorney Bar Number (if applicable) _____
Street Address _____
City _____
State _____
Zip Code _____
Phone Number _____
Email Address _____

**Where should payments to the creditor be sent?** (if different)
Name _____
Attorney Name (if applicable) _____
Attorney Bar Number (if applicable) _____
Street Address _____
City _____
State _____
Zip Code _____
Phone Number _____
Email Address _____

**4. Does this claim amend one already filed?**
❑ No
❑ Yes.  Claim number on court claims registry (if known) _____  Filed on ___/___/_____
                                                                                       MM / DD / YYYY

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

**5. What fire is the basis of your claim? Check all that apply.**
❑ Camp Fire (2018)
❑ North Bay Fires (2017)
❑ Ghost Ship Fire (2016)
❑ Butte Fire (2015)
❑ Other (please provide date and brief description of fire): _____

| | | |
|---|---|---|
| 6. What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different). | Location(s): _____<br>_____<br>_____<br>_____ | |
| 7. How were you and/or your family harmed? Check all that apply. | ❑ Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)<br>  ❑ Owner  ❑ Renter  ❑ Occupant  ❑ Other (Please specify): _____<br>❑ Personal Injury<br>❑ Wrongful Death (If checked, please provide the name of the deceased: _____<br>❑ Business Loss/Interruption<br>❑ Lost wages and earning capacity<br>❑ Loss of community and essential services<br>❑ Agricultural loss<br>❑ Other (Please specify) _____ | |
| 8. What damages are you and/or your family claiming/seeking? | ❑ Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)<br>❑ Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)<br>❑ Punitive, exemplary, and statutory damages<br>❑ Attorney's fees and litigation costs<br>❑ Interest<br>❑ Any and all other damages recoverable under California law<br>❑ Other (Please specify) _____ | |
| 9. How much is the claim? | ❑ To be determined in an amount according to proof | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**

**18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

❑ I am the creditor.

❑ I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
                    MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
     First Name          Middle Name          Last Name

Title _____

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer

Address _____
       Number          Street

_____
City          State          ZIP Code

Contact phone _____          Email _____

# Instructions for Proof of Claim (Fire Claim Related)

United States Bankruptcy Court

**You may have a claim against the Debtors for monetary loss, personal injury (including death), or other asserted damages arising out of or related to a fire. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations**.

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form:

- **Fill in all of the information about the claim as of the date this claim form is filed**.

- **If the claim has been acquired from someone else**, then state the identity of the last party who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **For a minor child, fill in only the child's initials and the full name of the child's parent or guardian**. For example, write *A.B., a minor child* (*John Doe, parent*). *See* Bankruptcy Rule 9037.

- **You are not required to attach supporting documents to this form**. Many communities suffered significant, if not complete, ruin and destruction. Also, many individual claimants are displaced, lack the means for electronic and comprehensive communications and continue to have urgent priorities that make documentation requirements difficult and impractical. It is understood that supporting documents for many claimants have been destroyed or lost in the fires and that the reconstruction and retrieval process is slow or even underway. Supporting documents shall be gathered, maintained and provided at a later date as instructed by the Court.

- **Question 2**. Members of a family are not required to file a proof of claim as a family but can submit individual claim forms for each family member that has a tort claim against the debtors.

- **Question 6**. If you suffered property damage, then provide the street address of each real property parcel where you suffered property damage. If you were personally evacuated as the result of a fire, then provide the address or intersection closest to where you encountered the fire and began evacuation. If you suffered property damage and were evacuated from a different location, include both. If you were a renter, provide the address of your residence.

- **Question 7**. This question requests general statements of underlying facts relating to harm and is not intended to be exhaustive or exclusive.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://restructuring.primeclerk.com/pge.

## Understand the terms used in this form

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** PG&E Corporation and Pacific Gas & Electric Company.

**Information that is entitled to privacy:** A *Proof of Claim* form must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Proof of Claim:** A form that shows the creditor has a tort claim against the debtors on or before the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

### Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Please send completed Proof(s) of Claim to:**

PG&E Corporation Claims Processing Center c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

> **Do not file these instructions with your form**.