**EXHIBIT C**

**AMENDED ORDER FOR ANGEION APPLICATION**

Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone: 628.208.6434
Facsimile: 310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**ORDER APPROVING THE APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002 TO RETAIN AND EMPLOY ANGEION GROUP, LLC, AS A FIRE CLAIM BAR DATE NOTICING AGENT EFFECTIVE AS OF MAY 22, 2019** |

Upon the Application, dated May 31, 2019, (the "**Application**"),[1] of the Official Committee of Tort Claimants (the "**TCC**") of PG&E Corporation and Pacific Gas and Electric Company (collectively the "**Debtors**") for an order authorizing the retention and employment of Angeion Group, LLC ("**Angeion**") as Fire Claim Bar Date noticing agent, effective as of May 22, 2019, pursuant to section 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and in accordance with the terms and conditions set forth in the Statement of Work and Project Proposal (the "**Agreement**") dated May 22, 2019 as such was affixed to the Weisbrot Declaration, and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Local Rules**"); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Application as provided to the parties listed therein is reasonable and sufficient; and it appearing that no other or further notice need be provided; and this Court having reviewed the Application and the Weisbrot Declaration; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Application is approved solely to the extent set forth herein.

2. The TCC is authorized, pursuant to section 1103 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 5002, to engage Angeion as the Fire Claim Bar Date noticing agent in these Chapter 11 Cases, effective as of May 22, 2019. The terms of Angeion's engagement,

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

Case: 19-30088    Doc# 2605-3    Filed: 06/19/19    Entered: 06/19/19 09:39:18    Page 3 of 11

with the exception of Angeion's compensation and reimbursement of expenses, will be pursuant to the terms of the Agreement.

3. Angeion shall be compensated for fees and reimbursed for reasonable and necessary expenses and shall file monthly fee statements and interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the order entered by this Court on February 28, 2019 establishing the procedures for interim compensation and reimbursement of expenses of professionals (Dkt. No. 701), the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, effective February 19, 2014, and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013, and any other order of the Court.

4. In connection with any increases in Angeion's rates, as set forth in paragraph 20 of the Application, Angeion shall file a supplemental declaration with this Court and provide ten (10) business days' notice to the United States Trustee and the Debtors prior to filing a fee statement or fee application reflecting an increase in such rates. The supplemental declaration shall set forth the requested rate increases, explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and certify that the TCC has consented to the requested rate increases. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

5. Notwithstanding anything to the contrary in the Application or the Agreement, Angeion shall not seek reimbursement for any fees or costs arising from the defense of any of Angeion's monthly fee statements or fee applications in these Chapter 11 Cases. Approval of the Application and any terms of the Agreement shall not alter the result dictated by the holding in *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2169 (2015) and its construction of 11 U.S.C. § 330(a)(1).

6. The indemnification provision set forth in the Agreement is approved, subject during the pendency of these Chapter 11 Cases to the following:

(a) Angeion shall not be entitled to indemnification, contribution or reimbursement for services other than the services provided under the Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court; and

(b) notwithstanding any provisions of the Agreement to the contrary, the Debtors shall have no indemnification, contribution or reimbursement obligations (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Angeion's bad faith, gross negligence, willful misconduct, or negligence, (ii) for a contractual dispute in which the TCC alleges the breach of Angeion's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible, or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which Angeion should not receive indemnity, contribution or reimbursement.

7. Notwithstanding any provision in the Agreement to the contrary, there shall be no limitation of liability in connection with this engagement.

8. To the extent that there may be any inconsistency between the terms of the Application, the Agreement and this Order, the terms of this Order shall govern.

9. Notwithstanding anything to the contrary in the Application or the Agreement, Angeion's allowed compensation shall have the same priority as the allowed professional fees and expenses of other professionals retained in the Chapter 11 Cases.

10. The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Chapter 11 Cases to cases under chapter 7.

11. The TCC is authorized to take all steps necessary or appropriate to carry out this Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order. For the avoidance of doubt, notwithstanding any provision in the Agreement to the contrary, during the pendency of these Chapter 11 Cases, this Court shall have exclusive jurisdiction over the approval of fees due and owing to Angeion for this retention.

