U.S. DEPARTMENT OF JUSTICE
Joseph H. Hunt, Assistant Attorney General
Civil Division
Ruth A. Harvey, Director
Kirk Manhardt, Deputy Director
Matthew Troy (GA Bar No. 717258)
Marc S. Sacks (GA Bar No. 621931)
Danielle A. Pham (CA Bar No. 269915)
Shane Huang (IL Bar No. 6317316)
Trial Attorneys
P.O. Box 875, Ben Franklin Station
Washington, D.C. 20044-0875
Telephone: (202) 514-7451
Email: marcus.s.sacks@usdoj.gov
　　　　danielle.pham@usdoj.gov
　　　　shane.huang@usdoj.gov

David L. Anderson (CA Bar No. 149604)
United States Attorney
Northern District of California

*Attorneys for the Federal Energy Regulatory Commission*

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>　　-and-<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>　　Debtors,<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No.: 19-30088-DM<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**RESPONSE OF THE FEDERAL ENERGY REGULATORY COMMISSION TO MOTION OF THE UTILITY FOR LIMITED RELIEF FROM THE AUTOMATIC STAY TO APPEAL CERTAIN MATTERS PENDING BEFORE THE FEDERAL ENERGY REGULATORY COMMISSION**<br><br>**[Relates to Dkt. 2359]**<br><br>Date: June 26, 2019<br>Time: 9:30 a.m.<br>Place: Courtroom 17<br>　　　450 Golden Gate Avenue<br>　　　16th Floor<br>　　　San Francisco, California<br>Judge: Hon. Dennis Montali |

## INTRODUCTION

The Federal Energy Regulatory Commission ("FERC" or the "Commission") hereby responds to PG&E Corporation's ("PG&E Corp.") and Pacific Gas and Electric Company's (the "Utility," and with PG&E Corp., the "Debtors") *Motion of the Utility for Limited Relief from the Automatic Stay to Appeal Certain Matters Pending Before the Federal Energy Regulatory Commission* (the "Motion"). FERC objects to the Motion on a limited basis because the proposed order is broader than the relief sought in the Motion.[1]

## BACKGROUND

On January 29, 2019, the Debtors each commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court. Contemporaneously, the Debtors commenced an adversary proceeding against FERC, Adv. Case No. 19-03003-DM.

In the adversary proceeding, the Debtors filed a motion seeking a preliminary injunction against FERC [Adv. Docket No. 2] (the "PI Motion"). One issue raised in the PI Motion is whether the automatic stay applies to the FERC Proceedings. *See* PI Motion, Adv. Case No. 19-03003-DM, Docket No. 2, 12-16. After briefing and argument, the court entered a judgment and memorandum decision in the adversary proceeding, but did not decide the issue of whether the automatic stay applied to the FERC Proceedings. *See* Mem. Decision, Adv. Case No. 19-03003-DM, Docket No. 153.

The Debtors' Motion seeks prospective and retroactive relief from the automatic stay, to the extent it is or was applicable to the FERC Proceedings, for the purpose of preserving the Debtors' appellate rights in the FERC Proceedings. Mot. at 2. While the Motion does not seek a determination of whether the automatic stay applies to the FERC Proceedings, the proposed order is ambiguous and could be interpreted, if entered, as improperly adjudicating that the automatic

---

[1] The United States is negotiating with interested parties regarding the proposed order, and files this objection to preserve its rights in case a consensual resolution cannot be reached.

FERC'S RESPONSE TO
PG&E'S MOT. TO LIFT STAY                                  1

LEAD CASE NO. 19-30088

U.S. Department of Justice
P.O. Box 875
Washington, DC 20044-0875

Case: 19-30088   Doc# 2610   Filed: 06/19/19   Entered: 06/19/19 10:52:17   Page 2 of 4

stay applies to the FERC Proceedings. *See* Proposed Order, ¶1. As demonstrated below, FERC has established that the FERC proceedings are excepted from the automatic stay.

## DISCUSSION

As FERC has previously briefed in the adversary proceeding, the FERC Proceedings are excepted from the automatic stay under section 362(b)(4), and the court has not issued a decision with respect to this issue. *See* FERC Opp. to PI Motion, Adv. Case No. 19-03003-DM, Docket No. 87, at 20-21; Mem. Decision, Docket No. 153, at 17-18. *See also* 11 U.S.C. § 362(b)(4) ("action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . regulatory power" is excepted from the automatic stay.") FERC previously demonstrated that the FERC Proceedings satisfy both the Ninth Circuit's "pecuniary purpose test" and the "public policy test" and thus, are excepted from the automatic stay. *See* FERC Opp. to PI Motion, Adv. Case No. 19-03003-DM, Docket No. 87, at 20-21.

However, it is not necessary for the Court to determine whether the automatic stay applies to the FERC Proceedings in order to grant the relief requested in the Motion. Here, the Debtors recognize that "it is unclear to the Utility that the automatic stay would preclude filing an appeal." Mot. at 5. As such, the Debtors only seek relief from the automatic stay "to the extent it is or was applicable." Mot. at 2. Thus, the Court does not need to enter an order that would adjudicate the application of the automatic stay.

Despite seeking limited relief in their Motion, the Debtors' proposed order could be interpreted, if entered, as the Court concluding that the automatic stay applies to the FERC Proceedings. *See* Proposed Order, ¶1. Thus, FERC requests that to the extent the Court grants the relief requested in the Motion, the order be revised so that it is limited to the relief requested in the Motion and avoids adjudicating the issue of whether the automatic stay applies to the FERC Proceedings by revising Paragraph 1 of the proposed order:

> The Motion is granted as provided herein. To the extent the automatic stay applies, the Court grants (a) prospective relief from the automatic stay to permit the Utility to file and prosecute to conclusion an appeal of the FERC Orders, and (b) retroactive relief from the automatic stay, to the extent necessary, to avoid the

invalidation based on the automatic stay of the Utility's Requests for Rehearing, or the FERC Orders, or of post-petition actions by the Utility or FERC relating to the FERC Orders.

**CONCLUSION**

For the foregoing reasons, to the extent the Court grants the Motion, FERC requests that the proposed order be revised to make clear that relief from stay is granted only to the extent the automatic stay applies.

Dated: June 19, 2019

JOSEPH H. HUNT
Assistant Attorney General

RUTH A. HARVEY
Director

KIRK MANHARDT
Deputy Director

DAVID L. ANDERSON
United States Attorney
Northern District of California

Respectfully submitted,

/s Danielle A. Pham
MATTHEW TROY (GA Bar No. 717258)
MARC S. SACKS (GA Bar No. 621931)
DANIELLE A. PHAM (CA Bar No. 269915)
SHANE HUANG (IL Bar No. 7316316)
Trial Attorneys
U.S. Department of Justice, Civil Division
P.O. Box 875, Ben Franklin Station
Washington, D.C. 20044-0875
Telephone: (202) 514-7451
Facsimile: (202) 514-9163
E-mail: danielle.pham@usdoj.gov

ATTORNEYS FOR THE FEDERAL
ENERGY REGULATORY COMMISSION