Kenneth N. Klee (State Bar No. 63372)
David M. Stern (State Bar No. 67697)
Samuel M. Kidder (State Bar No. 284015)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, Thirty-Ninth Floor
Los Angeles, California 90067
Telephone: 310-407-4000
Facsimile: 310-407-9090
Email: kklee@ktbslaw.com
dstern@ktbslaw.com
skidder@ktbslaw.com

*Attorneys for NextEra Energy, Inc. and NextEra Energy Partners, L.P.*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**NEXTERA ENERGY'S LIMITED OPPOSITION TO MOTION OF THE UTILITY FOR LIMITED RELIEF FROM THE AUTOMATIC STAY TO APPEAL CERTAIN MATTERS PENDING BEFORE THE FEDERAL ENERGY REGULATORY COMMISSION**<br><br>Date: June 26, 2019<br>Time: 9:30 a.m. (PST)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>**Objection Deadline**: June 19, 2019<br>4:00 p.m. (PST) |

NextEra Energy, Inc. and NextEra Energy Partners, L.P. (together, "NextEra") hereby submit this limited opposition to the *Motion of the Utility for Limited Relief from the Automatic Stay to Appeal Certain Matters Pending Before the Federal Energy Regulatory Commission*

[Docket No. 2359] (the "Utility Stay Motion")[1] filed by PG&E Corporation and Pacific Gas and Electric Company (the "Utility" and, together with PG&E Corporation, the "Debtors").

## I. LIMITED OPPOSITION

As explained in greater detail in NextEra's *Motion for Limited Relief from Stay to Participate in Appellate Proceedings with Respect to FERC Orders* [Docket No. 2400] (the "NextEra Stay Motion"),[2] NextEra agrees with the Debtors that the automatic stay should be lifted to validate, retroactively, the Utility's failure to seek stay relief in advance of requesting a rehearing from FERC and to permit, prospectively, the Utility to file and prosecute to conclusion its appeal of the FERC Orders, ***provided NextEra and other interested parties receive reciprocal relief***.

Relief from the automatic stay is not a one-way street, particularly here as the Debtors are requesting, and desperately need,[3] retroactive relief. *See, e.g.*, *Nat'l Envtl. Waste Corp. v. City of Riverside (In re Nat'l Envtl. Waste Corp.)*, 129 F.3d 1052, 1055 (9th Cir. 1997) ("[T]his court, similar to others, balances the equities in order to determine whether retroactive annulment is justified."); *Gan B, LLC v. Sims*, 575 B.R. 375, 387 (N.D. Ill. 2017) ("While a court may in some circumstances … grant[] retroactive relief from the automatic stay, such relief can only be granted in accordance with equitable principles …."); *In re Williams*, 533 B.R. 557, 565 (Bankr. N.D. Tex. 2015) ("Whether to annul the stay is an equitable determination."). NextEra does not dispute it is fair that the Utility have the ability to ask the Court of Appeals to correct what the Utility believes is an incorrect decision, even though the Utility sought rehearing without first seeking stay relief.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Utility Stay Motion.

[2] NextEra hereby incorporates by reference all arguments made in the NextEra Stay Motion, in the *Motion of Consolidated Edison for Relief from the Automatic Stay to Intervene and Participate in Appeal of FERC Orders* [Docket No. 2403], and in the joinders to the NextEra Stay Motion [Docket Nos. 2406, 2411, 2450, 2452 & 2454].

[3] Absent retroactive relief, the Utility would be precluded from appealing the FERC Orders. 16 U.S.C § 825*l*(a) ("No proceeding to review any orders of the Commission shall be brought by any entity unless such entity shall have made application to the Commission for a rehearing thereon.").

1  However, fairness cuts in more than one direction.  NextEra, as well as FERC and all the
2  defendant-intervenors (*i.e.*, the PPA Counterparties), should be entitled to ask the Court of
3  Appeals to affirm what those parties believe to be a correct order.

4  On its face, the Utility Stay Motion seeks relief from stay to permit ***the Utility*** to prosecute
5  an appeal.  It is silent as to the rights of other interested parties to participate in that appeal.

6  Although it is unclear whether the Debtors seek to preclude NextEra and other PPA
7  Counterparties (or FERC) from defending any appeal of the FERC Orders, NextEra files this
8  response, and likewise filed the NextEra Stay Motion, to insure that such an absurd and unfair
9  result does not occur.[4]  *Cf. In re Paxton*, 596 B.R. 686, 695-96 (Bankr. N.D. Cal. 2019) (noting the
10 "obvious unfairness if a debtor is allowed to appeal an adverse judgment rendered in an action
11 against the debtor, yet, at the same time, the automatic stay would prevent a creditor from doing
12 the same").  Accordingly, the Court should grant the Utility Stay Motion if and only if it also
13 grants the NextEra Stay Motion (or incorporates the relief requested therein into its order granting
14 the Utility Stay Motion).[5]

15 Subject to the preceding caveats, NextEra does not oppose the Debtors' request to
16 retroactively lift the stay to validate postpetition actions relating to the FERC Orders, including the
17 Utility's failure to seek relief from stay prior to filing the Requests for Rehearing, and to prosecute
18 an appeal of the FERC Orders to the D.C. or Ninth Circuit Court of Appeals.

---

[4] NextEra does not believe there was malevolent intent, as noted in the NextEra Stay Motion, at 1:5-9.  But absent voicing its concerns, there could be a highly inequitable outcome.

[5] After filing the NextEra Stay Motion, NextEra approached the Debtors in an attempt to negotiate a form of consensual order that would resolve both the Utility Stay Motion and the NextEra Stay Motion.  As of the date hereof, the parties have not been able to reach agreement on a form of order, although NextEra will continue to explore the possibility of a consensual resolution in advance of the hearing on the motions.

## II. CONCLUSION

For the reasons set forth herein and in the NextEra Stay Motion, NextEra respectfully requests that the Court deny the prospective relief requested in the Utility Stay Motion unless it also enters an order granting the NextEra Stay Motion (or incorporates the relief requested therein into its order on the Utility Stay Motion).

DATED: June 19, 2019

/s/ David M. Stern
Kenneth N. Klee
David M. Stern
Samuel M. Kidder
KLEE, TUCHIN, BOGDANOFF & STERN LLP

*Attorneys for NextEra Energy, Inc. and NextEra Energy Partners, L.P..*