1  Kenneth N. Klee (State Bar No. 63372)
   David M. Stern (State Bar No. 67697)
2  Samuel M. Kidder (State Bar No. 284015)
3  KLEE, TUCHIN, BOGDANOFF & STERN LLP
   1999 Avenue of the Stars, Thirty-Ninth Floor
4  Los Angeles, California 90067
   Telephone:  310-407-4000
5  Facsimile:  310-407-9090
   Email:      kklee@ktbslaw.com
6              dstern@ktbslaw.com
7              skidder@ktbslaw.com

8  *Attorneys for NextEra Energy, Inc. and
   NextEra Energy Partners, L.P.*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>　　-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>　　　　　　　　　　Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**NEXTERA ENERGY'S LIMITED OPPOSITION TO (I) MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR ENTRY OF A PROTECTIVE ORDER; AND (II) DEBTORS' MOTION FOR ENTRY OF PROTECTIVE ORDER PURSUANT TO FED. R. BANKR. P. 7026 AND 9014(c) AND 11 U.S.C. § 105(a) GOVERNING DISCOVERY MATERIALS AND OTHER INFORMATION**<br><br>Date:　June 26, 2019<br>Time:　9:30 a.m. (PST)<br>Place:　United States Bankruptcy Court<br>　　　　Courtroom 17, 16th Floor<br>　　　　San Francisco, CA 94102<br><br>**Objection Deadline**:　June 19, 2019<br>　　　　　　　　　　　　　4:00 p.m. (PST) |

NextEra Energy, Inc. and NextEra Energy Partners, L.P. (together, "NextEra") hereby submit this limited opposition to the (i) *Motion of the Official Committee of Tort Claimants for Entry of a Protective Order* [Docket No. 2419] (the "TCC Motion"), filed by the Official Committee of Tort Claimants (the "TCC"); and (ii) *Motion for Entry of Protective Order Pursuant to Fed. R. Bankr. P. 7026 and 9014(c) and 11 U.S.C. § 105(a) Governing Discovery Materials and Other Information* [Docket No. 2459] (the "Debtor Motion" and, together with the TCC Motion, the "Motions")[1] filed by the Debtors.

## I. LIMITED OPPOSITION

Under the guise of a discrete "discovery dispute aris[ing] out of the Debtors' two-month refusal to give the TCC access to [certain] documents," TCC Motion, 2:10-11, the TCC and the Debtors seek to impose their own (competing) sweeping protective orders on *any* party in interest who participates in *any* "discovery in the Chapter 11 Cases and related proceedings, including informal discovery, discovery under Bankruptcy Rule 2004, and discovery in connection with judicial or other proceedings, such as contested matters, adversary proceedings and other disputes . . . ." Debtor Motion, 2:6-8; Debtor Order, § 1 (same); TCC Order,[2] § 1 (same); *see also* Debtor Order § 2.4 (applying protections to "information provided to the Receiving Party orally"); TCC Order §§ 1 & 2.4 (same). Although NextEra did not have a seat at the table in negotiating the Proposed Orders, it is not conceptually opposed to the entry of a uniform protective order to govern all discovery in the Cases. NextEra takes issue, however, with three specific flaws, each as detailed below, in the Proposed Orders and on that basis submits this limited opposition to both Motions.

**A. The Debtor Order Improperly Shifts the Burden of Challenging Confidentiality Designations**

The Debtor Order puts the onus on the *Challenging Party* to file a motion challenging the Designating Party's designation of material as Confidential, Professional Eyes Only, or Highly

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the applicable Motion.

[2] The terms "TCC Order" and "Debtor Order" (together, the "Proposed Orders") refer to the proposed orders attached to the TCC Motion and the Debtor Motion, respectively.

Confidential Material. *See* Debtor Order, § 6.3. In other words, under the Debtors' proposed procedure, so long as the producing party "in good faith" designates its documents as confidential, the receiving party will be bound by such designation unless it undertakes the burden and expense of obtaining an order reversing such designation.

The Debtors get the designation process backwards. Bankruptcy cases are public matters. The Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") contemplate protection from public disclosure of certain limited categories of information, including "trade secret[s] or other confidential research, development, or commercial information." FED. R. CIV. P. 26(c)(1) (made applicable to adversary proceedings and contested matters by Bankruptcy Rules 7026 and 9014(c), respectively); *see also* FED. R. BANKR. P. 9018. Rule 26(c)(1) is not self-executing; rather, it provides that the "***party… from whom discovery is sought may move*** for a protective order… requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way…." FED. R. CIV. P. 26(c)(1)(G) (emphasis added); *see also* FED. R. BANKR. P. 9018 (material may be protected from public view only "on motion or on [the court's] own initiative"). Similarly, the model protective order (the "Model Order") promulgated by the U.S. District Court for the Northern District of California provides that the Designating Party shall be required to initiate any "Resolution Motion" and shall bear the burden of persuasion in any such challenge proceeding. *See* Fuller Decl. [Docket No. 2420], Ex. 1 (Model Order).

