Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone: 628.208.6434
Facsimile: 310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**RESPONSE OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS TO THE OBJECTIONS OF THE CALIFORNIA STATE AGENCIES AND THE SONOMA CLEAN POWER AUTHORITY TO THE DEBTORS' BAR DATE MOTION (Dkt. Nos. 1784, 2307, 2321)**<br><br>Date: June 26, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16 Floor<br>San Francisco, CA 94102 |

The Official Committee of Tort Claimants ("**TCC**") in the above-captioned chapter 11 cases of PG&E Corp. and Pacific Gas and Electric Company (collectively, the "**Debtors**" or "**PG&E**"), files this response ("**Response**") to the following objections (together, the "**Objections**") to the Debtors' Bar Date Motion (Dkt. No. 1784) ("**Debtors' Bar Date Motion**" or "**Motion**"): (1) the Limited Objection of the California State Agencies to the Debtors' Bar Date Motion (Dkt. No. 2307) ("**California AG Objection**"); and (2) Sonoma Clean Power Authority's Limited Objection to the Debtors' Bar Date Motion (Dkt. No. 2321) ("**SCPA Objection**"). In support of this Response, the TCC respectfully states as follows.

## PROCEDURAL HISTORY

On May 1, 2019, the Debtors filed their Motion, which proposed model claim forms, notice procedures and a bar date of September 16, 2019. Motion at 2.

On May 4, the TCC filed its motion to approve its model Fire Proof of Claim Form and accompanying memorandum in support (Dkt. Nos. 1824, 1825) (together, the "**TCC Claim Form Motion**").[1]

On May 31, 2019, the TCC filed its objection to the Debtors' Bar Date Motion (Dkt. No. 2306).

That same day, the TCC filed a motion to approve notice procedures and a bar date and accompanying memorandum in support (Dkt. Nos. 2296, 2297) (together, the "**TCC Bar Date Motion**"). The TCC proposes a Fire Claims Bar Date of January 31, 2020.

Also on May 31, 2019, the California AG and SCPA filed Objections to the Debtors' Bar Date Motion. This Response addresses the arguments raised in those Objections.

The Debtors have adopted the TCC's model Fire Proof of Claim Form, and thus objections to the Debtors' proof of claim form are moot. However, for completeness, the TCC still responds to these objections.

## SUMMARY OF ARGUMENT

In the Objections, the SCPA and the California AG argue that the Debtors' Bar Date Motion, if granted, could prevent victims of future fires from filing claims in these Chapter 11

---
[1] Capitalized terms used but not defined herein shall have the meanings given to them in the TCC Claim Form Motion.

1

Cases. The TCC is filing this Response to show that the Court does not need to make a preliminary determination now on how to treat future fire claims because whether a future claim is a claim that could have been filed before the bar date as a pre-petition claim turns on the allegations in the claim itself and the nature of the claim is not known at this time. Moreover, the TCC's proposal of a January 31, 2020 bar date has many advantages – including the fact that it solves the problem raised here in the Objections: By January 31, 2020, we will know the details of any 2019 fires and the nature of any claim that arises therefrom, as to whether or not the claim is a pre-petition claim that could be filed before the bar date.

## ARGUMENT

### A. Fire Claims Only Include Prepetition Wildfires

The Debtors' Motion and the Objections raise two issues. The first issue is whether the Debtors' wildfire claim form or bar date or the TCC's Fire Claim Bar Date require a claimant to file a Fire Claim based on a fire occurring after the Debtors filed these Chapter 11 Cases. The Debtors have adoped the TCC's claim form and hence, the issue of whether the Debtors' wildfire claim form is objectionable is now moot.

The SCPA argues that the Debtors' Bar Date Motion would bar claims arising from future fires because the Motion references "unmatured" claims, and, according to the SCPA, goes beyond the definition of "claim" in the Bankruptcy Code. *See* SCPA Objection at 6-13; *see also* California AG Objection at 3. The TCC's Fire Proof of Claim Form and Fire Claim Bar Date Notice define a Fire Claim as a claim arising from the prepetition fires, so the TCC's claim form is not subject to the Objections. TCC Claim Form Memorandum (Dkt. No. 1825) at 2. In addition, the TCC's Proof of Claim Form does not include the requirements for the burdensome information request by the Debtors in the model proof of claim form that the Debtors once proposed, and have now abandoned in favor of the TCC's claim form. Thus, nothing about the TCC's Fire Proof of Claim Form implicates the issue raised in the Objections.

### B. Adjudication of Future Fire Claims is Improper at This Time

The second issue is whether a claim that arises from a fire after the chapter 11 filing, but prior to the TCC's January 2020 Fire Claim Bar Date, should be filed by Fire Claimants using an

amended Fire Proof of Claim Form that applies to such fire claims in this case. The Court should not answer that question now, as the fire has not occurred and the claim has not arisen, the potential claim is speculative and hence the issue is not justiciable. Subject to that position, the TCC generally outlines its views on this question below.

The test for whether a claim is a prepetition claim that should be filed before a claims bar date, or a postpetition "future claim" that is not covered by the claims bar date, is the "fair contemplation" test, that is whether the claimant fairly contemplated that he or she held such a claim that the claimant could file before the bar date. *Zilog Inc. v. Rose Marie Corning (In re Zilog, Inc.)*, 450 F.3d 996, 1000-01 (9th Cir. 2006) (holding that employees who were only aware of sex discrimination postpetition could not fairly contemplate their claim if they were not aware of the claim); *Cal Dep't of Health Services v. Jensen (In re Jensen),* 995 F.2d 925, 927-28 (9th Cir. 1993) (holding that the state had sufficient prepetition knowledge of debtors' potential liabilities for cleanup costs and thus their claim was a prepetition claim).

In one of the leading cases that adopts the "fair contemplation" test, *Fogel v. Zell*, the Seventh Circuit explained the test arises from the fundamental principle that the claimant must have "fair notice," "appropriate in the circumstances," that the claimant has a claim that he or she must file, in order to protect the claimant from having a "legal right extinguished" if he "fails to respond to a pleading," such as a bar date notice. 221 F.3d 955, 962 (7th Cir. 2000). The Seventh Circuit explained that the fair contemplation test arises under the "fair notice" standard of *Mullane v. Central Hanover Bank & Trust Co.*, 339 US 306 (1950), in which the Supreme Court held the standard is a due process right to notice under the Fourteenth Amendment. 221 F.3d at 962.

A claim that arises from an October 2019 fire, before the January 31, 2020 bar date, could be held to be a prepetition claim, depending on the allegations of the claim as to whether the claimant had such fair notice of the claim at the appropriate time. In that situation, the claimant could file a claim in these Chapter 11 Cases, before the January 2020 bar date, consistent with the fairness and due process constitutional underpinnings of the fair contemplation test. However, it is speculation as what type of claim could arise in this case before the bar date. Such a claim is

3

not justiciable at this time. And hence, there is no legal issue or claim that should prompt this Court to rule on such a hypothetical under well settled rules of justiciability. Notwithstanding that fact, the potential of a wildfire in the Fall of 2019 is another reason why the Court should adopt a January 2020 bar date and not a September 2019 bar date that the Debtors have suggested. In short, a January 2020 bar date for fire claims gives the parties and the Court time to evaluate what may occur this Fall.

## CONCLUSION

For the reasons stated in this Response, the TCC renews its request that the Court deny the Debtors' Bar Date Motion, and without ruling on the premature issue regarding claims for future fires raised in the Objections.

Dated: June 19, 2019

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Robert A. Julian*
Robert A. Julian

*Counsel for The Official Committee of Tort Claimants*