TROUTMAN SANDERS LLP
Gabriel Ozel
11682 El Camino Real, Suite 400
San Diego, CA 92130-2092
Telephone: (858) 509-6000
gabriel.ozel@troutman.com

TROUTMAN SANDERS LLP
Hugh M. McDonald (admitted *pro hac vice*)
Jonathan D. Forstot (admitted *pro hac vice*)
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6000
Facsimile: (212) 704-6288
hugh.mcdonald@troutman.com
jonathan.forstot@troutman.com

*Attorneys for Consolidated Edison Development, Inc.*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead, Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11 (Lead Case) (Jointly Administered)<br><br>**CONSOLIDATED EDISON DEVELOPMENT INC.'S LIMITED OPPOSITION TO MOTION OF THE UTILITY FOR LIMITED RELIEF FROM THE AUTOMATIC STAY TO APPEAL CERTAIN MATTERS PENDING BEFORE THE FEDERAL ENERGY REGULATORY COMMISSION**<br><br>Date: June 26, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>**Objection Deadline:** June 19, 2019<br>4:00 p.m. (Pacific Time) |

Consolidated Edison Development, Inc. ("Con Edison"), through its counsel, submits this

limited opposition to the *Motion of the Utility for Limited Relief From the Automatic Stay to Appeal*

*Certain Matters Pending Before the Federal Energy Regulatory Commission* [Doc. No. 2359] (the "Utility Motion")[1] filed by PG&E Corporation and Pacific Gas and Electric Company (the "Utility" and, together with PG&E Corporation, the "Debtors").

## I. LIMITED OPPOSITION

The Utility Motion should be granted **only if** Con Edison and the other PPA Counterparties are granted reciprocal stay relief.

As explained in the *Motion of Consolidated Edison for Relief from the Automatic Stay to Intervene and Participate in Appeal of FERC Orders* [Doc. No. 2403] (the "Con Edison Motion"),[2] Con Edison has a direct and legally protected interest in any appeal of the FERC Orders. If the Utility obtains stay relief and appeals the FERC Orders, but Con Edison remains stayed from participating in that appeal, then Con Edison's interests will be prejudiced significantly. Namely, Con Edison's right to the Utility's continued performance under its PPAs could be threatened without Con Edison having had the opportunity to defend its interests at the appellate level. Such an unjust result is contrary to the spirit of the automatic stay, which serves primarily to protect debtors and their estates—not give them an undue advantage over other parties in litigation.

The Debtors should not be permitted to use the automatic stay as a sword, rather than a shield, to deny Con Edison the ability to assert its rights and claims in any forum—an entirely inequitable result. *See Anchev v. 335 West 38th St. Coop. Corp. (In re Anchev)*, 2009 Bankr. LEXIS 906, *6 (Bankr. S.D.N.Y. Apr. 15, 2009) (noting it would be inequitable to permit debtor, as plaintiff in nonbankruptcy suit, to utilize stay as sword against defendants in that action) (citing *In re Jandous Elec. Const. Corp.*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989)); *cf. Lake Cty. Grapevine*

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed in the Utility Motion.

[2] For the sake of brevity, Con Edison incorporates by reference all arguments made in the Con Edison Motion.

*Nursery Operations LLC v. Am. Nursery LLC,* No. C 09-4877 VRW, 2010 WL 11586939, at *1 (N.D. Cal. Nov. 22, 2010) ("A section 362(a) stay provides a debtor with 'breathing room,' but does not prevent 'persons whom the bankrupt has sued from protecting their legal rights.'") (citations omitted)).

Therefore, Con Edison opposes the Utility Motion only to the extent that the Debtors request stay relief without reciprocal stay relief being granted to Con Edison and the other parties to the FERC Proceeding.

## II. CONCLUSION

For the reasons stated herein and in the Con Edison Motion, Con Edison respectfully requests that the Court: deny the Utility Motion unless it also grants Con Edison and other PPA Counterparties that were parties to the FERC Proceeding reciprocal stay relief (whether by separate order granting the Con Edison Motion or within the same order granting the Utility Stay Motion) and grant such other and further relief as is just and proper.

Dated: June 19, 2019

TROUTMAN SANDERS LLP
By: */s/ Hugh M. McDonald*

Hugh M. McDonald (admitted *pro hac vice*)
Jonathan D. Forstot (admitted *pro hac vice*)
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6000
hugh.mcdonald@troutman.com
jonathan.forsot@troutman.comn

-and-

TROUTMAN SANDERS LLP
Gabriel Ozel
11682 El Camino Real, Suite 400
San Diego, CA 92130-2092
Telephone: (858) 509-6000
gabriel.ozel@troutman.com
*Attorneys for Consolidated Edison Development, Inc.*