XAVIER BECERRA, SBN 118517
Attorney General of California
MARGARITA PADILLA, SBN 99966
Supervising Deputy Attorney General
JAMES POTTER, SBN 166992
Deputy Attorney General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 879-0815
Fax: (510) 622-2270
Margarita.Padilla@doj.ca.gov
James.Potter@doj.ca.gov

XAVIER BECERRA, SBN 118517
Attorney General of California
DANETTE VALDEZ, SBN 141780
ANNADEL ALMENDRAS, SBN 192064
Supervising Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3367
Fax: (415) 703-5480
Danette.Valdez@doj.ca.gov
Annadel.Almendras@doj.ca.gov

STEVEN H. FELDERSTEIN, SBN 059678
PAUL J. PASCUZZI, SBN 148810
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone: (916) 329-7400
Fax: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com

Attorneys for California Department of Toxic
Substances Control, et al.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>Date: June 26, 2109<br>Time: 9:30 a.m.<br>Ctrm: 17<br>Judge: Dennis Montali |

**CONDITIONAL OBJECTION OF THE CALIFORNIA STATE AGENCIES TO MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. §§ 105(a), 501 AND FED. R. BANKR. P. 3001(a), 3003(c), 5005 AND 9007 FOR ENTRY OF AN ORDER (I) ESTABLISHING A BAR DATE FOR FILING FIRE CLAIMS, (II) APPROVING THE FORM AND PROCEDURES FOR NOTICE OF THE BAR DATE FOR FIRE CLAIMS, AND (III) APPROVING SUPPLEMENTAL PROCEDURES FOR NOTICE OF THE BAR DATE TO FIRE CLAIMANTS [DOCKET NO. 2297]**

The California Department of Toxic Substances Control, California Department of Water Resources acting by and though the California Energy Resources Scheduling Division and on behalf of the State Water Project, State Water Resources Control Board, Regional Water Quality Control Boards, State Energy Resources Conservation and Development Commission, California Department of Forestry and Fire Protection (CAL FIRE), California Coastal Commission, California Air Resources Board, Department of Parks and Recreation, San Francisco Bay Conservation and Development Commission, Department of Housing and Community Development, Central Valley Flood Protection Board, Department of Conservation including the Division of Oil, Gas, and Geothermal Resources, State Coastal Conservancy, California Department of Fish and Wildlife, and California Natural Resources Agency (collectively, the "California State Agencies") hereby file this conditional objection to the Motion of the Official Committee of Tort Claimants ("TCC") for an order (i) establishing deadline for filing fire proofs of claim, (ii) approving the form and procedures for notice thereof, and (iii) approving supplemental procedures for providing notice of bar date to fire claimants (the "TCC Motion") [Docket No. 2297] based on the following:

1. The TCC and the Debtors have dueling motions regarding the form of proofs of claim to be filed in the Debtors' Chapter 11 Cases as well as the timing and notice of the bar date for filing such claims.[1] Both motions are set for hearing at the same time and include similar requests to which the California State Agencies object ("Objections").

2. The California State Agencies have met and conferred with counsel for both the TCC and the Debtors to address the Objections. The main Objection remaining with respect to the Debtors' motion is what constitutes a pre-petition wildfire claim for which a proof of claim needs to be filed. The California State Agencies filed a limited objection to the Debtors' motion on May 31, 2019 ("Limited Objection") [Docket No. 2307].

3. As described below, the California State Agencies have resolved the Objections with the TCC, subject to review and approval of the final order submitted on the Motion. The

---

[1] Capitalized terms used but not otherwise defined herein shall have the same meanings given to them in the Motion.

-1-

TCC has circulated a revised proposed order, which the California State Agencies are reviewing at this time. The revised proposed order addresses many of the common issues to both the TCC and Debtors proposed orders. Further, the TCC has agreed to carve out from operation of the TCC Motion governmental units of the State of California. This means governmental units of the State of California will file their claims using the standard proof of claim form and subject to the typical proof of claim filing requirements. The California State Agencies have proposed similar treatment to the Debtors, but no agreement has been reached. To the extent that the California State Agencies are not excluded from the order on the TCC Motion and the issues are not resolved by the proposed order circulated, the California State Agencies submit this conditional objection to the TCC Motion.

