| | |
|---|---|
| XAVIER BECERRA, SBN 118517<br>Attorney General of California<br>MARGARITA PADILLA, SBN 99966<br>Supervising Deputy Attorney General<br>JAMES POTTER, SBN 166992<br>Deputy Attorney General<br>1515 Clay Street, 20th Floor<br>P.O. Box 70550<br>Oakland, CA 94612-0550<br>Telephone: (510) 879-0815<br>Fax: (510) 622-2270<br>Margarita.Padilla@doj.ca.gov<br>James.Potter@doj.ca.gov | XAVIER BECERRA, SBN 118517<br>Attorney General of California<br>DANETTE VALDEZ, SBN 141780<br>ANNADEL ALMENDRAS, SBN 192064<br>Supervising Deputy Attorneys General<br>Cara M. Porter, SBN 266045<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004<br>Telephone: (415) 510-3367<br>Fax: (415) 703-5480<br>Danette.Valdez@doj.ca.gov<br>Annadel.Almendras@doj.ca.gov<br>Cara.Porter@doj.ca.gov |

STEVEN H. FELDERSTEIN, SBN 059678
PAUL J. PASCUZZI, SBN 148810
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone: (916) 329-7400
Fax: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com

Attorneys for California Department of Toxic Substances Control, et al.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>     Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>Date: June 26, 2019<br>Time: 9:30 a.m.<br>Ctrm: 17<br>Judge: Dennis Montali |

**OBJECTION OF THE CALIFORNIA STATE AGENCIES TO MOTION OF DEBTORS FOR ENTRY OF PROTECTIVE ORDER PURSUANT TO FED. R. BANKR. P. 7026 AND 9014(c) AND 11 U.S.C. § 105(a) GOVERNING DISCOVERY MATERIALS AND OTHER INFORMATION [DOCKET NO. 2459]**

The California Department of Toxic Substances Control, California Department of Water Resources, State Water Resources Control Board, Regional Water Quality Control Boards, State Energy Resources Conservation and Development Commission, California Department of Forestry and Fire Protection, California Department of Fish and Wildlife, California Air Resources Board, California Franchise Tax Board, California Coastal Commission, Department of Parks and Recreation, San Francisco Bay Conservation and Development Commission, Department of Housing and Community Development, Central Valley Flood Protection Board, Department of Conservation including the Division of Oil, Gas, and Geothermal Resources, State Coastal Conservancy, California High Speed Rail Authority, California Natural Resources Agency, and California State Lands Commission (collectively, the "California State Agencies") hereby file this objection to the Debtors' motion for entry of a protective order governing discovery materials and other information in the above-captioned jointly administered Chapter 11 cases ("Chapter 11 Cases") (the "Motion") [Docket No. 2459] based on the following:

**INTRODUCTION**

1. The Debtors and the TCC[1] have filed competing motions for the entry of a protective order that would apply to any person or entity, which includes governmental units under Bankruptcy Code section 101(15), for all matters in these Chapter 11 Cases, notwithstanding the fact that the Proposed Protective Orders were negotiated solely between the Debtors, the TCC and the UCC. Both motions are set for hearing on June 26. The California State Agencies have no objection if the Proposed Protective Order applies <u>only</u> to the parties that negotiated it, namely the Debtors, the TCC and the UCC. However, the California State Agencies object to having the Proposed Protective Order apply to governmental units, including but not limited to governmental units of the State of California. The California State Agencies are informed and believe that other governmental entities have a similar objection, including the United States Department of Justice which represents federal agencies, and the California Public Utilities Commission.

---

[1] Capitalized terms not otherwise defined shall have the same meaning as in the Motion.

-1-

**OBJECTION**

2. Under Ninth Circuit authority, "[i]t is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999). The party seeking a protective order "bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). The Debtors have failed to meet this burden. The Court should order that the Proposed Protective Order shall not apply to any person or entity that did not participate in its negotiation.

3. The Proposed Protective Order was negotiated solely among the Debtors, the TCC and the UCC. No other parties to the Debtors' bankruptcy cases were included in the drafting of the Proposed Protective Order. Motion at 4:5-12. However, the Motion proposes to impose the requirements of the Proposed Protective Order on any person or entity and for all matters in these Chapter 11 Cases, regardless of whether such parties even have notice of the Motion, and without citing any legal authority to authorize such a sweepingly broad order.

