WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | ***EX PARTE* APPLICATION FOR ORDER PURSUANT TO L.B.R. 9013-1(c) AUTHORIZING OVERSIZE BRIEFING FOR DEBTORS' OMNIBUS (I) REPLY IN SUPPORT OF THE DEBTORS' BAR DATE MOTION, AND (II) OBJECTION TO THE TCC'S BAR DATE MOTION** |
| **Debtors.** | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | Related Document: Dkt. No. 2636 |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | [No hearing requested] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this *Ex Parte* Application (the "**Application**"), pursuant to Rule 9013-1(c) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for an order authorizing the Debtors to file an oversize *Omnibus (I) Reply in Support of the Debtors' Bar Date Motion, and (II) Objection to the TCC's Bar Date Motion* [Dkt. No. 2636] (the "**Omnibus Bar Date Reply and Objection**")[1], which the Debtors filed on the date hereof.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**").

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Omnibus Bar Date Reply and Objection.

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

On May 1, 2019, the Debtors filed the *Motion of Debtors Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 for Order (i) Establishing Deadline for Filing Proofs of Claim, (ii) Establishing the Form and Manner of Notice Thereof, and (iii) Approving Procedures for Providing Notice of Bar Date and Other Information to all Creditors and Potential Creditors* [Docket No. 1784] (the "**Bar Date Motion**").

At least fifteen objections, joinders to objections, and other responses were filed with respect to the Bar Date Motion (collectively, the "**Objections**").

On May 31, 2019, the Tort Claimants Committee filed the *Motion of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. §§ 105(a), 501 and Fed. R. Bankr. P. 3001(a), 3003(c), 5005 and 9007 for Entry of an Order (i) Establishing a Bar Date for Filing Fire Claims, (ii) Approving the Form and Procedures for Notice of the Bar Date for Fire Claims, and (iii) Approving Supplemental Procedure for Notice of the Bar Date to Fire Claimants* [Docket No. 2297] (together with the supporting memorandum of law and declarations, the "**TCC Bar Date Motion**"). Objections and responses with respect to the TCC Bar Date Motion are due June 19, 2019 at 4:00 p.m. (Pacific Time).

### III. OVERSIZE BRIEFING FOR THE OMNIBUS BAR DATE REPLY AND OBJECTION IS WARRANTED

Bankruptcy Local Rule 9013-1(c) provides that, "Unless the Court expressly orders otherwise, the initial and response memoranda of points and authorities shall not exceed 25 pages of text, and reply memorandum shall not exceed 15 pages of text." B.L.R. 9013-1(c).

The Bar Date Motion seeks an order (i) establishing deadlines for filing proofs of claim (the "**Bar Date**"), (ii) establishing the form and manner of notice thereof, and (iii) approving the Debtors' plan for providing notice of the Bar Date and other important deadlines and information to all creditors and potential creditors.

The TCC Bar Date Motion proposes a different Bar Date and a claims noticing and proof of claim process that is vastly different from the procedures proposed by the Debtors in their Bar Date Motion.

The Debtors submit that sufficient cause exists for the Court to allow oversize briefing for the Omnibus Bar Date Reply and Objection. Because many of the Objections raise similar issues with respect to the Bar Date Motion, including the Debtors' proposed Bar Date and their proposed notice procedures and proof of claim process, responding to the Objections by an omnibus reply is efficient. The Debtors' objections to the TCC Bar Date Motion – namely, to the extended Bar Date proposed by the Tort Claimants Committee and their alternative notice plan – also overlap with the arguments raised by the Debtors' reply to the Objections, and, thus, addressing the TCC Bar Date Motion in the same filing as the Debtors' reply to the Objections is an efficient use of the Debtors' resources and the Court's time. In order to respond sufficiently to fifteen Objections and the TCC Bar Date Motion in a single document, the Debtors submit that they require more than the 15 pages otherwise permitted under the Local Rules.

Accordingly, the Debtors believe it is appropriate to request authority for the Omnibus Bar Date Reply and Objection to exceed the 15 pages allowed under Bankruptcy Local Rule 9013-1(c).

**IV.     NOTICE**

Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE,** the Debtors respectfully request entry of an order authorizing the Debtors to file the Omnibus Bar Date Reply and Objection to exceed 15 pages, but not to exceed 30 pages (exclusive of any schedules or exhibits thereto and/or any declarations filed in connection therewith), and such other and further relief as the Court may deem just and appropriate.

Dated: June 19, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/ *Jane Kim*
      Jane Kim

*Attorneys for Debtors and Debtors in Possession*