**Exhibit B**

*Pollard* Order

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| IAN POLLARD, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 4:13-CV-00086-ODS |
| REMINGTON ARMS COMPANY, LLC, et al. | ) ) ) | |
| Defendants. | ) | |

## ORDER

In April 2015, the Court granted preliminary approval of the settlement of this class action. Doc. #88. Prior to a scheduled hearing for final approval of the settlement, the Court issued an Order deferring consideration of the parties' joint motion for settlement approval and cancelling the hearing. Doc. #127. The Court directed the parties to develop a new notice plan that would result in a more significant response rate. *Id.* The Court also asked the parties to address issues raised by objectors. *Id.*

On June 10, 2016, the parties filed their Joint Supplement Brief Pursuant to the Court's Order of December 8, 2015 ("Joint Supplemental Brief"). Doc. #138. On August 2, 2016, the Court held a hearing where the parties presented evidence and arguments. Doc. #136. The Court has carefully reviewed and considered the notice proposal set forth in the Joint Supplemental Brief, the Parties' Fourth Amended Settlement Agreement ("Agreement") (Doc. #138), and the evidence and arguments presented during the hearing held earlier this month. The Court finds as follows:

      1. Except as otherwise noted herein, the Court incorporates by reference, as if fully stated herein, its findings and determinations set forth in its Amended Order Preliminarily Approving Class Action Settlement (Doc. #88).

      2. The definitions set forth in the Agreement are incorporated by reference into this Order.

      3. The parties have executed the Agreement in order to settle and resolve this Action, subject to Court approval.

4. The Parties have developed an additional notice proposal ("Plan") that will remind Settlement Class Members of the Settlement and complement the original notice plan previously approved by the Court.

5. The Plan consists of four components: (1) social media campaign, (2) national radio campaign, (3) e-mail and direct mail notification, and (4) poster notification. The Plan is detailed in the Joint Supplemental Brief and was discussed at the hearing earlier this month.

6. The Court expressly reserves its decision with regard to the adequacy and reasonableness of the Plan.

7. The Court hereby adopts and orders the parties to implement the Plan as follows:

 a. First, using its proprietary hunter-sportsman consumer models and data analytics, Signal Interactive Media, LLC developed and tested a Facebook advertising campaign that targeted consumers could click and be redirected to the Settlement Website to file a claim. The social media campaign is intended to reach 3.4 million potential class members. Signal Interactive Media shall administer the social media campaign pursuant to the Joint Supplemental Brief (Doc. #127-1) for four consecutive weeks, commencing within four weeks of the date of this Order.

 b. Second, the Parties developed a targeted, national radio media campaign that will generate more than 61 million targeted impressions. The proposed radio campaign consists of running a 60-second notice for four consecutive weeks during peak morning and evening drive times on the country's top syndicated networks and programs, which consists of more than 2,000 stations across the country. In addition to the terrestrial radio notice, the proposed radio campaign consists of custom digital streaming through iHeart radio, the largest national radio group with the largest streaming radio stations nationwide. The online digital streaming includes a companion banner for class members to click that will redirect them to the Settlement Website. The script (Doc. #127-1, ¶ 58) is approved, and Signal Interactive Media shall administer the radio media campaign pursuant to the Joint Supplemental Brief (Doc. #127-1)

2

Case: 19-30088 Doc# 2642-2 Filed: 06/19/19 Entered: 06/19/19 14:39:00 Page 3 of 5
Case 4:13-cv-00086-ODS Document 140 Filed 08/23/16 Page 2 of 6

for four consecutive weeks, commencing within four weeks of the date of this Order.

      c.      Third, Remington will send an e-mail notification of the Settlement to approximately one million individuals whose e-mail addresses have been culled from its internal databases. The e-mail shall contain a link to the Claim Form found on the Settlement Website. Additionally, Remington will send postcard notifications to approximately 93,000 individuals for whom it has a mailing address but no e-mail address. The content of these messages is approved in the format submitted at Doc. #138-6.

      d.      Fourth, Remington will create and disseminate information posters for display at more than 11,000 retail locations. The posters will be disseminated in the same manner in which Remington disseminates recall notices. The retail locations will be instructed that, although the poster is not a recall notice, it should be printed in color and displayed in the same manner as a recall notice. The poster is approved in the format submitted at Doc. #138-6.

