**Exhibit A**

**[PROPOSED] Revised Bar Date Order**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)|
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>           **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**ORDER PURSUANT TO 11 U.S.C. §§ 502(b)(9) AND 105(a), FED. R. BANKR. P. 2002, 3003(c)(3), 5005, AND 9007, AND L.B.R. 3003-1 (I) ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM, (II) ESTABLISHING THE FORM AND MANNER OF NOTICE THEREOF, AND (III) APPROVING PROCEDURES FOR PROVIDING NOTICE OF BAR DATE AND OTHER INFORMATION TO ALL CREDITORS AND POTENTIAL CREDITORS** |

Upon the Motion, dated May 1, 2019 [Docket No. 1784] (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 502(b)(9) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 3003(c)(3), 5005, and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3003-1 of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for entry of an order (i) establishing deadlines for filing proofs of claim, (ii) establishing the form and manner of notice thereof, and (iii) approving the Debtors' plan for providing notice of the Bar Date and other important deadlines and information to all creditors and potential creditors, including publication and other supplemental noticing procedures, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration (as amended on February 2, 2019 [Docket No. 263]), the Orsini Declaration, the Prime Clerk Declarations, the Supplemental Waisman Declaration, the Finegan Declaration; and various statements, objections, and

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

2

responses to the Motion (and joinders to such statements, objections, and responses) having been filed [Docket Nos. 2043, 2238, 2239, 2240, 2242, 2248, 2256, 2306, 2307, 2308, 2316, 2321, 2324, 2326, 2346, and 2453] (each, an "**Objection**" and, collectively, the "**Objections**"); and the Debtors having filed their Omnibus Reply in support of the Motion [Docket No. ___] (the "**Reply**"), which incorporates, *inter alia*, certain amendments and revisions to the Order, the Notice Procedures (including the Supplemental Notice Plan), the Bar Date Notices, and the Proof of Claim Forms; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT:

1.    The Motion (as modified in accordance with the Reply) is granted as provided herein and any Objections that remain outstanding or unresolved are hereby overruled.

2.    The Notice Procedures, including the Supplemental Notice Plan, are hereby approved and the Debtors are authorized to provide notice of the Bar Date as set forth in the Motion (as modified in accordance with the Reply) and this Order.

3.    The following procedures for filing Proofs of Claim are approved:

(a)    Except as otherwise noted herein, the Bar Date for filing all proofs of claim (each, a "**Proof of Claim**") in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including all claims of Wildfire Claimants[2], Wildfire Subrogation Claimants,

---

[2] For purposes of this Order, and all matters related thereto (a) any claim (as such term is defined in section 101(5) of the Bankruptcy Code) related to or in any way arising from the wildfires that occurred in Northern California in 2015, 2017, and 2018 (the "**Northern California Wildfires**"), including any claim held by a Wildfire Subrogation Claimant, is referred to herein as a "**Wildfire Claim**"; (b) any person or entity, including any Governmental Unit, holding a Wildfire Claim (other than a Wildfire Subrogation Claimant) is referred to herein as a "**Wildfire Claimant**"; and (c) any

3

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Governmental Units, and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors shall be **October 21, 2019** at **5:00 p.m.** (**Prevailing Pacific Time**).

(b)    **Standard Proof of Claim Forms (which include Proofs of Claim to be filed by any Customers or Governmental Units)** must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the Standard Proof of Claim Form annexed hereto as **Exhibit A-1** or Official Bankruptcy Form No. 410;[3] (iv) specify by name and case number the Debtor against which the Standard Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.[4]

(c)    **Wildfire Claimant Proof of Claim Forms** must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the Wildfire Proof of Claim Form annexed hereto as **Exhibit A-2**; (iv) set forth with specificity the legal and factual basis for the alleged claim, including substantially all of the information requested in the Wildfire Claimant Proof of Claim Form; and (v) be signed by the Wildfire Claimant or, if the Wildfire Claimant is not an individual, by an authorized agent of the Wildfire Claimant.

---

insurance carrier having made payments to their insureds for any damages arising out of or relating to a Wildfire Claim, or any other party who has acquired by assignment or otherwise obtained an interest in a claim arising out or related to such payments, is referred to herein as a "**Wildfire Subrogation Claimant**". The Northern California Wildfires include, but are not limited to, the following fires: 37, Adobe, Atlas, Blue, Butte, Camp, Cascade, Cherokee, Ghost Ship, Honey, La Porte, Lobo, Maacama, McCourtney, Norrbom, Nuns, Partrick, Pocket, Point, Pressley, Pythian (a.k.a. Oakmont), Redwood, Sullivan, Sulphur, and Tubbs.

[3]   Official Bankruptcy Form No. 410 can be found at http://www.uscourts.gov/forms/bankruptcy-forms/proof-claim-0, the Official Website for the United States Bankruptcy Courts. A Proof of Claim Form that has been customized for these Chapter 11 Cases can also be obtained on the website established in these Chapter 11 Cases, https://restructuring.primeclerk.com/pge/ (the "**Case Website**").

[4]   For the avoidance of doubt, Wildfire Claimants and Wildfire Subrogation Claimants may separately file Standard Proof of Claim Form(s) to assert any additional claims against the Debtors other than any additional Wildfire Claims.

4

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

(d)    **Wildfire Subrogation Claimant Proof of Claim Forms** must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the Wildfire Subrogation Claimant Proof of Claim Form annexed hereto as **<u>Exhibit A-3</u>**; (iv) set forth with specificity the legal and factual basis for the alleged claim, including substantially all of the information requested in the Wildfire Subrogation Claimant Proof of Claim Form; and (v) be signed by an authorized agent of the Wildfire Subrogation Claimant.

(e)    Any holder of a Wildfire Claim must file a Proof of Claim Form even if such claimant may be included in, or represented by, a purported class action, class suit, class Proof of Claim, or similar representative action filed against the Debtors with respect to such claimant's Wildfire Claim.

(f)    If a claimant asserts a claim against more than one Debtor or has claims against different Debtors, the claimant must file a separate Proof of Claim against each Debtor.  All timely filed Wildfire Proof of Claim Forms and Wildfire Subrogation Proof of Claim Forms will be deemed filed against both PG&E Corp. and the Utility (without prejudice to the Debtors' right to assert that any such claim should be allowed only as to one of the Debtors).

(g)    All Proofs of Claim must be filed either (i) electronically through Prime Clerk's website using the interface available on the Case Website under the link entitled "Submit a Claim" (the "**Electronic Filing System**") or (ii) by delivering the original Proof of Claim form by hand, or mailing the original Proof of Claim form so that is received on or before the Bar Date as follows:

      If by first class mail:

      PG&E Corporation Claims Processing Center
      c/o Prime Clerk LLC
      Grand Central Station, PO Box 4850
      New York, NY 10163-4850

      If by overnight courier:

      PG&E Corporation Claims Processing Center
      c/o Prime Clerk LLC
      850 Third Avenue, Suite 412
      Brooklyn, NY 11232

Case: 19-30088   Doc# 2646-1   Filed: 06/19/19   Entered: 06/19/19 15:11:15   Page 6 of 126

If by hand delivery:

PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

-or-

At one of the Debtors' Claim Service Centers located at the following PG&E locations (beginning [_____], 2019 through the Bar Date during the hours of 8:30 a.m. – 5:00 p.m. Pacific Time): (i) 350 Salem Street, Chico, CA 95928; (ii) 231 "D" Street, Marysville, CA 95901; (iii) 1567 Huntoon Street, Oroville, CA 95965; (iv) 3600 Meadow View Road, Redding, CA 96002; (v) 111 Stony Circle, Santa Rosa, CA 95401; or (vi) 1850 Soscol Ave. Ste 105, Napa, CA 94559.

(h) A Proof of Claim Form shall be deemed timely filed only if it is **actually received** by Prime Clerk (i) at the addresses listed above in subparagraph (g) or (ii) electronically through the Electronic Filing System on or before the Bar Date.

(i) Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System) **will not** be accepted.

(j) Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a claim that arises from or relates to the rejection of an executory contract or unexpired lease must file a Standard Proof of Claim Form based on such rejection by the later of (i) the Bar Date, and (ii) the date that is thirty (30) days following the entry of the Court order approving such rejection, (which order may be the order confirming a chapter 11 plan in the Debtors' Chapter 11 Cases) or be forever barred from doing so.

(k) Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a claim for damages that arises from or relates to the rejection of the executory contract or unexpired lease) must file a Standard Proof of Claim Form for such amounts on or before the Bar Date unless an exception identified in paragraph (o) below applies.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

6

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

(l)     In the event that the Debtors amend or supplement their Schedules subsequent to the date of entry of this Order, the Debtors shall give notice of any amendment or supplement to the holders of claims or interests affected thereby and reasonably sufficient information to identify the affected claimants and for such claimants to determine the nature of the amendment or supplement, and such holders shall have until the later of (i) the Bar Date and (ii) thirty (30) days from the date of such notice to file a Proof of Claim or be barred from doing so and shall be given notice of such deadline.

(m)    Any person or entity that relies on the Schedules has the responsibility to determine that its claim is accurately listed in the Schedules.

(n)    Notwithstanding anything herein to the contrary, any person asserting a claim arising under section 503(b)(9) of the Bankruptcy Code ("**503(b)(9) Claims**") against any Debtor shall be required to file such claim by the deadline established in the Court's *Amended Order Pursuant to 11 U.S.C. §§ 503(b)(9) and 105(a) Establishing Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9)* [Docket No. 724], and nothing herein shall be deemed to amend, modify, extend, or toll the deadlines and procedures with respect to the filing of 503(b)(9) Claims set forth therein.

(o)    The following persons or entities are **not** required to file a Proof of Claim on or before the Bar Date, solely with respect to the claims described below:

(1)    any person or entity whose claim is listed on the Schedules; *provided* that (i) the claim or interest is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim or interest is listed in the Schedules;

(2)    any person or entity whose claim has been paid in full;

(3)    any holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any party asserting a 503(b)(9) Claim as set forth in paragraph (n) above);

(4)    any person or entity who holds a claim that heretofore has been allowed by Order of this Court entered on or before the Bar Date;

Case: 19-30088    Doc# 2646-1    Filed: 06/19/19    Entered: 06/19/19 15:11:15    Page 8 of 126

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

(5)    any holder of a claim for which a separate deadline has been fixed by this Court;

(6)    any person or entity who has already filed a Proof of Claim with Prime Clerk against the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the Standard Proof of Claim Form or Official Form No. 410;

(7)    any person or entity that holds an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; *provided, however,* that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Standard Proof of Claim must be filed on or before the Bar Date;

(8)    any person or entity whose claim is limited exclusively to the repayment of principal, interest, and other fees and expenses under any agreements (a "**Debt Claim**") governing any prepetition, unsecured revolving credit loan, term loan, notes, bonds, debentures, or other debt securities, in each case, issued by or on behalf of any of the Debtors (collectively, the "**Debt Instruments**"); *provided, however*, that (i) the foregoing exclusion shall not apply to the indenture trustee, owner trustee, pass-through trustee, subordination agent, registrar, paying agent, administrative, loan or collateral agent, or any other entity serving in a similar capacity however designated (collectively, an "**Indenture Trustee**") under the applicable Debt Instrument, (ii) each such Indenture Trustee shall be required to file a Standard Proof of Claim against the applicable Debtor, on or before the Bar Date, on account of all Debt Claims against such Debtor under the applicable Debt Instrument; *provided*, *however*, that an Indenture Trustee will be permitted, in lieu of attaching voluminous documentation, to file with its Proof of Claim a summary of the applicable Indenture and other operative documents, on the condition that such documents will be made available by the Indenture Trustee within ten (10) business days after receipt of a written request from a party in interest, and (iii) any holder of a Debt Claim that has a claim arising out of or relating to a Debt Instrument other than a Debt Claim must file a Standard Proof

8

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies;

(9)    any person or entity whose claim against the Utility arises solely from amounts due to the California Independent System Operator Corporation ("**CAISO**"), California Power Exchange Corporation ("**PX**") and/or various market participants based on purchases or sales of electricity, capacity, or ancillary services by the Utility and other market participants in markets operated by the CAISO and the PX that are subject to determination by the Federal Energy Regulatory Commission ("**FERC**") in refund proceedings bearing FERC Docket Nos. EL00-95-000 and EL00-98-000 and related sub-dockets, and any amounts due under any settlement agreements, allocation agreements, escrow agreements, letter agreements, other written agreements, or court orders (including orders entered in the chapter 11 case styled In re California Power Exchange Corporation, Case No. LA 01-16577 ES) that expressly relate thereto;

(10)    any Customer whose claim is limited exclusively to ordinary and customary refunds, overpayments, billing credits, deposits, or similar billing items;

(11)    either Debtor having a claim against the other Debtor in these Chapter 11 Cases; or

(12)    any person or entity who holds a claim for personal injury or property damages solely to the extent that such claim arises from an event that occurred after January 29, 2019.

4.    Notwithstanding anything herein to the contrary, any claimant that timely files a Proof of Claim and makes a good faith effort to complete a Proof of Claim Form as set forth herein, shall be permitted to revise, amend, and/or supplement their applicable Proof of Claim Form to the extent permitted by applicable law until such time as their claim is allowed or disallowed by order of the Court.

5.    Notwithstanding anything herein to the contrary, for purposes of this Order, (i) Wildfire Claims shall not include any claims of any Governmental Unit of the State of California (each, a "**California State Agency**") related to or in any way arising from the Northern California

9

Wildfires, (ii) no California State Agency shall be included as a Wildfire Claimant, and (iii) the claims of any California State Agency may be submitted utilizing the Standard Proof of Claim Form in accordance with the procedures set forth herein and otherwise applicable law.

6.      Except with respect to any Wildfire Proof of Claim Forms submitted by the United States and any California State Agency, the supporting documentation submitted in connection with Wildfire Proof of Claim Forms (including any individual claim information subsequently submitted by any Wildfire Subrogation Claimant to Prime Clerk) shall remain confidential in these Chapter 11 Cases and shall not be made available to the general public. Copies of such information shall be provided on a confidential and professionals' eyes only basis to counsel for the Debtors, the Committees, the U.S. Trustee, and any additional parties the Court directs but only after each such party agrees to keep the information provided in the Wildfire Proof of Claim Forms confidential.

7.      Pursuant to Bankruptcy Rule 3003(c)(2), but subject to Paragraph 4 of this Order, all holders of claims, including Wildfire Claimants, Wildfire Subrogation Claimants, and Customers, that fail to comply with this Order by timely filing a Proof of Claim in accordance with this Order shall not be treated as a creditor with respect to such claim (as defined in section 101(5) of the Bankruptcy Code) for the purposes of voting and distribution with respect to any chapter 11 plan or plans of reorganization that may be filed in these Chapter 11 Cases.

*Procedures for Mailing of the Bar Date Notices*

8.      **The Standard Bar Date Notice.** At least **ninety-five (95) days** prior to the Bar Date, the Debtors shall cause to be mailed at their last known address as reflected in the Debtors' records (i) a Standard Proof of Claim Form, and (ii) the Standard Bar Date Notice, substantially in the form annexed hereto as **<u>Exhibit B-1</u>**, on the following parties:

    (a)     The Office of the United States Trustee for Region 17;

    (a)     the attorneys for the Committees;

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

(b)    all parties actually known to the Debtors as having claims or potential claims against either of the Debtors (but excluding holders of Wildfire Claims) which, for the avoidance of doubt, excludes any person or entity that holds an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred units, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest;

(c)    all persons or entities that have filed Proofs of Claims as of the date of entry of this Order;

(d)    all counterparties to the Debtors' executory contracts and unexpired leases as of the date of entry of this Order;

(e)    all parties to pending litigation against the Debtors as of the date of entry of this Order (other than holders of Wildfire Claims);

(f)    all current and former employees, directors, and officers (to the extent that contact information for former employees, directors, and officers is available in the Debtors' records);

(g)    all regulatory authorities that regulate the Debtors' businesses as of the date of entry of this Order;

(h)    the Offices of the California Attorney General and the U.S. Attorney for the Northern District of California;

(i)    the office of the attorney general for each state in which the Debtors maintain or conduct business;

(j)    the District Director of the Internal Revenue Service for the District of California;

(k)    all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

(l)    all parties who have requested notice pursuant to Bankruptcy Rule 2002 as of the date of entry of this Order; and

(m)    such additional persons and entities deemed appropriate by the Debtors.

9.    **The Wildfire Claim Bar Date Notice**.  At least **ninety-five (95) days** prior to the Bar Date, the Debtors shall cause to be mailed to all Known Wildfire Claimants at the address for the attorney of record set forth in the complaint initiating such Known Wildfire Claimant's prepetition

11

action (or other document or correspondence notifying the Debtors of an intention to commence a prepetition action) (i) the Wildfire Claim Bar Date Notice, substantially in the form annexed hereto as **Exhibit B-2**, and (ii) a Wildfire Claimant Proof of Claim Form or Wildfire Subrogation Claimant Proof of Claim Form, as applicable.

10.     **The Customer Bar Date Notice**.  At least **ninety-five (95) days** prior to the Bar Date, the Debtors shall cause to be mailed to all Customers at their last known address as reflected in the Debtors' records (i) a Standard Proof of Claim Form, and (ii) the Customer Bar Date Notice, substantially in the form annexed hereto as **Exhibit B-3**.

11.     The Debtors shall post each of the Standard Bar Date Notice, the Wildfire Claim Bar Date Notice, and the Customer Bar Date Notice on the Case Website.

*The Supplemental Notice Plan*

12.     The Supplemental Notice Plan is hereby approved and the Debtors are authorized to implement the components of the Supplemental Notice Plan as set forth in the Motion (as modified in accordance with the Reply).

13.     In addition to the other provisions of the Supplemental Notice Plan (as modified in accordance with the Reply) which are hereby approved, the Debtors shall publish notice of the Bar Date, with any necessary modifications for ease of publication, three times in each of the *Wall Street Journal, USA Today, the Los Angeles Times, San Francisco Chronicle, The Bakersfield Californian, The Fresno Bee, The Modesto Bee, The Sacramento Bee, The Santa Rosa Press Democrat, The San Jose Mercury News, The East Bay Times, The Stockton Record, the Paradise Post, and the Chico Enterprise-Record*.

14.     The Notice Procedures, including the Supplemental Notice Plan (as modified in accordance with the Reply), including, without limitation, the publication of the Bar Date Notice as set forth in this Order, are reasonably calculated to provide notice of the Bar Date to known and

12

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

unknown creditors and parties in interest, including Known Wildfire Claimants and Unknown Wildfire Claimants, and no other or further notice shall be required.

