# Exhibit B

**Objection Summary Chart**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

|   | OBJECTION | RESPONSE |
|---|-----------|----------|
| **Burden of Proof** | | |
| 1. | The Debtors are seeking to improperly shift the initial burden of proof to claimants by requiring them to answer numerous / confusing questions in the proposed Wildfire Proof of Claim Forms and submit onerous supporting documentation.<br><br>Interested Paradise Parties Objection [Dkt. No. 2240] at 13:6-12; 15; 1-10.<br><br>Individual Fire Victims Objection [Dkt. No. 2242] at 8:19-9:9.<br><br>SLF Fire Victim Objection [Dkt. No. 2248] at 3:11-17.<br><br>TCC Objection [Dkt. No. 2306] at 18:20-19:5. | The Debtors believe their procedures, as original proposed in the Bar Date Motion, do not improperly shift the initial burden of proof to claimants and believe the information proposed in their Wildfire Proof of Claim Forms is reasonable, straightforward, and in no way burdensome.  Notwithstanding this, as set forth in the Reply, the Debtors have agreed to adopt the TCC's summary Wildfire Claimant Proof of Claim Form.  *See* Ex. A-2 to the Revised Bar Date Order.  In addition, the Debtors have reached an agreement with the Ad Hoc Subrogation Group on the Wildfire Subrogation Proof of Claim Form.  *See* Ex. A-3 to the Revised Bar Date Order.  Furthermore, in addition to adding clarifying language in the Revised Bar Date Order making clear that Claimants need only submit "substantially all of the information" requested in the applicable Proof of Claim Forms, the Debtors have added the language below to the Revised Bar Date Order and related notices.  Accordingly, the Debtors believe these Objections have been resolved.<br><br>"Notwithstanding anything herein to the contrary, any claimant that timely files a Proof of Claim and makes a good faith effort to complete the appropriate form as set forth herein, shall be permitted to revise, amend, and/or supplement their applicable Proof of Claim Form to the extent permitted by applicable law until such time as their claim is allowed or disallowed by order of the Court."<br><br>*See* Revised Bar Date Order, at ¶4. |

| | | |
|---|---|---|
| 2. | The Debtors' proposed Notice Procedures impose unnecessary burdens by requiring Wildfire Claimants to re-file claims previously filed utilizing the Standard Form 410 with the applicable Wildfire Proof of Claim Forms.<br><br>Interested Paradise Parties Objection [Dkt. No. 2240] at 15:6-12; 15; 1-10.<br><br>U.S. Trustee Objection [Dkt. No. 2316] at 8: 10-21.<br><br>TCC Objection [Dkt. No. 2306] at 18:20-19:5. | As the Debtors have agreed to adopt the TCC's summary Wildfire Claimant Proof of Claim Form (*see* No. 1 above), the Debtors have removed the requirement from their Notice Procedures that Wildfire Claimants that have previously filed claims utilizing the Standard Form 410 re-file their claims utilizing the applicable Wildfire Proof of Claim Form (*see* below). Accordingly, the Debtors believe these Objections have been resolved.<br><br>"Any holder of a Wildfire Claim ~~that has either (i) filed a lawsuit against the Debtors prior to the Petition Date or (ii) filed a Proof of Claim in the Chapter 11 Cases prior to the entry of this Order, must submit the applicable Wildfire Proof of Claim Form. Any holder of a Wildfire Claim must file the applicable Wildfire~~ must file a Proof of Claim Form even if such claimant may be included in, or represented by, a purported class action, class suit, class Proof of Claim, or similar representative action filed against the Debtors with respect to such claimant's Wildfire Claim."<br><br>"The following persons or entities are **not** required to file a Proof of Claim on or before the Bar Date, solely with respect to the claims described below:<br><br>    (6) any person or entity ~~(other than the holder of a Wildfire Claim)~~ who has already filed a Proof of Claim with Prime Clerk against the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the Standard Proof of Claim Form or Official Form No. 410;"<br><br>*See* Revised Bar Date Order, at ¶¶ 3(e), 3(o)(6). |
| 3. | The Debtors are impermissibly seeking, pursuant to the Bar Date Order, to automatically discharge claims that fail to fully comply with the proposed Notice Procedures. | As set forth above, the Debtors have agreed to adopt the TCC's summary Wildfire Claimant Proof of Claim Form (*see* No. 1 above). Moreover, in addition to the amendments set forth in No.1 above, the Debtors have removed the language below from the Revised Bar Date Order. Accordingly, the Debtors believe these Objections have been resolved. |

