| | |
|---|---|
| 1 | Dennis F. Dunne (admitted *pro hac vice*) |
| | Samuel A. Khalil (admitted *pro hac vice*) |
| 2 | MILBANK LLP |
| | 55 Hudson Yards |
| 3 | New York, New York 10001-2163 |
| | Telephone: (212) 530-5000 |
| 4 | Facsimile: (212) 530-5219 |
| 5 | and |
| 6 | Gregory A. Bray (SBN 115367) |
| | Thomas R. Kreller (SBN 161922) |
| 7 | MILBANK LLP |
| | 2029 Century Park East, 33rd Floor |
| 8 | Los Angeles, CA 90067 |
| | Telephone: (424) 386-4000 |
| 9 | Facsimile: (213) 629-5063 |
| 10 | *Counsel for the Official Committee of Unsecured Creditors* |

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| Debtors. | **STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING CROSS-MOTIONS FOR ENTRY OF A PROTECTIVE ORDER BY (I) OFFICIAL COMMITTEE OF TORT CLAIMANTS AND (II) DEBTORS** |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ☒ Affects both Debtors | Date: June 26, 2019 |
| * All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Time: 9:30 a.m. (Pacific Time) |
| | Place: United States Bankruptcy Court Courtroom 17, 16th Floor 450 Golden Gate Avenue San Francisco, CA 94102 |
| | Re: Docket Nos. 2419 and 2459 |

The Official Committee of Unsecured Creditors (the "Committee") of PG&E Corp. and Pacific Gas and Electric Company (collectively, the "Debtors") respectfully submits this statement regarding both the (i) *Motion of the Official Committee of Tort Claimants for Entry of a Protective Order* (the "TCC Protective Order Motion") [Docket No. 2419] and (ii) *Motion for Entry of Protective Order Pursuant to Fed. R. Bankr. P. 7026 and 9014(c) and 11 U.S.C. §105(a) Governing Discovery Materials and Other Information* [Docket No. 2459] (the "Debtors' Protective Order Motion" and, together with the TCC Protective Order Motion, the "Cross-Motions").

**STATEMENT**

1. The Debtors, the Committee, and the Official Committee of Tort Claimants (the "TCC") have agreed to nearly every provision in a 15-page Protective Order governing the exchange of "Discovery Material" in these cases. A single provision in that Order remains disputed, concerning which party—producing or receiving—should inform the Court first about an unresolvable dispute as to whether particular Discovery Material has been appropriately designated as confidential. This is a minor issue that should have been resolved consensually.

2. The Debtors solicited comments from the Committee on the form of a proposed protective order several weeks ago, and the Committee's feedback was largely incorporated.[1] The Committee was apprised of the dispute between the Debtors and the TCC concerning the "Judicial Intervention" provision of the proposed order and remained agnostic. While the Committee views the dispute as immaterial relative to the much more important business of gathering and sharing the information that will be necessary to accurately assess the magnitude of the Debtors' claims pools and bring these cases to a swift conclusion, the Committee's limited view on the issue is stated briefly herein.

---

[1] The Committee subsequently proposed an addition to Section 5.4 of the Debtors' proposed order ("'CONTRACTOR CONFIDENTIAL' Material"), affording PG&E Contractors who produce Discovery Material in these cases a parallel right to redact sensitive and proprietary financial information, such as "bidding calculations" or "profit information," subject to the challenge procedures set forth in the proposed order. The Debtors are in agreement with the Committee's proposed addition and have indicated that they will make the requested change.

# VIEW OF THE COMMITTEE

3. To be clear, the Committee would be agreeable to either articulation of the proposed "Judicial Intervention" provision. But to the extent an issue in dispute is which party shall bear the ultimate burden of proving whether a confidentiality designation is warranted, the Committee believes the burden should lie with the designating party.

