WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**In re:**

**PG&E CORPORATION,**

**- and -**

**PACIFIC GAS AND ELECTRIC COMPANY,**

**Debtors.**

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☑ Affects both Debtors

** All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Case No. 19-30088 (DM)
Chapter 11
(Lead Case) (Jointly Administered)

**DEBTORS' OBJECTION TO MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR ENTRY OF A PROTECTIVE ORDER**

Date: June 26, 2019
Time: 9:30 a.m. (Pacific Time)
Place: United States Bankruptcy Court
Courtroom 17, 16th Floor
San Francisco, CA 94102

**Objection Deadline**: June 19, 2019
4:00 p.m. (Pacific Time)

PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this objection (the "**Objection**") to the *Motion of the Official Committee of Tort Claimants for Entry of a Protective Order*, dated June 5, 2019 [Docket No. 2419] (together with the supporting memorandum [Docket No. 2420], the "**TCC Motion**"). For the reasons set forth in the Debtors' *Motion for Entry of Protective Order Pursuant to Fed. R. Bankr. P. 7026 and 9014(c) and 11 U.S.C. § 105(a) Governing Discovery Materials and Other Information*, dated June 7, 2019 [Docket No. 2459] (the "**Debtors' Motion**"), the Debtors object to the TCC Motion and request that the Debtors' Motion be granted instead. The Debtors therefore incorporate by reference herein the Debtors' Motion and the accompanying *Declaration of Richard W. Slack in Support of Motion for Entry of Protective Order Pursuant to Fed. R. Bankr. P. 7026 and 9014(c) and 11 U.S.C. § 105(a) Governing Discovery Materials and Other Information*, dated June 7, 2019 [Docket No. 2460] (the "**Slack Declaration**").

In order to efficiently and fairly address confidentiality issues that will inevitably arise from discovery and the exchange of information in these Chapter 11 Cases, the Debtors worked diligently over a period of many weeks to prepare a protective order. The Debtors modeled the proposed protective order on the U.S. District Court for the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets — attached as Exhibit G to the Slack Declaration and available at https://www.cand.uscourts.gov/filelibrary/776/ND_Cal_Patent_Highly_Sensitive_Model_Prot_Ord_Revised.docx — with modifications to accommodate the unique and complex circumstances of a complicated bankruptcy proceeding, especially one where it is expected that the Debtors will be asked to produce information to many parties in connection with, among other things, various motions and adversary proceedings. The Debtors also considered a number of this Court's prior orders — including four from the prior PG&E bankruptcy and two from other bankruptcies that were attached as Exhibits A through F to the Slack Declaration. As part of that effort, the Debtors extensively met and conferred with the TCC and the UCC. Indeed, the Proposed Protective Order submitted with Debtors' Motion reflects language that has been the

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

product of extensive negotiations with the TCC and UCC. Since the filing of the Debtors' Motion, the Debtors have had further communications with interested parties, including the UCC and the CPUC, and have agreed to make additional changes. The Debtors hereby submit an amended version that reflects additional changes as a result of comments by the UCC and CPUC, annexed hereto as **Exhibit A** (the "**Amended Proposed Protective Order**"), as well as a redline reflecting the additional language, annexed hereto as **Exhibit B**.

As acknowledged by the TCC's Motion, "the parties have agreed substantially on a stipulated proposed protective order to govern the production and exchange of discovery in these jointly administered chapter 11 cases." Indeed, it is important that the Debtors have consistent procedures governing discovery in these Chapter 11 Cases, especially because the Debtors are likely to be the producing party in most circumstances. However, despite the Debtors' good faith efforts to work (and compromise) with interested parties on the language of an agreed-upon protective order, the TCC nonetheless has remained unwilling to agree on two issues:

First, the TCC would shift the responsibility for filing a motion with the Court to challenge a confidentiality designation from the challenging party to the designating party. Second, although the Debtors have agreed to the TCC's request that a challenge to a confidentiality designation may be brought at any time without any waiver for lack of a prompt challenge, the TCC would impose an inconsistent and drastic "waiver" provision under which a designating party (likely to be the Debtors in most cases) waives its confidentiality protection forever if it does not make a motion within 10 days of receiving any writing conveying a challenge to the designation.

As explained in the Debtors' Motion, the provisions proposed by the Debtors to address challenges to confidentiality designations accord with a number of protective orders entered in bankruptcy matters by this Court, including those attached to the Slack Declaration that include several protective orders entered in connection with the prior PG&E bankruptcy case. The protective orders attached as **Exhibits A** through **D** to the *Declaration of Richard W. Slack in Support of Debtors' Objection to Motion of the Official Committee of Tort Claimants for Entry of*

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

*a Protective Order* (the "**Slack Objection Declaration**") provide additional authority for the provisions the Debtors propose. The prior protective orders attached to the Slack Declaration and **Exhibits A** through **D** to the Slack Objection Declaration require the party challenging a confidentiality designation to prosecute its own challenge, rather than saddling the Debtors in a large complex bankruptcy with that burden upon the receipt of a letter or email making such a challenge. Moreover, none of the protective orders attached to the Slack Declaration or the Slack Objection Declaration imposed a waiver of confidentiality if the designating party were not to bring a motion before the Court within any specified period of time. The Debtors' Amended Proposed Protective Order likewise reflects the good judgment as set forth in these prior protective orders applicable in a complex bankruptcy.

The procedure that the TCC proposes, by contrast, would be burdensome and unfair to the Debtors. The TCC's protective order would require the potentially costly and time-consuming filing of motions whenever any counterparty contested a confidentiality designation in any writing, even a simple email. The TCC further would unreasonably require such filings to be made within a 10-day period of any written notice on pain of permanent waiver of the confidentiality protection at issue.

In addition to the reasons the Debtors elaborated in their Motion for the Court to adopt the Debtors' Proposed Protective Order, the Debtors point out that the Debtors' Amended Proposed Protective Order provides for separate language to address issues raised by other interested parties which is not reflected in the TCC's proposed protective order.

In sum, the Court should adopt the Debtors' Amended Proposed Protective Order.

The Debtors therefore respectfully request that the Court deny the TCC's Motion, approve the Debtors' Motion as amended, enter the Amended Proposed Protective Order to govern all discovery in the Chapter 11 Cases and related proceedings, including informal discovery, discovery under Bankruptcy Rule 2004, and discovery in connection with the Cases – as further described in the Debtors' Motion.

Dated: June 19, 2019 **WEIL, GOTSHAL & MANGES LLP**

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

**KELLER & BENVENUTTI LLP**

By: /s/ *Richard W. Slack*

*Attorneys for Debtors and Debtors in Possession*

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119