Gerald Singleton, SBN 208783
John C. Lemon, SBN 175847
SINGLETON LAW FIRM, APC
450 A Street, 5th Floor
San Diego, CA 92101
Tel:   (619) 771-3473
Fax:   (619) 255-1515
Email: gerald@slffirm.com
       john@slffirm.com

Attorneys for SLF Fire Victim Claimants

**Electronically Filed**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br><br>Debtors | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case–Jointly Administered)<br><br>**Objections by the Singleton Law Firm Fire Victim Claimants to: (1) the proof-of-claim form proposed by the Tort Claimants Committee (including a proposed alternative form); and (2) the wildfire-claim cut-off dates proposed by PG&E and the TCC**<br><br>Date:   June 11, 2019<br>Time:   9:30 a.m. (Pacific)<br>Place:  United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 94102<br>        Hon. Dennis Montali<br><br>Opposition Deadline: June 19, 2019 |

TO:   ALL COUNSEL AND THEIR ATTORNEYS OF RECORD

The Singleton Law Firm Fire Victim Claimants ("SLF Claimants") hereby submit the following objections to the proposed Proof of Claim Form submitted by the Official Committee of Tort Claimants (TCC) and to the proposed deadlines for submitting proofs of claims for fire claims proposed by PG&E and the TCC.

1

# I.

**The only disputes remaining between the two proposed claim forms are the SLF Claimants' request that claimants (1) indicate whether they were harmed by the Tubbs Fire, and (2) be permitted to state an amount of damages**

Since the initial filings on this subject, PG&E has withdrawn its proposed Wildfire Claimant Proof of Claim Form and has agreed to use the form proposed by the TCC. (Doc# 2604, pp. 2-3.) In addition, the TCC has modified its proposed form to permit multiple claimants from the same property (e.g., husbands and wives, etc.) to file a single claim form. (See Document Nos. 2604 and 2604-1.) Accordingly, the only two issues that remain are the SLF Claimants' request that the TCC's form be modified to (1) require wildfire claimants to indicate whether they were affected by the Tubbs Fire (as opposed to simply stating that they were harmed by the 2017 North Bay Fires), and (2) permit those wildfire victims who wish to do so to provide an amount of their claim.[1]

**A.  Identifying Tubbs Fire claimants will involve minimal effort and will benefit both the debtors and the creditors**

The SLF Claimants' proposed modifications of the TCC's proof of claim form are minor. Section 5 of the TCC's claim form lists the following 5 categories: Camp Fire (2018); North Bay Fires (2017); Ghost Ship Fire (2016); Butte Fire (2015); and Other, with a section for an explanation as to the nature of the injury causing event. (Doc# 2604-1, p. 6.) The SLF Claimants seek to modify one aspect of this section (section 4 in the SLF Claimants' proposed form), to add a line below "North Bay Fires (2017)" that reads: "[ ] Tubbs Fire  [ ] Other 2017 North Bay Fire". (Doc# 2248, p. 8.) Filling out this single additional line is not unduly burdensome.

It is important for the parties to know whether a claimant was harmed by the Tubbs Fire because, in light of Cal Fire's report stating that PG&E's equipment was not responsible for causing the Tubbs Fire, it is likely that PG&E will try to contest liability for starting Tubbs. The SLF Claimants believe that PG&E's equipment caused the Tubbs Fire and that, if and when this issue is

---

[1]  The SLF Claimants consist of approximately 4,800 wildfire victim claimants from the 2015, 2017, and 2018 fires who are represented by the Singleton Law Firm and other attorneys. Because the firms involved in each joint venture are different, these claimants are jointly referred to as the "SLF Claimants".

litigated, a trier of fact will conclude that PG&E was responsible. However, since the Tubbs Fire was extremely large (estimates for the overall damages range from $5-10 billion), any attempt to determine PG&E's overall liabilities for the wildfire damages subject to this bankruptcy must take Tubbs into account. If PG&E is going to contest liability in Tubbs, it will be very helpful for the parties to know the precise number of claims that will be affected.

In response, the TCC asserts, "The TCC's form requires Fire Claimants to identify the year of the fire giving rise to the Fire Claim and provide the location of loss. This information can be used to identify each Fire Claim arising out of the Tubbs Fire." (Doc# 2604, p. 4:4-6.)

