Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone:    628.208.6434
Facsimile:    310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone:    310.820.8800
Facsimile:    310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>  Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR ENTRY OF AN ORDER SUPPLEMENTING COMPENSATION PROCEDURES ORDER FOR RETENTION OF EXPERTS (DOC. NO. 701)**<br><br>Date:   July 23, 2019<br>Time:   9:30 a.m. (Pacific Time)<br>Place:  United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 94102<br><br>**Objections Due: July 16, 2019** |

The Official Committee of Tort Claimants (the "**TCC**") of PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**") hereby submits this application (the "**Application**") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, supplementing the Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "**Compensation Procedures Order**") [Doc. No. 701] to provide for the TCC's employment of experts (the "**Experts**") and approving the compensation procedures in connection therewith. In support of the Application, the TCC respectfully represents as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges* of the United States District Court of the Northern District of California, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2. On January 29, 2019 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "**Cases**") in the United States Bankruptcy Court for the Northern District of California (the "**Court**"). On January 31, 2019, the Court entered an order consolidating the Cases for joint administration [Doc. No. 207].

3. The Debtors continue to manage their assets and operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in the Cases.

4. On February 15, 2019, the Office of the United States Trustee ("**U.S. Trustee**") filed an Appointment of the Official Committee of Tort Claimants [Doc. No. 453]. Following the resignation of Richard Heffern from the original committee and the addition of Tommy Wehe, on February 21, 2019, the U.S. Trustee filed the Amended Appointment of the Official Committee of Tort Claimants [Doc. No. 530]. The members of the TCC are: (i) GER Hospitality, LLC, in its

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

capacity as an individual claimant; (ii) Kirk Trostle; (iii) Tommy Wehe; (iv) Angelo Loo; (v) Karen K. Gowins; (vi) Agajanian, Inc.; (vii) Susan Slocum; (viii) Samuel Maxwell; (ix) Karen M. Lockhart; (x) Wagner Family Wines-Caymus Vineyards; and (xi) Gregory Wilson.  The TCC conducted a meeting on February 15, 2019, at which all members were present, and appointed Karen M. Lockhart as Chairperson.

5. On February 6, 2019, the Debtors filed the Motion of Debtors Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Doc. No. 349].

6. On February 28, 2019, the Court entered the Compensation Procedures Order [Doc. No. 701].  The Compensation Procedures Order does not specifically provide for procedures regarding the retention and compensation of expert witnesses.

7. On May 29, 2019, the Court entered the Order Appointing Fee Examiner and Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses ("**Fee Examiner Order**") [Doc. No. 2267].  The Fee Examiner Order applies to professionals "requesting compensation and/or reimbursement of expenses for services rendered pursuant to sections 327, 330 and 331..."  Fee Examiner Order at ¶ 2.  The Fee Examiner Order also amended the Compensation Procedures Order to provide that the fee examiner (the "**Fee Examiner**") must be served with the fee statements and fee applications of professionals, and to grant the Fee Examiner status as a professional with standing to object to fee statements and fee applications.

## Experts Compensation Procedures

8. The Compensation Procedures Order presently provides that Retained Professionals, including the TCC's counsel, "may seek interim payment of compensation and reimbursement of expenses in accordance with …" the terms of the Compensation Procedures Order.  *Id.* at ¶ 2.  However, the Compensation Procedures Order does not specifically provide procedures for the retention and compensation of experts.

9. One of the most critical threshold issues in these Cases is the accurate quantification of tort claim damages (the "**Tort Claims**").  Given the importance and complexities of this issue

to the Cases, the TCC will be required to retain Experts to assist the TCC in quantifying the tens of billions of dollars of Tort Claims to assist in the Debtors' reorganization and plan process. Indeed, the Debtors have hired their own experts to assist in their quantification of the Tort Claims and, for there to be potential consensus, the TCC will also have to retain Experts. The TCC believes that the Experts will provide services to the TCC and its advisors. However, if ultimately necessary, certain of the Experts may also be required to offer opinion testimony in proceedings before the Court.

10. Among its other professionals, the Debtors have retained Compass Lexecon, LLC ("**Compass**") as a consultant and expert witness to assist the Debtors, through counsel, in the analysis and evaluation of wildfire damages and claims. Compass' retention was done without court order, and presumably its fees and expenses will be passed through Debtors' counsel as an estate expense. The TCC submits that the Court should permit the TCC's counsel to retain Experts similarly whose compensation will be paid as an estate expense.

11. The TCC proposes amending the Compensation Procedures Order to add the following requirements for Experts:

- The TCC, Debtors and Official Committee of Unsecured Creditors (the "**UCC**") are authorized to retain expert witnesses and consultants for the purposes of claims calculation, litigation and related matters, without need for further order of the Court, and the Debtors shall pay such fees and expenses pursuant to the Compensation Procedures Order and as amended by the revised procedures.

