**Exhibit A**
**Proposed Order**

Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone:     628.208.6434
Facsimile:     310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone:     310.442.8875
Facsimile:     310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official
Committee of Tort Claimants*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>      Debtors.<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**[PROPOSED] ORDER SUPPLEMENTING COMPENSATION PROCEDURES ORDER FOR RETENTION OF EXPERTS (DOC. NO. 701)** |

Upon the Application, dated June 19, 2019, (the "**Application**"),[2] of the Official Committee of Tort Claimants (the "**TCC**") of PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**") for an order supplementing the Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "**Compensation Procedures Order**") [Doc. No. 701] to provide for the TCC's employment of experts (the "**Experts**") and approving the compensation procedures in connection therewith; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Application as provided to the parties listed therein is reasonable and sufficient; and it appearing that no other or further notice need be provided; and this Court having reviewed the Application; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Application is approved solely to the extent set forth herein.

2. The Compensation Procedures Order is hereby amended to include the following:

**Expert Compensation Procedures:**

a) The TCC, UCC and Debtors are authorized to retain expert witnesses and consultants for the purposes of claims calculation, litigation and related matters, without need for further order of the Court, and the Debtors shall pay such fees and expenses pursuant to the Compensation Procedures Order and herein.

---

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

b) Counsel for each of the TCC, UCC and Debtors will include the aggregate amount of each Expert's monthly fees and expenses as a line item in each of their monthly fee statements. There shall be a separate line item for each Expert. The names of the Experts will be redacted to protect confidential information.

c) Upon request, counsel for the TCC, UCC or Debtors, as applicable, will submit unredacted invoices to the U.S. Trustee and Fee Examiner. To the extent a dispute relating to any Expert invoice is presented to the Court, such invoice will be submitted under seal to the Court. All invoices so submitted will remain under seal and confidential and not made available to anyone without the consent of the TCC, UCC or Debtors, as applicable, or further order of the Court.

d) The provisions of the Compensation Procedures Order governing payment of fee statements and fee applications will govern payment to the TCC, UCC, Debtors or their respective counsel for the Experts.

3. Notwithstanding anything to the contrary herein, to the extent the Office of the United States Trustee and Fee Examiner object to any invoices of the Experts, the U.S. Trustee and Fee Examiner shall redact any discussion of the invoices (and shall not disclose the name of any Expert) in their objections and any invoices attached to the objections shall be submitted under seal.

4. Notwithstanding anything to the contrary in the Application, or any engagement agreements, the Experts shall not seek reimbursement of any fees or costs arising from the defense of any of the Experts' invoices submitted in these Cases.

5. To the extent that there may be any inconsistency between the terms of the Application, any agreements retaining Experts, and this Order, the terms of this Order shall govern.

6. Notwithstanding anything to the contrary in the Application or any agreement retaining any Expert, the Experts' allowed compensation shall have the same priority as the allowed professional fees and expenses of professionals retained in the Cases.

7. The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Cases to cases under chapter 7.

8. The TCC is authorized to take all steps necessary or appropriate to carry out this Order.

- 11 -

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order. For the avoidance of doubt, notwithstanding any provision in any engagement agreement to the contrary, during the pendency of these Cases, this Court shall have exclusive jurisdiction over the approval of fees due and owing to the Experts.

** END OF ORDER **

Baker & Hostetler LLP
Attorneys at Law
San Francisco, CA