Dario de Ghetaldi – Bar No. 126782
Amanda L. Riddle – Bar No. 215221
Steven M. Berki – Bar No. 245426
Sumble Manzoor – Bar No. 301704
**COREY, LUZAICH,
DE GHETALDI & RIDDLE LLP**
700 El Camino Real
P.O. Box 669
Millbrae, CA 94030-0669
Telephone: (650) 871-5666
Facsimile: (650) 871-4144
deg@coreylaw.com
alr@coreylaw.com
smb@coreylaw.com
sm@coreylaw.com

Michael S. Danko – Bar No. 111359
Kristine K. Meredith – Bar No. 158243
Shawn R. Miller – Bar No. 238447
**DANKO MEREDITH**
333 Twin Dolphin Drive, Suite 145
Redwood Shores, CA 94065
Telephone: (650) 453-3600
Facsimile: (650) 394-8672
mdanko@dankolaw.com
kmeredith@dankolaw.com
smiller@dankolaw.com

Eric Gibbs – Bar No. 178658
Dylan Hughes – Bar No. 209113
**GIBBS LAW GROUP**
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@classlawgroup.com
dsh@classlawgroup.com

Attorneys for Individual
Fire Victim Creditors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PG&E CORPORATION and<br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM) | Bankruptcy Case<br>No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>   (Jointly Administered)<br><br>**LIMITED OBJECTION TO CROSS-MOTIONS FOR ENTRY OF A PROTECTIVE ORDER (Docket Nos. 2419 & 2459)**<br><br>Date: June 26, 2019<br>Time: 9:30 a.m.<br>Place: United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 94102 |

Individual Fire Victim Creditors ("IFVC") represented by the law firms of Corey, Luzaich, de Ghetaldi & Riddle LLP and Danko Meredith (the "Corey/Danko firms") and the Gibbs Law Group respectfully submit this limited objection to the following cross-motions for entry of a protective order ("Cross-Motions"): (1) *Motion of Official Committee of Tort Claimants for Entry of a Protective Order*, Docket No. 2419 (the "TCC Protective Order Motion"); and (2) *Motion for Entry of Protective order Pursuant to Fed. R. Bnakr. P. 7026 and 9014(c) and 11 U.S.C. § 105(a) Governing Discovery Materials and other Information*, Docket No. 2459 ("Debtors' Protective Order Motion").

## I. INTRODUCTION

The IFVC are comprised of approximately 2,700 individuals and business entities who have been harmed by the 2015 Fresno Sheriff's Gun Range Explosion and Fire, the 2015 Butte Fire, the 2017 North Bay Fires, and the 2018 Camp Fire. The IFVC is not represented on the TCC.

The Cross-Motions contain provisions that are contrary to the interests of the IFVC and that were not discussed with their attorneys prior to the Cross-Motions being filed.

Specifically, the protective orders advanced by the Cross-Motions would not allow counsel for the IFVC to receive copies of any documents marked "Confidential" by the Debtors unless the Debtors so agree or the Court so orders. (See TCC Protective Order Motion, Docket No. 2419-1, pp. 10-12 of 18 at §§ 7.2-7.3; see also Debtors' Protective Order Motion, Docket No. 2459-1, pp. 10-12 of 19 at §§ 7.2-7.3.)

## II. ARGUMENT

Adoption of the restrictive provisions limiting production of documents marked "Confidential" would be prejudicial to the IFVC and their counsel. The IFVC do not currently have a representative on the TCC and their counsel will not be allowed to employ their knowledge and experience to review, or comment on, or use to assist their clients or the TCC without approval of the Debtors or the Court. Requiring the IFVC's counsel to seek approval from the Debtors or the Court prior to viewing any document marked "confidential" will place a substantial and unnecessary burden on the IFVC's counsel given Debtors' prior practice of being somewhat over-inclusive in designating documents as "confidential."

The Cross-Motions do not state any reason or justification for the restrictive scope of production that effectively limits disclosure of document discovery to only the requesting party. No such justification exists.

The Corey/Danko/Gibbs firms are veterans of litigation against PG&E going back to the 2010 San Bruno Explosion and Fire Cases, the 2015 Butte Fire Cases, and the 2017 North Bay Fire Cases, and the 2018 Camp Fire Cases. The Corey/Danko firms held leadership positions in each of those litigations and over the years received and reviewed hundreds of thousands of PG&E documents including tens of thousands that were marked "confidential."

Finally, the restrictive provisions are unnecessary given the moving parties' agreement on the form of an "Acknowledgement and Agreement to Be Bound," an agreement to which counsel for the IFVC will readily agree and sign. (See TCC Protective Order Motion, Docket No. 2419-1, Ex. B, p. 18 of 18; see also Debtors' Protective Order Motion, Docket No. 2459-1, p. 19 of 19.)

### III. CONCLUSION

For all of the foregoing reasons, the IFVC respectfully request that the Court only approve a Protective Order in a form that allows counsel for any creditor who signs the proposed "Acknowledgement and Agreement to Be Bound" to receive and use copies of any documents produced by Debtors provided any such use is pursuant to the terms of the Protective Order.

DATED: June 20, 2019                     Respectfully submitted,

**COREY, LUZAICH, DE GHETALDI & RIDDLE LLP**

By: _/s/ Dario de Ghetaldi_
Dario de Ghetaldi
Amanda L. Riddle
Steven Berki
Sumble Manzoor
Attorneys for Indivisual Fire Victim Creditors

**DANKO MEREDITH**
Michael S. Danko
Kristine K. Meredith
Shawn R. Miller
Attorneys for Individual Fire Victim Creditors

**GIBBS LAW GROUP**
Eric Gibbs
Dylan Hughes
Attorneys for Individual Fire Victim Creditors