AKIN GUMP STRAUSS HAUER & FELD LLP

Michael S. Stamer (*pro hac vice*)
Ira S. Dizengoff (*pro hac vice*)
David H. Botter (*pro hac vice*)
Abid Qureshi (*pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: mstamer@akingump.com
idizengoff@akingump.com
dbotter@akingump.com
aqureshi@akingump.com

AKIN GUMP STRAUSS HAUER & FELD LLP

Ashley Vinson Crawford (SBN 257246)
580 California Street
Suite 1500
San Francisco, CA 94104
Telephone: (415) 765-9500
Facsimile: (415) 765-9501
Email: avcrawford@akingump.com

*Counsel to the Ad Hoc Committee of Senior Unsecured Noteholders of Pacific Gas and Electric Company*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>            **Debtors.**<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**JOINDER OF THE AD HOC COMMITTEE OF SENIOR UNSECURED NOTEHOLDERS TO OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' TO THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' BAR DATE MOTION**<br><br>**Hearing**<br>Date: June 26, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: Courtroom 17<br>        450 Golden Gate Ave, 16th Floor<br>        San Francisco, CA 94102<br><br>**Re:** Docket Nos. 2297, 2650 |

The Ad Hoc Committee of Senior Unsecured Noteholders of Pacific Gas and Electric Company (the "Ad Hoc Committee") in the above-captioned chapter 11 cases of Pacific Gas and Electric Company (the "Utility") and PG&E Corporation ("PG&E" and, together with the Utility, the "Debtors"), by its undersigned counsel, Akin Gump Strauss Hauer & Feld LLP, hereby joins (the "Joinder") the *Objection of the Official Committee of Unsecured Creditors to the Official Committee of Tort Claimant's Bar Date Motion* [Docket. No. 2650] (the "UCC Objection").[1] In support of the Joinder, the Ad Hoc Committee respectfully states the following:

**JOINDER**

1. Pursuant to the *Motion of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. §§ 105(a), 501, and Fed. R. Bankr. P. 3001(a), 3003(c), 5005 and 9007 for Entry of an Order (I) Establishing a Bar Date for Filing Fire Claims, (II) Approving the Form and Procedures for Notice of the Bar Date for Fire Claims, and (III) Approving Supplemental Procedures for Notice of the Bar Date to Fire Claimants* [Docket No. 2297] (the "TCC Bar Date Motion"), the Official Committee of Tort Claimants seeks a bar date for fire victims of January 31, 2020, a date more than seven months from now and a full year from the date these cases were commenced. While the Ad Hoc Committee is aware of the difficulties the tort claimants may face in filing proofs of claim, the Ad Hoc Committee shares the concerns of the Official Committee of Unsecured Creditors (the "UCC") regarding the attempts of the Official Committee of Tort Claimants (the "TCC") to cause a significant delay in the administration of these cases. Indeed, if the news reports are accurate, Governor Newsom's contemplated legislation to create a fund to pay future wildfire claims requires PG&E to have emerged from these proceedings by June 30, 2020 in order to participate in the fund.[2] As a result, the Ad Hoc Committee joins in the UCC Objection and agrees with the UCC, and indeed, prior statements made by the TCC,[3] that it is in the best interest of all parties, including the tort claimants, that this case move forward as quickly as possible so that all creditors, including the wildfire victims, can be paid and reorganized PG&E and its constituents

---

[1] Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the UCC Objection.

[2] *See* Mark Chediak, *If PG&E Wants Newsom's Wildfire Aid, Here's What It Has to Do*, Bloomberg (June 21, 2019) https://www.bloomberg.com/news/articles/2019-06-21/if-pg-e-wants-newsom-s-wildfire-aid-here-s-what-it-has-to-do.

[3] *See* UCC Objection at 2.

can benefit from any legislation that is subsequently enacted.

2. The Ad Hoc Committee strongly believes that the extension proposed by the TCC in the TCC Bar Date Motion is not in the best interest of any party in these cases, including the TCC's constituents. The Ad Hoc Committee has maintained throughout the pendency of these chapter 11 cases that all key stakeholders should focus their efforts on building consensus with respect to a confirmable chapter 11 plan and the Debtors' exiting from bankruptcy as soon as possible. The establishment of a bar date in the near term is essential to these efforts as it will provide the key stakeholders with critical information regarding the nature and scope of claims in these chapter 11 cases. Granting the relief requested in the TCC Bar Date Motion and setting the bar date on January 31, 2020 could delay unnecessarily the conclusion of the Debtor's bankruptcy, thereby delaying creditor recoveries.

3. Additionally, Ad Hoc Committee echoes the UCC's request that the TCC share the claims information in the BrownGreer database with all major parties in interest, particularly in light of the Debtors' acceptance of the TCC's proposed proof of claim form for fire victims, a form which calls for little information. Denying other stakeholders relevant information about the universe of claims and forcing them to devote attention to a discovery process in order to get such information can only serve to hinder and delay the claims reconciliation process and arriving at a successful conclusion to these cases.

4. Despite the TCC's prior assertions that they seek an expeditious emergence from bankruptcy and payment of creditor claims, granting the relief requested in the TCC Bar Date Motion would accomplish neither. The best course of action here is for all parties in interest to work together in good faith (i) to gather and share all necessary wildfire claims information as quickly as possible and (ii) to try to reach a resolution on any open issue that could delay confirmation of a chapter 11 plan and the Debtors' emergence from chapter 11.

**RESERVATION OF RIGHTS**

5. The Ad Hoc Committee reserves the right to raise further and other objections to the Motion at the hearing as may be necessary or appropriate.

[*Remainder of page left intentionally blank*]

**WHEREFORE**, for the foregoing reasons, the Ad Hoc Committee respectfully requests that the Court (i) sustain the UCC Objection to the TCC Bar Date Motion; (ii) approve the Debtors' Proposed Bar Date; and (iii) grant such other and further relief as is just, equitable and proper.

Dated: June 21, 2019

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/
David H. Botter (*pro hac vice*)
Michael S. Stamer (*pro hac vice*)
Ira S. Dizengoff (*pro hac vice*)
Abid Qureshi (*pro hac vice*)
Ashley Vinson Crawford (SBN 257246)

*Counsel to the Ad Hoc Committee of Senior Unsecured Noteholders of Pacific Gas and Electric Company*