WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**UTILITY REPLY IN SUPPORT OF MOTION FOR LIMITED RELIEF FROM AUTOMATIC STAY AND IN RESPONSE TO PPA MOTIONS SEEKING RELATED RELIEF**<br><br>Related Dkt. Nos. 2359, 2400, 2403<br><br>Date: June 26, 2019<br>Time: 9:30 a.m. (PDT)<br>Place: United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 94102<br><br>Debtors' Response Deadline: June 21, 2019<br>                                                      4:00 p.m. (PDT) |

Pacific Gas and Electric Company ("Utility"), as debtor and debtor in possession in the above-captioned chapter 11 cases, respectfully submits this reply in support of its motion for limited relief from the automatic stay motion ("Utility Motion") (Dkt. No. 2359) and in response to the motions of NextEra Energy Partners, L.P. ("NextEra") and Consolidated Edison Development, Inc. ("Con Edison"), both of which seek relief from the automatic stay to allow them to seek to participate in any appeal by the Utility of certain FERC Orders (the "PPA Motions") (DKT Nos. 2400 and 2403). A number of joinders were also filed in connection with PPA Motions. In response to the Utility Motion, NextEra, Con Edison and the Federal Energy Regulatory Commission ("FERC") submitted limited objections.

The Utility has no objection to NextEra and Con Edison participating in any appeal of the FERC Orders but submits this response to make clear that, at this time, the Utility only seeks to lift the automatic stay in order to allow it to file a petition of review – essentially, a notice of appeal -- of the FERC Orders, along with the routine documents to be filed in conjunction with such a petition under the Ninth Circuit's rules (such as a corporate disclosure statement), and to allow any potential intervenors to file motions for leave to intervene under Federal Rule of Appellate Procedure 15(d). Any further relief from the automatic stay should await a decision by the United States Court of Appeals for the Ninth Circuit on whether to authorize direct appeal consistent with this Court's Certification of Direct Appeal.

As the Court is aware, on June 3, 2019, the Utility filed the Utility Motion seeking certain retroactive and prospective relief from the automatic stay so as to allow the Utility to preserve its appellate rights to challenge various FERC Orders, including to pursue any such appeal to conclusion. That filing was made prior to this Court's June 7, 2019 ruling in connection with the Debtors' adversary proceeding against FERC in which the Court entered judgment in favor of the Utility and PG&E Corporation. Adv. Proc. No. 19-03003, Dkt. Nos. 153 and 154. An Amended Declaratory Judgment was entered on June 12, 2019. Adv. Proc. No. 19-03003, Dkt. No. 155 (the "Amended Declaratory Judgment"). Also on June 12, 2019, the Court issued its Memorandum Regarding Certification For Direct Appeal to Court of Appeals in which it determined that direct appeal to the Ninth Circuit of the Amended Declaratory Judgment is appropriate, and also issued the Certification

for Direct Appeal to Court of Appeals. Adv. Proc. No. 19-03003, Dkt. Nos. 156 and 158 (together, the "<u>Certification</u>").

Accordingly, while the Utility has no objection to NextEra and Con Edison participating in any appeal to the Ninth Circuit of the FERC Orders, it is the Utility's position that the timing of any such appeal should depend on whether the Ninth Circuit authorizes direct appeal pursuant to the Certification. In the event the Ninth Circuit authorizes a direct appeal, the Utility has no objection to lifting the automatic stay to allow any appeal of the FERC Orders to proceed and to allow the parties in the adversary proceeding to also participate in it, with the goal being to consolidate that appeal with the appeal of the Amended Declaratory Judgment. If the Ninth Circuit does not authorize a direct appeal, however, and appeal of the Amended Declaratory Judgment must first proceed through the District Court, it is the Utility's position that the automatic stay should be lifted at this time solely to permit the Utility to file the necessary Petition for Review (and the routine documents to be filed in conjunction with the Petition for Review under the rules of appellate procedure) to preserve its appellate rights relating to the FERC Orders. Moreover, the Utility has no objection to lifting the stay to permit filing of intervention motions by potential intervenors such as NextEra or Con Edison to preserve their appellate rights, but in all other respects the appeal of the FERC Orders should be subject to the automatic stay. That would allow the legal issues common to an appeal of the FERC Orders and an appeal of the Amended Declaratory Judgment to be considered together by the Ninth Circuit, which would maximize the speed and efficiency of the appellate proceedings.

As relates to FERC's submission in opposition to the Utility Motion, Dkt No. 2610, the Utility is open to devising an order that may satisfy FERC's desire to avoid a determination regarding the applicability of Bankruptcy Code section 362(b)(4), but only if it is clear that any proceedings on appeal of the FERC Orders, other than the filings specified above (and described in detail in the attached proposed order), are stayed unless the Ninth Circuit authorizes a direct appeal of the Amended Declaratory Judgment. In the absence of an agreed upon order, the Utility requests that the Court enter the order attached hereto as Exhibit A.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| | |
|---|---|
| Date: June 21, 2019 | **WEIL, GOTSHAL & MANGES LLP** |
| | **KELLER & BENVENUTTI LLP** |
| | /s  *Theodore E. Tsekerides* |
| | Theodore E. Tsekerides |
| | *Attorneys for Debtors and Debtors in Possession* |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119