| | |
|---|---|
| 1 | WEIL, GOTSHAL & MANGES LLP |
| 2 | Stephen Karotkin (*pro hac vice*) (stephen.karotkin@weil.com) |
| 3 | Ray C. Schrock, P.C. (*pro hac vice*) (ray.schrock@weil.com) |
| 4 | Jessica Liou (*pro hac vice*) (jessica.liou@weil.com) |
| 5 | Matthew Goren (*pro hac vice*) (matthew.goren@weil.com) |
| 6 | 767 Fifth Avenue<br>New York, NY 10153-0119 |
| 7 | Tel: 212 310 8000<br>Fax: 212 310 8007 |
| 8 | KELLER & BENVENUTTI LLP |
| 9 | Tobias S. Keller (#151445) (tkeller@kellerbenvenutti.com) |
| 10 | Jane Kim (#298192) (jkim@kellerbenvenutti.com) |
| 11 | 650 California Street, Suite 1900<br>San Francisco, CA 94108 |
| 12 | Tel: 415 496 6723<br>Fax: 650 636 9251 |

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>  - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>         **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**SECOND SUPPLEMENTAL DECLARATION OF TOBIAS S. KELLER PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a) AND 2016 ON BEHALF OF KELLER & BENVENUTTI LLP (McNUTT RETENTION BY FEE EXAMINER)** |

I, Tobias S. Keller, hereby declare pursuant 28 U.S.C. § 1746:

1. I am a partner of the firm of Keller & Benvenutti LLP (the "Firm"), a law firm with offices at 650 California Street, Suite 1900, San Francisco, California 94108.

2. I submit this Declaration as a supplement to my declaration dated March 13, 2019 [Docket No. 870] (the "Original Declaration") in support of the Application of Debtors Pursuant to 11 U.S.C. §327(a) and Fed. R. Bankr. Proc. 2014(a) and 2016 for Authority to Retain and Employ Keller & Benvenutti LLP as Co-Counsel for the Debtors *Nunc Pro Tunc* to the Petition Date.[1]

3. As anticipated in the Original Declaration, this declaration is submitted to supplement information disclosed in the Original Declaration; as additional information regarding parties in interest becomes available, a further supplemental declaration will be submitted to the Court reflecting such amended, supplemented or otherwise modified information.

4. On May 16, 2016, the Firm filed its first supplement to the Original Declaration [Docket No. 2042] in which it disclosed, among other things, a potential dispute as between the Fee Examiner's proposed counsel and one of the Firm's attorneys.

5. Since the filing of the Original Declaration, additional developments at the Firm and in the Chapter 11 Cases require the supplemental disclosures set forth in the following paragraphs.

6. <u>Potential Conflict with Counsel to the Fee Examiner</u>.

   a. The Fee Examiner has retained Scott McNutt as counsel pursuant to the Order Authorizing Employment of Scott H. McNutt as Counsel to Fee Examiner [Docket No. 2614]. As Mr. McNutt notes in his declaration [Docket No. 2559] in support of the Fee Examiner's motion to employ Mr. McNutt at 4:21 through 5:2, one of the attorneys actively representing the Debtors at the Firm, Thomas Rupp, has outstanding employment claims against McNutt Law Group and Mr. McNutt in connection with Mr. Rupp's separation from McNutt Law Group over a year ago.

   b. Mr. Rupp has treated his claims as private ones and has not asked that the Firm or any of its attorneys intervene in the dispute in any fashion.

---

[1] Capitalized terms used but not otherwise herein defined have the meanings ascribed to such terms in the Original Declaration.

c. Although the Firm does not and will not represent Mr. Rupp with respect to those claims, the existence of Mr. Rupp's claims creates potential issues as between Mr. McNutt and the Firm. Thus, for instance, should Mr. Rupp pursue his claims, Mr. McNutt's ability to deal with the Firm in a disinterested fashion may be compromised. Conversely, negotiations regarding, or a resolution of, Mr. Rupp's claims may affect Mr. Rupp's relationship with the Firm or the Firm's relationship with the Fee Examiner.[2]

d. The Firm does not intend to remove Mr. Rupp from this representation. It will endeavor not to include Mr. Rupp in direct communications with Mr. McNutt or the Fee Examiner. Should any party believe that further actions are necessary to address this circumstance, the Firm will engage as appropriate and, if necessary, seek further guidance from the Court.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct and that this declaration was executed at San Francisco, California, on June 21, 2019.

*/s/ Tobias S. Keller*
Tobias S. Keller

---

[2] K&B first raised its concerns with Andy Vara, the United States Trustee handling these cases, in April 2019. Mr. Vara represented that he identified K&B's concerns to the Fee Examiner and Mr. McNutt. K&B and its representatives have had no direct communications whatsoever with the Fee Examiner or Mr. McNutt regarding Mr. Rupp's claims.