1  WEIL, GOTSHAL & MANGES LLP
   Stephen Karotkin (*pro hac vice*)
2  (stephen.karotkin@weil.com)
   Ray C. Schrock, P.C. (*pro hac vice*)
3  (ray.schrock@weil.com)
   Jessica Liou (*pro hac vice*)
4  (jessica.liou@weil.com)
   Matthew Goren (*pro hac vice*)
5  (matthew.goren@weil.com)
   767 Fifth Avenue
6  New York, NY 10153-0119
   Tel: 212 310 8000
7  Fax: 212 310 8007

8
   KELLER & BENVENUTTI LLP
9  Tobias S. Keller (#151445)
   (tkeller@kellerbenvenutti.com)
10 Peter J. Benvenutti (#60566)
   (pbenvenutti@kellerbenvenutti.com)
11 Jane Kim (#298192)
   (jkim@kellerbenvenutti.com)
12 650 California Street, Suite 1900
   San Francisco, CA 94108
13 Tel: 415 496 6723
   Fax: 650 636 9251
14
   *Attorneys for Debtors and Debtors in Possession*

15

16              **UNITED STATES BANKRUPTCY COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
17                   **SAN FRANCISCO DIVISION**

18                                          Case No. 19-30088 (DM)
                                            Chapter 11
19 **In re:**                               (Lead Case) (Jointly Administered)

20 **PG&E CORPORATION,**                    **DEBTORS' REPLY IN FURTHER SUPPORT
                                            OF DEBTORS' MOTION FOR ENTRY OF
21        **- and -**                       PROTECTIVE ORDER PURSUANT TO FED.
                                            R. BANKR. P. 7026 AND 9014(c) AND 11 U.S.C.
22 **PACIFIC GAS AND ELECTRIC**             § 105(a) GOVERNING DISCOVERY
   **COMPANY,**                             MATERIALS AND OTHER INFORMATION**

23
                            **Debtors.**    Date:   June 26, 2019
24                                          Time:   9:30 a.m. (Pacific Time)
                                            Place:  United States Bankruptcy Court
25 ☐ Affects PG&E Corporation                       Courtroom 17, 16th Floor
   ☐ Affects Pacific Gas and Electric              San Francisco, CA 94102
26 Company
   ☒ Affects both Debtors                   **Objection Deadline**: June 19, 2019
27                                                  4:00 p.m. (Pacific Time)
   *All papers shall be filed in the Lead
28 Case, No. 19-30088 (DM).*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this reply (the "**Reply**") in further support of *Debtors' Motion for Entry of Protective Order Pursuant To Fed. R. Bankr. P. 7026 and 9014(C) and 11 U.S.C. § 105(a) Governing Discovery Materials and Other Information*, dated June 7, 2019 [Docket No. 2459] (the "**Motion**"), for entry of a protective order governing all discovery in the Cases.[1]

Consistent with the Debtors' approach prior to filing the Motion, since the filing of the Motion, the Debtors have continued to work collaboratively with multiple parties, including the TCC, UCC, the Ad Hoc Group of Subrogation Claims Holders (the "**Subrogation Claimsholders**"), and various governmental agencies to attempt to resolve the issues they have raised with the Proposed Protective Order. The Debtors have made meaningful headway in narrowing the scope of contested issues, as reflected on the attached chart.

Of the issues which are the subject of objections, this reply principally focuses on two key issues central to maintaining the fair balance of protection and access typical of protective orders negotiated in Chapter 11: (i) whether the challenging or the designating party should have the responsibility to seek Court intervention to resolve a disputed confidentiality designation, and (ii) whether a receiving party should have full and sole discretion, without the Debtors' prior knowledge and consent, to determine with whom it can share and for what purposes the Debtors' sensitive highly confidential information.

The Debtors hereby submit (i) as **Exhibit A** a further amended Proposed Protective Order that incorporates additional changes as a result of discussions with various parties (the "**Further Amended Proposed Protective Order**"), and (ii) as **Exhibit B** a redline reflecting the changes from the Debtors' initial Proposed Protective Order.[2]

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

[2] A number of governmental units have been carved out of the Further Amended Proposed Protective Order. *See* Further Amended Proposed Protective Order ¶ 3.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

I.      **The Court Should Adopt the Debtors' Proposed Compromise Requiring Both the Challenging and the Designating Parties to Jointly Seek Judicial Intervention in a Dispute Concerning a Confidentiality Designation**

As an initial matter, there is a misconception that the Proposed Protective Order somehow seeks to shift the burden of proof on a motion regarding confidentiality designations. That is not the case. Rather, the Proposed Protective Order was intentionally silent on who bears the burden of proof so that applicable law would govern. [3] If applicable law requires the designating party to carry the burden, then the Proposed Protective Order does the same; if applicable law requires the challenging party to carry the burden, then the Proposed Protective Order also does the same. The Debtors' Further Amended Proposed Protective Order now expressly makes this clear, with the addition of the following language: "which party bears the burden of proof on the application . . . will be governed by applicable law." *See* Further Amended Proposed Protective Order ¶ 6.3.

The precise issue in dispute between the TCC and the Debtors, and the key difference between the TCC's proposed protective order and the Debtors' Proposed Protective Order, is which party as a procedural matter should bear the responsibility to seek relief from the Court once the parties fail to resolve a confidentiality issue through the meet and confer process. For the many reasons already explained by the Debtors, the Debtors' view has been that the challenging party should be the one to bring the dispute to the Court's attention.

---

[3] *See* **Exhibit R** to the *Declaration of Richard W. Slack in Support of Motion for Entry of Protective Order Pursuant to Fed. R. Bankr. P. 7026 and 9014(c) and 11 U.S.C. § 105(a) Governing Discovery Materials and Other Information*, dated June 7, 2019 [Docket No. 2460] (the "**Slack Decl.**") ("First, since we and the TCC disagree on language with respect to the burden of proof on motions to challenge designations, we have agreed to remove the sentence entirely [and] have instead left this issue to existing law."); *Motion of the Official Committee of Tort Claimants for Entry of a Protective Order*, dated June 5, 2019 [Docket No. 2419], at 5; *Sonoma Clean Power Authority's Limited Objection to Debtor's Protective Order Motion*, dated June 19, 2019 [Docket No. 2647], at 5; *Joinder of Northern California Power Agency to Sonoma Clean Power Authority's Limited Objection to Debtor's Protective Order Motion*, dated June 19, 2019 [Docket No. 2648], at 2; *Joinder of the City and County of San Francisco, Monterey Bay Community and City of San Jose to Limited Objection of the Sonoma Clean Power Authority to Motion for Protective Order of Debtors*, dated June 19, 2019 [Docket No. 2649], at 3.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Notwithstanding the many reasons why the Debtors' approach makes sense in a large, complex matter where the Debtors are likely to be the main, if not the only, designating party responding to multiple parties' discovery requests, the Debtors have proposed a compromise that they believe addresses the concerns raised by the TCC, UCC, the Subrogation Claimsholders and other parties.

The Debtors' current proposal strikes a balanced compromise between the Debtors' proposed procedure and the TCC's proposed procedure: the Further Amended Proposed Protective Order requires, after unsuccessful attempts to meet and confer to resolve the dispute consensually, the Designating Party *and* the Challenging Party to file a joint submission with the Court if judicial intervention is viewed as necessary by either party. With this amendment, the burden to seek court relief becomes a shared one. The UCC has indicated to the Debtors that they support this approach. The TCC has responded to this proposal and the Debtors and the TCC are continuing their discussions.

## II. The Debtors' Further Amended Proposed Protective Order Appropriately Limits Disclosure of Confidential and Highly Confidential Information

Discovery in the context of these Cases should further the fair and efficient resolution of the Debtors' Chapter 11 Cases, and should not be used as a backdoor to obtain highly sensitive or otherwise confidential information designed to advantage a party in other contexts, including pending litigation.

To that end, the Debtors have proposed a typical protective order whereby only certain designated parties can see "Confidential" and "Highly Confidential" information, and such information may only be used for the purposes of these Chapter 11 Cases. 1Specifically, section 7.1 provides that information produced in the Cases can be used "solely for the purposes of these Chapter 11 Cases." Section 7.2 then lists the persons who can see "Confidential" information which include clients, both in-house counsel and outside counsel representing the Receiving Party in the bankruptcy proceeding, and financial advisors, experts and consultants representing the Receiving Party in the bankruptcy proceeding who agree to be bound by the agreement. Section 7.3 then sets forth who can see "Highly Confidential" information. Unlike information that is

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

simply "Confidential," "Highly Confidential" information is—as expected—more limited as it only permits outside counsel and outside professional advisors retained by the Receiving Party in connection with the Chapter 11 Cases to review the material excluding clients and in-house counsel.[4] In addition to the predesignated parties and recognizing the need for flexibility in these large Chapter 11 Cases, the Debtors have built into the Proposed Protective Order the ability for additional parties to gain access to highly confidential and sensitive information with the Debtors' consent and the execution of an Acknowledgement and Agreement to Be Bound by the Proposed Protective Order.

Each of these provisions is typical in large cases and neither the TCC nor the UCC, representing large creditor groups in this bankruptcy, have objected to these provisions. *See, e.g.*, **Exhibit A** to the Slack Decl., Stipulation for Protective Order; Order Thereon, *In re RDIO, Inc.*, Case No. 15-31430 (Jan. 15, 2016), ECF No. 165 ¶ 9; **Exhibit E** to the Slack Decl., Order Directing Production of Documents to ISO/PX Market Participants Pursuant to Federal Bankruptcy Rule 2004 and Protective Order Respecting Confidentiality of Documents, *In re PG&E*, Case No. 01-30923 (July 11, 2001), ECF No. 1448 ¶¶ 5, 5.A., 5.D; **Exhibit F** to the Slack Decl., Agreed Protective Order, *In re Brobeck, Phleger & Harrison*, Case No. 03-32715-DM7 (Nov. 8, 2004), ECF No. 666 ¶ 7; **Exhibit B** to the Slack Objection Decl., United States District Court for the Southern District of California's Model Protective Order ¶¶ 3, 8.

In contrast, certain parties, including the Subrogation Claimsholders and the PPA Counterparties, have requested they be given the ability to unilaterally decide with whom and for

---

[4] *See* **Exhibit E** to the Slack Decl., Order Directing Production of Documents to ISO/PX Market Participants Pursuant to Federal Bankruptcy Rule 2004 and Protective Order Respecting Confidentiality of Documents, *In re PG&E*, Case No. 01-30923 (July 11, 2001), ECF No. 1448 ¶¶ 5, 5.A. 5.D ("All Responsive Information shall be produced by the ISO and the PX to outside counsel. . . . The Custodian shall only disclose Responsive Information to outside attorneys, accountants, financial advisors, consultants, experts and other professionals."); **Exhibit B** to the *Declaration Of Richard W. Slack In Support Of Debtors' Objection To Motion Of The Official Committee Of Tort Claimants For Entry Of A Protective Order*, dated June 19, 2019 [Docket No. 2657] (the "**Slack Objection Decl.**") ¶¶ 3 & 8 ("3. The term 'counsel' will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: . . . 8. Information designated 'CONFIDENTIAL - FOR COUNSEL ONLY' must be viewed only by counsel (as defined in paragraph 3) of the receiving party.").

what purposes they can share highly confidential information they received from the Debtors without the Debtors' prior knowledge and consent. They cite no authority supporting their position seeking this broad and sweeping ability to disseminate the Debtors' (or any Producing Party's) sensitive information. These objectors request the Court remove any requirement the Debtors consent to the sharing of highly confidential information beyond the predesignated group and allow dissemination to *any* party who simply signs an acknowledgement and agrees to be subject to the Debtors' proposed protective order.

A subset of objectors take this position even further, and argue that they should have the ability to share highly confidential information with anyone and everyone with whom they believe they "share a common interest," again without the Debtors' prior knowledge and consent. Once such information is disclosed, however, if a common interest is found not to extend to that additional party, it will be impossible for the Debtors to maintain the protection of the highly sensitive information. The risks inherent in this proposed construct are readily apparent, nor would such an approach be consistent with the routine practice of this Court and others.

Consistent with this Court's past practice, the Debtors should not be compelled to agree in advance to share their highly confidential information with a broad group of unknown and potentially adverse parties who may have no need to know such information for purposes of these Chapter 11 Cases, i.e., outside litigation counsel to other proceedings.[5] To the extent that, for example, there is a compelling case to allow certain in-house counsel (who would otherwise be prohibited access) to review certain highly sensitive information for a party to address issues in the bankruptcy, the Debtors' Further Amended Proposed Protective Order offers a mechanism for the Debtors to consider and consent to such access on a case-by-case basis as appropriate. The Court, however, should not require a global change to language that has been largely accepted by the Debtors and the Committees. Instead, it should require any one-off party who seeks to disseminate

---

[5] *See, e.g.*, **Exhibit A** to the Slack Decl., Stipulation for Protective Order; Order Thereon, *In re RDIO, Inc*., Case No. 15-31430 (Jan. 15, 2016), ECF No. 165 ¶¶ 8, 9; **Exhibit F** to the Slack Decl., Agreed Protective Order, *In re Brobeck, Phleger & Harriso*n, Case No. 03-32715-DM7 (Nov. 8, 2004), ECF No. 666 ¶¶ 5, 7, 8; **Exhibit B** to the Slack Objection Decl., United States District Court for the Southern District of California's Model Protective Order ¶¶ 3, 7, 8.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

information beyond the typical groups to meet and confer with the Debtors and, absent obtaining the Debtors' consent, seek the Court's intervention.

In addition to the foregoing, NextEra and others seek to exclude "information provided to the Receiving Party orally" from the coverage of the proposed protective order. But this contradicts common practice and common sense, both of which would cover conversations concerning confidential information.[6] It is common in bankruptcies for Debtors to orally communicate with and deliver confidential information to the Committees and creditor groups and this type of cooperation would be significantly chilled and potentially quashed altogether by a rule that such communications are not treated as confidential or highly confidential as the case may be. This request should be denied.

Likewise, the Individual Fire Victims Creditors ("**IFVC**"), who request access to all discovery provided to the TCC, should also be denied. The TCC represents all Wildfire Claimants, including the IFVC. The IFVC have no reason for access to the same discovery requested by the TCC nor should they have access to any discovery unless and until there is a dispute or controversy with respect to those individuals' claims. Even then, the scope of discovery would be limited to the pending dispute, not all the discovery the TCC seeks in their role as an official committee.

**WHEREFORE,** for the reasons set forth above, in the Motion, and in the *Debtors' Objection to Motion of the Official Committee of Tort Claimants for Entry of a Protective*, dated June 19, 2019 [Docket No. 2656], the Debtors believe that the Court should overrule the objections interposed to the Motion and that good cause exists to approve the Debtors' Further Amended Proposed Protective Order.

---

[6] *See e.g.*, **Exhibit G** to the Slack Decl., United States District Court of the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets ¶ 5.1 ("the Designating Party must designate for protection . . . *oral or written communications* that qualify") (emphasis added); **Exhibit A** to the Slack Objection Decl., Protective Order Regarding the Disclosure and Use of Discovery Materials, *Sciacca v. Apple*, Case No. 5:18-cv-3312-LHK (Oct. 25, 2018), ECF No. 48 ¶ 3 ("The protections conferred by this Stipulation and Protective Order cover . . . testimony, *conversations* or presentations by Parties or Counsel to or in Court or in other settings.") (emphasis added).

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

Dated: June 24, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: ___/s/ *Richard W. Slack*_____

*Attorneys for Debtors and Debtors in Possession*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119