AKIN GUMP STRAUSS HAUER & FELD LLP
Michael S. Stamer (*pro hac vice*)
Ira S. Dizengoff (*pro hac vice*)
David H. Botter (*pro hac vice*)
Abid Qureshi (*pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone:    (212) 872-1000
Facsimile:    (212) 872-1002
Email:    mstamer@akingump.com
    idizengoff@akingump.com
    dbotter@akingump.com
    aqureshi@akingump.com

AKIN GUMP STRAUSS HAUER & FELD LLP
Ashley Vinson Crawford (SBN 257246)
580 California Street
Suite 1500
San Francisco, CA 94104
Telephone:    (415) 765-9500
Facsimile:    (415) 765-9501
Email:    avcrawford@akingump.com

*Counsel to the Ad Hoc Committee of Senior Unsecured Noteholders of Pacific Gas and Electric Company*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**DECLARATION OF ALEXANDER TRACY IN SUPPORT OF MOTION OF THE AD HOC COMMITTEE OF SENIOR UNSECURED NOTEHOLDERS TO TERMINATE THE DEBTORS' EXCLUSIVE PERIODS PURSUANT TO SECTION 1121(d)(1) OF THE BANKRUPTCY CODE**<br><br>**Hearing**<br>Date:    July 23, 2019<br>Time:    9:30 a.m. (Pacific Time)<br>Place:    Courtroom 17<br>    450 Golden Gate Ave, 16th Floor<br>    San Francisco, CA 94102 |

I, Alexander Tracy, pursuant to 28 U.S.C. § 1746, declare the following under penalty of perjury:

1. I am a Partner at Perella Weinberg Partners LP ("PWP"), which has its principal office at 767 Fifth Avenue, New York, New York 10153 and is an independent, privately-held, global financial services firm headquartered in New York, New York. I am authorized to make this declaration (this "Declaration") on behalf of PWP. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

2. I submit this Declaration in support of the *Motion of the Ad Hoc Committee of Senior Unsecured Noteholders to Terminate the Debtors' Exclusive Periods Pursuant to Section 1121(d)(1) of the Bankruptcy Code* (the "Motion"), filed contemporaneously herewith.[1]

3. Except where specifically noted, all statements in this Declaration are based upon (a) my personal knowledge developed during the course of my engagement with the Ad Hoc Committee of Senior Unsecured Noteholders of Pacific Gas and Electric Company (the "Ad Hoc Committee"), (b) my discussions with advisors of other parties in interest in these chapter 11 cases and other members of my team at PWP, and (c) my review of relevant documents and/or my professional opinion based upon my experience. If called to testify, I could and would testify to each of the facts set forth herein based on such personal knowledge, discussions, review of documents and/or professional opinion.

4. The Debtors filed petitions for relief under chapter 11 of the Bankruptcy Code on January 29, 2019. The Debtors have been in chapter 11 in excess of five months and have not presented a plan of reorganization, nor indicated they are close to being able to do so despite the commencement of the 2019 wildfire season.

5. On May 1, 2019, the Debtors filed a motion requesting an extension of the exclusive period to file a plan of reorganization to November 29, 2019 and the exclusive period to solicit acceptance of such a plan to January 28, 2020 [Docket No. 1797] (the "Exclusivity Extension Motion").

6. On May 22, 2019, the Court conducted a hearing to consider the Exclusivity Extension Motion.

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion

Case: 19-30088    Doc# 2742    Filed: 06/25/19    Entered: 06/25/19 05:23:32    Page 2 of 5

7. On May 24, 2019, this Court entered an order extending the period during which the Debtors have the exclusive right to file a plan until September 26, 2019 and the period during which the Debtors have the exclusive right to solicit acceptances of such plan until November 26, 2019.

8. PWP was engaged as financial advisor to the Ad Hoc Committee effective as of January 28, 2019. I lead a team of PWP professionals on this engagement. During the pendency of these cases, the Debtors have never approached me, or, to the best of my knowledge, and upon information and belief, any other PWP team member or other representatives of the Ad Hoc Committee, to negotiate the terms of a plan of reorganization or for purposes of the Ad Hoc Committee investing fresh capital in the Debtors to facilitate successful emergence from chapter 11. Further, to the best of my knowledge, and upon information and belief, the Debtors have not engaged with the representatives of most other major creditor constituencies to work toward developing a plan for emergence from chapter 11. While the Debtors reached a settlement with a group of public entity wildfire claimants, they did not alert nor discuss this settlement with me or, to the best of my knowledge and upon information and belief, any other Ad Hoc Committee professional, Creditors' Committee professional or Tort Claimant Committee professional.

9. Recognizing that time is of the essence and believing the Debtors' estates and creditor constituencies would be best served by a timely emergence from chapter 11, the Ad Hoc Committee has worked diligently with its advisors to consider its own plan alternatives. As a result of these efforts, the Ad Hoc Committee has developed the principal terms of a plan of reorganization, embodied in the Term Sheet attached to the Motion as **Exhibit B**. The plan of reorganization contemplated by the Ad Hoc Committee would provide up to $30 billion in new money to the Debtors from an investor consortium composed of the largest holders of the Utility's bonds. The Term Sheet contemplates that members of the Ad Hoc Committee, who are highly credible and well-capitalized financial institutions that are long-term investors in the Utility as well as other California utilities, would backstop the entirety of the new money investment.

10. Based on my experience as the Ad Hoc Committee's financial advisor and analysis of the Ad Hoc Committee's proposal, it is my belief that the plan of reorganization, if

effectuated, would result in the following benefits to the Debtors' estates and key stakeholders in these cases:

- PG&E will be fully recapitalized and its credit metrics will be reestablished to be consistent with other large U.S. investment grade-rated regulated utilities;
- A trust will be established for the purpose of paying past wildfire claimants a timely, fair recovery for all resolved claims;
- A well-capitalized, sustainable fund will be established to insure against future utility-related wildfires;
- Electricity rates will remain at current levels and the cost of capital for utilities will not be driven up by prolonged uncertainty;
- The proposal will allow for quicker, lower-cost system investment to enhance safety and maximize reliability;
- Current PG&E renewables contracts will remain intact;
- A long-term functioning framework will be established to ensure reasonable rates of return going forward for California statewide utility investors; and
- PG&E employees and pensioners will not suffer any harm or loss.

11. Given the Debtors' lack of progress toward development of a plan of reorganization and lack of engagement with its major creditor constituencies, the Ad Hoc Committee's proposal represents the best way to move these cases forward. The plan framework embodied in the Term Sheet would be advantageous to virtually every key stakeholder in these cases and provide the Debtors with the capital necessary to pay potential future wildfire claims and appropriately invest in appropriate and necessary safety measures upon emergence from bankruptcy. Accordingly, I believe that granting the proposed relief and allowing the Ad Hoc Committee to move forward with the plan embodied in the Term Sheet is in the best interests of the Debtors' estates and their creditors.

Dated: San Francisco, California
June 25, 2019

_____
Alexander Tracy