**Entered on Docket**
**June 25, 2019**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: June 25, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Chapter 11 |
| PG&E CORPORATION, | ) Bankruptcy Case<br>) No. 19-30088-DM (Lead Case) |
| and | ) |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) Bankruptcy Case<br>) No. 19-30089-DM |
| Debtors. | ) (Jointly Administered) |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Co.<br>X Affects both Debtors<br>\* All papers shall be filed in Lead Case, No. 19-30088-DM. | ) |

**ORDER AND NOTICE REGARDING JUNE 26, 2019, 9:30 AM HEARING**

The court intends to begin with oral argument on the Motion to Dismiss Adv. Proc. 19-3005.

Next it will pose a number of general questions about the proposed proof of claim forms, instructions and the proposed order submitted by Debtors. As to some specifics about the TCC's "Fire Claim Related" form and the "Wildfire Related" Debtors' form (the court is indifferent about which title), tentatively it favors the addition of Question 2 in Part 1 of the TCC form; prefers the

-1-

language of Question 11 in Part 3 of the Debtors' form over Question 9 of Part 2 of the TCC form; and in the Instructions, the TCC's first bullet point after "How to fill out this form" is more informative than Debtors'.

These questions and observations are primarily for counsel for Debtors and the TCC, but other counsel will be invited to comment as appropriate.

The court will next invite argument about the actual bar date to be set. The current choices appear to be October 21, 2019, to January 31, 2020, or somewhere in between. Debtors' counsel needs to explain when notices will in fact begin to be disseminated, assuming an order is entered as soon as July 1. With a mailing receipt deadline in New York of October 21, how many actual days will parties have? On a related point, since there is no public information about any plan being filed yet, does an earlier or later bar date really make a difference?

Conversely, how does the TCC reconcile its prior comments about the need for haste with an extension of over three more months? Also, why is the TCC concerned about preventing claims objections from being filed before a bar date?

Next the court will listen to arguments of counsel for and against the Debtors' notice procedures, as supplemented in its Corrected Reply (2646) and related documents, and the TCC motion to employ Angeion to implement its proposed procedures. The court will not devote any time to a discussion of Prime Clerk's achievements and bankruptcy pedigree and its and the Debtors' opinion of Angeion's failures in other matters and its alleged lack of bankruptcy experience or qualification by any bankruptcy court clerk.

-2-

The only issue to be dealt with in this regard is whether the Debtors' notice procedures, as supplemented, should be approved as affording adequate due process under *Mullane* principles and on a cost-effective basis. If not, should TCC's alternative proposals and choice of agent be chosen now or deferred because of delays in making Angeion's representatives available for deposition or other considerations, such as comparative cost to the estate? The court also needs a clear understanding of the estimated costs to the estates of these two competing proposals.

On any of these topics the court would like to hear the views of the United States Trustee and the General Unsecured Creditors Committee as well as other parties.

The court will not engage in speculation about whether claims could be or should be filed by the to-be-determined bar date based upon fires that may occur and cause damage during the 2019 wildfire season or any other time after January 29, 2019.

A critical issue related to the claims bar date, the appropriate proof of claim form and the procedures to be implemented that remains elusive to the court is the fate of the Brown/Greer database. Counsel are invited to suggest why the court should or should not issue an OSC. for it to be produced either for *in camera* review only to begin with, or to counsel for the GUCC and the Debtors, at least on an "eyes-only" examination, or perhaps more broadly.

Finally, if the Protective Order motions remain unresolved, they will be last on the agenda.

\* \* \* END OF ORDER \* \* \*