**EXHIBIT B**

**AMENDED ORDER FOR TCC BAR DATE MOTION**

Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone: 628.208.6434
Facsimile: 310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>PG&E CORPORATION<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**ORDER (I) ESTABLISHING A BAR DATE FOR FILING FIRE CLAIMS, (II) APPROVING THE FORM AND PROCEDURES FOR NOTICE OF THE BAR DATE FOR FIRE CLAIMS, AND (III) APPROVING SUPPLEMENTAL PROCEDURES FOR NOTICE OF THE BAR DATE TO FIRE CLAIMANTS** |

Upon the Motion, dated May 31, 2019 (the "**Motion**"),[1] of the Official Committee of Tort Claimants (the "**TCC**"), pursuant to sections 105(a), 501 of title 11 of the United States Code, Rules 3001(a), 3003(c), 5005 and 9007 of the Federal Rules of Bankruptcy Procedure and

---
[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

Rule 3003-1 of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for entry of an order (i) approving a separate bar date for Fire Claims, (ii) approving the form for notice of the bar date for Fire Claims and related procedures, and (iii) approving supplemental procedures for providing notice of important deadlines to Fire Claimants in the above-captioned chapter 11 cases; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice needs to be provided; and this Court having reviewed the Motion, the Weisbrot Declaration and the Dion Declaration; and this Court having held a hearing on the Motion; the Court having reviewed the proposed Fire Claim Bar Date Notice attached to the Motion as **Exhibit A** and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted therein; and it appearing that the relief requested in the Motion is in the best interest of the Debtors' estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. The term "**Fire Claim**" shall mean a prepetition claim against the Debtors for monetary losses, personal injuries (including death), losses or asserted damages arising out of or relating to fires that occurred in California prior to the Petition Date, including, without limitation, the November 2018 Camp Fire, the October 2017 Atlas Fire, the October 2017 Adobe Fire, the October 2017 Bear Fire, the October 2017 Blue Fire, the October 2017 Cascade Fire, the October 2017 Cherokee Fire, the October 2017 Honey Fire, the October 2017 La Porte Fire, the October 2017 Lobo Fire, the October 2017 McCourtney Fire, the October 2017 Norrbom Fire, the October 2017 Nuns Fire, the October 2017 Oakmont Fire, the October 2017 Partrick Fire, the October 2017

2

Pocket Fire, the October 2017 Point Fire, the October 2017 Potter Fire, the October 2017 Pythian Fire, the October 2017 Redwood Fire, the October 2017 Sulphur Fire, the October 2017 Sullivan Fire, the October 2017 Tubbs Fire, the October 2017 37 Fire, the December 2016 Ghost Ship Fire, and the September 2015 Butte Fire. The word "claim" shall refer to "claim" as defined in 11 U.S.C. § 101(5).

3. The TCC's Notice Program (including the Supplemental Notice Program) is hereby approved and Angeion Group, LLC ("**Angeion**") is authorized as noticing agent to provide notice of the Fire Claim Bar Date as set forth in the Motion and this Order.

4. The following procedures for filing Fire Proofs of Claim are approved:

(a) Except as otherwise noted herein, the Fire Claim Bar Date for filing all Fire Proofs of Claim in the Chapter 11 Cases shall be **January 31, 2020 at 9:00 p.m. (Pacific Time)**.

(b) Fire Proof of Claim Forms must:

(1) be written in the English language;

(2) conform substantially to the Fire Proof of Claim Form or Official Form No. 410; and

(3) be signed by the Fire Claimant or, if the Fire Claimant is not an individual, by an authorized agent of the Fire Claimant.

(c) All timely-filed Fire Proof of Claim Forms will be deemed filed against both Debtors (without prejudice to the Debtors' right to assert that any such claim should be allowed only as to one of the Debtors).

(d) All Fire Proofs of Claim must be filed either (i) electronically through Prime Clerk's website using the interface available on the Case Website under the link entitled "Submit a Claim" (the "**Electronic Filing System**") or (ii) by delivering the original Fire Proof of Claim Form by hand, or mailing the original Fire Proof of Claim Form so that is received on or before the Bar Date as follows:

If by first class mail:

3

PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

If by overnight courier:

PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

If by hand delivery:

PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

-or-

At one of the Debtors' Claim Service Centers located at the following PG&E locations:

(i) 350 Salem Street, Chico, CA 95928;
(ii) 231 "D" Street, Marysville, CA 95901;
(iii) 1567 Huntoon Street, Oroville, CA 95965;
(iv) 3600 Meadow View Road, Redding, CA 96002;
(v) 111 Stony Circle, Santa Rosa, CA 95401; or
(vi) 1850 Soscol Ave. Ste 105, Napa, CA 94559.

(e) A Fire Proof of Claim Form shall be deemed timely filed only if it is **actually received** by Prime Clerk (i) at the addresses listed above in subparagraph (d) or (ii) electronically through the Electronic Filing System on or before the Fire Claim Bar Date.

(f) Fire Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission (other than Fire Proofs of Claim filed electronically through the Electronic Filing System) **will not** be accepted.

(g) In the event that the Debtors amend or supplement their Schedules subsequent to the date of entry of this Order, the Debtors shall give notice of

4

any amendment or supplement to the holders of claims or interests affected thereby and reasonably sufficient information for such claimants to determine the identity of the claimant and the nature of the amendment or supplement, and such holders shall have until the later of (i) the Fire Claim Bar Date or (ii) thirty (30) days from the date of such notice to file a Fire Proof of Claim or be barred from doing so and shall be given notice of such deadline. This Paragraph 4(g) shall not apply to any creditor who filed a proof of claim prior to the amendment or supplement to the Debtors' Schedules.

(h) The following persons or entities are **not** required to file a Fire Proof of Claim solely with respect to the claims described below:

(i) any person or entity that is not a Fire Claimant;

(ii) any Fire Claimant who has already filed a Fire Proof of Claim against any of the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the Fire Proof of Claim Form or Official Form No. 410; provided, however, that any Fire Claimant who holds or asserts a claim other than a Fire Claim must file a general proof of claim prior to the general claims bar date set in the Chapter 11 Cases;

(iii) any Fire Claimant whose claim has been paid in full;

(iv) any Fire Claimant who holds a claim that heretofore has been allowed by Order of the Court entered on or before any applicable bar date set for Fire Claims in the Chapter 11 Cases; and

(v) any Fire Claimant whose claim is listed on the Schedules; provided that (A) the claim is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," (B) the Fire Claimant does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (C) the Fire Claimant does not dispute that the

5

claim is an obligation of the specific Debtor against which the claim is listed in the Schedules.

5. Pursuant to Bankruptcy Rule 3003(c)(2), all holders of Fire Claims, including Fire Claimants, that fail to comply with this Order by timely filing a Proof of Claim in the appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution with respect to any chapter 11 plan or plans of reorganization that may be filed in these Chapter 11 Cases. Notwithstanding the foregoing, late filings shall be permitted where the failure to act was the result of "excusable neglect" under the standard set forth in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993) or as otherwise permitted by the Court.

6. Notwithstanding anything to the contrary herein, Fire Claimants that made a good faith effort to assert a Fire Claim in the appropriate form shall be permitted to revise, amend and/or supplement their proof of claim until such claim is allowed or disallowed by Court order.

7. Notwithstanding anything herein to the contrary, for purposes of this Order, (i) Fire Claims shall not include any claims of any State of California governmental unit, including, without limitation, any city, county, special district or joint authority, or other local governmental unit (a "**Governmental Unit**"), (ii) no such Governmental Unit shall be included as a Fire Claimant, and (iii) the claims of any such Governmental Unit may be submitted in accordance with the requirements of Bankruptcy Rule 3001(c) or otherwise applicable law regarding proofs of claim.

8. Within five (5) days of entry of this Order, the Debtors, Prime Clerk, and the TCC shall post the Fire Claim Bar Date Notice on their respective websites.

9. At least one hundred twenty (120) days prior to the Fire Claim Bar Date, Angeion shall cause to be mailed to their last known address as identified using the methods more fully laid out in the Motion and the Weisbrot Declaration (i) a Fire Proof of Claim Form, and (ii) the Fire Claim Bar Date Notice on all known and reasonably identifiable Fire Claimants.

10. Within fourteen (14) days after entry of this Order, the Debtors and Prime Clerk shall turn over to Angeion a file containing the name and address of all known or identifiable Fire Claimants derived from the information sources listed in the Weisbrot Declaration, which include

6

but are not limited to: pre-petition litigation records; PG&E customer data; Geographic Information Systems ("**GIS**") data; Emergency Fund data; and first-party intelligence such as public records. The Debtors and Prime Clerk shall furnish updated contact information on an ongoing basis and in no event later than three (3) days after receipt of such information.

11. The Supplemental Notice Plan is hereby approved and Angeion is authorized to implement the components of the Supplemental Notice Program as set forth in the Motion.

12. Nothing contained in this Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

13. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party, or a waiver of the right to object to any designation that a matter is an executory contract.

14. The Debtors, Prime Clerk, the TCC, and Angeion are authorized and directed to take all steps necessary or appropriate to carry out this Order.

15. Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of claims not subject to the Fire Claim Bar Date established herein must file such claims against the Debtors or be forever barred from so doing.

16. Notwithstanding entry of this Order, this Order does not predetermine the propriety of any subpoena to be issued by or on behalf of the TCC and does not affect any rights of the subpoena's target to oppose, move to quash, or object to it on any available ground under the Federal Rules of Evidence, Federal Rules of Civil or Bankruptcy Procedure, or other applicable law.

17. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone: 628.208.6434
Facsimile: 310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>   -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                                    Debtors.<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**ORDER (I) ESTABLISHING A BAR DATE FOR FILING FIRE CLAIMS, (II) APPROVING THE FORM AND PROCEDURES FOR NOTICE OF THE BAR DATE FOR FIRE CLAIMS, AND (III) APPROVING SUPPLEMENTAL PROCEDURES FOR NOTICE OF THE BAR DATE TO FIRE CLAIMANTS** |

Upon the Motion, dated May 31, 2019 (the "**Motion**"),[1] of the Official Committee of Tort Claimants (the "**TCC**"), pursuant to sections 105(a), 501 of title 11 of the United States Code,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion. ~~The term "**Fire Claim**" shall have the meaning given to it in the *Memorandum of Points and Authorities in Support of Motion of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. §§ 105(a) and 501 and Fed. R. Bankr. P. 3001(a) for Entry of an Order Approving Proposed Model Proof of Claim Form and Fire Claims and Related Procedures* (Dkt. No. 1825). The word "claim" shall refer to "claim" as defined in 11 U.S.C. § 101(5).~~

Rules 3001(a), 3003(c), 5005 and 9007 of the Federal Rules of Bankruptcy Procedure and Rule 3003-1 of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for entry of an order (i) approving a separate bar date for Fire Claims, (ii) approving the form for notice of the bar date for Fire Claims and related procedures, and (iii) approving supplemental procedures for providing notice of important deadlines to Fire Claimants in the above-captioned chapter 11 cases; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice needs to be provided; and this Court having reviewed the Motion, the Weisbrot Declaration and the Dion Declaration; and this Court having held a hearing on the Motion; the Court having reviewed the proposed Fire Claim Bar Date Notice attached to the Motion as **Exhibit A** and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted therein; and it appearing that the relief requested in the Motion is in the best interest of the Debtors' estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. The term "**Fire Claim**" shall mean a prepetition claim against the Debtors for monetary losses, personal injuries (including death), losses or asserted damages arising out of or relating to fires that occurred in California prior to the Petition Date, including, without limitation, the November 2018 Camp Fire, the October 2017 Atlas Fire, the October 2017 Adobe Fire, the October 2017 Bear Fire, the October 2017 Blue Fire, the October 2017 Cascade Fire, the October 2017 Cherokee Fire, the October 2017 Honey Fire, the October 2017 La Porte Fire, the October 2017 Lobo Fire, the October 2017 McCourtney Fire, the October 2017 Norrbom Fire, the

1

October 2017 Nuns Fire, the October 2017 Oakmont Fire, the October 2017 Partrick Fire, the October 2017 Pocket Fire, the October 2017 Point Fire, the October 2017 Potter Fire, the October 2017 Pythian Fire, the October 2017 Redwood Fire, the October 2017 Sulphur Fire, the October 2017 Sullivan Fire, the October 2017 Tubbs Fire, the October 2017 37 Fire, the December 2016 Ghost Ship Fire, and the September 2015 Butte Fire. The word "claim" shall refer to "claim" as defined in 11 U.S.C. § 101(5).

3. 2. The TCC's Notice Program (including the Supplemental Notice Program) is hereby approved and Angeion Group, LLC ("**Angeion**") is authorized as noticing agent to provide notice of the Fire Claim Bar Date as set forth in the Motion and this Order.

4. 3. The following procedures for filing Fire Proofs of Claim are approved:

(a) Except as otherwise noted herein, the Fire Claim Bar Date for filing all Fire Proofs of Claim in the Chapter 11 Cases shall be **January 31, 2020 at 9:00 p.m. (Pacific Time)**.

(b) Fire Proof of Claim Forms must:

    (1) be written in the English language;

    (2) conform substantially to the Fire Proof of Claim Form or Official Form No. 410; and

    (3) be signed by the Fire Claimant or, if the Fire Claimant is not an individual, by an authorized agent of the Fire Claimant.

(c) All timely-filed Fire Proof of Claim Forms will be deemed filed against both Debtors (without prejudice to the Debtors' right to assert that any such claim should be allowed only as to one of the Debtors).

(d) All Fire Proofs of Claim must be filed either (i) electronically through Prime Clerk's website using the interface available on the Case Website under the link entitled "Submit a Claim" (the "**Electronic Filing System**") or (ii) by delivering the original Fire Proof of Claim Form by hand, or mailing the original Fire Proof of Claim Form so that is received on or before the Bar Date as follows:

2

If by first class mail:

>PG&E Corporation Claims Processing Center
>c/o Prime Clerk LLC
>Grand Central Station, PO Box 4850
>New York, NY 10163-4850

If by overnight courier:

>PG&E Corporation Claims Processing Center
>c/o Prime Clerk LLC
>850 Third Avenue, Suite 412
>Brooklyn, NY 11232

If by hand delivery:

>PG&E Corporation Claims Processing Center
>c/o Prime Clerk LLC
>850 Third Avenue, Suite 412
>Brooklyn, NY 11232

-or-

At one of the Debtors' Claim Service Centers located at the following PG&E locations:

>(i) 350 Salem Street, Chico, CA 95928;
>(ii) 231 "D" Street, Marysville, CA 95901;
>(iii) 1567 Huntoon Street, Oroville, CA 95965;
>(iv) 3600 Meadow View Road, Redding, CA 96002;
>(v) 111 Stony Circle, Santa Rosa, CA 95401; or
>(vi) 1850 Soscol Ave. Ste 105, Napa, CA 94559.

(e) A Fire Proof of Claim Form shall be deemed timely filed only if it is **actually received** by Prime Clerk (i) at the addresses listed above in subparagraph (d) or (ii) electronically through the Electronic Filing System on or before the Fire Claim Bar Date.

(f) Fire Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission (other than Fire Proofs of Claim filed electronically through the Electronic Filing System) **will not** be accepted.

3

(g) In the event that the Debtors amend or supplement their Schedules subsequent to the date of entry of this Order, the Debtors shall give notice of any amendment or supplement to the holders of claims or interests affected thereby and reasonably sufficient information for such claimants to determine the identity of the claimant and the nature of the amendment or supplement, and such holders shall have until the later of (i) the Fire Claim Bar Date or (ii) thirty (30) days from the date of such notice to file a Fire Proof of Claim or be barred from doing so and shall be given notice of such deadline. This Paragraph ~~3~~4(g) shall not apply to any creditor who filed a proof of claim prior to the amendment or supplement to the Debtors' Schedules.

(h) The following persons or entities are **not** required to file a Fire Proof of Claim solely with respect to the claims described below:

(i) any person or entity that is not a Fire Claimant;

(ii) any Fire Claimant who has already filed a Fire Proof of Claim against any of the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the Fire Proof of Claim Form or Official Form No. 410; provided, however, that any Fire Claimant who holds or asserts a claim other than a Fire Claim must file a general proof of claim prior to the general claims bar date set in the Chapter 11 Cases;

(iii) any Fire Claimant whose claim has been paid in full;

(iv) any Fire Claimant who holds a claim that heretofore has been allowed by Order of the Court entered on or before any applicable bar date set for Fire Claims in the Chapter 11 Cases; and

(v) any Fire Claimant whose claim is listed on the Schedules; provided that (A) the claim is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," (B) the Fire Claimant does not

4

dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (C) the Fire Claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules.

5. ~~4.~~ Pursuant to Bankruptcy Rule 3003(c)(2), all holders of Fire Claims, including Fire Claimants, that fail to comply with this Order by timely filing a Proof of Claim in the appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution with respect to any chapter 11 plan or plans of reorganization that may be filed in these Chapter 11 Cases. Notwithstanding the foregoing, late filings shall be permitted where the failure to act was the result of "excusable neglect" under the standard set forth in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993) or as otherwise permitted by the Court.

6. ~~5.~~ Notwithstanding anything to the contrary herein, Fire Claimants that made a good faith effort to assert a Fire Claim in the appropriate form shall be permitted to revise, amend and/or supplement their proof of claim until such claim is allowed or disallowed by Court order.

7. ~~6.~~ Notwithstanding anything herein to the contrary, for purposes of this Order, (i) Fire Claims shall not include any claims of any State of California governmental unit, ~~(ii) no such State of California governmental until~~ including, without limitation, any city, county, special district or joint authority, or other local governmental unit (a "**Governmental Unit**"), (ii) no such Governmental Unit shall be included as a Fire Claimant, and (iii) the claims of any such ~~State of California governmental unit~~ Governmental Unit may be submitted in accordance with the requirements of Bankruptcy Rule 3001(c) or otherwise applicable law regarding proofs of claim.

8. ~~7.~~ Within five (5) days of entry of this Order, the Debtors, Prime Clerk, and the TCC shall post the Fire Claim Bar Date Notice on their respective websites.

9. ~~8.~~ At least one hundred twenty (120) days prior to the Fire Claim Bar Date, Angeion shall cause to be mailed to their last known address as identified using the methods more fully laid out in the Motion and the Weisbrot Declaration (i) a Fire Proof of Claim Form, and (ii) the Fire Claim Bar Date Notice on all known and reasonably identifiable Fire Claimants.

5

10. ~~9.~~ Within fourteen (14) days after entry of this Order, the Debtors and Prime Clerk shall turn over to Angeion a file containing the name and address of all known or identifiable Fire Claimants derived from the information sources listed in the Weisbrot Declaration, which include but are not limited to: pre-petition litigation records; PG&E customer data; Geographic Information Systems ("**GIS**") data; Emergency Fund data; and first-party intelligence such as public records. The Debtors and Prime Clerk shall furnish updated contact information on an ongoing basis and in no event later than three (3) days after receipt of such information.

11. ~~10.~~ The Supplemental Notice Plan is hereby approved and Angeion is authorized to implement the components of the Supplemental Notice Program as set forth in the Motion.

12. ~~11.~~ Nothing contained in this Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

13. ~~12.~~ Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party, or a waiver of the right to object to any designation that a matter is an executory contract.

14. ~~13.~~ The Debtors, Prime Clerk, the TCC, and Angeion are authorized and directed to take all steps necessary or appropriate to carry out this Order.

15. ~~14.~~ Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of claims not subject to the Fire Claim Bar Date established herein must file such claims against the Debtors or be forever barred from so doing.

16. Notwithstanding entry of this Order, this Order does not predetermine the propriety of any subpoena to be issued by or on behalf of the TCC and does not affect any rights of the subpoena's target to oppose, move to quash, or object to it on any available ground under the Federal Rules of Evidence, Federal Rules of Civil or Bankruptcy Procedure, or other applicable law.

17. ~~15.~~ This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **