Lillian G. Stenfeldt (Cal Bar No. 104929)
Phillip K. Wang (Cal Bar No. 186712)
RIMON, P.C.
One Embarcadero Center, Suite 400
San Francisco, California 94111
Telephone: (415) 915-5192
Facsimile: (415) 683-5472
Email: lillian.stenfeldt@rimonlaw.com
       phillip.wang@rimonlaw.com

*Attorneys for Retiree Claimants
Holding Claims Under Certain Supplemental
Retirement Plans*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br><br>Debtor(s). | Case No. 19-30088 (DM)<br>(Lead Case)<br><br>Chapter 11<br>(Jointly Administered)<br><br>**VERIFIED STATEMENT OF RETIREE CLAIMANTS HOLDING CLAIMS UNDER CERTAIN SUPPLEMENTAL RETIREMENT PLANS PURSUANT TO BANKRUPTCY RULE 2019** |
| ☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>☒ Affects Both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

Without conceding the applicability of Rule 2019 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), the Rimon Retiree Claimants Group (the "Retiree Claimants"),

consisting of individuals, who hold claims against one or both Debtors, by and through its undersigned counsel, hereby submit this verified statement (the "Statement"), and in support thereof, states what they believe to be true on information and belief, as follows:

1. The Retiree Claimants are a group of just over 100 retired individuals who were employed by PG&E Corporation and/or Pacific Gas and Electric Company (collectively, "PG&E") and who now have claims under one or more of the following three non-qualified retirement plans: (i) the Supplemental Executive Retirement Plan (the "SERP"), (ii) the Defined Contribution Executive Supplemental Retirement Plan (the "DC-ESRP"), and/or (iii) the Supplemental Retirement Savings Plan (the "SRSP") (each a "Retirement Plan" and collectively, the "Retirement Plans"). There are also two hybrid retirement plans and for the purposes of this Statement, any hybrid plans are also included in the definition of the Retirement Plan(s). Two individuals of the Retiree Claimants each are beneficiaries under one of the hybrid plans. The distributions to the Retiree Claimants under the Retirement Plans were suspended, and in the case of SRSP, withdrawals from the Retirement Plans have been denied, as of the filing date of the Debtors' chapter 11 cases.

2. (While the Retirement Plans incorporate various distribution systems and cover active/inactive members who are/were PG&E employees, the Retiree Claimants represented by Rimon, P.C. ("Rimon") only include inactive, retired employees and some surviving spouses who were designated as retirement beneficiaries under one or more of the Retirement Plans. Many of the Retiree Claimants are elderly (having retired on average 12 years ago and in some cases decades ago) and either they or their widows/widowers rely on the income from the Retirement Plans. The average years of service to PG&E by the Retiree Claimants was 24 years. Many of the individual Retiree Claimants devoted their entire working careers to PG&E. The Retirement Plans provided funds for the daily support of the retirees and some spouses before the payments were suspended by the filing of the Debtors' chapter 11 cases. Each of the standard three Retirement Plans is more fully described below. Both hybrid plans that we are aware of are similar to the SERP plan.

3. The SERP was established in 1985 to provide a supplemental annuity above PG&E's qualified pension plan to eligible employees and the SERP was available to all eligible participants

#2369190v1<5397-25453>

who retired prior to 2005. The 1985 SERP did not specify that it applied only to employees who retired prior to January 1, 2005. In 2004, an amendment to the then-existing SERP froze the benefits as of the end of 2004 for those who retired prior to January 1, 2005. The successor SERP was adopted to supersede the SERP across all PG&E entities. The SERP participants receive monthly annuity benefits for the remainder of their lives after ceasing employment with PG&E and after reaching a specific age; they could choose to receive the annuity with or without survivor benefits that continue a portion of their monthly annuity over the life of their surviving spouse. The amount of the SERP monthly annuity payment was determined based on their final years of compensation while employed with PG&E, the years of service they provided at PG&E, the age at which they were to start receiving benefits, and if the survivors option was chosen.

4. The DC-ESRP was first established in 2013. Unlike SERP, which was based on a formula that considered the number of years of service and level of compensation, DC-ESRP was a non-qualified defined contribution plan, which allowed the eligible employees to receive certain lump sum payments within a specified time after leaving PG&E. The DC-ESRP also provided certain benefits to designated surviving beneficiaries if the plan participant died before the DC-ESRP payments were made. The DC-ESRP is still in effect with regard to the current eligible PG&E employees, as well as the Retiree Claimants qualified under the plan.

5. The SRSP was a deferred compensation plan established at PG&E in 2000. The SRSP funds earned were distributed as one or more lump sum payment(s) made within specified timeframes. As with the other Retirement Plans, the SRSP funds could be allocated to designated beneficiaries if the plan participant passed away before receiving the benefit. The SRSP was nearly entirely funded by eligible employee contributions.

6. Each of the Retiree Claimants listed in Exhibit "A" has individually retained Rimon to represent him or her only in connection with their individual claims under their applicable Retirement Plans in the chapter 11 cases of the Debtors. The first retention was in or about February of 2019 and new clients continue to engage Rimon. As of the date of this Statement, Rimon does not represent or purport to represent any other entities in connection with the Debtors'

chapter 11 cases, except as disclosed in this Statement.[1]

7. Rimon does not represent or purport to represent the Retiree Claimants as a "committee," as that term is defined in the Bankruptcy Code and the Bankruptcy Rules, and does not undertake to represent the interests of, and are not fiduciaries for, any creditor, party in interest, or other entity that has not signed an engagement agreement with Rimon. In addition, the Retiree Claimants do not represent or purport to represent any other persons or entities in connection with the Debtors' chapter 11 cases.

8. The Retiree Claimants either hold claims or manage accounts that hold claims pursuant to their individual Retirement Plans against the Debtors' estates. The total amounts of the Retiree Claimants' claims are not ascertainable at this point. Further, the majority of claim amounts depend on a formula that is based on the retired employee's life span, as well as the elections that he/she had made under the provisions of each applicable Retirement Plan. The Retiree Claimants may also individually hold some shares of stock in one or both debtors; Rimon currently does not have that information. The names of the Retiree Claimants as of June 26, 2019, are set forth in Exhibit A. More specific information about the individual claims of the Retiree Claimants, including the addresses and claim amount information (to the extent available), will be set forth by the Retiree Claimants in their individual Proof of Claim forms filed pursuant to this Court's claim procedures.

9. The information provided in this statement regarding the description of the Retirement Plans is based on information provided by certain retiree claimants and is based on their best information and belief and is intended only to comply with Bankruptcy Rule 2019 and is not intended for any other purpose.

10. The information set forth herein and in Exhibit A is intended only to comply with Bankruptcy Rule 2019 (without conceding its applicability to the Retiree Claimants represented by Rimon) and is not intended for any other purpose. Rimon does not make any representation

---

[1] Rimon also represents creditors Pivot Interiors, Inc., Trayer Engineering Company and Cedar Glade Capital, LLC, which are other creditors in these cases unrelated to Retiree Claimants.

regarding the validity, amount, allowance, or priority of such claims and reserves all rights with respect thereto.

11. Nothing contained in this Statement (or Exhibit A) should be construed as a limitation upon, or waiver of, any rights of any Retiree Claimant to assert, file and/or amend his or her claim in accordance with applicable law and any orders entered in these chapter 11 cases.

12. Rimon reserves the right to amend and/or supplement this Statement in accordance with the requirements set forth in Bankruptcy Rule 2019.

DATED: June 26, 2019

**RIMON, P.C.**

By: _____
Lillian G. Stenfeldt
*Attorneys for Retiree Claimants Holding Claims Under Certain Supplemental Retirement Plans*

#2369190v1<5397-25453>

# EXHIBIT A

# LIST OF RETIREE CLAIMANTS

1. Agerter, Linda
2. Alexander, Beverly
3. Anderson, Barry David
4. Angalakutai, Mallikarjun
5. Austin, Karen
6. Baker, Chris
7. Bar-Lev, Joshua
8. Basgal, Ophelia
9. Becker, James Richard
10. Bedwell, Ed
11. Bhattacharya, Shankar (Shan)
12. Boren, Thomas Garner
13. Bottorff, Thomas Edward
14. Brennan, Jean Frances
15. Burt, Helen
16. Butler, Jeff
17. Callaway III, Lee
18. Campbell, Walter Lee
19. Carter, Glen E.
20. Clare, David
21. Clark, John
22. Clifton, George F. Jr.
23. Conway, John T.
24. Corippo, Peter
25. Crossley, Shawn
26. Cunningham, Russell H.
27. Dasso, Kevin John
28. Draeger, Anita Loree
29. Earley, Anthony F. Jr.
30. Everett, Leslie Hart
31. Fitzpatrick, Tim
32. Flynn, Roger James
33. Fong, Katheryn M.
34. Fujimoto, Warren H.
35. Garcia, Ronald Craig
36. Gibson, Daniel Eugene
37. Golden, Patrick G.
38. Golub, Howard V.
39. Hapner, DeAnn (go by Dede)
40. Harper, William H. III

41. Harris, Robert L.
42. Hartman, Sanford L.
43. Harvey, Jeanne Walker
44. Harvey, Kent Michael
45. Hayes, Kathleen
46. Hayes, William D.
47. Higa, Patricia
48. Hinds, Jacqueline Rene
49. Howard, Robert T.
50. Howe, James
51. Jackson, Russell M. (Russ)
52. Janis, Megan Smith
53. Jenkins-Stark, John
54. Jeung, Garrett (Gary)
55. Johnson, Manly Kirk
56. Johnson, Mark S.
57. Jonas, Junona A.
58. Katz, Michael
59. Keenan, John S.
60. Kennady, Donald L.
61. Keyser, John Charles
62. King, Thomas B.
63. Klimczak, Rickard L.
64. Kline, Steven L.
65. Knapp, Kevin
66. LaRue, R Jack Jr.
67. Lee, Evelyn Ching
68. Lipscomb, Robert Cyrus
69. Lipson, Merek Evan
70. Livingston, Randal S
71. Long, Thomas C.
72. Macias, Edward (Jim) James
73. Martinez, Placido J.
74. Mayekawa, Douglas W.
75. Meko, Michael D.
76. Moller, David W.
77. Morrow, William Thomas
78. Oatley, David Herbert
79. Peters , Roger James
80. Pope, James Henry
81. Pruett, Greg S.
82. Randolph, James Kay
83. Rayburn, Stephen

84. Regan, Frank
85. Risser, Roland Jonathan
86. Rueger, Gregory Michael
87. Salas, Edward A.
88. Shiffer, Esther
89. Shiffer, Margaret
90. Skinner, Stanley T.
91. Smith, Gordon Ray
92. Stanley, Brent
93. Stavropoulos, Nickolas
94. Steel, Brian
95. Togneri, Gabe
96. Torres, Albert Frank
97. Townsend, Martha J.
98. Wallace, William Henry
99. Whelan, Steven
100. Williams, Joseph T.
101. Willrich, Mason
102. Womack, Lawrence
103. Worthington, Bruce Robert
104. Yura, Jane K.

# CERTIFICATE OF SERVICE

**PG&E Corporation and Pacific Gas and Electric Company
U.S.B.C., Northern District of California, Case No. 19-30088 (DM)**

I am employed in the City of Menlo Park, County of San Mateo, State of California. I am over the age of 18 and not a party to the within action; my business address is: Rimon, P.C. 800 Oak Grove Avenue, Suite 250, Menlo Park, CA 94025.

On June 26, 2019, I electronically filed the following document:

- **VERIFIED STATEMENT OF RETIREE CLAIMANTS HOLDING UNSECURED CLAIMS UNDER CERTAIN SUPPLEMENTAL RETIREMENT PLANS PURSUANT TO BANKRUPTCY RULE 2019**

by electronically filing it with the Court Clerk of the Court using the CM/ECF system which transmits a notification of electronic filing (NEF) of such filing to email addresses on file with the Court's ECF System.

Executed on June 26, 2019 at Menlo Park, California.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Ashley N. Frisch*
Ashley N. Frisch

#2369190v1<5397-25453>