WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>   - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                              **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**DEBTORS' NOTICE OF PROPOSED TREATMENT OF RECLAMATION CLAIMS**<br><br>**Re: Dkt. No. 699** |

**PLEASE TAKE NOTICE** that, on January 29, 2019, PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**" and together with PG&E Corp., the "**Debtors**") each commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Northern District of California (the "**Court**").

**PLEASE TAKE FURTHER NOTICE** that by Order dated February 28, 2019, the Court established certain procedures (the "**Reclamation Procedures**") for the treatment of all claims seeking reclamation of Goods pursuant to section 546(c) of the Bankruptcy Code (the "**Reclamation Claims**") that may be asserted against the Debtors [Docket No. 699] (the "**Reclamation Procedures Order**").[1]

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Reclamation Procedures, any Seller asserting a Reclamation Claim (each an "**Asserted Reclamation Claim**") was required to submit a written demand asserting such Reclamation Claim by the deadline set forth in, and in accordance with, the Reclamation Procedures Order (a "**Reclamation Demand**"). To date, the Debtors have received 28 Reclamation Demands from various parties (each, a "**Requesting Seller**," and, collectively, the "**Requesting Sellers**"),[2] each of which is listed on the schedule annexed hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Reclamation Procedures, the Debtors hereby file this Reclamation Notice listing the Reclamation Demands and the amount (if any) of each of the Asserted Reclamation Claims that the Debtors have determined to be valid. In support of the Reclamation Notice and the proposed treatment of each of the Asserted Reclamation Claims, the Debtors have filed the Declaration of Robb C. McWilliams, contemporaneously hereto.

**PLEASE TAKE FURTHER NOTICE** that, after a review of their books and records, the Debtors have determined that certain Reclamation Claims were made in accordance with the requirements of the Bankruptcy Code and the Reclamation Procedures and are, therefore, valid ("**Proposed Valid Reclamation Claims**"). Accordingly, each such Proposed Valid Reclamation Claim

---

[1] Capitalized terms used but not otherwise herein defined have the meanings ascribed to such terms in the Reclamation Procedures Order.

[2] The Debtors also received 13 duplicates, amendments, and/or supplements to the Reclamation Demands. **Exhibit A** incorporates any amendments or supplements received but does not separately list duplicate demands.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

shall be allowed as an administrative expense claim under section 503(b) of the Bankruptcy Code against the applicable Debtor in accordance with, and in the amount listed in the column labeled "Proposed Amount of Asserted Reclamation Claim - Valid" on **Exhibit A**; provided that, in accordance with the Reclamation Procedures Order, all issues related to the treatment of any such allowed claims under a chapter 11 plan for the Debtors shall be reserved.[3]

**PLEASE TAKE FURTHER NOTICE** that, after a review of their books and records, the Debtors have determined that certain of the Asserted Reclamation Claims (or portions thereof) are invalid based on one or more of the following grounds each of which is set forth in further detail on **Exhibit A**:

(i) **The Asserted Reclamation Claim is for goods received by the Debtors outside the Reclamation Period**. Section 546(c) of the Bankruptcy Code limits the reclamation rights of sellers of goods that render certain Asserted Reclamation Claims invalid, at least in part. For example, section 546(c) requires that a vendor may only reclaim goods, if among other things, such goods were received by the Debtors within 45 days before the commencement of the chapter 11 case (the "**Reclamation Period**"). 11 U.S.C. § 546(c)(1). As set forth on **Exhibit A**, certain of the Asserted Reclamation Claims, however, seek to reclaim goods that were received by the Debtors outside of the Reclamation Period and, therefore, the portions of those Asserted Reclamation Claims seeking to reclaim such goods are invalid.

(ii) **The Asserted Reclamation Claim was received by the Debtors after the Reclamation Deadline.** Section 546(c) of the Bankruptcy Code and the Reclamation Procedures Order require that, subject to a Seller's right to supplement a Reclamation Demand, the Requesting Seller submit their Reclamation Demand on or before February 18, 2019 (the "**Reclamation Deadline**"). Certain of the Reclamation Demands set forth on **Exhibit A**, were not received by the Debtors until after the Reclamation Deadline. Accordingly, these Asserted Reclamation Claims are invalid.

(iii) **The Asserted Reclamation Claim is not for goods**. Certain Asserted Reclamation Claims seek to reclaim amounts for services, freight, taxes, or similar charges rather than for goods. Reclamation rights arise, only in connection with the sale of goods.[4]

---

[3] Nothing in this Reclamation Notice bars Requesting Sellers from filing proofs of claim with respect to prepetition claims against the Debtors or affects claims that may have been asserted by Requesting Sellers pursuant to section 503(b)(9) of the Bankruptcy Code in accordance with the *Amended Order Pursuant to 11 U.S.C. §§ 503(b)(9) and 105(a) Establishing Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9)* [Docket No. 725], nor does anything in this Reclamation Notice limit the Debtors' right to object to such claims in the future.

[4] Courts generally define "goods" in accordance with section 2-105 of the Uniform Commercial Code (the "**UCC**"). *See, In re Circuit City Stores, Inc.*, 416 B.R. 531 (Bankr. E.D. Va 2009) ([T]he word "goods" in § 503(b)(9) should be defined the same way as "goods" is defined in §546(c); *In re GIC Gov't Sec.*, 64 B.R. 161, 162 (Bankr. M.D. Fla. 1986) ("Based on § 546(c)'s purpose and origins, this

Accordingly, those Asserted Reclamation Claims on **<u>Exhibit A</u>** that seek to reclaim non-goods are invalid.

(iv) **The Asserted Reclamation Claim was for goods that the Debtors consumed prior to the receipt of the Reclamation Demand or were unidentifiable.** By its terms, rights arising under section 546(c) of the Bankruptcy Code are rooted in the ability of a seller of goods to reclaim physical possession of the goods it has delivered to a debtor, and because of state law protection of good faith purchasers, courts routinely impose the additional requirements on reclamation claimants that the subject goods be identifiable and in the debtor's possession on the date of the reclamation demand.[5] To the extent that the seller's products are no longer in the debtor's possession on the date of the demand, they are not subject to reclamation. Also, to the extent that the goods in question have been commingled or processed such that they are no longer identifiable, the reclamation claims are invalid.[6] Accordingly, certain of the Asserted Reclamation Claims set forth on **<u>Exhibit A</u>** are invalid to the extent that they seek to reclaim goods that were not identifiable or that were not in the Debtors' possession on the date the Reclamation Demand was received.

(v) **There is insufficient information or documentation for the Debtors to evaluate the Asserted Reclamation Claim**. Courts require that the form of a reclamation claimant's demand sufficiently identify the goods the seller seeks to reclaim.[7] Certain of the

---

should be the UCC definition."); *In re MGS Mktg.*, 111 B.R. 264, 267 (B.A.P. 9th Cir. 1990) ("It has also been widely held that the reclamation remedy applies solely to the goods, not to their proceeds."); *In re NE Opco, Inc.*, 501 B.R. 233 (2013) (finding amount attributable to the goods is provided administrative priority status and the amount attributable to services is not); *In re Plastech Engineered Prods., Inc.*, 397 B.R. 828, 837-38 (Bankr. E.D. Mich. 2009) (finding where the value of services vs. goods could be ascertained, allowing 503(b)(9) for goods). Section 2-105(1) of the UCC provides that "'[g]oods' means all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Article 8) and things in action." U.C.C. § 2-105(1) (2016).

[5] *See, e.g.*, *In re Arlco, Inc.*, 239 B.R. 261, 266 (Bankr. S.D.N.Y. 1999) ("[I]f not [in] possession, the debtor should at least have control over the goods if it is to be required to return them."); *In re Charter Oil Co.*, 54 B.R. 91, 92–93 (Bankr. M.D. Fla. 1985) (requiring goods to be identifiable and in debtor's possession); *McCain Foods, Inc. v. Flagstaff Foodservice Co. New England, Inc. (In re Flagstaff Foodservice Corp.)*, 14 B.R. 462, 465–66 (Bankr. S.D.N.Y. 1981) ("[T]he remedy of reclamation . . . is secure as to the identifiable goods in the possession of the purchaser. . ."). In *Flagstaff*, for example, the court found that a seller of frozen French fries was entitled to reclamation only to the extent that the debtor was in possession of the French fries on the date of the seller's reclamation demand. 14 B.R. at 463.

[6] *See In re Arlco, Inc.*, 239 B.R. 261, 266 (Bankr. S.D.N.Y. 1999); *In re Landy Beef Co.*, 30 B.R. 19, 21 (Bankr. D. Mass. 1983).

[7] *See, e.g., In re Braniff, Inc.*, 113 B.R. 745, 752 (Bankr. M.D. Fla. 1990). In *Braniff*, for example, the court stated that due to the "fundamental purpose of a demand for reclamation," such demand, to be sufficient, "must identify the goods as to which reclamation is sought so as to permit their return pursuant to the demand at the time the demand is made," and that an insufficient demand "must of necessity fail as a matter of law." *Id.* at 752 (finding fuel that has been commingled with fuel from other suppliers is not subject to reclamation). *See also In re Hechinger Inv. Co. of Del., Inc.*, 274 B.R. 402, 406–07 (Bankr. D. Del. 2001) (finding that a reclamation demand must describe the subject goods in a manner that would allow the debtor to identify them upon reasonable investigation).

Reclamation Demands do not provide sufficient information to allow the Debtors to reasonably identify from their books and records the goods the Requesting Sellers seek to reclaim. Despite attempts by the Debtors to collect this information from the Requesting Sellers, the Debtors have not received sufficient information to identify the goods these Requesting Sellers seek to reclaim. Accordingly, those Asserted Reclamation Claims are invalid.

(vi) **The Asserted Reclamation Claim was withdrawn or satisfied.** There are a number of Asserted Reclamation Demands where the amounts asserted by the Requesting Seller have been withdrawn, satisfied prepetition, or satisfied pursuant to another Order of the Court.[8] Accordingly, the Debtors request that the Court allow the Asserted Reclamation Claim only in the amounts net of any setoffs or other payments permitted in accordance with any other Orders of the Court.

(vii) **The amount of the Asserted Reclamation Claim does not match the Debtors' books and records.** There are a number of Asserted Reclamation Claims identified on **Exhibit A** where the claim amount asserted by the Requesting Seller differs from the amounts that the Debtors have recorded on their books as owed to the Requesting Vendor. In these instances, the Debtors dispute the amount of the Asserted Reclamation Claim and request that the Court allow the Asserted Reclamation Claim only in the amounts reflected in the Debtors' books and records.

Please take further notice that, pursuant to the Reclamation Procedures Order, unless a party timely objects to the proposed treatment of its Reclamation Demand as set forth below, each of the Asserted Reclamation Claims listed on **Exhibit A** shall be allowed to the extent, and in the amount, listed in the column labeled "Proposed Amount of Asserted Reclamation Claim - Valid" and be disallowed, to the extent, and in the amount, listed in the column labeled "Proposed Amount of Asserted Reclamation Claim – Invalid."

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Reclamation Procedures Order, any party that wishes to object to the proposed treatment of its Reclamation Demand in this Reclamation Notice (including any party that believes it was incorrectly omitted from this Reclamation Notice) must file and serve an objection (a "**Reclamation Notice Objection**") on the following parties, so as to be received no later than **July 18, 2019 at 4:00 p.m. (Pacific Time)** (the "**Objection Deadline**"):

(i) Weil, Gotshal & Manges LLP, as counsel for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. and Liza Carens, Esq.).

---

[8] In some instances, certain amounts asserted by Requesting Sellers were satisfied pursuant to the *Final Order Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 503(b)(9) and Fed. R. Bankr. P. 6003 and 6004 Authorizing Debtors to pay Prepetition Obligations Owed to Certain Safety and Reliability, Outage, and Nuclear Facility Suppliers* [Docket No. 883].

(ii) The United States Trustee for Region 17, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.);

(iii) Milbank LLP, as counsel to the Official Committee of Unsecured Creditors, 2029 Century Park East, 33rd Floor, Los Angeles, California, 90067 (Attn: Paul S. Aronzon, Esq., Gregory A. Bray, Esq., and Thomas R. Kreller, Esq.);

(iv) Baker & Hostetler LLP, as counsel to the Official Committee of Tort Claimants, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq., and Cecily A. Dumas, Esq.); and

(v) Stroock & Stroock & Lavan LLP, as counsel to the agent under the Debtors' debtor-in-possession financing facility, 180 Maiden Lane, New York, New York 10038 (Attn: Kristopher M. Hansen, Esq., Erez E. Gilad, Esq., and Matthew G. Garofalo, Esq.).

Any Reclamation Notice Objection must include (i) a copy of the Reclamation Demand, with evidence of the date mailed to the Debtors, and (ii) a statement describing with specificity the objections to this Reclamation Notice and any legal and factual bases for such objections.

**PLEASE TAKE FURTHER NOTICE** that any Reclamation Claim listed in on **Exhibit A** hereto for which no Reclamation Notice Objection is filed and served by the Objection Deadline shall be deemed allowed, if at all only in the amount listed on **Exhibit A** in the column entitled "Proposed Amount of Reclamation Claim – Valid," and shall be disallowed in the amount listed on **Exhibit A** in the column entitled "Proposed Amount of Reclamation Claim – Invalid," *provided* that all issues relating to the treatment of any such allowed Reclamation Claim under a chapter 11 plan for the Debtors shall be reserved.

Dated: June 28, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/*Matthew Goren*
       Matthew Goren

*Attorneys for Debtors
and Debtors in Possession*