WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: (212) 310-8000
Fax: (212) 310-8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636-9251

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                     **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**DECLARATION OF ROBB C. McWILLIAMS IN SUPPORT OF DEBTORS' NOTICE OF PROPOSED TREATMENT OF RECLAMATION CLAIMS** |

Pursuant 28 U.S.C. § 1746, I, Robb C. McWilliams, hereby declare as follows:

I am a Managing Director at the firm of AlixPartners, LLP ("**AlixPartners**"), an affiliate of AP Services, LLC ("**APS**"), which, pursuant to an order of the Court dated April 9, 2019 [Docket No. 1299], provides interim management services to PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors-in-possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"). I submit this Declaration in support of the *Debtors' Notice of Proposed Treatment of Reclamation Claims* (the "**Reclamation Notice**"), filed contemporaneously hereto.[1]

In my current position with AlixPartners, I am responsible for assisting the Debtors with various matters related to these Chapter 11 Cases, including reviewing and assessing the validity of Asserted Reclamation Claims (as defined below). I am generally familiar with the Debtors' day to day operations, financing arrangements, business affairs, and books and records. Except as otherwise indicated herein, all facts set forth in this Declaration are based either upon my personal knowledge, the knowledge of other APS professionals working under and alongside me on this matter, my discussions with other members of the Debtors' management team, the Debtors' various other advisors and counsel, and my review of relevant documents and information prepared by the Debtors. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this Declaration on behalf of the Debtors.

By Order dated February 28, 2019, the Court established certain procedures (the "**Reclamation Procedures**") for the treatment of all claims seeking reclamation of Goods pursuant to section 546(c) of the Bankruptcy Code (the "**Reclamation Claims**") that may be asserted against the Debtors [Docket No. 699] (the "**Reclamation Procedures Order**"). Pursuant to the Reclamation Procedures, any Seller asserting a Reclamation Claim (each an "**Asserted Reclamation Claim**") was required to submit a written demand asserting such Reclamation Claim by the deadline set forth in, and in accordance with, the Reclamation Procedures Order (a "**Reclamation Demand**"). To date, the Debtors have received 28 Reclamation Demands from various parties (each, a "**Requesting Seller**,"

---

[1] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to such terms in the Reclamation Notice.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

and, collectively, the "**Requesting Sellers**"), each of which is listed on the schedule annexed as **Exhibit A** to the Reclamation Notice.[2]

In accordance with the Reclamation Procedures, the Debtors contemporaneously herewith have filed the Reclamation Notice listing the Reclamation Demands and the amount (if any) of each of the Asserted Reclamation Claims that the Debtors have determined to be valid.

In assessing the validity of the Asserted Reclamation Claims, I, other APS professionals, or employees of the Debtors reviewed each Reclamation Demand, including any supporting documentation provided, and the Debtors' books and records, and corresponded with Requesting Sellers as necessary, to determine whether each Asserted Reclamation Claim satisfied the requirements of section 546(c) of the Bankruptcy Code and the Reclamation Procedures Order.

After reviewing the foregoing, it has been determined that, certain Reclamation Claims (or portions thereof) were made in accordance with the requirements of the Bankruptcy Code and the Reclamation Procedures and are, therefore, valid (collectively, the "**Proposed Valid Reclamation Claims**"). Accordingly, as set forth in the Reclamation Notice, the Debtors are requesting that each such Proposed Valid Reclamation Claim be allowed as an administrative expense claim under section 503(b) of the Bankruptcy Code against the applicable Debtor in accordance with, and in the amount listed in the column labeled "Proposed Amount of Asserted Reclamation Claim - Valid" on **Exhibit A** to the Reclamation Notice; provided that, in accordance with the Reclamation Procedures Order, all issues related to the treatment of any such allowed claims under a chapter 11 plan for the Debtors shall be reserved.

In addition, after reviewing their books and records, certain of the Asserted Reclamation Claims (or portions thereof) are invalid based on one or more of the following grounds, each of which is set forth in further detail on **Exhibit A** to the Reclamation Notice:

(i) **The Asserted Reclamation Claim is for goods received by the Debtors outside the Reclamation Period**. It is my understanding that section 546(c) of the Bankruptcy Code limits the reclamation rights of sellers of goods that render certain Asserted Reclamation

---

[2] The Debtors also received 13 duplicates, amendments, and/or supplements to the Reclamation Demands. **Exhibit A** incorporates any amendments or supplements received but does not separately list duplicate demands.

Claims invalid, at least in part. As set forth on **Exhibit A** to the Reclamation Notice, certain of the Asserted Reclamation Claims seek to reclaim goods that were received by the Debtors outside of the Reclamation Period and, therefore, the portions of those Asserted Reclamation Claims seeking to reclaim such goods are invalid.

(ii) **The Asserted Reclamation Claim was received by the Debtors after the Reclamation Deadline.** It is my understanding that section 546(c) of the Bankruptcy Code and the Reclamation Procedures Order require that, subject to a Seller's right to supplement a Reclamation Demand, the Requesting Seller submit their Reclamation Demand on or before February 18, 2019 (the "**Reclamation Deadline**"). As set forth on **Exhibit A** to the Reclamation Notice, one of the Reclamation Demands was not received by the Debtors until May 7, 2019, well after the Reclamation Deadline. Accordingly, that Asserted Reclamation Claim is invalid.[3]

(iii) **The Asserted Reclamation Claim is not for goods**. As set forth on **Exhibit A** to the Reclamation Notice, certain of the Asserted Reclamation Claims seek in part to reclaim amounts for services, freight, taxes, or similar charges, rather than for goods. It is my understanding that reclamation rights arise, however, only in connection with the sale of goods. Accordingly, those portions of the Asserted Reclamation Claims on **Exhibit A** that seek to reclaim non-goods are invalid.

(iv) **The Asserted Reclamation Claim was for goods that the Debtors consumed prior to the receipt of the Reclamation Demand or were unidentifiable.** It is my understanding that rights arising under section 546(c) of the Bankruptcy Code are rooted in the ability of a seller of goods to reclaim physical possession of the goods it has delivered to a debtor, and because of state law protection of good faith purchasers, courts routinely impose the additional requirements on reclamation claimants that the subject goods be identifiable and in the debtor's possession on the date of the reclamation demand. Accordingly, as it has been explained to me, to the extent that the seller's products are no longer in the debtor's possession on the date of the demand, they are not subject to reclamation. I further understand that, to the extent that the goods in question have been commingled or processed such that they are no longer identifiable, the reclamation claims are invalid. Certain of the Asserted Reclamation Claims set forth on **Exhibit A** include some portion seeking to reclaim goods that were not identifiable or that were not in the Debtors' possession on the date the Reclamation Demand was received. Accordingly, those portions of the Asserted Reclamation Claims on **Exhibit A** are invalid.

(v) **There is insufficient information or documentation for the Debtors to evaluate the Asserted Reclamation Claim**. Certain of the Reclamation Demands do not provide sufficient information to allow the Debtors to reasonably identify from their books and records the goods the Requesting Sellers seek to reclaim. Despite attempts by the Debtors to collect this information from the Requesting Sellers, the Debtors have not received sufficient information to identify the goods these Requesting Sellers seek to reclaim. Accordingly, the portions of those Asserted Reclamation Claims for which the

---

[3] The Debtors considered three other demands that were received within one or two days of the Reclamation Deadline as being timely filed, but reserve all of their rights with respect thereto.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

Seller has not included sufficient information or documentation for the Debtors to evaluate the Asserted Reclamation Claims are invalid.

(vi) **The Asserted Reclamation Claim was withdrawn or is satisfied**. Certain of the Reclamation Demands seek to receive payment of amounts that have been withdrawn, satisfied prepetition, or satisfied pursuant to another Order of the Court. In some instances, certain amounts asserted by Requesting Sellers were satisfied pursuant to the *Final Order Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 503(b)(9) and Fed. R. Bankr. P. 6003 and 6004 Authorizing Debtors to pay Prepetition Obligations Owed to Certain Safety and Reliability, Outage, and Nuclear Facility Suppliers* [Docket No. 883]. Accordingly, as set forth in the Reclamation Notice, the Debtors are requesting that the Court allow the Asserted Reclamation Claim only in the amounts net of any setoffs or other payments permitted in accordance with any other Orders of the Court.

(vii) **The amount of the Asserted Reclamation Claim does not match the Debtors' books and records.** Certain of the Asserted Reclamation Claims identified on **Exhibit A** to the Reclamation Notice assert amounts that differ from the amounts that the Debtors have recorded on their books as owed to the Requesting Vendor. As set forth in the Reclamation Notice, in these instances, the Debtors dispute the amount of the Asserted Reclamation Claim and are requesting that the Court allow the Asserted Reclamation Claim only in the amounts reflected in the Debtors' books and records.

Accordingly, as set forth in the Reclamation Notice, the Debtors are requesting that each of the Asserted Reclamation Claims listed on **Exhibit A** to the Reclamation Notice be allowed, if at all, to the extent, and in the amount, listed in the column labeled "Proposed Amount of Asserted Reclamation Claim - Valid" and be disallowed, to the extent, and in the amount, listed in the column labeled "Proposed Amount of Asserted Reclamation Claim – Invalid."

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 28th day of June, 2019.

*[signature]*

Robb C. McWilliams

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119