

Signed and Filed: July 1, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**ORDER PURSUANT TO<br>11 U.S.C. §§ 502(b)(9) AND 105(a),<br>FED. R. BANKR. P. 2002, 3003(c)(3),<br>5005, AND 9007, AND L.B.R. 3003-1 (I)<br>ESTABLISHING DEADLINE FOR FILING<br>PROOFS OF CLAIM, (II) ESTABLISHING<br>THE FORM AND MANNER OF NOTICE<br>THEREOF, AND (III) APPROVING<br>PROCEDURES FOR PROVIDING<br>NOTICE OF BAR DATE AND OTHER<br>INFORMATION TO ALL CREDITORS<br>AND POTENTIAL CREDITORS** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Upon the Motion, dated May 1, 2019 [Docket No. 1784] (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 502(b)(9) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 3003(c)(3), 5005, and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3003-1 of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for entry of an order (i) establishing deadlines for filing proofs of claim, (ii) establishing the form and manner of notice thereof, and (iii) approving the Debtors' plan for providing notice of the Bar Date and other important deadlines and information to all creditors and potential creditors, including publication and other supplemental noticing procedures, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration (as amended on February 2, 2019 [Docket No. 263]), the Orsini Declaration, the Prime Clerk Declarations, the Supplemental Waisman Declaration, and the Finegan Declaration; and various statements, objections,

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

2

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

and responses to the Motion (and joinders to such statements, objections, and responses) having been filed [including, without limitation, Docket Nos. 2043, 2238, 2239, 2240, 2242, 2248, 2256, 2306, 2307, 2308, 2316, 2321, 2324, 2326, 2346, 2453, and 2739] (each, an "**Objection**" and, collectively, the "**Objections**"); and the Official Committee of Tort Claimants having filed separate motions and applications seeking, *inter alia*, approval of (i) its own fire-related proof of claim form [Docket No. 1824] (together with any declarations, exhibits, and memoranda filed in connection thereof, the "**TCC Proof of Claim Motion**"), (ii) a separate bar date and noticing procedures for fire victims [Docket No. 2297] (together with any declarations, exhibits, and memoranda filed in connection thereof, the "**TCC Bar Date Motion**"), and (iii) the retention of Angeion Group, LLC as fire victim claims and noticing agent [Docket No. 2303] (together with any declarations, exhibits, and memoranda filed in connection thereof, the "**Angeion Retention Application**"); and the Ad Hoc Group of Subrogation Claim Holders having filed a separate motion seeking approval of its own wildfire subrogation claimant proof of claim form [Docket No. 2044] (together with any declarations, exhibits, and memoranda filed in connection thereof, the "**Ad Hoc Subrogation Group POC Motion**"); and the Debtors having filed their Omnibus Corrected Reply in support of the Motion and in opposition to the Objections, the TCC Bar Date Motion, and the Angeion Retention Application [Docket No. 2646] (together with any declarations, exhibits, and memoranda filed by the Debtors in connection therewith, the "**Reply**"), which incorporates, *inter alia*, certain amendments and revisions to the Order, the Notice Procedures (including the Supplemental Notice Plan), the Bar Date Notices (as defined below, and the Proof of Claim Forms (as defined below); and this Court having held a hearing on June 26, 2019 on the Motion, the TCC Proof of Claim Motion, the TCC Bar Date Motion, the Angeion Retention Application, and the Ad Hoc Subrogation Group POC Motion (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the

Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion (as modified in accordance with the Reply and as set forth on the record at the Hearing) is granted as provided herein and any Objections that remain outstanding or unresolved are hereby overruled. The TCC Proof of Claim Motion, the TCC Bar Date Motion, the Angeion Retention Application, and the Ad Hoc Subrogation Group POC Motion are each hereby denied.

2. The Notice Procedures, including the Supplemental Notice Plan, are hereby approved and the Debtors are authorized to provide notice of the Bar Date (as defined below) as set forth in the Motion (as modified in accordance with the Reply and as set forth on the record at the Hearing) and this Order.

3. The following procedures for filing Proofs of Claim are approved:

    (a) Except as otherwise noted herein, the deadline for filing all proofs of claim (each, a "**Proof of Claim**") in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including all claims of Fire Claimants[2], Wildfire Subrogation Claimants, Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all

---

[2] For purposes of this Order, and all matters related thereto (a) any claim (as such term is defined in section 101(5) of the Bankruptcy Code) related to or in any way arising from the fires that occurred in Northern California prior to the Petition Date (the "**Northern California Fires**"), including any claim held by a Wildfire Subrogation Claimant, is referred to herein as a "**Fire Claim**"; (b) any person or entity, including any Governmental Unit, holding a Fire Claim (other than a Wildfire Subrogation Claimant) is referred to herein as a "**Fire Claimant**"; and (c) any insurance carrier having made payments to their insureds for any damages arising out of or relating to a Fire Claim, or any other party who has acquired by assignment or otherwise obtained an interest in a claim arising out or related to such payments, is referred to herein as a "**Wildfire Subrogation Claimant**". The Northern California Fires include, but are not limited to, the following fires: 37, Adobe, Atlas, Blue, Butte, Camp, Cascade, Cherokee, Ghost Ship, Honey, La Porte, Lobo, Maacama, McCourtney, Norrbom, Nuns, Partrick, Pocket, Point, Pressley, Pythian (a.k.a. Oakmont), Redwood, Sullivan, Sulphur, and Tubbs.

secured claims and priority claims, against either of the Debtors shall be **October 21, 2019** at **5:00 p.m.** (**Prevailing Pacific Time**) (the "**Bar Date**").

 (b) **Standard Proof of Claim Forms (which include Proofs of Claim to be filed by any Customers or Governmental Units)** must: (i) be written in the English language; (ii) if known, set forth the amount of the claim, denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the standard proof of claim form annexed hereto as **Exhibit A-1** (the "**Standard Proof of Claim Form**") or Official Bankruptcy Form No. 410;[3] (iv) specify by name and case number the Debtor against which the Standard Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vii) be signed by the claimant or an authorized agent of the claimant.[4]

 (c) **Fire Claimant Proof of Claim Forms** must: (i) be written in the English language; (ii) if known, set forth the amount of the claim, denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date) or, if not known, indicate to be determined at a later date; (iii) conform substantially to the fire related proof of claim form annexed hereto as **Exhibit A-2** (the "**Fire Claimant Proof of Claim Form**"); (iv) set forth with specificity the legal and factual basis for the alleged claim, including substantially all of the information requested in the Fire Claimant Proof of Claim Form; and (v) be signed by the Fire Claimant or an authorized agent of the Fire Claimant.

 (d) **Wildfire Subrogation Claimant Proof of Claim Forms** must: (i) be written in the English language; (ii) if known, set forth the amount of the claim, denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the wildfire subrogation claimant proof of claim form annexed hereto as **Exhibit A-3** (the

---

[3] Official Bankruptcy Form No. 410 can be found at http://www.uscourts.gov/forms/bankruptcy-forms/proof-claim-0, the Official Website for the United States Bankruptcy Courts. A Proof of Claim Form that has been customized for these Chapter 11 Cases can also be obtained on the website established in these Chapter 11 Cases, https://restructuring.primeclerk.com/pge/ (the "**Case Website**").

[4] For the avoidance of doubt, Fire Claimants and Wildfire Subrogation Claimants may separately file Standard Proof of Claim Form(s) to assert any additional claims against the Debtors other than any additional Fire Claims.

5

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

"**Wildfire Subrogation Claimant Proof of Claim Form**" and, together with the Fire Claimant Proof of Claim Form, the "**Fire Proof of Claim Forms**" and, the Fire Proof of Claim Forms together with the Standard Proof of Claim Form, collectively, the "**Proof of Claim Forms**"); (iv) set forth with specificity the legal and factual basis for the alleged claim, including substantially all of the information requested in the Wildfire Subrogation Claimant Proof of Claim Form; and (v) be signed by an authorized agent of the Wildfire Subrogation Claimant.

(e) Any holder of a Fire Claim must file, or have their authorized agent or attorney file, a Proof of Claim Form on account of such claimant's Fire Claim even if such claimant may be included in, or represented by, a purported class action, class suit, class Proof of Claim, or similar representative action filed against the Debtors with respect to such claimant's Fire Claim.

(f) If a claimant asserts a claim against more than one Debtor or has claims against different Debtors, the claimant must file a separate Proof of Claim against each Debtor. All timely filed Fire Claimant Proof of Claim Forms and Wildfire Subrogation Proof of Claim Forms will be deemed filed against both PG&E Corp. and the Utility (without prejudice to the Debtors' right to assert that any such claim should be allowed only as to one of the Debtors).

(g) All Proofs of Claim must be filed either (i) electronically through Prime Clerk's website using the interface available on the Case Website under the link entitled "Submit a Claim" (the "**Electronic Filing System**") or (ii) by delivering the original Proof of Claim form by hand, or mailing the original Proof of Claim form so that is received on or before the Bar Date as follows:

    If by first class mail:

    PG&E Corporation Claims Processing Center
    c/o Prime Clerk LLC
    Grand Central Station, PO Box 4850
    New York, NY 10163-4850

    If by overnight courier:

    PG&E Corporation Claims Processing Center
    c/o Prime Clerk LLC
    850 Third Avenue, Suite 412
    Brooklyn, NY 11232

    If by hand delivery:

PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

-or-

At one of the Debtors' Claim Service Centers located at the following PG&E locations (beginning July 15, 2019 through the Bar Date during the hours of 8:30 a.m. – 5:00 p.m. Pacific Time): (i) 350 Salem Street, Chico, CA 95928; (ii) 231 "D" Street, Marysville, CA 95901; (iii) 1567 Huntoon Street, Oroville, CA 95965; (iv) 3600 Meadow View Road, Redding, CA 96002; (v) 111 Stony Circle, Santa Rosa, CA 95401; or (vi) 1850 Soscol Ave. Ste 105, Napa, CA 94559.

(h) A Proof of Claim Form shall be deemed timely filed only if it is **actually received** by Prime Clerk (i) at the addresses listed above in subparagraph (g) or (ii) electronically through the Electronic Filing System on or before the Bar Date.

(i) Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System) **will not** be accepted.

(j) Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a claim that arises from or relates to the rejection of an executory contract or unexpired lease must file a Standard Proof of Claim Form based on such rejection by the later of (i) the Bar Date, and (ii) the date that is thirty (30) days following the entry of the Court order approving such rejection, (which order may be the order confirming a chapter 11 plan in the Debtors' Chapter 11 Cases) or be forever barred from doing so.

(k) Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a claim for damages that arises from or relates to the rejection of the executory contract or unexpired lease) must file a Standard Proof of Claim Form for such amounts on or before the Bar Date unless an exception identified in paragraph (o) below applies.

(l) In the event that the Debtors amend or supplement their Schedules subsequent to the date of entry of this Order, the Debtors shall give

7

notice of any amendment or supplement to the holders of claims affected thereby and reasonably sufficient information to identify the affected claimants and for such claimants to determine the nature of the amendment or supplement, and such holders shall have until the later of (i) the Bar Date and (ii) thirty (30) days from the date of such notice to file a Proof of Claim or be barred from doing so and shall be given notice of such deadline.

(m) Any person or entity that relies on the Schedules has the responsibility to determine that its claim is accurately listed in the Schedules.

(n) Notwithstanding anything herein to the contrary, any person asserting a claim arising under section 503(b)(9) of the Bankruptcy Code ("**503(b)(9) Claims**") against any Debtor was required to file such claim by April 22, 2019 as established in the Court's *Amended Order Pursuant to 11 U.S.C. §§ 503(b)(9) and 105(a) Establishing Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9)* [Docket No. 725], and nothing herein shall be deemed to amend, modify, extend, or toll the deadlines and procedures with respect to the filing of 503(b)(9) Claims set forth therein.

(o) The following persons or entities are **not** required to file a Proof of Claim on or before the Bar Date, solely with respect to the claims described below:

(1) any person or entity whose claim is listed on the Schedules; *provided* that (i) the claim is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(2) any person or entity whose claim has been paid in full;

(3) any holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any party asserting a 503(b)(9) Claim as set forth in paragraph (n) above);

(4) any person or entity who holds a claim that heretofore has been allowed by Order of this Court entered on or before the Bar Date;

(5) any holder of a claim for which a separate deadline has been fixed by this Court;

8

(6) any person or entity who has already filed a Proof of Claim with Prime Clerk against the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the Standard Proof of Claim Form or Official Form No. 410;

(7) any person or entity that holds an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; *provided, however,* that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Standard Proof of Claim must be filed on or before the Bar Date;

(8) any person or entity whose claim is limited exclusively to the repayment of principal, interest, and other fees and expenses under any agreements (a "**Debt Claim**") governing any prepetition, unsecured revolving credit loan, term loan, notes, bonds, debentures, or other debt securities, in each case, issued by or on behalf of any of the Debtors (collectively, the "**Debt Instruments**"); *provided, however*, that (i) the foregoing exclusion shall not apply to the indenture trustee, owner trustee, pass-through trustee, subordination agent, registrar, paying agent, administrative, loan or collateral agent, or any other entity serving in a similar capacity however designated (collectively, an "**Indenture Trustee**") under the applicable Debt Instrument, (ii) each such Indenture Trustee shall be required to file a Standard Proof of Claim against the applicable Debtor, on or before the Bar Date, on account of all Debt Claims against such Debtor under the applicable Debt Instrument; *provided*, *however*, that an Indenture Trustee will be permitted, in lieu of attaching voluminous documentation, to file with its Proof of Claim a summary of the applicable Debt Instrument and other operative documents, on the condition that such documents will be made available by the Indenture Trustee within ten (10) business days after receipt of a written request from a party in interest, and (iii) any holder of a Debt Claim that has a claim arising out of or relating to a Debt Instrument other than a Debt Claim must file a Standard Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies;

(9) any person or entity whose claim against the Utility arises solely from amounts due to the California Independent System Operator Corporation ("**CAISO**"), California Power Exchange Corporation ("**PX**") and/or various market participants based on purchases or sales of electricity, capacity, or ancillary services by the Utility and other market participants in markets operated by the CAISO and the PX that are subject to determination by the Federal Energy Regulatory Commission ("**FERC**") in refund proceedings bearing FERC Docket Nos. EL00-95-000 and EL00-98-000 and related sub-dockets, and any amounts due under any settlement agreements, allocation agreements, escrow agreements, letter agreements, other written agreements, or court orders (including orders entered in the chapter 11 case styled In re California Power Exchange Corporation, Case No. LA 01-16577 ES) that expressly relate thereto;

(10) any Customer whose claim is limited exclusively to ordinary and customary refunds, overpayments, billing credits, deposits, or similar billing items;

(11) either Debtor having a claim against the other Debtor in these Chapter 11 Cases; or

(12) any person or entity who holds a claim solely to the extent that such claim arises from an event that occurred after January 29, 2019.

4. Notwithstanding anything herein to the contrary, any claimant that timely files a Proof of Claim and makes a good faith effort to complete a Proof of Claim Form as set forth herein, shall be permitted to revise, amend, and/or supplement their applicable Proof of Claim Form to the extent permitted by applicable law until such time as their claim is allowed or disallowed by order of the Court.

5. Notwithstanding anything herein to the contrary, for purposes of this Order, (i) Fire Claims shall not include any claims of any Governmental Unit of the State of California (each, a "**California State Agency**") related to or in any way arising from the Northern California Fires, (ii) no California State Agency shall be included as a Fire Claimant, and (iii) the claims of any California State Agency may be submitted utilizing the Standard Proof of Claim Form in accordance with the

procedures set forth herein and otherwise applicable law.

6. **Claimants may but are not required to attached supporting documentation to their Fire Claims. If supporting documentation is attached by any claimant to a Fire Proof of Claim Form, such supporting documentation shall be publicly available as a part of such claimant's Fire Proof of Claim Form**; *provided* that, pursuant to the agreement between the Debtors and the Wildfire Subrogation Claimants, Attachment 1 to the Wildfire Subrogation Claimant Proof of Claim Form and any other individual claim information subsequently submitted by any Wildfire Subrogation Claimant to Prime Clerk shall remain confidential and shall not be made available to the general public, and copies of such subsequent information shall only be provided on a confidential and professionals' eyes only basis to the Debtors, the Committees, the U.S. Trustee, and any additional parties the Court directs but only after each such party agrees to keep the subsequent information confidential, subject to the right of the party submitting such information to be heard with respect to such disclosure.

7. Pursuant to Bankruptcy Rule 3003(c)(2), but subject to Paragraph 4 of this Order, all holders of claims, including Fire Claimants, Wildfire Subrogation Claimants, and Customers, that fail to comply with this Order by timely filing a Proof of Claim in accordance with this Order shall not be treated as a creditor with respect to such claim (as defined in section 101(5) of the Bankruptcy Code) for the purposes of voting and distribution with respect to any chapter 11 plan or plans of reorganization that may be filed or confirmed in these Chapter 11 Cases.

***Procedures for Mailing of the Bar Date Notices***

8. **The Standard Bar Date Notice.** At least **ninety-five (95) days** prior to the Bar Date, the Debtors shall cause to be mailed at their last known address as reflected in the Debtors' records (i) a Standard Proof of Claim Form, and (ii) the standard bar date notice, substantially in the

11

form annexed hereto as **Exhibit B-1** (the "**Standard Bar Date Notice**"), on the following parties:

    (a)    The Office of the United States Trustee for Region 17;

    (a)    the attorneys for the Committees;

    (b)    all parties actually known to the Debtors as having claims or potential claims against either of the Debtors (but excluding holders of Fire Claims) which, for the avoidance of doubt, excludes any person or entity that holds an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred units, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest;

    (c)    all persons or entities that have filed Proofs of Claims as of the date of entry of this Order;

    (d)    all counterparties to the Debtors' executory contracts and unexpired leases as of the date of entry of this Order;

    (e)    all parties to pending litigation against the Debtors as of the date of entry of this Order (other than holders of Fire Claims);

    (f)    all current and former employees, directors, and officers (to the extent that contact information for former employees, directors, and officers is available in the Debtors' records);

    (g)    all regulatory authorities that regulate the Debtors' businesses as of the date of entry of this Order;

    (h)    the Offices of the California Attorney General and the U.S. Attorney for the Northern District of California;

    (i)    the office of the attorney general for each state in which the Debtors maintain or conduct business;

    (j)    the District Director of the Internal Revenue Service for the District of California;

    (k)    all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

    (l)    all parties who have requested notice pursuant to Bankruptcy Rule 2002 as of the date of entry of this Order; and

    (m)    such additional persons and entities deemed appropriate by the Debtors.

9. **The Fire Claim Bar Date Notice**. At least **ninety-five (95) days** prior to the Bar Date, the Debtors shall cause to be mailed to all Known Fire Claimants[5] (i) the fire claim bar date notice, substantially in the form annexed hereto as **Exhibit B-2** (the "**Fire Claim Bar Date Notice**"), and (ii) a Fire Claimant Proof of Claim Form or Wildfire Subrogation Claimant Proof of Claim Form, as applicable. The foregoing shall be mailed to the address of each such Known Fire Claimant (if known) and to the address for the attorney of record of each such Known Fire Claimant set forth in the complaint initiating such Known Fire Claimant's prepetition action.

10. **The Customer Bar Date Notice**. At least **ninety-five (95) days** prior to the Bar Date, the Debtors shall cause to be mailed to all Customers at their last known address as reflected in the Debtors' records (i) a Standard Proof of Claim Form, and (ii) the customer bar date notice, substantially in the form annexed hereto as **Exhibit B-3** (the "**Customer Bar Date Notice**" and, together with the Standard Bar Date Notice and the Fire Claimant Bar Date Notice, the "**Bar Date Notices**").

11. The Debtors shall post each of the Standard Bar Date Notice, the Fire Claim Bar Date Notice, and the Customer Bar Date Notice on the Case Website.

*The Supplemental Notice Plan*

12. The Supplemental Notice Plan is hereby approved and the Debtors are authorized to implement the components of the Supplemental Notice Plan as set forth in the Motion (as modified in accordance with the Reply and as set forth on the record at the Hearing).

13. In addition to the other provisions of the Supplemental Notice Plan (as modified

---

[5] For purposes of this Order, and all matters related thereto (a) holders of Fire Claims that, as of the Petition Date, already had commenced actions against the Debtors or had provided actual notice to the Debtors of their intention to commence actions against the Debtors are referred to as "**Known Fire Claimants**", and (b) holders of Fire Claims that, as of the Petition Date, had not commenced actions against the Debtors or provided actual notice to the Debtors of their intention to commence actions against the Debtors are referred to as "**Unknown Fire Claimants**.

13

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

in accordance with the Reply and as set forth on the record at the Hearing) which are hereby approved, the Debtors shall publish notice of the Bar Date (the "**Bar Date Publication Notice**"), with any necessary modifications for ease of publication, (i) one time in the *Wall Street Journal*, and (ii) three times in each of the *USA Today, the Los Angeles Times, San Francisco Chronicle, The Bakersfield Californian, The Fresno Bee, The Modesto Bee, The Sacramento Bee, The Santa Rosa Press Democrat, The San Jose Mercury News, The East Bay Times, The Stockton Record, The Paradise Post, The Chico Enterprise-Record, The San Francisco Examiner, The Redding Record Searchlight, The Red Bluff Daily News, The Eureka Times Standard, The Ukiah Daily Journal, The Grass Valley Union, The Napa Valley Register, The Trinity Journal In Weaverville, The Mad River Union in Arcata, The Del Norte Triplicate in Crescent City, The Mount Shasta Herald in Mount Shasta, The Siskiyou Daily News in Yreka, The Modoc County Record in Alturas, The Ferndale Enterprise in Fortuna, and The Lassen County Times in Susanville* (collectively, the "**Publications**"). The Debtors shall use commercially reasonable efforts to publish the Bar Date Publication Notices in each of the foregoing Publications in accordance with the following schedule: (i) the first round of Bar Date Publication Notices shall be published in each of the foregoing Publications no later than July 18, 2019; (ii) the second round of Bar Date Publication Notices shall be published in each of the foregoing Publications (other than the *Wall Street Journal*) no earlier than August 16, 2019 and no later than August 30, 2019; and (iii) the third and final round of Bar Date Publication Notices shall be published in each of the foregoing Publications (other than the *Wall Street Journal*) no earlier than September 23, 2019 and no later than October 7, 2019.

14. The Notice Procedures, including the Supplemental Notice Plan (as modified in accordance with the Reply and as set forth on the record at the Hearing), including, without limitation, the publication of the Bar Date Publication Notice as set forth in this Order, are reasonably calculated to provide notice of the Bar Date to known and unknown creditors and parties in interest,

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

including Known Fire Claimants and Unknown Fire Claimants, and no other or further notice shall be required.

15. Nothing contained in this Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

16. Nothing contained in this Order shall constitute a waiver of the right of any party in interest to dispute the Debtors' designation of any contract, program, policy, lease, or any other document or agreement as an executory contract or unexpired lease governed by section 365 of the Bankruptcy Code.

17. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

18. The Debtors and Prime Clerk are authorized to take all steps necessary or appropriate to carry out this Order.

19. Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of claims **not** subject to the Bar Date established herein must file such claims against the Debtors.

20. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **