MATTHEW D. METZGER (SBN 240437)
mmetzger@belvederelegal.com
BELVEDERE LEGAL, PC
1777 Borel Place, Suite 314
San Mateo, CA 94402
Telephone:    (415) 513-5980
Facsimile:    (415) 513-5985

STUART G. GROSS (SBN 251019)
sgross@grosskleinlaw.com
TIM KLINE (SBN 319227)
tk@grosskleinlaw.com
GROSS & KLEIN LLP
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
t (415) 671-4628
f (415) 480-6688

Attorneys for Creditor,
Dan Clarke

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re**<br><br>**PG&E CORPORATION**<br><br>- **and** -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐   Affects PG&E Corporation<br>☐   Affects Pacific Gas and Electric Company<br>☑   Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**DECLARATION OF STUART G. GROSS IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>**Date:**  July 23, 2019<br>**Time:** 9:30 a.m.<br>**Ctrm:** Hon. Dennis Montali<br>        450 Golden Gate Avenue<br>        16th Floor, Courtroom No. 17<br>        San Francisco, CA 94102 |

I, Stuart G. Gross, declare as follows:

1. I am a partner at Gross & Klein LLP and am counsel for Plaintiff Dan Clarke in the matter, *San Francisco Herring Association and Dan Clarke vs. Pacific Gas and Electric Company; PG&E Corporation*, United States District Court, Northern District of California Case No. 14-cv-04393 WHO (JCS) and this action. I make this declaration in support of the Motion for Relief from the Automatic Stay. The matters stated below are made and based upon my personal knowledge. If called as a witness, I could and would testify to the matters as set forth below.

2. On September 30, 2014, Plaintiffs San Francisco Herring Association and Daniel Clarke filed the aforementioned complaint in the United States District Court, Northern District of California. A true and correct copy of the original complaint is attached hereto as Exhibit 1.

3. While the parties pursued settlement discussions pursuant to a Mediated Investigation Agreement, the District Court, on August 11, 2015, severed Clarke's claims that related solely to the contamination of his property (the "Known Clarke Property Claims") from his Broader Environmental Claims. Dkt No. 63. A true and correct copy of the District Court's August 11, 2015 Order is attached hereto as Exhibit 2.

4. On February 26, 2015, the Court denied PG&E's motion to dismiss. A true and correct copy of the Court's February 26, 2015 Order is attached hereto as Exhibit 3.

5. On February 27, 2015, the Court set a further settlement conference before Magistrate Judge Joseph C. Spero. A true and correct copy of the Court's February 27, 2015 Notice and Order Setting Further Settlement Conference is attached hereto as Exhibit 4.

6. On October 1, 2015, the parties entered an interim settlement known as the Mediated Investigation Agreement. A true and correct copy of the Mediated Investigation Agreement is attached hereto as Exhibit 5.

7. On August 11, 2015, the Court entered an Order severing claims that related specifically to Plaintiff Dan Clarke's home, referred to as the "Known Clarke Property Claims,"

from Plaintiffs' other environmental claims, referred to as the "Broader Environmental Claims." A true and correct copy of the Court's August 11, 2015 Order is attached hereto as Exhibit 6.

8. On July 16, 2016, PG&E and Clarke entered into a settlement resolving the Known Clarke Property Claims, releasing his damage claims but maintaining all rights to continue to prosecute his public nuisance claims.

9. Later the same year, Clarke sold the Clarke Home to PG&E, following said out-of-court settlement.

10. Clarke's Broader Environmental Claims were not settled and remained active.

11. On October 31, 2017, the joint investigation under the Mediated Investigation Agreement concluded, but the underlying action remained stayed while the parties attempted negotiation a final resolution of Plaintiffs' Broader Environmental Claims.

12. In September 2018, Plaintiff San Francisco Herring Association ("SFHA"), on one hand, and Pacific Gas and Electric Company and PG&E Corporation (collectively "PG&E"), on the other, reached a consent decree. A true and correct copy of the Revised Consent Decree Between Plaintiff San Francisco Herring Association and Defendants is attached hereto as Exhibit 7.

13. On November 8, 2018, the District Court entered a minute order setting a case schedule for the expedited resolution of Plaintiff Daniel Clarke's remaining claims. A true and correct copy of the District Court's Civil Minutes dated November 6, 2018 is attached hereto as Exhibit 8.

14. On November 20, 2018, PG&E moved for summary judgment as to the remaining Plaintiff, Mr. Daniel Clarke. Clarke opposed the motion for summary judgment, arguing *inter alia* that: i) Clarke's Broader Environmental Claims for declaratory relief, injunctive relief, and penalties sought relief concerning the ongoing marine contamination at issue was in excess of that required of PG&E under the Consent Decree; ii) the Consent Decree does not require PG&E to take **any** actions concerning ongoing terrestrial contamination that exists beyond a narrow band of the shoreline; and iii) PG&E had come nowhere close to meeting its burden, under *Friends of the*

*Earth, Inc. v. Laidlaw Envtl. Servs.*, Inc., 528 U.S. 167 (2000), *Gwaltney of Smithfield v. Chesapeake Bay Found.*, 484 U.S. 49 (1987), and their progeny, to show that its voluntary actions taken under regulatory *oversight*—but not pursuant to any binding regulatory *order*—mooted Clarke's claims for an enforceable order from the court requiring that PG&E address the continuing contamination. Briefing by both sides which totaled approximately 1,000 pages and included detailed results of years of environmental investigations.

15. On January 9, 2019 – less than one month before the February 5, 2019 petition date of the PG&E Bankruptcy cases – the District Court heard oral argument and took the matter under submission. A true and correct copy of the certified transcript of the January 9, 2019 hearing is attached hereto as Exhibit 9.

16. On January 14, PG&E released a statement indicating its intention to file for bankruptcy, and on January 29, 2019, PG&E filed its petition for bankruptcy.

17. On February 6, 2019, PG&E filed a Notice of Stay in the District Court.

18. A true and correct copy of the February 11, 2019 Order Administratively Closing Case (Docket No. 202) is attached hereto as Exhibit 10.

19. PG&E has stipulated with certain other individuals whose properties are located in the former footprint of the North Beach MGP or Fillmore MGP to continue performing under pre-petition environmental agreements PG&E entered into with them.

20. In accordance with that stipulation, an environmental investigation of one such property has been conducted by PG&E, post petition, and the remediation of another property has continued. Moreover, further related agreements between PG&E and these and other homeowners have been, and are being, negotiated. This work has been performed on behalf of PG&E by outside counsel and experts, who are not involved in this bankruptcy action and who have been working on these matters for approximately a decade.

21. Environmental counsel for PG&E has confirmed PG&E's intention to comply with its legal obligations under the Consent Decree and such counsel has taken steps necessary to achieve that compliance

22. PG&E has several outside attorneys, and at least one in-house attorney, who have worked on legal matters related to the contamination related to the subject MGPs for approximately a decade and who continue to work on such matters. These attorneys are separate and apart from those handling the Bankruptcy Case for Debtors. PG&E, furthermore, has outside and in-house technical staff that have worked on these matters for as long and who continue to do so.

23. To the extent that there are similar cases pending against PG&E, pursuant to the relief granted by this Court (Dkt. 216), PG&E representatives continue to engage with those claimants to resolve their particular claims.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed July 2, 2019 at San Francisco, California.

_____
Stuart G. Gross