Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

and

Gregory A. Bray (SBN 115367)
Thomas R. Kreller (SBN 161922)
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063

*Counsel for the Official Committee
of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| -and- | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | **MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING THE FILING OF AN OBJECTION UNDER SEAL**<br><br>[No Hearing Requested] |

The Official Committee of Unsecured Creditors (the "Creditors' Committee") appointed in the above-captioned chapter 11 cases, by its attorneys, Milbank LLP, hereby moves (the

"Motion") for an entry of an order authorizing the Creditors' Committee to file under seal portions of its objection (the "Objection") to the Debtors' *Motion Pursuant to 11 U.S.C. §§ 363 and 105(a) and Fed. R. Bankr. P. 6004 Authorizing Debtors to Purchase Directors and Officers Insurance* (the "D&O Motion") [Docket No. 2471], which objection is filed contemporaneously herewith.[1] This Motion is further accompanied by the declaration of Gregory A. Bray. In support of the Motion, the Committee respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. The Creditors' Committee seeks authority to file portions of its Objection to the Debtors' D&O Motion under seal. The Creditors' Committee received materials from the Debtors as part of its diligence into the D&O Motion. The Debtors designated those materials as "confidential" or "highly confidential" pursuant to the *Order Governing Discovery by and Among Debtors, Official Committee of Unsecured Creditors, and Official Committee of Tort Claimants* entered by the Court on July 1, 2019 ("Protective Order") [Docket No. 2807]. The Protective Order governs the production, review, disclosure, and handling of any information exchanged by and among the Official Committee of Tort Claimants (the "TCC"), the Creditors' Committee, and the Debtors in these chapter 11 cases.

2. The Creditors' Committee notified the Debtors of its intention to reference in its Objection certain materials that the Debtors had designated as "confidential" and/or "highly confidential" under the Protective Order (the "Designated Materials") and asked whether the Debtors would require that the Creditors' Committee file the Designated Materials under seal. Counsel for the Debtors answered in the affirmative, occasioning this motion.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a).

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the D&O Motion.

5. The bases for the relief requested in the Motion are §§ 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.

6. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

7. The Debtors filed the D&O Motion on June 10, 2019 requesting, among other things, the immediate funding of $50 million to secure a new D&O insurance policy (the "New Policy").

8. The Creditors' Committee received materials from the Debtors in response to certain requests for information in respect of the D&O Motion, which the Debtors designated as "confidential" or "highly confidential" under the Protective Order. The Objection references certain of those materials. On this basis, the Debtors have informed the Creditors' Committee that it is necessary that the Creditors' Committee file the portions of its objection that reference the Designated Materials under seal.

**BASIS FOR RELIEF REQUESTED**

9. The Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Under Section 107(b) of the Bankruptcy Code: "On request of a party in interest, the bankruptcy court *shall*, and on the bankruptcy court's own motion, the bankruptcy court may—(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b) (emphasis added).

10. The Bankruptcy Rules set forth the requirements to obtain a protective order to file documents under seal. "On motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. In addition, Civil Local Rule 79-5(e) for the United States District Court for the Northern District of California permits a party to file under seal documents designated as confidential subject to a protective order. The request for seal must be narrowly tailored to sealable materials. Civil Local Rule 79-5(d).

3

Case: 19-30088    Doc# 2829    Filed: 07/02/19    Entered: 07/02/19 14:56:08    Page 3 of 4

11. Because the Creditors' Committee has redacted only the portions of its Objection that reference or are otherwise based upon material that, according to the Debtors, constitute "confidential" or "highly confidential" information, the relief requested herein falls within the scope of 107(b) and the other authorities cited above. The Court should grant the Creditors' Committee's request.

## CONCLUSION

Based on all of the foregoing, the Creditors' Committee respectfully requests that the Court grant the Motion and allow the Creditors' Committee to file under seal those portions of its Objection that reference or are based upon the Designated Materials.

DATED: July 2, 2019 **MILBANK LLP**

*/s/ Gregory A. Bray*
DENNIS F. DUNNE
SAMUEL A. KHALIL
GREGORY A. BRAY
THOMAS R. KRELLER

*Counsel for the Official Committee of Unsecured Creditors*

4