Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone:     628.208.6434
Facsimile:     310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone:   310.820.8800
Facsimile:   310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel to the Official Committee of Tort Claimants*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>    **-and-**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                 **Debtors.**<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**STATEMENT OF NON-OPPOSITION TO DEBTORS' MUTUAL ASSISTANCE MOTION (Dkt. No. 2588)**<br><br>Hearing Date:     July 9, 2019<br>Time:          9:30 a.m. (Pacific Time)<br>Place:    United States Bankruptcy Court<br>           Courtroom 17, 16th Floor<br>           San Francisco, CA 94102<br>Judge:    Hon. Dennis Montali |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

On June 18, 2019, PG&E Corp. and Pacific Gas and Electric Company (collectively, the "**Debtors**" or "**PG&E**") filed an Omnibus Motion Pursuant to 11 U.S.C. § 365(a), Fed. R. Bankr. P. 6006, and B.L.R. 6006-1 to Approve the Utility's Assumption of Mutual Assistance Agreements (the "**Mutual Assistance Motion**") (Dkt. No. 2588), which seeks authority to assume six agreements (the "**Mutual Assistance Agreements**") that each provide a framework for the Debtors and other utilities or government agencies to voluntarily provide assistance to each other in emergency or disruptive situations.

The Official Committee of Tort Claimants (the "**TCC**") does not oppose the Mutual Assistance Motion, given the representations therein that assumption of the Mutual Assistance Agreements is necessary to avoid "difficulty in obtaining the critical and necessary assistance of other utilities during future outages and emergency situations" and that "the number of Assisting Parties which have responded to requests for mutual assistance following the commencement of the Chapter 11 Cases has been lower than the Utility would expect based on previous requests[.]" (Mutual Assistance Motion at pp. 11-12). Given the extreme importance of rapid response to fires, the Debtors should seek assurances from their counterparts that they will assist when requested. This is particularly true of the counterparts receiving cure payments, which exceed $28 million, but such amounts could pale in comparison to the costs of uncontained future wildfire liability.

Dated: July 2, 2019

BAKER & HOSTETLER LLP

By:   _/s/ Lauren Attard_

_Counsel to the Official Committee of Tort Claimants_

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -