Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone: 628.208.6434
Facsimile: 310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel to the Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION**<br>-and-<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>　　　　　　　　　Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**OBJECTION BY THE OFFICIAL COMMITTEE OF TORT CLAIMANTS TO APPLICATION PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR ORDER AUTHORIZING THE DEBTORS TO RETAIN COBLENTZ PATCH DUFFY & BASS LLP AS SPECIAL COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE (DKT. NO. 2595)**<br><br>Date: July 9, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>　　　　Courtroom 17, 16th Floor<br>　　　　San Francisco, CA 94102<br><br>**Objection Deadline: July 2, 2019** |

The Official Committee of Tort Claimants (the "**TCC**"), one of the largest stakeholders in the bankruptcy cases of PG&E Corporation and Pacific Gas and Electric Company, (collectively, the "**Debtors**"), by and through their proposed undersigned counsel, hereby files this objection and reservation of rights (the "**Objection**") to the Application Pursuant to 11 U.S.C. § 327(e) and Fed. R. Bankr. P. 2014(a) and 2016 for Order Authorizing the Debtors to Retain Coblentz Patch Duffy & Bass LLP as Special Counsel *Nunc Pro Tunc* to the Petition Date (the "**Motion**") (Doc. No. 2595). In support of this Objection, the TCC respectfully states as follows:

## OBJECTION

1. The TCC objects to the Motion based on Coblentz Patch Duffy & Bass LLP's ("**Coblentz**") past and current representation of the City of Oakland in *Gregory v. Chor Nar Siu Ng*, Case No. RG 16843631 ("**Ghost Ship Fire Case**"), which is a conflict of interest. Coblentz is the lead counsel for the City of Oakland in the Ghost Ship Fire Case. Pacific Gas and Electric Company ("**PG&E**") is a co-defendant in the Ghost Ship Fire Case and is represented by different counsel. With regard to PG&E, the matter is stayed, but PG&E is a co-tortfeasor under Proposition 51. Coblentz has also obtained non-public information regarding two members of the TCC in the Ghost Ship Fire Case, Susan Slocum and Samuel Maxwell[1].

2. The TCC objects because the Motion states that Coblentz currently has a relationship with one of the professional consultants to the TCC, Lincoln Partners Advisors LLC ("**Lincoln**"), which relationship the Motion lists as an "Affiliate or Subsidiary of Former and Current Client." Motion, p. 22, Exhibit B. Lincoln is one of the financial advisors of the TCC and is actively engaged in advising the TCC on financial matters involving the Debtors.

3. While the Motion indicates that the Debtors anticipate that much of the work Coblentz will perform involves regulatory matters, the Motion is vague enough to encompass work on the Ghost Ship Fire. Indeed, the Motion states in part that "Coblentz will also perform other legal services as requested by the Debtors during the pendency of their Chapter 11 Cases, to the

---

[1] Coblentz represents a member of the TCC, Wagner Family Wines-Caymus Vineyards ("**Caymus Vineyards**"). To represent the Debtors and a member of the TCC at the same time may be a conflict of interest. Baker & Hostetler LLP does not represent Caymus Vineyards in its individual capacity, and neither asserts nor waives any privilege on Caymus Vineyards' behalf.

- 2 -

extent Coblentz agrees to perform such work." Motion at pps. 7-8. The TCC submits that the Debtors should clarify the scope of Coblentz's engagement so that interested parties have a greater understanding of the work Coblentz will perform as special counsel.

4. The Motion is also silent about the potential use of information obtained through the Ghost Ship Fire Case. Accordingly, if the Court is inclined to grant the Motion, the TCC respectfully requests that the Court condition any order on precluding Coblentz (1) from representing the Debtors on matters relating to the Ghost Ship Fire, claims estimation or the claims process, and (2) sharing with the Debtors any information Coblentz learned or learns as counsel to City of Oakland that was not in the Debtors' possession, custody or control as of the Petition Date.

5. The TCC reserves its right to join in any other opposition or response to the Motion and to amend or supplement this Objection.

WHEREFORE, the TCC requests that the Court sustain the TCC's limited Objection and require the Debtors and Coblentz to satisfy the conditions described above, and grant such other relief as is just.

Dated: July 2, 2019

BAKER & HOSTETLER LLP

By: /s/ Lauren Attard
Lauren Attard

*Counsel to the Official Committee of Tort Claimants*