ESTELA O. PINO, SBN 112975
**PINO & ASSOCIATES**
1520 Eureka Rd., Suite 101,
Roseville, CA 95661
Telephone: (916) 641-2288
Facsimile: (916) 641-1888

Attorneys for the Plaintiffs' Executive Committee appointed by the Superior Court of the State of California, in and for the County of Alameda, in Case No. RG16843631 and related cases.

THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br>**PG&E CORPORATION,**<br>    -and-<br>In re:<br>**PACIFIC GAS AND ELECTRIC COMPANY**,<br>        Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the lead case, No. 19-30088(DM)* | Case Nos. 19-30088 (DM)<br><br>Chapter 11<br><br>**OBJECTION TO APPLICATION PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR ORDER AUTHORIZING THE DEBTORS TO RETAIN COBLENTZ PATCH DUFFY & BASS LLP AS SPECIAL COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE**<br><br>DATE: July 9, 2019<br>TIME: 9:30 A.M.<br>PLACE: Courtroom 17<br>450 Golden Gate Avenue, 16th Fl.<br>San Francisco, California<br>JUDGE: Hon. Dennis Montali<br><br>RELATED DOCKET NOS: 2595 |

The Plaintiffs' Executive Committee (hereinafter referred to as the "Ghost Ship Warehouse Plaintiffs' Executive Committee"), appointed by the Superior Court of the State of California, in and for the County of Alameda, Case No. RG16843631 and related cases, party in interest in the above-referenced Chapter 11 case, by and through its attorneys of record, does hereby respectfully submits as follows in support of the within Objection to the Application Pursuant to

11 U.S.C. § 327(e) and Fed. R. Bankr. P. 2014(a) and 2016 for Order Authorizing the Debtors to Retain Coblentz Patch Duffy & Bass Llp as Special Counsel *Nunc Pro Tunc* to the Petition Date (hereinafter referred to as the "Objection").

The Ghost Ship Warehouse Plaintiffs' Executive Committee does hereby reserve the right to join in and support any additional opposition(s) filed by creditors and other parties in interest to the Application Pursuant to 11 U.S.C. § 327(e) and Fed. R. Bankr. P. 2014(a) and 2016 for Order Authorizing the Debtors to Retain Coblentz Patch Duffy & Bass Llp as Special Counsel *Nunc Pro Tunc* to the Petition Date (hereinafter referred to as the "Coblentz Employment Application").

The Coblentz Employment Application discloses that Coblentz Patch Duffy & Bass LLP (hereinafter referred to as the "Coblentz") represents the City of Oakland in *Gregory v. Chor Nar Siu Ng,* Case No. RG 16843631 (hereinafter referred to as Ghost Ship State Court Litigation"). The Debtors are the co-defendants in the Ghost Ship State Court Litigation.

Coblentz also represents Wagner Family Wines-Caymus Vineyards (hereinafter referred to as "Caymus"). Caymus is a member of the Official Committee of Tort Claimants. In addition, numerous other connections have been disclosed with parties having or potentially having interest adverse to the Debtors.

Neither the Coblentz Employment Application nor the declarations filed in support of the Coblentz Employment Application, however, provide any evidence that Coblentz has complied with Rule 1.7 of the California Rules of Professional Conduct. Rule 1.7 of the California Rules of Professional Conduct provides as follows:

(a) A lawyer shall not, without informed written consent* from each client and compliance with paragraph (d), represent a client if the representation is directly adverse to another client in the same or a separate matter.

(b) A lawyer shall not, without informed written consent* from each affected client and compliance with paragraph (d), represent a client if there is a significant risk the lawyer's representation of the client will be materially limited by the lawyer's responsibilities to or relationships with another client, a former client or a third person,* or by the lawyer's own interests.

(c) Even when a significant risk requiring a lawyer to comply with paragraph (b) is not present, a lawyer shall not represent a client without written*

Case: 19-30088    Doc# 2837    Filed: 07/02/19    Entered: 07/02/19 16:18:29    Page 2 of 4

disclosure of the relationship to the client and compliance with paragraph (d) where:

(1) the lawyer has, or knows* that another lawyer in the lawyer's firm* has, a legal, business, financial, professional, or personal relationship with or responsibility to a party or witness in the same matter; or

(2) the lawyer knows* or reasonably should know* that another party's lawyer is a spouse, parent, child, or sibling of the lawyer, lives with the lawyer, is a client of the lawyer or another lawyer in the lawyer's firm,* or has an intimate personal relationship with the lawyer.

(d) Representation is permitted under this rule only if the lawyer complies with paragraphs (a), (b), and (c), and:

(1) the lawyer reasonably believes* that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) the representation is not prohibited by law; and

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.

(e) For purposes of this rule, "matter" includes any judicial or other proceeding, application, request for a ruling or other determination, contract, transaction, claim, controversy, investigation, charge, accusation, arrest, or other deliberation, decision, or action that is focused on the interests of specific persons,* or a discrete and identifiable class of persons.*

In addition, the actual agreement with the Debtors within the **Exhibit B** to the Master Services Agreement, entitled Attorney Representation Conflict Principles, attached along with the Coblentz Employment Application, specifically provides as follows:

> **[l]imitation on adverse engagements during PG&E engagement**: During any engagement by PG&E, the retained attorney and his or her firm will not represent another client in a matter in which that client's interests are adverse to the interests of PG&E without first making **written disclosure of the proposed engagement** and obtaining written consent from the PG&E entity undertaking the engagement. Any actual or potential conflict(s) pre-existing the engagement with PG&E must be disclosed prior to executing a retainer agreement, or promptly upon discovery. **Where pre-existing conflicts may exist, counsel is expected to obtain waivers from its other clients, including written agreements that such clients will not object to the attorney or firm representing PG&E entities in any pending or future matter.** Emphasis added.

Coblentz Employment Application and the declarations filed in support thereof are completely devoid of any evidence reflecting that Coblentz has complied with the California Rules of Professional Conduct and the Master Services Agreement with the Debtors, giving rise to serious ethical issues.

Based upon the failure of Coblentz to provide competent evidence of compliance with the California Rules of Professional Conduct and the specific terms of the Master Services Agreement with the Debtors, the Ghost Ship Warehouse Plaintiffs' Executive Committee respectfully requests that the Coblentz Employment Application, be denied!

Dated: July 2, 2019

Respectfully submitted,

PINO & ASSOCIATES

By: /s/*Estela O. Pino*_____
Estela O. Pino, Attorneys for the Ghost Ship Warehouse Plaintiffs' Executive Committee