1

2

3

4

5

6

7

8

9

10

**EXHIBIT A**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

F I L E
San Francisco County Super

MAR 6 – 2018

CLERK OF THE COURT
BY: _____
Deputy Clerk

E-SERVICE
61766260
Mar 06 2018
03:18PM
File & ServeXpress

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.550] | Judicial Council Coordination Proceeding No.: 4955 |
| ***California North Bay Fire Cases*** | **CASE MANAGEMENT ORDER NO. 1** |

I conducted a case management conference (CMC) February 27, 2018.[1]

There are five groups in this litigation: 1) Individual Plaintiffs, which include cases brought on behalf of persons and business entities; 2) Public Entity Plaintiffs; 3) Class Action Plaintiffs (together with the Individual Plaintiffs and the Public Entity Plaintiffs the "Direct Action Plaintiffs"); 4) Subrogation Plaintiffs; and 5) Defendants.

**ORGANIZATION OF PLAINTIFFS' COUNSEL**

    **A.**    **Individual Plaintiffs**

        **1.**    **Lead Counsel for Individual Plaintiffs**

The Court appoints the following lawyers as Individual Plaintiffs' Lead Counsel for those cases:

                Michael A. Kelly
                Walkup, Melodia, Kelly & Schoenberger
                650 California Street, 26th Floor
                San Francisco, CA 94108
                Tel: (415) 981-7210

---

[1] The Department's User Manual may be found at <http://sfsuperiorcourt.org/divisions/civil/litigation>

Case: 19-30088    Doc# 2847-1    Filed: 07/02/19    Entered: 07/02/19 18:23:46    Page 2 of 26

mkelly@walkuplawoffice.com

Frank Pitre
Cotchett, Pitre & McCarthy, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
fpitre@cpmlegal.com

Bill Robins, III
Robins Cloud LLP
808 Wilshire Boulevard, Suite 450
Santa Monica, CA 90401
Tel.: (310) 929-4200
robins@robinscloud.com

Lead Counsel for Individual Plaintiffs shall be members of, as well as authorize and direct the work of the Plaintiffs' Executive Committee and Individual Plaintiffs' Steering Committee for cases involving Individual Plaintiffs. Individual Plaintiffs' Lead Counsel shall also be responsible for coordinating the activities of the Direct Action Plaintiffs during pretrial proceedings, and in consultation and with the assistance of the Plaintiffs' Executive Committee, shall:

    a.    Appear before the Court and present the position of Individual Plaintiffs at all Case Management Conferences, Status Conferences, or other court ordered hearings;

    b.    Direct and coordinate the briefing and argument of all motions directed at or brought by Direct Action Plaintiffs generally;

    c.    Direct and coordinate the filing of opposing briefs and argue motions in proceedings initiated by other parties against Direct Action Plaintiffs' interests (except as to matters directed to specific individual plaintiffs and their counsel or a specific Plaintiff group);

    d.    Initiate and coordinate all discovery proceedings on behalf of Direct Action Plaintiffs, including propounded general liability written discovery,

-2-

document production discovery and the taking of oral depositions;[2]

e.  Manage the selection of all cases for trial setting;

f.  Coordinate the initiation of, and conduct discovery on behalf of Direct Action Plaintiffs consistent with the requirements of the California Code of Civil Procedure and Rules of Court or any order of this Court;

g.  Assign work for the investigation and discovery of common liability and damages matters for all Direct Action Plaintiffs' counsel, and delegate specific tasks to other Direct Action Plaintiffs' counsel, in a manner to ensure that pretrial preparation for Individual Plaintiffs is conducted effectively, efficiently and economically;

h.  Enter into stipulations, on behalf of Direct Action Plaintiffs, with opposing counsel as necessary for the conduct of the litigation;

i.  Prepare and distribute to other Individual Plaintiffs' counsel periodic status reports;

j.  Perform such other duties as may be necessary to the representation of Individual Plaintiffs, proper coordination of Individual Plaintiffs' activities or authorized by order of the Court; and

k.  Submit, if appropriate, additional Individual Plaintiffs' committees and counsel for designation by the Court.

**2.  Individual Plaintiffs' Liaison Counsel**

The Court appoints the following lawyers as Individual Plaintiffs' Liaison Counsel:

> Khaldoun A. Baghdadi
> Walkup, Melodia, Kelly & Schoenberger
> 650 California Street, 26th Floor
> San Francisco, CA 94108
> Tel: (415) 981-7210
> kbaghdadi@walkuplawoffice.com

---

[2] Discovery initiated by Defendants directed to specific individual plaintiffs shall be handled by the attorney for those specific individuals.

-3-

Amy Eskin
Levin Simes LLP
44 Montgomery Street, Floor 32
San Francisco, CA 94104
Tel: (415) 426-3000
aeskin@levinsimes.com

Steven J. Skikos
Skikos, Crawford, Skikos & Joseph, LLP
One Sansome Street, Suite 2830
San Francisco, CA 94104
Tel: (415) 546-7300
sskikos@skikos.com

Liaison Counsel shall be members of the Plaintiffs' Executive Committee and have the following responsibilities:

     a.   Upon the designation of Individual Plaintiffs' Lead Counsel, appear before the Court and present the position of Individual Plaintiffs at all Case Management Conferences, Status Conferences, or other court ordered hearings;

     b.   To make available to the Court, to counsel for Individual Plaintiffs, and to counsel for Defendants an up-to-date comprehensive Service List of all Individual Plaintiffs' counsel (including the date of the most recent revision);

     c.   To receive and distribute to Individual Plaintiffs' counsel as appropriate, orders, notices and correspondence from the Court;

     d.   To maintain and make available to other Individual Plaintiffs, on reasonable notice and at reasonable times, a complete set of all filed pleadings and orders filed and/or served in these coordinated proceedings; and

     e.   To coordinate the filing of notices and papers by any Individual Plaintiff, including the designation of responsibilities to encourage the filing of a

- 4 -

single set of papers by the Individual Plaintiffs in situations where the Individual Plaintiffs have a common position.

### 3. Individual Plaintiffs' Executive Committee

The Court appoints the lawyers and firms identified in Addendum A to the Individual Plaintiffs' Executive Committee. Individual Plaintiffs' Executive Committee shall have the following responsibilities with respect to matters of common concern to all Individual Plaintiffs:

    a. Coordination of Individual Plaintiffs' pretrial activities and work performed by the Individual Plaintiffs' lead counsel and liaison counsel;

    b. Calling meetings of Individual Plaintiffs' counsel when appropriate and to consult with Individual Plaintiffs' counsel on matters of common concern;

    c. Designating additional Individual Plaintiffs' subcommittees to perform services on behalf of Individual Plaintiffs and designate additional Individual Plaintiffs' counsel to serve on such subcommittees; and

    d. When appropriate, chairing and organizing Individual Plaintiffs' sub-committees as necessary to address specific issues of concern to claims of Individual Plaintiffs, Subrogation Plaintiffs, Government Plaintiffs and Class Plaintiffs.

### 4. Individual Plaintiffs' Steering Committee

The Court appoints the lawyers and firms identified in Addendum B to the Individual Plaintiffs' Steering Committee. The Individual Plaintiffs' Steering Committee shall have the following responsibilities with respect to matters of common concern to all Individual Plaintiffs:

    a. To meet, strategize, and provide guidance to Individual Plaintiffs' Lead Counsel, Liaison Counsel, and Executive Committee with respect to the

- 5 -

direction of Individual Plaintiffs' pretrial activities and overall litigation strategy;

b.    To provide recommendations concerning the execution of Individual Plaintiffs' pretrial activities and work performed by the Individual Plaintiffs' lead counsel and liaison counsel, including the drafting of motions and opposing briefs and taking of depositions;

c.    To call meetings of Individual Plaintiffs' counsel when appropriate and to consult with Individual Plaintiffs' counsel on matters of common concern; and

d.    Serve on additional Individual Plaintiffs' subcommittees to perform services on behalf of Individual Plaintiffs and designate additional Individual Plaintiffs' counsel to serve on such subcommittees.

### B.    Public Entity Plaintiffs

The Court appoints the following lawyer as Lead Counsel:

Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Ave #1100
Dallas, TX 75219
Tel: (214) 521-3605
ssummy@baronbudd.com

Public Entities' Lead Counsel shall be responsible for responding to discovery, briefing, and argument of issues that are specific to the Public Entity cases. Public Entities' Lead Counsel shall maintain a current listing of all filed Public Entity cases and identify same for the Executive Plaintiffs Committee, Defendants and the Court. Counsel in any Public Entity cases shall cooperate with the Lead Counsel for Individual Plaintiffs, Public Entities' Lead Counsel and the Court in the production of information necessary to prepare for any status conference or in the scheduling of any discovery, or hearing.

## C.    Class Action Plaintiffs

The Class Action committee will be formed and the Committee Chairs are identified below:

> Elizabeth Cabraser
> Lexi Hazam
> Lieff Cabraser Heimann & Bernstein, LLP
> 275 Battery Street, 29th Floor
> San Francisco, CA 94111-3339
> Tel: (415) 956-1000
> ecabraser@lchb.com
> lhazam@lchb.com

The Committee shall be responsible for the prosecution and management of the class actions, including discovery, briefing, and argument of issues that are specific to the class cases. The Committee shall maintain a current listing of all filed class action cases and identify same for Lead Counsel for Individual Plaintiffs, Defendants and the Court. Counsel in any Class Action case shall cooperate with the Committee, Lead Counsel for Individual Plaintiffs and the Court in the production of information necessary to prepare for any status conference or in the scheduling of any discovery, or hearing. The Committee should evaluate consolidated complaints and certification hearings, and report in the next CMC statement its views on the timing of these. While there is no stay of class related discovery, the Committee expects that the liability discovery described below will be used for certification briefing.

## D.    Subrogation Plaintiffs

The Court appoints the following lawyers as Lead Counsel and Liaison Counsel for the Subrogation Plaintiffs and the Executive Committee for Subrogation Plaintiffs. They have the same duties/responsibilities within/to the Subrogation Plaintiffs group as the lawyers serving as Lead Counsel and Liaison Counsel and the Executive Committee for the Individual Plaintiffs:

- 7 -

## 1. Lead Counsel for Subrogation Plaintiffs[3]

Shawn Caine
The Law Offices of Shawn E. Caine
1221 Camino Del Mar
Del Mar, CA 92014
Tel: (619) 838-1365
scaine@cainelaw.com

Mark Grotefeld
Grotefeld Hoffmann
Shepard Mountain Plaza
6034 West Courtyard Drive, Suite 200
Austin, TX 78730
Tel: (737) 226-5310
mgrotefeld@ghlaw-llp.com

Howard Maycon
Cozen O'Connor
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Tel: (213) 892-7900
hmaycon@cozen.com

Maura Walsh Ochoa
Grotefeld Hoffmann
700 Larkspur Landing Circle, Suite 280
Larkspur, California 94939
Tel: (415) 344-9670
mochoa@ghlaw-llp.com

Craig Simon
Berger Kahn, A Law Corporation
1 Park Plaza, Suite 340
Irvine, CA 92614
Tel: (949) 748-4444
csimon@bergerkahn.com

Lead Counsel for Subrogation Plaintiffs shall be responsible for discovery, briefing, and argument of issues that are specific to the Subrogation cases. Lead Counsel for the Subrogation Plaintiffs shall maintain a current listing of all filed Subrogation cases and identify same for Lead Counsel for Individual Plaintiffs, Defendants and the Court. Counsel in any Subrogation cases shall cooperate with Lead Counsel for the Subrogation Plaintiffs, Subrogation Plaintiffs' Executive Committee and the Court in the production of information necessary to prepare for

---

[3] The rights and obligations of Lead Counsel for Subrogation Plaintiffs mirror the rights and obligations of Lead Counsel for Individual Plaintiffs.

- 8 -

any status conference or in the scheduling of any discovery, or hearing.

### 2. Liaison Counsel for Subrogation Plaintiffs

Alan Jang
Jang & Associates
1766 Lacassie Avenue, Suite 200
Walnut Creek, CA 94596
Tel: (925) 937-1400
ajang@janglit.com

Scott Loewe
Bauman Loewe Witt & Maxwell, PLLC
8765 East Bell Road, Suite 210
Scottsdale, Arizona 85260
Tel: (480) 502-4664
sloewe@blwmlawfirm.com

Waylon Pickett
Grotefeld Hoffmann
0324 SW Abernethy Street
Portland, Oregon 97239
Tel: (503) 384-2772
wpickett@ghlaw-llp.com

### 3. Subrogation Plaintiffs' Executive Committee

Mark Bauman
Bauman Loewe Witt & Maxwell, PLLC
8765 East Bell Road, Suite 210
Scottsdale, Arizona 85260
Tel: (480) 502-4664
mbauman@blwmlawfirm.com

Kevin Bush
Cozen O'Connor
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Tel: (213) 892-7900
kbush@cozen.com

Tim Cary
Stutman Law
1260 Corona Pointe Ct., Suite 306
Corona, CA 92879
Tel: (951) 963-1298
caryt@stutmanlaw.com

Eric Schroeder
Schroeder Loscotoff

-9-

7410 Greenhaven Dr., Ste. 200
Sacramento, CA 95831
Tel: (916) 438-8306
emschroeder@calsubro.com

## II.    DEFENDANTS' COUNSEL

Defendants are represented by Cravath, Swaine & Moore LLP, Wilson Sonsini Goodrich & Rosati and Clarence Dyer & Cohen LLP.

Evan R. Chesler,
Timothy G. Cameron
Kevin J. Orsini
Damaris Hernandez
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 8th Avenue
New York, New York 10019
Tel: (212) 474-1000
echesler@cravath.com
tcameron@cravath.com
korsini@cravath.com
dhernandez@cravath.com

Keith E. Eggleton
John P. Flynn
Rodney G. Strickland
Colleen Bal
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, California 94304, and
One Market Plaza, Suite 3300
San Francisco, CA 94105
Tel: (650) 493-9300
Tel: (415) 947-2000
keggleton@wsgr.com
jflynn@wsgr.com
rstrickland@wsgr.com
cbal@wsgr.com

Kate Dyer
Clarence Dyer & Cohen LLP
899 Ellis Street
San Francisco, California 94109
Tel: (415) 749-1800
kdyer@clarencedyer.com

- 10 -

## JURISDICTION AND WAIVER OF SERVICE OF PROCESS

The parties agree that this court has jurisdiction over the parties and that there are no challenges to personal or subject matter jurisdiction. The parties have met and conferred and Defendants have agreed to waive service of process in cases filed in JCCP No. 4955 in which they are named. For such cases, Plaintiffs shall send the Notice of Adoption of Short Form Complaint and Short Form Complaint by email to the following individuals, Kevin J. Orsini (korsini@cravath.com), Brittany L. Sukiennik, (bsukennik@cravath.com), Keith E. Eggleton (keggleton@wsgr.com), and Rodney Strickland (rstrickland@wsgr.com) or by U.S. Mail to:

> Kevin J. Orsini
> Brittany L. Sukiennik
> Cravath, Swaine & Moore LLP
> Worldwide Plaza
> 825 8th Avenue
> New York, New York 10019-7475
>
> Keith E. Eggleton
> Rodney G. Strickland
> Wilson Sonsini Goodrich & Rosati, EC
> 650 Page Mill Road
> Palo Alto, California 94304

The parties agree that complying with these provisions shall constitute personal service of process under the California Code of Civil Procedure.

### A.    Master Pleadings

The parties agree that a Master Complaint for Individual Plaintiffs, a Master Complaint for Subrogation Plaintiffs and a Master Complaint for the Public Entity Plaintiffs shall be lodged with the Court. Corresponding Master Answers for Defendants in response to each of the three Master Complaints shall govern the pleadings for those actions.[4] Drafts of the applicable Master Complaints for the Individual Plaintiffs, Public Entity Plaintiffs and Subrogation Plaintiffs are being exchanged and will be presented to the Court.

---

[4] Subsections B, C and D do not apply to the Class Action Plaintiffs.

- 11 -

**B.** **Challenges to Master Pleadings**

The parties anticipate a single challenge to the Master Complaints concerning the applicability of inverse condemnation to a private utility.

Defendants will file that challenge on March 16, 2018. The Individual Plaintiffs' Lead Counsel (on behalf of the Direct Action Plaintiffs) and the Subrogation Plaintiffs' Lead Counsel shall each file their opposition no later than April 16, 2018. Defendants will file a single reply to both oppositions, which shall not exceed 20 pages, by April 30, 2018. The hearing is set for **May 18, 2018 at 9:00 a.m.**

**C.** **Notice of Adoption of Master Complaint and Master Answer**

The parties will meet and confer regarding the Notice of Adoption of Master Complaint, and Notice of Potential Add-On Cases and Request for Coordination. Plaintiffs will provide Defendants the applicable documents for review and submission to the Court. The Master Complaints shall be filed no later than March 12, 2018. The Master Answers shall be filed no later than March 16, 2018. The Master Complaints and the Master Answers will not be verified.

**1.** **Notice of Adoption of Master Complaint**

Each Direct Action Plaintiff or Subrogation Plaintiff with a case already on file in JCCP No. 4955 shall serve on their respective Lead Counsel a Notice of Adoption of Master Complaint within 30 days of the date the Master Complaint is filed. The Notice of Adoption shall contain the following information: 1) the name and address of each plaintiff; 2) the fire(s) by which each plaintiff was allegedly harmed;[5] 3) the causes of action each plaintiff is joining and against which defendant(s) they are pled; and 4) the categories of damages allegedly incurred by each plaintiff and for which that plaintiff is seeking recovery and from which defendant(s).

For existing Individual Plaintiffs, the filing of a Notice of Adoption of Master Complaint

---

[5] Counsel are to agree on a naming convention for the fires.

- 12 -

shall not require the payment of an additional filing fee or a new case number. Each Notice of Adoption shall constitute an amended complaint for all purposes. Upon filing the Notice of Adoption, the Master Complaint, as amended by the Plaintiff's Notice of Adoption, shall be the operative pleading. The date on which the Master Complaint is filed shall have no bearing on whether any Plaintiff has satisfied the applicable statute of limitations. Rather, the date on which an individual Plaintiff's properly filed original complaint initiating his or her action was filed shall be the operative date for statute of limitations purposes.

For cases naming more than one Plaintiff, except those naming a derivative Plaintiff (e.g., an heir asserting a wrongful death claim) each Plaintiff must file an individual Notice of Adoption.[6]

### 2. Notice of Adoption of Master Answer

The Defendants' Notice of Adoption of Master Answer must be filed within 30 days of the filing of Plaintiffs' Notice of Adoption of Master Complaint. All responses pled in PG&E's Master Answer will be deemed pled in any previously filed Complaint and Responsive Pleading now pending in this JCCP proceeding, and in any Notice of Adoption filed thereafter.

### 3. Cases to Be Filed

Plaintiffs who have not yet filed an action will initiate an action by Filing a Short Form Complaint and Notice of Adoption of Master Complaint, in a proper venue in California. As indicated above, the Notice of Adoption shall contain the following information: 1) the name and address of each plaintiff; 2) the fire(s) by which each plaintiff was allegedly harmed; 3) the causes of action each plaintiff is joining and against which defendant(s) they are pled; and 4) the categories of damages allegedly incurred by each plaintiff and for which that plaintiff is seeking recovery and from which defendant(s).

---

[6] Members of a single household need only file one notice of adoption.

Case: 19-30088    Doc# 2847-1    Filed: 07/02/19    Entered: 07/02/19 18:23:46    Page 14 of 26

Upon that filing, the Master Complaint, as Amended by the Notice of Adoption, shall be the operative pleading. The date on which the Master Complaint is filed shall have no bearing on whether any Plaintiff has satisfied any applicable statute of limitations. Rather, the later date on which an individual Plaintiff properly filed the Short Form Complaint or Notice of Adoption initiating his or her action shall be the operative date for statute of limitations purposes. For any future case filed, the Plaintiff must include a civil cover sheet identifying this JCCP (California North Bay Fire Cases, JCCP No. 4955).

### D.    Adding Cases into These Coordinated Proceedings

Add-on cases may be handled by stipulation of all parties or by petition of Defendants consistent with the procedures and requirements of CRC 3.531 and C.C.P. § 404.4.

### E.    Cross-Complaints

The parties agree that Defendants may or may not file cross-complaints as they choose.

However, if a cross-complaint is not filed at the time Defendants file the Master Answers, but instead is filed by an existing Defendant at a later date, by whatever means or procedure, such later filing will not, absent good cause or as otherwise provided by the Code of Civil Procedure, constitute cause for delay of any then-existing trial date or trial.

### Discovery Phases

The parties have agreed to stage discovery. Stage One relates to: 1) liability discovery; and 2) damages discovery from Individual Plaintiffs, Public Entity Plaintiffs and Subrogation Plaintiffs. Stage Two relates to expert discovery on issues of both liability and damages and will be subject to further order of this Court.

- 14 -

**Stage One: Liability Discovery**

      1.      **By Direct Action and Subrogation Plaintiffs.**

Liability discovery shall be conducted as directed by Lead Counsel for the Individual Plaintiffs and Lead Counsel for Subrogation Plaintiffs. Lead Counsel for Individual Plaintiffs have informed counsel for PG&E regarding the initial round of liability discovery that includes: a set of initial Requests for Admission to elicit whether PG&E is contesting causation on the origin of each of the North Bay Fires; a Deposition notice for the person most qualified at PG&E on the general topics of how the company stores, accesses, exchanges and retrieves data on vegetation management and electrical infrastructure; and a request for inspection and/or production of photographs or recordings of any item of physical evidence related to PG&E equipment or vegetation inspected as a potential cause of a fire included in these proceedings. Direct Action Plaintiffs and Subrogation Plaintiffs may seek liability discovery concerning the origin and cause of each of the North Bay Fires:, such as vegetation management, electrical infrastructure and wildfire risk management.

Prior to serving Defendants with liability discovery, Direct Action Plaintiffs and Subrogation Plaintiffs have agreed to cooperate in good faith to coordinate such discovery. Either the Individual Plaintiffs' Lead Counsel (on behalf of Direct Action Plaintiffs) or the Subrogation Plaintiffs' Lead Counsel may serve discovery on Defendants. After liability discovery is served on Defendants, regardless of which Plaintiff group was the serving party, the Individual Plaintiffs' Lead Counsel (on behalf of Direct Action Plaintiffs) and the Subrogation Plaintiffs' Lead Counsel shall collectively meet and confer with Defendants concerning Defendants' discovery responses. Plaintiffs shall not serve duplicative or cumulative discovery on Defendants.

Should any Plaintiff or law firm after consultation with the Individual Plaintiffs' Lead Counsel and the Subrogation Plaintiffs' Lead Counsel believe that they need to propound liability discovery that has not been or will not be propounded by the Individual Plaintiffs' Lead

Case: 19-30088   Doc# 2847-1   Filed: 07/02/19   Entered: 07/02/19 18:23:46   Page 16 of 26

Counsel or the Subrogation Plaintiffs' Lead Counsel, such Plaintiff or law firm may seek an order from the Court allowing such discovery to be propounded. Otherwise, no Plaintiff may serve separate liability discovery.

### 2.   By Defendants

Defendants will serve any liability discovery directed to any specific individual Plaintiff or the Subrogation Plaintiffs on Individual Plaintiffs' Lead Counsel, Subrogation Plaintiffs' Lead Counsel and counsel of record for the specific individual plaintiff(s). Where appropriate, the Direct Action Plaintiffs or Subrogation Plaintiffs will serve Defendants with a Master Response. To the extent such discovery relates to a specific Plaintiffs' group, Defendants may serve such discovery requests on Lead Counsel for each applicable Plaintiffs' group or, in the case of the Class Action Plaintiffs, the Committee, Lead Counsel or Committee shall similarly serve Defendants with a Master Response for such group.

### Stage One: Damages Discovery

### 3.   Subrogation Plaintiffs

Damages discovery may be propounded to all Subrogation Plaintiffs in a Master Request to All Subrogation Plaintiffs. The Subrogation Plaintiffs will serve a Master Response to the Master Request to All Subrogation Plaintiffs, and each Subrogation Plaintiff will then serve an Adoption of the Master Response in Full or in Part. If the response adopts "in Part", the responding Subrogation Plaintiff will set forth any answers that are different from the Master Response in the Adoption. These Adoptions will be verified by each responding Subrogation Plaintiff.

The Subrogation Plaintiffs will set forth a list of claims for which they are seeking reimbursement. The Subrogation Plaintiffs will provide to Defendants an updated list of the names, addresses, dates of loss, claim numbers, the amounts paid by Subrogation Plaintiffs and

- 16 -

open reserves (as that information is available) as to each of the subrogated claims for which they are seeking reimbursement (hereinafter the "List of Claims") not later than June 30, 2018. The Subrogation Plaintiffs will provide an updated List of Claims at least on a quarterly basis, or more frequently as necessary to advise Defendants of additional payments made on any claims, and/or as reasonably requested by the Defendants. In any event, Subrogation Plaintiffs will provide a final List of Claims to Defendants on or before October 31, 2020 (prior to the statute of limitations), which will constitute the final list of claims to be included in the litigation.[7] The original and/or any amended adoption complaint filed by the Subrogation Plaintiffs will be deemed to set forth all of the information in the List of Claims provided to Defendants pursuant to this order. Any claims not disclosed by the Subrogating Plaintiffs on or before October 31, 2020, will be barred by statute.

The parties agree that the Lists of Claims provided by the Subrogation Plaintiffs will not be admissible in evidence unless the Defendants later reach an agreement with the Subrogation Plaintiff that prepared the List of Claims that the List of Claims is admissible.

The Subrogation Plaintiffs will produce claim files on a rolling basis. The parties will meet and confer regarding a schedule and protective order to govern the production of claim files and will report back to the Court on this issue in the next joint CMC statement. The Subrogation Plaintiffs will continue to produce on a rolling basis any supplements to the claim files as required to update Defendants on any additional payments made on the claims following the production of the claim files. Defendants will also be notified of additional payments on any of the claims by the Subrogating Plaintiffs by the periodic production of an updated List of Claims. Claim files may be requested sooner for any Plaintiff claiming a preference or on a case-by-case basis, and Subrogation Plaintiffs will make every effort to produce such claim files within 15 days of a request.

---

[7] This is not an implication that trials be delayed until after this date.

- 17 -

### 4. Individual Plaintiffs

Each individual plaintiff shall complete the Notice of Adoption of Master Complaint which contains specific facts regarding the case. All other damages case specific discovery is stayed including any written discovery, contention discovery, or deposition discovery until further order of the court and as contemplated by sections below relating to bellwether trial settings and preference trial settings.

**Privileged Communications**

Pursuant to the parties' agreement, the communication, transmission, or dissemination of information of common interest among Plaintiffs' counsel or among Defendants' counsel shall be protected by the attorney-client privilege, the protections afforded by the attorney work product doctrine, the protections afforded to material prepared for litigation or any other privilege to which a party may otherwise be entitled. Further, cooperative efforts shall not in any way be used against any of the parties, be cited as purported evidence of conspiracy, wrongful action or wrongful conduct, and shall not be communicated to any jury.

**Trial**

*Preferential Trial Settings*: The Plaintiffs anticipate that it may be appropriate to file motions for preferential trial settings per C.C.P. § 36.

*Bellwether Process*: The parties have agreed to meet and confer on the scope and procedure relating to any potential bellwether process, including a bellwether case selection process, case specific discovery and law and motion practice in bellwether and non-bellwether cases, if any, and the conduct of bellwether trials. The parties contemplate that if they agree upon a bellwether process, an order of this Court relating to the bellwether process will include: trial settings and the bellwether selection process, discovery and motion practice appropriate for

Case: 19-30088    Doc# 2847-1    Filed: 07/02/19    Entered: 07/02/19 18:23:46    Page 19 of 26

bellwether selected cases, and whether or not motion practice may be appropriate to cases outside of those selected as bellwethers.

*Jury or Non-Jury*: Plaintiffs demand jury trials.

*Trial Date*: Trial dates and length, and close of discovery dates will be set in future case management conferences.

*Place of Trial*: Complaints in this matter have been filed in the Superior Court of Napa, Sonoma, and San Francisco. Locations of trials are reserved for future consideration.

**Pro Hac Vice Admissions:**

A number of counsel have been admitted *pro hac vice* in the underlying cases now coordinated in this JCCP. Such counsel are deemed admitted for all purposes in this JCCP and all current and future actions coordinated in this JCCP. Counsel not yet been admitted *pro hac vice* shall file his or her *pro hac vice* application with this Court.

*Protective Order*: The parties are expected to present a proposed stipulated protective order within 30 days. I ask the parties to review the Department's User Manual especially on sealing issues, and to resist the urge to over-designate under the protective order.

**Next Case Management Conference**

A date will be selected for the next CMC at the May 18, 2018 hearing. In addition to issues noted above, the parties are invited to advise on (1) the status of a discovery plan, including discovery focused on e.g., (i) PG&E policies and actions and (ii) causes and circumstances of ignitions; (2) whether a cut-off date for the addition of new parties should be set (which could be avoided on a showing that new information supported leave of court to add

Case: 19-30088    Doc# 2847-1    Filed: 07/02/19    Entered: 07/02/19 18:23:46    Page 20 of 26

the party); a general description of the discovery required for meaningful settlement discussions, and the likely time needed to acquire it.

Dated: March 6, 2018

_____
Curtis E.A. Karnow
Judge Of The Superior Court

Case: 19-30088    Doc# 2847-1    Filed: 07/02/19    Entered: 07/02/19 18:23:46    Page 21 of 26

***Addendum A – Individual Plaintiffs' Executive Committee***

Individual Plaintiffs request that the Court appoint the following attorneys and firms to the

Executive Committee:

Mary Alexander
Mary Alexander & Associates, P.C.
44 Montgomery Street, Suite 1303
San Francisco, CA 9410 I
Tel: (415) 433-4440
malexander@maryalexanderlaw.com

Thomas Brandi
The Brandi Law Firm
354 Pine St. Floor, 3rd floor
San Francisco, CA 94104-3231
Tel (415) 989-1800
tjb@brandilaw.com

Elizabeth Cabraser
Lexi Hazam
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel: (415) 956-1000
ecabraser@lchb.com
lhazam@lchb.com

Steven M. Campora
Dreyer Babich Buccola Wood Campora LLP
20 Bicentennial Circle
Sacramento, CA 95826
Tel: (916) 379-3500
scampora@dbbwc.com

Ahmed S. Diab
Dixon Diab & Chambers LLP
501 W. Broadway, Suite 800
San Diego, CA 92101
Tel: (619) 354-2662
diab@theddcfirm.com

Amy Eskin **(Co-Liaison)**
Levin Simes LLP
44 Montgomery Street, Floor 32
San Francisco, CA 94104
Tel: (415) 426-3000
aeskin@levinsimes.com

Dario de Ghetaldi
Corey, Luzaich, de Ghetaldi & Riddle LLP
700 El Camino Real
Millbrae, CA 94030
Tel: (650) 871-5666
deg@coreylaw.com

Michael A. Kelly **(Co-Lead)**
Khaldoun A. Baghdadi **(Co-Liaison)**
Walkup, Melodia, Kelly & Schoenberger
650 California Street, 26th Floor
San Francisco, CA 94108
Tel: (415) 981-7210
mkelly@walkuplawoffice.com
kbaghdadi@walkuplawoffice.com

Brendan M. Kunkle
Michael Green
Abbey, Weitzenberg, Warren & Emery
100 Stony Point Rd, Suite 200
Santa Rosa, CA 95401
Tel: (707) 542-5050
bkunkle@abbeylaw.com
mgreen@abbeylaw.com

Brian Panish
Rahul Ravipudi
Panish Shea & Boyle, LLP
11111 Santa Monica Blvd. #700
Los Angeles, CA 90025
Tel: (310) 477-1700
panish@psblaw.com
ravipudi@psblaw.com

Frank Pitre **(Co-Lead)**
Cotchett, Pitre & McCarthy, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
fpitre@cpmlegal.com

Bill Robins III **(Co-Lead)**
Robins Cloud, LLP
808 Wilshire Boulevard, Suite 450
Santa Monica, CA 90401
Tel: (310) 929-4200
robins@robinscloud.com

1

ADDENDUM A - PLAINTIFFS' EXECUTIVE COMMITTEE - JCCP No. 4955

1  Mark Robinson
   Robinson Calcagnie, Inc.
2  19 Corporate Plaza Dr.
   Newport Beach, CA 92660
3  Tel: (949) 720-1288
   mrobinson@robinsonfirm.com
4
   Steve Skikos (**Co-Liaison**)
5  Greg Skikos
   Matt Skikos
6  Skikos, Crawford, Skikos & Joseph, LLP
   One Sansome Street, Suite 2830
7  San Francisco, CA 94104
   Tel: (415) 546-7300
8  sskikos@skikos.com
   gskikos@skikos.com
9  mskikos@skikos.com

   Scott Summy (**Lead for Public Entities**)
   Baron & Budd
   N 7000 Mopac Service Road #200
   Austin, TX 78731
   Tel: (214) 521-3605
   ssummy@baronbudd.com

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

ADDENDUM A - PLAINTIFFS' EXECUTIVE COMMITTEE - JCCP No. 4955

1 | ***Addendum B – Individual Plaintiffs' Steering Committee***

2 | Individual Plaintiffs request that the Court create and name the following individuals to a

3 | Steering Committee:

4 | Elliot Adler
Adler Law Group, APLC
5 | 402 W. Broadway, Suite 860
San Diego, CA 92101
6 | Tel: (619) 531-8700
eadler@theadlerfirm.com

7 |

8 | Michael Caddell
Cynthia Chapman
Caddell & Chapman
9 | 628 E. 9th Street
Houston, TX 77077
10 | Tel: (713) 751-0400
mac@caddellchapman.com
11 | cbc@caddellchapman.com

12 | Don Edgar
Edgar Law Firm
13 | 408 College Avenue
Santa Rosa, CA 95401
14 | Tel: (707) 799-4090
don@classattorneys.com

15 |

16 | Dave Fox
Fox Law, APC
Plaza Building
17 | 225 West Plaza Street, Suite 102
Solana Beach, CA 92075
18 | Tel: (858) 256-7616
dave@foxlawapc.com

19 |

20 | Sean Higgins
Andrews & Thornton
2 Corporate Park, Suite 110
21 | Irvine, California 92606
Tel: (949) 748-1000
22 | shiggins@andrewsthornton.com

23 | John F. McGuire
Thorsnes Bartolotta McGuire, LLP
24 | 2550 Fifth Avenue, 11th Floor
San Diego, CA 92103
25 | Tel: (619) 236-9363
mcguire@tbmlawyers.com

Patrick McNicholas
McNicholas & McNicholas, LLP
10866 Wilshire Blvd., Suite 1400
Los Angeles, CA 90024
Tel: (310) 474-1582
pmc@mcnicholaslaw.com

Francis O. Scarpulla
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Tel: (415) 788-7210
fos@scarpullalaw.com

Christopher Sieglock
Sieglock Law, APC
1221 Camino Del Mar
Del Mar, CA 92014
Tel: (858) 793-0380
chris@sieglocklaw.com

Gerald Singleton
Singleton Law Firm
115 Plaza St
Solana Beach, CA 92075
Tel: (760) 697-1330
gerald@slffirm.com

Terry L. Singleton
Terry Singleton, APC
1950 5th Avenue, Suite 200
San Diego, CA 92101-2344
Tel: (619) 239-3225
terry@terrysingleton.com

Tom Tosdal
777 South Highway 101, Suite 215
Solana Beach, CA 92075
Tel: (858) 704-4709
tom@tosdallaw.com

Mikal C. Watts
Guy Watts
Watts Guerra LLP
5726 W. Hausman Rd, Suite 119
San Antonio, Texas
Tel: (210) 527-0500
mcwatts@wattsguerra.com
gwatts@wattsguerra.com

26 |
27 |
28 |

1

ADDENDUM B - PLAINTIFFS' STEERING COMMITTEE - JCCP No. 4955

Ben Wilson
Morgan & Morgan, PLLC
4450 Old Canton Rd. Suite 200
Jackson, MS 39211
Tel: (601) 949-3388
BWilson@ForThePeople.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

ADDENDUM B - PLAINTIFFS' STEERING COMMITTEE - JCCP No. 4955

**CERTIFICATE OF ELECTRONIC SERVICE**
(CCP 1010.6(6) & CRC 2.260(g))

I, DANIAL LEMIRE, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

On      **MAR 6 - 2018**     , I electronically served THE ATTACHED DOCUMENT via File & ServeXpress on the recipients designated on the Transaction Receipt located on the File & ServeXpress website.

Dated:

         **MAR 6 - 2018**

                       T. Michael Yuen, Clerk

                       By: _____

                               DANIAL LEMIRE, Deputy Clerk