Dario de Ghetaldi – Bar No. 126782
Amanda L. Riddle – Bar No. 215221
Steven M. Berki – Bar No. 245426
Sumble Manzoor – Bar No. 301704
**COREY, LUZAICH,
DE GHETALDI & RIDDLE LLP**
700 El Camino Real
P.O. Box 669
Millbrae, CA 94030-0669
Telephone: (650) 871-5666
Facsimile: (650) 871-4144
deg@coreylaw.com
alr@coreylaw.com
smb@coreylaw.com
sm@coreylaw.com

Michael S. Danko – Bar No. 111359
Kristine K. Meredith – Bar No. 158243
Shawn R. Miller – Bar No. 238447
**DANKO MEREDITH**
333 Twin Dolphin Drive, Suite 145
Redwood Shores, CA 94065
Telephone: (650) 453-3600
Facsimile: (650) 394-8672
mdanko@dankolaw.com
kmeredith@dankolaw.com
smiller@dankolaw.com

Eric Gibbs – Bar No. 178658
Dylan Hughes – Bar No. 209113
**GIBBS LAW GROUP**
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@classlawgroup.com
dsh@classlawgroup.com

Attorneys for Fire Victim Claimants
Barbara Thompson and Raymond Breitenstein

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PG&E CORPORATION and<br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>        Debtors.<br><br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM) | Bankruptcy Case<br>No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>   (Jointly Administered)<br><br>**JOINDER IN MOTION OF OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR RELIEF FROM AUTOMATIC STAY TO PERMIT STATE COURT JURY TRIAL OF 2017 TUBBS WILDFIRE CLAIMS (Docket Nos. 2842-2851)**<br><br>Date: July 24, 2019<br>Time: 9:30 a.m.<br>Place: United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 94102 |

## I. INTRODUCTION

Fire Victim Claimants Barbara Thompson and Raymond Breitenstein are two of the eight victims of the 2017 Tubbs Fire for which the Official Committee of Tort Claimants (the "TCC") has moved for an order terminating the automatic stay to allow those eight victims to proceed to trial against Debtors on their claims arising out of the Tubbs Fire and to request that the Coordination Trial Judge in the California North Bay Fire Cases, JCCP 4955 (the "Coordinated Action"), to order the eight victims' cases to trial with preference pursuant to California Code of Civil Procedure § 36 (the "TCC Motion").

Fire Victim Claimants Barbara Thompson and Raymond Breitenstein are parties of record in the Coordinated Action and in this pending Chapter 11 proceeding. They are represented by the firms of Corey, Luzaich, de Ghetaldi & Riddle LLP, Danko Meredith, and Gibbs Law Group in both of those matters.

Fire Victim Claimants John Thompson, Matthew Thompson, Peter Thompson, and Stephen Breitenstein are also parties of record in the Coordinated Action and in this pending Chapter 11 proceeding. They are also represented by the firms of Corey, Luzaich, de Ghetaldi & Riddle LLP, Danko Meredith, and Gibbs Law Group in both of those matters. They are not among the eight victims identified in the TCC Motion.

For the reasons set forth below, Barbara Thompson, John Thompson, Matthew Thompson, Peter Thompson, Raymond Breitenstein, and Stephen Breitenstein hereby join in the TCC Motion and respectfully request that this Court grant the relief from automatic stay as requested in that motion.

## II. JOINDER OF BARBARA THOMPSON AND RAYMOND BREITENSTEIN

Fire Victim Claimants Barbara Thompson and Raymond Breitenstein join in the TCC Motion for relief from the automatic stay to allow them to: (a) file a motion in the Coordinated Action for trial preference pursuant to California Code of Civil Procedure § 36 based on their age and health conditions; and (b) proceed to a jury trial in the California Superior Court on their claims against Debtors arising out of the Tubbs Fire.

The TCC Motion sets forth the reasons why this Court should lift the automatic stay. Barbara Thompson and Raymond Breitenstein qualify for mandatory trial preference in the Coordinated Action under California Code of Civil Procedure § 36(a) that provides:

> "(a) A party to a civil action who is over 70 years of age may petition the court for a preference, which the court shall grant if the court makes both of the following findings:
>
> "(1) The party has a substantial interest in the action as a whole.
>
> "(2) The health of the party is such that a preference is necessary to prevent prejudicing the party's interest in the litigation."

As more fully set forth in the TCC Motion, Ms. Thompson is 97 years old and Mr. Breitenstein is 89 years old. Both have a substantial interest in the action as a whole, and both have health issues such that preference is necessary to prevent prejudicing their interests in the litigation.

"[A]s a matter of statutory construction section 36 must be deemed to be mandatory and absolute in its application if plaintiffs qualify under subdivision (a) thereof." *Koch-Ash v. Superior Court*, 180 Cal.App.3d 689, 694, 225 Cal. Rptr. 657 (Ct. App. 1986).

"The clear intent of the Legislature is to safeguard litigants who qualify under subdivision (a) of section 36 against the acknowledged risk that death or incapacity might deprive them of the opportunity to have their case effectively tried and to obtain the appropriate recovery. [Citation.]" *Swaithes v. Superior Court*, 212 Cal.App.3d 1082, 1085, 261 Cal. Rptr. 41 (Ct. App. 1989). "Such a preference is not only necessary to assure a party's peace of mind that he or she will live to see a particular dispute brought to resolution but it can also have substantive consequences. The party's presence and ability to testify in person and/or assist counsel may be critical to success. In addition, the nature of the ultimate recovery can be adversely affected by a plaintiff's death prior to judgment. [Citation.]" *Looney v. Superior Court* (1993) 16 Cal.App.4th 521, 532, 20 Cal. Rptr. 2d 182 (Ct. App. 1993).

In sum, "Elderly litigants are clearly entitled to have their case effectively tried and to the opportunity to enjoy during their own lifetime any benefits received." *Swaithes*, *supra*, 212 Cal.App.3d at p. 1086.

## III. JOINDER OF JOHN THOMPSON, MATTHEW THOMPSON, PETER THOMPSON, AND STEPHEN BREITENSTEIN

John Thompson, Matthew Thompson, Peter Thompson are the sons of Barbara Thompson and are tenants-in-common with her as co-owners of the 102-acre real property located at 9960 Franz Valley School Road, Calistoga, that was devastated by the Tubbs Fire.

Stephen Breitenstein is the only son and heir of Raymond Breitenstein and was living with and caring for his father at his father's residence on the 30-acres located at 9501 Franz Valley School Road, Calistoga, that was devasted by the Tubbs Fire. Stephen and Raymond Breitenstein were forced to flee the fire at 11:30 p.m. on October 8, 2017, in the dark. Stephen Breitenstein lost personal property and has claims for, *inter alia*, mental anguish and nuisance as a result of the Tubbs Fire.

Along with their parents, Fire Victim Claimants John Thompson, Matthew Thompson, Peter Thompson, and Stephen Breitenstein hereby join in the TCC's Motion for relief from automatic stay. While they are not over 70 years old and do not have debilitating health issues, they are all indispensable parties under California Code of Civil Procedure § 389 whose joinder in their parents' preference trial would be compulsory should the Coordination Trial Court grant the anticipated preference motion brought by Barbara Thompson, Raymond Breitenstein, and six others.

California Code of Civil Procedure § 389(a) provides:

> "(a) A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party."

Mssrs. Thompson and Breitenstein all have substantial interests relating to the subject of the proposed preference trial as joint owners of real and personal property and, in the case of the Breitensteins, substantially similar nuisance and zone of danger claims as well as parallel claims for negligent infliction of emotional distress. Failure to allow them to join in the preference motion will both impair and impede those interests and may subject Debtors to a substantial risk of inconsistent obligations.

The discretionary joinder of parties with related claims in a preference action is specifically permitted by California Code of Civil Procedure § 36(e) that provides: "Notwithstanding any other provision of law, the court may in its discretion grant a motion for preference that is supported by a showing that satisfies the court that the interests of justice will be served by granting this preference."

## IV. CONCLUSION

For all of the foregoing reasons, Barbara Thompson, John Thompson, Matthew Thompson, Peter Thompson, Raymond Breitenstein, and Stephen Breitenstein respectfully request that this Court grant the motion for relief from the automatic stay to allow them to: (a) file a motion for trial preference pursuant to California Code of Civil Procedure § 36 in the San Francisco Superior Court; and (b) proceed to a jury trial in San Francisco County Superior Court on their claims arising out of the 2017 Tubbs Fire.

DATED: July 2, 2019                    Respectfully submitted,

**COREY, LUZAICH, DE GHETALDI & RIDDLE LLP**

By: _/s/ Dario de Ghetaldi_
Dario de Ghetaldi
Amanda L. Riddle
Steven Berki
Sumble Manzoor
Attorneys for Indivisual Fire Victim Creditors

**DANKO MEREDITH**
Michael S. Danko
Kristine K. Meredith
Shawn R. Miller
Attorneys for Individual Fire Victim Creditors

**GIBBS LAW GROUP**
Eric Gibbs
Dylan Hughes
Attorneys for Individual Fire Victim Creditors