# EXHIBIT 1

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel:     (415) 496-6723
Fax:    (415) 636-9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION**, | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors**. | **STIPULATION BETWEEN DEBTORS AND CALIFORNIA PUBLIC UTILITIES COMMISSION IN RESPECT OF CERTAIN COMMISSION PROCEEDINGS** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors | |
| * *All papers shall be filed in the lead case, No. 19-30088 (DM)* | [No Hearing Requested] |

PG&E Corporation and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**"), and party in interest the California Public Utilities Commission (the "**Commission**" and together with the Debtors, the "**Parties**"), by and through their undersigned counsel, hereby submit this stipulation (the "**Stipulation**"), for an order (the "**Order**") modifying the automatic stay (the "**Automatic Stay**") for certain limited purposes pursuant to section 362 of title 11 of the United States Code (the "**Bankruptcy Code**"), and represent and agree as follows:

**RECITALS**

A. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") in the United States Bankruptcy Court for the Northern District of California (the "**Court**")

B. On February 12, 2019, the Acting United States Trustee for Region 3 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors Committee**") pursuant to section 1102(a) of the Bankruptcy Code.

C. On February 15, 2019, the U.S. Trustee appointed an official committee of tort claimants (the "**Tort Claimants Committee**") pursuant to section 1102(a) of the Bankruptcy Code.

D. California law empowers the Commission to do "all things . . . which are necessary and convenient" in the exercise of its regulatory power in respect of public utilities. Cal. Pub. Util. Code § 701.

E. In carrying out its statutory duties, the Commission regularly oversees proceedings initiated by third parties (such parties, "**Commission Complaintants**" and proceedings initiated by such parties, "**Commission Proceedings**"). From time to time, Commission Complainants lack the means to engage counsel to bring proceedings in these Chapter 11 Cases for relief from the Automatic Stay, including certain Commission Complainants that are low-income customers eligible for PG&E's low-income rate or assistance programs. Commission Complainants sometimes initiate proceedings before the Commission to
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

enforce public policy and safety, utility tariffs, administrative orders and regulations, including proceedings concerning matters arising before the Petition Date to compel the Utility to relocate overhead power lines, to restore utility services, effectuate Commission rules and regulations and utility tariffs or to issue reimbursements for certain remedial actions taken by ratepayers.

    F. The Parties have determined that it is in their best interests if certain Commission Proceedings be allowed to continue before the Commission notwithstanding the Chapter 11 Cases. The Parties thus agree that, pursuant to section 362(d) of the Bankruptcy Code, the Court should modify the Automatic Stay for the limited purpose of allowing the commencement or continuation of certain Commission Proceedings, including the determination of, but not the collection of, any money judgments in such proceedings.

    G. The Parties further agree that the Automatic Stay shall continue to apply to the allowance of claims, and to the enforcement of any money judgments awarded in any Commission Proceedings that are or become the subject of the Stipulation. Nothing herein shall be deemed to modify or alter the requirements or obligations of any Commission Complainant to timely file a proof of claim in these Chapter 11 Cases in accordance with any order of the Court governing the filing of claims.

    **NOW, THEREFORE, UPON THE FOREGOING RECITALS, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT:**

    1. This Stipulation shall be effective upon approval by the Court.

    2. With respect to Commission Proceedings filed prior to the entry date of an Order approving this Stipulation, the Automatic Stay shall be modified to allow the commencement or continuation of the relevant Commission Proceedings set forth on Exhibit A attached hereto, including the determination of, but not the collection of, any money judgments in such proceedings.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Case: 19-30088    Doc# 2859-1    Filed: 07/03/19    Entered: 07/05/19 09:03:36    Page 4 of 10

3. With respect to Commission Proceedings by Commission Complainants of the type identified in Recital E, above, that are accepted for filing by the Commission after the entry date of an Order approving this Stipulation, upon the expiration of the applicable Notice Period (as defined below) and without objection by the Debtors, the Creditors Committee, or the Tort Claimants Committee, the Automatic Stay shall be modified to allow the commencement or continuation of the relevant Commission Proceeding, including the determination of, but not the collection of, any money judgments in such proceedings.

4. If the Debtors, the Creditors Committee, or the Tort Claimants Committee timely object to the commencement or continuation of a Commission Proceeding (by filing an objection in such Commission Proceeding within the applicable Notice Period), the Commission shall suspend such Commission Proceeding and (a) the Debtors, the Creditors Committee, and/or the Tort Claimants Committee, whomever objects, (b) the Commission, and (c) the Commission Complainant, if applicable, shall meet and confer in a good faith effort to resolve whether such Commission Proceeding may continue before the Commission. If the parties are unable to reach agreement, then the stipulated modification of the Automatic Stay shall be inapplicable to such Commission Proceeding, and the Automatic Stay shall remain in place as to such Commission Proceeding.

5. Neither the inclusion in Exhibit A of any Commission Proceeding, nor the Debtors' failure to exercise the objection rights set forth in paragraphs 3 and 4 hereof with respect to any Commission Proceeding, shall have any effect on, nor result in any prejudice to, the Debtors' ability to object to the commencement or continuation of any other Commission Proceedings.

- 4 –

6. The Commission shall notify the Debtors and their counsel in these Chapter 11 Cases (attention: Steven Frank (swf5@pge.com), Molly Zimney (mez3@pge.com), Theodore Tsekerides (theodore.tsekerides@weil.com), and Matthew Goren (matthew.goren@weil.com)), counsel for the Creditors Committee in these Chapter 11 Cases (attention: Dennis Dunne (ddunne@milbank.com) and Thomas Kreller (tkreller@milbank.com)), and counsel for the Tort Claimants Committee (attention: Jerry Bloom (jbloom@bakerlaw.com) and Eric Goodman (egoodman@bakerlaw.com)), of any Commission Proceeding that the Commission believes is subject to this Stipulation promptly after such Commission Proceeding is accepted for filing by the Commission (the period that commences upon the Commission's service of such notice on the Debtors and ends fourteen (14) days from the date thereof, a "**Notice Period**").

7. The Automatic Stay shall continue to apply to the allowance of claims, and to the enforcement of any money judgments awarded in any Commission Proceedings that are or become the subject of the Stipulation. Nothing herein shall be deemed to modify or alter the requirements or obligations of any Commission Complainant to timely file a proof of claim in these Chapter 11 Cases in accordance with any order of the Court governing the filing of claims.

8. This Stipulation is without prejudice to the right of any party, including the Commission, to contend—and the right of the Debtors to oppose—that certain proceedings before the Commission are exempt from the Automatic Stay pursuant to section 362(b)(4) of the Bankruptcy Code or that the Court should modify the Automatic Stay as to such proceedings.

9. This Stipulation shall have no effect on, and is without prejudice to, any proceedings involving the Debtors, whether before the Commission or any court, tribunal, or regulatory agency, other than Commission Proceedings for which the Automatic Stay will be modified in accordance with the provisions of this Stipulation.

10. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof.

- 5 –

Case: 19-30088    Doc# 2868-1    Filed: 07/03/19    Entered: 07/03/19 14:20:13    Page 5 of 10
Case: 19-30088    Doc# 2859-1    Filed: 07/03/19    Entered: 07/03/19 14:20:13    Page 6 of 10

11. This Stipulation is without prejudice to the Commission's rights and immunities under the Eleventh Amendment to the United States Constitution and related principles of sovereign immunity.

[*Signatures on Next Page*]

Case: 19-30088    Doc# 2859    Filed: 07/03/19    Entered: 07/05/19 09:03:36    Page 95 of 170

DATED: July 3, 2019

| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP | CALIFORNIA PUBLIC UTILITIES COMMISSION |
| Stephen Karotkin (*pro hac vice*) (stephen.karotkin@weil.com) Jessica Liou (*pro hac vice*) (jessica.liou@weil.com) Matthew Goren (*pro hac vice*) (matthew.goren@weil.com) 767 Fifth Avenue New York, NY 10153-0119 Tel: 212 310 8000 Fax: 212 310 8007 | Arocles Aguilar, SBN 94753 505 Van Ness Avenue San Francisco, California 94102 Telephone: (415) 703-2015 Facsimile: (415) 703-2262 Email: arocles.aguilar@cpuc.ca.gov |
| -and- | -and- |
| KELLER & BENVENUTTI LLP | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| By: /s/ *Peter J. Benvenutti* Tobias S. Keller (#151445) (tkeller@kellerbenvenutti.com) Peter J. Benvenutti (#60566) (pbenvenutti@kellerbenvenutti.com) Jane Kim (#298192) (jkim@kellerbenvenutti.com) 650 California Street, Suite 1900 San Francisco, CA 94108 Tel: 415 496 6723 Fax: 650 636 9251 | By: /s/ *Alan W. Kornberg* Alan W. Kornberg Brian S. Hermann (*pro hac vice*) Walter Rieman, SBN 139365 Sean A. Mitchell (*pro hac vice*) 1285 Avenue of the Americas New York, New York 10019-6064 Telephone: (212) 373-3000 Facsimile: (212) 757-3990 Email: akornberg@paulweiss.com bhermann@paulweiss.com wrieman@paulweiss.com smitchell@paulweiss.com |
| *Attorneys for Debtors and Debtors in Possession* | *Attorneys for the California Public Utilities Commission* |

- 7 –

Case: 19-30088    Doc# 2868-1    Filed: 07/03/19    Entered: 07/05/19 09:38:36    Page 8 of 10
Case: 19-30088    Doc# 2859-1    Filed: 07/03/19    Entered: 07/03/19 14:20:13    Page 7 of 7

# EXHIBIT A

## COMMISSION PROCEEDINGS

# Exhibit A

|   | Proceeding Number | Proceeding Parties |
|---|---|---|
| 1 | C.17-09-001 | Martinez Masonic Temple Association, Complainant vs. Pacific Gas and Electric Company (U39E), Defendant. |
| 2 | C.18-01-008 | Jennifer Vera Gutierrez, Complainant vs. Pacific Gas and Electric Company (U39E), Defendant. |
| 3 | C.18-02-003 | Michael Coltan, Complainant vs. Pacific Gas and Electric Company (U39E), Defendant. |
| 4 | C.18-11-012 | Brookview MHP Investors, LLC, dba Thunderbird Mobile Home Park, Complainant, vs. Pacific Gas and Electric Company (U39E), Defendant |
| 5 | C.19-01-008 | Steven Pelly and Barbara Pelly, Complainants vs. Pacific Gas and Electric Company (U39E), Defendant. |
| 6 | C.19-01-013 | Victor Packing Inc., Complainant vs. Pacific Gas and Electric Company (U39E), Defendant. |
| 7 | C.19-04-012 | Nicola Diolaiti, Complainant vs. Pacific Gas and Electric Company (U39E), Defendant. |
| 8 | C.19-04-019 | David E. Cannon, Complainant vs Pacific Gas and Electric Company (U39E), Defendant . |
| 9 | C.19-04-020 | Judy Ann Ahmann and John Eugene Ahmann, Complainant(s) vs. Pacific Gas & Electric Company (U39E), Defendant. |