C. Luckey McDowell (*admitted pro hac vice*)
Ian Roberts *(admitted pro hac vice)*
SHEARMAN & STERLING LLP
1100 Louisiana
Suite 3300
Houston, Texas 77002
Tel: (713) 354-4875
Email: Luckey.McDowell@Shearman.com

Daniel Laguardia (CA Bar No. 314654)
SHEARMAN & STERLING LLP
535 Mission Street
25th Floor
San Francisco, CA 94105
Tel: (415) 616-1114
Email: Daniel.Laguardia@Shearman.com

*Counsel for Agua Caliente Solar, LLC, Clearway Energy, Inc., Clearway Energy Group LLC, MC Shiloh IV Holdings LLC, NRG Energy, Inc., Solar Partners II LLC, Solar Partners VIII LLC, and TerraForm Power, Inc.*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| In re: | Bankruptcy Case No. 19-30088 (DM) Chapter 11 (Lead Case) (Jointly Administered) |
|---|---|
| PG&E Corporation, Pacific Gas & Electric Company, Debtors. | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>* All papers shall be filed in the Lead Case No. 19-30088 DM. | **LIMITED OBJECTION OF CERTAIN PPA PARTIES TO (I) MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR ENTRY OF A PROTECTIVE ORDER; AND (II) DEBTORS' MOTION FOR ENTRY OF PROTECTIVE ORDER PURSUANT TO FED. R. BANKR. P. 7026 AND 9014(c) AND 11 U.S.C. § 105(a) GOVERNING DISCOVERY MATERIALS AND OTHER INFORMATION**<br><br>Date: 7/9/2019<br>Time: 9:30 a.m. PST<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

Agua Caliente Solar, LLC, Clearway Energy, Inc., Clearway Energy Group LLC, MC Shiloh IV Holdings LLC, NRG Energy, Inc., Solar Partners II LLC, Solar Partners VIII LLC, and TerraForm Power, Inc. (collectively, the "**PPA Parties**") hereby submit this limited objection (this "**Limited Objection**") with respect to the (i) *Motion of the Official Committee of Tort Claimants for Entry of a Protective Order* [Docket No. 2419] (the "**TCC Motion**"), filed by the Official Committee of Tort Claimants (the "**TCC**"); and (ii) *Motion for Entry of Protective Order Pursuant to Fed. R. Bankr. P. 7026 and 9014(c) and 11 U.S.C. § 105(a) Governing Discovery Materials and Other Information* [Docket No. 2459] (the "**Debtor Motion**" and, together with the TCC Motion, the "**Motions**") filed by the Debtors, in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), and respectfully represent as follows.

## Preliminary Statement

The PPA Parties did not initially object to the Motions because they appeared to focus only on the exchange of information between the Debtors, the Official Committee of Unsecured Creditors, and the TCC. Indeed, on July 1, 2019, the Court entered the *Order Governing Discovery By And Among Debtors, Official Committee Of Unsecured Creditors, And Official Committee Of Tort Claimants* [Docket No. 2807] (the "**Protective Order**"), limiting its effects to those groups. The Debtors, however, seek now to have the Protective Order apply to the exchange of information among *all parties* in these Chapter 11 Cases, including the PPA Parties. Accordingly, the PPA Parties file this objection to preserve their rights, noting that similar objections filed by other PPA parties have not been accommodated by the Debtors to date.

## Limited Objection

The PPA Parties do not oppose the application of uniform terms governing discovery in these Chapter 11 Cases, but are concerned that the Protective Order, as currently drafted, would not permit parties in interest who are members of a common interest group, like the PPA Parties,

1

to share designated materials with other members of the group.[1] Accommodating groups with common interests—without exposing the Debtors to unreasonable risk of disclosure—can be addressed in the Protective Order by expressly permitting parties to share the confidential information with others who hold a common interest, *provided* that such recipients will otherwise be bound by the same terms of the Protective Order as if the Debtors had provided the information directly to them. In addition, the Protective Order appears to preclude the disclosure of "HIGHLY CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" information or items even to the parties' in-house counsel. Depriving parties from sharing information with their in-house counsel takes the Debtors' concerns too far and deprives parties from relying on the advice of their counsel who, in many cases, have years of specialized knowledge that benefits not only their client but also allows their outside counsel to give better advice. Accordingly, the Protective Order should be modified to: (i) permit common interest parties to share Protected Material amongst themselves, and (ii) allow the disclosure of such materials designated as "HIGHLY CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" to the parties' in-house counsel.

Finally, the PPA Parties submit that, in order to preserve clarity as to what is protected and what is not protected, the Protective Order should be modified to exclude oral communications (other than those transcribed), from the definition of "Discovery Material."

**Notice**

Notice of this Limited Objection will be provided to (i) the Office of the U.S. Trustee for Region 17 (Attn: Anthony R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Debtors; (iii) counsel to the Creditors Committee; (iv) counsel to the Tort Claimants Committee; (v) the Securities and Exchange Commission; (vi) the Internal Revenue Service; (vii) the Office of the

---

[1] Section 7.2 and Section 7.3 of the Protective Order enumerate the persons to whom "Confidential" and "Highly Confidential" materials, respectively, may be disclosed.

California Attorney General; (viii) the California Public Utilities Commission; (ix) the Nuclear Regulatory Commission; (x) the Federal Energy Regulatory Commission; (xi) the Office of the United States Attorney for the Northern District of California; (xii) counsel for the agent under the Debtors' debtor-in-possession financing facility; (xiii) counsel to the various PPA counterparties; and (xiv) those persons who have formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002. The PPA Parties respectfully submit that no further notice is required.

Dated: Houston, Texas
July 5, 2019

Respectfully submitted,

/s/ *C. Luckey McDowell*

C. Luckey McDowell (*admitted pro hac vice*)
Ian Roberts (*admitted pro hac vice*)
SHEARMAN & STERLING LLP
1100 Louisiana
Suite 3300
Houston, Texas 77002
Tel: (713) 354-4875
Email: Luckey.McDowell@Shearman.com

Daniel Laguardia (CA Bar No. 314654)
SHEARMAN & STERLING LLP
535 Mission Street
25th Floor
San Francisco, CA 94105
Tel: (415) 616-1114
Email: Daniel.Laguardia@Shearman.com

*Counsel for Agua Caliente Solar, LLC, Clearway Energy, Inc., Clearway Energy Group LLC, MC Shiloh IV Holdings LLC, NRG Energy, Inc., Solar Partners II LLC, Solar Partners VIII LLC, and TerraForm Power, Inc.*

**CERTIFICATE OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Harris, State of Texas. My business address is 1100 Louisiana, Suite 3300, Houston, Texas 77002.

On July 5, 2019, I caused to be served a true copy of the following document described as *Limited Objection of Certain PPA Parties to (I) Motion of the Official Committee of Tort Claimants for Entry of a Protective Order; And (II) Debtors' Motion For Entry of Protective Order Pursuant To Fed. R. Bankr. P. 7026 And 9014(C) and 11 U.S.C. § 105(A) Governing Discovery Materials and Other Information* by electronically filing the document with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct.

Executed on July 5, 2019.

/s/ _C. Luckey McDowell_____