Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

and

Gregory A. Bray (SBN 115367)
Thomas R. Kreller (SBN 161922)
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063

*Counsel for the Official Committee
of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>   -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtors.** | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered) |
| ☐  Affects PG&E Corporation<br>☐  Affects Pacific Gas and Electric Company<br>■  Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | **MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING THE FILING OF A SUPPLEMENTAL OBJECTION UNDER SEAL**<br><br>[No Hearing Requested] |

The Official Committee of Unsecured Creditors (the "Creditors' Committee") appointed in the above-captioned chapter 11 cases, by its attorneys, Milbank LLP, hereby moves (the

"Motion") for entry of an order authorizing the Creditors' Committee to file under seal portions of its supplemental objection (the "Supplemental Objection") to the Debtors' *Motion Pursuant to 11 U.S.C. §§ 363 and 105(a) and Fed. R. Bankr. P. 6004 Authorizing Debtors to Purchase Directors and Officers Insurance* (the "D&O Motion") [Docket No. 2471], which supplemental objection is filed contemporaneously herewith.[1] This Motion is further accompanied by the declaration of Gregory A. Bray. In support of the Motion, the Creditors' Committee respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. The Creditors' Committee seeks authority to file portions of its Supplemental Objection to the Debtors' D&O Motion under seal.[2] The Creditors' Committee took the deposition of Janaize Markland, the Debtors' declarant in support of the D&O Motion, on July 3, 2019. The Debtors designated the transcript of the deposition as "confidential" pursuant to the *Order Governing Discovery by and Among Debtors, Official Committee of Unsecured Creditors, and Official Committee of Tort Claimants* entered by the Court on July 1, 2019 ("Protective Order") [Docket No. 2807]. The Protective Order governs the production, review, disclosure, and handling of any information exchanged by and among the Official Committee of Tort Claimants (the "TCC"), the Creditors' Committee, and the Debtors in these chapter 11 cases.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a).

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the D&O Motion.

[2] On July 2, 2019, the Creditors' Committee filed a substantially similar motion to file portions of its initial objection to the D&O Motion under seal, as the objection referenced materials produced by the Debtors which the Debtors had designated as confidential. This court granted that motion on July 2, 2019. *See Order Granting Motion to File Documents Under Seal* [Docket No. 2840].

2

4. The bases for the relief requested in the Motion are §§ 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.

5. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

6. The Debtors filed the D&O Motion on June 10, 2019 requesting, among other things, the immediate funding of $50 million to secure a new D&O insurance policy (the "New Policy").

7. The Creditors' Committee sought to take the deposition of Janaize Markland, the Debtors' declarant, prior to the D&O Motion's July 2, 2019 objection deadline. The parties, however, were unable to schedule a mutually agreeable time before the objection deadline.

8. As such, the Creditors' Committee filed its objection to the Debtors' D&O Motion on July 2, 2019. *See Objection of the Official Committee of Unsecured Creditors to the Debtors' Motion Pursuant to 11 U.S.C. §§ 363 and 105(a) and Fed. R. Bankr. P. 6004 Authorizing Debtors to Purchase Directors and Officers Insurance* (the "Objection") [Docket No. 2835]. The next day, the Creditors' Committee deposed Ms. Markland.

9. The Creditors' Committee's Supplemental Objection incorporates new information learned through Ms. Markland's deposition testimony.

10. The Debtors designated the testimony of Ms. Markland as "confidential" under the Protective Order. The Supplemental Objection references certain portions of Ms. Markland's testimony. On this basis, the Creditors' Committee seeks authority to file portions of its Supplemental Objection that reference the testimony under seal.

## BASIS FOR RELIEF REQUESTED

11. The Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Under Section 107(b) of the Bankruptcy Code: "On request of a party in interest, the bankruptcy court *shall*, and on the bankruptcy court's own motion, the bankruptcy court may—(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b) (emphasis added).

3

Case: 19-30088    Doc# 2875    Filed: 07/05/19    Entered: 07/05/19 16:37:44    Page 3 of 4

12. The Bankruptcy Rules set forth the requirements to obtain a protective order to file documents under seal. "On motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. In addition, Civil Local Rule 79-5(e) for the United States District Court for the Northern District of California permits a party to file under seal documents designated as confidential subject to a protective order. The request for seal must be narrowly tailored to sealable materials. Civil Local Rule 79-5(d).

13. Because the Creditors' Committee has redacted only the portions of its Supplemental Objection that reference or are otherwise based upon deposition testimony that, according to the Debtors, constitutes "confidential" information, the relief requested herein falls within the scope of 107(b) and the other authorities cited above. The Court should grant the Creditors' Committee's request.

## CONCLUSION

Based on all of the foregoing, the Creditors' Committee respectfully requests that the Court grant the Motion and allow the Creditors' Committee to file under seal those portions of its Supplemental Objection that reference or are based upon deposition testimony.

DATED: July 5, 2019      **MILBANK LLP**

                                 */s/ Gregory A. Bray*
                                 DENNIS F. DUNNE
                                 SAMUEL A. KHALIL
                                 GREGORY A. BRAY
                                 THOMAS R. KRELLER

                                 *Counsel for the Official Committee of Unsecured Creditors*