1  Dennis F. Dunne (admitted *pro hac vice*)
   Samuel A. Khalil (admitted *pro hac vice*)
2  MILBANK LLP
   55 Hudson Yards
3  New York, New York 10001-2163
   Telephone: (212) 530-5000
4  Facsimile: (212) 530-5219

5  *and*

6  Gregory A. Bray (SBN 115367)
   Thomas R. Kreller (SBN 161922)
7  MILBANK LLP
   2029 Century Park East, 33rd Floor
8  Los Angeles, CA 90067
   Telephone: (424) 386-4000
9  Facsimile: (213) 629-5063

10 *Counsel for the Official Committee
   of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| Debtors. | **SUPPLEMENTAL OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 363 AND 105(a) AND FED. R. BANKR. P. 6004 AUTHORIZING DEBTORS TO PURCHASE DIRECTORS AND OFFICERS INSURANCE** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Date: July 9, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br><br>Re: Docket Nos. 2471, 2835 |

The Official Committee of Unsecured Creditors (the "Creditors' Committee") appointed in the above-captioned chapter 11 cases, by its attorneys, Milbank LLP, hereby submits this supplemental objection (the "Supplemental Objection") to the *Motion Pursuant to 11 U.S.C. §§ 363 and 105(a) and Fed. R. Bankr. P. 6004 Authorizing Debtors to Purchase Directors and Officers Insurance* (the "Motion") [Docket No. 2471].[1] In support of the Supplemental Objection, the Creditors' Committee respectfully represents as follows:

1. The Debtors filed the Motion on June 10, 2019, seeking approval to immediately fund $50 million to secure a new directors & officers ("D&O") insurance policy (the "New Policy"). The same day, the Debtors filed the *Declaration of Janaize Markland in Support of D&O Insurance Motion* (the "Declaration") [Docket No. 2472].

2. Almost immediately after the Motion was filed, in furtherance of its fiduciary duties, the Creditors' Committee and its advisors began requesting information regarding the Debtors' current and proposed new D&O policies. The Creditors' Committee also requested a phone interview with Janaize Markland, but Ms. Markland was unavailable.

3. With the Motion's objection deadline fast approaching, on June 27, 2019, the Creditors' Committee served a Notice of Deposition of Janaize Markland, seeking a deposition date of July 1, 2019—a day before the objection deadline. Because the parties were unable to schedule a mutually agreeable time before the objection deadline, the deposition took place on July 3, 2019—a day *after* the objection deadline.

4. As such, the Creditors' Committee filed its objection to the Motion on July 2, 2019. *See Objection of the Official Committee of Unsecured Creditors to the Debtors' Motion Pursuant to 11 U.S.C. §§ 363 and 105(a) and Fed. R. Bankr. P. 6004 Authorizing Debtors to Purchase*

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Motion.

*Directors and Officers Insurance* (the "Objection") [Docket No. 2835]. The next day, the Creditors' Committee deposed Ms. Markland.

5. In light of new information learned through Ms. Markland's deposition testimony, the Creditors' Committee hereby supplements its Objection.

6. Specifically, the Creditors' Committee has learned that many of the assertions made in the Declaration are not based on Ms. Markland's personal knowledge. The local rules for the United States Bankruptcy Court for the Northern District of California, Local Rule 9013-1(d), requires that "[f]actual contentions made in support of . . . any motion . . . should be supported by affidavits or declarations," and that such declarations shall conform generally to the requirements of Federal Rule of Civil Procedure 56. Rule 56(c) of the Federal Rules of Civil Procedure requires that a "declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

7. Many of the Declaration's substantive assertions upon which the Motion's requested relief is based rely not on personal knowledge, but on hearsay. ███████

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
██████

1  8.  Other substantive assertions are burdened with the same lack of personal knowledge problem. The Creditors' Committee has learned, for example, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Ms. Markland is thus not competent to testify regarding many statements made in her Declaration.

9.  The Creditors' Committee has further learned that the Debtors' decision to seek the New Policy ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Such admissions buttress the Creditors' Committee's positions that (i) the Motion is entirely premised on potential, hypothetical future circumstances and events, and (ii) no evidence exists that the Debtors' current policies will be exhausted any time in the near term. As for the uncertainty, there is always uncertainty that an insurance program will be insufficient if one wishes to speculate about nightmare scenarios. But the nature of the asserted claims, the fact that all actions have been stayed, and the fact that the Debtors have not even come close to reaching the retention under the Policies, all indicate that the scenarios that the Debtors posit in the Motion are simply implausible.

10. Further, notwithstanding the Debtors' and Ms. Markland's statements that the New Policy is needed "in order to attract and retain board members and qualified senior management during the pendency of the Chapter 11 Cases" (Declaration ¶ 26; *see* Motion at 14), ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ The Debtors' and Ms. Markland's assertion that the New Policy is justified thus continues to ring hollow.

11. Finally, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

The Creditors' Committee thus reiterates its assertion that the Motion is premature: the Debtors can merely wait for the hypothetical risks they assert to begin to occur, and seek authority to self-fund the policy at such later time.

12. Based on the foregoing, the Creditors' Committee respectfully requests that the Court (i) deny the Motion and (ii) grant such other and further relief as is just and reasonable.

DATED: July 5, 2019

**MILBANK LLP**

 */s/ Gregory A. Bray*
DENNIS F. DUNNE
SAMUEL A. KHALIL
GREGORY A. BRAY
THOMAS R. KRELLER

*Counsel for the Official Committee of Unsecured Creditors*