WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 19-30088 (DM) |
| PG&E CORPORATION, | Chapter 11<br>(Lead Case)<br>(Jointly Administered) |
| - and - | |
| PACIFIC GAS AND ELECTRIC COMPANY, | **SUPPLEMENTAL DECLARATION OF GREGG M. FICKS IN SUPPORT OF APPLICATION PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR ORDER AUTHORIZING THE DEBTORS TO EMPLOY COBLENTZ PATCH DUFFY & BASS LLP AS SPECIAL COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE** |
| Debtors. | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas & Electric Company<br>☒ Affects both Debtors | |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Date: July 9, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

I, Gregg M. Ficks, declare:

1. I am a partner at the law firm of Coblentz Patch Duffy & Bass LLP ("**Coblentz**" or the "**Firm**"), resident in Coblentz's San Francisco office located at One Montgomery Street, Suite 3000, San Francisco, CA 94104. I am a member in good standing of the State Bar of California, and of this Court. I submit this Supplemental Declaration in connection with the Application[1] of the above-captioned debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**"), for an order, pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), approving the employment and retention of Coblentz as one of the Debtors' special counsel effective *nunc pro tunc* to January 29, 2019 (the "**Petition Date**"). Unless otherwise stated in this Declaration, I have personal knowledge of the matters set forth herein.

2. I have reviewed the Objections and Joinder [Docket Nos. 2834, 2837, and 2841] regarding the Application filed by the Official Committee of Tort Claimants (the "**TCC**") and the Plaintiffs' Executive Committee appointed by the Alameda County Superior Court in Case No. RG16843631 and related cases.

3. As I disclosed in my initial Declaration [Docket No. 2596] in support of the Application:

> Coblentz represents the City of Oakland, California (the "**City**") in a series of civil actions pending in Alameda County Superior Court arising from the Ghost Ship fire, titled *Gregory et al. v. Chor Nar Siu Ng, et al.* (Case No. RG 16843631 and related cases) (the "**Oakland Warehouse Fire Litigation**"). Debtor Pacific Gas and Electric Company is a co-defendant in the Oakland Warehouse Fire Litigation. Should any adversity arise between the City and Debtor Pacific Gas and Electric Company in the Oakland Warehouse Fire Litigation, Coblentz will not advise or represent the City regarding any matters for which any such adversity has arisen, and the City will need to rely on other counsel to advise and represent it regarding any such matters should it require counsel.

Declaration at page 7, line 27, through page 8, line 4.

4. While the City of Oakland and the Utility are both defendants in the Oakland

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

Warehouse Fire Litigation, they are not cross-defendants against each other. As indicated in my initial Declaration (and consistent with the Utility's pre-petition written waiver regarding this issue), should any adversity or conflict of interest arise between the Utility and the City of Oakland in the Oakland Warehouse Fire Litigation, Coblentz would not advise or represent the City of Oakland against the Utility in connection with any such matters for which they become adverse. Coblentz also will not represent the Utility in connection with any such matters.

5. Statements in the Application and my initial Declaration indicating that the scope of services Coblentz will provide to the Debtors during the course of these Chapter 11 Cases will include "other legal services as requested by the Debtors during the pendency of their Chapter 11 Cases, to the extent Coblentz agrees to perform such work" as referenced in the TCC's Opposition, do not mean, and were not intended to imply, that Coblentz will perform services for the Debtors in connection with the Oakland Warehouse Fire Litigation. It will not. Further to the TCC's comments, Coblentz confirms it will not represent the Debtors in matters relating to the Oakland Warehouse Fire Litigation, including in connection with claims estimation and the claims process, and it will not share with the Debtors any non-public information regarding the Oakland Warehouse Fire Litigation that is not already in the Debtors' possession, custody, or control.

6. Coblentz represents Caymus Vineyards in matters that are unrelated to the Debtors and these Chapter 11 Cases. Coblentz has not advised Caymus Vineyards regarding the Debtors and these Chapter 11 Cases, and will continue to not advise Caymus Vineyards regarding such matters during the course of Coblentz's employment as special counsel in these Chapter 11 Cases, if Coblentz is so appointed.

7. Coblentz has, and has had, various "Lincoln" entity clients in matters that are unrelated to the Debtors and these Chapter 11 Cases. Lincoln Partner Advisors LLC is not Coblentz's client, and to the best of Coblentz's knowledge, has not been Coblentz's client in the past. Coblentz does not advise, represent, or share information with Lincoln Partner Advisors LLC.

8. Based on the foregoing, and based on the contents of my initial Declaration, I believe Coblentz is qualified to serve as special counsel to the Debtors under section 327(e) of the

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Bankruptcy Code and to be paid from these estates, that Coblentz's retention as special counsel in connection with the matters described in the Application is in the best interest of the Debtors, the estates, and their creditors, and that Coblentz's retention should be approved under section 327(e) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: July 8, 2019
San Francisco, California

*/s/ Gregg M. Ficks*
Gregg M. Ficks

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119