WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DEBTORS' FIRST OMNIBUS REPORT AND OBJECTION TO CLAIMS ASSERTED PURSUANT TO 11 U.S.C. § 503(b)(9)**<br><br>Date: August 14, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102 |

1    PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as
2 debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned
3 chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this first omnibus report and objection
4 ("**Objection**") to certain claims (the "**503(b)(9) Claims**") identified on **Exhibit A** hereto that have been
5 asserted as of the date hereof by various claimants (each a "**Claimant**") pursuant to section 503(b)(9) of
6 title 11 of the United States Code (the "**Bankruptcy Code**"). In support of the Objection, the Debtors
7 submit the Declaration of Robb C. McWilliams, filed contemporaneously hereto.
8    A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit B** (the
9 "**Proposed Order**").

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No chapter 11 trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Dkt. No. 263] (the "**Wells Declaration**").

On March 1, 2019, the Bankruptcy Court entered that certain *Amended Order Pursuant to 11 U.S.C. §§ 503(b)(9) and 105(a) Establishing Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9)* [Dkt. No. 725] (the "**503(b)(9) Procedures Order**"), pursuant to which the Court established certain procedures (the "**503(b)(9) Procedures**") to govern the resolution of any 503(b)(9) Claims that may be asserted by Claimants against the Debtors.

Pursuant to the 503(b)(9) Procedures, any Claimant asserting a 503(b)(9) Claim was required to submit its 503(b)(9) Claim to Prime Clerk, LLC, the Debtors' claims and noticing agent, in the manner set forth in the 503(b)(9) Procedures Order by no later than April 22, 2019 (the "**503(b)(9) Claim Filing Deadline**"). As set forth on **Exhibit A** hereto, as of the date hereof, the Debtors have received approximately six hundred and thirty-three (633) 503(b)(9) Claims, of which five hundred and thirty-six (536) of the 503(b)(9) Claims were received or before the 503(b)(9) Claim Filing Deadline.[1]

In accordance with the 503(b)(9) Procedures, after reviewing their books and records, the Debtors have determined that certain of the 503(b)(9) Claims (or portions thereof) were made in accordance with the requirements of the Bankruptcy Code and the 503(b)(9) Procedures and, are therefore, valid (the "**Proposed Valid 503(b)(9) Claims**"). Accordingly, each such Proposed Valid 503(b)(9) Claim identified on **Exhibit A** hereto shall be allowed as an administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code and in accordance with the 503(b)(9) Procedures. In addition, after reviewing their books and records, the Debtors have determined that certain of the 503(b)(9) Claims (or portions thereof) identified on **Exhibit A** are invalid based on one or more of the following grounds and, as a result, the Debtors are seeking to reclassify as general unsecured claims and/or disallow and expunge in whole or in part such 503(b)(9) Claims:

*Grounds for Reclassification (in whole or in part)*[2]

(i) amounts asserted in the 503(b)(9) Claim are on account of services or other non-goods;

(ii) amounts asserted in the 503(b)(9) Claim are on account of goods delivered to the Debtors outside of the 20-day period prior to the Petition Date;

---

[1] Notwithstanding the passage of the 503(b)(9) Claim Filing Deadline, the Debtors continue as of the date hereof, to receive 503(b)(9) Claims from various parties. Where applicable, the Debtors have noted on **Exhibit A** any instance where a 503(b)(9) Claim was filed after the 503(b)(9) Claim Deadline. The Debtors have not objected to, and are not seeking at this time to disallow or expunge any such late filed 503(b)(9) Claims, solely on the basis that such claims were not timely filed prior to the 503(b)(9) Claim Filing Deadline; provided, however, the Debtors reserve the right to do so at a later date. The Debtors continue to work with their advisors to reconcile the 503(b)(9) Claims that continue to be filed after the 503(b)(9) Claim Filing Deadline, and to the extent the Debtors have not resolved any outstanding 503(b)(9) Claims herein, the Debtors reserve the right to object to such claims in the future.

[2] The Debtors reserve the right to object in the future to any claims that may be reclassified as general unsecured claims.

*Grounds for Disallowance/Expungement (in whole or in part)*

(i) the 503(b)(9) Claim contains insufficient information for the Debtors to establish or evaluate the basis of the claim;

(ii) amounts asserted in the 503(b)(9) Claim do not match the Debtors' books and records;

(iii) the 503(b)(9) Claim is duplicative of another 503(b)(9) Claim;

(iv) the 503(b)(9) Claim has been amended and superseded by a subsequently filed claim;

(v) the 503(b)(9) Claim was withdrawn by the Claimant;

(vi) amounts asserted in the 503(b)(9) Claim were previously satisfied or paid by the Debtors.

In addition, certain Claimants have asserted 503(b)(9) Claims against the wrong Debtor. To the extent that a 503(b)(9) Claim asserts a claim against the wrong Debtor, the Debtors have reclassified such claim against the correct Debtor in accordance with the Debtors' books and records and, in certain instances, have objected to the reclassified claim on one or more of the bases set forth above.

Accordingly, the Debtors request that each of the 503(b)(9) Claims listed on **Exhibit A** (i) be allowed to the extent, and in the amount listed in the column labeled "Proposed Allowed 503(b)(9) Amount", (ii) be disallowed, to the extent, and in the amount, listed in the column labeled, "Proposed Amount Disallowed and Expunged", and (iii) be reclassified as general unsecured claims, to the extent, and in the amount listed in the column labeled, "Proposed Amount Reclassified as General Unsecured."

## III. OBJECTION

Section 503(b)(9) of the Bankruptcy Code provides that:

> (b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including . . .(9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under [title 11] in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

11 U.S.C. § 503(b)(9). Each of the requirements of section 503(b)(9) and the various grounds for which the Debtors are seeking to reclassify, disallow, and/or expunge certain of the 503(b)(9) Claims pursuant to this Objection are discussed in further detail below.

**Deliverance of Goods.** By its express terms, section 503(b)(9) applies only to the receipt of goods. *See In re Brown & Cole Stores, LLC*, 375 B.R. 873, 878 n. 7 (9th B.A.P. 2007)("By the plain terms of the statute. . . the vendor must have provided goods (not services)."). Courts generally define "goods" in accordance with section 2-105 of the Uniform Commercial Code (the "**UCC**"). *See, e.g., Gross v. Symantec Corp.*, 2012 WL 3116158, *9 (Bankr. N.D.Cal. 2012) (The California UCC defines "goods" as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale...." Cal. Com.Code § 2105."); *In re Circuit City Stores, Inc.*, 416 B.R. 531 (Bankr. E.D. Va. 2009) ([T]he word "goods" in § 503(b)(9) should be defined the same way as "goods" is defined in §546(c); *In re GIC Gov't Sec.*, 64 B.R. 161, 162 (Bankr. M.D. Fla. 1986) ("Based on § 546(c)'s purpose and origins, this should be the UCC definition."); *In re NE Opco, Inc.*, 501 B.R. 233 (2013) (finding amount attributable to the goods is provided administrative priority status and the amount attributable to services is not); *In re Plastech Engineered Prods., Inc.*, 397 B.R. 828, 837-38 (Bankr. E.D. Mich. 2009) (finding where the value of services and goods could be differentiated that 503(b)(9) status would be granted for the value of the goods only). In certain instances, Claimants have included the asserted value of non-goods as a part of their 503(b)(9) Claims including, without limitation, amounts asserted for contingent litigation claims, services, resource adequacy and dispatch rights, energy curtailment, customer access charges, freight and handling charges or fees, taxes, and insurance. Accordingly, a 503(b)(9) Claim is invalid and should be disallowed to the extent it includes services or other nontangible items rather than goods.

**503(b)(9) Period.** Section 503(b)(9) requires that the Claimant must have delivered the goods in question to the Debtors in the ordinary course of business and within twenty days prior to the commencement of the chapter 11 filing. *In re Brown & Cole Stores, LLC*, 375 B.R. at 878 n. 7. A Claimant has no right to assert a 503(b)(9) Claim for goods delivered to the Debtors outside of the 20-day period (*i.e.*, earlier than January 9, 2019 or later than January 28, 2019) (the "**503(b)(9) Period**").

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Accordingly, a 503(b)(9) Claim is invalid to the extent that it asserts a claim for goods that were delivered to the Debtors on a date falling outside of the 503(b)(9) Period.

**Insufficient Information.** A number of 503(b)(9) Claims submitted to the Debtors contained insufficient information for the Debtors to establish the basis for, or evaluate the validity of, such claims. The 503(b)(9) Procedures Order requires each Claimant asserting a 503(b)(9) Claim to deliver a proof of claim prior to the 503(b)(9) Claim Filing Deadline (a "**Proof of 503(b)(9) Claim Form**") that sets forth, to the extent such information is already available or known to such Claimant, (i) the value of the Goods the Claimant contends the Debtors received within twenty (20) days prior to the Petition Date; (ii) documentation, including invoices, receipts, bills of lading, and the like, identifying the particular Goods for which the claim is being asserted; (iii) documentation regarding which Debtor the Goods were shipped to, the date the Goods were received by such Debtor, and the alleged value of such Goods; and (iv) a statement indicating (I) whether the value of such Goods listed in the Proof of 503(b)(9) Claim represents a combination of services and Goods, (II) the percentage of value related to services and related to Goods, and (III) whether the Claimant has filed any other claim against any Debtor regarding the Goods underlying its Proof of 503(b)(9) Claim Form. Certain Claimants failed to include this information in their 503(b)(9) Claim Forms and, after a review of the Debtors' books and records, the Debtors are not able to identify the bases of such claims or verify the amounts listed in such Claimants' 503(b)(9) Claim Forms. In instances where this applies, the Debtors or their advisors have attempted to reach out to the Claimants to request additional information before filing this Objection. To date, sufficient additional information has not been provided by any such Claimants. Consequently, the 503(b)(9) Claims (or portions thereof) that failed to include sufficient information for the Debtors to establish the basis for, or evaluate the validity of, the 503(b)(9) Claims should be disallowed and expunged.

**Books and Records.** There are a number of 503(b)(9) Claims on **Exhibit A** where the claim amount asserted by the Claimant differs from the amounts that the Debtors have recorded in their books and records as owed to the Claimant. In these instances, the Debtors dispute the amount of the 503(b)(9)

Claim and request that the Court allow such claim only in the amounts reflected in the Debtors' books and records.

**Duplicate Claims.** Certain Claimants have asserted multiple identical 503(b)(9) Claims against the same or alternative Debtors. To the extent that a 503(b)(9) Claim duplicates another 503(b)(9) Claim, such duplicate 503(b)(9) Claims should be disallowed and expunged.

**Amended Claims.** Certain Claimants have amended their 503(b)(9) Claims (the "**Amended 503(b)(9) Claims**"). In these instances, the Debtors have reconciled the Amended 503(b)(9) Claim in lieu of the original 503(b)(9) Claim. To the extent that a 503(b)(9) Claim has been amended, the Amended 503(b)(9) Claim supersedes the original 503(b)(9) Claim, and the original 503(b)(9) Claim should be disallowed and expunged.

**Withdrawn Claims.** Certain Claimants have subsequently withdrawn their claims. To the extent a 503(b)(9) Claim has been withdrawn, the 503(b)(9) Claim should be disallowed and expunged.

**Satisfied Claims.** Certain 503(b)(9) Claims have already been satisfied or paid by the Debtors – this includes amounts that were satisfied prepetition, satisfied as ordinary course postpetition obligations, or satisfied pursuant to prior Orders of the Court.[3] To avoid the situation where a Claimant may be receiving a double recovery on account of its claim, each of the satisfied 503(b)(9) Claims should be disallowed. In addition, certain Claimants have also filed written demands asserting reclamation claims (each a "**Reclamation Demand**") that may be satisfied in accordance with the *Order Pursuant to 11 U.S.C. §§ 546(c) and 105(a) and Fed. R. Bankr. P. 9019 Establishing and Implementing Exclusive and Global Procedures for the Treatment of Reclamation Claims* [Dkt. No. 699] (the "**Reclamation Procedures Order**"). To the extent that a 503(b)(9) Claim duplicates a Reclamation Demand that has

---

[3] Such prior Orders of the Court include, without limitation, that certain *Final Order Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 503(b)(9) and Fed. R. Bankr. P. 6003 and 6004 Authorizing Debtors to Pay Prepetition Obligations Owed to Certain Safety and Reliability, Outage, and Nuclear Facility Suppliers* [Dkt. No. 883], *Final Order Pursuant to 11 U.S.C. §§ 105(a), 363(b), 507(a), and 541 and Fed. R. Bankr. P. 6003 and 6004 Authorizing Debtors to Pay Prepetition Taxes and Assessments and Granting Related Relief* [Dkt. No. 698]; *Final Order Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364 and Fed. R. Bankr. P. 6003 and 6004 Authorizing Debtors to (A) Honor Prepetition Obligations to Natural Gas and Electricity Exchange Operators, (B) Grant Administrative Expense Claims and Authorize Posting of Collateral to Exchange Operators, Trading Counterparties, and Future Commission Merchants, (C) Modify the Automatic Stay, and (D) Grant Related Relief* [Dkt. No. 696].

been allowed as an administrative expense claim pursuant to the Reclamation Procedures Order, such duplicate 503(b)(9) Claims should be disallowed and expunged.

Accordingly, for the reasons set forth above, the Debtors request that each of the 503(b)(9) Claims listed on **Exhibit A** (i) be allowed to the extent, and in the amount listed in the column labeled "Proposed Allowed 503(b)(9) Amount", (ii) be disallowed, to the extent, and in the amount, listed in the column labeled, "Proposed Amount Disallowed and Expunged", and (iii) be reclassified as general unsecured claims, to the extent, and in the amount listed in the column labeled, "Proposed Amount Reclassified as General Unsecured."

## IV. RESERVATION OF RIGHTS

The Debtors continue to review their books and records and hereby reserve the right to object in the future to any of the 503(b)(9) Claims listed in this Objection or **Exhibit A** attached hereto (or any other asserted 503(b)(9) Claims) on any ground, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims. A separate notice and hearing will be scheduled for any such objection.

## V. NOTICE

Notice of this Objection will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Tort Claimants Committee; (iv) Counsel to the Engineers and Scientists of California Local 20; (v) the Securities and Exchange Commission; (vi) the Internal Revenue Service; (vii) the Office of the California Attorney General; (viii) the California Public Utilities Commission; (ix) the Nuclear Regulatory Commission; (x) the Federal Energy Regulatory Commission; (xi) the Office of the United States Attorney for the Northern District of California; (xii) counsel for the agent under the Debtors' debtor in possession financing facility; (xiii) each of the Claimants; and (xiv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

WHEREFORE the Debtors respectfully request entry of an Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: July 8, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/*Matthew Goren*
  Matthew Goren

*Attorneys for Debtors*
*and Debtors in Possession*