WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: (212) 310-8000
Fax: (212) 310-8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636-9251

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                      **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**DECLARATION OF ROBB C. McWILLIAMS IN SUPPORT OF DEBTORS' FIRST OMNIBUS REPORT AND OBJECTION TO CLAIMS ASSERTED PURSUANT TO 11 U.S.C. § 503(b)(9)**<br><br>Date: August 14, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 94102 |

Pursuant 28 U.S.C. § 1746, I, Robb C. McWilliams, hereby declare as follows:

I am a Managing Director at the firm of AlixPartners, LLP ("**AlixPartners**"), an affiliate of AP Services, LLC ("**APS**"), which, pursuant to an order of the Court dated April 9, 2019 [Dkt. No. 1299], provides interim management services to PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors-in-possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"). I submit this Declaration in support of the *Debtors' First Omnibus Report and Objection to Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9)* (the "**503(b)(9) Objection**"), filed contemporaneously hereto.[1]

In my current position with AlixPartners, I am responsible for assisting the Debtors with various matters related to these Chapter 11 Cases, including reviewing and assessing the validity of Asserted 503(b)(9) Claims (as defined below). I am generally familiar with the Debtors' day-to-day operations, financing arrangements, business affairs, and books and records. Except as otherwise indicated herein, all facts set forth in this Declaration are based either upon my personal knowledge, the knowledge of other APS professionals working under and alongside me on this matter, my discussions with other members of the Debtors' management team, the Debtors' various other advisors and counsel, and my review of relevant documents and information prepared by the Debtors. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this Declaration on behalf of the Debtors.

On March 1, 2019, the Bankruptcy Court entered that certain *Amended Order Pursuant to 11 U.S.C. §§ 503(b)(9) and 105(a) Establishing Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9)* [Dkt. No. 725] (the "**503(b)(9) Procedures Order**"), pursuant to which the Court established certain procedures (the "**503(b)(9) Procedures**") to govern the resolution of any 503(b)(9) Claims that may be asserted by Claimants against the Debtors.

Pursuant to the 503(b)(9) Procedures, any Claimant asserting a 503(b)(9) Claim was required to submit its 503(b)(9) Claim to Prime Clerk, LLC, the Debtors' claims and noticing agent, in the manner set forth in the 503(b)(9) Procedures Order by no later than April 22, 2019 (the "**503(b)(9) Claim Filing**

---
[1] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to such terms in the Objection.

**Deadline**"). As set forth on **Exhibit A** to the Objection, as of the date hereof, the Debtors have received approximately six hundred and thirty-three (633) 503(b)(9) Claims, of which of which five hundred and thirty-six (536) of the 503(b)(9) Claims were received on or before the 503(b)(9) Claim Filing Deadline.[2]

In assessing the validity of the 503(b)(9) Claims, I, other APS professionals, or employees of the Debtors reviewed each of the 503(b)(9) Claims, including any supporting documentation provided by the Claimants, compared the asserted amounts to the Debtors' books and records, and corresponded with Claimants as necessary, to determine whether, and to what extent, each of the 503(b)(9) Claims satisfied the requirements of section 503(b)(9) of the Bankruptcy Code and the 503(b)(9) Procedures Order.

After reviewing the foregoing, the Debtors have determined that certain of the 503(b)(9) Claims (or portions thereof) were made in accordance with the requirements of the Bankruptcy Code and the 503(b)(9) Procedures and, are therefore, valid (the "**Proposed Valid 503(b)(9) Claims**"). Accordingly, the Debtors are seeking to allow each such Proposed Valid 503(b)(9) Claim identified on **Exhibit A** to the Objection as an administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code and in accordance with the 503(b)(9) Procedures. In addition, after reviewing their books and records, the Debtors have determined that certain of the 503(b)9) Claims (or portions thereof) identified on **Exhibit A** to the Objection are invalid based on one or more of the following grounds and, as a result, the Debtors are seeking to reclassify as general unsecured claims and/or disallow and expunge in whole or in part such 503(b)(9) Claims:

---

[2] Notwithstanding the passage of the 503(b)(9) Claim Filing Deadline, the Debtors continue as of the date hereof, to receive 503(b)(9) Claims from various parties. Where applicable, the Debtors have noted on **Exhibit A** to the Objection any instance where a 503(b)(9) Claim was filed after the 503(b)(9) Claim Deadline. The Debtors have not objected to, and are not seeking at this time to disallow or expunge any such late filed 503(b)(9) Claims, solely on the basis that such claims were not timely filed prior to the 503(b)(9) Claim Filing Deadline; provided, however, the Debtors reserve the right to do so at a later date. The Debtors continue to work with their advisors to reconcile the 503(b)(9) Claims that continue to be filed after the 503(b)(9) Claim Filing Deadline, and to the extent the Debtors have not resolved any outstanding 503(b)(9) Claims herein, the Debtors reserve the right to object to such claims in the future.

*Grounds for Reclassification (in whole or in part)*[3]

    (i) amounts asserted in the 503(b)(9) Claim are on account of services or other non-goods;

    (ii) amounts asserted in the 503(b)(9) Claim are on account of goods delivered to the Debtors outside of the 20-day period prior to the Petition Date;

*Grounds for Disallowance/Expungement (in whole or in part)*

    (i) the 503(b)(9) Claim contains insufficient information for the Debtors to establish or evaluate the basis of the claim;

    (ii) amounts asserted in the 503(b)(9) Claim do not match the Debtors' books and records;

    (iii) the 503(b)(9) Claim is duplicative of another 503(b)(9) Claim;

    (iv) the 503(b)(9) Claim has been amended and superseded by a subsequently filed claim;

    (v) the 503(b)(9) Claim was withdrawn by the Claimant;

    (vi) amounts asserted in the 503(b)(9) Claim were previously satisfied or paid by the Debtors.

In addition, certain Claimants have asserted 503(b)(9) Claims against the wrong Debtor. To the extent that a 503(b)(9) Claim asserts a claim against the wrong Debtor, the Debtors have reclassified such claim against the correct Debtor in accordance with the Debtors' books and records and, in certain instances, have objected to the reclassified claim on one or more of the bases set forth above. Each of the requirements of section 503(b)(9) and the various grounds for which the Debtors are seeking to reclassify, disallow, and/or expunge certain of the 503(b)(9) Claims pursuant to the Objection are discussed in further detail below.

**Deliverance of Goods.** It is my understanding that a 503(b)(9) Claim is invalid to the extent that it asserts a claim for services or other nontangible items rather than goods. As set forth on **Exhibit A** to the Objection, certain of the 503(b)(9) Claims seek to reclaim amounts for contingent litigation claims, services, resource adequacy and dispatch rights, energy curtailment, customer access charges, freight

---

[3] The Debtors reserve the right to object in the future to any claims that may be reclassified as general unsecured claims.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

and handling charges or fees, taxes, and insurance. To the extent that a 503(b)(9) Claim asserts a claim for non-goods, the Debtors are seeking to reclassify such claim as a general unsecured claim in accordance with the Debtors' books and records.

**503(b)(9) Period.** It is my understanding that section 503(b)(9) of the Bankruptcy Code requires the Claimant to have delivered the goods in question to the Debtors in the ordinary course of business and within twenty days prior to the commencement of the chapter 11 filing. Accordingly, as identified on **Exhibit A** to the Objection, a Claimant's 503(b)(9) Claim has been reclassified as a general unsecured claim to the extent that it asserts a claim for goods that were delivered to the Debtors on a date falling outside the 20-day period (*i.e.*, earlier than January 9, 2019 or later than January 28, 2019).

**Insufficient Information.** A number of 503(b)(9) Claims identified on **Exhibit A** to the Objection contained insufficient information for the Debtors to establish the basis for, or evaluate the validity of, such claims. The 503(b)(9) Procedures Order requires each Claimant asserting a 503(b)(9) Claim to deliver a proof of claim prior to the 503(b)(9) Claim Filing Deadline (a "**Proof of 503(b)(9) Claim Form**") that sets forth, to the extent such information is already available or known to such Claimant, (i) the value of the Goods the Claimant contends the Debtors received within twenty (20) days prior to the Petition Date; (ii) documentation, including invoices, receipts, bills of lading, and the like, identifying the particular Goods for which the claim is being asserted; (iii) documentation regarding which Debtor the Goods were shipped to, the date the Goods were received by such Debtor, and the alleged value of such Goods; and (iv) a statement indicating (I) whether the value of such Goods listed in the Proof of 503(b)(9) Claim represents a combination of services and Goods, (II) the percentage of value related to services and related to Goods, and (III) whether the Claimant has filed any other claim against any Debtor regarding the Goods underlying its Proof of 503(b)(9) Claim Form. Certain Claimants failed to include this information in their 503(b)(9) Claim Forms and, after reviewing the Debtors' books and records, the Debtors are not able to identify the bases of such claims or verify the amounts listed in such Claimants' 503(b)(9) Claim Forms. In instances where this applies, the Debtors or their advisors attempted to reach out to the Claimants to request additional information before filing this Objection. To date, sufficient additional information has not been provided by any such Claimants.

Consequently, the Debtors are seeking to disallow and expunge those 503(b)(9) Claims (or portions thereof) that failed to include sufficient information for the Debtors to establish the basis for, or evaluate the validity of, the 503(b)(9) Claims.

**Books and Records.** There are a number of 503(b)(9) Claims identified on **Exhibit A** to the Objection where the claim amount asserted by the Claimant differs from the amount that the Debtors have recorded in their books and records as owed to the Claimant. As set forth in the Objection, in these instances, the Debtors are disputing the amount of the 503(b)(9) Claim and requesting that the Court allow such claim only in the amounts reflected in the Debtors' books and records.

**Duplicate Claims.** There are a number of 503(b)(9) Claims identified on **Exhibit A** to the Objection where the applicable Claimants have asserted multiple identical 503(b)(9) Claims. In these instances, to the extent that a 503(b)(9) Claim duplicates another 503(b)(9) Claim, the Debtors are seeking to disallow and expunge such duplicate 503(b)(9) Claims.

**Amended Claims.** There are a number of 503(b)(9) Claims identified on **Exhibit A** to the Objection where the applicable Claimants have amended their 503(b)(9) Claims (the "**Amended 503(b)(9) Claims**"). In these instances, the Debtors have reconciled the Amended 503(b)(9) Claim in lieu of the original 503(b)(9) Claim. To the extent that a 503(b)(9) Claim has been amended, the Amended 503(b)(9) Claim supersedes the original 503(b)(9) Claim, and the Debtors are seeking to disallow and expunge the original 503(b)(9) Claim.

**Withdrawn Claims.** A number of the 503(b)(9) Claims identified on **Exhibit A** to the Objection have been withdrawn by the Claimants. In these instances, the Debtors are seeking to disallow and expunge such claims.

**Satisfied Claims.** Certain of the 503(b)(9) Claims have already been satisfied or paid by the Debtors – this includes amounts that were satisfied prepetition, satisfied as ordinary course postpetition obligations, or satisfied pursuant to prior Orders of the Court.[4] To avoid the situation where a Claimant

---

[4] Such prior Orders of the Court include, without limitation, that certain *Final Order Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 503(b)(9) and Fed. R. Bankr. P. 6003 and 6004 Authorizing Debtors to Pay Prepetition Obligations Owed to Certain Safety and Reliability, Outage, and Nuclear Facility Suppliers* [Dkt. No. 883], *Final Order Pursuant to 11 U.S.C. §§ 105(a), 363(b), 507(a), and 541 and Fed. R. Bankr. P. 6003 and 6004 Authorizing Debtors to Pay Prepetition Taxes and Assessments and*

may be receiving a double recovery on account its claim, the Debtors are requesting that each such satisfied 503(b)(9) Claim be disallowed. In addition, certain Claimants have also filed written demands asserting reclamation claims (each a "**Reclamation Demand**") that may be satisfied in accordance with the *Order Pursuant to 11 U.S.C. §§ 546(c) and 105(a) and Fed. R. Bankr. P. 9019 Establishing and Implementing Exclusive and Global Procedures for the Treatment of Reclamation Claims* [Dkt. No. 699] (the "**Reclamation Procedures Order**"). In these instances, to the extent that a 503(b)(9) Claim duplicates a Reclamation Demand that has been allowed as an administrative expense claim pursuant to the Reclamation Procedures Order, such duplicate 503(b)(9) Claims should be disallowed and expunged.

Accordingly, for the reasons set forth herein and in the Objection, the Debtors are requesting that each of the 503(b)(9) Claims listed on **Exhibit A** to the Objection (i) be allowed to the extent, and in the amount listed in the column labeled "Proposed Allowed 503(b)(9) Amount", (ii) be disallowed, to the extent, and in the amount, listed in the column labeled, "Proposed Amount Disallowed and Expunged", and (iii) be reclassified as a general unsecured claim, to the extent, and in the amount listed in the column labeled, "Proposed Amount Reclassified as General Unsecured."

---

*Granting Related Relief* [Dkt. No. 698]; *Final Order Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364 and Fed. R. Bankr. P. 6003 and 6004 Authorizing Debtors to (A) Honor Prepetition Obligations to Natural Gas and Electricity Exchange Operators, (B) Grant Administrative Expense Claims and Authorize Posting of Collateral to Exchange Operators, Trading Counterparties, and Future Commission Merchants, (C) Modify the Automatic Stay, and (D) Grant Related Relief* [Dkt. No. 696].

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 8th day of July, 2019.

*/s/ Robb C. McWilliams*
Robb C. McWilliams