BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>EXHIBIT C</u>**

1   Dario de Ghetaldi – Bar No. 126782
    Amanda L. Riddle – Bar No. 215221
2   Steven M. Berki – Bar No. 245426
    Clare Capaccioli Velasquez – Bar No. 290466
3   **COREY, LUZAICH,**
    **DE GHETALDI & RIDDLE LLP**
4   700 El Camino Real
    P.O. Box 669
5   Millbrae, CA 94030-0669
    Telephone: (650) 871-5666
6   Facsimile: (650) 871-4144
    deg@coreylaw.com
7   alr@coreylaw.com
    smb@coreylaw.com
8   ccv@coreylaw.com

9   Michael S. Danko – Bar No. 111359        Eric Gibbs – Bar No. 178658
    Kristine K. Meredith – Bar No. 158243     Dylan Hughes – Bar No. 209113
10  Shawn R. Miller – Bar No. 238447          Steven A. Lopez – Bar No. 300540
    **DANKO MEREDITH**                        **GIBBS LAW GROUP**
11  333 Twin Dolphin Drive, Suite 145         505 14th Street, Suite 1110
    Redwood Shores, CA 94065                  Oakland, CA 94612
12  Telephone: (650) 453-3600                 Telephone: (510) 350-9700
    Facsimile: (650) 394-8672                 Facsimile: (510) 350-9701
13  mdanko@dankolaw.com                       ehg@classlawgroup.com
    kmeredith@dankolaw.com                    dsh@classlawgroup.com
14  smiller@dankolaw.com                      sal@classlawgroup.com

15  Attorneys for Plaintiffs

16              SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                        COUNTY OF SAN FRANCISCO

18  COORDINATION PROCEEDING              JCCP 4955
                                         **CGC-18-570629**
19  Special Title (California Rule of Court 3.550)
                                         **INDIVIDUAL PLAINTIFF'S SHORT**
20  CALIFORNIA NORTH BAY FIRES           **FORM COMPLAINT**

21
    BARBARA THOMPSON, individually, and as   **TUBBS-CDGG-0048**
22  Trustee of the Barbara W. Thompson Revocable
    Living Trust, JOHN THOMPSON, PETER
23  THOMPSON, and MATTHEW THOMPSON,

24          Plaintiffs,
                  v.
25
    PACIFIC GAS AND ELECTRIC COMPANY,
26  PG&E CORPORATION, AND DOES 1
    THROUGH 20,
27
            Defendants.
28

ENDORSED
**FILED**
San Francisco County Superior Court

OCT 1 6 2018

CLERK OF THE COURT
BY:_____
        NEYL WEBB
                 Deputy Clerk

**BY FAX**
ONE LEGAL LLC

JCCP 4955

SHORT FORM COMPLAINT OF BARBARA THOMPSON, ET AL.

1   Pursuant to Case Management Order No. 1, Plaintiff(s) hereby submit(s) this Short Form

2   Complaint ("SFC") against Defendants identified below, and hereby adopt(s) and incorporate(s)

3   by reference as set forth in Plaintiffs' most recent Master Complaint filed in this matter on March

4   12, 2018, and any and all later amendments thereto.

5   PLAINTIFF BARBARA THOMPSON, individually, and as Trustee of the Barbara W.

6   Thompson Revocable Living Trust, was damaged by the North Bay Fires as set forth below and

7   makes the claims set forth below.

8   PLAINTIFF JOHN THOMPSON, in his individual capacity, was damaged by the North

9   Bay Fires as set forth below and makes the claims set forth below.

10   PLAINTIFF PETER THOMPSON, in his individual capacity, was damaged by the North

11   Bay Fires as set forth below and makes the claims set forth below.

12   PLAINTIFF MATTHEW THOMPSON, in his individual capacity, was damaged by the

13   North Bay Fires as set forth below and makes the claims set forth below.

14

15   **PLAINTIFFS COMPLAIN OF EACH DEFENDANT AS FOLLOWS:**

16   1.   Notice of Adoption of the Master Complaint. Plaintiff(s) refer(s) to and

17   incorporate(s) herein by reference that Master Complaint filed on behalf of Individual Plaintiffs in

18   the CALIFORNIA NORTH BAY FIRE CASES, Judicial Council Coordinated Proceeding No.

19   4955, as though fully set forth herein.  Plaintiff(s) hereby adopt(s) the Master Complaint and

20   agree(s) to be bound by any rulings with respect to the pleadings.

21   2.   Plaintiff(s) adopt(s) each of the general allegations of the Master Complaint except

22   for those paragraph numbers set forth here, if any: N/A.

23   3.   Plaintiff(s) incorporate(s) by reference each of the causes of action in the Master

24   Complaint checked below against those Defendants named in that cause of action:

25   ☒   First Cause of Action for Negligence

26   ☐   Second Cause of Action for Wrongful Death

27   ☐   Third Cause of Action for Survival Action

28

1
SHORT FORM COMPLAINT OF BARBARA THOMPSON, ET AL.

JCCP 4955

1    ☒    Fourth Cause of Action for Inverse Condemnation

2    ☒    Fifth Cause of Action for Public Nuisance

3    ☒    Sixth Cause of Action for Private Nuisance

4    ☒    Seventh Cause of Action for Premises Liability

5    ☒    Eighth Cause of Action for Trespass

6    ☒    Ninth Cause of Action for Private Action Under Public Utilities Code § 2106

7    ☒    Tenth Cause of Action for Violation of Health & Safety Code § 13007

8    ☒    Eleventh Cause of Action for Negligent Infliction of Emotional Distress

9        4.      In addition to the defendant(s) named in the Master Complaint, Plaintiff(s) also

10  name(s) the following individual(s) as Nominal Defendant(s): N/A

11        5.      Plaintiff(s) respectfully reserve(s) the right to seek transfer or remand of the trial of

12  this action to the County of Sonoma, Napa, Lake, Mendocino, Butte, or another appropriate venue.

13                          **ADDRESSES OF ALL AFFECTED PROPERTIES**

14        Plaintiff(s) allege(s) the following properties have been impacted by the CALIFORNIA

15  NORTH BAY FIRES for which Plaintiff(s) seeks recovery:

16        9960 Franz Valley School Road

17        Calistoga, CA 94515

18        APN: 120-160-012-000

19

20                          **SPECIFY WHETHER PLAINTIFF(S) ARE:**

21  ☒    Insured by State Farm

22  ☐    Uninsured

23  ☒    Owner of real property

24  ☐    Renter of real property

25  ☐    Business owner

26  ☐    Employee

27  ☐    Other

28

SHORT FORM COMPLAINT OF BARBARA THOMPSON, ET AL.

JCCP 4955

**CALIFORNIA NORTH BAY FIRE THAT IMPACTED PLAINTIFF(S):**

☐      Atlas Fire (Master Complaint ¶¶ 80-86)

☐      Cascade/LaPorte Fire (Master Complaint ¶¶ 87-91)

☐      Cherokee Fire (Master Complaint ¶¶ 92-93)

☐      Honey Fire (Master Complaint ¶¶ 94-95)

☐      Lobo Fire (Master Complaint ¶¶ 96-97)

☐      Maacama or No Name Fire (Master Complaint ¶¶ 98-99)

☐      McCourtney Fire (Master Complaint ¶¶ 100-101)

☐      Nuns Fire (Master Complaint ¶¶ 102-109)

☐      Pocket Fire (Master Complaint ¶¶ 110-111)

☐      Point Fire (Master Complaint ¶¶ 112-113)

☐      Redwood Valley/ Potter Fires (Master Complaint ¶¶ 114-116)

☐      Sullivan Fire (Master Complaint ¶¶ 117-119)

☐      Sulphur Fire (Master Complaint ¶¶ 120-122)

☒      Tubbs Fire (Master Complaint ¶¶ 123-127)

☐      Highway 37 Fire (Master Complaint ¶¶ 128-129)

☐      Other Ignition Point [Describe in Additional Allegations Section below, p. 7]


**PLAINTIFFS SUFFERED DAMAGE IN THE FOLLOWING WAY:**

☐      Wrongful death and survival

☐      Personal injury

☒      Emotional distress (including but not limited to presence in zone of danger) and/or bystander claims)

☒      Mental anguish (including but not limited to loss of use and enjoyment of property under nuisance)

☒      Residence destroyed

☐      Residence damaged

☒      Other structures destroyed

| | |
|---|---|
| 1 | ☐ Other structures damaged |
| 2 | ☒ Real property improvements (fences, roads, well, septic system, etc.) destroyed |
| 3 | ☐ Real property improvements (fences, roads, well, septic system, etc.) damaged |
| 4 | ☒ Personal property damage |
| 5 | ☒ Damage to trees |
| 6 | ☒ Diminution in value of real property |
| 7 | ☐ Damage to crops |
| 8 | ☐ Damage to business equipment |
| 9 | ☐ Damage to business goodwill or brand |
| 10 | ☐ Loss of use of business property |
| 11 | ☐ Loss of future profits |
| 12 | ☐ Loss or reduction of future insurance benefits due to lower crop yield in 2017 |
| 13 | ☐ Harm to pets or livestock |
| 14 | ☐ Employment-related damages |

**DAMAGES ALLEGED:**

**AS AGAINST ALL DEFENDANTS for Inverse Condemnation, all according to proof, for:**

☒ Diminution in real property and/or personal property value, cost of repairs, loss of use of the property, loss of rent, loss of profits, loss of prospective profits, increased operating expenses, and/or all other detriment proximately caused by the harm to Plaintiffs' property;

☒ All costs of suit, including reasonable attorneys' fees, appraisal fees, engineering fees, other expert fees, and related costs;

☒ Prejudgment interest;

☒ For such other and further relief as the Court shall deem just and proper.

**AS AGAINST ALL DEFENDANTS for Wrongful Death and Survival Action, all according to proof, for:**

☐ Loss of love, society, solace, companionship, comfort, care, assistance, protection, affection, and moral support from Decedent/s;

☐ Funeral and burial expenses, and related medical expenses;

☐ Economic loss, including but not limited to the loss of financial support and/or the loss of household services;

- 4 -
SHORT FORM COMPLAINT OF BARBARA THOMPSON, ET AL.

JCCP 4955

| 1 | ☐ | Recovery of Decedent/s' damages as allowed under Code of Civil Procedure § 377.30 under the causes of action alleged in the Master Complaint for, *inter alia*, inverse condemnation, negligence, nuisance, premises liability, trespass, and violations of statutes and regulations; |
|---|---|---|
| 2 | | |
| 3 | ☐ | Expenses for the identification and/or removal of Decedent/s' remains and other medical and/or emergency services; |
| 4 | | |
| 5 | ☐ | Punitive and exemplary damages as allowed under Civil Code § 3294; |
| 6 | ☐ | All costs of suit; |
| 7 | ☐ | Prejudgment interest; and |
| 8 | ☐ | For such other and further relief as the Court shall deem just and proper. |

9  **AS AGAINST ALL DEFENDANTS for Negligence, Public Nuisance, Private Nuisance, Premises Liability, Trespass, Private Action Under Public Utilities Code § 2106, and Violation of Health & Safety Code § 13007, all according to proof, for:**

| 11 | ☒ | Repair, diminution in value, and/or replacement of damaged, destroyed, and/or lost personal and/or real property; |
|---|---|---|
| 12 | | |
| 13 | ☐ | Loss of use, income, wages, earning capacity, goodwill, profits or proceeds, increased operating expenses, and/or all other detriment proximately caused by the harm to Plaintiffs' business property or concerns; |
| 14 | ☐ | Lost wages and/or earning capacity; |
| 15 | ☒ | Additional living expenses, and/or other related displacement expenses; |
| 16 | ☒ | Past and future medical expenses and incidental expenses; |
| 17 | ☒ | General damages for fear, worry, annoyance, disturbance, inconvenience, mental anguish, emotional distress, loss of the use, benefit, goodwill, and quiet enjoyment of property, and personal injury; |
| 18 | | |
| 19 | ☒ | An order enjoining continued violation of: (a) Public Resources Code §§ 4292, 4293, and 4295; (b) Public Utilities Code § 451; (c) Public Utilities Commission General Order 95, Rules 31.1-31.5, 35, 38, 43, 43.2, 44.1-44.4, 48-41.1; and (d) Public Utilities Commission General Order 165; |
| 20 | | |
| 21 | | |
| 22 | ☒ | An order to abate the existing and continuing nuisances caused by the California North Bay Fires; |
| 23 | ☒ | Treble damages for wrongful injuries to timber, trees, or underwood as allowed under Civil Code § 3346; |
| 24 | | |
| 25 | ☒ | Treble damages for injuries to trees as allowed under Code of Civil Procedure § 733; |
| 26 | ☒ | Exemplary damages as allowed under Civil Code § 3294; |
| 27 | | |
| 28 | | |

- 5 -
SHORT FORM COMPLAINT OF BARBARA THOMPSON, ET AL.

JCCP 4955

1   ☐    Exemplary damages for wrongful injuries to animals as allowed under Civil Code § 3340;

2   ☒    Exemplary damages as allowed under Public Utilities Code § 2106;

3   ☒    Attorneys' fees, expert fees, consultant fees, and litigation costs and expenses as allowed under Code of Civil Procedure § 1021.9;

4

5   ☒    All costs of suit;

6   ☒    Prejudgment interest; and

7   ☒    For such other and further relief as the Court shall deem just and proper.

8

9

10 **ADDITIONAL ALLEGATIONS, IF ANY**

11 **(Plaintiff-Specific, not Addressed by Master Complaint)**

12 _____

13 _____

14 _____

15 _____

16 _____

17 _____

18 **DEMAND FOR JURY TRIAL**

19 PLAINTIFF(S) hereby demand(s) a trial by jury as to all claims in this action.

20

21

22

23

24

25

26

27

28

JCCP 4955
Case: 19-30088   Doc# 2904-4   Filed: 07/09/19   Entered: 07/09/19 12:59:18   Page 8 of 51

DATED: October 16, 2018

**COREY, LUZAICH, DE GHETALDI & RIDDLE LLP**

By :
Dario de Ghetaldi
Amanda L. Riddle
Steven M. Berki
Clare Capaccioli Velasquez

**DANKO MEREDITH**
Michael S. Danko
Kristine K. Meredith
Shawn R. Miller

**GIBBS LAW GROUP**
Eric Gibbs
Dylan Hughes
Steven A. Lopez

1  Bill Robins III (SBN 296101)
2  Robert T. Bryson (SBN 156953)
   Kevin M. Pollack (SBN 272786)
3  ROBINS CLOUD LLP
   808 Wilshire Boulevard, Suite 450
4  Santa Monica, CA 90401
   Tel.: (310) 929-4200 / Fax: (310) 566-5900
5  robins@robinscloud.com
   rbryson@robinscloud.com
6  kpollack@robinscloud.com
7  Attorneys for Plaintiffs
8

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

OCT 2 6 2018

CLERK OF THE COURT
BY: _____ DAVID W. YUEN
                    Deputy Clerk

9
10          SUPERIOR COURT OF THE STATE OF CALIFORNIA
11                    COUNTY OF SAN FRANCISCO
12
13  COORDINATION PROCEEDING              JCCP 4955
14  Special Title (California Rule of Court 3.550)   CGC -18-570907
15  CALIFORNIA NORTH BAY FIRES           **INDIVIDUAL PLAINTIFFS' SHORT
16                                        FORM COMPLAINT**
17  JOHN CASLIN AND JOHN CASLIN,         TUBBS-ROCL-0080
    TRUSTEE OF THE 1999 CASLIN
18  REVOCABLE TRUST U/D/T,
19          Plaintiff/s
              v.
20  PACIFIC GAS AND ELECTRIC COMPANY,              **BY FAX**
    PG&E CORPORATION, AND DOES 1                   ONE LEGAL LLC
21  THROUGH 20,
22          Defendants.
23
24
25
26
27
28

1                                                                JCCP 4955
SHORT FORM COMPLAINT OF JOHN CASLIN AND JOHN CASLIN, TRUSTEE OF THE 1999 CASLIN
REVOCABLE TRUST U/D/T

Pursuant to Case Management Order No. 1, Plaintiff(s) hereby submit(s) this Short Form Complaint ("SFC") against Defendants identified below, and hereby adopt(s) and incorporate(s) by reference as set forth in Plaintiffs' most recent Master Complaint filed in this matter on March 12, 2018, and any and all later amendments thereto.

PLAINTIFF JOHN CASLIN  in his personal capacity was damaged by the North Bay Fires as set forth below and makes the claims set forth below.

PLAINTIFF JOHN CASLIN as Trustee of the 1999 CASLIN REVOCABLE TRUST U/D/T was damaged by the North Bay Fires as set forth below and makes the claims set forth below.

**PLAINTIFFS COMPLAIN OF EACH DEFENDANT AS FOLLOWS:**

1.      Notice of Adoption of the Master Complaint. Plaintiff(s) refer(s) to and incorporate(s) herein by reference that Master Complaint filed on behalf of Individual Plaintiffs in the CALIFORNIA NORTH BAY FIRE CASES, Judicial Council Coordinated Proceeding No. 4955, as though fully set forth herein.  Plaintiff(s) hereby adopt(s) the Master Complaint and agree(s) to be bound by any rulings with respect to the pleadings.

2.      Plaintiff(s) adopt(s) each of the general allegations of the Master Complaint except for those paragraph numbers set forth here, if any: None.

3.      Plaintiff(s) incorporate(s) by reference each of the causes of action in the Master Complaint checked below against those Defendants named in that cause of action:

☒      First Cause of Action for Negligence

☐      Second Cause of Action for Wrongful Death

☐      Third Cause of Action for Survival Action

☒      Fourth Cause of Action for Inverse Condemnation

☒      Fifth Cause of Action for Public Nuisance

☒      Sixth Cause of Action for Private Nuisance

☒      Seventh Cause of Action for Premises Liability

☒      Eighth Cause of Action for Trespass

- 1 -

SHORT FORM COMPLAINT OF JOHN CASLIN AND JOHN CASLIN, TRUSTEE OF THE 1999 CASLIN
REVOCABLE TRUST U/D/T

Case: 19-30088    Doc# 2904-4    Filed: 07/09/19    Entered: 07/09/19 12:59:18    Page 11 of 51

| | |
|---|---|
| 1 | ☒      Ninth Cause of Action for Private Action Under Public Utilities Code § 2106 |
| 2 | ☒      Tenth Cause of Action for Violation of Health & Safety Code § 13007 |
| 3 | ☒      Eleventh Cause of Action for Negligent Infliction of Emotional Distress |

In addition to the defendant(s) named in the Master Complaint, Plaintiff(s) also name(s) the following individual(s) as Nominal Defendant(s): At this time, Plaintiffs reserve the right to assert additional allegations at a future date.

4.      Plaintiff(s) respectfully reserve(s) the right to seek transfer or remand of the trial of this action to the County of Sonoma, Napa, or another appropriate venue.

### ADDRESSES OF ALL AFFECTED PROPERTIES

Plaintiff(s) allege(s) the following properties have been impacted by the CALIFORNIA NORTH BAY FIRES for which Plaintiff(s) seeks recovery: 3742 Sawgrass Lane, Santa Rosa, California 95403, APN 173-610-029-000 and 3705 Cross Creek Lane, Santa Rosa, California 95403, APN 173-650-039-000.

### SPECIFY WHETHER PLAINTIFF(S) ARE:

☒      Insured by: American Mutual Insurance Company

☐      Uninsured

☒      Owner of real property

☐      Renter of real property

☒      Business owner

☐      Employee

☐      Other

### CALIFORNIA NORTH BAY FIRE THAT IMPACTED PLAINTIFF(S):

☐      Atlas Fire (Master Complaint ¶¶ 80-86)

☐      Cascade/LaPorte Fire (Master Complaint ¶¶ 87-91)

☐      Cherokee Fire (Master Complaint ¶¶ 92-93)

☐      Honey Fire (Master Complaint ¶¶ 94-95)

☐      Lobo Fire (Master Complaint ¶¶ 96-97)

SHORT FORM COMPLAINT OF JOHN CASLIN AND JOHN CASLIN, TRUSTEE OF THE 1999 CASLIN REVOCABLE TRUST

Case: 19-30088    Doc# 2904-4    Filed: 07/09/19    Entered: 07/09/19 12:59:18    Page 12 of 51

1    ☐    Maacama or No Name Fire (Master Complaint ¶¶ 98-99)

2    ☐    McCourtney Fire (Master Complaint ¶¶ 100-101)

3    ☐    Nuns Fire (Master Complaint ¶¶ 102-109)

4    ☐    Pocket Fire (Master Complaint ¶¶ 110-111)

5    ☐    Point Fire (Master Complaint ¶¶ 112-113)

6    ☐    Redwood Valley/ Potter Fires (Master Complaint ¶¶ 114-116)

7    ☐    Sullivan Fire (Master Complaint ¶¶ 117-119)

8    ☐    Sulphur Fire (Master Complaint ¶¶ 120-122)

9    ☒    Tubbs Fire (Master Complaint ¶¶ 123-127)

10    ☐    Highway 37 Fire (Master Complaint ¶¶ 128-129)

11    ☐    Other Ignition Point [Describe in Additional Allegations Section below, p. 7]

12

13    **PLAINTIFFS SUFFERED DAMAGE IN THE FOLLOWING WAY:**

14    ☐    Wrongful death and survival

15    ☐    Personal injury

16    ☒    Emotional distress (including but not limited to presence in zone of danger) and/or bystander claims

17

18    ☒    Mental anguish (including but not limited to loss of use and enjoyment of property under nuisance)

19    ☒    Residence destroyed

20    ☐    Residence damaged

21    ☒    Other structures destroyed

22    ☐    Other structures damaged

23    ☒    Real property improvements (fences, roads, well, septic system, etc.) destroyed

24    ☐    Real property improvements (fences, roads, well, septic system, etc.) damaged

25    ☒    Personal property damage

26    ☒    Damage to trees

27    ☒    Diminution in value of real property

28    ☐    Damage to crops

- 3 -

JCCP 4955

| | | |
|---|---|---|
| 1 | ☐ | Damage to business equipment |
| 2 | ☐ | Damage to business goodwill or brand |
| 3 | ☒ | Loss of use of business property |
| 4 | ☒ | Loss of future profits |
| 5 | ☐ | Loss or reduction of future insurance benefits due to lower crop yield in 2017 |
| 6 | ☐ | Harm to pets or livestock |
| 7 | ☐ | Employment-related damages |

**DAMAGES ALLEGED:**

**AS AGAINST ALL DEFENDANTS for Inverse Condemnation, all according to proof, for:**

☒   Diminution in real property and/or personal property value, cost of repairs, loss of use of the property, loss of rent, loss of profits, loss of prospective profits, increased operating expenses, and/or all other detriment proximately caused by the harm to Plaintiffs' property;

☒   All costs of suit, including reasonable attorneys' fees, appraisal fees, engineering fees, other expert fees, and related costs;

☒   Prejudgment interest;

☒   For such other and further relief as the Court shall deem just and proper.

**AS AGAINST ALL DEFENDANTS for Wrongful Death and Survival Action, all according to proof, for:**

☐   Loss of love, society, solace, companionship, comfort, care, assistance, protection, affection, and moral support from Decedent/s;

☐   Funeral and burial expenses, and related medical expenses;

☐   Economic loss, including but not limited to the loss of financial support and/or the loss of household services;

☐   Recovery of Decedent/s' damages as allowed under Code of Civil Procedure § 377.30 under the causes of action alleged in the Master Complaint for, *inter alia*, inverse condemnation, negligence, nuisance, premises liability, trespass, and violations of statutes and regulations;

☐   Expenses for the identification and/or removal of Decedent/s' remains and other medical and/or emergency services;

☐   Punitive and exemplary damages as allowed under Civil Code § 3294;

☐   All costs of suit;

☐   Prejudgment interest; and

- 4 -

Case: 19-30088   Doc# 2904-4   Filed: 07/09/19   Entered: 07/09/19 12:59:18   Page 14 of 51

1 ☐ For such other and further relief as the Court shall deem just and proper.

2 **AS AGAINST ALL DEFENDANTS for Negligence, Public Nuisance, Private Nuisance,**
**Premises Liability, Trespass, Private Action Under Public Utilities Code § 2106, and**
3 **Violation of Health & Safety Code § 13007, all according to proof, for:**

4 ☒ Repair, diminution in value, and/or replacement of damaged, destroyed, and/or lost
5 personal and/or real property;

6 ☒ Loss of use, income, wages, earning capacity, goodwill, profits or proceeds,
increased operating expenses, and/or all other detriment proximately caused by the
7 harm to Plaintiffs' business property or concerns;

8 ☐ Lost wages and/or earning capacity;

9 ☒ Additional living expenses, and/or other related displacement expenses;

10 ☐ Past and future medical expenses and incidental expenses;

11 ☒ General damages for fear, worry, annoyance, disturbance, inconvenience, mental
anguish, emotional distress, loss of the use, benefit, goodwill, and quiet enjoyment
12 of property, and personal injury;

13 ☒ An order enjoining continued violation of: (a) Public Resources Code §§ 4292,
4293, and 4295; (b) Public Utilities Code § 451; (c) Public Utilities Commission
14 General Order 95, Rules 31.1-31.5, 35, 38, 43, 43.2, 44.1-44.4, 48-41.1; and (d)
Public Utilities Commission General Order 165;

15 ☒ An order to abate the existing and continuing nuisances caused by the California
16 North Bay Fires;

17 ☒ Treble damages for wrongful injuries to timber, trees, or underwood as allowed
under Civil Code § 3346;

18 ☒ Treble damages for injuries to trees as allowed under Code of Civil Procedure §
19 733;

20 ☒ Exemplary damages as allowed under Civil Code § 3294;

21 ☐ Exemplary damages for wrongful injuries to animals as allowed under Civil Code §
3340;

22 ☒ Exemplary damages as allowed under Public Utilities Code § 2106;

23 ☒ Attorneys' fees, expert fees, consultant fees, and litigation costs and expenses as
24 allowed under Code of Civil Procedure § 1021.9;

25 ☒ All costs of suit;

26 ☒ Prejudgment interest; and

27 ☒ For such other and further relief as the Court shall deem just and proper.

28

- 5 - JCCP 4955

1   **ADDITIONAL ALLEGATIONS, IF ANY**

2   **(Plaintiff-Specific, not Addressed by Master Complaint)**

3   At this time, Plaintiffs reserve the right to assert additional allegations at a future date.

4   **DEMAND FOR JURY TRIAL**

5   PLAINTIFF(S) hereby demand(s) a trial by jury as to all claims in this action.

6

7   DATED: October 26, 2018                    ROBINS CLOUD LLP

8

9                                        By _____

10                                           Bill Robins
                                            Robert Bryson
11                                          Kevin Pollack
                                            Attorneys for Plaintiffs
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHORT FORM COMPLAINT OF JOHN CASLIN AND JOHN CASLIN, TRUSTEE OF THE 1989 CASLIN
REVOCABLE TRUST U/D/T

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** PACIFIC GAS & ELECTRIC COMPANY, a
*(AVISO AL DEMANDADO):* California corporation; PG&E CORPORATION, a
California corporation; and DOES 1 Through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** PETE FOURKAS, individually and as
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* TRUSTEE of the Fourkas
Family Trust; ELIZABETH FOURKAS, individually and as TRUSTEE of the
Fourkas Family Trust; and ALISSA FOURKAS, individually

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Francisco
400 McAllister Street
San Francisco, California 94102-4515

**CASE NUMBER:**
*(Número del Caso):*
CGC-19-573370  JCCP 4955

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: FRANK PITRE/DONALD MAGILLIGAN
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
COTCHETT PITRE & McCARTHY, LLP
840 Malcolm Road, Burlingame, CA 94010                                    (650) 697-6000

DATE: JAN 25 2019        CLERK OF THE COURT Clerk, by DE LA VEGA-NAVARRO, Rossa        Deputy
*(Fecha)*                                *(Secretario)*                                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)        ☐ CCP 4
☐ CCP 416.20 (defunct corporation)        ☐ CCP 4
☐ CCP 416.40 (association or partnership)        ☐ CCP 4
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

COPY

**SUMMONS**

Case: 19-30088    Doc# 2904-4    Filed: 07/09/19    Entered: 07/09/19 12:59:18    Page 17 of 51

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| FRANK PITRE/DONALD MAGILLIGAN    SBN: 100077/257714<br>COTCHETT PITRE & McCARTHY, LLP<br>840 Malcolm Road, Burlingame, CA 94010<br>TELEPHONE NO.: (650) 697-6000    FAX NO.: (650) 697-0577<br>ATTORNEY FOR *(Name):* Plaintiffs: Pete, Elizabeth, and Alissa Fourkas | **ENDORSED**<br>**F I L E D**<br>Superior Court of California<br>County of San Francisco<br><br>JAN 2 5 2019<br><br>CLERK OF THE COURT<br>BY:    ROSSALY DE LA VEGA<br>              Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, 94102-4515
BRANCH NAME: Civic Center Courthouse

CASE NAME: Fourkas et al., v. Pacific Gas and Electric Company et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JCCP 4955<br><br>JUDGE:<br>CGC - 19 - 573370 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [X] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [X] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary    b. [ ] nonmonetary; declaratory or injunctive relief    c. [X] punitive
4. Number of causes of action *(specify):* NINE
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

                                               JURY TRIAL DEMANDED
Date: 1/24/19

FRANK PITRE/DONALD MAGILLIGAN
(TYPE OR PRINT NAME)                               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for stati

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]             **CIVIL CASE COVER SHEET**           Cal. Rules of Court,<br>Cal. Standa

COPY

1  FRANK M. PITRE (SBN 100077)
2  fpitre@cpmlegal.com
   DONALD MAGILLIGAN (SBN 257714)
3  dmagilligan@cpmlegal.com
   **COTCHETT, PITRE & McCARTHY , LLP**
4  San Francisco Airport Office Center
   840 Malcolm Road, Suite 200
5  Burlingame, CA  94010
   Telephone:  (650) 697-6000  Facsimile:  (650) 697-0577
6
7  STEVEN M. CAMPORA (SBN 110909)
   scampora@dbbwlaw.com
8  **DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
   20 Bicentennial Circle
9  Sacramento, CA 95826
   Telephone:  (916) 379-3500  Facsimile:  (916) 379-3599
10
11 *Attorneys for Plaintiffs*
12 [Additional co-counsel listed on the signature
   page]
13

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

JAN 2 5 2019

CLERK OF THE COURT
BY: ROSSALY DE LA VEGA
Deputy Clerk

CGC - 19 - 573370

14        SUPERIOR COURT OF THE STATE OF CALIFORNIA

15              COUNTY OF SAN FRANCISCO

16 | COORDINATION PROCEEDING | JCCP 4955 |

17 Special Title (California Rule of Court 3.550)     **San Francisco Superior Court**

18 CALIFORNIA NORTH BAY FIRES

19 PETE FOURKAS, individually, and as TRUSTEE     **INDIVIDUAL PLAINTIFFS'**
   of the Fourkas Family Trust; and ELIZABETH     **SHORT FORM COMPLAINT**
20 FOURKAS, individually, and as TRUSTEE of the
   Fourkas Family Trust; ALISSA FOURKAS, an
21 Individual.                                     **TUBBS-CPMC-0049**

22
           Plaintiffs,
23
               v.
24 PACIFIC GAS & ELECTRIC COMPANY, a
   California Corporation; PG&E CORPORATION,
25 a California Corporation; AND DOES 1
   THROUGH 20, inclusive,
26
           Defendants.
27

28

COPY

Pursuant to Case Management Order No. 1, Plaintiffs hereby submit this Short Form Complaint ("SFC") against Defendants identified below, and hereby adopt and incorporate by reference as set forth in Plaintiffs' most recent Master Complaint filed in this matter on March 12, 2018, and any and all later amendments thereto.

PLAINTIFF PETE FOURKAS, individually and as Trustee of the Fourkas Family Trust, was damaged by the North Bay Fires as set forth below and makes the claims set forth below.

PLAINTIFF ELIZABETH FOURKAS, individually and as Trustee of the Fourkas Family Trust, was damaged by the North Bay Fires as set forth below and makes the claims set forth below.

PLAINTIFF ALISSA FOURKAS, an individual, was damaged by the North Bay Fires as set forth below and makes the claims set forth below.

**PLAINTIFFS COMPLAIN OF EACH DEFENDANT AS FOLLOWS:**

1. Notice of Adoption of the Master Complaint. Plaintiffs refer to and incorporate herein by reference that Master Complaint filed on behalf of Individual Plaintiffs in the CALIFORNIA NORTH BAY FIRE CASES, Judicial Council Coordinated Proceeding No. 4955, as though fully set forth herein. Plaintiffs hereby adopt the Master Complaint and agree to be bound by any rulings with respect to the pleadings.

2. Plaintiffs adopt each of the general allegations of the Master Complaint except for those paragraph numbers set forth here, if any: Not applicable.

3. Plaintiffs incorporate by reference each of the causes of action in the Master Complaint checked below against those Defendants named in that cause of action:

☒    First Cause of Action for Negligence

☐    Second Cause of Action for Wrongful Death

☐    Third Cause of Action for Survival Action

☒    Fourth Cause of Action for Inverse Condemnation

☒    Fifth Cause of Action for Public Nuisance

☒    Sixth Cause of Action for Private Nuisance

Case: 19-30088   Doc# 2904-4   Filed: 07/09/19   Entered: 07/09/19 12:59:18   Page 20 of 51

| 1 | ☒ | Seventh Cause of Action for Premises Liability |
| 2 | ☒ | Eighth Cause of Action for Trespass |
| 3 | ☒ | Ninth Cause of Action for Private Action Under Public Utilities Code § 2106 |
| 4 | ☒ | Tenth Cause of Action for Violation of Health & Safety Code § 13007 |
| 5 | ☒ | Eleventh Cause of Action for Negligent Infliction of Emotional Distress |

4.   In addition to the defendants named in the Master Complaint, Plaintiffs also name the following individuals as Nominal Defendants: Not applicable.

5.   Plaintiffs respectfully reserve the right to seek transfer or remand of the trial of this action to the County of Sonoma, Napa, or another appropriate venue.

## ADDRESSES OF ALL AFFECTED PROPERTIES

Plaintiffs allege the following properties have been impacted by the CALIFORNIA NORTH BAY FIRES for which Plaintiffs seek recovery: 19230 Hwy. 128, Calistoga, CA 94515.

## SPECIFY WHETHER PLAINTIFF(S) ARE:

| ☒ | Insured by Nationwide |
| ☐ | Uninsured |
| ☒ | Owner of real property |
| ☐ | Renter of real property |
| ☐ | Business owner |
| ☐ | Employee |
| ☐ | Other |

## CALIFORNIA NORTH BAY FIRE THAT IMPACTED PLAINTIFF(S):

| ☐ | Atlas Fire (Master Complaint ¶¶ 80-86) |
| ☐ | Cascade/LaPorte Fire (Master Complaint ¶¶ 87-91) |
| ☐ | Cherokee Fire (Master Complaint ¶¶ 92-93) |
| ☐ | Honey Fire (Master Complaint ¶¶ 94-95) |
| ☐ | Lobo Fire (Master Complaint ¶¶ 96-97) |
| ☐ | Maacama or No Name Fire (Master Complaint ¶¶ 98-99) |
| ☐ | McCourtney Fire (Master Complaint ¶¶ 100-101) |

Case: 19-30088   Doc# 2904-4   Filed: 07/09/19   Entered: 07/09/19 12:59:18   Page 21 of 51

| | | |
|---|---|---|
| 1 | ☐ | Nuns Fire (Master Complaint ¶¶ 102-109) |
| 2 | ☐ | Pocket Fire (Master Complaint ¶¶ 110-111) |
| 3 | ☐ | Point Fire (Master Complaint ¶¶ 112-113) |
| 4 | ☐ | Redwood Valley/ Potter Fires (Master Complaint ¶¶ 114-116) |
| 5 | ☐ | Sullivan Fire (Master Complaint ¶¶ 117-119) |
| 6 | ☐ | Sulphur Fire (Master Complaint ¶¶ 120-122) |
| 7 | ☒ | Tubbs Fire (Master Complaint ¶¶ 123-127) |
| 8 | ☐ | Highway 37 Fire (Master Complaint ¶¶ 128-129) |
| 9 | ☐ | Other Ignition Point [Describe in Additional Allegations Section below, p. 7] |
| 10 | | |
| 11 | | **PLAINTIFFS SUFFERED DAMAGE IN THE FOLLOWING WAY:** |
| 12 | ☐ | Wrongful death and survival |
| 13 | ☐ | Personal injury |
| 14 | ☒ | Emotional distress (including but not limited to presence in zone of danger) and/or bystander claims |
| 15 / 16 | ☒ | Mental anguish (including but not limited to loss of use and enjoyment of property under nuisance) |
| 17 | ☒ | Residence destroyed |
| 18 | ☒ | Residence damaged |
| 19 | ☒ | Other structures destroyed |
| 20 | ☒ | Other structures damaged |
| 21 | ☒ | Real property improvements (fences, roads, well, septic system, etc.) destroyed |
| 22 | ☒ | Real property improvements (fences, roads, well, septic system, etc.) damaged |
| 23 | ☒ | Personal property damage |
| 24 | ☒ | Damage to trees |
| 25 | ☒ | Diminution in value of real property |
| 26 | ☒ | Damage to crops |
| 27 | ☐ | Damage to business equipment |
| 28 | ☐ | Damage to business goodwill or brand |

| | | |
|---|---|---|
| 1 | ☐ | Loss of use of business property |
| 2 | ☐ | Loss of future profits |
| 3 | ☐ | Loss or reduction of future insurance benefits due to lower crop yield in 2017 |
| 4 | ☒ | Harm to pets or livestock |
| 5 | ☐ | Employment-related damages |

<div align="center">

**DAMAGES ALLEGED:**

</div>

**AS AGAINST ALL DEFENDANTS for Inverse Condemnation, all according to proof, for:**

☒ Diminution in real property and/or personal property value, cost of repairs, loss of use of the property, loss of rent, loss of profits, loss of prospective profits, increased operating expenses, and/or all other detriment proximately caused by the harm to Plaintiffs' property;

☒ All costs of suit, including reasonable attorneys' fees, appraisal fees, engineering fees, other expert fees, and related costs;

☒ Prejudgment interest;

☒ For such other and further relief as the Court shall deem just and proper.

**AS AGAINST ALL DEFENDANTS for Wrongful Death and Survival Action, all according to proof, for:**

☐ Loss of love, society, solace, companionship, comfort, care, assistance, protection, affection, and moral support from Decedent/s;

☐ Funeral and burial expenses, and related medical expenses;

☐ Economic loss, including but not limited to the loss of financial support and/or the loss of household services;

☐ Recovery of Decedent/s' damages as allowed under Code of Civil Procedure § 377.30 under the causes of action alleged in the Master Complaint for, *inter alia*, inverse condemnation, negligence, nuisance, premises liability, trespass, and violations of statutes and regulations;

☐ Expenses for the identification and/or removal of Decedent/s' remains and other medical and/or emergency services;

☐ Punitive and exemplary damages as allowed under Civil Code § 3294;

☐ All costs of suit;

☐ Prejudgment interest; and

☐ For such other and further relief as the Court shall deem just and proper.

---

1   AS AGAINST ALL DEFENDANTS for Negligence, Public Nuisance, Private Nuisance,
    Premises Liability, Trespass, Private Action Under Public Utilities Code § 2106, and
2   Violation of Health & Safety Code § 13007, all according to proof, for:

3   ☒   Repair, diminution in value, and/or replacement of damaged, destroyed, and/or lost
        personal and/or real property;
4
5   ☐   Loss of use, income, wages, earning capacity, goodwill, profits or proceeds,
        increased operating expenses, and/or all other detriment proximately caused by the
        harm to Plaintiffs' business property or concerns;
6
7   ☐   Lost wages and/or earning capacity;

    ☒   Additional living expenses, and/or other related displacement expenses;
8
9   ☒   Past and future medical expenses and incidental expenses;

10  ☒   General damages for fear, worry, annoyance, disturbance, inconvenience, mental
        anguish, emotional distress, loss of the use, benefit, goodwill, and quiet enjoyment of
        property, and personal injury;
11
12  ☒   An order enjoining continued violation of: (a) Public Resources Code §§ 4292,
        4293, and 4295; (b) Public Utilities Code § 451; (c) Public Utilities Commission
        General Order 95, Rules 31.1-31.5, 35, 38, 43, 43.2, 44.1-44.4, 48-41.1; and (d)
13      Public Utilities Commission General Order 165;

14  ☒   An order to abate the existing and continuing nuisances caused by the California
        North Bay Fires;
15
16  ☒   Treble damages for wrongful injuries to timber, trees, or underwood as allowed
        under Civil Code § 3346;

17  ☒   Treble damages for injuries to trees as allowed under Code of Civil Procedure §
        733;
18
19  ☒   Exemplary damages as allowed under Civil Code § 3294;

20  ☒   Exemplary damages for wrongful injuries to animals as allowed under Civil Code §
        3340;
21
    ☒   Exemplary damages as allowed under Public Utilities Code § 2106;
22
    ☐   Attorneys' fees, expert fees, consultant fees, and litigation costs and expenses as
        allowed under Code of Civil Procedure § 1021.9;
23
24  ☒   All costs of suit;

    ☒   Prejudgment interest; and
25
26  ☒   For such other and further relief as the Court shall deem just and proper.

27
28  //

Case: 19-30088   Doc# 2904-4   Filed: 07/09/19   Entered: 07/09/19 12:59:18   Page 24
of 51

ADITIONAL ALLEGATIONS, IF ANY

(Plaintiff-Specific, not Addressed by Master Complaint)

---

---

---

### DEMAND FOR JURY TRIAL

PLAINTIFF(S) hereby demand(s) a trial by jury as to all claims in this action.

DATED: _January 24_, 2019        COTCHETT, PITRE & McCARHY LLP

By _____

FRANK M. PITRE
DONALD J. MAGILLIGAN
Attorneys for Plaintiffs

STEVEN M. CAMPORA
**DREY BABICH BUCCOLA WOOD
CAMPORA, LLP**
20 Bicentennial Circle
Sacramento, CA 95826

BRIAN J. PANISH
**PANISH SHEA & BOYLE, LLP**
11111 Santa Monica Blvd., Suite 700
Los Angeles, CA 90025

MICHAEL A. KELLY
**WALKUP MELODIA KELLY &
SCHOENBERGER**
650 California Street
San Francisco, CA 94108

MICHAEL D. GREEN
**ABBEY, WEITZENBERG, WARREN &
EMERY, PC**
100 Stony Point Road, Suite 200
Santa Rosa, CA 95401

1   Dario de Ghetaldi – Bar No. 126782
    Amanda L. Riddle – Bar No. 215221
2   Steven M. Berki – Bar No. 245426
    Clare Capaccioli Velasquez – Bar No. 290466
3   **COREY, LUZAICH,**
    **DE GHETALDI & RIDDLE LLP**
4   700 El Camino Real
    P.O. Box 669
5   Millbrae, CA 94030-0669
    Telephone: (650) 871-5666
6   Facsimile: (650) 871-4144
    deg@coreylaw.com
7   alr@coreylaw.com
    smb@coreylaw.com
8   ccv@coreylaw.com

9   Michael S. Danko – Bar No. 111359          Eric Gibbs – Bar No. 178658
    Kristine K. Meredith – Bar No. 158243      Dylan Hughes – Bar No. 209113
10  Shawn R. Miller – Bar No. 238447           Steven A. Lopez – Bar No. 300540
    **DANKO MEREDITH**                         **GIBBS LAW GROUP**
11  333 Twin Dolphin Drive, Suite 145          505 14th Street, Suite 1110
    Redwood Shores, CA 94065                   Oakland, CA 94612
12  Telephone: (650) 453-3600                  Telephone: (510) 350-9700
    Facsimile: (650) 394-8672                  Facsimile: (510) 350-9701
13  mdanko@dankolaw.com                        ehg@classlawgroup.com
    kmeredith@dankolaw.com                     dsh@classlawgroup.com
14  smiller@dankolaw.com                       sal@classlawgroup.com

15  Attorneys for Plaintiffs

16              SUPERIOR COURT OF THE STATE OF CALIFORNIA

17              COUNTY OF SAN FRANCISCO **CGC - 18 - 568060**

18  COORDINATION PROCEEDING                JCCP 4955

19  Special Title (California Rule of Court 3.550)

20  CALIFORNIA NORTH BAY FIRES             **INDIVIDUAL PLAINTIFF'S SHORT**
                                           **FORM COMPLAINT**
21
    STEPHEN BREITENSTEIN and RAYMOND
22  BREITENSTEIN,                          **TUBBS-CDGG-0021**

23          Plaintiffs,

            v.
24
    PACIFIC GAS AND ELECTRIC COMPANY,
25  PG&E CORPORATION, AND DOES 1
    THROUGH 20,
26
            Defendants.
27

28

    ─────────────────────────────────────────────────────
                                                    JCCP 4955
            SHORT FORM COMPLAINT OF STEPHEN BREITENSTEIN, ET AL.

Pursuant to Case Management Order No. 1, Plaintiff(s) hereby submit(s) this Short Form Complaint ("SFC") against Defendants identified below, and hereby adopt(s) and incorporate(s) by reference as set forth in Plaintiffs' most recent Master Complaint filed in this matter on March 12, 2018, and any and all later amendments thereto.

PLAINTIFF STEPHEN BREITENSTEIN, in his individual capacity, was damaged by the North Bay Fires as set forth below and makes the claims set forth below.

PLAINTIFF RAYMOND BREITENSTEIN, in his individual capacity, was damaged by the North Bay Fires as set forth below and makes the claims set forth below.

**PLAINTIFFS COMPLAIN OF EACH DEFENDANT AS FOLLOWS:**

1. Notice of Adoption of the Master Complaint. Plaintiff(s) refer(s) to and incorporate(s) herein by reference that Master Complaint filed on behalf of Individual Plaintiffs in the CALIFORNIA NORTH BAY FIRE CASES, Judicial Council Coordinated Proceeding No. 4955, as though fully set forth herein. Plaintiff(s) hereby adopt(s) the Master Complaint and agree(s) to be bound by any rulings with respect to the pleadings.

2. Plaintiff(s) adopt(s) each of the general allegations of the Master Complaint except for those paragraph numbers set forth here, if any: N/A.

3. Plaintiff(s) incorporate(s) by reference each of the causes of action in the Master Complaint checked below against those Defendants named in that cause of action:

☒ First Cause of Action for Negligence

☐ Second Cause of Action for Wrongful Death

☐ Third Cause of Action for Survival Action

☒ Fourth Cause of Action for Inverse Condemnation

☒ Fifth Cause of Action for Public Nuisance

☒ Sixth Cause of Action for Private Nuisance

☒ Seventh Cause of Action for Premises Liability

☒ Eighth Cause of Action for Trespass

- 1 -
SHORT FORM COMPLAINT OF STEPHEN BREITENSTEIN, ET AL.

JCCP 4955

1   ☒    Ninth Cause of Action for Private Action Under Public Utilities Code § 2106

2   ☒    Tenth Cause of Action for Violation of Health & Safety Code § 13007

3   ☒    Eleventh Cause of Action for Negligent Infliction of Emotional Distress

4       4.    In addition to the defendant(s) named in the Master Complaint, Plaintiff(s) also

5 name(s) the following individual(s) as Nominal Defendant(s): N/A

6       5.    Plaintiff(s) respectfully reserve(s) the right to seek transfer or remand of the trial of

7 this action to the County of Sonoma, Napa, Lake, Mendocino, Butte, or another appropriate venue.

8 <center>**ADDRESSES OF ALL AFFECTED PROPERTIES**</center>

9       Plaintiff(s) allege(s) the following properties have been impacted by the CALIFORNIA

10 NORTH BAY FIRES for which Plaintiff(s) seeks recovery:

11       9501 Franz Valley School Road

12       Calistoga, CA 94515

13       APN: 120-170-160

14 <center>**SPECIFY WHETHER PLAINTIFF(S) ARE:**</center>

15   ☒    Insured by AAA and Emcompass

16   ☐    Uninsured

17   ☒    Owner of real property

18   ☐    Renter of real property

19   ☐    Business owner

20   ☐    Employee

21   ☐    Other [Please indicate]

22 <center>**CALIFORNIA NORTH BAY FIRE THAT IMPACTED PLAINTIFF(S):**</center>

23   ☐    Atlas Fire (Master Complaint ¶¶ 80-86)

24   ☐    Cascade/LaPorte Fire (Master Complaint ¶¶ 87-91)

25   ☐    Cherokee Fire (Master Complaint ¶¶ 92-93)

26   ☐    Honey Fire (Master Complaint ¶¶ 94-95)

27   ☐    Lobo Fire (Master Complaint ¶¶ 96-97)

28

1   ☐   Maacama or No Name Fire (Master Complaint ¶¶ 98-99)

2   ☐   McCourtney Fire (Master Complaint ¶¶ 100-101)

3   ☐   Nuns Fire (Master Complaint ¶¶ 102-109)

4   ☐   Pocket Fire (Master Complaint ¶¶ 110-111)

5   ☐   Point Fire (Master Complaint ¶¶ 112-113)

6   ☐   Redwood Valley/ Potter Fires (Master Complaint ¶¶ 114-116)

7   ☐   Sullivan Fire (Master Complaint ¶¶ 117-119)

8   ☐   Sulphur Fire (Master Complaint ¶¶ 120-122)

9   ☒   Tubbs Fire (Master Complaint ¶¶ 123-127)

10   ☐   Highway 37 Fire (Master Complaint ¶¶ 128-129)

11   ☐   Other Ignition Point [Describe in Additional Allegations Section below, p. 7]

12

13       **PLAINTIFFS SUFFERED DAMAGE IN THE FOLLOWING WAY:**

14   ☐   Wrongful death and survival

15   ☐   Personal injury

16   ☒   Emotional distress (including but not limited to presence in zone of danger) and/or bystander claims)

17
18   ☒   Mental anguish (including but not limited to loss of use and enjoyment of property under nuisance)

19   ☒   Residence destroyed

20   ☐   Residence damaged

21   ☒   Other structures destroyed

22   ☒   Other structures damaged

23   ☒   Real property improvements (fences, roads, well, septic system, etc.) destroyed

24   ☐   Real property improvements (fences, roads, well, septic system, etc.) damaged

25   ☒   Personal property damage

26   ☒   Damage to trees

27   ☒   Diminution in value of real property

28

JCCP 4955

☐     Damage to crops

☐     Damage to business equipment

☐     Damage to business goodwill or brand

☐     Loss of use of business property

☐     Loss of future profits

☐     Loss or reduction of future insurance benefits due to lower crop yield in 2017

☐     Harm to pets or livestock

☐     Employment-related damages

<div align="center"><strong>DAMAGES ALLEGED:</strong></div>

**AS AGAINST ALL DEFENDANTS for Inverse Condemnation, all according to proof, for:**

☒     Diminution in real property and/or personal property value, cost of repairs, loss of use of the property, loss of rent, loss of profits, loss of prospective profits, increased operating expenses, and/or all other detriment proximately caused by the harm to Plaintiffs' property;

☒     All costs of suit, including reasonable attorneys' fees, appraisal fees, engineering fees, other expert fees, and related costs;

☒     Prejudgment interest;

☒     For such other and further relief as the Court shall deem just and proper.

**AS AGAINST ALL DEFENDANTS for Wrongful Death and Survival Action, all according to proof, for:**

☐     Loss of love, society, solace, companionship, comfort, care, assistance, protection, affection, and moral support from Decedent/s;

☐     Funeral and burial expenses, and related medical expenses;

☐     Economic loss, including but not limited to the loss of financial support and/or loss of household services;

☐     Recovery of Decedent/s' damages as allowed under Code of Civil Procedure § 377.30 under the causes of action alleged in the Master Complaint for, *inter alia*, inverse condemnation, negligence, nuisance, premises liability, trespass, and violations of statutes and regulations;

☐     Expenses for the identification and/or removal of Decedent/s' remains and other medical and/or emergency services;

☐     Punitive and exemplary damages as allowed under Civil Code § 3294;

☐     All costs of suit;

<div align="center">- 4 -</div>

SHORT FORM COMPLAINT OF STEPHEN BREITENSTEIN ET AL.

<div align="right">JCCP 4955</div>

| | |
|---|---|
| 1 | ☐      Prejudgment interest; and |
| 2 | ☐      For such other and further relief as the Court shall deem just and proper. |

**AS AGAINST ALL DEFENDANTS for Negligence, Public Nuisance, Private Nuisance, Premises Liability, Trespass, Private Action Under Public Utilities Code § 2106, and Violation of Health & Safety Code § 13007, all according to proof, for:**

☒      Repair, diminution in value, and/or replacement of damaged, destroyed, and/or lost personal and/or real property;

☐      Loss of use, income, wages, earning capacity, goodwill, profits or proceeds, increased operating expenses, and/or all other detriment proximately caused by the harm to Plaintiffs' business property or concerns;

☐      Lost wages and/or earning capacity;

☒      Additional living expenses, and/or other related displacement expenses;

☒      Past and future medical expenses and incidental expenses;

☒      General damages for fear, worry, annoyance, disturbance, inconvenience, mental anguish, emotional distress, loss of the use, benefit, goodwill, and quiet enjoyment of property, and personal injury;

☒      An order enjoining continued violation of: (a) Public Resources Code §§ 4292, 4293, and 4295; (b) Public Utilities Code § 451; (c) Public Utilities Commission General Order 95, Rules 31.1-31.5, 35, 38, 43, 43.2, 44.1-44.4, 48-41.1; and (d) Public Utilities Commission General Order 165;

☒      An order to abate the existing and continuing nuisances caused by the California North Bay Fires;

☒      Treble damages for wrongful injuries to timber, trees, or underwood as allowed under Civil Code § 3346;

☒      Treble damages for injuries to trees as allowed under Code of Civil Procedure § 733;

☒      Exemplary damages as allowed under Civil Code § 3294;

☐      Exemplary damages for wrongful injuries to animals as allowed under Civil Code § 3340;

☒      Exemplary damages as allowed under Public Utilities Code § 2106;

☒      Attorneys' fees, expert fees, consultant fees, and litigation costs and expenses as allowed under Code of Civil Procedure § 1021.9;

☒      All costs of suit;

☒      Prejudgment interest; and

☒      For such other and further relief as the Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

PLAINTIFF(S) hereby demand(s) a trial by jury as to all claims in this action.

DATED: July 11, 2018

COREY, LUZAICH, DE GHETALDI & RIDDLE LLP

By :
Dario de Ghetaldi
Amanda L. Riddle
Steven M. Berki
Clare Capaccioli Velasquez

DANKO MEREDITH
Michael S. Danko
Kristine K. Meredith
Shawn R. Miller

GIBBS LAW GROUP
Eric Gibbs
Dylan Hughes
Steven A. Lopez

- 6 -

1  FRANK M. PITRE (SBN 100077)
   fpitre@cpmlegal.com
2  JOSEPH W. COTCHETT (SBN 36324)
   jcotchett@cpmlegal.com
3  ALISON E. CORDOVA (SBN 284942)
   acordova@cpmlegal.com
4  ABIGAIL D. BLODGETT (SBN 278813)
   ablodgett@cpmlegal.com
5  **COTCHETT, PITRE & McCARTHY, LLP**
6  San Francisco Airport Office Center
   840 Malcolm Road, Suite 200
7  Burlingame, CA 94010
8  Telephone: (650) 697-6000 Facsimile: (650) 697-0577

9  STEVEN M. CAMPORA (SBN 110909)
   scampora@dbbwlaw.com
10 **DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
11 20 Bicentennial Circle
   Sacramento, CA 95826
12 Telephone: (916) 379-3500 Facsimile: (916) 379-3599

13 *Counsel for Plaintiffs*

14 [Additional co-counsel listed on the signature page]

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

NOV 1 4 2017

CLERK OF THE COURT
BY: ROSSALY DELAVEGA
        Deputy Clerk

15              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

16                **IN AND FOR THE COUNTY OF SAN FRANCISCO**

17

18 **GREGORY WILSON**, an individual; and          Case No. CGC-17-562458
19 **CHRISTINA WILSON**, an individual;
                                                    **COMPLAINT FOR:**
20         Plaintiffs,

21         v.                                       1. **NEGLIGENCE**
                                                    2. **INVERSE CONDEMNATION**
22 **PACIFIC GAS & ELECTRIC COMPANY**,             3. **PUBLIC NUISANCE**
   a California corporation;                        4. **PRIVATE NUISANCE**
23 **PG&E CORPORATION**, a California              5. **PREMISES LIABILITY**
   corporation; and                                6. **TRESPASS**
24 **DOES 1 through 20**, inclusive;              7. **VIOLATION OF PUBLIC**
25                                                     **UTILITIES CODE § 2106**
           **Defendants.**                         8. **VIOLATION OF HEALTH &**
26                                                     **SAFETY CODE § 13007**
27
                                                    **JURY TRIAL DEMANDED**
28

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP
COMPLAINT

                                                                              Page

I.      INTRODUCTION.................................................................................. 1

II.     JURISDICTION AND VENUE .......................................................... 5

III.    THE PARTIES..................................................................................... 6

        A.      PLAINTIFFS ........................................................................... 6

        B.      DEFENDANTS ........................................................................ 6

        C.      DOE DEFENDANTS ............................................................... 9

        D.      AGENCY & CONCERT OF ACTION ................................... 9

IV.     STATEMENT OF FACTS .................................................................. 10

        A.      THE NORTH BAY FIRES....................................................... 10

        B.      THE DEADLY AND DESTRUCTIVE TUBBS FIRE ........... 13

        C.      PG&E WAS AWARE OF FORESEEABLE WEATHER CONDITIONS AND
                EFFECTS OF THOSE CONDITIONS ON AGING INFRASTRUCTURE ....... 18

        D.      PG&E KNEW ITS INFRASTRUCTURE WAS AGING................................... 21
                AND LESS RELIABLE TO PREVENT FIRES .................................................. 21

                i.      PG&E's Wires Were Found Highly Susceptible to Failure Due to Age ..... 21

                ii.     Many of PG&E's Wires Do Not Remotely De-Energize When Down and In
                        a Hazardous State............................................................................................ 21

                iii.    The CPUC Announced that Aging Power Poles Are Causing Significant
                        Safety Hazards That Must Be Addressed ......................................................... 22

                iv.     PG&E Was Not Tracking the Condition of Its Electrical Assets, Despite Its
                        Aging Infrastructure........................................................................................ 23

        E.      PG&E KNEW ITS ELECTRICAL EQUIPMENT WAS UNSAFE................... 23

        F.      DESPITE THIS KNOWLEDGE, PG&E DID NOT MAINTAIN, REPAIR, OR
                REPLACE ITS EQUIPMENT............................................................................ 24

        G.      PG&E'S "RUN TO FAILURE" APPROACH TO MAINTENANCE ................ 25

        H.      PG&E'S LONG HISTORY OF SAFETY VIOLATIONS ................................. 26

COMPLAINT                                                                      i

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

|  |  | i. | The 1994 Trauner Fire | 27 |
|  |  | ii. | The 2003 Mission District Substation Fire | 27 |
|  |  | iii. | The 2008 Rancho Cordova Explosion | 28 |
|  |  | iv. | The 2010 San Bruno Explosion | 29 |
|  |  | v. | The 2011 Cupertino Explosion | 30 |
|  |  | vi. | The 2014 Carmel Explosion | 30 |
|  |  | vii. | The 2015 Butte Fire | 30 |

I.    THE CORPORATE CULTURE AT PG&E THAT PUTS PROFITS BEFORE SAFETY ............................................................. 31

J.    PG&E IS REQUIRED TO SAFELY DESIGN, OPERATE, AND MAINTAIN ITS ELECTRICAL SYSTEMS AND THE SURROUNDING VEGETATION ......................................................................... 32

**V.    DETAILS OF PLAINTIFFS' LOSSES ............................................ 35**

**VI.    CAUSES OF ACTION ................................................................. 37**

**FIRST CAUSE OF ACTION**
**NEGLIGENCE .................................................................................... 37**

**SECOND CAUSE OF ACTION**
**INVERSE CONDEMNATION ............................................................. 39**

**THIRD CAUSE OF ACTION**
**PUBLIC NUISANCE ......................................................................... 40**

**FOURTH CAUSE OF ACTION**
**PRIVATE NUISANCE ....................................................................... 43**

**FIFTH CAUSE OF ACTION**
**PREMISES LIABILITY ..................................................................... 43**

**SIXTH CAUSE OF ACTION**
**TRESPASS ........................................................................................ 44**

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF PUBLIC UTILITIES CODE § 2106 ...................... 45**

**EIGHTH CAUSE OF ACTION**
**VIOLATION OF HEALTH & SAFETY CODE § 13007 .................. 46**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VII.    PRAYER FOR RELIEF.................................................................... 47

VIII.   JURY DEMAND........................................................................... 50

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1        **PLAINTIFFS** bring this action for damages against Defendants **PG&E**

2  **CORPORATION, PACIFIC GAS & ELECTRIC COMPANY,** and **DOES 1 through 20**

3  (collectively, "**DEFENDANTS**") as follows:

4  **I.**    **INTRODUCTION**

5       1.     This case arises from **PG&E CORPORATION** and/or **PACIFIC GAS &**

6  **ELECTRIC COMPANY's** (collectively, "**PG&E**") longstanding corporate culture of decision

7  making that places profits over public safety. **PG&E's** well-documented disregard for safety

8  regulations, and blindeye towards the use of effective maintenance and inspection practices for

9  their facilities and equipment in light of an aging infrastructure, lies at the root of the various

10  factors which caused and/or contributed to causing some of the most destructive and deadly

11  wildfires California has ever seen (collectively, "North Bay Fires"), including the Tubbs Fire.

12       2.     On the night of Sunday, October 8, 2017, the North Bay Fires started when power

13  lines, transformers, conductors, poles, insulators, reclosers, and/or other electrical equipment

14  constructed, owned, operated, managed, and/or maintained by **PG&E** fell down, broke, failed,

15  sparked, exploded, and/or came into contact with vegetation, all because of **PG&E's** disregard of

16  mandated safety practices and foreseeable hazardous risks associated with its infrastructure.

17
18
19
20
21
22
23
24
25
26
27



**Santa Rosa Before and After the Tubbs Fire, one of the North Bay Fires[1]**

28
---

[1] http://www.sacbee.com/news/state/california/fires/article178223651.html.

**COMPLAINT**                                                              1

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



South End of the Tubbs Fire[2]

---

[2] http://www.sfgate.com/bayarea/article/Bad-news-weather-forecast-for-Wine-Country-High-12267147.php; http://projects.sfchronicle.com/2017/interactive-map-wine-country-fires/.

3.     Over the following days, the North Bay Fires spread rapidly and caused extensive damage throughout Northern California, including populated neighborhoods and sprawling vineyards.  The North Bay Fires claimed the lives of at least 43 individuals, displaced a massive number of people, burned over 200,000 acres, and destroyed thousands of homes and structures.



**Flames from the Tubbs Fire Engulfing Structures in Santa Rosa[3]**

4.     As set forth in more detail in the following pages, based on prior reports, audits, and/or investigations, it is clear that the North Bay Fires were an inevitable byproduct of **PG&E's** willful and conscious disregard of public safety.  **PG&E**, although mandated to do so, failed to identify, inspect, manage, and/or control vegetation growth near its power lines and/or other electrical equipment.  This created a foreseeable danger of trees and/or other vegetation coming into contact with **PG&E's** power lines and/or other electrical equipment and causing electrical problems.  Further, **PG&E** failed to construct, manage, track, monitor, maintain, replace, repair, and/or improve its power lines, poles, transformers, conductors, insulators, reclosers, and/or other

---

[3] http://www.sfchronicle.com/news/article/California-wildfires-Mike-Grabow-40-among-dead-12279761.php.

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

electrical equipment, despite being aware that its infrastructure was unsafe, aging, and/or vulnerable to environmental conditions.



**Failing PG&E Equipment Along Parker Hill Road in the Tubbs Fire[4]**

5.      **PG&E** knew about the significant risk of wildfires from its ineffective vegetation management programs, unsafe equipment, and/or aging infrastructure for decades before the North Bay Fires began, and has been repeatedly fined and/or convicted of crimes for failing to mitigate these risks:

a.   In 1994, **PG&E's** failure to trim trees near its power lines caused the devastating "Trauner Fire" in Nevada County, California.  In 1997, a jury found **PG&E** liable for 739 counts of criminal negligence for causing this fire.  Subsequent to the trial, a report authored by the California Public Utilities Commission ("CPUC") revealed that from 1987 through 1994, **PG&E** diverted $495 million from its budgets for maintaining its systems, and instead, used this money to boost corporate profits.

b.   In 2003, **PG&E's** apparent inability to learn from its past mistakes caused a fire at its Mission District Substation in San Francisco.  In 2004, the CPUC investigated the fire

[4] http://www.mercurynews.com/2017/10/25/pge-missed-electricity-inspections-violated-safety-rules-in-bay-area-including-north-bay-audits/.

**COMPLAINT**                                                                                                              4

and concluded that "it finds it quite troubling that PG&E did not implement its own recommendations" after a previous fire at the same substation to prevent the 2003 fire.[5]

   c. In 2008, **PG&E's** inadequate repair job and infrastructure caused a deadly explosion in Rancho Cordova, California. In 2010, the CPUC fined **PG&E** $38 million since **PG&E** caused and failed to prevent the explosion.

   d. In 2010, **PG&E's** aging infrastructure caused the deadly gas explosion in San Bruno, California. As a result, the CPUC slapped **PG&E** with a $1.6 billion fine, and **PG&E** was later found guilty of six felony charges.

   e. In 2011, **PG&E** caused an explosion in Cupertino because it failed to replace a plastic pipe that it knew was unsafe since at least 2002. **PG&E** ignored warnings about the dangerous nature of the pipe, and instead chose to do nothing.

   f. In 2014, **PG&E's** inadequate recordkeeping and disregard for public safety caused an explosion in Carmel. As a result, **PG&E** was required to pay over $36 million in fines.

   g. Since 2014, **PG&E** has been fined $9.65 million by the CPUC for incidents solely related to their electrical distribution systems.[6]

   h. In 2015, **PG&E** was once again responsible for causing a massive wildfire called the "Butte Fire" due its inadequate and unlawful vegetation management practices and disregard for public safety. After the fire, in 2017, the CPUC fined **PG&E** a total of $8.3 million for violating multiple safety laws.

All of these devastating events, and many more, resulted from **PG&E's** long history of choosing to divert funds from its vegetation management, public safety, and/or infrastructure maintenance programs to instead line its own corporate pockets.

## II.  JURISDICTION AND VENUE

   6.     This Court has subject matter jurisdiction over this matter pursuant to Code of Civil 395(a) because, at all times relevant, Defendants and each of them have resided in, been incorporated in, or done significant business in the State of California so as to render the exercise

---

[5] http://docs.cpuc.ca.gov/publishedDocs/published/Report/40886.PDF.
[6] http://www.cpuc.ca.gov/General.aspx?id=1965.

COMPLAINT

LAW OFFICES
Cotchett, Pitre &
McCarthy, LLP

Case: 19-30088    Doc# 2904-4    Filed: 07/09/19    Entered: 07/09/19 12:59:18    Page 41 of 51

1  of jurisdiction over Defendants and each of them, by California Courts consistent with traditional
2  notions of fair play and substantial justice. The amount in controversy exceeds the jurisdictional
3  minimum of this Court.

4       7.      Venue is proper in this County pursuant to Code of Civil Procedure section 395.5

5  because, at all times relevant, Defendants and each of them have their principal place of business

6  in the County of San Francisco.

7  **III.    THE PARTIES**

8       **A.    PLAINTIFFS**

9       8.      Plaintiffs **GREGORY WILSON** and **CHRISTINA WILSON** (collectively,

10  "**PLAINTIFFS**") are a husband and wife who lost their home on Lorraine Way in Santa Rosa,

11  California. **PLAINTIFFS** have suffered, and continue to suffer, physical, emotional, and/or

12  economic injuries as a result of the Tubbs Fire. All of the injuries and damages alleged herein

13  occurred in and around Sonoma County and arose from the Tubbs Fire, as set forth in more detail

14  below.

15       **B.    DEFENDANTS**

16       9.      At all times herein mentioned Defendants **PG&E CORPORATION** and

17  **PACIFIC GAS & ELECTRIC COMPANY** (collectively, "**PG&E**") were corporations

18  authorized to do business and doing business, in the State of California, with their principal place

19  of business in the County of San Francisco, California. Defendant **PG&E CORPORATION** is

20  an energy-based holding company headquartered in San Francisco. It is the parent company of

21  Defendant **PACIFIC GAS AND ELECTRIC COMPANY**. **PG&E CORPORATION** and

22  **PACIFIC GAS AND ELECTRIC COMPANY** provide customers with public utility services,

23  and services relating to the generation of energy, transmission of electricity and natural gas,

24  generation of electricity, and the distribution of energy.

25       10.     **PLAINTIFFS** allege that **PG&E CORPORATION** and **PACIFIC GAS &**

26  **ELECTRIC COMPANY** are jointly and severally liable for each other's wrongful acts and/or

27  omissions as hereafter alleged, in that:

28

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

COMPLAINT                                                                                                6

Case: 19-30088    Doc# 2904-4    Filed: 07/09/19    Entered: 07/09/19 12:59:18    Page 42
of 51

a. **PG&E CORPORATION** and **PACIFIC GAS & ELECTRIC COMPANY** operate as a single business enterprise operating out of the same building located at 77 Beale St, San Francisco, California for the purpose of effectuating and carrying out **PG&E CORPORATION's** business and operations and/or for the benefit of **PG&E CORPORATION**;

b. **PACIFIC GAS & ELECTRIC COMPANY** and **PG&E CORPORATION** do not operate as completely separate entities, but rather, integrate their resources to achieve a common business purpose;

c. **PACIFIC GAS & ELECTRIC COMPANY** is so organized and controlled, and its decisions, affairs and business so conducted as to make it a mere instrumentality, agent, conduit and/or adjunct of **PG&E CORPORATION**;

d. **PACIFIC GAS & ELECTRIC COMPANY's** income contribution results from its function, integration, centralization of management and economies of scale with **PG&E CORPORATION**;

e. **PACIFIC GAS & ELECTRIC COMPANY's** and **PG&E CORPORATION's** officers and management are intertwined and do not act completely independent of one another;

f. **PACIFIC GAS & ELECTRIC COMPANY's** and **PG&E CORPORATION's** officers and managers act in the interest of **PG&E CORPORATION** as a single enterprise;

g. **PG&E CORPORATION** has control and authority to choose and appoint **PACIFIC GAS & ELECTRIC COMPANY's** board members as well as its other top officers and managers;

h. Despite both being Electric Companies and Public Utilities, **PACIFIC GAS & ELECTRIC COMPANY** and **PG&E CORPORATION** do not compete with one another, but have been structured, organized, and businesses effectuated so as to create a synergistic, integrated single enterprise where various components operate in concert one with another;

i.  **PG&E CORPORATION** maintains unified administrative control over **PACIFIC GAS & ELECTRIC COMPANY**;

j.  **PACIFIC GAS & ELECTRIC COMPANY** and **PG&E CORPORATION** are insured by the same carriers and provide uniform or similar pension, health, life and disability insurance plans for employees;

k.  **PACIFIC GAS & ELECTRIC COMPANY** and **PG&E CORPORATION** have unified 401(k) Plans, pensions and investment plans, bonus programs, vacation policies and paid time off from work schedules and policies;

l.  **PACIFIC GAS & ELECTRIC COMPANY** and **PG&E CORPORATION** invest these funds from their programs and plans by a consolidated and/or coordinated Benefits Committee controlled by **PG&E CORPORATION** and administered by common trustees and administrators;

m.  **PACIFIC GAS & ELECTRIC COMPANY** and **PG&E CORPORATION** have unified personnel policies and practices and/or a consolidated personnel organization or structure;

n.  **PACIFIC GAS & ELECTRIC COMPANY** and **PG&E CORPORATION** have unified accounting policies and practices dictated by **PG&E CORPORATION** and/or common or integrated accounting organizations or personnel;

o.  **PACIFIC GAS & ELECTRIC COMPANY** and **PG&E CORPORATION** are represented by common legal counsel;

p.  **PG&E CORPORATION's** officers, directors, and other management make policies and decisions to be effectuated by **PACIFIC GAS & ELECTRIC COMPANY** and/or otherwise play roles in providing directions and making decisions for **PACIFIC GAS & ELECTRIC COMPANY**;

q.  **PG&E CORPORATION's** officers, directors, and other management direct certain financial decisions for **PACIFIC GAS & ELECTRIC COMPANY** including the amount and nature of capital outlays;

r.  **PG&E CORPORATION's** written guidelines, policies, and procedures control **PACIFIC GAS & ELECTRIC COMPANY**, its employees, policies, and practices;

s.  **PG&E CORPORATION** files consolidated earnings statements factoring all revenue and losses from **PACIFIC GAS & ELECTRIC COMPANY** as well as consolidated tax returns, including those seeking tax relief; and/or, without limitation; and

t.  **PG&E CORPORATION** generally directs and controls **PACIFIC GAS & ELECTRIC COMPANY**'s relationship with, requests to, and responses to inquiries from, the Public Utilities Commission and uses such direction and control for the benefit of **PG&E CORPORATION**.

## C.    DOE DEFENDANTS

11.     The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants **DOES 1 through 20**, inclusive, are unknown to **PLAINTIFFS** who therefore sue said Defendants by such fictitious names pursuant to Code of Civil Procedure section 474.  **PLAINTIFFS** further allege that each of said fictitious Defendants is in some manner responsible for the acts and occurrences hereinafter set forth.  **PLAINTIFFS** will amend this Complaint to show their true names and capacities when the same are ascertained, as well as the manner in which each fictitious Defendant is responsible.

## D.    AGENCY & CONCERT OF ACTION

12.     At all times herein mentioned herein, **DEFENDANTS**, and/or each of them, hereinabove, were the agents, servants, employees, partners, aiders and abettors, co-conspirators, and/or joint venturers of each of the other **DEFENDANTS** named herein and were at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, enterprise, conspiracy, and/or joint venture, and each **DEFENDANT** has ratified and approved the acts of each of the remaining **DEFENDANTS**.  Each of the **DEFENDANTS** aided and abetted, encouraged, and rendered substantial assistance to the other **DEFENDANTS** in breaching their obligations to **PLAINTIFFS** as alleged herein.  In taking action to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoings complained of, as alleged herein, each of the **DEFENDANTS** acted with an awareness of his/her/its primary

**COMPLAINT**                                                                                     9

1    wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of

2    the wrongful conduct, wrongful goals, and wrongdoing.

3    **IV.    STATEMENT OF FACTS**

4         **A.    THE NORTH BAY FIRES**

5        13.    As families were settling in for the night on Sunday, October 8, 2017, tragedy struck

6    communities across Northern California.  That evening, several fires began raging in and around

7    multiple counties in the Northern Bay Area, including the Tubbs Fire in Sonoma and Napa

8    Counties.  These fires quickly ripped through neighborhoods, destroying everything in their path,

9    including residences, structures, businesses, trees, and vegetation in Santa Rosa.

10       14.    The North Bay Fires are some of the most destructive fires in California's history.

11   In just a week, the fires caused the deaths of at least 43 people, displaced about 100,000 people



12   who were forced to leave their

13   homes and search for safety,

14   burned over 200,000 acres, and

15   destroyed at least 8,000 homes

16   and buildings.  In particular,

17   the Tubbs Fire destroyed

18   approximately five percent of

19   Santa Rosa's housing stock,

20   burned over 36,000 acres

21   across two counties, and killed

22   at least 19 individuals.

23       15.    On the evening of Sunday, October 8, 2017, emergency responders began receiving

24   dozens of calls regarding fires and other hazards in and around Northern California.  **At least ten**

25   **of the calls reported electrical problems, transformer explosions, transformer fires, arcing**

26   **transformers, down power lines, arcing power lines, and/or flames in trees.**  Further, several

27   calls reported problems with **PG&E's** electrical equipment in the vicinity of the Tubbs Fire,

28   including a call at approximately 9:24 p.m. reporting a **PG&E** transformer explosion, a call at

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

COMPLAINT                                                                                    10

Case: 19-30088    Doc# 2904-4    Filed: 07/09/19    Entered: 07/09/19 12:59:18    Page 46
of 51

1 approximately 9:58 p.m. reporting down power lines, a call at approximately 10:14 p.m. reporting
2 flames in trees, and a call at approximately 10:34 p.m. reporting falling power line wires.[7]



**Broken and Burned Electrical Equipment in Santa Rosa, California[8]**

16.     One witness in Santa Rosa observed a power line and/or transformer near his home
sparking for approximately two minutes at or around 9:50 p.m.  The sparks fell onto trees that were
right next to **PG&E's** power lines and other electrical equipment.  After the sparking stopped, the
witnesses' neighborhood lost power and **PG&E's** power lines and/or other electrical equipment
fell down.  This sparking occurred just outside of the Tubbs Fire.



**PG&E Electrical Equipment Sparking in Trees Near the Tubbs Fire[9]**

---

[7] http://www.mercurynews.com/2017/10/10/pge-power-lines-linked-to-wine-country-fires.
[8] *Id.*
[9] http://abc7news.com/i-team-pg-e-workers-believe-hurricane-level-winds-caused-deadly-north-bay-wildfires-power-line-damage/2525497.

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

17.     **PLAINTIFFS** are informed that witnesses observed and described downed power lines, exploding transformers, improper fuses, improper connections, improper clearances, aged and defective poles, and unrepaired poles in the area of the Tubbs Fire.   Further, **PLAINTIFFS** are informed that reclosers in **PG&E's** system were set to avoid outages and not to avoid fires, even though fire conditions were known to be extreme.  **PLAINTIFFS** are also informed that **PG&E** failed to have a reasonable system in place to make sure that its contractors were properly performing tree and/or vegetation inspections and removal, pole clearance, and pole inspections. **PLAINTIFFS** are informed and believe that **PG&E** failed to take any steps to look for what it calls Facility Protect Trees (trees which pose a risk of falling into the line), even though it knew such trees were likely to exist after its contractors had performed their work.  **PLAINTIFFS** are informed that **PG&E** failed to properly construct its power lines and thereafter failed to take reasonable steps to make sure the poles and lines were sufficiently strong to support lines and other equipment that were added by third parties.  Finally, despite knowing that wildfires posed the greatest risk to the public from its electrical operations, **PG&E** chose to not ensure that its contractors were properly trained in tree inspections and removal, chose to not ensure that its contractors hired people who met **PG&E's** minimum qualifications, and chose to not participate in the training of its contractors.  **PG&E** owes the public a non-delegable duty with regard to the operation of its power lines, including as it relates to maintenance, inspection, repair, vegetation management and all other obligations imposed by the Public Utilities Code and the CPUC, specifically including, but not limited to, General Orders Numbers 95 and 165.  Even when **PG&E** chooses to hire contractors, its obligations remain non-delegable.  **PG&E's** acts and omissions, as described herein, were a cause Tubbs Fire and/or aggravated the spread and destruction of the Tubbs Fire.

18.     **PG&E** responded to the North Bay Fires by acknowledging that there were problems with its electrical equipment on the night of Sunday, October 8, 2017.  However, **PG&E**

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

COMPLAINT                                                                                           12

Case: 19-30088     Doc# 2904-4     Filed: 07/09/19     Entered: 07/09/19 12:59:18     Page 48
of 51

1   blamed its failing electrical equipment on winds combined with "millions of trees weakened by

2   years of drought and recent renewed vegetation growth from winter storms."[10]

3        19.    At all times relevant to this action **PG&E** had specific knowledge that the greatest

4   risk to the public from its operations was wildfire. **PG&E** specifically knew that wildfire could

5   result in death and injury to members of the public and could result in the destruction of structures

6   and property. Despite such knowledge, **PG&E** chose to accept vegetation management that would

7   result in 17 tree related outages for each 1,000 miles of line, despite knowing that such outages

8   could result in wildfires that would kill people, injure people, burn homes, and destroy property.

9   **PG&E** chose to accept that nearly 0.02 percent of the trees along its lines or nearly 20 in 1,000

10  trees would come into contact with or could fall into its lines and cause a fire. **PG&E** consciously

11  chose to accept that risk without providing any warning to the public. **PG&E** has specifically

12  acknowledged and at all times relevant to this action knew that if it spent more money on its

13  vegetation management program it could reduce the risk of wildfire. **PG&E** cited its limited

14  resources as the reason it chose to put the public in danger, while at the same time it was making

15  approximately $1,400,000,000 in profits each year. Therefore, **PG&E** made a conscious decision

16  to put profits over the safety of the public. **PG&E's** choice resulted numerous deaths, injuries,

17  and damage to structures and property, just as **PG&E** knew it could, when it made the choice.

18      **B.**    **THE DEADLY AND DESTRUCTIVE TUBBS FIRE**

19       20.    CalFire reported that the origin of the Tubbs Fire was in or around Highway 128

20  and Bennett Lane, in Calistoga, California. CalFire also reported that the Tubbs Fire started at or

21  around 9:45 p.m. on Sunday, October 8, 2017.[11]

22  //

23  //

24  //

25  //

26  //

27

28
    [10] http://www.pgecurrents.com/2017/10/11/pge-statement-on-north-bay-wildfires/.
    [11] http://www.fire.ca.gov/current_incidents/incidentdetails/Index/1867.



## TUBBS FIRE (CENTRAL LNU COMPLEX)

---

### Tubbs Fire (Central LNU Complex) Incident Information:

| | |
|---|---|
| **Last Updated:** | October 27, 2017 8:40 am |
| **Date/Time Started:** | October 08, 2017 9:45 pm |
| **Administrative Unit:** | CAL FIRE Sonoma-Lake-Napa Unit |
| **County:** | Napa County,Sonoma County |
| **Location:** | off of Hwy 128 and Bennett Ln, Calistoga |
| **Acres Burned - Containment:** | 36,807 acres - 95% contained |
| **Evacuations:** | 10/26/2017 @ 5:30pm - Areas of Mark West Springs Road to Calistoga Road Now Open for Limited. Restricted Re-entry of Burned Out Areas. Click here to see the news release for more information. |
| | See the latest Incident Update for more information on this fire. |
| **Incident Management Team:** | CAL FIRE Incident Management Team 1 |
| **Long/Lat:** | -122.62879/38.60895 |
| **Conditions:** | See the latest Incident Update for more information on this fire. |
| | Central LNU Complex Evacuation Map |
| | Resources: |
| | • Sonoma County Fire Information<br>• Sonoma County Website<br>• CAL FIRE Structure Status Map Please note that damage assessment is still on-going. If a structure point does not appear on the map it may still have been impacted by the fires. |
| **Phone Numbers** | (707) 800-9634 (Media Line ) |
| **Phone Numbers** | (707) 967-4207 (Fire Information Line ) |

---

**COMPLAINT**                                                                                                14

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

21. **PG&E's** website reports electric outages in real time. According to the website: any person can "select an icon on the map to view outage details or request outage updates. The map is updated every 15 minutes with any new information."[12]

EMERGENCIES
SAFET
RESIDENTIAL BUSINESS
YOUR ACCOUNT | CUSTOMER SERVICE | OUTAGES | RATE PLANS | SAVE ENERGY & MONEY | SOLAR &

Report & View Electric Outages

WILDFIRE UPDATES: Due to the wildfires, automated outage updates may be turned off in your area. Once FIRE, we can generally get power restored in 48-72 hours. Get wildfire response updates and safety tips.

This page is only for electric outages. For gas outages, please go to pge.com/gasoutages.

Is this page helpful?

SIGN UP FOR ALERTS

You can sign up to receive outage updates via email, text or phone after reporting or selecting a known outage.

REPORT OR VIEW BY ADDRESS

Start entering the outage address, then select from the dropdown that appears.

Enter address

VIEW BY CITY

Scroll through the list to select your city.

VIEW CITY LIST

SEARCH THE MAP

Select an icon on the map to view outage details or request outage updates. The map is updated every 15 minu
Wildfire information on the outage map comes from the Google Statewide Fire Map. For the latest view, refresh

CUSTOMERS AFFECTED

[12] https://m.pge.com/?WT.pgeac=Home_Outages#outages.