**EXHIBIT D**

**PROPOSED ORDER**

Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone: 628.208.6434
Facsimile: 310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION** <br><br> -and- <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br>                        **Debtors.** <br><br> ☐ Affects PG&E Corporation <br><br> ☐ Affects Pacific Gas and Electric Company <br><br> ■ Affects both Debtors <br><br> *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br> (Lead Case) <br> (Jointly Administered) <br><br> **ORDER GRANTING THE MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR RELIEF FROM AUTOMATIC STAY TO PERMIT STATE COURT JURY TRIAL OF 2017 TUBBS WILDFIRE CLAIMS** |

Upon the Motion, dated June 26, 2019, as amended (the "**Motion**"),[1] of the Official Committee of Tort Claimants (the "**TCC**"), pursuant to section 362(d)(1) of title 11 of the United States Code (the "**Bankruptcy Code**"), sections 1334(c) and 1452(b) of title 28, Rules 4001 and 5011(b) of the Federal Rules of Bankruptcy Procedure and Rules 4004-1 and 9015-2(d) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California for entry of an order terminating the automatic stay to permit the individuals listed on **Exhibit A** hereto (the "**Tubbs Preference Plaintiffs**") to proceed to a jury trial on their personal injury, wrongful death and related property damage claims against the Debtors arising from the 2017 Tubbs Fire in the California Superior Court, and to request the Court in the California North Bay Fire Cases, JCCP 4955, to order the claims of the Tubbs Preference Plaintiffs to proceed to a jury trial with preference pursuant to Code of Civil Procedure section 36; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice needs to be provided; and this Court having reviewed the Motion, the declarations of Steven M. Campora, Robert A. Julian, and Brent C. Williams, and the amended declaration of Michael A. Kelly; and this Court having held a hearing on the Motion; this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted therein; and it appearing that the relief requested in the Motion is in the best interest of the Debtors' estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. The automatic stay of Bankruptcy Code section 362(a) is terminated to permit the Tubbs Preference Plaintiffs to proceed to a jury trial on their personal injury, wrongful death and related property damage claims against the Debtors arising from the 2017 Tubbs Fire, and to request the Court in the California North Bay Fire Cases, JCCP 4955, to order the claims of the Tubbs

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

Preference Plaintiffs to proceed to a jury trial with preference pursuant to Code of Civil Procedure section 36.

3. The automatic stay shall not be lifted with respect to enforcement or execution on property of the Debtors' estates under section 541 of the Bankruptcy Code.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

\*\* END OF ORDER \*\*

- 3 -

Case: 19-30088    Doc# 2904-7    Filed: 07/09/19    Entered: 07/09/19 12:59:18    Page 4 of 4