KELLER & BENVENUTTI LLP
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
Thomas B. Rupp (#278041)
(trupp@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 364 6793
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| **In re:**<br>**JADOOTV, INC.,**<br>- and -<br>**CLOUDSTREAM MEDIA, INC.,**<br>**Debtors.**<br>☐ Affects JadooTV, Inc.<br>☐ Affects CloudStream Media, Inc.<br>☑ Affects both Debtors<br>*\* All papers shall be filed in the Lead Case, No. 19-41283 (WJL).* | Bankruptcy Case No. 19-41283 (WJL)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**STATEMENT OF DEBTORS REGARDING JULY 17, 2019 STATUS CONFERENCE**<br><br>Date: July 17, 2019<br>Time: 10:30 a.m. (Pacific Daylight Time)<br>Place: United States Bankruptcy Court<br>Courtroom 220<br>1300 Clay Street<br>Oakland, CA 94612 |

Pursuant to the *Order and Notice of Chapter 11 Status Conference* [Docket No. 10], JadooTV, Inc. and CloudStream Media, Inc., as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby represent as follows:

1. <u>Factors Leading to Bankruptcy Filing, Objectives, and Means Proposed to Achieve Objectives</u>. As described in the *Declaration of Sajid Sohail in Support of First Day Motions and Related Relief* [Docket No. 10], the Debtors filed these chapter 11 cases because of the negative impact that copyright and patent infringement litigation brought by DISH Network LLC and certain related parties (the "DISH Litigation") had on the Debtors' sales revenue and legal expenses. While in chapter 11, the Debtors intend to increase revenues while reducing legal expense, content payment expense, content delivery network (CDN) expense, and other expenses, as described further below. At the same time, the Debtors are pursuing financing or prospective purchasers of the Debtors' business and/or assets. The Debtors have identified three potential investors, partners, or purchasers. Sajid Sohail, the Debtors' Chief Executive Officer, has arranged a meeting with the management of one such party later this month to meet in the Middle East. Mr. Sohail is also talking with the other two potential investors, partners, or purchasers and targeting an in-person meeting in August or September.

2. <u>Schedule for Plan and Disclosure Statement</u>. The Debtors hope to be able to propose a plan shortly after they achieve a financing or sale transaction as described above.

3. <u>Outline of Proposed Plan</u>. Until the terms of a financing or sale transaction are known, it is premature to speculate on an outline of a proposed plan.

4. <u>Type, Status, and Adequacy of Insurance Coverage</u>. The Debtors have renewed their General Commercial Liability policy. The Debtors maintain current Workers Compensation insurance through Trinet, their professional employer organization (PEO).

5. <u>Professionals</u>. On June 21, 2019, the Court entered an order approving the retention of Keller & Benvenutti LLP as the Debtors' bankruptcy counsel. The Debtors intend to retain the law firm of Chan Punzalan LLP as special litigation counsel to represent JadooTV in the DISH Litigation. Chan Punzalan LLP also represents Mr. Sohail in the DISH Litigation, and the Debtors intend to seek

Keller & Benvenutti LLP
650 California Street, Suite 1900
San Francisco, CA 94108

Court approval to pay Mr. Sohail's defense costs in accordance with the terms of Mr. Sohail's employment and indemnification agreements.

6. <u>Post-Petition Operations</u>. The Debtors continue to operate their businesses in Chapter 11. In the weeks following the filing of the Chapter 11 Cases on May 31, 2019 (the "<u>Petition Date</u>"), the Debtors worked hard to counter the negative impact of the news of the filing on their international distributors, resellers, and customers, many of whom did not understand the difference between a chapter 11 and chapter 7 filing. Most of the distributors and resellers ceased sales of the Debtors' products based on the mistaken belief that a chapter 11 filing meant that the company had gone out of business, which caused sales worldwide to be lower than normal. Nevertheless, the Debtors were able to get 2,200 new boxes registered in the month of June 2019 worldwide, 65% of which were outside of the United States. The Debtors generated revenue of approximately $150,000 from advertisements and $100,000 from box sales in the month of June.

The Debtors also implemented tight cost control measures, the result of which was that the Debtors' cash flow was positive for the month of June 2019 by approximately $61,000. The Debtors brought operating costs down from the monthly average in 2018 of approximately $315,000 to $139,000 in June 2019 through the implementation of cost reductions worldwide. These cost control measures added approximately $45,000 to the Debtors' cash position in June, resulting in the Debtors' cash on hand increasing to approximately $713,000.

Finally, the Debtors made a change to their distribution model in the Europe, Asia Pacific and Canada regions to reduce the Debtors' expenses as well as future liability. Distributors are now responsible for servicing products in their regions. In other words, going forward, distributors handle their own sales, marketing, content and content delivery expenses and liabilities, and JadooTV is responsible for the hardware and software platform only, and the Debtors' selling price to distributors has been adjusted accordingly.

7. <u>Status of Pending Litigation</u>. As of the Petition Date, JadooTV was a defendant in two civil actions against DISH and its related entities:

i) *DISH Technologies L.L.C., et al. v. JadooTV, Inc.*, Case No. 5:18-cv-05214-EJD (N.D. Cal.) [Patent Infringement Case]. A notice of stay was filed on May 31, 2019. The case had been stayed for several months as the parties discussed settlement based largely on JadooTV's designing around the asserted patents. On May 30, 2019, the court extended the stay an additional 60 days at the parties' request, and that stay remains pending.

ii) *DISH Network L.L.C. v. JadooTV, Inc., et al.*, Case No. 2:18-cv-09768-FMO-KS (C.D. Cal.) [Copyright Infringement Case]. A notice of stay was filed. No request for relief from stay has been filed in these Chapter 11 Cases, but DISH continues to pursue litigation against Sajid Sohail, a co-defendant in the case. On the order of Magistrate Judge Karen L. Stevenson dated June 26, 2019, the parties provided further briefing on the issue of whether Mr. Sohail should be required to produce documents he holds in his capacity as CEO and president of JadooTV. The Debtors have engaged in preliminary settlement discussions with plaintiffs, but those discussions have not progressed meaningfully to date. In the event that the magistrate judge declines to stay discovery and other litigation against Mr. Sohail, the Debtors intend to seek relief from the Bankruptcy Court to extend the automatic stay to Mr. Sohail.

8. <u>Status of Information Requests from U.S. Trustee and 341(a) Meeting</u>. The Debtors' Initial Debtor Interview (the "<u>IDI</u>") was held on June 25, 2019. Prior to the IDI, the Debtors provided the U.S. Trustee with information requested by the U.S. Trustee. At the IDI, the U.S. Trustee requested further documents, all of which the Debtors believe they have now provided. The Debtors have obtained an extension on filing their 2018 tax returns and will provide those tax returns to the U.S. Trustee after they are filed. The Debtors filed amended Schedules and Statements of Financial Affairs on July 8, 2019, to correct the account number for a bank account held by JadooTV and to reflect that a $200,000 loan made to Sajid Sohail to fund Canadian operations was made by CloudStream Media and not JadooTV. The meeting of creditors pursuant to 11 U.S.C. § 341(a), initially scheduled for July 1, 2019, was rescheduled to July 26, 2019.

9. <u>Monthly Operating Reports and Tax Payments</u>. The Debtors' first monthly operating report for the period of May 31 to June 30 is due on July 22, 2019. The Debtors have designated their bank accounts as debtor-in-possession accounts. The Debtors believe they are current on all post-petition tax liabilities. The Debtors have seen the proof of claim filed by the IRS, believe that it is based on mistaken information, and will respond accordingly in due course.

10. <u>Cash Collateral and Credit</u>. The Debtors do not have secured debt, and their cash is not cash collateral. At this time, the Debtors do not seek to obtain post-petition credit.

11. <u>Automatic Stay Orders</u>. At this time, no party has requested relief from the automatic stay.

12. <u>Motions to Assume or Reject</u>. The Debtors are currently evaluating their office space lease and executory contracts to determine whether to bring any motions to assume or reject..

13. <u>Unique Issues</u>. Other than as described above, the Debtors are not aware of any unique issues to bring to the Court's attention at this time.

14. <u>Unusual Developments</u>. Other than as described above, the Debtors are not aware of any unusual developments to bring to the Court's attention at this time.

Dated: July 10, 2019

Respectfully submitted,

**KELLER & BENVENUTTI LLP**

By: */s/ Jane Kim*
     Jane Kim

*Attorneys for Debtors and Debtors in Possession*