

**Signed and Filed: July 11, 2019**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)|
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

**In re:**

**PG&E CORPORATION,**

   - and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

              **Debtors.**

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Bankruptcy Case
No. 19-30088 (DM)

Chapter 11

(Lead Case)

(Jointly Administered)

**ORDER PURSUANT TO
11 U.S.C. §§ 363 AND 105(a) AND FED. R. BANKR. P. 6004(h) AUTHORIZING DEBTORS TO PURCHASE DIRECTORS AND OFFICERS INSURANCE**

Upon the Motion, dated June 10, 2019 [Docket No. 2471] (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 363 and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to purchase insurance coverage in the amount of $50 million for the benefit of the current directors and officers of the Debtors, including new officers and new directors appointed to the boards of each of the Debtors after the Petition Date, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion, the Markland Declaration, the Debtors' reply filed in support of the Motion on July 8, 2019 [Docket No. 2882], the supplemental declaration of Janaize Markland dated July 8, 2019 [Docket No. 2883], the declaration of Theodore E. Tsekerides dated July 8, 2019 [Docket No. 2885], and the Wells Declaration (as amended on February 2, 2019 [Docket No. 263]), and having considered the objection to the Motion filed by the Official Committee of Unsecured Creditors and its supporting papers [Docket Nos. 2829, 2831, 2833, 2835, 2875, 2876, 2877, 2878]; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor, for the reasons stated on the record at the hearing of the Motion,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. The Debtors are authorized, but not directed, pursuant to sections 363 and 105(a) of the Bankruptcy Code, to enter into, purchase, and procure the EIS Policy and to pay the amount of $50 million to the protected cell on account of the premium payment and capital contribution pursuant to the terms thereof.

3. Nothing herein alters or amends the terms and conditions of any of the Insurance Policies (as defined in the Final Insurance Order) or relieves the Debtors of any of their obligations under the Insurance Policies.

4. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

5. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

6. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

APPROVED AS TO FORM:
Dated: July 9, 2019

MILBANK LLP

/s/ *Gregory A. Bray*
Gregory A. Bray

*Attorneys for Official Committee of Unsecured Creditors*

** END OF ORDER **