Bill Robins III – Bar No. 296101
Robert T. Bryson – Bar No. 156953
Kevin M. Pollack – Bar No. 272786
ROBINS CLOUD LLP
808 Wilshire Boulevard, Suite 450
Santa Monica, CA 90401
Tel.: (310) 929-4200 / Fax: (310) 566-5900
robins@robinscloud.com
rbryson@robinscloud.com
kpollack@robinscloud.com

Attorneys for Fire Victim Claimants
John Caslin and Phyllis Lowe

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PG&E CORPORATION and<br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>     Debtors.<br><br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM) | Bankruptcy Case<br>No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**JOINDER IN MOTION OF OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR RELIEF FROM AUTOMATIC STAY TO PERMIT STATE COURT JURY TRIAL OF 2017 TUBBS WILDFIRE CLAIMS**<br>**(Docket Nos. 2842-2851)**<br><br>Date:  July 24, 2019<br>Time:  9:30 a.m.<br>Place:  United States Bankruptcy Court<br>    Courtroom 17, 16th Floor<br>    San Francisco, CA 94102 |

**I. INTRODUCTION**

Fire Victim Claimants John Caslin and Phyllis Lowe are two of the eleven victims of the 2017 Tubbs Fire for which the Official Committee of Tort Claimants (the "TCC") has moved for an order terminating the automatic stay to allow those eleven victims to proceed to trial against Debtors on their claims arising out of the Tubbs Fire and to request that the Coordination Trial Judge in the California North Bay Fire Cases, JCCP 4955 (the "Coordinated Action"), to order the eleven victims' cases to trial with preference pursuant to California Code of Civil Procedure § 36 (the "TCC Motion").

Fire Victim Claimants John Caslin and Phyllis Lowe are represented by Robins Cloud LLP in the Coordinated Action and in this pending Chapter 11 proceeding.

For the reasons set forth below, John Caslin and Phyllis Lowe hereby join in the TCC Motion and respectfully request that this Court grant the relief from automatic stay as requested in that motion.

## II. JOINDER OF JOHN CASLIN AND PHYLLIS LOWE

Fire Victim Claimants Jack Caslin and Phyllis Lowe join in the TCC Motion for relief from the automatic stay to allow them to: (a) file a motion in the Coordinated Action for trial preference pursuant to California Code of Civil Procedure § 36 based on their age and health conditions; and (b) proceed to a jury trial in the California Superior Court on their claims against Debtors arising out of the Tubbs Fire.

The TCC Motion sets forth the reasons why this Court should lift the automatic stay. John Caslin and Phyllis Lowe qualify for mandatory trial preference in the Coordinated Action under California Code of Civil Procedure § 36(a) that provides:

> "(a) A party to a civil action who is over 70 years of age may petition the court for a preference, which the court shall grant if the court makes both of the following findings:
>
> "(1) The party has a substantial interest in the action as a whole.
>
> "(2) The health of the party is such that a preference is necessary to prevent prejudicing the party's interest in the litigation."

As more fully set forth in the TCC Motion, Mr. Caslin is 94 years old and Ms. Lowe is 89 years old. Both have a substantial interest in the action as a whole, and both have health issues such that preference is necessary to prevent prejudicing their interests in the litigation.

"[A]s a matter of statutory construction section 36 must be deemed to be mandatory and absolute in its application if plaintiffs qualify under subdivision (a) thereof." *Koch-Ash v. Superior Court*, 180 Cal.App.3d 689, 694, 225 Cal. Rptr. 657 (Ct. App. 1986).

"The clear intent of the Legislature is to safeguard litigants who qualify under subdivision (a) of section 36 against the acknowledged risk that death or incapacity might deprive them of the opportunity to have their case effectively tried and to obtain the appropriate recovery. [Citation.]" *Swaithes v. Superior Court*, 212 Cal.App.3d 1082, 1085, 261 Cal. Rptr. 41 (Ct. App. 1989). "Such a preference is not only necessary to assure a party's peace of mind that he or she will live to see a

particular dispute brought to resolution but it can also have substantive consequences. The party's presence and ability to testify in person and/or assist counsel may be critical to success. In addition, the nature of the ultimate recovery can be adversely affected by a plaintiff's death prior to judgment. [Citation.]" *Looney v. Superior Court* (1993) 16 Cal.App.4th 521, 532, 20 Cal. Rptr. 2d 182 (Ct. App. 1993).

In sum, "Elderly litigants are clearly entitled to have their case effectively tried and to the opportunity to enjoy during their own lifetime any benefits received." *Swaithes*, *supra*, 212 Cal.App.3d at p. 1086.

### III. CONCLUSION

For all of the foregoing reasons, John Caslin and Phyllis Lowe respectfully request that this Court grant the motion for relief from the automatic stay to allow them to: (a) file a motion for trial preference pursuant to California Code of Civil Procedure § 36 in the San Francisco Superior Court; and (b) proceed to a jury trial in San Francisco County Superior Court on their claims arising out ot the 2017 Tubbs Fire.

DATED: July 11, 2019　　　　　　　　　　　　　　Respectfully submitted,

**ROBINS CLOUD LLP**

By: _____
Bill Robins III
Robert T. Bryson
Kevin M. Pollack
Attorneys for Individual Fire Victims John Caslin and Phyllis Lowe