BRENDAN M. KUNKLE (SBN 173292)
bkunkle@abbeylaw.com
MICHAEL D. GREEN (SBN 214142)
mgreen@abbeylaw.com
**ABBEY, WEITZENBERG, WARREN & EMERY, PC**
100 Stony Point Rd, Suite 200
Santa Rosa, CA 95401
Telephone: (707) 542-5050 Fax: (707) 542-2589

Attorneys for Fire Victim Claimants
William Edelen, Burton Fohrman and Wrongful Death Heirs of Monte Kirven

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PG&E CORPORATION and<br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>　　　　　　Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM) | Bankruptcy Case<br>No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**JOINDER IN MOTION OF OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR RELIEF FROM AUTOMATIC STAY TO PERMIT STATE COURT JURY TRIAL OF 2017 TUBBS WILDFIRE CLAIMS**<br>**(Docket Nos. 2842-2851)**<br><br>Date:　July 24, 2019<br>Time:　9:30 a.m.<br>Place:　United States Bankruptcy Court<br>　　　　Courtroom 17, 16th Floor<br>　　　　San Francisco, CA 94102 |

**I.　　INTRODUCTION**

Fire Victim Claimants William Edelen, Burton Fohrman and heirs of decedent Monte Kirven (Kathleen Groppe, Ken Kirven and Brian Kirven) represent three of the eleven claims from the 2017 Tubbs Fire for which the Official Committee of Tort Claimants (the "TCC") has made an Amended Motion for Relief From Automatic Stay, hereinafter referred to as the "TCC Motion," asking the Court to allow eleven Tubbs Fire claims to proceed to trial against Debtors and to request that the Coordination Trial Judge in the California North Bay Fire Cases, JCCP 4955 (the "Coordinated Action"), order the eleven cases to trial with preference pursuant to California Code of Civil Procedure § 36. William Edelen, Burton Fohrman and heirs of decedent Monte Kirven (Kathleen Groppe, Ken

1

Kirven and Brian Kirven) hereby join, as moving parties, the TCC Motion, provided that Exhibit A to the TCC Motion is corrected to name Burton Fohrman, who is in remission from bladder cancer (whereas it currently mistakenly reflects the name of Burton's wife "Raleigh Fohrman"). Lead Counsel appointed by the Court in JCCP 4955 also filed a joinder to the TCC Motion on behalf of all of these plaintiff victims as moving parties on the motion.

Fire Victim Claimants William Edelen, Burton Fohrman and heirs of decedent Monte Kirven are represented by the firm of Abbey, Weitzenberg, Warren & Emery, PC, in JCCP 4955 and in the Chapter 11 proceeding.

Fire Victim Claimants Roxanne Edelen, The William L. Edelen and Roxanne G. Edelen Trust Agreement Dated June 22, 2011, Raleigh Fohrman, Jeremy Olsan, Ann DuBay, Jacob Olsan, The Fohrman Family Trust Dated February 3, 1976, The Jeremy L. Olsan and Ann M. DuBay Trust Dated November 29, 2011, and the Estate of Monte Kirven are indivisible parties of record in the Coordinated Action and in this pending Chapter 11 proceeding. They are also represented by the firms of Abbey, Weitzenberg, Warren & Emery, PC, in each of those matters. They are not among the specific victims identified in the TCC Motion.

For the reasons set forth below, William Edelen, Roxanne Edelen, The William L. Edelen and Roxanne G. Edelen Trust Agreement Dated June 22, 2011, Burton Fohrman, Raleigh Fohrman, The Fohrman Family Trust Dated February 3, 1976, Jeremy Olsan, Ann DuBay, Jacob Olsan, The Jeremy L. Olsan and Ann M. DuBay Trust Dated November 29, 2011, Kathleen Groppe, Ken Kirven, Brian Kirven, and the Estate of Monte Kirven hereby join, as moving parties, in the TCC's Amended Motion and respectfully request that this Court grant the relief from automatic stay as requested in that motion.

## II. JOINDER OF WILLIAM EDELEN AND BURTON FOHRMAN

Fire Victim Claimants William Edelen and Burton Fohrman hereby join, as moving parties, the TCC's Amended Motion for relief from the automatic stay to allow them to: (a) file a motion in the Coordinated Action for trial preference pursuant to California Code of Civil Procedure § 36 based on their age and health conditions; and (b) proceed to a jury trial in the California Superior Court on their claims against Debtors arising out of the Tubbs Fire.

The TCC Motion sets forth the reasons why this Court should lift the automatic stay. William Edelen and Burton Fohrman qualify for mandatory trial preference in the Coordinated Action under California Code of Civil Procedure § 36(a) that provides:

> "(a) A party to a civil action who is over 70 years of age may petition the court for a preference, which the court shall grant if the court makes both of the following findings:
>
> "(1) The party has a substantial interest in the action as a whole.
>
> "(2) The health of the party is such that a preference is necessary to prevent prejudicing the party's interest in the litigation."

As more fully set forth in the TCC Motion, Mr. Edelen is 73 years old and Mr. Fohrman is 79 years old. Both have a substantial interest in the action as a whole, and both have health issues such that preference is necessary to prevent prejudicing their interests in the litigation.

"[A]s a matter of statutory construction section 36 must be deemed to be mandatory and absolute in its application if plaintiffs qualify under subdivision (a) thereof." *Koch-Ash v. Superior Court*, 180 Cal.App.3d 689, 694, 225 Cal. Rptr. 657 (Ct. App. 1986).

"The clear intent of the Legislature is to safeguard litigants who qualify under subdivision (a) of section 36 against the acknowledged risk that death or incapacity might deprive them of the opportunity to have their case effectively tried and to obtain the appropriate recovery. [Citation.]" *Swaithes v. Superior Court*, 212 Cal.App.3d 1082, 1085, 261 Cal. Rptr. 41 (Ct. App. 1989). "Such a preference is not only necessary to assure a party's peace of mind that he or she will live to see a particular dispute brought to resolution but it can also have substantive consequences. The party's presence and ability to testify in person and/or assist counsel may be critical to success. In addition, the nature of the ultimate recovery can be adversely affected by a plaintiff's death prior to judgment. [Citation.]" *Looney v. Superior Court* (1993) 16 Cal.App.4th 521, 532, 20 Cal. Rptr. 2d 182 (Ct. App. 1993).

In sum, "Elderly litigants are clearly entitled to have their case effectively tried and to have the opportunity to enjoy during their own lifetime any benefits received." *Swaithes*, *supra*, 212 Cal.App.3d at p. 1086.

## III. JOINDER OF ROXANNE EDELEN, THE WILLIAM L. EDELEN AND ROXANNE G. EDELEN TRUST AGREEMENT DATED JUNE 22, 2001, RALEIGH FOHRMAN, THE FOHRMAN FAMILY TRUST DATED FEBRUARY 3, 1976, JEREMY OLSAN, ANN DUBAY, JACOB OLSAN, AND THE JEREMY L. OLSAN AND ANN M. DUBAY TRUST DATED NOVEMBER 29, 2001

Roxanne Edelen is the wife of William Edelen. Mr. and Mrs. Edelen are Trustees of The William L. Edelen and Roxanne G. Edelen Trust Agreement Dated June 22, 2001. Their intricately landscaped 2/3-acre property with a 3,200 square foot custom designed home located at 3927 Rincon Ridge Drive in Santa Rosa, California that was devastated by the Tubbs Fire, was held in The William L. Edelen and Roxanne G. Edelen Trust Agreement Dated June 22, 2001. The William L. Edelen and Roxanne G. Edelen Trust Agreement Dated June 22, 2001 is an indivisible party, as the property that was held in the trust was destroyed by the Tubbs Fire.

Burton Fohrman lived with his wife Raleigh Fohrman in a home located on 100 heavily wooded acres at 6200 Heights Road in Santa Rosa, California. Mr. Fohrman's step-son Jeremy Olsan, daughter-in-law Ann DuBay and grandson Jacob Olsan lived in a separate house on the same property, at 6210 Heights Road in Santa Rosa, California. Both homes, as well as thousands of feet of fencing, hundreds of trees, and native vegetation, were devastated by the Tubbs Fire. Mr. Forhman and his family were forced to flee their property while it was in flames at 12:05 a.m. on October 9, 2017. The entire family lost their homes, personal property, and have claims for, *inter alia*, mental anguish and nuisance as a result of the Tubbs Fire.

Burton Fohrman and Raleigh Fohrman are Trustees of The Fohrman Family Trust Dated February 3, 1976. 51% of the interest in the real property located at 6200-6210 Heights Road in Santa Rosa, California, is held in The Fohrman Family Trust Dated February 3, 1976. Jeremy Olsan and Ann DuBay are Trustees of The Jeremy L. Olsan and Ann M. DuBay Trust Dated November 29, 2001. 49% of the interest in the real property located at 6200-6210 Heights Road in Santa Rosa, California, is held in The Jeremy L. Olsan and Ann M. DuBay Trust Dated November 29, 2001. The Fohrman Family Trust Dated February 3, 1976 and The Jeremy L. Olsan and Ann M. DuBay Trust Dated

November 29, 2001 are indivisible parties, as the property held in the trusts was destroyed by the Tubbs Fire.

Along with William Edelen and Burton Fohrman, Fire Victim Claimants Roxanne Edelen, The William L. Edelen and Roxanne G. Edelen Trust Agreement Dated June 22, 2011, Raleigh Fohrman, The Fohrman Family Trust Dated February 3, 1976, Jeremy Olsan, Ann DuBay, Jacob Olsan, and The Jeremy L. Olsan and Ann M. DuBay Trust Dated November 29, 2011 hereby join, as moving parties, in the TCC's Amended Motion for relief from automatic stay.

Raleigh Fohrman is over 70 years old and also suffers from debilitating health issues but has not sought preference directly. Roxanne Edelen, Jeremy Olsan, Ann DuBay and Jacob Olsan are not over 70 years old and do not suffer from debilitating health issues. However, all of the above Claimants are indispensable parties under California Code of Civil Procedure § 389 whose joinder in their family's preference trial would be compulsory should the Coordination Trial Court grant the anticipated preference motion brought by William Edelen, Burton Fohrman, and nine others.

California Code of Civil Procedure § 389(a) provides:

> "(a) A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party."

Mssrs. Edelen and Fohrman both have substantial interests relating to the subject of the proposed preference trial as joint owners of real and personal property and, in the case of Burton Fohrman and his family, substantially similar nuisance and zone of danger claims as well as parallel claims for negligent infliction of emotional distress. Failure to allow them to join in the preference motion will both impair and impede those interests and may subject Debtors to a substantial risk of inconsistent obligations.

The discretionary joinder of parties with related claims in a preference action is specifically permitted by California Code of Civil Procedure § 36(e) that provides: "Notwithstanding any other

5

provision of law, the court may in its discretion grant a motion for preference that is supported by a showing that satisfies the court that the interests of justice will be served by granting this preference."

## IV. JOINDER OF THE ESTATE OF MONTE KIRVEN, AND KATHLEEN GROPPE, KEN KIRVEN AND BRIAN KIRVEN AS WRONGFUL DEATH HEIRS OF MONTE KIRVEN

Fire Victim Claimants Kathleen Groppe, Ken Kirven and Brian Kirven are wrongful death heirs of Monte Kirven and hereby seek relief from the automatic stay, along with the Estate of Monte Kirven and the preference claimants identified herein. Kathleen Groppe, Ken Kirven, Brian Kirven and the Estate of Monte Kirven hereby join, as moving parties, the TCC's Amended Motion for relief from automatic stay.

Decedent Monte Kirven was a healthy and active 81 year old man who owned a 1,600 square foot home with a separate 500 square foot workshop on 3.9 acres where he resided at 5375 Linda Lane in Santa Rosa, California. The house was filled with rare artifacts from around the world, as Mr. Kirven was an esteemed biologist and environmental conservationist who actively saved falcons from extinction. The Tubbs Fire destroyed Mr. Kirven's home, property and possessions, and took Mr. Kirven's life, leaving only his chimney and fireplace standing. Pathology and autopsy services were only able to recover some crumbling portions of charred bone fragments among the rubble for burial. Mr. Kirven is survived by his three adult children, Kathleen Groppe, Ken Kirven and Brian Kirven, who were very close to Mr. Kirven and adored him.

The wrongful death heirs of decedent Monte Kirven (Kathleen Groppe, Ken Kirven and Brian Kirven) have substantial interests relating to the subject of the proposed preference trial under the California Code of Civil Procedure § 36(e), which provides: "Notwithstanding any other provision of law, the court may in its discretion grant a motion for preference that is supported by a showing that satisfies the court that the interests of justice will be served by granting this preference." The interest of justice will be served by granting preference to the wrongful death heirs of Monte Kirven, as the decedent's heirs have already waited nearly two years for justice and recovery of their father's estate and their significant and irreplaceable losses.

6

The discretionary joinder of parties with related claims in a preference action is specifically permitted by California Code of Civil Procedure § 36(e). Failure to allow them to join in the preference motion will both impair and impede those interests and may subject Debtors to a substantial risk of inconsistent obligations.

## V. CONCLUSION

For all of the foregoing reasons, William Edelen, Roxanne Edelen, The William L. Edelen and Roxanne G. Edelen Trust Agreement Dated June 22, 2011, Burton Fohrman, Raleigh Fohrman, The Fohrman Family Trust Dated February 3, 1976, Jeremy Olsan, Ann DuBay, Jacob Olsan, The Jeremy L. Olsan and Ann M. DuBay Trust Dated November 29, 2011, the heirs of decedent Monte Kirven (Kathleen Groppe, Ken Kirven and Brian Kirven), and the Estate of Monte Kirven each respectfully request that this Court grant the motion for relief from the automatic stay to allow them to: (a) file a motion for trial preference pursuant to California Code of Civil Procedure § 36 in the San Francisco Superior Court; and (b) proceed to a jury trial in San Francisco County Superior Court on their claims arising out of the 2017 Tubbs Fire.

DATED: July 11, 2019            Respectfully submitted,

ABBEY, WEITZENBERG, WARREN & EMERY, PC

By: /s/ Brendan M. Kunkle
Brendan M. Kunkle
Michael D. Green
Attorneys for Individual Fire Victim Creditors

7