1  FRANK M. PITRE (SBN 100077)
   fpitre@cpmlegal.com
2  JOSEPH W. COTCHETT (SBN 36324)
   jcotchett@cpmlegal.com
3  ALISON E. CORDOVA (SBN 284942)
4  acordova@cpmlegal.com
   COTCHETT, PITRE & McCARTHY, LLP
5  San Francisco Airport Office Center
   840 Malcolm Road, Suite 200
6  Burlingame, OA 94010
7  Telephone: (650) 697-6000 Facsimile: (650) 697 0577

8  STEVEN M. CAMPORA (SBN 110909)
   scampora@dbbwlaw.com
9  DREYER BABICH BUCCOLA WOOD CAMPORA, LLP
   20 Bicentennial Circle
10 Sacramento, CA 95826
11 Telephone: (916) 379-3500 Facsimile: (916)379-3599

12 Attorneys for Fire Victim Claimants

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                **Debtors.**<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**JOINDER IN MOTION OF OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR RELIEF FROM AUTOMATIC STAY TO PERMIT STATE COURT JURY TRIAL OF 2017 TUBBS WILDFIRE CLAIMS**<br>**(Docket Nos. 2842-2851)** |

JOINDER IN MOTION OF OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR RELIEF FROM AUTOMATIC STAY TO PERMIT STATE COURT JURY TRIAL OF 2017 TUBBS WILDFIRE CLAIMS

Case: 19-30088    Doc# 2942    Filed: 07/11/19    Entered: 07/11/19 16:11:02    Page 1 of 6

## I. INTRODUCTION

Fire Victim Claimants Don Louis Kamprath, Elizabeth Fourkas, and Greg and Christina Wilson represent three of the eleven claims from the 2017 Tubbs Fire for which the Official Committee of Tort Claimants (the "TCC") has made an Amended Motion for Relief From Automatic Stay, hereinafter referred to as the "TCC Motion", asking the court to allow eleven Tubbs Fire claims to proceed to trial against Debtors and to request that the Coordination Trial Judge in the California North Bay Fire Cases, JCCP 4955 (the "Coordinated Action"), order the eleven cases to trial with preference pursuant to California Code of Civil Procedure § 36. Don Louis Kamprath, Elizabeth Fourkas, and Greg and Christina Wilson hereby join, as moving parties, the TCC Motion.

Fire Victim Claimants, Don Louis Kamprath, Elizabeth Fourkas and Greg and Christina Wilson are represented by the firms of Cotchett, Pitre & McCarthy, LLP and Dreyer, Babich, Buccola, Wood, Campora, LLP in the Coordinated Action and the Chapter 11 proceeding.

Fire Victim Claimants, Ruth Kamprath, the Donald L. Kamprath and Ruth Johnson Kamprath Revocable Trust, Pete Fourkas, Alissa Fourkas, the Fourkas Family Trust are indivisible parties of record in the Coordinated Action and in this pending Chapter 11 proceeding. They are also represented by the firms of Cotchett, Pitre & McCarthy, LLP and Dreyer, Babich, Buccola, Wood, Campora, LLP, in each of those matters. They are not among the specific victims identified in the TCC Motion.

For the reasons set forth below, Don Louis Kamprath, Ruth Kamprath, the Donald L. Kamprath and Ruth Johnson Kamprath Revocable Trust, Elizabeth Fourkas, Pete Fourkas, Alissa Fourkas, the Fourkas Family Trust, Greg Wilson, and Christina Wilson hereby join, as moving parties, in the TCC's Motion and respectfully request that this Court grant the relief from automatic stay as requested in that motion.

## II. JOINDER OF DON LOUIS KAMPRATH AND ELIZABETH FOURKAS

Fire Victim Claimants Don Louis Kamprath and Elizabeth Fourkas hereby join, as moving parties, the TCC's Motion for relief from the automatic stay to allow them to: (a) file a motion in the Coordinated Action for trial preference pursuant to California Code of Civil Procedure § 36

---
JOINDER IN MOTION OF OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR RELIEF FROM AUTOMATIC STAY TO PERMIT STATE COURT JURY TRIAL OF 2017 TUBBS WILDFIRE CLAIMS  2

based on their age and health conditions; and (b) proceed to a jury trial in the California Superior Court on their claims against Debtors arising out of the Tubbs Fire.

The TCC Motion sets forth the reasons why this Court should lift the automatic stay. Don Louis Kamprath and Elizabeth Fourkas qualify for mandatory trial preference in the Coordinated Action under California Code of Civil Procedure § 36(a) that provides:

> "(a) A party to a civil action who is over 70 years of age may petition the court for a preference, which the court shall grant if the court makes both of the following findings:
>
> "(1) The party has a substantial interest in the action as a whole.
>
> "(2) The health of the party is such that a preference is necessary to prevent prejudicing the party's interest in the litigation."

As more fully set forth in the TCC Motion, Mr. Kamprath is 87 years old and Ms. Fourkas is 89 years old. Both have a substantial interest in the action as a whole, and both have health issues such that preference is necessary to prevent prejudicing their interests in the litigation.

"[A]s a matter of statutory construction section 36 must be deemed to be mandatory and absolute in its application if plaintiffs qualify under subdivision (a) thereof." *Koch-Ash v. Superior Court*, 180 Cal.App.3d 689, 694, 225 Cal. Rptr. 657 (Ct. App. 1986).

"The clear intent of the Legislature is to safeguard litigants who qualify under subdivision (a) of section 36 against the acknowledged risk that death or incapacity might deprive them of the opportunity to have their case effectively tried and to obtain the appropriate recovery. [Citation.]" *Swaithes v. Superior Court*, 212 Cal.App.3d 1082, 1085, 261 Cal. Rptr. 41 (Ct. App. 1989). "Such a preference is not only necessary to assure a party's peace of mind that he or she will live to see a particular dispute brought to resolution but it can also have substantive consequences. The party's presence and ability to testify in person and/or assist counsel may be critical to success. In addition, the nature of the ultimate recovery can be adversely affected by a plaintiff's death prior to judgment. [Citation.]" *Looney v. Superior Court* (1993) 16 Cal.App.4th 521, 532, 20 Cal. Rptr. 2d 182 (Ct. App. 1993).

JOINDER IN MOTION OF OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR RELIEF FROM AUTOMATIC STAY TO PERMIT STATE COURT JURY TRIAL OF 2017 TUBBS WILDFIRE CLAIMS   3

Case: 19-30088   Doc# 2942   Filed: 07/11/19   Entered: 07/11/19 16:11:02   Page 3 of 6

In sum, "Elderly litigants are clearly entitled to have their case effectively tried and to have the opportunity to enjoy during their own lifetime any benefits received." *Swaithes, supra,* 212 Cal.App.3d at p. 1086.

### III. JOINDER OF RUTH KAMPRATH, THE DONALD L. KAMPRATH AND RUTH JOHNSON KAMPRATH REVOCABLE TRUST, PETE FOURKAS, ALISSA FOURKAS, AND THE FOURKAS FAMILY TRUST

Ruth Kamprath is the wife of Don Louis Kamprath. Mr. and Mrs. Kamprath are Trustees of The Donald L. Kamprath and Ruth Johnson Kamprath Revocable Trust. Their custom-designed home on 2.5 acres at 1282 Michele Way, Santa Rosa 95404, California that was devastated by the Tubbs Fire, was held in The Donald L. Kamprath and Ruth Johnson Kamprath Revocable Trust. The Donald L. Kamprath and Ruth Johnson Kamprath Revocable Trust is an indivisible party, as the property that was held in the trust was destroyed by the Tubbs Fire.

Elizabeth Fourkas lived with her husband Pete Fourkas and their daughter Alissa Fourkas at their home located on 207.5 acres at 19230 Hwy. 128, Calistoga, California. Mr. and Mrs. Fourkas are Trustees of the Fourkas Family Trust. The property at 19230 Hwy. 128, Calistoga, California was devastated by the Tubbs Fire and held in the Fourkas Family Trust. Pete Fourkas, Alissa Fourkas, and the Fourkas Family Trust are therefore, indivisible parties.

Along with Don Louis Kamprath and Elizabeth Fourkas, Fire Victim Claimants Ruth Kamprath, the Donald L. Kamprath and Ruth Johnson Kamprath Revocable Trust, Pete Fourkas, Alissa Fourkas, the Fourkas Family Trust hereby join, as moving parties, in the TCC's Motion for relief from automatic stay.

Ruth Kamprath is 76 years old and suffers from acute anxiety and severe panic attacks but has not sought preference directly. Pete Fourkas died after PG&E filed for Chapter 11 Bankruptcy on February 14, 2019, but he resided at the property with Elizabeth Fourkas and his daughter, Alissa Fourkas before the Tubbs Fire and was a Trustee of the Fourkas Family Trust. Alissa Fourkas is not over 70 years old and does not suffer from debilitating health issues. However, all of the above Claimants are indispensable parties under California Code of Civil Procedure § 389 whose joinder

JOINDER IN MOTION OF OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR RELIEF FROM AUTOMATIC STAY TO PERMIT STATE COURT JURY TRIAL OF 2017 TUBBS WILDFIRE CLAIMS (Docket Nos. 2842-2851)

4

Case: 19-30088    Doc# 2942    Filed: 07/11/19    Entered: 07/11/19 16:11:02    Page 4 of 6

in their family's preference trial would be compulsory should the Coordination Trial Court grant the anticipated preference motion in the Coordinated Action.

California Code of Civil Procedure § 389(a) provides:

"(a) A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party."

The aforementioned parties both have substantial interests relating to the subject of the proposed preference trial as joint owners of real and personal property, and substantially similar nuisance and zone of danger claims as well as parallel claims for negligent infliction of emotional distress. Failure to allow them to join in the preference motion will both impair and impede those interests and may subject Debtors to a substantial risk of inconsistent obligations.

The discretionary joinder of parties with related claims in a preference action is specifically permitted by California Code of Civil Procedure § 36(e) that provides: "Notwithstanding any other provision of law, the court may in its discretion grant a motion for preference that is supported by a showing that satisfies the court that the interests of justice will be served by granting this preference."

## IV. JOINDER OF GREG AND CHRISTINA WILSON

Fire Victim Claimants Greg and Christina Wilson hereby seek relief from the automatic stay, along with the aforementioned claimants identified herein. Greg and Christina Wilson hereby join, as moving parties, the TCC's Motion.

Mr. and Mrs. Wilson (both 54 years old) owned 1420 Lorraine Way, Santa Rosa, CA, and resided in a 2,200 square foot house on .5 acres prior to the Tubbs Fire. When the Wilson's attempted to escape the Tubbs Fire, they found themselves trapped in with only one chance at survival: treading water in the family swimming pool for approximately three hours as the fire burned them and

JOINDER IN MOTION OF OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR RELIEF FROM AUTOMATIC STAY TO PERMIT STATE COURT JURY TRIAL OF 2017 TUBBS WILDFIRE CLAIMS  5

Case: 19-30088   Doc# 2942   Filed: 07/11/19   Entered: 07/11/19 16:11:02   Page 5 of 6
(Docket Nos. 2642-2851)

everything around them. Both suffered severe physical injuries and were put into induced comas when they were finally saved by first responders and taken to the Intensive Care Unit at UCSF. Both spent nearly two weeks recuperating in Intensive Care. Their home and all of their possessions were completely destroyed, and they lost income. The Wilson's are currently rebuilding.

Mr. and Mrs. Wilson qualify for trial preference under California Code of Civil Procedure § 36(e), which provides: "Notwithstanding any other provision of law, the court may in its discretion grant a motion for preference that is supported by a showing that satisfies the court that the interests of justice will be served by granting this preference." The interest of justice will be served by granting preference to Mr. and Mrs. Wilson, who suffered severe, catastrophic injuries and have already waited nearly two years for justice and recovery of their losses.

The discretionary joinder of parties with related claims in a preference action is specifically permitted by California Code of Civil Procedure § 36(e). Failure to allow them to join in the preference motion will both impair and impede those interests and may subject Debtors to a substantial risk of inconsistent obligations.

## V. CONCLUSION

For all of the foregoing reasons, Don Louis Kamprath, Ruth Kamprath, the Donald L. Kamprath and Ruth Johnson Kamprath Revocable Trust, Elizabeth Fourkas, Pete Fourkas, Alissa Fourkas, the Fourkas Family Trust, Greg Wilson, and Christina Wilson each respectfully request, as moving parties, that this Court grant the TCC Motion for relief from the automatic stay to allow them to: (a) file a motion for trial preference pursuant to California Code of Civil Procedure § 36 in the San Francisco Superior Court; and (b) proceed to a jury trial in San Francisco County Superior Court on their claims arising out of the 2017 Tubbs Fire.

DATED: July 11, 2019

Respectfully submitted,

COTCHETT, PITRE & McCARTHY, LLP

By: _____
FRANK M. PITRE

JOINDER IN MOTION OF OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR RELIEF FROM AUTOMATIC STAY TO PERMIT STATE COURT JURY TRIAL OF 2017 TUBBS WILDFIRE CLAIMS — 6

Case: 19-30088    Doc# 2942    Filed: 07/11/19    Entered: 07/11/19 16:11:02    Page 6 of 6