Baker & Hostetler LLP
Attorneys at Law
San Francisco

**EXHIBIT A**

# Instructions

## For Bankruptcy Forms for Non-Individuals

U.S. Bankruptcy Court     |     December 2015 (Rev. March 2019)

## General Instructions ..................................................................................... 2

Overview of the bankruptcy forms and filing bankruptcy ................................................. 3

Follow these privacy restrictions........................................................................ 3

Understand the terms used in the forms ................................................................. 3

Things to remember when filling out and filing these forms............................................. 3

Filing amended forms .................................................................................... 3

On what date was a debt incurred?...................................................................... 3

About the Process for Filing a Bankruptcy Case for Non-Individuals ................................... 4

## Instructions for Selected Forms ........................................................... 6

Schedule A/B: Real and Personal Property (Official Form 206A/B) ................................... 7

Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)..................... 9

Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F) ........................... 11

Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G) ........................ 14

## Glossary .................................................................................................. 15

Definitions Used in the Forms for Non-Individuals Filing for Bankruptcy........................ 16

Case: 19-30088    Doc# 2965-1    Filed: 07/12/19    Entered: 07/12/19 18:29:05    Page 3
of 21

# General Instructions

This document provides instructions for completing selected forms that entities other than individuals and municipalities filing for bankruptcy must submit to the U.S. Bankruptcy Court. All of the required forms can be downloaded without charge from:

http://www.uscourts.gov/FormsAndFees/Forms/BankruptcyForms.aspx.

The instructions are designed to accompany the forms and are intended to help in understanding what information is required to properly file. The representatives of the debtor working on the forms should review each form and any pertinent instructions before supplying the information for each form.

Although the forms often parallel how businesses commonly keep their financial records, it is not always possible to do so because information needed in a bankruptcy case is often different from that prescribed under generally accepted accounting principles. These instructions highlight some of the differences between the bankruptcy documents and accounting records. Debtors should complete all of the information required to the best of their ability.

These instructions are not a substitute for legal advice about bankruptcy and the required forms. Completing the forms is only a part of the bankruptcy process.

Non-individual debtors must have an attorney to file for bankruptcy. Although the attorney may prepare the forms using information supplied by the debtor, representatives of the debtor must ensure that the forms are accurate and complete and must sign the forms under penalty of perjury.

## Read This Important Warning

**Non-individual debtors must be represented by an attorney.**

**Bankruptcy can have serious long-term financial and legal consequences, including loss of property. Only an attorney can give legal advice regarding the possible consequences of filing for bankruptcy and the various options that are available.**

**Entities may not file bankruptcy if they are not eligible to file or do not intend to file the documents necessary to complete the bankruptcy.**

**Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Overview of the bankruptcy forms and filing bankruptcy

Use the forms in the 200 series if the debtor is a non-individual, such as a corporation, partnership, or limited liability company (LLC). Forms in the 100 series are used by individuals or married couples. Sole proprietors must use the forms in the 100 series.

When a bankruptcy petition is filed, the U.S. Bankruptcy Court opens a case. It is important that the answers to the questions on the forms be complete and accurate so that the case proceeds smoothly. A person who gives false information in connection with a bankruptcy case could be charged with a federal crime, and the debtor may lose the benefits of filing for bankruptcy.

Filing a bankruptcy case is not private. Anyone has a right to see a debtor's bankruptcy forms after the debtor files them. In some circumstances, the bankruptcy court may issue a protective order to keep trade secrets or other confidential proprietary information from being disclosed to the public. 11 U.S.C. § 107 and Bankruptcy Rule 9037.

## Follow these privacy restrictions

- Do not list a minor child's full name on any form. Instead, fill in only the child's initials and the full name and address of the child's parent or guardian. For example, write A.B., a minor child (*John Doe, parent, 123 Main St., City, State*). 11 U.S.C. § 112; Bankruptcy Rules 1007(m) and 9037.

- Do not list a person's date of birth.

- Do not list anyone's full Social Security number on any form.

## Understand the terms used in the forms

To understand terms used in the forms and the instructions, see the *Glossary* at the end of this document.

## Things to remember when filling out and filing these forms

- Be as complete and accurate as possible.

- If more space is needed, attach a separate sheet to the form. On the top of any pages added, write the debtor's name and case number, if known. Also identify the form and line number to which the additional information applies.

- Do not file these instructions with the bankruptcy forms that the debtor files with the court.

- For the debtor's records, be sure to keep a copy of the debtor's bankruptcy documents and all attachments that the debtor files.

## Filing amended forms

Check the box on the top of the form to show that the debtor is submitting an amendment.

## On what date was a debt incurred?

When a debt was incurred on a single date, fill in the actual date that the debt was incurred.

When a debt was incurred on multiple dates, fill in the range of dates. For example, if the debt is from a credit card, fill in the month and year of the first and last transactions, if known.

Case: 19-30088    Doc# 2965-1    Filed: 07/12/19    Entered: 07/12/19 18:29:05    Page 5 of 21

# About the Process for Filing a Bankruptcy Case for Non-Individuals

To file for bankruptcy, the debtor must give the court several forms and documents. Some must be filed at the time the debtor files the case. Others may be filed up to 14 days later.

## When the debtor files its bankruptcy case

The debtor must file the forms listed below on the date the debtor files its bankruptcy case. For copies of the forms listed here, go to http://www.uscourts.gov/FormsAndFees/Forms/BankruptcyForms.aspx.

❑ *Voluntary Petition for Non-Individuals Filing for Bankruptcy* (Official Form 201). This form opens the case. Directions for completing it are included in the form itself.

❑ *A list of names and addresses of all of the debtor's creditors*, formatted as a mailing list according to instructions from the bankruptcy court in which the debtor files. (The bankruptcy court may call this a *creditor matrix* or *mailing matrix*.)

❑ *Chapter 11 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims Against Debtor and Are Not Insiders* (Official Form 204). Fill out this form only if the debtor files under chapter 11.

❑ *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy Under Chapter 11* (Official Form 201A). This form is filed only by non-individual debtors who file under chapter 11 and who are required to file periodic reports (for example, Forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934.

## When the debtor files its bankruptcy case or within 14 days after filing

The debtor must file the forms listed below with its *Voluntary Petition for Non-Individuals Filing for Bankruptcy* (Official Form 201) or within 14 days, or such additional time as the court may order, after filing. If the debtor does not do so, the case may be dismissed. Although it is possible to open a case by submitting only the documents listed under *When the debtor files its bankruptcy case*, the debtor should file the entire set of forms at one time to help its case proceed smoothly.

The debtor must fill out all of the forms completely even though some forms may ask similar questions.

The list below identifies the documents that all non-individuals must file as well as those that are specific to each chapter. For copies of the official forms, go to http://www.uscourts.gov/FormsAndFees/Forms/BankruptcyForms.aspx.

Case: 19-30088   Doc# 2965-1   Filed: 07/12/19   Entered: 07/12/19 18:29:05   Page 6 of 21

- *Schedules of Assets and Liabilities* (Official Form 206) which includes these forms:

  - *Schedule A/B: Real and Personal Property* (Official Form 206A/B)

  - *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

  - *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

  - *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

  - *Schedule H: Codebtors* (Official Form 206H)

  - *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum). This form gives an overview of the totals on the schedules.

- *Declaration Under Penalty of Perjury for Non-Individual Debtors* (Official Form 202– Declaration)

- *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207)

- *Disclosure of Compensation to Debtor's Attorney* — Unless local rules provide otherwise, Director's Form 2030 may be used.

If the debtor files under chapter 11 and meets the criteria and debt limits outlined in 11 U.S.C. § 101(51D), the debtor qualifies as a small business debtor and must file with the petition its most recent

- balance sheet,

- statement of operations,

- cash-flow statement, and

- federal income tax return.

If the debtor does not have these documents, the debtor must file a statement made under penalty of perjury that the debtor has not prepared either a balance sheet, statement of operations, or cash-flow statement or the debtor has not filed a federal tax return.

# Instructions for Selected Forms

Case: 19-30088    Doc# 2965-1    Filed: 07/12/19    Entered: 07/12/19 18:29:05    Page 8
of 21

# Schedule A/B: Real and Personal Property
## (Official Form 206A/B)

*Schedule A/B: Assets – Real and Personal Property* (Official Form 206A/B) requires debtors to list most of the property interests that are involved in a bankruptcy case. All debtors filing for bankruptcy must honestly list everything they own or in which they have a legal, equitable, or future interest. *Legal, equitable, or future interest* are broad terms and include all kinds of property interests in both tangible and intangible property, whether or not anyone else has an interest in that property.

The information in this form is grouped by asset category and, in general, follows the layout and order of liquidity found in a balance sheet. Examples are included for some items and are meant to give debtors an idea of what to include in the categories. The examples are not intended to be complete lists of everything within that category.

An authorized representative of the debtor must verify under penalty of perjury that the information provided is true and correct. Bankruptcy Rule 1008.

If the debtor makes a false statement or conceals property, the debtor may be fined up to $500,000 or be imprisoned for up to 20 years or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Understand the terms used in this form

### Current value

In this form, the debtor must report the *current value of the debtor's interest* in any property that it owns in each category. *Current value* is sometimes called *fair market value* and, for this form, it is the fair market value as of the date of filing the bankruptcy petition. *Current value* is how much the property is currently worth, which may be more or less than the amount the debtor paid for the property or the book value of the property.

### Valuation method used for current value

In certain asset categories, the debtor must also provide the valuation method used to calculate the current value. Select a reasonable method that provides an accurate estimation of current value.

Examples of valuation methods may include:

- **Appraisal** (provide the date the appraisal was conducted);

- **Comparable sales** (for example, blue-book values or comparable sales provided by a broker);

- **Revenue-based** (for example, present value of revenue streams calculated for a hotel or apartment complex based on rents and available rooms);

Case: 19-30088    Doc# 2965-1    Filed: 07/12/19    Entered: 07/12/19 18:29:05    Page 9 of 21

- **Liquidation value** (for example, the price of the property when it is not allowed sufficient time to sell in the open market—this figure is typically provided by a professional);

- **Expert** (for example, an accountant or advisor who has special expertise with regard to the property);

- **Replacement value** (the cost of replacing the property);

- **Tax records** (for example, the value assessed on the property by the county appraisal);

- **Recent cost-based valuations** (for example, first-in first-out inventory valuation method).

**Net book value of debtor's interest (where available)**

If the debtor does not prepare a balance sheet for its financial records or for its tax returns, then it does not need to provide information in this column.

If the debtor prepares a balance sheet for its financial records or for its tax returns, then it must also provide the *net book value of debtor's interest* for certain types of property. For purposes of this form, use the book value reported on the most recent balance sheet prepared before filing this case.

*Net book value* is the carrying value of an asset on the debtor's books or financial records and is generally calculated by taking the original cost of the property and subtracting depreciation or amortization expenses (if any).

Depreciation and amortization expenses are calculated using accounting procedures that allocate the cost of certain property over its useful life. It represents the decline in value over time due to wear and tear, obsolescence, or other factors.

**How to list items on this form**

- List items only once on this form; do not list an item in more than one category. If an item could fit into more than one category, select the category the debtor thinks is the most suitable and list the item there. For example, a car dealership may report vehicles under *Part 4: Inventory* instead of under *Part 8: Machinery, equipment, and vehicles*.

- List property held for resale in *Part 4: Inventory*. If the debtor separates manufactured items into raw materials, work in progress, and finished goods, report those items in the categories provided as appropriate. If the debtor only purchases items and holds them for resale and does not do any manufacturing, then report the items under finished goods, not as raw materials or work in progress.

- The values reported on this form must match the values reported on *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D).

- In Schedule A/B, list any executory contracts or unexpired leases (for example, an unexpired lease for a building, a real estate listing agreement, or leases for machinery or equipment). Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

# Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

The people or organizations to whom the debtor owes money are called its *creditors*. A *claim* is a creditor's right to payment.

Creditors may have different types of claims:

- **Secured claims**. Report these on *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D).

- **Unsecured claims**. Report these on *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F).

Creditors with secured claims may be able to get paid from specific property in which that creditor has a security interest, such as a mortgage or a lien. That property is sometimes called *collateral* for the debt. Creditors with unsecured claims do not have rights against specific property, or the specific property in which the creditor has rights is not worth enough to pay the creditor in full.

## Claims may be contingent, unliquidated, or disputed

Many claims have a specific amount which the debtor clearly owes. But some claims are uncertain or become due only after the bankruptcy petition is filed. All claims must be listed in the schedules, even if they are contingent, unliquidated, or disputed.

A claim is *contingent* if the debtor is not obligated to pay it unless a particular event occurs after the bankruptcy petition is filed.

A claim is *unliquidated* if the amount of the debt cannot be readily determined, such as by referring to an agreement or by a simple computation. An unliquidated claim is one for which there may be a definite liability but where the amount of the claim has not been determined.

A claim is *disputed* if the debtor disagrees that it owes all or a portion of the debt.

A single claim can have one, more than one, or none of these characteristics.

## Do not omit any secured creditors

In alphabetical order, list all creditors that have judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and purchase money security interests or other consensual liens against property of the debtor. These categories can be used to describe the lien.

The form is divided into parts. List a debt in Part 1 only once and list any other entities that should be notified about that debt in Part 2. For example, if an attorney is trying to collect a debt that the debtor owes to someone else, list the person to whom the debtor owes the debt in Part 1 and list the attorney in Part 2.

Case: 19-30088    Doc# 2965-1    Filed: 07/12/19    Entered: 07/12/19 18:29:05    Page 11 of 21

**Determine the amount of each secured creditor's claim or claims**

To determine the amount of a secured claim, compare the amount of the claim to the value of the debtor's interest in the property that is collateral for the claim. If that value is greater than the amount of the claim, then the entire amount of the claim is *secured*.

If the value of the property that is collateral for the claim is less than the amount of the claim, the difference is *unsecured*.

For example, if the outstanding balance due on an equipment loan is $100,000 and the equipment is worth $80,000, the lender has a secured claim of $80,000 and an unsecured claim of $20,000. In that situation, list the creditor only once on *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D). Do not list the creditor again on *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F). In addition, if the case is a chapter 11 case and the creditor's unsecured claim makes it one of the 20 largest unsecured creditors, the creditor must also be included on *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims Who Are Not Insiders* (Official Form 204).

List a creditor in Schedule D even if it appears that no value exists to support that creditor's secured claim, as long as the creditor has a security interest in some property owned by the debtor. If the claim is secured only by property owned by a non-debtor, list the claim in Schedule E/F.

If there is more than one secured claim against the same property, the amount of the claim that is entitled to be paid first must be subtracted from the property value to determine how much value remains for the next claim.

For example, if a building worth $300,000 has a first mortgage of $200,000 and a second mortgage of $150,000, the first mortgage would be fully secured, and there would be $100,000 of property value for the second mortgage, and the claim secured by the second mortgage would have an unsecured portion of $50,000.

|  | $300,000 | value of a building |
| - | $200,000 | first mortgage |
|  | $100,000 | remaining property value |
|  |  |  |
|  | $150,000 | second mortgage |
| - | $100,000 | remaining property value |
|  | $ 50,000 | unsecured portion of second mortgage claim |

Case: 19-30088    Doc# 2965-1    Filed: 07/12/19    Entered: 07/12/19 18:29:05    Page 12 of 21

# Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

The people or organizations to whom the debtor owes money are called its *creditors*. A claim is a creditor's right to payment.

Creditors may have different types of claims:

- **Secured claims**. Report these on *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D).

- **Unsecured claims**. Report these on *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F).

Creditors with unsecured claims do not have rights against specific property, or the specific property in which the creditor has rights is not worth enough to pay the creditor in full.

Use *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F) to identify everyone who holds an unsecured claim against the debtor as of the date the bankruptcy petition is filed unless that creditor is already listed on *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D).

Creditors with secured claims have a right to take property from the debtor if the debtor does not pay them. They should be listed on *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D).

If a secured creditor's full claim exceeds the value of the property securing that claim, the creditor may have a secured claim for the value of the property and an unsecured claim for the deficiency. In that situation, list the creditor only once on *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D). Do not list the creditor again on *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F).

List a creditor in Schedule D even if it appears that no value exists to support that creditor's secured claim.

## Claims may be contingent, unliquidated, or disputed

Many claims have a specific amount which the debtor clearly owes. But some claims are uncertain or become due only after the date the bankruptcy petition is filed. All claims, whether they are certain or uncertain as of the date of the filing, must be listed in the schedules, even if the claims are contingent, unliquidated, or disputed.

A claim is *contingent* if the debtor is not obligated to pay it unless a particular event occurs after the petition is filed.

A claim is *unliquidated* if the amount of the debt cannot be readily determined, such as by referring to an agreement or by a simple computation. An unliquidated claim is one for which there may be a definite liability but where the amount of the claim has not been set.

A claim is *disputed* if the debtor disagrees that it owes all or a portion of the debt.

A single claim can have one, more than one, or none of these characteristics.

Case: 19-30088   Doc# 2965-1   Filed: 07/12/19   Entered: 07/12/19 18:29:05   Page 13 of 21

## Unsecured claims may be either priority or nonpriority claims

### What are priority unsecured claims?

In bankruptcy cases, *priority unsecured claims* are those debts that the Bankruptcy Code requires to be paid before most other unsecured claims are paid. The most common priority unsecured claims are certain tax debts. Priority unsecured claims include those the debtor owes for:

- **Taxes and certain other debts owed to the government**—If the debtor owes certain federal, state, or local government taxes, customs duties, or penalties. 11 U.S.C. § 507(a)(8).

- **Wages, salaries, and commissions**—If the debtor owes wages, salaries, and commissions, including vacation, severance, and sick leave pay and those amounts were earned within 180 days before the bankruptcy petition was filed or the debtor ceased business. In either instance, only the first $13,650 per claim is a priority claim.* 11 U.S.C. § 507(a)(4).

- **Contributions to employee benefit plans**—If the debtor owes contributions to an employee benefit plan for services an employee rendered within 180 days before the bankruptcy petition was filed, or within 180 days before the debtor ceased business. Only the first $13,650 per employee, less any amounts owed for wages, salaries, and commissions, is a priority claim.* 11 U.S.C. § 507(a)(5).

- **Certain claims of farmers and fishermen**— Only the first $6,725 per farmer or fisherman

is a priority claim.* 11 U.S.C. § 507(a)(6).

- **Deposits by individuals** — If the debtor obtained from an individual a deposit for the purchase, lease, or rental of property or services for the individual or the individual's family, the deposit may be a priority claim. Unredeemed gift certificates are deposits. The priority is limited to $3,025.* 11 U.S.C. § 507(a)(7).

Other categories exist.

### What are nonpriority unsecured claims?

*Nonpriority unsecured claims* are those debts that generally will be paid after priority unsecured claims are paid. The most common examples of nonpriority unsecured claims are trade debts, bank loans, contract obligations, and fees for professional services.

In Part 2, list every creditor owed money by the debtor not listed before, regardless of the amount and even if the debtor plans to pay a particular debt.

### What if a claim has both priority and nonpriority amounts?

If a claim has both priority and nonpriority amounts, list that claim in Part 1 and show both priority and nonpriority amounts. Do not list it again in Part 2.

### On what date was a debt incurred?

When a debt was incurred on a single date, fill in the actual date that the debt was incurred.

When a debt was incurred on multiple dates, fill in the range of dates. For example, if the debtor

---

\* Subject to adjustment on 4/1/22, and every 3 years after that for cases begun on or after the date of adjustment.

Case: 19-30088   Doc# 2965-1   Filed: 07/12/19   Entered: 07/12/19 18:29:05   Page 14 of 21

has a line of credit with multiple draws, fill in the month and year of the first and last transactions, if known.

Case: 19-30088    Doc# 2965-1    Filed: 07/12/19    Entered: 07/12/19 18:29:05    Page 15 of 21

# Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

Use *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G) to identify the debtor's ongoing leases and certain contracts. List all of the debtor's executory contracts and unexpired leases.

*Executory contracts* are often described as contracts between the debtor and another party in which neither party has performed all of the requirements by the time the debtor files for bankruptcy. *Unexpired leases* are leases that are still in effect.

The debtor must list all agreements that may be executory contracts or unexpired leases, even if they are listed on *Schedule A/B: Property* (Official Form 206A/B) or *Schedule E/F: Creditors Who Have Unsecured Claims*, (Official Form 206 E/F) including the following:

- Equipment leases;

- Vehicle leases;

- Leases for business or investment property (for example, office or warehouse space);

- Contracts to sell a building, land, or other real property;

- Service provider agreements (for example, maintenance contracts for office equipment, and contracts for cell phones, personal electronic devices, internet, and cable);

- Sales contracts;

- Supplier or service contracts;

- Leases or timeshare contracts;

- Employment contracts;

- Real estate listing agreements;

- Intellectual property license agreements (such as copyright, patent, trademark, and industrial rights);

- Development contracts; and

- Insurance contracts.

State the contract number of any government contract.

# Glossary

Case: 19-30088     Doc# 2965-1     Filed: 07/12/19     Entered: 07/12/19 18:29:05     Page 17 of 21

# Definitions Used in the Forms for Non-Individuals Filing for Bankruptcy

Here are definitions for some of the important terms used in the forms for non-individuals who are filing for bankruptcy. See *Bankruptcy Basics* ([http://www.uscourts.gov/FederalCourts](http://www.uscourts.gov/FederalCourts)) for more information about filing for bankruptcy and other important terms.

**Affiliate —** As used in the Bankruptcy Code and Rules, an affiliate of the debtor is:

(a) an entity that directly or indirectly owns, controls, or holds with power to vote at least 20% of the outstanding voting securities of the debtor (excluding entities that hold such securities in a fiduciary or agency capacity without sole discretionary power to vote such securities or solely to secure a debt, if the entity has not in fact exercised such power to vote);

(b) a corporation 20% or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20% or more of the outstanding voting securities of the debtor (again excluding entities that hold such securities in a fiduciary or agency capacity without sole discretionary power to vote such securities or solely to secure a debt, if the entity has not in fact exercised such power to vote);

(c) a person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or

(d) an entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

**Amortization —** 1. A non-cash accounting method that allocates the cost of an intangible asset over its useful life. 2. Paying off a liability in regular installments over a period of time.

**Amortization schedule —** A report that contains a listing of intangible assets and the amount of amortization and accumulated amortization that has been allocated over the life of those assets. These reports are typically maintained for purposes of calculating tax deductions and preparing tax returns.

**Annuity** — A contract for the periodic payment of money, either for the life of the recipient or for a fixed number of years.

**Book value** or **net book value** — The carrying value of an asset on the debtor's books or financial records. This amount is generally calculated by taking the original cost of the property and subtracting depreciation or amortization expenses (if any).

**Causes of action** — Claims where the debtor asserts money or other relief from a third party or where a third party is entitled to money or other relief from the debtor.

Case: 19-30088    Doc# 2965-1    Filed: 07/12/19    Entered: 07/12/19 18:29:05    Page 18 of 21

**Claim** — A creditor's right to payment, even if contingent, disputed, unliquidated, or unmatured.

**Codebtor** —A person or entity that may also be responsible for paying a claim against the debtor.

**Collateral** — Property that secures a debt.

**Contingent claim** — Debt that is only payable if certain events occur.

**Creditor matrix or mailing matrix** — A list of names and addresses of all of the debtor's creditors, formatted as a mailing list according to instructions from the bankruptcy court in which the debtor files the case.

**Creditor** — The person or organization to whom the debtor owes money.

**Current value** or **fair market value** — how much the property is worth, which may be more or less than the purchase price or the book value. See the instructions for specific forms regarding whether the value requested is as of the date of the filing of the petition, the date the debtor completes the form, or some other date.

**Debt —** Liability on a claim.

**Depreciation** — A non-cash accounting method that allocates the cost of a tangible asset over its useful life.

**Depreciation schedule** — A report that contains a listing of tangible assets and the amount of depreciation and accumulated depreciation that has been allocated over the life of those assets. These reports are typically maintained for purposes of calculating tax deductions and preparing tax returns.

**Discharge** — A discharge in bankruptcy relieves a debtor from having to pay certain debts. For non-individuals, it applies only in certain chapter 11 and chapter 12 cases.

**Disputed claim** —A claim about which there is a disagreement. A claim is disputed if the debtor disagrees that he or she owes all or a portion of the debt.

**Doubtful or uncollectible accounts** — Receivables that the debtor has little or no expectation of collecting. This amount is deducted from total receivables to calculate the amount that the debtor reasonably expects will be collected on its receivables.

**Executory contract** — Often described as a contract between the debtor and another party as to which neither the debtor nor the other party has performed all of the requirements by the time the bankruptcy case is filed.

**Goodwill** — Amount of a purchase price that exceeds the net tangible assets. It can also be the value of an intangible asset that has a quantifiable value in business. Examples include a strong brand or reputation or, in an acquisition, goodwill.

Case: 19-30088    Doc# 2965-1    Filed: 07/12/19    Entered: 07/12/19 18:29:05    Page 19 of 21

**Gross income** — A company's gross revenue minus cost of goods sold.

**Gross revenue** — Amount generated by all of a company's operations before deductions for expenses.

**Insider** — Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of a debtor and insiders of such affiliates, and any managing agent of a debtor. 11 U.S.C. § 101.

**Intangible assets** — Types of property that are not physical in nature and cannot be touched, seen, or held. Examples include intellectual property and name recognition.

**Intellectual property** — An intangible asset that consists of human knowledge and ideas. Examples include patents, copyrights, trademarks, and software.

**Legal or equitable interest** — Any interest of the debtor in property, whether tangible or intangible, and whether or not anyone other than the debtor also has an interest in that property.

**Lien** — A charge against or interest in property to secure a debt.

**Nature of claim** — The legal type of a claim, not the factual basis for it. Examples include breach of contract, personal injury, malpractice, and fraud.

**Negotiable instrument** — A written and signed unconditional promise or order to pay a specified sum of money on demand or at a definite time payable to order or bearer. Negotiable instruments include government bonds, corporate bonds, personal checks, cashiers' checks, promissory notes, and money orders.

**Net operating loss (NOL)** — Occurs when allowable tax deductions exceed taxable income, resulting in negative taxable income. NOLs can generally be used to recover past tax payments (*carry-back*) or reduce future tax payments (*carry-forward*).

**Non-individual debtor** — A non-individual entity such as a corporation, partnership, or limited liability company (LLC), on whose behalf or against whom a bankruptcy case is filed.

**Non-negotiable instrument** — Financial instrument that cannot be transferred to another party by signing or delivering it.

**Nonpriority unsecured claim** — Debt that generally will be paid after priority unsecured claims are paid. Examples include amounts due for products purchased, professional services, and utilities.

**Priority unsecured claim** — Debt that the Bankruptcy Code requires to be paid before most other unsecured claims are paid. Examples include certain income tax debts and certain employee wage claims.

Case: 19-30088    Doc# 2965-1    Filed: 07/12/19    Entered: 07/12/19 18:29:05    Page 20 of 21

**Secured claim** — A claim that may be satisfied in whole or in part either

- through collateral,
- through a charge against or an interest in the debtor's property, or
- through a right of setoff.

**Setoff** — Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Sole proprietorship** — A business that a debtor owns as an individual, rather than a separate legal entity such as a corporation, partnership, or LLC. Sole proprietors must use the bankruptcy forms in the 100 series.

**Tangible asset** — Types of property that have physical form and can be seen, touched, or held. Examples include cash, machinery, buildings, and land.

**Unexpired lease** — Lease that is in effect at the time the bankruptcy petition is filed.

**Unliquidated claim** — A debt for which the amount cannot be readily determined, such as by referring to an agreement or by a simple computation.

Case: 19-30088   Doc# 2965-1   Filed: 07/12/19   Entered: 07/12/19 18:29:05   Page 21 of 21