Rebecca Weissman (No. 322402)
DECHERT LLP
One Bush Street, Suite 1600
San Francisco, California 94104
Telephone: 415.262.4500
Facsimile: 415.262.4555
rebecca.weissman@dechert.com

Allan S. Brilliant (*pro hac vice*)
Shmuel Vasser (*pro hac vice*)
Alaina R. Heine (*pro hac vice*)
DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
Telephone: 212.698.3500
Facsimile: 415.698.3599
allan.brilliant@dechert.com
shmuel.vasser@dechert.com
alaina.heine@dechert.com

*Attorneys for State Farm Mutual Automobile Insurance Company and its affiliates and subsidiaries*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION and PACIFIC GAS & ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>x Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Case No. 19-30088 (DM)<br>Chapter 11<br>Jointly Administered<br><br>**JOINDER TO THE MOTION OF THE AD HOC GROUP OF SUBROGATION CLAIM HOLDERS FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>**Hearing Date and Time**: July 24, 2019 at 9:30 a.m. (PT)<br>**Hearing Location**: 450 Golden Gate Ave., San Francisco, CA, Courtroom 17<br>**Judge**: Hon. Dennis Montali<br>**Related Docket Nos**: 2863 |

JOINDER                                                                                 19-30088 (DM)

State Farm Mutual Automobile Insurance Company and its affiliates and subsidiaries (collectively, "State Farm"), as creditors and parties in interest in the above-captioned chapter 11 cases of Pacific Gas and Electric Company (the "Utility") and PG&E Corporation ("PG&E" and, together with the Utility, the "Debtors"), by and through its undersigned counsel, hereby file this joinder (the "Joinder") to the *Motion of the Ad Hoc Group of Subrogation Claim Holders for Relief from the Automatic Stay* (the "Motion") [ECF No. 2863].[1] In support of the Joinder, State Farm respectfully sets forth and represents as follows:

**JOINDER**

State Farm is one of the largest property and casualty insurers in the State of California, is believed to be the insurer holding the most insurance subrogation claims against the Debtors and has recently joined the Ad Hoc Group of Subrogation Claim Holders.[2] State Farm's claims are expected to be in the billions of dollars.

Two Motions have been filed in this case seeking relief from the automatic stay in order to resume the currently pending state court case pertaining to the 2017 Tubbs Fire. First, the Official Committee of Tort Claimants filed the *Amended Motion of the Official Committee of Tort Claimants for Relief from Automatic Stay to Permit State Court Jury Trial of 2017 Tubbs Wildfire Claims* (the "TCC Motion") [ECF No. 2904] seeking relief from the automatic stay with respect to eleven plaintiffs (the "Individual Plaintiffs") to determine the Debtors' liability for, and measure of damages in the 2017 Tubbs Fire. Two of the Individual Plaintiffs – Barbara Thompson and Raleigh Fohrman – are insured by State Farm.

Second, the Ad Hoc Group of Subrogation Claim Holders filed the Motion seeking relief

---

[1] Each capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

[2] State Farm expects the Ad Hoc Group of Subrogation Claim Holders' updated 2019 Statement to be filed shortly.

from the automatic stay to allow the state court case to determine the sole issue of the Debtors' liability (but not the measure of damages) for the 2017 Tubbs Fire to proceed with respect to the Individual Plaintiffs. As previously noted, two of the Individual Plaintiffs are insured by State Farm.

For all of the reasons explained and argued in the Motion, the automatic stay should be lifted to allow State Farm's subrogation claims to be tried together with the Individual Plaintiffs' claims in order to determine the Debtors' liability to its insured Individual Plaintiffs for the 2017 Tubbs Fire in the *California North Bay Fire Cases*, JCCP No. 4955 (Cal. Super Ct. Mar. 12, 2018) (the "California State Court Cases"). State Farm has paid significant amounts to cover Barbara Thompson's and Raleigh Fohrman's claims under their respective insurance policies for damages caused by the 2017 Tubbs Fire. In paying the Individual Plaintiffs' claims under their respective insurance policies, State Farm has acquired and now maintains subrogation claims against the Debtors.

State Farm joins the Motion and adopts the arguments made therein, including that (i) the determination of the Debtors' liability for the 2017 Tubbs Fire is a gating issue for any consensual resolution of the wildfire claims against the Debtors and therefore for the development of a confirmable chapter 11 plan in these cases, (ii) there is substantial evidence that the Debtors caused the 2017 Tubbs Fire, (iii) the Tubbs Fire caused significant damage by destroying approximately five percent of Santa Rosa's housing stock, burning over 36,807 acres across Sonoma and Napa Counties, and killing at least 22 individuals, (iv) the Debtors failed to take the necessary steps to reduce the risks of potential wildfires and caused the North Bay Fires, including the Tubbs Fire, (v) Barbara Thompson is a plaintiff in the pending state court case against the Debtors and qualifies for mandatory trial preference under California law, and (vi) Raleigh Fohrman is a plaintiff in the pending state court case against the Debtors and qualifies for

mandatory trial preference under California law.

State Farm additionally asserts that, should this Court lift the automatic stay to allow the Individual Plaintiffs to resume the California State Court Cases, its subrogation claims should be tried together with the Individual Plaintiffs' claims. Under the subrogation doctrine, "when an insurer has paid an insured the amount of a loss caused by a third party, the insurer may step into the shoes of the insured and pursue the insured's rights and remedies against the third party tortfeasor." *Allstate Ins. Co. v. Mel Rapton, Inc.*, 77 Cal. App. 4th 901, 912, 92 Cal. Rptr. 2d 151, 159 (2000); *see also Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1053 n.6 (9th Cir. 2007) (citing *Hodge v. Kirkpatrick Dev., Inc.,* 130 Cal.App.4th 540, 548, 30 Cal.Rptr.3d 303 (2005) (internal citations omitted)). As noted above, State Farm has already made significant payments to the Individual Plaintiffs to cover their claims under their respective insurance policies. Therefore, State Farm holds subrogation claims against the Debtors as tortfeasors in the California State Court Cases and now has a right of action based on the same underlying facts as the Individual Plaintiffs. *Allstate Ins. Co. v. Mel Rapton, Inc.*, 77 Cal. App. 4th at 908 ("When . . . the insured is only partially compensated by the insurer for a loss [the] operation of the subrogation doctrine 'results in two or more parties having a right of action for recovery of damages based upon the same underlying cause of action.'") (quoting *Ferraro v. Southern Cal. Gas Co.*, 102 Cal.App.3d 33, 41, 162 Cal.Rptr. 238 fn. omitted (Ct. App. 1980)).

Because State Farm's subrogation claims and the Individual Plaintiffs' claims are based on the same facts, State Farm's claims should be tried with those brought by the Individual Plaintiffs to prevent impermissible claim splitting. California law specifically prohibits plaintiffs from splitting a cause of action where the insured and the insurer pursue separate actions on the same claim. *Allstate Ins. Co. v. Mel Rapton, Inc.*, 77 Cal. App. 4th at 909 ("Although the insurer may bring a separate action against the tortfeasor, the rule against splitting a cause of action is

Dechert LLP
Attorneys At Law
San Francisco

4
JOINDER
19-30088 (DM)
Case: 19-30088   Doc# 2983   Filed: 07/15/19   Entered: 07/15/19 16:24:21   Page 4 of 6

violated where both the insurer and insured pursue separate actions.") (internal citation omitted); *Intri-Plex Techs*, 499 F.3d at 1055 (finding that the insured should have pursued its claim with the insurer when the insured's policy did not cover all of its losses). To prevent engaging in this prohibited splitting, courts advise that the insured and insurer "'join in a single suit against the tortfeasor.'" *Allstate Ins. Co. v. Mel Rapton, Inc.*, 77 Cal. App. 4th at 909 (quoting *Ferraro v. Southern Cal. Gas Co.*, 102 Cal.App.3d at 43, 162 Cal.Rptr. 238). Furthermore, State Farm, as the insurer holding subrogation claims, has a *duty* to protect its subrogation rights by not permitting the splitting of a cause of action. *Allstate Ins. Co. v. Mel Rapton, Inc.*, 77 Cal. App. 4th at 912 (emphasis added) (citing *Kidd v. Hillman*, 14 Cal. App. 2d 507, 510, 58 P.2d 662 (1936)). Therefore, if the Individual Plaintiffs are granted relief from the automatic stay to resume the California State Court Cases, State Farm should be permitted to join the state action to protect its subrogation claims and avoid impermissibly splitting a cause of action.

*[Remainder of page left intentionally blank]*

## CONCLUSION

Given the necessity of determining the Debtors' liability for the 2017 Tubbs Fire, State Farm joins the Motion and requests that this Court lift the automatic stay to allow the state court case to resume and effectively litigate the sole question of the Debtors' liability for the 2017 Tubbs Fire with respect to the Individual Plaintiffs insured by State Farm and State Farm's related subrogation claims.

DATED: July 15, 2019

                                                 */s/ Shmuel Vasser*
                                                 Allan S. Brilliant (*pro hac vice*)
                                                 Shmuel Vasser (*pro hac vice*)
                                                 Alaina R. Heine (*pro hac vice*)
                                                 DECHERT LLP
                                                 1095 Avenue of the Americas
                                                 New York, New York 10036

                                                 -and-

                                                 Rebecca Weissman (No. 322402)
                                                 DECHERT LLP
                                                 One Bush Street, Suite 1600
                                                 San Francisco, California 94104

                                                 *Attorneys for State Farm Mutual Automobile Insurance Company and its affiliates and subsidiaries*