WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| **- and –** | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **SUMMARY SHEET TO FIRST INTERIM FEE APPLICATION OF WEIL, GOTSHAL & MANGES LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JANUARY 29, 2019 THROUGH AND INCLUDING APRIL 30, 2019** |
| ☐ Affects PG&E Corporation ☐ Affects Pacific Gas and Electric Company ☒ Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Date: September 25, 2019 Time: 9:30 a.m. (Pacific Time) Place: United States Bankruptcy Court Courtroom 17, 16th Floor San Francisco, CA 94102 |
| | **Objection Deadline:** August 5, 2019, at 4:00 p.m. (Pacific Time) |

*Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119*

| General Information | |
|---|---|
| Name of Applicant: | Weil, Gotshal & Manges LLP ("**Weil**") |
| Authorized to Provide Professional Services to: | Attorneys for Debtors and Debtors in Possession |
| Petition Date: | January 29, 2019 |
| Retention Date: | April 9, 2019 *nunc pro tunc* to January 29, 2019 |
| Prior Applications: | None |

| Summary of Fees and Expenses Sought in this Application | |
|---|---|
| Time Period Covered by this Application: | January 29, 2019 through and including April 30, 2019 (the "**Compensation Period**")[1] |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Compensation Period: | $9,122,288.25 |
| Amount of Expense Reimbursement Sought As Actual, Reasonable, and Necessary for the Compensation Period: | $335,824.67 |
| Total Compensation and Expenses Requested for the Compensation Period: | $9,458,122.92 |

| Total Fees and Expenses Allowed Pursuant to Prior Applications | |
|---|---|
| Total Allowed Compensation Paid to Date: | N/A |
| Total Allowed Expenses Paid to Date: | N/A |
| Total Allowed Compensation and Expenses Paid to Date | N/A |

| Total Fees and Expenses Paid to Applicant Pursuant to Monthly Statements, but Not Yet Allowed | |
|---|---|
| Compensation Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed (80% of Fees in February Monthly Statement): | $2,507,154.00 |

---

[1] Pursuant to the Interim Compensation Order (as defined below), the initial Compensation Period was to include the period from the Petition Date through and including May 31, 2019. As of the date hereof, however, Weil has not yet filed its Monthly Fee Statement (as defined in the Interim Compensation Order) for services rendered and reimbursement of expenses for the calendar month of May 2019. Accordingly, the Compensation Period for this Application includes only the period from the Petition Date through and including April 30, 2019, and any fees and expenses incurred by Weil for the month of May 2019 will be included in Weil's next Interim Fee Application.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| | |
|---|---|
| Expenses Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed (100% of Expenses in February Monthly Statement): | $113,433.45 |

| *Summary of Fees and Expenses Sought in this Application* | |
|---|---|
| Total Compensation and Expenses Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed: | $2,620,587.45 |
| Total Compensation and Expenses Sought in this Application Not Yet Paid: | $6,837,525.47 |

| *Summary of Rates and Other Related Information in this Application* | |
|---|---|
| Blended Rate in this Application for All Attorneys: | $966.99 |
| Blended Rate in this Application for All Timekeepers: | $953.49 |
| Number of Timekeepers Included in this Application: | 58 (52 attorneys; 6 paraprofessionals and other non-legal staff) |
| Number of Attorneys in this Application Not Included in Staffing Plan Approved by Client: | N/A |
| Difference Between Fees Budgeted and Compensation Sought for this Period: | The compensation sought is less than the aggregate fees budgeted for Weil in the debtor-in-possession financing budget for the Compensation Period. |
| Number of Attorneys Billing Fewer than 15 Hours to the Cases During the Compensation Period: | 9 attorneys |
| Increase in Rates: | N/A |

This is a(n): __X__ Interim _____ Final Application

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## SUMMARY OF PRIOR MONTHLY FEE STATEMENTS

| Date Filed and Dkt No. | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Previously Requested with Prior Monthly Fee Statement | | Total Amount Paid to Date | | Holdback Fees Requested |
|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (@ 80%) | Expenses (@ 100%) | Fees (@ 80%) | Expenses (@ 100%) | Fees (@20%) |
| 04/16/19 Dkt No. 1472 | 01/29/2019–02/28/19 | $3,133,942.50 | $113,433.45 | $2,507,154.00 | $113,433.45 | $2,507,154.00 | $113,433.45 | $626,788.50 |
| 06/05/19 Dkt No. 2418 | 03/01/19–03/31/19 | $3,035,057.25 | $109,952.64 | $2,428,045.80 | $109,952.64 | $0.00 | $0.00 | $607,011.45 |
| 07/12/19 Dkt No. 2954 | 04/01/19–04/30/19 | $2,953,288.50 | $112,438.58 | $2,362,630.60 | $112,438.58 | $0.00 | $0.00 | $590,657.90 |
| Total: | | $9,122,288.25 | $335,824.67 | $7,297,830.40 | $335,824.67 | $2,507,154.00 | $113,433.45 | $1,824,457.85 |

Summary of Any Objections to Monthly Fee Statements:        None.[2]

Compensation and Expenses Sought in this Application Not Yet Paid:   $6,837,525.47

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

---

[2] The objection deadline with respect to Weil's Third Monthly Fee Statement is August 1, 2019. If the deadline passes without objection, the Debtors will remit $2,362,630.60 in compensation for fees and $112,438.58 in reimbursement of expenses.

**COMPENSATION BY PROFESSIONAL**
**JANUARY 29, 2019 THROUGH AND INCLUDING APRIL 30, 2019**

The attorneys who rendered professional services in these Chapter 11 Cases during the Compensation Period are:

| NAME OF PROFESSIONAL (PARTNERS AND COUNSEL) | DEPARTMENT[3] | YEAR ADMITTED | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Karotkin, Stephen | BFR | 1977 | $1,600.00 | 833.80 | $1,186,640.00 |
| Bond, W. Michael | Corporate | 1980 | $1,600.00 | 117.80 | $188,480.00 |
| Goldring, Stuart J. | Tax | 1984 | $1,600.00 | 156.10 | $211,680.00 |
| Radin, Stephen A. | Litigation | 1984 | $1,450.00 | 7.30 | $10,585.00 |
| Slack, Richard W. | Litigation | 1987 | $1,275.00 | 249.90 | $302,812.50 |
| Wessel, Paul J. | Tax | 1988 | $1,600.00 | 50.70 | $81,120.00 |
| Pari, Joseph M. | Tax | 1988 | $1,600.00 | 79.90 | $127,840.00 |
| Connolly, Annemargaret | Corporate | 1988 (Massachusetts) | $1,350.00 | 37.20 | $50,220.00 |
| Pappas, Nicholas J. | Litigation | 1989 | $1,225.00 | 5.50 | $6,737.50 |
| Adams, Frank R. | Corporate | 1993 | $1,425.00 | 90.10 | $128,392.50 |
| Tsekerides, Theodore E. | Litigation | 1994 | $1,150.00 | 197.60 | $222,927.50 |
| Heyliger, Adelaja K. | Corporate | 1998 | $1,100.00 | 10.30 | $11,330.00 |
| Singh, David R. | Litigation | 2004 | $1,125.00 | 272.40 | $306,450.00 |
| Friedmann, Jared R. | Litigation | 2004 | $1,125.00 | 5.50 | $6,187.50 |
| Liou, Jessica | BFR | 2009 | $1,075.00 | 606.80 | $603,773.75 |
| Shulzhenko, Oleksandr (Counsel) | Corporate | 2000 | $1,050.00 | 15.90 | $16,695.00 |
| Morton, Matthew D. (Counsel) | Litigation | 2001 | $1,050.00 | 18.30 | $19,215.00 |
| Kim, Dawn (Counsel) | Corporate | 2003 | $1,050.00 | 3.90 | $4,095.00 |
| Goslin, Thomas (Counsel) | Corporate | 2003 | $1,050.00 | 119.90 | $125,895.00 |
| Goren, Matthew (Counsel) | BFR | 2007 | $1,075.00 | 798.70 | $818,370.50 |
| **Total:** | | | | **3,677.60** | **$4,429,446.75** |

---

[3] BFR – Business Finance & Restructuring

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| NAME OF PROFESSIONAL (ASSOCIATES) | DEPARTMENT[4] | YEAR ADMITTED | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Friedman, Julie T. | BFR | 2003 | $600.00 | 61.90 | $37,140.00 |
| Byrne, Peter M. | Corporate | 2007 | $995.00 | 140.60 | $139,897.00 |
| Zubkis, David | BFR | 2008 | $950.00 | 58.50 | $55,575.00 |
| Seales, Jannelle Marie | Corporate | 2009 | $995.00 | 56.40 | $56,118.00 |
| Tran, Hong-An Nguyen | Litigation | 2009 | $995.00 | 437.00 | $434,815.00 |
| Kramer, Kevin | Litigation | 2010 | $995.00 | 587.60 | $577,100.00 |
| Silber, Gary | Tax | 2011 | $995.00 | 54.20 | $53,929.00 |
| Bostel, Kevin | BFR | 2012 | $995.00 | 333.90 | $323,275.50 |
| Cunningham, Nathan | Litigation | 2012 | $950.00 | 8.00 | $7,600.00 |
| Minga, Jay | Litigation | 2013 | $950.00 | 208.30 | $197,885.00 |
| Nikic, Nicholas G. | Corporate | 2013 | $790.00 | 5.00 | $3,950.00 |
| Georgallas, Andriana | BFR | 2014 | $980.00 | 41.90 | $35,182.00 |
| Fink, Moshe A. | BFR | 2014 | $950.00 | 175.70 | $166,915.00 |
| Jones, Hannah L. | Litigation | 2014 | $920.00 | 217.00 | $197,110.00 |
| Nolan, John J. | Litigation | 2015 | $920.00 | 294.60 | $269,652.00 |
| Butler, Ashley Jane | Corporate | 2015 | $920.00 | 21.00 | $19,320.00 |
| Africk, Max M. | Litigation | 2015 (Louisiana) | $875.00 | 330.20 | $281,662.50 |
| Brookstone, Benjamin | Tax | 2015 | $875.00 | 159.70 | $139,737.50 |
| Golster, Jonathan | Corporate | 2011 | $875.00 | 20.40 | $17,850.00 |
| Pfleger, Kelsey Ann | Corporate | 2016 | $875.00 | 24.30 | $21,262.50 |
| Pitcher, Justin R. | BFR | 2016 (Utah) | $790.00 | 139.30 | $110,047.00 |
| Kleinjan, John M. | Tax | 2017 | $790.00 | 39.80 | $31,442.00 |
| Foust, Rachel L. | BFR | 2018 | $690.00 | 425.60 | $293,664.00 |
| Neuhauser, David | Corporate | 2018 | $690.00 | 48.70 | $33,603.00 |
| Schinckel, Thomas Robert | BFR | 2014 (Australia) | $690.00 | 351.20 | $242,328.00 |
| Shaddy, Aaron | Litigation | 2018 | $690.00 | 573.80 | $391,713.00 |
| Zangrillo, Anthony | Corporate | 2018 | $690.00 | 23.40 | $16,146.00 |
| Carens, Elizabeth Anne | BFR | 2018 | $560.00 | 566.50 | $317,240.00 |

---

[4] BFR – Business Finance & Restructuring

| | | | | | |
|---|---|---|---|---|---|
| Gitlin, Adam | Litigation | 2019 | $560.00 | 6.60 | $3,696.00 |
| Green, Austin Joseph | Litigation | 2019 | $560.00 | 15.10 | $8,456.00 |
| Irani, Neeckaum | Litigation | 2018 (California) | $560.00 | 6.40 | $3,584.00 |
| Evans, Steven | Litigation | 2019 | $560.00 | 265.00 | $148,400.00 |
| **Total:** | | | | **5,697.60** | **$4,636,295.00** |

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

The paraprofessionals and other non-legal staff who rendered professional services in these Chapter 11 Cases during the Compensation Period are:

| NAME OF PARAPROFESSIONALS AND OTHER NON-LEGAL STAFF | DEPARTMENT[5] | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Lee, Kathleen | BFR | $420.00 | 23.30 | $9,786.00 |
| Martorell, Jorge | LSS | $380.00 | 6.10 | $2,318.00 |
| Olvera, Rene A. | BFR | $355.00 | 3.50 | $1,242.00 |
| Biratu, Sirak D. | Litigation | $330.00 | 46.80 | $15,444.00 |
| Callahan, Antonio | Corporate | $300.00 | 13.00 | $3,900.00 |
| Peene, Travis J. | BFR | $240.00 | 99.40 | $23,856.00 |
| **Total:** | | | **192.10** | **$56,546.00** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

---

[5] BFR – Business Finance & Restructuring, LSS – Litigation Support Staff

The total fees for the Compensation Period are:

| PROFESSIONALS | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Counsel (20) | $1,204.44 | 3,677.60 | $4,429,446.75 |
| Associates (32) | $813.73 | 5,697.60 | $4,636,295.00 |
| Paraprofessionals and Other Non-Legal Staff (6) | $294.36 | 192.10 | $56,546.50 |
| **Blended Attorney Rate** | **$966.99** | | |
| **Blended Rate for All Timekeepers** | **$953.49** | | |
| **Total Fees Incurred (58 total professionals, paraprofessionals, and other non-legal staff):** | | **9,567.30** | **$9,122,288.25** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## COMPENSATION BY PROJECT CATEGORY
## JANUARY 29, 2019 THROUGH AND INCLUDING APRIL 30, 2019

| TASK CODE | PROJECT CATEGORY | TOTAL HOURS BILLED | AMOUNT |
|---|---|---|---|
| 001 | Administrative Expense Claims | 3.50 | $2,415.00 |
| 002 | Asset Sales/363 Sales | 75.20 | $62,302.50 |
| 003 | Automatic Stay | 877.70 | $805,568.00 |
| 004 | Bankruptcy Litigation | 966.30 | $850,201.50 |
| 005 | Bar Date Motion/Claims Reconciliation/ Claim Reconciliation Issues | 202.90 | $208,136.50 |
| 006 | Case Administration (docket updates, WIP, and calendar) | 176.00 | $99,237.50 |
| 008 | Chapter 11 Plan/Plan Confirmation | 50.30 | $59,826.50 |
| 009 | Communications with Client | 91.80 | $97,325.00 |
| 010 | Corporate Governance and Board Issues | 427.50 | $489,384.00 |
| 011 | Customer, Supplier and Vendor Issues | 245.20 | $241,226.00 |
| 012 | DIP Financing/Cash Mgmt./Hedging Transactions | 100.00 | $103,293.50 |
| 014 | Employee Issues | 1,240.20 | $1,368,222.00 |
| 015 | Equity Committee | 3.60 | $5,655.00 |
| 016 | Exclusivity | 33.30 | $35,731.50 |
| 017 | Executory Contracts/Lease Issues | 344.10 | $268,124.00 |
| 018 | General Case Strategy (includes calls with client and team calls) | 580.40 | $614,500.50 |
| 019 | Hearings and Court Matters | 401.00 | $419,097.50 |
| 020 | Legislative Issues/Inverse Reform | 1.50 | $1,612.50 |
| 021 | Non-Bankruptcy Litigation | 156.50 | $132,348.00 |
| 022 | Non-Working Travel | 517.60 | $337,907.75 |
| 023 | FERC Adversary Proceeding | 785.50 | $689,699.50 |
| 024 | Reclamation/503(b)(9) Claims | 61.10 | $40,255.50 |
| 025 | Regulatory Issues including CPUC and FERC | 188.00 | $211,961.50 |
| 026 | Retention/Billing/Fee Applications: WGM | 111.00 | $74,887.00 |
| 027 | Retention/Fee Applications: Ordinary Course Professionals | 63.20 | $42,637.00 |
| 028 | Retention/Fee Applications: Other Professionals | 409.60 | $283,017.50 |
| 029 | Schedules/Statement of Financial Affairs | 52.90 | $54,903.50 |
| 030 | Tax Issues | 430.90 | $515,721.00 |
| 031 | U.S. Trustee issues/meetings/ communications/monthly operating report | 82.40 | $91,414.00 |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| | | | |
|---|---|---|---|
| 032 | Unsecured Creditor Issues/Communications/Meetings | 192.90 | $193,288.50 |
| 033 | Utility Issues/Adequate Assurance | 21.20 | $15,896.00 |
| 035 | Real Estate and Real Property Issues | 544.00 | $569,605.50 |
| 036 | Tort Claimants Committee, including Wildfire Claimants | 130.00 | $136,887.00 |
| **Total:** | | **9,567.30** | **$9,122,288.25** |

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXPENSE SUMMARY**
**JANUARY 29, 2019 THROUGH AND INCLUDING APRIL 30, 2019**

| EXPENSE CATEGORY | AMOUNT |
|---|---|
| Computerized Research | $110,439.91 |
| Meals | $5,005.26 |
| Corporation Services | $321.38 |
| Travel | $184,547.60 |
| Transportation | $17,753.77 |
| Duplicating | $15,570.28 |
| Messenger | $1,428.97 |
| Telephone | $285.00 |
| CourtCall | $472.50 |
| **Total:** | **$335,824.67** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

*Attorneys for Debtors*
*and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| **- and –** | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **FIRST INTERIM FEE APPLICATION OF WEIL, GOTSHAL & MANGES LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JANUARY 29, 2019 THROUGH AND INCLUDING APRIL 30, 2019** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Date: September 25, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |
| | **Objection Deadline:** August 5, 2019, at 4:00 p.m. (Pacific Time) |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP ("**Weil**"), attorneys for PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for its first application (the "**Application**"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for the interim allowance of compensation for professional services performed by Weil for the period commencing January 29, 2019 through and including April 30, 2019 (the "**Compensation Period**")[1] and for reimbursement of its actual and necessary expenses incurred during the Compensation Period, respectfully represents:

**PRELIMINARY STATEMENT AND CASE STATUS**

1.  The Debtors' Chapter 11 Cases represent one of the largest and most complex chapter 11 filings in U.S. history. Weil has advised the Debtors regarding the legal and financial challenges facing the Debtors since October 2017. Since that time, Weil has played a critical role in the Debtors' ongoing efforts to address their liabilities relating to the devastating 2017 and 2018 Northern California wildfires and the restructuring of the Debtors' finances and operations, including the significant efforts undertaken to ensure the Debtors' smooth transition into chapter 11. Specifically, during the Compensation Period, Weil worked diligently with the Debtors' Board of Directors, management, and other employees to provide invaluable advice and services that allowed the Debtors to prepare and file these Chapter 11 Cases, stabilize their operations, minimize business disruptions, secure $5.5 billion in postpetition debtor-in-possession financing, continue their cash management system and prepetition financial hedging programs, and address various employee issues (including securing approval of a short-term incentive plan that covers approximately 10,000 of the Debtors' non-insider employees), tax matters, supplier concerns, and other operational issues, including issues relating to the

---

[1] Pursuant to the Interim Compensation Order (as defined below), the initial Compensation Period was to include the period from the Petition Date (as defined below) through and including May 31, 2019. As of the date hereof, however, Weil has not yet filed its Monthly Fee Statement (as defined in the Interim Compensation Order) for services rendered and reimbursement of expenses for the calendar month of May 2019. Accordingly, the Compensation Period for this Application includes only the period from the Petition Date through and including April 30, 2019, and any fees and expenses incurred by Weil for the month of May 2019 will be included in Weil's next Interim Fee Application.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Debtors' significant and complex array of customer-related and public purpose programs. On behalf of the Debtors, Weil has engaged in discussions and negotiations with key economic stakeholders in connection with key elements of a potential chapter 11 plan. During the Compensation Period, Weil also commenced and defended the Debtors in several adversary proceedings before the Court, including proceedings to enjoin the Federal Energy Regulatory Commission ("**FERC**") from interfering with the Debtors' ability to assume or reject power purchase and procurement agreements under section 365 of the Bankruptcy Code and proceedings to extend the automatic stay to the Debtors' officers and directors.

2.      At the same time, Weil appeared on behalf of the Debtors at various omnibus and telephonic hearings, meetings, depositions, and conferences, including the initial and continued meeting of creditors under section 341 of the Bankruptcy Code (the "**Section 341 Meeting**"), and assisted the Debtors in the preparation and/or filing of the Debtors' schedules of assets and liabilities and statements of financial affairs (the "**Schedules and Statements**"), monthly operating reports,[2] the Debtors' Periodic Report under Bankruptcy Rule 2015.3, and various other pleadings, motions, notices, and filings with the Court.

3.      All of these efforts have enabled the Debtors to substantially maintain business as usual and minimize the disruptions often attendant to the commencement of a chapter 11 case. Weil and the Debtors continue to administer these cases efficiently and economically for the benefit of all of the Debtors' economic stakeholders. Furthermore, Weil has endeavored to monitor and coordinate with the other professionals in these Chapter 11 Cases to ensure a clear delineation of each firm's respective roles in connection with the representation of the Debtors in these Chapter 11 Cases and to prevent duplication of services. The professional services performed and expenses incurred by Weil were actual and necessary to preserve and protect the value of the Debtors' assets and estates.

4.      This Application has been prepared in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules for the Northern District of California (the "**Local**

---

[2] As set forth in the monthly operating reports for the calendar months ended April 30 and May 31, 2019, respectively [Docket Nos. 2276 and 2775], the Debtors' operations have generated a profit of approximately $205 million during the Compensation Period and, as of May 31, 2019, the Debtors have approximately $3.179 billion in cash on hand. The Debtors have advised Weil that, to date, all quarterly fees due to the U.S. Trustee have been paid and all monthly operating reports have been filed.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**Rules**"), the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 701] (the "**Interim Compensation Order**"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California*, dated February 19, 2014 (the "**Local Guidelines**"), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**UST Guidelines**," and, together with the Local Guidelines, the "**Fee Guidelines**").

5.      In light of the size, complexity, and nature of these Chapter 11 Cases, Weil's charges for professional services performed and expenses incurred are reasonable under the applicable standards.  Weil respectfully requests that the Court grant the Application and allow interim compensation for professional services performed and reimbursement for expenses as requested herein.

## JURISDICTION

6.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

7.      On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

8.      On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors' Committee**").  On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").  On May 29, 2019, the Court entered

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

an order appointing Bruce A. Markell as the fee examiner for the Chapter 11 Cases (the "**Fee Examiner**").

9. Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

## The Debtors' Retention of Weil

10. On March 13, 2019, the Debtors filed an application to employ Weil as their attorneys, effective as of the Petition Date [Docket No. 864] (the "**Retention Application**"), which application was approved by Order, dated April 9, 2019 [Docket No. 1298] (the "**Retention Order**"). A copy of the Retention Order is annexed hereto as **Exhibit A**.

11. The Retention Order authorizes the Debtors to compensate and reimburse Weil in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Fee Guidelines, and the Interim Compensation Order. The Retention Order also authorizes the Debtors to compensate Weil at its customary hourly rates for services rendered and to reimburse Weil for its actual and necessary expenses incurred, subject to application to this Court. Specifically, the Retention Order authorizes Weil to provide the following services to the Debtors:

- take all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved and the preparation of objections to claims filed against the Debtors' estates;

- prepare on behalf of the Debtors, as debtors in possession, all necessary motions, applications, answers, orders, reports and other pleadings and documents in connection with the administration of the Chapter 11 Cases;

- take all necessary actions in connection with any chapter 11 plan and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates;

- take all necessary actions to protect and preserve the value of the Debtors' estates, and all related matters; and

- perform all other necessary legal services in connection with the prosecution of these Chapter 11 Cases; provided, however, that to the extent Weil determines that such services fall outside of the scope of services historically or generally performed by Weil as lead debtors' counsel in a bankruptcy case, Weil will file a supplemental declaration.

### Summary of Professional Compensation and Reimbursement of Expenses Requested

12. Weil seeks allowance of interim compensation for professional services performed during the Compensation Period in the amount of $9,122,288.25 and for reimbursement of expenses incurred in connection with the rendition of such services in the amount of $335,824.67. During the Compensation Period, Weil attorneys and paraprofessionals expended a total of 9,567.30 hours in connection with the necessary services performed.

13. There is no agreement or understanding between Weil and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases. Except as set forth below with respect to payments received by Weil pursuant to the Interim Compensation Order, during the Compensation Period, Weil received no payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.

14. Prior to the Petition Date, the Debtors paid Weil certain amounts as an advance payment retainer for professional services to be performed and expenses to be incurred in connection with its representation of the Debtors and in preparation of the Debtors seeking relief under chapter 11. Based on a reconciliation of all charges and expenses through the Petition Date, the balance of the advance payment retainer as of the Petition Date was approximately $1,548,143.70. Since the Petition Date, Weil has received payment from the Debtors of $2,507,154.00 in fees and $113,433.45 for reimbursement of expenses pursuant to the Interim Compensation Order.

15. The fees charged by Weil in these Chapter 11 Cases are billed in accordance with Weil's existing billing rates and procedures in effect during the Compensation Period. The rates Weil charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases generally are the same rates Weil charges for professional and paraprofessional services rendered in

comparable bankruptcy and non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

16.     The summary sheets contain a schedule of Weil professionals, paraprofessionals, and other non-legal staff who have performed services for the Debtors during the Compensation Period, the capacities in which each individual is employed by Weil, the department in which each individual practices, the hourly billing rate charged by Weil for services performed by such individuals, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed therefor.

17.     The summary sheets also contain a summary of Weil's hours billed during the Compensation Period using project categories described therein and hereinafter described. Weil maintains computerized records of the time spent by all Weil attorneys and paraprofessionals in connection with the prosecution of these chapter 11 cases. Copies of these computerized records (as modified to address privileged and confidential matters) have been filed on the docket with Weil's monthly fee statements and furnished to the Debtors, counsel for each of the Committees, the U.S. Trustee, and the Fee Examiner in the format specified by the Fee Guidelines.

18.     The summary sheets also contain a schedule specifying the categories of expenses for which Weil is seeking reimbursement and the total amount for each such expense category. Itemized schedules of all such expenses have been filed on the docket with Weil's monthly fee statements, provided to the Debtors, counsel for each of the Committees, the U.S. Trustee, and the Fee Examiner.

19.     Annexed hereto as **Exhibit B** is a certification regarding Weil's compliance with the Fee Guidelines.

20.     Annexed hereto as **Exhibit C** is a summary and comparison of the aggregate blended hourly rates billed by Weil's timekeepers in all domestic offices to non-bankruptcy matters during the preceding year on a rolling 12 months year ending June 30, 2019 and the blended hourly rates billed to the Debtors during the Compensation Period.

21.     Weil discussed its rates, fees, and staffing with the Debtors at the outset of these cases. Further, Weil provided the Debtors with estimated budgets in connection with the Debtors'

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

postpetition financing. A summary of Weil's budget is attached hereto as **Exhibit D**. Weil estimated its fees for the Compensation Period would be approximately $10,500,000, and the fees sought for the Compensation Period are within that estimate. A summary of staffing is attached hereto as **Exhibit E**. Attorneys and paraprofessionals assigned to this matter were necessary to assist with the administration of the Chapter 11 Cases, preservation of the Debtors' assets, and the other matters described herein. The Debtors are aware of the complexities of these cases, the many issues that need to be addressed, the various disciplines involved, and that staffing needs are dynamic based on a number of factors, many of which are unpredictable, including the activities of other parties in interest in these Chapter 11 Cases.

22. To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the preparation of this Application, Weil reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

### Summary of Services Performed by
### Weil During the Compensation Period

23. As described above, during the Compensation Period, Weil rendered substantial professional services to the Debtors in order to efficiently and economically administer the Chapter 11 Cases and assist the Debtors in their ongoing restructuring efforts. The following is a summary of the significant professional services rendered by Weil during the Compensation Period, organized in accordance with Weil's internal system of project or work codes.[3]

    a.    <u>Asset Sales/363 Sales (Task Code 002)</u>
        Fees: $62,302.50; Total Hours: 75.20

- Advised the Debtors and their other professionals regarding various ordinary course asset sale and purchase transactions and related issues;
- Corresponded with the California Public Utilities Commission and other regulatory agencies regarding issues relating to certain asset sale transactions;
- Engaged in negotiations and discussions with various third parties regarding discrete asset sale and purchase transactions; and
- Conducted legal research related to the potential sale of certain of the Debtors' assets.

---

[3] Certain services performed overlap between, or could appropriately be allocated to, more than one task code. If a task code does not appear below, then Weil did not bill significant time for that task code during the Compensation Period.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

b.    <u>Automatic Stay Issues (Task Code 003)</u>
Fees: $805,568.00; Total Hours: 877.70

- Prepared and prosecuted formal and informal responses and objections to numerous motions seeking authority to lift the automatic stay;
- Prepared stipulations modifying the automatic stay for limited purposes;
- Prepared various letters and correspondence to creditors and other parties regarding potential violations of the automatic stay, including actions with respect to the postpetition commencement or continuation of litigation with respect to prepetition claims, demands for immediate payment of prepetition claims, and attempted terminations of executory contracts and unexpired leases;
- Commenced an adversary proceeding and successfully extended the automatic stay under section 362 of the Bankruptcy Code to certain non-debtor employees and other defendants;
- Conducted legal and factual research regarding potential violations of and other issues relating to the automatic stay; and
- Participated on teleconferences with the Debtors and their various outside counsel regarding the Debtors' prepetition litigation and the impact of the Chapter 11 Cases and the automatic stay thereon.

c.    <u>Bar Date Motion/Claims Reconciliation/Claim Reconciliation Issues (Task Code 005)</u>
Fees: $208,136.50; Total Hours: 202.90

- Prepared, drafted, and filed an application seeking to establish a last date to file claims in the Chapter 11 Cases and the approval of traditional and non-traditional noticing procedures relating thereto, including broad supplemental notice procedures designed to provide notice of such deadline to the Debtors' approximately 16 million customers and to wildfire claimants;
- Coordinated with the Debtors' claims and noticing agent, Prime Clerk LLC ("**Prime Clerk**"), and other professionals regarding the proposed bar date and related noticing procedures;
- Conferred with the U.S. Trustee, counsel for each of the Committees, and other parties in interest regarding the proposed deadlines and noticing procedures; and
- Conferred with the Debtors and their other advisors regarding various claim related issues.

d.    <u>Case Administration (docket updates, WIP, and calendar) (Task Code 006)</u>
Fees: $99,237.50; Total Hours: 176.00

- Coordinated and supervised service of the Notice of Commencement of the Chapter 11 Cases and first day pleadings;
- Maintained ongoing work-in-progress and assignment list and case calendar for use by Weil, the Debtors, and the Debtors' other advisors;
- Coordinated with and assisted Prime Clerk in establishing and maintaining a website containing information regarding the docket, the Debtors, meetings of creditors, and copies of relevant documents;

- Prepared, filed, and coordinated service of various pleadings with Prime Clerk;
- Reviewed and responded to emails, calls and correspondence from creditors and other parties in interest; and
- Prepared and distributed periodic docket updates and client summaries.

e. <u>Chapter 11 Plan/Plan Confirmation (Task Code 008)</u>
Fees: $59,826.50; Total Hours: 50.30

- Conducted numerous internal and external team meetings, conferences, and teleconferences with the Debtors, their other professionals, and key economic stakeholders regarding potential terms and structure of a chapter 11 plan.

f. <u>Communications with Client (Task Code 009)</u>
Fees: $97,325.00; Total Hours: 91.80

- Conducted numerous conferences and teleconferences with the Debtors and their other professionals regarding the status and administration of the Chapter 11 Cases, various motions and pleadings, hearing updates, negotiations with key economic stakeholders, and compliance with the U.S. Trustee guidelines; and
- Consulted with and advised the Debtors on all pleadings filed in these Chapter 11 Cases.

g. <u>Corporate Governance and Board Issues (Task Code 010)</u>
Fees: $489,384.00; Total Hours: 427.50

- Prepared for and attended meetings of the Debtors' Board of Directors and various subcommittees;
- Reviewed Board resolutions and advised the Debtors' directors and officers on issues related to the Debtors' Chapter 11 Cases;
- Reviewed and commented on drafts of various public filings and related documents including, without limitation, drafts of Forms 10-K, Forms 10-Q, Forms 8-Ks, and associated documents, and engaged in conferences and correspondence with the Debtors and their other advisors regarding same;
- Researched various corporate governance issues and advised the Debtors and their other professionals regarding same; and
- Performed and coordinated document review and productions in response to various governmental and regulatory requests;

h. <u>Customer, Supplier and Vendor Issues (Task Code 011)</u>
Fees: $241,226.00; Total Hours: 245.20

- Conferred regularly with the Debtors and professionals at AP Services, LLC ("**AlixPartners**") regarding various creditor, vendor, supplier, and customer communications and inquiries;
- Sought and obtained interim and final Court approval to pay prepetition claims of certain operational integrity suppliers and other vendors, shippers, and lienholders, as well as court authority to continue the vast and complex array

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

of the Debtors' customer and public purpose programs, and engaged in discussions and negotiations with counsel for the Committees and other parties in interest regarding same;

- Addressed numerous inquiries from vendors and suppliers regarding potential operational integrity status;
- Advised the Debtors and their other professionals regarding various vendor and customer related issues;
- Drafted, reviewed, and revised various vendor-related communication materials; and
- Negotiated and reviewed issues relating to vendor agreements, conducted related research, and conferred with the Debtors and other parties in interest regarding same.

    i.    <u>DIP Financing/Cash Mgmt./Hedging Transactions (Task Code 012)</u>
        Fees: $103,293.50; Total Hours: 100.00

- Assisted the Debtors and their other professionals in securing Court approval of a $5.5 billion debtor-in-possession ("**DIP**") financing facility;
- Participated in negotiations with counsel for the DIP lenders and the Committees regarding the interim DIP order;
- Participated in calls and negotiations with the DIP lenders, the Debtors and other professionals regarding obtaining approval of the DIP Financing on a final basis;
- Engaged in discussions and negotiations with the U.S. Trustee and other parties in interest regarding the continued use of the Debtors' cash management system;
- Filed and obtained approval of the Debtors' *Motion to (A) Continue Hedging Programs, (B) Enter Into and Perform under Postpetition Hedging Transactions, and (C) Pledge Collateral and Honor Obligations Thereunder* [Docket No. 780].

    j.    <u>Employee Issues (Task Code 014)</u>
        Fees: $1,368,222.00; Total Hours: 1,240.20

- Drafted and secured approval of first-day and supplemental motions to pay prepetition employee wages and continue certain employee benefits programs;
- Advised the Debtors regarding various issues with respect to employee wages, compensation, and other programs;
- Participated in numerous conferences and teleconferences with the Debtors, their other professionals, the Debtors' Board of Directors, and members of the Debtors' Compensation Committee regarding, among other things, employee compensation, incentive programs, and benefits terms and programs;
- Prepared and filed a motion seeking approval of a 2019 short-term incentive plan covering approximately 10,000 of the Debtors' non-insider employees and participated in related depositions and discovery with the Committees and other parties in interest; and

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

- Reviewed documents in response to requests from the U.S. Trustee and the Committees in connection with first-day motion to pay prepetition employee wages and continue benefits programs, and participated in teleconferences with the Debtors and their compensation consultant regarding same.

k. <u>Exclusivity (Task Code 016)</u>
Fees: $35,731.50; Total Hours: 33.30

- Prepared a motion, proposed order, and supporting declaration seeking a first extension of the Debtors' exclusive periods in which to file a chapter 11 plan and solicit votes thereon.

l. <u>Executory Contracts/Lease Issues (Task Code 017)</u>
Fees: $268,124.00; Total Hours: 344.10

- Analyzed various executory contracts and unexpired leases and the Debtors' rights thereunder;
- Participated on numerous teleconferences with the Debtors and their other professionals regarding treatment of various executory contracts and unexpired leases;
- Advised the Debtors on issues relating to energy procurement and purchase agreements and participated in numerous teleconferences with the Debtors and counterparties regarding same;
- Prepared and filed stipulations with various contract counterparties, including Enel Green Power North America, Inc., regarding the application of the automatic stay and the treatment of claims under the applicable agreements and engaged in discussions with the Debtors, AlixPartners, counsel for each of the Committees, and opposing counsel regarding same;
- Drafted and filed *Motion of Debtors Pursuant to 11 U.S.C. § 365(a), Fed. R. Bankr. P. 6006, and B.L.R. 6006-1 for an Order Approving the Utility's Assumption of Certain Agreements with Quanta Energy Services, LLC* [Docket No. 1218] relating to the provision of critical infrastructure services to support the safety and integrity of the Utility's electric and gas infrastructure; and
- Obtained Court approval of the Debtors' *Corrected Motion to Continue Performance under Prepetition Settlement Agreement with Butte County District Attorney's Office* [Docket No. 770], which authorized the Debtors to fund an enhanced wildfire prevention and communication program.

m. <u>General Case Strategy (includes calls with client and team calls) (Task Code 018)</u>
Fees: $614,500.50; Total Hours: 580.40

- Participated in numerous team meetings, conferences, and teleconferences among Weil, the Debtors, and the Debtors' other advisors regarding the status and administration of the Chapter 11 Cases and general case strategy; and
- Reviewed and responded to various correspondence regarding the Chapter 11 Cases and various related issues.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

n.   Hearings and Court Matters (Task Code 019)
     Fees: $419,097.50; Total Hours: 401.00

     - Prepared for and attended numerous in-person and telephonic hearings before the Court, including the first and second day hearings, approximately eleven (11) omnibus hearings, and various discovery and status conferences;
     - Reviewed agenda letters and coordinated with local counsel and the Court regarding hearings and agenda items;
     - Prepared pleadings, exhibits, and other documents for hearings; and
     - Responded to inquiries from the Court regarding pleadings and case administration issues.

o.   Non-Bankruptcy Litigation (Task Code 021)
     Fees: $132,348.00; Total Hours: 156.50

     - Coordinated with the Debtors' in-house legal team and other legal advisors regarding prepetition litigation, including complaints against directors and officers; and
     - Responded to various inquiries from the Debtors and other parties in interest regarding the status of prepetition actions and settlements.

p.   Non-Working Travel (Task Code 022)[4]
     Fees: $337,907.75; Total Hours: 517.60

     - Traveled to and from the Debtors' offices in San Francisco, Court hearings, and meetings with creditors and other parties in interest.

q.   FERC Adversary Proceeding (Task Code 023)
     and Bankruptcy Litigation (Task Code 004)
     Fees: $1,539,901.00; Total Hours: 1,751.80

     - Filed an adversary proceeding and successfully enjoined FERC from interfering with the Utility's ability to assume or reject its power purchase agreements; and
     - Prosecuted and defended the Debtors in connection with various other adversary proceedings, including a proceeding commenced by the Debtors against the Public Employees Retirement Association of New Mexico, a proceeding commenced against the Debtors by AECOM Technical Services, Inc., and a proceeding commenced against the Debtors by David Herndon and others.

---

[4] Non-working travel is billed at 50% of regular hourly rates, consistent with the U.S. Trustee guidelines for chapter 11 cases filed in the Southern District of New York and the District of Delaware. In light of the significant travel time required for professionals at Weil to attend the numerous hearings, conferences, and other meetings in these large and complex cases, notwithstanding anything to the contrary in the Fee Guidelines, Weil believes that payment of non-working travel at 50% of regular hourly rates is reasonable and appropriate.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

r.     Reclamation/503(b)(9) Claims (Task Code 024)
       and Administrative Expense Claims (Task Code 001)
       Fees: $42,670.50; Total Hours: 64.60

- Drafted, filed, and obtained Court approval of global and exclusive procedures for the treatment and resolution of reclamation claims and claims brought pursuant to section 503(b)(9) of the Bankruptcy Code ("**503(b)(9) Claims**");
- Coordinated with AlixPartners and the Debtors to reconcile and review reclamation demands and 503(b)(9) Claims; and
- Conducted legal research regarding reclamation demands and status and treatment of potential claims entitled to administrative expense status under the Bankruptcy Code.

s.     Regulatory Issues (including CPUC and FERC) (Task Code 025)
       Fees: $211,961.50; Total Hours: 188.00

- Advised the Debtors with regard to the impact of and interplay between the Chapter 11 Cases and ongoing proceedings before the California Public Utility Commission ("**CPUC**") and FERC;
- Negotiated with the CPUC regarding certain motions and requests for relief, including the Debtors' motion for authority to continue certain customer and public purpose programs;
- Provided periodic updates on the status of the Chapter 11 Cases to the CPUC and other regulatory agencies; and
- Participated on calls with the Debtors' senior management and other advisors regarding resolution of certain environmental claims and potential claims of governmental units.

t.     Retention/Billing/Fee Applications: WGM (Task Code 026)
       Fees: $74,887.00; Total Hours: 111.00

- Sought and obtained Court approval of the terms of Weil's engagement by the Debtors;
- Drafted and filed supplemental declarations in support of Weil's engagement; and
- Prepared and filed monthly fee statements in accordance with the Interim Compensation Order.

u.     Retention/Fee Application: Ordinary Course Professionals (Task Code 027)
       Fees: $42,637.00; Total Hours: 63.20

- Prepared, reviewed, and filed motions for the Debtors to retain approximately 70 professionals in the ordinary course of business;
- Drafted and reviewed retention questionnaires and declarations;
- Coordinated filing and service of ordinary course professional materials; and
- Conferred with the Debtors and ordinary course professionals regarding retention procedures and conflicts issues.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

v.    <u>Retention/Fee Application: Other Professionals (Task Code 028)</u>
Fees: $283,017.50; Total Hours: 409.60

- Drafted and filed a motion establishing procedures for interim compensation of retained professionals;
- Drafted and/or reviewed and revised applications to retain approximately fourteen professionals by the Debtors, including Prime Clerk, LLC, AP Services LLC, Lazard Freres & Co., PricewaterhouseCoopers LLP, and Jenner & Block LLP, and assisted with related declarations;
- Participated in contested and uncontested hearings regarding retention applications filed by the Debtors and the Committees;
- Conferred with various applicants regarding their scope of retention, terms of compensation, and related issues;
- Conferred extensively with the U.S. Trustee regarding various retention issues;
- Reviewed monthly fee statements of various professionals; and
- Coordinated filing and service of monthly fee statements for various professionals.

w.    <u>Schedules/Statement of Financial Affairs (Task Code 029)</u>
Fees: $54,903.50; Total Hours: 52.90

- Conducted internal team meetings, conferences, and teleconferences with AlixPartners and the Debtors regarding preparation of the Debtors' Schedules and Statements;
- Reviewed and revised drafts of the Schedules and Statements; and
- Conducted legal research regarding various issues related to same.

x.    <u>Tax Issues (Task Code 030)</u>
Fees: $515,721.00; Total Hours: 430.90

- Filed, and secured approval of first-day and supplemental motions to pay certain prepetition taxes and fees in the ordinary course of business and engaged in discussions and negotiations with the Committees and other parties in interest regarding same;
- Filed a motion seeking approval of certain procedures and restrictions relating to the Debtors' debt and equity securities to protect the potential value of the Debtors' consolidated net operating loss carryforwards and other tax benefits (the "**NOL Motion**");
- Represented the Debtors at multiple hearings on the NOL Motion and negotiated consensual resolution of all objections thereto; and
- Participated in internal conferences and teleconferences with the Debtors, and their other professionals in connection with potential tax consequences of various proposed and/or pursued transactions in the Chapter 11 Cases.

y.   US Trustee Issues/Meetings/Communications/
     Monthly Operating Report (Task Code 031)
     Fees: $91,414.00; Total Hours: 82.40

- Conferred on a regular basis with, and responded to numerous diligence requests from, the U.S. Trustee, including with respect to various first day motions, retention issues, hearing items, cash management issues, and the Section 341 Meeting;
- Prepared for and attended initial and continued Section 341 Meetings;
- Reviewed and revised notices of Section 341 Meetings and coordinated service thereof with Prime Clerk;
- Responded to U.S. Trustee's diligence requests related to various motions filed by the Debtors;
- Assisted the Debtors and AlixPartners with the preparation, review, and submission of monthly operating reports to the U.S. Trustee and related issues; and
- Assisted the Debtors with the preparation of Bankruptcy Rule 2015.3 Report.

z.   Unsecured Creditors Issues/Communications/Meetings (Task Code 032)
     Fees: $193,288.50; Total Hours: 192.90

- Prepared for and attended formation meeting of the Creditors' Committee;
- Prepared for and participated in regular meetings and teleconferences with the Creditors' Committee and its professionals regarding the status and administration of the Chapter 11 Cases, pending motions, chapter 11 plan related matters, and various other related issues;
- Advised the Debtors and responded to and successfully opposed motions seeking to establish official committees of public entity claimants and ratepayers;
- Prepared and filed responses to Creditors' Committee objections to certain of the Debtors' pleadings; and
- Reviewed and produced documents in connection with various document requests made by the Creditors' Committee.

aa.  Utility Issues/Adequate Assurance (Task Code 033)
     Fees: $15,896.00; Total Hours: 21.20

- Reviewed and revised proposed order approving the Utilities Motion;
- Assisted the Debtors in maintaining various utility services and in responding to adequate assurance demands and other inquiries from utility providers; and
- Participated in teleconferences with utility providers regarding adequate assurance and drafted agreements to resolve issues with respect thereto.

bb.  Real Estate and Real Property Issues (Task Code 035)
     Fees: $569,605.50; Total Hours: 544.00

- Reviewed various real property agreements, leases, and easement agreements and advised the Debtors on issues related thereto;

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

- Drafted, filed, and obtained Court approval of a motion to enter into certain real estate transactions and engaged in discussions and negotiations with the professionals for each of the Committees and other constituencies regarding same; and
- Participated in regular calls with the Debtors' real estate team and other advisors regarding real property transactions and related issues.

cc.    <u>Tort Claimants Committee, including Wildfire Claimants (Task Code 036)</u>
Fees: $136,887.00; Total Hours: 130.00

- Prepared for and attended formation meeting of the Tort Claimants Committee;
- Prepared for and participated in meetings and teleconferences with the Tort Claimants Committee and its professionals regarding the status and administration of the Chapter 11 Cases, pending motions, chapter 11 plan related matters, and various other issues;
- Prepared and filed responses to Tort Claimants Committee various objections to certain of the Debtors' pleadings; and
- Reviewed and produced documents in connection with Tort Claimants Committee document requests.

24.      The foregoing is merely a summary of the various professional services rendered by Weil during the Compensation Period. The professional services performed by Weil were necessary and appropriate to the administration of the Chapter 11 Cases and were in the best interests of the Debtors and the estates. Compensation for such services as requested is commensurate with the complexity, importance, and nature of the issues and tasks involved.

25.      The professional services performed by partners, counsel, and associates of Weil were primarily rendered by the Business Finance & Restructuring, Corporate, Tax, and Litigation Departments. As set forth in the Retention Application, Weil has a preeminent Business Finance & Restructuring practice and enjoys a national reputation for its expertise in financial reorganizations and restructurings of troubled entities. Weil also has the foremost experts with respect to tax matters in reorganization cases.

26.      The professional services performed by Weil on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 9,567.30 recorded hours by Weil's partners, counsel, associates, paraprofessionals, and other non-legal staff. Of the aggregate time expended, 3,677.60 recorded hours were expended by partners and counsel of Weil, 5,697.60 recorded hours were

expended by associates, and 192.10 recorded hours were expended by paraprofessionals and other non-legal staff of Weil.

27.     During the Compensation Period, Weil billed the Debtors for time expended by attorneys based on hourly rates ranging from $1,600.00 to $560.00 per hour for attorneys.  Allowance of compensation in the amount requested would result in a blended hourly billing rate of approximately $966.99 (based on 9,375.20 recorded hours for attorneys at Weil's billing rates in effect at the time of the performance of services).

### Actual and Necessary Disbursements of Weil

28.     Weil has disbursed $335,824.67 as expenses incurred in providing professional services during the Compensation Period.  These expenses are reasonable and necessary and were essential to, among other things, timely respond to motions and objections and the overall administration of these Chapter 11 Cases.

29.     Weil has not charged the Debtors for any overtime expenses.  Consistent with firm policy, attorneys and other employees of Weil who worked late into the evenings, on weekends or holidays, or were traveling in connection with these Chapter 11 Cases were reimbursed for their reasonable meal costs and their cost for transportation home from the office.  Weil's regular practice is not to include components for those charges in overhead when establishing billing rates and to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of services.  The amounts for which Weil is seeking reimbursement for reasonable meal costs are consistent with the local practice for chapter 11 cases filed in the Southern District of New York and the District of Delaware.

30.     With respect to photocopying expenses, as set forth in the Retention Application, Weil charges all of its clients $.10 per page; for color copies, Weil charges $.50 per page.  Except as set forth herein, each of these categories of expenses does not exceed the maximum rate set by the Local Guidelines.  These charges are intended to cover Weil's direct operating costs, which costs are not incorporated into the Weil hourly billing rates.  Only clients who actually use services of the types set forth in the summary sheet are separately charged for such services.  The effect of including such

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services. The amount of the standard photocopying charge is intended to allow Weil to cover the related expenses of its photocopying service and represents a good faith estimate of the actual cost of the copies. A determination of the actual expenses per page for photocopying, however, is dependent on both the volume of copies and the total expenses attributable to photocopying on an annual basis.

31.     On certain occasions, overnight delivery of documents and other materials was required as a result of circumstances necessitating the use of such express services. These disbursements are not included in Weil's overhead for the purpose of setting billing rates. Weil has made every effort to minimize its disbursements in these Chapter 11 Cases. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and their economic stakeholders.

### The Requested Compensation Should Be Allowed

32.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 of the Bankruptcy Code provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

33.    In the instant case, Weil submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the preservation and maximization of value for all stakeholders and to the orderly administration of the Chapter 11 Cases. Such services and expenditures were necessary to and in the best interests of the Debtors' estates, creditors, and all other parties in interest. The compensation requested herein is reasonable and appropriate in light of the nature, extent, and value of such services to the Debtors, as well as the size and complexity of these Chapter 11 Cases.

34.    The professional services were performed expediently and efficiently. Whenever possible, Weil sought to minimize the costs of its services to the Debtors by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of case administration.

35.    In sum, the services rendered by Weil were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

### Notice

36.    Notice of this Application has been provided to parties in interest in accordance with the procedures set forth in the Interim Compensation Order. Weil submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## **Conclusion**

37.    Weil respectfully requests that the Court (i) award an interim allowance of Weil's compensation for professional services rendered during the Compensation Period in the amount of $9,458,112.92, consisting of $9,122,288.25, representing 100% of fees incurred during the Compensation Period, and reimbursement of $335,824.67, representing 100% of actual and necessary expenses incurred during the Compensation Period, and that such allowance be without prejudice to Weil's right to seek additional compensation for services performed and expenses incurred during the Compensation Period, which were not processed at the time of this Application, (ii) direct payment by the Debtors of the difference between the amounts allowed and any amounts previously paid by the Debtors pursuant to the Interim Compensation Order, and (iii) grant such other and further relief as is just.

Dated: July 15, 2019

**WEIL, GOTSHAL & MANGES LLP**

By: */s/ Stephen Karotkin*
     Stephen Karotkin

*Attorneys for Debtors and Debtors in Possession*

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| | |
|---|---|
| 1 | Notice Parties |
| 2 | PG&E Corporation |
| | c/o Pacific Gas & Electric Company |
| 3 | 77 Beale Street |
| | San Francisco, CA 94105 |
| 4 | Attn:   Janet Loduca, Esq. |
| 5 | Keller & Benvenutti LLP |
| | 650 California Street, Suite 1900 |
| 6 | San Francisco, CA 94108 |
| | Attn:   Tobias S. Keller, Esq., |
| 7 | Jane Kim, Esq. |
| 8 | The Office of the United States Trustee for Region 17 |
| | 450 Golden Gate Avenue, 5th Floor, Suite #05-0153 |
| 9 | San Francisco, CA 94102 |
| | Attn:   James L. Snyder, Esq., |
| 10 | Timothy Laffredi, Esq. |
| 11 | Milbank LLP |
| | 55 Hudson Yards |
| 12 | New York, NY 10001-2163 |
| | Attn:   Dennis F. Dunne, Esq., |
| 13 | Sam A. Khalil, Esq. |
| 14 | Milbank LLP |
| | 2029 Century Park East, 33rd Floor |
| 15 | Los Angeles, CA 90067 |
| | Attn:   Paul S. Aronzon, Esq., |
| 16 | Gregory A. Bray, Esq., |
| | Thomas R. Kreller, Esq. |
| 17 | |
| 18 | Baker & Hostetler LLP |
| | 11601 Wilshire Boulevard, Suite 1400 |
| 19 | Los Angeles, CA 90025-0509 |
| | Attn:   Eric Sagerman, Esq., |
| 20 | Cecily Dumas, Esq. |
| 21 | Bruce A. Markell |
| | Fee Examiner |
| 22 | 541 N. Fairbanks Ct., Ste 2200 |
| | Chicago, IL 60611-3710 |
| 23 | Scott H. McNutt |
| | 324 Warren Road |
| 24 | San Mateo, California 94402 |
| 25 | |
| 26 | |
| 27 | |
| 28 | |