# Exhibit E

```
1   WEIL, GOTSHAL & MANGES LLP
    Stephen Karotkin (pro hac vice)              Signed and Filed: June 11, 2019
2   (stephen.karotkin@weil.com)
3   Ray C. Schrock, P.C. (pro hac vice)
    (ray.schrock@weil.com)
4   Jessica Liou (pro hac vice)                  _____
    (jessica.liou@weil.com)                      DENNIS MONTALI
5   Matthew Goren (pro hac vice)                 U.S. Bankruptcy Judge
    (matthew.goren@weil.com)
6   767 Fifth Avenue
    New York, NY 10153-0119
7   Tel: 212 310 8000
    Fax: 212 310 8007
8
9   KELLER & BENVENUTTI LLP
    Tobias S. Keller (#151445)
10  (tkeller@kellerbenvenutti.com)
    Jane Kim (#298192)
11  (jkim@kellerbenvenutti.com)
12  650 California Street, Suite 1900
    San Francisco, CA 94108
13  Tel: 415 496 6723
    Fax: 650 636 9251
14
    Attorneys for Debtors
15  and Debtors in Possession
```

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY KPMG LLP AS INFORMATION TECHNOLOGY, RISK, AND FORENSIC TECHNOLOGY CONSULTANTS TO THE DEBTORS *NUNC PRO TUNC* TO PETITION DATE** |
| ☐ Affects PG&E Corporation  ☐ Affects Pacific Gas and Electric Company  ☒ Affects both Debtors | |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

Upon the Application, dated May 21, 2019 (the "**Application**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to section 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to retain and employ KPMG LLP ("**KPMG**") as information technology, risk, and forensic technology consultants for the Debtors, effective as of the Petition Date, all as more fully set forth in the Application; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application, the Armstrong Declaration; and upon the record of the Hearing (if any was held) and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as modified herein.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, the Debtors are authorized to employ and retain KPMG as information technology, risk, and forensic technology consultants in these Chapter 11 Cases in accordance with the terms and

///

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

conditions set forth in the Engagement Agreements annexed to the Armstrong Declaration (as modified by this Order).

3. If the Debtors and KPMG enter into any additional agreements for the provision of additional services by KPMG, KPMG and the Debtors will seek separate retention orders with regard to any such additional agreements.

4. Notwithstanding anything to the contrary contained herein or in the Application and Engagement Agreements, KPMG shall file interim and final fee applications for allowance of compensation and reimbursement of out-of-pocket expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, , the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, effective February 19, 2014 (the "**Local Guidelines**"), the U.*S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 701], and any further Orders of the Court in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses (the "**Orders**"). For the avoidance of doubt, KPMG's fee applications are subject to this Court's approval.

5. Notwithstanding the prior paragraph, the fixed fees payable to KPMG pursuant to the Engagement Agreements are hereby approved as reasonable and shall be (i) compensated and reimbursed pursuant to the Bankruptcy Code in accordance with the terms of the Engagement Agreements, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any other applicable orders of this Court and (ii) subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except that the U.S. Trustee may review such compensation under sections 330 and 331 of the Bankruptcy Code and the Court retains jurisdiction to consider the U.S. Trustee's response or objection to KPMG's interim and final fee

applications on all grounds, including, but not limited to, reasonableness pursuant to section 330 of the Bankruptcy Code.

6. KPMG shall include in its fee applications, among other things, time records setting forth a summary description of the services rendered by each professional, with the exception of clerical staff, and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors in one-half hour (0.5) increments.

7. The terms and conditions of the Agreements, as modified by this Order, are approved.

8. The following terms apply during the pendency of the Debtors' Chapter 11 Cases:

(a) KPMG shall not be entitled to indemnification, contribution or reimbursement for services other than those described in the Engagement Agreements and the Application, unless such services and indemnification therefor are approved by the Court;

(b) The Debtors shall have no obligation to indemnify KPMG, or provide contribution or reimbursement to KPMG, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from KPMG's bad faith, self-dealing, breach of fiduciary duty (if any such duty exists), negligence, gross negligence or willful misconduct; or (ii) judicially determined (the determination having become final), based on a breach of KPMG's contractual obligations to the Debtor; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) immediately above, but determined by the Court, after notice and a hearing to be a claim or expense for which KPMG should not receive indemnity, contribution or reimbursement under the terms of KPMG's retention by the Debtors pursuant to the terms of the Engagement Agreements and Application, as modified by this Order; and

(c) If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal); and (ii) the entry of an order closing these Chapter 11 Cases, KPMG believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Agreements (as modified by this Order) and Application, including without limitation the advancement of defense costs, KPMG must file an application therefor in this Court, and the Debtors may not pay any such amounts to KPMG before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by KPMG for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify KPMG. All parties in interest shall retain the right to object to any demand by KPMG for indemnification, contribution or reimbursement.

9. The following changes to the Engagement Agreements apply during the pendency of the Chapter 11 Cases:

    (a) Paragraph 29 of the Master Services Agreement, which provides for limitation of liability between KPMG and the Debtors, is deleted.

    (b) Paragraph 6 of the standard terms and conditions in the Forensic Services Engagement Agreement, which provides for limitation on damages between KPMG and the Debtors, is deleted.

10. Notwithstanding any provision in any engagement letter or agreement between KPMG and PG&E there shall be no limitation on liability in connection with this engagement.

11. Notwithstanding anything to the contrary in the Application, any of its attachments, or any engagement letter, KPMG shall not seek reimbursement of any fees or costs arising from the prosecution or defense of any of KPMG's monthly fee statements or fee applications in these bankruptcy cases.

12. KPMG shall provide reasonable advanced notice to the Debtors and the U.S. Trustee, in these Chapter 11 Cases in connection with any increase of the hourly rates listed in the Armstrong Declaration and the U.S. Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

13. Subject to KPMG's compliance with applicable professional standards in its performance of the Services, KPMG shall use its best efforts to avoid duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

14. No KPMG employee who provides or provided services to the California High Speed Rail Authority will provide services to the Debtors, absent an agreement in writing by the Debtors and by the California High Speed Rail Authority, or further order of this Court.

15. No KPMG employee who has provided services to the California Air Resources Board will provide services to the Debtors, absent an agreement in writing by the Debtors and by the California Air Resources Board, or further order of this Court.

16. KPMG will institute and maintain an ethical wall between and for those KPMG employees who provide services to the Debtors and those KPMG professionals who provide or have

provided services to the California High-Speed Rail Authority or the California Air Resources Board that will prevent those KPMG employees who provide services to the Debtors and those KPMG professionals who provide or have provided services to the California High-Speed Rail Authority or the California Air Resources Board from disclosing any information about those services to each other directly or indirectly by anyone else employed at KPMG.

17. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

18. During the pendency of the Chapter 11 Cases, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation, interpretation or enforcement of this Order.

** END OF ORDER **

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119