1  UNITED STATES DEPARTMENT OF JUSTICE
   CIVIL DIVISION
2  JOSEPH H. HUNT
   Assistant Attorney General
3  RUTH A. HARVEY
   Director
4  KIRK MANHARDT
   Deputy Director
5  MATTHEW J. TROY (GABN 717258)
   Senior Trial Counsel
6  P.O. Box 875
   Ben Franklin Station
7  Washington, DC 20044-0875
   Telephone: (202) 514-9038
8  E-mail: matthew.troy@usdoj.gov

9  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
10 ROBIN M. WALL (CABN 235690)
   Assistant United States Attorney

11 Attorneys for the United States of America

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | |
| - and - | Chapter 11 |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Lead Case) |
| **Debtors.** | (Jointly Administered) |
| | Date: July 24, 2019 |
| | Time: 9:30 a.m. |
| ☐ Affects PG&E Corporation | Place: United States Bankruptcy Court |
| ☐ Affects Pacific Gas and Electric Company | 450 Golden Gate Avenue |
| ■ Affects both Debtors | Courtroom 17 |
| | San Francisco, CA 94102 |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Judge: Hon. Dennis Montali |
| | RE: Docket No. 2741 |

**RESPONSE OF THE UNITED STATES OF AMERICA TO MOTION OF THE AD HOC COMMITTEE OF SENIOR UNSECURED NOTEHOLDERS TO TERMINATE THE DEBTORS' EXCLUSIVE PERIODS PURSUANT TO SECTION 1121(d)(1) OF THE BANKRUPTCY CODE**

1    The United States of America, on behalf of various federal agencies, including but not limited to,
2 the United States Department of Agriculture, United States Forest Service; and the Department of the
3 Interior, Bureau of Land Management, and the National Park Service, hereby files this response to the
4 *Motion of the Ad Hoc Committee of Senior Unsecured Noteholders to Terminate the Debtors' Exclusive*
5 *Periods Pursuant to Section 1121(d)((1) of the Bankruptcy Code* (the "Motion").[1]

6    Collectively, the United States holds significant claims against the Debtors resulting from the
7 prepetition Northern California wildfires. These claims include, but are not limited to, (i) costs of
8 suppressing wildfires on federal lands; (ii) damage to federal lands and the resources they contain
9 including timber, habitat, wildlife, soil, and watersheds as well as the scenic, aesthetic, historic,
10 archeological, and recreational values of those lands; and (iii) reforestation and other costs associated
11 with stabilizing, rehabilitating, and restoring federal lands.[2] Under the law of this circuit, the United
12 States is "entitled to *full* compensation for *all* of its damages." *U.S. v. CB & I Constructors, Inc.*, 685
13 F.3d 827, 835 (9th Cir. 2012) (quoting *U.S. v. Union Pac. R.R. Co.*, 565 F. Supp. 2d 1136, 1143 (E.D.
14 Cal. 2008)) (emphasis in original). Those damages encompass "intangible [non-economic]
15 environmental damages because anything less would not compensate the public for all of the harm
16 caused by the fire." *CB & I Constructors, Inc.*, 685 F.3d at 837.

17    The Motion seeks to terminate the Debtors' exclusive periods under 11 U.S.C. § 1121(d) and
18 requests permission for the Ad Hoc Committee to file and solicit a plan of reorganization. In support,
19 the Ad Hoc Committee attaches as an exhibit to the Motion the Term Sheet detailing the key
20 components of an allegedly "viable, confirmable plan of reorganization," *Motion* at 4, including a
21 Wildfire Claims Trust "used to compensate all holders of prepetition fire claims," *id*. The Term Sheet
22 imposes a $16 billion cap (plus a possible, maximum 15% upward adjustment) for funding that trust,
23 *Motion, Exh. B* at 23, which is "sole source of recovery for the Wildfire Claims against the Debtors,"
24 and to which all Wildfire Claims must be channeled for resolution and payment, *id.* at 15. The exact

---

[1] Terms not otherwise defined herein shall have the meaning ascribed to them in the Motion and accompanying exhibits.

[2] The description of the United States' claims in this Response is without prejudice, and the United States expressly reserves its right, to assert other claims arising out of the Northern California wildfires or any other claims not related to the Northern California wildfires.

amount of the funding for Wildfire Claims Trust, subject to the cap, will be established in an estimation proceeding concluding before the commencement of the plan confirmation hearing. *Id*. at 14.

The United States takes no position with respect to the Motion's requested relief, i.e., termination of exclusivity and authorization for the Ad Hoc Committee to file and solicit a plan of reorganization. By doing so and not objecting to that relief, however, the United States is not waiving, and expressly reserves, any and all rights with respect to the terms of any such plan, including those reflected in the Term Sheet. Specifically, the United States reserves its right to object to any plan that purports to classify the United States' fire related claims as Wildfire Claims whose only source of recovery is the Wildfire Claims Trust or any other similar litigation trust with a channeling injunction and a capped funding amount established pursuant to an estimation proceeding.

Date: July 16, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
DAVID L. ANDERSON (CABN 149604)
United States Attorney
ROBIN M. WALL (CABN 235690)
Assistant United States Attorney

/s/ Matthew J. Troy
RUTH A. HARVEY
Director
KIRK MANHARDT
Deputy Director
MATTHEW J. TROY
Senior Trial Counsel
Attorneys for United States

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2019, I electronically filed the foregoing Response with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

/s/ Matthew J. Troy
Matthew J. Troy
Senior Trial Counsel
Attorney for United States