LOCKE LORD LLP
Meagan S. Tom (SBN 273489)
meagan.tom@lockelord.com
101 Montgomery Street, Suite 1950
San Francisco, CA 94104
Telephone: (415) 318-8810
Fax: (415) 676-5816

Bradley C. Knapp (admitted *pro hac vice*)
bknapp@lockelord.com
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130
Telephone: (504) 558-5210
Fax: (504) 910-6847

W. Steven Bryant (admitted *pro hac vice*)
sbryant@lockelord.com
600 Congress Street, Suite 2200
Austin, Texas 78701
Telephone: (512) 305-4700
Fax: (512) 305-4800

Attorneys for Creditor
*International Brotherhood of Electrical Workers Local Union 1245*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | CASE NO.: 19-30088 |
| PG&E CORPORATION and PACIFIC GAS & ELECTRIC COMPANY | Chapter 11 |
| Debtors | (Lead Case) |
| | (JOINTLY ADMINISTERED) |
| ____ Affects PG&E Corporation<br>____ Affects Pacific Gas and Electric Company<br> X  Affects both Debtors | **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 1245'S JOINDER TO MOTION OF THE AD HOC COMMITTEE OF SENIOR UNSECURED NOTEHOLDERS TO TERMINATE THE DEBTORS' EXCLUSIVE PERIODS PURSUANT** |

1

|   |   |   |
|---|---|---|
| | ) | TO SECTION 1121(d)(1) OF THE |
| | ) | BANKRUPTCY CODE |
| | ) | |
| | ) | |
| | ) | Date: July 24, 2019 |
| | ) | Time: 9:30 AM |
| | ) | Place: Courtroom 17, U.S. Bankruptcy |
| | ) | Court, 16th Floor, 450 Golden Gate |
| | ) | Avenue, San Francisco, California |
| | ) | |

The International Brotherhood of Electrical Workers Local Union 1245 ("IBEW") files this *Joinder* to the *Motion of the Ad Hoc Committee of Senior Unsecured Noteholders to Terminate the Debtors' Exclusive Periods Pursuant to Section 1121(d)(1) of the Bankruptcy Code* ("Motion") (Dkt. 2741). IBEW joins in the Motion and adds the following:

## I. Introduction

The IBEW is a labor organization affiliated with the American Federal of Labor – Congress of Industrial Organizations. The IBEW represents approximately 20,000 gas and utility employees, including thousands of employees of Pacific Gas & Electric Company ("PG&E"), throughout California. IBEW members are responsible for building, maintaining, repairing, and operating PG&E's natural gas and electric transmission and distribution systems and are therefore critical to PG&E's ability to supply gas and electricity to approximately 16 million California residents.

## II. Joinder and Statement

The IBEW strongly supports the Motion. California's governor and legislature have just enacted extraordinary legislation to support California's utilities in this new era of perennial wildfire risk. These efforts culminated in Assembly Bill 1054, which passed the legislature on July 11, 2019 and was signed into law by Governor Newsom the following day.[1] As an urgency measure,[2] the law is effective immediately. Among other things, AB 1054 creates new incentives for utilities to

---

[1] The text of AB 1054 may be accessed at the following link:
http://leginfo.legislature.ca.gov/faces/billPdf.xhtml?bill_id=201920200AB1054&version=20190AB105495CHP

[2] AB 1054, Sec. 27.

2

improve safety, helps mitigate ongoing wildfire-related risks, and offers improved assurances that wildfire victims will receive adequate compensation for their losses.

Most importantly for purposes of this proceeding, AB 1054 dramatically improves PG&E's future financial viability. The new law creates two new funds. First, it creates a $10.5 billion[3] "revolving liquidity fund" that can be used to pay claims resulting from future catastrophic wildfires.[4] This new fund will be financed by securitizing a future revenue stream exclusively funded by customers.[5] Second, if, within 15 days of enactment of AB 1054, Southern California Edison Company and San Diego Gas & Electric Company so elect, the liquidity fund would be replaced by an insurance fund that contains both the $10.5 billion from the continued charge on customers and a matching $10.5 billion from all three large investor owned utilities.[6] PG&E's contribution share would be 64.2 percent[7] of $10.5 billion. As its name implies, the insurance fund rather than the utilities would pay claims resulting from future catastrophic wildfires.[8] Further, future subrogation claims would be generally limited to 40% of the total claim value.[9] Moreover, while the utility would have to repay the insurance fund if it were found to have violated a new prudent manager standard, that repayment would be capped at 20% of its total transmission and distribution equity rate base.[10] Because the benefits of the new insurance fund are so significant, it is widely assumed that Southern California Edison Company and San Diego Gas & Electric Company will elect to participate, thus providing PG&E the opportunity to participate once it exits bankruptcy.

While the financial benefits of the insurance fund are critical to PG&E's future viability, there is a major prerequisite. The law requires that by June 30, 2020, these Bankruptcy Cases "must be resolved pursuant to a plan or similar document not subject to a stay," the Court must determine that there is funding to pay pre-petition wildfire claims, and the California Public Utilities

---

[3] CAL PUB. UTIL. CODE § 3288 (West 2019); CAL. WATER CODE § 80540 (West 2019). All statutory references are to California Code as amended by AB 1054.
[4] CAL. PUB. UTIL. CODE § 3291.
[5] CAL. WATER CODE § 80524. The revenue stream results from continuing an existing charge on customer bills that would otherwise expire. It does not increase rates compared to today.
[6] CAL. PUB. UTIL. CODE §§ 3292(a), 3292(b)(3), 3280(i).
[7] *Id*. § 3280(n).
[8] *Id*. § 3280(f).
[9] *Id.* § 3280(f).
[10] *Id.* § 3292(h).

3

Commission must approve the reorganization plan and other matters.[11] With less than one year left to accomplish all this, time is critical.

All stakeholders in these Bankruptcy Cases must focus on meeting the statutory deadlines to take advantage of this exceptional legislation. The clock on confirmation is now ticking, and PG&E has yet to propose a plan. Having a feasible Chapter 11 plan confirmed as soon as possible is in the best interests of not only the IBEW's members, but of past and future victims of catastrophic wildfires, the State of California, and all the other stakeholders in these Bankruptcy Cases. For these reasons, the IBEW supports the Motion and requests a termination of exclusivity.

Furthermore, although the Ad Hoc Committee requests termination only with respect to itself, the IBEW supports termination of exclusivity in its entirety. With the legislative process complete for the foreseeable future, creditors should now be able to evaluate any credible plan that can take advantage of AB 1054 and put the Debtors in the best possible position to emerge as a safe, viable, and responsible enterprise. To that end, while encouraged by the reorganization term sheet proposed by the Ad Hoc Committee,[12] this Joinder is not to be construed as an endorsement of that particular restructuring proposal, or of any other. The IBEW respectfully withholds any endorsement until such time that it has been able to review any forthcoming competing plans.

For the reasons set forth above and in the Motion, the IBEW joins in the Ad Hoc Committee's request for an order terminating the Debtors' Exclusive Periods in order to permit parties to file and solicit acceptances of a plan of reorganization, but further requests that these Exclusive Periods be terminated for *all* parties rather than just for the Ad Hoc Committee alone.

---

[11] *Id*. § 3292(b).

[12] The term sheet included with the Ad Hoc Committee's Motion represents a serious and thoughtful step forward in these cases. However, the proposed plan structure will need certain revisions in order to make it compatible with AB 1054. The IBEW looks forward to working with the Ad Hoc Committee and any other credible plan proponent toward a successful resolution of these Bankruptcy Cases.

4

| | |
|---|---|
| Dated: July 16, 2019 | Respectfully submitted, |
| | LOCKE LORD LLP |
| | By: /s/ Meagan S. Tom |
| | Bradley C. Knapp |
| | W. Steven Bryant |
| | Meagan S. Tom |
| | Attorneys for Creditor |
| | *International Brotherhood of Electrical Workers Local Union 1245* |