Robert A. Julian (SBN 99469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone: 628.208.6434
Facsimile: 310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** **PG&E CORPORATION** -and- **PACIFIC GAS AND ELECTRIC COMPANY,** Debtors. ☐ Affects PG&E Corporation ☐ Affects Pacific Gas and Electric Company ■ Affects both Debtors *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM) Chapter 11 (Lead Case) (Jointly Administered) DECLARATION OF CATHY YANNI IN SUPPORT OF THE ORDER (A) ESTABLISHING A QUALIFIED SETTLEMENT FUND FOR THE WILDFIRE ASSISTANCE PROGRAM AND (B) AUTHORIZING QSF ADMINISTRATOR **Related Docket Nos.: 2233 and 2409** |

CATHY YANNI declares as follows under penalty of perjury:

1. I am an attorney at law licensed to practice law in the state of California. I am in good standing. I have been a member of JAMS since January of 1998.

2. I have personal knowledge of the facts stated herein except as to matters where I indicate otherwise, and as to those matters, I believe them to be true. If called upon to testify, I could and would competently do so. I make this declaration in support of the proposed order (a) establishing a Qualified Settlement Fund for the Wildfire Assistance Program and (b) authorizing a QSF administrator for the account. I request entry of that order to facilitate the administration of the Wildfire Assistance Fund and enable me to distribute funds to individuals who qualify for assistance.

3. The Order appointing me as the Administrator of the Wildfire Assistance Fund authorized me to retain certain Program Professionals to support the work of the fund, including a claims management firm. I evaluated the tasks and functions required of me as Administrator and determined that it was necessary to retain a claims management firm to aid in the distribution of the Wildfire Assistance Fund to eligible Wildfire Claimants.

4. In the twenty years I have been at JAMS I have been a Court Appointed Special Master in numerous cases and have worked with multiple claims management firms. I have worked with BrownGreer for over ten years. For example, I am the Special Master in the ASR Hip Case MDL (*In re DePuy Orthopaedics, Inc., ASR Hip Implant Products*, MDL Docket No. 2197 (N.D. Ohio)) and *In re Abilify (Aripiprazole) Products Liability Litigation*, MDL No. 2734 (N.D. Florida), in which BrownGreer is the Claims Processor. In *DePuy Orthopaedics* program alone, we have evaluated more than ten thousand cases and distributed over 3 billion dollars in settlement funds to eligible claimants.

5. Upon information and belief, BrownGreer has specialized in settlement administration since it was founded in 2002. They are experienced in the legal and administrative aspects of the design, approval, and implementation of settlement programs, as well as the operation of claims facilities to provide damages payments or other benefits for the resolution of multiple claims through bankruptcy reorganization, class action settlement and

voluntary agreement. As part of their work, BrownGreer regularly handles complex and confidential case-specific information in class action or mass tort contexts (for example, Federal MDLs or California JCCPs). BrownGreer is often appointed by a supervising court to perform the functions described above. BrownGreer and its principals have performed crucial administration, information management, or claim evaluation roles in more than 75 major programs involving approximately 31 million class members and the disposition of over $33 billion in payments to qualifying claimants. A few examples of these engagements include:

      a.    *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL Docket No. 2179 (E.D. La.), in which BrownGreer served the Claims Administrator in processing hundreds of thousands of claims resulting in payments of more than $11.6 billion.

      b.    *In re DePuy Orthopaedics, Inc., ASR Hip Implant Products*, MDL Docket No. 2197 (N.D. Ohio), a voluntary settlement program for claims relating to metal-on-metal hip implant devices, in which BrownGreer has reviewed over 10,000 claims and distributed over $3 billion. I serve as the Special Master for the settlement program.

      c.    *In re Abilify (Aripiprazole) Products Liability Litigation*, MDL No. 2734 (N.D. Florida), litigation involving anti-psychotic medication in which I served as Special Master for Settlement and BrownGreer assisted me throughout the litigation.

6. Based on my experience, I selected BrownGreer as my claims administrator after having considered several other claims administration firms and because I believe they are best equipped to support my work as Administrator. I independently selected BrownGreer prior to having any discussions with the Debtors, the TCC, the UCC, or any of the law firms representing Fire Claimants about such selection.

7. The federal tax rules concerning QSFs are found in Internal Revenue Code §468B and its accompanying regulations. The Treasury Department further defined these settlement funds by promulgating Treasury Regulation section 1.468B-l *et seq*. Under these Regulations, there are three requirements for a settlement fund, account or trust to be treated as a QSF:

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

(1) It is established pursuant to an order of, or be approved by, the United States, any state (including the District of Columbia), territory, possession, or political subdivision thereof, or any agency or instrumentality (including a court of law) of any of the foregoing and is subject to the continuing jurisdiction of that governmental authority;

(2) It is established to resolve or satisfy one or more contested or uncontested claims that have resulted or may result from an event (or related series of events) that has occurred and that has given rise to at least one claim asserting liability…[a]rising out of a tort, breach of contract, or violation of law…; and

(3) The fund, account, or trust is a trust under applicable state law, or its assets are otherwise segregated from other assets of the transferor (and related parties). (Treas. Reg. §1.468B-l(c)).

8. Establishment of the Wildfire Assistance Program QSF would satisfy all three elements of a valid and permissible QSF. The Wildfire Assistance Program QSF would be established under this Court's order to resolve one or more outstanding claims, and the assets would be held by a third-party administrator (the "QSF Administrator"), rather than by the debtors or the bankruptcy estate.

9. The appointment order states that "The Debtors are authorized to deposit $105 million into a segregated account (the "Wildfire Assistance Fund") to be controlled by the Administrator who shall be responsible for disbursing and administering the Wildfire Assistance Fund in accordance with the Program Terms.

10. I request creation the Wildfire Assistance Program QSF to serve as the segregated account that will receive the Wildfire Assistance Fund. In my capacity as Administrator, I must ensure that the funds are deposited in an appropriate account, with all necessary protections from investment vulnerabilities, and that the distributions from that account are carefully controlled. It is in the best interest of all parties that the Court establish the Wildfire Assistance Program QSF as the vehicle for receiving the funds in question.

11. As the Wildfire Assistance Program Administrator, I have ultimate authority over the QSF and BrownGreer will work at my direction. I request that I be named as QSF Administrator.

12. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of July, 2019, at Cleveland, Ohio.

_____
CATHY YANNI