1  **RICHARD B. GULLEN (SBN 144513)**
   **ROSSI, HAMERSLOUGH, REISCHL & CHUCK**
2  **1960 The Alameda, Suite 200**
   **San Jose, CA  95126-1493**
3  **Tel:  (408) 261-4252**
   **Fax:  (408) 261-4292**
4
   Attorneys for Movants,
5  XIAOTIAN SUN and WEI LUO

6  **Gordon J. Finwall (SBN 141777)**
   **FINWALL LAW OFFICES, APC**
7  **1056 Lincoln Avenue**
   **San Jose, CA 95125**
8  **Tel:  (408) 350-4041**
   **Fax:  (408) 350-4042**
9  **Email:  Gordon@Finwalllaw.com**

10 Attorneys for Movants,
   CSABA MESTER and MARTA MESTER

11

12                  UNITED STATES BANKRUPTCY COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14                     SAN FRANCISCO DIVISION

15

| | |
|---|---|
| In Re: | Bankruptcy Case No. 19-30088 (DM) |
| | DC NO. RG-1 |
| PG&E CORPORATION, | Chapter 11 |
| And | (Lead Case) |
| PACIFIC GAS AND ELECTRIC COMPANY, | (Jointly Administered) |
| Debtors. | |
| Affects both Debtors. | **JOINT MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| XIAOTIAN SUN and WEI LUO, and CSABA WENDEL MESTER and MARTA M. MESTER individually and as trustees of the CSABA & MARTA MESTER FAMILY REVOCABLE LIVING TRUST DATED 9/1/2011 and any amendments thereto, | Date:  July 31, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place:  United States Bankruptcy Court<br>       450 Golden Gate Avenue<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA  94102 |
| Movants, | |
| vs. | |
| PG&E CORPORATION, PACIFIC GAS AND | |

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

ELECTRIC COMPANY, Debtors,

Respondents.

## I.     INTRODUCTION AND SUMMARY OF ARGUMENT

Movants XIAOTIAN SUN and WEI LUO (the "SUNS") and Movants CSABA WENDEL MESTER and MARTA M. MESTER, individually and as trustees of the CSABA & MARTA MESTER FAMILY REVOCABLE LIVING TRUST DATED 9/1/2011 and any amendments thereto, (the "MESTERS") (the SUNS and the MESTERS are collectively referred to as the "Movants"), move this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362 to allow the SUNS and the MESTERS to prosecute and defend their equitable relief claims involving Pacific Gas and Electric Company ("PG&E Company") in the State Court Action filed in Santa Clara County Superior Court as case number 17-CV-305995 (hereinafter "State Court Action"), and any post-trial proceedings and/or appeal from any judgment entered in the State Court Action.

The State Court Action does not allege any claims for damages against PG&E Company.

A copy of Movants' Relief from Stay Information Sheet is filed concurrently herewith as a separate document pursuant to Local Rules of Court.

## II.     FACTUAL BACKGROUND

The SUNS are the Plaintiffs in the State Court Action.  The MESTERS are Defendants and Cross-Complainants in the State Court Action.  PG&E Company is named in Plaintiffs' First Amended Complaint as an alleged necessary party defendant to a declaratory relief claim, and in the MESTERS' Cross-Complaint as a cross-defendant in claims for equitable relief based upon declaratory relief, public nuisance, and private nuisance.  All of the claims in the State Court Action which name PG&E Company as a party seek equitable relief, but no monetary damages.

The State Court Action alleges that a wood power pole maintained by PG&E Company which serves the SUNS' Property and the MESTERS' Property (the "Power Pole") was found to be located outside the bounds of an express public utilities easement on the MESTERS'

Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

Property. As against PG&E Company, the SUNS' First Amended Complaint asserts a claim for declaratory relief seeking, among other things, a declaration that the SUNS have easement rights to use the Power Pole in its existing location, or alternatively, whether the Power Pole needs to be moved, and if so, the allocation of those costs. A copy of the First Amended Complaint is attached to the accompanying Declaration of Richard Gullen as **Exhibit A**.

Likewise, the MESTERS' Cross-Complaint asserts against PG&E Company a claim for declaratory relief as to the parties' rights and obligations to use the Power Pole in its existing location, and claims for public nuisance and private nuisance alleging that the Power Pole is unsafe and therefore must be moved. A copy of the MESTERS' Cross-Complaint is attached to the accompanying Declaration of Richard Gullen as **Exhibit B**.

The SUNS and the MESTERS have stipulated to allow the SUNS to file a second amended complaint which updates and clarifies the allegations, but does not seek any different or additional relief against PG&E Company, other than declaratory relief (the "Second Amended Complaint"). A copy of the proposed Second Amended Complaint is attached to the accompanying Declaration of Richard Gullen as **Exhibit C**.

The State Court Action was set for trial for April 29, 2019, however, the trial date was vacated as a result of the automatic stay. Currently a trial setting conference is scheduled in the State Court Action for July 23, 2019.

The State Court Action has been stayed as the result of the automatic stay imposed pursuant to Section 362 of the Bankruptcy Code (the "Automatic Stay").

The SUNS and the MESTERS seek relief from the Automatic Stay to proceed with the State Court Action.

### III.     ARGUMENT

Pursuant to 11 U.S.C § 362(d)(1), Movants are entitled to relief from the automatic stay for cause. The State Court Action only seeks equitable relief against PG&E Company. As such, the relief sought does not constitute a claim which is stayed by this bankruptcy:

> "The right to equitable relief constitutes a claim only if it is an alternative to a right to payment or if compliance with the equitable order will itself require the payment of money." (***Kennedy v. Medicap Pharmacies, Inc.,*** 267 F. 3d 493, 497 (6th

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

1     Cir.) 2001.)

2         In this case, the equitable relief sought is not an alternative to payment of money to the

3 Movants, nor will it require payment of money to the Movants.  The equitable relief claims seek

4 determination as to the Parties' rights and obligations with respect to the use of a Power Pole

5 located outside of an express easement, and whether PG&E Company should move the Power

6 Pole.  Since only PG&E Company can move the Power Pole, if necessary, money damages are

7 not sought or adequate, and only equitable relief will suffice.

8         Also, given that the State Court Action was on the verge of trial when this bankruptcy

9 was filed, as a matter of judicial economy, good cause exists to allow the State Court Action to

10 be concluded:

11                "And relief also may be granted when necessary to permit
litigation to be concluded in another form, particularly if the non-

12                bankruptcy suit involves multiple parties or is ready for trial."  (3
Collier on bankruptcy, P362.07 (16th 2019), citing *In Re:*

13                *Castlerock Properties*, 781 F.2d 159, 15 C.B.C. 2d 20 (9th Cir.)
1986.)

14

15         On July 15, 2019, Movants forwarded to bankruptcy counsel for PG&E Company a

16 proposed stipulation for relief from stay to allow the State Court Action to proceed.  However, at

17 the time of filing this motion no response was received from counsel for PG&E Company.

18 Accordingly, relief from the automatic stay should be granted pursuant to 11 U.S.C. § 362(d)(1).

19         WHEREFORE, Movants pray for relief as follows:

20    1. Movants XIAOTIAN SUN and WEI LUO (collectively the "SUNS") are hereby granted

21       relief from the Automatic Stay permitting the SUNS to file the proposed Second

22       Amended Complaint, to prosecute their claims in the State Court Action to completion

      and/or judgment, to enforce any judgment, and to prosecute or defend any appeal.

23
24    2. Movants CSABA MESTER and MARTA MESTER individually and as trustees of the

25       CSABA & MARTA MESTER FAMILY REVOCABLE LIVING TRUST DATED

26       9/1/2011 and any amendments thereto (collectively the "MESTERS") are hereby granted

27       relief from the Automatic Stay permitting the MESTERS to prosecute their claims and

      defenses in the State Court Action to completion and/or judgment, to enforce any

28

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

1    judgment, and prosecute or defend any appeal.

2        3. For an Order that the fourteen day stay of order described by Bankruptcy Rule

3            4001(a)(3) be waived.

4        4. For such other relief as the Court deems proper.

5

6    Dated: July 17, 2019          ROSSI, HAMERSLOUGH, REISCHL & CHUCK

7

8                                  BY:   /s/ Richard B. Gullen
                                         RICHARD B. GULLEN, ESQ.
9                                        Attorneys for Movants
                                         XIAOTIAN SUN and WEI LUO

10

11

12   Dated: July 17, 2019          FINWALL LAW OFFICES, APC

13

14                                 BY:   /s/ Gordon J. Finwall
                                         GORDON J. FINWALL, ESQ.
15                                       Attorneys for Movants CSABA WENDEL
                                         MESTER and MARTA M. MESTER
16                                       individually and as trustees of the CSABA &
                                         MARTA MESTER FAMILY REVOCABLE
17                                       LIVING TRUST DATED 9/1/2011 and any
                                         amendments thereto

18

19

20

21

22

23

24

25

26

27

28

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292