1   DAVID HAMERSLOUGH (SBN 95010)
    RICHARD B. GULLEN (SBN 144513)
2   ROSSI, HAMERSLOUGH, REISCHL & CHUCK
    1960 The Alameda, Suite 200
3   San Jose, CA 95126-1493
    (408) 261-4252
4   Fax: (408) 261-4292

5   Attorneys for Plaintiffs Xiaotian Sun
    and Wei Luo

6

7

8

9                  IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                       IN AND FOR THE COUNTY OF SANTA CLARA

11

12

13   XIAOTIAN SUN and WEI LUO,              Case No.: 17CV305995

14              Plaintiffs,                 VERIFIED FIRST AMENDED COMPLAINT
                                            FOR DAMAGES AND EQUITABLE RELIEF
            vs.                             BASED UPON:
15
     CSABA MESTER, MARTA MESTER,            1.  Declaratory Relief;
16   PACIFIC GAS AND ELECTRIC               2.  Quiet Title To Express Easement;
     COMPANY, and DOES 1 - 20,              3.  Quiet Title To Prescriptive Easement;
17                                          4.  Quiet Title To Equitable Easement;
                Defendants.                 5.  Interference With Easements; and
18                                          6.  Acquisition of Easement by Eminent
                                                Domain
19

20

21

22

23       Plaintiffs Xiaotian Sun and Wei Luo (hereinafter "Plaintiffs") alleges as follows:

24                              PRELIMINARY ALLEGATIONS

25       1.      Plaintiffs are individuals who at all times herein were and are residents of Santa

26   Clara County, California. Plaintiffs are the owners of the real property and structures

27   commonly known as 15651 On Orbit Drive, Saratoga, California, APN 517-25-046 ("Sun

28   Property").

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

COMPLAINT                                                                          1

2.    Defendants Csaba Mester and Marta Mester are individuals who at all times herein were and are residents of Santa Clara County, California. The Mesters own the real property and structures commonly known as 15645 On Orbit Drive, Saratoga, California, APN 517-26-015 and 517-26-016 ("Mester Property").

3.    Defendant Pacific Gas And Electric Company (PG&E) is a utility company doing business in Santa Clara County, California. PG&E is named as a defendant in this lawsuit only because the dispute between Plaintiffs and the Mesters involves the rights, duties, and obligations relating to a public utility easement that burdens the Mesters' property. PG&E is named as a necessary and indispensable party.

4.    Plaintiffs are ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as DOES 1 through 20, inclusive, and therefore sues said defendants by such fictitious names pursuant to the Code of Civil Procedure §474. Plaintiffs will pray leave of Court to amend this Complaint to allege their true names and capacities when the same have been ascertained.

5.    Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged and that Plaintiffs' injuries and damages were proximately caused thereby. As used herein, the word "defendants" shall mean the named defendants as set forth above and defendants DOES 1 through 20, and each of them.

6.    The real properties owned by Plaintiffs and the Mesters share a common boundary. The Mester Property is burdened by a public utility easement. Plaintiffs are informed and believe and thereon allege that PG&E installed an electrical pole and service lines pursuant to the public utility easement. While the Mesters acknowledge the existence of the public utility easement, they contend that the electrical pole and service lines have been placed outside of the deeded easement.

7.    Plaintiffs' service line connects to this electrical pole. Plaintiffs want to upgrade the service to their property and needs to install, among other things, a new underground conduit and a small underground junction box inside the public utility easement and connect

Rossi, Hemenslough
Sakohi & Cheah
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

1  these improvements to the existing electrical pole. Plaintiffs have requested access to the

2  portion of the public utility easement on the Mester Property in order to complete this work.

3  The Mesters have refused to provide access for this work to be done and have further claimed

4  that the electrical pole is outside of the easement and that Plaintiffs therefore have no right to

5  complete the service upgrade because to do so would require burdening portions of the Mester

6  Property outside of the public utility easement. Plaintiffs and PG&E have requested access to

7  the Mester Property in order to confirm the Mesters' assertion that the electrical pole is outside

8  of the deeded public utility easement. The Mesters have refused to provide access. The

9  Mesters have also demanded that the electrical pole and service lines be moved to a different

10 location.

11                              **FIRST CAUSE OF ACTION**
                          **(Declaratory Relief Against All Defendants)**
12

13      8.      Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 7 as

14 though set forth in full herein.

15      9.      An actual controversy has arisen and now exists between Plaintiffs and

16 Defendants relative to their respective rights and duties with regard to, among other things, the

17 public utility easement burdening the Mester Property, the location of the electrical pole and

18 service lines, whether access to the Mester Property in order to determine the location of the

19 electrical pole and service lines in relation to the public utility easement is justified, whether the

20 electrical pole and service lines need to be moved, who, if anyone, is responsible for the

21 relocation of the electrical pole and service lines if in fact they do need to be moved, whether

22 the historical existence of the electrical pole and service lines in their current location gives rise

23 to the right for them to remain in their current location, whether Plaintiffs are entitled to

24 complete the upgrade to their electrical service based on the public utility easement and the

25 historical existence and location of the electrical pole and service lines, and who is responsible

26 for any costs and expenses associated with the foregoing.

27      10.     Plaintiffs desire  a judicial determination of their rights and duties with respect

28 to the public utility easement and the other subject matters set forth in Paragraph 9 above and a

Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

1   declaration with respect to each of these subject matters.

2       11.     A judicial declaration is necessary and appropriate at this time under the

3   circumstances in order that Plaintiffs may ascertain their rights and duties as well as those of

4   the Mesters and PG&E with respect to the subject matters set forth in Paragraph 9 above.

5       12.     Plaintiffs have attempted to resolve these issues informally with both the

6   Mesters and PG&E but, unfortunately, the Mesters have refused to communicate any further

7   with regard to these subject matters.

8           WHEREFORE, Plaintiffs pray for relief against Defendants, and each of them, as more

9   fully set forth below.

10                          **SECOND CAUSE OF ACTION**
    **(Quiet Title to Express Easement Against Defendants Csaba Mester and Marta Mester)**
11

12      13.     Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 12 as

13  though set forth in full herein.

14      14.     The basis of Plaintiffs' claim to an express easement is based upon the public

15  utility easement that burdens the Mester Property.  Said express easement was granted by the

16  then owner of the Mester Property by dedication in a subdivision map entitled "Tract No. 3360

17  Apollo Heights" recorded in Book 178 of Maps at P. 38 and 39, in the official records of Santa

18  Clara County, California on May 15, 1964 (the "Subdivision Map").

19      15.     As stated in the Subdivision Map, the then owners of the Mester Property

20  dedicated "to public use" an easement for public utility within the northerly 10 feet of the

21  Mester Property.  As also stated on the Subdivision Map, said dedication was accepted by the

22  County "on behalf of the public".  A copy of a recorded Subdivision Map memorializing this

23  public utility easement is attached hereto as **Exhibit A.**

24      16.     Plaintiffs are informed and believe that the electrical pole and service lines that

25  benefit their property are located within the public utility easement.  The Mesters contest this

26  issue.  Plaintiffs seek to quiet title to the public utility easement and the location of the

27  electrical pole and service lines within that easement and assert that Plaintiffs are entitled to

28  upgrade their utility service by installing, among other things, a new underground conduit and a

Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

4

small underground junction box inside the public utility easement and connecting these improvements to the existing electrical pole.

WHEREFORE, Plaintiffs pray for relief against Defendants, and each of them, as more fully set forth below.

### THIRD CAUSE OF ACTION
(Quiet Title to Prescriptive Easement Against Defendants Csaba Mester and Marta Mester)

17.     Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 16 as though set forth in full herein.

18.     In the event that the existing electrical pole and service lines are not located within the express public utility easement, Plaintiffs request that the Court grant Plaintiffs and PG&E a prescribed easement allowing the electrical pole and service lines to remain in their current location and allowing Plaintiffs to upgrade their electrical service by, among other things, installing, a new underground conduit and a small underground junction box and connecting these improvements to the existing electrical pole.

19.     The easement that Plaintiffs are requesting exists based on the establishment of prescriptive rights.  Prescriptive rights have been established by virtue of the historical existence of the electrical pole, service lines, and related equipment in their current location for more than five years without permission.

WHEREFORE, Plaintiffs pray for relief against Defendants, and each of them, as more fully set forth below.

### FOURTH CAUSE OF ACTION
(Quiet Title to Equitable Easement Against Defendants Csaba Mester and Marta Mester)

20.     Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 19 as though set forth in full herein.

21.     In the event that the existing electrical pole and service lines are not located within the express public utility easement, Plaintiffs request that the Court grant Plaintiffs and PG&E an equitable easement allowing the electrical pole and service lines to remain in their current location and allowing Plaintiffs to upgrade their electrical service by, among other things, installing, a new underground conduit and a small underground junction box and

Rossi, Hemenrlough,
Ratsch8 & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4252

connecting these improvements to the existing electrical pole.

22. Equitable rights exist based on, among other facts, the good-faith installation of the electrical pole, service lines, and related equipment in a location that was understood to be within the public utility easement.

23. The encroachment is not the result of Plaintiffs' willful act in that Plaintiffs are informed and believe that the subject electrical pole and related lines providing electrical service to the Sun Property have existed in their current location for decades, whereas Plaintiffs did not acquire the Sun Property and begin using said electrical lines and electrical pole until January 2008.

24. Balancing the hardships, if Plaintiffs are denied an equitable easement to continue using the electrical lines and electrical pole which have been in existence for decades, Plaintiffs will suffer irreparable injury in that Plaintiffs will be deprived of electrical service to their residence, whereas Defendants will suffer no harm or burden, let alone undue burden, if the existing use is continued, or if Plaintiffs are allowed to upgrade that use.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## FIFTH CAUSE OF ACTION
(Interference With Easements Against Defendants Csaba Mester and Marta Mester)

25. Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 24 as though set forth in full herein.

26. Defendants have obstructed and interfered with Plaintiffs' access to, and use of, the above described easement by including, but not limited to, installing a fence which interferes with Plaintiffs' access to the easement area.

27. As a result of Defendants' interference with Plaintiffs' easement rights, Plaintiffs have suffered damages including, but not limited to, the loss of use of the easement for purposes of upgrading Plaintiffs' electrical service to, among other things, charge an electric vehicle, delay in the completion of the electrical upgrade work, increased costs of construction for the electrical upgrade work, and other compensatory and consequential damages, all in an amount to be proven at trial.

Reed, Harnedclough
Reinckl & Chmck
1560 The Alameda
Suite 200
San Jose, CA
95126-1492
(408) 261-1492
Fax (408) 261-4292

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## SIXTH CAUSE OF ACTION
**(Acquisition of Easement by Eminent Domain Against Defendants Csaba Mester and Marta Mester)**

28.    Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 27 as though set forth in full herein.

29.    Pursuant to Civil Code § 1001, Plaintiffs are entitled to acquire by eminent domain an appurtenant easement over the Mester Property to provide utility service to the Sun Property.

30.    As set forth above, there is a great necessity for this easement in that without it, Plaintiffs will have no electrical service to the Sun Property which is currently being provided by the existing electrical pole and lines.

31.    The location of the proposed easement affords the most reasonable service to the Sun Property, consistent with the least damage to the Mester Property, in that it is the same location as the existing electrical pole, electrical lines and related equipment.

32.    Granting an easement allowing the continued use of the electrical pole and lines, including upgrading this service, which has been used for decades, will have minimal, if any, impact on the Mester Property. The hardship to the Plaintiffs consisting of the loss of electrical service if the easement is not permitted, clearly outweighs any minimal impact to the Mester Property.

33.    Accordingly, Plaintiffs are entitled to an appurtenant easement over the Mester Property for the use of the existing electrical pole, electrical lines, and related equipment, including upgrading the service of same.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## PRAYER

WHEREFORE, Plaintiffs pray as follows:

1.    For a declaration that there is a public utility easement as described in Exhibit A burdening the Mester Property, that the existing electrical pole and service lines are within that

Rossi, Hamersclough,
Ralschi & Check
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

COMPLAINT

7

1    easement or, if they are not, that they can remain in their current location and do not need to be

2    moved, that Plaintiffs, PG&E, or others acting on their behalf have the right to access the

3    Mester Property and the easement for purposes of, among other things, installing, a new

4    underground conduit and a small underground junction box and connecting these

5    improvements to the existing electrical pole; alternatively, that Plaintiffs, PG&E, or others

6    acting on their behalf have a right to access the Mester Property and the easement for purposes

7    of, among other things, installing a new underground conduit and a small underground junction

8    box inside the express public utility easement and connecting these improvements to the

9    existing electrical pole in its current location; that if the electrical pole and service lines do need

10.   to be moved, that Plaintiffs have no obligation to pay for any costs or expenses associated with

11    their relocation;

12         2.      To quiet title to the express public utility easement as set forth on the

13    Subdivision Map, and the location of the electrical pole, service lines, related equipment within

14    that easement and that Plaintiffs are entitled to upgrade their utility service by installing, among

15    other things, a new underground conduit and a small underground junction box inside the

16    public utility easement and connecting these improvements to the existing electrical pole;

17         3.      In the event that the existing electrical pole and service lines are not located

18    within the express public utility easement, that Plaintiffs have a prescriptive easement that

19    provides that the electrical pole, service lines, and related equipment remain in their current

20    location and that Plaintiffs may upgrade their electrical service by, among other things,

21    installing a new underground conduit and a small underground junction box inside the public

22    utility easement and connecting these improvements to the existing electrical pole;

23         4.      In the event that the existing electrical pole and service lines are not located

24    within the express public utility easement, that Plaintiffs have an equitable easement that

25    provides that the electrical pole, service lines and related equipment remain in their current

26    location and that Plaintiffs may upgrade their electrical service by, among other things,

27    installing a new underground conduit and a small underground junction box inside the public

28    utility easement and connecting these improvements to the existing electrical pole;

Rossi, Hamerslough, Reischl & Chuck
1950 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

COMPLAINT

8

1      5.      In the event that the existing electrical pole and service lines are not located

2   within the express public utility easement, that pursuant to C.C.P. § 1001 Plaintiffs have

3   acquired by eminent domain an appurtenant easement that provides that the electrical pole,

4   service lines and related equipment remain in their current location and that Plaintiffs may

5   upgrade their electrical service by, among other things, installing a new underground conduit

6   and a small underground junction box inside the public utility easement and connecting these

7   improvements to the existing electrical pole;

8      6.      For compensatory and consequential damages for Defendants' interference with

9   Plaintiffs' easements in an amount to be proven at trial.

10      7.      For a preliminary and permanent injunction restraining Defendants from

11  interfering with or obstructing in any way Plaintiffs' use of the above described easements;

12      8.      For such other and further relief as the court may deem just and proper.

13

14  Dated: June 26, 2017

                                        ROSSI, HAMERSLOUGH, REISCHL & CHUCK

15

16                                      BY: _____

17                                          RICHARD B. GULLEN
                                            Attorneys for Plaintiffs  Xiaotian Sun and Wei
18                                          Luo

19

20

21

22

23

24

25

26

27

28

COMPLAINT

9

**VERIFICATION (Standard) CCP §§ 446, 2015.5**

**Sun, et. al. vs. Mester, et al.**
**Santa Clara County Superior Court Case No. 17CV305995**

I declare that:

I am the Plaintiff in the above-entitled action; I have read the foregoing **VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF BASED UPON: 1 Declaratory Relief; 2. Quiet Title To Express Easement; 3. Quiet Title To Prescriptive Easement; 4. Quiet Title To Equitable Easement; 5. Interference With Easements; and 6. Acquisition of Easement by Eminent Domain** and know the contents thereof; the same is true of my own knowledge, except as to those matters which are therein stated upon my information or belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this verification was executed on June *21st*, 2017, at *Saratoga*, California.

_Ren Xiaotian_
XIAOTIAN SUN

Rossi, Hemenlough, Raimdi & Chuck
1940 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

TITLE OF PLEADING

1



1  **PROOF OF SERVICE**

2  STATE OF CALIFORNIA, COUNTY OF SANTA CLARA:

3        I am a citizen of the United States and employed in the county aforesaid; I am over the
   age of eighteen years, and not a party to the within action; my business address is 1960 The
4  Alameda, Suite 200, San Jose, CA 95126-1493. On the date set forth below I served the
   documents described below:

5
        **VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES AND**
6       **EQUITABLE RELIEF BASED UPON:**

7       1.  **Declaratory Relief;**
        2.  **Quiet Title To Express Easement;**
8       3.  **Quiet Title To Prescriptive Easement;**
        4.  **Quiet Title To Equitable Easement;**
9       5.  **Interference With Easements; and**
        6.  **Acquisition of Easement by Eminent Domain**
10
   on the following person(s) in this action by placing a true copy thereof enclosed in a sealed
11 envelope addressed as follows:

12       Csaba and Marta Mester
         1580 Norman Avenue
13       Santa Clara, CA 95054

14       Cesar V. Alegria, Esq.              **Courtesy Copy:**
         PG&E Law Dept.
15       P.O. Box 7442                       Gordon Finwall, Esq.
         San Francisco, CA 94120             Finwall Law Offices, APC
16                                           1056 Lincoln Avenue
         Attorneys for Defendant             San Jose, CA 95125
17       PACIFIC GAS & ELECTRIC              (408)350-4041
         COMPANY
18                                           Attorneys for Defendants Csaba Mester,
19                                           Marta Mester

20  ☒     (BY MAIL) I sealed and placed for collection and mailing such envelope(s) with
    postage thereon fully prepaid, addressed as stated above, in the basket for outgoing mail at
21  Rossi, Hamerslough, Reischl & Chuck.  It is the firm's ordinary business practice that all mail
    placed in the basket is collected and taken for mailing that same day by an employee of the
22  U.S. Postal Service.

23  ☐     (BY FEDERAL EXPRESS) I enclosed said document(s) in an envelope or package
    provided by FedEx and addressed to the persons at the addresses listed on this Proof of Service.
24  I placed the envelope or package for collection and overnight delivery at an office or a
    regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver
25  authorized by FedEx to receive documents.

26  ☒     (STATE) I declare under penalty of perjury under the laws of the State of California
    that the foregoing is true and correct.
27
    Executed on June 26, 2017 at San Jose, California.
28
                                                   Carmen Mendez

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

i

Case: 19-30088   Doc# 3038-1   Filed: 07/17/19   Entered: 07/17/19 15:53:24   Page 11
of 43

# TRACT NO 3360
## APOLLO HEIGHTS

### A PORTION OF THE NE 1/4 OF SECTION 14 T.8 S., R.2W. - M.D.B.& M.

## SANTA CLARA COUNTY, CALIFORNIA

APRIL, 1964

## FRANK PISANO & ASSOCIATES
### CIVIL ENGINEERS & SURVEYORS
### SAN JOSE, CALIFORNIA

---

**OWNERS CERTIFICATE**

We hereby certify that we are the owners of, or have some right, title, or interest in and to the property hereinafter embraced within the subdivision shown upon the within map, and we hereby consent to the subdivision thereof ...

We also hereby dedicate to public use ... for Public use ... certain strips of land ... Apollo Heights Court and those certain strips of land ... designated as "Public Utility Easement", "P.U.E." ...

We also hereby dedicate for the exclusive use of Lots 1,2,3 and 4 ...

OWNERS:

_____
Vice President

_____
Vice President

Western Title Insurance Company, a corporation

_____
Vice President

_____
Vice President

_____
Asst. Secretary

_____
Asst. Secretary

**STATE OF CALIFORNIA**
**COUNTY OF SANTA CLARA** ss

On the ___ day of April, 1964, before me, H.S. Scott, a Notary Public in and for said County, State of California, residing therein, duly commissioned and sworn, personally appeared P.V. Bischo... and M.G. Ruland known to me to be the Vice President and Assistant Secretary respectively of Western Title Guaranty Company, Santa Clara County Division, the corporation that executed the within instrument and also known to me to be the persons who executed the within instrument on behalf of said corporation and they acknowledged to me that said corporation executed the same as Owner.

IN WITNESS WHEREOF I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.

_____
H.S. Scott
Notary Public in and for the County of Santa Clara, State of California
My Commission expires: R.L.T.B.

---

**COUNTY ENGINEERS CERTIFICATE**

I hereby certify ... to within this map of Tract 3360, that the subdivision shown hereon is substantially the same as it appeared on the tentative map and my approved alterations thereof ... that all provisions of the California Subdivision Map Act and of any local ordinance ... have been complied with and that I am satisfied that said map is technically correct.

_____
James T. Pott, County Engineer

Date: April 13, 1964       By Deputy _____

**RECORDERS CERTIFICATE**
File No. 2628123

Filed this ___ day of ___, 1964, at ___ M. in Book 178 of Maps, at pages ___, at the request of Frank Pisano & Associates.

Fee: $ ___

Paul R. Teilh, County Recorder

By Deputy _____

**CLERK OF THE BOARD OF SUPERVISORS CERTIFICATE**

I hereby certify that on the following date an approval by the Board of Supervisors of the County of Santa Clara, State of California ...

IT IS HEREBY ORDERED that ... said map be and the same are hereby approved, and that the dedication of all easements be ... accepted, for the purposes set forth in the within certificate.

Date: May 12, 1964

_____
Donald G. Rains
Acting Clerk of the Board of Supervisors of Santa Clara County

---

**ENGINEERS CERTIFICATE**

I hereby certify that I am a Licensed Civil Engineer of the State of California, that this map was made by me and under my direction, and that the survey was made ... during the month of September, 1963, that the survey is true and complete as shown, that all monuments shown thereon actually exist ... and that their positions are correctly shown ...

Date: May 1, 1964

_____
Frank E. Pisano R.C.E. No. 8204

**STATE OF CALIFORNIA**
**COUNTY OF SANTA CLARA** ss

On this ___ day of April, 1964, before me, H.S. Scott, a Notary Public in and for said County, State of California residing therein, duly commissioned and sworn, personally appeared Frank E. Pisano known to me to be the person whose name is subscribed to the within instrument and also known to me to be the Civil Engineer ... and he acknowledged to me that he executed the same.

IN WITNESS WHEREOF I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.

_____
H.S. Scott
Notary Public in and for the County of Santa Clara, State of California
My Commission expires: R.L.T.B.

Case: 19-30088   Doc# 3038-1   Filed: 07/17/19   Entered: 07/17/19 15:52:24   Page 12 of 43

EXHIBIT A



TRACT NO. 3360
APOLLO HEIGHTS
A PORTION OF THE NE 1/4 OF SECTION
14 T.9 S., R.1 W. - M.D.B. & M.
SCALE 1" = 100'
SANTA CLARA COUNTY, CALIFORNIA
OCTOBER 1963
FRANK PISANO & ASSOCIATES
CIVIL ENGINEERS & SURVEYORS
SAN JOSE, CALIFORNIA

SHEET 2 OF 2 SHEETS

Case: 19-30088    Doc# 3038-1    Filed: 07/17/19    Entered: 07/17/19 15:53:24    Page 13 of 43

EXHIBIT A

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 8/8/2018 2:42 PM
Reviewed By: R Jimenez
Case #17CV305995
Envelope: 1813952

1  Gordon J. Finwall, SB#141777
   FINWALL LAW OFFICES, APC
2  1056 Lincoln Avenue
   San Jose, CA 95125
3  (408) 350-4041 (phone)
   (408) 350-4042 (fax)
4  Gordon@Finwalllaw.com

5  Attorneys for Defendants and Cross-Complainants CSABA MESTER and MARTA MESTER

6

7

8            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               IN AND FOR THE COUNTY OF SANTA CLARA

10

| | |
|---|---|
| 11  XIAOTIAN SUN and WEI LUO, | NO.   17-CV-305995 |
| 12         Plaintiffs, | CROSS-DEFENDANTS CSABA MESTER AND MARTA MESTER'S CROSS-COMPLAINT AGAINST PACIFIC GAS & ELECTRIC COMPANY |
| 13  vs. | |
| 14  CSABA MESTER, MARTA MESTER, PACIFIC GAS AND ELECTRIC | |
| 15  COMPANY, et al., | |
| 16         Defendants. | |
| 17  CSABA MESTER and MARTA MESTER, | |
| 18         Cross-Complainants. | |
| 19  vs. | |
| 20  PACIFIC GAS & ELECTRIC COMPANY | |
| 21  and ROES 1 through 20, | |
| 22         Cross-Defendants. | |
| 23 | |

24          Cross-Complainants CSABA MESTER and MARTA MESTER (hereinafter "Cross-

25  Complainants") allege as follows:

26          1.      Plaintiffs XIAOTIAN SUN and WEI LUO (hereinafter jointly "SUN") are individuals

27  who at all times relevant herein were and are residents of Santa Clara County, California. SUN is the owner

28

Defendants & Cross-Complainants Csaba Mester &
Marta Mester's Cross-Complaint Against PG&E                    1

EXHIBIT B

of the real property and structures located on the real property commonly known as 15651 On Orbit Drive, Saratoga, California, APN 517-25-046 (hereinafter "the SUN Property").

2.     Cross-Complainants are individuals who at all times herein were and are residents of Santa Clara County, California.   Cross-Complainants own the real property and structures on the real property commonly known as 15645 On Orbit Drive, Saratoga, California, APN 517-26-015 and 517-26-016 (hereinafter "the MESTER Property").

3.     Cross-Defendant PACIFIC GAS AND ELECTRIC COMPANY (hereinafter "PG&E") is a utility company doing business in Santa Clara County, California.

4.     Cross-Complainants are ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of the cross-defendants named herein as ROES 1 through 20, and, therefore, sue said cross-defendants by such fictitious names pursuant to Code of Civil Procedure Section 474. Cross-Complainants will pray leave of court to amend this cross-complaint to allege their true names and capacities when the same have been ascertained.

5.     Cross-Complainants are informed and believe, and thereon allege, that each of the fictitiously named cross-defendants are responsible in some manner for the occurrences herein alleged and that Cross-Complainants' injuries and damages were proximately caused thereby. As used herein, the word "cross-defendants" shall mean the named cross-defendants as set forth above and cross-defendants ROES 1 through 20, and each of them.

6.     The real properties owned by SUN and Cross-Complainants share a common boundary. The MESTER Property is burdened by a public utility easement. Cross-Complainants are informed and believe and thereon allege that PG&E installed an electrical pole and service lines on the MESTER Property. The electrical service line for the SUN Property connects to this electrical pole. While Cross-Complainants acknowledge the existence of the public utility easement, they contend that the electrical pole and service lines have been placed outside of the deeded public utility easement.

7.     On information and belief, Cross-complainants allege that PG&E has taken the position that if the electrical pole and service lines were placed outside the deeded easement, PG&E has a prescriptive easement for the locations of the pole and power lines.

Case: 19-30088    Doc# 3038-1    Filed: 07/17/19    Entered: 07/17/19 15:53:24    Page 15
of 43

8.    SUN wishes to upgrade the electrical service from the electrical pole on the MESTER Property to the SUN Property. Such connection would apparently involve installing conduit and a junction box on the MESTER Property. Said work would apparently be performed by PG&E or at the direction and approval of PG&E. SUN's ability to connect electrical service to the electrical pole on the MESTER Property depends on the nature, scope and validity of PG&E's easement rights on the MESTER Property. Cross-Complainants have objected to any intrusion on the MESTER Property by PG&E and/or SUN outside the boundaries of the public utility easement and suggested that PG&E move the electrical pole and service lines to locations within the public utility easement. PG&E refuses to move the electrical pole and service lines.

9.    In addition, the electrical pole in question has begun to list, and rather than standing straight up, it now sits at an angle, and that angle is increasing. Given the angle that electrical pole now stands, and that power lines extend from it through trees and across Cross-Complainants' property (i.e., the MESTER Property), Cross-Complainants are concerned that it creates a fire hazard, in the event of winds, and that the change in angle is indicative of instability, and that instability could lead to a collapse of the pole and power lines, creating a fire hazard as well as danger from downed power lines. PG&E has refused to undertake necessary repair or maintenance to correct this dangerous condition.

## FIRST CAUSE OF ACTION

### (Declaratory Relief against PG&E)

10.    Cross-Complainants incorporate by reference the allegations of Paragraphs 1 through 9 as though set forth in full herein.

11.    An actual controversy has arisen and now exists between Cross-Complainants and PG&E relative to their respective rights and duties with regard to, among other things, the public utility easement burdening the MESTER Property, the location of the electrical pole and service lines, whether the electrical pole and service lines need to be moved, who if anyone, is responsible for the relocation of the electrical pole and service lines if, in fact, they do need to be moved, whether the historical existence of the electrical pole and service lines in their current location give rise to the right for them to remain in their current location, whether SUN is entitled to complete the upgrade to their electrical pole and service lines,

Defendants & Cross-Complainants Csaba Mester &
Maria Mester's Cross-Complaint Against PG&E                    3

1   and who is responsible for any costs and expenses associated with the foregoing. A further actual
2   controversy has arisen between Cross-Complainants and PG&E regarding the safety issues related to the
3   power pole and power lines, as described in paragraph 9, above.

4       12.    Cross-Complainants desire a judicial determination of their rights and duties with
5   respect to the public utility easement and the other subject matters set forth in Paragraphs 8-9, and 11 above
6   and a declaration with respect to each of these subject matters.

7       13.    A judicial declaration is necessary and appropriate at this time under the
8   circumstances in order that Cross-Complainants may ascertain their rights and duties as well as those of
9   SUN and PG&E with respect to the subject matters set forth in Paragraphs 8-9, and 11, above.

10      14.    Cross-Complainants have attempted to resolve these issues informally with both SUN
11  and PG&E but, unfortunately, SUN and PG&E have refused to communicate in good faith any further with
12  regard to these subject matters.

13      **WHEREFORE**, Cross-Complainants seek judgment as hereinafter appears below.

14                      **SECOND CAUSE OF ACTION**

15                     **(Public Nuisance against PG&E)**

16      15.    Cross-Complainants incorporate by reference the allegations of Paragraphs 1 through
17  14 as though fully set forth herein.

18      16.    Cross-Complainants bring this action pursuant to Code of Civil Procedure Section
19  731 and Civil Code Section 3493.

20      17.    By maintaining and/or permitting the above-described condition to exist, i.e., to allow
21  the power pole, to which power lines are connected, at the MESTER Property to have fallen into such a
22  condition such that it has listed to an angle, and appears to be continuing to list at a greater and greater angle
23  with each passing day, PG&E has caused and maintained, and/or permitted the maintenance of, a continuing
24  public nuisance within the meaning of Civil Code Sections 3479 and 3480. The conditions of the power
25  pole and power lines are injurious to health and offensive to senses so as to interfere with the comfortable
26  enjoyment of life or property in an entire community, in that they represent a significant fire hazard that is
27  potentially devastating not only to Cross-Complainants' property, but to the entire community at large.

28

1    18.    At all times herein. PG&E has had notice and knowledge of the condition of the
2    power pole, and that its conditions constitute a public nuisance.

3    19.    Cross-Complainants have no adequate remedy at law in that damages are insufficient
4    to protect the public from the present danger and harm caused by the conditions described above.

5    20.    Cross-Complainants are informed and believe that PG&E will continue to maintain
6    the power pole and power lines in the above-described condition as a public nuisance.

7    21.    Unless said nuisance is abated, Cross-Complainants and citizens of the surrounding
8    community and neighborhood will suffer irreparable injury, in that said conditions will continue to be
9    injurious to their enjoyment and free use of their property.

10    **WHEREFORE**, Cross-Complainants seek judgment as hereinafter appears below.

11    ### THIRD CAUSE OF ACTION

12    **(Private Nuisance against PG&E)**

13    22.    Cross-Complainants incorporate by reference the allegations of Paragraphs 1 through
14    14 as though fully set forth herein.

15    23.    Cross-Complainants bring this action pursuant to Code of Civil Procedure Section
16    731 and Civil Code Section 3501.

17    24.    By maintaining, and/or permitting, the above-described conditions to exist, i.e., to
18    allow the power pole, to which power lines are connected, at the MESTER Property to have fallen into such
19    a condition such that it has listed to an angle, and appears to be continuing to list at a greater and greater
20    angle with each passing day, PG&E has caused and mantained, and/or permitted the maintenance of, a
21    continuing private nuisance within the meaning of Civil Code Sections 3479 and 3481. The condition of
22    the power pole and power lines are injurious to health and offensive to senses so as to interfere with the
23    comfortable enjoyment of life or property in an entire community, in that they represent a significant fire
24    hazard to Cross-Complainants' property, as well as the additional hazard of electrical power lines falling
25    to the ground as the condition of the power pole deteriorates.

26    25.    At all times herein. PG&E has had notice and knowledge of the condition of the
27    power pole, and that its condition constitutes a private nuisance.

28

26. Cross-Complainants have no adequate remedy at law in that damages are insufficient to protect Cross-Complainants from the present danger and harm caused by the conditions described above.

27. Cross-Complainants are informed and believe that PG&E will continue to maintain the power pole in the above-described condition as a private nuisance.

28. Unless said nuisance is abated, Cross-Complainants will suffer irreparable injury, in that said conditions will continue to be injurious to the enjoyment and the free use of their property.

**WHEREFORE**, Cross-Complainants pray for relief against Cross-Defendants, and each of them, as follows:

First Cause of Action

1. For a declaration that there is a public utility easement burdening the MESTER Property, that the existing electrical pole and service lines are not within that easement; that the existing electrical pole and service lines in their current location are burdening the MESTER Property in such a manner that a portion of the MESTER Property is unusable by Cross-Complainants; that the electrical pole and service lines are neither safe nor being adequately maintained by PG&E; that PG&E shall move the electrical pole and power lines to a safer location within the easement and maintain the power lines in an adequate manner; that if the court determines that the electrical pole should be moved, PG&E shall, among other things, install a new underground conduit and small underground junction box and connect the improvements for the benefit of SUN, as requested by SUN, and that Cross-Complainants shall have no obligation to pay for the moving the pole, its maintenance or upkeep, or the installation of the improvements requested by SUN; or, alternatively, that PG&E shall adequately repair and maintain the electrical pole and service lines in their current location, and that no improvements as requested by SUN shall be made.

Second Cause of Action

2. The power pole and power lines attached to the power pole be declared a public nuisance, and that PG&E be responsible for abating said public nuisance by either moving the pole, or making, and maintaining the pole such that it is no longer a fire hazard.

Third Cause of Action

3. The power pole and power lines attached to the power pole be declared a private

Defendants & Cross-Complainants Csaba Mester & Marta Mester's Cross-Complaint Against PG&E          6

1  nuisance, and that PG&E be responsible for abating the nuisance by either moving the pole, or ensuring that
2  the pole is safe.

3       As to All Causes of Action

4       4.    For reasonable attorney's fees.

5       5.    For costs and expenses.

6       6.    For such other and further relief as the court may deem just and proper.

7  DATED:    August 8, 2018                    FINWALL LAW OFFICES, APC

8

9                                              By: _____
                                                   GORDON J. FINWALL,
10                                                 Attorneys for Defendants/Cross-Complainants
                                                   CSABA MESTER and MARTA MESTER
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants & Cross-Complainants Csaba Mester &
Marta Mester's Cross-Complaint Against PG&E              7

## PROOF OF SERVICE

I, the undersigned, say:

That I am now, and at all times mentioned, a citizen of the United States, over the age of eighteen years, a resident of Santa Clara County, California; I am not a party to the within action or cause; that my business address is 1056 Lincoln Avenue, San Jose, California 95125; that I served a copy of the **Defendants and Cross-Complainants CSABA MESTER and MARTA MESTER's Cross-Complaint against PG&E** placing said documents in an envelope addressed to:

David Hamerslough
ROSSI, HAMERSLOUGH, REISCHL & CHUCK
1960 The Alameda, Suite 200
San Jose, CA 95126

Kenyon Mark Lee
LEE LAW OFFICES
1700 S. El Camino Real, Suite 450
San Mateo, CA 94402

and placing said copies for collection and mailing on August 8, 2018 at San Jose, California, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing documents for mailing. On the same day that document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 8, 2018 at San Jose, California.


_____
CONNIE YOUNG

1   **DAVID HAMERSLOUGH (SBN 95010)**
    **RICHARD B. GULLEN (SBN 144513)**
2   **ROSSI, HAMERSLOUGH, REISCHL & CHUCK**
    **1960 The Alameda, Suite 200**
3   **San Jose, CA 95126-1493**
    **(408) 261-4252**
4   **Fax: (408) 261-4292**

5   **Attorneys for Plaintiffs Xiaotian Sun**
    **and Wei Luo**

6

7

8           **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **IN AND FOR THE COUNTY OF SANTA CLARA**

10

11  XIAOTIAN SUN and WEI LUO,                | Case No.:    17CV305995

12          Plaintiffs,
                                             **STIPULATION AND [PROPOSED]**
13      vs.                                  **ORDER FOR LEAVE TO FILE SECOND**
                                             **AMENDED COMPLAINT**
14  CSABA MESTER, MARTA MESTER,
    PACIFIC GAS AND ELECTRIC
15  COMPANY, and DOES 1 - 20, inclusive,

16          Defendants.

17                                           Action Filed:  February 3, 2017
    AND RELATED CROSS-ACTIONS.               Trial Date:    None set
18

19          THE PARTIES, THROUGH THEIR ATTORNEYS OF RECORD, HEREBY

20  STIPULATE AS FOLLOWS:

21          1.      Plaintiffs shall have leave to file the original of the Second Amended Complaint, a

22  copy of which is attached hereto as Exhibit A.

23          2.      This Stipulation may be signed in counterparts. Signatures by facsimile or

24  electronic transmission shall be binding.

25          **IT IS HEREBY STIPULATED AND AGREED.**

26

27

28

STIPULATION AND [PROPOSED] ORDER FOR LEAVE TO FILE SECOND AMENDED       1
COMPLAINT

Date: 7/8/19

ROSSI, HAMERSLOUGH, REISCHL & CHUCK

BY:

RICHARD B. GULLEN, ESQ.
Attorneys for Plaintiffs
Xiaotian Sun and Wei Luo

Date: 7/8/19

FINWALL LAW OFFICES, APC

By:

GORDON FINWALL, ESQ.
Attorneys for Defendants/Cross-Complainants
Csaba Mester and Marta Mester

**ORDER**

**IT IS SO ORDERED.** Plaintiffs are hereby granted leave to file the original of the

Second Amended Complaint, a copy of which is attached hereto as Exhibit A.

Date: _____ By: _____

JUDGE OF THE SUPERIOR COURT

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

STIPULATION AND [PROPOSED] ORDER FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT

2

EXHIBIT A
TO
STIPULATION AND ORDER
FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT

1  **DAVID HAMERSLOUGH (SBN 95010)**
   **RICHARD B. GULLEN (SBN 144513)**
2  **ROSSI, HAMERSLOUGH, REISCHL & CHUCK**
   ~~1960 The Alameda, Suite 200~~
3  **San Jose, CA  95126-1493**
   **(408) 261-4252**
4  **Fax:  (408) 261-4292**

5  Attorneys for Plaintiffs Xiaotian Sun
   and Wei Luo

6

7

8

9                IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                     IN AND FOR THE COUNTY OF SANTA CLARA

11

12

13  XIAOTIAN SUN and WEI LUO,                    Case No.: 17CV305995

            Plaintiffs,                          **VERIFIED SECOND AMENDED**
14                                               **COMPLAINT FOR DAMAGES AND**
        vs.                                      **EQUITABLE RELIEF BASED UPON:**
15
    CSABA WENDEL MESTER individually             1.  **Declaratory Relief;**
16  and as trustee of the CSABA & MARTA          2.  **Quiet Title To Express Easement;**
    MESTER FAMILY REVOCABLE LIVING               3.  **Quiet Title To Prescriptive Easement;**
17  TRUST DATED 9/1/2011 and any                 4.  **Quiet Title To Equitable Easement; and**
    amendments thereto, MARTA M. MESTER          5.  **Interference With Easements**
18  individually and as trustee of the CSABA &
    MARTA MESTER FAMILY REVOCABLE
19  LIVING TRUST DATED 9/1/2011 and any
    amendments thereto, PACIFIC GAS AND
20  ELECTRIC COMPANY, and DOES 1 - 20,

21          Defendants.

22

23      Plaintiffs Xiaotian Sun and Wei Luo (hereinafter "Plaintiffs") alleges as follows:

24                            **PRELIMINARY ALLEGATIONS**

25      1.      Plaintiffs are individuals who at all times herein were and are residents of Santa

26  Clara County, California.  Plaintiffs are the owners of the real property and structures

27  commonly known as 15651 On Orbit Drive, Saratoga, California, APN 517-25-046 ("Sun

28  Property").

---

VERIFIED SECOND AMENDED COMPLAINT                                                    1

2.        Defendants Csaba Wendel Mester and Marta M. Mester are individuals who at all times herein were and are residents of Santa Clara County, California. The Mesters own the real property and structures commonly known as 15645 On Orbit Drive, Saratoga, California, APN 517-26-015 and 517-26-016 ("Mester Property") and hold title to said Mester Property as trustees of the Csaba & Marta Mester Family Revocable Living Trust dated September 1, 2011 and any amendments thereto (the "Mester Trust"). Defendants Csaba Wendel Mester and Marta M. Mester both individually and as trustees of the Mester Trust are collectively referred to herein as the "Mesters".

3.        Defendant Pacific Gas And Electric Company (PG&E) is a utility company doing business in Santa Clara County, California. PG&E is named as a defendant in this lawsuit only as to the declaratory relief action because the dispute between Plaintiffs and the Mesters involves the rights, duties, and obligations relating to the use of equipment owned by PG&E and located within a public utility easement that burdens the Mesters' property. PG&E is named as a necessary and indispensable party only to the declaratory relief cause of action.

4.        Plaintiffs are ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as DOES 1 through 20, inclusive, and therefore sues said defendants by such fictitious names pursuant to the Code of Civil Procedure §474. Plaintiffs will pray leave of Court to amend this Complaint to allege their true names and capacities when the same have been ascertained.

5.        Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged and that Plaintiffs' injuries and damages were proximately caused thereby. As used herein, the word "defendants" shall mean the named defendants as set forth above and defendants DOES 1 through 20, and each of them.

6.        The real properties owned by Plaintiffs and the Mesters share a common boundary. The Mester Property is burdened by a public utility easement. Plaintiffs are informed and believe and thereon allege that PG&E installed an electrical pole and service lines pursuant to the public utility easement. While the Mesters acknowledge the existence of the

Rossi, Hamerslough, Reischl & Chuck 1960 The Alameda Suite 200 San Jose, CA 95126-1493 (408) 261-4252 Fax (408) 261-4292

VERIFIED SECOND AMENDED COMPLAINT

2

public utility easement, they contend that the electrical pole and service lines have been placed outside of the deeded easement.

7. Plaintiffs are informed and believe that Plaintiffs' service line has connected to this electrical pole since 1976. Plaintiffs are informed and believe that in 2003 the prior owner of the Sun Property installed the existing 200 amp electrical panel which was permitted and inspected by the County of Santa Clara to support rooftop solar panels which were installed at the same time. The solar panels were authorized by PG&E for connection to their electricity grid and a new electricity meter was installed by PG&E on the new service panel. In reliance upon the existing 200 amp electrical panel, between 2011 and 2012 Plaintiffs expanded the house on the Sun Property by about an additional 1000 square feet and the electrical wiring was designed, permitted and inspected based upon the existing permitted 200 amp service panel. In May 2014, PG&E informed Plaintiffs that Plaintiffs must upgrade the electric cable serving the Sun Property from 125 amps to at least 200 amps so that it is consistent with the service panel, otherwise PG&E may discontinue Plaintiffs' electric service. Plaintiffs are informed that because of the current square footage and electrical loads of the Sun house, the service panel cannot be downgraded from 200 amps to 125 amps. The correction work required by PG&E includes, among other things, replacing the existing underground 125 amp service line with a new underground cable through a conduit, installing a small underground junction box, and connecting these improvements to the existing electrical pole by a new cable running down the pole under a riser. Plaintiffs have requested access to the subject pole and to the portion of the public utility easement on the Mester Property in order to complete this work. The Mesters have refused to provide access for the work to be done to the subject pole and/or within the express public utility easement and have further claimed that because the electrical pole is outside of the easement that Plaintiffs therefore have no right to complete the service upgrade because to do so would require burdening portions of the Mester Property outside of the public utility easement. Plaintiffs and PG&E have requested access to the Mester Property in order to confirm the Mesters' assertion that the electrical pole is outside of the deeded public utility easement. The Mesters refused to provide access until June and August of 2018 when the

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

VERIFIED SECOND AMENDED COMPLAINT

3

Mesters allowed PG&E and Plaintiffs respectively to perform surveys of the electrical pole to confirm that the pole, and the equipment attached to the pole, including the underground cable serving the Sun Property for decades, encroached a few feet outside of the express recorded utility easement. The Mesters have also demanded that the electrical pole and service lines be moved to a different location.

**FIRST CAUSE OF ACTION**
**(Declaratory Relief Against All Defendants)**

8.     Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 7 as though set forth in full herein.

9.     An actual controversy has arisen and now exists between Plaintiffs and Defendants relative to their respective rights and duties with regard to, among other things, the public utility easement burdening the Mester Property, the location of the electrical pole and service lines,  whether the electrical pole and service lines need to be moved, who, if anyone, is responsible for the relocation of the electrical pole and service lines if in fact they do need to be moved, whether the historical existence of the electrical pole and service lines in their current location gives rise to the right for them to remain in their current location, whether Plaintiffs are entitled to complete the upgrade to their electrical service based on the public utility easement and the historical existence and location of the electrical pole and service lines, and who is responsible for any costs and expenses associated with the foregoing.

10.     Plaintiffs desire  a judicial determination of their rights and duties with respect to the public utility easement and the other subject matters set forth in Paragraph 9 above and a declaration with respect to each of these subject matters.

11.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiffs may ascertain their rights and duties as well as those of the Mesters and PG&E with respect to the subject matters set forth in Paragraph 9 above.

12.     Plaintiffs have attempted to resolve these issues informally with both the Mesters and PG&E but, unfortunately, the Mesters have refused to communicate any further with regard to these subject matters.

Ressi, Hamerslough, Reischl & Chook 1960 The Alameda Suite 200 San Jose, CA 95126-1493 (408) 261-4252 Fax (408) 261-4292

---

VERIFIED SECOND AMENDED COMPLAINT

4

1      WHEREFORE, Plaintiffs pray for relief against Defendants, and each of them, as more

2 fully set forth below.

3 **SECOND CAUSE OF ACTION**
**(Quiet Title to Express Easement Against Defendants the Mesters)**

4

5      13.    Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 12 as

6 though set forth in full herein.

7      14.    The basis of Plaintiffs' claim to an express easement is based upon the public

8 utility easement that burdens the Mester Property. Said express easement was granted by the

9 then owner of the Mester Property by dedication in a subdivision map entitled "Tract No. 3360

10 Apollo Heights" recorded in Book 178 of Maps at P. 38 and 39, in the official records of Santa

11 Clara County, California on May 15, 1964 (the "Subdivision Map").

12      15.    As stated in the Subdivision Map, the then owners of the Mester Property

13 dedicated "to public use" an easement for public utility within the northerly 10 feet of the

14 Mester Property. As also stated on the Subdivision Map, said dedication was accepted by the

15 County "on behalf of the public". A copy of a recorded Subdivision Map memorializing this

16 public utility easement is attached hereto as **Exhibit A.**

17      16.    Plaintiffs are informed and believe that the electrical pole is located a few feet

18 outside of the 10-foot wide express utility easement, with the electric cable that serves the Sun

19 Property traveling through the express utility easement to connect to the electrical pole. The

20 Mesters dispute that Plaintiffs have any easement rights within the express 10-foot wide

21 express easement. Plaintiffs seek to quiet title to their rights to use the 10-foot wide express

22 utility easement which was granted for public use, and that Plaintiffs are entitled to upgrade

23 their utility service by installing, among other things, a new underground electric cable through

24 a conduit and a small underground junction box inside the public utility easement.

25      WHEREFORE, Plaintiffs pray for relief against Defendants, and each of them, as more

26 fully set forth below.

27 **THIRD CAUSE OF ACTION**
**(Quiet Title to Prescriptive Easement Against Defendants the Mesters)**

28

Ross, Hemersdough,
Reissibl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

VERIFIED SECOND AMENDED COMPLAINT        5

17.     Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 16 as though set forth in full herein.

18.     Regarding the existing electrical pole and the portion of the service line that is not located within the express public utility easement, Plaintiffs request that the Court grant Plaintiffs a prescriptive easement allowing the electrical pole and service line to remain in their current location and allowing Plaintiffs to upgrade their electrical service by, among other things, replacing the existing service line with, a new underground cable which runs through a conduit and then connects to the existing electrical pole.

19.     The easement that Plaintiffs are requesting exists based on the establishment of prescriptive rights.  Prescriptive rights have been established by virtue of the historical existence and use of the electrical pole, service line, and related equipment in their current location for more than five years without permission.

WHEREFORE, Plaintiffs pray for relief against Defendants, and each of them, as more fully set forth below.

## FOURTH CAUSE OF ACTION
### (Quiet Title to Equitable Easement Against Defendants the Mesters)

20.     Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 19 as though set forth in full herein.

21.     Regarding the existing electrical pole and the portion of the service line that is not located within the express public utility easement, Plaintiffs request that the Court grant Plaintiffs an equitable easement allowing the electrical pole and service lines to remain in their current location and allowing Plaintiffs to upgrade their electrical service by, among other things, replacing the existing service line with a new underground cable which runs through a conduit and then connects to the existing electrical pole.

22.     Equitable rights exist based on, among other facts, the good-faith installation of the electrical pole, service lines, and related equipment in a location that was understood to be within the public utility easement.

23.     The encroachment is not the result of Plaintiffs' willful act in that Plaintiffs are

Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

VERIFIED SECOND AMENDED COMPLAINT

6

informed and believe that the subject electrical pole and related lines providing electrical service to the Sun Property have existed in their current location for decades, whereas Plaintiffs did not acquire the Sun Property and begin using said electrical lines and electrical pole until January 2008.

24. Balancing the hardships, if Plaintiffs are denied an equitable easement to continue using the electrical lines and electrical pole which have been in existence for decades, and to upgrade the service line as required by PG&E, Plaintiffs will suffer irreparable injury in that Plaintiffs will be deprived of electrical service to their residence, whereas Defendants will suffer no harm or burden, let alone undue burden, if the existing use is continued, or if Plaintiffs are allowed to upgrade that use.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## FIFTH CAUSE OF ACTION
### (Interference With Easements Against Defendants the Mesters)

25. Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 24 as though set forth in full herein.

26. Defendants have obstructed and interfered with Plaintiffs' access to, and use of, the above described easement by including, but not limited to, installing a fence which interferes with Plaintiffs' access to the easement area.

27. As a result of Defendants' interference with Plaintiffs' easement rights, Plaintiffs have suffered damages including, but not limited to, the loss of use of the easement for purposes of upgrading Plaintiffs' electrical service to, among other things, charge an electric vehicle, delay in the completion of the electrical upgrade work, increased costs of construction for the electrical upgrade work, and other compensatory and consequential damages, all in an amount to be proven at trial.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## PRAYER

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

1   WHEREFORE, Plaintiffs pray as follows:

2       1.      For a declaration that there is an express public utility easement as described in

3   Exhibit A burdening the Mester Property, that the existing electrical pole and service lines can

4   remain in their current location and do not need to be moved, that Plaintiffs, PG&E, or others

5   acting on behalf of Plaintiffs have the right to access the Mester Property, including the express

6   easement, for purposes of, among other things, installing, a new underground service line

7   through a conduit, and a small underground junction box and connecting these improvements to

8   the existing electrical pole; that if the electrical pole does need to be moved and/or replaced,

9   that Plaintiffs have no obligation to pay for any costs or expenses associated with the relocation

10  and/or replacement;

11      2.      To quiet title to Plaintiffs' right to use the express public utility easement as set

12  forth on the Subdivision Map, and confirming the location of the service lines, and related

13  equipment within that easement and that Plaintiffs are entitled to upgrade their utility service by

14  among other things, replacing the existing underground service line with a new underground

15  service line through a conduit and a small underground junction box inside the public utility

16  easement and connecting these improvements to the existing electrical pole outside the express

17  easement by a new cable running down the pole under a riser and then underground through a

18  conduit a few feet until reaching the express easement;

19      3.      To quiet title to a prescriptive easement that provides that the electrical pole,

20  service lines, and related equipment remain in their current location and that Plaintiffs may

21  upgrade their electrical service by, among other things, replacing the existing service line on

22  the pole with a new cable running down the pole under a riser and then underground through a

23  conduit a few feet until reaching the express easement;

24      4.      To quiet title to an equitable easement that provides that the electrical pole,

25  service lines and related equipment remain in their current location and that Plaintiffs may

26  upgrade their electrical service by, among other things, replacing the existing service line on

27  the pole with a new cable running down the pole under a riser and then underground through a

28  conduit a few feet until reaching the express easement;

Roval, Hammerslough, Reinolti & Chuck 1960 The Alameda Suite 200 San Jose, CA 95126-1493 (408) 261-4252 Fax (408) 261-4292

VERIFIED SECOND AMENDED COMPLAINT                                                    8

| | |
|---|---|
| 1 | 5.     For compensatory and consequential damages for Defendants' interference with |
| 2 | Plaintiffs' easements in an amount to be proven at trial. |
| 3 | 6.     For a preliminary and permanent injunction restraining Defendants from |
| 4 | interfering with or obstructing in any way Plaintiffs' use of the above described easements; |
| 5 | 7.     For such other and further relief as the court may deem just and proper. |
| 6 | // |
| 7 | // |
| 8 | // |
| 9 | Dated:           , 2019      ROSSI, HAMERSLOUGH, REISCHL & CHUCK |
| 10 | |
| 11 | BY: _____ |
| 12 | RICHARD B. GULLEN<br>Attorneys for Plaintiffs Xiaotian Sun and Wei |
| 13 | Luo |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

VERIFIED SECOND AMENDED COMPLAINT

9



## ROSSI HAMERSLOUGH
## REISCHL & CHUCK
A Professional Law Corporation

July 15, 2019

**VIA U.S. MAIL, FACSIMILE & E-MAIL**
(650) 636-9251

Tobias S. Keller, Esq.
Peter J. Benvenutti, Esq.
Jane Kim, Esq.
KELLER & BENVENUTTI, LLP
650 California St Ste 1900
San Francisco, CA 94108
tkeller@kellerbenvenutti.com
pbenvenutti@kellerbenvenutti.com
jkim@kellerbenvenutti.com

FILE COPY

      **RE:   SUN/MESTER/PG&E**
      **Our File:  D16196**

Dear Counsel:

      Attached is a proposed joint stipulation for relief from the automatic stay to allow my clients Plaintiffs/Movants Xiaotian Sun and Wei Luo (the "Suns") and Defendants/Cross-Complainants/Movants Csaba and Marta Mester to proceed with their equitable relief claims against Pacific Gas & Electric Company ("PG&E") in a pending state court action. That action seeks no monetary damages against PG&E and was set for trial for April 29, 2019, but the trial date was vacated because of PG&E's bankruptcy.

      A motion for relief from the automatic stay will be served and noticed for July 31, 2019. However, we are seeking a stipulation in advance in order to streamline the motion which will be filed and served by July 17, 2019.

      Given that the claims pending against Pacific Gas & Electric Company in the state court action only involve claims for equitable relief, we assume that you have no objection and will stipulate to relief from the automatic stay.

      Accordingly, please sign and return the attached stipulation which will be presented to the court along with our motion. Thank you.

EXHIBIT D

Very truly yours,

RICHARD B. GULLEN

RBG:CM
Encl.
cc: Client
S:\CL\D\D16196 (SUN.MESTER)\CORR\PG&E BK COUNSEL1.DOCX

# ROSSI, HAMERSLOUGH, REISCHL & CHUCK

A PROFESSIONAL LAW CORPORATION

INITIALS

1960 THE ALAMEDA, SUITE 200
SAN JOSE, CALIFORNIA 95126-1493
Telephone: (408) 261-4252
Fax: (408) 261-4292

## F A X   C O V E R   S H E E T

### PLEASE DELIVER THE FOLLOWING PAGE(S) TO THE PARTIES BELOW:

| NAME | FAX NUMBER |
|------|------------|
| Tobias S. Keller, Esq. | (650) 636-9251 |
| Peter J. Benvenutti, Esq. | (650) 636-9251 |
| Jane Kim, Esq. | (650) 636-9251 |

PAGES (*including this one*):

FROM: RICHARD  B. GULLEN

INSTRUCTIONS/REMARKS: PLEAS SEE ATTACHED.

DATE: July 15, 2019

OUR FILE NUMBER: SUN/MESTER/PG&E D16196

ORIGINAL TO FOLLOW: YES ☒     NO ☐

### CONFIDENTIALITY NOTICE

THE INFORMATION CONTAINED IN THIS FACSIMILE FROM ROSSI, HAMERSLOUGH, REISCHL & CHUCK IS CONFIDENTIAL AND ALSO MAY BE LEGALLY PRIVILEGED AS AN ATTORNEY-CLIENT COMMUNICATION. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE ADDRESSEE, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER THIS FACSIMILE TO ITS INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, DISCLOSURE, OR COPYING OF THIS INFORMATION, OR TAKING OF ANY ACTION IN RELIANCE ON THIS INFORMATION, IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL (408) 261-4252
AND ASK FOR CARMEN, EXT. 218.

1 | RICHARD B. GULLEN (SBN 144513)
2 | ROSSI, HAMERSLOUGH, REISCHL & CHUCK
    | 1960 The Alameda, Suite 200
    | San Jose, CA  95126-1493
3 | Tel:  (408) 261-4252
    | Fax:  (408) 261-4292
4 | Email:  rick@rhrc.net

5 | Attorneys for Movants,
    | Xiaotian Sun and Wei Luo
6 |
7 | Gordon J. Finwall (SBN 141777)
    | FINWALL LAW OFFICES, APC
    | 1056 Lincoln Avenue
8 | San Jose, CA 95125
    | Tel:  (408) 350-4041
9 | Fax:  (408) 350-4042
    | Email:  Gordon@Finwalllaw.com
10 |
    | Attorneys for Movants,
11 | CSABA MESTER and MARTA MESTER

12 | UNITED STATES BANKRUPTCY COURT

13 | NORTHERN DISTRICT OF CALIFORNIA

14 | SAN FRANCISCO DIVISION

15 | In Re:                                    Bankruptcy Case No. 19-30088 (DM)

16 |                                           Chapter 11

17 | PG&E CORPORATION,
                                              (Lead Case)
18 |       And
                                              (Jointly Administered)
19 | PACIFIC GAS AND ELECTRIC COMPANY,
                                              **STIPULATION FOR RELIEF FROM**
20 |       Debtors.                           **AUTOMATIC STAY**

21 | Affects both Debtors.

22 | Xiaotian Sun and Wei Luo, and             Date:  July 31, 2019
    | CSABA WENDEL MESTER and MARTA M.          Time: 9:30 a.m. (Pacific Time)
23 | MESTER individually and as trustees of the  Place:  United States Bankruptcy Court
    | CSABA & MARTA MESTER FAMILY                        450 Golden Gate Avenue
24 | REVOCABLE LIVING TRUST DATED                       Courtroom 17, 16th Floor
    | 9/1/2011 and any amendments thereto               San Francisco, CA  94102
25 |
26 |       Movants,
27 | vs.
28 | PG&E CORPORATION, PACIFIC GAS AND
    | ELECTRIC COMPANY, Debtors,

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

| | |
|---|---|
| 1 | |
| 2 | Respondents. |

This Stipulation for Relief from Stay is entered into by and between PG&E Corporation and Pacific Gas & Electric Company, the Debtors in the above-captioned Chapter 11 case (collectively "PG&E" or the "Debtor"), Movants Xiaotian Sun and Wei Luo ("Suns" or "Plaintiffs"), and Csaba Wendel Mester and Marta M. Mester individually and as trustees of the Csaba & Marta Mester Family Revocable Living Trust Dated 9/1/2011 and any amendments thereto ("Mesters" or "Defendants"). PG&E, Suns, and Mesters are collectively referred to herein as the "Parties." The Suns and the Mesters are collectively referred to herein as the "Movants."

The Parties desire to stipulate to relief from the automatic stay imposed by virtue of the above-captioned Chapter 11 case to allow the Suns and the Mesters to prosecute and defend their claims involving Pacific Gas and Electric Company ("PG&E Company") in the State Court Action filed in Santa Clara County Superior Court as case number 17-CV-305995 (hereinafter "State Court Action"), and any post-trial proceedings and/or appeal from any judgment entered in the State Court Action.

This Stipulation is being submitted in conjunction with the Movants' Motion for Relief from the Automatic Stay.

## RECITALS

1. PG&E Company is a Debtor in the above Chapter 11 consolidated bankruptcy case in the United States Bankruptcy Court for the Northern District of California, San Francisco Division, designated as case number 19-30088(DM).

2. The Suns are the Plaintiffs in the State Court Action. The Mesters are Defendants and Cross-Complainants in the State Court Action. PG&E Company is named in Plaintiffs' First Amended Complaint as an alleged necessary party defendant to a declaratory relief claim, and in the Mesters' Cross-Complaint as a cross-defendant in claims for equitable relief based upon declaratory relief, public nuisance, and private nuisance. All of the claims in the State Court

Rossi, Hamerslough, Reischl & Chuck 1960 The Alameda Suite 200 San Jose, CA 95126-1493 (408) 261-4252 Fax (408) 261-4292

1 Action which name PG&E Company as a party seek equitable relief, but no monetary damages.

2        3.      The State Court Action alleges that a wood power pole maintained by PG&E

3 Company which serves the Suns' Property and the Mesters' Property was found to be located

4 outside the bounds of an express public utilities easement on the Mesters' Property. As against

5 PG&E Company, the Suns' First Amended Complaint asserts a claim for declaratory relief

6 seeking, among other things, a declaration that the Suns have easement rights to use the Power

7 Pole in its existing location, or alternatively, whether the Power Pole needs to be moved, and if

8 so, the allocation of those costs.

9        5.      Likewise, the Mesters' Cross-Complaint asserts against PG&E Company a claim

10 for declaratory relief as to the parties' rights and obligations to use the Power Pole in its existing

11 location, and claims for public nuisance and private nuisance alleging that the Power Pole is

12 unsafe and therefore must be moved.

13        6.      The Suns and the Mesters have stipulated to allow the Suns to file a second

14 amended complaint which updates and clarifies the allegations, but does not seek any different or

15 additional relief against PG&E Company, other than declaratory relief (the "Second Amended

16 Complaint"). A copy of the proposed Second Amended Complaint is attached to the

17 accompanying Motion for Relief from Stay.

18        7.      The claims in the State Court Action against PG&E Company have been stayed as

19 the result of the automatic stay imposed pursuant to Section 362 of the Bankruptcy Code (the

20 "Automatic Stay").

21        8.      The Suns and the Mesters seek relief from the Automatic Stay to proceed with

22 their claims in the State Court Action against PG&E Company.

23        9.      The Parties have agreed to the stipulated form of order, attached hereto as **Exhibit**

24 **A**.

25 **STIPULATION**

26      NOW, THEREFORE, based on the foregoing facts and recitals, the Parties hereby

27 stipulate and agree as follows:

28

Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

1       1.     The Suns shall have relief from the Automatic Stay to the extent provided herein,

2 upon the Court's granting of an order in substantially the form attached as **Exhibit A**, to file the

3 proposed Second Amended Complaint, prosecute the Plaintiffs' claims in the State Court Action

4 to completion and/or judgment, to enforce any judgment, and defend any appeal.

5       2.     The Mesters shall have relief from the Automatic Stay to the extent provided

6 herein, upon the Court's granting of an order in substantially the form attached as **Exhibit A**, to

7 prosecute the Mesters' claims and defenses in the State Court Action to completion and/or

8 judgment, to enforce any judgment, and defend any appeal.

9       3.     The Suns and the Mesters acknowledge that PG&E Company does not admit any

10 liability or the validity of any claims with respect to the allegations in the State Court Action.

11       4.     The modification of the Automatic Stay as set forth herein shall have no effect as

12 to Parties that are not a party this Stipulation, and the Automatic Stay shall remain in full force

13 and effect with the respect to such Parties and their claims or causes of action, if any, against

14 PG&E, its assets, its estate, or the property held by any Creditors' Representative appointed in

15 the above-captioned Chapter 11 case.

16       5.     PG&E and its estate in the above-captioned Chapter 11 case are authorized to take

17 all actions necessary to effectuate the relief granted pursuant to this Stipulation.

18       6.     This Stipulation is the entire agreement between the Parties hereto in respect of

19 the subject matter hereof and shall not be modified, altered, amended, or vacated without the

20 prior written consent of all parties hereto. No statement made or action taken in the negotiation

21 of this Stipulation may be used by any party for any purpose whatsoever.

22       7.     Each person who executes this Stipulation on behalf of a party hereto represent

23 that he or she is duly authorized to execute this Stipulation on behalf of such party. The

24 Bankruptcy Court shall retain exclusive jurisdiction over any and all disputes arising out of or

25 otherwise relating to this Stipulation.

26       **IT IS SO STIPULATED.**

27

28

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

Dated: July 15, 2019                    ROSSI, HAMERSLOUGH, REISCHL & CHUCK


                                        BY: _____
                                             RICHARD B. GULLEN, ESQ.
                                             Attorneys for Plaintiffs/Movants,
                                             Xiaotian Sun and Wei Luo


Dated: July 15, 2019                    FINWALL LAW OFFICES, APC


                                        BY: _____
                                             GORDON FINWALL, ESQ.
                                             Attorneys for Defendants/Movants, CSABA
                                             WENDEL MESTER and MARTA M. MESTER
                                             individually and as trustees of the CSABA &
                                             MARTA MESTER FAMILY REVOCABLE
                                             LIVING TRUST DATED 9/1/2011 and any
                                             amendments thereto


Dated: July 15, 2019                    KELLER & BENVENUTTI, LLP


                                        BY: _____
                                             TOBIAS S. KELLER, ESQ.
                                             PETER J. BENVENUTTI, ESQ.
                                             JANE KIM, ESQ.
                                             Attorneys for Debtors and Debtors in possession
                                             Pacific Gas and Electric Company and PG&E
                                             Corporation

S:\CL\D\D16196 (Sun.Mester)\PLEADINGS\PG&E BK\Mtn for Relief from Stay\STIPULATION.docx

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

Case: 19-30088    Doc# 3038-1    Filed: 07/17/19    Entered: 07/17/19 15:53:24    Page 41
                                                    of 43

| 1 | **RICHARD B. GULLEN (SBN 144513)** |
| 2 | **ROSSI, HAMERSLOUGH, REISCHL & CHUCK** |
|   | **1960 The Alameda, Suite 200** |
|   | **San Jose, CA 95126-1493** |
| 3 | **Tel: (408) 261-4252** |
|   | **Fax: (408) 261-4292** |

<table>
<tr><td>1</td><td><b>RICHARD B. GULLEN (SBN 144513)</b><br><b>ROSSI, HAMERSLOUGH, REISCHL & CHUCK</b></td></tr>
<tr><td>2</td><td><b>1960 The Alameda, Suite 200</b><br><b>San Jose, CA 95126-1493</b></td></tr>
<tr><td>3</td><td><b>Tel: (408) 261-4252</b><br><b>Fax: (408) 261-4292</b></td></tr>
<tr><td>4</td><td></td></tr>
<tr><td>5</td><td>Attorneys for Movants,<br>Xiaotian Sun and Wei Luo</td></tr>
<tr><td>6</td><td><b>Gordon J. Finwall (SBN 141777)</b><br><b>FINWALL LAW OFFICES, APC</b></td></tr>
<tr><td>7</td><td><b>1056 Lincoln Avenue</b><br><b>San Jose, CA 95125</b></td></tr>
<tr><td>8</td><td><b>Tel: (408) 350-4041</b><br><b>Fax: (408) 350-4042</b></td></tr>
<tr><td>9</td><td><b>Email: Gordon@Finwalllaw.com</b></td></tr>
<tr><td>10</td><td>Attorneys for Movants,<br>CSABA MESTER and MARTA MESTER</td></tr>
<tr><td>11</td><td></td></tr>
<tr><td>12</td><td></td></tr>
<tr><td>13</td><td style="text-align:center">UNITED STATES BANKRUPTCY COURT</td></tr>
<tr><td>14</td><td style="text-align:center">NORTHERN DISTRICT OF CALIFORNIA</td></tr>
<tr><td>15</td><td style="text-align:center">SAN FRANCISCO DIVISION</td></tr>
<tr><td>16</td><td>In Re:</td></tr>
</table>

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re: | Bankruptcy Case No. 19-30088 (DM) |
| PG&E CORPORATION, | Chapter 11 |
| And | (Lead Case) |
| PACIFIC GAS AND ELECTRIC COMPANY, | (Jointly Administered) |
| Debtors. | **ORDER APPROVING STIPULATION FOR RELIEF FROM AUTOMATIC STAY** |
| Affects both Debtors. | |
| Xiaotian Sun and Wei Luo | Date: |
| Secured Creditor, | Time: 9:30 a.m. (Pacific Time) |
| vs. | Place: United States Bankruptcy Court Courtroom 17, 16th Floor |
| PG&E CORPORATION, PACIFIC GAS AND ELECTRIC COMPANY, Debtor; | San Francisco, CA 94102 |
| Respondents. | |

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

Case No. 19-30088 (DM) – Order Approving Stipulation for Relief from Automatic Stay    1

1         Upon review and consideration of the Stipulation for Relief from Automatic Stay

2    ("Stipulation") entered into by and between PG&E Corporation and Pacific Gas & Electric

3    Company, the Debtor in the above-captioned Chapter 11 case ("PG&E" or the "Debtor"),

4    Movants Xiaotian Sun and Wei Luo ("the Suns"), Csaba Wendel Mester individually and as

5    trustee of the Csaba & Marta Mester Family Revocable Living Trust Dated 9/1/2011 and any

6    amendments thereto, Marta M. Mester individually and as trustee of the Csaba & Marta Mester

7    Family Revocable Living Trust Dated 9/1/2011 and any amendments thereto ("the Mesters"), the

8    Court hereby finds that notice was appropriate under the circumstances and good cause exists to

9    approve the Stipulation, and hereby orders as follows:

10        1.      The Stipulation is APPROVED IN ITS ENTIRETY;

11        2.      The Suns and the Mesters are granted relief from the Automatic Stay and/or

12    Injunction on the terms and conditions set forth in the Stipulation.

13        3.      The Bankruptcy Court shall retain jurisdiction over the subject matter in the

14    Stipulation.

15    Date: _____   By: _____

16                                   JUDGE OF THE UNITED STATES
                                        BANKRUPTCY COURT

17

18    S:\CL\D\D16196 (Sun.Mester)\PLEADINGS\PG&E BK\Mtn for Relief from Stay\ORDER RE STIPULATION .docx

19

20

21

22

23

24

25

26

27

28

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

Case: 19-30088    Doc# 3038-1    Filed: 07/17/19    Entered: 07/17/19 15:53:24    Page 43
of 43