BLANK ROME LLP
Jonathan A. Loeb (SBN 162758)
JLoeb@BlankRome.com
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Telephone: 424.239.3400
Facsimile: 424.239.3434

*Attorneys for Sabre Industries, Inc.*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| **In re:**<br><br>**PG&E Corporation and**<br>**Pacific Gas and Electric Company,**<br><br>Debtors. | Case No. 19-30088<br><br>(Jointly Administered)<br><br>Chapter: 11<br><br>**OBJECTION TO DEBTORS' NOTICE OF PROPOSED TREATMENT OF RECLAMATION CLAIMS**<br><br>Re: Dkt. No. 2789 |

Sabre Industries, Inc. ("Sabre"), by and through its undersigned counsel, objects to the Debtors' proposed treatment of its claim as set forth in the *Debtors' Notice of Proposed Treatment of Reclamation Claims* (the "Notice"), and respectfully states as follows:

## BACKGROUND

On January 29, 2019 (the "Petition Date"), the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

Sabre is a manufacturer and supplier of highly-engineered support structures for electric transmission and distribution. With respect to the Debtors, Sabre manufactures and delivers in the ordinary course of business various steel utility poles to the Debtors.

Prior to the Petition Date, Sabre manufactured certain steel poles at the direct request of PG&E, including under order numbers 19-418351, 19-418579, 19-418687, 19-418762, and 19-418823. Each of the poles manufactured by Sabre have unique identifiers that are welded on the bottom of the poles that distinguish the poles from each other and similarly situated products. Thereafter, in late December 2018 and early January 2019, the poles were shipped, delivered and inspected by the Debtors.

On February 13, 2019, Sabre informed the Debtors of its reclamation claim by overnight mail and electronic mail (the "Sabre Demand Letter"). A copy of which is attached hereto as Exhibit 1. In the Sabre Demand Letter, Sabre sought to reclaim no less than $371,556.90 in goods (the "Goods") delivered to the Debtors in the 45 days prior to the Petition Date. Specifically, Sabre sought to reclaim the following:

| Order # | Bid # | Invoice # | Invoice Date | PO # | Invoiced Amounts | Ship Date | Arrival Date | Ship-To Address |
|---|---|---|---|---|---|---|---|---|
| 19-418351 | 19-14438 | 540504 | 12/31/2018 | 3501176011 | $ 4,550.63 | 12/14/2018 | 12/18/2018 | Fall River Mills, CA |
| 19-418579 | 19-14468 | 541757 | 1/15/2019 | 3501176827 | $ 66,335.35 | 12/26/2018 | 1/2/2019 | Oroville, CA |
| 19-418687 | 19-14469 | 541758 | 1/15/2019 | 3501176846 | $ 96,103.53 | 12/26/2018 | 1/2/2019 | Oroville, CA |
| 19-418762 | 19-14470 | 542141 | 1/17/2019 | 3501176797 | $ 105,571.01 | 12/26/2018 | 1/7/2019 | Oroville, CA |
| 19-418823 | 19-14471 | 542142 | 1/17/2019 | 3501176792 | $ 73,879.47 | 12/26/2018 | 1/7/2019 | Oroville, CA |
| | | | | Total | $ 346,439.99 | | | |
| | | | | Sales Tax | $ 25,116.81 | | | |
| | | | | Grand Total | $ 371,556.80 | | | |

On February 19, 2019, Sabre filed its *Notice of Filing of Reclamation Demand* [Dkt. No. 476] attaching a copy of the Sabre Demand Letter. [Dkt. No. 476].

On February 28, 2019, the Court entered an order (the "Reclamation Procedures Order") establishing certain procedures for the treatment of all claims seeking reclamation of goods pursuant to section 546(c) of the Bankruptcy Code.

On June 28, 2019, in accordance with the Reclamation Procedures Order, the Debtors filed the Notice which asserts that the entire amount of Sabre's reclamation claim is invalid because (a) it includes freight, taxes, or similar charges, and (b) that the Goods were consumed prior to the receipt

of the Sabre Demand Letter or were unidentifiable. As more fully set forth below, the Goods were and still are readily identifiable and still in the Debtor's possession. As a result, Sabre is entitled to either reclaim the Goods or an administrative claim in the amount of the value of the Goods.

## **OBJECTION**

The elements necessary for a valid reclamation claim include: (i) the goods were sold to the debtor in the ordinary course of business, (ii) the debtor was insolvent when the goods were delivered, (iii) a written demand in accordance with the applicable statute was timely delivered, and (iv) the goods were identifiable and in the debtor's possession at the time the reclamation demand was received by the debtor.[1] *In re Mayer Pollack Steel Corp.*, 157 B.R. 952, 959 (Bankr. E.D. Pa. 1993). Here, the Debtors do not dispute that the Goods were sold in the ordinary course of business, that the Debtors were insolvent when the goods were delivered, or that the goods were not in their possession at the time of the Sabre Demand Letter. Rather, the Debtors base their objection on the fact that the Goods were "consumed or not identifiable." This contention is wholly without merit. In fact, the Debtors have not provided a single factual allegation or document evidencing their assertion that the Goods were "consumed" and no longer identifiable.

Goods are identifiable when they actually exist, are intact, are capable of being physically recognized, and have not been converted into a different finished product. *See In re Dana Corp.*, 367 B.R. 409, 418 (Bankr. S.D.N.Y. 2007); *In re Lawrence Paperboard Corp.*, 52 B.R. 907, 910 (Bankr. D. Mass. 1985). Further, if the good is under a debtor's "control then it is both 'identifiable' and 'in the possession of the debtor.'" *In re Charter Co.*, 54 B.R. 91, 93 (Bankr. M.D. Fla. 1985). Courts have also stated that if a reclaiming creditor can devise a formula by which they can trace the good, establish the time frame the good was delivered to the debtor, and can show the formula traces the product within that time frame with accuracy, then the seller need not physically identify the goods to sustain a reclamation claim. *See In re Braniff*, 113 B.R. 745, 755 (Bankr. M.D. Fla. 1990).

---

[1] The requirement that goods be "identifiable" is not found in the plain language of Uniform Commercial Code section 2–702 nor in Bankruptcy Code section 546(c). *See In re Hechinger Inv. Co. of Delaware, Inc.,* 274 B.R. 402, 407 (Bankr. D. Del. 2001).

3
OBJECTION TO DEBTORS' NOTICE OF PROPOSED TREATMENT OF RECLAMATION CLAIMS

Case: 19-30088    Doc# 3060    Filed: 07/18/19    Entered: 07/18/19 13:40:25    Page 3 of 5

Sabre need not devise a formula to trace the Goods for its reclamation claim to be successful because, here, the Goods are readily identifiable as the poles are intact, physically recognizable by Sabre, and in the Debtors' control. Further, the poles are branded with unique identifiers that allow Sabre (and the Debtors) to easily find them. For example, the poles are welded with an ID tag substantially similar to the image below:



Additionally, attached hereto as <u>Exhibit 2</u> is a listing of the ID tag numbers for the poles referenced in the Sabre Demand Letter. Therefore, the poles are clearly identifiable for purposes of Sabre's reclamation claim.

The only two cases cited by the Debtors are distinguishable. *In re Arlco, Inc.*, 239 B.R. 261, 265 (Bankr. S.D.N.Y. 1999); *In re Landy Beef Co., Inc.*, 30 B.R. 19 (Bankr. D. Mass. 1983). The creditors in *Arlco* and *Landy Beef* who sought reclamation were suppliers or manufacturers of raw materials (textiles and calve-livers) that the Debtors' processed into different finished products. Here, Sabre manufactured and delivered finished goods with no further manufacturing needed and the Debtors did not convert the poles into a finished product. Instead, after delivery, PG&E affixes the poles to the ground and fastens third-party devices to the poles. Such activity, however, does not render Sabre's Goods as non-identifiable. These devices can be removed from the poles and the poles themselves can removed from the ground. Thus, the Goods are capable of being returned to Sabre and are reclaimable.

Moreover, affixing third-party items a pole does not commingle the goods or destroy a supplier's reclamation claim where a supplier's goods remain readily identifiable. *See Charter*, 54 BR at 91. For example, in *Charter* the Court found that commingled crude oil was subject to reclamation where the oil was identifiable (*i.e.*, the goods are traceable and of similar kind and

grade). *Id*; *see also In re Wheeling-Pittsburgh Steel Corp.*, 74 B.R. 656 (Bankr. W.D. Pa. 1987) (finding that coal that was commingled, but not converted into finished product, could be reclaimed because it was traceable). Here, even if the Debtors installed or, as the Debtors assert "consumed," Sabre's Goods, the poles remain readily identifiable.

Finally, section 546(c) also affords a bankruptcy court broad discretion to substitute an administrative claim or lien in place of the right to reclaim. This discretion gives the court needed flexibility and permits it to recognize the reclaiming creditor's rights while allowing the debtor the opportunity to retain the goods in order to facilitate the reorganization effort. If the Debtors do not want to return Sabre's Goods, then Sabre should be granted an administrative claim in the value equal to the Goods.

## CONCLUSION

WHEREFORE, Sabre hereby requests that an order be entered either (a) authorizing the reclamation of the Goods or (b) granting Sabre an administrative claim in amount equal to the value of the Goods, and such other or further relief as is just and appropriate under the circumstances.

DATED: 07/18/2019             BLANK ROME LLP


By: /s/ Jonathan A. Loeb
    Jonathan A. Loeb

Attorneys for Sabre Industries, Inc.

5
OBJECTION TO DEBTORS' NOTICE OF PROPOSED TREATMENT OF RECLAMATION CLAIMS
Case: 19-30088    Doc# 3060    Filed: 07/18/19    Entered: 07/18/19 13:40:25    Page 5 of 5