Andrew I. Silfen (*pro hac vice*)
Beth M. Brownstein (*pro hac vice*)
**ARENT FOX LLP**
1301 Avenue of the Americas, 42nd Floor
New York, New York 10019
Telephone:  (212) 484-3900
Facsimile:   (212) 484-3990
Email:       andrew.silfen@arentfox.com
             beth.brownstein@arentfox.com

Aram Ordubegian (SBN 185142)
**ARENT FOX LLP**
55 Second Street, 21st Floor
San Francisco, CA 94105
Telephone:  (415) 757-5500
Facsimile:   (415) 757-5501
Email:       aram.ordubegian@arentfox.com

*Counsel for BOKF, NA, solely in its capacity as Indenture Trustee*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>   - and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                          **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br><br><br>**STATEMENT OF BOKF, N.A. IN SUPPORT OF THE MOTION OF THE AD HOC COMMITTEE OF SENIOR UNSECURED NOTEHOLDERS TO TERMINATE THE DEBTORS' EXCLUSIVITY PERIOD**<br><br><u>Hearing</u><br>Date: July 24, 2019<br>Time: 9:30 a.m. (Pacific time)<br>Place: Courtroom 17<br>       450 Golden Gate Ave, 16th Floor<br>       San Francisco, CA 94102 |

BOKF, NA ("BOKF"), in its capacity as successor indenture trustee (the "Unsecured Notes Trustee") under the Indentures dated as of (i) March 11, 2004 (as supplemented, amended and restated), (ii) November 29, 2017 and (iii) August 6, 2018 pursuant to which Pacific Gas and Electric Company (the "Utility" and, together with PG&E Corporation, the "Debtors") issued the senior notes (collectively, the "Senior Notes"), by and through its counsel, Arent Fox LLP, hereby submits this Statement in Support of the *Motion of the Ad Hoc Committee of Senior Unsecured Noteholders to Terminate the Debtors' Exclusive Periods Pursuant to Section 1121(d)(1) of the Bankruptcy Code* [Docket No. 2741] (the "Motion to Terminate")[1] and in support thereof, states as follows:

## STATEMENT IN SUPPORT

Fortunately, the California legislature acted through Assembly Bill 1054 (the "Wildfire Legislation"), clearing a major hurdle to the reorganization and plan process and establishing a regulatory framework and a firm deadline of June 30, 2020 by which the Debtors must exit these cases. With this deadline, and likely an earlier deadline to obtain certain regulatory approvals, less than a year away, any delay towards confirmation is detrimental and puts a successful reorganization at risk. The chief objective for all parties should be to commence formulation, negotiation and confirmation of a plan immediately. The Ad Hoc Committee has taken the first crucial and important step.

The Ad Hoc Committee's Motion to Terminate is timely and the relief sought is warranted and necessary. The Motion to Terminate seeks to terminate exclusivity to move forward with a plan based on a construct that fits within the structure established by the Wildfire Legislation. The Term Sheet, though currently being analyzed by BOKF, is credible and marks a positive, productive step in the plan process. Under these circumstances, it is critical that the Court permit the Ad Hoc Committee to proceed with negotiating, formulating and filing its plan.

Indeed, allowing the Ad Hoc Committee's plan to move forward will be helpful, not harmful to the process because it (i) provides the framework for plan negotiations and the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion to Terminate.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

resolution of open issues and disputes; (ii) motivates all parties to act quickly and construct a plan that will provide the most benefit to the most parties; (iii) creates more certainty for ratepayers, creditors and wildfire victims that a viable and fair plan is available and under construction; and (iv) establishes a competing plan process (in the event the Debtors can timely file a feasible, credible and more attractive plan) that will facilitate much needed transparency and incentivize expedited negotiations.

The original extension of exclusivity was largely premised on the Wildfire Legislation being passed as late as September.[2] With the Wildfire Legislation now in place, the basis for the original extension is no longer present. Continuing to preserve the Debtors' exclusivity serves no purpose and provides no benefits. In fact, it will likely cause unnecessary delays and instability and risk the Debtors' access to the certainty and benefits afforded by the Wildfire Legislation, including the wildfire fund. For reasons unknown, the Debtors so far appear to be entrenched in a wait and see, piecemeal approach, hoping to amend or supplement the Wildfire Legislation as part of any plan they propose. The Debtors' lack of meaningful engagement with their key constituents on plan constructs and attendant negotiations six months into the case is also surprising and unproductive. To date, the Debtors have left most of their constituents largely in the dark as to plan formulation, using surprise rather than dialogue to communicate. *See*, *e.g.*, Motion to Terminate at ¶ 26. Similarly, a rush to file an un-vetted plan in response to the Motion to Terminate as a litigation tactic should not be countenanced by this Court.

There is no reason all stakeholders should lose the opportunity to consider the plan that will be developed under the Term Sheet (and BOKF welcomes the opportunity to begin negotiations), which is based on existing comprehensive legislation, while the Debtors pursue a process subject to numerous and speculative legislative contingencies that are clearly out of the control of any party to these cases. Nor should stakeholders be precluded from considering the plan that will be developed under the Term Sheet because the Debtors rushed to file their own plan without the input of their constituents.

What is most needed at this time is the filing of a chapter 11 plan to kick-start what will

---

2 *See*, *e.g.*, Hr'g Tr. 17:20-24, May 22, 2019; *see also id.* 33:9-19.

Arent Fox LLP
Attorneys At Law
Los Angeles

Case: 19-30088   Doc# 3061   Filed: 07/18/19   Entered: 07/18/19 14:24:16   Page 3 of 5

inevitably be a lengthy and hotly contested confirmation process that requires an expedient resolution. Even if the Debtors were the only party to file a plan (which should not be the case), it would unquestionably be a litigated, drawn-out march to confirmation absent a global resolution. Given the number and diversity of stakeholders, the dollar amounts at stake, the possible regulatory requirements and approvals, and the legal and factual issues in question, building consensus around a confirmable plan will simply take time. Consensus is preferable to litigation. The legislature has acted to provide the legislative certainty necessary for any plan. It is therefore critical that the bankruptcy plan process build on this momentum.

BOKF is evaluating the Term Sheet and will be prepared to discuss its concerns. BOKF also understands the Ad Hoc Committee is continuing to provide detail and address certain open issues. The Ad Hoc Committee appears to be engaged, accessible and available. BOKF believes the Term Sheet represents not only a material and necessary first step towards a viable exit, but also a real, substantive proposal that is worthy of consideration, negotiation and formulation, which requires termination of the Debtors' exclusivity.

BOKF is hopeful that terminating exclusivity and allowing the filing of a competing plan will not only spur the Debtors into action, but will engender an open, transparent process for the benefit of all stakeholders. The competition for plan support ought to create a greater level of transparency and communication among all parties. BOKF is hopeful that the Debtors will be more forthright, open and inclusive and seek the input of BOKF, the Creditors' Committee and other key stakeholders. However, to avoid potential chaos, rather than simply terminating the Debtors' exclusive right to file a plan, the right to file a competing plan should be limited, at this time, to allow only the Ad Hoc Committee's proposed plan and any competing plan filed by the Debtors. In the event any other non-Debtor party wishes to file and propose a chapter 11 plan, it should only be permitted to do so if it too can demonstrate that its proposed plan is real, credible and viable, in the same manner as the Ad Hoc Committee has done. Absent such a limitation there is risk that plans that are more posturing than substance will be filed, putting the reorganization process at risk, further polarizing the key stakeholders and unnecessarily making the plan process cumbersome and unmanageable.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/20269164.6

Case: 19-30088    Doc# 3061    Filed: 07/18/19    Entered: 07/18/19 14:24:16    Page 4 of 5

With the plan confirmation process in motion, BOKF hopes that the Debtors, Creditors' Committee and Ad Hoc Committee will coordinate and work together in order to take the necessary steps to ensure a successful reorganization, including a judicial estimation of claims, resolution of existing disputes, and obtaining any necessary financing and regulatory approvals.

For the foregoing reasons, BOKF supports the Motion to Terminate and respectfully requests that the Court enter an order terminating the Debtors' exclusive periods and authorizing the Ad Hoc Committee to formulate, negotiate and file its chapter 11 plan.

Dated: July 18, 2019 **ARENT FOX LLP**

By: */s/ Aram Ordubegian*
Aram Ordubegian (SBN 185142)
Andrew I. Silfen (*pro hac vice*)
Beth M. Brownstein (*pro hac vice*)

*Counsel for BOKF, NA, solely in its capacity as Indenture Trustee*