| | |
|---|---|
| 1 | Gerald Singleton, SBN 208783 |
| | John C. Lemon, SBN 175847 |
| 2 | SINGLETON LAW FIRM, APC |
| | 450 A Street, 5th Floor |
| 3 | San Diego, CA 92101 |
| | Tel: (619) 771-3473 |
| 4 | Email: gerald@slffirm.com |
| | john@slffirm.com |
| 5 | |
| 6 | Attorneys for SLF Fire Victim Claimants |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

In re

PG&E CORPORATION,

and

PACIFIC GAS AND ELECTRIC COMPANY

　　　　Debtors

Affects:
☐ PG&E Corporation
☐ Pacific Gas & Electric Company
☒ Both Debtors

* All papers shall be filed in the Lead Case,
　No. 19-30088 (DM).

Case No. 19-30088 (DM)

Chapter 11

(Lead Case–Jointly Administered)

**JOINDER BY THE SINGLETON LAW FIRM FIRE VICTIM CLAIMANTS IN THE TORT CLAIMS COMMITTEE'S MOTION FOR RELIEF FROM STAY TO PERMIT A JURY TRIAL OF THE 2017 TUBBS WILDFIRE CLAIMS (Docket Nos. 2842-2851)**

Date:　　July 24, 2019
Time:　　9:30 a.m. (Pacific)
Place:　　United States Bankruptcy
Court:　　Courtroom 17, 16th Floor
　　　　　San Francisco, CA 94102
　　　　　Hon. Dennis Montali

**NOTICE OF JOINDER**

//

1

## I. FACTUAL BACKGROUND

The Singleton Law Firm (SLF), together with several other firms, represents approximately 5,200 victims of the fires started by PG&E in 2015 (the Butte Fire), 2017 (the twenty fires generally referred to as the North Bay and Wind Complex Fires) and 2018 (the Camp Fire). (For ease of reference, these claimants are jointly referred to as the SLF Claimants.) Approximately 900 of the SLF Claimants are victims of the 2017 Tubbs Fire, which claimants contend was started by PG&E's equipment. The Tubbs Fire started on October 8, 2017, near Tubbs Lane in Calistoga. It spread to Santa Rosa, burning more than 36,000 acres, destroying over 5,600 structures, and killing an estimated 25 people.

After the 2018 Camp Fire, which destroyed nearly 20,000 structures and killed at least 85 people, the Tubbs Fire is the most destructive of the twenty (20) major fires involved in the PG&E bankruptcy. The Tubbs Fire is also unique in that it is the only one of the 20 major fires subject to this bankruptcy which the California Department of Forestry and Fire Protection (Cal Fire) concluded was <u>not</u> caused by PG&E's equipment.

The SLF Claimants dispute Cal Fire's finding and believe that they will be able to prove that PG&E's equipment caused the Tubbs Fire. To date, however, PG&E has denied liability for the Tubbs Fire and all indications are that PG&E will not agree to settle claims arising from the Tubbs Fire for their full value as part of this bankruptcy.[1] Accordingly, the SLF Claimants believe that the issue of PG&E's liability for the Tubbs Fire (in both inverse condemnation and negligence) must be fully litigated as quickly as possible.

//

---

[1] PG&E has not yet put forward its bankruptcy plan, so their exact position on whether the Tubbs Fire victims should be paid in full as part of a bankruptcy plan is not clear.

## II. TCC'S MOTION FOR RELIEF FROM STAY

On July 2, 2019, the Official Committee of Tort Claimants (TCC) filed a motion for relief from the automatic stay to permit a state-court jury trial of the Tubbs wildfire claims. The gist of that motion is that the Tubbs Fire was responsible for approximately one-third of the total wildfire claims in this bankruptcy and that it is the only fire for which PG&E is contesting liability. *See* Doc. 2843 at 8. The TCC also asserts that PG&E likely will be insolvent if it is, in fact, liable for the Tubbs fire. *See id.* at 9. The TCC thus concludes that the question of PG&E's liability for the Tubbs fire is a "major gating issue" that must be resolved before the parties can resolve the balance of the wildfire claims. *See id.* at 26.

## III. SLF CLAIMANTS' LIMITED JOINDER

While the SLF Claimants do not agree with every statement of fact in the TCC's brief, they do agree that this issue must be resolved promptly and that permitting a state-court trial for preference plaintiffs is the best solution for determining PG&E's liability for the Tubbs Fire. To that end, the SLF fire victims join the TCC's motion for relief from stay.

At the same time, the SLF Claimants do not agree that any state court trial should be limited to the potential preference plaintiffs set forth in the TCC's motion. While the initial Tubbs Fire trial should include preference plaintiffs, they should not be limited to those individuals who are represented by attorneys who have a client on the TCC.

Specifically, the SLF Claimants contend that the following 5 Tubbs Fire victims -- Thomas Milton Howard (71), Catherine Maffioli (82), Glenda Samson (71), Barbara Spengler (93), and Evelyn Venturi (92) -- should be included in any Tubbs Fire trial that takes place in state court. All the above-named claimants are victims of the Tubbs fire, over the age of 70, suffer from health issues that make them eligible for preference, and have a "substantial interest in the action as a whole" as required by

3

California Code of Civil Procedure § 36(a) and the case law interpreting it. *See, e.g., Fox v. Superior Court*, 21 Cal.App.5th 529, 535 (2018); *Koch-Ash v. Superior Court*, 180 Cal. App.3d 689, 692 (1986).

Accordingly, the SLF Claimants respectfully request that this Court lift the stay to permit a trial on PG&E's liability for the Tubbs Fire to go forward in state court. The SLF Claimants submit that this Court should not make any determinations as to which cases should be eligible for this trial, but, rather, that this should be left to the determination of the Superior Court after the stay has been lifted. If this Court is going to determine which cases are eligible for trial in state court, however, the SLF Claimants respectfully submit that the following five individuals should be included:

(1) Thomas Milton Howard (71)
(2) Catherine Maffioli (82)
(3) Glenda Samson (71)
(4) Barbara Spengler (93)
(5) Evelyn Venturi (92)

Dated: July 18, 2019

Respectfully submitted,

SINGLETON LAW FIRM, APC

By:   */s Gerald Singleton*
      Gerald Singleton
      Amanda W. LoCurto

Attorneys for the Singleton Law Firm Fire Victim Claimants