| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12 | **HUNTON ANDREWS KURTH LLP**<br>Paul N. Silverstein *Pro Hac Vice Pending*<br>Brian M. Clarke *Pro Hac Vice Pending*<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: (212) 309-1000<br>Email: paulsilverstein@HuntonAK.com<br>       brianclarke@HuntonAK.com<br><br>   - and -<br><br>**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**<br>  A Limited Liability Partnership<br>  Including Professional Corporations<br>ROBERT K. SAHYAN, Cal. Bar No. 253763<br>Four Embarcadero Center, 17th Floor<br>San Francisco, California 94111-4106<br>Telephone:    415-434-9100<br>Facsimile:     415-434-3947<br>Email:         rsahyan@sheppardmullin.com<br><br>*Attorneys for Columbus Hill Capital Management, L.P.* |

UNITED STATES BANKRUPTCY COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>    -and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br><br><br><br>              Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**OBJECTION OF COLUMBUS HILL CAPITAL MANAGEMENT, L.P. TO MOTION OF THE AD HOC COMMITTEE OF SENIOR UNSECURED NOTEHOLDERS TO TERMINATE THE DEBTORS' EXCLUSIVE PERIODS**<br><br>Date: July 24, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br><br>Re: Docket No. 2741 |

115869.0195307 NYC 429608v2

Columbus Hill Capital Management, L.P. ("Columbus Hill"), the manager of funds that hold claims against, and interests in, Pacific Gas and Electric Company and PG&E Corporation (collectively, the "Debtors"), for its objection to the *Motion of the Ad Hoc Committee of Senior Unsecured Noteholders to Terminate the Debtors' Exclusive Period* (the "Termination Motion") [Docket No. 2741], respectively represents:

1. The Debtors filed for relief under Chapter 11 of the Bankruptcy Code on January 29, 2019, less than six months ago. On May 23, 2019, after full briefing and a contested hearing, this Court entered an Order granting the Debtors' request for an extension of their exclusive period to file a plan of reorganization until September 26, 2019 (and, accordingly, to extend the exclusive solicitation period).

2. The Termination Motion does not, because it cannot, demonstrate any cause under Section 1121(d) of the Bankruptcy Code to terminate the Debtors' plan exclusivity period as previously extended by this Court. The factors typically relied upon by courts to determine whether to extend or reduce exclusivity clearly require denying the Termination Motion. *See, e.g.*, *In re Dow Corning Corp.*, 208 B.R. 661, 663–670 (Bankr. E.D. Mich. 1997) (denying motion to terminate exclusivity). The Debtors chapter 11 cases are among the largest *and most complex* chapter 11 cases ever filed, and the Debtors have been in chapter 11 for under six months. While progress toward a framework for a plan has been made, unresolved contingencies still exist (as discussed further in this Objection). The Termination Motion contains no justification for ignoring these facts and terminating prematurely an exclusivity extension granted less than two months ago to Debtors that filed bankruptcy less than six months ago. "Cause" to terminate exclusivity does not revolve around satisfying the narrow interest of a particular constituent, as the Termination Motion suggests. On the contrary, maintaining exclusivity will benefit the Debtors' estates, creditors and other stakeholders.

3. Termination of exclusivity would be chaotic and disruptive to, and would impede, the Debtors' reorganization efforts. Material progress has been made toward that end. For example, as this Court is aware, on July 12, 2019, AB 1054 legislation was enacted.

115869.0195307 NYC 429608v2

Passage of such legislation provides an enhanced regulatory framework that supports the formulation and confirmation of a feasible reorganization plan for the Debtors. AB 1054, however, also imposes numerous conditions on the Debtors' eligibility to access the benefits of the legislation, including, among others, the requirement that it exit from bankruptcy by June 30, 2020 and that it meet various safety-related and other regulatory conditions. The Debtors must be permitted to use their exclusive periods to address all of the issues that are preconditions to a successful reorganization, including finalizing a mechanism or process for resolving, allowing and satisfying pre-petition wildfire claims and liabilities and meeting such safety and other applicable regulatory requirements.

4. The Debtors must continue such reorganization efforts without unnecessary disruptions and distraction, and they are entitled to that as debtors in possession here. Efforts to disrupt, distract and/or delay the Debtors' reorganization efforts are unwarranted and unwise. Accordingly, Columbus Hill respectfully requests that the Termination Motion be denied in all respects.

Respectfully submitted,

Dated: July 18, 2019   */s/ Robert Sahyan*

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

*Attorneys for Columbus Hill Capital Management, L.P.*

115869.0195307 NYC 429608v2
Case: 19-30088   Doc# 3079   Filed: 07/18/19   Entered: 07/18/19 16:43:28   Page 3 of 3