**Exhibit A**

**[PROPOSED] Order**

| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>Stephen Karotkin (*pro hac vice*)<br>(stephen.karotkin@weil.com)<br>Ray C. Schrock, P.C. (*pro hac vice*)<br>(ray.schrock@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007 | CRAVATH, SWAINE & MOORE LLP<br>Paul H. Zumbro (*pro hac vice*)<br>(pzumbro@cravath.com)<br>Kevin J. Orsini (*pro hac vice*)<br>(korsini@cravath.com)<br>Omid H. Nasab (*pro hac vice*)<br>(onasab@cravath.com)<br>David A. Herman (*pro hac vice*)<br>(dherman@cravath.com)<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel: 212 474 1000<br>Fax: 212 474 3700 |

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>          **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**[PROPOSED] ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 502(c) FOR THE ESTABLISHMENT OF WILDFIRE CLAIMS ESTIMATION PROCEDURES** |

Upon the Motion, dated July 18, 2019 (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105(a) and 502(c) of title 11 of the United States Code (the "**Bankruptcy Code**") for the establishment of wildfire claims estimation procedures, as more fully set forth in the Motion; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. Pursuant to Sections 105(a) and 502(c) of the Bankruptcy Code, this Court hereby establishes the following procedures and schedules for the estimation of the Debtors' aggregate liability for contingent and/or unliquidated claims arising out of the 2015, 2017 and 2018 Northern California Wildfires (the "**Wildfires**" and the "**Wildfire Claims**").

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

3. <u>Inverse Condemnation Hearing:</u>  The Court shall hold a hearing to determine the allowance or disallowance of Fire Claims that are based upon the doctrine of inverse condemnation.  Briefs in support of Debtors' position shall be filed one week from the entry of this Order.  Briefs in opposition of Debtors' position shall be filed three weeks from the filing of the opening briefs.  Replies in support of Debtors' position shall be filed two weeks from the filing of the opposition briefs.  A hearing on this matter shall be held two weeks after the filing of the reply briefs, on _____, 2019, at __:__ [AM/PM] Pacific Time.

4. <u>Tubbs Fire Hearing:</u>  The Court shall hold an evidentiary hearing to estimate the likelihood of success of Wildfire Claims arising out of the Tubbs Fire.  Such hearing shall commence on October 7, 2019, and shall continue for no more than three weeks.  The Debtors shall meet and confer with other parties in interest and shall present to the Court within two weeks of the date of this Order a proposed schedule for discovery and other proceedings associated with this hearing.

5. <u>Final Estimation Hearing:</u>  The Court shall hold a final estimation to commence on December ___, 2019.  The Debtors shall meet and confer with other parties in interest and shall present to the Court within three weeks of the date of this Order a proposed schedule for discovery and other proceedings associated with this hearing.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

**\*\* END OF ORDER \*\***