| | |
|---|---|
| 1 | WEIL, GOTSHAL & MANGES LLP |
| | Stephen Karotkin (*pro hac vice*) |
| 2 | (stephen.karotkin@weil.com) |
| | Ray C. Schrock, P.C. (*pro hac vice*) |
| 3 | (ray.schrock@weil.com) |
| | Jessica Liou (*pro hac vice*) |
| 4 | (jessica.liou@weil.com) |
| | Matthew Goren (*pro hac vice*) |
| 5 | (matthew.goren@weil.com) |
| | 767 Fifth Avenue |
| 6 | New York, NY 10153-0119 |
| | Tel: 212 310 8000 |
| 7 | Fax: 212 310 8007 |
| 8 | KELLER & BENVENUTTI LLP |
| | Tobias S. Keller (#151445) |
| 9 | (tkeller@kellerbenvenutti.com) |
| | Jane Kim (#298192) |
| 10 | (jkim@kellerbenvenutti.com) |
| | 650 California Street, Suite 1900 |
| 11 | San Francisco, CA 94108 |
| | Tel:    (415) 496-6723 |
| 12 | Fax:    (415) 636-9251 |

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
|    - and – | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **CERTIFICATION OF TOBIAS S. KELLER IN SUPPORT OF FIRST INTERIM FEE APPLICATION OF KELLER & BENVENUTTI LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES (JANUARY 29, 2019 THROUGH MAY 31, 2019)** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | **Objection Deadline: August 8, 2019**<br>                               **4:00 p.m. (Pacific Time)**<br><br>[No hearing requested] |

I, Tobias S. Keller, hereby certify as follows:

1. I am attorney licensed to practice law in the State of California. I am a partner in the law firm of Keller & Benvenutti LLP, co-counsel for the Debtors [1], and am authorized to make this Declaration in that capacity. Except as otherwise indicated, all statements in this Declaration are based on my personal knowledge, and, if called upon to do so, I could and would testify competently thereto.

2. I make this Declaration in support of the *First Interim Fee Application of Keller & Benvenutti LLP for Allowance and Payment of Compensation and Reimbursement of Expenses (January 29, 2019 Through May 31, 2019)* (the "**Interim Application**"). I am an attorney designated by the Firm to sign the Interim Application on its behalf.

3. Pursuant to the Northern District Guidelines, I certify that:

   a. I have read the Interim Application.

   b. To the best of my knowledge, information and belief formed after reasonable inquiry, the compensation and expense reimbursement sought in the Interim Application are in conformity with the Northern District Guidelines except as otherwise indicated in the Interim Application.

   c. The compensation requested in the Interim Application has been billed at rates and in accordance with practices no less favorable than those currently employed by the Firm and generally accepted by the Firm's clients.

4. There is no agreement or understanding between Keller & Benvenutti and any other person other than the partners of the Firm for the sharing of compensation to be received for services rendered in these cases.

5. As required by the Northern District Guidelines, the Firm has sent billing statements to the Debtors on a monthly basis during these chapter 11 cases. I certify that the Debtors, counsel for the Creditors Committee and the TCC, and the U.S. Trustee are each being provided with a copy of the Interim Application in accordance with the Interim Compensation Order.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Interim Application.

6. Attached hereto as **Exhibit A** is a true and correct copy of a letter transmitting the Interim Application to the Debtors and advising them of their rights to review and object to the compensation and expense reimbursement sought therein. To the best of my knowledge, information, and belief, this letter was transmitted to the Debtors by electronic mail on July 19, 2019.

7. The Firm responds to the questions identified in the UST Guidelines as follows:

Question 1: Did Keller & Benvenutti agree to any variations from, or alternatives to, Keller & Benvenutti's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Interim Fee Period? If so, please explain. Answer: No.

Question 2: If the fees sought in the Interim Application as compared to the fees budgeted for the time period covered by the Interim Application are higher by 10% or more, did Keller & Benvenutti discuss the reasons for the variation with the client? Answer: The fees sought in the Interim Application do not exceed by 10% or more the aggregate fees budgeted for Keller & Benvenutti in the debtor in possession financing budget for the Interim Fee Period.

Question 3: Have any of the professionals included in the Interim Application varied their hourly rate based on geographic location of the Chapter 11 Cases? Answer: No.

Question 4: Does the Interim Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices? If so, please quantify by hours and fees. Answer: The Interim Application includes fees for reviewing and revising time records and preparing and reviewing invoices in connection with the preparation of the Firm's monthly fee statements. The Firm used a billing code for such tasks that also includes matters relating to Keller & Benvenutti's retention and the preparation of the monthly fee statements; the total hours expended during the Interim Fee Period was 82.9 hours, corresponding to $48,840.00 in fees. The time spent only on revising time records and invoices is approximately 15.4 hours, corresponding to $11,360.00 in fees.

Question 5: Does the Interim Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees. Answer: No.

Question 6: Does the Interim Application include any rate increases since Keller & Benvenutti's retention in this case? If so, did the client review and approve those rate increases in advance? Did the client agree when retaining the law firm to accept all future rate increases? Answer: The Interim Application does not include any rate increases since the Firm's retention. Keller & Benvenutti has advised the Debtors that the Firm may increase its hourly rates each year.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 19th day of July, 2019, in San Francisco, California.

*/s/ Tobias S. Keller*
Tobias S. Keller