Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

and

Gregory A. Bray (SBN 115367)
Thomas R. Kreller (SBN 161922)
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063

*Proposed Counsel for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| -and- | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| Debtors. | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | **DECLARATION OF THOMAS R. KRELLER IN SUPPORT OF OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTIONS OF (I) AD HOC GROUP OF SUBROGATION CLAIM HOLDERS AND (II) OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR RELIEF FROM AUTOMATIC STAY**<br><br>Date: July 24, 2019<br>Time: 9:30 a.m.<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

I, **THOMAS R. KRELLER**, being duly sworn, state the following under the penalty of perjury:

1. I am an attorney admitted to practice in the State of California and I am a partner in the Financial Restructuring Group of the firm Milbank LLP ("Milbank"), counsel to the Official Committee of Unsecured Creditors of the above-captioned debtors and debtors in possession. Milbank maintains an office at, among other places, 2029 Century Park East, 33rd Floor, Los Angeles, California, 90067-3019. There are no disciplinary proceedings pending against me.

2. I am duly authorized to make this declaration on behalf of Milbank in support of the *Objection of the Official Committee of Unsecured Creditors to Motions of (I) Ad Hoc Group of Subrogation Claim Holders and (II) Official Committee of Tort Claimants for Relief from Automatic Stay*, dated July 19, 2019 (the "Objection").

3. For the Court's reference in its consideration of the Objection, attached hereto as Exhibit A is a true and correct copy of *Case Management Order 6 re: Preference Case Protocol, California North Bay Fire Cases*, JCCP No. 4955, Case No. CJC-17-004955 (Cal. Super. Ct. Dec. 31, 2018).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on July 19, 2019, Los Angeles, CA

/s/ Thomas R. Kreller
Thomas R. Kreller

# Exhibit A



# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Jan-02-2019 3:25 pm

Case Number: CJC-17-004955

Filing Date: Dec-31-2018 3:24

Filed by: ERICKA LARNAUTI

Image: 06629728

ORDER

CALIFORNIA NORTH BAY FIRE CASES

001C06629728

**Instructions:**
Please place this sheet on top of the document to be scanned.

Michael A. Kelly (SB 71460)
Walkup Melodia Kelly & Schoenberger
650 California St., 26th Floor
San Francisco, CA. 94108
Tel: 415-981-7210
Attorney for Direct Plaintiffs

**FILED**
San Francisco County Superior Court

DEC 31 2018

CLERK OF THE COURT
BY: _____
        Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| Coordination Proceeding<br>Special Title (Rule 3.550)<br><br>CALIFORNIA NORTH BAY FIRE CASES | JCCP No. 4955<br><br>~~STIPULATION AND [PROPOSED]~~ CASE MANAGEMENT ORDER 6 RE: PREFERENCE CASE PROTOCOL<br><br>Assigned for All Purposes to:<br>Hon. Curtis E.A. Karnow, Dept. 304 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

This Case Management Order shall govern all cases filed in or transferred to California North Bay Fire Cases, JCCP 4955, including all cases currently in this proceeding and any cases subsequently added to this proceeding. The Court anticipates, given the large number of filings in this JCCP and the factual nature and complexity of the claims at issue, that multiple plaintiffs may be interested in pursuing a preferential trial setting. The purpose of this Case Management Order is to establish a preference case protocol to facilitate the exchange of information related to cases potentially eligible for preferential trial setting.

The Court hereby Orders as follows:

1. A Preference Committee for Individual Plaintiffs is hereby established to review potential preference cases and advise the submitting Plaintiff's counsel as to the viability and sequence of any potential filings. The Preference Committee shall consist of the following members of the Individual Plaintiffs' Executive Committee and shall report to (Co-Lead and Co-

Liaison Counsel): Thomas Brandi, Amy Eskin, Max Schuver, Mary Alexander, Allison Cordova, Angela Ja Chun, Matt Skikos, Joanna Fox, Steven Berki, and Ahmed Diab.

2. The Preference Committee shall meet regularly and report to Co-Lead and Co-Liaison counsel for Individual Plaintiffs and shall be available for consultation as a group with any individual plaintiff's counsel. For this purposes of compliance with this Order, the Preference Committee obligations are to all plaintiffs in the litigation and the litigation as a whole.

3. The Preference Committee shall be responsible for meeting and conferring with the defendants regarding potential preference cases including briefing scheduling, setting of hearings, and coordination of discovery. These meet and confer efforts with Defendants will also include the Attorney for the Plaintiff moving for Preference.

4. The Preference Committee shall submit to all counsel a preference questionnaire which shall be completed by the submitting Plaintiff's counsel who seeks to present a case to this Court for preferential trial setting. Given the large number of cases potentially eligible for preferential setting, counsel for any individual plaintiff seeking preference shall complete the preference questionnaire and provide it to the Preference Committee.

5. Any plaintiff's counsel who, at any time, represents a Plaintiff that has a good faith basis for asserting entitlement to a preferential trial setting under Code of Civil Procedure § 36 must provide written Notice to the Preference Committee of their potential claim of preferential trial setting eligibility at least 21 days before a motion for preference can be filed. At the time this Notice is served, the submitting Plaintiff's counsel shall also produce to the Preference Committee the following: (a) <u>Grounds for Preference</u> – A written statement setting forth in detail the grounds for preferential trial setting and the facts supporting preference including the name of the plaitniff; (b) <u>Records</u> – Any medical and/or other records which the Plaintiff moving for Preference intends to submit to the Court to support the request for preferential trial setting, which will be uploaded on a secure document portal managed by Brown Greer to maintain security; (c) <u>Declarations</u> – Any and all declarations in support of the request for preferential trial setting (d) a completed CMO Compliance statement as required by CMO 5 uploaded to the BrownGreer portal and (e) a completed preference questionnaire as set forth in paragraph 4 above. If the Plaintiff

5

STIPULATION AND [~~PROPOSED~~] CASE MANAGEMENT ORDER 6 RE: PREFERENCE CASE PROTOCOL - JCCP No. 4955

moving for Preference has exigent circumstances that warrant an expedited process, these circumstances are to be presented to the Preference Committee at the earliest opportunity. If good cause exists, the attorney for the Plaintiff moving for Preference, Lead Plaintiffs' Counsel, and Defendants' Counsel will meet and confer as soon as practical.

6. To the extent that a proposed plaintiff preference request has a corresponding Subrogation claim, Subrogation Leadership will be included and consulted as well.

7. Upon receipt of Notice(s) of potential claim(s) for preferential trial setting, the Preference Committee shall review and confirm that each request is complete and compliant with the preference protocol pursuant to C.C.P. § 36 and ready for meet and confer with Defendants. The Preference Committee shall communicate the findings of their review to the submitting Plaintiff's Counsel within 7 days of receipt of Notice.

8. Once a review of a request for preferential trial setting is deemed complete, pursuant to paragraph III above, the Preference Committee, or the submitting Plaintiff's Counsel if s/he disagrees with the Preference Committee's findings, shall provide Defendants with Notice regarding the preferential trial setting request(s) and the supporting materials to be submitted with the anticipated Preference motion(s) including any medical records and /or declarations that will be submitted. Plaintiffs and Defendants shall meet and confer within 7 days regarding the briefing and potential deposition schedule for each request for preferential trial setting. Any unresolved disputes amongst the parties regarding preferential trial settings will be decided by the Court upon the filing and hearing of a Motion for Preferential Trial Setting pursuant to C.C.P. § 36.

9. Counsel for the plaintiff bringing the preference motion shall be in compliance with the CMOs of this Court.

10. After the procedure followed in this Preference Protocol is completed, any attorney representing a Plaintiff in this case may proceed with the filing of a motion for preference under California Code of Civil Procedure section 36 if that attorney believes it is appropriate to do so

**IT IS SO ORDERED.**