1  Bruce S. Bennett (SBN 105430)
   Joshua M. Mester (SBN 194783)
2  James O. Johnston (SBN 167330)
   JONES DAY
3  555 South Flower Street
   Fiftieth Floor
4  Los Angeles, CA  90071.2300
   Telephone:    (213) 489-3939
5  Facsimile:    (213) 243-2539
   E-mail:       bbennett@jonesday.com
6                jmester@jonesday.com
                 jjohnston@jonesday.com
7
   *Attorneys for PG&E Shareholders*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>   - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**OBJECTION OF CERTAIN PG&E SHAREHOLDERS TO MOTIONS OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS AND THE AD HOC COMMITTEE OF SUBROGATION CLAIM HOLDERS FOR RELIEF FROM AUTOMATIC STAY TO PERMIT STATE COURT JURY TRIAL OF 2017 TUBBS WILDFIRE CLAIMS**<br><br>Date: July 24, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br><br>Re: Docket Nos. 2842, 2843, 2855, 2863, and<br><br>   2904 |

Certain owners of common stock of PG&E Corporation (the "PG&E Shareholders")[1] hereby object to (a) the *Amended Motion For Relief From Automatic Stay To Permit State Court Jury Trial Of 2017 Tubbs Wildfire Claims* [ECF 2904] and *Amended Memorandum of Points and Authorities In Support Of Motion For Relief From Automatic Stay To Permit State Court Jury Trial Of 2017 Tubbs Wildfire Claims* [ECF 2855 (together with ECF 2904, the "TCC Motion")] filed by the Official Committee of Tort Claimants (the "TCC"); and (b) the *Motion For Relief From The Automatic Stay* [ECF 2863 (the "Subrogation Motion" and, collectively with the TCC Motion, the "Motions")] filed by the Ad Hoc Committee of Subrogation Claim Holders (the "Subrogation Committee"). In the aggregate, the PG&E Shareholders own 35% (over 185 million shares) of the outstanding common stock of PG&E Corporation.

## JOINDER

The PG&E Shareholders object to the Motions and join PG&E's objection [ECF 3104] to them.

## STATEMENT RE SOLVENCY

The PG&E Shareholders write separately to address the assertion by the TCC that the Debtors are insolvent because their wildfire liabilities "exceed[] $54 billion." [ECF 2855 at 4].

That is a nonsense number that should be given no credence. The TCC literally fabricated it by tripling the $18 billion paid by insurers for 2017 and 2018 fires. *Id.* Even though the TCC should have more information than any other stakeholder about the nature and extent of damages claimed by wildfire victims, the TCC does not offer any information about actual losses incurred by anyone.

Instead, the TCC relies on PG&E's allegedly "well-documented record of paying fire losses on a ratio of roughly 3-1 for total losses versus insured losses." [ECF 2855 at 3; *id.*

---

[1] The PG&E Shareholders are identified in the *First Amended Verified Statement Of Jones Day Pursuant To Federal Rule Of Bankruptcy Procedure 2019* [ECF 3066]. The PG&E Shareholders are acting in their individual capacities but authorized the filing of this single submission for the purpose of administrative efficiency. Each of the PG&E Shareholders is expressing its independent views, and counsel does not have the actual or apparent authority to obligate any one entity to act in concert with any other entity with respect to PG&E equity securities. The PG&E Shareholders have not agreed to act in concert with respect to their respective interests in PG&E equity securities.

at 4, 7]. That "well-documented" record consists of a single smaller fire (Butte) that occurred in 2015, in a different location, with different victims, different losses, and different insurance coverage rates than those in the 2017 and 2018 wildfires. The TCC makes no effort to actually quantify the wildfire claims to be asserted against PG&E and it cites no authority for the proposition that claims may be allowed or estimated based on historical circumstances that have nothing to do with the facts and circumstances of the claims to be allowed or estimated. Indeed, the Subrogation Committee – whose interests seemingly would be aligned with the TCC in this regard – has disclaimed the TCC's 3:1 ratio approach. Subrogation Motion at 4 n.3 (Subrogation Committee "disagrees with the assertion that a ratio of total losses to insured losses for past wildfires should be used to predict the losses for the 2017 and 2018 Northern California wildfires").

As the Court recently noted, "the victims of the Camp Fire and other fires have suffered different types of injuries ranging from loss of property to loss of life to loss of prospective economic advantage. These disparate claims will likely present different questions of law and fact that could not be appropriately addressed or resolved in the context of a class action."[2] By the same logic, there cannot be any reliable loss information about fires that occurred in 2017 and 2018 to be gleaned from the 2015 fire losses.

In fact, given that the bar date has not occurred (and that, at the TCC's insistence, wildfire claimants need not state an amount when they do file their claims), the only reliable information to date is that provided by the market, which currently is valuing PG&E as a solvent company with more than $9.5 billion of equity value.[3] As such, the Court can and should assume that these are solvent estates unless it is proven otherwise.

## CONCLUSION

PG&E's objection to the Motions explains why relief from stay to litigate Tubbs fire claims in state court would mire these cases in litigation and potentially doom PG&E's ability to

---

[2] *Order Granting Motion To Dismiss First Amended Complaint*, Adv. Pro. No. 19-03005 [ECF 35 at 10].

[3] PG&E shares closed trading on Thursday, July 18, 2019, at $18.46 per share. With 529,210,278 shares outstanding, that share price equates to more than $9.7 billion in equity value.

- 2 -

1  resolve the cases by the important legislatively-established deadline of June 30, 2020.  The PG&E
2  Shareholders, as owners of a solvent debtor, join that objection.
3
4  Dated: July 19, 2019                           JONES DAY
5
6                                                 By: */s/ James O. Johnston*
7                                                       James O. Johnston
                                                 *Attorneys for PG&E Shareholders*
8

- 3 -