WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19 - 30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY** | **DECLARATION OF KEVIN J. ORSINI IN SUPPORT OF *EX PARTE* MOTION OF DEBTORS FOR ORDER CONTINUING THE HEARING ON THE MOTIONS OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS AND THE AD HOC GROUP OF SUBROGATION CLAIM HOLDERS FOR RELIEF FROM AUTOMATIC STAY** |
| Debtors. | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Related Documents: Dkt. 2863, 2904<br><br>[No hearing requested] |

I, Kevin J. Orsini, hereby declare under penalty of perjury as follows:

1. I am a partner at Cravath, Swaine & Moore LLP, attorneys for PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**").

2. I submit this declaration pursuant to Rule 9006-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Local Rules**") in support of the Debtors' *ex parte* motion (the "**Motion to Continue**"), pursuant to section 105(a) of title 11, United States Code, Rule 9006 of the Federal Rules of Bankruptcy Procedure, and Local Rule 9001-1, for entry of an order continuing the hearing date of the Official Committee of Tort Claimants' ("**Tort Claimants Committee**" or "**TCC**") *Amended Motion for Relief from the Automatic Stay to Permit a State Court Jury Trial of the 2017 Tubbs Wildfire Claims* [Docket No. 2904] and the Ad Hoc Group of Subrogation Claim Holders' ("**Ad Hoc Subrogation Group**") *Motion for Relief from the Automatic Stay* [Dkt. No. 2863] (collectively, the "**Stay Relief Motions**"), so that they may be heard together with the Debtors' *Motion for the Establishment of Wildfire Claims Estimation Procedures* [Dkt. No. 3091] (the "**Estimation Motion**") on August 14, 2019, or on such other date as the Court may schedule.

3. By the Motion to Continue, the Debtors seek to have the hearing on the TCC's and Ad Hoc Subrogation Group's Stay Relief Motions, currently set for July 24, 2019, continued so that the Stay Relief Motions may be heard on the same date as the Debtors' Estimation Motion, which is currently scheduled to be heard on August 14, 2019.

4. The central issues raised in the TCC's and Ad Hoc Subrogation Group's Stay Relief Motions are also at the heart of the Debtors' Estimation Motion. The Debtors, the TCC and the Ad Hoc Subrogation Group all agree that the issue of PG&E's liability for the Tubbs Fire is a critical threshold issue in these cases and should be addressed promptly. However, the TCC's and Ad Hoc Subrogation Group's proposal for resolving this critical issue, seeking relief from the stay so a handful of claimants may proceed to liquidate their unrepresentative claims in state court, differs significantly from the Debtors' proposal of addressing the likelihood of success as part of an

estimation proceeding in this Court. Given the importance of this threshold valuation issue to the resolution of these Chapter 11 Cases, the Court should have the benefit of reviewing briefing on the proposals of both the TCC and Ad Hoc Subrogation Group *and* the Debtors and hearing arguments on these Motions contemporaneously before making this critical ruling.

5. I believe that deciding the TCC's and Ad Hoc Subrogation Group's Stay Relief Motions separate and apart from the Debtors' Estimation Motion would be inefficient and prejudicial to Debtors' ability to emerge from chapter 11 prior to the June 30, 2020, legislative deadline.

6. There have been no previous modifications to the date of the hearing of either the TCC's or the Ad Hoc Subrogation Group's Stay Relief Motions.

7. Because the Debtors' Estimation Motion already is scheduled to be heard on August 14, 2019, continuing the TCC's and Ad Hoc Subrogation Group's Stay Relief Motions to that same date will not have a negative effect on the schedule for these Chapter 11 Cases.

8. I spoke today with Matthew Feldman of Willkie Farr & Gallagher LP, counsel for the Ad Hoc Subrogation Group, to seek consent to the relief sought in the Motion to Continue. My firm also sent an e-mail to Robert Julian at Baker & Hostetler LLP, counsel to the TCC, requesting consent. The Ad Hoc Subrogation Group and the TCC have refused to consent to the relief sought. The Ad Hoc Subrogation Group did not provide a reason. A copy of the TCC's response is attached hereto as Exhibit A.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct

Dated: July 19, 2019

/s/ *Kevin J. Orsini*

Kevin J. Orsini