Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone:     628.208.6434
Facsimile:     310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone:   310.820.8800
Facsimile:   310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel to the Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | |
| **-and-** | Chapter 11 (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | |
| **Debtors.** | **OBJECTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS TO *EX PARTE* MOTION OF DEBTORS TO CONTINUE HEARING ON MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY [Dkt. Nos. 2863, 2904, 3111]** |
| □ Affects PG&E Corporation | |
| □ Affects Pacific Gas and Electric Company | |
| ■ Affects both Debtors | |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

The Official Committee of Tort Claimants ("**TCC**") in the chapter 11 cases (the "**Chapter 11 Cases**") of PG&E Corporation and Pacific Gas and Electric Company (the "**Debtors**" or "**PG&E**") hereby submits this objection (the "**Objection**") to the Debtors' *ex parte* motion [Dkt. No. 3111] to continue the hearing ("**Motion to Continue**") on the motions of the TCC and the Ad Hoc Group of Subrogation Claim Holders for relief from the automatic stay (the "**Stay Motions**") currently scheduled for July 24, 2019, and respectfully states as follows:

1. Moving parties should be entitled to control their requested hearing date, where, as here, the timing of the Court's consideration of the motions may have an impact on whether or not the Court will grant the substantive relief sought.

2. In order to give the Stay Motions a fighting chance to be granted, the hearings should not be delayed by almost a month. One of the Debtors' primary arguments is that there is not enough time for a state court test trial on causation of the Tubbs fire because the State of California has set an arbitrary deadline for the Debtors to emerge from bankruptcy. Putting aside for the moment the obvious due process problems with that argument, the Debtors' position is not factually correct. The Stay Motions provide the speediest path to resolution.

3. The individual moving parties took great pains to carefully put forward plaintiffs, at least one of whom indisputably will qualify for California's 120-day trial setting preference when the state court considers the trial setting application—which it will do on shortened time in view of the enormous significance of the Tubbs causation issue to victims and to California generally. Movants don't intend to request multiple trials, as Debtors suggest, but only one—a single test case for determination of whether the Debtors' equipment was a cause of the ignition of the Tubbs fire.

4. If the trial date is set by August 2019, trial is required by statute to start in December 2019. Moving parties submit that the process they request is a more speedy procedure than can be accommodated by trial the United States District Court for the Northern District of California, the other alternative for trial of personal injury tort and wrongful death claims pursuant to 28 U.S.C. §157(b)(5). Moreover, whether the Court decides

- 1 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   to lift the stay as requested, or to withdraw the reference, the decision must be heard at

2   the earliest opportunity and no legitimate purpose is served by delay of the hearing.

3   5.   Finally, Debtors' argument that the Stay Motions should be heard at the same time as

4        their motion to estimate procedures for fire claims [ECF 3091] ("**Estimation Motion**"),

5        set for hearing on August 14, 2019, because the two forms of relief are alternatives to

6        each other is a *red herring*.  The Debtors assert in support of their dubious comparison

7        that the scope of 28 U.S.C. §157(b)(5) to the wildfire claims in these Cases is actually

8        quite small because there weren't so many wrongful deaths, and these minor details can

9        be addressed outside their master estimation procedures.

10  6.   Debtors then claim that the horrific emotional distress and PTSD suffered by tens of

11       thousands of victims aren't really "personal injury torts" under 28 U.S.C. §157(b)(2)(B)

12       because the injuries are merely "incident" to the victims' loss of properties.   The

13       Debtors' argument is flatly legally wrong, as will be demonstrated when the issues are

14       fully briefed in the appropriate context.  (What is more troubling, though, is the fact that

15       the Debtors actually argue that a victim running for his or her life in the middle of the

16       night while seeing a towering wall of flames over their shoulder, or having to jump in a

17       swimming pool to escape the fire that is consuming their home, or hearing the screams

18       of trapped animals being burned to death, or driving with their children over downed

19       live power wires to escape their burning home, or the continuing PTSD of a child who

20       still wakes in the night with nightmares of encroaching flames, or the trauma of losing

21       their entire neighborhood or entire town—is nothing more than an asterisk incident to

22       losing their property.  The fact that the Debtors directed their professionals to make this

23       legal argument is another stain on their already tarnished reputations.)

24

25  / / /

26  / / /

27  / / /

28  / / /

Case: 19-30088   Doc# 3114   Filed: 07/21/19   Entered: 07/21/19 12:11:31   Page 3 of
4

1        Since no valid purpose will be served by granting the Motion to Continue, and the

2   substantive rights of moving parties may be prejudiced by doing so, the Motion to Continue must

3   be denied.

4

5     Dated:    July 20, 2019                      BAKER & HOSTETLER LLP

6

                                            By:     */s/*

7                                                   Robert A. Julian

8                                             *Counsel for Official Committee of Tort Claimants*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO