WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)(Jointly Administered)<br><br>**DEBTORS' REPLY IN SUPPORT OF APPLICATION PURSUANT TO 11 U.S.C. §§ 327 AND 328 FOR AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF DELOITTE & TOUCHE LLP AS INDEPENDENT AUDITOR AND ADVISOR TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**<br><br>Re: Docket Nos. 2197 and 2396<br><br>Date: July 9, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court,<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this reply (the "**Reply**") in further support of the *Application Pursuant to 11 U.S.C. §§ 327 and 328 for an Order Authorizing Employment and Retention of Deloitte & Touche LLP as Independent Auditor and Advisor to the Debtors Nunc Pro Tunc to the Petition Date* [Docket No. 2197] (the "**Application**")[1] and in response to the *Limited Objection of the United States Trustee to the Application Pursuant to 11 U.S.C. §§ 327 and 328 for an Order Authorizing Employment and Retention of Deloitte & Touche LLP as Independent Auditor and Advisor to the Debtors Nunc Pro Tunc to the Petition Date* [Docket No. 2396] (the "**UST Objection**").

In support of the Reply, the Debtors submit the Supplemental Declaration of Timothy Gillam (the "**Supplemental Gillam Declaration**"), filed contemporaneously herewith.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings assigned to them in the Application.

## I. THE UST OBJECTION SHOULD BE OVERRULED

Pursuant to the Application, the Debtors are seeking to retain Deloitte & Touche LLP ("**Deloitte & Touche**") to provide valuable independent auditing and advisory services, including an integrated audit of the Debtors as required for a public reporting company in accordance with the standards of the Public Company Accounting Oversight Board ("**PCAOB**"). Deloitte & Touche has provided similar professional services to the Debtors since 1999 and has gained valuable institutional knowledge regarding the Debtors' finances and day to day operations. U.S. Trustee asserts in its objection that the Application fails to demonstrate that *nunc pro tunc* retention for Deloitte & Touche is warranted in these cases.[2] For the reasons set forth below, the Debtors believe that *nunc pro tunc* relief is warranted and appropriate, and that the UST Objection should be overruled.

### A. The Process by which the Debtors Have Submitted the Application and Sought Approval of Deloitte & Touche's Retention is Consistent with the Approach for All Other Professional Retentions in these Chapter 11 Cases

As has been stated numerous times, the size and complexity of these Chapter 11 Cases is unprecedented, and the assistance of numerous professionals is required to assist in their administration if a successful resolution and outcome is to be achieved. The Utility is one of the largest electricity and natural gas utilities in the United States, with approximately 16 million customers, some 24,000 employees, approximately $51.7 billion in prepetition liabilities on a book value basis, and potentially thousands of claims arising out of or relating to the tragic and catastrophic wildfires that occurred in Northern California in 2017 and 2018 – by many accounts, these Chapter 11 Cases represent one of the largest chapter 11 filings in U.S. history. A review of the docket in these Chapter 11 Cases reveals that, in the less than 6 months since the Petition Date, more than 3,000 docket entries appear on the case docket representing countless contested motions, objections, and other pleadings and nearly 15 in-person and telephonic hearings before the Court.

Recognizing the complexity of these Chapter 11 Cases, the Debtors proactively discussed the issue of professional retentions with the Court at the hearing on March 13, 2019. At that hearing, the

---

[2] The UST Objection also requested that any order granting the Application contain a provision prohibiting reimbursement for fees incurred in defense of fee applications. Contemporaneously herewith, the Debtors have filed a revised Proposed Order, which they believe resolves this issue.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Debtors suggested that, in light of the significant number of professionals whose services would likely be needed in the administration of these Chapter 11 Cases as well as the myriad of other ongoing issues in the cases, retention applications would be submitted for approval to the Court on a rolling basis, and the Court and the U.S. Trustee both agreed with this approach. *See* Hr'g Tr. (Mar. 13. 2019) 6:9-25; 7:1-23. Deloitte & Touche moved with deliberate speed to run the names of potential parties in interest through its various databases and provide adequate disclosure to the Court. Due to the size and complexity of these Chapter 11 Cases, this took time as did the preparation of the associated pleadings including this Application. There was no delay by Deloitte & Touche and the parties were relying on the statements made on the record regarding the appropriateness of rolling applications.

Other than with respect to Deloitte & Touche Application, the U.S. Trustee has not raised any issue with this approach throughout the pendency of the Chapter 11 Cases and the Debtors have worked cooperatively with the U.S. Trustee to review and file more than 12 professional retention applications on a rolling basis since the Petition Date.

The Deloitte & Touche Application was filed on May 22, 2019 and originally set for hearing on June 11, 2019.[3] Two other retention applications were filed by the Debtors at substantially the same time as the Application – the Debtors' application to retain employ KPMG LLP, as information technology, risk, and legal support consultants, which was filed on May 21, 2019 [Docket No. 2171], as well as their application to retain Morrison & Foerster LLP, as special regulatory counsel, which was filed on May 22, 2019 [Docket No. 2193]. Both of these applications were approved by the Court for *nunc pro tunc* relief to the Petition Date without objection from the U.S. Trustee. *See* Docket Nos. 2502 and 2503. Furthermore, two additional retention applications that sought *nunc pro tunc* relief to the Petition Date or shortly thereafter – each of which was filed approximately one month after Deloitte & Touche's Application on June 18, 2019 – were also approved for such relief without objection from the U.S. Trustee. *See* Docket Nos. 2591 and 2595. It is, therefore, unclear why the U.S. Trustee has singled out Deloitte & Touche and its Application for seeking this relief especially in light of the critical and

---

[3] The Application was initially noticed for hearing on June 12, 2019, but was rescheduled for June 11, 2019 by a docket order issued by the Court on June 6, 2019.

time sensitive nature of the independent auditing services that Deloitte & Touche has continued to provide to the Debtors in good faith during the pendency of the Chapter 11 Cases.

Courts in other jurisdictions have approved *nunc pro tunc* retention applications of similar or greater periods of time postpetition. *See, e.g., In re RDA Holding Co.* Case No. 13-22233 (RDD) [Docket Nos. 634 and 657] (approving retentions of Gibson, Dunn & Crutcher LLP, as special counsel to the Debtors, and Jones Lang LaSalle Brokerage, Inc., as exclusive broker to the Debtors, *nunc pro tunc* to the petition date approximately six and seven months postpetition, respectively); *In re Westinghouse Electric Company LLC, et al*. Case No. 17-10751 (MEW) [Docket Nos. 1299, 1300, and 1714] (approving retentions of Deloitte Financial Advisory Services LLP, as financial advisory services provider to the Debtors, and Deloitte Transactions and Business Analytics LLP, as valuation and discovery services provider to the Debtors, *nunc pro tunc* to the petition date approximately four months postpetition, and Ankura Consulting Group LLC, as special consultant to the Debtors, *nunc pro tunc* to the petition date approximately seven months postpetition); *In re TK Holdings Inc., et al.*, Case No. 17-11375 (BLS) [Docket No. 1362] (approving retention of Meunier Carlin & Curfman LLC, as special intellectual property counsel for the Debtors, *nunc pro tunc* to the petition date over five months postpetition); and *In re AMR Corporation, et al.*, Case No. 11-15463 (SHL) [Docket No. 2707] (approving retention of Sheppard Mullin Richter & Hampton LLP, as special counsel to the Debtors, *nunc pro tunc* to the petition date approximately five months postpetition).

Accordingly, in light of the significant number of professionals necessary to be retained, the size and complexity of these Chapter 11 Cases, and the agreed upon process for submitting retention applications on a rolling basis, the Debtors believe that extraordinary circumstances exist that warrant the requested *nunc pro tunc* relief.

### B. Deloitte & Touche Has Worked in Good Faith and the Services it Has Provided to the Debtors Postpetition Have Benefitted the Estates

Additionally, as stated in the Supplemental Gillam Declaration, since the Petition Date, Deloitte & Touche has worked in good faith with the Debtors and their counsel to identify the services that the Debtors believe are necessary to be continued post-petition, has run an extensive connections check, and

has assisted the Debtors in preparation of the Application and related materials, each of which took significant time and effort.

Immediately after the chapter 11 filing – before any retention application was filed – Deloitte & Touche continued to perform necessary work for its longstanding audit client. These services include, but are not limited to, the following:

- auditing the Debtors' financial statements as of and for the year ended December 31, 2018;
- auditing the internal control over financial reporting, as of December 31, 2018, contained within the Debtors' Form 10-K, which was filed on February 28, 2018;
- auditing the regulatory basis financial statements, as of and for the year ended December 31, 2018, of the Utility, contained within the Utility's Federal Energy Regulatory Commission Form 1;
- reviewing the Debtors' financial statements, as of and for the quarter ended March 31, 2019, contained within the Debtors' Form 10-Q, which was filed on May 2, 2019;
- performing procedures related to the 2019 financial statement and internal controls audit, including, (i) preliminary audit planning and risk assessment; (ii) testing significant transactions that occurred during the period; (iii) testing the adoption of the accounting standard related to companies in bankruptcy and the new accounting standard related to accounting for leases; and (iv) testing the design of internal controls; and
- performing an internal control assessment for the Debtors' in connection with their planned changes in information systems and related business processes for the PowerPlant Lease Accounting module.

Simply put, a substantial number of hours were spent on the Debtors' public filings since the Petition Date and Deloitte & Touche has continued to work in good faith since that time for the Debtors. As a result of these services, Deloitte & Touche has incurred approximately $640,000 through the end of May in postpetition fees and expenses. The work performed by Deloitte & Touche was necessary and time sensitive accounting and auditing work. All of this work is critical to the Debtors and their ongoing public company reporting requirements. Additionally, Deloitte & Touche has worked cooperatively with the Debtors to try to address questions raised by the U.S. Trustee and other parties in interest regarding the Application.

Accordingly, in light of the critical services that Deloitte & Touche has continued to provide to the Debtors and their estates since the Petition Date, the Debtors believe *nunc pro tunc* relief is warranted and appropriate here.

## II. CONCLUSION

For the reasons stated above, the Debtors request that the UST Objection be overruled and the relief requested in the Application be granted.

Dated: July 22, 2019
New York, NY

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/ *Matthew Goren*

*Attorneys for Debtors and Debtors in Possession*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119