WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors*
*and Debtors in Possession*



**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**In re:**

**PG&E CORPORATION,**

**- and –**

**PACIFIC GAS AND ELECTRIC COMPANY,**

**Debtors.**

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

** All papers shall be filed in the Lead Case No. 19-30088 (DM).*

Bankruptcy Case
No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administered)

**SUPPLEMENTAL DECLARATION OF TIMOTHY GILLAM IN SUPPORT OF THE APPLICATION OF DEBTORS FOR AUTHORITY TO RETAIN DELOITTE & TOUCHE LLP FOR INDEPENDENT AUDIT AND ADVISORY SERVICES *NUNC PRO TUNC* TO THE PETITION DATE**

Related: Docket No. 2197

Date: July 24, 2019
Time: 9:30 a.m. (Pacific Time)
Place: United States Bankruptcy Court,
Courtroom 17, 16th Floor
San Francisco, CA 94102

I, Timothy Gillam, under penalty of perjury, declares as follows:

1. I am a partner of the firm of Deloitte & Touche LLP ("**Deloitte & Touche**"), which has an office at 555 Mission Street, Suite 1400, San Francisco, California 94105. I am duly authorized to make and submit this supplemental declaration (the "**Supplemental Declaration**") on behalf of Deloitte & Touche as independent auditor and advisor for PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**" and together with PG&E Corp., the "**Debtors**") in further support of the *Application of Debtors for Authority to Retain Deloitte & Touche LLP for Independent Audit and Advisory Services* Nunc Pro Tunc *to the Petition Date* (the "**Application**").[1]

**_Nunc Pro Tunc_ Relief is Warranted**

2. The employment of Deloitte & Touche *nunc pro tunc* to the Petition Date is warranted under the circumstances of these Chapter 11 Cases so that Deloitte & Touche may be compensated for the services it has performed for the Debtors since the Petition Date. Since the Petition Date, Deloitte & Touche has worked in good faith with the Debtors and their counsel to identify the services that the Debtors believe are necessary to be continued post-petition, has run an extensive connections check, has prepared this Declaration and assisted the Debtors in preparation of the Application, and has worked with the Debtors to respond to questions from the U.S. Trustee and other parties on the Application and Deloitte & Touche's retention.

3. Immediately after the chapter 11 filing – before any retention application was filed – Deloitte & Touche continued to perform necessary work for its longstanding audit client. These services include, but are not limited to, the following:

- auditing the Debtors' financial statements as of and for the year ended December 31, 2018;
- auditing the internal control over financial reporting, as of December 31, 2018, contained within the Debtors' Form 10-K, which was filed on February 28, 2018;

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

- auditing the regulatory basis financial statements, as of and for the year ended December 31, 2018, of the Utility, contained within the Utility's Federal Energy Regulatory Commission Form 1;
- reviewing the Debtors' financial statements, as of and for the quarter ended March 31, 2019, contained within the Debtors' Form 10-Q, which was filed on May 2, 2019;
- performing procedures related to the 2019 financial statement and internal controls audit, including, (i) preliminary audit planning and risk assessment; (ii) testing significant transactions that occurred during the period; (iii) testing the adoption of the accounting standard related to companies in bankruptcy and the new accounting standard related to accounting for leases; and (iv) testing the design of internal controls; and
- performing an internal control assessment for the Debtors' in connection with their planned changes in information systems and related business processes for the PowerPlant Lease Accounting module.

4. Simply put, a substantial number of hours were spent on the Debtors' public filings since the Petition Date and Deloitte & Touche has continued to work in good faith since that time for the Debtors. As a result of these services, Deloitte & Touche has incurred approximately $640,000 through the end of May in postpetition fees and expenses. The work performed by Deloitte & Touche was necessary and time sensitive accounting and auditing work. All of this work is critical to the Debtors and their ongoing public company reporting requirements. Additionally, Deloitte & Touche has worked cooperatively with the Debtors to try to address questions raised by the U.S. Trustee and other parties in interest regarding the Application.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 22 2019
San Francisco, California

Timothy Gillam
Partner
Deloitte & Touche LLP

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119