**Exhibit A-2**

**Revised Proposed Order - Redline**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**[PROPOSED] ORDER PURSUANT TO 11 U.S.C. § 327 AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORIZING THE RETENTION AND EMPLOYMENT OF DELOITTE & TOUCHE LLP FOR INDEPENDENT AUDIT AND ADVISORY SERVICES FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE** |

Upon the Application, dated May 22, 2019 (the "**Application**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 327 and 328 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), requesting authority to retain and employ Deloitte & Touche LLP ("**Deloitte & Touche**") as independent auditor and advisor for the Debtors effective as of the Petition Date, all as more fully set forth in the Application; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Application as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application, the Gillam Declaration, and the Supplemental Gillam Declaration; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as provided herein.

2. The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, to retain and employ Deloitte & Touche as their

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

Weil, Gotshal & Manges LLP
~~767~~ Fifth Avenue
New York, NY 10153-0119

independent auditor and advisor in these Chapter 11 Cases in accordance with the terms and conditions set forth in the Engagement Agreements to perform the Services as contemplated in the Application, effective as of the Petition Date.

3. If the Debtors and Deloitte & Touche enter into any additional agreements for the provision of additional services by Deloitte & Touche, Deloitte &Touche and the Debtors will seek separate retention orders with regard to any such additional agreements.

4. Notwithstanding anything to the contrary contained herein or in the Application or the Engagement Agreements, Deloitte & Touche shall file interim and final fee applications for allowance of compensation and reimbursement of out-of-pocket expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, effective February 19, 2014 (the "**Local Guidelines**"), the U.*S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, effective January 30, 1996 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 701], and any further Orders of the Court in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses (the "**Orders**").

5. Notwithstanding the prior paragraph, the fixed fees payable to Deloitte & Touche pursuant to the Engagement Agreements are hereby approved as reasonable and shall be (i) compensated and reimbursed pursuant to the Bankruptcy Code in accordance with the terms of the Engagement Agreements, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and the Orders and (ii) subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except that the U.S. Trustee may review such compensation under sections 330 and 331 of the Bankruptcy Code and the Court retains jurisdiction to consider the U.S. Trustee's response or objection to Deloitte & Touche's interim

and final fee applications on all grounds, including, but not limited to, reasonableness pursuant to section 330 of the Bankruptcy Code.

6. Deloitte & Touche shall include in its fee applications, among other things, time records setting forth a summary description of the services rendered by each professional, with the exception of clerical staff, and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors in one-half hour (0.5) increments.

7. Notwithstanding anything in the Engagement Agreements to the contrary, Deloitte & Touche shall not be entitled to charge the Debtors for fees incurred in connection with the defense of any objection filed regarding its fee applications in these chapter 11 cases.

8. ~~7.~~ Deloitte & Touche shall provide reasonable notice to the Debtors and the U.S. Trustee of any increase of the hourly rates listed in the Gillam Declaration and the U.S. Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

9. ~~8.~~ The indemnification, contribution, and reimbursement provisions set forth in certain of the Engagement Agreements are approved, *provided, however,* that with respect to the Services performed from the Petition Date to the effective date of any chapter 11 plan of the Debtors the indemnification, contribution, and reimbursement provisions set forth in such Engagement Agreements are subject to the following terms:

    a. Deloitte & Touche shall not be entitled to indemnification, contribution or reimbursement for services other than the services provided under the Engagement Agreements, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court; and

    b. Notwithstanding any provisions of the Engagement Agreements to the contrary, the Debtors shall have no obligation to indemnify Deloitte & Touche or provide contribution or reimbursement to Deloitte & Touche for any claim or expense that is judicially determined (the determination having become final) to have arisen from Deloitte & Touche's bad faith, negligence, or willful misconduct.

10. ~~9.~~ To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

11. ~~10.~~ The Debtors are authorized to take all steps necessary or appropriate to carry out

this Order.

12. ~~11.~~ This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **