# EXHIBIT 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Northern__ District of __California__

In re __PG&E Corporation and Pacific Gas and Electric Co.__
          Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __19-30088 (DM) (Jointly Administered)__

Chapter __11__

_____
          Plaintiff
          v.

Adv. Proc. No. _____

_____
          Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Custodian of Records of BrownGreer PLC__
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: As described in Exhibit A, attached.

| PLACE | DATE AND TIME |
|---|---|
| Weil, Gotshal & Manges LLP   Attn: Peter D. Isakoff, Esq.<br>2001 M St. NW #600<br>Washington, DC 20036 | 9:30 a.m. (EDT) on July 31, 2019 |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __July 23, 2019__

CLERK OF COURT

_____    OR    _____
*Signature of Clerk or Deputy Clerk*                        *Attorney's Signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* PG&E Corporation & Pacific Gas and Electric Company , who issues or requests this subpoena, are:

Peter J. Benvenutti, Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco, California, 94108, pbenvenutti@kellerbenvenutti.com, (415) 364-6798

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

# DEFINITIONS

1. **"BrownGreer PLC"** and/or **"BrownGreer"** refers to the claims administration firm that has been appointed pursuant to Case Management Order 5 in the California North Bay Fire Cases to "collect and organize case-specific information of common interest to plaintiffs' counsel in a central repository to facilitate and track compliance with previously established Case Management Orders in that case". *Declaration of Philip R. Strunk in Support of Objection of the Official Committee of Tort Claimants to Motion of the Debtors for Order (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors (DKT. No. 1784)* (Dkt. 2306-6, at ¶ 4).

2. **"BrownGreer Portal"** refers to an online repository that was used previously in the state court proceedings (JCCP No. 4955 California North Bay Fire Cases), and now as part of these Chapter 11 Cases, to store plaintiff-specific damages and claims-related information, uploaded by law firms representing individual claimants related to their wildfire-related claims.

3. **"Chapter 11 Cases"** means the cases initiated by the Debtors on January 29, 2019, under chapter 11 of the Bankruptcy Code (Bankruptcy Case Nos. 19-30088 (lead case) and 19-30089), as well as all other associated actions, cases, and proceedings in the Bankruptcy Court, including, without limitation, Bankruptcy Case Nos. 19-03003, 19-03005, 19-03006, 19-03006, 19-03008, 19-03015, 19-03037, and 19-03039.

4. **"Communications"** means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in the control or custody of BrownGreer.

5. **"Debtors"** means Debtor Pacific Gas & Electric Company and Debtor PG&E Corporation, both collectively and individually as a single Debtor.

6. **"Documents"** means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) all documents and

information in BrownGreer's possession, custody, or control, and includes: all and any written, recorded, or graphic material, however produced or reproduced, minutes, summaries, memoranda, transcripts, tapes, or other voice recordings, and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, files, interoffice memoranda, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, inventory sheets, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof. If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (*i.e.*, to be understood as "including without limitation") and in no way limits or narrows the scope of any request. "Documents" always include Communications, whether so-stated in a particular Request or not.

   7.  "**Electronically Stored Information**" or "**ESI**" means the following types of electronic data and data compilations in the custody and/or control of BrownGreer:

    a.  All electronic mail and information about electronic mail sent or received by BrownGreer;

    b.  All databases containing and/or referencing information;

    c.  All activity logs on any computer system which may have been used to process or store electronic data containing information;

    d.  All word processing files and file fragments, including metadata, containing information about the below listed topic;

e. All electronic data files and file fragments created by application programs that process information requested herein;

f. All electronic data files and file fragments from electronic calendars and scheduling programs that contain information about the below listed topic; and

g All audio and video recordings sent, received or stored by BrownGreer that contain, reference or otherwise identify information about the below listed topic.

# INSTRUCTIONS

1. All Documents and ESI described below shall be made available in the same manner in which they are made available to the individual law firms who currently have access to the BrownGreer Portal, including via authorized usernames and secure login passwords which shall be provided to Debtors to access the BrownGreer Portal.

2. The following rules of construction apply to all Requests:

   a. The terms "any," "all," "each," and "every" should be understood in either their most or least inclusive sense as necessary to bring within the scope of a Request all information that might otherwise be construed to be outside of its scope.

   b. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a Request all information that might otherwise be construed to be outside of its scope.

   c. The terms "concern," "concerning," "relate," and "relating to" shall be construed as broadly as possible and shall mean and include, without limitation, constituting, comprising, setting forth, summarizing, reflecting, stating, supporting, weakening, describing, recording, noting, embodying, mentioning, studying, analyzing, discussing, or evaluating, directly or indirectly.

3. Produce all Documents described below which are in Your possession, custody, or control, including those Documents in the possession, custody, or control of Your present or former attorneys or counsel, advisors, investigators, accountants, employees or other agents, as well as any other Person(s) acting on Your behalf, wherever located and in whatever form they may exist.

4. Produce all Documents in their entirety, without deletion or excision, and along with any attachments, regardless of whether You consider the entirety of any such Documents or attachments to be responsive to any Request.

5. All Documents produced shall be Bates stamped to facilitate identification and future reference.

6. In objecting to any Request, identify the specific grounds for the objection and the part of the Request objected to, and shall state with specificity which Documents will be withheld and which Documents will be produced notwithstanding such objection.

7. If any Document responsive to these Requests is withheld or redacted by You under a claim of privilege, provide a privilege log describing the basis for the claim of privilege and all information necessary for the Debtors and the Court to assess the claim of privilege. The privilege log shall include the following:

    a. Specific grounds for the claim of privilege;

    b. The date of the privileged communication;

    c. The Persons involved in the privileged communication;

    d. A description of the subject matter of the privileged communication in sufficient detail to assess the claim of privilege; and

    e. The Request(s) to which the privileged information is responsive.

8. If in answering these Requests You claim any ambiguity in interpreting either a request or a Definition or Instruction applicable thereto, such claim shall not be utilized by You as a basis for refusing to respond, but You shall set forth as part of Your response to such Request the language deemed to be ambiguous and the interpretation chosen to be used in responding to the Request.

9. If You are unable to answer or respond fully to any Request, answer or respond to the extent possible and specify the reason(s) for Your inability to answer or respond in full. If You have no Documents responsive to a particular Request, so state.

10. If any responsive Document has been destroyed, set forth the contents of the Document, the reason for and date of its destruction, the name of the person who authorized its destruction, and the Request(s) to which it was responsive. If any responsive Document is otherwise not available or accessible in the full detail requested, provide sufficient explanation of the reasons therefor, as well as all Documents available or accessible.

11. These Requests are continuing in nature, such that a supplemental response is required if and when You discover, obtain, or recollect other or further information responsive to any Request.

In addition, You must amend the answer to any Request if and when You discover or ascertain that the answer was incorrect when made or that the answer is no longer correct.

**DOCUMENT REQUESTS**

1. All Documents and ESI contained in and/or accessible through the BrownGreer Portal.