WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                  Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>\* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11 (Lead Case) (Jointly Administered)<br><br>**MOTION TO REDACT DOCUMENTS FILED IN SUPPORT OF CPSI AGREEMENT ASSUMPTION MOTION**<br><br>**(THE "CPSI REDACTION MOTION")**<br><br>[No Hearing Requested] |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to sections 105(a) and 107(c) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 1001-2(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**") and the *New District Wide Procedures for Electronically Filing Sealed and Redacted Documents* adopted by the United States Bankruptcy Court for the Northern District of California (the "**Local Procedures**"), for entry of an order (a) authorizing the Debtors to redact the names of natural persons contained in **Exhibit B** to the Motion and the addresses of those persons (the "**Personal Information**") to the *Second Omnibus Motion of the Debtors Pursuant to 11 U.S.C § 365(a), Fed. R. Bankr. P. 6006, and B.L.R. 6006-1 (i) Approving the Utility's Assumption of Contracts in Connection with the Community Pipeline Safety Initiative and (ii) Granting Related Relief* (the "**CPSI Assumption Motion**")[1] from the CPSI Assumption Motion and any other document filed publicly in connection with the CPSI Assumption Motion (collectively, the "**Motion Documents**") and (b) directing that the unredacted copies of the Motion Documents provided to the Court shall remain under seal and confidential and not be made available without the consent of the Debtors or further order from the Court. The Debtors propose to share, on request, unredacted copies of the Motion Documents containing Personal Information with (i) the U.S. Trustee on a strictly confidential basis and (ii) counsel and financial advisors to the Creditors Committee and the Tort Claimants Committee on a strictly confidential and "professionals' eyes only" basis.

In support of the Motion, the Debtors submit the Declaration of Joe Echols (the "**Echols Declaration**"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein is being uploaded concurrently herewith in accordance with the Local Procedures (the "**Proposed Order**").

---

[1] Capitalized terms used but not defined in this Motion shall have the meaning used in the CPSI Assumption Motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal. Feb. 22, 2016), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

## III. THE CPSI AGREEMENTS

The Debtors have included the complete list of CPSI Agreements to be assumed pursuant to the CPSI Assumption Motion as an exhibit thereto. Specifically, **Exhibit B** to the CPSI Assumption Motion and **Schedule 1** to the Proposed Order on the CPSI Assumption Motion contain the following information: (i) the names of the parties to the CPSI Agreements; (ii) the type of each CPSI Agreement; (iii) whether each CPSI Agreement is a Vegetation or Structure Agreement; (iv) the monetary and non-monetary compensation to be provided under each CPSI Agreement; and (v) the date each CPSI

Agreement was executed. Out of concern for the privacy and safety of participating property owners, the Debtors seek to avoid publicly disclosing the names and addresses of the counterparties on **Exhibit B** to the CPSI Assumption Motion or other publicly filed Motion Documents where their names and addresses appear, including on the certificates of service filed by PrimeClerk in relation to the Motion and any order entered by the Court in respect of the Motion. Although the Personal Information may otherwise be publicly available in other contexts and filings, disclosure of the Personal Information in the Motion Documents will directly connect their names and addresses to the CPSI program and may give rise to the harm discussed below.

As set forth in the Motion, the Debtors are seeking authority to assume certain agreements entered into with landowners in connection with the CPSI program, which agreements provide the Utility necessary access to land on which the Utility's gas transmission pipelines are located to carry out critical vegetation removal and other clearing projects. *See* Echols Declaration ¶ 4. The projects carried out as part of the CPSI program occasionally require that trees and other vegetation be cleared or otherwise removed to ensure the Utility and emergency services providers can access the Utility's gas transmission pipelines, making the program a potential target of activists in the communities in which the projects are carried out. *See id.* On several occasions in the past, the publicly disclosed information of participants in the CPSI program has been used by activists to make unsolicited contact with those property owners in an effort to discourage them from participating in the CPSI program. *See id.*

### IV. BASIS FOR RELIEF REQUESTED

Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(c) of the Bankruptcy Code further provides:

> (1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.

(B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c).

The Personal Information clearly falls within the definition of "any means of identification" in section 107(c)(1)(A). "Means of identification" is defined by section 1028(d)(7) of title 18 of the United States Code as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual…including any name." Further to this, the effect of section 107(c)(1)(B) is to expand the scope of information which may be protected from disclosure to any other information in a paper which contains a means of identification. *In re Motions Seeking Access to 2019 Statements,* 585 B.R. 733, 750 (D. Del. 2018). In *2019 Statements*, the District Court for the District of Delaware upheld a bankruptcy court's order to restrict access to the 2019 Exhibits filed in that case containing information regarding asbestos claimants to protect the names, addresses, social security numbers, and medical information contained therein, and rejected an application for access to the protected information for unspecified lobbying efforts by the applicants. The District Court noted that the courts below considered the risk to the privacy of the individuals that disclosure would cause: "the privacy issue is an important issue as most of these claimants are, frankly, elderly. They don't want to be harassed by third parties. They don't want to be harassed by insurance companies who aren't paying. They don't want to be harassed by so-called investment advisers. They signed up, not to have their social security numbers and their disease spread around the country or to their neighbors or anyone else." *Id* (internal quotation marks omitted). The District Court confirmed that a risk to privacy interests is an "unlawful injury" for the purposes of section 107(c) of the Bankruptcy Code, and even if steps were taken to "reduce[] the risk of identity theft or other injury" through the redaction of medical records and all but the last four digits of social security numbers, it did not "eliminate these risks." *2019 Statements,* 585 B.R. at 753. Courts have also permitted the use of pseudonyms to avoid an individual's name being associated with their mental illness on the basis that it would likely be detrimental to future employment opportunities. *In re L.K.*, No. 1-05-13887-dem, 2009 WL 1955455, at *2 Bankr. E.D.N.Y. July 6, 2009).

Here, the Debtors seek to protect individuals from the risk of unsolicited contact that may be perceived as intrusive or harassing as a result of their participation in the CPSI program. In light of past events demonstrating the risk of unwanted contact and intrusion into the privacy of the CPSI Counterparties, the Debtors believe that they have satisfied their burden under Section 107(c). *See 2019 Statements,* 585 B.R. at 751 (noting that Section 107(c) only requires identifying a risk of unlawful injury).

Further, in balancing the risk of harm with transparency, the Debtors are prepared to file unredacted copies of the Motion Documents with the Court under seal according to the Local Procedures and propose to share, on request, unredacted copies of the Motion Documents with (i) the U.S. Trustee on a strictly confidential basis and (ii) counsel and financial advisors to the Creditors Committee and the Tort Claimants Committee on a strictly confidential and "professionals' eyes only" basis.

## V. NOTICE

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; (xii) each counterparty to the CPSI Agreements; and (xiii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: July 24, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: */s/ Jessica Liou*
Jessica Liou

*Attorneys for Debtors
and Debtors in Possession*