Jennifer Machlin Cecil (SBN#294806)
Jcecil@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

David Neier (*admitted pro hac vice*)
dneier@winston.com
WINSTON & STRAWN LLP
200 Park Avenue, 40th Floor
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

*Attorneys for First Solar, Inc.
and Willow Springs Solar 3, LLC*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors. | Bankruptcy Case No. 19 - 30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**MOTION OF FIRST SOLAR, INC. PURSUANT TO 11 U.S.C. §§ 105(a) AND 107(b) AND FRBP 9018 FOR ENTRY OF AN ORDER AUTHORIZING THE FILING OF AN AGREEMENT UNDER SEAL** |
| ☐ Affects PG&E Corporation<br><br>☒ Affects Pacific Gas and Electric Company<br><br>☐ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | **Hearing Date:** **August 28, 2019**<br>**Time:** **9:30 a.m. (P.T.)**<br><br>Courtroom: Hon. Dennis Montali<br>450 Golden Gate Avenue<br>16th Floor, Courtroom 17<br>San Francisco, CA 94102<br><br>**Objections Due: August 21, 2019, 4:00 (P.T.)** |

First Solar, Inc. ("First Solar") by and through its undersigned counsel, submits this motion (this "Sealing Motion"), pursuant to Sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 1001-2(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "Bankruptcy Local Rules"), and the *New District Wide Procedures for Electronically Filing Sealed and Redacted Documents* adopted by the United States Bankruptcy Court for the Northern District of California (the "Local Procedures"), for entry of an order authorizing First Solar to file under seal the Power Purchase Agreement (the "PPA") between Willow Springs Solar 3, LLC ("Willow Springs 3"), a wholly-owned subsidiary of First Solar, on the one hand, and Pacific Gas and Electric Company ("PG&E," and together with PG&E Corporation, the "Debtors"), related to First Solar's *Motion for Entry of an Order Confirming Safe Harbor Protection Under 11 U.S.C. §§ 362(b)(6) and 556* (the "Safe Harbor Motion") filed contemporaneously herewith and directing that the PPA will remain under seal and confidential and not be made available to anyone without the consent of First Solar and the other parties to the PPA or further order from the Court. A proposed form of order is attached hereto as Exhibit A, in accordance with the Local Procedures (the "Proposed Order").

The Safe Harbor Motion is substantially similar to the *Motion and Memorandum of Enel Green Power North America for Entry of an Order Confirming Safe Harbor Protection under 11 U.S.C. §§ 362(b)(6) and 556.* [Docket No. 481] and the *Motion and Memorandum of Esvolta, LP for Entry of an Order Confirming Safe Harbor Protection Under* 11 *U.S.C. §§ 362(b)(6) and 556* [Docket No. 977], which motions requested substantially similar relief. Both of those motions were accompanied by motions to seal their confidential agreements with PG&E. *See* Docket Nos. 483, 974. In support of the Sealing Motion, First Solar respectfully represents the following:

## JURISDICTION

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges,* General Order 24 (N.D. Cal.), and 5011-l(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "Bankruptcy Local Rules").

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for this motion are 11 U.S.C. §§ 362(b)(6) and 556, Rule 4001(a)(l) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Bankruptcy Local Rule 4001-1.

## PRELIMINARY STATEMENT

3. Along with this Sealing Motion, First Solar has contemporaneously filed the Safe Harbor Motion to request an order confirming that the safe harbor protections under sections 362(b)(6) and 556 of the Bankruptcy Code apply to allow Willow Springs 3 to enforce its contractual rights under the PPA, including its right to terminate the PPA. First Solar and Willow Spring 3 agreed with PG&E to stringent confidentiality clauses in the PPA. Accordingly, First Solar and Willow Springs 3 respectfully request that the Court allow them to submit the PPA under seal so that the matter of safe harbor protection can be adequately adjudicated without violating the confidence of the parties to the PPA regarding the terms of their agreement.

## FACTS

4. First Solar is a Delaware corporation headquartered in Tempe, Arizona and is a leading global provider of comprehensive photovoltaic ("PV") solar systems which use its advanced module and system technology. First Solar's subsidiary, Willow Springs 3, is a Delaware limited liability company headquartered in San Francisco, California.

5.  PG&E and Willow Springs 3 are parties to the PPA. The PPA generally provides that Willow Springs 3 will construct a 75 megawatt ("MW") PV facility to sell power to PG&E with an expected delivery date of January 31, 2021 and an outside delivery date of July 31, 2021. The PPA contains confidential and commercially sensitive information.

6.  The PPA contains an extensive confidentiality provision that provides in relevant part that "[n]either Party shall disclose the non-public terms or conditions of this Agreement (the 'Confidential Information') to a third party." PPA §10.7.

7.  Because the PPA contains sensitive and confidential commercial information, First Solar and Willow Springs 3 respectfully request that the Court permit the PPA to be filed under seal so as to ensure that the PPA is not publicly disclosed in violation of their confidentiality provisions.

## LEGAL ARGUMENT

8.  Pursuant to section 105(a) of the Bankruptcy Code, the Court is allowed to "issue any order ... that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Code section 107(b) provides that, "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may ... [p]rotect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b).

9.  An entity seeking protection under Section 107(b) need only show that the information it seeks to seal is "confidential" and "commercial" in nature. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). Commercial information has been defined as information that would produce "an unfair advantage to competitors by providing them with information as to the commercial operations" of the entity seeking protection. *In re Itel Corp.*, 17 B.R. 942, 944 (9th Cir. B.A.P. 1982). Commercial information does not need to be a trade secret to fall

under Section 107(b)'s protection. *See Orion Pictures Corp.*, 21 F.3d at 28 (finding that § 107(b) was carefully drafted to avoid merging "trade secrets" with "confidential commercial information").

10. Under the Bankruptcy Rules, the Court is similarly authorized to "make any order which justice requires ... to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. Similarly, the Local Procedures require that a request to file under seal be narrowly tailored to sealable materials. *New District Wide Procedures for Electronically Filing Sealed and Redacted Documents*.

11. Because the PPA contains confidential commercial information within the scope of Bankruptcy Code section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Court should grant the Sealing Motion.

12. The PPA is the product of extensive good faith negotiations between PG&E and First Solar, and public disclosure of the PPA would cause substantial harm to both parties and create an unfair advantage for potential competitors seeking to enter into similar agreements. The PPA contains highly sensitive commercial information and is subject to robust confidentiality provisions negotiated and agreed between PG&E and First Solar. Disclosure of this information would put the parties at a competitive disadvantage by constraining their ability to negotiate capacity storage agreements in future transactions. Further, compelling public disclosure of the PPA could have a chilling effect that discourages other potential transaction counterparties from entering into similar agreements with the parties in the future.

## **NOTICE**

Notice of this motion is being provided in accordance with the *Second Amended Order Implementing Certain Notice and Case Management Procedures*, entered on May 14, 2019 [Docket No. 1996].

## CONCLUSION

For the foregoing reasons, the Court should issue an order (i) granting this Sealing Motion; (ii) authorizing First Solar to file the PPA under seal; and (iii) granting such other and further relief as is just and proper.

Dated: July 25, 2019                    WINSTON & STRAWN LLP

                                        By:  /s/ Jennifer Machlin Cecil
                                             Jennifer Machlin Cecil (SBN#294806)
                                             David Neier (*admitted pro hac vice*)

                                             *Attorneys for First Solar, Inc.*
                                             *and Willow Springs Solar 3, LLC*

**Exhibit A**

**Proposed Order**

Jennifer Machlin Cecil (SBN#294806)
Jcecil@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

David Neier (*admitted pro hac vice*)
dneier@winston.com
WINSTON & STRAWN LLP
200 Park Avenue, 40th Floor
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

*Attorneys for First Solar, Inc.
and Willow Springs Solar 3, LLC*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| In re:<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors. | Bankruptcy Case No. 19 - 30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**[PROPOSED] ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 107(b) AND FRBP 9018 AUTHORIZING FIRST SOLAR, INC. TO FILE AN AGREEMENT UNDER SEAL** |
|---|---|
| ☐ Affects PG&E Corporation<br><br>☒ Affects Pacific Gas and Electric Company<br><br>☐ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | **Hearing Date:** **August 28, 2019**<br>**Time:** **9:30 a.m. (P.T.)**<br><br>Courtroom: Hon. Dennis Montali<br>450 Golden Gate A venue<br>16th Floor, Courtroom 17<br>San Francisco, CA 94102<br><br>**Objections Due: August 21, 2019, 4:00 (P.T.)** |

Upon the motion of First Solar, Inc. ("First Solar"), for entry of an order pursuant to Sections 105(a) and 107(b) of the Bankruptcy Code1 and Rule 2018 of the Bankruptcy Rules for authority to file the PPA under seal, all as more fully set forth in the Motion to File Under Seal;[1] and this Court having jurisdiction to consider the Sealing Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges,* General Order 24 (N.D. Cal.) and Bankruptcy Local Rule 5011-l(a); and consideration of the Sealing Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Sealing Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Sealing Motion; and this Court having determined that that the legal and factual bases set forth in the Sealing Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Sealing Motion is granted.

2. First Solar is hereby authorized to file the PPA under seal.

3. The PPA shall remain under seal, and shall not be made available to anyone without the consent of First Solar, Inc. and the other parties to the PPA, except that copies shall be provided to the Court on a strictly confidential basis.

4. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Safe Harbor Motion and the Sealing Motion.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**\*\*END OF ORDER\*\***