# EXHIBIT A

Robert A. Julian (SBN 99469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone:    628.208.6434
Facsimile:    310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone:   310.442.8875
Facsimile:   310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>   **-and-**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**EX PARTE APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR ORDERS AUTHORIZING PRODUCTION OF DOCUMENTS**<br><br>Date:<br>Time:  4:00 p.m. (Pacific Time)<br>Place:  Robert Julian<br>        Baker & Hostetler LLP<br>        Levi's Place<br>        1160 Battery Street East, Ste. 100<br>        San Francisco, CA 94111 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

The Official Committee of Tort Claimants (the "**TCC**"), by and through its undersigned counsel, hereby submits this Ex Parte Application Pursuant to Bankruptcy Rule 2004 for Orders Authorizing Production of Documents (the "**Application**") to secure orders requiring PG&E Corp. and Pacific Gas and Electric Company (collectively, the "**Debtors**" or "**PG&E**") to produce documents as set forth in **Appendix A**, attached hereto.

The TCC represents the largest stakeholders in the case, the victims of the fires caused by the Debtors' equipment and electrical system practices. The TCC contends that the Debtors' third-party contractors are or may be liable to the Debtors and the fire victims for the fire victims' losses and resulting claims against the Debtors, and that the Debtors are not pursuing such claims. The claims against the third-party contractors and recoveries from the contractors and their insurers may supplement the Debtors' assets and serve as a source of payment of the fire claims.

Bankruptcy Rule 2004 permits discovery of the acts, conduct, or property of the Debtors, or to any matter which may affect the administration of the estate, including the existence of potential claims for relief and sources of recovery against the Debtors' third-party contractors who are or may be liable to the Debtors and the fire victims for their losses. By this 2004 Application, the TCC seeks discovery of the identity of the third-party contractors who: (1) inspected, repaired, constructed, maintained and/or evaluated the electrical distribution lines or electrical transmission systems located at the area identified by Cal Fire as the origin of the Fire (as defined in Appendix A); (2) inspected, trimmed, removed, maintained, managed, and/or evaluated—or agreed to inspect, trim, remove, maintain, manage, and/or evaluate—the vegetation along the electrical distribution lines and electrical transmission systems at any area identified by Cal Fire as the area of origin for the Fires; and/or, (3) provided any Risk Assessment (as defined in Appendix A) with regard to any portion of the electrical distribution line or electrical distribution system, including towers, located at the area identified by Cal Fire as the origin of the Fires. The TCC also requests copies of any insurance policies that may provide coverage for claims arising from the work the third-party contractors performed. This discovery is proper and necessary for the TCC to fulfill its obligations to investigate and evaluate claims against the Debtors' third-party contractors and the existence of their insurance policies that the Debtors may

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

use to pay fire claims in this case. During the Continued § 341 Meeting of Creditors in this case that occurred on April 29, 2019, the Debtors' representative testified that the Debtors have not conducted any valuation of claims against third-parties arising out of the fires. Hence such an evaluation is necessary and the TCC is eager to evaluate and identify the claims against the third party contractors that will add value to the estate.

### TIME AND PLACE FOR PRODUCTION

The requested date of the document production is fifteen (15) days from entry of an order granting the Application.  Bankruptcy Rule 2004(d) provides as follows:

> (d) Time and Place of Examination of Debtor.  The court may for cause shown and on terms as it may impose order the debtor to be examined under this rule at any time or place it designates, whether within or without the district wherein the case is pending.

These dates are a reasonable time after the anticipated date of entry.

### NO PRIOR REQUEST FOR RELIEF

No previous application for the relief sought herein has been made to this Court.  The TCC reserves the right to conduct further depositions and other discovery, or otherwise, as appropriate.

### CONCLUSION

On April 28, 2019, Counsel for the TCC held a pre-filing telephonic meet and confer with Debtors' counsel on this Application. In subsequent email correspondence, Debtors' counsel stated that the Debtors had no objection to Requests 1-24, inclusive of subparts, and Request 25(a), (b), and (f); and the Debtors objected to Request 25 (c), (d), (e), (g), and (h).

Accordingly, this Application is properly made on an ex parte basis under Local Rule 2004-1(a) and the TCC respectfully requests this Court immediately take notice of the Application and enter an order in substantially the form attached hereto as **Appendix B**, granting the relief requested herein, and such other and further relief as may be just.

1    Dated: April 30, 2019

2                                                      BAKER & HOSTETLER LLP

3                                                      By:    /s/ Robert A. Julian
4                                                             Robert Julian

5                                                      *Attorneys for The Official Committee of Tort
                                                       Claimants*
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

1

2

3

4

5

6

7

8                                    **APPENDIX A**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Pursuant to Rules 2004 and the Northern District Bankruptcy Local Rules, the TCC requests that Debtors produce the following documents, electronically stored information, and tangible things in their possession, custody, or control for inspection within fifteen (15) days from entry of an order granting the Application, and copying undersigned counsel at the offices of Baker & Hostetler LLP, c/o Robert A. Julian, 1160 Battery Street East, Suite 100, San Francisco, CA 9411, using the Definitions and Instructions below.

## DEFINITIONS

1. "And/Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

2. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

3. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

4. The term "Debtors" means Debtor Pacific Gas & Electric Company, and also Debtor PG&E Corporation, both collectively, and individually as a single Debtor.

5. The terms "Document," "document," "electronically stored information," and "tangible things" are defined to be synonymous in meaning and equal in scope to the usage of these terms in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations, and specifically including e-mails. A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "Electrical Services" means to have inspected, constructed, repaired, maintained, tested, removed, replaced, and/or designed any distribution and/or transmission line, specifically including the actual lines, the poles and/or towers and any equipment located on any pole and/or tower.

7. The term "Fires" means the following fires, both collectively, and individually as a Fire:

    a. Abode Fire

- 1 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1         b.   Atlas Fire

2         c.   Blue Fire

3         d.   Camp Fire

4         e.   Cascade Fire

5         f.   Cherokee Fire

6         g.   Honey Fire

7         h.   LaPorte Fire

8         i.   Lobo Fire

9         j.   Maacama Fire

10         k.   McCourtney Fire

11         l.   Norrbom Fire

12         m.  Nuns Fire

13         n.   Oakmont Fire

14         o.   Partrick Fire

15         p.   Pocket Fire

16         q.   Point Fire

17         r.   Potter Valley Fire

18         s.   Pressley Fire

19         t.   Redwood Fire

20         u.   Sullivan Fire

21         v.   Sulphur Fire

22         w.  Tubbs Fire

23         x.   37 Fire

24      8.     The term "Third-Party Contractor" means any individual (who is not an employee

25 of the Debtors) or entity that, on behalf of the Debtors, or at the request of the Debtors:

26         a.   inspected, repaired, constructed, maintained and/or evaluated electrical

27             distribution lines, specifically including, but not limited to the lines themselves

28             and/or all poles and equipment located on the poles, or electrical transmission

lines , specifically including the lines themselves, the towers or poles, and all equipment located on the towers or poles, located within the area identified by Cal Fire as the origin of the relevant Fire(s);

b. inspected, trimmed, removed, maintained, managed, and/or evaluated—or agreed to inspect, trim, remove, maintain, manage, and/or evaluate—the vegetation along the electrical distribution lines, specifically including, but not limited to the lines themselves and/or all poles and equipment located on the poles, or electrical transmission lines , specifically including the lines themselves, the towers or poles, and all equipment located on the towers or poles, located within the area identified by Cal Fire as the origin of the relevant Fire(s); and

c. provided any Risk Assessment (as defined below) with regard to any portion of the electrical distribution lines, specifically including, but not limited to the lines themselves and/or all poles and equipment located on the poles, or electrical transmission lines, specifically including the lines themselves, the towers or poles, and all equipment located on the towers or poles, located within the area identified by Cal Fire as the origin of the relevant Fire(s).

9. The term "Risk Assessment" means any opinions, information and studies used to prioritize any work, replacement, repair, maintenance, and construction with regard to PG&E facilities.

10. The term "Vegetation Management Services" includes any pre-inspection, tree trimming, tree removal, quality assurance inspections, quality control inspections, and/or other work relating to the identification of any tree which posed a threat to any PG&E electrical line.

## INSTRUCTIONS FOR DOCUMENT PRODUCTION REQUESTS

Federal Rules of Civil Procedure 26–37, made applicable to this proceeding pursuant to Bankruptcy Rules 7026–7037, are hereby incorporated by reference and apply to each of the following instructions:

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.  All Documents shall be identified by the Request(s) to which they are primarily responsive or be produced as they are maintained in the usual course of business.

2.  Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of a current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, or web-based email systems such as Gmail, Yahoo, etc.

3.  You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third-party that stores data on Your behalf. You must produce all such Documents even if they were deleted or in draft form. Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives. Electronically stored Documents include any computerized data or content stored on electromagnetic media. Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

4.  Produce the original or duplicate, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, of each Document requested together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible and bound or stapled in the same manner as the original.

5.  Documents not otherwise responsive to these Requests should be produced: (i) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests; (ii) if such Documents are attached to, enclosed with, or accompany

Documents called for by these Requests; or (iii) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

6.     Documents attached to each other should not be separated; separate Documents should not be attached to each other.

7.     Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

8.     If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request or part thereof, for each such Document, You must:

(a)     Identify the type, title and subject matter of the Document;

(b)     State the place, date, and manner of preparation of the Document;

(c)     Identify all authors, addressees, and recipients of the Document, including information about such Persons to assess the privilege asserted; and

(d)     Identify the legal privilege(s) and the factual basis for the claim.

9.     Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work-product doctrine. In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 8 above must be provided.

10.     To the extent a Document sought herein was at one time, but is no longer, in your actual or constructive possession, custody, or control, state whether it: (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred to others; and/or (iv) has been otherwise disposed of. In each instance, Identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, Identify each Person having knowledge of the circumstances of the disposition, and Identify each Person who had possession, custody, or control of the Document. Documents prepared prior to, but which relate or refer to, the time period covered by these Requests are to be identified and produced.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -

## **MANNER OF PRODUCTION**

All Documents produced to the Trustee shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files, and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

1.    <u>Database load files and production media structure</u>: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images. Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder. If any of the Documents produced in response to these Requests are designated as confidential pursuant to the Litigation Protective Order, in addition to marking the Documents with the brand "CONFIDENTIAL" or branding the media with the word "CONFIDENTIAL," also include a confidential field within the load file, with a "yes" or "no" indicating whether the Document has been designated as confidential, as well as native file loading/linking information (where applicable).

2.    <u>Electronic Documents and data, generally</u>: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

as to allow the Trustee, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

3. <u>Emails and attachments, and other email account-related Documents</u>: All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the Trustee.

4. <u>Documents and data created or stored in or by structured electronic databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Trustee to reasonably manage and import those Documents into a useable, coherent database. Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

    (a)    XML format file(s);

    (b)    Microsoft SQL database(s);

    (c)    Access database(s); and/or

    (d)    fixed or variable length ASCII delimited files.

5. <u>Spreadsheets, multimedia, and non-standard file types</u>: All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced. A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media. To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce

Case: 19-30088    Doc# 3206-1    Filed: 07/25/19    Entered: 07/25/19 12:39:18    Page 13
of 29

those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

      6.    "Other" electronic Documents: All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

      7.    Paper Documents: Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the Relativity .dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests.

## **LIST OF DOCUMENT REQUESTED FOR PRODUCTION**

1.    For the **Abode Fire**, and for <u>each</u> year beginning in 2014 and ending in 2019, separately label and produce:

      a)   Each and every written agreement between PG&E and any third person or entity for the performance of any Vegetation Management Services in an area which includes the area identified by Cal Fire as the area of origin of the Abode Fire.

      b)   Each and every written agreement between PG&E and any third person or entity for the performance of any Electrical Service in an area which includes the area identified by Cal Fire as the area of origin of the Abode Fire.

      c)   Each insurance policy, issued to any such third person or entity identified in subparts (a) and (b) of the above Request, which names any debtor as an insured.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.    For the **Atlas Fire**, and for <u>each</u> year beginning in 2014 and ending in 2019, separately label and produce:

    a) Each and every written agreement between PG&E and any third person or entity for the performance of any Vegetation Management Services in an area which includes the area identified by Cal Fire as the area of origin of the Atlas Fire.

    b) Each and every written agreement between PG&E and any third person or entity for the performance of any Electrical Service in an area which includes the area identified by Cal Fire as the area of origin of the Atlas Fire.

    c) Each insurance policy, issued to any such third person or entity identified in subparts (a) and (b) of the above Request, which names any debtor as an insured.

3.    For the **Blue Fire**, and for <u>each</u> year beginning in 2014 and ending in 2019, separately label and produce:

    a) Each and every written agreement between PG&E and any third person or entity for the performance of any Vegetation Management Services in an area which includes the area identified by Cal Fire as the area of origin of the Blue Fire.

    b) Each and every written agreement between PG&E and any third person or entity for the performance of any Electrical Service in an area which includes the area identified by Cal Fire as the area of origin of the Blue Fire.

    c) Each insurance policy, issued to any such third person or entity identified in subparts (a) and (b) of the above Request, which names any debtor as an insured.

4.    For the **Camp Fire**, and for <u>each</u> year beginning in 2014 and ending in 2019, separately label and produce:

    a) Each and every written agreement between PG&E and any third person or entity for the performance of any Vegetation Management Services in an

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 9 -

1    area which includes the area identified by Cal Fire as the area of origin of

2    the Camp Fire.

3      b)   Each and every written agreement between PG&E and any third person or

4         entity for the performance of any Electrical Service in an area which includes

5         the area identified by Cal Fire as the area of origin of the Camp Fire.

6      c)   Each insurance policy, issued to any such third person or entity identified in

7         subparts (a) and (b) of the above Request, which names any debtor as an

8         insured.

9    5.    For the **Cascade Fire**, and for <u>each</u> year beginning in 2014 and ending in 2019,

10    separately label and produce:

11      a)   Each and every written agreement between PG&E and any third person or

12         entity for the performance of any Vegetation Management Services in an

13         area which includes the area identified by Cal Fire as the area of origin of

14         the Cascade Fire.

15      b)   Each and every written agreement between PG&E and any third person or

16         entity for the performance of any Electrical Service in an area which includes

17         the area identified by Cal Fire as the area of origin of the Cascade Fire.

18      c)   Each insurance policy, issued to any such third person or entity identified in

19         subparts (a) and (b) of the above Request, which names any debtor as an

20         insured.

21    6.    For the **Cherokee Fire**, and for <u>each</u> year beginning in 2014 and ending in 2019,

22    separately label and produce:

23      a)   Each and every written agreement between PG&E and any third person or

24         entity for the performance of any Vegetation Management Services in an

25         area which includes the area identified by Cal Fire as the area of origin of

26         the Cherokee Fire.

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 10 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

b) Each and every written agreement between PG&E and any third person or entity for the performance of any Electrical Service in an area which includes the area identified by Cal Fire as the area of origin of the Cherokee Fire.

c) Each insurance policy, issued to any such third person or entity identified in subparts (a) and (b) of the above Request, which names any debtor as an insured.

7. For the **Honey Fire**, and for <u>each</u> year beginning in 2014 and ending in 2019, separately label and produce:

a) Each and every written agreement between PG&E and any third person or entity for the performance of any Vegetation Management Services in an area which includes the area identified by Cal Fire as the area of origin of the Honey Fire.

b) Each and every written agreement between PG&E and any third person or entity for the performance of any Electrical Service in an area which includes the area identified by Cal Fire as the area of origin of the Honey Fire.

c) Each insurance policy, issued to any such third person or entity identified in subparts (a) and (b) of the above Request, which names any debtor as an insured.

8. For the **LaPorte Fire**, and for <u>each</u> year beginning in 2014 and ending in 2019, separately label and produce:

a) Each and every written agreement between PG&E and any third person or entity for the performance of any Vegetation Management Services in an area which includes the area identified by Cal Fire as the area of origin of the LaPorte Fire.

b) Each and every written agreement between PG&E and any third person or entity for the performance of any Electrical Service in an area which includes the area identified by Cal Fire as the area of origin of the LaPorte Fire.

1    c) Each insurance policy, issued to any such third person or entity identified in
2       subparts (a) and (b) of the above Request, which names any debtor as an
3       insured.

4    9.    For the **Lobo Fire**, and for <u>each</u> year beginning in 2014 and ending in 2019,
5          separately label and produce:

6       a) Each and every written agreement between PG&E and any third person or
7          entity for the performance of any Vegetation Management Services in an
8          area which includes the area identified by Cal Fire as the area of origin of
9          the Lobo Fire.

10      b) Each and every written agreement between PG&E and any third person or
11         entity for the performance of any Electrical Service in an area which includes
12         the area identified by Cal Fire as the area of origin of the Lobo Fire.

13      c) Each insurance policy, issued to any such third person or entity identified in
14         subparts (a) and (b) of the above Request, which names any debtor as an
15         insured.

16   10.   For the **Maacama Fire**, and for <u>each</u> year beginning in 2014 and ending in 2019,
17         separately label and produce:

18      a) Each and every written agreement between PG&E and any third person or
19         entity for the performance of any Vegetation Management Services in an
20         area which includes the area identified by Cal Fire as the area of origin of
21         the Maacama Fire.

22      b) Each and every written agreement between PG&E and any third person or
23         entity for the performance of any Electrical Service in an area which includes
24         the area identified by Cal Fire as the area of origin of the Maacama Fire.

25      c) Each insurance policy, issued to any such third person or entity identified in
26         subparts (a) and (b) of the above Request, which names any debtor as an
27         insured.

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11. For the **McCourtney Fire**, and for <u>each</u> year beginning in 2014 and ending in 2019, separately label and produce:

    a) Each and every written agreement between PG&E and any third person or entity for the performance of any Vegetation Management Services in an area which includes the area identified by Cal Fire as the area of origin of the McCourtney Fire.

    b) Each and every written agreement between PG&E and any third person or entity for the performance of any Electrical Service in an area which includes the area identified by Cal Fire as the area of origin of the McCourtney Fire.

    c) Each insurance policy, issued to any such third person or entity identified in subparts (a) and (b) of the above Request, which names any debtor as an insured.

12. For the **Norrbom Fire**, and for <u>each</u> year beginning in 2014 and ending in 2019, separately label and produce:

    a) Each and every written agreement between PG&E and any third person or entity for the performance of any Vegetation Management Services in an area which includes the area identified by Cal Fire as the area of origin of the Norrbom Fire.

    b) Each and every written agreement between PG&E and any third person or entity for the performance of any Electrical Service in an area which includes the area identified by Cal Fire as the area of origin of the Norrbom Fire.

    c) Each insurance policy, issued to any such third person or entity identified in subparts (a) and (b) of the above Request, which names any debtor as an insured.

13. For the **Nuns Fire**, and for <u>each</u> year beginning in 2014 and ending in 2019, separately label and produce:

    a) Each and every written agreement between PG&E and any third person or entity for the performance of any Vegetation Management Services in an

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

area which includes the area identified by Cal Fire as the area of origin of the Nuns Fire.

    b) Each and every written agreement between PG&E and any third person or entity for the performance of any Electrical Service in an area which includes the area identified by Cal Fire as the area of origin of the Nuns Fire.

    c) Each insurance policy, issued to any such third person or entity identified in subparts (a) and (b) of the above Request, which names any debtor as an insured.

14.     For the **Oakmont Fire**, and for <u>each</u> year beginning in 2014 and ending in 2019, separately label and produce:

    a) Each and every written agreement between PG&E and any third person or entity for the performance of any Vegetation Management Services in an area which includes the area identified by Cal Fire as the area of origin of the Oakmont Fire.

    b) Each and every written agreement between PG&E and any third person or entity for the performance of any Electrical Service in an area which includes the area identified by Cal Fire as the area of origin of the Oakmont Fire.

    c) Each insurance policy, issued to any such third person or entity identified in subparts (a) and (b) of the above Request, which names any debtor as an insured.

15.     For the **Partrick Fire**, and for <u>each</u> year beginning in 2014 and ending in 2019, separately label and produce:

    a) Each and every written agreement between PG&E and any third person or entity for the performance of any Vegetation Management Services in an area which includes the area identified by Cal Fire as the area of origin of the Partrick Fire.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 14 -

b) Each and every written agreement between PG&E and any third person or entity for the performance of any Electrical Service in an area which includes the area identified by Cal Fire as the area of origin of the Partrick Fire.

c) Each insurance policy, issued to any such third person or entity identified in subparts (a) and (b) of the above Request, which names any debtor as an insured.

16. For the **Pocket Fire**, and for <u>each</u> year beginning in 2014 and ending in 2019, separately label and produce:

a) Each and every written agreement between PG&E and any third person or entity for the performance of any Vegetation Management Services in an area which includes the area identified by Cal Fire as the area of origin of the Pocket Fire.

b) Each and every written agreement between PG&E and any third person or entity for the performance of any Electrical Service in an area which includes the area identified by Cal Fire as the area of origin of the Pocket Fire.

c) Each insurance policy, issued to any such third person or entity identified in subparts (a) and (b) of the above Request, which names any debtor as an insured.

17. For the **Point Fire**, and for <u>each</u> year beginning in 2014 and ending in 2019, separately label and produce:

a) Each and every written agreement between PG&E and any third person or entity for the performance of any Vegetation Management Services in an area which includes the area identified by Cal Fire as the area of origin of the Point Fire.

b) Each and every written agreement between PG&E and any third person or entity for the performance of any Electrical Service in an area which includes the area identified by Cal Fire as the area of origin of the Point Fire.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 15 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1           c) Each insurance policy, issued to any such third person or entity identified in

2                subparts (a) and (b) of the above Request, which names any debtor as an

3                insured.

4     18.    For the **Potter Valley Fire**, and for <u>each</u> year beginning in 2014 and ending in 2019,

5    separately label and produce:

6           a) Each and every written agreement between PG&E and any third person or

7                entity for the performance of any Vegetation Management Services in an

8                area which includes the area identified by Cal Fire as the area of origin of

9                the Potter Valley Fire.

10         b) Each and every written agreement between PG&E and any third person or

11              entity for the performance of any Electrical Service in an area which includes

12              the area identified by Cal Fire as the area of origin of the Potter Valley Fire.

13         c) Each insurance policy, issued to any such third person or entity identified in

14              subparts (a) and (b) of the above Request, which names any debtor as an

15              insured.

16    19.    For the **Pressley Fire**, and for <u>each</u> year beginning in 2014 and ending in 2019,

17    separately label and produce:

18         a) Each and every written agreement between PG&E and any third person or

19             entity for the performance of any Vegetation Management Services in an

20             area which includes the area identified by Cal Fire as the area of origin of

21             the Pressley Fire.

22         b) Each and every written agreement between PG&E and any third person or

23             entity for the performance of any Electrical Service in an area which includes

24             the area identified by Cal Fire as the area of origin of the Pressley Fire.

25         c) Each insurance policy, issued to any such third person or entity identified in

26             subparts (a) and (b) of the above Request, which names any debtor as an

27             insured.

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20. For the **Redwood Fire**, and for <u>each</u> year beginning in 2014 and ending in 2019, separately label and produce:

    a) Each and every written agreement between PG&E and any third person or entity for the performance of any Vegetation Management Services in an area which includes the area identified by Cal Fire as the area of origin of the Redwood Fire.

    b) Each and every written agreement between PG&E and any third person or entity for the performance of any Electrical Service in an area which includes the area identified by Cal Fire as the area of origin of the Redwood Fire.

    c) Each insurance policy, issued to any such third person or entity identified in subparts (a) and (b) of the above Request, which names any debtor as an insured.

21. For the **Sullivan Fire**, and for <u>each</u> year beginning in 2014 and ending in 2019, separately label and produce:

    a) Each and every written agreement between PG&E and any third person or entity for the performance of any Vegetation Management Services in an area which includes the area identified by Cal Fire as the area of origin of the Sullivan Fire.

    b) Each and every written agreement between PG&E and any third person or entity for the performance of any Electrical Service in an area which includes the area identified by Cal Fire as the area of origin of the Sullivan Fire.

    c) Each insurance policy, issued to any such third person or entity identified in subparts (a) and (b) of the above Request, which names any debtor as an insured.

22. For the **Sulphur Fire**, and for <u>each</u> year beginning in 2014 and ending in 2019, separately label and produce:

    a) Each and every written agreement between PG&E and any third person or entity for the performance of any Vegetation Management Services in an

area which includes the area identified by Cal Fire as the area of origin of the Sulphur Fire.

  b) Each and every written agreement between PG&E and any third person or entity for the performance of any Electrical Service in an area which includes the area identified by Cal Fire as the area of origin of the Sulphur Fire.

  c) Each insurance policy, issued to any such third person or entity identified in subparts (a) and (b) of the above Request, which names any debtor as an insured.

23.  For the **Tubbs Fire**, and for <u>each</u> year beginning in 2014 and ending in 2019, separately label and produce:

  a) Each and every written agreement between PG&E and any third person or entity for the performance of any Vegetation Management Services in an area which includes the area identified by Cal Fire as the area of origin of the Tubbs Fire.

  b) Each and every written agreement between PG&E and any third person or entity for the performance of any Electrical Service in an area which includes the area identified by Cal Fire as the area of origin of the Tubbs Fire.

  c) Each insurance policy, issued to any such third person or entity identified in subparts (a) and (b) of the above Request, which names any debtor as an insured.

24.  For the **37 Fire**, and for <u>each</u> year beginning in 2014 and ending in 2019, separately label and produce:

  a) Each and every written agreement between PG&E and any third person or entity for the performance of any Vegetation Management Services in an area which includes the area identified by Cal Fire as the area of origin of the 37 Fire.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

b) Each and every written agreement between PG&E and any third person or entity for the performance of any Electrical Service in an area which includes the area identified by Cal Fire as the area of origin of the 37 Fire.

c) Each insurance policy, issued to any such third person or entity identified in subparts (a) and (b) of the above Request, which names any debtor as an insured.

25. For <u>each</u> Third-Party Contractor who performed work on <u>any</u> portion of the **Caribou-Palermo Line**, which included Tower 22/227 from 2009 through 2019, separately label, <u>by Third-Party Contractor</u>, and produce:

a) All agreements and contracts between the Debtor(s) and each Third-Party Contractor, including without limitation, any agreement or contract relating to indemnity, insurance, or liability.

b) Each agreement between any Debtor and any Third-Party Contractor which required the inspection of the C-Hook on Tower 22/227, which the Debtors have identified as having failed on November 8, 2018;

c) To the extent not set forth in the documents responsive to Request 2(a), all documents that describe the scope of services the Third-Party Contractor agreed to provide to the Debtor(s);

d) To the extent not set forth in the documents responsive to Request 2(a) or 2(b), all documents that describe the work performed by the Third-Party Contractor;

e) All documents that contain the analyses, findings, summaries, impressions, recommendations, and/or other work-product of each of the Third-Party Contractors, including without limitation any Risk Assessments.

f) All insurance policies that may provide coverage for claims arising from the work of each of the Third-Party Contractors.

g) Each writing which documents any inspection performed of Tower 22/227 at anytime from January 1, 2009 to and including April 24, 2019.

- 19 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

h)  Each writing which sets forth the result of any inspection performed on Tower 22/227 at anytime from January 1, 2009 to and including April 24, 2019.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

2

3

4

5

6

7

8                                    **APPENDIX B**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Robert A. Julian (SBN 99469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone:     628.208.6434
Facsimile:     310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone:   310.442.8875
Facsimile:   310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>   -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                         **Debtors.**<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**ORDER GRANTING THE EX PARTE APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR ORDERS AUTHORIZING PRODUCTION OF DOCUMENTS** |

The Court, having reviewed the Ex Parte Application of the Official Committee of Tort

Claimants Pursuant to Bankruptcy Rule 2004 for Orders Authorizing Production of Documents

filed on April 30, 2019, and after due deliberation and sufficient cause appearing therefor,

1    IT IS HEREBY ORDERED THAT:

2    1.     The Application is granted, as provided herein.

3    2.     The Debtors are directed to produce to the TCC the documents and information

4    described in Appendix A to the Application, without service of a subpoena, fifteen (15) days from

5    entry of this Order, in accordance with the Instructions set forth therein.

6

7                              **END OF ORDER**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO