# EXHIBIT C

# CRAVATH, SWAINE & MOORE LLP

| | | | | |
|---|---|---|---|---|
| JOHN W. WHITE | THOMAS E. DUNN | | ALYSSA K. CAPLES | JONATHAN J. KATZ |
| EVAN R. CHESLER | MARK I. GREENE | WORLDWIDE PLAZA | JENNIFER S. CONWAY | MARGARET SEGALL D'AMICO |
| RICHARD W. CLARY | DAVID R. MARRIOTT | 825 EIGHTH AVENUE | MINH VAN NGO | RORY A. LERARIS |
| STEPHEN L. GORDON | MICHAEL A. PASKIN | NEW YORK, NY 10019-7475 | KEVIN J. ORSINI | KARA L. MUNGOVAN |
| ROBERT H. BARON | ANDREW J. PITTS | | MATTHEW MORREALE | NICHOLAS A. DORSEY |
| DAVID MERCADO | MICHAEL T. REYNOLDS | TELEPHONE: +1-212-474-1000 | JOHN D. BURETTA | ANDREW C. ELKEN |
| CHRISTINE A. VARNEY | ANTONY L. RYAN | FACSIMILE: +1-212-474-3700 | J. WESLEY EARNHARDT | JENNY HOCHENBERG |
| PETER T. BARBUR | GEORGE E. ZOBITZ | | YONATAN EVEN | VANESSA A. LAVELY |
| THOMAS G. RAFFERTY | GEORGE A. STEPHANAKIS | | BENJAMIN GRUENSTEIN | G.J. LIGELIS JR. |
| MICHAEL S. GOLDMAN | DARIN P. MCATEE | | JOSEPH D. ZAVAGLIA | MICHAEL E. MARIANI |
| RICHARD HALL | GARY A. BORNSTEIN | CITYPOINT | STEPHEN M. KESSING | LAUREN R. KENNEDY |
| JULIE A. NORTH | TIMOTHY G. CAMERON | ONE ROPEMAKER STREET | LAUREN A. MOSKOWITZ | SASHA ROSENTHAL-LARREA |
| ANDREW W. NEEDHAM | KARIN A. DEMASI | LONDON EC2Y 9HR | DAVID J. PERKINS | ALLISON M. WEIN |
| STEPHEN L. BURNS | DAVID S. FINKELSTEIN | TELEPHONE: +44-20-7453-1000 | JOHNNY G. SKUMPIJA | |
| KATHERINE B. FORREST | DAVID GREENWALD | FACSIMILE: +44-20-7860-1150 | J. LEONARD TETI, II | |
| KEITH R. HUMMEL | RACHEL G. SKAISTIS | | D. SCOTT BENNETT | |
| DAVID J. KAPPOS | PAUL H. ZUMBRO | | TING S. CHEN | |
| DANIEL SLIFKIN | ERIC W. HILFERS | WRITER'S DIRECT DIAL NUMBER | CHRISTOPHER K. FARGO | SPECIAL COUNSEL |
| ROBERT I. TOWNSEND, III | GEORGE F. SCHOEN | | KENNETH C. HALCOM | SAMUEL C. BUTLER |
| WILLIAM J. WHELAN, III | ERIK R. TAVZEL | | DAVID M. STUART | |
| PHILIP J. BOECKMAN | CRAIG F. ARCELLA | WRITER'S EMAIL ADDRESS | AARON M. GRUBER | |
| WILLIAM V. FOGG | DAMIEN R. ZOUBEK | | O. KEITH HALLAM, III | |
| FAIZA J. SAEED | LAUREN ANGELILLI | | OMID H. NASAB | OF COUNSEL |
| RICHARD J. STARK | TATIANA LAPUSHCHIK | | DAMARIS HERNÁNDEZ | MICHAEL L. SCHLER |

June 29, 2019

PG&E Discovery Responses
(PG&E Chapter 11 Proceedings, N.D. Cal. No. 19-30088)

Dear Counsel:

       I write in response to your letter from June 25, 2019 regarding PG&E's responses to the Tort Claimants Committee's ("TCC") discovery requests. PG&E has fully complied with all agreed-to and ordered deadlines, and its productions have not been deficient in any respect. PG&E has begun a rolling production of documents responsive to the March 8, 2019 Managements Requests and the April 30, 2019 Rule 2004 Requests, as agreed by the parties. PG&E has completed production of documents responsive to the June 12, 2019 Rule 2004 Request by the June 27, 2019 court-imposed deadline, and has also provided all documents requested in the TCC's March 4, 2019 informal requests.

       In its May 24, 2019 email to the TCC, PG&E counsel proposed to make rolling productions in response to the TCC's March 8, 2019 Management Requests and April 30, 2019 Rule 2004 Requests, beginning 15 days after the entry of the Court's May 28, 2019 Order, and to "make a reasonable, good faith effort to complete production within 30 days of the date of its first production". (Email from R. Slack to R. Julian, attached hereto as Exhibit A.) TCC counsel agreed to this schedule in a responsive email on May 25, 2019. (*Id.*) Consistent with this agreement, PG&E made its first production to the TCC on June 12, 2019, and plans to continue to produce responsive documents on a rolling basis, and make a reasonable, good faith effort to complete its production by July 12, 2019. PG&E addresses each of the categories of documents raised in your June 25 letter in more detail below.

A. <u>March 8, 2019 Management Requests</u>

As an initial matter, and as stated above, PG&E is endeavoring in good faith to complete its production of documents responsive to the March 8, 2019 Management Requests by July 12, 2019, as agreed by the parties. PG&E is not withholding responsive documents subject to the entry of an appropriate protective order, other than with respect to Request 17, which seeks access to the documents produced in the Butte and North Bay Fires litigation. As we have told the TCC on a number of occasions, PG&E is not able to provide access to the productions prior to the Court's entry of the agreed protective order, which covers the disclosure of customer smart meter data. As you know, at the hearing on June 26, 2019, the Court requested that the Debtors, UCC and TCC submit an agreed-upon protective order that would govern the exchange of information in the Chapter 11 Cases and the Court would then order its applicability to the three parties. We expect this will happen shortly

Regarding your specific inquiries, PG&E has located and will produce the attachments to PGE-BK-0000000376-389. Separately, PG&E is investigating your assertions relating to Request 16, and will keep you apprised as to its findings. With respect to your contentions regarding Requests 28, 29 and 32, Exhibit C to the TCC's April 30, 2019 letter to the Court explicitly memorializes the parties' agreement that PG&E will "produce all responsive documents that are not publically available, and [] identify the location of those that are publically available." PG&E has fully complied with this agreement by transmitting hyperlinks—organized by request number—to publically accessible webpages containing documents responsive to Requests 28, 29 and 32.[1]

Finally, as to Requests 1, 2 and 3, Exhibit C states that these requests "will be handled by the Parties' Financial Advisors." It is our understanding Alix Partners, and specifically John Boken, PG&E's Deputy Chief Restructuring Officer, has been in regular contact with Lincoln Financial, and specifically Brendan Murphy, regarding these requests. To the extent that the TCC has additional questions regarding these requests, we recommend that Lincoln Financial reach out to Alix Partners, as agreed by the parties.

B. <u>April 30, 2019 Rule 2004 Requests</u>

With respect to the North Bay Fires requests (Requests 1-3 and 5-24), as set forth in our email to the TCC on April 30, 2019, responsive documents were already collected and produced in the state court litigation. (Email from L. Grossbard to C. Woltering, attached hereto as Exhibit B.) As discussed above, the TCC will get access to those documents in the North Bay Fires litigation production as soon as a protective order is ordered by the Court, which we expect will happen shortly.

---

[1] PG&E counsel has again reviewed the relevant hyperlinks and is able to access to documents located on each of the corresponding webpages. Please let us know if you continue find that any of these hyperlinks are "broken," as alleged in your letter.

With respect to the Camp Fire requests (Requests 4 and 25), PG&E began its rolling production of responsive documents on June 12, 2019. PG&E expects to produce responsive contractor agreements and work records for vegetation management and contractors who performed risk assessments by July 12. We also expect to produce insurance policies for those contractors, to the extent the policies are in PG&E's possession, by July 12. Given the substantial geographic and temporal scope of Requests 4 and 25 and the TCC's broad definition of electrical services contractors, identifying potentially responsive contractors in this category requires reviewing 10 years of work orders for work performed along a 55-mile transmission line, which is time-consuming and burdensome. While we will begin a rolling production of any responsive documents as soon as practicable, our production of electric maintenance contractor documents may extend beyond July 12.

With respect to the documents with missing pages that you describe in your letter, we will review the cited documents and get back to you with our findings.

C. June 12, 2019 Rule 2004 Requests

PG&E produced copies of the insurance policies requested in the TCC's June 12, 2019 Rule 2004 Request on June 27, 2019, the court-ordered deadline for production. This production includes copies of PG&E's own insurance policies, it does not include any policies from third party contractors where PG&E is named as an additional insured.

D. March 5, 2019 Informal Requests

We provided the TCC's counsel with a summary of PG&E's insurance coverage for the 2015 Butte Fire on June 27, 2019 in connection with our production of PG&E's insurance policies from 2015-2018. As we already disclosed in our April 8th letter, that coverage has been exhausted and is thus unavailable for current claimants or plan treatment.

Copies of PG&E's D&O insurance policies from 2017 and 2018 were produced on June 19, 2018 and copies of the 2015 policies were produced on June 27, 2019. If the TCC is interested in additional D&O policies, please let us know.

We are not aware of any other outstanding requests from Mr. Julian's March 5, 2019 email.

If there are any other issues related to our discovery responses, we are available to meet and confer.

Regards,

/s/ *Kevin Orsini*
Kevin Orsini

Lars H. Fuller
  Baker Hostetler
    1801 California Street, Suite 4400
      Denver, Co. 80202

Copy to:

Richard Slack
Jessica Liou
Kevin Kramer
  Weil, Gotshal & Manges LLP
    767 Fifth Ave.
      New York, NY 10153

# EXHIBIT A



**Re: Order After May 8 Discovery Hearing**

Julian, Robert  to: Slack, Richard   05/25/2019 06:38 PM

Cc: "Jones, Hannah L.", "Liou, Jessica", "lgrossbard@cravath.com", "Singh, David", "David Herman", "Peter Benvenutti", "Karotkin, Stephen", "Monica Kozycz", "Kristiansen, Eric", "Jane Kim (jkim@kellerbenvenutti.com)", "Kramer, Kevin"

This is an external message from bakerlaw.com

Richard,
That agreement and order are acceptable.
Thanks,

Robert Julian
Partner
Baker Hostetler
1160 Battery St.
Suite 100
San Francisco, CA
Tel: 415 806 6000
rjulian@bakerlaw.com
bakerlaw.com

On May 24, 2019, at 3:35 PM, Slack, Richard <richard.slack@weil.com> wrote:

> Bob,
>
> The Court did not address the time for production at the hearing and did not instruct the parties to include a production timeline in the Order. We therefore do not believe that the Order should have any such date because it is intended to reflect the actual rulings of the Court at the hearing.
>
> Nevertheless, the Debtors are prepared to work with you on reasonable production dates.  We propose that we will make our first rolling production responsive to both the 2004 Application and the management-related requests 15 days from the date of entry of the Order.  The Debtors will then produce additional responsive documents to such requests on a rolling basis, and make a reasonable, good faith effort to complete production within 30 days of the date of its first production.  The time is reasonable and necessary given the volume of the requests, including, for example, that the requested board materials span 3 years, are highly sensitive and will need to be carefully reviewed for privilege, and the contractor information spans 10 years and many miles of wires.
>
> Please let us know if the TCC is signed off on the Order so we can submit to the Court or if there is anything further to discuss regarding production timeline issues.
>
> Thanks,

Richard

**From:** Julian, Robert <rjulian@bakerlaw.com>
**Sent:** Thursday, May 23, 2019 4:33 PM
**To:** Jones, Hannah L. <Hannah.L.Jones@weil.com>
**Cc:** Liou, Jessica <jessica.liou@weil.com>; lgrossbard@cravath.com; Singh, David <David.Singh@weil.com>; David Herman <DHerman@cravath.com>; Peter Benvenutti <pbenvenutti@kellerbenvenutti.com>; Slack, Richard <richard.slack@weil.com>; Karotkin, Stephen <stephen.karotkin@weil.com>; Monica Kozycz <mkozycz@cravath.com>; Kristiansen, Eric <EKristiansen@bakerlaw.com>
**Subject:** RE: Order After May 8 Discovery Hearing

Hannah,
The Order is fine, however we need a production date in the order. My order said 15 days from the date of the order. We suggest that date. My email on this did not go out last week, sorry. So would you please advise us tomorrow?
Thanks,
Bob

**From:** Jones, Hannah L. <Hannah.L.Jones@weil.com>
**Sent:** Thursday, May 16, 2019 4:01 PM
**To:** Julian, Robert <rjulian@bakerlaw.com>; Kristiansen, Eric <EKristiansen@bakerlaw.com>; Woltering, Catherine E. <cwoltering@bakerlaw.com>
**Cc:** Liou, Jessica <jessica.liou@weil.com>; lgrossbard@cravath.com; Singh, David <David.Singh@weil.com>; David Herman <DHerman@cravath.com>; Peter Benvenutti <pbenvenutti@kellerbenvenutti.com>; Slack, Richard <richard.slack@weil.com>; Karotkin, Stephen <stephen.karotkin@weil.com>; Monica Kozycz <mkozycz@cravath.com>
**Subject:** Order After May 8 Discovery Hearing

All,

Please find attached the draft proposed order in connection with the May 8 discovery conference. Please let us know if the TCC has edits or is signed off.

Best,
Hannah

<image001.jpg>

**Hannah L. Jones**
Associate

Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
Hannah.L.Jones@weil.com
+1 650 802 3137 Direct

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email,

postmaster@weil.com, and destroy the original message. Thank you.  image001.jpg

# EXHIBIT B

 **RE: Request for Meet and Confer on 2004 Application** 

**Lillian Grossbard**  to: Woltering, Catherine E.    04/29/2019 08:42 PM

Cc: "Dumas, Cecily", "David.Singh@weil.com", "Goodman, Eric R.", "jessica.liou@weil.com", "Kevin Orsini", "Monica Kozycz", "Omid Nasab", "richard.slack@weil.com", "Julian, Robert", "Feldmann, R. Scott"

History: This message has been forwarded.

Cat,

For the avoidance of any misunderstanding, PG&E agrees to provide to TCC counsel the following documents, which are responsive to subparts (a) through (c) of Requests 1 through 24 attached to the draft 2004 application sent to Kevin Orsini's attention on April 25, 2019. If you have any questions or concerns, let's discuss to see if we can resolve them.

With respect to the North Bay Fires, with the exception of the Blue fire, PG&E produced documents responsive to subparts (a) through (c) in the North Bay Fires litigation ("NBF Litigation"). Specifically, PG&E produced agreements that "required any third person or entity to inspect any part of PG&E's electrical distribution system", including to ensure proper vegetation clearance requirements were met, within the divisions associated with each of the fires identified in the consolidated North Bay Fires litigation and was in force and effect at any time between January 1, 2013 and January 1, 2018. This includes equipment such as poles, overhead distribution lines, fuses, insulators, reclosers and conductors. PG&E also provided agreements with any third-party contractor that conducted Quality Control Audits of the vegetation management work performed pursuant to PG&E's Distribution Vegetation Management Standard (DVMS) in the divisions associated with each of the fires identified in the consolidated NBF litigation that were in force and effect at any time between January 1, 2013 and January 1, 2018. PG&E also produced insurance policies or certificates of insurance for the third-party contractors who performed work in the fire perimeters, to the extent PG&E had those documents in its possession. PG&E will produce these documents to TCC counsel as part of its NBF litigation document production.

With respect to the Blue fire, information regarding the Blue fire was not requested in the NBF Litigation. Please confirm that TCC counsel intends to demand that PG&E produce information for the Blue fire.

With respect to the Camp fire, PG&E will produce comparable documents--written agreements with third-party contractors who performed vegetation management or electrical inspection and maintenance work, as well as any insurance policies or certificates of insurance for those third-party contractors to the extent they are in PG&E's possession, for work performed on Tower: 027/221, Tower :027/222 and the span between these two towers on the Caribou-Palermo 115kV transmission line near Camp Creek and Pulga Roads, and the three distribution wood poles and spans between them on the Big Bend 1101 distribution circuit near the intersection of Concow Road and Rim Road, for the date range January 1, 2014 through November 8, 2018. You are correct that PG&E will not provide documents responsive to Request 25, to the extent they are not captured by Request 4, because Request 25 seeks litigation discovery that is not appropriate under Rule 2004.

Regards,

Lillian

Lillian S. Grossbard
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY  10019
212-474-1290 (phone)
212-474-3700 (fax)
lgrossbard@cravath.com

| | "Woltering, Catherine E." | Lillian, Memorializing our understanding f... | 04/28/2019 05:07:26 PM |
|---|---|---|---|

From: "Woltering, Catherine E." <cwoltering@bakerlaw.com>
To: "Lillian Grossbard" <LGrossbard@cravath.com>
Cc: "Kevin Orsini" <KOrsini@cravath.com>, "richard.slack@weil.com" <richard.slack@weil.com>, "Dumas, Cecily" <cdumas@bakerlaw.com>, "Goodman, Eric R." <egoodman@bakerlaw.com>, "Feldmann, R. Scott" <sfeldmann@bakerlaw.com>, "Omid Nasab" <ONasab@cravath.com>, "David.Singh@weil.com" <David.Singh@weil.com>, "jessica.liou@weil.com" <jessica.liou@weil.com>, "Julian, Robert" <rjulian@bakerlaw.com>, "Monica Kozycz" <mkozycz@cravath.com>
Date: 04/28/2019 05:07 PM
Subject: RE: Request for Meet and Confer on 2004 Application

Lillian,

Memorializing our understanding from this afternoon's meet and confer regarding the TCC's Rule 2004 application on third-party contractor requests, please confirm that Cravath agreed to produce subparts (a) through (c) for Requests 1 through 24, but objects to the production of Request 25(a) through 25(h). To the extent any of the agreements, contracts, or policies in Requests 1 through 24 have been produced already, you will email us tomorrow with information on when and to whom those were produced. If they were not produced, or were produced to a party besides Baker & Hostetler, you will make a production of those documents to us.

Thank you,
Catherine

**Catherine E. Woltering** | Partner | **BakerHostetler**

T +614.462.2677
M +740.504.7723
cwoltering@bakerlaw.com
bakerlaw.com

**From:** Lillian Grossbard <LGrossbard@cravath.com>
**Sent:** Saturday, April 27, 2019 8:45 PM
**To:** Woltering, Catherine E. <cwoltering@bakerlaw.com>
**Cc:** Kevin Orsini <KOrsini@cravath.com>; richard.slack@weil.com; Dumas, Cecily <cdumas@bakerlaw.com>; Goodman, Eric R. <egoodman@bakerlaw.com>; Feldmann, R. Scott <sfeldmann@bakerlaw.com>; Omid Nasab <ONasab@cravath.com>; David.Singh@weil.com; jessica.liou@weil.com; Julian, Robert <rjulian@bakerlaw.com>; Monica Kozycz <mkozycz@cravath.com>
**Subject:** Fw: Request for Meet and Confer on 2004 Application

Catherine:

Why don't we cover the draft 2004 application re contractor agreements and insurance policies on our 2:00 p.m. call tomorrow?

Regards,

Lillian

Lillian S. Grossbard
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
212-474-1290 (phone)
212-474-3700 (fax)
lgrossbard@cravath.com

**From:** Woltering, Catherine E. <cwoltering@bakerlaw.com>
**Sent:** Thursday, April 25, 2019 4:21 PM
**To:** Kevin Orsini <KOrsini@cravath.com>
**Cc:** Slack, Richard <richard.slack@weil.com>; Dumas, Cecily <cdumas@bakerlaw.com>; Goodman, Eric R. < egoodman@bakerlaw.com>; Feldmann, R. Scott <sfeldmann@bakerlaw.com>; Omid Nasab < ONasab@cravath.com>; Singh, David <David.Singh@weil.com>; Liou, Jessica <jessica.liou@weil.com>; Julian, Robert <rjulian@bakerlaw.com>
**Subject:** Request for Meet and Confer on 2004 Application

Kevin and Richard,

We are forwarding the Tort Claimants Committee's draft 2004 Application for an Order compelling the Debtors to produce contracts with various third party contractors and related documents. Our March 8, 2019 Rule 2004 request regarding management documents is still outstanding. Accordingly, we want to set forth a firm deadline to resolve any disputes over this new attached 2004 application. Please email us a convenient time Monday or Tuesday of next week for a meet and confer on this attached discovery by telephone. If we do not reach an agreement with you on Monday or Tuesday of next week, we will file the Rule 2004 application with the Court on Wednesday. Please advise on a time for our call next Monday or Tuesday.

Thank you,
Catherine

**Catherine E. Woltering** | Partner | **BakerHostetler**
_____

T +614.462.2677
M +740.504.7723

cwoltering@bakerlaw.com
bakerlaw.com

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.[attachment "image001.jpg" deleted by Lillian Grossbard/NYC/Cravath] [attachment "image003.jpg" deleted by Lillian Grossbard/NYC/Cravath] [attachment "image002.jpg" deleted by Lillian Grossbard/NYC/Cravath] [attachment "4-25-19_Rule 2004 to PGE for Third-Party Contractors.pdf" deleted by Lillian Grossbard/NYC/Cravath]

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.[attachment "image001.jpg" deleted by Lillian Grossbard/NYC/Cravath] [attachment "image002.jpg" deleted by Lillian Grossbard/NYC/Cravath]