# EXHIBIT I

Case: 19-30088    Doc# 3206-9    Filed: 07/25/19    Entered: 07/25/19 19:39:38    Page 1 of 4

| From: | Monica Kozycz |
|---|---|
| To: | Morris, Kimberly S. |
| Cc: | Allison Tilden; Minga, Jay; Kramer, Kevin; Kevin Orsini; Attard, Lauren; Fuller, Lars H.; Lillian Grossbard; Julian, Robert; Timothy Cameron |
| Subject: | RE: PG&E Production to TCC- PGE-BK-VOL007 |
| Date: | Thursday, July 18, 2019 11:48:42 AM |

Kimberly,

As you are aware, Request 25 of the TCC's April 30, 2019 Rule 2004 Application, to which your email refers, demands documents only "for each <u>Third Party Contractor</u> who performed work on any portion of the Caribou-Palermo line".

As we mentioned yesterday on our meet and confer, the electrical inspection records for the Caribou-Palermo 115kV Transmission Line you cite that are referred to in our response to Judge Alsup's November 27, 2018 Order detail inspections performed by PG&E personnel, not Third Party Contractors, and thus are not responsive to the TCC's Rule 2004 Requests. As you are aware, "Electrical Services" as defined in the TCC's requests is broader than only inspections and as a result we've also been required to search through records of projects and construction performed on the Caribou-Palermo line from the last ten years that have involved Third Party Contractors.

We hope to substantially complete our production of documents responsive to the TCC's March 8th Management Requests and the April 30th Rule 2004 requests, as modified by the Court's May 28th Order, this Friday. At that time we will let you know of anything that is still outstanding. As described in our letter from June 29, 2019, we have completed production of documents responsive to the TCC's June 12, 2019 Rule 2004 Application.

Regards,

Monica Kozycz
Cravath, Swaine & Moore LLP
Worldwide Plaza | 825 Eighth Ave
New York, NY 10019
T: 212-474-1261
mkozycz@cravath.com

| From: | "Morris, Kimberly S." <kmorris@bakerlaw.com> |
|---|---|
| To: | "Monica Kozycz" <mkozycz@cravath.com>, "Kevin Orsini" <KOrsini@cravath.com> |
| Cc: | "Lillian Grossbard" <LGrossbard@cravath.com>, "Allison Tilden" <atilden@cravath.com>, "Kramer, Kevin" <Kevin.Kramer@weil.com>, "Minga, Jay" <Jay.Minga@weil.com>, "Timothy Cameron" <TCameron@cravath.com>, "Julian, Robert" <rjulian@bakerlaw.com>, "Fuller, Lars H." <lfuller@bakerlaw.com>, "Attard, Lauren" <lattard@bakerlaw.com> |
| Date: | 07/17/2019 01:24 PM |
| Subject: | RE: PG&E Production to TCC- PGE-BK-VOL007 |

Monica/Kevin,

In your 6/29 letter regarding PG&E's productions, you state that PG&E's production of documents in response to the TCC's April 30 Rule 2004 request seeking electrical services contractor documents relating to the Camp Fire and inspection reports relating Tower 22/227 and the Caribou Palermo Line may extend beyond July 12 because "identifying potentially responsive contractors in this category requires reviewing 10 years of work orders for work performed along a 55 mile transmission line, which is time consuming and burdensome." However, PG&E already identified and produced these documents to Judge Alsup in response

to his November 27, 2018 order requiring PG&E to provide a summary of its role in causing the Camp Fire. We still do not have these documents 3 months after we requested them. There is no excuse for this, especially given the parties' agreement that PG&E may produce responsive documents on a rolling basis.   When I raised this issue with you on our call this morning, Kevin said he believed all information and documents used to create the detailed summary to Judge Alsup came from internal PG&E performed work and not from work provided by third party contractors and therefore were outside the scope of our April 30 Rule 2004 Requests.

By close of business today, please confirm whether any information or documents used to create PG&E's response to Judge Alsup's November 27, 2018 order, including the documents bates labeled PGE-CAMP-CF-0000000001-0000000800, were the result of work performed by third party contractors.  If so, please also confirm whether PG&E will produce those documents to the TCC by close of business on Friday.  Please also confirm whether PG&E has completed its productions in response to the TCC's March 8 Management Requests, the remaining April 30 Rule 2004 Requests and the June 12 Rule 2004 Requests. If not, please identify the outstanding items and the expected date of production.

Best regards,
Kim


**Kimberly S. Morris**
Partner



Levi's Plaza
1160 Battery Street East | Suite 100
San Francisco, CA 94111
T +1. 628.208.6440
F +1. 310 .820.8859


[kmorris@bakerlaw.com](kmorris@bakerlaw.com)
[bakerlaw.com](bakerlaw.com)




**From:** Monica Kozycz <mkozycz@cravath.com>
**Sent:** Friday, July 12, 2019 7:32 PM
**To:** Morris, Kimberly S. <kmorris@bakerlaw.com>; Fuller, Lars H. <lfuller@bakerlaw.com>; Julian, Robert <rjulian@bakerlaw.com>
**Cc:** Lillian Grossbard <LGrossbard@cravath.com>; Allison Tilden <atilden@cravath.com>; Kramer, Kevin <Kevin.Kramer@weil.com>; Minga, Jay <Jay.Minga@weil.com>
**Subject:** PG&E Production to TCC- PGE-BK-VOL007

Counsel,

PG&E is making a production of PGE-BK-VOL007 to the TCC today via FTP.  A cover letter for the production is attached.

PGE-BK-VOL007 contains documents relevant to the TCC's ex parte application made pursuant to Rule 2004 and the TCC's letter to the Court regarding management-related requests, both dated April 30,

2019, as ordered by the Court on May 28, 2019.

Below is the relevant information for accessing the documents:

Globalscape URL: https://fileshare.cravath.com
Username: 011473_00019_071219_03
Password: Zfeji9IF
Zip Password: y9l%HWA9

Please let us know if you have any issues accessing the production.



Monica Kozycz
Cravath, Swaine & Moore LLP
Worldwide Plaza | 825 Eighth Ave
New York, NY 10019
T: 212-474-1261
mkozycz@cravath.com

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.