WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

- and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

**Debtors.**

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Bankruptcy Case
No. 19-30088 (DM)

Chapter 11

(Lead Case) (Jointly Administered)

**SUPPLEMENTAL PRELIMINARY RESPONSE IN OPPOSITION TO PHILIP VERWEY FARMS' ("PVF") MOTION FOR RELIEF FROM AUTOMATIC STAY TO EXERCISE SETOFF PURSUANT TO 11 U.S.C. §§ 362 AND 553**

[Relates to Dkt. No. 1141]

Date:    July 31, 2019
Time:   9:30 a.m.
Place:   United States Bankruptcy Court
            Courtroom 17, 16th Floor
            San Francisco, CA  94102

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned Chapter 11 Cases (the "**Chapter 11 Cases**"), respectfully submit this supplemental response in opposition to Philip Verwey Farms' ("**PVF**")[1] *Motion for Relief from Automatic Stay to Exercise Setoff Pursuant to 11 U.S.C. §§ 362 and 553* (the "**Motion**"). [Dkt. No. 1141]. In support of this response, the Debtors submit the *Declaration of Anthony Keir in Support of Supplemental Preliminary Response in Opposition to Philip Verwey Farms' ("PVF") Motion for Relief From Automatic Stay to Exercise Setoff Pursuant to 11 U.S.C. §§ 362 and 553*, filed concurrently herewith.

1. **Summary of Opposition.**

The relief sought in PVF's Motion was, and remains, premature and overbroad. The Debtors dispute PVF's claims as to liability and amount, and they intend to conduct a thorough review during the claims administration process, including objecting to PVF's claim if necessary. For the purposes of efficient administration of these Chapter 11 Cases, it is in the best interests of the Debtors and the creditor body *as a whole* that claims be evaluated and administered, and if necessary litigated, in a uniform and orderly process, and at a time that makes sense from the standpoint of efficient estate administration. Here, PVF wants to jump ahead of other creditors and, by obtaining relief from stay, to effectively write off $390,874.17 in debt owed to the Utility, long before the Debtors have turned their reorganization efforts toward the fair and orderly administration of claims.

Moreover, the exhibits that PVF submitted in support of the Motion to substantiate the amount of its claim appear to establish instead that an essential element to setoff under section 553 of the Bankruptcy Code—mutuality of the parties—is lacking as to significant components of the "mutual" debts that PVF seeks to offset. What PVF describes as a two-way dispute between the Utility and PVF actually appears to involve claims by and against several different legal entities,

---

[1] The motion papers and relevant proofs of claim identify the moving party and creditor as Philip Verwey d/b/a Philip Verwey Farms – in other words, as an individual/sole proprietorship.

thus defeating the legally required mutuality. PVF's documentary support for the amount of its claim—particularly the "lost profits" component that comprises approximately 75% of the claim amount—is too sketchy, confusing, and insufficient to establish the prima facie validity of the claim.

## 2. There Can be No Setoff Without Mutuality of the Parties.

As PVF notes in its memorandum of points and authorities, mutuality for purposes of setoff is strictly construed. *See Newbury Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1399 (9th Cir. 1996). Courts strictly construe the mutuality requirement against the party seeking to assert a setoff, and triangular setoffs are prohibited. *See Steadfast Ins. Co. v. Woodside Group, LLC (In re Woodside Group LLC)*, Adv. No. 6:09-ap-01429-PC, 2009 Bankr. LEXIS 4360 at *14-15 (Bankr. C.D. Cal. Dec. 30, 2009). The exhibits submitted by PVF in support of its Motion and its Proof of Claim raise several issues regarding mutuality that should be resolved by this Court prior to allowing any relief from stay to effectuate a setoff.

The Motion asserts that PVF has a single claim for $1,234,469.61 against the Utility, arising from damages asserted against PG&E based on PG&E's alleged negligence in "rerout[ing] a circuit regulator" that caused a high voltage surge and explosion, and in subsequent repairs. (Mot. 7.) All of the invoices that were submitted in support of the motion to establish property damage are billed to PVF, but this element only totals $284,462.61. (Verwey Decl. Ex. C [Dkt. No. 1148] at 5.)

The component of the claim for loss of revenue is much higher, $950,007.00, but a letter from forensic accountants to PVF's insurance carrier submitted in support of the Motion lists a different entity as the insured party. (Exhibit A to the Verwey Declaration, the "HSNO Report" [Dkt. No. 1146].) The accountants' letter refers to the "insured" as Philip Verwey Dairy, Inc. (the "Corporation"). Nowhere in PVF's moving papers or reply is there an explanation of the Corporation's role or relationship to PVF. A search of the California Secretary of State shows that the Corporation is an active California domestic stock corporation with Philip Verwey as its agent for service of process. Perhaps Mr. Verwey is the owner, or perhaps others also own interests in

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

the Corporation. But whatever its ownership, PVF cannot set off against its debt to the Utility a claim that, by its own documents, appears to be held by the Corporation, a different legal entity.

On the other side of the setoff equation—the debts owed by creditors to the debtor—the Motion asserts that PVF owes PG&E $390,874.17 for Usage Charges and Interconnection Charges.[2] The PG&E bills submitted in support of the Motion show, however, that all of the $126,358.47 in Interconnection Charges is the obligation of Hanford Renewable Energy LLC ("**HRE**"), another separate legal entity operated by Mr. Verwey. (*See* Verwey Decl. Ex. F [Dkt. No. 1152]; Verwey Decl. ⁋ 2.) The PG&E bills for Usage Charges also include at least one $524.49 bill to Madera Renewable Energy LLC ("**MRE**"), another entity operated by Mr. Verwey. (Verwey Decl. ⁋ 2.) Claims asserted against PG&E on behalf of PVF (or the Corporation) lack the required mutuality and hence cannot be set off against HRE or MRE's debts to PG&E.

Another aspect of required mutuality relates to timing: only prepetition debts and claims may be offset. 11 U.S.C. § 553(a); *See In re Watson*, 78 B.R. 267, 273 (Bankr. C.D. Cal. 1987). The bills submitted by PVF are confusing as to how the total Usage Charges of $264,335.70 were calculated, or more specifically for these purposes, when the charges arose. Many of the bills are dated post-petition and show an aggregate amount owed, without clear allocation to pre- or post-petition periods. To state the obvious, PVF cannot set off its prepetition claims against charges for post-petition utility services.

**3.      No Setoff Should Be Effected Until PVF's Claims Are Allowed for a Liquidated Amount.**

PVF's claims against PG&E are disputed as to both liability and amount. (Keir Decl. ¶ 3.) The bulk of PVF's claims are for lost profits that (apart from apparently being made by a different legal entity, as discussed above) are by their nature "soft" and speculative and cannot simply be accepted at face value. (Keir Decl. ¶ 4.) Since the originally scheduled hearing on PVF's Motion, the parties have attempted, unsuccessfully, to negotiate a settlement of PVF's claims. A major

---

[2] These terms are defined in the Motion.

impediment from PG&E's perspective has been the inability or unwillingness of PVF to provide sufficiently clear and detailed substantiation of PVF's claims. (Keir Decl. ¶ 6.) The Debtors must have enough information to assess how the claimed amounts were calculated and the assumptions on which they are based, in addition to whether and to what extent PVF's losses were in fact caused by PG&E's negligence as PVF asserts.

Although PVF is correct that the status of its claim as disputed and unliquidated as of the petition date is not a bar to *claiming* a setoff, for PVF to actually *effect* the setoff, the validity and amount of its claim should be resolved. As a general rule, setoff does not occur unless three steps have been taken: "(i) a decision to effectuate a setoff, (ii) *some action accomplishing the setoff*, and (iii) a *recording of the setoff*." *Citizen Bank of Maryland v. Strumpf*, 516 U.S. 16, 19 (1995) (emphasis added). How can a setoff be "accomplished" or be "recorded" when the amount of one of the offsetting claims and, more fundamentally, its legal validity, are in bona fide dispute? Until PVF's claim against the Debtors has been determined for a liquidated amount, the setoff equation cannot be completed.

Litigation (accompanied by discovery) appears to be necessary to determine whether PVF's claim should be allowed, and if so for how much. PVF's Motion is not the proper vehicle for achieving "a full adjudication of the merits" of PVF's claim. *See In re Luz Int'l, Ltd.*, 219 B.R. 837, 841 (B.A.P. 9th Cir. 1998) (reversing bankruptcy court for making a final merits adjudication in the context of a motion for relief from stay). A stay relief motion is a summary proceeding, not suited to the adjudication of the underlying merits of a dispute between debtor and creditor. *See id.* at 842. The better approach is to determine the validity and amount of PVF's claim through the claims administration process, and to defer any determination regarding PVF's right to setoff pending the allowance (or disallowance) of its claim. *See* 5 Collier on Bankruptcy, § 553.03[1][e] (court has discretion to permit setoff of disputed claim but, because it would have to undo the setoff if the claim is disallowed or allowed for a lesser amount, "resolv[ing] the dispute in the first instance . . . is often the most prudent course, particularly if the dispute is colorable."). A

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

contested claims objection will allow this Court to determine both the liability and amount of PVF's claims.

The Court should not permit PVF to use its request for stay relief to force the Debtors to litigate claims objections prematurely or on an accelerated basis. Nearly 4,000 proofs of claim have already been filed in these Chapter 11 Cases, and nothing under sections 362 or 363 of the Bankruptcy Code grants PVF the right to jump to the front of the line. Granting such relief could invite other creditors to file similar motions to adjudicate or liquidate their claims, which would require the Debtors to take time and attention away from the critical task of formulating a chapter 11 plan to effectively evaluate and administer all of the claims that will be filed by the claims bar date on October 21, 2019.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

The injunctive relief requested in PVF's reply brief would be inappropriate in a stay relief motion. PVF could contend that it could be entitled to a form of adequate protection, such as conditioning the automatic stay on the Utility acting in good faith to insulate PVF (but *only* PVF) from further efforts to collect the Usage Charges and Interconnection Charges, which if paid would dissipate PVF's potential setoff rights. The Debtors would not object to such relief, *if and to the extent* the Court determines, from the evidence presented in support of and in opposition to PVF's Motion, that PVF has established a prima facie case of potential entitlement to setoff rights based on claims asserted by PVF against PG&E that could, if ultimately established as valid, reduce or eliminate claims by PG&E against PVF. What the Debtors do object to, and what the Court should not authorize or require, is (a) determination at this time that PVF is entitled to *exercise* any setoff rights now, (b) any protection of purported set-off rights relating to PG&E's claims against entities other than PVF, or (c) any requirement that the Debtors accelerate their review of and, if appropriate, objection to the claims filed by PVF.

Respectfully submitted,

Dated: July 26, 2019

**WEIL, GOTSHAL & MANGES LLP**
**KELLER & BENVNUTTI LLP**

By:   */s/ Peter J. Benvenutti*
        Peter J. Benvenutti

*Attorneys for Debtors and Debtors in Possession*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119