| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>Stephen Karotkin (*pro hac vice*)<br>(stephen.karotkin@weil.com)<br>Ray C. Schrock, P.C. (*pro hac vice*)<br>(ray.schrock@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Theodore Tsekerides (*pro hac vice*)<br>(theodore.tsekerides@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007 | KELLER & BENVENUTTI LLP<br>Tobias S. Keller (#151445)<br>(tkeller@kellerbenvenutti.com)<br>Peter J. Benvenutti (#60566)<br>(pbenvenutti@kellerbenvenutti.com)<br>Jane Kim (#298192)<br>(jkim@kellerbenvenutti.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 650 636 9251 |

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

- and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Bankruptcy Case No. 19-30088 (DM)

Chapter 11

(Lead Case) (Jointly Administered)

**DECLARATION OF ANTHONY KEIR IN SUPPORT OF SUPPLEMENTAL PRELIMINARY RESPONSE IN OPPOSITION TO PHILIP VERWEY FARMS' ("PVF") MOTION FOR RELIEF FROM AUTOMATIC STAY TO EXERCISE SETOFF PURSUANT TO 11 U.S.C. §§ 362 AND 553**

[Relates to Dkt. No. 1141]

Date: July 31, 2019
Time: 9:30 a.m.
Place: United States Bankruptcy Court
Courtroom 17, 16th Floor
San Francisco, CA 94102

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

I, Anthony Keir, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Senior Law-Claims Investigator at Pacific Gas and Electric Company ("**PG&E**"). I file this declaration in support of PG&E's Supplemental Preliminary Opposition (the "**Opposition**") to the motion for relief from the automatic stay (the "**Motion**") filed by Philip Verwey Farms ("**PVF**"). The matters stated herein are based upon my personal knowledge, and if called as a witness I can and would testify to them on that basis.

2. My duties at PG&E include investigating and evaluating claims asserted against PG&E by customers, and attempting to negotiate a settlement of those claims where appropriate. I have five years of experience in this position at PG&E, and over that time have been personally involved in investigating and resolving a couple thousand claims. In the course of my duties, I was assigned responsibility for investigating and attempting to resolve the damage claim asserted by PVF that is the subject of the Motion.

3. PG&E disputes PVF's claims as to both liability and amount. Out of 61 customers affected by this outage, only three claims were presented, all three involved 3-Phase equipment. Had PVF had proper protection on its 3-Phase equipment, pursuant to Electric Rule 2.E. Tariff, they would not have sustained any loss. Further, this customer has not provided sufficient documentation to support the damages claimed, and the repair documents and demands they have provided suggest they are trying to make PG&E pay for upgrades to equipment, repairs with no depreciation considerations and interconnection charges/usage charges for Hanford Renewable Energy LLC, a completely separate entity. Moreover, their lost profits are solely based on forensic analysis, "subject to the accuracy of the information provided by the insured;" and, there is no breakdown of damages between the claimed two events, one on April 6, 2018 and the other on April 11, 2018.

4. By far the largest element of damages in PVF's claim is for lost profits. These kinds of damages are by their nature "soft" and speculative and cannot simply be taken at face value.

Rather, it is critical to get detailed supporting information such as the manufacturers of the claimed 3-Phase equipment allegedly damaged due to this outage, how they were connected, as well as ages and settings; upgrades made after the outage; forensic analysis regarding the affects of weather (temperatures, drought) on livestock and "operating expenses" and how they are amplified during continued conditions; as well as separation of damages claimed for the April 6, 2018 incident versus the April 11, 2018 incident. The information provided by PVF in support of its motion is insufficient to enable me to evaluate the lost profits component of PVF's claim because they have yet to provide documents addressing the above issues surrounding damaged equipment, livestock and operating expenses as noted above. I requested the additional supporting documentation from PVF's attorney in phone conversations but was told the documents previously provided were all they can provide at this time.

5. I was authorized and directed to attempt to on behalf of PG&E to negotiate a settlement of PVF's claim, and to that end have communicated multiple times with PVF representatives by telephone, email and in person since May 7, 2019.

6. PG&E has been unable to reach a settlement of PVF's claims. A major impediment to resolution from PG&E's perspective has been the unwillingness or inability of PVF to provide sufficiently clear and detailed substantiation of PVF's claims. The parties also appear to have a fundamental disagreement about PG&E legal responsibility for the property damage on which PVF bases its claims.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct, and that this declaration is executed on July 26, 2019.

*Anthony Keir* (signature)