BakerHostetler

1160 Battery Street East
Suite 100
San Francisco, CA 94111
T: 310.442.8899
F: 310.820.8859
www.bakerlaw.com

Robert Julian
direct dial: 628.208.6436
rjulian@bakerlaw.com

July 26, 2019

<u>VIA ECF</u>

Honorable Dennis Montali
United States Bankruptcy Court
Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, CA 94102

Re: In re PG&E Corporation and Pacific Gas and Electric Company, Case No. 19-30088 (DM) (Jointly Administered)

Dear Judge Montali:

During our July 24, 2019 status conference, I believe you said we could meet with you and PG&E's counsel regarding discovery at your regularly scheduled hearing dates. Accordingly, counsel for the Official Committee of Tort Claimants (the "**TCC**") and the North Bay Fire Cases JCCP ("**NBFC**") leadership counsel are sending this letter to you with our request for a status conference on the TCC's and NBFC individual plaintiffs' request for the parties and the Court to discuss the following discovery questions so the parties may commence discovery on fire liability issues and claims estimation whether or not the Tubbs trial or estimation of Tubbs goes forward:

1. For purposes of estimating claims, the Debtors have not admitted liability under state law—they have only acknowledged their equipment "caused" (*i.e.*, started) all the fires but Tubbs. This admission is not an admission of responsibility or liability—especially since they contest application of inverse condemnation liability. Such an admission alone does not establish liability for personal injuries or wrongful death . It may establish liability for property damage and other recoveries under inverse condemnation law. But it is critical to understand that in <u>every fire</u> the Debtors contest liability for their negligence, trespass, nuisance and other theories for which they are liable for wrongful death, personal injuries and a laundry list of other damages. Given this circumstance the Debtors are disputing and contesting liability (responsibility) for <u>every fire</u> involved in this case, not just Tubbs. The Debtors have refused to provide any discovery on the Debtors' numerous acts and practices that are relevant to their liability for the multiple fire claims

involved in this case, throughout the pendency of this chapter 11 case. After refusing discovery at literally every step of this case, the Debtors now say the court must estimate the fire claims immediately, on a compressed schedule, and the Debtors are forcing the TCC and the fire claimants to commence discovery, starting on some uncertain date in the future, on the expansive factual and legal liability issues involved in this unprecedented mass tort case, on a compressed discovery schedule. In short, the TCC contends the Debtors have sandbagged the victims in this case, and discovery should commence immediately under any concept of due process.

2.   Accordingly, in light of the foregoing, the NBFC leadership counsel, together with the subrogated insurers, on July 1, 2019, sent a letter (attached hereto as Tab 1) to PG&E to reopen discovery.  On July 15, 2019, Mr. Orsini, counsel for PG&E, responded via email denying the request (attached hereto as Tab 2).  Just three days later, the Debtors filed their motion to establish procedures for estimating claims.  Thus, PG&E continues to withhold discovery while compressing the timeline to do so.  Accordingly, this issue is ripe for determination.

3.   To highlight the injustice to the foregoing, we bring to your attention the fact that PG&E has unilaterally commenced discovery in the state court litigation while contending we are stayed:  PG&E unilaterally commenced discovery on Cal Fire physical evidence that is subject to the discovery protocols in the NBFC.  PG&E's enclosed letter of July 23, 2019 (attached hereto as Tab 3) gives the TCC notice of PG&E's "inspection of the Cal Fire collected evidence that has been transferred to the SafeStore Warehouse pursuant to the North Bay Fire Evidence Transportation and Storage Protocol" which we understand is a protocol agreed to by PG&E and the other parties in the NBFC.  A copy of the NBFC protocol applying to this discovery is also enclosed (attached hereto as Tab 4).  The TCC believes PG&E's unilateral commencement of discovery subject to the NBFC discovery protocol should open up discovery in the NBFC, and may constitute a waiver of the automatic stay as it relates to the NBFC litigation.  We would like to explore the matter at a status conference and commence discovery.

In view of the foregoing, and the fact that the parties have not been able to resolve their differences in a meet and confer, the TCC and the NBFC leadership counsel request that the Court set a discovery status conference at the earliest possible time.  Three days before the conference, the TCC and the NBFC leadership counsel will submit, and will request that PG&E also submit, a discovery plan together with proposed discovery referees to handle discovery disputes which are certain to arise daily in these cases.

Sincerely,

*/s/ Robert A. Julian*

Robert A. Julian
*Counsel to the Official Committee of Tort Claimants*

Enclosures

cc:   The "Standard Parties" in accordance with the Court's case management order
      Benjamin McCallen (BMcCallen@willkie.com)