# TAB 1

 

July 1, 2019

**VIA E-MAIL ONLY**
**KORSINI@CRAVATH.COM**

Kevin Orsini
Cravath
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

  Re: 2017 North Bay Wildfires and 2018 Camp Wildfire

Dear Kevin:

  Please accept this letter formally requesting that PG&E agree to re-open discovery in the 2017 North Bay and 2018 Camp Wildfire Litigation that is written on behalf of both Individual Plaintiffs and Subrogation Plaintiffs. Plaintiffs believe moving forward with discovery will benefit all parties in completing their investigations, assessments of liability and preparation for trials. In lieu of the aforementioned, we ask PG&E to stipulate to liability and causation on as many fires as possible, thereby reducing the workload, costs and expenditure of judicial resources. Plaintiffs believe PG&E should be able to stipulate to liability and causation for all fires, with the sole exception being Tubbs. As you've likely surmised, Plaintiffs disagree with the conclusions of the Cal Fire report which are inconsistent with the available evidence and failed to consider significant pieces of evidence, including PG&E equipment in the area of origin.

  After reviewing this letter, please advise (1) which fires PG&E will stipulate to liability and causation; (2) if you agree to re-open discovery in the 2017 North Bay and 2018 Camp Litigation; and (3) what discovery PG&E would like to complete which is not listed below. Thereafter, we will either provide a joint request to the Bankruptcy Court or, if necessary, file a motion seeking to lift the discovery stay. Plaintiffs wish to complete the following discovery:

**I.** **TUBBS FIRE**

  Plaintiffs require non-destructive examination of evidence in the possession of PG&E and Cal Fire. Plaintiffs also need to complete certain depositions of Cal Fire and PG&E personnel. Finally, Plaintiffs need to complete written discovery and depositions as to PG&E's de-energization and vegetation management policies and practices.

  **A.** **Evidence Inspection**

Plaintiffs request non-destructive laboratory examination of the following:

- PG&E equipment that was removed from the Tubbs origin area, including but not limited to the conductors removed by PG&E on or about January 14, 2019 near 1128 Bennett Lane, Calistoga, CA.

- All evidence that is in PG&E's possession related to the Tubbs origin area.

- All evidence that was removed from the Tubbs origin area by Cal Fire.

**B.    Depositions**

Prior to PG&E's bankruptcy filing, Plaintiffs had noticed, but were not able to take, the following depositions related to the Tubbs Fire:

- Depositions of Cal Fire Employees: Jim Nolt, John Martinez, Vance Bergland, Matt Franklin, Mark Fritts, Scott Lohse, Greg Roath, and Mike Thompson.

- Depositions of PG&E Employees: Michael Reeves, Maria de Luca, Phil Montoya, Jonathan Johnson.

At this time we do not need to re-open discovery to take additional depositions of witnesses to the Tubbs Fire on the night of October 8, 2017. However, that may be subject to change depending on the outcome of the evidence inspections requested above.

**C.    Documents**

- Obtain all outstanding documents requested from PG&E prior to the discovery stay.

- Obtain and analyze native Cal Fire Lidar, photographs and video.

- Enforce Outstanding Subpoenas.

**II.    ATLAS FIRE**

**A.    Evidence Inspection**

- All evidence that is in PG&E's possession related to the two (2) Atlas origin areas.

- All evidence that was removed from the two (2) Atlas origin areas by Cal Fire.

**B.    Depositions**

- Cal Fire Investigators (4) and Percipient Witnesses Interviewed and identified in the report.

- Completion of the PG&E PMQ McAndrew 1/18/19 deposition re: reclosers and electrical configuration.

- PMQs on vegetation management and tree mortality.

- PG&E Employees as disclosed by PG&E during discovery, with emphasis on Biancardi, DeLuca, Daniels, Estimators and those who removed additional evidence.

- CHP Pilot and Observer in Helicopter for fire start and spread.

- Davey and Mountain Enterprise Witnesses (8 total).

**C. Document Production**

- Obtain and analyze native Cal Fire Lidar, photographs and video.

- Enforce Outstanding Subpoenas.

- Obtain all outstanding documents requested from PG&E prior to the discovery stay.

- Subpoena documents from the Tree Mortality Commission.

**III. ADOBE**

**A. Non-Destructive Evidence Examination**

- All PG&E equipment and other evidence that is in PG&E's possession related to the Adobe origin area.

- All PG&E equipment and other evidence that was removed from the Adobe origin area by Cal Fire.

**B. Depositions & Discovery**

- Maria DeLuca – PG&E senior claims investigator, took 65 photos at site on 10/10/17, 10/16/17 and 10/17/17.

- CalFire – PMK origin area and causation.

- Joseph Kikuchi – PG&E 1st Responder present at or near the incident location before CAL FIRE took control of the site.

- Jardon or Jarod Conway – PG&E troubleman, took 14 photos on 10/10/17.

- Gwen Kilchher (LAN ID: GHK8) Western Environmental last inspection, Drought Response Inspection 1/17/17.

- Katherine Bruzzone (LAN ID KSBK) Western Environmental, last inspection 7/11/17, DRPP Inspection.

- C. **Subpoenas**

  - Western Environmental Consultants (470 Nevada St., Suite 103, Auburn CA 95603, 800 919-9274).

IV. **NORRBOM**

- A. **Non-Destructive Evidence Examination**

  - All PG&E equipment and other evidence that is in PG&E's possession related to the Norrbom origin area.

  - All PG&E equipment and other evidence that was removed from the Norrbom origin area by Cal Fire.

- B. **Depositions & Discovery**

  - Maria DeLuca – PG&E senior claims investigator, took 29 photos on 10/18/17.

  - Cal Fire – PMK origin area and causation.

  - Kevin Shaw – PG&E supervisor/claim investigator, took 13 photos on 10/18/17.

  - David Alvarez – PG&E 1st Responder present at or near the incident location before CAL FIRE took control of the site.

  - William Degischer - PG&E 1st Responder present at or near the incident location before CAL FIRE took control of the site.

  - Radley Alvarez (LAN ID: R4AR) 9/7/17 inspection, Western Environmental Consultants, Drought Response inspection.

  - Dominic Messina (LAN ID: D0MB) 3/31/17 DRPP Inspection, Western Environmental Consultants.

- C. **Subpoenas**

  - Western Environmental Consultants, 470 Nevada Street, Suite 103, Auburn, CA 95603.

  - Trees, Inc.

**V. NUNS**

    **A. Non-Destructive Evidence Examination**

- All PG&E equipment and other evidence that is in PG&E's possession related to the Nuns origin area.

- All PG&E equipment and other evidence that was removed from the Nuns origin area by Cal Fire.

    **B. Depositions & Discovery**

- Maria DeLuca – PG&E senior claims investigator, took 92 photos at Nuns 1 and 10 photos at Nuns 2.

- CalFire – PMK origin area and causation.

- Tim Gillaspie – PG&E 1st Responder present at or near the incident location before CAL FIRE took control of the site.

- Kevin Shaw – PG&E supervisor/claims investigator, took 10 photos of Nuns 1 on 10/16/17.

- Dominic Messina (LAN ID: DOM8) inspected on 6/30/17 per DRPP inspection, Nuns 1 and 2.

    **C. Subpoenas**

- Osmose Utility Services, Inc. 980 Ellicott Street, Buffalo, NY 14209, 770-632-6700 (Sp Rog 184).

- Western Environmental Consultants, 470 Nevada Street, Suite 103, Auburn, CA 95603.

- Utility Pole Technologies, Inc., 708 Blair Mill Rd., Willow Grove, PA 19090, 215-784-4200.

- Trees Inc.

**VI. OAKMONT**

    **A. Non-Destructive Evidence Examination**

- All PG&E equipment and other evidence that is in PG&E's possession related to the Oakmont origin area.

- All PG&E equipment and other evidence that was removed from the Oakmont origin area by Cal Fire.

### B. Depositions & Discovery

- Maria DeLuca – PG&E senior claims investigator, took 33 photos on 10/18/17 and 10/29/17.

- CalFire – PMK origin area and causation.

- Fred Brandt – PG&E 1st Responder present at or near the incident location before CAL FIRE took control of the site.

- Erik Nystrom - PG&E 1st Responder present at or near the incident location before CAL FIRE took control of the site.

- Brian Biancardi – PG&E veg management supervisor, took 19 photos on 10/18/17 and 10/19/17 and 11/29/17.

- Randy Johnson (LAN ID: RCJB) Western Environmental Consultants, last inspection DRPP, 7/7/17.

### C. Subpoenas

- Western Environmental Consultants, 470 Nevada Street, Suite 103, Auburn, CA 95603.

- ACRT, Inc., 13333 Home Avenue, Akron, OH 44310 (800) 622-2562.

## VII. PARTRICK

### A. Non-Destructive Evidence Examination

- All PG&E equipment and other evidence that is in PG&E's possession related to the Patrick origin area.

- All PG&E equipment and other evidence that was removed from the Partrick origin area by Cal Fire.

### B. Depositions & Discovery

- Kevin Hunkins – PG&E 1st responder present at or near the incident location before CAL FIRE took control of the site, and compliance inspector who took photos on 10/5 and 9/18.

- Maria DeLuca – PG&E senior claims investigator, took 49 photos on site on 10/18/17, 11/8/17 and 12/14/17.

- CalFire – PMK origin area and causation.

- Fred Brandt – PG&E 1st Responder present at or near the incident location before CAL FIRE took control of the site.

- Gregory Dydo - PG&E 1st Responder present at or near the incident location before CAL FIRE took control of the site.

- Erik Nystrom - PG&E 1st Responder present at or near the incident location before CAL FIRE took control of the site.

- Brian Biancardi – PG&E veg management supervisor, took 35 photos at site on 10/16/17, 10/17/17 and 11/8/17.

- Chris Trumball - PG&E 1st Responder present at or near the incident location before CAL FIRE took control of the site.

- Kevin Shaw – PG&E supervisor/claims investigator.

- Abby Runte (LAN ID: A5RY) 5/6/17 She inspected the incident location and identified several trees to cut down, DRPP inspection.

C. **Subpoenas**

- Davey Resource Group (7627 Morro Road, Atascadero, CA 93422, 866-661-4148).

VIII. **PRESSLEY**

A. **Non-Destructive Evidence Examination**

- All PG&E equipment and other evidence that is in PG&E's possession related to the Adobe origin area.

- All PG&E equipment and other evidence that was removed from the Adobe origin area by Cal Fire.

B. **Depositions & Discovery**

- CalFire – PMK origin area and causation.

- PG&E – PMK origin area and causation.

### IX. REDWOOD/POTTER VALLEY

#### A. Evidence Inspection

- All evidence that is in PG&E's possession related to the Potter Valley and Redwood Valley origin areas.

- All evidence that was removed from the Potter Valley and Redwood Valley origin area by Cal Fire.

#### B. Depositions & Discovery Relating to the Cause of the Redwood/Potter Valley Fire

- Prior to PG&E's bankruptcy filing, Plaintiffs had noticed but were unable to take the following depositions relating to the Potter/Redwood Valley fire:

- Depositions of Cal Fire Employees Eric Bettger, Charles Martin, Ryan Smith.

- Depositions of PG&E Employees Jamie Zamora.

### X. SULPHUR

#### A. Evidence Inspection

- All evidence that is in PG&E's possession related to the Sulphur origin areas.

- All evidence that was removed from the Sulphur origin area by Cal Fire.

#### B. Depositions & Discovery Relating to the Cause of the Sulphur Fire

- Prior to PG&E's bankruptcy filing, Plaintiffs had noticed but were unable to take the following depositions relating to the Sulphur fire:

- Depositions of Cal Fire Employees Cody Smith, Larry Menzio.

- Depositions of PG&E Employees Jodi Zamora.

### XI. POCKET FIRE

#### A. Non-Destructive Evidence Examination

Non-destructive laboratory examination of the following:

- PG&E equipment that was removed from the Pocket origin area;

- All evidence that is in PG&E's possession related to the Pocket origin area;

- All evidence that was removed from the Pocket origin area by Cal Fire; and

- All smart meters from the Cloverdale 1102 Circuit removed by PG&E and/or Cal Fire.

**B. Depositions and Discovery Relating to the Cause of the Pocket Fire**

Prior to PG&E's bankruptcy filing, Plaintiffs had noticed, but were not able to take, the following depositions relating to the Pocket Fire:

- Depositions of PG&E Employees: Daniel Davis, Skip Alcorn.

At this time we need to re-open discovery to take additional depositions of witnesses relevant to the Pocket Fire, including, but not limited to, the following:

- Depositions of PG&E employees, including, but not limited to, the following:

- Linemen, troublemen, or any other PG&E employees, that inspected and/or performed work on the equipment involved in the Pocket fire; Jadwindar Signh; Jodi Zamora; Michael Jones; Robert Trumbell.

- Cal Fire Investigator(s).

- Tree inspection and tree trimming contractors.

Due to PG&E's bankruptcy filing, Plaintiffs were not able to complete its discovery related to the events leading up to the Pocket Fire. The additional discovery includes:

- Documentation relating to tree inspections and tree trimming undertaken by PG&E, or their contractors, of the subject tree involved in the Pocket fire, as well as the trees in the surrounding area.

- Documentation regarding PG&E's activities related investigating and addressing the outage and damaged equipment related to the Pocket Fire.

- Documentation regarding PG&E's investigation of the Pocket Fire.

**C. Depositions and Discovery Relating to PG&E's Policies and Conduct re Re-energizing Equipment After Power Outages**

Due to PG&E's bankruptcy filing, Plaintiffs were not able to complete its discovery related to PG&E's policy regarding re-energizing of equipment after power outages. This additional discovery includes:

- Depositions of Persons Most Qualified related to PG&E's policies regarding re-energizing equipment after power outages.

- Documentation relating to PG&E's policies regarding re-energizing equipment after power outages.

### D. Depositions and Discovery Relating to PG&E's Policies and Conduct re Tree Trimming

Due to PG&E's bankruptcy filing, Plaintiffs were not able to complete its discovery related to PG&E's tree inspection and tree trimming policies. This additional discovery includes:

- Depositions of Persons Most Qualified related to PG&E's policies regarding tree inspections and tree trimming;
- Documentation relating to PG&E's policies and procedures related to tree inspections and tree trimming.

Subpoenas to third-parties, including, but not limited to, the following entities:

- Western ECI.
- Davey Tree.

## XII. SULLIVAN FIRE

### A. Evidence Inspection:

We respectfully request an opportunity to visually inspect of all physical evidence taken from the area of origin (within a 50' diameter of the "Street Light Pole", as that phrase was used and defined throughout the course of depositions, including John Kotula's deposition at Pp. 132:25-134:14), including, but not limited to: any conductors, pre-forms, spreaders, and the trees/limbs that were trimmed and removed, including the tree shown in the Bates PGE-NBF-0000093372 (depicting the conductors, and the tree with scarring from the conductors rubbing against the tree).

### B. Written Discovery:

Admit that PGE failed to preserve the tree/limbs that were trimmed and removed from the area of origin (within a 50' diameter of the "Street Light Pole", as that phrase was used and defined throughout the course of depositions, including John Kotula's deposition at Pp. 132:25-134:14), including the tree shown in the Bates PGE-NBF-0000093372 (depicting the conductors, and the tree with scarring from the conductors rubbing against the tree).

Please identify the last date, prior to 10/8/17, upon which PG&E trimmed or removed any trees or limbs located within a 10' radius of the "Street Light Pole", as that phrase was used and defined throughout the course of depositions, including John Kotula's deposition at Pp. 132:25-134:14).

Please produce all writings pertaining to the last date, prior to 10/8/17, upon which PG&E trimmed or removed any trees or limbs located within a 10' radius of the "Street Light Pole", as that phrase was used and defined throughout the course of depositions, including John Kotula's deposition at Pp. 132:25-134:14).

Please produce all writings related in any way to any Routine Patrol Inspections done within a 10' radius of the "Street Light Pole", as that phrase was used and defined throughout the course of depositions, including John Kotula's deposition at Pp. 132:25-134:14.

Please produce all writings pertaining to any further studies and/or evaluations conducted by or on behalf of PG&E regarding "fire risk from growth related ignitions" involving "Low-voltage distribution with open-wire construction", as referenced and suggested in the "Summary and Analysis of Vegetation-related Fire Incidents on PG&E Powerlines 2007-2012" (Bates PG&E_JCCP 136135 thru PG&E_JCCP 136145).

Please produce all writings pertaining to the 22 fires that resulted from "growth related" ignitions from low voltage power-lines, as referenced in the "Summary and Analysis of Vegetation-related Fire Incidents on PG&E Powerlines 2007-2012", Table 1, p.2 of 11 (Bates PG&E_JCCP 136135 thru PG&E_JCCP 136145).

Please produce all writings pertaining to the 46 fires that involved low voltage power-lines, as referenced in the "Summary and Analysis of Vegetation-related Fire Incidents on PG&E Powerlines 2007-2012", Table 4, p.3 of 11 (Bates PG&E_JCCP 136135 thru PG&E_JCCP 136145).

    **C.**     **PGE PMQ to testify regarding the following topics:**

- A description of all evidence PG&E has preserved from the area of origin (within a 50' diameter of the "Street Light Pole", as that phrase was used and defined throughout the course of depositions, including John Kotula's deposition at Pp. 132:25-134:14).

- An explanation as to why PG&E failed to preserve the tree shown in the Bates PGE-NBF-0000093372 (depicting the conductors, and the tree with scarring from the conductors rubbing against the tree).

- The scope of work performed during "Routine Patrol Inspections", as that phrase was used and defined throughout the course of depositions, including John Kotula's deposition at Pp. 132:25-134:14.

- PG&E's maintenance and trimming practices and procedures, and the scope of those maintenance and trimming practices and procedures relevant to "secondary" wires (<2400 volts) and fire hazards related to secondary wires.

- Fire hazards related to "open" (uninsulated) secondary wires (<2400 volts).

**XIII.**     **POINT FIRE**

    **A.**     **Evidence inspection**

- All evidence in PG&E's possession related to any area of origin as identified by Cal Fire or PG&E.

- All evidence in Cal Fire's possession related to any area of origin as identified by Cal Fire or PG&E.

### B. Depositions

- All Cal Fire employees charged with investigating and determining the origin and cause of the fire.

### C. Documents

- All outstanding documents requested from PG&E prior to the discovery stay.
- All native Cal Fire lidar, photographs and video.
- All discoverable material in the Cal Fire cause and origin investigation file.

## XIV. HIGHWAY 37 FIRE

### A. Evidence inspection

- All evidence in PG&E's possession related to any area of origin as identified by Cal Fire or PG&E.
- All evidence in Cal Fire's possession related to any area of origin as identified by Cal Fire or PG&E.

### B. Depositions

- All Cal Fire employees charged with investigating and determining the origin and cause of the fire.

### C. Documents

- All outstanding documents requested from PG&E prior to the discovery stay
- All native Cal Fire lidar, photographs and video.
- All discoverable material in the Cal Fire cause and origin investigation file.

## XV. CASCADE FIRE

### A. Evidence Inspection

- All evidence in PG&E's possession related to any area of origin as identified by Cal Fire or PG&E.
- All evidence in Cal Fire's possession related to any area of origin as identified by Cal Fire or PG&E.

B. **Depositions**

- All Cal Fire employees charged with investigating and determining the origin and cause of the fire.

C. **Documents**

- All outstanding documents requested from PG&E prior to the discovery stay.

- All native Cal Fire lidar, photographs and video.

- All discoverable material in the Cal Fire cause and origin investigation file.

- Responsive PG&E documents to the following:

  - SUBJECT CONDUCTORS are those conductors removed by Cal Fire and identified in PGE-NBF-0000000245 as primary distribution conductors on a tap line serving 13916 Cascade Way…#4 AR (Aluminum Conductor, Steel Reinforced) installed in 1980.

  - SUBJECT POLES are those poles supporting the SUBJECT CONDUCTORS identified as Pole number 13897B# and the pole immediately south of it.

  - SAG is the vertical distance between the highest point of the electrical pole or tower (where the conductor is connected) and the lowest point of the conductor between the two adjacent level supports.

- All DOCUMENTS including guidelines, regulations, standards, design criteria and requirements for the originally installed SUBJECT CONDUCTORS.

- All DOCUMENTS including guidelines, regulations, standards, design criteria and requirements for any subsequently installed SUBJECT CONDUCTORS.

- All DOCUMENTS including guidelines, regulations, standards, design criteria and requirements for the spacing of the originally installed SUBJECT CONDUCTORS.

- All DOCUMENTS including guidelines, regulations, standards, design criteria and requirements for the spacing of any subsequently installed SUBJECT CONDUCTORS.

- All DOCUMENTS including guidelines, regulations, standards, design criteria and requirements for the acceptable amount of SAG of the originally installed SUBJECT CONDUCTORS.

- All DOCUMENTS including guidelines, regulations, standards, design criteria and requirements for the acceptable amount of SAG of any subsequently installed SUBJECT CONDUCTORS.

- All DOCUMENTS including guidelines, regulations, standards, design criteria and requirements for the acceptable amount of tension of the originally installed SUBJECT CONDUCTORS.

- All DOCUMENTS including guidelines, regulations, standards, design criteria and requirements for the acceptable amount of tension of any subsequently installed SUBJECT CONDUCTORS.

- All DOCUMENTS evidencing the replacement, modification or re-tensioning of the SUBJECT CONDUCTORS.

- All DOCUMENTS evidencing the maximum wind speed the SUBJECT CONDUCTORS were designed to withstand, as configured on October 8, 2017, before blowing into one another or close enough to one another to arc.

- All DOCUMENTS evidencing the identification and specifications of the SUBJECT POLES, including pole numbers, for the SUBJECT CONDUCTORS.

- All DOCUMENTS evidencing the inspection of the SUBJECT CONDUCTORS for SAG, tension and/or arcing.

## XVI. CHEROKEE FIRE

### A. Evidence inspection

- All evidence in PG&E's possession related to any area of origin as identified by Cal Fire or PG&E.

- All evidence in Cal Fire's possession related to any area of origin as identified by Cal Fire or PG&E.

### B. Depositions

- All Cal Fire employees charged with investigating and determining the origin and cause of the fire.

### C. Documents

- All outstanding documents requested from PG&E prior to the discovery stay.

- All native Cal Fire lidar, photographs and video.

- All discoverable material in the Cal Fire cause and origin investigation file.

## XVII. LAPORTE FIRE

### A. Evidence inspection

- All evidence in PG&E's possession related to any area of origin as identified by Cal Fire or PG&E.

- All evidence in Cal Fire's possession related to any area of origin as identified by Cal Fire or PG&E.

### B. Depositions

- All Cal Fire employees charged with investigating and determining the origin and cause of the fire.

### C. Documents

- All outstanding documents requested from PG&E prior to the discovery stay.

- All native Cal Fire lidar, photographs and video.

- All discoverable material in the Cal Fire cause and origin investigation file.

## XVIII. LOBO FIRE

### A. Evidence inspection

- All evidence in PG&E's possession related to any area of origin as identified by Cal Fire or PG&E.

- All evidence in Cal Fire's possession related to any area of origin as identified by Cal Fire or PG&E

### B. Depositions

- All Cal Fire employees charged with investigating and determining the origin and cause of the fire.

### C. Documents

- All outstanding documents requested from PG&E prior to the discovery stay.

- All native Cal Fire lidar, photographs and video.

- All discoverable material in the Cal Fire cause and origin investigation file.

### XIX. MCCOURTNEY FIRE

**A. Evidence inspection**

- All evidence in PG&E's possession related to any area of origin as identified by Cal Fire or PG&E.

- All evidence in Cal Fire's possession related to any area of origin as identified by Cal Fire or PG&E.

**B. Depositions**

- All Cal Fire employees charged with investigating and determining the origin and cause of the fire.

**C. Documents**

- All outstanding documents requested from PG&E prior to the discovery stay.

- All native Cal Fire lidar, photographs and video.

- All discoverable material in the Cal Fire cause and origin investigation file.

### XX. CAMP FIRE

**A. Evidence inspection**

- All evidence in PG&E's possession related to any area of origin as identified by Cal Fire or PG&E.

- All evidence in Cal Fire's possession related to any area of origin as identified by Cal Fire or PG&E.

**B. Depositions**

- All Cal Fire employees charged with investigating and determining the origin and cause of the fire.

- Depositions of PG&E's Persons Most knowledgeable:

    - Design, construction, inspection, maintenance, repairs, proposed repairs and/or modifications to the Caribou-Palermo 115 KV transmission line 10 miles on either side of transmission tower 27/222;

    - Documents sent by PG&E to the CPUC regarding the design, construction, inspection, maintenance, repairs, proposed repairs and/or modifications to the Caribou-Palermo 115 KV transmission line;

- Depositions of persons identified by PG&E involved in the design, construction, inspection, maintenance, repairs, proposed repairs and/or modifications to the Caribou-Palermo 115 KV transmission line 10 miles on either side of transmission tower 27/222;

- PG&E personnel identified by PG&E who sent to the CPUC regarding the design, construction, inspection, maintenance, repairs, proposed repairs and/or modifications to the Caribou-Palermo 115 KV transmission line.

  **C.**  **Documents**

- All native Cal Fire lidar, photographs and video.

- All discoverable material in the Cal Fire cause and origin investigation file.

- Design, construction, inspection, maintenance, repairs, proposed repairs and/or modifications to the Caribou-Palermo 115 KV transmission line 10 miles on either side of transmission tower 27/222.

- Identity of those persons or entities involved in the design, construction, inspection, maintenance, repairs, proposed repairs and/or modifications to the Caribou-Palermo 115 KV transmission line 10 miles on either side of transmission tower 27/222.

- Documents sent by PG&E to the CPUC regarding the design, construction, inspection, maintenance, repairs, proposed repairs and/or modifications to the Caribou-Palermo 115 KV transmission line.

**XXI.**  **DEPOSITIONS AND DISCOVERY RELATING TO PG&E'S POLICIES AND PRACTICES RE DE-ENERGIZING POWER IN CERTAIN WEATHER CONDITIONS AND VEGETATION MANAGEMENT**

  Due to PG&E's bankruptcy filing, Plaintiffs were not able to complete its discovery related to PG&E's de-energization policy in certain weather conditions and its decision to not turn off power on the night of the Fires. This additional discovery includes:

- Depositions of Persons Most Qualified related to PG&E's policies and practices regarding de-energization of power lines in certain weather conditions, including but not limited to high wind, high fire danger, and/or red flag warning.

- Documentation relating to PG&E wind studies, wind maps, and wind reports;

- Documentation relating to PG&E policies and procedures for de-energization of power lines in certain weather conditions;

- Depositions of Persons Most Qualified related to PG&E's policies and practices regarding vegetation management; and

- Documentation relating to PG&E policies and procedures relating to vegetation management.

Please feel free to contact us if you have any questions. Please respond to our request by July 8, 2019.

Sincerely,

| COZEN O'CONNOR | WALKUP, MELODIA, KELLY & SCHOENBERGER |
|---|---|
| By: HOWARD D. MAYCON | By: KHALDOUN A. BAGHDADI |
| On behalf of Subrogation Plaintiffs | On behalf of Individual Plaintiffs |