# TAB 4

**Protocol for August 6, 7, 13 and 14, 2019 Inspection of CAL FIRE Evidence**

1. On August 6, 7, 13 and 14, 2019,[1] attorneys from Cravath, Swaine & Moore LLP, PG&E consulting experts and PG&E employees (together, "PG&E representatives"), will conduct an inspection of CAL FIRE-collected evidence that has been transferred to the SafeStore warehouse located at 2050 Williams Street in San Leandro, California, pursuant to the North Bay Fire Evidence Transportation and Storage Protocol for CAL FIRE Evidence, dated May 14, 2019.

2. The inspection will be a visual and tactile inspection and will not include destructive testing. The evidence will be handled by PG&E representatives only as necessary to facilitate the inspection thereof. Upon completion of the inspection, PG&E representatives will return all evidence to its original placement and condition, including rewrapping and reboxing where applicable.

---

[1] PG&E reserves the right to reschedule the inspection for other days during the weeks of August 5 and 12, 2019, based on PG&E representatives' availability.

# STORAGE AGREEMENT

This STORAGE AGREEMENT is made by and between **SAFESTORE, INC.**, a California corporation ("SSI"), and the Customer identified below. SSI agrees to furnish storage for goods of Customer at the warehouse location specified below.

**BASIC TERMS:**                                                      DATE: May 14, 2019

**SSI:**

SafeStore, Inc.
Warehouse Location:     2050 Williams Street, San Leandro, CA 94577
Mailing Address:         21371 Pacific Coast Hwy. Ste. 4, Malibu, CA 90265
Phone:                   310-456-8157
Email:                   rturtle@safestoreusa.com

**CUSTOMER:**

*Subrogation Plaintiffs:*
**Berger Khan Law Corporation**
1 Park Plaza, Suite 340
Irvine, CA 92614

**ATTN: Sue Muncey**
Phone: (949) 748-4464
Email: smuncey@bergerkahn.com

*Individual Plaintiffs:*
**Cotchett, Pitre & McCarthy, LLP**
840 Malcolm Rd., Suite #200
Burlingame, CA 94010

**ATTN: Alison Cordova**
Phone: (650) 697-6000
Email: acordova@cpmlegal.com

*Public Entity Plaintiffs:*
**Barron & Budd**
3102 Oak Lawn Ave., Suite #1100
Dallas, TX 75219

**ATTN: John Fiske**
Phone: (214) 521-3605
Email: jfiske@barronbudd.com

*Class Action Plaintiffs:*
**Lieff Cabraser Heimann & Bernstein**
275 Battery Street, 29th Floor
San Francisco, CA

**ATTN: Lexi Hazam**
Phone: (415) 956-1000
Email: lhazam@lchb.com

*Defendants:*
**Cravath, Swaine & Moore, LLP**
Worldwide Plaza, 825 Eighth
AvenueNew York, NY 10019-7475

**ATTN: Kevin Orsini**
Phone: (212) 474-1596
Email: korsini@cravath.com

**RATES AND CHARGES:**

The monthly rate for storage during Initial Term shall be:

| STORAGE CLIMATE | PALLET RATE | CRATE RATE: 17 CF* | LARGE CRATE: 30 CF** |
| --- | --- | --- | --- |
| Ambient | $542.00 per pallet | $410.00 ea. | $675.00 ea. |
| Oversized Items | $To Be Determined (TBD) | | |

*Maximum contents for 17 CF is 100 pounds per crate.*
**Maximum contents for 30 CF weight of 200 pounds per crate.*
*Other charges shall be per SSI's rate sheet in effect at time the charges accrue or services are rendered.*

**INITIAL TERM:**              The period commencing on the above date and will continue on a month-to-month basis.

**PROVISIONS AND ATTACHMENTS:**
- Invoicing – Monthly
- See Exhibit A: Terms & Conditions
- See Exhibit B: Quotation
- See Exhibit C: North Bay Fire Evidence Transportation and Storage Protocol For Cal Fire Evidence



The General Terms and Conditions are attached as Exhibit A, and are an integral part of this Agreement. Such terms and conditions contain limitations on SSI's liability and on the time for filing claims and suit, and provide that Customer may increase such liability limit at an additional charge.

**IMPORTANT**: By initialing here _____, Customer acknowledges that storage of certain items described in Section 3 of the attached Terms and Conditions is **strictly forbidden**. Customer agrees not to store any such items.

The parties have executed this Storage Agreement as of the date specified above.)

**SafeStore, Inc.**

By: _____
Name of Authorized Signer (please print)

_____
Title (please print)

_____
Signature

_____
Today's Date

**Berger Khan Law Corporation**

By: _____Craig S. Simon_____
Name of Authorized Signer (please print)

Co-Liaison Counsel for Subrogation Plaintiffs
Title (please print)

_____*Craig S. Sim*_____
Signature

May 31, 2019
Today's Date

**Cotchett, Pitre & McCarthy, LLP**

By: _____
Name of Authorized Signer (please print)

_____
Title (please print)

_____
Signature

_____
Today's Date

**Barron & Budd**

By: _____
Name of Authorized Signer (please print)

_____
Title (please print)

_____
Signature

_____
Today's Date

**Lieff Cabraser Heimann & Bernstein**

By: _____
Name of Authorized Signer (please print)

_____
Title (please print)

_____
Signature

_____
Today's Date

**Cravath, Swaine & Moore, LLP**

By: _____Kevin Orsini_____
Name of Authorized Signer (please print)

Member of the Firm
Title (please print)

_____
Signature

5/29/19
Today's Date

Case: 19-30088    Doc# 3219-4    Filed: 07/26/19    Entered: 07/26/19 16:32:25    Page 4 of 18



**GENERAL TERMS AND CONDITIONS**

1. **Term.** SSI shall store goods for Customer as provided herein and in the terms of any Storage Agreement between SSI and Customer. Such Agreement shall continue until terminated by either party upon 60 days written notice to the other.

2. **Storage Rates.** Customer shall pay SSI a storage charge during the Initial Term, at the rates specified in the Terms (or if there is no Agreement, per SSI's rate sheet). Rates are subject to increase after the Initial Term, but increases shall not exceed 10% per annum. Payments are due in advance on the first day of each month. Storage rates shall be computed as follows: items received from the 1st through the 15th day of a month will be charged a full month's storage, and items received from the 16th through the last day of a month will be charged a half month's storage. A full month's storage will then apply for succeeding months, with no pro ration for partial months. Payments not paid within 15 days of when due shall be subject to a late payment fee from the date the payment became due until paid, at the lesser of 1.5% per month (18% per year) or the maximum rate allowed by law, and Customer shall reimburse SSI for all costs of collection (including reasonable attorneys' fees). Unless Customer is a governmental agency, SSI claims a warehouseman's lien on all stored goods and their proceeds for all charges for storage, handling, interest and other services and expenses.

3. **Deposit of Goods.** Customer agrees not to ship goods to SSI as the named consignee. All goods for storage will be delivered, during regular business hours, at the warehouse door properly marked and packaged for handling. Unless special advance arrangements are made with SSI, all goods deposited for storage will be placed by Customer inside SSI-provided standard storage crates/pallets (not to exceed maximum weight of 250 pounds per) and locked or sealed. Goods will be stored at the ambient temperature maintained at the warehouse unless otherwise specified on the warehouse receipt. Storage charges include the ordinary labor involved in receiving goods at warehouse door, placing goods in storage, and returning goods to warehouse door. Additional charges may apply for other handling and services.

Customer will not tender, except agreed to in writing by all authorized parties, for storage any of the following: agricultural goods, valuable documents, money, stamps, antiques, fine art, jewelry, watches, precious or semi-precious metals or stones, furs, live plants or animals, goods of high or emotional value, fragile goods, illegal or DEA-controlled or -scheduled drugs, perishables, tobacco products, alcoholic beverages, hazardous, toxic, radioactive, explosive, incendiary or highly flammable or combustible materials, firearms, ammunition, materials classified as Class IV or High Hazard Commodities under the California Fire Code, or other substances and materials whose storage is regulated or prohibited by federal, state or local law, ordinance or regulation. SSI reserves the right to refuse to store any goods for any reason.

4. **Release of Goods.** No goods shall be released except upon receipt by SSI of complete written instructions. However, goods may be released upon instruction by telephone in accordance with a prior written authorization, but SSI shall not be responsible for loss or error occasioned thereby. When goods are ordered out, a reasonable time (not less than 48 hours) shall be given SSI to carry out instructions. SSI shall not be liable for failure to carry out such instructions due to conditions beyond its control. Goods will be available for pickup by Customer at the warehouse door, unless Customer makes prior arrangements for goods to be shipped by a carrier of its choice and at its risk and expense. SSI may require the removal from warehouse of any or all stored goods upon 30 days' written notice to Customer.

5. **LIABILITY AND LIMITATION OF DAMAGES.** All goods shall be moved, handled and stored by SSI at Customer's sole risk with respect to all loss, delay or injury of any kind or nature, including but not limited to all loss, delay or injury caused by fires from any cause, acts of God or public enemy, acts of any public authority, quarantine, war, earthquake, flood or water, deterioration, insects or vermin, leakage, heat, cold, pilferage or theft, or sprinkler leakage, unless such loss or injury is caused solely by the negligence of SSI. SSI's storage rates are based upon the declared value of the stored goods as declared herein by Customer. CUSTOMER HEREBY DECLARES, FOR THE PURPOSE HEREOF, THE VALUE OF ALL GOODS TO BE NOW OR HEREAFTER MOVED, HANDLED AND STORED BY SSI FOR CUSTOMER WILL BE TWENTY CENTS (20¢) PER POUND, AND IN NO EVENT SHALL SSI'S LIABILITY, IF ANY, FOR LOSS, DELAY OR INJURY OF ANY NATURE, EXCEED SUCH DECLARED VALUE. For purposes of declaring such value, an average weight of the goods shall govern and it is agreed that such average weight shall be computed on the basis of 200 pounds per each for SSI's standard storage crates/pallets, and all other items at 13 pounds per cubic foot. SUCH LIABILITY LIMITS MAY BE INCREASED UPON CUSTOMER'S WRITTEN REQUEST ON PART OR ALL OF THE GOODS STORED, in which event an additional monthly charge will be made based upon such increased valuation. In no event shall SSI's liability exceed the actual value of the goods. SSI SHALL NOT BE LIABLE FOR LOSS OF PROFITS OR SPECIAL, INDIRECT OR CONSEQUENTIAL DAMAGES OF ANY KIND.

6. **NOTICE OF CLAIM AND FILING OF SUIT.** CLAIMS BY CUSTOMER AND ALL OTHERS MUST BE PRESENTED IN WRITING TO SSI WITHIN A REASONABLE TIME, AND IN NO EVENT LATER THAN 60 DAYS AFTER DELIVERY OF THE GOODS BY SSI OR AFTER CUSTOMER IS NOTIFIED BY SSI THAT LOSS OR INJURY TO PART OR ALL OF THE GOODS HAS OCCURRED, WHICHEVER TIME IS SHORTER. NO ACTION MAY BE MAINTAINED BY CUSTOMER OR OTHERS AGAINST SSI FOR LOSS OR INJURY TO THE GOODS STORED UNLESS TIMELY WRITTEN CLAIM HAS BEEN GIVEN AS PROVIDED ABOVE AND UNLESS SUCH ACTION IS COMMENCED WITHIN 9 MONTHS AFTER THE EARLIER OF THE DATE OF DELIVERY OF GOODS BY SSI OR AFTER CUSTOMER IS NOTIFIED THAT LOSS OR INJURY TO PART OR ALL OF THE GOODS HAS OCCURRED. Exclusive venue for all actions (tort and/or contract) relating to this Agreement shall be Alameda County, California. Any attorney fees, costs and expenses incurred on behalf of SSI occurring from a lawsuit, shall be reimbursed to SSI.

7. **Right to Store Goods.** Customer represents and warrants that Customer is lawfully possessed of the goods and has the right and authority to store them with SSI. Customer will indemnify, defend and hold harmless SSI from all loss, costs and expense (including reasonable attorneys' fees) which SSI pays or incurs as a result of any dispute respecting Customer's right, title and the storage of such or interest in the goods.

8. **Accurate Information.** Customer shall provide SSI with all information concerning the stored goods which is accurate, complete and sufficient to allow SSI to comply with all laws and regulations concerning the storage, handling and transportation of the goods.

9. **Severability; Waiver; Indemnity; Miscellaneous.** If a court of competent jurisdiction should hold any provision hereof to be void, invalid or unenforceable, the remaining provisions shall not be affected thereby but shall remain in full force and effect. A party's failure to require strict compliance with any provision hereof shall not constitute a waiver or estoppel to later demand strict compliance with that or any their provision hereof. The provisions hereof shall be binding upon and inure to the benefit of the parties, their successors and assigns. All notices shall be in writing. **Customer will defend, indemnify and hold harmless SSI for any failure or breach by Customer to abide by the terms hereof.** This contains the entire agreement governing the storage of goods by Customer with SSI, and the SSI Storage Agreement cannot be modified except by a written amendments, and signed by both parties



**SafeStore** ® Known by the evidence we keep™
SECURE EVIDENCE STORAGE SINCE 1996

# EXHIBIT B

**Today's Date:** May 14, 2019
**Quote Duration:** 90 days
**Project:** Nor Cal Fire/PG&E
**Project Contact(s):** Alison Cordova, Cotchett, Pitre & McCarthy, LLP)
Waylon Pickett, Grotefeld Hoffmann

Founded in 1996, SafeStore™ is dedicated to providing protected, monitored, secure storage to meet the needs of attorneys, claims adjusters, law enforcement and government.

## BREAKDOWN OF STORAGE FEES

### Recurring Monthly Charges

| Location | Item(s) Description | # of Crates/Pallets | Monthly Storage Rates Per Crate/Per Month | TOTAL MONTHLY RATE |
|---|---|---|---|---|
| • Fire Prevention – Willets, CA (Mendocino County) | • Two coils of wire<br>• Two small boxes containing fulgurites (approx. 6" x 6" x 4") each | 1-2<br>(Approx. E Crate) | $410.00 each | TBD –Will be based on final number and size of crates needed |
| • Oroville Training Grounds (Butte County) | Branches and coils | Approx. 1 E Crate<br>Approx. 2-3 Large Crates | $410.00 each<br><br>$675.00 each | TBD –Will be based on final number and size of crates needed |
| • Santa Rosa – (Sonoma County) | • There are 14 pallets (1 is shrink wrapped)<br>• There are 30 tree branches ranging in size from 24 inches to 10 feet | 14 Pallets<br><br>TBD | $7,588.00<br><br>Not to exceed $1,000 | TBD –Will be based on final number and size of crates needed |
| | | **TOTAL MONTHLY RECURRING CHARGES** | | $ |

### NON RECURRING / FLAT FEES (One Time Charges)

**ACCEPTANCE & HANDLING FEES**

| Location | Total Number of Crates | Acceptance Fee Per Crate | Total One Time Flat Fee |
|---|---|---|---|
| • Fire Prevention – Willets, CA (Mendocino County) | | $65.00 | $65.00 |
| • Oroville Training Grounds | | $65.00 | $65.00 |
| • Santa Rosa (Sonoma County) | | $65.00 | $65.00 |
| | Sub-Total Acceptance & Handling Fees | | $195.00 |

### Transportation/Freight Charges – Flat Rate

| Location | Trip Description | Flat Rate Transportation Fee |
|---|---|---|
| Fire Prevention – Willets, CA (Mendocino County)<br>17501 N. HWY 101<br>Willits, CA 95490 | Roundtrip travel: San Leandro – Willets<br>• Pickup evidence and transport to SafeStore Warehouse in San Leandro | $600.00 |



| | | |
|---|---|---|
| **Oroville Training Grounds (Butte County)** | Roundtrip: San Leandro – Oroville | $700.00 |
| (Cherokee, LaPorte & Honey Fires)<br>1222 Openshaw Rd., Oroville, CA | • Pickup evidence and transport to SafeStore Warehouse in San Leandro | |
| **Santa Rosa (Sonoma County)** | Roundtrip: San Leandro – Santa Rosa | $600.00 |
| 2210 West College Ave.<br>Santa Rosa, CA | • Pickup evidence and transport to SafeStore Warehouse in San Leandro | |
| | Sub-Total Transportation Fees | $1,900.00 |

### Labor & Materials

| | | |
|---|---|---|
| Labor to Palletize & Pack SS Crates & Complete Inventory Paperwork | • To be determined (includes 2 laborers) | $125.00 per hour |
| Price for SafeStore Crate | • $35 per crate (based on quantity of crates) | TBD |
| Materials to Palletize | • To be determined if needed | $20.00 per crate |
| Oversized & Bulky Items | • To be determined | TBD |
| | Sub-Total Transportation Fees | $ |
| | **TOTAL NON-RECURRING/FLAT FEES** | $ |

### OTHER

| | | |
|---|---|---|
| Storage Access Fee | • $125 per hour, per man - total contingent on amount of time per access<br>• **Evidence Review Area provided at no additional charge**<br>• Can accommodate emergency requests | $ |

## QUOTATION NOTES:

### Additional Access Options:
o Access, Evidence Review area provided **at no additional charge**

### Pallets:
• Oroville: Will SSI be required to store the pallets that the evidence is currently stored on, or will they just be loading the evidence on the pallets?

**Thank you for the opportunity to present our quote.**

Case: 19-30088    Doc# 3219-4    Filed: 07/26/19    Entered: 07/26/19 16:32:25    Page 7 of 18



# EXHIBIT C
## NORTH BAY FIRE EVIDENCE TRANSPORATION AND STORAGE PROTOCOL FOR CAL FIRE EVIDENCE

Date: May 14, 2019
Time: ASAP

Pickup Locations: See chart below.

| |
|---|
| **Fire Prevention (Mendocino County)**<br>17501 N. HWY 101<br>Willits, CA 95490 |
| **Oroville Training Grounds**<br>Butte County (Cherokee, LaPorte & Honey Fires)<br>1222 Openshaw Rd., Oroville, CA |
| **Santa Rosa - Sonoma County**<br>2210 West College Ave<br>Santa Rosa, CA |

Destination for Evidence:    SafeStore, Inc.
2050 Williams Street
San Leandro, CA 94577
Phone: 310-456-8157
Email: rturtle@safestoreusa.com

GENERAL TENETS OF TRANSFER AND STORAGE:

1) Evidence will not be altered, destroyed or modified.

2) If evidence is wrapped, it will not be unwrapped.

3) If evidence is boxed, it will not be unboxed.

4) If evidence is loose, it will be kept in crates.

5) Will determine that suitable evidence identification tags are attached to each piece of evidence prior to transportation to new storage facilities.

6) If evidence identification tags or other forms of identification are not present, a tag will be affixed to each piece of evidence prior to transportation to new storage facilities.

7) Each piece of evidence will be photographed prior to and upon completion of transportation to new storage facilities and a photograph log will be prepared. The photographs shall picture the identification tag that is affixed to the evidence as well as depict the totality of the evidence to the best extent possible.



# EXHIBIT C
## NORTH BAY FIRE EVIDENCE TRANSPORATION AND STORAGE PROTOCOL FOR CAL FIRE EVIDENCE

TRANSFER AND STORAGE OF EVIDENCE:

8) Items will be picked up, transported and stored by Safe Store, Inc., which will be acting as a neutral third-party for purposes of moving and storing evidence in the California North Bay Fire Cases (JCCP No. 4955).

9) The evidence will be transported to and stored at the storage facility located at: 2050 Williams Street San Leandro, CA 94577.

10) The employees of SafeStore, Inc. will pick up the evidence from Cal Fire at the above identified locations and will load all items into a truck. The evidence will immediately be moved by truck to SafeStore, Inc. at 2050 Williams Street, San Leandro, CA 94577 (310-456-8157). The storage location will be inside, an ambient temperature, lockable and inaccessible to anyone without the security key.

11) SafeStore, Inc. will place the evidence into the storage location and will ensure the location is locked from outside access. SafeStore, Inc. will maintain the key to the lock and will act as the third-party administrator over the storage location and evidence. No party to the case will possess a key to the storage location or will ever be provided with a key.

12) The parties to the North Bay Fire Cases (JCCP No. 4955) will equally split the cost of transportation and storage through the entirety of the North Bay Fire Cases. Equal split in this case means a five-way-split between the five litigation groups identified by Judge Karnow in his March 6, 2018 Order. The following are the five groups: (1) Individual Plaintiffs; (2) Public Entity Plaintiffs; (3) Class Action Plaintiffs; (4) Subrogation Plaintiffs; and (5) Defendants.

13) The five groups will store the evidence jointly for the entire duration of the North Bay Fire Cases or until all five groups jointly agree in writing to dispose of the evidence. The cost to dispose of the evidence will also be jointly shared by the five groups (i.e. five-way-split).

14) SafeStore, Inc. will invoice all charges for the evidence storage each month to the five groups by way of the following five people:

   i. Subrogation Plaintiffs – Sue Muncey (smuncey@bergerkahn.com)

   ii. Individual Plaintiffs – Maybelle Dominguez (mdominguez@cpmlegal.com) and Alison Cordova (acordova@cpmlegal.com)

   iii. Public Entity Plaintiffs – John Fiske (jfiske@barronbudd.com)

   iv. Class Action Plaintiffs – Lexi Hazam (lhazam@lchb.com)

   v. Defendants – Kevin Orsini (korsini@cravath.com)



# EXHIBIT C
## NORTH BAY FIRE EVIDENCE TRANSPORATION AND STORAGE PROTOCOL FOR CAL FIRE EVIDENCE

15) Any party in the North Bay Fire Cases who wishes to gain access to the evidence will provide written notice and a proposed protocol to all parties in the case via Case Home Page with at least two (2) weeks prior notice.

16) Unless pursuant to court order, no party may engage in destructive testing without all five litigation groups listed above under Paragraph 12 agreeing on all of the following terms: (1) that a destructive inspection can occur; (2) what forms of destructive testing will occur; (3) a protocol for said destructive testing; and (4) when the destructive inspection will occur. All parties will be permitted to be present at the time any destructive testing is performed.

17) SafeStore, Inc. will not provide anyone with access to the evidence unless they are presented with a protocol that has been agreed to by the parties. SafeStore, Inc. will provide access to the evidence pursuant to the protocol and only under the terms of the protocol.



# STORAGE AGREEMENT

This STORAGE AGREEMENT is made by and between SAFESTORE, INC., a California corporation ("SSI"), and the Customer identified below. SSI agrees to furnish storage for goods of Customer at the warehouse location specified below.

## BASIC TERMS:                                      DATE: May 14, 2019

### SSI:
| | |
|---|---|
| SafeStore, Inc. | |
| Warehouse Location: | 2050 Williams Street, San Leandro, CA 94577 |
| Mailing Address: | 21371 Pacific Coast Hwy. Ste. 4, Malibu, CA 90265 |
| Phone: | 310-456-8157 |
| Email: | rturtle@safestoreusa.com |

### CUSTOMER:

*Subrogation Plaintiffs:*
Berger Khan Law Corporation
1 Park Plaza, Suite 340
Irvine, CA 92614

ATTN: Sue Muncey
Phone: (949) 748-4464
Email: smuncey@bergerkahn.com

*Class Action Plaintiffs:*
Lieff Cabraser Heimann & Bernstein
275 Battery Street, 29th Floor
San Francisco, CA

ATTN: Lexi Hazam
Phone: (415) 956-1000
Email: lhazam@lchb.com

*Individual Plantiffs:*
Cotchett, Pitre & McCarthy, LLP
840 Malcolm Rd., Suite #200
Burlingame, CA 94010

ATTN: Alison Cordova
Phone: (650) 697-6000
Email: acordova@cpmlegal.com

*Defendants:*
Cravath, Swaine & Moore, LLP
Worldwide Plaza, 825 Eighth
AvenueNew York, NY 10019-7475

ATTN: Kevin Orsini
Phone: (212) 474-1596
Email: korsini@cravath.com

*Public Entity Plaintiffs:*
Barron & Budd
3102 Oak Lawn Ave., Suite #1100
Dallas, TX 75219

ATTN: John Fiske
Phone: (214) 521-3605
Email: jfiske@barronbudd.com

### RATES AND CHARGES:

The monthly rate for storage during Initial Term shall be:

| STORAGE CLIMATE | PALLET RATE | CRATE RATE: 17 CF* | LARGE CRATE: 30 CF** |
|---|---|---|---|
| Ambient | $542.00 per pallet | $410.00 ea. | $675.00 ea. |
| Oversized Items | $To Be Determined (TBD) | | |

*Maximum contents for 17 CF is 100 pounds per crate.*
**Maximum contents for 30 CF weight of 200 pounds per crate.*
*Other charges shall be per SSI's rate sheet in effect at time the charges accrue or services are rendered.*

### INITIAL TERM:
The period commencing on the above date and will continue on a month-to-month basis.

### PROVISIONS AND ATTACHMENTS:
- Invoicing – Monthly
- See Exhibit A: Terms & Conditions
- See Exhibit B: Quotation
- See Exhibit C: North Bay Fire Evidence Transportation and Storage Protocol For Cal Fire Evidence



The General Terms and Conditions are attached as Exhibit A, and are an integral part of this Agreement. Such terms and conditions contain limitations on SSI's liability and on the time for filing claims and suit, and provide that Customer may increase such liability limit at an additional charge.

IMPORTANT: By initialing here _____, Customer acknowledges that storage of certain items described in Section 3 of the attached Terms and Conditions is **strictly forbidden**. Customer agrees not to store any such items.

The parties have executed this Storage Agreement as of the date specified above.)

**SafeStore, Inc.**

By: _____
Name of Authorized Signer (please print)

_____
Title (please print)

_____
Signature

_____
Today's Date

**Berger Khan Law Corporation**

By: _____
Name of Authorized Signer (please print)

_____
Title (please print)

_____
Signature

_____
Today's Date

**Cotchett, Pitre & McCarthy, LLP**

By: Alison Cordova
Name of Authorized Signer (please print)

Principal
Title (please print)

*[signature]*
Signature

5/31/19
Today's Date

**Barron & Budd**

By: John Fiske
Name of Authorized Signer (please print)

_____
Title (please print)

*[signature]*
Signature

5/31/2019
Today's Date

**Lieff Cabraser Heimann & Bernstein**

By: Lexi Hazam
Name of Authorized Signer (please print)

Partner
Title (please print)

*[signature]*
Signature

5/31/2019
Today's Date

**Cravath, Swaine & Moore, LLP**

By: Kevin Orsini
Name of Authorized Signer (please print)

Member of the Firm
Title (please print)

*[signature]*
Signature

5/29/19
Today's Date



# EXHIBIT A

## GENERAL TERMS AND CONDITIONS

1. **Term.** SSI shall store goods for Customer as provided herein and in the terms of any Storage Agreement between SSI and Customer. Such Agreement shall continue until terminated by either party upon 60 days written notice to the other.

2. **Storage Rates.** Customer shall pay SSI a storage charge during the Initial Term, at the rates specified in the Terms (or if there is no Agreement, per SSI's rate sheet). Rates are subject to increase after the Initial Term, but increases shall not exceed 10% per annum. Payments are due in advance on the first day of each month. Storage rates shall be computed as follows: items received from the 1st through the 15th day of a month will be charged a full month's storage, and items received from the 16th through the last day of a month will be charged a half month's storage. A full month's storage will then apply for succeeding months, with no pro ration for partial months. Payments not paid within 15 days of when due shall be subject to a late payment fee from the date the payment became due until paid, at the lesser of 1.5% per month (18% per year) or the maximum rate allowed by law, and Customer shall reimburse SSI for all costs of collection (including reasonable attorneys' fees). Unless Customer is a governmental agency, SSI claims a warehouseman's lien on all stored goods and their proceeds for all charges for storage, handling, interest and other services and expenses.

3. **Deposit of Goods.** Customer agrees not to ship goods to SSI as the named consignee. All goods for storage will be delivered, during regular business hours, at the warehouse door properly marked and packaged for handling. Unless special advance arrangements are made with SSI, all goods deposited for storage will be placed by Customer inside SSI-provided standard storage crates/pallets (not to exceed maximum weight of 250 pounds per) and locked or sealed. Goods will be stored at the ambient temperature maintained at the warehouse unless otherwise specified on the warehouse receipt. Storage charges include the ordinary labor involved in receiving goods at warehouse door, placing goods in storage, and returning goods to warehouse door. Additional charges may apply for other handling and services.

Customer will not tender, except agreed to in writing by all authorized parties, for storage any of the following: agricultural goods, valuable documents, money, stamps, antiques, fine art, jewelry, watches, precious or semi-precious metals or stones, furs, live plants or animals, goods of high or emotional value, fragile goods, illegal or DEA-controlled or -scheduled drugs, perishables, tobacco products, alcoholic beverages, hazardous, toxic, radioactive, explosive, incendiary or highly flammable or combustible materials, firearms, ammunition, materials classified as Class IV or High Hazard Commodities under the California Fire Code, or other substances and materials whose storage is regulated or prohibited by federal, state or local law, ordinance or regulation. SSI reserves the right to refuse to store any goods for any reason.

4. **Release of Goods.** No goods shall be released except upon receipt by SSI of complete written instructions. However, goods may be released upon instruction by telephone in accordance with a prior written authorization, but SSI shall not be responsible for loss or error occasioned thereby. When goods are ordered out, a reasonable time (not less than 48 hours) shall be given SSI to carry out instructions. SSI shall not be liable for failure to carry out such instructions due to conditions beyond its control. Goods will be available for pickup by Customer at the warehouse door, unless Customer makes prior arrangements for goods to be shipped by a carrier of its choice and at its risk and expense. SSI may require the removal from warehouse of any or all stored goods upon 30 days' written notice to Customer.

5. **LIABILITY AND LIMITATION OF DAMAGES.** All goods shall be moved, handled and stored by SSI at Customer's sole risk with respect to all loss, delay or injury of any kind or nature, including but not limited to all loss, delay or injury caused by fires from any cause, acts of God or public enemy, acts of any public authority, quarantine, war, earthquake, flood or water, deterioration, insects or vermin, leakage, heat, cold, pilferage or theft, or sprinkler leakage, unless such loss or injury is caused solely by the negligence of SSI. SSI's storage rates are based upon the declared value of the stored goods as declared herein by Customer. CUSTOMER HEREBY DECLARES, FOR THE PURPOSE HEREOF, THE VALUE OF ALL GOODS TO BE NOW OR HEREAFTER MOVED, HANDLED AND STORED BY SSI FOR CUSTOMER WILL BE TWENTY CENTS (20¢) PER POUND, AND IN NO EVENT SHALL SSI'S LIABILITY, IF ANY, FOR LOSS, DELAY OR INJURY OF ANY NATURE, EXCEED SUCH DECLARED VALUE. For purposes of declaring such value, an average weight of the goods shall govern and it is agreed that such average weight shall be computed on the basis of 200 pounds per each for SSI's standard storage crates/pallets, and all other items at 13 pounds per cubic foot. SUCH LIABILITY LIMITS MAY BE INCREASED UPON CUSTOMER'S WRITTEN REQUEST ON PART OR ALL OF THE GOODS STORED, in which event an additional monthly charge will be made based upon such increased valuation. In no event shall SSI's liability exceed the actual value of the goods. SSI SHALL NOT BE LIABLE FOR LOSS OF PROFITS OR SPECIAL, INDIRECT OR CONSEQUENTIAL DAMAGES OF ANY KIND.

6. **NOTICE OF CLAIM AND FILING OF SUIT.** CLAIMS BY CUSTOMER AND ALL OTHERS MUST BE PRESENTED IN WRITING TO SSI WITHIN A REASONABLE TIME, AND IN NO EVENT LATER THAN 60 DAYS AFTER DELIVERY OF THE GOODS BY SSI OR AFTER CUSTOMER IS NOTIFIED BY SSI THAT LOSS OR INJURY TO PART OR ALL OF THE GOODS HAS OCCURRED, WHICHEVER TIME IS SHORTER. NO ACTION MAY BE MAINTAINED BY CUSTOMER OR OTHERS AGAINST SSI FOR LOSS OR INJURY TO THE GOODS STORED UNLESS TIMELY WRITTEN CLAIM HAS BEEN GIVEN AS PROVIDED ABOVE AND UNLESS SUCH ACTION IS COMMENCED WITHIN 9 MONTHS AFTER THE EARLIER OF THE DATE OF DELIVERY OF GOODS BY SSI OR AFTER CUSTOMER IS NOTIFIED THAT LOSS OR INJURY TO PART OR ALL OF THE GOODS HAS OCCURRED. Exclusive venue for all actions (tort and/or contract) relating to this Agreement shall be Alameda County, California. Any attorney fees, costs and expenses incurred on behalf of SSI occurring from a lawsuit, shall be reimbursed to SSI.

7. **Right to Store Goods.** Customer represents and warrants that Customer is lawfully possessed of the goods and has the right and authority to store them with SSI. Customer will indemnify, defend and hold harmless SSI from all loss, costs and expense (including reasonable attorneys' fees) which SSI pays or incurs as a result of any dispute respecting Customer's right, title and the storage of such or interest in the goods.

8. **Accurate Information.** Customer shall provide SSI with all information concerning the stored goods which is accurate, complete and sufficient to allow SSI to comply with all laws and regulations concerning the storage, handling and transportation of the goods.

9. **Severability; Waiver; Indemnity; Miscellaneous.** If a court of competent jurisdiction should hold any provision hereof to be void, invalid or unenforceable, the remaining provisions shall not be affected thereby but shall remain in full force and effect. A party's failure to require strict compliance with any provision hereof shall not constitute a waiver or estoppel to later demand strict compliance with that or any their provision hereof. The provisions hereof shall be binding upon and inure to the benefit of the parties, their successors and assigns. All notices shall be in writing. Customer will defend, indemnify and hold harmless SSI for any failure or breach by Customer to abide by the terms hereof. This contains the entire agreement governing the storage of goods by Customer with SSI, and the SSI Storage Agreement cannot be modified except by a written amendments, and signed by both parties

Page 3 of 8



**SafeStore®** Known by the evidence we keep™
SECURE EVIDENCE STORAGE SINCE 1996

# EXHIBIT B

Today's Date: May 14, 2019
Quote Duration: 90 days
Project: Nor Cal Fire/PG&E
Project Contact(s): Alison Cordova, Cotchett, Pitre & McCarthy, LLP)
Waylon Pickett, Grotefeld Hoffmann

Founded in 1996, SafeStore™ is dedicated to providing protected, monitored, secure storage to meet the needs of attorneys, claims adjusters, law enforcement and government.

## BREAKDOWN OF STORAGE FEES

### Recurring Monthly Charges

| Location | Item(s) Description | # of Crates/Pallets | Monthly Storage Rates Per Crate/Per Month | TOTAL MONTHLY RATE |
|---|---|---|---|---|
| Fire Prevention – Willets, CA (Mendocino County) | • Two coils of wire<br>• Two small boxes containing fulgurites (approx. 6" x 6" x 4") each | 1-2 (Approx. E Crate) | $410.00 each | TBD – Will be based on final number and size of crates needed |
| Oroville Training Grounds (Butte County) | Branches and coils | Approx. 1 E Crate<br>Approx. 2-3 Large Crates | $410.00 each<br>$675.00 each | TBD – Will be based on final number and size of crates needed |
| Santa Rosa – (Sonoma County) | • There are 14 pallets (1 is shrink wrapped)<br>• There are 30 tree branches ranging in size from 24 inches to 10 feet | 14 Pallets<br>TBD | $7,588.00<br>Not to exceed $1,000 | TBD – Will be based on final number and size of crates needed |
| | | | **TOTAL MONTHLY RECURRING CHARGES** | $ |

### NON RECURRING / FLAT FEES (One Time Charges)

**ACCEPTANCE & HANDLING FEES**

| Location | Total Number of Crates | Acceptance Fee Per Crate | Total One Time Flat Fee |
|---|---|---|---|
| • Fire Prevention – Willets, CA (Mendocino County) | | $65.00 | $65.00 |
| • Oroville Training Grounds | | $65.00 | $65.00 |
| • Santa Rosa (Sonoma County) | | $65.00 | $65.00 |
| | Sub-Total Acceptance & Handling Fees | | $195.00 |

### Transportation/Freight Charges – Flat Rate

| Location | Trip Description | Flat Rate Transportation Fee |
|---|---|---|
| Fire Prevention – Willets, CA (Mendocino County)<br>17501 N. HWY 101<br>Willits, CA 95490 | Roundtrip travel: San Leandro – Willets<br>• Pickup evidence and transport to SafeStore Warehouse in San Leandro | $600.00 |

Page 4 of 8



| Oroville Training Grounds (Butte County) | Roundtrip: San Leandro – Oroville | $700.00 |
|---|---|---|
| (Cherokee, LaPorte & Honey Fires) 1222 Openshaw Rd., Oroville, CA | • Pickup evidence and transport to SafeStore Warehouse in San Leandro | |
| Santa Rosa (Sonoma County) | Roundtrip: San Leandro – Santa Rosa | $600.00 |
| 2210 West College Ave. Santa Rosa, CA | • Pickup evidence and transport to SafeStore Warehouse in San Leandro | |
| | Sub-Total Transportation Fees | $1,900.00 |

### Labor & Materials

| | | |
|---|---|---|
| Labor to Palletize & Pack SS Crates & Complete Inventory Paperwork | • To be determined (includes 2 laborers) | $125.00 per hour |
| Price for SafeStore Crate | • $35 per crate (based on quantity of crates) | TBD |
| Materials to Palletize | • To be determined if needed | $20.00 per crate |
| Oversized & Bulky Items | • To be determined | TBD |
| | Sub-Total Transportation Fees | $ |
| | **TOTAL NON-RECURRING/FLAT FEES** | $ |

### OTHER

| | | |
|---|---|---|
| Storage Access Fee | • $125 per hour, per man - total contingent on amount of time per access<br>• **Evidence Review Area provided at no additional charge**<br>• Can accommodate emergency requests | $ |

## QUOTATION NOTES:

**Additional Access Options:**
  o Access, Evidence Review area provided **at no additional charge**

**Pallets:**
  • Oroville:   Will SSI be required to store the pallets that the evidence is currently stored on, or will they just be loading the evidence on the pallets?

**Thank you for the opportunity to present our quote.**



# EXHIBIT C
## NORTH BAY FIRE EVIDENCE TRANSPORATION AND STORAGE PROTOCOL FOR CAL FIRE EVIDENCE

Date: May 14, 2019
Time: ASAP

Pickup Locations: See chart below.

| |
|---|
| **Fire Prevention (Mendocino County)**<br>17501 N. HWY 101<br>Willits, CA 95490 |
| **Oroville Training Grounds**<br>Butte County (Cherokee, LaPorte & Honey Fires)<br>1222 Openshaw Rd., Oroville, CA |
| **Santa Rosa - Sonoma County**<br>2210 West College Ave<br>Santa Rosa, CA |

Destination for Evidence:   SafeStore, Inc.
2050 Williams Street
San Leandro, CA 94577
Phone: 310-456-8157
Email: rturtle@safestoreusa.com

### GENERAL TENETS OF TRANSFER AND STORAGE:

1) Evidence will not be altered, destroyed or modified.

2) If evidence is wrapped, it will not be unwrapped.

3) If evidence is boxed, it will not be unboxed.

4) If evidence is loose, it will be kept in crates.

5) Will determine that suitable evidence identification tags are attached to each piece of evidence prior to transportation to new storage facilities.

6) If evidence identification tags or other forms of identification are not present, a tag will be affixed to each piece of evidence prior to transportation to new storage facilities.

7) Each piece of evidence will be photographed prior to and upon completion of transportation to new storage facilities and a photograph log will be prepared. The photographs shall picture the identification tag that is affixed to the evidence as well as depict the totality of the evidence to the best extent possible.



# EXHIBIT C
## NORTH BAY FIRE EVIDENCE TRANSPORATION AND STORAGE PROTOCOL FOR CAL FIRE EVIDENCE

TRANSFER AND STORAGE OF EVIDENCE:

8) Items will be picked up, transported and stored by Safe Store, Inc., which will be acting as a neutral third-party for purposes of moving and storing evidence in the California North Bay Fire Cases (JCCP No. 4955).

9) The evidence will be transported to and stored at the storage facility located at: 2050 Williams Street San Leandro, CA 94577.

10) The employees of SafeStore, Inc. will pick up the evidence from Cal Fire at the above identified locations and will load all items into a truck. The evidence will immediately be moved by truck to SafeStore, Inc. at 2050 Williams Street, San Leandro, CA 94577 (310-456-8157). The storage location will be inside, an ambient temperature, lockable and inaccessible to anyone without the security key.

11) SafeStore, Inc. will place the evidence into the storage location and will ensure the location is locked from outside access. SafeStore, Inc. will maintain the key to the lock and will act as the third-party administrator over the storage location and evidence. No party to the case will possess a key to the storage location or will ever be provided with a key.

12) The parties to the North Bay Fire Cases (JCCP No. 4955) will equally split the cost of transportation and storage through the entirety of the North Bay Fire Cases. Equal split in this case means a five-way-split between the five litigation groups identified by Judge Karnow in his March 6, 2018 Order. The following are the five groups: (1) Individual Plaintiffs; (2) Public Entity Plaintiffs; (3) Class Action Plaintiffs; (4) Subrogation Plaintiffs; and (5) Defendants.

13) The five groups will store the evidence jointly for the entire duration of the North Bay Fire Cases or until all five groups jointly agree in writing to dispose of the evidence. The cost to dispose of the evidence will also be jointly shared by the five groups (i.e. five-way-split).

14) SafeStore, Inc. will invoice all charges for the evidence storage each month to the five groups by way of the following five people:

   i. Subrogation Plaintiffs – Sue Muncey (smuncey@bergerkahn.com)

   ii. Individual Plaintiffs – Maybelle Dominguez (mdominguez@cpmlegal.com) and Alison Cordova (acordova@cpmlegal.com)

   iii. Public Entity Plaintiffs – John Fiske (jfiske@barronbudd.com)

   iv. Class Action Plaintiffs – Lexi Hazam (lhazam@lchb.com)

   v. Defendants – Kevin Orsini (korsini@cravath.com)



# EXHIBIT C
## NORTH BAY FIRE EVIDENCE TRANSPORATION AND STORAGE PROTOCOL FOR CAL FIRE EVIDENCE

15) Any party in the North Bay Fire Cases who wishes to gain access to the evidence will provide written notice and a proposed protocol to all parties in the case via Case Home Page with at least two (2) weeks prior notice.

16) Unless pursuant to court order, no party may engage in destructive testing without all five litigation groups listed above under Paragraph 12 agreeing on all of the following terms: (1) that a destructive inspection can occur; (2) what forms of destructive testing will occur; (3) a protocol for said destructive testing; and (4) when the destructive inspection will occur. All parties will be permitted to be present at the time any destructive testing is performed.

17) SafeStore, Inc. will not provide anyone with access to the evidence unless they are presented with a protocol that has been agreed to by the parties. SafeStore, Inc. will provide access to the evidence pursuant to the protocol and only under the terms of the protocol.