Robert A. Julian (SBN 99469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone: 628.208.6434
Facsimile: 310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>     -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                              **Debtors.**<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>***EX PARTE* MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON MOTION TO COMPEL PRODUCTION OF THIRD-PARTY CONTRACTOR DOCUMENTS**<br><br>Related Document: Dkt. No. 3205<br><br>[No hearing requested] |

The Official Committee of Tort Claimants (hereafter, the "**TCC**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") of PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**" or "**PG&E**"), hereby submits this Motion (the "**Motion to Shorten**"), pursuant to Rule 9006-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for entry of an order shortening time for a hearing on the TCC's Motion to Compel Production of Third-Party Contractor Documents (Dkt. No. 3205) (the "**TCC Motion**"). In support of this Application, the TCC submits the Declaration of Kody Kleber (the "**Kleber Declaration**") filed contemporaneously herewith. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     JURISDICTION**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.    BASIS FOR RELIEF SOUGHT**

Pursuant to Bankruptcy Local Rule 9014-1(c)(1), a hearing on the TCC Motion requires at least twenty-eight (28) days' notice of an opportunity for a hearing. Bankruptcy Local Rule 9006-1(a) provides that, except as set forth therein, "approval of the Court is required to enlarge or to shorten time to perform any act or file any paper pursuant to the Federal Rules of Civil Procedure, the Bankruptcy Rules, or these Bankruptcy Local Rules." B.L.R. 9006-1(a).

The Court's approval is warranted here. For several months, the TCC has sought documents from Debtors relating to third-party contractors' potential responsibility for the 2018 Camp Fire in Butte County, the most destructive wildfire in California history. This Court has already ordered Debtors to produce these documents. Crucial responsive documents in the Debtors' possession still have not been produced, including third-party inspection records and documentation of repair work on the Caribou-Palermo Transmission Line. Because Debtors refuse to produce any of these

documents to the TCC, the TCC filed the TCC Motion, compelling the production of relevant third-party contractor-related documents.

On April 30, 2019, the TCC filed a Rule 2004 Application containing 25 requests for documents. At issue is Request No. 25, which asks for documents relating to work performed by third-party contractors in connection with the Caribou-Palermo Line, including Tower 22/227, from 2009 through 2019. Debtors initially refused to produce documents responsive to certain requests contained in Request No. 25. The Court held a discovery conference on May 8, 2019 concerning outstanding discovery, and on May 28, 2019, this Court ordered Debtors to produce documents responsive to Request No. 25 in its entirety. *See* Dkt. No. 2255. As outlined in the TCC Motion,[1] Debtors have proceeded to gradually produce documents response to Request No. 25, but the productions have glaring deficiencies. As of the filing of the TCC Motion, Debtors have not produced any third-party, non-vegetation management inspection records for the Caribou-Palermo Line, descriptions of work performed by third-party contractors (or any other third-party work product), or any risk assessment documents specific to the Caribou-Palermo Line.

To address the Debtors' failure to provide third-party contractor discovery, the TCC has filed the TCC Motion, asking the Court to enter an order compelling the Debtors to provide all documents responsive to its Rule 2004 Request No. 25. Since, absent relief from the Court, under Bankruptcy Local Rule 9014-1(c)(1) the TCC Motion cannot be heard sooner than twenty-eight (28) days from the notice of filing, the TCC requests that notice be shortened to permit the TCC Motion to be heard on August 9, 2019, at 11:30 a.m. (Pacific Time). On July 26, 2019, Counsel for the Debtors, Kevin Orsini, informed Counsel for the TCC that the Debtors take no position with respect to this Motion to Shorten. *See* Email Correspondence dated July 26, 2019 between Debtors' counsel and TCC counsel attached as **Exhibit 1**.

**III. NOTICE**

Notice of this Motion to Shorten will be provided to (i) the Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, PO Box 770000, 77 Beale Street, San Francisco, CA 94105 (Attn: Janet Loduca, Esq.); (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY

---

[1] The TCC incorporates by reference all arguments and authorities cited in the TCC Motion. *See* Dkt. No. 3205

- 3 -

10153 (Attn: Stephen Karotkin, Esq., Jessica Liou, Esq., and Matthew Goren, Esq.); (iii) Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco, CA 94108 (Attn: Tobias Keller, Esq. and Jane Kim, Esq.); (iv) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038-4982 (Attn: Kristopher M. Hansen, Esq., Erez E. Gilad, Esq., and Matthew G. Garofalo, Esq.) and 2029 Century Park East, Los Angeles, CA 90067-3086 (Attn: Frank A. Merola, Esq.), as counsel for the administrative agent under the Debtors' debtor-in-possession financing facility; (v) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Eli J. Vonnegut, Esq., David Schiff, Esq., and Timothy Graulich, Esq.), as counsel for the collateral agent under the Debtors' debtor-in-possession financing facility; (vi) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019-6064 (Attn: Alan W. Kornberg, Esq., Brian S. Hermann, Esq., Walter R. Rieman, Esq., Sean A. Mitchell, Esq., and Neal P. Donnelly, Esq.), as counsel to the California Public Utilities Commission; (vii) the Office of the United States Trustee for Region 17, 450 Golden Gate Avenue, 5th Floor, Suite #05-0153, San Francisco, CA 94102 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (viii) U.S. Nuclear Regulatory Commission, Washington, DC 20555-0001 (Attn: General Counsel); (ix) U.S. Department of Justice, 1100 L Street, NW, Room 7106, Washington DC 20005 (Attn: Danielle A. Pham, Esq.,) as counsel for United States on behalf of the Federal Energy Regulatory Commission; (x) Milbank LLP, 55 Hudson Yards, New York, NY 10001-2163 (Attn: Dennis F. Dunne, Esq. and Sam A. Khalil, Esq.) and 2029 Century Park East, 33rd Floor, Los Angeles, CA 90067 (Attn: Paul S. Aronzon, Esq., Gregory A. Bray, Esq., and Thomas R. Kreller, Esq.), as counsel for the Official Committee of Unsecured Creditors; and (xi) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The TCC respectfully submits that no further notice is required.

No previous request for the relief sought herein has been made by the TCC to this or any other court.

- 4 -

**WHEREFORE**, the TCC respectfully requests entry of an order granting the Motion to Shorten, and such other and further relief as the Court may deem just and appropriate.

Dated: July 26, 2019

BAKER & HOSTETLER LLP

By: _____
Kody D. L. Kleber

*Attorneys for Official Committee of Tort Claimants*