Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone: 628.208.6434
Facsimile: 310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002 TO RETAIN AND EMPLOY TRIDENT DMG LLC AS COMMUNICATIONS CONSULTANT EFFECTIVE AS OF JULY 18, 2019**<br><br>Date: August 27, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 94102<br>Objection Deadline: August 20, 2019 |

The Official Committee of Tort Claimants (the "**TCC**") of PG&E Corporation and Pacific Gas and Electric Company (collectively the "**Debtors**") hereby submits this application (the "**Application**") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the TCC to retain and employ Trident DMG LLC ("**Trident**") as the TCC's communications consultant effective as of July 18, 2019, pursuant to section 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and in accordance with the terms and conditions set forth in the engagement letter between the TCC and Trident dated July 26, 2019 (the "**Engagement Letter**"). In support of the Application, the TCC respectfully represents as follows:

## I. JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges* of the United States District Court of the Northern District of California, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

2. On January 29, 2019 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "**Cases**") in the United States Bankruptcy Court for the Northern District of California (the "**Court**"). On January 31, 2019, the Court entered an order consolidating the Chapter 11 Cases for joint administration (Dkt. No. 207).

3. The Debtors continue to manage their assets and operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in the Chapter 11 Cases.

4. On February 15, 2019, the Office of the United States Trustee ("**U.S. Trustee**") filed an Appointment of the Official Committee of Tort Claimants (Dkt. No. 453). Following the resignation of Richard Heffern from the original committee and the addition of Tommy Wehe, on

February 21, 2019, the U.S. Trustee filed the Amended Appointment of the Official Committee of Tort Claimants (Dkt. No. 530). The members of the TCC are: (i) GER Hospitality, LLC, in its capacity as an individual claimant; (ii) Kirk Trostle; (iii) Tommy Wehe; (iv) Angelo Loo; (v) Karen K. Gowins; (vi) Agajanian, Inc.; (vii) Susan Slocum; (viii) Samuel Maxwell; (ix) Karen M. Lockhart; (x) Wagner Family Wines-Caymus Vineyards; and (xi) Gregory Wilson. The TCC conducted a meeting on February 15, 2019, at which all members were present, and appointed Karen M. Lockhart as Chairperson.

5. The TCC has a unique role in the Cases. It is the representative of the largest and must vulnerable group of creditors. Many of the tort claimants have lost everything, including their loved ones. They live with the memories of the fires surrounding them, and continue to struggle to rebuild their lives. Many have been displaced from their homes, and some are still homeless. Most are unfamiliar with the bankruptcy process. As a result, among its many responsibilities, the TCC must effectively communicate with this large and dispersed group in a way that enables the tort claimants to understand what is occurring in the Cases and with AB1054, and what they need to do to fully realize their rights in the Cases.

## III. Retention of Trident

### A. Qualifications of Trident

6. Trident is a multi-disciplinary, full-service communications firm dedicated to providing its clients with communications and consulting representation in the areas of public affairs, legislation, litigation and investigations. Trident's professionals have decades of experience developing, executing and managing communications strategies connected to issues directly relevant to the Cases including mass tort, restructuring, corporate governance and public-private partnerships. Trident has represented clients in financial distress both in and out of bankruptcy. Among other services, Trident routinely assists its clients with their efforts to educate their stakeholders and constituents regarding resources available to them. Trident also facilitates client communications that support their litigation positions. Trident has fourteen (14) full-time staff to enable it to carry out its duties.

7. Among their other engagements, Trident's partners have represented the City of

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

Vallejo, California during its bankruptcy proceedings, the City of Half Moon Bay, California, in connection with its debt restructuring, and the owner of a Virgin Islands telecommunications company during its bankruptcy proceedings. In addition to its work with clients in financial distress, Trident advises clients on the communications aspects of disputes involving mass tort, regulatory investigations, consumer protection and safety, health, employment, privacy, professional liability, public-private partnerships and corporate governance. Trident represents a wide variety of clients, including non-profits, high net-worth individuals and families, public figures, start-ups, Fortune 50 companies, and municipal and state governments.

**B.  Scope of Services to be Provided by Trident and Lack of Duplication**

8.  The TCC has requested that Trident assist it in connection with developing and preparing a communications plan for tort claimants through the TCC's statutory website and other media. The constituents of the TCC, unlike other creditors and parties in interest in the Cases, are involuntary creditors, largely residents of Northern California that have been adversely affected by the various fires that occurred between 2015 and 2018. These residents are not familiar with how a corporate bankruptcy works, the claims process or other aspects of the Cases that may concern their interests. Many of these claimants are not even aware of the TCC or its role in the Cases. These involuntary creditors need more explanation and guidance regarding basic bankruptcy terms and principles, and bankruptcy proceedings. The TCC believes that it will be more effective and cost-efficient to retain a professional communications firm to assist it in preparing information and messaging than relying on the TCC's bankruptcy counsel or financial advisors.

9.  Moreover, the TCC will ensure that the scope of Trident's services will complement, and not overlap, the services of Epiq Systems, the professional that is providing website services jointly to the TCC and the Official Committee of Unsecured Creditors ("**OCUC**"). Trident will prepare content for placement on the TCC website but will not host a separate website or otherwise perform services that Epiq is performing in the Cases.

10.  The TCC will also ensure that the services that it requests Trident to undertake do not overlap the services of Primeclerk, the court-approved noticing agent in these Cases. In other

words, by requesting authorization to retain and employ Trident, the TCC is not intending to end-run the Court's order denying its request to authorize the employment of Angeion. While Trident may disseminate information to tort claimants regarding the Cases and the claims process, it has not been retained, and will not be retained, to give notice of the claims bar date or otherwise usurp Primeclerk's functions.

11. Finally, although Trident may have interaction with the TCC's bankruptcy counsel and/or financial advisors, Lincoln and DSI, the TCC will monitor the activities of its professionals to avoid duplication of work.

### C. Trident's Disinterestedness

12. To the best of the TCC's knowledge, information and belief, based on and except as otherwise set forth in the Declaration of Adam W. Goldberg (the "**Goldberg Declaration**"), filed contemporaneously herewith and to which the Engagement Letter is attached, neither Trident nor its professionals have any connection with or represent any other entity having an adverse interest to the Debtors, their creditors or any other party in interest, or their respective attorneys or accountants. The Goldberg Declaration also sets forth, pursuant to Bankruptcy Rule 2014(a), to the best of Mr. Goldberg's knowledge, all of Trident's connections with the Debtors, known creditors, other known parties in interest and their respective attorneys and accountants, and any person employed in the San Francisco Office of the United States Trustee for Region 17. Based upon the Goldberg Declaration, Trident is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

13. The TCC believes that the employment of Trident on the terms set forth in this Application is appropriate and in the best interests of the tort victim creditor body that the TCC represents. The TCC has reviewed the Goldberg Declaration, including the description of Trident's connections with parties in interest and/or potential parties in interest, and has no objection to any matter set forth therein. The TCC thus seeks an order approving Trident's engagement on the terms set forth in this Application and the Engagement Letter.

### D. Effective Date of Retention

14. The TCC requests that Trident's retention be approved effective as of July 18, 2019, the date Trident was selected by the TCC and began substantive work. The TCC believes retention effective as of July 18, 2019 is appropriate in view of the nature of these Cases and the TCC's immediate needs for consulting services.

### E. Compensation of Trident

15. Trident intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines promulgated by the Office of the United States Trustee, and pursuant to the order entered by this Court on February 28, 2019, establishing the procedures for interim compensation and reimbursement of expenses of professionals (Dkt. No. 701) and any additional procedures that may be established by the Court in these Cases.

16. Subject to the Court's approval, Trident will be compensated for the consulting services described herein in the amount of $45,000 for the first month, from July 18, 2019 through August 17, 2019, and for $35,000 for each month thereafter, plus reimbursement of actual expenses, as set forth more fully in the Goldberg Declaration and the Engagement Letter. The initial term of the engagement shall be through November 17, 2019, subject to extension by mutual agreement of the TCC and Trident.

17. Trident will maintain detailed, contemporaneous records of any necessary costs and expenses incurred in connection with the rendering of its services as described above and will be reimbursed for such costs and expenses in conformity with the Guidelines promulgated by the U.S. Trustee as in effect in this District.

### F. Indemnification of Trident

18. As a material part of the consideration for the provision of services by Trident, and as part of the overall compensation payable to Trident under the terms of the Engagement Letter, the TCC seeks approval of certain indemnification obligations as described in the Engagement Letter ("**Indemnification Rights**").

19. Specifically, this Application seeks Court authorization for the Debtors to, among

other things, indemnify, hold harmless, and provide contribution and reimbursement to Trident and its personnel in connection with any disputes arising from litigation-related discovery, or claims or actions for libel, slander, defamation, or invasion of rights of privacy where Trident has acted in good faith and in accordance with the TCC's instructions. Trident is not seeking indemnification for any claim or expense that is judicially determined (the determination having become final) to have arisen from Trident's bad faith, gross negligence, willful misconduct, or negligence.

20. Such indemnification provisions in the Engagement Letter are customary and reasonable for communications consultants, and reflect the qualifications and limitations on indemnification provisions that are customary for such engagements. Given the size and complexity of these Cases, it is reasonable and in the best interests of the Debtors' estates to provide Trident with the limited indemnification protections requested. Accordingly, the Application seeks Court approval of the indemnification terms contained in the Engagement Letter.

## IV. BASIS FOR RELIEF

17. The TCC respectfully requests that the Court authorize the retention and employment of Trident as the TCC's communications consultant, effective as of July 18, 2019, pursuant to section 1103(a) of the Bankruptcy Code, which provides that a committee appointed under section 1102 of the Bankruptcy Code:

> [M]ay select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).

Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

18. The TCC submits that for all the reasons stated above and based upon the Goldberg Declaration, the retention of Trident as the communications consultant to the TCC is merited. Further, as stated in the Goldberg Declaration, Trident is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors or their related parties except as may be disclosed in the Goldberg Declaration. Accordingly, the retention of Trident as the TCC's communications consultant should be approved.

**V.  NOTICE**

19. Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Debtors; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; (xii) counsel for the Fee Examiner, Bruce A. Markell, and (xiii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The TCC respectfully submits that no further notice is required.

**VI.  NO PRIOR REQUEST**

20. No previous request for the relief sought herein has been made to this or any other court.

**VII.  RESERVATION OF RIGHTS**

21. The TCC respectfully reserves the right to file a brief and memorandum of law in response to any objection to this Application.

**WHEREFORE**, the TCC respectfully requests that this Court enter an order, in the form attached hereto as **Exhibit A**, (a) authorizing the retention of Trident effective as of July 18, 2019; and (b) granting such other and further relief as is just and proper.

Dated: July 26, 2019

OFFICIAL COMMITTEE OF TORT CLAIMANTS OF PG&E CORPORATION AND PACIFIC GAS AND ELECTRIC COMPANY

By: /s/ Karen Lockhart
Name: Karen M. Lockhart
Title: Chair of the Official Committee of Tort Claimants