1   Robert A. Julian (SBN 88469)
    Cecily A. Dumas (SBN 111449)
2   BAKER & HOSTETLER LLP
    1160 Battery Street, Suite 100
3   San Francisco, CA 94111
    Telephone:    628.208.6434
4   Facsimile:    310.820.8859
    Email: rjulian@bakerlaw.com
5   Email: cdumas@bakerlaw.com

6   Eric E. Sagerman (SBN 155496)
    Lauren T. Attard (SBN 320898)
7   BAKER & HOSTETLER LLP
    11601 Wilshire Boulevard
8   Suite 1400
    Los Angeles, CA 90025
9   Telephone:    310.820.8800
    Facsimile:    310.820.8859
10  Email: esagerman@bakerlaw.com
    Email: lattard@bakerlaw.com

11

12  *Counsel for Official Committee of Tort Claimants*

13          **UNITED STATES BANKRUPTCY COURT**
            **NORTHERN DISTRICT OF CALIFORNIA**
14             **SAN FRANCISCO DIVISION**

| 15 | **In re:** | Bankruptcy Case |
| | | No. 19-30088 (DM) |
| 16 | **PG&E CORPORATION** | |
| | | Chapter 11 |
| 17 | **-and-** | (Lead Case) |
| | | (Jointly Administered) |
| 18 | **PACIFIC GAS AND ELECTRIC** | |
| | **COMPANY,** | |
| 19 | **Debtors.** | **DECLARATION OF ADAM W.** |
| | | **GOLDBERG IN SUPPORT OF** |
| 20 | □ Affects PG&E Corporation | **APPLICATION OF THE OFFICIAL** |
| | | **COMMITTEE OF TORT CLAIMANTS** |
| 21 | □ Affects Pacific Gas and Electric Company | **PURSUANT TO 11 U.S.C. § 1103 AND** |
| | | **FED. R. BANKR. P. 2014 AND 5002 TO** |
| 22 | ■ Affects both Debtors | **RETAIN AND EMPLOY TRIDENT** |
| | | **DMG LLC AS COMMUNICATIONS** |
| 23 | *All papers shall be filed in the Lead Case,* | **CONSULTANT EFFECTIVE AS OF** |
| | *No. 19-30088 (DM)* | **JULY 18, 2019** |
| 24 | | |
| 25 | | Date:    August 27, 2019 |
| | | Time:    9:30 a.m. (Pacific Time) |
| 26 | | Place:    United States Bankruptcy Court |
| | | Courtroom 17, 16th Floor |
| 27 | | San Francisco, CA 94102 |
| | | Objection Deadline: August 20, 2019 |

28

*(left margin, vertical)* BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

Pursuant to section 1746 of title 28 of the United States Code, I, Adam W. Goldberg, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1. I am Co-Founder and Partner of Trident DMG LLC ("**Trident**"), which has its principal office at 1700 K Street NW, Suite 825, Washington, DC 20006. I am authorized to execute this Declaration on behalf of Trident. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

2. I submit this Declaration in support of the Application (the "**Application**") of the Official Committee of Tort Claimants (the "**TCC**") of PG&E Corporation and Pacific Gas and Electric Company (collectively the "**Debtors**") for the entry of an order authorizing the TCC to retain and employ Trident as communications consultant to the TCC, effective as of July 18, 2019, pursuant to section 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and in accordance with the terms and conditions set forth in the engagement letter between the TCC and Trident dated July 26, 2019 (the "**Engagement Letter**").

3. Trident is a multi-disciplinary, full-service communications firm dedicated to providing its clients with communications and consulting representation in the areas of public affairs, legislation, litigation and investigations. Trident's professionals have decades of experience developing, executing and managing communications strategies connected to issues directly relevant to the Cases including mass tort, restructuring, corporate governance and public-private partnerships. Trident has represented clients in financial distress both in and out of bankruptcy. Among other services, Trident routinely assists its clients with their efforts to educate their stakeholders and constituents regarding resources available to them. Trident also facilitates client communications that support their litigation positions. Trident has fourteen (14) full-time staff to enable it to carry out its duties.

4. Among their other engagements, Trident's partners have represented the City of Vallejo, California during its bankruptcy proceedings, the City of Half Moon Bay, California in connection with its debt restructuring, and the owner of a Virgin Islands telecommunications

company during its bankruptcy proceedings. In addition to its work with clients in financial distress, Trident advises clients on the communications aspects of disputes involving mass tort, regulatory investigations, consumer protection and safety, health, employment, privacy, professional liability, public-private partnerships and corporate governance. Trident also provides consultation services regarding pending and newly enacted legislation. Trident represents a wide variety of clients, including non-profits, high net-worth individuals and families, public figures, start-ups, Fortune 50 companies, and municipal and state governments.

5.  In connection with its proposed retention by the TCC in the Debtors' Cases, Trident obtained from the TCC and/or its representatives the names of individuals and entities that may be parties in interest (individually a "**Potential Party in Interest**" and collectively the "**Potential Parties in Interest**") in the Cases. Trident reviewed the name of each Potential Party in Interest to determine the names of each Potential Party in Interest that has entered into engagement agreements with Trident in the last two years. Additionally, where the review *did not* produce a name identical to the name of Potential Party In Interest but *did* produce a name that could potentially be an affiliate of a Potential Party in Interest or associated with a Potential Party in Interest by virtue of name similarity, Trident also identified and disclosed relationships with any such Potential Party in Interest.

6.  In several instances, the names on the Debtors' list of Potential Parties in Interest were very common and/or generic. As such, it was not possible to identify with certainty whether Trident has any client relationship to disclose for those specific names.

7.  Trident's search revealed that Trident has represented PwC, one of the Debtors' advisors, in the past. To the best of my knowledge and belief, Trident's representation of PwC was on matters wholly unrelated to the Debtors and the Cases. Trident is not doing any current work for PwC.

8.  It is possible that Trident may now or in the future be retained by one or more of the Potential Parties in Interest in unrelated matters without my knowledge. To the extent the Debtors discover and disclose additional Potential Parties in Interest during the course of these Cases, Trident will use reasonable efforts to identify whether a material relationship exists with

2

any such parties. To the extent that Trident discovers or enters into any new, material relationship with Potential Parties in Interest, it will supplement this Declaration.

9. In addition to PwC, Trident may also represent, or may have represented, affiliates, equity holders or sponsors of Potential Parties in Interest and Trident may have worked with, continue to work with, have or had mutual clients with, been represented by and/or advised certain accounting and law firms that are Potential Parties in Interest (and, in the case of law firms, may have entered into engagement agreements in which the law firm was named as client although the work was performed for a mutual client of Trident's and the applicable law firm). Trident may also represent, or may have represented in the past, committees or groups of lenders or creditors, which committees or groups include, or included, entities that are Potential Parties in Interest.

10. Although Trident has researched the Potential Parties in Interest list, the Debtors may have customers, creditors, competitors, and other parties with whom they maintain business relationships that are not included as Potential Parties in Interest and with whom Trident may maintain business relationships. In addition, it is possible that certain of Trident's partners and employees may have had in the past, may currently have, or may in the future have connections to (a) the Debtors, (b) Potential Parties in Interest, or (c) funds or other investment vehicles that may own debt or securities of the Debtors or Potential Parties in Interest.

11. Other than as disclosed herein, Trident has no relationship with the Debtors of which I am aware after due inquiry. Based on the foregoing, I believe Trident is disinterested as defined in section 101(14) of the Bankruptcy Code and does not hold or represent an interest materially adverse to the Debtors or their estates.

12. The compensation structure as set forth in the Application and Engagement Letter were negotiated at arms' length, and are consistent with Trident's typical compensation for work of this nature. The indemnification terms sought here have been standard for Trident engagements for years, and I believe them to be comparable to those generally obtained by communications firms of similar stature to Trident for comparable engagements, both in and out of court. I am not

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

3

aware of any instances where Trident has been engaged with indemnification provisions that are
not consistent in all material respects with those requested here.

Dated: July 26, 2019

By: _____

Adam W. Goldberg
Co-Founder and Partner, Trident DMG LLC

4

ENGAGEMENT
LETTER



July 26, 2019

**BY EMAIL**

Karen Lockhart, Esq.
Chair
Official Committee of Tort Claimants for PG&E Corporation and
    Pacific Gas and Electric Company
c/o Baker & Hostetler LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
-and –
c/o Michael T. Carlson, Esq.
Email: MCarlson@caymus.com

      Re:    Strategic Communications Services

Dear Ms. Lockhart:

      I am pleased to confirm the engagement of Trident DMG LLC ("Trident") by the Official Committee of Tort Claimants for PG&E Corporation and Pacific Gas and Electric Company (the "Client" or "you") for strategic communications services related to the Chapter 11 bankruptcy proceedings (the "Matter") of PG&E Corporation and Pacific Gas and Electric Company (the "Debtors"). The purpose of this engagement letter is to confirm the terms and conditions of this engagement for the Matter. Trident understands and agrees that this engagement is conditioned upon the approval of the U.S. Bankruptcy Court for the Northern District of California and that neither the Client nor Trident shall have any obligations hereunder until such approval.

      Trident agrees to keep confidential any and all information concerning the Matter that becomes known to us and which you or your counsel advise us is to be considered confidential in nature. You agree to keep confidential our recommendations and confidential information regarding various projects in which we are now or may be involved.

      The services shall constitute advising the Client and its counsel on communications strategies and efforts to support its litigation positions in the Matter and to otherwise serve the needs of the Client and related tort claimants. This shall include helping educate stakeholders about the Client's legal positions, helping educate the public about the October deadline for tort claimants to identify themselves, helping tort victims learn about and benefit from funds already available to assist them in the wakes of their injuries and losses, and performing related communications services.

The services shall be performed for a fee of $45,000 (not including costs and expenses) for the first month, from July 18, 2019 through August 17, 2019, and for $35,000 for each month thereafter. The initial term of this engagement shall be through November 17, 2019, and the Client and Trident may extend this term upon mutual agreement in each's sole and absolute discretion.

In addition to the fee, Trident charges for travel expenses and certain costs and disbursements incurred in connection with rendering its services. Any costs and disbursements so charged will be tracked on your account as they are incurred. Fees and disbursements incurred will be billed in monthly statements.

Trident shall submit monthly invoices to Baker & Hostetler LLP, on the Client's behalf, for services rendered and reasonable expenses incurred. Unless special arrangements are made, Trident does not take responsibility for paying fees and expenses of third parties. All fees and expenses incurred by Trident shall be paid in accordance with the Order Pursuant to 11 U.S.C. Sections 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals dated February 28, 2019. Trident understands and agrees that all invoices are subject to review and approval by the Client, its members, the United States Trustee, the court-appointed fee examiner for the related cases, and the U.S. Bankruptcy Court for the Northern District of California.

Trident agrees that notwithstanding anything in this agreement to the contrary, its fees and expenses as described herein shall be paid by the Debtors. Individual members of the Client, and any other advisors of the Client, shall have no responsibility for any of our fees and expenses hereunder or otherwise. Notwithstanding that fees and expenses for the engagement will be paid by one or more of the Debtors, no such Debtor has been, is, or while this Engagement is in effect, will become, our client in any matter whatsoever.

Since we will act at your discretion, you agree to seek a court order requiring the Debtors to indemnify and hold us and our agents and assigns harmless with respect to any claims or actions for litigation-related discovery arising from the Matter or any claims against you. You also agree to seek a court order requiring the Debtors to indemnify and hold us and our agents and assigns harmless with respect to any claims or actions for libel, slander, defamation, or invasion of rights of privacy arising out of our work on the Matter where we have acted in good faith and in accordance with your instructions; it being understood and agreed that this indemnity shall not extend to any claims or actions for libel, slander, defamation, or invasion of rights of privacy where we have acted contrary to or absent your instructions or otherwise have acted with gross negligence.

This engagement letter will take effect upon execution of this letter, but its effective date will be retroactive to the date Trident first performed services. This agreement may be executed in counterpart, and an electronically-transmitted signature shall be deemed to be the legal equivalent of an original signature.

The Client or Trident may terminate this representation at any time, with or without cause. In the event of termination by either of us, the Client agrees to seek payment from the U.S. Bankruptcy Court for the Northern District of California for fees and costs for work performed before termination, to the extent permitted by law.

If the foregoing accurately reflects our agreement, please confirm by signing below, retaining a copy for your records, and returning it to me. Please do not hesitate to call me to discuss any questions you may have regarding this agreement. In addition, I encourage you to review this agreement with your legal counsel to answer any questions or concerns you may have.

Thank you again for this opportunity. I look forward to working with you.

Very truly yours,

**TRIDENT DMG LLC**

By: _____

Adam W. Goldberg
Co-Founder and Partner

**OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR PG&E CORPORATION AND PACIFIC GAS AND ELECTRIC COMPANY**

By: _____
Name: Karen M. Lockhart
Title: Chair, Official Committee of Tort Claimants