Christopher E. Ng, Esq. (CSB # 216969)
cng@gibbsgiden.com
Michele A. Ellison, Esq. (CSB # 301889)
mellison@gibbsgiden.com
**GIBBS GIDEN LOCHER TURNER
SENET & WITTBRODT LLP**
1880 Century Park East, 12th Floor
Los Angeles, California 90067-1621
Telephone:   (310) 552-3400
Facsimile:   (310) 552-0805
(#5917.010)

Attorneys for Creditor
CAMBLIN STEEL SERVICE, INC.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br><br>Debtors. | Bankruptcy Case Nos.<br>19-30088-DM (Lead Case)<br>19-30089-DM<br><br>CHAPTER 11<br><br>(Jointly Administered)<br><br>**NOTICE OF PERFECTION OF LIEN OF CAMBLIN STEEL SERVICE, INC.**<br><br>(11 U.S.C. §§ 362. 546(b)) |

TO THE DEBTOR, ITS ATTORNEY AND ANY AND ALL INTERESTED PERSONS:

Creditor CAMBLIN STEEL SERVICE, INC. ("Camblin"), by and through its undersigned counsel, hereby files this notice of perfection, maintenance, and continuation of perfection of its mechanics lien against Debtors PG&E CORPORATION ("PG&E") and PACIFIC GAS AND ELECTRIC COMPANY (collectively with PG&E, "Debtors") pursuant to 11 U.S.C. section 362(b)(3) and 546(b)(2)(A) ("Notice"). In support of this Notice, Camblin represents the following:

1

NOTICE OF PERFECTION OF LIEN
2217252.2

1. Camblin is a California corporation, in the business of furnishing and installing rebar and related steel goods and materials, with its principal place of business at 4175 Cincinnati Avenue, Rocklin, CA 95765.

2. Debtor PG&E entered into a contract with Turner Construction Company ("Turner"), pursuant to which Turner was to provide general contracting services for the improvement of certain real property owned, or reputed to be owned, by PG&E for the Project commonly known as "PGE EER Warehouse Martin Substation" also known as "PG&E Bay Area EER Warehouse Martin Substation Yard" and also known as "PG&E Warehouses Brisbane – Project #180027" (the "Project"), located at 3150 Geneva Avenue, Brisbane, CA 94014, APN 005-141-994 (the "Real Property").

3. Turner entered into a subcontract with Starch Concrete, Inc. ("Starch") for the Project, pursuant to which Starch was to provide concrete-related services to the Project.

4. Subsequently, Starch subcontracted with Camblin pursuant to which Camblin was to furnish and install rebar and related steel goods and materials for the Project ("Subcontract").

5. Prior to the bankruptcy petition, Camblin furnished such rebar and related steel goods and materials for the Project in accordance with the scope of work contained in the Subcontract.

6. The principal sum, exclusive of interest and other charges, that is currently due and owing to Camblin for the prepetition labor and materials provided to PG&E pursuant to the Subcontract is **$198,527.00.**

7. On July 17, 2019, Camblin recorded its Mechanics Lien against the Real Property in the amount of $198,527.00. A true and correct copy of the Mechanics Lien recorded in San Mateo County, Instrument No. 2019-055816 is attached hereto as Exhibit "A" and incorporated herein by reference.

8. Bankruptcy Code, 11 U.S.C. section 362(b)(3), provides that:

> The filing of a petition under section 301, 302, or 303 of this title...does not operate a stay... under subsection (a) of this section, of any act to

perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to perfection under Section 546(b) of this title or to the extent that such act is accomplished within the period provide under section 547(e)(2)(A) of this title. 11 U.S.C. § 362(b)(3).

9. Bankruptcy Code, 11 U.S.C. section 546(b), provides that:

(1) The rights and powers of a trustee under sections 544, 545, and 549 of this title are subject to any generally applicable law that—
 (A) permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection; or
 (B) provides for the maintenance or continuation of perfection of an interest in property to be effective against an entity that acquire rights in such property before the date on which action is taken to effect such maintenance or continuation.
(2) If –
 (A) a law described in paragraph (1) requires seizure of such property or commencement of an action to accomplish such perfection, or maintenance or continuation of perfection of an interest in property; and
 (B) such property has not been seized or such an action has not been commenced before the date of the filing of the petition;
Such interest in such property shall be perfected, or perfection of such interest shall be maintained or continued, by giving notice within the time fixed by such law for such seizure or such commencement. 11 U.S.C. § 546(b).

10. Pursuant to California Mechanics Lien law, a claimant must commence an action to enforce a lien within 90 days after recordation of the claim of lien. Cal. Civ. Code § 8460(a). Because the Debtors filed their Chapter 11 petition for bankruptcy on January 29, 2019, it created an automatic stay of all actions, including a claimant's action to enforce a lien. Thus, Camblin was prevented from commencing an action to enforce its Mechanics Lien against the Debtors and perfect its Mechanics Lien under the law.

11. Accordingly, Camblin hereby gives this notice in lieu of the commencement of any action to perfect, maintain, or otherwise preserve its mechanics lien pursuant to 11 U.S.C. § 546(b) and California Civil Code sections 8460(a), and in accordance with *Village*

3

NOTICE OF PERFECTION OF LIEN

*Nurseries v. Greenbaum* (2002) 101 Cal.App.4th 26, 123 Cal.Rptr.2d 555 and *Village Nurseries v. David Gould (In re Baldwin Builders)*, 232 B.R. 406, 410-11 (B.A.P. 9th Cir. 1999), including the recording of a claim of lien, the commencement of action to enforce the Mechanics Lien, the filing of a Pendency of Action, and/or the service of notice on purchasers of production on the Real Property.

12. Camblin hereby gives notice it intends to enforce its rights under the Mechanics Lien to the fullest extent allowed under the law. This Notice shall not be construed as an admission that such filing is required or to the necessity of recording, commencement, or seizure. In addition, Camblin hereby gives notice that it has, or may be entitled to, additional mechanics lien rights to properties owned by the Debtors as they become due and owing according to prepetition contracts for the improvement of real property. This Notice shall preserve and continue to preserve any and all of Camblin's rights as to its Mechanics Lien under California law and the Bankruptcy Code.

13. Camblin reserves the right to amend, supplement, or otherwise modify this Notice and reserves any and all rights entitled to it under the applicable law.

DATED: July 26, 2019

GIBBS GIDEN LOCHER TURNER
SENET & WITTBRODT LLP

By: /s/ Michele A. Ellison
Christopher E. Ng, Esq.
Michele A. Ellison, Esq.
Attorneys for Creditor
CAMBLIN STEEL SERVICE. INC..

GIBBS GIDEN LOCHER TURNER SENET & WITTBRODT LLP

# ELECTRONIC PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1880 Century Park East, 12th Floor, Los Angeles, California 90067

On July 29, 2019, I served true copies of the following document(s) described as **NOTICE OF PERFECTION OF LIEN OF CAMBLIN STEEL SERVICE, INC.** on the interested parties in this action as directed by the Order Implementing Certain Notice and Case Management Procedures issued March 6, 2019.

**BY ELECTRONIC FILING THROUGH CM/ECF PARTICIPANTS:** Based on the Order Implementing Certain Notice and Case Management Procedures, transmission of service through CM/ECF shall constitute effective service on that Registered Participant. My electronic service address is lrochelle@gibbsgiden.com, and I caused the document(s) to be sent to the persons using the CM/ECF system. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 29, 2019, at Los Angeles, California.

/s/ La'Tonya Rochelle
---
La'Tonya Rochelle