Jennifer Machlin Cecil (SBN#294806)
Jcecil@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

David Neier (*admitted pro hac vice*)
dneier@winston.com
WINSTON & STRAWN LLP
200 Park Avenue, 40th Floor
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

*Attorneys for Global Ampersand LLC*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.** | Bankruptcy Case No. 19 - 30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**MOTION OF GLOBAL AMPERSAND LLC PURSUANT TO 11 U.S.C. §§ 105(a) AND 107(b) AND FRBP 9018 FOR ENTRY OF AN ORDER AUTHORIZING THE FILING OF EXHIBITS UNDER SEAL** |
| ☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | **Hearing Date:** August 14, 2019<br>**Time:** 9:30 a.m. (P.T.)<br><br>Courtroom: Hon. Dennis Montali<br>450 Golden Gate A venue<br>16th Floor, Courtroom 17<br>San Francisco, CA 94102<br><br>**Objections Due:** July 31, 2019, 4:00 (P.T.) |

Global Ampersand LLC ("Global") by and through its undersigned counsel, submits this motion (this "Sealing Motion"), pursuant to Sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 1001-2(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "Bankruptcy Local Rules"), and the *New District Wide Procedures for Electronically Filing Sealed and Redacted Documents* adopted by the United States Bankruptcy Court for the Northern District of California (the "Local Procedures"), for entry of an order authorizing Global to file under seal the exhibits (the "Exhibits") containing information concerning the contractual relationship between Global and the Debtors related to the *Debtors' First Omnibus Report and Objection to Claims Asserted pursuant to 11 U.S.C. § 503(B)(9)* dated July 8, 2019 [Docket No. 2896] (the "Objection") and to Global's Response (the "Response") filed contemporaneously herewith and directing that the Exhibits will remain under seal and confidential and not be made available to anyone without the consent of Global and the Debtors, or further order from the Court. A proposed form of order is attached hereto as Exhibit A, in accordance with the Local Procedures (the "Proposed Order").[1]

In support of the Sealing Motion, Global respectfully represents the following:

**JURISDICTION**

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges,* General Order 24 (N.D. Cal.), and 5011-l(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "Bankruptcy Local Rules").

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection and Response.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for this motion are 11 U.S.C. §§ 362(b)(6) and 556, Rule 4001(a)(l) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Bankruptcy Local Rule 4001-1.

**PRELIMINARY STATEMENT**

3. Along with this Sealing Motion, Global has contemporaneously filed the Response to the Objection. The PPAs contain confidentiality provisions and the Exhibits to the Response may contain information that the Debtors consider confidential. Accordingly, Global respectfully requests that the Court allow the Exhibits to be submitted under seal so that the Objection and Response can be adequately adjudicated without violating the confidence of the parties to the PPA regarding the terms of their agreement.

**FACTS**

4. Global is a small power producer that supplies renewable power pursuant to power purchase agreements (the "PPAs") to the Utility from two biomass facilities located in Chowchilla and El Nido, California. The Utility and Global are parties to the PPAs. The PPAs generally provide that Global will supply power to the Utility. The PPAs contain confidential and commercially sensitive information prohibiting the disclosure of "the non-public terms or conditions of this Agreement or any Transaction hereunder to a third party…." PPA §10.11.

5. Because the Exhibits contain non-public pricing information and confidential commercial information, Global respectfully request that the Court permit the PPA to be filed under seal so as to ensure that the Exhibits are not publicly disclosed in violation of their confidentiality provisions.

# LEGAL ARGUMENT

6. Pursuant to section 105(a) of the Bankruptcy Code, the Court is allowed to "issue any order ... that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Code section 107(b) provides that, "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may ... [p]rotect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b).

7. An entity seeking protection under Section 107(b) need only show that the information it seeks to seal is "confidential" and "commercial" in nature. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). Commercial information has been defined as information that would produce "an unfair advantage to competitors by providing them with information as to the commercial operations" of the entity seeking protection. *In re Itel Corp.*, 17 B.R. 942, 944 (9th Cir. B.A.P. 1982). Commercial information does not need to be a trade secret to fall under Section 107(b)'s protection. *See Orion Pictures Corp.*, 21 F.3d at 28 (finding that § 107(b) was carefully drafted to avoid merging "trade secrets" with "confidential commercial information").

8. Under the Bankruptcy Rules, the Court is similarly authorized to "make any order which justice requires ... to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. Similarly, the Local Procedures require that a request to file under seal be narrowly tailored to sealable materials. *New District Wide Procedures for Electronically Filing Sealed and Redacted Documents*.

9. Because the Exhibits contains confidential commercial information within the scope of Bankruptcy Code section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Court should grant the Sealing Motion.

10. Public disclosure of the Exhibits would cause substantial harm to both parties and create an unfair advantage for potential competitors seeking to enter into similar agreements. The Exhibits contain highly sensitive commercial information and is subject to robust confidentiality provisions negotiated and agreed between PG&E and Global. Disclosure of this information would put the parties at a competitive disadvantage by constraining their ability to negotiate capacity storage agreements in future transactions. Further, compelling public disclosure of the Exhibits could have a chilling effect that discourages other potential transaction counterparties from entering into similar agreements with the parties in the future.

## NOTICE

Notice of this motion is being provided in accordance with the Objection.

## CONCLUSION

For the foregoing reasons, the Court should issue an order (i) granting this Sealing Motion; (ii) authorizing Global to file the Exhibits under seal; and (iii) granting such other and further relief as is just and proper.

Dated: July 31, 2019          WINSTON & STRAWN LLP

By:   /s/ Jennifer Machlin Cecil
      Jennifer Machlin Cecil (SBN#294806)
      David Neier (*admitted pro hac vice*)

*Attorneys for Global Ampersand LLC*

**Exhibit A**

**Proposed Order**

Jennifer Machlin Cecil (SBN#294806)
Jcecil@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

David Neier (*admitted pro hac vice*)
dneier@winston.com
WINSTON & STRAWN LLP
200 Park Avenue, 40th Floor
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

*Attorneys for Global, Inc.
and Willow Springs Solar 3, LLC*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| In re: | Bankruptcy Case No. 19 - 30088 (DM) |
|---|---|
| **PG&E CORPORATION** | Chapter 11<br>(Lead Case)<br>(Jointly Administered) |
| -and- | |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **[PROPOSED] ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 107(b) AND FRBP 9018 AUTHORIZING GLOBAL AMPERSAND LLC TO FILE EXHIBITS UNDER SEAL** |
| Debtors. | |
| ☐ Affects PG&E Corporation<br><br>☒ Affects Pacific Gas and Electric Company<br><br>☐ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | **Hearing Date:** **August 14, 2019**<br>**Time:** **9:30 a.m. (P.T.)**<br><br>Courtroom: Hon. Dennis Montali<br>450 Golden Gate A venue<br>16th Floor, Courtroom 17<br>San Francisco, CA 94102<br><br>**Objections Due: July 31, 2019, 4:00 (P.T.)** |

Upon the motion of Global Ampersand LLC ("Global"), for entry of an order pursuant to Sections 105(a) and 107(b) of the Bankruptcy Code1 and Rule 2018 of the Bankruptcy Rules for authority to file the Exhibits under seal, all as more fully set forth in the Motion to File Under Seal;[1] and this Court having jurisdiction to consider the Sealing Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges,* General Order 24 (N.D. Cal.) and Bankruptcy Local Rule 5011-l(a); and consideration of the Sealing Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Sealing Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Sealing Motion; and this Court having determined that that the legal and factual bases set forth in the Sealing Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Sealing Motion is granted.

2. Global is hereby authorized to file the Exhibits under seal.

3. The Exhibits shall remain under seal, and shall not be made available to anyone without the consent of Global and the Debtors, except that copies shall be provided to the Court on a strictly confidential basis.

4. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection, Response and the Sealing Motion.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**\*\*END OF ORDER\*\***