C. Luckey McDowell (*admitted pro hac vice*)
Ian E. Roberts (*admitted pro hac vice*)
SHEARMAN & STERLING LLP
1100 Louisiana
Suite 3300
Houston, Texas 77002
Tel: (713) 354-4875
Email: luckey.mcdowell@shearman.com
       ian.roberts@shearman.com

Daniel Laguardia (CA Bar No. 314654)
SHEARMAN & STERLING LLP
535 Mission Street
25th Floor
San Francisco, CA 94105
Tel: (415) 616-1114
Email: daniel.laguardia@shearman.com

*Counsel for Shiloh IV Lessee, LLC*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E Corporation, Pacific Gas & Electric Company,<br><br> Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br>* All papers shall be filed in the Lead Case No. 19-30088 DM. | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**OPPOSITION OF SHILOH IV LESSEE, LLC TO DEBTORS' FIRST OMNIBUS REPORT AND OBJECTION TO CLAIMS ASSERTED PURSUANT TO 11 U.S.C. § 503(b)(9)**<br><br>Hearing Date: 8/14/2019<br>Time: 9:30 a.m. PT<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>**Objection Deadline**: July 31, 2019<br>                  4:00 p.m. PT |

Shiloh IV Lessee, LLC ("Shiloh IV") submits this opposition (this "Opposition") to the *Debtor's First Omnibus Report and Objection to Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9)* [Docket No. 2896] (the "Omnibus Objection"), filed by PG&E Corporation ("PG&E") and Pacific Gas and Electric Company (the "Utility" and together with PG&E, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), and respectfully represents as follows.

## Background

Shiloh IV and the Utility are parties to a Power Purchase Agreement, dated July 28, 2011 (the "PPA"), whereby Shiloh IV, as seller, supplies electricity to the Utility, as buyer, at contractual rates under the terms of the PPA.[1]

On April 17, 2019, Shiloh IV submitted a proof of claim pursuant to 11 U.S.C. § 503(b)(9) and the Court's *Order Establishing Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted pursuant to 11 U.S.C. § 503(b)(9)* [ECF No. 725], asserting a claim against the Utility for amounts owed for power generation it received during the 20-day period prior to January 29, 2019 (the "Shiloh IV 503(b)(9) Claim").[2] The Shiloh IV 503(b)(9) Claim asserted an amount of $662,317.79, premised on the setoffs taken by Shiloh IV; otherwise, Shiloh IV reserved the right to amend its 503(b)(9) claim to assert a claim as high as $751,172.43.

On July 8, 2019, the Debtors filed their Omnibus Objection, seeking to partially reclassify the Shiloh IV 503(b)(9) Claim as a general unsecured claim on the grounds that the amount asserted allegedly "includes amounts that do not represent goods delivered in the 20 days prior to the Petition Date." *See* Omnibus Objection, Exhibit A. Specifically, the Debtors propose that of the

---

[1] The Utility originally entered into the PPA with Shiloh IV Wind Project, LLC ("Shiloh Wind"). Shiloh Wind assigned, transferred and set over all of its right, title and interest in the PPA to Shiloh IV, and Shiloh IV assumed all privileges, liabilities and obligations of Shiloh Wind thereunder pursuant to that certain Assignment and Consent Agreement, dated as of December 27, 2012, by and among the Utility, Shiloh Wind and Shiloh IV.
[2] The Shiloh IV 503(b)(9) Claim is claim number 2447.

1

$662,317.79, $471,552.14 be allowed under 11 U.S.C. § 503(b)(9) and that the remaining $190,765.65 be reclassified as an unsecured claim.

**Opposition**

The entirety of the Shiloh IV 503(b)(9) Claim was attributed to goods supplied to and received by the Utility. No portion of the claim related to services or a combination of goods and services, as evident from the invoice that Shiloh IV submitted together with its proof of claim. Accordingly, the Shiloh IV 503(b)(9) Claim should be allowed as filed.

Shortly before filing bankruptcy, the Utility paid Shiloh IV for certain outstanding invoices plus certain prepayments above and beyond amounts then due. As of the petition date, Shiloh IV had delivered power generation to the Utility for which it had not been paid, and at the same time was in possession of such prepayments. Fortunately, the Debtors obtained a first-day order that specifically authorized Trading Counterparties, like Shiloh IV, to setoff mutual amounts owed without need for further Court order.[3] Under the Trading Counterparties Order, [t]he Trading Counterparties are authorized to exercise any valid right to setoff, settle or recoup *any obligations* owing by the utility to the Trading Counterparties, and to apply cash or other collateral to outstanding obligations, notwithstanding any limits otherwise imposed by section 553 of the Bankruptcy Code." (emphasis added). In accordance with the Trading Counterparties Order, Shiloh IV applied the prepayments to outstanding invoices and obligations of the Utility on a first-in-time basis.

If the setoff is so allowed, Shiloh IV will have a 503(b)(9) claim in the amount of $662,317.79; if the setoff is disallowed, however, Shiloh IV could have a 503(b)(9) claim as high

---

[3] *See Final Order Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364 and Fed. R. Bankr. P. 6003 and 6004 Authorizing Debtors to (A) Honor Prepetition Obligations to Natural Gas and Electricity Exchange Operators, (b) Grant Administrative Expense Claims and Authorize Posting of Collateral to Exchange Operators, Trading Counterparties, and Future Commission Merchants, (C) Modify the Automatic Stay, and (D) Grant Related Relief*, [ECF No. 696] (the "Trading Counterparties Order").

2

as $751,172.43, plus additional general unsecured claims. Shiloh IV's assertion of a 503(b)(9) claim in the amount of $662,317.79 is premised upon its setoff and first-in-time methodology, which the Trading Counterparties Order allows.

Accordingly, Shiloh IV respectfully requests that the Court (1) deny the Omnibus Objection as it pertains to the Shiloh IV 503(b)(9) Claim, and (2) rule that the Shiloh IV properly set off prepayments under the Trading Counterparties Order.

Dated: July 31, 2019              SHEARMAN & STERLING LLP

*/s/ C. Luckey McDowell*
C. Luckey McDowell (admitted *pro hac vice*)
Daniel Laguardia
Ian E. Roberts (admitted *pro hac vice*)

*Counsel for Shiloh IV Lessee, LLC*

3

# CERTIFICATE OF SERVICE

On July 31, 2019, I caused to be served a true copy of the following document by electronically filing the document with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ C. Luckey McDowell*
C. Luckey McDowell