C. Luckey McDowell (*admitted pro hac vice*)
Ian E. Roberts (*admitted pro hac vice*)
SHEARMAN & STERLING LLP
1100 Louisiana
Suite 3300
Houston, Texas 77002
Tel: (713) 354-4875
Email: luckey.mcdowell@shearman.com
ian.roberts@shearman.com

Daniel Laguardia (CA Bar No. 314654)
SHEARMAN & STERLING LLP
535 Mission Street
25th Floor
San Francisco, CA 94105
Tel: (415) 616-1114
Email: daniel.laguardia@shearman.com

*Counsel for Marsh Landing, LLC*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| In re:<br><br>PG&E Corporation, Pacific Gas & Electric Company,<br><br>Debtors. | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered) |
|---|---|
| ☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br>* All papers shall be filed in the Lead Case No. 19-30088 DM. | **OPPOSITION OF MARSH LANDING, LLC TO DEBTORS' FIRST OMNIBUS REPORT AND OBJECTION TO CLAIMS ASSERTED PURSUANT TO 11 U.S.C. § 503(b)(9)**<br><br>Hearing Date: 8/14/2019<br>Time: 9:30 a.m. PT<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>**Objection Deadline**: July 31, 2019<br>4:00 p.m. PT |

Marsh Landing, LLC ("Marsh Landing") submits this opposition (this "Opposition") to the *Debtor's First Omnibus Report and Objection to Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9)* [Docket No. 2896] (the "Omnibus Objection"), filed by PG&E Corporation ("PG&E") and Pacific Gas and Electric Company (the "Utility" and together with PG&E, the "Debtors") in the above-captioned chapter 11 cases, and states as follows.

## Background

Marsh Landing and the Utility are parties to a Power Purchase Agreement, dated September 2, 2009 (the "PPA"), whereby Marsh Landing, as seller, supplies electricity to the Utility, as buyer, at contractual rates under the terms of the PPA.

On March 29, 2019, Marsh Landing submitted a proof of claim pursuant to 11 U.S.C. § 503(b)(9) and the Court's *Order Establishing Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted pursuant to 11 U.S.C. § 503(b)(9)* [ECF No. 725], asserting a claim against the Utility for amounts owed for power generation it received during the 20-day period prior to January 29, 2019 (the "Marsh Landing 503(b)(9) Claim").[1] The Marsh Landing 503(b)(9) Claim asserted no claims if the Debtors agreed with the setoffs taken by Marsh Landing; otherwise, Marsh Landing reserved the right to amend its 503(b)(9) claim to assert claims in excess of $6 million.

On July 8, 2019, the Debtors filed their Omnibus Objection, seeking to disallow and expunge the Marsh Landing 503(b)(9) Claim. *See* Omnibus Objection, Exhibit A.

The Debtors' objection should not be sustained absent either (i) affirmation of the setoffs taken by Marsh Landing or (ii) preservation of Marsh Landing's right to amend its 503(b)(9) claim in the event that the setoffs are successfully challenged in the future.

---

[1] The Marsh Landing 503(b)(9) Claim is claim number 2026. The entirety of the Marsh Landing 503(b)(9) Claim was attributed to goods supplied to and received by PG&E. No portion of the claim related to services or a combination of goods and services.

1

**Opposition**

Shortly before filing bankruptcy, the Utility paid Marsh Landing for certain outstanding invoices, plus more than $6 million in prepayments above and beyond amounts then due. As of the Petition Date, Marsh Landing had delivered no less than $6.3 million in unpaid power generation to the Utility, and at the same time was in possession of more than $6.3 million in prepayments from the Utility. Fortunately, the Debtors anticipated accounting issues like this and included among their first-day motions one motion that specifically authorized Trading Counterparties, like Marsh Landing, to setoff mutual amounts owed without need for further Court order.[2] Under the Trading Counterparties Order, "[t]he Trading Counterparties are authorized to exercise any valid right to setoff, settle or recoup *any obligations* owing by the utility to the Trading Counterparties, and to apply cash or other collateral to outstanding obligations, notwithstanding any limits otherwise imposed by section 553 of the Bankruptcy Code." (emphasis added). In accordance with the Trading Counterparties Order, Marsh Landing applied a portion of the prepayments to outstanding invoices and obligations of the Utility on a first-in-time basis.

If the setoff is allowed, Marsh Landing will have no 503(b)(9) claim; if the setoff is disallowed, however, Marsh Landing could have a 503(b)(9) claim as high as $6,302,668.07. Marsh Landing's assertion of a 503(b)(9) claim in the amount of $0.00 is premised upon its setoff and first-in-time methodology, which the Trading Counterparties Order allows. The Debtors—having objected to the Marsh Landing 503(b)(9) Claim—dispute Marsh Landing's setoff calculation. Marsh Landing cannot consent to the entry of a final order disallowing its 503(b)(9) claim, only to later face a challenge to how it applied the pre-payments.

---

[2] *See Final Order Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364 and Fed. R. Bankr. P. 6003 and 6004 Authorizing Debtors to (A) Honor Prepetition Obligations to Natural Gas and Electricity Exchange Operators, (b) Grant Administrative Expense Claims and Authorize Posting of Collateral to Exchange Operators, Trading Counterparties, and Future Commission Merchants, (C) Modify the Automatic Stay, and (D) Grant Related Relief*, entered February 28, 2019 [ECF No. 696] (the "Trading Counterparties Order").

2

Accordingly, Marsh Landing respectfully requests that the Court either (1) deny the Omnibus Objection as it pertains to the Marsh Landing 503(b)(9) Claim or (2) expressly preserve Marsh Landing's right to amend and reassert its 503(b)(9) claim in the event that the setoffs are successfully challenged in the future.

Dated: July 31, 2019                                SHEARMAN & STERLING LLP

/s/ *C. Luckey McDowell*
C. Luckey McDowell (admitted *pro hac vice*)
Daniel Laguardia
Ian E. Roberts (admitted *pro hac vice*)

*Counsel for Marsh Landing, LLC*

# CERTIFICATE OF SERVICE

On July 31, 2019, I caused to be served a true copy of the following document by electronically filing the document with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ C. Luckey McDowell*
C. Luckey McDowell