MACDONALD | FERNANDEZ LLP
Iain A. Macdonald (SBN 051073)
221 Sansome Street, Third Floor
San Francisco, CA 94104-2323
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Creditor,
U.S. TelePacific Corp. dba TPx Communications

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>**PG&E CORPORATION,**<br><br>-and-<br><br>**PACIFC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | Case No. 19-30088-DM<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**RESPONSE OF U.S. TELEPACIFIC CORP. DBA TPX COMMUNICATIONS TO DEBTOR'S FIRST OMNIBUS REPORT AND OBJECTION TO CLAIMS ASSERTED PURSUANT TO 11 U.S.C. §503(B)(9)**<br><br>Date: August 14, 2019<br>Time: 9:30 a.m.<br>Place: 450 Golden Gate Ave.,<br>Crtrm 17, 16th Flr.<br>San Francisco, CA<br><br>Honorable Hon. Dennis Montali |

**COMES NOW** U.S. TelePacific Corp. dba TPx Communications, Creditor herein, responding to the Debtor's First Omnibus Report and Objection to Claims Asserted Pursuant to 11 U.S.C. §503(B)(9) ("Claim Objection"), and respectfully represents as follows:

## I.   INTRODUCTION

U.S. TelePacific Corp. has filed a claim in the amount of $36,773.88 for charges accrued during 20 days prior to the within bankruptcy, asserting that the charges represent "goods" within the meaning of 11 U.S.C. §503(b)(9). The claim is for data and voice provided to and consumed by the

1

Debtors (See Invoices attached to Proof of Claim Nos. 2509 and 2528).

Debtor's Claim Objection is fairly terse, stating that "claim amount asserted includes (i) amounts for services and other non-goods; and (ii) amounts for freight and/or taxes." (Debtor's First Omnibus Report and Objection to Claims, Ex. A, page 33 of 36).

The text of the Claim Objection states that "Claim is invalid and should be disallowed to the extent it includes services or other nontangible items rather than goods." (Debtor's First Omnibus Report and Objection to Claims, 6:21-22).

As will be hereinafter explained, the product provided is the same as electricity, enhanced by the addition of voice and data, which courts hold to constitute "goods". In re Escalera Resources Co., 563 B.R. 336 (Bankr. D. Colo. 2017), citing Puget Sound Energy v. Pac. Gas & Elec. Co. (In re Pac. Gas. & Elec. Co.) 271 B.R. 626, 639-640 (N.D. Cal. 2002). "Telecommunications," sold by U.S. TelePacific Corp. to PG&E, refers to the exchange of information "by electronic and electrical means over a significant distance." A complete telecommunication arrangement is made up of two or more stations equipped with transmitter and receiver devices. In telecommunications, data is transmitted in the form of electrical signals known as carrier waves, which are modulated into analogue or digital signals for transmitting information. (Forsyth Declaration, ¶4, 5 and 6).

In essence, U.S. TelePacific is providing the electrical signals to PG&E which enable the transmission of its data. As such, the contract is one for the sale of "goods" within the meaning of 11 U.S.C. §503(b)(9).

## I.   ARGUMENT

In *Puget Sound Energy v. Pac. Gas & Elec. Co., Supra*, the District court set forth several reasons why electricity constituted a "good", many of which apply to the data and voice sold by U.S. TelePacific Corp. to the Debtors. Quoting the Texas Supreme Court, electricity is a commodity, which, like other goods, can be manufactured, transported and sold… while the distribution of electricity through a system of towers, poles and wires may well be considered a service, the electricity itself has a consumable product." *Supra* at 639. *Grant v. Southwestern Electric Power Co.*, 20 S.W.3d 764, 771 (Tex. App. 2000). The product is undoubtedly "movable," (a prerequisite to a product being a "good" under the U.C.C., "if for no other reason than the monthly reminder

from the electric company of how much current has passed through the meter.") *Supra*. Moreover, logic would indicate that whatever can be measured in order to establish the price to be paid would be indicative of fulfilling both the existing and movable requirements of goods." *Supra*.

Simply put, data and voice are things movable at the time of identification to the contract for sale. That is clearly demonstrated by the fact that the agreement calls for either the shipment of specific quantities of data or the sale of voice services on a metered basis. Quoting the bankruptcy court, "These cases seem to hold that transformation from a service to a product occurs when raw power crosses from the utility's distribution system to the customer's meter. And so I am at a loss to know why the same rules wouldn't apply when a customer happens to be a utility and even though the power is much greater, it certainly contemplates some sort of a meter or some sort of a measuring device. *Supra* at 638.

Similarly, the sale of data and voice to Debtors "contemplate some sort of a meter or some sort of measuring device". (Forsyth Declaration, ¶6).

## II. **CONCLUSION**

The claim of U.S. TelePacific Corp. constitutes the sale of "goods" within the meaning of Article 2 of the Uniform Commercial Code, Section 2105, and Bankruptcy Code Section 502(b)(9) 11 U.S.C. Section 502(b)(9). U.S. TelePacific Corp. respectfully request that the claim be allowed as filed and that the Debtors' objection be overruled.

DATED: July 31, 2019                              MACDONALD FERNANDEZ LLP

By: /s/ *Iain A. Macdonald* .
     Iain A. Macdonald,
     Attorneys for Creditor,
     U.S. TelePacific Corp.
     dba TPx Communications