Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone:    628.208.6434
Facsimile:    310.820.8859
Email:  rjulian@bakerlaw.com
Email:  cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025
Telephone:    310.820.8800
Facsimile:    310.820.8859
Email:  esagerman@bakerlaw.com
Email:  lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>   -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>            **Debtors**<br><br>☐ Affects PG& E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*\*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br><br><br><br><br>**NOTICE OF SUBPOENA ISSUED TO BUTTE COUNTY SHERIFF'S OFFICE** |

**PLEASE TAKE NOTICE** that on January 29, 2019 (the "**Petition Date**"), PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Northern District of California (San Francisco Division) (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that on July 26, 2019, counsel for the Official Committee of Tort Claimants issued and intends to serve a subpoena to produce documents, information, or objects (the "**Subpoena**") on the Custodian of Records or Authorized Employee of the Butte County Sheriff's Office. A copy of the Subpoena is attached hereto as **Exhibit 1**. The items requested to be produced in the Subpoena are described in **Exhibit A** to the Subpoena.

**PLEASE TAKE FURTHER NOTICE** that copies of each pleading identified herein can be viewed and/or obtained: (i) by accessing the Court's website at http://www.canb.uscourts.gov, (ii) by contacting the Office of the Clerk of the Court at 450 Golden Gate Avenue, San Francisco, CA 94102, or (iii) from the Debtor's notice and claims agent, Prime Clerk LLC, at https://restructuring.primeclerk.com/pge or by calling (844) 339-4217 (toll free) for U.S.-based parties; or +1 (929) 333-8977 for International parties or by e-mail at: pgeinfo@primeclerk.com. Note that a password is needed to access documents on the Bankruptcy Court's website.

Dated: July 26, 2019

BAKER & HOSTETLER LLP

By: */s/ Robert A. Julian*
     Robert A. Julian

*Attorneys for The Official Committee of Tort Claimants*

# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT

_____Northern_____ District of _____California_____

In re __PG&E Corporation and Pacific Gas and Electric Co.__
         Debtor

Case No. __19-30088 (DM) (Jointly Administered)__

Chapter __11__

*(Complete if issued in an adversary proceeding)*

_____
         Plaintiff
         v.

Adv. Proc. No. _____

_____
         Defendant

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: __Custodian of Records or Authorized Employee of the Butte County Sheriff's Office__
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: As described in Exhibit A, attached

| PLACE | | DATE AND TIME |
|---|---|---|
| TCC<br>c/o Dreyer Babich Buccola Wood Campora LLP<br>20 Bicentennial Circle<br>Sacramento, CA 95826 | Attn: Kim Morris, Esq. | 5:00 p.m. (PST) on August 19, 2019 |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __July 29, 2019__

        CLERK OF COURT

                                                  OR

_____      __/s/ Kimberly S. Morris__
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Official Committee of Tort Claimants__ , who issues or requests this subpoena, are:

Kimberly S. Morris, Baker & Hostetler LLP, 11601 Wilshire Boulevard, Ste. 1400, Los Angeles, CA 90025, kmorris@bakerlaw.com, 628-208-6440

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

# DEFINITIONS

1. As used herein, the words "Document" and "Documents" mean each written, typed, printed, recorded, transcribed, taped, electronically stored, digitized, disked, filmed, or graphic matter of every kind, however produced or reproduced, including originals or copies of originals not in existence or available, all drafts or partial copies, wherever located, and including all Electronic Data, correspondence, letters, emails, memoranda, requests for information, reports, studies, tests, inspections, working papers, handwritten notes, diaries, charts, spreadsheets, photographs, sketches, drawings, blueprints, videos, graphs, indices, submittals, data sheets, databases, conversations, statements, minutes, notations (including notes or memorandum of conversations), telephone conversations in whatever form, suggestions, comments, instructions, warnings, notices, manuals, periodicals, pamphlets, brochures, catalogues, bulletins, schedules, invoices, and other documentation.

2. The term "Electronic Data" as used herein, shall be construed as the following types of electronic data and data compilations in the custody and/or control of the party responding to this Subpoena:

    a. All electronic mail and information about electronic mail sent or received by the party responding to this Subpoena;

    b. All databases containing any reference and/or information;

    c. All activity logs on any computer system which may have been used to process or store electronic data containing information;

    d. All word processing files and file fragments, including metadata, containing information about the below listed subjects;

    e. All electronic data files and file fragments created by application programs that process information requested herein;

    f. All electronic data files and file fragments from electronic calendars and scheduling programs that contain information about the below-listed subjects; and

g. All audio and video recordings sent, received, or stored by the party responding to this Subpoena that contains, references, or otherwise identifies information about the below listed subjects.

3. The terms "and" and "or" as used herein, shall, where the context permits, be construed to mean "and/or" as necessary to bring within the scope of the subpoena request.

4. The terms "You" and "Your" refer to the party responding to this Subpoena, its predecessors, successors, subsidiaries, affiliated entities, officers, directors, employees, agents and anyone acting on its behalf or at its direction.

5. The term "PG&E" refers to PG&E Corporation and/or Pacific Gas & Electric Company.

6. The term "Camp Fire" means and refers to the wildfire that started on Camp Creek Road, on November 8, 2018, in Butte County, in Northern California, and encompassing the communities of Concow and Paradise, commonly known as the "Camp Fire."

7. "First Response" means Your response to the Camp Fire between November 8, 2018 – November 10, 2018.

8. "First Responder" and "First Responders" means You and any other emergency responder providing aid and assistance during the First Response of the Camp Fire.

9. The term "Communication(s)" means any transmission of information from one person or entity to another, including (without limitation) by personal meeting, conference, conversation, telephone, radio, electronic mail, teleconference, or any other method of communication or by any medium.

10. As used herein, the words "Person" or "Persons" shall refer to any natural person, firm, corporation, unincorporated association, partnership or other form or legal entity or governmental body, including its agents and representatives.

# REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Electronic Data authored or generated by You concerning, referencing, or in any way related to the First Response and First Responders to the Camp Fire, including internal memoranda, internal communications, run sheets, photographs, audio/video recordings, call logs, dispatch logs, text messages, body/helmet/dash cam videos, social media posts, and documents related to incident management responses or activations.

**REQUEST FOR PRODUCTION NO. 2:**

All Communications between You and PG&E concerning, referencing, or in any way related to the Camp Fire.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents or Electronic Data containing, referencing, or summarizing statements given by PG&E employees or personnel, oral or written concerning, relating to, or regarding the Camp Fire.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents containing, referencing, or summarizing statements given by witnesses, including, but not limited to, eyewitnesses to the Camp Fire.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents concerning, referencing, or in any way related to the cause of the Camp Fire.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents concerning, referencing, or in any way related to any real or personal property damaged by the Camp Fire.