# Weil, Gotshal & Manges LLP

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

Richard W. Slack
+1 (212) 310-8017
richard.slack@weil.com

August 2, 2019

Hon. Dennis Montali
450 Golden Gate Ave., 16th Floor
San Francisco, CA 94102

Re: PG&E Corporation and Pacific Gas and Electric Company (19-30088)

Dear Judge Montali:

We represent PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). We write to update the Court with respect to the Protective Order motion. At the conclusion of the July 9, 2019 hearing, there were two outstanding issues: (1) a dispute with federal and state agencies concerning a provision allowing certain notifications to these agencies; and (2) implementation of Your Honor's ruling allowing certain outside counsel of the Ad Hoc Group of Subrogation Claim Holders (the "**Subrogation Group**") to view materials produced by a Producing Party. We are pleased to report that the Debtors have reached an agreement on language with the state and federal agencies. The agreed-upon language is reflected in the clean and blackline copies of the revised Protective Order attached hereto.

Unfortunately, we have not been able to reach agreement with Willkie Farr & Gallagher LLP, counsel to the Subrogation Group, on language to implement this Court's ruling with respect to their client. During the argument at the hearing, the Court repeatedly indicated that one reason for allowing outside counsel to the Subrogation Group access to confidential information was that the Debtors, who control which information they produce, could determine not to produce information if doing so would result in such information being viewed by certain persons. *See* Omnibus Hr. Tr. at 105:13-15 ("You should control what you release, and if you say yes, you can share this with your co-subro counsel, and even if you've got a list of them, then you've solved the problem. That, to me, is the solution."); *id.* at 108:25-109:3 ("I keep repeating myself that if you believe that information shouldn't be out there because of the nature of the specifics, you resist it and trigger the 7.3 procedure for meet-and-confer and bring it to the Court").

The Court also made it clear that it would be best to use a list of such counsel in the protective order. *See* Omnibus Hr. Tr. at 105:13-16 (July 7, 2019) ("[I]f you've got a list of them, then you've solved the problem. That, to me, is the solution.").

Consistent with the Court's ruling and discussion on the issue, the Debtors propose the following language for the Protective Order to be inserted at the end of Paragraph 2.6 <u>Outside Counsel</u>:

> With respect to the Ad Hoc Group of Subrogation Claim Holders (the "**Ad Hoc Group**"), Outside Counsel shall include attorneys on the attached "List of Subrogation Outside Counsel" (Exhibit B) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), so long as the attorney continues to represent members of the Ad Hoc Group in such capacity (the "**Subrogation Outside Counsel**"). Nothing in this definition of Outside Counsel prevents or prejudices a Producing Party from taking the position that Subrogation Outside Counsel should not be provided with particular discovery or from raising that issue with the Court.

This proposed language implements the Court's ruling. First, it makes clear that if the Debtors produce a document or other information to the Subrogation Group then outside counsel as reflected on a list provided by the Subrogation Group can review that information. Indeed, the Subrogation Group sent the Debtors a list of those counsel with whom they would share such information and this list has been expressly incorporated into the Debtors' proposed language. *See* Exhibit A, Email from D. Forman of Willkie Farr & Gallagher LLP, to J. Minga of Weil, Gotshal & Manges LLP, et al. (June 25, 2019). Second, the last sentence provides a "reservation of rights" for a Producing Party consistent with the Court's express comments at the hearing: "if you believe that information shouldn't be out there because of the nature of the specifics, you resist it… and bring it to the Court." The Debtors' proposed language is also reflected in the attached clean and blacklined Protective Order. *See* Exhibits B and C.

The Subrogation Group does not agree with the Debtors language in two respects: it does not want to reference the list that was provide by the Subrogation Group themselves; and it does not want the reservation of rights language. It seeks the following language;

> With respect to the Ad Hoc Group of Subrogation Claim Holders (the "**Ad Hoc Group**"), Outside Counsel also shall include attorneys who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), so long as the attorney continues to represent members of the Ad Hoc Group in such capacity (the "**Subrogation Outside Counsel**").

There is no reasonable basis for not agreeing to the very list of outside counsel provided by the Subrogation Group. Moreover, the "reservation of rights" language merely mirrors the Court's explicit statements on the record that the Debtors can choose not to provide certain confidential information in the first instance and bring the issue to the Court.

We therefore request that the Court enter the attached proposed protective order which reflects the agreement with the federal and state agencies and implements the Court's ruling with respect to the Subrogation Group.

Hon. Dennis Montali
August 2, 2019
Page 3

**Weil, Gotshal & Manges LLP**

Respectfully submitted,

*[signature]*

Richard W. Slack

<u>Enclosures:</u>
    Exhibits A, B & C