| | |
|---|---|
| 1 | WEIL, GOTSHAL & MANGES LLP |
| | Stephen Karotkin (*pro hac vice*) |
| 2 | (stephen.karotkin@weil.com) |
| | Ray C. Schrock, P.C. |
| 3 | (ray.schrock@weil.com) (*pro hac vice*) |
| | Jessica Liou (*pro hac vice*) |
| 4 | (jessica.liou@weil.com) |
| | Matthew Goren (*pro hac vice*) |
| 5 | (matthew.goren@weil.com) |
| | 767 Fifth Avenue |
| 6 | New York, NY 10153-0119 |
| | Tel: 212 310 8000 |
| 7 | Fax: 212 310 8007 |
| 8 | |
| 9 | KELLER & BENVENUTTI LLP |
| | Tobias S. Keller (#151445) |
| 10 | (tkeller@kellerbenvenutti.com) |
| | Jane Kim (#298192) |
| 11 | (jkim@kellerbenvenutti.com) |
| | 650 California Street, Suite 1900 |
| 12 | San Francisco, CA 94108 |
| | Tel: 415 496 6723 |
| 13 | Fax: 650 636 9251 |

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| | Related Docket Ref: Docket No.: 3194 |
| Debtors. | **STIPULATION BETWEEN THE DEBTORS AND WILLOW SPRINGS SOLAR 3, LLC TO PERMIT TERMINATION OF POWER PURCHASE AGREEMENT** |
| ☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors | [No Hearing Date Requested] |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

Pacific Gas and Electric Company (the "**Utility**"), as debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), and First Solar, Inc. ("**First Solar**"), by and through their respective counsel, hereby submit this stipulation (the "**Stipulation**"), for an Order approving their agreement to allow for the termination of that certain Power Purchase Agreement (the "**Agreement**"), dated as of July 5, 2018, between Willow Springs Solar 3, LLC ("**Willow Springs 3**"), a wholly-owned subsidiary of First Solar, on the one hand, and the Utility, on the other hand, and to the extent applicable, the modification of the automatic stay pursuant to section 362 of title 11 of the United States Code (the "**Bankruptcy Code**"), and represent and agree as follows:

## RECITALS

A. On January 29, 2019 (the "**Petition Date**"), PG&E Corporation and the Utility (collectively, the "**Debtors**") commenced the Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**").

B. On July 25, 2019, First Solar filed that certain *Motion and Memorandum of First Solar, Inc. for Entry of an Order Confirming Safe Harbor Protection under 11 U.S.C. §§ 362(b)(6) and 556* [Docket No. 3194] (together with the accompanying motion to seal, collectively, the "**Safe Harbor Motion**"), seeking an Order of the Court confirming that, inter alia, the safe harbor provisions of sections 362(b)(6) and 556 of the Bankruptcy Code apply to permit Willow Springs 3 to exercise its contractual rights to terminate the Agreement without obtaining relief from the automatic stay.

C. The Utility has raised with First Solar certain informal objections to the relief requested in the Safe Harbor Motion.

D. The parties hereto desire to resolve their issues regarding the Safe Harbor Motion and the Agreement.

E. The Official Committee of Unsecured Creditors and the Official Committee of Tort Claimants have each reviewed the Stipulation and have no objection to the agreements set forth herein or to entry of an Order approving the terms of the Stipulation.

NOW, THEREFORE, UPON THE FOREGOING RECITALS, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT:

1. This Stipulation shall have no force and effect unless and until approved by the Bankruptcy Court (the date of entry of an Order approving the Stipulation, the "**Approval Date**").

2. Upon the Approval Date, to the extent applicable and subject to the reservations set forth in this Stipulation, the parties hereto agree that the automatic stay under section 362 of the Bankruptcy Code shall be modified solely to the extent necessary to authorize (but not direct) Willow Springs 3 to exercise its contractual right to terminate the Agreement in accordance with, and pursuant to, the express terms and provisions of the Agreement. Notwithstanding anything in the Agreement to the contrary, Willow Springs 3 shall provide notice of the exercise of any contractual right to terminate under the Agreement within thirty (30) calendar days of the Approval Date.

3. Upon the Approval Date, each of the parties hereto agrees that it shall not be entitled to assert any claim for damages against the other arising out of or relating to Willow Springs 3's exercise of its contractual rights with respect to the Agreement as set forth herein, provided however that nothing in this Stipulation shall prejudice or release any claim that Willow Springs 3 may assert for the return and release of any collateral it has pledged (or will pledge at any time hereafter) with respect to the Agreement.

4. Within three (3) business days of the Approval Date, First Solar shall withdraw the Safe Harbor Motion, with prejudice.

5. This Stipulation shall be binding upon (i) any liquidating trustee, plan administrator, distribution agent, and/or any other responsible person appointed pursuant to any chapter 11 plan confirmed in the Chapter 11 Cases; (ii) any chapter 11 trustee appointed in these Chapter 11 Cases, and/or (iii) any chapter 7 trustee appointed or elected in these cases.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

6. This Stipulation and the Agreement shall constitute the entire agreement and understanding of the parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

7. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

8. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

DATED: August 6. 2019

WINSTON & STRAWN LLP


 /s/ David Neier
David Neier
*Attorneys for First Solar, Inc. and*
*Willow Springs Solar 3, LLC*


DATED: August 6, 2019

WEIL, GOTSHAL & MANGES LLP


 /s/ Matthew P. Goren
Matthew P. Goren (pro hac vice)
*Attorneys for Debtors*
*and Debtors in Possession*