WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**MOTION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 365(d)(4) AND B.L.R. 6006-1 FURTHER EXTENDING TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**<br>**("SECOND LEASE EXTENSION MOTION")**<br><br>Date: August 27, 2019<br>Time: 9:30am, Pacific Time<br>Place: United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102<br><br>**Objection Deadline:** August 20, 2019<br>                                    4:00 p.m. (Pacific Time) |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to section 365(d)(4)(B)(ii) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 6006-1 of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for a further extension (the "**Extension**") of the time within which the Debtors must assume or reject their unexpired leases of nonresidential real property (collectively, the "**Unexpired Leases**") with the lessors listed in **Schedule 1** of **Exhibit A** to this Motion, as such schedule may be amended or supplemented prior to the hearing on this Motion, (collectively, the "**Extension Leases**") until (i) the earlier of the expiration of each of the Extension Leases or the effective date of a reorganization plan for the Debtors in these Chapter 11 Cases, or (ii) such other date as agreed between the Debtors and the lessor, each as reflected in the Stipulations (defined below) as summarized in **Schedule 1** of **Exhibit A** (the "**Extended Deadline**").

In support of this Motion, the Debtors submit the Declarations of John Boken (the "**Boken Declaration**") and Jessica Liou (the "**Liou Declaration**"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

## III. THE DEBTORS' UNEXPIRED LEASES

By the *Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. § 365(d)(4) And B.L.R. 6006-1 Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property* [Docket No. 1805] (the "**Initial Extension Motion**"), the Debtors sought, and this Court subsequently granted, an extension of time to assume or reject their Unexpired Leases through and including August 27, 2019. As set out in the Initial Extension Motion, the Debtors are party to over

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

100 Unexpired Leases for, among other things, offices, warehouses, parking and storage yards, aircraft hangars and data centers. *See* Boken Declaration ¶ 4.

Following this Court's approval of the Initial Extension Motion, the Debtors sought consents for further extensions of time to assume or reject certain Unexpired Leases. *See* Boken Declaration ¶ 5. The Debtors have entered into a number of stipulations with lessors who consent to such an extension for all Unexpired Leases to which they are party (collectively, the "**Consenting Lessors**") and continue to be in discussions with other lessors who contemplate providing similar extensions for the Unexpired Leases to which they are party. *See id.* The Consenting Lessors are listed on **Schedule 1** of **Exhibit A** to this Motion, and copies of the fully executed stipulations between the Debtors and the Consenting Lessors (the "**Stipulations**") are attached as **Exhibit A** to the Liou Declaration. To the extent additional lessors prior to the hearing on this Motion consent to an extension of time for the Debtors to assume or reject their Unexpired Leases, the Debtors shall file copies of the fully executed stipulations between the Debtors and such lessors with the Court and amend **Schedule 1** accordingly.

### IV. BASIS FOR RELIEF REQUESTED

Section 365(d)(4) of the Bankruptcy Code provides, in pertinent part:

> an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—
>
> i. the date that is 120 days after the date of the order for relief; or
>
> ii. the date of the entry of an order confirming a plan.

11 U.S.C. § 365(d)(4)(A). Pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code, the Court may grant an initial 90-day extension to the 120-day period "for cause," and the Court has already done so here, extending the current deadline through and including August 27, 2019. *See* 11 U.S.C. § 365(d)(4)(B)(i); *see also Condal Distribs., Inc. v. 2300 Xtra Wholesalers, Inc. (In re 2300 Xtra Wholesalers, Inc.)*, 445 B.R. 113, 122 (S.D.N.Y. 2011) ("section 365(d)(4)(B)(i) permits the bankruptcy court, upon motion, to grant a 90–day extension "for cause"); *Order Pursuant*

*to 11 U.S.C. Sections 365(d)(4) and B.L.R. 6006-1 Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property* dated May 24, 2019 [Docket No. 2227].

Pursuant to section 365(d)(4)(B)(ii), the Court may grant a subsequent extension of time to assume or reject the Unexpired Leases upon prior written consent of the lessor to an Unexpired Lease. 11 U.S.C. § 365(d)(4)(B)(ii); *see also In re Silver State Helicopters, LLC*, 2008 Bankr. LEXIS 5169 at *7 (Bankr. D. Nevada Sept. 16, 2008) ("Subsequent extensions may be granted only with the consent of the lessor.").

There is no express requirement in section 365(d)(4)(B)(ii) that the Debtors show cause for a further extension when the consent of a lessor has been obtained to a subsequent extension. In any event, cause for a further extension exists. As set out in the Initial Extension Motion, in determining whether cause exists to extend the time to assume or reject unexpired leases of nonresidential real property under section 365(d)(4)(B)(i), courts have considered the following factors:

i. whether the debtor was paying for the use of the property;

ii. whether the debtor's continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code;

iii. whether the debtor has had sufficient time to formulate a chapter 11 plan;

iv. whether the bankruptcy case is complex; and

v. the number of leases the debtor must evaluate.

*See* Initial Extension Motion at 4-5; *also* s*ee, e.g.,* s*ee also, e.g., Willamette Water Front, Ltd. (In re Victoria Station Inc.)*, 88 B.R. 231, 236 n.7 (B.A.P. 9th Cir. 1988), *aff'd*, 875 F.2d 1380 (9th Cir. 1989); *S. St. Seaport Ltd. P'Ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 761–62 (2d Cir. 1996); *In re Wedtech Corp.*, 72 B.R. 464, 471–73 (Bankr. S.D.N.Y. 1987); *see also Legacy, Ltd. v. Channel Home Ctrs., Inc. (In re Channel Home Ctrs., Inc.)*, 989 F.2d 682, 689 (3d Cir. 1993), *cert. denied*, 510 U.S. 865 (1993); *In re 611 Sixth Ave. Corp.*, 191 B.R. 295, 298 (Bankr. S.D.N.Y. 1996) ("The bankruptcy court may extend the [] period if the debtor makes a timely motion and establishe[d] 'cause.'"); *BC Brickyard Assocs. v. Ernst Home Ctr., Inc. (In re Ernst Home Ctr. Inc.)*, 221 B.R. 243, 253 (B.A.P. 9th Cir. 1998) ("Th[e] [list of factors] is not exclusive, and a

great deal of discretion is left to the court to weigh all relevant factors related to the requested extension."). Although section 365(d)(4) was extensively amended by the Bankruptcy Abuse and Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005) ("**BAPCPA**"), the discretionary factors considered to determine whether cause exists for an extension that were articulated in the pre-BAPCPA cases cited above continue to apply. *See, e.g., In re C.W. Mining Co.,* No. 08-20105, 2009 Bankr. LEXIS 757 at *40-41 (Bankr. D. Utah Mar. 18, 2009).

## V. CAUSE EXISTS TO GRANT THE REQUESTED EXTENSION

The Debtors require additional time beyond the initial extension of August 27, 2019, to make a reasoned determination regarding whether to assume or reject the Extension Leases. *See* Boken Declaration ¶ 6. Such an evaluation will necessarily include an assessment of which of the Extension Leases will be required for the ongoing operation of the Debtors' business and whether any Extension Leases could generate value by reason of an assignment or other disposition thereof. *See id*.

### a. The Debtors' Chapter 11 Cases are Large and Complex

As set out in the Initial Extension Motion, and openly acknowledged by multiple parties in interest and this Court, these Chapter 11 Cases are among the largest and most complex chapter 11 filings in recent U.S. history. *See id.* ¶ 7. The Debtors employ approximately 24,000 employees and operate one of the largest electricity and natural gas utilities in the United States – servicing approximately 16 million customers throughout a 70,000-square-mile service area in northern and central California. *See id.* The size and complexity of the Debtors' business, assets, regulatory framework, employee relationships, vendor relationships, and financing arrangements are self-evident. Since the filing of these Chapter 11 Cases, the Debtors have expended significant time and effort on ensuring the essential services it provides continues uninterrupted and have successfully stabilized their business operations and liquidity profile by restoring normal trade credit terms and virtually eliminating demands for cash collateral and other forms of credit enhancement that were rampant at the inception of these cases. *See id.* With this initial phase of the Chapter 11 Cases behind them, the Debtors are keenly focused on further advancing discussions regarding a chapter 11 plan

while continuing to safely and reliably operate their business during the current wildfire season. *See id.*

   b. **Status of the Chapter 11 Plan**

Requiring the Debtors to assume or reject the Extension Leases at this time is premature without further clarity regarding the terms of a potential chapter 11 plan. The Debtors have made substantial progress since the filing of the Initial Extension Motion towards the development of a chapter 11 plan, including:

- Achieving key settlements with the 18 public governmental entities in the Northern California wildfire districts that resolve all of their wildfire claims for an aggregate amount of $1 billion;
- Engaging in ongoing negotiations and discussions with the other two wildfire claimants' constituencies in an effort to achieve a consensual resolution of their claims to be embodied in a chapter 11 plan;
- Setting a bar date of October 21, 2019 for filing claims;
- Filing an estimation motion to establish the Debtors' aggregate liability for wildfire claims that are to be treated under a chapter 11 plan; and
- Engaging in regular weekly meetings with the California Public Utilities Commission to assure that all issues within the jurisdiction and authority of the Commission are timely and comprehensively addressed in the context of a chapter 11 plan.

*See id.* ¶ 8.

Additionally, on July 12, 2019, the California State legislature enacted AB-1054 (the "**Wildfire Legislation**") that is fundamental to the proposal of any confirmable plan, and to determine the funding needs for the Debtors' successful exit from chapter 11. *See id.* ¶ 9. That legislation addresses, among other things, the Governor's go-forward wildfire fund, the Debtors' costs and conditions to participate in the fund, and the treatment of existing wildfire claims under a chapter 11 plan. *See id.*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

But certain key contingencies remain unresolved in these Chapter 11 Cases that would directly impact the formulation of a chapter 11 plan, including most importantly a determination (whether through settlement or estimation) regarding the amount of the Debtors' aggregate wildfire liabilities. *See id.* ¶ 10. Furthermore, the Governor of California indicated when he signed the Wildfire Legislation that further legislative action may be forthcoming, that it was "not the end of the process" and that he "will be doing more in August" when the legislature returns next week. *See id.* Lastly, the questions of who would be permitted to propose a chapter 11 plan and when, and what such a plan proposal would look like also impact what a restructuring of the Debtors' ongoing business would entail and, accordingly, any decision regarding which Extension Leases the Debtors should elect to assume or reject. *See id.* Until these contingencies are resolved, it would be premature to require the Debtors to make such a decision now, especially in circumstances where the Consenting Lessors have agreed to an extension of the deadline to make this decision.

### c. The Debtors Have a Large Number of Leases to Evaluate

The Debtors are party to 83 Extension Leases. *See id.* ¶ 11. Because of the size of the Debtors' operations and the complexity of these Chapter 11 Cases, the Debtors must evaluate the Extension Leases involving numerous properties while also (a) attending to the myriad of other issues in connection with the administration of these cases, (b) negotiating and developing a chapter 11 plan that is fair and equitable, (c) focusing on preserving and enhancing going concern value, and (d) continuing to operate and provide safe and reliable gas and electric utility services to 16 million Californians. *See id.* As a result, the Debtors continue to finalize their evaluation of the economics of the Extension Leases to determine whether the assumption or rejection of each Extension Lease would make sense in light of their overall restructuring and benefit their estates, their creditors, their shareholders, and other parties in interest. *See id.* Given the limited time and resources available, the Debtors' efforts in this respect have been focused on those Unexpired Leases for which they have not been able to obtain consent from a lessor to a further extension. *See id.*

### d. Impact of Granting or Not Granting the Extension on the Debtors and their Lessors

The deemed rejection of the Debtors' Extension Leases could disrupt the Debtors' ongoing operations and adversely impact the Debtors' restructuring efforts. *See id.* ¶ 12. The Debtors

could be required to relocate their employees or critical infrastructure located in the properties leased pursuant to the Extension Leases. *See id.* Without such relief, the Debtors will be forced to decide, without being afforded time to adequately consider the value of each Extension Lease and without the resolution of the unresolved issues in connection with their chapter 11 plan outlined above, whether to permanently forfeit their right to assume any Extension Leases, as a result of the "deemed rejected" provision of section 365(d)(4), or be compelled to assume any Extension Leases by August 27, 2019 to avoid deemed rejections, with the resultant imposition of potentially substantial administrative expenses on their estates. *See id.*

The Debtors are committed to remaining current with respect to all undisputed postpetition obligations under the Extension Leases in compliance with section 365(d)(3) of the Bankruptcy Code. *See id.* ¶ 13. Thus, the requested extension does not adversely affect the Debtors' lessors with respect to the Extension Leases, and forcing the Debtors to prematurely decide whether to assume or reject the leases may prejudice the Consenting Lessors if their Extension Leases are rejected. *See id.* The Debtors will continue evaluating the Extension Leases on an ongoing basis as expeditiously as practicable and will file appropriate motions as soon as informed decisions can be made. *See id.* Granting the extension therefore will not cause any damage to the Debtors' lessors, and in any case, the Consenting Lessors have consented to the extensions sought pursuant to this Motion.

In sum, considering the size and complexity of these Chapter 11 Cases, the status of the chapter 11 plan, the number of Extension Leases, the Debtors' payment of its postpetition obligations under the Extension Leases, the adverse effects of not granting the Extension for both the Debtors, and the lack of damage to the Consenting Lessors by granting the Extension, cause exists for the Extension to be granted pursuant to section 365(d)(4)(B)(ii) of the Bankruptcy Code. In light of the foregoing, the Debtors submit that, if required, cause exists to grant the extension of the period within which the Debtors may assume or reject the Extension Leases to the Extended Deadline and such extension is in the best interests of the Debtors, their estates, their creditors, their shareholders, and all parties in interest.

## VI. RESERVATION OF RIGHTS

Nothing contained herein is intended to be or shall be construed as (a) an admission as to the validity or amount of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an admission by the Debtors that any contract or lease, including the Extension Leases, are executory or unexpired, as applicable; (e) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, including the Debtors' right to assume, reject, and/or seek any other related relief with respect to any contract or lease; or (f) an alteration, amendment, or other modification of the terms of the Extension Leases.

## VII. NOTICE

Notice of this Motion will be provided to (a) the Office of the United States Trustee for Region 17 (Attn: Andrew Vara, Esq. and Timothy Laffredi, Esq.); (b) counsel to the Creditors Committee; (c) counsel to the Tort Claimants Committee; (d) the Securities and Exchange Commission; (e) the Internal Revenue Service; (f) the Office of the California Attorney General; (g) the California Public Utilities Commission; (h) the Nuclear Regulatory Commission; (i) the Federal Energy Regulatory Commission; (j) the Office of the United States Attorney for the Northern District of California; (k) counsel for the agent under the Debtors' debtor in possession financing facility; (l) the non-Debtor parties to the Unexpired Leases; and (m) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

The Debtors previously sought an extension of time to assume or reject the Unexpired Leases by the Initial Extension Motion filed with this Court.

////
////
////
////
////
////

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting (a) the relief requested herein for cause shown and as being in the best interests of their estates, creditors, shareholders, and all other parties in interest, and (b) such other and further relief as the Court may deem just and appropriate.

Dated: August 6, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/ Jessica Liou
      Jessica Liou

*Attorneys for Debtors
and Debtors in Possession*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119