ROGERS JOSEPH O'DONNELL
Tyson Arbuthnot (State Bar No. 215225)
tarbuthnot@rjo.com
Emily A. Wieser (State Bar No. 311315)
ewieser@rjo.com
311 California Street
San Francisco, California 94104
Telephone: 415.956.2828
Facsimile: 415.956.6457

Attorney for
ACCO ENGINEERED
SYSTEMS, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors.<br>\* All papers shall be filed in the Lead Case No. 19-30088 DM. | Case No. 19-30088 DM (Lead Case)<br><br>(Jointly Administered with Case No. 19-30089 DM)<br><br>Chapter 11<br><br>**NOTICE OF CONTINUED PERFECTION OF MECHANICS LIEN PURSUANT TO 11 U.S.C. § 546(b)(2)** |

ACCO Engineered Systems, Inc. ("ACCO"), by and through its undersigned counsel, hereby gives notice of continued perfection of its mechanics lien under 11 U.S.C. § 546(b)(2), as follows:

1. ACCO is a corporation that has provided and delivered labor, services, equipment, and/or materials for the construction and improvement of projects on real property located in the County of San Francisco, State of California (the "Property") and owned by PG&E Corporation and/or Pacific Gas and Electric Company (collectively, the "Debtors").

2. Through July 11, 2019, the amount owing to ACCO is at least $45,182.00.

3. ACCO properly perfected its mechanics lien under California Civil Code §§ 8400, et seq., by timely recording its mechanics lien ("Claim of Lien") in the Official Records of the County of San Francisco, State of California, as more fully described in its Claim of Lien, a true and correct copy of which is attached hereto as Exhibit A.

4. Pursuant to California Civil Code § 8400, an action to enforce a lien must be commenced within 90 days after recordation of the claim of lien. However, due to the automatic stay set forth in 11 U.S.C. § 362, ACCO is precluded from filing a state court action to enforce its Claim of Lien. 11 U.S.C. § 546(b)(2) provides that, when applicable law requires seizure of property or commencement of an action to perfect, maintain, or continue the perfection of an interest in property, and the property has not been seized or an action has not been commenced before the bankruptcy petition date, then the claimant shall instead give notice within the time fixed by law for seizing property or commencing an action. See 11 U.S.C. § 546(b)(2); *In re Baldwin Builders*, 232 B.R. 406 (9th Cir. 1999).

5. Accordingly, ACCO hereby provides notice of its rights as a perfected lienholder in the Property pursuant to California's mechanics lien law. ACCO is filing and serving this notice to preserve, perfect, maintain, and continue the perfection of its Claim of Lien and its rights in the Property to comply with the requirements of California state law, 11 U.S.C. §§ 362(a), 362(b)(3), and 546(b)(2), and any other applicable law. This notice constitutes the legal equivalent of having commenced an action to foreclose the lien in the proper court. By this notice, the Debtors and other parties in interest are estopped from claiming that the lawsuit to enforce ACCO's Claim of Lien was not timely commenced

pursuant to applicable state law. ACCO intends to enforce its lien rights to the fullest extent permitted by applicable law. The interests perfected, maintained, or continued by 11 U.S.C. § 546(b)(2) extend in and to the proceeds, products, offspring, rents, or profits of the Property.

6. The filing of this notice shall not be construed as an admission that such filing is required under the Bankruptcy Code, the California mechanics lien law, or any other applicable law. In addition, ACCO does not make any admission of fact or law, and ACCO asserts that its lien is senior to and effective against entities that may have acquired rights or interests in the Property previously.

7. The filing of this notice shall not be deemed a waiver of ACCO's right to seek relief from the automatic stay to foreclose its mechanics lien and/or a waiver of any other rights or defenses.

8. ACCO reserves all rights, including the right to amend or supplement this notice.

Dated: August 7, 2019                                ROGERS JOSEPH O'DONNELL

                                                By:  /s/ Tyson Arbuthnot
                                                     TYSON ARBUTHNOT

                                                     Attorney for
                                                     ACCO ENGINEERED SYSTEMS, INC.