**Exhibit 2**



# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Nov-02-2018 4:37 pm

Case Number: CJC-17-004955

Filing Date: Nov-02-2018 4:37

Filed by: ERICKA LARNAUTI

Image: 06560436

ORDER

CALIFORNIA NORTH BAY FIRE CASES

001C06560436

**Instructions:**
Please place this sheet on top of the document to be scanned.



SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| COORDINATION PROCEEDING<br>SPECIAL TITLE [RULE 3.550]<br><br>*California North Bay Fire Cases* | Judicial Council Coordination<br>Proceeding No.: 4955<br><br>**CASE MANAGEMENT ORDER NO. 4** |

I conducted a case management conference (CMC) on October 25, 2018.

**Trial.**

1. *Identity of Fire*. Three proposals have been made for the first fire to go to trial: Atlas, Tubbs and Sulphur. There are two competing general interests here: First, the goal is to have a trial which includes a sufficient number of issues such that the verdict in that case will be persuasive for not only the other parties involved in that fire, but also will be seen as strongly predictive of the way issues are likely to be resolved in cases involving other fires. Second, given the fact that these fire cases are complicated and will take up substantial resources of the parties, counsel, and the court in any event, and may tread new legal ground, there is an interest in selecting something less than the most complex case. The risk of delay and error goes up with increased complexity. Very highly complex cases are more likely to include issues unique to the parties involved in that trial, and so not useful in the evaluation of issues common to other cases. It bears repeating that the selection of this first trial ought to be based in great part on the persuasive value its result will have for other cases and other fires.

A. Sulphur. A group of plaintiffs suggested the Sulphur fire. See "Response by Certain Individual Plaintiffs, Etc." dated Oct. 23, 2018. These plaintiffs did not provide all the data I requested in my earlier CMC order. See Case Management Order No. 3 at 1-2. This fire does not contain all the issues presentable in the other fires, such as a death case, and involves a relatively few number of structures.

B. Tubbs and Atlas. PG&E suggests the Tubbs fire. Most plaintiff groups including plaintiff leadership recommend the Atlas fire. Tubbs is the most complex and wide ranging case to try. It may have more points of origin than e.g., the Atlas fire, which may exponentially increase the number of pertinent experts needed, and to the extent a plaintiff's damages were arguably caused by more than one point of ignition, may generate complexities not found in a simpler case. (I note PG&E's position, however, which as expressed at the October 25 CMC is that the fire likely started at a single address.) The CAL Fire report is not available for this fire, although it is for the Atlas fire, suggesting that discovery could proceed more expeditiously for the Atlas fire. I do note that, however, at this time the evidence secured by CAL Fire has not been made available for *any* of the fires. Even if there is one ignition source, the means of ignition for the Tubbs fire appears at this time to be under serious debate, potentially involving both PG&E actions and inactions, as well as those of private parties. For Tubbs, the specific disagreement on who is responsible for the ignition apparently will not relate to the theories presented by other cases. By contrast, the Atlas fire appears at this time to be tree line contact case, with one or at most two points of ignition but in each case with a similar mechanism. This suggests a somewhat simpler causation analysis for the Atlas fire, and one which may be common to the other fires. The Atlas fire includes a very substantial number of parties and structures, which will make it useful as precedent.

We will try the Atlas fire first, on the date set below for the first trial.

2. *Location.* PG&E has suggested Napa County for the Atlas fire trial, and plaintiffs suggest San Francisco. The parties understand that the trial calendar in this specific Department 304 has no openings during the relevant period, and currently has no openings until the Summer of 2020. I suggested to the parties that I would confer with the Presiding Judge of the Superior Court in Napa, and heard no objection.

Napa has the benefit of being closer to the locale involved, and would be more convenient for the interested public. Generally, trials are venued where the injuries took place, and there is a value in having this case tried by a jury from the concerned population. By the same token, in Napa it will be more difficult to select a jury without preconceived views, and without deep connections with those who have been affected by the fire. And there is a higher risk of judge recusal in Napa than there is in San Francisco. Napa currently has only two judges who conduct civil trials, and the Presiding Judge has informed me that one will retire in January. The resources of the court in Napa will be seriously compromised if the Atlas trial is held there.

San Francisco is more convenient to the lawyers who will try the case, and there are far more judges hearing civil trials here than in Napa. While I remained concerned that San Francisco is not as convenient to the interested public, the distance of slightly less than 50 miles makes it feasible for most of the that public to attend the trial here.

On balance, I find the trial should take place in San Francisco.

3. *Trial date*. The parties do not differ much in their proposed trial dates, with plaintiffs suggesting August 2019 and PG&E recommending late September 2019. Because (i) PG&E corporate discovery may not be done until February 2019 and a substantial amount of time may be needed to review that (see below), (ii) expert depositions are likely to take

considerable time, and (iii) there is likely to be substantial work to be done after the close of discovery, such as 402 in limine motions on experts, jury instruction conferences and perhaps dispositive motions, the later period is better.

**Trial is set for Monday September 23, 2019 in Department 206 (Master Calendar) of the Superior Court, County of San Francisco, at 9:30 a.m.**

At a future CMC we will discuss the division of labor as between this and the trial department. For example it may be best to have some motions in limine, perhaps those respecting experts where the decisions could affect overall trial strategy, decided early and in this department, with other matters left to the trial judge.

4. *Trial length.* The parties estimate about 8 weeks for the Atlas fire. The parties will be provided a fixed number of hours in which to present their case which will cover opening, closing, and time spent questioning witnesses on direct and cross. Plaintiffs should decide among themselves if they desire a single time allocation, to be used as they see fit, or if they wish the court to allocate time among the plaintiffs.

5. *Plaintiff selection process.* The parties are in general agreement on how to select plaintiffs. See CMC Statement dated October 22, 2018 at 8-10. Plaintiffs do not object to including a party plaintiff who presents what PG&E has termed 'annoyance' damages, i.e., damage from soot and other conditions associated with the fire, but who does not have substantial physical property damage. The parties disagree whether a winery and its associated damages should be represented, and apparently also disagree whether any business loss plaintiff ought to be included. At this time, it does not appear that including that type of business presents serious difficulties, and it appears best to have at least one plaintiff with business interruption loss. The parties should confer on the specific dates by when they will propose and then select

about 15 plaintiffs for the trial, to include 'backup' plaintiffs in case some become unavailable as the trial date approaches. The parties should fix the dates and steps in this process in their next joint CMC statement.

**Discovery**

PG&E 'Corporate' discovery. This discovery concerns issues common to all fires, such as corporate policies and practices. PG&E appears to have taken the position that this, with its associated electronic discovery (ESI), will not be complete until February 2019. The date for final production is obviously significant because it may be that a series of PG&E depositions cannot take place until after plaintiffs' counsel have reviewed the production, which I am told is likely to consist of millions of pages. PG&E should undertake a rolling production of these documents, and report to me in the next joint CMC statement on its plans and its proposed date for completion. Plaintiffs should indicate if they agree with that date.

Discovery for all fires should be undertaken roughly simultaneously, although Atlas must have priority. I will set final discovery cut off dates for each fire, as a function of the likely date of the related trial. Given the date set above for the Atlas fire, the parties' next joint CMC statement should recommend dates for the completion of percipient discovery [C.C.P. § 2024.010], and as for expert discovery they should propose dates for initial and supplemental disclosure, for the production of discoverable reports and writings, and the last day to commence (or end) expert depositions.

A demand for expert discovery is now deemed to have been made, thus triggering the potential for exclusion sanctions for parties which do not abide by the requirements of C.C.P. 2034. 210 *et seq.*

**Next CMC**

The next CMC is set for **January 25, 2019 at 9:00-11:00 a.m.** The parties should make their best efforts to confer on issues prior to the drafting of the CMC statement and then provide the results, as opposed to simply stating conflicting positions in that statement.

The parties' CMC statement should address any issue they wish, but also including these:

- A discussions of the topics referred to above as being included;

- I invite the parties' views on the long term plan for the trials of the many fires in this JCCP. As I noted on October 25, setting each fire roughly one third of a year after the last will create great delays. The parties should among other options evaluate causation-only[1] trials for the other fires: such trials could be relatively short, and together with the result of the Atlas fire trial, those causation findings could go far towards preparing the cases for relatively swift mediation;

- The Frantz law firm should report on the status of their clients' damages information. See October 22 Joint CMC Statement at 25-26. The Frantz firm told me that the reports should be in within 30 days of the October 25 conference, i.e. by November 26, 2018;

- The parties should report on the general period of time they have set aside for mediation;

- The parties should report on the status of discussion with Cal Fire and the relevant district attorneys on securing access to physical evidence. If between now and the January CMC the parties believe an informal conference with me could be useful, I encourage them to contact this Department's clerk to arrange for such an off-the-record informal conference;

- At a CMC following the January CMC, I am likely to set dates for (i) pretrial events such as the provisions of witness and exhibit lists, trial briefs, and so on, and (ii) pretrial

---

[1] The term can be construed as, more simply, fixing the mechanism of the responsible ignition, or more comprehensively, a finding of legal liability.

hearings such as for 402 hearings and pretrial conferences which will address issue such as time allocations, jury instructions, and the like. The parties should not plan on presenting what are essentially dispositive motions in the guise of in limine motions. *Dep't of Forestry & Fire Prot. v. Howell*, 18 Cal. App. 5th 154, 173 (2017), quoting *Amtower v. Photon Dynamics, Inc.*, 158 Cal. App. 4th 1582, 1594 (2008).

Dated: November 2, 2018

_____
Curtis E.A. Karnow
Judge Of The Superior Court

# CERTIFICATE OF ELECTRONIC SERVICE
## (CCP 1010.6(6) & CRC 2.260(g))

I, Ericka Larnauti, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

On November 2, 2018, I electronically served the attached CASE MANAGEMENT ORDER NO. 4 via File & ServeXpress on the recipients designated on the Transaction Receipt located on the File & ServeXpress website.

Dated: November 2, 2018

T. Michael Yuen, Clerk

By: _____
Ericka Larnauti, Deputy Clerk