UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION
JOSEPH H. HUNT
Assistant Attorney General
RUTH A. HARVEY
Director
KIRK MANHARDT
Deputy Director
MATTHEW J. TROY (GABN 717258)
Senior Trial Counsel
P.O. Box 875
Ben Franklin Station
Washington, DC 20044-0875
Telephone: (202) 514-9038
E-mail: matthew.troy@usdoj.gov

DAVID L. ANDERSON (CABN 149604)
United States Attorney
ROBIN M. WALL (CABN 235690)
Assistant United States Attorney

Attorneys for the United States of America

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Bankruptcy Case |
| **PG&E CORPORATION** | ) No. 19-30088 (DM) |
| | ) |
| - and - | ) Chapter 11 |
| | ) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | ) (Lead Case) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Date: August 14, 2019 |
| | ) Time: 9:30 a.m. |
| | ) Place: United States Bankruptcy Court |
| ☐ Affects PG&E Corporation | ) 450 Golden Gate Avenue |
| ☐ Affects Pacific Gas and Electric Company | ) Courtroom 17 |
| ■ Affects both Debtors | ) San Francisco, CA 94102 |
| | ) Judge: Hon. Dennis Montali |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | ) RE: Docket No. 3091 |

**RESPONSE OF THE UNITED STATES OF AMERICA TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105(a) and 502(c) FOR THE ESTABLISHMENT OF WILDFIRE CLAIMS ESTIMATION PROCEDURES**

The United States of America, on behalf of various federal agencies, including, but not limited to, the United States Department of Agriculture, United States Forest Service ("USDA"); the United States Department of the Interior, Bureau of Land Management, and the National Park Service ("DOI"); and the Department of Homeland Security, Federal Emergency Management Agency ("FEMA"), hereby files this response to the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 502(c) for the Establishment of Wildfire Claims Estimation Procedures* (the "Motion").[1]

## UNITED STATES CLAIMS

Together, USDA and DOI hold significant claims against the Debtors resulting from the Wildfires as well as other prepetition wildfires not within the Motion's definition of Wildfires. These claims include, but are not limited to, (i) costs of suppressing wildfires on federal lands; (ii) damage to federal lands and the resources they contain including timber, habitat, wildlife, soil, and watersheds as well as the scenic, aesthetic, historic, archeological, and recreational values of those lands; and (iii) reforestation and other costs associated with stabilizing, rehabilitating, and restoring federal lands. Additionally, FEMA has provided substantial disaster assistance, pursuant to the Stafford Act, 42 U.S.C. § 5121 *et seq.*, to the State of California and directly to individuals to assist in responding to the Wildfires, which assistance is recoverable against the Debtors under the Stafford Act.[2]

## ESTIMATION MOTION

Relying on 11 U.S.C. §§ 105(a) and 502(c), the Motion seeks entry of an order establishing procedures and schedules for the estimation of the Debtors' aggregate liability for contingent and/or unliquidated claims arising out of the 2015, 2017 and 2018 Northern California Wildfires. *Motion* at iii. Specifically, it seeks approval for a three-phased process to estimate this liability: (1) determination of whether PG&E can be strictly liable under the state law doctrine of inverse condemnation; (2) determination of whether PG&E caused the Tubbs Fire; and (3) the Court's determination of the estimated aggregate value of the Wildfire Claims, *id*. at 4-8. As to Phase 3, the

---

[1] Terms not otherwise defined herein shall have the meaning ascribed to them in the Motion and accompanying exhibits.

[2] The United States is still in the process of identifying its claims against the Debtors. The description of some of the United States' claims in this Response is without prejudice, and the United States expressly reserves its right, to assert other claims arising out of the Wildfires, any other wildfires for which PG&E is liable, or any other claims not related to the Wildfires.

Motion does not make clear whether the Debtors consider the United States' wildfire related claims as contingent or unliquidated and thus, subject to that phase. Indeed, the focus of the proposed estimation process appears to be individual tort victims' Wildfire Claims, *Motion* at 1 ("Tens of thousands of California residents whose lives have been affected by the Wildfires need to know whether, and how much , they will recover from PG&E."), as opposed to the wildfire related claims of governmental units like the United States.

RESPONSE

The United States takes no position with respect to the Motion's first two phases of the proposed process. With respect to Phase 3, the United States acknowledges the desire and need to establish procedures for dealing with individual tort victims' Wildfire Claims. The Motion is, however, unclear whether the United States' wildfire related claims would be subject to the section 502(c) estimation proceeding, and its requested relief does not include the Court making such a ruling. The United States does not believe its wildfire related claims are subject to section 502(c) estimation, but if the Debtors believe they are, the Court will need to resolve the issue in a subsequent proceeding. Accordingly, the United States files this response to expressly reserve its right in any further proceedings to be heard on whether its wildfire related claims can be included in any estimation proceeding and/or be heard as to the procedures for such a proceeding.

By its terms, section 502(c) applies to contingent or unliquidated claims. If a claim is neither contingent nor unliquidated, it is not subject to estimation under section 502(c). *In re Rhead*, 179 B.R. 169, 172 (Bankr. D. Ariz. 1995) (citing *In re Continental Airlines*, 981 F.2d 1450 (5th Cir. 1993)).

While the Bankruptcy Code does not define contingent, the Ninth Circuit has held that "a contingent debt is one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor." *Fostvedt v. Dow* (*In re Fostvedt*), 823 F.2d 305, 306 (9th Cir. 1987) (citations omitted). Hence, "a debt is noncontingent if all events giving rise to liability occurred prior to the filing of the bankruptcy petition," *Nicholes v. Johnny Appleseed* (*In re Nicholes*), 184 B.R. 82, 88 (B.A.P. 9th Cir. 1995), even if the debt is unliquidated or disputed, *id*. at 88 n.7. While *Fostvedt* and *Nicholes* interpreted the definition of contingent for purposes of chapter 13 eligibility under section 109(e), courts have applied

the same definition to section 502(c). *In re Audre, Inc.*, 202 B.R. 490, 492 (Bankr. S.D. Cal. 1996); *In re Kennan*, 201 B.R. 263, 265 (Bankr. S.D. Cal. 1996).[3]

The Bankruptcy Code also does not define the term liquidated, but "whether a debt is liquidated turns on whether it is subject to ready determination and precision in computation of the amount due." *In re Fostvedt*, 823 F.2d at 306. Moreover, a debt is unliquidated even if liability has not been adjudicated or it is disputed. *Slack v. Wilshire Ins. Co.* (*In re Slack*), 187 F.3d 1070, 1075 (9th Cir. 1999) (section 109(e) case). Indeed, even where courts consider claims based in tort, they have held those claims were liquidated so long as the claim amount was readily determinable. *In re Corson*, 2004 WL 5865045 *5 n.10 (Bankr. E.D. Pa. 2004) (collecting cases). As with the term contingent, courts have used the same definition from section 109(e) decisions in interpreting the term unliquidated in section 502(c). *In re Audre, Inc.*, 202 B.R. at 492; *In re Kennan*, 201 B.R. at 265.

As noted, the United States is continuing the process of determining its claims, including those that might be wildfire related. Nevertheless, it believes that its wildfire related claims, as identified and developed by the October 21, 2019 bar date, are neither contingent nor unliquidated. They are not contingent because all the events giving rise to the United States' wildfire related claims (prepetition wildfires) occurred prior to the Debtors' petition date. No extrinsic event must occur to trigger the Debtors' liability. Moreover, the claims are liquidated because the vast majority of their amounts are readily ascertainable in the form of already expended costs for fire suppression and other emergency services, debris removal and clean up, reforestation and rehabilitation of damaged federal lands, repair/replacement of damaged infrastructure, financial assistance to individuals for housing and other needs, direct temporary housing, and associated administrative costs.

Therefore, the United States' wildfire related claims are not subject to estimation under section 502(c).

---

[3] The Supreme Court has held that there is no difference between the definitions of "claim" and "debt" in the Bankruptcy Code. *Penn. Dep't of Pub. Welfare v. Davenport*, 495 U.S. 552, 558 (1990) (finding that by defining " 'debt' as a 'liability on a claim,' " Congress intended "that the meanings of 'debt' and 'claim' be coextensive"); *accord Davis v. U.S. Bank, N.A.* (*In re Davis*), 778 F.3d 809, 812 (9th Cir. 2015).

## CONCLUSION

The United States takes no position on the first two phases requested in the Motion. Because its claims are neither contingent nor unliquidated, the United States reserves, however, its right to be heard, if needed, in any further proceedings on whether its wildfire related claims can be included in the proposed Phase 3 estimation proceeding. To the extent the Court does subsequently order its wildfire related claims are subject to section 502(c), the United States further reserves its right to be heard on the procedures for such a proceeding.[4]

Date: August 7, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
DAVID L. ANDERSON (CABN 149604)
United States Attorney
ROBIN M. WALL (CABN 235690)
Assistant United States Attorney

/s/ Matthew J. Troy
RUTH A. HARVEY
Director
KIRK MANHARDT
Deputy Director
MATTHEW J. TROY
Senior Trial Counsel
Attorneys for United States

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2019, I electronically filed the foregoing Response with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

/s/ Matthew J. Troy
Matthew J. Troy
Senior Trial Counsel
Attorney for United States

---

[4] The United States also reserves it right to object to any plan that purports to classify the United States' wildfire related claims as Wildfire Claims whose only source of recovery is a litigation trust with a channeling injunction and a capped funding amount established pursuant to an estimation proceeding. *See Response of the United States of America to Motion of Ad Hoc Committee of Senior Unsecured Noteholders to Terminate the Debtors' Exclusivity Periods Pursuant to Section 1121(d)(1) of the Bankruptcy Code* (Docket No. 3010).