# Appendix A to Opposition Brief

| **NEGLIGENCE (CACI 400):** |
|---|
| Defendant was negligent. |
| Defendant’s negligence was a substantial factor in causing plaintiff’s harm. |
| **INVERSE CONDEMNATION:** |
| Defendant’s equipment, as designed and in the normal course of operations, substantially caused a taking of Plaintiff’s property. |
| Defendant’s equipment, which substantially caused a taking, was installed for a public purpose or use. |
| **PRIVATE NUISANCE (CACI 2021):** |
| Defendant, by acting or failing to act, created a condition that was harmful to health and/or was a fire hazard. |
| This condition substantially interfered with Plaintiff’s use or enjoyment of his/her land. |
| An ordinary person would be reasonably annoyed or disturbed by the condition. |
| Plaintiff did not consent to Defendant’s conduct. |
| Defendant’s conduct was a substantial factor in causing Plaintiff’s harm. |
| The seriousness of the harm outweighs the social utility of Defendant’s conduct. |
| **PUBLIC NUISANCE (CACI 2020):** |
| The condition affected a substantial number of people at the same time. |
| Plaintiff suffered harm different from the type of harm suffered by the general public. |
| **TRESPASS (CACI 2000):** |
| Defendant intentionally, recklessly or negligently caused a fire to enter Plaintiff’s property. |
| Plaintiff did not give permission for entry. |
| Defendant exceeded Plaintiff’s permission for entry. |
| Defendant’s conduct was a substantial factor in causing Plaintiff’s harm. |
| **VIOLATION OF HEALTH AND SAFETY CODE SECTION 13007:** |
| Defendant violated California Health and Safety Code section 13007. |
| Defendant’s violation of California Health and Safety Code section 13007 was a substantial factor in causing Plaintiff’s harm. |

| CLAIMS FOR EXEMPLARY OR PUNITIVE DAMAGES: |
|---|
| Defendant's conduct in causing the fire was willful as set out in California Public Utilities Code Section 2106. |
| Defendant's conduct in causing the fire was with conscious disregard for the safety of the victims and was despicable as set forth in California Civil Code Section 3294. |
| **SUPERSEDING OR INTERVENING EVENTS (Ninth Affirmative Defense)** |
| "The injuries, losses or damages alleged in the Complaint were directly and proximately caused, in whole or in part, by unforeseeable, intervening and/or superseding acts of nature, or persons, or entities for whom PG&E is not accountable, including but not limited to Acts of God." (Page 4 of PG&E's Master Answer to Individual Plaintiffs' Master Complaint). |
| **MITIGATION (Tenth Affirmative Defense)** |
| "The injuries, losses or damages alleged in the Complaint are subject to the requirements of the principles of mitigation." (Page 4 of PG&E's Master Answer to Individual Plaintiffs' Master Complaint). |
| **INJURY CAUSED BY OTHERS (Eleventh Affirmative Defense)** |
| "The injuries, losses or damages alleged in the Complaint may have been caused in whole or in part by other persons or entities for whom or which PG&E is not accountable and over whom or which PG&E had neither control nor right of control. PG&E is entitled to apportionment of fault among all persons and entities whose acts or omissions contributed to the occurrence and extent of the alleged injuries, damages, and/or losses, and a judgment and declaration of indemnification and contribution in favor of PG&E and against all other persons and entities with the apportionment of fault." (Pages 4 - 5 of PG&E's Master Answer to Individual Plaintiffs' Master Complaint.) |
| **COMPARATIVE FAULT (Twelfth Affirmative Defense)** |
| "Causation has not yet been determined so PG&E pleads a general response now to avoid delay in litigation. This affirmative defense is not intended to blame any individual victim, but rather to reserve rights in the event it is determined that other persons or entities have responsibility in whole or in part for one or more fires and/or the damages associated with one or more of the fires. Other persons or entities, including but not limited to one or more of the Individual Plaintiffs, may be legally responsible under the doctrine of comparative negligence, contributory negligence and assumption of risk, or may be otherwise, at fault, in whole or in part, for which the law provides apportionment of fault, reduction, offset, indemnification or contribution." (Page 5 of PG&E's Master Answer to Individual Plaintiffs' Master Complaint.) |

| **ASSUMPTION OF RISK (Twelfth Affirmative Defense)** |
| --- |
| "Causation has not yet been determined so PG&E pleads a general response now to avoid delay in litigation. This affirmative defense is not intended to blame any individual victim, but rather to reserve rights in the event it is determined that other persons or entities have responsibility in whole or in part for one or more fires and/or the damages associated with one or more of the fires. Other persons or entities, including but not limited to one or more of the INdividual Plaintiffs, may be legally responsible under the doctrine of comparative negligence, contributory neligence and assumption of risk, or may be otherwise, at fault, in whole or in part, for which the law provides apportionment of fault, reduction, offset, indemnification or contribution." (Page 5 of PG&E's Master Answer to Individual Plaintiffs' Master Complaint.) |