# Appendix B

## Non-Exclusive List Of Factual Issues

For each fire the victims have claims based on the following causes of action, (1) inverse condemnation, (2) negligence, (3) trespass, (4) nuisance (public or private), and (5) violation of Health & Safety Code 13007. In addition, Plaintiffs have claims for punitive damages and/or for exemplary damages under Public Utilities Code, Section 2106. What follows is a list of issues, which may need to be decided as to each fire, depending on the factual circumstances of its origin. It should also be noted that these issues relate to the acts and/or omissions of PG&E and/or its contractors because, as a matter of law, PG&E is vicariously liable for the acts and/or omissions of its contractors. ("[T]he nondelegable duty rule means that PG&E may be vicariously liable for compensatory damages arising from contractors' negligence, irrespective of fault. *Butte Fire Cases*, 24 Cal. App. 5th 1150, 1175, (2018).) This list is not exhaustive and cannot be exhaustive until PG&E specifically identifies the fires on which its contests liability as to the above stated causes of action and claims.

For each fire, depending its cause, the issues to be decided include:

1. Was the fire caused by electricity supplied by PG&E?

2. Was there damage to property caused by PG&E's electrical system as deliberately designed and constructed?

3. Was the line involved in the fire installed for a public purpose or use?

4. Was PG&E or its contractor negligent in failing to de-energize its lines under high fire danger conditions in high fire danger areas?

5. Was PG&E or its contractor negligent in the inspection of its distribution lines?

6. Was PG&E or its contractor negligent in the maintenance of its distribution lines?

7. Was PG&E negligent in failing to de-energize its lines under high fire danger conditions in high fire danger areas?

8. Was PG&E or its contractor negligent in failing to trim or remove trees, which posed a risk to its lines?

9. Was PG&E or its contractor negligent in failing to properly and timely inspect, maintain and/or repair its distribution lines?

10. Was PG&E or its contractor negligent in failing to open its reclosers under high fire danger conditions?

11. Was PG&E or its contractor negligent in failing to warn the public of a dangerous condition on its easement?

12. As the owner of an easement, did PG&E allow an unreasonably dangerous condition to exist on its easement?

13. Was PG&E or its contractor negligent in failing to properly and timely inspect its electrical equipment and poles?

14. Did PG&E or its contractor negligently and/or intentionally allow fire to enter onto the victim's land?

15. Did PG&E or its contractor act unreasonably so as to interfere with the victims' enjoyment and use of his or her property?

16. Was the interference with the victims' enjoyment and use of his or her property substantial and unreasonable?

17. Did PG&E willfully, negligently or in violation of law cause a fire, which escaped onto the property of the victims?

18. Did PG&E act with conscious disregard for the safety of the victims and was that conduct despicable as set forth in California Civil Code Section 3294?

19. Was PG&E's conduct, in causing the fire, willful as set forth in Public Utilities Code, Section 2106?

20. Did PG&E with knowledge of the potential claims of the victims engage in spoliation of evidence?

21. Did PG&E, after having been ordered by the CPUC to preserve evidence, destroy evidence relevant to the fire and its causation?

22. As a result of its non-delegable duty to safely operate and maintain the subject lines and to operate the lines in accordance with CPUC General Orders and Regulations, is PG&E vicariously liable for the acts and/or omissions of its third party contractors?

Camp Fire includes the following additional issues:

23. Was PG&E and/or its contractor negligent in the inspection of its transmission line and tower?

24. Was PG&E and/or its contractor negligent in the maintenance of its transmission line and tower?

25. Did PG&E intentionally decide to run its transmission line and tower, including the component parts, to failure?

26. Did PG&E intentionally decide not to maintain its transmission line and tower?

27. Was PG&E and/or its contractor negligent in adopting a "run to failure" protocol for its transmission tower components and insulators?

28. Was PG&E and/or its contractor negligent in choosing not to maintain its transmission line and tower?