**EXHIBIT 1-1**
**Revised Proposed Order**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| Debtors. | **[PROPOSED] ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), AND 503(c) (I) APPROVING DEBTORS' INCENTIVE PROGRAM FOR CERTAIN KEY EMPLOYEES AND (II) GRANTING RELATED RELIEF** |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ☒ Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Upon the Motion dated June 19, 2019 [Docket No. 2664] (the "**Motion**")[1] of PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105(a), 363(b), and 503(c) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order (a) approving the KEIP and (b) granting related relief, as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion, Lowe Declaration, Friske Declaration, and related pleadings filed with this Court; and the Court having held a hearing; and this Court having determined that the legal and factual bases set forth in the Motion and related pleadings establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest and represents a sound exercise of the Debtors' business judgment; and upon the record of the hearing and all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The KEIP, as described in the Motion is approved as modified herein (the "**Modified KEIP**"):

    a. If earned and vested, the performance-based restricted stock unit ("**PRSU**") awards shall be settled on or after the effective date of a chapter 11 plan of reorganization confirmed in these Chapter 11 Cases in equity of the reorganized PG&E Corporation to be issued thereunder at the value contemplated by such plan

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to them in the Motion.

of reorganization;

b. To the extent required to comply with the executive compensation provisions of Assembly Bill 1054, including section 8389 of the Public Utilities Code, as they may be amended or supplemented, the Debtors shall modify the terms of the Modified KEIP;

c. Upon a decision by the Compensation Committee or Board, as applicable, to approve a new participant in the Modified KEIP, the Debtors shall provide the advisors of the Official Committee of Unsecured Creditors (the "**Creditors Committee**") with the identity, job title, job responsibilities and compensation of any such new participant at least seven (7) business days prior to the new participant's inclusion in the Modified KEIP;

d. The Debtors shall provide the advisors of the Creditors Committee with the calculations underlying the proposed settlement of any KEIP Awards at least seven (7) business days prior to the settlement of the KEIP Awards; and

e. A copy of any information provided pursuant to this Order to the advisors of the Creditors Committee shall also be provided to the advisors of the Tort Claimants Committee.

3. The Debtors are authorized to take all actions necessary to implement the Modified KEIP pursuant to its terms, as set forth in the Motion and modified herein, including making any payments that come due thereunder during these Chapter 11 Cases.

4. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

5. Notice of this Motion satisfies the requirements of Bankruptcy Rule 6004(a).

6. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

\*\* END OF ORDER\*\*