# EXHIBIT B



FILED
San Francisco County Superior
JUL 10 2018
CLERK OF THE COURT
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.550]<br><br>*California North Bay Fire Cases* | Judicial Council Coordination Proceeding No.: 4955<br><br>**CASE MANAGEMENT ORDER NO. 2** |

I conducted a case management conference (CMC) July 9, 2018.

*Deadline to add further defendants or cross defendants*: July 31, 2018. A party must seek leave of court (which may be done ex parte, CRC rule 3.1200 *et seq.*) to add such party after this deadline. Among other things, the papers should show (i) why the party could not have been named before the deadline, and (ii) any anticipated impact on discovery cut-off, trial, or other relevant dates set.

*Confidentiality & Sealing*. The parties are reminded that no sealing motion may be required when confidential information on e.g., an exhibit filed in the public file is be redacted, because the court may not need to review the confidential materials for purposes of determining the underlying motion.

*Deposition and document production*. Plaintiffs have indicated they have issued their document demands, and requested documents with notices of deposition, in contemplation of

- 1 -

what I will term here first wave depositions.[1] (Further document demands, in addition to those produced during ESI discovery, are likely.) I ask the parties to rapidly resolve their disagreements on which documents are needed for this first wave and promptly to bring remaining disagreements to me for resolution, so that we may proceed rapidly with these depositions. The parties are free to set depositions as they wish, but absent an agreement may be required to justify any subsequent effort to take a deposition based on e.g., newly discovered documents.

*ESI related discovery.* While plaintiffs have issued the 'lion's share' of their demands, they should now make best efforts to issue all the foreseeable remainder of their demands so that PG&E is aware of the full scope of the demands. In general, the use of TAR is most effective when parties agree on the total scope of discoverable documents such that the algorithm is trained on all relevant items. The parties told me the ongoing work on ESI will not interfere with first wave depositions.

*Discovery addressed to Plaintiffs.* The parties agree to have lead plaintiffs' counsel obtain responses from all plaintiffs to the questions, in effect: (i) if they saw what could have been ignition of a fire, or (ii) know of someone who may have done so, or said they did. No verified responses are required. Subsequent discovery may be based on those results.

*In chambers meeting.* I have asked lead counsel to meet with me to discuss conditions for settlement, i.e. the likely timing of, and evidence needed for, settlement discussions. No orders will issue from this meeting, and I will not conduct settlement discussions nor learn of the parties' substantive positions on settlement. This is set for **August 3, 2018 at 2:00 p.m.**

---

[1] Eyewitnesses, first responders (including third parties); personnel maintaining and inspecting lines, tree 'prelisters' and trimmers. The use of the term 'first wave' may change after the next CMC when I obtain discovery plans.

- 2 -

Case: 19-30088    Doc# 3436-2    Filed: 08/07/19    Entered: 08/07/19 16:13:52    Page 3 of 5

*Next CMC*. The next CMC is set for **September 17, 2018 at 10:00 a.m**. The parties' joint CMC statement should reflect the results of their prior meet-and-confer on at least these subjects:

(1) A discovery plan, roughly mapping out phases of discovery. It is likely that this will consist of both discovery applicable to (i) all fires (e.g. PG&E policies and practices and other corporate level discovery), and (ii) the fires on a fire-by-fire basis. I expect the parties in general to plan on simultaneous discovery across the fires;

(2) A brief description of outstanding discovery and its status;

(3) estimates on when (if necessary on a fire by fire basis) percipient discovery is likely to be complete, and any suggestions for discovery cut-off dates, and if a party contends these should not now be set, when they should be set;

(4) the parties' preliminary thoughts on trial setting, such as (a) whether bellwethers should be selected, and if so, whether a trial regarding one fire could be treated as a bellwether for a different and distinct fire; (b) when the court and the parties should plan on fixing the trial strategy and when a case is likely to be ready for trial (i.e. estimated trial date); and (c) counties in which trial should be held;

(5) depending on PG&E's position on liability, alternatives to trial, such as hearings on damages determined by e.g., Referees or pursuant to expedited jury trials (CCP § 630.03), etc.

Dated: July 10, 2018

                                        Curtis E.A. Karnow
                                        Judge Of The Superior Court

## CERTIFICATE OF ELECTRONIC SERVICE
(CCP 1010.6(6) & CRC 2.260(g))

I, DANIAL LEMIRE, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

On  JUL 12 2018  , I electronically served THE ATTACHED DOCUMENT via File & ServeXpress on the recipients designated on the Transaction Receipt located on the File & ServeXpress website.

Dated: JUL 12 2018

T. Michael Yuen, Clerk

By: _____
DANIAL LEMIRE, Deputy Clerk