# EXHIBIT H

## CRAVATH, SWAINE & MOORE LLP

| | | | | |
|---|---|---|---|---|
| JOHN W. WHITE | THOMAS E. DUNN | | ALYSSA K. CAPLES | JONATHAN J. KATZ |
| EVAN R. CHESLER | MARK I. GREENE | WORLDWIDE PLAZA | JENNIFER S. CONWAY | MARGARET SEGALL D'AMICO |
| RICHARD W. CLARY | DAVID R. MARRIOTT | 825 EIGHTH AVENUE | MINH VAN NGO | RORY A. LERARIS |
| STEPHEN L. GORDON | MICHAEL A. PASKIN | NEW YORK, NY 10019-7475 | KEVIN J. ORSINI | KARA L. MUNGOVAN |
| ROBERT H. BARON | ANDREW J. PITTS | | MATTHEW MORREALE | NICHOLAS A. DORSEY |
| DAVID MERCADO | MICHAEL T. REYNOLDS | TELEPHONE: +1-212-474-1000 | JOHN D. BURETTA | ANDREW C. ELKEN |
| CHRISTINE A. VARNEY | ANTONY L. RYAN | FACSIMILE: +1-212-474-3700 | J. WESLEY EARNHARDT | JENNY HOCHENBERG |
| PETER T. BARBUR | GEORGE E. ZOBITZ | | YONATAN EVEN | VANESSA A. LAVELY |
| THOMAS G. RAFFERTY | GEORGE A. STEPHANAKIS | | BENJAMIN GRUENSTEIN | G.J. LIGELIS JR. |
| MICHAEL S. GOLDMAN | DARIN P. MCATEE | CITYPOINT | JOSEPH D. ZAVAGLIA | MICHAEL E. MARIANI |
| RICHARD HALL | GARY A. BORNSTEIN | ONE ROPEMAKER STREET | STEPHEN M. KESSING | LAUREN R. KENNEDY |
| JULIE A. NORTH | TIMOTHY G. CAMERON | LONDON EC2Y 9HR | LAUREN A. MOSKOWITZ | SASHA ROSENTHAL-LARREA |
| ANDREW W. NEEDHAM | KARIN A. DEMASI | TELEPHONE: +44-20-7453-1000 | DAVID J. PERKINS | ALLISON M. WEIN |
| STEPHEN L. BURNS | DAVID S. FINKELSTEIN | FACSIMILE: +44-20-7860-1150 | JOHNNY G. SKUMPIJA | |
| KATHERINE B. FORREST | DAVID GREENWALD | | J. LEONARD TETI, II | |
| KEITH R. HUMMEL | RACHEL G. SKAISTIS | | D. SCOTT BENNETT | |
| DAVID J. KAPPOS | PAUL H. ZUMBRO | WRITER'S DIRECT DIAL NUMBER | TING S. CHEN | SPECIAL COUNSEL |
| DANIEL SLIFKIN | ERIC W. HILFERS | +1-212-474-1596 | CHRISTOPHER K. FARGO | SAMUEL C. BUTLER |
| ROBERT I. TOWNSEND, III | GEORGE F. SCHOEN | | KENNETH C. HALCOM | |
| WILLIAM J. WHELAN, III | ERIK R. TAVZEL | | DAVID M. STUART | |
| PHILIP J. BOECKMAN | CRAIG F. ARCELLA | WRITER'S EMAIL ADDRESS | AARON M. GRUBER | |
| WILLIAM V. FOGG | DAMIEN R. ZOUBEK | korsini@cravath.com | O. KEITH HALLAM, III | OF COUNSEL |
| FAIZA J. SAEED | LAUREN ANGELILLI | | OMID H. NASAB | MICHAEL L. SCHLER |
| RICHARD J. STARK | TATIANA LAPUSHCHIK | | DAMARIS HERNÁNDEZ | CHRISTOPHER J. KELLY |

August 1, 2019

PG&E Chapter 11 Proceedings, No. 19-30088 N.D. Cal.

Dear Counsel,

       I write on behalf of Pacific Gas and Electric Company and PG&E Corporation (collectively, "**PG&E**" or the "**Debtors**"). We are in receipt of the Official Committee of Tort Claimants' (the "**TCC**") letter dated July 30, 2019 ("**July 30 letter**") and the letter the TCC filed with the court on July 26, 2019 ("**July 26 letter**"). I address the issues the TCC raises in both letters below.

       *First*, in the July 30 letter you ask a series of questions about the various 2017 and 2018 wildfires and attach a spreadsheet that appears to repeat those questions. As I read your letter and your spreadsheet, you are asking essentially one question: does PG&E concede legal liability for any of the wildfires at issue in these cases? The answer to that question is <u>no</u>.

       As you note, we have stated that the Debtors will not contest causation for the purposes of estimation with respect to certain wildfires identified in the Debtors' Motion to Establish Procedures for Estimating Wildfire Claims (the "**Estimation Motion**").[1] As we have also explained, the Debtors are willing to accept CAL FIRE's determinations that PG&E caused those fires in the context of an estimation proceeding in an effort to move these proceedings forward and ensure the fair and expeditious payment of valid claims. Consistent with this approach—as well as the facts of the Tubbs Fire—the Debtors <u>will</u> contest any claim that PG&E caused the Tubbs Fire, which

---

[1] Those fires are: the 2015 Butte Fire, the 2018 Camp Fire and the following 2017 North Bay Wildfires: (1) Adobe; (2) Atlas; (3) Blue; (4) Cascade; (5) Cherokee; (6) Highway 37; (7) Honey; (8) La Porte; (9) Lobo; (10) Maacama; (11) McCourtney; (12) Norrbom; (13) Nuns; (14) Oakmont/Pythian; (15) Partrick; (16) Pocket; (17) Point; (18) Potter/Redwood; (19) Pressley; (20) Sullivan; and (21) Sulphur.

CAL FIRE concluded was started by faulty customer-owned equipment rather than PG&E electrical facilities.

The fact that PG&E may have caused a specific fire does not resolve the question of whether PG&E is legally liable for damages associated with that fire and, as stated, the Debtors do not concede legal liability. Even if causation is established or uncontested, a claimant still needs to prove each element of his or her legal cause of action before legal liability attaches. As stated in our Estimation Motion, the Court will need to address these liability issues and the likelihood of success on the wildfire claims as part of estimation.

*Second*, consistent with the discussion above, we agree that some discovery on liability issues will be necessary as part of the estimation process. Your assertion to the Court on July 26 that we have refused such discovery is demonstrably false. In my response to Mr. Maycon's July 1, 2019, letter, I explicitly stated that the Debtors "agree that there will need to be procedures for discovery into wildfire liability issues in the context of these bankruptcy proceedings". Subsequently, the Debtors requested an order from the Court specifically requiring the parties to meet and confer on the appropriate scope and schedule for wildfire liability discovery. (Proposed Order for the Establishment of Wildfire Claims Estimation Procedures at ¶ 4 ("the Debtors shall meet and confer with the other parties in interest and shall present to the Court within two weeks of the date of this Order a proposed schedule for discovery . . . associated with [the Tubbs Fire] hearing"), ¶ 5 ("the Debtors shall meet and confer with the other parties in interest and shall present to the Court within three weeks of the date of this Order a proposed schedule for discovery . . . associated with [the Final Estimation] hearing").

Thus, there is no disagreement as to the fact that the forthcoming estimation process will include liability discovery. Any suggestion to the contrary is false. It appears from your letter that the TCC is drafting a proposed schedule and protocol for such liability discovery as part of the estimation process. We would be happy to review that proposal once it is provided to us and meet and confer to resolve, or at least narrow, any disputes.

*Third*, as you note in the July 30 letter, damages information "including the number of victims, calculation of economic and non-economic damages, and the like are critically important to the estimation process". (July 30 letter at 2.) This concession is consistent with the TCC's prior statement that the "day will come when additional documentation and information will be necessary" concerning individual claims. *See* Dkt. No. 1825, pg. 9. At the time you made the latter statement, you went on to say that the "TCC expects that this will occur in connection with any claims estimation proceedings that take place in the Chapter 11 cases". *Id.* Despite these recognitions, it is clear to everyone in these proceedings that the TCC and the trial lawyers working with it have made every effort to delay the exchange of information that will allow a true valuation of legitimate wildfire claims for as long as possible, all while insisting that the damages will exceed $50 billion. To use your words, the day has come to actually provide documentation to support the claims being asserted. Any estimation discovery protocol must address this issue.

Accordingly, please consider this letter a request for the following:

- any and all documents and/or information in the possession, custody or control of the TCC, its financial advisors, and the trial lawyers (including but not limited to Frank Pitre and Michael Kelly) that support your assertion, calculation and/or justification of alleged damages, including the $54 billion amount asserted in your recent filings;

- any and all documents and/or information in the possession, custody or control of those same individuals or entities concerning the damages asserted by any wildfire claimant;

- any and all documents and/or information in the possession, custody or control of those same individuals or entities concerning Butte fire settlements; and

- all documents and/or information concerning the claims of the members of the TCC who assert wildfire claims.

In addition to the above categories of information that we are requesting at this time, it is our position that the estimation proceedings discovery protocol must include a schedule for the production of claimant-specific damages information concerning each wildfire claimant who submits a claim in these cases. In the alternative, we are willing to discuss the use of a damages questionnaire that each claimant filing a claim would be required to timely complete to provide basic information essential to the "calculation of economic and non-economic damages", including supporting documentation. We are preparing such a questionnaire and will circulate it soon for your review.

In the meantime, we are available to meet and confer on damages discovery so that we can address this issue with the Court at the upcoming discovery status conference.

Regards,

Kevin J. Orsini

Robert A. Julian, Esq.
Kimberly Morris, Esq.
   Baker Hostetler
      11601 Wilshire Boulevard, Suite 1400
         Los Angeles, CA 90025

Copies to:

Frank M. Pitre, Esq.
   Cotchett, Pitre & McCarthy LLP
      840 Malcom Rd, #200
         Burlingame, CA 94010

Michael A. Kelly, Esq.
   Walkup, Melodia, Kelly & Schoenberger LLP
      650 California St.
         San Francisco, CA 94108

Andrew LeBlanc, Esq.
   Milbank LLP
      1850 K Street, NW, Suite 1100
         Washington, DC 20006

Stephen Karotkin, Esq.
   Weil, Gotshal & Manges LLP
      767 Fifth Ave.
         New York, NY 10153

Matthew A. Feldman, Esq.
Benjamin P. McCallan, Esq.
   Wilkie Farr & Gallagher LLP
      787 Seventh Avenue
         New York, NY 10019

Howard D. Maycon, Esq.
Cozen O'Connor
601 S. Figueroa Street
Suite 3700
Los Angeles, CA 90017