| | |
|---|---|
| PIERCE BAINBRIDGE BECK PRICE & HECHT LLP<br>John M. Pierce (SBN 250443)<br>jpierce@piercebainbridge.com<br>Thomas D. Warren (SBN 160921)<br>twarren@piercebainbridge.com<br>355 South Grand Avenue, 44th Floor<br>Los Angeles, California 90071<br>(213) 262-9333 | LANDAU GOTTFRIED & BERGER LLP<br>Michael I. Gottfried (SBN 146689)<br>mgottfried@lgbfirm.com<br>Roye Zur (SBN 273875)<br>rzur@lgbfirm.com<br>1880 Century Park East, Suite 1101<br>Los Angeles, California 90067<br>Tel: (310) 557-0050<br>Fax: (310) 557-0056 |

*Attorneys for the Herndon Parties*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>and<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>Debtors.<br><br>Affects:<br>☐ PG&E Corporation<br>☐ Pacific Gas & Electric Company<br>☒ Both Debtors | Case No. 19-30088 (Jointly Administered)<br><br>Chapter 11<br><br>**OBJECTION TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 502(c) FOR THE ESTABLISHMENT OF WILDFIRE CLAIMS ESTIMATION PROCEDURES**<br><br>**Hearing Date and Time:**<br>Date: August 14, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: Courtroom 17<br>450 Golden Gate Ave., 16th Floor<br>San Francisco, CA 94102 |

David Herndon, Julia Herndon, Gabriell Herndon, Jedidiah Herndon, Estefania Miranda, Steven Jones, Gabriella's Eatery, Chico Rent-a-Fence, and Ponderosa Pest & Weed Control (the "Herndon Parties") respectfully submit this response to the Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 502(c) for the Establishment of Wildfire Claims Estimation Procedures (the "Motion") brought by PG&E Corporation and Pacific Gas & Electric Company (collectively the "Debtors"), and in support thereof, represent as follows:

The Herndon Parties anticipate that the Official Committee of Tort Claimants (the "Tort Committee") likely will address various issues raised by the Motion, including: 1) the Debtors' skewed framing of the issue of inverse condemnation; 2) the propriety of resolving liability for the Tubbs Fire in this Court; and 3) the expedited schedule that does not allow sufficient time to determine the Debtors' liability under theories other than inverse condemnation. While the Herndon Parties are not addressing those issues herein, the Herndon Parties reserve the right to join in the objection of the Tort Committee, and the Herndon Parties anticipate that they will do so.

In addition to the above-referenced issues, the Herndon Parties' primary concern is that the estimation procedures do not provide for or acknowledge the possibility that this Court will authorize the filing of class proofs of claim. As this Court is aware, the Herndon Parties previously objected to the Debtors' proposed order setting a bar date on the basis that it appeared to preclude the possibility of class claims. At the hearing on the bar date motion, Debtors' counsel assured this Court that the proposed bar date order "does not pre-judge whether or not a class proof of claim can be filed." *Id.* at 102:1-2. This Court agreed that the issue of the propriety of class proofs of claim for wildfire creditors is "an open question." *Id.* at 104:9-16. To date, no party has filed a motion pursuant to Federal Rule of Bankruptcy Procedure 9014 to seek permission to file class proofs of claim, and the issue remains "an open question." However, the Herndon Parties reserve the right to do so, and if such motion is approved, the estimation procedures will need to provide for estimation of such claims.

The Motion requires that the third phase of the estimation proceedings – the damages estimation phase – begin "after the October 21, 2019, Bar Date so that all stakeholders would have knowledge of the number of claimants and the aggregate amount of alleged claims in these

proceedings." Mot. at 7. Because "liquidating each of the tens of thousands of individual claims one by one during the course of these Chapter 11 Cases would be impossible without undermining the objective of paying victims promptly and fairly," *id.* at 3, "the aggregate estimate of overall damages" will be "based upon sampling of claims and expert testimony." *Id.* at 8. The Herndon Parties do not object to estimation, for at least certain purposes. However, such estimation should include the claims of absent class members that are covered by a class proof of claim.

       The use of an estimation procedure is appropriate for class proofs of claim. Any concern that "allowing class proofs of claim will lead to inexpeditious resolution of claims . . . is not well-founded." *In re Charter Co.*, 876 F.2d 866, 872 (11th Cir. 1989). *See also In re Chateaugay Corp.*, 104 B.R. 626, 633 (S.D.N.Y. 1989) (finding that "there is no reason to think that permitting the filing of class claims will cause special delay or uncertainty in settling the debtor's estate"). "The bankruptcy courts are well used to the estimation procedures outside the class action context, even in highly complex cases," and "[t]here is no reason to expect that the experience of the bankruptcy courts would be different when dealing with class claims." *In re Charter*, 876 F.2d at 872-73. "[B]ankruptcy courts are experienced in" the "expeditious estimation of unliquidated contingent claims such as the class claims made in the case at hand." *In re Chateaugay*, 104 B.R. at 633. Accordingly, the use of an estimation proceeding is appropriate for class proofs of claim here. *See, e.g., In re Hoffinger Indus., Inc.*, 307 B.R. 112, 121 (Bankr. E.D. Ark. 2004) (finding that "it is appropriate to estimate this class for purposes of plan voting and determining feasibility").

       Accordingly, the Herndon Parties respectfully request that this Court sustain the objections of the TCC, clarify that any proposed claims estimation procedures explicitly allow for the estimation of class proofs of claim if such class proofs of claim are ultimately allowed, and grant such further relief as this Court deems proper.

[Signatures to Follow]

2

| | | |
|---|---|---|
| Dated: August 7, 2019 | | _/s/ Thomas D. Warren_ |
| Los Angeles, CA | | Thomas D. Warren |

PIERCE BAINBRIDGE BECK PRICE & HECHT LLP
John M. Pierce (SBN 250443)
jpierce@piercebainbridge.com
Thomas D. Warren (SBN 160921)
twarren@piercebainbridge.com
Carolynn K. Beck (SBN 264703)
cbeck@piercebainbridge.com
Janine Cohen (SBN 203881)
jcohen@piercebainbridge.com
355 South Grand Avenue, Suite 4400
Los Angeles, California 90071
(213) 262-9333

Deborah Renner (pro hac requested)
drenner@piercebainbridge.com
Claiborne Hane (pro hac requested)
chane@piercebainbridge.com
Michael Eggenberger (pro hac requested)
meggenberger@piercebainbridge.com
20 West 23rd Street, Fifth Floor
New York, New York 10010
(212) 484-9866

-and-

_/s/ Michael I. Gottfried_
Michael I. Gottfried

LANDAU GOTTFRIED & BERGER LLP
Michael Gottfried (SBN 146689)
mgottfried@lgbfirm.com
Roye Zur (SBN 273875)
rzur@lgbfirm.com
1880 Century Park East, Suite 1101
Los Angeles, CA 90067
(310) 557-0050

_Attorneys for the Herndon Parties_

3