Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone:     628.208.6434
Facsimile:     310.820.8869
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone:     310.442.8875
Facsimile:     310.820.8869
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel to the Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION** <br><br>         -and- <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br>                     **Debtors** <br><br> ☐  Affects PG& E Corporation <br><br> ☐  Affects Pacific Gas and Electric Company <br><br> ■  Affects both Debtors <br><br> *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br> (Lead Case) <br> (Jointly Administered) <br><br><br> **EX PARTE APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO B.L.R. 9013-1(c) FOR ENTRY OF AN ORDER AUTHORIZING OVERSIZE BRIEFING FOR OPPOSITION TO THE DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 502(c) FOR THE ESTABLISHMENT OF WILDFIRE CLAIMS ESTIMATION PROCEDURES [Dkt. No. 3091]** |

The Official Committee of Tort Claimants (hereafter, the "**TCC**"), in the chapter 11 cases (the "**Chapter 11 Cases**") of PG&E Corporation and Pacific Gas and Electric Company (the "**Debtors**" or "**PG&E**"), by and through its undersigned counsel, hereby submits this Application (the "**Application**") to the Court, pursuant to Rule 9013-1(c) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for entry of an order authorizing the TCC to file an oversize brief for its opposition to the motion [Dkt. No. 3091] (the "**Estimation Motion**") filed by the Debtors pursuant to sections 105(a) and 502(c) of title 11 of the United States Code (the "**Bankruptcy Code**") for the establishment of wildfire claims estimation procedures. In support of this Application, the Debtors respectfully submit the Declaration of Lauren T. Attard (the "**Attard Decl.**"), filed contemporaneously herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. BACKGROUND

On July 18, 2019, the Debtors filed the Estimation Motion to establish procedures for the estimation of their liability for claims arising out of the 2015, 2017 and 2018 Northern California Wildfires. The Debtors acknowledge that estimation of wildfire claims is "[t]he fundamental issue that needs to be resolved in order for the Debtors to emerge from Chapter 11[.]" Estimation Motion at 1.

On July 24, 2019, the Court held a status conference on the Estimation Motion, the TCC's Motion for Relief from the Automatic Stay to Permit State Court Jury Trial of 2017 Tubbs Wildfire Claims [Dkt Nos. 2842, 2904], and the Motion of the Ad Hoc Group of Subrogation Claim Holders for Relief from the Automatic Stay [Dkt No. 2863]. At the status conference, the Court stated that it recognized the complexity of the issues raised by the parties in their respective motions and the

interplay of the relief sought in each. July 24, 2019 Hrg. Tr. at 18. The Court then provided comments to the motions and requested clarification on various issues, which the Court directed the parties to address in their responsive briefing. *Id*. at 19-28.

Objections and responses to the Estimation Motion are due by August 7, 2019.

The TCC now seeks to file its opposition to the Estimation Motion, which will address both the arguments raised by the Debtors and the relevant issues raised by the Court. (the "**Opposition**").

### III. OVERSIZE BRIEFING FOR THE OPPOSITION IS WARRANTED

Bankruptcy Local Rule 9013-1(c) provides that, "Unless the Court expressly orders otherwise, the initial and response memoranda of points and authorities shall not exceed 25 pages of text, and reply memorandum shall not exceed 15 pages of text." B.L.R. 9013-1(c).

Through the Estimation Motion, the Debtors seek to establish an estimation process that is fundamentally flawed. Among other things, the Debtors have failed to identify the precise factual issues the Court should estimate and effectively seek to deprive claimants of their due process rights by seeking an estimation process for the purpose of distribution, which would require different specialized estimation procedures. To adequately respond to the complex issues raised in the Estimation Motion and address the Court's questions and comments that must be considered in conjunction with the relief requested by the Debtors, the TCC respectfully submits it is necessary for the TCC to exceed the 25-page limit. The TCC further submits that cause exists for the Court to permit oversize briefing for the Opposition. Although the TCC has tried to limit the length of its briefing as much as possible, the complexity of the issues and the importance of the Court's determination of the relief requested by the Debtors to the resolution of these Chapter 11 Cases have made it impracticable to limit the size of the Opposition.

**WHEREFORE**, the TCC requests entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: August 7, 2019

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Lauren T. Attard*
Lauren T. Attard

*Counsel to the Official Committee of Tort Claimants*