WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a) AND 363 FOR AN ORDER AUTHORIZING DEBTORS TO PARTICIPATE IN AB-1054 WILDFIRE FUND (THE "WILDFIRE FUND MOTION")**<br><br>Date: August 28, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 94102<br><br>Objection Deadline: August 21, 2019<br>                            4:00 p.m. (Pacific Time) |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order authorizing the Debtors to participate in and contribute to the Go-Forward Wildfire Fund (as defined below) upon their emergence from these Chapter 11 Cases, in accordance with the terms of the Wildfire Legislation (as defined below).

A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019, the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee appointed an Official Committee of Unsecured Creditors. On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants.

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of First Day Motions and Related Relief* [Docket No. 263].

## III. PRELIMINARY STATEMENT

From the outset of these Chapter 11 Cases, the Debtors have made it a principal objective in chapter 11 to work with the state's policy makers and regulators to address the increasing wildfire risk and its impact on the state of California and PG&E's ability to continue operating in a safe and reliable manner. Recognizing the serious risks that catastrophic wildfires pose to the people and communities of California, and that the exposure faced by utilities to significant financial liability resulting from

wildfires can impair their ability to provide safe and reliable service, the state legislature took action. Over the past several months, the Governor's office and the legislature, with the input of numerous interested parties, including the Debtors, crafted legislation to provide a mechanism by which utilities that operate in a safe and responsible manner can mitigate the financial impact of future wildfires, including the risk of another chapter 11 filing.

As a result of those efforts, on July 12, 2019, Governor Newsom signed into law Assembly Bill 1054 (the "**Wildfire Legislation**"), which, among other things, establishes a fund that participating utilities may access to pay for liabilities arising in connection with future eligible wildfire claims (the "**Go-Forward Wildfire Fund**"), provides details regarding the conditions to and costs of participating in the Go-Forward Wildfire Fund, and sets the criteria by which utilities participating in the fund can seek reimbursement for liabilities arising from future catastrophic wildfires.[1] Ultimately, the Wildfire Legislation, through the creation of the Go-Forward Wildfire Fund, provides a financial backstop against future liabilities that may result from major wildfires.

The Wildfire Legislation provides that a condition to establishing the Go-Forward Wildfire Fund is that Southern California Edison ("**SCE**") and San Diego Gas & Electric ("**SDG&E**") must notify the California Public Utilities Commission (the "**Commission**") within fifteen days of enactment of their commitment to provide initial and annual contributions to the Go-Forward Wildfire Fund. California Public Utilities Code § 3292(a) (hereinafter, the "**PUC**"). Each of SCE and SDG&E timely made a formal election to participate in the Go-Forward Wildfire Fund and are now required to make initial contributions to the Go-Forward Wildfire Fund by September 10, 2019.

The Utility may also elect to participate in the Go-Forward Wildfire Fund. The Wildfire Legislation provides, in pertinent part:

> An electrical corporation that is the subject of an insolvency proceeding on the effective date of this part that wishes to participate in the fund shall (1) within 15 days of the effective date of this part, provide written notification to the commission of its election to participate in the

---

[1] The Go-Forward Wildfire Fund does not address liabilities for the 2017 and 2018 wildfires. Specifically, the Go-Forward Wildfire Fund is only available for a "covered wildfire," which is defined as "any wildfire ignited on or after the effective date of this section, caused by an electrical corporation as determined by the governmental agency responsible for determining causation." PUC § 1701.8(1).

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

fund, and (2) within 60 days of the effective date of this part, obtain approval from the bankruptcy court or a court of competent jurisdiction of its determination to pay, and approval of its payment of, the initial contribution and, as they become due, annual contributions to the fund, provided, that the contributions shall not be due to the fund until the date the electrical corporation exits the insolvency proceeding.

PUC § 3292(e). In compliance with the Wildfire Legislation, the Utility provided notice to the Commission on July 25, 2019 of its election to participate in the fund. The Utility now seeks approval, as required by section 3292(e) of the Wildfire Legislation, of its determination to participate in and fund its initial and annual contributions to the Go-Forward Wildfire Fund upon and after exiting chapter 11. The Debtor's chapter 11 plan will incorporate the Utility's participation in the Go-Forward Wildfire Fund and provide for the necessary funding to make its initial contribution and first annual contribution.

Obtaining court approval at this time will allow the Utility to comply with the Wildfire Legislation and continue moving forward with the chapter 11 plan process without any uncertainty as to its authority to participate in the Go-Forward Wildfire Fund.

## IV. THE GO-FORWARD WILDFIRE FUND AND RELATED CONTRIBUTION OBLIGATIONS

A central element of the Wildfire Legislation is the establishment of the Go-Forward Wildfire Fund. Participating utilities may seek payment from the Go-Forward Wildfire Fund to satisfy settled or finally adjudicated claims arising from future catastrophic wildfires. *See* PUC § 3292(f)(1).

Funding for the Go-Forward Wildfire Fund is comprised of the (i) initial contributions from Utilities, (ii) annual contributions from Utilities, (iii) revenue generated from the ratepayers of regional utilities, if any, (iv) revenues generated from the ratepayers of Large Electrical Corporations, and (v) proceeds from certain bonds. *See* PUC § 3285(c).

The Wildfire Legislation provides that, subject to the approval of the Commission, customers will contribute $10.5 billion to the Wildfire Fund through regulated rates. The Wildfire Legislation authorizes the issuance of bonds securitized by a charge on customer bills to raise the $10.5 billion in customer contributions. In addition to these customer contributions, SCE, SDG&E, and the Utility (each a "**Large Electrical Corporation**," and collectively with the state's other regional utility companies, the "**Utilities**") will make initial and ongoing contributions to the Wildfire Fund, which

will be paid by the Large Electrical Corporations without recovery from their customers. The Large Electrical Corporations collectively must make a $7.5 billion initial contribution and $300 million annual contribution, of which the Utility's share is approximately 64%, or approximately $4.8 billion for its initial contribution and $193 million for its first annual contribution. *See* PUC § 3280(n).

As discussed above, the Utility will not be required to make any payments on account of its initial or annual contribution until it exits chapter 11.

## V. CONDITIONS TO PARTICIPATION

For the Utility to participate in the Go-Forward Wildfire Fund upon its emergence from chapter 11, the Utility must first obtain this Court's approval of its decision to participate in and contribute to the Go-Forward Wildfire Fund within 60 days of the effective date of the Wildfire Legislation. *See* PUC § 3292(e). Because the Wildfire Legislation became effective on July 12, 2019, the last day for this Court to enter an order approving the Utility's participation and contribution is September 10, 2019.

Additionally, the Utility must satisfy the following conditions by June 30, 2020 to participate in the Go-Forward Wildfire Fund:

- The Utility must have resolved its Chapter 11 case pursuant to a chapter 11 plan or similar document that is not subject to a stay;

- The Bankruptcy Court must have determined that the resolution of the chapter 11 proceeding provides funding or establishes reserves for, provides for assumption of, or otherwise provides for satisfying any prepetition wildfire claims asserted in the proceeding in amounts agreed upon in any settlement or as authorized by the Court in an estimation process, or as otherwise allowed by the Court;

- The Commission must have approved the Utility's chapter 11 plan and other documents resolving its Chapter 11 case, including the Utility's resulting governance structure;

- The Commission must have determined that Utility's chapter 11 plan and other documents resolving its Chapter 11 case are consistent with the state's climate goals as required pursuant to the California Renewable Portfolio Standard Program and related procurement requirements of the state;

- The Commission must have determined that the Utility's chapter 11 plan and other documents resolving its Chapter 11 case are neutral, on average, to ratepayers; and

- The Commission must have determined that the Utility's chapter 11 plan and other documents resolving its Chapter 11 case recognize the contributions of ratepayers, if any, and compensates ratepayers accordingly through mechanisms approved by the Commission, which may include sharing of value appreciation.

(collectively, the "**Conditions to Participation**"). *See* PUC § 3292(b).

Assuming the Utility obtains Court approval to participate in and contribute to the Go-Forward Wildfire Fund, and upon its satisfaction of the Conditions to Participation, upon emergence the Utility would be permitted to seek reimbursement from the fund for claims arising from not only post-emergence eligible fires, but also for up to 40% of the allowed claims that arise from an eligible fire that occurs after July 12, 2019, the effective date of the legislation, and before the Utility exits chapter 11. PUC § 3292(e).

## VI. RELIEF REQUESTED

Although the Utility's contributions to the Go-Forward Wildfire Fund are not due until it satisfies the Conditions to Participation and exits chapter 11, the Utility must obtain approval of the Bankruptcy Court by September 10, 2019 of its decision to participate in and contribute to the Go-Forward Wildfire Fund. *See* PUC § 3292(e). Entry of the Proposed Order will fulfill the requirement of the Wildfire Legislation, and eliminate any uncertainty with respect to the Utility's authority to participate in the Go-Forward Wildfire Fund upon exiting chapter 11.

## VII. THIS COURT SHOULD GRANT THE RELIEF REQUESTED

The Court has authority under section 105(a) of the Bankruptcy Code to grant this Motion. Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *Solidus Networks, Inc. v. Excel Innovations, Inc. (In re Excel Innovations, Inc.)*, 502 F.3d 1086, 1093 (9th Cir. 2007); *In re Robles*, No. 14-51812-ASW, 2014 WL 3715092, at *1 (Bankr. N.D. Cal. July 24, 2014).

Additionally, pursuant to section 363(b)(1), the debtor in possession may use, sell, or lease, other than in the ordinary course of business, property of the estate. *See* 11 U.S.C. § 363(b)(1). The Ninth Circuit holds that there must be a good business reason for the use, sale or lease of estate property outside the ordinary course of business. *See In re Fitzgerald,* 428 B.R. 872, 884 (B.A.P. 9th Cir. 2010)*; In re Lahijani,* 325 B.R. 282, 289 (B.A.P. 9th Cir. 2005)*; In re Am. Dev. Corp.*, 95 B.R. 735,

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

737 (Bankr. C.D. Cal. 199) (authorizing business transactions outside the ordinary course of business if the debtor has exercised sound business judgment); *In re Walter*, 83 B.R. 14, 19-20 (9th Cir. 1988); *see also In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986) (holding that there must be some articulated business justification for the court to approve the use, sale, or lease of property outside the ordinary course of business); *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2nd Cir. 1983) (holding that court should consider all salient factors pertaining to proceeding to determine whether there is good business reason for use, sale and lease of property outside the ordinary course of business).

The approval sought by this Motion will provide the Debtors and other parties in interest with the certainty that the Utility will be permitted to participate in the Go-Forward Wildfire Fund in connection with its emergence from these Chapter 11 Cases. The Go-Forward Wildfire Fund has been carefully crafted to address major concerns affecting Utilities, including the Utility, and participation in the Go-Forward Wildfire Fund will be a component of Debtors' chapter 11 plan. Participation in the Go-Forward Wildfire Fund will enhance the Debtors' long-term financial viability by providing a vehicle to satisfy the potentially significant financial liabilities that could result from future catastrophic wildfires. The Debtors' continued viability is a core tenet of the Bankruptcy Code and clearly inures to the benefit of all parties in interest. Furthermore, funding for the Utility's contributions to the Go-Forward Wildfire Fund will occur only in connection with a confirmed chapter 11 plan in these Chapter 11 Cases.

Accordingly, the Debtors have determined, in their business judgment, that participation in the Go-Forward Wildfire Fund is in the best interests of the Debtors' estates, their creditors, shareholders and all other parties in interest and will ultimately enhance the Debtors' ability to provide safe and reliable utility services to the people of California going forward. For the foregoing reasons and pursuant to this Court's authority and discretion under section 105(a) and 363(b)(1), the Court should authorize the Utility to participate in the Go-Forward Wildfire Fund.

**VIII.    NOTICE**

Notice of this Motion will be provided to (i) the U.S. Trustee (Attn: Andrew Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants

Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. Based on the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required and the requirements of Bankruptcy Rule 6004(a) have been satisfied.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting (i) the relief requested herein as a sound exercise of the Debtors' business judgment and in the best interests of the Debtors, their estates, creditors, shareholders, and all other parties in interest, and (ii) the Debtors' such other and further relief as the Court may deem just and appropriate.

Dated: August 7, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/ *Stephen Karotkin*
       Stephen Karotkin

*Attorneys for Debtors and Debtors in Possession*