RICHARD A. MARSHACK, SBN 107291
rmarshack@marshackhays.com
DAVID A. WOOD, SBN 272406
dwood@marshackhays.com
LAILA MASUD, SBN 311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt, Irvine, CA 92620
Tel: 949-333-7777 -/- Fax: 949-333-7778

GERALD SINGLETON, SBN 208783
JOHN C. LEMON, SBN 175847
SINGLETON LAW FIRM, APC
450 A Street, 5th Floor
San Diego, CA 92101
Tel. (619) 771-3473
Email: gerald@slffirm.com
      john@slffirm.com

Attorneys for SLF Claimants

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>   and,<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>         Debtors.<br><br>Affects:<br><br>☐   PG&E Corporation<br><br>☐   Pacific Gas & Electric Company<br><br>☒   Both Debtors<br><br>\* All papers shall be filed in Lead Case, No. 19-30088 (DM). | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case Jointly Administered)<br><br>RESPONSE TO JOINT MOTION FOR RELIEF FROM AUTOMATIC STAY<br><br>[Docket No. 2842]<br><br>Hearing:<br>Date:     August 14, 2019<br>Time:    9:30 a.m.<br>Ctrm;    Courtroom 17, 16th Floor<br>Place:   United States Bankruptcy Court<br>           San Francisco, CA 94102 |

/ / /

/ / /

1

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:

The Singleton Law Firm ("SLF") and Marshack Hays LLP, together with several other firms, represent approximately 5,200 victims of the fires started by PG&E Corporation ("PG&E") and/or Pacific Gas and Electric Company ("PGE Company," collectively with PG&E the "Debtors") in 2015 ("Butte Fire"), 2017 (the twenty fires generally referred to as the "North Bay and Wind Complex Fires") and 2018 ("Camp Fire").[1] SLF Claimants submit this response ("Response") to the Motion for Relief from Automatic Stay ("Relief Motion") filed by the Official Committee of Tort Claimants ("TCC") on July 2, 2019, as Docket No. 2842, as follows:

## I. Summary of Position[2]

Debtors, TCC and SLF Claimants Victim Claimants all have a common goal; determine the amount Debtors owe to Fire Victims and other creditors. Unfortunately, each party disagrees on how to achieve this result. In this backdrop, Debtors admit liability as to all fires but the Tubbs Fire[3].

To achieve the goal of establishing the claims with related to the Tubbs Fire, the best and most effective way is to have the case tried as suggested by the TCC in its Motion. Despite Debtors best efforts, estimation of claims will not work as there (1) exist issues of whether the bankruptcy court can do so given that there are personal injury claims and (2) are open issues of state law which should be resolved by a state court, including applicability of inverse condemnation. Accordingly, the state court should make determinations as to Debtors' liability on the Tubbs Fire. Once the state court determines liability relating to the Tubbs Fire (or once the issues are settled), then the parties can get together and create estimations of all fire claims within an acceptable range of being

---

[1] The claimants represented by SLF, Marshack Hays LLP and other firms are jointly referred to as the "SLF Claimants."
[2] SLF Claimants Victim Claimants have previously file a joinder to the Motion. *See* Dk. No. 3067. For the ease of the Court, all arguments raised therein have been reiterated in this pleading.
[3] Terms not defined herein are as defined in the Motion.

accurate.

For the above reasons, SLF Claimants support the granting of relief from stay. SLF represents over 900 fire victims of the Tubbs Fire and they have a very vested stake in the outcome. All of whom should be afforded the opportunity to proceed in the state court. At minimum SLF plaintiffs that are eligible for preference, should be a part of the team that sets strategy and tries the cases.

## II. Procedural Background

Since, the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) & 1108. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("FRBP"). On February 12, 2019, the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Creditors Committee"). A torts claimants committee has also been formed ("TCC").

Notably, none of the SLF Claimants are members of the TCC.

On July 2, 2019, as Dk. No. 2842 the TCC filed the instant Motion seeking termination of the automatic to permit the claims of the Tubbs Preference Plaintiffs to proceed to a state court jury trial.

## III. Legal Argument

### A. Cause exists to grant relief from stay in order to allow the stalemate that is negotiations in this case to move forward

After a notice and a hearing, the bankruptcy court may annul or grant relief from the automatic stay upon request of a party in interest "for cause." 11 U.S.C. § 362(d). Sufficient cause to lift the stay is determined on a case-by-case basis. Where there is an "imminent" state court action involving the debtor, cause exists to lift the automatic stay. *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990); *Azam v. U.S. Bank., N.A.*, 690 Fed. Appx. 484, 486 (9th Cir. 2017) ("When a bankruptcy court faces issues that are imminently pending in state court, it may abstain and lift the automatic stay").

/ / /

The determination of liability with respect to the Tubbs fire is what the TCC has described in their Motion as the gating issue. Mot., 19:8. This is the threshold issue that stalls negotiations. The liability must be determined in order, one way or another, to either foster settlement negotiations or dispose of the claims that make up potentially a third of the $54 billion in Wildfire Claims. *See generally*, *In re Dow Corning Corp.*, 211 B.R. at 545, 582 (Bankr. E.D. Mich 1997).

If this court were to estimate the Tubbs Fire claims for liability purposes, it would need to hold a preliminary causation trial to determine whether the claims are valid in the first place. But, this trial would then need to be repeated in state court in front of a jury for liquidation purposes – with no guarantee that a jury decides the result consistently with the estimation. 28 U.S.C. §§ 157(b)(5), 1411(a). For this reason, and the reasons set forth in the SLF Claimants' separately filed response to the motion to estimate filed by Debtors, estimation should be denied and a jury trial on these claims should go forth in state court.

### B. Estimation in bankruptcy is not a substitute for a trial on liability and individual damages

While the SLF Claimants do not agree with every statement of fact in the TCC's Motion, they do agree that the issue of liability with respect to the Tubbs Fire must be resolved promptly and not by way of an estimation motion. Estimation was not created for the purposes for which it is being used- i.e. to cap the funds available for all claimants regardless of individualized damages and with disregard to due process. Moreover, SLF Claimants concur that permitting a state-court trial for preference plaintiffs is the best solution for determining Debtors' liability for the Tubbs Fire. To that end, the SLF Claimants join the TCC's motion for relief from stay.

At the same time, the SLF Claimants do not agree that any state court trial should be limited to the potential preference plaintiffs set forth in the TCC's motion. While the initial Tubbs Fire trial should include preference plaintiffs, they should not be limited to those individuals who are represented by attorneys who have a client on the TCC.

Specifically, the SLF Claimants contend that the following 5 Tubbs Fire victims -- Thomas Milton Howard (71), Catherine Maffioli (82), Glenda Samson (71), Barbara Spengler (93), and

Evelyn Venturi (92) -- should be included in any Tubbs Fire trial that takes place in state court. All the above-named claimants are victims of the Tubbs fire, over the age of 70, suffer from health issues that make them eligible for preference, and have a "substantial interest in the action as a whole" as required by California Code of Civil Procedure § 36(a) and the case law interpreting it. *See, e.g., Fox v. Superior Court*, 21 Cal.App.5th 529, 535 (2018); *Koch-Ash v. Superior Court*, 180 Cal. App.3d 689, 692 (1986). Accordingly, the SLF Claimants respectfully request that this Court lift the stay to permit a trial on Debtors' liability for the Tubbs Fire to go forward in state court.

### C. Conclusion

The SLF Claimants submit that this Court should not make any determinations as to which cases should be eligible for this trial, but, rather, that this should be left to the determination of the Superior Court after the stay has been lifted. If this Court is going to determine which cases are eligible for trial in state court, however, the SLF Claimants respectfully submit that the following five individuals should be included:

(1) Thomas Milton Howard (71)

(2) Catherine Maffioli (82)

(3) Glenda Samson (71)

(4) Barbara Spengler (93)

(5) Evelyn Venturi (92)

Dated: August 7, 2019   MARSHACK HAYS LLP

By: _____
RICHARD A. MARSHACK
DAVID A. WOOD
LAILA MASUD
Attorneys for SINGLETON LAW FIRM
FIRE VICTIM CLAIMANTS

Dated: August 7, 2019   SINGLETON LAW FIRM, APC

By: _____
GERALD SINGLETON
AMANDA W. LOCURTO
Attorneys for SINGLETON LAW FIRM
FIRE VICTIM CLAIMANTS