1  RICHARD A. MARSHACK, SBN 107291
   rmarshack@marshackhays.com
2  DAVID A. WOOD, SBN 272406
   dwood@marshackhays.com
3  LAILA MASUD, SBN 311731
   lmasud@marshackhays.com
4  MARSHACK HAYS LLP
   870 Roosevelt, Irvine, CA 92620
5  Tel: 949-333-7777 -/- Fax: 949-333-7778

6
   GERALD SINGLETON, SBN 208783
7  JOHN C. LEMON, SBN 175847
   SINGLETON LAW FIRM, APC
8  450 A Street, 5th Floor
   San Diego, CA 92101
9  Tel. (619) 771-3473
   Email: gerald@slffirm.com
10         john@slffirm.com

11 Attorneys for SLF Fire Victim Claimants

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 19-30088 (DM) |
| PG&E CORPORATION, | Chapter 11 |
| and, | (Lead Case Jointly Administered) |
| PACIFIC GAS & ELECTRIC COMPANY, | RESPONSE TO MOTION OF THE AD HOC COMMITTEE OF UNSECURED NOTEHOLDERS TO TERMINATE THE DEBTOR'S EXCLUSIVE PERIODS |
| Debtors. | |
| Affects: | [Docket No. 2741] |
| ☐ PG&E Corporation | Hearing: |
| ☐ Pacific Gas & Electric Company | Date: August 13, 2019 |
| ☒ Both Debtors | Time: 9:30 a.m. |
| | Ctrm; 17, 16th Floor |
| * All papers shall be filed in Lead Case, No. 19-30088 (DM). | Place: United States Bankruptcy Court San Francisco, CA 94102 |

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT

JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED

PARTIES:

The Singleton Law Firm ("SLF") and Marshack Hays LLP, together with several other firms, represent approximately 5,200 victims of the fires started by PG&E in 2015 ("Butte Fire"), 2017 (the twenty fires generally referred to as the "North Bay" and "Wind Complex Fires") and 2018 ("Camp Fire").[1] The SLF Claimants submit this response ("Response") to the Motion of the Ad Hoc Committee of Senior Unsecured Noteholders ("Ad Hoc Committee") to Terminate the Debtors' Exclusive Period ("Exclusivity Motion"), filed on June 25, 2019, as Docket No. 2741.

## I. Summary of Argument

The Motion seeks to terminate the exclusivity period for filing and pursuing confirmation of a chapter 11 plan. As Debtors have neither proposed nor made significant strides towards a plan of reorganization, terminating the exclusivity period will function to afford other parties the opportunity to offer a plan. Terminating exclusivity will, in fact, help move the case forward so Debtors have a fighting change of exiting bankruptcy before June 30, 2020 in order to participate in the new wildfire recovery fund proposed by the California legislature ("WildFire Recovery Fund"). All parties, including the Ad Hoc Committee, should be allowed to expedite the plan confirmation process by proposing their own plans that can finally move this case to a point of confirmation where all other indications point to unnecessary delay by Debtor.

## II. Procedural Background

Since, the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) & 1108 of. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("FRBP"). On February 12, 2019, the United States Trustee ("U.S. Trustee") appointed an Official Committee of Unsecured Creditors ("Creditors Committee"). A torts claimants committee has also been formed ("TCC").

Notably, none of the SLF Claimants are members of the TCC.

---

[1] The claimants are jointly referred to as the "SLF Claimants."

On June 25, 2019, as Dk No. 2741, the Ad Hoc Committee filed the instant Motion seeking to terminate Debtors exclusivity. In response, SLF Claimants file this instant response in support of the Motion.

**III. Legal Argument**

**A. Debtors Have Made No Real Progress Towards Reorganization and Have Not Demonstrated Reasonable Prospects for Filing a Viable Plan**

Section[2] 1121 provides, the bankruptcy court "may for cause reduce or increase the 120 day period" upon the request of a party in interest and after notice and a hearing. 11 U.S.C. § 1121(d)(1). The determination of whether cause exists to warrant an extension of the statutory time periods is fact specific. *In re Henry Mayo Newhall Mem. Hosp.,* 282 B.R. 444, 453 (B.A.P. 9th Cir. 2002) (citing *In re Dow Corning*, 208 B.R. 661, 670 (Bankr. E.D. Mich 1997)) (emphasis added). In determining any adjustment to exclusivity, a "transcendent consideration is whether adjustment of exclusivity will facilitate moving the case forward toward a fair and equitable resolution." *In re Henry Mayo Newhall Mem. Hosp.*, 282 B.R. 444, 453 (B.A.P. 9th Cir. 2002) (quoting *In re Dow Corning*, 208 B.R. 661, 670 (Bankr. E.D. Mich 1997)).

Courts have enumerated the following factors to be considered in determining whether cause exists to warrant an extension: (1) the size and complexity of the case; (2) the necessity of sufficient time to negotiate and prepare adequate information; (3) the existence of good faith progress toward reorganization; (4) whether the debtor is paying its debts as they come due; (5) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (6) whether the debtor has made progress in negotiating with creditors; (7) the length of time the case has been pending; (8) whether the debtor is seeking the extension to pressure creditors; and (9) whether unresolved contingencies exist. *Dow Corning*, 208 B.R. at 664-665; see also *Henry Mayo Newhall Mem. Hosp.*, 282 B.R. at 452 (citing the Dow Corning factors).

---

[2] Unless otherwise indicated, all Chapter and Section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

Here, Debtors have not shown cause to warrant an extension of the exclusivity period. Instead, cause has been shown to *terminate* the exclusivity period. As an initial matter, Debtors have not proposed a plan up to date. Although SLF Fire Victim Claimants do not necessarily support the proposed Term Sheet by the Ad Hoc Committee as being the "best path forward," it is at least a step in the right direction with respect to what has been sluggish movement by the Debtors. Mot., 6:4. SLF Fire Victim Claimants shall highlight some of the Dow Corning Factor that when considered are particularly worrisome and demonstrate cause for which the Motion should be granted.

### i. Whether the Case is Particularly Large or Complex

No one will deny that Debtors' case is complex. But complexity should not give way to efficiency especially considering the rapidly approaching deadline to participate in the WildFire Recovery Fund. At the previous Exclusivity Hearing, this court stated that it would entertain motions to terminate exclusivity. Although Debtors did not take this cue to propose a plan, at least one other party did actively come up with a credible plan. Simply stated, Debtors were allowed to continue in exclusivity but a confirmable plan from Debtors is no closer today than it was in May.

### ii. Debtors Have Not Filed A Viable Plan/ Existence of Good Faith Progress to Reorganization

Debtor has not filed a plan. Moreover, Debtor has come no closer to filing a plan as most time has been spent overhauling the board of directors. At minimum, terminating exclusivity will motivate Debtor to work towards proposing a plan in light of other parties' proposals for resolution.

### iii. Debtors Have Not Made Meaningful Progress In Negotiating With Creditors

In various pleadings filed by the Ad Hoc Committee and the TCC, parties have brought it to the Court's attention that Debtor is not actively communicating[3] with its creditors on a viable proposal of how to exit bankruptcy in a prompt fashion. Surely, Debtors would have at least spoken with the Ad Hoc Committee who is willing to put up the necessary funds towards moving this case towards resolution. Yet that is exactly what has not happened. Moreover, rather than speak with the

---

[3] *See*, e.g. Mot., 11:1-4.

4
RESPONSE IN SUPPORT OF MOTION FOR RELIEF FROM STAY

TCC and SLF Claimants about individualized resolution on an expedited matter, Debtors instead propose an estimation motion as a way to 'bootstrap' a cap on the funds available to compensate victims all the while doing an end around due process. Plainly put, other than settling the wildfire claims of 18 local public entities, Debtors have done little to nothing to move these cases forward.

## IV. Conclusion

In this case, the foregoing factors[4] are decidedly in favor of terminating the Debtor's exclusivity period and allow parties to propose plans thus fostering forward movement. Granting the Motion will not stop the Debtors from pursuing their own plan, but it will open the playing field for other parties, like the Ad Hoc Committee. SLF Claimants respectfully requests, the Motion be granted.

Dated: August 7, 2019

MARSHACK HAYS LLP

By: _____
RICHARD A. MARSHACK
DAVID A. WOOD
LAILA MASUD
Attorneys for SINGLETON LAW FIRM
FIRE VICTIM CLAIMANTS

Dated: August 7, 2019

SINGLETON LAW FIRM, APC

By:_____
GERALD SINGLETON
AMANDA W. LOCURTO
Attorneys for SINGLETON LAW FIRM
FIRE VICTIM CLAIMANTS

---

[4] For brevity, SLF Claimants only address the factors it feels weigh in favor of terminating exclusivity and granting the Motion.