WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br>                         **Debtors.** <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br> (Lead Case) <br> (Jointly Administered) <br><br> **SUPPLEMENTAL DECLARATION OF DOUGLAS J. FRISKE IN SUPPORT OF MOTION OF DEBTORS PURSUANT TO 11 U.S.C. § 363 AND 105(a) FOR AN ORDER APPROVING TERMS OF EMPLOYMENT FOR NEW CHIEF EXECUTIVE OFFICER AND PRESIDENT OF PG&E CORPORTATION** <br><br> Related Doc: Dkt. No. 2662 <br><br> Date: August 9, 2019 <br> Time: 9:30 a.m. (Pacific Time) <br> Place: United States Bankruptcy Court <br>        Courtroom 17, 16th Floor <br>        San Francisco, CA 94102 |

Pursuant to 28 U.S.C § 1746, I, Douglas J. Friske, hereby declare as follows under penalty of perjury:

I am a Managing Director at Willis Towers Watson PLC ("**WTW**"). WTW has been retained by Weil, Gotshal & Manges LLP ("**Weil**") on behalf of PG&E Corp. (and, together with Pacific Gas and Electric Company, "**PG&E**" or the "**Debtors**") to provide compensation consulting services to the Debtors.

I submit this Supplemental Declaration in further support of the *Motion of Debtors Pursuant to 11 U.S.C. §§ 363 and 105(a) For an Order Approving Terms of Employment for New Chief Executive Officer and President of PG&E Corporation* (the "**Motion**").

The statements in this Declaration are, except where specifically noted, based on my personal knowledge or opinion, or from other members of the WTW team working under my supervision or direction. I have overseen a compensation consulting team since December 2018 that has provided various employee compensation consulting services to the Debtors.

I am not being specifically compensated for this testimony other than through payments received by WTW as a professional whose retention the Debtors will seek to obtain this Court's approval of pursuant to an application to be filed with this Court at a later date. I am over the age of 18 years and authorized to submit this Declaration on behalf of the Debtors. If I were called upon to testify, I could and would competently testify to the facts set forth herein.

1. **Analysis of Transition Payment**

Under my direction, WTW assessed the reasonableness of Mr. Johnson's transition payment by analyzing the value of transition payments awarded to a sample of recruited CEOs across the U. S. market. We then compared that market data to Mr. Johnson's transition payment.

To conduct this analysis, my team and I analyzed data from 28 different companies representing 30 transition payments awarded to newly hired CEOs since 2015. We looked at companies whose mean revenue for fiscal year 2018 was $4 billion. We collected information as to the (1) estimated award value (cash and estimated equity values); (2) form of award and the number of shares, units, stock options, or cash value (as applicable) awarded; (3) award value as a percentage of base salary; (4) prevalence and dollar value mix of awards; and (5) the vesting terms. Our analysis is set forth in the power point presentation dated August 6, 2019 and attached hereto.

2. **Findings Regarding Mr. Johnson's Transition Payment**

Of the 30 transition payments we analyzed, the median award value was approximately $7.0 million. The average award value was $8.6 million. Mr. Johnson's $3.0 million transition payment falls below the 10th percentile of the analyzed awards, which was $3.6 million. Put differently, 90 percent of the cases analyzed, or 28 out of the 30 transition awards, had values higher than $3 million.

We also found that it was common for companies to provide transition payments consisting of cash awards. There were 16 instances (53 percent) out of the 30 example transition payments where companies incorporated a cash transition payment. In all of these cases, equity awards were provided in addition to cash payments, which is not the case with Mr. Johnson's transition payment.

3. **Conclusion**

WTW reviewed Mr. Johnson's transition payment and concludes that it is consistent with U.S. market practice to provide transition payments to recruited CEOs. Based on my experience and the work WTW and I have performed in these and similar cases, I believe Mr. Johnson's transition payment is reasonable given the facts and circumstances of these Chapter 11 cases.

Pursuant to section 1746 of title 28 of the United States Code, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: August 7, 2019

Chicago, Illinois

_____

*Douglas J. Friske*

Douglas J. Friske, Managing Director
Willis Towers Watson PLC

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119