ROGERS JOSEPH O'DONNELL
Aaron P. Silberman (State Bar No. 161021)
asilberman@rjo.com
Lauren B. Kramer (State Bar No. 259821)
lkramer@rjo.com
Emily A. Wieser (State Bar No. 311315)
ewieser@rjo.com
311 California Street
San Francisco, California 94104
Telephone:  415.956.2828
Facsimile:  415.956.6457

Attorneys for
NORTH AMERICAN
FENCE & RAILING, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>      and<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br><br>                Debtors. | Case No. 19-30088 DM (Lead Case)<br><br>(Jointly Administered with Case No. 19-30089 DM)<br><br>Chapter 11<br><br>**NOTICE OF CONTINUED PERFECTION OF MECHANICS LIEN PURSUANT TO 11 U.S.C. § 546(b)(2)** |
| □ Affects PG&E Corporation<br><br>☒ Affects Pacific Gas and Electric Company<br><br>□ Affects both Debtors.<br><br>*  All papers shall be filed in the Lead Case No. 19-30088 DM. | |

North American Fence & Railing, Inc. ("NAFR"), by and through its

undersigned counsel, hereby gives notice of continued perfection of its mechanics lien under

Case: 19-30088    Doc# 3459    Filed: 08/08/19    Entered: 08/08/19 10:57:02    Page 1 of 6

11 U.S.C. § 546(b)(2), as follows:

        1.      NAFR is a corporation that has provided and delivered labor, services, equipment, and/or materials for the construction and improvement of projects on real property located in the County of San Mateo, State of California (the "Property") and owned by PG&E Corporation and/or Pacific Gas and Electric Company (collectively, the "Debtors").

        2.      Through May 13, 2019, the amount owing to NAFR is at least $54,916.00.

        3.      NAFR properly perfected its mechanics lien under California Civil Code §§ 8400, et seq., by timely recording its mechanics lien ("Claim of Lien") in the Official Records of San Mateo County, State of California, as more fully described in its Claim of Lien, a true and correct copy of which is attached hereto as Exhibit A.

        4.      Pursuant to California Civil Code § 8400, an action to enforce a lien must be commenced within 90 days after recordation of the claim of lien. However, due to the automatic stay set forth in 11 U.S.C. § 362, NAFR is precluded from filing a state court action to enforce its mechanics lien. 11 U.S.C. § 546(b)(2) provides that, when applicable law requires seizure of property or commencement of an action to perfect, maintain, or continue the perfection of an interest in property, and the property has not been seized or an action has not been commenced before the bankruptcy petition date, then the claimant shall instead give notice within the time fixed by law for seizing property or commencing an action. See 11 U.S.C. § 546(b)(2); *In re Baldwin Builders*, 232 B.R. 406 (9th Cir. 1999).

        5.      Accordingly, NAFR hereby provides notice of its rights as a perfected lienholder in the Property pursuant to California's mechanics lien law. NAFR is filing and serving this notice to preserve, perfect, maintain, and continue the perfection of its lien and its rights in the Property to comply with the requirements of California state law, 11 U.S.C. §§ 362(a), 362(b)(3), and 546(b)(2), and any other applicable law. This notice constitutes the legal equivalent of having commenced an action to foreclose the lien in the proper court. By this notice, the Debtors and other parties in interest are estopped from claiming that the

Case: 19-30088   Doc# 3459   Filed: 08/08/19   Entered: 08/08/19 10:57:02   Page 2 of 6

lawsuit to enforce NAFR's mechanics lien was not timely commenced pursuant to applicable state law.  NAFR intends to enforce its lien rights to the fullest extent permitted by applicable law.  The interests perfected, maintained, or continued by 11 U.S.C. § 546(b)(2) extend in and to the proceeds, products, offspring, rents, or profits of the Property.

6.    The filing of this notice shall not be construed as an admission that such filing is required under the Bankruptcy Code, the California mechanics lien law, or any other applicable law.  In addition, NAFR does not make any admission of fact or law, and NAFR asserts that its lien is senior to and effective against entities that may have acquired rights or interests in the Property previously.

7.    The filing of this notice shall not be deemed a waiver of NAFR's right to seek relief from the automatic stay to foreclose its mechanics lien and/or a waiver of any other rights or defenses.

8.    NAFR reserves all rights, including the right to amend or supplement this notice.

Dated:  August 8, 2019                    ROGERS JOSEPH O'DONNELL


                                          By:  /s Aaron P. Silberman
                                               AARON P. SILBERMAN

                                               Attorney for
                                               NORTH AMERICAN FENCE &
                                               RAILING, INC.

497761.1

# EXHIBIT A

RECORDING REQUESTED BY:
North American Fence & Railing, Inc.

AND WHEN RECORDED MAIL TO:
North American Fence & Railing, Inc.

515 23rd Avenue
Oakland, CA 94606

**2019-037568**
12:36 pm 05/20/19 MLL Fee: 102.00
Count of Pages 2
Recorded in Official Records
County of San Mateo
Mark Church
Assessor-County Clerk-Recorder



\* $ R 0 0 0 2 7 0 1 8 8 8 $ \*

SPACE ABOVE THIS LINE FOR RECORDER'S USE  –

2

# MECHANICS LIEN

The undersigned claimant, North American Fence & Railing, Inc., 515 23rd Avenue, Oakland, CA 94606, claims a lien for labor, services, equipment, and/or materials under California Civil Code Section 8416 et seq., upon the premises hereinafter described, and upon every estate or interest in such structures, improvements and premises held by any party holding any estate therein.

The labor, services, equipment, and/or materials, were furnished for the construction of those buildings, improvements, or structures, now upon that certain parcel of land situated in the County of San Mateo, State of California, said land described as follows: 3150 Geneva Avenue, (Daly City), Brisbane, CA.

The sum of $54,916.00 together with interest thereon at the rate of 0.00 percent per annum from May 13, 2019, is due claimant (after deducting all just credits and offsets) for the following work and/or material furnished by claimant: Chain link fences.

Claimant furnished the work and/or materials at the request of, or under contract with: Turner Construction Company, 300 Frank H. Ogawa Plaza, #150, Oakland, CA 94612.

The owner(s) or reputed owner(s) of the property are: Pacific Gas and Electric Company, 77 Beale Street, 32nd Floor, San Francisco, CA 94105.

Firm Name: North American Fence & Railing, Inc.

By: _____

Naomi Samuela / Authorized Agent

## VERIFICATION

I, the undersigned, say: I am the Authorized Agent of the claimant of the foregoing mechanics lien: I have read said claim of mechanics lien and know the contents thereof: the same is true of my own knowledge. I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 13, 2019, at San Diego, California.

Firm Name: North American Fence & Railing, Inc.

_____

Naomi Samuela / Authorized Agent

Construction Notice Services, Inc. (69593)

**PROOF OF SERVICE AFFIDAVIT**
**DECLARATION OF SERVICE BY MAIL**
California Civil Code Section 8416 (a)(7) & (c)(1)

I, Naomi Samuela, as Lien Preparer, declare that we, Construction Notice Services, Inc., served copies of this Mechanics Lien and Notice of Mechanics Lien on 3150 Geneva Avenue, (Daly City), Brisbane, CA by first class certified mail, postage prepaid, on May 13, 2019, at the San Diego/Mira Mesa California Post Office.

Copies of this Mechanics Lien and Notice of Mechanics Lien were mailed to the Property Owner(s) or Reputed Owner(s), Pacific Gas and Electric Company, 77 Beale Street, 32nd Floor, San Francisco, CA 94105.

I declare, under penalty of perjury, that the foregoing is true and correct. Executed on May 13, 2019, at San Diego, California.

Firm Name: North American Fence & Railing, Inc.

Naomi Samuela / Authorized Agent
(69593)

**NOTICE OF MECHANICS LIEN**
**ATTENTION!**

Upon the recording of the enclosed MECHANICS LIEN with the county recorder's office of the county where the property is located, your property is subject to the filing of a legal action seeking a court-ordered foreclosure sale of the real property on which the lien has been recorded. The legal action must be filed with the court no later than 90 days after the date the mechanic's lien is recorded.

The party identified in the mechanics lien may have provided labor or materials for improvements to your property and may not have been paid for these items. You are receiving this notice because it is a required step in filing a mechanics lien foreclosure action against your property. The foreclosure action will seek a sale of your property in order to pay for unpaid labor, materials, or improvements provided to your property. This may affect your ability to borrow against, refinance, or sell the property until the mechanics lien is released.

BECAUSE THE LIEN AFFECTS YOUR PROPERTY, YOU MAY WISH TO SPEAK WITH YOUR CONTRACTOR IMMEDIATELY, OR CONTACT AN ATTORNEY, OR FOR MORE INFORMATION ON MECHANICS LIENS GO TO THE CONTRACTORS' STATE LICENSE BOARD WEB SITE AT www.cslb.ca.gov.