Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone: 628.208.6434
Facsimile: 310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel to the Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION**<br>-and-<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                      Debtors.<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR ENTRY OF AN ORDER DETERMINING PROCEDURES FOR PRESERVING JURY TRIAL RIGHTS**<br><br>Date: September 10, 2019<br>       (unless shortened)<br>Time: 9:30 a.m.<br>Place: United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 94102<br>Response Deadline: September 3, 2019<br>                       (unless shortened) |

PG&E Corporation and Pacific Gas and Electric Company (collectively, "**PG&E**" or the "**Debtors**"), acknowledge that their equipment caused nearly two dozen devastating fires in Northern California that have killed one hundred and eight people.[1] PG&E disputes causation for the Tubbs and Ghost Ship fires, which collectively killed nearly 60 additional people. And this death tally does not include thousands of people who suffered physical injuries and/or emotional distress attendant to physical harm. Accordingly, there are a significant number of personal injury and wrongful death tort creditors of PG&E who retain a right to a jury trial "notwithstanding the traditional notion that filing a proof of claim constitutes the claimant's waiver of jury trial rights." *In re Pacific Gas & Elec. Co.*, 279 B.R. 561, 571 (Bankr. N.D. Cal. 2002). However, the deadline for asserting those rights is puzzling because the Federal Rules of Bankruptcy Procedure (each, a "**Bankruptcy Rule**") and Federal Rules of Civil Procedure (each, a "**Civil Rule**") require a jury demand within 14 days after the answer or complaint is filed; neither of those documents is typically filed in claims determination.[2]

Based upon the above premises, the Official Committee of Tort Claimants ("**TCC**") hereby moves this Court (the "**Motion**") for an Order (i) confirming that whatever jury trial rights any tort claimant possesses (including a right to trial in the district court or another court) are preserved until such time as the Court issues an Order, on the date the Court considers confirmation of a plan, or a later date picked by the Court, requiring claimants to request a trial by jury, whether by filing a jury trial demand, moving under Local Bankruptcy Rule 9015-2(d), or otherwise and (ii) confirming that a personal injury or wrongful death claimant does not waive any jury trial rights by filing a proof of claim or submitting claims information to the BrownGreer database created as part of the Judicial Council Coordination Proceedings in state court. This will alleviate the ambiguities in the Bankruptcy Rules and facilitate consolidated handling of Local Bankruptcy Rule 9015-2(d)

---

[1] *See, e.g.*, the Debtors' *Motion Pursuant to 11 U.S.C. §§ 105(a) and 502(c) For the Establishment of Wildfire Claims Estimation Procedures*, Dkt. No. 3091, at p. 11 (proposing that they will not contest causation for 22 fires as part of their estimation protocol.)

[2] Local Bankruptcy Rule 9015-2(d) permits a "timely motion" to determine that a claim must be heard by the district court but does not further explain what makes such a motion "timely." Not only can reasonable minds differ as to the meaning of that word, but Local Rule 9015-2(d) motions are likely to have significant legal overlap (i.e., what constitutes a personal injury?) and it may be efficient to decide common legal issues at one time.

motions if the court wishes to do so.[3] This Motion does not seek a determination as to the nature or extent of any party's jury trial rights.

In support of this Motion, the TCC submits the declaration of Frank M. Pitre, filed contemporaneously herewith. A proposed form of order is attached hereto as Exhibit A.

Contemporaneously herewith, the TCC is filing a motion to shorten time so that this Motion may be heard as quickly as possible, in light of the October 21, 2019 bar date. In support of the motion to shorten time, the TCC is submitting the declaration of Joseph M. Esmont (the "**Esmont Decl.**").

---

[3] This should not be mandatory; for instance, if the Debtors object to, or attempt to estimate, the claims of specified creditors, those creditors should of course be permitted to raise their jury trial rights at that time.

## I. MEMORANDUM OF POINTS AND AUTHORITIES

The Judicial Code preserves the rights of personal injury and wrongful death claimants to a jury trial outside the bankruptcy court. *In re Pacific Gas & Elec. Co.*, 279 B.R. 561, 571 (Bankr. N.D. Cal. 2002) (abstaining to permit state court trial of tort claims); 28 U.S.C. § 1411(a) ("this chapter and title 11 do not affect any right to trial by jury that an individual has under applicable nonbankruptcy law with regard to a personal injury or wrongful death tort claim."); 28 U.S.C. § 157(b)(2)(b) ("liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims" for the "purposes of distribution" is not a core proceeding); 28 U.S.C. § 157(b)(5) (the "district court shall order that personal injury tort and wrongful death claims shall be tried" in a specified district court).

Under Bankruptcy Rule 9015, Civil Rule 38 governs jury demands in "cases and proceedings[,]" which would include the allowance and disallowance of claims. *See* 28 U.S.C. §§ 157(b)(2)(B), (b)(4) (describing allowance and disallowance of claims as "core proceedings" and "non-core proceedings" depending upon the circumstances). Similarly, this Court has applied Rule 38(a)-(d) to the demand of jury trials "in any proceeding within the jurisdiction created by 28 U.S.C. § 1334[.]" Local Bankruptcy Rule 9015-2(e).

Civil Rule 38(b), as modified by Bankruptcy Rule 9015, requires a party to demand a jury trial by "serving other parties with a written demand–which may be included in a pleading–no later than 14 days after the last *pleading* directed to the issue is served; and (2) filing the demand in accordance with" Bankruptcy Rule 5005 (emphasis added).

But no "pleading" is filed in a typical claims allowance dispute. Civil Rule 7 defines "what constitutes 'pleadings' for purposes of [Civil] Rule 38". 8 *Moore's Federal Practice – Civil* § 38.50 (2019). *See also* 10 *Collier on Bankruptcy* ¶ 9015.04 n. 4 (2019) (citing *Webb v. White (In re White)*, 222 B.R. 831 (Bankr. W.D. Tenn. 1998), for the proposition that only Rule 7(a) pleadings qualify as pleadings under Rule 38). Civil Rule 7 states that "[o]nly these pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."

- 4 -

Neither a proof of claim nor an objection to a claim is a "pleading" listed under Civil Rule 7. And no Civil Rule 7 pleading is regularly filed in a contested matter. *Compare* Bankruptcy Rule 7007 (incorporating Civil Rule 7 in adversary proceedings) with Bankruptcy Rule 9014 (not incorporating Civil Rule 7 in contested matters such as allowance of claims).[4] Accordingly, it is not clear that Civil Rule 38 is triggered at all in the claims allowance process.

Bankruptcy Local Rule 9015-2(d) does provide that "[u]pon timely motion of a party or upon the Bankruptcy Judge's own motion, the Bankruptcy Judge may determine that a claim is a personal injury tort or wrongful death claim requiring trial by a District Judge[.]" However, it does not provide context as to what constitutes a "timely motion" and clarity would benefit all parties given the time pressures in this case.

Of paramount concern at this juncture is the fact that the Debtors and Unsecured Creditors Committee have sought access to the BrownGreer database originally created and populated to facilitate limited access to claims information as part of Judicial Council Coordination Proceedings in state court. To the extent any party to these bankruptcy proceedings is given access to this data, now or in the future, the TCC requests that the Court confirm that entry of data into the BrownGreer database does not constitute a waiver of any right to a jury trial which would be preserved by 28 U.S.C. §§ 1411, 157, or otherwise.

For the foregoing reasons, the TCC respectfully requests that this Court enter an order, in substantially the form attached as Exhibit A, clarifying that whatever jury trial rights any tort claimant creditor possesses (including a right to trial in the district court or another court) are preserved until such time as the Court issues an Order, on the date the Court considers confirmation of a plan or a later date picked by the Court, requiring claimants to request a trial by jury, whether by filing a jury trial demand, moving under Local Bankruptcy Rule 9015-2(d), or otherwise.

---

[4] *See* Advisory Committee Notes to Bankruptcy Rule 9014 ("the filing of an objection to a proof of claim . . . creates a dispute which is a contested matter[.]")

- 5 -

On August 7, 2019, counsel for the TCC asked Mr. Orsini by email whether the Debtors would consent to the relief requested in this Motion; on August 8, 2019, Mr. Orsini indicated the Debtors would not consent. *See* Esmont Decl. at ¶ 3.

Dated: August 8, 2019

BAKER & HOSTETLER LLP

By: *s/ Robert A. Julian*
Robert A. Julian

*Counsel to the Official Committee of Tort Claimants*