| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>Stephen Karotkin (*pro hac vice*)<br>(stephen.karotkin@weil.com)<br>Ray C. Schrock, P.C. (*pro hac vice*)<br>(ray.schrock@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007 | CRAVATH, SWAINE & MOORE LLP<br>Paul H. Zumbro (*pro hac vice*)<br>(pzumbro@cravath.com)<br>Kevin J. Orsini (*pro hac vice*)<br>(korsini@cravath.com)<br>Omid H. Nasab (*pro hac vice*)<br>(onasab@cravath.com)<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel: 212 474 1000<br>Fax: 212 474 3700 |

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                  **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>***EX PARTE* APPLICATION FOR ORDER PURSUANT TO L.B.R. 9013-1(c) AUTHORIZING OVERSIZE BRIEFING FOR DEBTORS' OMNIBUS REPLY IN FURTHER SUPPORT OF THE DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 502(c) FOR THE ESTABLISHMENT OF WILDFIRE CLAIMS ESTIMATION PROCEDURES**<br><br>Related Document: Dkt. No. 3091<br><br>[No hearing requested] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this *Ex Parte* Application (the "**Application**"), pursuant to Rule 9013-1(c) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for an order authorizing the Debtors to file an oversize *Omnibus Reply in Further Support of the Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 502(c) for the Establishment of Wildfire Claims Estimation Procedures* (the "**Estimation Motion Omnibus Reply**")[1], which the Debtors filed on the date hereof.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  JURISDICTION**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.  BACKGROUND**

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**").  On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**").

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Estimation Motion Omnibus Reply.

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

On July 18, 2019, the Debtors filed the Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 502(c) for the Establishment of Wildfire Claims Estimation Procedures [Docket No. 3091] (the "**Estimation Motion**"). At least twelve objections, joinders to objections, and other responses were filed with respect to the Estimation Motion (collectively, the "**Objections**"). At the hearing in these Chapter 11 Cases on July 24, 2019, the Court also directed the Debtors to address several additional questions for supplemental briefing in their Reply. On July 24, 2019, the Court set August 11, 2019 as the deadline for the Debtors to file a reply to the Objections and in further support of the Estimation Motion. [Transcript of July 24, 2019 Hearing at 31:20-21].

### III. OVERSIZE BRIEFING FOR THE ESTIMATION MOTION OMNIBUS REPLY IS WARRANTED

Bankruptcy Local Rule 9013-1(c) provides that, "Unless the Court expressly orders otherwise, the initial and response memoranda of points and authorities shall not exceed 25 pages of text, and reply memorandum shall not exceed 15 pages of text." B.L.R. 9013-1(c).

The Debtors submit that sufficient cause exists for the Court to allow oversize briefing for the Estimation Motion Omnibus Reply. The Estimation Motion Omnibus Reply will respond to the twelve Objections filed. Among those Objections is the opposition filed by the Tort Claimants Committee [Docket No. 3431] (the "**TCC Objection**"), with respect to which the Tort Claimants Committee filed an *ex parte* application requesting an order authorizing oversize briefing [Docket No. 3443]. The TCC Objection alone is thirty-two pages long and includes multiple appendices, two supporting declarations, and numerous exhibits. Additionally, the Estimation Motion Omnibus Reply addresses each of the topics the Court identified for supplemental briefing at the July 24, 2019 hearing.

Because many of the Objections raise similar issues with respect to the Estimation Motion, responding to the Objections by an omnibus reply is efficient. In order to respond sufficiently to twelve Objections, including the TCC Objection, and the questions posed by the Court in a single

document, the Debtors submit that they require more than the 15 pages otherwise permitted under the Local Rules.

Accordingly, the Debtors believe it is appropriate to request authority for the Estimation Motion Omnibus Reply to exceed the 15 pages allowed under Bankruptcy Local Rule 9013-1(c).

**IV.     NOTICE**

Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE,** the Debtors respectfully request entry of an order authorizing the Debtors to file the Estimation Motion Omnibus Reply to exceed 15 pages, but not to exceed 25 pages (exclusive of any schedules or exhibits thereto and/or any declarations filed in connection therewith), and such other and further relief as the Court may deem just and appropriate.

Dated:  August 9, 2019           **WEIL, GOTSHAL & MANGES LLP**

                                 **KELLER & BENVENUTTI LLP**


                                 By: /s/ *Jane Kim*
                                         Jane Kim

                                 *Attorneys for Debtors and Debtors in Possession*