WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    **- and -**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**DEBTORS' OBJECTION TO THE EX PARTE MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON MOTION FOR ENTRY OF AN ORDER DETERMINING PROCEDURES FOR PRESERVING JURY TRIAL RIGHTS**<br><br>Related to Dkt. Nos. 3479 and 3481 |

*(sidebar)* Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1  PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**")

2  as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11

3  cases (the "**Chapter 11 Cases**"), hereby submit this objection to the *Ex Parte Motion of the Official*

4  *Committee of Tort Claimants* (the "**TCC**") *Pursuant to B.L.R. 9006-1 Requesting Order Shortening*

5  *Time for Hearing on Motion for Entry of an Order Determining Procedures For Preserving Jury*

6  *Trial Rights*, Dkt. No. 3481 (the "**Motion to Shorten**").

7  On August 8, 2019, the TCC filed a Motion for Entry of an Order Determining Procedures

8  for Preserving Jury Trial Rights, Dkt. No. 3479 (the "**Jury Trial Motion**").  On that same date, the

9  TCC filed its Motion to Shorten, seeking to have its Jury Trial Motion heard on August 14, 2019,

10  *i.e.*, on six days' notice.  As the Court knows, there are already substantial issues set to be heard on

11  August 14; issues that require the Debtors'—as well as the Court's—immediate attention.  The TCC

12  sets forth only one justification for its requested highly expedited timeframe: if the Court requires

13  the TCC to adhere to Bankruptcy Local Rule 9014-1(c)(2) and set their Jury Trial motion for hearing

14  on September 10, 2019, their motion will be heard "only *41 days* prior to the [October 21, 2019] bar

15  date in these cases."  *See* Motion to Shorten at 3-4 (emphasis added).  Simply stated, there is no

16  reason to grant the Motion to Shorten.

17  As an initial matter, a September 10, 2019 hearing will provide more than sufficient time for

18  filing proofs of claim by any claimants who are "wait[ing] until confirmation of preservation of their

19  jury trial rights to file their claims."  Motion to Shorten at 3.  Also, missing from the Motion to

20  Shorten is any explanation as to why, if the relief the TCC seeks in their Jury Trial Motion is truly so

21  urgent, the TCC did not seek such relief earlier, having been aware of the Debtors' motion to

22  establish a bar date since it was filed on May 1, 2019.  *See* Dkt. No. 1784.

23  In addition, the parties may very well be able to resolve the issues presented in the Jury Trial

24  Motion without the Court's involvement, if provided the time contemplated by the Court's Local

25  Rules.  For example, one such issue can be resolved now: the Debtors do not contend—and never

26  contended—that the submission of claims data and information to the BrownGreer database waives

27

28

any jury trial rights that may exist with respect to wrongful death or personal injury claims.[1]  And while the Debtors similarly may not take issue with certain other aspects of the relief sought by the TCC, they need sufficient time to thoughtfully consider whether such relief is appropriate and whether and how any related issues should be addressed and the Debtors' rights preserved in any order to be issued.

For the reasons stated herein, the Court should deny the Motion to Shorten and set the hearing on the Jury Trial Motion for September 10, 2019, pursuant to Bankruptcy Local Rule 9014-1(c)(2).

Dated: August 11, 2019

WEIL, GOTSHAL & MANGES LLP

KELLER & BENVENUTTI LLP

By: _/s/ Theodore E. Tsekerides_
Theodore E. Tsekerides

*Attorneys for Debtors and Debtors in Possession*

---

[1] The TCC provides no authority even suggesting that claimants would in any way risk waiver of their jury trial rights by simply providing information to interested parties in these Chapter 11 Cases, and this purported concern should not delay the Debtors' access to the BrownGreer database that is long overdue.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY  10153-0119