# EXHIBIT A

# BakerHostetler

BakerHostetler
1160 Battery Street East
Suite 100
San Francisco, CA 94111
T: 310.442.8899
F: 310.820.8859
www.bakerlaw.com

July 30, 2019

Robert Julian
direct dial: 628.208.6436
rjulian@bakerlaw.com

**VIA E-MAIL (korsini@cravath.com)**

Kevin J. Orsini, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475

Re: In re PG&E Corporation, Case No. 19-30088 (DM)

Dear Kevin:

We carefully reviewed the Debtors' motion to estimate claims. It appeared to us that the Debtors may contend that they have no liability for the fire-related losses. Therefore, in order to effectively respond, and to propose an appropriate expedited discovery plan, we request clarification of the Debtors' litigation position with respect to the 2016, 2017 and 2018 fires.

First, the Debtors state that they will not contest causation with respect to all of the wildfires except the Tubbs fire. However, causation is only one material element to establish legal liability under the negligence, nuisance, and trespass causes of action alleged by the tort victims. Therefore, although the Debtors have conceded causation, they have not conceded legal liability as it relates to those causes of action. Please let us know if we have misconstrued the Debtors' position with respect to liability for negligence, nuisance, and trespass.

Second, the Debtors also contend that, as a quasi-private utility, they should not be held legally responsible for losses under an inverse condemnation theory of liability. Therefore, although the Debtors have conceded causation, they have not conceded liability under inverse condemnation. Please let us know if we have misconstrued the Debtors' position with respect to liability for inverse condemnation.

Taken together, it appears the Debtors are not conceding liability for any of the 2016, 2017 or 2018 fires. Form this, the TCC is left with only one option, and that is to prepare to prove all theories of liability in connection with the court's estimation of claims. If our assumptions are inaccurate, please advise. Otherwise, the parties must immediately engage in discovery

Atlanta   Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa   Denver
Houston   Los Angeles   New York   Orlando   Philadelphia   Seattle   Washington, DC

concerning all of the asserted theories of liability in order to be reasonably prepared for an estimation hearing in the near term.

We note that the Debtors have singularly focused in our discussions on the damages aspect of claims estimation, as opposed to liability. We agree that the damages information, including the number of victims, calculation of economic and non-economic damages, and the like are critically important to the estimation process. But damages issues are not the only areas of discovery. We need to be able to present a plan to the court that enables both the Debtors and the TCC to present their cases with adequate evidence.

Therefore, we ask that the Debtors answer the questions below and in the attached Excel spreadsheet no later than **5:00 p.m. PDT on Friday, August 2, 2019.**

I.  **CONTENTIONS REGARDING PLAINTIFFS' PROSECUTION OF LIABILITY**

According to the Master Complaint filed by the Individual Plaintiffs on March 12, 2018 in the In re: California North Bay Fire Cases, JCCP No. 4995, the Individual Plaintiffs pled several causes of action in regard to each of the 2017 Northern California wildfires. We have listed those causes of action below (and on the attached spreadsheet), and under each cause of action listed, we have listed the material elements identified by the Judicial Council of California Civil Jury Instructions ("CACI") as required in order to establish liability pursuant to each particular cause of action.

Please advise in regard to each fire, whether PG&E will contest the material elements identified under each cause of action pled in the Individual Plaintiffs' Master Complaint and listed below. Please do so by marking a "Yes" or "No" in the attached spreadsheet. A "Yes" means that PG&E will contest the allegation.

 a. **The Negligence Claim (CACI 400)**

Defendant was negligent.

Defendant's negligence was a substantial factor in causing plaintiff's harm.

 b. **The Inverse Condemnation Claim**

Defendant's equipment, as designed and in the normal course of operations, substantially caused a taking of Plaintiff's property.

Defendant's equipment, which substantially caused a taking, was installed for a public purpose or use.

### c. The Private Nuisance Claim (CACI 2021)

Defendant, by acting or failing to act, created a condition that was harmful to health and/or was a fire hazard.

This condition substantially interfered with Plaintiff's use or enjoyment of his/her land.

An ordinary person would be reasonably annoyed or disturbed by the condition.

Plaintiff did not consent to Defendant's conduct.

Defendant's conduct was a substantial factor in causing Plaintiff's harm.

The seriousness of the harm outweighs the social utility of Defendant's conduct.

### d. The Public Nuisance Claim (CACI 2020)

The condition affected a substantial number of people at the same time.

Plaintiff suffered harm different from the type of harm suffered by the general public.

### e. The Trespass Claim (CACI 2000)

Defendant intentionally, recklessly or negligently caused a fire to enter Plaintiff's property.

Plaintiff did not give permission for entry.

Defendant exceeded Plaintiff's permission for entry.

Defendant's conduct was a substantial factor in causing Plaintiff's harm.

### f. The Claim for Violation of Health & Safety Code § 13007

Defendant violated California Health and Safety Code section 13007.

Defendant's violation of California Health and Safety Code section 13007 was a substantial factor in causing Plaintiff's harm.

### g. Claims for Exemplary or Punitive Damages

Defendant's conduct in causing the fire was willful as set out in California Public Utilities Code Section 2106.

Defendant's conduct in causing the fire was with conscious disregard for the safety of the victims and was despicable as set forth in California Civil Code Section 3294.

Kevin J. Orsini, Esq.
July 30, 2019
Page 4

## II. PG&E'S AFFIRMATIVE DEFENSES TO LIABILITY

According to the Master Answer filed by the PG&E Defendants on March 16, 2018 in the In re: California North Bay Fire Cases, JCCP No. 4995, PG&E pled several affirmative defenses to liability in regard to each of the 2017 Northern California wildfires. We have listed those affirmative defenses below (and on the attached spreadsheet), and under each affirmative defense listed, we have copied and pasted the exact language PG&E pled in support of the applicable affirmative defense.

Please advise in regard to each fire, whether PG&E will assert the affirmative defenses pled in PG&E's Master Answer and listed below. Please do so by marking a "Yes" or "No" in the attached spreadsheet. A "Yes" means that PG&E will assert the affirmative defense.

   a.   **Superseding Or Intervening Events (Ninth Affirmative Defense)**

"The injuries, losses or damages alleged in the Complaint were directly and proximately caused, in whole or in part, by unforeseeable, intervening and/or superseding acts of nature, or persons, or entities for whom PG&E is not accountable, including but not limited to Acts of God." (Page 4 of PG&E's Master Answer to Individual Plaintiffs' Master Complaint).

   b.   **Mitigation (Tenth Affirmative Defense)**

"The injuries, losses or damages alleged in the Complaint are subject to the requirements of the principles of mitigation." (Page 4 of PG&E's Master Answer to Individual Plaintiffs' Master Complaint).

   c.   **Injury Caused By Others (Eleventh Affirmative Defense)**

"The injuries, losses or damages alleged in the Complaint may have been caused in whole or in part by other persons or entities for whom or which PG&E is not accountable and over whom or which PG&E had neither control nor right of control. PG&E is entitled to apportionment of fault among all persons and entities whose acts or omissions contributed to the occurrence and extent of the alleged injuries, damages, and/or losses, and a judgment and declaration of indemnification and contribution in favor of PG&E and against all other persons and entities with the apportionment of fault." (Pages 4 - 5 of PG&E's Master Answer to Individual Plaintiffs' Master Complaint.)

   d.   **Comparative Fault (Twelfth Affirmative Defense)**

"Causation has not yet been determined so PG&E pleads a general response now to avoid delay in litigation. This affirmative defense is not intended to blame any individual victim, but rather to reserve rights in the event it is determined that other persons or entities have responsibility in whole or in part for one or more fires and/or the damages associated with one or more of the fires. Other persons or entities, including but not limited to one or more of the Individual

Kevin J. Orsini, Esq.
July 30, 2019
Page 5

Plaintiffs, may be legally responsible under the doctrine of comparative negligence, contributory negligence and assumption of risk, or may be otherwise, at fault, in whole or in part, for which the law provides apportionment of fault, reduction, offset, indemnification or contribution."
(Page 5 of PG&E's Master Answer to Individual Plaintiffs' Master Complaint.)

    e.    **Assumption Of Risk (Twelfth Affirmative Defense)**

"Causation has not yet been determined so PG&E pleads a general response now to avoid delay in litigation. This affirmative defense is not intended to blame any individual victim, but rather to reserve rights in the event it is determined that other persons or entities have responsibility in whole or in part for one or more fires and/or the damages associated with one or more of the fires. Other persons or entities, including but not limited to one or more of the Individual Plaintiffs, may be legally responsible under the doctrine of comparative negligence, contributory negligence and assumption of risk, or may be otherwise, at fault, in whole or in part, for which the law provides apportionment of fault, reduction, offset, indemnification or contribution."
(Page 5 of PG&E's Master Answer to Individual Plaintiffs' Master Complaint.)

Please feel free to contact me if you would like to discuss.

Sincerely,

*[signature: Robert A. Julian]*

Robert Julian
Partner


Enclosure

Cc (via Emai):
    Frank M. Pitre, Esq,
    Michael A. Kelly, Esq.
    Steven M. Campora, Esq.

| CONTENTIONS REGARDING PLAINTIFFS' PROSECUTION OF LIABILITY: | Adobe | Atlas | Camp | Cascade | LaPorte | Cherokee | Highway 37 | Honey | Lobo | Maacama | McCourtney | Norbom | Nuns | Oakmont | Partrick | Pocket | Point | Pressley | Redwood Valley | Potter | Sullivan | Sulphur | Tubbs |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **NEGLIGENCE (CACI 400):** | | | | | | | | | | | | | | | | | | | | | | | |
| Defendant was negligent. | | | | | | | | | | | | | | | | | | | | | | | |
| Defendant's negligence was a substantial factor in causing plaintiff's harm. | | | | | | | | | | | | | | | | | | | | | | | |
| **INVERSE CONDEMNATION:** | | | | | | | | | | | | | | | | | | | | | | | |
| Defendant's equipment, as designed and in the normal course of operations, substantially caused a taking of Plaintiff's property. | | | | | | | | | | | | | | | | | | | | | | | |
| Defendant's equipment, which substantially caused a taking, was installed for a public purpose or use. | | | | | | | | | | | | | | | | | | | | | | | |
| **PRIVATE NUISANCE (CACI 2021):** | | | | | | | | | | | | | | | | | | | | | | | |
| Defendant, by acting or failing to act, created a condition that was harmful to health and/or was a fire hazard. | | | | | | | | | | | | | | | | | | | | | | | |
| Plaintiff suffered harm different from the type of harm suffered by the general public. | | | | | | | | | | | | | | | | | | | | | | | |
| This condition substantially interfered with Plaintiff's use or enjoyment of his/her land. | | | | | | | | | | | | | | | | | | | | | | | |
| An ordinary person would be reasonably annoyed or disturbed by the condition. | | | | | | | | | | | | | | | | | | | | | | | |
| Plaintiff did not give permission for entry. | | | | | | | | | | | | | | | | | | | | | | | |
| Plaintiff did not consent to Defendant's conduct. | | | | | | | | | | | | | | | | | | | | | | | |
| Defendant's conduct was a substantial factor in causing Plaintiff's harm. | | | | | | | | | | | | | | | | | | | | | | | |
| The seriousness of the harm outweighs the social utility of Defendant's conduct. | | | | | | | | | | | | | | | | | | | | | | | |
| **PUBLIC NUISANCE (CACI 2020):** | | | | | | | | | | | | | | | | | | | | | | | |
| The condition affected a substantial number of people at the same time. | | | | | | | | | | | | | | | | | | | | | | | |
| **TRESPASS (CACI 2000):** | | | | | | | | | | | | | | | | | | | | | | | |
| Defendant intentionally, recklessly or negligently caused a fire to enter Plaintiff's property. | | | | | | | | | | | | | | | | | | | | | | | |
| Plaintiff did not give permission for entry. | | | | | | | | | | | | | | | | | | | | | | | |
| Defendant exceeded Plaintiff's permission for entry. | | | | | | | | | | | | | | | | | | | | | | | |
| Defendant's conduct was a substantial factor in causing Plaintiff's harm. | | | | | | | | | | | | | | | | | | | | | | | |
| **VIOLATION OF HEALTH AND SAFETY CODE SECTION 13007:** | | | | | | | | | | | | | | | | | | | | | | | |
| Defendant violated California Health and Safety Code section 13007. | | | | | | | | | | | | | | | | | | | | | | | |
| Defendant's violation of California Health and Safety Code section 13007 was a substantial factor in causing Plaintiff's harm. | | | | | | | | | | | | | | | | | | | | | | | |
| **CLAIMS FOR EXEMPLARY OR PUNITIVE DAMAGES:** | | | | | | | | | | | | | | | | | | | | | | | |
| Defendant's conduct in causing the fire was willful as set out in California Public Utilities Code Section 2106. | | | | | | | | | | | | | | | | | | | | | | | |
| Defendant's conduct in causing the fire was with conscious disregard for the safety of the victims and was despicable as set forth in California Civil Code Section 3294. | | | | | | | | | | | | | | | | | | | | | | | |

| PG&E'S AFFIRMATIVE DEFENSES TO LIABILITY: | Adobe | Atlas | Camp | Cascade | LaPorte | Cherokee | Highway 37 | Honey | Lobo | Maacama | McCourtney | Norbom | Nuns | Oakmont | Partrick | Pocket | Point | Pressley | Redwood Valley | Potter | Sullivan | Sulphur | Tubbs |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **SUPERSEDING OR INTERVENING EVENTS (Ninth Affirmative Defense)** | | | | | | | | | | | | | | | | | | | | | | | |
| "The injuries, losses or damages alleged in the Complaint were directly and proximately caused, in whole or in part, by unforeseeable, intervening and/or superseding acts of nature, or persons, or entities for whom PG&E is not accountable, including but not limited to Acts of God." (Page 4 of PG&E's Master Answer to Individual Plaintiffs' Master Complaint). | | | | | | | | | | | | | | | | | | | | | | | |
| **MITIGATION (Tenth Affirmative Defense)** | | | | | | | | | | | | | | | | | | | | | | | |
| "The injuries, losses or damages alleged in the Complaint are subject to the requirements of the principles of mitigation." (Page 4 of PG&E's Master Answer to Individual Plaintiffs' Master Complaint). | | | | | | | | | | | | | | | | | | | | | | | |
| **INJURY CAUSED BY OTHERS (Eleventh Affirmative Defense)** | | | | | | | | | | | | | | | | | | | | | | | |
| "The injuries, losses or damages alleged in the Complaint may have been caused in whole or in part by other persons or entities for whom or which PG&E is not accountable and over whom or which PG&E had neither control nor right of control. PG&E is entitled to apportionment of fault among all persons and entities whose acts or omissions contributed to the occurrence and extent of the alleged injuries, damages, and/or losses, and a judgment and declaration of indemnification and contribution in favor of PG&E and against all other persons and entities with the apportionment of fault." (Pages 4 - 5 of PG&E's Master Answer to Individual Plaintiffs' Master Complaint). | | | | | | | | | | | | | | | | | | | | | | | |
| **COMPARATIVE FAULT (Twelfth Affirmative Defense)** | | | | | | | | | | | | | | | | | | | | | | | |
| "Causation has not yet been determined so PG&E pleads a general response now to avoid delay in litigation. This affirmative defense is not intended to blame any individual victim, but rather to reserve rights in the event it is determined that other persons or entities have responsibility in whole or in part for one or more fires and/or the damages associated with one or more of the fires. Other persons or entities, including but not limited to one or more of the Individual Plaintiffs, may be legally responsible under the doctrine of comparative negligence, contributory negligence and assumption of risk, or may be otherwise, at fault, in whole or in part, for which the law provides apportionment of fault, reduction, offset, indemnification or contribution." (Page 5 of PG&E's Master Answer to Individual Plaintiffs' Master Complaint.) | | | | | | | | | | | | | | | | | | | | | | | |
| **ASSUMPTION OF RISK (Twelfth Affirmative Defense)** | | | | | | | | | | | | | | | | | | | | | | | |
| "Causation has not yet been determined so PG&E pleads a general response now to avoid delay in litigation. This affirmative defense is not intended to blame any individual victim, but rather to reserve rights in the event it is determined that other persons or entities have responsibility in whole or in part for one or more fires and/or the damages associated with one or more of the fires. Other persons or entities, including but not limited to one or more of the Individual Plaintiffs, may be legally responsible under the doctrine of comparative negligence, contributory negligence and assumption of risk, or may be otherwise, at fault, in whole or in part, for which the law provides apportionment of fault, reduction, offset, indemnification or contribution." (Page 5 of PG&E's Master Answer to Individual Plaintiffs' Master Complaint.) | | | | | | | | | | | | | | | | | | | | | | | |