1  Dennis F. Dunne (admitted *pro hac vice*)
   Samuel A. Khalil (admitted *pro hac vice*)
2  MILBANK LLP
   55 Hudson Yards
3  New York, New York 10001-2163
   Telephone: (212) 530-5000
4  Facsimile: (212) 530-5219

5  and

6  Gregory A. Bray (SBN 115367)
   Thomas R. Kreller (SBN 161922)
7  MILBANK LLP
   2029 Century Park East, 33rd Floor
8  Los Angeles, CA 90067
   Telephone: (424) 386-4000
9  Facsimile: (213) 629-5063

10 *Counsel for the Official Committee
   of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| -and- | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | **NOTICE OF FILING OF COMPETING PLAN SCHEDULING ORDER**<br><br>Date: August 13, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>Re: Docket Nos. 2741 & 3147 |

In accordance with discussions on the record at the hearings on July 24, 2019 and August 9, 2019, and in connection with the motions by the Ad Hoc Committee of Senior Unsecured Noteholders (the "Noteholder Group") and the Ad Hoc Group of Subrogation Claim Holders to terminate exclusivity (the "Exclusivity Termination Motions"), the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors in possession (the "Debtors") hereby submits the attached proposed competing plan scheduling order (the "Proposed Scheduling Order") for consideration by the Court.

The Proposed Scheduling Order represents the Committee's attempt, in its capacity as an estate fiduciary, to promote efficiency and fairness in the plan process in the event exclusivity is terminated. In this regard, it follows on the California Public Utilities Commission's (the "CPUC") efforts to develop a protocol to resolve the Exclusivity Termination Motions over the three weeks prior to August 9. The Committee intends for the Proposed Scheduling Order to govern only if the Court grants one or more of the Exclusivity Termination Motions. The Committee believes that the Proposed Scheduling Order will provide structure to the plan process while ensuring that competition is fostered if multiple potential plans are permitted to go forward, and will do so critically in advance of the June 30, 2020 deadline set by the provisions of AB 1054 (including time for the CPUC to do its review).

In advance of this filing, the Committee circulated the Proposed Scheduling Order to the key parties in interest in these Chapter 11 Cases. The Committee believes that based on these discussions, the Proposed Scheduling Order will provide a starting point for negotiations around a path forward, subject to incorporating the views of other parties. That said, while not all parties have engaged, we believe they will do so once exclusivity has been terminated. Indeed, all parties have stated a desire for competition. The Committee certainly wants to see competition here. The

best vehicle to conduce a viable competitive plan process, however, would be to terminate exclusivity and consider multiple plans within the framework of our proposed (or a similar) timeline. We are not asking the Court to rule on the protocol tomorrow; rather, it is the Committee's suggested path forward in the event the Noteholder Group's motion to terminate exclusivity is granted, which we urge the Court to do. It also demonstrates that the process for confirmation after termination is manageable.

Given this dynamic, the Committee has filed the Proposed Scheduling Order to provide all parties in interest with notice thereof in the hope that the key parties can come to a consensus in the coming days around a protocol similar to that contained in the Proposed Scheduling Order to govern the process forward if one or both of the Exclusivity Termination Motions are granted. If the parties can reach agreement, we are hopeful that we can propose a consensual order later this week. If not, we will propose an expedited hearing date for the Court to consider entry of a scheduling order.

The Committee reserves the right to further amend, modify, or supplement the Proposed Scheduling Order.

Dated: August 12, 2019

**MILBANK LLP**

*/s/ Thomas R. Kreller*
THOMAS R. KRELLER

*Counsel for the Official Committee of Unsecured Creditors*

# EXHIBIT 1
## Proposed Scheduling Order

*In re PG&E Corporation et al., Debtors*
Case No. 19-30088 (DM)

**Schedule for Submission and Consideration of Potential Plans**

A.      *Overview*.

This Schedule for Submission and Consideration of Potential Plans (the "**Schedule**") sets forth the schedule — subject to the approval and jurisdiction of the Bankruptcy Court — for the consideration of proposals for plans of reorganization (each, a "**Plan**") to resolve the chapter 11 cases of PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**") on or before June 30, 2020, as required by AB-1054.

This Schedule contemplates the Court's immediate termination of the Debtors' exclusivity to permit other parties to propose plans in accordance with this Schedule as part of a competitive process designed to allow the Debtors to timely and fairly compensate all creditors, including wildfire victims, meet the requirements of AB-1054 and achieve the best possible resolution of the chapter 11 cases.

Any Plan proposed under this Schedule and the related definitive documentation shall be subject to the approval of the Bankruptcy Court in the manner and on the timing set forth herein.

The advisory staff (the "**Commission Staff**") of the California Public Utilities Commission (the "**Commission**"), Official Committee of Unsecured Creditors (the "**UCC**") and the Official Committee of Tort Claimants (the "**TCC**") are collectively referred to herein as the "**Consultation Parties**". The Debtors and the Consultation Parties are collectively referred to herein as the "**Protocol Parties**".[1]

Nothing contained herein is intended to limit or otherwise affect the regulatory authority or statutory duties of the Commission, including with respect to, among other things, a Plan and the related definitive documentation and the Commission's right to conduct proceedings before the Commission in which ratepayers and other parties will have the right to be heard in compliance with applicable law.

---

[1] The Office of the Governor of the State of California (including its counsel and financial advisor) (the "***Governor's Office***") shall be entitled to full and complete information and access as part of the process, to the extent requested including, without limitation, access to all information contained in the data room or shared between parties to the process (including Initial Proposals, Revised Proposals, Preliminary Documents and drafts and revisions thereto) and to participate in meetings, conference calls and discussions with or between any Protocol Parties, Potential Plan Proponents or other parties to the process.

B. *Summary of Important Dates*.

| Milestone | Deadline[2] |
|---|---|
| The Bankruptcy Court shall enter an order approving the Schedule. | August [13], 2019 |
| The Debtors will execute NDAs with known Potential Plan Proponents and/or their representatives.[3] Additional parties expressing interest in providing plan proposals may execute NDAs prior to the September [20], 2019 deadline for Potential Plan Proponents to submit Initial Proposals.[4] | August [30], 2019 at [11:59 p.m.] |
| The Debtors shall commence population of a data room immediately and complete population of the data room with initial diligence materials.[5] | September [4], 2019 at [11:59 p.m.] |
| Deadline for Potential Plan Proponents (including the Debtors) to submit Initial Proposals to Consultation Parties and the Governor's Office. | September [20], 2019 at [5:00 p.m.] |
| Consultation Parties and the Governor's Office shall provide feedback to Potential Plan Proponents (including the Debtors) on Initial Proposals. | September [27], 2019 at [5:00 p.m.] |
| Except for Initial Qualified Plan Proponents (defined below), each Potential Plan Proponent (including the Debtors if they have not already done so) shall file its Plan Proposal and all material supporting documentation with the Bankruptcy Court, including a brief in support of the Plan Proposal which shall demonstrate such Plan Proposal is a Qualified Plan Proposal.<br><br>Notwithstanding the foregoing, any timely Plan Proposal of the Debtors shall be deemed to be a Qualified Plan Proposal. In addition, if the Bankruptcy Court terminates exclusivity for the Plan Proposal of the Ad Hoc Committee of Senior Unsecured Noteholders' (the "***Noteholders' Committee***"), as contained in the Noteholders' Committee's Bankruptcy Court filings dated [August 7], 2019, then | October [4], 2019 at [5:00 p.m.] |

---

[2] All times prevailing California time.

[3] A draft form of NDA shall be filed with the Bankruptcy Court by no later than August 20, 2019. All NDAs shall be based on such draft form and otherwise in form and substance reasonably acceptable to the Debtors or otherwise in a form approved by the Bankruptcy Court and structured such that information shared under the NDAs may be provided to all Protocol Parties and the Governor's Office.

[4] "***Potential Plan Proponent***" means any party interested in submitting a proposed plan term sheet in accordance with this Schedule and the requirements set forth in herein.

[5] Debtors must continue to update and supplement the data room upon reasonable request or as required to ensure material completeness of the data room.

| Milestone | Deadline[2] |
|---|---|
| that Plan Proposal shall be deemed to be a Qualified Plan Proposal. Likewise, if the Bankruptcy Court terminates exclusivity for the Plan Proposal of the Ad Hoc Group of Subrogation Claimholders (the "**Subrogation Group**"), as contained in the Subrogation Group's Bankruptcy Court filings dated [July 23], 2019, that Plan Proposal shall also be deemed to be a Qualified Plan Proposal. Any Plan Proposals that are deemed to be Qualified Plan Proposals under this paragraph shall be referred to collectively as the "**Initial Qualified Plan Proposals**." | |
| Any party in interest may file an opposition to any Plan Proposal that is not an Initial Qualified Plan Proposal, setting forth any arguments that such Plan Proposal is or is not a Qualified Plan Proposal. | October [16], 2019 at [5:00 p.m.] |
| Bar date in the Chapter 11 Cases. | October 21, 2019 |
| Court hearing to determine whether each Plan Proposal (other than Initial Qualified Plan Proposals) is a Qualified Plan Proposal.[6]<br><br>If the Bankruptcy Court so orders, a Potential Plan Proponent shall be given a period of ten (10) calendar days to address or resolve any issues or concerns or otherwise cure any deficiencies in its Plan Proposal by submitting a revised Plan Proposal and any additional documentation necessary to establish that those concerns, issues or deficiencies have been addressed. The Bankruptcy Court shall then conduct a further hearing to determine whether the Plan Proposal, as revised, is a Qualified Plan Proposal (defined below).<br><br>Immediately upon the Bankruptcy Court's determination that a Plan Proposal is a Qualified Plan Proposal, exclusivity shall terminate as to that Qualified Plan Proposal. | October 23, 2019 |
| The Debtors complete and post: (i) final due diligence information; (ii) a draft of the General Disclosure Statement including general information customarily included in disclosure statements such as descriptions of the Debtors' operations, events leading to the filing of the cases, events during the cases, and a description of prepetition claims and interests; and (iii) draft Solicitation Procedures. | October 28, 2019 |
| Parties in interest provide comments to the Debtors on the General Disclosure Statement and Proposed Solicitation Procedures. | November [6], 2019 at [5:00 p.m.] |

---

[6] The Bankruptcy Court shall make the decision regarding whether a Plan Proposal is a Qualified Plan Proposal on the basis of the papers submitted and oral argument (i.e. no discovery).

| Milestone | Deadline[2] |
|---|---|
| After consultation with the Consultation Parties, the Debtors post a revised General Disclosure Statement and Proposed Solicitation Procedures in form and substance reasonably acceptable to the UCC and TCC. | November [13], 2019 at [5:00 p.m.] |
| Qualified Plan Proponents provide a draft plan and disclosure statement (which, in the case of non-Debtor Qualified Plan Proponents, may incorporate by reference the General Disclosure Statement prepared by the Debtors) to Consultation Parties and the Governor's Office together with drafts of any definitive documents necessary to implement the Plan. | November [22], 2019 at [5:00 p.m.] |
| Consultation Parties and the Governor's Office provide feedback to Qualified Plan Proponents on the plan, disclosure statement and draft definitive documents. | December [6], 2019 at [5:00 p.m.] |
| Deadline for Qualified Plan Proponents to file their respective Plans and Disclosure Statements. Disclosure Statements filed by Qualified Plan Proponents do not need to include the general information contained in the General Disclosure Statement.<br><br>Deadline for the Debtors to file revised General Disclosure Statement and Proposed Solicitation Procedures for all Plans. | December [17], 2019 at [11:59 p.m.] |
| Deadline for parties in interest to file any objections to the General Disclosure Statement, specific disclosure statements and Proposed Solicitation Procedures.<br><br>Resolution of estimation proceedings in Chapter 11 Cases. | January [17], 2020 At [5:00 p.m.] |
| Deadline for responses to objections to the General Disclosure Statement, specific disclosure statements and Proposed Solicitation Procedures. | January [24], 2020 At [5:00 p.m.] |
| Hearing on the General Disclosure Statement, Solicitation Procedures and each specific disclosure statement.[7] | Begins January [30], 2020 |

---

[7] The Bankruptcy Court shall determine as part of the order approving the Disclosure Statement(s) which plan proposals shall be solicited based upon whether the Bankruptcy Court believes such proposed plan is likely to meet the requirements of section 1129 of the Bankruptcy Code. In making such determination, the Bankruptcy Court shall consider, among other things, (i) whether such plan proposal incorporates committed financing or is otherwise financeable, and (ii) any feedback or commentary provided by Commission Staff regarding such proposed plan.

| Milestone | Deadline[2] |
|---|---|
| Opening briefs in support of Plan confirmation. | March [13], 2020 |
| Briefs in opposition to Plan confirmation. | March [27], 2020 |
| Reply briefs in support of Plan confirmation. | April [13], 2020 |
| Confirmation Status Conference | April [15], 2020 |
| Confirmation Hearing (Trial). | Begins April [20], 2020 |

    C.    *Competing Plan Proposal Information*.

| | |
|---|---|
| Non-Disclosure Agreement: | Any known Potential Plan Proponent (or its representatives) that wishes to receive non-public information regarding the Debtors must enter into a non-disclosure agreement in a form approved by the Bankruptcy Court (an "*NDA*") by August [30], 2019 at 11:59 p.m. (PT). The NDA shall include a mechanism that provides for the conveyance of information on a professionals' eyes only basis. Additional parties interested in providing bids may execute NDAs prior to the September [20], 2019 deadline for Potential Plan Proponents to submit Initial Proposals. All NDAs must provide Protocol Parties and the Governor's Office access to information in a manner reasonably acceptable to such parties. |
| Initial Diligence Period: | The Debtors will provide each Potential Plan Proponent that has executed an NDA with access to a data room containing all non-privileged information regarding the Debtors reasonably necessary to formulate a proposed plan term sheet, a specific disclosure or required statement, and a chapter 11 plan, including business plans, financial statements and projections, information regarding individual wildfire claimants and subrogation claimants and other liabilities of the Debtors by September [4], 2019 at 11:59 p.m. (PT). |
| Initial Proposal: | Each Potential Plan Proponent must submit a non-binding indicative term sheet (an "*Initial Proposal*") setting forth the material terms of the Plan Proposal to the Consultation Parties and the Governor's Office by September [20], 2019 at 5:00 p.m. (PT). Each Potential Plan Proponent shall be permitted to structure its Initial Proposal in a manner that best represents its goals, limitations, intentions and financing sources with respect to the Plan; provided, however, that each Initial Proposal shall comply with and/or address each of the elements set forth on Exhibit A hereto (collectively, the "*Proposal Requirements*"). |

| | |
|---|---|
| Feedback Period and Filing of Plan Proposals with Bankruptcy Court: | The Consultation Parties and the Governor's Office will review each Initial Proposal and provide feedback, if any, to the Potential Plan Proponents with respect to the Initial Proposal submitted by such Potential Plan Proponent no later than September [27], 2019 at 5:00 p.m. (PT). Each Potential Plan Proponent shall consider and, if appropriate incorporate, the feedback to their Initial Proposals into a revised Initial Proposal (a "***Revised Proposal***"). Each Potential Plan Proponent shall file with the Bankruptcy Court: (i) an Initial Proposal or Revised Proposal (each, a "***Plan Proposal***"), as applicable; (ii) any supporting documentation for such Plan Proposal; and (iii) a brief in support of such Plan Proposal, which shall demonstrate the Plan Proposal constitutes a Qualified Plan Proposal no later than October [4], 2019 at 5:00 p.m. (PT). |
| Bankruptcy Court Determination of Qualified Plan Proposal: | The Bankruptcy Court will conduct a hearing to determine whether each Plan Proposal is a Qualified Plan Proposal by October [23], 2019. If the Bankruptcy Court so orders, a Potential Plan Proponent shall be given a period of ten (10) calendar days to address any concerns or issues or cure any deficiencies in its Plan Proposal by submitting a revised Plan Proposal and any additional documentation necessary to establish that those deficiencies have been addressed. The Bankruptcy Court shall then conduct a further hearing to determine whether the Plan Proposal, as revised, is a Qualified Plan Proposal.<br><br>Each Potential Plan Proponent that submits a Qualified Plan Proposal, as determined by the Bankruptcy Court, is referred to herein as a "***Qualified Plan Proponent***". The Initial Qualified Plan Proponents' proposals shall each be deemed to be a Qualified Plan Proposal as long as such Initial Qualified Plan Proponent has complied with the timeline established by this Schedule. Immediately upon the Bankruptcy Court's determination that any additional Plan Proposal is a Qualified Plan Proposal, exclusivity shall terminate as to that Qualified Plan Proposal.<br><br>Notwithstanding the foregoing, the Initial Qualified Plan Proposals shall each be deemed to be Qualified Plan Proposals in the forms previously filed with the Bankruptcy Court, without opportunity for objection or need for hearing.<br><br>Notwithstanding a determination that a Plan Proposal is a Qualified Plan Proposal or a Plan Proposal having been deemed a Qualified Plan Proposal, all parties' rights with respect to plan confirmation shall be preserved, and any determination made by the Court at this stage shall: (i) not prejudice any party's right to subsequently object to plan confirmation on any ground; and (ii) not be subject to any |

| | doctrine of *res judicata* (or similar doctrines) in any ultimate confirmation proceedings based on the Court's determination. Any Potential Plan Proponent or any member thereof or participant therein submitting a plan term sheet pursuant to this process shall not be subject to any plan objection, vote designation, request for equitable subordination or allegation of bad faith based on its participation in the plan term sheet submission process described herein. |
|---|---|
| Qualified Plan Proposal: | A Plan Proposal that is determined by the Bankruptcy Court to propose a plan that is likely to be feasible and meet the requirements of section 1129 of the Bankruptcy Code at the time of any Confirmation Hearing, is referred to herein as a "***Qualified Plan Proposal***". |
| Final Diligence Period: | Subject to each applicable NDA, the Debtors will provide each Qualified Plan Proponent with access to a data room containing: (i) the preliminary diligence items that were provided to each Potential Plan Proponent during the Initial Diligence Period; and (ii) any additional diligence items collectively requested by the Qualified Plan Proponents by October [28], 2019 at 11:59 p.m. (PT). |
| General Disclosure Statement and Draft Solicitation Procedures: | No later than October [28], 2019, after consultation with the Consultation Parties, the Debtors will draft and post in the data room a draft of: (i) a general disclosure statement (the "***General Disclosure Statement***") which shall include other information customarily included in disclosure statements, including, but not limited to, descriptions of the Debtors' operations, events leading to the filing of the Debtors' Chapter 11 Cases, events during the Debtors' Chapter 11 Cases, a description of the Debtors' prepetition capital structure, and a description of the claims asserted against the Debtors prior to the commencement of the Chapter 11 Cases, a valuation analysis, liquidation analysis, and proposed three-year and five-year budgets for the reorganized Debtors that Qualified Plan Proponents can use in connection with specific disclosure statement documents (discussed below)[8]; and (ii) general procedures for the solicitation of votes on the chapter 11 plan (the "***Proposed Solicitation Procedures***"); in form and substance reasonably acceptable to the UCC and TCC. Qualified Plan Proponents, the Consultation Parties and the Governor's Office will provide comments to the General Disclosure Statement and Proposed Solicitation Procedures by November [6], 2019 at [5:00 |

---

[8] The Qualified Plan Proponents may, but are not required to, rely on such analyses and budgets, but the Debtors' delivery thereof is without prejudice to the rights of such parties to develop their own analyses and budgets for use in connection with disclosure statement documents.

7

| | |
|---|---|
| | p.m.]. The Debtors will post the revised General Disclosure Statement and revised Proposed Solicitation Procedures in the data room by November [13], 2019 at [5:00 p.m.]. |
| Preliminary Definitive Documents: | Each Qualified Plan Proponent must deliver a draft plan and disclosure statement incorporating the terms of its Qualified Plan Proposal and drafts of any definitive documents necessary to implement such plan, to the Consultation Parties and Governor's Office by November [22], 2019 at 5:00 p.m. (PT). The Consultation Parties and the Governor's Office will provide feedback to the Qualified Plan Proponents related to such Qualified Plan Proponent's draft plan, disclosure statement and definitive documents by December [6], 2019 at [5:00 p.m.]. |
| Filing of Definitive Documents: | The Qualified Plan Proponents must file their respective plans and disclosure statements no later than December [17], 2019. The Debtors must file the revised General Disclosure Statement and the revised Proposed Solicitation Procedures no later than December [17], 2019. |
| Financing Sources: | Each Qualified Plan Proponent shall disclose any proposed financing arrangements (including any exclusivity arrangements) and processes that it deems necessary or desirable to fund the Plan. |
| Plan Confirmation Discovery: | The participating parties shall work in good faith on an agreed upon fact and expert witness discovery schedule in connection with plan confirmation procedures and a briefing scheduled for plan confirmation. Any disputes as to such schedule shall be resolved by the Bankruptcy Court. |
| Confirmation Hearing: | The hearing before the Bankruptcy Court to confirm the Plan shall commence no later than April [20], 2020. |

# EXHIBIT A

## Proposal Requirements

| | | |
|---|---|---|
| **Safety & Operations:** | 1. | Describe any proposed measures or initiatives to improve the Reorganized Debtors' safety record and culture; |
| | 2. | Describe the treatment of (or considerations with respect to) the Debtors' arrangements with employees and workers and retirees; |
| | 3. | Disclose and describe any contemplated sales of the Debtors' assets and/or business lines; |
| | 4. | Describe how the Plan will meet or exceed California's clean energy policy goals; |
| | 5. | Describe the proposed treatment of the Debtors' executory contracts; and |
| | 6. | Describe any significant proposed cost-saving initiatives. |
| | 7. | Describe the treatment of the Pacific Gas and Electric Company Retirement Plan during the five year period following Plan's effective date, e.g., change in plan sponsor or controlled group, merger, spin-off, de-risking. |
| **Ratepayers:** | 8. | Demonstrate that the Plan will be neutral, on average, to the ratepayers; |
| | 9. | Disclose the anticipated charges, tariffs or costs (including the cost of any debt financing), if any, passed through to ratepayers or that will impact rates; and |
| | 10. | Explain how any proposed ratepayer credits will be implemented and over what period of time. |
| **Capital Structure & Financial:** | 11. | Explain the total enterprise value implied by the Proposal and any related assumptions and methodologies; |
| | 12. | Outline the total cost of the Reorganized Debtors' debt and equity; |

9

Case: 19-30088    Doc# 3517    Filed: 08/12/19    Entered: 08/12/19 16:40:57    Page 13 of 16

|  | | |
|---|---|---|
| | 13. | Outline the key factors that support the Reorganized Debtors' long-term access to capital markets; |
| | 14. | Describe the proposed capital structure and return on equity of the Reorganized Debtors, including the anticipated equity rate base and any necessary adjustments for claims resolution; |
| | 15. | Describe the proposed capital needs of the Reorganized Debtors for the next five (5) years, including anticipated sources of funding and the cost and certainty of such funding; |
| | 16. | Describe the proposed treatment and any dilution of the Debtors' existing equity holders; |
| | 17. | Describe the forms and sources of proposed funding (including key terms of any newly issued debt and equity and how such terms may impact future return on equity proceedings) and how and when such funding will be raised and committed (and any commitments fees); |
| | 18. | Include an emergence sources and uses; and |
| | 19. | Describe the expected tax implications of the Proposal. |
| **Wildfire Liabilities:** | 20. | Describe how and when the Debtors' existing liabilities related to wildfires will be resolved and funded. |
| **Corporate Governance:** | 21. | Describe the proposed corporate governance structure of the Reorganized Debtors, including board appointments; and |
| | 22. | Identify whether any new management resources will be added. |
| **Diligence Requests:** | 23. | Include a list of any non-public information regarding the Debtors that the Potential Plan Proponent believes is necessary to consider and negotiate the Plan. |
| **Proposed Classification & Treatment:** | 24. | Describe the proposed classification and treatment of all creditor and equity classes and disclose whether or not such classes are impaired. |

| | |
|---|---|
| **Regulatory & Legislative:** | 25. Disclose any assumptions regarding the outcome of proceedings pending before the Commission or other regulatory agencies with respect to the Debtors; |
| | 26. Disclose any assumptions regarding the amount of any fines or penalties to be imposed on the Debtors; |
| | 27. Describe any additional approvals that the Potential Plan Proponent believes are necessary to effectuate the Plan; and |
| | 28. Describe any additional legislation that the Potential Plan Proponent believes is desirable to effectuate the Plan and disclose whether the Plan can be consummated without such legislation and, if so, what modifications to the Plan would be required. |
| **M&A Transaction(s):** | If the Proposal contemplates the sale of, merger or other combination involving, all or a material portion of the Debtors' assets: |
| | 1. Disclose the identity of all purchasing counterparties; |
| | 2. Outline the transaction structure and form of consideration and methodology for determining any non-cash consideration; |
| | 3. Outline the transaction timing and process; |
| | 4. Describe the pro forma governance, organizational structure, ownership structure, financials and capital structure of the buyer(s) or combined entity, as applicable, and any residual standalone entity; |
| | 5. Forecast the pro forma total enterprise value of the combined entity and any residual standalone entity, including any assumptions or methodologies used in analyzing total enterprise value; |
| | 6. Describe any net proceeds to be received by the Debtors' existing equity holders; |
| | 7. Disclose any necessary regulatory approvals to effectuate the transaction(s); and |
| | 8. Describe any key contingencies and conditions precedent. |

| **Other Conditions:** | Each Proposal shall also include the following: |
| --- | --- |
| | 1. Describe any other means of implementation; |
| | 2. Describe any other conditions precedent to plan confirmation and effective date; and |
| | 3. Describe any releases contemplated in the plan. |