**WEIL, GOTSHAL & MANGES LLP**
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
New York, NY 10153-0119
Tel: (212) 310-8000
Fax: (212) 310-8007

**KELLER & BENVENUTTI LLP**
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (415) 636-9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**,<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☑ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>* *All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**STIPULATION BETWEEN DEBTOR PACIFIC GAS AND ELECTRIC COMPANY AND MOVANTS SUNS AND MESTERS FOR LIMITED RELIEF FROM THE AUTOMATIC STAY**<br><br>[Relates to Dkt. No. 3036 – 3039]<br><br>[No Hearing Requested] |

This stipulation (the "**Stipulation**") is entered into by Pacific Gas and Electric Company (the "**Utility**" or the "**Debtor**"), as debtor and debtor in possession, on the one hand, and Xiaotian Sun and Wei Luo (together, the "**Suns**") and Csaba Wendel Mester and Marta M. Mester, individually and as trustees of the Csaba & Marta Mester Family Revocable Living Trust Dated 9/1/2011 and any amendments thereto (collectively, the "**Mesters**," and, together with the Suns, the "**Movants**"), on the other. The Debtor and Movants are referred to in this Stipulation collectively as the "**Parties**," and each as a "**Party**." The Parties hereby stipulate and agree as follows:

## RECITALS

A. On July 17, 2019, Movants filed the *Joint Motion for Relief from Automatic Stay* [Docket No. 3036] (the "**Motion**").

B. The Movants seek relief from the automatic stay to prosecute and defend their equitable relief claims involving the Utility in *Xiaotian Sun and Wei Luo v. Csaba Mester, Marta Mester, Pacific Gas and Electric Company, et al.*, Case No. 17-CV-305995 (the "**State Court Action**") pending in Santa Clara County Superior Court (the "**Superior Court**").

C. The State Court Action arises out of a dispute between the Suns and the Mesters, neighbors in Saratoga, California, regarding access to and the condition of one of the Utility's poles (the "**Pole**").

D. On February 3, 2017, the Suns commenced the State Court Action, naming the Utility as a defendant. As against the Utility, the Suns' First Amended Complaint asserts a claim for declaratory relief with respect to the Suns' easement rights to use the Pole in its existing location, or, alternatively whether the Pole needs to be moved, and the allocation of those costs.

E. On August 8, 2018, the Mesters filed a cross-complaint (the "**Cross-Complaint**"), which, in addition to seeking declaratory relief with respect to the Pole, also alleged that the Pole is in disrepair and constitutes a nuisance. The Cross-Complaint also seeks to require the Utility to replace and move the Pole onto the easement.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

F. Movants do not seek recovery of damages or any other monetary relief against Utility.

G. On December 10, 2018, the Utility filed a motion for summary judgment regarding the Cross-Complaint's allegations surrounding the condition of the Pole (the "**MSJ**").

H. The Debtor and its parent, PG&E Corporation (collectively the "**Debtors**"), filed these Chapter 11 Cases on January 29, 2019 (the "**Petition Date**"). The MSJ was pending on the Petition Date, and both the hearing on the MSJ, set for February 28, 2019, and the trial, set for April 29, 2019, were stayed. A notice of stay was filed on February 8, 2019.

**NOW, THEREFORE, IT HEREBY IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT:**

1. This Stipulation shall be effective upon entry of an order by this Court approving it.

2. The automatic stay shall initially be modified solely to permit proceedings in the State Court Action relating to the MSJ as follows:

   a. The Utility will re-file the MSJ (the "**Revised MSJ**"). The Revised MSJ will omit the factual argument relating to the condition of the Pole and will rely solely on legal argument regarding (1) the Superior Court's authority and jurisdiction to consider the claims raised in the Cross-Complaint and (2) the prescriptive easement issue as briefed in the MSJ.

   b. The Revised MSJ shall be filed within ten days following entry of this Court's court order approving this Stipulation, and will be set for hearing on regular notice (*i.e.*, at least seventy-five days before the hearing) at the earliest possible time consistent with the requirements of law, the Superior Court's calendar, and the availability of counsel. The Parties acknowledge that the Utility

preserves its rights to assert the arguments eliminated from the Revised MSJ at subsequent proceedings should that be necessary.

    c. The other Parties shall be free to file responses to the Revised MSJ, and to participate in the hearing on it, and the Utility shall be entitled to file its reply brief as per the California Code of Civil Procedure.

    d. The Mesters may take one deposition pursuant to California Code of Civil Procedure §2025.230 (the "**PMK Deposition**") on topics limited to those addressed in the Revised MSJ.

    e. The Superior Court may conduct hearings and issue a decision on the Revised MSJ.

3. Pending issuance of a decision by the Superior Court on the Revised MSJ, the automatic stay will continue to apply to all other litigation activity and proceedings in the State Court Action, including any discovery beyond that described in paragraph 2.d above. The Utility shall have no obligation to engage in any litigation activity outside the scope of paragraph 2, and no such litigation activity may be pursued against the Utility.

4. Upon entry by the Superior Court of an order disposing of the Revised MSJ, the automatic stay shall terminate for all purposes and as to all proceedings in the State Court Action, except that (a) no damages or other monetary relief may be sought against the Utility, and (b) the automatic stay shall remain in effect as to any judgment that might be obtained against the Utility, and no such judgment shall be enforced without further relief from the automatic stay.

5. The scheduling of all subsequent proceedings in the State Court Action shall take account of the fact that the proceedings have been stayed as to the Utility from the Petition Date until the date the stay is terminated.

[*Signatures on next page*]

//

//

//

Dated: August 12, 2019

KELLER & BENVENUTTI LLP

/s/ *Peter J. Benvenutti*
Peter J. Benvenutti

*Attorneys for Debtors
and Debtors in Possession*

Dated: August 12, 2019

ROSSI, HAMERSLOUGH, REISCHL & CHUCK

/s/ *Richard B. Gullen*
Richard B. Gullen

*Attorneys for Xiaotian Sun and Wei Luo*

Dated: August 12, 2019

FINWALL LAW OFFICES, APC

/s/ *Gordon J. Finwall*
Gordon J. Finwall

*Attorneys for Csaba Wendel Mester and Marta M. Mester, individually and as trustees of the Csaba & Marta Mester Family Revocable Living Trust dated 9/1/2011 and any amendments thereto*