```
Entered on Docket
August 13, 2019
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
```



**WEIL, GOTSHAL & MANGES LLP**
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel:   (212) 310-8000
Fax:   (212) 310-8007

**KELLER & BENVENUTTI LLP**
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel:   (415) 496-6723
Fax:   (415) 636-9251

Signed and Filed: August 13, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION**,<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br>* *All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**ORDER APPROVING STIPULATION BETWEEN DEBTOR PACIFIC GAS AND ELECTRIC COMPANY AND MOVANTS SUNS AND MESTERS FOR LIMITED RELIEF FROM THE AUTOMATIC STAY**<br><br>[Relates to Dkt. No. 3036 – 3039]<br><br>[No Hearing Requested] |

Case: 19-30088    Doc# 3531    Filed: 08/13/19    Entered: 08/13/19 14:30:37    Page 1 of 4

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

The Court having considered the Stipulation Between Debtors and Suns and Mesters for Limited Relief from the Automatic Stay (the "**Stipulation**"),[1] entered into by Pacific Gas and Electric Company (the "**Utility**" or the "**Debtor**"), as debtor and debtor in possession (collectively, the "**Debtors**"), on the one hand, and Xiaotian Sun and Wei Luo (together, the "**Suns**") and Csaba Wendel Mester and Marta M. Mester, individually and as trustees of the Csaba & Marta Mester Family Revocable Living Trust Dated 9/1/2011 and any amendments thereto (collectively, the "**Mesters**," together with the Suns, the "**Movants,**" and, along with the Debtor, the "**Parties**"), on the other, filed on August 12, 2019 [Docket No. 3521], and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California, and to consider the Stipulation and its provisions pursuant to that same authority and Federal Rule of Bankruptcy Procedure 4001(d)(4); and consideration of the Motion, the Stipulation and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and sufficient to afford reasonable notice of the material provisions of the Stipulation and opportunity for hearing; and it appearing that no other or further notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for approval of the Stipulation; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED:

1. The Stipulation is approved.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Stipulation.

2. The automatic stay shall initially be modified solely to permit proceedings in the State Court Action relating to the MSJ as follows:

    a. The Utility will re-file the MSJ (the "**Revised MSJ**"). The Revised MSJ will omit the factual argument relating to the condition of the Pole and will rely solely on legal argument regarding (1) the Superior Court's authority and jurisdiction to consider the claims raised in the Cross-Complaint and (2) the prescriptive easement issue as briefed in the MSJ.

    b. The Revised MSJ shall be filed within ten days following entry of this Court's court order approving this Stipulation, and will be set for hearing on regular notice (*i.e.*, at least seventy-five days before the hearing) at the earliest possible time consistent with the requirements of law, the Superior Court's calendar, and the availability of counsel. The Parties acknowledge that the Utility preserves its rights to assert the arguments eliminated from the Revised MSJ at subsequent proceedings should that be necessary.

    c. The other Parties shall be free to file responses to the Revised MSJ, and to participate in the hearing on it, and the Utility shall be entitled to file its reply brief as per the California Code of Civil Procedure.

    d. The Mesters may take one deposition pursuant to California Code of Civil Procedure §2025.230 (the "**PMK Deposition**") on topics limited to those addressed in the Revised MSJ.

    e. The Superior Court may conduct hearings and issue a decision on the Revised MSJ.

3. Pending issuance of a decision by the Superior Court on the Revised MSJ, the automatic stay will continue to apply to all other litigation activity and proceedings in the State Court Action, including any discovery beyond that described in paragraph 2.d above. The Utility

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

shall have no obligation to engage in any litigation activity outside the scope of paragraph 2, and no such litigation activity may be pursued against the Utility.

4. Upon entry by the Superior Court of an order disposing of the Revised MSJ, the automatic stay shall terminate for all purposes and as to all proceedings in the State Court Action, except that (a) no damages or other monetary relief may be sought against the Utility, and (b) the automatic stay shall remain in effect as to any judgment that might be obtained against the Utility, and no such judgment shall be enforced without further relief from the automatic stay.

5. The scheduling of all subsequent proceedings in the State Court Action shall take account of the fact that the proceedings have been stayed as to the Utility from the Petition Date until the date the stay is terminated.

6. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from the Stipulation.

APPROVED AS TO FORM AND CONTENT:

Dated: August 12, 2019

FINWALL LAW OFFICES, APC

/s/ *Gordon J. Finwall*
Gordon J. Finwall

*Attorneys for Csaba Wendel Mester and Marta M. Mester, individually and as trustees of the Csaba & Marta Mester Family Revocable Living Trust dated 9/1/2011 and any amendments thereto*

Dated: August 12, 2019

ROSSI, HAMERSLOUGH, REISCHL & CHUCK

/s/ *Richard B. Gullen*
Richard B. Gullen

*Attorneys for Xiaotian Sun and Wei Luo*

** END OF ORDER **

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119