
```
1   WEIL, GOTSHAL & MANGES LLP
    Stephen Karotkin (pro hac vice)          Signed and Filed: August 13, 2019
2   (stephen.karotkin@weil.com)
    Ray C. Schrock, P.C. (pro hac vice)
3   (ray.schrock@weil.com)
    Jessica Liou (pro hac vice)              _____
4   (jessica.liou@weil.com)                  DENNIS MONTALI
    Matthew Goren (pro hac vice)             U.S. Bankruptcy Judge
5   (matthew.goren@weil.com)
6   767 Fifth Avenue
    New York, NY 10153-0119
7   Tel: 212 310 8000
    Fax: 212 310 8007
8
9   KELLER & BENVENUTTI LLP
    Tobias S. Keller (#151445)
10  (tkeller@kellerbenvenutti.com)
    Jane Kim (#298192)
11  (jkim@kellerbenvenutti.com)
    650 California Street, Suite 1900
12  San Francisco, CA 94108
    Tel: 415 496 6723
13  Fax: 650 636 9251
14
    *Attorneys for Debtors*
15  *and Debtors in Possession*
```

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>      - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                              Debtors.<br><br>☐    Affects PG&E Corporation<br>☑    Affects Pacific Gas and Electric Company<br>☐    Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**ORDER PURSUANT TO 11 U.S.C § 365(a), FED. R. BANKR. P. 6006, AND B.L.R. 6006-1 (I) APPROVING THE UTILITY'S ASSUMPTION OF CONTRACTS IN CONNECTION WITH THE COMMUNITY PIPELINE SAFETY INITIATIVE AND (II) GRANTING RELATED RELIEF** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Upon the Motion, dated July 24, 2019 (the "**Motion**"),[1] of PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (together, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to section 365(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 6006(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 6006-1 of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for an order approving the Utility's assumption of the CPSI Agreements with the counterparties identified in **Exhibit B** to the Motion, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion, the Wells Declaration (as amended on February 2, 2019 [Docket No. 263]), and the Echols Declaration; and no objections having been filed to the Motion; and the Creditors' Committee having filed the *Statement of the Official Committee of Unsecured Creditors in Support of the Second Omnibus Motion of the Debtors Pursuant to 11 U.S.C § 365(a), Fed. R. Bankr. P. 6006, and B.L.R. 6006-1 (i) Approving the Utility's Assumption of Contracts in Connection with the Community Pipeline Safety Initiative and (ii) Granting Related Relief* [Docket. No. 3384]; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Utility, its estate, creditors, shareholders, and all parties in interest; and upon the record of the hearing and all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

1. The Motion is granted as provided herein.

2. Pursuant to section 365 of the Bankruptcy Code, the Utility's assumption of the CPSI Agreements listed in **Schedule 1** annexed to this Order is hereby approved.

3. To the extent there any defaults, whether monetary or non-monetary, under the CPSI Agreements, the Utility is authorized to promptly cure any such defaults in accordance with section 365(b)(1)(A) of the Bankruptcy Code.

4. The Utility is authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, and documents, and to take any and all actions reasonably necessary or appropriate to perform all obligations contemplated under the CPSI Agreements.

5. The Utility is authorized to file the Motion as an omnibus motion pursuant to Bankruptcy Rule 6006(e).

6. The Utility's compliance with Bankruptcy Rule 6006(f) is sufficient, and the requirement to list the parties to the CPSI Agreements alphabetically in the Motion pursuant to Bankruptcy Rule 6006(f)(2) is waived.

7. The Utility is authorized to take all necessary actions to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119