**Entered on Docket**
**August 15, 2019**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: August 15, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)|
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors*
*and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**ORDER GRANTING DEBTORS' FIRST OMNIBUS REPORT AND OBJECTION TO CLAIMS ASSERTED PURSUANT TO 11 U.S.C. § 503(b)(9)** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Upon the Report and First Objection, dated July 8, 2019 [Dkt. No. 2896] (the "**Objection**"),[1] of PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to section 503(b)(9) of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order, to the extent applicable, allowing, reclassifying, and/or expunging in whole or in part each of the 503(b)(9) Claims identified on **Exhibit A** hereto, all as more fully set forth in the Objection; and this Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Objection and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon consideration of the McWilliams Declaration; and the Court having found and determined that notice of the Objection as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Objection; and the Debtors having filed a stipulation, dated July 29, 2019 [Docket No. 3306], extending the deadline to respond to the Objection for the holders of the following 503(b)(9) Claims: 503(b)(9) Claim Nos. 999, 1376, 1379, 2119, 2122, 2165, 2355, 2391, 2445, 2449, 2454, 2477, 2478, 2519, 2530, 2538, 2549, 2556, 2560, 2575, 2577, 2598, 2605, 2610, 2633, 2642, 2645, 2646, 2653, 2655, and 2830 (collectively, the "**Extended 503(b)(9) Claims**"); and the Debtors having received formal responses to the Objection from the holders of the following 503(b)(9) Claims: Petro-Canada America Lubricants, Inc. (503(b)(9) Claim No. 2505) [Docket No. 3263], C.H. Reynolds Electric, Inc. (503(b)(9) Claim No. 2639) [Docket No. 3267], Shiloh IV Lessee, LLC (503(b)(9) Claim No. 2447) [Docket No. 3284], Marsh Landing LLC (503(b)(9) Claim No. 2026) [Docket No. 3286], Global Ampersand LLC (503(b)(9) Claim Nos. 1378 and 1842) [Docket No. 3288], and Hypower, Inc. (503(b)(9)

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

Claim No. 1386) [Docket No. 3315] (collectively, the "**Responses**" and the claims subject to the Responses, the "**Responding 503(b)(9) Claims**," and, together with the Extended 503(b)(9) Claims, the "**Continued 503(b)(9) Claims**"); and the Debtors having filed a revised proposed Order and Exhibit A [Docket No. 3522], which incorporates certain amendments and revisions to resolve the issues and concerns raised in certain of the Responses, including, but not limited to, the response of U.S. TelePacific Corp. (503(b)(9) Claim Nos. 2509 and 2528) [Docket No. 3313], and incorporates revised treatments with respect to certain of the Responding 503(b)(9) Claims; and this Court having held a hearing on August 14, 2019 with respect to the Objection; and this Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon the record of the hearing and all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Objection is granted, as provided herein.

2. Each of the 503(b)(9) Claims listed on **Exhibit A** hereto is hereby allowed to the extent, and in the amount, listed in the column labeled "Proposed Allowed 503(b)(9) Amount."

3. Each of the 503(b)(9) Claims listed on **Exhibit A** hereto is hereby disallowed, to the extent, and in the amount, listed in the column labeled, "Proposed Amount Disallowed and Expunged."

4. Each of the 503(b)(9) Claims listed on **Exhibit A** hereto is hereby reclassified as a general unsecured claims, to the extent, and in the amount, listed in the column labeled, "Proposed Amount Reclassified as General Unsecured."

5. For the avoidance of doubt, unless otherwise agreed to by the parties and reflected on **Exhibit A** hereto (i) the relief granted herein shall not impact or prejudice any of the Continued 503(b)(9) Claims and all of the parties' respective rights shall be preserved, and (ii) the Objection remains pending and outstanding with respect to the Continued 503(b)(9) Claims, and shall be subject to a further Order of the Court unless consensually resolved by the parties in accordance with the 503(b)(9) Procedures.

6. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, LLC, and the Clerk of this Court are authorized to take all actions necessary or appropriate to give effect to this Order.

7. Subject to paragraph 2 above, should one or more of the grounds of the objection stated in the Objection be dismissed, the Debtors' rights to object on other stated grounds or on any other grounds that the Debtors discover during the pendency of these Chapter 11 Cases are further preserved.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**END OF ORDER**

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119