WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 363(b) AND 105(a) AND FED R. BANKR. P. 9019 FOR AUTHORITY TO ESTABLISH PROCEDURES TO SETTLE AND COMPROMISE CERTAIN CLAIMS AND CAUSES OF ACTION**<br><br>**(THE "DE MINIMIS CLAIMS SETTLEMENT PROCEDURES MOTION")**<br><br>Date: Sept. 10, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br>**Objection Deadline**: Sept. 3, 2019<br>4:00 p.m. (Pacific Time) |

PG&E Corporation ("**PG&E Corp**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to sections 363(b) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order authorizing and establishing procedures for the Debtors to compromise and settle certain non-wildfire claims and causes of action, as more fully set forth herein, without further Court approval.

In support of the Motion, the Debtors submit the Declaration of John Boken, filed contemporaneously hereto (the "**Boken Declaration**"). A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019, the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**," and together with the Creditors' Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

## III. RELIEF REQUESTED

In the ordinary course of operating a business of the Debtors' size, scope, and complexity, disputes commonly arise between the Debtors and other parties concerning a variety of issues and matters. These disputes include, but are not limited to, personal injury and property claims, landlord disputes, licensing disputes, contract claims, and other claims regarding accounts receivables and

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

payables. As a result, the Debtors hold, or expect to hold, various claims and causes of action ("**Claims**") against numerous third parties that the Debtors have asserted or could assert through litigation, administrative action, or arbitration in appropriate forums. Similarly, third parties hold, or may hold in the future, Claims against the Debtors that such third parties have asserted or may assert during the Chapter 11 Cases, including filed proofs of claim, scheduled Claims, and administrative expense Claims. In many instances, it would be more cost efficient to resolve these Claims consensually than to engage in costly litigation over what, in many instances, are relatively small or de minimis amounts.

Accordingly, to minimize expenses and maximize value for creditors and other stakeholders of the Debtors' estates, the Debtors seek authority to resolve certain Claims by compromise or settlement, pursuant to sections 363(b) and 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019. For the avoidance of doubt, the Debtors are not seeking authority pursuant to this Motion to settle or allow any Claims arising out of or relating to any of the Northern California fires. Absent the relief requested herein, the Debtors would be required to seek specific Court approval to compromise and settle each individual Claim. Requiring the Debtors to prepare, file, and serve separate motions to settle individual Claims would be an expensive, cumbersome, and highly inefficient way to resolve these Claims. Similarly, the Debtors would likely suffer delays incumbent with obtaining Court approval while complying with the required notice periods and available hearing schedules to the detriment of both the Debtors and the Claim holders. In contrast, approval of the proposed Settlement Procedures (as defined below) will spare the Debtors' chapter 11 estates of the significant expense and delay attendant to resolving Claims. Moreover, the Settlement Procedures will preserve an oversight function for key parties in interest to monitor and receive notice of certain settlement agreements.

IV.   **SETTLEMENT PROCEDURES**

The Debtors propose the following procedures (the "**Settlement Procedures**") for the settlement and compromise of Claims as described below (each, a "**Settlement**"):

(a)   The Debtors shall be authorized to settle any and all Claims asserted against the Debtors without prior approval of, or notice to, the Court or any other party in

interest, whenever the aggregate amount to be allowed for an individual Claim (the "**Settlement Amount**") is less than or equal to $1 million (a "***De Minimis* Settlement Amount**"); *provided, however*, *De Minimis* Settlement Amounts shall not include any Settlement of a Claim (i) to which any present or former insider of the Debtors is a party or (ii) that includes a release by any of the Debtors of a Claim they may have against the holder of a Claim pursuant to chapter 5 of the Bankruptcy Code.

(b) If the Settlement Amount for a Claim is not a *De Minimis* Settlement Amount but is less than or equal to $10 million, the Debtors shall provide notice of the proposed Settlement on a confidential, professionals' eyes only basis, to: (i) the U.S. Trustee, (ii) counsel for each of the Committees, and (iii) any party to the Settlement (each a "**Reviewing Party**," and collectively, the "**Reviewing Parties**") specifying (1) the identity of the other party to the Settlement, (2) a summary of the dispute, including proof of claim numbers, if any, and the types of Claims asserted, (3) the terms and amounts for which such Claims have been settled, including the priority of such settled claim, (4) whether the Debtors are seeking to release any Claims against creditors or third parties, (5) an explanation of why the Settlement is favorable to the Debtors, their estates, and their creditors, and (6) copies of any proposed Settlement or documents supporting the Settlement.

(c) Within seven (7) business days of receiving the proposed Settlement, the Reviewing Parties may object, or request an extension of time within which to object (which objection or request for an extension of time to object may be in the form of an e-mail from counsel for any Reviewing Party to counsel for the Debtors), to the proposed Settlement. If a timely objection is made by any Reviewing Party, the Debtors may either (i) renegotiate the Settlement and submit a revised notification to the Reviewing Parties or (ii) file a motion with the Court seeking approval of the existing Settlement under Bankruptcy Rule 9019 on no less than twenty-one (21) days' notice. If no timely objection is made by any Reviewing Party or if the Debtors receive written approval of the proposed Settlement from the Reviewing Parties prior to the objection deadline (which approval may be in the form of an e-mail from counsel for each the Reviewing Parties to counsel for the Debtors), then the Debtors may proceed with the Settlement without prior approval of the Court.

(d) If the Settlement Amount for a Claim is not a *De Minimis* Settlement Amount and is greater than $10 million, the Debtors shall be required to seek the approval of the Court pursuant to motion under Bankruptcy Rule 9019 on no less than twenty-one (21) days' notice.

(e) The Debtors may settle Claims where some or all of the consideration is being provided by a third party and/or where the Debtors are releasing Claims against creditors or third parties provided the Debtors otherwise comply with the Settlement Procedures.

(f) Any Settlement that is not authorized pursuant to the foregoing procedures, or pursuant to any other order of the Court, shall be authorized only upon separate order of the Court upon a motion of the Debtors served upon the parties in interest.

(g) On a quarterly basis, on the thirtieth (30th) day after the start of the quarter, beginning on the quarter that starts on October 1, 2019, the Debtors shall file with the Court and serve, pursuant to the Debtors' Case Management Order,[1] a report of all Settlements that the Debtors have entered during the previous quarter pursuant to the Settlement Procedures, but shall not report Settlements if they are the subject of a separate motion pursuant to Bankruptcy Rule 9019. Such reports shall set forth the names of the parties with whom the Debtors have settled, the relevant proof of claim numbers, and the amounts for which such Claims have been settled.

(h) For the avoidance of doubt, any Claim settled pursuant to these Settlement Procedures shall be allowed as provided herein and shall be satisfied pursuant to, and as set forth in, a chapter 11 plan for the Debtors as confirmed by the Court.

(i) No Claim arising out of or relating to the Northern California fires shall be settled pursuant to these Settlement Procedures.

(j) Nothing in the Settlement Procedures is intended or should be construed to alter any requirements under the Debtors' insurance policies.

(k) The Debtors reserve the right to seek to modify the Settlement Procedures as they deem appropriate.

Additionally, the Debtors will provide written notice to Prime Clerk LLC ("**Prime Clerk**"), the Debtors' authorized claims and noticing agent, with respect to any proofs of claim filed in these Chapter 11 Cases that are settled pursuant to these Settlement Procedures. If applicable, Prime Clerk will be directed to amend the claims register to reflect the applicable Settlement without further order of the Court.

V. **BASIS FOR RELIEF REQUESTED**

Section 363(b) of the Bankruptcy Code allows a debtor to use estate assets outside of the ordinary course of business after notice and a hearing. 11 U.S.C. § 363(b). A settlement of claims and causes of action owned by a debtor constitutes a disposition of the property of the estate. *In re Berkeley Delaware Court, LLC*, 834 F.3d 1036, 1040 (9th Cir. 2016) (citing *In re Mickey Thompson*

---

[1] Second Amended Order Implementing Certain Notice and Case Management Procedures [Docket No. 1996].

*Entm't Grp., Inc. ("Mickey Thompson"),* 292 B.R. 415 (9th Cir. BAP 2003)). Under section 363(b)(1), courts may authorize a debtor's use of estate assets if the proposed use of estate assets constitutes a reasonable exercise of the debtor's business judgment. *See, e.g., In re TAC Fin., Inc.*, 2017 WL 4227251, at *3 (S.D. Cal. Sept. 22, 2017); *In re MGS Mktg.*, 111 B.R. 264, 267 (B.A.P. 9th Cir. 1990); *Woodson v. Fireman's Fund Insur. Co.*, 839 F.2d 610, 620 (9th Cir.1988); *Martin v. Kane (In re A & C Properties),* 784 F.2d 1377, 1380–81 (9th Cir.), *cert. denied sub nom. Martin v. Robinson*, 479 U.S. 854, (1986). Furthermore, "approving a proposed compromise is an exercise of discretion that should not be overturned except in cases of abuse leading to a result that is neither in the best interests of the estate nor fair and equitable for the creditors." *In re MGS Marketing*, 111 B.R. 264, 266–67 (9th Cir. BAP 1990).

A debtor typically must file a motion and provide notice and the opportunity for a hearing of a motion to approve a settlement. However, Bankruptcy Rule 9019(b) provides the Court with discretion to establish procedures for the settlement or compromise of certain classes of controversies, without further court approval. Accordingly, Bankruptcy Rule 9019(b) also supports approval of the Settlement Procedures. Specifically, Bankruptcy Rule 9019(b) provides that "[a]fter a hearing on notice as the court may direct, the court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice." FED R. BANKR. P. 9019(b). In this way, Bankruptcy Rule 9019(b) empowers a court to approve settlement procedures for certain classes of controversies by a debtor in possession without requiring separate notice and a hearing with respect to each separate controversy.

Bankruptcy Rule 9019 empowers Bankruptcy Courts to approve settlements if they are "in the best interests of the estate and its creditors." *In re ISE Corp.*, 2012 WL 1377085, at *9 (Bankr. S.D. Cal. Apr. 13, 2012) (citing *In re Schmitt*, 215 B.R. 417, 424 (B.A.P. 9th Cir. 1997)). The settlement need not result in the best possible outcome for the debtor, but must not "fall beneath the lowest point in the range of reasonableness." *See In re McClure*, 2018 WL 5298384, at *14 (Bankr. C.D. Cal. Oct. 23, 2018)*; Spirtos v. Ray (In re Spirtos)*, 2006 WL 6811021 (B.A.P. 9th Cir. May 19,

2006); *In re Pacific Gas & Elec. Co.*, 304 B.R. 395, 417 (Bankr.N.D.Cal.2004).

The Debtors will continue to exercise their reasonable business judgment in negotiating compromises and settlements and will continue to be guided by the factors relevant to a determination of the reasonableness of such settlements, including:

(a) the probability of success in the litigation;

(b) the difficulties, if any, to be encountered in the matter of collection;

(c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

(d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re MGS Mktg.*, 111 B.R. at 267 (citing *A & C Properties*, 784 F.2d at 1381).

The Court also may rely on its general equitable powers to approve and authorize the Debtors to implement the Settlement Procedures. Section 105(a) of the Bankruptcy Code, which codifies the inherent equitable powers of the bankruptcy court, empowers the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

The Settlement Procedures are in the best interests of the Debtors' estates and, therefore, should be approved. The Settlement Procedures will allow the Debtors to avoid the time and expense of engaging in piecemeal litigation and/or drafting, filing, and arguing separate Bankruptcy Rule 9019 motions on account of Settlements involving disputes of relatively *de minimis* amounts and recoveries. The alternative would be cost-prohibitive.

Approval of the Settlement Procedures will also reduce the burden on the Court's docket while protecting the interests of all creditors through the notice and objection procedures described herein. Additionally, the Debtors are represented by a team of restructuring professionals who are well-versed in the Debtors' businesses and have the expertise and experience to advise them on settling claims and causes of action in conjunction with the Debtors' obligations under the applicable

provisions of the Bankruptcy Code. Additionally, it is important to note that the Settlement Procedures contemplate settling and allowing Claims as described above; however, the Debtors are not proposing to pay any Settlement Amounts at this time and any Claims settled in accordance with these procedures will be satisfied pursuant to, and as set forth in, a chapter 11 plan for the Debtors as confirmed by the Court. Accordingly, the Settlement Procedures adequately balance the due process rights of parties in interest with the Debtors' need to efficiently settle claims and causes of action and should be approved.

## VI. NOTICE

Notice of this Motion will be provided to (i) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties interests, and (ii) the Debtors' such other and further relief as the Court may deem just and appropriate.

Dated: August 16, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: *Matthew P. Goren*
      Matthew P. Goren

*Attorneys for Debtors
and Debtors in Possession*