WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**DECLARATION OF MARGARET A. PIETRASZ IN SUPPORT OF ENVIRONMENTAL AGREEMENTS ASSUMPTION MOTION**<br><br>Date: September 24, 2019<br>Time: 9:30am (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br>Judge: Hon. Dennis Montali<br><br>**Objection Deadline:** September 10, 2019, 4pm (Pacific Time) |

I, Margaret A. Pietrasz, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Senior Attorney of the Law Department at Pacific Gas and Electric Company (the "**Utility**," and together with PG&E Corporation, the "**Debtors**"). I was first employed by the Utility from about 1982 – 1987 and held a number of positions in the Utility, including as a manager in the Materials Department. I later joined the Utility's Law Department in 2002. I am an active member in good standing of the State Bar of California. I hold a juris doctorate from Golden Gate University School of Law, a B.S. degree from Lehigh University, and a M.S. degree from Wayne State University.

2. I am authorized to submit this Declaration (this "**Declaration**") on behalf of the Debtors in support of the *Fourth Omnibus Motion of Debtors Pursuant to 11 U.S.C § 365(a), Fed. R. Bankr. P. 6006, and B.L.R. 6006-1 for an Order (I) Approving Assumption of Environmental Agreements and (II) Granting Related Relief* (the "**Motion**").[1] I am knowledgeable and familiar with the Debtors' day-to-day operations and, specifically, the Debtors' investigation, remediation, and restoration activities relating to the Environmental Agreements.

3. Unless otherwise noted, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, and information provided to me by the Debtors' other employees or the Debtors' legal, restructuring, and financial advisors. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

4. The Environmental Agreements collectively govern the terms by which the Debtors will perform certain investigation, remediation, and restoration obligations relating to specific tracts of land which the respective Owners own or on which they reside. Under the Environmental Agreements, the Debtors' ongoing Agreement Obligations generally include, among other things: (i) routine or discrete investigation of the property for potential contaminants relating to prior utility facilities located on or near such property; (ii) if contaminants associated with the former utility facilities are located on the property, remediation activities to remove or otherwise remediate such contaminants

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

from the property to reduce the risk of possible future exposure to any such contaminants; and (iii) to the extent reasonably possible following either investigation or remediation, the restoration of the Owners' property to its prior condition before the investigation or remediation occurred. With oversight from the DTSC, the Debtors and their employees and contractors work in close conjunction with the Owners to determine the most appropriate scope of and timing for the Debtors' performance of the Agreement Obligations. The Environmental Agreements cover the period of time required to complete the applicable Agreement Obligations, subject to mutually agreed extensions of time as may be needed.

5. I understand that each of the Owners owns property that may have been or was affected by potential contaminants generated in the course of operations of former utility facilities located on or near such property. The Debtors entered into the Environmental Agreements with the Owners in an effort to determine whether such contaminants exist on the property, and if so, to remediate such property for the benefit of the Owners and the surrounding environment. The Environmental Agreements are typically accompanied by either an attached general memorandum of understanding or other scope of work, negotiated by the parties, whereby the respective Owner identifies specific investigation or remediation and restoration activities.

6. By way of example, the Investigation Agreements relate solely to the investigation of an Owner's land. Under the Investigation Agreements, the Debtors agree to take soil and soil vapor samples in different locations in an effort to identify which, if any, chemicals associated with past utility operations are present. If chemicals in sufficient quantities are determined to exist on the property, the Owner and the Debtors then agree to specific remediation and restoration activities the Debtors must perform. These specifics are generally set forth in a memorandum of understanding which ultimately is the basis of and attached to a Remediation Agreement.

7. In connection with the Debtors' Agreement Obligations, the Debtors may lease an Owner's property to facilitate its remediation and restoration obligations. The lease provides the Debtors access and use of the land to appropriately remediate and restore the property in exchange for monetary compensation to the Owner. In addition, in conjunction with entering into a Remediation Agreement, the Debtors may also enter into a settlement and release agreement with the Owner, whereby the Owner covenants not to pursue potential claims against the Debtors related to the presence,

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1  investigation, or remediation of contaminants on their property associated with the former utility
2  operations, so long as the Debtors agree to remediate and restore such property in accordance with the
3  terms set forth in the applicable Remediation Agreement.

4        8.      The Environmental Agreements allow the Debtors to continue their investigation
5  and remediation activities under the DTSC-approved remedial action plan and pursuant to its voluntary
6  cleanup agreement, and avoid litigation with home owners. Accordingly, the Debtors seek to assume
7  the Environmental Agreements set forth on **Exhibit B** attached to the Motion, which are made with the
8  following Owners: (i) Dennis Caselli; (ii) Sam and Catherine Dorrance; (iii) Laura Hart; and (iv) Minh
9  and Gurdon Merchant. Each agreement listed on **Exhibit B** includes the names of the applicable
10 Owners, the title of the Environmental Agreement, the date of execution, and any prepetition Agreement
11 Obligations owed to the applicable Owner that must be satisfied or cured for the Debtors to assume such
12 agreement. I understand that each of the Owners have consented to the assumption of their respective
13 Environmental Agreements by the applicable Debtors and the proposed cure amounts for each such
14 agreement as set forth in Exhibit B.

15       9.      Under applicable California law, the Debtors generally must ensure that they
16 investigate and remediate the properties covered by the Environmental Agreements. I therefore believe
17 that the Debtors' failure to investigate or remediate the properties covered by the Environmental
18 Agreements may expose the Debtors to potential liability and costly litigation. To avoid the uncertainty
19 associated with the potential liability and litigation costs, and to assert orderly control over the
20 investigation process, the Debtors took affirmative steps before the Petition Date to enter into the
21 Environmental Agreements and perform their Agreement Obligations, which they have continued to
22 perform on a post-petition basis. Accordingly, I believe that performance under the Environmental
23 Agreements has served to reduce the Debtors' environmental cleanup obligations to foreseeable
24 expectations, a benefit that I believe should be preserved through the relief sought in the Motion.

25       10.      The Debtors agreed with the DTSC to act in accordance with an approved
26 remedial action plan. The remedial action plan was formally reviewed and approved by the DTSC and
27 set forth the public plans by which the Debtors, with oversight from the DTSC, will investigate and
28 remediate certain properties, including specifically those covered by the Environmental Agreements. I

believe that continued performance under the Environmental Agreements permits the Debtors to comply with the Debtors' obligations to the DTSC. Indeed, for similar reasons, the Debtors sought and received the relief in the Customer Programs Motion to continue funding amounts in respect of their environmental cleanup responsibilities. Among other things, that relief was intended to ensure compliance with California law and to permit the Debtors to continue working with the DTSC and other agencies on various environmental matters.

11. Finally, I believe that there are no existing defaults under the Environmental Agreements and, therefore, no outstanding cure obligations owed under the Environmental Agreements.

12. Accordingly, I believe the relief requested in the Motion should be approved as a sound exercise of the Debtors' business judgment and is in the best interests of their estates, creditors, shareholders, and all other parties in interest.

[*Remainder of this page is intentionally left blank*]

| | |
|---|---|
| 1 | Pursuant to section 1746 of title 28 of the United States Code, I declare under the penalty |
| 2 | of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief, |
| 3 | and that this declaration was executed at San Mateo, California on August 16, 2019. |

/s/ Margaret A. Pietrasz
Margaret A. Pietrasz

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119