Richard A. Lapping (SBN: 107496)
Trodella & Lapping LLP
540 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 399-1015
Facsimile: (415) 651-9004
Rich@TrodellaLapping.com

Attorneys for Valero Refining Company-California

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    -and-<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>                              Debtors.<br><br>☐ Affects PG& Corporation<br>■ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No.: 19-30088-DM<br><br>Chapter 11<br><br>**SUPPLEMENT TO MOTION FOR RELIEF FROM STAY BY VALERO REFINING COMPANY-CALIFORNIA**<br><br>[Relates to Docket No. 315]<br><br>Date: September 10, 2019<br>Time: 9:30 a.m.<br>Place: Courtroom 17<br>        450 Golden Gate Avenue, 16th Floor<br>        San Francisco, California<br>Judge: Hon. Dennis Montali |

Creditor Valero Refining Company-California ("Valero") hereby submits this supplement to its Motion for Relief from Stay (the "Motion") pursuant to the Court's Memorandum Decision dated May 13, 2019 [Docket No. 1982] (the "May 13 Decision") that declined to grant the Motion at that time and continued the hearing on the Motion to September 10, 2019.

**BACKGROUND**

By way of brief review, on February 5, 2019, Valero filed the Motion seeking relief from stay as to Pacific Gas & Electric Company (the "PG&E"). Specifically, Valero seeks relief from the automatic stay to allow the completion of pretrial proceedings, trial, post-trial motions and any

appellate proceedings in or in connection with VALERO REFINING COMPANY-CALIFORNIA, a Delaware corporation v. PACIFIC GAS & ELECTRIC COMPANY, a California corporation, pending as Case No. 2:17-cv-01350-TLN-EFB in United States District Court for the Eastern District of California before the Honorable Troy L. Nunley, United States District Judge (the "District Court Action").

The District Court Action arises out of an incident on May 5, 2017 in which Valero alleges that PG&E breached its duties, contractual and otherwise, resulting in a complete power outage to Valero's Benicia refinery, leading to damages to Valero in excess of $75 million, well above PG&E's self-insured retention.

The District Court Action was commenced on June 30, 2017. PG&E filed its answer and demand for jury trial on October 23, 2017. There are no counterclaims or crossclaims against third parties. The District Court set the case for jury trial for June 3, 2019, but the case has been stayed due to the bankruptcy filing.

The Court continued the Motion twice, first to April 24, 2019 (after which the parties stipulated to continue to May 9, 2019) and then to September 10, 2019.

**RECENT DEVELOPMENTS**

Since the May 9 hearing and the Court's May 13 Memorandum of Decision, Valero and PG&E have agreed to participate with representatives of PG&E's insurers in a mediation of Valero's claims before Kenneth D. Gack of JAMS in San Francisco on October 22, 2019 (the "Mediation"). As the Court will appreciate, the date of the Mediation is the day following the Bar Date for filing proofs of claim.

**RELIEF SOUGHT**

Based on the parties' agreement to the Mediation, and reserving all rights and arguments as set forth in the Motion, Valero modifies its request for relief from stay as follows:

1. To the extent that the automatic stay applies to the Mediation or the participation by Valero or PG&E in the Mediation or any continuation thereof, that the automatic stay be modified to permit the Mediation and the continued participation by Valero and PG&E therein.

2. That the Court find that any filing by Valero of a Proof of Claim in this Case shall not

operate to cause a waiver of Valero's (or PG&E's) right to a jury trial in the District Court Action, which right shall be preserved to the fullest extent of the law.

3. To reduce litigation expense in the District Court Action while the parties engage in Mediation, that the Motion be granted forthwith, with waiver of any stay under Federal rule of Bankruptcy Procedure 4001(a)(3), but with the stay lifted <u>effective as of November 25, 2019</u>, which date is five weeks after the start of the Mediation.

Valero submits that granting the Motion effective on a date shortly after the Mediation commences will provide needed incentive for the parties to reach agreement on a settlement but at the same time free the parties from the need to litigate in the District Court Action while the Mediation is underway.

For all the reasons stated in the papers submitted by Valero, and recognizing that Valero has made a prima facie showing for relief from stay, the Motion should be granted as modified herein.

Dated: August 20, 2019          TRODELLA & LAPPING LLP

By:    /s/ Richard A. Lapping
       Richard A. Lapping
       Attorneys for Valero Refining
       Company-California