WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11 (Lead Case) (Jointly Administered)<br><br>**DEBTORS' OBJECTION TO THE APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002 TO RETAIN AND EMPLOY TRIDENT DMG LLC AS COMMUNICATIONS CONSULTANT EFFECTIVE AS OF JULY 18, 2019**<br><br>Related Docket No.: 3224<br>Date: August 27, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>     Courtroom 17, 16th Floor<br>     San Francisco, CA 94102<br>Judge: Hon. Dennis Montali |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this objection (the "**Objection**") to the application of the Official Committee of Tort Claimants (the "**TCC**") to retain and employ Trident DMG LLC ("**Trident**"), as communications consultant effective as July 18, 2019 [Docket No. 3224] (the "**Retention Application**").[1]

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Retention Application.

## I.   THE RETENTION APPLICATION SHOULD BE DENIED

Pursuant to the Retention Application, the TCC seeks to retain Trident as its "communications consultant". This retention would be in addition to the retention of Epiq Systems and the website services Epiq Systems is providing on behalf of the TCC.

As set forth in Trident's engagement letter, the services to be performed by Trident are as follows:

> The services shall constitute advising the Client and its counsel on communications *strategies and efforts to support its litigation positions* in the Matter and to otherwise serve the needs of the Client and related tort claimants. This shall include helping educate stakeholders about the Client's legal positions, helping educate the public about the October deadline for tort claimants to identify themselves, helping tort victims learn about and benefit from funds already available to assist them in the wakes of their injuries and losses, and performing related communications services.

Trident Engagement Letter at p. 1. (emphasis supplied).

In addition, the Trident Engagement Letter provides for a broad indemnification of Trident by the Debtors for Trident's activities over which the Debtors have no control.

> Since we will act at your discretion, you agree to seek a court order requiring the Debtors to indemnify and hold us and our agents and assigns harmless with respect to any claims or actions for litigation-related discovery arising from the Matter or any claims against you. You also agree to seek a court order requiring the Debtors to indemnify and hold us and our agents and assigns harmless with respect to any claims or actions for libel, slander, defamation, or invasion of rights of privacy arising out of our work on the Matter where we have acted in good faith an in accordance with your instructions; it being understood and agreed that this indemnity shall not extend to any claims or actions for libel, slander, defamation, or invasion of rights of privacy where we have acted contrary to or absent your instructions or otherwise have acted with gross negligence.

Trident Engagement Letter at p. 2.

The Debtors do not understand the need for the retention of Trident or the services it proposes to perform. The TCC's existing professionals certainly have the capability of communicating with their constituency on all aspects of these cases and clearly have demonstrated the ability to do so, including, if necessary, their position on the various matters brought before the Court.

Moreover, as to the claims filing process, the Court already has approved an unprecedented and robust information and noticing protocol with substantial input from the TCC. Why Trident is needed to supplement this or to provide any additional communications services certainly is not justified in the Retention Application. Further, even if justified, the broad indemnity that is sought

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1  to be provided by the Debtors is not warranted, particularly where the Debtors would have absolutely

2  no input into any of the activities of Trident.

3        The Retention Application fails to present any facts to support the need for the retention

4  of Trident and the imposition of the costs associated with the retention on the Debtors' estates.

5  **II.     CONCLUSION**

6        The TCC has failed to establish any need or basis that would support the retention of a

7  communications consultant.  Accordingly, the Retention Application should be denied.

8

9        WHEREFORE the Debtors request that the Court deny the Retention Application and

10  grant the Debtors such other and further relief as the Court may deem just and appropriate.

11

12  Dated: August 20, 2019

13                                          **WEIL, GOTSHAL & MANGES LLP**

14                                          **KELLER & BENVENUTTI LLP**

15                                          By:  /s/ *Stephen Karotkin*
                                                Stephen Karotkin
16

17                                          *Attorneys for Debtors*
                                             *and Debtors in Possession*

18

19

20

21

22

23

24

25

26

27

28

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119