| | |
|---|---|
| David W. Wessel, Esq.   Bar # 115222<br>service@efronlawfirm.com<br>LAW OFFICES OF BORIS E. EFRON<br>130 Portola Road<br>Portola Valley, CA 94028-7825<br>Telephone:  (650) 851-8880<br>Facsimile:   (650) 851-3001<br><br>Attorneys for Creditors<br>MARINA GELMAN and MIKHAIL GELMAN | |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐  Affects PG&E Corporation<br>☒  Affects Pacific Gas and Electric Company<br>☐  Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-3008 (DM). | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case - Jointly Administered)<br><br>**MARINA AND MIKHAIL GELMAN'S SUPPLEMENT TO THEIR MOTION FOR RELIEF FROM AUTOMATIC STAY AND ABSTENTION PURSUANT TO 28 U.S.C. 1334(c)(1); OBJECTION TO THE BANKRUPTCY COURT ADJUDICATING MOVANTS' PERSONAL INJURY CLAIMS**<br><br>Date:  September 10, 2019<br>Time:  9:30 a.m.<br>Ctrm:  Hon. Dennis Montali<br>          450 Golden Gate Avenue<br>          16th Floor, Courtroom 17<br>          San Francisco, CA 94102<br><br>Reply Deadline: September 5, 2019<br>At 4:00 Pacific Time |

Cause exists to grant Mikhail Gelman and Marina Gelman relief from stay to prosecute their claims resulting from PG&E's negligence to a just resolution. Here a speedy resolution is essential to a just resolution. Mikhail Gelman is 77, and he will be 78 in less than three months. He was born in Russia on November 6, 1941. (See Declaration of David W. Wessel ["Wessel Declaration"] submitted in support of the Gelmans' Supplement to their Motion for Relief from Automatic Stay.) Mikhail Gelman is in poor health. (See Wessel Declaration.)

Mr. Gelman is one of the two plaintiffs in *Gelman* v. *Pacific Gas & Electric Company* in the San Francisco County Superior Court. Therefore he has a substantial interest in the action. He is entitled to statutory preference pursuant to state procedural law. *See* Cal. Civ. Proc. Code § 36 (West). On his petition for preference, should it meet the standards set out in C.C.P § 36, the San Francisco County Superior Court must set the case for trial no more than 120 days after granting the petition. A trial in the Superior Court action is likely to commence in an expeditious fashion once the preference determination has been made. Thus, the interest of judicial economy and an expeditious determination will be served by granting relief from stay.

This Superior Court litigation will not interfere with the bankruptcy case. The Superior Court is well suited for dealing efficiently and economically with the Gelmans' proceeding, which consists entirely of state law issues. There is nothing to show that other creditors would be prejudiced if relief were granted to Mikhail Gelman and Marina Gelman. They filed their action in January, 2017, prior to the bankruptcy filing. Much of the pretrial activity has been completed. The Gelmans' depositions have been taken. Marina Gelman has undergone a physical examination. The trial was set previously, continued once, and then continued again until December, 2019. The Gelmans' action was on schedule for resolution by the end of this year, and could still be resolved by year end if this Court were simply to let it happen.

This Court in its May 12, 2019 Memorandum Decision on the Gelmans' motion for relief from stay said that nothing prevents the Gelmans from severing their action and proceeding separately against the other defendants. However, the risk of inconsistent outcomes prevents the Gelmans from doing that. Defendants City and County and Blue Plantain would point the finger at PG&E in the Superior Court trial, and PG&E would point the finger at the City & County and Blue

1  Plantain in the District Court trial. The cost of two trials and the risk of inconsistent verdicts is
2  prohibitive.
3        Allowing Mikhail and Marina Gelman to proceed to trial in the Superior Court would resolve the Gelmans' claims which have been pending since January 2017. It would advance the goals of this bankruptcy far better than a stayed, stagnant proceeding. It would help with the imperfect method of estimating claims that must be done by the Bankruptcy Court. As the Gelmans have already explained in their moving papers, the factors set out in *In re Curtis*, 40 B.R. 795, 800 (Bankr. D.Utah 1984) (the "*Curtis* factors") weigh heavily in favor of relief from stay. In its Memorandum Decision on the Gelmans' motion the Court stated it was satisfied the Gelmans had shown prima facie cause for relief from stay. The Gelmans have now shown that because of Mikhail Gelman's age and health, he is entitled to preference in the Superior Court action. The Court earlier stated the Gelmans' motion was a close call. With this showing it is no longer close. Justice requires the Gelmans be granted relief from stay.

Dated: August 20, 2019

LAW OFFICES OF BORIS E. EFRON

 /s/ David W. Wessel
Attorneys for Creditors
Marina Gelman and Mikhail Gelman