Entered on Docket
August 20, 2019
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: August 20, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re: | ) Bankruptcy Case |
|---|---|
| PG&E CORPORATION, | ) No. 19-30088-DM |
| - and - | ) Chapter 11 |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) Jointly Administered |
| Debtors. | ) Date: August 27, 2019 |
| | ) Time: 9:30 AM (Pacific Time) |
| ☐ Affects PG&E Corporation | ) Place: Courtroom 17 |
| ☐ Affects Pacific Gas and Electric Company | ) 450 Golden Gate Ave. |
| ☒ Affects both Debtors | ) 16th Floor |
| | ) San Francisco, CA |
| * All papers shall be filed in the Lead Case, No. 19-30088 (DM). | ) |

**ORDER REGARDING FURTHER HEARINGS ON ESTIMATION MOTION
AND OTHER CASE SCHEDULING MATTERS**

I. INTRODUCTION

At the conclusion of the August 14, 2019, hearing on the Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 502(c) for the Establishment of Wildfire Claims Estimation Procedures (Dkt. 3091) (the "Estimation Motion") the court neither granted nor denied it. Many objections that had been filed were probably

-1-

rendered moot by subsequent events, but the record needs to be complete as to their disposition.

The court's minutes and the case docket reflect a continued status conference on the Estimation Motion on August 27, 2019, at 9:30. The orders that will shortly be entered granting the Official Committee of Tort Claimants' Amended Motion for Relief from Stay (Dkt. 2904) and the Ad Hoc Group of Subrogation Claim Holders' Motion for Relief from Stay (Dkt. 2863) certainly moot for the most part one significant aspect of the suggested timetable in the Estimation Motion, namely Phase 2 and the Tubbs Fire.

The court also set a hearing for the same time on the Official Committee Tort Claimants' Motion for Entry of Order Determining Procedures for Preserving Jury Trial Rights (Dkt. 3479).

It seems useful for all parties to have a clear understanding of what will be dealt with in the coming months as to all remaining aspects of the Estimation Motion and other steps described in the Debtors' Corrected Supplemental Statement and Plan of Reorganization Timeline in Support of Opposition to Motions to Terminate Exclusivity (Dkt. 3515). ("Timeline")

II. ATTENDANCE AT CONTINUED STATUS CONFERENCE

For implementation of the Timeline, the court requires the participation of the following principal counsel, preferably in person but telephonic appearance by non-local counsel will be acceptable:

    Stephen Karotkin, Esq.
    Kevin J. Orsini, Esq.

```
        Robert A. Julian, Esq.
        Cecily A. Dumas, Esq.
        Benjamin P. McCallen, Esq.
        Dennis F. Dunne, Esq. or Gregory A. Bray, Esq.
        Frank A. Petrie, Esq.
        Michael A. Kelly, Esq.
        Alan Kornberg, Esq.
```

Counsel not on that list are not meant to be excluded, and all who wish may appear and participate in any discussion of these matters.

Notwithstanding the short time before the August 27, 2019, status conference, principal counsel should meet and confer, principally about Items C and E below.

III. TIMELINE DISCUSSION POINTS

A. In anticipation of a Debtors' plan being filed on or about September 9, 2019, the court wants a discussion about varying the traditional sequence of FRBP 3016 and 3017. Rule 3016(b) directs that a plan and disclosure statement be filed together "or within a time fixed by the court."

If the proposed competing plans that were considered at last week's hearings are any indication of what Debtors will be filing, the only impaired classes will be the fire victims and their insurers. Accordingly, the court wants to make sure that the proposed Disclosure Statement looks less like a thick phone book and is essentially a brief and simplified explanation of how and when the fire victims and their insurers should expect to be paid. Note that 11 U.S.C. § 1125(a) plainly directs that "adequate information" for disclosure statement purposes is to enable a hypothetical (investor?) of the relevant class to make an informed judgment. That admonition should be kept in mind.

Subject to further discussion regarding item D, below, the court envisions two tracks to confirmation, one which deals with the determination of the amount of any trust (e.g., inverse condemnation ruling; Tubbs fire results; final estimation under 11 U.S.C. § 502(c), etc.). The other will be the financial projections and provisions set forth in the Plan in order for the Debtors to implement and deal with all of the confirmation challenges but are not necessary to be included in a disclosure statement.

Finally, the court will discuss with all parties what might happen if Debtors do not meet their target of September 9, 2019, plan filing.

B. Tentatively the court suggests Debtors file their Opening brief on the inverse condemnation issue to be filed by November 1; TCC and others wishing to join in one brief to respond by November 15; Debtors' reply by November 22; matter then submitted unless the court chooses to schedule oral argument. Comments about altering the schedule and setting page limits will be welcome.

C. The court wishes comments, particularly from Tubbs fire litigation counsel on both sides, as to what might be helpful in any coordination between setting the court's estimation schedule (Phase 3) and the timing of Tubbs fire trial. Related is whether the Debtors are willing and able to work with plaintiffs' counsel to speed up the scheduling of the Tubbs fire trial.

D. Related to paragraph A, above, the court wants counsel for CPUC to outline what the Commission needs, and when, from

-4-

this court by way of a preliminary approval of the Plan terms; the extent of any required disclosures; whether the final outcome of the estimation proceedings is relevant to the preliminary tasks that the Commission will be handling, and what else will facilitate meeting its requirements.

  E. The court wants a full discussion among counsel as to what discovery will be necessary, and what is the timeframe, preparatory to the scheduling of the final estimation proceedings.

  F. Role of the Article III judge

  G. Possible mediation & court direction

  H. Other matters of concern

**\*\*END OF ORDER\*\***