Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone: 628.208.6434
Facsimile: 310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel to the Official Committee of Tort Claimants*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION**<br>-and-<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS TO COMPEL PRODUCTION OF PG&E BUSINESS PLANS**<br><br>Date: August 27, 2019 (requested)<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16 Floor<br>San Francisco, CA 94102<br><br>Objection Deadline: To be determined |

The Official Committee of Tort Claimants (the "**TCC**"), by and through its undersigned counsel, hereby submits this Motion to Compel (the "**Motion**") PG&E Corporation and Pacific Gas & Electric Company (collectively, "**PG&E**") to produce PG&E's business plans, reports, studies, valuations, and analyses (collectively, "**Business Plans**"). PG&E has been promising to produce the Business Plans to the TCC for approximately five months. Despite repeated requests from the TCC, and PG&E having promised to provide the Business Plans through its financial advisor Alix Partners to the TCC's financial advisor Lincoln International LLC, PG&E has failed to do so. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

The TCC began asking for the Business Plans on March 8, 2019, when it submitted 32 requests for documents to PG&E (the "**Management Requests**"). Request No. 1 was for "Business plans prepared by or for the Company during the applicable period." Request No. 2 was for "[r]eports, studies, briefings, valuations, analyses and similar documents prepared by advisors, appraisers, investment bankers, consultants, lawyers, accountants, auditors, investigators, and professionals for the Company, or any of their respective boards or committees, during the applicable period, regarding the value of the Company or the safety of the Company's transmission and distribution lines." These requests encompass the Business Plans.

On April 28, 2019, the parties held a telephonic meet-and-confer at which counsel for PG&E indicated, among other things, that PG&E would be willing to produce documents responsive to Requests No. 1 and No. 2, and that the requests would be handled by the Parties' Financial Advisors, i.e., Alix Partners and Lincoln. On May 28, 2019, after a hearing regarding PG&E's ongoing objections to other discovery requests, the Court ordered PG&E to produce responsive documents. Order Following Discovery Conference Held on May 8, 2019 [Dkt. No. 2255]. The Order noted that "The Debtors and the TCC reached agreement on Requests 1 through 24 . . . without intervention of the Court." *Id.*, p. 2, ¶ 1.

However, PG&E still did not—and has not—produced the Business Plans responsive to Requests No. 1 and No. 2. After a further request from the TCC, PG&E responded by letter dated June 29, 2019 "Finally, as to Requests 1, 2 and 3, Exhibit C states that these requests 'will be

handled by the Parties' Financial Advisors.' It is our understanding Alix Partners, and specifically John Boken, PG&E's Deputy Chief Restructuring Officer, has been in regular contact with Lincoln Financial, and specifically Brendan Murphy, regarding these requests. To the extent that the TCC has additional questions regarding these requests, we recommend that Lincoln Financial reach out to Alix Partners, as agreed by the parties." Despite repeated requests from Lincoln Financial, Alix Partners has not produced the Business Plans, stating that the plan is not yet final.

Even if the Business Plans were not final when requested, PG&E has a continuing obligation to supplement its discovery responses under Rule 26(e). As such, PG&E is obligated to produce the Business Plans as soon as they are final. The TCC's need for the documents was made even more critical by PG&E's filing of its *Supplemental Statement and Plan of Reorganization Timeline in Support of Opposition to Motions to Terminate Exclusivity* [Dkt. No. 3515] ("**Reorganization Timeline**") on August 12, 2019. Therein, PG&E boasted that it has "received commitments from more than twenty (20) financial institutions for billions in equity capital to fund the Debtors' plan (the "**Equity Commitment**")" and that it intended to file its proposed plan of Reorganization within the coming weeks. The TCC needs the Business Plans to evaluate PG&E's proposed reorganization timeline, its forthcoming plan term sheet, confirmability, and plan feasibility within the compressed timetable necessitated by the California Legislature's June 30, 2020 deadline. This bankruptcy case is moving quickly, yet PG&E is delaying the production of basic, but critical documents by months. The TCC therefore requests that the Court enter an Order compelling production of the Business Plans.

Just recently, and in response to the TCC's repeated requests, PG&E informed the TCC's financial advisors that the Business Plans will be produced around August 26, 2019. However, given the significant delays, the TCC is simultaneously requesting an Order Shortening Time to allow this Motion to Compel to be heard on August 27, 2019, in the event PG&E fails to produce the documents by that date. In the event PG&E produces the Business Plans by August 26, 2019, the TCC will withdraw its motion and any hearing on the Motion can be vacated.

PG&E should be compelled to produce the Business Plans, and its refusal to do so should be subject to sanctions pursuant to Federal Rule 37.

Dated: August 20, 2019

BAKER & HOSTETLER LLP

By: */s/ Robert A. Julian*
     Robert A. Julian

*Counsel to the Official Committee of Tort Claimant*