Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone:   628.208.6434
Facsimile:   310.820.8859
Email:   rjulian@bakerlaw.com
Email:   cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025
Telephone:   310.820.8800
Facsimile:   310.820.8859
Email:   esagerman@bakerlaw.com
Email:   lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| -and- | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors** | |
| ☐ Affects PG&E Corporation | **MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR ENTRY OF AN ORDER AUTHORIZING THE FILING UNDER SEAL OF A REPLY IN SUPPORT OF MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS TO COMPEL PRODUCTION OF THIRD-PARTY CONTRACTOR DOCUMENTS** |
| ☐ Affects Pacific Gas and Electric Company | |
| ■ Affects both Debtors | |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Date:   August 27, 2019<br>Time:   9:30 a.m. (Pacific Time)<br>Place:   United States Bankruptcy Court<br>    Courtroom 17, 16th Floor<br>    San Francisco, CA 94102 |

The Official Committee of Tort Claimants (the "**TCC**"), by and through its undersigned counsel, hereby submits this motion ("**Sealing Motion**") pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 1001-2(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**") and the *New District Wide Procedures for Electronically Filing Sealed and Redacted Documents adopted by the United States Bankruptcy Court for the Northern District of California* (the "**Local Procedures**") for entry of an order authorizing the TCC to file under seal its Reply in Support of Its Motion to Compel (the "**Reply**"**)** and all accompanying exhibits.

In support of this Motion, the TCC submits the Declaration of Kody D. L. Kleber filed contemporaneously herewith. A proposed form of order granting the relief requested herein is annexed as **Exhibit A**.

## MEMORANDUM AND POINTS OF AUTHORITIES

### I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This Sealing Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

### II. BACKGROUND

On July 25, 2019, the TCC filed a Motion to Compel Production of Third-Party Contractor Documents [Docket No. 3205] (the "**Motion**"). On August 13, 2019, PG&E Corporation and Pacific Gas & Electric Company (collectively, the "**Debtors**") filed objections to the Motion [Docket No. 3535] ("**Objections**"). The TCC has prepared a Reply to the Debtors' objections. The Reply contains several citations to documents designated as confidential under the Confidentiality and Protective Order [Docket No. 2807-1] (the "**Protective Order**"). The confidentially-designated documents are attached to the Reply. The Protective Order states that without written permission, a party may not file in the public record any protected material. *See* Protective Order at Section 7.5. As of the time of the filing of the Reply, the TCC has not received permission from the Debtors to publicly file the motion. The Debtors have also not agreed, as of the time of the filing

of the Reply, to waive confidential designations to the confidential documents referenced in the Reply.

### III. BASIS FOR RELIEF REQUESTED

Section 105(a) of the Bankruptcy Code allows a court to "issue any order . . . that is necessary or appropriate to carry out the provisions of the title." 11 U.S.C. § 105(a). Section 107(b) further provides that a court may "protect any entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b). To seek protection under 107(b), a party only needs to show "that the information it [seeks] to seal [is] 'confidential' and 'commercial' in nature." *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

The Bankruptcy Rules similarly authorize the Court to "make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Bankruptcy Rule 9018.

Finally, Local Procedures require that a request for seal is narrowly tailored to sealable materials. *New District Wide Procedures for Electronically Filing Sealed and Redacted Documents*.

In order to adequately reply to Debtors' Objection to the TCC's Motion, the TCC's Reply includes specific deficiencies and references to text found in particular documents produced by the Debtors. The Debtors marked these documents as "Contractor Confidential." Because the Reply contains confidential information, according to the Debtors, the Reply falls within the scope of section 107(b), and this Court should grant the TCC's request.

### IV. NOTICE

Notice of this motion is being provided in accordance with the Second Amended Order Implementing Certain Notice and Case Management Procedures, entered on May 14, 2019 [Docket No. 1996].

**WHEREFORE**, the TCC respectfully requests that the Court grant the Sealing Motion and allow the TCC to file under seal the Reply and the accompanying attachments.

Dated: August 20, 2019

BAKER & HOSTETLER LLP

By: */s/ Kody D.L. Kleber*
    Kody D. L. Kleber
    *Admitted Pro Hac Vice*

*Attorneys for The Official Committee of Tort Claimant*