RICHARD A. MARSHACK, #107291
rmarshack@marshackhays.com
DAVID A. WOOD #272406
dwood@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt, Irvine, CA 92620
Tel: 949-333-7777 -/- Fax: 949-333-7778

GERALD SINGLETON, #208783
JOHN C. LEMON, #175847
SINGLETON LAW FIRM, APC
450 A Street, 5th Floor
San Diego, CA 92101
Tel. (619) 771-3473
Email: gerald@slffirm.com
       john@slffirm.com

Attorneys for SLF Fire Victim Claimants

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>    and,<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>                    Debtors.<br><br>Affects:<br><br>☐   PG&E Corporation<br><br>☐   Pacific Gas & Electric Company<br><br>☒   Both Debtors<br><br>* All papers shall be filed in Lead Case, No. 19-30088 (DM). | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case Jointly Administered)<br><br>BRIEF RE: ESTIMATION PROCESS PURSUANT TO 11 U.S.C. §§ 105(a) and 502(c) FOR THE ESTABLISHMENT OF WILDFIRE CLAIMS ESTIMATION PROCEDURES<br><br>[Docket No. 3091]<br><br>Hearing:<br>Date:     August 27, 2019<br>Time:    9:30 a.m.<br>Ctrm:    Courtroom 17, 16th Floor<br>Place:    United States Bankruptcy Court<br>             San Francisco, CA 94102 |

/ / /

/ / /

1
BRIEF IN OPPOSITION TO DEBTOR'S MOTION TO ESTABLISH WILDFIRE CLAIMS ESTIMATION PROCEDURES

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

The Singleton Law Firm ("SLF") and Marshack Hays LLP, together with several other firms, represent approximately 5,300 victims of the fires started by PG&E Corporation ("PG&E") and/or Pacific Gas and Electric Company ("PGE Company," collectively with PG&E the "Debtors") in 2015 ("Butte Fire"), 2017 (the twenty fires collectively referred to as the "North Bay Fires") and 2018 ("Camp Fire").[1] The SLF Claimants submit this brief ("Brief") in response to the Court's continued status conference re: establishment of a wildfire claims estimation procedures pursuant to 11 U.S.C. §§ 105(a) and 502(c).

## A.  Preliminary Statement

SLF Claimants have reviewed the Court's Order Regarding Further Hearings on Estimation Motion and Other Case Scheduling Matters ("Order"), Dk. No. 3619, entered on August 20, 2019, in which the parties are instructed to discuss proposed procedures. In order to fully respond to the items raised in the Order, SLF Claimants intend to file a further position paper after conferring with counsel, to be filed by Monday August 26, 2019.

## B.  Participants at Estimation Hearings

The SLF Claimants contend the following parties should be able to participate in any estimation proceeding:

1. Debtor;
2. Tort Claimants Committee – including corresponding State Court fire litigation counsel (we understand this to be Norcal Leadership);
3. SLF Claimants; and
4. Anyone else who requests to participate within the deadline set by court and who the

---

[1] The claimants represented by SLF, Marshack Hays LLP, and other firms are jointly referred to as the "SLF Claimants."

court further decides should be allowed to participate.

SLF Claimants do not know if the Official Committee of Unsecured Creditors ("OCC"), or other creditors, intend to participate in the estimation proceeding. As such SLF Claimants propose the Status Conference be continued for twenty (20) days so that during this time period other creditors may make a written request to participate if they wish to. Thereafter, the court can determine at the continued status conference whether to allow them to participate at the continued status conference.

**C.  Discovery**

The court's Order provides that:

> "C.  [t]he court wishes comments, particularly from Tubbs fire litigation counsel on both sides, as to what might be helpful in any coordination between setting the court's estimation schedule (Phase 3) and the timing of Tubbs fire trial. Related is whether the Debtors are willing and able to work with plaintiffs' counsel to speed up the scheduling of the Tubbs fire trial…"
>
> …
>
> "E.  The court wants a full discussion among counsel as to what discovery will be necessary, and what is the timeframe, preparatory to the scheduling of the final estimation proceedings."

*See*, Dk No. 3619, 4:20-26.

SLF Claimants do not believe that there is a procedure by which the court could come to an accurate and fair estimation of all 21 fires under the Debtors' current proposed Timeline.[2] SLF Claimants will address this further at the status conference or the pleading to be filed as referenced in the preliminary statement. SLF Claimants believe substantial discovery needs to be conducted which SLF Claimants will discuss with the Court. Preliminarily, SLF Claimants request the

---

[2] Terms not defined herein are as defined in the Court's Order.
3

OPPOSITION TO DEBTOR'S MOTION TO ESTABLISH WILDFIRE CLAIMS ESTIMATION PROCEDURES
4847-8562-5761, v. 1
4843-4115-9838v.1 0112895-000001

Case: 19-30088    Doc# 3631    Filed: 08/20/19    Entered: 08/20/19 20:36:33    Page 3 of 5

following initial discovery to be produced by August 30, 2019:

1.  Debtors must produce all documents that have previously been produced and any documents that have otherwise been requested in all litigation relating to the 21 fires; and

2.  Copies of the Cal Fire reports without redactions (including all unredacted attachments), for each fire.

Further, SLF Claimants respectfully request the court schedule:

1.  Physical inspections of the fire ignition sites, and the equipment alleged to be involved in the cause and origin, for each fire.
    - We are unable to propose dates at this time until the Court has established the estimation trial date.

2.  Depositions of the authors of, the percipient witnesses to the fire, and any experts who rendered opinions used in, each of the Cal Fire reports.
    - We are unable to propose dates at this time until the Court has established the estimation trial date.

3.  Persons Most Qualified (PMQ) depositions from Debtors with respect to the cause, origin, and other relevant issues, for each fire.
    - We are unable to propose dates at this time until the Court has established the estimation trial date.

With respect to other discovery SLF Claimants will supplement this pleading after they have had an opportunity to confer with other counsel.

Lastly, in its Order, the court noted the parties should be prepared to discuss "possible mediation." Order, 5:11. SLF Claimants believe, through the discovery process there may be a flow of enlightenment, such that the Court should consider the appointment of a mediator with any mediation taking place after close of discovery. With respect to mediators, the selection of the mediator is important which parties should be prepared to discuss. For example, is the mediator someone who has substantial experience in wildfire litigation or someone who has general

experience in mass tort litigation or a bankruptcy professional (including former or currently sitting judges) who understand the claim estimation process. Initially, SLF Claimants would be most inclined to have someone with experience in wildfire litigation.

Dated: August 20, 2019          MARSHACK HAYS LLP

By: /s/ Richard A. Marshack
     RICHARD A. MARSHACK
     DAVID A. WOOD
     Attorneys for SINGLETON LAW FIRM
     FIRE VICTIM CLAIMANTS

Dated: August 20, 2019          SINGLETON LAW FIRM, APC

By: /s/ Gerald Singleton
     GERALD SINGLETON
     AMANDA W. LOCURTO
     Attorneys for SINGLETON LAW FIRM
     FIRE VICTIM CLAIMANTS