WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)(Jointly Administered)<br><br>**APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY WILLIS TOWERS WATSON US LLC AS HUMAN RESOURCE AND COMPENSATION CONSULTANTS *NUNC PRO TUNC* TO THE PETITION DATE**<br><br>Date: September 11, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Application, pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to retain and employ Willis Towers Watson US LLC f/k/a Towers Watson Delaware Inc. ("**WTW**" or the "**Firm**") (the "**Application**") as human resource and compensation consultants for the Debtors effective as of the Petition Date (as defined below) in accordance with the terms and conditions set forth in the Engagement Agreements (as defined below).

In support of this Application, the Debtors submit the Declaration of Mark J. Kazmierowski, a Senior Director of WTW (the "**Kazmierowski Declaration**"), filed concurrently herewith. Copies of the Engagement Agreements are annexed as exhibits to the Kazmierowski Declaration. A proposed form of order approving the retention and employment of WTW is annexed hereto as **Exhibit A** (the "**Proposed Order**").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No chapter 11 trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

## III. WTW'S QUALIFICATIONS

WTW is an international professional services firm that offers a wide variety of services to public and private clients, including expert analysis of executive and management compensation. WTW designs and delivers solutions that manage risk, optimize benefits, and cultivate talent to protect and strengthen institutions and individuals. WTW focuses on four key business segments: corporate risk and broking, human capital and benefits, exchange solutions, and investment, risk and reinsurance.

## IV. SCOPE OF SERVICES

The Debtors propose that WTW be employed upon the terms and conditions set forth in (i) that certain engagement letter dated December 10, 2018, and (ii) that certain statement of work (the "**SOW**") under that certain Master Services Agreement number 4400009506 (the "**MSA**"), and attached to the Kazmierowski Declaration as **Exhibits 1-A** through **1-C** (collectively, the "**Engagement Agreements**"). Pursuant to the Engagement Agreements, the Debtors retained WTW to assist in the formulation of necessary adjustments to the incentive-based components of their employee compensation programs to address, among other things, the commencement of these Chapter 11 Cases.

After WTW was retained, WTW familiarized itself with the Debtors' operations and business goals and reviewed the structure of the Debtors' existing base salary and primary incentive programs. Since the start of WTW's engagement, WTW collaborated with the Debtors' management to formulate the short-term incentive plan for the 2019 calendar year (the "**2019 STIP**") and developed an independent assessment of the Debtors' 2019 STIP based upon relevant market data and WTW's experience designing comparable programs for similarly-situated companies. Pursuant to the Engagement Agreements, WTW has also provided services to the Debtors in connection with the development of benchmarking and straw model materials related to the proposed Key Employee Incentive Program (the "**KEIP**"), benchmarking materials related to the compensation of the Debtors' recently retained chief executive officer, and benchmarking and design consulting on outside Board of Director compensation.

The Debtors also employ WTW in the ordinary course of their business entirely unrelated to the pendency of these Chapter 11 Cases and in the same manner and for the same or similar services as those conducted by WTW prior to the Petition Date. Such services include, but are not limited to, reporting services related to the Debtors' retirement programs, services related to the Debtors' pension administration, services related to the review of worker's compensation claims, pharmacy benefit management services, and audit services of leave and disability claim processes. These services are employed under terms and conditions set forth in distinct contract work authorizations by and between the Debtors and WTW, issued pursuant to the MSA and are not the subject of this Application and shall

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

be continued in the ordinary course.[1]

In addition to the foregoing, at the request of the Debtors, WTW may provide additional services deemed appropriate and necessary to benefit the Debtors' estates. Should WTW agree in its discretion to undertake any such matter that is outside the services conducted by WTW in the ordinary course of business and unrelated to the Chapter 11 Cases, WTW and the Debtors will seek separate retention orders with regard to any such additional agreements and the services provided therein will not be subject to the fee limit described below.

Since the Petition Date, WTW has been working to provide the Debtors with the necessary consulting services as described above, many of which were time-sensitive and required WTW to commence work immediately. During that time, WTW has worked in good faith with the Debtors and their counsel to finalize the Application based on the understanding that retention applications are being submitted for approval to the Court on a rolling basis. WTW has identified the services the Debtors believe are necessary to be continued post-petition, has run an extensive conflicts check, and has assisted the Debtors in preparation of the Application and related materials, each of which took significant time and effort.

## V. WTW'S DISINTERESTEDNESS

To the best of the Debtors' knowledge, information, and belief, the members, partners, principals and professionals assigned to this case by WTW do not have any connection with or any interest adverse to the Debtors, their creditors, or any other party in interest, except as may be set forth in the Kazmierowski Declaration.

Based upon the Kazmierowski Declaration, the Debtors submit that WTW is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code. The Debtors have been informed that WTW will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise. If any new relevant facts or relationships are discovered, WTW will supplement its disclosure to the Court.

---

[1] Copies of the distinct contract work authorizations are available from the Debtors upon request.

In the ninety (90) days before the Petition Date, the Debtors paid WTW $409,837.23 for services rendered. These payments have been applied on account of fees and expenses incurred in connection with prepetition services. WTW has agreed to waive any unpaid prepetition fees or expenses. Accordingly, as of the Petition Date, WTW does not hold a prepetition claim against the Debtors for amounts owed for services rendered.

**VI.   NO DUPLICATION OF SERVICES**

The Debtors intend that the services of WTW will complement, and not duplicate, the services being rendered by other professionals retained in these Chapter 11 Cases. WTW understands that the Debtors have retained and may retain additional professionals during the term of the engagement. WTW will work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtors.

**VII.   PROFESSIONAL COMPENSATION**

As set forth in the Kazmierowski Declaration, WTW will apply to the Court for allowances and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, effective February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 701] and any further Orders of the Court in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses (the "**Orders**").

Subject to the provisions of the Bankruptcy Code, Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and the Orders, the Debtors propose to compensate WTW as contemplated in the Engagement Agreements on an hourly basis subject to the fee limit as described below.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**Hourly Fees**

Pursuant to the Engagement Agreements, WTW will charge the Debtors on a time and expense basis and previously received an initial retainer in the amount of $150,000. WTW may apply the initial retainer to fees as they are approved by the Court. Billing rates are evaluated periodically to ensure they are consistent with market practice and may change over time. The current hourly rates for the levels of personnel expected to work on this matter are as follows:

| Position | Rate |
| --- | --- |
| Managing Director | $1,000 - $1,200 |
| Senior Director | $800 - $1,000 |
| Director | $600 - $800 |
| Analyst / Other Associates | $175 - $615 |

**Fee Limits**

Pursuant to the Engagement Agreements, WTW has agreed to cap its fees payable under the engagement pursuant to **Exhibit 1-C** at $474,338. As of the date hereof, WTW has not received any payments under the Engagement Agreements.[2]

WTW recognizes and has agreed to accept as compensation such sums as may be allowed by the Court and understands that interim and final fee awards are subject to approval by the Court.

The Debtors believe that the compensation structure described above and set forth in the Engagement Agreements is consistent with the compensation generally charged to companies similar to WTW for comparable engagements, both in and out of bankruptcy. Furthermore, the Debtors believe that the compensation structure is consistent with WTW's normal and customary billing practices for cases of comparable size and complexity requiring the level and scope of services to be provided in these Chapter 11 Cases.

---

[2] WTW previously returned to the Debtors approximately $170,000 that was inadvertently paid by the Debtors pursuant to the Engagement Agreements.

Additionally, in accordance with the terms of the Engagement Agreements, WTW will invoice the Debtors for its reasonable out-of-pocket expenses charged during these Chapter 11 Cases, which include, among other things, telephone and other charges, mail and express mail charges, travel expenses, expenses for "working meals" and computerized research, applicable sales, use or value added tax, as well as non-ordinary costs such as secretarial and other overtime.

The Debtors understand it is not the practice of WTW's professionals to keep detailed time records in one-tenth-of-an-hour increments (*i.e.*, six minute increments) as customarily kept by attorneys who are compensated subject to approval of the Bankruptcy Court. Instead, the customary practice of WTW's professionals is to keep reasonably detailed records of services rendered during the course of an engagement in fifteen minute (0.25) increments. Thus, WTW requests that this Court allow WTW's professionals to provide the following in its monthly, interim, and final fee applications: (a) a narrative summarizing each project category and the services rendered under each project category; (b) as an exhibit to each monthly, interim, and final fee application that WTW files in these Chapter 11 Cases, a summary, by project category, of services rendered to the Debtors, which identifies each professional rendering services, the number of hours expended by each professional, and the amount of compensation requested with respect to the services rendered by each professional; and (c) reasonably detailed records of time in fifteen minute (0.25) increments, describing the services rendered by each professional and the amount of time spent on each date.

After discussions and arms' length negotiations, the Debtors respectfully submit that WTW's rates and policies as stated in the Kazmierowski Declaration are reasonable and appropriate, particularly given the nature of these Chapter 11 Cases.

## VIII. INDEMNIFICATION

As part of the overall compensation payable to WTW under the terms of certain of the Engagement Agreements, the Debtors have agreed to certain indemnification obligations as described in such Engagement Agreements. The terms of the Engagement Agreements and the indemnification provisions contained therein were fully negotiated in good faith and at arm's length.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## IX. LIMITATION OF LIABILITY

Certain Engagement Agreements also contain standard limitations of liability provisions with respect to WTW's services. The Debtors believe such provisions are customary and reasonable terms of consideration for professionals such as WTW for proceedings both out of court and in chapter 11. The terms and conditions of the Engagement Agreements, including the limitation of liability provisions, were negotiated by the Debtors and WTW at arm's length and in good faith. The Debtors respectfully submit that the limitation of liability provisions contained in the Engagement Agreements are reasonable and in the best interest of the Debtors, their estates, creditors, shareholders, and all other parties interest. Accordingly, as part of this Application, the Debtors request that the Court approve the limitation of liability provisions as set forth in the Engagement Agreements.

## X. BASIS FOR RELIEF REQUESTED

The Debtors seek authority to employ and retain WTW as its human resource and compensation consultants under section 327 of the Bankruptcy Code, which provides that a debtor is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtors] in carrying out the [debtors'] duties under this title." 11 U.S.C. § 327(a). Section 1107(b) of the Bankruptcy Code elaborates upon sections 101(14) and 327(a) of the Bankruptcy Code in cases under chapter 11 of the Bankruptcy Code and provides that "a person is not disqualified for employment under section 327 of [the Bankruptcy Code] by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b). As discussed above and as further detailed in the Kazmierowski Declaration, to the best of the Debtors' knowledge, WTW is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates.

Denial of the relief requested herein would deprive the Debtors of the assistance of uniquely qualified human resource and compensation consultants and would harm the Debtors and all other parties in interest. Indeed, the Debtors would be forced to engage new consultants who lack a thorough understanding of the Debtors' employment and compensation initiatives. It would also require

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

significant resources for a newly retained consultant to familiarize itself with the Debtors employment and compensation programs. Moreover, comparable consultants would charge an equivalent level of fees.

## XI. NOTICE

Notice of this Application will be provided to (i) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Debtors' business judgement and in the best interests of the Debtors, their estates, creditors, shareholders, and all other parties interest, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: August 21, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/*Matthew Goren*
      Matthew Goren

*Attorneys for Debtors
and Debtors in Possession*