WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)(Jointly Administered)<br><br>**DECLARATION OF MARK J. KAZMIEROWSKI IN SUPPORT OF APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY WILLIS TOWERS WATSON US LLC AS HUMAN RESOURCE AND COMPENSATION CONSULTANTS *NUNC PRO TUNC* TO THE PETITION DATE**<br>Date: September 11, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102 |

Pursuant 28 U.S.C. § 1746, I, Mark J. Kazmierowski, hereby declare as follows:

I am a Senior Director of the firm Willis Towers Watson US LLC f/k/a Towers Watson Delaware Inc. ("**WTW**" or the "**Firm**"), with principal offices located at 345 California Street, Suite 2000, San Francisco, CA 94104 -2612.

I submit this Declaration in connection with the *Application of Debtors Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Retain and Employ Willis Towers Watson US LLC as Human Resource and Compensation Consultants to the Debtors Nunc Pro Tunc to Petition Date*, submitted on the date hereof (the "**Application**"),[1] of PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for authority to employ and retain WTW as human resource and compensation consultants, effective as of January 29, 2019 (the "**Petition Date**"), at its normal hourly rate in effect from time to time and in accordance with its normal reimbursement policies, in compliance with section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and to provide the disclosure required under Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Bankuptcy Local Rules for the U.S. District Court for the Northern District of California (the "**Bankruptcy Local Rules**").

Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein. To the extent any information disclosed herein requires amendment or modification upon WTW's completion of further review, or as additional information regarding parties in interest becomes available, a supplemental declaration will be submitted to the Court reflecting such amended, supplemented or otherwise modified information.

Neither I, WTW, nor any associate of the Firm involved in performing work for the Debtors performs services for any entity other than the Debtors in connection with these Chapter 11 Cases. In addition, except as set forth herein, to the best of my knowledge, after due inquiry, neither I, WTW, nor any partner of, counsel to, or associate of the Firm performs services for any party in interest in these

---

[1] Capitalized terms used but not otherwise herein defined have the meanings ascribed to such terms in the Application.

Chapter 11 Cases in matters related to these Chapter 11 Cases.

## I. WTW'S QUALIFICATIONS

WTW is an international professional services firm that offers a wide variety of services to public and private clients, including expert analysis of executive and management compensation. WTW designs and delivers solutions that manage risk, optimize benefits, and cultivate talent to protect and strengthen institutions and individuals. WTW focuses on four key business segments: corporate risk and broking, human capital and benefits, exchange solutions, and investment, risk and reinsurance.

## II. SCOPE OF SERVICES

The Debtors propose that WTW be employed upon the terms and conditions set forth in (i) that certain engagement letter dated December 10, 2018, and (ii) that certain statement of work (the "**SOW**") under that certain Master Services Agreement number 4400009506 (the "**MSA**"), and attached hereto as **Exhibits 1-A** through **1-C** (collectively, the "**Engagement Agreements**"). Pursuant to the Engagement Agreements, the Debtors retained WTW to assist in the formulation of necessary adjustments to the incentive-based components of their employee compensation programs to address, among other things, the commencement of these Chapter 11 Cases.

After WTW was retained, WTW familiarized itself with the Debtors' operations and business goals and reviewed the structure of the Debtors' existing base salary and primary incentive programs. Since the start of WTW's engagement, WTW collaborated with the Debtors' management to formulate the short-term incentive plan for the 2019 calendar year (the "**2019 STIP**") and developed an independent assessment of the Debtors' 2019 STIP based upon relevant market data and WTW's experience designing comparable programs for similarly-situated companies. Pursuant to the Engagement Agreements and that certain SOW (as defined below), WTW has also provided services to the Debtors in connection with the development of benchmarking and straw model materials related to the proposed Key Employee Incentive Program (the "**KEIP**"), benchmarking materials related to the compensation of the Debtors' recently retained chief executive officer, and benchmarking and design consulting on outside Board of Director compensation.

The Debtors also employ WTW in the ordinary course of their business entirely unrelated to the

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

pendency of these Chapter 11 Cases and in the same manner and for the same or similar services as those conducted by WTW prior to the Petition Date. Such services include, but are not limited to, reporting services related to the Debtors' retirement programs, services related to the Debtors' pension administration, services related to the review of worker's compensation claims, pharmacy benefit management services, and audit services of leave and disability claim processes. These services are employed under terms and conditions set forth in distinct contract work authorizations by and between the Debtors and WTW, issued pursuant to the MSA and are not the subject of this Application and shall be continued in the ordinary course.[2]

In addition to the foregoing, at the request of the Debtors, WTW may provide additional services deemed appropriate and necessary to benefit the Debtors' estates. Should WTW agree in its discretion to undertake any such matter that is outside the services conducted by WTW in the ordinary course of business and unrelated to the Chapter 11 Cases, WTW and the Debtors will seek separate retention orders with regard to any such additional agreements and the services provided therein will not be subject to the fee limit described below.

Since the Petition Date, WTW has been working to provide the Debtors with the necessary consulting services as described above, many of which were time-sensitive and required WTW to commence work immediately. During that time, WTW has worked in good faith with the Debtors and their counsel to finalize the Application based on the understanding that retention applications are being submitted for approval to the Court on a rolling basis. WTW has identified the services the Debtors believe are necessary to be continued post-petition, has run an extensive conflicts check, and has assisted the Debtors in preparation of the Application and related materials, each of which took significant time and effort.

### III. WTW'S DISCLOSURE PROCEDURES

WTW, which employs approximately 45,000 associates has a large and diversified consulting practice and provides consulting services for many financial institutions and commercial corporations however, a limited group of seven employees are involved in the work described in the Scope of Services

---

[2] Copies of the distinct contract work authorizations are available from the Debtors upon request.

("**Restructuring Services Team**"). In addition, the Restructuring Services Team and certain administrative staff are the only individuals who have access to the Restructuring Services Team's work files. Access to these files can only be granted by myself and two other individuals. WTW has, in the past, performed services for, currently performs services for, and may, in the future, perform services for, entities that are claimants or interest holders of the Debtors in matters unrelated to these Chapter 11 Cases. Some of those entities are, or may consider themselves to be, creditors or parties in interest in these Chapter 11 Cases or otherwise have interests in these cases.

In preparing this Declaration, a general inquiry was sent by electronic mail to the Restructuring Services Team and, in an abundance of caution, all WTW personnel involved in performing ordinary course all WTW personnel involved in performing work for the Debtors to determine whether any such individuals or any members of their households have (i) any connection or relationship with individuals or entities that may be parties in interest in these Chapter 11 Cases;[3] (ii) own any debt or equity securities of the Debtors; (iii) hold a claim against or interest adverse to the Debtors; (iv) are or were officers, directors, or employees of the Debtors or any of the affiliates or subsidiaries; (v) are related to or have any connections to Bankruptcy Judges in the Northern District of California; or (vi) are related to or have any connections to anyone working in the Office of the United States Trustee for the Northern District of California (the "**U.S. Trustee**"). Additionally, any WTW personnel that may join the Restructuring Services Team or review the Restructuring Services Team's work product will be required to undergo the same evaluation to determine disinterestedness as described herein.

**IV. WTW'S CONNECTIONS WITH THE DEBTORS**

WTW compiled responses to the foregoing inquiries for the purpose of preparing this Declaration. Responses to the inquiry described above reflect that, as of the Petition Date, no WTW personnel involved in performing work for the Debtors or member of the household of any WTW personnel involved in performing work for the Debtors holds any claims against, direct stock ownership of, or other interests in the Debtors and that no such individuals held significant employment with the

---

[3] To establish any connection or relationship with individuals or entities that may be parties in interest in these Chapter 11 Cases, WTW supplied to all WTW personnel involved in performing work for the Debtors that comprise the categories listed on **Schedule 1** annexed hereto (the "**Retention Checklist**"). This list was provided by the Debtors in the format in which they maintain the list.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

Debtors. Since the 1960's, WTW has advised the Debtors regarding various Human Resource, Benefits and Compensation related issues facing the Debtors. As a result of its prepetition service to the Debtors, WTW has gained additional insight into the current condition of the Debtors' business operations. Accordingly, WTW possesses the necessary background to address the potential issues that may arise in the context of the Debtors' Chapter 11 Cases

**V. WTW'S CONNECTIONS WITH PARTIES IN INTEREST IN MATTERS UNRELATED TO THESE CHAPTER 11 CASES**

WTW does not hold or perform services for an interest that is adverse to the Debtors' estates and that WTW is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, for the reasons discussed below.

In addition to the foregoing, through diligent inquiry, I have ascertained no connection among the personal involved in performing work for the Debtors, as such term is used in section 101(14)(C) of the Bankruptcy Code, as modified by section 1107(b), and Bankruptcy Rule 2014(a), between (i) WTW personnel involved in performing work for the Debtors and parties on the Retention Checklist; (ii) the U.S. Trustee or any person employed by the U.S. Trustee, (iii) any attorneys, accountants, or financial consultants in these Chapter 11 Cases, or (iv) any investment bankers who perform services for or may perform services for the Debtors, claimants, or other parties in interest in these Chapter 11 Cases, except as set forth herein and on the Disclosure Schedule. As part of its practice, WTW appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, some of whom now, or may in the future, perform services for claimants and other parties in interest in these cases. WTW personal involved in performing work for the Debtors have not performed services for, and will not perform services for, any such parties in relation to the Debtors or their Chapter 11 Cases.

Additionally, WTW has performed services for, and may currently perform services for, entities that hold, or may, in the future, hold certain of the Debtors' debt in beneficial accounts on behalf of unidentified parties. Because distressed debt is actively traded in commercial markets, WTW may be unaware of the actual holder of such debt at any given moment. WTW also performs services for

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

numerous entities in unrelated matters that may buy and/or sell distressed debt, claims, or equity interests of chapter 11 debtors. Similarly, as a large firm, WTW may perform services for creditors/investors of or parties interested in investing in one or more parties in interest in these cases. WTW does not believe these relationships perform services for interests adverse to the estate.

Despite the efforts described herein to identify and disclose WTW's connections with the parties in interest in these Chapter 11 Cases, and because the Debtors have numerous relationships, WTW is unable to state with certainty that every client relationship or other connection has been disclosed. In this regard if any new material, relevant facts, or relationships are discovered or arise, WTW will promptly file a supplemental disclosure with the Court.

## VI. WTW IS DISINTERESTED

Based on the foregoing, insofar as I have been able to ascertain after diligent inquiry, I believe WTW does not hold or perform services for an interest adverse to the Debtors' estates in the matters upon which WTW is to be employed, and that WTW is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

WTW is not a creditor of the Debtors. During the ninety (90) day period prior to the Petition Date, WTW received payments in the amount of $409,837.23 for services rendered.

## VII. NO DUPLICATION OF SERVICES

The services of WTW will complement, and not duplicate, the services being rendered by other professionals retained in these Chapter 11 Cases. WTW understands that the Debtors have retained and may retain additional professionals during the term of the engagement. WTW will work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtors.

## VIII. PROFESSIONAL COMPENSATION

WTW will apply to the Court for allowances and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, effective February 19, 2014 (the "**Local**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Guidelines"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 701] and any further Orders of the Court in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses (the "**Orders**").

Subject to the provisions of the Bankruptcy Code, Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and the Orders, the Debtors propose to compensate WTW as contemplated in the Engagement Agreements on an hourly basis subject to the fee limit as described below.

**Hourly Fees**

Pursuant to the Engagement Agreements, WTW will charge the Debtors on a time and expense basis and previously received an initial retainer in the amount of $150,000. WTW may apply the initial retainer to fees as they are approved by the Court. Billing rates are evaluated periodically to ensure they are consistent with market practice and may change over time. The current hourly rates for the levels of personnel expected to work on this matter are as follows:

| Position | Rate |
|---|---|
| Managing Director | $1,000 - $1,200 |
| Senior Director | $800 - $1,000 |
| Director | $600 - $800 |
| Analyst / Other Associates | $175 - $615 |

**Fee Limits**

Pursuant to the Engagement Agreements, WTW has agreed to cap its fees payable under the engagement pursuant to **Exhibit 1-C** at $474,338. As of the date hereof, WTW has not received any

payments under the Engagement Agreements.[4]

WTW recognizes and has agreed to accept as compensation such sums as may be allowed by the Court and understands that interim and final fee awards are subject to approval by the Court.

The compensation structure described above and set forth in the Engagement Agreements is consistent with the compensation generally charged to companies similar to WTW for comparable engagements, both in and out of bankruptcy. Furthermore, the compensation structure is consistent with WTW's normal and customary billing practices for cases of comparable size and complexity requiring the level and scope of services to be provided in these Chapter 11 Cases.

Additionally, in accordance with the terms of the Engagement Agreements, WTW will invoice the Debtors for its reasonable out-of-pocket expenses charged during these Chapter 11 Cases, which include, among other things, telephone and other charges, mail and express mail charges, travel expenses, expenses for "working meals" and computerized research, applicable sales, use or value added tax, as well as non-ordinary costs such as secretarial and other overtime.

It is not the practice of WTW's professionals to keep detailed time records in one-tenth-of-an-hour increments (*i.e.*, six minute increments) as customarily kept by attorneys who are compensated subject to approval of the Bankruptcy Court. Instead, the customary practice of WTW's professionals is to keep reasonably detailed records of services rendered during the course of an engagement in fifteen minute (0.25) increments. Thus, WTW requests that this Court allow WTW's professionals to provide the following in its monthly, interim, and final fee applications: (a) a narrative summarizing each project category and the services rendered under each project category; (b) as an exhibit to each monthly, interim, and final fee application that WTW files in these Chapter 11 Cases, a summary, by project category, of services rendered to the Debtors, which identifies each professional rendering services, the number of hours expended by each professional, and the amount of compensation requested with respect to the services rendered by each professional; and (c) reasonably detailed records of time in fifteen minute (0.25) increments, describing the services rendered by each professional and the amount of time spent on each date.

---

[4] WTW previously returned to the Debtors approximately $170,000 that was inadvertently paid by the Debtors pursuant to the Engagement Agreements.

No promises have been received by WTW, or any partner, counsel, or associate of WTW, as to payment or compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and the Fee Guidelines. Furthermore, WTW has no agreement with any other entity to share compensation received by WTW or by such entity.

The Application requests approval of WTW's retention on rates, terms, and conditions consistent with what WTW charges non-chapter 11 debtors, namely, prompt payment of WTW's hourly rates, as adjusted from time to time, and reimbursement of out-of-pocket disbursements at cost or based on formulas that approximate the actual cost where the actual cost is not easily ascertainable. Subject to these terms and conditions, WTW intends to apply for allowance of compensation for professional services rendered in these Chapter 11 Cases and for reimbursement of actual and necessary expenses relating thereto, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and the Fee Guidelines.

## IX. INDEMNIFICATION

As part of the overall compensation payable to WTW under the terms of certain of the Engagement Agreements, the Debtors have agreed to certain indemnification obligations as described in such Engagement Agreements. The terms of the Engagement Agreements and the indemnification provisions contained therein were fully negotiated in good faith and at arm's length.

## X. LIMITATION OF LIABILITY

Certain Engagement Agreements also contain standard limitations of liability provisions with respect to WTW's services. Such provisions are customary and reasonable terms of consideration for professionals such as WTW for proceedings both out of court and in chapter 11. The terms and conditions of the Engagement Agreements, including the limitation of liability provisions, were negotiated by the Debtors and WTW at arm's length and in good faith. The Debtors respectfully submit that the limitation of liability provisions contained in the Engagement Agreements are reasonable and in the best interest of the Debtors, their estates, creditors, shareholders, and all other parties interest. Accordingly, as part of this Application, the Debtors request that the Court approve the limitation of

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

liability provisions as set forth in the Engagement Agreements.

The foregoing constitutes the statement of WTW pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated August 20, 2019

_____
Mark J. Kazmierowski
Senior Director, Willis Towers Watson US LLC
f/k/a Towers Watson Delaware Inc.
345 California Street,
Suite 2000
San Francisco, CA 94104 -2612

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119