WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **DEBTORS' OBJECTION TO THE EX PARTE MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON MOTION TO COMPEL PRODUCTION OF PG&E BUSINESS PLANS** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Related to Dkt. Nos. 3624 and 3625 |

*Weil, Gotshal & Manges LLP*
*767 Fifth Avenue*
*New York, NY 10153-0119*

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this objection ("**Objection**") to the *Ex Parte Motion of the Official Committee of Tort Claimants* (the "**TCC**") *Pursuant to B.L.R. 9006-1 Requesting Order Shortening Time for Hearing on Motion to Compel Production of PG&E Business Plans*, Dkt. No. 3624 (the "**Motion to Shorten**").

On August 20, 2019, the TCC filed the *Motion of the Official Committee of Tort Claimants to Compel Production of PG&E Business Plans*, Dkt. No. 3624 (the "**Motion to Compel**").[1]  On that same date, the TCC filed its Motion to Shorten, seeking to have its Motion to Compel heard on August 27, 2019, *i.e.*, on seven days' notice, instead of the 28 days' notice required by Bankruptcy Local Rule ("**Local Rule**") 9014-1(c)(1).[2]  Seeking expedited review of its motions on baseless grounds of urgency has unfortunately become the TCC's modus operandi.[3]

As an initial matter, the Motion to Shorten is procedurally deficient because it is not accompanied by a declaration supporting the basis for expedited review, as required by Local Rule 9006-1(c), and because the TCC did not contact the Debtors regarding the relief requested in their Motion to Shorten prior to filing, as required by Local Rule 9006-1(c)(4).[4]  The Court should deny the Motion to Shorten on this basis alone.

If the Court nevertheless considers the Motion to Shorten, it should deny it because the TCC

---

[1] The TCC failed to meet-and-confer with the Debtors or schedule a conference call with the Court prior to filing their Motion to Compel, in violation of the Second Amended Order Implementing Certain Notice and Case Management Procedures, Dkt. No. 1996 (the "**CMO**"), ¶ 38.

[2] The TCC states that Local Rule 9014-1(c)(2) governs the notice requirements applicable to their Motion to Compel.  *See* Motion to Shorten at 2.  This is incorrect.  Local Rule 9014-1(c)(1) controls where, as here, the "relief is sought against an identified, named entity."

[3] The Motion to Shorten is the TCC's second attempt in the past two weeks to reduce the Debtors' allotted time to respond to a motion to 7 days or less, despite no valid reason for doing so.  *See* Dkt Nos. 3481 and 3497.  This practice unnecessarily drains the resources of the Debtors' estates.

[4] *See also* CMO ¶ 23 ("A movant seeking emergency or expedited relief shall comply with B.L.R. 9006-1(c).  Counsel for the movant must make a good faith effort to confer with the party against whom the relief is sought . . . and file a declaration providing the information required by B.L.R. 9006-1(c).").

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1  provides no justification for the requested highly expedited timeframe. Indeed, other than

2  generalized comments regarding the reorganization timeline proposed by the Debtors, there is

3  nothing in the Motion to Shorten that even hints as to why the standard timing set forth in the Local

4  Rules would not be more than sufficient to address whatever purported dispute the TCC has

5  manufactured. Moreover, even if the Court were to consider an August 27, 2019 hearing on the

6  Motion to Compel, the Court cannot compel production of what does not yet exist, as the Debtors'

7  business plan is not likely to be finalized by that date—a fact as to which the TCC's advisors had

8  been made aware. As the Debtors' advisors have made plain repeatedly, the Debtors will produce

9  their business plan as soon as it is ready, and it will be available for review well in advance of any

10  voting on the Debtors' plan of reorganization.

11  Ignoring its meet and confer obligations, the TCC has instead chosen to misrepresent the

12  facts in another misguided effort to justify an expedited hearing. The TCC states that "PG&E

13  informed the TCC's financial advisors that the Business Plans will be produced around August 26,

14  2019," and that the TCC thus needs to shorten time and have a hearing on its Motion to Compel on

15  August 27, 2019, "in the event PG&E fails to produce the documents by that date." Motion to

16  Compel at 3. The TCC's assertions in this regard, for which the TCC tellingly submits no

17  supporting declaration, are patently false.

18  In recent weeks, John Boken, a Managing Director at the Debtors' advisor AlixPartners and

19  the Debtors' Deputy Chief Restructuring Officer, has been in discussions or communications with

20  the advisors to various constituencies and parties-in-interest to these Chapter 11 Cases, including the

21  advisors to the TCC, regarding the status of the development of the Debtors' business plan and

22  potential timing for release of that business plan. *See* Declaration of John Boken in support of

23  Debtors' Objection, dated Aug. 22, 2019 ("**Boken Declaration**")*, ¶* 4. Mr. Boken has been careful

24  in all of those communications to ensure that the various advisors understood that the Debtors'

25  timeline for completion of the Debtors' business plan is fluid, to allow for the flexibility necessary to

26  ensure appropriate internal analysis and diligence, management review, and governance processes.

27  *See id.* At no time has Mr. Boken ever stated or in any way represented to the TCC's advisors, or to

28  any other party, that the Debtors would, with certainty, finalize or release their business plan by

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1  August 26, 2019, or by any date certain.  *See id.*[5]

2  Rather, on August 16, 2019, Mr. Boken informed the advisors of numerous interested parties,

3  including the TCC, that the Debtors' Board of Directors and certain of its committees (collectively,

4  the "**Board**") would be reviewing the Debtors' business plan during the week of August 19, 2019.

5  *See id.* ¶ 5.  Mr. Boken further stated that, in the event the Board approved the Debtors' business

6  plan that week, the Debtors could potentially schedule a roll-out session of their business plan for all

7  appropriate constituency advisors during the week of August 26, 2019.  *See id.*  Mr. Boken noted,

8  however, that if upon their review of the Debtors' business plan, the Board had follow-up items for

9  the Debtors or the advisors to address, the Debtors likely would not be in a position to produce their

10  business plan until after September 2, 2019.  *See id.*  The Board has not yet approved the Debtors'

11  business plan, and no roll-out session has been scheduled.  *See id.* ¶ 7.  Mr. Boken's clear

12  representations to the TCC's advisors that the Debtors will provide the TCC with the Debtors'

13  business plan promptly after it is finalized, but that such production may not occur until after

14  September 2, 2019, render the Motion to Shorten (and the Motion to Compel) a wholly unnecessary

15  endeavor.

16  Moreover, the TCC has set forth no justification as to why it is so critical that they receive

17  the Debtors' business plan by August 27, 2019.  The TCC asserts that the Debtors' business plan is

18  "directly relevant to the Estimation Procedures and PG&E's Reorganization Timeline," and that "the

19  present urgency of those matters and the accelerated pace of the case justify shortening time for the

20  [Motion to Compel]."  Motion to Shorten at 3.  These assertions ring hollow and would not support

21  an expedited hearing on the Motion to Compel even if the Debtors were able to finalize their

22  business plan by August 27, 2019, which is unlikely, and the Debtors then refused to produce it

23  promptly, which they will not.  There is absolutely no reason that the TCC needs the Debtors'

24  business plan prior to the August 27, 2019 hearing on Estimation Procedures, as that hearing relates

25

26  [5] Mr. Boken further communicated to the TCC's advisors that, to the best of his knowledge, no
advisors, creditor constituencies, current parties-in-interest, or potential investors have been

27  provided with or have access to any business plan or financial forecast information relating to the
Debtors other than such historical forecast information that is, or has otherwise been, publicly

28  available.  *See* Boken Decl. ¶ 6.

1  entirely and exclusively to the process of estimating the Debtors' liability for the 2017 and 2018

2  wildfires, a process on which the Debtors' business plan has no bearing. The Debtors' filing of their

3  Reorganization Timeline similarly does not create any urgent need for the TCC to review the

4  Debtors' business plan. The TCC will have more than sufficient time to review the Debtors'

5  business plan and seek other discovery regarding the Debtors plan of reorganization as necessary and

6  in the normal course. Finally, the Court should reject the TCC's argument that the "accelerated

7  pace" of these Chapter 11 Cases somehow justifies the need for an expedited hearing on their

8  Motion to Compel, as accepting such reasoning would only encourage the TCC's continued attempts

9  to shorten the Debtors' time to respond to motions where there is no need for such relief.

10  For the reasons stated herein, the Court should deny the Motion to Shorten and set the

11  hearing on the Motion to Compel for September 24, 2019, the first regularly scheduled omnibus

12  hearing date at least 28 days from its filing, pursuant to Local Rule 9014-1(c)(1).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

Dated: August 22, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: */s/ Theodore E. Tsekerides*
Theodore E. Tsekerides

*Attorneys for Debtors and Debtors in Possession*

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28