WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**DECLARATION OF JOHN BOKEN IN SUPPORT OF DEBTORS' OBJECTION TO THE EX PARTE MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON MOTION TO COMPEL PRODUCTION OF PG&E BUSINESS PLANS** |

I, John Boken, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Managing Director in the Turnaround and Restructuring Services practice of AlixPartners, LLP, which is an affiliate of both AlixPartners, LLC and AP Services, LLC, which provides interim management services to PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I currently serve as the Deputy Chief Restructuring Officer for the Debtors, as authorized by this Court's Order dated April 9, 2019, Dkt No. 1299.[1]

2. I submit this declaration in support of the *Debtors' Objection to the Ex Parte Motion of the Official Committee of Tort Claimants* (the "**TCC**") *Pursuant to B.L.R. 9006-1 Requesting Order Shortening Time for Hearing on Motion to Compel Production of PG&E Business Plans*, dated August 22, 2019. I am authorized to submit this declaration on behalf of the Debtors. If called upon, I would testify to the facts set forth in this declaration.

3. The facts set forth in this declaration are based upon my personal knowledge.

4. In recent weeks, I have been in discussions or communications with the advisors to various constituencies and parties-in-interest to these Chapter 11 Cases, including the advisors to the TCC, regarding the status of the development of the Debtors' business plan and potential timing for release of that business plan. I have been careful in all of those communications to ensure that the various advisors understood that the Debtors' timeline for completion of the Debtors' business plan is fluid, to allow for the flexibility necessary to ensure appropriate internal analysis and diligence, management review, and governance processes. At no time have I ever stated or in any way represented to the TCC's advisors, or to any other party, that the Debtors would, with certainty, finalize or release their business plan by August 26, 2019, or by any date certain.

5. On August 16, 2019, I informed the advisors of numerous interested parties, including the TCC, that the Debtors' Board of Directors and certain of its committees (collectively,

---

[1] My education, background and professional experience are described in the Declaration of John Boken in Further Support of First Day Motions and Related Relief, Dkt. No. 653, at 2-3.

the "**Board**") would be reviewing the Debtors' business plan during the week of August 19, 2019. I further stated that, in the event the Board approved the Debtors' business plan that week, the Debtors could potentially schedule a roll-out session of their business plan for all appropriate constituency advisors during the week of August 26, 2019. I noted, however, that if upon their review of the Debtors' business plan, the Board had follow-up items for the Debtors or their advisors to address, the Debtors likely would not be in a position to produce their business plan until after September 2, 2019.

6. I further communicated to the TCC's advisors that, to the best of my knowledge, no advisors, creditor constituencies, current parties-in-interest, or potential investors have been provided with or have access to any business plan or financial forecast information relating to the Debtors other than such historical forecast information that is, or has otherwise been, publicly available.

7. As of today's date, the Board has not yet approved the Debtors' business plan, and no roll-out session has been scheduled.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Executed on August 22, 2019

_____
John Boken