Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone:     628.208.6434
Facsimile:     310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone:     310.442.8800
Facsimile:     310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official*
*Committee of Tort Claimants*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | |
| **-and-** | Chapter 11 (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | |
| **Debtors.** | |
| ☐ Affects PG&E Corporation | **APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002 TO RETAIN AND EMPLOY DUNDON ADVISERS LLC AS A FINANCIAL ADVISER *NUNC PRO TUNC* FROM MARCH 1, 2019 TO APRIL 29, 2019** |
| ☐ Affects Pacific Gas and Electric Company | |
| ■ Affects both Debtors | |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | |
| | Date:     September 24, 2019 |
| | Time:     9:30 a.m. (Pacific Time) |
| | Place:     United States Bankruptcy Court Courtroom 17, 16th Floor San Francisco, CA 94102 |
| | **Objections Due: September 173, 2019** 4:00 p.m. (Pacific Time) |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

The Official Committee of Tort Claimants (the "**TCC**") of PG&E Corporation and Pacific Gas and Electric Company (the "**Debtors**") submits this application (the "**Application**") for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the employment and retention of Dundon Advisers LLC ("**Dundon**"), as financial advisor to the TCC in connection with the Debtors' chapter 11 cases *nunc pro tunc* from March 1, 2019, to and including April 29, 2019 pursuant to section 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and in accordance with the terms and conditions set forth in the engagement letter between the TCC and Dundon dated April 15, 2019 (the "**Engagement Letter**") attached as **Exhibit 1** to the Declaration of Matthew J. Dundon (the "**Dundon Declaration**"), filed contemporaneously herewith. In support of the Application, the TCC respectfully states as follows:

## Jurisdiction and Venue

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges* of the United States District Court of the Northern District of California, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.      On January 29, 2019 (the **"Petition Date"**), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "**Cases**") in the United States Bankruptcy Court for the Northern District of California (the "**Court**"). On January 31, 2019, the Court entered an order consolidating the Cases for joint administration [Doc. No. 207].

3.      The Debtors continue to manage their assets and operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in the Cases.

4.      On February 15, 2019, the Office of the United States Trustee ("**U.S. Trustee**")

filed an Appointment of the Official Committee of Tort Claimants [Doc. No. 453]. Following the resignation of Richard Heffern from the original committee and the addition of Tommy Wehe, on February 21, 2019, the U.S. Trustee filed the Amended Appointment of the Official Committee of Tort Claimants [Doc. No. 530]. The members of the TCC are: (i) GER Hospitality, LLC, in its capacity as an individual claimant; (ii) Kirk Trostle; (iii) Tommy Wehe; (iv) Angelo Loo; (v) Karen K. Gowins; (vi) Agajanian, Inc.; (vii) Susan Slocum; (viii) Samuel Maxwell; (ix) Karen M. Lockhart; (x) Wagner Family Wines-Caymus Vineyards; and (xi) Gregory Wilson. The TCC conducted a meeting on February 15, 2019, at which all members were present, and appointed Karen M. Lockhart as Chairperson.

**Retention of Dundon**

**A.     Qualifications of Dundon**

5.     As set forth in greater detail in the accompanying Dundon Declaration, Dundon is a financial advisory firm whose professionals' experience with distressed assets and the bankruptcy process goes back to the 1990's. Dundon serves and has served as a financial adviser to multiple committees, including the Official Committee of Unsecured Creditors appointed in the *Open Road Films, SIW Holdings*, and *LBI Media* cases in the District of Delaware, and the *Frank Theatres* cases in the District of New Jersey. Dundon has also represented clients in energy cases including the *First Energy Solutions*, *Rex Energy* and *PetroQuest Energy* matters.

6.     Leadership in these Cases for Dundon was provided by (1) firm Principal Matthew Dundon, who has more than twenty (20) years' of experience in credit origination and restructuring in law firms, securities brokerages, and hedge funds, (2) firm Managing Director Alex Mazier, who has more than twenty (20) years' of experience in investment management and restructuring, and is a leading energy and utility expert, and (3) firm Senior Adviser Laurence Pelosi, who has more than twenty (20) years' of experience with California real estate, finance and public policy. John Roussey also contributed to the engagement.

7.     The TCC's selection of Dundon as a financial advisor was based upon, among other things: (a) the TCC's need to retain a financial advisory firm to provide advice relevant to the scope of the TCC's mandate; (b) Dundon's senior professionals' extensive experience and

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

- 3 -

excellent reputation in providing financial advisory services in chapter 11 cases such as these Cases; (c) Dundon's ability to provide advice on a cost-effective and time-sensitive basis (particularly important to tort claimants in these cases); (d) Dundon's particular knowledge and expertise regarding litigation claims in bankruptcy, and the operations of utilities; and (e) Dundon's established history of effective and efficient collaboration with other financial advisers. The TCC believes that Dundon's proposed compensation structure is competitive, appropriate, and reasonable in the context of these Cases. Accordingly, on March 1, 2019, the TCC voted to retain Dundon as its financial advisor, subject to Court approval.

8. As a result of the *Issues to Be Addressed at the April 24 Hearing on Retention Applications* [Docket No. 1587], entered on April 22, 2019, regarding the TCC's retention of two financial advisory firms, the TCC worked with its financial advisors DSI, Lincoln and Dundon to further refine the scope of their work for the TCC. The revised scope of DSI and Lincoln's retentions both eliminated overlap of services, and absorbed Dundon's proposed role in the Cases. On May 3, 2019, the TCC submitted the Supplement to the Applications of the Official Committee of Tort Claimants to Retain and Employ Lincoln Partners Advisors LLC and Development Specialists, Inc. as its Financial Advisors [Doc. No. 1837], and Declaration of Karen M. Lockhart in Support of the Supplement to the Applications of the Official Committee of Tort Claimants to Retain and Employ Lincoln Partners Advisors LLC and Development Specialists, Inc. as its Financial Advisors [Doc. No. 1838]. Dundon also ceased performing services for the TCC. While Dundon is no longer providing services for the TCC, the TCC is seeking authority to retain Dundon *nunc pro tunc* from March 1, 2019 through and including April 29, 2019. Dundon's fees for the services it performed are $155,164, which reflects a discount negotiated between the TCC and Dundon. If the Court grants the Application, Dundon will submit a first and final fee application.

**B. Scope of Services to be Provided by Dundon**

9. Dundon provided or anticipated providing financial advisory services to the TCC, as follows:

    a. Real estate: Review and advise on the Debtors' real estate portfolio and evaluate leases for optimization/rejection and any proposed real estate sales or financings (except for PPAs as described below).

- 4 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

b.     Monitor and advise the TCC and, as directed by counsel, outreach to the California Public Utilities Commission with respect to resolution of tort claims, confirmation of a plan and other related matters.

c.     Monitor and advise the TCC and, as directed by counsel, outreach to the California legislature and the California Governor's office with respect to resolution of tort claims, confirmation of a plan and other related matters.

d.     Monitor and advise the TCC regarding institutional shareholders, corporate governance, shareholder votes and proxy contests, and potential changes in the composition or direction of PG&E Corporation's Board of Directors or senior executives.

e.     Collaborate with Lincoln as requested with operations, rate base, and regulatory considerations.

f.     Collaborate with Lincoln as requested with analysis of power purchase agreements.

g.     Collaborate with Lincoln as requested with Wildfire Mitigation.

**C.**     **Dundon's Disinterestedness**

10.     To the best of the TCC's knowledge, information and belief, based on and except as otherwise set forth in the annexed Dundon Declaration, neither Dundon nor its professionals have any connection with or represent any other entity having an adverse interest to the Debtors, their creditors or any other party in interest, or their respective attorneys or accountants. The Dundon Declaration also sets forth, pursuant to Bankruptcy Rule 2014(a), to the best of Mr. Dundon's knowledge, all of Dundon's connections with the Debtors' known creditors, other known parties in interest and their respective attorneys and accountants and any other person employed in the San Francisco Office of the United States Trustee for Region 17. Based upon the Dundon Declaration, Dundon is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

11.     The TCC has been informed that Dundon conducted a review of its files which concluded no disqualifying conditions exist.

12.     The TCC believes that the employment of Dundon as financial advisor on the terms set forth in this Application is appropriate and in the best interests of the tort victim creditor body that the TCC represents. The TCC has reviewed the Dundon Declaration including the description of Dundon's connections with parties in interest and/or potential parties in interest, and has no

objection to any matter set forth therein. The TCC thus seeks an order approving Dundon's engagement by the TCC on the terms set forth in this Application and the Engagement Letter.

**D.      Effective Date of Retention**

13.      The TCC requests that Dundon's retention be approved effective as of March 1, 2019, the date Dundon was selected by the TCC as its financial advisor and began substantive work on the TCC's behalf. The TCC believes retention effective as of March 1, 2019 is appropriate in view of the nature of these Cases and the TCC's immediate needs for the assistance of a financial advisor.

**E.      Compensation of Dundon**

14.      Dundon intends to apply to the Court for payment of compensation and reimbursement of expenses in a single application that accords with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines promulgated by the Office of the United States Trustee, and pursuant to the order entered by this Court on February 28, 2019 establishing the procedures for interim compensation and reimbursement of expenses of professionals [Doc. No. 701] and any additional procedures that may be established by the Court in these Cases.

15.      Subject to the Court's approval, Dundon will be compensated for fees in the amount of $155,164, plus reimbursement of the actual and necessary expenses that Dundon incurred in accordance with the ordinary and customary rates which were in effect on the date the services were rendered. The amount of fees Dundon will seek represents a discount of Dundon's standard hourly rates, which are based on its professionals' level of experience. The standard hourly rates for Dundon's staff are as follows:

| Dundon Professionals | Standard Hourly Rate |
|---|---|
| Alex Mazier | $600 |
| John Roussey | $550 |
| Laurence Pelosi | $630 |
| Matthew Dundon | $630 |

16.      Dundon will maintain detailed, contemporaneous records of time and any necessary costs and expenses incurred in connection with the rendering of its services as described above

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

- 6 -

and will be reimbursed for such costs and expenses in conformity with the Guidelines promulgated by the United States Trustee as in effect in this District.

## **Basis for Relief**

17. The TCC respectfully requests that the Court authorize the retention and employment of Dundon as its financial advisor, *nunc pro tunc* for the period March 1, 2019 through and including April 29, 2019, pursuant to section 1103(a) of the Bankruptcy Code, which provides that a committee appointed under section 1102 of the Bankruptcy Code:

> [M]ay select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).

18. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

19. The TCC submits that for all the reasons stated above and based upon the Dundon Declaration, the retention of Dundon as financial advisor to the TCC is merited. Further, as stated in the Dundon Declaration, Dundon is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors or their related parties except as may be disclosed in the Dundon Declaration. Accordingly, the retention of Dundon as financial advisor to the TCC should be approved.

## **Notice**

20. Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Debtors; (iv) the Securities and Exchange

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

### **No Prior Request**

21.     No previous request for the relief sought herein has been made to this or any other court.

### **Reservation of Rights**

22.     The TCC respectfully reserves the right to file a brief and memorandum of law in response to any objection to this Application.

*[remainder of page intentionally left blank]*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

Case: 19-30088     Doc# 3667     Filed: 08/22/19     Entered: 08/22/19 18:10:14     Page 8 of 9

WHEREFORE, the TCC respectfully requests that this Court enter an order, in the form attached hereto as **Exhibit A**, (a) authorizing the TCC to retain Dundon *nunc pro tunc* from March 1, 2019 to and including April 29, 2019; and (b) granting such other and further relief as is just and proper.

Dated: August 17, 2019

OFFICIAL COMMITTEE OF TORT CLAIMANTS OF PG&E CORPORATION AND PACIFIC GAS AND ELECTRIC COMPANY

By: _____
Name: Karen M. Lockhart
Title:   Chair of the Official Committee of Tort Claimants

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA