Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone: 628.208.6434
Facsimile: 310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel to the Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** <br> **PG&E CORPORATION** <br> -and- <br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br> Debtors. <br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ■ Affects both Debtors <br> *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br> (Lead Case) <br> (Jointly Administered) <br><br> **STATEMENT OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS REGARDING AUGUST 27, 2019 STATUS CONFERENCE ON ESTIMATION** <br><br> Date: August 27, 2019 <br> Time: 9:30 a.m. (Pacific Time) <br> Place: United States Bankruptcy Court <br> Courtroom 17, 16th Floor <br> San Francisco, CA 94102 |

The Official Committee of Tort Claimants (the "**TCC**") respectfully submits this Statement with respect to the August 27, 2019 Status Conference in this case. The TCC has the same principal goals for estimation as the TCC described in its August 7, 2019, estimation brief: (1) streamline estimation to the greatest extent possible; and, (2) in order to evaluate how to streamline the proceedings, the TCC needs the Debtors to inform the Court and the TCC the legal and factual bases for contesting the Debtors' liability for the fires. The Debtors have agreed their equipment caused the fires, but have not identified the legal and factual bases for denying liability for the fires they caused.

The TCC's goals remain the same, first, to obtain the Debtors' explanation of their legal and factual bases for denying they are liable for the fires they admit their equipment caused. Second, with that explanation in hand, the TCC would be able to evaluate procedures for estimation. Additionally, and just as important, with the Debtors' identification of the bases for their denial of liability, the parties and the Court would be able to determine the scope of discovery of the liability issues the Debtors identify, and the length of time for that discovery. That identification is fundamental under the standards of Rule 7026 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") and Rule 26 of the Federal Rules of Civil Procedure, made applicable to the estimation proceeding by Bankruptcy Rule 9014, so that the parties and the Court can determine the scope and timing of discovery.

The Debtors' identification is especially appropriate in this case, given the controlling authority that the Debtors' admission that their equipment caused the fires, as set forth in the Cal Fire reports (that identify PG&E's violations of law), places the burden on the Debtors to explain and prove they were not liable for the fires, and hence should be disclosing the factual and legal bases for denying their liability. *See*, *e.g., Scally v Pac. Gas & Elec. Co.*, 23 Cal. App. 3d 806, 820-21 (1972) (holding that a fire started by a tree branch falling on PG&E uninsulated lines establishes PG&E's liability under doctrine of *res ipsa loquitor* as a matter of law); *Mata v. Pac. Gas & Elec. Co.,* 224 Cal. App. 4th 309, 313 (2014), *as modified on denial of reh'g* (Mar. 26, 2014) (holding that if PG&E had violated a law then it would have been liable for negligence *per se*).

In an August 22, 2019 letter, the Debtors proposed an estimation process that is antithetical to Bankruptcy Rule 7026's early identification of liability legal and factual bases, and the legal consequences of their admission that their equipment caused the fires. The Debtors' letter proposed that just prior to the estimation hearings, the TCC would file an opening brief identifying the legal and factual liability issues to be tried, the Debtors would respond, and the TCC would put on its estimation case first. There are several infirmities in that plan, but two are most glaring. First, the Debtors should today explain the legal and factual bases for trying to evade liability for the fires after admitting the Debtors caused the fires. The TCC should not have to wait until the estimation hearings to receive that most fundamental explanation that shapes preparation for the hearings. Second, prior to the pretrial conference, the TCC requests the Court determine whether PG&E's admission that it caused the fires as described in the Cal Fire reports shifts the burden of disproving liability to the Debtors under the controlling case authority for the application of *res ipsa loquitor* and negligence *per se* in this case. That ruling would decide which party would present its estimation evidence first at the estimation hearings.

In furtherance of these goals, the TCC requests the Court to order the following case management orders:

1. Order the Debtors to explain the legal and factual bases for denying liability for the fires that the Debtors admit they caused within two weeks of the August 27, 2019 status conference. A copy of the TCC's August 22, 2019 letter and interrogatory request for that information is attached hereto as Exhibit A.

2. Order the parties to appear at a status conference one week after serving their interrogatory responses for the purpose of (i) determining whether the Debtors have identified the issues fully, (ii) scheduling briefing on the application of *res ipsa loquitor* and negligence *per se* in order for the Court to determine the burden of proof at the hearings, and thereby narrow the hearings by such a ruling, and (iii) scheduling a Pretrial Conference for the estimation hearings. The TCC believes those determinations are within this Court's jurisdiction in aid of preparing the issues for estimation prior to the Pretrial Conference. In connection with the Pretrial Conference, the Court and the parties will have an opportunity, based on the rulings the Court has made through that date,

- 3 -

to shape and narrow the estimation proceedings, including consent to core jurisdiction if appropriate, considering the extent to which the case has been shaped and narrowed at the time.

3. Order the Debtors to commence production of documents that support their denial of liability for the Tubbs, Camp, Atlas, Nuns and Redwood fires immediately (and the other fires thereafter) and produce the select documents described in the TCC's letter request to the Debtors, that the TCC will produce at the status conference, so the TCC may commence fundamental preparation for the estimation hearings.

4. Order the Debtors, the Official Committee of Unsecured Creditors, the Ad Hoc Group of Subrogation Claim Holders and the TCC to submit an agreed set of mediators, including at least one former bankruptcy judge or specialist, to the Court one week in advance of the next status conference for consideration as mediators in this case.

Dated: August 23, 2019

Respectfully Submitted,

BAKER & HOSTETLER LLP

By: */s/ Robert A. Julian*
　　　Robert A. Julian

*Counsel to the Official Committee of Tort Claimants*

- 4 -