Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone: 628.208.6434
Facsimile: 310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>　　　　　　　　　　Debtors.<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM) | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**REPLY IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002 TO RETAIN AND EMPLOY TRIDENT DMG LLC AS COMMUNICATIONS CONSULTANT EFFECTIVE AS OF JULY 18, 2019**<br><br>Date: August 27, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>　　　　Courtroom 17, 16th Floor<br>　　　　San Francisco, CA 94102 |

The Official Committee of Tort Claimants (the "**TCC**") for its Reply in support of its Application of The Official Committee of Tort Claimants Pursuant to 11 U.S.C. § 1103 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Trident DMG LLC as Communications Consultant Effective as of July 18, 2019 (Dkt. No. 3224) (the "**Application**"), and in response to the Debtors' Objection to the retention of Trident[1] (Dkt. No. 3610) (the "**Objection**"),[2] respectfully states as follows:

In the Objection, the Debtors oppose the TCC's proposed retention of Trident based on the scope of services Trident has agreed to perform and the terms of the indemnity in Trident's Engagement Letter with the TCC. However, as explained below, Trident proposes to provide non-duplicative services crucial to enabling the TCC to effectively communicate with the tort claimants in these Cases. In addition, the terms of the indemnity sought by Trident are nearly identical to those terms previously approved by the Court for other professionals in these Cases. Therefore, the Debtor's Objection lacks merit and should be overruled.

The Debtors first argue that the TCC should not be permitted to retain Trident because its services are unnecessary or could be performed by the TCC's existing professionals. This argument fails for several reasons. As explained in the Application, the TCC has a unique role in the Cases. It has been tasked with representing a large and dispersed group of claimants, many of which have lost their loved ones and homes due to the wildfires caused by the Debtors. Most of these claimants are also unfamiliar with how a corporate bankruptcy works, including the claims process. Therefore, tort claimants will likely require greater explanation and guidance beyond the resources already available to them so that they may better understand what is occurring in the Cases and take necessary steps to preserve their rights. To effectively communicate with this uniquely-situated group, the TCC has engaged Trident, a full-service communications and consulting firm with specialized expertise in developing, executing, and managing communications strategies in the

---

[1] Capitalized terms used but not defined in this Reply shall have the meanings ascribed to such terms in the Application.
[2] In the Application, the TCC reserved the right to file a brief and memorandum of law in response to any objection to this Application. Application at 9. This Reply is filed in accordance therewith.

mass tort and bankruptcy contexts. The TCC's existing professionals do not possess this same skillset nor have they been retained to provide similar communication-related services.

As also discussed in the Application, Trident will not be hosting a separate website, nor will it perform other functions, such as claims processing, balloting and noticing services, that Epiq and Primeclerk are already providing. And to ensure that the Trident's services do not overlap with those of Epiq, Primeclerk, and the TCC's professionals, the TCC will closely monitor the activities of Trident and its other professionals to avoid the duplication of work. Moreover, Trident's future applications for the payment of professional fees and reimbursement of expenses will also be subject to the scrutiny of the fee examiner appointed by this Court. To the extent an issue regarding duplication ever arises, it may be addressed by the fee examiner at the appropriate time. As compared to the quantum of fees sought by other professionals in these Cases, Trident seeks a relatively modest fee: a $45,000 initial monthly fee and monthly fees of $35,000 for subsequent months. This amount is very reasonable considering the size and scope of these Cases and the number of tort claimants with whom Trident will be tasked with communicating.

Second, the Debtors contend without any support that the indemnity in Trident's Engagement Letter is inappropriately broad. This position lacks merit. The Application seeks the Court's authorization for the Debtors to indemnify and hold Trident harmless, but not for claims or expenses arising from Trident's bad faith, willful misconduct, gross negligence, or negligence. In these Cases, the Court has approved the indemnification of the Debtors' and TCC's professionals on very similar terms.[3]

---

[3] *See e.g.,* Order Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Retain and Employ KPMG LLP as Information Technology, Risk, and Forensic Technology Consultants to the Debtors Nunc Pro Tunc to Petition Date (Dkt No. 2503); Order Approving the Application of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. § 1103 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Lincoln Partners Advisors LLC as a Financial Adviser Effective as of March 1, 2019 (Dkt. No. 1976).

**WHEREFORE**, for the reasons stated above and in the Application, the TCC respectfully requests that this Court enter an order, in the form attached to the Application as **Exhibit A**, (a) authorizing the retention of Trident effective as of July 18, 2019; and (b) granting such other and further relief as is just and proper.

Dated: August 23, 2019

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Robert A. Julian*
     Robert A. Julian

*Counsel for Official Committee of Tort Claimants*