WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

Keller & Benvenutti LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors*
*and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case,*<br>*No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**STATEMENT OF THE DEBTORS IN ADVANCE OF THE AUGUST 27, 2019 STATUS CONFERENCE ON ESTIMATION** |

Pacific Gas and Electric Company and PG&E Corporation (collectively, the "**Debtors**") submit this Statement of the Debtors in Advance of the August 27, 2019 Status Conference on Estimation (the "**Statement**"). On August 23, 2019, the Official Committee of Tort Claimants (the "**TCC**") submitted a Statement Regarding August 27, 2019 Status Conference on Estimation (Dkt. No. 3672) (the "**TCC's Statement**"). The TCC's Statement referenced the Debtors' proposed plan for estimation, as set forth in an August 22, 2019 letter to the TCC, but did not attach that letter. In addition, the TCC's Statement took the position that the TCC will not engage in discussions regarding a schedule for estimation prior to receiving "the Debtors' explanation of their legal and factual bases for denying they are liable for the fires they admit their equipment caused". (TCC's Statement at 2.) In response to the TCC's Statement and in advance of the August 27 hearing, the Debtors wish to provide the Court with the Debtors' August 22, 2019 letter detailing the Debtors' proposed estimation process and the Debtors' August 24, 2019 letter responding to the position taken in the TCC's Statement as well as the TCC's First Set of Interrogatories to the Debtors. The Debtors' August 22, 2019 letter is annexed as Attachment A to this Statement. The Debtors' August 24, 2019 letter is annexed as Attachment B to this Statement.[1]

---

[1] Confidential FTP site information is redacted in the copy of the August 24, 2019 letter annexed as Attachment B to this Statement.

Dated: August 25, 2019

**WEIL, GOTSHAL & MANGES LLP**
**CRAVATH, SWAINE & MOORE LLP**
**KELLER & BENVENUTTI LLP**


_____/s/_Kevin J. Orsini_____

**Kevin J. Orsini**


*Attorneys for Debtors and Debtors in Possession*

# ATTACHMENT A

# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1596

WRITER'S EMAIL ADDRESS
korsini@cravath.com

JOHN W. WHITE
EVAN R. CHESLER
RICHARD W. CLARY
STEPHEN L. GORDON
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK

THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. McATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK

ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ

JONATHAN J. KATZ
MARGARET SEGALL D'AMICO
RORY A. LERARIS
KARA L. MUNGOVAN
NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN

SPECIAL COUNSEL
SAMUEL C. BUTLER

OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY

August 22, 2019

<u>PG&E Chapter 11 Proceedings, No. 19-30088 N.D. Cal.</u>

Dear Counsel,

  I write in connection with the Court's instructions at the August 14, 2019, hearing that the parties meet and confer regarding the structure of estimation proceedings.

  As the Court noted during the hearing, the structure of the estimation hearing is entirely within the Court's discretion. As you will see below, we have proposed an approach that focuses on the fires that together likely account for over 90% of the asserted damages and that provide the stakeholders sufficient time to present evidence concerning liability and damages issues while also accounting for the abbreviated nature of estimation proceedings under Section 502(c).

  We look forward to discussing this proposal in advance of next Tuesday's status conference.

  *First*, the Debtors continue to believe that the threshold legal issue of inverse condemnation should be addressed and resolved as a discrete legal question as soon as practicable. While we also continue to believe that this issue can be addressed in advance of the bar date, we are cognizant of the TCC's objections to this approach and the Court's recent observations on that issue. Accordingly, we have revised our original schedule and propose that the Debtors submit their pleadings on this issue by October 14, 2019 (one week prior to the October 21 bar date), with all oppositions be filed by November 11, 2019 (three weeks after the bar date), and any replies be submitted by November 18, 2019, with a hearing scheduled shortly thereafter.

  *Second*, as Mr. Pitre noted at the August 14 hearing, a small number of fires account for the overwhelming majority of alleged damages. (*See* Hr'g Tr. Aug. 14, 2019 at 226:9-14 ("Break the twenty-two fires down, they break down to five fires that

make up ninety-two percent of all of the total damages.").) As you know, in an effort to facilitate the estimation process, Debtors have agreed not to contest causation with respect to any of the 2017 or 2018 Wildfires except for the Tubbs fire. (Dkt. No. 3091 at 4.) As a result, the issues that remain for estimation with regard to the non-Tubbs wildfires are: (1) the question of the Debtors' legal liability (under inverse, negligence, etc.); and (2) the total estimated recoverable losses per fire.

With the foregoing in mind, the Debtors propose that the estimation proceedings, following the initial phase addressing inverse condemnation, be divided between liability issues and damages. With respect to liability issues, the Debtors propose a series of successive evidentiary hearings on the following large wildfires: (1) Atlas; (2) Redwood; (3) Nuns; (4) Sulphur; (5) Cascade; and (6) Camp.[1] Those evidentiary hearings would all proceed in succession, before the damages phase commences, at which time the losses associated with all of the fires could be addressed. Proceeding in that way will streamline the process.

We believe that with respect to those six fires, it would be appropriate for the representatives of the wildfire claimants (through the TCC and the Ad Hoc Subrogation Group) to provide opening briefs, identifying in advance of the hearings the legal and factual issues relating to liability that they believe are in dispute. The Debtors will then respond, identifying any other issues and signaling their agreement or disagreement with the claimants' submission. At the same time, the Debtors and the stakeholders can work together to stipulate to as many legal and factual issues as possible. In that way, the issues actually to be addressed at the evidentiary hearings on liability will be as narrowed and focused as possible.

With respect to the liability-related evidentiary hearing for each of the six wildfires identified above, we believe that the wildfire claimants should present evidence first, with the witnesses subject to cross-examination by the Debtors and other participating parties, consistent with the order of proceedings in a regular trial. Once the claimants have presented their evidence, the Debtors will present their witnesses, subject to cross-examination by the wildfire claimants. The Debtors propose that each side be limited to no more than 5 witnesses (fact or expert) on liability issues per wildfire and that the Court employ a "chess clock" approach to time allocation for the duration of the liability phase of the estimation hearings. In total, the Debtors estimate that the parties can address the legal liability issues with respect to these six fires in no more than four weeks of hearings. Once those hearings are complete, the Debtors propose post-hearing

---

[1] While Mr. Pitre focused on five fires during the August 14 hearing, we believe the size of these six fires along with the unique facts of Sulphur (involving an alleged pole failure) and Cascade (involving an alleged line slap) require addressing all six as part of the liability evidentiary hearings.

briefing and argument on liability issues.[2]  We propose closing arguments on liability issues for all fires, after the post-hearing briefing has been completed.

Separately, given the number of wildfires at issue and the limited time available to resolve all estimation issues, we propose that any liability issues with respect to the wildfires not listed above (other than Tubbs) be addressed in the post-hearing briefing, and that all evidence concerning those fires be submitted in written form.

The Debtors expect the damages phase will involve exclusively expert testimony.  To assist the Court and ensure maximum efficiency, the Debtors propose that each stakeholder that wishes to be heard on the estimation of total damages file a pre-hearing brief addressing, for all fires, the following:  (1)  categories of damages sought (*e.g.*, property damage, physical injury, etc.); (2) identification of the parties/claimants seeking each category of damages; (3) legal theories/causes of action under which claimants are seeking recovery for each category of damages; (4) methodologies employed in calculating each category of damages; (5) identification of expert(s) upon whom claimants rely upon for the calculation of each category of damages; and (6) any related legal issues that further require this Court's determination.  The submission of evidence on behalf of the wildfire claimants should be coordinated through a single filing made by the TCC.[3]  The Debtors will respond to these submissions, indicating its position on the damages sought and identifying the methodologies employed in calculating each category of damages, the expert(s) upon whom the Debtors rely upon for the calculation of each category of damages, and any related legal issues that further require this Court's determination.

During the damages phase of the hearing—which we propose last no more than two weeks and also be subject to a chess clock—the Debtors submit that the order of the parties presenting witnesses should be determined by the total proposed damages estimate across all fires, based on the pre-hearing filings, with the party proposing the largest number going first and the remaining parties/Debtors proceeding in descending order.  The Debtors propose that no rebuttal evidence be presented by any of the parties after the Debtors' presentation.  We also suggest post-hearing briefing and argument on the damages issues.

---

[2] Once a verdict with respect to the Tubbs fire has been rendered in the state court proceeding, the Tubbs fire will need to be incorporated into the estimation process.  The parties should meet and confer at a subsequent date to discuss how and when that process should occur once we have more visibility into the schedule and structure for the state court Tubbs trial.

[3] In other words, it would be inefficient for the Court and the parties for multiple individual wildfire claimants to file overlapping briefs on liability issues.  Instead, a single brief on behalf of the TCC should address all the issues presented by the individual claimants.

Finally, we believe that the outcome of the estimation hearings will require the Court to estimate at least four different figures, consisting of the aggregate amounts required to fund a resolution of the following categories of claims: (1) personal injury tort claims; (2) all other individual claims; (3) the subrogation claims; and (4) the claims of any public entities who have not reached a settlement with the Debtors.

This proposal is subject to any modifications in light of the recommendation for withdrawal of reference of the bankruptcy proceeding (in part) entered by Judge Montali last night (August 21, 2019).

We are available to meet and confer by telephone with respect to these issues the remainder of the week.

Regards,

/s/ *Kevin J. Orsini*
Kevin J. Orsini

Robert A. Julian, Esq.
Cecily Dumas, Esq.
    Baker Hostetler
        11601 Wilshire Boulevard, Suite 1400
            Los Angeles, CA 90025

Copy to (via email):

Matthew A. Feldman, Esq.
Benjamin P. McCallan, Esq.
    Wilkie Farr & Gallagher LLP
        787 Seventh Ave.
            Washington, DC 20006

Andrew LeBlanc, Esq.
Gregory A. Bray, Esq.
Samir Vora, Esq.
    Milbank LLP
        1850 K Street, NW, Suite 1100
            Washington, DC 20006

        2029 Century Park East, 33rd Floor
            Los Angeles, CA 90067

Bruce S. Bennett, Esq.
Joshua M. Mester, Esq.
James O. Johnston, Esq.
    Jones Day
        555 South Flower Street, Fiftieth Floor
            Los Angeles, CA 90071

Michael S. Stamer, Esq.
Ira S. Dizengoff, Esq.
David H. Botter, Esq.
Abid Qureshi, Esq.
Ashley Vinson Crawford, Esq.
    Akin Gump Strauss Hauer & Feld LLP
        One Bryant Park
            New York, NY 10036

        580 California Street, Suite 1500
            San Francisco, CA 94104

Stephen Karotkin, Esq.
Jessica Liou, Esq.
    Weil, Gotshal & Manges LLP
        767 Fifth Ave.
            New York, NY 10153

Paul J. Pascuzzi, Esq.
    Felderstein, Fitzgerald, Willoughby & Pascuzzi LLP
        500 Capitol Mall, Suite 2250
           Sacramento, CA 95819

Michael A. Kelly, Esq.
    Walkup, Melodia, Kelly & Schoenberger
        650 California Street, 26th Floor
           San Francisco, CA 94108

Frank Pitre, Esq.
    Cotchett, Pitre & McCarthy, LLP
        840 Malcolm Road, Suite 200
           Burlingame, CA 94010

Steven M. Campora, Esq.
    Dreyer Babich Buccola Wood Campora, LLP
        20 Bicentennial Cir.
           Sacramento, CA 95826

Alan W. Kornberg, Esq.
    Paul, Weiss, Rifkind, Wharton & Garrison LLP
        1285 Avenue of the Americas
           New York, NY 10019

**ATTACHMENT B**

CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1596

WRITER'S EMAIL ADDRESS
korsini@cravath.com

JOHN W. WHITE
EVAN R. CHESLER
RICHARD W. CLARY
STEPHEN L. GORDON
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK

THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK

ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ

JONATHAN J. KATZ
MARGARET SEGALL D'AMICO
RORY A. LERARIS
KARA L. MUNGOVAN
NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN

SPECIAL COUNSEL
SAMUEL C. BUTLER

OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY

August 24, 2019

<u>PG&E Chapter 11 Proceedings, No. 19-30088 N.D. Cal.</u>

Dear Counsel,

I write in response to the TCC's August 22, 2019, letter attaching the TCC's First Set of Interrogatories to the Debtors and the TCC's Statement Regarding August 27, 2019 Status Conference on Estimation (the "August 23 Statement") that you filed with the Court yesterday.[1]

*First*, as you well know, the parties cannot continue to delay proceeding with an estimation process. It is imperative that the parties determine the structure and schedule of that process as soon as practicable. We have set forth a detailed proposal about how we think the process should work, how long it should take, on which fires we should focus and how many witnesses might be required. To date, neither the TCC nor any other stakeholder has offered an alternative approach. Nor have you even suggested why you might believe our approach is inefficient or could be improved upon. It is easy to say this case is complicated. But that does not justify failing to take a position and engaging in a constructive dialogue to move the process forward for the benefit of all

---

[1] In its August 20, 2019 Order Regarding Further Hearings On Estimation And Other Case Scheduling Matters (the "Order"), the Court instructed the parties to meet and confer and undertake "a full discussion among counsel as to what discovery will be necessary, and what is the timeframe, preparatory to the scheduling of the final estimation proceedings". (Order at 3-8:10, 5:6-9.) In flagrant disregard of the Court's Order, and less than one day after sending its August 22 letter, the TCC filed its August 23 Statement without any attempt to meet and confer. We nevertheless remain willing and able to meet and confer with respect to the issues set forth in the Court's Order and the August 23 Statement at any time prior to the August 27th conference.

stakeholders. We remain available to meet and confer regarding these critical issues at your convenience.

*Second*, the TCC's position that it cannot engage in discussions about how to structure an estimation process until it knows more about the disputed issues is specious. These are the TCC's claims. The TCC is asserting the Debtors are liable under various state common law and statutory provisions. The claimants, including the tort lawyers who litigated these cases for years, obviously understand what the elements of those claims are. They understand what proof is required, at least in a state court trial. We have stated we will not challenge causation for the purpose of estimation with respect to any trials other than Tubbs. Everything else is disputed.

For example, the TCC is well aware of the Debtors' theory on inverse condemnation being inapplicable to investor-owned utilities. The Court has indicated that it will resolve that issue. (*See* Order Regarding Further Hearings on Estimation Motion and Other Case Scheduling Matters at 4:13-19.) The TCC also knows that a key issue in pursuing an inverse condemnation claim is proving that any PG&E power line that may have started a fire was designed, constructed and operated for a public—rather than private—use. *See Cantu v. Pac. Gas & Elec. Co.*, 189 Cal. App. 3d 160 (1987). (Opp. of the Official Committee of Tort Claimants to the Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 502(c) For The Establishment of Wildfire Claims Estimation Procedures, App. B at 3.) This will be an issue that the parties will need to address for at least the Adobe, Cascade, Cherokee, Honey, La Porte, Lobo, Nuns, Oakmont, Partrick and Point fires.

The TCC has expressed apparent confusion with respect to the intersection between causation and liability as to negligence claims. But the Debtors' position is clear. Even if the Debtors do not contest (for purposes of estimation) that their equipment *caused* a particular wildfire, the Debtors do not concede that any negligence on their part contributed to the cause. For example, the Debtors do not contest (for purposes of estimation) that the Redwood fire ignited when excessive winds caused a large branch to break and fall into a PG&E conductor. The Debtors maintain, however, that the subject branch was healthy and well outside of the clearance zone required by state law, and that their vegetation management program adequately inspected and maintained the vegetation at issue. It will be the TCC's burden to prove otherwise.

To the extent the TCC believes that it can satisfy the wildfire claimants' burden of proof by demonstrating systemic deficiencies with the Debtors' overall maintenance programs (*e.g.*, vegetation management), that is incorrect. The relevant inquiry for purposes of the Debtors' liability is whether any alleged deficiencies in their programs can actually be linked to a particular wildfire ignition. As the Court of Appeal concluded in the *Butte* litigation, a plaintiff must demonstrate that the Debtors' alleged negligence contributed to the wildfire. (*See Pac. Gas & Elec. Co. v. Superior Court*, 24 Cal. App. 5th 1150, 1167 (2018) ("Plaintiffs also submitted expert opinion evidence that the audits performed by the quality assurance department and quality control program were scientifically unreliable. . . . There was, however, no showing that PG&E's audit

methodology contributed to the Butte fire.").) The fact that a particular branch may have hit a particular line and started a particular fire does not establish negligence. Nor do generalized complaints about the Debtors' vegetation management program. Instead, the claimants will have to establish at estimation that they have a likelihood of success on a claim that alleged failures of PG&E's systems and practices contributed to the failure of a specific limb or tree, and that such failures resulted in a violation of the standard of care.

Finally, citing to California state law doctrines of *res ipsa loquitur* and negligence *per se*, you state that "Debtors' admission that their equipment caused the fires . . . places the burden on the Debtors to explain and prove they were not liable for the fires", (August 23 Statement at 2.) This statement mischaracterizes the Debtors' position and is wrong as a matter of law. The Debtors have *not* admitted that their equipment caused any of the wildfires at issue in this case. Rather, in an effort to facilitate the estimation process and ensure maximum efficiency, the Debtors have merely agreed not to contest causation (except with respect to the Tubbs fire) for purposes of the estimation process. As the Court has stated repeatedly and you are well aware,[2] estimation of claims under Bankruptcy Code Section 502(c) is unique to the bankruptcy process, and the Debtors' agreement was expressly limited to that specific context and that specific purpose.

Further, even if the Debtors had conceded causation for any purposes other than Section 502(c) estimation proceedings (which they did not), it is not the case that the burden of proof would shift to the Debtors. As the Court made clear in *Howe v. Seven Forty Two Co.*, 189 Cal. App. 4th 1155, 1162-63 (2010), *res ipsa loquitur* is a rebuttable presumption that shifts the burden of *production* "when the predicate facts are established to give rise to the presumption"; it does not affect the burden of proof, which remains with the plaintiff. Likewise, in *Mata v. Pac. Gas & Elec. Co.*, the court merely states that the doctrine of negligence *per se* may apply under certain circumstances where a defendant has been shown to have violated the law. 224 Cal. App. 4th 309 (2014), *as modified on denial of reh'g* (Mar. 26, 2014). But the Debtors have not admitted to violating any law with respect to any of the relevant wildfires (even for purposes of estimation).

*Third,* the urgent task at hand is establishing an appropriate *schedule* for the estimation proceedings that the Court and all stakeholders (including the TCC) agree needs to occur to successfully resolve these Chapter 11 cases. Since, however, the TCC seems to believe that it needs to understand the Debtors' factual and legal positions prior to the commencement of discovery or setting a schedule for the estimation process, we refer you to the documents set forth in Appendix A. Appendix A includes:

---

[2] *See, e.g.*, Hr'g Tr. Aug. 14, 2019 at 106:11-16 ("Court: But in a – in some of the large cases that you or your colleagues have been involved, there's no counterpart. 502(c) exists all by itself in the bankruptcy world, right? Mr. Pitre: There's no counterpart -- Court: Yeah.").

- Almost 300 pages of detailed factual reports about each of the 2017 and 2018 wildfires in dispute, setting forth the Debtors' position with respect to each wildfire ignition as well as a detailed timeline of all prior inspections and patrols of the particular area at issue (*e.g.*, vegetation management inspections, overhead patrols). The Debtors also indicate for each inspection whether the subject vegetation or equipment required any maintenance (*e.g.*, pruning vegetation or electrical equipment repair).[3]

- The Debtors' responses to more than 800 interrogatories (both form and special interrogatories) in the 2017 Wildfires state court coordinated proceeding. These interrogatory responses explicitly address the general facts and theories underlying the Debtors' defenses, including any witnesses or documents that Debtors may use in support of those defenses. For example, the Debtors set forth in detail the facts and documents that support their defense that "any nuisance or trespass on land were unintentional and non-negligent". (Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Two, Related to Atlas Fire No. 25 ("PG&E routinely inspects and monitors every mile of its approximate 100,000 miles of PG&E overhead electric and transmission line each year . . . .").)

We have placed all of the documents set forth on Appendix A on an FTP with the following credentials:

- Globalscape URL: ███████████████
- Username: ███████████████
- Password: ████████

Please do not hesitate to reach out if you have any questions.

---

[3] These reports reference a significant volume of data, documents and testimony. In preparing these reports, the Debtors gathered information from at least the following sources: (1) formal third-party witness discovery in the 2017 Wildfires litigation (including, for example, third party depositions); (2) materials identified in the Debtors' files as part of their ongoing investigations or response to litigation discovery requests; and (3) information that the Debtors have obtained from discussions with their own employees.

Regards,

/s/ *Kevin J. Orsini*
Kevin J. Orsini

Robert A. Julian, Esq.
Cecily Dumas, Esq.
  Baker Hostetler
    11601 Wilshire Boulevard, Suite 1400
      Los Angeles, CA 90025

Copy to (via email):

Matthew A. Feldman, Esq.
Benjamin P. McCallan, Esq.
  Wilkie Farr & Gallagher LLP
    787 Seventh Ave.
      Washington, DC 20006

Andrew LeBlanc, Esq.
Samir Vora, Esq.
  Milbank LLP
    1850 K Street, NW, Suite 1100
      Washington, DC 20006

Stephen Karotkin, Esq.
Jessica Liou, Esq.
  Weil, Gotshal & Manges LLP
    767 Fifth Ave.
      New York, NY 10153

Paul J. Pascuzzi, Esq.
  Felderstein, Fitzgerald, Willoughby & Pascuzzi LLP
    500 Capitol Mall, Suite 2250
      Sacramento, CA 95819

Michael A. Kelly, Esq.
  Walkup, Melodia, Kelly & Schoenberger
    650 California Street, 26th Floor
      San Francisco, CA 94108

Frank Pitre, Esq.
  Cotchett, Pitre & McCarthy, LLP
    840 Malcolm Road, Suite 200
      Burlingame, CA 94010

Steven M. Campora, Esq.
Dreyer Babich Buccola Wood Campora, LLP
20 Bicentennial Cir.
Sacramento, CA 95826

# Appendix A

## I. Fact Summaries & Supplemental Fact Summaries

| Fire | Docket # | Date | Description |
|------|----------|------|-------------|
| -- | 956-2 | 12/31/2018 | Glossary of Terms in Fact Summaries |
| -- | 956-3 | 12/31/2018 | Guide to Reviewing Fact Summaries |
| 37 | 956-53 | 12/31/2018 | 37 Incident Description & Factual Summary |
| Adobe | 956-12 | 12/31/2018 | Adobe Incident Description & Factual Summary |
| | 956-31 | 12/31/2018 | Supplement to Adobe Incident Description & Factual Summary |
| Atlas | 956-13 | 12/31/2018 | Atlas Incident Description & Factual Summary |
| | 956-32 | 12/31/2018 | Supplement to Atlas Incident Description & Factual Summary |
| Blue | 956-33 | 12/31/2018 | Blue Incident Description & Factual Summary |
| Camp | 956-1 | 12/31/2018 | Camp Incident Description & Factual Summary |
| Cascade | 956-14 | 12/31/2018 | Cascade Incident Description & Factual Summary |
| | 956-34 | 12/31/2018 | Supplement to Cascade Incident Description & Factual Summary |
| Cherokee | 956-15 | 12/31/2018 | Cherokee Incident Description & Factual Summary |
| | 956-35 | 12/31/2018 | Supplement to Cherokee Incident Description & Factual Summary |
| Honey | 956-16 | 12/31/2018 | Honey Location Fact Report |
| | 956-36 | 12/31/2018 | Supplement to Honey Location Fact Report |
| LaPorte | 956-17 | 12/31/2018 | LaPorte Incident Description & Factual Summary |
| | 956-37 | 12/31/2018 | Supplement to LaPorte Incident Description & Factual Summary |

| Fire | Docket # | Date | Description |
|---|---|---|---|
| Lobo | 956-18 | 12/31/2018 | Lobo Incident Description & Factual Summary |
| | 956-38 | 12/31/2018 | Supplement to Lobo Incident Description & Factual Summary |
| Maacama | 956-19 | 12/31/2018 | Maacama Incident Description & Factual Summary |
| | 956-39 | 12/31/2018 | Supplement to Maacama Incident Description & Factual Summary |
| McCourtney | 956-20 | 12/31/2018 | Orion Way & McCourtney Road Incident Description & Factual Summary |
| | 956-40 | 12/31/2018 | Supplement to McCourtney Incident Description & Factual Summary |
| Norrbom | 956-21 | 12/31/2018 | Norrbom Incident Description & Factual Summary |
| | 956-41 | 12/31/2018 | Supplement to Norrbom Incident Description & Factual Summary |
| Nuns | 956-22 | 12/31/2018 | Nuns Incident Description & Factual Summary |
| | 956-42 | 12/31/2018 | Supplement to Nuns Incident Description & Factual Summary |
| Oakmont | 956-23 | 12/31/2018 | Oakmont Incident Description & Factual Summary |
| | 956-43 | 12/31/2018 | Supplement to Oakmont Incident Description & Factual Summary |
| Partrick | 956-24 | 12/31/2018 | Partrick Incident Description & Factual Summary |
| | 956-44 | 12/31/2018 | Supplement to Partrick Incident Description & Factual Summary |
| Pocket | 956-25 | 12/31/2018 | Pocket Incident Description & Factual Summary |
| | 956-45 | 12/31/2018 | Supplement to Pocket Incident Description & Factual Summary |
| Point | 956-26 | 12/31/2018 | Point Incident Description & Factual Summary |
| | 956-46 | 12/31/2018 | Supplement to Point Incident Description & Factual Summary |
| Potter | 956-27 | 12/31/2018 | Potter Valley Busch Rd. Incident Description & Factual Summary |
| | 956-47 | 12/31/2018 | Supplement to Potter Valley Busch Road Incident Description & Factual Summary |

| Fire | Docket # | Date | Description |
|---|---|---|---|
| Pressley | 956-48 | 12/31/2018 | Pressley Incident Description & Factual Summary |
| Redwood | 956-28 | 12/31/2018 | Redwood Location Fact Report |
| | 956-49 | 12/31/2018 | Supplement to Redwood Location Fact Report |
| Sullivan | 956-50 | 12/31/2018 | Sullivan Incident Description & Factual Summary |
| Sulphur | 956-29 | 12/31/2018 | Sulphur Incident Description & Factual Summary |
| | 956-51 | 12/31/2018 | Supplement to Sulphur Incident Description & Factual Summary |
| Tubbs | 956-30 | 12/31/2018 | Tubbs Incident Description & Factual Summary |
| | 956-52 | 12/31/2018 | Supplement to Tubbs Incident Description & Factual Summary |

## II.    Responses and Objections to Plaintiffs' Interrogatories

### *PG&E's Responses and Objections to Form Interrogatories*

| Set | Date | Description |
|---|---|---|
| 1 | 4/16/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to Plaintiffs' Form Interrogatories, Set One |
| 1 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Amended Responses and Objections to Plaintiffs' Form Interrogatories, Set One |
| 1 | 9/4/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses to Individual Plaintiffs' Form Interrogatories, Related to Sulphur Fire |
| 3 | 4/23/2018 | Pacific Gas and Electric Company and PG&E Corporation's Objections to All Plaintiffs' Form Interrogatories, Set Three, Form Interrogatory Numbers 14.1, 15.1 and 16.1 |
| 3 | 6/20/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Form Interrogatories, Set Three, Form Interrogatory Numbers 1.1, 4.1, 4.2, 12.1, 12.2, 12.3, 12.4, 12.5, 12.6, 12.7 and 14.2 |

| Set | Date | Description |
|---|---|---|
| 3 | 7/6/2018 | Pacific Gas and Electric Company and PG&E Corporation's Supplemental Responses and Objections to All Plaintiffs' Form Interrogatories, Set Three, Form Interrogatory Numbers 4.1, 12.2 |
| 3 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Form Interrogatories, Set Three, Form Interrogatory Numbers 14.1, 15.1 and 16.1 |
| 3 | 7/20/2018 | Pacific Gas and Electric Company and PG&E Corporation's Amended Responses and Objections to All Plaintiffs' Form Interrogatories, Set Three, Form Interrogatory Numbers 12.2, 12.3, 12.4, 12.5, 12.6 and 12.7 |
| 3 | 9/19/2018 | Pacific Gas and Electric Company and PG&E Corporation's Amended and Supplemental Response to All Plaintiffs' Form Interrogatory No. 4.1 |
| 6 | 12/14/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Form Interrogatories, Set Six, Related to Lobo Fire |
| 7 | 12/14/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Form Interrogatories, Set Seven, Related to McCourtney Fire |
| 8 | 12/14/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Form Interrogatories, Set Eight, Related to Redwood Fire |

*PG&E's Responses and Objections to Form Interrogatories 17.1*

| Set | Date | Description |
|---|---|---|
| 2 | 4/16/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to Plaintiffs' Form Interrogatories, Set Two, Related to Sullivan Fire |
| 2 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Amended Responses and Objections to Plaintiffs' Form Interrogatories, Set Two, Related to Sullivan |
| 4 | 9/12/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to Plaintiffs' Form Interrogatories, Set Four, Related to Sullivan Fire |
| 5 | 12/14/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to Plaintiffs' Form Interrogatories, Set Five, Related to Sullivan Fire |
| 5 | 1/28/2019 | Pacific Gas and Electric Company and PG&E Corporation's Amended Responses and Objections to Plaintiffs' Form Interrogatories, Set Five, Related to Sullivan Fire |

*PG&E's Responses and Objections to Special Interrogatories*

| Set | Date | Description |
|-----|------|-------------|
| 1 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set One, Related to Tubbs Fire |
| 2 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Two, Related to Atlas Fire |
| 3 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Three, Related to Cascade Fire |
| 4 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Four, Related to LaPorte Fire |
| 5 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Five, Related to Cherokee Fire |
| 6 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Six, Related to Honey Fire |
| 7 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Seven, Related to Lobo Fire |
| 8 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Eight, Related to Maacama Fire |
| 9 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Nine, Related to McCourtney Fire |
| 10 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Ten, Related to Nuns Fire |
| 11 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Eleven, Related to Pocket Fire |
| 12 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Twelve, Related to Point Fire |
| 13 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Thirteen, Related to Redwood Valley Complex Fire |

| Set | Date | Description |
|---|---|---|
| 14 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Fourteen, Related to Sulphur Fire |
| 15 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Fifteen, Related to Sullivan Fire |
| 16 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Sixteen, Related to 37 Fire |
| 17 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Seventeen, Related to Tubbs Fire |
| 18 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Eighteen, Related to Atlas Fire |
| 19 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Nineteen, Related to Cascade Fire |
| 20 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Twenty, Related to La Porte Fire |
| 21 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Twenty-One, Related to Cherokee Fire |
| 22 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Twenty-Two, Related to Lobo Fire |
| 23 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Twenty-Three, Related to McCourtney Fire |
| 24 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Twenty-Four, Related to Nuns Fire |
| 25 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Twenty-Five, Related to Pocket Fire |
| 26 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Twenty-Six, Related to Point Fire |
| 27 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Twenty-Seven, Related to Sulphur Fire |

| Set | Date | Description |
|-----|------|-------------|
| 28 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiff's Joint Special Interrogatories, Set Twenty-Eight, Related to Potter Valley Fire |
| 29 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiff's Joint Special Interrogatories, Set Twenty-Nine, Related to Adobe Fire |
| 30 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiff's Joint Special Interrogatories, Set Thirty, Related to Oakmont Fire |
| 31 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiff's Joint Special Interrogatories, Set Thirty-One, Related to Partrick Fire |
| 32 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses an Objections to All Plaintiff's Joint Special Interrogatories, Set Thirty-Two, Related to Norrbom Fire |
| 33 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiff's Joint Special Interrogatories, Set Thirty-Three, Related to All Fires |
| 34 | 8/10/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiff's Joint Special Interrogatories, Set 34, Related to the Tubbs Fire |
| 35 | 9/12/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiff's Joint Special Interrogatories, Set 35, Related to the Partrick Fire |
| 36 | 9/12/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiff's Joint Special Interrogatories, Set 36, Related to the Sullivan Fire |
| 36 | 12/14/2018 | Pacific Gas and Electric Company and PG&E Corporation's Amended Responses and Objections to All Plaintiff's Joint Special Interrogatories, Set 36, Related to the Sullivan Fire |
| 37 | 10/23/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiff's Joint Special interrogatories, Set 37 |
| 38 | 10/23/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiff's Joint Special Interrogatories, Set Thirty-Eight, Related to Sulphur Fire |
| 39 | 12/14/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to Subrogation Plaintiff's Special Interrogatories, Set 39, Related to the Sullivan Fire |
| 39 | 1/28/2019 | Pacific Gas and Electric Company and PG&E Corporation's Amended Responses and Objections to Subrogation Plaintiff's Special Interrogatories, Set 39, Related to the Sullivan Fire |

| Set | Date | Description |
|---|---|---|
| 40 | 12/14/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiff's Joint Special Interrogatories, Set Forty, Related to the Lobo Fire |
| 41 | 12/14/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to all Plaintiff's Joint Special Interrogatories, Set Forty-One, Related to McCourtney Fire |
| 42 | 12/14/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to all Plaintiffs' Joint Special Interrogatories, Set Forty-Two, Related to Redwood Fire |
| 43 | 12/14/2018 | Pacific Gas and Electric Company and PG&E Corporation Responses and Objections to All Plaintiff's Joint Special Interrogatories, Set 43, Related to Tubbs Fire |