# ATTACHMENT A

# CRAVATH, SWAINE & MOORE LLP

JOHN W. WHITE
EVAN R. CHESLER
RICHARD W. CLARY
STEPHEN L. GORDON
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK

THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK

ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ

JONATHAN J. KATZ
MARGARET SEGALL D'AMICO
RORY A. LERARIS
KARA L. MUNGOVAN
NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN

———————
SPECIAL COUNSEL
SAMUEL C. BUTLER

———————
OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

———————

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1596

WRITER'S EMAIL ADDRESS
korsini@cravath.com

August 22, 2019

PG&E Chapter 11 Proceedings, No. 19-30088 N.D. Cal.

Dear Counsel,

I write in connection with the Court's instructions at the August 14, 2019, hearing that the parties meet and confer regarding the structure of estimation proceedings.

As the Court noted during the hearing, the structure of the estimation hearing is entirely within the Court's discretion. As you will see below, we have proposed an approach that focuses on the fires that together likely account for over 90% of the asserted damages and that provide the stakeholders sufficient time to present evidence concerning liability and damages issues while also accounting for the abbreviated nature of estimation proceedings under Section 502(c).

We look forward to discussing this proposal in advance of next Tuesday's status conference.

*First*, the Debtors continue to believe that the threshold legal issue of inverse condemnation should be addressed and resolved as a discrete legal question as soon as practicable. While we also continue to believe that this issue can be addressed in advance of the bar date, we are cognizant of the TCC's objections to this approach and the Court's recent observations on that issue. Accordingly, we have revised our original schedule and propose that the Debtors submit their pleadings on this issue by October 14, 2019 (one week prior to the October 21 bar date), with all oppositions be filed by November 11, 2019 (three weeks after the bar date), and any replies be submitted by November 18, 2019, with a hearing scheduled shortly thereafter.

*Second*, as Mr. Pitre noted at the August 14 hearing, a small number of fires account for the overwhelming majority of alleged damages. (*See* Hr'g Tr. Aug. 14, 2019 at 226:9-14 ("Break the twenty-two fires down, they break down to five fires that

make up ninety-two percent of all of the total damages.").) As you know, in an effort to facilitate the estimation process, Debtors have agreed not to contest causation with respect to any of the 2017 or 2018 Wildfires except for the Tubbs fire. (Dkt. No. 3091 at 4.) As a result, the issues that remain for estimation with regard to the non-Tubbs wildfires are: (1) the question of the Debtors' legal liability (under inverse, negligence, etc.); and (2) the total estimated recoverable losses per fire.

        With the foregoing in mind, the Debtors propose that the estimation proceedings, following the initial phase addressing inverse condemnation, be divided between liability issues and damages. With respect to liability issues, the Debtors propose a series of successive evidentiary hearings on the following large wildfires: (1) Atlas; (2) Redwood; (3) Nuns; (4) Sulphur; (5) Cascade; and (6) Camp.[1] Those evidentiary hearings would all proceed in succession, before the damages phase commences, at which time the losses associated with all of the fires could be addressed. Proceeding in that way will streamline the process.

        We believe that with respect to those six fires, it would be appropriate for the representatives of the wildfire claimants (through the TCC and the Ad Hoc Subrogation Group) to provide opening briefs, identifying in advance of the hearings the legal and factual issues relating to liability that they believe are in dispute. The Debtors will then respond, identifying any other issues and signaling their agreement or disagreement with the claimants' submission. At the same time, the Debtors and the stakeholders can work together to stipulate to as many legal and factual issues as possible. In that way, the issues actually to be addressed at the evidentiary hearings on liability will be as narrowed and focused as possible.

        With respect to the liability-related evidentiary hearing for each of the six wildfires identified above, we believe that the wildfire claimants should present evidence first, with the witnesses subject to cross-examination by the Debtors and other participating parties, consistent with the order of proceedings in a regular trial. Once the claimants have presented their evidence, the Debtors will present their witnesses, subject to cross-examination by the wildfire claimants. The Debtors propose that each side be limited to no more than 5 witnesses (fact or expert) on liability issues per wildfire and that the Court employ a "chess clock" approach to time allocation for the duration of the liability phase of the estimation hearings. In total, the Debtors estimate that the parties can address the legal liability issues with respect to these six fires in no more than four weeks of hearings. Once those hearings are complete, the Debtors propose post-hearing

---

[1] While Mr. Pitre focused on five fires during the August 14 hearing, we believe the size of these six fires along with the unique facts of Sulphur (involving an alleged pole failure) and Cascade (involving an alleged line slap) require addressing all six as part of the liability evidentiary hearings.

briefing and argument on liability issues.[2]  We propose closing arguments on liability issues for all fires, after the post-hearing briefing has been completed.

Separately, given the number of wildfires at issue and the limited time available to resolve all estimation issues, we propose that any liability issues with respect to the wildfires not listed above (other than Tubbs) be addressed in the post-hearing briefing, and that all evidence concerning those fires be submitted in written form.

The Debtors expect the damages phase will involve exclusively expert testimony.  To assist the Court and ensure maximum efficiency, the Debtors propose that each stakeholder that wishes to be heard on the estimation of total damages file a pre-hearing brief addressing, for all fires, the following:  (1)  categories of damages sought (*e.g.*, property damage, physical injury, etc.); (2) identification of the parties/claimants seeking each category of damages; (3) legal theories/causes of action under which claimants are seeking recovery for each category of damages; (4) methodologies employed in calculating each category of damages; (5) identification of expert(s) upon whom claimants rely upon for the calculation of each category of damages; and (6) any related legal issues that further require this Court's determination.  The submission of evidence on behalf of the wildfire claimants should be coordinated through a single filing made by the TCC.[3]  The Debtors will respond to these submissions, indicating its position on the damages sought and identifying the methodologies employed in calculating each category of damages, the expert(s) upon whom the Debtors rely upon for the calculation of each category of damages, and any related legal issues that further require this Court's determination.

During the damages phase of the hearing—which we propose last no more than two weeks and also be subject to a chess clock—the Debtors submit that the order of the parties presenting witnesses should be determined by the total proposed damages estimate across all fires, based on the pre-hearing filings, with the party proposing the largest number going first and the remaining parties/Debtors proceeding in descending order.  The Debtors propose that no rebuttal evidence be presented by any of the parties after the Debtors' presentation.  We also suggest post-hearing briefing and argument on the damages issues.

---

[2] Once a verdict with respect to the Tubbs fire has been rendered in the state court proceeding, the Tubbs fire will need to be incorporated into the estimation process.  The parties should meet and confer at a subsequent date to discuss how and when that process should occur once we have more visibility into the schedule and structure for the state court Tubbs trial.

[3] In other words, it would be inefficient for the Court and the parties for multiple individual wildfire claimants to file overlapping briefs on liability issues.  Instead, a single brief on behalf of the TCC should address all the issues presented by the individual claimants.

Finally, we believe that the outcome of the estimation hearings will require the Court to estimate at least four different figures, consisting of the aggregate amounts required to fund a resolution of the following categories of claims: (1) personal injury tort claims; (2) all other individual claims; (3) the subrogation claims; and (4) the claims of any public entities who have not reached a settlement with the Debtors.

This proposal is subject to any modifications in light of the recommendation for withdrawal of reference of the bankruptcy proceeding (in part) entered by Judge Montali last night (August 21, 2019).

We are available to meet and confer by telephone with respect to these issues the remainder of the week.

Regards,

/s/ *Kevin J. Orsini*
Kevin J. Orsini

Robert A. Julian, Esq.
Cecily Dumas, Esq.
    Baker Hostetler
        11601 Wilshire Boulevard, Suite 1400
        Los Angeles, CA 90025

Copy to (via email):

Matthew A. Feldman, Esq.
Benjamin P. McCallan, Esq.
    Wilkie Farr & Gallagher LLP
        787 Seventh Ave.
            Washington, DC 20006

Andrew LeBlanc, Esq.
Gregory A. Bray, Esq.
Samir Vora, Esq.
    Milbank LLP
        1850 K Street, NW, Suite 1100
            Washington, DC 20006

        2029 Century Park East, 33rd Floor
            Los Angeles, CA 90067

Bruce S. Bennett, Esq.
Joshua M. Mester, Esq.
James O. Johnston, Esq.
    Jones Day
        555 South Flower Street, Fiftieth Floor
            Los Angeles, CA 90071

Michael S. Stamer, Esq.
Ira S. Dizengoff, Esq.
David H. Botter, Esq.
Abid Qureshi, Esq.
Ashley Vinson Crawford, Esq.
    Akin Gump Strauss Hauer & Feld LLP
        One Bryant Park
            New York, NY 10036

        580 California Street, Suite 1500
            San Francisco, CA 94104

Stephen Karotkin, Esq.
Jessica Liou, Esq.
    Weil, Gotshal & Manges LLP
        767 Fifth Ave.
            New York, NY 10153

Paul J. Pascuzzi, Esq.
    Felderstein, Fitzgerald, Willoughby & Pascuzzi LLP
        500 Capitol Mall, Suite 2250
            Sacramento, CA 95819

Michael A. Kelly, Esq.
    Walkup, Melodia, Kelly & Schoenberger
        650 California Street, 26th Floor
            San Francisco, CA 94108

Frank Pitre, Esq.
    Cotchett, Pitre & McCarthy, LLP
        840 Malcolm Road, Suite 200
            Burlingame, CA 94010

Steven M. Campora, Esq.
    Dreyer Babich Buccola Wood Campora, LLP
        20 Bicentennial Cir.
            Sacramento, CA 95826

Alan W. Kornberg, Esq.
    Paul, Weiss, Rifkind, Wharton & Garrison LLP
        1285 Avenue of the Americas
            New York, NY 10019