**ATTACHMENT B**

# CRAVATH, SWAINE & MOORE LLP

JOHN W. WHITE
EVAN R. CHESLER
RICHARD W. CLARY
STEPHEN L. GORDON
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK

THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK

ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ

JONATHAN J. KATZ
MARGARET SEGALL D'AMICO
RORY A. LERARIS
KARA L. MUNGOVAN
NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN

_____

SPECIAL COUNSEL
SAMUEL C. BUTLER

_____

OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY

## WORLDWIDE PLAZA
## 825 EIGHTH AVENUE
## NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

_____

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1596

WRITER'S EMAIL ADDRESS
korsini@cravath.com

August 24, 2019

<u>PG&E Chapter 11 Proceedings, No. 19-30088 N.D. Cal.</u>

Dear Counsel,

I write in response to the TCC's August 22, 2019, letter attaching the TCC's First Set of Interrogatories to the Debtors and the TCC's Statement Regarding August 27, 2019 Status Conference on Estimation (the "August 23 Statement") that you filed with the Court yesterday.[1]

*First*, as you well know, the parties cannot continue to delay proceeding with an estimation process. It is imperative that the parties determine the structure and schedule of that process as soon as practicable. We have set forth a detailed proposal about how we think the process should work, how long it should take, on which fires we should focus and how many witnesses might be required. To date, neither the TCC nor any other stakeholder has offered an alternative approach. Nor have you even suggested why you might believe our approach is inefficient or could be improved upon. It is easy to say this case is complicated. But that does not justify failing to take a position and engaging in a constructive dialogue to move the process forward for the benefit of all

---

[1] In its August 20, 2019 Order Regarding Further Hearings On Estimation And Other Case Scheduling Matters (the "Order"), the Court instructed the parties to meet and confer and undertake "a full discussion among counsel as to what discovery will be necessary, and what is the timeframe, preparatory to the scheduling of the final estimation proceedings". (Order at 3-8:10, 5:6-9.) In flagrant disregard of the Court's Order, and less than one day after sending its August 22 letter, the TCC filed its August 23 Statement without any attempt to meet and confer. We nevertheless remain willing and able to meet and confer with respect to the issues set forth in the Court's Order and the August 23 Statement at any time prior to the August 27th conference.

stakeholders. We remain available to meet and confer regarding these critical issues at your convenience.

*Second*, the TCC's position that it cannot engage in discussions about how to structure an estimation process until it knows more about the disputed issues is specious. These are the TCC's claims. The TCC is asserting the Debtors are liable under various state common law and statutory provisions. The claimants, including the tort lawyers who litigated these cases for years, obviously understand what the elements of those claims are. They understand what proof is required, at least in a state court trial. We have stated we will not challenge causation for the purpose of estimation with respect to any trials other than Tubbs. Everything else is disputed.

For example, the TCC is well aware of the Debtors' theory on inverse condemnation being inapplicable to investor-owned utilities. The Court has indicated that it will resolve that issue. (*See* Order Regarding Further Hearings on Estimation Motion and Other Case Scheduling Matters at 4:13-19.) The TCC also knows that a key issue in pursuing an inverse condemnation claim is proving that any PG&E power line that may have started a fire was designed, constructed and operated for a public—rather than private—use. *See Cantu v. Pac. Gas & Elec. Co.*, 189 Cal. App. 3d 160 (1987). (Opp. of the Official Committee of Tort Claimants to the Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 502(c) For The Establishment of Wildfire Claims Estimation Procedures, App. B at 3.) This will be an issue that the parties will need to address for at least the Adobe, Cascade, Cherokee, Honey, La Porte, Lobo, Nuns, Oakmont, Partrick and Point fires.

The TCC has expressed apparent confusion with respect to the intersection between causation and liability as to negligence claims. But the Debtors' position is clear. Even if the Debtors do not contest (for purposes of estimation) that their equipment *caused* a particular wildfire, the Debtors do not concede that any negligence on their part contributed to the cause. For example, the Debtors do not contest (for purposes of estimation) that the Redwood fire ignited when excessive winds caused a large branch to break and fall into a PG&E conductor. The Debtors maintain, however, that the subject branch was healthy and well outside of the clearance zone required by state law, and that their vegetation management program adequately inspected and maintained the vegetation at issue. It will be the TCC's burden to prove otherwise.

To the extent the TCC believes that it can satisfy the wildfire claimants' burden of proof by demonstrating systemic deficiencies with the Debtors' overall maintenance programs (*e.g.*, vegetation management), that is incorrect. The relevant inquiry for purposes of the Debtors' liability is whether any alleged deficiencies in their programs can actually be linked to a particular wildfire ignition. As the Court of Appeal concluded in the *Butte* litigation, a plaintiff must demonstrate that the Debtors' alleged negligence contributed to the wildfire. (*See Pac. Gas & Elec. Co. v. Superior Court*, 24 Cal. App. 5th 1150, 1167 (2018) ("Plaintiffs also submitted expert opinion evidence that the audits performed by the quality assurance department and quality control program were scientifically unreliable. . . . There was, however, no showing that PG&E's audit

methodology contributed to the Butte fire.").) The fact that a particular branch may have hit a particular line and started a particular fire does not establish negligence. Nor do generalized complaints about the Debtors' vegetation management program. Instead, the claimants will have to establish at estimation that they have a likelihood of success on a claim that alleged failures of PG&E's systems and practices contributed to the failure of a specific limb or tree, and that such failures resulted in a violation of the standard of care.

Finally, citing to California state law doctrines of *res ipsa loquitur* and negligence *per se*, you state that "Debtors' admission that their equipment caused the fires . . . places the burden on the Debtors to explain and prove they were not liable for the fires", (August 23 Statement at 2.) This statement mischaracterizes the Debtors' position and is wrong as a matter of law. The Debtors have *not* admitted that their equipment caused any of the wildfires at issue in this case. Rather, in an effort to facilitate the estimation process and ensure maximum efficiency, the Debtors have merely agreed not to contest causation (except with respect to the Tubbs fire) for purposes of the estimation process. As the Court has stated repeatedly and you are well aware,[2] estimation of claims under Bankruptcy Code Section 502(c) is unique to the bankruptcy process, and the Debtors' agreement was expressly limited to that specific context and that specific purpose.

Further, even if the Debtors had conceded causation for any purposes other than Section 502(c) estimation proceedings (which they did not), it is not the case that the burden of proof would shift to the Debtors. As the Court made clear in *Howe v. Seven Forty Two Co.*, 189 Cal. App. 4th 1155, 1162-63 (2010), *res ipsa loquitur* is a rebuttable presumption that shifts the burden of *production* "when the predicate facts are established to give rise to the presumption"; it does not affect the burden of proof, which remains with the plaintiff. Likewise, in *Mata v. Pac. Gas & Elec. Co.*, the court merely states that the doctrine of negligence *per se* may apply under certain circumstances where a defendant has been shown to have violated the law. 224 Cal. App. 4th 309 (2014), *as modified on denial of reh'g* (Mar. 26, 2014). But the Debtors have not admitted to violating any law with respect to any of the relevant wildfires (even for purposes of estimation).

*Third,* the urgent task at hand is establishing an appropriate *schedule* for the estimation proceedings that the Court and all stakeholders (including the TCC) agree needs to occur to successfully resolve these Chapter 11 cases. Since, however, the TCC seems to believe that it needs to understand the Debtors' factual and legal positions prior to the commencement of discovery or setting a schedule for the estimation process, we refer you to the documents set forth in Appendix A. Appendix A includes:

---

[2] *See, e.g.*, Hr'g Tr. Aug. 14, 2019 at 106:11-16 ("Court: But in a – in some of the large cases that you or your colleagues have been involved, there's no counterpart. 502(c) exists all by itself in the bankruptcy world, right? Mr. Pitre: There's no counterpart -- Court: Yeah.").

- Almost 300 pages of detailed factual reports about each of the 2017 and 2018 wildfires in dispute, setting forth the Debtors' position with respect to each wildfire ignition as well as a detailed timeline of all prior inspections and patrols of the particular area at issue (*e.g.*, vegetation management inspections, overhead patrols). The Debtors also indicate for each inspection whether the subject vegetation or equipment required any maintenance (*e.g.*, pruning vegetation or electrical equipment repair).[3]

- The Debtors' responses to more than 800 interrogatories (both form and special interrogatories) in the 2017 Wildfires state court coordinated proceeding. These interrogatory responses explicitly address the general facts and theories underlying the Debtors' defenses, including any witnesses or documents that Debtors may use in support of those defenses. For example, the Debtors set forth in detail the facts and documents that support their defense that "any nuisance or trespass on land were unintentional and non-negligent". (Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Two, Related to Atlas Fire No. 25 ("PG&E routinely inspects and monitors every mile of its approximate 100,000 miles of PG&E overhead electric and transmission line each year . . . .").)

We have placed all of the documents set forth on Appendix A on an FTP with the following credentials:

- Globalscape URL: ███████████████
- Username: ████████████████
- Password: █████████

Please do not hesitate to reach out if you have any questions.

---

[3] These reports reference a significant volume of data, documents and testimony. In preparing these reports, the Debtors gathered information from at least the following sources: (1) formal third-party witness discovery in the 2017 Wildfires litigation (including, for example, third party depositions); (2) materials identified in the Debtors' files as part of their ongoing investigations or response to litigation discovery requests; and (3) information that the Debtors have obtained from discussions with their own employees.

Regards,


/s/ *Kevin J. Orsini*
Kevin J. Orsini

Robert A. Julian, Esq.
Cecily Dumas, Esq.
    Baker Hostetler
        11601 Wilshire Boulevard, Suite 1400
            Los Angeles, CA 90025

Copy to (via email):

Matthew A. Feldman, Esq.
Benjamin P. McCallan, Esq.
    Wilkie Farr & Gallagher LLP
        787 Seventh Ave.
            Washington, DC 20006

Andrew LeBlanc, Esq.
Samir Vora, Esq.
    Milbank LLP
        1850 K Street, NW, Suite 1100
            Washington, DC 20006

Stephen Karotkin, Esq.
Jessica Liou, Esq.
    Weil, Gotshal & Manges LLP
        767 Fifth Ave.
            New York, NY 10153

Paul J. Pascuzzi, Esq.
    Felderstein, Fitzgerald, Willoughby & Pascuzzi LLP
        500 Capitol Mall, Suite 2250
            Sacramento, CA 95819

Michael A. Kelly, Esq.
    Walkup, Melodia, Kelly & Schoenberger
        650 California Street, 26th Floor
            San Francisco, CA 94108

Frank Pitre, Esq.
    Cotchett, Pitre & McCarthy, LLP
        840 Malcolm Road, Suite 200
            Burlingame, CA 94010

Steven M. Campora, Esq.
Dreyer Babich Buccola Wood Campora, LLP
20 Bicentennial Cir.
Sacramento, CA 95826

# Appendix A

# I. Fact Summaries & Supplemental Fact Summaries

| Fire | Docket # | Date | Description |
|------|----------|------|-------------|
| -- | 956-2 | 12/31/2018 | Glossary of Terms in Fact Summaries |
| -- | 956-3 | 12/31/2018 | Guide to Reviewing Fact Summaries |
| 37 | 956-53 | 12/31/2018 | 37 Incident Description & Factual Summary |
| Adobe | 956-12 | 12/31/2018 | Adobe Incident Description & Factual Summary |
| Adobe | 956-31 | 12/31/2018 | Supplement to Adobe Incident Description & Factual Summary |
| Atlas | 956-13 | 12/31/2018 | Atlas Incident Description & Factual Summary |
| Atlas | 956-32 | 12/31/2018 | Supplement to Atlas Incident Description & Factual Summary |
| Blue | 956-33 | 12/31/2018 | Blue Incident Description & Factual Summary |
| Camp | 956-1 | 12/31/2018 | Camp Incident Description & Factual Summary |
| Cascade | 956-14 | 12/31/2018 | Cascade Incident Description & Factual Summary |
| Cascade | 956-34 | 12/31/2018 | Supplement to Cascade Incident Description & Factual Summary |
| Cherokee | 956-15 | 12/31/2018 | Cherokee Incident Description & Factual Summary |
| Cherokee | 956-35 | 12/31/2018 | Supplement to Cherokee Incident Description & Factual Summary |
| Honey | 956-16 | 12/31/2018 | Honey Location Fact Report |
| Honey | 956-36 | 12/31/2018 | Supplement to Honey Location Fact Report |
| LaPorte | 956-17 | 12/31/2018 | LaPorte Incident Description & Factual Summary |
| LaPorte | 956-37 | 12/31/2018 | Supplement to LaPorte Incident Description & Factual Summary |

| Fire | Docket # | Date | Description |
|---|---|---|---|
| **Lobo** | 956-18 | 12/31/2018 | Lobo Incident Description & Factual Summary |
| | 956-38 | 12/31/2018 | Supplement to Lobo Incident Description & Factual Summary |
| **Maacama** | 956-19 | 12/31/2018 | Maacama Incident Description & Factual Summary |
| | 956-39 | 12/31/2018 | Supplement to Maacama Incident Description & Factual Summary |
| **McCourtney** | 956-20 | 12/31/2018 | Orion Way & McCourtney Road Incident Description & Factual Summary |
| | 956-40 | 12/31/2018 | Supplement to McCourtney Incident Description & Factual Summary |
| **Norrbom** | 956-21 | 12/31/2018 | Norrbom Incident Description & Factual Summary |
| | 956-41 | 12/31/2018 | Supplement to Norrbom Incident Description & Factual Summary |
| **Nuns** | 956-22 | 12/31/2018 | Nuns Incident Description & Factual Summary |
| | 956-42 | 12/31/2018 | Supplement to Nuns Incident Description & Factual Summary |
| **Oakmont** | 956-23 | 12/31/2018 | Oakmont Incident Description & Factual Summary |
| | 956-43 | 12/31/2018 | Supplement to Oakmont Incident Description & Factual Summary |
| **Partrick** | 956-24 | 12/31/2018 | Partrick Incident Description & Factual Summary |
| | 956-44 | 12/31/2018 | Supplement to Partrick Incident Description & Factual Summary |
| **Pocket** | 956-25 | 12/31/2018 | Pocket Incident Description & Factual Summary |
| | 956-45 | 12/31/2018 | Supplement to Pocket Incident Description & Factual Summary |
| **Point** | 956-26 | 12/31/2018 | Point Incident Description & Factual Summary |
| | 956-46 | 12/31/2018 | Supplement to Point Incident Description & Factual Summary |
| **Potter** | 956-27 | 12/31/2018 | Potter Valley Busch Rd. Incident Description & Factual Summary |
| | 956-47 | 12/31/2018 | Supplement to Potter Valley Busch Road Incident Description & Factual Summary |

| Fire | Docket # | Date | Description |
|---|---|---|---|
| Pressley | 956-48 | 12/31/2018 | Pressley Incident Description & Factual Summary |
| Redwood | 956-28 | 12/31/2018 | Redwood Location Fact Report |
| | 956-49 | 12/31/2018 | Supplement to Redwood Location Fact Report |
| Sullivan | 956-50 | 12/31/2018 | Sullivan Incident Description & Factual Summary |
| Sulphur | 956-29 | 12/31/2018 | Sulphur Incident Description & Factual Summary |
| | 956-51 | 12/31/2018 | Supplement to Sulphur Incident Description & Factual Summary |
| Tubbs | 956-30 | 12/31/2018 | Tubbs Incident Description & Factual Summary |
| | 956-52 | 12/31/2018 | Supplement to Tubbs Incident Description & Factual Summary |

## II.  Responses and Objections to Plaintiffs' Interrogatories

### *PG&E's Responses and Objections to Form Interrogatories*

| Set | Date | Description |
|---|---|---|
| 1 | 4/16/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to Plaintiffs' Form Interrogatories, Set One |
| 1 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Amended Responses and Objections to Plaintiffs' Form Interrogatories, Set One |
| 1 | 9/4/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses to Individual Plaintiffs' Form Interrogatories, Related to Sulphur Fire |
| 3 | 4/23/2018 | Pacific Gas and Electric Company and PG&E Corporation's Objections to All Plaintiffs' Form Interrogatories, Set Three, Form Interrogatory Numbers 14.1, 15.1 and 16.1 |
| 3 | 6/20/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Form Interrogatories, Set Three, Form Interrogatory Numbers 1.1, 4.1, 4.2, 12.1, 12.2, 12.3, 12.4, 12.5, 12.6, 12.7 and 14.2 |

| Set | Date | Description |
|-----|------|-------------|
| 3 | 7/6/2018 | Pacific Gas and Electric Company and PG&E Corporation's Supplemental Responses and Objections to All Plaintiffs' Form Interrogatories, Set Three, Form Interrogatory Numbers 4.1, 12.2 |
| 3 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Form Interrogatories, Set Three, Form Interrogatory Numbers 14.1, 15.1 and 16.1 |
| 3 | 7/20/2018 | Pacific Gas and Electric Company and PG&E Corporation's Amended Responses and Objections to All Plaintiffs' Form Interrogatories, Set Three, Form Interrogatory Numbers 12.2, 12.3, 12.4, 12.5, 12.6 and 12.7 |
| 3 | 9/19/2018 | Pacific Gas and Electric Company and PG&E Corporation's Amended and Supplemental Response to All Plaintiffs' Form Interrogatory No. 4.1 |
| 6 | 12/14/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Form Interrogatories, Set Six, Related to Lobo Fire |
| 7 | 12/14/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Form Interrogatories, Set Seven, Related to McCourtney Fire |
| 8 | 12/14/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Form Interrogatories, Set Eight, Related to Redwood Fire |

***PG&E's Responses and Objections to Form Interrogatories 17.1***

| Set | Date | Description |
|-----|------|-------------|
| 2 | 4/16/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to Plaintiffs' Form Interrogatories, Set Two, Related to Sullivan Fire |
| 2 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Amended Responses and Objections to Plaintiffs' Form Interrogatories, Set Two, Related to Sullivan |
| 4 | 9/12/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to Plaintiffs' Form Interrogatories, Set Four, Related to Sullivan Fire |
| 5 | 12/14/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to Plaintiffs' Form Interrogatories, Set Five, Related to Sullivan Fire |
| 5 | 1/28/2019 | Pacific Gas and Electric Company and PG&E Corporation's Amended Responses and Objections to Plaintiffs' Form Interrogatories, Set Five, Related to Sullivan Fire |

*PG&E's Responses and Objections to Special Interrogatories*

| Set | Date | Description |
|---|---|---|
| 1 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set One, Related to Tubbs Fire |
| 2 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Two, Related to Atlas Fire |
| 3 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Three, Related to Cascade Fire |
| 4 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Four, Related to LaPorte Fire |
| 5 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Five, Related to Cherokee Fire |
| 6 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Six, Related to Honey Fire |
| 7 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Seven, Related to Lobo Fire |
| 8 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Eight, Related to Maacama Fire |
| 9 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Nine, Related to McCourtney Fire |
| 10 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Ten, Related to Nuns Fire |
| 11 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Eleven, Related to Pocket Fire |
| 12 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Twelve, Related to Point Fire |
| 13 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Thirteen, Related to Redwood Valley Complex Fire |

| Set | Date | Description |
|-----|------|-------------|
| 14 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Fourteen, Related to Sulphur Fire |
| 15 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Fifteen, Related to Sullivan Fire |
| 16 | 7/13/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Sixteen, Related to 37 Fire |
| 17 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Seventeen, Related to Tubbs Fire |
| 18 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Eighteen, Related to Atlas Fire |
| 19 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Nineteen, Related to Cascade Fire |
| 20 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Twenty, Related to La Porte Fire |
| 21 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Twenty-One, Related to Cherokee Fire |
| 22 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Twenty-Two, Related to Lobo Fire |
| 23 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Twenty-Three, Related to McCourtney Fire |
| 24 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Twenty-Four, Related to Nuns Fire |
| 25 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Twenty-Five, Related to Pocket Fire |
| 26 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Twenty-Six, Related to Point Fire |
| 27 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiffs' Joint Special Interrogatories, Set Twenty-Seven, Related to Sulphur Fire |

| Set | Date | Description |
|---|---|---|
| 28 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiff's Joint Special Interrogatories, Set Twenty-Eight, Related to Potter Valley Fire |
| 29 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiff's Joint Special Interrogatories, Set Twenty-Nine, Related to Adobe Fire |
| 30 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiff's Joint Special Interrogatories, Set Thirty, Related to Oakmont Fire |
| 31 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiff's Joint Special Interrogatories, Set Thirty-One, Related to Partrick Fire |
| 32 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses an Objections to All Plaintiff's Joint Special Interrogatories, Set Thirty-Two, Related to Norrbom Fire |
| 33 | 8/1/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiff's Joint Special Interrogatories, Set Thirty-Three, Related to All Fires |
| 34 | 8/10/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiff's Joint Special Interrogatories, Set 34, Related to the Tubbs Fire |
| 35 | 9/12/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiff's Joint Special Interrogatories, Set 35, Related to the Partrick Fire |
| 36 | 9/12/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiff's Joint Special Interrogatories, Set 36, Related to the Sullivan Fire |
| 36 | 12/14/2018 | Pacific Gas and Electric Company and PG&E Corporation's Amended Responses and Objections to All Plaintiff's Joint Special Interrogatories, Set 36, Related to the Sullivan Fire |
| 37 | 10/23/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiff's Joint Special interrogatories, Set 37 |
| 38 | 10/23/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiff's Joint Special Interrogatories, Set Thirty-Eight, Related to Sulphur Fire |
| 39 | 12/14/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to Subrogation Plaintiff's Special Interrogatories, Set 39, Related to the Sullivan Fire |
| 39 | 1/28/2019 | Pacific Gas and Electric Company and PG&E Corporation's Amended Responses and Objections to Subrogation Plaintiff's Special Interrogatories, Set 39, Related to the Sullivan Fire |

| Set | Date | Description |
|---|---|---|
| 40 | 12/14/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to All Plaintiff's Joint Special Interrogatories, Set Forty, Related to the Lobo Fire |
| 41 | 12/14/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to all Plaintiff's Joint Special Interrogatories, Set Forty-One, Related to McCourtney Fire |
| 42 | 12/14/2018 | Pacific Gas and Electric Company and PG&E Corporation's Responses and Objections to all Plaintiffs' Joint Special Interrogatories, Set Forty-Two, Related to Redwood Fire |
| 43 | 12/14/2018 | Pacific Gas and Electric Company and PG&E Corporation Responses and Objections to All Plaintiff's Joint Special Interrogatories, Set 43, Related to Tubbs Fire |