1  RICHARD A. MARSHACK, #107291
   rmarshack@marshackhays.com
2  DAVID A. WOOD #272406
   dwood@marshackhays.com
3  LAILA MASUD, #311731
   lmasud@marshckhays.com
4  MARSHACK HAYS LLP
   870 Roosevelt, Irvine, CA 92620
5  Tel: 949-333-7777 -/- Fax: 949-333-7778

6  GERALD SINGLETON, #208783
   GARY LOCURTO, #270372
7  SINGLETON LAW FIRM, APC
   450 A Street, 5th Floor
8  San Diego, CA 92101
   Tel. (619) 771-3473
9  Email: gerald@slffirm.com
           john@slffirm.com
10
   Attorneys for SLF Fire Victim Claimants
11

12                    UNITED STATES BANKRUPTCY COURT

13          NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

14  In re                                    Case No. 19-30088 (DM)

15  PG&E CORPORATION,                         Chapter 11

16      and,                                  (Lead Case Jointly Administered)

17  PACIFIC GAS & ELECTRIC COMPANY,           MOTION FOR ORDER APPROVING
                                              STIPULATION BETWEEN DEBTORS,
18            Debtors.                         AND SLF FIRE CLAIMANTS RE:
                                              GRANTING RELIEF FROM STAY TO
19  Affects:                                  JOIN INDISPENSABLE PARTIES RE:
                                              TUBBS TRIAL; DECLARATION OF
20  ☐    PG&E Corporation                      RICHARD A. MARSHACK IN SUPPORT

21  ☐    Pacific Gas & Electric Company       Hearing:
                                              Date:     TBD
22  ☒    Both Debtors                          Time:     TBD
                                              Ctrm;     Courtroom 17, 16th Floor
23  * All papers shall be filed in Lead Case,  Place:    United States Bankruptcy Court
       No. 19-30088 (DM).                                 San Francisco, CA 94102
24

25

26  / / /

27  / / /

28  / / /

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:

The SLF Claimants[1] respectfully submit this motion ("Motion") for entry of an order approving the stipulation ("Stipulation")[2] entered in to between PG&E Corporation ("PG&E Corp.") and Pacific Gas and Electric Company ("Utility"), as debtors and debtors-in-possession (collectively, "PG&E" or the "Debtors") and the SLF Claimants. In support of this Motion, the SLF Claimants respectfully represents as follows:

## 1. Summary of Argument

Relief from stay may be granted to try mass tort personal injury claims when abstention would promote settlement, when liability is at issue, and determination of the claims are in the public interest. In this case, the court has recently granted relief from stay for certain preference plaintiffs, indispensable parties and respective insurers to proceed towards a trial with respect to the Tubbs Fire. Unfortunately, certain indispensable parties were inadvertently not included in the relief requested. By this motion, SLF Claimants seeks approval of the Stipulation with the Debtors that allows those specific indispensable parties to be granted relief from stay to proceed in any Tubbs Fire litigation.

## 2. General Procedural Background

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company ("Debtors" or "PG&E") commenced with the Court voluntary cases ("Chapter 11 Cases") under chapter 11 of the United States Code ("Bankruptcy Code"). PG&E's chapter 11 filings were necessitated by a

---

[1] Singleton Law Firm ("SLF") and Marshack Hays LLP, together with several other firms, represent approximately 5,500 victims of the fires started by PG&E Corporation ("PG&E") and/or Pacific Gas and Electric Company ("PGE Company," collectively with PG&E the "Debtors") in 2015 ("Butte Fire"), 2017 (the twenty fires generally referred to as the "North Bay and Wind Complex Fires") and 2018 ("Camp Fire"). The claimants represented by SLF, Marshack Hays LLP and other firms are jointly referred to as the "SLF Claimants."

[2] A true and correct copy of the Stipulation is attached as Exhibit "1" to the Declaration of Richard A. Marshack ("Marshack Declaration").

confluence of factors resulting from catastrophic fires that occurred in Northern California prior to the Petition Date, and PG&E's potential liabilities arising therefrom. *See* Amended Declaration of Jason P. Wells in Support of First Day Motions and Related Relief (Dkt. No. 263) ("Wells Decl."), at 3. PG&E contends that it is not at fault for the 2017 Tubbs Fire. *Id.* at 13-14.

Since, the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) & 1108, the Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("FRBP"). On February 12, 2019, the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Creditors Committee"). A torts claimants committee has also been formed ("TCC").

Notably, none of the SLF Claimants are members of the TCC.

## 3. Background Facts relevant to the instant Motion and the SLF Indispensable Parties

On July 2, 2019, as Dkt. No. 2842,[3] the TCC filed a motion ("TCC Motion") pursuant to Section 362(d)(1) of title 11 of the United States Code ("Bankruptcy Code"), §§ 1334(c) and 1452(b) of title 28 of the United States Code, FRBP 4001 and 5011(b) and Rule 4004-1 of the Bankruptcy Local Rules for the United States District Court for the Northern District of California ("LBR"). The Motion sought entry of an order terminating the automatic stay to permit certain individuals to proceed to a jury trial on their personal injury and property damage claims against the Debtors arising from the 2017 Tubbs Fire in the California Superior Court, and to request the Court in the California North Bay Fire Cases, JCCP 4955, to order the claims of those individuals to proceed to a jury trial with preference pursuant to Code of Civil Procedure § 36. On July 9, 2019, as Dkt. No. 2904, the TCC filed an amendment to the Motion to include a number of individuals with personal injury, wrongful death and property damage claims. ("TCC Preference Plaintiffs").

/ / /

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

4848-7351-4402, v. 1

The following joinders were filed to the Motion:

(1) the joinder by Co-Lead Counsel to the North Bay Fire Cases, dated July 2, 2019 (Dkt. No. 2850);

(2) the joinder by Barbara Thompson, John Thompson, Matthew Thompson, Peter Thompson, Raymond Breitenstein, and Stephen Breitenstein, dated July 3, 2019 (Dkt. No. 2861);

(3) the joinder by John Caslin and Phyllis Lowe, dated July 11, 2019 (Dkt. No. 2929);

(4) the joinder by William Edelen, Roxanne Edelen, The William L. Edelen and Roxanne G. Edelen Trust Agreement Dated June 22, 2011, Burton Fohrman, Raleigh Fohrman, The Fohrman Family Trust Dated February 3, 1976, Jeremy Olsan, Ann DuBay, Jacob Olsan, the Jeremy L. Olsan and Ann M. DuBay Trust Dated November 29, 2011, Kathleen Groppe, Ken Kirven, Brian Kirven, and the Estate of Monte Kirven, dated July 11, 2019 (Dkt. No. 2930);

(5) the joinder by Don Louis Kamprath, Ruth Kamprath, the Donald L. Kamprath and Ruth Johnson Kamprath Revocable Trust, Elizabeth Fourkas, Pete Fourkas, Alissa Fourkas, the Fourkas Family Trust, Greg Wilson, and Christina Wilson, dated July 11, 2019 (Dkt. No. 2942);

(6) the joinder by Armando A. Berriz, Armando J. Berriz, Carmen T. Meissner, Monica Berriz, and the Estate of Carmen Caldentey Berriz, dated July 11, 2019 (Dkt. No. 2943); and

(7) the joinder by the Singleton Law Firm Victim Claimants, dated July 18, 2019, to add alleged eligible preference plaintiffs (Dkt. No. 3067) ("SLF Preference Plaintiffs") (collectively, the "TCC Preference Plaintiffs" and the "SLF Preference Plaintiffs" are referred to herein as the "Tubbs Preference Plaintiffs").

4

4848-7351-4402, v. 1

On July 3, 2019, as Dkt. No. 2863, the Ad Hoc Group of Subrogation Claim Holders[4], filed a Motion for Relief from the Automatic Stay, ("Subrogation Motion").

The following joinders were filed to the Subrogation Motion:

(1) the joinder filed on behalf of AMICA Mutual Insurance Company, BG Resolution Partners I-A, L.L.C. (an Affiliate of The Baupost Group, L.L.C.), Encompass Insurance Company, Fire Insurance Exchange, Hartford Accident & Indemnity Company, Liberty Insurance Corporation, Mercury Insurance, Nationwide Mutual Insurance Company, and United Services Automobile Association, dated July 12, 2019 (Dkt. No. 2959) ("July 12 Joinder"); and

(2) the joinder by State Farm Mutual Automobile Insurance Company and its affiliates and subsidiaries, dated July 15, 2019 (Dkt. No. 2983) ("July 15 Joinder"). The parties to the July 12 Joinder and the July 15 Joinder are collectively referred to herein as the "Subrogation Joining Parties."

On July 19, 2019, the following papers were filed in opposition to the Motion and the Subrogation Motion: (1) the Debtors filed an objection (Dkt. No. 3104) and the declaration of Kevin J. Orsini in support thereof (Dkt. No. 3105); (2) the Official Committee of Unsecured Creditors filed an objection (Dkt. No. 3101) and the declaration of Thomas R. Kreller in support thereof (Dkt. No. 3102); (3) the Ad Hoc Committee of Senior Unsecured Noteholders filed a joinder to the Official Committee of Unsecured Creditors' objection (Dkt. No 3106); and (4) certain PG&E shareholders filed an objection (Dkt. No. 3108).

On August 7, 2019, Barbara Thompson, John Thompson, Matthew Thompson, Peter Thompson, Raymond Breitenstein and Stephen Breitenstein filed a reply in support of their joinder in the Motion (Dkt. No. 3407), Sonoma Clean Power Authority filed a statement and a reservation of rights on the Motion and the Subrogation Motion (Dkt. No. 3415), and the Singleton Law Firm

---

[4] The Ad Hoc Group of Subrogation Claim Holders includes all of the members listed on Exhibit A to the Third Amended Verified Statement of the Ad Hoc Group of Subrogation Claim Holders filed on July 17, 2019 (Dkt. No. 3020).

Victim Claimants filed a response in support of the Motion (Dkt. No. 3449).

On August 14, 2019, the Court held a hearing on the Motion, the Subrogation Motion, and the joinders thereto.

On August 16, 2019, as Dkt. No. 3571, the Court issued its Decision Regarding Motions for Relief from Stay ("Memorandum Decision").

On August 21, 2019, as Dkt. No. 3643, an order ("Subrogation RFS Order")[5] was entered granting the Subrogation Motion and the joinders thereto terminating the automatic stay as requested in the Subrogation Motion to allow the members of the Ad Hoc Group of Subrogation Claim Holders, including the Subrogation Joining Parties, and the respective insurers for the preference plaintiffs listed on Exhibits A and B of the Subrogation RFS Order, to pursue to judgment their claims against the Debtors regarding the issue of the Debtors' liability for the Tubbs Fire in the California Superior Court, where the claims are currently pending in JCCP 4955

On August 21, 2019, as Dkt. No. 3644, an order ("TCC RFS Order")[6] was entered granting the Motion and the joinders and terminating the automatic stay as to the alleged preference plaintiffs listed in Exhibits A and B of the RFS Order, to take any actions necessary or appropriate to prosecute their claims against the Debtors arising solely from the 2017 Tubbs Fire as set forth in the Complaints against the Debtors, attached to the Motion, and as may be amended, to judgment, and to request the California Superior Court in the California North Bay Fire Cases, JCCP 4955, to order the Tubbs Preference Plaintiffs' claims to trial with preference pursuant to Code of Civil Procedure section 36.

The indispensable parties ("SLF Indispensable Parties") for the SLF Preference Plaintiffs were not listed in Exhibit B of the TCC RFS Order nor the Subrogation RFS Order. As a result, relief from stay was not granted as to the SLF Indispensable Parties' participation in any trial involving the Tubbs Fire.

---

[5] A true and correct copy of the Subrogation RFS Order is attached as Exhibit "2" to the Marshack Declaration.

[6] A true and correct copy of the TCC RFS Order is attached as Exhibit "3" to the Marshack Declaration.

4848-7351-4402, v. 1

Specifically, the following SLF Indispensable Parties were not granted relief:

| Alleged Preference Plaintiff Granted Relief | SLF Indispensable Party Not Granted Relief |
|---|---|
| Thomas Howard | Jacqueline Tihoni (wife), and their trust, The T.M. & J.T. Howard 2003 Revocable Trust |
| Catherine Maffioli | Donald Maffioli (husband) |
| Evelyn Venturi | The Edward J. Venturi Family Trust (named for her late husband) |

Now, SLF Claimants bring this Motion to approve the Stipulation to allow the SLF Indispensable Parties to proceed to a jury trial on their personal injury and related property damage claims against the Debtors arising from the 2017 Tubbs Fire as set forth in Complaints against PG&E, and to request the Court in the California North Bay Fire Cases, JCCP 4955, to order one or more of the cases of the Tubbs Preference Plaintiffs to trial with preference pursuant to California Code of Civil Procedure section 36. In support SLF Claimants, respectfully represent as follows:

## 4.      Summary of the Stipulation

A summary of the relevant portions of the Stipulation is set forth below:

1.      The automatic stay is modified as to the SLF Indispensable Parties, namely (1) Jacqueline Tihoni, (2) The T.M. & J.T. Howard 2003 Revocable Trust; (3) Donald Maffioli; and (4) The Edward J. Venturi Family Trust, to the same extent as provided in the TCC RFS Order;

2.      The automatic stay shall remain in full force and effect for all other purposes including with respect to the enforcement of any judgment that may be obtained by reason of the modification of the automatic stay as provided above;

3.      The Parties consent, that notwithstanding Bankruptcy Rule 4001(a)(3), or any other Bankruptcy Rule, any order approving this stipulation shall be immediately effective and enforceable upon its entry.

*See* Marshack Declaration, Ex. 1. pgs. 17-21.

/ / /

### 5.    Legal Argument

Section 362(d)(1) allows a bankruptcy court to grant relief from the automatic stay "for cause." See 11 U.S.C. § 362(d)(1); *In re Delaney-Morin*, 304 B.R. 365, 368 (B.A.P. 9th Cir. 2003). "Because there is no clear definition of what constitutes 'cause,' discretionary relief from the stay must be determined on a case by case basis." *Mac Donald v. Mac Donald (In re Mac Donald)*, 755 F.2d 715, 717 (9th Cir. 1985).

As noted by the TCC, "[a] court should grant relief from stay and/or abstain in each of the following situations: (1) where the debtor has proposed a Trust that is capitalized with estate cash insufficient to pay claims in full if the liquidations exceed the amount estimated to capitalize the Trust, because estimation would necessarily create a limited fund or cap on the debtor's liability or ability to pay the claims in full; (2) where the debtor disputes the validity of the claims based on a factual causation issue; (3) where the parties are unable to determine the amount of money to set aside to pay the claims because the debtor disputes liability for the claims as a factual matter, the disputed claims involve a large dollar amount, and the parties would thereby be unable to negotiate a plan of reorganization that would pay the amount of claims in dispute because they have a fundamental disagreement on claim value (4) where relief from stay and abstention would result in settlement of the cases; and (5) when a trial is in the individual's or the public's interest." TCC Mot, 18:23-19:5. All such factors are met here as previously determined by this Court. Specifically, a determination of liability would, "in one fell swoop" either dispose of claims or have a favorable impact on settlement prospects.

Moreover, some courts have held that the waiver or agreement to waive the stay is the determinative factor when a motion for relief is unopposed by any party. Generally, it is "against public policy for a debtor to waive the prepetition protection of the Bankruptcy Code." *Bank of China v. Huang (In re Huang)*, 275 F.3d 1173, 1177 (9th Cir. 2002). However, postpetition waivers, when such a waiver is made after notice to unsecured creditors and an opportunity to object, have routinely been enforced. The following factors as relevant to the question whether relief from a stay should be granted based on a waiver/consent of the debtor:

(1) the sophistication of the party making the waiver;

4848-7351-4402, v. 1

(2) the consideration for the waiver, including the creditor's risk and the length of time the waiver covers;

(3) whether other parties are affected including unsecured creditors and junior lienholders;

(4) the feasibility of the debtor's plan;

(5) whether there is evidence that the waiver was obtained by coercion, fraud or mutual mistake of material facts;

(6) whether enforcing the agreement will further the legitimate public policy of encouraging out of court restructurings and settlements;

(7) whether there appears to be a likelihood of reorganization;

(8) the extent to which the creditor would be otherwise prejudiced if the waiver is not enforced;

(9) the proximity in time between the date of the waiver and the date of the bankruptcy filing and whether there was a compelling change in circumstances during that time;

(10) whether the debtor has equity in the property and the creditor is otherwise entitled to relief from stay under § 362(d).

*In re BGM Pasadena, LLC*, 2016 U.S. Dist. LEXIS 72825, at *12-13 (C.D. Cal. June 2, 2016) citing *In re Frye*, 320 B.R. 786 (Bankr. D. Vt. 2005).

Here, the Debtors do not oppose granting relief from stay and in fact executed the Stipulation to allow relief from stay. *See* Marshack Decl., Ex. 1, pgs. 17-21. Importantly, this court has previously allowed similarly situated indispensable parties to be granted relief from stay to proceed in the Tubbs trial. *See* Dk. Nos. 3643 & 3644.

Lastly, FRBP 4001(a)(3) stays "an order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) … until the expiration of 14 days after entry of the order, unless the court orders otherwise." Plainly put, FRBP 4001(a)(3) grants a period of 14 days in which to seek a stay before the creditor may take action based on the order granting relief from the automatic stay. At the same time, the rule authorizes the court to shorten or eliminate the 14-day stay. The rule does not provide the grounds on which a court would do so, but indirectly suggests that a risk of irreparable damage to the creditor would provide such grounds. Here, the Debtors have

consented that relief from stay be granted and the 14 day stay under FRBP 4001 be waived.

## 6.    Conclusion

Based on all of the above, the SLF Claimants respectfully requests this Court to enter an order approving the Stipulation and for such other and further relief as the Court deems just.

Dated: August 27, 2019

MARSHACK HAYS LLP

/s/ Richard A, Marshack
By:_____
    RICHARD A. MARSHACK
    DAVID A. WOOD
    LAILA MASUD
    Attorneys for SLF CLAIMANTS

Dated:  August 27, 2019

SINGLETON LAW FIRM, APC

/s/ Gerald Singleton
By:_____
    GERALD SINGLETON
    GARY LOCURTO
    Attorneys for SLF CLAIMANTS

4848-7351-4402, v. 1

# Declaration of Richard A. Marshack

I, Richard A. Marshack declare as follows:

1.     I am an individual over 18 years of age and competent to make this Declaration.

2.     If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3.     The facts set forth below are true of my personal knowledge.

4.     I am an attorney at law duly admitted to practice before this Court and all courts of the State of California.

5.     I am a partner in the law firm of Marshack Hays LLP, co-counsel of record for the SLF Claimants.

6.     I make this Declaration in support the SLF Claimant's motion ("Motion") for entry of an order approving the stipulation ("Stipulation") entered into between PG&E Corporation ("PG&E Corp.") and Pacific Gas and Electric Company ("Utility"), as debtors and debtors in possession (collectively, "PG&E" or the "Debtors") and the SLF Fire Victim Claimants[7] comprised of approximately 5,500 victims of the fires started by Debtors in 2015 ("Butte Fire"), 2017 (the twenty fires generally referred to as the "North Bay and Wind Complex Fires") and 2018 ("Camp Fire").

7.     On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company ("Debtors" or "PG&E") commenced with the Court voluntary cases ("Chapter 11 Cases") under chapter 11 of the United States Code ("Bankruptcy Code").

8.     Since, the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) & 1108, the Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("FRBP").

/ / /

---

[7] The claimants represented by SLF, Marshack Hays LLP and other firms are jointly referred to as the "SLF Claimants."

4848-7351-4402, v. 1

9. On February 12, 2019, the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Creditors Committee"). A torts claimants committee has also been formed ("TCC").

10. Notably, none of the SLF Claimants are members of the TCC.

11. On July 2, 2019, as Dkt. No. 2842, [8] the TCC, filed a motion ("TCC Motion") pursuant to § 362(d)(1) of title 11 of the United States Code ("Bankruptcy Code"), §§ 1334(c) and 1452(b) of title 28 of the United States Code, Rules 4001 and 5011(b) of the Federal Rules of Bankruptcy Procedure and Rule 4004-1 of the Bankruptcy Local Rules for the United States District Court for the Northern District of California. The Motion sought entry of an order terminating the automatic stay to permit certain individuals to proceed to a jury trial on their personal injury and property damage claims against the Debtors arising from the 2017 Tubbs Fire in the California Superior Court, and to request the Court in the California North Bay Fire Cases, JCCP 4955, to order the claims of those individuals to proceed to a jury trial with preference pursuant to Code of Civil Procedure § 36. On July 9, 2019, as Dkt. No. 2904, the TCC filed an amendment to the Motion to include a number of individuals with personal injury, wrongful death and property damage claims. ("TCC Preference Plaintiffs").

12. The following joinders were filed to the Motion:

(1) the joinder by Co-Lead Counsel to the North Bay Fire Cases, dated July 2, 2019 (Dkt. No. 2850);

(2) the joinder by Barbara Thompson, John Thompson, Matthew Thompson, Peter Thompson, Raymond Breitenstein, and Stephen Breitenstein, dated July 3, 2019 (Dkt. No. 2861);

(3) the joinder by John Caslin and Phyllis Lowe, dated July 11, 2019 (Dkt. No. 2929);

(4) the joinder by William Edelen, Roxanne Edelen, The William L. Edelen and Roxanne G. Edelen Trust Agreement Dated June 22, 2011, Burton Fohrman, Raleigh Fohrman, The

---

[8] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

Fohrman Family Trust Dated February 3, 1976, Jeremy Olsan, Ann DuBay, Jacob Olsan, the Jeremy L. Olsan and Ann M. DuBay Trust Dated November 29, 2011, Kathleen Groppe, Ken Kirven, Brian Kirven, and the Estate of Monte Kirven, dated July 11, 2019 (Dkt. No. 2930);

(5) the joinder by Don Louis Kamprath, Ruth Kamprath, the Donald L. Kamprath and Ruth Johnson Kamprath Revocable Trust, Elizabeth Fourkas, Pete Fourkas, Alissa Fourkas, the Fourkas Family Trust, Greg Wilson, and Christina Wilson, dated July 11, 2019 (Dkt. No. 2942);

(6) the joinder by Armando A. Berriz, Armando J. Berriz, Carmen T. Meissner, Monica Berriz, and the Estate of Carmen Caldentey Berriz, dated July 11, 2019 (Dkt. No. 2943); and

(7) the joinder by the Singleton Law Firm Victim Claimants, dated July 18, 2019, to add alleged eligible preference plaintiffs (Dkt. No. 3067) ("SLF Preference Plaintiffs") (collectively, the "TCC Preference Plaintiffs" and the "SLF Preference Plaintiffs" are referred to herein as the "Tubbs Preference Plaintiffs").

13.     On July 3, 2019, as Dkt. No. 2863, the Ad Hoc Group of Subrogation Claim Holders[9], filed a Motion for Relief from the Automatic Stay, ("Subrogation Motion").

14.     The following joinders were filed to the Subrogation Motion:

(1) the joinder filed on behalf of AMICA Mutual Insurance Company, BG Resolution Partners I-A, L.L.C. (an Affiliate of The Baupost Group, L.L.C.), Encompass Insurance Company, Fire Insurance Exchange, Hartford Accident & Indemnity Company, Liberty Insurance Corporation, Mercury Insurance, Nationwide Mutual Insurance Company, and United Services Automobile Association, dated July 12, 2019 (Dkt. No. 2959) ("July 12 Joinder"); and

(2) the joinder by State Farm Mutual Automobile Insurance Company and its affiliates and subsidiaries, dated July 15, 2019 (Dkt. No. 2983) ("July 15 Joinder"). The parties to the July

---

[9] The Ad Hoc Group of Subrogation Claim Holders includes all of the members listed on Exhibit A to the Third Amended Verified Statement of the Ad Hoc Group of Subrogation Claim Holders filed on July 17, 2019 (Dkt. No. 3020).

4848-7351-4402, v. 1

12 Joinder and the July 15 Joinder are collectively referred to herein as the "Subrogation Joining Parties."

15.     On July 19, 2019, the following papers were filed in opposition to the Motion and the Subrogation Motion: (1) the Debtors filed an objection (Dkt. No. 3104) and the declaration of Kevin J. Orsini in support thereof (Dkt. No. 3105); (2) the Official Committee of Unsecured Creditors filed an objection (Dkt. No. 3101) and the declaration of Thomas R. Kreller in support thereof (Dkt. No. 3102); (3) the Ad Hoc Committee of Senior Unsecured Noteholders filed a joinder to the Official Committee of Unsecured Creditors' objection (Dkt. No 3106); and (4) certain PG&E shareholders filed an objection (Dkt. No. 3108).

16.     On August 7, 2019, Barbara Thompson, John Thompson, Matthew Thompson, Peter Thompson, Raymond Breitenstein and Stephen Breitenstein filed a reply in support of their joinder in the Motion (Dkt. No. 3407), Sonoma Clean Power Authority filed a statement and a reservation of rights on the Motion and the Subrogation Motion (Dkt. No. 3415), and the Singleton Law Firm Victim Claimants filed a response in support of the Motion (Dkt. No. 3449).

17.     On August 14, 2019, the Court held a hearing on the Motion, the Subrogation Motion, and the joinders thereto.

18.     On August 16, 2019, as Dkt. No. 3571, the Court issued its Decision Regarding Motions for Relief from Stay ("Memorandum Decision").

19.     On August 21, 2019, as Dkt. No. 3643, an order ("Subrogation RFS Order") was entered granting the Subrogation Motion and the joinders thereto terminating the automatic stay as requested in the Subrogation Motion to allow the members of the Ad Hoc Group of Subrogation Claim Holders, including the Subrogation Joining Parties, and the respective insurers for the preference plaintiffs listed on Exhibits A and B of the Subrogation RFS Order, to pursue to judgment their claims against the Debtors regarding the issue of the Debtors' liability for the Tubbs Fire in the California Superior Court, where the claims are currently pending in JCCP 4955. A true and correct copy of the Subrogation RFS Order is attached as Exhibit "2."

/ / /

20. On August 21, 2019, as Dkt. No. 3644, an order ("TCC RFS Order") was entered granting the Motion and the joinders and terminating the automatic stay as to the alleged preference plaintiffs listed in Exhibits A and B of the RFS Order, to take any actions necessary or appropriate to prosecute their claims against the Debtors arising solely from the 2017 Tubbs Fire as set forth in the Complaints against the Debtors, attached to the Motion, and as may be amended, to judgment, and to request the California Superior Court in the California North Bay Fire Cases, JCCP 4955, to order the Tubbs Preference Plaintiffs' claims to trial with preference pursuant to Code of Civil Procedure section 36. A true and correct copy of the TCC RFS Order is attached as Exhibit "3."

21. The indispensable parties ("SLF Indispensable Parties") for the SLF Preference Plaintiffs were not listed in Exhibit B of the TCC RFS Order nor the Subrogation RFS Order. As a result, relief from stay was not granted as to the SLF Indispensable Parties' participation in any trial involving the Tubbs Fire.

/ / /

/ / /

4848-7351-4402, v. 1

22.     Specifically, the following SLF Indispensable Parties were not granted relief:

| Alleged Preference Plaintiff Granted Relief | SLF Indispensable Party Not Granted Relief |
| --- | --- |
| Thomas Howard | Jacqueline Tihoni (wife), and their trust, The T.M. & J.T. Howard 2003 Revocable Trust |
| Catherine Maffioli | Donald Maffioli (husband) |
| Evelyn Venturi | The Edward J. Venturi Family Trust (named for her late husband) |

23.     Now, SLF Claimants bring this Motion to approve the Stipulation to allow the SLF Indispensable Parties to proceed to a jury trial on their personal injury and related property damage claims against the Debtors arising from the 2017 Tubbs Fire as set forth in Complaints against PG&E, and to request the Court in the California North Bay Fire Cases, JCCP 4955, to order one or more of the cases of the Tubbs Preference Plaintiffs to trial with preference pursuant to California Code of Civil Procedure section 36. A true and correct copy of the Stipulation is attached as Exhibit "1."

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 27, 2019.

/s/ Richard A. Marshack

RICHARD A. MARSHACK

EXHIBIT 1

1 RICHARD A. MARSHACK, #107291
  rmarshack@marshackhays.com
2 DAVID A. WOOD #272406
  dwood@marshackhays.com
3 LAILA MASUD, #311731
  lmasud@marshckhays.com
4 MARSHACK HAYS LLP
  870 Roosevelt, Irvine, CA 92620
5 Tel: 949-333-7777 -/- Fax: 949-333-7778

6 GERALD SINGLETON, #208783
  JOHN C. LEMON, #175847
7 SINGLETON LAW FIRM, APC
  450 A Street, 5th Floor
8 San Diego, CA 92101
  Tel. (619) 771-3473
9 Email: gerald@slffirm.com
        john@slffirm.com
10

11 Attorneys for SLF Fire Victim Claimants

12                     UNITED STATES BANKRUPTCY COURT

13          NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

14 | In re | Case No. 19-30088 (DM) |

15 PG&E CORPORATION,                    Chapter 11

16     and,                            (Lead Case Jointly Administered)

17 PACIFIC GAS & ELECTRIC COMPANY,      STIPULATION BETWEEN DEBTORS,
                                        AND SLF FIRE CLAIMANTS RE:
18         Debtors.                     GRANTING RELIEF FROM STAY TO
                                        JOIN INDISPENSABLE PARTIES RE:
19 Affects:                             TUBBS TRIAL

20 ☐    PG&E Corporation               [HEARING REQUIRED PER RULE
                                        4001(D)(1) OF THE FEDERAL RULES OF
21 ☐    Pacific Gas & Electric Company  BANKRUPTCY PROCEDURE]

22 ☒    Both Debtors

23 * All papers shall be filed in Lead Case,
     No. 19-30088 (DM).
24

25

26 TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT

27 JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED

28 PARTIES:

[[DMS:5230340v1:08/24/2019–07:44 AM]]

EXHIBIT 1, PAGE 17

This Stipulation is entered into between PG&E Corporation ("PG&E Corp.") and Pacific Gas and Electric Company ("Utility"), as debtors and debtors in possession (collectively, "PG&E" or the "Debtors"), and the SLF Fire Victim Claimants[1] who assert they are comprised of approximately 5,300 victims of the 2015 Butte Fire, the 2017 North Bay Fires and the 2018 Camp Fire. Collectively, Debtors and the SLF Claimants are referred to as the "Parties."

## Recitals

A.    On July 2, 2019, as Dkt. No. 2842,[2] the Official Committee of Tort Claimants ("**TCC**"), filed a motion ("**Motion**") pursuant to § 362(d)(1) of title 11 of the United States Code ("**Bankruptcy Code**"), §§ 1334(c) and 1452(b) of title 28 of the United States Code, Rules 4001 and 5011(b) of the Federal Rules of Bankruptcy Procedure and Rule 4004-1 of the Bankruptcy Local Rules for the United States District Court for the Northern District of California.

B.    The Motion sought entry of an order modifying the automatic stay to permit certain individuals to proceed to a jury trial on their personal injury and property damage claims against the Debtors arising from the 2017 Tubbs Fire in the California Superior Court, and to request the Court in the California North Bay Fire Cases, JCCP 4955, to order the claims of those individuals to proceed to a jury trial with preference pursuant to Code of Civil Procedure § 36. On July 9, 2019, as Dkt. No. 2904, the TCC filed an amendment to the Motion to include additional individuals (collectively, the "**TCC Preference Plaintiffs**").

C.    The following joinders were filed to the Motion: (1) the joinder by Co-Lead Counsel to the North Bay Fire Cases, dated July 2, 2019 (Dkt. No. 2850); (2) the joinder by Barbara Thompson, John Thompson, Matthew Thompson, Peter Thompson, Raymond Breitenstein, and Stephen Breitenstein, dated July 3, 2019 (Dkt. No. 2861); (3) the joinder by John Caslin and Phyllis Lowe, dated July 11, 2019 (Dkt. No. 2929); (4) the joinder by William Edelen, Roxanne Edelen, The

---

[1] The claimants represented by SLF, Marshack Hays LLP and other firms are jointly referred to as the "SLF Claimants."

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

William L. Edelen and Roxanne G. Edelen Trust Agreement Dated June 22, 2011, Burton Fohrman, Raleigh Fohrman, The Fohrman Family Trust Dated February 3, 1976, Jeremy Olsan, Ann DuBay, Jacob Olsan, the Jeremy L. Olsan and Ann M. DuBay Trust Dated November 29, 2011, Kathleen Groppe, Ken Kirven, Brian Kirven, and the Estate of Monte Kirven, dated July 11, 2019 (Dkt. No. 2930); (5) the joinder by Don Louis Kamprath, Ruth Kamprath, the Donald L. Kamprath and Ruth Johnson Kamprath Revocable Trust, Elizabeth Fourkas, Pete Fourkas, Alissa Fourkas, the Fourkas Family Trust, Greg Wilson, and Christina Wilson, dated July 11, 2019 (Dkt. No. 2942); (6) the joinder by Armando A. Berriz, Armando J. Berriz, Carmen T. Meissner, Monica Berriz, and the Estate of Carmen Caldentey Berriz, dated July 11, 2019 (Dkt. No. 2943); and (7) the joinder by the Singleton Law Firm Victim Claimants, dated July 18, 2019, alleged eligible preference plaintiffs (Dkt. No. 3067) ("**SLF Preference Plaintiffs**") (collectively, the "TCC Preference Plaintiffs" and the "SLF Preference Plaintiffs" are referred to herein as the "**Tubbs Preference Plaintiffs**").

D. On July 3, 2019, as Dkt. No. 2863, the Ad Hoc Group of Subrogation Claim Holders[3], filed a Motion for Relief from the Automatic Stay ("**Subrogation Motion**").

E. The following joinders were filed to the Subrogation Motion: (1) the joinder filed on behalf of AMICA Mutual Insurance Company, BG Resolution Partners I-A, L.L.C. (an Affiliate of The Baupost Group, L.L.C.), Encompass Insurance Company, Fire Insurance Exchange, Hartford Accident & Indemnity Company, Liberty Insurance Corporation, Mercury Insurance, Nationwide Mutual Insurance Company, and United Services Automobile Association, dated July 12, 2019 (Dkt. No. 2959) ("**July 12 Joinder**"); and (2) the joinder by State Farm Mutual Automobile Insurance Company and its affiliates and subsidiaries, dated July 15, 2019 (Dkt. No. 2983) ("**July 15 Joinder**"). The parties to the July 12 Joinder and the July 15 Joinder are collectively referred to herein as the "**Subrogation Joining Parties**."

F. On July 19, 2019, the following pleadings were filed in opposition to the Motion and

---

[3] The Ad Hoc Group of Subrogation Claim Holders includes all of the members listed on Exhibit A to the Third Amended Verified Statement of the Ad Hoc Group of Subrogation Claim Holders filed on July 17, 2019 (Dkt. No. 3020).

STIPULATION BETWEEN DEBTORS AND SLF FIRE CLAIMANTS RE: GRANTING RELIEF FROM STAY TO JOIN INDISPENSABLE PARTIES

4838-8245-1106, v. 1
4843-4115-9838v.1 0112895-000001
[[DMS:5230340v1:08/24/2019--07:44 AM]]

the Subrogation Motion: (1) the Debtors filed an objection (Dkt. No. 3104) and the declaration of Kevin J. Orsini in support thereof (Dkt. No. 3105); (2) the Official Committee of Unsecured Creditors filed an objection (Dkt. No. 3101) and the declaration of Thomas R. Kreller in support thereof (Dkt. No. 3102); (3) the Ad Hoc Committee of Senior Unsecured Noteholders filed a joinder to the Official Committee of Unsecured Creditors' objection (Dkt. No 3106); and (4) certain PG&E shareholders filed an objection (Dkt. No. 3108).

G. On August 7, 2019, Barbara Thompson, John Thompson, Matthew Thompson, Peter Thompson, Raymond Breitenstein and Stephen Breitenstein filed a reply in support of their joinder in the Motion (Dkt. No. 3407), Sonoma Clean Power Authority filed a statement and a reservation of rights on the Motion and the Subrogation Motion (Dkt. No. 3415), and the Singleton Law Firm Victim Claimants filed a response in support of the Motion (Dkt. No. 3449).

H. On August 14, 2019, the Court held a hearing on the Motion, the Subrogation Motion, and the joinders thereto.

I. On August 16, 2019, as Dkt. No. 3571, the Court issued its Decision Regarding Motions for Relief from Stay ("**Memorandum Decision**").

J. On August 21, 2019, as Dkt. No. 3643, an order ("**Subrogation RFS Order**") was entered granting the Subrogation Motion and the joinders thereto as provided in the Subrogation RFS Order.

K. On August 21, 2019, as Dkt. No. 3644, an order ("**TCC RFS Order**") was entered granting the Motion and the joinders as provided in the TCC RFS Order.

L. The alleged indispensable parties for the SLF Preference Plaintiffs ("**SLF Indispensable Parties**") were not listed in Exhibit B of the TCC RFS Order nor the Subrogation RFS Order. As a result, relief from stay was not granted as to the SLF Indispensable Parties.

M. Specifically, the following SLF Indispensable Parties were not granted relief:

| Alleged Preference Plaintiff Granted Relief | Alleged Indispensable Party Not Granted Relief |
|---|---|
| Thomas Howard | Jacqueline Tihoni (wife), and their trust, The |

STIPULATION BETWEEN DEBTORS AND SLF FIRE CLAIMANTS RE: GRANTING RELIEF FROM STAY TO JOIN INDISPENSABLE PARTIES

4838-8245-1106, v. 1
4843-4115-9838v.1 0112895-000001
[[DMS:5230340v1:08/24/2019--07:44 AM]]

| | T.M. & J.T. Howard 2003 Revocable Trust |
|---|---|
| Catherine Maffioli | Donald Maffioli (husband) |
| Evelyn Venturi | The Edward J. Venturi Family Trust (named for her late husband) |

WHEREFORE, the Parties stipulate as follows:

1. The automatic stay is modified as to the SLF Indispensable Parties, namely (1) Jacqueline Tihoni, (2) The T.M. & J.T. Howard 2003 Revocable Trust; (3) Donald Maffioli; and (4) The Edward J. Venturi Family Trust to the same extent as provided in the TCC RFS Order.

2. The automatic stay shall remain in full force and effect for all other purposes including with respect to the enforcement of any judgment that may be obtained by reason of the modification of the automatic stay as provided above.

3. The Parties consent, that notwithstanding Bankruptcy Rule 4001(a)(3), or any other Bankruptcy Rule, any order approving this stipulation shall be immediately effective and enforceable upon its entry.

4. The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of any order approving this Stipulation.

Dated: August 26, 2019        MARSHACK HAYS LLP

By:___/s/ Richard A. Marshack_____
     RICHARD A. MARSHACK
     Attorneys for SLF CLAIMANTS

Dated: August 26, 2019        CRAVATH, SWAINE, & MOORE, LLP

By:___/s/ Kevin J. Orsini_____
     KEVIN J. ORSINI
     Attorneys for PG&E

STIPULATION BETWEEN DEBTORS AND SLF FIRE CLAIMANTS RE: GRANTING RELIEF FROM STAY TO JOIN INDISPENSABLE PARTIES

4838-8245-1106, v. 1
4843-4115-9838v.1 0112895-000001
[[DMS:5230340v1:08/24/2019--07:44 AM]]

EXHIBIT 1, PAGE 21

EXHIBIT 2

Case: 19-30088    Doc# 3725    Filed: 08/27/19    Entered: 08/27/19 18:52:37    Page 23
of 41

**Entered on Docket**
**August 21, 2019**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



1  **DIEMER & WEI, LLP**

2  Kathryn S. Diemer (#133977)
   100 West San Fernando Street, Suite 555
3  San Jose, CA 95113
   Telephone: (408) 971-6270
4  Facsimile: (408) 971-6271
   Email: kdiemer@diemerwei.com
5

6  **WILLKIE FARR & GALLAGHER LLP**

7  Matthew A. Feldman (*pro hac vice*)
   Joseph G. Minias (*pro hac vice*)
8  Benjamin P. McCallen (*pro hac vice*)
   787 Seventh Avenue
9  New York, NY 10019-6099
   Telephone: (212) 728-8000
10 Facsimile: (212) 728-8111
   Email: mfeldman@willkie.com
11         jminias@willkie.com
           bmccallen@willkie.com
12

13 *Counsel for Ad Hoc Group of Subrogation*
   *Claim Holders*
14

Signed and Filed: August 21, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

15                **UNITED STATES BANKRUPTCY COURT**
                  **NORTHERN DISTRICT OF CALIFORNIA**
16                    **SAN FRANCISCO DIVISION**

17 In re:                              | Case No. 19-30088

18 PG&E CORPORATION,                   | Chapter 11

19         - and -                      | (Lead Case)

20 PACIFIC GAS AND ELECTRIC            | (Jointly Administered)
   COMPANY,
21                        Debtors.     | **ORDER GRANTING THE MOTION OF THE**
                                        | **AD HOC GROUP OF SUBROGATION CLAIM**
22                                      | **HOLDERS FOR RELIEF FROM THE**
   ☐ Affects PG&E Corporation          | **AUTOMATIC STAY**
23 ☐ Affects Pacific Gas and Electric
   Company
24 ☑ Affects both Debtors
25

26 *All papers shall be filed in the lead*
   *case, No. 19-30088 (DM)*
27

28

The Official Committee of Tort Claimants (the "**TCC**"), on July 2, 2019, filed a motion

(the "**Motion**") (Dkt. No. 2842),[1] pursuant to section 362(d)(1) of title 11 of the United States

Code (the "**Bankruptcy Code**"), sections 1334(c) and 1452(b) of title 28, Rules 4001 and

5011(b) of the Federal Rules of Bankruptcy Procedure and Rule 4004-1 of the Bankruptcy

Local Rules for the United States District Court for the Northern District of California for entry

of an order terminating the automatic stay to permit certain individuals to proceed to a jury trial

on their personal injury and property damage claims against the Debtors arising from the 2017

Tubbs Fire in the California Superior Court, and to request the Court in the California North

Bay Fire Cases, JCCP 4955, to order the claims of those individuals to proceed to a jury trial

with preference pursuant to Code of Civil Procedure section 36.  On July 9, 2019, the TCC filed

an amendment to the Motion to include a number of individuals with personal injury, wrongful

death and property damage claims, as listed on **Exhibit A** hereto (the "**Tubbs Preference**

**Plaintiffs**") (Dkt. No. 2904).

The following joinders were filed to the Motion:  (1) the joinder by Co-Lead Counsel to

the North Bay Fire Cases, dated July 2, 2019 (Dkt. No. 2850); (2) the joinder by Barbara

Thompson, John Thompson, Matthew Thompson, Peter Thompson, Raymond Breitenstein, and

Stephen Breitenstein, dated July 3, 2019 (Dkt. No. 2861); (3) the joinder by John Caslin and

Phyllis Lowe, dated July 11, 2019 (Dkt. No. 2929); (4) the joinder by William Edelen, Roxanne

Edelen, The William L. Edelen and Roxanne G. Edelen Trust Agreement Dated June 22, 2011,

Burton Fohrman, Raleigh Fohrman, The Fohrman Family Trust Dated February 3, 1976, Jeremy

Olsan, Ann DuBay, Jacob Olsan, the Jeremy L. Olsan and Ann M. DuBay Trust Dated

November 29, 2011, Kathleen Groppe, Ken Kirven, Brian Kirven, and the Estate of Monte

Kirven, dated July 11, 2019 (Dkt. No. 2930); (5) the joinder by Don Louis Kamprath, Ruth

Kamprath, the Donald L. Kamprath and Ruth Johnson Kamprath Revocable Trust, Elizabeth

Fourkas, Pete Fourkas, Alissa Fourkas, the Fourkas Family Trust, Greg Wilson, and Christina

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

| | |
|---|---|
| 1 | Wilson, dated July 11, 2019 (Dkt. No. 2942); (7) the joinder by Armando A. Berriz, Armando J. |
| 2 | Berriz, Carmen T. Meissner, Monica Berriz, and the Estate of Carmen Caldentey Berriz, dated |
| 3 | July 11, 2019 (Dkt. No. 2943); and (8) the joinder by the Singleton Law Firm Victim Claimants, |
| 4 | dated July 18, 2019, to add the individuals listed on **Exhibit B** hereto (Dkt. No. 3067). |
| 5 |       The Ad Hoc Group of Subrogation Claim Holders[2], on July 3, 2019, filed a Motion for |
| 6 | Relief from the Automatic Stay, dated July 3, 2019 (the "**Subrogation Motion**") (Dkt. No. |
| 7 | 2863). The following joinders were filed to the Subrogation Motion: (1) the joinder filed on |
| 8 | behalf of AMICA Mutual Insurance Company, BG Resolution Partners I-A, L.L.C. (an Affiliate |
| 9 | of The Baupost Group, L.L.C.), Encompass Insurance Company, Fire Insurance Exchange, |
| 10 | Hartford Accident & Indemnity Company, Liberty Insurance Corporation, Mercury Insurance, |
| 11 | Nationwide Mutual Insurance Company, and United Services Automobile Association, dated |
| 12 | July 12, 2019 (Dkt. No. 2959) (the "**July 12 Joinder**"); and (2) the joinder by State Farm |
| 13 | Mutual Automobile Insurance Company and its affiliates and subsidiaries, dated July 15, 2019 |
| 14 | (Dkt. No. 2983) (the "**July 15 Joinder**"). The parties to the July 12 Joinder and the July 15 |
| 15 | Joinder are collectively referred to herein as the "**Subrogation Joining Parties**." |
| 16 |       On July 19, 2019, the following papers were filed in opposition to the Motion and the |
| 17 | Subrogation Motion: (1) the Debtors filed an objection (Dkt. No. 3104) and the declaration of |
| 18 | Kevin J. Orsini in support thereof (Dkt. No. 3105); (2) the Official Committee of Unsecured |
| 19 | Creditors filed an objection (Dkt. No. 3101) and the declaration of Thomas R. Kreller in support |
| 20 | thereof (Dkt. No. 3102); (3) the Ad Hoc Committee of Senior Unsecured Noteholders filed a |
| 21 | joinder to the Official Committee of Unsecured Creditors' objection (Dkt. No 3106); and (4) |
| 22 | certain PG&E shareholders filed an objection (Dkt. No. 3108). |
| 23 |       On August 7, 2019, Barbara Thompson, John Thompson, Matthew Thompson, Peter |
| 24 | Thompson, Raymond Breitenstein and Stephen Breitenstein filed a reply in support of their |
| 25 | |
| 26 | |
| 27 | [2] The Ad Hoc Group of Subrogation Claim Holders includes all of the members listed on Exhibit A to the Third Amended Verified Statement of the Ad Hoc Group of Subrogation Claim Holders filed on July 17, 2019 (Dkt. No. 3020). |
| 28 | |

joiner in the Motion (Dkt. No. 3407), Sonoma Clean Power Authority filed a statement and a reservation of rights on the Motion and the Subrogation Motion (Dkt. No. 3415), and the Singleton Law Firm Victim Claimants filed a response in support of the Motion (Dkt. No. 3449).

On August 14, 2019, the Court held a hearing on the Motion, the Subrogation Motion, and the joinders thereto. The Court considered the Motion, the declarations of Steven M. Campora, Robert A. Julian, and Brent C. Williams, the amended declaration of Michael A. Kelly, the joinders to the Motion, the replies in support of the Motion, the Subrogation Motion, the declaration of Benjamin P. McCallen, the joinders to the Subrogation Motion, the oppositions of the Debtors, the Official Committee of Unsecured Creditors, the Ad Hoc Committee of Senior Unsecured Noteholders, and the PG&E shareholders, and the declarations of Kevin J. Orsini and Thomas R. Kreller. On August 16, 2019, the Court issued its Decision Regarding Motions for Relief from Stay ("**Memorandum Decision**") (Dkt. No. 3571).

Now therefore, the Court having considered the papers and the argument of counsel at the hearing, and for the reasons stated in the Memorandum Decision, **IT IS HEREBY ORDERED THAT:**

1. The Subrogation Motion and the joinders thereto are granted and the automatic stay is terminated as requested in the Subrogation Motion to allow the members of the Ad Hoc Group of Subrogation Claim Holders, including the Subrogation Joining Parties, and the respective insurers for the preference plaintiffs listed on Exhibits A and B hereto, to pursue to judgment their claims against the Debtors regarding the issue of the Debtors' liability for the Tubbs Fire in the California Superior Court, where the claims are currently pending in JCCP 4955.

2. The automatic stay shall remain in full force and effect for all other purposes including with respect to the enforcement of any judgment that may be obtained by reason of the termination of the automatic stay as provided above.

1        3.     Notwithstanding Bankruptcy Rule 4001(a)(3), or any other Bankruptcy Rule, this

2    Order shall be immediately effective and enforceable upon its entry.

3        4.     This Court shall retain jurisdiction to hear and determine all matters arising from

4    or related to the implementation, interpretation, or enforcement of this Order.

5

6                      *** END OF ORDER ***

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>**EXHIBIT A**</u>

2

3 <u>**Alleged Tubbs Preference Plaintiffs Identified in the Motion and Alleged Indispensable Parties Thereto**</u>

4 Barbara Thompson (Joinder Dkt. No. 2861)

5     <u>Indispensable Party</u>:  John Thompson (Joinder Dkt. No. 2861)

6     <u>Indispensable Party</u>:  Matthew Thompson (Joinder Dkt. No. 2861)

7     <u>Indispensable Party</u>:  Peter Thompson (Joinder Dkt. No. 2861)

8 Raymond Breitenstein (Joinder Dkt. No. 2861)

9     <u>Indispensable Party</u>:  Stephen Breitenstein (Joinder Dkt. No. 2861)

10 John Caslin (Joinder Dkt. No. 2929)

11 Phyllis Lowe (Joinder Dkt. No. 2929)

12 William Edelen (Joinder Dkt. No. 2930)

13     <u>Indispensable Party</u>:  Roxanne Edelen (Joinder Dkt. No. 2930)

14     <u>Indispensable Party</u>:  The William L. Edelen and Roxanne G. Edelen Trust Agreement Dated June 22, 2011 (Joinder Dkt. No. 2930)

15

16 Burton Fohrman (Joinder Dkt. No. 2930)

17     <u>Indispensable Party</u>:  Raleigh Fohrman (Joinder Dkt. No. 2930)

18     <u>Indispensable Party</u>:  The Fohrman Family Trust Dated February 3, 1976 (Joinder Dkt. No. 2930)

19     <u>Indispensable Party</u>:  Jeremy Olsan (Joinder Dkt. No. 2930)

20     <u>Indispensable Party</u>:  Ann DuBay (Joinder Dkt. No. 2930)

21     <u>Indispensable Party</u>:  Jacob Olsan (Joinder Dkt. No. 2930)

22     <u>Indispensable Party</u>:  The Jeremy L. Olsan and Ann M. DuBay Trust Dated November 29, 2011 (Joinder Dkt. No. 2930)

23

24 Heirs of decedent Monte Kirven (Kathleen Groppe, Ken Kirven and Brian Kirven) (Joinder Dkt. No. 2930)

25     <u>Indispensable Party</u>:  Kathleen Groppe (Joinder Dkt. No. 2930)

26     <u>Indispensable Party</u>:  Ken Kirven (Joinder Dkt. No. 2930)

27     <u>Indispensable Party</u>:  Brian Kirven (Joinder Dkt. No. 2930)

28

1    <u>Indispensable Party</u>:  The Estate of Monte Kirven (Joinder Dkt. No. 2930)

2   Don Louis Kamprath (Joinder Dkt. No. 2942)

3        <u>Indispensable Party</u>:  Ruth Kamprath (Joinder Dkt. No. 2942)

4        <u>Indispensable Party</u>:  The Donald L. Kamprath and Ruth Johnson Kamprath Revocable
         Trust (Joinder Dkt. No. 2942)

5
6   Elizabeth Fourkas (Joinder Dkt. No. 2942)

7        <u>Indispensable Party</u>:  Pete Fourkas (Joinder Dkt. No. 2942)

8        <u>Indispensable Party</u>:  Alissa Fourkas (Joinder Dkt. No. 2942)

9        <u>Indispensable Party</u>:  The Fourkas Family Trust (Joinder Dkt. No. 2942)

10  Greg Wilson (Joinder Dkt. No. 2942)

11  Christina Wilson (Joinder Dkt. No. 2942)

12  Armando A. Berriz (Joinder Dkt. No. 2943)

13  Heirs of Carmen Caldentey Berriz (Armando J. Berriz, Carmen T. Meissner, Monica Berriz)
    (Joinder Dkt. No. 2943)

14       <u>Indispensable Party</u>:  The Estate of Carmen Caldentey Berriz (Joinder Dkt. No. 2943)

15       <u>Indispensable Party</u>:  Armando J. Berriz (Joinder Dkt. No. 2943)

16       <u>Indispensable Party</u>:  Carmen T. Meissner (Joinder Dkt. No. 2943)

17       <u>Indispensable Party</u>:  Monica Berriz (Joinder Dkt. No. 2943)

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 2, PAGE 28

1

2                                   **EXHIBIT B**

3 **Preference Plaintiffs Identified in Joinder of Singleton Law Firm Victim Claimants (Dkt. No. 3067)**

4 Thomas Milton Howard

5 Catherine Maffioli

6 Glenda Samson

7 Barbara Spengler

8 Evelyn Venturi

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT SERVICE LIST**

ECF Recipients Only.

EXHIBIT 3

Case: 19-30088    Doc# 3725    Filed: 08/27/19    Entered: 08/27/19 18:52:37    Page 33
of 41



1 | Robert A. Julian (SBN 88469)
2 | Cecily A. Dumas (SBN 111449)
  | BAKER & HOSTETLER LLP
3 | 1160 Battery Street, Suite 100
  | San Francisco, CA 94111
4 | Telephone:    628.208.6434
  | Facsimile:     310.820.8859
5 | Email: rjulian@bakerlaw.com
  | Email: cdumas@bakerlaw.com

**Signed and Filed: August 21, 2019**

_[signature]_

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

6 | Eric E. Sagerman (SBN 155496)
7 | Lauren T. Attard (SBN 320898)
  | BAKER & HOSTETLER LLP
  | 11601 Wilshire Boulevard
8 | Suite 1400
  | Los Angeles, CA 90025
9 | Telephone:    310.820.8800
  | Facsimile:     310.820.8859
10 | Email: esagerman@bakerlaw.com
   | Email: lattard@bakerlaw.com

11

12 | _Counsel for Official Committee of Tort Claimants_

13 | **UNITED STATES BANKRUPTCY COURT**
   | **NORTHERN DISTRICT OF CALIFORNIA**
14 | **SAN FRANCISCO DIVISION**

15 | **In re:** | Bankruptcy Case
   |           | No. 19-30088 (DM)
16 | **PG&E CORPORATION**
   |                          | Chapter 11
17 |          -and-           | (Lead Case)
   |                          | (Jointly Administered)
18 | **PACIFIC GAS AND ELECTRIC**
   | **COMPANY,**
19 |               **Debtors.** | **ORDER GRANTING THE MOTION OF**
   |                            | **THE OFFICIAL COMMITTEE OF**
20 | ☐ Affects PG&E Corporation | **TORT CLAIMANTS FOR RELIEF**
   |                            | **FROM AUTOMATIC STAY**
21 | ☐ Affects Pacific Gas and Electric Company
22 | ■ Affects both Debtors
23 | _*All papers shall be filed in the Lead Case,_
   | _No. 19-30088 (DM)_
24
25
26
27
28

_Vertical left margin: BAKER & HOSTETLER LLP / ATTORNEYS AT LAW / SAN FRANCISCO_

1  The Official Committee of Tort Claimants (the "**TCC**"), on July 2, 2019, filed a motion
2  (the "**Motion**") (Dkt. No. 2842),[1] pursuant to section 362(d)(1) of title 11 of the United States Code
3  (the "**Bankruptcy Code**"), sections 1334(c) and 1452(b) of title 28, Rules 4001 and 5011(b) of the
4  Federal Rules of Bankruptcy Procedure and Rule 4004-1 of the Bankruptcy Local Rules for the
5  United States District Court for the Northern District of California for entry of an order terminating
6  the automatic stay to permit certain individuals to proceed to a jury trial on their personal injury
7  and property damage claims against the Debtors arising from the 2017 Tubbs Fire in the California
8  Superior Court, and to request the Court in the California North Bay Fire Cases, JCCP 4955, to
9  order the claims of those individuals to proceed to a jury trial with preference pursuant to Code of
10  Civil Procedure section 36. On July 9, 2019, the TCC filed an amendment to the Motion to include
11  a number of individuals with personal injury, wrongful death and property damage claims, as listed
12  on **Exhibit A** hereto (the "**Tubbs Preference Plaintiffs**") (Dkt. No. 2904).

13  The following joinders were filed to the Motion: (1) the joinder by Co-Lead Counsel to the
14  North Bay Fire Cases, dated July 2, 2019 (Dkt. No. 2850); (2) the joinder by Barbara Thompson,
15  John Thompson, Matthew Thompson, Peter Thompson, Raymond Breitenstein, and Stephen
16  Breitenstein, dated July 3, 2019 (Dkt. No. 2861); (3) the joinder by John Caslin and Phyllis Lowe,
17  dated July 11, 2019 (Dkt. No. 2929); (4) the joinder by William Edelen, Roxanne Edelen, The
18  William L. Edelen and Roxanne G. Edelen Trust Agreement Dated June 22, 2011, Burton Fohrman,
19  Raleigh Fohrman, The Fohrman Family Trust Dated February 3, 1976, Jeremy Olsan, Ann DuBay,
20  Jacob Olsan, the Jeremy L. Olsan and Ann M. DuBay Trust Dated November 29, 2011, Kathleen
21  Groppe, Ken Kirven, Brian Kirven, and the Estate of Monte Kirven, dated July 11, 2019 (Dkt. No.
22  2930); (5) the joinder by Don Louis Kamprath, Ruth Kamprath, the Donald L. Kamprath and Ruth
23  Johnson Kamprath Revocable Trust, Elizabeth Fourkas, Pete Fourkas, Alissa Fourkas, the Fourkas
24  Family Trust, Greg Wilson, and Christina Wilson, dated July 11, 2019 (Dkt. No. 2942); (7) the
25  joinder by Armando A. Berriz, Armando J. Berriz, Carmen T. Meissner, Monica Berriz, and the
26  Estate of Carmen Caldentey Berriz, dated July 11, 2019 (Dkt. No. 2943); and (8) the joinder by the

27

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

28

- 2 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   Singleton Law Firm Victim Claimants, dated July 18, 2019, to add the individuals listed on

2   **Exhibit B** hereto (Dkt. No. 3067).

3          The Ad Hoc Group of Subrogation Claim Holders[2], on July 3, 2019, filed a Motion for

4   Relief from the Automatic Stay, dated July 3, 2019 (the "**Subrogation Motion**") (Dkt. No. 2863).

5   The following joinders were filed to the Subrogation Motion:  (1) the joinder filed on behalf of

6   AMICA Mutual Insurance Company, BG Resolution Partners I-A, L.L.C. (an Affiliate of The

7   Baupost Group, L.L.C.), Encompass Insurance Company, Fire Insurance Exchange, Hartford

8   Accident & Indemnity Company, Liberty Insurance Corporation, Mercury Insurance, Nationwide

9   Mutual Insurance Company, and United Services Automobile Association, dated July 12, 2019

10  (Dkt. No. 2959) (the "**July 12 Joinder**"); and (2) the joinder by State Farm Mutual Automobile

11  Insurance Company and its affiliates and subsidiaries, dated July 15, 2019 (Dkt. No. 2983) (the

12  "**July 15 Joinder**").  The parties to the July 12 Joinder and the July 15 Joinder are collectively

13  referred to herein as the "**Subrogation Joining Parties**."

14         On July 19, 2019, the following papers were filed in opposition to the Motion and the

15  Subrogation Motion:  (1) the Debtors filed an objection (Dkt. No. 3104) and the declaration of

16  Kevin J. Orsini in support thereof (Dkt. No. 3105); (2) the Official Committee of Unsecured

17  Creditors filed an objection (Dkt. No. 3101) and the declaration of Thomas R. Kreller in support

18  thereof (Dkt. No. 3102); (3) the Ad Hoc Committee of Senior Unsecured Noteholders filed a joinder

19  to the Official Committee of Unsecured Creditors' objection (Dkt. No 3106); and (4) certain PG&E

20  shareholders filed an objection (Dkt. No. 3108).

21         On August 7, 2019, Barbara Thompson, John Thompson, Matthew Thompson, Peter

22  Thompson, Raymond Breitenstein and Stephen Breitenstein filed a reply in support of their joinder

23  in the Motion (Dkt. No. 3407), Sonoma Clean Power Authority filed a statement and a reservation

24  of rights on the Motion and the Subrogation Motion (Dkt. No. 3415), and the Singleton Law Firm

25  Victim Claimants filed a response in support of the Motion (Dkt. No. 3449).

26  ───────────────────

27  [2] The Ad Hoc Group of Subrogation Claim Holders includes all of the members listed on Exhibit A to the Third
    Amended Verified Statement of the Ad Hoc Group of Subrogation Claim Holders filed on July 17, 2019 (Dkt. No.
28  3020).

- 3 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

On August 14, 2019, the Court held a hearing on the Motion, the Subrogation Motion, and the joinders thereto. The Court considered the Motion, the declarations of Steven M. Campora, Robert A. Julian, and Brent C. Williams, the amended declaration of Michael A. Kelly, the joinders to the Motion, the replies in support of the Motion, the Subrogation Motion, the declaration of Benjamin P. McCallen, the joinders to the Subrogation Motion, the oppositions of the Debtors, the Official Committee of Unsecured Creditors, the Ad Hoc Committee of Senior Unsecured Noteholders, and the PG&E shareholders, and the declarations of Kevin J. Orsini and Thomas R. Kreller. On August 16, 2019, the Court issued its Decision Regarding Motions for Relief from Stay ("**Memorandum Decision**") (Dkt. No. 3571).

Now therefore, the Court having considered the papers and the argument of counsel at the hearing, and for the reasons stated in the Memorandum Decision, **IT IS HEREBY ORDERED THAT**:

1. The Motion and the joinders thereto are granted and the automatic stay is terminated as to the alleged preference plaintiffs listed on Exhibits A and B hereto, to take any actions necessary or appropriate to prosecute their claims against the Debtors arising solely from the 2017 Tubbs Fire as set forth in the Complaints against the Debtors, attached to the Motion, and as may be amended, to judgment, and to request the California Superior Court in the California North Bay Fire Cases, JCCP 4955, to order the Tubbs Preference Plaintiffs' claims to trial with preference pursuant to Code of Civil Procedure section 36.

2. The automatic stay shall remain in full force and effect for all other purposes including with respect to the enforcement of any judgment that may be obtained by reason of the termination of the automatic stay as provided above.

3. Notwithstanding Bankruptcy Rule 4001(a)(3), or any other Bankruptcy Rule, this Order shall be immediately effective and enforceable upon its entry.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

- 4 -

Baker & Hostetler LLP
Attorneys at Law
San Francisco

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  **EXHIBIT A**

2  **Alleged Tubbs Preference Plaintiffs Identified in the Motion and Alleged Indispensable**
   **Parties Thereto**

3

4  Barbara Thompson (Joinder Dkt. No. 2861)

5      Indispensable Party:  John Thompson (Joinder Dkt. No. 2861)

      Indispensable Party:  Matthew Thompson (Joinder Dkt. No. 2861)

6

7      Indispensable Party:  Peter Thompson (Joinder Dkt. No. 2861)

   Raymond Breitenstein (Joinder Dkt. No. 2861)

8

9      Indispensable Party:  Stephen Breitenstein (Joinder Dkt. No. 2861)

10  John Caslin (Joinder Dkt. No. 2929)

11  Phyllis Lowe (Joinder Dkt. No. 2929)

12  William Edelen (Joinder Dkt. No. 2930)

13      Indispensable Party:  Roxanne Edelen (Joinder Dkt. No. 2930)

14      Indispensable Party:  The William L. Edelen and Roxanne G. Edelen Trust Agreement
        Dated June 22, 2011 (Joinder Dkt. No. 2930)

15  Burton Fohrman (Joinder Dkt. No. 2930)

16      Indispensable Party:  Raleigh Fohrman (Joinder Dkt. No. 2930)

17      Indispensable Party:  The Fohrman Family Trust Dated February 3, 1976 (Joinder Dkt.
        No. 2930)

18

19      Indispensable Party:  Jeremy Olsan (Joinder Dkt. No. 2930)

20      Indispensable Party:  Ann DuBay (Joinder Dkt. No. 2930)

21      Indispensable Party:  Jacob Olsan (Joinder Dkt. No. 2930)

22      Indispensable Party:  The Jeremy L. Olsan and Ann M. DuBay Trust Dated November 29,
        2011 (Joinder Dkt. No. 2930)

23  Heirs of decedent Monte Kirven (Kathleen Groppe, Ken Kirven and Brian Kirven) (Joinder Dkt.
    No. 2930)

24

25      Indispensable Party:  Kathleen Groppe (Joinder Dkt. No. 2930)

26      Indispensable Party:  Ken Kirven (Joinder Dkt. No. 2930)

      Indispensable Party:  Brian Kirven (Joinder Dkt. No. 2930)

27

28      Indispensable Party:  The Estate of Monte Kirven (Joinder Dkt. No. 2930)

                                    - 1 -

Case: 19-30088   Doc# 3644   Filed: 08/21/19   Entered: 08/21/19 16:26:39   Page 5 of
8
Case: 19-30088   Doc# 3725   Filed: 08/27/19   Entered: 08/27/19 15:52:37   Page 38
of 41

EXHIBIT 3, PAGE 35

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Don Louis Kamprath (Joinder Dkt. No. 2942)

    <u>Indispensable Party</u>:  Ruth Kamprath (Joinder Dkt. No. 2942)

    <u>Indispensable Party</u>:  The Donald L. Kamprath and Ruth Johnson Kamprath Revocable Trust (Joinder Dkt. No. 2942)

Elizabeth Fourkas (Joinder Dkt. No. 2942)

    <u>Indispensable Party</u>:  Pete Fourkas (Joinder Dkt. No. 2942)

    <u>Indispensable Party</u>:  Alissa Fourkas (Joinder Dkt. No. 2942)

    <u>Indispensable Party</u>:  The Fourkas Family Trust (Joinder Dkt. No. 2942)

Greg Wilson (Joinder Dkt. No. 2942)

Christina Wilson (Joinder Dkt. No. 2942)

Armando A. Berriz (Joinder Dkt. No. 2943)

Heirs of Carmen Caldentey Berriz (Armando J. Berriz, Carmen T. Meissner, Monica Berriz) (Joinder Dkt. No. 2943)

    <u>Indispensable Party</u>:  The Estate of Carmen Caldentey Berriz (Joinder Dkt. No. 2943)

    <u>Indispensable Party</u>:  Armando J. Berriz (Joinder Dkt. No. 2943)

    <u>Indispensable Party</u>:  Carmen T. Meissner (Joinder Dkt. No. 2943)

    <u>Indispensable Party</u>:  Monica Berriz (Joinder Dkt. No. 2943)

- 2 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

**Exhibit B**

2
**Preference Plaintiffs Identified in Joinder of Singleton Law Firm Victim Claimants (Dkt. No. 3067)**

3
Thomas Milton Howard

4
Catherine Maffioli

5
Glenda Samson

6
Barbara Spengler

7
Evelyn Venturi

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  <u>**SERVICE LIST**</u>

2

3  U.S. Nuclear Regulatory Commission
   Attn: General Counsel
4  Washington, D.C. 20555-0001

5  PG&E Corporation and
   Pacific Gas and Electric Company
6  Attn: Janet Loduca
   77 Beale Street
7  P.O. Box 770000
   San Francisco, CA 94105

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -

EXHIBIT 3, PAGE 38