WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**FIFTH OMNIBUS MOTION OF THE DEBTORS PURSUANT TO 11 U.S.C § 365(a), FED. R. BANKR. P. 6006, AND B.L.R. 6006-1 FOR AN ORDER APPROVING ASSUMPTION OF CERTAIN REAL PROPERTY LEASES**<br><br>**("LEASE ASSUMPTION MOTION")**<br><br>Date: September 24, 2019<br>Time: 9:30am (Pacific Time)<br>Place: United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102<br>Judge: Hon. Dennis Montali<br><br>**Objection Deadline:** September 10, 2019, 4pm (Pacific Time) |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

> **NOTICE TO COUNTERPARTIES**
>
> **This Motion seeks to assume certain leases and land-related agreements. A list of the Real Property Leases (as defined below) sought to be assumed pursuant to this Motion is annexed hereto as <u>Exhibit B</u>. If you have received this Motion and are a counterparty to a lease or land-related agreement with PG&E Corporation or Pacific Gas and Electric Company, please review <u>Exhibit B</u> to determine if this Motion affects your lease or land-related agreement and your rights thereunder.**

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to section 365(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 6006-1 of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for an order (i) approving the Debtors' assumption of certain nonresidential real property leases and other land-related agreements (each a "**Real Property Lease**" and collectively, the "**Real Property Leases**"), (ii) authorizing the Debtors to make Cure Payments (as defined below) totaling $225,950.62 in connection with the Real Property Leases, (iii) following such payments and the removal of the Liens (as defined below) asserted on the underlying properties associated with the Real Property Leases, barring the lessors from asserting that any default exists under the Real Property Leases, and (iv) granting related relief.

In support of the Motion, the Debtors submit the Declaration of Mark Redford (the "**Redford Declaration**") and the Declaration of Andrew K. Williams (the "**Williams Declaration**") filed contemporaneously herewith. A proposed form of order granting the relief requested herein is annexed hereto as **<u>Exhibit A</u>** (the "**Proposed Order**").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal. Feb. 22, 2016), and Rule 5011-1(a) of the Bankruptcy Local Rules. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

## III. THE DEBTORS' REAL PROPERTY LEASES

The Debtors are party to numerous real property leases and land-related agreements providing for the Debtors' access to, among other things, offices, warehouses, parking and storage yards, aircraft hangars, data centers, telecommunications facilities, and gas and electric generation and transmission infrastructure, which are used by the Debtors in connection with their ongoing business

operations. The Debtors received an extension of the deadline to assume their nonresidential real property leases until August 27, 2019 by the *Motion of Debtors For Entry of Order Pursuant to 11 U.S.C. § 365(d)(4) and B.L.R. 6006-1 Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property* [Docket No. 1805]. Where the consent of the applicable lessor has been obtained, a further extension to this deadline is being sought by the Debtors pursuant to the *Motion of Debtors For Entry of Order Pursuant to 11 U.S.C. § 365(d)(4) and B.L.R. 6006-1 Further Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property* [Docket No. 3396].

By this Motion, the Debtors seek to assume certain of their nonresidential real property leases and other land-related agreements[1] where the Debtors have determined that assumption is in the best interest of the Debtors and their estates. Certain of the Real Property Leases may not be unexpired leases of nonresidential real property under applicable law and, therefore, may not be subject to the assumption or rejection deadline under section 365(d)(4)(A) of the Bankruptcy Code. Out of an abundance of caution, however, the Debtors seek to assume the Real Property Leases that are critical to the Debtors' continued business operations. A schedule of the Real Property Leases to be assumed by the Debtors pursuant to the Motion along with any Cure Payments to be made in connection with the assumption, is set forth on **Exhibit B** to this Motion.

If the Debtors are not granted authority to assume the Real Property Leases, to the extent such leases are unexpired leases of nonresidential real property, section 365(d)(4)(A) of the Bankruptcy Code provides that the Real Property Leases will be deemed rejected, and the Debtors will be obligated to immediately surrender the property subject to such Real Property Leases (the "**Leased Properties**")

---

[1] The description of any lease, contract, or agreement as a Real Property Lease in this Motion shall not constitute an admission as to the determination of the legal status of any such lease, contract, or agreement (including whether any such lease, contract, or agreement is an unexpired lease of nonresidential real property, a true lease, or a financing arrangement), and the Debtors reserve all of their rights to reclassify or recharacterize any such lease, contract, or agreement listed on this **Exhibit B** to this Motion.

to the respective lessor.[2]

As discussed in greater detail in the Redford Declaration and Williams Declaration, the Debtors believe there are ample business reasons for the Debtors to assume each of the Real Property Leases, including:

i. the Leased Properties are necessary for the Debtors' uninterrupted and safe operation of their business;

ii. it would be costly, disruptive and/or impractical to obtain new premises on which to locate the Debtors' critical infrastructure if the Real Property Leases were deemed rejected and surrendered;

iii. in some cases, the Debtors operate customer service offices from the Leased Properties, which they do not have the regulatory authority to close; and

iv. in some cases, the Real Property Leases provide for below-market rent for the benefit of the Debtors, and may provide value to the Debtors' estates either as a part of their ongoing business operations or through a subsequent assignment to a third party for value.

To the extent that any rental savings could be achieved by rejecting any one of the Real Property Leases and acquiring new property – or obtaining a new lease in its place – the Debtors believe that such savings would be immaterial, particularly in light of (a) the expenses that the Debtors would incur in moving their equipment and fixtures to a new location, (b) the time, cost, and difficulty of finding a replacement lease, (c) the adverse impact and interruption to the Debtors' business operations unless and until the Debtors are able to negotiate a new lease, and (d) the potential claims for damages arising from the rejection of any of the Real Property Leases.

---

[2] In accordance with existing precedent in the Ninth Circuit, upon filing this Motion, the deadline to assume or reject the Real Property Leases under 365(d)(4)(A) of the Bankruptcy Code is automatically extended through entry of an order with respect to this Motion. *See, e.g.*, *In re Victoria Station Inc.*, 840 F.2d 682, 684 (9th Cir. 1988) ("[The] proper interpretation of section 365(d)(4) supports the conclusion that there is no express limit to the time within which the bankruptcy court must hear and decide the motion to assume where the trustee, or debtor as in this case, timely files."); *see also Second Amended Order Implementing Certain Notice and Case Management Procedures* at 24 [Docket No. 1996].

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Absent the relief sought by this Motion, if the Real Property Leases are deemed rejected, the Debtors could face numerous adverse consequence. The Debtors may be forced to relocate their business operations to new premises on short notice and at potentially great expense or, in the event that relocation is not possible, they may be required to re-lease the Leased Properties on less economically attractive terms than those contained in the Real Property Leases. In addition, to the extent that any of the Real Property Leases have better-than-market terms, the Debtors and their estates will be deprived of the benefit of those terms and the opportunity to realize any potential value from a subsequent assignment of the Real Property Leases if the Debtors determine in the future they no longer have a business use for such leases.

## IV. RELIEF REQUESTED

The Debtors seek an order (i) approving the assumption of the Real Property Leases under section 365(a) of the Bankruptcy Code, (ii) authorizing the cure payments to the lessors of the Real Property Leases (the "**Lessors**") of the Real Property Leases as set out in **Exhibit B** to this Motion (the "**Cure Payments**"), (iii) barring the Lessors from, following payment of the Cure Payments and the removal of the Liens (defined below), asserting that any default exists under the Real Property Leases as of the date of the entry of an order on this Motion, (iv) authorizing the filing of this motion to assume multiple contracts pursuant to Rule 6006(e), and (v) waiving the limit in Rule 6006(f) that an omnibus motion may only assume a maximum of 100 unexpired leases or executory contracts.

## V. BASIS FOR RELIEF REQUESTED

The Debtors' assumption of the Real Property Leases should be approved under section 365(a) of the Bankruptcy Code. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). As an initial matter, each of the Real Property Leases is unexpired, and therefore is capable of being assumed under section 365(a). *Diatom LLC v. Comm. of Creditors Holding Unsecured Claims (In re Gentile Family Indus.)*, No. BAP CC-13-1563-KITAD, 2014 WL 4091001, at *3 (B.A.P. 9th Cir. Aug. 19, 2014). In some cases, the Real Property Leases are to expire in the near team and the Debtors are in the process of extending the terms of these leases. The assumption of such leases would incorporate any such amendment entered into by the

Debtors and the applicable lessor prior to the entry of the order on this Motion. *See In re Cunningham*, No. 4-06-01385-EWH, 2007 WL 1424341, at *2 (Bankr. D. Ariz. May 11, 2007) ("The language of the Second Amendment is clear and unambiguous. It provided that the Lease was being amended, not that [a] new agreement was being entered into by the parties. . . . Accordingly, the Debtors were required by § 365(d)(4) to file a motion to assume the Lease within 120 days of the petition date . . . .").

In other cases, the Real Property Leases are continuing on a month-to-month basis. Courts have found that such leases are "unexpired leases" for the purposes of section 365 of the Bankruptcy Code. *See In re Van Vleet*, 383 B.R. 782, 791 (Bankr. D. Colo. 2008) (finding that month-to-month tenancies are clearly recognized as periodic tenancies under applicable state law and that there is nothing in 365(d)(3) to indicate that its protections are inapplicable to periodic tenancies or otherwise dependent upon the length of a periodic tenancy); *see also In re United W., Inc.*, 87 B.R. 138, 140 (Bankr. D. Nev. 1988) ("[I]t is irrelevant for purposes of section 365(d) that the debtor did not have a written lease or that it rented on a month-to-month basis.").

Bankruptcy Courts generally "approve motions to assume, assume and assign, or reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment." *In re MF Glob. Holdings Ltd.*, 466 B.R. 239, 242 (Bankr. S.D.N.Y. 2012); *see also Durkin v. Benedor Corp. (In re G.I. Indus., Inc.)*, 204 F.3d 1276, 1282 (9th Cir. 2000); *In re Miller*, No. 15-61159-12, 2016 WL 1316763, at *4 (Bankr. D. Mont. Apr. 1, 2016).

The "business judgment" standard is not a strict standard; it requires only a showing that either assumption or rejection of the unexpired lease will benefit the debtor's estate. *See Pac. Shores Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 292 B.R. 195, 199 (N.D. Cal. 2003), *aff'd*, 392 F.3d 1064 (9th Cir. 2004) ("Bankruptcy courts generally approve rejection if the debtor demonstrates that the rejection will benefit the estate under a 'business judgment' test."); *In re Am. Suzuki Motor Corp.*, 494 B.R. 466, 475 n.4 (Bankr. C.D. Cal. 2013). Furthermore, "[c]ourts generally will not second-guess a debtor's business judgment concerning whether the assumption or rejection of an executory contract or unexpired lease would benefit the debtor's estate." *In re MF Glob. Holdings Ltd.*, 466 B.R. at 242; *In re Miller,* 2016 WL 1316763, at *4 ("Although…business judgment is the proper standard for

determining whether to permit assumption or rejection of an executory contract or unexpired lease, the court should focus on the business judgment of the trustee or debtor in possession, not on its own business judgment."). The Court should "presume that the debtor-in-possession acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate." *Agarwal v. Pomona Valley Med. Grp., Inc. (In re Pomona Valley Med. Grp., Inc.)*, 476 F.3d 665, 670 (9th Cir. 2007) (in the context of a motion to reject under section 365(a)). Only a decision which is "so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice" runs afoul of the rule. *Id*.

As discussed above and further in the Redford Declaration and the Williams Declaration, the Debtors seek to assume the Real Property Leases to avoid any disruption to their business operations. Assumption of the Real Property Leases will also avoid the costs arising from relocation and rejection damages if the Real Property Leases are deemed rejected. In some cases, the Debtors benefit from below market rates in the Real Property Leases and seek to avoid the potential additional costs they would face if forced to re-lease the Leased Premises on worse terms. Finally, assumption of the Real Property Leases at this time will preserve optionality to derive economic benefits for the estates from a subsequent assignment of a Real Property Lease.

When assuming an unexpired lease or executory contract, section 365(b) of the Bankruptcy Code requires the debtor to cure any defaults under the contract or lease and provide adequate assurance that it will promptly cure these defaults, and provide adequate assurance of future performance under the contract or lease. *See* 11 U.S.C. § 365(b)(1)(A)-(C); *see also In re Crummie*, 194 B.R. 230, 237 (Bankr. N.D. Cal. 1996); *In re Heitman*, No. 99-20559, 1999 WL 33486720, at *1 (Bankr. D. Idaho July 22, 1999) ("Additionally, § 365(a) and (b) require Court approval of assumption, and only then upon proof of satisfaction of certain prerequisites regarding cure of defaults and adequate assurance of future performance.").

The Debtors have reviewed their books and records in respect of the Real Property Leases and have attempted to identify any prepetition defaults requiring cure under section 365(b) of the Bankruptcy Code. Where the Debtors have identified such defaults, they have calculated a monetary amount to satisfy the defaults, which amounts are listed in **Exhibit B**. In addition to this, in some

circumstances, the Debtors are obligated under the terms of the Real Property Leases to remove liens that have been placed on the Leased Properties by third parties (the "**Liens**"). Where the Debtors have identified a Lien on a Leased Property, such Lien is reflected in **Exhibit B**.

The Debtors seek authorization to make the Cure Payments to the applicable Lessors, and to remove the Liens in accordance with the authority previously granted to the Debtors in the *Final Order Pursuant to 11 U.S.C. Sections 105(a), 363(b), and 503(b) and Fed. R. Bankr. P. 6003 and 6004 (I) Authorizing the Debtors to Pay Prepetition Obligations Owed to Shippers, Warehousemen, and Other Lien Claimants, and (II) Granting Administrative Expense Priority Status for Claims Arising from Goods Delivered to the Debtors Postpetition* dated February 28, 2019 [Docket No. 697] (the "**Lien Order**") by making any necessary payments to the holders of Liens. The Debtors seek under this Motion to, following the making of the Cure Payments and the removal of any Liens, forever bar, estop, and permanently enjoin the Lessors from asserting against the Debtors, their successors or assigns, or the property of any of them, any default existing under Real Property Leases as of the date of the entry of the order on this Motion.

With respect to adequate assurance of future performance, the Debtors have sufficient financial capacity to meet their obligations under the Real Property Leases, including through the Debtors' access to the $5.5 billion debtor-in-possession financing facility approved by the Bankruptcy Court, which was intended to satisfy the Debtors' liquidity needs through December 2020. *See Declaration of David Kurtz In Support of Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 362, 363, 364, 503 and 507 and Fed. R. Bankr. P. 2002, 4001, 6003, 6004 and 9014 for Interim and Final Orders (I) Authorizing the Debtors to Obtain Senior Secured, Superpriority, Postpetition Financing, (II) Granting Liens and Superpriority Claims, (III) Modifying the Automatic Stay, (IV) Scheduling Final Hearing and (V) Granting Related Relief* [Docket No. 24]. The Debtors further believe that there is adequate assurance of future performance under the Real Property Leases in light of the Debtors' history of timely payments and timely performance of obligations thereunder during the Chapter 11 Cases.

Where required by section 365(d)(3) of the Bankruptcy Code to the Debtors' knowledge, they have timely performed their postpetition obligations under the Real Property Leases and have remained current on such obligations since the Petition Date. The Debtors' history of meeting such

obligations under the Real Property Leases during these Chapter 11 Cases evidences the ability to continue to do so in the future. Consequently, the Debtors submit that no further showing of adequate assurance of future performance is necessary.

## VI. RESERVATION OF RIGHTS

Nothing in this Motion is intended to impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates to subsequently assign any of the Real Property Leases pursuant to, and in accordance with, the requirements of section 365 of the Bankruptcy Code.

## VII. REQUEST FOR BANKRUPTCY RULE 6006 WAIVERS

### A. Rule 6006(e) Authorization

The Debtors request authorization pursuant to Bankruptcy Rule 6006(e) to file this Motion as an omnibus motion to assume the Real Property Leases. As discussed above, all of the Real Property Leases are unexpired leases of real property or are land-related agreements. Accordingly, the Debtors believe there is ample cause for an order permitting this Motion to be heard as an omnibus motion to avoid the Debtors' estates bearing the cost of multiple motions to assume the Real Property Leases. There is no detriment to any party in interest in having the Motion heard as an omnibus motion.

### B. Rule 6006(f) Waiver

The Debtors are not in compliance with the limitation in Bankruptcy Rule 6006(f)(6) and seek to assume over 100 leases or agreements pursuant to this Motion. The Debtors seek a waiver from this requirement to avoid the need to file multiple near-identical motions to assume the Real Property Leases and incur the additional costs associated with the same.

Courts may waive the requirements of Bankruptcy Rule 6006(f). *See In re Old Carco LLC*, 406 B.R. 180, 209–10 (Bankr. S.D.N.Y. 2009) (waiving the requirement of Bankruptcy Rule 6006(f) where debtors sought to reject nearly 800 agreements and observing that because notice of the proposed rejections was otherwise sufficient, "it would not have advanced the process by requiring the Debtors to file eight separate motions requesting the same relief"). The Debtors submit that relief from compliance with the requirements of Bankruptcy Rule 6006(f) as described herein is appropriate and should be granted.

**VIII. NOTICE**

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; (xii) the Lessors; and (xiii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

The Debtors have previously sought relief from this Court to assume certain executory contracts and for an extension of time to assume unexpired leases of nonresidential real property. No previous request for the relief sought herein to assume the Real Property Leases has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties in interest, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: August 27, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/ Jessica Liou
     Jessica Liou

*Attorneys for Debtors
and Debtors in Possession*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119