WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                     **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**THIRD SUPPLEMENTAL DECLARATION AND DISCLOSURE STATEMENT OF STEPHEN KAROTKIN PURSUANT TO 11 U.S.C. §§ 327(a) AND FED. R. BANKR. P. 2014(a) AND 2016 ON BEHALF OF WEIL, GOTSHAL & MANGES LLP** |

Pursuant to 28 U.S.C. § 1746, I, Stephen Karotkin, hereby declare as follows:

I am a member of the firm of Weil, Gotshal & Manges LLP ("**Weil**" or the "**Firm**"), an international law firm with principal offices at 767 Fifth Avenue, New York, New York 10153; regional offices in Washington, D.C.; Houston and Dallas, Texas; Miami, Florida; Boston, Massachusetts; Princeton, New Jersey; Redwood Shores, California; and foreign offices in London, United Kingdom; Warsaw, Poland; Frankfurt and Munich, Germany; Paris, France; and Beijing, Hong Kong and Shanghai, China.

I submit this declaration (this "**Declaration**") as a supplement to my Declaration, dated March 13, 2019 (the "**Original Declaration**"), filed in support of the *Application of Debtors Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Retain and Employ Weil, Gotshal & Manges LLP as Attorneys for the Debtors Effective as of the Petition Date* [Docket No. 864] (the "**Weil Retention Application**").

This Declaration has been prepared in accordance with the Original Declaration, which provides that Weil will supplement the disclosures in the Original Declaration to the extent required as a result of any new material relevant facts or relationships becoming available during these Chapter 11 Cases.[1]

Martha Martir recently joined Weil as an associate in the Business Finance & Restructuring Department. Prior to joining Weil, Ms. Martir was an associate at Ropes & Gray LLP ("**Ropes & Gray**"). While at Ropes & Gray, Ms. Martir worked on Ropes & Gray's representation of Elliott Management ("**Elliott**") in connection with these Chapter 11 Cases. As set forth in the First Amended Verified Statement of the Ad Hoc Committee of Senior Unsecured Noteholders Pursuant to Bankruptcy Rule 2019 [Docket No. 3083] (the "**Statement**"), Elliott is a member of the Ad Hoc Committee of Senior Unsecured Noteholders of Pacific Gas and Electric Company. As set forth in **Exhibit A** to the Statement, Elliott holds $1,425,803,000 in Senior Utility Notes (as such term is defined in such **Exhibit A**). Since joining the Firm, Ms. Martir has been screened from these Chapter 11 Cases and will not work on these Chapter 11 Cases. Ms. Matir also has been instructed not to discuss her former representation of Elliot

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Original Declaration.

with any Weil personnel, and all Weil personnel working on the Debtors' Chapter 11 Cases have been instructed to not discuss those cases with Ms. Matir.

In addition, as set forth in the Original Declaration, Weil has continued to implement its Firm Disclosure Procedures and update the Retention Checklist. As a result, Weil is hereby supplementing its prior disclosures to disclose that Weil previously has represented, currently represents, and may represent in the future the entities (or their affiliates) set forth on Schedule 1 hereto (the "**Supplemental Disclosure List**") in matters unrelated to these Chapter 11 Cases. The Supplemental Disclosure List contains entities that have not been previously disclosed and were not captured in the list of Potential Parties in Interest at the time of filing the Original Declaration. An entity is listed as a "Current Client" on the Supplemental Disclosure List if Weil has any open matters for such entity or a known affiliate of such entity and attorney time charges have been recorded on any such matters within the past two (2) years. To the best of my knowledge and information, Weil has not represented, does not represent, and will not represent any of such entities in matters directly related to the Debtors or these Chapter 11 Cases.

To the best of my knowledge and information, the annual fees for each of the last two years paid to Weil by any entity listed on the Supplemental Disclosure List or its affiliates did not exceed 1% of the Firm's annual gross revenues.

Either I or an attorney under my supervision has reviewed the connections between Weil and the entities identified on the Supplemental Disclosure List and the connections between those entities and the Debtors. In each case, it has been determined that Weil does not hold or represent an interest that is adverse to the interests of the Debtors' estates and that Weil is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

To the extent any information disclosed herein requires amendment or modification upon Weil's completion of further review or as additional material, relevant facts or relationships become available, Weil will file a further supplemental declaration stating such amended or modified information.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: August 29, 2019

*Stephen Karotkin*
Stephen Karotkin
Partner, Weil Gotshal & Manges LLP

**PG&E Supplemental Disclosure Schedule**

| Matched Entity | Relationship to Debtors | Relationship to Weil |
|---|---|---|
| Anchorage Capital Group, L.L.C. | Parties in 2019 Statement (Member of Ad Hoc Group of PG&E Corp. Shareholders) | **Current Client** |
| Attestor Capital LLP | Parties in 2019 Statement (Member of Ad Hoc Group of Subrogation Claim Holders) | **Related to Current Client** |
| Fir Tree, Inc. | 2019 Statement Parties (Member of Ad Hoc Committee of Senior Unsecured Noteholders) | **Current Client** |
| HSBC Bank, Plc. | Parties in 2019 Statement (Member of PG&E Holdco Group) | **Current Client** |
| GoldenTree Asset Management LP | Parties in 2019 Statement (Member of PG&E Holdco Group) | **Affiliate or Subsidiary of Current Client** |
| Knighthead Capital Management, LLC | Parties in 2019 Statement (Member of Ad Hoc Group of PG&E Corp. Shareholders) | **Former Client** |
| Marathon Asset Management | Parties in 2019 Statement (Member of PG&E Holdco Group) | **Current Client** |
| Silver Point Capital, L.P. | Parties in 2019 Statement (Member of Ad Hoc Group of PG&E Corp. Shareholders) | **Current Client** |
| York Capital Management Global Advisors, LLC | Parties in 2019 Statement (Member of Ad Hoc Group of PG&E Corp. Shareholders) | **Affiliate or Subsidiary of Current Client** |