Darwin E. Farrar (SBN 152735)
Chief Counsel
**Public Advocates Office**
California Public Utilities Commission
505 Van Ness Avenue
San Francisco, California 94102
Tel: 415-703-1599
Email: darwin.farrar@cpuc.ca.gov
Email: EDF@cpuc.ca.gov

And

Alisa C. Lacey (AZ 010571) (Pro Hac Vice)
Robert T. Kugler (MN0194116)
Thomas J. Salerno (AZ 007492) (Pro Hac Vice)
Anthony P. Cali (AZ 028261) (Pro Hac Vice)
**Stinson LLP**
1850 N. Central Ave., #2100
Phoenix, AZ 85004
Tel: 602-279-1600
Fax: 602-240-6925
Email: alisa.lacey@stinson.com
Email: robert.kugler@stinson.com
Email: thomas.salerno@stinson.com
Email: anthony.cali@stinson.com

*Attorneys for the Public Advocates Office*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E Corporation<br><br>and<br><br>Pacific Gas and Electric Company,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ All Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**THE PUBLIC ADVOCATES OFFICE'S LIMITED OBJECTION TO THE MOTION OF DEBTORS PURSUANT TO 11 U.S.C. 363(b) AND 105(a) AND FED R. BANKR. P. 9019 FOR AUTHORITY TO ESTABLISH** |

| | |
|---|---|
| 1 | **PROCEDURES TO SETTLE AND COMPROMISE CERTAIN CLAIMS AND CAUSES OF ACTION** |
| 2 | **[DE # 3576]** |
| 3 | |
| 4 | Hearing Date: Sept. 10, 2019 |
| 5 | Hearing Time: 9:30 a.m. (Pacific Time) |
| 6 | Place: Untied States Bankruptcy Court |
| 7 | Courtroom 17, 16th Floor |
| | San Francisco, CA 94102 |

The Public Advocates Office at the California Public Utilities Commission hereby files this Limited Objection to the *Motion of Debtors Pursuant to 11 U.S.C. § 363(b) and 105(a) and Fed. R. Bankr. P. 9019 for Authority to Establish Procedures to Settle and Compromise Certain Claims and Causes of Action* ("the **Motion**") [Dkt. No. 3576] filed by PG&E Corporation and Pacific Gas and Electric Company (collectively, "**PG&E**" or the "**Debtors**").

## I. BACKGROUND.

The Debtors' Motion seeks the entry of an order authorizing and establishing procedures (the "**Settlement Procedures**") for the Debtors to compromise and settle certain non-wildfire claims and causes of action. Under the proposed Settlement Procedures, the Debtors would be authorized to settle any claims asserted against them for less than $1 million without prior approval of, or notice to, the Court or any other party in interest. *See* Motion, § IV.b. Claims settled for more than $1 million, but less than $10 million, would only require notice, on a confidential, professionals' eyes only basis to: (i) the U.S. Trustee, (ii) counsel for each of the Committees, and (iii) any party to the settlement. *Id.* at § IV.c. All settlements above $10 million would require approval of the Court pursuant to motion practice pursuant to Fed. R. Bankr. P. 9019. *Id.* at § IV.d.

The Debtors are currently engaged in proceedings with respect to enforcement actions pending before the California Public Utilities Commission (the "**CPUC**") under its police and regulatory powers. The discussions may seek to negotiate and resolve

1 various financial and/or non-financial remedies that can be assessed with respect to such actions. Remedies resulting from CPUC enforcement proceedings, or potential settlements thereof, related to the Debtors' prepetition conduct could, among other things, result in adjusting the amounts required to be paid by ratepayers.

## II. RELIEF REQUESTED.

While the Motion does not state that it pertains to enforcement actions brought by the CPUC, an inquiry made to Debtors' counsel confirmed that the Settlement Procedures, as proposed in the Motion, do not distinguish between particular types of claims, including CPUC enforcement actions and other proceedings (some of which relate to wildfires, but others do not). The Public Advocates Office submits that Debtors' proposed settlement procedures should not apply to CPUC actions and proceedings given the necessary CPUC considerations and the potential impact(s) upon PG&E ratepayers.

In the present case, Debtors should not be able to use the proposed settlement process in this Court to obtain Court approval of matters pending before CPUC based on either no notice or abbreviated notice. Given the CPUC police and regulatory powers, including the special nature of enforcement actions based upon regulatory schemes and the potential impact upon ratepayers, notice should be provided to parties such as the Public Advocates Office, which is statutorily charged with independently advocating on the behalf of California utility ratepayers. Once the CPUC has conducted all proceedings concerning remedies imposed regarding an enforcement action or proceeding, and approved the settlement(s) under the applicable statutes, this Court can then take up approval of settlements as necessary to bind bankruptcy estates to settlements, or in conjunction with a plan implementing such settlements on appropriate notice.

Alternatively, to the extent the Court is unwilling to exempt the CPUC enforcement actions from the Debtors' proposed procedure, the Court should modify the notice requirements under the Settlement Procedures for any settlement involving such proceedings. In cases of settlements involving enforcement actions or other proceedings pending before CPUC, Public Advocates Offices respectfully requests that notice should

1  be provided to—in addition to the parties listed in Section IV.b of the Motion— at least
2  the following parties: (1) the CPUC, (2) the Public Advocates Office, and (3) The Utility
3  Reform Network.

**III.    CONCLUSION.**

WHEREFORE, based upon the foregoing, Cal Advocates respectfully requests that this Court enter an Order (A) exempting the CPUC's enforcement actions and other proceedings from the Debtors' Settlement Procedures, or alternatively, (B) requiring that the settlement such proceedings be subject to expanded notice to include at least (i) the CPUC, (ii) the Public Advocates Office, and (iii) The Utility Reform Network, and (C) granting such other and further relief as is just and appropriate under the circumstances.

Dated:  September 3, 2019.

PUBLIC ADVOCATES OFFICE
By:
Darwin E. Farrar (SBN 152735)
Chief Counsel, Public Advocates Office
California Public Utilities Commission
505 Van Ness Avenue
San Francisco, California 94102
Tel:  415-703-1599
Email: darwin.farrar@cpuc.ca.gov;

And

STINSON LLP
*/s/ Alisa C. Lacey*
Alisa C. Lacey
Robert T. Kugler
Thomas J. Salerno
Anthony P. Cali
1850 N. Central Ave., #2100
Phoenix, AZ 85004
Tel: 602-279-1600
Fax: 602-240-6925
Email: alisa.lacey@stinson.com
Email: robert.kugler@stinson.com
Email: thomas.salerno@stinson.com
Email: anthony.cali@stinson.com

*Attorneys for the Public Advocates Office*