| | |
|---|---|
| **LABATON SUCHAROW LLP**<br>Thomas A. Dubbs<br>Louis Gottlieb<br>Carol C. Villegas<br>Jeffrey A. Dubbin (SBN 287199)<br>140 Broadway<br>New York, New York 10005<br><br>*Lead Counsel to Lead Plaintiff and the Proposed Class*<br><br>**MICHELSON LAW GROUP**<br>Randy Michelson (SBN 114095)<br>220 Montgomery Street, Suite 2100<br>San Francisco, California 94104<br><br>*Bankruptcy Counsel to Lead Plaintiff and the Proposed Class* | **LOWENSTEIN SANDLER LLP**<br>Michael S. Etkin (*pro hac vice*)<br>Andrew Behlmann (*pro hac vice*)<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br><br>*Bankruptcy Counsel to Lead Plaintiff and the Proposed Class*<br><br>*Additional counsel listed on Exhibit A* |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>      Debtors.<br><br>☒ Affects Both Debtors<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company | Case No. 19-30088 (DM) (Lead Case)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br><br>**SECURITIES LEAD PLAINTIFF'S LIMITED OBJECTION TO MOTION OF DEBTORS PURSUANT TO 11 U.S.C. SECTIONS 363 AND 105(A) AND FED. R. BANKR. P. 2002 FOR AUTHORITY TO ESTABLISH DE MINIMIS ASSET SALE PROCEDURES [ECF NO. 3575]**<br><br>Date:   September 11, 2019<br>Time:   9:30 AM (Pacific)<br>Before:  Hon. Dennis Montali,<br>      United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      450 Golden Gate Avenue<br>      San Francisco, California 94102<br>**Objection Deadline:** September 4, 2019<br>           4:00 PM (Pacific) |

Public Employees Retirement Association of New Mexico ("Lead Plaintiff" or "PERA"), the court-appointed lead plaintiff in the securities class action captioned as *In re PG&E Corporation Securities Litigation*, Case No. 18-03509 (the "Securities Litigation") pending in the U.S. District Court for the Northern District of California (the "District Court"), on behalf of itself and the proposed class it represents in the Securities Litigation (the "Class"), together with York County on behalf of the County of York Retirement Fund, City of Warren Police and Fire Retirement System, and Mid-Jersey Trucking Industry & Local No. 701 Pension Fund, hereby submit this limited objection (the "Limited Objection") to the motion (the "Motion") [ECF. No. 3575] of the above-captioned debtors in possession (the "Debtors") for entry of an order approving procedures (the "De Minimis Asset Sale Procedures") for the sale of any assets of the Debtors with a sale price equal to or less than $15,000,000 (the "De Minimis Assets"). Subject in all respects to the reservation of rights set forth in Exhibit B annexed hereto, Lead Plaintiff respectfully states as follows:

## BACKGROUND

### A. The Securities Litigation

The Securities Litigation is a consolidated federal securities class action in which Lead Plaintiff, on behalf of itself and the Class, asserts claims under the Securities Act of 1933 and the Securities Exchange Act of 1934 against twenty current and former officers and directors of the Debtors and twenty-four underwriters of the Debtors' 2016, 2017, and 2018 notes offerings (collectively, the "Non-Debtor Defendants"). On August 28, 2019, this Court entered an order denying the Debtors' motion for a preliminary injunction extending the automatic stay to enjoin the continued prosecution of the Securities Litigation against the Non-Debtor Defendants. [Adv. Pro. No. 19-03039, ECF No. 23].

### B. The Motion and the De Minimis Asset Sale Procedures

The De Minimis Asset Sale Procedures divide sales of De Minimis Assets into two groups: "Non-Noticed De Minimis Asset Sales" and "Noticed De Minimis Asset Sales." Motion at 8-9. Pursuant to the De Minimis Asset Sale Procedures, the Debtors would be permitted to sell De Minimis Assets with a sale price less than or equal to $1 million by private sale or at

auction without further Court approval or notice to any party. *Id.* at 8. Sales of De Minimis Assets with a sale price greater than $1 million and less than or equal to $15 million would require notice to only a select group of parties (the "Core Notice Parties"), none of which include litigation counterparties such as Lead Plaintiff. *Id.* at 9. The Core Notice Parties would receive fifteen days' notice of a proposed Noticed De Minimis Asset Sale, during which they may file objections thereto.

## LIMITED OBJECTION

Lead Plaintiff does not object as a general matter to the relief sought in the Motion. However, the De Minimis Asset Sale Procedures in their current form are deficient because (a) the De Minimis Asset Sale Procedures and the proposed order granting the Motion do not require the Debtors to preserve evidence relevant or potentially relevant to the Securities Litigation, to the extent included in any sale of De Minimis Assets, and (b) the De Minimis Asset Sale Procedures will not provide adequate notice of sales of De Minimis Assets.

### A. Preservation of Documents and Other Evidence

The Motion identifies several examples of assets that might constitute De Minimis Assets. Motion, p. 7 ("These De Minimis Assets include, without limitation, furniture, fixtures, equipment, streetlights, transformers, surplus material from warehouses, scrap metal, vehicles and other various assets."). However, that list expressly provides that it is not exhaustive; *any* assets that the Debtors sell for a price of $15 million or less would constitute De Minimis Assets. *Id.* It is thus possible that assets such as computer equipment, electronic storage media, physical books and records, or other assets that may contain or constitute evidence that is relevant or potentially relevant to the Securities Litigation may be included in sales of De Minimis Assets. Lead Plaintiff and the Class would suffer severe prejudice if any such evidence were sold or otherwise disposed of without appropriate steps first being taken to preserve originals or true copies thereof.[1]

The Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-

---

[1] For the avoidance of doubt, Lead Plaintiff, by this Limited Objection, seeks only to ensure that such evidence is preserved.

4(b)(3)(B), requires that parties to any action subject to the PSLRA (such as the Securities Litigation), with knowledge of the action:

> shall treat all documents, data compilations (including electronically recorded or stored data), and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(b)(3)(C)(i)(emphasis added). The Debtors are also obligated by the Federal Rules of Civil Procedure and federal common law to preserve documents, electronically stored information, and other evidence potentially relevant to the Securities Litigation. *See, e.g.*, Fed. R. Civ. P. 37(e) (defining remedies for failure to preserve electronically stored information that should have been preserved in anticipation of litigation); *Leon v. IDX Systems Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) ("A party's destruction of evidence qualifies as willful spoliation if the party has 'some notice that the documents were *potentially* relevant to the litigation before they were destroyed.'") (quoting *U.S. v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002)). Accordingly, the Debtors[2] are affirmatively obligated to maintain and preserve documents, data, and tangible objects that are relevant to the Securities Litigation.

The De Minimis Asset Sale Procedures must provide a protocol expressly requiring the Debtors, before selling or abandoning any De Minimis Assets that contain or comprise documents, data, or tangible objects relevant or potentially relevant to the Securities Litigation, to preserve and ensure the future availability of such documents, data, or tangible objects. Accordingly, Lead Plaintiff respectfully requests that the following language be included in any order granting the Motion (the "Document Preservation Protocol"):

> In accordance with the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as required under the Bankruptcy Code and the Federal Rules of Civil Procedure, and notwithstanding anything to the contrary herein, the Debtors (a) shall, in any sale or abandonment of De Minimis Assets pursuant hereto, retain and preserve originals or true copies of all documents, data compilations (including electronically recorded or stored data in its native format), and tangible objects that are in their possession,

---

[2] The Debtors are named as defendants in the Exchange Act claims in the Securities Litigation, with the express acknowledgment that the Securities Litigation cannot currently proceed against them due to the automatic stay.

custody, or control, wherever located, that are relevant or potentially relevant to the allegations in the consolidated securities class action styled as *In re PG&E Corporation Securities Litigation*, Case No. 18-03509, pending in the United States District Court for the Northern District of California (collectively, "Potentially Relevant Books and Records"), as if such Potentially Relevant Books and Records were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure and (b) shall not destroy, abandon, or otherwise render unavailable such Potentially Relevant Books and Records.

**B.     Notice of Sales of De Minimis Assets**

Lead Plaintiff should also be given fifteen days' written advance notice of and an opportunity to object to all proposed sales or other dispositions of De Minimis Assets (irrespective of the sale price) that include Potentially Relevant Books and Records.

[ *signature page follows* ]

# CONCLUSION

For all of the foregoing reasons, the Motion should be granted only if any order granting the Motion contains the Document Preservation Protocol and requires the Debtors to provide Lead Plaintiff fifteen days' advance written notice of and an opportunity to object to any sale of De Minimis Assets that include Potentially Relevant Books and Records.

Dated: September 4, 2019

**LOWENSTEIN SANDLER LLP**
**MICHELSON LAW GROUP**

By: /s/ Randy Michelson
Randy Michelson (SBN 114095)

*Bankruptcy Counsel to Lead Plaintiff and the Class*

# EXHIBIT A
## COUNSEL

| | |
|---|---|
| **LOWENSTEIN SANDLER LLP** | **MICHELSON LAW GROUP** |
| Michael S. Etkin (*pro hac vice*) | Randy Michelson, Esq. (SBN 114095) |
| Andrew Behlmann (*pro hac vice*) | 220 Montgomery Street, Suite 2100 |
| One Lowenstein Drive | San Francisco, CA 94104 |
| Roseland, New Jersey 07068 | Telephone 415-512-8600 |
| Telephone 973-597-2500 | Facsimile 415-512-8601 |
| Facsimile 973-597-2333 | randy.michelson@michelsonlawgroup.com |
| metkin@lowenstein.com | |
| abehlmann@lowenstein.com | |

*Bankruptcy Counsel to Lead Plaintiff and the Proposed Class*

| | |
|---|---|
| **LABATON SUCHAROW LLP** | **WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK, LLP** |
| Thomas A. Dubbs | |
| Louis Gottlieb | James M. Wagstaffe (SBN 95535) |
| Carol C. Villegas | Frank Busch (SBN 258288) |
| Jeffrey A. Dubbin (SBN 287199) | 100 Pine Street, Suite 725 |
| Aram Boghosian | San Francisco, California 94111 |
| 140 Broadway | Telephone 415-357-8900 |
| New York, New York 10005 | wagstaffe@wvbrlaw.com |
| Telephone 212-907-0700 | busch@wvbrlaw.com |
| tdubbs@labaton.com | |
| lgottlieb@labaton.com | |
| cvillegas@labaton.com | |
| jdubbin@labaton.com | |
| aboghosian@labaton.com | *Liaison Counsel for the Proposed Class* |

*Lead Counsel to Lead Plaintiff and the Proposed Class*

| | |
|---|---|
| **ROBBINS GELLER RUDMAN & DOWD LLP** | **ROBBINS GELLER RUDMAN & DOWD LLP** |
| Darren J. Robbins (SBN 168593) | Willow E. Radcliffe (SBN 200089) |
| Brian E. Cochran (SBN 286202) | Kenneth J. Black (SBN 291871) |
| 655 West Broadway, Suite 1900 | Post Montgomery Center |
| San Diego, California 92101 | One Montgomery Street, Suite 1800 |
| Telephone 619-231-1058 | San Francisco, California 94104 |
| darrenr@rgrdlaw.com | Telephone 415-288-4545 |
| bcochran@rgrdlaw.com | willowr@rgrdlaw.com |
| | kennyb@rgrdlaw.com |
| **VANOVERBEKE, MICHAUD & TIMMONY, P.C.** | |
| Thomas C. Michaud | |
| 79 Alfred Street | |
| Detroit, Michigan 48201 | |
| Telephone 313-578-1200 | |
| tmichaud@vmtlaw.com | |

*Additional Counsel for the Securities Act Plaintiffs*

# EXHIBIT B
# RESERVATION OF RIGHTS

This Limited Objection and any subsequent pleading, appearance, argument, claim, or suit made or filed by Lead Plaintiff, either individually or for the Class or any member thereof, do not, shall not, and shall not be deemed to:

a. constitute a submission by Lead Plaintiff, either individually or for the Class or any member thereof, to the jurisdiction of the Bankruptcy Court;

b. constitute consent by Lead Plaintiff, either individually or for the Class or any member thereof, to entry by the Bankruptcy Court of any final order or judgment, or any other order having the effect of a final order or judgment, in any non-core proceeding, which consent is hereby withheld unless, and solely to the extent, expressly granted in the future with respect to a specific matter or proceeding;

c. waive any substantive or procedural rights of Lead Plaintiff or the Class or any member thereof, including but not limited to (a) the right to challenge the constitutional authority of the Bankruptcy Court to enter a final order or judgment, or any other order having the effect of a final order or judgment, on any matter; (b) the right to have final orders and judgments, and any other order having the effect of a final order or judgment, in non-core matters entered only after de novo review by a United States District Court judge; (c) the right to trial by jury in any proceedings so triable herein, in the Chapter 11 Cases, including all adversary proceedings and other related cases and proceedings (collectively, "Related Proceedings"), in the Securities Litigation, or in any other case, controversy, or proceeding related to or arising from the Debtors, the Chapter 11 Cases, any Related Proceedings, or the Securities Litigation; (d) the right to seek withdrawal of the bankruptcy reference by a United States District Court in any matter subject to mandatory or discretionary withdrawal; or (e) all other rights, claims, actions, arguments, counterarguments, defenses, setoffs, or recoupments to which Lead Plaintiff or the Class or any member thereof are or may be entitled under agreements, at law, in equity, or otherwise, all of which are expressly reserved.

For the avoidance of doubt, Lead Plaintiff, on behalf of itself and the Class, (a) reserves all rights with respect to any attempt by the Debtors and/or the Non-Debtor Defendants to (i) transfer venue of the Securities Litigation to this Court or (ii) otherwise seek any order of this Court adjudicating, releasing, waiving, enjoining, or otherwise impacting the claims of Lead Plaintiff and the Class or any member thereof against any Non-Debtor Defendants now or hereafter named in the Securities Litigation, and (b) does not, and will not impliedly, consent to this Court's adjudication of the claims asserted against any Non-Debtor Defendants now or hereafter named in the Securities Litigation.