# Exhibit 1-2

**[PROPOSED] Order - Redline**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>  - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>               **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**[PROPOSED] ORDER PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a) AND 2016 AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY WILLIS TOWERS WATSON US LLC AS HUMAN RESOURCE AND COMPENSATION CONSULTANTS *NUNC PRO TUNC* TO THE PETITION DATE** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Upon the Application, dated August ~~——~~21, 2019 (the "**Application**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to retain and employ Willis Towers Watson US LLC f/k/a Towers Watson Delaware Inc. ("**WTW**") as human resource and compensation consultants for the Debtors, effective as of the Petition Date, under a general retainer, all as more fully set forth in the Application; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application, and the Kazmierowski Declaration; and upon the record of the Hearing (if any was held) and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as provided herein.

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

2. Pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, the Debtors are authorized to employ and retain WTW as human resource and compensation consultants in these Chapter 11 Cases in accordance with the terms and conditions set forth in the Engagement Agreements to perform the services as contemplated by the Application, *nunc pro tunc* to the Petition Date.

3. If the Debtors and WTW enter into any additional agreements for the provision of additional services by WTW, WTW and the Debtors will seek separate retention orders with regard to any such additional agreements.

4. Notwithstanding anything herein or in the Application or the Engagement Agreements to the contrary, WTW shall file interim and final fee applications for allowance of compensation and reimbursement of out-of-pocket expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, effective February 19, 2014 (the "**Local Guidelines**"), the U.*S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 701], and any further Orders of the Court in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses (the "**Orders**").

5. WTW shall include in its fee applications, among other things, time records setting forth a summary description of the services rendered by each professional, with the exception of clerical staff, and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors in fifteen-minute (0.25) increments.

6. WTW shall provide reasonable notice to the Debtors and the U.S. Trustee of any increase of WTW's hourly rates and the U.S. Trustee retains all rights to object to any such rate

increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

7. Subject to WTW's compliance with applicable professional standards in its performance of the Services, WTW shall use its best efforts to avoid duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

8. The indemnification, contribution, reimbursement, limitation of liability and related provisions set forth in the Engagement Agreements are approved, *provided, however,* that during the pendency of the Chapter 11 Cases, (a) the limitations of liability provisions set forth in the Engagement Agreements shall be unenforceable and (b) the indemnification, contribution, ~~and~~ reimbursement~~-~~, and related provisions set forth in such Engagement Agreements are subject to the following terms:

   a. WTW shall not be entitled to indemnification, contribution or reimbursement for services other than the services provided under the Engagement Agreements, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court; and

   b. Notwithstanding any provisions of the Engagement Agreements to the contrary, the Debtors shall have no obligation to indemnify WTW or provide contribution or reimbursement to WTW (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from WTW's bad faith, negligence, or willful misconduct~~.~~ (ii) for a contractual dispute in which the Debtors allege the breach of WTW's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible, or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which such WTW should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreements, as modified by this Order.

9. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

** END OF ORDER **