

Signed and Filed: August 16, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Bankruptcy Case <br> ) No. 19-30088-DM |
| PG&E CORPORATION, | ) <br> ) Chapter 11 |
| - and - | ) <br> ) Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) |
| Debtors. | ) |
| ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors | ) |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | ) |

## MEMORANDUM DECISION REGARDING MOTIONS FOR RELIEF FROM STAY

The Official Committee of Tort Claimants (the "TCC") filed a motion for relief from stay on July 2, 2019 (Dkt. 2842) and the Ad Hoc Group of Subrogation Claim Holders filed a similar motion on July 3, 2019 (Dkt. 2863) (together the "Motions"). Several parties joined and opposed, and the Motions came on for hearing on August 14, 2019. Subsequently, the matters were submitted.

This court has jurisdiction over these contested matters pursuant to 28 U.S.C. §§ 157(b) and 1334(b). They are core proceedings under 28 U.S.C. § 157(b)(2)(A) and (G). Venue is appropriate in this court. 28 U.S.C. § 1409(a).

## I. BACKGROUND

The parties seek relief from the automatic stay in order to pursue state court litigation which will decide whether Debtors caused and are liable for the wildfire known as the "Tubbs Fire," which all parties agree is the largest and most destructive fire of the Northern California wildfires that occurred in 2017 and 2018. By the movants' estimate, the potential damages could account for as much as two-thirds of Debtors' liability for the wildfires in Northern California. The TCC seeks relief from stay as to eight individuals listed in Exhibit A to their motion who are entitled to statutory preference for trial under California Code of Civil Procedure § 36 (the "Preference Plaintiffs") in the San Francisco Superior Court, as coordinated litigation (the "Coordination Proceeding"). The Ad Hoc Group of Subrogation Claim Holders seek relief to determine Debtors' liability in the same litigation.

## II. ANALYSIS

A bankruptcy court shall lift the automatic stay for cause, which is not defined in the Bankruptcy Code but is decided on a case-by-case basis. *See* 11 U.S.C. § 362(d)(1); *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990). If a bankruptcy court may abstain from deciding issues that could be decided by an imminent state court trial involving the same issues, cause may exist to allow the state court trial to go forward. *Id.* (citation omitted). To determine whether cause exists, courts often use the twelve factors set forth in *In re Curtis*, 40 B.R. 795, 800 (Bankr. D.Utah 1984) (the "*Curtis* factors"), which are as follows (excluding the factors irrelevant to this proceeding): whether the relief will result in a partial or complete resolution of the issues; the lack of any connection with or interference with the bankruptcy case; whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases; whether the litigation in another forum would prejudice the interests of other creditors, the creditor's committee and other interested parties; the interests of judicial economy and the expeditious and economical determination of litigation for the parties; whether the

-2-

Case: 19-30088 Doc# 3571-3 Filed: 08/16/19 Entered: 08/16/19 14:34:12 Page 2 of 5
Case: 19-30088 Doc# 3812-3 Filed: 09/04/19 Entered: 09/04/19 15:46:35 Page 2 of 5

foreign proceedings have progressed to the point where the parties are prepared for trial, and the impact of the stay and the "balance of hurt." *See also (Kronemyer v. Am. Contractors Indemn. Co. ( In re Kronemyer)*, 405 B.R. 915, 921 (B.A.P. 9th Cir. 2009) ("We agree that the *Curtis* factors are appropriate, nonexclusive, factors to consider in deciding whether to grant relief from the automatic stay to allow pending litigation to continue in another forum.")

Here, cause exists to grant relief from stay, both including and independent of the *Curtis* factors. First, relief from stay will definitively bring a resolution as to Debtors' liability in the Tubbs fire, and provide an important data point that most likely will facilitate resolution of the wildfire tort claims in this case. Also relevant to the bankruptcy proceeding is the guidance it may provide in this court's estimation proceedings under 11 U.S.C. § 502(c).

Debtors are correct in their opposition to the TCC's motion when they state that resolution of the Tubbs fire proceedings is central to this case. However, commencement of this litigation, while connected to the bankruptcy, will not interfere with the bankruptcy case. The state court trial may proceed on a parallel track to the proceedings in this court. The state court is also suited for a proceeding which consists entirely of state law issues, and it may be aided by the Coordination Proceeding in order to resolve these issues and the several parties implicated. Further, there is nothing to show that other creditors would be prejudiced if relief were granted, and while they do not appear to be completely ready for trial, the parties filed this action prior to the bankruptcy and, as further discussed below, are on a schedule for resolution.

In addition, the interest of judicial economy and an expeditious determination has been served in this case. The TCC has identified the Preference Plaintiffs as entitled to statutory preference pursuant to state procedural law. *See* Cal. Civ. Proc. Code § 36 (West). On petition of the Preference Plaintiffs, which petition meets the standard laid out in CCP § 36, the state court shall set the matter for trial no more than 120 days after granting the motion for preference. Consequently, a trial in state court is likely to commence in an expeditious fashion once a preference determination has been made. Thus, the *Curtis* factors weigh in favor of relief from stay.

Finally, cause exists to grant relief from stay to advance these cases towards the necessary and stated goals of all the parties: a just resolution of the claims of victims of the wildfires that have ravaged Northern California in recent years. The pressure to adjudicate these claims in a prompt fashion comes from bankruptcy considerations, moral duties, and even legislative deadlines. *See* Assembly Bill No. 1054, Chapter 3 § 3291. The statutorily ensured commencement of a trial on the Tubbs fire moves toward liquidating these tort claims and helps with the imperfect method of estimating claims as must be done here in the bankruptcy court. In sum, although a handful of plaintiffs proceeding to trial does not resolve many claims in this case, it advances the goals of this bankruptcy far better than stayed, stagnant proceedings. All arguments to the contrary ignore the urgent need for resolution, the inherent suitability of the state court to bring about that resolution, and the importance of that resolution to the future conduct of these bankruptcy cases.

### III. CONCLUSION

The Ad Hoc Group of Subrogation Claim Holders' motion is GRANTED as requested to determine liability in the Coordination Proceeding. The TCC's motion is GRANTED and the stay is lifted as to Preference Plaintiffs and any other parties entitled to the same preference as brought forth in the joinders filed to the Motions.

Counsel for the parties are requested to submit orders consistent with this memorandum decision that identify the parties entitled to relief from stay. Relief from stay will be effective upon entry of those orders. The 14 day stay of Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived.

The court will issue a further order regarding coordination and communication with the state court proceedings following the August 27, 2019 status conference in this case.[1]

**\*\*\* END OF MEMORANDUM DECISION \*\*\***

---

[1] The court expects that litigation counsel for Debtors will work collaboratively with plaintiffs' counsel to expedite rather than delay the pre-trial process to a get to a jury trial promptly. The shoe might be on the other foot when it is time to schedule the final estimation hearings.

# COURT SERVICE LIST

Case: 19-30088    Doc# 3571-3    Filed: 08/16/19    Entered: 08/16/19 14:34:12    Page 5 of 5