WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

Attorneys for Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**STIPULATION FOR (1) ADEQUATE PROTECTION OF SETOFF RIGHTS OF PHILIP VERWEY FARMS ("PVF") AND (2) RESOLUTION OF PVF'S MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>[Relates to Dkt. No. 1141-1145 & 2871]<br><br>Date: July 31, 2019<br>Time: 9:30 a.m.<br>Place: United States Bankruptcy Court<br>   Courtroom 17, 16th Floor<br>   San Francisco, CA 94102 |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Claimant Philip Verwey dba Philip Verwey Farms' ("**PVF**") and Debtor Pacific Gas and Electric Company (the "**Utility**"), through their respective undersigned counsel of record, hereby stipulate with reference to the following facts and circumstances:

**Recitals**

A. The Utility and its parent, PG&E Corporation ("**PG&E Corp.**") (collectively, "**PG&E**" or the "**Debtors**"), filed voluntary petitions under Chapter 11 on January 29, 2019 (the "**Petition Date**"), commencing the above-captioned Chapter 11 Cases (the "**Chapter 11 Cases**"). The Debtors are debtors in possession, and Utility enters into this Stipulation in that capacity.

B. PVF filed in the Utility's Chapter 11 Case a proof of claim no. 596 on February 14, 2019 as amended by proof of claim no. 1299 filed by PVF on March 5, 2019 (collectively, "PVF's POC") In PVF's POC, PVF asserts that Utility is liable to PVF for damages PVF incurred as a result of high voltage power surges on April 6 and April 11, 2018, in a total amount exceeding $1,234,649.67 ("**PVF's Prepetition Damages Claim**").

C. Utility disputes PVF's Prepetition Damages Claim as to both liability and amount. Utility has not filed an objection to PVF's POC but intends to do so in due course unless the dispute is settled first. If Utility objects to PVF's POC, PVF intends to oppose the objection.

D. PVF acknowledges that it is indebted to Utility on account of gas and electrical usage charges for utility service provided to PVF before the Petition Date, in the amount of approximately $264,300 (the "**PVF Prepetition Usage Charges**"). Hanford Renewable Energy LLC ("**HRE**") and Madera Renewable Energy LLC ("**MRE**"), both entities related to PVF, are indebted to Utility for additional amounts incurred before the Petition Date in the total amount of approximately $127,000, primarily for "interconnection charges" (the "**Related Entity Prepetition Charges**").

E. PVF asserts a right to set off PVF's Prepetition Damages Claim against the PVF Prepetition Usage Charges and the Related Entity Prepetition Charges. PVF filed on April 1, 2019, its *Motion for Relief from Automatic Stay to Exercise Setoff Pursuant to 11 U.S.C. §§ 362 and 553*

(the "**Motion**") seeking authorization to effect such a setoff. Docket Nos. 1141 – 1145, 2871. Utility has opposed the Motion.

F. The parties have agreed, on the terms set forth in this Stipulation, to resolve the Motion and to provide adequate protection for PVF's setoff claim as to the PVF Prepetition Usage Charges.

**Terms of Stipulation**

1. PVF's right to set off PVF's Prepetition Damages Claim against PVF's liability on the PVF Prepetition Usage Charges is preserved until determination of the validity and amount of PVF's Prepetition Damages Claim by Court order or agreement of the parties.

2. As adequate protection for PVF's set off rights described in paragraph 1 above Utility commits, pending determination of the validity and amount of PVF's Prepetition Damages Claim, to take no action against PVF to demand, collect, enforce, or otherwise use any remedies for the non-payment of, the PVF Prepetition Usage Charges ("**Utility's Forbearance Commitment**"). Pending determination of PVF's Prepetition Damages Claim, Utility is prohibited from cancelling, refusing, discontinuing, or altering in any way the services provided by Utility on account of any unpaid prepetition charges including the PVF Prepetition Usage Charges, or discriminating against PVF, or requiring any payment(s) for continued service as a result of any outstanding prepetition invoices or charges. PVF contends that if PVF's service was discontinued or interrupted, even for a brief period, PVF's business operations would be severely disrupted and potentially jeopardize PVF's businesses. Utility acknowledges PVF's contention but reserves all rights to dispute it based on the relevant facts, circumstances, and law should the issue arise.

    a. Utility will exercise reasonable diligence to assure that Utility's employees and representatives comply with Utility's Forbearance Commitment by, including but not limited to:

        i. Entering an instruction in its computerized central customer care and billing ("CC&B") database to postpone any and all collection efforts and prevent

interruptions, cancellations and/or disconnections on account of the PVF Prepetition Usage Charges until December 31, 2020, with respect to the PVF Prepetition Usage Charges, account numbers ending in 903-3 and 389-0;

    ii. Making an entry in the "notes" field of the account records for PVF account numbers ending 903-3 and 389-0 in the CC&B data base that, pursuant to stipulation and court order, no collection efforts will be made on account of the PVF Prepetition Usage Charges until December 31,2020; and

    iii. On PVF's request, Utility will extend these dates after December 31, 2020, so long as PVF's POC is neither adjudicated or declared allowed or disallowed.

b. If PVF believes that Utility employees or representatives have acted or failed to act in a manner inconsistent with Utility's Forbearance Commitment, PVF or its counsel shall notify, by telephone and email, Utility's counsel Peter Benvenutti and Thomas Rupp, and to one of the Utility representatives whose contact has been separately provided to PVF. PG&E will provide such contact information to PVF within 5 business days of this filing of this Stipulation, and amend it if such representative changes in the future within 5 days of such change. Upon receipt of such notification, Utility shall promptly investigate and diligently attempt to resolve the underlying circumstances, shall promptly take any appropriate corrective measures, and shall promptly provide an oral or, at PVF's request, a written explanation of the results of Utility's investigation and actions taken as a result thereof.

c. PVF reserves the right to seek redress from the Court for any breach of Utility's Forbearance Commitment, including on an emergency basis if circumstances warrant.

d. In the event of a willful failure by any party to comply with any of the terms and conditions of this Stipulation (including the Utility Forbearance Commitment), the prevailing party in any dispute over such willful failure shall be entitled to its related damages, fees, and costs against the other party. For purposes of this provision, "willful failure" shall not include noncompliance that is corrected promptly after receipt of

notification from the other party of the purported noncompliance pursuant to subsection b of the Utility's Forbearance Commitment.

3. Utility's Forbearance Commitment does not apply to (a) any obligations owed to Utility by any entity other than PVF (i.e., Philip Verwey or his dba, Philip Verwey Farms), or (b) any amounts owed to Utility for services provided or other obligations that arose on or after the Petition Date. The Utility waives any entitlement or claim to fees and costs, including but not limited to attorney's fees, expenses, or other charges that would apply to any of the Related Entity Prepetition Charges in connection, relating to, or as a consequence of PVF filing its Motion, to the extent that the Related Entity Prepetition Charges are paid within thirty (30) days after the filing of this Stipulation.

4. Except as expressly provided herein, this Stipulation does not determine, and the parties reserve all of their respective rights, claims, and defenses regarding, the subjects addressed herein and all other matters, including without limitation (a) the validity or amount of PVF's Prepetition Damages Claim or of any other claims or matters asserted in any proof of claim previously or hereafter filed by PVF or by any related entity, (b) the timeliness or sufficiency of any proof of claim filed by any entity, (c) the amount of the PVF Prepetition Usage Charges or the Related Entity Prepetition Charges, and (d) any rights or claims of either party, or of any entity related to either party, arising on or after the Petition Date.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

5. This Stipulation shall be effective upon entry of an order of the Court approving it as an agreement (a) in settlement of the Motion and (b) as providing adequate protection of PVF's setoff rights pursuant to Bankruptcy Code §363(e). The parties shall, and do hereby, jointly request entry of an order in the form attached hereto as Exhibit A, without further notice or hearing, pursuant to Bankruptcy Rule 4001(d)(4). Notwithstanding the first sentence of this paragraph, Utility's Forbearance Commitment shall be immediately effective upon the signing of this Stipulation and shall remain in effect as provided herein unless and until the Court denies approval of the Stipulation.

| | |
|---|---|
| Dated: September 6, 2019 | Dated: September 6, 2019 |
| WEIL GOTSHAL & MANGES LLP | MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP |
| KELLER & BENVENUTTI LLP | |
| /s/ *Dara L. Silveira* | /s/ *H. Annie Duong* |
| Dara L. Silveira | H. Annie Duong |
| *Attorneys for Debtors and Debtors in Possession* | *Attorneys for Claimant Philip Verwey dba Philip Verwey Farms* |