Signed and Filed: September 10, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

In re:

**PG&E CORPORATION,**

     - and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

                    Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

* All papers shall be filed in the Lead Case,
No. 19-30088 (DM).

Bankruptcy Case
No. 19-30088 (DM)

Chapter 11

(Lead Case)

(Jointly Administered)

**ORDER PURSUANT TO
11 U.S.C. §§ 363(b) AND 105(a) AND
FED R. BANKR. P. 9019 AUTHORIZING
THE DEBTORS TO ESTABLISH
PROCEDURES TO SETTLE AND
COMPROMISE CERTAIN CLAIMS
AND CAUSES OF ACTION**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Upon the Motion, dated August 18, 2019 [Docket No. 3576] (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 363 and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order authorizing and establishing procedures for the Debtors to compromise and settle certain non-wildfire claims and causes of action without further Court approval, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Boken Declaration; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, subject to the limited objection by the Public Advocates Office at the California Public Utilities Commission ("**CPUC**"); and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest and represents a sound exercise of the Debtors' business judgment; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor, for the reasons stated on the record,

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. The Debtors are authorized, but not directed, pursuant to sections 363 and 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, to settle and compromise Claims in accordance with the following Settlement Procedures:

   (a) The Debtors are authorized to settle any and all Claims without prior approval of, or notice to, the Court or any other party in interest, whenever the aggregate amount to be allowed for an individual Claim (the "**Settlement Amount**") is less than or equal to $1 million (a "***De Minimis* Settlement Amount**"); *provided, however*, *De Minimis* Settlement Amounts shall not include any Settlement of a Claim (i) to which any present or former insider of the Debtors is a party or (ii) that includes a release by any of the Debtors of a Claim they may have against the holder of a Claim pursuant to chapter 5 of the Bankruptcy Code.

   (b) If the Settlement Amount for a Claim is not a *De Minimis* Settlement Amount but is less than or equal to $10 million, the Debtors shall provide notice of the proposed Settlement on a confidential, professionals' eyes only basis, to: (i) the U.S. Trustee, (ii) counsel for each of the Committees, (iii) any party to the Settlement; and (iv) any third party providing consideration with respect to a Settlement pursuant to subparagraph (e) hereof (each a "**Reviewing Party**," and collectively, the "**Reviewing Parties**") specifying (1) the identity of the other party to the Settlement, (2) a summary of the dispute, including proof of claim numbers, if any, and the types of Claims asserted, (3) the terms and amounts for which such Claims have been settled, including the priority of such settled claim, (4) whether the Debtors are seeking to release any Claims against creditors or third parties, (5) an explanation of why the Settlement is favorable to the Debtors, their estates, and their creditors, and (6) copies of any proposed Settlement or documents supporting the Settlement.

   (c) Within ten (10) business days of receiving the proposed Settlement, the Reviewing Parties may object, or request an extension of time within which to object (which objection or request for an extension of time to object may be in the form of an e-mail from counsel for any Reviewing Party to counsel for the Debtors), to the proposed Settlement. If a timely objection is made by any Reviewing Party, the Debtors may either (i) renegotiate the Settlement and submit a revised notification to the Reviewing Parties or (ii) file a motion with the Court seeking approval of the existing Settlement under Bankruptcy Rule 9019 on no less than twenty-one (21) days' notice. If no timely objection is made by any Reviewing Party or if the Debtors receive written approval of the proposed Settlement from the Reviewing Parties prior to the objection deadline (which approval may be in the form of an e-mail from counsel for each the Reviewing Parties to counsel for the Debtors), then the Debtors may proceed with the Settlement, without prior approval of the Court.

(d) If the Settlement Amount for a claim is not a *De Minimis* Settlement Amount and is greater than $10 million, the Debtors are required to seek the approval of the Court pursuant to motion under Bankruptcy Rule 9019 on no less than twenty-one (21) days' notice.

(e) The Debtors may settle Claims where some or all of the consideration is being provided by a third party and/or where the Debtors are releasing Claims against creditors or third parties provided the Debtors otherwise comply with the Settlement Procedures.

(f) Any Settlement that is not authorized pursuant to the foregoing procedures, or pursuant to any other order of the Court, shall be authorized only upon separate order of the Court upon a motion of the Debtors served upon the parties in interest.

(g) On a quarterly basis, on the thirtieth (30th) day after the start of the quarter, beginning on the quarter that starts on October 1, 2019, the Debtors shall file with the Court and serve, pursuant to the Debtors' Case Management Order,[2] a report of all Settlements that the Debtors have entered during the previous quarter pursuant to the Settlement Procedures, but shall not report Settlements if they are the subject of a separate motion pursuant to Bankruptcy Rule 9019. Such reports shall set forth the names of the parties with whom the Debtors have settled, the relevant proof of claim numbers, and the amounts for which such Claims have been settled.

(h) For the avoidance of doubt, any Claim settled pursuant to these Settlement Procedures shall be allowed as provided herein and shall be satisfied pursuant to, and as set forth in, a chapter 11 plan for the Debtors as confirmed by the Court.

(i) No Claim arising out of or relating to the Northern California Fires[3] shall be settled pursuant to these Settlement Procedures.

(j) Nothing in the Settlement Procedures is intended or should be construed to alter the terms and conditions of any of the Debtors' insurance policies, including, but not limited to, any provisions regarding notice, cooperation, and defense of claims.

(k) The Debtors reserve the right to seek to modify the Settlement Procedures as they deem appropriate.

3. This Order shall not obligate or require the Debtors to settle any Claim that they do not consider, in their sole discretion, appropriate to compromise and settle, nor any Claim in

---

[2] Second Amended Order Implementing Certain Notice and Case Management Procedures [Docket No. 1996].

[3] For purposes of this Order, and all matters related thereto, "**Northern California Fires**" include, but are not limited to, the following fires: 37, Adobe, Atlas, Blue, Butte, Camp, Cascade, Cherokee, Ghost Ship, Honey, La Porte, Lobo, Maacama, McCourtney, Norrbom, Nuns, Partrick, Pocket, Point, Pressley, Pythian (a.k.a. Oakmont), Redwood, Sullivan, Sulphur, and Tubbs.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

amounts in excess of what the Debtors, in their sole discretion, believe to be reasonable and appropriate.

4. The Debtors are authorized to take any and all steps that are necessary or appropriate to settle the Claims in accordance with the Settlement Procedures.

5. Nothing in this Order shall constitute an admission of validity, nature, amount, or priority of any claim asserted in the Chapter 11 Cases.

6. Nothing in this Order or any settlement pursuant to this Order releases, nullifies, precludes or enjoins the enforcement of any liability under police and regulatory statutes or regulations (including but not limited to environmental laws or regulations), and any associated liabilities. Nothing in this Order or any settlement pursuant to this Order shall in any way diminish the obligation of any entity, including the Debtors, to comply with environmental laws.

7. Nothing in this Order or any settlement pursuant to this Order authorizes the transfer to the purchaser of any governmental licenses, permits, registrations, authorizations, or approvals without the purchaser's compliance with all applicable legal requirements under non bankruptcy law governing such transfers.

8. Nothing in this Order, nor the Settlement Procedures described herein, shall apply to any settlements by the Debtors or other relief arising out of any CPUC proceedings.

9. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

10. Entry of this Order is without prejudice to the Debtors' rights to seek entry of an order modifying or supplementing the relief granted herein.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

////

////

////

////

////

Dated: September 9, 2019

Accepted and Agreed to:
**PUBLIC ADVOCATES OFFICE**
**STINSON LLP**

/s/ Alisa C. Lacey
Name: Alisa C. Lacey
Attorneys for the Public Advocates Office

** END OF ORDER **