**Exhibit 1-1**

**[PROPOSED] Order - Clean**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)|
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**[PROPOSED] ORDER PURSUANT TO 11 U.S.C. §§ 363 AND 105(a) AND FED R. BANKR. P. 2002 ESTABLISHING DE MINIMIS ASSET SALE PROCEDURES** |

Upon the Motion, dated August 18, 2019 [Docket No. 3575] (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 363 and 105(a) and title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for an order authorizing the Debtors to (a) sell or transfer certain assets in the ordinary course of the Debtors' business and without further order of the Court, including any rights or interests therein, that are no longer of any use to the Debtors' business and are of relatively de minimis value compared to the Debtors' total asset base (the "**De Minimis Assets**"; and the sales of such De Minimis Assets, the "**De Minimis Asset Sales**"), and (b) pay all necessary fees and expenses incurred by the Debtors in connection with the De Minimis Asset Sales; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Boken Declaration; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest and represents a sound exercise of the Debtors' business judgment; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. The Debtors are authorized, but not directed, pursuant to sections 363 and 105(a) of the Bankruptcy Code and Bankruptcy Rule 2002, to sell De Minimis Assets, in accordance with the following De Minimis Asset Sale Procedures:

   a. **De Minimis Asset Sales Less than or Equal to $1 million:**

   (i) The Debtors are authorized to sell or transfer any De Minimis Asset for total purchase price that is less than or equal to $1 million (each sale, a "**Non-Noticed De Minimis Asset Sale**"), without further Court approval and without providing notice of the Non-Noticed De Minimis Sale to any party, whether by private sale or by auction. The Debtors are further authorized to take any actions that are reasonable and necessary to close any Non-Noticed De Minimis Sale and obtain the sale proceeds and pay any necessary fees and expenses incurred in connection therewith, including paying all reasonable commissions and fees to third-party sale agents, or auctioneers in connection with any Non-Noticed De Minimis Sale.

   b. **De Minimis Asset Sales Greater than $1 million but Less than or Equal to $15 million:**

   (i) For any sale or transfer of De Minimis Assets where the total aggregate purchase price is greater than $1 million but less than or equal to $15 million (a "**Noticed De Minimis Asset Sale**"), the Debtors shall file with the Court a notice of such transaction (the "**Transaction Notice**"), substantially in the form annexed to the Motion as **Exhibit B** and serve a copy thereof by electronic mail, facsimile, overnight courier, or hand delivery on the Core Notice Parties (as defined below), and such Transaction Notice shall be transmitted by notice of electronic filing through CM/ECF to Registered Participants (as defined in the Bankruptcy Local Rules), and uploaded to the docket page on the Debtors' case website maintained by Prime Clerk LLC. As set forth on **Exhibit B** to the Motion, each Transaction Notice shall include (a) a description of the De Minimis Asset proposed to be sold or transferred, (b) the identity of the purchaser or transferee and any relationship such party has with the Debtors, (c) the identities of any lienholder(s) known to the Debtors as holding liens on or with respect to the De Minimis Asset, (d) the material economic terms and conditions of the proposed De Minimis Asset Sale (which may be provided by attaching the applicable contract or contracts to the Transaction Notice), (e) any proposed commission, fees, or other similar expenses to be paid in connection with such transaction, and (f) instructions regarding the

procedures for asserting an objection to the Noticed De Minimis Asset Sale;

(ii) The Debtors shall serve any Transaction Notice on (a) counsel to the DIP Agent, (b) counsel to the Creditors Committee, (c) counsel to the Tort Claimants Committee (d) the Office of the U.S. Trustee for Region 17, (e) the California Department of Toxic Substances Control and any other regulatory agency that may have jurisdiction with respect to the proposed transaction, and (f) any other creditors holding liens on the De Minimis Assets subject to the proposed transaction (collectively, the "**Core Notice Parties**"). The Debtors shall not be required to serve any Transaction Notice on any other parties and no further or additional notice of the proposed Noticed De Minimis Asset Sale shall be required;

(iii) The Core Notice Parties shall have fifteen (15) calendar days after service of a Transaction Notice to file and serve any objections to a Noticed De Minimis Asset Sale (the "**Notice Period**");

(iv) If any material economic term of a Noticed De Minimis Asset Sale is amended or revised after transmittal of the Transaction Notice, but prior to the expiration of the Notice Period, the Debtors shall serve a revised Transaction Notice on the Core Notice Parties describing the material economic terms to be amended or revised. If a revised Transaction Notice is required, the Notice Period shall be extended for an additional five (5) calendar days;

(v) Any objection to a Noticed De Minimis Asset Sale (each, an "**Objection**") must: (a) be in writing; (b) set forth the name of the objecting party; (c) provide the basis for the Objection and the specific grounds therefor; (d) be filed electronically with the Court; and (e) be served on (1) the Debtors, (2) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. and Jessica Liou, Esq.), as counsel to the Debtors, and (3) Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco, CA 94108 (Attn: Tobias S. Keller, Esq. and Jane Kim, Esq.), as co-counsel to the Debtors, all in accordance with the procedures set forth in the Second Amended Order Implementing Certain Notice and Case Management Procedures [Docket No. 1996] (the "**Case Management Order**"), so as to be received on or before 4:00 p.m. (Pacific Time) on the last day of the Notice Period;

(vi) If an Objection is properly filed and served: (a) the Objection shall be deemed a request for a hearing on the Noticed De Minimis Asset Sale and the Objection shall be heard at the next scheduled omnibus hearing in these Chapter 11 Cases that is at least ten (10) calendar days after service of the Objection (provided that the Debtors reserve the right to seek a hearing prior to such time); and (b) the Noticed De Minimis Asset

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Sale may not proceed absent (1) withdrawal of the Objection or (2) entry of an Order by the Court approving the Noticed De Minimis Asset Sale;

(vii) If no Objection is timely filed and served, (a) such Noticed De Minimis Asset Sale shall be deemed final and fully authorized by the Court, and no additional or further notice or Court approval to consummate the Noticed De Minimis Asset Sale shall be required, and (b) the Debtors shall be authorized to take any actions that are reasonable and necessary to close the Noticed De Minimis Sale and obtain the sale proceeds and pay any necessary fees and expenses incurred in connection therewith, including paying all reasonable commissions and fees to third-party sale agents, or auctioneers in connection with the Noticed De Minimis Sale; and

(viii) The Debtors may consummate a Noticed De Minimis Asset Sale prior to expiration of the Notice Period only if they obtain written consent to such Noticed De Minimis Asset Sale from each party that received a Transaction Notice.

3. All buyers shall take each De Minimis Asset sold by the Debtors pursuant to the De Minimis Asset Sale Procedures subject to the terms of the documentation executed in connection with the applicable De Minimis Asset Sale, which documentation may (but is not required to) include provisions that the buyers are taking the De Minimis Assets "as is" and "where is," without any representations or warranties from the Debtors as to the quality or fitness of such De Minimis Assets. Except to the extent authorized in connection with the DIP Credit Agreement, the Debtors are authorized, pursuant to these De Minimis Asset Sale Procedures, to sell or transfer De Minimis Assets that are encumbered by liens only with the consent of the applicable lienholder(s). All such liens or encumbrances shall attach to the proceeds of the applicable De Minimis Asset Sale with the same validity, extent, and priority as had attached to the De Minimis Assets immediately prior to such sale or transfer.

4. Sales and transfers of De Minimis Assets to "insiders," as that term is defined in section 101(31) of the Bankruptcy Code, are excluded from this Order.

5. Sales or transfers of De Minimis Assets shall be deemed arms' length transactions conducted in good faith and entitled to the protections of section 363(m) of the Bankruptcy Code.

6. The Debtors are authorized to take any action that is reasonable and necessary to close a De Minimis Asset Sale and obtain the proceeds thereof, including, without limitation, paying reasonable and necessary fees and expenses to agents and brokers.

7. The De Minimis Asset Sale Notice substantially in the form annexed as **Exhibit B** to the Motion is hereby authorized and approved.

8. Nothing in this Order shall authorize the Debtors to sell or transfer (a) any equipment or other assets collected as evidence in the litigations relating to the Northern California Fires; [2] (b) any equipment or other assets from the incident locations of the Northern California Fires that were in operation, or were otherwise present, at the location at the time of the Northern California Fires; or (c) any equipment or other assets that constitute evidence subject to a preservation obligation by rule, statute, or otherwise (including but not limited to documents, physical books and records, and electronically stored information that may contain or constitute potentially relevant evidence to *In re PG&E Corp. Sec. Litig.*, No. 18-3509 (N.D. Cal.), except to the extent the Debtors retain originals or true copies thereof).

9. Nothing in this Order or any sale pursuant to this Order releases, nullifies, precludes or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations (including but not limited to environmental laws or regulations), and any associated liabilities for penalties, damages, cost recovery, or injunctive relief that any entity would be subject to as the owner, lessor, lessee, or operator of the property after the date of entry of this Order. Nothing in this Order or any sale pursuant to this Order shall in any way diminish the obligation of any entity, including the Debtors, to comply with environmental laws.

10. Nothing in this Order or any sale pursuant to this Order authorizes the transfer to the purchaser of any governmental licenses, permits, registrations, authorizations or approvals

---

[2] For purposes of this Order, and all matters related thereto, "**Northern California Fires**" include, but are not limited to, the following fires: 37, Adobe, Atlas, Blue, Butte, Camp, Cascade, Cherokee, Ghost Ship, Honey, La Porte, Lobo, Maacama, McCourtney, Norrbom, Nuns, Partrick, Pocket, Point, Pressley, Pythian (a.k.a. Oakmont), Redwood, Sullivan, Sulphur, and Tubbs.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

without the purchaser's compliance with all applicable legal requirements under non bankruptcy law governing such transfers.

11. Conveyance documents effectuating sales pursuant to this Order may, but are not required to, state that such sale is authorized by and subject to this Order.

12. Notwithstanding anything in the Motion or this Order to the contrary, any De Minimis Asset Sale consummated by the Debtors shall be subject to the DIP Credit Agreement in all respects.

13. For the avoidance of doubt, the Debtors shall not sell, transfer, or otherwise assign any insurance policies or related agreements providing coverage to the Debtors pursuant to these De Minimis Asset Sale Procedures except in accordance with the terms of such policies and agreements and applicable law.

14. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry, and no further or additional waivers of the fourteen-day stay of Bankruptcy Rule 6004(h) shall be required for the Debtors to consummate any De Minimis Asset Sale, subject to compliance with the De Minimis Asset Sale Procedures.

15. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

16. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: September 10, 2019
Accepted and Agreed to:
**LOWENSTEIN SANDLER LLP**
**MICHELSON LAW GROUP**

*/s/ Andrew Behlmann*
Name: Andrew Behlmann

*Bankruptcy Counsel to Lead Plaintiff and Class*

**END OF ORDER**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119