WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF JANA CONTRERAS ISO DEBTOR'S MOTION PURSUANT TO FED. R. BANKR. P. 4001(d) TO APPROVE STIPULATION BETWEEN DEBTOR PACIFIC GAS AND ELECTRIC COMPANY AND KATHLEEN PELLEY AND ALLAN PELLEY REGARDING MODIFICTION OF AUTOMATIC STAY**<br><br>**Objection Deadline**: October 2, 2019<br>4:00 pm (Pacific Time)<br><u>No hearing requested absent timely objection. If timely objection is filed, hearing reserved for:</u><br><br>Date: October 22, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

I, Jana Contreras, hereby declare under penalty of perjury pursuant to section 1746 of title 28 of the United States Code that the following is true and correct to the best of my knowledge, information, and belief:

1. I am attorney licensed to practice law in the State of California. I am Counsel, Litigation at Pacific Gas and Electric Company, and am authorized to make this Declaration in that capacity.

2. I file this Declaration in support of the Utility's *Motion Pursuant to Fed. R. Bankr. P. 4001(d) to Approve Stipulation Between Debtor and Kathleen Pelley and Allan Pelley Regarding Modification of Automatic Stay* (the "**Motion**").[1] Except as otherwise indicated, all statements in this Declaration are based on my personal knowledge, and, if called upon to do so, I could and would testify competently thereto.

3. On or about March 12, 2019, the Utility filed a complaint (the "**Complaint**") in the Humboldt County Superior Court (the "**Superior Court**") seeking declaratory and injunctive relief relating to the Utility's enforcement of the Easement across the Property (the "**Humboldt Action**").

4. On May 23, 2019, the Pelleys filed a cross-complaint against Debtor in the Humboldt Action for quiet title and declaratory relief concerning the same general facts and circumstances as the Complaint (the "**Cross-Complaint**"). On June 21, 2019, Debtor filed a *Notice of Stay of Proceedings* in the Humboldt Action based on these Chapter 11 Cases, which filing automatically stayed proceedings on the Cross-Complaint, but not on the Complaint.

5. The Utility has determined that the continuation of the Humboldt Action is in the best interests of its estate. Accordingly, the Stipulation provides that the automatic stay shall be modified to permit the Pelleys to litigate the Cross-Complaint against the Debtor in the Superior Court and to defend themselves against the Complaint. Furthermore, to the extent applicable, the Stipulation modifies the automatic stay to permit the Debtor to continue to litigate the Complaint in the Superior Court and defend itself against the Cross-Complaint. The Stipulation does not permit, and the automatic stay itself shall remain in effect with respect to, the enforcement by the Pelleys of any

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

judgment they may obtain in their favor in the Humboldt Action.

6. The Utility must litigate its Complaint in the Humboldt Action in order to protect its business need to remove the Incompatible Trees.

7. The Complaint and Cross-Complaint relate to the same underlying issues and would involve the same or similar discovery and motion practice; accordingly, it would be inefficient to litigate only the Utility's claims now and to relitigate the Pelleys' claims in this Court through the claims process.

8. Absent the Stipulation, the Pelleys can be expected to bring a motion to seek relief from stay to permit them to litigate their Cross-Complaint. The Utility seeks to avoid the time and expense associated with a contested motion for relief from the stay.

9. Allowing the Pelleys to litigate their action will not prejudice the Debtor's estates or other creditors. The Stipulation provides material benefits to the Debtor and its estate at little cost, has been authorized by the Debtor in the exercise of its business judgment, and is in the best interest of the Debtor, its estate, and its creditors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed in San Francisco, California this 21st day of August, 2019.

/s/ *Jana Contreras*
Jana Contreras

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119