WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☑ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF JOSEPH ECHOLS ISO DEBTOR'S MOTION PURSUANT TO FED. R. BANKR. P. 4001(d) TO APPROVE STIPULATION BETWEEN DEBTOR PACIFIC GAS AND ELECTRIC COMPANY AND KATHLEEN PELLEY AND ALLAN PELLEY REGARDING MODIFICTION OF AUTOMATIC STAY**<br><br>**Objection Deadline**: October 2, 2019<br>4:00 pm (Pacific Time)<br><u>No hearing requested absent timely objection. If timely objection is filed, hearing reserved for:</u><br><br>Date: October 22, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

I, Joseph Echols, hereby declare under penalty of perjury pursuant to section 1746 of title 28 of the United States Code that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the Manager at Pacific Gas and Electric Company responsible for the implementation of the Community Pipeline Safety Initiative and am authorized to make this Declaration in that capacity.

2. I file this Declaration in support of the Utility's *Motion Pursuant to Fed. R. Bankr. P. 4001(d) to Approve Stipulation Between Debtor and Kathleen Pelley and Allan Pelley Regarding Modification of Automatic Stay* (the "**Motion**").[1] Except as otherwise indicated, all statements in this Declaration are based on my personal knowledge, and, if called upon to do so, I could and would testify competently thereto.

3. Since on or around December 30, 1998, Kathleen Pelley has had an ownership interest in the real property commonly known as 3906 Pennsylvania Avenue, Eureka, California, and more particularly identified as Assessor's Parcel Number 016-172-007 (the "**3906 Property**"). Since on or around January 10, 2017, Kathleen Pelley has also been the owner in fee simple of an undivided fifty percent interest the real property commonly known as 3970 Pennsylvania Avenue, Eureka, California, and more particularly identified as Assessor's Parcel Number 016-172-008 (the "**3970 Property**," and, together with the 3906 Property, the "**Property**"). Since on or around January 10, 2017, Allan Pelley has been the owner in fee simple of the other undivided fifty percent interest the 3970 Property.

4. Pursuant to an easement agreement created on August 23, 1945 and recorded on August 28, 1945 in the Official Records of the Humboldt County at Book 276 of Deeds, page 43 (the "**1945 Easement**"), the Utility owns an easement that gives it the right to install and use an underground gas transmission pipeline with necessary valves and other appliances within a ten foot wide strip of land located on the Property. Pursuant to an easement agreement dated January 11, 1958 and recorded on January 24, 1958 in the Official Records of the Humboldt County at Volume

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

476, page 225 (the "**1958 Easement**," and, collectively with the 1945 Easement, the "**Easement**"), the Utility has the right to install and use an underground gas transmission pipeline, with necessary valves and other appliances, within a ten foot wide strip of land "contiguous to and northerly of the northern boundary line" of the 1945 Easement.

5. Due to various factors, such as their size, species, and distance to the pipeline, the Incompatible Trees interfere with the Utility's use of the land subject to the Easement in ways including, but not limited to, potentially damaging the Utility's underground pipe and pipeline, impeding maintenance crews, and interfering with inspections required by regulatory authorities.

6. Since 2016, the Utility has been working with the Pelleys to obtain their cooperation to remove the Incompatible Trees, without success.

7. The Utility has a business need—namely, the removal of the Incompatible Trees—to confirm and protect, as promptly as possible, its rights under the Easement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed in Sacramento, California this 4 day of September, 2019.

/s/ 
Joseph Echols