BRAD BRIAN (State Bar No. 79001)
Brad.Brian@mto.com
THOMAS B. WALPER (State Bar No. 96667)
thomas.walper@mto.com
HENRY WEISSMANN (State Bar No. 132418)
henry.weissmann@mto.com
BRADLEY SCHNEIDER (State Bar No. 235296)
bradley.schneider@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-3702

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**APPLICATION OF DEBTORS TO AMEND ORDER PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY MUNGER, TOLLES & OLSON LLP AS COUNSEL FOR CERTAIN MATTERS**<br><br>[No hearing requested]<br><br>[Relates to Dkt. No. 1677] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Application (the "**Application to Amend**"), to amend that *Order Pursuant to 11 U.S.C. § 327(e) and Fed. R. Bankr. P. 2014(a) and 2016 to Retain and Employ Munger, Tolles & Olson LLP as Counsel for Certain Matters* (the "**Retention Order**") [Doc. #1677], which is attached hereto as **Exhibit A**.

In support of this Application to Amend, the Debtors submit the Declaration of Henry Weissmann (the "**Weissmann Declaration**"), which is filed concurrently herewith. A proposed form of order approving this Amended Application is annexed hereto as **Exhibit B** (the "**Proposed Order**").

## I. JURISDICTION

The Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court under 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND AND RELIEF REQUESTED

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**"). Additional information regarding the circumstances leading to the commencement

of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Dkt No. 263] (the "**Wells Declaration**").

On February 13, 2019, the Debtors filed an application (the "**Retention Application**") pursuant to 11 U.S.C. § 327(e) Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure for authority to retain and employ MTO as counsel for the Specific Matters as defined therein (Dkt No. 1167). On April 24, 2019, the Court entered the Retention Order, which authorized the Debtors retain MTO with respect to the Specific Matters.

By this Application to Amend, the Debtors seek to clarify and expand the scope of the Specific Matters in two respects. First, the Specific Matters include advising and representing the Debtors with respect to issues arising under California law that may affect or relate to the Debtors' reorganization, plan and operations (paragraph 3(f)), as well as other legal services in connection with the Chapter 11 cases. In connection with this scope of work, the Debtors have asked MTO to provide advice with regard to regulatory, corporate, transactional, and other legal issues associated with potential structural options in relation to electric distribution systems, including with respect to the recent offer by the City of San Francisco to purchase the Debtors' electrical grid and related assets in the City. While the Debtors believe that this work is within the scope of the Specific Matters, for the avoidance of doubt, the Debtors seek to amend the Retention Order to clarify that the Specific Matters include this matter.

Second, the Debtors seek authority to retain MTO as counsel in civil litigation arising from the Northern California wildfires. The Debtors would retain MTO immediately to serve as co-counsel with Cravath, Swaine & Moore LLP ("**Cravath**") in the first civil trial against the Debtors arising out of the Tubbs Fire, as to which this Court lifted the automatic stay on August 16, 2019. *See Mem. Decision Regarding Mot. for Relief from Stay* [Doc. No. 3571]. The Debtors would engage MTO as counsel or co-counsel in additional civil litigation matters (including trials) relating to the Northern California wildfires as the Debtors deem appropriate and in the best interests of their estates. As described in the Weissmann Declaration, MTO is well qualified to serve in this role.

This proposed retention, moreover, is directly related to MTO's existing representation of the Debtors in various wildfire-related matters. Specifically, since June 2018, MTO has been advising and representing the Debtors in connection with potential and actual criminal investigations in connection with the Northern California wildfires. The Retention Order authorized MTO to continue this representation as well as to advise and represent the Debtors with respect in any related civil or administrative proceedings and to coordinate with Debtors' counsel in any related civil actions. From its work on these engagements, MTO has become familiar with the facts underlying the claims and defenses in the civil lawsuits arising out of the Northern California wildfires.

MTO will continue to undertake reasonable efforts to coordinate with Cravath to avoid any unnecessary duplication of work by counsel with respect to this additional matter as it has done with respect to the Specific Matters to date.

The other grounds for this relief, including MTO's qualifications and terms of engagement, are set out in the Weissmann Declaration. Further, subject to the disclosures in the Weissmann Declaration, MTO does not hold or represent an interest adverse to the Debtors or their estates with respect to any of the foregoing matters.

## III. NOTICE

Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facilities; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court authorize entry of an order substantially in the form attached hereto as **Exhibit B**, granting the relief requested in this Application and such other and further relief as the Court may deem just and appropriate.

Dated: September 18, 2019

Respectfully submitted,

By: /s/ Janet C. Loduca

Janet C. Loduca
General Counsel
PG&E Corporation

**Exhibit A**

**RETENTION ORDER**

**Entered on Docket**
**April 25, 2019**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**




**Signed and Filed: April 24, 2019**

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

BRAD BRIAN (State Bar No. 79001)
Brad.Brian@mto.com
THOMAS B. WALPER (State Bar No. 96
thomas.walper@mto.com
HENRY WEISSMANN (State Bar No. 13
henry.weissmann@mto.com
BRADLEY SCHNEIDER (State Bar No
bradley.schneider@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-3702

*Proposed Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| In re<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**ORDER PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY MUNGER, TOLLES & OLSON LLP AS COUNSEL FOR CERTAIN MATTERS THE DEBTORS EFFECTIVE AS OF THE PETITION DATE** |
|---|---|

Upon the Application, dated February 13, 2019 (the "**Application**"), of PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to retain and employ Munger, Tolles & Olson LLP ("**MTO**" or "**Firm**") as counsel for certain matters for the Debtors effective as of the Petition Date, under a general retainer, all as more fully set forth in the Application; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application, the Weissmann Declaration, the Loduca Declaration, and the Wells Declaration; and upon the record of the Hearing (if any was held) and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. This Application is granted as provided herein.
2. The Debtors are authorized, pursuant to section 327(e) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, to retain and employ MTO as counsel under the terms and conditions set forth in the Application and the Weissmann Declaration effective *nunc pro tunc* to the Petition Date.

3. The Weissmann Declaration sets for the services being provided by, and to be provided by, MTO to the Debtors with respect to the following matters (the "**Specific Matters**"):

a. Advising and representing the Debtors with respect to federal, state, and local laws and regulations as they relate to (1) wildfires and the effects of wildfire liabilities on the Debtors' businesses; (2) the relative jurisdiction of the California Public Utilities Commission ("**CPUC**"), the Federal Energy Regulatory Commission ("**FERC**"), and federal courts, including the Bankruptcy Court; and (3) motions and other negotiations and proceedings in the Chapter 11 Cases, and other legal proceedings, that may affect the interests of the CPUC and/or parties in CPUC proceedings involving the Debtors, including matters that may affect or relate to the Debtors' management, governance, structure, and rates;

b. Advising and representing the Debtors in CPUC Proceedings, including but not limited to: (a) R.19-01-006, Order Instituting Rulemaking to Implement Public Utilities Code Section 451.2 Regarding Criteria and Methodology for Wildfire Cost Recovery Pursuant to Senate Bill 901 ("**CPUC Proceeding R.19-01-006**"); (b) I.15-08-019, Order Instituting Investigation on the Commission's Own Motion to Determine Whether Pacific Gas and Electric Company and PG&E Corporation's Organizational Culture and Governance Prioritize Safety ("**CPUC Proceeding I.15-08-019**"); (c) A.19-02-016, Application of Pacific Gas and Electric Company for a Waiver of the Capital Structure Condition ("**CPUC Proceeding A.19-02-016**"); (d) A.18-11-001, Application of Pacific Gas and Electric Company to issue, sell, and deliver one or more series of Debt Securities and to guarantee the obligations of others in respect of the issuance of Debt Securities; to execute and deliver one or more indentures; to sell, lease, assign, mortgage, or otherwise dispose of or encumber utility property; to issue, sell and deliver in one or more series, cumulative Preferred Stock -- $25 Par

Value, Preferred Stock -- $100 Par Value, Preference Stock or any combination thereof; to utilize various debt enhancement features; and enter into interest rate hedges (“**CPUC Proceeding A.18-11-001**”); (e) A.18-10-003, Application of Pacific Gas and Electric Company to increase its authority to finance short-term borrowing needs and procurement-related collateral costs by $2.0 billion to an aggregate amount not to exceed $6.0 billion (“**CPUC Proceeding A.18-10-003**”); and (f) any other related or similar CPUC proceeding or other CPUC proceeding arising from the matters for which MTO is representing the Debtors;

c. Advising and representing the Utility regarding its rights and obligations under various power purchase agreements, including in connection with *NextEra Energy, Inc., et al. v. Pacific Gas and Electric Company*, FERC Docket No. 19-35-000, and *PG&E Corp. et al. v. Federal Energy Regulatory Commission*, Adv. Proc. No. 19-03003 (N.D. Cal.); advising and representing the Utility on any appeal from these matters and, potentially, as an amicus curiae in other proceedings involving similar legal issues;

d. Advising the Debtors regarding compliance with laws and regulations governing public utilities, including Division 1, Part 1 of the California Public Utilities Code and the CPUC’s affiliate transaction rules (including Decision 06-12-029 and related decisions);

e. Advising and representing the Debtors as necessary and appropriate with respect to potential actions by state government actors, including the legislature and the CPUC, that may affect or relate to the Debtors’ reorganization, plan, and operations, including with respect to liability standards, insurance and related cost-spreading regimes, recovery of costs in rates and the Debtors’ management, governance and structure;

f. Advising and representing the Debtors with respect to issues arising under California law that may affect or relate to the Debtors’ reorganization, plan and

operations; California corporate law including but limited to fiduciary duties and opinions regarding due authority; California law governing corporate forms; the California Public Records Act;

g. Advising and representing the Debtors with regard to potential criminal, civil, and administrative liability in connection with the 2017 and 2018 Northern California wildfires, including:

i. Advising and representing the Debtors in civil or administrative proceedings relating to the 2017 and 2018 Northern California wildfires;

ii. Advising and representing the Debtors concerning the Butte County Settlement;

iii. Coordinating with Debtors' counsel in civil actions and administrative proceedings arising from wildfires to provide advice regarding potential impact on and coordination with the Debtors' response to and positions in the criminal investigations and any resulting prosecutions;

iv. Advising and representing the Debtors and coordinating with other counsel in connection with any possible or proposed resolutions or settlements of criminal, civil, or administrative liability arising from California wildfires; and

h. Providing all other necessary legal services for the Debtors, as related to the above matters, in connection with the above captioned Chapter 11 Cases, including fact investigation, legal researching, briefing, argument, discovery, reorganization, plan and disclosure statement matters, appearance and participation in hearings, and communications and meetings with parties in interest.

4. MTO shall be compensated in accordance with, and will file, interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and any further order of the Court;

5. MTO shall be reimbursed for reasonable and necessary expenses as provided by the Fee Guidelines;
6. MTO is authorized without further order of the Court to apply amounts from the Retainer to compensate and reimburse MTO and the Economic Consultants for fees or expenses incurred prior to the Petition Date consistent with their ordinary course billing practices. Notwithstanding anything to the contrary in the Engagement Letter, the Debtors are not obligated to replenish the Retainer. MTO shall hold the balance of the Retainer until the conclusion of the MTO engagement and the payment of the fees, costs, and expenses of MTO as approved in the MTO final fee application, after which MTO shall return any remaining balance of the Retainer to the Debtors.
7. MTO shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases;
8. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application;
9. MTO shall provide reasonable notice to the Debtors and the U.S. Trustee of any increase of MTO's hourly rates as set forth in the Weissmann Declaration;
10. To the extent the Application is inconsistent with this Order, the terms of the Order shall govern;
11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**END OF ORDER**

**Exhibit B**

**[PROPOSED] ORDER**

BRAD BRIAN (State Bar No. 79001)
Brad.Brian@mto.com
THOMAS B. WALPER (State Bar No. 96667)
thomas.walper@mto.com
HENRY WEISSMANN (State Bar No. 132418)
henry.weissmann@mto.com
BRADLEY SCHNEIDER (State Bar No. 235296)
bradley.schneider@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-3702

*Proposed Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**[PROPOSED] ORDER AMENDING ORDER PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY MUNGER, TOLLES & OLSON LLP AS COUNSEL FOR CERTAIN MATTERS AS OF THE PETITION DATE**<br><br>[No hearing requested]<br><br>[Relates to Dkt. No. 1677] |

Upon the application, dated September 18, 2019 (the "**Application to Amend**"), of PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), to amend *Order Pursuant to 11 U.S.C. § 327(e) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Retain and Employ Munger, Tolles & Olson LLP as Counsel for Certain Matters Effective as of the Petition Date* (the "**Retention Order**") [Dkt No. 1677]; and this Court having jurisdiction to consider the Application to Amend and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Application to Amend and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application to Amend and the Weissmann Declaration; and upon the record of the Hearing (if any was held) and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Application to Amend is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and that the legal and factual bases set forth in the Application to Amend establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application to Amend is granted as provided herein.
2. The Retention Order is hereby amended to provide that the Specific Matters include:
    a. Representing and advising the Debtors with regard to regulatory, corporate, transactional, and other legal issues associated with potential structural options in relation to electric distribution systems;

b. Representing the Debtors as co-counsel at trial in the first trial in the consolidated action captioned *California North Bay Fire Cases*, JCCP No. 4995 (Cal. Super. Ct.) (the "**Tubbs Fire Action**");

c. Representing and advising the Debtors in connection with any other civil actions or proceedings arising out of or related to the Northern California wildfires.

3. Subject to the foregoing clarifying amendment, the Retention Order remains in effect and is incorporated herein by reference.

4. Notice of the Application to Amend as provided therein shall be deemed good and sufficient notice of the Application to Amend;

5. To the extent the Application to Amend is inconsistent with this Order, the terms of the Order shall govern;

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**END OF ORDER**