**WEIL, GOTSHAL & MANGES LLP**
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
New York, NY 10153-0119
Tel:   (212) 310-8000
Fax:   (212) 310-8007

**KELLER & BENVENUTTI LLP**
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel:   (415) 496-6723
Fax:   (415) 636-9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**,<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY**,<br><br>         **Debtors**.<br><br>☐  Affects PG&E Corporation<br>☑  Affects Pacific Gas and Electric Company<br>☐  Affects both Debtors<br><br>*\* All papers shall be filed in the lead case,<br>No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**STIPULATION BETWEEN DEBTOR PACIFIC GAS AND ELECTRIC COMPANY AND MOVANTS MARINA AND MIKHAIL GELMAN FOR LIMITED RELIEF FROM THE AUTOMATIC STAY**<br><br>[Relates to Dkt. Nos. 1310, 3617]<br><br>[Resolving Motion Set for Hearing September 25, 2019 at 9:30 am] |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

This stipulation (the "**Stipulation**") is entered into by and between Pacific Gas and Electric Company (the "**Utility**" or the "**Debtor**"), as debtor and debtor in possession, and movants Marina and Mikhail Gelman (the "**Gelmans**"). The Debtor and the Gelmans are referred to in this Stipulation collectively as the "**Parties**," and each as a "**Party**." The Parties hereby stipulate and agree as follows:

**RECITALS**

A. On April 10, 2019, the Gelmans filed the *Motion for Relief from the Automatic Stay and Abstention Pursuant to 28 U.S.C. 1334(c)(1)* [Dkt. 1310] (the "**Initial Relief from Stay Motion**"), superseding a similar motion filed on April 3, 2019 [Dkt. 1201].

B. The Court held a preliminary hearing on the Initial Relief from Stay Motion on May 9, 2019, and on May 13, 2019, issued its Memorandum Decision [Dkt. No. 1982] continuing the preliminary hearing to September 10, 2019 (subsequently continued by agreement of the Parties to September 25).

C. On August 20, 2019, the Gelmans filed the *Supplement to Their Motion for Relief from the Automatic Stay and Abstention Pursuant to 28 U.S.C. 1334(c)(1); Objection to the Bankruptcy Court Adjudicating Movants' Personal Injury Claims* [Dkt. 3617] (the "**Supplemental Relief from Stay Motion**," and, together with the Initial Relief from Stay Motion, the "**Relief from Stay Motion**").

D. The Gelmans seek relief from the automatic stay to prosecute their personal injury claims against the Utility in *Marina and Mikhail Gelman v. Pacific Gas and Electric Company, City and County of San Francisco, and Blue Plantain, LLC*, Case No. CGC-17-556763 (the "**State Court Action**") pending in the Superior Court of California, County of San Francisco (the "**Superior Court**").

E. The State Court Action arises out of an injury suffered by Ms. Gelman when she allegedly tripped on a Utility vault located in a public sidewalk in San Francisco in front of a restaurant owned by Blue Plantain, LLC.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

F. The Gelmans filed the State Court Action on January 31, 2017. The Utility served its answer on October 10, 2017.

G. The State Court Action initially was set for jury trial on August 27, 2018, and was reset first to April 22, 2019 and again to December 16, 2019 (the "**Trial**").

H. The Debtor and its parent, PG&E Corporation (collectively the "**Debtors**"), filed these Chapter 11 Cases on January 29, 2019 (the "**Petition Date**").

I. The Utility filed the *Notice of Bankruptcy Filing and Imposition of Automatic Stay* in the State Court Action on February 4, 2019. The automatic stay applicable to the State Court Action has remained in effect as to the Debtors since the Petition Date.

**NOW, THEREFORE, IT HEREBY IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT:**

1. This Stipulation shall be effective upon entry of an order by this Court approving it, and resolves the Relief from Stay Motion.

2. The automatic stay shall initially and immediately be modified solely as follows:

   a. To permit the Parties to participate in a mediation to attempt to resolve the claims against the Utility and its co-defendants alleged in the State Court Action (the "**Mediation**"). The Parties shall use their best efforts to schedule the Mediation within sixty days of the filing of this Stipulation. The automatic stay shall remain in place for all other purposes during this time.

   b. To permit counsel for the Gelmans to obtain and file (and, so desired, obtain approval of the Superior Court to) a stipulation in the State Court Action among all the parties to that action (including the Debtor) confirming the parties' agreement to the proposed schedule laid out herein.

3. If the Mediation does not result in a settlement, the Gelmans' claim will be liquidated through the State Court Action, and the automatic stay applicable to the State Court Action shall be lifted for all purposes on the sixtieth day after the Mediation concludes (but in any event not later than January 15, 2020), except that the stay shall remain in effect as to any judgment that might be obtained against the Utility, and no such judgment shall be enforced without further relief from the automatic stay.

4. If the Mediation does not result in a settlement, the Parties shall use best efforts to schedule the Trial on June 1, 2020, or as soon thereafter as the Superior Court's calendar will permit. The Debtor has agreed to this trial schedule in recognition of the specific medical circumstances of one of the Gelmans, unrelated to the alleged injury that is the subject of the State Court Action.

5. Nothing in this Stipulation shall relieve the Gelmans of any applicable requirement to file a timely proof of claim in the Debtor's Chapter 11 Case.

Dated: September 19, 2019

WEIL, GOTSHAL & MANGES LLP
KELLER & BENVENUTTI LLP

/s/
Peter J. Benvenutti

*Attorneys for Debtors*
*and Debtors in Possession*

Dated: September 19, 2019

LAW OFFICES OF BORIS E. EFRON

/s/
David W. Wessel

*Attorneys for Movants Marina Gelman*
*and Mikhail Gelman*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119