| | |
|---|---|
| BAKER & HOSTETLER LLP | AKIN GUMP STRAUSS HAUER & FELD LLP |
| Robert A. Julian (SBN 88469)<br>Cecily A. Dumas (SBN 111449)<br>1160 Battery Street, Suite 100<br>San Francisco, CA 94111<br>Telephone: (628) 208-6434<br>Facsimile: (310) 820-8859<br>Email: rjulian@bakerlaw.com<br>cdumas@bakerlaw.com | Michael S. Stamer (*pro hac vice*)<br>Ira S. Dizengoff (*pro hac vice*)<br>David H. Botter (*pro hac vice*)<br>Abid Qureshi (*pro hac vice*)<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br>Email: mstamer@akingump.com<br>idizengoff@akingump.com<br>dbotter@akingump.com<br>aqureshi@akingump.com |
| Eric E. Sagerman (SBN 155496)<br>Lauren T. Attard (SBN 320898)<br>11601 Wilshire Boulevard<br>Suite 1400<br>Los Angeles, CA 90025<br>Telephone: (310) 820-8800<br>Facsimile: (310) 820-8859<br>Email: esagerman@bakerlaw.com<br>lattard@bakerlaw.com | Ashley Vinson Crawford (SBN 257246)<br>580 California Street<br>Suite 1500<br>San Francisco, CA 94104<br>Telephone: (415) 765-9500<br>Facsimile: (415) 765-9501<br>Email: avcrawford@akingump.com |
| *Counsel to the Official Committee of Tort Claimants* | *Counsel to the Ad Hoc Committee of Senior Unsecured Noteholders of Pacific Gas and Electric Company* |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>***EX PARTE* MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS AND AD HOC COMMITTEE OF SENIOR UNSECURED NOTEHOLDERS PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON JOINT MOTION TO TERMINATE THE DEBTORS' EXCLUSIVE PERIODS**<br><br>[No hearing requested] |

The Official Committee of Tort Claimants (the "TCC") and the Ad Hoc Committee of Senior Unsecured Noteholders of Pacific Gas and Electric Company (the "Ad Hoc Committee")[1] in the above-captioned chapter 11 cases of Pacific Gas and Electric Company (the "Utility") and PG&E Corporation ("PG&E" and, together with the Utility, the "Debtors"), by their respective undersigned counsel, Baker & Hostetler LLP and Akin Gump Strauss Hauer & Feld LLP, hereby submit this motion (the "Motion") pursuant to Rule 9006-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Local Rules"), for entry of an order, substantially in the form attached as **Exhibit A** hereto, shortening time for a hearing on *Joint Motion of the Official Committee of Tort Claimants and Ad Hoc Committee of Senior Unsecured Noteholders to Terminate the Debtors' Exclusive Periods Pursuant to Section 1121(d)(1) of the Bankruptcy Code* (the "Joint Exclusivity Termination Motion") [Docket No. 3940]. In support of this Motion, the TCC and the Ad Hoc Committee submit the Declaration of Cecily A. Dumas filed concurrently herewith and respectfully state the following:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S. C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules.

2. This is a core proceeding pursuant to 28 U.S.C. §157(b).

3. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**RELIEF REQUESTED**

4. By this Motion, the TCC and the Ad Hoc Committee seek entry of an order shortening time for a hearing on the Joint Exclusivity Termination Motion and request the hearing to be set for September 24, 2019, the next omnibus hearing date, or as soon thereafter as practicable, with responsive filings due at a time set by the Court. A proposed form of order approving the relief requested herein is annexed hereto as **Exhibit A**.

---

[1] The Ad Hoc Committee filed a statement pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure on July 18, 2019 [Docket No. 3083]. Members of the Ad Hoc Committee hold in excess of $10 billion of funded debt claims against the Debtors.

**BASIS FOR RELIEF**

5. Pursuant to Bankruptcy Local Rule 9014-1(c)(2), a hearing on the Joint Exclusivity Termination Motion requires at least twenty-one (21) days' notice of an opportunity for a hearing. Bankruptcy Local Rule 9006-1(a) provides that, except as set forth therein, "approval of the Court is required to enlarge or to shorten time to perform any act or file any paper pursuant to the Federal Rules of Civil Procedures, the Bankruptcy Rules, or these Bankruptcy Local Rules." B.L.R. 9006-1(a).

6. There is sufficient cause to warrant shortening of the notice period here so that the Joint Exclusivity Termination Motion can be heard on September 24, 2019, at the same time as the status conference on the *Debtors' Joint Chapter 11 Plan of Reorganization* [Docket No. 3841] (the "Placeholder Plan"). As set forth in greater detail in the Joint Exclusivity Termination Motion, the Placeholder Plan is not viable and does nothing to bring these cases closer to resolution. In contrast, the Court now has before it a fully financed and committed alternative plan (the "Alternative Plan") centered on a settlement that proposes to compensate wildfire victims fully and fairly and thereby provides a clear path to emergence well in advance of the June 30, 2020 deadline under AB 1054. Nothing is gained by allowing the Debtors to maintain exclusivity for the next several weeks on the basis of procedural formality.

7. Importantly, shortening notice here will not prejudice any party in interest. All relevant parties in interest already will be expected to attend the status conference on September 24, 2019, and, therefore, expanding the hearing to include consideration of the Joint Exclusivity Termination Motion will not impose an additional burden on parties. In addition, there is no need to delay a hearing on the Joint Exclusivity Termination Motion to allow parties time to assess the Alternative Plan. With the exception of the wildfire claims settlement and certain modifications relating thereto, the terms of the Alternative Plan have changed little from the plan term sheet filed by the Ad Hoc Committee in connection with its original motion to terminate exclusivity,[2] which

---

[2] See *Motion of the Ad Hoc Committee of Senior Unsecured Noteholders to Terminate the Debtors' Exclusive Periods Pursuant to Section 1121(d)(1) of the Bankruptcy Code* [Docket No. 2742], as supplemented from time to time.

has been a matter of public record and comment for several months. As recited in the Dumas Declaration, the Debtors do not consent to this Motion.

## CONCLUSION

8. For the foregoing reasons, the TCC and the Ad Hoc Committee respectfully request that this Court enter an order shortening time for Joint Exclusivity Termination Motion to be heard on September 24, 2019 and setting a date for responsive filings as the Court finds appropriate. In the event that the Court does not allow the Joint Exclusivity Termination Motion to be heard on September 24, 2019, the TCC and Ad Hoc Committee request that the motion be set for a hearing as soon as reasonably practicable thereafter.

## NOTICE

Notice of this Motion will be provided to (i) counsel to the Debtors; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) counsel to the Creditors Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002. The TCC and the Ad Hoc Committee respectfully submit that no further notice is required.

[*Remainder of page left blank intentionally*]

**WHEREFORE** the TCC and the Ad Hoc Committee respectfully request entry of an order granting (i) the relief requested herein for cause shown and (ii) such other and further relief as the Court may deem just and proper.

Dated: September 19, 2019

**BAKER & HOSTETLER LLP**

By: */s/ Cecily A. Dumas*
Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)

*Counsel to the Official Committee of Tort Claimants*

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By: */s/ Ashley Vinson Crawford*
Ashley Vinson Crawford (SBN 257246)
Michael S. Stamer (*pro hac vice*)
Ira S. Dizengoff (*pro hac vice*)
David H. Botter (*pro hac vice*)
Abid Qureshi (*pro hac vice*)

*Counsel to the Ad Hoc Committee of Senior Unsecured Noteholders of Pacific Gas and Electric Company*