Heinz Binder (SBN 87908)
Robert G. Harris (SBN 124678)
BINDER & MALTER, LLP
2775 Park Avenue
Santa Clara, CA 95050
Tel: (408) 295-1700
Fax: (408) 295-1531
Email: Heinz@bindermalter.com
Email: Rob@bindermalter.com

Attorneys for TURN, the Utility Reform Network

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION<br><br>and<br><br>PACIFIC GAS AND ELECTRIC<br>COMPANY,<br><br>Debtors. | Case Nos. 19-30088 DM (Lead Case)<br>19-30089 DM<br><br>Chapter 11<br>*Jointly Administered* |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>* All papers shall be filed in the Lead Case<br>No. 19-30088 DM. | Date: September 24, 2019<br>Time: 9:30 a.m.<br>Place: Courtroom 17, 16th Floor<br>450 Golden Gate Avenue<br>San Francisco, California<br><br>DKT # 39 |

**STATUS CONFERENCE STATEMENT BY TURN AND JOINDER IN JOINT MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS AND AD HOC COMMITTEE OF SENIOR UNSECURED NOTEHOLDERS TO TERMINATE THE DEBTORS' EXCLUSIVE PERIODS PURSUANT TO SECTION 1121(d)(1) OF THE BANKRUPTCY CODE**

The Utility Reform Network ("TURN") hereby (a) submits its status conference statement in connection with the status conference currently on calendar for September 24, 2019, at 9:30 a.m. and (b) joins in the Joint Motion of the Official Committee of Tort Claimants and Ad Hoc Committee of Senior Unsecured Noteholders to Terminate Debtors' Exclusive Periods Pursuant to Section 1121(d)(1) of the Bankruptcy Code [Dkt. #3940] (the "Joint Motion") and supports entry of the proposed order attached to that filing.

A. Commencement of Order Instituting Investigation Before CPUC

TURN wishes the Court to be aware that proceedings before the CPUC with regard to this case and a plan of reorganization are about to commence. Attached here as Exhibit "A" is a copy of the proposed Order Instituting Investigation on the Commission's Own Motion to Consider the Ratemaking and Other Implications of a Proposed Plan for Resolution of Voluntary Case filed by Pacific Gas and Electric Company Pursuant to Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court, Northern District of California, San Francisco Division, In re Pacific Gas and Electric Corporation and Pacific Gas and Electric Company, Case No. 19-30088 (the "OII"). This proposed OII is set for a vote before the CPUC on Thursday, September 26, 2019, two days after this Court's status conference.

The purpose of the OII is to provide an "opportunity to be heard and comment on any California Public Utilities Commission (Commission) regulatory review resulting from a proposed plan of reorganization (including any amendments) filed with the Commission, any proposed settlement agreement resolving PG&E's Chapter 11 case between PG&E and Commission staff filed in connection with a plan, any regulatory approvals required pursuant to Public Utilities Code Section 3292 in order for PG&E to become eligible to participate in the wildfire fund established pursuant to Assembly Bill 1054 (AB) 1054, any other regulatory approvals required by AB 1054, and any other matters that may need to be decided by this Commission in connection with a plan." In effect, the purpose is to provide a process and vehicle for CPUC approval, prior to the June 30, 2019 deadline, required for confirmation under Bankruptcy Code section 1129(a)(6).

///

///

1

The scope of the proceeding shall include but not necessarily be limited to all issues raised in the OII, including the following:

1. Whether it is reasonable to approve a proposed plan of reorganization submitted by PG&E and PG&E Corp., and any related plan amendments, or any other relevant plan of reorganization that may be submitted for the Commission's approval, and any related proposed settlement agreement or other documents, taking into consideration:

   a. The ratemaking implications of such proposed plan and settlement agreement;

   b. Whether the proposed plan and settlement agreement provide satisfactory resolution of claims for monetary fines or penalties for PG&E's pre-petition conduct;

   c. Whether to approve a governance structure for the utility, and the appropriate disposition of potential changes to PG&E's corporate structure and authorizations to operate;

   d. Whether it is reasonable and appropriate for the Commission to make any other approvals related to the confirmation and implementation of the proposed plan; and

   e. Any other findings relevant for the Commission to approve a proposed settlement agreement, including whether such settlement is in the public interest.

2. Whether the Commission should make the following determinations for a Commission-approved reorganization plan and other documents resolving the insolvency proceeding:

   a. PG&E's governance structure resulting from the plan is acceptable in light of PG&E's safety history, criminal probation, recent financial condition, and other factors deemed relevant by the Commission;

   b. The plan is consistent with the state's climate goals pursuant to the California Renewables Portfolio Standard Program and related procurement requirements of the state;

   c. The plan is neutral, on average, to PG&E's ratepayers; and

   d. The plan recognizes the contributions of PG&E's ratepayers, if any, to resolving the insolvency proceeding and compensates them accordingly through mechanisms approved by the Commission.

2

B. <u>The Plan Is Insufficiently Detailed to Allow CPUC to Do Its Job</u>

The OII expressly states that "The current plan of reorganization is not sufficiently advanced through the Bankruptcy Court process for the Commission to consider at this time …"  The failure of the Debtors to offer a confirmable plan, given both the lack of detail and it being unconfirmable owing to a number of legal objections raised and likely to be raised,[1] is unnecessarily infringing on the time that the CPUC has to do its work.

The OII emphasizes the urgency to proceed quickly and provides the process for doing so:

> The provisions of AB 1054 relating to PG&E's eligibility to participate in the wildfire fund as the going-forward solution established by AB 1054 require a short turnaround time for PG&E, the Bankruptcy Court, and the Commission to review and approve a plan and other documents resolving PG&E's insolvency proceeding in order to meet the June 30, 2020 statutory deadline. This proceeding will move quickly particularly given our preliminary determination that evidentiary hearings will be necessary. Parties must be prepared to act on short deadlines and be as cooperative and forthcoming as possible so we can meet the legislative deadline for facilitating PG&E's eligibility to participate in the Wildfire Fund, consistent with due process and our consideration of the issues.

C. <u>The Plan's Reliance on Wildfire Victim Recovery Bonds May Make It Infeasible.</u>

The Plan's funding and feasibility are at risk to the extent that it relies on Wildfire Victim Recovery Bonds.  Those Bonds are listed as part of the Plan Funding under paragraph 1.137.  TURN contends that such bonds put ratepayers at risk of increased rates in a manner that would violate AB

---

[1] TURN believes that the proposed plan is unconfirmable for reasons which include but are not limited to the following: the Plan (a) provides for broad third-party releases impermissible under applicable 9th Circuit law; (b) violates the absolute priority rule; (c) shows unfair discrimination in treatment between similarly situated unsecured creditors assuming a cramdown takes place, (d) impermissibly reserves the right to estimate claims after the effective date; (e) will not provide dissenting creditors in impaired classes that to which they would be entitled in a liquidation pursuant to Bankruptcy Code section 1129(a)(7)(a)(ii); and, (f) notwithstanding assurances in Debtor's Summary of the Plan, appears to abrogate sovereign immunity in violation of Bankruptcy Code section 106 by proposing a plan with broad language purporting to discharge all claims relating to prepetition conduct, whether or not such claims result from police or regulatory proceedings both currently pending and potentially future proceedings before the CPUC.

1054. TURN will be making that objection before the CPUC, this Court, and in the legislative arena.

The Court is doubtlessly aware that AB 235, the bill by which the tax-free Wildfire Victims Recovery Bonds would be enabled, has not passed, and the 2019 legislative session has ended. AB 235 is unlikely to pass in the next legislative session in time for the Debtors to obtain the Private Letter Ruling from the IRS required to rely on tax free Wildfire Victim Recovery Bonds as a source of Plan Funding. The Debtors should, in its next iteration, propose a Plan which assumes that it will acquire the funding needed to pay creditors and fire victims from sources other than the Wildfire Victims Recovery Bonds.

D. Exclusivity Should Be Terminated

Based on the foregoing, TURN reiterates its support for a limited termination of exclusivity on the terms set forth in the Joint Motion.

Dated: September 19, 2019                    BINDER & MALTER, LLP


                                             By: /s/ *Robert G. Harris*
                                                 Robert G. Harris


                                             Attorneys for TURN, the Utility Reform Network

4