COM/ /mph  **PROPOSED DECISION**  Agenda ID #17715

Decision _____

**BEFORE THE PUBLIC UTILITIES COMMISSION OF THE STATE OF CALIFORNIA**

| | |
|---|---|
| Order Instituting Investigation on the Commission's Own Motion to Consider the Ratemaking and Other Implications of a Proposed Plan for Resolution of Voluntary Case filed by Pacific Gas and Electric Company Pursuant to Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court, Northern District of California, San Francisco Division, In re Pacific Gas and Electric Corporation and Pacific Gas and Electric Company, Case No. 19-30088. | FILED<br>PUBLIC UTILITIES COMMISSION<br>_____, 2019<br>SAN FRANCISCO, CALIFORNIA<br>INVESTIGATION \_\_-\_\_-\_\_\_ |

**ORDER INSTITUTING INVESTIGATION**

**Summary**

This Order opens an investigation into the ratemaking and other implications for Pacific Gas and Electric Company (PG&E) that will result from the confirmation of a plan of reorganization and other regulatory approvals necessary to resolve PG&E's voluntary case filed pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Northern District of California, San Francisco Division, *In re Pacific Gas and Electric Corporation and Pacific Gas and Electric Company*, Case No. 19-30088.

We initiate this Order Instituting Investigation (OII) to afford parties the opportunity to be heard and comment on any California Public Utilities Commission (Commission) regulatory review resulting from a proposed plan of reorganization (including any amendments) filed with the Commission, any proposed settlement agreement resolving PG&E's Chapter 11 case between PG&E and Commission staff filed in connection with a plan, any regulatory approvals required pursuant to Public Utilities Code Section 3292 in order for PG&E to become eligible to participate in the wildfire fund established pursuant to Assembly Bill 1054 (AB) 1054, any other regulatory approvals required by AB 1054, and any other matters that may need to be decided by this Commission in connection with a plan.

The Commission expects to render its decision sufficiently in advance of the June 30, 2020 statutory deadline contained in AB 1054 to allow the Bankruptcy Court to address and approve any modifications made to the plan pursuant to Commission orders. This OII will provide the Commission with a venue for review of a proposed plan and all attendant issues identified as within the scope of this proceeding.

1. **Background**

On January 29, 2019, Pacific Gas and Electric Company (PG&E) and its holding company, PG&E Corporation (PG&E Corp.) (jointly Debtors), filed voluntary petitions under Chapter 11 of the U.S. Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California. These filings followed a series of devastating wildfires that occurred in the fall of 2017 and 2018, including fires connected to PG&E-owned infrastructure for which PG&E's liability is expected to be in the tens of billions of dollars. At the outset, is it important for this Commission to acknowledge the devastation caused by these

fires and the tragic losses suffered by Californians in these catastrophes. PG&E and PG&E Corp. now face the challenge of fairly and quickly compensating wildfire victims as part of any plan for reorganization in the Chapter 11 case to allow the Debtors to exit bankruptcy.

The Governor of the State of California and the Legislature, by enacting AB 1054 (Ch. 79, Stats. 2019), have acted quickly and decisively to implement long-term, going forward solutions for addressing risks of utility-caused wildfires. One element of this multi-faceted solution established a wildfire fund to pay eligible claims to victims in advance of Commission proceedings to determine cost recovery of wildfire costs and expenses. All three of California's Investor Owned Utilities (IOUs), including PG&E, have provided notice and taken the requisite steps to participate (or in PG&E's case to become eligible to participate) in the Wildfire Insurance Fund established by Public Utilities (Pub. Util.) Code Section 3292.[1] On August 26, 2019, the Bankruptcy Court issued an order authorizing PG&E to participate in the Wildfire Insurance Fund and to make contributions to the fund.[2]

In addition to establishing the fund, AB 1054 lists a number of additional Bankruptcy Court and regulatory determinations that must be made by June 30, 2020 in order for PG&E to participate in the Wildfire Insurance Fund.

---

[1] Given the timely payment of initial contributions made by Southern California Edison Corporation (SCE) and San Diego Gas & Electric Company (SDG&E), the Wildfire Insurance Fund is operative and the alternative wildfire liquidity fund provided by Pub. Util. Code section 3291 is inoperative. *See* Pub. Util. Code section 3291(g), SCE's Notice re Initial Contribution to the California Wildfire Fund filed in Rulemaking (R.)19-07-017 (Sept. 11, 2019), and Notification of SDG&E's Initial Contribution to the Wildfire Fund (Sept. 11, 2019) filed in R.19-07-017.

[2] If PG&E meets the criteria for participation, PG&E's initial and annual contributions to the fund become due on the date that PG&E exits its insolvency proceeding. Pub. Util. Code Section 3292(e).

The Commission must approve a plan of reorganization resolving PG&E's insolvency proceedings and make determinations as to the acceptability of such plan in light of factors relating to safety, California's climate goals, and ratepayer impacts, among other things.[3]  In this proceeding we will address issues relevant to our consideration of all regulatory determinations necessary for PG&E to become eligible to participate in the fund.

On September 9, 2019, PG&E and PG&E Corp. filed a Chapter 11 Plan of Reorganization with the Bankruptcy Court.[4]  This Commission has previously navigated the landscape of bankruptcy court and state regulatory issues germane to a potential approval of plan of reorganization.  In the first PG&E bankruptcy, Commission Staff[5] and PG&E filed a proposed settlement agreement (following many months of contentious proceedings) that addressed a plan of reorganization, regulatory issues, and other conditions imposed on PG&E by the proposed settlement.[6]  In its opinion approving a modified settlement agreement, the Commission noted the fundamental differences between the role of Commission proceedings and the Bankruptcy Court: while the Commission regulates the relationship between public utilities and their ratepayers, the Bankruptcy Court is mostly concerned with the relationship between the debtor and its creditors.[7] The Bankruptcy Code further explicitly recognizes that utility ratemaking is the province of governmental regulatory commissions, such as this

---

[3] Pub. Util. Code Sections 3929(C), (D), (E).

[4] *Debtors' Joint Chapter 11 Plan of Reorganization*, Case: 19-30088, Doc# 3841 (Sept. 9, 2019), available at https://restructuring.primeclerk.com/pge/.

[5] Commission Advisory Staff and outside counsel represented the Commission in Bankruptcy Court in PG&E's prior bankruptcy.

[6] D.03-12-035.

[7] *Id*. at 22.

Commission, and provides that any rate change in a reorganization plan must be approved by the governmental regulatory commissions with proper jurisdiction.[8] In this proceeding the Commission will resolve issues relating to the ratemaking implications of PG&E's, or any relevant alternative proposed plan of reorganization, as well as any settlement agreement that may be reached in connection with a plan.

The current plan of reorganization is not sufficiently advanced through the Bankruptcy Court process for the Commission to consider at this time; however, PG&E's reorganization plan contains an outline of how the Debtors propose to structure their exit from bankruptcy. Part of that plan identifies additional Commission approvals necessary as a condition to a plan confirmation (beyond the statutory findings required for PG&E to participate in the Wildfire Insurance Fund).[9] Other Commission approvals that the Debtors identify as required for plan confirmation could include authorizing PG&E's cost of capital (return on equity) and capital structure currently under consideration in the Cost of Capital proceeding, satisfactory resolution of other Commission investigations pending against PG&E for pre-petition conduct that are being considered in other OIIs, approval of PG&E's corporate governance structure and disposition of proposals to change PG&E's corporate structure currently under consideration in PG&E's Safety Culture Proceeding, and approvals for the financing structure and hedges.[10] The Commission may resolve in this proceeding issues pending in

---

[8] *Id.* at 23 (quoting *In re Cajun Elec. Power Co-op., Inc.* (5th Cir. 1999) 185 F.3d 446, 453).

[9] PG&E Plan at section 1.32.

[10] *See Summary of Key Elements of Debtors' Joint Chapter 11 Plan of Reorganization Dated September 9, 2019*, Case: 19-30088, Doc# 3844 at 7 (Sept. 9, 2019).

other Commission proceedings as necessary for the timely confirmation and implementation of a proposed plan.

The provisions of AB 1054 relating to PG&E's eligibility to participate in the wildfire fund as the going-forward solution established by AB 1054 require a short turnaround time for PG&E, the Bankruptcy Court, and the Commission to review and approve a plan and other documents resolving PG&E's insolvency proceeding in order to meet the June 30, 2020 statutory deadline.  This proceeding will move quickly particularly given our preliminary determination that evidentiary hearings will be necessary.  Parties must be prepared to act on short deadlines and be as cooperative and forthcoming as possible so we can meet the legislative deadline for facilitating PG&E's eligibility to participate in the Wildfire Fund, consistent with due process and our consideration of the issues.

## 2. Preliminary Scoping Memo

The Commission will conduct this OII in accordance with Article 5 of the Commission's Rules of Practice and Procedure.[11]  Consistent with Rule 7.1, this OII includes a preliminary scoping memo, and preliminarily determines the category of this proceeding and the need for hearing.

### 2.1. Issues

The scope of this proceeding shall include all issues raised in this order, but will not necessarily be limited to these issues.

The preliminary issues to be addressed are:

---

[11] All references to "Rules" are to the Commission's Rules of Practice and Procedure unless otherwise indicated.



1. Whether it is reasonable to approve a proposed plan of reorganization submitted by PG&E and PG&E Corp., and any related plan amendments, or any other relevant plan of reorganization that may be submitted for the Commission's approval, and any related proposed settlement agreement or other documents, taking into consideration:

    a. The ratemaking implications of such proposed plan and settlement agreement;

    b. Whether the proposed plan and settlement agreement provide satisfactory resolution of claims for monetary fines or penalties for PG&E's pre-petition conduct;

    c. Whether to approve a governance structure for the utility, and the appropriate disposition of potential changes to PG&E's corporate structure and authorizations to operate;

    d. Whether it is reasonable and appropriate for the Commission to make any other approvals related to the confirmation and implementation of the proposed plan; and

    e. Any other findings relevant for the Commission to approve a proposed settlement agreement, including whether such settlement is in the public interest.

2. Whether the Commission should make the following determinations for a Commission-approved reorganization plan and other documents resolving the insolvency proceeding:

    a. PG&E's governance structure resulting from the plan is acceptable in light of PG&E's safety history, criminal probation, recent financial condition, and other factors deemed relevant by the Commission;

    b. The plan is consistent with the state's climate goals pursuant to the California Renewables Portfolio



        Standard Program and related procurement requirements of the state;

   c. The plan is neutral, on average, to PG&E's ratepayers; and

   d. The plan recognizes the contributions of PG&E's ratepayers, if any, to resolving the insolvency proceeding and compensates them accordingly through mechanisms approved by the Commission.

### 3. Categorization; *Ex Parte* Communications; Need for Hearing

Pursuant to Rule 7.1 of the Commission's Rules of Practice and Procedure we preliminarily determine that this proceeding is categorized as ratesetting. Accordingly, *ex parte* communications are subject to the restrictions and reporting requirements set forth in Article 8 of the Rules. We preliminarily determine that hearings will be necessary.

#### 3.1. Preliminary Schedule

PG&E, as the respondent to this OII, is to file and serve a response to this OII that includes its most current public plan of reorganization, including any amendments or other modifications. Other persons or entities who wish to become parties to this proceeding may subsequently file and serve responses to the OII, which may also address PG&E's response to the OII. Any responses to PG&E's response should focus on procedural and scheduling issues, not on the substance or contents of PG&E's plan of reorganization.



The preliminary schedule for this proceeding is:

### SCHEDULE

| EVENT | DATE |
| --- | --- |
| PG&E to file and serve a response to the OII. | October 7, 2019 |
| Other responses to the OII filed and served. | October 14, 2019 |
| Prehearing Conference | October 23, 2019 at 10:00 a.m., Commission Courtroom, 505 Van Ness Avenue, San Francisco, California, 94102 |

The prehearing conference (PHC) will be held for the purposes of (1) taking appearances, (2) discussing schedule and process, and (3) informing the scoping memo. The PHC shall be held on October 23, at 10:00 a.m. at the Commission Courtroom, 505 Van Ness Avenue, San Francisco, California, 94102. This schedule may be modified by the assigned Commissioner or Administrative Law Judge (ALJ) as needed to promote the fair and efficient resolution of this proceeding. The scoping memo will determine the schedule and the issues to be addressed. Preliminarily, we expect hearings to be conducted in this proceeding and that hearings will commence no later than February 2020.

If there are any workshops or other public meetings in this proceeding, notice of such workshops will be posted on the Commission's Daily Calendar to inform the public that a decision-maker or an advisor may be present at those meetings or workshops. Parties shall check the Daily Calendar regularly for such notices.

I._____  COM/   /mph 

**4. Respondents**

PG&E is named as respondent to this proceeding. Pursuant to Rule 5.2 PG&E is directed to respond to this Order Instituting Investigation on October 7, 2019 and its response shall include the following information:

1. PG&E and PG&E Corp.'s most current public plan of reorganization, including any amendments or other modifications.

2. A table summarizing the major actions and expected timelines for:

- The Bankruptcy Court's consideration of the Debtors' proposed plan, including any additional approvals that may be necessitated by a Commission order modifying the plan.
- The U.S. District Court's completion of estimation proceedings for wildfire claims.
- Trials in the Superior Court of California on claims arising from the Tubbs fire.

**5. Service**

This OII shall be served on respondent PG&E.

In addition, in the interest of broad notice, this OII will be served on the official service lists for the following proceedings:

I.19-06-015 – PG&E Electric Facilities Investigation

I.18.12-007 – PG&E Locate and Mark Investigation

I.18-07-008 – PG&E Electric Disconnection Investigation

I.15-11-015 – PG&E Ex Parte and Rule 1.1 Investigation

I.15-08-019 – PG&E Safety Culture Investigation

I.02-04-026 – PG&E Bankruptcy (2002) Investigation

R.19-01-006 - Wildfire Cost Recovery Rulemaking

A.19-04-015 – PG&E 2020 Cost of Capital Application

A.18-12-009 - PG&E 2020 General Rate Case Application

      A.18-11-001 – PG&E Debt Securities Application

      A.18-10-003 - PG&E Short-Term Financing Application

Service of the OII does not confer party status or place any person who has received such service on the official service list for this proceeding, other than respondent. Instructions for obtaining party status or being placed on the official service list are given below.

### 6. Filing and Service of Comments and Other Documents

Filing and service of comments and other documents in the proceeding are governed by the Commission's Rules of Practice and Procedure.

### 7. Addition to Official Service List

Addition to the official service list is governed by Rule 1.9(f) of the Commission's Rules of Practice and Procedure.

Respondent is a party to the proceeding (*see* Rule 1.4(d)) and will be immediately placed on the official service list.

Any person will be added to the "Information Only" category of the official service list upon request, for electronic service of all documents in the proceeding, and should do so promptly in order to ensure timely service of comments and other documents and correspondence in the proceeding. (*See* Rule 1.9(f).) The request must be sent to the Process Office by e-mail ([process_office@cpuc.ca.gov](mailto:process_office@cpuc.ca.gov)) or letter (Process Office, California Public Utilities Commission, 505 Van Ness Avenue, San Francisco, California 94102). Please include the Docket Number of this investigation in the request.

Persons who file responses to this OII become parties to the proceeding and will be added to the "Parties" category of the official service list upon such filing. *In order to assure service of comments and other documents and correspondence*



*in advance of obtaining party status, persons should promptly request addition to the "Information Only" category as described above;* they will be removed from that category upon obtaining party status.

**8.    Subscription Service**

Persons may monitor the proceeding by subscribing to receive electronic copies of documents in this proceeding that are published on the Commission's website.  There is no need to be on the official service list in order to use the subscription service.  Instructions for enrolling in the subscription service are available on the Commission's website at http://subscribecpuc.cpuc.ca.gov/.

**9.    Intervenor Compensation**

Intervenor Compensation is permitted in this proceeding.  Any party that expects to claim intervenor compensation for its participation in this Investigation must file a timely notice of intent to claim intervenor compensation.  (*See* Rule 17.1(a)(2).)  Intervenor compensation rules are governed by sections 1801 et seq. of the Public Utilities Code.  Parties new to participating in Commission proceedings may contact the Commission's Public Advisor.

**10.   Public Advisor**

Any person or entity interested in participating in this investigation who is unfamiliar with the Commission's procedures should contact the Commission's Public Advisor in San Francisco at (415) 703-2074 or (866) 849-8390 or e-mail public.advisor@cpuc.ca.gov.  The TTY number is 1-(866) 836-7825.

Therefore, **IT IS ORDERED** that:

1. This Order Instituting Investigation is adopted pursuant to Rule 5.1 of the Commission's Rules of Practice and Procedure.

2. Pacific Gas and Electric Company is the respondent to this Order Instituting Investigation.

3.  Pacific Gas and Electric Company shall file and serve a response to this Order Instituting Investigation no later than October 7, 2019.

4.  Other persons or entities may file and serve responses to this Order Instituting Investigation no later than October 14, 2019.

5.  The preliminary categorization is ratesetting.

6.  The preliminary determination is that a hearing is needed.

7.  The preliminarily scope of issues is as stated above.

8.  The preliminary schedule for this proceeding is set forth above.

9.  A prehearing conference is set for October 23, 2019 at 10:00 a.m. at the Commission Courtroom, 505 Van Ness Avenue, San Francisco, CA 94102.

10. The Executive Director will cause this Order Instituting Investigation to be served on the respondent and on the service lists for the following Commission proceedings: I.19-06-015, I.18.12-007, I.18-07-008, I.15-11-015, I.15-08-019, I.02-04-026, R.19-01-006, A.19-04-015, A.18-12-009, A18-11-001, A18-10-003.

11. Any party that expects to claim intervenor compensation for its participation in this proceeding must timely file its notice of intent to claim intervenor compensation. (*See* Rule 17.1.)

This Order is effective today.

Dated _____, San Francisco, California.