

Signed and Filed: September 25, 2019

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br>**PG&E CORPORATION**<br>    - and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                              Debtors.<br><br>☐    Affects PG&E Corporation<br>☐    Affects Pacific Gas and Electric Company<br>☑    Affects both Debtors<br><br>*  All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**ORDER PURSUANT TO 11 U.S.C § 365(a), FED. R. BANKR. P. 6006, AND B.L.R. 6006-1 APPROVING ASSUMPTION OF CERTAIN REAL PROPERTY LEASES** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Upon the Motion, dated August 27, 2019 (the "**Motion**"),[1] of PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (together, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to section 365(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 6006-1 of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for an order approving the Debtors' assumption of certain Real Property Leases, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion, the Wells Declaration (as amended on February 2, 2019 [Docket No. 263]), the Redford Declaration, the Williams Declaration, and the response filed to the Motion [Docket No. 3859]; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion reflects the sound business judgment of the Debtors and is in the best interests of the Debtors, its estate, creditors, shareholders, and all parties in interest; and upon the record of the hearing and all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

2.	Pursuant to section 365 of the Bankruptcy Code, the Debtors' assumption of the Real Property Leases in **Schedule 1** annexed to this Order is hereby approved, effective as of the date of entry of this Order.

3.	Assumption of the Real Property Leases shall be effective notwithstanding a dispute over the proposed Cure Payment or payment to remove a Lien.  The Debtors are authorized to and shall (i) promptly pay any Cure Payments as soon as practicable after assumption of the Real Property Leases, and (ii) remove any Liens on the Leased Properties (including, if necessary, by payments to the holders of Liens as authorized by the Lien Order).  Any disputed Cure Payment or payment to remove a Lien must be paid promptly after the earlier of (a) the date on which the Debtors and the applicable Lessor agree to such amounts and (b) in the event the parties cannot agree to such amounts, the date such amounts are specified in a final and non-appealable order entered by this Court.

4.	Following the payment of the Cure Payment and the removal of the Liens, the non-debtor parties to the Real Property Leases shall be forever barred, estopped, and permanently enjoined from asserting against the Debtors, their successors or assigns, or the property of any of them, any default existing under the Real Property Leases as of the date hereof.

5.	Nothing in the Motion or this Order, nor as a result of any payment made pursuant to this Order, shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates to subsequently assign any of the Real Property Leases pursuant to, and in accordance with, the requirements of section 365 of the Bankruptcy Code.

6.	The Debtors are authorized to file the Motion as an omnibus motion pursuant to Bankruptcy Rule 6006(e), and the limitation on the Motion seeking assumption of no more than 100 executory contracts or unexpired leases in Bankruptcy Rule 6006(f)(6) is waived.

7.	The Debtors are authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, and documents, and to take any and all actions reasonably necessary or appropriate to perform under the Real Property Leases.

8.	The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

9. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119