Signed and Filed: September 25, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone:    628.208.6434
Facsimile:    310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone:    310.442.8800
Facsimile:    310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee
of Tort Claimants*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**ORDER APPROVING THE APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002 TO RETAIN AND EMPLOY DUNDON ADVISERS LLC *NUNC PRO TUNC* FROM MARCH 1, 2019 TO APRIL 29, 2019** |

Upon the Application, filed August 22, 2019 [Dkt. No. 3667], (the "**Application**"),[1] of the Official Committee of Tort Claimants (the "**TCC**") of PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**") for an order authorizing the TCC to retain and employ Dundon Advisers LLC ("**Dundon**") as financial advisor to the TCC, *nunc pro tunc* from March 1, 2019 to and including April 29, 2019, pursuant to section 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and in accordance with the terms and conditions set forth in the engagement letter between the TCC and Dundon dated April 15, 2019 (the "**Engagement Letter**") as such was affixed to the Dundon Declaration [Dkt. No. 3668], and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Application as provided to the parties listed therein is reasonable and sufficient; and it appearing that no other or further notice need be provided; and this Court having reviewed the Application and the Dundon Declaration; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon the record of all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is approved solely to the extent set forth herein.

2. The TCC is authorized, pursuant to section 1103 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 5002, to engage Dundon as its financial advisor in these Cases, *nunc*

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

Case: 19-30088    Doc# 4015    Filed: 09/25/19    Entered: 09/26/19 16:00:53    Page 2 of 4

*pro tunc* from March 1, 2019 to and including April 29, 2019, pursuant to the terms of the Engagement Letter.

3. Dundon's compensation as set forth in the Engagement Letter is approved.

4. Dundon shall be compensated for fees and reimbursed for reasonable and necessary expenses and shall file monthly fee statements and interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the order entered by this Court on February 28, 2019 establishing the procedures for interim compensation and reimbursement of expenses of professionals [Dkt. No. 701], the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, effective February 19, 2014, and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013, and any other order of the Court.

5. Notwithstanding anything to the contrary herein, the United States Trustee shall have the right to object to Dundon's interim and final fee applications (including expense reimbursement) on all grounds, including the reasonableness standard provided in section 330 of the Bankruptcy Code.

6. Notwithstanding anything to the contrary in the Application, any of its attachments, or the Engagement Letter, Dundon shall not seek reimbursement of any fees or costs arising from the defense of any of Dundon's monthly fee statements or fee applications in these Cases. Approval of the Application and any terms of the Engagement Agreement shall not alter the result dictated by the holding in *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2169 (2015) and its construction of 11 U.S.C. § 330(a)(1).

7. Notwithstanding anything to the contrary in the Application, any of its attachments, or the Engagement Letter, Dundon's allowed compensation shall have the same priority as the allowed professional fees and expenses of other professionals retained in the Cases.

8. Any limitation of liability pursuant to the terms and conditions set forth in the Engagement Letter, or otherwise, are hereby eliminated.

9. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter and this Order, the terms of this Order shall govern.

10. The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Cases to cases under chapter 7.

11. The TCC is authorized to take all steps necessary or appropriate to carry out this Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order. For the avoidance of doubt, notwithstanding any provision in the Engagement Letter to the contrary, during the pendency of these Cases, this Court shall have exclusive jurisdiction over the approval of fees due and owing to Dundon for this retention.

** END OF ORDER **

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO