Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone:    628.208.6434
Facsimile:    310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone:    310.442.8800
Facsimile:    310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official
Committee of Tort Claimants*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                       Debtors.<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR ENTRY OF AN ORDER (I) CONFIRMING THE SCOPE OF EMPLOYMENT OF BAKER & HOSTETLER LLP, OR ALTERNATIVELY (II) AMENDING THE ORDER APPROVING APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002, FOR AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF BAKER & HOSTETLER LLP, EFFECTIVE AS OF FEBRUARY 15, 2019 (DOC. NO. 1331) (THE "RETENTION ORDER")** |

| | |
|---|---|
| Date: | October 22, 2019 |
| Time: | 10:00 a.m. (Pacific Time) |
| Place: | United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |
| **Objections Due: October 15, 2019** | |
| | 4:00 p.m. (Pacific Time) |

The Official Committee of Tort Claimants (the "**TCC**") of PG&E Corporation and Pacific Gas and Electric Company (the "**Debtors**") submits this application (the "**Application**") for entry of an order, substantially in the form attached hereto as **Exhibit A**, confirming that the scope of Baker & Hostetler LLP's employment ("**Baker**") pursuant to the Retention Order includes representation of the TCC in connection with the California North Bay Fire Cases, JCCP 4955 (the "**State Court Litigation**"). Alternatively, the TCC seeks entry of an order amending the Retention Order to expressly provide that Baker is authorized to represent the TCC in the State Court Litigation, effective as of August 21, 2019. In support of the Application, the TCC submits the verified statement of Cecily A. Dumas, which is filed concurrently herewith, and respectfully states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges* of the United States District Court of the Northern District of California, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relevant Background

2. On February 15, 2019, the Office of the United States Trustee ("**U.S. Trustee**") filed an Appointment of the Official Committee of Tort Claimants [Doc. No. 453]. Following the resignation of Richard Heffern from the original committee and the addition of Tommy Wehe, on February 21, 2019, the U.S. Trustee filed the Amended Appointment of the Official Committee of

Tort Claimants [Doc. No. 530]. The members of the TCC are: (i) GER Hospitality, LLC, in its capacity as an individual claimant; (ii) Kirk Trostle; (iii) Tommy Wehe; (iv) Angelo Loo; (v) Karen K. Gowins; (vi) Agajanian, Inc.; (vii) Susan Slocum; (viii) Samuel Maxwell; (ix) Karen M. Lockhart; (x) Wagner Family Wines-Caymus Vineyards; and (xi) Gregory Wilson. The TCC conducted a meeting on February 15, 2019, at which all members were present, and appointed Karen M. Lockhart as Chairperson. The TCC also selected Baker as counsel to represent it during the pendency of the Debtors' cases (the "**Cases**").

**A.  Retention of Baker**

3.  On March 17, 2019, the TCC filed the Application of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. § 1103 and Fed. R. Bankr. P. 2014 and 5002, for an Order Authorizing Retention and Employment of Baker & Hostetler LLP, Effective as of February 15, 2019 [Doc. No. 934] (the "**Retention Application**"). Supporting declarations of Cecily Dumas (the "**Dumas Declaration**") and Karen Lockhart (the "**Lockhart Declaration**") were filed contemporaneously with the Retention Application [Doc. Nos. 935 & 936 respectively]. Subsequently, on May 14, 2019, Cecily Dumas submitted a supplemental declaration (the "**Supplemental Dumas Declaration**") which updated Baker's disclosures of connections. The Retention Application, Dumas Declaration, Lockhart Declaration and Supplemental Declaration are each incorporated herein by reference.

4.  On April 10, 2019, the Court entered the Retention Order [Doc. No. 1331] and authorized the TCC "to employ and retain Baker as counsel for the [TCC], effective as of February 15, 2019, on the terms set forth in the [Retention] Application, the Dumas Declaration, and the Lockhart Declaration, as provided herein." Retention Order, p. 2. The Court retained jurisdiction over matters stemming from the implementation of the Retention Order. *Id.* at p. 4.

5.  Pursuant to the Retention Order and Retention Application, the scope of services Baker is authorized to provide includes, among other provisions:

- Assisting and advising the TCC in its consultations, meetings and negotiations with the Debtors and all other parties in interest regarding the administration of these Cases;

- Assisting the TCC in analyzing the claims asserted against and interests asserted in the Debtors, and in negotiating with the holders of such claims and interests and bringing, or

- participating in, objections or estimation proceedings with respect to such claims or interests;

- Assisting the TCC in its analysis of, and negotiations with, the Debtors or any third party related to, among other things, financings, asset disposition transactions, compromises of controversies, assumption or rejection of executory contracts and unexpired leases;

- Representing the TCC at all hearings and other proceedings before the Court and such other courts or tribunals, as appropriate;

- Assisting the TCC in preparing pleadings and applications, and pursuing or participating in adversary proceedings, contested matters and administrative proceedings as may be necessary or appropriate in furtherance of the TCC's interests and objectives; and

- Performing such other legal services as may be necessary or as may be requested by the TCC in accordance with the TCC's powers and duties as set forth in title 11 of the United States Code (the "**Bankruptcy Code**").

6. As set forth above and in greater detail in the Retention Application and the Dumas Declaration, the TCC retained Baker to represent the TCC in multiple tribunals.

**B. Estimation Proceedings and the State Court Litigation**

7. On August 20, 2019, the Court entered the Order Regarding Further Hearings on Estimation Motion and Other Case Scheduling Matters [Doc. No. 3619] (the "**Estimation Hearings Order**"). The Court stated in part that its decision to grant the TCC's "Amended Motion for Relief from Stay (Dkt. 2904) and the Ad Hoc Group of Subrogation Claim Holders' Motion for Relief from Stay (Dkt. 2863) certainly moot for the most part one significant aspect of the suggested timetable in the Estimation Motion, namely Phase 2 and the Tubbs Fire." *Id.* at p. 2.

8. The Court also stated that "subject to further discussion *** the court envisions two tracks to confirmation, [including] one which deals with the determination of the amount of any trust (e.g., inverse condemnation ruling; Tubbs fire results; final estimation under 11 U.S.C. § 502(c) etc.)." *Id.* at p. 4. The Estimation Hearings Order also addresses coordination of timing issues in the State Court Litigation and the estimation proceedings. *Id.*

9. On August 21, 2019, the Court entered the Order Granting the Motion of the Official Committee of Tort Claimants for Relief from Automatic Stay [Dkt. No. 3644] (the "**Stay Relief Order**"). The Court held that the automatic stay was terminated for certain preference plaintiffs

(the "**Preference Plaintiffs**") to enable them "to take any actions necessary or appropriate to prosecute their claims against the Debtors arising solely from the 2017 Tubbs Fire…" *Id.* at p. 4. Thus, the Stay Relief Order permits the Preference Plaintiffs to try their Tubbs fire claims to verdict for the TCC, the Debtors and the Court to use as a data point in estimating the Tubbs and other fire claims.

10. The Preference Plaintiffs include (i) Barbara Thompson, (ii) Raymond Breitenstein, (iii) John Caslin, (iv) Phyllis Lowe, (v) William Edelen, (vi) Burton Fohrman, (vii) Heirs of decedent Monte Kirven, (viii) Don Louis Kamprath, (ix) Elizabeth Fourkas, (x) TCC member Greg Wilson, (xi) Christina Wilson, (xii) Armando A. Berriz, (xiii) Heirs of Carmen Caldenty Berriz, (xiv) Thomas Milton Howard, (xv) Catherine Maffioli, (xvi) Glenda Samson, (xvii) Barbara Spengler, and (xviii) Evelyn Venturi.

## Relief Requested

11. The TCC filed its Motion of the Official Committee of Tort Claimants for Relief from Automatic Stay to Permit State Court Jury Trial of 2017 Tubbs Wildfire Claims [Doc. No. 2842], and the amended motion, in order for the Preference Plaintiffs to try their claims to verdict in coordination with the estimation of Tubbs fire claims in the estimation proceedings. On September 17, 2019, Judge Jackson set a trial date in the State Court Litigation pursuant to the Order After September 16, 2019 Case Management Conference.

12. The TCC is not a party to the State Court Litigation. Nevertheless, the TCC agrees with the Court that the liability determination at the January 2020 trial or trials will be central to the estimation procedures (Estimation Hearings Order at p. 2), and anticipates that any verdict in the State Court Litigation will be central to the estimation of the Tubbs fire claims, thereby impacting all tort claimants. The TCC has requested that Baker draft pleadings and memoranda in connection with the State Court Litigation, assist in discovery, and participate in the litigation, including paying costs associated with the State Court Litigation, to the extent necessary to protect the TCC and all Tubbs fire victims' interests. Baker anticipates that some of the pleadings and memoranda may be filed by the plaintiffs in the State Court Litigation. The TCC believes that under the terms of the Retention Order Baker may represent the TCC in connection with the State

Court Litigation in order to protect the interests of the TCC. The State Court Litigation involves claims estimation, confirmation issues, and potential compromise of controversies. Moreover, Baker is authorized to represent the TCC at hearings and other proceedings before tribunals other than this Court. Baker is also authorized to bring, or participate-in, objections or estimation proceedings with respect to claims and interests.

13. At the time the Retention Motion was filed, Baker and the TCC anticipated that all estimation proceedings would take place between the Debtors and the TCC in this Court. Due to the Stay Relief Order, some of the estimation will essentially take place in the State Court Litigation, in which the TCC is not a party but has significant interests.

14. Out of an abundance of caution, the TCC seeks entry of an order confirming that Baker may represent the TCC and its interests in the State Court Litigation. Alternatively, if the Court determines that the present scope of the Retention Order does not include Baker's and the TCC's participation in the State Court Litigation, the TCC requests that the Court enter an order amending the Retention Order to authorize Baker to represent the TCC and its interests in connection with the State Court Litigation, *nunc pro tunc* to August 21, 2019.

15. In addition, there will be a number of expert witnesses that will be employed in connection with the State Court Litigation, as well as in connection with any proceedings in this Court or the District Court. Baker intends to employ the experts required for the State Court Litigation in accordance with the procedures established with the U.S. Trustee, the Debtors and the Official Committee of Unsecured Creditors and memorialized by letter dated July 3, 2019. Pursuant to the procedures, expert costs will be reflected on Baker's invoices, fee statements and fee applications as a cost and paid as a pass through cost by Baker. Some of the aforementioned expert witnesses have or will be retained by counsel for the State Court Litigation plaintiffs, but will be paid in accordance with the aforementioned letter dated July 3, 2019.

**Basis for Relief**

16. As part of the TCC's duty to maximize recoveries for fire claimants, the TCC must participate in proceedings which will impact the liability determination and the amount of claims against the Debtors' estates and the amount available for distribution to fire claimants. Toward

Case: 19-30088    Doc# 4018    Filed: 09/26/19    Entered: 09/26/19 16:06:38    Page 6 of 9

that end, the TCC needs to be represented by counsel with the requisite knowledge of the Cases and expertise in the relevant areas of the law. Baker has the knowledge and experience. Accordingly, the TCC has selected Baker to represent it in all matters, including in connection with the State Court Litigation.

17. The TCC respectfully requests that the Court enter an order confirming Baker's authorization to represent the TCC in connection with the State Court Litigation. Pursuant to the Retention Order, the Court has jurisdiction "to hear and determine all matters arising from the implementation of this [Retention Order]. Retention Order at p. 4. Thus, to the extent there is any doubt whether Baker may represent the TCC in the State Court Litigation, the TCC submits that pursuant to the Retention Order, and the Court's inherent authority, the Court may enter an order defining the scope of Baker's authorized services.

18. Alternatively, if the Court concludes that the present scope of Baker's authorized services does not include representation of the TCC in connection with the State Court Litigation, then the TCC seeks entry of an order pursuant to section 1103(a) of the Bankruptcy Code amending the Retention Order to permit Baker to provide the services enumerated in the Retention Application to the TCC in the State Court Litigation.

19. Section 1103 of the Bankruptcy Code provides that a committee appointed under section 1102 of the Bankruptcy Code:

> [M]ay select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).

20. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

21. The TCC submits that for all the reasons stated above, and based upon the Retention Application, Dumas Declaration, Lockhart Declaration and Supplemental Dumas Declaration, Baker's continued representation of the TCC on all issues relating to the Tubbs fire, claims estimation, and claims negotiation, including maters pending in the State Court Litigation, is merited. Further, as stated in the Dumas Declaration and Supplemental Dumas Declaration, Baker is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors or their related parties except as may be disclosed in the Dumas Declaration and Supplemental Dumas Declaration. Accordingly, the relief requested in the Application should be approved.

**Notice**

22. Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Debtors; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; (xii) counsel to the fee examiner, and (xiii) those persons who have formally appeared in these Cases and requested service pursuant to Bankruptcy Rule 2002. The TCC respectfully submits that no further notice is required.

**No Prior Request**

23. No previous request for the relief sought herein has been made to this or any other court.

**Reservation of Rights**

24. The TCC respectfully reserves the right to file a brief and memorandum of law in response to any objection to this Application.

Case: 19-30088    Doc# 4018    Filed: 09/26/19    Entered: 09/26/19 16:06:38    Page 8 of 9

WHEREFORE, the TCC respectfully requests that this Court enter an order, in the form attached hereto as **Exhibit A**, (a) authorizing Baker to provide services to the TCC in connection with the State Court Litigation; and (b) granting such other and further relief as is just and proper.

Dated: September 25, 2019

OFFICIAL COMMITTEE OF TORT CLAIMANTS OF PG&E CORPORATION AND PACIFIC GAS AND ELECTRIC COMPANY

By: /s/ Karen Lockhart
Name: Karen M. Lockhart
Title: Chair of the Official Committee of Tort Claimants