UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

- and –

**PACIFIC GAS AND ELECTRIC COMPANY,**
                    **Debtors.**

☐ Affects PG&E Corporation
☐ Affects Pacific Gas & Electric Company
☒ Affects both Debtors

*All papers shall be filed in the Lead Case No. 19-30088 (DM)*

Bankruptcy Case No. 19-30088 (DM)

Chapter 11

(Lead Case)

(Jointly Administered)

**FIRST INTERIM APPLICATION OF LAZARD FRÈRES & CO. LLC FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED AS INVESTMENT BANKER TO THE DEBTORS FOR THE PERIOD FROM JANUARY 29, 2019 THROUGH MAY 31, 2019**

Date: TBD, 2019
Time: 9:30 a.m. (Pacific Time)
Place: United States Bankruptcy Court
       Courtroom 17, 16th Floor
       450 Golden Gate Avenue
       San Francisco, CA 94102

Re: Dockets Nos.: 2769 & 3403

**Objection Deadline:**
October 21, 2019 at 4:00p.m (Pacific Time)

1

## General Information

| | |
|---|---|
| Name of Applicant: | Lazard Frères & Co. LLC |
| Authorized to Provide Professional Services to: | Debtors and Debtors-In-Possession |
| Petition Date: | January 29, 2019 |
| Retention Date: | May 24, 2019 *nunc pro tunc* January 29, 2019 |
| Prior Applications: | None |

## Summary of Fees and Expenses Sought in this Application

| | |
|---|---|
| Time Period Covers by this Application: | January 29, 2019 through May 31, 2019 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Compensation Period: | $900,000.00 (100%)[1] |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Compensation Period: | $234,599.53 |
| Total Compensation and Expenses Requested for the Compensation Period: | $1,134,599.53 |
| Compensation and Expenses Sought in this Application Not Yet Paid: | $1,134,599.53 |

This is a: \_\_\_ monthly   _x_ interim   \_\_ final application

---

[1] Lazard's retention was approved pursuant to the terms and conditions set forth in its engagement letter dated January 4, 2019 (the "Engagement Letter") as limited or modified by the Retention Order [Dkt. No. 2229]. Prior to the commencement of these cases, the PG&E Debtors paid Lazard $300,000 for the month of February 2019 pursuant to the Engagement Letter

2

### SUMMARY OF MONTHLY FEE STATEMENTS FOR THE COMPENSATION PERIOD

| Date Filed Docket No. | Period Covered | Fees Due (80% Fees) | Holdback (20% Fees) | Expenses Requested (100% Expenses) | Amounts Paid to Date | Remaining Unpaid Amount |
|---|---|---|---|---|---|---|
| 06/26/19 Dkt. #2769 | 1/29/19 – 4/30/19 | $480,000.00 | $120,000.00 | $193,796.88 | $0.00 | $793,796.88 |
| 08/07/19 Dkt. #3403 | 5/1/19 – 5/31/19 | $240,000.00 | $60,000.00 | $40,802.65 | $0.00 | $340,802.65 |
| **TOTAL** | | **$720,000.00** | **$180,000.00** | **$234,599.53** | **$0.00** | **$1,134,599.53** |

Summary of Any Objections to Monthly Fee Statements: None

Compensation and Expenses Sought in this Application Not Yet Paid: $1,134,599.36

3

## COMPENSATION BY PROFESSIONAL
## FOR THE PERIOD JANUARY 29, 2019 THROUGH MAY 31, 2019

| Name of Professional Individual | Position of the Applicant and Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Kenneth M. Jacobs | Chief Executive Office | n/a | 12.0 | n/a |
| David Kurtz | Vice Chairman | n/a | 31.0 | n/a |
| Mary Ann Deignan | Managing Director | n/a | 5.0 | n/a |
| Tomer Perry | Managing Director | n/a | 4.0 | n/a |
| Ken Ziman | Managing Director | n/a | 466.8 | n/a |
| Christopher Couvelier | Director | n/a | 5.5 | n/a |
| Gregory Hort | Director | n/a | 160.3 | n/a |
| Christian Tempke | Director | n/a | 436.5 | n/a |
| Charles H. Kim | Vice President | n/a | 4.0 | n/a |
| Komu Kumar | Vice President | n/a | 127.5 | n/a |
| Eli Silverman | Vice President | n/a | 955.5 | n/a |
| Andrew Wood | Vice President | n/a | 3.0 | n/a |
| Garrett Deutsch | Associate | n/a | 11.0 | n/a |
| Daniel Katz | Associate | n/a | 423.0 | n/a |
| Alexander Lotz | Associate | n/a | 6.5 | n/a |
| Nathan Mooney | Associate | n/a | 753.5 | n/a |
| Matt Strain | Associate | n/a | 183.0 | n/a |
| Luke Cummings | Analyst | n/a | 163.5 | n/a |
| Liam Fine | Analyst | n/a | 457.5 | n/a |
| Kevin Hatch | Analyst | n/a | 853.5 | n/a |
| Michael Hinz | Analyst | n/a | 6.0 | n/a |
| Dan Liotta | Analyst | n/a | 87.0 | n/a |
| Maxwell Lubkeman | Analyst | n/a | 8.0 | n/a |
| Caroline Sambuco | Analyst | n/a | 17.5 | n/a |
| Katherine Tobeason | Analyst | n/a | 17.0 | n/a |
| Bryant Wang | Analyst | n/a | 327.5 | n/a |
| **TOTAL** | | | 5,525.6 | $900,000.00 |

## COMPENSATION BY WORK TASK CODE
## FOR THE PERIOD JANUARY 29, 2019 THROUGH MAY 31, 2019

| Project Categories | Total Hours | Total Fees |
|---|---:|---:|
| Interface with Professionals, Official Committees, and Other Parties-In-Interest | 1,415.5 | n/a |
| Business Operations Planning, Monitoring, Reporting and Analysis and Projections | 532.3 | n/a |
| Preparation and/or review of Court Filings | 44.9 | n/a |
| Court Testimony/Deposition and Preparation | 188.7 | n/a |
| Valuation Analysis | 335.2 | n/a |
| Capital Structure Review and Analysis | 651.1 | n/a |
| Merger & Acquisition Activity | 16.4 | n/a |
| Financing including DIP and Exit Financing | 404.8 | n/a |
| General Corporate Finance, Research and Analysis, and Other Due Diligence | 1,913.7 | n/a |
| Fee Application, Engagement | 21.1 | n/a |
| Employee Retention Program | 2.0 | n/a |
| **TOTAL** | **5,525.6** | **$900,000.00** |

# EXPENSE SUMMARY
## FOR THE PERIOD JANUARY 29, 2019 THROUGH MAY 31, 2019

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Car Services and Taxis | | $10,764.60 |
| Employee Meals | | 773.40 |
| Legal Expenses | | 635.67 |
| Legal Fees | | 130,514.00 |
| Meals – Meetings/Travel | | 4,837.37 |
| Travel | | 87,074.49 |
| **Total Expenses** | | **$234,599.53** |

6

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

- and –

**PACIFIC GAS AND ELECTRIC COMPANY,**
                            **Debtors.**

☐ Affects PG&E Corporation
☐ Affects Pacific Gas & Electric Company
☒ Affects both Debtors

*All papers shall be filed in the Lead Case No. 19-30088 (DM)*

Bankruptcy Case No. 19-30088 (DM)

Chapter 11

(Lead Case)

(Jointly Administered)

**FIRST INTERIM APPLICATION OF LAZARD FRÈRES & CO. LLC FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED AS INVESTMENT BANKER TO THE DEBTORS FOR THE PERIOD FROM JANUARY 29, 2019 THROUGH MAY 31, 2019**

Date: TBD, 2019
Time: 9:30 a.m. (Pacific Time)
Place: United States Bankruptcy Court
       Courtroom 17, 16th Floor
       450 Golden Gate Avenue
       San Francisco, CA 94102

Re: Dockets Nos.: 2769 & 3403

**Objection Deadline:**
October 21, 2019 at 4:00p.m (Pacific Time)

Lazard Frères & Co. LLC (**"Lazard"** or the **"Applicant"**), investment banker to PG&E Corporation and Pacific Gas and Electric Company (the **"Debtors"**), hereby submits its First Interim Fee Application (the **"Interim Fee Application"**), pursuant to section 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the Northern District of California (the "Local Rules"). By this Interim Fee Application Lazard seeks allowance of compensation for professional services rendered and actual and necessary expenses incurred by Lazard for the period from January 29, 2019 through and including May 31, 2019 (the **"Interim Compensation Period"**) in the amount of $1,134,599.53 and respectfully represents as follows:

## BACKGROUND

1. On January 29, 2019 (the **"Petition Date"**), each of the Debtors filed voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of title 11 of the Bankruptcy Code.

2. On February 28, 2019, this Court entered an Order establishing procedures for interim compensation and reimbursement of expenses during these chapter 11 cases [Docket No. 701] (the **"Interim Compensation Order"**).

3. On May 24, 2019, this Court entered certain Order Pursuant to 11 U.S.C. §§ 327(a) and 328 (a) and Fed. R. Bankr. P. 2014(a) and 2016 Authorizing the Retention and Employment and Retention of Lazard Frères & Co. LLC as Investment Banker to the Debtors Effective as of Petition Date [Docket No. 2229] (the **"Retention Order"**) attached hereto as

**Exhibit A.**

4. Cases in accordance with the terms and conditions set forth in the Engagement Letter (including the terms of the Indemnification Letter). The terms of the Engagement Letter reflect the mutual agreement between the Debtors and Lazard as to the substantial efforts that may be required of Lazard throughout the course of these proceedings. The Engagement Letter provides, in consideration for the compensation contemplated thereby, that Lazard will, to the extent reasonably requested by the Debtors, render the following investment banking services (collectively, the **"Services"**)[2]

  a) Reviewing and analyzing the Debtors' business, operations and financial projections;

  b) Assisting to formulate strategic and structural alternatives in connection with any Transaction, Restructuring, and/or Financing, as applicable;

  c) Evaluating the Debtors' potential debt capacity in light of its projected cash flows;

  d) Assisting in the determination of a capital structure for the Debtors;

  e) Assisting in the determination of a range of values for the Debtors on a going concern basis;

  f) Advising the Debtors on tactics and strategies for negotiating with their Stakeholders;

  g) Rendering financial advice to the Debtors and participating in meetings or negotiations with their Stakeholders and/or rating agencies or other

---

[2] In the event of any inconsistency between the description of the Services as set forth herein and the Engagement Letter, the Engagement Letter shall control.

appropriate parties in connection with any Transaction, Restructuring, and/or Financing;

h) Advising the Debtors on the timing, nature, and terms of new securities, other consideration or other inducements to be offered pursuant to any Transaction, Restructuring, and/or Financing;

i) Advising and assisting the Debtors in evaluating any potential Financing, and, subject to Lazard's agreement to act and, if requested by Lazard, to the execution of appropriate agreements, contacting potential sources of capital as the Debtors may designate and assisting the Debtors in implementing such Financing;

j) Assisting the Debtors in preparing documentation within Lazard's area of expertise that is required in connection with any Transaction and/or Restructuring;

k) Assisting the Debtors in identifying and evaluating candidates for any potential Transaction, advising the Debtors in connection with negotiations, and aiding in the consummation of any Transaction;

l) Attending meetings of the Boards of Directors of the Debtors with respect to matters on which Lazard has been engaged to advise pursuant to the Engagement Letter;

m) Providing testimony, as necessary, with respect to matters on which Lazard has been engaged to advise pursuant to the Engagement Letter in any proceeding before the Court;

Case: 19-30088    Doc# 4034    Filed: 09/30/19    Entered: 09/30/19 13:24:54    Page 10 of 16

n) Providing the Debtors with shareholder advisory services and advice on corporate preparedness matters; and

o) Providing the Debtors with other investment banking and financial restructuring advice.

## JURISDICTION

5. This court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue of the Chapter 11 case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

## COMPENSATION REQUEST

6. Lazard seeks allowance of compensation for professional services rendered to the Debtors during the Interim Compensation Period in the aggregate amount of $900,000.00 and for reimbursement of expenses incurred in connection with the rendition of such services in the aggregate amount of $234,599.53, for a total amount due of $1,134,599.53 (the **"Interim Compensation Amount"**).

7. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit B** is a summary setting forth the name of each professional for whose work on these reorganization cases compensation is sought.

## SUMMARY OF SERVICE

8. The bankers of Lazard who rendered professional services during the Interim Compensation Period in these cases are as follows: Kenneth M. Jacobs (CEO); David S. Kurtz (Vice Chairman); Mary Ann Deignan (Managing Director); Tomer Perry (Managing Director); Ken Ziman (Managing Director); Christopher Couvelier (Director); Greg Hort

(Director): Christian Tempke (Director); Charles Kim (Vice President); Komu Kumar (Vice President); Eli Silverman (Vice President); Andrew Wood (Vice President); Garrett Deutsch (Associate); Dan Katz (Associate); Alexander Lotz (Associate); Nathan Mooney (Associate); Matthew Strain (Associate); Luke Cummings (Analyst); Liam Fine Analyst (Analyst); Kevin Hatch (Analyst); Michael Hinz (Analyst); Dan Liotta (Analyst); Maxwell Lubkeman (Analyst); Caroline Sambuco (Analyst) and Bryant Wang (Analyst).

9. During the Interim Compensation Period, the Debtors relied heavily on the experience and expertise of the above-named persons in dealing with matters described below. Lazard's highly skilled restructuring and M&A professionals devoted significant time and effort to perform properly and expeditiously the required professional services.

10. A summary of some of the services rendered by Lazard during the Final Compensation Period is as follows:

   a. *First Day Hearing Support* – Lazard provided material assistance for the Debtors during the first day hearing, including financial analyses and review of declarations provided by counsel. As part of the first day hearing, David Kurtz provided a declaration in support of the DIP financing, explaining the process that Lazard managed and the Debtors' need for postpetition financing.

   b. *DIP Financing* – Lazard assisted the Debtors in structuring and negotiating the DIP financing that provides liquidity to the Company during the bankruptcy. Lazard's work included assistance in sizing the financing need, structuring the financing in the most effective manner, negotiating terms with DIP lenders and reviewing and negotiating credit documents related to the financing. Lazard also assisted in creating presentation materials to help the Debtors secure credit ratings in connection with the DIP financing.

   c. *Review and Diligence of Business Plan* – Beginning after the Petition Date, Lazard professionals expended significant resources and time reviewing the Debtors' business plan and conducting due diligence of various financial forecasts and operating scenarios. Lazard professionals met at length with the Debtors' management to review capital spending programs, cost reduction opportunities and wildfire safety initiatives.

   d. *General Stakeholder Communications* – Lazard prepared, reviewed, advised and assisted in the preparation of presentation materials for each of the creditor committees, ad hoc groups, regulators and their respective advisors,

12

including creditors, equity holders, wildfire claimants, regulators and government leaders to keep them informed about the Debtors' operations, financial projections and liquidity. Lazard participated in regular conversations with multiple parties and their advisors about due diligence materials and case issues as they arose.

e. *Financing and Capital Structure Evaluation* – Lazard prepared analysis of potential capital structure alternatives for the Debtors to fund the emergence from Chapter 11, including an assessment of debt capacity, credit rating implications and regulatory compliance. As part of this work, Lazard analyzed available capital sources and potential financing structures that the Company can utilize.

f. *General Bankruptcy Assistance* – Lazard participated in regular planning sessions and other periodic meetings with the Debtors, their legal counsel and their other advisors concerning process and strategy issues related to the bankruptcy. Lazard monitored and reviewed operating results of the business, the budget and performance against the budget. In addition, Lazard participated in discussions with various stakeholders and constituencies to keep them informed about the Debtors' operations, financial projections, capital structure and other key events. Further, Lazard participated in regularly scheduled board calls and assisted in the preparation of board materials.

g. *Assistance with Regulatory Filings* – Lazard analyzed, reviewed and advised the Debtors on their regulatory filings with respect to the California Public Utilities Commissions. Lazard's work included financial analysis, peer comparison and capital structure review and was completed in coordination with members of the management team and other advisors.

h. *Assistance with Governmental Legislation* – Lazard analyzed, reviewed and advised the Debtors on various governmental legislative proposals related to the financing of utilities in the securitization market, the provision of insurance to companies in the industry and the treatment of claimants from future potential wildfires. Lazard's work included financial analysis, review of government-sponsored insurance programs and engagement with key constituencies on behalf of the Debtors.

i. *General Financial Analysis* – Lazard professionals assisted the Debtors' management and other advisors in preparing various analyses related to the Debtors' capital structure, financial projections and cash flow forecasts throughout the Debtors' corporate structure.

**ACTUAL AND NECESSAY DISBURSEMENTS OF LAZARD**

11. As set forth in **Exhibit C** hereto, Lazard expended $234,599.53 in out-of-pocket expenses relating to its professional services during the Interim Compensation Period.

13

These charges are intended to cover Lazard's out-of-pocket costs paid to third parties related to this engagement, which costs are not incorporated into Lazard's aggregate fees. Lazard has maintained detailed records of actual and necessary expenses incurred during the Interim Compensation Period. With respect to expenses, it should be noted that Lazard has absorbed certain expenses customarily charged by other professionals in bankruptcy cases. For example, Lazard does not allocate office telephonic charges by client and thus these costs are absorbed by Lazard in its overhead and not charged to the Debtors' estate. Lazard respectfully submits that the expenses for which it seeks allowance during the Interim Application Period are necessary and reasonable both in scope and amount.

## LEGAL BASIS FOR INTERIM COMPENSAITION

12. The professional services for which Lazard requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with this case in the discharge of Lazard's professional responsibilities as investment banker for the Debtors in these Chapter 11 Cases. Lazard's services have been necessary and beneficial to the Debtors and their estates, creditors, and other parties in interest.

13. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, Lazard respectfully submits that the amount requested by Lazard is fair and reasonable given the complexity of these Chapter 11 Cases, the time expended, the nature and extent of the services rendered, the value of such services, and the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, Lazard has reviewed the requirements of the Interim Compensation Procedures Order, the Northern District Guidelines, and the UST Guidelines and believes that the Interim Application complies with all of them except as specifically noted herein.

## NOTICE

14. Notice of this Application has been provided to parties in interest in accordance with the procedures set forth in the Interim Compensation Order. Lazard submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## CONCLUSION

15. It is respectfully submitted that the Interim Compensation Amount requested by Lazard is fair and reasonable given (a) the complexity of the issues presented, (b) the time and labor required, (c) the skill necessary to perform the financial advisory services, (d) the preclusion of other employment, and (e) the customary fees charged to clients in bankruptcy and non-bankruptcy situations.

**WHEREFORE**, Lazard respectfully requests the Court enter an order, substantially in the form for the Proposed Order:

(i) awarding on an interim basis aggregate fees in the amount of $300,000.00 and aggregate expenses in the amount of $21,250.08 for the Interim Application Period;

(ii) approving and directing the Conflicts Committee and WMLP Debtors' payment of all allowed fees for services rendered and expenses incurred by Lazard in connection with this chapter 11 case that remains unpaid as of the date of entry of the Order; and

(iii) granting Lazard such other and further relief as is just and proper.

LAZARD FRÈRES & CO. LLC,

_____
Ken Ziman
Managing Director
Lazard Frères & Co. LLC
30 Rockefeller Plaza, 61st Floor
New York, NY 10112
(212/632-6000)
Investment Banker to the Debtors

16