LOCKE LORD LLP
Meagan S. Tom (SBN 273489)
meagan.tom@lockelord.com
101 Montgomery Street, Suite 1950
San Francisco, CA 94104
Telephone: (415) 318-8810
Fax: (415) 676-5816

Bradley C. Knapp (admitted *pro hac vice*)
bknapp@lockelord.com
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130
Telephone: (504) 558-5210
Fax: (504) 910-6847

W. Steven Bryant (admitted *pro hac vice*)
sbryant@lockelord.com
600 Congress Street, Suite 2200
Austin, Texas 78701
Telephone: (512) 305-4700
Fax: (512) 305-4800

Attorneys for Creditor
*International Brotherhood of Electrical Workers Local Union 1245*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | CASE NO.: 19-30088 |
| PG&E CORPORATION and PACIFIC GAS & ELECTRIC COMPANY | Chapter 11 |
| Debtors | (Lead Case) |
| | (JOINTLY ADMINISTERED) |
| \_\_\_\_\_ Affects PG&E Corporation<br>\_\_\_\_\_ Affects Pacific Gas and Electric Company<br>\_\_X\_\_ Affects both Debtors | **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 1245'S JOINDER TO JOINT MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS AND AD HOC COMMITTEE OF SENIOR UNSECURED NOTEHOLDERS TO** |

1

|  | ) **TERMINATE THE DEBTORS'** |
|---|---|
|  | ) **EXCLUSIVE PERIODS PURSUANT** |
|  | ) **TO SECTION 1121(d)(1) OF THE** |
|  | ) **BANKRUPTCY CODE** |
|  | ) |
|  | ) Date: October 7, 2019 |
|  | ) Time: 1:30 PM |
|  | ) Place: Courtroom 17, U.S. Bankruptcy |
|  | ) Court, 16th Floor, 450 Golden Gate |
|  | Avenue, San Francisco, California |

The International Brotherhood of Electrical Workers Local Union 1245 ("IBEW") files this *Joinder* to the *Joint Motion of the Official Committee of Tort Claimants and Ad Hoc Committee of Senior Unsecured Noteholders to Terminate the Debtors' Exclusive Periods Pursuant to Section 1121(d)(1) of the Bankruptcy Code* ("Motion") (Dkt. 3940). IBEW joins in the Motion and adds the following:

I. **Introduction**

The IBEW is a labor organization affiliated with the American Federal of Labor – Congress of Industrial Organizations. The IBEW represents approximately 20,000 gas and utility employees, including thousands of employees of Pacific Gas & Electric Company ("PG&E"), throughout California. IBEW members are responsible for building, maintaining, repairing, and operating PG&E's natural gas and electric transmission and distribution systems and are therefore critical to PG&E's ability to supply gas and electricity to approximately 16 million California residents.

II. **Joinder and Statement**

The IBEW continues to support plan competition and a termination of exclusivity in these cases. On July 16, 2019, the IBEW joined the prior request by the Ad Hoc Committee of Senior Unsecured Noteholders ("Noteholders") to terminate exclusivity. (Dkt. No. 3012). At the time, the IBEW supported termination of exclusivity primarily out of its concern that PG&E did not appear capable of taking full advantage of the extraordinary legislative efforts that culminated in Assembly Bill 1054.[1] As the Court is well-aware, that legislation created a going-forward wildfire fund that is

---

[1] The text of AB 1054 may be accessed at the following link:
http://leginfo.legislature.ca.gov/faces/billPdf.xhtml?bill_id=201920200AB1054&version=20190AB105495CHP

2

intended to stabilize California's electric utilities and provide relief to future fire victims and ratepayers.[2] For PG&E to participate in this fund, these Bankruptcy Cases "must be resolved pursuant to a plan or similar document not subject to a stay," the Court must determine that there is funding to pay pre-petition wildfire claims, and the California Public Utilities Commission ("CPUC") must approve the reorganization plan and various other matters, all by June 30, 2020.[3] This extremely tight deadline would be difficult to satisfy under the best of conditions. These are not the best of conditions. In the fleeting months since AB 1054 was enacted, PG&E has made too little progress—the lion's share of which has come only as a result of pressure exerted upon PG&E by other concerned stakeholders—in developing a viable and potentially-confirmable plan of reorganization. Now, with just nine months to go, the IBEW is more convinced than ever that PG&E will be unable to meet the statute's tight deadlines if exclusivity is maintained.

While not perfect, the Noteholder plan proposal, now joined by the Official Committee of Tort Claimants ("TCC"), provides an alternative, potentially-confirmable path to a timely exit from bankruptcy for PG&E, its fire victims, employees, creditors, and other stakeholders. As amended, the Noteholder and TCC plan proposal also incorporates the fundamental attributes of PG&E's settlement with the subrogation claim group. *See* Dkt. No. 4006. In short, the Noteholder and TCC plan proposal presents a strong chance for achieving a confirmed plan and a quick resolution of these Bankruptcy Cases within the timeframes contemplated by AB 1054. Moreover, the prospect of competing plans and the progress already made toward resolving the fire victims' claims further incentivizes all the parties involved in these cases to negotiate a potential consensual resolution of their many disputes.

By contrast, preserving PG&E's exclusivity and freezing out the Noteholders' potential investment in a reorganized PG&E further aggravates the uncertainty in these cases. PG&E's proposed plan process depends on uncertain estimation outcomes to be determined in at least three different forums. Those results could lead to estimated claims that vastly exceed PG&E's available equity investment, that require PG&E to rely more heavily on secured and unsecured debt, and that

---

[2] CAL. PUB. UTIL. CODE § 3291.
[3] *Id*. § 3292(b).

3

impact PG&E's balance sheet so unfavorably that both the feasibility of PG&E's plan and a favorable assessment of that plan by the CPUC are placed into doubt. In other words, PG&E's proposed process creates a scenario in which June 30, 2020 arrives and PG&E still faces significant funding problems with has no obvious means for either resolving the fire-victim claims or exiting bankruptcy.

In conclusion, although the IBEW does not oppose PG&E's continuing to pursue its plan, the IBEW sees significant value in the Noteholder and TCC plan proposal, particularly in its promise of a possible consensual resolution of the claims of tort victims without resort to unnecessary and wasteful litigation. On the contrary, the IBEW sees no value whatsoever—especially given the time constraints described above—in freezing out from the plan process parties presenting viable and potentially better options for a healthy exit from bankruptcy.

For the reasons set forth above and in the Motion, the IBEW joins in the TCC and Noteholders' request for an order terminating the Debtors' Exclusive Periods in order to permit these parties to file and solicit acceptances of a plan of reorganization.

Dated: October 1, 2019          Respectfully submitted,

LOCKE LORD LLP

By:  /s/ Bradley C. Knapp
       Bradley C. Knapp
       W. Steven Bryant
       Meagan S. Tom
Attorneys for Creditor
*International Brotherhood of Electrical Workers Local Union 1245*

4