Heinz Binder (SBN 87908)
Robert G. Harris (SBN 124678)
BINDER & MALTER, LLP
2775 Park Avenue
Santa Clara, CA 95050
Tel: (408) 295-1700
Fax: (408) 295-1531
Email: Heinz@bindermalter.com
Email: Rob@bindermalter.com

Attorneys for TURN, the Utility Reform Network

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>       Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case No. 19-30088 DM. | Case Nos. 19-30088 DM (Lead Case)<br>     19-30089 DM<br><br>Chapter 11<br>*Jointly Administered*<br><br>Date: October 7, 2019<br>Time: 9:30 a.m.<br>Place: Courtroom 17, 16th Floor<br>    450 Golden Gate Avenue<br>    San Francisco, California<br><br>DKT # 3940 |

**SUPPLEMENT TO JOINDER BY TURN IN JOINT MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS AND AD HOC COMMITTEE OF SENIOR UNSECURED NOTEHOLDERS TO TERMINATE THE DEBTORS' EXCLUSIVE PERIODS PURSUANT TO SECTION 1121(d)(1) OF THE BANKRUPTCY CODE**

The Utility Reform Network ("TURN") previously joined in the Joint Motion of the Official Committee of Tort Claimants and Ad Hoc Committee of Senior Unsecured Noteholders to Terminate Debtors' Exclusive Periods Pursuant to Section 1121(d)(1) of the Bankruptcy Code [Dkt. #3940] (the "Joint Motion"). The CPUC has now formally approved the OII that TURN referenced in its previous Joinder pleading.[1]

TURN is filing this Supplement to focus the parties and Court on paragraph 2(c) of the OII: the obligation of CPUC to find pursuant to AB 1054 that the "… plan is neutral, on average, to PG&E's ratepayers; and … recognizes the contributions of PG&E's ratepayers, if any, to resolving the insolvency proceeding and compensates them accordingly through mechanisms approved by the Commission."

The Debtors' plan will not be approved by CPUC if it cannot meet the requirements of AB 1054 and may therefore be incapable of confirmation by this Court because it will not have met the requirement to comply with Bankruptcy Code section 1129(a)(6).

TURN believes that the best way to ensure that the Debtors meet the requirements of AB 1054 would be to terminate exclusivity and allow competing plans to move forward. Competition among plans will provide different alternatives for achieving the required compliance with AB 1054, which will better inform the CPUC's required determinations under that statute and increase the likelihood of adoption of the best plan under the circumstances.

Dated: October 1, 2019               BINDER & MALTER, LLP


                                     By: /s/ *Robert G. Harris*
                                         Robert G. Harris

                                     Attorneys for TURN, the Utility Reform Network

---

[1] Order Instituting Investigation on the Commission's Own Motion to Consider the Ratemaking and Other Implications of a Proposed Plan for Resolution of Voluntary Case filed by Pacific Gas and Electric Company Pursuant to Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court, Northern District of California, San Francisco Division, In re Pacific Gas and Electric Corporation and Pacific Gas and Electric Company, Case No. 19-30088 (the "OII").