Andrew I. Silfen (*pro hac vice*)
Beth M. Brownstein (*pro hac vice*)
**ARENT FOX LLP**
1301 Avenue of the Americas, 42nd Floor
New York, New York 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
Email: andrew.silfen@arentfox.com
       beth.brownstein@arentfox.com

Aram Ordubegian (SBN 185142)
**ARENT FOX LLP**
55 Second Street, 21st Floor
San Francisco, CA 94105
Telephone: (415) 757-5500
Facsimile: (415) 757-5501
Email: aram.ordubegian@arentfox.com

*Counsel for BOKF, NA, solely in its capacity as Indenture Trustee*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**STATEMENT OF BOKF, N.A. IN SUPPORT OF THE JOINT MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS AND THE AD HOC COMMITTEE OF SENIOR UNSECURED NOTEHOLDERS TO TERMINATE THE DEBTORS' EXCLUSIVITY PERIOD**<br><br>**Hearing**<br>Date: October 7, 2019<br>Time: 1:30 p.m. (Pacific time)<br>Place: Courtroom 17<br>   450 Golden Gate Ave, 16th Floor<br>   San Francisco, CA 94102 |

BOKF, NA ("BOKF"), in its capacity as successor indenture trustee (the "Unsecured Notes Trustee") under the Indentures dated as of (i) April 22, 2005 (as supplemented, amended and restated), (ii) November 29, 2017 and (iii) August 6, 2018 pursuant to which Pacific Gas and Electric Company (the "Utility" and, together with PG&E Corporation, the "Debtors") issued the senior notes (collectively, the "Senior Notes"), by and through its counsel, Arent Fox LLP, hereby submits this Statement in Support of the *Joint Motion of the Official Committee of Tort Claimants and the Ad Hoc Committee of Senior Unsecured Noteholders to Terminate the Debtors' Exclusive Periods Pursuant to Section 1121(d)(1) of the Bankruptcy Code* [Docket No. 3940] (the "Motion to Terminate")[1] and in support thereof, states as follows:

## STATEMENT IN SUPPORT

Terminating exclusivity and allowing a dual-track process to move forward ensures, or at least increases the likelihood that a chapter 11 plan will be confirmed by the June 30, 2020 deadline. Critically, it avoids the risk of relying solely on the Debtors' Placeholder Plan that contains numerous contingencies and uncertainties and the catastrophic result if that plan cannot be confirmed or go effective by the deadline. Unlike the Debtors' Placeholder Plan, the Alternative Plan has broad based creditor support, including from the Tort Committee, pays creditors in full, maximizes recoveries to tort victims and obviates the need for the estimation and Tubbs related litigation. On its face, the Alternative Plan appears to be a more attractive plan and stakeholders should not be precluded from considering it as an alternative. Moreover, a competitive process is more likely to drive parties towards a single consensual plan. But even if it does not, having two plans for the Court's consideration under section 1129(c) of the Bankruptcy Code is certainly preferable to one non-consensual and potentially non-confirmable one.

Indeed, there is minimal (if any) downside to a competitive, two-plan process. The upside, however, is significant. A competitive process would provide the framework for negotiations, create a more level playing field, increase transparency, and encourage all parties to

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion to Terminate.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

engage in efforts, perhaps through mediation, to achieve a consensual resolution. Absent a global resolution, or if only the Debtors' Placeholder Plan proceeds, litigation around plan confirmation is inevitable and continued polarization likely. Certain of those plan disputes are scheduled to be addressed in advance of confirmation. However, the sheer impact of a determination on issues such as the impaired or unimpaired status of general unsecured creditors, including Utility Funded Debt Claims, entitlement to post-filing interest rate at the contract rate and optional redemption (make-whole) provisions under the indentures, and the amount of capital required to remedy the shortcomings in the Debtors' Placeholder Plan could impede or preclude confirmation of that plan.

The Alternative Plan, on the other hand, appears to contain far fewer unresolved contingencies. The Alternative Plan settles certain disputes, such as those surrounding the trust to be established for individual fire victims, thereby eliminating the need for costly litigation before the District Court and the state court. The Debtors' Placeholder Plan leaves that key issue unresolved, a contingency that not only jeopardizes the Debtors' plan, but also subjects fire victims to unnecessary uncertainty, delay and risk. This Court has made clear numerous times that addressing the claims of the wildfire victims is a paramount concern and goal of these bankruptcy cases. And, the Alternative Plan pays creditors in full in accordance with the Bankruptcy Code and applicable state and contract law, including post-petition interest at the contract rate.

What has become more clear is that existing equity holders on one side will be litigating against unsecured creditors and tort victims on the other. All parties, however, should favor a process that ensures these Debtors exit chapter 11 by June 2020 and creates the kind of environment that best facilitates negotiations for a global resolution. Such a process will be best enabled by a dual-track plan course.[2] If two plans are ultimately confirmed, the Court can

---

[2] Another factor militating towards terminating exclusivity is the Tort Committee's, tort victims' and Creditors Committee's continued concern and disappointment about the lack of openness, engagement and discussions from the Debtors and their professionals. In fact, and as this Court commented on at the last hearing regarding the Debtors' lack of engagement, discussions could start now. Terminating exclusivity will not only balance the dynamics and encourage a global resolution, but it will serve as motivation and a platform to have meaningful negotiations for the first time in these cases.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

determine which plan is preferable under section 1129(c), a result no party can seriously dispute would be a success. Comparing a well-managed competitive process overseen by this Court with an alternative that relies only on the Debtors' plan full of already identified infirmities, unknowns, and contingencies, makes it evident that terminating exclusivity is the best choice for moving these cases forward at this time for these Debtors and their stakeholders.

For the foregoing reasons, BOKF supports the Motion to Terminate and respectfully requests that the Court enter an order terminating the Debtors' exclusive periods and authorizing the Official Committee of Tort Claimants and Ad Hoc Committee to formulate, negotiate and file their joint chapter 11 plan.

Dated: October 1, 2019              **ARENT FOX LLP**

By: */s/ Aram Ordubegian*
   Aram Ordubegian (SBN 185142)
   Andrew I. Silfen (*pro hac vice*)
   Beth M. Brownstein (*pro hac vice*)

*Counsel for BOKF, NA, solely in its capacity as Indenture Trustee*