Darwin E. Farrar (SBN 152735)
Chief Counsel
**Public Advocates Office**
California Public Utilities Commission
505 Van Ness Avenue
San Francisco, California 94102
Tel: 415-703-1599
Email: darwin.farrar@cpuc.ca.gov

And

Alisa C. Lacey (AZ 010571) (Pro Hac Vice)
Thomas J. Salerno (AZ 007492) (Pro Hac Vice)
Anthony P. Cali (AZ 028261) (Pro Hac Vice)
**Stinson LLP**
1850 N. Central Ave., #2100
Phoenix, AZ 85004
Tel: 602-279-1600
Fax: 602-240-6925
Email: alisa.lacey@stinson.com
Email: thomas.salerno@stinson.com
Email: anthony.cali@stinson.com

*Attorneys for the Public Advocates Office*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E Corporation<br><br>and<br><br>Pacific Gas and Electric Company,<br><br>Debtors. | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**THE PUBLIC ADVOCATES OFFICE'S STATEMENT OF POSITION RE:**<br><br>**JOINT MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS AND AD HOC COMMITTEE OF SENIOR UNSECURED NOTEHOLDERS TO TERMINATE THE DEBTORS' EXCLUSIVE PERIODS** |

| | |
|---|---|
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ All Debtors<br><br>*All papers shall be filed in the Lead Case,*<br>*No. 19-30088 (DM)* | Hearing Date: October 7, 2019<br>Hearing Time: 1:30 p.m.<br>Place: Courtroom 17 |

The Public Advocates Office at the California Public Utilities Commission (the "**CPUC**") submits its statement of position with respect to the Joint Motion of the Official Committee of Tort Claimants and Ad Hoc Committee of Senior Unsecured Noteholders to Terminate the Debtors' Exclusive Periods Pursuant to Section 1121(d)(1) of the Bankruptcy Code ("the **Motion**") [DE 3940].

The Public Advocates Office agrees that the Court should terminate the Debtors' exclusive periods for filing and seeking acceptances of a plan of reorganization. This should not be interpreted as an endorsement of any plan or term sheet. Rather, the Public Advocates Office believes that the Debtors' First Amended Joint Chapter 11 Plan of Reorganization [DE 3966] (the "**Plan**"), does not comply with Public Utilities Code Section 3292 (added by AB 1054 [Holden, Stats. of 2019]). Terminating exclusivity at this time would serve all constituencies as competition will foster judicial economy, ensure adequate compensation to victims and creditors, protection of ratepayer interests, and compliance with state law, including AB 1054.

The Debtors' proposed Plan provides no evidence or guarantee of ratepayer neutrality or ratepayer compensation. These are mandatory prerequisites for the Reorganized Debtors' participation in California's new Wildfire Fund, per California Public Utilities Code, Section 3292. This section of state law conditions the Reorganized Debtors' participation in the Wildfire Fund on the CPUC's findings that the Plan is "neutral, on average, to the ratepayers" and that it "recognize[s] the contributions of ratepayers, if any, and compensate[s] them accordingly through mechanisms approved by the commission, which may include sharing of value appreciation."

The Public Advocates Office's concerns include, but are not limited to, the following:

- **Future Rate Increases**: The Plan contains no language precluding the Reorganized Debtors from seeking further cost recovery from ratepayers after the Effective Date of the Plan, including future cost recovery applications for liabilities that the Plan contemplates resolving through its proposed Wildfire Trust payments. State law generally permits an electrical utility to seek cost recovery for wildfire-related costs and expenses that were prudently incurred.  The Debtors contend that they are not liable for at least one of the fires (the Tubbs Fire) that has given rise to a significant portion of the wildfire-related claims against the Debtors, and the CPUC has not ruled on the prudence of the Debtors' actions with respect to all other fires. The extent of the Debtors' aggregate Tubbs Fire liability is uncertain, pending the conclusion of the Tubbs Fire trial, and may prove significant, by comparison with the size of the proposed Wildfire Trust for non-subrogation claims. Absent prohibitive language in the Plan, any payments for Tubbs Fire claims that are not ultimately contained within the proposed Wildfire Trusts may cause the Reorganized Debtors to seek rate increases through a cost recovery application before the CPUC.  Conversely, if the Tubbs Fire claims are ultimately included within the Wildfire Trust, the Reorganized Debtors may nonetheless file a future cost recovery application with the CPUC, following any CPUC finding of prudence.  Absent language in the Plan prohibiting these actions, the Plan violates the ratepayer neutrality requirement of AB 1054.  *See*, Cal. P.U.C. § 3292(b)(1)(D)(ii).

- **Fines and Penalties:**  The Plan proposes to channel wildfire-related fines and penalties into the "Other Wildfire Trust" [*See* Plan at p. 28].  The Plan does not provide for the means for Debtors' compliance with non-wildfire-related financial remedies that the CPUC may impose during the pendency of the Chapter 11 cases as may result from open investigations into the Debtors'

*ex part*e and *locate-and-mark* practices. The Plan also does not provide for compliance with other equitable remedies that the CPUC or other regulatory bodies may impose in the interest of public safety and welfare. Any attempted abrogation of remedies imposed by state agencies to implement their police and regulatory powers violates the ratepayer neutrality requirement, and the statutory provision that conditions the Reorganized Debtors' participation in the Wildfire Fund upon a CPUC determination that the Plan is "acceptable in light of the electrical corporation's safety history, criminal probation, [etc.]" required by Cal. P.U.C. § 3292(b)(1)(C). [1]

- **Customer Deposits and Advances:** The Plan contains no language describing the treatment and disposition of $278 million in ratepayer funds categorized as Customer Deposits and Advances. The Debtors have indicated in their quarterly reports to the Securities and Exchange Commission that these ratepayer funds are included within the "Liabilities Subject to Compromise" in the Chapter 11 cases [*See:* Debtors' Quarterly Report (10-Q) for the quarter ended June 30, 2019, at p. 24]. At the same time, PG&E has filed testimony before the CPUC stating that, "out of an abundance of caution to protect customers whose deposits are held by PG&E from becoming creditors," it currently "manages its daily cash balances to maintain a minimum cash balance equal to its CDs" [*See* A.18-12-009, Ex. PG&E-24, Chapter 14A, page 4, lines 6-14]. The inconsistency of these statements, and the silence of the Plan on the matter, raises the prospect that the Plan may not fully provide for all Customer Deposits, Customer Advances, and associated interest. A plan that fails to recognize and preserve

---

[1] Such a provision also violates the State of California's and the CPUC's sovereign immunity. Under 11 U.S.C. § 106, there is no permitted abrogation of the ability to regulate public health and safety concerns through the proposal of a Chapter 11 Plan. Section 1123 is not among the sections listed in Section 106(a). Neither is Section 1129. The Public Advocates Office expressly reserves this objection and all other potential objections.

such rights also violates the ratepayer neutrality requirement in Section 3292(b)(1)(D)(ii).

If a plan does not meet the state statutory requirements to participate in the Wildfire Fund under AB 1054, and the Code provisions which implement it, any such plan is not feasible, and will not meet the requirements for confirmation under 11 U.S.C. § 1129. (Among other issues barring confirmation, such a plan cannot be approved by the CPUC as required by 11 U.S.C. § 1129(a)(6).) The Debtors' proposed Plan currently fails to meet the requirements of AB 1054 and, therefore, is not confirmable.

The Public Advocates Office, therefore, respectfully asserts that the Court should terminate exclusivity.

Dated: October 1, 2019.

PUBLIC ADVOCATES OFFICE
By:
Darwin E. Farrar (SBN 152735)
Chief Counsel, Public Advocates Office
California Public Utilities Commission
505 Van Ness Avenue
San Francisco, California 94102
Tel: 415-703-1599
Email: darwin.farrar@cpuc.ca.gov;

And

STINSON LLP
*/s/ Alisa C. Lacey*
Alisa C. Lacey
Thomas J. Salerno
Anthony P. Cali
1850 N. Central Ave., #2100
Phoenix, AZ 85004
Tel: 602-279-1600
Fax: 602-240-6925
Email: alisa.lacey@stinson.com
Email: thomas.salerno@stinson.com
Email: anthony.cali@stinson.com

*Attorneys for the Public Advocates Office*