WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 363 AND 105(a) FOR AN ORDER APPROVING TERMS OF BOARD OF DIRECTOR COMPENSATION**<br><br>**"BOARD OF DIRECTOR COMPENSATION MOTION"**<br><br>Date: October 22, 2019<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>Objection Deadline: October 15, 2019<br>4:00 p.m. (Pacific Time) |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to sections 363 and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order approving the Debtors' compensation of non-employee directors serving on the respective Boards of Directors (together, the "**Boards**" and each, a "**Board**") of PG&E Corp. and the Utility. In support of the Motion, the Debtors submit the Declaration of Lane Ringlee, Managing Partner at Pay Governance (the "**Ringlee Declaration**"), filed contemporaneously herewith.

A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No chapter 11 trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

## III. PRELIMINARY STATEMENT

As has been widely reported, since April 9, 2019, a total of twelve and thirteen new highly qualified directors have been appointed to the Boards of PG&E Corp. and the Utility, respectively.[1] The Boards of PG&E Corp. and the Utility consist of the same directors with the exception of the Chief

---

[1] One new member of both Boards subsequently resigned.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Executive Officer and President of the Utility, Andrew M. Vesey, who is solely a member of the Utility Board. The new directors represent a group of diverse executives who add fresh perspectives, leadership experience, and substantial safety, utility, and restructuring experience. The members of the Boards have been extremely active in the past several months, focusing on operational and safety issues as well as the many complex issues related to the administration of these Chapter 11 Cases. The Boards meet virtually every week. At these meetings, the directors bring to each decision a particular focus on safety and achieving a fair and equitable resolution of these Chapter 11 Cases within the timeframe necessary to assure the Debtors' participation in the go-forward wildfire fund provided for in A.B. 1054.

The newly constituted Boards were seated on April 9, 2019 and held their first meeting that same day.[2] At their first meeting, the PG&E Corp. Board appointed former Commissioner of the Federal Energy Regulatory Commission, Nora Mead Brownell, to serve as Chair of the Board of PG&E Corp. and the Utility Board appointed former United States Ambassador, Jeffrey Bleich, to serve as Chair of the Board of the Utility. The Boards also determined various Board committee assignments. Currently, there are the following Board committees, as applicable, of PG&E Corp. and the Utility: (i) Audit Committees; (ii) Compensation Committee (PG&E Corp. only); (iii) Nominating and Governance Committee (PG&E Corp. only); (iv) Safety and Nuclear Oversight Committees; (v) Executive Committees; (vi) Finance Committee (PG&E Corp. only); (vii) Compliance and Public Policy Committee (PG&E Corp. only); and (viii) Ad Hoc Restructuring Committees. In the almost six months since the newly constituted Boards were seated, the directors tackled many pressing and significant issues facing the Debtors, participating in over 100 formal and informal meetings and calls of the Boards and the various committees on which they serve.

During that time, the non-employee directors have been earning less than half the amount non-employee directors earned prepetition, despite the increased engagement. This is because the Debtors broadly suspended issuing new PG&E Corp. equity grants, including grants to non-employee directors as a part of their compensation, as a result of the chapter 11 filing.

---

[2] The meeting continued into April 10, 2019.

Prior to the chapter 11 filing, the Debtors compensated their non-employee directors in both cash and equity in the form of grants of restricted stock units ("**RSUs**") that were paid in shares of PG&E Corp. common stock upon vesting.[3] Each non-employee director received a cash retainer in the annual amount of $120,000 and an annual grant of RSUs with a grant date value of $140,000. Certain non-employee directors, such as the Chairs of the Boards and committee chairs, received additional annual cash retainers and equity as reflected in the chart below.

As stated above, currently, the Debtors pay the non-employee directors only the cash portion of their compensation, representing less than half of the value of the prepetition compensation paid to non-employee directors. Accordingly, over the past several months, the Compensation Committee of the PG&E Corp. Board has worked with the Debtors' advisors, Willis Towers Watson and Pay Governance LLC ("**PG**"), to develop a compensation package that compensates non-employee directors fairly and in a manner consistent with the Debtors' prepetition compensation levels and board pay practices for similarly sized utilities and general industry standards. The compensation package proposed in this Motion is identical to the Debtors' prepetition non-employee director compensation package but with one exception—non-employee directors will now be offered equity in the form of reorganized PG&E Corp. shares issued at plan value rather than existing PG&E Corp. shares.

## IV. THE PROPOSED POSTPETITION BOARD COMPENSATION

As stated above, the Debtors' current business and restructuring environment necessarily has led to a significant increase in the level of engagement by the Debtors' directors in the form of additional Board and committee meetings. Despite this substantial additional commitment and, taking into account the suspension of the equity component of the Board compensation, the Debtors, together with their advisors, sought to develop a director compensation package that largely mirrors the economics and components of the pre-chapter 11 arrangements. This culminated in the proposed postpetition Board compensation arrangements (the "**Postpetition Board Compensation**") that essentially maintain the same economic terms of director compensation as in effect prepetition, but provide that the equity component will be in shares of reorganized PG&E Corp. issued at plan value rather than existing PG&E

---
[3] The RSUs were granted in accordance with PG&E Corp.'s 2014 Long-Term Incentive Plan ("**LTIP**").

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Corp. shares.  The grant of the equity component will be made following Court approval;[4] however, the actual delivery of the shares will not be made until the effective date of a chapter 11 plan in these cases. The award will vest upon the latter of emergence and June 22, 2020, the first business day after the one-year anniversary of the PG&E Corp. 2019 annual shareholder meeting.

In designing the Postpetition Board Compensation, PG undertook a comprehensive analysis of director compensation of the Debtors' peer group of investor-owned utilities (the "**Peer Companies**") and the Standard & Poor's 250 Index (the "**Index Companies**").[5]  As set forth in more detail in the Ringlee Declaration, PG has confirmed that the Postpetition Board Compensation falls at the low end of similar programs in the industry.

---

[4] If the grant date of an equity award would occur during a "trading blackout" period, as defined under the Debtors' Insider Trading Policy, then the grant date shall be the first business day after the trading blackout ends.

[5] The Debtors' Peer Companies include: The AES Corporation; Ameren Corporation; American Electric Power Company, Inc.; CenterPoint Energy, Inc.; Consolidated Edison, Inc.; Dominion Energy, Inc.; DTE Energy Company; Duke Energy Corporation; Edison International; Entergy Corporation; Eversource Energy; Exelon Corporation; FirstEnergy Corp.; NextEra Energy, Inc.; Public Service Enterprise Group Incorporated; Sempra Energy; The Southern Company; WEC Energy Group, Inc.; and Xcel Energy Inc.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

The following is a summary of the principal economic elements of the Postpetition Board Compensation compared to the prepetition Board compensation arrangements:

|  | Prepetition | Postpetition |
|---|---|---|
| Annual Cash Retainer | $120,000 | No change. |
| Annual Equity Award | $140,000; paid in RSUs of existing PG&E Corp. shares. | No change in dollar value; paid in reorganized PG&E Corp. shares.[6] |
| Total (exclusive of the Chair of the Board, Committee Chairs, or special committee retainers and equity) | $260,000 | No change. |
| **PG&E Corp. Non-Executive Chair of the Board Annual Cash Additional Retainer** | | |
| Annual Cash Retainer | $100,000 | No change. |
| Annual Equity Award | $80,000; paid in RSUs of existing PG&E Corp. shares. | No change in dollar value; paid in reorganized PG&E Corp. shares. |
| **Utility Non-Executive Chair of the Board Annual Cash Additional Retainer** | | |
| Annual Cash Retainer | $30,000 | No change. |
| **Committee Chair Additional Annual Cash Retainer[7]** | | |
| Ad Hoc Restructuring Committee | $0 | No change. |
| Audit Committee | $50,000 | No change. |
| Compensation Committee | $20,000 | No change. |
| Safety and Nuclear Oversight Committee | $15,000 | No change. |
| Other Permanent Standing Committees – PG&E Corp. | $15,000 | No change. |
| Other Permanent Standing Committees – Utility | $10,000 | No change. |

## V. BASIS FOR RELIEF REQUESTED

The Postpetition Board Compensation should be approved pursuant to sections 363(b) and 105(a) of the Bankruptcy Code as a reasonable exercise of business judgment.

Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use . . . , other than in the ordinary course of business, property of the estate." When construing this and similar provisions of the Bankruptcy Code, Bankruptcy Courts generally approve the use of property of the estate under § 363(b)(1) when a debtor presents a "valid business justification." *In re 240 N. Brand Partners, Ltd.*, 200 B.R. 653, 659 (B.A.P. 9th Cir. 1996); *see also In re Ernst Home Ctr., Inc.,* 209 B.R. 974, 979 (Bankr. W.D. Wash. 1997) (debtor's decision to enter into a transaction outside of the ordinary course under section 363(b)(1) must be based on "its reasonable business judgment"). Importantly, the business judgment rule creates "a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action

---

[6] Prorated equity awards may be granted to future new directors based on their appointment date, at the discretion of the Board.

[7] With respect to the Committee Chairs, no additional retainer will be paid by the Utility for any quarter during which the director is paid a retainer from PG&E Corp. for the same role.

taken was in the best interests of the company." *Gantler v. Stephens*, 965 A.2d 695, 705 (Del. 2009) (citation omitted). Additionally, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a); *In re Saxman*, 325 F.3d 1168, 1174 (9th Cir. 2003); *In re Pace*, 67 F.3d 187, 193 (9th Cir. 1995).

As stated above, with the suspension of the equity awards, the non-employee directors' total compensation package currently consists solely of a cash component. The proposed Postpetition Board Compensation brings the Board compensation to a level consistent with prepetition practices by substituting equity of reorganized PG&E Corp. for existing equity at the same dollar value. In view of the extensive commitments being required of the members of the Board to address the Debtors' safety and business operations and the complexities of these cases, the Compensation Committee believes that the Postpetition Board Compensation is reasonable and, at a minimum, consistent with the prepetition compensation package.

Moreover, the Debtors submit that the proposed terms of the Postpetition Board Compensation are reasonable. As set forth in the Ringlee Declaration, the value of the proposed Postpetition Board Compensation package falls at the low end of the range of compensation paid to directors of the Peer Group and Index Companies. PG benchmarked the Boards' compensation against (i) the Debtors' Peer Companies and (ii) the Index Companies and determined that the value of the Debtors' proposed non-employee director compensation is aligned with the 25th percentile of the Peer Companies and Index Companies. The proposed median total direct compensation for the Debtors' non-employee directors is $260,000. According to PG's analysis, the median total direct compensation for non-employee directors is $275,715 and $293,500 for the Peer Companies and Index Companies, respectively. PG concluded the value of the Postpetition Board Compensation is reasonable especially in light of the Debtors' fiscal year 2018 revenues, which position them in the 83rd percentile of the Peer Companies.

Although the Board members' current cash Board retainer of $120,000 falls above the 75th percentile of board retainers for the Peer Companies and Index Companies, the Debtors' proposed equity-based compensation falls below the 50th percentile of the Peer Companies and 25th percentile of

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

the Index Companies, respectively. Additionally, the proposed mix of cash and equity-based components of the Postpetition Board Compensation is consistent with the market, with a split of 46% cash compensation and 54% equity-based compensation. The Peer Companies' compensation mix consists of, on average, 45% cash compensation and 55% equity-based compensation and the Index Companies' compensation mix consists of, on average, 43% cash compensation and 57% equity-based compensation.

Lastly, absent approval of the Postpetition Board Compensation, PG has determined that the non-employee directors' current compensation, which consists solely of the cash retainer, would be the lowest offered among the Peer Companies and would fall below the 5th percentile of the Index Companies.

Accordingly, the Debtors believe that the Postpetition Board Compensation represents a sound exercise of the Debtors' business judgment and is in the best interests of the Debtors and their economic stakeholders.

## VI. REQUEST FOR 6004(h) WAIVERS

The Debtors believe it is important and appropriate to bring the level of Board compensation to market terms promptly. Thus, the Debtors request a waiver of the 14-day stay (to the extent such stay applies) of an order authorizing the use, sale, or lease of property outside the ordinary course of business under Bankruptcy Rule 6004(h). Accordingly, the Debtors request that the Court find that ample cause exists to grant a waiver of Bankruptcy Rule 6004(h) and waive the stay to the extent it applies.

## VII. NOTICE

Notice of this Motion will be provided to (i) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy

Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

WHEREFORE the Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties in interest, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: October 1, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/*Stephen Karotkin*
      Stephen Karotkin

*Attorneys for Debtors and Debtors in Possession*