WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case)(Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** Debtors. | **DECLARATION OF LANE T. RINGLEE IN SUPPORT OF MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 363 AND 105(a) FOR AN ORDER APPROVING TERMS OF BOARD OF DIRECTOR COMPENSATION** |
| ☐ Affects PG&E Corporation ☐ Affects Pacific Gas and Electric Company ☒ Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Date: October 22, 2019<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

I, Lane T. Ringlee, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

I am a Managing Partner at Pay Governance LLC ("**PG**"). PG has been retained by PG&E Corp. (together with Pacific Gas and Electric Company, "**PG&E**" or the "**Debtors**") to provide compensation consulting services to the Debtors. I am familiar with the pre- and post-petition structure of the Debtors' current and past compensation of non-employee directors serving on the respective Boards of Directors (together, the "**Boards**" and each, a "**Board**") of PG&E Corp. and the Utility as described in *Motion of Debtors Pursuant to 11 U.S.C. §§ 363 and 105(a) for an Order Approving Terms of Board of Director Compensation* (the "**Motion**") filed contemporaneously herewith. I submit this Declaration (the "**Declaration**") in support of the Motion.[1]

The statements in this Declaration are, except where specifically noted, based on my personal knowledge or opinion, on information that I have from the Debtors' books and records, the Debtors' employees, the Debtors' advisors and their employees, or from other members of the PG team working under my supervision or direction. I have overseen a compensation consulting team since September 2014 that has provided various executive and board compensation consulting services to the Debtors.

For the reasons described below, it is my opinion that the Postpetition Board Compensation is reasonable and generally consistent with applicable market practice for comparable utility companies as well as similarly-sized companies. I am not being specifically compensated for this testimony other than through payments received by PG as a professional in the ordinary course. I am over the age of 18 years and authorized to submit this Declaration on behalf of the Debtors. If I were called upon to testify, I could and would competently testify to the facts set forth herein.

**I.    Background and Qualifications**

I received my B.S. degree from the University of California, Berkeley and M.B.A from Cornell University. Prior to joining Pay Governance LLC, I held regional management positions with the

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

executive compensation practices of Towers Perrin and Towers Watson.

PG is an international professional services firm that provides a wide range of executive compensation consulting services to hundreds of clients, including expert analysis of executive and management compensation. PG's national team has expertise in accounting, tax, equity/long term incentive valuation, and supplemental retirement plans, as well as in advising on proxy statement modeling and policies.

My responsibilities at PG primarily involve advising clients on the design and implementation of executive compensation programs, as well as incentive plans and rewards strategies. I have extensive experience in managing compensation assignments for major corporations. Some of these engagements include, among other things, developing and implementing total compensation strategies, advising boards and senior management on the design and structure of executive and board compensation programs, and selecting performance criteria and calibrating performance levels for incentive plans. Furthermore, I frequently work with boards and top management teams of globally prominent organizations across various industry segments on various compensation related matters.

## II. PG's Involvement with the Debtors

Since PG was retained by the Debtors on March 21, 2019, my team and I have familiarized ourselves with the Debtors' executive and Board compensation practices. PG has prepared for and attended Compensation Committee meetings of the Board of PG&E Corp., assisted with compensation benchmarking, and prepared reports summarizing PG's conclusions and recommendations. At the start of our engagement, PG discussed with the Debtors and their advisors the Boards' historical pay practices and past levels of engagement.

## III. The Postpetition Board Compensation

Pursuant to the Motion, the Debtors seek approval of the Postpetition Board Compensation that essentially maintains the same economic terms of director compensation as in effect prepetition, but provides that the equity component will be in shares of reorganized PG&E Corp. issued at plan value rather than existing PG&E Corp. shares. The grant of the equity component will be made following

Court approval;[2] however, the actual delivery of the shares will not be made until the effective date of a chapter 11 plan in these cases. The award will vest upon the latter of emergence and June 22, 2020, the first business day after the one-year anniversary of the PG&E Corp. 2019 annual shareholder meeting.

In designing the Postpetition Board Compensation, PG undertook a comprehensive analysis of director compensation of the Debtors' peer group of investor-owned utilities (the "**Peer Companies**") and the Standard & Poor's 250 Index (the "**Index Companies**").[3] My team and I have confirmed that the Postpetition Board Compensation falls at the low end of similar programs in the industry.

The following is a summary of the principal economic elements of the Postpetition Board Compensation compared to the prepetition Board compensation arrangements:

---

[2] If the grant date of an equity award would occur during a "trading blackout" period, as defined under the Debtors' Insider Trading Policy, then the grant date shall be the first business day after the trading blackout ends.

[3] The Debtors' Peer Companies include: The AES Corporation; Ameren Corporation; American Electric Power Company, Inc.; CenterPoint Energy, Inc.; Consolidated Edison, Inc.; Dominion Energy, Inc.; DTE Energy Company; Duke Energy Corporation; Edison International; Entergy Corporation; Eversource Energy; Exelon Corporation; FirstEnergy Corp.; NextEra Energy, Inc.; Public Service Enterprise Group Incorporated; Sempra Energy; The Southern Company; WEC Energy Group, Inc.; and Xcel Energy Inc.

|  | Prepetition | Postpetition |
|---|---|---|
| Annual Cash Retainer | $120,000 | No change. |
| Annual Equity Award | $140,000; paid in RSUs of existing PG&E Corp. shares. | No change in dollar value; paid in reorganized PG&E Corp. shares.[4] |
| Total (exclusive of the Chair of the Board, Committee Chairs, or special committee retainers and equity) | $260,000 | No change. |
| **PG&E Corp. Non-Executive Chair of the Board Annual Cash Additional Retainer** | | |
| Annual Cash Retainer | $100,000 | No change. |
| Annual Equity Award | $80,000; paid in RSUs of existing PG&E Corp. shares. | No change in dollar value; paid in reorganized PG&E Corp. shares. |
| **Utility Non-Executive Chair of the Board Annual Cash Additional Retainer** | | |
| Annual Cash Retainer | $30,000 | No change. |
| **Committee Chair Additional Annual Cash Retainer[5]** | | |
| Ad Hoc Restructuring Committee | $0 | No change. |
| Audit Committee | $50,000 | No change. |
| Compensation Committee | $20,000 | No change. |
| Safety and Nuclear Oversight Committee | $15,000 | No change. |
| Other Permanent Standing Committees – PG&E Corp. | $15,000 | No change. |
| Other Permanent Standing Committees – Utility | $10,000 | No change. |

In assessing the reasonableness of the Postpetition Board Compensation, I worked with my team to benchmark the Boards' compensation against (i) the Debtors' Peer Companies and (ii) the Index Companies and determined that the value of the Debtors' proposed non-employee director compensation is aligned with the 25th percentile of the Peer Companies and Index Companies. The proposed median total direct compensation for the non-employee directors is $260,000. According to PG's analysis, the median total direct compensation for non-employee directors is $275,715 and $293,500 for the Peer Companies and Index Companies, respectively. PG concluded the value of the Postpetition Board Compensation is reasonable especially in light of the Debtors' fiscal year 2018 revenues, which position them in the 83rd percentile of the Peer Companies.

In addition, my team and I determined that the Board members' current cash retainer of $120,000 falls above the 75th percentile of board retainers for the Peer Companies and Index Companies and that the Debtors' proposed equity-based compensation falls below the 50th percentile of the Peer Companies and 25th percentile of the Index Companies, respectively. In analyzing the

---

[4] Prorated equity awards may be granted to future new directors based on their appointment date, at the discretion of the Board.

[5] With respect to the Committee Chairs, no additional retainer will be paid by the Utility for any quarter during which the director is paid a retainer from PG&E Corp. for the same role.

Case: 19-30088    Doc# 4058    Filed: 10/01/19    Entered: 10/01/19 18:37:34    Page 5 of 7

proposed mix of cash and equity-based components of the Postpetition Board Compensation, we determined that the mix is consistent with the market, with a split of 46% cash compensation and 54% equity-based compensation. The Peer Companies' compensation mix consists of, on average, 45% cash compensation and 55% equity-based compensation and the Index Companies' compensation mix consists of, on average, 43% cash compensation and 57% equity-based compensation.

Lastly, my team and I determined that absent approval of the Postpetition Board Compensation, non-employee directors' current compensation, which consists solely of the cash retainer, would be the lowest offered among the Peer Companies and would fall below the 5th percentile of the Index Companies.

## IV. Conclusion

Based on my experience and the benchmarking work my team and I have performed in these cases, I believe that the Postpetition Board Compensation is reasonable in light of competitive market practice for other companies and comports with industry standards.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Pursuant to section 1746 of title 28 of the United States Code, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: October 1, 2019

Moraga, California

_____
Lane T. Ringlee, Managing Partner
Pay Governance

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119