# Exhibit A

# Fee Examiner Protocol for Chapter 11 Cases of PG&E Corporation and Pacific Gas and Electric Company

| | | | |
|---|---|---|---|
| 1 | | <s>1.</s>Introduction and Purpose | *1* |
| 2 | | <s>2.</s>Timeline for Review and Review Procedures | *2*<s>1</s> |
| | 2.1 | <s>2.1.</s>Monthly Fee Statements | *2*<s>1</s> |
| | 2.2 | <s>2.2.</s>Interim Fee Applications under § 331 | *2* |
| | 2.3 | <s>2.3.</s>Final Fee Applications | *3*<s>2</s> |
| | 2.4 | <s>2.4.</s>Automatic Extension of Time to Comment or Object | *3*<s>2</s> |
| | <s>2.5.</s> | <s>Amendment of Interim Compensation Order</s> | <s>3</s> |
| 3 | | <s>3.</s>Information to be Provided | *3* |
| | 3.1 | <s>3.1.</s>Retention Agreements<s>, Budgets,</s> and Biographical Data | *3* |
| | 3.2 | <s>3.2.</s>Description of Data to be Provided with Each Application | *4*<s>3</s> |
| | | 3.2.1 <s>3.2.1.</s>General Information About the Application | *4*<s>3</s> |
| | | 3.2.2 <s>3.2.2.</s>Information Regarding Actual Costs to Budget | *4*<s>3</s> |
| | 3.3 | <s>3.3.</s>Information Regarding Time Recorded by Billers | *4*<s>3</s> |
| | 3.4 | <s>3.4.</s>Information Regarding Expenses for Which Reimbursement is Requested | *5*<s>4</s> |
| | 3.5 | <s>3.5.</s>Substantially Accurate Information | *5*<s>4</s> |
| 4 | | <s>4.</s>Format and Service of Billing Data | *5*<s>4</s> |
| | 4.1 | <s>4.1.</s>Fees | *5*<s>4</s> |
| | 4.2 | <s>4.2.</s>Expenses | *5*<s>4</s> |
| | 4.3 | <s>4.3.</s>Service | *6*<s>4</s> |
| | | 4.3.1 <s>4.3.1.</s>Contents of Service. | *6*<s>4</s> |
| | | 4.3.2 <s>4.3.2.</s>Electronic Service Only | *6*<s>4</s> |
| 5 | | <s>5.</s>Review Standards | *6*<s>5</s> |
| | 5.1 | <s>5.1.</s>Standards for Fee Applications | *6*<s>5</s> |
| | | 5.1.1 <s>5.1.1.</s>Hourly Rates and Other Similar Considerations | *6*<s>5</s> |
| | | 5.1.2 <s>5.1.2.</s>Hours for Each Biller | *7*<s>5</s> |
| | | 5.1.3 <s>5.1.3.</s>Block Billing | *7*<s>5</s> |
| | | 5.1.4 <s>5.1.4.</s>Vague Entries | *7*<s>5</s> |
| | | 5.1.5 <s>5.1.5.</s>Appropriate Staffing | *8*<s>6</s> |
| | | 5.1.6 <s>5.1.6.</s>Professionals Who Bill Less Than 10 Hours | *8*<s>6</s> |
| | | 5.1.7 <s>5.1.7.</s>Attendance at Meetings and Hearings | *8*<s>6</s> |
| | | 5.1.8 <s>5.1.8.</s>Travel Billing | *8*<s>6</s> |
| | | 5.1.9 <s>5.1.9.</s>Fees Related to Fee <s>Requests</s> *Applications* | *8*<s>6</s> |
| | | 5.1.10 <s>5.1.10.</s>Fees Related to Modifying Time Entries or Invoices | *9*<s>6</s> |
| | | 5.1.11 <s>5.1.11.</s>Rate Increases | *9*<s>7</s> |
| | 5.2 | <s>5.2.</s>Standards for Expenses | *9*<s>7</s> |
| | | 5.2.1 <s>5.2.1.</s>Distinction Between Reimbursable Expenses and Overhead Expenses | *9*<s>7</s> |

**5.2.2** ~~5.2.2.~~Travel Expenses ~~9~~7

**5.2.3** ~~5.2.3.~~Meals and Food ~~10~~8

**5.2.4** ~~5.2.4.~~Document Production ~~10~~8

**5.2.5** ~~5.2.5.~~Other Expenses ~~11~~8

~~5.2.5.1.Flexible Standards 11~~

~~5.2.5.2.Limits on Expenses 11~~

**6** ~~6.~~**Reservations** ~~12~~9

# Fee Examiner Protocol for Chapter 11 Cases of PG&E Corporation and Pacific Gas and Electric Company

**1** ~~1.~~**Introduction and Purpose**

This document (the "**Protocol**") is presented by Bruce A. Markell, the fee examiner appointed in these cases ("**Fee Examiner**"). It seeks to promote fairness, transparency and certainty in the fee process in the Chapter 11 cases of PG&E Corporation and Pacific Gas and Electric Company, jointly administered under Bankruptcy Case No. 19-30088 (DM) (Bankr. N.D. Cal.) ("**Cases**").

It is the Fee Examiner's belief that fairness, transparency and certainty promote the purpose of any fee examiner —- that of providing the Court with sufficient reliable information to enable the Court to make the findings required by the Bankruptcy Code as to the reasonableness of professionals' fees and expenses.

The Court ~~has~~, ~~in~~**pursuant to** the Interim Compensation Order, Docket ~~#~~**No.** 701, entered February 27, 2019 (the "**Initial Order**"),[1] **has already** taken steps to regularize the fee process in these Cases. On May 29, 2019, the Court entered its "Order Appointing Fee Examiner And Establishing Procedures For Consideration Of Requested Fee Compensation And Reimbursement Of Expenses," Docket ~~#~~**No.** 2267 ("**Fee Examiner Order**"). To the extent that the Initial Order and the Fee Examiner Order (collectively, the "**Order**") establish basic procedures for review and payment of Monthly Fee Statements, Interim Fee Applications and Final Fee Applications (individually, an "**Application**"), this Protocol attempts to integrate and elaborate upon the Fee Examiner's role ~~and standards~~.

In discharging his duties, the Fee Examiner will, with assistance from his software and data analytics provider, Legal Decoder, Inc. ("**Legal Decoder**") and fee reviewers, analyze, review, and evaluate the underlying billing data, expense data, and professional biographical data (collectively, "**Billing Data**") for each individual recording time (individually, a "**Biller**") in these Cases. As outlined in this Protocol, the process will involve the Fee Examiner's evaluation of, among other things, the ~~performance and~~ efficiency of all Retained Professionals.

This Protocol is intended to ~~supplement~~**be consistent with** and not supplant the (i) Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013; (ii) Bankruptcy Court for the Northern District of California's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees (Feb. 19, 2014) ("**Local Guidelines**"); ~~or~~**and** (iii) Practices and Procedures in Judge Montali's Court (July 2018).[2]

**2** ~~2.~~**Timeline for Review and Review Procedures**

The Fee Examiner will review Applications according to the timeline set forth in this Section.

**2.1** ~~2.1.~~*Monthly Fee Statements*

---

[1] The parties obtained the Initial Order by filing a motion seeking procedures to obtain interim compensation [Docket. No. 349; filed Feb. 6, 2019] (the "Motion"). Capitalized terms not otherwise defined in this Protocol are intended to take the meaning given to them in the Initial Order which, in turn, incorporates capitalized terms used in the Motion.

~~[1] The parties obtained the Initial Order by filing a motion seeking procedures to obtain interim compensation [Dkt. No. 349; filed Feb. 6, 2019] (the "Motion"). Capitalized terms not otherwise defined in this Protocol are intended to take the meaning given to them in the Initial Order which, in turn, incorporates capitalized terms used in the Motion.~~

[2] Pursuant to the Fee Examiner Order, the Fee Examiner's reports "shall" address "compliance with the applicable standards of section 330 of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules, and whether the Applicant has made a good faith reasonable effort to comply with the U.S. Trustee Guidelines", *id.* ¶ 6(g).

~~The~~**In accordance with the Fee Examiner Order, the** Fee Examiner will have ~~standing equivalent to a Notice Party to object to any Monthly Fee Statement~~**the status of a professional who may object to Applications**.

Each Retained Professional will provide to the Fee Examiner, Legal Decoder and Tracey R. Gallegos (the ~~"~~**"Team Coordinator**~~"~~**"**) each Monthly Fee Statement concurrently with service of such statements on all other Notice Parties. In addition, each Retained Professional will also concurrently provide the Billing Data related to the Monthly Fee Statement to the Fee Examiner, Legal Decoder and the Team Coordinator.

### **2.2** ~~2.2~~*Interim Fee Applications under § 331*

~~The~~**Within twenty-one (21) days of the filing of an Interim Fee Application or Final Fee Application, the** Fee Examiner will furnish to each Retained Professional a preliminary report detailing the Fee Examiner~~'~~**'**s questions and comments on ~~each~~**such** Application (~~a~~**an** "~~Draft~~**Initial** Report") for further discussion, if necessary, to resolve outstanding issues.

Discussions with the Fee Examiner will, to the extent practical, be held remotely, using audiovisual tools such as Skype or similar software that permits two-way synchronous communication. ~~If video is not available, meetings~~**Meetings** may **also** be conducted by telephone at the election of the ~~Fee Examiner~~**parties**.

The ~~Draft~~**Initial** Report and sessions with the Fee Examiner will be considered confidential, and subject to Fed. R. Evid. 408, although, apart from the ~~Draft~~**Initial** Report, the parties' written positions may form the basis of, or may be incorporated into, any ~~final application~~**Final Application**, objection or the Final Report.

At any session with the Fee Examiner, the Retained Professional must be represented by a person ~~who has full authority to adjust proposed fees and expenses without consultation with another person. Failure to provide such a person will be considered to be bad faith~~**that is a partner, equity-holder or similar officer of the Retained Professional**.

After the Retained Professional and the Fee Examiner have discussed the ~~Draft~~**Initial** Report, the Fee Examiner will ~~prepare~~**file** a Final Report ~~for filing with the Court and service upon appropriate parties~~**with the Court and serve the Final Report on counsel for the Debtors, the Committees, the U.S. Trustee and each Applicant whose fees and expenses are addressed in the Final Report within fourteen (14) days of the service of the Initial Report (subject to extension by agreement of the applicable Retained Professional and Fee Examiner)**.

### **2.3** ~~2.3~~*Final Fee Applications*

The Fee Examiner will process all Final Fee ~~Requests~~**Applications** in the manner provided for Interim Fee ~~Requests~~**Applications**, including the provision of ~~a Draft~~**an Initial** Report. There may be discovery undertaken as necessary to make a final assessment of the reasonableness of all fees and expenses charged.

### **2.4** ~~2.4~~*Automatic Extension of Time to Comment or Object*

~~No Application will be complete, and the~~The time limits contained in the **Fee Examiner** Order will not commence against the Fee Examiner, until (a) the relevant Retained Professional serves and delivers the Billing Data with ~~all required~~**materially complete** information, and (b) the Billing Data is in the format specified in Section 4.

~~Until~~**The Court may not enter an order on** any Interim Fee Application or any Final Fee Application **until** the Fee Examiner has**, within the time frames specified herein, either: (i) filed his Final Report; (ii)** indicated no objection**;** or ~~has~~**(iii)** filed a formal objection~~, the Court may set for hearing, but will not hear or enter an order on, any Interim Fee Application or any Final Fee Application.~~**.**

If the Fee Examiner is not provided with ~~the necessary~~**materially complete** Billing Data related to any Application **(**other than a Monthly Fee Statement**)**, the Fee Examiner is not required to file **a Final Report,** an indication of no objection or an objection~~.~~

> ~~2.5.~~ *~~Amendment of Interim Compensation Order~~* ~~The Fee Examiner will request the Court to amend the Initial Order to incorporate the substantive provisions of this Protocol~~.

3. **Information to be Provided**

    3.1. *Retention Agreements, ~~Budgets,~~ and Biographical Data*

As soon as practical after submission of this Protocol to the Court, each Retained Professional must provide to the Fee Examiner, the Team Coordinator and Legal Decoder (collectively the "**Fee Examiner's Team**"):

a. All applicable engagement letters and/or fee agreements with their clients;
~~b. All approved budgets previously provided to the Office of the United States Trustee;~~
**b.** ~~c.~~ All required invoice data in electronic/digital format (in LEDES format or any other format permitted by Section 4);
**c.** ~~d.~~ Professional biographical data for all Billers ~~in electronic/digital format as~~**that includes the information** set forth on Exhibit A (template provided); and
**d.** ~~e.~~ All Applications filed to date.

Each Retained Professional approved after the adoption of this Protocol must provide the Fee Examiner's Team with ~~an approved budget and~~ professional biographical data described above~~,~~ within ten working days after entry of the order approving their retention. ~~All budgets must comply with the Fee Guidelines.~~

All Retained Professionals shall promptly provide the Fee Examiner's Team with any changes or modifications to any previously provided Retention Agreements, ~~Budgets,~~ and Biographical Data.

    3.2. *Description of Data to be Provided with Each Application*

        3.2.1. **General Information About the Application**

Each Application must provide:

a. A separate list of all Billers whose time is included in the Application (including all shorthand

identifications, initials or timekeeper identification numbers) who billed time during the relevant period;
b. The precise time period covered by the Application;
c. A list of ~~all~~ rate increases ~~of any kind—including rate~~ **—excluding "step** increases**"** due to increasing seniority—by timekeeper and amount, proposed by the Retained Professional since it began working on these cases; and
d. A statement that the Retained Professional's client has (or has not) explicitly consented to any rate increases.

### 3.2.2. Information Regarding Actual Costs to Budget

For each Application other than a Monthly Fee Statement, each Retained Professional must provide a comparison **in the filed Application** of actual ~~billings and expenses~~**time billed** to budgeted ~~billings and expenses by project category~~**time**, along with a statement that the Retained Professional's client has ~~already~~ approved the ~~actual expenditures covered by the Application period~~**budget**.

If the actual work billed has varied from the budgeted amount by more than 10% ~~for any project category~~**in the aggregate**, the Retained Professional must also provide a reasonable explanation for the variance.

### 3.3. *Information Regarding Time Recorded by Billers*

For each time entry included in each Application, the Retained Professional must supply:

a. The name or other unique identifier for the Biller responsible for such time entry;
b. The amount of time spent by such Biller in tenth of an hour increments or as approved by the Court in the retention order; and
c. A description of the work or task performed by such Biller (together with a summary of the time allocable to such work or task ~~is~~**if** not otherwise apparent). All such descriptions must be consistent with the standards set forth in Sections 4.1 and 5.1 of this Protocol.

### 3.4. *Information Regarding Expenses for Which Reimbursement is Requested*

For each expense or other item for which the Application requests reimbursement, the Retained Professional must supply for each expense or other item the information requested in Sections 4.2 and 5.2.

### 3.5. *Substantially Accurate Information*

All Applications served on the Fee Examiner must be signed, electronically or otherwise, by an individual with authority to submit and alter invoices. ~~By submitting Billing Data to the Fee Examiner's Team with any Application, that person and the Retained Professional that employs her or him certifies that the Billing Data is substantially accurate and complete, and that, to the best knowledge of the individual and the Retained Professional, the Billing Data contains no untrue statement of a material fact nor does it omit to state a material fact necessary in order to make the other information in the Billing Data not misleading.~** and will be subject to Rule 5005-2 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California.**

4. **Format and Service of Billing Data**

   4.1. *Fees*

All Retained Professionals must submit Billing Data related to requested fees (including all data entries by Billers) in LEDES (Legal Electronic Data Exchange Standard) format (www.ledes.org). If submitting Billing Data in LEDES format is not possible or poses a hardship for a Retained Professional, Billing Data may be submitted, with prior approval, to the Fee Examiner's Team in another electronic, delimited format (Excel, comma separated values, tab separated values and so forth).

### 4.2. *Expenses*

All Retained Professionals must

a. submit Billing Data related to expenses or other claims for reimbursement in LEDES format or another pre-approved electronic, delimited format.
b. provide legible copies of ~~all~~ receipts for expenses ~~involving airfare, hotels, and meals, as well as for any other expenses~~ exceeding $~~50~~**75**; and
c. submit all copies in Adobe Acrobat format (PDF) or another generally used graphic format such as JPG or GIF.

### 4.3. *Service*

#### 4.3.1. Contents of Service.

Each Retained Professional will serve each Application on each member of the Fee Examiner's Team ~~at the email addresses~~**as** specified in Section 4.3.2 (unless they receive an indication that another address should be used).

Each Application must be accompanied by Billing Data in the format set forth in Sections 4.1 and 4.2. If it is not, the Fee Examiner is not obligated to begin his review, and the consequences specified in Section 2.4 will apply.

#### 4.3.2. Electronic Service Only

Service on the Fee Examiner and upon Legal Decoder must be electronic means only **and not by hard copy.** Service of documents by ~~email should be sent~~**electronic means should be facilitated by secure means agreed upon between the Fee Examiner and the Retained Professional, which secure means may include transmission over a secure File Transfer Protocol web site, the credentials for which should be sent by email** to:

a. The Fee Examiner at bamexampge@gmail.com;
b. Legal Decoder at pge@legaldecoder.com; and
c. Team Coordinator at traceyrgallegos@gmail.com.

## 5. Review Standards

The Fee Examiner understands that professionals bill their clients regularly and continually. Different practices may arise with respect to different clients. This Section sets forth the Fee Examiner's basic standards with respect to reasonable billing practices in the Cases.

### 5.1. *Standards for Fee Applications*

Hourly rates should reflect a Biller's experience not only in terms of years as a member of the bar or as a manager or employee of a service provider generally, but also time and experience in restructuring

companies **and related litigation and corporate matters**. High hourly rates reflect the skills necessary to quickly comprehend business conditions and smoothly bring reorganization tools to solve the problems, whether those solutions are legal, practical, or logical.

### 5.1.1. Hourly Rates and Other Similar Considerations

The hourly rate for each professional, and the hours billed, are typically not the only considerations in billing. An equally important factor involves whether a Biller handles a task appropriate for his or her experience and skill set level in a customary ~~or benchmarked~~ amount of time. Besides an objective, data driven analysis (on which the Fee Examiner will largely depend on Legal Decoder), there is judgment involved that the aggregate fee requested correlates with the value of the service provided. An aspect of the Fee Examiner's approach to an expert fee analysis is ~~disaggregating work streams into discrete tasks and examining each task's staffing efficiency, workflow efficiency and value.There are other considerations as well. Many firms enter into arrangements with clients under which discounts from hourly billing rates can be, or are, given in return for the opportunity to work on a particular project, or for a degree of exclusivity with respect to future work of a similar nature. Especially with respect to Final Fee Requests, the Fee Examiner may investigate the practices of Retained Professionals, and of professionals generally, with respect to such discounts, and will assess whether such discounts are appropriate in the Cases.~~**examining whether there was unjustified or unjustifiable duplication of effort or services, or whether the seniority or skill level of the Applicant's professional was not commensurate with the complexity, importance and nature of the task.**

### 5.1.2. Hours for Each Biller

The Fee Examiner will look at how many consecutive ~~12~~**14**+ hour days individual billers have billed on the case, not because ~~12~~**14**+ hour days are per se unreasonable, but because many sequential long days can lead to professional fatigue and inefficiencies.

~~For each Biller who records more than 10 hours per month, each Retained Professional shall disclose that individual's total recorded hours on all matters for that month, which may be provided in confidence. This aggregate total should include all time collected by the Retained Professional with respect to the individual and include non-charged time such as firm administration or pro bono work. The Fee Examiner considers this information relevant to the exercise of judgment and professionalism, much the same as the Fee Examiner's request to separately flag individuals who bill more than 12 hours in one day.~~

### 5.1.3. Block Billing

"Block billing" refers to the practice of "lumping" together of discrete tasks in one entry. If a cumulative time entry is 0.5 hours or below, the Fee Examiner will not ask further questions about the block- billing itself. For all other entries above 0.5 hours, the Retained Professional must indicate the amount of time spent on each task. The Fee Examiner reserves the right to ask a Retained Professional about the underlying tasks whether or not block-billing is involved. For example, even if the cumulative time entry is 0.5 hours or below, if a Retained Professional has billed for clerical work, that time entry will trigger additional questions.

### 5.1.4. Vague Entries

The Fee Examiner will question vague time entries. The more robust the description, the easier it is

for the Fee Examiner to provide the Court with an opinion as to the entry's reasonableness. Vague entries such as "attention to file,~~" "review documents," "draft motion," "attend hearing,~~" and " strategize" without additional information are **generally** not acceptable**, taking into account how much detail can be provided as to privileged or confidential matters**.

~~To the extent that a Retained Professional is concerned about providing information in time entries that might telegraph strategy to other parties in interest, the Retained Professional and the Fee Examiner may enter into a confidentiality agreement to enable the Retained Professional to provide more detailed information.~~

**The Fee Examiner will treat time entries, invoices and all other billing data on a confidential basis pursuant to the terms of the Fee Examiner Order. To the extent a dispute relating to any time entry, invoice, or billing data that contains privileged or confidential information or work product is presented to the Court, such privileged or confidential information or work product shall be submitted under seal to the Court. All information so submitted will remain under seal and confidential and not be made available to anyone without the consent of the Applicant, as applicable, or further order of the Court.**

The Fee Examiner will object to billing or other entries that are ~~marked as~~**wholly** "redacted" or otherwise **entirely** obscured or illegible to a reader. The Fee Examiner understands that occasionally time entries are connected to matters of privilege or confidentiality. In such cases, the Fee Examiner takes the position regarding approval of payment set forth in *In re* Las Vegas Monorail, 458 B.R. 553 (Bankr. D. Nev. 2011), and urges the parties to take advantage of the opinion's suggestions on obtaining approval of such fee and expense requests.

### 5.1.5. Appropriate Staffing

Staffing choices that indicate a misallocation of resources will trigger additional questions. Potential misallocation may include, but is not limited to:

a. the use of higher-billing-rate professionals performing work that usually is performed by lower- billing-rate professionals; ~~b. incremental billing, an example of which would be an unusual series of .1 or .2 time entries for one professional in a short period of time;~~
**b.** ~~c.~~ multiple timekeepers appearing at meetings and hearings without an explanation of each timekeeper's role; and
**c.** ~~d.~~ billing for summer associate work, when the use of a paralegal would have been more efficient.

### 5.1.6. Professionals Who Bill Less Than 10 Hours

For Billers whose cumulative time on these cases aggregated**, for a particular month, is** less than 10 hours or **contains** fewer than 10 line item entries for any month, the Fee Examiner ~~will need sufficient~~**may request additional** information to be able to judge whether the use of that timekeeper was reasonable.

### 5.1.7. Attendance at Meetings and Hearings

A large number of attendees at a hearing or meeting will trigger questions about the reason for each person's attendance (e.g., whether the Biller had a speaking role or particular expertise that needed to be provided in person, rather than telephonically). ~~Assigning an individual to take notes or minutes is an overhead expense, and not reimbursable.~~

### 5.1.8. Travel Billing

Non-working travel time is ~~not~~ compensable~~. See ¶ 17~~ **at 50%** of the ~~Local Guidelines~~**Biller's standard hourly rate**.

### 5.1.9. Fees Related to Fee ~~Requests~~**Applications**

~~If a Draft Report raises issues that a reasonably experienced bankruptcy professional should have anticipated due to a lack of compliance with this Protocol (including providing insufficient information in the Application or the request for unreasonable fees or expenses),~~

~~fees on fees shall be considered unreasonable. If, however, the Fee Examiner raises issues in a Draft Report that involve a matter of first impression not covered by common sense or this Protocol, it is reasonable for the Retained Professionals to bill a reasonable amount of time to respond to the Fee Examiner's questions.~~**Reasonable charges for preparing Applications are compensable but, per the Local Guidelines, such fees may not exceed 5% of the total amount of fees and costs requested in the Application. Fees spent defending an Application may be objectionable based on the Supreme Court's decision in Baker Botts L.L.P.**
**v.	ASARCO, depending on the circumstances.**

### 5.1.10. Fees Related to Modifying Time Entries or Invoices

Individuals responsible for billing may make adjustments and amendments to time records after they are processed for billing but before submitting them as part of an Application **in order to address, among other**

**6**

**things, privileged or confidential matters or work product**. If adjustments reduce or eliminate the time for which compensation is requested, they need not be disclosed.

If adjustments materially or significantly ~~modify~~**increase** an included time entry's description, or the amount of time billed for that entry, the time entry is no longer contemporaneous with the provision of service as required by both the United States Trustee's Guidelines and the Local Guidelines. Accordingly, ~~such time entries have lost some of their presumed credibility, and~~ the Retained Professional must separately and specifically disclose all such changes made.

~~In no event, however,~~**It** is ~~it~~ reasonable to request compensation for time spent in making ~~these adjustments. This includes time segregating billing entries related to confidential or privileged matters~~**appropriate adjustments to timekeeping records, including reviewing timekeeping records for privilege, confidentiality or work product issues (and in making downward adjustments to timekeeping records). However, the time spent rewording time entries that were improperly phrased originally, and not for the above reasons, is considered to be overhead**.

### 5.1.11. Rate Increases

Many firms increase rates at the beginning of the calendar year and, in addition, during the calendar year—~~whether characterized as "step increases" for associates or as "general" or "across the board rate increases."~~**.** Rate increases, no less than the basic hourly rate itself, whether or not discounted for the circumstances here, are subject to the reasonableness standard. While the market rate for professional services in a difficult and complex case like this is always a factor in setting and reviewing rates, it is not the only factor. That is especially true in the extraordinary environment—legal and practical—of these proceedings. The length of these proceedings cannot be predicted or projected, at least at this point, but rate increases proposed by firms here should be given careful consideration by the professionals before they are submitted as part of the monthly or interim fee process.

**Each Retained Professional shall promptly disclose any across-the-board rate changes. For the avoidance of doubt, a Retained Professional is not required to disclose "step increases" historically awarded by the Retained Professional in the ordinary course to attorneys throughout the Retained Professional firm due to advancing seniority and promotion.**

### 5.2. *Standards for Expenses*

Reimbursement of expenses should reflect reasonable efforts to achieve sensible costs, and not cater to the idiosyncratic preferences of any one Biller.

### 5.2.1. Distinction Between Reimbursable Expenses and Overhead Expenses

In general, overhead and administrative expenses are not reimbursable, nor are infrastructure improvements, rent, utilities, office equipment, furnishings, insurance, custodial fees, internal storage fees, and property taxes.

### 5.2.2. Travel Expenses

~~Reasonable economy~~**Economy** airfare (including "economy plus" or similar seating for transcontinental flights) is normal and reasonable; first-class or business class airfare is not. Retained Professionals who choose to fly first-class or business class will be reimbursed only for the equivalent (and

documented) coach airfare. ~~The Fee Examiner assumes that, for most airfare and lodging, Retained Professionals are able to plan ahead to obtain reasonable rates.~~

Neither the time nor travel expenses associated with traveling to other offices within a Retained Professional's own firm are reimbursable—except for travel to attend hearings, client meetings ~~or~~**,** meetings with third parties, **meetings with other advisors to the client,** or to prepare for ~~them~~**any such meetings**. Meetings should be conducted telephonically or by video conference wherever possible.

Hotel expenses should be limited to reasonable market rates for the locale. Health or athletic facilities, in-room movies, or other entertainment charges are not reimbursable. In addition, in-room dining or other hotel food and beverage charges are subject to the meal guidelines in this Protocol.

Certain types of expenses are presumptively unreasonable but may be considered reasonable with sufficient explanation. For example, normally mini-bar expenses are presumptively unreasonable unless restaurants are closed when a Biller needs to have a meal. **No professional shall seek reimbursement of hotel expenses in excess of $600.00 per night, including taxes, service fees and other charges.**

### 5.2.3. Meals and Food

For all meals, the Fee Examiner will need the following information: who attended the meal, whether the meal was a working meal, and whether alcohol was purchased. The following guidelines also apply:

a. Alcohol is not a reasonable expense.
b. In-office meals must be capped at $~~20.00~~**30.00** per person per meal and are reimbursable if:
   i. The professional attends a necessary lunch-hour business meeting related to these cases; or
   ii. The professional works on these cases after 8:00 p.m. and has worked more than four hours on these cases during the billing day for which meal reimbursement is sought.
c. Coffee and snack charges are not reimbursable unless charged in lieu of in office meals allowable under the above-stated guideline.
d. All catering orders must be supported by receipts or invoices **upon request**. Catering invoices (internal and external) must indicate both the number of persons actually attending a business meeting and the amount charged per person.
e. Out-of-office ~~meals~~**breakfasts** are capped at $~~40.00~~**35.00 and dinners at $75.00** per person per meal, reimbursable ~~only if the professional has travelled to prepare for or attend~~**in connection with** a hearing, client ~~or~~**meeting,** meeting with a third party, **meeting with other advisors to the client, travel time** or another event. If a professional's attendance at a hearing, meeting, or other event is **ultimately deemed** unnecessary, the Fee Examiner will recommend disallowance of both the professional's fees and associated travel and meal expenses. **Out-of-office lunches are not reimbursable.**

Regardless of the number of attendees, please provide receipts for any single meal for which the total bill is more than $200.00 in the aggregate.

### 5.2.4. Document Production

Distribution of documents electronically is preferred given its cost effectiveness. ~~Retained Professionals must justify expenses related to the production and copying of physical documents. If reasonable, internal~~**Internal** photocopying and printing are reimbursable at ~~10~~**20** cents per page for

black and white and, when color copies are necessary, 45 cents per page.[2] If the Retained Professional used an outside service or vendor for copying, it should provide vendor invoices **upon request**.

Charges for ~~internal printing,~~ converting documents to electronic formats, scanning charges, and charges to convert and upload documents are overhead, and not reimbursable. Similarly, ~~word processing,~~ proofreading, secretarial and other support expenses are not reimbursable, nor are overtime charges related to these activities.

### 5.2.5. Other Expenses

#### ~~5.2.5.1. *Flexible Standards*~~

~~Certain types of expenses are presumptively unreasonable but may be considered reasonable with sufficient explanation. For example, normally mini-bar expenses are presumptively unreasonable unless restaurants are closed when a Biller needs to have a meal. Luxury hotels (Ritz-Carltons and Four Seasons) are presumptively unreasonable. Midrange hotels (Hyatt, Marriott, and Westin) are presumptively reasonable except when room rates surge for high demand events or seasons.~~

#### **5.2.5.1.** ~~5.2.5.2.~~ *Limits on Expenses*

Certain charges and expenses are presumptively unreasonable. These include:

a. Telephone charges—including cellular phone fees and subscriptions, text fees, data fees, and roaming charges, other than actual charges for multi-party calls incurred by counsel in connection with the cases.
b. Subscription, publication, or library charges**.**
c. Office supplies or presentation materials.
d. Clothing, dry-cleaning, accessories, and travel sundries.
e. Local travel expenses (train, bus, subway, mileage, car service, taxi) to or from a professional's home unless a professional has worked at least four hours on these Cases on the day for which the expense is sought and completes that day's work after ~~9~~**8**:00 p.m. local time.
f. Tips or other service charges (including housekeeping, valet, concierge, and bell services) unless they are part of another itemized and documented expense (for example, taxi or car service gratuity included on the receipt), and generally are capped at 20% or lower if custom is lower.

## 6. Reservations

~~Failure to object to an Application or Monthly Fee Statement will not bar the Fee Examiner from objecting to time or expenses covered by such requests at a later time; often~~**Often** the worth of a project cannot be determined until it is complete, or a decision is made to modify or abandon it.

~~Similarly~~**Accordingly**, the Fee Examiner may think that the objectionable part of a Monthly Fee Statement is not greater than the 20% holdback specified in the Initial Order, and thus may reserve all comment or objection until the ~~Retained Professional submits an~~**Interim Fee** Application related to that particular month **is filed**.

---

[2] ~~The Fee Examiner understands that these numbers are lower than set forth in the Local Guidelines. National chains such as Office Max, however, currently offer prices cheaper than set forth in text.~~

**Following the Court's disposition of an Interim Fee Application, the Fee Examiner may not interpose a new objection to fees that are the subject of that Interim Fee Application until they are presented in a Final Application.**

**Exhibit A – Biographical and Demographic Data on Billers**

A template will be provided to each Retained Professional upon approval of this Protocol.

Name
~~Highest degree Year awarded~~~~Non-law graduate degree~~ Year admitted to bar Home Office~~Non-US law degree~~ Title/Status: Paralegal Summer associate/intern Law graduate, not yet admitted Contract attorney Associate Of Counsel Partner Retired Partner Administration Other (describe) Assigned department/workgroup ~~Specialization Certification Years in bankruptcy department/workgroup~~