

1  BRAD BRIAN (State Bar No. 79001)
   Brad.Brian@mto.com
2  THOMAS B. WALPER (State Bar No. 96)
   thomas.walper@mto.com
3  HENRY WEISSMANN (State Bar No. 13
   henry.weissmann@mto.com
4  BRADLEY SCHNEIDER (State Bar No.
   bradley.schneider@mto.com
5  **MUNGER, TOLLES & OLSON LLP**
   350 South Grand Avenue
6  Fiftieth Floor
   Los Angeles, California 90071
7  Telephone:   (213) 683-9100
   Facsimile:   (213) 683-3702
8

9  *Proposed Attorneys for Debtors
   and Debtors in Possession*

Signed and Filed: October 2, 2019

_____
DENNIS MONTALI
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>    -and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>         Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**ORDER AMENDING ORDER PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY MUNGER, TOLLES & OLSON LLP AS COUNSEL FOR CERTAIN MATTERS AS OF THE PETITION DATE**<br><br>[No hearing requested]<br><br>[Relates to Dkt. No. 1677] |

Upon the application, dated September 18, 2019 (the "**Application to Amend**"), of PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), to amend *Order Pursuant to 11 U.S.C. § 327(e) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Retain and Employ Munger, Tolles & Olson LLP as Counsel for Certain Matters Effective as of the Petition Date* (the "**Retention Order**") [Dkt No. 1677]; and this Court having jurisdiction to consider the Application to Amend and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Application to Amend and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application to Amend and the Weissmann Declaration; and upon the record of the Hearing (if any was held) and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Application to Amend is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and that the legal and factual bases set forth in the Application to Amend establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application to Amend is granted as provided herein.
2. The Retention Order is hereby amended to provide that the Specific Matters include:
   a. Representing and advising the Debtors with regard to regulatory, corporate, transactional, and other legal issues associated with potential structural options in relation to electric distribution systems;

      b. Representing the Debtors as co-counsel at trial in the first trial in the consolidated action captioned *California North Bay Fire Cases*, JCCP No. 4995 (Cal. Super. Ct.) (the "**Tubbs Fire Action**");

      c. Representing and advising the Debtors in connection with any other civil actions or proceedings arising out of or related to the Northern California wildfires.

3. Subject to the foregoing clarifying amendment, the Retention Order remains in effect and is incorporated herein by reference.

4. Notice of the Application to Amend as provided therein shall be deemed good and sufficient notice of the Application to Amend;

5. To the extent the Application to Amend is inconsistent with this Order, the terms of the Order shall govern;

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**END OF ORDER**