

Signed and Filed: October 3, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered<br><br>Date: October 7, 2019<br>Time: 10:00 AM (Pacific Time)<br>Place: Courtroom 17<br>      450 Golden Gate Ave.<br>      16th Floor<br>      San Francisco, CA |

**ORDER REGARDING OCTOBER 7, 2019 HEARING**

The hearing will begin at 10:00 AM, not 9:30 AM. The court will first hear the Motion to Approve Fee Procedures (Dkt. No. 3950). The Fee Examiner, the United States Trustee and others supporting the motion will have a total of twenty minutes, including time they choose to reserve for reply. Professionals and others opposing the motion will also have a total of twenty

minutes.  The court expects counsel to meet and confer in advance to divide their allotted time.

Next, Debtors' counsel and other interested parties should report on stipulations establishing briefing schedules for the inverse condemnation and impairment issues that were discussed at prior hearings.  Counsel should also clarify whether this court or the district court will be asked to decide the *Cantu* issue.  See Parties' Joint Statement, etc., (USDC Case No. 3:19-cv-05257 – JD (Dkt. No. 80), at 7:13-14.

Finally, the court will consider the Joint Motion to Terminate Exclusivity (Dkt. No. 3940).  Movants and Debtors will each have a total of forty-five minutes, with movants reserving time for their reply.  The court expects counsel to meet and confer in advance to divide their allotted time.

The issue of termination of exclusivity has recently been fully briefed, argued and decided. There is no need to travel that path again.  This time around, the court wants movants' counsel to focus on what has changed in such a short period of time to justify reversing course.  If the court does revisit the previous decision, what is the likely schedule and impact on the pending estimation proceedings in the district court and the Tubbs Fire trial in the San Francisco Superior Court?  Further, movants' counsel should explain whether their proposed plan should be considered a back-up in case the Debtors' plan cannot be confirmed or whether two competing plans should be allowed to proceed in parallel, subject to the provisions of section 1129(c).

Debtors' counsel should address the same issues and also explain what difficulties might follow from permitting consideration of a competing plan.

**END OF ORDER**