**DIEMER & WEI, LLP**
Kathryn S. Diemer (#133977)
100 West San Fernando Street, Suite 555
San Jose, CA 95113
Telephone: 408-971-6270
Facsimile: 408-971-6271
Email: kdiemer@diemerwei.com

**WILLKIE FARR & GALLAGHER LLP**
Matthew A. Feldman (*pro hac vice*)
Joseph G. Minias (*pro hac vice*)
Daniel I. Forman (*pro hac vice*)
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: mfeldman@willkie.com
       jminias@willkie.com
       dforman@willkie.com

*Counsel for Ad Hoc Group of Subrogation Claim Holders*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>　　　　　　　　**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the lead case, No. 19-30088 (DM)* | Chapter 11<br>Bankr. Case No. 19-30088 (DM)<br>(Jointly Administered)<br><br>**OBJECTION OF THE AD HOC GROUP OF SUBROGATION CLAIM HOLDERS TO THE JOINT MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS AND AD HOC COMMITTEE OF SENIOR UNSECURED NOTEHOLDERS TO TERMINATE THE DEBTORS' EXCLUSIVE PERIODS PURSUANT TO SECTION 1121(d)(1) OF THE BANKRUPTCY CODE**<br><br>Date:　October 7, 2019<br>Time:　10:00 a.m. (Pacific Time)<br>Place:　United States Bankruptcy Court<br>　　　　Courtroom 17, 16th Floor<br>　　　　San Francisco, CA 94102 |

The Ad Hoc Group of Subrogation Claim Holders (the "**Ad Hoc Subrogation Group**") in the above-captioned chapter 11 cases of PG&E Corporation and Pacific Gas and Electric Company (together, "**PG&E**" or the "**Debtors**"), by its attorneys Willkie Farr & Gallagher LLP and Diemer & Wei, LLP, hereby objects (the "**Objection**") to the *Joint Motion of the Official Committee of Tort Claimants and Ad Hoc Committee of Senior Unsecured Noteholders to Terminate the Debtors' Exclusive Periods Pursuant to Section 1121(d)(1) of the Bankruptcy Code* [Docket No. 3940] (the "**Joint Motion**"). In support of this Objection, the Ad Hoc Subrogation Group respectfully represents as follows:

## OBJECTION

At the hearing on September 24th, counsel to the Ad Hoc Committee of Senior Unsecured Noteholders (the "**Bondholders**") represented to the Court that the Bondholders' revised proposal (the "**Bondholders' Plan**" as described in the term sheet filed September 25, 2019 [Docket No. 4006]) would treat the claims of the Ad Hoc Subrogation Group the same as the *Debtors' First Amended Joint Chapter 11 Plan of Reorganization* [Docket No. 3966] (the "**First Amended Plan**"). Sept. 24 Hr'g Tr. at 111:22-114:19. Despite this clear statement to the Court, the Bondholders' Plan falls decidedly short of doing so. As the Court knows, the settlement between the Debtors and the Ad Hoc Subrogation Group embodied in the First Amended Plan (the "**Subrogation Settlement**") provides for an $11 billion allowed claim, which will be paid entirely in cash on the plan effective date (subject only to the claimholder's right to elect equity instead of cash). First Amended Plan, Section 4.19(b). The Bondholders' Plan, in contrast, offers an unknown mix of cash and equity consideration, likely worth substantially less than the $11 billion in cash that would be realized through the Subrogation Settlement (approximately a billion dollars of value less).

The math illustrating the material discrepancy is as follows:

- The Bondholders' amended term sheet earmarks $12.75 billion in cash and 40.6% of reorganized PG&E common stock for fire victims and holders of subrogation claims (the "**Fire Claimants' Consideration**").

- The 40.6% of reorganized PG&E common stock is ascribed a value of $12.75 billion

2

*at "plan value."* [Docket No. 4006], 5.  As illustrated on Exhibit A to this Objection however, *plan value* is premised on a **$61 billion total enterprise value.**

- Bondholders, on the other hand, are purchasing 59.3% of reorganized PG&E's common stock for approximately $15.5 billion, implying a **$55.9 billion total enterprise value.**

In sum, Bondholders would acquire a 59.3% share of equity at a substantial discount to the hypothetical plan value used to value the Fire Claimants' Consideration.  As further illustrated on Exhibit A, assuming a 50/50 split of cash and equity to all fire claimants, the "$11 billion" of value earmarked for holders of subrogation claims is actually worth $10.1 billion—a difference of almost a billion dollars when compared to the Debtor's First Amended Plan.[1]  Thus, any attempt to portray the Bondholder Plan as offering the holders of subrogation claims the precise amount that the Debtors propose to settle such claims is plainly wrong; and the Bondholder Plan is not likely to avoid plan litigation with the Ad Hoc Subrogation Group.  Therefore, the Ad Hoc Subrogation Group does not believe modifying exclusivity at this time advances everyone's shared goal:  a consensual plan that provides individual claimants payment consistent with the provisions of A.B. 1054.

---

[1] Additionally, under the Bondholders' Plan subrogation claims relating to the 2015 Butte fire recover from the same pool of assets, while under the Debtors' First Amended Plan these claims are not subject to the Subrogation Settlement.  Furthermore, just as the amount of distributable value actually available for holders of subrogation claimants is materially less than the $11 billion headline number, it follows that the amount of distributable value available for individual claimants is also overstated.

# CONCLUSION

WHEREFORE, the Ad Hoc Subrogation Group requests that the Court deny the Joint Motion and such other and further relief as the Court may deem just and proper.

Dated: October 4, 2019

**WILLKIE FARR & GALLAGHER LLP**

/s/ Matthew A. Feldman
Matthew A. Feldman (*pro hac vice*)
Joseph G. Minias (*pro hac vice*)
Daniel I. Forman (*pro hac vice*)
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: mfeldman@willkie.com
jminias@willkie.com
dforman@willkie.com

**DIEMER & WEI, LLP**
Kathryn S. Diemer (#133977)
100 West San Fernando Street, Suite 555
San Jose, CA 95113
Telephone: (408) 971-6270
Facsimile: (408) 971-6271
Email: kdiemer@diemerwei.com

*Counsel for Ad Hoc Group of Subrogation Claim Holders*

**Exhibit A**

# Exhibit A

**Implied Total Enterprise Value ("TEV") calculations based on Bondholders' Plan terms**

**Implied TEV calculation**

| ($ in millions) | New Money Investment | Plan Value |
|---|---|---|
| Utility reinstated debt | $15,775 | $15,775 |
| Utility new money secured debt | 7,979 | 7,979 |
| Utility reinstated preferred | 258 | 258 |
| HoldCo new money debt | 5,750 | 5,750 |
| **Total debt** | **$29,762** | **$29,762** |
| New money equity value (59.3%) | $15,512 | $18,623 |
| Wildfire trusts equity value (40.6%) | 10,621 | 12,750 |
| Legacy equity value (0.1%) | 26 | 31 |
| **Implied Equity Value** | **$26,159** | **$31,404** |
| **Implied TEV** | **$55,921** | **$61,166** |

**Memo: Implied Subrogation Trust value**

Consideration mix

| | | |
|---|---|---|
| 50% equity / 50% cash | $10,081 | $11,000 |

**Implied Equity Value calculation**

| | New Money Investment | Plan Value |
|---|---|---|
| New money investment ($) | $15,512 | |
| Trust equity value ($) | | 12,750 |
| ÷ pro forma ownership % | 59.3% | 40.6% |
| **Implied Equity Value** | **$26,159** | **$31,404** |

Bondholders' Plan does not describe the exact mix of consideration that will be funded into the Subrogation Trust