WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**MOTION PURSUANT TO FED. R. BANKR. P. 4001(d) TO APPROVE STIPULATION BETWEEN DEBTORS AND MICHAEL S. DANKO AND MARY S. DANKO FOR MODIFICTION OF AUTOMATIC STAY**<br><br>**Objection Deadline**: October 25, 2019<br>                           4:00 pm (Pacific Time)<br><br><u>**No hearing requested absent timely objection. If timely objection is filed, hearing reserved for:**</u><br><br>Date: November 13, 2019<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>          Courtroom 17, 16th Floor<br>          San Francisco, CA 94102 |

PG&E Corporation and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (each, a "**Debtor**," and collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to section 362(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 4001(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 4001-1 and 9014-1(b)(3) of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for approval of an agreement between the Utility and Michael S. Danko and Mary S. Danko, individually and as trustees of the Michael and Mary Danko Living Trust dated July 27, 2007 (collectively, the "**Dankos**," and, together with the Utility, the "**Parties**"), as embodied in the *Stipulation Between Debtors and Michael S. Danko and Mary S. Danko for Modification of the Automatic Stay* (the "**Stipulation**"), a true copy of which is attached as **Exhibit A**, by issuance of an order in the form attached hereto as **Exhibit B** (the "**Proposed Order**"). In support of the Motion, the Debtors submit the Declaration of Jana Contreras (the "**Contreras Declaration**") and the Declaration of Joseph Echols (the "**Echols Declaration**"), both filed contemporaneously herewith.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**," and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

## III. THE STIPULATION

Since on or around April 30, 2003, the Dankos have been the owners in fee simple of the residential real property identified as San Mateo County Assessor's Parcel Numbers 068-205-050 and 068-205-040 (together, the "**Property**").

The Utility has at all times since February 14, 1947 owned an easement that gives it the right to excavate for, install, replace, maintain, and use an underground gas transmission pipeline within a 7.5 foot-wide strip of land located along the northern boundary line of the Property (the "**Easement**"). The Utility constructed a 24-inch diameter, high-pressure natural gas transmission

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

pipeline within the Easement (the "**Pipeline**"), and the Utility continues to operate and maintain the Pipeline to transport natural gas to serve its customers.

The Dankos have caused or permitted to be erected or constructed, and have maintained, a shed and a chicken coop on the Easement (collectively, the "**Structures**"). The Property also contains certain trees that the Dankos have caused or permitted to be planted and grow and maintained on the land subject to the Easement (the "**Incompatible Trees**"). Due to various factors, such as their size, species, and distance to the pipeline, the Incompatible Trees interfere with the Utility's use of the land subject to the Easement in ways including, but not limited to, potentially damaging the Utility's underground pipe and pipeline, impeding maintenance crews, and interfering with inspections required by regulatory authorities. Since late 2015, the Utility has attempted to work with the Dankos to obtain their cooperation to remove the Structures and the Incompatible Trees, without success.

On or about October 19, 2018, the Dankos filed a complaint against the Debtors for trespass, nuisance, injunctive relief, and declaratory relief (the "**Complaint**") in the Superior Court of California, County of San Mateo (the "**Superior Court**"), Case No. 18-CIV-05681 (the "**San Mateo Action**"). On or about December 10, 2018, the Debtors filed an answer to the Complaint and the Utility filed a cross-complaint (the "**Cross-Complaint**") seeking declaratory and injunctive relief relating to the Utility's enforcement of its easement across the Property.

A case management conference was scheduled for February 28, 2019 (the "**Case Management Conference**"). On January 31, 2019, the Debtors filed a *Notice of Stay of Proceedings* in the San Mateo Action based on these Chapter 11 Cases. On February 13, 2019, the Debtors filed a Case Management Conference Statement in the San Mateo Action, noting that the automatic stay applied only to the Complaint and requesting that the Superior Court consider and determine whether a stay of the Cross-Complaint also was appropriate. Without ruling regarding the automatic stay, the Superior Court took the Case Management Conference off calendar.

The Debtors have determined that the continuation of the San Mateo Action is in the best interests of their estates. Accordingly, the Stipulation provides that the automatic stay shall be modified to permit the Dankos to litigate the Complaint against the Debtors in the Superior Court and

to defend themselves against the Cross-Complaint. Furthermore, to the extent applicable, the Stipulation modifies the automatic stay to permit the Utility to continue to litigate the Cross-Complaint and the Debtors to defend themselves against the Complaint. The Stipulation does not permit, and the automatic stay itself shall remain in effect with respect to, the enforcement by the Dankos of any judgment they may obtain in their favor in the San Mateo Action.

## IV. BASIS FOR RELIEF REQUESTED

Limited relief from the automatic stay as provided in the Stipulation is appropriate under section 362 of the Bankruptcy Code. Section 362(d)(1) authorizes a court to modify or terminate the stay for "cause." The definition of "cause" for purposes of granting relief from stay "has no clear definition and is determined on a case-by-case basis." *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990) (citation omitted). In determining whether such cause exists to permit an action to proceed in a non-bankruptcy forum, courts analyze the twelve factors set forth in *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984); *see also In re Roger*, 539 B.R. 837, 844-45 (C.D. Cal. 2015); *In re Howrey LLP*, 492 B.R. 19, 24 (Bankr. N.D. Cal. 2013); *In re Plumberex Specialties Prods., Inc.*, 311 B.R. 551, 559 (Bankr. C.D. Cal. 2004). The twelve *Curtis* factors are: (1) whether the relief will result in partial or complete resolution of issues; (2) the lack of any connection with or interference with the bankruptcy case; (3) whether the foreign proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal has been established to hear the particular cause of action and whether the tribunal has expertise to hear such cases; (5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (6) whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question; (7) whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties; (8) whether the judgment claim arising from the foreign action is subject to equitable subordination; (9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under section 522(f); (10) the interests of judicial economy and the expeditious and economical

determination of litigation for the parties; (11) whether the foreign proceedings have progressed to a point where the parties are prepared for trial; and (12) the impact of the stay and the "balance of hurt."

The applicable *Curtis* factors all weigh heavily in favor of lifting the stay in the San Mateo Action. First and foremost, the Utility has a business need—the removal of the Structures and the Incompatible Trees—to confirm and protect, as promptly as possible, its rights under the Easement. To do so, it must litigate its Cross-Complaint in the San Mateo Action. Allowing the Dankos to litigate their Complaint at the same time in the same action will not prejudice the Debtors' estates or other creditors. To the contrary, litigating the entire San Mateo Action will save the estates time and money: the Complaint and Cross-Complaint relate to the same underlying issues and would involve the same or similar discovery and motion practice. It would be inefficient to litigate only the Utility's claims now and to litigate the Dankos' claims separately, whether in this Court or the Superior Court. The Debtors seek to avoid the time and expense associated with a contested motion for relief from the stay which, absent the Stipulation, the Dankos could be expected to bring, asserting not only the foregoing grounds, but also that permitting the Utility to prosecute its Cross-Complaint in the San Mateo Action while restraining them from litigating their Complaint would be inequitable. For these reasons, the Stipulation provides material benefits to the Debtors and their estates at little cost, has been authorized by the Debtors in the exercise of their business judgment, and is in the best interest of the Debtors, their estates, and their creditors.

## V. NOTICE

Notice of motions to approve agreements to modify or terminate the automatic stay is governed by Bankruptcy Rule 4001(d)(1)(C), Bankruptcy Local Rule 9014-1(b)(3), and the *Second Amended Order Implementing Certain Notice and Case Management Procedures* entered by this Court on May 13, 2019 [Docket No. 1996].

Bankruptcy Rule 4001(d)(1)(C) specifies that notice of a motion such as this must be served on any official committee and on any other entity that the Court directs. Notice here will be given much more broadly than as required by that Rule: notice of this Motion will be provided to (1) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (2) counsel to the Creditors Committee; (3) counsel to Tort Claimants Committee;

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

(4) the Securities and Exchange Commission; (5) the Internal Revenue Service; (6) the Office of the California Attorney General; (7) the California Public Utilities Commission; (8) the Nuclear Regulatory Commission; (9) the Federal Energy Regulatory Commission; (10) the Office of the United States Attorney for the Northern District of California; (11) counsel for the agent under the Debtors' debtor in possession financing facility; and (12) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002, or who, by virtue of their counsel being registered electronic filers in this District, automatically receive this and other papers through the Court's ECF system. The Debtor respectfully submits that no further notice is required. No previous request for the relief sought herein has been made by the Debtor to this or any other court.

**WHEREFORE,** the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: October 4, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: */s/ Peter J. Benvenutti*
Peter J. Benvenutti

*Attorneys for Debtors and Debtors in Possession*