# EXHIBIT A
## Stipulation

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com) Ray C. Schrock,
P.C. (*pro hac vice*) (ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com) Matthew Goren (*pro hac vice*) (matthew.goren@weil.com)
New York, NY 10153-0119
Tel: (212) 310-8000
Fax: (212)310-8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (415) 636-9251

*Attorneys for Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>        - and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,,<br><br>            Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**STIPULATION BETWEEN DEBTORS AND MICHAEL S. DANKO AND MARY S. DANKO FOR MODIFICATION OF AUTOMATIC STAY** |

This stipulation ("**Stipulation**") is entered into by PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, the "**Debtors**") and Michael S. Danko and Mary S. Danko, individually and as trustees of the Michael and Mary Living Trust dated July 27, 2007 (the "**Dankos**"). The Debtors and the Dankos are referred to in this Stipulation and Agreement for Order collectively as the "**Parties**," and each as a "**Party**." The Parties hereby stipulate and agree as follows:

**RECITALS**

A. Since on or around before April 30, 2003, the Dankos have been the owners in fee simple of the residential real property identified as San Mateo County Assessor's Parcel Numbers 068-205-050 and 068-205-40 (the "Property").

B. PG&E has at all times since February 14, 1947 owned an easement which it contends gives PG&E the right to excavate for, install, replace, maintain, and use an underground gas transmission pipeline, within a 7.5 foot wide strip of land located along the northern boundary line of the Property.

C. On or about October 19, 2018, the Dankos filed a complaint (the "Danko Complaint") for trespass, nuisance, injunctive relief, and declaratory relief against Debtors related to the Property (the "Danko Action") in the San Mateo Superior Court (the "Superior Court"). The Complaint sought damages, injunctive relief, and declaratory relief, among other items.

D. On December 10, 2018, Debtors filed an answer to the Complaint and Pacific Gas and Electric Company filed a Cross-Complaint ("PG&E's Cross-Complaint") against the Dankos in the Action concerning the same general facts and circumstances as the Danko Complaint. The Cross-Complaint sought declaratory and injunctive relief relating to PG&E's enforcement of its easement across the Danko's Property.

E. Thereafter, a case management conference in the Danko Action was scheduled for February 28, 2019.

F. On January 29, 2019, Debtors filed for relief under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Northern District of California ("this Court").

G. On January 31, 2019, Debtors filed a "Notice of Stay of Proceedings" in the Danko Action based on their Chapter 11 cases filed in this Court.

H. On February 13, 2019, Debtors filed a Case Management Conference Statement in the Danko Action, noting that the automatic stay of Bankruptcy Code §362(a) applied only to the Danko Complaint, and requested that the Superior Court consider and determine whether a stay of PG&E's Cross-Complaint was also appropriate.

I. Thereafter, without ruling that the automatic stay also applied to PG&E's Cross-Complaint, the Superior Court took the pending Case Management Conference off calendar.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT:**

1. This Stipulation shall be effective upon entry of an order by this Court approving it.

2. The automatic stay shall be modified to permit the Dankos to litigate the Danko Complaint against the Debtors in the Superior Court and defend themselves against PG&E's Cross-Complaint.

3. To the extent applicable, the automatic stay shall be modified to permit the Debtors to litigate PG&E's Cross-Complaint in the Superior Court and defend themselves against the Danko Complaint.

4. The relief from stay provided in paragraphs 2 and 3 herein shall not permit, and the automatic stay shall instead remain in effect with respect to, the enforcement by Dankos of any judgment they may obtain in their favor in the Danko Action.

5. Nothing herein shall be deemed to modify or excuse compliance with the requirements or obligations of Dankos to timely file a proof of claim in the Debtors' chapter 11 cases in accordance with any order of this Court governing the filing of claims.

Dated: July 30, 2019

WEIL, GOTSHAL & MANGES LLP
KELLER & BENVENUTTI LLP

_____
Peter J. Benvenutti
Attorneys for Debtors
and Debtors in Possession

Dated: July 30, 2019

THOMPSON LAW OFFICES, P.C.

_____
Robert W. Thompson
Attorneys for Michael S. Danko and Mary S. Danko