WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF JANA CONTRERAS ISO MOTION PURSUANT TO FED. R. BANKR. P. 4001(d) TO APPROVE STIPULATION BETWEEN DEBTORS AND MICHAEL S. DANKO AND MARY S. DANKO FOR MODIFICTION OF AUTOMATIC STAY**<br><br>**Objection Deadline**: October 25, 2019<br>                        4:00 pm (Pacific Time)<br><br><u>No hearing requested absent timely objection. If timely objection is filed, hearing reserved for:</u><br><br>Date:    November 13, 2019<br>Time:   10:00 a.m. (Pacific Time)<br>Place:  United States Bankruptcy Court<br>          Courtroom 17, 16th Floor<br>          San Francisco, CA 94102 |

I, Jana Contreras, hereby declare under penalty of perjury pursuant to section 1746 of title 28 of the United States Code that the following is true and correct to the best of my knowledge, information, and belief:

1. I am attorney licensed to practice law in the State of California. I am Counsel, Litigation at Pacific Gas and Electric Company, and am authorized to make this Declaration in that capacity.

2. I file this Declaration in support of the Debtors' *Motion Pursuant to Fed. R. Bankr. P. 4001(d) to Approve Stipulation Between Debtors and Michael S. Danko and Mary S. Danko for Modification of Automatic Stay* (the "**Motion**").[1] Except as otherwise indicated, all statements in this Declaration are based on my personal knowledge, and, if called upon to do so, I could and would testify competently thereto.

3. On or about October 19, 2018, the Dankos filed a complaint against the Debtors for trespass, nuisance, injunctive relief, and declaratory relief (the "**Complaint**") in the Superior Court of California, County of San Mateo (the "**Superior Court**"), Case No. 18-CIV-05681 (the "**San Mateo Action**"). On or about December 10, 2018, the Debtors filed an answer to the Complaint and the Utility filed a cross-complaint (the "**Cross-Complaint**") seeking declaratory and injunctive relief relating to the Utility's enforcement of its easement across the Property.

4. A case management conference was scheduled for February 28, 2019 (the "**Case Management Conference**"). On January 31, 2019, the Debtors filed a *Notice of Stay of Proceedings* in the San Mateo Action based on these Chapter 11 Cases. On February 13, 2019, the Debtors filed a Case Management Conference Statement in the San Mateo Action, noting that the automatic stay applied only to the Complaint and requesting that the Superior Court consider and determine whether a stay of the Cross-Complaint also was appropriate. Without ruling regarding the automatic stay, the Superior Court took the Case Management Conference off calendar.

5. The Debtors have determined that the continuation of the San Mateo Action is in the best interests of their estates. Accordingly, the Stipulation provides that the automatic stay shall be

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

modified to permit the Dankos to litigate the Complaint against the Debtors in the Superior Court and to defend themselves against the Cross-Complaint.  Furthermore, to the extent applicable, the Stipulation modifies the automatic stay to permit the Utility to continue to litigate the Cross-Complaint and the Debtors to defend themselves against the Complaint.  The Stipulation does not permit, and the automatic stay itself shall remain in effect with respect to, the enforcement by the Dankos of any judgment they may obtain in their favor in the San Mateo Action.

6. The Utility must litigate its Complaint in the San Mateo Action in order to protect its business need to remove the Structures and the Incompatible Trees.

7. The Complaint and Cross-Complaint relate to the same underlying issues and would involve the same or similar discovery and motion practice; accordingly, it would be inefficient to litigate only the Utility's claims now and to relitigate the Dankos' claims in this Court through the claims process.

8. Absent the Stipulation, the Dankos can be expected to bring a motion to seek relief from stay to permit them to litigate their Complaint.  The Debtors seek to avoid the time and expense associated with a contested motion for relief from the stay.

9. Allowing the Dankos to litigate their action will not prejudice the Debtors' estates or other creditors.  The Stipulation provides material benefits to the Debtors and their estates at little cost, has been authorized by the Debtors in the exercise of their business judgment, and is in the best interest of the Debtors, their estates, and their creditors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed in San Francisco, California this 4 day of October, 2019.

/s/ Jana Contreras