Derrick Talerico (SBN 223763)
dtalerico@ztlegal.com
David B. Zolkin (SBN 155410)
dzolkin@ztlegal.com
ZOLKIN TALERICO LLP
12121 Wilshire Blvd., Suite 1120
Los Angeles, CA 90025
Tel:   (424) 500-8551
Fax:   (424) 500-8951

Attorneys for Western Electricity
Coordinating Council

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>    -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtors.** | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**MOTION OF WESTERN ELECTRICITY COORDINATING COUNCIL TO FILE PROOFS OF CLAIM AND ANY AMENDMENTS THERETO UNDER SEAL**<br><br>[No Hearing Requested] |
| ☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | |

Western Electricity Coordinating Council ("WECC") hereby moves (the "Motion") for entry of an order authorizing WECC to file under seal the proofs of claim, and any amendments thereto, that it will file in the bankruptcy case (the "Case") of Pacific Gas and Electric Company (the "Debtor"). The Motion is further accompanied by the declaration of Heather M. Laws. A proposed form of order granting the relief requested herein is annexed hereto as Exhibit A. In support of the Motion, WECC respectfully represents as follows:

## JURISDICTION AND VENUE

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

WECC is a not-for-profit corporation responsible for mitigating risks to the reliability and security of critical portions of the electrical power grid for the geographic area known as the Western Interconnection, which is a 1.8 million square mile area that spans from western Canada to northern Baja California, Mexico. Geographically, WECC is the largest and most diverse of the six regional entities that have delegated authority from the North American Electric Reliability Corporation ("NERC") and Federal Energy Regulatory Commission ("FERC") to monitor and enforce mandatory reliability standards for the Bulk Electric System and to serve as the Regional Entity within the United States portion of the Western Interconnection.

WECC's claims in the Case pertain to its role serving as the Regional Entity with jurisdiction over the Debtor's operations. WECC is authorized by the delegation of authority from NERC and FERC to issue notices of alleged violations to the Debtor and proposed penalties resulting from those violations. In some instances, the violations are self-reported by the Debtor to WECC, and in other instances WECC has discovered violations through its own independent investigation and audit of the Debtor's operations. Violations identified by WECC cannot be

made public, because if the violations were made public, then a "bad actor" could potentially discover by reviewing WECC's proof of claim weaknesses in the Debtor's physical security measures protecting critical energy infrastructure, or flaws in the Debtor's cybersecurity procedures. It is thus critical both for the protection of the public and to ensure the reliable transmission of energy to consumers that WECC's proof of claim be filed under seal.

In WECC's role as the Regional Entity for the Western United States, it is subject to FERC's jurisdiction, and must comply with applicable Electric Reliability Organization (ERO) rules. 18 C.F.R. § 39.2. The NERC Rules of Procedure (the "RoP") are ERO rules as defined in 18 C.F.R. § 39.1. Section 1500 of the RoP contains the following applicable definitions:

> 1. Confidential Information means (i) Confidential Business and Market Information; (ii) Critical Energy Infrastructure Information; (iii) personnel information that identifies or could be used to identify a specific individual, or reveals personnel, financial, medical, or other personal information; (iv) work papers, including any records produced for or created in the course of an evaluation or audit; (v) investigative files, including any records produced for or created in the course of an investigation; or (vi) Cyber Security Incident Information; provided, that public information developed or acquired by an entity shall be excluded from this definition.
>
> 2. Confidential Business and Market Information means any information that pertains to the interests of any entity, that was developed or acquired by that entity, and that is proprietary or competitively sensitive.
>
> 3. Critical Energy Infrastructure Information means specific engineering, vulnerability, or detailed design information about proposed or existing Critical Infrastructure that (i) relates details about the production, generation, transportation, transmission, or distribution of energy; (ii) could be useful to a person in planning an attack on Critical Infrastructure; and (iii) does not simply give the location of the Critical Infrastructure.
>
> 4. Critical Infrastructure means existing and proposed systems and assets, whether physical or virtual, the incapacity or destruction of which would negatively affect security, economic security, public health or safety, or any combination of those matters.
>
> 5. Cyber Security Incident Information means any information related to, describing, or which could be used to plan or cause a Cyber Security Incident.

Moreover, Section 1502 of the RoP subjects WECC to the following requirements with respect to Confidential Information:

1502. Protection of Confidential Information

    1. Identification of Confidential Information — An owner, operator, or user of the Bulk Power System and any other party (the "Submitting Entity") shall mark as confidential any information that it submits to NERC or a Regional Entity (the "Receiving Entity") that it reasonably believes contains Confidential Information as defined by these Rules of Procedure, indicating the category or categories defined in Section 1501 in which the information falls. If the information is subject to a prohibition on public disclosure in the Commission-approved rules of a regional transmission organization or independent system operator or a similar prohibition in applicable federal, state, or provincial laws, the Submitting Entity shall so indicate and provide supporting references and details.

    2. Confidentiality — Except as provided herein, a Receiving Entity shall keep in confidence and not copy, disclose, or distribute any Confidential Information any part thereof without the permission of the Submitting Entity, except as otherwise legally required.

    3. Information no longer Confidential – If a Submitting Entity concludes that information for which it had sought confidential treatment no longer qualifies for that treatment, the Submitting Entity shall promptly so notify NERC or the relevant Regional Entity.

## **BASIS FOR RELIEF REQUESTED**

The Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Bankruptcy Rules set forth the requirements to obtain a protective order to file documents under seal. "On motion, or on its own initiative, with or without notice, the court may make any order which justice requires … (3) to protect governmental matters that are made confidential by statute or regulation." Fed. R. Bankr. P. 9018. In addition, Civil Local Rule 79-5(e) for the United States District Court for the Northern District of California permits a party to file under seal documents designated as confidential subject to a protective order. The request for seal must be narrowly tailored to sealable materials. Civil Local Rule 79-5(d).

The proofs of claim that WECC intends to file in this Case contain Confidential Information, Critical Energy Infrastructure Information, and Cyber Security Incident Information

(all as defined in the RoP). As a result, WECC has an obligation under Section 1502 of the RoP to protect that information, and WECC submits that constitutes "cause" to file its proofs of claim under seal in this Case. Moreover, even the amounts of the claims that WECC intends to file are themselves potentially Confidential Information, Critical Energy Infrastructure Information, and Cyber Security Incident Information. The reason for that is that violations asserted by WECC are public information, including the nature of violations asserted and penalty amounts, but the identity of the entity that committed the violation is not made public in order to protect Confidential Information, Critical Energy Infrastructure Information, and Cyber Security Incident Information. If the claim amounts submitted by WECC were made public, they potentially could be used to identify specific violations committed by the Debtor, which would thus reveal Confidential Information, Critical Energy Infrastructure Information, and Cyber Security Incident Information.

Accordingly, WECC respectfully requests the Court's permission to file its proofs of claim against the Debtor, and any amendments thereto, under seal. WECC will provide complete and unredacted copies of its proofs of claim (and any amendments thereto) to the Debtor contemporaneously with their filing. Finally, WECC understands that the Debtor does not object to the relief requested by this Motion.

DATED: October 10, 2019        ZOLKIN TALERICO LLP

By: /s/ Derrick Talerico
    Derrick Talerico
    David B. Zolkin
Attorneys for Western Electricity Coordinating Council