XAVIER BECERRA, SBN 118517
Attorney General of California
MARGARITA PADILLA, SBN 99966
Supervising Deputy Attorney General
JAMES POTTER, SBN 166992
Deputy Attorney General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 879-0815
Fax: (510) 622-2270
Margarita.Padilla@doj.ca.gov
James.Potter@doj.ca.gov

XAVIER BECERRA, SBN 118517
Attorney General of California
DANETTE VALDEZ, SBN 141780
ANNADEL ALMENDRAS, SBN 192064
Supervising Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3367
Fax: (415) 703-5480
Danette.Valdez@doj.ca.gov
Annadel.Almendras@doj.ca.gov

STEVEN H. FELDERSTEIN, SBN 059678
PAUL J. PASCUZZI, SBN 148810
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Fax: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com

Attorneys for California Governor's Office of
Emergency Services and California Department
of Veterans Affairs

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                Debtors.<br>☐   Affects PG&E Corporation<br>☐   Affects Pacific Gas and Electric Company<br>☑   Affects both Debtors | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>Date: October 23, 2019<br>Time: 10:00 a.m. (Pacific Time)<br>Place: 450 Golden Gate Avenue<br>       16th Floor<br>       San Francisco, CA 94102<br>Judge: Honorable Dennis Montali |

**LIMITED OBJECTION OF CALIFORNIA GOVERNOR'S OFFICE OF EMERGENCY SERVICES AND CALIFORNIA DEPARTMENT OF VETERANS AFFAIRS TO DEBTORS' SUBROGATION SETTLEMENT AND RSA MOTION [DOCKET NO. 3992]**

-1-

The California Governor's Office of Emergency Services ("Cal OES") and California Department of Veterans Affairs ("CalVet") hereby file this limited objection and reservation of rights with respect to the *Debtors' Motion Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 for Entry of an Order (I) Authorizing the Debtors to Enter into Restructuring Support Agreement with the Consenting Subrogation Claimholders, (II) Approving the Terms of Settlement with Such Consenting Subrogation Claimholders, Including the Allowed Subrogation Claim Amount, and (III) Granting Related Relief* (Docket No. 3992) (the "Motion") based on the following:

1. The issue Cal OES and CalVet have with the Motion is that the definition of "Subrogation Claims" as set forth in the Settlement Term Sheet[1] is vague in that it could include certain claims of Cal OES and CalVet.

2. Cal OES is responsible for the coordination of overall state agency response to disasters, including wildfires, and assisting local governments with recovery. As part of its mandate, Cal OES pays money to victims of wildfires and has reimbursement claims against the Debtors that could be construed as included in the "contractual, equitable or statutory" rights or "otherwise in connection with payments" language used to define Subrogation Claims.

3. CalVet will assert claims for amounts already paid to veterans for their property losses for the Camp, Butte and Nuns wildfires, which also could be construed as included in the broad definition of Subrogation Claims.

4. Counsel for Cal OES and CalVet has contacted counsel for the Debtors regarding this issue. Debtors' counsel confirmed that the claims of Cal OES or CalVet are not included in the definition of Subrogation Claims and are not part of the Subrogation Claims Settlement. Debtors' Counsel indicated that they will put in the revised proposed order a statement that the defined term Subrogation Claims does not include the claims of any Governmental Unit as defined in Bankruptcy Code section 101(27). Counsel for Cal OES and CalVet has not yet seen the specific proposed language.

///

---

[1] Capitalized terms not otherwise defined shall have the same meaning as the Motion.

5. Pending inclusion of acceptable language in a revised proposed order confirming that the claims of Cal OES or CalVet are not included in the definition of Subrogation Claims and are not part of the Subrogation Claims Settlement, Cal OES and CalVet submit this limited objection to preserve their objection to being so included.

6. Neither this statement nor any subsequent appearance, pleading, proof of claim, claim or suit is intended or shall be deemed or construed as:

    a. consent by Cal OES or CalVet to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Cal OES or CalVet;

    b. waiver of any right of Cal OES or CalVet to (i) have an Article III judge adjudicate in the first instance any case, proceeding, matter or controversy as to which a Bankruptcy Judge may not enter a final order or judgment consistent with Article III of the United States Constitution, (ii) have final orders in non-core matters entered only after *de novo* review by a District Court Judge, (iii) trial by jury in any proceeding so triable in the Chapter 11 Cases or in any case, controversy, or proceeding related to the Chapter 11 Cases, (iv) have the United States District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, (v) any and all rights, claims, actions, defenses, setoffs, recoupments or remedies to which Cal OES or CalVet are or may be entitled under agreements, in law or in equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved hereby, (vi) the requirements for service of process under Federal Rules of Bankruptcy Procedure 7004 and 9014, or (vii) the requirements for service of an objection to claim under Federal Rule of Bankruptcy Procedure 3007, all of which rights, claims, actions, defenses, setoffs, and recoupments Cal OES and CalVet expressly reserve; or

    c. waiver of any objections or defenses that the State of California, Cal OES, CalVet or any other agency, unit or entity of the State of California may have to this Court's jurisdiction over the State of California, Cal OES, CalVet or such other agency, unit or entity

///

///

based upon the Eleventh Amendment to the United States Constitution or related principles of sovereign immunity or otherwise, all of which objections and defenses are hereby reserved.

Dated: October 16, 2019  Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MARGARITA PADILLA
Supervising Deputy Attorney General
MATTHEW C. HEYN
Deputy Attorney General

By: */s/ Paul J. Pascuzzi*
STEVEN H. FELDERSTEIN
PAUL J. PASCUZZI
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
Attorneys for California Governor's Office of Emergency Services and California Department of Veterans Affairs

# PROOF OF SERVICE

I, Sabrina M. Cisneros, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 500 Capitol Mall, Suite 2250, Sacramento, CA 95814. On October 16, 2019, I served the within documents:

**LIMITED OBJECTION OF CALIFORNIA GOVERNOR'S OFFICE OF EMERGENCY SERVICES AND CALIFORNIA DEPARTMENT OF VETERANS AFFAIRS TO DEBTORS' SUBROGATION SETTLEMENT AND RSA MOTION [DOCKET NO. 3992]**

By Electronic Service only via CM/ECF.

*/s/ Sabrina M. Cisneros*
Sabrina M. Cisneros