**EXHIBIT A**

**[PROPOSED] Order**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| Debtors. | **[PROPOSED] ORDER PURSUANT TO 11 U.S.C. §§ 363 AND 105(a) APPROVING TERMS OF EMPLOYMENT FOR NEW CHIEF EXECUTIVE OFFICER AND PRESIDENT OF PACIFIC GAS AND ELECTRIC COMPANY** |
| ☐ Affects PG&E Corporation | |
| ☒ Affects Pacific Gas and Electric Company | |
| ☐ Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

Upon the Motion dated October 1, 2019 [Docket No. 4060] (the "**Motion**")[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 363(b) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order approving the terms of employment for the new Chief Executive Officer and President of the Utility, as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion, Mistry Declaration, Ringlee Declaration, and related pleadings filed with the Court; and the Court having determined that the legal and factual bases set forth in the Motion and related pleadings establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Utility, its estate, creditors, shareholders, and all parties in interest and represents a sound exercise of the Utility's business judgment; and upon the record of the hearing and all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Pursuant to sections 363(b) and 105(a) of the Bankruptcy Code, the terms of employment for Andrew M. Vesey, as CEO and President of the Utility, as set forth in the Motion are approved as modified herein (the "**CEO Compensation Terms**"):

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to them in the Motion.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

a. To the extent required to comply with the executive compensation provisions of Assembly Bill 1054, as it may be amended or supplemented, the Debtors shall modify the CEO Compensation Terms;

b. The Debtors shall provide the advisors of the Creditors Committee with the calculations underlying any proposed grant of 2019 Performance-Based Awards at least seven (7) business days prior to the grant of such 2019 Performance-Based Awards; and

c. A copy of any information provided pursuant to this Order to the advisors of the Creditors Committee shall be provided to the advisors of the Tort Claimants Committee.

3. For the avoidance of doubt, any severance payment due and payable to Mr. Vesey during the pendency of the Chapter 11 Cases shall only be paid in accordance with section 503(c)(2) of the Bankruptcy Code.

4. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

5. Notice of this Motion satisfies the requirements of Bankruptcy Rule 6004(a).

6. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

** END OF ORDER**