**EXHIBIT A**

**PROPOSED ORDER**

Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone: 628.208.6434
Facsimile: 310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
David J. Richardson (SBN 168592)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: drichardson@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION**<br>-and-<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**ORDER GRANTING MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 501 AND FED. R. BANKR. P. 3003(c) FOR ENTRY OF AN ORDER EXTENDING THE BAR DATE** |

Upon the Motion, dated October 18, 2019 (the "**Motion**"),[1] of the Official Committee of Tort Claimants (the "**TCC**"), pursuant to sections 105(a) and 501 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3003(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order extending the bar date; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice needs to be provided; and this Court having reviewed the Motion and the Declarations filed in support of the Motion; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted therein; and it appearing that the relief requested in the Motion is in the best interest of the Debtors' estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted as provided herein.

2. The bar date of October 21, 2019 is extended for fire victims to January 31, 2020.

3. [Alternatively: The bar date of October 21, 2019 is extended for fire victims to December 5, 2019; and this Court will appoint an independent Court-Appointed Expert pursuant to Fed. R. Evid. 706 to investigate the extent to which fire victims have not received notice of the current bar date, erroneously believe they may not file claims in this case, or are physically, mentally or emotionally impaired from filing claims by the current or extended bar date; and extending the bar date past December 5, 2019, up through a maximum extension of January 31, 2020, to the extent the Court determines following receipt of the Court-Appointed Expert's report

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

that there is cause for such a further extension.]

4. This Court will appoint a Fiduciary to educate the fire victims and to assist the fire victims to file claims, to the extent the Fiduciary determines the victims are under physical, mental or emotional circumstances that impair their ability to file claims without assistance.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **