# Exhibit A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable James Donato, Judge

IN RE: PG&E CORPORATION and   )
PACIFIC GAS AND ELECTRIC      )
COMPANY,                      )
                              )
            Debtors.          )   **NO. 19-05257 JD**
                              )
_____)

San Francisco, California
Monday, October 7, 2019

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Creditor Committee Official Committee of Tort Claimants:
              BAKER & HOSTETLER LLP
              Levi's Plaza
              1160 Battery Street East - Suite 100
              San Francisco, California  94111
      **BY:  ROBERT A. JULIAN, ATTORNEY AT LAW**
           **KIMBERLY S. MORRIS, ATTORNEY AT LAW**

              BAKER & HOSTETLER LLP
              11601 Wilshire Boulevard, Suite 1400
              Los Angeles, California  90025-0509
      **BY:  LAUREN ATTARD, ATTORNEY AT LAW**

For Ad Hoc Group of Subrogation Claim Holders :
              WILLKIE, FARR & GALLAGHER LLP
              878 Seventh Avenue
              New York, New York  10019
      **BY:  BENJAMIN P. MCCALLEN, ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

REPORTED BY:  Katherine Powell Sullivan, CSR No. 5812, RMR, CRR
           Official Reporter

```
 1   APPEARANCES:   (CONTINUED)

 2   For Camp Fire Claimants:
                              TOSDAL LAW FIRM
 3                            777 South Highway 101, Suite 215
                              Solana Beach, California  92075
 4                   BY:   THOMAS TOSDAL, ATTORNEY AT LAW

 5   For North Bay Fire Victims:
                              COTCHETT, PITRE & MCCARTHY LLP
 6                            San Francisco Airport Office Center
                              840 Malcolm Road
 7                            Burlingame, California  94010
                     BY:   FRANK M. PITRE, ATTORNEY AT LAW
 8
     For Official Committee of Unsecured Creditors:
 9                            MILBANK
                              55 Hudson Yards
10                            New York, New York  10001
                     BY:   ALAN J. STONE, ATTORNEY AT LAW
11
     For PG&E Shareholders:
12                            JONES DAY
                              555 South Flower Street, 50th Floor
13                            Los Angeles, California  90071
                    BY: JAMES OLIN JOHNSTON, ATTORNEY AT LAW
14
     For Creditor California State Agencies:
15                            FELDERSTEIN, FITZGERALD, WILLOUGHBY
                                PASCUZZI & RIOS LLP
16                            500 Capitol Mall - Suite 2250
                              Sacramento, California  95814
17                   BY:   PAUL J. PASCUZZI, ATTORNEY AT LAW

18   For Creditor Federal Agencies FEMA, Department of Agriculture,
     and Department of Interior:
19                            U.S. DEPARTMENT OF JUSTICE
                              Civil Division
20                            P.O. Box 875
                              Ben Franklin Station
21                            Washington, D.C.  20044
                     BY:   MATTHEW J. TROY, ATTORNEY AT LAW
22
     For Fire Victims:
23                            WALKUP, MELODIA, KELLY & SCHOENBERGER PC
                              650 California Street - 26th Floor
24                            San Francisco, California  94108
                     BY:   KHALDOUN A. BAGHDADI, ATTORNEY AT LAW
25
```

```
 1   APPEARANCES:  (CONTINUED)

 2   Individual Fire Victim Creditors:
                        COREY, LUZAICH, DE GHETALDI, NASTARI &.
 3                       RIDDLE LLP
                        700 El Camino Real
 4                      P.O. Box 669
                        Millbrae, California 94030-0669
 5              BY:  AMANDA L. RIDDLE, ATTORNEY AT LAW

 6   For Creditor Liberty Mutual Insurance, et al.:
                        COZEN O'CONNOR
 7                      601 S. Figueroa Street - Suite 3700
                        Los Angeles, California  90017
 8              BY:  HOWARD D. MAYCON, ATTORNEY AT LAW

 9   For Ad Hoc Committee of Senior Unsecured Noteholders:
                        AKIN, GUMP, STRAUSS, HAUER
10                         & FELD LLP
                        580 California Street
11                      San Francisco, California  94104
                BY:  ASHLEY VINSON CRAWFORD, ATTORNEY AT LAW
12
     For Creditor SLF Fire Victim Claimants:
13                      MARSHACK HAYS LLP
                        870 Roosevelt
14                      Irvine, California  92620
                BY:  RICHARD A. MARSHACK, ATTORNEY AT LAW
15
                        SINGLETON LAW FIRM
16                      450 A Street - 5th Floor
                        San Diego, California  92101
17              BY:  GERALD SINGLETON, ATTORNEY AT LAW

18   For Debtor-in-Possession PG&E Corporation:
                        CRAVATH, SWAINE & MOORE LLP
19                      825 Eigth Avenue
                        New York, New York  10019
20              BY:  KEVIN ORSINI, ATTORNEY AT LAW
                     PAUL H. ZUMBRO, ATTORNEY AT LAW
21
     For Debtor-in-Possession PG&E Corporation:
22                      WEIL, GOTSHAL & MANGES LLP
                        767 Fith Avenue
23                      New York, New York  10153
                BY:  STEPHEN KAROTKIN, ATTORNEY AT LAW
24                   MATTHEW P. GOREN, ATTORNEY AT LAW
                     JESSICA LIOU, ATTORNEY AT LAW
25
```

|   |   |
|---|---|
| 1 | **THE COURT:** So I'll see you back in two weeks.  That |
| 2 | will be the 21st. |
| 3 | All right.  Now let's turn to case management.  I think |
| 4 | this is a lot easier, in my view.  Maybe it needs to be |
| 5 | revised, but I just want you to pick some dates.  All right? |
| 6 | By the way, so the bar date is October 21st? |
| 7 | **MR. JULIAN:** Yes. |
| 8 | **THE COURT:** Now, if you don't submit a claim you are |
| 9 | out of the estimation, and there's no placeholder for -- you |
| 10 | know, like in asbestos claims, people get cancer ten years |
| 11 | after they're exposed to a toxin.  And that's true for fires as |
| 12 | well.  There's no provision for that in the estimation? |
| 13 | **MR. JULIAN:** There are four answers to that.  The easy |
| 14 | one is it's a firm bar date.  Judge Montali has said that.  He |
| 15 | has also said there's a little standard for filing late claims. |
| 16 | Some of the plaintiffs' lawyers, who believe the Camp Fire |
| 17 | victims suffering from PTSD have not been able to come forward |
| 18 | because they're paralyzed, are planning a motion to extend the |
| 19 | bar date. |
| 20 | And last, but not least, Elizabeth Cabraser, Lieff, |
| 21 | Cabraser, has announced her intention to file a motion for a |
| 22 | class, which could be a placeholder.  I have no position on |
| 23 | that until I see the actual evidence and the documents.  I'm |
| 24 | just informing you of what's out there. |
| 25 | **THE COURT:** All right.  So I'm just concerned about |

the after -- I'll call it after-arising claims.  And there's no answer.

**MR. ORSINI:**  Well, there were four.

**THE COURT:**  There's no concrete answer.

**MR. ORSINI:**  Well, the concrete bankruptcy answer is the bar date is the bar date is the bar date; right?  I think the types of --

**THE COURT:**  That's not true.  I read this in the asbestos cases where --

**MR. ORSINI:**  But in the asbestos cases, the difference there is you often had future manifestation of disease claims.  People who had been exposed to asbestos had not yet developed mesothelioma, for example.

**THE COURT:**  Yes.

**MR. ORSINI:**  And in that scenario, what the courts would typically do, the bankruptcy courts would appoint a future claims representative to address exactly those type of latent claims that could arise in the future.

No such future claims representative has been appointed in these bankruptcies.  There's no suggestion or motion by anyone that there should be.  So I think -- I think Your Honor's right that that's what happened there.

I think it's slightly -- well, not slightly.  It's a different context.  I think the bigger question here is and what Mr. Julian just raised is different.  Someone who's

already suffered the injury and the injury has already manifested itself, they lost the house, they've suffered the emotional distress, but they don't submit a claim by October 21st, what does that mean in terms of the total universe of claims?

I think a lot of that's going to be answered by Judge Montali in the next couple weeks based on the motions that are being described in his court, that Mr. Julian just referenced.

**THE COURT:** Well, I have seen informally, in the wake of the 9/11 incidents, late-arising cancer claims from the inhalation of toxic materials. And seems to me that, given where there's smoke there's always that possibility, it may not manifest itself until after October 21st.

All I'm asking is, do I need to account for that in the estimation? That's all that I'm asking.

**MR. JULIAN:** And my answer is, I can give you an answer after October 21. I need to see the bar date and need to see the evidence and the motions that people have said they are brining in front of Judge Montali. And he has said if you're going to do that, you better do it soon.

**THE COURT:** All right. So you want to do it after the bar date.

**MR. JULIAN:** I want to hear the folks out and I want to see what the claims filing rate is.

**MR. ORSINI:** I think that's sensible, Your Honor.

Case: 19-30088   Doc# 4297-1   Filed: 10/18/19   Entered: 10/18/19 15:22:36   Page 7 of 8

1  **THE COURT:** That will actually be an interesting --
2  it's all interesting, but I think that one would be
3  particularly interesting.
4  Okay. All right. Now, so let's just get back and do -- I
5  want you to do a schedule. I know you can do it. I have
6  confidence in your ability to do it.
7  Do a traditional District Court schedule. All right? So
8  do the simultaneous exchange of expert reports. If you two
9  negotiate some streamlined report form, I'm fine with that. If
10 you don't, we're going to do it the old way. You're just going
11 to do full report. All right?
12 But you two work that out. Just simultaneous exchange.
13 Do your simultaneous rebuttals, whatever you want, three weeks,
14 four weeks. After that, you set a period for expert
15 deposition.
16 I want you to propose a fact discovery cutoff date and
17 then propose -- let's see, given a February 18th, 2020, hearing
18 start, just schedule exchange of witness lists and do an
19 exhibit list and do the things you would typically do for a
20 United States District Court trial. Okay?
21 And get that to me. What is -- today is Monday. Can you
22 get that to me by Wednesday? Get me a proposed schedule by
23 Wednesday. I'll do it if you can't do it. You won't be happy.
24 **MR. JULIAN:** I understand, Your Honor.
25 **THE COURT:** Make yourself happy. Otherwise, I'll just