# Exhibit B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>    -and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Debtors. | Case No. 3:19-cv-05257-JD<br><br>**ORDER NO. 1 RE ESTIMATION PROCEEDINGS** |

In light of the speed and complexity of the estimation proceedings, which are part of the Chapter 11 reorganization of PG&E Corporation and Pacific Gas and Electric Company (together "PG&E"), the Court will file orders addressing substantive and procedural issues as they arise. This is the initial order. Additional orders will likely follow upcoming status conferences, the next of which is set for October 21, 2019, at 2:00 p.m. To keep this case moving forward efficiently, the Court will hold a status conference every two weeks pending further order.

## BACKGROUND

PG&E filed for bankruptcy after a series of devastating Northern California wildfires in 2017 and 2018. These fires took over 100 lives, destroyed thousands of homes and burned millions of acres of land. Thousands of victims have filed and are continuing to file actions in California state courts to pursue billions of dollars of claims against PG&E for wrongful death, personal injuries and property losses.

The timeline for resolving this sprawling bankruptcy case is unusually tight. That is because California enacted AB 1054 in July 2019 as an "urgency bill" to immediately establish

mitigation measures for wildfires.  A key provision of AB 1054 creates funds to ensure utilities like PG&E will be able to cover potentially massive liabilities to victims of future wildfires caused by utility equipment or practices.  To participate in the fund, PG&E must complete its bankruptcy restructuring by June 30, 2020.  This deadline is effectively around the corner, which means this matter must be handled expeditiously.

The federal bankruptcy code anticipated circumstances like these that demand prompt resolution.  Section 502(c) of the code permits an estimation of the value of unliquidated or contingent creditor claims, such as those by the fire victims here, when a precise determination through the normal course of litigation and trial would "unduly delay the administration of the case."  11 U.S.C. § 502(c)(1).  The Court granted a limited withdrawal of the bankruptcy reference to undertake these estimation proceedings.  *See* Dkt. Nos. 1, 2.

Congress did not impose any specific procedural requirements under Section 502(c)(1), and the Court has "broad discretion" over the methods to be used for the estimation and the determination of the value of the claims.  *In re Corey*, 892 F.2d 829, 834 (9th Cir. 1989).  At the status conferences with the parties, the Court has emphasized that the task here is to reasonably estimate PG&E's probable liability to the victims of the Northern California wildfires, as quickly as possible within the bounds of due process.

## PROCEDURES

### I.     HEARING DATE

The estimation hearing is set for February 18, 2020.  The Court has reserved two weeks for the hearing, with the possibility of an additional week if warranted.

### II.    PARTICIPANTS

The Official Committee of Tort Claimants ("TCC") and PG&E will be the lead participants in the estimation proceedings.  PG&E and the Ad Hoc Group of Subrogation Claim Holders have advised that they have reached a settlement, pending approval by the bankruptcy court, and so this ad hoc group probably will not be participating here.  The Official Committee of Unsecured Creditors and the PG&E Shareholders group have agreed that their interests are aligned with PG&E.  The Ad Hoc Committee of Senior Unsecured Noteholders indicated they were

aligned with the TCC.  If circumstances change, these groups may ask for a different role in the hearing, but the working proposition is that PG&E and the TCC will be the lead parties.

A number of attorneys and law firms are present as representatives of the fire victims.  These attorneys have expressed a willingness to work with the TCC during the estimation.  They may advise the Court by December 9, 2019, if good cause exists for an expanded role at the hearing.

### III.     ISSUES

The Court and the parties have reached a number of preliminary agreements about the subject matter of the hearing.  This section summarizes the agreements, with the understanding that further discussions will finetune the specifics.

PG&E has conceded that its equipment caused the fires at issue in this case, but denies legal liability for negligence and for some strict liability claims.  It is not consistent with the plain language of Section 502(c)(1), or feasible in light of the AB 1054 deadline, to conduct a dozen or more mini-trials on negligence and other claims for each fire.  Consequently, the Court proposed to factor in the uncertainty of the liability disputes by directing the parties to assess the probability that the claimants would be successful at trial.  *See In re Pac. Gas & Elec. Co.*, 295 B.R. 635, 642 (Bankr. N.D. Cal. 2003).  In effect, the parties would discount an ultimate liability figure by a percentage reflecting litigation risks at trial, which is essentially how most class action cases are settled.  The parties will meet and confer on this approach, and report back to the Court at the next status conference.

With respect to potential damages, the parties agreed that the Court will estimate losses for property; personal injury, including emotional distress and mental and physical health impairments; wrongful death; and punitive damages.  The Court raised the possibility of injuries manifesting after the claim bar deadline set by the bankruptcy court, and whether the estimation should account for those contingencies.  The parties should be prepared to discuss this issue at the next conference.

### IV. HEARING TESTIMONY

Expert witnesses should be presented in live testimony at the hearing. The Court declines to accept unlimited written expert testimony submissions by any party. PG&E and the TCC may submit one expert witness by written testimony if that is required for good cause, such as the expert is not reasonably available to appear at the hearing. Written expert testimony will be limited to no more than 35 pages per submission. Expert reports should comply with Rule 26 of the Federal Rules of Civil Procedure. Initial and rebuttal disclosures will be exchanged simultaneously.

The Court believes it is crucial at the hearing to hear directly from the victims and PG&E personnel about the fires and their consequences. The lead parties should make sure to accommodate this necessity with a reasonable number of representative witnesses. The Court is also open to the presentation of videos or other media about the fires.

**IT IS SO ORDERED.**

Dated: October 9, 2019

JAMES DONATO
United States District Judge