Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone:    628.208.6434
Facsimile:    310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
David J. Richardson (SBN 168592)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone:    310.820.8800
Facsimile:    310.820.8859
Email: esagerman@bakerlaw.com
Email: drichardson@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel to the Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION** <br><br>         -and- <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br>                                              **Debtors.** <br><br> ☐ Affects PG&E Corporation <br><br> ☐ Affects Pacific Gas and Electric Company <br><br> ■ Affects both Debtors <br><br> *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br> (Lead Case) <br> (Jointly Administered) <br><br> **DECLARATION OF RICHARD BARTON IN SUPPORT OF MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. §§ 105(a) AND 501 AND FED. R. BANKR. P. 3003(c) FOR ENTRY OF AN ORDER EXTENDING THE BAR DATE** <br><br> Date:     November 13, 2019 <br> Time:    9:30 a.m. (Pacific Time) <br> Place:    United States Bankruptcy Court <br>              Courtroom 17, 16th Floor <br>              San Francisco, CA  94102 <br> Objection Deadline:  November 6, 2019 |

Steven J. Skikos (SBN 148110)
Gregory T. Skikos (SBN 176531)
Matthew J. Skikos (SBN 269765)
**SKIKOS, CRAWFORD, SKIKOS & JOSEPH**
One Sansome Street, Suite 2830
San Francisco, CA 94104
Telephone: 415-546-7300
Facsimile: 415-546-7301
sskikos@skikos.com
gskikos@skikos.com
mskikos@skikos.com

*Attorneys for Declarant*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>   -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>            **Debtors.** | Bankr. Case No. 19-30088-DM<br><br>**DECLARATION OF RICHARD BARTON IN SUPPORT OF MOTION TO EXTEND CLAIMS BAR DATE**<br><br>Date:  TBD<br>Time: TBD<br>Place: United States Bankruptcy Court<br>         Courtroom 17, 16th Floor<br>         San Francisco, CA  94102 |

I, Richard Barton, declare as follows:

1. I am over the age of 18. I have personal knowledge of the facts contained in this declaration, and if called as a witness, I could and would testify competently thereto. I worked in law enforcement for 24 years.

2. I was a first responder paramedic prior to being in law enforcement.  I worked as a

1

D.A. investigator in Butte County. I now run advanced classes for peace officers throughout the state on child abuse investigation and adult sexual assault investigations.

3. I owned my home on Berkshire Way in Paradise, California. I had lived in Paradise for 15 years before the fire destroyed our town. My home was completely burned by the Camp Fire that occurred on November 8, 2018. On the morning of the fire, I was out of the area. I was running a child abuse investigation class in Carmel, California. In addition to my home, I lost all my belongings, my cat, and my community. I had an extensive collection of model railroads.

4. I'm writing this declaration not for myself. I have an attorney. I'm writing this for others who do not have the same access to trusted information or the same experiences that I have had.

5. My lot was approximately 1/2 acres of forested land. After the fire, PG&E had a logging company enter my property without authorization. The company removed a significant percentage of the trees on my land. I did not approve this, and the company did not call me until after the trees had been logged. The company did send me an email. I went to my property and the lot had already been already cleared. Some trees on my property were probably dead from the fire, but others were alive, including my 200-year-old pine. Many of the trees the logging company took were not near the utility line and were healthy. I don't understand why they couldn't work with me on this. I don't understand why PG&E's company would log my healthy trees without my permission and further devastate my lot unless PG&E wanted to discourage me from rebuilding.

6. In my communication with my insurance company, my adjusters never disclosed that it was trying to recover money from PG&E for the payments it was making to fire survivors. My adjusters never told me they were settling with PG&E.

2

7. My property has now been cleaned and certified by the county. However, most of the trees are gone. The properties around me haven't been cleaned.

8. One of the problems with notice from PG&E is that PG&E is not trusted. I do not recall receiving a notice about the bankruptcy from PG&E in the mail. However, I do remember when the San Bruno explosion took place and, as a first responder, I thought about the first responders there and the hazards they faced. I remember PG&E's apology ads and how PG&E said that they were going to change and prioritize safety inspections of gas lines. Reading the papers later, I learned about PG&E executives getting bonuses and raises. PG&E didn't learn after San Bruno, or after the other fires. Why would anything from them be trusted now? People need information from a trusted source.

9. None of the fire victims should be precluded from recovering for their losses, but they need more time to learn the facts about this bankruptcy and to be given a fair opportunity to participate in the process.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 6th day of October, 2019 in Chico, California.

_____
Richard Barton