| | |
|---|---|
| 1 | Robert A. Julian (SBN 88469) |
| | Cecily A. Dumas (SBN 111449) |
| 2 | BAKER & HOSTETLER LLP |
| | 1160 Battery Street, Suite 100 |
| 3 | San Francisco, CA 94111 |
| | Telephone: 628.208.6434 |
| 4 | Facsimile: 310.820.8859 |
| | Email: rjulian@bakerlaw.com |
| 5 | Email: cdumas@bakerlaw.com |
| 6 | Eric E. Sagerman (SBN 155496) |
| | David J. Richardson (SBN 168592) |
| 7 | Lauren T. Attard (SBN 320898) |
| | BAKER & HOSTETLER LLP |
| 8 | 11601 Wilshire Blvd., Suite 1400 |
| | Los Angeles, CA 90025-0509 |
| 9 | Telephone: 310.820.8800 |
| | Facsimile: 310.820.8859 |
| 10 | Email: esagerman@bakerlaw.com |
| | Email: drichardson@bakerlaw.com |
| 11 | Email: lattard@bakerlaw.com |

*Counsel to the Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| -and- | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| Debtors. | **DECLARATION OF NATHANIEL BROWN IN SUPPORT OF MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. §§ 105(a) AND 501 AND FED. R. BANKR. P. 3003(c) FOR ENTRY OF AN ORDER EXTENDING THE BAR DATE** |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ■ Affects both Debtors | |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Date: November 13, 2019 |
| | Time: 9:30 a.m. (Pacific Time) |
| | Place: United States Bankruptcy Court |
| | Courtroom 17, 16th Floor |
| | San Francisco, CA 94102 |
| | Objection Deadline: November 6, 2019 |

Steven J. Skikos (SBN 148110)
Gregory T. Skikos (SBN 176531)
Matthew J. Skikos (SBN 269765)
**SKIKOS, CRAWFORD, SKIKOS & JOSEPH**
One Sansome Street, Suite 2830
San Francisco, CA 94104
Telephone: 415-546-7300
Facsimile: 415-546-7301
sskikos@skikos.com
gskikos@skikos.com
mskikos@skikos.com

*Attorneys for Declarant*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankr. Case No. 19-30088-DM |
| **PG&E CORPORATION** | **DECLARATION OF NATHANIEL BROWN IN SUPPORT OF MOTION TO EXTEND CLAIMS BAR DATE** |
| -and- | |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | Date: TBD<br>Time: TBD<br>Place: United States Bankruptcy Court |
| **Debtors.** | Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

I, Nathaniel Brown, declare as follows:

1. I am over 18 years of age. I have personal knowledge of the facts contained in this declaration, and if called as a witness, I could and would testify competently thereto.

2. My family and I rented a home on Dana Circle in Magalia, California, north of Paradise. I am a volunteer fire fighter and sheriff's deputy. I have been working with

the developmentally handicapped since August of 2017.

3. On the morning of the fire, my wife Sara was at work. I waited for her at home with our two boys, ages 6 and 9, so we could evacuate together as a family. Once she got home, she and I took our younger son in one car, and Sara's mother took our older son in another car.

4. Before long we got separated. Our car was about eight cars back from my mother-in-law's and they got through before the fire closed around us.

5. My wife and I got trapped in the parking lot of Optimo restaurant. One of the deputies recognized me and asked me to help. He had me put on my sheriff's uniform. I helped with emergency response and crowd control during the fire. There were flames all around us. We saw dead bodies when we left the parking lot. We thought we were going to die. My wife has also been a firefighter for 15 years. She tried to keep people calm in the parking lot while the fire was burning around us.

6. But worse than anything, I was separated from my younger son and mother-in-law for 10 hours. I thought the fire got my son. Even though I am a volunteer firefighter and tried to keep calm, it is difficult to put into words the experience of believing that my child could be dead somewhere out there in the fire.

7. Our home was partially damaged in the Camp Fire that occurred on November 8, 2018. Our home was not burned, but the fire burned close to our house. After the fire, our family was displaced for several months before being able to our home in Magalia.

8. A lot of people have left. Most people who had lived below us on the hill have left the area. My wife kept contact with people who were in the parking lot. Some people moved away because they couldn't afford to stay. Many people didn't know if their properties were salvageable.

9. Up until the fire, my wife and I were both employed at California Vocations in Paradise, a facility for adults with developmental disabilities. The facility was

destroyed in the fire. We were offered replacement positions, but the commute would be several hours each day, and the pay would not make up for the cost in gas. It would have also been impossible for us to care for our children at the same time.

10. Today, my wife and I are both still out of full-time work. We did not have insurance. Our car has been repossessed. Our family is suffering from the emotional effects of the fire and struggling to stay on our feet. We are struggling to keep up and our commute is long.

11. I heard something about PG&E; that they might be filing for bankruptcy or that they were talking about it. Later, someone told me that PG&E is trying to get out of this and not pay anyone by filing for bankruptcy. I do not recall receiving a notice from PG&E that we could file a claim in the bankruptcy court and recover money for our losses. I don't know many people who know about the bankruptcy or the claims date.

12. You would think that after what we went through, PG&E would have a team calling the fire victims to assist them get their claims on file. Instead, PG&E filed for bankruptcy and we thought that was the end for all of us. No one ever told us differently. I didn't know about my ability to file a claim or the deadline until the last week of August. I found out that I needed to file a claim from my brother in law, not from PG&E.

13. PG&E should be doing more to tell people the truth that there is actually money to pay claims. I don't think my wife and I are alone. I think about all the people who left Magalia and what they don't know. Instead, PG&E is standing by waiting for the clock to run out on us survivors.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 6th day of October, 2019 in Magalia, California.

_____
Nathaniel Brown