Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone: 628.208.6434
Facsimile: 310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
David J. Richardson (SBN 168592)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: drichardson@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel to the Official Committee of Tort Claimants*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**DECLARATION OF MARY GARDNER IN SUPPORT MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. §§ 105(a) AND 501 AND FED. R. BANKR. P. 3003(c) FOR ENTRY OF AN ORDER EXTENDING THE BAR DATE**<br><br>Date: November 13, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br>Objection Deadline: November 6, 2019 |

Steven J. Skikos (SBN 148110)
Gregory T. Skikos (SBN 176531)
Matthew J. Skikos (SBN 269765)
**SKIKOS, CRAWFORD, SKIKOS & JOSEPH**
One Sansome Street, Suite 2830
San Francisco, CA 94104
Telephone: 415-546-7300
Facsimile: 415-546-7301
sskikos@skikos.com
gskikos@skikos.com
mskikos@skikos.com

*Attorneys for Declarant*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>   -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtors.** | Bankr. Case No. 19-30088-DM<br><br>**DECLARATION OF MARY GARDNER IN SUPPORT OF MOTION TO EXTEND CLAIMS BAR DATE**<br><br>Date:  TBD<br>Time:  TBD<br>Place: United States Bankruptcy Court<br>         Courtroom 17, 16th Floor<br>         San Francisco, CA  94102 |

I, Mary Gardner, declare as follows:

1. I am 67 years of age. I have personal knowledge of the facts contained in this declaration, and if called as a witness, I could and would testify competently thereto.

2. I owned two rental properties on Ponderosa Way in Magalia, California. Both of my properties were destroyed by the Camp Fire that occurred on November 8, 2018. I

1

1. owned these homes in Magalia for approximately 10 years before the fire.

3. I rented one of my homes to my son and his wife. They have three disabled children. The other home was rented to a good tenant. I was worried crazy about my son and daughter-in-law and their children. Their kids are disabled. One is in a wheelchair. I was helpless and I couldn't get to them. It took them over five hours to get down the hill. We lost contact many times.

4. As a result of the fire, I lost my properties and income and my daughter, and her family, lost their home and belongings.

5. Shortly after the fire, PG&E had someone contact me about its "wood and debris removal program." I told them that I did not authorize the company or any of its subcontractors to enter my property, and that I did not want any living trees removed from my property. I wanted to preserve what I could without having further fire danger.

6. To my astonishment and despite my specific instructions, PG&E and/or its subcontractor still entered my property, felled and removed my trees, and absolutely devastated my property. They took down a living cherry tree that was not near any power lines. Many of the other trees were healthy and not located near any utility lines or equipment. I cannot understand why PG&E did not work with me first, obtain my consent, and did this to my property after the damage already caused by the fire.

7. I do not know what PG&E and/or its subcontractors did with wood from the living trees after they were felled.

8. During the communications regarding my trees, neither PG&E nor its subcontractor informed me of the pending bankruptcy case or that I was entitled to pursue compensation for my losses. I do not recall receiving any other notice in the mail about the bankruptcy or the claims process. If I did, I didn't notice it and it could have easily gotten lost in junk mail or advertisements.

9. My losses were more than the payment I received from my insurance company. My son's house had been totally remodeled and it was in good shape. It was a "total

2

loss". In my discussions with the insurers for my property, they did not tell me that I could try to recover from PG&E for the difference or that they were trying to fully recover against PG&E all payments made to me for losses I also sustained in the fire.

10. The loss of the rental income did cause me difficulties.

11. My daughter-in-law found attorneys on the internet. We also watch the news.

12. I submit this declaration because I believe people should be given better information about their rights than a form letter, if it was even sent to them. People need to know their rights before they have to decide whether they should make a claim.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this <u>6th</u> day of October, 2019 in <u>Chico, California.</u>

_____
Mary Gardner

3