# EXHIBIT 1

1   HOLLAND & KNIGHT LLP
    Nicholas B. Melzer (246356)
2   400 South Hope Street, 8th Floor
    Los Angeles, CA  90071
3   Telephone:  213.896.2400
    Fax:  213.896.2450
4   E-mail: nicholas.melzer@hklaw.com

5
    Attorneys for Plaintiff
6   TIGER NATURAL GAS, INC.

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10  TIGER NATURAL GAS, INC.,              )  **Case No.: 3:16-cv-6711**
                                          )
11              Plaintiff,                )  **COMPLAINT FOR:**
                                          )
12       vs.                              )  **1. Violation of RICO, 18 U.S.C. § 1961-**
                                          )     **1968**
13                                        )
    PACIFIC GAS AND ELECTRIC              )  **2. Respondeat Superior/Agency**
14  COMPANY, a California corporation;    )  **3. Violation of Sherman Act, 15 U.S.C. § 2;**
    ALBERT TORRES, an individual; BILL    )  **4. Breach of fiduciary duty**
15  CHEN, an individual; TANISHA ROBINSON,)  **5. Intentional misrepresentation;**
    an individual,                        )  **6. Negligent misrepresentation;**
16                                        )  **7. Intentional interference with contract;**
17              Defendants.               )  **8. Intentional interference with prospective**
                                          )     **business advantage; and**
18                                        )  **9. Violation of California Unfair**
                                          )     **Competition Law, Cal. Bus. & Prof.**
19                                        )     **Code § 17200, et seq.**
                                          )
20                                        )
                                          )  **DEMAND FOR JURY TRIAL**
21  _____)

22

23      Plaintiff Tiger Natural Gas, Inc. ("Tiger" or "Plaintiff") files this Complaint against

24  Defendants Pacific Gas and Electric Company ("PG&E"), Albert Torres, Bill Chen, and Tanisha

25  Robinson for: (1) Violation of RICO, 18 U.S.C. § 1961-1968; (2) Respondeat Superior/Agency; (3)

26  Violation of the Sherman Act § 2, 15 U.S.C. § 2; (4) Breach of fiduciary duty; (5) Intentional

27  misrepresentation; (6) Negligent misrepresentation; (7) Intentional interference with contract; (8)

28  Intentional interference with prospective business advantage; and (9) Violation of the California

HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400

COMPLAINT                                                              CASE NO.:

1   Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. In support of these claims, Tiger

2   respectfully makes the following allegations.

3                                    **NATURE OF CASE**

4          1.      This case seeks to remedy PG&E's fraudulent, deceptive, and monopolistic practices

5   in California's deregulated retail natural gas market.

6          2.      PG&E is the traditional public utility in Northern California. PG&E currently holds

7   between 70-90% of the natural gas commodity market. Tiger is a certified "Core Transport Agent,"

8   or "CTA," which is a competitive provider of natural gas in California. Tiger operates in PG&E's

9   service area.

10         3.      PG&E and Tiger compete to supply natural gas to the same residents and small

11  businesses. Unless the customer affirmatively chooses a different CTA, the customer returns to

12  PG&E by default at the severance of Tiger's contract with the customer.

13         4.      Tiger has chosen consolidated billing and collections, available as a matter of right

14  to CTAs under PG&E's tariffs. Under this option, PG&E sends one bill to the customer reflecting

15  both its charges and Tiger's charges; PG&E is responsible for collecting payments and distributing

16  that money to Tiger. PG&E acts as Tiger's agent for these important business functions.

17         5.      PG&E has willfully and knowingly manipulated its agency position and engaged in

18  improper and unlawful billing, collection, and payment practices under which PG&E uses its

19  position as Tiger's billing and collections agent to effectively misappropriate money from Tiger,

20  defraud Tiger and its customers, and unfairly compete with Tiger for core natural gas customers.

21         6.      For example, PG&E receives payments from Tiger customers and "holds" that

22  money in a PG&E account instead of paying it to Tiger for its commodity charges.

23         7.      Similarly, PG&E applies credits from its own services or programs, such as rebates

24  or credits for the use of solar panels, to Tiger's commodity gas charges. In this way, PG&E

25  effectively misappropriates Tiger's customer charges to offset the money that PG&E owes to

26  customers.

27         8.      PG&E also inappropriately "reverses" customer charges. A "reversal" should occur

28  only where PG&E permanently terminates service to a customer, either because of non-payment or

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400

- 2 -

COMPLAINT                                                              CASE NO.:

1   because the customer terminates PG&E service altogether. Put in perspective of the billing

2   relationship, a reversal signals to Tiger that PG&E has not and cannot collect on any part of the

3   customer's unpaid balances.

4        9.    PG&E, however, is reversing Tiger customer accounts for which PG&E has in fact

5   received payment. Instead of applying those charges to the Tiger customer account balance, PG&E

6   is crediting those amounts to its own electric or gas transportation accounts, and then inexplicably

7   reversing the amounts owed to Tiger. PG&E similarly reverses accounts and then deceptively

8   retains the customer.

9        10.    These actions cause Tiger substantial harm, both with respect to the amounts

10   withheld and with respect to its relationships with its customers. Tiger has lost countless customers

11   who were annoyed or upset at Tiger's collection efforts on fully paid accounts that PG&E falsely

12   informed Tiger were in arrears.

13        11.    Further, Tiger has disconnected or cancelled hundreds of customer accounts for non-

14   payment based on PG&E's false representations made over the wires in interstate commerce to

15   Tiger that the Tiger customers had not paid their bill for Tiger's charges.

16        12.    PG&E has also used its fiduciary position as Tiger's billing and collections agent to

17   engage in unlawful competition with Tiger by, among other things, inaccurately informing Tiger's

18   customers that they need not pay for Tiger's services and by using its position as Tiger's billings

19   and collections agent to improperly induce Tiger's customers to switch their service to PG&E.

20        13.    PG&E's abuse of its fiduciary relationship with Tiger as well as its abuse of its

21   market power as a regulated monopoly is knowingly calculated to drive away as many customers

22   from Tiger as possible back to PG&E; these actions are done with the specific intent to destroy

23   competition in the retail natural gas commodity market in PG&E's service area.

24        14.    PG&E's actions hurt both consumers and competition in California, increasing

25   commodity gas prices in California.

26        **THE PARTIES**

27        15.    Tiger Natural Gas, Inc. is a privately-owned provider of retail natural gas to end-user

28   residential and commercial customers throughout the United States. Tiger is headquartered at 1422

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400

- 3 -

Case: 19-30088   Doc# 4322-3   Filed: 10/18/19   Entered: 10/18/19 18:29:08   Page 4
of 75

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400

1    East 71st Street, Suite J, Tulsa, Oklahoma 74136.

2         16.    Defendant PG&E is a California corporation with its principal place of business

3    located at 77 Beale Street, San Francisco, California 94105. PG&E is a subsidiary of PG&E

4    Corporation and is one of the largest regulated investor-owned electric utilities in California. On its

5    website (http://www.pge.com), PG&E represents that its service area extends from Eureka in the

6    north to Bakersfield in the south, and from the Pacific Ocean to the Sierra Nevada. It operates

7    141,215 circuit miles of electric distribution lines and 18,616 circuit miles of interconnected

8    transmission lines throughout this area. According to its website, PG&E maintains 4.3 million

9    natural gas customer accounts.

10        17.    PG&E is a regulated monopoly utility within its service area. It is regulated by the

11   California Public Utility Commission ("CPUC").

12        18.    Defendant Albert Torres is the Vice President of Customer Operations at PG&E and

13   manages, *inter alia*, PG&E's billing, payment processing, and credit activities for its customers.

14   Defendant Bill Chen works at PG&E as its ESP Services Manager and manages PG&E's

15   relationships with CTAs (as well as PG&E's relationship with competitive electricity providers).

16   Defendant Tanisha Robinson works at PG&E as its Supervisor for EDI Operations and ESP Billing.

17   Ms. Robinson manages Optional Consolidated PG&E Billing and the process by which EDI files

18   (described below) are transmitted to Tiger.

19                              **JURISDICTION & VENUE**

20        19.    This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this

21   action arises out of PG&E's violations of the laws of the United States. This Court has

22   supplemental jurisdiction over Tiger's claims based on California law under 28 U.S.C. § 1367. In

23   addition, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are

24   citizens of different states and the matter in controversy exceeds $75,000 exclusive of interest and

25   costs.

26        20.    This Court has personal jurisdiction over PG&E because PG&E resides in this State,

27   does business in this State, has engaged in acts or omissions within this State causing injury, and

28   has otherwise established contacts with this State making the exercise of personal jurisdiction

COMPLAINT                                                                              - 4 -

CASE NO.:

1    proper.

2        21.    Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) & (2) because PG&E

3    resides in this District, and a substantial part of the events or omissions giving rise to the action

4    occurred in this District.

5                              **INTRADISTRICT ASSIGNMENT**

6        22.    Pursuant to Civil L-R 3.2(c), intradistrict assignment in San Francisco is proper

7    because the unlawful conduct that gives rise to these claims occurred in the City and County of San

8    Francisco.

9                                **GENERAL ALLEGATIONS**

10       23.    PG&E has been the regulated monopoly utility in Northern California since 1905. It

11   traditionally provided both electricity and natural gas to all end users—both residential and

12   commercial—in its service area. As a monopoly utility, PG&E is regulated by the CPUC. Through

13   the use of a pre-approved formula, the CPUC regulates the rates that PG&E may charge for the

14   energy it provides, including the price it may charge for the commodity of natural gas.

15       24.    According to its website, PG&E has approximately 4.3 million natural gas customer

16   accounts in its service area.

17       25.    In 1991, the state legislature partially deregulated the natural-gas utility industry in

18   California.

19       26.    In connection with this deregulation, the CPUC established a pilot aggregation

20   program which offered residential and small commercial gas customers, called "core" customers,

21   the opportunity to aggregate their gas loads so that they could participate in competitive gas markets

22   and thereby obtain a lower price for natural gas. Because of this program, California residents are

23   free to purchase their commodity gas from either PG&E or from certain private providers, called

24   "Core Transport Agents," or CTAs.

25       27.    The stated purpose of the CTA program is to "lower[] CTA customer prices and

26   enabl[e] [CTAs] to better compete with utilities and weaken monopolies." (*See*

27   http://www.cpuc.ca.gov/General.aspx?id=4803.) CTAs such as Tiger provide much-needed and

28   consumer-driven alternatives to the utility model, such as gas commodity fixed pricing, unlimited

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400

- 5 -

Case: 19-30088    Doc# 4322-3    Filed: 10/18/19    Entered: 10/18/19 18:29:08    Page 6
of 75

1   usage billing, winter fixed rates and guaranteed lower summer rates that the utility model—PG&E's
2   model in particular—simply cannot provide.

3       28.    Although California core gas customers may purchase their natural gas from a non-
4   monopoly CTA, the regulated monopoly utilities, including PG&E, continue to provide natural gas
5   utility service to these customers.

6       29.    Accordingly, the CTAs compete with PG&E for natural gas core customers.

7       30.    A proposed CTA must fulfill exacting standards to operate in California, completing
8   an extensive application, submitting the fingerprints of its executives, establishing its
9   creditworthiness and, ultimately, posting a security bond. Accordingly, the regulatory process itself
10  creates barriers to entry in addition to typical business needs such as capitalization and market
11  expertise.

12      31.    CTAs purchase natural gas on the open market and sell the gas directly to end users
13  using PG&E's distribution system. When an end user purchases gas from a CTA instead of PG&E,
14  the utility charges a separate "transportation" charge to the customer. In addition, PG&E typically
15  charges customers for electricity on the same bill.

16      32.    The natural gas supplied by the CTAs is fungible in chemical composition and
17  function, completely interchangeable with that supplied by PG&E; both may be used by core
18  customers to heat homes and businesses and other such uses.

19      33.    As another aspect of deregulation, CTAs may elect, as a matter of right, to have their
20  billing consolidated with PG&E's; i.e., both the CTA's and PG&E's charges appear on one
21  statement and the customer pays both with one check (or other method) to PG&E.

22      34.    Specifically, under PG&E's relevant tariffs, known as its "Gas Rules," CTAs have
23  the right to participate in a billing and payment program called "Optional Consolidated PG&E
24  Billing." If the CTA chooses this billing option, PG&E must calculate the CTA's charges based on
25  the customer's gas usage and apply the proprietary and confidential rate provided by the CTA to
26  PG&E once a month. Under Consolidated PG&E Billing, PG&E "assumes responsibility for the
27  accuracy of the calculation of CTA's charges," but not for the accuracy of the CTA's rate per therm
28  of natural gas provided. Gas Rule No. 23.C.1.c(1)(b)(iv).

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400

- 6 -

COMPLAINT                                    CASE NO.:

35.     PG&E operates Consolidated Billing as a unit separate from its primary business activities. Tanisha Robinson, for example, supervises two employees whose responsibility includes little else beyond sending the electronic files referenced in Paragraphs 54, 66, and 76 and otherwise maintaining the Consolidated Billing structure imposed by Gas Rule 23. William Chen similarly devotes all of his work time to managing either Consolidated Billing or to managing customer care issues (e.g., switching customers' gas commodity service either to or from a CTA) associated with Consolidated Billing.

36.     Under Consolidated Billing, PG&E also acts as the CTA's collections agent. As such, PG&E is required to pay to the CTA the amounts paid to PG&E for the CTA's gas commodity charges after it receives that money from the customer. Gas Rule 23.C.1.c(4)(a). PG&E is required to transfer the received payments to the CTA either 17 days after the bill was rendered to the customer or the next business day after the payment is received by the utility. *Id.*

37.     When transferring payments, PG&E is required to specify the amount paid by each service account. *Id.* If there are any amounts resulting from returned payments (e.g., the customer's check "bounces") or returned payment charges, PG&E may debit those amounts to the CTA on the billing statement for the following month. *Id.* The tariffs permit no other debits or set-offs.

38.     PG&E is responsible for collecting the unpaid balance of all charges from customers, sending notices informing customers of unpaid balances, and taking the appropriate actions to recover any unpaid amounts owed to the CTA. Gas Rule 23.C.1.c(5)(a).

39.     Tiger is a qualified CTA operating in PG&E's service area. Tiger signed a Core Gas Aggregation Service Agreement with PG&E in January 2009 and began serving customers in Northern California shortly thereafter.

40.     Tiger supplies natural gas to its customers by transporting it across interstate pipelines for delivery to the PG&E Citygate. On receipt of Tiger's gas, PG&E charges Tiger both for storing it and for transporting it to the customer based on "take or pay" terms, the amount of which is determined by reference to Tiger's overall volume (or "load") calculated on both a monthly and yearly basis.

41.     Tiger spends significant time and money marketing for customers. These activities

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400

- 7 -

1    include engaging in direct-mail marketing, door-to-door marketing, internet and print campaigns,

2    and other activities.

3          42.    As a result of these marketing efforts, Tiger grew its customer base in PG&E's

4    service area to approximately 39,000 customers as of October 2016.

5          43.    Tiger participates in the Consolidated PG&E Billing Option, making PG&E its

6    billing and collections agent for all of Tiger's core customers in PG&E's service area. Tiger pays

7    PG&E approximately $25,000 per month for this service.

8          44.    Because PG&E holds all of Tiger's customer information and also is responsible for

9    calculating the amount due, billing those amounts, collecting the money, and providing it to Tiger,

10   the utility exercises a tremendous amount of control over Tiger's customer base.

11                        **PG&E's Payment Withholding Scheme**

12         45.    After PG&E receives the customer's payment, it unilaterally divides the payments

13   among the various service accounts contained in the bill, including Tiger's charges for natural gas,

14   PG&E's transportation charge, and PG&E's electricity charges (if any). PG&E takes the position

15   that this process is proprietary and will not share information about how it divides the payments

16   received. In its role as Tiger's billing and collections agent, PG&E has engaged in improper and

17   unlawful activities which have violated Tiger's rights and caused Tiger damages and irreparable

18   harm in a number of ways.

19         46.    Specifically, for some of Tiger's core customers, PG&E simply does not remit to

20   Tiger funds it has received for Tiger's gas commodity charges. As of the date of this filing, Tiger

21   has not received full payment from PG&E on thousands of Tiger customer accounts. According to

22   Tiger's records, as of at least October 2016, it is owed over $1.3 million from its customers with

23   aging accounts past due by sixty days or more.

24         47.    To track the billing process, PG&E regularly provides Tiger with an Electronic Data

25   Interchange ("EDI") file or a file transfer link containing information about each account for which

26   there is activity.  For easy reference, Tiger in this Complaint refers to the types of information

27   packets sent by PG&E as "EDI files" regardless of format.

28         48.    The EDI files contain information about the status of Tiger's customer accounts.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400

- 8 -

COMPLAINT                                                          CASE NO.:

1   Specifically, in the EDI files PG&E makes several representations to Tiger about its customers,

2   including:

3       a.    Tiger customers to whom PG&E has sent a bill containing Tiger's commodity gas

4       charges and the amount of Tiger's charges that PG&E will collect;

5       b.    Tiger customers who have paid Tiger's previous charges and the amount PG&E has

6       apportioned to Tiger;

7       c.    The balance of the Tiger customer's account for Tiger's commodity gas charges;

8       d.    The identity of Tiger customers who have not fully paid Tiger's gas charges; and/or

9       e.    The number and identity of Tiger customers who have had charges "reversed" by

10   PG&E.

11       49.    PG&E's EDI files frequently contain intentionally false representations to Tiger

12   about the status of its customer accounts, including representations that certain customers have not

13   paid Tiger's charges, when those customers actually are current.

14       50.    PG&E sends the EDI files using interstate wires; that is, PG&E typically attaches the

15   file or a link to a file-share site to an email that is sent over the internet from California to Tulsa,

16   Oklahoma.

17       51.    Tiger relies on the data and representations of PG&E contained in the EDI files.

18   When it does not receive payments from PG&E for its customers, Tiger may contact the customer

19   regarding the delinquency.

20       52.    Often, however, the customers state that they have fully paid their energy bill to

21   PG&E, including all of Tiger's gas charges.

22       53.    For these customers, PG&E's EDI files, sent over the internet from California to

23   Tulsa, Oklahoma, and which show that the customer has not made the required payments for

24   Tiger's commodity gas charges, contain intentionally false and misleading information and also fail

25   to disclose material information about Tiger's customer accounts.

26       54.    For example, PG&E has used transmission over the internet to falsely report the

27   status of the following accounts to Tiger:

28       a.    By EDI file transmitted on or about March 7, 2011, PG&E notified Tiger of a

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400

- 9 -

Case: 19-30088   Doc# 4322-3   Filed: 10/18/19   Entered: 10/18/19 18:29:08   Page 10 of 75

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400

delinquency for customer I. Smith (SAID *3870). PG&E continued to notify Tiger of on-going delinquencies by this customer on a daily basis until October 15, 2014, or over 1,000 such occurrences. In fact, the customer had paid in full, and PG&E had simply withheld payment to Tiger. Indeed, Tiger attempted to verify the status of this account with PG&E on October 15, 2013, February 25, 2014, and March 14, 2014, without receiving any substantive information from PG&E. On August 27, 2014, Jennifer Yee, a subordinate of the Individual Defendants stated, over interstate wire, that the customer had made "partial payments." This statement was false when made and, in fact, the customer had made consistent and timely payments. On or about October 15, 2014, Tiger disconnected this customer based on false information provided by PG&E.

b.      By EDI file transmitted on or about April 2, 2015, PG&E notified Tiger of a delinquency for Kyle W. (SAID *6681). PG&E continued to notify Tiger of on-going delinquencies by this customer on a daily basis until July 2, 2015, or about 90 such occurrences. In fact, the customer had timely paid his bill each month and PG&E showed no outstanding balance. Shortly thereafter, Tiger disconnected the customer for non-payment. "Manuel," an employee in PG&E's customer care, told the customer that PG&E had timely remitted each of his payments to Tiger, which was false when made. In addition, PG&E's customer care used the call opportunity occasioned by its false and misleading bills, as well as the disconnection occasioned by PG&E's false and misleading EDI files sent to Tiger, to falsely tell the customer that Tiger costs 60% more than PG&E.

c.      By EDI file transmitted on or about June 30, 2015, PG&E notified Tiger of a delinquency for Paul B. (SAID *1010).  PG&E continued to notify Tiger of these delinquencies until July 21, 2015 and, in fact, backdated several hundred dollars of transactions to June 24, 2014. On August 7, 2015, Tiger, in reliance on PG&E's false statements, sent the customer a collection letter for non-payment. The customer supplied copies of his PG&E bills showing payment in full and then disconnected from Tiger, reverting back to PG&E's gas service.

d.      By EDI file transmitted on or about June 20, 2013, PG&E notified Tiger of a

- 10 -

Case: 19-30088   Doc# 4322-3   Filed: 10/18/19   Entered: 10/18/19 18:29:08   Page 11 of 75

1    delinquency for customer City of M. (SAID *9520). PG&E continued to notify Tiger of on-

2    going delinquency by this customer on a daily basis until July 20, 2016. That is, PG&E sent

3    over 1,000 EDI files indicating that this customer was delinquent. PG&E's statements were

4    false when made because the customer had, in fact, timely made all payments to PG&E.

5    Alternatively, each of the EDI files sent to Tiger stated that this account had not paid when,

6    in fact, PG&E had applied an energy credit on the customer's bills, indicating to the

7    customer that no payment to Tiger was due.

8    e.    By EDI file transmitted on or about September 4, 2014, PG&E notified Tiger of a

9    delinquency for customer City of M. (SAID *9115). PG&E continued to notify Tiger of on-

10   going delinquency by this customer on a daily basis until September 2, 2016. That is, PG&E

11   sent over 1,000 EDI files indicating that this customer was delinquent. PG&E's statements

12   were false when made because the customer had, in fact, timely made all payments to

13   PG&E. Alternatively, each of the EDI files sent to Tiger stated that this account had not paid

14   when, in fact, PG&E had applied an energy credit on the customer's bills, indicating to the

15   customer that no payment to Tiger was due.

16   f.    By EDI file transmitted on or about March 14, 2013, PG&E notified Tiger of a

17   delinquency for customer County of S. C. (SAID *5075). PG&E continued to notify Tiger

18   of on-going delinquency by this customer on a daily basis until March 17, 2016. That is,

19   PG&E sent over 1,000 EDI files indicating that this customer was delinquent. PG&E's

20   statements were false when made because the customer had, in fact, timely made all

21   payments to PG&E. Alternatively, each of the EDI files sent to Tiger stated that this account

22   had not paid when, in fact, PG&E had applied an energy credit on the customer's bills,

23   indicating to the customer that no payment to Tiger was due.

24   g.    By EDI file transmitted on or about September 8, 2014, PG&E notified Tiger of a

25   delinquency for customer E.R. Mobile Home Park (SAID *1005). PG&E continued to

26   notify Tiger of on-going delinquency by this customer on a daily basis until March 30, 2015.

27   That is, PG&E sent over 200 EDI files indicating that this customer was delinquent.

28   PG&E's statements were false when made because the customer had, in fact, timely made

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400

- 11 -

COMPLAINT                                                                                    CASE NO.:

1   all payments to PG&E. Alternatively, each of the EDI files sent to Tiger stated that this

2   account had not paid when, in fact, PG&E had applied an energy credit on the customer's

3   bills, indicating to the customer that no payment to Tiger was due.

4   h.     By EDI file transmitted on or about May 8, 2014, PG&E notified Tiger of a

5   delinquency for customer County of S.J. (SAID *0150). PG&E continued to notify Tiger of

6   on-going delinquency by this customer on a daily basis until September 16, 2015. That is,

7   PG&E sent over 450 EDI files indicating that this customer was delinquent. PG&E's

8   statements were false when made because the customer had, in fact, timely made all

9   payments to PG&E. Alternatively, each of the EDI files sent to Tiger stated that this account

10  had not paid when, in fact, PG&E had applied an energy credit on the customer's bills,

11  indicating to the customer that no payment to Tiger was due.

12  55.    Tiger has cancelled hundreds of its customer accounts for non-payment based on

13  false information about the status of payments received from PG&E.

14  56.    Many of these cancelled accounts had fully paid for the natural gas provided by

15  Tiger, but PG&E did not provide those funds to Tiger, creating the impression that the customers

16  had not paid the appropriate charges when, in fact, the customers had remitted to PG&E either the

17  full or partial amount due for Tiger's charges.

18  57.    Tiger has otherwise continued to supply gas to PG&E for Tiger's active customers—

19  including those detailed in Paragraphs 54a-h, above—not knowing that PG&E's accounting

20  methods either failed to properly bill Tiger's customers for the gas or failed to properly credit to

21  Tiger payments received from such customers. In effect, PG&E's Payment Withholding Scheme

22  dupes Tiger into supplying gas to PG&E, which PG&E holds and uses knowing that its accounting

23  methods ensure that Tiger will not be paid in full for such gas.

24  58.    PG&E's Payment Withholding Scheme additionally benefits PG&E because Tiger

25  must pay PG&E transportation and storage fees, which are based on the volume of gas Tiger

26  provides for its customers. The transportation and storage fees become stranded costs as a result of

27  the Schemes set forth in this Complaint, since the Schemes prevent Tiger from recouping these

28  costs from the affected customers. These fees are significant: Tiger pays PG&E over $180,000.00

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400

COMPLAINT                                                          - 12 -                                                          CASE NO.:

1    per month in transportation fees alone.

2        59.    In other words, PG&E has engaged in a pattern and practice of intentionally

3    withholding money from Tiger that PG&E received from Tiger customers for natural gas delivered

4    by Tiger. PG&E benefits from its deception regardless of the action taken by Tiger. If Tiger cancels

5    the customers' accounts for non-payment, these customers revert back to PG&E for their natural-

6    gas service. If Tiger does not cancel, PG&E continues to receive Tiger's gas without paying for it

7    and continues to charge Tiger to transport and store the gas.

8        60.    Citing its customer confidentiality policies, PG&E refuses to provide information

9    related to the payment status of Tiger's customers. PG&E only tells Tiger the amount of money

10    PG&E has elected to apportion to Tiger. Tiger must trouble the customer for any other information,

11    such as the amount paid to PG&E or how PG&E has credited the customer's balance.

12        61.    In other words, having unlawfully kept money owed to Tiger and perpetuated a

13    scheme to engender cancellations from Tiger (for alleged non-payment) or to appropriate free gas

14    and storage/transportation fees, PG&E affirmatively prevents Tiger from uncovering the scheme by

15    citing "customer privacy" concerns.

16    **PG&E's Energy Credit Scheme**

17        62.    PG&E engages in a pattern and practice of offsetting Tiger's customers' charges for

18    natural gas delivered to Tiger's customers with credits from non-Tiger related charges.

19        63.    Neither the parties' contract nor the Gas Rules permit PG&E to offset PG&E's

20    customer credit structure with amounts owed to Tiger.

21        64.    For example, PG&E offers its customers certain subsidies and credits for obtaining

22    some of their electricity through solar panels and similar renewable energy programs. PG&E

23    improperly applies these credits to Tiger's gas commodities charges, such that the customer sees

24    either that no payment is due for the month or that an amount is due that will not cover Tiger's

25    charges.

26        65.    In other words, PG&E accepts gas from Tiger for these customers and delivers gas to

27    these customers on Tiger's behalf, but informs the customer that s/he does not need to pay any

28    amount because of an applied credit. Effectively, PG&E defrauds Tiger of its gas and uses it to

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400

- 13 -

1    subsidize its customer credit programs.

2         66.    Some specific instances of this conduct include:

3         a.    By EDI file transmitted on or about January 23, 2015, PG&E notified Tiger that it

4    had billed Sareth R. (SAID *3593) for Tiger's gas commodity charges. In fact, PG&E had

5    applied an energy credit, indicating to the customer that he owed Tiger nothing. By EDI

6    files transmitted daily on or about August 24, 2015, PG&E similarly notified Tiger that it

7    had continued to bill and was attempting to collect Tiger's charges when in reality PG&E's

8    bills informed the customer that the customer owed nothing due to operation of the energy

9    credit.  Tiger disconnected this customer, relying on PG&E's false statements and returning

10   the account to PG&E's default gas service.

11        b.    By EDI file transmitted on or before September 15, 2015, PG&E notified Tiger that

12   it had billed customer Richard S. (SAID *3010) for Tiger's gas commodity charges. In fact,

13   PG&E had applied an energy credit, indicating to the customer that he owed Tiger nothing.

14   Until August 15, 2016, PG&E similarly sent Tiger daily EDI files stating that it had billed

15   and was attempting to collect Tiger's charges, when in reality PG&E's bills informed the

16   customer that he owed nothing due to operation of the energy credit. In total, PG&E

17   transmitted a total of over 330 false and misleading EDI files. On or about April 13, 2016,

18   Tiger disconnected this customer, relying on PG&E's false statements and returning the

19   account to PG&E's default gas service.

20        c.    By EDI file transmitted on or about June 26, 2012, PG&E notified Tiger that it had

21   billed an account for the City of M. (SAID *9615) for Tiger's gas commodity charges. In

22   fact, PG&E had applied an energy credit, indicating to the customer that it owed Tiger

23   nothing. By EDI files transmitted daily to the present day, PG&E similarly has notified

24   Tiger that it had again billed and was attempting to collect Tiger's charges when in reality

25   PG&E's bills inform the customer that it owes nothing due to operation of the energy credit.

26   In total, PG&E transmitted literally thousands of false and misleading EDI files to Tiger.

27        d.    By EDI file transmitted on or about April 23, 2015, PG&E notified Tiger that it had

28   billed John L. (SAID *1015) for Tiger's gas commodity charges. In fact, PG&E had applied

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400

COMPLAINT

- 14 -

CASE NO.:

an energy credit, indicating to the customer that he owed Tiger nothing. By EDI files transmitted daily until April 11, 2016, PG&E similarly notified Tiger that it had again billed and was attempting to collect Tiger's charges when in reality PG&E's bills informed the customer that he owed nothing due to operation of the energy credit. In total, PG&E transmitted approximately 340 false and misleading EDI files to Tiger.

67.     In each case set forth above, PG&E's EDI file informed Tiger that it billed and was attempting to collect Tiger's gas commodity charges when, in fact, PG&E had applied a credit such that the customer was told not to pay Tiger anything. Further, PG&E's EDI file informed Tiger that the customer was not paying Tiger's gas commodity charges when, in fact, PG&E had induced the unwitting customer into not paying Tiger.

68.     Tiger has cancelled thousands of its customer accounts for non-payment based on false information about the status of payments received from PG&E.

69.     Tiger has otherwise continued to supply gas to PG&E for Tiger's active customers—including those detailed in Paragraphs 66a-d, above—not knowing that PG&E had not only failed to bill the customer but also affirmatively told the customer that s/he need not pay Tiger for its services. In effect, PG&E's Energy Credit Scheme dupes Tiger into supplying gas to PG&E, which PG&E holds and uses knowing that its accounting methods ensure that Tiger will not be paid for such gas and reducing the amount of credit that PG&E owes to the customer.

70.     PG&E's Energy Credit Scheme additionally benefits PG&E because Tiger must pay PG&E transportation and storage fees, which are based on the volume of gas Tiger provides for its customers. The transportation and storage fees become stranded costs as a result of the Schemes set forth in this Complaint, since the Schemes prevent Tiger from recouping these costs from the affected customers. These fees are significant: Tiger pays PG&E over $180,000 per month in transportation fees alone.

71.     In other words, PG&E has engaged in a pattern and practice of intentionally using Tiger's gas and gas commodity charges to underwrite PG&E's energy credit program. PG&E's Energy Credit Scheme also caused Tiger to cancel customers (for alleged non-payment). These customers then default to PG&E's gas commodity service.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400

- 15 -

COMPLAINT

72.    Citing its unlawful and unregulated customer confidentiality policies, PG&E refuses to provide information related to the payment status of Tiger's customers. That is, PG&E will only tell Tiger the amount of money PG&E has elected to apportion to Tiger. Tiger must trouble the customer for any other information, such as the amount paid to PG&E or how PG&E has credited the customer's balance.

73.    In other words, having kept money owed to Tiger and perpetuated a scheme to engender either cancellations from Tiger (for alleged non-payment) or free gas from Tiger (when Tiger continues to supply the customer), PG&E affirmatively prevents Tiger from uncovering the scheme by citing "customer privacy" concerns.

**The Reversal Scheme**

74.    PG&E has engaged in a pattern and practice of withholding amounts due to Tiger where PG&E claims that the funds are due for "reversals."

75.    PG&E's EDI files contain information showing which accounts have "reversed."

76.    Some specific examples of this include:

a.    By EDI file transmitted on or about March 15, 2016, PG&E represented that it had billed Richard S. (SAID *3010) $9.35 for Tiger's services, with a purported (but likely fraudulent) balance of $116.46. By EDI file sent on or about March 15, 2016, PG&E informed Tiger that it "reversed" previous customer payments in the amount of $46.90, $38.75, $29.78, $27.71,$27.38, $18.36, $18.26, $15.46, $12.78, $11.46, $9.75, $7.20, $6.82, $6.74, $6.16, $6.07, $5.88, $5.09, $4.96, $4.76, $4.74, $4.71, $4.62, $4.57, $4.46, $4.46, $4.40. That same day, PG&E applied payments in the amount of $1.73, $4.40, $4.46, $4.57, $4.71, $4.74, $4.76, $5.09, $6.74, $6.82, $12.78, $15.46, $18.26, $18.36, $27.71, $29.78, leaving a balance *after* application of payments of $288.32. On or about April 13, 2016, Tiger disconnected this customer, relying on PG&E's false statements and returning the account to PG&E's default gas service. Nevertheless, PG&E continued to apply and reverse these amounts on April 14, 2016, May 14, 2016, June 14, 2016, July 15, 2016, and August 15, 2106, reporting false balances to Tiger on a daily basis.

b.    By EDI file transmitted on or about May 24, 2015, PG&E represented that it had

- 16 -

COMPLAINT

CASE NO.:

Case: 19-30088    Doc# 4322-3    Filed: 10/18/19    Entered: 10/18/19 18:29:08    Page 17 of 75

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400

1    billed Sareth R. (SAID *3593) $6.94 for Tiger's services, with a purported (but likely

2    fraudulent) balance of $36.79. By EDI file sent on or about May 27, 2015, PG&E informed

3    Tiger that it "reversed" previous customer payments in the amount of $41.33, $34.24,

4    $31.60, $11.91, and $11.01. That same day, PG&E applied payments in the amount of

5    $11.01, $11.91, $31.60, $34.24, and $41.33 leaving a balance *after* application of payments

6    of $36.79. PG&E continued to apply and reverse these and other amounts on June 24, 2015,

7    July 23, 2015, August 24, 2015, September 23, 2015, October 26, 2015, and periodically

8    thereafter, reporting false balances to Tiger on a daily basis. On or about August 24, 2015,

9    Tiger disconnected this customer, relying on PG&E's false statements and returning the

10   account to PG&E's default gas service.

11         c.     By EDI file transmitted on or about August 7, 2014, PG&E represented that it had

12   billed E.R. Mobile Home Park (SAID *1005) $1,060.86 for Tiger's services, with a

13   purported balance of $1,060.86. By EDI file sent on or about August 11, 2014, PG&E

14   informed Tiger that it "reversed" previous customer payments in the amount of $11,647.19,

15   $3,172.71, $2,750.35, $640.72, and $466.36. That same day, PG&E applied payments in the

16   amount of $11,647.19, $3,172.71, $2,750.35, $640.72, and $466.36. PG&E made additional

17   reversals on that day in the amount of $7,299.88 and $4,918.88. PG&E also applied

18   additional payments on that same day in the amount of $91.61, $256.12, $347.53,

19   $4,918.88, and $7,299.88. PG&E continued to apply and reverse these and other amounts on

20   this account on September 8, 2014, October 8, 2014, November 5 and 18, 2014, and

21   December 6, 2014, causing large swings in the balances reported by PG&E.

22         77.    In December 2014, PG&E permanently "reversed" thousands of Tiger's customers,

23   representing about $47,635.00 in reversals.  In February 2015, PG&E "reversed" another

24   $30,000.00 worth of customers. Further, Tiger has identified thousands of accounts that PG&E has

25   either reversed or disconnected to itself without notice to Tiger.

26         78.    Similar to some of the examples in Paragraphs 76a-c, PG&E backdated many of

27   these reversals, as though the reversal had occurred months beforehand.

28         79.    According to the EDI files sent by PG&E many of the customers reversed by PG&E

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400

- 17 -

COMPLAINT                                                          CASE NO.:

Case: 19-30088   Doc# 4322-3   Filed: 10/18/19   Entered: 10/18/19 18:29:08   Page 18 of 75

had made payments in the prior months.

80.     PG&E has provided no explanation for this practice, and neither the contract between the parties nor the Gas Rules permit it.

81.     PG&E's EDI files showing a reversal falsely informed Tiger that these customers had "reversed," when in fact, they had not.

82.     Alternatively, PG&E's EDI files showing payments were false because they stated that the customer had paid Tiger's charges when, in fact, the customer had not.

83.     PG&E's actions have damaged Tiger by eroding its customer base, denying it current and future revenue. PG&E's actions have also damaged Tiger by disrupting its cash flow, which impacts nearly every aspect of its business. For example, Tiger cannot accurately project revenue or manage its credit facilities when PG&E mercurially reverses customers or offsets payments. The Schemes similarly interfere with Tiger's relationship with its customers, who become understandably angry and frustrated when their bills do not accurately reflect the balance owed to Tiger, resulting in significant additional expenses and penalties imposed on Tiger.

84.     The Schemes also render near impossible Tiger's ability to perform basic business functions, such as determining and reporting bad debt because the Schemes conceal from Tiger which balances have been paid (but not remitted to Tiger), which customers have been told not to pay Tiger at all (due to the Energy Credit Scheme) and which accounts and payments have been unlawfully reversed back to PG&E (the Reversal Scheme).

85.     The Schemes, moreover, diminish competition within the gas commodity market as a whole. Between 2012 and 2014—before full implementation of the Schemes—the firm pipeline capacity (or "load") for all CTAs grew from approximately 12% share of the total load to approximately 19%. Since implementation of the Schemes, however, the load has steadily and precipitously decreased to 15.4% of the total load.

86.     Further, the Schemes have resulted in increased consumer prices despite an ample supply of natural gas and despite decreasing wholesale prices. Between 2014 and present, the monthly California price of natural gas delivered to residential consumers has *increased* from $10 per thousand cubic feet to $12 per thousand cubic feet. During that same time period, the Citygate

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400

Case: 19-30088   Doc# 4322-3   Filed: 10/18/19   Entered: 10/18/19 18:29:08   Page 19 of 75

1    price for natural gas in California has *decreased* from approximately $6.00 per thousand cubic feet

2    to approximately $3.00 per thousand cubic feet. In other words, consumers in California are paying

3    20% more for natural gas since implementation of the Schemes even though the Citygate price is

4    50% less than it was in 2014.

5        87.    Perhaps more important, the Schemes prohibit customers from participating in

6    alternative products, such as fixed price, unlimited usage pricing, winter fixed rates, and guaranteed

7    lower summer rates.

8        88.    PG&E, as a corporation, does not acknowledge the Schemes. For example, on April

9    30, 2015, David Reyes (Defendant Robinson's subordinate) admitted in testimony, with PG&E's

10   in-house counsel present, the facts underlying the Energy Credit Scheme (i.e., that non-cash credits

11   are used to "mask" a CTA's charges). The day before, on April 29, 2015, PG&E's in-house counsel

12   averred to the CPUC that PG&E does *not* apply non-cash credits to a CTA's charges. PG&E's in-

13   house counsel have taken no steps to correct or reconcile either statement.

14       89.    Even after its own employee testified about the Schemes, PG&E has done little or

15   nothing to curtail the unlawful acts of the Individual Defendants. PG&E profits from these acts in

16   several ways: by charging Tiger transportation and storage fees; by increasing the bad debt of its

17   competitors; and by reducing its own liability for mandatory credits. Finally, PG&E is able to

18   charge consumers higher prices despite the falling Citygate cost of natural gas.

19                                    **CAUSES OF ACTION**
                                    **FIRST CAUSE OF ACTION**
20   **(Violation of the Racketeer and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968)**

21       90.    Tiger incorporates herein by reference all allegations set forth in Paragraphs 1

22   through 89 of this Complaint.

23              **FACTUAL ALLEGATIONS COMMON TO ALL RICO COUNTS**
                                    **RICO COUNT I**
24                              **(Violation of RICO § 1962(c))**

25       91.    The allegations of paragraphs 1 through 90 are incorporated herein by reference.

26       92.    This Count is against Defendants Torres, Robinson, and Chen (the "Count 1

27   Defendants").

28       93.    Consolidated Billing is an enterprise engaged in and whose activities affect

                                        - 19 -

COMPLAINT

CASE NO.:

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400

1  interstate commerce. The Count I Defendants engaged in the predicate act of wire fraud by way of

2  the Payment Withholding Scheme, the Energy Credit Scheme and the Reversal Scheme in

3  furtherance of the Consolidated Billing enterprise.

4      94.     The Count I Defendants are employed by or associate with the enterprise.

5      95.     The Count I Defendants agreed to and did conduct and participate in the conduct of

6  the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of

7  intentionally defrauding the Plaintiff.

8      96.     Specifically, Defendant Robinson directs her department to provide Tiger with the

9  Electronic Data Interchange ("EDI") files containing the false information as detailed in Paragraphs

10  54, 66 and 76. Defendant Robinson directs her department to transmit this false information through

11  interstate wires (i.e., over the internet and telephone network) to Tiger in Tulsa, Oklahoma.

12  Defendant Robinson further directs her department to deceive Tiger when it enquires about these

13  schemes.

14      97.     Defendant Torres oversees and directs the employees in Customer Operations to

15  withhold payments from Tiger, as described *supra* in Paragraphs 54, 66 and 76. Defendant Torres

16  similarly directs the employees in Customer Operations to apply PG&E energy credit programs

17  (e.g., for solar panels, etc.) to Tiger's charges, as described *supra* in Paragraph 66. Defendant

18  Torres directs the employees in Customer Operations to apply reversals in the manner described in

19  Paragraph 76. Finally, Defendant Torres directs the employees in Customer Operations to use

20  customer care calls originating from the Payment Withholding Scheme and the Energy Credit

21  Scheme to inform Tiger customers that they do not and will never pay less with Tiger's services and

22  to convince the customer to drop Tiger.

23      98.     Defendant Chen oversees and manages the CTA program. Defendant Chen manages

24  and implements the Payment Withholding Scheme, the Energy Credit Scheme, and the Reversal

25  Scheme. Specifically, Defendant Chen directs and coordinates these schemes between Defendant

26  Robinson and Defendant Torres.

27      99.     The Payment Withholding Scheme, the Energy Credit Scheme, and the Reversal

28  Scheme constitute wire fraud in violation of 18 U.S.C. § 1343. Specifically, each of these Schemes

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400

- 20 -

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400

1    concern the transmission of false information in the EDI files, with the intent of either withholding

2    payments from Tiger, defrauding Tiger of its gas commodity to subsidize PG&E's customer credit

3    program, or reducing Tiger's customer base.

4         100.    The Payment Withholding Scheme, the Energy Credit Scheme, and the Reversal

5    Scheme involve use of interstate wires (i.e., the internet) to transmit the EDI files to Tiger.

6         101.    The Count I Defendants have evidenced specific intent to defraud Tiger because the

7    practical effect of the Schemes is that the customer defaults to PG&E's gas commodity service. The

8    Count I Defendants have similarly evidenced specific intent to defraud Tiger because another

9    practical effect of the Schemes is to withhold money from Tiger or to subsidize PG&E's other

10   business units. Finally, the Count I Defendants evidence shows specific intent to defraud Tiger

11   since they have undertaken efforts to conceal the Schemes.

12        102.    The acts set forth above constitute a pattern of racketeering activity pursuant to 18

13   U.S.C. § 1961(5).

14        103.    This pattern poses the threat of continuing. The first predicate act of the Reversal

15   Scheme, for example, dates back to 2013 and continues through today. The Count I Defendants

16   deploy the Payment Withholding Scheme and the Energy Credit Scheme each month with Tiger's

17   customers via transmission of the false EDI files.

18        104.    As a direct and proximate result of the Count I Defendants' racketeering activities

19   and violations of 18 U.S.C. § 1962(c), Tiger has been injured in its business and property in that the

20   Count I Defendants defraud Tiger of money or gas commodities and have eroded Tiger's customer

21   base.

22        105.    WHEREFORE, Plaintiff requests that this Court enter judgment against the Count I

23   Defendant(s) as follows:

24        a.   Actual damages in an amount to be proven at trial, but estimated to be in the millions of

25        dollars;

26        b.   Treble damages and attorneys' fees and costs as provided in 18 U.S.C. § 1964(c); and

27        c.   Any other relief the Court determines is appropriate.

28

- 21 -

COMPLAINT                                                                    CASE NO.:

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400

**RICO COUNT II**
**(Violation of RICO § 1962(d))**

106.    The allegations of paragraphs 1 through 105 are incorporated herein by reference.

107.    This Count is against Defendants Torres, Robinson, and Chen (the "Count II Defendant(s)").

108.    As set forth above, the Count II Defendants agreed and conspired to violate 18 U.S.C. § 1962(c).

109.    The Count II Defendants have intentionally conspired and agreed to directly and indirectly conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity.

110.    The Count II Defendants knew that their predicate acts were part of a pattern of racketeering activity and agreed to the commission of those acts to further the schemes described above. That conduct constitutes a conspiracy to violate 18 U.S.C. § 1962(c), in violation of 18 U.S.C. § 1962(d).

111.    As a direct and proximate result of the Count II Defendants' conspiracy to commit racketeering activities and violations of 18 U.S.C. § 1962(c), Tiger has been injured in its business and property in that the Count II Defendants defrauded Tiger of money or gas commodities and have eroded Tiger's customer base.

112.    WHEREFORE, Plaintiff requests that this Court enter judgment against the Count II Defendants as follows.

    a.   Actual damages in an amount to be proven at trial, but expected to be in the millions of dollars;

    b.   Treble damages and attorneys' fees and costs as provided in 18 U.S.C. § 1964(c); and

    c.   Any other relief the Court determines is appropriate.

**SECOND CAUSE OF ACTION**
**(Respondeat Superior/Agency)**

113.    Tiger incorporates herein by reference all allegations set forth in Paragraphs 1

- 22 -

COMPLAINT

CASE NO.:

1    through 112 of this Complaint.

2       114.    PG&E is distinct from the Consolidated Billing RICO enterprise operated by

3 Robinson, Chen, and Torres (the "Individual Defendants"). Specifically, Consolidated Billing is not

4 part of PG&E's voluntary business model nor is it intended to be a profitable line of business.

5 Indeed, PG&E neither officially condones nor acknowledges the existence of the Schemes. PG&E

6 officially denies, for example, the existence of the Energy Credit Scheme (as its in-house lawyers

7 did on April 29, 2015 in their averments before the CPUC), even though the Individual Defendants

8 and their employees openly acknowledge the practice and despite the fact that PG&E benefits from

9 it.

10       115.    PG&E has benefited from the racketeering activities of the Individual Defendants.

11 PG&E charges Tiger transportation and storage fees for natural gas. The Schemes increase the bad

12 debt of PG&E's competitors and increase PG&E's market share for core gas customers. Most

13 important, the Schemes reduce PG&E's own liability for any mandatory credit. Finally, as a result

14 of the Schemes, PG&E is able to charge consumers higher prices than it otherwise could, even

15 while the Citygate cost of natural gas falls.

16       116.    The Individual Defendants committed the racketeering activities within the time and

17 space limits of their employment with PG&E. That is, the Individual Defendants committed the

18 racketeering activities while they were working in PG&E's offices and with PG&E's systems. On

19 information and belief, the Individual Defendants were motivated to commit the racketeering

20 activities for the purpose of benefiting PG&E financially through increased profit and market share,

21 and thereby benefiting themselves as the employees responsible.

22       117.    The racketeering activities were of a kind that the Individual Defendants were hired

23 by PG&E to perform legitimately. That is, each Individual Defendant used his/her position at

24 PG&E to perpetuate the Schemes by committing the predicate acts under the auspices of their usual

25 job responsibilities. For example, Defendant Torres oversees the employees in Customer Operations

26 but directs them to withhold payments from Tiger in furtherance of the Payment Withholding

27 Scheme, as described *supra* in Paragraphs 54, 66 and 76. Defendant Torres similarly oversees the

28 employees in Customer Operations but directs them to apply PG&E energy credit programs (e.g.,

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400

- 23 -

COMPLAINT                CASE NO.:

1   for solar panels, etc.) to Tiger's charges in furtherance of the Energy Credit Scheme, as described

2   *supra* in Paragraph 66. Defendant Torres also directs the employees in Customer Operations to

3   apply reversals in the manner described in Paragraph 76 in furtherance of the Reversal Scheme.

4   Finally, Defendant Torres directs the employees in Customer Operations to use customer care calls

5   to inform Tiger customers that they do not and will never pay less with Tiger's services and to

6   convince the customer to drop Tiger, in furtherance of the Payment Withholding Scheme and the

7   Energy Credit Scheme. Similarly, Defendants Robinson and Chen direct the employees in ESP

8   Services and EDI Operations to compile and send the EDI files over the wires containing the false

9   information set forth in Paragraphs 54, 66 and 76.  None of the Individual Defendants would be

10  able to perpetuate the Schemes without the authority vested in them through their positions at

11  PG&E.

12      118.    PG&E eventually learned of the Schemes, as evidenced by the presence of its in-

13  house counsel during the testimony of David Reyes on April 30, 2015 but, nonetheless, does

14  nothing to stop them. As their employer, PG&E not only supplied the Individual Defendants with

15  the means to perpetuate the Schemes, but PG&E could have stopped the Individual Defendants and,

16  to date, has not done so.

17      119.    WHEREFORE, Plaintiff requests that this Court enter judgment against PG&E as

18  follows:

19          a.  Actual damages in an amount to be proven at trial, but expected to be in the millions

20          of dollars;

21          b.  Treble damages and attorneys' fees and costs as provided in 18 U.S.C. § 1964(c);

22          and

23          c.  Any other relief the Court determines is appropriate.

24                          **THIRD CAUSE OF ACTION**

25          **(Attempt to Monopolize in Violation of the Sherman Act § 2, 15 U.S.C. § 2)**

26      120.    Tiger incorporates herein by reference all allegations set forth in Paragraphs 1

27  through 119 of this Complaint.

28      121.    A market exists for the provision of natural gas to Core Customers in Northern

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400

- 24 -

COMPLAINT

CASE NO.:

California. The geographical boundaries of this market are Eureka in the north to Bakersfield in the south, and from the Pacific Ocean to the Sierra Nevada (the "Relevant Geography"). Core Customers are all residential customers within the Relevant Geography regardless of load size, commercial customers with annual loads below 250,000 therms, and those commercial customers with annual loads above 250,000 therms who elect to receive the higher reliability associated with core service. The relevant product in this market is natural gas, which is a fossil fuel extracted from the earth and largely comprised of methane and other hydrocarbons. The natural gas sold to residential and small business customers for use as an energy source is fungible, may be interchanged regardless of the provider, and is not distinguishable by quality. It can be used for heating, cooking, and other household applications.

122. PG&E is the traditional utility and, until 1991, held a state sanctioned monopoly in the Relevant Geography. Consequently, PG&E currently owns and operates all the infrastructure that physically stores and transports natural gas to Core Customers within the Relevant Geography. As a result of this monopoly, 100% of the Core Customers receive their gas via pipes, meters, and other facilities owned and operated by PG&E.

123. PG&E also holds a near monopoly on natural gas billing and collections operations within the Relevant Geography. Nearly 100% of the Core Customers in the Relevant Geography receive a monthly utility bill from PG&E, whether for natural gas, the transportation of those services, or both.

124. The CTAs compete with PG&E to sell natural gas to Core Customers within the Relevant Geography. Approximately twenty-two CTAs operate in the Relevant Geography using PG&E's infrastructure.

125. Recognizing that establishing utility billing and collection services created an unfair barrier to entry, the CPUC requires PG&E to share its billing and collection services with CTAs. Approximately 18 CTAs use PG&E as their billing and collections agents (i.e., those CTAs use PG&E Consolidated Billing), paying PG&E about $.70 per customer per month for this service. No CTA retails to all Core Customers (i.e., both residential and small commercial) without using PG&E Consolidated Billing. A CTA like Tiger cannot practically or reasonably establish its own

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400

- 25 -

COMPLAINT

CASE NO.:

billing and collection services within the Relevant Geography and continue to offer natural gas to Core Customers at competitive prices. Thus, without the use of PG&E's billing and collections services, CTAs like Tiger cannot compete with PG&E in the natural gas market. Consequently, PG&E's billing and collections services constitute an essential facility. Though the CPUC has compelled PG&E to share its billing and collection services, the CPUC lacks the effective power to regulate the scope, terms, and manner in which those services are provided to CTAs and has failed to prevent the predatory Schemes from occurring.

126.    Because the number of Core Customers varies and their individual gas usage is difficult to encapsulate, an entity's given market share is typically measured in terms of "load"—the percentage of the overall natural gas demand in the Relevant Geography the entity supplies. In 2012, PG&E supplied 88% of the total load to Core Customers in the Relevant Geography, while all CTAs combined supplied 12%. By 2014, the CTAs increased their market share to 19%, while PG&E's share decreased to 81% of the total load to Core Customers in the Relevant Geography. Since implementation of the Schemes, however, PG&E has augmented its market share to 85%.

127.    PG&E sets the price for its natural gas to Core Customers on a monthly basis by application of a regulated formula. While the formula itself does not change, PG&E exercises discretion over variables, such as calculation of its purchase price, expenses, overcharges, and the like, to include in the formula. PG&E publishes this price once per month, typically around the twenty-fifth day, without prior approval from the CPUC. CTAs using PG&E's billing and collections must provide their monthly price to PG&E by the first of each month.

128.    PG&E has committed overt predatory and exclusionary acts demonstrating its specific intention to destroy competition for natural gas commodity service to Core Customers in the Relevant Geography by providing its billing and collections services in a fraudulent, unfair, unreasonable, and discriminatory manner, denying the CTAs fair and reasonable access to an essential facility. Specifically, PG&E uses its role as the CTAs' billing agent to withhold money due and owing to the CTAs by operation of the acts set forth in the Payment Withholding Scheme, which misleads the CTA into believing that the customer is not paying. The Energy Credit Scheme deceives both the customer into believing that no payment is due to the CTA and the CTA into

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400

1    believing that the customer willfully is not paying. The CTAs, including Tiger, either disconnect

2    these customers, defaulting them back to PG&E's gas commodity service, or attempt collection

3    efforts which frustrate the customer into returning to PG&E's service. Finally, with the Reversal

4    Scheme, PG&E simply disconnects Core Customers within the Relevant Geography from the

5    CTAs' natural gas service and returns them to PG&E's natural gas service. These fraudulent, unfair,

6    unreasonable, and discriminatory Schemes lack any legitimate business justification and evidence

7    PG&E's specific intent to destroy competition in the natural gas market.  Such Schemes are

8    perpetrated against the CTAs not by competitive zeal, but by anticompetitive malice.

9        129.    PG&E, therefore, intentionally leverages its monopoly in its billing and collections

10    services to expand its market share in the deregulated natural gas commodity market to Core

11    Customers.

12        130.    The Schemes have several anti-competitive results. First, the Schemes significantly

13    increase operating expenses for CTAs. For example, CTAs must expend large sums—typically

14    millions of dollars annually—on marketing costs just to maintain their customer base as a result of

15    the Reversal Scheme. Quite literally, the Schemes eliminate the CTAs customer base nearly as

16    quickly as a CTA, spending millions of dollars each year, can build it up. CTAs have no ability to

17    expand their output.

18        131.    In addition, CTAs have large carrying costs because the Payment Withholding

19    Scheme and the Energy Credit Scheme ensure that the CTA will be either paid months late or not at

20    all (that is, the CTAs must buy the natural gas and expend money storing and transporting it while

21    PG&E prohibits payment from the customer).

22        132.    The Schemes are perpetuated against all CTAs using PG&E's billing and collections

23    services and have resulted in significant loss of the CTA's market share and increased costs to the

24    CTAs. Tiger alone has lost about half of its customers as a result of the Schemes. On May 28, 2016,

25    another competitor, United Energy Trading, LLC filed a Complaint in the Northern District of

26    California (styled *United Energy Trading, LLC v. Pacific Gas and Electric Co., et al.*, Case No.

27    3:15-cv-02383-RS) alleging, *inter alia*, that it also lost tens of thousands from its peak of 65,000

28    Core Customers in the Relevant Geography as a result of the Schemes. On June 9, 2016, another

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400

- 27 -

COMPLAINT

CASE NO.:

1  competitor, North Star Gas Company d/b/a YEP, filed a Complaint in the Northern District of

2  California (styled *North Star Gas Co. v. Pacific Gas and Electric Co., et al.*, Case No. 3:15-CV-

3  02575-HSG) alleging, *inter alia*, that it has similarly lost tens of thousands from its peak of 54,000

4  Core Customers in the Relevant Geography as a result of the Schemes. Similarly, other CTAs, such

5  as Vista Energy, have reported that PG&E carries out the Schemes against their Core Customers in

6  the Relevant Geography and that, similar to Tiger, United Energy and North Star, each CTA has

7  reported loss of customer and market share.

8      133.    In short, the Schemes drive up the CTAs' expenses and, by winnowing their

9  customer base, reduce the CTAs' effective economies of scale, preventing the CTAs from pricing

10  natural gas as competitively against PG&E's price as they once could since, no matter how low the

11  CTA sets it prices, PG&E can use Consolidated Billing to reverse customers back to itself, or dupe

12  the CTA into terminating the service, or falsely convince their customers to leave the CTA's gas

13  services and return to PG&E's services.

14      134.    Put another way, the predatory Schemes force CTAs into a Hobson's Choice: remain

15  with PG&E's billing and collections services, operated in a predatory manner; or institute separate

16  billing-and-collections, already determined to be a barrier to entry.

17      135.    Indeed, as a result of the Schemes, PG&E increased its share of the load—and,

18  therefore, its share of the natural gas market for Core Customers in the Relevant Geography—from

19  81% to 85% in just the two years since implementing the predatory Schemes.

20      136.    Consumers themselves have been harmed by PG&E's anticompetitive conduct since

21  PG&E has been able to raise its prices without fear of competition from the CTAs. For example,

22  Core Customers have experienced a 20% increase in gas prices at a time when wholesale gas prices

23  have decreased by 50%, as set forth in Paragraph 86.

24      137.    The Schemes pose a dangerous probability of allowing PG&E to achieve market

25  power. The Schemes have erected barriers to entry and expansion in the Relevant Geography and

26  resulted in a reduction in competition in the retail natural gas commodity market. Several

27  companies that retail natural gas in other states, such as Colorado based Aurora NG, will not

28  attempt entry as a result of PG&E's predatory practices. Other CTAs have allowed the Reversal

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400

- 28 -

COMPLAINT                                                            CASE NO.:

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400

Scheme to dwindle their customer base for ultimate withdrawal from the market. One such CTA has seen its customer base decline from about 40,000 to just around 5,000 since January 2015; this company will not invest in acquiring additional customers because of the Schemes. PG&E's schemes have made entry and expansion unprofitable, despite the fact that PG&E's gas supply is priced above competitive levels, due to the increased costs of marketing, customer retention, and carrying costs imposed by the Schemes.

138.    WHEREFORE, Plaintiff requests that this Court enter judgment against PG&E as follows:

a.    Actual damages in an amount to be proven at trial, but expected to be in the millions of dollars;

b.    Treble damages and attorneys' fees and costs as provided in 15 U.S.C. § 15; and

c.    Any other relief the Court determines is appropriate.

### FOURTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)

139.    Tiger incorporates herein by reference all allegations set forth in Paragraphs 1 through 138 of this Complaint.

140.    As set forth above, because Tiger has selected the option of Consolidated PG&E Billing, PG&E acts as Tiger's billing and collections agent for all of Tiger's customers in PG&E's service area.

141.    Specifically, PG&E calculates the amounts owed by Tiger's customers for natural gas, sends a bill containing Tiger's charges to Tiger's customers, collects payments from Tiger's customers, and remits (or is supposed to remit) those amounts to Tiger.

142.    Under this arrangement, PG&E represents Tiger with respect to billing and collection issues to Tiger's customers and is entrusted with the duty to receive and disburse Tiger's money and to keep accurate records of these transactions. Because they are Tiger's customers, Tiger has a right to control and supervise PG&E's actions as the beneficiary of the fiduciary relationship.

143.    Accordingly, PG&E is Tiger's agent under Cal. Civ. Code § 2295, and owes Tiger a

- 29 -

COMPLAINT

CASE NO.:

1  fiduciary duty of loyalty.

2      144.    PG&E has retained moneys that it collected from Tiger's customers for its own

3  benefit and has failed and refused to turn those amounts over to Tiger. This is a breach of PG&E's

4  duty of loyalty to Tiger.

5      145.    In addition, PG&E has used its special relationship of trust as Tiger's billing and

6  collections agent as well as its position as the default monopoly natural gas provider to improperly

7  compete with Tiger, including making false representations to Tiger about the status of its customer

8  accounts and also encouraging Tiger's customers to cancel Tiger's services so that the customer

9  will revert back to PG&E.

10      146.    Tiger has been damaged by PG&E's breach of its fiduciary duty to Tiger, including

11  amounts that PG&E has wrongfully withheld from Tiger and customers terminated without reason

12  due to PG&E's fraudulent representations to Tiger.

13      147.    PG&E's breach of its duty of loyalty and fraud were done intentionally and with

14  malice designed to injure Tiger. Specifically, as set forth above in Paragraphs 45 through 89,

15  PG&E made repeated false statements to Tiger about the amounts owed and paid by Tiger's

16  customers, and wrongfully allocated Tiger customer payments to PG&E's own charges.

17      148.    PG&E's breach of its duty of loyalty and fraud were made with the advance

18  knowledge and authorization of William H. Chen, the manager of PG&E's Account Services group

19  for Core Transport Agents.

20      149.    WHEREFORE, Plaintiff requests that this Court enter judgment against PG&E as

21  follows:

22      a.    Actual damages in an amount to be proven at trial, but expected to be in the millions

23      of dollars;

24      b.    Exemplary and punitive damages as permitted by law;

25      c.    Its attorneys' fees and costs incurred as permitted by law; and

26      d.    Any other relief the Court deems appropriate.

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400

- 30 -

COMPLAINT                                     CASE NO.:

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400

## FIFTH CAUSE OF ACTION
### (Intentional Misrepresentation)

150. Tiger incorporates herein by reference all allegations set forth in Paragraphs 1 through 149 of this Complaint.

151. PG&E made repeated, intentionally false statements to Tiger every time that PG&E used the wires to transmit information about Tiger's customer accounts which reflected that Tiger's customers had not paid for all of Tiger's charges, but where in fact the customer had either fully paid for Tiger's charges or where PG&E told the customer not to pay Tiger's charges.

152. These false statements were made as set forth in Paragraphs 54, 66, and 76 above and included affirmative false statements as to whether a customer had paid for Tiger's charges, as well as the intentional concealment of the fact that the customer had, in fact, paid Tiger's energy charges, but that PG&E retained those monies and applied them to its own customer accounts.

153. PG&E intended that Tiger rely on PG&E's false statements and intentional concealment. Tiger justifiably relied on PG&E's false statements about its customers by sending collection and disconnection notices to these customers when, in fact, the customer's Tiger charges were fully paid to PG&E.

154. PG&E's intentional false statements have caused Tiger damages, including lost revenues and income unlawfully withheld by PG&E, lost customers, lost market share, out of pocket costs associated with trying to collect customer accounts which PG&E falsely represented were not paid, and costs associated with trying to repair customer relationships for customers which Tiger mistakenly attempted to collect from when in fact the customer had fully paid all of Tiger's charges but PG&E had wrongfully withheld those amounts from Tiger. Through its actions, PG&E intended to cause Tiger injury. Further, PG&E carried on its actions with a willful and conscious disregard of the rights of Tiger and Tiger's customers.

155. WHEREFORE, Plaintiff requests that this Court enter judgment against PG&E as follows:

a. Damages in an amount to be proven at trial, but estimated to be in the millions of dollars;

b. Exemplary and punitive damages under Cal. Civ. Code § 3294;

- 31 -

COMPLAINT

CASE NO.:

c.     Its attorneys' fees and costs incurred as permitted by law; and

d.     Any other relief the Court deems appropriate.

## SIXTH CAUSE OF ACTION
### (Negligent Misrepresentation)

156.   Tiger incorporates herein by reference all allegations set forth in Paragraphs 1 through 155 of this Complaint.

157.   PG&E made repeated false statements to Tiger every time that PG&E used the wires to transmit information about Tiger's customer accounts which reflected that Tiger's customers had not paid for all of Tiger's charges, but where in fact the customer had fully paid for Tiger's charges but PG&E intentionally allocated those amounts to PG&E's portions of the customer's bill. These misrepresentations were material and were made without PG&E having reasonable grounds for believing the misrepresentations to be true.

158.   These misrepresentations were made as set forth in Paragraphs 1 through 89 above and included affirmative false statements as to whether a customer had paid for Tiger's charges, as well as the intentional concealment of the fact that the customer had, in fact, paid Tiger's energy charges, but that PG&E retained those monies and applied them to its own customer accounts.

159.   PG&E intended that Tiger rely on PG&E's misrepresentations. Tiger justifiably relied on PG&E's misrepresentations about its customers by, *inter alia*, disconnecting its customers when, in fact, the customer's Tiger charges were fully paid to PG&E.

160.   PG&E's misrepresentations described above have caused Tiger damages, including lost revenues and income unlawfully withheld by PG&E, lost customers, lost market share, out of pocket costs associated with trying to collect customer accounts which PG&E falsely represented were not paid, and costs associated with trying to repair customer relationships for customers which Tiger mistakenly attempted to collect from when in fact the customer had fully paid all of Tiger's charges but PG&E had wrongfully withheld those amounts from Tiger.

161.   WHEREFORE, Plaintiff requests that this Court enter judgment against PG&E as follows:

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400

- 32 -

a. Actual damages in an amount to be proven at trial, but expected to be in the millions of dollars;

b. Exemplary and punitive damages under Cal. Civ. Code § 3294;

c. Its attorneys' fees and costs incurred as permitted by law; and

d. Any other relief the Court deems appropriate.

### SEVENTH CAUSE OF ACTION
#### (Intentional Interference with Contract)

162. Tiger incorporates herein by reference all allegations set forth in Paragraphs 1 through 161 of this Complaint.

163. Tiger and its customers are parties to valid contracts under which Tiger provides natural gas and the customers pay Tiger's charges for that gas.

164. PG&E is aware of Tiger's contracts with its customers.

165. PG&E's intentional acts are designed to induce a breach or disruption of the contracts between Tiger and its customers. Specifically, PG&E made repeated, intentionally false statements to Tiger every time that PG&E used the wires to transmit information about Tiger's customer accounts which reflected that Tiger's customers had not paid for all of Tiger's charges, but where in fact the customer had fully paid for Tiger's charges but PG&E intentionally allocated those amounts to PG&E's portions of the customer's bill.

166. In addition, PG&E's customer service representatives have encouraged Tiger customers to cancel Tiger's services during calls to discuss billing issues, which is an abuse of PG&E's status as Tiger's billing and collection agent.

167. PG&E intended to interfere with contracts between Tiger and its customers by inducing Tiger to send disconnection notices to these customers when, in fact, the customers' Tiger charges were fully paid to PG&E.

168. Certain Tiger customers have cancelled their contracts with Tiger based on PG&E's interference with the contracts between Tiger and these customers.

169. PG&E's intentional interference with the contracts between Tiger and its customers have caused Tiger damages, including lost revenues and income unlawfully withheld by PG&E, lost

- 33 -

COMPLAINT

CASE NO.:

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400

1  customers, lost market share, out-of-pocket costs associated with trying to collect customer

2  accounts which PG&E falsely represented were not paid, and costs associated with trying to repair

3  customer relationships for customers which Tiger mistakenly attempted to collect from when in fact

4  the customer had fully paid all of Tiger's charges but PG&E had wrongfully withheld those

5  amounts from Tiger.

6  170.   WHEREFORE, Plaintiff requests that this Court enter judgment against PG&E as

7  follows:

8  a.   Damages in an amount to be proven at trial, but estimated to be in the millions of

9  dollars;

10  b.   Damages under Cal. Civ. Code § 3294;

11  c.   Its attorneys' fees and costs incurred as permitted by law; and

12  d.   Any other relief the Court deems appropriate.

### EIGHTH CAUSE OF ACTION
### (Intentional Interference with Prospective Business Advantage)

15  171.   Tiger incorporates herein by reference all allegations set forth in Paragraphs 1

16  through 170 of this Complaint.

17  172.   Tiger and its customers have an economic relationship in which Tiger provides

18  natural gas and the customers pay Tiger's charges for that gas and under which there is a probability

19  of future economic benefit to Tiger.

20  173.   PG&E is aware of Tiger's economic relationship with its customers.

21  174.   PG&E's intentional acts are designed to induce a breach or disruption of the

22  economic relationship between Tiger and its customers. Specifically, PG&E made repeated,

23  intentionally false statements to Tiger every time that PG&E used the wires to transmit information

24  about Tiger's customer accounts which reflected that Tiger's customers had not paid for all of

25  Tiger's charges, but where in fact the customer had fully paid for Tiger's charges but PG&E

26  intentionally allocated those amounts to PG&E's portions of the customer's bill.

27  175.   PG&E intended to interfere with the economic relationship between Tiger and its

28  customers by inducing Tiger to send disconnection notices to these customers when, in fact, the

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400

COMPLAINT

- 34 -

CASE NO.:

1    customers' Tiger charges were fully paid to PG&E.

2        176.    In addition, PG&E's customer service representatives have encouraged Tiger

3    customers to cancel Tiger's services during calls to discuss billing issues, which is an abuse of

4    PG&E's status as Tiger's billing and collection agent.

5        177.    Certain Tiger customers have cancelled their economic relationship with Tiger based

6    on PG&E's interference with the economic relationship between Tiger and these customers.

7        178.    PG&E's intentional interference with the economic relationship between Tiger and

8    its customers have caused Tiger damages, including lost revenues and income unlawfully withheld

9    by PG&E, lost customers, lost market share, out of pocket costs associated with trying to collect

10   customer accounts which PG&E falsely represented were not paid, and costs associated with trying

11   to repair customer relationships for customers which Tiger mistakenly attempted to collect from

12   when in fact the customer had fully paid all of Tiger's charges but PG&E had wrongfully withheld

13   those amounts from Tiger.

14       179.    WHEREFORE, Plaintiff requests that this Court enter judgment against PG&E as

15   follows:

16       a.    Damages in an amount to be proven at trial, but estimated to be in the millions of

17       dollars;

18       b.    Exemplary and punitive damages under Cal. Civ. Code § 3294;

19       c.    Its attorneys' fees and costs incurred as permitted by law; and

20       d.    Any other relief the Court deems appropriate.

21

22                           **NINTH CAUSE OF ACTION**
                 **(Violation of Cal. Bus. & Prof. Code § 17200, et seq.)**

23       180.    Tiger incorporates herein by reference all allegations set forth in Paragraphs 1

24   through 179 of this Complaint.

25       181.    PG&E's actions as described above are unlawful, unfair, anti-competitive, and/or

26   fraudulent business practices as defined by Cal. Bus. & Prof. Code § 17200, et seq.

27       182.    PG&E's unlawful, unfair, anti-competitive, and/or fraudulent business practices have

28   caused Tiger damages and irreparable harm.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400

- 35 -

COMPLAINT                                                    CASE NO.:

183. Tiger seeks restitution of all amounts paid by Tiger customers to PG&E that PG&E has not remitted to Tiger, plus applicable interest.

184. WHEREFORE, Plaintiff requests that this Court enter judgment against PG&E as follows:

a. Restitution of all amounts paid by Tiger customers for Tiger natural gas charges which are being wrongfully held by PG&E;

b. Its attorneys' fees and costs incurred as permitted by law; and

c. Any other relief the Court deems appropriate.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff TIGER NATURAL GAS, INC. prays for judgment against Defendants Pacific Gas and Electric Company, Albert Torres, Bill Chen, and Tanisha Robinson as follows:

(1) Actual damages on all applicable Counts in an amount to be proven at trial;

(2) Treble damages and attorneys' fees and costs as provided in 18 U.S.C. § 1964(c);

(3) Treble damages and attorneys' fees and costs against Pacific Gas & Electric Company as provided in 15 U.S.C. § 15;

(4) Exemplary and punitive damages as permitted by law;

(5) Any other attorneys' fees and costs as permitted by law; and

(6) Such other and further relief as may be appropriate.

### JURY DEMAND

Tiger respectfully demands a trial by jury under Fed. R. Civ. P. 38 on all of its claims so triable as permitted by law.

Dated: November 18, 2016

/s/ Nicholas B. Melzer
HOLLAND & KNIGHT LLP
Nicholas B. Melzer

Attorneys for Plaintiff
TIGER NATURAL GAS, INC.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400

Case: 19-30088   Doc# 4322-3   Filed: 10/18/19   Entered: 10/18/19 18:29:08   Page 37 of 75

# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

CIVIL MINUTE ORDER

DATE: November 17, 2017                                    Time in Court: 14 minutes

JUDGE: JEFFREY S. WHITE                    Court Reporter: Raynee Mercado

Courtroom Deputy: Jennifer Ottolini

CASE NO. C-16-6711  JSW
TITLE:  Tiger Natural Gas, Inc.  v.  Pacific Gas & Electric, et al.,

COUNSEL FOR PLAINTIFF:              COUNSEL FOR DEFENDANT:
Thomas Leland                               Laurie Edelstein

PROCEEDINGS:   Initial Case Management Conference

RESULTS:     Counsel shall confer with clients and submit a joint consent / declination for
             reassignment to a Magistrate Judge for All Purposes by 12-1-17.

             The parties are reminded that this Court referred all discovery disputes to Mag. Judge
             Kim and they are directed to address their disputes to Mag. Judge Kim.

             If the parties believe this case should be related to another case, they shall file a Motion
             to Relate with the Judge with the lowest numbered case.

             Last day to Amend Pleadings:  11-30-17

             ADR:  Private Mediation to be completed by 3-30-18

             Close of fact discovery:          10-5-18
             Initial expert disclosure:        11-16-18
             Rebuttal expert disclosure:       12-21-18
             Close of expert discovery:        1-18-19

             Hearing on dispositive motions (if any): 4-19-19 at 9:00 am*
                     *If the parties will be filing cross motions dispositive motions, they shall
                     meet and confer and agree to a 4-brief schedule whereby the final brief is
                     filed 3 weeks before the hearing as follows:
                             Opening summary judgment motion is filed
                             Opposition and cross-motion are filed
                             Reply and opposition to the cross-motion are filed
                             Reply is filed (at least 3 weeks prior to hearing date)

             Hearing on Daubert motions:     8-2-19 at 9:00 am
                     Opening brief due:       6-7-19
                     Opposition due:          6-28-19
                     Reply due:               7-12-19

             Pretrial Conference:      8-19-19 at 2:00 pm**
             Jury Selection:           9-11-19 at 8:00 am
             Jury Trial:               9-16-19 at 8:00 am (15 day est)

             **Counsel are referred to Judge White's Standing order:
             *GUIDELINES FOR TRIAL AND FINAL PRETRIAL CONFERENCE IN CIVIL JURY
             CASES BEFORE THE HONORABLE JEFFREY S. WHITE*

# EXHIBIT 3

1   HOLLAND & KNIGHT LLP
    Thomas D. Leland (Pro Hac Vice)
2   Leah E. Capritta (Pro Hac Vice)
    1801 California Street, Suite 5000
3   Denver, Colorado 80202
    Telephone: (303) 974-6660
4   Fax: (303) 974-6659
    E-mail: thomas.leland@hklaw.com
5           leah.capritta@hklaw.coms

6   HOLLAND & KNIGHT LLP
    Nicholas B. Melzer (246356)
7   400 South Hope Street, 8th Floor
    Los Angeles, CA  90071
8   Telephone:  213.896.2400
    Fax:  213.896.2450
9   E-mail:nicholas.melzer@hklaw.com

10  Attorneys for Plaintiff
    TIGER NATURAL GAS, INC.

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13

14  TIGER NATURAL GAS, INC.,            )   Case No.: **16-CV-6711-JSW**
                                        )
15              Plaintiff,              )   [PROPOSED] ORDER  ON
                                        )   DEFENDANTS' MOTION FOR
16        vs.                           )   TEMPORARY STAY OR EXTENSION
                                        )   OF TIME TO COMPLETE LIMITED
17  PACIFIC GAS AND ELECTRIC            )   FACT DISCOVERY
    COMPANY, a California corporation,; )
18  ALBERT TORRES, an individual; BILL  )
    CHEN, an individual; TANISHA ROBINSON, )
19  an individual,                      )
                                        )
20              Defendants.             )
                                        )
21                                      )
                                        )
22  _____)

23

24        THE COURT having reviewed Defendants' Motion for Temporary Stay or Extension of

25  Time and Plaintiff's Opposition to Defendants' Motion for Temporary Stay or Extension of Time to

26  Complete Limited Fact Discovery and being fully advised herein,

27

28

[PROPOSED] ORDER ON DEFENDANTS' MOTION FOR TEMPORARY STAY        NO.: 16-CV-6711-JSW

1    HEREBY denies Defendants' Motion for Temporary Stay or Extension of Time to Complete

2    Limited Fact Discovery.

3

4    Date: 23rd day of January____, 2019        Signed: _____

5                                                Hon. Jeffrey S. White

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

[PROPOSED] ORDER ON DEFENDANTS' MOTION FOR TEMPORARY STAY        NO.: 16-CV-6711-JSW

# EXHIBIT 4

1

2

3

4                        UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7    TIGER NATURAL GAS, INC.,                Case No.  16-cv-06711-JSW   (SK)

8                 Plaintiff,

9          v.                                 **ORDER ON DISCOVERY DISPUTE
                                              REGARDING REQUESTS FOR
10   PACIFIC GAS AND ELECTRIC                 PRODUCTION OF DOCUMENTS**
     COMPANY, et al.,
11                                            Regarding Docket Nos. 67, 68, 69
                 Defendants.

12

13          Now before the Court are the joint letter discovery briefs regarding disputes over requests

14   for production of documents.

15                                    **BACKGROUND**

16          In this action, Tiger Natural Gas, Inc. ("Plaintiff") contends that Pacific Gas & Electric

17   Company ("PG&E") has engaged in fraudulent activity as the billing and collections agent for

18   Plaintiff.  (Dkt. 1, ¶¶ 4-5.)  Plaintiff is a Core Transport Agent ("CTA") and in this capacity buys

19   gas on the open market and sells it to customers using PG&E's system of distribution, in direct

20   competition with PG&E.  (*Id.,* ¶¶ 2. 29, 31.)  PG&E must offer CTAs a billing option known as

21   "Optional Consolidated PG&E Billing," in which both the CTA's charges and PG&E's charges

22   will appear on a single bill and in which the customer sends one payment to PG&E for both sets of

23   charges.  (*Id.,* ¶ 33.)  Plaintiff alleges that PG&E and its employees have transmitted fraudulent

24   information to the CTAs and caused damage to the CTAs.  (*Id.,* ¶¶ 5 -13.)

25          Plaintiff alleges that PG&E participates in three fraudulent schemes: (1) the "Payment

26   Withholding Scheme," in which PG&E receives payments from Plaintiff's customers and "holds"

27   that money in a PG&E account instead of paying it to Plaintiff; (2) the "Energy Credit Scheme,"

28   in which PG&E applies credits from its own services and programs to Plaintiff's charges, which

1   reduces the payment to Plaintiff; and (3) the "Reversal Scheme," in which PG&E withholds

2   amounts due to Plaintiff because of allegedly incorrectly billed amounts when the charges were

3   actually paid correctly.  (*Id.,* ¶¶ 45-89.)

4                            **ANALYSIS**

5        Plaintiff moves to compel production of documents in three main categories:  (1)

6   documents regarding pricing, forecasting, allocation, and the CTA's costs (Document Requests

7   Nos. 29 – 33), (2) documents regarding the software system used to calculate the CTA's charges  -

8   the Customer Care & Billing system ("CC&B") (Document Requests Nos. 8-16), and (3)

9   documents from the gas procurement and lobbying group and communications with the Office of

10   Ratepayer Advocates (Document Requests Nos. 7 and 34).

11        **A.  Document Requests Nos. 29-33**

12        Plaintiff seeks documents which Plaintiff needs for its Sherman Act antitrust claim.  Here,

13   Plaintiff alleges that PG&E's conduct in the three schemes outlined above constitutes "overt

14   predatory and exclusionary acts demonstrating its specific intention to destroy competition for

15   natural gas commodity service" to customers.  (Dkt. 1, ¶ 128.)

16        Plaintiff claims its experts need to analyze "PG&E's anticompetitive conduct, how it

17   affects the money plaintiffs must pay to PG&E for storage and transportation capacity, and its

18   results on the natural gas market in Northern California."  (Dkt. 67 at page 4.)  Specifically, in

19   Document Request No. 29, Plaintiff claims that it seeks "source documents" showing how PG&E

20   developed tariffed rates "to ensure that PG&E's rates for storage and transportation and

21   commodity price are correctly calculated."  (*Id.* at page 5.)  However, as PG&E correctly points

22   out, the rate that PG&E charged for storage and commodity price are not at issue in this litigation.

23   (*Id.* at page 7.)  The relevant issue is whether PG&E's billing practices in the three schemes

24   violate the Sherman Act.

25        In Document Request No. 30, Plaintiff seeks documents regarding forecasting and

26   procurement to "establish whether PG&E properly calculated and charged the CTAs for storage

27   and transportation."  (*Id.* at page 5.)  Again, pricing is not an issue in this case.

28        In Document Requests Nos. 31 - 33, Plaintiff seeks documents regarding changes in

United States District Court
Northern District of California

2

PG&E's pipeline allocation, the load and storage costs of CTAs, and core gas supply procurement for pipeline and storage. (*Id*.) Plaintiff claims, without any explanation, that its expert witnesses need this information to compile a report, but Plaintiff provides no explanation of how these documents are relevant to the damages alleged in this case. (*Id*.) PG&E points out that, in the Complaint, Plaintiff alleges only that PG&E's anticompetitive behavior increased operating expenses for CTAs because PG&E's schemes eliminate the CTAs' customers, and they must spend more on marketing costs to attract customers. (Dkt. 1, ¶ 130; Dkt. 67 at page 7.) In addition, Plaintiff alleges in the Complaint that CTA's have large carrying costs because PG&E's schemes result in late payments – if at all – to CTAs such as Plaintiff. (Dkt. 1, ¶ 131.) The documents Plaintiff seeks in Requests Nos. 31 – 33 do not address the specific harm that Plaintiff alleges. In addition, even on their face, the documents sought in Requests Nos. 31 – 33 are not relevant to damages or market share.

For these reasons, Plaintiff's motion to compel documents responsive to Requests Nos. 29-33 is DENIED.

**B. Document Requests Nos. 8-16**

Plaintiff seeks documents regarding changes to the billing system, as Plaintiff asserted in hearing for this motion, that Plaintiff is concerned about changes to the billing system that adversely affected Plaintiff. Plaintiff is also concerned that PG&E will allege as a defense that PG&E made changes to its billing system to "ameliorate the effects of the three schemes set forth in the Complaint." (Dkt. 68 at page 4.) Plaintiff also seeks documents about potential changes that PG&E considered but rejected. (*Id*.) At the hearing on this matter, Plaintiff pointed to specific categories in which their expert or consultant found discrepancies in billing that caused Plaintiff to suspect a change in the billing system.

The parties have conducted discovery in a similar case, *United Energy Trading, LLC v. Pacific Gas & Elec. Co*., No. 15-CV-2383-RS (the "UET litigation"). In that case, Plaintiff United Energy Trading LLC, represented by the same counsel, took the deposition of PG&E pursuant to Fed. R. Civ. P. 30(b)(6). PG&E designated Kimberly Miller as the deponent, and she testified that PG&E had made two changes to the billing system and that she was not aware of any

1   others.  (Dkt. 68-2, Ex. 2.)  The parties have stipulated that Plaintiff may rely upon Miller's

2   testimony.

3          Here, PG&E argues that producing documents in response to Requests Nos. 8-16 is

4   burdensome and not proportional to the case.  (Dkt. 68 at page 2.)  The Court agrees.  However,

5   the Court finds that some examination of the changes to the billing system or lack of changes to

6   the billing system is proportional to the needs of the case.  The Court ORDERS Plaintiff to

7   identify 10 representative samples of billing errors that Plaintiff suspects were caused by changes

8   in the billing system and provide that information to PG&E within 5 business days.  The Court

9   ORDERS PG&E to produce a witness most knowledgeable on the subject of whether the errors

10  were the result of a change in the billing system.  The parties must meet and confer on a date for

11  the deposition, but the deposition can take place after PG&E has at least 10 business days from the

12  receipt of the information from Plaintiff with the representative samples.

13         **C.  Document Requests Nos. 7 and 34**

14         Plaintiff seeks documents responsive to Request No. 7 from PG&E's gas procurement and

15  lobbying group.  (Dkt. 69 at pages 1, 4.)  Although PG&E produced documents responsive to

16  Request No. 7 in the UET litigation, PG&E did not search for those responsive documents from

17  all of the files of the lobbying groups.  (*Id*. at page 1.)  The Court finds that the request to search

18  all the files of lobbying groups for documents responsive to Request No. 7 is not proportional to

19  the case.  It is possible that there is a responsive document in one of those files, but the likelihood

20  is slim, given the nature of the lobbying groups' work.  The motion to compel PG&E to search all

21  the files of the lobbying groups to find documents responsive to Request No. 7 is DENIED.

22         Plaintiff also seeks documents responsive to Request No. 34 which address

23  communications between PG&E and the Office of Rate Payer Advocates about CTAs.  (*Id*. at

24  page 1.)  PG&E produced a document, the "ORA Report."  (*Id*. at page 5.)  PG&E is producing

25  quarterly reports and communications with ORA about the reports.  (*Id*. at page 8.)

26  / / /

27  / / /

28  / / /

United States District Court
Northern District of California

4

1    There appears to be no relevance of communications between PG&E and ORA about

2  CTAs, and Plaintiff provides no explanation for the relevance.  Thus, the motion to compel further

3  documents responsive to Request No. 34 is DENIED.

4    **IT IS SO ORDERED**.

5  Dated: July 31, 2018

6  
   _____

7  SALLIE KIM
   United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

5

# EXHIBIT 5

HOLLAND & KNIGHT LLP
Nicholas B. Melzer (246356)
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Telephone:  213.896.2400
Fax:  213.896.2450
E-mail:nicholas.melzer@hklaw.com

Thomas D. Leland (*pro hac vice*)
Leah E. Capritta (*pro hac vice*)
633 17th Street, Suite 2300
Colorado Plaza Tower I
Denver, C) 80202
Telephone:  303.974.6660
Fax:  303.974.6659
E-mail: thomas.leland@hklaw.com
          leah.capritta@hklaw.com

Attorneys for Plaintiff
TIGER NATURAL GAS, INC.

Laurie Edelstein (Bar No. 164466)
Seth R. Sias (Bar No. 260674)
STEPTOE & JOHNSON LLP
One Market Street
Steuart Tower, Suite 1800
San Francisco, California 94105
Telephone:  (415) 365-6700
Facsimile:  (415) 365-6699
Email:  ledelstein@steptoe.com
          ssias@steptoe.com

Attorneys for Defendants PACIFIC GAS
AND ELECTRIC COMPANY, ALBERT
TORRES, BILL CHEN AND
TANISHA ROBINSON

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TIGER NATURAL GAS, INC., | ) Case No.: 4:16-cv-06711-JSW (SK) |
| Plaintiff, | ) [PROPOSED] ORDER RE: |
| vs. | ) STIPULATED MOTION TO EXTEND |
| | ) FACT DISCOVERY DEADLINE IN |
| | ) ORDER TO SCHEDULE DEPOSITION |
| PACIFIC GAS AND ELECTRIC | ) OF PERSON MOST |
| COMPANY, a California corporation; | ) KNOWLEDGEABLE REGARDING |
| ALBERT TORRES, an individual; BILL | ) BILLING SYSTEM |
| CHEN, an individual; TANISHA ROBINSON, | ) |
| an individual, | ) Action Filed:     Nov. 18, 2016. |
| | ) Judge:             Hon. Jeffrey White |
| Defendants. | ) Magistrate:        Hon. Sallie Kim |
| | ) |

The Court HAVING REVIEWED THE PARTIES' Stipulated Motion to Extend Fact Discovery Deadline in Order to Schedule Deposition of Person Most Knowledgeable Regarding Billing System, and being fully advised herein,

It is hereby ordered that the Stipulated Motion to Extend Fact Discovery Deadline in Order to Schedule Deposition of Person Most Knowledgeable Regarding Billing System is GRANTED.

[PROPOSED] ORDER RE: STIPULATED MOTION
RE DEPOSITION OF PERSON MOST KNOWLEDGEABLE          CASE NO.:4:16-CV-06711-JSW (SK)

The deadline for the parties to complete fact discovery is extended to December 21, 2018, solely for the purpose of taking the deposition of PG&E's witness most knowledgeable with respect to whether ten representatives samples of alleged billing errors are the result of changes to PG&E's billing system, pursuant to Magistrate Judge Kim's July 31, 2018 Order.

Dated: __December 10__, 2018

BY THE COURT

By: _____

Honorable Judge Jeffrey White

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

- 2 -

[PROPOSED] ORDER RE: STIPULATED MOTION
RE DEPOSITION OF PERSON MOST KNOWLEDGEABLE               CASE NO.:4:16-CV-06711-JSW (SK)

# EXHIBIT 6

1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7     TIGER NATURAL GAS, INC.,                    Case No. 16-cv-06711-JSW   (SK)

8                      Plaintiff,

9              v.                                 **ORDER REGARDING DISCOVERY
                                                  DISPUTE**
10    PACIFIC GAS AND ELECTRIC
      COMPANY, et al.,                            Regarding Docket No. 108
11
                      Defendants.
12

13           The parties have filed a joint letter brief to address their dispute regarding the Court-

14    ordered meeting on the generation of the customer financial transaction data files for litigation.

15    This dispute is a continuation of an earlier dispute regarding the same data, but this dispute

16    follows a meeting the Court ordered for the parties' experts and employees to discuss the data.

17           The parties initially filed a letter brief on this subject on October 1, 2018.  (Dkt. 86.)  At a

18    hearing on October 15, 2018, the Court ordered as follows:

19           The Court rules that the parties will meet by 12/7/2018 to discuss the gathering and
             organization of the data regarding customer billing and payment from the CC&B
20           system.  Plaintiff will choose one expert/computer analyst for the discussion, and
             Defendants can designate any employees necessary for the meeting.  Attorneys may
21           be present for the meeting.  The parties' designees will meet for up to five hours to
             discuss the process of gathering and organizing the data, and Plaintiff can review
22           the actual database and technology to review the process.  However, Plaintiff's
             expert/computer analyst may not alter or manipulate core data, and the discussion
23           will not go into the issue in this case of how PG&E generated reports regarding
             customer billing and payments from the CC&B system for Plaintiff.  PG&E is
24           ordered to pay for up to five hours of time for Plaintiff's designated
             expert/computer analyst, not to exceed $750 per hour but billed at the regular
25           consulting rate for the expert/computer analyst.

26

27    (Dkt. 92.)

28    / / /

United States District Court
Northern District of California

1        Before the meeting occurred, the parties submitted this letter brief on November 29, 2018

2   because Plaintiff predicted that five hours would be insufficient for its expert/computer analyst to

3   analyze the data. (Dkt. 108.)  The parties met on December 4, 2018 (Dkts. 111, 112), and Plaintiff

4   (through its expert/computer analyst) contends that the "meeting . . . was not sufficient to do a

5   proper analysis of the queries." (Dkt. 111.)  In particular, Plaintiff contends that PG&E was

6   unable to explain three main areas of concern: (1) how "how the queries it had used produced data

7   showing that a single service account identification number was associated both with a third-party

8   provider and wit PG&E;" (2) "why some queries produced financial records which were

9   completely identical to each other, including fields that PG& claimed would necessarily be *unique*

10  *per financial transaction*;" and (3) "how the queries it had used produced data showing many

11  transactions with an arrears date falling after the accounting date." (Dkt. 111 (emphasis in

12  original).)

13       Plaintiff thus asks for up to two additional days "for review of PG&E's CC&B system to

14  allow [Plaintiff's] consultant to ascertain the accuracy of the information provided by PG&E[.]"

15  However, Plaintiff does not specify the parameters of the "review."  Previously, as noted above,

16  PG&E had resisted, and the Court did not allow Plaintiff to alter or manipulate core data.

17       Given the continuing questions that Plaintiff has raised, the Court ORDERS as follows:

18  The parties will meet by January 31, 2019 to discuss further the gathering and organization of the

19  data regarding customer billing and payment from the CC&B system.  Plaintiff will choose one

20  expert/computer analyst for the discussion, and Defendants can designate any employees

21  necessary for the meeting.  Attorneys may be present for the meeting.  The parties' designees will

22  meet for up to ten hours total over two days to discuss the process of gathering and organizing the

23  data, and Plaintiff can review the actual database and technology to review the process.  However,

24  Plaintiff's expert/computer analyst may not alter or manipulate core data, and the discussion will

25  not go into the issue in this case of how PG&E generated reports regarding customer billing and

26  payments from the CC&B system for Plaintiff.  The parties will bear their own attorneys' fees and

27  costs, including the costs of their own experts and analysts.  Five days before the actual meeting,

28  Plaintiff will submit questions from the initial meeting to PG&E, in writing, to allow PG&E to

United States District Court
Northern District of California

2

1   assess the questions and prepare for the meeting.

2        **IT IS SO ORDERED**.

3   Dated: January 3, 2019

4   

5   SALLIE KIM
    United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

3

# EXHIBIT 7

ADRMOP,PRVADR,REFDIS,STAYED

# U.S. District Court
## California Northern District (Oakland)
## CIVIL DOCKET FOR CASE #: 4:16-cv-06711-JSW

Tiger Natural Gas, Inc. v. Pacific Gas and Electric Company et al
Assigned to: Hon. Jeffrey S. White
Referred to: Magistrate Judge Sallie Kim
Cause: 18:1961 Racketeering (RICO) Act

Date Filed: 11/18/2016
Jury Demand: Both
Nature of Suit: 470 Racketeer/Corrupt Organization
Jurisdiction: Federal Question

**Plaintiff**

| **Tiger Natural Gas, Inc.** | represented by | **Garrett S. Garfield** |
| | | Holland and Knight LLP |
| | | 2300 U.S. Bancorp Tower |
| | | 111 S.W. Fifth Avenue |
| | | Portland, OR 97204 |
| | | (503) 517-2931 |
| | | Email: garrett.garfield@hklaw.com |
| | | *PRO HAC VICE* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Leah E. Capritta** |
| | | Holland & Knight LLP |
| | | 1801 California Street |
| | | Suite 5000 |
| | | Denver, CO 80202 |
| | | (303) 974-6660 |
| | | Fax: (303) 974-6659 |
| | | Email: leah.capritta@hklaw.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Thomas Drew Leland** |
| | | Holland and Knight LLP |
| | | 633 17th Street, Suite 2300 |
| | | Denver, CO 80202 |
| | | (303) 974-6660 |
| | | Email: thomas.leland@hklaw.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Nicholas Brian Melzer** |
| | | Holland & Knight LLP |
| | | 400 South Hope Street, 8th Floor |
| | | Los Angeles, CA 90071 |
| | | 213-896-2496 |
| | | Fax: 213-896-2450 |

Email: nicholas.melzer@hklaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Pacific Gas and Electric Company**
*a California corporation*

represented by **Laurie Edelstein**
Steptoe & Johnson LLP
One Market Plaza
Spear Tower, Suite 3900
San Francisco, CA 94105
(415) 365-6770
Fax: (415) 365-6670
Email: ledelstein@steptoe.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam Michael Reich**
Paul Hastings LLP
515 So. Flower Street
25th Floor
Los Angeles, CA 90071
213-683-6190
Fax: 213-627-0705
Email: adamreich@paulhastings.com
*TERMINATED: 03/16/2017*

**Arnold Barba**
LimNexus LLP
707 Wilshire Boulevard
46th Floor
Los Angeles, CA 90017
(213) 955-9500
Fax: (213) 955-9511
Email: arnold.barba@LimNexus.com
*TERMINATED: 01/31/2018*

**Dennis S. Ellis**
Paul Hastings LLP
515 South Flower Street
25th Floor
Los Angeles, CA 90071-2228
213-683-6000
Fax: 213-627-0705
Email: dennisellis@paulhastings.com
*TERMINATED: 03/16/2017*

**James Nathan Rotstein**
Paul Hastings LLP

515 South Flower Street, 25th Floor
Los Angeles, CA 90071
213-683-6256
Fax: 213-627-0705
Email: jamesrotstein@paulhastings.com
*TERMINATED: 03/16/2017*

**Nicholas James Begakis**
LimNexus LLP
707 Wilshire Boulevard
46th Floor
Los Angeles, CA 90017
(213) 955-9500
Fax: (213) 955-9511
Email: Nick.Begakis@limnexus.com
*TERMINATED: 01/31/2018*

**Seth Reed Sias**
Steptoe & Johnson LLP
One Market Plaza
Spear Tower, Suite 3900
San Francisco, CA 94105
(415) 365-6770
Fax: (415) 365-6670
Email: ssias@steptoe.com
*TERMINATED: 10/08/2019*

**Defendant**

| | | |
|---|---|---|
| **Albert Torres**<br>*an individual* | represented by | **Laurie Edelstein**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Adam Michael Reich**
(See above for address)
*TERMINATED: 03/16/2017*

**Dennis S. Ellis**
(See above for address)
*TERMINATED: 03/16/2017*

**James Nathan Rotstein**
(See above for address)
*TERMINATED: 03/16/2017*

**Seth Reed Sias**
(See above for address)
*TERMINATED: 10/08/2019*

**Defendant**

**Bill Chen**
*an individual*

represented by **Laurie Edelstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam Michael Reich**
(See above for address)
*TERMINATED: 03/16/2017*

**Dennis S. Ellis**
(See above for address)
*TERMINATED: 03/16/2017*

**James Nathan Rotstein**
(See above for address)
*TERMINATED: 03/16/2017*

**Seth Reed Sias**
(See above for address)
*TERMINATED: 10/08/2019*

**Defendant**

**Tanisha Robinson**
*an individual*

represented by **Laurie Edelstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam Michael Reich**
(See above for address)
*TERMINATED: 03/16/2017*

**Dennis S. Ellis**
(See above for address)
*TERMINATED: 03/16/2017*

**James Nathan Rotstein**
(See above for address)
*TERMINATED: 03/16/2017*

**Seth Reed Sias**
(See above for address)
*TERMINATED: 10/08/2019*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 11/18/2016 | 1 | COMPLAINT with Jury Demand against Bill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres (Filing fee $ 400, receipt number |

| | | |
|---|---|---|
| | | 0971-10944829.). Filed by Tiger Natural Gas, Inc.. (Attachments: # 1 Civil Cover Sheet)(Melzer, Nicholas) (Filed on 11/18/2016) Modified on 11/22/2016 (jlmS, COURT STAFF). (Entered: 11/18/2016) |
| 11/21/2016 | 2 | Case assigned to Hon. Jeffrey S. White. Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E-Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening. Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. Counsel is required to send chambers a copy of the initiating documents pursuant to L.R. 5-1(e)(7). A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. (cjlS, COURT STAFF) (Filed on 11/21/2016) (Entered: 11/21/2016) |
| 11/21/2016 | 3 | Proposed Summons. (Melzer, Nicholas) (Filed on 11/21/2016) (Entered: 11/21/2016) |
| 11/21/2016 | 4 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Tiger Natural Gas, Inc... (Melzer, Nicholas) (Filed on 11/21/2016) (Entered: 11/21/2016) |
| 11/22/2016 | 5 | MOTION for leave to appear in Pro Hac Vice *of Thomas D. Leland* ( Filing fee $ 305, receipt number 0971-10952089.) filed by Tiger Natural Gas, Inc.. (Attachments: # 1 Certificate/Proof of Service)(Melzer, Nicholas) (Filed on 11/22/2016) (Entered: 11/22/2016) |
| 11/22/2016 | 6 | MOTION for leave to appear in Pro Hac Vice *of Leah E. Capritta* ( Filing fee $ 305, receipt number 0971-10952133.) filed by Tiger Natural Gas, Inc.. (Attachments: # 1 Certificate/Proof of Service)(Melzer, Nicholas) (Filed on 11/22/2016) (Entered: 11/22/2016) |
| 11/22/2016 | 7 | Summons Issued as to Bill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres. (jlmS, COURT STAFF) (Filed on 11/22/2016) (Entered: 11/22/2016) |
| 11/22/2016 | 8 | **Initial Case Management Scheduling Order with ADR Deadlines: This case is assigned to a judge who participates in the Cameras in the Courtroom Pilot Project. See General Order 65 and http://cand.uscourts.gov/cameras Case Management Statement due by 2/10/2017. Case Management Conference set for 2/17/2017 11:00 AM. (Attachments: # 1 Notice of Eligibility for Video Recording)(jlmS, COURT STAFF) (Filed on 11/22/2016) (Entered: 11/22/2016)** |
| 11/23/2016 | 9 | ***ERRONEOUS ENTRY, PLEASE REFER TO DOCUMENT NO. 13*** Certificate of Interested Entities by Tiger Natural Gas, Inc.. (Melzer, Nicholas) |

| | | (Filed on 11/23/2016) Modified on 11/29/2016 (jlmS, COURT STAFF). (Entered: 11/23/2016) |
|---|---|---|
| 11/25/2016 | | Electronic filing error. Please re-file in its entirety re 9 Certificate of Interested Entities filed by Tiger Natural Gas, Inc. ***CORPORATE PARENT/OTHER AFFILIATE *MUST* BE ADDED AT PROMPT*** (kcS, COURT STAFF) (Filed on 11/25/2016) (Entered: 11/25/2016) |
| 11/28/2016 | 10 | **ORDER by Judge JEFFREY S. WHITE granting 5 Motion for Pro Hac Vice of Thomas D. Leland. (jjoS, COURT STAFF) (Filed on 11/28/2016) (Entered: 11/28/2016)** |
| 11/28/2016 | 11 | **ORDER by Judge JEFFREY S. WHITE granting 6 Motion for Pro Hac Vice of Leah E. Capritta. (jjoS, COURT STAFF) (Filed on 11/28/2016) (Entered: 11/28/2016)** |
| 11/28/2016 | 12 | **ORDER SETTING CASE MANAGEMENT CONFERENCE AND REQUIRING JOINT CASE MANAGEMENT CONFERENCE STATEMENT.** Signed by Judge Jeffrey S. White on 11/28/16. (jjoS, COURT STAFF) (Filed on 11/28/2016) (Entered: 11/28/2016) |
| 11/28/2016 | 13 | Certificate of Interested Entities by Tiger Natural Gas, Inc. identifying Other Affiliate Lori Nalley for Tiger Natural Gas, Inc.. (Melzer, Nicholas) (Filed on 11/28/2016) (Entered: 11/28/2016) |
| 01/24/2017 | 14 | WAIVER OF SERVICE Returned Executed filed by Tiger Natural Gas, Inc.. Service by Pacific Gas and Electric Company waiver sent on 1/3/2017, answer due 3/4/2017. (Capritta, Leah) (Filed on 1/24/2017) Modified on 1/25/2017 (jlmS, COURT STAFF). (Entered: 01/24/2017) |
| 01/24/2017 | 15 | WAIVER OF SERVICE Returned Executed filed by Tiger Natural Gas, Inc.. Service waived by Tanisha Robinson waiver sent on 1/3/2017, answer due 3/4/2017. (Capritta, Leah) (Filed on 1/24/2017) Modified on 1/25/2017 (jlmS, COURT STAFF). (Entered: 01/24/2017) |
| 01/24/2017 | 16 | WAIVER OF SERVICE Returned Executed filed by Tiger Natural Gas, Inc.. Service waived by Albert Torres waiver sent on 1/3/2017, answer due 3/4/2017. (Capritta, Leah) (Filed on 1/24/2017) Modified on 1/25/2017 (jlmS, COURT STAFF). (Entered: 01/24/2017) |
| 01/24/2017 | 17 | WAIVER OF SERVICE Returned Executed filed by Tiger Natural Gas, Inc.. Service waived by Bill Chen waiver sent on 1/4/2017, answer due 3/6/2017. (Capritta, Leah) (Filed on 1/24/2017) (Entered: 01/24/2017) |
| 01/27/2017 | 18 | STIPULATION WITH PROPOSED ORDER Establishing Briefing Schedule, filed by Bill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres, Tiger Natural Gas, Inc.. (Attachments: # 1 Declaration of Dennis S. Ellis, # 2 Proposed Order)(Ellis, Dennis) (Filed on 1/27/2017) Modified on 1/30/2017 (jlmS, COURT STAFF). (Entered: 01/27/2017) |
| 01/27/2017 | 19 | Certificate of Interested Entities by Pacific Gas and Electric Company (Ellis, Dennis) (Filed on 1/27/2017) Modified on 1/30/2017 (jlmS, COURT STAFF). (Entered: 01/27/2017) |

| | | |
|---|---|---|
| 01/27/2017 | 20 | Certificate of Interested Entities by Bill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres (Ellis, Dennis) (Filed on 1/27/2017) (Entered: 01/27/2017) |
| 01/27/2017 | 21 | NOTICE of Appearance of Adam Michael Reich as Counsel, filed by Bill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres (Reich, Adam) (Filed on 1/27/2017) Modified on 1/30/2017 (jlmS, COURT STAFF). Modified on 1/30/2017 (jlmS, COURT STAFF). (Entered: 01/27/2017) |
| 01/27/2017 | 22 | NOTICE of Appearance of James Nathan Rotstein as Counsel, filed by Bill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres (Rotstein, James) (Filed on 1/27/2017) Modified on 1/30/2017 (jlmS, COURT STAFF). (Entered: 01/27/2017) |
| 01/27/2017 | 23 | STIPULATION WITH PROPOSED ORDER TO CONTINUE CASE MANAGEMENT CONFERENCE filed by Tiger Natural Gas, Inc., Bill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres. (Attachments: # 1 Declaration Leah E. Capritta Declaration, # 2 Proposed Order)(Melzer, Nicholas) (Filed on 1/27/2017) Modified on 1/30/2017 (jlmS, COURT STAFF). (Entered: 01/27/2017) |
| 01/30/2017 | 24 | **ORDER by Judge Jeffrey S. White granting AS MODIFIED 18 Stipulation Establishing Briefing Schedule. (jjoS, COURT STAFF) (Filed on 1/30/2017) (Entered: 01/30/2017)** |
| 01/30/2017 | 25 | **ORDER by Judge Jeffrey S. White granting 23 Stipulation TO CONTINUE CASE MANAGEMENT CONFERENCE. Joint Case Management Statement due by 5/26/2017. Initial Case Management Conference set for 6/2/2017 11:00 AM in Courtroom 5, 2nd Floor, Oakland.. (jjoS, COURT STAFF) (Filed on 1/30/2017) (Entered: 01/30/2017)** |
| 02/09/2017 | 26 | NOTICE of Appearance of Arnold Barba as Counsel, filed by Pacific Gas and Electric Company (Barba, Arnold) (Filed on 2/9/2017) Modified on 2/10/2017 (jlmS, COURT STAFF). (Entered: 02/09/2017) |
| 02/14/2017 | 27 | NOTICE of Appearance of Nicholas James Begakis as Counsel, filed by Pacific Gas and Electric Company (Begakis, Nicholas) (Filed on 2/14/2017) Modified on 2/15/2017 (jlm, COURT STAFF). (Entered: 02/14/2017) |
| 03/03/2017 | 28 | NOTICE of Appearance by Laurie Edelstein *on Behalf of Defendants* (Edelstein, Laurie) (Filed on 3/3/2017) (Entered: 03/03/2017) |
| 03/03/2017 | 29 | JOINT STIPULATION WITH PROPOSED ORDER *Extending Defendants' Time to Respond to Complaint and Modifying Briefing Schedule* filed by Bill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres, Tiger Natural Gas Inc. (Attachments: # 1 Declaration Declaration of Laurie Edelstein in Support of Joint Stipulation Extending Defendants' Time to Respond to Complaint and Modifying Briefing Schedule, # 2 Proposed Order [Proposed] Order Extending Defendants' Time to Respond to Complaint and Modifying Briefing Schedule as Stipulated)(Edelstein, Laurie) (Filed on 3/3/2017) Modified on 3/6/2017 (cpS, COURT STAFF). (Entered: 03/03/2017) |

| 03/03/2017 | 30 | NOTICE of Appearance by Seth Reed Sias *on Behalf of Defendants* (Sias, Seth) (Filed on 3/3/2017) (Entered: 03/03/2017) |
|---|---|---|
| 03/03/2017 | 31 | **ORDER GRANTING AS MODIFIED 29 Stipulation Extending Defendants' Time to Respond to Complaint and Modifying Briefing Schedule. Signed by Judge Jeffrey S. White on March 3, 2017. (jswlc3S, COURT STAFF) (Filed on 3/3/2017) (Entered: 03/03/2017)** |
| 03/16/2017 | 32 | MOTION to Withdraw as Attorney *for Defendants* filed by Bill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres. Responses due by 3/30/2017. Replies due by 4/6/2017. (Attachments: # 1 Proposed Order) (Ellis, Dennis) (Filed on 3/16/2017) (Entered: 03/16/2017) |
| 03/16/2017 | 33 | **Order by Hon. Jeffrey S. White granting 32 Motion Permitting Paul Hastings LLP to Withdraw as Counsel.(dtmS, COURT STAFF) (Filed on 3/16/2017) (Entered: 03/16/2017)** |
| 04/03/2017 | 34 | MOTION to Dismiss *Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure* filed by Bill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres. Motion Hearing set for 6/9/2017 09:00 AM in Courtroom 5, 2nd Floor, Oakland before Hon. Jeffrey S. White. Responses due by 5/1/2017. Replies due by 5/15/2017. (Attachments: # 1 Proposed Order) (Edelstein, Laurie) (Filed on 4/3/2017) (Entered: 04/03/2017) |
| 04/03/2017 | 35 | Request for Judicial Notice re 34 MOTION to Dismiss *Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure* filed byBill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20)(Related document(s) 34 ) (Edelstein, Laurie) (Filed on 4/3/2017) (Entered: 04/03/2017) |
| 05/01/2017 | 36 | OPPOSITION/RESPONSE (re 34 MOTION to Dismiss *Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure* ) filed byTiger Natural Gas, Inc.. (Attachments: # 1 Proposed Order)(Capritta, Leah) (Filed on 5/1/2017) (Entered: 05/01/2017) |
| 05/01/2017 | 37 | Request for Judicial Notice re 36 Opposition/Response to Motion *to Dismiss* filed byTiger Natural Gas, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Related document(s) 36 ) (Capritta, Leah) (Filed on 5/1/2017) (Entered: 05/01/2017) |
| 05/11/2017 | 38 | STIPULATION *REGARDING COORDINATION OF DEPOSITIONS IN SIMILAR ACTIONS* filed by Bill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres, Tiger Natural Gas Inc. (Attachments: # 1 Exhibit STIPULATION REGARDING COORDINATION OF DEPOSITIONS IN SIMILAR ACTIONS)(Edelstein, Laurie) (Filed on 5/11/2017) Modified on 5/12/2017 (cpS, COURT STAFF). (Entered: 05/11/2017) |
| 05/12/2017 | 39 | |

| | | |
|---|---|---|
| | | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options *by Pacific Gas and Electric Company* (Edelstein, Laurie) (Filed on 5/12/2017) (Entered: 05/12/2017) |
| 05/12/2017 | 40 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options *by Bill Chen* (Edelstein, Laurie) (Filed on 5/12/2017) (Entered: 05/12/2017) |
| 05/12/2017 | 41 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options *by Tanisha Robinson-Brown* (Edelstein, Laurie) (Filed on 5/12/2017) (Entered: 05/12/2017) |
| 05/12/2017 | 42 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options *by Albert Torres* (Edelstein, Laurie) (Filed on 5/12/2017) (Entered: 05/12/2017) |
| 05/12/2017 | 43 | STIPULATION and Proposed Order selecting Private ADR by Tiger Natural Gas, Inc. filed by Tiger Natural Gas, Inc.. (Capritta, Leah) (Filed on 5/12/2017) (Entered: 05/12/2017) |
| 05/15/2017 | 44 | **Order by Hon. Jeffrey S. White granting 43 Stipulation selecting Private ADR.(dtmS, COURT STAFF) (Filed on 5/15/2017) (Entered: 05/15/2017)** |
| 05/15/2017 | 45 | REPLY (re 34 MOTION to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure) filed by Bill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres. (Edelstein, Laurie) (Filed on 5/15/2017) Modified on 5/16/2017 (cjlS, COURT STAFF). (Entered: 05/15/2017) |
| 05/16/2017 | 46 | **ORDER CONTINUING CASE MANAGEMENT CONFERENCE AND ORDER OF REFERRAL.** Signed by Judge Jeffrey S. White on 5/16/17. Joint Case Management Statement due by 7/21/2017. Initial Case Management Conference set for 7/28/2017 11:00 AM in Courtroom 5, 2nd Floor, Oakland. (jjoS, COURT STAFF) (Filed on 5/16/2017) (Entered: 05/16/2017) |
| 05/16/2017 | 47 | **NOTICE OF REFERRAL FOR DISCOVERY. Signed by Magistrate Judge Sallie Kim on 5/16/2017. (mklS, COURT STAFF) (Filed on 5/16/2017) (Entered: 05/16/2017)** |
| 05/16/2017 | | CASE REFERRED to Magistrate Judge Sallie Kim for Discovery (ahmS, COURT STAFF) (Filed on 5/16/2017) (Entered: 05/16/2017) |
| 05/31/2017 | 48 | **CLERK'S NOTICE CONTINUING HEARING ON 34 MOTION TO DISMISS**<br>Motion Hearing set for 7/28/2017 09:00 AM in Courtroom 5, 2nd Floor, Oakland before Hon. Jeffrey S. White. (jjoS, COURT STAFF) (Filed on 5/31/2017) (Entered: 05/31/2017) |
| 06/28/2017 | 49 | **CLERK'S NOTICE CONTINUING INITIAL CASE MANAGEMENT CONFERENCE DATE:** Joint Case Management Statement due by 9/29/2017. Initial Case Management Conference set for 10/6/2017 11:00 AM in Courtroom 5, 2nd Floor, Oakland. (jjoS, COURT STAFF) (Filed on 6/28/2017) (Entered: 06/28/2017) |
| 07/05/2017 | 50 | |

| | | NOTICE of Change of Firm Address by Laurie Edelstein. (Edelstein, Laurie) (Filed on 7/5/2017) Modified on 7/6/2017 (cjlS, COURT STAFF). (Entered: 07/05/2017) |
|---|---|---|
| 07/25/2017 | 51 | **CLERK'S NOTICE VACATING HEARING ON MOTION TO DISMISS** (jjoS, COURT STAFF) (Filed on 7/25/2017) (Entered: 07/25/2017) |
| 09/11/2017 | 52 | **CLERK'S NOTICE CONTINUING INITIAL CASE MANAGEMENT CONFERENCE** Joint Case Management Statement due by 11/9/2017. Initial Case Management Conference set for 11/17/2017 11:00 AM in Courtroom 5, 2nd Floor, Oakland. (jjoS, COURT STAFF) (Filed on 9/11/2017) (Entered: 09/11/2017) |
| 10/25/2017 | 53 | **ORDER by Judge Jeffrey S. White denying 34 Motion to Dismiss. (jjoS, COURT STAFF) (Filed on 10/25/2017) (Entered: 10/25/2017)** |
| 11/08/2017 | 54 | ANSWER to Complaint with Jury Demand byBill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres. (Edelstein, Laurie) (Filed on 11/8/2017) (Entered: 11/08/2017) |
| 11/09/2017 | 55 | JOINT CASE MANAGEMENT STATEMENT filed by Tiger Natural Gas, Inc., Albert Torres, Tanisha Robinson, Pacific Gas and Electric Company, Bill Chen. (Capritta, Leah) (Filed on 11/9/2017) Modified on 11/13/2017 (cjlS, COURT STAFF). (Entered: 11/09/2017) |
| 11/17/2017 | 56 | **Minute Entry for proceedings held before Judge Jeffrey S. White: Initial Case Management Conference held on 11/17/2017. Amended Pleadings due by 11/30/2017. Close of Expert Discovery due by 1/18/2019. Close of Fact Discovery due by 10/5/2018. Consent/Declination due by 12/1/2017. Designation of Experts due by 11/16/2018. Rebuttal Reports due by 12/21/2018. Jury Selection set for 9/11/2019 08:00 AM in Courtroom 5, 2nd Floor, Oakland before Judge Jeffrey S. White. Jury Trial set for 9/16/2019 08:00 AM in Courtroom 5, 2nd Floor, Oakland before Judge Jeffrey S. White. Motion Hearing set for 4/19/2019 09:00 AM in Courtroom 5, 2nd Floor, Oakland before Judge Jeffrey S. White. Pretrial Conference set for 8/19/2019 02:00 PM in Courtroom 5, 2nd Floor, Oakland before Judge Jeffrey S. White. Responses due by 6/28/2019. Replies due by 7/12/2019. Motion Hearing set for 8/2/2019 09:00 AM in Courtroom 5, 2nd Floor, Oakland before Judge Jeffrey S. White.Total Time in Court: 14 minutes. Court Reporter: Raynbee Mercado. (jjoS, COURT STAFF) (Date Filed: 11/17/2017) (Entered: 11/17/2017)** |
| 12/01/2017 | 57 | JOINT CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Bill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres, Tigar Natural Gas, Inc. (Edelstein, Laurie) (Filed on 12/1/2017) Modified on 12/4/2017 (cjlS, COURT STAFF). (Entered: 12/01/2017) |
| 12/05/2017 | 58 | **ORDER SCHEDULING TRIAL AND PRETRIAL MATTERS.** Signed by Judge Jeffrey S. White on 12/5/17. (jjoS, COURT STAFF) (Filed on 12/5/2017) (Entered: 12/05/2017) |
| 01/29/2018 | 59 | MOTION to Withdraw as Attorney *for Defendants* filed by Bill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres. Responses due |

| | | by 2/12/2018. Replies due by 2/20/2018. (Attachments: # 1 Proposed Order Permitting Withdrawal Pursuant to Civil Local Rule 11-5)(Barba, Arnold) (Filed on 1/29/2018) (Entered: 01/29/2018) |
|---|---|---|
| 01/31/2018 | 60 | **ORDER by Judge Jeffrey S. White granting 59 Motion to Withdraw as Attorneyto Withdraw as Attorney for Defendants. (jjoS, COURT STAFF) (Filed on 1/31/2018) (Entered: 01/31/2018)** |
| 03/30/2018 | 61 | STIPULATION WITH [PROPOSED] ORDER Re: Request to Extend Mediation Deadline filed by Tiger Natural Gas, Inc., Albert Torres, Tanisha Robinson, Pacific Gas and Electric Company, Bill Chen. (Attachments: # 1 Declaration of Leah Capritta, # 2 Proposed Order)(Capritta, Leah) (Filed on 3/30/2018) Modified on 4/2/2018 (cjlS, COURT STAFF). (Entered: 03/30/2018) |
| 04/02/2018 | 62 | **Order by Judge Jeffrey S. White granting 61 Stipulation to Extend Mediation Deadline.(dtmS, COURT STAFF) (Filed on 4/2/2018) (Entered: 04/02/2018)** |
| 04/11/2018 | 63 | [Proposed] Stipulated Protective Order by Tiger Natural Gas, Inc., Albert Torres, Tanisha Robinson, Bill Chen. (Capritta, Leah) (Filed on 4/11/2018) Modified on 4/12/2018 (cjlS, COURT STAFF). (Entered: 04/11/2018) |
| 04/11/2018 | 64 | **ORDER Approving 63 Stipulated Protective Order. Signed by Judge Jeffrey S. White on April 11, 2018. (jswlc3S, COURT STAFF) (Filed on 4/11/2018) (Entered: 04/11/2018)** |
| 06/25/2018 | 65 | Stipulated with [Proposed] Order Request to Extend Mediation Deadline filed by Bill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres, Tiger Natural Gas, Inc. (Attachments: # 1 Declaration of Seth R. Sias in Support of Stipulated Request to Extend Mediation Deadline, # 2 Proposed Order Granting Stipulated Request to Extend Mediation Deadline)(Edelstein, Laurie) (Filed on 6/25/2018) Modified on 6/26/2018 (cjlS, COURT STAFF). (Entered: 06/25/2018) |
| 07/05/2018 | 66 | **ORDER by Judge JEFFREY S. WHITE granting as Modified 65 Stipulation to Extend Mediation Deadline. (jjoS, COURT STAFF) (Filed on 7/5/2018) (Entered: 07/05/2018)** |
| 07/09/2018 | 67 | JOINT DISCOVERY LETTER IDENTIFYING DISPUTE REGARDING PACIFIC GAS AND ELECTRIC COMPANYS RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS NOS. 29-33. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Capritta, Leah) (Filed on 7/9/2018) Modified on 7/10/2018 (cjlS, COURT STAFF). Modified on 7/11/2018 (mklS, COURT STAFF). (Entered: 07/09/2018) |
| 07/09/2018 | 68 | JOINT DISCOVERY LETTER IDENTIFYING DISPUTE REGARDING PACIFIC GAS AND ELECTRIC COMPANYS RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS NOS. 8-16. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Capritta, Leah) (Filed on 7/9/2018) Modified on 7/10/2018 (cjlS, COURT STAFF). Modified on 7/11/2018 (mklS, COURT STAFF). (Entered: 07/09/2018) |
| | | |

| 07/09/2018 | 69 | JOINT DISCOVERY LETTER IDENTIFYING DISPUTE REGARDING DEFENDANT PACIFIC GAS AND ELECTRIC COMPANYS RESPONSES TO REQUESTS FOR PRODUCTION 7 & 34. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Capritta, Leah) (Filed on 7/9/2018) Modified on 7/10/2018 (cjlS, COURT STAFF). Modified on 7/11/2018 (mklS, COURT STAFF). (Entered: 07/09/2018) |
|---|---|---|
| 07/11/2018 | 70 | CLERK'S NOTICE Setting Hearing: Notice is given that a Motion Hearing Re: Discovery Letter Briefs (dockets nos. 67 , 68 , and 69 ) is set for 7/20/2018 02:00 PM in San Francisco, Courtroom A, 15th Floor before Magistrate Judge Sallie Kim. *(This is a text-only entry generated by the court. There is no document associated with this entry.) (mklS, COURT STAFF) (Filed on 7/11/2018) (Entered: 07/11/2018)* |
| 07/20/2018 | 71 | **Minute Entry for proceedings held before Magistrate Judge Sallie Kim: Motion Hearing held on 7/20/2018 re Discovery Letter Briefs (docket nos. 67 , 68 , and 69 ). Counsel may send pertinent portions from the deposition of Ms. Miller to SKPO@cand.uscourts.gov for the Court to review. The letter briefs are taken under submission. The Court will issue a written order. (FTR Time: 2:02-2:35.)** <br><br> **Attorneys for Plaintiff: Leah Capritta; Liz Austin.** <br> **Attorneys for Defendants: Laurie Edelstein; Seth Sias.** <br><br> ***(This is a text-only entry generated by the court. There is no document associated with this entry.)* (mklS, COURT STAFF) (Date Filed: 7/20/2018) (Entered: 07/23/2018)** |
| 07/31/2018 | 72 | **ORDER ON DISCOVERY DISPUTE REGARDING REQUESTS FOR PRODUCTION OF DOCUMENTS (Re: Docket Nos. 67 , 68 , and 69 by Magistrate Judge Sallie Kim. (mklS, COURT STAFF) (Filed on 7/31/2018) (Entered: 07/31/2018)** |
| 08/14/2018 | 73 | Discovery Letter Brief *Identifying Dispute Regarding Tiger Natural Gas, Inc.'s Responses to Pacific Gas and Electric Company's Request for Production Nos. 22 & 23 and Interrogatory Nos. 10 & 13* filed by Bill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres and Tiger Natural Gas, Inc. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Edelstein, Laurie) (Filed on 8/14/2018) Modified on 8/15/2018 (jmlS, COURT STAFF). (Entered: 08/14/2018) |
| 08/16/2018 | 74 | **ORDER by Magistrate Judge Sallie Kim on 73 Discovery Letter Brief Regarding PG&E's Discovery Requests. (mklS, COURT STAFF) (Filed on 8/16/2018) (Entered: 08/16/2018)** |
| 09/05/2018 | 75 | Certification by Leah E. Capritta by Tiger Natural Gas, Inc. (Capritta, Leah) (Filed on 9/5/2018) Modified on 9/5/2018 (cjlS, COURT STAFF). (Entered: 09/05/2018) |
| 09/05/2018 | 76 | CERTIFICATE of Counsel by Laurie Edelstein on behalf of Bill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres (Edelstein, Laurie) (Filed on 9/5/2018) (Entered: 09/05/2018) |

| 09/14/2018 | 77 | Joint Discovery Letter re Tiger 30(b)(6) Witness Designations. (Attachments: # 1 Exhibit A)(Capritta, Leah) (Filed on 9/14/2018) Modified on 9/17/2018 (cjlS, COURT STAFF). (Entered: 09/14/2018) |
|---|---|---|
| 09/14/2018 | 78 | Joint Discovery Letter Identifying Dispute Regarding PG&E's Production of Documents From Its Core Gas Supply Department. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Capritta, Leah) (Filed on 9/14/2018) Modified on 9/17/2018 (cjlS, COURT STAFF). (Entered: 09/14/2018) |
| 09/17/2018 | 79 | **ORDER REGARDING DISCOVERY DISPUTES Filed on September 14 re 77 Joint Discovery Letter re Tiger 30(b)(6) Witness Designations. Signed by Judge Sallie Kim on 9/17/2018. (tlhS, COURT STAFF) (Filed on 9/17/2018) (Entered: 09/17/2018)** |
| 09/21/2018 | 80 | **ORDER REGARDING DISCOVERY DISPUTE Regarding Designation of Harold Pestana in Rule 26 Statement re 78 Joint Discovery Letter. Signed by Judge Sallie Kim on 9/21/2018. (tlhS, COURT STAFF) (Filed on 9/21/2018) (Entered: 09/21/2018)** |
| 09/21/2018 | 81 | STIPULATED MOTION TO AMEND ORDER SCHEDULING TRIAL AND PRETRIAL MATTERS filed by Tiger Natural Gas, Inc., Bill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres. (Attachments: # 1 Declaration, # 2 Proposed Order)(Capritta, Leah) (Filed on 9/21/2018) Modified on 9/24/2018 (cjlS, COURT STAFF). (Entered: 09/21/2018) |
| 09/21/2018 | 82 | Declaration of Seth R. Sias in Support of 81 STIPULATED MOTION TO AMEND ORDER SCHEDULING TRIAL AND PRETRIAL MATTERS filed by Bill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres. (Related document(s) 81 ) (Sias, Seth) (Filed on 9/21/2018) Modified on 9/24/2018 (cjlS, COURT STAFF). (Entered: 09/21/2018) |
| 09/24/2018 | 83 | **ORDER by Judge Jeffrey S. White granting AS MODIFIED HEREIN 81 MOTION TO AMEND ORDER SCHEDULING TRIAL AND PRETRIAL MATTERS: Close of Expert Discovery due by 4/5/2019. Designation of Experts due by 1/11/2019. Designation of Rebuttal Experts due by 3/1/2019. Joint Letter Brief due by 10/1/2018. (jjoS, COURT STAFF) (Filed on 9/24/2018) (Entered: 09/24/2018)** |
| 09/25/2018 | 84 | MOTION for leave to appear in Pro Hac Vice of Garrett Garfield (Filing fee $310, receipt number 0971-12708557) filed by Tiger Natural Gas, Inc. (Attachments: # 1 Certificate/Proof of Service)(Garfield, Garrett) (Filed on 9/25/2018) Modified on 9/26/2018 (cjlS, COURT STAFF). (Entered: 09/25/2018) |
| 09/26/2018 | 85 | **ORDER by Judge Jeffrey S. White granting 84 Motion for Pro Hac Vice for Garrett Garfield. (jjoS, COURT STAFF) (Filed on 9/26/2018) (Entered: 09/26/2018)** |
| 10/01/2018 | 86 | Joint Discovery Letter Brief *Regarding Extension of Fact Discovery Deadline* filed by Tiger Natural Gas, Inc., Pacific Gas & Electric Company, Albert Torres, Tanisha Robinson and Bill Chen. (Capritta, Leah) (Filed on 10/1/2018) Modified on 10/2/2018 (jmlS, COURT STAFF). (Entered: 10/01/2018) |

| 10/02/2018 | 87 | **ORDER GRANTING, IN PART, 86 JOINT LETTER BRIEF REGARDING EXTENSION OF FACT DISCOVERY DEADLINE. Signed by Judge Jeffrey S. White on 10/2/18. (jjoS, COURT STAFF) (Filed on 10/2/2018) (Entered: 10/02/2018)** |
|---|---|---|
| 10/05/2018 | 88 | MOTION Relief from Nondispositive Pretrial Order of Magistrate Judge Regarding Production of Documents from PG&E's Core Gas Supply Department filed by Tiger Natural Gas, Inc.. Responses due by 10/19/2018. Replies due by 10/26/2018. (Attachments: # 1 Proposed Order)(Capritta, Leah) (Filed on 10/5/2018) (Entered: 10/05/2018) |
| 10/05/2018 | 89 | Declaration of Leah E. Capritta in Support of 88 MOTION Relief from Nondispositive Pretrial Order of Magistrate Judge Regarding Production of Documents from PG&E's Core Gas Supply Department filed byTiger Natural Gas, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Related document(s) 88 ) (Capritta, Leah) (Filed on 10/5/2018) (Entered: 10/05/2018) |
| 10/09/2018 | 90 | **ORDER SETTING BRIEFING SCHEDULE as to 88 MOTION Relief from Nondispositive Pretrial Order of Magistrate Judge Regarding Production of Documents from PG&E's Core Gas Supply Department. Signed by Judge Jeffrey S. White on 10/9/18. Responses due by 10/26/2018. Replies due by 11/2/2018. (jjoS, COURT STAFF) (Filed on 10/9/2018) Modified on 10/10/2018 (jjoS, COURT STAFF). (Entered: 10/09/2018)** |
| 10/10/2018 | 91 | CLERK'S NOTICE Setting Telephonic Hearing: Notice is given that a Telephonic Discovery Hearing Re: 87 Order is set for 10/15/2018 10:30 AM in San Francisco, Chambers before Magistrate Judge Sallie Kim. The Court will circulate dial-in information to counsel by separate email. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (mklS, COURT STAFF) (Filed on 10/10/2018) (Entered: 10/10/2018) |
| 10/15/2018 | 92 | **Minute Entry for proceedings held before Magistrate Judge Sallie Kim: Telephonic Hearing held on 10/15/2018 re 86 Joint Discovery Letter Brief *Regarding Extension of Fact Discovery Deadline*. The Court rules that the parties will meet by 12/7/2018 to discuss the gathering and organization of the data regarding customer billing and payment from the CC&B system. Plaintiff will choose one expert/computer analyst for the discussion, and Defendants can designate any employees necessary for the meeting. Attorneys may be present at the meeting. The parties' designees will meet for up to five hours to discuss the process of gathering and organizing the data, and Plaintiff can review the actual database and technology to review the process. However, Plaintiff's expert/computer analyst may not alter or manipulate core data, and the discussion will not go to the issue in this case of how PG&E generated reports regarding customer billing and payment from the CC&B system for Plaintiff. PG&E is ordered to pay for up to five hours of time for Plaintiff's designated expert/computer analyst, not to exceed $750 per hour but billed at the regular consulting rate for the expert/computer analyst. (FTR Time: 10:31-10:44.)**<br><br>**Attorneys for Plaintiff: Leah Capritta; Garrett Garfield; Liz Austin. Attorneys for Defendants: Laurie Edelstein; Seth Sias.** |

| | | |
|---|---|---|
| | | *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (mklS, COURT STAFF) (Date Filed: 10/15/2018) Modified on 10/15/2018: Matter transcribed by Peggy Schuerger (AdHoc Reporting). (rjdS, COURT STAFF). (Entered: 10/15/2018) |
| 10/15/2018 | 93 | TRANSCRIPT ORDER for proceedings held on 10/15/2018 before Magistrate Judge Sallie Kim by Tiger Natural Gas, Inc., for Court Reporter FTR - San Francisco. (Capritta, Leah) (Filed on 10/15/2018) (Entered: 10/15/2018) |
| 10/15/2018 | 94 | 🔊 PDF with attached Audio File. Court Date & Time [ 10/15/2018 10:31:29 AM ]. File Size [ 5952 KB ]. Run Time [ 00:12:24 ]. (courtspeak). (Entered: 10/15/2018) |
| 10/18/2018 | 95 | Transcript of Proceedings held on 10/15/2018, before Magistrate Judge Sallie Kim. Court Reporter/Transcriber Peggy Schuerger/Ad Hoc Reporting, telephone number (619) 228-3774/adhocreporting@aol.com. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 93 Transcript Order ) Redaction Request due 11/8/2018. Redacted Transcript Deadline set for 11/19/2018. Release of Transcript Restriction set for 1/16/2019. (Related documents(s) 93 ) (pls, COURT STAFF) (Filed on 10/18/2018) (Entered: 10/18/2018) |
| 10/26/2018 | 96 | OPPOSITION/RESPONSE (re 88 MOTION Relief from Nondispositive Pretrial Order of Magistrate Judge Regarding Production of Documents from PG&E's Core Gas Supply Department ) filed byBill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres. (Edelstein, Laurie) (Filed on 10/26/2018) (Entered: 10/26/2018) |
| 10/26/2018 | 97 | Declaration of Laurie Edelstein in Support of 96 Opposition/Response to Motion, *for Relief from Nondispositive Pretrial Order of Magistrate Judge Regarding Production of Documents from PG&E's Core Gas Supply Department* filed byBill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20)(Related document(s) 96 ) (Edelstein, Laurie) (Filed on 10/26/2018) (Entered: 10/26/2018) |
| 10/26/2018 | 98 | Administrative Motion to File Under Seal *Exhibit to the Declaration of Laurie Edelstein in Support of Defendants' Opposition to Tiger Natural Gas, Inc.'s Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge Regarding Production of Documents from PG&E's Core Gas Supply Department* filed by Bill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres. (Attachments: # 1 Proposed Order Proposed Order Granting Defendants' Administrative Motion to Seal Exhibit to the Declaration |

| | | of Laurie Edelstein in Support of Defendants' Opposition to Tiger Natural Gas, Inc.'s Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge Regarding Production of Documents from PG&E's Core Gas Supply Department, # 2 Declaration of Seth R. Sias in Support of Defendants' Administrative Motion to Seal Exhibit to the Declaration of Laurie Edelstein in Support of Defendants' Opposition to Tiger Natural Gas, Inc.'s Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge Regarding Production of Documents from PG&E's Core Gas Supply Department, # 3 Exhibit Unredacted Version of Exhibit A, # 4 Exhibit B, # 5 Exhibit C) (Edelstein, Laurie) (Filed on 10/26/2018) (Entered: 10/26/2018) |
|---|---|---|
| 11/02/2018 | 99 | REPLY (re 88 MOTION Relief from Nondispositive Pretrial Order of Magistrate Judge Regarding Production of Documents from PG&E's Core Gas Supply Department ) filed byTiger Natural Gas, Inc.. (Capritta, Leah) (Filed on 11/2/2018) (Entered: 11/02/2018) |
| 11/05/2018 | 100 | **ORDER REGARDING 98 Administrative Motion to File Under Seal Exhibit 3 to Edelstein Declaration in Opposition to Motion for Relief from Nondispositive Pretrial Order.. Signed by Judge Jeffrey S. White on 11/5/18. (jjoS, COURT STAFF) (Filed on 11/5/2018) (Entered: 11/05/2018)** |
| 11/06/2018 | 101 | **ORDER SETTING HEARING ON 88 MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER; AND NOTICE OF TENTATIVE RULING AND QUESTIONS. Signed by Judge Jeffrey S. White on 11/6/18. Motion Hearing set for 11/16/2018 09:00 AM in Oakland, Courtroom 5, 2nd Floor before Judge Jeffrey S. White. (jjoS, COURT STAFF) (Filed on 11/6/2018) (Entered: 11/06/2018)** |
| 11/08/2018 | 102 | STIPULATION WITH [PROPOSED] ORDER on Motion for Relief from Non-Dispositive Pretrial Order filed by Bill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres, Tiger Natural Gas, Inc. (Attachments: # 1 Proposed Order Granting Stipulated Request to Reset Hearing on Motion for Relief from Non-Dispositive Pretrial Order)(Sias, Seth) (Filed on 11/8/2018) Modified on 11/9/2018 (cjlS, COURT STAFF). (Entered: 11/08/2018) |
| 11/09/2018 | 103 | **Order by Judge Jeffrey S. White granting 102 Stipulation to Continue Hearing on Motion for Relief from Non-Dispositive Order.(dtmS, COURT STAFF) (Filed on 11/9/2018) (Entered: 11/09/2018)** |
| 11/09/2018 | | Set/Reset Deadlines as to 88 MOTION Relief from Nondispositive Pretrial Order of Magistrate Judge Regarding Production of Documents from PG&E's Core Gas Supply Department . Motion Hearing set for 11/30/2018 09:00 AM in Oakland, Courtroom 5, 2nd Floor before Judge Jeffrey S. White. (dtmS, COURT STAFF) (Filed on 11/9/2018) (Entered: 11/09/2018) |
| 11/13/2018 | 104 | Joint Response to 100 Order Regarding Administrative Motion to Seal Exhibit 3 to Edelstein Declaration in Opposition to Motion for Relief from Non-dispositive Pretrial Order by Tiger Natural Gas, Inc., Bill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres. (Attachments: # 1 Exhibit A)(Capritta, Leah) (Filed on 11/13/2018) Modified on 11/14/2018 (cjlS, COURT STAFF). (Entered: 11/13/2018) |

| | | |
|---|---|---|
| 11/16/2018 | 105 | **ORDER by Judge JEFFREY S. WHITE granting in part 98 Administrative Motion to File Under Seal Exhibit to the Declaration of Laurie Edelstein in Support of Defendants' Opposition to Tiger Natural Gas, Inc.'s Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge Regarding Production of Documents from PG&E's Core Gas Supply Department. (jjoS, COURT STAFF) (Filed on 11/16/2018) (Entered: 11/16/2018)** |
| 11/21/2018 | 106 | RESPONSE to re 105 Order on Administrative Motion to File Under Seal, *Redacted version of Exhibit 3, previously filed as Exhibit A to Dkt. No. 104* by Bill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres. (Sias, Seth) (Filed on 11/21/2018) (Entered: 11/21/2018) |
| 11/23/2018 | | Electronic filing error. Incorrect PDF attached. [err201]. **Exhibits e-filed separately and not as an attachment, require a title page. Please refer toCivil Local Rule 3-4 re first page requirement.** This filing will not be processed by the clerks office. Please re-file in its entirety. Re: 106 Response ( Non Motion ), filed by Tanisha Robinson, Albert Torres, Pacific Gas and Electric Company, Bill Chen (jlmS, COURT STAFF) (Filed on 11/23/2018) (Entered: 11/23/2018) |
| 11/29/2018 | 107 | RESPONSE to 105 Order on Administrative Motion to File Under Seal by Bill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres. (Attachments: # 1 Exhibit Exhibit 3/A)(Sias, Seth) (Filed on 11/29/2018) Modified on 11/29/2018 (cjlS, COURT STAFF). (Entered: 11/29/2018) |
| 11/29/2018 | 108 | Joint Discovery Letter Idenfying Dispute Regarding the Court's Order Dated October 15, 2018 re Data Production filed by Tiger Natural Gas, Inc. and Pacific Gas & Electric Company, Bill Chen, Tanisha Robinson, Albert Torres. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Capritta, Leah) (Filed on 11/29/2018) Modified on 11/30/2018 (cjlS, COURT STAFF). (Entered: 11/29/2018) |
| 11/30/2018 | 109 | **Minute Entry for proceedings held before Judge Jeffrey S. White: Motion Hearing held on 11/30/2018. Total Time in Court: 21 minutes. Court Reporter: Kathy Wyatt. (jjoS, COURT STAFF) (Date Filed: 11/30/2018) (Entered: 11/30/2018)** |
| 11/30/2018 | 110 | **ORDER DENYING, Without Prejudice, 88 Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge Regarding Production of Documents from PG&E's Core Gas Supply Department. Signed by Judge Jeffrey S. White on November 30, 2018. (jswlc3S, COURT STAFF) (Filed on 11/30/2018) (Entered: 11/30/2018)** |
| 12/06/2018 | 111 | Declaration of Ronald Schnell in Support of 108 Letter, filed byTiger Natural Gas, Inc.. (Related document(s) 108 ) (Capritta, Leah) (Filed on 12/6/2018) (Entered: 12/06/2018) |
| 12/07/2018 | 112 | DEFENDANTS RESPONSE TO 111 SUPPLEMENTAL DECLARATION OF RONALD SCHNELL and 108 LETTER by Bill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres. (Edelstein, Laurie) (Filed |

| | | on 12/7/2018) Modified on 12/7/2018 (cjlS, COURT STAFF). (Entered: 12/07/2018) |
|---|---|---|
| 12/07/2018 | 113 | Stipulated Motion to Extend Fact Discovery Deadline in Order to Schedule Deposition of Person Most Knowledgeable Regarding Billing System filed by Tiger Natural Gas, Inc., Bill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres. (Attachments: # 1 Proposed Order)(Capritta, Leah) (Filed on 12/7/2018) Modified on 12/10/2018 (cjlS, COURT STAFF). (Entered: 12/07/2018) |
| 12/10/2018 | 114 | **ORDER by Judge Jeffrey S. White granting 113 Motion to Extend Fact Discovery Deadline in Order to Schedule Deposition of Person Most Knowledgeable Regarding Billing System. Close of Fact Discovery due by 12/21/2018. (jjoS, COURT STAFF) (Filed on 12/10/2018) (Entered: 12/10/2018)** |
| 12/18/2018 | 115 | MOTION TO EXTEND DEADLINES FOR EXPERT DISCOVERY filed by Tiger Natural Gas, Inc. (Attachments: # 1 Declaration Leah Capritta, # 2 Proposed Order)(Capritta, Leah) (Filed on 12/18/2018) Modified on 12/19/2018 (cjlS, COURT STAFF). (Entered: 12/18/2018) |
| 12/24/2018 | 116 | OPPOSITION/RESPONSE (re 115 MOTION TO EXTEND DEADLINES FOR EXPERT DISCOVERY ) filed byBill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres. (Attachments: # 1 Declaration of Seth R. Sias in Support of Defendants' Opposition to Tiger Natural Gas, Inc.'s Motion to Extend Discovery Deadlines for Expert Discovery)(Edelstein, Laurie) (Filed on 12/24/2018) (Entered: 12/24/2018) |
| 01/03/2019 | 117 | **ORDER by Judge Jeffrey S. White granting 115 Motion for Extension of Time to Complete Discovery. Close of Expert Discovery due by 5/6/2019. Designation of Experts due by 2/11/2019. Designation of Rebuttal Experts due by 4/1/2019. (jjoS, COURT STAFF) (Filed on 1/3/2019) (Entered: 01/03/2019)** |
| 01/03/2019 | 118 | **ORDER re 108 Discovery Letter Brief. Signed by Magistrate Judge Sallie Kim on 1/3/2019. (mklS, COURT STAFF) (Filed on 1/3/2019) (Entered: 01/03/2019)** |
| 01/17/2019 | 119 | ADMINISTRATIVE MOTION Temporary Stay filed by Bill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres. Responses due by 1/22/2019. (Attachments: # 1 Declaration of Seth R. Sias in Support of Defendants' Administrative Motion for Temporary Stay or Extension of Time to Complete Limited Fact Discovery, # 2 Proposed Order Granting Defendants' Administrative Motion for Temporary Stay or Extension of Time to Complete Limited Fact Discovery)(Edelstein, Laurie) (Filed on 1/17/2019) (Entered: 01/17/2019) |
| 01/22/2019 | 120 | OPPOSITION/RESPONSE (re 119 ADMINISTRATIVE MOTION Temporary Stay ) filed byTiger Natural Gas, Inc.. (Attachments: # 1 Declaration Leah Capritta, # 2 Proposed Order)(Capritta, Leah) (Filed on 1/22/2019) (Entered: 01/22/2019) |
| 01/23/2019 | 121 | |

| | | |
|---|---|---|
| | | **ORDER by Judge Jeffrey S. White ON DEFENDANTS' 119 Administrative Motion FOR Temporary Stay or Extension of Time to Complete Limited Fact Discovery. (jjoS, COURT STAFF) (Filed on 1/23/2019) (Entered: 01/23/2019)** |
| 02/04/2019 | 122 | NOTICE of Bankruptcy Proceeding by Bill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres. (Edelstein, Laurie) (Filed on 2/4/2019) Modified on 2/5/2019 (cjlS, COURT STAFF). (Entered: 02/04/2019) |
| 02/27/2019 | 123 | **ORDER STAYING CASE PER 122 Notice of Bankruptcy and Requiring Joint Status Reports. Joint Status Report due by 8/26/2019. Signed by Judge Jeffrey S. White on February 27, 2019. (jswlc3S, COURT STAFF) (Filed on 2/27/2019) (Entered: 02/27/2019)** |
| 08/19/2019 | 124 | NOTICE of Change of Address by Laurie Edelstein and Seth R. Sias. (Edelstein, Laurie) (Filed on 8/19/2019) Modified on 8/20/2019 (cjlS, COURT STAFF). (Entered: 08/19/2019) |
| 08/26/2019 | 125 | JOINT STATUS REPORT by Bill Chen, Pacific Gas and Electric Company, Tanisha Robinson, Albert Torres., Tiger Natural Gas, Inc. (Sias, Seth) (Filed on 8/26/2019) Modified on 8/27/2019 (cjlS, COURT STAFF). (Entered: 08/26/2019) |
| 10/08/2019 | 126 | NOTICE of Withdrawal of Seth R. Sias as Counsel by Pacific Gas and Electric Company. (Edelstein, Laurie) (Filed on 10/8/2019) Modified on 10/9/2019 (cjlS, COURT STAFF). (Entered: 10/08/2019) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/15/2019 11:58:55 | | | |
| **PACER Login:** | Lorilabash:4671371:4538280 | **Client Code:** | 888060.00001 |
| **Description:** | Docket Report | **Search Criteria:** | 4:16-cv-06711-JSW |
| **Billable Pages:** | 15 | **Cost:** | 1.50 |