HOLLAND & KNIGHT LLP
Thomas D. Leland (Pro Hac)
Leah E. Capritta (Pro Hac)
1801 California Street, Suite 5000
Denver, Colorado 80202
Telephone: (303) 974-6660
Fax: (303) 974-6659
Email: thomas.leland@hklaw.com
leah.capritta@hklaw.com

HOLLAND & KNIGHT LLP
Vince Farhat (SBN 183794)
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: (213) 896-2400
Facsimile: (213) 896-2450
Email: vince.farhat@hklaw.com

Attorneys for
UNITED ENERGY TRADING, LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                Debtor. | CASE NO. 19-30089 (DM)<br><br>Chapter 11<br><br>**DECLARATION OF LEAH E. CAPRITTA IN SUPPORT OF UNITED ENERGY TRADING, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Date: November 13, 2019<br>Time: 10:00 AM<br>Judge: Hon. Dennis Montali<br>Ctrm: 17 |

Case: 19-30089   Doc# 4243-1   Filed: 10/18/19   Entered: 10/18/19 19:20:23   Page 1 of 120

# DECLARATION OF LEAH E. CAPRITTA

I, Leah E. Capritta, declare as follows:

1.     I am over the age of 18 and have personal knowledge of the matters stated herein. I am an attorney at law licensed to practice in the State of Colorado and admitted pro hac vice to practice before this Court.  I am a partner at the law firm of Holland & Knight LLP and am counsel for Defendant United Energy Trading, LLC ("UET").  I make this declaration in support of UET's Motion for Relief from the Automatic Stay. I have personal knowledge of the facts set forth below, and if called and sworn as a witness, I could and would testify competently thereto.

2.     Judge Richard Seeborg presides over the case currently pending in the District of Northern California styled *United Energy Trading, LLC v. Pacific Gas and Electric Company, et al*., Case No. 3:15-CV-02383 (RS) (the "District Court Case").

3.     Filed on May 28, 2015, the District Court Case presents complicated fact patterns over several different divisions within Debtor PG&E, a series of complex business torts, and a rubric of procedural and discovery wrangling.

4.     The parties deposed over 20 individuals and exchanged hundreds of thousands pages of documents.

5.     In addition, the parties analyzed millions of transactions from tens of thousands of accounts from the CC&B system.

6.     The parties disclosed and deposed several forensic accountants, economists, and other experts.

7.     The District Court presided over many of these discovery issues.

8.     The interplay between the regulatory environment and the legal framework for many of the business torts alleged in the complaint create an additional complexity.  The California Public Utilities Commission regulates both the CTAs and PG&E and issued decisions  at various times on which both parties rely for their legal positions.  The District Court, accordingly, familiarized itself with these complicated issues.

Case: 19-30089   Doc# 4225-4   Filed: 10/18/19   Entered: 10/18/19 19:20:23   Page 2
of 120

9.      On January 22, 2018, the District Court ruled on the parties' competing motions for summary judgment, with the majority of UET's claims surviving for trial.

10.      The District Court's Order, in fact, contained several key rulings on how the parties were to address the regulatory environment at trial.

11.      On October 16, 2018, the District Court denied the parties' dueling motions under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993).

12.      That is, the District Court resolved all significant legal issues prior to trial.

13.      At the time of this bankruptcy filing, the following matters pended before the District Court:

a.   Parties' Pre-Trial Conference set for February 27, 2019;

b.   Motions in Limine; and

c.   Trial set for March 11, 2019.

14.      On February 5, 2019, the District Court vacated the pretrial conference and the trial, effectively staying the case while PG&E worked its way through the reorganization process.

15.      Given the complex nature of the torts alleged, UET's claims remain unliquidated.  In 2017, when UET disclosed the reports of its experts, its damages totaled approximately $7 million; however, given the on-going nature of PG&E's actions, that sum likely is now significantly higher.

16.      In addition, because PG&E's actions are both fraudulent and intentional, the possibility of exemplary damages and an award of fees and costs exists.

17.      Attached to this Declaration are true and correct copies of the following pleadings from the District Court Case:

Exhibit 1: Second Amended Complaint;

Exhibit 2: Order Regarding Motions for Partial Summary Judgment;

Exhibit 3: Order Denying UET's Motion to Exclude & PG&E's Motion to Exclude;

Exhibit 4: Further Joint Case Management Statement; and

Exhibit 5: Case docket.

Case: 19-30089   Doc# 4135-1   Filed: 10/18/19   Entered: 10/18/19 19:20:23   Page 3
of 120

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: October 18, 2019                    HOLLAND & KNIGHT LLP

                                           By:   /s/ Leah E. Capritta
                                                 Leah E. Capritta

                                                 *Attorneys for United Energy Trading, LLC*

DECLARATION OF LEAH E. CAPRITTA IN SUPPORT
OF MOTION FOR RELIEF FROM AUTOMATIC STAY                          NO. 19-30089 (DM)

# Exhibit 1

HOLLAND & KNIGHT LLP
Thomas D. Leland (Pro Hac)
Leah E. Capritta (Pro Hac)
633 Seventeenth Street, Suite 2300
Denver, Colorado 80202
Telephone: (303) 974-6660
Fax: (303) 974-6659
E-mail: thomas.leland@hklaw.com
        leah.capritta@hklaw.com

Charles L. Coleman III (65496)
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415) 743-6900
Fax: (415) 743-6910
E-mail:  charles.coleman@hklaw.com

Attorneys for Plaintiff
UNITED ENERGY TRADING, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED ENERGY TRADING, LLC,<br><br>          Plaintiff,<br><br>     vs.<br><br>PACIFIC GAS AND ELECTRIC<br>COMPANY, a California corporation,;<br>ALBERT TORRES, an individual; BILL<br>CHEN, an individual; TANISHA ROBINSON,<br>an individual,<br><br>          Defendants. | **Case No.: 3:15-CV-2383_____**<br><br>**SECOND AMENDED COMPLAINT<br>FOR:**<br><br>**1. Violation of RICO, 18 U.S.C. § 1961-1968**<br>**2.  Respondeat Superior/Agency**<br>**3. Violation of Sherman Act, 15 U.S.C. § 2;**<br>**4. Breach of fiduciary duty**<br>**5. Intentional misrepresentation;**<br>**6. Negligent misrepresentation;**<br>**7. Intentional interference with contract;**<br>**8. Intentional interference with prospective<br>business advantage;**<br>** and**<br>**9. Violation of California Unfair<br>Competition Law, Cal. Bus. & Prof. Code §<br>17200, et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

In accordance with the Court's Order Granting in Part and Denying in Part Motion to Dismiss (Dkt. No. 84),[1] Plaintiff United Energy Trading, LLC d/b/a Blue Spruce Energy Services ("UET" or "Plaintiff") respectfully files this Second Amended Complaint against Defendants Pacific Gas and Electric Company ("PG&E"), Albert Torres, Bill Chen, and Tanisha Robinson for: (1) Violation of RICO, 18 U.S.C. § 1961-1968; (2) Respondeat Superior/Agency; (3) Violation of the Sherman Act § 2, 15 U.S.C. § 2; (4) Breach of fiduciary duty; (5) Intentional misrepresentation; (6) Negligent misrepresentation; (7) Intentional interference with contract; (8) Intentional interference with prospective business advantage; and (9) Violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. In support of these claims, UET respectfully makes the following allegations.

## NATURE OF CASE

1.     This case seeks to remedy PG&E's fraudulent, deceptive, and monopolistic practices in California's deregulated retail natural-gas market.

2.     PG&E is the traditional public utility in Northern California. PG&E currently holds between 70-90% of the natural gas commodity market. UET is a certified "Core Transport Agent," or "CTA," which is a competitive provider of natural gas to California. UET operates in PG&E's service area.

3.     PG&E and UET compete to supply natural gas to the same residents and small businesses. Unless the customer affirmatively chooses a different CTA, the customer returns to PG&E by default at the severance of UET's contract with the customer.

4.     UET has chosen consolidated billing and collections, available as a matter of right to CTAs under PG&E's tariffs. Under this option, PG&E sends one bill to the customer reflecting both its charges and UET's charges; PG&E is responsible for collecting payments and distributing that money to UET. PG&E acts as UET's agent for these important business functions.

5.     PG&E has willfully and knowingly manipulated its agency position and engaged in improper and unlawful billing, collection, and payment practices under which PG&E uses its position

---

[1] The Order granted UET leave to amend with respect to the Sherman Act and conversion claims. UET does not amend its conversion claim,

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

- 2 -
SECOND AMENDED COMPLAINT                                                CASE NO. 3:15-CV-2383

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

1   as UET's billing and collections agent to effectively misappropriate money from UET, defrauding

2   UET and its customers, and unfairly competing with UET for core natural gas customers.

3         6.     For example, PG&E receives payments from UET customers and "holds" that

4   money in a PG&E account instead of paying it to UET for its commodity charges.

5         7.     Similarly, PG&E applies credits from its own services or programs, such as rebates or

6   credits for the use of solar panels, to UET's commodity gas charges. In this way, PG&E effectively

7   misappropriates UET's customer charges to offset the money that PG&E owes to customers.

8         8.     PG&E also inappropriately "reverses" customer charges. A "reversal" should occur

9   only where PG&E terminates service to a customer, either because of non-payment or because the

10  customer terminates PG&E service altogether. Put in perspective of the billing relationship, a reversal

11  signals to UET that PG&E has not and cannot collect on UET's unpaid balances.

12        9.     However, PG&E is reversing UET customer accounts for which PG&E has in fact

13  received payment. Instead of applying those charges to the UET customer account balance, PG&E is

14  crediting those amounts to its own electric or gas transportation accounts, and then inexplicably

15  reversing the amounts owed to UET.

16        10.    These actions cause UET substantial harm, both with respect to the amounts withheld

17  and with respect to its relationships with its customers. UET has lost countless customers who were

18  annoyed or upset at UET's collection efforts on fully-paid accounts, but which PG&E falsely

19  informed UET were in arrears.

20        11.    Further, UET has disconnected or cancelled hundreds of customer accounts for non-

21  payment based on PG&E's false representations made over the wires in interstate commerce to UET

22  that the UET customers had not paid their bill for UET's charges.

23        12.    PG&E has also used its fiduciary position as UET's billing and collections agent to

24  engage in unlawful competition with UET by, among other things, inaccurately informing UET's

25  customers that they need not pay for UET's services and by using its position as UET's billings and

26  collections agent to improperly induce UET's customers to switch their service to PG&E.

27        13.    PG&E's abuse of its fiduciary relationship with UET as well as its abuse of its market

28  power as a regulated monopoly is knowingly calculated to drive away as many customers from UET

as possible back to PG&E and is done with the specific intent to destroy competition in the retail natural gas commodity market in PG&E's service area.

14.     PG&E's actions hurt both consumers and competition in California, increasing commodity gas prices in California.

## THE PARTIES

15.     United Energy Trading, LLC d/b/a Blue Spruce Energy Services is a privately-owned provider of retail electricity and natural gas to end-user residential and commercial customers throughout the United States and Canada. UET is headquartered at 225 Union Boulevard, Suite 200, Lakewood, Colorado 80228.

16.     Defendant PG&E is a California corporation with its principal place of business located at 77 Beale Street, San Francisco, California 94105. PG&E is a subsidiary of PG&E Corporation and is one of the largest regulated investor-owned electric utilities in California. On its website (http://www.pge.com), PG&E represents that its service area extends from Eureka in the north to Bakersfield in the south, and from the Pacific Ocean to the Sierra Nevada. It operates 141,215 circuit miles of electric distribution lines and 18,616 circuit miles of interconnected transmission lines throughout this area. According to its website, PG&E maintains 4.3 million natural gas customer accounts.

17.      PG&E is a regulated monopoly utility within its service area. It is regulated by the California Public Utility Commission ("CPUC").

18.     Defendant Albert Torres is the Vice President of Customer Operations at PG&E and manages, *inter alia*, PG&E's billing, payment processing, and credit activities for its customers. Defendant Bill Chen works at PG&E as its ESP Services Manager and manages PG&E's relationships with CTAs (as well as PG&E's relationship with competitive electricity providers). Defendant Tanisha Robinson works at PG&E as its Supervisor for EDI Operations and ESP Billing; Ms. Robinson manages Optional Consolidated PG&E Billing and the process by which EDI files (described below) are transmitted to UET.

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

## JURISDICTION & VENUE

19.     This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises out of PG&E's violations of the laws of the United States. This Court has supplemental jurisdiction over UET's claims based on California law under 27 U.S.C. § 1367. In addition, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the matter in controversy exceeds $75,000 exclusive of interest and costs.

20.     This Court has personal jurisdiction over PG&E because PG&E resides in this State, does business in this State, has engaged in acts or omissions within this State causing injury, and has otherwise established contacts with this State making the exercise of personal jurisdiction proper.

21.     Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) & (2) because PG&E resides in this District, and a substantial part of the events or omissions giving rise to the action occurred in this District.

22.     In January 2014, UET filed an adjudicatory proceeding with the CPUC seeking an injunction against certain of PG&E's customer confidentiality practices and a refund on UET's accounts. On November 17, 2014, the Commission enjoined several of PG&E's practices and soon after ordered discovery on the amount of UET's refund. The facts and claims alleged, *infra*, in this Complaint soon came to light, for which the CPUC cannot provide complete relief. On July 14, 2015, the Commission held in abeyance the adjudicatory proceeding, and UET files this Second Amended Complaint as is its right under Cal. Public Util. Code § 2106.

## INTRADISTRICT ASSIGNMENT

23.     Pursuant to Civil L-R 3.2(c), intradistrict assignment in San Francisco is proper because the unlawful conduct that gives rise to these claims occurred in the City and County of San Francisco.

## GENERAL ALLEGATIONS

24.     PG&E has been the regulated monopoly utility in Northern California since 1905. It traditionally provided both electricity and natural gas to all end users—both residential and commercial—in its service area. As a monopoly utility, PG&E is regulated by the California Public Utilities Commission ("CPUC"). Through the use of a pre-approved formula, the CPUC regulates the

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

rates that PG&E may charge for the energy it provides, including the price it may charge for the commodity of natural gas.

25.     According to its website, PG&E has approximately 4.3 million natural gas customer accounts in its service area.

26.     In 1991, the state legislature partially deregulated the natural-gas utility industry in California.

27.     In connection with this deregulation, the CPUC established a pilot aggregation program which offered residential and small commercial gas customers, called "core" customers, the opportunity to aggregate their gas loads so that they could participate in competitive gas markets and thereby obtain a lower price for natural gas. Because of this program, California residents are free to purchase their commodity gas from either PG&E or from certain private providers, called "Core Transport Agents," or CTAs.

28.     The stated purpose of the CTA program is to "lower[] CTA customer prices and enable[] [CTAs] to better compete with utilities and weaken monopolies." *See* http:www.cpuc.ca.gov/PUC/energy/Retail_Gas_Markets/.

29.     Although California core gas customers may purchase their natural gas from a non-monopoly CTA, the regulated monopoly utilities, including PG&E, continue to provide natural gas utility service to these customers.

30.     Accordingly, the CTAs compete with PG&E for natural-gas core customers.

31.     A proposed CTA must fulfill exacting standards to operate in California, completing an extensive application, submitting the fingerprints of its executives, establish its creditworthiness and, ultimately, post a security bond. Accordingly, the regulatory process itself creates barriers to entry in addition to typical business needs such as capitalization and market expertise.

32.     CTAs purchase natural gas on the open market and sell the gas directly to end users using PG&E's distribution system. When an end user purchases gas from a CTA instead of PG&E, the utility charges a separate "transportation" charge to the customer. In addition, PG&E typically charges customers for electricity on the same bill.

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

33.     The natural gas supplied by the CTAs is fungible in chemical composition and function, completely interchangeable with that supplied by PG&E; both may be used by core customers to heat homes and businesses and other such uses.

34.     As another aspect of deregulation, CTAs may elect, as a matter of right, to have their billing consolidated with PG&E's; i.e., both the CTA's and PG&E's charges appear on one statement and the customer pays both with one check (or other method) to PG&E.

35.     Specifically, under PG&E's relevant tariffs, known as its "Gas Rules," CTAs have the right to participate in a billing and payment program called "Optional Consolidated PG&E Billing." If the CTA chooses this billing option, PG&E must calculate the CTA's charges based on the customer's gas usage and apply the proprietary and confidential rate provided by the CTA to PG&E once a month. Under Consolidated PG&E Billing, PG&E "assumes responsibility for the accuracy of the calculation of CTA's charges," but not for the accuracy of the CTA's rate per therm of natural gas provided. Gas Rule No. 23.C.1.c(1)(b)(iv).

36.     PG&E operates Consolidated Billing as a unit separate from its primary business activities. Tanisha Robinson, for example, supervises two employees whose responsibility includes little else beyond sending the electronic files referenced in Paragraphs 55, 67, and 77 and otherwise maintaining the Consolidated Billing structure imposed by Gas Rule 23. William Chen similarly devotes all of his work time to managing either Consolidated Billing or to managing customer care issues (e.g., switching customers' gas commodity service either to or from a CTA) associated with Consolidated Billing.

37.     Under Consolidated Billing, PG&E also acts as the CTA's collections agent. As such, PG&E is required to pay to the CTA the amounts paid to PG&E for the CTA's gas commodity charges after it receives that money from the customer. Gas Rule 23.C.1.c(4)(a). PG&E is required to transfer the received payments to the CTA either 17 days after the bill rendered to the customer or the next business day after the payment is received by the utility. *Id.*

38.     When transferring payments, PG&E is required to specify the amount paid by each service account. *Id.* If there are any amounts resulting from returned payments (e.g., the customer's

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

1   check "bounces") or returned payment charges, PG&E may debit those amounts to the CTA on the

2   billing statement for the following month. *Id.* The tariffs permit no other debits or set-offs.

3       39.     PG&E is responsible for collecting the unpaid balance of all charges from customers,

4   sending notices informing customers of unpaid balances, and taking the appropriate actions to recover

5   any unpaid amounts owed to the CTA. Gas Rule 23.C.1.c(5)(a).

6       40.     UET is a qualified CTA operating in PG&E's service area. UET signed a Core Gas

7   Aggregation Service Agreement with PG&E in September 2010 and began serving customers in

8   Northern California shortly thereafter.

9       41.     UET supplies natural gas to its customers by transporting it across interstate pipelines

10  for delivery to PG&E's Citygate. On receipt of UET's gas, PG&E charges UET both for storing it

11  and for transporting it to the customer based on "take or pay" terms, the amount of which is

12  determined by reference to UET's overall volume calculated on both a monthly and yearly basis.

13      42.     UET spent significant time and money marketing for customers. These activities

14  included engaging in direct-mail marketing, door-to-door marketing, internet and print campaigns,

15  and other activities.

16      43.     As a result of these marketing efforts, UET grew its customer base in PG&E's service

17  area to approximately 60,000 core customers in 2014.

18      44.     UET participates in the Consolidated PG&E Billing Option, making PG&E its billing

19  and collections agent for all of UET's core customers in PG&E's service area. UET pays PG&E

20  approximately $40,000 per month for this service.

21      45.     Because PG&E has all of UET's customer information and also is responsible for

22  calculating the amount due, billing those amounts, collecting the money, and providing it to UET, the

23  utility exercises a tremendous amount of control over UET's customer base.

24  **PG&E's Payment Withholding Scheme**

25      46.     After PG&E receives the customer's payment, it unilaterally divides the payments

26  among the various accounts contained in the bill, including UET's charges for natural gas, PG&E's

27  transportation charge, and PG&E's electricity charges (if any). PG&E takes the position that this

28  process is proprietary and will not share information about how it divides the payments received. In

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

its role as UET's billing and collections agent, PG&E has engaged in improper and unlawful activities which have violated UET's rights and caused UET damages and irreparable harm in a number of ways.

47.     Specifically, for some of UET's core customers, PG&E simply does not remit to UET funds it has received for UET's gas commodity charges. As of the date of this filing, UET has not received full payment from PG&E on hundreds of UET customer accounts. According to UET's records, as of at least September 2015, it is owed over $2.3 million from its customers with aging accounts past due by sixty days or more.

48.     To track the billing process, PG&E regularly provides UET with an Electronic Data Interchange ("EDI") file or a file transfer link containing information about each account for which there is activity.  For easy reference, UET in this Second Amended Complaint refers to both types of information packets as "EDI files."

49.     The EDI file contains information about the status of UET's customer accounts. Specifically, in the EDI file, PG&E makes several representations to UET about its customers, including:

a.     UET customers to whom PG&E has sent a bill containing UET's commodity gas charges and the amount of UET's charges that PG&E will collect;

b.     UET customers who have paid UET's previous charges and the amount PG&E has apportioned to UET;

c.     The balance of the UET customer's account for UET's commodity gas charges;

d.     The identity of UET customers who have not fully paid UET's gas charges; and/or

e.     The number and identity of UET customers who have had charges "reversed" by PG&E.

50.     PG&E's EDI files frequently contain intentionally false representations to UET about the status of its customer accounts, including representations that certain customers have not paid UET's charges, when those customers actually are current.

51.     PG&E sends the EDI file using interstate wires; that is, PG&E typically attaches the file or a link to a file-share site to an email that is sent over the internet from California to Lakewood, Colorado.

52.     UET relies on the data and representations of PG&E contained in the EDI file. When it does not receive payments from PG&E for its customers, UET may contact the customer regarding the delinquency.

53.     Often, however, the customers state that they have fully paid their power bills to PG&E, including all of UET's charges.

54.     For these customers, PG&E's EDI file, sent over the internet from California to Lakewood, Colorado, and which shows that the customer has not made the required payments for UET's commodity gas charges, contains intentionally false and misleading information and also fails to disclose material information about UET's customer accounts.

55.     For example, PG&E has used the internet to falsely report the status of the following accounts to UET:

a.     On or about June 2, 2014, PG&E received payment from Customer William S. (Account ID *558). PG&E recorded this payment as a "negative" bill to its own gas transportation account. On or about June 5, 2014, by file transfer using interstate wire, PG&E failed to notify UET of the full payment and instead carried the funds as a credit in PG&E's gas transportation account. On or about July 7, 2014, PG&E received a payment from Customer William S., and PG&E again masked this payment as a "negative" bill to its own gas transportation account. On or about July 7, 2014, by EDI file transfer using interstate wires, PG&E failed to notify UET of the full payment and instead carried the funds as a credit in PG&E's gas transportation account. PG&E continued to record payments as negative balances in its gas transportation account in September, October, and November 2014, and in each month, sending UET EDI files (e.g., on or about November 7, 2014) containing false information. PG&E's various statements to UET were false because PG&E had in fact received payment from the customer but used accounting methods to hide the payments to make it appear as though the customer had not paid. On information and belief, PG&E has

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

- 10 -

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

continued to receive payments from the customer but has not remitted these to UET. As a result, all subsequent monthly and daily EDI payment files also contain false information.

b.      On or about June 5, 2014, PG&E received payment from Customer Irene M. (Account ID *845). On or about June 9, 2014, by EDI file transfer using interstate wires, PG&E failed to notify UET of the full payment and instead credited the full payment to PG&E's gas transportation account.  By EDI file transmitted on or about September 17, 2014, PG&E notified UET that it had billed the customer for UET's services, when in fact that did not occur. On or about September 30, 2014, PG&E received payment from the customer. Nevertheless, on or about October 6, 2014, PG&E transmitted a payment file that did not inform UET of the customer's payment and instead credited the full payment to PG&E's gas transportation account. PG&E's statements to UET were false because PG&E, in the first place, had failed to bill the Customer but told UET that it had; and, in the second place, received payment from Customer Irene M. but used accounting methods to hide the payments to make it appear that the customer had not paid. On information and belief, PG&E has continued to receive payments from the customer but has not remitted these to UET. As a result, any subsequent EDI payment files—approximately 4 monthly communications—also contain false information.

c.      On or about May 28, 2014, PG&E received payment from Customer Teresa D. (Account ID *395). On or about May 28, 2014, by EDI file transfer using interstate wires, PG&E transmitted a payment file that did not inform UET of the customer's payment and instead credited the full payment to PG&E's accounts. On or about September 29, 2014, PG&E received another payment from Customer Teresa D. On or about September 29, 2014, by EDI file transfer using interstate wires, transmitted a payment file by did not inform UET of the customer's payment and instead credited the full payment to PG&E's accounts. PG&E's statements to UET were false because they had in fact received payments from Customer Teresa D., but used accounting methods to hide the payments to make it appear that the customer had not paid. On information and belief, PG&E has continued to receive payments from the customer but has not remitted these to UET. As a result, any subsequent,

1    monthly EDI payment files also contain false information.

2        56.    UET has cancelled hundreds of its customer accounts for non-payment based on what

3    may be false information about the status of payments received from PG&E.

4        57.    Many of these cancelled accounts had fully paid for the natural gas provided by UET,

5    but PG&E did not provide those funds to UET, creating the impression that the customers had not

6    paid the appropriate charges when, in fact, the customers had remitted either the full or partial amount

7    due for UET's charges to PG&E.

8        58.    UET has otherwise continued to supply gas to PG&E for its active customers—

9    including those detailed in Paragraphs 55a-c, above—not knowing that PG&E's accounting methods

10   either failed to properly bill UET's customers for the gas or failed to properly credit to UET payments

11   received from such customers. In effect, PG&E's Payment Withholding Scheme dupes UET into

12   supplying gas to PG&E, which PG&E holds and uses knowing that its accounting methods ensure

13   that UET will not be paid in full for such gas.

14       59.    PG&E's Payment Withholding Scheme additionally benefits PG&E because UET

15   must pay PG&E transportation and storage fees, which are based on the volume of gas UET provides

16   for its customers.

17       60.    In other words, PG&E has engaged in a pattern and practice of intentionally

18   withholding money from UET that PG&E received from UET customers for natural gas delivered by

19   UET. PG&E benefits from its deception regardless of the action taken by UET. If UET cancels the

20   customers' accounts for non-payment, these customers revert back to PG&E for their natural-gas

21   service. If UET does not cancel, PG&E continues to receive UET's gas without paying for it and

22   continues to charge UET to transport and store the gas.

23       61.    Citing its customer confidentiality policies, PG&E refuses to provide information

24   relative to the payment status of UET's customers. That is, PG&E only tells UET the amount of

25   money PG&E has elected to apportion to UET. UET must trouble the customer for any other

26   information, such as the amount paid to PG&E or how PG&E has credited the customer's balance.

27       62.    In other words, having kept money owing to UET and perpetuated a scheme to

28   engender cancellations from UET (for alleged non-payment) or to appropriate free gas and

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

- 12 -

1   storage/transportation fees, PG&E affirmatively prevents UET from uncovering the scheme by citing

2   "customer privacy" concerns.

3   **PG&E's Energy Credit Scheme**

4   63.     PG&E engages in a pattern and practice of offsetting UET customers' charges for

5   natural gas delivered to UET's customers with credits from non-UET related charges.

6   64.     Neither the parties' contract nor the Gas Rules permit PG&E to offset PG&E's

7   customer credit structure with amounts owed to UET.

8   65.     For example, PG&E offers its customers certain subsidies and credits for obtaining

9   some of their electricity through solar panels and the like.  PG&E improperly applies these credits to

10  UET's gas commodities charges, such that the customer sees either that no payment is due for the

11  month or that an amount is due that will not cover UET's charges.

12  66.     In other words, PG&E accepts gas from UET for these customers and delivers gas to

13  these customers on UET's behalf, but informs the customer that s/he does not need to pay due to a

14  PG&E energy credit. Effectively, PG&E defrauds UET of its gas and uses it to subsidize its customer

15  credit programs.

16  67.     Some specific instances of this conduct include:

17  a.      By EDI file transmitted on or about October 30, 2013, PG&E notified UET that it had

18  billed Customer Guadalupe M. (Account ID *317) for UET's services. By EDI files

19  transmitted on or about May 2, June 2, July 2, 2013 and then continuing on a monthly basis

20  throughout 2013, and on or about January 31, March 4, and April 2, 2014 and continuing on

21  a monthly basis throughout 2014—for a total of 20 such occurrences—PG&E similarly

22  notified UET that it had billed Customer Guadalupe M. for UET's gas commodity services.

23  In fact, in each instance, PG&E either failed to bill the customer or used an energy credit on

24  the bill to "mask" the amount owed to UET, causing the customer not to pay UET's charges.

25  PG&E continued to accept gas from UET, transported over interstate pipeline, and used the

26  gas for this customer to determine storage and transport quantities, for which PG&E charged

27  UET.

28  b.      By EDI file transmitted on or about May 19, 2013, PG&E notified UET that it had

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

- 13 -

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

billed Customer S. R. (Account ID *479) for UET's services, when in fact, PG&E used a credit on the bill to "mask" the amount owed to UET, causing the customer not to pay UET's charges. By EDI file transmitted on or about February 19, 2014, PG&E again notified UET that it had billed Customer S. R. for UET's services, but PG&E had again used a credit on the bill to "mask" the amount owed to UET, causing the customer not to pay UET's charges. By EDI file transmitted on or about August 18, 2014, PG&E again notified UET that it had billed Customer S. R. for UET's services, but PG&E had again used a credit on the bill to "mask" the amount owed to UET, causing the customer not to pay UET's charges. PG&E's statements were false because PG&E had applied a credit to the customer's entire bill, including to UET's gas commodity charges; meaning, PG&E used UET's gas commodity charges to offset the cost of its credit program. PG&E's statements were also false because PG&E had informed UET that it had billed the customer when, in fact, it had affirmatively told the customer *not* to pay UET's charges.  By EDI files transmitted on May 19, 2013, February 26, 2014 and August 24, 2014, PG&E notified UET that the customer was not paying UET's charges. PG&E continued to accept gas from UET, transported over interstate pipeline, and used the gas for this customer to determine storage and transport quantities, for which PG&E charged UET.

c.      By EDI file transmitted on or about March 28, 2013, PG&E notified UET that it had billed Customer Castle Park LLC (Account ID *424) for UET's services, when in fact, PG&E used a credit on the bill to "mask" the amount owed to UET, causing the customer not to pay UET's charges. By EDI file transmitted on or about May 28, 2013, PG&E again notified UET that it had billed Customer Castle Park for UET's services, but PG&E had again used a credit on the bill to "mask" the amount owed to UET, causing the customer not to pay UET's charges.  By EDI file transmitted on or about February 28, 2014, PG&E again notified UET that it had billed Customer Castle Park for UET's services, but PG&E had again used a credit on the bill to "mask" the amount owed to UET, causing the customer not to pay UET's charges. In each of the foregoing instances and continuing on a monthly basis throughout 2014 PG&E used a credit on the bill to "mask" the amount owed to UET, causing the customer

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

not to pay UET's charges. PG&E's statements were false because PG&E had applied a credit to the customer's entire bill, including to UET's gas commodity charges; meaning, PG&E used UET's gas commodity charges to offset the cost of its credit program. PG&E's statements were also false because PG&E had informed UET that it had billed the customer when, in fact, it had affirmatively told the customer *not* to pay UET's charges. By EDI files transmitted on April 4, 2013, June 5, 2013 and March 6, 2014, PG&E notified UET that the customer was not paying UET's charges. PG&E continued to accept gas from UET, transported over interstate pipeline, and used the gas for this customer to determine storage and transport quantities, for which PG&E charged UET.

d.      In addition, as alternative factual allegations, each of the incidents in Paragraphs 55a-c may reflect instances of the Energy Credit Scheme. That is, with each "negative" bill PG&E applied an energy credit which "masked" the amount owed to UET, affirmatively indicating to the customer that s/he need not pay some or all of UET's gas commodity charges.

68.      In each case set forth above, PG&E's EDI file informed UET that it billed and was attempting to collect UET's gas commodity charges when, in fact, PG&E had applied a credit such that the customer believed it did not owe UET anything. Further, PG&E's EDI file informed UET that the customer was not paying UET's gas commodity charges when, in fact, PG&E had induced the unwitting customer into not paying UET.

69.      UET has cancelled hundreds of its customer accounts for non-payment based on what may be false information about the status of payments received from PG&E.

70.      UET has otherwise continued to supply gas to PG&E for its active customers—including those detailed in Paragraphs 67a-c, above—not knowing that PG&E had not only failed to bill the customer but also affirmatively told the customer that s/he need not pay UET for its services. In effect, PG&E's Energy Credit Scheme dupes UET into supplying gas to PG&E, which PG&E holds and uses knowing that its accounting methods ensure that UET will not be paid for such gas and reducing the amount of credit that PG&E owes to the customer.

71.      PG&E's Energy Credit Scheme additionally benefits PG&E because UET must pay PG&E transportation and storage fees, which are based on the volume of gas UET provides for its

1    customers.

2         72.     In other words, PG&E has engaged in a pattern and practice of intentionally using

3    UET's gas and gas commodity charges to underwrite PG&E's energy credit program. PG&E's

4    Energy Credit Scheme also caused UET to cancel customers (for alleged non-payment). These

5    customers then default to PG&E's gas commodity service.

6         73.     Citing its customer confidentiality policies, PG&E refuses to provide information

7    relative to the payment status of UET's customers. That is, PG&E will only tell UET the amount of

8    money PG&E has elected to apportion to UET. UET must trouble the customer for any other

9    information, such as the amount paid to PG&E or how PG&E has credited the customer's balance.

10        74.     In other words, having kept money owing to UET and perpetuated a scheme to

11   engender either cancellations from UET (for alleged non-payment) or free gas from UET (when UET

12   continues to supply the customer), PG&E affirmatively prevents UET from uncovering the scheme

13   by citing "customer privacy" concerns.

14        **The Reversal Scheme**

15        75.     PG&E has engaged in a pattern and practice of withholding amounts due to UET

16   where PG&E claims that the funds are due for "reversals."

17        76.     PG&E's EDI files contain information showing which accounts have "reversed."

18        77.     Some specific examples of this include:

19        a.      By EDI file transmitted on or about August 27, 2014, PG&E reversed Customer Bruno

20   P. (Account No. *675), signaling to UET that the customer was not paying PG&E. This

21   information was false because, at that point, PG&E had been paid in full and therefore PG&E

22   could not shut-off or reverse the customer.

23        b.      By EDI file transmitted on or about September 19, 2014, PG&E informed UET that

24   PG&E had reversed Customer S.R. (Account No. *182) signaling to UET that the customer

25   was not paying PG&E. This information was false because, at that point, PG&E had been paid

26   in full and therefore PG&E could not shut-off or reverse the customer.

27        c.      By EDI file sent on or about January 30, 2013, PG&E informed UET that customer

28   Guadalupe M. (Account ID *317) paid $639.04 and $511.02 for UET's services. That same

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

- 16 -

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

day, PG&E reversed these amounts. By EDI file sent on or about February 7, 2013, PG&E informed UET that the customer had again paid $639.04 and $511.02 as well as $198.63. That same day, PG&E again reversed those sums. By EDI file sent on or about March 11, 2013, PG&E informed UET that the customer again paid $511.02 and $198.63; again, PG&E reversed this sum that same day. On April 9, 2013, PG&E again allocated and reversed $198.63. This information was false because the customer has paid PG&E yet PG&E refused to remit that amount to UET.

d.      By EDI file sent on or about September 25, 2013, PG&E informed UET that Customer S.R. (Account ID *479) paid $655.42, $348.63, $320.73, $282.14,  and $269.26 for UET's services. That same day, PG&E reversed these amounts. By EDI file sent on or about October 24, 2013, PG&E again informed UET that the customer had again paid $655.42, $348.63, $320.73, $282.14, and $269.26. That same day, PG&E again reversed those sums. By EDI file sent on or about November 25, 2013, PG&E informed UET that the customer again paid $655.42, $348.63, $320.73, $282.14, and $269.26; again, PG&E reversed these sums that same day. On December 26, 2013, PG&E again allocated and reversed all of these amounts. This information was false because the customer has paid PG&E yet PG&E refused to remit that amount to UET.

78.     In January 2015, PG&E permanently "reversed" thousands of UET customers, representing about $140,000 in reversals. In February 2015, PG&E "reversed" another $40,000 worth of customers.

79.     Similar to some of the examples in Paragraphs 77a-d, PG&E backdated many of these reversals, as though the reversal had occurred months beforehand.

80.     According to the EDI files sent by PG&E in September, October, November, and December 2014, many of the customers reversed by PG&E had made payments to UET in the prior months. PG&E recouped the amounts paid to UET by off-setting money owed to UET in February 2015 and March 2015.

81.     PG&E has provided no explanation for this practice, and neither the parties' contract nor the Gas Rules permit it.

82. PG&E's EDI files showing a reversal falsely informed UET that these customers had "reversed," when in fact, they had not.

83. Alternatively, PG&E's EDI showing a payment were false because they stated that the customer had paid UET when, in fact, the customer had not.

84. PG&E's actions have damaged UET by eroding its customer base, denying it current and future revenue. PG&E's actions have also damaged UET by disrupting its cash flow, which impacts nearly every aspect of its business. For example, UET cannot accurately project revenue or manage its credit facilities when PG&E mercurially reverses customers or offsets payments.

85. The Schemes, moreover, diminish competition within the gas commodity market as a whole. Between 2012 and 2014—before implementation of the Schemes—the firm pipeline capacity (or "load") for all CTAs grew from approximately 12% share of the total load to approximately 19%. Since implementation of the Schemes, however, the load has steadily and precipitously decreased to 15.4% of the total load.

86. Further, the Schemes have resulted in increased consumer prices despite an ample supply of natural gas and despite decreasing wholesale prices. Between 2014 and present, the monthly California price of natural gas delivered to residential consumers has *increased* from $10 per thousand cubic feet to $12 per thousand cubic feet. During that same time period, the Citygate price for natural gas in California has *decreased* from approximately $6.00 per thousand cubic feet to approximately $3.00 per thousand cubic feet. In other words, consumers in California are paying 20% more for natural gas since implementation of the Schemes even though the Citygate price is 50% less than it was in 2014.

87. PG&E, as a corporation, does not acknowledge the Schemes. For example, on April 30, 2015, David Reyes (Defendant Robinson's subordinate) admitted in testimony, with PG&E's in-house counsel present, the facts underlying the Energy Credit Scheme (i.e., that non-cash credits are used to "mask" a CTA's charges). The day before, on April 29, 2015, PG&E's in-house counsel averred to the Commission that PG&E does *not* apply non-cash credits to a CTA's charges. PG&E's in-house counsel have taken no steps to correct or reconcile either statement.

88. Even after its own employee testified about the Schemes, PG&E has done little or

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

- 18 -

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

1   nothing to curtail the unlawful acts of the Individual Defendants. PG&E profits from these acts in

2   several ways: by charging UET transportation and storage fees; by increasing the bad debt of its

3   competitors; and by reducing its own liability for mandatory credits. Finally, PG&E is able to charge

4   consumers higher prices despite the falling Citygate cost of natural gas.

6   ### CAUSES OF ACTION
    ### FIRST CAUSE OF ACTION

7   **(Violation of the Racketeer and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968)**

8        89.   UET incorporates herein by reference all allegations set forth in Paragraphs 1 through

9   88 of this Complaint.

10  ### FACTUAL ALLEGATIONS COMMON TO ALL RICO COUNTS
    ### RICO COUNT I

11  **(Violation of RICO § 1962(c))**

12       90.   The allegations of paragraphs 1 through 89 are incorporated herein by reference.

13       91.   This Count is against Defendants Torres, Robinson, and Chen (the "Count I

14  Defendants").

15       92.   Consolidated Billing is an enterprise engaged in and whose activities affect interstate

16  commerce. The Count I Defendants engaged in the predicate act of wire fraud by way of the Payment

17  Withholding Scheme, the Energy Credit Scheme and the Reversal Scheme in furtherance of the

18  Consolidated Billing enterprise.

19       93.   The Count I Defendants are employed by or associate with the enterprise.

20       94.   The Count I Defendants agreed to and did conduct and participate in the conduct of

21  the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of

22  intentionally defrauding Plaintiff.

23       95.   Specifically, Defendant Robinson directs her department to provide UET with the

24  Electronic Data Interchange ("EDI") files containing the false information as detailed in Paragraphs

25  55, 67 and 77. Defendant Robinson directs her department to transmit this false information through

26  interstate wires (i.e., over the internet and telephone network) to UET in Lakewood, Colorado.

27  Defendant Robinson further directs her department to deceive UET when it inquires about these

28  schemes, such as Robinson's subordinate, David Reyes, did in September 2013.

- 19 -

96.     Defendant Torres oversees and directs the employees in Customer Operations to withhold payments from UET, as described *supra* in Paragraphs 55, 67 and 77. Defendant Torres similarly directs the employees in Customer Operations to apply PG&E energy credit programs (e.g., for solar panels, etc.) to UET's charges, as described *supra* in Paragraph 67. Defendant Torres directs the employees in Customer Operations to apply reversals in the manner described in Paragraph 77. Finally, Defendant Torres directs the employees in Customer Operations to use customer care calls originating from the Payment Withholding Scheme and the Energy Credit Scheme to inform UET customers that they do not and will never pay less with UET's services and to convince the customer to drop UET.

97.     Defendant Chen oversees and manages the CTA program. Defendant Chen manages and implements the Payment Withholding Scheme, the Energy Credit Scheme, and the Reversal Scheme. Specifically, Defendant Chen directs and coordinates these schemes between Defendant Robinson and Defendant Torres.

98.     The Payment Withholding Scheme, the Energy Credit Scheme, and the Reversal Scheme constitute wire fraud in violation of 18 U.S.C. § 1343. Specifically, each of these Schemes concern the transmission of false information in the EDI files, with the intent of either withholding payments from UET, defrauding UET of its gas commodity to subsidize PG&E's customer credit program, or reducing UET's customer base.

99.     The Payment Withholding Scheme, the Energy Credit Scheme, and the Reversal Scheme involve use of interstate wires (i.e., the internet) to transmit the EDI files to UET.

100.    The Count I Defendants have evidenced specific intent to defraud UET because the practical effect of the Schemes is that the customer defaults to PG&E's gas commodity service. The Count I Defendants have similarly evidenced specific intent to defraud UET because another practical effect of the Schemes is to withhold money from UET or to subsidize PG&E's other business units. Finally, the Count I Defendants evidence specific intent to defraud UET since they have undertaken efforts to conceal the Schemes.

101.    The acts set forth above constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

102.    This pattern poses the threat of continuing. The first predicate act of the Reversal Scheme, for example, dates back to 2013 and continues through December 2014. The Count I Defendants deploy the Payment Withholding Scheme and the Energy Credit Scheme each month with UET's customers via transmission of the false EDI files. Further, in September, 2014, the Count I Defendants informed UET that the Schemes constitute PG&E's regular manner of doing business.

103.    As a direct and proximate result of the Count I Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c), UET has been injured in its business and property in that the Count I Defendants defraud UET of money or gas commodities and have eroded UET's customer base.

104.    WHEREFORE, Plaintiff requests that this Court enter judgment against the Count I Defendant(s) as follows:

a.    Actual damages in an amount to be proven at trial, but estimated to be in the millions of dollars;

b.    Treble damages and attorneys' fees and costs as provided in 18 U.S.C. § 1964(c);

c.    Any other relief the Court determines is appropriate.

## RICO COUNT II
### (Violation of RICO § 1962(d))

105.    The allegations of paragraphs 1 through 104 are incorporated herein by reference.

106.    This Count is against Defendants Torres, Robinson, and Chen (the "Count II Defendant(s)").

107.    As set forth above, the Count II Defendants agreed and conspired to violate 18 U.S.C. §1962(c).

108.    The Count II Defendants have intentionally conspired and agreed to directly and indirectly conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity.

109.    The Count II Defendants knew that their predicate acts were part of a pattern of

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

- 21 -

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

1  racketeering activity and agreed to the commission of those acts to further the schemes described

2  above. That conduct constitutes a conspiracy to violate 18 U.S.C. § 1962(c), in violation of 18 U.S.C.

3  § 1962(d).

4      110.    As a direct and proximate result of the Count II Defendants' conspiracy to commit

5  racketeering activities and violations of 18 U.S.C. § 1962(c), UET has been injured in its business

6  and property in that the Count II Defendants defrauded UET of money or gas commodities and have

7  eroded UET's customer base.

8      111.    WHEREFORE, Plaintiff requests that this Court enter judgment against the Count II

9  Defendants as follows.

10         a.   Actual damages in an amount to be proven at trial, but expected to be in the millions

11            of dollars;

12         b.   Treble damages and attorneys' fees and costs as provided in 18 U.S.C. § 1964(c);

13         c.   Any other relief the Court determines is appropriate.

14

15                          **SECOND CAUSE OF ACTION**
                          **(Respondeat Superior/Agency)**

16      112.    UET incorporates herein by reference all allegations set forth in Paragraphs 1 through

17  111 of this Complaint.

18      113.    PG&E is distinct from the Consolidated Billing RICO enterprise operated by

19  Robinson, Chen, and Torres (the "Individual Defendants"). Specifically, Consolidated Billing is not

20  part of PG&E's voluntary business model nor is it intended to be a profitable line of business. Indeed,

21  PG&E neither officially condones nor acknowledges the existence of the Schemes. PG&E officially

22  denies, for example, the existence of the Energy Credit Scheme (as its in-house lawyers did on April

23  29, 2015 in their averments before the CPUC), even though the Individual Defendants and their

24  employees openly acknowledge the practice and despite the fact that PG&E benefits from it.

25      114.    PG&E has benefited from the racketeering activities of the Individual Defendants.

26  PG&E charges UET transportation and storage fees for natural gas. The Schemes increase the bad

27  debt of PG&E's competitors and increase PG&E's market share for core gas customers. Most

28  important, the Schemes reduce PG&E's own liability for any mandatory credit. Finally, as a result of

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

1   the Schemes, PG&E is able to charge consumers higher prices than it otherwise could, even while

2   the Citygate cost of natural gas falls.

3       115.    The Individual Defendants committed the racketeering activities within the time and

4   space limits of their employment with PG&E. That is, the Individual Defendants committed the

5   racketeering activities while they were working in PG&E's offices and with PG&E's systems. On

6   information and belief, the Individual Defendants were motivated to commit the racketeering

7   activities for the purpose of benefiting PG&E financially through increased profit and market share,

8   and thereby benefitting themselves as the employees responsible.

9       116.    The racketeering activities were of a kind that the Individual Defendants were hired

10  by PG&E to perform legitimately. That is, each Individual Defendant used his/her position at PG&E

11  to perpetuate the Schemes by committing the predicate acts under the auspices of their usual job

12  responsibilities. For example, Defendant Torres oversees the employees in Customer Operations but

13  directs them to withhold payments from UET in furtherance of the Payment Withholding Scheme, as

14  described *supra* in Paragraphs 55, 67 and 77. Defendant Torres similarly oversees the employees in

15  Customer Operations but directs them to apply PG&E energy credit programs (e.g., for solar panels,

16  etc.) to UET's charges in furtherance of the Energy Credit Scheme, as described *supra* in Paragraph

17  67. Defendant Torres also directs the employees in Customer Operations to apply reversals in the

18  manner described in Paragraph 77 in furtherance of the Reversal Scheme. Finally, Defendant Torres

19  directs the employees in Customer Operations to use customer care calls to inform UET customers

20  that they do not and will never pay less with UET's services and to convince the customer to drop

21  UET, in furtherance of the Payment Withholding Scheme and the Energy Credit Scheme. Similarly,

22  Defendants Robinson and Chen direct the employees in ESP Services and EDI Operations to compile

23  and send the EDI files over the wires containing the false information set forth in Paragraphs 55, 67

24  and 77.  None of the Individual Defendants would be able to perpetuate the Schemes without the

25  authority vested in them through their positions at PG&E.

26      117.    PG&E eventually learned of the Schemes, as evidenced by the presence of its in-house

27  counsel at during the testimony of David Reyes on April 30, 2015 but, nonetheless, did nothing to

28  stop them. As their employer, PG&E not only supplied the Individual Defendants with the means to

- 23 -

1   perpetuate the Schemes, but PG&E could have stopped the Individual Defendants but, to date, has

2   not done so.

3       118.   WHEREFORE, Plaintiff requests that this Court enter judgment against PG&E as

4   follows:

5       a.   Actual damages in an amount to be proven at trial, but expected to be in the millions

6            of dollars;

7       b.   Treble damages and attorneys' fees and costs as provided in 18 U.S.C. § 1964(c);

8       c.   Any other relief the Court determines is appropriate.

9

10                          **THIRD CAUSE OF ACTION**
      **(Attempt to Monopolize in Violation of the Sherman Act § 2, 15 U.S.C. § 2)**

11      119.   UET incorporates herein by reference all allegations set forth in Paragraphs 1 through

12   118 of this Complaint.

13      120.   A market exists for the provision of natural gas to Core Customers in Northern

14   California. The geographical boundaries of this market are Eureka in the north to Bakersfield in the

15   south, and from the Pacific Ocean to the Sierra Nevada (the "Relevant Geography"). Core Customers

16   are all residential customers within the Relevant Geography regardless of load size, commercial

17   customers with annual loads below 250,000 therms, and those commercial customers with annual

18   loads above 250,000 therms who elect to receive the higher reliability associated with core service.

19   The relevant product in this market is natural gas, which is a fossil fuel extracted from the earth and

20   largely comprised of methane and other hydrocarbons. The natural gas sold to residential and small

21   business customers for use as an energy source is fungible, may be interchanged regardless of the

22   provider, and is not distinguishable by quality. It can be used for heating, cooking, and other

23   household applications.

24      121.   PG&E is the traditional utility and, until 1991, held a state-sanctioned monopoly in

25   the Relevant Geography. Consequently, PG&E currently owns and operates all the infrastructure that

26   physically stores and transports natural gas to Core Customers within the Relevant Geography. As a

27   result of this monopoly, 100% of the Core Customers receive their gas via pipes, meters, and other

28   facilities owned and operated by PG&E.

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

122.    PG&E also holds a near-monopoly on natural gas billing and collections operations within the Relevant Geography. Nearly 100% of the Core Customers in the Relevant Geography receive a monthly utility bill from PG&E, whether for natural gas, the transportation of those services, or both.

123.    The CTAs compete with PG&E to sell natural gas to Core Customers within the Relevant Geography. Approximately twenty-two CTAs operate in the Relevant Geography using PG&E's infrastructure.

124.    Recognizing that establishing utility billing and collection services created an unfair barrier to entry, the CPUC requires PG&E to share its billing and collection services with CTAs. Approximately 18 CTAs use PG&E as their billing and collections agents (i.e., those CTAs use PG&E Consolidated Billing), paying PG&E about $.70 per customer per month for this service.  A CTA like UET cannot practically or reasonably establish its own billing and collection services within the Relevant Geography and continue to offer natural gas to core customers at competitive prices. Thus, without the use of PG&E's billing and collections services, CTAs like UET cannot compete with PG&E in the natural gas market. Consequently, PG&E's billing and collections services constitute an essential facility.  Though the CPUC has compelled PG&E to share its billing and collection services, the CPUC lacks the effective power to regulate the scope, terms, and manner in which those services are provided to CTAs and has failed to prevent the predatory Schemes from occurring.

125.    Because the number of Core Customers varies and their individual quantum of gas is difficult to encapsulate, an entity's given market share is typically measured in terms of "load"— the percentage of the overall natural gas in the Relevant Geography the entity supplies In 2012, PG&E supplied 88% of the total load to Core Customers in the Relevant Geography, while all CTAs combined supplied 12%. By 2014, the CTAs increased their market share to 19%, while PG&E's share decreased to 81% of the total load to Core Customers in the Relevant Geography.

126.    PG&E sets the price for its natural gas to Core Customers on a monthly basis by application of a regulated formula. While the formula itself does not change, PG&E exercises discretion over variables, such as calculation of its purchase price, expenses, overcharges, and the

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

like, to include in the formula. PG&E publishes this price once per month, typically around the twenty-fifth day, without prior approval from the CPUC. CTAs using PG&E's billing and collections must provide their monthly price to PG&E by the first of each month.

127.     PG&E has committed overt predatory and exclusionary acts demonstrating its specific intention to destroy competition for natural gas commodity service to Core Customers in the Relevant Geography by providing its billing and collections services in a fraudulent, unfair, unreasonable, and discriminatory manner, denying the CTAs fair and reasonable access to an essential facility. Specifically, PG&E uses its role as the CTAs' billing agent to withhold money due and owing to the CTAs by operation of the acts set forth in the Payment Withholding Scheme, which misleads the CTA into believing that the customer is not paying. The Energy Credit Scheme deceives both the customer into believing that no payment is due to the CTA and the CTA into believing that the customer is willfully not paying.  The CTAs, including UET, either disconnect these customers, defaulting them back to PG&E's gas commodity service, or attempt collection efforts which frustrate the customer into returning to PG&E's service. Finally, with the Reversal Scheme, PG&E simply disconnects Core Customers within the Relevant Geography from the CTAs' natural gas service and returns them to PG&E's natural gas service. These fraudulent, unfair, unreasonable, and discriminatory Schemes lack any legitimate business justification and evidence PG&E's specific intent to destroy competition in the natural gas market.  Such Schemes are perpetrated against the CTAs not by competitive zeal, but by anticompetitive malice.

128.     PG&E, therefore, intentionally leverages its monopoly in its billing-and-collections services to expand its market share in the deregulated natural gas commodity market to Core Customers.

129.     The Schemes have several anti-competitive results. First, the Schemes significantly increase operating expenses for CTAs. For example, CTAs must expend large sums—typically millions of dollars annually—on marketing costs just to maintain their customer base as a result of the Reversal Scheme. Quite literally, the Schemes eliminate the CTAs customer base nearly as quickly as a CTA, spending millions of dollars each year, can build it up. CTAs have no ability to expand their output.

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

130.     In addition, CTAs have large carrying costs because the Payment Withholding Scheme and the Energy Credit Scheme ensure that the CTA will be either paid months late or not at all (that is, the CTAs must buy the natural gas and expend money storing and transporting it while PG&E prohibits payment from the customer).

131.     The Schemes are perpetuated against all CTAs using PG&E's billing and collections services and have resulted in significant loss of the CTA's market share and increased costs to the CTAs. UET alone has lost about half of its customers as a result of the Schemes. On June 9, 2016, another competitor, North Star Gas Company d/b/a YEP, filed a Complaint in the Northern District of California (styled *North Star Gas Co. v. Pacific Gas and Electric*, Case No. 3:15-CV-02575-HSG) alleging, *inter alia*, that it has similarly lost tens of thousands from its peak of 54,000 Core Customers in the Relevant Geography as a result of the Schemes.  Similarly, other CTAs, such as Tiger Energy, have reported that PG&E carries out the Schemes against their Core Customers in the Relevant Geography and that, similar to UET and North Star, each CTA has reported loss of customer and market share.

132.     In short, the Schemes, deny the CTAs fair and reasonable access to an essential facility controlled exclusively by PG&E, drive up the CTAs' expenses and, by winnowing their customer base, reduce the CTAs' effective economies of scale, preventing the CTAs from pricing natural gas as competitively against PG&E's price as they once could. In 2012, for example, UET routinely undersold by PG&E by about 17%; now, UET's prices are only about 5% less than PG&E. Other CTAs simply cannot undersell the price set by PG&E as a result of anti-competitive effect of the Schemes.

133.     Put another way, the predatory Schemes force CTAs into a Hobson's Choice: remain with PG&E's billing and collections services, operated in an predatory manner; or institute separate billing-and-collections, already determined to be a barrier to entry.

134.     Indeed, as a result of the Schemes, PG&E increased its share of the load—and, therefore, its share of the natural gas market for Core Customers in the Relevant Geography—from 81% to 84.6% in just the two years since implementing the predatory Schemes.

135.    Consumers themselves have been harmed by PG&E's anticompetitive conduct since PG&E has been able to raise its prices without fear of competition from the CTAs. For example, Core Customers have experienced a 20% increase in gas prices at a time when wholesale gas prices have decreased by 50%, as set forth in Paragraph 86.

136.    The Schemes pose a dangerous probability of allowing PG&E to achieve market power. The Schemes have erected barriers to entry and expansion in the Relevant Geography and resulted in a reduction in competition in the retail natural gas commodity market. Several companies that retail natural gas in other states, such as Colorado-based Aurora NG, will not attempt entry as a result of PG&E's predatory practices. Other CTAs have allowed the Reversal Scheme to dwindle their customer base for ultimate withdrawal from the market. One such CTA (not UET) has seen its customer base decline from about 40,000 to just around 5,000 since January 2015; this company will not invest in acquiring additional customers because of the Schemes. PG&E's schemes have made entry and expansion unprofitable, despite the fact that PG&E's gas supply is priced above competitive levels, due to the increased costs of marketing, customer retention, and carrying costs.

137.    WHEREFORE, Plaintiff requests that this Court enter judgment against PG&E as follows:

a.    Actual damages in an amount to be proven at trial, but expected to be in the millions of dollars;

b.    Treble damages and attorneys' fees and costs as provided in 15 U.S.C. § 15;

c.    Any other relief the Court determines is appropriate.

**FOURTH CAUSE OF ACTION**
**(Breach of Fiduciary Duty)**

138.    UET incorporates herein by reference all allegations set forth in Paragraphs 1 through 136 of this Complaint.

139.    As set forth above, because UET has selected the option of Consolidated PG&E Billing, PG&E acts as UET's billing and collections agent for all of UET's customers in PG&E's service area.

140.    Specifically, PG&E calculates the amounts owed by UET's customers for natural gas,

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

- 28 -

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

1   sends a bill containing UET's charges to UET's customers, collects payments from UET's customers,

2   and remits (or is supposed to remit) those amounts to UET.

3       141.    Under this arrangement, PG&E represents UET with respect to billing and collection

4   issues to UET's customers and is entrusted with the duty to receive and disburse UET's money and

5   to keep accurate records of these transactions. Because they are UET's customers, UET has a right to

6   control and supervise PG&E's actions with respect to UET's billing and collections activities.

7       142.    Accordingly, PG&E is UET's agent under Cal. Civ. Code § 2295, and owes UET a

8   fiduciary duty of loyalty.

9       143.    PG&E has retained moneys that it collected from UET's customers for its own benefit

10  and has failed and refused to turn those amounts over to UET. This is a breach of PG&E's duty of

11  loyalty to UET.

12      144.    In addition, PG&E has used its special relationship of trust as UET's billing and

13  collections agent as well as its position as the default monopoly natural gas provider to improperly

14  compete with UET, including making false representations to UET about the status of its customer

15  accounts and also encouraging UET's customers to cancel UET's services so that the customer will

16  revert back to PG&E.

17      145.    UET has been damaged by PG&E's breach of its fiduciary duty to UET, including

18  amounts that PG&E has wrongfully withheld from UET and customers terminated without reason

19  due to PG&E's fraudulent representations to UET.

20      146.    PG&E's breach of its duty of loyalty and fraud were done intentionally and with

21  malice designed to injure UET.  Specifically, as set forth above in Paragraphs 46 through 84, PG&E

22  made repeated false statements to UET about the amounts owed and paid by UET's customers, and

23  wrongfully allocated UET customer payments to PG&E's own charges.

24      147.    PG&E's breach of its duty of loyalty and fraud were made with the advance

25  knowledge and authorization of William H. Chen, the manager of PG&E's Account Services group

26  for core transport agents.

27      148.    WHEREFORE, Plaintiff requests that this Court enter judgment against PG&E as

28  follows:

- 29 -
SECOND AMENDED COMPLAINT                                              CASE NO: 3:15-CV-2383

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

1   a.   Actual damages in an amount to be proven at trial, but expected to be in the millions

2   of dollars;

3   b.   Exemplary and punitive damages as permitted by law;

4   c.   Its attorneys' fees and costs incurred as permitted by law;

5   d.   Any other relief the Court deems appropriate.

6

7

### FIFTH CAUSE OF ACTION
### (Intentional Misrepresentation)

8   149.   UET incorporates herein by reference all allegations set forth in Paragraphs 1 through

9   147 of this Complaint.

10   150.   PG&E made repeated, intentionally false statements to UET every time that PG&E

11   used the wires to transmit information about UET's customer accounts which reflected that UET's

12   customers had not paid for all of UET's charges, but where in fact the customer had either fully paid

13   for UET's charges of where PG&E told the customer not to pay UET's charges.

14   151.   These false statements were made as set forth in Paragraphs 55, 67, and 77 above and

15   included affirmative false statements as to whether a customer had paid for UET's charges, as well

16   as the intentional concealment of the fact that the customer had, in fact, paid UET's energy charges,

17   but that PG&E retained those monies and applied them to its own customer accounts.

18   152.   PG&E intended that UET rely on PG&E's false statements and intentional

19   concealment. UET justifiably relied on PG&E's false statements about its customers by sending

20   disconnection notices to these customers when, in fact, the customer's UET charges were fully paid

21   to PG&E.

22   153.   PG&E's intentional false statements have caused UET damages, including lost

23   revenues and income unlawfully withheld by PG&E, lost customers, lost market share, out of pocket

24   costs associated with trying to collect customer accounts which PG&E falsely represented were not

25   paid, and costs associated with trying to repair customer relationships for customers which UET

26   mistakenly attempted to collect from when in fact the customer had fully paid all of UET's charges

27   but PG&E had wrongfully withheld those amounts from UET. Through its actions, PG&E intended

28   to cause UET injury. Further, PG&E carried on its actions with a willful and conscious disregard of

- 30 -

1   the rights of UET and UET's customers.

2   154.   WHEREFORE, Plaintiff requests that this Court enter judgment against PG&E as

3   follows:

4   a.   Damages in an amount to be proven at trial, but estimated to be in the millions of

5   dollars;

6   b.   Exemplary and punitive damages under Cal. Civ. Code § 3294;

7   c.   Its attorneys' fees and costs incurred as permitted by law;

8   d.   Any other relief the Court deems appropriate.

9

10   **SIXTH CAUSE OF ACTION**
**(Negligent Misrepresentation)**

11   155.   UET incorporates herein by reference all allegations set forth in Paragraphs 1 through

12   153 of this Complaint.

13   156.   PG&E made repeated false statements to UET every time that PG&E used the wires

14   to transmit information about UET's customer accounts which reflected that UET's customers had

15   not paid for all of UET's charges, but where in fact the customer had fully paid for UET's charges

16   but PG&E intentionally allocated those amounts to PG&E's portions of the customer's bill. These

17   misrepresentations were material and were made without PG&E having reasonable grounds for

18   believing the misrepresentations to be true.

19   157.   These misrepresentations were made as set forth in Paragraphs 1 through 84 above

20   and included affirmative false statements as to whether a customer had paid for UET's charges, as

21   well as the intentional concealment of the fact that the customer had, in fact, paid UET's energy

22   charges, but that PG&E retained those monies and applied them to its own customer accounts.

23   158.   PG&E intended that UET rely on PG&E's misrepresentations. UET justifiably relied

24   on PG&E's misrepresentations about its customers by disconnecting its customers when, in fact, the

25   customer's UET charges were fully paid to PG&E.

26   159.   PG&E's misrepresentations described above have caused UET damages, including

27   lost revenues and income unlawfully withheld by PG&E, lost customers, lost market share, out of

28   pocket costs associated with trying to collect customer accounts which PG&E falsely represented

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

1  were not paid, and costs associated with trying to repair customer relationships for customers which

2  UET mistakenly attempted to collect from when in fact the customer had fully paid all of UET's

3  charges but PG&E had wrongfully withheld those amounts from UET.

4      160.    WHEREFORE, Plaintiff requests that this Court enter judgment against PG&E as

5  follows:

6      a.    Actual damages in an amount to be proven at trial, but expected to be in the millions

7      of dollars;

8      b.    Exemplary and punitive damages under Cal. Civ. Code § 3294;

9      c.    Its attorneys' fees and costs incurred as permitted by law;

10     d.    Any other relief the Court deems appropriate.

11

12                    **SEVENTH CAUSE OF ACTION**
                    **(Intentional Interference with Contract)**

13     161.    UET incorporates herein by reference all allegations set forth in Paragraphs 1 through

14  159 of this Complaint.

15     162.    UET and its customers are parties to a valid contract under which UET provides

16  natural gas and the customers pay UET's charges for that gas.

17     163.    PG&E is aware of UET's contracts with its customers.

18     164.    PG&E's intentional acts are designed to induce a breach or disruption of the contracts

19  between UET and its customers. Specifically, PG&E made repeated, intentionally false statements to

20  UET every time that PG&E used the wires to transmit information about UET's customer accounts

21  which reflected that UET's customers had not paid for all of UET's charges, but where in fact the

22  customer had fully paid for UET's charges but PG&E intentionally allocated those amounts to

23  PG&E's portions of the customer's bill.

24     165.    In addition, PG&E's customer service representatives have encouraged UET

25  customers to cancel UET's services during calls to discuss billing issues, which is an abuse of

26  PG&E's status as UET's billings and collections agent.

27     166.    PG&E intended to interfere with contracts between UET and its customers by inducing

28  UET to send disconnection notices to these customers when, in fact, the customers' UET charges

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

- 32 -

1   were fully paid to PG&E.

2       167.    Certain UET customers have cancelled their contracts with UET based on PG&E's

3   interference with the contracts between UET and these customers.

4       168.    PG&E's intentional interference with the contracts between UET and its customers

5   have caused UET damages, including lost revenues and income unlawfully withheld by PG&E, lost

6   customers, lost market share, out-of-pocket costs associated with trying to collect customer accounts

7   which PG&E falsely represented were not paid, and costs associated with trying to repair customer

8   relationships for customers which UET mistakenly attempted to collect from when in fact the

9   customer had fully paid all of UET's charges but PG&E had wrongfully withheld those amounts from

10  UET.

11      169.    WHEREFORE, Plaintiff requests that this Court enter judgment against PG&E as

12  follows:

13      a.      Damages in an amount to be proven at trial, but estimated to be in the millions of

14  dollars;

15      b.      Damages under Cal. Civ. Code § 3294;

16      c.      Its attorneys' fees and costs incurred as permitted by law;

17      d.      Any other relief the Court deems appropriate.

18                          **EIGHTH CAUSE OF ACTION**
19              **(Intentional Interference with Prospective Business Advantage)**

20      170.    UET incorporates herein by reference all allegations set forth in Paragraphs 1 through

21  168 of this Complaint.

22      171.    UET and its customers have an economic relationship in which UET provides natural

23  gas and the customers pay UET's charges for that gas and under which there is a probability of future

24  economic benefit to UET.

25      172.    PG&E is aware of UET's economic relationship with its customers.

26      173.    PG&E's intentional acts are designed to induce a breach or disruption of the economic

27  relationship between UET and its customers. Specifically, PG&E made repeated, intentionally false

28  statements to UET every time that PG&E used the wires to transmit information about UET's

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

- 33 -

1    customer accounts which reflected that UET's customers had not paid for all of UET's charges, but

2    where in fact the customer had fully paid for UET's charges but PG&E intentionally allocated those

3    amounts to PG&E's portions of the customer's bill.

4        174.    PG&E intended to interfere with the economic relationship between UET and its

5    customers by inducing UET to send disconnection notices to these customers when, in fact, the

6    customers' UET charges were fully paid to PG&E.

7        175.    In addition, PG&E's customer service representatives have encouraged UET

8    customers to cancel UET's services during calls to discuss billing issues, which is an abuse of

9    PG&E's status as UET's billings and collections agent.

10       176.    Certain UET customers have cancelled their economic relationship with UET based

11   on PG&E's interference with the economic relationship between UET and these customers.

12       177.    PG&E's intentional interference with the economic relationship between UET and its

13   customers have caused UET damages, including lost revenues and income unlawfully withheld by

14   PG&E, lost customers, lost market share, out of pocket costs associated with trying to collect

15   customer accounts which PG&E falsely represented were not paid, and costs associated with trying

16   to repair customer relationships for customers which UET mistakenly attempted to collect from when

17   in fact the customer had fully paid all of UET's charges but PG&E had wrongfully withheld those

18   amounts from UET.

19       178.    WHEREFORE, Plaintiff requests that this Court enter judgment against PG&E as

20   follows:

21       a.    Damages in an amount to be proven at trial, but estimated to be in the millions of

22       dollars;

23       b.    Exemplary and punitive damages under Cal. Civ. Code § 3294;

24       c.    Its attorneys' fees and costs incurred as permitted by law;

25       d.    Any other relief the Court deems appropriate.

26
27                        **NINTH CAUSE OF ACTION**
                    **(Violation of Cal. Bus. & Prof. Code § 17200, et seq.)**

28       179.    UET incorporates herein by reference all allegations set forth in Paragraphs 1 through

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

1   177 of this Complaint.

2       180.     PG&E's actions as described above are unlawful, unfair, anti-competitive, and/or

3   fraudulent business practices as defined by Cal. Bus. & Prof. Code § 17200, et seq..

4       181.     PG&E's unlawful, unfair, anti-competitive, and/or fraudulent business practices have

5   caused UET damages and irreparable harm.

6       182.     UET seeks restitution of all amounts paid by UET customers to PG&E that PG&E has

7   not remitted to UET, plus applicable interest.

8       183.     WHEREFORE, Plaintiff requests that this Court enter judgment against PG&E as

9   follows:

10      a.     Restitution of all amounts paid by UET customers for UET natural gas charges which

11             are being wrongfully held by PG&E;

12      b.     Its attorneys' fees and costs incurred as permitted by law;

13      c.     Any other relief the Court deems appropriate.

14                              **REQUEST FOR RELIEF**

15      WHEREFORE, Plaintiff UNITED ENERGY TRADING, LLC d/b/a Blue Spruce Energy

16  Services prays for judgment against Defendants Pacific Gas and Electric Company, Albert Torres,

17  Bill Chen, and Tanisha Robinson as follows:

18      (1)    Actual damages on all applicable Counts in an amount to be proven at trial;

19      (2)    Treble damages and attorneys' fees and costs as provided in 18 U.S.C. § 1964(c);

20      (3)    Treble damages and attorneys' fees and costs against Pacific Gas and Electric

21             Company as provided in 15 U.S.C. § 15;

22      (4)    Exemplary and punitive damages as permitted by law;

23      (5)    Any other attorneys' fees and costs as permitted by law; and

24      (6)    Such other and further relief as may be appropriate.

25

26

27

28

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

- 35 -

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

1

## **JURY DEMAND**

2          UET respectfully demands a trial by jury on all of its claims so triable as permitted by law.

3    Dated: May 13, 2016                        Respectfully submitted,

4                                               HOLLAND & KNIGHT LLP

5

6                                               s/ *Thomas D. Leland*

7                                               Thomas D. Leland (Pro Hac)

8                                               Attorneys for Plaintiff
                                               UNITED ENERGY TRADING, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 36 -

# Exhibit 2

1
2
3
4
5
6
7                         UNITED STATES DISTRICT COURT

8                        NORTHERN DISTRICT OF CALIFORNIA

9

10   UNITED ENERGY TRADING, LLC,          Case No.  15-cv-02383-RS

                Plaintiff,
11
         v.
                                          **ORDER REGARDING MOTIONS FOR**
12                                        **PARTIAL SUMMARY JUDGMENT**

13   PACIFIC GAS & ELECTRIC CO., et al.,

                Defendants.
14

15                                **I. INTRODUCTION**

16        United Energy Trading, LLC ("UET") advances federal and state law claims against

17   defendants Pacific Gas & Electric Company ("PG&E"), Albert Torres, and William Chen,

18   challenging what UET asserts are unlawful billing, collection, and payment practices that

19   misappropriate funds, defraud UET, and undermine UET's ability to compete with PG&E for

20   natural gas customers. Both parties now move for partial summary judgment on a limited set of

21   claims and issues. For the reasons explained below, PG&E's motion is granted as to UET's RICO

22   and respondeat superior claims but denied as to UET's "payment withholding scheme" theory of

23   liability and UET's challenge to PG&E's customer privacy and confidentiality policies. UET's

24   motion for summary judgment as to PG&E's liability for breach of fiduciary duty and intentional

25   interference with contract is denied.[1]

26   _____

27   [1] The parties have filed multiple sealing motions related to materials associated with their
     summary judgment filings. PG&E's motions (Dkt. Nos. 193, 207, and 219) are granted. UET's
28   motions (Dkt. Nos. 197 and 208) are also granted consistent with the following limitations
     outlined in the supporting declarations filed by PG&E's counsel. With regard to Dkt. No. 197,

## II. BACKGROUND

PG&E is the traditional public utility in Northern California. Until the 1990s, it held a state-sanctioned monopoly over the distribution of natural gas and thus owns and operates the entire infrastructure for storing and transporting natural gas to customers in Northern California. As a public utility, PG&E is regulated by the California Public Utilities Commission ("CPUC").

UET is a Core Transport Agent ("CTA"), meaning it buys gas on the open market and sells it to customers using PG&E's distribution system. Currently, UET serves approximately 36,000 customers in PG&E's service area. The geographic boundaries of this area extend from Eureka in the north to Bakersfield in the south, and from the Pacific Ocean in the west to the Sierra Nevada mountains in the east.

PG&E is required by state law to offer CTAs the option of consolidating billing. Under this program, both the CTA's charges and PG&E's charges appear on a single, consolidated statement. The customer pays both sets of charges with a single check to PG&E which is responsible for remitting payment to the CTA. UET has elected to participate in the consolidated billing program.

The instant dispute centers on UET's claims that PG&E and certain of its employees engage in unlawful activity related to implementation of consolidated billing. Specifically, UET identifies three separate schemes by which it claims PG&E defrauds UET and its customers. In the "payment withholding scheme," PG&E uses its role as billing agent to withhold money owed to UET, misleading UET into believing its customers are not paying. In the "energy credit scheme," PG&E applies credits from its own services or programs to UET's gas charges, effectively misappropriating UET's charges to offset the money PG&E owes its customers. In the "reversal scheme," PG&E inappropriately "reverses" UET customer charges, disconnecting customers from

---

Exhibit K2 may be filed under seal. Exhibits D1 and N3 may be filed as redacted in the versions attached to the Declaration of Seth R. Sias (Dkt. No. 200). With regard to Dkt. No. 208, Exhibit H3 may be filed under seal. Exhibits C7 and G1 may be filed as redacted in the versions attached to the Declaration of Seth R. Sias (Dkt. No. 211).

United States District Court
Northern District of California

UET's natural gas service and thereby returning them to PG&E's natural gas service.

The coordinating entity behind these schemes, according to UET, is an associated-in-fact RICO enterprise it calls "Consolidated Billing." UET originally sued three individual defendants—Albert Torres (Vice President of Customer Operations at PG&E until his retirement in 2017), William Chen (a former Manager of PG&E's ESP Services Group and currently a regulatory analyst), and Tanisha Robinson (a Supervisor in Complex Billing)—for their participation in the Consolidated Billing enterprise. Ms. Robinson, however, was recently dismissed from the case.

Several issues in dispute in the instant motions arise out of the import and effect of an administrative proceeding before the CPUC in 2016. That proceeding (the "GT&S Proceeding" or "GT&S Decision") addressed PG&E's application for approval of rates for gas transmission and storage for the period 2015 through 2017. UET participated in the proceeding as an interested party as did the Core Transport Agent Consortium (CTAC), a coalition of CTAs to which UET belongs. The CPUC's final decision on PG&E's application was issued on June 23, 2016.[2]

### III. LEGAL STANDARD

The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is therefore proper where the pleadings, discovery, and affidavits demonstrate that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there

---

[2] The parties seek judicial notice of the GT&S Decision and of various documents including or related to: public tariff schedules filed by PG&E, other official CPUC acts, and materials filed with the CPUC as part of its proceedings. *See* PG&E's RJNs (Dkt. Nos. 191, 205, and 218) and UET's RJNs (Dkt. Nos. 195, 210, and 215). Neither party has objected to the other's requests. Judicial notice may be taken of a fact not subject to reasonable dispute because it either is generally known within the trial court's territorial jurisdiction, or can be readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). The documents sought to be noticed satisfy this standard. Accordingly, the parties' requests are granted.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

2         The party moving for summary judgment bears the initial burden of identifying those

3    portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine

4    issue of material fact. *Celotex*, 477 U.S. at 323. Where the moving party will have the burden of

5    proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could

6    find other than for the moving party. In contrast, on an issue for which the opposing party will

7    have the burden of proof at trial, the moving party need only point out "that there is an absence of

8    evidence to support the nonmoving party's case." *Id.* at 325.

9         Once the moving party meets its initial burden, the nonmoving party must go beyond the

10   pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a

11   genuine issue for trial. Only disputes over material facts matter. "Factual disputes that are

12   irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. The court must draw all

13   justifiable inferences in favor of the non-moving party, including questions of credibility and of

14   the weight to be accorded particular evidence. *Id.* at 255. It is not the task of the court, however, to

15   scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279

16   (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity,

17   the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to make this

18   showing, "the moving party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 322.

19                     **IV. DISCUSSION**

20        The defendants move for partial summary judgment in their favor as to: 1) UET's claim

21   against the Individual Defendants for violation of Sections 1962(c) and 1962(d) of the Racketeer

22   Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968; 2) UET's related

23   claim for respondeat superior liability against PG&E; 3) UET's "payment withholding scheme"

24   theory of liability; and 4) UET's challenge to PG&E's customer privacy and confidentiality

25   policies. UET, by contrast, moves for partial summary judgment as to PG&E's liability for: 1)

26   breach of fiduciary duty; and 2) intentional interference with contract. Each of the claims and

27   issues raised is addressed in turn below.

28                     ORDER REGARDING MOTIONS FOR PARTIAL SUMMARY JUDGMENT
                       CASE NO. 15-cv-02383-RS

4

1    **A. PG&E's Motion for Summary Judgment**

2    1. RICO

3    Section 1962(c) of RICO makes it unlawful for any person associated with an alleged

4    racketeering enterprise "to conduct or participate, directly or indirectly, in the conduct of such

5    enterprise's affairs through a pattern of racketeering activity." Section 1962(d) provides "[i]t shall

6    be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c)

7    of this section." To defeat the motion for summary judgment, UET must point to issues of fact

8    regarding the existence of a RICO enterprise.[3] It has failed to do so.

9    RICO defines an enterprise as "any individual, partnership, corporation, association, or

10   other legal entity, and any union or group of individuals associated in fact although not a legal

11   entity." 18 U.S.C. § 1961(4). Though this language is broad, the Supreme Court has provided

12   guidance. In *United States v. Turkette*, 452 U.S. 576 (1981), the Court defined a RICO enterprise

13   as "a group of persons associated together for a common purpose of engaging in a course of

14   conduct." *Id.* at 583. More recently, the Court has noted that an "associated-in-fact" enterprise—

15   like the one alleged here—"must have at least three structural features: a purpose, relationships

16   among those associated with the enterprise, and longevity sufficient to permit these associates to

17   pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 946 (2009).

18   Here, UET's evidence does not a support a finding that the asserted RICO enterprise has

19   the required structural features. The enterprise UET identifies—"Consolidated Billing"—is made

20   up of PG&E employees operating within different departments supervised by Defendants Torres

21   and Chen, and Tanisha Robinson. These individuals, UET asserts, pursue the common purpose of

22   making it harder for UET to do business by implementing various schemes (involving regular and

23   ongoing acts of wire fraud) which cause UET to receive money it is owed in an untimely fashion

24

25   _____

26   [3] The complete elements of the Section 1962(c) claim that UET would need to prove at trial are:
     "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as
     'predicate acts') (5) causing injury to plaintiff's business or property." *Grimmett v. Brown*, 75

27   F.3d 506, 510 (9th Cir. 1996) (citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)).

28

United States District Court
Northern District of California

5

1  or not at all. Yet the evidence relied upon by UET to demonstrate coordination and

2  communication between these individuals is decidedly lacking. This is especially true of the

3  evidence against Defendants Torres and Chen whom UET accuses of supervising and

4  "collaborat[ing] directly in furtherance of the enterprise." UET's Opp. to Defs.' Mot. for Summ. J.

5  at 25. UET points to no phone calls between Torres and Chen, no emails sent directly between

6  them, and no in-person meetings.

7         UET correctly points out that it is not required to show participants in the Consolidated

8  Billing enterprise are organized into a formal unit. *Odom v. Microsoft*, 486 F.3d 541, 551-52 (9th

9  Cir. 2007). It does not need to prove, for instance, that Chen and Torres sat at the top of a well-

10 defined "hierarchical structure or chain of command." *Boyle*, 556 U.S. at 948 (internal quotation

11 marks omitted). It does, however, have to point to some facts showing Chen and Torres at least

12 had some awareness of the common purpose the RICO enterprise they allegedly supervised was

13 trying to pursue—e.g., that they discussed their shared goal of defrauding UET and/or

14 communicated that goal to others associated with the alleged enterprise so as to better coordinate

15 their efforts. Given the absence of such a showing, UET cannot prove the alleged participants in

16 Consolidated Billing were "associated together" in any meaningful sense beyond being PG&E

17 employees doing jobs related to billing CTAs. This is not enough to generate a factual question as

18 to the existence of a RICO enterprise for a reasonable jury. Accordingly, summary judgment is

19 granted in favor of the defendants with regard to UET's RICO claims.[4]

20         2. Respondeat Superior

21        UET's claim for respondeat superior liability against PG&E depends on the existence of a

22 viable RICO claim against the individual defendants. *See Oki Semiconductor Co. v. Wells Fargo*

23 *Bank, N.A.*, 298 F.3d 768, 775 (9th Cir. 1992) ("respondeat superior liability attaches only if an

24 employer benefitted from its employee's RICO violation"). As discussed above, UET has no

25 

_____

26 [4] As an alternative ground for summary judgment on the RICO claims, defendants argue UET
   cannot establish a predicate act of wire fraud. Because UET has failed to establish the existence of
27 a RICO enterprise, its ability to prove wire fraud need not be reached.

28                                        ORDER REGARDING MOTIONS FOR PARTIAL SUMMARY JUDGMENT
                                          CASE NO. 15-cv-02383-RS

United States District Court
Northern District of California

6

1    viable underlying RICO claim. Accordingly, summary judgment is granted in favor of PG&E as to

2    UET's claim for respondeat superior liability.

3           3. "Payment Withholding Scheme" and PG&E's Confidentiality Policies

4           The defendants advance two separate grounds they claim entitle them to summary

5    judgment on UET's "payment withholding scheme" theory of liability and UET's challenge to

6    PG&E's confidentiality policies. First, they argue the doctrines of res judicata and collateral

7    estoppel preclude UET from relitigating these issues as both have already been raised and fully

8    litigated before the CPUC. Second, even if adjudicating the issues were appropriate, doing so

9    would interfere with the CPUC's exclusive jurisdiction. Neither ground is compelling.

10                  *i. Res Judicata and Collateral Estoppel*

11          "Res judicata, or claim preclusion, treats a judgment, once rendered, as the full measure of

12   relief to be accorded between the parties on the same claim or cause of action." *Hydranautics v.*

13   *FilmTec Corp.*, 204 F.3d 880, 887-88 (9th Cir. 2000). "An action is barred under res judicata

14   where (1) the prior litigation involved the same parties or their privies, (2) the prior litigation was

15   terminated by a final judgment on the merits, and (3) the prior litigation involved the same 'claim'

16   or 'cause of action' as the later suit." *Id.* at 888.

17          Collateral estoppel, or issue preclusion, "applies only where it is established that (1) the

18   issue necessarily decided at the previous proceeding is identical to the one which is sought to be

19   relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party

20   against whom collateral estoppel is asserted was a party or in privity with a party at the first

21   proceeding." *Id.* at 885 (9th Cir. 2000) (citation omitted). "The party asserting preclusion bears the

22   burden of showing with clarity and certainty what was determined by the prior judgment."

23   *Offshore Sportswear, Inc. v. Vuarnet Int'l, B.V.*, 114 F.3d 848, 850 (9th Cir. 1997). "Collateral

24   estoppel is inappropriate if there is any doubt as to whether an issue was actually litigated in a

25   prior proceeding." *See also Eureka Fed. Sav. & Loan Ass'n v. Am. Cas. Co.*, 873 F.2d 229, 233

26   (9th Cir. 1989).

27          PG&E points to the 2016 GT&S Proceeding as the basis for its invocation of res judicata

United States District Court
Northern District of California

ORDER REGARDING MOTIONS FOR PARTIAL SUMMARY JUDGMENT
CASE NO. 15-cv-02383-RS

Case: 19-30088   Doc# 4323-4   Filed: 10/18/19   Entered: 10/18/19 19:20:23   Page 49
of 120

7

1    and collateral estoppel. As discussed previously, that proceeding addressed PG&E's application

2    for approval of rates for gas transmission and storage for the period 2015 through 2017. UET and

3    the CTA consortium to which it belongs (CTAC) participated as interested parties.

4         As an initial matter, PG&E's assertion of res judicata is misguided. As noted above, res

5    judicata applies to *claims*. Yet PG&E asks the Court to invoke res judicata to preclude UET's

6    litigation of two *issues*: a) the payment withholding scheme theory of liability; and b) UET's

7    challenge to PG&E's confidentiality policies. Even assuming PG&E's attack on these issues is a

8    roundabout way of precluding UET from litigating the tort claims they support, the assertion of res

9    judicata is inappropriate. Res judicata does not apply to claims that the first forum was

10   incompetent to hear, *Freeman v. San Diego Ass'n of Realtors*, 322 F.3d 1133, 1142 n.8 (9th Cir.

11   2003), and UET could not bring its tort claims in the GT&S Proceeding because the CPUC could

12   not provide a remedy for those claims. *See Vila v. Tahoe Southside Water Util.*, 233 Cal. App. 2d

13   469, 479 (Ct. App. 1965) ("The commission has no authority to award damages.")

14        The pertinent question is thus whether collateral estoppel applies. Application of the first

15   analytical factor makes clear that it does not. The issues necessarily decided at the GT&S

16   Proceeding are not the same issues that PG&E now seeks to preclude.

17        With regard to the payment withholding scheme, the relevant portion of the GT&S

18   Proceeding addressed the tariffs governing PG&E's administration of the consolidated billing

19   program: Gas Rules 8, 11, and 23. Gas Rule 23 generally requires that PG&E allocate partial

20   payments proportionately among CTA and PG&E charges. *Appl. of PG&E Proposing Cost of*

21   *Serv. & Rates for Gas Transmission & Storage Serv. for the Period 2015-2017 (U39G); & Related*

22   *Matter* ("GT&S"), CPUC Decision No. 16-06-056, 2016 Cal. PUC Lexis 381 at *662. The rule

23   includes an exception, however, for when an account is "considered delinquent or past due, and

24   therefore, is at risk of service termination pursuant to Gas Rules 8 and 11." *Id.* at *707. Under

25   such circumstances, PG&E may allocate partial payments to PG&E charges first. *Id.* "Gas Rule

26   11.D provides that bills are considered past due if payment is not received by PG&E within 19

27   days after the bill is mailed to the customer." *Id.* at *662-63. "Gas Rule 8 requires various steps

28

ORDER REGARDING MOTIONS FOR PARTIAL SUMMARY JUDGMENT
CASE NO. 15-cv-02383-RS

United States District Court
Northern District of California

1   (e.g. 15 day mailed notice, 48 hour mailed notice and 24 hour in person or telephone notice)

2   before a delinquent customer can be considered for disconnection." *Id*. at \*663.

3           During the GT&S Proceeding, CTAC and UET asserted PG&E was applying partial

4   payments from delinquent customers to PG&E charges first even when it was not considering

5   those customers for disconnection. To address this issue, CTAC asked the CPUC to change Gas

6   Rule 23 to require pro rata allocation of partial payments between PG&E and CTA charges

7   regardless of whether an account was past due. In other words, CTAC wanted to prohibit PG&E

8   from paying itself first under any circumstances. Relatedly, UET asked the CPUC to direct PG&E

9   to provide CTAs with a pro rata share of customer payments unless an account was subject to

10  service termination pursuant to Rules 8 and 11. The significance of this request was that Rules 8

11  and 11 have various notice requirements—as mentioned above—which UET believed PG&E was

12  not following in designating accounts as delinquent and potentially subject to termination.

13          The CPUC denied CTAC's request to change Rule 23, finding that maintaining the

14  exception to pro rata allocation for delinquent accounts better protected customers from service

15  disconnections. GT&S at \*579. According to PG&E, the CPUC also "rejected" UET's position. In

16  its reply in support of its motion, PG&E writes:

17          During the GT&S case, UET repeatedly urged that PG&E be required to send all notices
            under Gas Rule 11 and for the customer to be subject to service termination before PG&E
18          was allowed to allocate payments to past due PG&E charges first. UET argued that the
            past due status of the account was not sufficient. After extensive discovery, evidentiary
19          hearing, and briefing, the *CPUC rejected UET's position*. . . .

20  PG&E's Reply in Supp. of Mot. for Summ. J. at 10. (internal citations omitted) (emphasis added).

21  The problem with PG&E's version of events is that it is contradicted by explicit language in the

22  body of the CPUC's final decision. In fact, the CPUC wrote:

23          *We agree with UET* that PG&E should only allocate partial payments to PG&E charges
            first when the account is subject to service termination pursuant to Gas Rules 8 and 11.
24          PG&E should not be designating accounts as "delinquent" simply based on a CTA
            customer's history of late payment or because the CTA carries a balance.
25
26  GT&S at \*579-80 (emphasis added).[5]

27  _____

28  [5] PG&E argues its interpretation, which ignores the above language, is properly based on

United States District Court
Northern District of California

1        In light of the above language, PG&E's attempt to present the GT&S Decision as an

2  unambiguous finding that PG&E's allocation practices were and are compliant with Rule 23

3  stretches the decision too far. In essence, PG&E's argument is: 1) the GT&S Proceeding

4  considered payment allocation under Rule 23; 2) suggestions were made by UET and others that

5  PG&E was not complying with Rule 23; 3) the CPUC's decision not to change the rule was

6  equivalent to finding PG&E was in compliance; and thus 4) UET cannot argue before this Court

7  that PG&E was or is not in compliance.

8        As the portion of the decision quoted above indicates, the CPUC *did not* affirmatively find

9  PG&E was in compliance with Rule 23. Nor did it find that PG&E's conduct going forward would

10  necessarily be in compliance. If anything, the CPUC's language—clarifying the limited conditions

11  under which: a) partial payments could be allocated to PG&E first; and b) accounts could be

12  designated as "delinquent"—suggests it found reason to question whether PG&E's payment

13  allocation practices were entirely above board.

14        Moreover, even if PG&E's interpretation of the GT&S Decision is correct, the decision

15  does not conclusively address all aspects of the payment withholding scheme. As UET argues in

16  its opposition to PG&E's motion for summary judgment, the payment withholding scheme is not

17  just about whether PG&E improperly paid itself first under circumstances not permitted by its

18  tariffs. The scheme also encompasses UET's allegations that PG&E misrepresented its allocation

19  practices to UET—i.e., that the payment files PG&E sent to UET omitted material information

20  UET needed to: a) verify PG&E was allocating payments correctly; and b) determine the true

21  status of its customers' accounts. As explained in greater depth below, there are disputed material

22  facts with regard to whether PG&E properly withheld this information. Under these

23  circumstances, collaterally estopping UET from advancing its payment withholding scheme theory

24

25  "Conclusion of Law 296" which states: "PG&E should only allocate partial payments to PG&E
charges first when the account is considered delinquent or past due, and therefore, is at risk of

26  service termination pursuant to gas Rules 8 and 11." GT&S at *707. This conclusion, PG&E
argues, is deliberately less stringent than the language in the body of the decision and permits

27  PG&E to allocate partial payments to PG&E charges first the moment an account is past due.

28                               Order Regarding Motions for Partial Summary Judgment

1    of liability in its entirety is not warranted.[6]

2        PG&E's request to preclude UET's challenge to its confidentiality policies is similarly

3    unavailing. During the GT&S Proceeding, CTAC argued that PG&E unreasonably limited the

4    amount of basic customer billing information it shared with CTAs. Specifically, the CTAs

5    complained that the payment and billing files PG&E shared with them did not include information

6    such as the total balance on an account or the total amount of payment PG&E had received from a

7    customer. Without this information, the CTAs were left in the dark as to their customers' status.

8    They could not tell, for example, whether customers had made partial payments to PG&E, had

9    refused to pay entirely, or were mistakenly being classified as delinquent.

10       In response, PG&E contended the information the CTAs wanted was confidential and

11   could not be released without written customer authorization. At core, its argument was that CTAs

12   were third parties that needed separate authorization to receive their own customers' payment and

13   billing information.

14       The CPUC found "PG&E's arguments unconvincing" and contrary to portions of Public

15   Utility Code Section 985. GT&S at *583, *585. Its final decision noted that "a CTA is the agent

16   for the core customer (who is the principal) and thus has the right to all information related to the

17   purpose of the agency, which would include the complete billing information." *Id.* at *585. PG&E

18   correctly points out that, despite this finding, the CPUC required that Form 79-845A (which

19   establishes the buyer/seller relationship between a CTA and a core customer) be revised to "make

20   customer consent regarding disclosure of this information more explicit." *Id.* at *585. PG&E

21   incorrectly suggests, however, that this requirement for revision somehow amounts to a factual

22

23   [6] *See McDarren v. Marvel Entm't Grp., Inc.*, 1995 WL 214482, at *5 (S.D.N.Y. Apr. 11, 1995)
     ("Where an issue is closely intertwined with an issue to be tried, a court has discretion to deny
24   summary judgment even if the issue is 'ripe' for summary judgment."); *see also Powell v.
     Radkins*, 506 F.2d 763, 765 (5th Cir. 1975) ("A court, in its discretion in shaping the case for trial,
25   may deny summary judgment as to portions of the case that are ripe therefor, for the purpose of
     achieving a more orderly or expeditious handling of the entire litigation."); 10B Charles Alan
26   Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Prac. & Proc.* § 2737 (4th ed. 2017) ("[I]f the
     court determines that entering a partial summary judgment by identifying the facts that no longer
27   may be disputed would not materially expedite the adjudication, it may decline to do so.")

28                                          ORDER REGARDING MOTIONS FOR PARTIAL SUMMARY JUDGMENT
                                                                    CASE NO.  15-cv-02383-RS

United States District Court
Northern District of California

1    finding that PG&E's prior refusal to disclose the information was justified by the regulations in

2    place. It is not clear the CPUC reached so far.

3          As noted above, the CPUC was not convinced PG&E's interpretation of CPUC regulations

4    regarding its ability to release information was legally sound. Nor was it convinced PG&E's

5    position made practical sense. The CPUC noted that CTAs have two other billing options in

6    addition to consolidated billing through PG&E: 1) the CTA could send its own bills and collect its

7    own charges from customers; and 2) the CTA could handle the billing and collection of its own

8    charges and of PG&E's charges associated with gas service. Under either of these options, the

9    CTA would have access to all of the customer billing information at issue. Therefore, the CPUC

10   saw no reason why a CTA should not be permitted to access this information simply because it

11   elected to have PG&E handle consolidated billing.

12         In this context, the CPUC's requirement that Form 79-845A be revised to make customer

13   consent regarding disclosure more explicit is best understood as a recognition that the GT&S

14   Decision would affect the status quo. PG&E had not disclosed this information previously. Now it

15   would have to. The CPUC presumably wanted to keep the process transparent and ensure that

16   customers whose CTAs utilized PG&E's consolidated billing option were kept well-informed of

17   who had access to their information. The revision requirement does not, as PG&E suggests,

18   amount to a finding that PG&E was previously prohibited from disclosing the information at

19   issue.[7] Thus, UET is not precluded from arguing here that PG&E's refusal to disclose the

20   information sooner: a) was not required by CPUC regulation; and b) was tortious.

21

22   _____

23   [7] UET also points to compelling evidence in support of the opposite position. First, it highlights a
     2014 decision by an Administrative Law Judge who found PG&E's refusal to share customer
     billing information with UET was based on a misplaced reliance on the Gas Rules. The ALJ ruled,
24   "So long as UET is seeking only information regarding its own customer account, and no
     provision of law prohibits PG&E from complying with those information requests, PG&E is
25   obligated to turn over to UET the customer account information in its possession." *ALJ Ruling
     Granting Mot. for Inj. Relief*, Case 14001-006 (November 17, 2014), at 4. Second, UET asserts
26   that until 2009, PG&E provided more information to CTAs than it does now and that its change in
     policy correlated more closely with a change in PG&E personnel than with a change in CPUC
27   regulations.

28
                                    ORDER REGARDING MOTIONS FOR PARTIAL SUMMARY JUDGMENT
                                    CASE NO. 15-cv-02383-RS

United States District Court
Northern District of California

1          *ii. CPUC's Exclusive Jurisdiction*

2          Public Utilities Code section 1759 limits jurisdiction to review a CPUC order to the

3   California Court of Appeal and the California Supreme Court.[8] Section 2106 of the Public Utilities

4   Code, however, grants courts jurisdiction to hear actions for damages against a public utility for

5   violations of California law.[9] To resolve conflicts between these two sections, courts apply the

6   three-part test laid out by the California Supreme Court in *San Diego Gas & Electric Co. v.*

7   *Superior Court*, 13 Cal. 4th 893 (1996) ("*Covalt*"). *See Kairy v. SuperShuttle Intern.*, 660 F.3d

8   1146, 1150 (9th Cir. 2011). Under this test, courts ask whether: (1) the CPUC has the authority to

9   adopt a regulatory policy on the subject matter of the litigation; (2) the CPUC has exercised that

10  authority; and (3) adjudication of the case before the court would hinder or interfere with the

11  CPUC's exercise of regulatory authority. *See Covalt*, 13 Cal. 4th at 923, 926, 935.

12         PG&E unsuccessfully raised the issue of the CPUC's exclusive jurisdiction in one of its

13  motions to dismiss. As set forth in the prior order addressing that motion, the first two factors of

14  the *Covalt* test were met but not the third.

> The CPUC has authority to make and approve rules regarding both CTAs and
> Consolidated Billing—two subjects upon which it has exercised its authority via the Gas
> Rules—but UET does not ask this Court to construe those rules, so the instant action does
> not threaten to interfere with the CPUC's exercise of its authority.

18  *United Energy Trading, LLC v. Pac. Gas & Elec. Co.*, 146 F. Supp. 3d 1122, 1137 (N.D. Cal.

19  2015). More specifically, the alleged schemes engaged in by PG&E (including the payment

---

21  [8] "No court of this state, except the Supreme Court and the court of appeal . . . shall have
    jurisdiction to review, reverse, correct, or annul any order or decision of the commission or to
22  suspend or delay the execution or operation thereof, or to enjoin, restrain, or interfere with the
    commission in the performance of its official duties . . . ." Cal. Pub. Util. Code § 1759(a).

24  [9] "Any public utility which does, causes to be done, or permits any act, matter, or thing prohibited
    or declared unlawful, or which omits to do any act, matter, or thing required to be done, either by
25  the Constitution, any law of this State, or any order or decision of the commission, shall be liable
    to the persons or corporations affected thereby for all loss, damages, or injury caused thereby or
26  resulting therefrom. If the court finds that the act or omission was wilful, it may, in addition to the
    actual damages, award exemplary damages. An action to recover for such loss, damage, or injury
27  may be brought in any court of competent jurisdiction by any corporation or person." Cal. Pub.
    Util. Code § 2106.

28                                               ORDER REGARDING MOTIONS FOR PARTIAL SUMMARY JUDGMENT
                                                 CASE NO. 15-cv-02383-RS

1    withholding scheme) represented intentionally tortious conduct exceeding anything contemplated

2    by the Gas Rules.

3          The reasoning in that earlier order remains applicable here and is unchanged by the

4    intervening issuance of the CPUC's GT&S Decision. In fact, the reasons why the GT&S Decision

5    does not justify the application of res judicata or collateral estoppel mirror why adjudication of

6    UET's claims here will not interfere with the CPUC's exercise of regulatory authority.

7          As explained above, the GT&S Decision addressed CPUC regulations related to payment

8    allocation and customer information disclosure. It clarified and made more explicit what these

9    rules meant and how they should apply going forward. The GT&S Decision did not, however,

10   ratify PG&E's past behavior as being in compliance with CPUC regulation. Nor did it find

11   PG&E's conduct going forward would necessarily be in compliance. The CPUC likely did not

12   issue these findings because it would have been unable to award UET and the other CTAs

13   adequate relief (i.e., damages) for the harm caused by PG&E's noncompliance.

14         That the CPUC has not and cannot fully address harms flowing from PG&E's alleged

15   noncompliance with its tariffs reflects why a district court can do so without interfering with the

16   CPUC's jurisdiction. A different construction of the relevant tariffs from that employed by the

17   CPUC is not a predicate for finding PG&E liable. Nor must the CPUC's GT&S decision or its

18   decisions in other proceedings be overturned to do so. In fact, rather than interfering with the

19   CPUC's jurisdiction, adjudication of UET's claims here serves the purpose of Section 2106 of the

20   Public Utilities Code, of providing individuals or entities harmed by the unlawful actions of a

21   public utility with a means of recovering for the "loss, damages, or injury caused thereby or

22   resulting therefrom." Cal. Pub. Util. Code § 2106.

23         In summary, the CPUC has not conclusively adjudicated whether PG&E's past and present

24   practices with regard to payment allocation and confidentiality comply with its tariffs.

25   Adjudicating these issues will not interfere with the CPUC's exclusive jurisdiction. Accordingly,

26   PG&E's motion for summary judgment precluding UET from litigating these issues is denied.

27

28
                                        ORDER REGARDING MOTIONS FOR PARTIAL SUMMARY JUDGMENT
                                        CASE NO. 15-cv-02383-RS

**B. UET's Motion for Summary Judgment**

1. Breach of Fiduciary Duty

UET seeks summary judgment as to PG&E's liability for breach of fiduciary duty. To prevail at trial on this claim, UET must prove: (1) the existence of a fiduciary relationship; (2) its breach; and (3) damage caused by the breach. *Benasra v. Mitchell Silberberg & Knupp LLP*, 123 Cal. App. 4th 1179, 1183 (2004). In short, UET's argument proceeds as follows. First, as UET's billing and collections agent, PG&E has a fiduciary duty to provide UET with material information related to UET's customers' accounts. Second, PG&E has breached its duty by failing to provide that information. Third, PG&E's breach has frustrated UET's ability to serve its customers effectively and forced UET to alter its business plan and marketing approach within PG&E's service area.[10]

The evidence identified by UET appears to satisfy element one of the claim. UET points to the GT&S Decision, as well as testimony by PG&E's own witnesses, to support the proposition that PG&E is UET's billing and collections agent. *See* GT&S Decision at *586 ("PG&E is an agent of the CTA when it is doing the combined billing on behalf of the CTA."). UET also highlights a number of cases suggesting the agency relationship between it and PG&E is of a type that California courts would generally view as giving rise to fiduciary duties. *See, e.g., Michelson v. Hamada*, 36 Cal. Rptr. 2d 343, 346 (Cal. Ct. App. 1994) (concluding sufficient evidence supported a finding that a fiduciary relationship existed with respect to billing and collection services provided by one doctor for another). While UET may therefore be able to demonstrate the existence of a fiduciary relationship with PG&E to the limited extent of billing activities, its bid for summary judgment runs aground on the shoals of breach.

Granted, two of the three arguments advanced by PG&E against finding breach—regarding the preclusive effect of the GT&S Decision and the exclusive jurisdiction of the CPUC over what

---

[10] UET acknowledges the record is not yet sufficiently developed to determine UET's damages as a matter of law. It asks only for a finding of liability, with damages to be determined subject to evidence and expert-witness testimony at trial.

ORDER REGARDING MOTIONS FOR PARTIAL SUMMARY JUDGMENT
CASE NO. 15-cv-02383-RS

Case: 19-30088   Doc# 4323-4   Filed: 10/18/19   Entered: 10/18/19 19:20:23   Page 57 of 120

United States District Court
Northern District of California

United States District Court
Northern District of California

1  customer information PG&E is allowed to disclose—were already found earlier to be

2  unpersuasive. The third argument, however, standard in the summary judgment context, is more

3  compelling. In short, PG&E asserts that whether or not it has complied with any fiduciary

4  obligations it has as UET's billing agent is a triable issue of fact.

5  In support of this position, PG&E points to the testimony of its expert Daniel W. Ray,

6  CPA/CFF, CFE. Ray examined the billing and accounting information for the eight customers that

7  UET's Second Amended Complaint apparently invokes as exemplars of PG&E's alleged improper

8  billing and collection practices. He found no evidence of any improper activities nor did he

9  conclude any of the files were inaccurate. PG&E asserts that UET's expert, Gregory Thaler, did

10  not refute these findings. UET naturally characterizes Thaler's findings differently. The fact

11  remains, however, that the issue is disputed.

12  It also remains in dispute whether or not PG&E's refusal to provide the information at

13  issue was based on a proper understanding of CPUC regulations regarding the disclosure of

14  customer information. As noted previously, the GT&S Decision did not conclusively determine

15  PG&E's conduct was in compliance with CPUC regulations. Neither, however, did it find PG&E

16  was noncompliant. PG&E cites various CPUC decisions it says prohibited it from disclosing the

17  account information at issue without explicit customer authorization. UET may eventually

18  convince a jury PG&E's reliance on these decisions was misplaced and that its conduct was

19  tortious. It has not debunked PG&E's position so conclusively that it is entitled to summary

20  judgment.[11]

21  2. Intentional Interference with Contract

22  UET also seeks summary judgment as to PG&E's liability for intentional interference with

23  contract. To prevail on this claim at trial, UET must prove: "(1) a valid contract between plaintiff

24  and a third party; (2) defendants' knowledge of the contract; (3) defendants' intentional acts

25

26  [11] Because UET fails to show undisputed facts establishing breach, the third element of the claim (damages) need not be addressed. PG&E's objection to UET's reply evidence is overruled as

27  moot.

28

16

1   designed to induce a breach or disruption of the contractual relationship; (4) actual breach or

2   disruption of the contractual relationship; and (5) resulting damage." *Guidiville Band of Pomo*

3   *Indians v. NGV Gaming, Ltd.*, 531 F.3d 767, 774 (9th Cir. 2008).

4          UET satisfies the first two elements of the claim. As a registered CTA, UET enters into

5   service contracts with customers to supply natural gas. PG&E is obviously aware of these

6   contracts as it is responsible for billing and collecting payment from UET's customers. UET's

7   proof of the remaining elements draws on its "energy credit scheme" theory of liability.

8   Specifically, UET asserts PG&E applies energy credits to customers' accounts that often offset

9   both PG&E and UET's charges, resulting in bills sent to customers indicating no payment is due.

10  Despite affirmatively directing customers not to pay, PG&E represents to UET that customers

11  have been billed for UET's charges. The result is that UET is led to believe its customers simply

12  have not paid, thus interfering with UET's contractual relationships with its customers.

13         UET's theory is coherent but the evidence on which it relies is not sufficient to justify

14  summary judgment. In particular, UET has failed to establish that there are no triable issues of fact

15  with regard to: 1) whether the bills sent by PG&E are false or misleading; and 2) whether PG&E's

16  alleged interference with UET's contracts was and is intentional.

17         With regard to the first issue, PG&E contends the information provided to UET's

18  customers on their bills is accurate. While PG&E's billing system rolls up all charges into a single

19  account balance on the first page of the bill, the first page also itemizes the charges for each

20  service agreement (including those owed UET) and provides further details for each charge on

21  subsequent pages. UET may ultimately convince a jury that the cumulative effect of how the

22  charges are presented is misleading (at least in situations where credits have been applied) but it

23  has not done so through undisputed material facts sufficient to support summary judgment.

24         With regard to the second issue, PG&E correctly points out that UET's evidence of intent

25  is not airtight. One of UET's primary arguments in support of intent is that PG&E has known

26  about the problem with the application of energy credits since 2007 but has done nothing to

27  address it. The evidence on this point, however, is ambiguous. When the issue was originally

28                              ORDER REGARDING MOTIONS FOR PARTIAL SUMMARY JUDGMENT
                                CASE NO. 15-cv-02383-RS

United States District Court
Northern District of California

1  discovered in 2007 by former PG&E employee Ken Bohn, a manual workaround was put in place

2  to ensure that any payments misappropriated to PG&E as a result of the application of energy

3  credits were transferred to the CTA. Additional evidence indicates that in subsequent years PG&E

4  also at least attempted to develop an automated mechanism for addressing the issue. UET argues

5  the persistence of the problem indicates PG&E's corrective efforts, whether manual or automatic,

6  are at best ineffective and at worst insincere. Whether this is sufficient to satisfy the intent element

7  of the claim must be left to the trier of fact to decide. Given UET's failure to prove the absence of

8  disputed material facts, summary judgment as to PG&E's liability for intentional interference with

9  contract is inappropriate.

## V. CONCLUSION

11  PG&E's motion for partial summary judgment is granted as to UET's RICO and

12  respondeat superior claims but denied as to UET's "payment withholding scheme" theory of

13  liability and UET's challenge to PG&E's customer privacy and confidentiality policies. UET's

14  motion for partial summary judgment is denied.

16  **IT IS SO ORDERED**.

18  Dated: January 22, 2018

20  RICHARD SEEBORG
    United States District Judge

Case: 19-30088   Doc# 4323-4   Filed: 10/18/19   Entered: 10/18/19 19:20:23   Page 60 of 120

United States District Court
Northern District of California

# Exhibit 3

1

2

3

4

5

6

7 UNITED STATES DISTRICT COURT

8 NORTHERN DISTRICT OF CALIFORNIA

9

10 UNITED ENERGY TRADING, LLC,

　　　　　　　Plaintiff,

11

12 　　v.

13 PACIFIC GAS & ELECTRIC CO.,

14 　　　　　　　Defendant.

Case No.  15-cv-02383-RS

**ORDER DENYING UNITED ENERGY TRADING, LLC'S MOTION TO EXCLUDE & PACIFIC GAS AND ELECTRIC COMPANY'S MOTION TO EXCLUDE**

15

### I. INTRODUCTION

16

17 　　United Energy Trading, LLC ("UET") and Pacific Gas and Electric Company ("PG&E")

bring motions to exclude expert testimony under Federal Rule of Evidence 702 and *Daubert v.*

18 *Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993).[1]  UET moves to exclude the testimony of

19

PG&E's experts Daniel Ray and Michael Quinn, Ph. D.  PG&E moves to exclude the testimony of

20

UET's expert Jesse David, Ph. D.  For the reasons explained below, both UET's and PG&E's

21 motions are denied.

22

23

24

25

26

27 ─────────────────────
[1] The facts of this case are set forth in this Court's prior order regarding motions for partial
28 summary judgment and need not be repeated here.

1

## II. LEGAL STANDARD

2    To testify at trial as an expert, Rule 702 of the Federal Rules of Evidence requires that the

3    witness be qualified by "knowledge, skill, experience, training, or education."  Fed. R. Evid. 702.

4    Even if a witness is qualified as an expert in a particular field, any scientific, technical, or

5    specialized testimony is admissible only if it (a) "will help the trier of fact to understand the

6    evidence or to determine a fact in issue," (b) "is based upon sufficient facts or data," (c) "is the

7    product of reliable principles and methods," and (d) " the expert has reliably applied the principles

8    and methods to the facts of the case."  *Id.*

9    Rule 702 does not permit irrelevant or unreliable testimony.  *Daubert*, 509 U.S. at 589.

10   Expert opinions are relevant if the knowledge underlying them has a "valid connection to the

11   pertinent inquiry."  *United States v. Sandoval-Mendoza*, 472 F.3d 645, 654 (9th Cir. 2006)

12   (internal quotation marks and alteration omitted).  "Expert testimony which does not relate to any

13   issue in the case is not relevant and, ergo, non-helpful."  *Daubert*, 509 U.S. at 590 (citing 3

14   Weinstein & Berger ¶ 702[02], p. 702-18) (internal quotation marks omitted).  Expert opinion

15   testimony is reliable if such knowledge has a "basis in the knowledge and experience of [the

16   relevant] discipline."  *Id.* at 592.  Courts should consider the following factors when evaluating

17   whether an expert's proposed testimony is reliable: (1) "whether a theory or technique can be (and

18   has been) tested," (2) "whether the theory or technique has been subjected to peer review and

19   publication," (3) the known or potential error rate of the particular scientific theory or technique,

20   and (4) the degree to which the scientific technique or theory is accepted in a relevant scientific

21   community.  *Id.* at 593-94.  This list is not exhaustive, however, and the standard is flexible.

22   *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 151 (1999).  The *Daubert* inquiry "applies not only

23   to testimony based on 'scientific' knowledge but also to testimony based on 'technical' and other

24   'specialized' knowledge."  *Id.* at 141.

25   The task is not to "decid[e] whether the expert is right or wrong, just whether his testimony

26   has substance such that it would be helpful to a jury."  *Alaska Rent-A-Car, Inc. v. Avis Budget*

27   *Grp., Inc.*, 738 F.3d 960, 969-70 (9th Cir. 2013).  Courts may not exclude testimony because it is

28

2

impeachable. *Id.* at 969. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky and admissible evidence." *Daubert*, 509 U.S. at 596. The focus of the inquiry is thus on the principles and methodology employed, not the conclusions reached by the expert. See *id.* at 595. Ultimately, the purpose of the assessment is to exclude speculative or unreliable testimony to ensure accurate, unbiased decision-making by the trier of fact. "Nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Kumho*, 526 U.S. at 157 (internal quotation marks omitted). Further, although an expert may not adopt another's data without verifying the validity and reliability of that data, Rule 703 allows an expert to depend on facts or data relied upon by experts in the particular field in forming opinions or inferences upon the subject; an expert is not required to testify only upon data the expert has personally gathered or tested. *See* Fed. R. Evid. 703.

### III. DISCUSSION

*A. UET's Motions*

1. Motion to Exclude Daniel Ray

PG&E's expert Daniel Ray is a Certified Public Accountant, a Certified Fraud Examiner, Certified in Financial Forensics, and a former Federal Bureau of Investigations agent. Ray has 35 years of experience analyzing accounting records and dealing with fraud-related issues. Ray offers opinions regarding PG&E's billing practices. Specifically, his testimony details how PG&E's billing practices function and opines that there is no indicia of fraud or an intent to defraud UET by PG&E under any of UET's theories. UET advances several arguments for excluding Ray's expert testimony, labelling his opinions as unreliable, proffering impermissible legal conclusions, and lacking any appreciable methodology, such that Ray's opinions will not assist the jury. UET's arguments ultimately are appropriate for cross-examination but not exclusion under *Daubert*.

UET's main criticisms of Ray's reliability focus on his parroting of PG&E's position

Case: 19-30088   Doc# 4323-4   Filed: 10/18/19   Entered: 10/18/19 19:20:23   Page 64 of 120

without independently verifying the information PG&E provided to him, or analyzing additional documents such as customer blue bills.  UET further contends that Ray fails to articulate why his review of 35 customer accounts, many of which were highlighted in UET's complaint and identified by UET's expert Gregory Thaler as exemplars of the fraud schemes, reliably allowed him to extrapolate opinions about all of UET's approximately 120,000 accounts.  UET presents reasons to question or discredit Ray's opinions.  It has not, however, shown that his opinions are methodologically flawed as opposed to fodder for cross examination.

First, while UET is correct that an expert may not rely merely on the self-serving projections of his client, there is nothing in the record to suggest that Ray rested his valuation on PG&E's mere "say-so."  *Clear-View Techs., Inc. v. Rasnick*, No. 13-cv-02744-BLF, 2015 WL 3505003, at *3 (N.D. Cal. June 2, 2015).  Ray engaged in his own independent analysis of the customer data PG&E provided to him, consistent with his obligations as an expert under Rule 702 and *Daubert*.  The validity of the underlying data on which Ray relies may be open to attack, but his approach to analyzing that data is not outside the realm of proper expert testimony.  The same goes for Ray's lack of reliance on other sources, such as customer blue bills, as the focal point of his analysis or his decision to limit review to 35 accounts.

While UET may disagree with Ray's decision to limit the scope of his expert analysis, his methods are not so inherently suspect as to warrant excluding his testimony altogether.  None of the cases UET invokes stand for the proposition that expert testimony is admissible only where it relies on expansive sampling, as UET seems to suggest.  *See Alaska Rent-A-Car*, 738 F.3d at 969-70 (concluding that expert's extrapolation from 5% of the statewide rental car market went to impeachment, not admissibility).  UET's reliance on *Abu-Lughod v. Calis* is readily distinguishable.  In that case, an expert failed to provide any sound explanation for non-random sampling of the data and her chosen sample sizes such that the court could not be confident the expert applied the sampling methodology appropriately.  *Abu-Lughod v. Calis*, No. CV 13-2792 DMG (GJSx), 2015 WL 12731921, at *4 (C.D. Cal. July 1, 2015).  By contrast, in *Alaska Rent-A-Car*, the court concluded the expert provided adequate reasoning for limiting his analysis to one

United States District Court
Northern District of California

1   city as a means of extrapolating statewide figures.  *Alaska Rent-A-Car*, 738 F.3d at 968.

2   Here, Ray provides reasons for limiting his analysis to the 35 accounts, the bulk of which

3   were highlighted in UET's complaint and the report of UET's expert, Thaler.  (*See* UET Ex. O to

4   Capritta Decl. at 187:9–188:11 (Dkt. 250-16) ("Ray Deposition") (explaining that 15 of the

5   accounts he analyzed were identified in UET's complaint and Thaler's report as exemplars of the

6   Credit Energy Scheme and why he analyzed them).)  That Ray did not review all approximately

7   120,000 accounts, or used some other means to analyze a representative sample of the total

8   population, goes to the weight of his opinions, not their admissibility.  "Challenges that go to the

9   weight of the evidence are within the province of a fact finder, not a trial court judge."  *City of*

10  *Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014).

11  UET further argues that Ray's opinions in both his report and deposition are "riddled" with

12  legal opinions and conclusions such that they are wholly inadmissible as a matter of law.

13  Specifically, UET contends that Ray in essence will tell the jury that PG&E complied with the

14  applicable laws and regulations, and that such testimony constitutes a legal issue on which an

15  expert may not give an opinion.  (*See, e.g.* UET Ex. P to Capritta Decl. at 13 (Dkt. 250-17) ("Ray

16  Report") ("[O]n those occasions when PG&E did not remit any payment, or did not remit a full

17  payment, to UET, PG&E was following the payment allocation procedure mandated by state law

18  and the CPUC as set forth in PG&E's CPUC-approved Gas Rules."); Ray Deposition at 80:3–12

19  ("[Question] [Y]ou've . . . offered the opinion . . . that what PG&E is doing is appropriate under

20  the gas rules, correct?  [Answer] Correct, with respect to the . . . application of . . . partial

21  payments to first satisfy its outstanding debt in connection with past-due debt . . . consistent with

22  the tariffs and the gas rules.").)  Moreover, UET insists Ray's opinion contradicts this Court's

23  prior summary judgment order regarding testimony relative to compliance or non-compliance with

24  the Gas Rules, tariffs, or CPUC decisions.

25  While the Ninth Circuit has held that an expert may not offer a legal conclusion, *United*

26  *States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017), the court has also held that "if the terms used

27  by an expert witness do not have a specialized meaning in law" and "do not represent an attempt

28

to instruct the jury on the law," or "how to apply the law to the facts of the case, the testimony is not an impermissible legal conclusion." *Id.* at 1199. In *Diaz*, expert testimony was deemed admissible because it operated to assist the jury, was based on a review of the relevant facts, used legal terms in their ordinary, everyday sense, and did not substitute the expert's opinion for that of the jury. *Id.* Applying the court's reasoning to these facts, expert testimony may assist the jury with regard to understanding PG&E's billing practices. Accounting principles are not a matter of common knowledge for the majority of the public, and so Ray's testimony potentially could enlighten the jury on how to analyze accounts for fraud. Ray's opinions are grounded on a review of PG&E's billing practices, customer accounts, the tariffs, and the CPUC decision. Ray did not use any specialized legal terms to describe PG&E's compliance with proper billing practices. *Cf. Pokorny v. Quixtar, Inc.*, No. 07-00201 SC, 2007 WL 1932922, at *3 (N.D. Cal. June 29, 2007) (barring admission of an expert opinion for expressing a legal opinion on a distinct legal term: "unconscionable"). Ray did not substitute his judgment for the jury's, but instead provides his professional opinion about whether PG&E's conduct acted in conformance with its understanding of the Gas Rules. This does not suggest, of course, that Ray or any other expert will be free to opine that PG&E did not violate federal law, for that remains a question for the jury to determine.

Turning to this Court's prior summary judgment order, UET carries it too far. That order does not state that PG&E's belief in its compliance with Gas Rule 23 was definitively wrong. Rather, the order simply precludes PG&E from asserting that the California Public Utilities Commission ("CPUC") unambiguously decided that PG&E's allocation practices were and are compliant with Gas Rule 23. PG&E remains free to argue that its interpretation of Gas Rule 23 remains correct.[2] Accordingly, the motion to exclude Ray's testimony is denied.

---

[2] UET's contention that Ray is incompetent to opine on PG&E's compliance with applicable laws and regulations because he is not an expert on the interpretation of Gas Rules, tariffs, and CPUC decisions is off the mark. Ray is qualified to opine on indicia of accounting fraud, and his report and deposition focuses on that subject. Moreover, UET has not shown how accounting in the natural gas industry is sufficiently different from other industries such that Ray's accounting expertise would be inapplicable to that industry.

United States District Court
Northern District of California

1    2. Motion to Exclude Michael Quinn

2        UET also moves to exclude Michael Quinn's testimony, arguing that his opinions are

3    unreliable, fail to apply principles and methodology to the facts of this case, and will not assist the

4    jury.  Quinn is an expert in economics with over 20 years of experience in the natural gas industry.

5    His initial report focused generally on the background of the natural gas market and the regulatory

6    structure governing PG&E and Core Transport Agents ("CTAs").  Quinn's rebuttal report

7    addressed the opinions of Jesse David, UET's proffered expert on lost profits.  UET attacks

8    Quinn's opinions in both respects as inadmissible for different reasons.  These points, however,

9    are better made in cross-examination.

10       First, UET argues that Quinn's initial report should be excluded as providing irrelevant

11   history, the facts of which are not contested in this case and would not be helpful to the jury.

12   Quinn's opinions, however, could provide valuable background for the jury that is likely

13   unaccustomed to the natural gas market in California and thereby assist it in understanding the

14   complex regulatory background governing the role of PG&E and the CTAs.  *Cf. Stambolian v.*

15   *Novartis Pharm. Corp.*, No. 12 Civ. 4378, 2013 WL 6345566, at *8 (C.D. Cal. Dec. 6, 2013)

16   (admitting expert testimony concerning the "complex regulatory framework governing . . .

17   pharmaceutical medical products" because it "will be helpful to members of the jury who are

18   likely not familiar with the intricacies of FDA pharmaceutical drug approval and regulation

19   process").  Although Quinn does not present himself as a regulatory expert per se, he is an expert

20   in the economics of the natural gas industry.  *See id.* ("Qualification is viewed liberally and may

21   be based on a broad range of skills, knowledge, training, and experience.").

22       Second, UET asserts that Quinn's rebuttal report testimony, in which he calculated UET's

23   mitigation profits and attacked the conclusion of UET's expert, should be excluded.  UET reasons

24   that Quinn relied on insufficient sources and improperly asserted economic platitudes that failed to

25   analyze the reality of UET and PG&E's circumstances.  None of UET's reasoning is persuasive.

26   UET criticizes Quinn for basing his opinions regarding mitigation (whereby UET sold "green gas"

27   to customers who paid a premium to purchase carbon offsets paired with their gas to offset their

28

CASE NO. 15-cv-02383-RS

United States District Court
Northern District of California

1   greenhouse gas emissions, in addition to purchasing renewable energy certificates (Ex. S to

2   Capritta Decl. at 5 (Dkt. 250-20) ("Quinn Rebuttal Report"))) on the unsupported assumption that

3   UET would not have marketed "green gas" if not for PG&E's fraud.  Quinn relied upon the

4   declaration of Michael Huggins, UET's managing director, for the fact that in 2015, UET began

5   exploring "green gas" marketing efforts as a result of PG&E's allegedly improper practices.

6   (Quinn Rebuttal Report at 5 (citing Huggins Decl. at 4); *see also* Ex. 6 to Sias Decl. ¶¶ 18–19

7   (Dkt. 234-8) ("Huggins Declaration") ("[W]e explored selling carbon offsets and renewable

8   energy credits bundled with our gas service.  PG&E's fraudulent billing practices caused UET to

9   change its marketing practices.").)  Given that one of UET's executives affirmatively stated UET

10  engaged in "green gas" marketing due to PG&E's alleged fraudulent behavior, Quinn's

11  assumption was not so outside the realm of reasonable expert opinion as to warrant excluding his

12  testimony.  UET fails to demonstrate why it is unreasonable for an expert to rely on statements

13  made in a sworn, signed declaration absent evidence rebutting the underlying statements.  *Abu-*

14  *Lughod*, 2015 WL 12731921, at *4.  UET's frustration with Quinn's inference that "green gas"

15  customers would have purchased regular brown gas instead of another premium product in the

16  absence of PG&E's alleged conduct can be used to attack the weight of his opinions, but not their

17  admissibility.

18          UET also attacks Quinn's use of Huggins's "Green Gas and Customer Rec Spreadsheet"

19  (Ex. T to Capritta Decl. (Dkt. 250-21)) as dependent on unreliable internal calculations that Quinn

20  should have compared against UET's actual financial information.  UET, however, does not

21  provide evidence to suggest the numbers contained on the spreadsheet are incorrect.  Moreover,

22  Huggins admitted at his deposition that the number of customers in the spreadsheet "is based on

23  weekly reports that I would get . . . saying they signed up X amount of green customers, and then I

24  would just put them in here."  (UET Ex. A to Capritta Decl. at 322:22–25 (Dkt. 250-2) ("Huggins

25  Deposition").)[3]

26  _____

27  [3] UET also criticizes Quinn's purported reliance on Huggins's 2013 "Blue Spruce Projected
    Revenue" spreadsheet (Ex. U to Capritta Decl.), however this document is not cited in his report.

28

United States District Court
Northern District of California

CASE NO. 15-cv-02383-RS

8

UET condemns Quinn's opinion, reflected in both his rebuttal report and deposition, attacking its expert's conclusion UET decided to curtail marketing in 2014 for economically rational reasons, without offering his own opinion on what was economically rational for UET to do at that time.  UET can certainly bring to the jury's attention the fact that Quinn limited his opinion to a criticism of UET expert David's conclusions but offered none of his own.  At this stage, however, Quinn's opinion, however limited, is not so inherently suspect as to bar its consideration by the jury.  UET does not suggest why an expert must do more than contradict another expert opinion's evidentiary basis in order to survive *Daubert*.

Finally, UET dismisses Quinn's rebuttal report and deposition as containing mostly generalities regarding market principles and conclusions, without applying them to the specific facts of this case.  The deposition transcript, however, reveals that much of what UET laments as generalities were actually repeated attempts by UET to get Quinn to give an opinion on whether UET's marketing decision was rational or irrational.  (*See, e.g.*, Ex. R to Capritta Decl. at 167:4–171:19 (Dkt. 250-19) ("Quinn Deposition") (extended dialogue between UET's counsel and Quinn).)  In any case, UET does not explain how such "generalities" by Quinn taint the overall admissibility of his opinions.  The one case UET invokes in support is inapposite: in that case, an expert opinion was excluded because the expert pointed to no authority in support of his foundational assumptions, nor identified any support derived from the reports he did consult. *Newkirk v. ConAgra Goods, Inc.*, 727 F. Supp. 2d 1006, 1017 (E.D. Wash. 2010).  Furthermore, Quinn does state how his general market principles apply to this case.  (Quinn Deposition at 190:14–17 ("Nothing I've looked at for this case would cause me to conclude . . . that [the] generally accepted theory and empirical observation in a number of industries [that it becomes more difficult to acquire customers the more of them you already have] doesn't hold here.").)  Accordingly, the motion to exclude Quinn's testimony is denied.

*B. PG&E's Motion*

1. Motion to Exclude Jesse David

UET's economics expert Jesse David has over 20 years of experience performing

1    economic analysis.  David offers opinions regarding how much lost profits UET incurred due to

2    PG&E's averred fraudulent conduct and on UET's 2014 decision to scale back its marketing.  He

3    uses a "but-for" model to calculate UET's alleged lost profits incurred as a result of PG&E's

4    purported improper conduct.  (*See* UET Ex. E to Capritta Decl. at 96:2–25 (Dkt. 247) ("David

5    Deposition"); Ex. 4 to Sias Decl. ¶¶ 8, 13–14 (Dkt. 234-6) ("David Report").)  According to

6    David, "but-for" PG&E's conduct and UET's shift in marketing strategy, UET would have

7    reached its target number of customers and UET is entitled to the lost profits associated with those

8    "lost" customers.  David subsequently provided an alternative calculation alongside his original

9    one, whereby he stopped calculating damages in June 2015 instead of continuing through to the

10   end of the year.  Additionally, David opines that it was "economically rational" for UET to scale

11   back its marketing around the beginning of 2014 in response to PG&E's alleged behavior.  (David

12   Report ¶ 13.)  PG&E challenges David's testimony on numerous grounds, claiming that his

13   methodology in calculating UET's lost profits is inherently flawed and provides no analysis to

14   support his opinion that UET's decision was "economically rational."  PG&E's arguments likely

15   comprise appropriate impeachment material with which to attack David's opinions, but do not

16   amount to grounds for excluding them.

17        PG&E contends that David's failure to subtract UET's additional profits when it shifted to

18   selling "green gas" offsets and RECs in response to PG&E's alleged conduct from his calculation

19   of alleged lost profits is fatal to his opinion's admissibility.  In PG&E's view, UET"s "green gas"

20   mitigation strategy would not have occurred "but-for" PG&E's alleged conduct in the same way

21   that UET lost profits in the same time frame, and so any damages calculation must account for

22   both mitigation and lost profits.  PG&E, however, provides no analysis demonstrating that David

23   applied flawed methodology in his calculation of UET's lost profits.  PG&E simply claims that

24   David is incorrect with regard to *ultimate* damages: lost profits minus mitigation.  There is nothing

25   showing that David was wrong in his approach in determining UET's losses in the first instance.

26   Contrary to PG&E's interpretation, *Brandon & Tibbs v. George Kevorkian Accountancy Corp.*,

27   226 Cal. App. 3d 442 (1990) does not dictate otherwise.  That case was not about expert

28

United States District Court
Northern District of California

CASE NO. 15-cv-02383-RS

United States District Court
Northern District of California

1  admissibility, but instead concerned the trial court's failure to account for plaintiff's mitigation of

2  its losses when *awarding* damages.  *See id.* at 461, 463.  What, if anything, UET is ultimately

3  *entitled* to recover is for the trier of fact to decide.  PG&E may make its case to the jury for why it

4  is not ultimately responsible for any of UET's lost profits in light of its "green gas" mitigation

5  efforts—if it is established at trial that they indeed are a form of mitigation—but it has not shown

6  that David's methodology is too flawed to prevent the jury from considering his testimony.

7  The same goes for David's alternative calculation.  PG&E sees that analysis, whereby he

8  stops his lost profits analysis in June 2015 when UET began to turn a profit from "green gas," as

9  an arbitrary way to avoid having to account for the profits UET made in shifting its marketing

10  strategy.  While it certainly is coincidental that David would proffer a calculation that

11  conveniently terminates damages at the moment UET's "green gas" became profitable, this goes

12  to impeachment of David's testimony, not exclusion.  The alternative calculation used the same

13  methods and data as the original calculation, which as just discussed is admissible.  (David

14  Deposition at 157:12–18.)

15  Finally, PG&E asserts David provided no analysis to support his opinion that UET's

16  decision in 2014 to curtail marketing in response to PG&E's alleged impropriety was an

17  "economically rational" decision.  PG&E invokes the fact that UET was still profitable when it cut

18  back on marketing, and that UET's actual revenue as a share of billed revenue increased between

19  2012 and 2013, as calculated by David.  These arguments, however, represent fodder for cross-

20  examination, not the basis for exclusion under *Daubert*.  Similar to its adversary's arguments

21  above, PG&E attacks David's opinion for not undertaking an independent analysis, but instead

22  relying upon data provided by UET and the testimony of its officials.  These arguments are

23  unpersuasive.  Additionally, PG&E's proffered cases are readily distinguishable.  *Conde v.*

24  *Velsicol Chem. Corp.* dealt with several experts' opinions that were contradicted by nineteen

25  formal peer-reviewed studies.  24 F.3d 809, 813-14 (6th Cir. 1994).  There is no such direct

26  contradiction of David's testimony.  Likewise, in *Three Crown Ltd. P'ship v. Salomon Bros., Inc.*,

27  an expert opinion's assumptions had *no basis in the record*.  906 F. Supp. 876, 894 (S.D.N.Y.

28

11

1    1995).  Here, David has grounded his opinion in the record.  Accordingly, the motion to exclude

2    David's testimony is denied.

3        *C. Sealing Motions*

4        In connection with their motions to exclude, UET and PG&E have submitted five sealing

5    motions either to redact or seal entirely exhibits relied upon in their motions to exclude (or, in

6    some cases, portions of the briefs).  (*See* Dkt. 233, Dkt. 246, Dkt. 249, Dkt. 251, Dkt. 255.)  In

7    many instances, the parties fail to comply with the local rules regarding sealing motions, such as

8    failing to file a responsive declaration establishing documents they designated qualify as sealable,

9    per Local Rule 79-5(e).  For example, UET never filed a responsive declaration for PG&E's

10   sealing motion (Dkt. 233) filed in conjunction with PG&E's motion to exclude.  In several other

11   instances, the parties fail to offer a basis for sealing other than the fact that the document was

12   marked confidential pursuant to a protective order.  (*See, e.g.*, Capritta Decl., Dkt. 251.)  Local

13   Rule 79-5(d)(1)(A) explicitly states, "[r]eference to a stipulation or protective order that allows a

14   party to designate certain documents as confidential is not sufficient to establish that a document,

15   or portions thereof, are sealable."  Other times, there appears to be confusion between the parties

16   as to what document is proposed to be sealed.  (*Compare* Capritta Decl., Dkt. 251, *with* Sias Decl.,

17   Dkt. 253 regarding Exhibit E.)  The parties also fail, at times, to highlight portions of documents

18   to indicate which portions of the unredacted version of the document should be omitted from the

19   redacted version per Local Rule 79-5(d)(1)(A)(D), (d)(2).  (*See, e.g.*, Dkt. 251, Ex. E, Ex. P.)

20       Some of the documents, however, appear appropriate for redactions or sealing.  For

21   example, the parties are correct to note that confidential and personally identifiable information

22   regarding PG&E's customers should be kept from public view.  (*See, e.g.*, Dkt. 233, Ex. 14.)  In

23   other instances, there has been an adequate showing that material qualifies as trade secrets eligible

24   for sealing.  (*See* Dkt. 251, Ex. L.)

25       Accordingly, no later than October 25, 2018, the parties shall engage in meet and confer

26   negotiations to attempt to agree on the narrowest possible sealing order, and shall jointly submit

27   such a proposed order no later than November 1, 2018.  The proposed order shall clearly identify

28

CASE NO. 15-cv-02383-RS

1   any documents, or portions thereof, that the parties agree should be filed under seal (either entirely

2   or with redactions), and concisely state the basis for such sealing.  The parties shall clearly

3   indicate where their respective declarations, either already submitted or new declarations, provide

4   sufficient grounds to seal each document requested to be sealed.  To the extent the parties are

5   unable to reach agreement as to the propriety of sealing any particular material, the proposed order

6   should include brackets or other indications sufficient to allow the Court to decide the dispute and

7   enter the proposed order by accepting or rejecting the bracketed language.  The proposed order

8   should be one document, which in one fashion or another, will dispose of all five sealing motions

9   identified above.

## IV. CONCLUSION

11      For the reasons stated above, UET's motions to exclude and PG&E's motion to exclude

12  are each denied.

14  **IT IS SO ORDERED**.

16  Dated: October 16, 2018

_____
RICHARD SEEBORG
United States District Judge

# Exhibit 4

1  Laurie Edelstein (Bar No. 164466)
    Seth R. Sias (Bar No. 260674)
2  STEPTOE & JOHNSON LLP
    One Market Street
3  Steuart Tower, Suite 1800
    San Francisco, California 94105
4  Telephone: (415) 365-6700
    Facsimile: (415) 365-6699
5  ledelstein@steptoe.com
    ssias@steptoe.com

6

    Michael Dockterman (admitted *pro hac vice*)
7  STEPTOE & JOHNSON LLP
    115 S. LaSalle Street, Suite 3100
8  Chicago, Illinois 60603
    Telephone: (312) 577-1300
9  Facsimile: (312) 577-1370
    mdockterman@steptoe.com

10

    *Attorneys for Defendant*
11  *Pacific Gas and Electric Company*

Thomas D. Leland (Pro Hac)
Leah E. Capritta (Pro Hac)
HOLLAND & KNIGHT LLP
1801 California Street, Suite 5000
Denver, Colorado 80202
Telephone: (303) 974-6660
Facsimile: (303) 974-6659
thomas.leland@hklaw.com
leah.capritta@khlaw.com

Charles L. Coleman III (Bar No. 65496)
HOLLAND & KNIGHT LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415) 743-6900
Facsimile: (415) 743-6910
charles.coleman@hklaw.com

*Attorneys for Plaintiff*
*United Energy Trading, LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED ENERGY TRADING, LLC,<br><br>        Plaintiff,<br><br>    vs.<br><br>PACIFIC GAS AND ELECTRIC COMPANY, a California corporation,; ALBERT TORRES, an individual; BILL CHEN, an individual; TANISHA ROBINSON, an individual,<br><br>        Defendants. | No. 15 Civ. 02383 (RS) (SK)<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge:     Hon. Richard Seeborg<br>Magistrate:  Hon. Sallie Kim<br><br>Date:      October 25, 2018<br>Time:     10:00 a.m.<br>Courtroom: 3 |

STEPTOE & JOHNSON LLP
One Market Street, Steuart Tower, Suite 1800
San Francisco, CA 94105

STEPTOE & JOHNSON LLP
One Market Street, Steuart Tower, Suite 1800
San Francisco, CA 94105

# FURTHER JOINT CASE MANAGEMENT STATEMENT

Pursuant to the Court's April 13, 2018 Order (Dkt. No. 243) and the Standing Order for All Judges of the Northern District of California, Plaintiff United Energy Trading, LLC ("UET") and Defendant Pacific Gas and Electric Company ("PG&E") hereby submit this Further Joint Case Management Statement in advance of the Case Management Conference scheduled for October 25, 2018 at 10:00 a.m.  In the interests of brevity and efficiency, the parties do not repeat in full portions of prior Joint Statements that do not require the Court's attention.

## 1.   Jurisdiction and Service

The parties agree the Court has jurisdiction to adjudicate this matter.

## 2.   Facts

The parties' Further Joint Case Management Statements filed August 4, 2016 (Dkt. No. 110) and May 4, 2017 (Dkt. No. 157) set forth the factual contentions of the parties.

## 3.   Legal Issues

Each of UET's remaining claims for relief remains disputed:  (1) breach of fiduciary duty; (2) intentional misrepresentation; (3) negligent misrepresentation; (4) intentional interference with contract; (5) intentional interference with prospective economic advantage; and (6) violation of California Business & Professions Code §§ 17200, *et seq.*

## 4.   Motions

As the parties discussed with the Court during the October 1, 2018 hearing on the *Daubert* motions, PG&E anticipates bringing a motion prior to trial requesting the Court determine as a matter of law the meaning of CPUC-approved Gas Rule No. 23, including whether Gas Rule No. 23 allows PG&E to allocate late, partial payments first to PG&E past due charges as soon as a residential customer account is considered delinquent or past due – that is, when payment is not received by PG&E within 19 days of having mailed the bill to the customer. The Court indicated it may treat this motion as a motion in limine.

Both parties anticipate bringing motions in limine.

**5. Amendment of Pleadings**

The parties do not anticipate any further amendments to the operative pleadings – UET's Second Amended Complaint (Dkt. No. 89) and PG&E's Answer (Dkt. No. 114).

**6. Evidence Preservation**

The parties have represented to each other and to the Court that they have taken adequate steps to preserve evidence following the initiation of this Action.

**7. Disclosures**

The parties exchanged the required disclosures during the course of discovery.

**8. Discovery**

The parties have completed fact and expert discovery.

**9. Class Actions**

Not applicable.

**10. Related Cases**

One other matter is pending in this district arising from allegations similar to those in UET's complaint. Counsel in each case is the same. The other pending matter is:

- *Tiger Natural Gas, Inc.* v. *PG&E, et al.,* No. 16 Civ. 6711 (N.D. Cal.) (JSW) (SK)

The Court has determined that this matter is not related.

**11. Relief**

UET seeks damages and attorneys' fees. Defendants deny UET is entitled to any relief.

**12. Settlement and ADR**

In 2016, the parties pursued settlement with the assistance of Magistrate Judge Elizabeth Laporte. In 2017, the parties participated in private mediation with Martin Quinn at JAMS in San Francisco. On August 1, 2018, the parties participated in a private mediation with the Honorable Carl J. West (Ret.) at JAMS in Los Angeles. The parties remain in contact with Judge West, but have made no progress in resolving this matter since August 1.

PG&E requests referral to a Magistrate Judge for settlement purposes.

STEPTOE & JOHNSON LLP
One Market Street, Steuart Tower, Suite 1800
San Francisco, CA 94105

STEPTOE & JOHNSON LLP
One Market Street, Steuart Tower, Suite 1800
San Francisco, CA 94105

UET believes the parties have attempted two private mediations and one mediation following referral to a Magistrate Judge. None were successful. While UET believes that continued discussion with Judge West may result in settlement, it believes that additional resources toward mediation with yet a fourth mediator will prove unproductive.

**13.     Consent to Magistrate Judge for All Purposes**

The parties declined to consent to referral to a Magistrate Judge for all purposes.

**14.     Other References**

This case has been referred to Magistrate Judge Kim for discovery purposes.

**15.     Narrowing of Issues**

**UET's Position**

UET believes the following issues remain to be decided at trial:

1. Did PG&E tortiously interfere with UET's contracts with its customers;

2. Did PG&E breach its fiduciary duty to UET?

3. Did PG&E intentionally misrepresent the status of UET's customer accounts to UET;

4. Did PG&E negligently misrepresent the status of UET's customer accounts to UET;

5. Did PG&E intentionally interference with UET's prospective economic advantage;

6. Did PG&E violate the California Business & Professions Code §§ 17200, et seq.;

7. The amount of damages as a result of PG&E's wrongdoing.

As recited below, PG&E's position represents another bite of the filed tariff and res judicata arguments raised and rejected at summary judgment.  What this Court decides believes to be "compliance" with Gas Rule 23 is not relevant to whether PG&E acted tortiously.  Further, as set forth below, PG&E's position may constitute a less-than-forthright attempt to inveigle the Court to lose jurisdiction under the exclusive jurisdiction doctrine, another argument that PG&E put forward and largely lost in its motions practice under Rule 12.

**PG&E's Position**

As PG&E explained during the October 1, 2018 hearing on the *Daubert* motions, a central legal issue is the meaning of CPUC-approved Gas Rule No. 23 and what constitutes compliance under the Rule.  For example, under Gas Rule No. 23 is PG&E permitted to allocate

STEPTOE & JOHNSON LLP
One Market Street, Steuart Tower, Suite 1800
San Francisco, CA 94105

late, partial payments first to PG&E past due charges as soon as a residential customer account is considered delinquent or past due – that is, when payment is not received by PG&E within 19 days of having mailed the bill to the customer?  PG&E maintains the meaning and interpretation of Gas Rule No. 23, which is akin to a statute or federal regulation, is an issue of law for the Court to decide.  *See, e.g., Dyke Water Co.* v. *Pub. Utils. Comm'n*, 56 Cal. 2d 105, 123 (1961) (duly published and filed utility tariffs have "the force and effect of a statute"); *Trammell* v. *W. Union Tel. Co.*, 57 Cal. App. 3d 538, 551 (1976) (tariff provisions "have the force and effect of law" and are binding on the public); *In re Ford Tailgate Lit.*, No. 11 Civ. 2953 (RS), 2015 WL 7571772 (N.D. Cal. Nov. 25, 2015), at *8 (the meaning of a federal regulation is a question of law for the court); *Amgen Inc.* v. *Sandoz Inc.*, No. 14 Civ. 4741 (RS), 2015 WL 1264756, at *5 (N.D. Cal. Mar. 19, 2015) ("The interpretation of a statute is a question of a law") *affirmed in part and vacated in part on other grounds*, 794 F.3d 1347 (Fed. Cir. 2015)).

PG&E is not seeking a determination whether its payment allocation practices complied with Gas Rule No. 23 as a matter of fact.  Rather, it is seeking a determination of the meaning and interpretation of Gas Rule No. 23 as a matter of law.

Determination of this issue in advance of trial will provide helpful guidance for the parties.  PG&E also believes a ruling on this legal issue will assist the parties in evaluating the case for settlement.

**16.    Expedited Trial Procedure**

The parties agree that the trial should not proceed pursuant to the Expedited Trial Procedure of General Order No. 64, Attachment A.

**17.    Scheduling**

The parties do not propose any changes to the Pretrial Conference and Trial date set by the Court.  Those dates are:

| | |
|---|---|
| Pretrial Conference: | February 27, 2019 |
| Trial: | March 11, 2019 |

Case: 19-30088    Doc# 4323-4    Filed: 10/18/19    Entered: 10/18/19 19:20:23    Page 80 of 120

STEPTOE & JOHNSON LLP
One Market Street, Steuart Tower, Suite 1800
San Francisco, CA 94105

1   **18.    Trial**

2       PG&E estimates a 10-day jury trial. UET continues to believe that trial will last 15 days

3   to a jury. Although the Court dismissed the individual defendants, the complexity of the facts to

4   present has not changed nor has the number of witnesses.

5   **19.    Disclosure of Non-Party Interested Entities or Persons**

6       The parties have filed all necessary disclosures of non-party interested entities or persons.

7   **20.    Professional Conduct**

8       All counsel have reviewed the Guidelines for Professional Conduct for the Northern

9   District of California.

10                                          Respectfully submitted,

11  Dated: October 18, 2018                 STEPTOE & JOHNSON LLP

12

13                                          By: */s/ Laurie Edelstein*
                                                Laurie Edelstein

14                                              Michael Dockterman
                                                Seth Sias

15                                          *Attorneys for Defendant Pacific Gas and*
                                            *Electric Company*

16

17  Dated: October 18, 2018                         HOLLAND & KNIGHT LLP

18

19                                          By: */s/ Leah E. Capritta\**
                                                Leah E. Capritta

20                                              Thomas D. Leland
                                                Charles Coleman III

21                                          *Attorneys for Plaintiff United Energy*
                                            *Trading, LLC*

22

23  *with permission*

24

25

26

27

28

# Exhibit 5

ADRMOP,PRVADR,REFDIS,REFSET-EDL

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:15-cv-02383-RS

United Energy Trading, LLC v. Pacific Gas & Electric Co. et al

Assigned to: Hon. Richard Seeborg

Referred to: Magistrate Judge Sallie Kim

        Magistrate Judge Elizabeth D. Laporte (Settlement)

Demand: $5,000,000

Cause: 18:1962 Racketeering (RICO) Act

Date Filed: 05/28/2015

Jury Demand: Plaintiff

Nature of Suit: 470 Racketeer/Corrupt Organization

Jurisdiction: Federal Question

### Plaintiff

**United Energy Trading, LLC**

represented by **Charles Lagrange Coleman , III**
Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111-4624
(415) 743-6900
Fax: (415) 743-6910
Email: ccoleman@hklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Ilan Holtzman**
Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
(415) 743-6900
Fax: (415) 743-6910
Email: david.holtzman@hklaw.com
*ATTORNEY TO BE NOTICED*

**Garrett S. Garfield**
Holland and Knight LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
(503) 517-2931
Email: garrett.garfield@hklaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Leah E. Capritta**
Holland & Knight LLP

1801 California Street
Suite 5000
Denver, CO 80202
(303) 974-6660
Fax: (303) 974-6659
Email: leah.capritta@hklaw.com
*ATTORNEY TO BE NOTICED*

**Tara S. Kaushik**
Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
(415) 743-6900
Fax: (415) 743-6910
Email: tara.kaushik@hklaw.com
*ATTORNEY TO BE NOTICED*

**Thomas Drew Leland**
Holland and Knight LLP
633 17th Street, Suite 2300
Denver, CO 80202
(303) 974-6660
Email: thomas.leland@hklaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Pacific Gas & Electric Co.**                 represented by   **Dennis S. Ellis**
*a California corporation*                                      Paul Hastings LLP
                                                               515 South Flower Street
                                                               25th Floor
                                                               Los Angeles, CA 90071-2228
                                                               213-683-6000
                                                               Fax: 213-627-0705
                                                               Email: dennisellis@paulhastings.com
                                                               *TERMINATED: 03/15/2017*
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Laurie Edelstein**
                                                               Steptoe & Johnson LLP
                                                               One Market Plaza
                                                               Spear Tower, Suite 3900
                                                               San Francisco, CA 94105
                                                               (415) 365-6770
                                                               Fax: (415) 365-6670
                                                               Email: ledelstein@steptoe.com
                                                               *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Adam Michael Reich**
Paul Hastings LLP
515 So. Flower Street
25th Floor
Los Angeles, CA 90071
213-683-6190
Fax: 213-627-0705
Email: adamreich@paulhastings.com
*TERMINATED: 03/15/2017*
*ATTORNEY TO BE NOTICED*

**Arnold Barba**
LimNexus LLP
707 Wilshire Boulevard
46th Floor
Los Angeles, CA 90017
(213) 955-9500
Fax: (213) 955-9511
Email: arnold.barba@LimNexus.com
*TERMINATED: 01/31/2018*

**Courtney Turco DeThomas**
Paul Hastings LLP
515 S. Flower Street
25th Floor
Los Angeles, CA 90071
213-683-6000
Fax: 213-627-0705
Email:
courtneydethomas@paulhastings.com
*TERMINATED: 03/15/2017*
*ATTORNEY TO BE NOTICED*

**Michael Dockterman**
Steptoe and Johnson LLP
227 West Monroe St.
4700
Chicago, IL 60606
312-577-1243
Email: mdockterman@steptoe.com
*ATTORNEY TO BE NOTICED*

**Nicholas James Begakis**
LimNexus LLP
707 Wilshire Boulevard
46th Floor
Los Angeles, CA 90017

(213) 955-9500
Fax: (213) 955-9511
Email: Nick.Begakis@limnexus.com
*TERMINATED: 01/31/2018*

**Seth Reed Sias**
Steptoe & Johnson LLP
One Market Plaza
Spear Tower, Suite 3900
San Francisco, CA 94105
(415) 365-6770
Fax: (415) 365-6670
Email: ssias@steptoe.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Albert Torres**
*an individual*
*TERMINATED: 03/05/2018*

represented by **Dennis S. Ellis**
(See above for address)
*TERMINATED: 03/15/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laurie Edelstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam Michael Reich**
(See above for address)
*TERMINATED: 03/15/2017*
*ATTORNEY TO BE NOTICED*

**Arnold Barba**
(See above for address)
*TERMINATED: 01/31/2018*

**Courtney Turco DeThomas**
(See above for address)
*TERMINATED: 03/15/2017*
*ATTORNEY TO BE NOTICED*

**Michael Dockterman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicholas James Begakis**
(See above for address)
*TERMINATED: 01/31/2018*

**Seth Reed Sias**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bill Chen**                          represented by   **Dennis S. Ellis**
*an individual*                                        (See above for address)
*TERMINATED: 03/05/2018*                               *TERMINATED: 03/15/2017*
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Laurie Edelstein**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Adam Michael Reich**
                                                       (See above for address)
                                                       *TERMINATED: 03/15/2017*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Arnold Barba**
                                                       (See above for address)
                                                       *TERMINATED: 01/31/2018*

                                                       **Courtney Turco DeThomas**
                                                       (See above for address)
                                                       *TERMINATED: 03/15/2017*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Michael Dockterman**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Nicholas James Begakis**
                                                       (See above for address)
                                                       *TERMINATED: 01/31/2018*

                                                       **Seth Reed Sias**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**Tanisha Robinson**                   represented by   **Dennis S. Ellis**
*an individual*                                        (See above for address)
*TERMINATED: 11/20/2017*                               *TERMINATED: 03/15/2017*
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

**Laurie Edelstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam Michael Reich**
(See above for address)
*TERMINATED: 03/15/2017*
*ATTORNEY TO BE NOTICED*

**Arnold Barba**
(See above for address)
*TERMINATED: 01/31/2018*

**Courtney Turco DeThomas**
(See above for address)
*TERMINATED: 03/15/2017*
*ATTORNEY TO BE NOTICED*

**Michael Dockterman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicholas James Begakis**
(See above for address)
*TERMINATED: 01/31/2018*

**Seth Reed Sias**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Vista Energy Marketing, LP**          represented by   **Leah E. Capritta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas Brian Melzer**
Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
213-896-2496
Fax: 213-896-2450
Email: nicholas.melzer@hklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|

| 05/28/2015 | 1 | COMPLAINT (with Jury Trial Demand) against All Defendants, (Filing Fee: $400.00, receipt number 0971-9556237). Filed by United Energy Trading, LLC. (Coleman, Charles) (Filed on 5/28/2015) Modified on 5/29/2015 (cjlS, COURT STAFF). (Entered: 05/28/2015) |
|---|---|---|
| 05/28/2015 | 2 | Civil Cover Sheet by United Energy Trading LLC . (Coleman, Charles) (Filed on 5/28/2015) (Entered: 05/28/2015) |
| 05/28/2015 | 3 | Proposed Summons. (Coleman, Charles) (Filed on 5/28/2015) (Entered: 05/28/2015) |
| 05/28/2015 | 4 | Case assigned to Magistrate Judge Kandis A. Westmore.

Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E-Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening.

Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. Counsel is required to send chambers a copy of the initiating documents pursuant to L.R. 5-1(e)(7). A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. (bwS, COURT STAFF) (Filed on 5/28/2015) (Entered: 05/29/2015) |
| 05/29/2015 | 5 | **Initial Case Management Scheduling Order with ADR Deadlines: Case Management Statement due by 8/25/2015. Case Management Conference set for 9/1/2015 01:30 PM in Courtroom 4, 3rd Floor, Oakland. (cjlS, COURT STAFF) (Filed on 5/29/2015) (Entered: 05/29/2015)** |
| 05/29/2015 | 6 | Summons Issued as to Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (cjlS, COURT STAFF) (Filed on 5/29/2015) (Entered: 05/29/2015) |
| 05/29/2015 | 7 | Application for Refund re 1 Complaint, Receipt Number 0971-9556224 by United Energy Trading LLC. (Coleman, Charles) (Filed on 5/29/2015) (Entered: 05/29/2015) |
| 06/09/2015 | 8 | MOTION for leave to appear in Pro Hac Vice Re: Leah E. Capritta (Filing fee $ 305, receipt number 0971-9584287) filed by United Energy Trading LLC. (Capritta, Leah) (Filed on 6/9/2015) Modified on 6/10/2015 (cjlS, COURT STAFF). (Entered: 06/09/2015) |
| 06/09/2015 | 9 | MOTION for leave to appear in Pro Hac Vice Re: Thomas D. Leland, Certificate of Good Standing is provided in docket #11 (Filing fee $ 305, receipt number 0971-9584435) filed by United Energy Trading LLC. (Leland, Thomas) (Filed on 6/9/2015) Modified on 6/10/2015 (cjlS, COURT STAFF). (Entered: 06/09/2015) |
| 06/09/2015 | 10 | **ORDER by Judge Kandis A. Westmore granting 8 Motion for Pro Hac Vice re: Leah Capritta. (kawlc1, COURT STAFF) (Filed on 6/9/2015) (Entered: 06/09/2015)** |

| 06/09/2015 | 11 | ERRATA re 9 MOTION for leave to appear in Pro Hac Vice Re: Thomas D. Leland, providing copy of Certificate of Good Standing by United Energy Trading LLC. (Leland, Thomas) (Filed on 6/9/2015) Modified on 6/10/2015 (cjlS, COURT STAFF). (Entered: 06/09/2015) |
| --- | --- | --- |
| 06/09/2015 | 20 | Refund re 7 Application for Refund approved. (cjlS, COURT STAFF) (Filed on 6/9/2015) (Entered: 06/19/2015) |
| 06/10/2015 | 12 | **ORDER by Judge Kandis A. Westmore granting 9 Motion for Pro Hac Vice re: Thomas D. Leland. (kawlc1, COURT STAFF) (Filed on 6/10/2015) (Entered: 06/10/2015)** |
| 06/11/2015 | 13 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by United Energy Trading LLC.. (Capritta, Leah) (Filed on 6/11/2015) (Entered: 06/11/2015) |
| 06/12/2015 | 14 | CLERK'S NOTICE OF IMPENDING REASSIGNMENT TO A U.S. DISTRICT COURT JUDGE: The Clerk of this Court will now randomly reassign this case to a District Judge because either (1) a party has not consented to the jurisdiction of a Magistrate Judge, or (2) time is of the essence in deciding a pending judicial action for which the necessary consents to Magistrate Judge jurisdiction have not been secured. You will be informed by separate notice of the district judge to whom this case is reassigned.  ALL HEARING DATES PRESENTLY SCHEDULED BEFORE THE CURRENT MAGISTRATE JUDGE ARE VACATED AND SHOULD BE RE-NOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THIS CASE IS REASSIGNED.  *This is a text only docket entry; there is no document associated with this notice.* (sisS, COURT STAFF) (Filed on 6/12/2015) (Entered: 06/12/2015) |
| 06/12/2015 | 15 | **ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Thelton E. Henderson for all further proceedings. Magistrate Judge Kandis A. Westmore no longer assigned to the case. Signed by the Executive Committee on June 12, 2015. (cjlS, COURT STAFF) (Filed on 6/12/2015) (Entered: 06/12/2015)** |
| 06/17/2015 | 16 | NOTICE by United Energy Trading, LLC re *Notice of Related Case Under Civil L.R. 3-12 and Administrative Motion to Consider Whether Cases Should be Related Pursuant to Civil L.R. 7-11 (Unopposed)* (Leland, Thomas) (Filed on 6/17/2015) (Entered: 06/17/2015) |
| 06/17/2015 | 17 | CERTIFICATE OF SERVICE by United Energy Trading, LLC re 16 Notice (Other) *of Related Cases* (Leland, Thomas) (Filed on 6/17/2015) (Entered: 06/17/2015) |
| 06/18/2015 | 18 | MOTION to Relate Case filed by United Energy Trading, LLC. (Leland, Thomas) (Filed on 6/18/2015) (Entered: 06/18/2015) |
| 06/18/2015 | 19 | CERTIFICATE OF SERVICE by United Energy Trading, LLC re 18 MOTION to Relate Case (Leland, Thomas) (Filed on 6/18/2015) (Entered: 06/18/2015) |

| | | |
|---|---|---|
| 06/19/2015 | 21 | NOTICE by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres *of Non-Opposition to Administrative Motion to Consider Whether Cases Should Be Related Pursuant to Civil L.R. 7-11* (Ellis, Dennis) (Filed on 6/19/2015) (Entered: 06/19/2015) |
| 06/24/2015 | 22 | CLERK'S NOTICE re 18 Motion to Relate Cases. The court has reviewed the motion and determined that cases C15-2383 TEH and C15-2575 DMR are not related and no reassignments shall occur. (tmiS, COURT STAFF) (Filed on 6/24/2015) (Entered: 06/24/2015) |
| 06/25/2015 | 23 | CLERK'S NOTICE ON REASSIGNMENT. You are noticed that the Court has scheduled an Initial Case Management Conference before Judge Thelton E. Henderson upon reassignment. For a copy of Judge Henderson's Standing Order and other information, please refer to the Court's website at www.cand.uscourts.gov. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* Case Management Statement due by 9/4/2015. Initial Case Management Conference set for 9/14/2015 01:30 PM in Courtroom 12, 19th Floor, San Francisco. (tmiS, COURT STAFF) (Filed on 6/25/2015) (Entered: 06/25/2015) |
| 06/25/2015 | 24 | **ORDER OF RECUSAL. Signed by Judge Thelton E. Henderson on 06/25/15. (tehlc3, COURT STAFF) (Filed on 6/25/2015) (Entered: 06/25/2015)** |
| 06/29/2015 | 25 | WAIVER OF SERVICE Returned Executed filed by United Energy Trading, LLC. Service waived by All Defendants. (Capritta, Leah) (Filed on 6/29/2015) (Entered: 06/29/2015) |
| 06/29/2015 | 26 | Certificate of Interested Entities by United Energy Trading, LLC identifying Corporate Parent United Energy Corporation, Other Affiliate Robert Williams, Other Affiliate Thomas Williams, Other Affiliate Matthew Hurley, Other Affiliate TW Holdings, LLC, Other Affiliate Misouri River Royalty Corporation, Other Affiliate Rainbow Gas Company, Other Affiliate Loren Kopseng for United Energy Trading, LLC. (Capritta, Leah) (Filed on 6/29/2015) (Entered: 06/29/2015) |
| 06/30/2015 | 27 | **ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Charles R. Breyer for all further proceedings. Judge Hon. Thelton E. Henderson no longer assigned to the case.. Signed by Executive Committee on 6/30/15. (as, COURT STAFF) (Filed on 6/30/2015) (Entered: 06/30/2015)** |
| 07/01/2015 | 28 | **ORDER OF RECUSAL. Signed by Judge Charles R. Breyer on 7/1/2015. (beS, COURT STAFF) (Filed on 7/1/2015) (Entered: 07/01/2015)** |
| 07/02/2015 | 29 | **ORDER, Case reassigned to Hon. Richard Seeborg. Hon. Charles R. Breyer no longer assigned to the case.. Signed by Executive Committee on 7/2/15. (ha, COURT STAFF) (Filed on 7/2/2015) (Entered: 07/02/2015)** |
| 07/02/2015 | 30 | CLERK'S NOTICE SCHEDULING CASE MANAGEMENT CONFERENCE. Case Management Statement due by 8/27/2015. Case Management Conference set for 9/3/2015 at 10:00 AM in Courtroom 3, 17th Floor, San Francisco. (cl, COURT STAFF) (Filed on 7/2/2015) (Entered: 07/02/2015) |

| 07/07/2015 | 31 | WAIVER and Acceptance of Service by United Energy Trading, LLC (Coleman, Charles) (Filed on 7/7/2015) Modified on 7/8/2015 (gbaS, COURT STAFF). (Entered: 07/07/2015) |
|---|---|---|
| 07/07/2015 | 32 | NOTICE of Appearance by Nicholas James Begakis *on Behalf of Defendants* (Begakis, Nicholas) (Filed on 7/7/2015) (Entered: 07/07/2015) |
| 07/07/2015 | 33 | NOTICE of Appearance by Adam Michael Reich *on Behalf of Defendants* (Reich, Adam) (Filed on 7/7/2015) (Entered: 07/07/2015) |
| 08/07/2015 | 34 | STIPULATION *to Extend Time to Respond to Initial Complaint Pursuant to Local Rule 6-1(a)* filed by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Begakis, Nicholas) (Filed on 8/7/2015) (Entered: 08/07/2015) |
| 08/18/2015 | 35 | ADR Clerk's Notice re: Non-Compliance with Court Order. (tjs, COURT STAFF) (Filed on 8/18/2015) (Entered: 08/18/2015) |
| 08/24/2015 | 36 | Certificate of Interested Entities by Pacific Gas & Electric Co. (Ellis, Dennis) (Filed on 8/24/2015) (Entered: 08/24/2015) |
| 08/24/2015 | 37 | Certificate of Interested Entities by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres *Pursuant to Civil Local Rule 3-15* (Ellis, Dennis) (Filed on 8/24/2015) (Entered: 08/24/2015) |
| 08/24/2015 | 38 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options *by Pacific Gas and Electric Company* (Ellis, Dennis) (Filed on 8/24/2015) (Entered: 08/24/2015) |
| 08/24/2015 | 39 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options *by Albert Torres* (Ellis, Dennis) (Filed on 8/24/2015) (Entered: 08/24/2015) |
| 08/24/2015 | 40 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options *by Bill Chen* (Ellis, Dennis) (Filed on 8/24/2015) (Entered: 08/24/2015) |
| 08/24/2015 | 41 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options *by Tanisha Robinson* (Ellis, Dennis) (Filed on 8/24/2015) (Entered: 08/24/2015) |
| 08/24/2015 | 42 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options (Capritta, Leah) (Filed on 8/24/2015) (Entered: 08/24/2015) |
| 08/24/2015 | 43 | STIPULATION and Proposed Order selecting Private ADR by United Energy Trading, LLC filed by United Energy Trading, LLC. (Capritta, Leah) (Filed on 8/24/2015) (Entered: 08/24/2015) |
| 08/27/2015 | 44 | CASE MANAGEMENT STATEMENT *and proposed Order* filed by United Energy Trading, LLC. (Capritta, Leah) (Filed on 8/27/2015) (Entered: 08/27/2015) |
| 08/31/2015 | 45 | MOTION to Dismiss *Pursuant to Rule 12(b)(6)* filed by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. Motion Hearing set for 10/22/2015 01:30 PM in Courtroom 3, 17th Floor, San Francisco before Hon. Richard Seeborg. Responses due by 9/14/2015. Replies due by 9/21/2015. (Attachments: # 1 Declaration Dennis S. Ellis, # 2 Proposed Order)(Ellis, Dennis) (Filed on 8/31/2015) (Entered: 08/31/2015) |

| 08/31/2015 | 46 | Request for Judicial Notice re 45 MOTION to Dismiss *Pursuant to Rule 12(b)(6)* filed byBill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Related document(s) 45 ) (Ellis, Dennis) (Filed on 8/31/2015) (Entered: 08/31/2015) |
|---|---|---|
| 09/01/2015 | 47 | CLERK'S NOTICE The Case Management Conference previously set for 9/3/2015 is continued to 11/12/2015 at 10:00 AM in Courtroom 3, 17th Floor, San Francisco. The Case Management Statement is due by 11/5/2015. This is a text only entry. There is no document associated with this notice. (rslc2, COURT STAFF) (Filed on 9/1/2015) (Entered: 09/01/2015) |
| 09/02/2015 | 48 | CLERK'S NOTICE CONTINUING MOTION [#45] HEARING. Motion Hearing previously set for 10/22/2015 Continued to 11/5/2015 at 01:30 PM in Courtroom 3, 17th Floor, San Francisco before Hon. Richard Seeborg. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (cl, COURT STAFF) (Filed on 9/2/2015) (Entered: 09/02/2015) |
| 09/03/2015 | 49 | STIPULATION WITH PROPOSED ORDER *Regarding Response to Complaint and for Order Changing Time* filed by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Attachments: # 1 Declaration of Adam M. Reich, # 2 Proposed Order)(Reich, Adam) (Filed on 9/3/2015) (Entered: 09/03/2015) |
| 09/03/2015 | 50 | ERRATA re 49 STIPULATION WITH PROPOSED ORDER *Regarding Response to Complaint and for Order Changing Time* by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Reich, Adam) (Filed on 9/3/2015) (Entered: 09/03/2015) |
| 09/04/2015 | 51 | MOTION for Extension of Time to File Response/Reply as to 45 MOTION to Dismiss *Pursuant to Rule 12(b)(6) (Stipulated)* filed by United Energy Trading, LLC. (Attachments: # 1 Declaration of Thomas D. Leland)(Leland, Thomas) (Filed on 9/4/2015) (Entered: 09/04/2015) |
| 09/04/2015 | **52** | **ORDER by Judge Richard Seeborg granting 51 Motion for Extension of Time to File Response/Reply. (cl, COURT STAFF) (Filed on 9/4/2015) (Entered: 09/04/2015)** |
| 09/14/2015 | 53 | Response re 46 Request for Judicial Notice *in Support of Motion to Dismiss Pursuant to Rule 12(b)(6)* byUnited Energy Trading, LLC. (Leland, Thomas) (Filed on 9/14/2015) (Entered: 09/14/2015) |
| 09/21/2015 | 54 | RESPONSE to re 53 Response *(Defendants' Reply to United Energy Trading, LLC's Response to Defendants' Request for Judicial Notice in Support of Motion to Dismiss Pursuant to Rule 12(b)(6))* by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Ellis, Dennis) (Filed on 9/21/2015) (Entered: 09/21/2015) |
| 10/01/2015 | 55 | MOTION for Sanctions filed by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. Motion Hearing set for 11/5/2015 01:30 PM in Courtroom 3, 17th Floor, San Francisco before Hon. Richard Seeborg. Responses due by 10/15/2015. Replies due by 10/22/2015. (Attachments: # 1 Declaration of Dennis S. Ellis, # 2 Proposed Order Granting Motion for Sanctions)(Ellis, Dennis) (Filed on 10/1/2015) (Entered: 10/01/2015) |

| 10/14/2015 | 56 | RESPONSE (re 45 MOTION to Dismiss *Pursuant to Rule 12(b)(6)* ) filed byUnited Energy Trading, LLC. (Leland, Thomas) (Filed on 10/14/2015) (Entered: 10/14/2015) |
|---|---|---|
| 10/14/2015 | 57 | Proposed Order re 56 Opposition/Response to Motion by United Energy Trading, LLC. (Leland, Thomas) (Filed on 10/14/2015) (Entered: 10/14/2015) |
| 10/14/2015 | 58 | Request for Judicial Notice re 56 Opposition/Response to Motion *to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)* filed byUnited Energy Trading, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Related document(s) 56 ) (Leland, Thomas) (Filed on 10/14/2015) (Entered: 10/14/2015) |
| 10/15/2015 | 59 | Response re 55 MOTION for Sanctions byUnited Energy Trading, LLC. (Attachments: # 1 Declaration Charles Coleman, # 2 Declaration Thomas Leland, # 3 Proposed Order)(Leland, Thomas) (Filed on 10/15/2015) (Entered: 10/15/2015) |
| 10/15/2015 | 60 | Declaration of Leah Capritta in Support of 59 Response *to Motion for Sanctions* filed byUnited Energy Trading, LLC. (Attachments: # 1 Exhibit 1-10, # 2 Exhibit 11-19)(Related document(s) 59 ) (Leland, Thomas) (Filed on 10/15/2015) (Entered: 10/15/2015) |
| 10/22/2015 | 61 | REPLY (re 55 MOTION for Sanctions ) filed byBill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Attachments: # 1 Declaration (Supplemental) of Dennis S. Ellis)(Ellis, Dennis) (Filed on 10/22/2015) (Entered: 10/22/2015) |
| 10/28/2015 | 62 | REPLY (re 45 MOTION to Dismiss *Pursuant to Rule 12(b)(6)* ) filed byBill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Ellis, Dennis) (Filed on 10/28/2015) (Entered: 10/28/2015) |
| 11/04/2015 | 63 | NOTICE of Appearance by Arnold Barba *on Behalf of Defendants* (Barba, Arnold) (Filed on 11/4/2015) (Entered: 11/04/2015) |
| 11/05/2015 | **64** | **Minute Entry for proceedings held before Hon. Richard Seeborg: Motion Hearing held on 11/5/2015 re 55 MOTION for Sanctions and 45 MOTION to Dismiss; Matters taken under submission. Court Reporter: Kathy Sullivan. (cl, COURT STAFF) (Date Filed: 11/5/2015) (Entered: 11/05/2015)** |
| 11/05/2015 | 65 | TRANSCRIPT ORDER by United Energy Trading, LLC for Court Reporter Katherine Sullivan. (Holtzman, David) (Filed on 11/5/2015) (Entered: 11/05/2015) |
| 11/05/2015 | 66 | JOINT CASE MANAGEMENT STATEMENT *(Amended)* filed by United Energy Trading, LLC. (Capritta, Leah) (Filed on 11/5/2015) (Entered: 11/05/2015) |
| 11/05/2015 | 67 | STIPULATION WITH PROPOSED ORDER *Request to Participate in Case Management Conference by Telephone* filed by United Energy Trading, LLC. (Leland, Thomas) (Filed on 11/5/2015) (Entered: 11/05/2015) |
| 11/05/2015 | 68 | |

| | | TRANSCRIPT ORDER by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres for Court Reporter Katherine Sullivan. (Ellis, Dennis) (Filed on 11/5/2015) (Entered: 11/05/2015) |
|---|---|---|
| 11/05/2015 | 69 | CLERK'S NOTICE The Case Management Conference set for November 12, 2015 will be held at 11:00 AM. All parties shall appear telephonically and must contact Court Conference at (866) 582-6878 at least one week prior to the Conference to arrange their participation. This is a text only entry. There is no document associated with this notice. (rslc2, COURT STAFF) (Filed on 11/5/2015) (Entered: 11/05/2015) |
| 11/06/2015 | 70 | Transcript of Proceedings held on 11/5/15, before Judge Richard Seeborg. Court Reporter/Transcriber Katherine Sullivan, telephone number 415-794-6659. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 65 Transcript Order, 68 Transcript Order ) Redaction Request due 11/27/2015. Redacted Transcript Deadline set for 12/7/2015. Release of Transcript Restriction set for 2/4/2016. (Related documents(s) 65 , 68 ) (Sullivan, Katherine) (Filed on 11/6/2015) (Entered: 11/06/2015) |
| 11/12/2015 | 71 | **Minute Entry for proceedings held before Hon. Richard Seeborg: Initial Case Management Conference held telephonic on 11/12/2015. Scheduling Order to follow. Court Reporter: Not Reported. Plaintiff Attorney Leah Capritta, Thomas Leland. Defendant Attorney Dennis Ellis. Interpreter N/A.This is a text only Minute Entry (cl, COURT STAFF) (Date Filed: 11/12/2015) Modified on 11/12/2015 (cl, COURT STAFF). Modified on 11/13/2015 (cl, COURT STAFF). (Entered: 11/12/2015)** |
| 11/12/2015 | 72 | **ORDER REFERRING CASE to Magistrate Judge for Settlement. Signed by Judge Richard Seeborg on 11/12/15. (cl, COURT STAFF) (Filed on 11/12/2015) (Entered: 11/12/2015)** |
| 11/12/2015 | | CASE REFERRED to Magistrate Judge Elizabeth D. Laporte for Settlement (ahm, COURT STAFF) (Filed on 11/12/2015) (Entered: 11/12/2015) |
| 11/12/2015 | 73 | **CASE MANAGEMENT SCHEDULING ORDER: Further Case Management Conference set for 6/9/2016 10:00 AM in Courtroom 3, 17th Floor, San Francisco. Final Pretrial Conference set for 10/5/2017 10:00 AM in Courtroom 3, 17th Floor, San Francisco. Jury Selection and Jury Trial set for 11/6/2017 09:00 AM in Courtroom 3, 17th Floor, San Francisco before Hon. Richard Seeborg. Referred to Magistrate Judge for settlement conference. Signed by Judge Richard Seeborg on 11/12/2015. (cl, COURT STAFF) (Filed on 11/12/2015) (Entered: 11/12/2015)** |
| 11/20/2015 | 74 | **ORDER by Judge Richard Seeborg granting in part and denying in part 45 Motion to Dismiss; denying 55 Motion for Sanctions. (cl, COURT STAFF) (Filed on 11/20/2015) (Entered: 11/20/2015)** |
| | | |

| 12/11/2015 | 75 | **NOTICE of Settlement Conference and Settlement Conference Order by Magistrate Judge Elizabeth D. Laporte. A Settlement Conference is set for 2/11/2016 at 9:30 AM in Courtroom E, 15th Floor, San Francisco. (shyS, COURT STAFF) (Filed on 12/11/2015) (Entered: 12/11/2015)** |
|---|---|---|
| 12/18/2015 | 76 | FIRST AMENDED COMPLAINT and Demand for Jury Trial against All Defendants. Filed by United Energy Trading, LLC. (Leland, Thomas) (Filed on 12/18/2015) Modified on 12/18/2015 (gbaS, COURT STAFF). (Entered: 12/18/2015) |
| 12/23/2015 | 77 | STIPULATION WITH PROPOSED ORDER re 76 Amended Complaint *Extension of Response Time* filed by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Attachments: # 1 Declaration of Dennis S. Ellis, # 2 Proposed Order)(Ellis, Dennis) (Filed on 12/23/2015) (Entered: 12/23/2015) |
| 01/04/2016 | 78 | **ORDER by Judge Richard Seeborg granting 77 Stipulated request to extend time to respond to amended complaint. (cl, COURT STAFF) (Filed on 1/4/2016) (Entered: 01/04/2016)** |
| 02/04/2016 | 79 | MOTION to Dismiss *Pursuant to Rule 12(b)(6)* filed by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. Motion Hearing set for 3/10/2016 01:30 PM in Courtroom 3, 17th Floor, San Francisco before Hon. Richard Seeborg. Responses due by 2/18/2016. Replies due by 2/25/2016. (Ellis, Dennis) (Filed on 2/4/2016) (Entered: 02/04/2016) |
| 02/04/2016 | 80 | **ORDER Granting Defendant Albert Torres' Request to be Excused from Personal Attendance at the Settlement Conference by Magistrate Judge Elizabeth D. Laporte. (shyS, COURT STAFF) (Filed on 2/4/2016) (Entered: 02/04/2016)** |
| 02/11/2016 | 81 | STIPULATION WITH PROPOSED ORDER re 79 MOTION to Dismiss *Pursuant to Rule 12(b)(6)* filed by United Energy Trading, LLC. (Attachments: # 1 Declaration of Thomas Leland)(Leland, Thomas) (Filed on 2/11/2016) (Entered: 02/11/2016) |
| 02/11/2016 | 82 | **STIPULATION AND ORDER RE [#81] FOR AN ENLARGEMENT OF TIME TO FILE OPPOSITION AND REPLY BRIEFS REGARDING DEFENDANTS' MOTION TO DISMISS, CONTINUANCE OF HEARING DATE. Signed by Judge Richard Seeborg on 2/11/16. (cl, COURT STAFF) (Filed on 2/11/2016) (Entered: 02/11/2016)** |
| 02/11/2016 | | Reset Motion Hearing as to 79 MOTION to Dismiss *Pursuant to Rule 12(b)(6)*. Motion Hearing previously set for 3/10/2016 Continued to 4/21/2016 at 01:30 PM in Courtroom 3, 17th Floor, San Francisco before Hon. Richard Seeborg. (cl, COURT STAFF) (Filed on 2/11/2016) (Entered: 02/11/2016) |
| 02/11/2016 | 83 | **Minute Entry for settlement conference conducted on 2/11/2016 by Magistrate Judge Elizabeth D. Laporte regarding Settlement Conference. Case did not settle. Counsel to confer by 2/15/2016 on exchange of information discussed at the settlement conference in furtherance of today's settlement conference. On or before 2/18/2016, counsel shall email a confidential update to Magistrate Judge Laporte at** |

| | | edlcrd@cand.uscourts.gov regarding follow-up and scheduling a further settlement conference. FTR Time Not Recorded. Plaintiff Attorney Thomas Leland and Leah Capritta. Defendant Attorney Dennis Ellis and Adam Reich. This is a text only Minute Entry (shyS, COURT STAFF) (Date Filed: 2/11/2016) Modified on 2/18/2016 (shyS, COURT STAFF). (Entered: 02/16/2016) |
|---|---|---|
| 03/18/2016 | 84 | RESPONSE (re 79 MOTION to Dismiss *Pursuant to Rule 12(b)(6)* ) filed byUnited Energy Trading, LLC. (Attachments: # 1 Proposed Order)(Capritta, Leah) (Filed on 3/18/2016) (Entered: 03/18/2016) |
| 04/01/2016 | 85 | REPLY (re 79 MOTION to Dismiss *Pursuant to Rule 12(b)(6)* ) filed byBill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Ellis, Dennis) (Filed on 4/1/2016) (Entered: 04/01/2016) |
| 04/13/2016 | 86 | **ORDER by Judge Richard Seeborg granting in part and denying in part 79 Motion to Dismiss. (cl, COURT STAFF) (Filed on 4/13/2016) (Entered: 04/13/2016)** |
| 04/25/2016 | 87 | NOTICE of Change In Counsel by Dennis S. Ellis (Ellis, Dennis) (Filed on 4/25/2016) (Entered: 04/25/2016) |
| 04/26/2016 | 88 | NOTICE of Appearance by Courtney Turco DeThomas *on Behalf of Defendants* (DeThomas, Courtney) (Filed on 4/26/2016) (Entered: 04/26/2016) |
| 05/13/2016 | 89 | SECOND AMENDED COMPLAINT; Jury Trial Demanded against Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. Filed by United Energy Trading, LLC. (Leland, Thomas) (Filed on 5/13/2016) Modified on 5/13/2016 (gbaS, COURT STAFF). (Entered: 05/13/2016) |
| 05/24/2016 | 90 | STIPULATION WITH PROPOSED ORDER *to Extend Time to Respond to Second Amended Complaint and for an Enlargement of Time to File Opposition and Reply Briefs if a Motion to Dismiss is Filed* filed by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Attachments: # 1 Declaration of Adam M. Reich, # 2 Proposed Order)(Reich, Adam) (Filed on 5/24/2016) (Entered: 05/24/2016) |
| 05/24/2016 | 91 | **STIPULATION AND ORDER RE 90 to Extend Time to Respond to Second Amended Complaint and for an Enlargement of Time to File Opposition and Reply Briefs if a Motion to Dismiss is Filed. Signed by Judge Richard Seeborg on 5/24/16. (cl, COURT STAFF) (Filed on 5/24/2016) (Entered: 05/24/2016)** |
| 05/25/2016 | 92 | STIPULATION WITH PROPOSED ORDER *(Stipulated Protective Order)* filed by United Energy Trading, LLC. (Capritta, Leah) (Filed on 5/25/2016) (Entered: 05/25/2016) |
| 05/26/2016 | 93 | **STIPULATED PROTECTIVE ORDER. Signed by Judge Richard Seeborg on 5/26/16. (cl, COURT STAFF) (Filed on 5/26/2016) (Entered: 05/26/2016)** |
| 05/26/2016 | 94 | STIPULATION WITH PROPOSED ORDER *(to Extend Time to Produce Expert Rebuttal Disclosures Pursuant to Civil Local Rules 6-1(b), 6-2, 7-12)* |

| | | |
|---|---|---|
| | | filed by United Energy Trading, LLC. (Attachments: # 1 Declaration, # 2 Proposed Order)(Capritta, Leah) (Filed on 5/26/2016) (Entered: 05/26/2016) |
| 05/27/2016 | 95 | **ORDER by Judge Richard Seeborg granting 94 stipulated request to extend time to produce expert and expert rebuttal disclosures. (cl, COURT STAFF) (Filed on 5/27/2016) (Entered: 05/27/2016)** |
| 06/02/2016 | 96 | STIPULATION WITH PROPOSED ORDER *re Request to Reschedule Further Case Management Conference* filed by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Attachments: # 1 Declaration of Adam M. Reich, # 2 Proposed Order)(Reich, Adam) (Filed on 6/2/2016) (Entered: 06/02/2016) |
| 06/02/2016 | 97 | JOINT CASE MANAGEMENT STATEMENT filed by United Energy Trading, LLC. (Capritta, Leah) (Filed on 6/2/2016) (Entered: 06/02/2016) |
| 06/02/2016 | 98 | Joint MOTION to Appear by Telephone *as Alternative Relief* filed by United Energy Trading, LLC. (Attachments: # 1 Proposed Order)(Capritta, Leah) (Filed on 6/2/2016) (Entered: 06/02/2016) |
| 06/06/2016 | 99 | CLERK'S NOTICE CONTINUING FURTHER CASE MANAGEMENT CONFERENCE. Case Management Statement due by 8/4/2016. Further Case Management Conference set for 8/11/2016 at 01:30 PM in Courtroom 3, 17th Floor, San Francisco. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (cl, COURT STAFF) (Filed on 6/6/2016) (Entered: 06/06/2016) |
| 06/10/2016 | 100 | MOTION to Dismiss *Second Amended Complaint Pursuant to Rule 12(b)(6)* filed by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. Motion Hearing set for 8/11/2016 01:30 PM in Courtroom 3, 17th Floor, San Francisco before Hon. Richard Seeborg. Responses due by 6/24/2016. Replies due by 7/1/2016. (Attachments: # 1 Proposed Order)(Ellis, Dennis) (Filed on 6/10/2016) (Entered: 06/10/2016) |
| 07/01/2016 | 101 | RESPONSE (re 100 MOTION to Dismiss *Second Amended Complaint Pursuant to Rule 12(b)(6)* ) *UNITED ENERGY TRADING, LLCS OPPOSITION TO DEFENDANTS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)* filed byUnited Energy Trading, LLC. (Attachments: # 1 Proposed Order [PROPOSED] ORDER DENYING DEFENDANTS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (b)(6))(Capritta, Leah) (Filed on 7/1/2016) (Entered: 07/01/2016) |
| 07/15/2016 | 102 | REPLY (re 100 MOTION to Dismiss *Second Amended Complaint Pursuant to Rule 12(b)(6)* ) filed byBill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Ellis, Dennis) (Filed on 7/15/2016) (Entered: 07/15/2016) |
| 07/22/2016 | 103 | MOTION to Relate Case *Under Civil L.R. 3-12 and Administrative Motion to Consider Whether Cases Should be Related Pursuant to Civil L.R. 7-11* filed by Vista Energy Marketing, LP. (Attachments: # 1 Proposed Order)(Melzer, Nicholas) (Filed on 7/22/2016) (Entered: 07/22/2016) |
| | | |

| 07/22/2016 | 104 | NOTICE by Vista Energy Marketing, LP *Certificate of Service Re Notice of Related Case Under Civil L.R. 3-12 and Administrative Motion to Consider Whether Cases Should be Related Pursuant to Civil L.R. 7-11* (Melzer, Nicholas) (Filed on 7/22/2016) (Entered: 07/22/2016) |
| --- | --- | --- |
| 07/26/2016 | 105 | RESPONSE (re 103 MOTION to Relate Case *Under Civil L.R. 3-12 and Administrative Motion to Consider Whether Cases Should be Related Pursuant to Civil L.R. 7-11* ) filed byBill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Ellis, Dennis) (Filed on 7/26/2016) (Entered: 07/26/2016) |
| 08/02/2016 | 106 | MOTION to Appear by Telephone *at Further CMC and Hearing on Motion to Dismiss* filed by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Attachments: # 1 Exhibit A, # 2 Proposed Order)(Ellis, Dennis) (Filed on 8/2/2016) (Entered: 08/02/2016) |
| 08/03/2016 | 107 | CLERK'S NOTICE: THE MOTION TO DISMISS 100 SCHEDULED FOR HEARING ON AUGUST 11, 2016 SHALL BE SUBMITTED WITHOUT ORAL ARGUMENT PURSUANT TO CIVIL LOCAL RULE 7-1(b). ACCORDINGLY, THE MOTION HEARING IS VACATED. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (afmS, COURT STAFF) (Filed on 8/3/2016) (Entered: 08/03/2016) |
| 08/04/2016 | 108 | MOTION to Appear by Telephone *Unoopoesd Request to Appear by Telephone at Further Case Management Conference* filed by United Energy Trading, LLC. (Attachments: # 1 Proposed Order)(Capritta, Leah) (Filed on 8/4/2016) (Entered: 08/04/2016) |
| 08/04/2016 | 109 | **ORDER denying 100 Motion to Dismiss. Defendants shall file an answer within 21 days of the date of this order. The case management conference previously set for 8/11/2016 at 1:30 p.m. will now be held that same morning at 11:00 a.m. All parties shall appear telephonically and must contact Court Conference at (866) 582-6878 at least one week prior to the Conference to arrange their participation. Signed by Judge Richard Seeborg on 8/4/2016. (afmS, COURT STAFF) (Filed on 8/4/2016) (Entered: 08/04/2016)** |
| 08/04/2016 | | Set/Reset Hearing: Further Telephonic Case Management Conference set for 8/11/2016 at11:00 AM in Courtroom 3, 17th Floor, San Francisco. (afmS, COURT STAFF) (Filed on 8/4/2016) (Entered: 08/04/2016) |
| 08/04/2016 | 110 | CASE MANAGEMENT STATEMENT filed by United Energy Trading, LLC. (Capritta, Leah) (Filed on 8/4/2016) (Entered: 08/04/2016) |
| 08/08/2016 | 111 | CLERK'S NOTICE The court reviewed the motion and determined that no cases are related and not reassignments shall occur. (cl, COURT STAFF) (Filed on 8/8/2016) (Entered: 08/08/2016) |
| 08/11/2016 | 112 | **Minute Entry for proceedings held before Hon. Richard Seeborg: Further Case Management Conference held telephonically on 8/11/2016.Case Management Scheduling Order to Follow.Total Time in Court 10 minutes. Not Reported or Recorded. Plaintiff Attorney: Leah Capritta, Thomas** |

| | | |
|---|---|---|
| | | **Leland. Defendant Attorney: Dennis Ellis. This is a text only Minute Entry (cl, COURT STAFF) (Date Filed: 8/11/2016) (Entered: 08/11/2016)** |
| 08/11/2016 | [113](#) | **FURTHER CASE MANAGEMENT SCHEDULING ORDER. Further Case Management Conference set for 4/20/2017 at 10:00 AM in Courtroom 3, 17th Floor, San Francisco. Signed by Judge Richard Seeborg on 8/11/16. (cl, COURT STAFF) (Filed on 8/11/2016) (Entered: 08/11/2016)** |
| 08/25/2016 | [114](#) | *Defendants'* ANSWER to Amended Complaint byBill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Ellis, Dennis) (Filed on 8/25/2016) (Entered: 08/25/2016) |
| 10/05/2016 | [115](#) | STIPULATION WITH PROPOSED ORDER *to Extend Expert Disclosure Deadlines* filed by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Attachments: # [1](#) Declaration of Dennis S. Ellis, # [2](#) Proposed Order)(Ellis, Dennis) (Filed on 10/5/2016) (Entered: 10/05/2016) |
| 10/11/2016 | [116](#) | **ORDER GRANTING STIPULATED REQUEST TO EXTEND EXPERT DISCLOSURE DEADLINES PURSUANT TO CIVIL LOCAL RULES 6-1(b), 6-2, 7-12. Signed by Judge Richard Seeborg on 10/11/16. (cl, COURT STAFF) (Filed on 10/11/2016) (Entered: 10/11/2016)** |
| 11/02/2016 | [117](#) | Discovery Letter Brief *Identifying Disputes Regarding Defendant Pacific Gas & Electric Company's Responses to Plaintiff's Request for Production Nos. 2-4* filed by United Energy Trading, LLC. (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2, # [3](#) Exhibit 3)(Capritta, Leah) (Filed on 11/2/2016) (Entered: 11/02/2016) |
| 11/03/2016 | [118](#) | **ORDER REFERRING CASE to Magistrate Judge for Discovery purposes. Signed by Judge Richard Seeborg on 11/3/16. (cl, COURT STAFF) (Filed on 11/3/2016) (Entered: 11/03/2016)** |
| 11/04/2016 | | CASE REFERRED to Magistrate Judge Sallie Kim for Discovery (ahm, COURT STAFF) (Filed on 11/4/2016) (Entered: 11/04/2016) |
| 11/04/2016 | [119](#) | **NOTICE OF REFERRAL FOR DISCOVERY. Signed by Magistrate Judge Sallie Kim on 11/4/2016. (mklS, COURT STAFF) (Filed on 11/4/2016) (Entered: 11/04/2016)** |
| 11/28/2016 | [120](#) | Joint Discovery Letter Brief*IDENTIFYING DISPUTES REGARDING DEFENDANT PACIFIC GAS AND ELECTRIC COMPANYS RESPONSES TO PLAINTIFFS INTERROGATORY NOS. 24* filed by United Energy Trading, LLC. (Attachments: # [1](#) Exhibit D. Reyes Deposition, # [2](#) Exhibit PG&E's Supp. Resp. to Interrogatories 2-4)(Capritta, Leah) (Filed on 11/28/2016) (Entered: 11/28/2016) |
| 11/28/2016 | [121](#) | Joint Discovery Letter Brief *IDENTIFYING DISPUTES REGARDING DEFENDANT PACIFIC GAS AND ELECTRIC COMPANYS RESPONSE TO PLAINTIFFS REQUEST FOR PRODUCTION NO. 14* filed by United Energy Trading, LLC. (Attachments: # [1](#) Exhibit PG&E Resp. to RFP No. 14) (Capritta, Leah) (Filed on 11/28/2016) (Entered: 11/28/2016) |
| 11/29/2016 | [122](#) | |

| | | |
|---|---|---|
| | | **ORDER by Magistrate Judge Sallie Kim denying 120 Discovery Letter Brief; denying 121 Discovery Letter Brief. (mklS, COURT STAFF) (Filed on 11/29/2016) (Entered: 11/29/2016)** |
| 11/29/2016 | 123 | Joint Discovery Letter Brief *IDENTIFYING DISPUTES REGARDING DEFENDANT PACIFIC GAS AND ELECTRIC COMPANYS RESPONSE TO PLAINTIFFS REQUEST FOR PRODUCTION NO. 6* filed by United Energy Trading, LLC. (Attachments: # 1 Exhibit PG&E Resp. to RFP No. 6, # 2 Exhibit D. Reyes Dep.)(Capritta, Leah) (Filed on 11/29/2016) (Entered: 11/29/2016) |
| 12/01/2016 | 124 | **ORDER REGARDING DISCOVERY DISPUTE ON REQUEST FOR PRODUCTION NO. 6: granting in part and reserving ruling in part on 123 Discovery Letter Brief. Signed by Magistrate Judge Sallie Kim on 12/1/2016. (mklS, COURT STAFF) (Filed on 12/1/2016) (Entered: 12/01/2016)** |
| 12/12/2016 | 125 | NOTICE of Appearance by Nicholas James Begakis (Begakis, Nicholas) (Filed on 12/12/2016) (Entered: 12/12/2016) |
| 12/12/2016 | 126 | Discovery Letter Brief *Identifying Disputes Regarding Defendant Pacific Gas & Electric Company's Responses to Requests for Production Nos. 5, 18-20 and 22* filed by United Energy Trading, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Capritta, Leah) (Filed on 12/12/2016) (Entered: 12/12/2016) |
| 12/12/2016 | 127 | Discovery Letter Brief *Re: Plaintiff's Request to Compel Production by January 6, 2017* filed by United Energy Trading, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Capritta, Leah) (Filed on 12/12/2016) (Entered: 12/12/2016) |
| 12/12/2016 | 128 | Discovery Letter Brief *Re: Disclosure of Private Consumer Information in Violation of CPUC Requirements* filed by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Attachments: # 1 Exhibit 1 (PG&E's Objections and Responses to Requests for Production, Set One))(Begakis, Nicholas) (Filed on 12/12/2016) (Entered: 12/13/2016) |
| 12/13/2016 | 129 | Discovery Letter Brief *re UET's Request for Production No. 16* filed by United Energy Trading, LLC. (Attachments: # 1 Exhibit Ex. 1 Reyes Dep., # 2 Exhibit Ex 2 PG&E Resps to Second Set of Requests for Production, # 3 Exhibit Ex. 3 PG&E Resps to First Set of Interrogatories)(Capritta, Leah) (Filed on 12/13/2016) (Entered: 12/13/2016) |
| 12/13/2016 | 130 | **ORDER SETTING HEARING re: 126 Discovery Letter Brief *Identifying Disputes Regarding Defendant Pacific Gas & Electric Company's Responses to Requests for Production Nos. 5, 18-20 and 22*, 129 Discovery Letter Brief *re UET's Request for Production No. 16*, 128 Discovery Letter Brief *Re: Disclosure of Private Consumer Information in Violation of CPUC Requirements*, 127 Discovery Letter Brief *Re: Plaintiff's Request to Compel Production by January 6, 2017*. Motion Hearing set for 12/21/2016 02:00 PM in Courtroom A, 15th Floor, San Francisco before Magistrate Judge Sallie Kim. Signed by Magistrate Judge Sallie Kim on 12/13/2016. (mklS, COURT STAFF) (Filed on 12/13/2016) (Entered: 12/13/2016)** |
| 12/15/2016 | 131 | |

| | | Declaration of David Reyes in Support of 124 Order filed byPacific Gas & Electric Co.. (Related document(s) 124 ) (Barba, Arnold) (Filed on 12/15/2016) (Entered: 12/15/2016) |
|---|---|---|
| 12/16/2016 | 132 | **FURTHER ORDER REGARDING 123 DISCOVERY DISPUTE ON REQUEST FOR PRODUCTION NO. 6 by Magistrate Judge Sallie Kim. (mklS, COURT STAFF) (Filed on 12/16/2016) (Entered: 12/16/2016)** |
| 12/20/2016 | 133 | STIPULATION WITH PROPOSED ORDER *TO EXTEND TIME TO PRODUCE EXPERT AND EXPERT REBUTTAL DISCLOSURES* filed by United Energy Trading, LLC. (Attachments: # 1 Declaration of Leah A. Capritta, # 2 Proposed Order)(Capritta, Leah) (Filed on 12/20/2016) (Entered: 12/20/2016) |
| 12/20/2016 | 134 | MOTION to Continue *Trial Date by 90 Days Pursuant to Civil Local Rules 7-11, 40-1* filed by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Attachments: # 1 Declaration of Dennis S. Ellis, # 2 Proposed Order)(Ellis, Dennis) (Filed on 12/20/2016) (Entered: 12/20/2016) |
| 12/21/2016 | 135 | **STIPULATION AND ORDER TO EXTEND TIME TO PRODUCE EXPERT AND EXPERT REBUTTAL DISCLOSURES. Signed by Judge Richard Seeborg on 12/21/16. (cl, COURT STAFF) (Filed on 12/21/2016) (Entered: 12/21/2016)** |
| 12/21/2016 | 136 | **ORDER by Judge Richard Seeborg granting 134 Motion to Continue. (cl, COURT STAFF) (Filed on 12/21/2016) (Entered: 12/21/2016)** |
| 12/21/2016 | | Set/Reset Hearing: Jury Selection/Trial set for 2/5/2018 at 09:00 AM in Courtroom 3, 17th Floor, San Francisco before Hon. Richard Seeborg. Pretrial Conference set for 1/11/2018 at 10:00 AM in Courtroom 3, 17th Floor, San Francisco before Hon. Richard Seeborg. (cl, COURT STAFF) (Filed on 12/21/2016) (Entered: 12/21/2016) |
| 12/21/2016 | 137 | **Minute Entry for proceedings held before Magistrate Judge Sallie Kim: Motion Hearing held on 12/21/2016 re 126 Discovery Letter Brief *Identifying Disputes Regarding Defendant Pacific Gas & Electric Company's Responses to Requests for Production Nos. 5, 18-20 and 22*, 127 Discovery Letter Brief*Re: Plaintiff's Request to Compel Production by January 6, 2017*, 128 Discovery Letter Brief*Re: Disclosure of Private Consumer Information in Violation of CPUC Requirements*, 129 Discovery Letter Brief *re UET's Request for Production No. 16*. The Court will issue a written order. (FTR Time 2:00-2:36.)** <br><br> **Plaintiff Attorney: Leah Capritta, Jesse Lanier, and Kenneth Thomson (UET).** <br> **Defendant Attorney: Dennis Ellis, Arnold Barba, Nicholas Begakis.** <br><br> **This is a text only Minute Entry (mklS, COURT STAFF) (Date Filed: 12/21/2016) Modified on 3/9/2017: Matter transcribed by Tara Bauer (ECHO Reporting). (rjdS, COURT STAFF). (Entered: 12/21/2016)** |
| 12/21/2016 | 138 | |

| | | ORDER RE DISCOVERY DISPUTES (Docket nos. **126** , **127** , **128** , and **129** ) by Magistrate Judge Sallie Kim. (mklS, COURT STAFF) (Filed on 12/21/2016) (Entered: 12/21/2016) |
|---|---|---|
| 03/02/2017 | 139 | MOTION to Appear by Telephone *Request to Magistrate Judge Sallie Kim for Telephonic Conference* filed by United Energy Trading, LLC. (Attachments: # 1 Declaration, # 2 Exhibit 1, # 3 Exhibit 2)(Capritta, Leah) (Filed on 3/2/2017) (Entered: 03/02/2017) |
| 03/02/2017 | 140 | NOTICE of Appearance by Laurie Edelstein *on Behalf of Defendants* (Edelstein, Laurie) (Filed on 3/2/2017) (Entered: 03/02/2017) |
| 03/02/2017 | 141 | OPPOSITION/RESPONSE (re 139 MOTION to Appear by Telephone *Request to Magistrate Judge Sallie Kim for Telephonic Conference* ) filed byBill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Attachments: # 1 Declaration Declaration of Laurie Edelstein in Support of Response to United Energy Trading, LLC's Request to Magistrate Judge Sallie Kim for Telephonic Conference)(Edelstein, Laurie) (Filed on 3/2/2017) (Entered: 03/02/2017) |
| 03/02/2017 | 142 | NOTICE of Appearance by Seth Reed Sias *on Behalf of Defendants* (Sias, Seth) (Filed on 3/2/2017) (Entered: 03/02/2017) |
| 03/03/2017 | 143 | **ORDER by Magistrate Judge Sallie Kim denying 139 Request for Telephone Conference. (mklS, COURT STAFF) (Filed on 3/3/2017) (Entered: 03/03/2017)** |
| 03/09/2017 | 144 | TRANSCRIPT ORDER for proceedings held on 12-21-2016 before Magistrate Judge Sallie Kim by Pacific Gas & Electric Co., for Court Reporter FTR - San Francisco. (Barba, Arnold) (Filed on 3/9/2017) (Entered: 03/09/2017) |
| 03/10/2017 | 145 | Transcript of Proceedings of the official sound recording held on 12/21/16, before Magistrate Judge Sallie Kim. FTR/Transcriber Echo Reporting, Inc., telephone number 8584537590. Tape Number: FTR 2:00 - 2:36. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 144 Transcript Order ) Redaction Request due 3/31/2017. Redacted Transcript Deadline set for 4/10/2017. Release of Transcript Restriction set for 6/8/2017. (Related documents(s) 144 ) (tgb, COURT STAFF) (Filed on 3/10/2017) (Entered: 03/10/2017) |
| 03/13/2017 | 146 | TRANSCRIPT ORDER for proceedings held on 12/21/2016 before Magistrate Judge Sallie Kim by United Energy Trading, LLC, for Court Reporter FTR - San Francisco. (Capritta, Leah) (Filed on 3/13/2017) (Entered: 03/13/2017) |
| 03/15/2017 | 147 | MOTION to Withdraw as Attorney *for Defendants* filed by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. Responses due by 3/29/2017. Replies due by 4/5/2017. (Attachments: # 1 Proposed Order)(Ellis, Dennis) (Filed on 3/15/2017) (Entered: 03/15/2017) |
| 03/15/2017 | 148 | |

| | | |
|---|---|---|
| | | **ORDER by Judge Richard Seeborg granting 147 Motion to Withdraw as Attorney.. (cl, COURT STAFF) (Filed on 3/15/2017) (Entered: 03/15/2017)** |
| 03/31/2017 | 149 | Proposed Order *Amending Stipulated Protective Order* by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Edelstein, Laurie) (Filed on 3/31/2017) (Entered: 03/31/2017) |
| 03/31/2017 | 150 | **\*Filed in error. Please disregard. Incorrect document attached. Refiled at docket no. 151 .\*** AMENDED STIPULATED PROTECTIVE ORDER. Signed by Magistrate Judge Sallie Kim on 3/31/2017. (mklS, COURT STAFF) (Filed on 3/31/2017) Modified on 3/31/2017 (mklS, COURT STAFF). Modified on 3/31/2017 (mklS, COURT STAFF). (Entered: 03/31/2017) |
| 03/31/2017 | 151 | **AMENDED STIPULATED PROTECTIVE ORDER. Signed by Magistrate Judge Sallie Kim on 3/31/2017. (mklS, COURT STAFF) (Filed on 3/31/2017) (Entered: 03/31/2017)** |
| 04/05/2017 | 152 | STIPULATION WITH PROPOSED ORDER *to Extend Time to Disclose Experts* filed by United Energy Trading, LLC. (Attachments: # 1 Declaration, # 2 Proposed Order)(Capritta, Leah) (Filed on 4/5/2017) (Entered: 04/05/2017) |
| 04/07/2017 | 153 | **ORDER by Judge Richard Seeborg granting 152 stipulated request to extend time to disclose experts pursuant to civil local rules 6-1(b), 6-2, 7-12. (cl, COURT STAFF) (Filed on 4/7/2017) (Entered: 04/07/2017)** |
| 04/11/2017 | 154 | STIPULATION WITH PROPOSED ORDER re 113 Order, Set Hearings *Stipulated Request to Reschedule Case Management Conference* filed by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Attachments: # 1 Declaration of Laurie Edelstein in Support of Stipulated Request to Reschedule Case Management Conference, # 2 Proposed Order Granting Stipulated Request to Reschedule Case Management Conference) (Edelstein, Laurie) (Filed on 4/11/2017) (Entered: 04/11/2017) |
| 04/11/2017 | 155 | **STIPULATION AND ORDER to Reschedule Case Management Conference. Further Case Management Conference previously set for 4/20/2017 Continued to 5/11/2017 at 10:00 AM in Courtroom 3, 17th Floor, San Francisco. Signed by Judge Richard Seeborg on 4/11/17. (cl, COURT STAFF) (Filed on 4/11/2017) (Entered: 04/11/2017)** |
| 04/21/2017 | 156 | STIPULATION *Regarding Coordination of Depositions in Similar Actions* filed by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Edelstein, Laurie) (Filed on 4/21/2017) (Entered: 04/21/2017) |
| 05/04/2017 | 157 | CASE MANAGEMENT STATEMENT *FURTHER JOINT CASE MANAGEMENT STATEMENT* filed by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Edelstein, Laurie) (Filed on 5/4/2017) (Entered: 05/04/2017) |
| 05/11/2017 | 158 | **Minute Entry for proceedings held before Hon. Richard Seeborg: Further Case Management Conference held on 5/11/2017. The parties are to contact chambers at their earliest convenience if a mediation referral is needed.** |

| | | |
|---|---|---|
| | | **Total Time in Court: 5 Minutes.** <br> **Court Reporter: Not Reported.** <br><br> **Plaintiff Attorney Thomas Leland.** <br> **Defendant Attorney Laurie Edelstein.** <br><br> **This is a text-only Minute Entry. There is no pdf image associated with this entry. (afmS, COURT STAFF) (Date Filed: 5/11/2017) (Entered: 05/11/2017)** |
| 05/19/2017 | 159 | STIPULATION re 1 Complaint *of Voluntary Dismissal with Prejudice of Plaintiff's Third Cause of Action for Violation of Section 2 of the Sherman Act, 15 U.S.C. § 2* filed by United Energy Trading, LLC. (Capritta, Leah) (Filed on 5/19/2017) (Entered: 05/19/2017) |
| 06/23/2017 | 160 | STIPULATION WITH PROPOSED ORDER *STIPULATED REQUEST TO EXTEND REBUTTAL EXPERT WITNESS DISCLOSURE DEADLINE* filed by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Attachments: # 1 Declaration DECLARATION OF LAURIE EDELSTEIN IN SUPPORT OF STIPULATED REQUEST TO EXTEND REBUTTAL EXPERT WITNESS DISCLOSURE DEADLINE, # 2 Proposed Order [PROPOSED] ORDER GRANTING STIPULATED REQUEST TO EXTEND REBUTTAL EXPERT WITNESS DISCLOSURE DEADLINE)(Edelstein, Laurie) (Filed on 6/23/2017) (Entered: 06/23/2017) |
| 06/26/2017 | 161 | **STIPULATION AND ORDER RE 160 TO EXTEND REBUTTAL EXPERT WITNESS DISCLOSURE DEADLINE. Signed by Judge Richard Seeborg on 6/26/17. (cl, COURT STAFF) (Filed on 6/26/2017) (Entered: 06/26/2017)** |
| 07/05/2017 | 162 | NOTICE of Change of Firm Address by Laurie Edelstein (Edelstein, Laurie) (Filed on 7/5/2017) Modified on 7/7/2017 (gbaS, COURT STAFF). (Entered: 07/05/2017) |
| 07/14/2017 | 163 | Joint Discovery Letter Brief *Regarding Dispute Concerning Production of UET Employees for Depositions in San Francisco* filed by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Edelstein, Laurie) (Filed on 7/14/2017) (Entered: 07/14/2017) |
| 07/21/2017 | 164 | **ORDER by Magistrate Judge Sallie Kim Re 163 Discovery Letter Brief on Deposition Location. (mklS, COURT STAFF) (Filed on 7/21/2017) (Entered: 07/21/2017)** |
| 07/25/2017 | 165 | MOTION for leave to appear in Pro Hac Vice *Filed by Michael Dockterman* ( Filing fee $ 310, receipt number 0971-11574476.) filed by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Attachments: # 1 Certificate of Good Standing)(Dockterman, Michael) (Filed on 7/25/2017) (Entered: 07/25/2017) |
| 07/25/2017 | 166 | |

| | | |
|---|---|---|
| | | **ORDER by Judge Richard Seeborg granting 165 Motion for Pro Hac Vice as to Michael Dockterman. (cl, COURT STAFF) (Filed on 7/25/2017) (Entered: 07/25/2017)** |
| 08/09/2017 | 167 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-11615364.) filed by United Energy Trading, LLC. (Garfield, Garrett) (Filed on 8/9/2017) (Entered: 08/09/2017) |
| 08/09/2017 | 168 | **ORDER by Judge Richard Seeborg granting 167 Motion for Pro Hac Vice as to Garrett S. Garfield. (cl, COURT STAFF) (Filed on 8/9/2017) (Entered: 08/09/2017)** |
| 08/10/2017 | 169 | NOTICE of Appearance by Garrett S. Garfield (Garfield, Garrett) (Filed on 8/10/2017) (Entered: 08/10/2017) |
| 08/18/2017 | 170 | STIPULATION WITH PROPOSED ORDER to Extend Deadline to Supplement Expert Report filed by United Energy Trading, LLC. (Attachments: # 1 Proposed Order)(Capritta, Leah) (Filed on 8/18/2017) Modified on 8/18/2017 (gbaS, COURT STAFF). (Entered: 08/18/2017) |
| 08/18/2017 | 171 | Declaration of Leah Capritta in Support of 170 STIPULATION WITH PROPOSED ORDER to Extend Deadline to Supplement Expert Report filed by United Energy Trading, LLC. (Related document(s) 170 ) (Capritta, Leah) (Filed on 8/18/2017) Modified on 8/18/2017 (gbaS, COURT STAFF). (Entered: 08/18/2017) |
| 08/24/2017 | 172 | **STIPULATION AND ORDER GRANTING 170 REQUEST TO EXTEND DEADLINE TO SUPPLEMENT EXPERT REPORT. Signed by Judge Richard Seeborg on 8/24/17. (cl, COURT STAFF) (Filed on 8/24/2017) (Entered: 08/24/2017)** |
| 09/21/2017 | 173 | Joint MOTION for Extension of Time to Complete Discovery *Depositions*, Joint MOTION for Extension of Time to File *Dispositve Motions* filed by United Energy Trading, LLC. (Attachments: # 1 Declaration, # 2 Proposed Order)(Leland, Thomas) (Filed on 9/21/2017) (Entered: 09/21/2017) |
| 09/22/2017 | 174 | **ORDER by Judge Richard Seeborg granting 173 Motion for Extension of Time to Complete Discovery; granting 173 Motion for Extension of Time to File. (cl, COURT STAFF) (Filed on 9/22/2017) (Entered: 09/22/2017)** |
| 09/22/2017 | 175 | Joint Discovery Letter Brief filed by United Energy Trading, LLC. (Attachments: # 1 Exhibit 1)(Capritta, Leah) (Filed on 9/22/2017) (Entered: 09/22/2017) |
| 09/25/2017 | 176 | Joint Discovery Letter Brief*Regarding Treatment of Documents Used at Deposition of Ken Bohn* filed by United Energy Trading, LLC. (Attachments: # 1 Exhibit)(Capritta, Leah) (Filed on 9/25/2017) (Entered: 09/25/2017) |
| 09/27/2017 | 177 | **ORDER SETTING HEARING REGARDING DISCOVERY DISPUTES. Motion Hearing as to 175 Joint Discovery Letter Brief and 176 Joint Discovery Letter Brief *Regarding Treatment of Documents Used at Deposition of Ken Bohn* set for 10/2/2017 10:00 AM in Courtroom A, 15th Floor, San Francisco before Magistrate Judge Sallie Kim. Signed by** |

| | | |
|---|---|---|
| | | Magistrate Judge Sallie Kim on 9/27/2017. (mklS, COURT STAFF) (Filed on 9/27/2017) (Entered: 09/27/2017) |
| 10/02/2017 | 178 | **Minute Entry for proceedings held before Magistrate Judge Sallie Kim: Motion Hearing held on 10/2/2017 re 175 Joint Discovery Letter Brief filed by United Energy Trading, LLC and 176 Joint Discovery Letter Brief _Regarding Treatment of Documents Used at Deposition of Ken Bohn_ filed by United Energy Trading, LLC. The Court will issue a written order. (FTR Time: 10:04-10:34.)** <br><br> **Attorney for Plaintiff: Leah Capritta.** <br> **Attorney for Defendants: Laurie Edelstein; Nicholas Begakis; Seth Sias.** <br><br> **_(This is a text-only entry generated by the court. There is no document associated with this entry.)_ (mklS, COURT STAFF) (Date Filed: 10/2/2017) (Entered: 10/02/2017)** |
| 10/02/2017 | 179 | **ORDER REGARDING DISCOVERY LETTER BRIEFS FILED ON SEPTEMBER 22 AND 25, 2017 by Magistrate Judge Sallie Kim. (mklS, COURT STAFF) (Filed on 10/2/2017) (Entered: 10/02/2017)** |
| 10/09/2017 | 180 | Statement re 179 Order on Discovery Letter Brief, _Defendants' Proposed Schedule for CTA Audit Papers_ by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Edelstein, Laurie) (Filed on 10/9/2017) (Entered: 10/09/2017) |
| 10/10/2017 | 181 | RESPONSE to re 180 Statement _Defendants' Proposed Schedule for CTA Audit Papers_ by United Energy Trading, LLC. (Capritta, Leah) (Filed on 10/10/2017) (Entered: 10/10/2017) |
| 10/11/2017 | 182 | **ORDER SETTING DEADLINE FOR PRIVILEGE LOG. Signed by Magistrate Judge Sallie Kim on 10/11/2017. (mklS, COURT STAFF) (Filed on 10/11/2017) (Entered: 10/11/2017)** |
| 10/19/2017 | 183 | Discovery Letter Brief_Joint Request for Extension of Time to File Discovery Letter Regarding Rule 30(b)(6) Deposition_ filed by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Edelstein, Laurie) (Filed on 10/19/2017) (Entered: 10/19/2017) |
| 10/19/2017 | 184 | **ORDER by Magistrate Judge Sallie Kim granting 183 Stipulation Regarding Extension of Time to File Discovery Letter Brief. (mklS, COURT STAFF) (Filed on 10/19/2017) (Entered: 10/19/2017)** |
| 10/27/2017 | 185 | Letter from Joint Discovery Letter . (Attachments: # 1 Exhibit 1)(Capritta, Leah) (Filed on 10/27/2017) (Entered: 10/27/2017) |
| 11/01/2017 | 186 | **\*DOCUMENT FILED IN WRONG CASE. Please ignore. Refer to docket no. 187 .\*** <br> **ORDER REGARDING DEPOSITION NOTICE (docket no. 185 ). Signed by Magistrate Judge Sallie Kim on 11/1/2017. (mklS, COURT STAFF) (Filed on 11/1/2017) Modified on 11/1/2017 (mklS, COURT STAFF). Modified on 11/1/2017 (mklS, COURT STAFF). (Entered: 11/01/2017)** |
| | | |

| | | |
|---|---|---|
| 11/01/2017 | 187 | **ORDER REGARDING DEPOSITION NOTICE (docket no. 185 ). Signed by Magistrate Judge Sallie Kim on 11/1/2017. (mklS, COURT STAFF) (Filed on 11/1/2017) (Entered: 11/01/2017)** |
| 11/03/2017 | 188 | MOTION to Dismiss filed by United Energy Trading, LLC. Motion Hearing set for 12/7/2017 01:30 PM in Courtroom 3, 17th Floor, San Francisco before Judge Richard Seeborg. Responses due by 11/17/2017. Replies due by 11/24/2017. (Attachments: # 1 Proposed Order)(Capritta, Leah) (Filed on 11/3/2017) (Entered: 11/03/2017) |
| 11/03/2017 | 189 | Declaration of Leah E. Capritta in Support of 188 MOTION to Dismiss filed byUnited Energy Trading, LLC. (Related document(s) 188 ) (Capritta, Leah) (Filed on 11/3/2017) (Entered: 11/03/2017) |
| 11/03/2017 | 190 | MOTION for Partial Summary Judgment filed by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. Motion Hearing set for 12/8/2017 01:30 PM in Courtroom 3, 17th Floor, San Francisco before Judge Richard Seeborg. Responses due by 11/17/2017. Replies due by 11/24/2017. (Attachments: # 1 Proposed Order Granting Defendants' Motion for Partial Summary Judgment)(Edelstein, Laurie) (Filed on 11/3/2017) (Entered: 11/03/2017) |
| 11/03/2017 | 191 | Request for Judicial Notice re 190 MOTION for Partial Summary Judgment filed byBill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27)(Related document(s) 190 ) (Edelstein, Laurie) (Filed on 11/3/2017) (Entered: 11/03/2017) |
| 11/03/2017 | 192 | Declaration of Seth R. Sias in Support of 190 MOTION for Partial Summary Judgment , 191 Request for Judicial Notice,,, filed byBill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23)(Related document(s) 190 , 191 ) (Edelstein, Laurie) (Filed on 11/3/2017) (Entered: 11/03/2017) |
| 11/03/2017 | 193 | Administrative Motion to File Under Seal *Exhibits to the Declaration of Seth R. Sias in Support of Defendants' Motion for Partial Summary Judgment* filed by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Attachments: # 1 Declaration of Laurie Edelstein in Support of Defendants' Administrative Motion to File Under Seal Exhibits to the Declaration of Seth R. Sias in Support of Defendants' Motion for Partial Summary Judgment, # 2 Exhibit Unredacted Version of Exhibits, # 3 Proposed Order Granting Defendants' Administrative Motion to File Under Seal Exhibits to the Declaration of Seth R. Sias in Support of Defendants' Motion for Partial |

| | | |
|---|---|---|
| | | Summary Judgment)(Edelstein, Laurie) (Filed on 11/3/2017) (Entered: 11/03/2017) |
| 11/03/2017 | 194 | MOTION for Partial Summary Judgment filed by United Energy Trading, LLC. Motion Hearing set for 12/7/2017 01:30 PM in Courtroom 3, 17th Floor, San Francisco before Judge Richard Seeborg. Responses due by 11/17/2017. Replies due by 11/24/2017. (Attachments: # 1 Proposed Order, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit F1, # 9 Exhibit F2, # 10 Exhibit F3, # 11 Exhibit F4, # 12 Exhibit G, # 13 Exhibit G1, # 14 Exhibit H, # 15 Exhibit I, # 16 Exhibit J, # 17 Exhibit J1, # 18 Exhibit K, # 19 Exhibit K1, # 20 Exhibit L, # 21 Exhibit M, # 22 Errata N, # 23 Exhibit N1, # 24 Exhibit O, # 25 Exhibit P, # 26 Exhibit Q, # 27 Exhibit Q1, # 28 Exhibit Q2, # 29 Exhibit R)(Capritta, Leah) (Filed on 11/3/2017) (Entered: 11/03/2017) |
| 11/03/2017 | 195 | Request for Judicial Notice re 194 MOTION for Partial Summary Judgment filed byUnited Energy Trading, LLC. (Related document(s) 194 ) (Capritta, Leah) (Filed on 11/3/2017) (Entered: 11/03/2017) |
| 11/03/2017 | 196 | Declaration of Leah E. Capritta in Support of 194 MOTION for Partial Summary Judgment filed byUnited Energy Trading, LLC. (Related document (s) 194 ) (Capritta, Leah) (Filed on 11/3/2017) (Entered: 11/03/2017) |
| 11/03/2017 | 197 | Administrative Motion to File Under Seal filed by United Energy Trading, LLC. (Attachments: # 1 Proposed Order)(Capritta, Leah) (Filed on 11/3/2017) (Entered: 11/03/2017) |
| 11/03/2017 | 198 | EXHIBITS re 197 Administrative Motion to File Under Seal filed byUnited Energy Trading, LLC. (Attachments: # 1 Exhibit J2, # 2 Exhibit K2, # 3 Exhibit R1, # 4 Exhibit D1, # 5 Exhibit N2, # 6 Exhibit N3)(Related document (s) 197 ) (Capritta, Leah) (Filed on 11/3/2017) (Entered: 11/03/2017) |
| 11/06/2017 | 199 | CLERK'S NOTICE Continuing Motions Hearing as to 188 MOTION to Dismiss , 194 MOTION for Partial Summary Judgment . Motion Hearing previously set for 12/7/2017 continued to 12/8/2017 at 01:30 PM in Courtroom 3, 17th Floor, San Francisco before Judge Richard Seeborg. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (cl, COURT STAFF) (Filed on 11/6/2017) (Entered: 11/06/2017) |
| 11/07/2017 | 200 | Declaration of Seth R. Sias in Support of 197 Administrative Motion to File Under Seal filed byBill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Attachments: # 1 Exhibit D1, # 2 Exhibit N3)(Related document(s) 197 ) (Edelstein, Laurie) (Filed on 11/7/2017) (Entered: 11/07/2017) |
| 11/09/2017 | 201 | STIPULATION WITH [PROPOSED] ORDER re Stipulated Request to Extend Deadline to File Reply Briefs re 190 MOTION for Partial Summary Judgment, re 194 MOTION for Partial Summary Judgment filed by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Attachments: # 1 Declaration of Seth R. Sias in Support of Stipulated Request to Extend Deadline to File Reply Briefs in Support of Motions for Partial Summary Judgment, # 2 Proposed Order Granting Stipulated Request to Extend Deadline |

| | | to File Reply Briefs in Support of Motions for Partial Summary Judgment) (Edelstein, Laurie) (Filed on 11/9/2017) (Entered: 11/09/2017) |
|---|---|---|
| 11/17/2017 | 202 | NOTICE of Voluntary Dismissal *with Prejudice of all Claims Against Defendant Tanisha Robinson* by United Energy Trading, LLC (Capritta, Leah) (Filed on 11/17/2017) (Entered: 11/17/2017) |
| 11/17/2017 | 203 | **STIPULATION AND ORDER RE 201 request to extend deadline to file reply briefs in support of motions for partial summary judgment. Signed by Judge Richard Seeborg on 11/17/17. (cl, COURT STAFF) (Filed on 11/17/2017) (Entered: 11/17/2017)** |
| 11/17/2017 | 204 | OPPOSITION/RESPONSE (re 194 MOTION for Partial Summary Judgment ) filed byBill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Edelstein, Laurie) (Filed on 11/17/2017) (Entered: 11/17/2017) |
| 11/17/2017 | 205 | Request for Judicial Notice re 204 Opposition/Response to Motion *for Partial Summary Judgment* filed byBill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35)(Related document(s) 204 ) (Edelstein, Laurie) (Filed on 11/17/2017) (Entered: 11/17/2017) |
| 11/17/2017 | 206 | Declaration of Laurie Edelstein *in Support of Defendants' Opposition to United Energy Trading, LLC's Motion for Partial Summary Judgment* filed byBill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40)(Edelstein, Laurie) (Filed on 11/17/2017) (Entered: 11/17/2017) |
| 11/17/2017 | 207 | Administrative Motion to File Under Seal *Exhibits to the Declaration of Laurie Edelstein in Support of Defendants' Opposition to United Energy Trading, LLC's Motion for Partial Summary Judgment* filed by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Attachments: # 1 Proposed Order, # 2 Declaration, # 3 Exhibit Unredacted Version of Exhibits)(Edelstein, Laurie) (Filed on 11/17/2017) (Entered: 11/17/2017) |
| 11/17/2017 | 208 | Administrative Motion to File Under Seal filed by United Energy Trading, LLC. (Attachments: # 1 Proposed Order, # 2 Declaration, # 3 Exhibit C7, # 4 |

| | | Exhibit G1, # 5 Exhibit H3, # 6 Exhibit N4)(Capritta, Leah) (Filed on 11/17/2017) (Entered: 11/17/2017) |
|---|---|---|
| 11/17/2017 | 209 | OPPOSITION/RESPONSE (re 190 MOTION for Partial Summary Judgment ) filed byUnited Energy Trading, LLC. (Attachments: # 1 Declaration, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit C1, # 6 Exhibit C2, # 7 Exhibit C3, # 8 Exhibit C4, # 9 Exhibit C5, # 10 Exhibit C6, # 11 Exhibit D, # 12 Exhibit D1, # 13 Exhibit E, # 14 Exhibit E1, # 15 Exhibit F, # 16 Exhibit G, # 17 Exhibit H, # 18 Exhibit H1, # 19 Exhibit H2, # 20 Exhibit I, # 21 Exhibit I1, # 22 Exhibit I2, # 23 Exhibit J, # 24 Exhibit K, # 25 Exhibit L, # 26 Exhibit L1, # 27 Exhibit L2, # 28 Exhibit L3, # 29 Exhibit L4, # 30 Exhibit N, # 31 Exhibit N1, # 32 Exhibit N2, # 33 Exhibit N3, # 34 Exhibit O, # 35 Exhibit O1, # 36 Exhibit P, # 37 Exhibit Q, # 38 Exhibit R, # 39 Exhibit S, # 40 Proposed Order)(Capritta, Leah) (Filed on 11/17/2017) (Entered: 11/17/2017) |
| 11/17/2017 | 210 | Request for Judicial Notice re 209 Opposition/Response to Motion,,, *and Motion for Partial Summary Judgment* filed byUnited Energy Trading, LLC. (Related document(s) 209 ) (Capritta, Leah) (Filed on 11/17/2017) (Entered: 11/17/2017) |
| 11/21/2017 | 211 | Declaration of Seth R. Sias in Support of 208 Administrative Motion to File Under Seal filed byBill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Attachments: # 1 Exhibit C7, # 2 Exhibit G1)(Related document(s) 208 ) (Edelstein, Laurie) (Filed on 11/21/2017) (Entered: 11/21/2017) |
| 11/27/2017 | 212 | CLERK'S NOTICE SCHEDULING A STATUS CONFERENCE HEARING. Status Conference set for 11/28/2017 at 10:00 AM to held telephonic before Judge Richard Seeborg. All parties shall appear telephonically and must contact Court Conference at 866/582-6878 as soon as possible. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (cl, COURT STAFF) (Filed on 11/27/2017) (Entered: 11/27/2017) |
| 11/28/2017 | 213 | **Minute Entry for proceedings held before Judge Richard Seeborg: In Chambers Conference held telephonically on 11/28/2017. Trial and Pretrial dates and associated deadlines are vacated. Motion Hearing previously set for 12/8/2017 continued to 1/18/2018 at 01:30 PM in Courtroom 3, 17th Floor, San Francisco before Judge Richard Seeborg. Total Time in Court: 10 minutes. Court Reporter: Not reported or recorded.** **Plaintiff Attorney: Leah Capritta.** **Defendant Attorney: Nicholas J. Begakis, Michael Dockterman, Laurie Edelstein.** ***(This is a text-only entry generated by the court. There is no document associated with this entry.)* (cl, COURT STAFF) (Date Filed: 11/28/2017) Modified on 11/28/2017 (cl, COURT STAFF). (Entered: 11/28/2017)** |
| 11/28/2017 | 214 | REPLY (re 194 MOTION for Partial Summary Judgment ) filed byUnited Energy Trading, LLC. (Attachments: # 1 Declaration, # 2 Exhibit S, # 3 Exhibit T)(Capritta, Leah) (Filed on 11/28/2017) (Entered: 11/28/2017) |

| 11/28/2017 | 215 | Request for Judicial Notice re 214 Reply to Opposition/Response *In Support of Motion for Partial Summary Judgment* filed byUnited Energy Trading, LLC. (Attachments: # 1 Exhibit A)(Related document(s) 214 ) (Capritta, Leah) (Filed on 11/28/2017) (Entered: 11/28/2017) |
|---|---|---|
| 11/28/2017 | 216 | REPLY (re 190 MOTION for Partial Summary Judgment ) filed byBill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Edelstein, Laurie) (Filed on 11/28/2017) (Entered: 11/28/2017) |
| 11/28/2017 | 217 | Declaration of Seth R. Sias in Support of 190 MOTION for Partial Summary Judgment , 216 Reply to Opposition/Response filed byBill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12)(Related document(s) 190 , 216 ) (Edelstein, Laurie) (Filed on 11/28/2017) (Entered: 11/28/2017) |
| 11/28/2017 | 218 | Request for Judicial Notice re 216 Reply to Opposition/Response, 190 MOTION for Partial Summary Judgment filed byBill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Related document(s) 216 , 190 ) (Edelstein, Laurie) (Filed on 11/28/2017) (Entered: 11/28/2017) |
| 11/28/2017 | 219 | Administrative Motion to File Under Seal *Exhibits to the Supplemental Declaration of Seth R. Sias in Support of Defendants' Reply Brief in Support of Motion for Partial Summary Judgment* filed by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Attachments: # 1 Declaration Declaration of Seth R. Sias in Support of Defendants' Administrative Motion for Leave to File Under Seal Exhibits to the Supplemental Declaration of Seth R. Sias in Support of Defendants' Reply Brief in Support of Motion for Partial Summary Judgment, # 2 Exhibit A, # 3 Proposed Order [Proposed] Order Granting Defendants' Administrative Motion to File Under Seal Exhibits to the Supplemental Declaration of Seth R. Sias in Support of Defendants' Reply Brief in Support of Motion for Partial Summary Judgment)(Edelstein, Laurie) (Filed on 11/28/2017) (Entered: 11/28/2017) |
| 12/05/2017 | 220 | OBJECTIONS to re 214 Reply to Opposition/Response *Defendants' Objection to Reply Evidence* by Bill Chen, Pacific Gas & Evidence Co., Albert Torres. (Edelstein, Laurie) (Filed on 12/5/2017) (Entered: 12/05/2017) |
| 01/18/2018 | 221 | **Minute Entry for proceedings held before Judge Richard Seeborg: Motion Hearing held on 1/18/2018 re 190 MOTION for Partial Summary Judgment, 194 MOTION for Partial Summary Judgment. Matters taken under submission; Court to issue an order. Total Time in Court: 1 hour 15 minutes. Court Reporter: Kathy Wyatt.** **Plaintiff Attorney: Leah Capritta, Thomas Leland.** **Defendant Attorney: Laurie Edelstein, Seth Sias.** *(This is a text-only entry generated by the court. There is no document* |

| | | |
|---|---|---|
| | | *associated with this entry.)* (cl, COURT STAFF) (Date Filed: 1/18/2018) **(Entered: 01/18/2018)** |
| 01/22/2018 | [222](#) | **ORDER by Judge Richard Seeborg granting in part and denying in part [190](#) Motion for Partial Summary Judgment; denying [194](#) Motion for Partial Summary Judgment. (cl, COURT STAFF) (Filed on 1/22/2018) (Entered: 01/22/2018)** |
| 01/22/2018 | 223 | CLERK'S NOTICE SCHEDULING FURTHER CASE MANAGEMENT CONFERENCE. Further Case Management Conference set for 3/15/2018 10:00 AM in San Francisco, Courtroom 03, 17th Floor. Case Management Statement due by 3/8/2018. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rslc2, COURT STAFF) (Filed on 1/22/2018) (Entered: 01/22/2018) |
| 01/22/2018 | [222](#) | **ORDER Granting Motion to File Under Seal, Motions terminated: [207](#) Administrative Motion to File Under Seal *Exhibits to the Declaration of Laurie Edelstein in Support of Defendants' Opposition to United Energy Trading, LLC's Motion for Partial Summary Judgment* filed by Tanisha Robinson, Pacific Gas & Electric Co., Albert Torres, Bill Chen, [193](#) Administrative Motion to File Under Seal *Exhibits to the Declaration of Seth R. Sias in Support of Defendants' Motion for Partial Summary Judgment* filed by Tanisha Robinson, Pacific Gas & Electric Co., Albert Torres, Bill Chen, [197](#) Administrative Motion to File Under Seal filed by United Energy Trading, LLC, [208](#) Administrative Motion to File Under Seal filed by United Energy Trading, LLC, [219](#) Administrative Motion to File Under Seal *Exhibits to the Supplemental Declaration of Seth R. Sias in Support of Defendants' Reply Brief in Support of Motion for Partial Summary Judgment* filed by Tanisha Robinson, Pacific Gas & Electric Co., Albert Torres, Bill Chen. Signed by Judge Richard Seeborg on 1/22/18. (cl, COURT STAFF) (Filed on 1/22/2018) (Entered: 01/22/2018)** |
| 01/29/2018 | [224](#) | MOTION to Withdraw as Attorney *for Defendants* filed by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. Responses due by 2/12/2018. Replies due by 2/20/2018. (Barba, Arnold) (Filed on 1/29/2018) (Entered: 01/29/2018) |
| 01/29/2018 | [225](#) | Proposed Order re [224](#) MOTION to Withdraw as Attorney *for Defendants* by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Barba, Arnold) (Filed on 1/29/2018) (Entered: 01/29/2018) |
| 01/29/2018 | [226](#) | Proposed Order re [224](#) MOTION to Withdraw as Attorney *for Defendants (Corrected Proposed Order)* by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Barba, Arnold) (Filed on 1/29/2018) (Entered: 01/29/2018) |
| 01/29/2018 | [227](#) | **ORDER by Judge Richard Seeborg granting [224](#) Motion to Withdraw as Attorney.. (cl, COURT STAFF) (Filed on 1/29/2018) (Entered: 01/29/2018)** |
| 01/29/2018 | [228](#) | TRANSCRIPT ORDER for proceedings held on 01/18/2018 before Judge Richard Seeborg by Pacific Gas & Electric Co., for Court Reporter Katherine Wyatt. (Edelstein, Laurie) (Filed on 1/29/2018) (Entered: 01/29/2018) |

| 01/30/2018 | 229 | TRANSCRIPT ORDER for proceedings held on 01/18/2018 before Judge Richard Seeborg by United Energy Trading, LLC, for Court Reporter Katherine Wyatt. (Capritta, Leah) (Filed on 1/30/2018) (Entered: 01/30/2018) |
|---|---|---|
| 02/08/2018 | 230 | Transcript of Proceedings held on 1-18-18, before Judge Richard Seeborg. Court Reporter/Transcriber Kathy Wyatt, telephone number 925-212-5224. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 5/9/2018. (kpw, COURT STAFF) (Filed on 2/8/2018) (Entered: 02/08/2018) |
| 03/01/2018 | 231 | NOTICE by Bill Chen, Albert Torres *Request for Entry of Judgment* (Edelstein, Laurie) (Filed on 3/1/2018) (Entered: 03/01/2018) |
| 03/01/2018 | 232 | NOTICE by Bill Chen, Albert Torres *[Proposed] Judgment in Favor of Defendants Albert Torres and William Chen and Against United Energy Trading, LLC* (Edelstein, Laurie) (Filed on 3/1/2018) (Entered: 03/01/2018) |
| 03/01/2018 | 233 | Administrative Motion to File Under Seal *PG&E's Motion to Exclude Opinions of Plaintiff UET's Expert Dr. Jesse David and Exhibits to the Supporting Declaration of Seth R. Sias* filed by Pacific Gas & Electric Co.. (Attachments: # 1 Declaration Declaration of Seth R. Sias in Support of Defendants' Administrative Motion for Leave to File Under Seal Exhibits to the Supplemental Declaration of Seth R. Sias in Support of Defendants' Reply Brief in Support of Motion for Partial Summary Judgment, # 2 Proposed Order Proposed Order Granting PG&E's Administrative Motion for Leave to File Under Seal PG&E's Motion to Exclude Opinions of UET's Expert Dr. Jesse David and Exhibits to the Supporting Declaration of Seth R. Sias, # 3 Exhibit Unredacted Version of Exhibit A, # 4 Exhibit Unredacted Version of Exhibit B)(Edelstein, Laurie) (Filed on 3/1/2018) (Entered: 03/01/2018) |
| 03/01/2018 | 234 | MOTION Exclude Opinions of Plaintiff United Energy Trading, LLC's Expert Dr. Jesse David filed by Pacific Gas & Electric Co.. Motion Hearing set for 4/5/2018 01:30 PM in San Francisco, Courtroom 03, 17th Floor before Judge Richard Seeborg. Responses due by 3/15/2018. Replies due by 3/22/2018. (Attachments: # 1 Proposed Order Granting Defendant Pacific Gas and Electric Company's Motion to Exclude Opinions of Plaintiff United Energy Trading, LLC's Expert Dr. Jesse David, # 2 Declaration of Seth R. Sias in Support of Defendant Pacific Gas and Electric Company's Motion to Exclude Opinions of Plaintiff United Energy Trading, LLC's Expert Dr. Jesse David, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Exhibit 16) (Edelstein, Laurie) (Filed on 3/1/2018) (Entered: 03/01/2018) |
| 03/02/2018 | 235 | **JUDGMENT IN FAVOR OF DEFENDANTS ALBERT TORRES AND WILLIAM CHEN AND AGAINST UNITED ENERGY TRADING, LLC. Signed by Judge Richard Seeborg on 3/2/18. (cl, COURT STAFF) (Filed on 3/2/2018) (Entered: 03/02/2018)** |

| 03/02/2018 | 236 | CLERK'S NOTICE Continuing Motion Hearing as to 234 MOTION Exclude Opinions of Plaintiff United Energy Trading, LLC's Expert Dr. Jesse David . Motion Hearing previously set for 4/5/2018 continued to 4/26/2018 at 01:30 PM in San Francisco, Courtroom 03, 17th Floor before Judge Richard Seeborg. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (cl, COURT STAFF) (Filed on 3/2/2018) (Entered: 03/02/2018) |
| --- | --- | --- |
| 03/08/2018 | 237 | MOTION to Appear by Telephone *PLAINTIFFS UNOPPOSED REQUEST TO APPEAR BY TELEPHONE AT FURTHER CASE MANAGEMENT CONFERENCE* filed by United Energy Trading, LLC. (Attachments: # 1 Proposed Order)(Capritta, Leah) (Filed on 3/8/2018) (Entered: 03/08/2018) |
| 03/08/2018 | 238 | CASE MANAGEMENT STATEMENT filed by Pacific Gas & Electric Co.. (Edelstein, Laurie) (Filed on 3/8/2018) (Entered: 03/08/2018) |
| 03/09/2018 | 239 | CLERK'S NOTICE. The Case Management Conference set for 3/15/2018 will be held at 11:00 AM. All parties shall appear telephonically and must contact Court Call at (866) 582-6878 as soon as possible to arrange their participation. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rslc2S, COURT STAFF) (Filed on 3/9/2018) (Entered: 03/09/2018) |
| 03/12/2018 | 240 | STIPULATION WITH PROPOSED ORDER re 234 MOTION Exclude Opinions of Plaintiff United Energy Trading, LLC's Expert Dr. Jesse David filed by Pacific Gas & Electric Co.. (Attachments: # 1 Proposed Order Granting Stipulation Setting Briefing Schedule and Requesting New Hearing Date for Pacific Gas and Electric Company's Daubert Motion, # 2 Declaration of Seth R. Sias in Support of Stipulation Setting Briefing Schedule and Requesting New Hearing Date for Pacific Gas and Electric Company's Daubert Motion)(Edelstein, Laurie) (Filed on 3/12/2018) (Entered: 03/12/2018) |
| 03/15/2018 | 241 | **Minute Entry for proceedings held before Judge Richard Seeborg: Further Case Management Conference held telephonically on 3/15/2018.Total Time in Court: 10 minutes. Not Reported or Recorded.** **Plaintiff Attorney: Leah Capritta - Telephonic.** **Defendant Attorney: Laurie Edelstein, Seth Sias - Telephonic.** **(This is a text-only entry generated by the court. There is no document associated with this entry.)** **(cl, COURT STAFF) (Date Filed: 3/15/2018) Modified on 3/15/2018 (cl, COURT STAFF). Modified on 3/15/2018 (cl, COURT STAFF). (Entered: 03/15/2018)** |
| 04/12/2018 | 242 | STIPULATION *Setting Briefing Schedule and Requesting Hearing Date for Daubert Motions* filed by Vista Energy Marketing, LP. (Capritta, Leah) (Filed on 4/12/2018) (Entered: 04/12/2018) |
| 04/13/2018 | 243 | **FURTHER CASE MANAGEMENT SCHEDULING ORDER, ORDER REFERRING CASE to Private ADR. Further Case Management Conference set for 10/25/2018 at 10:00 AM in San Francisco, Courtroom 03, 17th Floor. Jury Selection/Trial set for 3/11/2019 at 09:00 AM in San** |

| | | **Francisco, Courtroom 03, 17th Floor before Judge Richard Seeborg. Daubert Motions Hearing set for 10/5/2018 at 10:00 AM in San Francisco, Courtroom 03, 17th Floor before Judge Richard Seeborg. Pretrial Conference set for 2/27/2019 at 10:00 AM in San Francisco, Courtroom 03, 17th Floor before Judge Richard Seeborg. Signed by Judge Richard Seeborg on 4/13/18. (cl, COURT STAFF) (Filed on 4/13/2018) Modified on 4/13/2018 (cl, COURT STAFF). (Entered: 04/13/2018)** |
|---|---|---|
| 04/13/2018 | 244 | CLERK'S NOTICE Continuing Motion Hearing as to 234 MOTION Exclude Opinions of Plaintiff United Energy Trading, LLC's Expert Dr. Jesse David . Motion Hearing previously set for 4/26/2018 continued to 10/5/2018 at 01:30 PM in San Francisco, Courtroom 03, 17th Floor before Judge Richard Seeborg. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (cl, COURT STAFF) (Filed on 4/13/2018) (Entered: 04/13/2018) |
| 04/13/2018 | 245 | CLERK'S NOTICE RESETTING THE TIME ON MOTION HEARING as to 234 MOTION Exclude Opinions of Plaintiff United Energy Trading, LLC's Expert Dr. Jesse David . Motion Hearing set for 10/5/2018 at 10:00 AM in San Francisco, Courtroom 03, 17th Floor before Judge Richard Seeborg. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (cl, COURT STAFF) (Filed on 4/13/2018) (Entered: 04/13/2018) |
| 04/19/2018 | 246 | Administrative Motion to File Under Seal filed by United Energy Trading, LLC. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Redacted Version of Opposition, # 4 Exhibit A, # 5 Exhibit B, # 6 Exhibit C, # 7 Exhibit D, # 8 Exhibit E, # 9 Exhibit F, # 10 Exhibit G, # 11 Unredacted Version of Opposition, # 12 Exhibit A, # 13 Exhibit B, # 14 Exhibit C, # 15 Exhibit D, # 16 Exhibit E, # 17 Exhibit F, # 18 Exhibit G)(Capritta, Leah) (Filed on 4/19/2018) (Entered: 04/19/2018) |
| 04/19/2018 | 247 | OPPOSITION/RESPONSE (re 234 MOTION Exclude Opinions of Plaintiff United Energy Trading, LLC's Expert Dr. Jesse David ) filed byUnited Energy Trading, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Declaration of Leah E. Capritta, # 9 Proposed Order)(Capritta, Leah) (Filed on 4/19/2018) (Entered: 04/19/2018) |
| 05/10/2018 | 248 | REPLY (re 234 MOTION Exclude Opinions of Plaintiff United Energy Trading, LLC's Expert Dr. Jesse David ) filed byPacific Gas & Electric Co.. (Attachments: # 1 Declaration Reply Declaration of Seth R. Sias in Support of Defendant Pacific Gas and Electric Company's Motion to Exclude Opinions of Plaintiff United Energy Trading, LLC's Expert Dr. Jesse David, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Edelstein, Laurie) (Filed on 5/10/2018) (Entered: 05/10/2018) |
| 05/10/2018 | 249 | Administrative Motion to File Under Seal filed by Pacific Gas & Electric Co.. (Attachments: # 1 Declaration Declaration of Seth R. Sias in Support of Defendant's Administrative Motion for Leave to File Under Seal Pacific Gas and Electric Company's Reply in Support of Its Motion to Exclude Opinions of Plaintiff United Energy Trading, LLC's Expert Dr. Jesse David and Exhibits to the Reply Declaration of Seth R. Sias, # 2 Exhibit A, # 3 Exhibit B, # 4 |

| | | |
|---|---|---|
| | | Proposed Order Proposed Order Granting Defendant's Administrative Motion to Leave to File Under Seal Pacific Gas and Electric Company's Reply in Support of Its Motion to Exclude Opinions of Plaintiff United Energy Trading, LLC's Expert Dr. Jesse David and Exhibits to the Reply Declaration of Seth R. Sias)(Edelstein, Laurie) (Filed on 5/10/2018) (Entered: 05/10/2018) |
| 07/02/2018 | 250 | MOTION to Exclude or Limit the Testimony of Experts Daniel Ray and Michael Quinn filed by United Energy Trading, LLC. Motion Hearing set for 10/5/2018 10:00 AM in San Francisco, Courtroom 03, 17th Floor before Judge Richard Seeborg. Responses due by 8/20/2018. Replies due by 9/10/2018. (Attachments: # 1 Declaration, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U, # 23 Exhibit V, # 24 Proposed Order)(Capritta, Leah) (Filed on 7/2/2018) (Entered: 07/02/2018) |
| 07/02/2018 | 251 | Administrative Motion to File Under Seal filed by United Energy Trading, LLC. (Attachments: # 1 Declaration, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit L, # 11 Exhibit M, # 12 Exhibit P, # 13 Exhibit Q, # 14 Exhibit R, # 15 Exhibit S, # 16 Exhibit T, # 17 Exhibit U, # 18 Proposed Order)(Capritta, Leah) (Filed on 7/2/2018) (Entered: 07/02/2018) |
| 07/02/2018 | 252 | NOTICE by United Energy Trading, LLC re 250 MOTION to Exclude or Limit the Testimony of Experts Daniel Ray and Michael Quinn (Capritta, Leah) (Filed on 7/2/2018) (Entered: 07/02/2018) |
| 07/06/2018 | 253 | Declaration of Seth R. Sias in Support of 251 Administrative Motion to File Under Seal filed byPacific Gas & Electric Co.. (Attachments: # 1 Exhibit P) (Related document(s) 251 ) (Sias, Seth) (Filed on 7/6/2018) (Entered: 07/06/2018) |
| 08/20/2018 | 254 | OPPOSITION/RESPONSE (re 250 MOTION to Exclude or Limit the Testimony of Experts Daniel Ray and Michael Quinn ) filed byPacific Gas & Electric Co.. (Attachments: # 1 Declaration of Seth R. Sias in Support of Defendant Pacific Gas and Electric Company's Opposition to United Energy Trading, LLC's Motion Under Fed. R. Evid. 702 to Exclude or Limit the Testimony of Experts Daniel Ray and Michael Quinn, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8)(Edelstein, Laurie) (Filed on 8/20/2018) (Entered: 08/20/2018) |
| 08/20/2018 | 255 | Administrative Motion to File Under Seal filed by Pacific Gas & Electric Co.. (Attachments: # 1 Declaration of Seth R. Sias in Support of Pacific Gas and Electric Company's Administrative Motion to Seal Exhibits to Declaration of Seth R. Sias in Support of PG&E's Opposition to United Energy Trading, LLC's Motion Under Fed. R. Evid. 702 to Exclude or Limit the Testimony of Experts Daniel Ray and Michael Quinn, # 2 Exhibit Unredacted Version of Exhibits, # 3 Proposed Order)(Edelstein, Laurie) (Filed on 8/20/2018) (Entered: 08/20/2018) |
| 09/10/2018 | 256 | |

| | | |
|---|---|---|
| | | REPLY (re 250 MOTION to Exclude or Limit the Testimony of Experts Daniel Ray and Michael Quinn ) filed byUnited Energy Trading, LLC. (Capritta, Leah) (Filed on 9/10/2018) (Entered: 09/10/2018) |
| 10/05/2018 | 257 | **Minute Entry for proceedings held before Judge Richard Seeborg: Motion Hearing held on 10/5/2018. Total Time in Court: 25 minutes. Court Reporter: Debra Pas.**<br><br>**Plaintiff Attorney: Thomas Leland, Leah Capritta, Ken Thomson. Defendant Attorney: Laurie Edelstein, Seth Silas.**<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (clS, COURT STAFF) (Date Filed: 10/5/2018) (Entered: 10/05/2018) |
| 10/16/2018 | 258 | **ORDER by Judge Richard Seeborg denying 234 Motion ; denying 250 Motion to Exclude. (cl, COURT STAFF) (Filed on 10/16/2018) (Entered: 10/16/2018)** |
| 10/18/2018 | 259 | CASE MANAGEMENT STATEMENT filed by Pacific Gas & Electric Co.. (Edelstein, Laurie) (Filed on 10/18/2018) (Entered: 10/18/2018) |
| 10/22/2018 | 260 | MOTION to Appear by Telephone *at Further Case Management Conference* filed by United Energy Trading, LLC. (Attachments: # 1 Proposed Order) (Capritta, Leah) (Filed on 10/22/2018) (Entered: 10/22/2018) |
| 10/22/2018 | 261 | CLERK'S NOTICE The Case Management Conference set for October 25, 2018 will be held at 11:00 AM. All parties shall appear telephonically and must contact Court Call at (866) 582-6878 no later than 12:00 P.M. tomorrow, October 23, 2018, to arrange their participation. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rslc2S, COURT STAFF) (Filed on 10/22/2018) (Entered: 10/22/2018) |
| 10/25/2018 | 262 | **Minute Entry for proceedings held before Judge Richard Seeborg: Further Case Management Conference held telephonically on 10/25/2018. Total Time in Court: 10 minutes. Not Reported or Recorded.**<br><br>**Plaintiff Attorney: Leah Capritta - Telephonic<br>Defendant Attorney: Laurie Edelstein - Telephonic.**<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (cl, COURT STAFF) (Date Filed: 10/25/2018) (Entered: 10/25/2018) |
| 10/25/2018 | 263 | **ORDER REFERRING CASE to Magistrate Judge for Settlement. Signed by Judge Richard Seeborg on 10/25/18. (cl, COURT STAFF) (Filed on 10/25/2018) (Entered: 10/25/2018)** |
| 11/01/2018 | 264 | Proposed Order re 258 Order on Motion for Miscellaneous Relief, *Sealing Documents Filed in Connection with Daubert Motions* by Bill Chen, Pacific Gas & Electric Co., Tanisha Robinson, Albert Torres. (Sias, Seth) (Filed on 11/1/2018) (Entered: 11/01/2018) |

| 11/01/2018 | 265 | Declaration of Seth R. Sias in Support of 264 Proposed Order *Sealing Documents Filed in Connection with Daubert Motions* filed byPacific Gas & Electric Co.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Related document(s) 264 ) (Sias, Seth) (Filed on 11/1/2018) (Entered: 11/01/2018) |
|---|---|---|
| 11/01/2018 | 266 | Declaration of Leah Capritta in Support of 264 Proposed Order filed byUnited Energy Trading, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15)(Related document(s) 264 ) (Capritta, Leah) (Filed on 11/1/2018) (Entered: 11/01/2018) |
| 11/08/2018 | 267 | **NOTICE of Settlement Conference and Settlement Conference Order by Magistrate Judge Elizabeth D. Laporte. A Settlement Conference is set for 11/26/2018 at 9:30 AM in San Francisco, Courtroom E, 15th Floor. (shyS, COURT STAFF) (Filed on 11/8/2018) (Entered: 11/08/2018)** |
| 11/15/2018 | 268 | **ORDER by Judge Richard Seeborg Sealing Documents filed in connection with Daubert Motions granting 233 Administrative Motion to File Under Seal; granting 246 Administrative Motion to File Under Seal; granting 249 Administrative Motion to File Under Seal; granting 251 Administrative Motion to File Under Seal; granting 255 Administrative Motion to File Under Seal. (cl, COURT STAFF) (Filed on 11/15/2018) (Entered: 11/15/2018)** |
| 11/27/2018 | 269 | **Minute Entry for settlement conference held on 11/27/2018 before Magistrate Judge Elizabeth D. Laporte. Case did not settle, however, settlement discussions are ongoing. The parties shall exchange information and meet and confer as agreed at the settlement conference. On or before 12/14/2018, the parties shall update Magistrate Judge Laporte by joint and/or separate letters emailed to edlcrd@cand.uscourts.gov. FTR Time: Not Recorded. Plaintiff Attorney: Leah Capritta. Defendant Attorney: Seth Sias and Laurie Edelstein. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (shyS, COURT STAFF) (Date Filed: 11/27/2018) (Entered: 11/27/2018)** |
| 02/04/2019 | 270 | NOTICE by Pacific Gas & Electric Co. *of Bankruptcy Proceeding* (Edelstein, Laurie) (Filed on 2/4/2019) (Entered: 02/04/2019) |
| 02/05/2019 | 271 | CLERK'S NOTICE VACATING PRETRIAL CONFERENCE ON FEBRUARY 27, 2019 AND JURY TRIAL SET FOR MARCH 11, 2019. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (cl, COURT STAFF) (Filed on 2/5/2019) (Entered: 02/05/2019) |
| 08/19/2019 | 272 | NOTICE of Change of Address by Laurie Edelstein *and Seth R. Sias* (Edelstein, Laurie) (Filed on 8/19/2019) (Entered: 08/19/2019) |
| 10/08/2019 | 273 | NOTICE by Pacific Gas & Electric Co. *of Withdrawal of Seth R. Sias as Counsel* (Edelstein, Laurie) (Filed on 10/8/2019) (Entered: 10/08/2019) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 10/15/2019 11:57:58 | | | |
| PACER Login: | Lorilabash:4671371:4538280 | Client Code: | 888060.00001 |
| Description: | Docket Report | Search Criteria: | 3:15-cv-02383-RS |
| Billable Pages: | 30 | Cost: | 3.00 |