B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>WINDING CREEK SOLAR LLC, FOOTHILL SOLAR LLC, HOLLISTER SOLAR LLC, VINTNER SOLAR LLC, BEAR CREEK SOLAR LLC, and ALLCO RENEWABLE ENERGY LIMITED | **DEFENDANTS**<br>PACIFIC GAS AND ELECTRIC COMPANY |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>FUTTERMAN DUPREE DODD CROLEY MAIER LLP, 601 Montgomery Street, Suite 333, San Francisco, CA 94111, Telephone: (415) 399-3906, CAIRNCROSS & HEMPELMANN, 524 Second Avenue, Suite 500, Seattle, WA 98104-2323, Telephone: 206-254-4444, Thomas Melone, Allco Renewable Energy Ltd., 1740 Broadway, 15th fl., NY, NY 10019, 212-681-1120. | **ATTORNEYS** (If Known)<br>WEIL, GOTSHAL & MANGES LLP, KELLER & BENVENUTTI LLP |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>■ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>■ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

This case concerns the Plaintiffs' right to sell energy and capacity from its solar electric generating facilities to Pacific Gas and Electric Company ("PG&E") pursuant to section 210 of the Public Utility Regulatory Policies Act, Pub. L. No. 95-617, 92 Stat. 3117 ("PURPA"), Cal. Pub. Util. Code section 399.20, and PG&E's filed tariffs. The Plaintiffs offered to sell the energy and capacity for a 20-year term from various solar generating facilities to PG&E using contracts and rates published under PG&E tariffs that were in effect when the offers were made. Those tariffs were implemented by PG&E in order to comply with its independent obligations under its "must-take" obligation imposed by federal and state law under section 210 of PURPA and Cal. Pub. Util. Code section 399.20. When Plaintiffs' made those offers a legally enforceable obligation was formed obligating PG&E to purchase the energy and capacity at those rates and terms. PG&E refused to execute written contracts evidencing its obligation to purchase the energy and capacity from those facilities due to the PG&E tariff's unlawful attempt to cap its "must-take" obligation to purchase.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
■ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et. seq.*
■ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ■ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 613,603,679.00 |

Other Relief Sought
In the alternative, injunctive relief requiring PG&E to enter into the contracts the Plaintiffs were entitled to receive but for the unlawful cap included in PG&E's tariff.

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>PACIFIC GAS AND ELECTRIC COMPANY || BANKRUPTCY CASE NO.<br>19-30089 (19-30088 lead case) ||
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of California || DIVISION OFFICE<br>San Francisco | NAME OF JUDGE<br>Montali |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF<br>n/a | DEFENDANT<br>n/a || ADVERSARY PROCEEDING NO.<br>n/a |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/Thomas Melone ||||
| DATE<br>10/20/2019 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Thomas Melone ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.