WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>***EX PARTE* APPLICATION FOR ORDER PURSUANT TO L.B.R. 9013-1(c) AUTHORIZING OVERSIZE BRIEFING FOR DEBTORS' REPLY IN SUPPORT OF SUBROGATION CLAIMS SETTLEMENT AND RSA MOTION**<br><br>**[Refers to Dkt. Nos. 3992 and 4339]**<br><br>[No hearing requested] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this *Ex Parte* Application (the "**Application**"), pursuant to Rule 9013-1(c) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for an order authorizing the Debtors to file an oversize brief in connection with their reply (the "**Reply**") filed on the date hereof in support of the *Debtors' Motion Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 for Entry of an Order (i) Authorizing the Debtors to Enter into Restructuring Support Agreement with the Consenting Subrogation Claimholders, (ii) Approving the Terms of Settlement with Such Consenting Subrogation Claimholders, including the Allowed Subrogation Claim Amount, and (iii) Granting Related Relief*, dated September 24, 2019 [Docket No. 3992] (the "**RSA Motion**").[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  JURISDICTION**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.  BACKGROUND**

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the RSA Motion or the Reply.

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**").  On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

The RSA Motion seeks entry of an order (i) authorizing the Debtors to enter into and perform under that certain Restructuring Support Agreement, dated as of September 22, 2019 (the "**RSA**"), among the Debtors and the Consenting Creditors (as defined in the RSA) parties thereto, a copy of which is annexed to the RSA Motion as **Exhibit A**, (ii) approving the terms of the Subrogation Claims Settlement (as defined therein), including approval of the Allowed Subrogation Claim Amount (as defined therein) and the payment of certain fees and expenses of the professionals of the Ad Hoc Group of Subrogation Claimants (the "**Ad Hoc Subrogation Group**"), and (iii) granting related relief.  Various parties have filed separate responses to the RSA Motion [Docket Nos. 4220, 4231, 4232, 4236, 4237, 4239, and 4241] (collectively, the "**Objections**").

### III. OVERSIZE BRIEFING FOR THE REPLY IS WARRANTED

Bankruptcy Local Rule 9013-1(c) provides that, "Unless the Court expressly orders otherwise, the initial and response memoranda of points and authorities shall not exceed 25 pages of text, and reply memorandum shall not exceed 15 pages of text."  B.L.R. 9013-1(c).  The Debtors submit that sufficient cause exists for the Court to allow oversize briefing for the Reply.

The relief requested in the RSA Motion is important to the success of the Debtors' reorganization and the administration of these Chapter 11 Cases, and the issues to be considered are complex.  As set forth in the RSA Motion, the Subrogation Claims Settlement has resolved $20 billion of Subrogation Claims for consideration to be paid under the Debtors' Plan in the amount of $11 billion.

As described in the Reply, some of the Objections to the RSA Motion have already been resolved through discussions with certain government entities; however, a number of Objections remain outstanding to which the Debtors will need to respond. The principal remaining Objections to the RSA Motion can be summarized as follows:

1. Approval of the RSA would be inconsistent with the Court's recent order terminating the Debtors' exclusive periods;
2. Approval of the RSA would require the Debtors to pay the holders of Subrogation Claims $11 billion under all circumstances, including if it were determined the Debtors were insolvent;
3. The RSA somehow is violative of the individual wildfire claimants' made-whole rights under California law, and provides for improper releases;
4. The Allowed Subrogation Claim Amount of $11 billion is not a fair compromise and settlement under Bankruptcy Rule 9019; and
5. The RSA constitutes an inappropriate solicitation of votes on a plan in contravention of section 1125 of the Bankruptcy Code.

The Objections total many dozens of pages, and the Reply addresses these arguments in full. The Debtors therefore submit that, given the critical nature of the relief sought in connection with the RSA Motion and the numerous outstanding Objections to which the Debtors must respond, a reply in excess of 15 pages is necessary to fully address the remaining Objections.

Accordingly, the Debtors believe it is appropriate to request authority for the Reply to exceed the 15 pages allowed under Bankruptcy Local Rule 9013-1(c).

IV. NOTICE

Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; (xii) Consenting Creditors as set forth in the RSA; and (xiii) those persons who have formally appeared in

these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE,** the Debtors respectfully request entry of an order authorizing the Debtors to file the Reply to exceed 15 pages, but not to exceed 25 pages (exclusive of any schedules or exhibits thereto and/or any declarations filed in connection therewith), and such other and further relief as the Court may deem just and appropriate.

Dated: October 21, 2019

**WEIL, GOTSHAL & MANGES LLP**
**CRAVATH, SWAINE & MOORE LLP**
**KELLER & BENVENUTTI LLP**

By: /s/ *Stephen Karotkin*
Stephen Karotkin

*Attorneys for Debtors and Debtors in Possession*