**LABATON SUCHAROW LLP**
Thomas A. Dubbs
Louis Gottlieb
Carol C. Villegas
Jeffrey A. Dubbin
140 Broadway
New York, New York 10005

*Lead Counsel to Lead Plaintiff and the Proposed Class*

**MICHELSON LAW GROUP**
Randy Michelson, Esq. (SBN 114095)
220 Montgomery Street, Suite 2100
San Francisco, California 94104

*Bankruptcy Counsel to Lead Plaintiff and the Proposed Class*

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin
Andrew Behlmann
One Lowenstein Drive
Roseland, New Jersey 07068

*Bankruptcy Counsel to Lead Plaintiff and the Proposed Class*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☒ Affects Both Debtors<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company | Case No. 19-30088 (DM) (Lead Case)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**DECLARATION OF TY R. SAGALOW PURSUANT TO 28 U.S.C. § 1746 IN SUPPORT OF SECURITIES LEAD PLAINTIFF'S LIMITED OBJECTION TO FOURTH MONTHLY FEE STATEMENT OF SIMPSON THACHER & BARTLETT LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF JULY 1, 2019 THROUGH JULY 31, 2019 [ECF NO. 4032]** |

I, Ty R. Sagalow, pursuant to 28 U.S.C. § 1746, declare as follows:

## I. Scope of Assignment

1. I was asked by counsel for Public Employees Retirement Association of New Mexico ("Lead Plaintiff"), the court-appointed lead plaintiff in the securities class action captioned as *In re PG&E Corporation Securities Litigation*, Case No. 3:18-cv-03509-RS (N.D. Cal.) (the "Securities Litigation"), on behalf of itself and the proposed class it represents in the Securities Litigation, together with York County on behalf of the County of York Retirement Fund, City of Warren Police and Fire Retirement System, and Mid-Jersey Trucking Industry & Local No. 701 Pension Fund, to opine on directors' and officers' ("D&O") liability insurance coverage in the context of requests for payment by the above-captioned debtors in possession (the "Debtors") of the legal fees and expenses of Simpson Thacher & Bartlett LLP ("Simpson Thacher") on behalf of certain of the Debtors' current and former independent directors who are defendants in the Securities Litigation (the "Independent Director Defendants").

2. In connection with this analysis, I have reviewed (a) the *Fourth Monthly Fee Statement of Simpson Thacher & Bartlett LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period of July 1, 2019 Through July 31, 2019* (the "Fourth Fee Statement") [ECF No. 4032] filed by Simpson Thacher, and (b) Lead Plaintiff's objection to the Fourth Fee Statement (the "Objection"). I have also reviewed two primary D&O policies issued by Associated Electric Gas Insurance Services Ltd. to Debtors that I understand are at issue in this action: (1) policy number DP008417P for the policy period from May 20, 2017 to May 20, 2018 and (2) policy number DP008418P for the policy period from May 20, 2018 to May 20, 2019 (the "D&O Policies").

## II. Qualifications

3. In my more than 35 years of professional experience, I have developed an expertise in D&O insurance.

4. I spent most of my career at AIG Executive Liability (formerly National Union Fire Insurance Company of Pittsburgh, PA), the world's largest carrier of D&O insurance. I held

various positions with AIG, including Chief Operating Officer of AIG eBusiness Risk Solutions, President of AIG Product Development, Chief Underwriting Officer, and General Counsel.

5. As General Counsel, I personally wrote, or led teams that wrote, all of the D&O policies and many of the professional liability policies that AIG produced between 1988 and 2000. As AIG Executive Liability's Chief Underwriting Officer, I was charged with all underwriting interpretations and decisions for AIG D&O policies.

6. Following AIG, I headed up a team that rewrote all D&O policies for Zurich North America.

7. In 2015, I became a founding member of Lemonade Group, its founding Chief Insurance Officer and founding Chief Executive Officer of Lemonade Insurance Company. Lemonade is the first licensed and regulated InsureTech insurance company in the United States. I continue to serve on the Board of Directors of the Lemonade Insurance Company.

8. I am currently Chief Executive Officer of the Innovation Insurance Group LLC, an insurance consulting firm and insurance brokerage firm I founded in 2012.

9. I graduated summa cum laude from Long Island University and cum laude from Georgetown University Law Center, and earned an LLM from New York University School of Law.

**III.  The D&O Policies and Other Materials Reviewed**

10. Based on my review, I understand that the D&O Policies provide, as is typical in most primary D&O insurance policies, (a) "Side A D&O Coverage" to the Independent Director Defendants and other director and officer defendants in the Securities Litigation (together with the Independent Director Defendants, the "Individual Defendants"), for losses that the Debtors do not indemnify; (b) "Side B D&O Coverage" to the Debtors, for losses they incur indemnifying the Individual Defendants; and (c) "Side C D&O Coverage" to the Debtors, for losses they incur on account of securities claims made directly against them.

11. Consistent with industry practice, both D&O Policies contain "Priority of Payments" provisions that provide that the insurer must pay claims under Side A D&O Coverage

first, and can pay Side B D&O Coverage and Side C D&O Coverage "only if and to the extent the payment under [Side A D&O Coverage] does not exhaust the applicable Limit of Liability." The D&O Policies confirm that the priority of Side A D&O Coverage over Side B D&O Coverage and Side C D&O Coverage remains the same in the event the Insured Organization enters into Chapter 11 proceedings: "[i]f Directors or Officers incur Ultimate Net Loss covered under [Side A D&O Coverage], the Insured Organization, including any bankruptcy trustee, debtor-in-possession or any other successor of the Insured Organization, shall have no interest in or claim for any payments under this Policy until all such Ultimate Net Loss is paid in full by the Insurer."

### IV. Purposes of Side A D&O Coverage

12. In my career, I have drafted numerous D&O policies to address the possibility of bankruptcy and to confirm that individual directors and officers will have direct access to the insurance policies in the event that the Company is precluded as a matter of law from providing indemnification to those individuals.

13. One of the industry's most articulated primary purposes of D&O insurance is to protect individual corporate directors and officers against lawsuits and claims arising from their conduct as directors and officers. Based on my more than 35 years of professional experience and the express terms of the D&O Policies (including the Priority of Payments provisions), it appears that the D&O Policies are drafted to ensure that, in the event of bankruptcy, the proceeds of the D&O policies would remain available for the individual directors and officers until all claims under the Side A D&O Coverage are paid in full. This concept would apply to the benefit of the Individual Defendants, including to directly pay defense costs such as those sought by Simpson Thacher from the Debtors in connection with the Securities Litigation, to the extent reasonable and necessary, whether through the Fourth Fee Statement or otherwise.

14. Lead Plaintiff argues in the Objection that the Debtors are, as a matter of law, prohibited for various reasons from indemnifying the Individual Defendants for their defense costs in the Securities Litigation. (Indeed, in my more than 35 years of professional experience, other than pre-packaged bankruptcies, I do not recall ever seeing a chapter 11 debtor provide post-

petition indemnification to individual directors and officers in connection with the defense of securities litigation arising from entirely pre-petition conduct.) Assuming Lead Plaintiff's argument is correct, the Side A D&O Coverage exists to provide and should provide, and the D&O Policies require the insurers to provide, first-dollar coverage for direct payment of such fees to the extent reasonable and necessary.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 21, 2019

_____
Ty R. Sagalow