Debtor 1 **PG&E Corporation**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Northern District of California

Case number 19-30088

## Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

DF Properties, a California Corporation
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

DF Properties, Inc. C/O DNLC
Name

1830 15th Street, 2nd Floor
Number       Street

Sacramento          CA          95811
City                State              ZIP Code

Contact phone 916-443-2051

Contact email rcunningham@dnlc.net

**Where should payments to the creditor be sent? (if different)**

_____
Name

_____
Number       Street

_____
City          State          ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**

$ _Unknown_

SEE ATTACHMENT

**Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

SEE ATTACHMENT

**9. Is all or part of the claim secured?**

☐ No

☐ Yes. The claim is secured by a lien on property.          SEE ATTACHMENT

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                         $ _____

**Amount of the claim that is secured:**       $ _____

**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $ _____

**Annual Interest Rate** (when case was filed) _____ %

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $ _____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☐ No | | |
|---|---|---|---|
| | ☐ Yes. *Check one:* | | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | | |

---

**Part 3:  Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

**If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.**

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   10/21/2019
             MM / DD / YYYY

/s/ J. RUSSELL CUNNINGHAM

Signature

Print the name of the person who is completing and signing this claim:

| Name | J. RUSSELL CUNNINGHAM | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | ATTORNEY AT LAW | | |
| Company | DESMOND, NOLAN, LIVAICH & CUNNINGHAM | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 1830 15TH STREET, 2ND FLOOR | | |
| | Number      Street | | |
| | SACRAMENTO | CA | 95811 |
| | City | State | ZIP Code |
| Contact phone | 916-443-2051 | Email | |

Case: 19-30088    Doc# 4353    Filed: 10/21/19    Entered: 10/21/19 14:07:37    Page 3 of 77

## Attachment 1

DF Properties, a California corporation ("DF") is the fee title owner of real property located in Placer County, California, identified by Assessor's Parcel Numbers 498-010-020, 498010-019, 498-010-015 (formerly 017-151-027 and 017-151-029).

DF's claim is for just compensation pursuant to the Takings clause of the Fifth Amendment to the United States Constitution and Article I, section 19 of the California Constitution, in an amount to be determined in accordance with the provisions thereof, and in conjunction with provisions of the Eminent Domain Law (Title 7 of Part 3 of the California Code of Civil Procedure, CCP 1230.010, et seq.), inclusive of costs and interest, and litigation expenses as may be awarded.

The Debtor filed a Complaint in Eminent Domain on December 31, 2014 (Placer County Case No. SCV 0035649). The operative pleading today is a Second Amended Complaint filed on or about September 13, 2018, seeking certain permanent and temporary rights as described therein. A copy of the Second Amended Complaint is supplied herewith as **Attachment 2**.

The Debtor obtained the right to enter upon and take possession and use of these property rights and to fully possess and use said property rights effective on or about October 2, 2015, pursuant to Court Order entered on August 26, 2015. A copy of the Court Order is supplied herewith as **Attachment 3**.

For purposes of early possession, a court's "determination of the plaintiff's right to take the property by eminent domain is preliminary only." Legislative Committee Comments—Assembly, 1975 Addition, to CCP § 1255.410. "The granting of an order for possession does not prejudice the defendant's right to . . . contest the taking." *Id.* And a final order of condemnation, which would effect a transfer of formal title to the rights sought to be permanently acquired, will be made only upon payment of just compensation, once the right to take has been determined. See CCP § 1268.030. Moreover, absent payment of just compensation, the right of possession is subject to revocation. DF's claim is secured by its retained fee interest and right to recover possession in the event that the Debtor fails to establish to pay just compensation in full.

In addition to just compensation as shall be awarded in the pending action in Placer County, DF has a further claim to compensation pursuant to a Settlement Agreement that resolved the Debtor's right to take, executed and effective on or about February 1, 2016, as well as a Grading Work Agreement and First Amendment to Grading Work Agreement. The Settlement Agreement, without voluminous exhibits, is supplied herewith as **Attachment 4**. The Grading Work

Agreement and First Amendment to Grading Work Agreement are supplied herewith as **Attachments 5** and **6**.[1]

_____

[1] The copies supplied are include only DF's signatures due to PG&E's present inability to locate its signature pages. Counsel for PG&E has confirmed that language contained therein was agreed to, and have suggested the executed documents were misplaced during its counsel's change in law firm affiliation.

Elizabeth Collier (SBN 148537)
Cesar Alegria (SBN 145625)
PG&E Law Dept.

**DIRECT CORRESPONDENCE TO:**
Steven D. Roland (SBN 108097)
E-mail: sroland@bwslaw.com
Randall G. Block (SBN 121330)
E-mail: rblock@bwslaw.com
Nora E.B. Wetzel (SBN 287773)
E-mail: nwetzel@bwslaw.com
Kara L. DiBiasio (SBN 294547)
E-mail: kdibiasio@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
101 Howard Street, Suite 400
San Francisco, CA 94105-6125
Tel: 415.655.8100   Fax: 415.655.8099

Attorneys for Plaintiff
PACIFIC GAS AND ELECTRIC COMPANY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF PLACER

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DF PROPERTIES, a California corporation; GARY SHARP; DOES 1 through 30, inclusive; and ALL PERSONS UNKNOWN CLAIMING AN INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT,<br><br>Defendants. | CASE NO. SCV0035649<br><br>**SECOND AMENDED COMPLAINT IN EMINENT DOMAIN**<br><br>APNs : 498-010-020, 498-010-019, 498-010 -015, formerly 017-151-027 and 017-151-029 (Portion) |

Plaintiff PACIFIC GAS AND ELECTRIC COMPANY ("PG&E") alleges as follows:

1.    PG&E is, and at all times herein mentioned was, a public utility and a corporation duly organized and existing under and by virtue of the laws of the State of California with its principal place of business in the City and County of San Francisco, State of California.

2.    PG&E is informed and believes that DF Properties, a California corporation, is the

- 1 -

SF #4817-4253-3743 v1

**SECOND AMENDED COMPLAINT IN EMINENT DOMAIN**

1   fee title owner of the property at issue herein, located in the County of Placer, State of California,

2   and designated as Assessor Parcel Numbers 498-010-020, 498-010-019, 498-010-015 (formerly

3   017-151-027 and 017-151-029) ("the Property").

4       3.      PG&E is informed and believes Gary Sharp has or claims an interest in the

5   Property.

6       4.      PG&E also names as defendants all persons unknown and claiming an interest in

7   the Property.

8       5.      PG&E does not know the true names and capacities of DOES 1 to 30, inclusive,

9   nor the interests they have or claim to have in the Property. PG&E will ask leave to amend this

10  complaint to show the true names and capacities of said Does where ascertained.

11      6.      PG&E does not name the City of Roseville as a defendant in this action as the City

12  of Roseville has confirmed it is not seeking any compensation from PG&E or the landowners as it

13  relates to this condemnation action and the areas subject to irrevocable offers of dedication to the

14  City. (*See* **Exhibit F** attached hereto.)

15      7.      To meet growing demand for natural gas within the Sacramento Valley region,

16  improve public safety, ensure reliability, and increase automation of its natural gas delivery

17  system, PG&E has completed construction of two major new gas transmission pipelines -- Line

18  406 and Line 407 -- consisting of approximately 44 miles of 30-inch pipeline (the "Project"). The

19  Project also includes the construction of above ground facilities.

20      8.      The Project crosses California's Central Valley in the counties of Yolo, Sutter,

21  Sacramento and Placer, serving some of the highest growth counties in California, with the

22  majority of projected new consumers located in this region.

23      9.      The first phase of the Project, Line 406, consisted of approximately 14 miles of

24  pipeline for which land rights were acquired and construction was completed during 2011.

25      10.     Construction of the Line 407 segment of the Project started in early 2016, and is

26  now finished. Line 407 extends from Line 406 and Line 172A in the town of Yolo, east to Line

27  123 in Roseville. The Line 407 portion of the Project provides major reinforcement to the

28  Sacramento Valley region by establishing an inter-tie from the backbone pipeline system, Line

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW    SF #4817-4253-3743 v1               - 2 -

SECOND AMENDED COMPLAINT IN EMINENT DOMAIN
Case: 19-30088   Doc# 4353   Filed: 10/21/19   Entered: 10/21/19 14:07:37   Page 7 of
77

1   400 and Line 401, into the local gas transmission system (Line 123). As the Sacramento Valley

2   region reaches its capacity limits in 2017, the Project adds critical transmission capacity and

3   allows PG&E reliably to meet customer demands under conditions involving the highest demand

4   for natural gas, including Abnormal Peak Day ("ADP") and Cold Winter Day ("CWD")

5   conditions beginning in the 2017/2018 heating season and continuing thereafter. The new lines

6   also improve public safety, ensure reliability, and increase automation of the natural gas delivery

7   system.

8   11.   PG&E complied with an extensive CEQA permitting process and obtained the

9   authorization necessary for construction of the Project by the Lead Agency overseeing the

10  Project, the California State Lands Commission. The State Lands Commission issued its

11  Amended Final EIR for the Project on November 16, 2009. The approval was issued after years

12  of applications, review, public comment, and public hearings. PG&E acquired all necessary

13  permits and approvals from the agencies listed below for construction of the Project:

14  • California State Lands Commission

15  • National Oceanic and Atmospheric Administration

16  • Army Corps of Engineers

17  • United State Fish and Wildlife Services

18  • California Department of Fish and Game (fully approved and permitted).

19  12.   PG&E seeks to acquire by eminent domain for the Project the following property,

20  property rights and property interests (collectively, "Property Interests") in the Property,

21  excepting therefrom as much of the Property as lies within the boundaries of streets, highways or

22  other public easements subject to an easement or prescriptive right of the public for use for such

23  purposes:

24      (a) To excavate for, install, replace (of the initial or any other size), maintain and use

25          such pipelines as PG&E shall from time to time elect for conveying gas, with

26          necessary and proper valves and other appliances and fittings, and devices for

27          controlling electrolysis for use in connection with said pipelines, and such

28          underground wires, cables, conduits, and other electrical conductors, appliances,

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

SF #4817-4253-3743 v1                              - 3 -

SECOND AMENDED COMPLAINT IN EMINENT DOMAIN
Case: 19-30088    Doc# 4353    Filed: 10/21/19    Entered: 10/21/19 14:07:37    Page 8 of
77

1   fixtures and appurtenances, as PG&E shall from time to time deem necessary for

2   communication purposes, together with adequate protection therefor, and also a right

3   of way within the easement area, described as EASEMENT No. 1 in **Exhibit A**, and

4   shown on **Exhibit B** (hereinafter the "Pipeline Easement").

5   (b) An exclusive easement and right of way to construct, install, replace (of the initial

6   or any other size), maintain and use such valves and other devices and equipment as

7   PG&E shall from time to time deem necessary for metering, regulating and

8   discharging gas into the atmosphere within, to install concrete curbing on, to cover

9   with bitumastic pavement and to enclose with a fence, the hereinafter described parcel

10  of Land ("Valve Lot") lying within the Property and described as EASEMENT No. 2

11  in **Exhibit A**, and shown on **Exhibit B**, which Exhibits A and B are incorporated

12  herein as though set forth in full by this reference.

13  (c) A permanent Non Exclusive Access Easement ("Access Easement") for ingress to

14  and egress from the hereinbefore described Valve Lot together with the right to install

15  concrete paving blocks and grass, to cover with bitumastic pavement, to install

16  decorative planters with vegetation, to construct temporary fencing, store material,

17  construct, reconstruct, maintain drainage, operate equipment and perform any other

18  activities associated with the operation and maintenance of said Valve Lot and

19  Pipeline Easement within the parcel of land lying within the Property and described

20  as EASEMENT No. 3 in **Exhibit A** and shown on **Exhibit B** attached hereto and

21  made a part hereof.

22  (d) The right of ingress to and egress from said Pipeline Easement, Valve Lot and

23  Access Easement over and across the Property by means of roads and lanes thereon, if

24  such there be, otherwise by such route or routes as shall occasion the least practicable

25  damage and inconvenience to Defendants, provided, that such right of ingress and

26  egress shall not extend to any portion of the Property which is isolated from the

27  Pipeline Easement, Valve Lot, and Access Easement by any public road or highway,

28  now crossing or hereafter crossing the Property.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

SF #4817-4253-3743 v1                           - 4 -

SECOND AMENDED COMPLAINT IN EMINENT DOMAIN

1   (e) The right from time to time to trim and to cut down and clear away or otherwise

2   destroy any and all trees and brush now or hereafter on the Pipeline Easement, Valve

3   Lot, and Access Easement and to trim and to cut down and clear away any trees on

4   either side of the Pipeline Easement, Valve Lot, and Access Easement which now or

5   hereafter in the opinion of PG&E may be a hazard to the facilities installed hereunder

6   by reason of the danger of falling thereon, or may interfere with the exercise of

7   PG&E's rights hereunder; provided, however, that all trees which PG&E is hereby

8   authorized to cut and remove, if valuable for timber or wood, shall continue to be the

9   property of Defendants, but all branches, brush, and refuse wood shall be burned,

10  removed, or chipped and scattered by PG&E.

11  (f) The right to use such portion of the Property contiguous to the Pipeline Easement

12  as may be reasonably necessary in connection with the installation and replacement of

13  said facilities.

14  (g) The rights to install, maintain, and use gates in all fences which now cross or shall

15  hereafter cross the Pipeline Easement.

16  (h) The right to mark the location of the Pipeline Easement by suitable markers set in

17  the ground; provided that said markers shall be placed in fences or other locations

18  which will not interfere with any reasonable use Defendants shall make of the Pipeline

19  Easement.

20  (i) The temporary right to use as a pipeline preparation area and for working strips

21  and laydown and staging areas, including the right to place and operate construction

22  equipment thereon, the area outlined by the heavy dashed lines and cross hatched on

23  Exhibit A sheets 1 and 2 of 3 and Exhibit A, sheet 1 of 1, attached hereto as **Exhibit**

24  **C**, which exhibit is incorporated herein by this reference, and thereon designated TCE.

25  (j) The temporary right to use as an access road the area outlined by the heavy dashed

26  lines and cross hatched on Exhibit A sheet 3 of 3 attached hereto as **Exhibit C**, which

27  exhibit is incorporated herein by this reference, and thereon designated Temporary

28  Access Road.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

SF #4817-4253-3743 v1

- 5 -

SECOND AMENDED COMPLAINT IN EMINENT DOMAIN

Case: 19-30088    Doc# 4353    Filed: 10/21/19    Entered: 10/21/19 14:07:37    Page 10
of 77

1    (k) The temporary right to use for working, pipe line preparation, hydro testing,

2    laydown and staging areas, including the right to locate construction trailers and

3    construction equipment including parking vehicles thereon, and the temporary right to

4    enclose with a fence, the area outlined in a heavy dashed line on Drawing 1291 of

5    **Exhibit C** attached hereto and made a part hereof.

6    (k) The Property Interests are fully described in the Easement Deed and Temporary

7    Construction Easements, **Exhibits D and E** hereto, respectively, which are

8    incorporated herein by this reference.

9    13.    PG&E is, and at all times mentioned herein has been, authorized to exercise the

10   power of eminent domain to acquire property for public use under the statutory authority set forth

11   in Public Utilities Code section 613 and Code of Civil Procedure sections 1230.010 *et seq.* and

12   1240.010 *et seq.*, and also under the California Constitution, Article I, Section 19. Exercise of

13   this power is proper in this case for the following reasons:

14   (a)    The public interest and necessity require construction and operation of the

15   Project to provide natural gas to the service area in which the Project is located.

16   (b)    The Project is planned and located in the manner that will be most

17   compatible with the greatest public good and least private injury.

18   1. (c)    The Property Interests are necessary for the Project.

19   14.    PG&E has attempted without success to negotiate the purchase of the Property

20   Interests. In addition, PG&E has offered to pay the reasonable costs, not to exceed five thousand

21   dollars ($5,000), of an independent appraisal ordered by the owner, and conducted by an

22   appraiser licensed by the Office of Real Estate Appraisers, as required under Code of Civil

23   Procedure section 1263.025.

24   **WHEREFORE,** PG&E prays judgment that:

25   1.    The Property Interests be condemned to PG&E's use for the purposes set forth in

26   this Amended Complaint;

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

SF #4817-4253-3743 v1                                    - 6 -

SECOND AMENDED COMPLAINT IN EMINENT DOMAIN
Case: 19-30088    Doc# 4353    Filed: 10/21/19    Entered: 10/21/19 14:07:37    Page 11
of 77

1    2.    Defendants be required to set forth the nature of their title, interest and claim in

2  and to the lands herein sought to be condemned, and that the same be determined by this Court

3  and condemned to PG&E's use;

4    3.    Just compensation for such taking and any damages or benefits incidental thereto

5  be ascertained, assessed and awarded as provided by law;

6    4.    The reasonable value of all liens and encumbrances, if any, against the Property be

7  ascertained, deducted from said judgment and be ordered paid to the persons thereunto entitled;

8    5.    Such other and further relief as the Court may deem proper.

9

10  DATED: September 13, 2018                BURKE, WILLIAMS & SORENSEN LLP

11

12  By: _____
                                         Steven D. Roland
13                                       Randall G. Block
                                         Nora E.B. Wetzel
14                                       Kara L. DiBiasio
                                         Attorneys for Plaintiff
15                                       PACIFIC GAS AND ELECTRIC COMPANY

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

SF #4817-4253-3743 v1                        - 7 -

**SECOND AMENDED COMPLAINT IN EMINENT DOMAIN**

Case: 19-30088    Doc# 4353    Filed: 10/21/19    Entered: 10/21/19 14:07:37    Page 12
                                          of 77

# EXHIBIT A

**LD 2111-05-0102**
2008086 (JCN 06-05-033) 09 08 14
Line 407 – Phase 1

### EXHIBIT "A"

### EASEMENTS

**LANDS:**

The parcels of land described and designated PARCEL ONE and PARCEL TWO in the deed from ROSEVILLE RESIDENTIAL PROPERTIES, LTD., a California limited partnership to D F PROPERTIES, a California corporation dated August 21, 1987 and recorded in Book 3253 of Official Records at page 693, Placer County Recorder, State of California.

EASEMENT No. 1 (Pipeline)

A strip of land being a uniform width of 50.00 feet extending from the westerly boundary line of said PARCEL TWO, easterly to the westerly boundary line of an easement from DF Properties to Pacific Gas and Electric company, dated February 15, 2006 and recorded as Recorder's Serial Number 2006-0025101 and lying 50.00 feet southerly of the line described as follows:

Beginning at a point in the westerly boundary line of said PARCEL TWO and running thence
  (1) north 89°21'09" east approximately 2456.28 feet to a point which bears
      north 87°20'03" west 1537.82 feet from a 2-1/4" Brass Disc in a monument well
      at the intersection of Baseline Road and Fiddyment Road, said disc bears
      north 89°16'36" east 9736.09 feet from a railroad spike at Baseline Road and
      Watt Avenue as shown on the record of survey filed for record in Book 18 of
      Surveys, at Page 55 in the office of the Placer County Recorder; thence
  (2) north 84°08'36" east 53.71 feet; thence
  (3) north 87°50'32" east 279.59 feet; thence
  (4) north 88°40'32" east 148.35 feet; thence
  (5) north 89°30'32" east approximately 934.28 feet to a point in the westerly
      boundary line of said Pacific Gas and Electric company easement dated February
      15, 2006.

EXCEPTING THEREFROM any portions of the above described real property granted to the City of Roseville by Grant Deed, right-of-way for road purposes recorded on July 16, 2012 in Document No. 2012-0062886 Official Records of Placer County, State of California. Containing 0.042 acres of land more or less.

Containing 4.403 acres of land more or less.

Case: 19-30088    Doc# 4353    Filed: 10/21/19    Entered: 10/21/19 14:07:37    Page 14
of 77

## Attachment 2

**EASEMENT No. 2 (Valve Lot)**

Beginning at a point in the westerly boundary line of said PARCEL TWO and the
northerly boundary line of the hereinbefore described Easement No. 1 and running thence

(1) north 00°18'27" east 155.15 feet along said westerly boundary line to the
herein referred to said PT. 'A'; thence leaving said westerly boundary line

(2) south 89°38'28" east 47.21 feet; thence

(3) south 00°21'32" west 154.33 feet to the northerly boundary line of the
hereinbefore described Easement No. 1; thence

(4) south 89°21'09" west 47.07 along said northerly boundary line of the
hereinbefore described Easement No. 1 to the point of beginning.

Containing 0.167 acres of land more or less.

**EASEMENT No. 3 (Access Easement)**

Beginning at a point in the westerly boundary line of said PARCEL TWO at the
hereinbefore referred to PT. 'A' and running thence

(1) north 00°18'27" east 45.28 feet along the westerly boundary line of said
PAREL TWO to a point of non-tangent curvature; thence leaving said
westerly boundary line of said PARCEL TWO

(2) southeasterly from a radial line which bears north 23°48'47" east, along a
curve to the right having a radius of 220.50 feet, through a central angle of
08°56'25", an arc length of 34.41 feet to a point of reverse curvature;
thence

(3) along a curve to the left having a radius of 249.50 feet, through a central
angle of 04°29'01", an arc length of 19.52 feet; thence

(4) south 00°21'32" west 19.38 to the northerly boundary line of the
hereinbefore described Easement No. 2; thence along said northerly
boundary line of the hereinbefore described Easement No. 2

(5) north 89°38'28" west 47.21 to said westerly boundary line of PARCEL
TWO and the point of beginning.

Containing 0.036 acres of land more or less.

The Basis of Bearings for this description is geodetic north derived from California State
Plane Coordinates, CCS83, Zone 2. To obtain grid bearings, rotate the bearings shown
hereon by 00°01'51.6" counterclockwise. To obtain grid distances, multiply the distances
shown hereon by 0.99990656. All units are U.S. Survey Feet.

Prepared By:
R.E.Y. Engineers, Inc.

Ronald E. Monsour, PLS 8474    Date: 8/02/2018



2 of 2

Case: 19-30088    Doc# 4353    Filed: 10/21/19    Entered: 10/21/19 14:07:37    Page 15 of 77

# EXHIBIT B



EXHIBIT "B"
PIPELINE EASEMENT
LINE 407 ON DF PROPERTIES
PACIFIC GAS AND ELECTRIC COMPANY
SACRAMENTO    CAL.

# Attachment 2



CITY OF ROSEVILLE
COUNTY OF PLACER
T.11N., R.5E., S. 36 M.D.B.&M.

APN 498-010-019 & 20
( Formerly APN 017-151-029)
DF PROPERTIES
PARCEL ONE
3253 O.R. 693

30' HIGHWAY EASEMENT
PER 2213 O.R. 24

PUBLIC UTILITY EASEMENT
PER 2012-0062885

PG&E PIPELINE EASEMENT
PER 2006-0025101

ROAD RIGHT-OF-WAY
PER 2012-0062886

HIGHWAY EASEMENT
PER 97-0005703

FIDDYMENT RD.

20' HWY R/W
PER 95-026395

N84° 08'36"E
53.71'

N88° 40'32"E
148.35'

N89° 21'09"E
2456.28'±

N87° 50'32"E
279.59'

N89° 30'32"E 934.28'±

SEE SHEET 1

BASELINE RD.

PG&E CO. R/W
LD 2111-05-0102

EASEMENT No. 1
50' PLE

FND. 2-1/4" BRASS DISC
IN MON WELL
PER 18 S 55
N87° 20'03"W 1537.82'

EASEMENT INFORMATION

| EASEMENT NO. 1 (PLE) | AREA = 4.403 ACRES +/- |

BASIS OF BEARINGS

THE BASIS OF BEARINGS FOR THIS DESCRIPTION IS GEODETIC NORTH
DERIVED FROM CALIFORNIA STATE PLANE COORDINATES, CCS83,
ZONE 2. TO OBTAIN GRID BEARINGS, ROTATE THE BEARINGS
SHOWN HEREON BY 0°01'51.8" COUNTERCLOCKWISE. TO OBTAIN
GRID DISTANCES, MULTIPLY THE DISTANCES SHOWN HEREON BY
0.99990656. ALL UNITS ARE U.S. SURVEY FEET.

PROFESSIONAL LAND SURVEYOR
RONALD E. MONSOUR
No. 8474
STATE OF CALIFORNIA
8/02/2018

N

SCALE: 1"-300'

PLE = PIPELINE EASEMENT
POB = POINT OF BEGINNING

REY ENGINEERS, INC.
CIVIL ENGINEERS LAND SURVEYORS

EXHIBIT "B"
PIPELINE EASEMENT
LINE 407 ON DF PROPERTIES
PACIFIC GAS AND ELECTRIC COMPANY
SACRAMENTO          CAL.

| Scale | 1"-300' |
| Date | 8.02.2018 |
| Drawn By | RM |
| Checked By | DPM2 |

PG&E
LAND ENGINEERING

| J.C.N. | 06-05-033 |
| REG. | NORTHERN |
| PROJECT AUTH. | 30603988 |
| SHEET NO. | 2 OF 3 |
| DRAWING NUMBER | CHANGE |

Case: 19-30088    Doc# 4353    Filed: 10/21/19    Entered: 10/21/19 14:07:37    Page 18 of 77



CITY OF ROSEVILLE
COUNTY OF PLACER
T.11N., R.5E., S. 36 M.D.B.&M.

APN 498-010-015
(Formerly APN 017-151-027)
DF PROPERTIES
PARCEL TWO
3253 O.R. 693

RAD=N23° 48'47"E

R=220.50'
D=8° 56'25"
L=34.41'

EASEMENT No. 3
ACCESS ESMT.
LD 2111-05-0102

R=249.50'
D=4° 29'01"
L=19.52'

N00° 18'27"E
45.28'

S00° 21'32"W
19.38'

PT 'A'

S89° 38'28"E
47.21'

APN 498-010-013
(Formerly APN 017-151-026)
PARCEL A
BK 18 S PG 118

N00° 18'27"E 155.15'

S00° 21'32"W 154.33

EASEMENT No. 2
VALVE LOT
LD 2111-05-0102

EASEMENT No. 1
50' PLE

POB

S89° 21'09"W
47.07'

BASELINE RD.

**EASEMENT INFORMATION**

| EASEMENT No. 2 (VALVE LOT) | AREA = 0.167 ACRES +/- |
| EASEMENT No. 3 (ACCESS) | AREA = 0.036 ACRES +/- |

**BASIS OF BEARINGS**

THE BASIS OF BEARINGS FOR THIS DESCRIPTION IS GEODETIC NORTH
DERIVED FROM CALIFORNIA STATE PLANE COORDINATES, CCS83,
ZONE 2. TO OBTAIN GRID BEARINGS, ROTATE THE BEARINGS
SHOWN HEREON BY 0°01'51.6" COUNTERCLOCKWISE. TO OBTAIN
GRID DISTANCES, MULTIPLY THE DISTANCES SHOWN HEREON BY
0.99990656. ALL UNITS ARE U.S. SURVEY FEET.



PROFESSIONAL LAND SURVEYOR
RONALD E. MONSUR
No. 8474
STATE OF CALIFORNIA

8/02/2018

SCALE: 1"=80'

N

PLE = PIPELINE EASEMENT
POB = POINT OF BEGINNING



REY ENGINEERS, INC
CIVIL ENGINEERS AND LAND SURVEYORS

Scale    1"=80'
Date  8.02.2018
Drawn By  RM
Checked By  DPM2

*EXHIBIT "B"*
*VALVE LOT & ACCESS EASEMENT*
*LINE 407 ON DF PROPERTIES*
PACIFIC GAS AND ELECTRIC COMPANY
SACRAMENTO    CAL.



PG&E
LAND ENGINEERING

| J.C.N. | 06-05-033 |
| REG. | NORTHERN |
| PROJECT AUTH. | 30603988 |
| SHEET NO. 3 | OF 3 |
| DRAWING NUMBER | CHANGE |

Attachment 2



D F PROPERTIES
PARCEL ONE & PARCEL TWO
3253 O.R. 693

50' PERMANENT
PIPELINE EASEMENT

BASELINE RD.

20' HIGHWAY ESMT.
95-026395

50' TEMP. CONST.
ESMT. (TCE)

LEGEND

L407 50' PERMANENT PIPELINE EASEMENT

L407 50' TEMPORARY CONSTRUCTION EASEMENT

20' HIGHWAY EASEMENT 95-026395

LINE 407 - PHASE 1
BASELINE RD.
LINE 407
D F PROPERTIES
PACIFIC GAS AND ELECTRIC COMPANY
SAN FRANCISCO, CALIFORNIA

Attachment 2



D F PROPERTIES
PARCEL ONE & PARCEL TWO
3253 O.R. 693

PG&E PIPELINE EASEMENT
PER 2006-0025101

50' PERMANENT
PIPELINE EASEMENT

FIDDYMENT RD.

ROAD R/W PER
DOC.#2012-00622686

BASELINE RD.

50' TEMP. CONST.
ESMT. (TCE)

20' HIGHWAY ESMT.
95-026395

LEGEND

- L407 50' PERMANENT PIPELINE EASEMENT
- L407 50' TEMPORARY CONSTRUCTION EASEMENT
- 20' HIGHWAY EASEMENT 95-026395
- CITY OF ROSEVILLE ROAD R/W 2012-0062686
- PG&E PIPELINE EASEMENT 2006-0025101

LINE 407 - PHASE 1
BASELINE RD.
LINE 407
DF PROPERTIES
PACIFIC GAS AND ELECTRIC COMPANY

N

# EXHIBIT C



CITY OF ROSEVILLE
COUNTY OF PLACER
T.11N., R.5E., S. 36 M.D.M.

APN 498-010-015
( Formerly APN 017-151-027)

DF PROPERTIES
PARCEL TWO
3253 O.R. 693

APN 498-010-019 & 20
( Formerly
APN 017-151-029)

DF PROPERTIES
PARCEL ONE
3253 O.R. 693

N00° 18'27"E
25.00'

S89° 38'28"E
72.23'

N89° 38'28"W
47.21'

S00° 21'32"W
128.88'

N00° 21'32"E
154.33'

LD 2111-05-0103
50' TCE

20' HIGHWAY R/W
PER 95-026395

N89° 21'09"E 2381.05'

S89° 21'09"W 2456.28'

BASELINE RD.

TEMP ACCESS RD.
SEE SHT. 3

VALVE LOT

EASEMENT No. 1
50' PLE

30' HIGHWAY EASEMENT
PER 2213 O.R. 26

SEE SHEET 2

EASEMENT INFORMATION

| TCE | AREA = 4.538 ACRES +/− |
|-----|------------------------|

PROFESSIONAL LAND SURVEYOR
Ronald E. Monsour
No. 8474
STATE OF CALIFORNIA

1/22/2018

SCALE: 1"=300'

N

**BASIS OF BEARINGS**

THE BASIS OF BEARINGS FOR THIS DESCRIPTION IS GEODETIC NORTH
DERIVED FROM CALIFORNIA STATE PLANE COORDINATES, CCS83,
ZONE 2. TO OBTAIN GRID BEARINGS, ROTATE THE BEARINGS SHOWN
HEREON BY 0°0f51.8" COUNTERCLOCKWISE. TO OBTAIN GRID
DISTANCES, MULTIPLY THE DISTANCES SHOWN HEREON BY
0.99990656. ALL UNITS ARE U.S. SURVEY FEET.

PLE = PIPELINE EASEMENT
TCE = TEMPORARY CONSTRUCTION EASEMENT

| REY.ENGINEERS, INC. | | **EXHIBIT "A"** | | | J.C.N. | 06-05-033 |
| CIVIL ENGINEERS AND SURVEYORS | | TEMPORARY CONSTRUCTION EASEMENT | | PG&E | REG. | NORTHERN |
| | | LINE 407 ON DF PROPERTIES | | | PROJECT AUTH. | 30603988 |
| Scale: 1"-300' | | PACIFIC GAS AND ELECTRIC COMPANY | | LAND | SHEET NO. | 1 OF 3 |
| Date 1.19.2018 | | | | ENGINEERING | | |
| Drawn By RM | | SACRAMENTO CAL. | | | DRAWING NUMBER | CHANGE |
| Checked By DPM | | | | | | |

Case: 19-30088   Doc# 4353   Filed: 10/21/19   Entered: 10/21/19 14:07:37   Page 23 of 77



CITY OF ROSEVILLE
COUNTY OF PLACER
T.11N., R.5E., S. 36 M.D.M.

30' HIGHWAY EASEMENT
PER 2213 O.R. 24

PG&E PIPELINE EASEMENT
PER 2006-0025101

APN 498-010-019 & 20
( Formerly APN 017-151-029)
DF PROPERTIES
PARCEL ONE
3253 O.R. 693

ROAD RIGHT-OF-WAY
PER 2012-0082886

PUBLIC UTILITY EASEMENT
PER 2012-0062885

LD 2111-05-0103
50' TCE

N89° 30'32"E
65.76'

N84° 08'36"E
53.05'    N87° 50'32"E
281.57'  S88° 40'32"W
149.08'

N44° 37'14"E
56.80'

FIDDYMENT RD

N89° 21'09"E
2381.05'

N89° 30'32"E 852.40'

S00° 29'28"E
50.00'

SEE SHEET 1

S89° 21'09"W
2456.28'    S87° 50'32"W
279.59'

S89° 30'32"E 872.69'

BASELINE RD

S89° 30'32"W
45.10'

S88° 40'32"W
148.35'

S84° 08'36"W
53.71'

S44° 37'14"W
56.80'

EASEMENT No. 1    HIGHWAY EASEMENT
50' PLE    PER 97-0005703

EASEMENT INFORMATION

| TCE | AREA = 4.538 ACRES +/- |
|-----|------------------------|

**BASIS OF BEARINGS**

THE BASIS OF BEARINGS FOR THIS DESCRIPTION IS GEODETIC NORTH
DERIVED FROM CALIFORNIA STATE PLANE COORDINATES, CCS83,
ZONE 2.  TO OBTAIN GRID BEARINGS, ROTATE THE BEARINGS
SHOWN HEREON BY 0° 01'51.8" COUNTERCLOCKWISE.  TO OBTAIN
GRID DISTANCES, MULTIPLY THE DISTANCES SHOWN HEREON BY
0.99990656.  ALL UNITS ARE U.S. SURVEY FEET.

PLE = PIPELINE EASEMENT
TCE = TEMPORARY CONSTRUCTION EASEMENT

PROFESSIONAL LAND SURVEYOR
RONALD E. MONSURE
No. 8474
STATE OF CALIFORNIA
1/22/2018

SCALE: 1"=300'

N

R.E.Y ENGINEERS, INC.
CIVIL ENGINEERS AND LAND SURVEYORS

Scale: 1"=300'
Date 1.19.2018
Drawn By RM
Checked By DPM

**EXHIBIT "A"**
TEMPORARY CONSTRUCTION EASEMENT
LINE 407 ON DF PROPERTIES
PACIFIC GAS AND ELECTRIC COMPANY
SACRAMENTO    CAL.

PG&E
LAND ENGINEERING

| J.C.N. | 06-05-033 |
| REG. | NORTHERN |
| PROJECT AUTH. | 30803988 |
| SHEET NO. | 2 OF 3 |
| DRAWING NUMBER | CHANGE |

Case: 19-30088    Doc# 4353    Filed: 10/21/19    Entered: 10/21/19 14:07:37    Page 24 of 77



PLACER COUNTY
T.11N., R.5E., S. 36 M.D.B.&M.

ITEM 1(SCH B, PT II)
30' HIGHWAY EASEMENT
PER 2213 O.R. 24

ITEM 11(SCH B, PT II)
ROAD RIGHT-OF-WAY
PER 2012-0062886

ITEM 5&6(SCH B, PT II)
PG&E PIPELINE EASEMENT
PER 2006-0025101

ITEM 10(SCH B, PT II)
PUBLIC UTILITY EASEMENT
PER 2012-0062885 &
JOINT USE AGREEMENT
PER 2013-0002031

APN 017-150-089
DF PROPERTIES
PARCEL ONE
3253 O.R. 693

N89°34'02"E
100.00

N00°25'58"W
300.00

FIDDYMENT RD

S00°25'58"E
300.00

50' PLE

PARCEL 1
100' × 300' TCE

N66°38'56"W
131.16

BASELINE RD

ITEM 4(SCH B, PT II)
HIGHWAY EASEMENT
PER 97-0005703

S89°34'02"W
100.00

FND. 2-1/2" BRASS
DISC IN MON WELL
PER 18 R.S. 118

RON MONSOUR
No. 8474
Exp.
PROFESSIONAL LAND SURVEYOR
STATE OF CALIFORNIA

N

EASEMENT INFORMATION

| PARCEL 1 | AREA = 0.689 ACRES |
|----------|--------------------|

PLE = PIPELINE EASEMENT
TCE = TEMPORARY CONSTRUCTION EASEMENT

SCALE: 1"=200'

REY ENGINEERS, INC.
CIVIL ENGINEERS AND LAND SURVEYORS

Scale: 1"=200'
Date 5.05.15
Drawn By RM
Checked By DPM

EXHIBIT "A-1"
TEMPORARY CONSTRUCTION EASEMENT
LINE 407 ON DF PROPERTIES
PACIFIC GAS AND ELECTRIC COMPANY
SACRAMENTO        CAL.

PG&E
LAND
ENGINEERING

J.C.N.    06-05-033
REG.    NORTHERN
PROJECT AUTH.   30882530
SHEET NO.    1    OF    1

| DRAWING NUMBER | CHANGE |
|----------------|--------|
| SL-1291 | |



CITY OF ROSEVILLE
COUNTY OF PLACER
T.11N., R.5E., S. 36 M.D.M.

APN 498-010-013
(Formerly APN 017-151-026)
PARCEL A
BK 18 S PG 118

APN 498-010-015
(Formerly APN 017-151-027)
DF PROPERTIES
PARCEL TWO
3253 O.R. 693

R=50'
D=24° 00'14"
L=20.94'

R=212.50'
D=20° 12'49"
L=74.97'

R=50'
D=41° 10'25"
L=35.93'

N00° 18'27"E
30.27'

N89° 38'28"W
41.87'

R=50'
D=138° 13'41"
L=120.63'

R=27.83'
D=90° 46'12"
L=44.08'

TEMP ACCESS RD.

R=50'
D=61° 49'08"
L=54.17'

50' TCE

EASEMENT No. 1
50' PLE

VALVE LOT

R=10.70'
D=83° 58'46"
L=15.69'

R=10.86'
D=82° 08'44"
L=15.57'

BASELINE RD.

S89° 31'11"W
45.43'

EASEMENT INFORMATION

| TEMPORARY ACCESS RD. | AREA = 0.340 ACRES +/- |
|---|---|

BASIS OF BEARINGS

THE BASIS OF BEARINGS FOR THIS DESCRIPTION IS GEODETIC NORTH
DERIVED FROM CALIFORNIA STATE PLANE COORDINATES, CCS83,
ZONE 2. TO OBTAIN GRID BEARINGS, ROTATE THE BEARINGS SHOWN
HEREON BY 0°01'51.6" COUNTERCLOCKWISE. TO OBTAIN GRID
DISTANCES, MULTIPLY THE DISTANCES SHOWN HEREON BY
0.99990656. ALL UNITS ARE U.S. SURVEY FEET.

PROFESSIONAL LAND SURVEYOR
RONALD E. MONSOUR
No. 8474
STATE OF CALIFORNIA
1/22/2018

N

SCALE 1"=300'

PLE = PIPELINE EASEMENT
TCE = TEMPORARY CONSTRUCTION EASEMENT

REY ENGINEERS, INC.

EXHIBIT "A"
TEMPORARY ACCESS ROAD
LINE 407 ON DF PROPERTIES
PACIFIC GAS AND ELECTRIC COMPANY
SACRAMENTO        CAL.

Scale 1"=300'
Date 1.19.2018
Drawn By RM
Checked By DPM

PG&E
LAND ENGINEERING

J.C.N.        08-05-033
REG.        NORTHERN
PROJECT AUTH.    30803988
SHEET NO.    3    OF    3
DRAWING NUMBER    CHANGE

# EXHIBIT D

RECORDING REQUESTED BY AND RETURN TO:

**PACIFIC GAS AND ELECTRIC COMPANY**
**245 Market Street, N10A, Room 1015**
**P.O. Box 770000**
**San Francisco, California 94177**

Location: City/Uninc_____
Recording Fee $_____
Document Transfer Tax $_____
[ ] This is a conveyance where the consideration and
    Value is less than $100.00 (R&T 11911).
[ ] Computed on Full Value of Property Conveyed, or
[ ] Computed on Full Value Less Liens
    & Encumbrances Remaining at Time of Sale

_____
Signature of declarant or agent determining tax

(SPACE ABOVE FOR RECORDER'S USE ONLY)

LD 2111-05-0102          **EASEMENT**

2008086 (06-05-033) 09 08 14
LINE 407 PHASE 1

D F PROPERTIES, a California corporation,

hereinafter called Grantor, in consideration of value paid by PACIFIC GAS AND ELECTRIC COMPANY, a California corporation, hereinafter called PG&E, the adequacy and receipt whereof are hereby acknowledged, hereby grants to PG&E the right at any time, and from time to time, to excavate for, install, replace (of the initial or any other size), maintain and use such pipelines as PG&E shall from time to time elect for conveying gas, with necessary and proper valves and other appliances and fittings, and devices for controlling electrolysis for use in connection with said pipelines, and such underground wires, cables, conduits, and other electrical conductors, appliances, fixtures and appurtenances, as PG&E shall from time to time deem necessary for communication purposes, together with adequate protection therefor, and also a right of way, within the strip of land ("Pipeline Easement") lying within Grantor's lands which are situate in the county of Placer, state of California, and are described as follows:

(APN 498-010-020, 498-010-019, 498-010-015 formerly APN 017-151-027, 017-151-029)

The parcel of land described and designated LANDS on EXHIBIT "A", attached hereto and made a part hereof, excepting therefrom as much of the land as lies within the boundaries of streets, highways or other public easements subject to an easement or prescriptive right of the public for use for such purposes.

- 1 -

The aforesaid strip of land ("Pipeline Easement") is described as follows:

  The parcel of land described and designated EASEMENT No. 1 in EXHIBIT "A" and shown on EXHIBIT "B", attached hereto and made a part hereof.

  Grantor also grants to PG&E, an exclusive easement and right of way to construct, install, replace (of the initial or any other size), maintain and use such valves and other devices and equipment as PG&E shall from time to time deem necessary for metering, regulating and discharging gas into the atmosphere within, to install concrete curbing on, to cover with bitumastic pavement and to enclose with a fence, the hereinafter described parcel of land ("Valve Lot") described as follows:

  The parcel of land described and designated EASEMENT No. 2 in EXHIBIT "A" and shown on EXHIBIT "B", attached hereto and made a part hereof.

  Grantor also grants to PG&E a permanent Non-Exclusive access easement ("Access Easement") for ingress to and egress from the hereinbefore described Valve Lot together with the right to install concrete paving blocks and grass, to cover with bitumastic pavement, to install decorative planters with vegetation, to construct temporary fencing, store material, construct, reconstruct, maintain drainage, operate equipment and perform any other activities associated with the operation and maintenance of said Valve Lot and Pipeline Easement within the parcel of land described as follows:

  The parcel of land described and designated EASEMENT No. 3 in EXHIBIT "A" and shown on EXHIBIT "B", attached hereto and made a part hereof.

  Grantor further grants to PG&E:

  (a) the right of ingress to and egress from said Pipeline Easement, Valve Lot and Access Easement over and across said lands by means of roads and lanes thereon, if such there be, otherwise by such route or routes as shall occasion the least practicable damage and inconvenience to Grantor, provided, that such right of ingress and egress shall not extend to any portion of said lands which is isolated from said Pipeline Easement, Valve Lot and Access Easement by any public road or highway, now crossing or hereafter crossing said lands;

  (b) the right from time to time to trim and to cut down and clear away or otherwise destroy any and all trees and brush now or hereafter on said Pipeline Easement, Valve Lot and Access Easement and to trim and to cut down and clear away any trees on either side of said Pipeline Easement, Valve Lot and Access Easement which now or hereafter in the opinion of PG&E may be a hazard to the facilities installed hereunder by reason of the danger of falling thereon, or may interfere with the exercise of PG&E's rights hereunder; provided, however, that all trees which PG&E is hereby authorized to cut and remove, if valuable for timber or wood,

shall continue to be the property of Grantor, but all branches, brush, and refuse wood shall be burned, removed, or chipped and scattered by PG&E;

      (c)    the right to use such portion of said lands contiguous to said Pipeline Easement as may be reasonably necessary in connection with the installation and replacement of said facilities;

      (d)    the right to install, maintain and use gates in all fences which now cross or shall hereafter cross said Pipeline Easement; and

      (e)    the right to mark the location of said Pipeline Easement by suitable markers set in the ground; provided that said markers shall be placed in fences or other locations which will not interfere with any reasonable use Grantor shall make of said Pipeline Easement.

PG&E hereby covenants and agrees:

      (a)    not to fence said Pipeline Easement;

      (b)    to promptly backfill any excavations made by it on said Pipeline Easement and repair any damage it shall do to Grantor's private roads or lanes on said lands; and

      (c)    to indemnify Grantor against any loss and damage which shall be caused by any wrongful or negligent act or omission of PG&E or of its agents or employees in the course of their employment, provided, however, that this indemnity shall not extend to that portion of such loss or damage that shall have been caused by Grantor's comparative negligence or willful misconduct.

Grantor reserves the right to use said Pipeline Easement for purposes which will not interfere with PG&E's full enjoyment of the rights hereby granted; provided that Grantor shall not erect or construct any building or other structure, or drill or operate any well, or construct any reservoir or other obstruction within said Pipeline Easement, or diminish or substantially add to the ground cover over said facilities, or construct any fences that will interfere with the maintenance and operation of said facilities. No trees or vines will be planted, or associated supporting structures will be located, within 10 feet of the centerline of the pipeline(s) within the easement area.

Grantor agrees that PG&E has the exclusive use of said Valve Lot and further agrees not to grant any easement or easements on, under or over said Valve Lot without the written consent of PG&E.

## Attachment 2

The provisions hereof shall inure to the benefit of and bind the successors and assigns of the respective parties hereto, and all covenants shall apply to and run with the land.

Dated _____, 20_____.

D F PROPERTIES, a California corporation

By _____

By _____

# Attachment 2

**LD 2111-05-0102**
2008086 (JCN 06-05-033) 09 08 14
Line 407 – Phase 1

## EXHIBIT "A"

## EASEMENTS

**LANDS:**

The parcels of land described and designated PARCEL ONE and PARCEL TWO in the deed from ROSEVILLE RESIDENTIAL PROPERTIES, LTD., a California limited partnership to D F PROPERTIES, a California corporation dated August 21, 1987 and recorded in Book 3253 of Official Records at page 693, Placer County Recorder, State of California.

## EASEMENT No. 1 (Pipeline)

A strip of land being a uniform width of 50.00 feet extending from the westerly boundary line of said PARCEL TWO, easterly to the westerly boundary line of an easement from DF Properties to Pacific Gas and Electric company, dated February 15, 2006 and recorded as Recorder's Serial Number 2006-0025101 and lying 50.00 feet southerly of the line described as follows:

Beginning at a point in the westerly boundary line of said PARCEL TWO and running thence
   (1) north 89°21'09" east approximately 2456.28 feet to a point which bears
       north 87°20'03" west 1537.82 feet from a 2-1/4" Brass Disc in a monument well
       at the intersection of Baseline Road and Fiddyment Road, said disc bears
       north 89°16'36" east 9736.09 feet from a railroad spike at Baseline Road and
       Watt Avenue as shown on the record of survey filed for record in Book 18 of
       Surveys, at Page 55 in the office of the Placer County Recorder; thence
   (2) north 84°08'36" east 53.71 feet; thence
   (3) north 87°50'32" east 279.59 feet; thence
   (4) north 88°40'32" east 148.35 feet; thence
   (5) north 89°30'32" east approximately 934.28 feet to a point in the westerly
       boundary line of said Pacific Gas and Electric company easement dated February
       15, 2006.

EXCEPTING THEREFROM any portions of the above described real property granted to the City of Roseville by Grant Deed, right-of-way for road purposes recorded on July 16, 2012 in Document No. 2012-0062886 Official Records of Placer County, State of California. Containing 0.042 acres of land more or less.

Containing 4.403 acres of land more or less.

Case: 19-30088    Doc# 4353    Filed: 10/21/19    Entered: 10/21/19 14:07:37    Page 32
of 77

### EASEMENT No. 2 (Valve Lot)

Beginning at a point in the westerly boundary line of said PARCEL TWO and the northerly boundary line of the hereinbefore described Easement No. 1 and running thence

    (1) north 00°18'27" east 155.15 feet along said westerly boundary line to the herein referred to PT. 'A'; thence leaving said westerly boundary line

    (2) south 89°38'28" east 47.21 feet; thence

    (3) south 00°21'32" west 154.33 feet to the northerly boundary line of the hereinbefore described Easement No. 1; thence

    (4) south 89°21'09" west 47.07 along said northerly boundary line of the hereinbefore described Easement No. 1 to the point of beginning.

Containing 0.167 acres of land more or less.

### EASEMENT No. 3 (Access Easement)

Beginning at a point in the westerly boundary line of said PARCEL TWO at the hereinbefore referred to PT. 'A' and running thence

    (1) north 00°18'27" east 45.28 feet along the westerly boundary line of said PAREL TWO to a point of non-tangent curvature; thence leaving said westerly boundary line of said PARCEL TWO

    (2) southeasterly from a radial line which bears north 23°48'47" east, along a curve to the right having a radius of 220.50 feet, through a central angle of 08°56'25", an arc length of 34.41 feet to a point of reverse curvature; thence

    (3) along a curve to the left having a radius of 249.50 feet, through a central angle of 04°29'01", an arc length of 19.52 feet; thence

    (4) south 00°21'32" west 19.38 to the northerly boundary line of the hereinbefore described Easement No. 2; thence along said northerly boundary line of the hereinbefore described Easement No. 2

    (5) north 89°38'28" west 47.21 to said westerly boundary line of PARCEL TWO and the point of beginning.

Containing 0.036 acres of land more or less.

The Basis of Bearings for this description is geodetic north derived from California State Plane Coordinates, CCS83, Zone 2. To obtain grid bearings, rotate the bearings shown hereon by 00°01'51.6" counterclockwise. To obtain grid distances, multiply the distances shown hereon by 0.99990656. All units are U.S. Survey Feet.

Prepared By:
R.E.Y. Engineers, Inc.

Ronald E. Monsour, PLS 8474   Date: 8/02/2018



CITY OF ROSEVILLE
COUNTY OF PLACER
T.11N., R.5E., S. 36 M.D.M.

MONUMENT TIE DETAIL 1"=700'

DF PROPERTIES
PARCEL TWO
3253 O.R. 693

DF PROPERTIES
PARCEL ONE
3253 O.R. 693

N89° 21'09"E    2456.28'±    N87° 20'03"W 1537.82'

N89° 16'36"E    9736.09'    BASELINE RD.

FND. RAILROAD SPIKE
PER 18 S 55

FND. 2-1/4" BRASS DISC
IN MON WELL
PER 18 S 55

WATT AVE.

FIDDYMENT RD.

APN 498-010-015
( Formerly APN 017-151-027)
DF PROPERTIES
PARCEL TWO
3253 O.R. 693

APN 498-010-019 & 20
( Formerly
APN 017-151-029)
DF PROPERTIES
PARCEL ONE
3253 O.R. 693

APN 017-151-026
PARCEL A
BK 18 S PG 118

VALVE LOT &
ACCESS ESMT.
SEE SHT. 3

20' HIGHWAY R/W
PER 95-026395

POB

N89° 21'09"E  2456.28'±

BASELINE RD.

SEE SHEET 2

EASEMENT No. 1
50' PLE

PG&E CO. R/W
LD 2111-05-0102

30' HIGHWAY EASEMENT
PER 2213 O.R. 26

EASEMENT INFORMATION

| EASEMENT NO. 1 (PLE) | AREA = 4.403 ACRES +/- |

BASIS OF BEARINGS
THE BASIS OF BEARINGS FOR THIS DESCRIPTION IS GEODETIC NORTH
DERIVED FROM CALIFORNIA STATE PLANE COORDINATES, CCS83,
ZONE 2.  TO OBTAIN GRID BEARINGS, ROTATE THE BEARINGS
SHOWN HEREON BY 0° 01'51.6" COUNTERCLOCKWISE.  TO OBTAIN
GRID DISTANCES, MULTIPLY THE DISTANCES SHOWN HEREON BY
0.99990658.  ALL UNITS ARE U.S. SURVEY FEET.

PROFESSIONAL LAND SURVEYOR
RONALD E. MONSOUR
No. 8474
STATE OF CALIFORNIA
8/02/2018

N

SCALE: 1"=300'

PLE = PIPELINE EASEMENT
POB = POINT OF BEGINNING

REY ENGINEERS, INC.
CIVIL ENGINEERS AND SURVEYORS

| Scale | 1"=300' |
| Date | 8.02.2018 |
| Drawn By | RM |
| Checked By | DPM2 |

EXHIBIT "B"
PIPELINE EASEMENT
LINE 407 ON DF PROPERTIES
PACIFIC GAS AND ELECTRIC COMPANY
SACRAMENTO    CAL.

PG&E
LAND
ENGINEERING

| J.C.N. | 06-05-033 |
| REG. | NORTHERN |
| PROJECT AUTH. | 30803988 |
| SHEET NO. | 1 | OF | 3 |
| DRAWING NUMBER | | CHANGE |

Case: 19-30088    Doc# 4353    Filed: 10/21/19    Entered: 10/21/19 14:07:37    Page 34
of 77



CITY OF ROSEVILLE
COUNTY OF PLACER
T.11N., R.5E., S. 36 M.D.B.&M.

APN 498-010-019 & 20
( Formerly APN 017-151-029)
DF PROPERTIES
PARCEL ONE
3253 O.R. 693

30' HIGHWAY EASEMENT
PER 2213 O.R. 24

PUBLIC UTILITY EASEMENT
PER 2012-0062885

PG&E PIPELINE EASEMENT
PER 2006-0025101

ROAD RIGHT-OF-WAY
PER 2012-0062886

HIGHWAY EASEMENT
PER 97-0005703

FIDDYMENT RD.

20' HWY R/W
PER 95-026395

N84° 08'36"E
53.71'

N88° 40'32"E
148.35'

N89° 21'09"E
2456.28'±

N87° 50'32"E
279.59'

N89° 30'32"E 934.28'±

SEE SHEET 1

BASELINE RD.

PG&E CO. R/W
LD 2111-05-0102

EASEMENT No. 1
50' PLE

FND. 2-1/4" BRASS DISC
IN MON WELL
PER 18 S 55
N87° 20'03"W 1537.82'

EASEMENT INFORMATION

| EASEMENT NO. 1 (PLE) | AREA = 4.403 ACRES +/- |
|---|---|

BASIS OF BEARINGS
THE BASIS OF BEARINGS FOR THIS DESCRIPTION IS GEODETIC NORTH
DERIVED FROM CALIFORNIA STATE PLANE COORDINATES, CCS83,
ZONE 2. TO OBTAIN GRID BEARINGS, ROTATE THE BEARINGS
SHOWN HEREON BY 0°01'51.6" COUNTERCLOCKWISE. TO OBTAIN
GRID DISTANCES, MULTIPLY THE DISTANCES SHOWN HEREON BY
0.99990656. ALL UNITS ARE U.S. SURVEY FEET.

PROFESSIONAL LAND SURVEYOR
RONALD E. MONSOUR
No. 8474
STATE OF CALIFORNIA
8/02/2018

N

SCALE: 1"-300'

PLE = PIPELINE EASEMENT
POB = POINT OF BEGINNING

REY ENGINEERS, INC
CIVIL ENGINEERS LAND SURVEYORS

Scale 1"-300'
Date 8.02.2018
Drawn By RM
Checked By DPM2

EXHIBIT "B"
PIPELINE EASEMENT
LINE 407 ON DF PROPERTIES
PACIFIC GAS AND ELECTRIC COMPANY
SACRAMENTO      CAL.

PG&E
LAND
ENGINEERING

| J.C.N. | 06-05-033 |
|---|---|
| REG. | NORTHERN |
| PROJECT AUTH. | 30603988 |
| SHEET NO. | 2 OF 3 |
| DRAWING NUMBER | CHANGE |

**Attachment 2**



**EASEMENT INFORMATION**

| EASEMENT No. 2 (VALVE LOT) | AREA = 0.167 ACRES +/- |
| EASEMENT No. 3 (ACCESS) | AREA = 0.036 ACRES +/- |

*BASIS OF BEARINGS*

THE BASIS OF BEARINGS FOR THIS DESCRIPTION IS GEODETIC NORTH DERIVED FROM CALIFORNIA STATE PLANE COORDINATES, CCS83, ZONE 2. TO OBTAIN GRID BEARINGS, ROTATE THE BEARINGS SHOWN HEREON BY 0°01'516" COUNTERCLOCKWISE. TO OBTAIN GRID DISTANCES, MULTIPLY THE DISTANCES SHOWN HEREON BY 0.99990656. ALL UNITS ARE U.S. SURVEY FEET.



PLE = PIPELINE EASEMENT
POB = POINT OF BEGINNING

SCALE: 1"-80'

No. 8474

 

REY ENGINEERS, INC

| | *EXHIBIT "B"* | | J.C.N. | 06-05-033 |
| | VALVE LOT & ACCESS EASEMENT | | REG. | NORTHERN |
| | LINE 407 ON DF PROPERTIES | | PROJECT AUTH. | 30603988 |
| Scale 1"-80' | PACIFIC GAS AND ELECTRIC COMPANY |  | SHEET NO. 3 OF 3 | |
| Date 8.02.2018 Drawn By RM Checked By DPM2 | SACRAMENTO CAL. | | DRAWING NUMBER | CHANGE |

Case: 19-30088  Doc# 4353  Filed: 10/21/19  Entered: 10/21/19 14:07:37  Page 36 of 77

# EXHIBIT E

LD 2111-05-0103
2008087 (JCN 06-05-033) 09 08 8
Line 407 – Phase 1

## TEMPORARY CONSTRUCTION EASEMENT

D F PROPERTIES, a California Corporation,

hereinafter called Owner, hereby grants to PACIFIC GAS AND ELECTRIC COMPANY, a California corporation, hereinafter called PG&E, a temporary easement, as defined below, to be used in connection with PG&E's pipe line construction and installation project, upon, over and across that certain real property in the City of Roseville, County of Placer, State of California, identified as Placer County Assessor's Parcel Number Portions of 498-010-015, 498-010-019 and 498-010-020 formerly 017-151-027, 017-151-029.

Said temporary easement is defined as follows:

(a) the temporary right to use as a pipeline preparation area and for working strips and laydown and staging areas, including the right to place and operate construction equipment thereon the area outlined by the heavy dashed lines and cross hatched on Exhibit "A" sheets 1 and 2 of 3 attached hereto and made a part hereof and thereon designated TCE.

(b) the temporary right to use as an access road the area outlined by the heavy dashed lines and cross hatched on Exhibit "A" sheet 3 of 3 attached hereto and made a part hereof and thereon designated Temporary Access Road.

The Parties agree as follows with respect to this TCE and Temporary Access Road:

1. Upon completion of PG&E's pipe line construction and installation project, PG&E agrees to restore said temporary easement area to a condition as nearly as practicable to its condition prior to its use by PG&E.

2. To indemnify and hold harmless Grantor and Grantor's agents, employees, successors and/or assigns against any loss and damage claim which shall be caused by any wrongful or negligent act or omission of PG&E or of its agents or employees in the course of their employment, provided, however, that this indemnity shall not extend to that portion of such loss or damage that shall have been caused by the comparative negligence or willful misconduct of Grantor or Grantor's agents, employees, successors and/or assigns.

3. This easement is temporary and shall terminate upon the date of completion of PG&E's pipe line construction and installation project.

- 1 -

## Attachment 2

Dated this _____ day of _____, 20____.

D F PROPERTIES, a California Corporation

By _____

By _____

Attach to LD: 2111-05-0102
Area, Region or Location: 6
Land Service Office: Sacramento
Line of Business: 52
Business Doc Type: Temporary Construction Easement
MTRSQ: 21.11.05.36.31, 21.11.05.36.32, 21.11.05.36.24, 21.11.05.36.21, 21.11.05.36.23, 21.11.05.36.22,
FERC License Number: N/A
PG&E Drawing Number: N/A
Plat No.: N/A
LD of Affected Documents: N/A
LD of Cross Referenced Documents: N/A
Type of Interest: 5
SBE Parcel: N/A
% Being Quitclaimed: N/A
Order or PM: 74001449
JCN: 06-05-033
County: Placer
Utility Notice Number:
851 Approval Application No: N/A     ;Decision:
Prepared By: bcs6
Checked By: DPM2
Approved By: DPM2
Revised by:
Revision Number: 7
        Ver2 , changed TCE No. 1, delete TCE No. 3, add new TCE No. 3, 12/07 10 BCS
        Ver3 , TCE No.1 and 2 combined and increased, 3/22/11 BCS
        Ver4, Edit APN change 039 to 089, and Road Esmts 7/15/13 BCS
        Ver5 Line Change, edit Exhibit, 3.2.15 BCS
        Ver6 Edit Gas lot and added access esmt, 3/8/16/ BCS
        Ver7 edited to 14' of pipeline at E'ly tie in, not used 8/25/17 BCS
        Ver8 Edited Ver6 to add new APN's and ref.to former APN's 1/22/18 BCS

- 2 -



CITY OF ROSEVILLE
COUNTY OF PLACER
T.11N., R.5E., S. 36 M.D.M.

APN 498-010-015
( Formerly APN 017-151-027)
DF PROPERTIES
PARCEL TWO
3253 O.R. 693

APN 498-010-019 & 20
( Formerly
APN 017-151-029)
DF PROPERTIES
PARCEL ONE
3253 O.R. 693

N00° 18'27"E
25.00'
S89° 38'28"E
72.23'
N89° 38'28"W
47.21'
S00° 21'32"W
128.88'
N00° 21'32"E
154.33'
LD 2111-05-0103
50' TCE
N89° 21'09"E 2381.05'
S89° 21'09"W 2456.28'
BASELINE RD

20' HIGHWAY R/W
PER 95-026395

SEE SHEET 2

TEMP ACCESS RD.
SEE SHT. 3
VALVE LOT

EASEMENT No. 1
50' PLE

30' HIGHWAY EASEMENT
PER 2213 O.R. 26

EASEMENT INFORMATION

| TCE | AREA = 4.538 ACRES +/- |
|---|---|

BASIS OF BEARINGS

THE BASIS OF BEARINGS FOR THIS DESCRIPTION IS GEODETIC NORTH
DERIVED FROM CALIFORNIA STATE PLANE COORDINATES, CCS83,
ZONE 2. TO OBTAIN GRID BEARINGS, ROTATE THE BEARINGS SHOWN
HEREON BY 0° 01'51.6" COUNTERCLOCKWISE. TO OBTAIN GRID
DISTANCES, MULTIPLY THE DISTANCES SHOWN HEREON BY
0.99990858. ALL UNITS ARE U.S. SURVEY FEET.

PROFESSIONAL LAND SURVEYOR
RONALD E. MONSOUR
No. 8474
STATE OF CALIFORNIA
1/22/2018

SCALE: 1"-300'

PLE = PIPELINE EASEMENT
TCE = TEMPORARY CONSTRUCTION EASEMENT

N

REY.ENGINEERS,INC
CIVIL ENGINEERS AND SURVEYORS

| | EXHIBIT "A" | | J.C.N. 06-05-033 |
|---|---|---|---|
| Scale: 1"-300' | TEMPORARY CONSTRUCTION EASEMENT | | REG. NORTHERN |
| Date 1.19.2018 | LINE 407 ON DF PROPERTIES | PG&E | PROJECT AUTH. 30603988 |
| Drawn By RM | PACIFIC GAS AND ELECTRIC COMPANY | LAND | SHEET NO. 1 OF 3 |
| Checked By DPM | SACRAMENTO CAL. | ENGINEERING | DRAWING NUMBER CHANGE |



CITY OF ROSEVILLE
COUNTY OF PLACER
T.11N., R.6E., S. 36 M.D.M.

30' HIGHWAY EASEMENT
PER 2213 O.R. 24

PG&E PIPELINE EASEMENT
PER 2006-0025101

APN 498-010-019 & 20
(Formerly APN 017-151-029)
DF PROPERTIES
PARCEL ONE
3253 O.R. 693

ROAD RIGHT-OF-WAY
PER 2012-0062886

PUBLIC UTILITY EASEMENT
PER 2012-0062885

LD 2111-05-0103
50' TCE

N89° 30'32"E
65.76'

N84° 08'36"E
53.05'

N87° 50'32"E
281.57'  S88° 40'32"W
149.08'

N44° 37'14"E
56.80'

N89° 21'09"E
2381.05'

N89° 30'32"E 852.40'

FIDDYMENT RD

S00° 29'28"E
150.00'

SEE SHEET 1

S89° 21'09"W
2456.28'

S87° 50'32"W
279.59'

S89° 30'32"W 872.69'

BASELINE RD

S89° 30'32"W
45.10'

S84° 08'36"W
53.71'

S88° 40'32"W
148.35'

S44° 37'14"W
56.80'

EASEMENT No. 1
50' PLE

HIGHWAY EASEMENT
PER 97-0005703

EASEMENT INFORMATION

| TCE | AREA = 4.538 ACRES +/− |
|-----|------------------------|

BASIS OF BEARINGS

THE BASIS OF BEARINGS FOR THIS DESCRIPTION IS GEODETIC NORTH
DERIVED FROM CALIFORNIA STATE PLANE COORDINATES, CCS83,
ZONE 2. TO OBTAIN GRID BEARINGS, ROTATE THE BEARINGS
SHOWN HEREON BY 0°01'516" COUNTERCLOCKWISE. TO OBTAIN
GRID DISTANCES, MULTIPLY THE DISTANCES SHOWN HEREON BY
0.99990656. ALL UNITS ARE U.S. SURVEY FEET.

PROFESSIONAL LAND SURVEYOR
RONALD E. MONSOUR
No. 8474
STATE OF CALIFORNIA
1/22/2018

N

SCALE 1"-300'

PLE = PIPELINE EASEMENT
TCE = TEMPORARY CONSTRUCTION EASEMENT

REY ENGINEERS, INC

EXHIBIT "A"
TEMPORARY CONSTRUCTION EASEMENT
LINE 407 ON DF PROPERTIES
PACIFIC GAS AND ELECTRIC COMPANY
SACRAMENTO    CAL.

Scale: 1"-300'
Date 1.19.2018
Drawn By RM
Checked By DPM

J.C.N.    06-05-033
REG.    NORTHERN
PROJECT AUTH.  30803988
SHEET NO.  2  OF  3
DRAWING NUMBER | CHANGE

PG&E
LAND
ENGINEERING

Case: 19-30088    Doc# 4353    Filed: 10/21/19    Entered: 10/21/19 14:07:37    Page 41
of 77



CITY OF ROSEVILLE
COUNTY OF PLACER
T.11N., R.5E., S. 36 M.D.M.

APN 498-010-013
(Formerly APN 017-151-026)
PARCEL A
BK 18 S PG 118

APN 498-010-015
(Formerly APN 017-151-027)
DF PROPERTIES
PARCEL TWO
3253 O.R. 693

R=50'
D=24° 00'14"
L=20.94'

R=212.50'
D=20° 12'49"
L=74.97'

R=50'
D=41° 10'25"
L=35.93'

N00° 18'27"E
30.27'

N89° 38'28"W
41.87'

R=50'
D=138° 13'41"
L=120.63'

TEMP ACCESS RD.

R=27.83'
D=90° 46'12"
L=44.08'

R=50'
D=61° 49'08"
L=54.17'

50' TCE

EASEMENT No. 1
50' PLE

VALVE LOT

R=10.70'
D=83° 58'46"
L=15.69'

R=10.86'
D=82° 08'44"
L=15.57'

BASELINE RD.

S89° 31'11"W
45.43'

EASEMENT INFORMATION

| TEMPORARY ACCESS RD. | AREA = 0.340 ACRES +/- |
| --- | --- |

**BASIS OF BEARINGS**

THE BASIS OF BEARINGS FOR THIS DESCRIPTION IS GEODETIC NORTH
DERIVED FROM CALIFORNIA STATE PLANE COORDINATES, CCS83,
ZONE 2. TO OBTAIN GRID BEARINGS, ROTATE THE BEARINGS SHOWN
HEREON BY 0°01'51.6" COUNTERCLOCKWISE. TO OBTAIN GRID
DISTANCES, MULTIPLY THE DISTANCES SHOWN HEREON BY
0.99990656. ALL UNITS ARE U.S. SURVEY FEET.

PROFESSIONAL LAND SURVEYOR
RONALD E. MONSOUR
No. 8474
STATE OF CALIFORNIA
1/22/2016

N

SCALE: 1"=300'

PLE = PIPELINE EASEMENT
TCE = TEMPORARY CONSTRUCTION EASEMENT

REY ENGINEERS, INC
CIVIL ENGINEERS AND SURVEYORS

Scale: 1"=300'
Date 1.19.2016
Drawn By RM
Checked By DPM

**EXHIBIT "A"**
TEMPORARY ACCESS ROAD
LINE 407 ON DF PROPERTIES
PACIFIC GAS AND ELECTRIC COMPANY
SACRAMENTO        CAL.

PG&E
LAND
ENGINEERING

| J.C.N. | 08-05-033 |
| --- | --- |
| REG. | NORTHERN |
| PROJECT AUTH. | 30603088 |
| SHEET NO. 3 OF 3 | |
| DRAWING NUMBER | CHANGE |

**Attachment 2**

RECORDING REQUESTED BY AND RETURN TO:

**PACIFIC GAS AND ELECTRIC COMPANY**
**2730 Gateway Oaks, Ste 220**
**Sacramento, California 95833**

Location: City/Uninc_____
Recording Fee $_____
Document Transfer Tax $ _____
[ ] This is a conveyance where the consideration and
    Value is less than $100.00 (R&T 11911).
[ ] Computed on Full Value of Property Conveyed, or
[ ] Computed on Full Value Less Liens
    & Encumbrances Remaining at Time of Sale

_____
Signature of declarant or agent determining tax

(SPACE ABOVE FOR RECORDER'S USE ONLY)

LD 2111-05-0158

2015086 (06-05-033) 4 15 2A
LINE 407 PHASE 1

### TEMPORARY CONSTRUCTION EASEMENT

D F PROPERTIES, a California corporation,

hereinafter called Grantor, hereby grants to PACIFIC GAS AND ELECTRIC COMPANY, a California corporation, hereinafter called Grantee, a temporary easement, as defined below, to be used in connection with Grantee's pipe line construction and installation project, upon, over and across that certain real property in the City of Roseville, County of Placer, State of California, identified as Placer County Assessor's Parcel Number 017-150-089.

Said temporary easement is defined as follows:

The temporary right to use for working, pipe line preparation, hydro testing, laydown and staging areas, including the right to locate construction trailers and construction equipment including parking vehicles thereon, and the temporary right to enclose with a fence, the area outlined in a heavy dashed line on Drawing Number SL-1291 attached hereto and made a part hereof.

Upon completion of its pipe line construction and installation project, Grantee agrees to restore said temporary easement area to a condition as nearly as practicable to its condition prior to its use by Grantee.

Grantee agrees to indemnify Grantor against any loss and damage which shall be caused by any wrongful or negligent act or omission of Grantee or of its agents or employees in the course of their employment, provided, however, that this indemnity shall not extend to that portion of such loss or damage that shall have been caused by Grantor's comparative negligence or willful misconduct.

- 1 -

## Attachment 2

This easement is temporary and shall terminate upon the date of completion of Grantee's pipe line construction and installation project.

The provisions hereof shall inure to the benefit of and bind the successors and assigns of the respective parties hereto, and all covenants shall apply to and run with the land.

Dated this _____ day of _____, 20___.

D F PROPERTIES, a California corporation

By_____

By_____

Area 6
Sacramento Land Office
Gas Transmission

- 2 -

USGS location: T11N, R5E MDM, SE ½ SEC 36
FERC License Number(s): N/A
PG&E Drawing Number(s): SL-1291
PLAT NO. N/A
LD of any affected documents: N/A
LD of any Cross-referenced documents: 2111-05-0102
TYPE OF INTEREST: 05, 52
SBE Parcel Number: N/A
(For Quitclaims, % being quitclaimed) N/A
Order #: 30682530
JCN: 06-05-033
County: Placer
Utility Notice Numbers: N/A
851 Approval Application No._____ N/A
Prepared By: BCS6/ REY ENGINEERS, Inc
Checked By: BCS6
Revision Number: 1
 Ver 2 Added JUA to Exhibit, 5/5/15 BCS
 Ver 2A Removed Compensation Language 6/27/18

Case: 19-30088    Doc# 4353    Filed: 10/21/19    Entered: 10/21/19 14:07:37    Page 45 of 77



PLACER COUNTY
T.11N., R.5E., S. 36 M.D.B.&M.

ITEM 1(SCH B, PT II)
30' HIGHWAY EASEMENT
PER 2213 O.R. 24

ITEM 11(SCH B, PT II)
ROAD RIGHT-OF-WAY
PER 2012-0062886

ITEM 5&6(SCH B, PT II)
PG&E PIPELINE EASEMENT
PER 2006-0025101

ITEM 10(SCH B, PT II)
PUBLIC UTILITY EASEMENT
PER 2012-0062885 &
JOINT USE AGREEMENT
PER 2013-0002031

FIDDYMENT RD

APN 017-150-089
DF PROPERTIES
PARCEL ONE
3253 O.R. 693

N89°34'02"E
100.00

N00°25'58"W
300.00

S00°25'58"E
300.00

50' PLE

PARCEL 1
100' × 300' TCE

N66°38'56"W
131.16

BASELINE RD

S89°34'02"W
100.00

ITEM 4(SCH B, PT II)
HIGHWAY EASEMENT
PER 97-0005703

FND. 2-1/2" BRASS
DISC IN MON WELL
PER 18 R.S. 118

PROFESSIONAL LAND SURVEYOR
RON MONSOUR
No. 8474
Exp.
STATE OF CALIFORNIA

N

SCALE: 1"=200'

EASEMENT INFORMATION

| PARCEL 1 | AREA = 0.689 ACRES |
| --- | --- |

PLE = PIPELINE EASEMENT
TCE = TEMPORARY CONSTRUCTION EASEMENT

REY ENGINEERS, INC
CIVIL ENGINEERS AND SURVEYORS

Scale: 1"=200'
Date 5.05.15
Drawn By RM
Checked By DPM

*EXHIBIT "A-1"*

TEMPORARY CONSTRUCTION EASEMENT
LINE 407 ON DF PROPERTIES

PACIFIC GAS AND ELECTRIC COMPANY
SACRAMENTO        CAL.

PG&E
LAND
ENGINEERING

| J.C.N. | 06-05-033 |
| --- | --- |
| REG. | NORTHERN |
| PROJECT AUTH. | 30682530 |

| SHEET NO. | 1 | OF | 1 |
| --- | --- | --- | --- |
| DRAWING NUMBER | | | CHANGE |
| SL-1291 | | | |

Attachment 2

# EXHIBIT F



City Manager
311 Vernon Street
Roseville, California 95678

March 3, 2017

Mr. Stephen Rowland
Sedgwick LLP
333 Bush Street, 30th Floor
San Francisco, CA 94104

Re: PG&E Condemnation Actions in Placer County Superior Court
Case Nos. SCV0034539, SCV0035650, SCV0035651, SCV0035652

Mr. Rowland:

Pacific Gas and Electric Company ("PG&E") filed condemnation actions in Placer County Superior Court against several landowners to acquire portions of their property for the construction of a natural gas pipeline known as the PG&E Line 407 project ("Project"). One section of the PG&E Project runs parallel to Baseline Road in the Sierra Vista Specific Plan ("SVSP") area in Roseville, CA. The City of Roseville, a municipal corporation located in Placer County, CA, adopted the SVSP in May of 2010. Several landowners in the SVSP are named defendants in the PG&E condemnation actions, including:

- DF Properties, a California corporation (Case No. SCV0035649)
- John J. Guerra, Jr., Successor Trustee of the Cyril G. Barbaccia Irrevocable Trust dated December 15, 1976 (Case No. SCV 0035650)
- Baseline P&R, LLC (Case No. SCV0035651)
- KV Sierra Vista, LLC (Case No. SCV0035651)
- Baseline 80 Investors, LLC (Case No. SCV0035652)

As part of the approval process for the SVSP, the landowners named above were required to irrevocably offer to dedicate land to the City of Roseville for certain public improvements (easements, roads, infrastructure, parks and open space, etc.). At this time, the City of Roseville has not formally accepted those offers of dedication because the SVSP remains largely undeveloped, but intends to do so as the SVSP develops.

However, in light of the above facts, the City of Roseville does hereby confirm by this letter that it is not seeking any compensation from PG&E or the landowners as it relates to the above-mentioned condemnation actions and the areas subject to irrevocable offers of dedication to the City.

Sincerely,

Rob Jensen,
City Manager

cc: City Attorney

Exhibit No. 9
R. Jensen
3/29/17
Exhibit Affiliates
CCRR, RHR, CBH &. RHO

(916) 774-5362 • Fax • (916) 774-5486 TDD (916) 774-5220 • rdarling@roseville.ca.us • www.roseville.ca.us/citymanager

# PROOF OF SERVICE

I, LAURA A. FLOOD, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 101 Howard Street, Suite 400, San Francisco, California 94105-6125. On September 14, 2018, I served a copy of the within document(s):

## SECOND AMENDED COMPLAINT IN EMINENT DOMAIN

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ OVERNIGHT COURIER – by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via **FEDERAL EXPRESS**.

☐ I caused the above listed document(s) to be personally delivered via **FIRST LEGAL** to the person(s) at the address(es) set forth below.

☐ E-MAIL - by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Gary Livaich, Esq.
Brian Manning, Esq.
Kristen Ditlevsen Renfro, Esq.
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
15th & S Building
1830 15th Street
Sacramento, CA 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651
Email(s): glivaich@dnlc.net
bmanning@dnlc.net
krenfro@dnlc.net

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF #4845-3039-5482 v1

- 1 -

PROOF OF SERVICE

Case: 19-30088   Doc# 4353   Filed: 10/21/19   Entered: 10/21/19 14:07:37   Page 49 of 77

## Attachment 2

1    motion of the party served, service is presumed invalid if postal cancellation date or postage

2    meter date is more than one day after date of deposit for mailing in affidavit.

3          I declare under penalty of perjury under the laws of the State of California that the above

4    is true and correct.

5          Executed on September 14, 2018, at San Francisco, California.

6

7                                        LAURA A. FLOOD

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF #4845-3039-5482 v1           - 2 -

PROOF OF SERVICE

1  Stephen L. Schirle (Bar No. 96085)
   Cesar V. Alegria, Jr. (Bar No. 145625)
2  PACIFIC GAS AND ELECTRIC COMPANY
   P.O. Box 7442
3  San Francisco, CA 94120

4  **DIRECT CORRESPONDENCE TO:**

5  **SEDGWICK LLP**
   STEVEN D. ROLAND (Bar No. 108097)
6  RANDALL G. BLOCK (Bar No. 121330)
   GAIL E. KAVANAGH (Bar No. 154705)
7  NORA E. WETZEL (Bar No. 287773)
   333 Bush Street, 30th Floor
8  San Francisco, CA 94104
   Telephone: (415) 781-7900
9  Facsimile: (415) 781-2635

10 Attorneys for Plaintiff
   PACIFIC GAS AND ELECTRIC COMPANY

11

12        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13               **FOR THE COUNTY OF PLACER**

14

15 PACIFIC GAS AND ELECTRIC          CASE NO.  SCV 0035649
16 COMPANY, a California corporation,

17          Plaintiff,               APNs 017-151-027 and 017-151-029 (formerly
                                     017-150-027 and 017-150-089) (Portion)
18    vs.

19 DF PROPERTIES, a California
   corporation; GARY SHARP; DOES 1   **NOTICE OF ENTRY OF ORDER**
20 through 30, inclusive; and ALL PERSONS  **GRANTING PLAINTIFF PG&E'S MOTION**
   UNKNOWN CLAIMING AN INTEREST      **FOR PREJUDGMENT POSSESSION**
21 IN THE PROPERTY DESCRIBED IN
   THE COMPLAINT,
22
          Defendants.               Complaint Filed: December 31, 2014
23

24

25 ///

26 ///

27 ///

28

Sedgwick

1 | **TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2 | PLEASE TAKE NOTICE that, on August 26, 2015, the Court entered an Order granting

3 | plaintiff Pacific Gas and Electric Company's motion for prejudgment possession, a true and

4 | correct copy of which is attached hereto as Exhibit A.

5 | DATED: September 2, 2015      SEDGWICK LLP

6 |

7 | By: _____
         Gail E. Kavanagh
         Randall Block

8 |          Nora Wetzel
         Attorneys for Plaintiff

9 |          PACIFIC GAS AND ELECTRIC COMPANY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Sedgwick

# EXHIBIT A

1  Stephen L. Schirle (Bar No. 96085)
   Cesar V. Alegria, Jr. (Bar No. 145625)
2  PACIFIC GAS AND ELECTRIC COMPANY
   P.O. Box 7442
3  San Francisco, CA 94120

4  DIRECT CORRESPONDENCE TO:

5  SEDGWICK LLP
   STEVEN D. ROLAND (Bar No. 108097)
6  RANDALL G. BLOCK (Bar No. 121330)
   GAIL E. KAVANAGH (Bar No. 154705)
7  NORA E. WETZEL (Bar No. 287773)
   333 Bush Street, 30th Floor
8  San Francisco, CA 94104
   Telephone: (415) 781-7900
9  Facsimile: (415) 781-2635

10 Attorneys for Plaintiff
   PACIFIC GAS AND ELECTRIC COMPANY

11

12         SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                 FOR THE COUNTY OF PLACER

14 PACIFIC GAS AND ELECTRIC              CASE NO.  SCV 0035649
   COMPANY, a California corporation,
15
                Plaintiff,              [PROPOSED]
16                                      ORDER GRANTING MOTION FOR
                                        PREJUDGMENT POSSESSION
17       vs.

18 DF PROPERTIES, a California
   corporation; GARY SHARP; DOES 1
19 through 30, inclusive; and ALL PERSONS
   UNKNOWN CLAIMING AN INTEREST
20 IN THE PROPERTY DESCRIBED IN
   THE COMPLAINT,
21
                Defendants.

22

23         The motion of Plaintiff Pacific Gas & Electric Company for an order for possession

24 came regularly for hearing before the above-captioned Court on July 14, 2015.  Gail E.

25 Kavanagh appeared for Plaintiff; Gary Livaich and Brian Manning appeared for Defendants;

26 James Moore appeared on behalf of City of Roseville and DF Properties, and Joseph Mandell

27 appeared on behalf of City of Roseville.  Having considered the parties' written submissions

28 and comments at the hearing, the Court hereby orders that the motion is GRANTED for the

   reasons stated in the Court's Rulings on the Motion entered herein on July 24, 2015.

FILED
Superior Court of California
County of Placer

AUG 26 2015

Jake Chatters
Executive Officer & Clerk
By: T. Ducharme, Deputy

Sedgwick

1   IT IS HEREBY ORDERED that:

2   Pursuant to Code of Civil Procedure section 1255.410, PG&E is entitled to take

3 possession of the Property described in the Complaint on file herein 30 days after service of

4 this Order.

5

6 DATED: August 26, 2015

              Charles D. Wachob

7           JUDGE OF THE SUPERIOR COURT OF

8           PLACER COUNTY

9 Approved as to form:

10

11

12 Brian Manning
  Desmond, Nolan Livaich & Cunningham
13 Counsel for Defendants

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20536554v1

Case: 19-30088  Doc# 4353  Filed: 10/21/19  Entered: 10/21/19 14:07:37  Page 55 of 77

1
2

*Pacific Gas and Electric Company v. DF Properties, et al.*
**Placer County Superior Court, Case No. SCV 0035649**

3

## PROOF OF SERVICE

4
5
6

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick LLP, 333 Bush Street, 30th Floor, San Francisco, California 94104. On September 2, 2015, I served the within document(s):

7
8

**NOTICE OF ENTRY OF ORDER GRANTING PLAINTIFF PG&E'S MOTION FOR PREJUDGMENT POSSESSION**

9
10

☐    FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

11

☐    ELECTRONIC MAIL - by transmitting via e-mail the document(s) listed above to the e-mail address(es) set forth below.

12
13

☐    MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

14
15

☐    PERSONAL SERVICE – by causing personal delivery of the document(s) listed above to the person(s) at the address(es) set forth below via First Legal Support Services.

16
17

☑    OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via Federal Express.

18

| | |
|---|---|
| Gary Livaich, Esq.<br>Brian Manning, Esq.<br>Kristen Renfro, Esq.<br>DESMOND, NOLAN, LIVAICH<br> & CUNNINGHAM<br>15th & S Building<br>1830 15th Street<br>Sacramento, CA 95811 | *Attorneys for Defendants*<br><br>Telephone: (916) 443-2051<br>Facsimile: (916) 443-2651 |

19
20
21
22
23

24
25
26

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

27
28

Sedgwick..

1  I declare under penalty of perjury under the laws of the State of California that the above
2  is true and correct. Executed on September 2, 2015, at San Francisco, California.

3
4                                    Ramonette G. Mendoza

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Sedgwick LLP

PROOF OF SERVICE
2008984.v1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement"), effective as of February 1, 2016, ("the Effective Date"), is made by and between Pacific Gas and Electric Company ("PG&E") on the one hand and DF Properties, Inc. ("Owner") on the other hand.

### RECITALS

WHEREAS PG&E is undertaking construction of the Line 407 segment of the PG&E Line 406/407 Natural Gas Pipeline Project (the "Project"), which was approved by the California State Lands Commission ("CSLC") as Lead Agency pursuant to the California Environmental Quality Act (CEQA) after environmental review and certification of a Final Environmental Impact Report ("Final EIR") in November 2009;

WHEREAS the Project route approved by the CSLC, as reflected in the Final EIR, includes portions of the real property in which Owner holds an interest in Placer County, California ("Property");

WHEREAS PG&E has commenced an eminent domain action in the Superior Court for the County of Placer ("Court"), entitled *Pacific Gas & Electric Company v. DF Properties, LLC, et al.,* Case No. SCV 0035649 (the "Action"), for the purpose of obtaining the property interests described in the Complaint ("Property Interests");

WHEREAS the Court granted PG&E's Motion for Prejudgment Possession of the Property Interests;

WHEREAS Owner has requested that PG&E make certain adjustments to the Project alignment, and

WHEREAS PG&E is willing to accommodate Owner's request subject to the terms herein and in the Memorandum of Understanding, effective February 1, 2016, by and between PG&E, Owner, the owners of other properties within the Sierra Vista Specific Plan (collectively with Owner, the "Sierra Vista Owners") and the City of Roseville ("City"),

NOW, THEREFORE, in consideration of the terms and conditions herein, Owner and PG&E (the "Parties" and each a "Party") hereby agree as follows:

# Attachment 4

## 1. Possession and Use.

A.  Owner acknowledges and agrees that PG&E has the right to possess and use the Property Interests described in the Complaint filed in the Action pursuant to the Court's Order granting PG&E's Motion for Prejudgment Possession. Owner grants to PG&E the right to possess and use the additional and/or modified easements described and depicted in **Exhibits B, C and D** hereto. PG&E's rights to possession and use of the easements include all of the rights in and subject to the limitations described in Exhibits B, C and D, as expressly modified by the terms herein.

B.  Just compensation for the above-described easements will be determined by agreement of the parties or by judgment in the Action. Compensation for the temporary construction easement shall be based on a minimum one year time period, commencing the date construction starts. Additional time, if any, shall be compensated at the rate determined during the compensation phase of the eminent domain action. . In no event shall either the access or temporary construction easements extend beyond two years from the commencement of construction of the pipeline on the Property.

## 2. Agreed Adjustment of Alignment of Pipeline.

A.  In reliance upon Owner's description of and data relating to the expected future grade and future location of utilities on the Property, the 30-inch gas pipeline shall be designed and constructed within a 50'-wide permanent easement with a minimum depth of cover of 5 feet except for those portions of the pipeline constructed via Horizontal Directional Drill ("HDD"), sixteen utility sags with a 9-foot minimum depth of cover, and four major street crossings with a 13-foot minimum depth of cover as measured from future finished grades previously provided by MacKay & Somps. The installed minimum depth of cover is based on either current or future grade, whichever is deeper at the time the pipeline is constructed. Sag details, location of sags and street crossings, and horizontal location of the pipeline shall be constructed substantially consistent with the attached **Exhibit A** (GTS Plans for L-407 Baseline Road, 11 sheets dated 1/21/2016). PG&E acknowledges that Owner intends to build the roadways and other improvements depicted on Exhibit A, and such construction is consistent with the easement acquisitions necessary for PG&E's project. Exhibit A is for reference only and is not intended for construction purposes. GTS and PG&E will provide L-407 Phase 1,

Case: 19-30088    Doc# 4353    Filed: 10/21/19    Entered: 10/21/19 14:07:37    Page 59 of 77

Issued for Construction drawings when finalized.

        B.      PG&E will make reasonable Minor Adjustments in the vertical alignment of the Project to accommodate changes in Owner's development plans provided that any such adjustments are requested, with supporting engineered drawings, no later than August 1, 2016 or, if the construction start date (currently scheduled for February 1, 2017) is delayed, then 180 days before the revised construction start date. A "Minor Adjustment" is a change that will not increase the number of field bends in the pipeline, will not increase the width of any utility sags or road crossings, and will not require the use of different construction techniques or any additional or different approval(s) from the California State Lands Commission or any other agency.

      **3.**      **Additional Rights and Obligations Governing Property Interests.** In addition to the terms and conditions set forth in Exhibits B, C and D, PG&E's possession and use of the easements are subject to the following additional terms:

        A.      Final compaction over the portions of the pipeline installed by open trench construction shall achieve a relative minimum compaction of 85% within landscaped areas and 95% under all future roadways

        B.      PG&E shall provide Owner and the City with a schedule of major milestones for the pipeline construction project no later than February 15, 2016. PG&E will provide Owner and the City with updated construction schedules every six months or as substantial changes are made to the schedule

        C.      PG&E will instruct its contractor(s) to coordinate with the contractors engaged by Owner regarding construction activities, scheduling and temporary access. Either Owner or PG&E may request a meeting to coordinate construction activity

        D.      Any special construction techniques that may be required by PG&E (*i.e.* hand digging) for the future construction and placement of utilities to support the SVSP shall be limited to within 2-feet vertically and 5-feet horizontally from the edge of the L-407 pipeline once the pipeline has been physically located and marked. PG&E will waive any and all costs associated with PG&E facility location and inspection for the construction of future improvements in the vicinity of the gas line. All construction activity in the vicinity of the

pipeline shall otherwise be subject to requirements, standards and practices of Underground Service Alert of Northern/Central California and Nevada ("USA North")

      E.    Heavy equipment to be used over the installed pipeline shall conform to the Wheel Loading Table attached hereto as **Exhibit E.**

      F.    Pursuant to APM BIO-16 and APM BIO set forth in the Final EIR, PG&E will, upon completion of construction restore the permanent and temporary easement areas to their preexisting condition, including with respect to drainage patterns.

      G.    PG&E will compensate Owner for any damage to the Owner's property that may result from PG&E's exercise of its easement rights, including for replacement, in like kind, quality and number, of all surface, underground, and landscape improvements that are removed, damaged or destroyed by PG&E.

      H.    In the event that adherence to typical design and separation standards is not possible, Owner may request approval of atypical design as shown in Exhibit A, Sheet 11, which approval shall not be unreasonably withheld.

      I.    Prior to construction of any PG&E facilities within the City's jurisdiction, PG&E shall submit, as necessary, all plans for construction within the City's jurisdiction for review, comment, and approval, including grading, drainage, and traffic control plans.

      J.    PG&E shall be responsible for obtaining and effectuating all necessary approvals and permits, and paying all costs and fees necessary for the construction of the Project

      K.    After completion of construction of the Project, PG&E will provide the City as-built drawings.

      L.    The additional terms set forth in subparagraphs 3.A through 3.K above shall be incorporated into any Final Order of Condemnation entered in the Action or into any settlement agreement which resolves the issue in the Action.

    **4.**    **Escrow Account.**

      A.    PG&E will establish an interest-bearing escrow account with U.S. Bank with an opening balance of $1,000,000 (One Million Dollars) to be distributed to the Sierra Vista Owners as provided herein for extraordinary costs associated with the construction of all SVSP

utilities. Each of the Sierra Vista Owners may apply for distribution of funds from the account where (1) conflicts arise between SVSP utilities and any portion of the PG&E pipeline, (2) the actual as-built depth of cover of the pipeline is less than 9 feet, and (3) the conflict requires modification of the SVSP utility. All attempts to align SVSP utilities to cross at sag locations will be made.

   B. The monies in the fund, including accrued interest, will be available for a period of 20 years commencement of construction of the Project on any of the Sierra Vista Owners' properties.

   C. The funds shall be available to the Sierra Vista Owners on a pro-rata basis, calculated according to the relative length of the frontage of each property excluding (1) the HDD depths and (2) the areas within the bores and sags. The share of the funds available to each of the Sierra Vista Owners is set out in **Exhibit F.** The Sierra Vista Owners and their successors may reallocate the available funds at their discretion, provided that they give written notice of such reallocation to PG&E. In the event of any change of ownership of all or any portion of Owner's property such that any other person becomes entitled as a successor-in-interest to Owner to request distributions from the account funds, Owner shall promptly provide written notice of such change to PG&E as provided herein.

   D. Owner may request a disbursement of funds from the account by delivering to PG&E a request for disbursement including (1) Owner's name; (2) Owner's pro-rata share of the funds, pursuant to Subsection (C) above; (3) the amount of funds previously disbursed to Owner; (4) a description of the conflict and reason why the SVSP utility cannot be aligned to cross at a sag in the PG&E pipeline; and (4) appropriate engineered drawings and cost estimates, showing the nature and location of the asserted conflict and the estimated cost of modifying the utility. Within 30 days of receipt of such a request, PG&E shall determine whether the asserted conflict meets the criteria described above. PG&E staff time necessary for the review of plans, or observation and inspection of construction shall be at PG&E's sole cost.

   E. Nothing in this Agreement or in the MOU shall be deemed or construed to be an admission by PG&E that the Project will or is likely to increase Owner's cost of developing the Property in any amount.

Case: 19-30088 Doc# 4353 Filed: 10/21/19 Entered: 10/21/19 14:07:37
of 77

5. **Relocation of Baseline Pressure Reducing Station.**

A. Subject to PG&E obtaining all necessary approvals from the California State Lands Commission (CSLC) and any other necessary agency approvals, PG&E agrees to relocate and construct the Pressure Reducing Station (PRS) on Specific Plan Parcels CG-70 and DF-40 located east of Market Street as depicted in Exhibit A and in general conformity with **Exhibit G** hereto. (Exhibit G is subject to further refinement.) The grading of the site will conform to the future rough grade of the adjacent property as provided by Owners provided that proper site drainage is facilitated. Owners acknowledge and agree that it may be reasonably necessary for PG&E to go outside of the boundaries of the temporary construction easement to effectuate the grading.

B. In reliance upon the Owners' representation that they unanimously support and agree to the relocation of the PRS as depicted in Exhibits A and F, and that the relocation of the PRS will be deemed permissible under the current EIR for the Sierra Vista Specific Plan without further formal publicly-circulated environmental review (i.e., without a subsequent or supplemental environmental impact report [EIR] or a new mitigated negative declaration or negative declaration, as opposed to an addendum to the Final Environmental Impact Report certified by the City of Roseville in 2010), PG&E is proceeding with efforts to obtain approval of the relocation from the California State Lands Commission (CSLC) if required by CSLC or to expedite any other required agency approvals related to the relocation. In coordination with Owners and the City, PG&E will use best efforts to try to obtain all necessary approvals from the CSLC and/or any other agency for the PRS relocation. Such efforts will include communicating with CSLC staff; presenting to CSLC staff an application for variance (after seeking and obtaining input from the Owners and City on a draft application); providing all information requested by staff in and subsequent to the application; investigating whether a formal or informal appeal to the Commission would be available to either PG&E, the City, or the Owners in the event that CSLC staff were to deny the proposed variance; sharing with the City and the Owners the information received regarding the existence of any such formal or informal appeal to the Commission; and, if the application is denied by staff, making use of such procedures, if any, as may be available to request review of the denial by the Commission, provided that such review will not result in further formal publicly-circulated environmental review (i.e., a subsequent EIR or supplemental EIR or a new mitigated negative declaration or negative

declaration, as opposed to an addendum to the Final Environmental Impact Report certified by the SLC in 2009). In the event of a denial of the variance application by CSLC staff, the Owners and the City shall also have the right to make use of whatever procedure(s) may be available to seek review of such a denial by the Commission. PG&E will notify the affected Owners (i.e., those on whose properties the PRS is to be relocated) and the City of any and all meetings it has with the CSLC staff to discuss the CSLC process for reviewing the variance and/or the relocation of the PRS, and the affected Owners and the City will have a right to attend those meetings accompanied by legal counsel of their own choosing. If, despite PG&E's best efforts, the CSLC declines to approve the relocation in reliance on the Amended Final EIR without further formal publicly-circulated environmental review (i.e., without a new EIR, a subsequent EIR, a supplemental EIR, a mitigated negative declaration, or a negative declaration, as opposed to a variance or addendum to the Amended Final EIR), or if the CSLC and/or any other necessary agency approvals have not been granted within eight (8) months of submittal of a completed application therefor, Owners and the City will not oppose, object to or challenge construction of the PRS construction at the original FEIR approved location. If, at the end of the 8-month period, PG&E reasonably believes that the necessary approvals will be granted within a reasonable period, then PG&E may extend the period for an additional thirty (30) days.

C.     In the event that the approval of the PRS relocation by CSLC or any other agency imposes conditions on the relocation, and if additional permanent or temporary property interests would be required to comply with such conditions, then Owners shall provide, and PG&E shall compensate the Owners for, such additional property interests to PG&E to permit PG&E to comply with the condition.

D.     Ultimate access into the PRS will be from the future Ronten Road. PG&E will complete the final access improvements into the PRS within three months of the completion of Ronten Road or three months of receipt of City of Roseville Permit(s) for installation of such access, whichever is later. Interim access will be from the future Market Street, which will likely be constructed before Ronten Road. Until Market Street is built, PG&E may construct a temporary access road to the PRS from Baseline to the gates of the PRS, within a 50 foot wide corridor along the east side of the PRS. The parties acknowledge and agree that the temporary access road depicted on Sheet 1 of Exhibit B may have to be revised in order to avoid impacting wetlands or other environmental resources. In that event, PG&E agrees that the access road may

be revised to avoid such resources and the Affected Owners agree that they will provide such additional or different property interests as necessary to accommodate the change, at no cost to PG&E. The temporary road will be removed by PG&E and the area will be restored to rough grade as provided by the Owners within 120 days of the date that Owners give notice to PG&E that Market Street is paved and available for PG&E's use. Alternatively, the temporary roadway will be removed by the subject Owner at PG&E's cost.

   E.  PG&E shall grade the entire area around and within 25 feet of the PRS to ultimate rough grade and construct the masonry wall to match the finished grade as provided by the Owners.

   F.  The PRS shall be enclosed with an 8-foot high masonry wall with access gates, all of which must be in conformance with the SVSP Design Guidelines. The PRS design, including fencing, must comply with PG&E Corporate Security requirements. In the event of any conflict between the SVSP Design Guidelines and the PG&E Corporate Security requirements, the latter shall govern and the City will grant any necessary variance(s) from the Design Guidelines.

   G.  Within 45 days of the execution of the Settlement Agreements, PG&E shall make a one-time payment to the subject Owners for the current cost of installation of landscaping around the PRS. The landscaping cost shall be based on the SVSP design criteria, and the cost of the landscaping and installation shall be calculated by MacKay & Somps in conjunction with all necessary consultants.

   H.  Due to the relocation of the PRS, the storm drain located at the Market Place intersection, as shown on the exhibit accompanying the Owners' and City's proposal will be relocated to avoid conflict with the PRS. In addition, the width of the pipeline offset for the intersection may be adjusted to accommodate for the PRS' proximity to the intersection.

   I.  Temporary power to the PRS will be supplied by Roseville Electric. Prior to construction, PG&E shall coordinate its power requirements with Roseville Electric. In the event that permanent underground power is not available to the site, a temporary overhead line will be extended to the site. The Owners or City will provide a temporary public utility easement for the temporary line once the alignment is set. All costs associated with the design and construction of the temporary overhead line will be the responsibility of PG&E. Once permanent

underground power is extended to the site, PG&E will remove the temporary facilities.

      **6.**      **Temporary Restricted Road Access**. Owner acknowledges and agrees that the relocation of the Pressure Reducing Station as described above will require PG&E to temporarily block access from Baseline Road to A Street and Upland Drive and may require temporarily restricted (but not blocked) access to Fiddyment Road. PG&E will, in coordination with the City, use reasonable means to minimize the extent of any interference with traffic on Fiddyment Road and to limit the period of any such impact on access to roadways. PG&E will make every effort to ensure no roadway is blocked for more than two weeks. PG&E will coordinate with the City and prepare a traffic control plan to address the access impacts caused by its Project.

      **7.**      **Claims and Defenses in the Action**

      A.      PG&E will amend its Complaint filed in the Action as necessary to ensure consistency with this Agreement. Owner will execute a Stipulation for Filing of Amended Complaint for filing with the Court. Owner agrees and acknowledges that the filing of the Amended Complaint does not constitute an abandonment of any portion of any of the eminent domain actions. The date of valuation is the Effective Date.

      B.      In consideration of the terms and conditions herein, Owner waives any right to challenge PG&E's right to take and possess the Property Rights in the Action.

      C.      In further consideration of PG&E's funding of the escrow account described in Section 4 above, Owner agrees that any appraisal and opinion of just compensation submitted by Owner in the Action will not include potential increased construction costs as a factor in determining just compensation in the Action.

      D.      Subject to the above, PG&E and Owner reserve all rights and arguments with respect to the amount of just compensation to be paid for PG&E's acquisition of the Property Rights.

      E.      Under and consistent with the terms of section 1268.510 of the California Code of Civil Procedure, PG&E reserves the right to abandon the Action in whole or in part.

      F.      Upon the payment of just compensation as determined by a settlement or judgment after trial, Owner will execute, notarize and deliver to PG&E deeds conveying the Easements as described in Exhibits B and C hereto.

G.     PG&E shall withdraw its Memorandum of Costs filed in the declaratory relief action, and waives claims, if any, to other litigation expenses and costs incurred as part of the declaratory relief or CPUC actions.

8.     **Owner's Representations**. Owner represents and warrants:

A.     Owner has the full right, power and legal authority to enter into this Agreement, and to carry out Owner's obligations under this Agreement.

B.     Owner is not aware of any legal, administrative, or other proceeding or inquiry pending against the Property or against Owner which could affect Owner's title to the Property, or the value of the Property, or subject Owner to liability with respect to the Property.

C.     Owner is not aware of any attachments, execution proceedings, or assignments for the benefit of creditors, insolvency, bankruptcy, reorganization or other proceedings pending against Owner.

D.     Owner has not entered into any contracts for the sale of the Property or any portion thereof to any person.

E.     Owner acknowledges that to the best of its knowledge, it is not aware of any rights held by any person within the easement areas on the Owner's property, other than the rights described in the Litigation Guarantee provided by PG&E. Each Owner will also agree that any rights granted to any person after the Effective Date of this Memorandum will not be senior to the rights conveyed to PG&E by this Memorandum or to be conferred by the Easement Deeds.

9.     **Settlement Payment**.

A.     In consideration of the terms and conditions herein, and upon receipt of a Form W-9 completed and signed by Owner, PG&E shall pay Owner the sum of $5,000, which sum will be credited against the amount of just compensation ultimately determined to be due to the Property Owner for PG&E's acquisition of the Property Interests.

B.     PG&E shall reimburse Owner and the other Sierra Vista property owners who are parties to the Memorandum of Understanding, jointly and collectively, for engineering costs in an amount of $150,000 as evidenced by invoices provided by Owners.

**10.** **Cooperation.** Owner shall cooperate with PG&E, the other SVSP Owners and the City to obtain all necessary approvals from the CSLC and other agencies for the Project modifications and will confirm to the California State Lands Commission that the Project as modified fully complies with PG&E's obligations under Mitigation Measure LU-1d.

**11.** **Indemnification.** PG&E shall indemnify Owner against any loss and damage caused by any wrongful or negligent act or omission of PG&E or of its agents or employees in the course of their employment arising from or related to its use of the Property Interests under this Agreement, provided, however, that this indemnity shall not extend to that portion of such loss or damage that shall have been caused by Owner's comparative negligence or willful misconduct.

**12.** **Entire Agreement.** This Agreement, together with the Memorandum of Understanding between the Parties dated February 1, 2016, which is incorporated herein by this reference as though set forth in full, reflects the entire agreement between the Parties and shall supersede all prior or contemporaneous agreements, discussions, understandings or promises, written or oral, between the Parties concerning PG&E's possession and use of the Easements. In the event of any discrepancy between then terms in this Agreement and the terms of the Memorandum of Understanding, the provisions of this Agreement shall govern the parties' rights and obligations.

**13.** **Governing Law.** This Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of California.

**14.** **Interpretation.** The Parties agree that the terms and provisions of this Agreement embody their mutual intent and that such term and conditions are not to be construed more liberally in favor of, or more strictly against, either Party.

**15.** **Notices.** All notices required or permitted to be given hereunder shall be delivered by certified mail as follows:

To Owner:

DF Properties, Inc.
c/o Jeff Ronten
2013 Opportunity Dr., Ste. 140
Roseville, CA 95678

To PG&E:

Seth Curran
Pacific Gas and Electric Company
Land Management
2730 Gateway Oaks Dr. Suite #220
Sacramento, CA 95833

    With a copy to:

Cesar V. Alegria, Jr., Esq.
Pacific Gas & Electric Company
Legal Department
P.O. Box 7442
San Francisco, CA 94120

A party may provide written notice of any change of the party's designated contact person(s), which notice shall be effective fifteen (15) days after receipt by the other party.

    **16.**    **Successors in Interest**. This Agreement shall not be recorded but a Memorandum of Settlement Agreement may be recorded. This Agreement shall be binding on and inure to the benefit of the heirs, devisees, executors, administrators, legal representatives, successors and assigns of the Parties.

    **17.**    **Fees and Costs**. Except as otherwise provided in this Agreement, each party shall bear its attorneys' fees and legal costs incurred in connection with negotiating the matters described in this Agreement.

    **18.**    **Severability**. In case any part, term, portion or provision of this Agreement is determined to be illegal, invalid or unenforceable, the remaining parts, terms, portions and provisions shall remain valid, enforceable, and in full force and effect.

    **19.**    **Amendment**. Owner's and PG&E's obligations under this Agreement may not be altered or amended in any respect except by a writing executed by Owner and PG&E.

    **20.**    **Authority to Execute and Bind**. Each of the Parties represents and warrants that the person executing this Agreement on the Party's behalf has full and complete legal authority to do so and thereby bind the Party to this Agreement.

    **21.**    **Counterparts**. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

Case: 19-30088    Doc# 4353    Filed: 10/21/19    Entered: 10/21/19 14:07:37    Page 69 of 77

## Attachment 4

IN WITNESS WHEREOF, the Parties have executed this Agreement.

**DF Properties, LLC**

By _____
        Jeff Ronten

_Exec. VP/CFO_
       (title)

**Pacific Gas & Electric Company**

By _Matthew Pender_

_Matthew Pender_
      (print name)

_Director, Land Management_
      (title)

## GRADING WORK AGREEMENT

D.F. Properties, a California Corporation ("DF"), John J. Guerra, Successor Trustee of the Cyril G. Barbaccia Irrevocable Trust dated December 15, 1976 ("CGB Trust"), and Pacific Gas and Electric Company, a California corporation ("PG&E") (collectively, "Parties"), in support of their agreement ("Agreement"), recite and agree as follows:

## RECITALS

A.      PG&E filed its complaints in eminent domain on December 31, 2014 to take easement interests in portions of DF's property and the CGB Trust's property for the construction and operation of PG&E's Line 407 pipeline project.

B.      In response to the complaint, DF and the CGB Trust objected to PG&E's right to take, alleging that the location, design, and construction of the pipeline, including the pressure reducing station ("PRS"), did not achieve the greatest public good with the least private injury. PG&E obtained an order of possession in each action.

C.      After good faith and intensive negotiations, following issuance of the order of possession, the Parties reached a resolution of the issues related to the location, design, and construction of PG&E's pipeline, including the PRS, subject to conditions as set out in a Memorandum of Understanding and Settlement Agreements executed by the Parties.

D.      The agreed upon relocation of the PRS necessitates the filling of a wetland area, which will be filled in by DF as part of their commercial development.

E.      The issuance of a regional general permit ("Permit") by the U.S. Army Corps of Engineers is required in order to perform necessary grading work related to filling the wetland, and thus relocating the PRS.

## AGREEMENT

NOW THEREFORE, the Parties hereto agree as follows:

1.      Incorporation of Recitals and Definitions.  The foregoing recitals are true and are an integral part of this Agreement. The foregoing definitions are fully incorporated herein.

2.      Notices.  DF shall submit any and all necessary notices to the U.S. Army Corps of Engineers so as to effectuate the issuance of the Permit.

3.      Grading Work Completion.  DF shall take all reasonably necessary steps to complete grading work related to filling the wetland and relocating the PRS to the location, adjacent to the easterly boundary of future Market Street, straddling the Properties owned by DF (APN 017-151-027) and the CGB Trust (APN 017-151-025 "New Location"), by May 31, 2017. DF will deliver a completed pad ready for construction of the PRS and will deliver confirmation that the wetlands have been filled in accord with all permitting requirements. CGB Trust shall not do anything to restrict DF's access to that portion of CGB Trust's property necessary for grading work.  By executing this Agreement, the CGB Trust grants a right of entry to DF Properties and

84478941v1

authorizes DF Properties to enter that portion of the property owned by the CGB Trust which is necessary to complete the grading work.

4.    If the grading is not completed by May 31, 2017, for any reason, PG&E will at its discretion, install a temporary PRS at the originally planned location on Parcel One of DF's property (APN 017-150-089), just west of the intersection of Baseline Road and Fiddyment Road, to facilitate operation of Line 407 during the winter of 2017-2018. PG&E will install the permanent PRS at the New Location, during 2018, assuming all necessary permits and variances are obtained to do so. PG&E and DF Properties agree to meet and confer in good faith to discuss an extension of the deadline if the work is not completed by May 31, 2017.

5.    Subject to completion by DF by May 31, 2017, or a subsequent date as agreed upon by the parties pursuant to paragraph 4 above, of all grading necessary to allow construction of the PRS at the New Location, PG&E will pay costs of construction, including mitigation fees, up to approximately $271,000, but subject to review and approval, which will not be unreasonably withheld, by PG&E of specific cost items as items are submitted to PG&E for review. Future reimbursements will be to the same payer. PG&E hereby specifically approves mitigation fees for Toad Hill Ranch and Western Placer Schools mitigation bank of $30,250 and $78,000 respectively and PG&E will reimburse these expenses by check payable to "DNLC Trust Account."

6.    <u>Successors and Assigns</u>. The rights and obligations of the Parties pursuant to this Agreement shall inure to, and be binding upon, their respective successors, assigns, heirs, and personal representatives.

7.    <u>Integration Clause</u>. All agreements of the Parties with respect to the subject matter hereof are in writing and supersede all prior agreements and understandings of the Parties with respect thereto. This Agreement cannot be modified except by a written document signed by all Parties.

8.    <u>Further Assurances</u>. The Parties hereby agree to execute such other documents and to take such actions as may reasonably be necessary to further the purpose of this Agreement.

9.    <u>Force Majeure</u>. DF will not be liable for performance delays nor for nonperformance due to causes beyond its reasonable control or unforeseen circumstances that make completing the grading impractical, particularly the occurrence of adverse weather events or governmental regulations or restrictions, provided that, if grading is not completed, paragraph 4 will be invoked.

**IN ACCEPTANCE OF WHICH**, the Parties have executed this Agreement by their authorized representatives as of the date set forth below.

///
///
///
///
///
///
///

84478941v1

## Attachment 5

Dated: March **24**, 2017

**D.F. PROPERTIES, a California Corporation**

By: _____

Printed: _JEFF RONTEN_

Title: _EXEC. VP/CFO_

Dated: March ___, 2017

**John J. Guerra, Successor Trustee of the Cyril G. Barbaccia Irrevocable Trust dated December 15, 1976**

By: _____

Printed: _____

Title: _____

Dated: March ___, 2017

**PACIFIC GAS & ELECTRIC COMPANY, a California Corporation**

By: _____

Printed: _____

Title: _____

**Approved as to form:**

**SEDGWICK LLP**

_____

Steven D. Roland, Attorney for Pacific Gas and Electric Company

**DESMOND, NOLAND, LIVAICH & CUNNINGHAM**

_____

Brian T. Manning, Attorney for D.F. Properties and John J. Guerra, Successor Trustee of the Cyril G. Barbaccia Irrevocable Trust dated December 15, 1976

84478941v1

# Attachment 5

Dated: March ____, 2017

**D.F. PROPERTIES, a California Corporation**

By:_____

Printed: _____

Title:_____

Dated: March _23_, 2017

**John J. Guerra, Successor Trustee of the Cyril G. Barbaccia Irrevocable Trust dated December 15, 1976**

By: _~~(signature)~~_____

Printed: _John Guerra Jr_____

Title: _Trustee_____

Dated: March ____, 2017

**PACIFIC GAS & ELECTRIC COMPANY, a California Corporation**

By:_____

Printed: _____

Title:_____

**Approved as to form:**

**SEDGWICK LLP**

_____

Steven D. Roland, Attorney for Pacific Gas and Electric Company

**DESMOND, NOLAND, LIVAICH & CUNNINGHAM**

_____

Brian T. Manning, Attorney for D.F. Properties and John J. Guerra, Successor Trustee of the Cyril G. Barbaccia Irrevocable Trust dated December 15, 1976

## Attachment 6

### FIRST AMENDMENT TO GRADING WORK AGREEMENT

D.F. Properties, a California Corporation ("DF"), John J. Guerra, Successor Trustee of the Cyril G. Barbaccia Irrevocable Trust dated December 15, 1976 ("CGB Trust"), and Pacific Gas and Electric Company, a California corporation ("PG&E"), hereby amend the Grading Work Agreement signed by the parties on March 24, 2017, March 23, 2017, and March 30, 2017 respectively (the "Agreement"), with reference to the following facts:

### RECITALS

A. On June 15, 2017, the parties to the Agreement met and conferred as required therein.

B. The terms used in this amendment shall have the same meaning as they are used in the Agreement.

C. Except as amended herein, the Agreement shall remain in full force and effect.

### AGREEMENT

The parties now amend the Agreement as follows (with reference to the paragraph in the original Agreement:

4. Paragraph 4 is amended by deleting the last sentence.

5. Paragraph 5 is deleted, and the following paragraph inserted in its place:

Subject to completion by July 19, 2017, of all grading necessary to allow construction of the PRS at the New Location, PG&E will pay costs of construction, including mitigation fees, up to approximately $271,000, but subject to review and approval, which will not be unreasonably withheld, by PG&E of specific cost items as items are submitted to PG&E for review. Time is of the essence for completion of the grading and delivery of the site for construction of the PRS at the New Location. If DF fails to complete the grading and deliver the completed site to PG&E by July 19, 2017, PG&E shall be relieved of all payment obligations hereunder. The Force Majeure clause, paragraph 9, shall not apply to DF's obligation to complete the grading of and deliver the site by July 19, 2017. Should the grading not be completed by July 19, 2017, DF shall not be liable for or otherwise subject to any damages, increased costs, losses, or other impacts PG&E may incur.

**IN ACCEPTANCE OF WHICH,** the Parties have executed this Agreement by their authorized representatives as of the date set forth below.

Dated: July 14, 2017          D.F. PROPERTIES, a California Corporation

By: _____

Printed: _JEFF RONTEN_

Title: _EXEC. VP/CFO_

## Attachment 6

Dated: July _11_, 2017

John J. Guerra, Successor Trustee of the
Cyril G. Barbaccia Irrevocable Trust dated
December 15, 1976

By: _____

Printed: __John J. Guerra Jr.__

Title: __CEO__

Dated: July ___, 2017

PACIFIC GAS & ELECTRIC COMPANY,
a California Corporation

By: _____

Printed: _____

Title: _____

Approved as to form:

SEDGWICK LLP

_____

Randall Block, Attorney for
Pacific Gas and Electric Company

DESMOND, NOLAND, LIVAICH & CUNNINGHAM

_____

Brian T. Manning, Attorney for D.F.
Properties and John J. Guerra,
Successor Trustee of the Cyril G. Barbaccia
Irrevocable Trust dated December 15, 1976

## Attachment 6

Dated: July ___, 2017

John J. Guerra, Successor Trustee of the
Cyril G. Barbaccia Irrevocable Trust dated
December 15, 1976

By:_____

Printed:_____

Title:_____

Dated: July ___, 2017

PACIFIC GAS & ELECTRIC COMPANY,
a California Corporation

By:_____

Printed:_____

Title:_____

Approved as to form:

SEDGWICK LLP

_____

Randall Block, Attorney for
Pacific Gas and Electric Company

DESMOND, NOLAND, LIVAICH & CUNNINGHAM

_____

Brian T. Manning, Attorney for D.F.
Properties and John J. Guerra,
Successor Trustee of the Cyril G. Barbaccia
Irrevocable Trust dated December 15, 1976