Debtor 1    **Pacific Gas & Electric Company**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: **Northern District of California**

Case number   **19-30089**

## Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

### Part 1:   Identify the Claim

| | |
|---|---|
| 1. **Who is the current creditor?** | KV Sierra Vista, LLC <br> *Name of the current creditor (the person or entity to be paid for this claim)* <br><br> Other names the creditor used with the debtor _____ |
| 2. **Has this claim been acquired from someone else?** | ☑ No <br> ☐ Yes. From whom? _____ |

3. **Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

KV Sierra Vista, LLC c/o DNLC
Name

1830 15th Street, 2nd Floor
Number    Street

Sacramento    **CA**    95811
City    State    ZIP Code

Contact phone 916-443-2051

Contact email rcunningham@dnlc.net

**Where should payments to the creditor be sent? (if different)**

Name

Number    Street

City    State    ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

| | |
|---|---|
| 4. **Does this claim amend one already filed?** | ☑ No <br> ☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____ <br>    MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No <br> ☐ Yes. Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |

6. **Do you have any number you use to identify the debtor?**
   ☑ No
   ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

7. **How much is the claim?**   $ _Unknown_____ . **Does this amount include interest or other charges?**
   ☐ No
   SEE ATTACHMENT
   ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.
   SEE ATTACHMENT

9. **Is all or part of the claim secured?**
   ☐ No
   ☐ Yes. The claim is secured by a lien on property.     SEE ATTACHMENT

   **Nature of property:**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   Value of property:                              $_____
   Amount of the claim that is secured:       $_____
   Amount of the claim that is unsecured:  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   Amount necessary to cure any default as of the date of the petition:   $_____

   **Annual Interest Rate** (when case was filed)_____%
   ☐ Fixed
   ☐ Variable

10. **Is this claim based on a lease?**
    ☑ No
    ☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

11. **Is this claim subject to a right of setoff?**
    ☑ No
    ☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☐ No | | |
|---|---|---|---|
| | ☐ Yes. *Check one:* | | Amount entitled to priority |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | | |

---

**Part 3:  Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   10/21/2019
                    MM / DD / YYYY

/s/ J. RUSSELL CUNNINGHAM
Signature

Print the name of the person who is completing and signing this claim:

| Name | J. RUSSELL CUNNINGHAM | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | ATTORNEY AT LAW | | |
| Company | DESMOND, NOLAN, LIVAICH & CUNNINGHAM | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 1830 15TH STREET, 2ND FLOOR | | |
| | Number       Street | | |
| | SACRAMENTO | CA | 95811 |
| | City | State | ZIP Code |
| Contact phone | 916-443-2051 | Email | |

## Attachment 1

KV Sierra Vista, LLC ("KV") is the fee title owner of real property located in Placer County, California, identified by Assessor's Parcel Numbers 499-010-014, 499-010-017, 499-010-018, and 499-010-032 (formerly 017-151-044 and 017-151-046).

KV's claim is for just compensation pursuant to the Takings clause of the Fifth Amendment to the United States Constitution and Article I, section 19 of the California Constitution, and such other compensation as is or will become due, pursuant to a Settlement Agreement that resolved the Debtor's right to take in Placer County Case No. SCV 0039709, executed and effective on or about February 1, 2016, and pursuant to a Side Agreement fully executed on or about September 17, 2019, in conjunction with a Stipulation for Entry of Judgment in Condemnation. The Settlement Agreement, without voluminous exhibits, is supplied herewith as **Attachment 2**. The Stipulation for Entry of Judgment in Condemnation, without voluminous exhibits, is attached hereto as **Attachment 3**. The Side Agreement is supplied herewith, without voluminous exhibits, is supplied herewith as **Attachment 4**. The Judgment in Condemnation, entered pursuant thereto on October 1, 2019, is supplied, as **Attachment 5**.

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement"), effective as of February 1, 2016, ("the Effective Date"), is made by and between Pacific Gas and Electric Company ("PG&E") on the one hand KV Sierra Vista, LLC ("Owner") on the other hand.

## RECITALS

WHEREAS PG&E is undertaking construction of the Line 407 segment of the PG&E Line 406/407 Natural Gas Pipeline Project (the "Project"), which was approved by the California State Lands Commission ("CSLC") as Lead Agency pursuant to the California Environmental Quality Act (CEQA) after environmental review and certification of a Final Environmental Impact Report ("Final EIR") in November 2009;

WHEREAS the Project route approved by the CSLC, as reflected in the Final EIR, includes portions of the real property in which Owner holds an interest in Placer County, California ("Property");

WHEREAS PG&E has commenced an eminent domain action in the Superior Court for the County of Placer ("Court"), entitled *Pacific Gas & Electric Company v. Baseline P&R, LLC, et al.,* Case No. SCV 0035651 (the "Action"), for the purpose of obtaining the property interests described in the Complaint ("Property Interests");

WHEREAS the Court granted PG&E's Motion for Prejudgment Possession of the Property Interests;

WHEREAS Owner has requested that PG&E make certain adjustments to the Project alignment, and

WHEREAS PG&E is willing to accommodate Owner's request subject to the terms herein and in the Memorandum of Understanding, effective February 1, 2016, by and between PG&E, Owner, the owners of other properties within the Sierra Vista Specific Plan (collectively with Owner, the "Sierra Vista Owners") and the City of Roseville ("City"),

NOW, THEREFORE, in consideration of the terms and conditions herein, Owner and PG&E (the "Parties" and each a "Party") hereby agree as follows:

1.  **Possession and Use.**

    A.  Owner acknowledges and agrees that PG&E has the right to possess and

1 of 9

use the Property Interests described in the Complaint filed in the Action pursuant to the Court's Order granting PG&E's Motion for Prejudgment Possession. Owner grants to PG&E the right to possess and use the additional and/or modified easements described and depicted in **Exhibits B and C** hereto. PG&E's rights to possession and use of the easements include all of the rights in and subject to the limitations described in Exhibits B and C, as expressly modified by the terms herein.

        B.     Just compensation for the above-described easements will be determined by agreement of the parties or by judgment in the Action. Compensation for the temporary construction easement shall be based on a minimum one year time period, commencing the date construction starts. Additional time, if any, shall be compensated at the rate determined during the compensation phase of the eminent domain action. In no event shall either the access or temporary construction easements extend beyond two years from the commencement of construction of the pipeline on the Property.

        **2.**     **Agreed Adjustment of Alignment of Pipeline.**

        C.     In reliance upon Owner's description of and data relating to the expected future grade and future location of utilities on the Property, the 30-inch gas pipeline shall be designed and constructed within a 50'-wide permanent easement with a minimum depth of cover of 5 feet except for those portions of the pipeline constructed via Horizontal Directional Drill ("HDD"), sixteen utility sags with a 9-foot minimum depth of cover, and four major street crossings with a 13-foot minimum depth of cover as measured from future finished grades previously provided by MacKay & Somps. The installed minimum depth of cover is based on either current or future grade, whichever is deeper at the time the pipeline is constructed. Sag details, location of sags and street crossings, and horizontal location of the pipeline shall be constructed substantially consistent with the attached **Exhibit A** (GTS Plans for L-407 Baseline Road, 11 sheets dated 1/21/2016). PG&E acknowledges that Owner intends to build the roadways and other improvements depicted on Exhibit A, and such construction is consistent with the easement acquisitions necessary for PG&E's project. Exhibit A is for reference only and is not intended for construction purposes. GTS and PG&E will provide L-407 Phase 1, Issued for Construction drawings when finalized.

        D.     PG&E will make reasonable Minor Adjustments in the vertical alignment of the Project to accommodate changes in Owner's development plans provided that any such adjustments are requested, with supporting engineered drawings, no later than August 1, 2016 or,

if the construction start date (currently scheduled for February 1, 2017) is delayed, then 180 days before the revised construction start date. A "Minor Adjustment" is a change that will not increase the number of field bends in the pipeline, will not increase the width of any utility sags or road crossings, and will not require the use of different construction techniques or any additional or different approval(s) from the California State Lands Commission or any other agency.

3.    **Additional Rights and Obligations Governing Property Interests.**  In addition to the terms and conditions set forth in Exhibits B and C, PG&E's possession and use of the Property Interests are subject to the following additional terms:

A.    Final compaction over the portions of the pipeline installed by open trench construction shall achieve a relative minimum compaction of 85% within landscaped areas and 95% under all future roadways

B.    PG&E shall provide Owner and the City with a schedule of major milestones for the pipeline construction project no later than February 15, 2016. PG&E will provide Owner and the City with updated construction schedules every six months or as substantial changes are made to the schedule

C.    PG&E will instruct its contractor(s) to coordinate with the contractors engaged by Owner regarding construction activities, scheduling and temporary access. Either Owner or PG&E may request a meeting to coordinate construction activity

D.    Any special construction techniques that may be required by PG&E (*i.e.* hand digging) for the future construction and placement of utilities to support the SVSP shall be limited to within 2-feet vertically and 5-feet horizontally from the edge of the L-407 pipeline once the pipeline has been physically located and marked. PG&E will waive any and all costs associated with PG&E facility location and inspection for the construction of future improvements in the vicinity of the gas line. All construction activity in the vicinity of the pipeline shall otherwise be subject to requirements, standards and practices of Underground Service Alert of Northern/Central California and Nevada ("USA North")

E.    Heavy equipment to be used over the installed pipeline shall conform to the Wheel Loading Table attached hereto as **Exhibit D.**

F.    Pursuant to APM BIO-16 and APM BIO set forth in the Final EIR, PG&E will, upon completion of construction restore the permanent and temporary easement areas to

Case: 19-30088    Doc# 4359    Filed: 10/21/19    Entered: 10/21/19 14:15:08    Page 7 of 57

their preexisting condition, including with respect to drainage patterns.

        G.    PG&E will compensate Owner for any damage to the Owner's property that may result from PG&E's exercise of its easement rights, including for replacement, in like kind, quality and number, of all surface, underground, and landscape improvements that are removed, damaged or destroyed by PG&E.

        H.    In the event that adherence to typical design and separation standards is not possible, Owner may request approval of atypical design as shown in Exhibit A, Sheet 11, which approval shall not be unreasonably withheld.

        I.    Prior to construction of any PG&E facilities within the City's jurisdiction, PG&E shall submit, as necessary, all plans for construction within the City's jurisdiction for review, comment, and approval, including grading, drainage, and traffic control plans.

        J.    PG&E shall be responsible for obtaining and effectuating all necessary approvals and permits, and paying all costs and fees necessary for the construction of the Project

        K.    After completion of construction of the Project, PG&E will provide the City as-built drawings.

        L.    The additional terms set forth in subparagraphs 3.A through 3.K above shall be incorporated into any Final Order of Condemnation entered in the Action or into any settlement agreement which resolves the issue in the Action.

    **4.    Escrow Account.**

        A.    PG&E will establish an interest-bearing escrow account with U.S. Bank with an opening balance of $1,000,000 (One Million Dollars) to be distributed to the Sierra Vista Owners as provided herein for extraordinary costs associated with the construction of all SVSP utilities. Each of the Sierra Vista Owners may apply for distribution of funds from the account where (1) conflicts arise between SVSP utilities and any portion of the PG&E pipeline, (2) the actual as-built depth of cover of the pipeline is less than 9 feet, and (3) the conflict requires modification of the SVSP utility. All attempts to align SVSP utilities to cross at sag locations will be made.

        B.    The monies in the fund, including accrued interest, will be available for a period of 20 years commencement of construction of the Project on any of the Sierra Vista Owners' properties.

   C. The funds shall be available to the Sierra Vista Owners on a pro-rata basis, calculated according to the relative length of the frontage of each property excluding (1) the HDD depths and (2) the areas within the bores and sags. The share of the funds available to each of the Sierra Vista Owners is set out in **Exhibit E.** The Sierra Vista Owners and their successors may reallocate the available funds at their discretion, provided that they give written notice of such reallocation to PG&E. In the event of any change of ownership of all or any portion of Owner's property such that any other person becomes entitled as a successor-in-interest to Owner to request distributions from the account funds, Owner shall promptly provide written notice of such change to PG&E as provided herein.

   D. Owner may request a disbursement of funds from the account by delivering to PG&E a request for disbursement including (1) Owner's name; (2) Owner's pro-rata share of the funds, pursuant to Subsection (C) above; (3) the amount of funds previously disbursed to Owner; (4) a description of the conflict and reason why the SVSP utility cannot be aligned to cross at a sag in the PG&E pipeline; and (4) appropriate engineered drawings and cost estimates, showing the nature and location of the asserted conflict and the estimated cost of modifying the utility. Within 30 days of receipt of such a request, PG&E shall determine whether the asserted conflict meets the criteria described above. PG&E staff time necessary for the review of plans, or observation and inspection of construction shall be at PG&E's sole cost.

   E. Nothing in this Agreement or in the MOU shall be deemed or construed to be an admission by PG&E that the Project will or is likely to increase Owner's cost of developing the Property in any amount.

  **5.** **Relocation of Baseline Pressure Reducing Station.** Subject to PG&E obtaining all necessary approvals from the California State Lands Commission (CSLC) and any other necessary agency approvals, PG&E agrees to relocate and construct the Pressure Reducing Station (PRS) on Specific Plan Parcels CG-70 and DF-40 located east of Market Street as depicted in Exhibit A.

  **6.** **Temporary Restricted Road Access.** Owner acknowledges and agrees that the relocation of the Pressure Reducing Station as described above will require PG&E to temporarily block access from Baseline Road to A Street and Upland Drive and may require temporarily restricted (but not blocked) access to Fiddyment Road. PG&E will, in coordination with the City, use reasonable means to minimize the extent of any interference with traffic on Fiddyment Road and to limit the period of any such impact on access to roadways. PG&E will make every

Case: 19-30088 Doc# 4359 Filed: 10/21/19 Entered: 10/21/19 14:15:08 Page 9 of 57

effort to ensure no roadway is blocked for more than two weeks. PG&E will coordinate with the City and prepare a traffic control plan to address the access impacts caused by its Project.

**7.     Claims and Defenses in the Action**

F.      PG&E will amend its Complaint filed in the Action as necessary to ensure consistency with this Agreement. Owner will execute a Stipulation for Filing of Amended Complaint for filing with the Court. Owner agrees and acknowledges that the filing of the Amended Complaint does not constitute an abandonment of any portion of any of the eminent domain actions. The date of valuation is the Effective Date.

G.      In consideration of the terms and conditions herein, Owner waives any right to challenge PG&E's right to take and possess the Property Rights in the Action.

H.      In further consideration of PG&E's funding of the escrow account described in Section 4 above, Owner agrees that any appraisal and opinion of just compensation submitted by Owner in the Action will not include potential increased construction costs as a factor in determining just compensation in the Action.

I.      Subject to the above, PG&E and Owner reserve all rights and arguments with respect to the amount of just compensation to be paid for PG&E's acquisition of the Property Rights.

J.      Under and consistent with the terms of section 1268.510 of the California Code of Civil Procedure, PG&E reserves the right to abandon the Action in whole or in part.

K.      Upon the payment of just compensation as determined by a settlement or judgment after trial, Owner will execute, notarize and deliver to PG&E deeds conveying the Easements as described in Exhibits B and C hereto.

L.      PG&E shall withdraw its Memorandum of Costs filed in the declaratory relief action, and waives claims, if any, to other litigation expenses and costs incurred as part of the declaratory relief or CPUC actions.

**8.     Owner's Representations.** Owner represents and warrants:

A.      Owner has the full right, power and legal authority to enter into this Agreement, and to carry out Owner's obligations under this Agreement.

B.      Owner is not aware of any legal, administrative, or other proceeding or inquiry pending against the Property or against Owner which could affect Owner's title to the

Property, or the value of the Property, or subject Owner to liability with respect to the Property.

    C.  Owner is not aware of any attachments, execution proceedings, or assignments for the benefit of creditors, insolvency, bankruptcy, reorganization or other proceedings pending against Owner.

    D.  Owner has not entered into any contracts for the sale of the Property or any portion thereof to any person.

    E.  Owner acknowledges that to the best of its knowledge, it is not aware of any rights held by any person within the easement areas on the Owner's property, other than the rights described in the Litigation Guarantee provided by PG&E. Each Owner will also agree that any rights granted to any person after the Effective Date of this Memorandum will not be senior to the rights conveyed to PG&E by this Memorandum or to be conferred by the Easement Deeds.

  **9.**  **Settlement Payment.**

    A.  In consideration of the terms and conditions herein, and upon receipt of a Form W-9 completed and signed by Owner, PG&E shall pay Owner the sum of $5,000, which sum will be credited against the amount of just compensation ultimately determined to be due to the Property Owner for PG&E's acquisition of the Property Interests.

    B.  PG&E shall reimburse Owner and the other Sierra Vista property owners who are parties to the Memorandum of Understanding, jointly and collectively, for engineering costs in an amount of $150,000 as evidenced by invoices provided by Owners.

  **10.**  **Cooperation.** Owner shall cooperate with PG&E, the other SVSP Owners and the City to obtain all necessary approvals from the CSLC and other agencies for the Project modifications and will confirm to the California State Lands Commission that the Project as modified fully complies with PG&E's obligations under Mitigation Measure LU-1d.

  **11.**  **Indemnification.** PG&E shall indemnify Owner against any loss and damage caused by any wrongful or negligent act or omission of PG&E or of its agents or employees in the course of their employment arising from or related to its use of the Property Interests under this Agreement, provided, however, that this indemnity shall not extend to that portion of such loss or damage that shall have been caused by Owner's comparative negligence or willful misconduct.

  **12.**  **Entire Agreement.** This Agreement inclusive of its exhibits, together with the Memorandum of Understanding between the Parties dated February 1, 2016, which is

incorporated herein by this reference as though set forth in full, reflects the entire agreement between the Parties and shall supersede all prior or contemporaneous agreements, discussions, understandings or promises, written or oral, between the Parties concerning PG&E's possession and use of the Easements. In the event of any discrepancy between then terms in this Agreement and the terms of the Memorandum of Understanding, the provisions of this Agreement shall govern the parties' rights and obligations.

13.     **Governing Law**. This Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of California.

14.     **Interpretation**. The Parties agree that the terms and provisions of this Agreement embody their mutual intent and that such term and conditions are not to be construed more liberally in favor of, or more strictly against, either Party.

15.     **Notices.**  All notices required or permitted to be given hereunder shall be delivered by certified mail as follows:

To Owner:

KV Sierra Vista, LLC
c/o Chris Vrame
3445 American River Dr., Suite A
Sacramento, CA 95864

To PG&E:

Seth Curran
Pacific Gas and Electric Company
Land Management
2730 Gateway Oaks Dr. Suite #220
Sacramento, CA 95833

With a copy to:

Cesar V. Alegria, Jr., Esq.
Pacific Gas & Electric Company
Legal Department
P.O. Box 7442
San Francisco, CA 94120

A party may provide written notice of any change of the party's designated contact person(s), which notice shall be effective fifteen (15) days after receipt by the other party.

16.     **Successors in Interest**. This Agreement shall not be recorded but a Memorandum of Settlement Agreement may be recorded.  This Agreement shall be binding on and inure to the

benefit of the heirs, devisees, executors, administrators, legal representatives, successors and assigns of the Parties.

17.     **Fees and Costs**. Except as otherwise provided in this Agreement, each party shall bear its attorneys' fees and legal costs incurred in connection with negotiating the matters described in this Agreement.

18.     **Severability**. In case any part, term, portion or provision of this Agreement is determined to be illegal, invalid or unenforceable, the remaining parts, terms, portions and provisions shall remain valid, enforceable, and in full force and effect.

19.     **Amendment**. Owner's and PG&E's obligations under this Agreement may not be altered or amended in any respect except by a writing executed by Owner and PG&E.

20.     **Authority to Execute and Bind.** Each of the Parties represents and warrants that the person executing this Agreement on the Party's behalf has full and complete legal authority to do so and thereby bind the Party to this Agreement.

21.     **Counterparts**. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties have executed this Agreement.

KV Sierra Vista, LLC                          **Pacific Gas & Electric Company**

By _____              By _____

_CHris N. VRAme_
(print name)                                                  (print name)

_MANAging Member_
(title)                                                              (title)

SF #4813-5763-6144 v1

Case: 19-30088     Doc# 4359     Filed: 10/21/19     Entered: 10/21/19 14:15:08     Page 13 of 57

benefit of the heirs, devisees, executors, administrators, legal representatives, successors and assigns of the Parties.

      17.    **Fees and Costs.** Except as otherwise provided in this Agreement, each party shall bear its attorneys' fees and legal costs incurred in connection with negotiating the matters described in this Agreement.

      18.    **Severability.** In case any part, term, portion or provision of this Agreement is determined to be illegal, invalid or unenforceable, the remaining parts, terms, portions and provisions shall remain valid, enforceable, and in full force and effect.

      19.    **Amendment.** Owner's and PG&E's obligations under this Agreement may not be altered or amended in any respect except by a writing executed by Owner and PG&E.

      20.    **Authority to Execute and Bind.** Each of the Parties represents and warrants that the person executing this Agreement on the Party's behalf has full and complete legal authority to do so and thereby bind the Party to this Agreement.

      21.    **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties have executed this Agreement.

**KV Sierra Vista, LLC**                      **Pacific Gas & Electric Company**

By _____         By _____

     Chris N. Vrame                     Chris Medders
        (print name)                           (print name)

     Managing Member              Manager Land Acquisition
         (title)                               (title)

SF #4813-5763-6144 v1

Case: 19-30088   Doc# 4359   Filed: 10/21/19   Entered: 10/21/19 14:15:08   Page 14 of 57

1 | Elizabeth Collier (SBN 148537)
Cesar Alegria (SBN 145625)
2 | PG&E Law Dept.

3 | **DIRECT CORRESPONDENCE TO:**
Steven D. Roland (SBN 108097)
4 | E-mail: sroland@bwslaw.com
Randall G. Block (SBN 121330)
5 | E-mail: rblock@bwslaw.com
Nora E.B. Wetzel (SBN 287773)
6 | E-mail: nwetzel@bwslaw.com
Kara L. DiBiasio (SBN 294547)
7 | E-mail: kdibiasio@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
8 | 101 Howard Street, Suite 400
San Francisco, CA 94105-6125
9 | Tel: 415.655.8100    Fax: 415.655.8099

10 | Attorneys for Plaintiff
PACIFIC GAS AND ELECTRIC COMPANY

11 |

12 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

13 | FOR THE COUNTY OF PLACER

14 |

15 | PACIFIC GAS AND ELECTRIC
COMPANY, a California corporation,

16 | Plaintiff,

17 | KV SIERRA VISTA, LLC, a California
limited liability company; DOES 1 through
18 | 30, inclusive; and ALL PERSONS
UNKNOWN CLAIMING AN INTEREST
19 | IN THE PROPERTY DESCRIBED IN THE
COMPLAINT,

20 | Defendants.

CASE NO. SCV 0039709

APNs 499-010-032, 499-010-018, 499-010-017, 499-010-014, formerly 017-151-046, 017-151-044 (Portion)

**STIPULATION FOR ENTRY OF JUDGMENT IN CONDEMNATION**

Plaintiff Pacific Gas and Electric Company ("PG&E") and defendant KV Sierra Vista

LLC ("Defendant") stipulate as follows:

1.    The Amended Complaint in Eminent Domain was filed on April 20, 2018 for

the purpose of acquiring certain property interests as described in the Amended Complaint in

Eminent Domain on property located in the County of Placer, State of California and designated

as a portion of Assessor's Parcel No. 499-010-014, 499-010-017, 499-010-018, 499-010-032

-1-

STIPULATION FOR ENTRY OF JUDGMENT IN CONDEMNATION
SF #4850-0262-3905 v2

1    (formerly 017-151-044, 017-151-046) owned of record by KV Sierra Vista LLC. The Second

2    Amended Complaint in Eminent Domain was filed on June 27, 2019 for the purpose of acquiring

3    certain property interests as described in the Second Amended Complaint ("Property Interests")

4    on property located in the County of Placer, State of California and designated as a portion of

5    Assessor's Parcel No. 499-010-014, 499-010-017, 499-010-018, 499-010-032 (formerly 017-

6    151-044, 017-151-046), owned of record by KV Sierra Vista LLC ("Property"). The Property

7    Interests are described in the Judgment in Condemnation (Exhibit 1) and Final Order of

8    Condemnation (Exhibit 2) submitted herewith and incorporated by reference herein.

9        2.     PG&E has sought to acquire the Property Interests for the Line 407 Project,

10   which is a public use, and the taking in condemnation is necessary for that public use.

11        3.     KV Sierra Vista LLC is the sole fee owner of the Property, subject to other

12   encumbrances of record.

13        4.     Pursuant to a settlement agreed to by the parties, the agreed total compensation

14   to be paid by PG&E is the sum of nine hundred seven thousand and five hundred dollars

15   ($907,500), which includes the settlement amount of $900,000 in compensation for the

16   temporary construction easements and permanent easements, and an agreed-upon amount of

17   $7,500 to address issues associated with filing of the second amended complaint, and all interest,

18   fees, and costs, plus execution of the Side Agreement between PG&E and KV clarifying and

19   providing additional specificity of the rights and obligations of the parties. The agreed total

20   compensation and the Side Agreement includes compensation and consideration for all claims

21   made by Defendant in this case including, without limitation, temporary construction easements,

22   permanent easements, access easements, severance damages, loss of goodwill, legal fees and

23   costs. Within fifteen (15) days of the court executing the Judgment in Condemnation, PG&E

24   shall deliver to Desmond, Nolan, Livaich & Cunningham a check payable to DNLC Trust in

25   trust for KV Sierra Vista LLC in the amount of nine hundred seven thousand and five hundred

26   dollars ($907,500).

27        5.     Defendant shall provide an Acknowledgment of Satisfaction of Judgment

28   within 10 business days of receipt of the payment of nine hundred seven thousand and five

1   hundred dollars ($907,500) in agreed total compensation and a copy of the fully executed Side

2   Agreement, and will not include any commentary, allegations, or attachments that are in addition

3   to or contrary to this Stipulation.

4         6.      The Court is authorized and petitioned to enter without further notice a

5   Judgment in Condemnation, a copy of which is attached hereto as Exhibit 1, decreeing that the

6   Property Interests described therein are taken and condemned as authorized by law and

7   adjudging that the sum of nine hundred seven thousand and five hundred dollars ($907,500) is

8   the total just compensation due in the proceeding. Once the total just compensation of $907,500

9   is paid to Desmond, Nolan, Livaich & Cunningham in trust for defendant KV Sierra Vista LLC,

10  the Court is authorized to enter the Final Order of Condemnation attached hereto as Exhibit 2.

11  This total compensation is in full payment for the taking of the Property Interests described in

12  PG&E's Second Amended Complaint in Eminent Domain, and for the release and discharge of

13  "all reasonably foreseeable damage to [defendant's] property resulting from the acquisition and

14  the construction of the proposed public improvements ... and by reason of the 'necessary,

15  natural, and ordinary use' of the property for the public purpose for which it was acquired" by

16  PG&E, *Ellena v. State of California* (1977) 69 Cal.App.3d 245, 254, including severance

17  damages, loss of goodwill, interest, costs and attorneys' fees. The parties agree that PG&E is

18  entitled to return of its deposit in the sum of $351,600, the amount of probable just compensation

19  PG&E deposited with the State Condemnation Deposits Fund in *PG&E v. Baseline P&R LLC* et

20  al., Placer County Superior Court Case No. SCV 0035651,[1] pursuant to Code of Civil Procedure

21  section 1255.010 *et seq.*, plus any interest earned thereon.

22        7.      Each party shall be responsible for its own costs and legal fees, and no party

23  shall recover its costs or legal fees from any other.

24

25

26  ---
[1] PG&E did not withdraw its deposit of probable compensation in the *PG&E v. Baseline P&R*
27  *LLC* action ("Baseline P&R action") when that action was settled because Baseline P&R
    conveyed property subject of the Baseline P&R action to defendant KV Sierra Vista LLC during
28  the pendency of the Baseline P&R action. Thus, the deposit PG&E made in the Baseline P&R
    action remained with the State Condemnation Deposits Fund.

84854751v1

-3-

STIPULATION FOR ENTRY OF JUDGMENT IN CONDEMNATION

1       8.      This Stipulation may be executed in counterparts. Each fully executed

2  counterpart shall constitute an original of this Agreement. Signatures may be obtained and

3  exchanged via facsimile.

4

5                               PACIFIC GAS AND ELECTRIC COMPANY

6  DATED: ~~August~~ Sept. 27, 2019

7                               By: _Aimee Crawford_
                                Title: _Director, Land Management_

8                               KV SIERRA VISTA LLC

9  DATED: ~~August~~ Sept 13, 2019

10                              By: _Chris N. Vrame_
                                Title: _Manager_

11

12 APPROVED AS TO FORM            BURKE, WILLIAMS & SORENSEN LLP

13 DATED: ~~August~~ 9/16, 2019

14                              By: Steven Roland

15

16 APPROVED AS TO FORM            DESMOND, NOLAN, LIVAICH &
                                CUNNINGHAM

17 DATED: ~~August~~ Sept 13, 2019

18                              By: Brian Manking

19

20

21

22

23

24

25

26

27

28

84854751v1

SF #4850-0262-3905 v2

**Attachment 4**

**SIDE AGREEMENT**

This Agreement is made by and between PACIFIC GAS AND ELECTRIC COMPANY ("PG&E") on the one hand and KV SIERRA VISTA LLC ("KV") on the other.

**RECITALS**

WHEREAS PG&E has installed a natural gas transmission pipeline ("Line 407" or the "Project") to meet the growing demand for natural gas in the Sacramento Valley region;

WHEREAS KV has granted to PG&E certain property rights, including a permanent easement and temporary construction easement, on parcels of real property owned of record by KV and designated as APNs 499-010-014, 499-010-017, 499-010-018, and 499-010-032, (formerly 017-151-044 and 017-151-046) in Placer County, California (the "Property") as part of the Project, by Stipulation for Entry of Judgment and Order, Judgment in Condemnation, and Final Order of Condemnation;

WHEREAS, the Parties agree to additional terms with respect to PG&E's rights on the Property;

NOW, THEREFORE, the Parties hereby enter into this Agreement and agree as follows:

**AGREEMENT**

**1.    Additional Pipelines**

PG&E will meet and confer with KV regarding the location of any other pipes to be installed on the easement, but PG&E retains sole and unfettered discretion over the final decision on placement and location of additional pipes, when and if needed. PG&E cannot commit to no other pipes in the easement.

PG&E and KV will discuss placing any additional pipes running parallel to the 30- inch Line 407 pipeline, south of said Line 407, but PG&E retains sole and unfettered discretion over the final decision and location of additional pipes, when and if needed.

PG&E agrees that it will not replace Line 407 with a pipe larger than 30 inches in diameter for a period of 50 years from the date of execution of this Side Agreement.

**2.    Above-Ground Facilities**

No other Pressure Limiting Station or similar sized facility (such as exists on the westerly corner of DF Properties' parcels (APN 498-010-019, 498-010-020 formerly 017-151-029)) will be constructed on the Property.

PG&E has no current plans to install a gas distribution regulating station on the Property, but the future need for such facility on the Property will be determined in PG&E's sole and unfettered discretion.

Any gas distribution regulating station that PG&E may decide is necessary to be located on the Property will be limited to a single facility consisting of three below ground vaults with associated covers, and six vent stacks, a control cabinet on a concrete pad, and an antenna pole, similar in look and size to the photos in the attached **Exhibit A**, except with a larger number of vaults and stacks. PG&E will meet and confer regarding the location of any gas distribution regulating station on the Property, and PG&E will consider locating the station away from intersections, but PG&E retains sole and unfettered discretion regarding the location of the station. No other above-ground improvements (other than gas distribution regulating station), other than those typical and necessary for suburban development, such as above-ground piping or appurtenances, will be installed by PG&E on the Property.

3.     **Landscaping Within Easement**

PG&E agrees to abide by the "Guide to Safe Landscaping near Gas Pipelines" document dated 11/9/17, attached as **Exhibit B**, and the "Gas Pipeline Encroachment Management Utility Standard TD 4490S dated 6/21/17, attached as **Exhibit C**, as those documents may be revised in the future.

PG&E will repair and replace any disturbance or damage to landscaping on the Property with in-kind landscaping and improvements which is consistent with the easement, Baseline Marketplace Design Guidelines, attached as **Exhibit D**, and the above-referenced standards.

A ten foot buffer around the gas distribution regulating station, if one is necessary in PG&E's sole and unfettered discretion, will apply, which will limit the planting of any large trees.

4.     **Signage**

Typical suburban signage consistent with the SVSP Design and related guidelines and PG&E's guidelines, once prepared at an engineering level, will be permitted by way of an encroachment permit, so long as agreed terms can be reached regarding location and design, with ultimate decision to enter a contract and support a permit in the sole and unfettered discretion of PG&E. Approval of the California Public Utilities Commission or other agency may also be required.

PG&E gas line markers will be limited to only those necessary as determined by PG&E in its sole and unfettered discretion. Alternative markers, such as three-foot tall pole markers, as opposed to the larger orange and white cross-hatched markers, will be used where possible as determined by PG&E in its sole and unfettered discretion, based on discussion with KV as KV's plans develop.

PG&E will discuss marker location with KV, but PG&E reserves the right, in its sole and unfettered discretion, to make ultimate decision on location.

5.     **Use Outside 50 Foot Wide Easement**

Except as required in case of emergency or as agreed to in writing or by court order,

## Attachment 4

PG&E will not enter onto or use any portion of the Property other than the 50 foot strip or other areas where it enjoys property rights. Emergency is defined as "anything, including any unplanned event, that jeopardizes public safety or the integrity of PG&E's facilities."

### 6. Access

PG&E will limit access to the easement through public roads, except in case of emergency (as defined above). Should it be necessary to block any entrance, PG&E will ensure a temporary driveway will be constructed and any disturbed areas will be returned to original condition.

### 7. Entire Agreement.

This Side Agreement is an integrated contract and contains the entire Side Agreement between the parties; there are no prior or contemporaneous terms or conditions not here presented. The terms of this Side Agreement are contractual and not a mere recital. Any modification to this Side Agreement must be in writing, and signed by the Party to be charged.

### 8. Successors and Assigns

This Side Agreement shall be binding on successors and assigns whether the Property is voluntarily or forcibly transferred.

### 9. Controlling Agreement

In the event of a conflict between the Final Order of Condemnation and this Side Agreement, this Side Agreement shall control.

PACIFIC GAS AND ELECTRIC COMPANY

DATED: September 17, 2019

By: _Aimee Crawford_

Title: _Director, Land Management_

KV SIERRA VISTA LLC

DATED: September __, 2019

By: _____

Title: _____

Page 3 of 4

PG&E will not enter onto or use any portion of the Property other than the 50 foot strip or other areas where it enjoys property rights. Emergency is defined as "anything, including any unplanned event, that jeopardizes public safety or the integrity of PG&E's facilities."

**6. Access**

PG&E will limit access to the easement through public roads, except in case of emergency (as defined above). Should it be necessary to block any entrance, PG&E will ensure a temporary driveway will be constructed and any disturbed areas will be returned to original condition.

**7. Entire Agreement.**

This Side Agreement is an integrated contract and contains the entire Side Agreement between the parties; there are no prior or contemporaneous terms or conditions not here presented. The terms of this Side Agreement are contractual and not a mere recital. Any modification to this Side Agreement must be in writing, and signed by the Party to be charged.

**8. Successors and Assigns**

This Side Agreement shall be binding on successors and assigns whether the Property is voluntarily or forcibly transferred.

**9. Controlling Agreement**

In the event of a conflict between the Final Order of Condemnation and this Side Agreement, this Side Agreement shall control.

PACIFIC GAS AND ELECTRIC COMPANY

DATED: September __, 2019

By: _____

Title: _____

KV SIERRA VISTA LLC

DATED: September 13 2019

By: CHRIS N. VRAME

Title: MANAGER

Case: 19-30088    Doc# 4359    Filed: 10/21/19    Entered: 10/21/19 14:15:08    Page 22 of 57

Approved as to form

DATED: September __, 2019

BURKE, WILLIAMS & SORENSEN LLP

_____

Steven D. Roland, Attorney of Record for Plaintiff
Pacific Gas and Electric Company

Approved as to form

DATED: September __, 2019

DESMOND, NOLAN, LIVAICH &
CUNNINGHAM

_____

Brian T. Manning, Attorney of Record for
Defendant KV Sierra Vista LLC

# Attachment 4

Approved as to form                          BURKE, WILLIAMS & SORENSEN LLP

DATED: September __, 2019

_____

Steven D. Roland, Attorney of Record for Plaintiff
Pacific Gas and Electric Company

Approved as to form                          DESMOND, NOLAN, LIVAICH &
CUNNINGHAM

DATED: September 17, 2019

Brian T. Manning, Attorney of Record for
Defendant KV Sierra Vista LLC

```
FILED
Superior Court of California
County of Placer

OCT 01 2019

Jake Chatters
Executive Officer & Clerk
By: M. Taylor, Deputy
```

1   Elizabeth Collier (SBN 148537)
    Cesar Alegria (SBN 145625)
2   PG&E Law Dept.

3   **DIRECT CORRESPONDENCE TO:**
    Steven D. Roland (SBN 108097)
4   E-mail: sroland@bwslaw.com
    Randall G. Block (SBN 121330)
5   E-mail: rblock@bwslaw.com
    Nora E.B. Wetzel (SBN 287773)
6   E-mail: nwetzel@bwslaw.com
    Kara L. DiBiasio (SBN 294547)
7   E-mail: kdibiasio@bwslaw.com
    BURKE, WILLIAMS & SORENSEN, LLP
8   101 Howard Street, Suite 400
    San Francisco, CA 94105-6125
9   Tel: 415.655.8100   Fax: 415.655.8099

10  Attorneys for Plaintiff
    PACIFIC GAS AND ELECTRIC COMPANY

11

12          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13               **FOR THE COUNTY OF PLACER**

14

15  PACIFIC GAS AND ELECTRIC           CASE NO.  SCV 0039709
    COMPANY, a California corporation,
16                                     APNs 499-010-032, 499-010-018, 499-010-
              Plaintiff,               017, 499-010-014, formerly 017-151-046, 017-
17                                     151-044 (Portion)
    KV SIERRA VISTA, LLC, a California
18  limited liability company; DOES 1 through
    30, inclusive; and ALL PERSONS
19  UNKNOWN CLAIMING AN INTEREST       **JUDGMENT IN CONDEMNATION**
    IN THE PROPERTY DESCRIBED IN THE
20  COMPLAINT,

21            Defendants.

22          IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the total

23  compensation to be paid for the taking of the Property Interests described herein in Exhibit 1

24  ("the Property Interests") attached hereto and made a part hereof is the sum of nine hundred

25  seven thousand and five hundred dollars ($907,500) inclusive of the settlement amount of

26  $900,000 for compensation for the temporary construction easements and permanent easements,

27  an agreed-upon amount of $7,500 to be paid in connection with the filing of the second amended

28  complaint, and all interest, fees, and costs ("Total Just Compensation"). This Total Just

84854751v1
                                    -1-
                          JUDGMENT IN CONDEMNATION
SF #4849-8456-4900 v1

1   Compensation plus Side Agreement entered into between the parties is in full payment and

2   consideration for the taking of the property described in Pacific Gas and Electric Company's

3   ("PG&E") Second Amended Complaint in Eminent Domain, including severance damages, loss

4   of goodwill, interest, costs, and attorneys' fees.

5         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this taking is for

6   PG&E's Line 407 Project, which is a public use, and the taking in condemnation is necessary for

7   that public use.

8         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that each party shall be

9   responsible for its own costs and legal fees, and no party shall recover its costs or legal fees from

10   the other.

11         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that within fifteen (15)

12   days of the court executing the judgment, PG&E shall sign the Side Agreement and deliver to

13   Desmond, Nolan, Livaich & Cunningham a check payable to DNLC Trust in trust for KV

14   SIERRA VISTA LLC in the amount of nine hundred seven thousand and five hundred dollars

15   ($907,500) which shall constitute full payment of this judgment. The State Condemnation

16   Deposits Fund shall return to PG&E its deposit in the sum of $351,600, the amount of probable

17   just compensation PG&E deposited with the State Condemnation Deposits Fund in *PG&E v.*

18   *Baseline P&R LLC* et al., Placer County Superior Court Case No. SCV 0035651[1] pursuant to

19   Code of Civil Procedure section 1255.010 *et seq.*, plus any interest earned thereon.

20         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that upon Defendant's

21   receipt of the payment required by this judgment and signed copy of the Side Agreement,

22   Defendant shall execute, and deliver to PG&E, a full Satisfaction of Judgment.

23         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that:

24

25

26   [1] PG&E did not withdraw its deposit of probable compensation in the *PG&E v. Baseline P&R*
*LLC* action ("Baseline P&R action") when that action was settled because Baseline P&R

27   conveyed property subject of the Baseline P&R action to KV Sierra Vista LLC during the
pendency of the Baseline P&R action. Thus, the deposit PG&E made in the Baseline P&R

28   action remained with the State Condemnation Deposits Fund until at such point the *PG&E v. KV*
*Sierra Vista LLC* action resolved.

-2-

Case: 19-30088   Doc# 4359   Filed: 10/21/19   Entered: 10/21/19 14:15:08   Page 26
of 57

1         1. Defendant shall file the Full Satisfaction of Judgment upon receipt of the payment

2    of the Total Just Compensation from PG&E required by this judgment; and

3         2. Upon receipt of the payment of the Total Just Compensation by Defendant, Final

4    Order of Condemnation shall be made and entered by the Court and thereafter recorded

5    containing the terms and conditions of the attached proposed Final Order of Condemnation

6    marked Exhibit 2 and by this reference made a part of this Judgment.

7         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that payment as

8    provided herein shall be full payment for the Property Interests and for the release and discharge

9    of "all reasonably foreseeable damage to [defendant's] property resulting from the acquisition

10    and the construction of the proposed public improvements ... and by reason of the necessary,

11    natural, and ordinary use' of the property for the public purpose for which it was acquired" by

12    PG&E. *Ellena v. State of California* (1977) 69 Cal.App.3d 245, 254.

13

14    DATED: September __, 2019

          *Oct. 1, 2019*       JUDGE OF THE SUPERIOR COURT

15                                   **Charles Wachob**

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

JUDGMENT IN CONDEMNATION

84854751v1

SF #4849-8456-4900 v1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT 1

Property Interests

Pursuant to the Judgment and Final Order in Condemnation in action no. SCV 0039709, in the Superior Court of California, Placer County, entitled *Pacific Gas and Electric Company v. KV Sierra Vista LLC, et al.*, Pacific Gas and Electric Company, hereinafter called PG&E, has the following rights and interests in the property which is the subject of the above-captioned action and designated by Assessor's Parcel Numbers 499-010-014, 499-010-017, 499-010-018, and 499-010-032, formerly 017-151-044 and 017-151-046:

(a) the right at any time, and from time to time, to excavate for, install, replace (of the initial or any other size), maintain, and use such pipe lines as PG&E shall from time to time elect for conveying gas, with necessary and proper valves and other appliances and fittings, and devices for controlling electrolysis for use in connection with said pipe lines, and such underground wires, cables, conduits, appliances, fixtures and appurtenances, as PG&E shall from time to time elect for communication purposes, together with adequate protection therefor, and also a right of way, within the hereinafter described easement area lying within Defendant's lands which are situated in the City of Roseville, County of Placer, State of California, said lands and easement area described as follows: (499-010-014, 499-010-017, 499-010-018, and 499-010-032, formerly 017-151-044 and 017-151-046) The parcel of land described and designated "LANDS" and the easements designated "Pipeline Easement No. 1" and "Pipeline Easement No. 2" on EXHIBIT "A" and shown on EXHIBIT "B", attached hereto and made a part hereof, excepting therefrom as much of the land as lies within the boundaries of streets, highways or other public easements subject to an easement or prescriptive right of the public for use for such purposes;

(b) the right of ingress to and egress from said easement area over and across said lands by means of roads and lanes thereon, if such there be, otherwise by such route or routes as shall occasion the least practicable damage and inconvenience to Defendant, provided, that such right of ingress and egress shall not extend to any portion of said lands which is isolated from said easement area by any public road or highway, now crossing or hereafter crossing said lands;

1        (c) the right, from time to time, to trim or to cut down any and all trees and brush now or

2  hereafter within said easement area, and shall have the further right, from time to time, to trim and cut

3  down trees and brush along each side of said easement area which now or hereafter in the opinion of

4  PG&E may interfere with or be a hazard to the facilities installed hereunder, or as PG&E deems

5  necessary to comply with applicable state or federal regulations;

6        (d) the right to use such portion of said lands contiguous to said easement area as may be

7  reasonably necessary in connection with the construction, reconstruction, installation, inspection,

8  maintenance, repair, replacement and removal of said facilities;

9        (e) the right to install, maintain and use gates in all fences which now cross or shall hereafter

10  cross said easement area; and

11        (f) the right to mark the location of said easement area and pipe lines by suitable markers set in

12  the ground; provided that said markers shall be placed in fences or other locations which will not interfere

13  with any reasonable use Defendant shall make of said easement area.

14        (g) PG&E hereby covenants and agrees:

15             (i) not to fence said easement area;

16             (ii) to promptly backfill any excavations made by it on said easement area and

17      repair any damage it shall do to Defendant's private roads or lanes on said lands; and

18             (iii) to indemnify Defendant against any loss and damage which shall be caused

19      by any wrongful or negligent act or omission of PG&E or of its agents or employees in

20      the course of their employment, provided, however, that this indemnity shall not extend

21      to that portion of such loss or damage that shall have been caused by Defendant's

22      comparative negligence or willful misconduct.

23        (h) Defendant reserves the right to use said easement area for purposes which will not

24  interfere with PG&E's full enjoyment of the rights hereby granted; provided that Defendant shall

25  not erect or construct any building or other structure, or drill or operate any well, or construct

26  any reservoir or other obstruction within said easement area, or plant any trees or vines, or

27  construct associated supporting structures, within ten (10) feet of the edge(s) of the pipe line(s),

28

1  or diminish or substantially add to the ground cover over said facilities, or construct any fences
2  that will interfere with the maintenance and operation of said facilities.

3      (i) The provisions hereof shall inure to the benefit of and bind the successors and assigns
4  of the respective parties hereto, and all covenants shall apply to and run with the land.

5      PG&E also has the following rights and interests in the property:

6      (j) a temporary easement, as defined below, used in connection with PG&E's pipe line
7  construction and installation project, upon, over, and across portions of that certain real property
8  in the City of Roseville, County of Placer, State of California, identified as Placer County
9  Assessor Parcel Number 499-010-014 and 499-010-018, formerly 017-151-044, 0107-151.046.
10  Said temporary easements are defined as follows:

11      (i) a temporary right to use for working strips and laydown and staging areas,
12  including the right to place and operate construction equipment thereon, the areas outlined by the
13  heavy dashed lines on the map attached hereto as EXHIBIT C and made a part hereof and
14  thereon designated TCE No. 1, TCE No. 2, TCE No. 3, and TCE No. 4;

15      (ii) the temporary right to use as a pipeline preparation area the area outlined by
16  the heavy dashed lines on the map attached hereto and made a part hereof and thereon designated
17  TCE No. 1, TCE No. 2, TCE No. 3, and TCE No. 4;

18      (k) Upon completion of PG&E's pipe line construction and installation project,

19      (i)    PG&E agrees to restore said temporary easement area to a condition as
20  nearly as practicable to its condition prior to its use by PG&E.

21      (ii)    To indemnify and hold harmless Grantor and Grantor's agents, employees,
22  successors and/or assigns against any loss and damage claim which shall be caused by
23  any wrongful or negligent act or omission of PG&E or of its agents or employees in the
24  course of their employment, provided, however, that this indemnity shall not extend to
25  that portion of such loss or damage that shall have been caused by the comparative
26  negligence or willful misconduct of Grantor or Grantor's agents, employees, successors
27  and/or assigns.

28



1                (iii)     This temporary construction easement is temporary and shall terminate

2    upon the date of completion of PG&E's pipe line construction and installation project.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

B4854751v1

-7-

JUDGMENT IN CONDEMNATION

SF #4849-8456-4900 v1

# EXHIBIT A

# Attachment 5

·

LD 2111-05-0159
2015168 (JCN 06-05-033) 9 15 4
Line 407 – Phase 1

## EXHIBIT "A"

### PIPELINE EASEMENT

**LANDS:**

The parcels of land described as Resultant Parcel 2 and Resultant Parcel 4 in the deed from Baseline P & R, LLC to KV Sierra Vista, LLC dated June 18, 2015 and recorded as Document No. 2015-0053568, Official Records of Placer County, State of California.

## PIPELINE EASEMENT No. 1

A strip of land being the uniform width of 50 feet extending from the westerly boundary line of said Resultant Parcel 2 described in the deed dated June 18, 2015, easterly to the easterly boundary line of said Resultant Parcel 2 described in the deed dated June 18, 2015, lying 50.00 feet southerly of the line described as follows:

Beginning at a point in the westerly boundary line of said Resultant Parcel 2 described in the deed dated June 18, 2015 and running thence
(1) north 89°43'16" east approximately 780.50 feet to a point which bears north 83°04'10" west 1113.95 feet from a railroad spike marking the center line of Watt Avenue as shown on Record of Survey No. 2600 dated October 8, 2004 and filed for record in Book 18 of Surveys at page 55, Placer County Records; thence continuing
(2) north 89°43'16" east approximately 500.00 feet easterly to the easterly boundary line of said Resultant Parcel 2 described in the deed dated June 18, 2015.

Containing 1.470 acres of land more or less.

## PIPELINE EASEMENT No. 2

A strip of land being the uniform width of 50 feet extending from the westerly boundary line of said Resultant Parcel 4 described in the deed dated June 18, 2015, easterly to the easterly boundary line of said Resultant Parcel 4 described in the deed dated June 18, 2015, lying 50.00 feet southerly of the line described as follows:

Beginning at a point in the westerly boundary line of said Resultant Parcel 4 described in the deed dated June 18, 2015 and running thence

1 of 2

(1) north 89°49'02" east approximately 2515.35 feet to a point which bears north 86°42'58" east 2583.91 feet from a railroad spike marking the centerline of Watt Avenue as shown on Record of Survey No. 2600 dated October 8, 2004 and filed for record in Book 18 of Surveys at page 55, Placer County Records; thence
(2) north 89°47'42" east 129.09 feet; thence
(3) north 89°46'12" east 1396.63 feet; thence
(4) north 89°34'14" east approximately 345.52 feet to the easterly boundary line of said Resultant Parcel 4 described in the deed dated June 18, 2015.

Containing 5.048 acres of land more or less.

The Basis of Bearings for this description is geodetic north derived from California State Plane Coordinates, CCS83, Zone 2. To obtain grid bearings, rotate the bearings shown hereon by 00°01'51.6" counterclockwise. To obtain grid distances, multiply the distances shown hereon by 0.99990656. All units are U.S. Survey Feet.

Prepared By:
R.E.Y. Engineers, Inc.

Ronald E. Monsour, PLS 8474    Date: 1/18/2019

2 of 2

# EXHIBIT B



CITY OF ROSEVILLE
COUNTY OF PLACER
T.11N., R.5E.,
S. 34 & 35 M.D.M.

25' PG&E ELEC. ESMT.
BK 3060 PG 329
LD 2111-05-0009

PORTION OF
APN 490-010-016
( Formerly APN 017-151-045)

AREA R-1 SANTUCCI BLVD.

APN 499-010-014
(Formerly APN 017-151-044)
KV SIERRA VISTA
DOC.#2015-0053568
RESULTANT PARCEL 2

AREA O-1

AREA E-2
22 S 135

N89° 43'16"E
780.50'±

N89° 43'16"E
500.00'±

POB

BASELINE RD.

50' PLE No. 1
PG&E CO. R/W
LD 2111-05-0159

AREA R-6
22 S 135
DOC.#2016-0036246

30' R/W PER
55 O.R. 641

SEE SHEET 2
WATT AVE.

TIE:
FND RR SPIKE
PER 18 S 55
N83° 04'10"W 1113.95'

EASEMENT INFORMATION

| PLE No. 1 | AREA = 1.470 ACRES +/- |
|-----------|------------------------|

*BASIS OF BEARINGS*
THE BASIS OF BEARINGS FOR THIS DESCRIPTION IS GEODETIC NORTH
DERIVED FROM CALIFORNIA STATE PLANE COORDINATES, CCS83,
ZONE 2. TO OBTAIN GRID BEARINGS, ROTATE THE BEARINGS
SHOWN HEREON BY 0° 01'51.8" COUNTERCLOCKWISE. TO OBTAIN
GRID DISTANCES, MULTIPLY THE DISTANCES SHOWN HEREON BY
0.99990655. ALL UNITS ARE U.S. SURVEY FEET.

PROFESSIONAL LAND SURVEYOR
RONALD E. WORSHUR
No. 8474
STATE OF CALIFORNIA
1/18/2019

SCALE: 1"=300'

N

POB — POINT OF BEGINNING
PLE — PIPELINE EASEMENT

REY ENGINEERS, INC

*EXHIBIT "B"*
PIPELINE EASEMENT
LINE 407 ON KV SIERRA VISTA, LLC
PACIFIC GAS AND ELECTRIC COMPANY
SACRAMENTO CAL.

Scale: 1"=300'
Date 1.18.2019
Drawn By RM
Checked By DPM

PG&E
LAND
ENGINEERING

| J.C.N. | 06-05-033 |
|--------|-----------|
| REG. | NORTHERN |
| PROJECT AUTH. | 30603988 |

| SHEET NO. | 1 | OF | 3 |
|-----------|---|----|----|
| DRAWING NUMBER | | | CHANGE |



CITY OF ROSEVILLE
COUNTY OF PLACER
T.11N., R.5E.,
S. 34 & 35 M.D.M.

APN 499-010-018
(Formerly APN 017-151-046)
KV SIERRA VISTA
DOC. #2015-0053568
RESULTANT PARCEL 4

AREA E-21

AREA E-2
22 S 135

AREA E-21

N89°47'42"E
129.09'

APN
499-010-017
AREA 0-2

SEE SHEET 1

AREA R-1 SANTUCCI BLVD.

WESTBROOK BLVD.

AREA R-2

SEE SHEET 3

POB

N89°49'02"E 2515.35'±

BASELINE RD

PG&E CO. R/W
LD 2111-05-0159

AREA R-6
22 S 135
DOC.#2016-0036246

50' PLE No. 2

30' R/W PER
55 O.R. 641

TIE:
FND RR SPIKE
PER 18 S 55
N86°42'58"E 2583.91'

WATT AVE.

EASEMENT INFORMATION

| PLE No. 2 | AREA = 5.048 ACRES +/- |

BASIS OF BEARINGS
THE BASIS OF BEARINGS FOR THIS DESCRIPTION IS GEODETIC NORTH
DERIVED FROM CALIFORNIA STATE PLANE COORDINATES, CCS83,
ZONE 2. TO OBTAIN GRID BEARINGS, ROTATE THE BEARINGS
SHOWN HEREON BY 0°0'51.6" COUNTERCLOCKWISE. TO OBTAIN
GRID DISTANCES, MULTIPLY THE DISTANCES SHOWN HEREON BY
0.99990656. ALL UNITS ARE U.S. SURVEY FEET.

PROFESSIONAL LAND SURVEYOR
RONALD E. MONSOUR
No. 8474
STATE OF CALIFORNIA

1/18/2019

SCALE: 1"=400'

N

POB - POINT OF BEGINNING
PLE - PIPELINE EASEMENT

R.E.Y ENGINEERS, INC.

EXHIBIT "B"
PIPELINE EASEMENT
LINE 407 ON KV SIERRA VISTA, LLC
PACIFIC GAS AND ELECTRIC COMPANY
SACRAMENTO CAL.

PG&E
LAND
ENGINEERING

Scale: 1"=400'
Date 1.19.2019
Drawn By RM
Checked By DPM

| J.C.N. | D6-05-033 |
| REQ. | NORTHERN |
| PROJECT AUTH. | 30503988 |
| SHEET NO. | 2 OF 3 |
| DRAWING NUMBER | CHANGE |

## Attachment 5



CITY OF ROSEVILLE
COUNTY OF PLACER
T.11N., R.5E.,
S. 34 & 35 M.D.M.

WESTBROOK BLVD.

PORTION OF
APN 499-010-033
( Formerly APN 017-151-045)

SEE SHEET 2

AREA R-2

AREA E-2
22 S 135

APN 499-010-032
(Formerly APN 017-151-046)
KV SIERRA VISTA
DOC. #2015-0053565
RESULTANT PARCEL 4

N89° 46'12"E 1396.63'

N89° 34'14"E
345.52'±

30' R/W PER
55 O.R. 641

AREA R-6
22 S 135
DOC.#2016-0036246

50' PLE No. 2

PG&E CO R/W
LD 2111-05-0159

EASEMENT INFORMATION

| PLE No. 2 | AREA = 5.048 ACRES +/- |
|-----------|------------------------|

BASIS OF BEARINGS
THE BASIS OF BEARINGS FOR THIS DESCRIPTION IS GEODETIC NORTH
DERIVED FROM CALIFORNIA STATE PLANE COORDINATES, CCS83,
ZONE 2. TO OBTAIN GRID BEARINGS, ROTATE THE BEARINGS
SHOWN HEREON BY 0°01'61.6" COUNTERCLOCKWISE. TO OBTAIN
GRID DISTANCES, MULTIPLY THE DISTANCES SHOWN HEREON BY
0.9999065S. ALL UNITS ARE U.S. SURVEY FEET.

PROFESSIONAL LAND SURVEYOR
RONALD E. ROHSTER
No. 8474
STATE OF CALIFORNIA
1/18/2019

SCALE: 1"=300'

N

POB — POINT OF BEGINNING
PLE — PIPELINE EASEMENT

REY ENGINEERS, INC.

EXHIBIT "B"
PIPELINE EASEMENT
LINE 407 ON KV SIERRA VISTA, LLC
PACIFIC GAS AND ELECTRIC COMPANY
SACRAMENTO        CAL.

Scale: 1"=300'
Date 1.18.2019
Drawn By RM
Checked By DPM

PG&E
LAND
ENGINEERING

| J.C.N. | 06-05-033 |
|--------|-----------|
| REG. | NORTHERN |
| PROJECT AUTH. | 30803988 |

| SHEET NO. | 3 | OF | 3 |
|-----------|---|----|---|
| DRAWING NUMBER | | | CHANGE |

# EXHIBIT C



EXHIBIT "A"
TEMPORARY CONSTRUCTION EASEMENT
LINE 407 ON KV SIERRA VISTA, LLC
PACIFIC GAS AND ELECTRIC COMPANY
SACRAMENTO    CAL.



EXHIBIT "A"
TEMPORARY CONSTRUCTION EASEMENT
LINE 407 ON KV SIERRA VISTA, LLC
PACIFIC GAS AND ELECTRIC COMPANY
SACRAMENTO    CAL.

# EXHIBIT 2 TO JUDGMENT

1  Elizabeth Collier (SBN 148537)
   Cesar Alegria (SBN 145625)
2  PG&E Law Dept.

3  **DIRECT CORRESPONDENCE TO:**
   Steven D. Roland (SBN 108097)
4  E-mail: sroland@bwslaw.com
   Randall G. Block (SBN 121330)
5  E-mail: rblock@bwslaw.com
   Nora E.B. Wetzel (SBN 287773)
6  E-mail: nwetzel@bwslaw.com
   Kara L. DiBiasio (SBN 294547)
7  E-mail: kdibiasio@bwslaw.com
   BURKE, WILLIAMS & SORENSEN, LLP
8  101 Howard Street, Suite 400
   San Francisco, CA 94105-6125
9  Tel: 415.655.8100   Fax: 415.655.8099

10 Attorneys for Plaintiff
   PACIFIC GAS AND ELECTRIC COMPANY

11

12              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                    **FOR THE COUNTY OF PLACER**

14

15 | PACIFIC GAS AND ELECTRIC | CASE NO. SCV 0039709 |
   | COMPANY, a California corporation, | |
16 | | APNs 499-010-032, 499-010-018, 499-010- |
   | Plaintiff, | 017, 499-010-014, formerly 017-151-046, 017- |
17 | | 151-044 (Portion) |
   | KV SIERRA VISTA, LLC, a California | |
18 | limited liability company; DOES 1 through | |
   | 30, inclusive; and ALL PERSONS | **FINAL ORDER OF CONDEMNATION** |
19 | UNKNOWN CLAIMING AN INTEREST | |
   | IN THE PROPERTY DESCRIBED IN THE | |
20 | COMPLAINT, | |
   | Defendants. | |
21

22         Pursuant to the Stipulation for Entry of Judgment and Judgment in Condemnation

23 entered in this proceeding,

24         IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Property

25 Interests described in Exhibit 1 ("the Property Interests"), attached hereto and made a part

26 hereof, situated in the County of Placer, State of California, be, and hereby are, condemned to

27 Plaintiff Pacific Gas and Electric Company. Upon filing a certified copy of this Order in the

28

84854751v1                              -1-
                              ORDER IN CONDEMNATION

SF #4830-0596-7524 v1

1  office of the recorder of the County of Placer, State of California, the Property Interests shall vest
2  in PG&E and its successor and assigns.
3
4  DATED: October __, 2019                    JUDGE OF THE SUPERIOR COURT
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

84854751v1

-2-
ORDER IN CONDEMNATION

SF #4830-0596-7524 v1

1   EXHIBIT 1

2   Property Interests

3   Pursuant to the Judgment and Final Order in Condemnation in action no. SCV 0039709,

4   in the Superior Court of California, Placer County, entitled Pacific Gas and Electric Company v.

5   KV Sierra Vista LLC, et al., Pacific Gas and Electric Company, hereinafter called PG&E, has

6   the following rights and interests in the property which is the subject of the above-captioned

7   action and designated by Assessor's Parcel Numbers 499-010-014, 499-010-017, 499-010-018,

8   and 499-010-032, formerly 017-151-044 and 017-151-046:

9   (a) the right at any time, and from time to time, to excavate for, install, replace (of the

10  initial or any other size), maintain, and use such pipe lines as PG&E shall from time to time elect

11  for conveying gas, with necessary and proper valves and other appliances and fittings, and

12  devices for controlling electrolysis for use in connection with said pipe lines, and such

13  underground wires, cables, conduits, appliances, fixtures and appurtenances, as PG&E shall from

14  time to time elect for communication purposes, together with adequate protection therefor, and

15  also a right of way, within the hereinafter described easement area lying within Defendant's

16  lands which are situated in the City of Roseville, County of Placer, State of California, said lands

17  and easement area described as follows: (499-010-014, 499-010-017, 499-010-018, and 499-010-

18  032, formerly 017-151-044 and 017-151-046) The parcel of land described and designated

19  "LANDS" and the easements designated "Pipeline Easement No. 1" and "Pipeline Easement No.

20  2" on EXHIBIT "A" and shown on EXHIBIT "B", attached hereto and made a part hereof,

21  excepting therefrom as much of the land as lies within the boundaries of streets, highways or

22  other public easements subject to an easement or prescriptive right of the public for use for such

23  purposes;

24  (b) the right of ingress to and egress from said easement area over and across said lands

25  by means of roads and lanes thereon, if such there be, otherwise by such route or routes as shall

26  occasion the least practicable damage and inconvenience to Defendant, provided, that such right

27  of ingress and egress shall not extend to any portion of said lands which is isolated from said

28  easement area by any public road or highway, now crossing or hereafter crossing said lands;

(c) the right, from time to time, to trim or to cut down any and all trees and brush now or hereafter within said easement area, and shall have the further right, from time to time, to trim and cut down trees and brush along each side of said easement area which now or hereafter in the opinion of PG&E may interfere with or be a hazard to the facilities installed hereunder, or as PG&E deems necessary to comply with applicable state or federal regulations;

(d) the right to use such portion of said lands contiguous to said easement area as may be reasonably necessary in connection with the construction, reconstruction, installation, inspection, maintenance, repair, replacement and removal of said facilities;

(e) the right to install, maintain and use gates in all fences which now cross or shall hereafter cross said easement area; and

(f) the right to mark the location of said easement area and pipe lines by suitable markers set in the ground; provided that said markers shall be placed in fences or other locations which will not interfere with any reasonable use Defendant shall make of said easement area.

(g) PG&E hereby covenants and agrees:

(i) not to fence said easement area;

(ii) to promptly backfill any excavations made by it on said easement area and repair any damage it shall do to Defendant's private roads or lanes on said lands; and

(iii) to indemnify Defendant against any loss and damage which shall be caused by any wrongful or negligent act or omission of PG&E or of its agents or employees in the course of their employment, provided, however, that this indemnity shall not extend to that portion of such loss or damage that shall have been caused by Defendant's comparative negligence or willful misconduct.

(h) Defendant reserves the right to use said easement area for purposes which will not interfere with PG&E's full enjoyment of the rights hereby granted; provided that Defendant shall not erect or construct any building or other structure, or drill or operate any well, or construct any reservoir or other obstruction within said easement area, or plant any trees or vines, or construct associated supporting structures, within ten (10) feet of the edge(s) of the pipe line(s),

1    or diminish or substantially add to the ground cover over said facilities, or construct any fences

2    that will interfere with the maintenance and operation of said facilities.

3        (i) The provisions hereof shall inure to the benefit of and bind the successors and assigns

4    of the respective parties hereto, and all covenants shall apply to and run with the land.

5        PG&E also has the following rights and interests in the property:

6        (j) a temporary easement, as defined below, used in connection with PG&E's pipe line

7    construction and installation project, upon, over, and across portions of that certain real property

8    in the City of Roseville, County of Placer, State of California, identified as Placer County

9    Assessor Parcel Number 499-010-014 and 499-010-018, formerly 017-151-044, 0107-151-046.

10    Said temporary easements are defined as follows:

11        (i) a temporary right to use for working strips and laydown and staging areas,

12    including the right to place and operate construction equipment thereon, the areas outlined by the

13    heavy dashed lines on the map attached hereto as EXHIBIT C and made a part hereof and

14    thereon designated TCE No. 1, TCE No. 2, TCE No. 3, and TCE No. 4;

15        (ii) the temporary right to use as a pipeline preparation area the area outlined by

16    the heavy dashed lines on the map attached hereto and made a part hereof and thereon designated

17    TCE No. 1, TCE No. 2, TCE No. 3, and TCE No. 4;

18        (k) Upon completion of PG&E's pipe line construction and installation project,

19        (i)    PG&E agrees to restore said temporary easement area to a condition as

20    nearly as practicable to its condition prior to its use by PG&E.

21        (ii)    To indemnify and hold harmless Grantor and Grantor's agents, employees,

22    successors and/or assigns against any loss and damage claim which shall be caused by any

23    wrongful or negligent act or omission of PG&E or of its agents or employees in the course of

24    their employment, provided, however, that this indemnity shall not extend to that portion of such

25    loss or damage that shall have been caused by the comparative negligence or willful misconduct

26    of Grantor or Grantor's agents, employees, successors and/or assigns.

27        (iii)    This temporary construction easement is temporary and shall terminate

28    upon the date of completion of PG&E's pipe line construction and installation project.

84854751v1

SF #4830-0596-7524 v1

# EXHIBIT A

## Attachment 5

LD 2111-05-0159
2015168 (JCN 06-05-033) 9 15 4
Line 407 – Phase 1

### EXHIBIT "A"

### PIPELINE EASEMENT

**LANDS:**

The parcels of land described as Resultant Parcel 2 and Resultant Parcel 4 in the deed from Baseline P & R, LLC to KV Sierra Vista, LLC dated June 18, 2015 and recorded as Document No. 2015-0053568, Official Records of Placer County, State of California.

### PIPELINE EASEMENT No. 1

A strip of land being the uniform width of 50 feet extending from the westerly boundary line of said Resultant Parcel 2 described in the deed dated June 18, 2015, easterly to the easterly boundary line of said Resultant Parcel 2 described in the deed dated June 18, 2015, lying 50.00 feet southerly of the line described as follows:

Beginning at a point in the westerly boundary line of said Resultant Parcel 2 described in the deed dated June 18, 2015 and running thence
(1) north 89°43'16" east approximately 780.50 feet to a point which bears north 83°04'10" west 1113.95 feet from a railroad spike marking the center line of Watt Avenue as shown on Record of Survey No. 2600 dated October 8, 2004 and filed for record in Book 18 of Surveys at page 55, Placer County Records; thence continuing
(2) north 89°43'16" east approximately 500.00 feet easterly to the easterly boundary line of said Resultant Parcel 2 described in the deed dated June 18, 2015.

Containing 1.470 acres of land more or less.

### PIPELINE EASEMENT No. 2

A strip of land being the uniform width of 50 feet extending from the westerly boundary line of said Resultant Parcel 4 described in the deed dated June 18, 2015, easterly to the easterly boundary line of said Resultant Parcel 4 described in the deed dated June 18, 2015, lying 50.00 feet southerly of the line described as follows:

Beginning at a point in the westerly boundary line of said Resultant Parcel 4 described in the deed dated June 18, 2015 and running thence

1 of 2

(1) north 89°49'02" east approximately 2515.35 feet to a point which bears north 86°42'58" east 2583.91 feet from a railroad spike marking the centerline of Watt Avenue as shown on Record of Survey No. 2600 dated October 8, 2004 and filed for record in Book 18 of Surveys at page 55, Placer County Records; thence

(2) north 89°47'42" east 129.09 feet; thence

(3) north 89°46'12" east 1396.63 feet; thence

(4) north 89°34'14" east approximately 345.52 feet to the easterly boundary line of said Resultant Parcel 4 described in the deed dated June 18, 2015.

Containing 5.048 acres of land more or less.

The Basis of Bearings for this description is geodetic north derived from California State Plane Coordinates, CCS83, Zone 2. To obtain grid bearings, rotate the bearings shown hereon by 00°01'51.6" counterclockwise. To obtain grid distances, multiply the distances shown hereon by 0.99990656. All units are U.S. Survey Feet.

Prepared By:
R.E.Y. Engineers, Inc.

Ronald E. Monsour, PLS 8474    Date: 1/18/2019

# EXHIBIT B

## Attachment 5



CITY OF ROSEVILLE
COUNTY OF PLACER
T.11N., R.5E.,
S. 34 & 35 M.D.M.

25' PG&E ELEC. ESMT.
BK 3060 PG 329
LD 2111-05-0009

PORTION OF
APN 499-010-016
( Formerly APN 017-151-045)

SANTUCCI BLVD.

APN 499-010-014
(Formerly APN 017-151-044)
KV SIERRA VISTA
DOC.#2015-0053568
RESULTANT PARCEL 2

AREA O-1

AREA R-1

AREA E-2
22 S 135

POB

N89° 43'16"E
780.50'±

N89° 43'16"E
500.00'±

BASELINE RD.

50' PLE No. 1

AREA R-6
22 S 135
DOC.#2016-0036246

SEE SHEET 2

30' R/W PER
55 O.R. 641

PG&E CO. R/W
LD 2111-05-0159

TIE:
FND RR SPIKE
PER 18 S 55
N83° 04'10"W 1113.95'

WATT AVE.

EASEMENT INFORMATION

| PLE No. 1 | AREA = 1.470 ACRES +/− |
|-----------|------------------------|

PROFESSIONAL LAND SURVEYOR
RONALD C. MONSOUR
No. 8474
STATE OF CALIFORNIA

1/18/2019

**BASIS OF BEARINGS**
THE BASIS OF BEARINGS FOR THIS DESCRIPTION IS GEODETIC NORTH
DERIVED FROM CALIFORNIA STATE PLANE COORDINATES, CCS83,
ZONE 2. TO OBTAIN GRID BEARINGS, ROTATE THE BEARINGS
SHOWN HEREON BY 0° 01'51.8" COUNTERCLOCKWISE. TO OBTAIN
GRID DISTANCES, MULTIPLY THE DISTANCES SHOWN HEREON BY
0.99990656. ALL UNITS ARE U.S. SURVEY FEET.

SCALE: 1"=300'

N

POB — POINT OF BEGINNING
PLE — PIPELINE EASEMENT

REY ENGINEERS, INC.
CIVIL ENGINEERS AND SURVEYORS

Scale: 1"=300'
Date 1.18.2019
Drawn By RM
Checked By DPM

**EXHIBIT "B"**
PIPELINE EASEMENT
LINE 407 ON KV SIERRA VISTA, LLC
PACIFIC GAS AND ELECTRIC COMPANY
SACRAMENTO      CAL.

PG&E
LAND
ENGINEERING

| J.C.N. | 06-05-033 |
|--------|-----------|
| REG. | NORTHERN |
| PROJECT AUTH. | 30503988 |

| SHEET NO. | 1 | OF | 3 |
|-----------|---|----|----|
| DRAWING NUMBER | | | CHANGE |

Case: 19-30088    Doc# 4359    Filed: 10/21/19    Entered: 10/21/19 14:15:08    Page 52
of 57



CITY OF ROSEVILLE
COUNTY OF PLACER
T.11N., R.5E.,
S. 34 & 35 M.D.M.

APN 499-010-018
(Formerly APN 017-151-046)
KV SIERRA VISTA
DOC. #2015-0053568
RESULTANT PARCEL 4

WESTBROOK BLVD.

AREA E-21

AREA E-21

AREA R-2

SEE SHEET 3

SEE SHEET 1

SANTUCCI BLVD.

AREA R-1

AREA E-2
22 S 135

N89° 47'42"E
129.09'

APN
499-010-017
AREA O-2

POB

N89° 49'02"E 2515.35'±

BASELINE RD

PG&E CO. R/W
LD 2111-05-0159

AREA R-6
22 S 135
DOC.#2016-0036246

50' PLE No. 2

30' R/W PER
55 O.R. 641

TIE:
FND RR SPIKE
PER 18 S 55
N86° 42'58"E 2583.91'

WATT AVE.

EASEMENT INFORMATION

| PLE No. 2 | AREA = 5.048 ACRES +/- |
|-----------|------------------------|

**BASIS OF BEARINGS**
THE BASIS OF BEARINGS FOR THIS DESCRIPTION IS GEODETIC NORTH
DERIVED FROM CALIFORNIA STATE PLANE COORDINATES, CCS83,
ZONE 2. TO OBTAIN GRID BEARINGS, ROTATE THE BEARINGS
SHOWN HEREON BY 0° 01'61.8" COUNTERCLOCKWISE. TO OBTAIN
GRID DISTANCES, MULTIPLY THE DISTANCES SHOWN HEREON BY
0.99990656. ALL UNITS ARE U.S. SURVEY FEET.

PROFESSIONAL LAND SURVEYOR
RONALD E. MONSOUR
No. 8474
STATE OF CALIFORNIA

1/18/2019

N

SCALE: 1"=400'

POB — POINT OF BEGINNING
PLE — PIPELINE EASEMENT

REYENGINEERS, INC.

**EXHIBIT "B"**
PIPELINE EASEMENT
LINE 407 ON KV SIERRA VISTA, LLC
PACIFIC GAS AND ELECTRIC COMPANY
SACRAMENTO        CAL.

PG&E
LAND
ENGINEERING

| J.O.N. | 06-05-033 |
|--------|-----------|
| REG. | NORTHERN |
| PROJECT AUTH. | 30603888 |

| SHEET NO. | 2 | OF | 3 |
|-----------|---|----|---|
| DRAWING NUMBER | | | CHANGE |

Scale: 1"=400'
Date 1.19.2019
Drawn By RM
Checked By DPM



CITY OF ROSEVILLE
COUNTY OF PLACER
T.11N., R.5E.,
S. 34 & 35 M.D.M.

WESTBROOK BLVD.

PORTION OF
APN 499-010-033
( Formerly APN 017-151-045)

AREA R-2

SEE SHEET 2

AREA E-2
22 S 135

APN 499-010-032
(Formerly APN 017-151-046)
KV SIERRA VISTA
DOC. *2015-0053568
RESULTANT PARCEL 4

N89° 34'14"E
345.52'±

N89° 46'12"E 1396.63'

30' R/W PER
55 O.R. 641

AREA R-6
22 S 135
DOC.*2016-0036246

50' PLE No. 2

PG&E CO R/W
LD 2111-05-0159

EASEMENT INFORMATION

| PLE No. 2 | AREA = 5.048 ACRES +/- |
|-----------|------------------------|

**BASIS OF BEARINGS**
THE BASIS OF BEARINGS FOR THIS DESCRIPTION IS GEODETIC NORTH
DERIVED FROM CALIFORNIA STATE PLANE COORDINATES, CCSB3,
ZONE 2. TO OBTAIN GRID BEARINGS, ROTATE THE BEARINGS
SHOWN HEREON BY 0° 01'51.6" COUNTERCLOCKWISE. TO OBTAIN
GRID DISTANCES; MULTIPLY THE DISTANCES SHOWN HEREON BY
0.99990656. ALL UNITS ARE U.S. SURVEY FEET.

PROFESSIONAL LAND SURVEYOR
RONALD E. MONSOUR
No. 8474
STATE OF CALIFORNIA
1/18/2019

N

SCALE: 1"=300'

POB — POINT OF BEGINNING
PLE — PIPELINE EASEMENT

REYENGINEERS INC
Scale: 1"-300'
Date 1.18.2019
Drawn By RM
Checked By DPM

EXHIBIT "B"
PIPELINE EASEMENT
LINE 407 ON KV SIERRA VISTA, LLC
PACIFIC GAS AND ELECTRIC COMPANY
SACRAMENTO      CAL.

PG&E
LAND
ENGINEERING

| J.C.N. | 08-05-D33 |
|--------|-----------|
| REG. | NORTHERN |
| PROJECT AUTH. | 30803088 |

| SHEET NO. | 3 | OF | 3 |
|-----------|---|----|----|
| DRAWING NUMBER | | | CHANGE |

# EXHIBIT C



CITY OF ROSEVILLE
COUNTY OF PLACER
T. 11N., R.5E.,
S. 34 & 35 M.D.M.

DETAIL "A"     1"=100'

APN 499-010-014
(Formerly APN 017-151-044)
KV SIERRA VISTA
DOC.#2015-0053568
RESULTANT PARCEL 2

PORTION OF
APN 499-010-016
(Formerly APN 017-151-046)

AREA 0-1

AREA E-2
22 S 135

LD 2111-05-0160
50' TCE No. 1

50' PLE No. 1

N89° 43'16"E 1208.03'
N00° 37'17"W
50.00'
S89° 43'16"W 1280.50'
S00° 13'19"E
50.00'

BASELINE RD

30' R/W PER
55 O.R. 641
AREA R-6
22 S 135
DOC.#2016-0036246
LD 2111-05-0160
TCE No. 2
SEE DETAIL "A"

**EASEMENT INFORMATION**

| | |
|---|---|
| TCE No. 1 | AREA = 1.387 ACRES +/- |
| TCE No. 2 | AREA = 0.127 ACRES +/- |
| TCE No. 3 | AREA = 1.825 ACRES +/- |
| TCE No. 4 | AREA = 0.168 ACRES +/- |

**BASIS OF BEARINGS**
THE BASIS OF BEARINGS FOR THIS DESCRIPTION IS GEODETIC NORTH
DERIVED FROM CALIFORNIA STATE PLANE COORDINATES, CCS83,
ZONE 2. TO OBTAIN GRID BEARINGS, ROTATE THE BEARINGS
SHOWN HEREON BY 0°01'51.6" COUNTERCLOCKWISE. TO OBTAIN
GRID DISTANCES, MULTIPLY THE DISTANCES SHOWN HEREON BY
0.99990568. ALL UNITS ARE U.S. SURVEY FEET.

PLE - PIPELINE EASEMENT
TCE - TEMPORARY CONSTRUCTION EASEMENT

PROFESSIONAL LAND SURVEYOR
DONALD L. MONGOUR
No. 8474
STATE OF CALIFORNIA
1/23/2018

N

SCALE: 1"=300'

REX ENGINEERS, INC.

*EXHIBIT "A"*
TEMPORARY CONSTRUCTION EASEMENT
LINE 407 ON KV SIERRA VISTA, LLC
PACIFIC GAS AND ELECTRIC COMPANY
SACRAMENTO     CAL.

Scale: 1"=300'
Date 1.23.2018
Drawn By RM
Checked By DPM

PG&E
LAND
ENGINEERING

| | |
|---|---|
| J.G.N. | 06-05-033 |
| REG. | NORTHERN |
| PROJECT AUTH. | 30803088 |
| SHEET NO. | 1 OF 2 |
| DRAWING NUMBER | CHANGE |



CITY OF ROSEVILLE
COUNTY OF PLACER
T.11N., R.6E., S. 34 & 35 M.D.M.

DETAIL "B"    1"=150'

EASEMENT INFORMATION

| TCE No. 1 | AREA = 1.387 ACRES +/- |
| TCE No. 2 | AREA = 0.127 ACRES +/- |
| TCE No. 3 | AREA = 1.825 ACRES +/- |
| TCE No. 4 | AREA = 0.168 ACRES +/- |

**BASIS OF BEARINGS**
THE BASIS OF BEARINGS FOR THIS DESCRIPTION IS GEODETIC NORTH
DERIVED FROM CALIFORNIA STATE PLANE COORDINATES, CCSB3,
ZONE 2. TO OBTAIN GRID BEARINGS, ROTATE THE BEARINGS
SHOWN HEREON BY 0°01'618" COUNTERCLOCKWISE. TO OBTAIN
GRID DISTANCES, MULTIPLY THE DISTANCES SHOWN HEREON BY
0.99990656, ALL UNITS ARE U.S. SURVEY FEET.

PLE — PIPELINE EASEMENT
TCE — TEMPORARY CONSTRUCTION ESMT

SCALE: 1"=400'

REY ENGINEERS, INC.

Scale: 1"=400'
Date 1.23.2018
Drawn By RM
Checked By DPM

**EXHIBIT "A"**
TEMPORARY CONSTRUCTION EASEMENT
LINE 407 ON KV·SIERRA VISTA, LLC
PACIFIC GAS AND ELECTRIC COMPANY
SACRAMENTO    CAL.

PG&E
LAND
ENGINEERING

| J.C.N. | 08-05-033 |
| REG. | NORTHERN |
| PROJECT AUTH. | 30603488 |
| SHEET NO. | 2 | OF | 2 |
| DRAWING NUMBER | | CHANGE |