John E. Lattin (State Bar No. 167876)
 jlattin@ostergar.com
**OSTERGAR LAW GROUP P.C.**
9110 Irvine Center Drive
Irvine, California 92618
Phone: (949) 357-2544 | Fax: (949) 305-4591

Attorneys for Creditor
DAVID ALONZO and all similarly situated

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFRONIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Debtors. | **Bankruptcy Case: 3:19-bk-30088 DM**<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**CLASS REPRESENTATIVE'S MOTION TO EXTEND APPLICATION OF FEDERAL RULE OF CIVIL PROCEDURE 23 TO CLASS PROOFS OF CLAIM**<br><br>**[Notice of Motion; and Declaration of John E. Lattin Filed Concurrently Herewith]**<br><br>DATE:  November 19, 2019<br>TIME:  10:00 a.m.<br>DEPT:  17 |

-1-
CLASS REPRESENTATIVE'S MOTION TO EXTEND APPLICATION OF FEDERAL RULE OF CIVIL PROCEDURE 23 TO CLASS PROOFS OF CLAIM

# MEMORANDUM OF POINTS AND AUTHORITIES

David Alonzo (the "Class Representative"), on behalf of himself and on behalf of the putative Class (defined herein), hereby respectfully moves this Court, pursuant to Federal Rules of Bankruptcy Procedure 7023 and 9014, for entry of an order authorizing the application of Federal Rule of Civil Procedure 23 to the Class Proofs of Claim filed by the Class Representative against Debtors Pacific Gas and Electric Corporation (Case No. 19-30088) and Pacific Gas and Electric Company (Case No. 19-30089).

## I. INTRODUCTION

On June 18, 2019, Class Representative filed an action against Pacific Gas and Electric Company ("PG&E") in San Francisco County Superior Court, alleging PG&E's failure to pay final wages to employees on termination and resignation of employment in violation of the California Labor Code.

On October 10, 2019, Class Representative, on behalf of himself and the putative Class, filed Proofs of Claim against Debtors Pacific Gas and Electric Corporation (Case No. 19-30088, *See* Claim Nos. 276-1) and Pacific Gas and Electric Company (Case No. 19-30089, *See* Claim Nos. 74-1) (collectively, the "Class Proofs of Claim").

Pursuant to Bankruptcy Rule 9014, Class Representative now moves for an order authorizing the application of Bankruptcy Rule 7023 and Rule 23 to the Class Proofs of Claim. Class treatment of these claims is appropriate because the putative Class meets the requirements for certification set forth in Rule 23. Further, given that the overwhelming majority of putative Class members likely have not received notice of the applicable Bar Date, class treatment is the only way to ensure that all such Class members' rights are adequately protected. Because the instant Motion has been timely filed, no undue delay, surprise, or disruption to the administration of the case exists. Rather, extending Rule 23 to the Class Proofs of Claim would

promote efficiency and serve the bankruptcy goals of bringing all claims forward, ensuring creditor compensation, and promoting equality of distribution.

## II. JURISDICTION AND VENUE

This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory bases for the relief requested herein are Federal Rule of Civil Procedure 23 and Federal Rules of Bankruptcy Procedure 7023 and 9014.

## III. BACKGROUND

### A. The Class Action

On June 18, 2019, Class Representative filed a Class Action Complaint against Sears PG&E in the San Francisco County Superior Court (the "Superior Court"), styled *Alonzo v. Pacific Gas and Electric Company*, San Francisco County Superior Court, Case No. CGC-19-576805 (the "Class Action"), which is the operative complaint in the Class Action. The Complaint asserts a claim against PG&E for violation of California Labor Code Sections 201-203 and related waiting time penalties.

On or about June 30, 2016, PG&E hired Class Representative. Over the years, Class Representative was promoted and ultimately became a salaried supervisor. As a salaried supervisor, PG&E paid Class Representative a base salary plus overtime. In addition, PG&E provided Class Representative paid vacations pursuant to PG&E's paid vacation policy.

On March 25, 2019, PG&E terminated Class Representative's employment. Class Representative's termination of employment by PG&E was involuntary. At the time of Class Representative's termination, PG&E paid him once per month. At the time of his termination of employment, Class Representative had accrued 123 hours of vested vacation pay at the rate of $72.05/hour in the total amount of $8,862.15. California Labor Code Section 227.3 provides "whenever . . . employer

policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such . . . employer policy respecting eligibility or time served; provided, however, that an . . . employer policy shall not provide for forfeiture of vested vacation time upon termination." Under California law, earned vacation time is considered wages, and vacation is earned, or vests, as labor is performed. Vacation pay accrues as it is earned, and cannot be forfeited, regardless of the reason for termination. *Saustez v. Plastic Dress Up*, 31 Cal.3d 774 (1982).

California Labor Code Section 201(a) provides: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." PG&E failed to pay Class Representative's vested vacation time immediately upon Class Representative's date of termination (i.e., March 24, 2019). Rather, PG&E created a payroll check issued to Class Representative in the gross amount of $11, 023.65, which included Class Representative's vested vacation pay in the amount of $8,862.15. The "Check Date" is "3/29/2019". However, PG&E failed to deliver said payroll check to Class Representative until April 4, 2019, which was the following pay period.

As a result of PG&E's failure to pay all earned and vested vacation pay upon Class Representative's involuntary termination of employment, PG&E failed to pay all final wages owed to Class Representative in a timely manner.

B. **The Putative Class**

The operative complaint alleges the existence of the following class: "All of [PG&E's] former salaried employees in California who were paid once per month and who had earned and vested vacation pay at the time of their separation of employment and whose during the three years immediately prior to the filing of the Complaint."

Class Representative is informed and believes he and all other members of the putative Class are the victims of PG&E's systemic failure to the comply with the

California Labor Code. Class Representative is further informed and believes a standard and reliable methodology exists that would enable him to measure damages across the putative Class, using data and information in PG&E's possession (such as former employee lists, salary data, and final pay data).

### C. The Class Proofs of Claim

On January 29, 2019, PG&E and its affiliate filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, as a result of which the Class Action was automatically stayed pursuant to Section 362(a) of the Bankruptcy Code.

The Court set a General Bar Date of October 18, 2019 for the filing of claims against the Debtors.

On October 10, 2019, Class Representative, on behalf of himself and the putative Class, filed Proofs of Claim against PG&E and Pacific Gas and Electric Corporation (collectively, the "Class Proofs of Claim"). *See* Exhibit 1, Claim No. 276-1, Proof of Claim against Pacific Gas and Electric Corporation; and Exhibit 2, Claim No. 74-1, Proof of Claim against Pacific Gas and Electric Company.

## IV. STANDARDS OF REVIEW

### A. Class Actions Generally

Class actions in federal court are governed by Rule 23 of the Federal Rules of Civil Procedure. In order to maintain a class action under Rule 23, the class must satisfy the 4 requirements of Rule 23(a) – numerosity, commonality, typicality, and adequacy – as well as meet one of the three conditions of Rule 23(b). See FED. R. CIV. P. 23(a)-(b). Under Rule 23(b)(3), common questions of law or fact must "predominate over any questions affecting only individual [class] members" and the class action must be "superior to other available methods" of adjudicating the controversy fairly and efficiently. FED. R. CIV. P. 23(b)(3).

### B. Class Proofs of Claim

Class proofs of claim are permissible in bankruptcy proceedings. *See, e.g., In re Ephedra Prods. Liab. Litig.*, 329 B.R. 1, 4-5 (S.D.N.Y. 2005) (adopting approach

set forth in *Matter of Am. Reserve Corp.*, 840 F.2d 487 (7th Cir. 1988), which held that class proofs of claim may be allowed at the discretion of the bankruptcy court); *In re Woodward & Lothrop Holdings, Inc.*, 205 B.R. 365, 369 (Bankr. S.D.N.Y. 1997); *see also Gentry v. Siegel*, 668 F.3d 83, 91 (4th Cir. 2012) ("In construing the Bankruptcy Rules to permit the filing of a class proof of claim, we join the vast majority of other courts that have considered the issue."). "The legislative history of the Bankruptcy Code supports the conclusion that class proofs of claim are valid," because "[w]hile the legislative history is silent on the specific issue, it evinces a congressional intent to open bankruptcy proceedings to the widest possible range of 'players.'" *In re Charter Co.*, 876 F.2d 866, 870 (11th Cir. 1989).

"The right to proceed as a class claim, however, is not automatic." *Woodward & Lothrop Holdings*, 205 B.R. at 369. The Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") distinguish between "adversary proceedings" (which are governed by Part VII of the Bankruptcy Rules, including Bankruptcy Rule 7023) and "contested matters" (which are governed by Bankruptcy Rule 9014). Bankruptcy Rule 7023 provides that Rule 23 is applicable in adversary proceedings. *See* FED. R. BANKR. P. 7023. Bankruptcy Rule 9014, which applies to contested matters, lists certain of the adversary-proceeding rules that automatically apply in contested matters, but Rule 7023 is not among those listed. *See* FED. R. BANKR. P. 9014(c).

Bankruptcy Rule 9014 goes on to provide that "[t]he court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply." Id. This provision of Bankruptcy Rule 9014 therefore contemplates the application of Bankruptcy Rule 7023 and Rule 23 to a contested matter, at the discretion of the bankruptcy court. Thus, "[i]n a contested matter, the party seeking to rely on Rule 23 must file a motion under [Bankruptcy] Rule 9014." *In re Dynegy, Inc.*, 770 F.3d 1064, 1069 (2d Cir. 2014); *see also Ephedra Prods. Liab. Litig.*, 329 B.R. at 5 ("Rule 23 may be invoked against the debtor only if the bankruptcy court first makes a discretionary ruling under Rule 9014 to apply Rule 23 to the proof of claim.").

The proponent of a class claim must (1) make a motion to extend the application of Rule 23 to some contested matter, (2) meet the requirements of Rule 23, and (3) show the benefits derived from the use of the class claim device are consistent with the goals of bankruptcy. *Woodward Lothrop Holdings, Inc.*, 205 B.R. at 369.

V. **ARGUMENT**

### A. The Putative Class Members Have Not Received Notice of the Bankruptcy.

Class claims are appropriate to protect the interests of the putative Class where the members of the putative Class have not received notice of the bankruptcy, and therefore, cannot reasonably be expected to make claims. *See In re Sacred Heart Hosp. of Norristown*, 177 B.R. 16 (Bankr. E.D. Pa. 1995) ("If the unnamed class members are largely a group which the debtor has refused to notify . . ., then the class device may provide the only form of notice to such parties and be advisable to utilize."

#### 1. Rule 23(a)(1) – Numerosity

The first requirement for maintaining a class action is that the class be "so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). A plaintiff is not required to identify the exact number of class members at the class certification stage. *Barnes v. Air Line Pilots Ass'n, Int'l*, 310 F.R.D. 551, 557 (N.D. Ill. 2015); *N.B. v. Hamos*, 26 F. Supp. 3d 756, 770 (N.D. Ill. 2014) (certifying class "defined in such a way that the number of class members is knowable even if presently unknown").

Here, the Class Representatives contend the evidence adduced in the Class Action points to a large estimate of potential members, numbering into the hundreds, if not thousands. On its company profile, PG&E reports having 24,000 employees. It would be impracticable and uneconomical to require hundreds, if not thousands, of former, salaried employees to individually litigate their claims.

### 2. Rule 23(a)(2) – Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class" FED. R. CIV. P. 23(a)(2). A common question exists "[w]here the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members." *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014).

Class Representative alleges PG&E engaged in a systemic failure to pay vested vacation pay with final wages and delayed paying vested vacation pay for several days. "This is a 'common contention' that is 'capable of classwide resolution' because the 'determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'

Nothing more is required to satisfy Rule 23(a)(2)." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 673 (7th Cir. 2015) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).

### 3. Rule 23(a)(3) – Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). "The issue of typicality is closely related to commonality and should be liberally construed." *Saltzman v. Pella Corp.*, 257 F.R.D. 471, 479 (N.D. Ill. 2009). Typicality requires only that the claims of the class representatives be substantially similar to those of the class members. *See Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998) (citation omitted) (plaintiff's claim considered typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of the other class members and his or her claims are based on the same legal theory").

Class Representative's and the Class' claims arise out of the same course of conduct (i.e., PG&E's failure to timely pay vested vacation pay with final wages), are based on the same legal theories, and will require the same kinds of evidence to prove. This is sufficient to satisfy Rule 23(a)(3)'s typicality requirement. Id.

### 4. Rule 23(a)(4) – Adequacy of Representation

Representative parties must "fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). This inquiry assesses whether the named plaintiffs are adequate representatives of the class's interests, as well as the adequacy of proposed class counsel. *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011).

Class counsel has litigated dozens of wage and hour class actions.

### 5. Rule 23(b)(3) – Predominance and Superiority

Certification under Rule 23(b)(3) is appropriate where "the questions of law or fact common to class members predominate over any questions affecting only individual members" and the class action "is superior to other available methods" to adjudicate the controversy fairly and efficiently. FED. R. CIV. P. 23(b)(3).

The predominance requirement is met when substantial common issues that can be resolved on a class-wide basis predominate. *Messner v. Northshore Univ. HealthSystem,* 669 F.3d 802, 814-15 (7th Cir. 2012). Here, PG&E's course of conduct in failing to include vested vacation in final wages, and therefore, failing to timely pay final wages are are central issues that call for proof common to all members of the putative Class, and have resulted in damages which are "susceptible of measurement across the entire class." *Suchanek*, 764 F.3d at 760 (quoting *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1433 (2013)).

Rule 23's superiority requirement is also easily satisfied here. Class members' interests in individually controlling prosecution or defense of separate actions are minimal. "The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997).

The putative Class thus meet all requirements of Rule 23.

## B. Application of Rule 23 is the Only Mechanism to Ensure that Class Members' Rights Are Protected

Situations in which there has been no actual or constructive notice to the class members of the bankruptcy case or the applicable bar date are particularly appropriate for class treatment. *Bally Total Fitness*, 402 B.R. at 620.

Constitutional due process requires that notice of any claims bar date "be fundamentally fair and reasonably calculated to apprise interested parties." *In re ATD Corp.*, 278 B.R. 758, 763 (Bankr. N.D. Ohio 2002). "Known" creditors are typically entitled to actual notice. *In re Drexel Burnham Lambert Group Inc.*, 151 B.R. 674, 680 (Bankr. S.D.N.Y. 1993). In the context of a class action, Rule 23 requires "the best notice that is practicable under the circumstances." FED. R. CIV. P. 23(c)(2)(B) (setting forth requirements for notice to Rule 23(b)(3) class members).

Claimants in a pre-petition class action may be considered "known" creditors of a debtor's bankruptcy estate. *See, e.g., In re DDI Corp.*, 304 B.R. 626, 629 (Bankr. S.D.N.Y. 2004) ("[I]f a class was certified prior to the bar date, or the class action was commenced against the debtor prior to the petition date, the class may be a 'known creditor.'"). Here, the Class is plainly known creditors, given that the Class Action has been filed, and PG&E provided notice of the General Bar Date to Class Representative after he filed the Class Action.

However, the individual members of the Classes are numerous and are located across the state of California. As a practical matter, it is likely that most Class members have not received actual notice of the General Bar Date. The fact that not all members of the Class have received sufficient notice weighs heavily in favor of applying Rule 23 to the Class Proofs of Claim. *See In re Pacific Sunwear of Calif., Inc.*, 2016 WL 3564484, at *6 (Bankr. D. Del. June 22, 2016) (fact that "not all members of the prepetition certified class received sufficient notice . . . conclusively weigh[ed] in favor of applying [Bankruptcy] Rule 7023"); *In re Mortgage & Realty Trust*, 125 B.R. 575, 581 (Bankr. C.D. Cal. 1991) (where notice to potential class

claimants "was not comprehensive enough to preserve the benefits of the class action device," class treatment of proof of claim was appropriate).

### C. Application of Rule 23 Will Serve the Goals of Bankruptcy Without Adversely Affecting Administration of the Bankruptcy Case

Timing concerns typically arise in situations where there has been undue delay in seeking application of Rule 23. *See, e.g., Ephedra Prods. Liab. Litig.*, 329 B.R. at 4-5 (motion not filed until after bar date had passed and plan had been submitted for a vote of creditors); *Woodward & Lothrop Holdings*, 205 B.R. at 370 (issue not raised until after debtor had sold all of its assets, confirmed a liquidating plan, and made distributions).

No such delay or concern exists here. The claims administration process is ongoing, and the Class Proofs of Claim were filed on October 10, 2019, in advance of the General Bar Date.

Moreover, the Class' claims are no surprise to PG&E, given that the Class Representative filed the Class Action on June 18, 2019, and subsequently received Notice of Deadline for Filing Proofs of Claim in Chapter 11 Cases on or about July 15, 2019.

Two of the primary goals of the Bankruptcy Code are to ensure creditor compensation and to promote equality of distribution. *See Charter,* 876 F.2d at 871; *Am. Reserve Corp.,* 840 F.2d at 489. These goals can only be achieved if all a debtor's claimants are given a meaningful opportunity to submit and present their claims. Where claimants are unaware of the existence or validity of their claims, do not have the means or economic justification to investigate or argue such claims, or there are multiple claimants with similar claims in relatively small amounts, the application of Bankruptcy Rule 7023 and Rule 23 is the best method to achieve these critical bankruptcy goals. *See In re CommonPoint Mortgage Co.*, 283 B.R. 469, 481 (Bankr. W.D. Mich. 2002); *In re Zenith Labs., Inc.*, 104 B.R. 659, 662-63 (D.N.J. 1989).

-11-
CLASS REPRESENTATIVE'S MOTION TO EXTEND APPLICATION OF FEDERAL RULE OF CIVIL PROCEDURE 23 TO CLASS PROOFS OF CLAIM
Case: 19-30088    Doc# 4370    Filed: 10/21/19    Entered: 10/21/19 23:26:35    Page 11 of 13

Here, the filing of the Class Proofs of Claim "will promote efficiency by placing potentially thousands of individual claims before the court in a single class claim with competent counsel representing the interests of the class." *Pacific Sunwear*, 2016 WL 3564484, at *6.

Given Class Representative's lack of delay in filing the instant Motion, applying Rule 23 to the Class Proofs of Claim would not cause any substantial disruption to the administration of the case or prejudice to other parties. *See In re Chateaugay Corp.*, 104 B.R. 626, 632 (S.D.N.Y. 1989) ("any potential marginal increase in delay or in difficulty of valuation of claims would be justified in order to protect the rights of small claimants . . . to be represented by the filing of a class proof of claim"). "Persons holding small claims, who absent class procedures might not prosecute them, are no less creditors under the Code than someone with a large, easily filed claim. Applying Rule 23 to filing procedures will bring all claims forward, as contemplated by the Bankruptcy Code." *Charter*, 876 F.2d at 871.

## V. CONCLUSION

Based on the foregoing facts and authorities, the Class Representative respectfully requests that the Court grant the Motion and enter an Order authorizing the application of Federal Rule of Civil Procedure 23 to the Class Proofs of Claim.

Dated: October 21, 2019       OSTERGAR LAW GROUP P.C.

By: _____
John E. Lattin
Attorneys for Creditor,
DAVID ALONZO, and all similarly situated

# CERTIFICATE OF SERVICE

United Stated District Court for the Northern District of California
Case No. 3:19-bk-30089 (DM)

**CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION TO EXTEND APPLICATION OF FEDERAL RULE OF CIVIL PROCEDURE 23 TO CLASS PROOFS OF CLAIM**

I hereby certify that I caused the foregoing to be served and filed with the Clerk of the Court for the United States District Court for the Central District of California using the court's CM/ECF system on October 21, 2019.

I further certify that all participants in the case are registered CMF/ECF users and that service will be accomplished by the court's CM/ECF system.

*/s/ John E. Lattin*
John E. Lattin