1  John E. Lattin (State Bar No. 167876)
2   jlattin@ostergar.com
   **OSTERGAR LAW GROUP P.C.**
3  9110 Irvine Center Drive
   Irvine, California 92618
4  Phone: (949) 357-2544 | Fax: (949) 305-4591

5  Attorneys for Creditor
   DAVID ALONZO and all similarly situated

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFRONIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors. | **Bankruptcy Case: 3:19-bk-30088 DM**<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**DECLARATION OF JOHN E. LATTIN IN SUPPORT OF CLASS REPRESENTATIVE'S MOTION TO EXTEND APPLICATION OF FEDERAL RULE OF CIVIL PROCEDURE 23 TO CLASS PROOFS OF CLAIM**<br><br>[Motion to Extend Application of Federal Rule of Civil Procedure 23 to Class Proofs of Claim Filed Concurrently Herewith]<br><br>DATE: November 19, 2019<br>TIME: 10:00 a.m.<br>DEPT: 17 |

/ / /

/ / /

-1-

DECLARATION OF JOHN E. LATTIN IN SUPPORT OF CLASS REPRESENTATIVE'S MOTION TO EXTEND APPLICATION OF FEDERAL RULE OF CIVIL PROCEDURE 23 TO CLASS PROOFS OF CLAIM

Case: 19-30088    Doc# 4370-1    Filed: 10/21/19    Entered: 10/21/19 23:36:35    Page 1 of 7

I, John E. Lattin, declare as follows:

1. I am an attorney at law duly licensed to practice before all courts in the State of California, and I am counsel of record for Attorneys for Creditor DAVID ALONZO and all similarly situated ("Alonzo"). I have personal knowledge of the facts contained in this declaration, and if called upon to do so, I could and would testify competently to them.

2. On June 18, 2019, Class Representative filed an action against Pacific Gas and Electric Company ("PG&E") in San Francisco County Superior Court, alleging PG&E's failure to pay final wages to employees on termination and resignation of employment in violation of the California Labor Code.

3. On October 10, 2019, Class Representative, on behalf of himself and the putative Class, filed Proofs of Claim against Debtors Pacific Gas and Electric Corporation (Case No. 19-30088, See Claim Nos. 276-1) and Pacific Gas and Electric Company (Case No. 19-30089, See Claim Nos. 74-1) (collectively, the "Class Proofs of Claim").

4. On October 10, 2019, Class Representative, on behalf of himself and the putative Class, filed Proofs of Claim against Debtors Pacific Gas and Electric Corporation (Case No. 19-30088) and Pacific Gas and Electric Company (Case No. 19-30089) (collectively, the "Class Proofs of Claim"). *See*, the true and correct copy of the Proof of Claim against Pacific Gas and Electric Corporation, Claim No. 276-1, attached hereto as Exhibit 1, and the Proof of Claim against Pacific Gas and Electric Company, Claim No. 74-1, attached hereto as Exhibit 2.

5. The overwhelming majority of putative Class members likely have not received notice of the applicable Bar Date. The instant Motion has been timely filed, and thus, no undue delay, surprise, or disruption to the administration of the case exists. Extending Rule 23 to the Class Proofs of Claim would promote efficiency and serve the bankruptcy goals of bringing all claims forward, ensuring creditor compensation, and promoting equality of distribution.

-2-
DECLARATION OF JOHN E. LATTIN IN SUPPORT OF CLASS REPRESENTATIVE'S MOTION TO EXTEND APPLICATION OF FEDERAL RULE OF CIVIL PROCEDURE 23 TO CLASS PROOFS OF CLAIM

6. On June 18, 2019, Class Representative filed a Class Action Complaint against Sears PG&E in the San Francisco County Superior Court (the "Superior Court"), styled *Alonzo v. Pacific Gas and Electric Company*, San Francisco County Superior Court, Case No. CGC-19-576805 (the "Class Action"), which is the operative complaint in the Class Action. The Complaint asserts a claim against PG&E for violation of California Labor Code Sections 201-203 and related waiting time penalties. *See* a true and correct copy of the Class Action Complaint attached hereto as Exhibit 3.

7. The Class Action Complaint alleges as follows:

- On or about June 30, 2016, PG&E hired Class Representative. Over the years, Class Representative was promoted and ultimately became a salaried supervisor. As a salaried supervisor, PG&E paid Class Representative a base salary plus overtime. In addition, PG&E provided Class Representative paid vacations pursuant to PG&E's paid vacation policy.

- On March 25, 2019, PG&E terminated Class Representative's employment. Class Representative's termination of employment by PG&E was involuntary. At the time of Class Representative's termination, PG&E paid him once per month. At the time of his termination of employment, Class Representative had accrued 123 hours of vested vacation pay at the rate of $72.05/hour in the total amount of $8,862.15.

- PG&E failed to pay Class Representative's vested vacation time immediately upon Class Representative's date of termination (i.e., March 24, 2019). Rather, PG&E created a payroll check issued to Class Representative in the gross amount of $11, 023.65, which included Class Representative's vested vacation pay in the amount of $8,862.15. The "Check Date" is "3/29/2019". However, PG&E

-3-

DECLARATION OF JOHN E. LATTIN IN SUPPORT OF CLASS REPRESENTATIVE'S MOTION TO EXTEND APPLICATION OF FEDERAL RULE OF CIVIL PROCEDURE 23 TO CLASS PROOFS OF CLAIM

Case: 19-30088    Doc# 4370-1    Filed: 10/21/19    Entered: 10/21/19 23:36:35    Page 3 of 7

failed to deliver said payroll check to Class Representative until April 4, 2019, which was the following pay period.

- As a result of PG&E's failure to pay all earned and vested vacation pay upon Class Representative's involuntary termination of employment, PG&E failed to pay all final wages owed to Class Representative in a timely manner.

- The operative complaint alleges the existence of the following class: "All of [PG&E's] former salaried employees in California who were paid once per month and who had earned and vested vacation pay at the time of their separation of employment and whose during the three years immediately prior to the filing of the Complaint."

- Class Representative is informed and believes he and all other members of the putative Class are the victims of PG&E's systemic failure to the comply with the California Labor Code. Class Representative is further informed and believes a standard and reliable methodology exists that would enable him to measure damages across the putative Class, using data and information in PG&E's possession (such as former employee lists, salary data, and final pay data).

8. On January 29, 2019, PG&E and its affiliate filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, as a result of which the Class Action was automatically stayed pursuant to Section 362(a) of the Bankruptcy Code.

9. The Court set a General Bar Date of October 18, 2019 for the filing of claims against the Debtors.

10. On October 10, 2019, Class Representative, on behalf of himself and the putative Class, filed Proofs of Claim against PG&E and Pacific Gas and Electric Corporation (collectively, the "Class Proofs of Claim").

11. The Class Representative contends the evidence adduced in the Class

-4-
DECLARATION OF JOHN E. LATTIN IN SUPPORT OF CLASS REPRESENTATIVE'S MOTION TO EXTEND APPLICATION OF FEDERAL RULE OF CIVIL PROCEDURE 23 TO CLASS PROOFS OF CLAIM

Case: 19-30088    Doc# 4370-1    Filed: 10/21/19    Entered: 10/21/19 23:26:35    Page 4 of 7

1 Action points to a large estimate of potential members, numbering into the hundreds, if not thousands. On its company profile, PG&E reports having 24,000 employees. It would be impracticable and uneconomical to require hundreds, if not thousands, of former, salaried employees to individually litigate their claims.

12. Class Representative alleges PG&E engaged in a systemic failure to pay vested vacation pay with final wages and delayed paying vested vacation pay for several days.

13. Class Representative's and the Class' claims arise out of the same course of conduct (i.e., PG&E's failure to timely pay vested vacation pay with final wages), are based on the same legal theories, and will require the same kinds of evidence to prove.

14. Class counsel has litigated dozens of wage and hour class actions.

15. PG&E's course of conduct in failing to include vested vacation in final wages, and therefore, failing to timely pay final wages are central issues that call for proof common to all members of the putative Class, and have resulted in damages which can be measured across the entire Class.

16. The individual members of the Classes are numerous and are located across the state of California. As a practical matter, it is likely that most Class members have not received actual notice of the General Bar Date.

17. The claims administration process is ongoing, and the Class Proofs of Claim were filed on October 10, 2019, in advance of the General Bar Date.

18. The Class' claims are no surprise to PG&E, given that the Class Representative filed the Class Action on June 18, 2019, and subsequently received Notice of Deadline for Filing Proofs of Claim in Chapter 11 Cases on or about July 15, 2019.

/ / /

/ / /

/ / /

-5-
DECLARATION OF JOHN E. LATTIN IN SUPPORT OF CLASS REPRESENTATIVE'S MOTION TO EXTEND APPLICATION OF FEDERAL RULE OF CIVIL PROCEDURE 23 TO CLASS PROOFS OF CLAIM

Case: 19-30088    Doc# 4370-1    Filed: 10/21/19    Entered: 10/21/19 23:36:35    Page 5 of 7

19. The filing of the Class Proofs of Claim will promote efficiency by placing hundreds of individual claims before the court in a single class claim with competent counsel representing the interests of the class.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on October 21, 2019, at Irvine, California.

Dated: October 21, 2019

                                                       */s/ John E. Lattin*
                                                      John E. Lattin

-6-
DECLARATION OF JOHN E. LATTIN IN SUPPORT OF CLASS REPRESENTATIVE'S MOTION TO EXTEND APPLICATION OF FEDERAL RULE OF CIVIL PROCEDURE 23 TO CLASS PROOFS OF CLAIM

Case: 19-30088    Doc# 4370-1    Filed: 10/21/19    Entered: 10/21/19 23:36:35    Page 6 of 7

# CERTIFICATE OF SERVICE

United Stated District Court for the Northern District of California
Case No. 3:19-bk-30089 (DM)

**DECLARATION OF JOHN E. LATTIN IN SUPPORT OF CLASS REPRESENTATIVE'S MOTION TO EXTEND APPLICATION OF FEDERAL RULE OF CIVIL PROCEDURE 23 TO CLASS PROOFS OF CLAIM**

I hereby certify that I caused the foregoing to be served and filed with the Clerk of the Court for the United States District Court for the Central District of California using the court's CM/ECF system on October 21, 2019.

I further certify that all participants in the case are registered CMF/ECF users and that service will be accomplished by the court's CM/ECF system.

*/s/ John E. Lattin*
John E. Lattin

-7-
DECLARATION OF JOHN E. LATTIN IN SUPPORT OF CLASS REPRESENTATIVE'S MOTION TO EXTEND APPLICATION OF FEDERAL RULE OF CIVIL PROCEDURE 23 TO CLASS PROOFS OF CLAIM

Case: 19-30088    Doc# 4370-1    Filed: 10/21/19    Entered: 10/21/19 23:36:35    Page 7 of 7