# EXHIBIT "1"

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT Northern District of California | PROOF OF CLAIM |
|---|---|
| Name of Debtor: Pacific Gas and Electric Corporation | Case Number: 19-30088 | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Dave Alonzo, as an individual and on behalf of all similarly situated.

**COURT USE ONLY**

Name and address where notices should be sent:
John E. Lattin
OSTERGAR LAW GROUP P.C.
9110 Irvine Center Drive, Irvine, CA 92618

❏ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
(*If known*)

Telephone number: (949) 357-2544  email: jlattin@ostergar.com

Filed on: _____

Name and address where payment should be sent (if different from above):

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number:  email:

**1. Amount of Claim as of Date Case Filed:** $ 10,000,000.00 (estimated)

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❏ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Failure to pay final wages timely and waiting time penalties under California Labor Code section 203
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: 4 9 1 4 | 3a. Debtor may have scheduled account as: _____ (See instruction #3a) | 3b. Uniform Claim Identifier (optional): _____ (See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**
$ _____

Nature of property or right of setoff: ❏ Real Estate  ❏ Motor Vehicle  ❏ Other
Describe:

**Basis for perfection:** _____

Value of Property: $ _____

**Amount of Secured Claim:** $ _____

Annual Interest Rate _____ % ❏ Fixed  or  ❏ Variable
(when case was filed)

**Amount Unsecured:** $ _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

❏ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☑ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

**Amount entitled to priority:**
$ up to $ 12,475.00 per putative class member

❏ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❏ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

Case: 19-30088    Claim# 43612    Filed: 10/21/19    Desc: Main Document    Page 2 of 12

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

---

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: David Alonzo, as an individual and on behalf of all similarly situated
Title: Creditor
Company:
Address and telephone number (if different from notice address above):

(Signature)   (Date)

Telephone number:   email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

### INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

_____DEFINITIONS_____ | _____INFORMATION_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

```
1  JOHN E. LATTIN, SBN 167876
   OSTERGAR LAW GROUP, P.C.
2  9110 Irvine Center Drive
   Irvine, CA 92618
3  Telephone: (949) 357-2544
   Facsimile: (949) 305-4591
4
   JONATHAN M. LEBE, SBN 284605
5  LEBE LAW, APLC
   777 South Alameda Street
6  Second Floor, Unit 2089
   Los Angeles, California 90021
7  Telephone: (213)- 358-7046
   Facsimile: (310) 820-1258
8
9  Attorneys for Plaintiff Dave Alonzo,
   As an individual and on behalf of all others similarly situated
```

ENDORSED
FILED
San Francisco County Superior Court

JUN 18 2019

CLERK OF THE COURT
BY: KALENE APOLONIO
       Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| DAVE ALONZO, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY., a California corporation; and DOES 1 through 50,<br><br>Defendants. | CASE NO. CGC-19-576805<br><br>*[Unlimited Jurisdiction]*<br><br>**CLASS ACTION COMPLAINT:**<br><br>**(1) WAITING TIME PENALTIES (LABOR CODE §§ 201-203)** |

Plaintiff DAVE ALONZO ("Plaintiff"), on behalf of himself and all others similarly situated, hereby brings this Class Action Complaint against PACIFIC GAS AND ELECTRIC COMPANY., a California corporation, and DOES 1 through 50, inclusive (collectively "Defendants"), and on information and belief alleges as follows:

**JURISDICTION**

1. Plaintiff, on behalf of herself and all others similarly situated, hereby brings this Complaint for recovery of unpaid wages and penalties under Labor Code §§ 201-203 and 227.3, in addition to seeking declaratory relief and restitution. This Complaint is brought

1
CLASS ACTION COMPLAINT

Case: 19-30088    Doc# 4376    Filed: 10/21/19    Entered: 10/21/19 23:26:35    Page 4 of 12
Case: 19-30088    Claim# 2760-12    Filed: 10/21/19    Desc Main Document    Page 5 of 12

pursuant to California Code of Civil Procedure § 382.  This Court has jurisdiction over Defendant's violations of the California Labor Code because the amount in controversy exceeds this Court's jurisdictional minimum.

**VENUE**

2. Venue is proper in this judicial district pursuant to California Code of Civil Procedure §§ 395(a) and 395.5, as at least some of the acts and omissions complained of herein occurred in the County of Monterey.  Defendants own and maintain offices, transact business, have agents and employees within the County of San Francisco, and Defendants are within this jurisdiction of this Court for purposes of service of process.

**PARTIES**

3. Plaintiff is an individual over the age of eighteen (18).  At all relevant times herein, Plaintiff was and currently is a California resident.  During the four years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to each cause of action pled herein, Plaintiff was employed by Defendants as a non-exempt employee.  Plaintiff was and is a victim of Defendants' policies and practices complained of herein, lost money and/or property, and has been deprived of the right guaranteed by Labor Code §§ 201-203, and 227.3.

4. Plaintiff is informed and believes, and based thereon alleges, that during the four (3) years preceding the filing of the Complaint and continuing to the present, Defendants did and continue to do business by operating a natural gas and electric utility, and employed Plaintiff and other similarly situated non-exempt employees within the State of California and the County of Monterey, and therefore, were and are doing business in the State of California and the County of Monterey.

5. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered.  Plaintiff is informed, and believes, and based thereon alleges, that each of said fictitious

2
CLASS ACTION COMPLAINT

Case: 19-30088    Claim 2760-1    Filed: 10/18/19    Desc Main Document    Page 5 of 11

defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Class as defined in Paragraph 16 to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

6. Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, Defendants were and are the employers of Plaintiff all members of the Class.

7. At all times mentioned herein, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all time herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

8. At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all members of the Class.

## GENERAL FACTUAL ALLEGATIONS

9. On or about June 30, 20106, Defendants hired Plaintiff. Over the years, Plaintiff was promoted and ultimately became a salaried supervisor. As a salaried supervisor, Defendants paid Plaintiff a base salary plus overtime. In addition, Defendants provided Plaintiff paid vacations pursuant to Defendants' paid vacation policy.

10. On March 25, 2019, Defendants terminated Plaintiff's employment for an alleged violation of Defendants' company policies. Plaintiff's termination of employment by Defendants was involuntary. At the time of his termination, Defendants paid Plaintiff once per month.

3
CLASS ACTION COMPLAINT
Case: 19-30088    Doc# 4370-2    Filed: 10/21/19    Entered: 10/21/19 23:26:35    Page 7 of 12

11. At the time of his termination of employment, Plaintiff had accrued 123 hours of vested vacation pay at the rate of $72.05/hour in the total amount of $8,862.15.

12. California Labor Code Section 227.3 provides "whenever . . . employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such . . . employer policy respecting eligibility or time served; provided, however, that an . . . employer policy shall not provide for forfeiture of vested vacation time upon termination." Under California law, earned vacation time is considered wages, and vacation is earned, or vests, as labor is performed. Vacation pay accrues as it is earned, and cannot be forfeited, regardless of the reason for termination. *Saustez v. Plastic Dress Up* (1982) 31 Cal.3d 774.

13. California Labor Code Section 201(a) provides: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

14. Defendants failed to pay Plaintiff's vested vacation time immediately upon Plaintiff's date of termination (i.e., March 24, 2019). Rather, Defendants created a payroll check issued to Plaintiff in the gross amount of $11, 023.65, which included Plaintiff's vested vacation pay in the amount of $8,862.15. The "Check Date" is "3/29/2019". However, Defendants failed to deliver said payroll check to Plaintiff until April 4, 2019, which was the following pay period.

15. As a result of Defendants' failure to pay all earned and vested vacation pay upon Plaintiff's involuntary termination of employment, Defendant failed to pay all final wages owed to Plaintiff in a timely manner.

### CLASS ACTION ALLEGATIONS

16. **Class Allegations:** Plaintiff brings this action on behalf of himself and the following Class pursuant to the Code of Civil Procedure §382: All of Defendants' former salaried employees in California who were paid once per month and who had earned and vested vacation pay at the time of their separation of employment and whose during the three years immediately prior to the filing of the Complaint.

17. **Numerosity.** The members of the Class are so numerous that joinder of all members would not be feasible or practicable. The membership of the Class is unknown to Plaintiff at this time; however, it is estimated that the members of the Class is greater than 500 individuals. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

18. **Common Questions of Law and Fact Predominate/Well Defined Community of Interest:** There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members. Those questions include without limitation:

   a. Whether Defendants' policies/practices for the timing and amount of payment of final wages to members of the Class at the time of their separation of employment were lawful.

   b. Whether Defendants systematically failed to pay accrued and vested vacation pay to members of the Class immediately at time of discharge.

   c. Whether Defendants systematically failed to pay accrued and vested vacation pay to members of the Class within 72 hours of resignation.

19. **Predominance of Common Questions.** Common questions of law and fact predominate over questions that affect only individual members of the Class. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member. As such, the common questions predominate over individual questions concerning each individual class member's showing as to their eligibility for recovery or as to the amount of their damages.

20. **Typicality.** The claims of Plaintiff are typical of the claims of the Class because Plaintiff was employed by Defendants as a non-exempt employee in California during the statute(s) of limitations period applicable to each cause of action pled in the Complaint. As alleged herein, Plaintiff, like the members of the Class, was not paid proper overtime wages, was not provided all required meal periods, was not authorized and permitted to take all required rest periods, did not receive meal and rest period premium wages when she was not

Case: 19-30088    Doc# 4370-2    Filed: 10/21/19    Entered: 10/21/19 23:26:35    Page 9 of 12

provided compliant meal or rest periods, was not provided complete and accurate wage statements, and did not receive all final wages owed to her upon her termination of employment from Defendants.

21. **Adequacy of Representation.** Plaintiff is prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Class. Moreover, Plaintiff's attorneys are ready, willing and able to represent the members of the Class and Plaintiff. Plaintiff's attorneys have litigated numerous wage-and-hour class actions in state and federal courts and are committed to vigorously prosecuting the action on behalf of the members of the Class.

22. **Superiority.** The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Class make the class action format an efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior economic and legal resources. Moreover, requiring each individual member of the Class to pursue an individual remedy would discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former or current employer for real and justifiable fear of retaliation and damage to their careers. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interests of other class members not

parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all the concomitant costs and expenses attending thereto. As such, the Class identified in paragraph 16 are maintainable as a Class under the Code of Civil Procedure § 382.

## FIRST CAUSE OF ACTION

## WAITING TIME PENALTIES

### (Against All Defendants)

23. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

24. This cause of action is brought pursuant to Labor Code §§ 201-203, which require an employer to pay all wages immediately at the time of separation of employment in the event the employer fires the employee or the employee provides at least 72 hours of notice of their intent to quit. In the event the employee provides less than 72 hours of notice of their intent to quit, the employee's final wages become due and payable not later than 72 hours of the employee's last date of employment.

25. Plaintiff is informed and believes, and based thereon alleges, that Defendant failed to pay timely Plaintiff and the members of the Class all final wages due to them at their separation from employment, including earned and vested vacation pay.

26. Further, Plaintiff is informed and believes, and based thereon alleges, that as a matter of policy/practice, Defendants continue to fail to pay Plaintiff and the members of the Class all earned wages at the end of employment in a timely manner.

27. Defendants' failure to pay final wages was willful within the meaning of Labor Code § 203. Defendants' willful failure to pay timely Plaintiff and the members of the Waiting Time Class their earned wages upon separation from employment results in a continued payment of wages for up to thirty days from the time the wages were due.

28. Therefore, Plaintiff and the members of the Waiting Time Class are entitled to compensation pursuant to Labor Code § 203.

7
CLASS ACTION COMPLAINT

Case 19-30088    Doc# 4370-2    Filed 10/24/19    Entered: 10/21/19 23:26:35    Page 10 of 11
Case 19-30088    Claim 276-12    Filed 10/21/19    Desc Main Document    Page 11 of 12

# PRAYER

WHEREFORE, Plaintiff prays for judgment herself and for all others on whose behalf this suit is brought against Defendants, as follows:

1. An order certifying the proposed Class;
2. An order appointing Plaintiff as representative of the Class;
3. An order appointing Counsel for Plaintiff as Counsel for the Class;
4. Declaratory judgment that Defendants' practices alleged herein are unlawful;
5. Upon the First Cause of Action, for statutory waiting penalties pursuant to Labor Code § 203;
6. Prejudgment interest.
7. On all causes of action for attorneys' fees and costs; and
8. For such other and further relief the Court deems just and proper.

DATE: June 17, 2019                    OSTERGAR LAW GROUP, P.C.

By: _____
JOHN E. LATTIN
Attorneys for Plaintiff
DAVE ALONZO

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

DATE: June 17, 2019                    OSTERGAR LAW GROUP, P.C.

By: _____
JOHN E. LATTIN
Attorneys for Plaintiff
DAVE ALONZO

8
CLASS ACTION COMPLAINT

Case: 19-30088    Doc# 4370-2    Filed: 10/21/19    Entered: 10/21/19 23:26:35    Page 12 of 12
Case 19-30088    Claim 2760-1    Desc Main Document    Page 11 of 11