# EXHIBIT "3"

| | |
|---|---|
| 1  JOHN E. LATTIN, SBN 167876<br>   OSTERGAR LAW GROUP, P.C.<br>2  9110 Irvine Center Drive<br>   Irvine, CA 92618<br>3  Telephone: (949) 357-2544<br>   Facsimile: (949) 305-4591<br>4<br>   JONATHAN M. LEBE, SBN 284605<br>5  LEBE LAW, APLC<br>   777 South Alameda Street<br>6  Second Floor, Unit 2089<br>   Los Angeles, California 90021<br>7  Telephone: (213)- 358-7046<br>   Facsimile: (310) 820-1258<br>8<br>9  Attorneys for Plaintiff Dave Alonzo,<br>   As an individual and on behalf of all others similarly situated | ENDORSED<br>FILED<br>San Francisco County Superior Court<br><br>JUN 1 8 2019<br><br>CLERK OF THE COURT<br>BY: KALENE APOLONIO<br>————————————<br>Deputy Clerk |

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| DAVE ALONZO, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY., a California corporation; and DOES 1 through 50,<br><br>Defendants. | CASE NO. CGC-19-576805<br>*[Unlimited Jurisdiction]*<br><br>**CLASS ACTION COMPLAINT:**<br><br>(1) **WAITING TIME PENALTIES (LABOR CODE §§ 201-203)** |

Plaintiff DAVE ALONZO ("Plaintiff"), on behalf of himself and all others similarly situated, hereby brings this Class Action Complaint against PACIFIC GAS AND ELECTRIC COMPANY., a California corporation, and DOES 1 through 50, inclusive (collectively "Defendants"), and on information and belief alleges as follows:

### JURISDICTION

1. Plaintiff, on behalf of herself and all others similarly situated, hereby brings this Complaint for recovery of unpaid wages and penalties under Labor Code §§ 201-203 and 227.3, in addition to seeking declaratory relief and restitution. This Complaint is brought

1

CLASS ACTION COMPLAINT

pursuant to California Code of Civil Procedure § 382. This Court has jurisdiction over Defendant's violations of the California Labor Code because the amount in controversy exceeds this Court's jurisdictional minimum.

**VENUE**

2. Venue is proper in this judicial district pursuant to California Code of Civil Procedure §§ 395(a) and 395.5, as at least some of the acts and omissions complained of herein occurred in the County of Monterey. Defendants own and maintain offices, transact business, have agents and employees within the County of San Francisco, and Defendants are within this jurisdiction of this Court for purposes of service of process.

**PARTIES**

3. Plaintiff is an individual over the age of eighteen (18). At all relevant times herein, Plaintiff was and currently is a California resident. During the four years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to each cause of action pled herein, Plaintiff was employed by Defendants as a non-exempt employee. Plaintiff was and is a victim of Defendants' policies and practices complained of herein, lost money and/or property, and has been deprived of the right guaranteed by Labor Code §§ 201-203, and 227.3.

4. Plaintiff is informed and believes, and based thereon alleges, that during the four (3) years preceding the filing of the Complaint and continuing to the present, Defendants did and continue to do business by operating a natural gas and electric utility, and employed Plaintiff and other similarly situated non-exempt employees within the State of California and the County of Monterey, and therefore, were and are doing business in the State of California and the County of Monterey.

5. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed, and believes, and based thereon alleges, that each of said fictitious

1 defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Class as defined in Paragraph 16 to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

6. Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, Defendants were and are the employers of Plaintiff all members of the Class.

7. At all times mentioned herein, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all time herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

8. At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all members of the Class.

## GENERAL FACTUAL ALLEGATIONS

9. On or about June 30, 20106, Defendants hired Plaintiff. Over the years, Plaintiff was promoted and ultimately became a salaried supervisor. As a salaried supervisor, Defendants paid Plaintiff a base salary plus overtime. In addition, Defendants provided Plaintiff paid vacations pursuant to Defendants' paid vacation policy.

10. On March 25, 2019, Defendants terminated Plaintiff's employment for an alleged violation of Defendants' company policies. Plaintiff's termination of employment by Defendants was involuntary. At the time of his termination, Defendants paid Plaintiff once per month.

11. At the time of his termination of employment, Plaintiff had accrued 123 hours of vested vacation pay at the rate of $72.05/hour in the total amount of $8,862.15.

12. California Labor Code Section 227.3 provides "whenever . . . employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such . . . employer policy respecting eligibility or time served; provided, however, that an . . . employer policy shall not provide for forfeiture of vested vacation time upon termination." Under California law, earned vacation time is considered wages, and vacation is earned, or vests, as labor is performed. Vacation pay accrues as it is earned, and cannot be forfeited, regardless of the reason for termination. *Saustez v. Plastic Dress Up* (1982) 31 Cal.3d 774.

13. California Labor Code Section 201(a) provides: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

14. Defendants failed to pay Plaintiff's vested vacation time immediately upon Plaintiff's date of termination (i.e., March 24, 2019). Rather, Defendants created a payroll check issued to Plaintiff in the gross amount of $11, 023.65, which included Plaintiff's vested vacation pay in the amount of $8,862.15. The "Check Date" is "3/29/2019". However, Defendants failed to deliver said payroll check to Plaintiff until April 4, 2019, which was the following pay period.

15. As a result of Defendants' failure to pay all earned and vested vacation pay upon Plaintiff's involuntary termination of employment, Defendant failed to pay all final wages owed to Plaintiff in a timely manner.

## CLASS ACTION ALLEGATIONS

16. **Class Allegations:** Plaintiff brings this action on behalf of himself and the following Class pursuant to the Code of Civil Procedure §382: All of Defendants' former salaried employees in California who were paid once per month and who had earned and vested vacation pay at the time of their separation of employment and whose during the three years immediately prior to the filing of the Complaint.

17. **Numerosity.** The members of the Class are so numerous that joinder of all members would not be feasible or practicable. The membership of the Class is unknown to Plaintiff at this time; however, it is estimated that the members of the Class is greater than 500 individuals. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

18. **Common Questions of Law and Fact Predominate/Well Defined Community of Interest:** There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members. Those questions include without limitation:

   a. Whether Defendants' policies/practices for the timing and amount of payment of final wages to members of the Class at the time of their separation of employment were lawful.

   b. Whether Defendants systematically failed to pay accrued and vested vacation pay to members of the Class immediately at time of discharge.

   c. Whether Defendants systematically failed to pay accrued and vested vacation pay to members of the Class within 72 hours of resignation.

19. **Predominance of Common Questions.** Common questions of law and fact predominate over questions that affect only individual members of the Class. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member. As such, the common questions predominate over individual questions concerning each individual class member's showing as to their eligibility for recovery or as to the amount of their damages.

20. **Typicality.** The claims of Plaintiff are typical of the claims of the Class because Plaintiff was employed by Defendants as a non-exempt employee in California during the statute(s) of limitations period applicable to each cause of action pled in the Complaint. As alleged herein, Plaintiff, like the members of the Class, was not paid proper overtime wages, was not provided all required meal periods, was not authorized and permitted to take all required rest periods, did not receive meal and rest period premium wages when she was not

provided compliant meal or rest periods, was not provided complete and accurate wage statements, and did not receive all final wages owed to her upon her termination of employment from Defendants.

21. **Adequacy of Representation.** Plaintiff is prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Class. Moreover, Plaintiff's attorneys are ready, willing and able to represent the members of the Class and Plaintiff. Plaintiff's attorneys have litigated numerous wage-and-hour class actions in state and federal courts and are committed to vigorously prosecuting the action on behalf of the members of the Class.

22. **Superiority.** The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Class make the class action format an efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior economic and legal resources. Moreover, requiring each individual member of the Class to pursue an individual remedy would discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former or current employer for real and justifiable fear of retaliation and damage to their careers. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interests of other class members not

parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all the concomitant costs and expenses attending thereto. As such, the Class identified in paragraph 16 are maintainable as a Class under the Code of Civil Procedure § 382.

# FIRST CAUSE OF ACTION

## WAITING TIME PENALTIES

### (Against All Defendants)

23. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

24. This cause of action is brought pursuant to Labor Code §§ 201-203, which require an employer to pay all wages immediately at the time of separation of employment in the event the employer fires the employee or the employee provides at least 72 hours of notice of their intent to quit. In the event the employee provides less than 72 hours of notice of their intent to quit, the employee's final wages become due and payable not later than 72 hours of the employee's last date of employment.

25. Plaintiff is informed and believes, and based thereon alleges, that Defendant failed to pay timely Plaintiff and the members of the Class all final wages due to them at their separation from employment, including earned and vested vacation pay.

26. Further, Plaintiff is informed and believes, and based thereon alleges, that as a matter of policy/practice, Defendants continue to fail to pay Plaintiff and the members of the Class all earned wages at the end of employment in a timely manner.

27. Defendants' failure to pay final wages was willful within the meaning of Labor Code § 203. Defendants' willful failure to pay timely Plaintiff and the members of the Waiting Time Class their earned wages upon separation from employment results in a continued payment of wages for up to thirty days from the time the wages were due.

28. Therefore, Plaintiff and the members of the Waiting Time Class are entitled to compensation pursuant to Labor Code § 203.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment herself and for all others on whose behalf this suit is brought against Defendants, as follows:

1. An order certifying the proposed Class;
2. An order appointing Plaintiff as representative of the Class;
3. An order appointing Counsel for Plaintiff as Counsel for the Class;
4. Declaratory judgment that Defendants' practices alleged herein are unlawful;
5. Upon the First Cause of Action, for statutory waiting penalties pursuant to Labor Code § 203;
6. Prejudgment interest.
7. On all causes of action for attorneys' fees and costs; and
8. For such other and further relief the Court deems just and proper.

DATE: June 17, 2019    OSTERGAR LAW GROUP, P.C.

By: _____
JOHN E. LATTIN
Attorneys for Plaintiff
DAVE ALONZO

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

DATE: June 17, 2019    OSTERGAR LAW GROUP, P.C.

By: _____
JOHN E. LATTIN
Attorneys for Plaintiff
DAVE ALONZO