**Exhibit A**

**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Stephen Karotkin**
+1 212 310 8350
stephen.karotkin@weil.com

October 16, 2019

**VIA EMAIL**

Hon. Dennis Montali
United States Bankruptcy Judge
450 Golden Gate Avenue, 16th Floor
San Francisco CA 94102

Re: *Postpetition Interest and Make-Whole/Optional Redemption Scheduling*

Dear Judge Montali:

    I write on behalf of the PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**", and collectively with PG&E Corp., the "**Debtors**"), regarding scheduling of briefing deadlines and hearing dates for the postpetition interest and make-whole/optional redemption legal issues. As I am sure you will recall, you viewed these as issues to be dealt with relatively promptly so that they could be addressed early in the Chapter 11 plan process. As of October 7, 2019, the Debtors and the other parties that have expressed an interest in participating in the disposition of these legal issues (the "**Interested Parties**")[1] had largely reached an agreement with respect to the briefing and argument schedule as set forth below (the "**Agreed Schedule**"):

- Postpetition Interest
    - Opening briefs: November 1, 2019
    - Reply briefs: November 22, 2019
    - Oral argument: December 11, 2019
- Make-whole/optional redemption
    - Opening briefs: November 15, 2019
    - Reply briefs: December 6, 2019
    - Oral argument: TBD

The only open issues were: (1) whether each side—the Debtors and any supporting party, on the one hand, and the AHC Group, on the other hand—should submit joint-briefs on each issue, or whether each Interested Party should file its own brief, and (2) selection of the date for oral argument on the make-

---

[1] The Interested Parties include the Debtors, BOKF, NA, in its capacity as successor indenture trustee (the "**Noteholder Trustee**"), the Ad Hoc Committee of Senior Unsecured Noteholders (the "**AHC**"), the Official Committee of Tort Claimants (the "**TCC**"), the Official Committee of Unsecured Creditors (the "**UCC**", and collectively with the AHC, Trustee, and TCC, the "**AHC Group**").

whole/option redemption issue. On the latter point, counsel for the Noteholder Trustee indicated that December 20 or January 7-9 were dates that worked for their side. The Debtors responded suggesting December 18 as a hearing date. Rather than agree to the 18th or suggest that we compromise on the 20th, counsel indicated that somehow the passage of time and the granting of the motion to terminate exclusivity necessitated a "resetting" of all dates. Neither of these contentions, however, are a legitimate basis to delay briefing on these critical issues.

Indeed, it is vital that the postpetition interest and make-whole/optional redemption issues be resolved as soon as possible. As Your Honor stated at the September 24, 2019 Status Conference, "it would be helpful and efficient . . . to deal with some of these pivotal legal questions at a time when there could be rulings but there also could be challenges later on by others . . . in effect, it's like an early designation of confirmation issues." *See* Hr'g Tr. at 26:8-17. It is irrelevant that this Court has since allowed the AHC to submit its own plan of reorganization, as Your Honor has also previously stated. *See id.* at 54:24-55:2 (postpetition interest and make-whole/optional redemption issues are "legal questions as long as the debtor has the right to file a plan, which it does . . . [e]ven if there are one, or two, or ten competing plans, the debtor has the right to propose its reorganization"). Moreover, the postpetition interest issue is not complicated and the parties could easily meet a November 1 deadline for opening briefs, as had been agreed to. While the make-whole/optional redemption issue is more involved, the parties would have one month to brief the issue—more than sufficient time.

Accordingly, we respectfully request that the Court enter an order directing the parties to abide by the briefing schedule set forth above, with the hearing on the make-whole/optional redemption issue being set for December 18. In addition, as was done in the FERC litigation before Your Honor, we believe that it would be far more efficient for each side to submit one moving brief and one reply brief on each of the issues and for the parties on either side to coordinate with those who wish to be heard in support of their position. Given that these are purely legal issues, there is simply no reason for an avalanche of separate briefing from various parties.

The Debtors are available for a telephonic conference on this issue should the Court determine that would be useful.

Respectfully,

*/s/ Stephen Karotkin*
Stephen Karotkin

cc:
David Botter (dbotter@akingump.com)
Cecily Dumas (cdumas@bakerlaw.com)
Andrew Silfen (andrew.silfen@arentfox.com)
Andrew Leblanc (aleblanc@milbank.com)