**Exhibit A**

**Proposed Order**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>        **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☑ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**[PROPOSED] ORDER PURSUANT TO 11 U.S.C § 365(a), FED. R. BANKR. P. 6006, AND B.L.R. 6006-1 APPROVING ASSUMPTION OF CERTAIN REAL PROPERTY LEASES** |

Upon the Motion, dated October 22, 2019 (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to section 365(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 6006-1 of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for an order approving the Utility's assumption of the Real Property Leases with the Lessors identified in **Exhibit B** to the Motion, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion, the Wells Declaration (as amended on February 2, 2019 [Docket No. 263]), the Williams Declaration; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion reflects the sound business judgment of the Utility and is in the best interests of the Utility, its estate, creditors, shareholders, and all parties in interest; and upon the record of the hearing and all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. Pursuant to section 365 of the Bankruptcy Code, the Utility's assumption of the Real Property Leases in **Schedule 1** annexed to this Order is hereby approved, effective as of the date of entry of this Order.

3. Assumption of the Real Property Leases shall be effective notwithstanding a dispute over the proposed Cure Payment or payment to remove a Lien. The Utility is authorized to and shall (i) promptly pay any Cure Payments as soon as practicable after assumption of the Real Property Leases, and (ii) remove any Liens on the Leased Properties (including, if necessary, by payments to the holders of Liens as authorized by the Lien Order). Any disputed Cure Payment or payment to remove a Lien must be paid promptly after the earlier of the date (a) on which the Utility and the applicable Lessor agree to such amounts and (b) specified in a final and non-appealable order entered by this Court determining such amounts.

4. Following the payment of the Cure Payment and the removal of the Liens, the non-debtor parties to the Real Property Leases shall be forever barred, estopped, and permanently enjoined from asserting against the Utility, its successors or assigns, or its property, any default existing under the Real Property Leases as of the date hereof.

5. Nothing in the Motion or this Order, nor as a result of any payment made pursuant to this Order, shall impair, prejudice, waive or otherwise affect the rights of the Utility and its estate to subsequently assign any of the Real Property Leases pursuant to, and in accordance with, the requirements of section 365 of the Bankruptcy Code.

6. The Utility is authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, and documents, and to take any and all actions reasonably necessary or appropriate to perform under the Real Property Leases.

7. The Utility is authorized to take all steps necessary or appropriate to carry out this Order.

8. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# SCHEDULE 1[2]

| No | Lessor | Real Property Lease | Leased Property | Cure Payment | Lien |
|---|---|---|---|---|---|
| 1 | Enerland, LLC | Amended and Restated Ground Sublease, dated January 15, 2008, originally between Enerland, LLC and E & L Westcoast, LLC, (the "**Sublease**") assigned to the Utility pursuant to the terms of (i) that certain Assignment of Sublease dated January 15, 2008, by and among the Utility and E & L Westcoast, LLC; (ii) that certain Non-Disturbance, Attornment, Consent and Estoppel Agreement dated January 15, 2008 by and among the Utility, Leo M. Holthouse and Diane M. Holthouse, trustees of the Holthouse Family Trust, Leo M. Holthouse, as trustee of the Wilfred E. Holthouse Testamentary Trust, Enerland, LLC, and E & L Westcoast, LLC, and (iii) that certain Purchase and Sale Agreement dated November 9, 2007 by and among the Utility, Enerland, LLC, E & L Westcoast, LLC, and E & L West Coast Holdings, LLC. | The property in the County of Colusa, California, as described in Exhibit B of the Sublease with such easements as described in Exhibit C of the Sublease. | $6,806.26 | No |
| 2 | PGE Starpoint, LLC, a Delaware limited liability company; PGE 1, LLC, a Delaware limited liability company; PGE 2, LLC, a Delaware limited liability company; PGE 3, LLC, a Delaware limited liability company; PGE 4, LLC, a Delaware limited liability company; PGE 5, LLC, a Delaware limited liability company; PGE 6, LLC, a Delaware limited liability company; PGE 7, LLC, a Delaware limited liability company; PGE 8, LLC, a Delaware limited liability company; | Lease dated March 24, 1988, as amended by the certain First Amendment of Lease and Certificate of Term Commencement Date dated as of August 7, 1989, as supplemented by that certain Letter Agreement dated as of January 25, 1990, as amended by that certain Second Amendment of Lease dated as of July 16, 2004, that certain Third Amendment of Lease dated as of September 17, 2004, that certain Fourth Amendment of Lease dated as of October 13, 2004, that certain Fifth Amendment of Lease dated as of June 1, 2014, that certain Sixth Amendment of Lease dated July 15, 2015, | 650 O Street & 705 P Street, Fresno, California | $0 | Yes |

---

[2] Inclusion of any lease, contract, or agreement on this **Schedule 1** shall not constitute an admission as to the determination of the legal status of any such lease, contract, or agreement (including whether any such lease, contract, or agreement is an unexpired lease of nonresidential real property, a true lease, or a financing arrangement), and the Utility reserves all of its rights to reclassify or recharacterize any such lease, contract, or agreement listed on this **Schedule 1**.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| No | Lessor | Real Property Lease | Leased Property | Cure Payment | Lien |
|---|---|---|---|---|---|
| | PGE 9, LLC, a Delaware limited liability company; PGE 10, LLC, a Delaware limited liability company; PGE 11, LLC, a Delaware limited liability company; PGE 12, LLC, a Delaware limited liability company; PGE 13, LLC, a Delaware limited liability company; PGE 14, LLC, a Delaware limited liability company; PGE 15, LLC, a Delaware limited liability company; PGE 16, LLC, a Delaware limited liability company; PGE 17, LLC, a Delaware limited liability company; PGE 18, LLC, a Delaware limited liability company; PGE 19, LLC, a Delaware limited liability company; PGE 20, LLC, a Delaware limited liability company; PGE 21, LLC, a Delaware limited liability company, and PGE 26, LLC, a Delaware limited liability company, all as tenants in common | and that certain Seventh Amendment of Lease dated November 19, 2015, as may be extended at the Utility's option on or before November 30, 2019. | | | |