**Exhibit 1-2**

**Redline Comparison**

| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>Stephen Karotkin (*pro hac vice*)<br>(stephen.karotkin@weil.com)<br>Ray C. Schrock, P.C. (*pro hac vice*)<br>(ray.schrock@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007 | CRAVATH, SWAINE & MOORE LLP<br>Paul H. Zumbro (*pro hac vice*)<br>(pzumbro@cravath.com)<br>Kevin J. Orsini (*pro hac vice*)<br>(korsini@cravath.com)<br>Omid H. Nasab (*pro hac vice*)<br>(onasab@cravath.com)<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel: 212 474 1000<br>Fax: 212 474 3700 |

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors*
*and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>        - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**[PROPOSED] ORDER PURSUANT TO 11 U.S.C. §§ 363(b) AND 105(a) AND FED. R. BANKR. P. 6004 AND 9019 (I) AUTHORIZING THE DEBTORS TO ENTER INTO RESTRUCTURING SUPPORT AGREEMENT WITH THE CONSENTING SUBROGATION CLAIMHOLDERS, (II) APPROVING THE TERMS OF SETTLEMENT WITH SUCH CONSENTING SUBROGATION CLAIMHOLDERS, INCLUDING THE ALLOWED SUBROGATION CLAIM AMOUNT, AND (III) GRANTING RELATED RELIEF** |

Upon the Motion, dated September 24, 2019 [Docket No. ~~[ ]~~3992] (the "**Motion**"),[1] of PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (together, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 363(b) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6004 and 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order (i) authorizing the Debtors to enter into that certain Restructuring Support Agreement, dated as of September 22, 2019 (the "**RSA**"), among the Debtors and the Consenting Creditors parties thereto, (ii) approving the terms of the Subrogation Claims Settlement, including approval of the Allowed Subrogation Claim Amount and the payment of certain fees and expenses of the Ad Hoc Professionals as set forth below, and (iii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration; and various objections and joinders to objections having been filed with respect to the relief requested in the Motion, including, without limitation, the objections found at Docket Nos. 4220, 4231, 4232, 4236, 4237, 4239, and 4241 (the "**Objections**"); and the Court having held a hearing to consider the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion represents a sound exercise of the Debtors' business judgment and is in the best interests of the Debtors, their

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

estates, creditors, shareholders, and all parties in interest; and upon the record of all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein and any Objections that remain outstanding or unresolved are hereby overruled.

2. The RSA, including the Subrogation Term Sheet and the Subrogation Claims Settlement encompassed therein, represent a valid exercise of the Debtors' business judgment and, pursuant to sections 363(b) and 105(a) of the Bankruptcy Code, is hereby approved in its entirety.

3. The Debtors are authorized to enter into an perform under the RSA, including the Settlement Term Sheet and the Subrogation Claims Settlement encompassed therein, and execute and deliver all instruments and documents and take any additional actions as are necessary or appropriate to implement and effectuate the entry into and performance under the RSA, including any transactions contemplated therein.

4. Except as otherwise set forth herein, the RSA may be modified, amended, or supplemented by the Parties thereto, solely in accordance with the terms thereof, without further Order of the Court, and the Debtors shall provide notice of any such modification, amendment, or supplement to the U.S. Trustee and counsel to each of the Committees within five (5) Business days thereof. Notwithstanding the immediately preceding sentence or anything herein, in the RSA or the Settlement Term Sheet to the contrary, any material modifications or amendments to the RSA shall be subject to Court approval on not less than five (5) Business days' notice.

5. The failure to describe specifically or include any particular provision of the RSA or related documents in the Motion or this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the RSA be approved in its entirety (including any exhibits or attachments thereto, except, for the avoidance of doubt, the Plan attached as Exhibit B to the RSA).

6. Pursuant to Bankruptcy Rule 9019, the Subrogation Claims Settlement is hereby approved, including, without limitation, (a) the Allowed Subrogation Claim Amount in the aggregate amount of $11 billion, and (b) the ongoing payment of professional fees and expenses of the Ad Hoc Professionals, in each case subject to, and in accordance with, the RSA and the Settlement Term Sheet.

7. The Subrogation Claims are hereby allowed in the aggregate amount of $11 billion. The allowance of the Subrogation Claims in the aggregate as set forth herein shall be binding in the Chapter 11 Cases (including following conversion to cases under chapter 7 of the Bankruptcy Code or appointment of a chapter 7 or chapter 11 trustee) for all purposes including following termination or annulment of the RSA, except as expressly set forth in the RSA.

8. The Debtors are authorized to pay the professional fees and expenses of Rothschild & Co US Inc., Kekst and Company Incorporated d/b/a Kekst CNC, and Wilson Public Affairs, in each case subject to, and in accordance with, the RSA without the necessity of filing formal fee applications. Solely with respect to fees and expenses for professional services rendered by Willkie Farr & Gallagher LLP and Diemer & Wei LLP, the Debtors are authorized to pay such fees and expenses ten (10) business after the receipt by the Debtors and the U.S. Trustee (the "**Review Period**") of invoices therefor (the "**Invoiced Fees**") and without the necessity of filing formal fee applications. The invoices for such Invoiced Fees shall include the number of hours billed and the aggregate expenses incurred by the applicable professional firm; provided, however, that any such invoice (i) may be limited and/or redacted to protect privileged, confidential, or proprietary information and (ii) shall not be required to contain individual time detail (provided that such invoice shall contain summary data regarding hours worked by each timekeeper for the applicable professional and such timekeepers' hourly rates). The Debtors and the U.S. Trustee may object to any portion of the Invoiced Fees (the "**Disputed Invoiced Fees**") within the Review Period by filing with the Court a motion or other pleading, on at least ten days' prior written notice (but no more than 30 days' notice) of any hearing on such motion or other pleading, setting forth the specific objections to the Disputed Invoiced Fees in reasonable narrative detail and the bases for such objections; provided that the Debtors shall pay all amounts that are not subject of such objection upon the expiration of the Review Period and shall pay the balance following resolution of any such objection or upon an order of the Bankruptcy Court.

9. For the avoidance of doubt, the definition of Subrogation Claims as defined in the Settlement Term Sheet shall not include the claims of any Governmental Unit (as defined in section 101(27) of the Bankruptcy Code) and any such claims shall not be the subject of, or compromised under, the Subrogation Claims Settlement or the RSA.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

10. ~~8.~~ Notwithstanding the provisions of Bankruptcy Rule 6004(h) or otherwise, this Order shall be immediately effective and enforceable upon its entry.

11. ~~9.~~ The Debtors are authorized to take all necessary actions to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12. ~~10.~~ This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **