| | |
|---|---|
| 1 | JEFFREY K. GARFINKLE (SBN 153496) |
| | BUCHALTER |
| 2 | A Professional Corporation |
| | 18400 Von Karman Avenue, Suite 800 |
| 3 | Irvine, California 92612-0514 |
| | Telephone:   (949) 760-1121 |
| 4 | Email: jgarfinkle@buchalter.com |
| 5 | Attorneys for JAY ALIX |

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Case No. 19-30088 |
| PG&E CORPORATION, | Chapter 11 |
|     -and- | (Lead Case) |
| PACIFIC GAS AND ELECTRIC COMPANY, | (Jointly Administered) |
| *Debtors*. | **STATEMENT OF JAY ALIX** |

Non-party Jay Alix, through his attorneys, hereby submits this Statement and the attached Declaration, annexed hereto as "**Exhibit A**," to address and correct certain statements regarding Mr. Alix that were made in the Application of Debtors Pursuant to 11 U.S.C. §§ 363(b) and 105(a) for Authority to Enter into, Perform under and Make Payments under Certain Consulting Contracts with McKinsey & Company, Inc. United States (the "**Application**"), filed in the above-captioned proceedings on September 17, 2019 (Dkt. 3919).

The purpose of the attached Declaration is to correct certain misstatements in the Application regarding Mr. Alix and litigation proceedings involving McKinsey. Mr. Alix takes

no position on whether the Application should be granted.  Nor does Mr. Alix seek any relief from the Court.

Dated: October 23, 2019

BUCHALTER
A Professional Corporation

/s/ *Jeffrey K. Garfinkle*
Jeffrey K. Garfinkle
18400 Von Karmen Avenue
Irvine, CA 92612
Tel: (949) 760-0182
jgarfinkle@buchalter.com

Attorneys for JAY ALIX

# EXHIBIT A

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    -and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                *Debtors*. | Bankruptcy Case<br>No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered) |

## DECLARATION OF JAY ALIX

JAY ALIX, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury, as follows:

1. I respectfully submit this Declaration to address and correct certain misstatements made regarding myself and various litigation proceedings involving McKinsey & Company, Inc. and its subsidiaries (collectively, "**McKinsey**") in the Application of Debtors Pursuant to 11 U.S.C. §§ 363(b) and 105(a) for Authority to Enter into, Perform under and Make Payments under Certain Consulting Contracts with McKinsey & Company, Inc. United States (the "**Application**"), filed in the above-captioned proceedings on September 17, 2019 (Dkt. 3919). This Declaration is based on my personal knowledge.

2. I am a non-party to this proceeding. I take no position on whether the Application should be granted, nor do I seek any relief from the Court. Rather, as noted above, the purpose of this Declaration is simply to correct and address certain misstatements made regarding myself and various litigation proceedings involving McKinsey.

### I. Introduction

3. The Application asserts that McKinsey & Company, Inc. United States ("**McKinsey US**") has performed and/or is performing certain services for the Debtors pursuant to

two pre-petition contracts and one post-petition contract. *See* Dkt. 3919 at 5-7. The Application asserts that McKinsey US has performed its services as an ordinary course professional and thus, under Sections 327(a) and 363(b) of the Bankruptcy Code, no Court approval is required for the Debtors to employ or pay McKinsey. *See id.* at 1. The Application appears to seek an order from the Court finding that McKinsey US is an ordinary course professional and that no disclosures are required. *See id.* at 13. The Application indicates that if such an order is not granted, McKinsey will file retention disclosures. *Id.*

4. At pages 11-12, the Application states:

> As the Court may be aware, Jay Alix has pursued litigation against McKinsey in certain bankruptcy and non-bankruptcy courts unrelated to these Chapter 11 Cases. All courts to date have ruled in McKinsey's favor but the expectation is that this party will continue to pursue litigation against McKinsey, including possibly in this matter. For its part, McKinsey Recovery & Transformation Services U.S., LLC ('**McKinsey RTS**'), an affiliate of McKinsey, has developed and adopted a new protocol developed by Jan Baker and Paul Singerman for review of its connections in bankruptcy cases. Specifically, on February 21, 2019, the Westmoreland Court granted a joint motion of Westmoreland and McKinsey RTS to defer consideration of Westmoreland's application to retain McKinsey RTS while McKinsey RTS worked with an expert on developing the new disclosure protocol, applied the new protocol to its Rule 2014 disclosures, and filed Rule 2014 disclosures based on the new protocol.
>
> The final proposed protocol, the Houston Disclosure Protocol, was filed with the Westmoreland Court on May 31, 2019 (the '**Protocol**'). On July 3, 2019, McKinsey RTS and certain of its affiliates filed a new retention application with updated Rule 2014 disclosures in accordance with the Protocol.

Dkt. 3919 at 11-12 (internal citations omitted).

5. The Application further states that "in light of the process that McKinsey recently undertook in *Westmoreland* to prepare and file its disclosures in accordance with the Protocol, McKinsey has indicated to the Debtors that it wishes to delay consideration of this Application

until such voluntary disclosures can be prepared and file its disclosures with the Protocol" and that "[t]hese are the same delayed retention procedures that the *Westmoreland* Court approved in connection with McKinsey RTS's retention application under section 327(a) of the Bankruptcy Code." Dkt. 3919 at 12 & n.4.

6. I am the beneficial owner of Mar-Bow Value Partners, LLC ("**Mar-Bow**"), an entity which is fully controlled by me.

7. For purposes of full disclosure, I am a minority shareholder and a member of the board of directors of AlixPartners LLP ("**AP**"), which has been hired as a professional in this case. However, I am neither an officer nor an employee of AP, and I have no involvement in the day-to-day operations of AP, including having no involvement in this case. All views expressed in this Declaration and the accompanying Statement are my personal views, not the views of AP.

8. All litigation that I have pursued against McKinsey, whether personally or through Mar-Bow, has been directed, controlled, and funded by me in my personal capacity, with no involvement by AP.

9. Since 2016, Mar-Bow, in the position of creditor or as a non-party seeking *amicus*, has litigated or is currently litigating against McKinsey in six Chapter 11 bankruptcy proceedings in which McKinsey has been approved to act as a bankruptcy professional under Section 327 of the United States Bankruptcy, 11 U.S.C. § 101, *et seq.* (the "**Bankruptcy Code**") (or, in one instance, pursuant to Section 363 of the Bankruptcy Code):

    a. *In re Edison Mission Energy*, No. 12-BK-49219(JPC) (Bankr. N.D. Ill.) ("***Edison Mission***");

    b. *In re NII Holdings, Inc.*, No. 14-BK-12611(SCC) (Bankr S.D.N.Y.) ("***NII***");

    c. *In re SRC Liquidation LLC*, No. 15-BK-10541(BLS) (Bankr. D. Del.) ("***Standard Register***");

d. *In re Alpha Natural Resources, Inc.*, No. 15-BK-33896(KRH) (E.D. Va.) ("**ANR**");

e. *In re SunEdison, Inc.*, No. 16-BK-10992(SMB) (Bankr. S.D.N.Y.) ("**SunEdison**"); and

f. *In re Westmoreland Coal Co.*, No. 18-BK-35672(DRJ) (Bankr. S.D. Tex.) ("**Westmoreland**").

10. Additionally, as assignee of AP, I have brought non-bankruptcy litigation against McKinsey and related individuals, alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, *et seq.* ("**RICO**") as well as state claims, in an action captioned *Alix v. McKinsey & Co., Inc., et al.*, No. 18-CV-04141(JMF) (S.D.N.Y.) (the "**RICO Action**").

## II. CORRECTIONS TO THE APPLICATION'S STATEMENTS

### A. The Nature of My Litigation with McKinsey

11. *First*, the Application suggests without any basis that I might seek to litigate against McKinsey in this case.[1] However, I have no intention to intervene in this case, nor have I ever indicated otherwise. As noted above, I take no position on whether the Application should be granted.

12. Moreover, none of the above-referenced litigation matters in which I have proceeded against McKinsey have involved work by McKinsey as an "ordinary course professional." Rather, in each of the bankruptcy proceedings, McKinsey was hired (or, in the case of *Westmoreland*, is seeking to be hired) as a bankruptcy professional pursuant to Section 327 of the Bankruptcy Code or, in the case of *Standard Register*, was hired pursuant to Section 363 of

---

[1] *See* Dkt. 3919 at 11 ("Jay Alix has pursued litigation against McKinsey in certain bankruptcy and non-bankruptcy courts . . . the expectation is that this party will continue to pursue litigation against McKinsey, including possibly in this matter."). While the Application refers to me as "this party," I am, of course, not a party to these proceedings.

the Bankruptcy Code. And the sole non-bankruptcy case, the RICO Action, involves my RICO and state law claims against McKinsey.

B. **The Results of My Litigation with McKinsey**

13. *Second*, the Application states misleadingly that in all cases in which I have litigated against McKinsey, "[a]ll courts to date have ruled in McKinsey's favor[.]" Dkt. 3919 at 11. In reality, no court has ruled against me or Mar-Bow on the merits. All rulings "in McKinsey's favor" have been on technical grounds of standing in bankruptcy matters and the proximate cause standard under RICO. Several courts have, however, ruled against McKinsey or made statements on the record calling into question McKinsey's bankruptcy disclosure practices. Those rulings are briefly summarized below.

i. *ANR*

14. In *ANR*, McKinsey's initial Rule 2014 disclosures, as well as its first and second supplemental disclosures, failed to name a single connection between McKinsey and any of the interested parties in *ANR*. On May 3, 2016, after I brought deficiencies in McKinsey's bankruptcy disclosures to the attention of the Office of the United States Trustee (the "**U.S. Trustee**"), the U.S. Trustee brought a motion to compel McKinsey to comply with the disclosure requirements of Federal Rule of Bankruptcy Procedure 2014 ("**Bankruptcy Rule 2014**" or "**Rule 2014**") in the *ANR* bankruptcy.[2] In response to the U.S. Trustee's motion to compel, McKinsey filed a third supplemental Rule 2014 declaration, naming 17 connections for the first time.[3]

---

[2] *ANR* Dkt. 2308 (Motion of the United States Trustee to Compel McKinsey Recovery & Transformation Services U.S. [LLC], Turnaround Advisor for the Debtors, to Comply with the Requirements of Bankruptcy Rule 2014). McKinsey Recovery & Transformation Services U.S., LLC ("**McKinsey RTS**") is a wholly-owned subsidiary of McKinsey US.

[3] *ANR* Dkt. 2464 (Third Supplemental Declaration of Kevin Carmody in Support of Application of the Debtors, Pursuant to Sections 327(a), 328(a) and 1107(b) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Bankruptcy Rule 2014-1, for an Order Authorizing Them to Retain and Employ McKinsey

15. On June 6, 2016, Mar-Bow, as an unsecured creditor in *ANR*, brought its own motion to compel McKinsey to comply with Bankruptcy Rule 2014.[4] On July 1, 2016, after a hearing, the *ANR* Court ruled against McKinsey and **granted** Mar-Bow's motion to compel and required McKinsey to disclose, *inter alia*, 121 undisclosed connections; connections arising from McKinsey's captive investment firm MIO Partners, Inc. ("**MIO**"), and information concerning McKinsey's disclosure process.[5] The *ANR* Court also ruled, over McKinsey's objections, that McKinsey, was indeed a bankruptcy professional just like a law firm, and was, therefore, a fiduciary for the estate.[6]

16. In 2018, Mar-Bow moved to re-open *ANR* after evidence emerged indicating McKinsey had reaped millions in profits from an undisclosed investment interest in the reorganized debtor.[7] McKinsey failed to disclose that investment interest to the *ANR* Court despite a clear order requiring McKinsey do so *in camera* in July 2016.[8] McKinsey held that investment through MIO, while at the same time concealing from the Court and the U.S. Trustee that

---

Recovery & Transformation Services U.S., LLC as Turnaround Advisor for the Debtors, Effective as of the Petition Date, filed May 9, 2016).

[4] *ANR* Dkt. 2603 (Motion of Creditor Mar-Bow Value Partners, LLC to Compel McKinsey Recovery & Transformation Services U.S., LLC, Turnaround Advisor for the Debtors, to Comply with the Requirements of Bankruptcy Rule 2014).

[5] *ANR* Dkt. 2895 (Order Compelling McKinsey Recovery & Transformation Services, U.S., LLC, Turnaround Advisor for the Debtors, to Comply with the Requirements of Bankruptcy Rule 2014).

[6] *See ANR* Dkt. 2834 (6/29/2016 Hearing Tr.) at 158:11-13 (THE COURT: "Section 327 talks about professionals. McKinsey's a professional. Mr. Rhodes is exactly right. They're a fiduciary.").

[7] *See ANR* Dkt. 4122 (Mar-Bow Value Partners, LLC's Motion to Reopen Case, filed Jul. 18, 2018); *ANR* Dkt. 4128 (Mar-Bow Value Partners, LLC's *Amended* Motion for Relief from Judgments and for Indicative Ruling *and* Reply to the United States Trustee's Response to (I) Motion to Reopen the Case and (II) Motion for Relief from Judgments and for Indicative Ruling, filed Aug. 9, 2018); *see also, e.g.*, Gretchen Morgenson & Tom Corrigan, McKinsey Investments Weren't Disclosed in Bankruptcy Cases, *Wall St. J.*, Jun. 19, 2018, available at https://www.wsj.com/articles/mckinsey-investments-werent-disclosed-in-bankruptcy-cases-1529423138.

[8] *See ANR* Dkt. 2895 (Order); *ANR* Dkt. 4164 (Comments of United States Trustee Regarding McKinsey RTS's Opposition to Mar-Bow Partners, LLC's (I) Motion to Reopen Case and (II) Motion for Relief from Judgments and for Indicative Ruling, filed Nov. 30, 2018); *ANR* Dkt. 4182 (1/9/2019 Hearing Tr.) at 25:1-2.

McKinsey RTS's founder and President, Jon Garcia, was simultaneously on MIO's board of directors and a member of its Investment and Audit Committees from 2006 to 2017.[9]

17. Mar-Bow's motion to reopen *ANR* was *supported* by the U.S. Trustee, which asked the *ANR* Court to reopen the case and order McKinsey to disgorge the more than $15 million it had received in fees.[10] The U.S. Trustee concluded that McKinsey had misled it in both the *ANR* and *SunEdison* cases by claiming that MIO was a "blind trust," and stated that McKinsey had never answered the U.S. Trustee's questions regarding MIO in a forthright and satisfactory manner.[11]

18. Calling the allegations against McKinsey "*some of the most serious allegations I've ever seen*," the *ANR* Court *reopened ANR*.[12]

19. McKinsey subsequently agreed to pay *$15 million*, including $5 million for the benefit of the *ANR* estate, to settle disputes with the U.S. Trustee over whether McKinsey had violated Bankruptcy Rule 2014 (the "**UST Settlement**").[13] However, the settlement explicitly carved out any claims based on fraud, lack of distinterestedness under 11 U.S.C. § 327, *or for any criminal liability*.[14]

20. When the *ANR* Court later dismissed Mar-Bow for lack of standing, the Court made clear that he was not making any findings on the merits of "Mar-Bow's *very serious fraud allegations*" and noted that "*the United States Attorney retains the ability to institute an action [against McKinsey] under title 18 of the United States Code* if so warranted."[15]

---

[9] *ANR* Dkt. 4164 at 10 ¶ 15.
[10] *Id*.
[11] *Id.* at 9 ¶ 13.
[12] *ANR* Dkt. 4182 (1/9/2019 Hearing Tr.) at 31:20-21 (emphasis added).
[13] *In re Old ANR, LLC*, No. 19-302(KRH) (Bankr. E.D. Va.) ("*Old ANR*") Dkt. 45 (Corrected Order Approving Settlement Agreement Between United States Trustee Program and McKinsey & Company, Inc. and Certain of Its Affiliates, filed Apr. 19, 2019) at 2 ¶ 4.
[14] *Id.* at 4-5 ¶ 6; *id.* at 6 ¶10.
[15] *Old ANR* Dkt. 54 (Mem. Op.) at 12 (emphasis added).

### ii. *Westmoreland*

21. The second case in which Mar-Bow appeared, *Westmoreland*, is the only case to date in which Mar-Bow has purchased a claim and filed an objection **before** approval of McKinsey's employment. Far from having been decided "in McKinsey's favor," McKinsey's employment still has not been approved in *Westmoreland*, despite the passage of nearly a year since the filing of the initial application to hire McKinsey and plan confirmation on March 2, 2019.

22. On November 30, 2018, after Mar-Bow filed an objection, the *Westmoreland* Court issued an Order *sua sponte*, stating:

> The objection alleges **conduct by McKinsey in this case and at least one other case pending before the Court [GenOn] that, if true, could violate Title 18** and otherwise impugn the integrity of the bankruptcy process. The Court requests the United States Trustee to review the allegations set forth in the Mar-Bow objection and make a written recommendation to the Court on how best to proceed.

*Westmoreland* Dkt. 632 (Order) (emphasis added).

23. The U.S. Trustee followed with objections of its own.[16] During a preliminary hearing, the Court again emphasized that the allegations against McKinsey "**clearly implicated certain sections of Title 18 applicable to bankruptcy cases**[.]"[17]

24. After both I and McKinsey's initial Rule 2014 declarant, Mark Hojnacki, were deposed on December 31, 2018, the *Westmoreland* Court called the transcript of Mr. Hojnacki's deposition "one of the most frustrating reads that I've had in a long time" and stated: "He

---

[16] *Westmoreland* Dkt. 785 (Acting United States Trustee's (1) Objection to Debtors' Application for Entry of an Order Authorizing the Retention and Employment of McKinsey Recovery & Transformation Services U.S., LLC as Performance Improvement Advisors to the Debtors *Nunc Pro Tunc* to the Petition Date; and (2) Response to Court's Order Dated November 30, 2018, filed Dec. 14, 2018).

[17] *Westmoreland* Dkt. 868 (12/18/2018 Hearing Tr.) at 164:15-18 (emphasis added).

[Hojnacki] won't do, on the stand, what he did in that deposition. I will get candor and I will get honesty."[18]

25. In contrast, my deposition confirmed that my allegations were made in good faith and based on long, extensive research coupled with my first-hand knowledge obtained from four decades in the restructuring industry. Regarding my deposition, the Court stated that "unless he's totally making some things up, he's got a reason for thinking there's something wrong."[19] The Court also stated: "***If what Mr. Alix alleges is true, then McKinsey has a Title 18 problem***."[20]

26. Although its employment has not been, and perhaps never will be, approved in *Westmoreland*, McKinsey agreed to pay ***$5 million*** for the benefit of the *Westmoreland* estate in the UST Settlement, which explicitly carves out claims for fraud and lack of disinterestedness under Section 327 and for any criminal liability.[21]

27. On August 20, 2019, the U.S. Trustee filed an objection to McKinsey's third and final attempt at disclosure in *Westmoreland*, stating: "***After multiple filings in aid of its employment, [McKinsey's] employment must be denied.***"[22]

28. On October 29, 2019, the *Westmoreland* Court will hold a hearing on whether it should deny the application to hire McKinsey in that case as a matter of law or whether the matter should proceed to discovery and trial.

---

[18] *Westmoreland* Dkt. 981 (1/3/2019 Hearing Tr.) at 30:23-31:1.
[19] *Id.* at 30:16-18.
[20] *Id.* at 28:6-7 (emphasis added).
[21] *See Old ANR* Dkt. 45.
[22] *Westmoreland* Dkt. 2273 (Acting United States Trustee's Response to WLB Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of McKinsey Recovery & Transformation Services U.S., LLC and Certain of Its Affiliates as Performance Improvement Advisors for the WLB Debtors Effective *Nunc Pro Tunc* to the Petition Date and (II) Granting Related Relief (Dkt. 2119), filed Aug. 20, 2019) at 3 (emphasis added).

### iii. SunEdison

29. In the third case in which Mar-Bow appeared, *SunEdison*, it was revealed after the fact that on December 27, 2018, McKinsey entered into a secret settlement in which it agreed to pay the SunEdison Litigation Trust ***$17.5 million – over $2 million more than McKinsey received in fees*** in that cases.[23]

30. McKinsey also paid ***another $5 million*** for the benefit of the SunEdison estate as part of the UST Settlement in February 2019, which, again, explicitly carves out fraud, issues of disinterestedness under Section 327, and any criminal liability.[24]

31. In his opinion finding that Mar-Bow lacked standing, the *SunEdison* Court echoed the *ANR* and *Westmoreland* Courts, stating that "***the United States Attorney retains the ability to prosecute any crimes under title 18***."[25]

### iv. NII

32. During a hearing in *NII*, the Court sought and obtained the U.S. Trustee's assurances that it will investigate the allegations of McKinsey's fraud on the court in that case and it "***will liaise, as [] appropriate, with other branches of the Department of Justice, including applicable US Attorneys' offices***[.]"[26]

### v. Standard Register

33. In its opinion finding that Mar-Bow lacked standing, the Court in *Standard Register* noted that "the settlement between the UST and RTS contained a carve-out for fraud and the UST remains free to pursue those claims."[27]

---

[23] *See SunEdison* Dkt. 5884 at 4.
[24] *See Old ANR* Dkt. 45.
[25] *SunEdison* Dkt. 5999 at 24 (emphasis added).
[26] *See NII* Dkt. 1040 (7/31/2019 Hearing Tr.) at 53:13-55:4 (emphasis added).
[27] *Standard Register* Dkt. 2448 (9/12/2019 Op.) at 14.

### vi. *Edison Mission Energy*

34. In *Edison Mission Energy*, the Court has not yet made any findings. A hearing is scheduled for November 6, 2019 on Mar-Bow's motion for leave to file as an *amicus* and Mar-Bow's motion to reopen that case.

### vii. RICO Action.

35. In the RICO Action, in an opinion dismissing my RICO claims on proximate cause grounds, the Court stated: "**If Alix's allegations in this case are true** (as the Court has assumed they are for purposes of this motion), **they are certainly troubling**."[28] The Court further stated that I "**may well have good reason to be upset about Defendants' alleged misconduct and may indeed have genuinely public-spirited reasons for seeking to deter it going forward**."[29]

### C. McKinsey's "Houston Disclosure Protocol"

36. *Finally*, the Application emphasizes what it calls McKinsey's "Houston Disclosure Protocol." *See* Dkt. 3919 at 11-12. To be clear, however, McKinsey's protocol has not been approved or promoted by any court. Indeed, the *Westmoreland* Court has made clear that it will *not* approve McKinsey's protocol.[30] Another United States Bankruptcy Judge in the Southern District of Texas has described it as "really confusing" and stated: "No one's ever adopted that protocol. I'm not adopting it right now."[31]

---

[28] *RICO* Action Dkt. 104 (Op. and Order, filed Aug. 19, 2019) at 23 (emphasis added).
[29] *Id.* (emphasis added).
[30] *See Westmoreland* Dkt. 1762 (4/16/2019 Hearing Tr.) at 41:12-42:18.
[31] *In re Legacy Reserves Inc.*, No. 19-BK-33395(MI) (Bankr. S.D. Tex.), 8/1/2019 Hearing Tr. at 55:13-16, 62:23; *id.* at 55:12-13.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 23, 2019

_____
JAY ALIX