WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br>  Debtors. <br><br> ☐ Affects PG&E Corporation <br><br> ☐ Affects Pacific Gas and Electric Company <br><br> ☒ Affects both Debtors <br><br> * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br> (Lead Case) <br> (Jointly Administered) <br><br> **NOTICE OF DEPOSITION OF JAMES DRINKHALL** |

**PLEASE TAKE NOTICE** that, pursuant to Rule 9014(c) of the Federal Rules of Bankruptcy Procedure, making applicable Rule 7030 of the Federal Rules of Bankruptcy Procedure and Rule 30 of the Federal Rules of Civil Procedure, PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, the "**Debtors**"), by and through their attorneys, will take the deposition of James Drinkhall, whose declaration was filed in support of the *Motion of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. §§ 105(a) and 501 and Fed. R. Bankr. P. 3003(c) for Entry of an Order Extending the Bar Date* [Docket No. 4292] and incorporated by reference his August 7, 2019, declaration filed in support of the *Objection of the Official Committee of Tort Claimants to the Debtors' Motion Pursuant to 11 U.S.C. §§105(a) and 502(c) for the Establishment of Wildfire Claims Estimation Procedures* [Dkt. No. 3431]. The deposition will take place at the offices of Keller & Benvenutti, 650 California Street, Suite 1900, San Francisco, CA 94108, on October 30, 2019 at 9:00 A.M., or at such other time and place as may be agreed to among counsel for the parties, and shall continue from day to day thereafter, except for weekends and holidays, until completed. The deposition will be recorded by stenographic means and will be taken before a Notary Public or other officer authorized by law to administer oaths. The deposition will be taken for the purposes of discovery on the above motion, for use at hearings on the above motion in the above captioned case, and for any other purpose permitted under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and the rules of this Court.

Dated: October 23, 2019

**CRAVATH, SWAINE & MOORE LLP**
**WEIL, GOTSHAL & MANGES LLP**
**KELLER & BENVENUTTI LLP**

By: */s/ Peter J. Benvenutti*
     Peter J. Benvenutti

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
for the Northern District of California

In re PG&E Corporation, et al.
Debtor

(Complete if issued in an adversary proceeding)

_____
Plaintiff
v.
_____
Defendant

Case No. 19-30088 (DM) (lead case)

Chapter 11

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: James Drinkhall

*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Keller & Benvenutti, 650 California Street, Suite 1900, San Francisco, CA 94108 | October 30, 2019 at 9:00 A.M. |

The deposition will be recorded by this method:
Stenography

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Exhibit A.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 23, 2019

CLERK OF COURT

_____       OR       _____
Signature of Clerk or Deputy Clerk                  Attorney's signature

The name, address, email address, and telephone number of the attorney representing the Debtors who issues or requests this subpoena, are: Peter Benvenutti, Keller & Benvenutti, 650 California Street, Suite 1900, San Francisco, CA 94108, pbenvenutti@kellerbenvenutti.com, 415-364-6798

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## DEFINITIONS

1. The term "**Bar Date**" has the meaning given in the Bar Date Order.

2. The term "**Bar Date Order**" means the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors*, dated July 1, 2019 [Dkt. No. 2806].

3. The term "**Communications**" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives or advisors.

4. The term "**Documents**" shall carry its broadest meaning consistent with Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any written material, whether typed, handwritten, printed or otherwise, and whether in draft or final form, of any kind or nature, or any photograph, photostat, microfilm or other reproduction thereof, including, without limitation, each note, memorandum, letter, telegram, telex, circular, release, article, report, prospectus, memorandum of any telephone or in-person conversation, any financial statement, analysis, drawing, graph, chart, account, book, notebook, draft, summary, diary, transcript, computer data base, computer printout or other computer generated matter, and other data compilations, and any other documents or electronically stored information in any medium from which information can be obtained, whether directly or, if necessary, after translation into a reasonably usable form. Electronic mail, voice mail and any pictures, video, or sound recorded by any means are included within the definition of the terms "Document" or "Documents." A draft or non-identical copy, including a copy with handwritten notes, is a separate Document within the meaning of the term. "Documents" always includes Communications, whether so-stated in a particular Request or not.

5. The term "**Declaration**" shall mean your October 17, 2019 declaration filed in support

of the Motion of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. §§ 105(a) and 501 and Fed. R. Bankr. P. 3003(c) for Entry of an Order Extending the Bar Date [Dkt. 4298] and your August 7, 2019 declaration filed in support of the Objection of the Official Committee of Tort Claimants to the Debtors' Motion Pursuant to 11 U.S.C. §§105(a) and 502(c) for the Establishment of Wildfire Claims Estimation Procedures [Dkt. No. 4319].

6. The term "**Fire Claim Bar Date Notice**" has the meaning given in the Bar Date Order.

7. The term "**Fire Claimant**" has the meaning given in the Bar Date Order.

8. The term "**Fire Claimant Proof of Claim Form**" has the meaning given in the Bar Date Order.

9. The term "**Government Agency**" means any Persons or entities acting or purporting to act on behalf of, or otherwise representing or engaged by, any executive, judicial, or legislative body, or other government agency or instrumentality, including but not limited to, the California Office of Emergency Services, the California Public Utility Commission, the Federal Energy Regulatory Commission, the Nuclear Regulatory Commission, the Securities and Exchange Commission, the Internal Revenue Service, the Office of the Governor Gavin Newsom, the Office of the California Attorney General, or the Office of the United States Attorney for the Northern District of California.

10. The term "**Gridley Visit**" shall mean your October 12, 2019 visit to the FEMA temporary housing facility established for survivors of the Camp Fire, in Gridley, California, referenced in your Declaration.

11. The term "**Northern California Fires**" has the meaning given in the Bar Date Order.

12. The term "**Notice Procedures**" shall mean the Procedures for Mailing of the Bar Date Notices and the Supplemental Notice Plan set forth in the Bar Date Order.

13. The term "**Person**" shall mean any corporation, partnership, limited partnership, limited liability company, or other business organization, or any natural person.

14. The term "**TCC**" shall mean the Official Committee of Tort Claimants in these Chapter 11 Cases, as appointed in the *Amended Appointment of the Official Committee of Tort*

*Claimants*, dated February 21, 2019 [ECF 530], each member of the Official Committee of Tort Claimants (individually or collectively) and all representatives, agents, attorneys, accountants, advisors, independent contractors, or other Persons or entities acting or purporting to act on behalf of the TCC or any of its members.

**INSTRUCTIONS**

1. Federal Rules of Civil Procedure 26 and 34, made applicable to this proceeding pursuant to Bankruptcy Rules 7026, 7034, and 9014(c), are hereby incorporated by reference and apply to each of the following instructions:

2. The following rules of construction apply to all Requests:

   a. The terms "any," "all," "each," and "every" should be understood in either their most or least inclusive sense as necessary to bring within the scope of a Request all Documents or Communications that might otherwise be construed to be outside of its scope.

   b. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a Request all Documents or Communications that might otherwise be construed to be outside of its scope.

   c. The terms "concern," "concerning," "relate," and "relating to" shall be construed as broadly as possible and shall mean and include, without limitation, constituting, comprising, setting forth, summarizing, reflecting, stating, supporting, weakening, describing, recording, noting, embodying, mentioning, studying, analyzing, discussing, or evaluating, directly or indirectly.

   d. The term "including" shall be construed as broadly as possible and shall mean "including without limitation."

   e. The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all tenses, moods, or voices, as necessary to bring within the scope of a Request all Documents or Communications that might otherwise be construed to be outside of its scope.

   f. The use of the singular form of any word shall be taken to mean the plural as well as the singular, and the use of the plural form of any word shall be taken to mean the singular as well as the plural.

3. Produce all Documents described below which are in Your possession, custody, or control, including those Documents in the possession, custody, or control of Your present or former attorneys or counsel, advisors, investigators, accountants, employees or other agents, as well as any other Persons or entities acting on Your behalf, wherever located and in whatever form they may exist.

4. Produce all Documents in their entirety, without deletion or excision, and along with any attachments, regardless of whether You consider the entirety of any such Documents or attachments to be responsive to any Request.

5. All Documents produced shall be Bates stamped to facilitate identification and future reference.

6. In objecting to any Request, identify the specific grounds for the objection and the part of the Request objected to, and state with specificity which Documents will be withheld and which Documents will be produced notwithstanding such objection.

7. If any Document responsive to these Requests is withheld or redacted by You under a claim of privilege, provide a privilege log describing the basis for the claim of privilege and all information necessary for the Debtors and the Court to assess the claim of privilege. The privilege log shall include the following:

    a. Specific grounds for the claim of privilege;

    b. The date of the privileged communication;

    c. The Persons involved in the privileged communication;

    d. A description of the subject matter of the privileged communication in sufficient detail to assess the claim of privilege; and

    e. The Request(s) to which the privileged Documents or Communications are responsive.

8. If in answering these Requests You claim any ambiguity in interpreting either a Request or a Definition or Instruction applicable thereto, such claim shall not be utilized by You as a basis for refusing to respond, but You shall set forth as part of Your response to such Request the language deemed to be ambiguous and the interpretation chosen to be used in responding to the Request.

9. If You are unable to answer or respond fully to any Request, answer or respond to the extent possible and specify the reason(s) for Your inability to answer or respond in full. If You have no Documents responsive to a particular Request, so state.

10. If any responsive Document has been destroyed, set forth the contents of the Document, the reason for and date of its destruction, the name of the Person who authorized its destruction, and the Request(s) to which it was responsive. If any responsive Document is otherwise not available or accessible in the full detail requested, provide sufficient explanation of the reasons therefor, as well as all Documents available or accessible.

11. These Requests are continuing in nature, such that a supplemental response is required if and when You discover, obtain, or recollect other or further Documents or Communications responsive to any Request. In addition, You must amend the answer to any Request if and when You discover or ascertain that the answer was incorrect when made or that the answer is no longer correct.

12. Unless otherwise specified, the time period covered by these Requests is from January 29, 2019 to the present.

## DOCUMENT REQUESTS

You, or your representatives, must also must also provide, by 12:00 P.M. Pacific Time on Saturday, October 26, 2019, the following documents, electronically stored information, videos or objects:

1. All Documents, including Communications, you considered or upon which you relied in reaching the opinions set forth in your Declaration.

2. All Documents, including notes, that you prepared in connection with reaching the opinions set forth in your Declaration, including any notes taken during your review of the facts, data, documents and/or assumptions on which you relied, and any notes taken in connection with any interviews and/or investigation conducted in reaching the opinions set forth in your Declaration.

3. All Documents, including but not limited to any communications, notes, summaries, memoranda, photographs or recordings, relating to your investigation into the matters discussed in your Declaration.

4. All Documents, including Communications, relating to any efforts undertaken by You to locate, find, identify, or contact any Fire Claimants, including but not limited to the specific manner(s) in which You undertook such efforts.

5. All Documents, including Communications, including but not limited to any notes, summaries, memoranda, photographs or recordings, relating to the Gridley Visit.

6. All Documents, including Communications, relating to any visits by You to any temporary housing facilities at which any Fire Claimants are currently residing or have previously resided, including but not limited to temporary housing facilities operated by FEMA or any other Government Agency, and including relating to any such visits made prior to or after October 12, 2019.

7. All Documents, including Communications, evidencing that any Fire Claimants are experiencing emotional distress, including not limited to post-traumatic stress disorder, as a result of the Northern California Fires.

8. All Documents, including Communications, evidencing that any Fire Claimants are unable to understand, complete or timely file the Fire Claimant Proof of Claim Form due to any emotional distress, including but not limited to post-traumatic stress disorder, they may be experiencing as a result of the Northern California Fires.

9. All Documents, including Communications, including but not limited to any notes, summaries, memoranda, photographs or recordings, relating to or obtained as a result of any investigation you conducted that pertains in any way to:

    a. The Northern California Fires;

    b. Any Fire Claimants;

    c. The Bar Date;

    d. The Fire Claim Bar Date Notice;

    e. The Fire Claimant Proof of Claim Form, or;

    f. The Notice Procedures.