WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                              **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**DECLARATION OF KENNETH S. ZIMAN IN SUPPORT OF DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A) AND 107(B) AND BANKRUPTCY RULE 9018 FOR ENTRY OF AN ORDER AUTHORIZING (A) THE FILING UNDER SEAL OF THE BRIDGE FEE LETTERS AND (B) THE REDACTION OF CERTAIN PORTIONS OF THE DEBT FINANCING ENGAGEMENT LETTERS**<br><br>[No Hearing Requested] |

I, Kenneth S. Ziman, hereby declare under penalty of perjury as follows:

1. I am a Managing Director in the Restructuring Group of Lazard Frères & Co. LLC ("**Lazard**"), an investment banking firm that has its principal office at 30 Rockefeller Plaza, New York, New York 10112. I submit this declaration (the "**Declaration**") in support of the *Debtors' Motion Pursuant to Bankruptcy Code Sections 105(a) and 107(b) and Bankruptcy Rule 9018 for Entry of an Order Authorizing (i) the Filing Under Seal of the Bridge Fee Letters and (ii) the Redaction of Certain Portions of the Debt Financing Engagement Letters* (the "**Motion**").[1]

2. Lazard is a long-time advisor to PG&E Corporation ("**PG&E Corp.**"), and its primary operating subsidiary, Pacific Gas and Electric Company (the "**Utility**"; together with PG&E Corp., "**PG&E**", the "**Company**" or the "**Debtors**"), with the initial engagement for advisory services starting in 2011. Since that time, Lazard has provided financial advisory and investment banking services to PG&E Corp. with respect to a variety of matters, including, without limitation: analysis of the financial condition of the Company, evaluation of potential transactions that the Company may pursue, assessment of financing options, and shareholder advisory services. Given Lazard's long history with PG&E Corp., Lazard has significant familiarity and knowledge of the Debtors' business, operations, and financial challenges.

3. Lazard currently serves as advisor to the Debtors in their chapter 11 cases (the "**Chapter 11 Cases**"). In such capacity, Lazard assists the Company in its assessment of the Company's ability to raise capital and its evaluation of the sources of financing required in order to successfully emerge from Chapter 11.

4. PG&E's Plan of Reorganization contemplates the incurrence of $34.35 billion in senior debt obligations (the "**New Debt**"), to, among other things, refinance pre-petition high-coupon Utility bonds and fund the payment in full, in cash, of the Debtors' obligations under their debtor-in-possession financing facilities.

5. Following a competitive marketing process, PG&E entered into Bridge Commitment Letters with certain money-center banks providing for senior 364-day bridge loan facilities (the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

"**Bridge Facilities**")—in aggregate amounts of $7.0 billion for PG&E Corp. and $27.35 billion for the Utility—to be funded on the Effective Date in the event the Debtors are otherwise unable to issue sufficient New Debt. In connection with the Bridge Facilities, PG&E entered into fee letters (the "**Bridge Fee Letters**"), which provide for the payment of certain fees associated with the Bridge Facilities, and engagement letters (the "**Debt Financing Engagement Letters**"), which engage the same banks to arrange the New Debt contemplated by the Plan of Reorganization.

6. The Bridge Fee Letters and certain portions of the Debt Financing Engagement Letters sought to be redacted (the "**Redacted Portions**") contain highly sensitive, confidential commercial information about certain elements of the Initial Bridge Commitment Parties' consideration for providing the Bridge Facilities (including, in the case of the Bridge Fee Letters, the "market flex" provisions) and arranging the New Debt. Both lenders and borrowers are typically wary of disclosing fee arrangements in connection with financings, not only because disclosure could impact parties' abilities to negotiate fees in the future, but also because the relationship among lenders and between the borrower and certain lenders may be affected. Market flex terms are particularly sensitive as well, as disclosure of these terms may impact the syndication process. As a result, fee letters in connection with financing transactions are almost always structured to prevent disclosure to third parties without the banks' consent. Likewise, engagement letters are typically structured to prevent disclosure of fee terms to third parties without the banks' consent. In the bankruptcy context, lenders are typically more willing to grant limited disclosure rights in recognition of debtors' public disclosure obligations.

7. The Debt Financing Engagement Letters and the Bridge Fee Letters were the subject of arms'-length, extensive and good-faith negotiations between PG&E and the Bridge Commitment Parties, including with regards to PG&E's confidentiality requirements under the Bridge Fee Letters and the Debt Financing Engagement Letters. In recognition of the sensitive nature of this information, PG&E agreed to redact the Redacted Portions from the Debt Financing Engagement Letters and to seek to file the Bridge Fee Letters with this Court under seal. PG&E is permitted, however, to share copies of the Bridge Fee Letters and the Redacted Portions of the Debt Financing Engagement Letters with (i) the U.S. Trustee and (ii) advisors to the Official Committee of Unsecured Creditors, the

Official Committee of Tort Claimants and any other official committee established pursuant to section 1102 of the Bankruptcy Code on a confidential and professionals' eyes only basis.

[*Signature on next page*]

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: October 23, 2019

/s/ *Kenneth S. Ziman*
Kenneth S. Ziman