WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>**Debtors.**<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br>***EX PARTE* APPLICATION FOR ORDER PURSUANT TO L.B.R. 9013-1(c) AUTHORIZING OVERSIZE BRIEFING FOR DEBTORS' MOTION FOR ENTRY OF ORDERS (I) APPROVING TERMS OF, AND DEBTORS' ENTRY INTO AND PERFORMANCE UNDER, EXIT FINANCING COMMITMENT LETTERS AND (II) AUTHORIZING INCURRENCE, PAYMENT AND ALLOWANCE OF RELATED FEES AND/OR PREMIUMS, INDEMNITIES, COSTS AND EXPENSES AS ADMINISTRATIVE EXPENSE CLAIMS**<br>[No hearing requested] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this *Ex Parte* Application (the "**Application**"), pursuant to Rule 9013-1(c) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for an order authorizing the Debtors to file an oversize brief in connection with the *Debtors' Motion for Entry of Orders (i) Approving Terms of, and Debtors' Entry into and Performance Under, Exit Financing Commitment Letters and (ii) Authorizing Incurrence, Payment and Allowance of Related Fees and/or Premiums, Indemnities, Costs and Expenses as Administrative Expense Claims* (the "**Motion**")[1], which the Debtors filed on the date hereof.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  JURISDICTION**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.  BACKGROUND**

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**").

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

On September 9, 2019, the Debtors filed their initial Joint Chapter 11 Plan of Reorganization [Docket No. 3841] (as amended, supplemented or otherwise modified from time to time, the "**Plan**"). The Plan, which was subsequently amended to reflect an $11 billion settlement with holders of subrogation claims [Docket No. 3966], is designed to (a) pay all prepetition wildfire claims in full, (b) achieve a rate-neutral solution, on average, for customers, (c) meet the June 30, 2020 deadline for Plan confirmation established by California Assembly Bill 1054 ("**AB 1054**"), (d) obtain all necessary regulatory approvals, (e) support California's clean energy goals and (f) ensure that the reorganized Debtors have sufficient liquidity upon emergence to continue providing safe, clean and reliable electricity and natural gas to California residents.

In order to satisfy those objectives, the Debtors must have sufficient financing to consummate the Plan. The Plan contemplates multiple sources of funding, the foundations of which are the issuance of $14 billion in reorganized PG&E Corp. common stock ("**New PG&E Corp. Common Stock**"), to be used to fund payments under the Plan to wildfire victims, and the incurrence of $34.35 billion in senior debt obligations (the "**New Debt**"), to, among other things, refinance pre-petition high-coupon Utility bonds and fund the payment in full, in cash, of the Debtors' obligations under their debtor-in-possession financing facilities.

Given the importance of such financing, the Debtors, in the exercise of their business judgment, have obtained equity and debt financing commitments to provide assurances that they will have access to sufficient capital on the effective date of the Plan. Under the equity commitment letters entered into by PG&E Corp. on September 30, 2019 (each in substantially the form attached to the Motion as **Exhibit C**, the "**Equity Backstop Commitment Letters**"), the parties identified on **Exhibit D** to the Motion (the "**Equity Backstop Parties**") have severally committed to purchase up to $14 billion in shares of New PG&E Corp. Common Stock on the Effective Date. Under the bridge commitment letters entered into by PG&E Corp. and the Utility on October 11, 2019 (the "**Bridge Commitment**

**Letters**")[2], certain money center banks (the "**Initial Bridge Commitment Parties**") have agreed to backstop the New Debt incurrences contemplated by the Plan. In addition, the Debtors have entered into fee letters (the "**Bridge Fee Letters**"), which provide for the payment of certain fees associated with the Bridge Commitment Letters, and engagement letters (the "**Debt Financing Engagement Letters**")[3], which engage the same banks to arrange the New Debt. The Debtors anticipate effecting the equity and debt issuances contemplated by the Plan through market transactions in order to obtain the most favorable pricing and other terms. However, the Debtors have obtained the "backstop" commitments for the sake of certainty that sufficient funds will be available on the Effective Date even if market conditions deteriorate.

The Exit Financing Commitment Letters benefit the estates by providing assurances of the Debtors' ability to fund the distributions contemplated by the Plan and the Debtors' emergence from the Chapter 11 Cases. By the Motion, the Debtors seek approval of the terms of these Exit Financing Commitment Letters and authority to incur the obligations set forth therein.

### III. OVERSIZE BRIEFING FOR THE MOTION IS WARRANTED

Bankruptcy Local Rule 9013-1(c) provides that, "[u]nless the Court expressly orders otherwise, the initial and response memoranda of points and authorities shall not exceed 25 pages of text, and reply memorandum shall not exceed 15 pages of text." B.L.R. 9013-1(c).

The Debtors submit that sufficient cause exists for the Court to allow oversize briefing for the Motion. The Motion seeks essential relief that, if granted, would facilitate the Debtors' Plan of Reorganization. The Equity Backstop Commitment Letters and the Bridge Commitment Letters are included as exhibits to the Motion, but the Debtors included a summary of certain of their key terms and provisions in the body of the Motion itself for ease of reference and clarity. This summary

---

[2] The Bridge Commitment Letters entered into by PG&E Corp. and the Utility are attached to the Motion as **Exhibit E** and **Exhibit F**, respectively.

[3] The Debt Financing Engagement Letters, the Bridge Commitment Letters and the Bridge Fee Letters are referred to in this Application as the "**Debt Financing Commitment Letters**" and, together with the Equity Backstop Commitment Letters, are referred to in this Application as the "**Exit Financing Commitment Letters**".

causes the memoranda of points and authorities to exceed 25 pages of text. The documents themselves are complex, and the Debtors submit that the summary describing the key terms of the Exit Financing Commitment Letters contained in the body of the Motion is necessary to adequately inform the Court and parties in interest of the relief requested in the Motion.

Accordingly, the Debtors believe it is appropriate to request authority for the Motion to exceed the 25 pages allowed under Bankruptcy Local Rule 9013-1(c).

**IV.    NOTICE**

Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; (xii) counsel for the Equity Backstop Parties; (xiii) counsel for the Initial Bridge Commitment Parties; and (xiv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Signature on next page*]

**WHEREFORE,** the Debtors respectfully request entry of an order authorizing the Debtors to file the Motion to exceed 25 pages, but not to exceed 35 pages (exclusive of any schedules or exhibits thereto and/or any declarations filed in connection therewith), and such other and further relief as the Court may deem just and appropriate.

Dated: October 23, 2019

**WEIL, GOTSHAL & MANGES LLP**
**CRAVATH, SWAINE & MOORE LLP**
**KELLER & BENVENUTTI LLP**

/s/ *Paul H. Zumbro*

Paul H. Zumbro

*Attorneys for Debtors and Debtors in Possession*