


# FROM THE DESK OF
# EDMOND ROHLFING SHINN, ESQ.

October 16, 2019

*Via U.S. First Class Mail*
Clerk's Office
US Bankruptcy Court - Northern District of California
450 Golden Gate Avenue
Mail Box 36099
San Francisco, CA 94102

Subj: Correspondence to the Court
Re: PG&E Corporation and Pacific Gas and Electric Company Creditors Committee
Case #19-30088

Dear Judge Montali,

    I am a shareholder of PG&E common stock. After reading a letter submitted by Andreas Krebs, I decided to submit this letter in hopes that it might be considered by the Court.

    Like Mr. Krebs, much of my retirement savings is tied up in PG&E. The news that a competing plan was allowed by the Court was deflating. However, I understand how allowing a competing plan might assist the Court in bringing the interested parties together. Before allowing a vote on the competing plan, I ask that the Court consider the following.

    First, PG&E's shareholders have already lost more than 50% of their investment. All shareholders should receive equal treatment under any bona fide reorganization plan. Elliott Management's purportedly altruistic plan to increase compensation for the victims is a bold attempt to gain control over one of the nation's largest public utility companies, which will result in a windfall to Elliott and the other bondholders. As you likely know, Ratepayers (who were denied an active role in the proceeding) will ultimately be the ones responsible for the financial commitments made during this proceeding. Moreover, Elliott's competing plan is attractive to the unions because it preserves the integrity and value of their shares. However, it will wipe out my investment. It is troubling that any plan, which protects one class of shareholders (employees) and wipes out another class of shareholders (this small investor from Philadelphia) would be allowed to compete with PG&E's plan for reorganization, let alone proceed to vote.

Second, this is the largest utility bankruptcy in the history of the United States. Please consider the precedent and uncertainty that this case could create moving forward, and the destabilizing effect (i.e., investor uncertainty) it would have if our Unites States Bankruptcy Courts were to become an arena for corporate control battles. Bankruptcy proceedings would be reduced to an even greater feast for the attorneys. The purpose behind Chapter 11 Bankruptcy is to keep the company alive and to pay creditors over time. (See www.USCourts.gov). Establishing the precedent that control battles can occur even when the debtor has access to credit markets to reorganize and pay its debts would have long-ranging effects on our judicial system and financial markets. PG&E has submitted a plan to pay its creditors and has obtained financial commitments that confirm the viability and integrity of its plan. Allow it to proceed.

Third, public utilities have historically been considered a safe investment because they typically have no competition. If PG&E's shareholders are wiped out – as would happen under Elliott's competing plan, utilities will no longer be viewed as a safe investment. They will require higher interest rates for them to borrow money and shareholders will be weary of investing in them because they will know that if it ever enters bankruptcy, the Court could wipe them out. Please consider all of this as the case moves forward.

Thank you for your time and consideration.

Sincerely,

Edmond R. Shinn

 

FILED
OCT 24 2019
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

**From:** Edmond Shinn <ers84@icloud.com>
**Sent:** Thursday, October 10, 2019 11:09:03 AM
**To:** Lorena Parada <Lorena_Parada@canb.uscourts.gov>
**Subject:** PG&E Bankruptcy: Letter from Shareholder

Case No. 19-30088-DM

Dear Ms. Parada,

I recently read about a letter written to the Court by Andreas Krebs, and was moved to reach out. I too have place a significant amount of my retirement in PG&E stock. I have been rocked by the recent news that a competing plan has been allowed by the Court, which proposes to dilute down current shareholders to almost zero (except for shares owned by employee groups) to pave the way for hefty returns for bondholders. While I believe it is important that the victims be compensated fairly for their loses, I am troubled by this competing plan, because it is a Trojan horse hiding behind altruistic claims of putting victims interests first. In reality, the competing plan has been drafted so as to gain favor with the unions by preserving the integrity and value of their shares, while wiping out the average investor's investment in PG&E. I appreciate that allowing this competing plan to compete for consideration may assist the Court in bringing the interested parties together, but I ask that the Court keep in its mind that PG&E's shareholders have already lost more than 50% of their investment and regardless of whether they are employed by PG&E, all shareholders should receive equal treatment under any bona fide reorganization plan. To me, it seems contrived that bondholders present a plan that protects one class of shareholders (employees with strong voting power) and wipes out another (i.e., a small investor from Philadelphia). Every investor has staked their money behind PG&E and deserve equal treatment by the Court. Any plan that proposes otherwise should be rejected.

I would appreciate it if you would pass this along to the Court for its consideration. Thank you for your time and attention to this matter.

Sincerely,

Edmond R. Shinn
Philadelphia, Pennsylvania

Phone: (718) 618-9367