WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

Keller & Benvenutti LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**STATEMENT OF JANET LODUCA IN CONNECTION WITH CERTAIN FEE AND EXPENSE ISSUES RELATED TO CHAPTER 11 CASES OF PG&E CORPORATION AND PACIFIC GAS AND ELECTRIC COMPANY** |

1    I am the Senior Vice President and General Counsel of PG&E Corporation ("**PG&E Corp.**"). In my current role, I am responsible for overseeing outside counsel management and monitoring and managing legal fees and expenses for both PG&E Corp. and Pacific Gas and Electric Company (collectively, "**PG&E**" or the "**Debtors**"). This Statement is provided on behalf of the Debtors in response to the Court's request at the October 7, 2019 hearing (the "**Hearing**") for a statement from one of the Debtors' senior officers regarding the Debtors' position on certain fee and expense-related matters. (Oct. 7, 2018 Hr'g Tr. 49:23-50:15.) Except as otherwise indicated herein, the facts set forth in this Statement are based upon my personal knowledge, information provided to me by the Debtors' employees or advisors, or my opinion based upon my knowledge and experience as Senior Vice President and General Counsel. I am authorized to submit this Statement on behalf of the Debtors.

As Senior Vice President and General Counsel, I oversee the management of legal fees and expenses incurred by the Debtors' outside counsel. In connection with my oversight and management of the Debtors' legal fees and expenses, I have reviewed and considered the proposed Fee Examiner Protocol (Dkt. No. 3762) and the Retained Professionals' Joint Response to the Motion to Approve Fee Procedures and Fee Examiner Protocol (Dkt. No. 4065).

I understand that as a result of the meet and confer process ordered by the Court at the hearing, the Retained Professionals (from the Debtors, the TCC and the UCC) have agreed upon a revised form of Fee Examiner Protocol (as so revised, the "**Protocol**") with the Fee Examiner and the U.S. Trustee's Office ("**UST**") that resolves all the parties' issues with respect to the Protocol, other than the issue of non-working travel. On that issue and certain additional issues raised by the UST in its Response to Motion to Approve Fee Procedures and Comments Regarding First Interim Fee Applications (Dkt. No. 4025), I state my position as follows.

**Non-Working Travel Time**

I expect that all professionals being compensated by the Debtors' estates will make all reasonable efforts to minimize the amount of non-working travel time, but given the extensive travel time required in these large and complex chapter 11 cases, I believe compensation at 50% of the

professional's ordinary rates is appropriate.  I understand that this is the approach taken in other jurisdictions (Texas, Delaware) in large chapter 11 cases, and it seems to me a reasonable approach to take in this case.  I understand that the Northern District of California fee and expense guidelines provide generally that airplane travel time is not compensable, but in cases where significant airplane travel time is expected (such as the PG&E chapter 11 cases) specific guidelines should be obtained for that case.  I would support a guideline setting a 50% rate, but I understand the Court is considering the issue in light of its own experience and Court-specific practices.

**Non-Admitted Attorneys**

I agree with the Court's statement at the Hearing that new lawyers who have not yet been admitted to the bar provide valuable services that are compensable.  I disagree with the UST's position in its response that these lawyers should be charged at paralegal rates.  I appreciate the Court's "bright line" statement at the Hearing, (Oct. 7, 2019 Hr'g Tr. at 13:15-14:5, 34:5-35:8), and believe that for those firms whose practice is to charge unadmitted first year associates at the same rate as admitted first year associates, those practices should be changed for purposes of these Chapter 11 Cases to implement an appropriate downward adjustment to the rates of the unadmitted lawyers working on the case.  I have conveyed this view to the Debtors' Principal Outside Counsel and they are in agreement.

**Internal Team Meetings**

Given the complexity of these Chapter 11 Cases and related matters, the Debtors recognize that occasional large, internal team meetings are necessary to promote efficient use of resources and positional consistency across such matters.  However, attendance at internal team meetings should be reasonably limited to the number of attorneys that are necessary for the topics or projects being discussed.  To the extent a particular firm being compensated by the Debtors' estates determines that a large number of attendees need to be present at an internal meeting, such firm should only bill the Debtors for a reasonable number of attendees or reasonable categories of attendees (e,g, lawyers who have been practicing for six or more years, given their significant roles in completing and managing projects).

**Attendance At Court Hearings**

From the outset of these Chapter 11 Cases, I have made it clear to the Debtors' Principal Outside Counsel that the number of attendees at court hearings should be reasonably limited (in light of the circumstances and the issues being addressed at the particular hearing). To date, I have been satisfied with these firms' approach to the issue (and would not hesitate to raise the issue with them if that were not the case). To the extent other firms have an excessive number of billers at hearings, I agree with the UST that going forward that practice should be modified.

**Other**

I expect that all professionals retained by the Debtors or whose fees and expenses are paid by the Debtors' estates will ensure that all requested fees and expenses are reasonable and correspond with necessary or beneficial services rendered on behalf of the Debtors and their estates.

\* \* \*

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: October 24, 2019

By: /s/ Janet Loduca
Janet Loduca