SCOTT H. McNUTT (CSBN 104696)
324 Warren Road
San Mateo, California 94402
Telephone: (415) 760-5601
Email: smcnutt@ml-sf.com

Counsel to the Fee Examiner

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM) | Bankruptcy Case<br>No. 19-30088 (DM)<br>(Lead Case)<br>(Jointly Administered)<br><br>Chapter 11<br><br>**REPLY IN SUPPORT OF FEE PROCEDURES MOTION (DOCKET NO. 3950)**<br><br>Date: October 7, 2019<br>Time: 1:30 p.m. PST<br>Place: United States Bankruptcy Court<br>Courtroom 17<br>16th Floor<br>San Francisco, CA<br><br>Judge: Hon. Dennis Montali |

## I. INTRODUCTION

This is a reply brief in support of the Fee Examiner's Motion to Approve Fee Procedures [Docket No. 3950, Entered September 19, 2019, the "Fee Procedures Motion"], as permitted by the Court's bench ruling at the initial hearing on this matter on October 7.

By way of executive summary, all issues save one have been resolved by way of a "Revised Protocol" to be filed concurrently with this Reply. The one issue requiring further attention concerns non-working travel. The Fee Examiner agrees with the Court's Tentative

Ruling (setting a two-hour cap). Other parties reject the Tentative Ruling. The Fee Examiner asks the Court to adopt the Tentative Ruling.

Three responsive pleadings to the Fee Procedures Motion were filed:

1. "Retained Professionals' Joint Response" [Retained Professionals' Joint Response to Motion to Approve Fee Procedures and Fee Examiner Protocol, Docket No. 4064, Entered October 1, 2019].

2. "Milbank Response" [Response of Millbank LLP, Counsel to the Official Committee of Unsecured Creditors, to the Fee Examiner's Motion for Approval of Fee Procedures, Docket No. 4050, Entered October 1, 2019].

3. "U.S. Trustee's Response" [U.S. Trustee's Response to Motion to approve Fee Procedures and Comments Regarding First Interim Fee Applications, Docket No. 4025, Entered September 27, 2019].

This Court filed a "Tentative Ruling" on October 6, 2019 [Docket Text Order]. A hearing was held October 7, 2019. The Fee Examiner and all parties filing responsive pleadings appeared and argued. The Court encouraged parties to work out their differences, suggesting that certain parties "meet and confer" over differences in the wording and structure of the Fee Examiner's Protocol, originally filed with the Court as Docket No. 3762, on August 30, 2019 ("Original Protocol").

## II. REVISED PROTOCOL

Save the non-working travel issue, the Fee Examiner believes all open issues have been addressed by negotiating a Revised Protocol. The Fee Examiner is informed and believes that the Revised Protocol has been approved by all affected parties directed to meet and confer, which includes the debtors (as represented by Cravath, Swaine & Moore), the Official Creditors' Committee (as represented by Millbank LLP), the Tort Creditors' Committee (as represented by Baker & Hostedler). The Fee Examiner and all other parties have agreed that Cravath, Swaine & Moore will file a copy of the Revised Protocol, and a copy of the Revised Protocol marked-to-show-changes from the Original Protocol, together with a Notice. The Revised Protocol will

reflect that the non-working travel issue remains "open," pending the Court's ruling. The Fee Examiner expects this Notice will be filed concurrently with this Reply.

The Office of the United States Trustee participated in all negotiations, but as of the filing of this Reply, has not signed the Revised Protocol. Because the Fee Examiner has always taken the position that the terms of any Protocol are subject to a claim that they do not track what Section 330(a) of the Bankruptcy Code requires (and the Revised Protocol explicitly so states), the Fee Examiner does not believe the U.S. Trustee's formal approval is required, although it is certainly welcome.

### III. CAP ON NON-WORKING TRAVEL

From the Fee Examiner's perspective there remains only one open issue, and that is setting a cap on non-working travel. The Court's Tentative Ruling stated there was "no reason to depart from the posted and long-standing two-hour allowance for travel." Debtors' counsel rejects the tentative and asks for a different cap (and the Revised Protocol indicates alternate language to be used depending on the Court's final resolution), and for the reasons stated in the original motion, the Fee Examiner opposes their position.

The Fee Examiner has nothing to add to its original papers. He embraces the Court's Tentative Ruling and requests that the Court adopt its Tentative Ruling as a final ruling.

### IV. U.S. TRUSTEE'S RESPONSE

The U.S. Trustee's extensive response raises a number of issues. The Fee Examiner does not believe any of these issues require a ruling at this time. The Fee Examiner further believes all issues raised by the U.S Trustee's office have been and are subsumed in the normal negotiations anticipated by the Original and Revised Protocol. As announced at the Hearing, the Fee Examiner has reached several settlements with professionals in this case, and the issues raised by the U.S Trustee's office have been considered. These settlements, however, were conducted as privileged settlement discussions under FRE §408. For this reason, the Fee Examiner does not believe he is permitted to comment further.

## V. CONCLUSION

The Fee Procedures Motion asked for a ruling on compensation for non-working travel. The Fee Examiner requests that the Court adopt and confirm its Tentative Ruling that the Court's existing chambers and district guidelines will apply to these cases.

The Fee Procedures Motion also asked for an order adopting certain scheduling procedures. No one has objected to these. The Fee Examiner has prepared a "Draft Order". The Draft Order adopts the scheduling provisions proposed in the Fee Procedures Motion. It also provides that the Court's ruling is that non-working travel time is disallowed except as provided in the existing Local Guidelines and Court Guidelines, and that any Revised Protocol shall contain only this language. The Draft Order is attached as Exhibit A hereto.

The Fee Examiner has not uploaded the Draft Order in order to preserve to the other parties their right to object. The Fee Examiner will upload the Draft Order only when the Court directs him to do so.

Respectfully Submitted,

DATED: October 24, 2019        SCOTT H. McNUTT

By: _____/s/ Scott H. McNutt_____
Scott H. McNutt
Counsel to the Fee Examiner

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

| | |
|---|---|
| SCOTT H. McNUTT (CSBN 104696)<br>324 Warren Road<br>San Mateo, California 94402<br>Telephone: (415) 760-5601<br>Email: smcnutt@ml-sf.com<br><br>Counsel to the Fee Examiner | |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>      - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>      Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM) | Bankruptcy Case No. 19-30088 (DM)<br>(Lead Case)<br>(Jointly Administered)<br><br>Chapter 11<br><br>**[DRAFT] ORDER GRANTING FEE EXAMINER'S MOTION TO APPROVE FEE PROCEDURES**<br><br>Date:  October 7, 2019<br>Time:  1:30 p.m. PST<br>Place:  Courtroom 17<br>         16th Floor<br>         450 Golden Gate Avenue<br>         San Francisco, CA<br><br>Judge:  Hon. Dennis Montali |

      Bruce A. Markell, the Court Appointed Fee Examiner (the "Fee Examiner'), in these jointly administered bankruptcy cases, filed his Motion to Approve Fee Procedures on September 19, 2019 [Doc. No. 3950, Entered September 19, 2019] ("Fee Procedures Motion").

      Three responsive pleadings to the Fee Procedures Motion were filed:

      A.    "Retained Professionals' Joint Response" [Retained Professionals' Joint Response to Motion to Approve Fee Procedures and Fee Examiner Protocol, Docket No. 4064, Entered October 1, 2019].

B. "Milbank Response" [Response of Millbank LLP, Counsel to the Official Committee of Unsecured Creditors, to the Fee Examiner's Motion for Approval of Fee Procedures, Docket No. 4050, Entered October 1, 2019].

C. "U.S. Trustee's Response" [U.S. Trustee's Response to Motion to approve Fee Procedures and Comments Regarding First Interim Fee Applications, Docket No. 4025, Entered September 27, 2019].

This Court filed a "Tentative Ruling" on October 6, 2019 [Docket Text Order]. A hearing was held October 7, 2019. The Fee Examiner and all parties filing responsive pleadings appeared and argued. The Court encouraged parties to work out their differences, suggesting that certain parties "meet and confer" over differences in the wording and structure of the Fee Examiner's Protocol, originally filed with the Court as Docket No. 3762, on August 30, 2019 ("Original Protocol").

A hearing was held on October 7, 2019 at 1:30 p.m. Appearances are as noted in the record.

**Wherefore, in light of the foregoing, and good cause appearing therefor, It is Hereby Ordered that:**

1. The Fee Examiner's Motion to set Fee Procedures is granted as provided herein.
2. As to any currently pending interim fee application (defined as any interim fee application filed before October 8, 2019):
    i. Only the Fee Examiner shall have authority to set a hearing date, and such dates shall be set under the provisions of Paragraph 9 of the Order Appointing Fee Examiner, i.e., after a final report, in coordination with the Debtors counsel, and grouped to advance judicial economy.
    ii. If a fee applicant and the Fee Examiner have reached a compromise, then a hearing should be set on the same basis and be coordinated with other fee hearings, so that hearings are grouped to advance judicial economy.

3. As to future cycles of interim fee applications, the following procedures should be ordered;

    i. Interim fee applications shall be considered every four months, as provided for in the Interim Procedures Order. Under that order the first interim fee applications were to be filed by July 15, 2019. Future interim applications may be filed at four-month intervals commencing with that date. The next deadline to file an interim fee application shall be November 15, 2019, followed by March 15, 2020, and so on every four months. If an interim fee application is filed after the deadline, it will be deemed filed at the next interval. Each application will cover fees and expenses incurred through the end of the second full month preceding the deadline. For example, the applications filed November 15 shall cover time and expenses through September 30; the applications due March 15, 2020 will cover time and expenses through January 31, 2020.

    ii. In the discretion of the Fee Examiner, the hearing dates on the interim applications will be grouped into three blocks as follows:

    - The "core" debtors' counsel and committee counsel (Keller Benvenutti, Weil Gotschal, Cravath, Milbank, and Baker Hostetler);
    - Debtors' other legal counsel subject to fee examination; and
    - Non-legal professionals.

4. The Fee Examiner will determine when each block is set for hearing, attempting to do so in a manner respecting judicial economy and the efficient use of Fee Applicant's time. The Fee Examiner may set each block on a different day. The goal is to group applications such that duplication of effort can be more easily detected (if it exists), and to also spread out the work of the Fee Examiner and his limited staff.

5. The Court adopts its Tentative Ruling and specifically orders that any non-working travel time is disallowed except as provided in the Local Guidelines and this Court's own guidelines. Any Revised Protocol agreed to by the parties should provide "Non-working travel time is compensable as provided in the existing Local Rules and Court Guidelines."

**\*\*End of Order\*\***