WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br>(Jointly Administered)<br><br>**DEBTORS' SECOND MOTION PURSUANT TO FED. R. BANKR. P. 9006(b) AND 9027 ENLARGING THE TIME WITHIN WHICH TO FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS**<br><br>Date: November 19, 2019<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>**Objection Deadline:** November 12, 2019<br>4:00 p.m. (Pacific Time) |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9006-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for a further extension of time for the Debtors to file notices of removal of the civil actions and proceedings to which the Debtors are parties (collectively, the "**Civil Actions**") from October 28, 2019 until the earlier of the effective date of a confirmed chapter 11 plan (the "**Effective Date**") and June 30, 2020.

In support of the Motion, the Debtors submit the *Declaration of John Boken in Support of Debtors' Second Motion Pursuant to Fed. R. of Bankr. P. 9006(b) and 9027 Enlarging the Time Within Which to File Notices of Removal of Related Proceedings* (the "**Boken Declaration**"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein is annexed hereto as <u>**Exhibit A**</u> (the "**Order**").

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.  JURISDICTION**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.  BACKGROUND**

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No chapter 11 trustee or examiner has been appointed in either of

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

### III. RELIEF REQUESTED

By prior order, this Court granted the Debtors an extension of the deadline by which the Debtors may file notices of removal under Bankruptcy Rule 9027(a) through and including October 28, 2019. *See Order Pursuant to Fed. R. Bankr. P. 9006(b) and 9027 Enlarging the Time Within Which to File Notices of Removal of Related Proceedings* [Docket No. 2278] (the "**Initial Extension Order**"). By this Motion, pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027, the Debtors request entry of an order (i) further extending the deadline by which the Debtors may file notices of removal under Bankruptcy Rule 9027(a) from the current deadline of October 28, 2019 to the earlier of the Effective Date and June 30, 2020, and (ii) granting related relief.[1]

### IV. BASIS FOR RELIEF REQUESTED

Section 1452 of title 28 of the United States Code provides for the removal of actions related to bankruptcy cases and provides, in pertinent part:

---

[1] Pursuant to paragraph 24 of the *Amended Order Implementing Certain Notice and Case Management Procedures*, dated March 27, 2019 [Docket No. 1093], the current October 28, 2019 removal deadline "shall automatically be extended until the Court acts on th[is] Motion, without the necessity for the entry of a bridge order."

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C § 1452(a).

Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims or causes of action and provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

Bankruptcy Rule 9006 permits the Court to enlarge the removal period and provides, in pertinent part:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

*Id.* 9006(b)(1).

It is well-settled that this Court is authorized to extend, for cause, the removal period under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995); *see also Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D.W. Va. 2000) (explaining that Bankruptcy Rule 9006 provides authority to enlarge time periods for removing

actions under Bankruptcy Rule 9027); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (finding that an expansion of time to file notices of removal is authorized under the Bankruptcy Rules); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (concluding that the period in which to file a notice of removal may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (providing that the United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)).

V. **CAUSE EXISTS TO ENLARGE THE REMOVAL PERIOD**

As this Court is aware, the Debtors face a multitude of pending claims and lawsuits that the Debtors seek to resolve through the chapter 11 plan process. In addition to operating a large and complex business and actively managing the substantial risks wildfire season poses to the over 16 million customers and numerous communities the Debtors serve, the Debtors have made substantial progress in the administration of these Chapter 11 Cases and toward the timely and successful confirmation of a chapter 11 plan of reorganization. Among other things, the Debtors have accomplished the following:

- Effected a smooth transition into chapter 11, avoiding any significant business disruptions or dislocations that are normally attendant to the commencement of any chapter 11 case;
- Promptly restored their trade credit and their relationships with their suppliers and business partners, at a substantial savings to their estates;
- Established a $100 million fund for wildfire claimants with housing and other urgent needs;
- Replaced substantially all of the members of their respective Boards of Directors with individuals having significant safety, industry, and restructuring expertise and retained a new Chief Executive Officer of PG&E Corp. and a new Chief Executive Officer of the Utility, each with decades

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

of safety and industry experience, and have made several other senior leadership changes with respect to their gas and electric businesses;

- Reached comprehensive settlements with 18 public entities (the "**Public Entities**"), resolving all of their respective wildfire claims for an aggregate sum of $1 billion to be implemented pursuant to the Debtors' Plan;

- Negotiated and filed the *Debtors' First Amended Joint Chapter 11 Plan of Reorganization* on September 23, 2019 (the "**Debtors' Plan**") which incorporates a comprehensive settlement (the "**Subrogation Claims Settlement**") the Debtors reached with the Ad Hoc Subrogation Group resolving the approximately $20 billion in asserted subrogation claims that relate to the 2017 and 2018 wildfires (the "**Subrogation Claims**" and the holders of Subrogation Claims, the "**Subrogation Claimants**") for $11 billion, a 45% discount;

- Obtained commitments for $14 billion in new equity capital and $34.35 billion in debt financing commitments from leading money center banks to implement the Debtors' Plan;

- Moved forward with an estimation proceeding to determine for plan purposes the aggregate wildfire liabilities owed to uninsured and underinsured wildfire claimants and certain limited public entities;

- Established pre-confirmation briefing schedules for a multitude of plan confirmation-related issues, including with respect to (i) whether the doctrine of inverse condemnation applies to the Utility, (ii) whether certain public entity claims are liquidated or subject to estimation, (iii) whether the holders of senior unsecured bond claims are entitled to any make-whole premiums and thus unimpaired or impaired, and (iv) whether the holders of general unsecured claims are entitled to postpetition interest at the federal judgment rate or some other rate; and

- Commenced a proceeding before the California Public Utilities Commission to review and approve the Debtors' Plan from a regulatory perspective.

All of these tasks have taken significant time but have been necessary to progressing these Chapter 11 Cases to a resolution within the deadline imposed by AB 1054. *See* Boken Decl. ¶ 7. In addition, the Debtors have devoted substantial litigation resources to the trials regarding the Tubbs fire that are proceeding in state court. *See id.* As a result, the Debtors have not yet had the opportunity to fully examine all of the Civil Actions to determine the feasibility or benefit of removing each case. *See id.*

The Debtors are party to numerous civil actions and proceedings. *See id.* ¶ 4. Given the sheer number of pending actions, the Debtors require additional time to consider whether to file notices of removal of the Civil Actions because the Debtors' key personnel must assess these numerous lawsuits while concurrently attending to the day-to-day demands of these complex Chapter 11 Cases. *See id.*

The Debtors are continuing to review their records to determine whether it would benefit their estates to remove any of the Civil Actions. *See* Boken Decl. ¶ 8. To date, however, the Debtors have not made a determination as to which, if any, of the Civil Actions they may seek to remove. *See id.* Therefore, the Debtors believe that it is prudent to seek an extension of the time prescribed under Bankruptcy Rule 9027(a), until the earlier of the Effective Date and June 30, 2020, to protect their right to remove those Civil Actions if they deem it to be appropriate. The extension sought will afford the Debtors a reasonable amount of time to determine whether to remove any pending Civil Actions and will help to ensure that the Debtors do not forfeit valuable rights under 28 U.S.C. § 1452. An extension also would not prejudice the rights of the Debtors' adversaries because any party to an action that is removed may seek to have the action remanded to state court pursuant to 28 U.S.C. § 1452(b).

The Debtors further request that the order approving this Motion be without prejudice to any position the Debtors may take regarding whether section 362 of the Bankruptcy Code applies to stay any given Civil Action pending against the Debtors.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

For the reasons stated above, the Debtors submit that cause exists to grant the relief requested and that the relief requested herein is appropriate and in the best interests of their estates, creditors, shareholders, and all other parties' interests.

## VI. NOTICE

Notice of this Motion will be provided to (i) the Office of the U.S. Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; (xii) counsel to non-Debtor parties to any Civil Actions; and (xiii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

Debtors previously sought and received an extension of the deadline to file notices of removal through and including October 28, 2019. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

WHEREFORE the Debtors respectfully request entry of an order granting (i) the relief requested herein for cause, and as a sound exercise of the Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties in interest, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: October 25, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

/s/ Jessica Liou
Jessica Liou

*Attorneys for Debtors and Debtors in Possession*