WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| Debtors. | **DECLARATION OF JOHN BOKEN IN SUPPORT OF DEBTORS' SECOND MOTION PURSUANT TO FED. R. BANKR. P. 9006(b) AND 9027 ENLARGING THE TIME WITHIN WHICH TO FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Date: November 19, 2019<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>**Objection Deadline:** November 12, 2019<br>4:00 p.m. (Pacific Time) |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

I, John Boken, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Managing Director in the Turnaround Restructuring Services practice of AlixPartners, LLP, which is an affiliate of both AlixPartners, LLC and AP Services, LLC, ("**APS**"), which provides interim management services to Pacific Gas and Electric Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**" and together with their non-Debtor subsidiaries, the "**Company**")[1] in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I currently serve as the Deputy Chief Restructuring Officer ("**Deputy CRO**") for the Debtors as authorized by this Court by Order dated April 9, 2019 [Docket No. 1299].[2]

2. Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, and information provided to me by the Debtors' other employees or the Debtors' legal, restructuring, and financial advisors. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this Declaration on behalf of the Debtors.

3. This Declaration is submitted in further support of the Debtors' *Second Motion Pursuant to Fed. R. of Bankr. P. 9006(b) and 9027 Enlarging the Time Within Which to File Notices of Removal of Related Proceedings* filed contemporaneously herewith.

### Litigation to Which the Debtors are a Party

4. As noted in the Wells Declaration, before January 29, 2019 (the "**Petition Date**"), the Debtors were party to numerous civil actions related to the 2017 and 2018 Northern California wildfires. *See Amended Declaration of Jason P. Wells in Support of First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**") at 11–17. In addition, as part of my role as Deputy CRO, I am aware that the Debtors are party, including as a plaintiff, to over 300 civil actions and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[2] My education, background, and professional experience is described in the *Declaration of John Boken in Further Support of First Day Motions and Related Relief* [Docket No. 653] at 2–3.

Case: 19-30088    Doc# 4482    Filed: 10/25/19    Entered: 10/25/19 15:24:03    Page 2 of 6

proceedings entirely unrelated to the 2017 and 2018 Northern California wildfires. Given the sheer number of pending actions, the Debtors require additional time to consider whether to file notices of removal of the Civil Actions because the Debtors' key personnel must assess these numerous lawsuits while concurrently attending to the day-to-day demands of these complex Chapter 11 Cases.

**Enlarging the Time to Seek Removal**

5. I understand that under Federal Rule of Bankruptcy Procedure 9027, for cases commenced before the Petition Date, the Debtors have 90 days from the Petition Date to remove claims or causes of action from state to federal court. I also understand this Court granted an initial extension of the deadline for such removal through and including October 28, 2019.

6. In addition to operating a large and complex business and actively managing the substantial risks wildfire season poses to the over 16 million customers and numerous communities the Debtors serve, the Debtors have made substantial progress in the administration of these Chapter 11 Cases and toward the timely and successful confirmation of a chapter 11 plan of reorganization. Among other things, the Debtors have accomplished the following:

- Effected a smooth transition into chapter 11, avoiding any significant business disruptions or dislocations that are normally attendant to the commencement of any chapter 11 case;
- Promptly restored their trade credit and their relationships with their suppliers and business partners, at a substantial savings to their estates;
- Established a $100 million fund for wildfire claimants with housing and other urgent needs;
- Replaced substantially all of the members of their respective Boards of Directors with individuals having significant safety, industry, and restructuring expertise and retained a new Chief Executive Officer of PG&E Corp. and a new Chief Executive Officer of the Utility, each with decades of safety and industry experience, and have made several other senior leadership changes with respect to their gas and electric businesses;

- Reached comprehensive settlements with 18 public entities (the "Public Entities"), resolving all of their respective wildfire claims for an aggregate sum of $1 billion to be implemented pursuant to the Debtors' Plan;

- Negotiated and filed the Debtors' First Amended Joint Chapter 11 Plan of Reorganization on September 23, 2019 (the "Debtors' Plan") which incorporates a comprehensive settlement (the "Subrogation Claims Settlement") the Debtors reached with the Ad Hoc Subrogation Group resolving the approximately $20 billion in asserted subrogation claims that relate to the 2017 and 2018 wildfires (the "Subrogation Claims" and the holders of Subrogation Claims, the "Subrogation Claimants") for $11 billion, a 45% discount;

- Obtained commitments for $14 billion in new equity capital and $34.35 billion in debt financing commitments from leading money center banks to implement the Debtors' Plan;

- Moved forward with an estimation proceeding to determine for plan purposes the aggregate wildfire liabilities owed to uninsured and underinsured wildfire claimants and certain limited public entities;

- Established pre-confirmation briefing schedules for a multitude of plan confirmation-related issues, including with respect to (i) whether the doctrine of inverse condemnation applies to the Utility, (ii) whether certain public entity claims are liquidated or subject to estimation, (iii) whether the holders of senior unsecured bond claims are entitled to any make-whole premiums and thus unimpaired or impaired, and (iv) whether the holders of general unsecured claims are entitled to postpetition interest at the federal judgment rate or some other rate; and

- Commenced a proceeding before the California Public Utilities Commission to review and approve the Debtors' Plan from a regulatory perspective.

7. All of these tasks have taken significant time but have been necessary to progressing

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

these Chapter 11 Cases to a resolution within the deadline imposed by AB 1054. In addition, the Debtors have devoted substantial litigation resources to the trials regarding the Tubbs fire that are proceeding in state court. As a result, the Debtors have not yet had the opportunity to fully examine all of the Civil Actions to determine the feasibility or benefit of removing each case.

8. The Debtors are continuing to review their records to determine whether it would benefit their estates to remove any of the Civil Actions. To date, however, the Debtors have not made a determination as to which, if any, of the Civil Actions they may seek to remove. Therefore, I believe that it is prudent to seek an extension of the time prescribed under Bankruptcy Rule 9027(a), until the earlier of the Effective Date and June 30, 2020, to protect the Debtors' right to remove those Civil Actions if they deem it to be appropriate. I believe the extension sought will afford the Debtors a reasonable amount of time to determine whether to remove any pending Civil Actions and will help to ensure that the Debtors do not forfeit valuable rights under 28 U.S.C. § 1452.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: October 25, 2019

Philadelphia, PA

_____
John Boken

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119