LEONARD K. WELSH, CSB NO. 097954
LAW OFFICES OF LEONARD K WELSH
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone: (661) 328-5328
Email: lwelsh@lkwelshlaw.com

Attorneys for GLORIA RUCKMAN; ROBERT RUCKMAN;
a minor by and through his guardian ad litem ROBERT RUCKMAN;
ROBERT RUCKMAN; AMALIA LEAL; and GILARDO LEAL

**FILED**
OCT 28 2019
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>and<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>Debtors.<br><br>[ ] Affects PG&E Corporation<br>[ ] Affects Pacific Gas & Electric Company<br>[X] Affects both Debtors<br><br>*All papers shall be filed in the Lead Case No. 19-30088 (DM) | Case No. 19-30088-DM<br>Chapter 11<br>RS No. LKW-001<br><br>Date: November 19, 2019<br>Time: 10:00 a.m.<br>Place: 450 Golden Gate Avenue, 16th Floor<br>San Francisco, CA<br>Judge: Honorable Dennis Montali<br><br>Objection Deadline: November 14, 2019<br>Time: 4:00 p.m. (Pacific Time) |

### MOTION TO ABSTAIN AND FOR RELIEF FROM AUTOMATIC STAY TO PERMIT LAWSUIT TO PROCEED TO TRIAL AND CONCLUSION

The Motion to Abstain and for Relief from Automatic Stay to Permit Lawsuit to Proceed to Trial and Conclusion ("the Motion") filed by Gloria Ruckman; Robert Ruckman, a minor by and through his guardian ad litem Robert Ruckman; Robert Ruckman; Amalia Leal; and Gilardo Leal ("Plaintiffs") represents as follows:

# I.

## INTRODUCTION

1. The Court has jurisdiction over this matter pursuant to 28 USC Sections 1334 and 157. The Motion seeks abstention by the Bankruptcy Court and relief from the automatic stay. This matter is a core proceeding pursuant to 28 USC Sections 157(b)(2)(A) and (G). Venue is proper pursuant to 28 USC Sections 1408 and 1409.

2. Pacific Gas & Electric Company and PG&E Corporation ("Debtors") filed Voluntary Petitions for Non-Individuals Filing for Bankruptcy ("the Petitions") on January 29, 2019 in the United States Bankruptcy Court for the Northern District of California after Plaintiffs filed a lawsuit against Pacific Gas & Electric Company ("PG&E") and others in the Kern County Superior Court ("the Lawsuit"). Copies of the Petitions are included in the Exhibits to Motion to Abstain and for Relief from Automatic Stay to Permit Lawsuit to Proceed to Trial and Conclusion ("the Exhibits") on file herein as Exhibits "A" and "B".

3. Plaintiffs' claims against PG&E and the other persons named as defendants in the Lawsuit ("the Other Defendants") arise from an incident or incidents that occurred in Kern County, California on or about November 13, 2016. Plaintiffs' claims against the Defendants [including PG&E] are based on claims of General Negligence, Premises Liability, and Strict Liability causing personal injury to Plaintiffs. The facts giving rise to Plaintiffs' claims against PG&E and the Other Defendants are included in the Third Amended Complaint – Personal Injury filed by Plaintiffs on March 7, 2017 in the Kern County Superior Court ("the Complaint"). A copy of the Complaint is included in the Exhibits as Exhibit "C".

4. Plaintiffs' claims against PG&E and the Other Defendants are found in State law and the Kern County Superior Court is familiar with the facts giving rise to Plaintiffs' claims. However, the Lawsuit has been stayed by operation of law and the Kern County Superior Court has stayed prosecution of the Lawsuit. A copy of the Minute Order entered by the Kern County

Superior Court on February 6, 2019 confirming that the Lawsuit is stayed is included in the Exhibits as Exhibit "D".

5. Plaintiffs' claims against PG&E and the Other Defendants need to be liquidated and Plaintiffs must be permitted to proceed in their litigation against the Other Defendants. The Kern County Superior Court is the best forum to liquidate Plaintiffs' claims against PG&E and the Other Defendants because (a) Plaintiffs' claims are found in State law and (b) the Kern County Superior Court is familiar with the facts giving rise to Plaintiffs' claims.

6. The Kern County Superior Court can determine all triable issues of fact concerning Plaintiffs' claims against PG&E and the Other Defendants if the Motion is granted and the Lawsuit is permitted to proceed to trial and conclusion. Such action will promote judicial economy and will be in the best interest of all parties concerned for the reasons given below. Therefore, Plaintiffs request that the Bankruptcy Court:

    a. abstain from deciding the validity and amount of Plaintiffs' claims against PG&E and the Other Defendants, and

    b. grant relief from the automatic stay so that the Lawsuit can proceed to trial and conclusion.

## II.

### THE BANKRUPTCY COURT SHOULD ABSTAIN FROM DECIDING THE VALIDITY AND AMOUNT OF PLAINTIFFS' CLAIMS AGAINST PG&E AND THER OTHER DEFENDANTS

7. The allowance or disallowance of Plaintiffs' claims against PG&E is a "core proceeding" under the law. See 28 USC Section 157(b)(2)(B). This means that the Bankruptcy Court has jurisdiction to determine the validity and amount of Plaintiffs' claims against PG&E. However, the Bankruptcy Court may abstain from hearing a matter related to the Bankruptcy case in the interest of justice or in the interest of comity with the State courts or respect for State

law. See 28 USC Section 1334(c)(1) and <u>In re Middlesex Power Equipment and Marine</u>, 292 F.3d 61, 68 (1st Cir. 2002).

8. Plaintiffs' claims against PG&E and the Other Defendants are based solely on State law and State law causes of action. This means that the Kern County Superior Court has the power to determine the validity and amount of Plaintiffs' claims. Furthermore, comity with the State court and respect for State law demands that the Bankruptcy Court abstain from deciding the validity and amount of Plaintiffs' claims because Plaintiffs' claims are based solely on State law. Finally, the interest of justice demands that the Bankruptcy Court abstain from deciding the validity and amount of Plaintiffs' claims.

## III.

**RELIEF FROM THE AUTOMATIC STAY IS REQUIRED BEFORE THE SUPERIOR COURT OF CALIFORNIA CAN RESOLVE THE DISPUTE BETWEEN PLAINTIFFS AND PG&E AND THE OTHER DEFENDANTS EVEN IF THE BANKRUPTCY COURT ABSTAINS**

9. 28 USC Section 1334(d) provides that Section 1334(c) dealing with abstention does not limit application for the automatic stay provided by 11 USC Section 362. This means the Bankruptcy Court must modify the automatic stay in order for the Kern County Superior Court to resolve the dispute between Plaintiffs and PG&E and the Other Defendants even if the Bankruptcy Court abstains as requested above. See <u>Prusifull v. Easkin</u>, 814 F. 2d 1501 (10th Cir. 1987).

## IV.

**CAUSE EXISTS FOR GRANTING THE MOTION AND FOR MODIFYING THE AUTOMATIC STAY**

10. 11 USC Section 362(d)(1) provides that the Bankruptcy Court can grant relief from the automatic stay "for cause". "Cause" is not defined by the Bankruptcy Code and is

determined on a case by case basis. In re McDonald, 755 F.2d 715, 717 (9th Cir. 1985). Cause to lift the automatic stay has been found in cases where litigation was pending in another forum before the filing of the bankruptcy case. In re Tucson Estates, 912 F.2d 1162, 1166 (9th Cir. 1990) and In re Castlerock Properties, 781 F.2d 159, 163 (9th Cir. 1986). Specifically, courts in the Ninth Circuit have granted relief from the automatic stay under Section 362(d)(1) when (a) relief is necessary to permit the pending litigation to be concluded and (b) the nonbankruptcy lawsuit involved multiple parties or is ready for trial. In re Tucson Estates, supra, at 1166. Among the factors considered in determining whether relief from the automatic stay should be granted to allow a State court lawsuit to continue are:

 a. judicial economy,

 b. the degree to which the State court lawsuit has progressed,

 c. whether the issues in the state court lawsuit involve matters of State law, and

 d. whether any person or party would be prejudiced by granting relief from the automatic stay.

See In re Carbaugh, 278 BR 512, 525 (10th Cir. BAP 2002). See also In re Beguelin, 220 BR 94, 98 (9th Cir. BAP 1998) and In re Blann, 237 BR 737, 739 (9th Cir. BAP 1999). Additionally, the legislative history of Section 362 provides that:

> "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the Bankruptcy Court from any duties that may be handled elsewhere."

S. Rep. No. 989, 95th Cong., 2d Sess. 50, reprinted in 1978 USC CAN 5787, 5836. See also In re Neal, 176 BR 30, 33 (Bankr. D ID 1994).

11. In the present case, cause exists for modifying the automatic stay to permit Plaintiff's lawsuit filed against PG&E and the Other Defendants to proceed in the Kern County Superior Court. This is true because:

    a. judicial economy will be promoted by allowing Plaintiffs' claims against PG&E and the Other Defendants to be tried and liquidated in one forum and one action,

    b. the Lawsuit is "At Issue" and ready to proceed with discovery and to trial. See copy of a Minute Order entered by the Kern County Superior Court on September 4, 2018 showing that the Lawsuit is "At Issue" included in the <u>Exhibits</u> as Exhibit "E",

    c. the issues involved in the Lawsuit are found exclusively in State law,

    d. Plaintiffs' claims against PG&E are inextricably connected with their claims against the Other Defendants,

    e. the Kern County Superior Court has stayed the Lawsuit until Plaintiffs obtain relief from the automatic stay from the Bankruptcy Court, and

    f. Plaintiffs know of no prejudice that will occur to PG&E or any other person if the Motion is granted.

Additionally, the Bankruptcy Court does not have jurisdiction to hear and determine claims made against a debtor's co-defendants where the co-defendants have not filed for relief under the Bankruptcy Code. See <u>In re Wiley</u>, 288 BR 818, 822 (8th Cir. BAP 2003).

12. Plaintiffs will not take any action against PG&E outside of Debtors' Chapter 11 cases if the Motion is granted except to liquidate their claims against PG&E or, in other words, determine the basis and amount of its claims against PG&E under the law. However, Plaintiffs will pursue collections against the Other Defendants and any insurance coverage available to Debtor to the maximum extent allowed by the law if the Motion is granted.

V.

## THE BANKRUPTCY COURT WILL RETAIN JURISDICTION TO DETERMINE THE TREATMENT OF PLAINTIFFS' CLAIMS AGAINST PG&E AND ANY SETTLEMENT BETWEEN PLAINTIFFS AND PG&E WILL BE SUBJECT TO BANKRUPTCY COURT APPROVAL

13. Plaintiffs understand that the treatment of their claims against PG&E will be determined by the Bankruptcy Court after Plaintiffs' claims against PG&E are liquidated by the Kern County Superior Court. See In re Leonard, 231 BR 884, 889 (ED PA 1999); In re Westwood Broadcasting, Inc., 35 BR 47, 49 (Bankr. D HI 1983). Additionally, any settlement between Plaintiffs and PG&E will be subject to approval by the Bankruptcy Court as required by the law. See Federal Rule of Bankruptcy Procedure 9019. See also In re A&C Properties, 784 F.2d 1377 (9th Cir. 1986).

WHEREFORE, Plaintiffs pray that:

1. the Motion to Abstain and for Relief from Automatic Stay to Permit Lawsuit to Proceed to Trial and Conclusion be granted,

2. the Bankruptcy Court abstain from deciding the validity and amount of Plaintiffs' claims against PG&E,

3. the automatic stay be modified so that the lawsuit filed against PG&E and the Other Defendants can be tried by the Kern County Superior Court and concluded without any restrictions caused by PG&E filing for relief under the Bankruptcy Code, and

4. Plaintiffs be given such other relief that the Court deems to be just and proper.

Dated: October 23, 2019           LAW OFFICES OF LEONARD K. WELSH

By  /s/ Leonard K. Welsh
   LEONARD K. WELSH
   Attorneys for Plaintiffs