1  LEONARD K. WELSH, CSB NO. 097954
   LAW OFFICES OF LEONARD K WELSH
2  4550 California Avenue, Second Floor
   Bakersfield, California 93309
3  Telephone: (661) 328-5328
   Email: lwelsh@lkwelshlaw.com
4
   Attorneys for GLORIA RUCKMAN; ROBERT RUCKMAN;
5  a minor by and through his guardian ad litem ROBERT RUCKMAN;
   ROBERT RUCKMAN; AMALIA LEAL; and GILARDO LEAL
6

**FILED**

**OCT 28 2019**

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

7        **UNITED STATES BANKRUPTCY COURT**
         **NORTHERN DISTRICT OF CALIFORNIA**
8             **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 9  In re: | Case No.  19-30088-DM |
| 10  PG&E CORPORATION, | Chapter  11<br>RS No. LKW-001 |
| 11     and | Date:  November 19, 2019 |
| 12  PACIFIC GAS & ELECTRIC COMPANY, | Time: 10:00 a.m.<br>Place:  450 Golden Gate Avenue, 16th Floor |
| 13        Debtors. | San Francisco, CA<br>Judge: Honorable Dennis Montali |
| 14  [ ] Affects PG&E Corporation | |
| 15  [ ] Affects Pacific Gas & Electric Company<br>[X] Affects both Debtors | |
| 16  *All papers shall be filed in the Lead Case | Objection Deadline:  November 14, 2019<br>Time: 4:00 p.m. (Pacific Time) |
| 17  No. 19-30088 (DM) | |

18    **EXHIBITS TO MOTION TO ABSTAIN AND FOR RELIEF FROM AUTOMATIC**
19    **STAY TO  PERMIT LAWSUIT TO PROCEED TO TRIAL AND CONCLUSION**

20    INDEX                                                                PAGE NO.

21    EXHIBIT A –  Voluntary Petition for Non-Individuals Filing for Bankruptcy
22                 filed by Pacific Gas & Electric Company on January 29, 2019 …      3-9

23    EXHIBIT B –  Voluntary Petition for Non-Individuals Filing for Bankruptcy
24                 filed by PG&E Corporation on January 29, 2019 ………………..      10-17

25    EXHIBIT C – Third Amended Complaint – Personal Injury filed by
26                 Plaintiffs on March 7, 2017 …………………………………      18-28

27    EXHIBIT D – Minute Order entered by the Kern County Superior Court on
                   February 6, 2019 ……………………………………………      29-31

28

EXHIBIT E – Minute Order entered by Kern County Superior Court
On September 4, 2018 ................................................. 32-35

Date: October 23, 2019          LAW OFFICES OF LEONARD K. WELSH

By:   /s/  Leonard K. Welsh
LEONARD K. WELSH
Attorneys for Plaintiffs

| Fill in this information to identify the case |

United States Bankruptcy Court for the:

Northern District of California

Case number (*if known*): _____ Chapter __11__

☐　Check if this is
an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1. Debtor's name**　　Pacific Gas and Electric Company

**2. All other names debtor used
in the last 8 years**

Include any assumed names, trade
names, and *doing business as*
names

**3. Debtor's federal Employer
Identification Number (EIN)**　94-0742640

**4. Debtor's
address**

| Principal place of business | | | Mailing address, if different from principal place of business | | |
|---|---|---|---|---|---|
| 77 | Beale Street | | | | |
| Number | Street | | Number | Street | |
| P.O. Box 770000 | | | | | |
| | | | P.O. Box | | |
| San Francisco | California | 94177 | | | |
| City | State | ZIP Code | City | State | ZIP Code |

Location of principal assets, if different from principal place
of business

| San Francisco | | |
|---|---|---|
| County | | |
| | Number | Street |
| | | |
| | City | State　　　ZIP Code |

**5. Debtor's website (URL)**　http://www.pge.com

**6. Type of debtor**

☒　Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐　Partnership (excluding LLP)
☐　Other. Specify: _____

Case: 19-30089　　Doc# 1　　Filed: 01/29/19　　Entered: 01/29/19 00:15:10　　Page 1 of 15

Case: 19-30088　　Doc# 4492　　Filed: 10/28/19　　Entered: 10/28/19 15:23:39　　Page 3 of
35

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above <u>Electric and Natural Gas Utility</u>

B. *Check all that apply:*

☐ Tax- entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>2211 – Electric Power Generation, Transmission, and Distribution</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply.*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes

| District _____ | When _____ | Case number _____ |
|---|---|---|
| | MM/ DD/ YYYY | |
| District _____ | When _____ | Case number _____ |
| | MM / DD/ YYYY | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes

| Debtor | See Schedule 1 | Relationship _____ |
|---|---|---|
| District | | When _____ |
| Case number, if known | _____ | |

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

Why does the property need immediate attention? (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

Where is the property?

_____

| Number | Street |
|---|---|

_____

| City | State | ZIP Code |
|---|---|---|

Is the property insured?

☐ No

☐ Yes. Insurance agency _____

Contact Name _____

Phone _____

---

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors** (on a consolidated basis)

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☒ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets** (on a consolidated net book value basis)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☒ More than $50 billion |

**16. Estimated liabilities** (on a consolidated net book value basis)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☒ More than $50 billion |

Debtor  Pacific Gas and Electric Company                    Case number (if known) _____
          Name

| Request for Relief, Declaration, and Signatures |

WARNING — Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to
$500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17.  Declaration and signature of
     authorized representative of
     debtor

     - The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in
       this petition.

     - I have been authorized to file this petition on behalf of the debtor.

     - I have examined the information in this petition and have a reasonable belief that the information is
       true and correct.

     I declare under penalty of perjury that the foregoing is true and correct.

     Executed on   01/29/19
                   MM / DD / YYYY

     X _David Thomason_____        David S. Thomason
        Signature of authorized representative of        Printed name
        debtor

        Chief Financial Officer
        Title

18.  Signature of attorney     X _Tobias S. Keller_____   Date  01/29/19
                                  Signature of attorney for debtor          MM / DD / YYYY

        Tobias S. Keller
        Printed Name

        Keller & Benvenutti LLP
        Firm Name

        650 California Street, Suite 1900
        Number        Street

        San Francisco            California            94108
        City                     State                ZIP Code

        (415) 496-6723           tkeller@kellerbenvenutti.com
        Contact phone            Email address

        #151445                  California
        Bar Number               State

```
┌─────────────────────────────────────────────────────┐
│ Fill in this information to identify the case:        │
│ Debtor name: Pacific Gas and Electric Company         │
│ United States Bankruptcy Court for the: Northern District of California │
│ Case number (if known): _____           │
└─────────────────────────────────────────────────────┘
```

## Attachment to Voluntary Petition for Non-Individuals
## Filing for Bankruptcy under Chapter 11

1.       If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is _____ 1-2348 _____

2.       The following financial data is the latest available information and refers to the debtor's condition (on a consolidated net book value basis) on September 30, 2018 as reflected in the debtor's Form 10-Q for the quarterly period that ended September 30, 2018:

  a.   Total assets                                                    $71,196,000,000

  b.   Total debts (including debts listed in 2.c., below)            $51,411,000,000

  c.   Debt securities held by more than 500 holders

                                                                      Approximate
                                                                      number of holder

      secured ☐   unsecured ☐   subordinated ☐    $See Schedule 2    _____
      secured ☐   unsecured ☐   subordinated ☐    $_____       _____
      secured ☐   unsecured ☐   subordinated ☐    $_____       _____
      secured ☐   unsecured ☐   subordinated ☐    $_____       _____

  d.   Number of shares of preferred stock        $145 million of shares of nonredeemable
                                                   preferred stock with interest rates between
                                                   5% to 6% and $113 million of shares of
                                                   redeemable preferred stock with interest rates
                                                   between 4.36% and 5%; all outstanding
                                                   preferred stock has a $25 par value.

  e.   Number of shares common stock              264,374,809 shares (all held by
                                                   PG&E Corporation).

Comments, if any: _____
_____

3.       Brief description of debtor's business: Electric power generation, transmission, and distribution.

4.       List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
One-hundred percent (100%) of the shares of common stock of Pacific Gas and Electric Company (the "Utility") are owned by PG&E Corporation ("PG&E Corp."), a holding company, incorporated in the State of California in 1995, whose primary operating subsidiary is the Utility. PG&E Corp. became the holding company of the Utility and its subsidiaries in 1997. As of February 1, 2018, there were 53,878 record holders of PG&E Corporation common stock, which is listed on the New York Stock Exchange and is traded under the symbol "PCG".

## Schedule 1 – Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On April 6, 2001, Pacific Gas and Electric Company (the "Utility") filed a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of California (the "Court") which was assigned Case No. 01-30923 DM (the "2001 Case"). As of the date hereof, the 2001 Case remains open and pending before the Court.

In addition, on the date hereof, the Utility and PG&E Corporation ("PG&E Corp." and, together with the Utility, the "Debtors") each filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A motion will be filed with the Court requesting that the chapter 11 cases of the Utility and PG&E Corp. be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

## Schedule 2 – Debtor's Debt Securities

The following financial data is the latest available information and refers to the Debtor's financial condition as of January 10, 2019:

| Type | Maturity | Principal Amount Outstanding | Approximate Number of Holders |
|---|---|---|---|
| Term Loan | February 22, 2019 | $250,000,000 | unknown |
| Revolving Credit Facility | April 27, 2022 | $2,885,000,000 | unknown |
| 4.25% Notes due 2023 | August 1, 2023 | $500,000,000 | unknown |
| 4.65% Notes due 2028 | August 1, 2028 | $300,000,000 | unknown |
| 6.05% Notes due 2034 | March 1, 2034 | $3,000,000,000 | unknown |
| 5.80% Notes due 2037 | March 1, 2037 | $950,000,000 | unknown |
| 6.35% Notes due 2038 | February 15, 2038 | $400,000,000 | unknown |
| 6.25% Notes due 2039 | March 1, 2039 | $550,000,000 | unknown |
| 5.40% Notes due 2040 | January 15, 2040 | $800,000,000 | unknown |
| 3.50% Notes due 2020 | October 1, 2020 | $800,000,000 | unknown |
| 4.25% Notes due 2021 | May 15, 2021 | $300,000,000 | unknown |
| 3.25% Notes due 2021 | September 15, 2021 | $250,000,000 | unknown |
| 4.50% Notes due 2041 | December 15, 2041 | $250,000,000 | unknown |
| 4.45% Notes due 2042 | April 15, 2042 | $400,000,000 | unknown |
| 3.75% Notes due 2042 | August 15, 2042 | $350,000,000 | unknown |
| 2.45% Notes due 2022 | August 15, 2022 | $400,000,000 | unknown |
| 3.25% Notes due 2023 | June 15, 2023 | $375,000,000 | unknown |
| 4.60% Notes due 2043 | June 15, 2043 | $375,000,000 | unknown |
| 3.85% Notes due 2023 | November 15, 2023 | $300,000,000 | unknown |
| 5.125% Notes due 2043 | November 15, 2043 | $500,000,000 | unknown |
| 3.75% Notes due 2024 | February 15, 2024 | $450,000,000 | unknown |
| 4.75% Notes due 2044 | February 15, 2044 | $675,000,000 | unknown |
| 3.40% Notes due 2024 | August 15, 2024 | $350,000,000 | unknown |
| 4.30% Notes due 2045 | March 15, 2045 | $600,000,000 | unknown |
| 3.50% Notes due 2025 | June 15, 2025 | $600,000,000 | unknown |
| 4.25% Notes due 2046 | March 15, 2046 | $450,000,000 | unknown |
| 2.95% Notes due 2026 | March 1, 2026 | $600,000,000 | unknown |
| 4.00% Notes due 2046 | December 1, 2046 | $600,000,000 | unknown |
| 3.30% Notes due 2027 | March 15, 2027 | $400,000,000 | unknown |
| 3.30% Notes due 2027 | December 1, 2027 | $1,150,000,000 | unknown |
| 3.95% Notes due 2047 | December 1, 2047 | $850,000,000 | unknown |
| Series 2008 F Pollution Control Revenue Bonds | November 1, 2026 | $50,000,000 | unknown |
| Series 2010 E Pollution Control Revenue Bonds | November 1, 2026 | $50,000,000 | unknown |

| | | | |
|---|---|---|---|
| Series 2009 A Pollution Control Revenue Bonds | November 1, 2026 | $74,275,000 | unknown |
| Series 2009 B Pollution Control Revenue Bonds | November 1, 2026 | $74,275,000 | unknown |
| Series 1996 F Pollution Control Revenue Bonds | November 1, 2026 | $100,000,000 | unknown |
| Series 1996 C Pollution Control Revenue Bonds | November 1, 2026 | $200,000,000 | unknown |
| Series 1996 E Pollution Control Revenue Bonds | November 1, 2026 | $165,000,000 | unknown |
| Series 1997 B Pollution Control Revenue Bonds | November 1, 2026 | $148,550,000 | unknown |

☐ Check if this is
an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | Debtor's name | PG&E Corporation |

2. All other names debtor used
in the last 8 years

Include any assumed names, trade
names, and *doing business as*
names

| | | |
|---|---|---|
| 3. | Debtor's federal Employer Identification Number (EIN) | 94-3234914 |

4. Debtor's address

**Principal place of business**

77      Beale Street
Number      Street

P.O. Box 770000

San Francisco    California    94177
City      State      ZIP Code

San Francisco
County

**Mailing address, if different from principal place of business**

Number      Street

P.O. Box

City      State      ZIP Code

Location of principal assets, if different from principal place of business

Number      Street

City      State      ZIP Code

| | | |
|---|---|---|
| 5. | Debtor's website (URL) | http://www.pgecorp.com |

6. Type of debtor

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as described in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above <u>Holding company</u>

B. *Check all that apply:*

☐ Tax- entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>2211 – Electric Power Generation, Transmission, and Distribution</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

     ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☐ A plan is being filed with this petition.

     ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

     ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A)* with this form.

     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes   District _____ When _____ Case number _____
                            MM/ DD/ YYYY

            District _____ When _____ Case number _____
                            MM / DD/ YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes   Debtor   <u>See Schedule 1</u>       Relationship _____

            District _____                  When _____

            Case number, if known _____

Exhibit B

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

Why does the property need immediate attention? (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

Where is the property?

_____

| Number | Street | | |
|--------|--------|--|--|

| City | State | ZIP Code |
|------|-------|----------|

Is the property insured?

☐ No

☐ Yes. Insurance agency _____

Contact Name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

(on a consolidated basis)

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☒ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

(on a consolidated net book value basis)

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☒ More than $50 billion

**16. Estimated liabilities**

(on a consolidated net book value basis)

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☒ More than $50 billion

---

| Debtor | PG&E Corporation | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

**Request for Relief, Declaration, and Signatures**

WARNING — Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. Declaration and signature of authorized representative of debtor

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     01/29/19
                MM/ DD /YYYY

X _____        Jason P. Wells
Signature of authorized representative of        Printed name
debtor

Senior Vice President and Chief Financial Officer
Title

18. Signature of attorney

X _____     Date     01/29/19
Signature of attorney for debtor              MM / DD / YYYY

Tobias S. Keller
Printed Name

Keller & Benvenutti LLP
Firm Name

660 California Street, Suite 1900
Number          Street

San Francisco                 California              94108
City                          State                  ZIP Code

(415) 496-6723               tkeller@kellerbenvenutti.com
Contact phone                Email address

#151445                       California
Bar Number                    State

| Fill in this information to identify the case: |
|---|
| Debtor name:  PG&E Corporation |
| United States Bankruptcy Court  for the:  Northern District of California |
| Case number (If known): |

## Attachment to Voluntary Petition for Non-Individuals
## Filing for Bankruptcy under Chapter 11

1.    If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is _____1-12609_____

2.    The following financial data is the latest available information and refers to the debtor's condition (on a consolidated net book value basis) on September 30, 2018 as reflected in the debtor's Form 10-Q for the quarterly period that ended September 30, 2018:

a.   Total assets                                                     $71,385,000,000

b.   Total debts (including debts listed in 2.c., below)             $51,689,000,000

c.   Debt securities held by more than 500 holders

| | | | | Approximate number of holder |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ See Schedule 2 | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |

d.   Number of shares of preferred stock          No shares outstanding

e.   Number of shares common stock                518,674,276 shares

Comments, if any:

3.    Brief description of debtor's business:  Holding company whose primary operating subsidiary's business is electric power generation, transmission, and distribution.

4.    List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: Based on publicly filed and available information, the debtor understands that the following persons directly or indirectly own, control, or hold, with power to vote, 5% or more of the voting securities of the debtor: Blackrock, Inc., T. Rowe Price Associates, and The Vanguard Group.

## Schedule 1 – Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On April 6, 2001, Pacific Gas and Electric Company (the "Utility") filed a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of California (the "Court") which was assigned Case No. 01-30923 DM (the "2001 Case"). As of the date hereof, the 2001 Case remains open and pending before the Court.

In addition, on the date hereof, the Utility and PG&E Corporation ("PG&E Corp." and, together with the Utility, the "Debtors") each filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A motion will be filed with the Court requesting that the chapter 11 cases of the Utility and PG&E Corp. be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

<u>**Schedule 2 – Debtor's Debt Securities**</u>

The following financial data is the latest available information and refers to the Debtor's financial condition as of December 30, 2018:

| Type | Maturity | Principal Amount Outstanding | Approximate Number of Holders |
|---|---|---|---|
| Revolving Credit Facility | April 27, 2022 | $300,000,000 | 16 |
| Term Loan | April 16, 2020 | $350,000,000 | 3 |

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*
DANIEL RODRIGUEZ, ESQ. SBN 96625
JOEL ANDREESEN, ESQ. SBN 155254
CHANTAL TRUJILLO, ESQ. SBN 289493
RODRIGUEZ & ASSOCIATES
2020 EYE STREET, BAKERSFIELD, CA 93301
TELEPHONE NO: 661-323-1400    FAX NO *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: PLAINTIFFS

FOR COURT USE ONLY

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

MAR - 7 2017

TERRY McNALLY, CLERK
BY_____DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
STREET ADDRESS: 1415 TRUXTUN AVENUE
MAILING ADDRESS: 1415 TRUXTUN AVENUE
CITY AND ZIP CODE: BAKERSFIELD 93301
BRANCH NAME: METROPOLITAN DIVISION- UNLIMITED CIVIL

PLAINTIFF: GLORIA RUCKMAN, ROBERT RUCKMAN, ROBERT RUCKMAN, a minor by and
through his guardian ad litem, ROBERT RUCKMAN, AMALIA LEAL, and GILDARDO LEAL

DEFENDANT: BIG N DEEP AG DEVELOPMENT CO., JEFF ALEXANDER FARMING, JEFFREY
ALEXANDER, individually, PACIFIC GAS AND ELECTRIC COMPANY, AG-WISE ENTERPRISES, INC.,
WILDWOOD FARMS LLC and
[X] DOES 1 TO 100.

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
[X] AMENDED *(Number)*: THIRD
Type *(check all that apply)*:
[ ] MOTOR VEHICLE    [X] OTHER *(specify)*: STRICT LIABILITY
[X] Property Damage    [ ] Wrongful Death
[X] Personal Injury    [X] Other Damages *(specify)*: Negligent Infliction of
Emotional Distress, Loss of Consortium, Premises Liability

Jurisdiction *(check all that apply)*:
[ ] ACTION IS A LIMITED CIVIL CASE
Amount demanded [ ] does not exceed $10,000
                [ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER:
BCV-15-101699-SPC

1. Plaintiff *(name or names)*: GLORIA RUCKMAN, ROBERT RUCKMAN, ROBERT RUCKMAN, a minor by and through his guardian ad litem, ROBERT RUCKMAN, AMALIA LEAL, and GILDARDO LEAL
   alleges causes of action against defendant *(name or names)*: BIG N DEEP AG DEVELOPMENT CO., JEFF ALEXANDER FARMING, JEFFREY ALEXANDER, individually, PACIFIC GAS AND ELECTRIC COMPANY, AG-WISE ENTERPRISES, INC., WILDWOOD FARMS LLC and DOES 1 TO 100
2. This pleading, including attachments and exhibits, consists of the following number of pages: 11 pages
3. Each plaintiff named above is a competent adult
   a. [X] except plaintiff *(name)*: Robert Ruckman
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [X] a minor [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [X] other *(specify)*: Already appointed.
      (5) [ ] other *(specify)*:

   b. [ ] except plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Exhibit C
18

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

Code of Civil Procedure § 425.12

Legal
Solutions

| | CASE NUMBER: |
|---|---|
| SHORT TITLE: RUCKMAN, et al. v. BIG N DEEP AG DEVELOPMENT CO., et al. | BCV-15-101699-SPC |

4. ☐ Plaintiff *(name)*:

is doing business under the fictitious name *(specify)*:

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. ☒ except defendant *(name)*: BIG N DEEP AG DEVELOPMENT CO.

   (1) ☒ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe)*:

   (4) ☐ a public entity *(describe)*:

   (5) ☐ other *(specify)*:

b. ☒ except defendant *(name)*: JEFF ALEXANDER FARMING

   (1) ☒ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe)*:

   (4) ☐ a public entity *(describe)*:

   (5) ☐ other *(specify)*:

c. ☒ except defendant *(name)*: PACIFIC GAS & ELECTRIC COMPANY

   (1) ☐ a business organization, form unknown
   (2) ☒ a corporation
   (3) ☐ an unincorporated entity *(describe)*:

   (4) ☐ a public entity *(describe)*:

   (5) ☐ other *(specify)*:

d. ☒ except defendant *(name)*: AG-WISE ENTERPRISES, INC.

   (1) ☐ a business organization, form unknown
   (2) ☒ a corporation
   (3) ☐ an unincorporated entity *(describe)*:

   (4) ☐ a public entity *(describe)*:

   (5) ☐ other *(specify)*:

☒ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does unknown to plaintiff.

a. ☒ Doe defendants *(specify Doe numbers)*: 1-100, inclusive were the agents or employees of other named defendants and acted within the scope of that agency or employment.

b. ☒ Doe defendants *(specify Doe numbers)*: 1-100, inclusive are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

8. This court is the proper court because
a. ☒ at least one defendant now resides in its jurisdictional area.
b. ☒ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
d. ☐ other *(specify)*:

9. ☐ Plaintiff is required to comply with a claims statute, and
a. ☐ has complied with applicable claims statutes, or
b. ☐ is excused from complying because *(specify)*:

C
19

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

 

| SHORT TITLE: RUCKMAN, et al. v. BIG N DEEP AG DEVELOPMENT CO., et al. | CASE NUMBER: BCV-15-101699-SPC |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☒ Premises Liability
   f. ☒ Other *(specify)*: STRICT LIABILITY

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☐ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☒ property damage
   f. ☒ loss of earning capacity
   g. ☒ other damage *(specify)*: Negligent Infliction of Emotional Distress and Loss of Consortium.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☒ punitive damages
   The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
   (1) ☒ according to proof
   (2) ☐ in the amount of: $

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:
Paragraphs 5 and 6. At all times herein mentioned, each of the Defendants was the agent, servant, employee, partner, aider and abettor, co-conspirator and/or joint venturer of each of the remaining Defendants named herein and were at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, conspiracy, alter ego and/or joint venture

Date: March 7, 2017

Chantal A. Trujillo, Esq.
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1 2007]

**COMPLAINT—Personal Injury, Property Damage/Wrongful Death**

 

MC-025

| SHORT TITLE: RUCKMAN, et al. v. BIG N DEEP AG DEVELOPMENT CO., et al. | CASE NUMBER: BCV-15-101699 |
|---|---|

ATTACHMENT *(Number)*: 5

*(This Attachment may be used with any Judicial Council form.)*

Each defendant named above is a natural person except DEFENDANT WILDWOOD FARMS LLC, a corporation.



C
21

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 4 of 11
*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev July 1, 2009]

**ATTACHMENT**
to Judicial Council Form

Legal
Solutions
Plus

Case: 19-30088  Doc#: 4494  Filed: 10/28/19  Entered: 10/28/19 23:35  Page 4 of 11
Case 19-30088  Claim 254 Part 2  Filed 10/28/19  Desc Attachment 2  Page 21 of 35

| SHORT TITLE: RUCKMAN, et al. v. BIG N DEEP AG DEVELOPMENT CO., et al. | CASE NUMBER: BCV-15-101699-SPC |
|---|---|

<u>First</u>       CAUSE OF ACTION—General Negligence      Page 5
(number)

ATTACHMENT TO [X] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* GLORIA RUCKMAN, ROBERT RUCKMAN, ROBERT RUCKMAN, a minor by and through his guardian ad litem, ROBERT RUCKMAN, AMALIA LEAL, and GILDARDO LEAL

alleges that defendant *(name):* BIG N DEEP AG DEVELOPMENT CO., JEFF ALEXANDER FARMING, JEFFREY ALEXANDER, individually, PACIFIC GAS AND ELECTRIC COMPANY, AG-WISE ENTERPRISES, INC., WILDWOOD FARMS, LLC., and

[X] Does 1 to 100, inclusive.

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date):* November 13, 2015

at *(place):* or near 12711 Wible Road and Houghton Road south of Bakersfield, California.

*(description of reasons for liability):*

Plaintiffs incorporate and reallege the first four pages of said complaint as if fully alleged herein.

At the time of the incident Defendants Big N Deep Ag Development Co., Jeff Alexander Farming, and Jeffrey Alexander, individually, (hereinafter referred to as "BDADC DEFENDANTS") and Does 1 to 100, inclusive, owned, operated, and/or controlled the tractor operated by the their employee to excavate the soil in the area transmission line 300 A at or near Wible and Houghton Road, south of Bakersfield, California, in the near vicinity of 12711 Wible Road.

BDADC DEFENDANTS allowed and/or instructed its employee to excavate the soil with their tractor with an expired permit, knowing their permit was expired, and/or should have known that its permit was expired for the area of Wible and Houghton Road south of Bakersfield, California, in the near vicinity of 12711 Wible Road. At said time, BDADC DEFENDANTS' employee hit the gas pipeline, causing it to explode at the above location.

Further, BDADC DEFENDANTS allowed and/or instructed its employee to excavate the soil with their tractor in the area of Wible and Houghton Road south of Bakersfield, California, in the near vicinity of 12711 Wible Road without first notifying and/or calling "811," Underground Service Alert (USA), or Defendant Pacific Gas & Electric Company (hereinafter referred to as "PG&E")while knowing and/or should have known that a gas pipeline was located underground in said location. Furthermore, BDADC DEFENDANTS while conducting the same activity hit the same gas pipeline near the same location about 13 months before the incident at issue.

BDADC DEFENDANTS had a legal duty to Plaintiffs, as foreseeable victims, to exercise the utmost care and diligence in operating its tractor to excavate soil in said location.

BDADC DEFENDANTS breached that duty by failing to exercise care when it allowed and/or instructed its employee to excavate the soil with the use of their tractor in said location without first obtaining a valid permit, knew that its permit for said location was expired, and/or should have known its permit for said location was expired.

BDADC DEFENDANTS' breach was a legal and proximate cause of the injuries and damages suffered by Plaintiffs, as set forth above and below.

22

Code of Civil Procedure 425.12

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

CAUSE OF ACTION—General Negligence

Legal Solutions Plus

 

MC-025

| SHORT TITLE: RUCKMAN, et al. v. BIG N DEEP AG DEVELOPMENT CO., et al. | CASE NUMBER: BCV--15-101699 |
|---|---|

ATTACHMENT (Number): GN-1

(This Attachment may be used with any Judicial Council form.)

Plaintiffs reallege and incorporate the first five pages of said complaint by reference as if fully alleged herein.

Prior to the incident, DEFENDANT AG-WISE ENTERPRISES, INC. (hereinafter referred to as "AG-WISE") and Does 1 to 100, inclusive, hired, controlled, retained, entrusted, permitted, authorized, allowed, directed, ordered, and/or instructed BDADC DEFENDANTS to excavate the soil in the aforementioned location that caused the gas pipeline to explode.

Prior to the incident, DEFENDANT WILDWOOD FARMS LLC., (hereinafter referred to as "Wildwood") and Does 1 to 100, inclusive, hired, controlled, retained, entrusted, permitted, authorized, allowed, directed, ordered, and/or instructed BDADC DEFENDANTS to excavate the soil in the aforementioned location that caused the gas pipeline to explode.

At all times mentioned herein, DEFENDANTS AG-WISE, Wildwood, and DOES 1 to 100, inclusive, and each of them, negligently and/or carelessly, hired, controlled, retained, entrusted, permitted, authorized, allowed, directed, ordered, and/or instructed BDADC DEFENDANTS to excavate the soil in the aforementioned location, while knowing and/or should have known that BDADC DEFENDANTS did not have a current permit, that BDADC DEFENDANTS' and DOES 1 to 100, inclusive, and each of them, permit in the aforementioned location was expired, and/or knew or should have known that BDADC DEFENDANTS were not competent in the excavation process based on the October 2014 incident where the BDADC DEFENDANTS struck the same pipeline and prior Cal-Osha citations where the BDADC DEFENDANTS were cited for not following the rules and regulations for the excavation process.

DEFENDANT AG-WISE, Wildwood Farms Llc , and DOES 1 to 100, inclusive, and each of them, had a legal duty to Plaintiffs, as foreseeable victims, to exercise the utmost care and diligence in hiring, controlling, retaining, entrusting, permitting, authorizing, allowing, directing, ordering, and/or instructing BDADC DEFENDANTS to excavate the soil in the aforementioned location

DEFENDANT AG-WISE, Wildwood Farms Llc., and DOES 1 to 100, inclusive, and each of them, breached that duty by failing to exercise care when it hired, controlled, retained, entrusted, permitted, authorized, allowed, directed, ordered, and/or instructed BDADC DEFENDANTS and DOES 1 to 100, inclusive, and each of them, to excavate the soil in the aforementioned location that caused the gas pipeline to explode, while knowing and/or should have known that BDADC DEFENDANTS did not have a current permit and/or that BDADC DEFENDANTS' permit in the aforementioned location was expired.

DEFENDANT AG-WISE'S and DOES 1 to 100, inclusive, breach was a legal and proximate cause of the injuries and damages suffered by Plaintiffs, as set forth above and below.

Prior to the incident, DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY (hereinafter referred to as "PG&E") and Does 1 to 100, inclusive, owned, operated, controlled, managed, leased, loaned, borrowed, bailed, and/or maintained the approximately 34 inch gas line that traveled underground and near the Ruckman Plaintiffs' home and exploded on November 13, 2015, as described above.

DEFENDANT PG&E had a legal duty to Plaintiffs, as foreseeable victims, to exercise the utmost care and diligence in maintaining and operating said gas line. ✓

DEFENDANT PG&E breached that duty by failing to exercise care in its operation and maintenance of said gas line, including, but not limited to, failing to move the gas line to a more sparsely populated area, failing to properly inspect the gas line, failing to properly maintain the gas line, failing to properly repair the gas line, failing to properly place the gas line at a safe depth, failing to properly mark the gas line, and/or failing to comply with applicable safety standards.

DEFENDANT PG&E'S breach was the legal and proximate cause of the injuries and damages suffered by Plaintiffs, as set forth above and below



23

(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)

Page 6 of 11

(Add pages as required)

| Form Approved for Optional Use Judicial Council of California MC-025 [Rev. July 1, 2009] | ATTACHMENT to Judicial Council Form | Legal Solutions Plus |
|---|---|---|

| SHORT TITLE: RUCKMAN, et al. v. BIG N DEEP AG —DEVELOPMENT CO., et al. | CASE NUMBER: BCV-15-101699 |
|---|---|

**ATTACHMENT** *(Number):* GN-1

*(This Attachment may be used with any Judicial Council form.)*

As a direct and legal result of DEFENDANTS' negligence, Plaintiffs Gloria Ruckman, minor infant Robert Ruckman, and Amalia Leal were trapped inside Plaintiff Ruckman's house when the gas pipeline exploded. The explosion caused the entire house caught fire including the surrounding property, including but not limited to the trees, cars, fence, animals, and/or utility lines. The explosion destroyed the entire house and property of the Plaintiffs Gloria and Robert Ruckman and minor infant Plaintiff Robert Elias Ruckman, depriving them of the use of said property and sentimental value.

As oxygen continued to get sucked out of the house, Plaintiffs Gloria Ruckman, minor infant Robert Ruckman, and Amalia Leal found a way to escape the burning residence. While escaping the burning residence, Plaintiffs Gloria Ruckman and Amalia Leal were forced to walk and run over 100 yards surrounded by the fire and radiant heat while Plaintiff Gloria Ruckman carried her 17 day old infant, Plaintiff, Robert Elias Ruckman. The fire and radiant heat caused serious burn injuries to Plaintiff Gloria Ruckman's body and Plaintiff Amalia Leal's body, including but not limited to their heads, legs, arms, and backs.

As Plaintiff Gloria Ruckman continued to walk carrying her 17 day old infant, Plaintiff Robert Elias Ruckman, Gloria Ruckman's mother Plaintiff Amalia Leal watched blisters form all over her back.

As a result of the incident, Plaintiffs Gloria Ruckman, her one month old infant Robert Elias Ruckman, and Amalia Leal suffered severe personal injuries. Plaintiffs have incurred and continue to incur hospital and medical expenses and general damages, said amounts to be proven at trial.

Furthermore, the negligence on the part of the DEFENDANTS, and each of them, is not limited to those negligent acts and/or omissions described above, but also includes the negligent hiring, retaining, appointing, selecting, training, and/or supervising of those persons responsible for the aforementioned acts and/or omissions.

At all times mentioned herein, Plaintiff Gloria Ruckman was and is the lawful spouse of Plaintiff Robert Ruckman, and performed all the duties of a wife. As a direct result of the injuries sustained from gas pipeline explosion, Plaintiff Gloria Ruckman, has been unable to perform some of the duties thereby depriving Plaintiff, Robert Eugene Ruckman of spousal consortium.

At the time of the incident, Plaintiff, Robert Elias Ruckman was their one month infant son. Furthermore, as a direct and legal result of DEFENDANTS' negligence, and each and all of them, Plaintiffs Gloria Ruckman and her minor infant Plaintiff Robert Elias Ruckman have been separated due to the severity of injuries and burns of Plaintiff Gloria Ruckman. As a result of DEFENDANTS' negligence, and each and all of them, the minor infant Plaintiff Robert Elias Ruckman, has been denied the care, companionship, and services of his mother, Plaintiff Gloria Ruckman. At the time of the incident, Plaintiff Gloria Ruckman was breastfeeding her infant son, Plaintiff Robert Elias Ruckman, yet as a direct result of the incident, Plaintiff Gloria Ruckman can no longer do so resulting in the lack of nutrition and care of her infant son, Plaintiff Robert Elias Ruckman.

At all times mentioned herein, Plaintiff Amalia Leal was and is the lawful spouse of Plaintiff Gildardo Leal, and performed all the duties of a wife. As a direct result of the injuries sustained from gas pipeline explosion, Plaintiff Amalia Leal, has been unable to perform some of the duties thereby depriving Plaintiff, Gildardo Leal of spousal consortium.

Additionally, the wrongful acts of Defendants BDADC, PG&E, and AG-WISE ENTERPRISES, INC were done maliciously, oppressively, fraudulently, and in conscious disregard of the safety and health of the community. Plaintiffs are entitled to punitive and exemplary damages in an amount to be ascertained according to proof, which is appropriate to punish or set an example of Defendants BDADC, PG&E, and AG-WISE ENTERPRISES, INC and deter such behavior in the future.



24

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 7 of 11

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
to Judicial Council Form

Legal
Solutions
Plus

| SHORT TITLE: RUCKMAN, et al. v. BIG N DEEP AG DEVELOPMENT CO., et al. | CASE NUMBER: BCV-15-101699-SPC |

**ATTACHMENT** (Number): GN-1

*(This Attachment may be used with any Judicial Council form.)*

Defendants BDADC, PG&E, and AG-WISE ENTERPRISES, INC.'s acted in malice, oppression, fraud, and in a consious disregard of the safety and health of the community because Defendants BDADC, PG&E, and AG-WISE ENTERPRISES, INC.'s knew there was an active and highly explosive gas line less than three feet below the surface, knew there was a high risk that any excavation or digging above this active and highly explosive gas line would come into contact and puncture this active gas line because it was less than three feet below the surface, and therby causing an explosion, and despite knowing these risks, Defendants BDADC, PG&E, and AG-WISE ENTERPRISES, INC. did nothing to ensure the excavation and/or digging would not come into contact with the highly active gas line, and nor did Defendants BDADC, PG&E, and AG-WISE ENTERPRISES, INC. attempt to shut off the highly active and explosive gas line before beginning the excavation and/or digging right up above it.

Defendants BDADC, PG&E, and AG-WISE ENTERPRISES, INC.'s acted in malice, oppression, fraud, and in a consious disregard of the safety and health of the community because Defendants BDADC, PG&E, and AG-WISE ENTERPRISES, INC.'s knew the operator of the excavator was not to excavate above the active gas line involved in the subject incident, knew the operator was not qualified to operate an excavator, and/or also knew the necessary permits were not obtained before the excavation occurred on the day of the incident.

Further, Defendants BDADC, were involved in a prior incident back in October 2014 where the same active gas line was pierced by Defendants BDADC, and as such Defendants BDADC were aware of the risks by hitting the active gas line before it started on the day of the subject incident. Yet, despite this knowledge Defendants BDADC did nothing to prevent, train, take precaution, and/or reduce this risk of piercing the highly explosive and active gas line in the subject incident,thereby acting in a further conscious disregard for the safety of the community, including but not limited to PLaintiffs.

Defendants PG&E and AG-WISE ENTERPRISES, INC.'s were aware of Defendants BDADC prior incidents, including but not limited to the October 2014 incident where Defendants BDADC hit and pierced the same active gas line, Defendants PG&E and AG-WISE ENTERPRISES, INC.'s were aware of Defendants BDADC inadequate safety practices when excavating. Despite this knowledge, Defendants PG&E and AG-WISE ENTERPRISES, INC. allowed, permitted, authorized, employed, and/or contracted with Defendants BDADC to excavate above the highly explosive and active gas line involved in the subject incident. Defendants PG&E and AG-WISE ENTERPRISES, INC. did nothing to prevent Defendants BDADC from accessing and excavating above the hihgly explosive and active gas line, thereby acting in a further conscious disregard for the safety of the community, including but not limited to PLaintiffs.



25

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 8 of 11

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev July 1, 2009]

**ATTACHMENT**
to Judicial Council Form

Legal
Solutions
& Plus




MC-025

SHORT TITLE: RUCKMAN, et al. v. BIG N DEEP AG DEVELOPMENT CO., et al.

CASE NUMBER
BCV-15-101699

ATTACHMENT (Number): SL-1

*(This Attachment may be used with any Judicial Council form.)*

SECOND CAUSE OF ACTION-STRICT LIABILITY

Plaintiffs reallege and incorporate by reference each and every allegation contained in the first eight pages of this complaint as though fully set forth herein. Defendants Wildwood and/or Ag-Wise owned, controlled, leased, maintained, occupied and/or rented the subject property, and as such Defendant Wildwood and/or Ag-Wise, knew or should have known there an active and highly explosive gas line less than 3 feet underneath the surface that was likely to create a peculiar risk of explosion unless special precautions, including but not limited to such as shutting off the active gas line and/or marking the active gas line, were taken to ensure the active and explosive gas line was not pierced resulting in an explosion. Defendants Wildwood and/or Ag-Wise knew and/should have recognized that the excavation of their property was dangerous and was of a peculiar risk because of the active and explosive gas line, thereby posing an inherent risk of explosion harming and/or killing people, such as plaintiffs, destroying land and/or chattels, arising out the activity of excavating over an active and explosive gas line less than 3 feet below the surface, and as such should not have allowed this activity to occur on its property, owed a nondelegable duty and responsible for the dangerous condition and peculiar risk created.

Prior to the incident, Defendants Wildwood contracted with Defendant Ag-wise for the excavation of the subject property with the active and highly explosive gas line less than 3 feet below the surface. As such, a relationship between Defendant Wildwood, as the employer with Defendant Ag-Wise, as the contractor formed. Thereby making Defendant Wildwood vicariously liable for Defendants Ag-Wise wrongful conduct.

Prior to the incident, in addition or alternatively, Defendants Wildwood and/or Ag-Wise contracted with Defendants BDADC for the excavation of the subject property with the active and highly explosive gas line less than 3 feet below the surface. As such, a relationship between Defendant Wildwood, as the employer with Defendants BDADC, as the contractor formed. Thereby making Defendant Wildwood vicariously liable for Defendants BDADC. Additionally or alternatively, a relationship between Defendant Ag-Wise, as the employer and Defendants BDADC as the contractor formed. Thereby making Defendant Ag-Wise vicariously liable for Defendants BDADC.

DEFENDANTS, all and each of them, are strictly liable for the injuries to Plaintiffs because the excavation, digging, and/or "soil ripping" less than 3 feet above the active and explosive gas line conducted at the subject property was ultra hazardous and/or an abnormally dangerous activity and creating a dangerous condition as it includes a risk of serious harm to people and land that cannot be eliminated by the exercise of due care and it is not an activity of common usage, and furthermore, it was known or should have known there was a gas line located below the surface of the property, and said gas line during the excavation process caused an ultrahazardous activity because of the risk of explosion, as such Defendants and each of them created a high degree of risk of harm to the public, landowners, land, and chattel, such as Plaintiffs and Plaintiffs' real property and chattels.

Further, the activity in operating, controlling, managing, and/or maintaining the highly explosive approximately 34-inch gas line that traveled underground near the Ruckman Plaintiffs' home constitute an ultrahazardous and abnormally dangerous activity, as maintenance, management, and/or control of an unmarked gas line poses a serious risk of harm, regardless of the amount of care exercised.



*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 9 of 11

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

ATTACHMENT
to Judicial Council Form

Legal
Solutions
by Plus

SHORT TITLE: RUCKMAN, et al. v. BIG N DEEP AG
— DEVELOPMENT CO., et al.

CASE NUMBER:
BCV-15-101699



## ATTACHMENT (Number): SL-1
*(This Attachment may be used with any Judicial Council form.)*

Plaintiffs reallage and incorporate the previous nine pages set forth in this complaint as though fully set forth herein.

This act by Defendants, and each of them is not of a manner of common usage. The dangerous attributes of operating, controlling, managing, and/or maintaining the highly explosive approximately 34-inch gas line that traveled underground near the Ruckman Plaintiffs' home, outweigh the value of the actvity. The act by the Defendants, and each of them, was inappropriate as to where this activity was located and/or conducted.

Further the activity of excavation, including but not limited to using, operating, maneuvering and/or activating excavation equipment, involves a high degree of risk of harm to people as exercising reasonable care would not eliminate the risk of harm, further the likelihood that the harm that results from said usage, operation, manuvering, and/or activity is great.

The excavation and/or digging right above an active and highly explosive gas line less than 3 feet below the surface done by Defendants, and each of them, is not of a manner of common usage. The dangerous attributes of excavation above an active and highly explosive gas line, including but not limited to operating, maneurvering and/or activating excavation equipment, outweigh the value of the actvity. The act by the Defendants, and each of them, was inappropriate as to where this activity was located and/or conducted.

As a direct and proximate cause therof of the alleged acts herein by Defendants, and each of them, Plaintiffs have suffered severe personal injuries. Said amount of Plaintiffs' damages will be proven at the time of trial.

Additionally, the wrongful acts of this complaint of Defendants BDADC, PG&E, and AG-WISE ENTERPRISES, INC. were done maliciously, oppressively, fraudulently, and in conscious disregard of the safety and health of the community, including but not limited to Plaintiffs, as set forth on page 8.

Based on the allegations set forth herein, plaintiffs are entitled to punitive and exemplary damages in an amount to be ascertained according to proof, which is appropriate to punish or set an example of Defendants BDADC, PG&E, and AG-WISE ENTERPRISES, INC. and deter such behavior in the future.



27

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 10 of 11

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

## ATTACHMENT
to Judicial Council Form

Legal
Solutions
◉ Plus

| SHORT TITLE: RUCKMAN, et al. v. BIG N DEEP AG DEVELOPMENT CO., et al. | CASE NUMBER: BCV-15-101699-SPC |
|---|---|

__THIRD__    CAUSE OF ACTION—Premises Liability    Page __11__
*(number)*

ATTACHMENT TO ☒ Complaint    ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

Prem.L-1.  Plaintiff *(name):* GLORIA RUCKMAN, et al.
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date):* November 13, 2015   plaintiff was injured on the following premises in the following

fashion *(description of premises and circumstances of injury):*
Plaintiffs reallege and incorporate by reference each and every allegation contained in the first ten pages of this complaint as though fully set forth herein.

At all times mentioned herein, DEFENDANT WILDWOOD FARMS LLC and Does 1 to 100, inclusive, negligently and carelessly rented, owned, controlled, managed, inspected, repaired, and/or maintained the premises located on 3623 Houghton Road, Bakersfield, CA 93313, as they knew or should have known that the depth of the soil on their premises was shallow or less than the minimum amount of soil required to be above a gas line so as to cause a gas line explosion to occur and cause injuries including, but not limited to, Personal Injury, Property Damage, Infliction of Emotional Distress, and Loss of Consortium.

DEFENDANT WILDWOOD FARMS LLC and Does 1 to 100, inclusive, had a nondelegable legal duty to Plaintiffs, as foreseeable victims, to exercise the utmost care and diligence in maintaining or operating said premises.

Prem.L-2.  ☒ Count One—Negligence  The defendants who negligently owned, maintained, managed and operated
the described premises were *(names):*  WILDWOOD FARMS LLC, AND

☒ Does 1__ to 100__

Prem.L-3.  ☐ Count Two--Willful Failure to Warn  [Civil Code section 846] The defendant owners who willfully
or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
*(names):*

☐ Does _____ to _____
Plaintiff, a recreational user, was  ☐ an invited guest  ☐ a paying guest.

Prem.L-4.  ☐ Count Three--Dangerous Condition of Public Property  The defendants who owned public property
on which a dangerous condition existed were *(names):*

☐ Does _____ to _____
a. ☐ The defendant public entity had ☐ actual ☐ constructive notice of the existence of the
dangerous condition in sufficient time prior to the injury to have corrected it.
b. ☐ The condition was created by employees of the defendant public entity.

Prem.L-5. a. ☒ Allegations about Other Defendants  The defendants who were the agents and employees of the
other defendants and acted within the scope of the agency were *(names):* WILDWOOD FARMS LLC, AND

☒ Does 1__ to 100__
b. ☒ The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
☐ described in attachment Prem.L-5 b ☒ as follows *(names):* See Plaintiff's First and
Second Cause of Action.

28

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]
CAUSE OF ACTION---Premises Liability
Legal Solutions Plus
Code of Civil Procedure, § 425.12



**Superior Court of California**
**County of Kern**

Date: 02/06/2019

Time: 8:00 AM - 5:00 PM

BCV-15-101699-SDS

RUCKMAN VS BIG N DEEP AG DEVELOPMENT CO

### _Courtroom Staff_

| | | |
|---|---|---|
| Honorable: | Stephen D. Schuett | Clerk: K. Griffith |
| Court reporter: | None | Bailiff: None |

### NATURE OF PROCEEDINGS: RULING

A Notice of Stay of Proceedings has been filed with the court.

*******************************************************

The Court has received the Notice of Stay filed February 5, 2019, on behalf of Defendant, Pacific Gas & Electric Company.

The above action is stayed. The parties shall comply with CRC Rule 3.1650 at such time as the stay is lifted or no longer necessary.

The Court sets a Case Status Conference for August 14, 2019 at 8:15 am in Department 10.

A copy of this minute order mailed to all parties as stated on the attached certificate of mailing.

**FUTURE HEARINGS:**

August 14, 2019 8:15 AM Case Status Conference
Schuett, Stephen D.
Bakersfield Department 10
Sheriff, Deputy

MINUTE ORDER
Page 1 of 3

RUCKMAN VS BIG N DEEP AG DEVELOPMENT CO

BCV-15-101699

_MINUTE ORDER FINALIZED BY:_  Kasey Griffith

ON: 2/6/2019

## CERTIFICATE OF MAILING

The undersigned, of said Kern County, certify: That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served the *Minute Order dated February 06, 2019* attached hereto on all interested parties and any respective counsel of record in the within action by depositing true copies thereof, enclosed in a sealed envelope(s) with postage fully prepaid and placed for collection and mailing on this date, following standard Court practices, in the United States mail at Bakersfield California addressed as indicated on the attached mailing list.

Date of Mailing:     February 06, 2019

Place of Mailing:    Bakersfield, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Tamarah Harber-Pickens**
CLERK OF THE SUPERIOR COURT

Date: February 06, 2019

By:    _____
Kasey Griffith, Deputy Clerk

## MAILING LIST

DANIEL RODRIGUEZ
RODRIGUEZ & ASSOC
2020 EYE ST
BAKERSFIELD          CA 93301

THEODORE W HOPPE
HOPPE LAW GROUP
680 W SHAW AVE #207
FRESNO          CA 93704

LARRY F PEAKE
2031 F STREET
BAKERSFIELD CA 93301

ADAM JOSEPH BENKOSKI
HOPPE LAW GROUP
680 W SHAW AVENUE STE 207
FRESNO CA 93704

DENNIS S ELLIS
PAUL HASTINGS LLP
515 S FLOWER ST 25FL
LOS ANGELES          CA 900712228

DANIEL R BARADAT
BARADAT & PABOOJIAM INC
720 W ALLUVIAL AVE
FRESNO CA 93711

Case: 19-30088    Doc# 4492    Filed: 10/28/19    Entered: 10/28/19 15:23:39    Page 30 of 35

ARNOLDO BARBA
LIMNEXUS LLP
707 WILSHIRE BLVD 46TH FLOOR
LOS ANGELES CA  90017

STEVEN M MC QUILLAN
MCCORMICK BARSTOW
7647 N FRESNO STREET
FRESNO CA  93720

CAROLYN L TAN
DEWITT ALGORRI ALGORRI
25 E UNION ST
PASADENA CA  91103

NATHAN ROSS HURD
1260 CORONA POINTE COURT
SUITE 306
CORONA CA  92879

DANIEL T CLIFFORD
CLIFFORD & BROWN
1430 TRUXTUN AVE #900
BAKERSFIELD          CA  93301

CHANTAL A TRUJILLO
RODRIGUEZ & ASSOC
2020 EYE ST
BAKERSFIELD          CA  93301

ERIC O IBISI
3600 WILSHIRE BLVD STE 332
LOS ANGELES CA  90010-2607

CHRISTOPHER J HAGAN
2031 F STREET
BAKERSFIELD CA  93301

JAMES M BARATTA
GRANT GENOVESE & BARATTA LLP
2030 MAIN ST #1600
IRVINE          CA  92614

Fifth District Court of Appeal
2424 Ventura ST
Fresno CA  93721



**Superior Court of California**
**County of Kern**
**Bakersfield Department 10**

| | | | |
|---|---|---|---|
| **Hearing Date:** | 09/04/2018 | | **Time:** 8:15 AM - 12:15 PM |

RUCKMAN VS BIG N DEEP AG DEVELOPMENT CO

**BCV-15-101699**

| | | | |
|---|---|---|---|
| **Honorable:** | Stephen D. Schuett | **Clerk:** | Linda M. Krolnik |
| **Court Reporter:** | Rubi Michaca | **Bailiff:** | Deputy Sheriff |
| **Interpreter:** | | **Language Of:** | |

**PARTIES:**

| | |
|---|---|
| AG-WISE ENTERPRISES, INC., Defendant, not present | LARRY PEAKE, Attorney, not present |
| AG-WISE ENTERPRISES, INC., Cross Complainant, not present | LARRY PEAKE, Attorney, not present |
| AG-WISE ENTERPRISES, INC., Defendant, not present | LARRY PEAKE, Attorney, not present |
| AG-WISE ENTERPRISES, INC., Cross Complainant, not present | LARRY PEAKE, Attorney, not present |
| AG-WISE ENTERPRISES, INC., Defendant, not | LARRY PEAKE, Attorney, not present |
| AG-WISE ENTERPRISES, INC., A CALIFORNIA CORPORATION, Cross Defendant, not present | LARRY PEAKE, Attorney, not present |
| AG-WISE, ENTERPIRSES, INC., Cross Complainant, not present | LARRY PEAKE, Attorney, not present |
| AMALIA LEAL, Plaintiff, not present | DANIEL RODRIGUEZ, Attorney, not present |
| BIG N DEEP AG DEVELOPMENT CO., Defendant, not present | THEODORE HOPPE, Attorney, not present |
| BIG N DEEP AG DEVELOPMENT CO., Cross Defendant, not present | THEODORE HOPPE, Attorney, not present |
| BOBBY E. OJEDA, MINOR, BY GUARDIAN AD LITEM, TAMMY ALMANZA, Plaintiff, not present | DANIEL BARADAT, Attorney, not present |
| Bridget Ojeda, Plaintiff, not present | CAROLYN TAN, Attorney, not present |
| Bridget Ojeda, Guardian Ad Litem, not present | ERIC IBISI, Attorney, not present |
| BRIDGET OJEDA, Plaintiff, not present | ERIC IBISI, Attorney, not present |
| CASSANDRA E. OJEDA, MINOR, BY GUARDIAN AD LITEM, TAMMY ALMANZA, Plaintiff, not present | DANIEL BARADAT, Attorney, not present |
| GILDARDO LEAL, Plaintiff, not present | DANIEL RODRIGUEZ, Attorney, not present |
| GLORIA RUCKMAN, Plaintiff, not present | DANIEL RODRIGUEZ, Attorney, not present |
| JEFF ALEXANDER FARMING, Defendant, not present | THEODORE HOPPE, Attorney, not present |

MINUTE ORDER

Page 1 of 4

Case: 19-30088    Doc# 4492    Filed: 10/28/19    Entered: 10/28/19 15:23:39    Page 32
of 35

| | |
|---|---|
| JEFF ALEXANDER FARMING, Cross Complainant, not present | ADAM BENKOSKI, Attorney, not present |
| JEFF ALEXANDER, DBA BIG N DEEP AGRICULTURAL DEVELOPENT AND JEFF ALEXANDER FARMING, Cross Defendant, not present | THEODORE HOPPE, Attorney, not present |
| JEFF ALEXANDER, DBA BIG N DEEP AGRICULTURAL DEVELOPMENT, Cross Complainant, not present | ADAM BENKOSKI, Attorney, not present |
| JEFFREY ALEXANDER, Defendant, not present | THEODORE HOPPE, Attorney, not present |
| Joseph Ojeda, Plaintiff, not present | CAROLYN TAN, Attorney, not present |
| JOSEPH OJEDA, Plaintiff, not present | ERIC IBISI, Attorney, not present |
| OASIS TURF, LLC, Defendant, not present | |
| OASIS TURF, LLC, A CALIFONIA LIMITED LIABILITY COMPANY, Cross Defendant, not present | STEVEN MC QUILLAN, Attorney, not present |
| OASIS TURF, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, Defendant, not present | STEVEN MC QUILLAN, Attorney, not present |
| OASIS TURF, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, Cross Defendant, not present | STEVEN MC QUILLAN, Attorney, not present |
| PACIFIC GAS & ELECTRIC COMPANY, Defendant, not present | DENNIS ELLIS, Attorney, not present |
| PACIFIC GAS & ELECTRIC COMPANY, Defendant, not present | DENNIS ELLIS, Attorney, not present |
| PACIFIC GAS & ELECTRIC COMPANY, A CALIFORNIA CORPORATION, Cross Complainant, not present | DENNIS ELLIS, Attorney, not present |
| PACIFIC GAS AND ELECTRIC COMPANY, Defendant, not present | DENNIS ELLIS, Attorney, not present |
| PACIFIC GAS AND ELECTRIC COMPANY, Cross Defendant, not present | DENNIS ELLIS, Attorney, not present |
| PACIFIC GAS AND ELECTRIC COMPANY, Cross Defendant, not present | DENNIS ELLIS, Attorney, not present |
| PACIFIC GAS AND ELECTRIC COMPANY, Cross Defendant, not present | ARNOLDO BARBA, Attorney, not present |
| ROBERT RUCKMAN, Plaintiff, not present | DANIEL RODRIGUEZ, Attorney, not present |
| ROBERT RUCKMAN, Guardian Ad Litem, not present | DANIEL RODRIGUEZ, Attorney, not present |
| ROBERT RUCKMAN, A MINOR BY AND THROUGH HIS GUARDIAN AD LITEM, ROBERT RUCKMAN, Plaintiff, not present | DANIEL RODRIGUEZ, Attorney, not present |
| TAMMY ALMANZA, Guardian Ad Litem, not present | DANIEL BARADAT, Attorney, not present |
| WILDWOOD FARMS LLC, Defendant, not present | DANIEL CLIFFORD, Attorney, not present |
| WILDWOOD FARMS LLC, Defendant, not present | DANIEL CLIFFORD, Attorney, not present |
| WILDWOOD FARMS, LLC, Defendant, not | |

MINUTE ORDER

Page 2 of 4

BCV-15-101699

Case: 19-30088   Doc# 4492   Filed: 10/28/19   Entered: 10/28/19 15:23:39   Page 33 of 35

present
WILDWOOD FARMS, LLC, A LIMITED LIABILITY          DANIEL CLIFFORD, Attorney, not present
COMPANY, Cross Complainant, not present

**Appearance telephonically by CourtCall by Steven M. McQuillan,  on behalf of Defendant  OASIS TURF LLC,**
**Appearance telephonically by CourtCall by Thomas Moran ,  on behalf of Defendant AG wise,**
**Appearance telephonically by CourtCall by Tun Jakahuab,  on behalf of Defendant  Attorney Chantal Trujillo**
**Appears on behalf of the Plaintiff's**
**Attorney Nichoals Beagis appears on behalf of the Defendant PG&E.**
**Attorney Daniel Root appears on behalf of the Defendant- Wildwood Farms.**
**Appearance telephonically by CourtCall by Kevin Bruce Kalajian   on behalf of Plaintiff-Ruckman**
**Appearance telephonically by CourtCall by Barbara Rueger,  on behalf of Defendant -Big N Deep Ag**

### NATURE OF PROCEEDINGS:  FURTHER CASE MANAGEMENT CONFERENCE

**Hearing Start Time: 8:15 AM**

The above entitled cause came on regularly on this date and time with parties and/or counsel appearing as reflected above.

- The Court makes the following findings and orders:

Jury trial requested by all parties.

Jury Trial Set on 06/17/19 at 9:00 a.m. in Department/Division 10

Final Case Management Conference set on 06/07/19  at   1:30  p.m  in Department 10 , Counsel to file pre-trial documents pursuant to Court Local  Rule 3.9.

Mandatory Settlement Conference set:  05/17/19 at 10:00 a.m in Department 11

Mediation may be pursued upon mutual agreement of counsel through market resources.  Recommended to be completed by  05/03/19

Time estimate: 30 days.

Notice to issue from court

E
34

Case: 19-30088    Doc# 4492    Filed: 10/28/19    Entered: 10/28/19 15:23:39    Page 34
of 35

**FUTURE HEARINGS:**

September 24, 2018 8:30 AM Motion for Summary Adjudication
Schuett, Stephen D.
Bakersfield Department 10
Sheriff, Deputy

September 24, 2018 8:30 AM Motion for Summary Judgment
Schuett, Stephen D.
Bakersfield Department 10
Sheriff, Deputy

September 24, 2018 8:30 AM Motion for Summary Judgment
Schuett, Stephen D.
Bakersfield Department 10
Sheriff, Deputy

September 24, 2018 8:30 AM Motion for Summary Judgment
Schuett, Stephen D.
Bakersfield Department 10
Sheriff, Deputy

May 17, 2019 10:00 AM Mandatory Settlement Conference
Lampe, David R.
Bakersfield Department 11
Sheriff, Deputy

June 07, 2019 1:30 PM Final Case Management Conference
Schuett, Stephen D.
Bakersfield Department 10
Sheriff, Deputy

June 17, 2019 9:00 AM Jury Trial
Schuett, Stephen D.
Bakersfield Department 10
Sheriff, Deputy

---

| MINUTE ORDER FINALIZED BY: | LINDA KROLNIK | | ON: | 9/4/2018 |

MINUTE ORDER

Page 4 of 4

RUCKMAN VS BIG N DEEP AG DEVELOPMENT CO                                              BCV-15-101699