Entered on Docket
October 29, 2019
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: October 28, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

*Proposed Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No.<br><br>19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br><br>**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A) AND 107(B) AND BANKRUPTCY RULE 9018 FOR ENTRY OF AN ORDER AUTHORIZING (I) THE FILING UNDER SEAL OF THE BRIDGE FEE LETTERS AND (II) THE REDACTION OF CERTAIN PORTIONS OF THE DEBT FINANCING ENGAGEMENT LETTERS** |

Upon the Motion, dated October 23, 2019 (the "**Motion**")[1], of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to file the Bridge Fee Letters under seal and the Debt Financing Engagement Letters with certain portions (the "**Redacted Portions**") under seal, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.) and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Ziman Declaration; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on a final basis as provided herein.

2. The Debtors are authorized to file the Bridge Fee Letters and the Redacted Portions of the Debt Financing Engagement Letters under seal pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.

3. The Bridge Fee Letters and the Redacted Portions of the Debt Financing Engagement Letters are confidential, shall remain under seal, and shall not be made available to anyone without the consent of the Debtors and the parties to the Bridge Fee Letters and the Debt Financing

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

| | |
|---|---|
| 1 | Engagement Letters, except that copies of the Bridge Fee Letters and the Redacted Portions of the |
| 2 | Debt Financing Engagement Letters shall be provided to (i) the Court, (ii) the U.S. Trustee, and |
| 3 | (iii) advisors to the Official Committee of Unsecured Creditors, the Official Committee of Tort |
| 4 | Claimants and any other official committee established pursuant to section 1102 of the Bankruptcy |
| 5 | Code on a confidential and professionals' eyes only basis. |
| 6 | 4. Notice of the Motion as provided therein shall be deemed good and sufficient and the |
| 7 | requirements of the Bankruptcy Local Rules are satisfied by such notice. |
| 8 | 5. The Debtors are authorized to take all actions necessary to effectuate the relief granted |
| 9 | pursuant to this Order in accordance with the Motion. |
| 10 | 6. This Court shall retain jurisdiction to hear and determine all matters arising from or |
| 11 | related to the implementation, interpretation, or enforcement of this Order. |

**\*\* END OF ORDER \*\***

1 Engagement Letters, except that copies of the Bridge Fee Letters and the Redacted Portions of the
2 Debt Financing Engagement Letters shall be provided to (i) the Court, (ii) the U.S. Trustee, and
3 (iii) advisors to the Official Committee of Unsecured Creditors, the Official Committee of Tort
4 Claimants and any other official committee established pursuant to section 1102 of the Bankruptcy
5 Code on a confidential and professionals' eyes only basis.

6   4. Notice of the Motion as provided therein shall be deemed good and sufficient and the
7 requirements of the Bankruptcy Local Rules are satisfied by such notice.

8   5. The Debtors are authorized to take all actions necessary to effectuate the relief granted
9 pursuant to this Order in accordance with the Motion.

10   6. This Court shall retain jurisdiction to hear and determine all matters arising from or
11 related to the implementation, interpretation, or enforcement of this Order.

**\*\* END OF ORDER \*\***