**Entered on Docket**
**October 29, 2019**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

Signed and Filed: October 28, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

**In re:**

**PG&E CORPORATION,**

     - and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

            **Debtors.**

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Case No. 19-30088 (DM)
Chapter 11
(Lead Case) (Jointly Administered)

**ORDER APPROVING STIPULATION BETWEEN DEBTORS AND MICHAEL S. DANKO AND MARY S. DANKO FOR MODIFICTION OF AUTOMATIC STAY**

Upon the Motion, dated October 4, 2019 (the "**Motion**")[1] of PG&E Corporation and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (each, a "**Debtor**," and collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to section 362(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 4001(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 4001-1 and 9014-1(b)(3) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion and the Declarations of Jana Contreras and Joseph Echols establish just cause for the relief sought; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Stipulation is approved, and limited relief from the automatic stay of Bankruptcy Code Section 362 is granted as follows, effective immediately:

    a. The automatic stay is modified to permit the Dankos to litigate the Complaint against the Utility in San Mateo Superior Court Case No. 18-CIV-05681 (the "**San Mateo Action**") and to defend themselves against the Cross-Complaint;

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

        b. To the extent it applies, the automatic stay is modified to permit the Utility to litigate the Cross-Complaint in the San Mateo Action and defend itself against the Complaint; and

        c. The relief from stay provided by this Order shall not permit, and the automatic stay shall instead remain in effect with respect to, the enforcement by the Dankos of any judgment they may obtain in their favor in the San Mateo Action.

2. The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Order or the Stipulation.

* * * END OF ORDER * * *

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119