

Signed and Filed: October 29, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

```
                UNITED STATES BANKRUPTCY COURT

                 NORTHERN DISTRICT OF CALIFORNIA

In re:                           ) Bankruptcy Case
                                 ) No. 19-30088-DM
PG&E CORPORATION,                )
                                 ) Chapter 11
         - and -                 )
                                 ) Jointly Administered
PACIFIC GAS AND ELECTRIC COMPANY,)
                                 )
         Debtors.                ) Date:  October 23, 2019
                                 ) Time:  10:00 AM
☐ Affects PG&E Corporation       ) Place: Courtroom 17
☐ Affects Pacific Gas and        )        450 Golden Gate Ave.
     Electric Company            )        16th Floor
☒ Affects both Debtors           )        San Francisco, CA
                                 )
* All papers shall be filed in   )
the Lead Case, No. 19-30088 (DM).)
                                 )
```

**ORDER DENYING APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS (DKT. NO. 4018) TO CONFIRM THE SCOPE OF EMPLOYMENT OF BAKER & HOSTETLER LLP OR AMEND THE ORDER AUTHORIZING RETENTION AND EMPLOYMENT (DKT. NO. 1331)**

The Official Committee of Tort Claimants ("TCC") wants to expand the authority of its counsel, or reaffirm the extent of that authority, to take an active role in the Tubbs fire litigation pending in San Francisco Superior Court. For the reasons that follow, that motion (Dkt. No. 4018) is DENIED.

-1-

When Baker & Hostetler LLP ("Baker") was employed, the boilerplate language utilized included a statement authorizing it to represent the TCC before this court "and such other courts or tribunals, as appropriate."  The San Francisco Superior Court ("SF Superior") was not mentioned.

When the court considered the motion of the TCC to grant relief from stay for specific Tubbs fire victims as plaintiffs to proceed, SF Superior  was specifically identified but nothing was said suggesting that Baker would be involved in that trial. In fact, before the motion was heard, state court counsel for some plaintiffs joined in the motion.  The court clearly considered that the motion, having originally been filed by the TCC for the benefit of the named plaintiffs, was being pressed for them, primarily by those same state court counsel.

The court is concerned that what Baker now wants creates an unworkable arrangement. It would either be acting as a functional co-counsel with the state court counsel or as their ghost writer to deal with bankruptcy issues that do not appear to be legally relevant to the state court trial issues.  This is also notwithstanding the obvious:  the outcome of that trial likely will have a material impact on the estimation proceedings in these cases.

This concern is borne out by the repeated statement by Baker that the state court trial involves claims estimation, confirmation issues and potential compromises of controversies. It includes neither of the first two; the third would be a welcome development but does not justify this extraordinary relief.

Baker assures all that it will not be representing any individual plaintiff.  The statement, while true, exacerbates the confusion its expanded role would play.  Will the jurors know Baker does not represent the plaintiffs?  Will the named plaintiffs clearly understand the differences? This court is confident that the Superior Court judge will know the difference, but who will explain to that judge why estimation and confirmation issues even need to be mentioned?

When this court allowed the Tubbs trial to proceed it was to facilitate a procedure in the manner it would have proceeded absent a bankruptcy.  Had the TCC tried to import estimation and confirmation issues at that point the decision to grant relief from stay might have gone the other way.

In short, expanding or defining the role of Baker as requested in the SF Superior action is not appropriate. It confuses the issues before that court and this one and will not be permitted.

The motion is DENIED.

**\*\*END OF ORDER\*\***

Case: 19-30088    Doc# 4507    Filed: 10/29/19    Entered: 10/29/19 14:54:50    Page 3 of 3