# UNITED STATES BANKRUPTCY COURT

## Northern District of California

In re: PG&E Corporation                                    Case No. 19-30088

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

TRC MASTER FUND LLC  
Name of Transferee

Name and Address where notices to transferee should be sent:

TRC MASTER FUND LLC  
Attn: Terrel Ross  
PO Box 633  
Woodmere, NY 11598

Phone: 516-255-1801  
Last four digits of Acct#: N/A

Name and address where transferee payments should be sent (if different from above):

Phone: N/A  
Last four digits of Acct#: N/A

ALLIED CRANE INC  
Name of Transferor

Court Claim # (if known): 6418  
Amount of Claim: USD $30,059.95  
Date Claim Filed: 10/18/2019

Phone: (925) 427-9200  
Last four digits of Acct.#: N/A

Name and Current Address of Transferor:

Allied Crane Inc.  
855 N Parkside Dr.  
Pittsburg CA 94565

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/Terrel Ross                                    Date: October 30, 2019  
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

(Title)

## EVIDENCE OF TRANSFER OF CLAIM

Exhibit A to Assignment of Claim

TO: United States Bankruptcy Court ("Bankruptcy Court")
Northern District of California
Attention: Clerk

AND TO: PG&E Corporation (Debtor)
Case No. 19-30088
(Jointly Administered Under Pacific Gas and Electric Company, et al., Case No. 19-30088)

Claim # 64118

**Allied Crane Inc**, its successors and assigns ("Assignor"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby unconditionally and irrevocably sell, transfer and assign unto:

TRC MASTER FUND LLC
PO Box 633
Woodmere, NY 11598
Attention: Terrel Ross

its successors and assigns ("Assignee"), all of Assignor's rights, title, interest, claims and causes of action in and to, or arising under or in connection with its Claim in the amount of **USD$30,059.95** ("Claim"), against the Debtor in the Bankruptcy Court, or any other court with jurisdiction over the bankruptcy proceedings of the Debtor.

Assignor hereby waives any objection to the transfer of the Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be prescribed by rule 3001 of the federal Rules of Bankruptcy procedure, the Bankruptcy code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring the Claim and recognizing the Assignee as the sole owners and holders of the Claim.

Assignor further directs each Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Claim, and all payments or distributions of money or property in respect of the Claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, THIS EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS 24th DAY OF October, 2019.

ASSIGNOR: Allied Crane Inc
(Signature)

Sandy Cariel
(Print Name)

CFO
(Title)

ASSIGNEE: TRC MASTER FUND LLC
(Signature)

Terrel Ross
(Print Name)

Managing Member
(Title)



# Creditor Data Details for Claim # 64118

**Creditor**
ALLIED CRANE INC
855 N PARKSIDE DR
PITTSBURG, CA 94565

**Debtor Name**
PG&E Corporation
Schedule Number

**Date Filed**
10/18/2019

**Claim Number**
64118

**Proof of Claim**
View PDF   Email PDF

| | Schedule Amount | C* | U* | D* | Asserted Claim Amount | C* | U* | F* | Current Claim Value | Claim Status |
|---|---|---|---|---|---|---|---|---|---|---|
| General Unsecured | | | | | $30,059.95 | | | | $30,059.95 | Asserted |
| Priority | | | | | | | | | | |
| Secured | | | | | | | | | | |
| 503(b)(9) Admin Priority | | | | | | | | | | |
| Admin Priority | | | | | | | | | | |
| Total | $0.00 | | | | $30,059.95 | | | | $30,059.95 | |

*C=Contingent, U=Unliquidated, D=Disputed, F=Foreign

Prime Clerk maintains this website for the public's convenience and for general informational purposes only. Anyone using this website is cautioned NOT to rely on any information contained on this Website, and any user of this website should not take or refrain from taking any action based upon anything included or not included on this website. We are not a law firm or a substitute for an attorney or law firm. Users of this website may want to seek legal counsel on the particular facts and circumstances at issue. All search results provided through this website are qualified in their entirety by the official register of claims and the Schedules of Assets and Liabilities ("Schedules") and Statements of Financial Affairs ("Statements") filed in the bankruptcy case/s of the Debtor/s.

Nothing contained on this Site or in the Debtors' Schedules and Statements shall constitute an admission or a waiver of any of the Debtors' rights to assert claims or defenses. Any failure by a Debtor to designate a claim listed on the Schedules as "disputed", "contingent", or "unliquidated" does not constitute an admission that such amounts are not "disputed", "contingent", or "unliquidated." For the avoidance of doubt, listing a claim on Schedule D as "secured," on Schedule E as "priority," on Schedule F as "non-priority," or listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract. Each Debtor reserves the right to amend their Schedules and Statements as necessary or appropriate. Debtors further reserve the right to dispute, on any grounds, or to assert offsets or defenses to, any claim reflected on their Schedules or filed against a Debtor, including objecting to the amount, liability, classification or priority of such claim, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."

Print page