BRAD BRIAN (State Bar No. 79001)
Brad.Brian@mto.com
THOMAS B. WALPER (State Bar No. 96667)
thomas.walper@mto.com
HENRY WEISSMANN (State Bar No. 132418)
henry.weissmann@mto.com
BRADLEY SCHNEIDER (State Bar No. 235296)
bradley.schneider@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-3702

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>    -and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>        Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**SECOND APPLICATION OF DEBTORS TO AMEND ORDER PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY MUNGER, TOLLES & OLSON LLP AS COUNSEL FOR CERTAIN MATTERS**<br><br>[No hearing requested]<br><br>[Relates to Dkt. No. 1677] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Second Application (the "**Second Application to Amend**") to amend that *Order Pursuant to 11 U.S.C. § 327(e) and Fed. R. Bankr. P. 2014(a) and 2016 to Retain and Employ Munger, Tolles & Olson LLP as Counsel for Certain Matters* [Doc. #1677] (the "**Retention Order**") as amended by the First Amended Retention Order (as defined below), which is attached as **Exhibit A**.

In support of this Application to Amend, the Debtors submit the Declaration of Henry Weissmann (the "**Weissmann Declaration**"), which is filed concurrently herewith. A proposed form of order approving this Amended Application is annexed hereto as **Exhibit B** (the "**Proposed Order**").

I.     **JURISDICTION**

The Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court under 28 U.S.C. §§ 1408 and 1409.

II.     **BACKGROUND AND RELIEF REQUESTED**

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants**

**Committee**"). Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Dkt No. 263] (the "**Wells Declaration**").

On February 13, 2019, the Debtors filed an application (the "**Retention Application**") pursuant to 11 U.S.C. § 327(e) and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure for authority to retain and employ MTO as counsel for the Specific Matters as defined therein (Dkt No. 1167). On April 24, 2019, the Court entered the Retention Order, which authorized the Debtors to retain MTO for the Specific Matters.

On September 18, 2019, the Debtors filed an application to amend the Retention Order to clarify and expand the scope of the Specific Matters. *See Application of Debtors to Amend Order Pursuant to 11 U.S.C. § 327(e) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Retain and Employ Munger, Tolles & Olson LLP as Counsel for Certain Matters* [Dkt. No. 3929] (the "**First Application to Amend**"). On October 2, 2019, the Court entered an order granting the First Application to Amend. *See* Order [Dkt. No. 4083] (the "**First Amended Retention Order**").

By this Second Application to Amend, the Debtors seek to amend the Retention Order to further clarify and/or expand the scope of the Specific Matters in two respects.

First, the Debtors have retained MTO to represent them in responding to a petition for modification of CPUC Decision 18-01-022, which concerns the Diablo Canyon Nuclear Power Plant ("**DCNPP**"). The petition for modification, filed by the Alliance for Nuclear Responsibility, asks the CPUC to evaluate the cost-effectiveness of DCNPP and to consider ordering PG&E to shut down the plant before the end of its license period. As set out in the Weissmann Declaration, MTO has experience with the legal issues raised by the petition based on its prior representation of another utility that owned a nuclear power plant in California.

The Debtors believe that this representation (the "**DCNPP Matter**") falls within the scope of the Retention Order, which authorizes MTO to represent the Debtors in CPUC proceedings, among other matters. Nonetheless, out of an abundance of caution, the Debtors respectfully

request that the Court enter an order further amending the Retention Order to confirm that the Specific Matters include the DCNPP Matter.

Second, the Debtors seek authority to retain MTO as counsel in connection with any civil, administrative, or criminal investigations or proceedings arising out of the recent Kincade wildfire in Sonoma County, California. While the Retention Order and First Amended Retention Order already authorize MTO to represent the Debtors in criminal or civil matters arising out of the Northern California wildfires, the Debtors seek to clarify that MTO's engagement includes not only matters relating to prior wildfires but also matters arising from the Kincade wildfire. MTO's qualifications to represent the Debtors in such matters are described in the Weissmann Declarations in Support of the Retention Application and the First Application to Amend [Dkt. Nos. 1167, 3929-1].

MTO will continue to undertake reasonable efforts to coordinate with other counsel to the Debtors, including Cravath, to avoid any unnecessary duplication of work by counsel with respect to this additional work as it has done with respect to the Specific Matters to date.

The other grounds for this relief, including MTO's qualifications and terms of engagement, are set out in the Weissmann Declaration. Further, subject to the disclosures in the Weissmann Declaration, MTO does not hold or represent an interest adverse to the Debtors or their estates with respect to any of the foregoing matters.

**III. NOTICE**

Notice of this Second Application to Amend will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facilities; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors

1  respectfully submit that no further notice is required.
2      No previous request for the relief sought herein has been made by the Debtors to this or
3  any other court.
4      WHEREFORE the Debtors respectfully request that the Court authorize entry of an order
5  substantially in the form attached hereto as **Exhibit B**, granting the relief requested in this
6  Application and such other and further relief as the Court may deem just and appropriate.

Dated: October 30, 2019                                    Respectfully submitted,

                                                           By: _____