

Signed and Filed: October 31, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>PG&E CORPORATION,<br>　　　　- and -<br>PACIFIC GAS AND ELECTRIC COMPANY,<br>　　　　Debtors.<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>　　Electric Company<br>☒ Affects both Debtors<br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br>Chapter 11<br>Jointly Administered<br><br>Date:　October 23, 2019<br>Time:　10:00 AM<br>Place:　Courtroom 17<br>　　　　450 Golden Gate Ave.<br>　　　　16th Floor<br>　　　　San Francisco, CA |

**ORDER ESTABLISHING PRE-CONFIRMATION BRIEFING AND**
**HEARING SCHEDULE FOR CERTAIN LEGAL ISSUES**

The Court having held a hearing on October 23, 2019, regarding certain briefing and scheduling issues; and having considered the arguments presented by the parties at such hearing; and having determined to establish the following pre-confirmation briefing and hearing schedule for certain legal

-1-

issues (the "**Scheduling Order**"), it is hereby ordered that the following schedule shall apply:

**I.   Inverse Condemnation**

1. The Court will hear oral argument on whether the doctrine of inverse condemnation applies to an investor-owned utility such as Pacific Gas and Electric Company (the "**Utility**")(the "**Inverse Condemnation Issue**") at the hearing on **November 19, 2019 at 10:00 a.m. (prevailing Pacific Time).**

2. The briefing schedule on the **Inverse Condemnation Issue** is:

   a. Debtors and any aligned parties to file opening briefs on **October 25, 2019**. The submissions, in the aggregate, shall not exceed 35 pages.

   b. Opposing parties to file one consolidated opposition brief on or before **November 15, 2019**. The opposition shall not exceed 35 pages.

**II.  Estimation of Claims of USA, Cal State Agencies and Adventist**

3. The Court will hear oral argument on whether claims asserted by the United States of America (the "**USA**"), certain California state agencies (the "**Cal State Agencies**") and Adventist Health System/West and Feather River Hospital d/b/a Adventist Health Feather River ("**Adventist**") are unliquidated and subject to estimation under section 502(c) of the Bankruptcy Code (the "**502(c) Issue**") at the hearing on **December 17, 2019 at 10:00 a.m. (prevailing Pacific Time)**.

4. The briefing schedule on the **502(c) Issue** is:

   a. Debtors to file a designation of which claims of the USA, the Cal State Agencies, and Adventist they contend to be unliquidated and subject to

estimation on **November 1, 2019.**

    b.    The USA, the Cal State Agencies, and Adventist to file separate opposition briefs on or before **November 15, 2019**. Each such brief shall not exceed 25 pages.

    c.    Debtors and any aligned parties to file one consolidated opposition brief on or before **December 5, 2019**. The brief shall not exceed 35 pages.

    d.    The USA, the Cal State Agencies, and Adventist may file separate reply briefs on or before **December 12, 2019**. Each reply shall not exceed 25 pages.

**III. Postpetition Interest on Unsecured Claims**

5. The Court will hear oral argument on whether the postpetition interest rate applicable to unsecured claims under any chapter 11 plan of reorganization is the Federal Judgment Rate or some other rate, such as the rate of interest under the applicable contract and/or other applicable state law (the "**Postpetition Interest Issue**") at the hearing on **December 11, 2019 at 10:00 a.m. (prevailing Pacific Time).**

6. The briefing schedule on the **Postpetition Interest Issue** is:

    a.    Debtors and any other aligned parties, including PG&E Shareholders represented by Jones Day, shall file one consolidated brief on or before **November 8, 2019.** The brief shall not exceed 50 pages.

    b.    The following parties are to file one consolidated brief on or before **November 8, 2019.** The brief shall not exceed 60 pages: Ad Hoc Committee of Senior Unsecured Noteholders; BOKF, N.A., in its capacity as the Utility Senior Notes Trustee; Ad Hoc Committee of Holders of Trade Claims; Citibank, N.A., in its capacity as Utility Revolver Agent; Wilmington Trust National

-3-

Association, in its capacity as successor HoldCo Revolver Agent; holders of Utility Senior Notes represented by Schulte Roth & Zabel LLP; and Mizuho Bank, in its capacity as Utility Term Loan Agent.[1]

    c. Consolidated opposition briefs are to be filed on or before **November 22, 2019.** The briefs shall not exceed 30 pages.

**IV. Make-Whole/Optional Redemption**

7. The Court will hear oral argument on whether the Utility Funded Debt Claims are entitled to any make-whole/optional redemption or similar amount upon payment of the Utility Funded Debt Claims on the effective date of any chapter 11 plan of reorganization (the "**Make- Whole/Optional Redemption Issue**") at the hearing on **January 14, 2020 at 10:00 a.m. (prevailing Pacific Time).**

8. The briefing schedule on the **Make-Whole/Optional Redemption Issue** is:

    a. Consolidated opening briefs to be filed on or before **November 27, 2019**. The briefs shall not exceed 40 pages. The alignment of parties on the two sides of this issue will be the same as indicated above regarding Postpetition Interest.

    b. Consolidated opposition briefs to be filed on or before **December 20, 2019**. The briefs shall not exceed 25 pages.

9. Solely for the purposes of the briefing and oral argument on the **Postpetition Interest Issue** and the **Make-Whole/Optional Redemption Issue** established under this

---

[1] The court is not certain as to the positions on this issue that will be asserted by the Creditors Committee or the Tort Claimants Committee. Those two entities shall be included in the appropriate alignments as noted in the text.

-4-

Scheduling Order, the parties shall presume the Debtors' estates are solvent.

**V.  Impairment of Subrogation Claims**

10.  The Court will hear oral argument on whether HoldCo Subrogation Wildfire Claims or Utility Subrogation Wildfire Claims that are settled and allowed as provided in the Subrogation Claims Settlement (as defined in the RSA Motion [Docket No. 3992]) are impaired for chapter 11 plan purposes (the "**Subrogation Claim Impairment Issue"**) at the hearing on **January 14, 2020 at 10:00 a.m. (prevailing Pacific Time).**

11.  The briefing schedule on the **Subrogation Claim Impairment Issue** is:

> a.  Consolidated opening briefs to be filed on or before **November 27, 2019**.  The briefs shall not exceed 25 pages for each side.
>
> b.  Consolidated opposition briefs to be filed on or before **December 20, 2019**.  The briefs shall not exceed 25 pages.

12.  This Scheduling Order only governs the discrete issues specifically addressed herein and all rights with respect to all other issues relating to claims amounts, impairment issues or otherwise are preserved.

13.  Debtors' proposed order for this schedule stated that the decision of the court on certain discrete issues would be final for appeal purposes.  They cited no authority for this unique proposition and the court knows of none.  The closest analogue appears to be when dealing with omnibus claims under Fed. R. Bankr. P. 3007(d), but that procedure does not fit these circumstances.

-5-

When the court does issue the orders on these questions there are several alternatives. First, any aggrieved party may seek interlocutory review under Fed. R. Bankr. P. 8004. Second, the court on its own or upon request of a party, may certify direct appeal under Fed. R. Bankr. P. 8006, as it did earlier in these cases in AP 19-3003. Finally, the court will be able to consider a request for certification under Fed. R. Bankr. P. 7054(b) of the discrete contested matter posed by the issue presented. That is what occurred in the first PG&E case (*In re Pac. Gas & Elec. Co.*, 275 B.R. 1, 3 (Bankr. N.D. Cal.), rev'd on other grounds, 283 B.R. 41 (N.D. Cal. 2002), rev'd sub nom. *Pac. Gas & Elec. Co. v. California ex rel. California Dept of Toxic Substances Control*, 350 F.3d 932 (9th Cir. 2003), as amended (Dec. 9, 2003)) and would appear the most appropriate course here. When the time comes the court will invite brief supplemental briefing on this option.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Scheduling Order.

**\*\*END OF ORDER\*\***
-6-