Robert Bean BSN, PHN, RN (ER, M/S)
5049 Russell Drive
Paradise, CA. 95969

November 1, 2019

RECEIVED
NOV 0 1 2019
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

FILED
NOV 0 1 2019
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

Case #19-30088

U.S. District Justice William Alsup
WHApo@canb.uscourts.gov

U.S. District Justice Dennis Montali

BANKRUPTCY COURT
450 Golden Gate Avenue
#36099
San Francisco, CA. 94102

Cc: Court Clerk: Ms. Madelyn Choi
choi@canb.uscourts.gov

Dear Justices Alsup and Montali:

I am writing to you in regard to the PG&E Bankruptcy case that has been linked to the catastrophic Camp Fire (CF) Incident in Butte County. Specifically, I would like to address the Court order instructing the PG&E's executives to visit Paradise, California to observe the devastation the community experienced due to the wildfire caused by PG&E's negligence on November 8, 2018.

Paradise and the surrounding affected communities remain in recovery mode as we attempt to orientate ourselves to a new, altered reality. Many of us are confused, disheartened by the lack of federal and state support, and in desperate need of strong leadership and direction.

The Court ordered PG&E's top executives to visit Paradise to witness in person the destruction to the town. The Court order served an initial purpose of getting PG&E to understand the full extent of the damage their negligence inflicted on an innocent community. There is a long-standing practice of judicial review of the Debtor's mental health. In a clinical and legal perspective, the Court order is an initial step of a series of events.

The Court Order was intended to be a focal point for PG&E—to help clarify their understanding of the subject at hand: their responsibility for a harmful event (in this instance, a catastrophic and historical event). As you are well aware, connecting the debtor (PG&E) to the community that has lost its ability to function (Paradise and the surrounding communities) is an important component of the judicial process.

Your order to the PG&E executives to visit the footprint of the Camp Fire sends a socio-cultural signal to all stakeholders involved---"take responsibility for the Camp Fire damage." Witnessing the results of their negligence was an important first step in the area's recovery effort.

The spirit of the Court order is well respected, and appreciated by those of us affected by the Camp Fire. The trouble is, the Court order lost its significance due to PG&E's lack of interest in embracing their role

in this horrific event. As one community member directly affected by the devastation stated to me, 'they got to fly over in helicopters? They didn't have to walk?' I understand this person's perception and disbelief. I believe you do as well.

I am empathetic to the Court's duty to manage justice. Attempting to keep PG&E from recoiling takes finesse and patience. The Court order to site visit was carefully drafted in order to keep from losing an opportunity to hand out unchallenged justice.

Now that PG&E has accepted the Court's decision, they have exhibited a capacity to comply. From a judicial and clinical perspective, this form of judiciary practice is not a one-time event.

The purpose of evaluating, planning, and implementing a psycho-social behavior care plan is to allow the oversight healthcare team to monitor progress, and report to the Justice leading the bankruptcy proceedings on a consistent basis. By using evidence-based information, progress can be measured. Evidence-based observations, and researched information can guide judicial, and clinical decisions, which can ultimately lead to successful goals.

I would request that the Court implement a court order to continue monitoring PG&Es' mental health status, under the umbrella of past judicial practices of prior bankruptcy cases seen by the U.S. Bankruptcy Court(s).

Thank you for your time, effort, and the opportunity to address the Court.

Sincerely,


Robert L. Bean BSN PHN RN
5049 Russell Drive
Paradise, CA. 95969
beanlrobert@gmail.com
(530) 966-7374