# BakerHostetler

BakerHostetler
1160 Battery Street East
Suite 100
San Francisco, CA 94111
T: 310.442.8899
F: 310.820.8859
www.bakerlaw.com

David J. Richardson
direct dial: 310-442-8858
drichardson@bakerlaw.com

November 4, 2019

**VIA ECF**

Honorable Dennis Montali
United States Bankruptcy Court
Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, CA 94102

Re: In re PG&E Corporation and Pacific Gas and Electric Company, Case No. 19-30088 (DM) (Jointly Administered)

Dear Judge Montali:

On behalf of the Official Committee of Tort Claimants (the "**TCC**"), I write to join in the letter of this same date from Alan J. Stone, counsel to the Official Committee of Unsecured Creditors (the "**UCC**"), concerning the Debtor's pending *Motion for Entry of Orders (I) Approving Terms of, and Debtors' Entry Into and Performance Under, Exit Financing Commitment Letters and (II) Authorizing Incurrence, Payment, and Allowance of Related Fees and/or Premiums, Indemnities, Costs and Expenses as Administrative Expense Claims* (the "Motion") [Docket No. 4446].

While the TCC joins in the issues raised in the UCC's letter, the TCC believes that the appropriate resolution for the pending disputes is a continuance of the current hearing date. The parties are embarking this week on a mediation process that involves Governor Newsom and Judge Newsome, and the Motion is antithetical to this process of open negotiation. The Motion seeks to bind the Debtors to one-year bridge financing that the Debtors, by their own admission in their Motion, "do not expect to draw upon." Motion, p. 5, fn. 6. The fees for this unnecessary financing could exceed $1 billion, and would be paid primarily to the Debtors' equityholders. The many reasons why the proposed financing is unnecessary and why the Motion should be denied will be addressed in the TCC's opposition brief when it is due. But for purposes of the current discovery dispute, and in conjunction with the unfolding mediation process, the TCC believes that the hearing on this Motion should be continued at least to a date in early December, both to permit

sufficient discovery to be taken, and to ensure that the mediation process is not hampered by the predetermination of troublesome plan terms.

Sincerely,

*/s/ David J. Richardson*

David J. Richardson
*Counsel to the Official Committee of Tort Claimants*