# CRAVATH, SWAINE & MOORE LLP

| | | WORLDWIDE PLAZA<br>825 EIGHTH AVENUE<br>NEW YORK, NY 10019-7475<br>TELEPHONE: +1-212-474-1000<br>FACSIMILE: +1-212-474-3700<br>―――<br>CITYPOINT<br>ONE ROPEMAKER STREET<br>LONDON EC2Y 9HR<br>TELEPHONE: +44-20-7453-1000<br>FACSIMILE: +44-20-7860-1150<br>WRITER'S DIRECT DIAL NUMBER<br>+1-212-474-1596<br>WRITER'S EMAIL ADDRESS<br>korsini@cravath.com | | |
|---|---|---|---|---|
| JOHN W. WHITE<br>EVAN R. CHESLER<br>RICHARD W. CLARY<br>STEPHEN L. GORDON<br>ROBERT H. BARON<br>DAVID MERCADO<br>CHRISTINE A. VARNEY<br>PETER T. BARBUR<br>THOMAS G. RAFFERTY<br>MICHAEL S. GOLDMAN<br>RICHARD HALL<br>JULIE A. NORTH<br>ANDREW W. NEEDHAM<br>STEPHEN L. BURNS<br>KATHERINE B. FORREST<br>KEITH R. HUMMEL<br>DAVID J. KAPPOS<br>DANIEL SLIFKIN<br>ROBERT I. TOWNSEND, III<br>WILLIAM J. WHELAN, III<br>PHILIP J. BOECKMAN<br>WILLIAM V. FOGG<br>FAIZA J. SAEED<br>RICHARD J. STARK | THOMAS E. DUNN<br>MARK I. GREENE<br>DAVID R. MARRIOTT<br>MICHAEL A. PASKIN<br>ANDREW J. PITTS<br>MICHAEL T. REYNOLDS<br>ANTONY L. RYAN<br>GEORGE E. ZOBITZ<br>GEORGE A. STEPHANAKIS<br>DARIN P. MCATEE<br>GARY A. BORNSTEIN<br>TIMOTHY G. CAMERON<br>KARIN A. DEMASI<br>DAVID S. FINKELSTEIN<br>DAVID GREENWALD<br>RACHEL G. SKAISTIS<br>PAUL H. ZUMBRO<br>ERIC W. HILFERS<br>GEORGE F. SCHOEN<br>ERIK R. TAVZEL<br>CRAIG F. ARCELLA<br>DAMIEN R. ZOUBEK<br>LAUREN ANGELILLI<br>TATIANA LAPUSHCHIK | | ALYSSA K. CAPLES<br>JENNIFER S. CONWAY<br>MINH VAN NGO<br>KEVIN J. ORSINI<br>MATTHEW MORREALE<br>JOHN D. BURETTA<br>J. WESLEY EARNHARDT<br>YONATAN EVEN<br>BENJAMIN GRUENSTEIN<br>JOSEPH D. ZAVAGLIA<br>STEPHEN M. KESSING<br>LAUREN A. MOSKOWITZ<br>DAVID J. PERKINS<br>JOHNNY G. SKUMPIJA<br>J. LEONARD TETI, II<br>D. SCOTT BENNETT<br>TING S. CHEN<br>CHRISTOPHER K. FARGO<br>KENNETH C. HALCOM<br>DAVID M. STUART<br>AARON M. GRUBER<br>O. KEITH HALLAM, III<br>OMID H. NASAB<br>DAMARIS HERNÁNDEZ | JONATHAN J. KATZ<br>MARGARET SEGALL D'AMICO<br>RORY A. LERARIS<br>KARA L. MUNGOVAN<br>NICHOLAS A. DORSEY<br>ANDREW C. ELKEN<br>JENNY HOCHENBERG<br>VANESSA A. LAVELY<br>G.J. LIGELIS JR.<br>MICHAEL E. MARIANI<br>LAUREN R. KENNEDY<br>SASHA ROSENTHAL-LARREA<br>ALLISON M. WEIN<br>―――<br>SPECIAL COUNSEL<br>SAMUEL C. BUTLER<br>―――<br>OF COUNSEL<br>MICHAEL L. SCHLER<br>CHRISTOPHER J. KELLY |

November 5, 2019

In re PG&E Corporation and Pacific Gas and Electric Company,
Case No. 19-30088 (DM) (Jointly Administered)

Dear Judge Montali:

    I write on behalf of PG&E Corporation and Pacific Gas & Electric Corporation (collectively, the "**Debtors**") in response to the letters filed yesterday by the Official Committee of Unsecured Creditors (the "**UCC**"), the Official Committee of Tort Claimants (the "**TCC**"), and the Ad Hoc Committee of Senior Unsecured Noteholders (the "**AHC**" and, together with the UCC and TCC, the "**Requesting Parties**") concerning the Debtors' *Motion for Entry of Orders (I) Approving Terms of, and Debtors' Entry Into and Performance Under, Exit Financing Commitment Letters and (II) Authorizing Incurrence, Payment, and Allowance of Related Fees and/or Premiums, Indemnities, Costs and Expenses as Administrative Expense Claims* (the "**Motion**") [Docket No. 4446].

  **A.**  **Background**

    The Debtors filed the Motion on Wednesday, October 23, 2019. Five days later, on Monday, October 28, the Requesting Parties collectively served on the Debtors more than one hundred requests for production of documents and issued Rule 30(b)(6) deposition notices setting forth more than one hundred topics for examination (including subparts). The Requesting Parties also noticed the individual deposition of the Debtors' Chief Financial Officer, Jason Wells, as well as the deposition of Kenneth S. Ziman, Managing Director at the Debtors' financial advisor, Lazard Frères & Co. LLC. After having waited five days to serve their discovery requests, the Requesting Parties demanded that the Debtors produce all responsive documents within two days and make witnesses available to testify on the one hundred topics three business days later.

    The Debtors have worked diligently and in good faith to provide the requested discovery. This morning, the Debtors produced more than 7,800 documents in response to the requests. The Debtors' attorneys are actively reviewing documents to

respond to the remainder of the requests and expect to complete the production this week. The Debtors have agreed to produce nearly all of the documents the parties have requested. In addition, the Debtors have designated Mr. Ziman as a Rule 30(b)(6) representative to testify on the noticed topics.

Yesterday morning, prior to the Requesting Parties filing their letters with the Court, the Debtors consented to extend the Requesting Parties' objection deadlines to November 8, 2019. The Debtors also informed the UCC that they would consider the UCC's request concerning the production of solicitation and pitch materials.

### B. The TCC's Request for a Continuance

The Debtors are committed to the mediation process and appreciate the Court's order appointing a mediator to facilitate discussions. The Debtors agree that seeking a consensual resolution of these cases rather than engaging in protracted litigation is in the best interests of all stakeholders. In the service of those efforts and to address the parties' concerns, the Debtors will consent to continue the hearing date on the Motion from the current hearing date of November 13, 2019 to the next omnibus hearing date, which is November 19, 2019. In connection with a November 19, 2019 hearing date, the Debtors will agree to extend the objection deadline to November 13, 2019.

The Debtors cannot currently consent to continue the hearing date beyond November 19. Under the terms of the financing commitment letters for which the Motion seeks approval, November 20, 2019 is the deadline for Bankruptcy Court approval. In the event such approval is not obtained by November 20, 2019, termination rights will arise for both the debt and equity commitments. As a result, any adjournment of the Motion beyond November 20, 2019 requires an extension of the deadline in the debt and equity commitment papers. The Debtors intend to seek such an extension from the debt and equity commitment counter-parties. To the extent the Debtors obtain such extensions, the parties can then discuss a further adjournment of the Motion.

### C. The UCC's Request for Discovery Concerning All Solicitations and Pitch Materials

The UCC has requested documents concerning "[a]ll potential financing parties the Debtors solicited and all pitch materials received from all potential parties, and the process by which the Debtors solicited all potential financing parties." Although the Debtors believe this request calls for the production of documents that are not relevant, to accommodate the UCC's concerns, the Debtors will produce any documents that are responsive to this request and are located in a reasonable search.

### D. The Request for Deposition of CFO Jason Wells

The Debtors disagree that a deposition of their chief financial officer is necessary or appropriate in connection with this motion. The Requesting Parties have sought testimony from the Debtors on dozens of topics that they contend are relevant to the Motion, and the Debtors have agreed to provide that testimony through a corporate representative in accordance with Federal Rule of Civil Procedure 30(b)(6). There is no

need to impose on the Debtors' chief financial officer—which would be particularly burdensome in light of recent events and the mediation efforts being pursued—to obtain testimony that the Requesting Parties already will have obtained from the Debtors' representative.

As the UCC's letter concedes, the decision to enter into the exit financing commitment letters is a matter of the Debtors' business judgment. (Dkt. No. 4562 at 2.) Once the Debtors articulate a valid business justification, as they have in the Motion, a presumption arises that "the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" *In re Station Casinos, Inc.*, No. BK-09-52477 (GWZ), 2010 Bankr. LEXIS 5447, at *7 (Bankr. D. Nev. Feb. 2, 2010) (quoting *In re Integrated Resources, Inc.*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992)); *see also In re AbitibiBowater Inc.*, 418 B.R. 815, 831 (Bankr. D. Del. 2009) (business judgment standard is "not a difficult standard to satisfy"). To the extent the parties wish to test the presumption that the Debtors acted on an informed basis and in good faith, Mr. Ziman's testimony as the Debtors' Rule 30(b)(6) representative is more than sufficient for that purpose. As the Debtors' lead financial advisor, Mr. Ziman led the efforts to obtain the exit financing commitments at issue and participated in the meetings of the Debtors' board of directors at which the commitments were approved. Accordingly, Mr. Ziman has personal knowledge that the Debtors "acted on an informed basis" and in good faith—indeed, he was an integral part of supplying the information on which the Debtors so acted—and to the extent his personal knowledge needs to be supplemented in accordance with Rule 30(b)(6) he will become educated on the noticed examination topics prior to his deposition.

Accordingly, the Debtors respectfully submit that the Court should deny the request for Mr. Wells's deposition.

Respectfully,

*/s/ Kevin Orsini*
Kevin J. Orsini

Honorable Dennis Montali
   United States Bankruptcy Court
      Northern District of California
         450 Golden Gate Avenue, 16th Floor
           San Francisco, CA 94102