WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)(Jointly Administered)<br><br>**SUPPLEMENTAL APPLICATION PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AN ORDER AMENDING THE SCOPE OF THE RETENTION OF PRICEWATERHOUSECOOPERS LLP AS MANAGEMENT, TAX, AND ADVISORY CONSULTANTS TO THE DEBTORS *NUNC PRO TUNC* TO PETITION DATE**<br><br>[No Hearing Requested] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Supplemental Application (the "**Supplemental Application**"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order amending the scope of the Debtors' retention of PricewaterhouseCoopers LLP ("**PwC**") as management, tax, and advisory consultants for the Debtors effective as of the Petition Date (as defined below).

In support of this Supplemental Application, the Debtors submit the Supplemental Declaration of Daniel Bowman, a principal of PwC (the "**Supplemental Bowman Declaration**"), filed concurrently herewith. A proposed form of order approving the amended scope of the retention and employment of PwC is annexed hereto as **Exhibit A** (the "**Proposed Order**").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

On May 1, 2019, the Debtors filed the *Application Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Retain and Employ PricewaterhouseCoopers LLP as Management, Tax, and Advisory Consultants to the Debtors Nunc Pro Tunc to Petition Date* [Docket No. 1791] (the "**Initial Application**").[1] The Initial Application sought the entry of an order authorizing the Debtors to retain PwC as management, tax, and advisory consultants for the Debtors

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Initial Application.

effective as of the Petition Date in accordance with the terms and conditions set forth in the MSA and Engagement Letters (each as defined below and, together, the "**Original Engagements**"). On May 24, 2019, the Court entered an order approving the retention of PwC [Docket No. 2230] (the "**Initial Retention Order**").

As described in greater detail in the Supplemental Bowman Declaration, following the Petition Date, the terms of certain of the Original Engagements expired but the Debtors requested that PwC (a) continue work under the terms of certain expired Original Engagements and (b) undertake several entirely new projects in connection with the Chapter 11 Cases that were consistent with PwC's core capabilities and expertise (collectively, the "**Supplemental Engagements**"). The Debtors submit this Supplemental Application for entry of an order authorizing the Debtors to retain PwC to provide services in accordance with the terms of the Supplemental Engagements, described below.

### III. SCOPE OF SUPPLEMENTAL ENGAGEMENTS

Pursuant to the terms and conditions of the Supplemental Engagements, the Debtors seek to retain PwC to provide, among other things, the following continued and supplemental management, tax, and advisory services, as requested by the Debtors (the "**Supplemental Services**") as summarized herein.[2] The Supplemental Service are consistent with the scope of services approved in the Initial Retention Order, but in some cases include changes to the term and compensation contemplated in the Original Engagements.

Services Provided Pursuant to the MSA. Pursuant to the terms and conditions of that certain Master Services Agreement, dated as of January 17, 2017, by and between the Debtors and PwC, as amended June 3, 2019, (the "**Master Services Agreement Amendment**," attached to the Supplemental Bowman Declaration as **Exhibit 1**), PwC continues to provide management and advisory services to the Debtors, to the extent expressly required by and as more particularly described in the applicable

---

[2] The summary of the Supplemental Engagements included in this Application is provided for purposes of convenience only and is qualified in its entirety by reference to the Supplemental Engagements. To the extent that this Application and the terms of a particular Supplemental Engagement are inconsistent, the terms of the Supplemental Engagement shall control. Contemporaneously herewith, the Debtors have filed a motion seeking to redact certain aspects of the underlying contracts to protect their confidential nature. Unredacted copies of the contracts will be furnished to the Court according to the procedures for electronically filing sealed and redacted documents.

agreements. The Master Services Agreement Amendment includes eight expanded contracts and eight new contracts related thereto (the "**Supplemental MSA Contracts**") (such Supplemental MSA Contracts, collectively with the Master Services Agreement, and the Master Services Agreement Amendment, the "**MSA**"), which are summarized below attached to the Supplemental Bowman Declaration as **Exhibits 1-A** through **1-U**.

| Extensions of Original Engagements under the MSA | | |
|---|---|---|
| **Agreement/Services** | **Extension** | **Compensation** |
| "North Bay Services" (**Exhibits 1-A**, **1-B** and **1-C** to the Supplemental Bowman Declaration) | Change Order 10: Extended through June 30, 2019; Change Order 11: Extended through September 30, 2019; Change Order 12: Extended through December 31, 2019 | Fixed-Fee: Change Order 10: $1,545,000 Change Order 11: $976,300 Change Order 12: $1,138,000 |
| "Camp Fire Services" (**Exhibits 1-D**, **1-E** and **1-F** to the Supplemental Bowman Declaration) | Change Order 1: Extended through June 30, 2019; Change Order 2: Extended through September 30, 2019 Change Order 3: Extended through December 31, 2019 | Fixed-Fee: Change Order 1: $2,065,000 Change Order 2: $1,548,100 Change Order 3: $995,000 |
| "IT Implementation Services" (**Exhibit 1-G** to the Supplemental Bowman Declaration) | Change Order 1: Extended through April 26, 2019 | Fixed-Fee: Change Order 1: $90,000 |
| "E-Discovery Services" (**Exhibits 1-H** and **1-I** to the Supplemental Bowman Declaration) | Extended through Increased Contract Value (Max $750,000) | Hourly Fee |
| "Rate Case Support Services" (**Exhibit 1-J** to the Supplemental Bowman Declaration) | Extended through Increased Contract Value (Max $500,000) | Hourly Fee |

| New Engagements under the MSA | | |
|---|---|---|
| **Agreement/Services** | **Description** | **Compensation** |
| "Rule 21 Readiness Services" (**Exhibit 1-K** to the Supplemental Bowman Declaration) | Assist the Debtors in assessments of their compliance with Rule 21 of the California Public Utilities Commission ("**CPUC Rule 21**"), including but not limited to: readiness assessment and roadmap. | Fixed-Fee: $98,000 |
| "Rule 21 Pilot Testing Services" (**Exhibit 1-L** | Assist the Debtors in pilot assessment of their compliance with CPUC Rule 21, including, but not limited to: reviews of the compliance | Fixed-Fee: $98,000 |

| | | |
|---|---|---|
| to the Supplemental Bowman Declaration) | program elements, analyzing documentation, drafting results of assessment, and supporting the Debtors compliance with CPUC Rule 21. | |
| "Legal Observation Support Services" (**Exhibit 1-M** and **1-N** to the Supplemental Bowman Declaration) | Perform observations of data from third party vendors' e-discovery process and provide observations and project management supplemental support regarding the Debtors' vendors' compliance, including, but not limited to: reviews of the underlying contractual requirements, perform interviews, observe work processes, and documenting observations related to the third party vendors for the Debtors' consideration. | Fixed-Fee: $430,000 Change Order 1: $390,000 |
| "WDT Support Services" (**Exhibit 1-O** to the Supplemental Bowman Declaration) | Assist the Debtors in response to compliance assessments with the Federal Energy Regulatory Commission Wholesale Distribution Tariff ("**WDT**"), including but not limited to: training and assist in the development of interim controls tracking dashboard. | Fixed-Fee: $58,000 |
| "PSPS Program Support Services" (**Exhibit 1-P** to the Supplemental Bowman Declaration) | Assist the Debtors with their approach and response reporting processes related to the Community Wildfire Safety Program through the Public Safety Power Shutoff ("**PSPS**") program, including but not limited to: process development of the program, documentation and training, and execution of the PSPS program. | Fixed-Fee: $1,750,000 |
| "Cybersecurity Assessment Services" (**Exhibit 1-Q** to the Supplemental Bowman Declaration) | Assist the Debtors with their approach and assessment of the organization of the Debtors' Chief Security Officer organization (the "**CSO**"), cybersecurity division, including but not limited to: recommendations regarding preliminary organization, governance, and operating model recommendations within the PG&E CSO organization. | Fixed-Fee: $867,400 |
| "EBO Reorganization Support Services" (**Exhibit 1-R** to the Supplemental Bowman Declaration) | Assist the Debtors with their reorganization effort and coordinate all aspects relating to the Electric Business Operations ("**EBO**"), including, organizational design, governance model, reporting and program management support activities. | Fixed-Fee: $625,000 |
| "MetricStream Implementation Services" (**Exhibit 1-S** to the Supplemental Bowman Declaration) | Assist the Debtors with the implementation of a Governance Risk and Compliance ("**GRC**") software platform, including but not limited to: supporting procedures, job aids, training materials and user guides. | Fixed Fee: $95,000 |
| "EO MPP Org Standup Support Services" (**Exhibit 1-T** to the | Assist the Debtors with the Major Projects and Programs ("**MPP**") organization stand-up support including aligning on 200 workplan | Fixed-Fee: $950,000 |

| | | |
|---|---|---|
| Supplemental Bowman Declaration) | execution, establishing execution governance and controls and benchmarking leading practices within utility and other capital-intensive industries. | |
| "WMP Support Services" (**Exhibit 1-U** to the Supplemental Bowman Declaration) | Assist the Debtors in the assessment of the design roadmap to track and manage compliance of its Wildfire Mitigation Plan ("**WMP**"), including, but not limited to: development of roadmap, and documentation of compliance items and timeline for completion. | Hourly Fee |

<u>Supplemental Bankruptcy Accounting Advisory Services</u>. Pursuant to the terms and conditions of that certain Bankruptcy Accounting Advisory Services Engagement Letter (previously attached to the *Bowman Declaration* [Docket No. 1792, Exhibit 4] and included in the Initial Application), the Debtors and PwC have amended the terms of services provided under Bankruptcy Accounting Services Engagement Letter, attached as **Exhibit 2** to the Supplemental Bowman Declaration. The terms of bankruptcy accounting advisory services have been amended to continue the project through December 31, 2019 and increase the capped contract value from $99,000 to $500,000. Otherwise, the scope of services to be provided remains the same as approved in the Initial Retention Order.

<u>Regulatory Inquiry Assistance Services</u>. Pursuant to the terms and conditions of that certain engagement letter dated as of April 12, 2019, by and between the Debtors and PwC (the "**Regulatory Inquiry Assistance Engagement Letter**"), attached as **Exhibit 3** to the Supplemental Bowman Declaration. PwC will assist the Debtors and their counsel in response to regulatory inquiries, including but not limited to: providing observations and advisory services at the direction of the Debtors' counsel (the "**Regulatory Inquiry Assistance Services**").

<u>Tax Research & Development Tax Credit Services</u>. Pursuant to the terms and conditions of that certain engagement letter dated as of July 31, 2019, by and between the Debtors and PwC (the "**Tax R&D Tax Credit Engagement Letter**", together with the Bankruptcy Accounting Advisory Services, the Regulatory Inquiry Assistance Engagement Letter, the "**Engagement Letters**"), attached to the Supplemental Bowman Declaration as **Exhibit 4**. PwC will assist the review of the Debtors' Credits for Increasing Research Activities under Internal Revenue Code Section 41 and research tax credits under applicable U.S. and state authorities, including but not limited to: computation of the research credits

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

and presentation of the results to Debtors' management (the "**Tax R&D Tax Credit Services**"). Based upon an estimated number of hours and a discount of rates, the Debtors and PwC have agreed to a fixed fee of $325,000.

## IV. PROFESSIONAL COMPENSATION

As set forth in the Supplemental Bowman Declaration, PwC will apply to the Court for allowances and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, effective February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 701], and any further Orders of the Court in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses (the "**Orders**").

Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and the Orders, the Debtors propose to compensate PwC as contemplated in the Supplemental Engagements on either an hourly or fixed-fee basis, as designated above. The proposed compensation arrangements for the Supplemental Engagements are as follows:

A.  <u>Fixed-Fee Engagements</u>.

The Debtors and PwC have agreed to fixed-fee compensation for several of the MSA Contracts, as set forth in the tables above. The fixed-fee estimates are based on the time required by the individuals assigned to the Debtors' engagements. In addition, the fee estimates are based on the assumption that the Debtors will provide certain information and assistance to PwC.

B.  <u>Hourly Fee Engagements</u>.

The hourly rates set forth below are PwC's applicable hourly rates for the work of its professionals and staff members for certain of the engagements set forth in the applicable MSA Contracts

and Engagement Letters. These hourly rates reflect PwC's normal and customary billing practices for engagements of this complexity and magnitude. PwC's hourly rates are subject to periodic adjustment from time to time in accordance with PwC's established billing practices and procedures. PwC will provide reasonable notice of any changes to its hourly rates to the Debtors and the U.S. Trustee.

| Billing Category | E-Discovery Services[3] | Rate Case Support Services | WMP Support Services | Regulatory Inquiry Assistance Services |
|---|---|---|---|---|
| Partner / Principal | $499 | $500 | $500 | $780 - $909 |
| Managing Director | n/a | n/a | n/a | n/a |
| Director/ Senior Manager | $404 | $395 | $395 | $650 - $776 |
| Manager | $329 | $345 | $345 | $445 - $650 |
| Senior Associate/Staff | $267 | $260 | $260 | $348 - $497 |
| Associate | $172 | $100 | n/a | $287 - $433 |
| Administrative | n/a | n/a | n/a | n/a |

C.  <u>Expenses</u>. Additionally, PwC will invoice the Debtors for its reasonable out-of-pocket expenses charged during these Chapter 11 Cases, which include, among other things, telephone and other charges, mail and express mail charges, travel expenses, expenses for "working meals" and computerized research, applicable sales, use or value added tax, as well as non-ordinary costs such as secretarial and other overtime.

The Debtors respectfully submit that PwC's rates and policies stated in the Bowman Declaration (and as previously approved by the Bankruptcy Court), and stated in the Supplemental Bowman Declaration are reasonable, particularly given the nature of these Chapter 11 Cases.

V.  **INDEMNIFICATION**

As part of the overall compensation payable to PwC under the terms of certain of the MSA Contracts and Engagement Letters, the Debtors have agreed to certain indemnification obligations as described in such MSA Contracts and Engagement Letters. The terms of the MSA and Engagement

---

[3] PwC's rates for these services are not different from those disclosed in the Bowman Declaration. However, pursuant to the change orders that were executed as part of the Supplemental Engagements, the Debtors agreed to raise the cap that was associated with the provision of these services in light of an increased scope of work. The disclosures made herein are intended to disclose such increases.

Letters and the indemnification provisions contained therein were fully negotiated in good faith and at arm's length.

## VI. NO DUPLICATION OF SERVICES

The Debtors intend that the services of PwC will complement, and not duplicate, the services being rendered by other professionals retained in these Chapter 11 Cases. PwC understands that the Debtors have retained and may retain additional professionals during the term of the engagement. The Debtors retained KPMG LLP for certain information technology, risk, and legal support services and Deloitte & Touche LLP as the Debtors' independent auditor of their financial statements. PwC has been and will be providing distinct management, tax, and advisory services and will work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtors.

## VII. NOTICE

Notice of this Application will be provided to (i) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties interests, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: November 7, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/ *Thomas B. Rupp*
      Thomas B. Rupp

*Attorneys for Debtors
and Debtors in Possession*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119