# EXHIBIT 3

**Regulatory Inquiry Assistance Services**



April 12, 2019

Mr. David M. Stuart
Cravath, Swaine & Moore LLP
825 8th Avenue
New York, NY 10019

Dear Mr. Stuart,

This engagement letter dated April 12, 2019 (the "<u>Effective Date</u>") confirms that Cravath, Swaine & Moore LLP ("<u>Counsel</u>") on its own behalf and as counsel for its client PG&E Corporation ("<u>Client</u>") has engaged PricewaterhouseCoopers Advisory Services LLC ("<u>PwC</u>") to perform the professional services described below. Client and PwC are sometimes referred to in this engagement letter as the "parties" and each, individually, as a "party."

<u>**SCOPE OF PWC SERVICES, DELIVERABLES, AND TIMING.**</u>

**(a)     Services to be provided by PwC.** Counsel and Client is engaging PwC to provide the following professional services (the "<u>Services</u>"):

PwC's Services will be provided at the direction of Counsel.  The Services will include assistance in relation to Counsel's and Client's response to regulatory inquiries.

PwC's observations and advice on accounting and financial reporting matters do not represent PwC's concurrence, conclusion, or opinion.  Counsel and Client should consult with Client's independent auditors on the application of accounting principles.

PwC is not required to perform services that are inconsistent with the scope of Services or terms and conditions set forth in this engagement letter. Either party may request changes to the scope of Services. To be effective, such change must be agreed in a writing and signed by the parties.

PwC understands that you seek to have the attorney-client privilege and work product protection apply to the Services being provided.  PwC makes no representation as to whether such privilege or protection will apply, as their application is a legal question, but agrees that it is the intent of the parties that such attorney-client privilege and the work product protection apply to the Services being provided and shall carry out the Services described herein in a manner designed to preserve the protections afforded by the attorney-client privilege and work product doctrine.

**Additional Terms for Certain Services.** The provisions of <u>Exhibit A</u> (Additional Provisions Applicable to Tax-Related Services) hereto shall apply to any tax-related Services. The provisions of <u>Exhibit B</u> (Additional Provisions Applicable to Transaction Services and Accounting Advisory Services) hereto and the applicable provisions of <u>Exhibit A</u> (Additional Provisions Applicable to Tax-Related Services) hereto shall apply to any Transaction Services and Accounting Advisory Services (including those that are tax-related), as those Services are defined in <u>Exhibit B</u>.

 **(b)     Deliverables.** PwC will provide the following Deliverables (as defined in the Deliverables: Terms and Definitions section below):



PwC's reporting to Counsel and Client will include oral advice and written outlines, executive summaries, presentations, memoranda, analysis of issues, and schedules prepared for and delivered to Counsel and Client in connection with Services (collectively, "Deliverables").

Upon full payment, Counsel and Client will own all Deliverables prepared for and delivered to it in connection with the Services and will have a nonexclusive, non-transferable license to use the embedded PwC Materials (defined below) as part of such Deliverables.  PwC will own its working papers, pre-existing materials and software, as well as any general skills, know-how, processes, methodologies, tools, techniques or other intellectual property (including a non-Counsel and non-Client specific version of any Deliverables) which PwC may have discovered or created as a result of the Services (collectively, "PwC Materials").  Preliminary advice and draft Deliverables are works in progress and Counsel nor Client should not rely on these until PwC confirms its advice or provides Counsel and Client with a final Deliverable.

Other than Deliverables, if requested, PwC may provide to Counsel and Client spreadsheets, electronic materials, software, databases and other tools prepared by PwC to assist it with the engagement.  If PwC makes these available to Counsel and Client, they are provided "as is."  PwC will not be responsible for results obtained by anyone other than PwC from the use of those items.

**FEES, EXPENSES, AND PAYMENT.**

**(a)     Professional Fees and Expenses.**

PwC's fee is based on the time required by PwC professionals to complete the engagement and will be billed at the rates set forth in this engagement letter. Hourly rates may be revised from time to time, and the adjusted rates will be reflected in billings.

| Individuals | Hourly Billing Rate |
|---|---|
| Partner / Principal | $780 ~ $909 |
| Director / Senior Manager | $650 ~ $776 |
| Manager | $445 ~ $650 |
| Senior Associate | $348 ~ $497 |
| Associate | $287 ~ $433 |

In the event that there are any Client-initiated changes to the scope, schedule, responsibilities, or Deliverables that impact the effort required, PwC will address these changes through the change control process.

If PwC is requested or authorized by Counsel or Client or required by government regulation, regulatory agency, subpoena, or other legal process to produce PwC's Deliverables, working papers, or personnel for testimony or interview with respect to services PwC performed for Counsel and Client, Client will reimburse PwC for PwC's, the PwC Subcontractors' (as defined below), and their respective counsels' expenses and professional time incurred in responding to such a request.

**(b)     Payment Terms.** PwC will bill Client for out-of-pocket expenses, any applicable sales, use, excise, or value-added tax, and PwC's internal per-ticket charges for booking travel. Amounts billed for Services performed by PwC or the PwC Subcontractors (as defined below) shall be considered fees and not expenses and will be billed as set forth above. PwC will invoice Client on a monthly basis in arrears. Client will pay each invoice within 15 calendar days after the invoice date.  PwC recognizes that its fees



and expenses are the sole responsibility of Client and Counsel is not responsible for payment of any such fees or expenses.

**DELIVERABLES: TERMS AND DEFINITIONS.**

**(a)     Ownership and License.** Counsel and Client will own each particular physical copy of the Materials (as defined below) prepared for and delivered to Counsel and Client under this engagement letter that are identified as a "Deliverable" (collectively, the "<u>Deliverables</u>"). PwC shall own all intellectual property rights in and to the Deliverables and any other Materials (as defined below) that PwC, the PwC Subcontractors (as defined below), or their respective personnel may make, conceive, develop, or create during or as a result of the Services, including PwC's working papers (the "<u>Work Product</u>"). Each party will continue to own Materials made, conceived, developed, or created by or for such party independent from, or prior to commencement of, the performance of Services under this engagement letter and any intellectual property rights therein (collectively, the applicable party's "<u>Background Materials</u>"). Subject to Counsel's and Client's compliance with the terms of this engagement letter, PwC grants to Counsel and Client under PwC's intellectual property rights a non-exclusive, non-transferable license to use the Deliverables and Work Product delivered to Counsel and Client for Counsel's and Client's internal business purposes only. For the avoidance of doubt, neither the Work Product nor PwC's Background Materials include Counsel's or Client's Confidential Information (as defined below) or Counsel's or Client's Background Materials, both of which shall remain the sole and exclusive property of Counsel and Client. As used herein, "<u>Materials</u>" means information, know-how, data, and other technology, including works of authorship and other creations and ideas, databases, compilations, inventions, developments, software, firmware, and other computer programs (in source code, object code, or any other format), documentation, technical information, specifications, configuration information, designs, plans, drawings, writings, schematics, documents, reports, methods, procedures, concepts, techniques, protocols, systems, elements, components, subsystems, devices, equipment, and other hardware.

**(b)     Use and Disclosure.**

(i)     PwC provides the Services and the Deliverables, Work Product, and PwC's Background Materials solely for Counsel's or Client's internal use and benefit and not for any other person's or entity's use, benefit, or reliance, and PwC disclaims any contractual or other responsibility, liability, or duty of care to any other person or entity based upon the Services, Deliverables, Work Product, or PwC's Background Materials. Except as described in this section, Counsel or Client shall not discuss the Services with, or disclose the Deliverables, Work Product, or PwC's Background Materials to, any third party without PwC's prior written consent. Client may disclose Deliverables to, or discuss information relating to the Services with, Client's third-party professional advisors (including subcontractors, accountants, auditors, attorneys, financial, and other advisors) that are acting solely for Client's benefit and on Client's behalf and that have a need to know such information in order to provide advice or services to Client (collectively, "<u>Third-Party Professional Advisors</u>"), provided that such Third-Party Professional Advisors agree: (i) that PwC did not perform the Services or prepare Deliverables for such Third-Party Professional Advisors' use, benefit, or reliance and that PwC assumes no duty, liability, or responsibility to such Third-Party Professional Advisors; and (ii) not to disclose the Services or Deliverables to any other party without PwC's prior written consent. Notwithstanding the foregoing, PwC's prior written consent (which consent will include the requirement to enter into an access letter in PwC's standard form) shall be required if Counsel or Client wishes to disclose the Deliverables or discuss the Services with any person or entity that is not a Third-Party Professional Advisor. For the avoidance of doubt, Third-Party Professional Advisors do not include any parties that are providing or may provide insurance, financing, capital in any form, a fairness opinion, or selling or underwriting securities in connection with any transaction that is the subject of the Services or any parties that have or may obtain a financial interest in Client or an anticipated transaction.

(ii)     Counsel and Client may disclose any Deliverables that do not contain PwC's name or other information that could identify PwC as the source (either because PwC provided a Deliverable without identifying information or because Counsel or Client subsequently removed it) to any third party if Client



first accepts and represents them as its own and makes no reference to PwC in connection with such Deliverable.

(iii)     If PwC is requested or authorized by Counsel or Client or required by government regulation, regulatory agency, subpoena, or other legal process to meet with a regulator with respect to services PwC performed for Counsel or Client, PwC's role will be limited to providing a fact-based overview of the Services PwC performed as described in our Deliverable(s). Should the regulator have any questions regarding the Services, PwC will provide factual clarifications as needed. Counsel or Client will field and address other questions from the regulator as required. Counsel or Client will allow PwC to review the content of any materials to be used during the meetings that relate to the PwC Services in advance of the meetings. As per PwC protocol, PwC will have two PwC partners attend meetings with a regulator when PwC's attendance is requested.

Except as described herein, Counsel or Client will be solely responsible for any and all communications required with Client's federal and state regulators and/or independent monitor(s) relating to these Services and Deliverables. PwC is not being engaged to interact or meet with third parties, including but not limited to Client's regulators and/or independent monitor(s).

(iv)     Client shall indemnify and hold harmless PwC and the Beneficiaries (as defined below) from and against all third party claims, losses, liabilities, and damages (including but not limited to any costs, expenses, and reasonable attorneys' fees) arising from or relating to the Services and/or Deliverables.

**(c)     Oral Advice and Draft Deliverables.** Counsel and Client may rely only on final, written Deliverables and not on oral advice, draft Deliverables, or other information provided by PwC. Upon Counsel's and Client's request, PwC will confirm oral advice in a Deliverable on which Counsel and Client may rely.

**(d)     Other Materials.** Any spreadsheets, electronic materials, or software tools that PwC provides to Counsel or Client that do not constitute Deliverables are for Counsel's or Client's convenience and are provided as is. PwC will not be responsible for results obtained by anyone other than PwC from the use of those items.

PwC RESPONSIBILITIES.

**(a)**     PwC will perform the Services in accordance with the relevant standards promulgated by the American Institute of Certified Public Accountants ("AICPA") as follows: Consulting Services will be performed under the Standards for Consulting Services, and Accounting Advisory Services for non-audit clients will be performed under the Standards for Reports on the Application of Accounting Principles.

**(b)**     PwC's role is advisory only. PwC will not provide an audit, accounting, or attest opinion or other form of assurance. PwC will not verify or audit any information provided to it. Because PwC will provide the Services solely for Counsel's and Client's use and benefit and pursuant to a relationship exclusively with Counsel and Client, PwC disclaims any contractual or other responsibility, liability, or duty of care to others based upon the Services or upon any Deliverables or advice PwC provides.

CLIENT RESPONSIBILITIES.

Counsel and Client are responsible for all management functions and decisions relating to the Services, including without limitation evaluation and acceptance of the adequacy of the scope of Services in addressing Client's needs. It is Client's responsibility to establish and maintain its internal controls. Client also is responsible for the results achieved from using the Services or Deliverables. Client will designate a competent member of Client's management to oversee the Services. Counsel and Client will provide reasonable assistance and accurate and complete information on a timely basis, and PwC will perform the Services on that basis. Counsel and Client represent and warrant that they each have the requisite right, consent, and permission to use and disclose, and to permit PwC and the PwC Subcontractors to use and disclose, all information, materials (including without limitation emails),



software, or hardware (including those of third parties) provided to PwC or the PwC Subcontractors in connection with the Services and this engagement letter.

**CONFIDENTIALITY.**

"Confidential Information" means non-public information marked "confidential" or "proprietary" or information that otherwise should be understood by a reasonable person to be confidential in nature, provided by a party or on its behalf. All terms of this engagement letter, including but not limited to the fee and expense structure, are considered Confidential Information. Confidential Information does not include any information that: (i) is rightfully known to the receiving party ("Recipient") prior to its disclosure; (ii) is released by the disclosing party ("Discloser") to any other person or entity (including governmental agencies) without restriction; (ii) is independently developed by Recipient without use of or reliance on Discloser's Confidential Information; (iv) is or later becomes publicly available without violation of this engagement letter; or (v) may be lawfully obtained by Recipient from a third party without applicable restriction. Recipient will protect the Confidential Information of Discloser using reasonable measures commensurate with those that Recipient uses to protect its own Confidential Information. Recipient may use or disclose the Confidential Information of Discloser only: (1) to perform the Services; (2) as permitted in this engagement letter; (3) as requested or directed by Discloser; or (4) as required by applicable law, statute, rule, regulation, or professional standard. Except as set forth in this section, Recipient will not disclose the Confidential Information of Discloser to third parties without Discloser's prior consent. Notwithstanding the foregoing, without Discloser's prior written consent, Recipient may disclose Confidential Information to professional advisors, subcontractors, PwC Subcontractors, or employees on a need-to-know basis, provided that such entities and individuals are required to comply with confidentiality obligations. If disclosure of Discloser's Confidential Information is required by law, statute, rule, or regulation (including any subpoena or other similar form of process), or by professional standards, Recipient shall provide Discloser with written notice prior to such disclosure (to the extent permitted by applicable law); provided, however, that prior written notice is not required in connection with requests for disclosures arising from or related to government audits, investigations, or supervisory examinations by regulatory authorities with jurisdiction over Recipient.

**LIMITATIONS OF LIABILITY.** Except to the extent finally determined to be prohibited by law, PwC's aggregate liability for all claims, losses, liabilities, or damages in connection with this engagement letter or its subject matter, whether as a result of breach of contract, tort (including negligence), or otherwise, regardless of the theory of liability asserted, is limited to no more than the total amount of fees paid to PwC for the particular Service giving rise to the liability under this engagement letter. In addition, PwC will not be liable in any event for lost profits, consequential, indirect, punitive, exemplary, or special damages. Also, PwC shall have no liability arising from or relating to any third-party hardware, software, information, or materials selected or supplied by Counsel or Client.

**OTHER PWC FIRMS; PWC SUBCONTRACTORS.** PwC is a firm in the global network of separate and independent PricewaterhouseCoopers firms (exclusive of PwC, the "Other PwC Firms"). PwC may draw on the resources of and/or subcontract to its subsidiaries and affiliates, the Other PwC Firms, and/or third-party contractors and subcontractors within or outside of the United States (each a "PwC Subcontractor") in connection with the provision of Services and/or for internal, administrative, and/or regulatory compliance purposes. Counsel and Client agree that PwC may provide information PwC receives in connection with this engagement letter to the PwC Subcontractors for such purposes. PwC will be solely responsible for the provision of the Services (including those performed by the PwC Subcontractors), for the protection of any Confidential Information provided to the PwC Subcontractors, and for compliance with the other terms and conditions of this engagement letter. The PwC Subcontractors and the partners, principals, members, and employees of PwC and the PwC Subcontractors (collectively, the "Beneficiaries") shall have no liability or obligations arising out of this engagement letter. Client agrees to bring any claim or other legal proceeding of any nature arising from the Services against PwC and not against the Beneficiaries. Client shall ensure that its subsidiaries and affiliates do not assert any claim or other legal proceeding against PwC or the Beneficiaries related to or arising from the Services or Deliverables. Client assumes responsibility and liability in the event that



Client's subsidiaries and affiliates pursue such claims or proceedings. While PwC is entering into this engagement letter on its own behalf, this section also is intended for the benefit of the Beneficiaries.

**TERMINATION.** Any party may terminate this engagement letter without penalty upon written notice to the other party to that effect. Any provisions of this engagement letter that expressly or by implication are intended to survive its termination will survive and continue to bind the parties.

**DISPUTE RESOLUTION.** Any disputes that arise between the parties that are not resolved by mutual agreement shall be resolved by arbitration. The arbitration will be conducted in accordance with the Rules for Non-Administered Arbitration of the International Institute for Conflict Prevention and Resolution (the "Rules") then in effect. The arbitration will be conducted before a panel of three arbitrators selected using the screened process provided in the Rules. The arbitration shall be seated and take place in New York, New York. The arbitration panel and not any federal, state, or local court or agency shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of this engagement letter. The arbitration panel shall have no power to award non-monetary or equitable relief of any sort. It shall also have no power to award damages inconsistent with the limitations of liability provisions or any other terms herein. Judgment on any arbitration award may be entered in any court having jurisdiction. All aspects of the arbitration shall be treated as confidential. Counsel and Client accept and acknowledge that any demand for arbitration arising from or in connection with the Services must be issued within one year from the date Counsel or Client became aware or should reasonably have become aware of the facts that give rise to the alleged liability and, in any event, no later than two years after the cause of action accrued.

**CHOICE OF LAW.** This engagement letter and any dispute between the parties, whether in contract, tort, or otherwise, will be governed by and construed, interpreted, and enforced in accordance with the laws of the State of New York, without giving effect to any choice of law principles or provisions relating to conflicts of laws that would require the laws of another jurisdiction to apply.

**CPA NOTICE.** PwC is owned by professionals who hold CPA licenses as well as by professionals who are not licensed CPAs. Depending on the nature of the Services, non-CPA owners may be involved in providing Services under this engagement letter.

**NO LEGAL ADVICE; CHANGES IN LAWS.** The Services do not include the provision of legal advice, and PwC makes no representations regarding questions of legal interpretation. Client should consult with its attorneys with respect to any legal matters or items that require legal interpretation under federal, state, or any other type of law or regulation. Changes in the law and/or its interpretation may take place before PwC's advice is acted upon or may be retrospective in effect; PwC accepts no responsibility for changes in the law or its interpretation that may occur after the provision of the Services.

**MISCELLANEOUS.**

**(a)    Non-Exclusive Engagement Letter; Other Matters.**

This is a non-exclusive agreement, and subject to its confidentiality obligations, PwC and the PwC Subcontractors are not prevented or restricted from providing services to other clients. PwC is an independent contractor, not a fiduciary or agent of Client, and shall not perform any obligation of Counsel or Client, whether regulatory or contractual, nor shall PwC negotiate on Counsel's or Client's behalf. PwC may use Client's name in experience citations and recruiting materials.

Notwithstanding any other provision of this engagement letter, PwC and the Other PwC Firms may use Confidential Information received hereunder, including tax return information, to develop, enhance, modify and improve technologies, tools, methodologies, services and offerings, and/or for development or performance of data analysis or other insight generation. Information developed in connection with these purposes may be used or disclosed to Counsel, Client or current or prospective clients to provide them services or offerings. PwC and the Other PwC Firms will not use or disclose the Confidential

Case: 19-30088    Doc# 4602-24    Filed: 11/07/19    Entered: 11/07/19 19:32:50    Page 7 of 13



Information in a way that would permit Counsel or Client to be identified by third parties without Counsel's or Client's consent.

With respect to tax return information, Counsel or Client may request in writing a more limited use and disclosure than the foregoing. The foregoing consent is valid until further notice by Counsel or Client.

If PwC commenced Services prior to execution of this engagement letter, the terms of this engagement letter shall govern such Services.

**(b)** **Order of Precedence.** If there is a conflict between the terms contained in the main body of this engagement letter and any Exhibit to this engagement letter, the following order of precedence shall apply: (i) the applicable Exhibit and then (ii) the main body of this engagement letter.

**(c)** **Entire Engagement Letter; Severability; Amendments.** This engagement letter and its Exhibits represent the entire agreement between the parties with regard to the subject matter hereof and supersede any prior understandings, proposals, or agreements concerning the Services. If any provision (or any part thereof) of this engagement letter is found to be unenforceable or invalid, the remainder of such provision shall remain enforceable to the maximum extent permitted by law.

**(d)** **Assignment.** No party to this engagement letter may assign or transfer this engagement letter or any rights, licenses, obligations, claims, or proceeds from claims arising out of or in any way relating to this engagement letter, any Services provided hereunder, or any fees for this engagement letter or such Services to anyone, by operation of law or otherwise, without the prior written consent of the other party; and any assignment without such consent shall be void and invalid. This engagement letter shall be binding upon and inure to the benefit of the parties hereto and their permitted successors and assigns, and except as expressly provided herein, nothing in this engagement letter shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this engagement letter.

**(e)** **Force Majeure.** No party shall be liable for any delay or failure to perform any of the Services or obligations in this engagement letter due to causes beyond its reasonable control.

**(f)** **Counterparts; Headings.** This engagement letter may be executed in counterparts, each of which shall be deemed an original but all of which taken together shall constitute one single document between the parties. Counterparts may be exchanged by facsimile or attached as a pdf, jpeg, or similar file type to an email or by DocuSign, Adobe Acrobat, or other electronic signature. Headings in this engagement letter are for convenience only and shall not be used in interpreting this engagement letter or any provision of it.

**(g)** **Debtor in Possession**. PwC acknowledges that Client has filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California (the "Court") and is operating as a debtor-in-possession under sections 1107 and 1108 of the Bankruptcy Code. The Client's obligations under this engagement letter (including timing of payment and any applicable Court approvals thereof) are subject in all respects to Bankruptcy Code and the applicable rules and regulations promulgated thereunder, as well as any applicable Court rules, guidelines and procedures including those relating to disclosure. Client agrees to use its reasonable best efforts to obtain all necessary approvals related to the engagement of PwC hereunder.



\* \* \* \* \*

If Counsel or Client have any questions about this engagement letter, please discuss them with Jim Meehan at (415) 498-6531. If the Services and terms outlined in this engagement letter are acceptable to Counsel and Client, then please sign one copy of this engagement letter in the space provided and return it to the undersigned.

Very truly yours,

PricewaterhouseCoopers Advisory Services LLC

By: _/s/ Jim K M_____

James Meehan
Partner

Date: April 12, 2019

**ACKNOWLEDGED AND AGREED:**

**PG&E Corporation**

Signature of client official: _____

Please print name: Knotty J. Lucey

Title: Chief Counsel, Litigation

Date: 4/18/2019

**ACKNOWLEDGED AND AGREED:**

**Cravath, Swaine & Moore LLP**

Signature: _____

Please print name: DAVID STUART

Title: PARTNER

Date: 4/12/19

Page 8 of 12



**EXHIBIT A**

# ADDITIONAL PROVISIONS APPLICABLE TO TAX-RELATED SERVICES

**Services and Applicable Performance Standards.** The provisions in this Exhibit A apply to tax Services and tax-related Transaction Services and Accounting Advisory Services (defined in Exhibit B to the engagement letter). PwC shall perform any tax Services in a manner consistent with the engagement letter and the AICPA Statements on Standards for Tax Services.

**No Obligations of Confidentiality.** Notwithstanding anything to the contrary in the engagement letter, Counsel and Client have no obligation of confidentiality with respect to any portion of any materials, advice or Deliverables to the extent that they concern the tax structure or tax treatment of any transaction. If Counsel or Client make a disclosure pursuant to this paragraph, Counsel or Client will only disclose information directly related to the tax structure or tax treatment of the transaction, and Counsel or Client will (a) provide PwC with the name of the person to whom the disclosure was made and a description of the information and materials disclosed; (b) notify such person that they may not rely upon such information and that PwC has no obligation, duty, liability, or responsibility to such person; and (c) use commercially reasonable efforts to obtain an executed third-party access letter from such person, as determined by PwC, other than Client's Third-Party Professional Advisors as provided for in this engagement letter.

**Codification of Economic Substance.** Federal law (IRC Section 6662(b)) subjects taxpayers to a strict liability penalty equal to 40% (or 20% if adequately disclosed in a tax return) of any underpayment of tax attributable to that portion of a transaction that is determined to lack economic substance under IRC Section 7701(o) or fails to satisfy any other similar rule of law. The higher penalty will be due if the transaction that is determined to lack economic substance is not "adequately disclosed" in the taxpayer's return; therefore, it is important that Counsel or Client advise Client's tax return preparers of transactions to which this penalty provision might apply, recognizing that no guidance has yet been issued on the substantive aspects of the codified economic substance doctrine. Penalties can also be imposed by states to the extent that state laws have adopted similar provisions.

If PwC is engaged to provide any advice with respect to the potential impact of the economic substance doctrine included in IRC Section 7701(o) or similar state provisions or any related penalties that might be imposed, such advice rendered as part of PwC's Services will be based on applicable case law, reasonable interpretation of legislation, and available guidance.

In addition, if PwC provides tax compliance services, Counsel or Client is responsible for identifying transactions to which the economic substance doctrine applies and determining whether disclosure should be made, and, if so, the adequacy of any disclosure. Unless specifically addressed in this engagement letter, any additional PwC time spent preparing such disclosures and/or providing any advice with respect to Counsel's or Client's determination of the economic substance of a transaction and any related penalties that might be imposed is outside the scope of the Services set forth in this engagement letter. If PwC prepares disclosures and/or provides any such advice, such disclosures prepared and/or advice rendered as part of PwC's Services will be based on applicable case law, reasonable interpretation of legislation and available guidance. There is no guidance on the substantive aspects of the codified economic substance doctrine. The strict liability penalty is not affected by whether the position taken on the return meets standards regarding levels of confidence.

Under IRC Section 6664(c), no exceptions (including the reasonable cause exception) to the imposition of such penalties are available and therefore no advice will protect Client from any such penalties. Therefore, PwC shall not be liable for any federal or state penalties imposed on Client if any portion of a transaction is determined to lack economic substance or fails to satisfy any similar rule of law or if the disclosure of such transaction is determined to be inadequate.



**Written Advice.** The content of the written advice to be provided during the provision of Services is limited to the matters specifically addressed therein and, unless otherwise agreed in this engagement letter, does not address any other potential tax consequences, including the potential application of tax penalties to any matter.

PwC's advice is not binding upon any taxing authority or the courts, and there is no assurance that any relevant taxing authority will not successfully assert a contrary position. Counsel and Client acknowledge that their ability to use PwC's advice for purposes of demonstrating reasonable cause with respect to any tax penalties is based on a variety of factors, and that there can be no guarantee that PwC's advice alone will provide such protection. Furthermore, all advice, including drafts and oral advice relating to the subject matter of an engagement provided prior to PwC's final written deliverable are preliminary in nature and are not intended to constitute PwC's final advice regarding the matters or transactions to which the written advice relates.

**Tax Return Disclosure and Tax Advisor Listing Requirements.** Certain federal and state regulations require taxpayers to disclose their participation in certain reportable transactions to the taxing authorities. Counsel and Client shall advise PwC if Counsel and Client determine that any matter covered by this engagement letter is a reportable transaction requiring disclosure. Certain federal and state regulations also require PwC to submit information returns and maintain lists of certain client engagements if PwC is a material advisor to clients that have participated in a reportable transaction. Therefore, if PwC determines, after consultation with Counsel and Client, that Client has participated in a transaction that requires PwC to register and/or list the transaction, PwC will place Client's name and other required information on a list. PwC will contact Counsel and Client if PwC is required to provide Client's name to the U.S. Internal Revenue Service or any state in connection with any matter under this engagement letter.

**Internal Revenue Code Section 6694 Preparer Standards.**

**(a)** Federal law and certain state laws impose obligations on tax return preparers with respect to a position reported on a tax return or claim for refund that does not meet certain standards regarding levels of confidence. If, during the course of applicable Services, PwC identifies a position that does not meet these standards, PwC will advise Counsel and Client about Client's penalty exposure and whether Client can avoid penalty through disclosure. If PwC is preparing the return or claim for refund, and it is concluded that disclosure is required, PwC will prepare the disclosure and provide it to Counsel and Client.

**(b)** PwC's work may require consultation with a PwC subject matter specialist to reach and document the level of technical support for the position. PwC will discuss with Counsel and Client any additional fees that may be incurred as a result of complying with these requirements.

**Additional Consents.** Notwithstanding anything to the contrary in the engagement letter, Counsel and Client authorize PwC to participate in discussions with and to disclose Client's information, including Client's current and/or prior years' tax return information to: (i) PwC Subcontractors within or outside the United States for the purposes described in the engagement letter; and (ii) Client's agents, representatives, administrators, or professional advisors (including accountants, attorneys, financial, and other professional advisors), their respective officers, directors, or employees, and other parties as Counsel and Client may direct. The foregoing consent is valid until further notice by Counsel and Client. Counsel and Client may, in this engagement letter or otherwise in writing, request a more limited disclosure than the foregoing.

**Additional Terms: PwC Technology.** Notwithstanding any term or condition to the contrary in subsection (d) under the "Deliverables: Terms and Definitions" heading, Counsel and Client shall not give access to PwC Technology to any third party, including without limitation to any third-party consultants, contractors, or other persons who are not active employees of Counsel or Client, without specific written authorization from PwC.



**EXHIBIT B**

# ADDITIONAL PROVISIONS APPLICABLE TO TRANSACTION SERVICES AND ACCOUNTING ADVISORY SERVICES

**Services.** The provisions in this Exhibit B apply to Transaction Services and Accounting Advisory Services. "Transaction Services" means: PwC's due diligence related Services (including financial, tax-related, commercial, IT, operational, and/or strategic due diligence); mergers, acquisitions, and divestitures related consulting and tax Services (including strategy consulting Services, post deal integration Services and tax structuring Services); restructuring Services; and valuation Services. "Accounting Advisory Services" means advice and assistance PwC may provide in connection with Counsel's and Client's evaluation of accounting, reporting, and regulatory issues and assistance with the preparation of schedules, account analyses, reconciliations, and data accumulation for accounting and financial reporting purposes, including tax-related accounting and financial reporting Services.

**Engagement Limitations.** PwC performs the Services on the basis that information provided is accurate and complete. Preliminary advice and draft deliverables are works in progress, and Counsel and Client should not rely on these until PwC confirms its advice or provides Counsel and Client with a final Deliverable. The Services cannot provide assurance that matters of significance to Counsel and Client will be disclosed, and the Services are not intended or likely to identify or disclose fraud, error or misrepresentation, any financial statement misstatements or to identify or disclose any wrongdoing or noncompliance with laws and regulations. The Services and Deliverables do not include the provision of legal or investment advice, a fairness or solvency opinion, or a recommendation to purchase, sell, or transfer an interest in an entity or any securities or assets. PwC is not a registered broker/dealer or investment advisor as defined by federal securities laws and will not perform broker/dealer or investment advisor services. PwC's hourly fees are not contingent upon the consummation of a transaction or any aspects of the Services and/or Deliverables.

**Client Responsibilities.** In addition to Counsel's and Client's responsibilities in the engagement letter, Client is responsible for the preparation of its financial statements, tax returns, and any proposed acquisition, investment, transfer, disposal, or divestment including the process of conducting and structuring any transaction, setting the price, making decisions to purchase, sell, or transfer an interest in an entity or any securities or assets and the information provided to third parties in connection therewith. The Services or Deliverables, including any oral advice or comments, should not be associated with, referred to, or quoted in any manner in any financial statements or any offering memorandum, prospectus, registration statement, public filing, loan, or other agreements.

**No Obligations of Confidentiality.** Notwithstanding anything to the contrary in this engagement letter, Counsel and Client have no obligation of confidentiality with respect to any portion of any materials, advice or Deliverables to the extent that they concern the tax structure or tax treatment of any transaction. If Counsel and Client make a disclosure pursuant to this paragraph, Counsel and Client will only disclose information directly related to the tax structure or tax treatment of the transaction, and Counsel and Client will (a) provide PwC with the name of the person to whom the disclosure was made and a description of the information and materials disclosed; (b) notify such person that they may not rely upon such information and that PwC has no obligation, duty, liability, or responsibility to such person; and (c) use commercially reasonable efforts to obtain an executed third-party access letter from such person, as determined by PwC, other than Client's Third-Party Professional Advisors as provided for in this engagement letter.

**Relationships with Other Parties.** If Client is considering a potential acquisition of or investment in a company or business (each, a "Company"), the PwC engagement team performing Services in connection with such potential transaction will use commercially reasonable efforts to identify whether PwC or an Other PwC Firm: (i) has been engaged to perform services for that Company in connection

Case: 19-30088    Doc# 4602-24    Filed: 11/07/19    Entered: 11/07/19 19:32:50    Page 12 of 13



with the specific transaction or (ii) audits that Company. If the PwC engagement team identifies such a relationship, such PwC team shall notify Counsel and Client, provided that notification does not breach any confidentiality or legal obligations of PwC or Other PwC Firms. Counsel and Client may, in their own discretion, choose not to engage PwC to perform the Services or terminate this engagement letter for such Services as provided in the engagement letter. If Counsel and Client engage PwC to perform Services related to that Company, Counsel and Client agree not to assert that such relationships cause any conflicts that preclude PwC or Other PwC Firms from performing services. PwC will not disclose either Client's or Company's confidential information obtained from these relationships to the other without prior consent, provided that, notwithstanding anything to the contrary, PwC may disclose any information obtained while performing the Services that may affect a Company audit opinion issued by PwC or Other PwC Firms to that Company's audit engagement team in accordance with PwC's professional or legal responsibilities. The PwC personnel performing the Services for Counsel and Client will not be the same personnel providing services to that Company in connection with its audit or the specific transaction and there will be no sharing of Confidential Information between the respective teams unless otherwise authorized by Counsel, Client and that Company.

**Divestiture Services.** Deliverables related to Divestiture Services will not be prepared or written from a buyer's, investor's, or other counterparty's (each a "Buyer") perspective. Divestiture Services are not, and should not be used or relied upon as, a substitute for inquiries and procedures that a Buyer or its representatives would or should carry out. Accordingly, Deliverables that include PwC's name, brands, logos, or other information that could identify PwC as the source may not be shared with potential Buyers if the intent, either express or implied, is to mitigate or reduce the potential Buyer's own due diligence. PwC will not withhold its consent for Counsel and Client to disclose such Deliverables to a potential Buyer if such party first has the opportunity to perform its own due diligence, Counsel and Client do not assert that the scope of the Buyer's due diligence should be reduced and the Buyer first executes PwC's standard access letter. PwC's Deliverables will not be tailored in any way for distribution to potential Buyers. Counsel and Client agree that PwC and PwC Subcontractors may provide services to potential investors in or purchasers of Client or the company or business to be divested.

**Valuation Services.** PwC performs valuation services that represent an estimate of value in accordance with the AICPA's Statement on Standards for Valuation Services ("Valuation Standards"). PwC's valuation Services that represent an estimate of value will be subject to a Statement of Assumptions and Limiting Conditions and the Valuation Practitioner's Representation (as defined in the Valuation Standards). Prior to issuing estimate of value Deliverables, PwC will require written representations from Client relating to the valuation. Unless otherwise expressly agreed in writing, valuation Services are not intended to comply with the Uniform Standards of Professional Appraisal Practice of the Appraisal Foundation. If Counsel and Client request general valuations related advice, such Services and the resulting Deliverables do not represent an estimate of value as described in the Valuation Standards.