RECEIVED

NOV 07 2019

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA



FILED

NOV 07 2019

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

**3**

LEONARD K. WELSH, CSB NO. 097954
LAW OFFICES OF LEONARD K WELSH
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone: (661) 328-5328
Email: lwelsh@lkwelshlaw.com

Attorneys for MICHAEL MARROQUIN

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

In re:

PG&E CORPORATION,

   and

PACIFIC GAS & ELECTRIC COMPANY,

   Debtors.

[ ] Affects PG&E Corporation
[ ] Affects Pacific Gas & Electric Company
[X] Affects both Debtors

*All papers shall be filed in the Lead Case
No. 19-30088 (DM)

Case No. 19-30088-DM
Chapter 11
RS No. LKW-002

Date: December 11, 2019
Time: 10:00 a.m.
Place: 450 Golden Gate Avenue, 16th Floor
   San Francisco, CA
Judge: Honorable Dennis Montali

Objection Deadline: December 6, 2019
Time: 4:00 p.m. (Pacific Time)

## DECLARATION OF DANIEL RODRIGUEZ IN SUPPORT OF
## MOTION FOR RELIEF FROM AUTOMATIC STAY TO
## PERMIT LAWSUIT TO PROCEED TO TRIAL AND CONCLUSION

I, DANIEL RODRIGUEZ, declare:

1.    I am an attorney at law admitted to practice law before all courts in the State of

California and I am the President of Rodriguez & Associates, a Professional Law Corporation

("Rodriguez & Associates"). Rodriguez & Associates is the attorney of record for Michael

Marroquin ("Plaintiff") in a lawsuit filed against Pacific Gas & Electric Company and PG&E

Corporation and other persons named as defendants in the lawsuit ("the Other Defendants"). The lawsuit identified as Kern County Superior Court Case No. BCV-18-100020 ("the Lawsuit").

2.     Plaintiff's claim against Pacific Gas & Electric Company ("PG&E") and the Other Defendants arise from an incident that occurred in Kern County, California on or about May 25, 2017, Plaintiff's claim against the Defendants [including PG&E] is based on claims for Property Damage and Personal Injury caused by the operation of a Motor Vehicle and General Negligence. The facts giving rise to Plaintiff's claim against PG&E and the Other Defendants are included in the Complaint – Personal Injury, Property Damage, and Wrongful Death filed by Plaintiff on January 4, 2018 in the Kern County Superior Court ("the Complaint"). A copy of the Complaint is included in the Exhibits as Exhibit "C".

3.     Plaintiff's claim against PG&E and the Other Defendants is found in state law and the Kern County Superior Court is familiar with the facts giving rise to Plaintiff's claims. However, the Kern County Superior Court has stayed prosecution of the Lawsuit. A copy of the Minute Order entered by the Kern County Superior Court confirming that the Lawsuit is stayed is included in the Exhibits s Exhibit "D".

4.     Plaintiff's claim against PG&E and the Other Defendants needs to be liquidated and Plaintiff must be permitted to proceed in his litigation against the Other Defendants. The Kern County Superior Court is the best forum to liquidate Plaintiff's claim against PG&E and the Other Defendants because (a) Plaintiff's claim is found in state law and (b) the Kern County Superior Court is familiar with the facts giving rise to Plaintiff's claim.

5.     The Kern County Superior Court can determine all triable issues of fact concerning Plaintiff's claim against PG&E and the Other Defendants if the Motion is granted and the Lawsuit is permitted to proceed to trial and conclusion. I believe that the Bankruptcy Court granting the Motion and permitting the Lawsuit to be tried and concluded in the Kern

County Superior Court will promote judicial economy and will be in the best interest of all parties concerned.

6.     The Lawsuit is "At Issue" and ready to proceed to trial if it were not for the automatic stay created by PG&E filing its Chapter 11 cases(s). A copy of a Notice of Mandatory Settlement Conference/Final Case Management Conference/Trial filed by the Clerk of the Kern County Superior Court on July 11, 2018 showing that the Lawsuit is "At Issue" and ready to proceed to trial is included in the Exhibits as Exhibit "E".

7.     Plaintiff will not take any action against PG&E outside of Debtors' Chapter 11 cases if the Motion is granted except to liquidate his claim against PG&E or, in other words, determine the basis and amount of his claim against PG&E under the law. However, Plaintiff will pursue collections against the Other Defendants and any insurance coverage available to Debtor to the maximum extent allowed by the law if the Motion is granted.

8.     The foregoing statements are within my personal knowledge and I can testify competently thereto if called as a witness.

I declare under penalty of perjury that the foregoing statements are true and correct.

Date: November 4, 2019

/s/ Daniel Rodriguez
DANIEL RODRIGUEZ

Case: 19-30088   Doc# 4608   Filed: 11/07/19   Entered: 11/08/19 07:57:35   Page 3 of 3