| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>Stephen Karotkin (*pro hac vice*)<br>(stephen.karotkin@weil.com)<br>Ray C. Schrock, P.C. (*pro hac vice*)<br>(ray.schrock@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Theodore E. Tsekerides (*pro hac vice*)<br>(theodore.tsekerides@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007 | KELLER & BENVENUTTI LLP<br>Tobias S. Keller (#151445)<br>(tkeller@kellerbenvenutti.com)<br>Peter J. Benvenutti (#60566)<br>(pbenvenutti@kellerbenvenutti.com)<br>Jane Kim (#298192)<br>(jkim@kellerbenvenutti.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 650 636 9251 |

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

- and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

               **Debtors.**

Case Nos. 19-30088 (DM) (Lead Case)
(Jointly Administered)

**DEBTORS' BRIEF REGARDING APPLICABLE RATE OF POSTPETITION INTEREST ON ALLOWED UNSECURED CLAIMS AND JOINDER OF PG&E SHAREHOLDERS**

Date: December 11, 2019
Time: 10:00 am. (Pacific Time)
Place: United States Bankruptcy Court
        Courtroom 17, 16th Floor
        San Francisco, CA 94102

**Opposition Deadline**: November 22, 2019

1   PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), respectfully submit this *Brief Regarding the Applicable Rate of Postpetition Interest on Allowed Unsecured Claims*. As demonstrated below, binding precedent in the Ninth Circuit establishes that the rate of postpetition interest on allowed unsecured claims where a debtor is solvent, which the Debtors are presumed to be for purposes of this determination by the Court, is the federal judgment rate under 28 U.S.C. § 1961 (the "**Federal Judgment Rate**") as of the bankruptcy petition date of January 29, 2019 (the "**Petition Date**"). *See In re Cardelucci*, 285 F.3d 1231, 1235 (9th Cir. 2002). Accordingly, regardless of whatever interest rate may exist in any loan, indenture, contract, or other agreement between a claimant and the Debtors, and regardless of any California statutory rate of interest applicable outside of bankruptcy, a claimant entitled to postpetition interest on an allowed unsecured claim may only recover such interest at the Federal Judgment Rate.

The PG&E Shareholders[1] join this Brief and reserve the right to participate in argument of the matter.

---

[1] The PG&E Shareholders are the entities identified on Exhibit A to the *Fourth Amended Verified Statement Of Jones Day Pursuant To Federal Rule Of Bankruptcy Procedure* 2019 [Docket No. 4366]. The PG&E Shareholders are acting in their individual capacities but authorized the filing of this single submission for the purpose of administrative efficiency. Each of the PG&E Shareholders is expressing its independent views, and counsel for the PG&E Shareholders does not have the actual or apparent authority to obligate any one entity to act in concert with any other entity with respect to PG&E equity securities. The PG&E Shareholders have not agreed to act in concert with respect to their respective interests in PG&E equity securities.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

## TABLE OF CONTENTS

I. Preliminary Statement ...........................................................................................................1

II. Jurisdiction .........................................................................................................................1

III. Background .........................................................................................................................1

IV. Unsecured Creditors of a Solvent Debtor are Only Entitled to Postpetition Interest at the Federal Judgment Rate ........................................................................................................3

    A. Postpetition Interest on Unsecured Claims Against a Solvent Debtor is Payable at "the Legal Rate" ..........................................................................................3

    B. The Ninth Circuit Has Determined that "the Legal Rate" is the Federal Judgment Rate ......................................................................................................5

V. Any Attempt to Distinguish *Cardelucci* Must Be Rejected ................................................8

VI. Conclusion ..........................................................................................................................9

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Beguelin*,
   220 B.R. 94 (9th Cir. B.A.P. 1998) .................................................................................. 5, 7

*In re Cardelucci*,
   285 F.3d 1231 (9th Cir. 2002) ........................................................................................ *passim*

*In re Castillo*,
   488 B.R. 441 (Bankr. C.D. Cal. 2013) .................................................................................. 3

*In re Comstock Fin. Servs., Inc.*,
   111 B.R. 849 (Bankr. C.D. Cal. 1990) .................................................................................. 3

*In re Del Mission Ltd.*,
   998 F.2d 756 (9th Cir. 1993) ................................................................................................ 3

*In re Fesco Plastics Corp., Inc.*,
   996 F.2d 152 (7th Cir. 1993) ................................................................................................ 4

*In re Petite Auberge Vill., Inc.*,
   650 F.2d 192 (9th Cir. 1981) ................................................................................................ 3

*In re Robinson*,
   567 B.R. 644 (Bankr. N.D. Ga. 2017) ............................................................................... 4, 5

*In re Thompson*,
   16 F.3d 576 (4th Cir. 1994) .................................................................................................. 8

*Thompson v. Kentucky Lumber Co.*,
   860 F.2d 674 (6th Cir.1988) ................................................................................................. 3

*United States v. Ron Pair Enterprises, Inc.*,
   489 U.S. 235 (1989) .............................................................................................................. 4

*In re Wallace*,
   No. 04-08560, 2007 WL 321402 (Bankr. E.D. Wash. Jan. 29, 2007) ................................ 5

*In re Washington Mutual, Inc.*,
   461 B.R. 200 (Bankr. D. Del. 2011) ..................................................................................... 2

*In re Williams, Love, O'Leary & Powers, P.C. ("WLOP")*,
   No. 12-02049, 2013 WL 4786322 (D. Or. Sept. 3, 2013) ................................................. 5, 8

**Statutes**

11 U.S.C. § 502(b)(2) ........................................................................................................ 3, 4, 5

11 U.S.C. § 506(b) ..................................................................................................................... 4

11 U.S.C. § 726(a)(5) ....................................................................................................... *passim*

11 U.S.C. §1107(a) .................................................................................................................... 1

11 U.S.C. § 1108 ....................................................................................................................... 1

28 U.S.C. § 157 ......................................................................................................................... 1

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

28 U.S.C. § 1334 ............................................................................................................................1

28 U.S.C. § 1961(a) ............................................................................................................... *passim*

**Other Authorities**

Bankruptcy Rule 1015(b)..............................................................................................................2

Local Rule 5011-1(a) ....................................................................................................................1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

On November 4, 2019, the Debtors filed the Debtors' Joint Chapter 11 Plan of Reorganization dated November 4, 2019, Docket No. 4563 (the "**Debtors' Plan**"). Pursuant to the Debtors' Plan and consistent with well-settled Ninth Circuit authority, holders of allowed unsecured claims in Classes 2, 3 and 4, which consist of priority non-tax claims, prepetition unsecured funded debt claims and prepetition general unsecured claims (other than wildfire-related claims), are to receive payment in full of their claims in cash, plus interest accrued from the commencement date of these Chapter 11 Cases through the effective date of the Debtors' Plan at the Federal Judgment Rate. *See* Debtors' Plan §§ 4.2–4.4, 4.15–4.17. The Federal Judgment Rate is defined in the Debtors' Plan to be "the interest rate of 2.59% as provided under 28 U.S.C. § 1961(a), calculated as of the Petition Date in accordance with *In re Cardelucci*, 285 F.3d 1231 (9th Cir. 2002)." *See* Debtors' Plan § 1.68.

As demonstrated below, the issue before the Court cannot be the subject of any legitimate dispute. The Ninth Circuit in *In re Cardelucci* squarely addressed this very same issue and its holding is clear and unequivocal – postpetition interest on allowed unsecured claims asserted against a solvent chapter 11 debtor is to be paid at the federal judgment rate. And the Ninth Circuit, relying on statutory, equitable, and fairness among creditor grounds, expressly rejected the argument that the contract rate or any other interest rate should be applied. *Cardelucci* is dispositive, and the creditors' arguments for higher rates of interest cannot overcome this controlling precedent.

## II. JURISDICTION

This Court has jurisdiction to consider these issues pursuant to 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California.

## III. BACKGROUND

On January 29, 2019, each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

Prior to the Petition Date, the Debtors were parties to, and had unsecured prepetition obligations outstanding under or related to, a number of agreements, including, without limitation, prepetition senior bond indentures and notes, term loan agreements, revolving loan agreements, and other financial instruments. The documents that govern and set forth the terms of the parties' relationships contain varying rates of interest ranging from 2.45% to 6.05%. The Debtors understand that noteholders, lenders, and respective trustees and administrative agents will contend that contract rates should apply in determining the rate of postpetition interest on any allowed claims arising under their respective funded debt documents. In addition, the Debtors understand that certain trade creditors may argue that they are entitled to various rates of interest set forth in their applicable supply arrangements with the Debtors and that other trade creditors with contracts or agreements that do not provide for an applicable default rate of interest may contend they are entitled to statutory interest under certain California state statutes, including section 3289 of the California Civil Code. There may also be other general unsecured creditors who claim entitlement to postpetition interest at a rate other than the Federal Judgment Rate. This is an important matter. Assuming that the Debtors exit chapter 11 on June 30, 2020, the difference in postpetition interest calculated at the Federal Judgment Rate and postpetition interest calculated at the various different contract rates on just the Debtors' unsecured funded debt alone will be approximately $500 million.

As shown below, the terms of any prepetition agreement with the Debtors are irrelevant to the appropriate rate of postpetition interest to be payable under the Debtors' Plan. No unsecured creditor is entitled to postpetition interest on an allowed unsecured claim at any rate other than the Federal Judgment Rate under controlling Ninth Circuit law. The Federal Judgment Rate is calculated under 28 U.S.C. § 1961(a) as "a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." For purposes of postpetition interest on an allowed unsecured claim, "the date of the judgment" is the bankruptcy petition date. *See, e.g., In re Washington Mutual, Inc.*, 461

B.R. 200, 246 (Bankr. D. Del. 2011) ("The case law is uniform in holding that it is the petition date at which the federal judgment rate is determined for purposes of awarding interest under section 726(a)(5).")). Under 28 U.S.C. § 1961(a), the Federal Judgment Rate on the Petition Date applicable to the Debtors' Plan is 2.59%.[2]

### IV. UNSECURED CREDITORS OF A SOLVENT DEBTOR ARE ONLY ENTITLED TO POSTPETITION INTEREST AT THE FEDERAL JUDGMENT RATE

Under the Debtors' Plan, holders of Priority Non-Tax Claims, Funded Debt Claims, and General Unsecured Claims (as such terms are defined in the Debtors' Plan) will be paid in full in cash for their allowed claims as determined under section 502 of the Bankruptcy Code. In addition, under the Debtors' Plan such holders will receive postpetition interest at the Federal Judgment Rate. *See* Debtors' Plan §§ 4.2 – 4.4, 4.15 – 4.17. This treatment is mandated by the Bankruptcy Code and governing Ninth Circuit authority.

#### A. Postpetition Interest on Unsecured Claims Against a Solvent Debtor is Payable at "the Legal Rate"

In a typical chapter 11 case, general unsecured creditors are not entitled to any postpetition interest because section 502(b)(2) of the Bankruptcy Code "prohibits claims for postpetition interest on unsecured claims." 11 U.S.C. § 502(b)(2); *see In re Del Mission Ltd.*, 998 F.2d 756, 757 (9th Cir. 1993) (citations omitted); *In re Petite Auberge Vill., Inc.*, 650 F.2d 192, 196 (9th Cir. 1981) ("[W]e will not permit the state to recover tax penalties and post-petition interest by characterizing them as 'delinquent taxes.'"); *In re Castillo*, 488 B.R. 441, 448 (Bankr. C.D. Cal. 2013) (section 502(b)(2) disallows claims for postpetition interest); *In re Comstock Fin. Servs., Inc.*, 111 B.R. 849, 860 (Bankr. C.D. Cal. 1990) ("11 U.S.C. § 502(b)(2) provides that no claim shall be allowed for unmatured interest. This means that it is inappropriate to allow an unsecured creditor payment of postpetition interest on an unsecured prepetition claim.") (citing *Thompson v. Kentucky Lumber Co.*, 860 F.2d 674 (6th Cir.1988)); *see also* 4 Collier on Bankruptcy ¶ 502.03 (16th ed. 2019) (discussing "[t]he principle that interest stops running from the date of the filing of the petition").

---

[2] U.S. Dep't of the Treasury, 2019 Daily Treasury Yield Curve Rates https://www.treasury.gov/resource-center/data-chart-center/interest-rates/Pages/TextView.aspx?data=yieldYear&year=2019.

The Bankruptcy Code provides two limited exceptions to this rule prohibiting postpetition interest. The first exception, codified in section 506(b) of the Bankruptcy Code and not applicable here, occurs when the oversecuritization of a debt permits the collateral held as security to satisfy both the principal and interest on a debt. *See United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989); *In re Fesco Plastics Corp., Inc.*, 996 F.2d 152, 156 (7th Cir. 1993). The second narrow exception, provided under section 726(a)(5) of the Bankruptcy Code, permits the recovery of postpetition interest on allowed unsecured claims at "the legal rate from the date of the filing of the petition," in cases where the debtor is determined to be solvent, as is assumed here.

The Ninth Circuit has held that, in a chapter 11 case "[w]here a debtor in bankruptcy is solvent, an unsecured creditor is entitled to 'payment of interest at the legal rate from the date of the filing of the petition' prior to any distribution of remaining assets to the debtor." *Cardelucci*, 285 F.3d at 1234 (quoting 11 U.S.C. § 726(a)(5)); *In re Williams, Love, O'Leary & Powers, P.C.* ("WLOP"), 588 F. App'x 559, 560 (9th Cir. 2014) (in a chapter 11 case, "[a]s an unsecured creditor, Brann is entitled to post-petition interest 'at the legal rate'"); see 4 Collier on Bankruptcy ¶ 502.03 (16th ed. 2019) ("When interest is payable because a debtor proves to be solvent, the proper rate of interest under the statute is 'the legal rate.'").

Importantly, this limited right to recover postpetition interest on an allowed unsecured claim against a solvent debtor does not equate to the *allowance* of a contractual claim for postpetition interest. Section 502(b)(2) disallows all such claims. Instead, the postpetition interest contemplated by section 726(a)(5) and *Cardelucci* is a bankruptcy-specific right to interest, "at the legal rate," on an unsecured claim that has been allowed as of the petition date without consideration of unmatured interest. *See, e.g., In re Robinson*, 567 B.R. 644, 649–50 (Bankr. N.D. Ga. 2017) ("Post-petition interest is *not part of the allowed claim* pursuant to Section 502(b)(2), but the Code provides when and at what rate that post-petition interest can be paid *on* the allowed claim pursuant to Section 726(a)(5).") (emphasis added). The statutory text makes this point clear. Section 502(b)(2) disallows a "claim . . . *for* unmatured interest," while section 726(a)(5) permits "payment of [postpetition] interest . . . *on* [the allowed] claim." 11 U.S.C. §§ 502(b)(2), 726(a)(5) (emphasis added).

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Accordingly, the "legal rate" contemplated by section 726(a)(5) is separate and distinct from the nonbankruptcy entitlements that make up a creditor's allowed unsecured claim, including any contractual rights to a different rate of interest.

### B. The Ninth Circuit Has Determined that "the Legal Rate" is the Federal Judgment Rate

The Ninth Circuit has interpreted the Bankruptcy Code's use of the term "the legal rate" and concluded that section 726(a)(5) "mandates" application of the federal judgment rate for purposes of determining the appropriate rate of postpetition interest on unsecured claims in a chapter 11 case. *Cardelucci*, 285 F.3d at 1233; *see also Robinson*, 567 B.R. at 645 ("The leading case interpreting this phrase . . . is *In re Cardelucci*.") (full citation omitted); *WLOP*, No. 3:12-CV-02049-AA, 2013 WL 4786322, at *3 (D. Or. Sept. 3, 2013) ("As held by *Cardelucci*, 'interest at the legal rate' under § 726(a)(5) is the federal judgment rate of interest."), *aff'd*, 588 F. App'x 559 (9th Cir. 2014) ("We have already held that 'the legal rate' means the federal judgment rate."); *In re Beguelin*, 220 B.R. 94, 101 (9th Cir. B.A.P. 1998) ("we hold that the federal judgment rate is the appropriate measure of interest under § 726(a)(5)"); *In re Wallace*, No. 04-08560, 2007 WL 321402, at *7 (Bankr. E.D. Wash. Jan. 29, 2007) ("The Ninth Circuit . . . has ruled that a single rate of interest should be applied, based on the federal statutory rate pursuant to 28 U.S.C. § 1961(a).") (citing *Cardelucci*). This conclusion cannot be seriously debated and has been the law in this Circuit since at least the *Cardelucci* decision, which adopted the reasoning of the BAP in *Beguelin*. *See Cardelucci*, 285 F.3d at 1234.

In *Cardelucci*, the Ninth Circuit addressed the precise issue now before the Court, and the Ninth Circuit's decision is controlling and dispositive here. In *Cardelucci*, it was agreed that the creditor was entitled to postpetition interest under the debtor's chapter 11 plan, but the parties disputed the applicable interest rate. In affirming that the federal judgment rate applied, the Ninth Circuit made two critical holdings. First, as noted above, it held that unsecured creditors' entitlement to postpetition interest in chapter 11 arises from section 726(a)(5). *Cardelucci*, 285 F.3d at 1234. Second, it held that the "legal rate" under section 726(a)(5) is the federal judgment rate:

> This appeal presents the narrow but important issue of whether such post-petition interest is to be calculated using the federal judgment interest rate or is determined by the parties' contract or state law. We conclude that 11 U.S.C. § 726(a)(5) mandates application of the federal interest rate.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

*Id.* at 1233.

In so holding, the Ninth Circuit found that many considerations pointed to the conclusion that Congress intended for the federal judgment rate to apply. First and foremost, the statutory text "lend[s] strong support to the conclusion that Congress intended 'interest at the legal rate' in 11 U.S.C. § 726(a)(5) to mean interest at the federal statutory rate pursuant to 28 U.S.C. § 1961(a)." *Id*. at 1234.

> The definite article "the" instead of the indefinite "a" or "an" indicates that Congress meant for a single source to be used to calculate post-petition interest. The use of "legal rate" indicates that Congress intended the single source to be statutory because the commonly understood meaning of "at the legal rate" at the time the Bankruptcy Code was enacted was a rate fixed by statute. Congress' choice of the phrase "interest at the legal rate" suggests that it intended for bankruptcy courts to apply *one uniform rate defined by federal statute*.

*Id.* at 1234-35 (citations omitted; emphasis added). The Ninth Circuit also observed that the legislative history bolsters this conclusion, as "Congress specifically chose the language 'interest at the legal rate,' replacing the originally proposed language 'interest on claims allowed.' . . . Thus, instead of a general statement allowing for awards of interest, Congress specified what type and amount of interest could be awarded with the specific phrasing 'at the legal rate.'" *Id.* at 1234.

The Ninth Circuit found application of the federal judgment rate to be logical because an allowed claim in bankruptcy is akin to a judgment and, "[i]n this respect, the purpose of post-petition interest makes the award analogous to an award of post-judgment interest." *Id.* at 1235. Just as in diversity actions in federal court where a prevailing plaintiff may be entitled to pre-judgment interest at the state rate but post-judgment interest at the federal rate, "[i]n bankruptcy, an allowed claim becomes a federal judgment and therefore entitles the holder of the judgment to an award of interest pursuant to federal statute." *Id.*

The Ninth Circuit also was persuaded by the policy considerations outlined by the BAP in *Beguelin*, concluding that "the interests of 'fairness, equality, and predictability in the distribution of interest on creditor claims' as well as the interest in applying federal law to federal bankruptcy cases required application of the federal judgment rate approach." *Id.* (quoting *Beguelin*, 220 B.R. at 100-01).

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

Further, the Ninth Circuit noted that the federal judgment rate both "promotes uniformity within federal law" and within a particular bankruptcy case:

> [A]pplying a single, easily determined interest rate to all claims for post-petition interest ensures equitable treatment of creditors. An overriding policy consideration in an award of interest to a creditor is the balancing of equities among the creditors. *See Vanston Bondholders Protective Committee v. Green*, 329 U.S. 156, 165, 67 S.Ct. 237, 91 L.Ed. 162 (1946) ("It is manifest that the touchstone of each decision on allowance of interest in bankruptcy, receivership and reorganization has been a balance of equities between creditor and creditor or between creditors and the debtor."). By using a uniform interest rate, no single creditor will be eligible for a disproportionate share of any remaining assets to the detriment of other unsecured creditors. *See Beguelin*, 220 B.R. at 100 (citing *In re Melenyzer*, 143 B.R. at 832).

*Id.* at 1235-36.

Finally, "application of the federal judgment rate is the most judicially efficient and practical manner of allocating remaining assets," particularly where, as here, "[c]alculating the appropriate rate and amount of interest to be paid to a myriad of investors has the potential to overwhelm what could otherwise be a relatively simple process pursuant to 11 U.S.C. § 726(a)(5)." *Id.* at 1236; *see, e.g.*, *Beguelin*, 220 B.R. at 1010 ("It is not hard to imagine the administrative nightmare that bankruptcy trustees would otherwise face if they were required to calculate a different interest rate, based on a different source of interest rate, for each creditor.").

Notably, although the Ninth Circuit recognized the potential that "a debtor may receive a windfall from the application of a lower federal interest rate," any effort to modify the rate based on alleged countervailing equitable concerns fail because "'interest at the legal rate' is a statutory term with a definitive meaning that cannot shift depending on the interests invoked by the specific factual circumstances before the court." *Cardelucci*, 285 F.3d at 1235 (citing *In re Thompson*, 16 F.3d 576, 581 (4th Cir. 1994)).

In short, the law in this Circuit—binding on this Court—is clear: where there is a solvent chapter 11 debtor as assumed here, a prepetition unsecured creditor is entitled to postpetition interest on its allowed claim at the Federal Judgment Rate. *See WLOP*, 2013 WL 4786322, at *1 ("I find that this court is bound by the Ninth Circuit's ruling in [*Cardelucci*]."). No other rate applies.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

## V. ANY ATTEMPT TO DISTINGUISH CARDELUCCI MUST BE REJECTED

As already has been suggested to the Court in prior hearings, creditors seeking to be paid postpetition interest at higher rates no doubt will contend that *Cardelucci* is distinguishable because it is purportedly premised on section 726(a)(5) of the Bankruptcy Code, which they will argue only applies in chapter 11 cases to impaired classes of claims via section 1129(a)(7)'s "best interests" test.

The Debtors and PG&E Shareholders will respond fully to any such arguments in their opposition briefing, and reserve all rights in this regard. For purposes of this Brief, the Debtors and PG&E Shareholders merely note that any attempt to "distinguish" *Cardelucci* necessarily will conflict with the Ninth Circuit's specific holdings and will amount to nothing more than a disguised effort to overrule the decision. To start, both *Cardelucci* and the Ninth Circuit's subsequent decision in *WLOP* were chapter 11 cases that mandated postpetition interest at the federal judgment rate without exception. Neither relied in any way on provisions of the Bankruptcy Code other than section 726(a)(5) and neither made any mention of the best interests test. To the contrary, as noted above, *Cardelucci* (followed by *WLOP*) broadly holds without any caveat or condition that, "[w]here a debtor in bankruptcy is solvent, an unsecured creditor is entitled to 'payment of interest at the legal rate from the date of the filing of the petition.'" *Cardelucci*, 285 F.3d at 1234; *WLOP*, 588 F. App'x at 560 ("[a]s an unsecured creditor, Brann is entitled to post-petition interest 'at the legal rate'"). That unequivocal holding is not in any way limited to impaired claims, contingent on application of the best interests, or qualified in any other respect. *Cardelucci* thus cannot be distinguished on the ground that the Debtors' Plan does not impair unsecured claims.

Further, any attempt to invoke "equitable principles" to evade *Cardelucci* will run headlong into *Cardelucci*'s unambiguous command that the federal judgment rate is the only rate payable on unsecured claims against a solvent debtor – a command "that cannot shift depending on the interests invoked by the specific factual circumstances before the court." *Cardelucci*, 285 F.3d at 1236. The Ninth Circuit already has performed all the equitable balancing that is required, concluding that application of a uniform federal judgment rate in chapter 11 "ensures equitable treatment of creditors," "promotes fairness among creditors," and is "the most judicially efficient and practical manner of

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

allocating remaining assets." *Cardelucci*, 285 F.3d at 1236. *Cardelucci* simply leaves no room for consideration of the alleged equities that creditors seeking higher rates of interest are sure to invoke.

## VI. CONCLUSION

For all the foregoing reasons, the Court should follow this Circuit's binding precedent and hold that the Federal Judgment Rate is the only appropriate rate in calculating postpetition interest on any allowed unsecured claim in a solvent debtor case under chapter 11, notwithstanding the terms of any prepetition contract or agreement that may exist between the Debtors and the holder of an allowed unsecured claim and any applicable state law to the contrary.

Dated: November 8, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/*Theodore E. Tsekerides*
Theodore E. Tsekerides

*Attorneys for Debtors
and Debtors in Possession*