Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone:    628.208.6434
Facsimile:    310.820.8859
Email:  rjulian@bakerlaw.com
Email:  cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
David J. Richardson (SBN 168592)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone:   310.820.8800
Facsimile:   310.820.8859
Email: esagerman@bakerlaw.com
Email: drichardson@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| -and- | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors** | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors | **DECLARATION OF BRENT C. WILLIAMS IN SUPPORT OF RESPONSE OF OFFICIAL COMMITTEE OF TORT CLAIMANTS TO DEBTORS' RESTATED RESTRUCTURING SUPPORT AND SETTLEMENT AGREEMENT WITH THE CONSENTING SUBROGATION CLAIMHOLDERS [DKT NO. 4554-1]** |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | |

1. I, Brent C. Williams, am a Managing Director and Co-Head of Lincoln's Special Situations Group at Lincoln Partners Advisors LLC ("**Lincoln**"), which has its principal office at 500 West Madison Street, Suite 3900 Chicago, IL. I am authorized to execute this declaration on behalf of Lincoln. Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. Lincoln is the financial advisor to the Official Committee of Tort Claimants (the "**TCC**") of PG&E Corporation and Pacific Gas and Electric Company (the "**Debtors**") in these chapter 11 cases.

3. I submit this Declaration in support of the TCC's response to the Debtors' restated Restructuring Support and Settlement Agreement with the Consenting Subrogation Claim Holders.

4. The TCC requested that Lincoln prepare an analysis of the overlapping subrogation claim holders and equity holders. For this analysis, we consulted the Fifth Amended Verified Statement of the Ad Hoc Group of Subrogation Claim Holders Pursuant to Bankruptcy Rule 2019, dated October 18, 2019, (Dkt. No. 4302) and the Fourth Amended Verified Statement of Jones Day Pursuant to Federal Rule of Bankruptcy Procedure 2019 dated October 21, 2019, (Dkt. No. 4355). Our analysis is attached hereto as **EXHIBIT A**.

5. The TCC requested that Lincoln evaluate the impact of the subrogation claim holders receiving $11 billion in cash under the Debtors' proposed plan and the potential consideration that would remain, including cash and stock, to the fire victims. For this analysis, we evaluated the Debtors' proposed plan of reorganization, which provides the Other Wildfire Claims (as defined in the Debtors' plan) with $8.4 billion in cash or non-cash consideration, at the Debtors' sole discretion, as compared to the Bondholder/TCC plan, which provides the fire victims with $13.5 billion, split equally between cash and equity. In order for the Debtors' plan to provide Fire Claimants with $13.5 billion of total consideration as provided for in the Bondholder/TCC Plan, it is likely that a significant portion of the total consideration to Other Wildfire Claims would be provided in the form of equity and other non-cash consideration.

6. The TCC requested that Lincoln research whether current equity holders participated in the proxy battle to elect the current Board of Directors of the Debtors. Attached

hereto as **EXHIBIT B** is a true and correct copy of Schedule 13D, dated March 8, 2019, as it pertains to Knighthead Capital Management, LLC, which states the following on page 4:

> On March 8, 2019, the Reporting Person and two other shareholders, Redwood Capital Management, LLC, a Delaware limited liability company, and Abrams Capital Management, L.P., a Delaware limited partnership (collectively, the "Other Shareholders"), had an initial joint conference call, together with financial advisers and counsel, to discuss the status of discussions with representatives of the Company regarding the Board refreshment and CEO selection processes. During their telephone conference, each of the Reporting Person and the Other Shareholders mutually agreed to act in concert to submit director candidate nominations to the Company if they collectively determined nominations to be appropriate.

The agreement is attached thereto as Ex. 99.1 A New York Times article dated April 3, 2019, attached hereto as **EXHIBIT C**, reported that "PG&E said its management had discussed the selection of a new chief executive and board members with three investment firms: Abrams Capital Management, Knighthead Capital Management and Redwood Capital Management. The firms, according to PG&E, support Mr. Johnson and the new board."

7.    The TCC requested that Lincoln research the amount that Baupost Group LLC paid for their subrogation claims. Attached hereto as **EXHIBIT D** is a true and correct copy of an article dated September 13, 2019 from the Wall Street Journal entitled "Klarman's Baupost Poised to Cash In On PG&E Insurance Bet." The article states that "Baupost paid 30 cents on the dollar to 35 cents on the dollar for a significant number of California wildfire claims in late 2018 and early 2019."

*Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.*

Dated:   New York, New York
         November 8, 2019

_____
Brent C. Williams