| | |
|---|---|
| Robert A. Julian (SBN 88469)<br>Cecily A. Dumas (SBN 111449)<br>BAKER & HOSTETLER LLP<br>1160 Battery Street, Suite 100<br>San Francisco, CA 94111<br>Telephone: 628.208.6434<br>Facsimile: 310.820.8859<br>Email: rjulian@bakerlaw.com<br>Email: cdumas@bakerlaw.com | WEIL, GOTSHAL & MANGES LLP<br>Stephen Karotkin (*pro hac vice*)<br>(stephen.karotkin@weil.com)<br>Ray C. Schrock, P.C. (*pro hac vice*)<br>(ray.schrock@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007 |
| Eric E. Sagerman (SBN 155496)<br>David J. Richardson (SBN 168592)<br>Lauren T. Attard (SBN 320898)<br>BAKER & HOSTETLER LLP<br>11601 Wilshire Blvd., Suite 1400<br>Los Angeles, CA 90025-0509<br>Telephone: 310.820.8800<br>Facsimile: 310.820.8859<br>Email: esagerman@bakerlaw.com<br>Email: drichardson@bakerlaw.com<br>Email: lattard@bakerlaw.com | CRAVATH, SWAINE & MOORE LLP<br>Paul H. Zumbro (pro hac vice)<br>(pzumbro@cravath.com)<br>Kevin J. Orsini (pro hac vice)<br>(korsini@cravath.com)<br>Omid H. Nasab (pro hac vice)<br>(onasab@cravath.com)<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel: 212 474 1000<br>Fax: 212 474 3700 |
| *Counsel to the Official Committee of Tort Claimants* | *Attorneys for Debtors and Debtors in Possession* |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>   -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                                                      **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11 (Lead Case)<br>(Jointly Administered)<br><br>**STIPULATION BETWEEN DEBTORS AND OFFICIAL COMMITTEE OF TORT CLAIMANTS TO EXTEND BAR DATE FOR FIRE CLAIMANTS AND FOR APPOINTMENT OF CLAIMS REPRESENTATIVE**<br><br>Re: Docket No. 4292<br><br>No Hearing Requested |

This stipulation and agreement for order ("**Stipulation**") is entered into by PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, the "**Debtors**"), on the one hand, and the Official Committee of Tort Claimants (the "**TCC**"), on the other.  The Debtors and the TCC are referred to in this Stipulation collectively as the "**Parties**," and each as a "**Party**."  The Parties hereby stipulate and agree as follows:

**RECITALS**

A. On July 1, 2019, the Court entered an order [Dkt. No. 2806] (the "**Bar Date Order**[1]") approving the *Motion of Debtors Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 for Order (i) Establishing Deadline for Filing Proofs of Claim, (ii) Establishing the Form and Manner of Notice Thereof, and (iii) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Dkt. No. 1784] (the "**Bar Date Motion**"), as modified prior to, and as set forth on the record at, the hearing on the Bar Date Motion.

B. The Debtors believe (i) the Notice Procedures, including the Supplemental Notice Plan as implemented by the Debtors and approved by the Court were broad, robust, and far surpassed the requirements for reasonable and adequate notice of the Bar Date as required under the Bankruptcy Code and otherwise applicable law, and (ii) the results (including the frequency and reach of the Supplemental Notice Plan) far exceeded the results typically achieved in other class action or chapter 11 cases.

C. The TCC maintains that this case presents unique facts and circumstances that require additional measures with respect to the Bar Date. On October 18, 2019, the TCC filed its *Motion of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. §§ 105(a) and 501 and Fed. R. Bankr. P. 3003(c) for Entry of an Order Extending the Bar Date* [Dkt. 4292] (the "**Bar Date Extension Motion**"), and supporting pleadings and declarations, which is set for a hearing before the Court on November 13, 2019, at 9:30 a.m.  The

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Bar Date Order.

Motion asks this Court to extend the original bar date of October 21, 2019 (the "**Original Bar Date**"), to January 31, 2019, solely with respect to Fire Claimants (as defined in the Bar Date Order) and appoint a third-party to assist non-governmental Fire Claimants who have not filed Proofs of Claim by the Original Bar Date (the "**Unfiled Fire Claimants**") with understanding and gaining access to the system for filing Proofs of Claim. Alternatively, the Motion asks that the Court set an earlier extended bar date of December 5, 2019 and appoint an expert to determine whether a further extension would be required.

D. Counsel for the Debtors and Counsel for the TCC have met and conferred to discuss the relief requested by the TCC in the Bar Date Extension Motion, and have reached an agreement on the terms herein to extend the Original Bar Date and to resolve all matters with respect to the Bar Date Extension Motion.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT:**

1. The Original Bar Date will be extended solely for the benefit of Unfiled Fire Claimants to December 31, 2019 at 5:00 p.m. (Prevailing Pacific Time) (the "**Extended Bar Date**").

2. Subject to entry of an order approving this Stipulation, Michael G. Kasolas shall be appointed by the Court to serve as a special claims representative for Unfiled Fire Claimants (the "**Claims Representative**"), *nunc pro tunc* to November 1, 2019. The Claims Representative shall be given broad discretion to conduct his tasks for the benefit of Unfiled Fire Claimants and shall be tasked with (the "**Tasks**"):

    (i) identifying and locating Unfiled Fire Claimants and implementing procedures to provide notice of the Extended Bar Date to Unfiled Fire Claimants;

    (ii) establishing and implementing procedures to inform and educate Unfiled Fire Claimants about their rights to file Fire Claims by the Extended Bar Date, and implementing reasonable methods to reach Unfiled Fire Claimants to inform them

of the Extended Bar Date and how to file Fire Claimants Proof of Claim Forms on account of any Fire Claims;

(iii) assisting Unfiled Fire Claimants with the process of filing Fire Claimants' Proof of Claim Forms in these cases, including coordinating with Prime Clerk LLP ("**Prime Clerk**") who will be independently setting up locations within the fire zone areas where Prime Clerk representatives shall receive Proof of Claim Forms; and

(iv) periodically reporting to both this Court and to Judge Donato on progress and results.

3. The Claims Representative will have the authority to engage staff, personnel, vendors (including but not limited to media/advertising, project management services, technology solutions, public relations, and other consultants), and counsel (collectively the "**Team**") to assist in the implementation of the Tasks.

4. The reasonable and documented fees and expenses of the Claims Representative and any of his Team shall be allowed administrative expenses of the Debtors' estates and paid by the Debtors in the ordinary course of business, without further application to or order of the Court, upon receipt of invoice. If any dispute arises relating to any invoice, the parties shall meet and confer in an attempt to resolve the dispute and, if resolution is not achieved, the matter shall be resolved by the Court. The Claims Representative shall not be personally responsible or liable for the fees and expenses of his Team, and may apply to the Court for approval of advance fees or costs if deemed necessary in order to successfully complete the Tasks. The Claims Representative and his Team will not act as an agent or representative of the Debtors and, accordingly, the Debtors shall have no responsibility or liability for, and no obligations to indemnify or hold harmless the Claims Representative or his Team for any acts or omissions whatsoever. In addition, the Claims Representative and his Team will not owe any duty to any Unfiled Fire Claimants (whether known or unknown) that are unable to be located or who do not file a claim, nor shall the Claims Representative and his Team have any duty to represent Unfiled Fire

Claimants who file Proofs of Claim or to defend their claims once filed. In order to avoid duplication of efforts, the Claims Representative and his Team may capitalize and build upon the work conducted in the Wildfire Assistance Program and the Notice Procedures, including the Supplemental Notice Plan. The Claims Representative and his Team, acting within the course and scope of their agency and representation, are entitled to rely on all outstanding rules of law and Orders of this Court, and the U.S. District Court for the Northern District of California, and shall not be liable to anyone for their good faith compliance with any Order, rule, law, judgment or decree. In no event shall the Claims Representative or his Team be liable to anyone for their good faith compliance with their respective duties and responsibilities as the Claims Representative or Team, nor shall the Claims Representative or Team be liable to anyone for any actions taken or omitted by them, in each case, except upon a finding of this Court that they acted or failed to act as a result of malfeasance, bad faith, intentional misconduct, or reckless disregard of their respective duties.

5. The Claims Representative and his Team will consult with the TCC, Debtors, and Prime Clerk to maximize the effectiveness of the Extended Bar Date while avoiding undue duplication of efforts and to minimize costs. Prime Clerk will cooperate with the Claims Representative, including by responding to reasonable claims-related information requests.

6. Notwithstanding anything herein to the contrary, Fire Claimant Proof of Claim Forms must be submitted in accordance with the procedures and in the manner set forth in the Bar Date Order; *except that* (i) Unfiled Fire Claimants shall have until the Extended Bar Date to submit their claims in accordance with the procedures set forth in the Bar Date Order; (ii) Prime Clerk may receive Proof of Claim Forms from Unfiled Fire Claimants at the locations established within the fire zones pursuant to Paragraph 2(iii) above; and (iii) the Claims Representative may, at his discretion, utilize the claims filing system implemented between Prime Clerk and BrownGreer for storage and uploading of completed Proof of Claim Forms under Paragraph 3 of the Order re: the Production of the

BrownGreer Database [Dkt. 3922].[2]

7. The Claims Representative shall be permitted to seek to obtain information necessary from any of the various parties including the TCC, the Debtors, and the Ad Hoc Subrogation Group. The Claims Representative will be deemed a "Receiving Party" entitled to receive and review materials designated in discovery in these cases as Highly Confidential or Professional Eyes Only, pursuant to Section 7.3 of the Confidentiality and Protective Order dated August 8, 2019 [Dkt. 3405], as well as to receive and review any materials designated with less-protected designations, such as "Confidential" or "Contractor Confidential," solely for the purpose of contacting or providing notice to Unfiled Fire Claimants for the purposes of this Stipulation. The Claims Representative will also be subject to all other terms of the Confidentiality and Protective Order pertaining to the protection and disposition of Protected Materials. Parties in these cases who are in possession of Protected Materials containing information about Unfiled Fire Claimants that may assist the Claims Representative in his duties may produce such Protected Materials to the Claims Representative under the terms of the Confidentiality and Protective Order.

8. The Claims Representative's appointment will terminate at 5:00 p.m. Pacific Standard Time on January 20, 2020, to enable the Claim Representative to file a report with the Court, and the Claims Representative will be released from its duties and obligations described in this Stipulation other than with respect to maintaining confidentiality as set forth in Paragraphs 6 and 7 hereof. Promptly following the termination of the Claim Representative's appointment, the Claims Representative shall, and shall cause all of his Team to, return all confidential materials received pursuant to Paragraph 7 above to the producing party.

9. The Parties understand and agree that nothing herein nor the existence, or act of entering

---

[2] The Claims Representative's access to filed claim data is limited to helping to identify Unfiled Fire Claimants by running comparisons with other data sources. The Claims Representative's appointment is limited to Unfiled Fire Claimants and nothing in this Order shall be construed to expand the Claims Representative's responsibilities to Filed Claimants or those claimants represented by counsel.

into, this Stipulation shall constitute or be construed as an admission or evidence of any fault, improper action, inadequacy, insufficiency, or any other legal inference or otherwise with respect to the Notice Procedures, the Supplemental Notice Plan, or the Debtors' efforts generally to provide notice of the Bar Date and related procedures to known and unknown claimants, including Known and Unknown Fire Claimants, as approved by the Court pursuant to, and in accordance with, the Bar Date Order.

10. Upon execution of this Stipulation, the hearing on the Bar Date Extension Motion shall automatically be deemed adjourned (with the Debtors' deadline to file any response or objection to the Bar Date Extension Motion extended) pending approval of this Stipulation by the Court. Upon the approval of this Stipulation by the Court, the Bar Date Extension Motion shall promptly be withdrawn.

Dated: November 11, 2019

CRAVATH, SWAINE & MOORE LLP

*/s/ Kevin J. Orsini*
Kevin J. Orsini

*Attorneys for Debtors
and Debtors in Possession*

Dated: November 11, 2019

BAKER & HOSTETLER LLP

*/s/ Robert A. Julian*
Robert A. Julian

*Attorneys for Official Committee of Tort Claimants*