| | |
|---|---|
| HOLLAND & KNIGHT LLP<br>Thomas D. Leland (pro hac vice)<br>Leah E. Capritta (pro hac vice)<br>1801 California Street, Suite 5000<br>Denver, Colorado 80202<br>Telephone (303) 974-6660<br>Facsimile (303) 974-6659<br>Email: thomas.leland@hklaw.com<br>       leah.capritta@hklaw.com<br><br>HOLLAND & KNIGHT LLP<br>Vince Farhat (SBN 183794)<br>400 South Hope Street, 8th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 896-2400<br>Facsimile: (213) 896-2450<br>Email: vince.farhat@hklaw.com<br><br>Attorneys for<br>TIGER NATURAL GAS, INC. | |

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION<br><br>   -and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>               Debtors.<br><br>☐ Affects PG&E Corporation<br>■ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | CASE NO. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**TIGER NATURAL GAS, INC.'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**<br><br>**RELATED DKT. NOS. 4322, 4393, & 4622**<br><br>Date:    November 13, 2019<br>Time:   10:00 AM (Pacific Time)<br>Place:   United States Bankruptcy Court<br>             Courtroom 17, 16th Floor<br>             San Francisco, CA 94102<br><br>**Objection<br>Deadline:** November 8, 2019<br>             4:00 p.m. (Pacific Time) |

#71414098_v2

Case: 19-30088    Doc# 4661    Filed: 11/11/19    Entered: 11/11/19 16:31:55    Page 1 of 6

Tiger Natural Gas, Inc. ("Tiger") hereby files its Reply in Support of Motion for Relief from the Automatic Stay in the above-entitled Chapter 11 case.

This Reply is based on the Declaration of Leah E. Capritta, Motion to File Certain Documents Under Seal, and Declaration of Leah E. Capritta in Support of Motion to File Under Seal, all filed contemporaneously herewith.

## I. INTRODUCTION

Debtors' grossly overstate the extent to which PG&E resources would be implicated if the Court lifted the automatic to stay to allow the District Court Case to proceed. While Debtors characterize continuing the District Court Case as requiring the full-time contributions of their Law, Information Technology, and Customer Care Departments, Debtors' outside counsel has already largely completed the work on the case. Indeed, Debtors' own expert witnesses testified during their depositions that they would require minimal additional information or involvement from PG&E moving forward. Unsurprisingly, Debtors attempt to downplay both the relative harm to Tiger and the fraudulent conduct at issue in the underlying litigation if the case remains stayed. Yet, the hardship to Tiger would be significant. Contrary to Debtors' protests, the time is ripe to allow the case to proceed to trial before the District Court, and the Court should grant Tiger the relief sought in its Motion. Because Tiger has made a prima facie showing of cause for lifting the stay, the Court should grant Tiger's Motion for Relief from the Automatic Stay so that it may continue to pursue its claims against Debtors in the District Court Case.

## II. ARGUMENT

The Debtors' Opposition misconstrues the effects of lifting the stay on Debtors' reorganization efforts, drastically overstating the time and resources litigating the District Court Case will require, while ignoring the clear hardship to Tiger that the stay will cause.

### A. DEBTORS DRAMATICALLY OVERSTATE THE RESULTING HARM IN LIFTING THE AUTOMATIC STAY

Debtors rely heavily upon the Declaration of Elizabeth Collier, which, "doth protest too much," in support of their claim that lifting the stay will unduly interfere with the

#71414098_v2

2

Case: 19-30088   Doc# 4661   Filed: 11/11/19   Entered: 11/11/19 16:31:55   Page 2 of 6

Bankruptcy proceeding. Ms. Collier drastically overstates the resources needed to continue litigating the District Court Case. Lifting the stay will not negatively affect the Bankruptcy cases, as they claim. First, the District Court Case alleges fraud and tort claims, which do not implicate the issues arising in the Bankruptcy cases. *See In re Todd Shipyards Corp.*, 92 B.R. 600, 303 (Bankr. D. N.J. 1988). ("The automatic stay was never intended to preclude a determination of tort liability and attendant damages. It was merely intended to prevent a prejudicial dissipation of debtor's assets.")

Additionally, Debtors attempt to downplay the advanced stage of the Tiger litigation prior to Debtors' filing of their Petition. In reality, the only outstanding pre-trial phase of the litigation remains the conclusion of expert discovery, which the Debtors' own experts have testified will not involve significant involvement from PG&E, if any at all. (Deposition Transcript of Dr. Michael Quinn ("Quinn Tr.") at 51:12–54:14; Deposition Transcript of Daniel Ray ("Ray Tr.") at 32:13–33:10.)[1] During their respective depositions, both experts testified that they met with Debtors' outside counsel early on and would not need additional assistance from internal PG&E employees to complete their engagements. (Quinn Tr. at 14:15–15:22; 51:12–54:14; Ray Tr. at 32:13–35:22.) Debtors mischaracterize the efforts that would be expended in continuing the Tiger litigation by attempting to argue that the case would somehow need to be re-created should the Court lift the automatic stay, but the District Court Case is well on its way to completion. No new depositions will be taken, except for the experts, whom by their own admission, will not require significant involvement from Debtors moving forward.

Debtors similarly exaggerate the level of involvement needed from internal PG&E personnel to proceed with the District Court Case. In their Opposition, Debtors belabor the overextension of the Debtors' Law, Information Technology, and Customer Care Departments. (Opp. at 8–9.) Yet, Debtors engaged the same, highly competent, outside

---

[1] Tiger is seeking permission to file the relevant excerpts from these transcripts under seal pursuant to its Motion to File Certain Documents Under Seal filed contemporaneously herewith. These depositions were taken in the legally and factually similar case *United Energy Trading, LLC v. PG&E, et al.*, No. 15 Civ. 2383 (RS) (SK), and the parties stipulated that the deposition testimony may be used and relied upon in Tiger's action as though taken therein.

counsel of Steptoe and Johnson LLP to represent their interests in all four of the cases involving Core Transport Agents (CTAs). Such outside counsel operate largely independently and would alleviate any workload pressures on Debtor's Law Department. *See In re Baleine,* 2015 WL 5979948, at *9 (*citing In re Santa Clara Cnty. Fair Ass'n*, 180 B.R. 564, 566 (B.A.P. 9th Cir. 1995)) (litigation costs to a bankruptcy estate do not compel a court to deny stay relief). Moreover, even if Debtors needed the input of the Customer Care Department, the relevant departments would only include the Third Party Billing Department or the Third Party Customer Relations Department, which specifically deal with CTAs and other outside energy providers. Neither of these departments work on matters relating to the wildfire claims. Because Debtors mischaracterize the harm that lifting the stay would cause, the Court should conclude that this factor weighs in favor of Tiger.

### B. IN CONTRAST, THE HARM TO TIGER IS SIGNIFICANT

#### i. Tiger Will Be Forced to Litigate the Case in Piecemeal Fashion

Lifting the stay will allow the District Court Case to proceed in a forum in which complete resolution will be obtained. The case involves one defendant, Debtor PG&E Company, and three individual defendants, and the District Court maintains jurisdiction over the parties and the claims at issue, none of which impact this Court's areas of focus. The same PG&E attorneys that represent the corporate defendant also represent the individuals. If the Court does not grant the Motion for Relief from Stay, efforts will be duplicated, by both Debtors and Tiger, in litigating the cases in separate fora. *See In re Blan,* 237 B.R. 737, 738 (B.A.P. 8th Cir. 1999) (lifting the automatic stay to allow civil suit to proceed to avoid duplication of resources in trying defendants separately where bankruptcy court lacked jurisdiction over co-defendants and where the parties had not yet taken any depositions at the time of the bankruptcy filing).

#### ii. Debtors' Fraud Will Continue

As discussed in Tiger's Motion (but all but glossed over in Debtors' Opposition) Tiger's underlying suit addresses Debtors' fraudulent and deceptive behavior in acting as Tiger's billing and collection agent. The Complaint alleges that Debtor PG&E engages in three schemes involving the CC&B system. Specifically, it alleges claims under RICO, the Sherman

Act, intentional and negligent misrepresentation, intentional interference with contract, breach of contract, breach of fiduciary duty and violation of the California Unfair Competition Law. Staying the Tiger Case will only permit Debtors' fraudulent conduct to continue. *See In re 343 E. 43rd St. Holding Corp.,* 46 B.R. 562, 562 (Bankr. S.D.N.Y. 1985) (granting relief from the automatic stay to allow underlying litigation to proceed with discovery where case involved allegations of fraudulent conduct by the debtor). Lifting the stay will be particularly important given the effects of Debtors' actions upon Tiger's customers in Northern California.

**C. JUDICIAL ECONOMY WEIGHS IN FAVOR OF RELIEF FROM STAY**

Proceeding with the Tiger Case will conserve resources given the District Court's familiarity with the issues and the advanced stage of the case. *See In re Todd Shipyards Corp.*, 92 B.R. 600, 604 (Bankr. D.N.J. 1988) ("[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere.").

Addressing Tiger's claims before the Bankruptcy Court would not further judicial economy given the time and resources that would be required to familiarize a new judge with the legal and factual issues, as well as the discovery background, of the case. Granting relief from the stay would efficiently liquidate Tiger's claims against all defendants in one forum.

**D. A BALANCING OF THE RELATIVE HARDSHIPS WEIGHS IN FAVOR OF GRANTING RELIEF FROM STAY**

The balance of the hardships in favor of granting Tiger relief from the automatic stay. Despite their claims to the contrary, Debtors would not experience significant hardship if the Court allowed the District Court Case to proceed. Instead, Tiger will suffer significant harm in litigating the case in piecemeal fashion or onboarding a new judge to the facts and law of the case. In addition, the ongoing nature of PG&E's fraudulent acts intensifies the hardship to Tiger and its Northern California customers. PG&E's progress before this Court underscores the hardship to Tiger and the lack of hardship to PG&E itself. Therefore the Court should grant Tiger's Motion for Relief from Stay and allow the District Court Case to proceed.

## III. CONCLUSION

For the foregoing reasons, and based upon the evidence set forth in this Reply and Tiger's Motion, the Court should grant relief from the automatic stay to allow Tiger to pursue its claims against the Debtor in the District Court Case.

DATED: November 11, 2019

                        Respectfully submitted,

                        HOLLAND & KNIGHT LLP

                        By:    /s/ *Leah E. Capritta*
                              Leah E. Capritta

                        *Attorneys for Tiger Natural Gas, Inc.*