# Exhibit A

**Proposed Order**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION**<br>    - and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                              **Debtors.**<br>☐    Affects PG&E Corporation<br>☑    Affects Pacific Gas and Electric Company<br>☐    Affects both Debtors<br>\* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**[PROPOSED] ORDER PURSUANT TO 11 U.S.C §§ 363(b) AND 105(a) AND FED. R. BANKR. P. 9019 (I) APPROVING SETTLEMENT AGREEMENT RESOLVING SERVICE DISCONNECTION OII AND (II) GRANTING RELATED RELIEF** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Upon the Motion, dated November 11, 2019 [Docket No. [_]] (the "**Motion**"),[1] of PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (together, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 363(b) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for an order (i) approving the amended settlement agreement, dated May 9, 2019 (the "**Settlement Agreement**"), by and among the Utility and the Utility Enforcement Branch of the Consumer Protection and Enforcement Division ("**CPED**") of the California Public Utilities Commission ("**CPUC**") resolving the Disconnection OII, and (ii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Nigam Declaration; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Utility, its estate, creditors, shareholders, and all parties in interest and the terms of the Settlement Agreement are fair and reasonable; and that entry into the Settlement Agreement represents a sound exercise of the Utility's business judgment; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

2. Pursuant to sections 363 and 105 of the Bankruptcy Code and Bankruptcy Rule 9019, the Settlement Agreement, as modified by the CPUC Order, is hereby approved in its entirety.

3. Pursuant to the *Final Order Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 507(a)(7) and Fed. R. Bankr. P. 6003 and 6004 (I) Authorizing Debtors to (A) Maintain and Administer Customer Programs, Including Public Purpose Programs, and (B) Honor Any Prepetition Obligations Relating Thereto; and (II) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers* [Docket No. 843] and sections 363 and 105(a) of the Bankruptcy Code, and in accordance with the terms of the Settlement Agreement and CPUC Order, the Utility is authorized to satisfy the Customer Account Credits within 90 days of the entry of this Order.

4. In accordance with the terms of the Settlement Agreement and CPUC Order, the Utility shall satisfy the REACH Claim pursuant to the terms of a confirmed chapter 11 plan of reorganization or, in the event such plan does not provide for timing of satisfaction of the REACH Claim, in no event later than 90 days after the date of entry of an order by this Court confirming such chapter 11 plan of reorganization.

5. The Utility is authorized to take all actions necessary to effectuate the relief granted in this Order.

6. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119