WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case |
| | No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **DECLARATION OF ROBB C. MCWILLIAMS IN SUPPORT OF DEBTORS' OBJECTION TO CLASS REPRESENTATIVE'S MOTION TO EXTEND APPLICATION OF FEDERAL RULE OF CIVIL PROCEDURE 23 TO CLASS PROOF OF CLAIM** |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ☒ Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Date: November 19, 2019<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 94102 |

1.  I, Robb C. McWilliams, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Managing Director at the firm of AlixPartners, LLP ("**AlixPartners**"), which is an affiliate of both AlixPartners, LLC and AP Services, LLC, ("**APS**"), which provides interim management services to Pacific Gas and Electric Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**" and together with their non-Debtor subsidiaries, the "**Company**")[1] in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I submit this Declaration in support of the Debtors' *Objection to Class Representative's Motion to Extend Application of Federal Rule of Civil Procedure 23 to Class Proof of Claim* (the "**Objection**"), filed contemporaneously herewith.

2. In my current position with AlixPartners, I am responsible for assisting the Debtors with various matters related to these Chapter 11 Cases, including identifying individuals and parties with potential claims against the Debtors' estates. I am generally familiar with the Debtors' day-to-day operations, financing arrangements, business affairs, and books and records. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other APS professionals working under and alongside me on this matter, my discussions with other members of the Debtors' management team, the Debtors' various other advisors and counsel, and my review of relevant documents and information prepared by the Debtors. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Debtors.

3. Before the Petition Date, at the direction of AlixPartners and Weil, Gotshal and Manges, LLP ("**Weil**"), the Debtors created a Creditor Matrix that included potential known and unknown creditors from various company records. To this end, AlixPartners coordinated with various departments within the Debtors—Legal, Finance & Treasury, Human Resources, Accounts Payable, Risk Management, the Customer Group, Tax, among others—to identify, among others, secured

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

lenders, holders of letters of credit, bond debt, relevant taxing authorities, regulatory agencies, utility providers, banks, contract counterparties, trading partners, customers, professional advisors, litigation counterparties, environmental groups, guarantors, and those with an equity interest in the Debtors. In addition to these stakeholders, at AlixPartners' and Weil's direction, the Debtors also identified current and former employees.

4. Before the Petition Date, the Debtors' Human Resources department generated a list of all current employees as of January 1, 2019. Mr. Alonzo, the Movant, was among the individuals listed as current employees. On or around March 2019, in advance of the filing of the Schedules of Assets and Liabilities ("**Schedules**"), the Debtors re-ran the active employee roster through January 28, 2019 to capture anyone hired between January 1, 2019 and the Petition Date (January 29, 2019) so that they could be listed as potential creditors in the Schedules. On or around June 2019, in advance of the Bar Date, the Debtors re-ran the active employee roster through January 28, 2019 to capture the then-current noticing addresses for the Bar Date Notice.

5. Before the Petition Date, the Debtors' Human Resources department also generated a list of all former employees whose separation from the company occurred between January 1, 2017 and December 31, 2018. On or around June 2019, in advance of the Bar Date, the Debtors re-ran the former employee list to capture any terminated through January 28, 2019 for the Bar Date Notice.

6. Before the Petition Date, the Debtors' Human Resources department also generated a list of all individuals receiving a pension from the Debtors as of approximately January 11, 2019. The Debtors update the pensioner roster on the first of every month, so the as-of January 11, 2019 list captured all of the Debtors' pensioners as of the Petition Date (January 29, 2019) for the Bar Date Notice.

7. AlixPartners provided these lists to the Debtors' claims and noticing agent, Prime Clerk LLC ("**Prime Clerk**"). Through Prime Clerk, the Debtors served actual notice of the Bar Date upon more than 48,000 people including: (i) current employees (over 24,000), (ii) former employees (over 3,000), and (iii) pensioners (over 21,000).

8. I understand that Movant purports to represent a subset of the Debtors' former, salaried employees whose termination occurred on or after June 18, 2016. At AlixPartners' and Weil's direction, the Debtors were able to identify all former, salaried employees whose termination occurred on or after June 18, 2016.

9. AlixPartners then compared this list to the most-recent rosters of current employees, former employees, and pensioners. At AlixPartners' and Weil's direction, the Debtors compared the same list to the Customer List. Based on AlixPartners' and the Debtors' analysis of the Debtors' records and the service lists created by Prime Clerk, 92.4% of former, salaried employees whose termination occurred on or after June 18, 2016 received actual notice of the Bar Date.

10. Affidavits certifying direct service in accordance with the Bar Date Order, the Bankruptcy Code, and otherwise applicable law, and the method of such service was filed by Prime Clerk on July 23, 2019 [Docket No. 3159], July 30, 2019 [Docket No. 3262], and August 8, 2019 [Docket No. 3474].

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: November 12, 2019

Dallas, TX

_____
Robb C. McWilliams

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119