# DECLARATION OF PUBLICATION OF

SAN FRANCISCO CHRONICLE

**LEGAL NOTICE - PARA INFORMACIÓN EN ESPAÑOL, VISITE EL SITIO WEB.**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: PG&E CORPORATION, - AND - PACIFIC GAS AND ELECTRIC COMPANY, DEBTORS. | Bankruptcy Case No. 19-30088 (DM) Chapter 11 (Lead Case) (Jointly Administered) NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM IN CHAPTER 11 CASES |

**TO ALL PERSONS WITH CLAIMS AGAINST ANY DEBTOR SET FORTH BELOW:**

| [illegible] | [illegible] |
|---|---|
| PG&E Corporation (4914) ("PG&E Corp.") | 19-30088 (DM) |
| Pacific Gas and Electric Company (2640) (the "Utility") | 19-30089 (DM) |

The United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") has entered an order (the "**Bar Date Order**"[1]) establishing **October 21, 2019 at 5:00 p.m. (Prevailing Pacific Time)** (the "**Bar Date**") as the last date and time for each (i) person, as defined in section 101(41) of title 11 of the United States Code (the "**Bankruptcy Code**"), including, without limitation, all Fire Claimants (as defined below), Wildfire Subrogation Claimants (as defined below), and Customers (as defined below), and (ii) governmental unit (as defined in section 101(27) of the Bankruptcy Code, collectively, the "**Governmental Units**") to file a proof of claim (each a "**Proof of Claim**") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, all secured claims and priority claims against either of the above-listed debtors (collectively, the "**Debtors**").

The Bar Date and the procedures set forth below for filing Proofs of Claim apply to all claims against the Debtors that arose before January 29, 2019 (the "**Petition Date**"), the date on which the Debtors commenced cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").

**1. WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a Proof of Claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the Petition Date, and it is not one of the types of claims described in Section 5 below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means a right to (a) payment, whether such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**2. WHAT TO FILE**

**A. Claimants other than Holders of Fire Claims.**

The Debtors have prepared a Proof of Claim form for use by claimants in these Chapter 11 Cases other than Fire Claimants and Wildfire Subrogation Claimants (the "**Standard Proof of Claim Form**"). If your claim is listed on the schedules of assets and liabilities filed by the Debtors (collectively, the "**Schedules**"), you will receive in the mail a Standard Proof of Claim Form that sets forth the amount of your claim as listed on the Schedules, if applicable, the specific Debtor against which the claim is scheduled, and whether the claim is scheduled as "disputed," "contingent," or "unliquidated." You will receive a different Standard Proof of Claim Form for each claim listed in your name on the Schedules. You may utilize the Standard Proof of Claim Form(s) you receive from the Debtors to file your claim. Additional Standard Proof of Claim Forms and instructions may be obtained at (a) the website established by the Debtors' Court-approved claims and noticing agent, Prime Clerk LLC ("**Prime Clerk**"), located at https://restructuring.primeclerk.com/pge (the "**Case Website**") or (b) the Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

All Proof of Claim Forms must be **signed** by the claimant or an authorized agent of the claimant. It must be written in English and the amount, if known, must be denominated in United States currency (using the exchange rate, if applicable, as of the Petition Date). You also should attach to your completed Proof of Claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Your Proof of Claim Form must **not** contain complete social security numbers or taxpayer identification numbers (include only the last four (4) digits), a complete birth date (include only the year), the name of a minor (include only the minor's initials), or a financial account number (include only the last four (4) digits of such account number).

IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE DEBTOR, SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR AND YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT DEBTOR'S BANKRUPTCY CASE (SEE ABOVE).

**B. Fire Claimants and Wildfire Subrogation Claimants**

Pursuant to the Bar Date Order, and all matters related thereto, (a) any claim (as such term is defined in section 101(5) of the Bankruptcy Code) related to or in any way arising from the wildfires that occurred in Northern California prior to the Petition Date (January 29, 2019) (the "**Northern California Fires**"),[2] including any claim held by a Wildfire Subrogation Claimant, is referred to herein as a "**Fire Claim**"; (b) any person or entity, including any Governmental Unit, holding a Fire Claim (other than a Wildfire Subrogation Claimant) is referred to herein as a "Fire Claimant", and (c) any insurance carrier having made payments to their insureds for any damages arising out of or relating to a Fire Claim, or any other party who has acquired by assignment or otherwise obtained an interest in a claim arising out of or related to such payments, is referred to herein as a "**Wildfire Subrogation Claimant**".

If you (or, in the case of a wrongful-death claim, the estate you represent) believe you have a claim against either of the Debtors for personal injury or wrongful death, property damage, or other loss or liability in any way relating to or resulting from the Northern California Fires, you or your authorized agent or attorney MUST file a Proof of Claim for your Fire Claim prior to the Bar Date in accordance with the instructions in this notice. Proof of Claim forms for Fire Claimants (a "**Fire Claimant Proof of Claim Form**") and Wildfire Subrogation Claimants (a "**Wildfire Subrogation Claimant Proof of Claim Form**" and, together with the Fire Claimant Proof of Claim Form, the "**Fire Proof of Claim Forms**") are available at the Case Website. Substantially all of the information requested in the applicable Fire Proof of Claim Form must be provided. All timely filed Fire Proof of Claim Forms shall be deemed filed against both PG&E Corp. and the Utility.

You or your authorized agent or attorney **MUST** file a Proof of Claim on account of your Fire Claim even if you may be included in, or represented by, a purported class action, class suit, class Proof of Claim, or similar representative action filed against the Debtors with respect to your Fire Claim. **You may but are not required to attach supporting documentation to your Fire Proof of Claim Form. Please be advised, except as otherwise provided in the Bar Date Order, if supporting documentation is attached by any claimant to a Fire Proof of Claim Form, such supporting documentation will be publicly available as a part of such claimant's Fire Proof of Claim Form.**

**3. SPECIAL PROVISIONS FOR CUSTOMERS**

If you are a residential or non-residential customer of the Debtors (each a "**Customer**") and you believe you have a claim against the Debtors relating to the period prior to the Petition Date, you **MUST** file a Standard Proof of Claim Form by the Bar Date. **Customers are not required to file proofs of claim for ordinary and customary refunds, overpayments, billing credits, deposits or similar billing items.**

**4. WHEN AND WHERE TO FILE**

All Proofs of Claim (including any proofs of claims of Fire Claimants, Wildfire Subrogation Claimants, Governmental Units, and Customers) must be filed so as to be received on or before **October 21, 2019 at 5:00 p.m. (Prevailing Pacific Time)** as follows:

**If electronically:** The Case Website established by Prime Clerk, using the interface available on such website under the link entitled "Submit a Claim" (the "**Electronic Filing System**").

**If by first class mail:** PG&E Corporation Claims Processing Center, c/o Prime Clerk LLC, Grand Central Station, PO Box 4850, New York, NY 10163-4850.

**If by overnight courier:** PG&E Corporation Claims Processing Center, c/o Prime Clerk LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.

**If by hand delivery:** PG&E Corporation Claims Processing Center, c/o Prime Clerk LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.

**-or-** At one of the Debtors' Claim Service Centers located at the following PG&E locations (beginning July 15, 2019 through the Bar Date (October 21, 2019) during the hours of 8:30 a.m. – 5:00 p.m. Prevailing Pacific Time): (i) 350 Salem Street, Chico, CA 95928; (ii) 231 "D" Street, Marysville, CA 95901; (iii) 1567 Huntoon Street, Oroville, CA 95965; (iv) 3600 Meadow View Road, Redding, CA 96002; (v) 111 Stony Circle, Santa Rosa, CA 95401; or (vi) 1850 Soscol Ave. Ste 105, Napa, CA 94559. **Photocopy machines will not be available at the Claim Service Centers; you must bring a photocopy of your claim if you wish to receive a date-stamped copy.**

Proofs of Claim will be deemed filed only when **actually received** at the addresses listed above or via the Electronic Filing System on or before the Bar Date. If you submit a Proof of Claim via the Electronic Filing System, you will receive an email confirmation generated by the Electronic Filing System with an image of your filed Proof of Claim Form. Proofs of Claim may not be delivered by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System).

**5. WHO NEED NOT FILE A PROOF OF CLAIM**

You do **not** need to file a Proof of Claim on or before the Bar Date if you are:

(a) any person or entity whose claim is listed on the Schedules; *provided* that (i) the claim is not listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(b) any person or entity whose claim has been paid in full;

(c) any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any party asserting a claim pursuant to section 503(b)(9) of the Bankruptcy Code who was required to file such claim by April 22, 2019 as established in the Bankruptcy Court's *Amended Order Pursuant to 11 U.S.C. §§ 503(b)(9) and 105(a) Establishing Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9)* [Docket No. 725]);

(d) any person or entity who holds a claim that heretofore has been allowed by Order of the Bankruptcy Court entered on or before the Bar Date;

(e) any holder of a claim for which a separate deadline has been fixed by the Bankruptcy Court;

(f) any person or entity who has already filed a Proof of Claim with Prime Clerk against the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the Standard Proof of Claim Form or Official Form No. 410;

(g) any person or entity that holds an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; *provided, however,* that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Standard Proof of Claim must be filed on or before the Bar Date;

(h) any person or entity whose claim is limited exclusively to the repayment of principal, interest, and other fees and expenses under any agreements (a "**Debt Claim**") governing any prepetition, unsecured revolving credit loan, term loan, notes, bonds, debentures, or other debt securities, in each case, issued by or on behalf of any of the Debtors (collectively, the "**Debt Instruments**"); *provided, however,* that (i) the foregoing exclusion shall not apply to the indenture trustee, owner trustee, pass-through trustee, subordination agent, registrar, paying agent, administrative, loan or collateral agent, or any other entity serving in a similar capacity however designated (collectively, an "**Indenture Trustee**") under the applicable Debt Instrument, (ii) each such Indenture Trustee shall be required to file a Standard Proof of Claim against the applicable Debtor, on or before the Bar Date, on account of all Debt Claims against such Debtor under the applicable Debt Instrument; *provided, however,* that an Indenture Trustee will be permitted, in lieu of attaching voluminous documentation, to file with its Proof of Claim a summary of the applicable Debt Instrument and other operative documents, on the condition that such documents will be made available by the Indenture Trustee within ten (10) business days after receipt of a written request from a party in interest, and (iii) any holder of a Debt Claim that has a claim arising out of or relating to a Debt Instrument other than a Debt Claim must file a Standard Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies;

(i) any person or entity whose claim against the Utility arises solely from amounts due to the California Independent System Operator Corporation ("**CAISO**"), California Power Exchange Corporation ("**PX**") and/or various market participants based on purchases or sales of electricity, capacity, or ancillary services by Pacific Gas and Electric Company and other market participants in markets operated by the CAISO and the PX that are subject to determination by the Federal Energy Regulatory Commission ("**FERC**") in refund proceedings bearing FERC Docket Nos. EL00-95-000 and EL00-98-000 and related sub-dockets, and any amounts due under any settlement agreements, allocation agreements, escrow agreements, letter agreements, other written agreements, or court orders (including orders entered in the chapter 11 case styled *In re California Power Exchange Corporation,* Case No. LA 01-16577 ES) that expressly relate thereto;

(j) any Customer whose claim is limited exclusively to ordinary and customary refunds, overpayments, billing credits, deposits, or similar billing items;

(k) either Debtor having a claim against the other Debtor in these Chapter 11 Cases; or

(l) any person or entity who holds a claim solely to the extent that such claim arises from an event that occurred after January 29, 2019.

Notwithstanding anything herein or in the Bar Date Order to the contrary, any claimant that timely files a Proof of Claim and makes a good faith effort to complete a Proof of Claim form as set forth in the Bar Date Order shall be permitted to revise, amend, and/or supplement their applicable Proof of Claim form to the extent permitted by applicable law until such time as their claim is allowed or disallowed by order of the Bankruptcy Court.

This notice may be sent to many persons that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors.

**6. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you hold a claim arising out of or relating to the rejection of an executory contract or unexpired lease you must file a Standard Proof of Claim Form based on such rejection by the later of (i) the Bar Date, and (ii) the date that is thirty (30) days following the entry of the Bankruptcy Court's order approving such rejection (which order may be the order confirming a chapter 11 plan for the Debtors), or be forever barred from doing so. Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a claim for damages that arises from or relates to the rejection of the executory contract or unexpired lease) must file a Standard Proof of Claim Form for such amounts on or before the Bar Date unless an exception identified in Section 5 above applies.

**7. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN SECTION 5 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN ACCORDANCE WITH THE BAR DATE ORDER SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED OR CONFIRMED IN THESE CHAPTER 11 CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

**8. THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as a holder of a claim against one or more of the Debtors in the Debtors' Schedules. To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the instructions accompanying the Standard Proof of Claim Form(s) regarding the nature, amount, and status of your claim(s). If you rely on the Debtors' Schedules or the Standard Proof of Claim Form(s) you receive in the mail from the Debtors, it is your responsibility to determine that the claim is accurately listed on the Schedules. However, you may rely on the form you receive, which lists the amount of your claim as scheduled, identifies the Debtor against which it is scheduled, and specifies whether the claim is "disputed," "contingent," or "unliquidated."

As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim only is against the Debtor specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need **not** file a Proof of Claim. Otherwise, **or if you decide to file a Proof of Claim, you must do** so before the **Bar Date, in accordance with the procedures set forth in this notice.** For the avoidance of doubt, if you have a Fire Claim and it is listed as "disputed," "contingent," or "unliquidated" you must file a Fire Proof of Claim Form.

Copies of the Debtors' Schedules are available for inspection on the Bankruptcy Court's electronic docket for the Debtors' Chapter 11 Cases, which is posted on (a) the Case Website and (b) the Bankruptcy Court's website at http://www.canb.uscourts.gov. A login and password to the Bankruptcy Court's Public Access to Electronic Records ("**PACER**") are required to access this information on the Bankruptcy Court's website and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Schedules also may be examined between the hours of 9:00 a.m. and 4:30 p.m. (Prevailing Pacific Time), Monday through Friday at the Office of the Clerk of the Bankruptcy Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102. Copies of the Debtors' Schedules also may be obtained by request to Prime Clerk: PG&E Corporation, c/o Prime Clerk LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232; Toll Free: (844) 339-4217; Email: pgeinfo@primeclerk.com.

Please note that Prime Clerk cannot provide legal advice, nor can it advise you as to whether you should file a Proof of Claim. A holder of a potential claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a Proof of Claim.

Dated: July 1, 2019

**WEIL, GOTSHAL & MANGES LLP, KELLER & BENVENUTTI LLP**

[Fn-1] Capitalized terms used but not herein defined have the meanings ascribed to them in the Bar Date Order.

[Fn-2] The Northern California Fires include, but are not limited to, the following fires: 37, Adobe, Atlas, Blue, Butte, Camp, Cascade, Cherokee, Ghost Ship, Honey, La Porte, Lobo, Maacama, McCourtney, Norrbom, Nuns, Partrick, Pocket, Point, Pressley, Pythian (a.k.a. Oakmont), Redwood Valley, Sulphur, and Tubbs.

DIANE FITZGIBBON

declares that:

The annexed advertisement has been regularly published in the

**SAN FRANCISCO CHRONICLE**

which is and was at all times herein mentioned established as newspaper of general circulation in the City and County of San Francisco, State of California, as that term is defined by Section 6000 of the Government Code.

SAN FRANCISCO CHRONICLE
(Name of Newspaper)

901 Mission Street
San Francisco, CA 94103

From 9/26/19
To 9/26/19
Namely, on 9/26/19

(Dates of Publication)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 9/26/19

at San Francisco, California.

Diane FitzGibbon

DIANE FITZGIBBON

**California Newspaper Service Bureau®**
Daily Journal Corporation
Public Notice Advertising Since 1934
Tel 1-800-788-7840 ▫ Fax 1-800-474-9444
Local Offices and Representatives in:
Los Angeles, Santa Ana, San Diego, Riverside/San Bernardino,
San Francisco, Oakland, San Jose, Sacramento
Special Services Available in Phoenix

# DECLARATION

I am a resident of Los Angeles County, over the age of eighteen years and not a party to any or interested in the matter noticed.

The notice, of which the annexed is a printed copy appeared in the:

**SAN FRANCISCO EXAMINER**

On the following dates:

**July 17, 2019**

I certify (or declare) under penalty of perjury that the foregoing is true and correct.

Dated at Los Angeles, California, this

**11th** day of **October** 20**19**

[Signature: Melinda Vazquez]
Signature

**3294926**

*"The only Public Notice which is justifiable from the standpoint of true economy and the public interest, is that which reaches those who are affected by it"*

**California Newspaper Service Bureau®**
Daily Journal Corporation
Public Notice Advertising Since 1934
Tel 1-800-788-7840 ▫ Fax 1-800-474-9444
Local Offices and Representatives in:
Los Angeles, Santa Ana, San Diego, Riverside/San Bernardino,
San Francisco, Oakland, San Jose, Sacramento
Special Services Available in Phoenix

# DECLARATION

I am a resident of Los Angeles County, over the age of eighteen years and not a party to any or interested in the matter noticed.

The notice, of which the annexed is a printed copy appeared in the:

**SAN FRANCISCO EXAMINER**

On the following dates:

**August 22, 2019**

I certify (or declare) under penalty of perjury that the foregoing is true and correct.

Dated at Los Angeles, California, this
**11th** day of **October** 20**19**

[signature]
Signature

**3294930**

*"The only Public Notice which is justifiable from the standpoint of true economy and the public interest, is that which reaches those who are affected by it"*

**California Newspaper Service Bureau®**
Daily Journal Corporation
Public Notice Advertising Since 1934
Tel 1-800-788-7840 ▫ Fax 1-800-474-9444
Local Offices and Representatives in:
Los Angeles, Santa Ana, San Diego, Riverside/San Bernardino,
San Francisco, Oakland, San Jose, Sacramento
Special Services Available in Phoenix

# DECLARATION

I am a resident of Los Angeles County, over the age of eighteen years and not a party to any or interested in the matter noticed.

The notice, of which the annexed is a printed copy appeared in the:

**SAN FRANCISCO EXAMINER**

On the following dates:

**September 26, 2019**

I certify (or declare) under penalty of perjury that the foregoing is true and correct.

Dated at Los Angeles, California, this
**11th** day of **October** 2019

Signature

**3271736**

*"The only Public Notice which is justifiable from the standpoint of true economy and the public interest, is that which reaches those who are affected by it"*

**San Jose Mercury News**
4 N. 2nd Street, Suite 800
San Jose, CA 95113
408-920-5332

Legal No. **0006363512**

3815681

NEWSPAPER SPACE BUYERS
149 ROWAYTON AVE., 2ND FL.
ROWAYTON, CT 06853

-AD ATTACHED-

## PROOF OF PUBLICATION IN THE CITY OF SAN JOSE IN THE STATE OF CALIFORNIA COUNTY OF SANTA CLARA

**FILE NO. #71119**

In the matter of

**San Jose Mercury News**

The undersigned, being first duly sworn, deposes and says: That at all times hereinafter mentioned affiant was and still is a citizen of the United States, over the age of eighteen years, and not a party to or interested in the above entitled proceedings; and was at and during all said times and still is the principal clerk of the printer and publisher of the San Jose Mercury News, a newspaper of general circulation printed and published daily in the City of San Jose, County of Santa Clara, State of California as determined by the court's decree dated June 27, 1952, Case Numbers 84096 and 84097, and that said San Jose Mercury News is and was at all times herein mentioned a newspaper of general circulation as that term is defined by Sections 6000; that at all times said newspaper has been established, printed and published in the said County and State at regular intervals for more than one year preceding the first publication of the notice herein mentioned. Said decree has not been revoked, vacated or set aside.

I declare that the notice, of which the annexed is a true printed copy, has been published in each regular or entire issue of said newspaper and not in any supplement thereof on the following dates, to wit:

**07/17/2019**

Dated at San Jose, California
July 19, 2019

I declare under penalty of perjury that the foregoing is true and correct.

[signature]

Principal clerk of the printer and publisher of the San Jose Mercury News

**San Jose Mercury News**
4 N. 2nd Street, Suite 800
San Jose, CA 95113
408-920-5332

Legal No. **0006363512**

3815681

NEWSPAPER SPACE BUYERS
149 ROWAYTON AVE., 2ND FL.
ROWAYTON, CT 06853

## PROOF OF PUBLICATION IN THE CITY OF SAN JOSE IN THE STATE OF CALIFORNIA COUNTY OF SANTA CLARA

### FILE NO. #71119

In the matter of

**San Jose Mercury News**

The undersigned, being first duly sworn, deposes and says: That at all times hereinafter mentioned affiant was and still is a citizen of the United States, over the age of eighteen years, and not a party to or interested in the above entitled proceedings; and was at and during all said times and still is the principal clerk of the printer and publisher of the San Jose Mercury News, a newspaper of general circulation printed and published daily in the City of San Jose, County of Santa Clara, State of California as determined by the court's decree dated June 27, 1952, Case Numbers 84096 and 84097, and that said San Jose Mercury News is and was at all times herein mentioned a newspaper of general circulation as that term is defined by Sections 6000; that at all times said newspaper has been established, printed and published in the said County and State at regular intervals for more than one year preceding the first publication of the notice herein mentioned. Said decree has not been revoked, vacated or set aside.

I declare that the notice, of which the annexed is a true printed copy, has been published in each regular or entire issue of said newspaper and not in any supplement thereof on the following dates, to wit:

**08/22/2019, 09/26/2019**

Dated at San Jose, California
September 26, 2019

I declare under penalty of perjury that the foregoing is true and correct.

[signature]

Principal clerk of the printer and publisher of the San Jose Mercury News

- SEE ATTACHED -

## PROOF OF PUBLICATION

(2015.5 C.C.P.)

STATE OF CALIFORNIA

County of Sonoma

I am a citizen of the United States and a resident of the county aforesaid: I am over the age of eighteen years, and not a party to or interested in the above entitled matter. I am the principal clerk of the printer of The Press Democrat, a newspaper of general circulation, printed and published DAILY IN THE City of Santa Rosa, County of Sonoma; and which newspaper has been adjudged a newspaper of general circulation by the Superior Court of the County of Sonoma, State of California, under the date of November 29, 1951, Case number 34831, that the notice, of which the annexed is a printed copy (set in type not smaller than nonpareil), has been published in each regular and entire issue of said newspaper and not in any supplement thereof on the following dates to wit:

The Press Democrat - Legal Notices

7/15 - 7/15/19

I certify (or declare) under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Dated at Santa Rosa, California, on

7/15/19

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE: PG&E CORPORATION,** -AND- **PACIFIC GAS AND ELECTRIC COMPANY,** **DEBTORS.** | Bankruptcy Case No. 19-30088 (DM) Chapter 11 (Lead Case) (Jointly Administered) **NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM IN CHAPTER 11 CASES** |

**TO ALL PERSONS WITH CLAIMS AGAINST ANY DEBTOR SET FORTH BELOW:**

| NAME OF DEBTOR AND LAST FOUR DIGITS OF FEDERAL TAX IDENTIFICATION NUMBER | CASE NUMBER |
|---|---|
| PG&E Corporation (4914) ("**PG&E Corp.**") | 19-30088 (DM) |
| Pacific Gas and Electric Company (2640) (the "**Utility**") | 19-30089 (DM) |

The United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") has entered an order (the "**Bar Date Order**") establishing **October 21, 2019 at 5:00 p.m. (Prevailing Pacific Time)** (the "**Bar Date**") as the last date and time for each (i) person, as defined in section 101(41) of title 11 of the United States Code (the "**Bankruptcy Code**"), including, without limitation, all Fire Claimants (as defined below), Wildfire Subrogation Claimants (as defined below), and Customers (as defined below), and (ii) governmental unit (as defined in section 101(27) of the Bankruptcy Code, collectively, the "**Governmental Units**") to file a proof of claim (each a "**Proof of Claim**") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, all secured claims and priority claims against either of the above-listed debtors (collectively, the "**Debtors**").

The Bar Date and the procedures set forth below for filing Proofs of Claim apply to all claims against the Debtors that arose before January 29, 2019 (the "**Petition Date**"), the date on which the Debtors commenced cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").

**1. WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a Proof of Claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the Petition Date, and it is not one of the types of claims described in Section 5 below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means a right to (a) payment, whether such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**2. WHAT TO FILE**

**A. Claimants other than Holders of Fire Claims.**

The Debtors have prepared a Proof of Claim form for use by claimants in these Chapter 11 Cases other than Fire Claimants and Wildfire Subrogation Claimants (the "**Standard Proof of Claim Form**"). If your claim is listed on the schedules of assets and liabilities filed by the Debtors (collectively, the "**Schedules**"), you will receive in the mail a Standard Proof of Claim Form that sets forth the amount of your claim as listed on the Schedules, if applicable, the specific Debtor against which the claim is scheduled, and whether the claim is scheduled as "disputed," "contingent," or "unliquidated." You will receive a different Standard Proof of Claim Form for each claim listed in your name on the Schedules. You may utilize the Standard Proof of Claim Form(s) you receive from the Debtors to file your claim. Additional Standard Proof of Claim Forms and instructions may be obtained at (a) the website established by the Debtors' Court-approved claims and noticing agent, Prime Clerk LLC ("**Prime Clerk**"), located at https://restructuring.primeclerk.com/pge (the "**Case Website**") or (b) the Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

All Proof of Claim Forms must be **signed** by the claimant or an authorized agent of the claimant. It must be written in English and the amount, if known, must be denominated in United States currency (using the exchange rate, if applicable, as of the Petition Date). You also should attach to your completed Proof of Claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Your Proof of Claim Form must **not** contain complete social security numbers or taxpayer identification numbers (include only the last four (4) digits), a complete birth date (include only the year), the name of a minor (include only the minor's initials), or a financial account number (include only the last four (4) digits of such account number).

IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE DEBTOR, SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR AND YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST

Date if you are:

(a) any person or entity whose claim
Schedules; *provided* that (i) the claim is
Schedules as "disputed," "contingent," or
(ii) the person or entity does not dispute the
and priority of the claim as set forth in the
(iii) the person or entity does not dispute th
obligation of the specific Debtor against w
listed in the Schedules;

(b) any person or entity whose claim
full;

(c) any holder of a claim allowable und
and 507(a)(2) of the Bankruptcy Code as a
expense (other than any party asserting a c
section 503(b)(9) of the Bankruptcy Code w
to file such claim by April 22, 2019 as es
Bankruptcy Court's *Amended Order Pursu
§§ 503(b)(9) and 105(a) Establishing Pr
Assertion, Resolution, and Satisfaction of
Pursuant to 11 U.S.C. § 503(b)(9)* [Docket

(d) any person or entity who holds a clai
has been allowed by Order of the Bankrupt
on or before the Bar Date;

(e) any holder of a claim for which a s
has been fixed by the Bankruptcy Court;

(f) any person or entity who has alrea
of Claim with Prime Clerk against the Deb
to the claim being asserted, utilizing a
substantially conforms to the Standard Proo
or Official Form No. 410;

(g) any person or entity that holds an
interest in the Debtors, which interest is b
upon the ownership of common or
membership interests, partnership interest
options, or rights to purchase, sell, or subs
security or interest; *provided, however,* t
holder asserts a claim (as opposed to an ow
against the Debtors (including a claim relat
interest or the purchase or sale of such eq
Standard Proof of Claim must be filed on o
Date;

(h) any person or entity whose cl
exclusively to the repayment of principal, in
fees and expenses under any agreements (a
governing any prepetition, unsecured r
loan, term loan, notes, bonds, debentures
securities, in each case, issued by or on beh
Debtors (collectively, the "**Debt Instrume**
*however,* that (i) the foregoing exclusion sh
the indenture trustee, owner trustee, pass-
subordination agent, registrar, paying agent,
loan or collateral agent, or any other e
a similar capacity however designated (
"**Indenture Trustee**") under the applicable
(ii) each such Indenture Trustee shall be r
Standard Proof of Claim against the applicab
before the Bar Date, on account of all Debt
such Debtor under the applicable Debt Instru
*however,* that an Indenture Trustee will b
lieu of attaching voluminous documentation
Proof of Claim a summary of the applicable
and other operative documents, on the con
documents will be made available by the In
within ten (10) business days after recei
request from a party in interest, and (iii) any
Claim that has a claim arising out of or rel
Instrument other than a Debt Claim must
Proof of Claim with respect to such claim
Bar Date, unless another exception identifie

(i) any person or entity whose claim ag
arises solely from amounts due to the Califor
System Operator Corporation ("**CAISO**"), C
Exchange Corporation ("**PX**") and/or
participants based on purchases or sales
capacity, or ancillary services by Pacific G
Company and other market participants in m
by the CAISO and the PX that are subject t
by the Federal Energy Regulatory Commis
in refund proceedings bearing FERC Doc
95-000 and EL00-98-000 and related sub-d
amounts due under any settlement agreem
agreements, escrow agreements, letter agr
written agreements, or court orders (in
entered in the chapter 11 case styled *In re C
Exchange Corporation,* Case No. LA 01-
expressly relate thereto;

(j) any Customer whose claims is limi
to ordinary and customary refunds, overpa
credits, deposits, or similar billing items;

(k) either Debtor having a claim against t
in these Chapter 11 Cases; or

(l) any person or entity who holds a clai
extent that such claim arises from an even
after January 29, 2019.

Notwithstanding anything herein or in
Order to the contrary, any claimant that
Proof of Claim and makes a good faith eff
a Proof of Claim form as set forth in the
shall be permitted to revise, amend, and/or s
applicable Proof of Claim form to the exte
applicable law until such time as their clai

PROOF OF PUBLICATION

(2015.5 C.C.P.)

STATE OF CALIFORNIA

County of Sonoma

I am a citizen of the United States and a resident of the county aforesaid: I am over the age of eighteen years, and not a party to or interested in the above entitled matter. I am the principal clerk of the printer of The Press Democrat, a newspaper of general circulation, printed and published DAILY IN THE City of Santa Rosa, County of Sonoma; and which newspaper has been adjudged a newspaper of general circulation by the Superior Court of the County of Sonoma, State of California, under the date of November 29, 1951, Case number 34831, that the notice, of which the annexed is a printed copy (set in type not smaller than nonpareil), has been published in each regular and entire issue of said newspaper and not in any supplement thereof on the following dates to wit:

The Press Democrat - Legal Notices

8/22 1x - 8/22/2019

I certify (or declare) under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Dated at Santa Rosa, California, on

Aug 22, 2019

SIGNATURE

This space for County clerk's Filing Stamp

Proof of Publication of

LEGAL NOTICE - [illegible]

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

[illegible]

This space for County clerk's Filing Stamp

## PROOF OF PUBLICATION

(2015.5 C.C.P.)

STATE OF CALIFORNIA

County of Sonoma

I am a citizen of the United States and a resident of the county aforesaid: I am over the age of eighteen years, and not a party to or interested in the above entitled matter. I am the principal clerk of the printer of The Press Democrat, a newspaper of general circulation, printed and published DAILY IN THE City of Santa Rosa, County of Sonoma; and which newspaper has been adjudged a newspaper of general circulation by the Superior Court of the County of Sonoma, State of California, under the date of November 29, 1951, Case number 34831, that the notice, of which the annexed is a printed copy (set in type not smaller than nonpareil), has been published in each regular and entire issue of said newspaper and not in any supplement thereof on the following dates to wit:

The Press Democrat - Legal Notices

9/26 1x - 9/26/2019

I certify (or declare) under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Dated at Santa Rosa, California, on

Sep 26, 2019

SIGNATURE

Proof of Publication of

LEGAL NOTICE - PARA INFORMACION EN ESPAÑOL, [illegible]

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

[illegible]

TO ALL PERSONS WITH CLAIMS AGAINST ANY DEBTOR SET FORTH BELOW:

[illegible]

2. WHO MUST FILE A PROOF OF CLAIM

[illegible]

Siskiyou Daily News

924B N Mt Shasta Blvd PO Box 127 Mt Shasta, Ca. 96067
PH (530) 842-5777 (530) 926-5214

**AFFIDAVIT OF PUBLICATION**

**In The Matter Of: Pacific Gas and Electric**

**Advertisement for – Notice of Deadline For Filing Proofs of Claims in Chapter 11 Cases**

**This is to certify that the above advertising for Pacific Gas and Electric appeared in**

**Newspaper name : SISKIYOU DAILY NEWS**

**On (Dates): 7/17/19**

______________________________
**Signature**

**Robert Ramey**

**Circulation Manager**
**Legal Advertising**
**Mt. Shasta Area Newspapers**
**Siskiyou Daily News**
**Supersaver Advertiser**
**Phone (530) 926-5214 (530) 842-5777**
**rramey@siskiyoudaily.com**

# AFFIDAVIT OF PUBLICATION

**In The Matter Of: Newspaper Space Buyers**

**Advertisement for - print PG&E BANKRUPTCY AD**

This is to certify that the above advertising for **PG&E** appeared in

Newspaper name: SISKIYOU DAILY NEWS

On (Dates): 8/21/19

Signature

# AFFIDAVIT OF PUBLICATION

**In The Matter Of: NEWSPAPER SPACE BUYERS**

**Advertisement for - print PG&E BANKRUPTCY AD**

This is to certify that the above advertising for **PG&E** appeared in

Newspaper name SISKIYOU DAILY NEWS

On (Dates) 9/25/2019

Signature

THE RECORD
PROOF OF PUBLICATION

STATE OF CALIFORNIA
COUNTY OF SAN JOAQUIN

THE UNDERSIGNED SAYS:

I am a citizen of the United States and a resident of San Joaquin County; I am over the age of 18 years and not a part to or interested in the above-entitled matter. I am the principal clerk of the printer of THE RECORD, a newspaper of general publication, printed and published daily in the City of Stockton, County of San Joaquin by the Superior Court of the County of San Joaquin, State of California, under the date of February 26, 1952, File No. 52857, San Joaquin County Records; that the notice of which the annexed is a printed copy (set in type not smaller than nonpareil), has been published each regular and entire issue of said newspaper and not in any supplement thereof on the following dates,
To wit,

July 15 2019

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 15, 2019 In Stockton California

Delailah Little,
The Record

000142238

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: PG&E CORPORATION, - AND - PACIFIC GAS AND ELECTRIC COMPANY, DEBTORS. | Bankruptcy Case No. 19-30088 (DM) Chapter 11(Lead Case) (Jointly Administered) NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM IN CHAPTER 11 CASES |

TO ALL PERSONS WITH CLAIMS AGAINST ANY DEBTOR SET FORTH BELOW:

| NAME OF DEBTOR AND LAST FOUR DIGITS OF FEDERAL TAX IDENTIFICATION NUMBER | CASE NUMBER |
|---|---|
| PG&E Corporation (4914) ("**PG&E Corp.**") | 19-30088 (DM) |
| Pacific Gas and Electric Company (2640) (the "**Utility**") | 19-30089 (DM) |

The United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") has entered an order (the "**Bar Date Order**[1]") establishing **October 21, 2019** at **5:00 p.m. (Prevailing Pacific Time)** (the "**Bar Date**") as the last date and time for each (i) person, as defined in section 101(41) of title 11 of the United States Code (the "**Bankruptcy Code**"), including, without limitation, all Fire Claimants (as defined below), Wildfire Subrogation Claimants (as defined below), and Customers (as defined below), and (ii) governmental unit (as defined in section 101(27) of the Bankruptcy Code, collectively, the "**Governmental Units**") to file a proof of claim (each a "**Proof of Claim**") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, all secured claims and priority claims against either of the above-listed debtors (collectively, the "**Debtors**").

The Bar Date and the procedures set forth below for filing Proofs of Claim apply to all claims against the Debtors that arose before January 29, 2019 (the "**Petition Date**"), the date on which the Debtors commenced cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").

**1. WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a Proof of Claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the Petition Date, and it is not one of the types of claims described in Section 5 below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means a right to (a) payment, whether such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**2. WHAT TO FILE**

**A. Claimants other than Holders of Fire Claims.**

The Debtors have prepared a Proof of Claim form for use by claimants in these Chapter 11 Cases other than Fire Claimants and Wildfire Subrogation Claimants (the "**Standard Proof of Claim Form**"). If your claim is listed on the schedules of assets and liabilities filed by the Debtors (collectively, the "**Schedules**"), you will receive in the mail a Standard Proof of Claim Form that sets forth the amount of your claim as listed on the Schedules, if applicable, the specific Debtor against which the claim is scheduled, and whether the claim is scheduled as "disputed," "contingent," or "unliquidated." You will receive a different Standard Proof of Claim Form for each claim listed in your name on the Schedules. You may utilize the Standard Proof of Claim Form(s) you receive from the Debtors to file your claim. Additional Standard Proof of Claim Forms and instructions may be obtained at (a) the website established by the Debtors' Court-approved claims and noticing agent, Prime Clerk LLC ("**Prime Clerk**"), located at https://restructuring.primeclerk.com/pge (the "**Case Website**") or (b) the Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

All Proof of Claim Forms must be **signed** by the claimant or an authorized agent of the claimant. It must be written in English and the amount, if known, must be denominated in United States currency (using the exchange rate, if applicable, as of the Petition Date). You also should attach to your completed Proof of Claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Your Proof of Claim Form must **not** contain complete social security numbers or taxpayer identification numbers (include only the last four (4) digits), a complete birth date (include only the year), the name of a minor (include only the minor's initials), or a financial account number (include only the last four (4) digits of such account number).

IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE DEBTOR, SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR AND YOU MUST IDENTIFY ON YOUR

Bar Date if you are:

(a) any person or entity whose claim is listed on the Schedules; *provided* that (i) the claim is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(b) any person or entity whose claim has been paid in full;

(c) any holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any party asserting a claim pursuant to section 503(b)(9) of the Bankruptcy Code who was required to file such claim by April 22, 2019 as established in the Bankruptcy Court's *Amended Order Pursuant to 11 U.S.C. §§ 503(b)(9) and 105(a) Establishing Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9)* [Docket No. 725]);

(d) any person or entity who holds a claim that heretofore has been allowed by Order of the Bankruptcy Court entered on or before the Bar Date;

(e) any holder of a claim for which a separate deadline has been fixed by the Bankruptcy Court;

(f) any person or entity who has already filed a Proof of Claim with Prime Clerk against the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the Standard Proof of Claim Form or Official Form No. 410;

(g) any person or entity that holds an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; *provided, however,* that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Standard Proof of Claim must be filed on or before the Bar Date;

(h) any person or entity whose claim is limited exclusively to the repayment of principal, interest, and other fees and expenses under any agreements (a "**Debt Claim**") governing any prepetition, unsecured revolving credit loan, term loan, notes, bonds, debentures, or other debt securities, in each case, issued by or on behalf of any of the Debtors (collectively, the "**Debt Instruments**"); *provided, however,* that (i) the foregoing exclusion shall not apply to the indenture trustee, owner trustee, pass-through trustee, subordination agent, registrar, paying agent, administrative, loan or collateral agent, or any other entity serving in a similar capacity however designated (collectively, an "**Indenture Trustee**") under the applicable Debt Instrument, (ii) each such Indenture Trustee shall be required to file a Standard Proof of Claim against the applicable Debtor, on or before the Bar Date, on account of all Debt Claims against such Debtor under the applicable Debt Instrument; *provided, however,* that an Indenture Trustee will be permitted, in lieu of attaching voluminous documentation, to file with its Proof of Claim a summary of the applicable Debt Instrument and other operative documents, on the condition that such documents will be made available by the Indenture Trustee within ten (10) business days after receipt of a written request from a party in interest, and (iii) any holder of a Debt Claim that has a claim arising out of or relating to a Debt Instrument other than a Debt Claim must file a Standard Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies;

(i) any person or entity whose claim against the Utility arises solely from amounts due to the California Independent System Operator Corporation ("**CAISO**"), California Power Exchange Corporation ("**PX**") and/or various market participants based on purchases or sales of electricity, capacity, or ancillary services by Pacific Gas and Electric Company and other market participants in markets operated by the CAISO and the PX that are subject to determination by the Federal Energy Regulatory Commission ("**FERC**") in refund proceedings bearing FERC Docket Nos. EL00-95-000 and EL00-98-000 and related sub-dockets, and any amounts due under any settlement agreements, allocation agreements, escrow agreements, letter agreements, other written agreements, or court orders (including orders entered in the chapter 11 case styled *In re California Power Exchange Corporation*, Case No. LA 01-16577 ES) that expressly relate thereto;

(j) any Customer whose claims is limited exclusively to ordinary and customary refunds, overpayments, billing credits, deposits, or similar billing items;

(k) either Debtor having a claim against the other Debtor in these Chapter 11 Cases; or

(l) any person or entity who holds a claim solely to the extent that such claim arises from an event that occurred after January 29, 2019.

Notwithstanding anything herein or in the Bar Date Order to the contrary, any claimant that timely files a Proof of Claim and makes a good faith effort to complete a Proof of Claim form as set forth in the Bar Date Order shall be permitted to revise, amend, and/or supplement their applicable Proof of Claim form to the extent permitted by applicable law until such time as their claim is allowed or

## THE RECORD
## PROOF OF PUBLICATION

STATE OF CALIFORNIA
COUNTY OF SAN JOAQUIN

THE UNDERSIGNED SAYS:

I am a citizen of the United States and a resident of San Joaquin County; I am over the age of 18 years and not a part to or interested in the above-entitled matter. I am the principal clerk of the printer of THE RECORD, a newspaper of general publication, printed and published daily in the City of Stockton, County of San Joaquin by the Superior Court of the County of San Joaquin, State of California, under the date of February 26, 1952, File No. 52857, San Joaquin County Records; that the notice of which the annexed is a printed copy (set in type not smaller than nonpareil), has been published each regular and entire issue of said newspaper and not in any supplement thereof on the following dates,
To wit,

August 22 2019

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 22, 2019 In Stockton California

Delailah Little,
The Record

000142238

---

**LEGAL NOTICE - PARA INFORMACIÓN EN ESPAÑOL, VISITE EL SITIO WEB.**

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: PG&E CORPORATION, -AND- PACIFIC GAS AND ELECTRIC COMPANY, DEBTORS. | Bankruptcy Case No. 19-30088 (DM) Chapter 11 (Lead Case) (Jointly Administered) NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM IN CHAPTER 11 CASES |

**TO ALL PERSONS WITH CLAIMS AGAINST ANY DEBTOR SET FORTH BELOW:**

| NAME OF DEBTOR AND LAST FOUR DIGITS OF FEDERAL TAX IDENTIFICATION NUMBER | CASE NUMBER |
|---|---|
| PG&E Corporation (4914) ("PG&E Corp.") | 19-30088 (DM) |
| Pacific Gas and Electric Company (2640) (the "Utility") | 19-30089 (DM) |

The United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court") has entered an order (the "Bar Date Order") establishing October 21, 2019 at 5:00 p.m. (Prevailing Pacific Time) (the "Bar Date") as the last date and time for each (i) person, as defined in section 101(41) of title 11 of the United States Code (the "Bankruptcy Code"), including, without limitation, all Fire Claimants (as defined below), Wildfire Subrogation Claimants (as defined below), and Customers (as defined below), and (ii) governmental unit (as defined in section 101(27) of the Bankruptcy Code, collectively, the "Governmental Units") to file a proof of claim (each a "Proof of Claim") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, all secured claims and priority claims against either of the above-listed debtors (collectively, the "Debtors").

The Bar Date and the procedures set forth below for filing Proofs of Claim apply to all claims against the Debtors that arose before January 29, 2019 (the "Petition Date"), the date on which the Debtors commenced cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

**1. WHO MUST FILE A PROOF OF CLAIM**

You MUST file a Proof of Claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the Petition Date, and it is not one of the types of claims described in Section 5 below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means a right to (a) payment, whether such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**2. WHAT TO FILE**

**A. Claimants other than Holders of Fire Claims.**

The Debtors have prepared a Proof of Claim form for use by claimants in these Chapter 11 Cases other than Fire Claimants and Wildfire Subrogation Claimants (the "Standard Proof of Claim Form"). If your claim is listed on the schedules of assets and liabilities filed by the Debtors (collectively, the "Schedules"), you will receive in the mail a Standard Proof of Claim Form that sets forth the amount of your claim as listed on the Schedules, if applicable, the specific Debtor against which the claim is scheduled, and whether the claim is scheduled as "disputed," "contingent," or "unliquidated." You will receive a different Standard Proof of Claim Form for each claim listed in your name on the Schedules. You may utilize the Standard Proof of Claim Form(s) you receive from the Debtors to file your claim. Additional Standard Proof of Claim Forms and instructions may be obtained at (a) the website established by the Debtors' Court-approved claims and noticing agent, Prime Clerk LLC ("Prime Clerk"), located at https://restructuring.primeclerk.com/pge (the "Case Website") or (b) the Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

All Proof of Claim Forms must be signed by the claimant or an authorized agent of the claimant. It must be written in English and the amount, if known, must be denominated in United States currency (using the exchange rate, if applicable, as of the Petition Date). You also should attach to your completed Proof of Claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Your Proof of Claim Form must not contain complete social security numbers or taxpayer identification numbers (include only the last four (4) digits), a complete birth date (include only the year), the name of a minor (include only the minor's initials), or a financial account number (include only the last four (4) digits of such account number).

IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE DEBTOR, SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR AND YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT DEBTOR'S BANKRUPTCY CASE (SEE ABOVE).

**B. Fire Claimants and Wildfire Subrogation Claimants**

Pursuant to the Bar Date Order, and all matters related thereto, (a) any claim (as such term is defined in section 101(5) of the Bankruptcy Code) related to or in any way arising from the wildfires that occurred in Northern California prior to the Petition Date (January 29, 2019) (the "Northern California Fires"),[2] including any claim held by a Wildfire Subrogation Claimant, is referred to herein as a "Fire Claim"; (b) any person or entity, including any Governmental Unit, holding a Fire Claim (other than a Wildfire Subrogation Claimant) is referred to herein as a "Fire Claimant"; and (c) any insurance carrier having made payments to their insureds for any damages arising out of or relating to a Fire Claim, or any other party who has acquired by assignment or otherwise obtained an interest in a claim arising out or related to such payments, is referred to herein as a "Wildfire Subrogation Claimant".

If you (or, in the case of a wrongful death claim, the estate you represent) believe you have a claim against either of the Debtors for personal injury or wrongful death, property damage, or other loss or liability in any way relating to or resulting from the Northern California Fires, you or your authorized agent or attorney MUST file a Proof of Claim for your Fire Claim prior to the Bar Date in accordance with the instructions in this notice. Proof of Claim forms for Fire Claimants (a "Fire Claimant Proof of Claim Form") and Wildfire Subrogation Claimants (a "Wildfire Subrogation Claimant Proof of Claim Form" and, together with the Fire Claimant Proof of Claim Form, the "Fire Proof of Claim Forms") are available at the Case Website. Substantially all of the information requested in the applicable Fire Proof of Claim Form must be provided. All timely filed Fire Proof of Claim Forms shall be deemed filed against both PG&E Corp. and the Utility.

You or your authorized agent or attorney MUST file a Proof of Claim on account of your Fire Claim even if you may be included in, or represented by, a purported class action, class suit, class Proof of Claim, or similar representative action filed against the Debtors with respect to your Fire Claim. You may but are not required to attach supporting documentation to your Fire Proof of Claim Form. Please be advised, except as otherwise provided in the Bar Date Order, if supporting documentation is attached by any claimant to a Fire Proof of Claim Form, such supporting documentation will be publicly available as a part of such claimant's Fire Proof of Claim Form.

**3. SPECIAL PROVISIONS FOR CUSTOMERS**

If you are a residential or non-residential customer of the Debtors (each a "Customer") and you believe you have a claim against the Debtors relating to the period prior to the Petition Date, you MUST file a Standard Proof of Claim Form by the Bar Date. Customers are not required to file proofs of claim for ordinary and customary refunds, overpayments, billing credits, deposits or similar billing items.

**4. WHEN AND WHERE TO FILE**

All Proofs of Claim (including any proofs of claim of Fire Claimants, Wildfire Subrogation Claimants, Governmental Units, and Customers) must be filed so as to be received on or before October 21, 2019 at 5:00 p.m. (Prevailing Pacific Time) as follows:

If electronically: The Case Website established by Prime Clerk, using the interface available on such website under the link entitled "Submit a Claim" (the "Electronic Filing System").

If by first class mail: PG&E Corporation Claims Processing Center; c/o Prime Clerk LLC; Grand Central Station, PO Box 4850; New York, NY 10163-4850.

If by overnight courier: PG&E Corporation Claims Processing Center; c/o Prime Clerk LLC: 850 Third Avenue, Suite 412; Brooklyn, NY 11232.

If by hand delivery: PG&E Corporation Claims Processing Center; c/o Prime Clerk LLC: 850 Third Avenue, Suite 412; Brooklyn, NY 11232.

-or- At one of the Debtors' Claim Service Centers located at the following PG&E locations (beginning July 15, 2019 through the Bar Date (October 21, 2019) during the hours of 8:30 a.m. – 5:00 p.m. Prevailing Pacific Time): (i) 350 Salem Street, Chico, CA 95928; (ii) 231 "D" Street, Marysville, CA 95901; (iii) 1567 Huntoon Street, Oroville, CA 95965; (iv) 3600 Meadow View Road, Redding, CA 96002; (v) 111 Stony Circle, Santa Rosa, CA 95401; or (vi) 1850 Soscol Ave. Ste 105, Napa, CA 94559. Photocopy machines will not be available at the Claim Service Centers; you must bring a photocopy of your claim if you wish to receive a date-stamped copy.

Proofs of Claim will be deemed filed only when actually received at the addresses listed above or via the Electronic Filing System on or before the Bar Date. If you submit a Proof of Claim via the Electronic Filing System, you will receive an email confirmation generated by the Electronic Filing System with an image of your filed Proof of Claim Form. Proofs of Claim may not be delivered by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System).

**5. WHO NEED NOT FILE A PROOF OF CLAIM**

You do not need to file a Proof of Claim on or before the Bar Date if you are:

(a) any person or entity whose claim is listed on the Schedules; provided that (i) the claim is not listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(b) any person or entity whose claim has been paid in full;

(c) any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any party asserting a claim pursuant to section 503(b)(9) of the Bankruptcy Code who was required to file such claim by April 22, 2019 as established in the Bankruptcy Court's *Amended Order Pursuant to 11 U.S.C. §§ 503(b)(9) and 105(a) Establishing Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9)* (Docket No. 725));

(d) any person or entity who holds a claim that heretofore has been allowed by Order of the Bankruptcy Court entered on or before the Bar Date;

(e) any holder of a claim for which a separate deadline has been fixed by the Bankruptcy Court;

(f) any person or entity who has already filed a Proof of Claim with Prime Clerk against the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the Standard Proof of Claim Form or Official Form No. 410;

(g) any person or entity that holds an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; *provided, however,* that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Standard Proof of Claim must be filed on or before the Bar Date;

(h) any person or entity whose claim is limited exclusively to the repayment of principal, interest, and other fees and expenses under any agreements (a "Debt Claim") governing any prepetition, unsecured revolving credit loan, term loan, notes, bonds, debentures, or other debt securities, in each case, issued by or on behalf of any of the Debtors (collectively, the "Debt Instruments"); *provided, however,* that (i) the foregoing exclusion shall not apply to the indenture trustee, owner trustee, pass-through trustee, subordination agent, registrar, paying agent, administrative, loan or collateral agent, or any other entity serving in a similar capacity however designated (collectively, an "Indenture Trustee") under the applicable Debt Instrument, (ii) each such Indenture Trustee shall be required to file a Standard Proof of Claim against the applicable Debtor, on or before the Bar Date, on account of all Debt Claims against such Debtor under the applicable Debt Instrument; *provided, however,* that an Indenture Trustee will be permitted, in lieu of attaching voluminous documentation, to file with its Proof of Claim a summary of the applicable Debt Instrument and other operative documents, on the condition that such documents will be made available by the Indenture Trustee within ten (10) business days after receipt of a written request from a party in interest, and (iii) any holder of a Debt Claim that has a claim arising out of or relating to a Debt Instrument other than a Debt Claim must file a Standard Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies;

(i) any person or entity whose claim against the Utility arises solely from amounts due to the California Independent System Operator Corporation ("CAISO"), California Power Exchange Corporation ("PX") and/or various market participants based on purchases or sales of electricity, capacity, or ancillary services by Pacific Gas and Electric Company and other market participants in markets operated by the CAISO and the PX that are subject to determination by the Federal Energy Regulatory Commission ("FERC") in refund proceedings bearing FERC Docket Nos. EL00-95-000 and EL00-98-000 and related sub-dockets, and any amounts due under any settlement agreements, allocation agreements, escrow agreements, letter agreements, other written agreements, or court orders (including orders entered in the chapter 11 case styled *In re California Power Exchange Corporation*, Case No. LA 01-16577 ES) that expressly relate thereto;

(j) any Customer whose claims is limited exclusively to ordinary and customary refunds, overpayments, billing credits, deposits, or similar billing items;

(k) either Debtor having a claim against the other Debtor in these Chapter 11 Cases; or

(l) any person or entity who holds a claim solely to the extent that such claim arises from an event that occurred after January 29, 2019.

Notwithstanding anything herein or in the Bar Date Order to the contrary, any claimant that timely files a Proof of Claim and makes a good faith effort to complete a Proof of Claim form as set forth in the Bar Date Order shall be permitted to revise, amend, and/or supplement their applicable Proof of Claim form to the extent permitted by applicable law until such time as their claim is allowed or disallowed by order of the Bankruptcy Court.

This notice may be sent to many persons that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors.

**6. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you hold a claim arising out of or relating to the rejection of an executory contract or unexpired lease you must file a Standard Proof of Claim Form based on such rejection by the later of (i) the Bar Date, and (ii) the date that is thirty (30) days following the entry of the Bankruptcy Court's order approving such rejection (which order may be the order confirming a chapter 11 plan for the Debtors), or be forever barred from doing so. Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a claim for damages that arises from or relates to the rejection of the executory contract or unexpired lease) must file a Standard Proof of Claim Form for such amounts on or before the Bar Date unless an exception identified in Section 5 above applies.

**7. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN SECTION 5 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN ACCORDANCE WITH THE BAR DATE ORDER SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED OR CONFIRMED IN THESE CHAPTER 11 CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

**8. THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as a holder of a claim against one or more of the Debtors in the Debtors' Schedules. To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the instructions accompanying the Standard Proof of Claim Form(s) regarding the nature, amount, and status of your claim(s). If you rely on the Debtors' Schedules or the Standard Proof of Claim Form(s) you receive in the mail from the Debtors, it is your responsibility to determine that the claim is accurately listed on the Schedules. However, you may rely on the form you receive, which lists the amount of your claim as scheduled, identifies the Debtor against which it is scheduled, and specifies whether the claim is "disputed," "contingent," or "unliquidated."

As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim only is against the Debtor specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the Bar Date, in accordance with the procedures set forth in this notice. For the avoidance of doubt, if you have a Fire Claim and it is listed as "disputed," "contingent," or "unliquidated" you must file a Fire Proof of Claim Form.

Copies of the Debtors' Schedules are available for inspection on the Bankruptcy Court's electronic docket for the Debtors' Chapter 11 Cases, which is posted on (a) the Case Website and (b) the Bankruptcy Court's website at http://www.canb.uscourts.gov. A login and password to the Bankruptcy Court's Public Access to Electronic Records ("PACER") are required to access this information on the Bankruptcy Court's website and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Schedules also may be examined between the hours of 9:00 a.m. and 4:30 p.m. (Prevailing Pacific Time), Monday through Friday at the Office of the Clerk of the Bankruptcy Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102. Copies of the Debtors' Schedules also may be obtained by request to Prime Clerk: PG&E Corporation: c/o Prime Clerk LLC; 850 Third Avenue, Suite 412; Brooklyn, NY 11232; Toll Free: (844) 339-4217; Email: pgeinfo@primeclerk.com.

**Please note that Prime Clerk cannot provide legal advice, nor can it advise you as to whether you should file a Proof of Claim. A holder of a potential claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a Proof of Claim.**

Dated: July 1, 2019
WEIL, GOTSHAL & MANGES LLP, KELLER & BENVENUTTI LLP

[Fn-1] Capitalized terms used but not herein defined have the meanings ascribed to them in the Bar Date Order.
[Fn-2] The Northern California Fires include, but are not limited to, the following fires: 37, Adobe, Atlas, Blue, Butte, Camp, [illegible] Partrick, Pocket, Point, Pressley, Pythian (a.k.a. Oakmont), Redwood, Sullivan, Sulphur, and Tubbs.

## THE RECORD
## PROOF OF PUBLICATION

STATE OF CALIFORNIA
COUNTY OF SAN JOAQUIN

THE UNDERSIGNED SAYS:

I am a citizen of the United States and a resident of San Joaquin County; I am over the age of 18 years and not a part to or interested in the above-entitled matter. I am the principal clerk of the printer of THE RECORD, a newspaper of general publication, printed and published daily in the City of Stockton, County of San Joaquin by the Superior Court of the County of San Joaquin, State of California, under the date of February 26, 1952, File No. 52857, San Joaquin County Records; that the notice of which the annexed is a printed copy (set in type not smaller than nonpareil), has been published each regular and entire issue of said newspaper and not in any supplement thereof on the following dates,
To wit,

September 26 2019

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 26, 2019 In Stockton California

[signature]

Delailah Little,
The Record

000142238

---

**LEGAL NOTICE - PARA INFORMACIÓN EN ESPAÑOL, VISITE EL SITIO WEB.**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: PG&E CORPORATION, -AND- PACIFIC GAS AND ELECTRIC COMPANY, DEBTORS. | Bankruptcy Case No. 19-30088 (DM) Chapter 11 (Lead Case) (Jointly Administered) NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM IN CHAPTER 11 CASES |

**TO ALL PERSONS WITH CLAIMS AGAINST ANY DEBTOR SET FORTH BELOW:**

| NAME OF DEBTOR AND LAST FOUR DIGITS OF FEDERAL TAX IDENTIFICATION NUMBER | CASE NUMBER |
|---|---|
| PG&E Corporation (4914) ("PG&E Corp.") | 19-30088 (DM) |
| Pacific Gas and Electric Company (2640) (the "Utility") | 19-30089 (DM) |

The United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") has entered an order (the "**Bar Date Order**"[1]) establishing **October 21, 2019 at 5:00 p.m. (Prevailing Pacific Time)** (the "**Bar Date**") as the last date and time for each (i) person, as defined in section 101(41) of title 11 of the United States Code (the "**Bankruptcy Code**"), including, without limitation, all Fire Claimants (as defined below), Wildfire Subrogation Claimants (as defined below), and Customers (as defined below), and (ii) governmental unit (as defined in section 101(27) of the Bankruptcy Code, collectively, the "**Governmental Units**") to file a proof of claim (each a "**Proof of Claim**") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, all secured claims and priority claims against either of the above-listed debtors (collectively, the "**Debtors**").

The Bar Date and the procedures set forth below for filing Proofs of Claim apply to all claims against the Debtors that arose before January 29, 2019 (the "**Petition Date**"), the date on which the Debtors commenced cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").

**1. WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a Proof of Claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the Petition Date, and it is not one of the types of claims described in Section 5 below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means a right to (a) payment, whether such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**2. WHAT TO FILE**

**A. Claimants other than Holders of Fire Claims.**

The Debtors have prepared a Proof of Claim form for use by claimants in these Chapter 11 Cases other than Fire Claimants and Wildfire Subrogation Claimants (the "**Standard Proof of Claim Form**"). If your claim is listed on the schedules of assets and liabilities filed by the Debtors (collectively, the "**Schedules**"), you will receive in the mail a Standard Proof of Claim Form that sets forth the amount of your claim as listed on the Schedules, if applicable, the specific Debtor against which the claim is scheduled, and whether the claim is scheduled as "disputed," "contingent," or "unliquidated." You will receive a different Standard Proof of Claim Form for each claim listed in your name on the Schedules. You may utilize the Standard Proof of Claim Form(s) you receive from the Debtors to file your claim. Additional Standard Proof of Claim Forms and instructions may be obtained at (a) the website established by the Debtors' Court-approved claims and noticing agent, Prime Clerk LLC ("**Prime Clerk**"), located at https://restructuring.primeclerk.com/pge (the "**Case Website**") or (b) the Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

All Proof of Claim Forms must be **signed** by the claimant or an authorized agent of the claimant. It must be written in English and the amount, if known, must be denominated in United States currency (using the exchange rate, if applicable, as of the Petition Date). You also should attach to your completed Proof of Claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Your Proof of Claim Form must **not** contain complete social security numbers or taxpayer identification numbers (include only the last four (4) digits), a complete birth date (include only the year), the name of a minor (include only the minor's initials), or a financial account number (include only the last four (4) digits of such account number).

IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE DEBTOR, SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR AND YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT DEBTOR'S BANKRUPTCY CASE (SEE ABOVE).

**B. Fire Claimants and Wildfire Subrogation Claimants**

Pursuant to the Bar Date Order, and all matters related thereto, (a) any claim (as such term is defined in section 101(5) of the Bankruptcy Code) related to or in any way arising from the wildfires that occurred in Northern California prior to the Petition Date (January 29, 2019) (the "**Northern California Fires**"),[2] including any claim held by a Wildfire Subrogation Claimant, is referred to herein as a "**Fire Claim**"; (b) any person or entity, including any Governmental Unit, holding a Fire Claim (other than a Wildfire Subrogation Claimant) is referred to herein as a "**Fire Claimant**"; and (c) any insurance carrier having made payments to their insureds for any damages arising out of or relating to a Fire Claim, or any other party who has acquired by assignment or otherwise obtained an interest in a claim arising out of or related to such payments, is referred to herein as a "**Wildfire Subrogation Claimant**".

If you (or, in the case of a wrongful-death claim, the estate you represent) believe you have a claim against either of the Debtors for personal injury or wrongful death, property damage, or other loss or liability in any way relating to or resulting from the Northern California Fires, you or your authorized agent or attorney **MUST** file a Proof of Claim for your Fire Claim prior to the Bar Date in accordance with the instructions in this notice. Proof of Claim forms for Fire Claimants (a "**Fire Claimant Proof of Claim Form**") and Wildfire Subrogation Claimants (a "**Wildfire Subrogation Claimant Proof of Claim Form**" and, together with the Fire Claimant Proof of Claim Form, the "**Fire Proof of Claim Forms**") are available at the Case Website. Substantially all of the information requested in the applicable Fire Proof of Claim Form must be provided. All timely filed Fire Proof of Claim Forms shall be deemed filed against both PG&E Corp. and the Utility.

You or your authorized agent or attorney **MUST** file a Proof of Claim on account of your Fire Claim even if you may be included in, or represented by, a purported class action, class suit, class Proof of Claim, or similar representative action filed against the Debtors with respect to your Fire Claim. You may but are not required to attach supporting documentation to your Fire Proof of Claim Form. **Please be advised, except as otherwise provided in the Bar Date Order, if supporting documentation is attached by any claimant to a Fire Proof of Claim Form, such supporting documentation will be publicly available as a part of such claimant's Fire Proof of Claim Form.**

**3. SPECIAL PROVISIONS FOR CUSTOMERS**

If you are a residential or non-residential customer of the Debtors (each a "**Customer**") and you believe you have a claim against the Debtors relating to the period prior to the Petition Date, you **MUST** file a Standard Proof of Claim Form by the Bar Date. **Customers are not required to file proofs of claim for ordinary and customary refunds, overpayments, billing credits, deposits or similar billing items.**

**4. WHEN AND WHERE TO FILE**

All Proofs of Claim (including any proofs of claims of Fire Claimants, Wildfire Subrogation Claimants, Governmental Units, and Customers) must be filed so as to be received on or before **October 21, 2019 at 5:00 p.m. (Prevailing Pacific Time)** as follows:

**If electronically:** The Case Website established by Prime Clerk, using the interface available on such website under the link entitled "Submit a Claim" (the "**Electronic Filing System**").

**If by first class mail:** PG&E Corporation Claims Processing Center, c/o Prime Clerk LLC, Grand Central Station, PO Box 4850, New York, NY 10163-4850.

**If by overnight courier:** PG&E Corporation Claims Processing Center; c/o Prime Clerk LLC; 850 Third Avenue, Suite 412; Brooklyn, NY 11232.

**If by hand delivery:** PG&E Corporation Claims Processing Center; c/o Prime Clerk LLC; 850 Third Avenue, Suite 412; Brooklyn, NY 11232.

**-or-** At one of the Debtors' Claim Service Centers located at the following PG&E locations (beginning July 15, 2019 through the Bar Date (October 21, 2019) during the hours of 8:30 a.m. – 5:00 p.m. Prevailing Pacific Time): (i) 350 Salem Street, Chico, CA 95928; (ii) 231 "D" Street, Marysville, CA 95901; (iii) 1567 Huntoon Street, Oroville, CA 95965; (iv) 3600 Meadow View Road, Redding, CA 96002; (v) 111 Stony Circle, Santa Rosa, CA 95401; or (vi) 1850 Soscol Ave. Ste 105, Napa, CA 94559. **Photocopy machines will not be available at the Claim Service Centers; you must bring a photocopy of your claim if you wish to receive a date-stamped copy.**

Proofs of Claim will be deemed filed only when **actually received** at the addresses listed above or via the Electronic Filing System on or before the Bar Date. If you submit a Proof of Claim via the Electronic Filing System, you will receive an email confirmation generated by the Electronic Filing System with an image of your filed Proof of Claim. Proofs of Claim may not be delivered by facsimile, telecopy or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System).

**5. WHO NEED NOT FILE A PROOF OF CLAIM**

You do **not** need to file a Proof of Claim on or before the Bar Date if you are:

(a) any person or entity whose claim is listed on the Schedules; *provided* that (i) the claim is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(b) any person or entity whose claim has been paid in full;

(c) any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any party asserting a claim pursuant to section 503(b)(9) of the Bankruptcy Code who was required to file such claim by April 22, 2019 as established in the Bankruptcy Court's *Amended Order Pursuant to 11 U.S.C. §§ 503(b)(9) and 105(a) Establishing Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9)* [Docket No. 725]);

(d) any person or entity who holds a claim that heretofore has been allowed by Order of the Bankruptcy Court entered on or before the Bar Date;

(e) any holder of a claim for which a separate deadline has been fixed by the Bankruptcy Court;

(f) any person or entity who has already filed a Proof of Claim with Prime Clerk against the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the Standard Proof of Claim Form or Official Form No. 410;

(g) any person or entity that holds an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; *provided, however,* that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Standard Proof of Claim must be filed on or before the Bar Date;

(h) any person or entity whose claim is limited exclusively to the repayment of principal, interest, and other fees and expenses under any agreements (a "**Debt Claim**") governing any prepetition, unsecured revolving credit loan, term loan, notes, bonds, debentures, or other debt securities, in each case, issued by or on behalf of any of the Debtors (collectively, the "**Debt Instruments**"); *provided, however,* that (i) the foregoing exclusion shall not apply to the indenture trustee, owner trustee, pass-through trustee, subordination agent, registrar, paying agent, administrative, loan or collateral agent, or any other entity serving in a similar capacity however designated (collectively, an "**Indenture Trustee**") under the applicable Debt Instrument, (ii) each such Indenture Trustee shall be required to file a Standard Proof of Claim against the applicable Debtor, on or before the Bar Date, on account of all Debt Claims against such Debtor under the applicable Debt Instrument; *provided, however,* that an Indenture Trustee will be permitted, in lieu of attaching voluminous documentation, to file with its Proof of Claim a summary of the applicable Debt Instrument and other operative documents, on the condition that such documents will be made available by the Indenture Trustee within ten (10) business days after receipt of a written request from a party in interest, and (iii) any holder of a Debt Claim that has a claim arising out of or relating to a Debt Instrument other than a Debt Claim must file a Standard Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies;

(i) any person or entity whose claim against the Utility arises solely from amounts due to the California Independent System Operator Corporation ("**CAISO**"), California Power Exchange Corporation ("**PX**") and/or various market participants based on purchases or sales of electricity, capacity or ancillary services by Pacific Gas and Electric Company and other market participants in markets operated by the CAISO and the PX that are subject to determination by the Federal Energy Regulatory Commission ("**FERC**") in refund proceedings bearing FERC Docket Nos. EL00-95-000 and EL00-98-000 and related sub-dockets, and any amounts due under any settlement agreements, allocation agreements, escrow agreements, letter agreements, other written agreements, or court orders (including orders entered in the chapter 11 case styled *In re California Power Exchange Corporation,* Case No. LA 01-16577 ES) that expressly relate thereto;

(j) any Customer whose claim is limited exclusively to ordinary and customary refunds, overpayments, billing credits, deposits, or similar billing items;

(k) either Debtor having a claim against the other Debtor in these Chapter 11 Cases; or

(l) any person or entity who holds a claim solely to the extent that such claim arises from an event that occurred after January 29, 2019.

Notwithstanding anything herein or in the Bar Date Order to the contrary, any claimant that timely files a Proof of Claim and makes a good faith effort to complete a Proof of Claim form as set forth in the Bar Date Order shall be permitted to revise, amend, and/or supplement their applicable Proof of Claim form to the extent permitted by applicable law until such time as their claim is allowed or disallowed by order of the Bankruptcy Court.

This notice may be sent to many persons that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors.

**6. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you hold a claim arising out of or relating to the rejection of an executory contract or unexpired lease you must file a Standard Proof of Claim Form based on such rejection by the later of (i) the Bar Date, and (ii) the date that is thirty (30) days following the entry of the Bankruptcy Court's order approving such rejection (which order may be the order confirming a chapter 11 plan for the Debtors), or be forever barred from doing so. Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a claim for damages that arises from or relates to the rejection of the executory contract or unexpired lease) must file a Standard Proof of Claim Form for such amounts on or before the Bar Date unless an exception identified in Section 5 above applies.

**7. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN SECTION 5 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN ACCORDANCE WITH THE BAR DATE ORDER SHALL **NOT** BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED OR CONFIRMED IN THESE CHAPTER 11 CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

**8. THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as a holder of a claim against one or more of the Debtors in the Debtors' Schedules. To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the instructions accompanying the Standard Proof of Claim Form(s) regarding the nature, amount, and status of your claim(s). If you rely on the Debtors' Schedules or the Standard Proof of Claim Form(s) you receive in the mail from the Debtors, it is your responsibility to determine that the claim accurately is listed on the Schedules. However, you may rely on the form you receive, which lists the amount of your claim as scheduled, identifies the Debtor against which it is scheduled, and specifies whether the claim is "disputed," "contingent," or "unliquidated."

As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim only is against the Debtor specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need **not** file a Proof of Claim. **Otherwise, or if you decide to file a Proof of Claim, you must do so before the Bar Date, in accordance with the procedures set forth in this notice.** For the avoidance of doubt, if you have a Fire Claim and it is listed as "disputed," "contingent," or "unliquidated" you must file a Fire Proof of Claim Form.

Copies of the Debtors' Schedules are available for inspection on the Bankruptcy Court's electronic docket for the Debtors' Chapter 11 Cases, which is posted on (a) the Case Website and (b) the Bankruptcy Court's website at http://www.canb.uscourts.gov. A login and password to the Bankruptcy Court's Public Access to Electronic Records ("**PACER**") are required to access this information on the Bankruptcy Court's website and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Schedules also may be examined between the hours of 9:00 a.m. and 4:30 p.m. (Prevailing Pacific Time), Monday through Friday at the Office of the Clerk of the Bankruptcy Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102. Copies of the Debtors' Schedules also may be obtained by request to Prime Clerk: PG&E Corporation, c/o Prime Clerk LLC, 850 Third Avenue, Suite 412; Brooklyn, NY 11232; Toll Free: (844) 339-4217; Email: pgeinfo@primeclerk.com

**Please note that Prime Clerk cannot provide legal advice, nor can it advise you as to whether you should file a Proof of Claim. A holder of a potential claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a Proof of Claim.**

Dated: July 1, 2019
**WEIL, GOTSHAL & MANGES LLP, KELLER & BENVENUTTI LLP**

[Fn-1] Capitalized terms used but not herein defined have the meanings ascribed to them in the Bar Date Order.

[Fn-2] The Northern California Fires include, but are not limited to, the following fires: 37, Adobe, Atlas, Blue, Butte, Camp, Cascade, Cherokee, Ghost Ship, Honey, La Porte, Lobo, McCourtney, Norrbom, Partrick, Pocket, Point, Presley, Pythian (a.k.a. Oakmont), Redwood, Sullivan, Sulphur, and Tubbs.

# *Affidavit of Publication*

{ Newspaper Space Buyers.
149 Rowayton, 2nd Floor
Norwalk, CT 06853
{

STATE OF CALIFORNIA
SS.
COUNTY OF TRINITY

Wayne R. Agner of the said County, being duly sworn, deposes and says:

That he is and at all times herein mentioned was a citizen of the United States, over the age of twenty-one years and that he is not a party to, nor interested in the above entitled matter;

That he is the publisher of The Trinity Journal, a newspaper of general circulation published in the Town of Weaverville, County of Trinity, and which newspaper at all times herein mentioned had and still has a bona fide subscription list of paying subscribers, and which newspaper has been established, printed and published at regular intervals in the said Town of Weaverville, County of Trinity, for a period exceeding one year next preceding the date of publication of the notice hereinafter referred to; and which newspaper is not devoted to nor published for the interests, entertainment or instruction of a particular class, profession, trade, calling, race, or denomination, or any number of same; that the notice, of which the annexed is a printed copy, has been published in each regular and entire issue of said newspaper and not in any supplement thereof on the following dates, to wit:

July 17, 2019

I hereby certify under penalty of perjury that the foregoing is true and correct. Executed at Weaverville, California, on the 17th day of July 2019.

Wayne R. Agner
CS
**WAYNE R. AGNER**
Publisher

**AFFIDAVIT OF PUBLICATION OF**

**PUBLIC NOTICE**
"PG&E Bankruptcy"

**BY TRINITY JOURNAL**

Please See attachment.

Case: 19-30088 Doc# 4688-4 Filed: 11/12/19 Entered: 11/12/19 16:05:12 Page 16 of 19

# *Affidavit of Publication*

{ Newspaper Space Buyers.
149 Rowayton, 2nd Floor
Norwalk, CT 06853
{

STATE OF CALIFORNIA
SS.
COUNTY OF TRINITY

Wayne R. Agner of the said County, being duly sworn, deposes and says:

That he is and at all times herein mentioned was a citizen of the United States, over the age of twenty-one years and that he is not a party to, nor interested in the above entitled matter;

That he is the publisher of The Trinity Journal, a newspaper of general circulation published in the Town of Weaverville, County of Trinity, and which newspaper at all times herein mentioned had and still has a bona fide subscription list of paying subscribers, and which newspaper has been established, printed and published at regular intervals in the said Town of Weaverville, County of Trinity, for a period exceeding one year next preceding the date of publication of the notice hereinafter referred to; and which newspaper is not devoted to nor published for the interests, entertainment or instruction of a particular class, profession, trade, calling, race, or denomination, or any number of same; that the notice, of which the annexed is a printed copy, has been published in each regular and entire issue of said newspaper and not in any supplement thereof on the following dates, to wit:

August 21, 2019

I hereby certify under penalty of perjury that the foregoing is true and correct. Executed at Weaverville, California, on the 21st day of August 2019.

Wayne R. Agner
**WAYNE R. AGNER**
Publisher
CS

**AFFIDAVIT OF PUBLICATION OF**

**PUBLIC NOTICE**
"PG&E Bankruptcy"

**BY TRINITY JOURNAL**

Please see attachment.

# *Affidavit of Publication*

{ Newspaper Space Buyers.
149 Rowayton, 2nd Floor
Norwalk, CT 06853
{

STATE OF CALIFORNIA
SS.
COUNTY OF TRINITY

Wayne R. Agner of the said County, being duly sworn, deposes and says:

That he is and at all times herein mentioned was a citizen of the United States, over the age of twenty-one years and that he is not a party to, nor interested in the above entitled matter;

That he is the publisher of The Trinity Journal, a newspaper of general circulation published in the Town of Weaverville, County of Trinity, and which newspaper at all times herein mentioned had and still has a bona fide subscription list of paying subscribers, and which newspaper has been established, printed and published at regular intervals in the said Town of Weaverville, County of Trinity, for a period exceeding one year next preceding the date of publication of the notice hereinafter referred to; and which newspaper is not devoted to nor published for the interests, entertainment or instruction of a particular class, profession, trade, calling, race, or denomination, or any number of same; that the notice, of which the annexed is a printed copy, has been published in each regular and entire issue of said newspaper and not in any supplement thereof on the following dates, to wit:

September 25, 2019

I hereby certify under penalty of perjury that the foregoing is true and correct. Executed at Weaverville, California, on the 25th day of September 2019.

Wayne R. Agner

**WAYNE R. AGNER**
Publisher

CS

**AFFIDAVIT OF PUBLICATION OF**

**PUBLIC NOTICE**
"PG&E Bankruptcy"

**BY TRINITY JOURNAL**

please see attachment

**Ukiah Daily Journal**
617 S. State St
Ukiah, California 95482
(707) 468-3500
advertising@record-bee.com

3815870

NEWSPAPER SPACE BUYERS
149 ROWAYTON AVE., 2ND FLOOR
NORWALK, CT 06853

## PROOF OF PUBLICATION (2015.5 C.C.P.)

## STATE OF CALIFORNIA COUNTY OF MENDOCINO

I am a citizen of the United States and a resident of the County aforesaid; I am over the age of eighteen years, and not a party to or interested in the above entitled matter. I am the principal clerk of the printer of the Ukiah Daily Journal, a newspaper of general circulation, printed and published daily in the City of Ukiah, County of Mendocino and which newspaper has been adjudged a newspaper of general circulation by the Superior Court of the County of Mendocino, State of California, under the date of September 22, 1952, Case Number 9267; that the notice, of which the annexed is a printed copy (set in type not smaller than non-pareil), has been published in each regular and entire issue of said newspaper and not in any supplement thereof on the following dates, to wit:

**07/18/2019, 08/22/2019, 09/26/2019**

I certify (or declare) under the penalty of perjury that the foregoing is true and correct.

Dated at Ukiah, California,
October 11th, 2019

Molly E. Lane, LEGAL CLERK

Legal No. **0006365822**

**LEGAL NOTICE - PARA INFORMACIÓN EN ESPAÑOL, VISITE EL SITIO WEB**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE: PG&E CORPORATION, - AND - PACIFIC GAS AND ELECTRIC COMPANY, DEBTORS.** | Bankruptcy Case No. 19-30088 (DM) Chapter 11(Lead Case) (Jointly Administered) **NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM IN CHAPTER 11 CASES** |

**TO ALL PERSONS WITH CLAIMS AGAINST ANY DEBTOR SET FORTH BELOW:**

| NAME OF DEBTOR AND LAST FOUR DIGITS OF FEDERAL TAX IDENTIFICATION NUMBER | CASE NUMBER |
|---|---|
| PG&E Corporation (4914) ("**PG&E Corp.**") | 19-30088 (DM) |
| Pacific Gas and Electric Company (2640) (the "**Utility**") | 19-30089 (DM) |

The United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") has entered an order (the "**Bar Date Order**[1]") establishing **October 21, 2019 at 5:00 p.m. (Prevailing Pacific Time)** (the "**Bar Date**") as the last date and time for each (i) person, as defined in section 101(41) of title 11 of the United States Code (the "**Bankruptcy Code**"), including, without limitation, all Fire Claimants (as defined below), Wildfire Subrogation Claimants (as defined below), and Customers (as defined below), and (ii) governmental unit (as defined in section 101(27) of the Bankruptcy Code, collectively, the "**Governmental Units**") to file a proof of claim (each a "**Proof of Claim**") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, all secured claims and priority claims against either of the above-listed debtors (collectively, the "**Debtors**").

The Bar Date and the procedures set forth below for filing Proofs of Claim apply to all claims against the Debtors that arose before January 29, 2019 (the "**Petition Date**"), the date on which the Debtors commenced cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").

**1. WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a Proof of Claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the Petition Date, and it is not one of the types of claims described in Section 5 below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means a right to (a) payment, whether such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**2. WHAT TO FILE**

**A. Claimants other than Holders of Fire Claims.**

The Debtors have prepared a Proof of Claim form for use by claimants in these Chapter 11 Cases other than Fire Claimants and Wildfire Subrogation Claimants (the "**Standard Proof of Claim Form**"). If your claim is listed on the schedules of assets and liabilities filed by the Debtors (collectively, the "**Schedules**"), you will receive in the mail a Standard Proof of Claim Form that sets forth the amount of your claim as listed on the Schedules, if applicable, the specific Debtor against which the claim is scheduled, and whether the claim is scheduled as "disputed," "contingent," or "unliquidated." You will receive a different Standard Proof of Claim Form for each claim listed in your name on the Schedules. You may utilize the Standard Proof of Claim Form(s) you receive from the Debtors to file your claim. Additional Standard Proof of Claim Forms and instructions may be obtained at (a) the website established by the Debtors' Court-approved claims and noticing agent, Prime Clerk LLC ("**Prime Clerk**"), located at https://restructuring.primeclerk.com/pge (the "**Case Website**") or (b) the Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

All Proof of Claim Forms must be <u>signed</u> by the claimant or an authorized agent of the claimant. It must

Bar Date if you are:

(a) any person or entity whose claim
Schedules; *provided* that (i) the claim is n
Schedules as "disputed," "contingent," or
(ii) the person or entity does not dispute the
and priority of the claim as set forth in the
(iii) the person or entity does not dispute tha
obligation of the specific Debtor against wh
listed in the Schedules;

(b) any person or entity whose claim h
full;

(c) any holder of a claim allowable unde
and 507(a)(2) of the Bankruptcy Code as a
expense (other than any party asserting a cl
section 503(b)(9) of the Bankruptcy Code w
to file such claim by April 22, 2019 as es
Bankruptcy Court's *Amended Order Pursu*
*§§ 503(b)(9) and 105(a) Establishing Pro*
*Assertion, Resolution, and Satisfaction of*
*Pursuant to 11 U.S.C. § 503(b)(9)* [Docket N

(d) any person or entity who holds a claim
has been allowed by Order of the Bankrupt
on or before the Bar Date;

(e) any holder of a claim for which a se
has been fixed by the Bankruptcy Court;

(f) any person or entity who has alrea
of Claim with Prime Clerk against the Debt
to the claim being asserted, utilizing a
substantially conforms to the Standard Proo
or Official Form No. 410;

(g) any person or entity that holds an
interest in the Debtors, which interest is ba
upon the ownership of common or p
membership interests, partnership interest
options, or rights to purchase, sell, or subs
security or interest; *provided, however,* th
holder asserts a claim (as opposed to an ow
against the Debtors (including a claim relat
interest or the purchase or sale of such eq
Standard Proof of Claim must be filed on o
Date;

(h) any person or entity whose cl
exclusively to the repayment of principal, in
fees and expenses under any agreements (a
governing any prepetition, unsecured r
loan, term loan, notes, bonds, debentures
securities, in each case, issued by or on beh
Debtors (collectively, the "**Debt Instrume**
*however,* that (i) the foregoing exclusion sh
the indenture trustee, owner trustee, pass-
subordination agent, registrar, paying agent
loan or collateral agent, or any other en
a similar capacity however designated (
"**Indenture Trustee**") under the applicable D
(ii) each such Indenture Trustee shall be re
Standard Proof of Claim against the applica
before the Bar Date, on account of all Debt
such Debtor under the applicable Debt Instru
*however,* that an Indenture Trustee will b
lieu of attaching voluminous documentation
Proof of Claim a summary of the applicable
and other operative documents, on the con
documents will be made available by the In
within ten (10) business days after recei
request from a party in interest, and (iii) any
Claim that has a claim arising out of or re
Instrument other than a Debt Claim must
Proof of Claim with respect to such claim
Bar Date, unless another exception identifie

(i) any person or entity whose claim ag
arises solely from amounts due to the Califor
System Operator Corporation ("**CAISO**"), C
Exchange Corporation ("**PX**") and/or
participants based on purchases or sales
capacity, or ancillary services by Pacific G
Company and other market participants in m
by the CAISO and the PX that are subject t
by the Federal Energy Regulatory Commis
in refund proceedings bearing FERC Doc
95-000 and EL00-98-000 and related sub-d
amounts due under any settlement agreem
agreements, escrow agreements, letter ag
written agreements, or court orders (in
entered in the chapter 11 case styled *In re C*

Case: 19-30088 Doc# 4688-4 Filed: 11/12/19 Entered: 11/12/19 16:05:12 Page 19 of 19