# EXHIBIT A

**Entered on Docket
April 10, 2019**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: April 9, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| In re:<br><br>**PG&E CORPORATION**,<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the lead case, No. 19-30088 (DM) | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br>(Jointly Administered)<br><br>**ORDER AUTHORIZING DEBTORS PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a) AND 2016 TO RETAIN AND EMPLOY KELLER & BENVENUTTI LLP AS CO-COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE** |

Upon the Application, dated February 6, 2019 (the "Application"),[1] of PG&E Corporation ("PG&E Corp.") and Pacific Gas and Electric Company (the "Utility"), as debtors and debtors in possession (collectively, "PG&E" or the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authority to retain and employ Keller & Benvenutti LLP (the "Firm") as attorneys for the Debtors, effective as of the Petition Date, under a general retainer, all as more fully set forth in the Application; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "Bankruptcy Local Rules"); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application, the Loduca Declaration, and the Keller Declaration; and a hearing having been noticed to consider the relief requested in the Application (the "Hearing"); and upon the record of the Hearing (if any was held) and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as provided herein.

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

2. The Debtors are authorized, pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016, to retain and employ the Firm as their attorneys in these Chapter 11 Cases under a general retainer, in accordance with the Firm's normal hourly rates and disbursements policies, all as contemplated by Application, effective as of the Petition Date.

3. The Firm is authorized to render the following professional services:

    a. appear in Court on behalf of the Debtors;

    b. provide legal advice regarding the Debtors' rights and obligations as debtors in possession and regarding local rules, practices, and procedures;

    c. act to protect and preserve the Debtors' estates through the prosecution of actions on the Debtors' behalf, defense of actions commenced against the Debtors, negotiation of disputes in which the Debtors are involved, and preparation of objections to claims filed against the Debtors' estates;

    d. prepare on behalf of the Debtors any necessary applications, motions, answers, orders, reports, and other legal papers;

    e. provide traditional services of local co-counsel including, without limitation: monitoring the docket for filings and coordinating with co-counsel in pending matters that need response; preparing agenda letters, certificates of no objection, certifications of counsel, and notices of fee applications and hearings; preparing hearing binders of documents and pleadings; and preparing documents and pleadings for hearings;

    f. handle inquiries and calls from creditors and counsel to interested parties regarding pending matters and the general status of the Chapter 11 Cases, and, to the extent required, coordinating with co-counsel on any necessary responses;

    g. act as primary counsel in the event that debtor's lead bankruptcy counsel has a disabling conflict, believes it would be more efficient, or otherwise desires the Firm to act in such capacity in discrete matters; and

    h. provide additional support to the Debtors and to co-counsel, as requested.

4. The Firm shall be compensated in accordance with, and will file, interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and any further order of the Court.

5. The Firm shall be reimbursed for reasonable and necessary expenses as provided by the

Fee Guidelines.

6. The Firm shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

7. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application.

8. The Firm shall provide reasonable notice to the Debtors and the U.S. Trustee of any increase of the Firm's hourly rates as set forth in the Keller Declaration.

9. For the avoidance of doubt, the Firm shall not withdraw from representation of the Debtors in these Chapter 11 Cases absent Court approval.

10. To the extent the Application is inconsistent with this Order, the terms of the Order shall govern.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **