# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**FIRST AND FINAL APPLICATION OF DUNDON ADVISERS LLC FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MARCH 1, 2019 THROUGH AUGUST 31, 2019**<br><br>Hearing date: TBD<br><br>**OBJECTION DEADLINE**: December 4, 2019 at 4:00 p.m. (PDT) |

To: The Notice Parties

| | |
|---|---|
| Name of Applicant: | Dundon Advisers LLC, Financial Advisor for the Official Committee of Tort Claimants |
| Authorized to Provide Professional Services to: | Official Committee of Tort Claimants |
| Period for which compensation and reimbursement are sought: | March 1, 2019 through August 31, 2019 |
| Amount of compensation and reimbursement sought: | $152,954.00 (100%) |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $5,370.24 |

## SUMMARY OF FIRST AND FINAL INTERIM FEE APPLICATION

Dundon's First and Final Monthly Fee Statement is being filed simultaneously herewith, seeking payment of 80% of $152,954.00 in fees and reimbursement of 100% of $5,374.00 in expenses. No other fee statements or applications have been previously submitted, nor have any fees been paid nor expenses reimbursed to date.

**SUMMARY OF COMPENSATION BY PROFESSIONAL
FOR THE APPLICATION PERIOD**

| Name | Hours | Rate | Total Billed |
|---|---|---|---|
| Matthew Dundon | 130.8 | 630 | $ 79,884.00 |
| Laurence Pelosi | 59.0 | 630 | $ 37,170.00 |
| John Roussey | 10.4 | 550 | $ 5,720.00 |
| Alex Mazier | 54.3 | 600 | $ 30,180.00 |
| **Total** | **254.5** | | **$ 152,954.00** |

4840-4592-8620.1

## SUMMARY OF COMPENSATION BY WORK TASK CODE
## FOR THE APPLICATION PERIOD

| Task Code | Task Description | Hours | Total Billed |
|---|---|---|---|
| 1 | Case Administration | 9.7 | $6,075.00 |
| 2 | Communications Platform | 38.0 | $23,171.00 |
| 3 | Corporate Governance | 25.4 | $15,819.00 |
| 4 | Court Proceedings | 4.0 | $2,520.00 |
| 5 | Future Wildfire Mitigation | 19.4 | $9,267.00 |
| 6 | Meetings and Communications with Committee Professionals | 17.5 | $8,505.00 |
| 7 | Meetings and Communications with Creditors | 17.0 | $10,677.00 |
| 8 | Public Policy | 49.2 | $30,951.00 |
| 9 | Rate Base | 20.1 | $12,096.00 |
| 10 | Real Estate | 33.6 | $21,102.00 |
| 11 | Retention and Fee Applications | 20.4 | $12,771.00 |
|  | **Total** | **254.5** | **$152,954.00** |

Dundon Advisers LLC ("Dundon" or the "Applicant"), a financial advisor for the Official Committee of Tort Claimants (the "TCC"), representing the largest group of stakeholders in the jointly administered bankruptcy cases (the "Cases") of PG&E Corporation and Pacific Gas and Electric Company (the "Debtors"), hereby submits its First and Final Interim Fee Application (the "Fee Application") for allowance of compensation for professional services performed by Dundon for the period commencing March 1, 2019 through and including August 31, 2019 (the "Application Period") and reimbursement of its actual and necessary expenses incurred during the Application Period.*

The applicant seeks interim approval of compensation and reimbursement of expenses totaling $158,324.24, which sum represents compensation for professional services rendered in the amount of $152,954.00 and reimbursement for expenses incurred in the amount of $5,370.24. The Applicant is seeking entry of an order pursuant to sections 330, 331, and 1103 of title 11, United States Code (the "Bankruptcy Code"); Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); the Local Rules for the United States Bankruptcy Court for the Northern District of California (the "Local Rules"); the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "UST Guidelines); the Guidelines for Compensation and Expense Reimbursement of Professional and Trustees, promulgated pursuant to Local Rule 9029-1, governing the narrative portion of fee applications, effective February 19, 2014 (the "Narrative Guidelines"); and the Order Pursuant to 11 U.S.C §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, entered on February 27, 2019 (the "Interim

---

* By agreement with the Tort Claims Committee, this Fee Application does not reflect Dundon's actual time in non-working travel nor its actual time spent on retention and fee application matters, the former being limited to four hours each way and to 50% of rates for such time; the latter being substantially reduced for periods preceding July 31, 2019 and omitted altogether for periods thereafter.

Compensation Order" and collectively, the "Guidelines"). This Application is based upon the contents hereof, together with the exhibits; the certification of Matthew Dundon filed concurrently herewith; the pleadings, papers, and records on file in the cases; and any evidence or argument that the Court may entertain at the time of the hearing on the Application.

Pursuant to the Narrative Guidelines, a cover letter enclosing this Application is being sent to the Chair of the TCC concurrently. The letter invites the Chair to discuss with the Applicant and/or the Office of the United States Trustee any objections, concerns, or questions the Chair may have regarding the requested compensation and reimbursement set forth in the Application. A copy of the transmittal letter is attached hereto as Exhibit F.

This Fee Application summarizes the services rendered by Dundon on behalf of the TCC during the Application Period. A breakdown of the hours and fees by professional is attached hereto as Exhibit A. A breakdown of the hours and fees by task code is attached hereto as Exhibit B. A breakdown of expenses by expense type is attached hereto as Exhibit C. A detailed copy of the time records by professional and by task code is attached hereto as Exhibit D. A detailed copy of the expense records by professional and expense type is attached here to as Exhibit E.

## TERMS AND CONDITIONS OF EMPLOYMENT

1. Dundon is compensated on an hourly fee basis, plus reimbursement of actual and necessary expenses incurred. For further information regarding the terms and conditions of Dundon's retention, please refer to the Retention Order (defined below).

## RELEVANT BACKGROUND

2. On January 29, 2019 (the "Petition Date"), the Debtors filed the Cases. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

4840-4592-8620.1

3.  On February 15, 2019, the Office of the United States Trustee ("UST") filed an Appointment of the Official Committee of Tort Claimants [Docket No. 453]. Following the resignation of Richard Heffern from the original TCC and the addition of Tommy Wehe, on February 21, 2019, the UST filed the Amended Appointment of the Official Committee of Tort Claimants [Docket No. 530]. The current members of the TCC are: (i) GER Hospitality, LLC, in its capacity as an individual claimant; (ii) Kirk Trostle; (iii) Tommy Wehe; (iv) Angelo Loo; (v) Karen K. Gowins; (vi) Agajanian, Inc.; (vii) Susan Slocum; (viii) Samuel Maxwell; (ix) Karen M. Lockhart; (x) Wagner Family Wines-Caymus Vineyards; and (xi) Gregory Wilson.

4.  On August 22, 2019, the TCC filed its Application to Employ Dundon Advisers LLC as Financial Advisor Effective as of March 1, 2019 [Docket No. 3667] (the "Retention Application"). On September 26, 2019, the Court entered its Order Approving the Application of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. § 1103 and Fed. R. Bankr. 2014 and 5002 to Retain and Employ Dundon Advisers LLC as Financial Advisors Effective as of March 1, 2019 [Docket No. 4015] (the "Retention Order"). By Agreement with the Tort Claim Committee, Dundon Advisers LLC discontinued its active services to the TCC.

5.  On May 28, 2019, the Court entered an order appointing Bruce A. Markell as fee examiner ("Fee Examiner") in the Cases [Docket No. 2267]. Dundon has communicated with the Fee Examiner, and it has supplied information to the Fee Examiner as requested and necessary for the Fee Examiner to evaluate the reasonableness of the compensation sought in this Application.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

6.  This Application is Dundon's first and final interim request for allowance and payment of fees and expenses as financial advisor to the TCC.

7.  Pursuant to Bankruptcy Code §§ 330 and 331, Dundon respectfully requests entry of an order, on an interim basis, allowing and approving $158,324.24, which sum represents

-7-

Case: 19-30088    Doc# 4727    Filed: 11/14/19    Entered: 11/14/19 14:32:47    Page 7 of 13

4840-4592-8620.1

compensation for professional services rendered in the amount of $152,954.00 and reimbursement for expenses incurred in the amount of $5,370.24. The services and expenses for which interim compensation is sought herein were rendered for and on behalf of the TCC. Dundon respectfully submits that the nature of the services has been necessary and beneficial to the TCC in maximizing their recoveries.

8. Dundon's retention and corresponding engagement scope have been to serve as a financial advisor to the TCC during the pendency of the Cases through April 30, 2019, in specific capacities. The TCC and its counsel Baker & Hostetler LLP ("Baker" or "Counsel") required Dundon to dedicate senior resources to many specific assignments and case issues in these matters. This is reflected in the professionals involved and hours worked.

10. Further, Dundon has made every effort to ensure that this Application complies with the Guidelines and to avoid unnecessary duplication of effort by and among its team members, as well as with other retained professionals in these cases. Dundon has supplied the Fee Examiner and the UST with Dundon's monthly fee statement in an electronic format (Excel) Dundon believes is acceptable to the Fee Examiner and the UST. Pursuant to Bankruptcy Code § 504, Dundon has no understanding, agreement, or arrangement of any kind to divide with or pay to anyone any fees that may be awarded to Dundon in the Bankruptcy Cases, other than as may be shared among the members of Dundon.

**SUMMARY OF PROFESSIONAL SERVICES RENDERED**

11. The Debtors' Cases are among the largest and most complex cases in history. There are many issues and considerations impacting the TCC and tort claimants' potential recoveries. The specific tasks, the number of hours devoted, and the amounts charged within each billing category are set forth below.

a. Public Policy: Dundon assisted the TCC to understand the strategic and tactical orientation of state legislative, executive and administrative bodies and individuals to the issues in these cases, and Dundon reviewed and analyzed meetings and publications of such bodies and individuals. Dundon did not lobby on behalf of the TCC or any other persons. The total hours and amount charged by Dundon to this matter during the Application Period were 49.4 hours and $30,951 respectively.

b. Communications Platform: Dundon identified vendors, drafted requests for proposals, discussed potential proposal matters with vendors, and reviewed and analyzed submitted requests for proposals for the TCC's tort claimant communication platform. The total hours and amount charged by Dundon to this matter during the Application Period were 38 hours and $23,171 respectively

c. Real Estate: Dundon assisted the Committee to identify and assess material real estate assets and liabilities of the Debtors and to prepare to engage with the Debtors and other stakeholders regarding the sale of real estate, the assumption and rejection of real property leases, and the Debtors' strategic real estate opportunities. The total hours and amount charged by Dundon to this matter during the Application Period represents 33.6 hours and $21,102 in fees.

d. Corporate Governance: Dundon assisted the Committee to identify issues and concerns material to the treatment of tort claimants in the process which led to the reconstitution of the Board of Directors of PG&E Corporation in the early months of these cases. The total hours and amount charged by Dundon to this matter during the Application Period were 25.4 and $15,819 respectively.

e. Retention and Fee Application occupied (for the partial portion of that time which has been agreed with the Committee as billable) 20.4 hours and resulted in $12,771 in fees.

f.  Rate Base: Dundon assisted the Committee to identify and commence its assessment of issues relating to the Debtors' utility rate-base, significant in the reorganized enterprise value of the debtors which in turn impacts the ability of the debtors to provide a recovery upon tort claims. The total hours and amount charged by Dundon to this matter during the Application Period were 20.1 and $12,096 respectively.

g.  Meetings and Communications with Creditors consumed 17 hours and resulted in $10,677 in fees.

h.  Future Wildfire Mitigation. Dundon assisted the Committee to identify and commence its assessment of issues relating to the mitigation of future wildfires, which impacts the ability to pay pre-petition tort claims. The total hours and amount charged by Dundon to this matter during the Application Period were 19.4 and $9,267 respectively.

i.  Meetings and Communications with Committee Professionals consumed 17.5 hours and resulted in $8,505 in fees.

j.  Case Administration: Dundon provided the Committee with a variety of support in the early management and administration of these cases. The total hours and amount charged by Dundon to this matter during the Application Period were 9.7 hours and $6,075 respectively.

k.  Court Proceedings: Dundon attended and/or monitored a limited number of court proceedings in these cases. The total hours and amount charged by Dundon to this matter during the Application Period were 4.0 and $2,520 respectively.

**CONCLUSION**

12.  Dundon believes that this Application appropriately sets forth the significant services Dundon performed on behalf of the TCC and provides this Court, the UST, the Fee Examiner, the Debtors' creditors, and other interested parties with an insightful overview of the scope of services rendered. Thus, Dundon respectfully submits that the fees and expenses sought herein are

reasonable and that the services rendered were necessary, effective, efficient, and economical. Accordingly, Dundon respectfully requests that this Application for allowance of fees and expenses, on an interim basis, be granted in all respects.

Dated: November 14, 2019  **DUNDON ADVISERS LLC**

By: /s/ Matthew Dundon

Financial Advisor to the Official Committee of Tort Claimants

4840-4592-8620.1

# CERTIFICATION

I, Matthew Dundon, declare as follows:

The following facts are personally known to me, and if called to do so, I could and would competently testify thereto.

1. I am a Principal at Dundon Advisers LLC ("Dundon"). I submit this certification in support of the First Interim Application of Dundon Advisers LLC for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period March 1, 2019 through August 31, 2019 (the "Application").

2. I have personally reviewed the information contained in the Application and believe its contents to be true to the best of my knowledge, information and belief.

3. The compensation and expense reimbursement sought in this Application, to the best of my knowledge, information and belief, after reasonable inquiry, is in conformity with sections 330, 331, and 1103 of title 11, United States Code; Rule 2016 of the Federal Rules of Bankruptcy Procedure; the Local Rules for the United States Bankruptcy Court for the Northern District of California; the Order Pursuant to 11 U.S.C §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, entered on February 27, 2019; the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013; and the Guidelines for Compensation and Expense Reimbursement of Professional and Trustees, promulgated pursuant to Local Rule 9029-1, governing the narrative portion of fee applications, effective February 19, 2014 (the "Narrative Guidelines").

4. The compensation and expense reimbursement requested in this Application are billed at rates, in accordance with practices, no less favorable than those customarily employed by Dundon

and generally accepted by Dundon's clients, and do not reflect a generally-applicable increase in Dundon's fees that was placed into effect on July 1, 2019 and which have been generally accepted by Dundon's clients thereafter.

Dated: November 14, 2019          **DUNDON ADVISERS LLC**

                                       By: /s/ Matthew Dundon

                                       Financial Advisor to the Official Committee of Tor Claimants