**EXHIBIT A**



Signed and Filed: May 10, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

| | |
|---|---|
| Robert A. Julian (SBN 99469)<br>Cecily A. Dumas (SBN 111449)<br>BAKER & HOSTETLER LLP<br>1160 Battery Street, Suite 100<br>San Francisco, CA 94111<br>Telephone:   628.208.6434<br>Facsimile:   310.820.8859<br>Email: rjulian@bakerlaw.com<br>Email: cdumas@bakerlaw.com<br><br>Eric E. Sagerman (SBN 155496)<br>Lauren T. Attard (SBN 320898)<br>BAKER & HOSTETLER LLP<br>11601 Wilshire Blvd., Suite 1400<br>Los Angeles, CA 90025-0509<br>Telephone:   310.442.8875<br>Facsimile:   310.820.8859<br>Email: esagerman@bakerlaw.com<br>Email: lattard@bakerlaw.com<br><br>*Counsel for Official<br>Committee of Tort Claimants* | |

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**ORDER APPROVING THE APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002 TO RETAIN AND EMPLOY DEVELOPMENT SPECIALISTS, INC. AS A FINANCIAL ADVISOR EFFECTIVE AS OF MARCH 20, 2019** |

Upon the Application, dated April 15, 2019, (the "**Application**")[1], of the Official Committee of Tort Claimants (the "**Committee**") of PG&E Corporation and Pacific Gas and Electric Company (collectively the "**Debtors**") for an order authorizing the Committee to retain and employ Development Specialists, Inc. ("**DSI**") as financial advisor to the Committee, effective as of March 20, 2019, pursuant to section 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and in accordance with the terms and conditions set forth in the engagement letter between the Committee and DSI dated March 20, 2019 (the "**Engagement Letter**") attached to the Application as **Exhibit B**, and the Supplement to the Applications of the Official Committee of Tort Claimants to Retain and Employ Lincoln Partners Advisors LLC and Development Specialists, Inc. as its Financial Advisors, dated May 3, 2019, (the "**Supplement**"), and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Application as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application and the Sharp Declaration; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

1. The Application is approved solely to the extent set forth herein.

2. The Committee is authorized, pursuant to section 1103 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 5002, to engage DSI as its financial advisor in these Cases, effective as of March 20, 2019. The terms of DSI's engagement, with the exception of DSI's compensation and reimbursement of expenses, will be pursuant to the terms of the Engagement Letter, which scope shall be amended as reflected in the Supplement.

3. DSI shall be compensated for fees and reimbursed for reasonable and necessary expenses and shall file monthly fee statements and interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the order entered by this Court on February 28, 2019 establishing the procedures for interim compensation and reimbursement of expenses of professionals [Doc. No. 701], the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, effective February 19, 2014, and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013, and any other order of the Court.

4. In connection with any increases in DSI's rates, as set forth in paragraph 19 of the Application, DSI shall file a supplemental declaration with this Court and provide ten [10] business days' notice to the United States Trustee and the Debtors prior to filing a fee statement or fee application reflecting an increase in such rates. The supplemental declaration shall set forth the requested rate increases, explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and certify that the Committee has consented to the requested rate increases. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

5. Notwithstanding anything to the contrary herein, the Office of the United States Trustee shall have the right to object to DSI's interim and final fee applications (including expense

reimbursement) on all grounds, including the reasonableness standard provided in section 330 of the Bankruptcy Code.

6. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter and this Order, the terms of this Order shall govern.

7. Notwithstanding anything to the contrary in the Application, any of its attachments, or the Engagement Letter, DSI shall not seek reimbursement of any fees or costs arising from the defense of any of DSI's monthly fee statements or fee applications in these Cases. Approval of the Application and any terms of the Engagement Agreement shall not alter the result dictated by the holding in Baker Botts L.L.P. v. ASARCO LLC, 135 S. Ct. 2158, 2169 (2015) and its construction of 11 U.S.C. § 330(a)(1).

8. Notwithstanding anything to the contrary in the Application, any of its attachments, or the Engagement Letter, DSI's allowed compensation, including expense reimbursement and indemnification, shall have the same priority as the allowed professional fees and expenses of other professionals retained in the Cases.

9. The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Cases to cases under chapter 7.

10. The Committee is authorized to take all steps necessary or appropriate to carry out this Order.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order. For the avoidance of doubt, notwithstanding any provision in the Engagement Letter to the contrary, during the pendency of these Cases, this Court shall have exclusive jurisdiction over the approval of fees due and owing to DSI for this retention.

**\*\* END OF ORDER \*\***