**Exhibit B**

**Certification**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>     - and –<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>**Debtors.**<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>*\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br><br>(Lead Case)<br>(Jointly Administered)<br><br>**CERTIFICATION OF STEPHEN KAROTKIN IN SUPPORT OF SECOND INTERIM FEE APPLICATION OF WEIL, GOTSHAL & MANGES LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MAY 1, 2019 THROUGH AND INCLUDING SEPTEMBER 30, 2019** |

I, Stephen Karotkin, hereby certify that:

1. I am a partner with the applicant firm, Weil, Gotshal & Manges LLP ("**Weil**"), and involved in Weil's representation of PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**") in connection with the above-referenced chapter 11 cases (the "**Chapter 11 Cases**"). I am familiar with the *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 701] (the "**Interim Compensation Order**"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California*, dated February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**UST Guidelines**,"), and the *Fee Examiner Protocol for Chapter 11 Cases of PG&E Corporation and Pacific Gas and Electric Company* [Docket No. 4473-1] (the "**Fee Protocol**" and, together with the Local Guidelines and the UST Guidelines, the "**Fee Guidelines**").

2. This Certification is made in connection with Weil's Application, dated November 14, 2019 (the "**Application**"),[1] for interim compensation and reimbursement of expenses for the period commencing May 1, 2019 through and including September 30, 2019 (the "**Compensation Period**").

3. Pursuant to the Local Guidelines, I certify that:

   a. I have read the Application;

   b. To the best of my knowledge, information, and belief formed after reasonable inquiry, except as set forth in the Application, the fees and disbursements sought fall within the Local Guidelines; and

   c. The fees and disbursements sought are billed at rates in accordance with those generally charged by Weil and generally accepted by Weil's clients.

---

[1] Capitalized terms used but not herein defined shall have the meanings ascribed to such terms in the Application.

4. I certify that the Debtors, counsel for each of the Committees, and the U.S. Trustee are each being provided with a copy of the Application in accordance with the Interim Compensation Order.

5. **Exhibit C** to the Application compares the blended hourly rate billed by attorneys and paralegals in Weil's New York office to non-bankruptcy matters during the preceding year on a rolling 12 months year ending October 31, 2019 with the blended hourly rate billed by attorneys and paralegals to the Debtors in connection with the Chapter 11 Cases during the Compensation Period. Weil does not charge a premium for bankruptcy related services as compared to other services.

6. Weil responds to the questions identified in the UST Guidelines as follows:

Question 1: Did Weil agree to any variations from, or alternatives to, Weil's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Compensation Period? If so, please explain.

Answer: No.

Question 2: If the fees sought in the Application as compared to the fees budgeted for the time period covered by the Application are higher by 10% or more, did Weil discuss the reasons for the variation with the client?

Answer: The fees sought in the Application do not exceed by 10% or more the aggregate fees budgeted for Weil in the debtor-in-possession financing budget for the Compensation Period.

Question 3: Have any of the professionals included in the Application varied their hourly rate based on geographic location of the Chapter 11 Cases?

Answer: No.

Question 4: Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices? If so, please quantify by hours and fees.

Answer: This Application includes time or fees related to reviewing or revising time records and preparing and reviewing invoices in connection with the preparation of monthly fee statements and invoices. The total time expended for such matters during the Compensation Period is 116.5 hours and the corresponding compensation requested is $70,020.00.

Question 5: Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Answer: As part of the ordinary review of time records, certain information is revised or modified to protect privileged or confidential information. The total time expended for such matters during the Compensation Period is approximately 29.8 hours and the corresponding compensation requested is approximately $43,077.50.

Question 6: Does the Application include any rate increases since Weil's retention in this case? If so, did the client review and approve those rate increases in advance? Did the client agree when retaining the law firm to accept all future rate increases?

Answer: The Application does not include any rate increases since Weil's retention. The Debtors have been advised that Weil customarily increases its hourly rates in October of each year.

Dated: November 14, 2019
New York, New York

/s/ *Stephen Karotkin*
Stephen Karotkin

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119