JENNER & BLOCK LLP
Randall E. Mehrberg
353 N. Clark Street
Chicago, IL 60654
Tel: 312 840 7505
rmehrberg@jenner.com

*Special Corporate Defense & Energy Counsel
for Debtors and Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **SECOND INTERIM APPLICATION OF JENNER & BLOCK LLP AS SPECIAL CORPORATE DEFENSE AND ENERGY COUNSEL TO THE DEBTORS FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM JUNE 1, 2019 THROUGH SEPTEMBER 30, 2019** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas & Electric Company<br>X Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

| *General Information* | |
|---|---|
| Name of Applicant: | Jenner & Block LLP |
| Authorized to Provide Professional Services to: | Special corporate defense and energy counsel to the above-captioned Debtors and Debtors in Possession |
| Petition Date: | January 29, 2019 |
| Retention Date: | April 25, 2019, *nunc pro tunc* to January 29, 2019 |
| Prior Applications: | 1 [Dkt. 3465] |
| *Summary of Fees and Expenses Sought for the Second Interim Application Period* | |
| Time Period Covered By This Application: | June 1, 2019 through September 30, 2019 (the "**Second Interim Application Period**") |
| Amount of Compensation Sought to Be Allowed as Actual, Reasonable, and Necessary for the Second Interim Application Period: | $2,987,382.00 |
| Amount of Expense Reimbursement Sought to Be Allowed as Actual, Reasonable, and Necessary for the Second Interim Application Period: | $28,578.36 |
| Total Compensation and Expense Reimbursement Sought to Be Allowed for the Second Interim Application Period: | $3,015,960.36 |
| Fees (80%) and Expenses (100%) Previously Paid for the Second Interim Application Period: | $380,733.80 |
| Holdback Amount (20% of Fees): | $597,476.40 |
| *Summary of Rates and Other Related Information for the Second Interim Application Period* | |
| Blended Rate in This Application for All Attorneys: | $587.97 |
| Blended Rate in This Application for All Timekeepers: | $576.15 |
| Number of Timekeepers Included in This Application: | 42 (36 attorneys; 6 paraprofessionals and other non-legal staff) |

| | | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Previously Requested with Prior Monthly Fee Statement | | Total Amount Paid To Date[1] | | Holdback Fees Requested |
|---|---|---|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees (80%) | Expenses (100%) | Fees (80%) | Expenses (100%) | Fees (20%) |
| 8/8/19 | 1/29/19 - 5/31/19 | $3,484,976.50 | $21,436.56 | $2,787,981.20 | $21,436.56 | $2,787,981.20 | $21,436.56 | $696,995.30 |
| 8/28/19 | 6/1/19 – 6/30/19 | $475,814.50 | $82.20 | $380,651.60 | $82.20 | $380,651.60 | $82.20 | $95,162.90 |
| 11/14/19 | 7/1/19 – 9/30/19 | $2,511,567.50 | $28,496.16 | $2,009,254.00 | $28,496.16 | $0.00 | $0.00 | $502,313.50 |
| Total | | $6,472,358.50 | $50,014.92 | $5,177,886.80 | $50,014.92 | $3,168,632.80 | $21,518.76 | $1,294,471.70 |

| | |
|---|---|
| Number of Attorneys in this Application Not Included in Staffing Plan: | None. |
| Difference Between Fees Budgeted and Compensation Sought for This Period: | Fees were less than budgeted amount. |
| Are any rates higher than those approved or disclosed at retention? | No. |
| This is a(n): | __x__ Interim _____ Final Application |

**SUMMARY OF PRIOR MONTHLY FEE STATEMENTS**

---

[1] The objection deadline with respect to Jenner's Third Consolidated Monthly Fee Statement is December 6, 2019. If the deadline passes without objection, the Debtors will remit $2,009,254.50 in compensation for fees and $28,496.16 in reimbursement of expenses.

Under sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the *Order Pursuant to 11 U.S.C. §§ 130 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. 701] (the "**Compensation Procedures Order**"), Jenner & Block LLP (the "**Applicant**" or "**Jenner & Block**") submits this *Second Interim Fee Application of Jenner & Block LLP as Special Corporate Defense Counsel to the Debtors for Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period June 1, 2019 Through September 30, 2019* (the "**Second Interim Fee Application**"), seeking interim allowance and payment of compensation for services rendered and reimbursement of actual and necessary expenses incurred by Jenner & Block for the period June 1, 2019 through September 30, 2019 (the "**Second Interim Application Period**"). In support of this Second Interim Fee Application, Jenner & Block submits the *Certification of Randall M. Mehrberg* attached hereto as Exhibit A, and respectfully states as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is core proceeding under 28 U.S.C. § 157(b). Venue of this proceeding is proper in this district under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought in this Second Interim Fee Application are sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016. This Second Interim Fee Application has been prepared in accordance with the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees in the United States Bankruptcy Court for the Northern District of California* (updated February 19, 2014) (the "**Local Guidelines**") and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases*, adopted by the Executive Office for the United States Trustee (the "**UST Guidelines**", and together with the Local Guidelines, the "**Guidelines**"). Attached hereto is a certification regarding compliance with the Guidelines.

## BACKGROUND

3. On January 29, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

4. On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

5. Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief [Dkt. 263] (the "**Wells Declaration**").

6. On April 25, 2019, the Court approved the Debtors' employment of Jenner & Block as special corporate defense and energy counsel *nunc pro tunc* to January 29, 2019 (the "**Retention Order**"). [Dkt. 1679.] A copy of the Retention Order is attached hereto as Exhibit B. The Retention Order authorized Jenner & Block to render the following services to the Debtors during the pendency of these Chapter 11 Cases:

> (a) draft motions and briefs, appear at hearings, and otherwise represent [Pacific Gas & Electric Company] in connection with the probation and the monitorship resulting from the criminal investigation and convictions relating to the natural gas explosion that occurred in the City of San Bruno, California, on September 9, 2010 (the "**Criminal Case**");
>
> (b) advise the Debtors in complying with the probationary measures imposed in the Criminal Case;
>
> (c) advise the Debtors in connection with various regulatory and enforcement matters involving the Federal Energy Regulatory Commission, Department of the Interior, Federal Communications Commission, and other federal

4

agencies, and/or California state agencies, including the California Public Utilities Commission;

(d) conduct internal investigations and advise the Debtors with respect to remediation of same, including in defending the Debtors in any regulatory actions taken against the Debtors;

(e) assist, as requested, with matters relating to the aforementioned services as they may impact the Chapter 11 Cases; and

(f) perform all other necessary legal services required by the Debtors during the pendency of their Chapter 11 Cases.

7. An overview of the current status of these Chapter 11 Cases is set forth in the *Second Interim Fee Application of Weil, Gotshal & Manges LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period May 1, 2019 Through and Including September 30, 2019*.

## PRIOR FEE APPLICATIONS

8. On August 8, 2019, Jenner & Block filed the *First Interim Application of Jenner & Block LLP as Special Corporate Defense and Energy Counsel to the Debtors for Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period From January 29, 2019 Through May 31, 2019* [Dkt. 3465] (the "**First Interim Fee Application**"). The First Interim Fee Application requested approval and allowance of $3,484,976.50 in fees and $21,436.56 in reimbursable expenses for services rendered during the period from January 29, 2019 through May 31, 2019. Trustee has reached an agreement with the Fee Examiner with respect to the First Interim Fee Application and is working with the Fee Examiner and other retained professionals to schedule a hearing date.

## SUMMARY OF SERVICES RENDERED AND DISBURSEMENTS INCURRED

9. This is Jenner & Block's second interim fee application in this case.

10. Jenner & Block attaches the following in support of its Second Interim Fee Application:

- Exhibit C is a summary of the compensation Jenner & Block seeks for the Second Interim Application Period, by matter number.

- Exhibit D is a list of the attorneys and paraprofessionals who have worked on this case during the Second Interim Application Period, the aggregate time invested by each individual, the applicable hourly billing rate, and the amount of fees attributable to each individual, as well as the hours and time spent by position (*e.g.*, partner, associate, paralegal).

5

- Exhibit E contains a list of time entries reflecting the time recorded during the Second Interim Application Period, organized in project billing categories by Jenner & Block.

- Exhibit F is a summary of reimbursement Jenner & Block seeks, by expense type, for all expenses incurred during the Second Interim Application Period.

- Exhibit G contains a list of expenses incurred during the Second Interim Application Period.

- Exhibit H contains a comparison of the fees requested for services rendered during the Second Interim Application Period against the fees budgeted for the Second Interim Application Period.

- Exhibit I contains a comparison of Jenner & Block professionals who rendered services during the Second Interim Application Period against the staffing plan approved by the Debtors for the Second Interim Application Period.

- Exhibit J contains a comparison of the blended hourly rates for amounts requested in the Second Interim Fee Application against the blended hourly rates for amounts billed by all nonbankruptcy lawyers at Jenner & Block in 2018.

*Narrative Summary of Services Rendered by Project Category*

11. The following is a brief description of the principal activities of Jenner & Block's professionals during the Second Interim Application Period for each project category, consistent with the requirements of section C(8)(c) of the U.S. Trustee Guidelines and section I.3 of the Local Guidelines. For each project category, the narrative summary provides a description of the services rendered in that category, their necessity and benefit to the estate, and the current status, as applicable:

*Criminal Investigation (10006)*

This matter number encompasses services rendered in connection with PG&E's sentencing and term of probation. During the Second Interim Application Period, Jenner & Block professionals spent a total of 242.8 hours on these categories having a lodestar value of $175,180.80. The services in this category include, among other things: drafting pleadings and sections of responses to multiple orders from Judge Alsup of the Northern District of California and coordinating with co-counsel regarding responses drafted by co-counsel; preparing for and participating in probation hearings; conducting legal research related to various probation and monitorship issues; preparing for a sentencing hearing on a probation

6

violation; and counseling the company in relation to ongoing issues that impact the terms of probation, including ongoing investigations into various wildfires. This category also includes various telephone calls, email correspondence, and other services provided in connection with the foregoing matters. The services in this category were necessary to assist PG&E in complying with PG&E's terms of probation. The status of this matter is ongoing.

*DOI Investigation (10014)*

This matter number encompasses services rendered in connection with a suspension and debarment investigation conducted by the U.S. Department of the Interior ("**DOI**"). During the Second Interim Application Period, Jenner & Block professionals spent a total of 15.3 hours on this category having a lodestar value of $11,139.20. The services in this category include reviewing requests from and preparing materials for submission to the DOI. This category also includes various telephone calls, email correspondence, and other administrative services provided in connection with the foregoing matters. The services in this category were necessary to assist PG&E in complying with its obligations under federal law. The status of this matter is ongoing.

*Federal Contracts Advice and Counsel (10065)*

This matter number encompasses services rendered in connection with administration and compliance with federal contracts and grants. During the Second Interim Application Period, Jenner & Block professionals spent a total of 1.0 hours on this category having a lodestar value of $761.00. The services in this category relate to analyzing provisions of a federal contract. The services in this category were necessary to continue proper administration and compliance with federal contracts. The status of this matter is ongoing.

*FCC Regulatory Advice and Counsel (10081)*

This matter number encompasses services rendered in connection with the notification to the Federal Communications Commission ("**FCC**") of PG&E's bankruptcy status in connection with its control of various FCC wireless radio service spectrum licenses. During the Second Interim Application Period, Jenner & Block professionals spent a total of 0.8 hours on this category having a lodestar value of $496.80. The services in this category include reviewing and analyzing a draft report and order issued by the FCC.

The services in this category were necessary to ensure that PG&E remains in compliance with its obligations as an FCC licensee. The status of this matter is ongoing.

*Locate & Mark (10111)*

This matter number encompasses services rendered in connection with the California Public Utilities Commission's ("**CPUC**") December 14, 2018 Order Instituting Investigation and Order to Show Cause (OII), to assess the Debtors' practices and procedures related to the locating and marking ("**L&M**") of their underground facilities. During the Second Interim Application Period, Jenner & Block professionals spent a total of 4,553.8 hours on this category having a lodestar value of $2,581,106.90. The services in this category include, among other things: investigation, document reviews and interviews regarding PG&E's practices with respect to the locating and marking of both gas and electric facilities; the preparation of a report, filed in the OII, regarding L&M practices during the 2012-2017 period at issue in the OII; research and analysis of legal theories relevant to the OII; counseling regarding the factual, legal, and strategic issues in the OII; support and involvement in discovery; support in preparation for prehearing conferences; preparing for and defending depositions conducted by regulatory authorities; preparation for evidentiary hearings; and preparation for settlement discussions. This category also includes various telephone calls, email correspondence, and other administrative services provided in connection with the foregoing matters. The services in this category were necessary to address PG&E's potential financial, legal and regulatory exposure in a proceeding in which the CPUC seeks a variety of penalties and fines, including monetary and non-monetary relief. The status of this matter is ongoing.

*FPA Advice & Counsel* (*10146)*

This matter number encompasses services rendered in connection with advising PG&E with respect to its obligations under the Federal Power Act. During the Second Interim Application Period, Jenner & Block professionals spent a total of 165.0 hours on this category having a lodestar value of $93,987.60. The services in this category include, among other things: conducting legal research regarding PG&E's disclosure obligations, investigating factual matters relating to FPA issues, preparing memoranda analyzing relevant legal and factual issues, preparing various regulatory filings, and responding to and handling Federal Power Act matters that arise from time to time. This category also includes various

telephone calls, email correspondence, and other services provided in connection with the foregoing matters. The services in this category were necessary to ensure that PG&E complied with its obligations under federal law. The status of this matter is ongoing.

*Bankruptcy Employment (10252)*

This matter number encompasses services rendered in connection with Jenner & Block's retention and compensation in these chapter 11 cases. During the Second Interim Application Period, Jenner & Block professionals spent a total of 181.50 hours on this category having a lodestar value of $109,985.50. The services in this category include, among other things, preparing Jenner & Block's First Interim Fee Application, preparing monthly fee statements, preparing supplemental disinterestedness disclosures, preparing supporting materials for submission to the fee examiner, conferring with the fee examiner regarding Jenner's First Interim Fee Application, and coordinating with other retained professionals regarding retention and compensation-related matters. This category also includes various telephone calls, email correspondence, and other services provided in connection with the foregoing matters. The services in this category were necessary to allow Jenner to be compensated for its services as special corporate defense and energy counsel to the Debtors. The status of this matter is ongoing.

*Bankruptcy Administration (10261)*

This matter number encompasses services rendered in connection with monitoring substantive proceedings in these chapter 11 cases to the extent such proceedings may impact the special matters as to which PG&E retained Jenner & Block. During the Second Interim Application Period, Jenner & Block professionals spent a total of 13.9 hours on this category having a lodestar value of $7,868.90. The services in this category include, among other things: reviewing bankruptcy docket activity and preparing summaries of noteworthy filings. This category also includes various telephone calls, email correspondence, and other services provided in connection with the foregoing matters. The services in this category were necessary to keep Jenner & Block's nonbankruptcy attorneys apprised of the status of the Debtors' chapter 11 cases and of any filings that might affect the matters on which they are working. The status of this matter is ongoing.

*Regulatory Matter (10295)*

This matter number encompasses services rendered in connection with responding to multiple government inquiries, including an SEC investigation being conducted by the SEC's San Francisco Regional Office related to PG&E Corporation's and the Utility's public disclosures and accounting for losses associated with the 2017 and 2018 Northern California wildfires and the 2015 Butte fire. During the Second Interim Application Period, Jenner & Block professionals spent a total of 3.0 hours on this category having a lodestar value of $2,134.60. The services in this category include discussions with government officials concerning the investigation. The services in this category were necessary to respond to government inquiries. Jenner & Block does not expect to render significant additional services in connection with this matter.

*FERC Interlock Advice (10309)*

This matter number encompasses services rendered in connection with advising PG&E on their regulatory obligations relating to prospective new members of its board of directors. During the Second Interim Application Period, Jenner & Block professionals spent a total of 8.0 hours on this category having a lodestar value of $4,720.70. The services in this category include, among other things, conducting legal research, reviewing requests from regulatory authorities, and preparing responses to such requests. The services in this category were necessary to ensure that the company and its board members complied with their obligations under federal law. The status of this matter is ongoing.

12. Jenner & Block has fully applied the retainer it received from the Debtors prior to the commencement of these Chapter 11 Cases in connection with receiving interim payments on account of its monthly fee statements in accordance with the compensation procedures approved by the Court.

## **EVALUATING JENNER & BLOCK'S SERVICES**

13. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of Section 330 of the Bankruptcy Code to govern the Bankruptcy Court's award of such compensation. Section 330 provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual,

necessary services rendered … and reimbursement for actual, necessary expenses." Section 330 also sets forth the criteria for the award of such compensation and reimbursement.

14. In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including:

    a. the time spent on such services;

    b. the rates charged for such services;

    c. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    d. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

    e. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

15. Jenner & Block respectfully submits that its request for interim allowance of compensation is reasonable and appropriate. The services rendered by Jenner & Block were appropriate in light of Jenner & Block's role as the Debtors' special corporate defense and energy counsel in this case.

## DISBURSEMENTS

16. Jenner & Block maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of professional services. A schedule setting forth the categories of expenses and amounts for which reimbursement is requested for the Second Interim Application Period is annexed hereto as Exhibit F. A list of Jenner & Block's expenses for the Second Interim Application Period is attached hereto as Exhibit G.

17. By this Application, Jenner & Block respectfully requests allowance of such reimbursement in full.

11

Case: 19-30088    Doc# 4749    Filed: 11/14/19    Entered: 11/14/19 17:30:16    Page 12 of 15

## THE APPLICANT'S STATEMENT PURSUANT TO APPENDIX B OF THE UST GUIDELINES

18. The following statement is provided pursuant to ¶ C.5 of the UST Guidelines.

    a. **Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms of services pertaining to this engagement that were provided during the application period? If so, please explain.

        **Answer**: Yes, Jenner & Block provided the discounts described in its retention application [Dkt. 911]. Jenner & Block will calculate and apply the volume discounts triggered by Jenner & Block's collection in 2019 of $2.5 million and $5 million, respectively, once the allowed amount of fees is known. Jenner & Block will then credit the applicable discount from the portion of its fees held back prior to allowance.

    b. **Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

        **Answer**: As indicated in Exhibit H, the compensation requested in this Second Interim Fee Application is less than the amount budgeted for the Second Interim Application Period.

    c. **Question**: Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

        **Answer**: No.

    d. **Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.

        **Answer**: No.

    e. **Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

        **Answer**: No.

    f. **Question**: If the fee application includes any rate increases since retention: (i) did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases?

12

If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

**Answer**: The Second Interim Fee Application does not include any rate increases since Jenner & Block's retention.

## **CONCLUSION**

19. Jenner & Block believes that the services rendered during the Second Interim Application Period were reasonable and necessary within the meaning of Section 330 of the Bankruptcy Code and that the expenses were actual and necessary to the performance of the Jenner & Block's services.

WHEREFORE, Jenner & Block respectfully requests that this Court enter an order substantially in the form of Exhibit K (a) approving an interim allowance of legal fees in the amount of $2,987,382.00 plus reimbursement of actual and necessary out-of-pocket expenses in the amount of $28,578.36 for all services rendered and expenses incurred during the Second Interim Application Period; and (b) granting such other and further relief as may be just and proper.

Dated: November 14, 2019
Chicago, Illinois

Respectfully submitted,

JENNER & BLOCK LLP

By: /s/ Randy Mehrberg

Randall E. Mehrberg
353 N. Clark Street
Chicago, IL 60654
Tel: 312 840 7505
rmehrberg@jenner.com

*Special Corporate Defense & Energy Counsel for Debtors and Debtors in Possession*

13

## Notice Parties

PG&E Corporation
c/o Pacific Gas & Electric Company
77 Beale Street
San Francisco, CA 94105
Attn: Janet Loduca, Esq.

Keller & Benvenutti LLP
650 California Street, Suite 1900 San Francisco, CA 94108
 Attn: Tobias S. Keller, Esq., Jane Kim, Esq.

Weil, Gotshal & Manges LLP
767 Fifth Avenue New York, NY 10153
Attn: Stephen Karotkin, Esq. Jessica Liou, Esq. Matthew Goren, Esq.

The Office of the United States Trustee for Region 17
450 Golden Gate Avenue, 5th Floor, Suite #05-0153
San Francisco, CA 94102
Attn: James L. Snyder, Esq., Timothy Laffredi, Esq.

Milbank LLP
55 Hudson Yards New York, NY 10001-2163
Attn: Dennis F. Dunne, Esq., Sam A. Khalil, Esq.

Milbank LLP 2029
Century Park East, 33rd Floor Los Angeles, CA 90067
Attn: Paul S. Aronzon, Esq., Gregory A. Bray, Esq., Thomas R. Kreller, Esq.

Baker & Hostetler LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Attn: Eric Sagerman, Esq., Cecily Dumas, Esq.

Bruce A. Markell
Fee Examiner
541 N. Fairbanks Ct., Ste 2200
Chicago, IL 60611-3710

Scott H. McNutt
324 Warren Road
San Mateo, California 94402