# Exhibit K

**PROPOSED ORDER**

|   |   |   |
|---|---|---|
| **IN THE UNITED STATES BANKRUPTCY COURT** | | |
| **FOR THE NORTHERN DISTRICT OF CALIFORNIA** | | |
| **SAN FRANCISCO DIVISION** | | |

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **ORDER ALLOWING THE SECOND INTERIM APPLICATION OF JENNER & BLOCK LLP, AS SPECIAL CORPORATE DEFENSE COUNSEL TO THE DEBTORS, FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM JUNE 1, 2019 THROUGH SEPTEMBER 30, 2019** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas & Electric Company<br>X Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

Upon consideration of the second interim application (the "Application") of Jenner & Block LLP ("Applicant"), as special corporate defense counsel for the above-captioned debtors (the "Debtors"), for compensation for legal services rendered in this case and for reimbursement for disbursements for the period from June 1, 2019 through September 30, 2019 (the "Application Period"), the certification of Applicant and the exhibits annexed to the Application; and it appearing that the compensation requested in the Application is reasonable; and the Court having jurisdiction to consider and determine the Application in accordance with 28 U.S.C. §§ 157 and 1334; and due notice of the Application having been provided pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(6) and (c)(2), and it appearing that no further notice need be given; and a hearing having been held before this Court, and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED:

1. The Application is approved on an interim basis as reflected herein.

2. The Applicant is awarded interim allowance of compensation for professional services rendered during the Application Period in the amount of $2,987,382.00 in fees and $28,578.36 in actual and necessary expenses.

3. The Debtors are authorized and directed to make prompt paymet to the Applicant of all allowed fees and expenses to the extent not already paid by the Debtors.

4. The Court retains jurisdiction over any issues or disputes arising out of or relating to this Order.

**\*\*\*END OF ORDER\*\*\***