** END OF ORDER **

Baker & Hostetler LLP
Attorneys at Law
San Francisco, CA

Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone: 628.208.6434
Facsimile: 310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** <br> **PG&E CORPORATION** <br> -and- <br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br> Debtors. <br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ■ Affects both Debtors <br> *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br> (Lead Case) <br> (Jointly Administered) <br><br> **ORDER APPROVING THE APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002 TO RETAIN AND EMPLOY ANGEION GROUP, LLC, AS A FIRE CLAIM BAR DATE NOTICING AGENT EFFECTIVE AS OF MAY 22, 2019** |

Upon the Application, dated May 31, 2019, (the "**Application**"),[1] of the Official Committee of Tort Claimants (the "**TCC**") of PG&E Corporation and Pacific Gas and Electric Company (collectively the "**Debtors**") for an order authorizing the retention and employment of Angeion Group, LLC ("**Angeion**") as Fire Claim Bar Date noticing agent, effective as of May 22, 2019, pursuant to section 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and in accordance with the terms and conditions set forth in the Statement of Work and Project Proposal (the "**Agreement**") dated May 22, 2019 as such was affixed to the Weisbrot Declaration, and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Local Rules**"); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Application as provided to the parties listed therein is reasonable and sufficient; and it appearing that no other or further notice need be provided; and this Court having reviewed the Application and the Weisbrot Declaration; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Application is approved solely to the extent set forth herein.

2. The TCC is authorized, pursuant to section 1103 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 5002, to engage Angeion as the Fire Claim Bar Date noticing agent in these Chapter 11 Cases, effective as of May 22, 2019. The terms of Angeion's

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

engagement, with the exception of Angeion's compensation and reimbursement of expenses, will be pursuant to the terms of the Agreement.

3. Angeion shall be compensated for fees and reimbursed for reasonable and necessary expenses and shall file monthly fee statements and interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the order entered by this Court on February 28, 2019 establishing the procedures for interim compensation and reimbursement of expenses of professionals (Dkt. No. 701), the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, effective February 19, 2014, and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013, and any other order of the Court.

4. In connection with any increases in Angeion's rates, as set forth in paragraph 20 of the Application, Angeion shall file a supplemental declaration with this Court and provide ten (10) business days' notice to the United States Trustee and the Debtors prior to filing a fee statement or fee application reflecting an increase in such rates. The supplemental declaration shall set forth the requested rate increases, explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and certify that the TCC has consented to the requested rate increases. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

~~5. Notwithstanding anything to the contrary herein, the Office of the United States Trustee shall have the right to object to Angeion's interim and final fee applications (including expense reimbursement) on all grounds, including the reasonableness standard provided in section 330 of the Bankruptcy Code.~~

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

5. ~~6.~~ Notwithstanding anything to the contrary in the Application or the Agreement, Angeion shall not seek reimbursement for any fees or costs arising from the defense of any of Angeion's monthly fee statements or fee applications in these Chapter 11 Cases. Approval of the Application and any terms of the Agreement shall not alter the result dictated by the holding in *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2169 (2015) and its construction of 11 U.S.C. § 330(a)(1).

6. ~~7.~~ The indemnification provision set forth in the Agreement is approved, subject during the pendency of these Chapter 11 Cases to the following:

    (a) Angeion shall not be entitled to indemnification, contribution or reimbursement for services other than the services provided under the Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court; and

    (b) notwithstanding any provisions of the Agreement to the contrary, the Debtors shall have no indemnification, contribution or reimbursement obligations (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Angeion's bad faith, gross negligence, willful misconduct, or negligence, (ii) for a contractual dispute in which the TCC alleges the breach of Angeion's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible, or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which Angeion should not receive indemnity, contribution or reimbursement.

7. Notwithstanding any provision in the Agreement to the contrary, there shall be no limitation of liability in connection with this engagement.

8. To the extent that there may be any inconsistency between the terms of the Application, the Agreement and this Order, the terms of this Order shall govern.

9. Notwithstanding anything to the contrary in the Application or the Agreement, Angeion's allowed compensation shall have the same priority as the allowed professional fees and expenses of other professionals retained in the Chapter 11 Cases.

10. The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Chapter 11 Cases to cases under chapter 7.

11. The TCC is authorized to take all steps necessary or appropriate to carry out this Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order. For the avoidance of doubt, notwithstanding any provision in the Agreement to the contrary, during the pendency of these Chapter 11 Cases, this Court shall have exclusive jurisdiction over the approval of fees due and owing to Angeion for this retention.

** END OF ORDER **