As explained in the TCC Motion,[3] it is illogical and impractical to shift the onus in these Cases. Among other problems, the Debtors' proposed process is ripe for exploitation, as the Designating Party would face no consequences for testing the limits of the "good faith" standard when making confidentiality designations. Accordingly, the Court should adopt the Judicial Intervention procedures set out in Section 6.3 of the TCC Order.

---

[3] NextEra adopts in full the arguments made in Section V of the TCC Motion regarding the impropriety of the Debtors' proposed process for initiating a Resolution Motion.

**B. Both Proposed Orders Fail to Provide for Sharing Within Common Interest Groups**

As the Court is aware, NextEra has been working collaboratively with, *inter alia,* similarly situated counterparties to power purchase agreements (collectively, "PPA Counterparties") with respect to issues on which they share a common interest, including in Adv. Proc. No. 19-03003-DM and the recently-filed appeals of the judgment entered therein. Moreover, if the Debtors move to reject one or more of the PPA Counterparties' contracts, NextEra anticipates that discovery will be required and that the sharing of discovery material among the common interest group will be necessary and appropriate.

Both of the Proposed Orders, however, include provisions that could make common interest sharing excessively burdensome or, with respect to Protected Material, impossible. Sections 7.2 and 7.3 of the Proposed Orders enumerate the persons to whom "Confidential" and "Highly Confidential" materials, respectively, may be disclosed. For purposes of this limited discussion, there is no material difference between the TCC Order and the Debtor Order. Neither Proposed Order, read literally, would permit parties in interest who are part of a common interest group to share designated materials with other members of the group.

This oversight may be attributable to the parties' use of the Model Order as their template for the Proposed Orders. As the Debtors observe, the Model Order "expressly contemplates one plaintiff and one defendant in the litigation, despite the fact that these Chapter 11 Cases bear no resemblance to a standard two-party litigation." Debtor Motion, 9:16-19. It is therefore unsurprising that the Model Order (and the TCC's and Debtors' Proposed Orders derived therefrom) fails to account for the possibility of information-sharing among parties who share a common interest in the litigation. This is problematic not only for the PPA Counterparties, but for the numerous other common interest constituencies in the Cases (*e.g.*, the *ad hoc* committee of senior unsecured noteholders and the *ad hoc* group of subrogation claim holders) who will be precluded from sharing confidential discovery materials among themselves absent modifications to the Proposed Orders.

Accordingly, it is appropriate to "deviate from the model form to accommodate the unique nature and circumstances of complex chapter 11 proceedings such as these that involve multiple

parties . . . ." Debtor Motion, 10:7-9. NextEra submits that the problem can be fixed by modifying the definition of "Receiving Party" in the applicable Proposed Order by adding the following italicized language:

> 2.10 <u>Receiving Party</u>: a Party that receives Discovery Material directly from the Producing Party***, or any Party who shares a common interest with the Party receiving Discovery Material with respect to the matter to which the Discovery Material relates and signs the "Acknowledgment and Agreement to Be Bound (Exhibit A)***."

Absent the above modification (or other language permitting the sharing of Discovery Materials among parties with a common interest), the Proposed Orders would vitiate common interest alliances and should not be approved.

## C. It is Impractical to Apply a Protective Order to Oral Information

Confidentiality designations are always problematic, but at least if applied only to labelled documents, what is protected is clear. It is also easy to contest the confidentiality of a document, or, often, the portions which are not entitled to extraordinary protection (and which, not infrequently, are the only portions which are relevant to a dispute). Oral conversations, other than those which are transcribed (*e.g.*, depositions), do not offer similar clarity. Including them creates needless confusion and hazards. Whatever the shape of the protective order, oral non-transcribed disclosures cannot be part of it. *Cf.* Model Order, § 2.5 (definition of "Disclosure or Discovery Material" excludes oral communications other than "testimony" and "transcripts"). If either of the Proposed Orders becomes the template for an entered protective order, Section 2.4 should be modified to delete the reference to "information provided to the Receiving Party orally."

*[Remainder of page intentionally left blank]*

## II. CONCLUSION

NextEra requests that the Court deny both Motions unless the ultimate protective order includes provisions (i) permitting parties sharing a common interest to share Protected Material with each other, and (ii) substantially similar to the Judicial Intervention procedures set forth in Section 6.3 of the TCC Motion. Additionally, NextEra requests that non-transcribed oral communications be excluded from the definition of "Discovery Material."

DATED: June 19, 2019

*/s/ David M. Stern*
Kenneth N. Klee
David M. Stern
Samuel M. Kidder
KLEE, TUCHIN, BOGDANOFF & STERN LLP

*Attorneys for NextEra Energy, Inc. and NextEra Energy Partners, L.P..*