**Potentially Resolved Issues, Subject to Review and Agreement on Revised Proposed Order**

4. As described in more detail in paragraph 4 of the Limited Objection, the California State Agencies believe that the proposed order should be clear that California residents, businesses, and governmental units, including but not limited to cities, counties and state entities, do not need to file proofs of claim based on post-petition fires for which the Debtors may be liable. If the TCC disagrees and intends to take such a position, the TCC's proposed notice is wholly insufficient to provide the notice that would satisfy the requirement of due process for a claims bar date. The California State Agencies are reviewing the TCC's revised proposed order, but this issue appears to be resolved.

5. The California State Agencies have requested that the TCC make clear in the proposed order that the word claim refers to "claim" as defined in 11 U.S.C. §101(5), which the California State Agencies also has requested of the Debtors and are informed and believe the Debtors have agreed to do. The order on the TCC Motion does not clearly define Fire Claims or Fire Claimants. The TCC should use the definition from its motion to approve the form of proof of claim at Docket No. 1825, at page 2, lines 4-15, but add that the word claim refers to "claim" as defined in section 101(5). See Exhibit A hereto for requested language to address this issue. The California State Agencies are reviewing the TCC's revised proposed order, but this issue appears to be resolved.

6. As described in paragraph 13 of the Limited Objection, due to the often vague and ambiguous description of claims with respect to agencies of the State of California in the Debtors' schedules, the California State Agencies request the following underlined language be added to paragraph 3(g) of the proposed order, which addresses notice to creditors when the Debtors' amend their schedules:

> In the event that the Debtors amend or supplement their Schedules subsequent to the date of entry of this Order, the Debtors shall give notice of any amendment or supplement to the holders of claims or interests affected thereby <u>and reasonably sufficient information for such claimants to determine the identity of the claimant and the nature of the amendment or supplement</u>, and such holders shall have until the later of (i) the Fire Claim Bar Date and (ii) thirty (30) days from the date of such notice to file a Fire Proof of Claim or be barred from doing so and shall be given notice of such deadline.

The TCC's revised proposed order resolves this issue.

7. As described in more detail in paragraphs 5 and 6 of the Limited Objection, the California State Agencies object to the language in the proposed order that purports to bar, estop or enjoin claimants from asserting claims if they fail to comply with the order. The California State Agencies are informed and believe that the TCC has agreed to delete the offending language in a paragraph 5(i). Subject to review and approval of the revised proposed order, this issue appears to be resolved.

8. The California State Agencies also note that the term "Fire Claim" used in the Motion is unclear. The Fire Claim Form says the form is for "tort claimants." Neither the order nor the Motion define "Fire Claim," but it appears the definition is in the prior TCC motion to approve the proof of claim form. See Dkt. No. 1825 at 2:25-27. Either way, the term is extremely broad and appears to include claims from wildfires that are not tort claims. As described in more detail in paragraph 7 of the Limited Objection, not all claims that arise from a wildfire are tort claims and the California State Agencies reserve all rights as to treatment of non-tort, statutory based wildfire claims in a future chapter 11 plan. To the extent that the California State Agencies are not excluded from the order granting the TCC Motion, the California State Agencies non-tort wildfire claims should not be required to be filed on the same forms and provided the same treatment as tort claims.

9. As described in more detail in paragraphs 9 through 11 of the Limited Objection, the California State Agencies are concerned that the failure to use a specific proof of claim form could result in drastic consequences, including disenfranchising creditors for purposes of voting and distribution if the claim is not filed on the "appropriate form." Order ¶ 5(ii). The California State Agencies are informed and believe that the TCC has agreed to add the following paragraph to the proposed order: "Notwithstanding anything to the contrary herein, claimants that make a good faith effort to assert a claim in the appropriate form shall be permitted to revise, amend and/or supplement their proof of claim until such claim is allowed or disallowed by Court order." With this language included in the revised proposed order, this issue appears to be resolved.

10. The TCC also requests that any documentation submitted with the Fire Proof of Claim Form be kept confidential. See Order ¶ 4. The California State Agencies are informed and believe that the TCC has agreed to delete paragraph 4. Subject to review and approval of the revised proposed order, this issue appears to be resolved.

11. As described in paragraph 4 of the Limited Objection, the California State Agencies have requested additional language in paragraph 11 of the proposed order addressing reservations of rights to challenge the designation of matters as executory contracts in the Debtors' schedules. The TCC has agreed to add language to the proposed order to address this issue. Subject to review and approval of the revised proposed order, this issue appears to be resolved.

12. Neither this conditional objection nor any subsequent appearance, pleading, proof of claim, claim or suit is intended or shall be deemed or construed as:

    a. a consent by the California State Agencies to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving the California State Agencies;

    b. a waiver of any right of the California State Agencies to (i) have an Article III judge adjudicate in the first instance any case, proceeding, matter or controversy as to which a Bankruptcy Judge may not enter a final order or judgement consistent with Article III of the United States Constitution, (ii) have final orders in non-core matters entered only after de

novo review by a District Court Judge, (iii) trial by jury in any proceeding so triable in the Chapter 11 Cases or in any case, controversy, or proceeding related to the Chapter 11 Cases, (iv) have the United States District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (v) any and all rights, claims, actions, defenses, setoffs, recoupments or remedies to which the California State Agencies are or may be entitled under agreements, in law or in equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved hereby; or

      c.      a waiver of any objections or defenses that the State of California, the California State Agencies or any other agency, unit or entity of the State of California may have to this Court's jurisdiction over the State of California, the California State Agencies or such other agency, unit or entity based upon the Eleventh Amendment to the United States Constitution or related principles of sovereign immunity or otherwise, all of which objections and defenses are hereby reserved.

Dated: June 19, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MARGARITA PADILLA
Supervising Deputy Attorney General

By: */s/ Paul J. Pascuzzi*
STEVEN H. FELDERSTEIN
PAUL J. PASCUZZI
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
Attorneys for California Department of Toxic Substances Control, California Department of Water Resources acting by and though the California Energy Resources Scheduling Division and on behalf of the State Water Project, State Water Resources Control Board, Regional Water Quality Control Boards, State Energy Resources Conservation and Development Commission, California Department of Forestry and Fire Protection (CAL FIRE), California Coastal Commission, California Air Resources Board, Department of Parks and Recreation, San Francisco Bay Conservation and Development Commission, Department of Housing and Community Development, Central Valley Flood Protection Board, Department of Conservation including the Division of Oil, Gas, and Geothermal Resources, State Coastal Conservancy, California Department of Fish and Wildlife, and California Natural Resources Agency

# PROOF OF SERVICE

I, Lori N. Lasley, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 Capitol Mall, Suite 1750, Sacramento, CA 95814. On June 19, 2019, I served the within documents:

**CONDITIONAL OBJECTION OF THE CALIFORNIA STATE AGENCIES TO MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. §§ 105(a), 501 AND FED. R. BANKR. P. 3001(a), 3003(c), 5005 AND 9007 FOR ENTRY OF AN ORDER (I) ESTABLISHING A BAR DATE FOR FILING FIRE CLAIMS, (II) APPROVING THE FORM AND PROCEDURES FOR NOTICE OF THE BAR DATE FOR FIRE CLAIMS, AND (III) APPROVING SUPPLEMENTAL PROCEDURES FOR NOTICE OF THE BAR DATE TO FIRE CLAIMANTS [DOCKET NO. 2297]**

By Electronic Service only via CM/ECF.

*/s/ Lori N. Lasley*
Lori N. Lasley

# EXHIBIT A

Fire Claims are claims as defined in 11 U.S.C. §101(5) based on fires that occurred over a three-year period, including but not limited to the following: the November 2018 Camp Fire, the October 2017 Atlas Fire, the October 2017 Adobe Fire, the October 2017 Bear Fire, the October 2017 Blue Fire, the October 2017 Cascade Fire, the October 2017 Cherokee Fire, the October 2017 Honey Fire, the October 2017 La Porte Fire, the October 2017 Lobo Fire, the October 2017 McCourtney Fire, Norrbom Fire, the October 2017 Nuns Fire, the October 2017 Oakmont Fire, the October 2017 Partrick Fire, the October 2017 Pocket Fire, the October 2017 Point Fire, the October 2017 Potter Fire, the October 2017 Pythian Fire, the October 2017 Redwood Fire, the October 2017 Sulphur Fire, the October 2017 Sullivan Fire, the October 2017 Tubbs Fire, the October 2017 37 Fire, the December 2016 Ghost Ship Fire, the September 2015 Butte Fire, and other fires that occurred in California prior to the Petition Date.