4. Among other things, the Proposed Protective Order purports to limit the use of any Discovery Material to the Chapter 11 Cases. None of the example orders attached to the Motion applies broadly to every "person or entity" in a Chapter 11 case. Rather, each example order applies only to the parties who negotiated the particular order or to a limited group of parties involved in a specified, particular matter.

5. The Debtors' utility operations are highly regulated by federal, state and local governmental entities. There are significant issues with restricting governmental units from using information received in discovery, including in these Chapter 11 Cases, for law enforcement or regulatory purposes. Further, the Proposed Protective Order appears to prohibit third parties from reporting information obtained in the Chapter 11 Cases that should be reported to law enforcement or regulatory authorities. The overly broad Proposed Protective Order infringes on the governmental entities' police and regulatory authority in three main ways.

6. First, governmental units of the State of California have investigative, enforcement and regulatory powers that cannot be restricted by the Proposed Protective Order. These

governmental units must be able to use information obtained for their own purposes and proceed with their usual authority without being restricted by the overly broad Proposed Protective Order. See, e.g., Cal. Gov't Code §11180 (authorizing the head of each department of an agency of the State of California to investigate and prosecute actions concerning all matters relating to the business activities and subjects under the jurisdiction of the department including violations of any law, rule or order of the department). A court may not enjoin an official from carrying out his duties under the law. See Cal. Code Civ. Proc., § 526, subd. (b)(4), (6); Cal. Civ. Code § 3423(d), (f); *People v. Superior Court (Witzerman)* (1967) 248 Cal.App.2d 276, 282-84 (protective order that tied hands of the Attorney General was an abuse of discretion).[2]

7. Second, under California law, governmental units of the State of California must be able to share information with law enforcement and to communicate among themselves for regulatory and law enforcement purposes without any curtailment. For example, any governmental unit of the State of California, including the California State Agencies, has the authority to disclose information obtained through its investigations to law enforcement personnel and agencies and to personnel of other government agencies for law enforcement or regulatory purposes. See, e.g., Cal. Gov't. Code § 11181(g). Government Code section 11181(g) permits a department head to divulge information related to unlawful activity that is discovered from "interrogatory answers, papers, books, accounts, documents, and [other discoverable items] or testimony" to the Attorney General or any prosecuting attorney in the State of California, other state or the United States with responsibility for investigating the unlawful activity under certain conditions. See also, Cal. Gov't. Code § 11180.5 (state agency may assist Attorney General in

---

[2] For example, the California Franchise Tax Board ("FTB") has statutory authority to conduct investigations using demands for information and administrative subpoenas under California Revenue and Taxation Code section 19504. To the extent that the Proposed Protective Order seeks to limit the FTB's ability to utilize an administrative subpoena, such order would violate Article XIII, Section 32, of the California Constitution which provides: "No legal or equitable process shall issue in any court against this State or any officer thereof to prevent or enjoin the collection of any tax. After payment of tax claimed to be illegal, an action may be maintained to recover the tax paid, with interest, in such manner as may be provided by the Legislature." A subpoena issued by FTB "is the first step in the collection of tax and an integral part of the tax collection process, and section 32 mandates that it shall not be prevented or enjoined by the legal or equitable process of any court." *People ex rel. Franchise Tax Board v. The Superior Court*, 164 Cal.App.3d 526, 545 (1985).

conducting investigations). California Government Code section 11181 sets forth the wide variety of methods by which the Attorney General may carry out his authority to conduct an investigation to ascertain whether any laws are being violated. Such activities cannot be enjoined. See Cal. Code Civ. Proc., § 526, subd. (b)(4), (6); Cal. Civ. Code § 3423(d), (f); *People v. Superior Court (Witzerman)* (1967) 248 Cal.App.2d 276, 282-84 (protective order that tied hands of the Attorney General was an abuse of discretion).

8. Third, the California State Agencies are concerned that the Proposed Protective Order appears to prohibit third parties from providing information to law enforcement or regulatory authorities regarding potential violations of the law.

9. Rather than having governmental units swept up in the overly broad Proposed Protective Order being requested by the Debtors and the TCC, and negotiated solely by the Debtor, the UCC and the TCC apparently without any consideration of law enforcement and regulatory exceptions, governmental units should be carved out from the Proposed Protective Order. These issues can and should be dealt with on a case-by-case basis with governmental units as they arise in the Chapter 11 Cases.

10. The California State Agencies are informed and believe that other governmental authorities involved in the Chapter 11 Cases, including the United States Department of Justice, which represents federal agencies in the Chapter 11 Cases, concur with the position of the California State Agencies that the Proposed Protective Order should apply solely to the parties who negotiated it.

11. The California State Agencies reserve the right to present other objections to the form of protective order in the event the Court denies their request to be excluded therefrom. As admitted by the Debtors and the TCC, no one other than the Debtors, the TCC and the UCC have been privy to the negotiations.

12. The California State Agencies have presented these issues to counsel for the Debtors and will continue to attempt to resolve them prior to the hearing on the Motion.

**RESERVATION OF RIGHTS**

13. Neither this objection nor any subsequent appearance, pleading, proof of claim,

-4-

claim or suit is intended or shall be deemed or construed as:

    a. a consent by the California State Agencies to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving the California State Agencies;

    b. a waiver of any right of the California State Agencies to (i) have an Article III judge adjudicate in the first instance any case, proceeding, matter or controversy as to which a Bankruptcy Judge may not enter a final order or judgment consistent with Article III of the United States Constitution, (ii) have final orders in non-core matters entered only after de novo review by a District Court Judge, (iii) trial by jury in any proceeding so triable in the Chapter 11 Cases or in any case, controversy, or proceeding related to the Chapter 11 Cases, (iv) have the United States District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (v) any and all rights, claims, actions, defenses, setoffs, recoupments or remedies to which the California State Agencies are or may be entitled under agreements, in law or in equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved hereby; or

    c. a waiver of any objections or defenses that the State of California, the California State Agencies or any other agency, unit or entity of the State of California may have to this Court's jurisdiction over the State of California, the California State Agencies or such other agency, unit or entity based upon the Eleventh Amendment to the United States Constitution or related principles of sovereign immunity or otherwise, all of which objections and defenses are hereby reserved.

## CONCLUSION

The California State Agencies request that Court order that the Proposed Protective Order apply only to the Debtors, the UCC and the TCC. Alternatively, at a minimum, the California

///

///

///

///

State Agencies request that the Court include in any Proposed Protective Order an express exception that such order does not apply to governmental units.

Dated: June 19, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MARGARITA PADILLA
Supervising Deputy Attorney General

By: */s/ Paul J. Pascuzzi*
STEVEN H. FELDERSTEIN
PAUL J. PASCUZZI
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
Attorneys for California Department of Toxic Substances Control, California Department of Water Resources, State Water Resources Control Board, Regional Water Quality Control Boards, State Energy Resources Conservation and Development Commission, California Department of Forestry and Fire Protection, California Department of Fish and Wildlife, California Air Resources Board, California Franchise Tax Board, California Coastal Commission, Department of Parks and Recreation, San Francisco Bay Conservation and Development Commission, Department of Housing and Community Development, Central Valley Flood Protection Board, Department of Conservation including the Division of Oil, Gas, and Geothermal Resources, State Coastal Conservancy, California High Speed Rail Authority, California Natural Resources Agency, and California State Lands Commission

# PROOF OF SERVICE

I, Lori N. Lasley, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 Capitol Mall, Suite 1750, Sacramento, CA 95814. On June 19, 2019, I served the within documents:

**OBJECTION OF THE CALIFORNIA STATE AGENCIES TO MOTION OF DEBTORS FOR ENTRY OF PROTECTIVE ORDER PURSUANT TO FED. R. BANKR. P. 7026 AND 9014(C) AND 11 U.S.C. § 105(A) GOVERNING DISCOVERY MATERIALS AND OTHER INFORMATION [DOCKET NO. 2459]**

By Electronic Service only via CM/ECF.

*/s/ Lori N. Lasley*
Lori N. Lasley