8.      In addition to the foregoing, at the time of the hearing, the Court inquired about and the Parties have agreed to implement the following changes or additions:

      a.      The language, including checking of the box, on the notice forms requiring the claimant to indicate that the claimant has read and acknowledged the warning shall be removed. The new claim forms are approved in the format submitted at Doc. #138-1.

      b.      The claim forms found on the Settlement website shall be placed in the following order: (1) Models 700 and Seven; (2) Models 700 and Seven (containing an X-Mark Pro Trigger manufactured from May 1, 2006 to April 9, 2014 Not Previously Remedied); (3) Sportsman 78 and Model 673 Firearms; (4) Models 710, 715, and 770; (5) Models 721, 722, and 725; and (6) Models 600, 660, and XP-100.

      c.      Remington shall resend an additional direct mailing in the form submitted at Doc. #138-6 to the Settlement Class Members who previously received direct mail. Because the model number and appropriate claim form for these individuals is known (all will need the Model 700 and Seven form

3

Case: 19-30088 Doc# 2642-2 Filed: 06/19/19 Entered: 06/19/19 14:39:00 Page 4 of 6
Case 4:13-cv-00086-ODS Document 140 Filed 08/23/16 Page 3 of 5

containing the rebate section), Remington will also include a copy of the claim form with the reminder notice.

9. Any member of the settlement clauses desiring exclusion shall mail a Request for Exclusion to the Class Action Settlement Administrator, Angeion Group. To be valid, the Request for Exclusion must be in writing, must state the person wants to be excluded, and must be **received** on or before November 18, 2016. The Class Action Settlement Administrator shall promptly forward copies of Requests for Exclusion to Class Counsel and Defendants' Counsel.

10. A list reflecting all Requests for Exclusion shall be filed with the Court by the Class Action Settlement Administrator no later than **28 days** before the Final Approval Hearing. Any member of the settlement classes who does not properly and timely request exclusion shall be included in the Settlement and bound by any judgment entered in this action with respect to the settlement classes.

11. The Class Action Settlement Administrator shall file with the Court the details outlining the scope, method, and results of the Plan no later than **28 days** before the Final Approval Hearing.

12. The parties shall file any motion for final settlement approval on or before January 17, 2017. Plaintiffs shall file any motion seeking approval of attorneys' fees and representative plaintiff awards on or before January 17, 2017.

13. The Court will hold a Final Approval Hearing on February 14, 2017, at 1:00 p.m., in Courtroom 8C of the Charles Evans Whittaker Courthouse in Kansas City, Missouri. At the Final Approval Hearing, the Court will consider: (a) the fairness, reasonableness, and adequacy of the settlement; (b) the entry of any final order or judgment in this lawsuit with respect to the settlement classes; (c) the application for representative plaintiff awards; (d) the application for attorneys' fees; and (e) other related matters. The Final Approval Hearing may be postponed, adjourned, or continued by Order of the Court without further notice to the settlement classes.

14. To be considered at the Final Approval Hearing, any settlement class member desiring to file an objection or other comment on the settlement shall be required to file such objections and comments and all supporting pleadings on or before November 18, 2016, via certified or first class mail to the Court and the Class Action

Settlement Administrator. The objection must bear the signature of the settlement class member (even if represented by counsel), the settlement class member's current address and telephone number, the firearm model and serial number, and state the exact nature of the objection, including any legal support the settlement class member wishes to introduce in support of the objection, regardless of whether the settlement class member intends to appear at the Final Approval Hearing. If the settlement class member is represented by counsel, the objection shall also be signed by his or her attorney and state whether the attorney representing the objector will appear at the Final Approval Hearing.

15. Unless otherwise ordered by the Court, no objection to or other comment concerning the Settlement shall be heard unless timely filed in accordance with these guidelines.

16. Any settlement class member who does not make his or her objection in the manner provided in this Order shall be deemed to have waived any such objection and shall forever be barred from making any objection to the Settlement, including, without limitation, the propriety of class certification, adequacy of notice, or the fairness, adequacy, or reasonableness of the Settlement.

17. Any attorney hired by a settlement class member for the purpose of appearing and/or making an objection shall file an entry of appearance no later than five days after the objection has been filed, with service on Class Counsel and Defendants' Counsel per the Federal Rules of Civil Procedure.

18. Any settlement class member may appear at the Final Approval Hearing in person, or by counsel if an appearance is filed and served as provided in the Notice Plan, and such person will be heard to the extent allowed by the Court. No settlement class member shall be permitted to be heard unless he or she complies with the provisions stated herein.

IT IS SO ORDERED.

DATE: August 23, 2016

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

5

Case: 19-30088 Doc# 2642-2 Filed: 06/19/19 Entered: 06/19/19 14:39:00 Page 6 of 6
Case 4:13-cv-00086-ODS Document 140 Filed 08/23/16 Page 5 of 5