15.     Nothing contained in this Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

16.     Nothing contained in this Order shall constitute a waiver of the right of any party in interest to dispute the Debtors' designation of any contract, program, policy, lease, or any other document or agreement as an executory contract or unexpired lease governed by section 365 of the Bankruptcy Code.

17.     Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

18.     The Debtors and Prime Clerk are authorized to take all steps necessary or appropriate to carry out this Order.

19.     Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of claims **not** subject to the Bar Date established herein must file such claims against the Debtors.

20.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

13

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**Exhibit A-1**

**Standard Proof of Claim Form**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# United States Bankruptcy Court, Northern District of California

**Fill in this information to identify the case (Select only one Debtor per claim form):**

☐ PG&E Corporation (19-30088)

☐ Pacific Gas and Electric Company (19-30089)

Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1: Identify the Claim

| | | |
|---|---|---|
| 1. **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim) _____<br><br>Other names the creditor used with the debtor _____ | |
| 2. **Has this claim been acquired from someone else?** | ☐ No<br>☐ Yes. From whom? _____ | |
| 3. **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br><br><br><br><br><br><br>Contact phone _____<br><br>Contact email _____ | **Where should payments to the creditor be sent?** (if different)<br><br><br><br><br><br><br>Contact phone _____<br><br>Contact email _____ |
| 4. **Does this claim amend one already filed?** | ☐ No<br>☐ Yes. Claim number on court claims registry (if known) _____ | Filed on _____<br>MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No<br>☐ Yes. Who made the earlier filing? _____ | |

6. **Do you have any number you use to identify the debtor?**

☐ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

7. **How much is the claim?**   $_____. **Does this amount include interest or other charges?**

☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

9. **Is all or part of the claim secured?**

☐ No
☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                                  $_____
**Amount of the claim that is secured:**      $_____

**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**      $_____

**Annual Interest Rate** (when case was filed)_____%
☐ Fixed
☐ Variable

10. **Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**      $_____

11. **Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

Case: 19-30088   Doc# 2646-1   Filed: 06/19/19   Entered: 06/19/19 15:11:15   Page 17
of 126

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No | |
|---|---|---|

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. *Check one:*

| | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ _____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
                     MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | _____ |
|---|---|
| | First name          Middle name          Last name |
| Title | _____ |
| Company | _____ |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | _____ |
| | Number          Street |
| | _____ |
| | City          State          ZIP Code |
| Contact phone | _____ Email _____ |

Case: 19-30088   Doc# 2646-1   Filed: 06/19/19   Entered: 06/19/19 15:11:15   Page 18
of 126

# Instructions for Proof of Claim

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as January 29, 2019.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.primeclerk.com/pge.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Please send completed Proof(s) of Claim to:**

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also hand deliver your completed Proof(s) of Claim to any of the following service center offices (during the hours of 8:30 a.m. – 5:00 p.m. Pacific Time):**

Chico Service Center
350 Salem Street
Chico, CA 95928

Marysville Service Center
231 "D" Street
Marysville, CA 95901

Napa Service Center
1850 Soscol Ave. Ste 105
Napa, CA 94559

Oroville Service Center
1567 Huntoon Street
Oroville, CA 95965

Redding Service Center
3600 Meadow View Road
Redding, CA 96002

Santa Rosa Service Center
111 Stony Circle
Santa Rosa, CA 95401

**Photocopy machines will not be available at the Claim Service Centers; you must bring a copy of your claim if you wish to receive a date-stamped conformed copy.**

**Do not file these instructions with your form**

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

## Exhibit A-2

**Wildfire Claimant Proof of Claim Form**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)**

| In re: | |
|---|---|
| **PG&E CORPORATION,** | **Bankruptcy Case** |
| **- and -** | **No. 19-30088 (DM)** |
| **PACIFIC GAS AND ELECTRIC** | |
| **COMPANY,** | **Chapter 11** |
| | **(Lead Case)** |
| Debtors. | **(Jointly Administered)** |

# Proof of Claim (Wildfire Related)

Read the instructions before filling out this form. This form is for asserting <u>general unsecured claims</u> based on damages or losses resulting from a wildfire.

> Do not use this form to assert any other pre-petition claims, including secured claims or claims entitled to priority under 11 U.S.C. § 507(a). Secured claims, claims entitled to priority under 11 U.S.C. § 507(a) and non-wildfire related claims should be filed on Form 410, available on https://restructuring.primeclerk.com/pge.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. You may attach redacted copies of any documents that support the claim, but you are not required to do so at this time. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of January 29, 2019, except where otherwise specified.**

## Part 1: Identify the Claim

| | | | |
|---|---|---|---|
| 1. | **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim) | |
| | | Other names the creditor used with the debtor _____ | |

| | | |
|---|---|---|
| 2. | **Has this claim been acquired from someone else?** | ☐ No<br>☐ Yes. From whom? _____ |

| | | | |
|---|---|---|---|
| 3. | **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) | |
| | | Name | Name |
| | | Number     Street | Number     Street |
| | | City          State          ZIP Code | City          State          ZIP Code |
| | | Contact phone _____ | Contact phone _____ |
| | | Contact email _____ | Contact email _____ |

| | | |
|---|---|---|
| 4. | **Does this claim amend one already filed?** | ☐ No<br>☐ Yes.  Claim number on court claims registry (if known)_____  Filed on _____ / _____ / _____<br>MM / DD / YYYY |

| | | |
|---|---|---|
| 5. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No<br>☐ Yes. Who made the earlier filing? _____ |

Case: 19-30088   Doc# 2646-1   Filed: 06/19/19   Entered: 06/19/19 15:11:15   Page 22 of 126

| **Part 2:** | **Attorney Information (Optional)** |
|---|---|

| 6. | **Who represents you in this matter?** | **Who represents you in this matter?** |
|---|---|---|
| | You do not need an attorney to file this form | |

_____
Law Firm Name

_____
Attorney Name

_____
Number          Street

_____
City                    State              ZIP Code

Contact phone _____  Contact email _____

| **Part 3:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

| 7. | **Which fire is the basis of to your claim?** | ☐ Camp Fire (2018) |
|---|---|---|
| | Check all that apply. | ☐ North Bay Fires (2017) |
| | | ☐ Ghost Ship Fire (2016) |
| | | ☐ Butte Fire (2015) |
| | | ☐ Other (please provide date and brief description of fire: _____ |
| | | _____ |

| 8. | **What is(are) the loss location(s) where you suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different)?** | Location(s): _____ |
|---|---|---|
| | | _____ |
| | | _____ |
| | | _____ |

| 9. | **How were you harmed?** | ☐ Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage) |
|---|---|---|
| | (Check all that apply) | ☐ Owner |
| | | ☐ Renter |
| | | ☐ Occupant |
| | | ☐ Other (Please specify): _____ |
| | | ☐ Personal Injury |
| | | ☐ Wrongful Death |
| | | ☐ Business Loss/Interruption |
| | | ☐ Lost wages and earning capacity |
| | | ☐ Loss of community and essential services |
| | | ☐ Agricultural loss |
| | | ☐ Other (Please specify): _____ |

| 10. | **What damages are you claiming/seeking?** | ☐ Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage) |
|---|---|---|
| | (Check all that apply) | ☐ Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage) |
| | | ☐ Punitive, exemplary, and statutory damages |
| | | ☐ Attorney's fees and litigation costs |
| | | ☐ Interest |
| | | ☐ Any and all other damages recoverable under California law |
| | | ☐ Other (Please specify): _____ |

| 11. | **How much is the claim?** | $_____ or |
|---|---|---|
| | | ☐ Unknown |

**Proof of Claim (Wildfire Related)**                                      **Page 2**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____(mm/dd/yyyy)

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | _____ |
| | First name        Middle name        Last name |
| Title | _____ |
| Company | _____ |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | _____ |
| | Number        Street |
| | _____ |
| | City        State        ZIP Code |
| Contact phone | _____  Email  _____ |

Proof of Claim (Wildfire Related)                                        Page 3

# Instructions for Proof of Claim (Wildfire Related)

United States Bankruptcy Court

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of January 29, 2019.**
- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- **You may attach any supporting documents to this form.** You may, but are not required at this time, attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.) Supporting documents shall be gathered, maintained and provided at a later date as instructed by the Court.
- **Do not attach original documents because attachments may be destroyed after scanning.**
- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.
- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.
- **Question 8.** If you suffered property damage, then provide the street address of each real property parcel where you suffered property damage. If you were personally evacuated as the result of a fire, then provide the address or intersection closest to where you encountered the fire and began evacuation. If you suffered property damage and were evacuated from a different location, include both. If you were a renter, provide the address of your residence.
- **Question 9.** This question requests general statements of underlying facts relating to harm and is not intended to be exhaustive or open-ended.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.primeclerk.com/pge.

## Understand the terms used in this form

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. In this instance, PG&E Corporation and Pacific Gas & Electric Company.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

Case: 19-30088    Doc# 2646-1    Filed: 06/19/19    Entered: 06/19/19 15:11:15    Page 25 of 126

Proof of Claim Instructions (Wildfire Related)                                    Page 1

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Please send completed Proof(s) of Claim to:**

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery**:
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also hand deliver your completed Proof(s) of Claim to any of the following service center offices (during the hours of 8:30 a.m. – 5:00 p.m. Pacific Time):**

Chico Service Center
350 Salem Street
Chico, CA  95928

Marysville Service Center
231 "D" Street
Marysville, CA 95901

Napa Service Center
1850 Soscol Ave. Ste 105
Napa, CA 94559

Oroville Service Center
1567 Huntoon Street
Oroville, CA 95965

Redding Service Center
3600 Meadow View Road
Redding, CA 96002

Santa Rosa Service Center
111 Stony Circle
Santa Rosa, CA 95401

**Photocopy machines will not be available at the Claim Service Centers; you must bring a copy of your claim if you wish to receive a date-stamped conformed copy.**

| Do not file these instructions with your form |
| --- |

## Exhibit A-3

**Wildfire Subrogation Claimant Proof of Claim Form**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)**

| In re:<br>  PG&E CORPORATION,<br>  - and -<br>  PACIFIC GAS AND ELECTRIC COMPANY,<br>                    Debtors. | **Bankruptcy Case**<br>**No. 19-30088 (DM)**<br><br>**Chapter 11**<br>**(Lead Case)**<br>**(Jointly Administered**) |

## Proof of Claim (Wildfire Related – Subrogation Insurers)

Read the instructions before filling out this form.

> This form is for Subrogation Insurers to assert <u>general unsecured claims</u> based on amounts paid or reserved for damages or losses resulting from a wildfire.  Do not use this form to assert any other pre-petition claims.
>
> Include the aggregate total estimated amount of all insurance subrogation claims, across all individual policies, held by a single creditor on this Proof of Claim.
>
> Complete Attachment 1 to provide detailed information about each of the individual claims that are included in the aggregate total estimated amount shown on this Proof of Claim.  When submitting Attachment 1, please provide definitions or explanations of all defined terms used therein.
>
> Signing this form constitutes an acknowledgement that you will provide additional support documentation for each individual claim on a confidential and professionals' eyes only basis to counsel for the Debtors, the U.S. Trustee, any Statutory Committee appointed in these cases, and any additional parties the Court directs but only after each such party agrees to keep the information provided confidential, which support documentation shall be kept confidential and not filed with the Court unless under seal or with the express written consent of the undersigned creditor.
>
> **Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.  **Fill in all the information about the claim as of January 29, 2019, except where otherwise specified.**

| **Part 1:** | **Identify the Claim** |

| | | |
|---|---|---|
| 1. | **Is this proof of claim being filed on behalf of one or multiple creditors (i.e., other affiliated insurance companies)?** | ☐ One creditor<br><br>☐ More than one creditor |
| 2. | **Who is (are) the current creditor(s)? For more than ten creditors, please attach separate schedule.** | Name of Creditor 1                    Name of Creditor 2<br><br>Name of Creditor 3                    Name of Creditor 4<br><br>Name of Creditor 5                    Name of Creditor 6<br><br>Name of Creditor 7                    Name of Creditor 8<br><br>Name of Creditor 9                    Name of Creditor 10 |
| 3. | **Are the creditor(s) part of one carrier group?** | ☐ No<br><br>☐ Yes. Identify the group: _____ |
| 4. | **Has this subrogation claim been acquired from someone else other than the underlying insured?** (See question 11) | ☐ No<br><br>☐ Yes. From whom? _____ |

| 5. | Where should notices and payments to the Creditor(s) be sent? | Where should notices to the creditor(s) be sent? | Where should payments to the creditor(s) be sent? (if different) |
|---|---|---|---|
| | Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Name | Name |
| | | Number          Street | Number          Street |
| | | City                    State          ZIP Code | City                    State          ZIP Code |
| | | Contact phone _____ | Contact phone _____ |
| | | Contact email _____ | Contact email _____ |

| 6. | Does this claim amend one already filed? | ☐ No |
|---|---|---|
| | | ☐ Yes.   Claim number on court claims registry (if known)_____   Filed on _____ |
| | | MM  /  DD  /  YYYY |

| 7. | To the best of your knowledge, do you know if anyone else has filed a proof of claim for this claim? | ☐ No |
|---|---|---|
| | | ☐ Yes. Who made the earlier filing? _____ |

| 8. | Was a subrogation lawsuit filed pre-petition in connection with this (these) claim(s)? | ☐ No |
|---|---|---|
| | | ☐ Yes. Please Identify Lawsuit:  Case/Docket # _____   Court: _____ |

## Part 2:   Attorney Information (Optional)

| 9. | Who represents you in this matter? | Who represents you in this matter? |
|---|---|---|
| | You do not need an attorney to file this form | |
| | | Law Firm Name |
| | | Attorney Name |
| | | Number          Street |
| | | City                    State          ZIP Code |
| | | Contact phone _____   Contact email _____ |

## Part 3:   Give Information About the Claim as of the Date the Case Was Filed

| 10. | Provide a summary of the underlying claims: | Name of Insurer (if different than the creditor listed in question 1): |
|---|---|---|
| | Subrogation insurers must produce a file containing details of the individual claims (paid or reserved) that form the basis of this claim. (See question 11) | Nature of underlying claim(s) (check all that apply): |
| | | ☐   Structure and Real Property Claims |
| | | ☐   Debris Removal Claims |
| | | ☐   Personal Property Claims |
| | | ☐   Additional Living Expenses, Business Interruption, Loss of Use/Rent Claims |
| | | ☐   Automobile (Rental, Loss of Use, Tow, Storage) Claims |
| | | ☐   Other. Describe: _____ |
| | | Total number of insured losses that form the basis of this claim: _____ |
| | | Total aggregate amount of liquidated claims (i.e., payments made to insureds) as of the date hereof:   $ _____ |
| | | Total aggregate amount of reserved claims as of the date hereof:   $ _____ |
| | | Total aggregate amount of estimated claims (i.e., claims that have not been paid or reserved but are estimated for relevant wildfire incidents that occurred pre-petition):   $ _____ |

| 11. **Provide supporting documentation for any underlying claims that have been assigned, sold or otherwise transferred to the Creditor.** | If any of the individual claims that form the basis of this claim have been acquired through an assignment, please provide the following additional information for each individual claim:<br><br>1. A copy of the original contract of sale / assignment of contract for the underlying subrogated claim, and/or any other documentation reflecting a valid assignment of the subrogated rights.<br><br>2. A copy of insurer's written notification to insured (pursuant to 10 Cal. Code Regs. § 2695.7(p)) of its election not to directly pursue subrogation or discontinuation of its pursuit of subrogation.<br><br>3. A copy of the underlying policy for the subrogated claim. |
|---|---|

## Part 4: Sign Below

| | |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br><br>☐  I am the creditor.<br>☐  I am the creditor's attorney or authorized agent.<br>☐  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date _____(mm/dd/yyyy)<br><br>_____<br>    Signature<br><br>**Print the name of the person who is completing and signing this claim:**<br><br>Name _____<br>     First name          Middle name          Last name<br><br>Title _____<br><br>Company _____<br>     Identify the corporate servicer as the company if the authorized agent is a servicer.<br><br>Address _____<br>     Number     Street<br><br>     _____<br>     City          State     ZIP Code<br><br>Contact phone _____     Email _____ |

Case: 19-30088    Doc# 2646-1    Filed: 06/19/19    Entered: 06/19/19 15:11:15    Page 30 of 126

# Instructions for Proof of Claim (Wildfire Related – Subrogation Insurers)

United States Bankruptcy Court

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of January 29, 2019.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.primeclerk.com/pge.

## Understand the terms used in this form

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery**:
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

---

### Do not file these instructions with your form

## Attachment 2 to Omnibus Insurance Subrogation Proof of Claim

| | Creditor | | | Insurance Policy No. | Claim Type (Auto, Commercial, Homeowners) | Insurance Claim No. | Status (Open/Closed) | Insured |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | Insurance Underwriting Company | Carrier Group | Acquiror (if any) | | | | | Last Name / Business Name |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**Attachment 2 to Omnibus Insurance Subrogation Proof of Claim**

| Name | Loss Location (If Not Insured Address) | | | | Date of Loss | Responsible Fire | Loss Amount Breakdown (by Cla | |
|---|---|---|---|---|---|---|---|---|
| First Name | Street | City | State | Zip Code | | | Auto | Commercial |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

## Attachment 2 to Omnibus Insurance Subrogation Proof of Claim

| im Type) | Loss Amount Breakdown (by Loss Type) | | | | | |
|---|---|---|---|---|---|---|
| Homeowners | Building / Appurtenant Structure / Debris Removal | Contents / Business Personal Property / Debris Removal (if not included in prior column) | Added Living Expense / Business Interruption, Loss of Use/Rent | Auto / Rental / Loss of Use / Tow / Storage | Other | Total Indemnity Paid |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Corresponding Individual Plaintiff Claim, if known (yes/no) | Corresponding Household Group No. |
| --- | --- |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

**Exhibit B-1**
**Standard Bar Date Notice**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case |
| **PG&E CORPORATION,** | No. 19-30088 (DM) |
| - and - | Chapter 11 |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Lead Case) |
| **Debtors.** | (Jointly Administered) |
| ☐ Affects PG&E Corporation | [Related Docket Ref: Docket Nos: #] |
| ☐ Affects Pacific Gas and Electric Company | **NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM IN CHAPTER 11 CASES** |
| ☒ Affects both Debtors | |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

**TO ALL PERSONS WITH CLAIMS AGAINST ANY DEBTOR SET FORTH BELOW:**

| NAME OF DEBTOR AND LAST FOUR DIGITS OF FEDERAL TAX IDENTIFICATION NUMBER | CASE NUMBER |
|---|---|
| PG&E Corporation (4914) | 19-30088 (DM) |
| Pacific Gas and Electric Company (2640) | 19-30089 (DM) |

The United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") has entered an order (the "**Bar Date Order**") establishing **October 21, 2019** at **5:00 p.m. (Prevailing Pacific Time)** (the "**Bar Date**") as the last date and time for each (i) person (as defined in section 101(41) of the Bankruptcy Code), including, without limitation, all Wildfire Claimants (as defined below), Wildfire Subrogation Claimants (as defined below), and Customers (as defined below), and (ii) governmental unit (as defined in section 101(27) of the Bankruptcy Code, collectively, the "**Governmental Units**") to file a proof of claim (each a "**Proof of Claim**") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance

1

of doubt, all secured claims and priority claims against either of the above-listed debtors (collectively, the "**Debtors**").

The Bar Date and the procedures set forth below for filing Proofs of Claim apply to all claims against the Debtors that arose before January 29, 2019 (the "**Petition Date**"), the date on which the Debtors commenced cases under chapter 11 (the "**Chapter 11 Cases**") of title 11 of the United States Code (the "**Bankruptcy Code**").

## 1. WHO MUST FILE A PROOF OF CLAIM

You **MUST** file a Proof of Claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the Petition Date, and it is not one of the types of claims described in Section 5 below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means a right to (a) payment, whether such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## 2. WHAT TO FILE

### A. Claimants other than Holders of Wildfire Claims

The Debtors are enclosing a Proof of Claim form for use by claimants in these Chapter 11 Cases other than Wildfire Claimants and Wildfire Subrogation Claimants (the "**Standard Proof of Claim Form**"). If your claim is listed on the schedules of assets and liabilities filed by the Debtors

2

(collectively, the "**Schedules**"), the Standard Proof of Claim form also sets forth the amount of your claim as listed on the Schedules, if applicable, the specific Debtor against which the claim is scheduled, and whether the claim is scheduled as "disputed," "contingent," or "unliquidated." You will receive a different Standard Proof of Claim Form for each claim listed in your name on the Schedules. You may utilize the Standard Proof of Claim Form(s) provided by the Debtors to file your claim. Additional Standard Proof of Claim Forms and instructions may be obtained at (a) the website established by the Debtors' Court-approved claims and noticing agent, Prime Clerk LLC ("**Prime Clerk**"), located at https://restructuring.primeclerk.com/pge (the "**Case Website**") or (b) the Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

All Proof of Claim Forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency (using the exchange rate, if applicable, as of the Petition Date). You also should attach to your completed Proof of Claim any documents on which the claim is based (if voluminous, attach a summary) or explanation as to why the documents are not available.

Your Proof of Claim Form must **not** contain complete social security numbers or taxpayer identification numbers (only the last four (4) digits), a complete birth date (only the year), the name of a minor (only the minor's initials), or a financial account number (only the last four (4) digits of such account number).

IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE DEBTOR, SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR AND YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT DEBTOR'S BANKRUPTCY CASE. A LIST OF THE NAMES OF THE DEBTORS AND THEIR CASE NUMBERS IS SET FORTH ABOVE.

3

**B. Wildfire Claimants and Wildfire Subrogation Claimants**

Pursuant to the Bar Date Order, and all matters related thereto (a) any claim (as such term is defined in section 101(5) of the Bankruptcy Code) related to or in any way arising from the wildfires that occurred in Northern California in 2015, 2017, and 2018[1] (the "**Northern California Wildfires**"), including any claim held by a Wildfire Subrogation Claimant, is referred to herein as a "**Wildfire Claim**"; (b) any person or entity, including any governmental entity (as defined in section 101(27) of the Bankruptcy Code, holding a Wildfire Claim (other than a Wildfire Subrogation Claimant) is referred to herein as a "**Wildfire Claimant**"; and (c) any insurance carrier having made payments to their insureds for any damages arising out of or relating to a Wildfire Claim, or any other party who has acquired by assignment or otherwise obtained an interest in a claim arising out or related to such payments, is referred to herein as a "**Wildfire Subrogation Claimant**".[2]

If you (or, in the case of a wrongful-death claim, the estate you represent) believe you have a claim against either of the Debtors for personal injury or wrongful death, property damage, or other loss or liability in any way relation to or resulting from the Northern California Wildfires, you **MUST** file a Proof of Claim for your Wildfire Claim prior to the Bar Date in accordance with the instructions in this notice. Proof of Claim forms for Wildfire Claimants (a "**Wildfire Claimant Proof of Claim Form**") and Wildfire Subrogation Claimants (a "**Wildfire Subrogation Claimant Proof of Claim**

---

[1] The Northern California Wildfires include, but are not limited to, the following fires: 37, Adobe, Atlas, Blue, Butte, Camp, Cascade, Cherokee, Ghost Ship, Honey, La Porte, Lobo, Maacama, McCourtney, Norrbom, Nuns, Partrick, Pocket, Point, Pressley, Pythian (a.k.a. Oakmont), Redwood, Sullivan, Sulphur, and Tubbs.

[2] Notwithstanding anything herein to the contrary, for purposes of the Bar Date Order, (i) Wildfire Claims shall not include any claims of any Governmental Unit of the State of California (each a "**California State Agency**") related to or in any way arising from the Northern California Wildfires, (ii) no California State Agency shall be included as a Wildfire Claimant, and (iii) the claims of any California State Agency may be submitted utilizing the Standard Proof of Claim Form in accordance with the procedures set forth herein and otherwise applicable law.

4

Form" and, together with the Wildfire Claimant Proof of Claim Form, the "**Wildfire Proof of Claim Forms**") are available at the Case Website. Substantially all of the information requested in the applicable Wildfire Proof of Claim Form must be provided. All timely filed Wildfire Proof of Claim Forms shall be deemed filed against both PG&E Corp. and the Utility.

You **MUST** file a Proof of Claim on account of any Wildfire Claim even if you may be included in, or represented by, a purported class action, class suit, class Proof of Claim, or similar representative action filed against the Debtors with respect to your Wildfire Claim. Pursuant to the Bar Date Order, except with respect to any Wildfire Proof of Claim Form submitted by the United States or any California State Agency, the supporting documentation submitted in connection with Wildfire Proof of Claim Forms (including any individual claim information subsequently submitted by any Wildfire Subrogation Claimant to Prime Clerk) will remain confidential in these Chapter 11 Cases and will not be available to the general public. Copies of such information shall be provided on a confidential and professionals' eyes only basis to counsel for the Debtors, the Committees, the U.S. Trustee and any additional parties the Court directs but only after each such party agrees to keep the information provided in the Wildfire Proof of Claim Forms confidential.

## 3. SPECIAL PROVISIONS FOR CUSTOMERS

If you are a residential or non-residential customer of the Debtors (each a "**Customer**") and you believe you have a claim against the Debtors relating to the period prior to the Petition Date, you **MUST** file a Standard Proof of Claim Form by the Bar Date. **Customers are not required to file proofs of claim for ordinary and customary refunds, overpayments, billing credits, deposits or similar billing items.**

5

## 4. WHEN AND WHERE TO FILE

All Proofs of Claim (including any claims of Wildfire Claimants, Wildfire Subrogation Claimants, Governmental Units, and Customers) must be filed so as to be received on or before **October 21, 2019** at **5:00 p.m. (Prevailing Pacific Time)** as follows:

**If electronically:**

The Case Website established by Prime Clerk, using the interface available on such website under the link entitled "Submit a Claim" (the "**Electronic Filing System**").

**If by first class mail:**

PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier:**

PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**If by hand delivery:**

PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

-or-

At one of the Debtors' Claim Service Centers located at the following PG&E locations (beginning [_____], 2019 through the Bar Date during the hours of 8:30 a.m. – 5:00 p.m. Pacific Time): (i) 350 Salem Street, Chico, CA 95928; (ii) 231 "D" Street, Marysville, CA 95901; (iii) 1567 Huntoon Street, Oroville, CA 95965; (iv) 3600 Meadow View Road, Redding, CA 96002; (v) 111 Stony Circle, Santa Rosa, CA 95401; or (vi) 1850 Soscol Ave. Ste 105, Napa, CA 94559. **Photocopy machines will not be available at the Claim Service Centers; you must bring a copy of your claim if you wish to receive a date-stamped conformed copy.**

Proofs of Claim will be deemed filed only when **actually received** at the addresses listed above or via the Electronic Filing System on or before the Bar Date. Proofs of Claim may not be delivered by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System).

5.  **WHO NEED <u>NOT</u> FILE A PROOF OF CLAIM**

You do **not** need to file a Proof of Claim on or before the Bar Date if you are:

(a) any person or entity whose claim is listed on the Schedules; *provided* that (i) the claim is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(b) any person or entity whose claim has been paid in full;

(c) any holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any party asserting a claim pursuant to section 503(b)(9) of the Bankruptcy Code who shall be required to file such claim by the deadline established in the Bankruptcy Court's *Amended Order Pursuant to 11 U.S.C. §§ 503(b)(9) and 105(a) Establishing Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9)* [Docket No. 724]);

(d) any person or entity who holds a claim that heretofore has been allowed by Order of the Bankruptcy Court entered on or before the Bar Date;

(e) any holder of a claim for which a separate deadline has been fixed by the Bankruptcy Court;

(f) any person or entity who has already filed a Proof of Claim with Prime Clerk against the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the Standard Proof of Claim Form or Official Form No. 410;

(g) any person or entity that holds an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; *provided, however,* that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity

7

interest or the purchase or sale of such equity interest), a Standard Proof of Claim must be filed on or before the Bar Date;

(h) any person or entity whose claim is limited exclusively to the repayment of principal, interest, and other fees and expenses under any agreements (a "**Debt Claim**") governing any prepetition, unsecured revolving credit loan, term loan, notes, bonds, debentures, or other debt securities, in each case, issued by or on behalf of any of the Debtors (collectively, the "**Debt Instruments**"); *provided, however,* that (i) the foregoing exclusion shall not apply to the indenture trustee, owner trustee, pass-through trustee, subordination agent, registrar, paying agent, administrative, loan or collateral agent, or any other entity serving in a similar capacity however designated (collectively, an "**Indenture Trustee**") under the applicable Debt Instrument, (ii) each such Indenture Trustee shall be required to file a Standard Proof of Claim against the applicable Debtor, on or before the Bar Date, on account of all Debt Claims against such Debtor under the applicable Debt Instrument; *provided, however,* that an Indenture Trustee will be permitted, in lieu of attaching voluminous documentation, to file with its Proof of Claim a summary of the applicable Indenture and other operative documents, on the condition that such documents will be made available by the Indenture Trustee within ten (10) business days after receipt of a written request from a party in interest, and (iii) any holder of a Debt Claim that has a claim arising out of or relating to a Debt Instrument other than a Debt Claim must file a Standard Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies;

(i) any person or entity whose claim against the Utility arises solely from amounts due to the California Independent System Operator Corporation ("**CAISO**"), California Power Exchange Corporation ("**PX**") and/or various market participants based on purchases or sales of electricity, capacity, or ancillary services by the Utility and other market participants in markets operated by the CAISO and the PX that are subject to determination by the Federal Energy Regulatory Commission ("**FERC**") in refund proceedings bearing FERC Docket Nos. EL00-95-000 and EL00-98-000 and related sub-dockets, and any amounts due under any settlement agreements, allocation agreements, escrow agreements, letter agreements, other written agreements, or court orders (including orders entered in the chapter 11 case styled In re California Power Exchange Corporation, Case No. LA 01-16577 ES) that expressly relate thereto;

(j) any Customer whose claims is limited exclusively to ordinary and customary refunds, overpayments, billing credits, deposits, or similar billing items;

(k) either Debtor having a claim against the other Debtor in these Chapter 11 Cases; or

8

(l) any person or entity who holds a claim for personal injury or property damages solely to the extent that such claim arises from an event that occurred after January 29, 2019.

Notwithstanding anything herein or in the Bar Date Order to the contrary, any claimant that timely files a Proof of Claim and makes a good faith effort to complete a Proof of Claim Form as set forth in the Bar Date Order, shall be permitted to revise, amend, and/or supplement their applicable Proof of Claim Form to the extent permitted by applicable law until such time as their claim is allowed or disallowed by order of the Court.

This notice may be sent to many persons that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. **The fact that you have received this notice does not mean that you have a claim or that the Debtors or the Bankruptcy Court believe that you have a claim against the Debtors.**

### 6. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you hold a claim arising out of or relating to the rejection of an executory contract or unexpired lease you must file a Standard Proof of Claim Form based on such rejection by the later of (i) the Bar Date, and (ii) the date that is thirty (30) days following the entry of the Bankruptcy Court's order approving such rejection (which order may be the order confirming a chapter 11 plan for the Debtors), or be forever barred from doing so. Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a claim for damages that arises from or relates to the rejection of the executory contract or unexpired lease) must file a Standard Proof of Claim Form for such amounts on or before the Bar Date unless an exception identified in Section 5 above applies.

### 7. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE

9

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN SECTION 5 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN ACCORDANCE WITH THE BAR DATE ORDER SHALL **NOT** BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CHAPTER 11 CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

## 8. THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as a holder of a claim against one or more of the Debtors in the Debtors' Schedules. To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Standard Proof of Claim Form(s) regarding the nature, amount, and status of your claim(s). If you received postpetition payments from the Debtors (as authorized by the Bankruptcy Court) on account of your claim(s), the enclosed Standard Proof of Claim Form should reflect the net amount of your claim(s). Other than with respect to Wildfire Claims, if the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of Claim Forms, each of which will reflect the nature and amount of your claim against one Debtor, as listed in the Schedules.

If you rely on the Debtors' Schedules or the enclosed Standard Proof of Claim Form(s), it is your responsibility to determine that the claim accurately is listed on the Schedules. However, you may rely on the enclosed form, which lists your claim as scheduled, identifies the Debtor against which it is scheduled, and specifies whether the claim is disputed, contingent, or unliquidated.

As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim only is against the Debtor specified by the Debtors, **and** if your claim is not described as "disputed," "contingent," or "unliquidated," you

10

need **not** file a Proof of Claim.  **Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date, in accordance with the procedures set forth in this notice.**  For the avoidance of doubt, if you have a Wildfire Claim and it is listed as "disputed," "contingent," or "unliquidated" you must file a Wildfire Proof of Claim Form.

Copies of the Debtors' Schedules are available for inspection on the Bankruptcy Court's electronic docket for the Debtors' Chapter 11 Cases, which is posted on (a) the Case Website and (b) on the Bankruptcy Court's website at http://www.canb.uscourts.gov.  A login and password to the Bankruptcy Court's Public Access to Electronic Records ("**PACER**") are required to access this information on the Bankruptcy Court's website and can be obtained through the PACER Service Center at http://www.pacer.gov.  Copies of the Schedules also may be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102.  Copies of the Debtors' Schedules also may be obtained by request to Prime Clerk:

> PG&E Corporation
> c/o Prime Clerk LLC
> 850 Third Avenue, Suite 412
> Brooklyn, NY 11232
> Toll Free: (844) 339-4217
> Email: pgeinfo@primeclerk.com

**Please note that Prime Clerk cannot provide legal advice, nor can they advise you as to whether you should file a Proof of Claim. A holder of a potential claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a Proof of Claim.**

Dated: _____, 2019

**WEIL, GOTSHAL & MANGES LLP**
**KELLER & BENVENUTTI LLP**

11

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

**<u>Exhibit B-2</u>**
**Wildfire Claim Bar Date Notice**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case |
| **PG&E CORPORATION,** | No. 19-30088 (DM) |
| **- and -** | Chapter 11 |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Lead Case) |
| | (Jointly Administered) |
| **Debtors.** | [Related Docket Ref: Docket Nos: #] |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | **NOTICE OF DEADLINE FOR FILING WILDFIRE PROOF OF CLAIM FORMS** |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

# IMPORTANT LEGAL NOTICE

**TO ALL PARTIES WITH CLAIMS AGAINST PG&E CORPORATION AND/OR PACIFIC GAS AND ELECTRIC COMPANY ARISING OUT OF THE 2015, 2017, OR 2018 NORTHERN CALIFORNIA WILDFIRES**

**OCTOBER 21, 2019, AT 5:00 P.M. (PREVAILING PACIFIC TIME)**
**IS THE LAST DATE TO FILE WILDFIRE PROOF OF CLAIM FORMS**

On January 29, 2019 (the "**Petition Date**"), PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**") each filed a petition under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of California (the "**Court**"). The Chapter 11 Cases are being jointly administered under the lead case *In re PG&E Corporation and Pacific Gas and Electric Company*, Case No. 19-30088 (DM). The Bankruptcy Court has entered an order (the "**Bar Date Order**") establishing **October 21, 2019 at 5:00 p.m. (Prevailing Pacific Time)** (the "**Bar Date**") as the last date and time for each person or entity to file a proof of claim (each a "**Proof of Claim**") with respect to a prepetition claim against the Debtors, including, without limitation, any claims resulting from or in any way

1

relating to the wildfires that occurred in Northern California in 2015, 2017, and 2018 (the "**Northern California Wildfires**[1]").  Pursuant to the Bar Date Order and all matters related thereto (a) any claim (as such term is defined in section 101(5) of the Bankruptcy Code) related to or in any way arising from the Northern California Wildfires (including any claim held by a Wildfire Subrogation Claimant) is referred to herein as a "**Wildfire Claim**"; (b) any person or entity, including any governmental entity (as defined in section 101(27) of the Bankruptcy Code, holding a Wildfire Claim (other than a Wildfire Subrogation Claimant) is referred to herein as a "**Wildfire Claimant**"; and (c) any insurance carrier having made payments to their insureds for any damages arising out of or relating to a Wildfire Claim, or any other party who has acquired by assignment or otherwise obtained an interest in a claim arising out or related to such payments, is referred to herein as a "**Wildfire Subrogation Claimant**".[2]

## WHO MUST SUBMIT A WILDFIRE PROOF OF CLAIM FORM

If you (or, in the case of a wrongful-death claim, the estate you represent) believe you have a claim against either of the Debtors for personal injury or wrongful death, property damage, or other loss resulting from or in any way relating to the Northern California Wildfires, you **MUST** file a Proof of Claim for your Wildfire Claim prior to the Bar Date in accordance with the instructions in this notice.  For your convenience, the Debtors have enclosed a customized Proof of Claim form for your Wildfire Claim depending on whether you are a Wildfire Claimant (a "**Wildfire Claimant Proof**

---

[1] The Northern California Wildfires include, but are not limited to, the following fires:  37, Adobe, Atlas, Blue, Butte, Camp, Cascade, Cherokee, Ghost Ship, Honey, La Porte, Lobo, Maacama, McCourtney, Norrbom, Nuns, Partrick, Pocket, Point, Pressley, Pythian (a.k.a. Oakmont), Redwood, Sullivan, Sulphur, and Tubbs.

[2] Notwithstanding anything herein to the contrary, for purposes of the Bar Date Order, (i) Wildfire Claims shall not include any claims of any Governmental Unit of the State of California (each, a "**California State Agency**") related to or in any way arising from the Northern California Wildfires, (ii) no California State Agency shall be included as a Wildfire Claimant, and (iii) the claims of any California State Agency may be submitted utilizing the Standard Proof of Claim Form in accordance with the procedures set forth herein.

of Claim Form") or a Wildfire Subrogation Claimant (a "**Wildfire Subrogation Claimant Proof of Claim Form**" and, together with the Wildfire Claimant Proof of Claim Form, the "**Wildfire Proof of Claim Forms**"). You **DO NOT** need to file a Wildfire Proof of Claim if you already filed a Proof of Claim in the Chapter 11 Cases that includes substantially all of the information requested in the applicable Wildfire Proof of Claim Form. All timely filed Wildfire Proof of Claim Forms shall be deemed filed against each of the Debtors.

You **MUST** file a Wildfire Proof of Claim Form even if you may be included in, or represented by, a purported class action, class suit, class Proof of Claim, or similar representative action filed against the Debtors with respect to your Wildfire Claim.

## PROCEDURES FOR FILING A WILDFIRE PROOF OF CLAIM

All Wildfire Proof of Claim Forms must be filed so as to be received on or before **October 21, 2019** at **5:00 p.m. (Prevailing Pacific Time)** as follows:

**If electronically:**
Through the website established by the Debtors' Court-approved claims and noticing agent, Prime Clerk LLC ("**Prime Clerk**"), located at www.pgewildfireinfo.com (the "**Case Website**") using the interface available under the linked entitled "Submit a Claim" (the "**Electronic Filing System**").

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**If by hand delivery:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

-or-

At one of the Debtors' Claim Service Centers located at the following PG&E locations (beginning [\_\_\_\_\_], 2019 through the Bar Date during the hours of 8:30 a.m. – 5:00 p.m. Pacific Time): (i) 350 Salem Street, Chico, CA 95928; (ii) 231 "D" Street, Marysville, CA 95901; (iii) 1567 Huntoon Street, Oroville, CA 95965; (iv) 3600 Meadow View Road, Redding, CA 96002; (v) 111 Stony Circle, Santa Rosa, CA 95401; or (vi) 1850 Soscol Ave. Ste 105, Napa, CA 94559. **Photocopy machines will not be available at the Claim Service Centers; you must bring a copy of your claim if you wish to receive a date-stamped conformed copy.**

Notwithstanding anything herein or in the Bar Date Order to the contrary, any claimant that timely files a Proof of Claim and makes a good faith effort to complete a Proof of Claim Form as set forth in the Bar Date Order, shall be permitted to revise, amend, and/or supplement their applicable Proof of Claim Form to the extent permitted by applicable law until such time as their claim is allowed or disallowed by order of the Court.

Wildfire Claimant Proof of Claim Forms will be deemed timely filed only when **actually received** at the addresses listed above or via the Electronic Filing System on or before the Bar Date. Wildfire Proof of Claim Forms may not be delivered by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System). Additional Proof of Claim Forms and instructions may be obtained from Prime Clerk at the Case Website.

All Wildfire Proof of Claim Forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency (using the exchange rate, if applicable, as of the Petition Date). All Wildfire Proof of Claim Forms must include substantially all of the information required to be provided. Pursuant to the Bar Date Order, except with respect to any Wildfire Proof of Claim Forms submitted by the United States or any California State Agency, the supporting documentation submitted in connection with Wildfire Proof of Claim Forms (including any individual claim information subsequently submitted by any Wildfire Subrogation Claimant to Prime Clerk) will remain confidential in these Chapter 11 Cases and will not be available to the general public. Copies of such information shall be provided on a confidential and professionals' eyes only basis to counsel for the Debtors, the Committees, the U.S. Trustee, and any additional parties the Court directs but only after each such party agrees to keep the information provided in the Wildfire Proof of Claim Forms confidential.

Your Wildfire Proof of Claim Form must **not** contain complete social security numbers or taxpayer identification numbers (only the last four (4) digits), a complete birth date (only the year),

the name of a minor (only the minor's initials), or a financial account number (only the last four (4) digits of such account number).

## CONSEQUENCES OF FAILING TO FILE A
## WILDFIRE PROOF OF CLAIM FORM BY THE BAR DATE

**THE DEADLINE FOR FILING WILDFIRE CLAIMS IS OCTOBER 21, 2019 AT 5:00 P.M. (PREVAILING PACIFIC TIME). ANY PERSON OR ENTITY WHO HAS A WILDFIRE CLAIM AND DOES NOT FILE A WILDFIRE PROOF OF CLAIM FORM BY THAT DATE MAY NOT BE TREATED AS A CREDITOR FOR VOTING OR DISTRIBUTION PURPOSES UNDER ANY PLAN OF REORGANIZATION AND SUCH CLAIMS MAY BE SUBJECT TO DISCHARGE. FAILURE TO FILE A WILDFIRE PROOF OF CLAIM FORM BY OCTOBER 21, 2019 MAY PREVENT SUCH PERSON OR ENTITY FROM VOTING ON ANY PLAN OF REORGANIZATION IN THESE CASES. FURTHER, IF SUCH WILDFIRE CLAIM IS DISCHARGED, THE WILDFIRE CLAIMANT OR WILDFIRE SUBROGATION CLAIMANT WILL BE FOREVER BARRED AND PREVENTED FROM ASSERTING THE WILDFIRE CLAIM AGAINST THE DEBTORS OR THEIR PROPERTY, AND MAY NOT RECEIVE ANY PAYMENT OR DISTRIBUTION IN CONNECTION WITH SUCH WILDFIRE CLAIM.**

## ADDITIONAL INFORMATION ON THE CHAPTER 11 CASES

Copies of all of the documents filed in the Chapter 11 Cases, including the Bar Date Order, the Wildfire Proof of Claim Forms, and the Schedules, can be viewed and/or obtained: (i) by accessing the Bankruptcy Court's website at http://www.canb.uscourts.gov, (ii) by contacting the Office of the Bankruptcy Clerk of the Court at 450 Golden Gate Avenue, San Francisco, CA 94102, or (iii) from Prime Clerk at the Case Website. Note that a PACER password is needed to access documents on the Bankruptcy Court's website. If you require additional information regarding this notice, you may contact Prime Clerk at (844) 627-5328 (toll free) for U.S.-based parties; or +1 (347) 226-7122 for International parties or by e-mail at: pgewildfireinfo@primeclerk.com.

**Please note that Prime Clerk cannot provide legal advice. A holder of a potential Wildfire Claim against the Debtors should consult an attorney with respect to any legal advice it believes it may need.**

Dated: ____, 2019

**<u>Exhibit B-3</u>**

**Customer Bar Date Notice**

WEIL:\97032062\3\67615.0013

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*IMPORTANT LEGAL NOTICE*

Dear PG&E Customer,

You have received this mailing because PG&E Corporation and Pacific Gas and Electric Company (collectively, "PG&E") have reached the next step in their Chapter 11 Cases: the setting of the "Bar Date." The Bar Date is the deadline by which any person or entity must file a Proof of Claim **if they believe money is owed to them by PG&E for the period <u>prior</u> to the January 29, 2019, Chapter 11 filing**. The U.S. Bankruptcy Court for the Northern District of California has set the Bar Date at **October 21, 2019 at 5:00 p.m. Prevailing Pacific Time**.

This deadline is important because, as part of the Chapter 11 process, PG&E must determine all amounts claimed to be owed to various creditors. The Bar Date and the procedures for filing Proofs of Claim apply to all claims against PG&E that arose before the filing date, January 29, 2019.

**What You Need to Know About the Bar Date**

1. **All PG&E customers are receiving this notice.** Receiving this notice does <u>not</u> mean that you have a claim or that PG&E or the Bankruptcy Court believes that you have a claim.

2. **Note that customers are <u>not</u> required to file Proofs of Claim for ordinary and customary refunds, overpayments, billing credits, deposits, or similar billing items**. Inquiries relating to these items should continue to be directed to PG&E's customer service center.

3. <u>**If you do not believe you have a claim against PG&E, you do not need to do anything in response to this Notice or return a Proof of Claim form.**</u>

4. To the extent you believe that you have a claim that arose before January 29, 2019, or that you are otherwise owed money by PG&E from before the filing date that has not been paid (other than an amount referenced in paragraph 2 above), you MUST file a proof of claim by the **October 21, 2019** Bar Date. If you fail to do so your claim may be barred and you may not receive any distribution.

5. **IF YOU BELIEVE YOU HAVE A CLAIM ARISING OUT OF OR IN ANY WAY RELATING TO THE 2015, 2017, OR 2018 NORTHERN CALIFORNIA WILDFIRES[1] YOU MUST FILE THE APPLICABLE WILDFIRE PROOF OF CLAIM FORM BY THE BAR DATE, WHICH CAN BE FOUND AT [WWW.PGECUSTOMERBARDATEINFO.COM](WWW.PGECUSTOMERBARDATEINFO.COM).**

6. If you have already submitted a claim with PG&E's claims agent, Prime Clerk, prior to receiving this notice, you do <u>not</u> need to file another Proof of Claim.

**How to File a Proof of Claim**

Enclosed is a Proof of Claim form to be used for any claims other than for claims related to the 2015, 2017, and 2018 Northern California Wildfires. As noted above, if you believe you have a claim arising out of or in any way relating to the 2015, 2018, or 2018 Northern California Wildfires, You must file the applicable Wildfire Proof of Claim Form by the Bar Date. All Proof of Claim forms (including Wildfire Claimant Proof of Claim Forms) must be filed so as to be received on or before **October 21, 2019 at 5:00 p.m. (Prevailing Pacific Time)** as follows:

---

[1] The Northern California Wildfires include, but are not limited to, the following fires: 37, Adobe, Atlas, Blue, Butte, Camp, Cascade, Cherokee, Ghost Ship, Honey, La Porte, Lobo, Maacama, McCourtney, Norrbom, Nuns, Partrick, Pocket, Point, Pressley, Pythian (a.k.a. Oakmont), Redwood, Sullivan, Sulphur, and Tubbs.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| If by first class mail: | If by hand delivery: | If electronically: |
|---|---|---|
| PG&E Corporation Claims Processing Center c/o Prime Clerk LLC Grand Central Station PO Box 4850 New York, NY 10163-4850 **If by overnight courier:** PG&E Corporation Claims Processing Center c/o Prime Clerk LLC 850 Third Avenue, Suite 412 Brooklyn, NY 11292 | PG&E Corporation Claims Processing Center c/o Prime Clerk LLC 850 Third Avenue, Suite 412 Brooklyn, NY 11232 -or- One of following PG&E locations (beginning [_____], 2019 through the Bar Date during the hours of 8:30 a.m. – 5:00 p.m. Pacific Time): (i) 350 Salem Street, Chico, CA 95928; (ii) 231 "D" Street, Marysville, CA 95901; (iii) 1567 Huntoon Street, Oroville, CA 95965; (iv) 3600 Meadow View Road, Redding, CA 96002; (v) 111 Stony Circle, Santa Rosa, CA 95401; or (vi) 1850 Soscol Ave. Ste 105, Napa, CA 94559. **Photocopy machines will not be available at the Claim Service Centers; you must bring a copy of your claim if you wish to receive a date-stamped conformed copy.** | Access the case website established by Prime Clerk, www.pgecustomerbardateinfo.com, click the "Submit a Claim" link and follow the instructions as described. |

Any claimant that timely files a Proof of Claim and makes a good faith effort to complete a Proof of Claim Form as set forth in the Bar Date Order, shall be permitted to revise, amend, and/or supplement their applicable Proof of Claim Form to the extent permitted by applicable law until such time as their claim is allowed or disallowed by order of the Court. Proof of Claim Forms will be deemed filed only when actually received at the addresses listed above or electronically on or before the Bar Date. Proof of Claim forms may not be delivered by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System on the Prime Clerk website).

**Future Notifications**

If you would like to receive further updates, you may register your email address for electronic notification of important case documents at the website maintained by Prime Clerk, at www.pgecustomerbardateinfo.com. If you require additional information regarding this notice, you may contact Prime Clerk at (844) 627-7787 (toll free) for U.S.-based parties; or +1 (347) 292-2703 for International parties or by e-mail at: pgecustomerbardateinfo@primeclerk.com. **Please note that Prime Clerk cannot provide legal advice, nor can they advise you as to whether you should file a Proof of Claim.**

---

### *About the Chapter 11 Case*

*On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company each filed a petition under Chapter 11 of the Bankruptcy Code in the U. S. Bankruptcy Court for the Northern District of California. The Chapter 11 Cases are being jointly administered under the lead case In re PG&E Corporation and Pacific Gas and Electric Company, Case No. 19-30088 (DM). To find more information on PG&E's Chapter 11 Cases, please visit http://www.pge.com/reorganization.*

*Copies of all of the documents filed in the Chapter 11 Cases, including the Bar Date Order and the Proof of Claim Form, can be viewed and/or obtained from the Debtors' notice and claims agent, Prime Clerk, at https://restructuring.primeclerk.com/pge.*

---

**[REDLINE] Revised Bar Date Order and Exhibits**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit A**

**[PROPOSED] Revised Bar Date Order**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)|
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors*
*and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**ORDER PURSUANT TO 11 U.S.C. §§ 502(b)(9) AND 105(a), FED. R. BANKR. P. 2002, 3003(c)(3), 5005, AND 9007, AND L.B.R. 3003-1 (I) ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM, (II) ESTABLISHING THE FORM AND MANNER OF NOTICE THEREOF, AND (III) APPROVING PROCEDURES FOR PROVIDING NOTICE OF BAR DATE AND OTHER INFORMATION TO ALL CREDITORS AND POTENTIAL CREDITORS** |

Case: 19-30088    Doc# 2646-1    Filed: 06/19/19    Entered: 06/19/19 15:11:15    Page 60 of 126

Upon the Motion, dated May 1, 2019 [Docket No. #1784] (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 502(b)(9) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 3003(c)(3), 5005, and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3003-1 of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for entry of an order (i) establishing deadlines for filing proofs of claim, (ii) establishing the form and manner of notice thereof, and (iii) approving the Debtors' plan for providing notice of the Bar Date and other important deadlines and information to all creditors and potential creditors, including publication and other supplemental noticing procedures, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration (as amended on February 2, 2019 [Docket No. 263]), the Orsini Declaration, ~~and~~ the Prime Clerk Declarations, the Supplemental Waisman Declaration, the Finegan Declaration; and

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

2

Weil, Gotshal & Manges LLP
767 Fifth Avenue

various statements, objections, and responses to the Motion (and joinders to such statements, objections, and responses) having been filed [Docket Nos. 2043, 2238, 2239, 2240, 2242, 2248, 2256, 2306, 2307, 2308, 2316, 2321, 2324, 2326, 2346, and 2453] (each, an "**Objection**" and, collectively, the "**Objections**"); and the Debtors having filed their Omnibus Reply in support of the Motion [Docket No. _____] (the "**Reply**"), which incorporates, *inter alia*, certain amendments and revisions to the Order, the Notice Procedures (including the Supplemental Notice Plan), the Bar Date Notices, and the Proof of Claim Forms; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT:

1.      The Motion (as modified in accordance with the Reply) is granted as provided herein and any Objections that remain outstanding or unresolved are hereby overruled.

2.      The Notice Procedures (, including the Supplemental Notice Plan), are hereby approved and the Debtors are authorized to provide notice of the Bar Date as set forth in the Motion (as modified in accordance with the Reply) and this Order.

3.      The following procedures for filing Proofs of Claim are approved:

(a)      Except as otherwise noted herein, the Bar Date for filing all Pproofs of Claim in the Chapter 11 Cases (of claim (each, a "**Proof of Claim**") in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including all claims of Wildfire Claimants[2],

---

[2] For purposes of this Order, and all matters related thereto (a) any claim (as such term is defined in section 101(5) of the Bankruptcy Code) related to or in any way arising from the wildfires that occurred in Northern California in 2015, 2017, and 2018 (the "**Northern California Wildfires**"),

3

Weil, Gotshal & Manges LLP
767 Fifth Avenue

Wildfire Subrogation Claimants, Governmental Units, and Customers) shall be **September 16**, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors shall be **October 21**, 2019 at **5:00 p.m.** (**Prevailing Pacific Time**).

(b) **Standard Proof of Claim Forms (which include Proofs of Claim to be filed by any Customers or Governmental Units (other than a Proof of Claim filed by a Governmental Unit on account of a Wildfire Claim))** must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the Standard Proof of Claim Form annexed to the Motion hereto as **Exhibit C A-1** or Official Bankruptcy Form No. 410;² ³ (iv) specify by name and case number the Debtor against which the Standard Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.⁴

(c) **Wildfire Claimant Proof of Claim Forms** must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the Wildfire Proof of Claim Form annexed to the Motion hereto as **Exhibit C A-2**; (iv) set forth with specificity the legal and factual basis for the alleged claim,

Claim"; (b) any person or entity, including any Governmental Unit, holding a Wildfire Claim (other than a Wildfire Subrogation Claimant) is referred to herein as a "**Wildfire Claimant**"; and (c) any insurance carrier having made payments to their insureds for any damages arising out of or relating to a Wildfire Claim, or any other party who has acquired by assignment or otherwise obtained an interest in a claim arising out or related to such payments, is referred to herein as a "**Wildfire Subrogation Claimant**". The Northern California Wildfires include, but are not limited to, the following fires: 37, Adobe, Atlas, Blue, Butte, Camp, Cascade, Cherokee, Ghost Ship, Honey, La Porte, Lobo, Maacama, McCourtney, Norrbom, Nuns, Partrick, Pocket, Point, Pressley, Pythian (a.k.a. Oakmont), Redwood, Sullivan, Sulphur, and Tubbs.

²³ Official Bankruptcy Form No. 410 can be found at http://www.uscourts.gov/forms/bankruptcy-forms/proof-claim-0, the Official Website for the United States Bankruptcy Courts. A Proof of Claim Form that has been customized for these Chapter 11 Cases can also be obtained on the website established in these Chapter 11 Cases, https://restructuring.primeclerk.com/pge/ (the "**Case Website**").

⁴ For the avoidance of doubt, Wildfire Claimants and Wildfire Subrogation Claimants may separately file Standard Proof of Claim Form(s) to assert any additional claims against the Debtors other than any additional Wildfire Claims.

Weil, Gotshal & Manges LLP
767 Fifth Avenue

4

including substantially all of the information requested in the Wildfire Claimant Proof of Claim Form; and (v) be signed by the Wildfire Claimant or, if the Wildfire Claimant is not an individual, by an authorized agent of the Wildfire Claimant.

(d) **Wildfire Subrogation Claimant Proof of Claim Forms** must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the Wildfire Subrogation Claimant Proof of Claim Form annexed ~~to the Motion~~hereto as **Exhibit ~~C~~-A-3**; (iv) set forth with specificity the legal and factual basis for the alleged claim, including substantially all of the information requested in the Wildfire Subrogation Claimant Proof of Claim Form; and (v) be signed by an authorized agent of the Wildfire Subrogation Claimant.

(e) Any holder of a Wildfire Claim ~~that has either (i) filed a lawsuit against the Debtors prior to the Petition Date or (ii) filed a Proof of Claim in the Chapter 11 Cases prior to the entry of this Order, must submit the applicable Wildfire Proof of Claim Form. Any holder of a Wildfire Claim must file the applicable Wildfire~~must file a Proof of Claim Form even if such claimant may be included in, or represented by, a purported class action, class suit, class Proof of Claim, or similar representative action filed against the Debtors with respect to such claimant's Wildfire Claim.

(f) If a claimant asserts a claim against more than one Debtor or has claims against different Debtors, the claimant must file a separate Proof of Claim against each Debtor. All timely filed Wildfire Proof of Claim Forms and Wildfire Subrogation Proof of Claim Forms will be deemed filed against both PG&E Corp. and the Utility (without prejudice to the Debtors' right to assert that any such claim should be allowed only as to one of the Debtors).

(g) All Proofs of Claim must be filed either (i) electronically through Prime Clerk's website using the interface available on the Case Website under the link entitled "Submit a Claim" (the "**Electronic Filing System**") or (ii) by delivering the original Proof of Claim form by hand, or mailing the original Proof of Claim form so that is received on or before the Bar Date as follows:

If by first class mail:

PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

5

Weil, Gotshal & Manges LLP
767 Fifth Avenue

If by overnight courier:

PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

If by hand delivery:

PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

-or-

At one of the Debtors' Claim Service Centers located at the following PG&E locations (beginning [_____], 2019 through the Bar Date during the hours of 8:30 a.m. – 5:00 p.m. Pacific Time): (i) 350 Salem Street, Chico, CA  95928; (ii) 231 "D" Street, Marysville, CA 95901; (iii) 1567 Huntoon Street, Oroville, CA 95965; (iv) 3600 Meadow View Road, Redding, CA 96002; (v) 111 Stony Circle, Santa Rosa, CA 95401; or (vi) 1850 Soscol Ave. Ste 105, Napa, CA 94559.

(h)     A Proof of Claim Form shall be deemed timely filed only if it is **actually received** by Prime Clerk (i) at the addresses listed above in subparagraph (g) or (ii) electronically through the Electronic Filing System on or before the Bar Date.

(i)     Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System) **will not** be accepted.

(j)     Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a claim that arises from or relates to the rejection of an executory contract or unexpired lease must file a Standard Proof of Claim Form based on such rejection by the later of (i) the Bar Date, and (ii) the date that is thirty (30) days following the entry of the Court order approving such rejection, (which order may be the order confirming a chapter 11 plan in the Debtors' Chapter 11 Cases) or be forever barred from doing so.

(k)     Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts

6

accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a ~~rejection damages claim~~ claim for damages that arises from or relates to the rejection of the executory contract or unexpired lease) must file a Standard Proof of Claim Form for such amounts on or before the Bar Date unless an exception identified in paragraph (o) below applies.

(l)     In the event that the Debtors amend or supplement their Schedules subsequent to the date of entry of this Order, the Debtors shall give notice of any amendment or supplement to the holders of claims or interests affected thereby and reasonably sufficient information to identify the affected claimants and for such claimants to determine the nature of the amendment or supplement, and such holders shall have until the later of (i) the Bar Date and (ii) thirty (30) days from the date of such notice to file a Proof of Claim or be barred from doing so and shall be given notice of such deadline.

(m)     Any person or entity that relies on the Schedules has the responsibility to determine that its claim is accurately listed in the Schedules.

(n)     Notwithstanding anything herein to the contrary, any person asserting a claim arising under section 503(b)(9) of the Bankruptcy Code ("**503(b)(9) Claims**") against any Debtor shall be required to file such claim by the deadline established in the Court's *Amended Order Pursuant to 11 U.S.C. §§ 503(b)(9) and 105(a) Establishing Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9)* [Docket No. 724], and nothing herein shall be deemed to amend, modify, extend, or toll the deadlines and procedures with respect to the filing of 503(b)(9) Claims set forth therein.

(o)     The following persons or entities are **not** required to file a Proof of Claim on or before the Bar Date, solely with respect to the claims described below:

(1)     any person or entity whose claim is listed on the Schedules; *provided* that (i) the claim or interest is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim or interest is listed in the Schedules;

(2)     any person or entity whose claim has been paid in full;

Weil, Gotshal & Manges LLP
767 Fifth Avenue

(3)     any holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any party asserting a 503(b)(9) Claim as set forth in paragraph (n) above);

(4)     any person or entity who holds a claim that heretofore has been allowed by Order of this Court entered on or before the Bar Date;

(5)     any holder of a claim for which a separate deadline has been fixed by this Court;

(6)     any person or entity (other than the holder of a Wildfire Claim) who has already filed a Proof of Claim with Prime Clerk against the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the Standard Proof of Claim Form or Official Form No. 410[3];

(7)     any person or entity that holds an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; *provided, however,* that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Standard Proof of Claim must be filed on or before the Bar Date;

(8)     any person or entity whose claim is limited exclusively to the repayment of principal, interest, and other fees and expenses under any agreements (a "**Debt Claim**") governing any prepetition, unsecured revolving credit loan, term loan, notes, bonds, debentures, or other debt securities, in each case, issued by or on behalf of any of the Debtors (collectively, the "**Debt Instruments**"); *provided, however*, that (i) the foregoing exclusion shall not apply to the indenture trustee, owner trustee, pass-through trustee, subordination agent, registrar, paying agent, administrative, loan or collateral agent, or any other entity serving in a similar capacity however designated (collectively, an "**Indenture Trustee**") under the applicable Debt Instrument, (ii) each such Indenture Trustee shall be

---

[3] Pursuant to paragraph 3(e) above, any holder of a Wildfire Claim (including any Wildfire Subrogation Claimant) that already has filed a Proof of Claim nevertheless shall be required to file another timely Proof of Claim by the Bar Date in the form of the applicable Wildfire Proof of Claim Form.

8

Weil, Gotshal & Manges LLP
767 Fifth Avenue

required to file a Standard Proof of Claim against the applicable Debtor, on or before the Bar Date, on account of all Debt Claims against such Debtor under the applicable Debt Instrument; *provided, however*, that an Indenture Trustee will be permitted, in lieu of attaching voluminous documentation, to file with its Proof of Claim a summary of the applicable Indenture and other operative documents, on the condition that such documents will be made available by the Indenture Trustee within ten (10) business days after receipt of a written request from a party in interest, and (iii) any holder of a Debt Claim that has a claim arising out of or relating to a Debt Instrument other than a Debt Claim must file a Standard Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies;

(9)  any person or entity whose claim against the Utility arises solely from amounts due to the California Independent System Operator Corporation ("**CAISO**"), California Power Exchange Corporation ("**PX**") and/or various market participants based on purchases or sales of electricity, capacity, or ancillary services by the Utility and other market participants in markets operated by the CAISO and the PX that are subject to determination by the Federal Energy Regulatory Commission ("**FERC**") in refund proceedings bearing FERC Docket Nos. EL00-95-000 and EL00-98-000 and related sub-dockets, and any amounts due under any settlement agreements, allocation agreements, escrow agreements, letter agreements, other written agreements, or court orders (including orders entered in the chapter 11 case styled In re California Power Exchange Corporation, Case No. LA 01-16577 ES) that expressly relate thereto;

(10)  (9) any Customer whose claim is limited exclusively to ordinary and customary refunds, overpayments, billing credits, deposits, or similar billing items; or

(11)  (10) either Debtor having a claim against the other Debtor in these Chapter 11 Cases.; or

(12)  any person or entity who holds a claim for personal injury or property damages solely to the extent that such claim arises from an event that occurred after January 29, 2019.

4.  Notwithstanding anything herein to the contrary, any claimant that timely files a Proof of Claim and makes a good faith effort to complete a Proof of Claim Form as set forth

9

Weil, Gotshal & Manges LLP
767 Fifth Avenue

herein, shall be permitted to revise, amend, and/or supplement their applicable Proof of Claim Form to the extent permitted by applicable law until such time as their claim is allowed or disallowed by order of the Court.

5. Notwithstanding anything herein to the contrary, for purposes of this Order, (i) Wildfire Claims shall not include any claims of any Governmental Unit of the State of California (each, a "**California State Agency**") related to or in any way arising from the Northern California Wildfires, (ii) no California State Agency shall be included as a Wildfire Claimant, and (iii) the claims of any California State Agency may be submitted utilizing the Standard Proof of Claim Form in accordance with the procedures set forth herein and otherwise applicable law.

6. 4. The Except with respect to any Wildfire Proof of Claim Forms submitted by the United States and any California State Agency, the supporting documentation submitted in connection with Wildfire Proof of Claim Forms (including any individual claim information subsequently submitted by any Wildfire Subrogation Claimant to Prime Clerk) shall remain confidential in these Chapter 11 Cases and shall not be made available to the general public. Copies of such information shall be provided on a confidential and professionals' eyes only basis to counsel for the Debtors, the Committees, the U.S. Trustee, and any additional parties the Court directs but only after each such party agrees to keep the information provided in the Wildfire Proof of Claim Forms confidential.

7. 5. Pursuant to Bankruptcy Rule 3003(c)(2), but subject to Paragraph 4 of this Order, all holders of claims, including Wildfire Claimants, Wildfire Subrogation Claimants, and Customers, that fail to comply with this Order by timely filing a Proof of Claim in the appropriate form shall (i) be forever barred, estopped, and enjoined from asserting such claims against the Debtors, their property, or their estates (or submitting a Proof of Claim with respect thereto) and

10

Weil, Gotshal & Manges LLP
767 Fifth Avenue

~~(ii)~~accordance with this Order shall not be treated as a creditor with respect to such claim (as defined in section 101(5) of the Bankruptcy Code) for the purposes of voting and distribution with respect to any chapter 11 plan or plans of reorganization that may be filed in these Chapter 11 Cases.

*Procedures for Mailing of the Bar Date Notices*

8. ~~6.~~ **The Standard Bar Date Notice.** At least **ninety-five (95) days** prior to the Bar Date, the Debtors shall cause to be mailed at their last known address as reflected in the Debtors' records (i) a Standard Proof of Claim Form, and (ii) the Standard Bar Date Notice, substantially in the form annexed hereto as **Exhibit B-1,** on the following parties:

    (a)    The Office of the United States Trustee for Region 17;

    (a)    the attorneys for the Committees;

    (b)    all parties actually known to the Debtors as having claims or potential claims against either of the Debtors (but excluding holders of Wildfire Claims) which, for the avoidance of doubt, excludes any person or entity that holds an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred units, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest;

    (c)    all persons or entities that have filed Proofs of Claims as of the date of entry of this Order;

    (d)    all counterparties to the Debtors' executory contracts and unexpired leases as of the date of entry of this Order;

    (e)    all parties to pending litigation against the Debtors as of the date of entry of this Order (other than holders of Wildfire Claims);

    (f)    all current and former employees, directors, and officers (to the extent that contact information for former employees, directors, and officers is available in the Debtors' records);

    (g)    all regulatory authorities that regulate the Debtors' businesses as of the date of entry of this Order;

    (h)    the Offices of the California Attorney General and the U.S. Attorney for the Northern District of California;

11

Weil, Gotshal & Manges LLP
767 Fifth Avenue

Weil, Gotshal & Manges LLP
767 Fifth Avenue

(i)  the office of the attorney general for each state in which the Debtors maintain or conduct business;

(j)  the District Director of the Internal Revenue Service for the District of California;

(k)  all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

(l)  all parties who have requested notice pursuant to Bankruptcy Rule 2002 as of the date of entry of this Order; and

(m)  such additional persons and entities deemed appropriate by the Debtors.

9. 7. **The Wildfire Claim Bar Date Notice**.  At least **ninety-five (95) days** prior to the Bar Date, the Debtors shall cause to be mailed to all Known Wildfire Claimants at the address for the attorney of record set forth in the complaint initiating such Known Wildfire Claimant's prepetition action (or other document or correspondence notifying the Debtors of an intention to commence a prepetition action) (i) the Wildfire Claim Bar Date Notice, substantially in the form annexed hereto as **Exhibit B-2**, and (ii) a Wildfire Claimant Proof of Claim Form or Wildfire Subrogation Claimant Proof of Claim Form, as applicable.

10. 8. **The Customer Bar Date Notice**.  At least **ninety-five (95) days** prior to the Bar Date, the Debtors shall cause to be mailed to all Customers at their last known address as reflected in the Debtors' records (i) a Standard Proof of Claim Form, and (ii) the Customer Bar Date Notice, substantially in the form annexed hereto as **Exhibit B-3**.

11. 9. The Debtors shall post each of the Standard Bar Date Notice, the Wildfire Claim Bar Date Notice, and the Customer Bar Date Notice on the Case Website.

***The Supplemental Notice Plan***

12. 10. The Supplemental Notice Plan is hereby approved and the Debtors are authorized to implement the components of the Supplemental Notice Plan as set forth in the Motion (as modified in accordance with the Reply).

12

13. 11. In addition to the other provisions of the Supplemental Notice Plan (as modified in accordance with the Reply) which are hereby approved, the Debtors shall publish notice of the Bar Date, with any necessary modifications for ease of publication, three times in each of the *Wall Street Journal, USA Today, the Los Angeles Times, San Francisco Chronicle, The Bakersfield Californian, The Fresno Bee, The Modesto Bee, The Sacramento Bee, The Santa Rosa Press Democrat, The San Jose Mercury News, The East Bay Times, The Stockton Record, the Paradise Post, and the Chico Enterprise-Record.*

14. 12. The Notice Procedures, including the Supplemental Notice Plan (as modified in accordance with the Reply), including, without limitation, the publication of the Bar Date Notice as set forth in this Order), are reasonably calculated to provide notice of the Bar Date to known and unknown creditors and parties in interest, including Known Wildfire Claimants and Unknown Wildfire Claimants, and no other or further notice shall be required.

15. 13. Nothing contained in this Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

16. Nothing contained in this Order shall constitute a waiver of the right of any party in interest to dispute the Debtors' designation of any contract, program, policy, lease, or any other document or agreement as an executory contract or unexpired lease governed by section 365 of the Bankruptcy Code.

17. 14. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

13

Weil, Gotshal & Manges LLP
767 Fifth Avenue

18. 15. The Debtors and Prime Clerk are authorized to take all steps necessary or appropriate to carry out this Order.

19. 16. Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of claims **not** subject to the Bar Date established herein must file such claims against the Debtors or be forever barred from so doing.

20. 17. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

14

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## United States Bankruptcy Court, Northern District of California

**Fill in this information to identify the case (Select only one Debtor per claim form):**

☐ PG&E Corporation (19-30088)

☐ Pacific Gas and Electric Company (19-30089)

Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

**Part 1:  Identify the Claim**

| | |
|---|---|
| 1. **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor _____ |
| 2. **Has this claim been acquired from someone else?** | ☐ No <br> ☐ Yes.  From whom? _____ |

3. **Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| | |
| Contact phone _____ | Contact phone _____ |
| Contact email _____ | Contact email _____ |

| | |
|---|---|
| 4. **Does this claim amend one already filed?** | ☐ No <br> ☐ Yes.  Claim number on court claims registry (if known) _____     Filed on _____ <br> MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No <br> ☐ Yes.  Who made the earlier filing? _____ |

Case: 19-30088    Doc# 2646-1    Filed: 06/19/19    Entered: 06/19/19 15:11:15    Page 75 of 126

6. **Do you have any number you use to identify the debtor?**
☐ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

7. **How much is the claim?**    $_____. **Does this amount include interest or other charges?**
☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**    Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

9. **Is all or part of the claim secured?**
☐ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $_____
**Amount of the claim that is secured:**    $_____
**Amount of the claim that is unsecured:**    $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed)_____%
☐ Fixed
☐ Variable

10. **Is this claim based on a lease?**
☐ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

11. **Is this claim subject to a right of setoff?**
☐ No
☐ Yes. Identify the property: _____

Case: 19-30088    Doc# 2646-1    Filed: 06/19/19    Entered: 06/19/19 15:11:15    Page 76 of 126

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). — $ _____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). — $ _____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). — $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). — $ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). — $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. — $ _____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:   Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
First name          Middle name          Last name

Title _____

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
Number          Street

_____
City          State     ZIP Code

Contact phone _____     Email _____

# Instructions for Proof of Claim

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as January 29, 2019.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.primeclerk.com/pge.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Please send completed Proof(s) of Claim to:**

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also hand deliver your completed Proof(s) of Claim to any of the following service center offices (during the hours of 8:30 a.m. – 5:00 p.m. Pacific Time):**

Chico Service Center
350 Salem Street
Chico, CA 95928

Marysville Service Center
231 "D" Street
Marysville, CA 95901

Napa Service Center
1850 Soscol Ave. Ste 105
Napa, CA 94559

Oroville Service Center
1567 Huntoon Street
Oroville, CA 95965

Redding Service Center
3600 Meadow View Road
Redding, CA 96002

Santa Rosa Service Center
111 Stony Circle
Santa Rosa, CA 95401

**Photocopy machines will not be available at the Claim Service Centers; you must bring a copy of your claim if you wish to receive a date-stamped conformed copy.**

**Do not file these instructions with your form**

**Exhibit A-2**

**Wildfire Claimant Proof of Claim Form**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)**

| | |
|---|---|
| In re:<br>    **PG&E CORPORATION,**<br>    **- and -**<br>    **PACIFIC GAS AND ELECTRIC**<br>    **COMPANY,**<br>                           **Debtors.** | **Bankruptcy Case**<br>**No. 19-30088 (DM)**<br><br>**Chapter 11**<br>**(Lead Case)**<br>**(Jointly Administered**) |

# Proof of Claim (Wildfire Related)

Read the instructions before filling out this form. This form is for asserting <u>general unsecured claims</u> based on damages or losses resulting from a wildfire.

> Do not use this form to assert any other pre-petition claims, including secured claims or claims entitled to priority under 11 U.S.C. § 507(a). Secured claims, claims entitled to priority under 11 U.S.C. § 507(a) and non-wildfire related claims should be filed on Form 410, available on https://restructuring.primeclerk.com/pge.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. ~~You may attach~~Attach redacted copies of any documents that support the claim, but you are not required to do so at this time. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of January 29, 2019, except where otherwise specified.**

| Part 1: | Identify the Claim | | |
|---|---|---|---|

| | | | |
|---|---|---|---|
| 1. | **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor | |
| 2. | **Has this claim been acquired from someone else?** | ☐ No<br>☐ Yes. From whom? _____ | |
| 3. | **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Name _____<br><br>Number         Street<br><br>City              State          ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ | **Where should payments to the creditor be sent?** (if different)<br><br>Name _____<br><br>Number         Street<br><br>City              State          ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ |
| 4. | **Does this claim amend one already filed?** | ☐ No<br>☐ Yes.  Claim number on court claims registry (if known)_____ | Filed on _____<br>MM  / DD   / YYYY |
| 5. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No<br>☐ Yes. Who made the earlier filing? _____ | |

**Part 2:** Attorney Information (Optional)

6. **Who represents you in this matter?**

You do not need an attorney to file this form

Who represents you in this matter?

_____
Law Firm Name

_____
Attorney Name

_____
Number          Street

_____
City                         State              ZIP Code

Contact phone _____  Contact email _____

**Part 3:** Give Information About the Claim as of the Date the Case Was Filed

Proof of Claim (Wildfire Related)                                    Page 2

**7. Which fire is ~~the basis of~~ relevant to your claim?**

~~Check all that apply.~~ ~~Please select one fire per claim form. If you have separate claims for multiple events, please submit a separate claim for each event.~~

- ☐ ~~37~~
- ☐ ~~Adobe~~
- ☐ ~~Atlas~~
- ☐ ~~Blue~~
- ☐ Camp Fire (2018)
- ☐ North Bay Fires (2017)
- ☐ Ghost Ship Fire (2016)
- ☐ Butte Fire (2015)
- ☐ ~~Camp~~
- ☐ ~~Cascade~~
- ☐ ~~Cherokee~~
- ☐ ~~Honey~~
- ☐ ~~La Porte~~
- ☐ ~~Lobo~~
- ☐ ~~Maacama~~
- ☐ ~~McCourtney~~
- ☐ ~~Norrbom~~
- ☐ ~~Nuns~~
- ☐ ~~Partrick~~
- ☐ ~~Pocket~~
- ☐ ~~Point~~
- ☐ ~~Pressley~~
- ☐ ~~Pythian (a.k.a Oakmont)~~
- ☐ ~~Redwood~~
- ☐ ~~Sulphur~~
- ☐ ~~Tubbs~~

- ☐ ~~Unknown~~ Other (please provide date and brief description of fire:

  _____
  _____
  _____

- ☐
- ☐ ~~Other:~~  _____

**8. What is(are) the loss location(s) where you suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if**

Location(s):
_____
_____
_____
_____

**different)?**

| | |
|---|---|
| **9. How were you harmed?**<br><br>(Check all that apply) | ☐ Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)<br>    ☐ Owner<br>    ☐ Renter<br>    ☐ Occupant<br>    ☐ Other (Please specify): _____<br>☐ Personal Injury<br>☐ Wrongful Death<br>☐ Business Loss/Interruption<br>☐ Lost wages and earning capacity<br>☐ Loss of community and essential services<br>☐ Agricultural loss<br>☐ Other (Please specify): _____ |
| **10. What damages are you claiming/seeking?**<br><br>(Check all that apply) | ☐ Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)<br>☐ Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)<br>☐ Punitive, exemplary, and statutory damages<br>☐ Attorney's fees and litigation costs<br>☐ Interest<br>☐ Any and all other damages recoverable under California law<br>☐ Other (Please specify): _____ |
| **11. How much is the claim?** | $ _____ or<br>☐ Unknown |

_____

8. **Is all or part of the claim based on property owned or rented and was affected by the 2017 or 2018 fires?**

*Note: It is unlawful to engage in insurance fraud in the State of California. Insurance fraud includes knowingly presenting multiple claims for the same loss or injury with an intent to defraud. See Cal. Penal Code § 550.*

☐ No

☐ Yes. This is a property related claim. As to each of the categories of claims set forth below, attach copies of the documents supporting the claim, such as proof of ownership (titles, deeds), property appraisals, insurance documents or lease/rental agreements and complete below for each property related claim types that apply (Loss of Residence/Structure Claim, Personal Property Claim, Other Property Claim).

☐ **Loss of Residence/Structure Claim**

Property Address: _____

_____

Do you intend to rebuild?
☐ No.
☐ Yes.

How much is the claim? $_____ or

☐ Unknown

Was the property on the market for sale at the time of the fire?
☐ No.
☐ Yes. What was the asking price? $_____

☐ **Personal Property Claim**

Type of Property:
☐ Personal contents (e.g., furniture, appliances)
☐ Business contents (e.g., fixtures, equipment)
☐ Auto/Motor Vehicle
☐ Other. Describe: _____

How much is the claim? $_____ or

☐ Unknown

☐ **Other Property Claim**

Please Describe the Property:

_____

How much is the claim? $_____ or

☐ Unknown

Is (Are) the above claim(s) covered by insurance?
☐ No.
☐ Yes. Fill out the information below.

Who is (are) the insurance company(ies)? _____

_____

What property (e.g., structure, personal property, other) is(are) covered by insurance? _____

_____

What is the total amount of insurance coverage with respect to this (these) property-related claim(s)? $_____

How much in insurance proceeds, if any, have you received (to date) with respect to this (these) property-related claim(s)? $_____

**Proof of Claim (Wildfire Related)**                     **Page 5**

9. **Is all or part of the claim based on business/economic loss?** (e.g., lost profits, lost wages, loss of goodwill)

*Note: It is unlawful to engage in insurance fraud in the State of California. Insurance fraud includes knowingly presenting multiple claims for the same loss or injury with an intent to defraud. See Cal. Penal Code § 550.*

☐ No

☐ Yes. This is a business/economic loss claim. Attach copies of the documents supporting the claim, such as proof of operation at time of fire, federal tax returns for the two years preceding the fire, monthly/annual profit and loss statements or W-9 forms, and complete below.

Name of Business: _____

Business Address: _____

How much is the claim? $_____ or
☐ Unknown

Basis of claim:

_____

_____

Is the claim covered by insurance?
☐ No.
☐ Yes. Fill out the information below.

Who is the insurance company? _____

What is the total amount of insurance coverage with respect to this claim? $_____

How much in insurance proceeds, if any, have you received (to date) with respect to this claim? $_____

10. **Is all or part of the claim based on wrongful death?**

☐ No

☐ Yes. This is a wrongful death claim. Attach copies of the documents supporting the claim, such as identifying information (U.S. passport, driver's license), death certificate, copy of autopsy findings or insurance benefit summaries, and complete below.

Decedent name: _____

Creditor's relationship to Decedent: _____

11. **Is all or part of the claim based on personal injury?** (e.g., physical injury, emotional distress)

☐ No

☐ Yes. This is a personal injury claim. Attach copies of any documents supporting this claim, such as hospital records reflecting date and nature of injury, physician office visit records or insurance benefit summaries, and complete below.

*Note: It is unlawful to engage in insurance fraud in the State of California. Insurance fraud includes knowingly presenting multiple claims for the same loss or injury with an intent to defraud. See Cal. Penal Code § 550.*

Injured Name: _____

Where was the injured person located when the injury occurred? _____

When the injury occurred (for claims asserting emotional distress, please also include estimated date and time of injury) _____

How much is the claim? $_____ or

☐ Unknown

Nature of the injury:

_____

_____

Is the claim covered by insurance?

☐ No.

☐ Yes. Fill out the information below.

Who is the insurance company? _____

What is the total amount of insurance coverage with respect to this claim? $_____

How much in insurance proceeds, if any, have you received (to date) with respect to this claim? $_____

12. **Is all or part of the claim based on any other reason not listed in questions 8 through 11 above?**

☐ No

☐ Yes. Attach copies of any documents supporting this claim, and complete below.

*Note: It is unlawful to engage in insurance fraud in the State of California. Insurance fraud includes knowingly presenting multiple claims for the same loss or injury with an intent to defraud. See Cal. Penal Code § 550.*

How much is the claim? $_____ or

☐ Unknown

Basis of Claim:

_____

_____

Is the claim covered by insurance?

☐ No.

☐ Yes. Fill out the information below.

Who is the insurance company? _____

What is the total amount of insurance coverage with respect to this claim? $_____

How much in insurance proceeds, if any, have you received (to date) with respect to this claim? $_____

Proof of Claim (Wildfire Related)                                    Page 7

| Part 4: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐   I am the creditor.

☐   I am the creditor's attorney or authorized agent.

☐   ~~I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.~~

☐   ~~I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.~~

~~I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.~~

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____(mm/dd/yyyy)

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
        First name          Middle name          Last name

Title _____

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
        Number     Street

# Instructions for Proof of Claim (Wildfire Related)

United States Bankruptcy Court

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of January 29, 2019.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

**You may attach**

- ~~**Attach** any supporting documents to this form.~~ You may, but are not required at this time, attach
- ~~**Attach**~~ redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.) Supporting documents shall be gathered, maintained and provided at a later date as instructed by the Court.

- **Do not attach original documents because attachments may be destroyed after scanning.**

- ~~**If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**~~

- **A** *Proof of Claim* **form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

- **Question 8.** If you suffered property damage, then provide the street address of each real property parcel where you suffered property damage. If you were personally evacuated as the result of a fire, then provide the address or intersection closest to where you encountered the fire and began evacuation. If you suffered property damage and were evacuated from a different location, include both. If you were a renter, provide the address of your residence.

- **Question 9.** This question requests general statements of underlying facts relating to harm and is not intended to be exhaustive or preclusive.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.primeclerk.com/pge.

### Understand the terms used in this form

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. In this instance, PG&E Corporation and Pacific Gas & Electric Company. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

~~Secured claim under 11 U.S.C. § 506(a):~~ ~~A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).~~

~~Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.~~

~~Unsecured claim:~~ ~~A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.~~

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Please send completed Proof(s) of Claim to:**

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery**:
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also hand deliver your completed Proof(s) of Claim to any of the following service center offices (during the hours of 8:30 a.m. – 5:00 p.m. Pacific Time):**

Chico Service Center
350 Salem Street
Chico, CA 95928

Marysville Service Center
231 "D" Street
Marysville, CA 95901

Napa Service Center
1850 Soscol Ave. Ste 105
Napa, CA 94559

Oroville Service Center
1567 Huntoon Street
Oroville, CA 95965

Redding Service Center
3600 Meadow View Road
Redding, CA 96002

Santa Rosa Service Center
111 Stony Circle
Santa Rosa, CA 95401

**Photocopy machines will not be available at the Claim Service Centers; you must bring a copy of your claim if you wish to receive a date-stamped conformed copy.**

### Do not file these instructions with your form

**<u>Exhibit A-3</u>**

**Wildfire Subrogation Claimant Proof of Claim Form**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)**

| | |
|---|---|
| In re:<br><br>    PG&E CORPORATION,<br>    - and -<br>    PACIFIC GAS AND ELECTRIC<br>    COMPANY,<br><br>                    Debtors. | **Bankruptcy Case**<br>**No. 19-30088 (DM)**<br><br>**Chapter 11**<br>**(Lead Case)**<br>**(Jointly Administered**) |

# Proof of Claim (Wildfire Related – Subrogation Insurers)

**Read the instructions before filling out this form.**

> This form is for Subrogation Insurers to assert <u>general unsecured claims</u> based on amounts paid or reserved for damages or losses resulting from a wildfire.  Do not use this form to assert any other pre-petition claims.
>
> Include the aggregate total estimated amount of all insurance subrogation claims, across all individual policies, held by a single creditor on this Proof of Claim.
>
> Complete Attachment 1, substantially in the form provided, to provide detailed information about each of the individual claims that are included in the aggregate total estimated amount shown on this Proof of Claim, to the extent the information is maintained in the ordinary course of business.  When submitting Attachment 1, please provide definitions or explanations of all defined terms used therein.
>
> Signing this form constitutes an acknowledgement that you will provide additional support documentation for each individual claim on a confidential and professionals' eyes only basis to counsel for the Debtors, the U.S. Trustee, any Statutory Committee appointed in these cases, and any additional parties the Court directs but only after each such party agrees to keep the information provided confidential, which support documentation shall be kept confidential and not filed with the Court unless under seal or with the express written consent of the undersigned creditor.
>
> **Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. **Fill in all the information about the claim as of January 29, 2019, except where otherwise specified.**

| **Part 1:** | **Identify the Claim** |
|---|---|

| | |
|---|---|
| 1.  **Is this proof of claim being filed on behalf of one or multiple creditors (i.e., other affiliated insurance companies)?** | ☐ One creditor<br><br>☐ More than one creditor |
| 2.  **Who is (are) the current creditor(s)? For more than ten creditors, please attach separate schedule.** | Name of Creditor 1 _____ Name of Creditor 2 _____<br><br>Name of Creditor 3 _____ Name of Creditor 4 _____<br><br>Name of Creditor 5 _____ Name of Creditor 6 _____<br><br>Name of Creditor 7 _____ Name of Creditor 8 _____<br><br>Name of Creditor 9 _____ Name of Creditor 10 _____ |
| 3.  **Are the creditor(s) part of one Carrier Group?** (See definition of Carrier Group in the attached instructions)carrier group? | ☐ No<br><br>☐ Yes. Identify the group: _____ |
| 4.  **Has this subrogation claim been acquired from someone else other than the underlying insured?**  ?<br>(See question 109) | ☐ No<br><br>☐ Yes. From whom? _____<br>═══ |

| 5. | Where should notices and payments to the Creditor(s) be sent? | Where should notices to the creditor(s) be sent? | Where should payments to the creditor(s) be sent? (if different) |
|---|---|---|---|

**5.** **Where should notices and payments to the Creditor(s) be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor(s) be sent?**

Name

Number     Street

City                    State        ZIP Code

Contact phone _____

Contact email _____

**Where should payments to the creditor(s) be sent?** (if different)

Name

Number     Street

City                    State        ZIP Code

Contact phone _____

Contact email _____

---

**6.** **Does this claim amend one already filed?**

☐ No

☐ Yes.   Claim number on court claims registry (if known)_____     Filed on _____

                                                                                            MM   /  DD   /  YYYY

---

**7.** ~~**Do you know if anyone else has filed a proof of claim for this claim?**~~

☐ ~~No~~

☐ ~~Yes. Who made the earlier filing?~~ _____

---

**78.** **Was a subrogation lawsuit filed pre-petition in connection with this (these) claim(s)?**

☐ No

☐ Yes. Please Identify Lawsuit:  Case/Docket # _____     Court: _____

**Proof of Claim (Wildfire Related – Subrogation Insurers)**                                    **Page 2**

<table>
<tr><td><strong>Part 2:</strong></td><td><strong>Attorney Information (Optional)</strong></td></tr>
</table>

| 8<u>9</u>. **Who represents you in this matter?** | Who represents you in this matter? |
|---|---|
| You do not need an attorney to file this form | _____<br>Law Firm Name<br><br>_____<br>Attorney Name<br><br>_____<br>Number          Street<br><br>_____<br>City                    State            ZIP Code<br><br>Contact phone _____     Contact email _____ |

<table>
<tr><td><strong>Part 3:</strong></td><td><strong>Give Information About the Claim as of the Date the Case Was Filed</strong></td></tr>
</table>

| 9<u>10</u>. **Provide a summary of the underlying claims:** | **Name of Insurer (if different than the creditor listed in question 1):** _____ |
|---|---|
| Subrogation insurers must produce a file containing details of the individual claims (paid or reserved) that form the basis of this claim. ~~(See question 8)~~ | **Nature of underlying claim(s) (check all that apply):**<br><br>☐ Structure <u>and Real Property</u> Claims<br>☐ <u>Debris Removal Claims</u><br>☐ Personal Property Claims<br>☐ <u>Additional Living Expenses, Business Interruption, Loss of Use/Rent Claims</u><br>☐ Automobile <u>(Rental, Loss of Use, Tow, Storage)</u> Claims<br>☐ Other. Describe: _____<br><br>Total number of <u>insured losses</u> ~~individual claims~~ that form the basis of this claim: _____<br><br>Total aggregate ~~claim~~ amount <u>of liquidated claims (i.e., payments made to insureds)</u> as of the date hereof: _____ $ _____<br><br><u>Total aggregate</u> ~~(amount~~ <u>of reserved claims as of the date hereof:</u>   $ _____<br>~~to reflect all individual~~<br><u>Total aggregate amount of estimated claims (i.e.,</u> claims that have<br><u>not</u> been paid or reserved <u>but are estimated for relevant wildfire</u><br>~~incidents that occurred pre-petition):~~          ~~by the insurer):~~          $ _____ |
| ~~11. Provide supporting data for each of the underlying claims.~~ | ~~Within five (5) business days after receipt of a Wildfire Subrogation Claimant Proof of Claim Form in which a claimant asserts multiple Wildfire Subrogation Claims, Prime Clerk will send the filer an email request to provide an electronic file containing the following information for each of the individual claims that form the basis of this claim. This information must be provided to Prime Clerk in the form requested so as to be received within 10 business days of the email request being sent by Prime Clerk. When submitting the electronic files, please provide definitions or explanations of all defined terms used therein.~~<br><br>~~1. Insurance Company Name~~<br>~~2. Fire Name~~<br>~~3. Policy Number~~<br>~~4. Policy Limit~~<br>~~5. Claim Number~~<br>~~6. Claim Type (e.g., Auto, Commercial, Homeowners)~~<br>~~7. Claim Status (Open/Closed)~~<br>~~8. Type of Loss (e.g., structure, personal property, automobile)~~<br>~~9. Insured Name~~<br>~~10. Parcel ID~~<br>~~11. Loss Location Street Address~~<br>~~12. Loss Location City~~<br>~~13. Loss Location ZIP~~<br>~~14. Date of Loss~~<br>~~15. Total Paid/Reserved by Claim Type (e.g., Auto, Commercial, Homeowners)~~<br>~~16. Total Paid/Reserved by Loss Type (e.g., structure, personal property, automobile):~~ |

Proof of Claim (Wildfire Related ~~–~~ Subrogation Insurers)                                    Page 3

| 12. **Provide supporting documentation for any underlying claims that have been assigned, sold or otherwise transferred to the Creditor.** | If any of the individual claims that form the basis of this claim have been acquired through an assignment, please provide the following additional information for each individual claim: |
|---|---|
| | 1. A copy of the original contract of sale / assignment of contract for the underlying subrogated claim, and/or any other documentation reflecting a valid assignment of the subrogated rights. |
| | 2. A copy of insurer's written notification to insured (pursuant to 10 Cal. Code Regs. § 2695.7(p)) of its election not to directly pursue subrogation or discontinuation of its pursuit of subrogation. |
| | 3. A copy of the underlying policy for the subrogated claim. |

Proof of Claim (Wildfire Related – Subrogation Insurers)                                   **Page 4**

| 10. **Provide supporting documentation for any underlying claims that have been assigned, sold or otherwise transferred to the Creditor.** | If any of the individual claims that form the basis of this claim have been acquired, sold or otherwise transferred to the Creditor, please provide the following additional information for each individual claim, or such additional information as otherwise agreed to between the Creditor and the Debtors:<br><br>1. A copy of the original contract of sale / assignment of contract for the underlying subrogated claim, or any other documentation reflecting a valid assignment of the subrogated rights.<br><br>2. A copy of insurer's written notification to insured (pursuant to 10 Cal. Code Regs. § 2695.7(p)) of its election not to directly pursue subrogation or discontinuation of its pursuit of subrogation.<br><br>3. A copy of the underlying policy for the subrogated claim.<br><br>Due to the voluminous nature of this information and confidentiality concerns, in lieu of attaching this information to their Proof of Claim, Creditors holding assigned claims may agree to provide this information directly to the Debtors on terms acceptable to such Creditors and the Debtors including pursuant to a Non-Disclosure Agreement. |
|---|---|

## Part 4: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

❏ I am the creditor.

❏ I am the creditor's attorney or authorized agent.

❏ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

❏ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____(mm/dd/yyyy)

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
First name          Middle name          Last name

Title _____

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
Number          Street

_____
City          State          ZIP Code

**Proof of Claim (Wildfire Related – Subrogation Insurers)**          **Page 5**

# Instructions for Proof of Claim (Wildfire Related – Subrogation Insurers)

United States Bankruptcy Court

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of January 29, 2019.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.primeclerk.com/pge.

## Understand the terms used in this form

**Carrier Group:** As used herein, "carrier group" refers to affiliated insurers listed in response to question 2 using a common, public-facing name. The use of the term "carrier group" does not imply any formal affiliation requirement. Answering this question is without prejudice to the assertion of claims by any member of the carrier group to the extent its claims are not included in this proof of claim.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

---

Case: 19-30088   Doc# 2646-1   Filed: 06/19/19   Entered: 06/19/19 15:11:15   Page 98 of 126

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery**:
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

---

**Do not file these instructions with your form**

**Exhibit B-1**
**Standard Bar Date Notice**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case |
| **PG&E CORPORATION,** | No. 19-30088 (DM) |
| **- and -** | Chapter 11 |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Lead Case) |
| **Debtors.** | (Jointly Administered) |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | [Related Docket Ref: Docket Nos: #] |
| | **NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM IN CHAPTER 11 CASES** |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

**TO ALL PERSONS WITH CLAIMS AGAINST ANY DEBTOR SET FORTH BELOW:**

| NAME OF DEBTOR AND LAST FOUR DIGITS OF FEDERAL TAX IDENTIFICATION NUMBER | CASE NUMBER |
|---|---|
| PG&E Corporation (4914) | 19-30088 (DM) |
| Pacific Gas and Electric Company (2640) | 19-30089 (DM) |

The United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") has entered an order (the "**Bar Date Order**") establishing ~~September 16~~October 21, 2019 at **5:00 p.m. (Prevailing Pacific Time)** (the "**Bar Date**") as the last date and time for each (i) person (as defined in section 101(41) of the Bankruptcy Code), including, without limitation, all Wildfire Claimants (as defined below), Wildfire Subrogation Claimants (as defined below), and Customers (as defined below), and (ii) governmental unit (as defined in section 101(27) of the Bankruptcy Code, collectively, the "**Governmental Units**") to file a proof of claim (each a

1

"**Proof of Claim**") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, all secured claims and priority claims against either of the above-listed debtors (collectively, the "**Debtors**").

The Bar Date and the procedures set forth below for filing Proofs of Claim apply to all claims against the Debtors that arose before January 29, 2019 (the "**Petition Date**"), the date on which the Debtors commenced cases under chapter 11 (the "**Chapter 11 Cases**") of title 11 of the United States Code (the "**Bankruptcy Code**").

## 1.     WHO MUST FILE A PROOF OF CLAIM

You **MUST** file a Proof of Claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the Petition Date, and it is not one of the types of claims described in Section 5 below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means a right to (a) payment, whether such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## 2.     WHAT TO FILE

### A. Claimants other than Holders of Wildfire Claims

2

The Debtors are enclosing a Proof of Claim form for use by claimants in these Chapter 11 Cases other than Wildfire Claimants and Wildfire Subrogation Claimants (the "**Standard Proof of Claim Form**"). If your claim is listed on the schedules of assets and liabilities filed by the Debtors (collectively, the "**Schedules**"), the Standard Proof of Claim form also sets forth the amount of your claim as listed on the Schedules, if applicable, the specific Debtor against which the claim is scheduled, and whether the claim is scheduled as "disputed," "contingent," or "unliquidated." You will receive a different Standard Proof of Claim Form for each claim listed in your name on the Schedules. You may utilize the Standard Proof of Claim Form(s) provided by the Debtors to file your claim. Additional Standard Proof of Claim Forms and instructions may be obtained at (a) the website established by the Debtors' Court-approved claims and noticing agent, Prime Clerk LLC ("**Prime Clerk**"), located at https://restructuring.primeclerk.com/pge (the "**Case Website**") or (b) the Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

All Proof of Claim Forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency (using the exchange rate, if applicable, as of the Petition Date). You also should attach to your completed Proof of Claim any documents on which the claim is based (if voluminous, attach a summary) or explanation as to why the documents are not available.

Your Proof of Claim Form must **not** contain complete social security numbers or taxpayer identification numbers (only the last four (4) digits), a complete birth date (only the year), the name of a minor (only the minor's initials), or a financial account number (only the last four (4) digits of such account number).

IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE DEBTOR, SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR AND

3

YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT DEBTOR'S BANKRUPTCY CASE. A LIST OF THE NAMES OF THE DEBTORS AND THEIR CASE NUMBERS IS SET FORTH ABOVE.

**B. Wildfire Claimants and Wildfire Subrogation Claimants**

Pursuant to the Bar Date Order, and all matters related thereto (a) any claim (as such term is defined in section 101(5) of the Bankruptcy Code) related to or in any way arising from the wildfires that occurred in Northern California in 2015, 2017, and 2018[1] (the "**Northern California Wildfires**"), including any claim held by a Wildfire Subrogation Claimant, is referred to herein as a "**Wildfire Claim**"; (b) any person or entity, including any governmental entity (as defined in section 101(27) of the Bankruptcy Code, holding a Wildfire Claim (other than a Wildfire Subrogation Claimant) is referred to herein as a "**Wildfire Claimant**"; and (c) any insurance carrier having made payments to their insureds for any damages arising out of or relating to a Wildfire Claim, or any other party who has acquired by assignment or otherwise obtained an interest in a claim arising out or related to such payments, is referred to herein as a "**Wildfire Subrogation Claimant**".[2]

---

[1] The Northern California Wildfires include, but are not limited to, the following fires: 37, Adobe, Atlas, Blue, Butte, Camp, Cascade, Cherokee, Ghost Ship, Honey, La Porte, Lobo, Maacama, McCourtney, Norrbom, Nuns, Partrick, Pocket, Point, Pressley, Pythian (a.k.a. Oakmont), Redwood, Sullivan, Sulphur, and Tubbs.

[2] Notwithstanding anything herein to the contrary, for purposes of the Bar Date Order, (i) Wildfire Claims shall not include any claims of any Governmental Unit of the State of California (each a "**California State Agency**") related to or in any way arising from the Northern California Wildfires, (ii) no California State Agency shall be included as a Wildfire Claimant, and (iii) the claims of any California State Agency may be submitted utilizing the Standard Proof of Claim Form in accordance with the procedures set forth herein and otherwise applicable law.

5

If you (or, in the case of a wrongful-death claim, the estate you represent) believe you have a claim against either of the Debtors for personal injury or wrongful death, property damage, or other loss or liability in any way relation to or resulting from the Northern California Wildfires, you **MUST** file a Proof of Claim for your Wildfire Claim prior to the Bar Date in accordance with the instructions in this notice. Proof of Claim forms for Wildfire Claimants (a "**Wildfire Claimant Proof of Claim Form**") and Wildfire Subrogation Claimants (a "**Wildfire Subrogation Claimant Proof of Claim Form**" and, together with the Wildfire Claimant Proof of Claim Form, the "**Wildfire Proof of Claim Forms**") are available at the Case Website. Substantially All~~A~~all of the information requested in the applicable Wildfire Proof of Claim Form must be provided. All timely filed Wildfire Proof of Claim Forms shall be deemed filed against both PG&E Corp. and the Utility.

6

~~If y~~You ~~already either (i) filed a lawsuit against the Debtors prior to the Petition Date or (ii) filed~~**MUST file** a Proof of Claim ~~in the Chapter 11 Cases, you~~ **MUST** ~~still submit the applicable~~on account of any Wildfire ~~Proof of~~ Claim ~~Form to maintain and/or preserve your rights in the Chapter 11 Cases.  Furthermore, you~~ **MUST** ~~file a Wildfire Proof of Claim Form~~ even if you may be included in, or represented by, a purported class action, class suit, class Proof of Claim, or similar representative action filed against the Debtors with respect to your Wildfire Claim.  Pursuant to the Bar Date Order, except with respect to any Wildfire Proof of Claim Form submitted by the United States or any California State Agency, the supporting documentation submitted in connection with Wildfire Proof of Claim Forms (including any individual claim information subsequently submitted by any Wildfire Subrogation Claimant to Prime Clerk) will remain confidential in these Chapter 11 Cases and will not be available to the general public.  Copies of such information ~~may~~shall be provided on a confidential and professionals' eyes only basis to counsel for the Debtors, the Committees, the U.S. Trustee and any additional parties the Court directs but only after each such party agrees to keep the information provided in the Wildfire Proof of Claim Forms confidential.

**3. SPECIAL PROVISIONS FOR CUSTOMERS**

If you are a residential or non-residential customer of the Debtors (each a "**Customer**") and you believe you have a claim against the Debtors relating to the period prior to the Petition Date, you **MUST** file a Standard Proof of Claim Form by the Bar Date.  **Customers are not required to file proofs of claim for ordinary and customary refunds, overpayments, billing credits, deposits or similar billing items.**

7

## 4.  WHEN AND WHERE TO FILE

All Proofs of Claim (including any claims of Wildfire Claimants, Wildfire Subrogation Claimants, Governmental Units, and Customers) must be filed so as to be received on or before ~~September 16~~October 21, 2019 at **5:00 p.m. (Prevailing Pacific Time)** as follows:

**If electronically:**

The Case Website established by Prime Clerk, using the interface available on such website under the link entitled "Submit a Claim" (the "**Electronic Filing System**").

**If by first class mail:**

PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier:**

PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**If by hand delivery:**

PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

-or-

At one of the Debtors' Claim Service Centers located at the following PG&E locations (beginning [_____], 2019 through the Bar Date during the hours of 8:30 a.m. – 5:00 p.m. Pacific Time): (i) 350 Salem Street, Chico, CA  95928; (ii) 231 "D" Street, Marysville, CA 95901; (iii) 1567 Huntoon Street, Oroville, CA 95965; (iv) 3600 Meadow View Road, Redding, CA 96002; (v) 111 Stony Circle, Santa Rosa, CA 95401; or (vi) 1850 Soscol Ave. Ste 105, Napa, CA 94559.  **Photocopy machines will not be available at the Claim Service Centers; you must bring a copy of your claim if you wish to receive a date-stamped conformed copy.**

Case: 19-30088    Doc# 2646-1    Filed: 06/19/19    Entered: 06/19/19 15:11:15    Page 109 of 126

Proofs of Claim will be deemed filed only when **actually received** at the addresses listed above or via the Electronic Filing System on or before the Bar Date. Proofs of Claim may not be delivered by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System).

## 5. WHO NEED <u>NOT</u> FILE A PROOF OF CLAIM

You do **not** need to file a Proof of Claim on or before the Bar Date if you are:

(a) any person or entity whose claim is listed on the Schedules; *provided* that (i) the claim is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(b) any person or entity whose claim has been paid in full;

(c) any holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any party asserting a claim pursuant to section 503(b)(9) of the Bankruptcy Code who shall be required to file such claim by the deadline established in the Bankruptcy Court's *Amended Order Pursuant to 11 U.S.C. §§ 503(b)(9) and 105(a) Establishing Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9)* [Docket No. 724]);

(d) any person or entity who holds a claim that heretofore has been allowed by Order of the Bankruptcy Court entered on or before the Bar Date;

(e) any holder of a claim for which a separate deadline has been fixed by the Bankruptcy Court;

(f) any person or entity ~~(other than the holder of a Wildfire Claim)~~ who has already filed a Proof of Claim with Prime Clerk against the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the Standard Proof of Claim Form or Official Form No. 410;

(g) any person or entity that holds an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; *provided, however,* that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an

9

equity interest or the purchase or sale of such equity interest), a Standard Proof of Claim must be filed on or before the Bar Date;

(h) any person or entity whose claim is limited exclusively to the repayment of principal, interest, and other fees and expenses under any agreements (a "**Debt Claim**") governing any prepetition, unsecured revolving credit loan, term loan, notes, bonds, debentures, or other debt securities, in each case, issued by or on behalf of any of the Debtors (collectively, the "**Debt Instruments**"); *provided, however*, that (i) the foregoing exclusion shall not apply to the indenture trustee, owner trustee, pass-through trustee, subordination agent, registrar, paying agent, administrative, loan or collateral agent, or any other entity serving in a similar capacity however designated (collectively, an "**Indenture Trustee**") under the applicable Debt Instrument, (ii) each such Indenture Trustee shall be required to file a Standard Proof of Claim against the applicable Debtor, on or before the Bar Date, on account of all Debt Claims against such Debtor under the applicable Debt Instrument; *provided, however*, that an Indenture Trustee will be permitted, in lieu of attaching voluminous documentation, to file with its Proof of Claim a summary of the applicable Indenture and other operative documents, on the condition that such documents will be made available by the Indenture Trustee within ten (10) business days after receipt of a written request from a party in interest, and (iii) any holder of a Debt Claim that has a claim arising out of or relating to a Debt Instrument other than a Debt Claim must file a Standard Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies;

(i) any person or entity whose claim against the Utility arises solely from amounts due to the California Independent System Operator Corporation ("**CAISO**"), California Power Exchange Corporation ("**PX**") and/or various market participants based on purchases or sales of electricity, capacity, or ancillary services by the Utility and other market participants in markets operated by the CAISO and the PX that are subject to determination by the Federal Energy Regulatory Commission ("**FERC**") in refund proceedings bearing FERC Docket Nos. EL00-95-000 and EL00-98-000 and related sub-dockets, and any amounts due under any settlement agreements, allocation agreements, escrow agreements, letter agreements, other written agreements, or court orders (including orders entered in the chapter 11 case styled In re California Power Exchange Corporation, Case No. LA 01-16577 ES) that expressly relate thereto;

(j) (i) any Customer whose claims is limited exclusively to ordinary and customary refunds, overpayments, billing credits, deposits, or similar billing items; or

(k) (j) either Debtor having a claim against the other Debtor in these Chapter 11 Cases.; or

10

(l) any person or entity who holds a claim for personal injury or property damages solely to the extent that such claim arises from an event that occurred after January 29, 2019.

Notwithstanding anything herein or in the Bar Date Order to the contrary, any claimant that timely files a Proof of Claim and makes a good faith effort to complete a Proof of Claim Form as set forth in the Bar Date Order, shall be permitted to revise, amend, and/or supplement their applicable Proof of Claim Form to the extent permitted by applicable law until such time as their claim is allowed or disallowed by order of the Court.

This notice may be sent to many persons that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. **The fact that you have received this notice does not mean that you have a claim or that the Debtors or the Bankruptcy Court believe that you have a claim against the Debtors.**

## 6. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you hold a claim arising out of or relating to the rejection of an executory contract or unexpired lease you must file a Standard Proof of Claim Form based on such rejection by the later of (i) the Bar Date, and (ii) the date that is thirty (30) days following the entry of the Bankruptcy Court's order approving such rejection (which order may be the order confirming a chapter 11 plan for the Debtors), or be forever barred from doing so. Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a ~~rejection damages claim~~claim for damages that arises from or relates to the rejection of the executory contract or unexpired lease) must file a Standard Proof of Claim Form for such amounts on or before the Bar Date unless an exception identified in Section 5 above applies.

## 7. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE

11

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN SECTION 5 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN ACCORDANCE WITH THE ~~APPROPRIATE FORM~~BAR DATE ORDER SHALL **NOT** BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CHAPTER 11 CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

## 8. THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as a holder of a claim against one or more of the Debtors in the Debtors' Schedules. To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Standard Proof of Claim Form(s) regarding the nature, amount, and status of your claim(s). If you received postpetition payments from the Debtors (as authorized by the Bankruptcy Court) on account of your claim(s), the enclosed Standard Proof of Claim Form should reflect the net amount of your claim(s). Other than with respect to Wildfire Claims, if the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of Claim Forms, each of which will reflect the nature and amount of your claim against one Debtor, as listed in the Schedules.

If you rely on the Debtors' Schedules or the enclosed Standard Proof of Claim Form(s), it is your responsibility to determine that the claim accurately is listed on the Schedules. However, you may rely on the enclosed form, which lists your claim as scheduled, identifies the Debtor against which it is scheduled, and specifies whether the claim is disputed, contingent, or unliquidated.

As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim only is against the Debtor

12

specified by the Debtors, **and** if your claim is not described as "disputed," "contingent," or "unliquidated," you need **not** file a Proof of Claim. **Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date, in accordance with the procedures set forth in this notice.** For the avoidance of doubt, if you have a Wildfire Claim and it is listed as "disputed," "contingent," or "unliquidated" you must file a Wildfire Proof of Claim Form.

Copies of the Debtors' Schedules are available for inspection on the Bankruptcy Court's electronic docket for the Debtors' Chapter 11 Cases, which is posted on (a) the Case Website and (b) on the Bankruptcy Court's website at http://www.~~nysb~~canb.uscourts.gov. A login and password to the Bankruptcy Court's Public Access to Electronic Records ("**PACER**") are required to access this information on the Bankruptcy Court's website and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Schedules also may be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102. Copies of the Debtors' Schedules also may be obtained by request to Prime Clerk:

> PG&E Corporation
> c/o Prime Clerk LLC
> 850 Third Avenue, Suite 412
> Brooklyn, NY 11232
> Toll Free: (844) 339-4217
> Email: pgeinfo@primeclerk.com

**Please note that Prime Clerk cannot provide legal advice, nor can they advise you as to whether you should file a Proof of Claim. A holder of a potential claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a Proof of Claim.**

Dated: _____, 2019

13

BY ORDER OF THE COURT

WEIL, GOTSHAL & MANGES LLP
KELLER & BENVENUTTI LLP

14

**Exhibit B-2**
**Wildfire Claim Bar Date Notice**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case |
| **PG&E CORPORATION,** | No. 19-30088 (DM) |
| - and - | Chapter 11 |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Lead Case) |
| **Debtors.** | (Jointly Administered) |
| | [Related Docket Ref: Docket Nos: #] |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | **NOTICE OF DEADLINE FOR FILING WILDFIRE PROOF OF CLAIM FORMS** |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

# IMPORTANT LEGAL NOTICE

**TO ALL PARTIES WITH CLAIMS AGAINST PG&E CORPORATION AND/OR PACIFIC GAS AND ELECTRIC COMPANY ARISING OUT OF THE 2015, 2017, OR 2018 NORTHERN CALIFORNIA WILDFIRES**

~~SEPTEMBER 16~~OCTOBER 21, 2019, AT 5:00 P.M. (PREAVILING PACIFIC TIME) IS THE LAST DATE TO FILE WILDFIRE PROOF OF CLAIM FORMS

On January 29, 2019 (the "**Petition Date**"), PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**") each filed a petition under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of California (the "**Court**"). The Chapter 11 Cases are being jointly administered under the lead case *In re PG&E Corporation and Pacific Gas and Electric Company*, Case No. 19-30088 (DM). The Bankruptcy Court has entered an order (the "**Bar Date Order**") establishing ~~September 16~~October 21, 2019 at **5:00 p.m. (Prevailing Pacific Time)** (the "**Bar Date**") as the last date and time for each person or entity to file a proof of claim (each a "**Proof of Claim**") with

respect to a prepetition claim against the Debtors, including, without limitation, any claims resulting from or in any way relating to the wildfires that occurred in Northern California in 2015, 2017, and 2018 (the "**Northern California Wildfires**[1]").  Pursuant to the Bar Date Order and all matters related thereto (a) any claim (as such term is defined in section 101(5) of the Bankruptcy Code) related to or in any way arising from the Northern California Wildfires (including any claim held by a Wildfire Subrogation Claimant) is referred to herein as a "**Wildfire Claim**"; (b) any person or entity, including any governmental entity (as defined in section 101(27) of the Bankruptcy Code, holding a Wildfire Claim (other than a Wildfire Subrogation Claimant) is referred to herein as a "**Wildfire Claimant**"; and (c) any insurance carrier having made payments to their insureds for any damages arising out of or relating to a Wildfire Claim, or any other party who has acquired by assignment or otherwise obtained an interest in a claim arising out or related to such payments, is referred to herein as a "**Wildfire Subrogation Claimant**".[2]

---

[1] The Northern California Wildfires include, but are not limited to, the following fires:  37, Adobe, Atlas, Blue, Butte, Camp, Cascade, Cherokee, Ghost Ship, Honey, La Porte, Lobo, Maacama, McCourtney, Norrbom, Nuns, Partrick, Pocket, Point, Pressley, Pythian (a.k.a. Oakmont), Redwood, Sullivan, Sulphur, and Tubbs.

[2] Notwithstanding anything herein to the contrary, for purposes of the Bar Date Order, (i) Wildfire Claims shall not include any claims of any Governmental Unit of the State of California (each, a "**California State Agency**") related to or in any way arising from the Northern California Wildfires, (ii) no California State Agency shall be included as a Wildfire Claimant, and (iii) the claims of any California State Agency may be submitted utilizing the Standard Proof of Claim Form in accordance with the procedures set forth herein.

## WHO MUST SUBMIT A WILDFIRE PROOF OF CLAIM FORM

If you (or, in the case of a wrongful-death claim, the estate you represent) believe you have a claim against either of the Debtors for personal injury or wrongful death, property damage, or other loss resulting from or in any way relating to the Northern California Wildfires, you **MUST** file a Proof of Claim for your Wildfire Claim prior to the Bar Date in accordance with the instructions in this notice. For your convenience, the Debtors have enclosed a customized Proof of Claim form for your Wildfire Claim depending on whether you are a Wildfire Claimant (a "**Wildfire Claimant Proof of Claim Form**") or a Wildfire Subrogation Claimant (a "**Wildfire Subrogation Claimant Proof of Claim Form**" and, together with the Wildfire Claimant Proof of Claim Form, the "**Wildfire Proof of Claim Forms**"). ~~All~~ You **DO NOT** need to file a Wildfire Proof of Claim if you already filed a Proof of Claim in the Chapter 11 Cases that includes substantially all of the information requested in the applicable Wildfire Proof of Claim Form ~~must be provided~~. All timely filed Wildfire Proof of Claim Forms shall be deemed filed against each of the Debtors.

If ~~y~~You ~~already either (a) filed a lawsuit against the Debtors prior to the Petition Date or (b) filed a Proof of Claim in the Chapter 11 Cases, you~~ **MUST** ~~still submit the applicable Wildfire Proof of Claim Form to maintain and/or preserve your rights in the Chapter 11 Cases. Furthermore, you~~ **MUST** file a Wildfire Proof of Claim Form even if you may be included in, or represented by, a purported class action, class suit, class Proof of Claim, or similar representative action filed against the Debtors with respect to your Wildfire Claim.

## PROCEDURES FOR FILING A WILDFIRE PROOF OF CLAIM

All Wildfire Proof of Claim Forms must be filed so as to be received on or before ~~September 16~~October 21, 2019 at **5:00 p.m. (Prevailing Pacific Time)** as follows:

**If electronically:**
Through the website established by the Debtors' Court-approved claims and noticing agent, Prime Clerk LLC ("**Prime Clerk**"), located at www.pgewildfireinfo.com (the

"**Case Website**") using the interface available under the linked entitled "Submit a Claim" (the "**Electronic Filing System**").

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**If by hand delivery:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

-or-

At one of the Debtors' Claim Service Centers located at the following PG&E locations (beginning [_____], 2019 through the Bar Date during the hours of 8:30 a.m. – 5:00 p.m. Pacific Time): (i) 350 Salem Street, Chico, CA 95928; (ii) 231 "D" Street, Marysville, CA 95901; (iii) 1567 Huntoon Street, Oroville, CA 95965; (iv) 3600 Meadow View Road, Redding, CA 96002; (v) 111 Stony Circle, Santa Rosa, CA 95401; or (vi) 1850 Soscol Ave. Ste 105, Napa, CA 94559. **Photocopy machines will not be available at the Claim Service Centers; you must bring a copy of your claim if you wish to receive a date-stamped conformed copy.**

Notwithstanding anything herein or in the Bar Date Order to the contrary, any claimant that timely files a Proof of Claim and makes a good faith effort to complete a Proof of Claim Form as set forth in the Bar Date Order, shall be permitted to revise, amend, and/or supplement their applicable Proof of Claim Form to the extent permitted by applicable law until such time as their claim is allowed or disallowed by order of the Court.

Wildfire Claimant Proof of Claim Forms will be deemed timely filed only when **actually received** at the addresses listed above or via the Electronic Filing System on or before the Bar Date. Wildfire Proof of Claim Forms may not be delivered by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System).

~~You **MUST** utilize the applicable Wildfire Proof of Claim Form provided by the Debtors to file your claim.~~ Additional Proof of Claim Forms and instructions may be obtained from Prime Clerk at the Case Website.

All Wildfire Proof of Claim Forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency (using the exchange rate, if applicable, as of the Petition Date). All Wildfire Proof of Claim Forms must include substantially all of the information required to be provided. Pursuant to the Bar Date Order, except with respect to any Wildfire Proof of Claim Forms submitted by the United States or any California State Agency, the supporting documentation submitted in connection with Wildfire Proof of Claim Forms (including any individual claim information subsequently submitted by any Wildfire Subrogation Claimant to Prime Clerk) will remain confidential in these Chapter 11 Cases and will not be available to the general public. Copies of such information ~~may~~shall be provided on a confidential and professionals' eyes only basis to counsel for the Debtors, the Committees, the U.S. Trustee, and any additional parties the Court directs but only after each such party agrees to keep the information provided in the Wildfire Proof of Claim Forms confidential.

Your Wildfire Proof of Claim Form must **not** contain complete social security numbers or taxpayer identification numbers (only the last four (4) digits), a complete birth date (only the year), the name of a minor (only the minor's initials), or a financial account number (only the last four (4) digits of such account number).

## CONSEQUENCES OF FAILING TO FILE A
## WILDFIRE PROOF OF CLAIM FORM BY THE BAR DATE

**THE DEADLINE FOR FILING WILDFIRE CLAIMS IS ~~SEPTEMBER 16~~OCTOBER 21, 2019 AT 5:00 P.M. (PREVAILING PACIFIC TIME). ANY PERSON OR ENTITY WHO HAS A WILDFIRE CLAIM AND DOES NOT FILE A WILDFIRE PROOF OF CLAIM FORM BY THAT DATE MAY NOT BE TREATED AS A CREDITOR FOR VOTING OR DISTRIBUTION PURPOSES UNDER ANY PLAN OF REORGANIZATION AND SUCH CLAIMS MAY BE SUBJECT TO DISCHARGE. FAILURE TO FILE A WILDFIRE PROOF OF CLAIM FORM BY ~~SEPTEMBER 16~~OCTOBER 21, 2019 MAY PREVENT SUCH PERSON OR ENTITY FROM VOTING ON ANY PLAN OF REORGANIZATION IN THESE CASES. FURTHER, IF SUCH WILDFIRE CLAIM IS DISCHARGED, THE WILDFIRE CLAIMANT OR WILDFIRE SUBROGATION CLAIMANT WILL BE FOREVER BARRED AND PREVENTED FROM ASSERTING THE WILDFIRE CLAIM AGAINST THE DEBTORS OR THEIR PROPERTY, AND MAY NOT RECEIVE ANY PAYMENT OR DISTRIBUTION IN CONNECTION WITH SUCH WILDFIRE CLAIM.**

## ADDITIONAL INFORMATION ON THE CHAPTER 11 CASES

Copies of all of the documents filed in the Chapter 11 Cases, including the Bar Date Order, the Wildfire Proof of Claim Forms, and the Schedules, can be viewed and/or obtained: (i) by accessing the Bankruptcy Court's website at http://www.canb.uscourts.gov, (ii) by contacting the Office of the Bankruptcy Clerk of the Court at 450 Golden Gate Avenue, San Francisco, CA 94102, or (iii) from Prime Clerk at the Case Website. Note that a PACER password is needed to access documents on the Bankruptcy Court's website. If you require additional information regarding this notice, you may contact Prime Clerk at (844) 627-5328 (toll free) for U.S.-based parties; or +1 (347) 226-7122 for International parties or by e-mail at: pgewildfireinfo@primeclerk.com.

**Please note that Prime Clerk cannot provide legal advice. A holder of a potential Wildfire Claim against the Debtors should consult an attorney with respect to any legal advice it believes it may need.**

Dated: _____, 2019

**BY ORDER OF THE COURT**

**<u>Exhibit B-3</u>**

**Customer Bar Date Notice**

WEIL:\97032062\1\67615.0013 WEIL:\97032062\3\67615.0013

*IMPORTANT LEGAL NOTICE*

Dear PG&E Customer,

You have received this mailing because PG&E Corporation and Pacific Gas and Electric Company (collectively, "PG&E") have reached the next step in their Chapter 11 Cases: the setting of the "Bar Date." The Bar Date is the deadline by which any person or entity must file a Proof of Claim **if they believe money is owed to them by PG&E for the period <u>prior</u> to the January 29, 2019, Chapter 11 filing**. The U.S. Bankruptcy Court for the Northern District of California has set the Bar Date at ~~September 16~~October 21, 2019 at 5:00 p.m. Prevailing Pacific Time.

This deadline is important because, as part of the Chapter 11 process, PG&E must determine all amounts claimed to be owed to various creditors. The Bar Date and the procedures for filing Proofs of Claim apply to all claims against PG&E that arose before the filing date, January 29, 2019.

**What You Need to Know About the Bar Date**

1. **All PG&E customers are receiving this notice.** Receiving this notice does **not** mean that you have a claim or that PG&E or the Bankruptcy Court believes that you have a claim.

2. **Note that customers are <u>not</u> required to file Proofs of Claim for ordinary and customary refunds, overpayments, billing credits, deposits, or similar billing items**. Inquiries relating to these items should continue to be directed to PG&E's customer service center.

3. **<u>If you do not believe you have a claim against PG&E, you do not need to do anything in response to this Notice or return a Proof of Claim form.</u>**

4. To the extent you believe that you have a claim that arose before January 29, 2019, or that you are otherwise owed money by PG&E from before the filing date that has not been paid (other than an amount referenced in paragraph 2 above), you MUST file a proof of claim by the ~~September 16~~October 21, 2019 Bar Date. If you fail to do so your claim may be barred and you may not receive any distribution.

5. **IF YOU BELIEVE YOU HAVE A CLAIM ARISING OUT OF OR IN ANY WAY RELATING TO THE 2015, 2017, OR 2018 NORTHERN CALIFORNIA WILDFIRES[1] YOU MUST FILE THE APPLICABLE WILDFIRE PROOF OF CLAIM FORM BY THE BAR DATE, WHICH CAN BE FOUND AT WWW.PGECUSTOMERBARDATEINFO.COM.**

6. If you have already submitted a claim with PG&E's claims agent, Prime Clerk, prior to receiving this notice, you do **not** need to file another Proof of Claim ~~(unless your Proof of Claim relates to the 2015, 2017, or 2018 Northern California Wildfires in which case you must file the applicable Wildfire Proof of Claim Form by the Bar Date)~~.

**How to File a Proof of Claim**

Enclosed is a Proof of Claim form to be used for any claims other than for claims related to the 2015, 2017, and 2018 Northern California Wildfires.  As noted above, if you believe you have a claim arising out of or in any way relating to the 2015, 2018, or 2018 Northern California Wildfires~~,~~. You must file

---

[1] The Northern California Wildfires include, but are not limited to, the following fires:  37, Adobe, Atlas, Blue, Butte, Camp, Cascade, Cherokee, Ghost Ship, Honey, La Porte, Lobo, Maacama, McCourtney, Norrbom, Nuns, Partrick, Pocket, Point, Pressley, Pythian (a.k.a. Oakmont), Redwood, Sullivan, Sulphur~~,~~, and Tubbs.

WEIL:\97032062\1\67615.0013WEIL:\97032062\3\67615.0013

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

the applicable Wildfire Proof of Claim Form by the Bar Date. All Proof of Claim forms (including Wildfire Claimant Proof of Claim Forms) must be filed so as to be received on or before ~~September 16~~October 21, 2019 at 5:00 p.m. (Prevailing Pacific Time) as follows:

| If by first class mail: | If by hand delivery: | If electronically: |
|---|---|---|
| PG&E Corporation Claims Processing Center c/o Prime Clerk LLC Grand Central Station PO Box 4850 New York, NY 10163-4850 **If by overnight courier:** PG&E Corporation Claims Processing Center c/o Prime Clerk LLC 850 Third Avenue, Suite 412 Brooklyn, NY 11232 | PG&E Corporation Claims Processing Center c/o Prime Clerk LLC 850 Third Avenue, Suite 412 Brooklyn, NY 11232 -or- One of following PG&E locations (beginning [_____], 2019 through the Bar Date during the hours of 8:30 a.m. – 5:00 p.m. Pacific Time): (i) 350 Salem Street, Chico, CA 95928; (ii) 231 "D" Street, Marysville, CA 95901; (iii) 1567 Huntoon Street, Oroville, CA 95965; (iv) 3600 Meadow View Road, Redding, CA 96002; (v) 111 Stony Circle, Santa Rosa, CA 95401; or (vi) 1850 Soscol Ave. Ste 105, Napa, CA 94559. **Photocopy machines will not be available at the Claim Service Centers; you must bring a copy of your claim if you wish to receive a date-stamped conformed copy.** | Access the case website established by Prime Clerk, www.pgecustomerbardateinfo.com, click the "Submit a Claim" link and follow the instructions as described. |

Any claimant that timely files a Proof of Claim and makes a good faith effort to complete a Proof of Claim Form as set forth in the Bar Date Order, shall be permitted to revise, amend, and/or supplement their applicable Proof of Claim Form to the extent permitted by applicable law until such time as their claim is allowed or disallowed by order of the Court. Proof of Claim ~~f~~Forms will be deemed filed only when actually received at the addresses listed above or electronically on or before the Bar Date. Proof of Claim forms may not be delivered by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System on the Prime Clerk website).

**Future Notifications**

If you would like to receive further updates, you may register your email address for electronic notification of important case documents at the website maintained by Prime Clerk, at www.pgecustomerbardateinfo.com.

If you require additional information regarding this notice, you may contact Prime Clerk at (844) 627-7787 (toll free) for U.S.-based parties; or +1 (347) 292-2703 for International parties or by e-mail at: pgecustomerbardateinfo@primeclerk.com. **Please note that Prime Clerk cannot provide legal advice, nor can they advise you as to whether you ~~are~~ should file a Proof of Claim.**

WEIL:\97032062\1\67615.0013 WEIL:\97032062\3\67615.0013

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

<div style="border:1px solid black;">

### ***About the Chapter 11 Case***

*On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company each filed a petition under Chapter 11 of the ~~United States~~Bankruptcy Code in the ~~United States~~U. S. Bankruptcy Court for the Northern District of California. The Chapter 11 Cases are being jointly administered under the lead case In re PG&E Corporation and Pacific Gas and Electric Company, Case No. 19-30088 (DM). To find more information on PG&E's Chapter 11 Cases, please visit http://www.pge.com/reorganization.*

*Copies of all of the documents filed in the Chapter 11 Cases, including the Bar Date Order and the Proof of Claim Form, can be viewed and/or obtained from the Debtors' notice and claims agent, Prime Clerk, at https://restructuring.primeclerk.com/pge.*

</div>