| | | |
|---|---|---|
| | California State Agencies Objection [Dkt. No. 2307] at 4:11-25.<br><br>U.S. Trustee Objection [Dkt. No. 2316] at 18: 25-26. | Pursuant to Bankruptcy Rule 3003(c)(2), but subject to Paragraph 4 of this Order, all holders of claims, including Wildfire Claimants, Wildfire Subrogation Claimants, and Customers, that fail to comply with this Order by timely filing a Proof of Claim in ~~the appropriate form shall (i) be forever barred, estopped, and enjoined from asserting such claims against the Debtors, their property, or their estates (or submitting a Proof of Claim with respect thereto) and (ii)~~ accordance with this Order shall not be treated as a creditor with respect to such claim (as defined in section 101(5) of the Bankruptcy Code) for the purposes of voting and distribution with respect to any chapter 11 plan or plans of reorganization that may be filed in these Chapter 11 Cases.<br><br>*See* Revised Bar Date Order, at ¶7. |
| **Future Injuries** | | |
| 4. | The Debtors should adequately explain how future harm claims will be handled; The Debtors must clarify that a prepetition claim is defined as a claim based on date of injury only.<br><br>Sonoma Clean Power Objection [Dkt. No. 2321] at 26:4-8.<br><br>California State Agencies Objection [Dkt. No. 2307] at 3:4-7. | The Debtors have added the language below to the Revised Bar Date Order to clarify that only claims that relate to the prepetition period are subject to the Bar Date Order. Accordingly, the Debtors believe these Objections have been resolved but, to the extent they remain outstanding, they should be overruled.<br><br>"The following persons or entities are **not** required to file a Proof of Claim on or before the Bar Date, solely with respect to the claims described below:<br><br> (12) any person or entity who holds a claim for personal injury or property damages solely to the extent that such claim arises from an event that occurred after January 29, 2019."<br><br>*See* Revised Bar Date Order, at ¶3(o)(12). |

| | **Confidentiality and Sealing Objections** | |
|---|---|---|
| 5. | The Debtors' proposal to treat all information submitted in connection with the Wildfire Proof of Claim Forms as confidential is not appropriate.<br><br>U.S. Trustee [Dkt. No. 2316] at 8:10-21. | This Objection remains outstanding and is addressed in the Debtors' Reply. *See* Reply, at 11-12. In light of the sensitive nature of the claims and the damages asserted, the Debtors believe this procedure is appropriate and similar procedures have previously been approved in other chapter 11 cases. *See USA Gymnastics*, Case No. 18-09108 (Bankr. S.D. IN Feb. 25, 2019) [Dkt. No. 301]; *In re Archdiocese of Milwaukee*, Case No. 11-20059-svk (Bankr. E.D. Wisc. July 14, 2011) [Dkt. No. 331]; *In re Roman Catholic Bishop of Great Falls Montana*, Case No. 17-60271 (Bankr. D. MT June 6, 2016) [Dkt. No. 121]. Accordingly, for the reasons set forth in the Reply, this Objection should be overruled.<br><br>*See* Reply, at 11-12. |
| 6. | Wildfire Claimants must not be required to provide irrelevant personal information such as their driver's license numbers.<br><br>U.S. Trustee Objection [Dkt. 2316] at 5:12-27. | As the Debtors have agreed to adopt the TCC's summary Wildfire Claimant Proof of Claim Form (*see* No. 1 above), the Debtors believe this Objection has been resolved.<br><br>*See* Revised Bar Date Order, at Ex. A-2. |
| 7. | Claims submitted by the United States and any State California Agency should be exempt from the Debtors' proposed confidential treatment of Wildfire Claims. In addition, any | The Debtors have added the language below to the Revised Bar Date Order to address these issues. Accordingly, the Debtors believe these Objections have been resolved.<br><br>Notwithstanding anything herein to the contrary, for purposes of this Order, (i) Wildfire Claims shall not include any claims of any Governmental Unit of the State of California (each, a "**California State Agency**") related to or in any way arising from the Northern |

| | | |
|---|---|---|
| | California State Agency submitting a claim relating to the Northern California Wildfires should not be required to file a Wildfire Claimant Proof of Claim Form.<br><br>California State Agencies Objection [Dkt. No. 2307] at 3: 4-17; 7:18-21. | California Wildfires, (ii) no California State Agency shall be included as a Wildfire Claimant, and (iii) the claims of any California State Agency may be submitted utilizing the Standard Proof of Claim Form in accordance with the procedures set forth herein and otherwise applicable law.<br><br>Except with respect to any Wildfire Proof of Claim Forms submitted by the United States and any California State Agency, the supporting documentation submitted in connection with Wildfire Proof of Claim Forms (including any individual claim information subsequently submitted by any Wildfire Subrogation Claimant to Prime Clerk) shall remain confidential in these Chapter 11 Cases and shall not be made available to the general public. Copies of such information shall be provided on a confidential and professionals' eyes only basis to counsel for the Debtors, the Committees, the U.S. Trustee, and any additional parties the Court directs but only after each such party agrees to keep the information provided in the Wildfire Proof of Claim Forms confidential.<br><br>*See* Revised Bar Date Order, at ¶¶ 5, 6. |
| **Class Proofs of Claims** | | |
| 8. | The Debtors are seeking to improperly litigate the propriety of class proofs of claims in the Bar Date Motion<br><br>Interested Paradise Parties Objection [Dkt. No. 2240] at 17:1-6. | The Debtors are not seeking to litigate the propriety or allowance of class proofs of claim in the Bar Date Order. The Bar Date Motion does not request any action by, or relief from, the Court with respect to class proofs of claim. The proposed Bar Date Notices merely inform Wildfire Claimants that they should file Proofs of Claim. Accordingly, to the extent this Objection remains outstanding it should be overruled.<br><br>*See* Revised Bar Date Order, at ¶3(e). |

| | **Proposed Bar Date** | |
|---|---|---|
| 9. | The Debtors' proposed 95-Day Bar Date is insufficient and should be extended.<br><br>SLF Objection [Dkt. No. 2248] at 6:9-11.<br><br>TCC Objection [Dkt. No. 2306] at 29:9-10. | These Objections remain outstanding and are addressed in the Debtors' Reply. *See* Reply, at 9-11. The Debtors' proposed notice period of approximately ninety-five (95) days is not only consistent with but largely exceeds the notice periods provided claimants in other non-asbestos mass tort cases. *See In re TK Holdings, Inc.*, Case No. 17-11375 (BLS) (Bankr. D. Del. 2017) (approving 79-day bar date notice period for individuals asserting personal injury, wrongful death, or property damage that resulted from defective airbag inflator); *In re Blitz U.S.S., Inc.*, Case No. 11-13603 (PJW) (Bankr. D. Del. 2011) [Dkt. No. 1619] (approving 61-day bar date notice period for personal injury claims that resulted from defective gasoline cans); *In re Exide Techs.*, Case No. 02-11125 (KJC) (Bankr. D. Del. 2002) [Dkt. No. 1989] (approving 52-day bar date notice period for personal injury, property damage, and other claims relating to exposure to lead and other heavy metals); *In re Suntech Am., Inc.*, Case No. 15-10054 (CSS) (Bankr. D. Del. 2009) [Dkt. No. 86) (establishing 35-day bar date notice period for creditors, including products liability, antitrust, breach of contract, and other commercial litigation claimants). Accordingly, for the reasons set forth in the Reply, these Objections should be overruled.<br><br>*See* Reply, at 9-11. |
| | **Noticing Procedures** | |
| 10. | The list of Known Wildfire Claimants receiving direct notice is under-inclusive and the Debtors have not satisfied their burden of providing actual notice to all known Wildfire Claimants. | The Debtors believe their Notice Procedures are reasonably calculated to provide adequate notice of the Bar Date to known and unknown claimants and more than satisfy the requirements of due process of law. *See* Reply, at 12-20. Accordingly, for the reasons set forth in the Reply, this Objection should be overruled.<br><br>*See* Reply, at 12-20, Finnegan Decl., at ¶26. |

|     |     |     |
| --- | --- | --- |
|     | TCC Objection [Dkt. No. 2306] at 24:2-11. |     |
| 11. | The Debtors' proposed Supplemental Notice Plan fails to satisfy due process with respect to their efforts to identify Unknown Wildfire Claimants.<br><br>TCC Objection [Dkt. No. 2306] at 14:12-13. | The Debtors believe their Supplemental Notice Plan is more than reasonably calculated to provide adequate notice of the Bar Date to known and unknown claimants and more than satisfies the requirements of due process of law. Notwithstanding this, in an effort to satisfy any concerns the TCC or any other parties may have with respect to the Supplemental Notice Plan, the Debtors have included certain additional measures in their proposed Supplemental Notice Plan, including, Over the Top TV, streaming radio, and Out-of-Home advertising. *See* Reply, at 19-20. Accordingly, for the reasons set forth in the Reply, this Objection should be overruled.<br><br>*See* Reply, at 19-20, Finnegan Decl., at ¶¶ 60-96. |
| **Executory Contract and Rejection Damage Claims** | | |
| 12. | The Debtors (i) must clarify what claims relate to the rejection of an executory contract, (ii) make clear that parties reserve the right to object to the designation of any contract or agreement as an executory contract in their Schedules, and (iii) should set an earlier deadline for resolving disputes as to the applicability of section 365 to "force of law contracts." | At the request of certain Objectors, the Debtors have added the language below to the Revised Bar Date Order to address these issues. The Debtors are not aware of any requirement to set an earlier deadline for the rejection of any executory contracts other than as set forth in section 365 of the Bankruptcy Code. Accordingly, the Debtors believe these Objections have been resolved but, to the extent they remain outstanding, they should be overruled.<br><br>"The following persons or entities are **not** required to file a Proof of Claim on or before the Bar Date, solely with respect to the claims described below:<br><ul><li>(j) Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a claim that arises from or relates to the rejection of an executory contract or unexpired</li></ul> |

| | | |
|---|---|---|
| | California State Agencies Objection [Dkt. No. 2307] at 3:23-25.<br><br>Sonoma Clean Power Objection [Dkt. No. 2321] at 27:3-12. | lease must file a Standard Proof of Claim Form based on such rejection by the later of (i) the Bar Date, and (ii) the date that is thirty (30) days following the entry of the Court order approving such rejection, (which order may be the order confirming a chapter 11 plan in the Debtors' Chapter 11 Cases) or be forever barred from doing so.<br><br>(k) Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a ~~rejection damages claim~~claim for damages that arises from or relates to the rejection of the executory contract or unexpired lease) must file a Standard Proof of Claim Form for such amounts on or before the Bar Date unless an exception identified in paragraph (o) below applies."<br><br>"Nothing contained in this Order shall constitute a waiver of the right of any party in interest to dispute the Debtors' designation of any contract, program, policy, lease, or any other document or agreement as an executory contract or unexpired lease governed by section 365 of the Bankruptcy Code."<br><br>*See* Revised Bar Date Order, at ¶¶ 3(j)-(k), 16. |