4. Each of this District's model protective order and the majority of the relevant authority, including from this Court, indicate that it is proper for the designating party to bear the burden of proving that challenged confidentiality designations are warranted. In fact, none of the protective orders annexed to either of the competing motions place the ultimate burden of persuasion on the challenging party, and many expressly place the burden on the designating party. *See Declaration of Richard W. Slack in Support of Motion for Entry of Protective Order Pursuant to Fed. R. Bankr. P. 7026 and 9014(c) and 11 U.S.C. Section 105(a) Governing Discovery Materials and Other Information* [Docket No. 2460] ("Slack Decl.") Ex. B (Stipulated Protective Order, *In re PG&E*, Case No. 01-30923 (May 11, 2001), ECF No. 503) ¶ 10 ("The burden of proving that information has been properly designated as 'CONFIDENTIAL MATERIAL' or 'HIGHLY CONFIDENTIAL/ RESTRICTED MATERIAL' is on the party making such designation."); *id.* Ex. D (Stipulated Protective Order, *In re PG&E*, Case No. 01-30923 (May 24, 2001), ECF No. 691) ¶ 10 (same); *id.* Ex. G (Model Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets, U.S. District Court for the Northern District of California) at 9:10 ("The burden of persuasion in any such challenge proceeding shall be on the Designating Party."); TCC Protective Order Motion, Exhibit A (Declaration of Lars Fuller), Exhibit 1 (Stipulated Protective Order for Standard Litigation, U.S. District Court for the Northern District of California) ¶ 6.3 (same).[2]

---

[2] The remaining protective orders annexed to the motions are silent on which party bears the burden of persuasion in a challenge proceeding, if indeed a challenge proceeding is contemplated therein. *See id.* Ex. A (Stipulation for Protective Order; Order Thereon, *In re RDIO, Inc.*, Case No. 15-31430 (Jan. 15, 2016), ECF No. 165) ¶ 16 (silent on burden in challenge proceeding); Ex. C (Stipulated Protective Order Regarding Confidential Information, *In re PG&E*, Case No. 01-30923 (May 22, 2001), ECF No. 619) ¶ 17 (silent on burden in challenge proceeding); *id.* Ex. F (Agreed Protective Order, *In re Brobeck, Phleger & Harrison*, Case No. 03-32715-DM7 (Nov. 8, 2004), ECF No. 666) ¶ 10 (silent

5. Any counterargument appears to boil down to the notion that these cases are large and complex, and that because discovery is likely to be asymmetric, the Debtors will bear too onerous a burden. *See* Debtors' Protective Order Motion at 4:1-3, 4:20-24, 10:4-6, 10:7-10. But asymmetric discovery is inherent to the nature of discovery in all bankruptcy proceedings. Moreover, even in the previous iteration of this large, complex case, the Court found it proper to place the ultimate burden of persuasion in a challenge proceeding on the designating party. *See* Slack Decl. Ex. B. (Stipulated Protective Order, *In re PG&E*, Case No. 01-30923 (May 11, 2001), ECF No. 503) ¶ 10; *id.* Ex. D (Stipulated Protective Order, *In re PG&E*, Case No. 01-30923 (May 24, 2001), ECF No. 691) ¶ 10.

6. Notwithstanding the foregoing, the Committee will comply with either form of order that the Court determines to be just and proper.

Dated: June 19, 2019

**MILBANK LLP**

*/s/ Andrew M. Leblanc*
DENNIS F. DUNNE
SAMUEL A. KHALIL
GREGORY A. BRAY
THOMAS R. KRELLER
ANDREW M. LEBLANC

*Counsel for the Official Committee of Unsecured Creditors*

---

on burden in challenge proceeding) *id.* Ex. E (Order Directing Production of Documents to ISO/PX Market Participants Pursuant to Federal Bankruptcy Rule 2004 and Protective Order Respecting Confidentiality of Documents, *In re PG&E*, Case No. 01-30923 (July 11, 2001), ECF No. 1448) ¶ 5.I (contemplates objections to disclosures of designated material with outside parties, but no confidentiality challenge proceeding contemplated; silent on burden in disclosure proceedings).