Respectfully, this is incorrect. The TCC's form merely requires the claimant to state whether he or she was harmed by the 2017 North Bay Fires, which could include any of 19 separate fires. By adding the single additional line requested by the SLF Claimants, the parties can obtain this important information with minimal additional effort.

Accordingly, since this information is important for the parties to know, and since it can easily be obtained, the Court should adopt the SLF Claimants' proposed form and require those claimants affected by the Tubbs Fire to state this fact in their proof of claim.

**B.   Those claimants who wish to provide their claim amount on the streamlines "wildfire specific" proof of claim form should be permitted to do so**

In their response, the TCC provides no reason as to why the wildfire specific claim form should not be modified to permit those individuals who know their claim amount to state it in their proof of claim form. Instead, the TCC merely points out that (1) many claimants will have non-economic damages, (2) expert testimony is used to determine damages for property losses, and (3) any claimant who wishes to do so may use Official Form 410.

While these statements are factually correct, they miss the point.

The purpose of using a specialized "wildfire claim" form is to streamline the process and provide additional information to the parties. A claimant should not have to chose between listing the amount of his/her damages (which, as PG&E has repeatedly stated, assists PG&E in evaluating its total liabilities and therefore leads to quicker resolution of the case) and using a streamlined form that

3

allows multiple claimants whose damages stem from the same property to file a single claim form. This is neither efficient nor logical.

While some plaintiffs may not know the amount of their economic, or non-economic, damages at the time they file their proof of claim, many do. Counsel for the SLF Claimants have had damages experts evaluating their clients' losses since the fires occurred. In many cases, our experts have already provided their reports regarding the specific amount of damages sustained by a particular claimant. There is no logical reason why those claimants who know their damages should not be permitted to simply list the total amount on their proof of claim form. This is much more efficient than requiring them to use Official Form 410, which would lead to numerous inefficiencies by, inter alia, requiring a husband and wife who jointly own a property each to list the full amount of their property losses on separate forms. It would be more efficient, and provide PG&E and the claimants with more accurate information, if these two spouses were allowed to jointly file a "wildfire specific" claim that simply lists the amount of their joint loss.

Finally, contrary to the TCC's assertion, the SLF Claimants' proposed form does <u>not</u> "ask Fire Claimants to guess at the total amount of their Fire Claims as a condition to filing a proof of claim." (Doc# 2604, p. 4:10-11.) Rather, the SLF Claimant's proposed form offers claimants a choice: they can either (1) check the box stating that the claim is "To be determined in an amount according to proof" (which is the same choice contained the TCC's proposed form) (Doc# 2604-1, p. 7), or (2) list an amount that "Creditor(s) will accept … to resolve his/her/their claim". (Doc# 2248, p. 9.)

Thus, the SLF Claimants' proposed proof of claim form allows for providing the maximum amount of information without forcing any claimant to guess at the amount of his/her claim or prejudicing any claimant who does not know this amount. Accordingly, the Court should adopt this modification as well.

## II.

**The Court should set the claims filing deadline for November 8, 2019**

In their filings, PG&E proposed a tort-claim deadline of September 16, 2019. The TCC has proposed a deadline in January 2020. The SLF Claimants submit that establishing a claims-filing

4

deadline of November 8, 2019 (one year from the date of the Camp Fire) is the best way to achieve the necessary balance of providing sufficient notice while still moving the case along as quickly as possible.

The purpose of a claim-filing deadline (or bar date) is obviously to balance the rights of creditors against the debtor's need to identify the universe of claims against it. Here, the SLF Claimants propose November 8, 2019 – one full year since the fire – as a workable deadline that is both easy to remember and disseminate in the community (i.e., "If your house burned down in the Camp Fire and you want to sue PG&E, you have one year from the date of the fire to file a proof of claim in the bankruptcy court.").

## III.
## Conclusion

The SLF Claimants respectfully request that this Court approve their modified proof-of-claim form so that they may provide PG&E with the "critical information" it needs immediately. They also request a bar date for filing claims of November 8, 2019.

Respectfully submitted,

Dated: June 19, 2019　　　　　　　　　　SINGLETON LAW FIRM, APC

By: 　*/s/ Gerald Singleton*
　　　Gerald Singleton
　　　John C. Lemon
Attorneys for the Singleton Law
Firm Fire Victim Claimants