- Counsel for the TCC, UCC and Debtors will include the aggregate amount of each Expert's monthly fees and expenses as a line item in each of their monthly fee statements. There shall be a separate line item for each Expert. The names of the Experts will be redacted to protect confidentiality and potential privilege issues.

- Upon request, counsel for the TCC, UCC or Debtors, as applicable, will submit unredacted invoices to the U.S. Trustee and Fee Examiner. To the extent a dispute relating to any Expert invoice is presented to the Court, such invoice will be submitted under seal to the Court. All invoices so submitted will remain under seal and confidential and not made available to anyone without the consent of the TCC, UCC or Debtors, as applicable, or further order of the Court.

- The provisions of the Compensation Procedures Order governing payment of fee statements and fee applications will govern payment to the TCC, UCC, Debtors or their respective counsel for the Experts.

12. The TCC submits that the proposed amendments to the Compensation Procedures Order will avoid any potential issues regarding the compensation of Experts whose services are necessary to ensure the continued progress of the Cases. Counsel for the TCC has consulted with counsel for the Debtors and the UCC and they consent to the relief requested herein.

**Basis for Relief**

A. **Individual Retention Applications Are Not Required For Experts**

13. Courts have held that a formal retention application is not always a prerequisite for employment of experts. *See*, *e.g. Order Approving Pacific Gas and Electric Company's Motion to Authorize the Retention of Experts Without Further Order of the Court*, *In re Pacific Gas and Electric Co.*, Case No. 01-30923 DM (Bankr. N.D. Cal. July 12, 2002), ECF No. 8741; *Elstead v. Nolden (In re That's Entertainment Marketing Group, Inc.)*, 168 B.R. 226 (N.D. Cal. 1994). Instead, persons retained to provide expert opinions or testimony are routinely employed and compensated by estates without formal retention applications. *In re That's Entertainment Marketing Group, Inc.*, 168 B.R. at 230; *In re Napoleon*, 233 B.R. 910, 911 (Bankr. D.N.J. 1999); *In re Ponce Marine Farm, Inc.*, 259 B.R. 484, 494 (Bankr. D.P.R. 2001). "Most courts have come to the conclusion that there is no requirement of prior court authorization for retention of an expert witness because an expert is not a 'professional person' within the meaning of § 327." *In re Napoleon*, 233 B.R. at 913. Indeed, the Court approved the retention of Compass in May, 2019 without the necessity of a court order. *In re PG&E Corp.*, Case No. 19-30088 (DM), May 22, 2019 Hearing, Tr. at 9:1-7. Accordingly, the TCC submits that it may retain Experts in the course of its duties without first filing individual retention applications.[1]

B. **Supplement to the Compensation Procedures Order**

14. The TCC's counsel will continue to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Compensation Procedures Order, the Guidelines promulgated by the Office of the United States Trustee, and any

---

[1] If the Court determines that the TCC must seek approval of each Expert, the TCC respectfully requests that the Court permit the TCC to file the applications under seal. Otherwise the TCC will be prejudiced, including by being forced to reveal work product and case strategy.

additional procedures that may be established by the Court in these Cases. However, the TCC respectfully requests that the Compensation Procedures Order be amended as set forth above to avoid any ambiguity regarding payment of Experts, and to shield information which is protected by the work product doctrine and any other privileges from disclosure.

15. Subject to the Court's approval, the Experts will be compensated at their standard hourly rates, which are based on the Experts' level of experience, plus reimbursement of the actual and necessary expenses that the Experts incur in accordance with the ordinary and customary rates which are in effect on the date the services are rendered.

16. The Experts will maintain detailed, contemporaneous records of time and any necessary costs and expenses incurred in connection with the rendering of their services and will be reimbursed for such costs and expenses in conformity with the Guidelines promulgated by the U.S. Trustee as in effect in this District.

### Notice

17. Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Debtors; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Cases and requested service pursuant to Bankruptcy Rule 2002. The TCC respectfully submits that no further notice is required.

### No Prior Request

18. No previous request for the relief sought herein has been made to this or any other court.

### Reservation of Rights

19. The TCC respectfully reserves the right to file a brief and memorandum of law in

Baker & Hostetler LLP
Attorneys at Law
San Francisco, CA

response to any objection to this Application.

   WHEREFORE, the TCC respectfully requests that this Court enter an order, in the form attached hereto as **Exhibit A**, (a) supplementing the Compensation Procedures Order, and (b) granting such other and further relief as is just and proper.

Dated: June 20, 2019

                 BAKER & HOSTETLER LLP

                 By: /s/ *Kimberly Morris*
                     Robert A. Julian
                     Kimberly Morris

*Attorneys for Official Committee of Tort Claimants*

Jorian L. Rose
Elyssa S. Kates
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA