# EXHIBIT A

# (Retention Order)



WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street,
Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

Signed and Filed: July 11, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 19-30088 (DM) |
| PG&E CORPORATION, | Chapter 11<br>(Lead Case)<br>(Jointly Administered) |
| - and - | |
| PACIFIC GAS AND ELECTRIC COMPANY, | **ORDER PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AND 2016 AUTHORIZING THE DEBTORS TO RETAIN COBLENTZ PATCH DUFFY & BASS LLP AS SPECIAL COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE** |
| Debtors. | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas & Electric Company<br>☒ Affects both Debtors | |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

Upon the Application dated June 18, 2019 (the "**Application**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for entry of an order, pursuant to section 327(e) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the Debtors to retain Coblentz Patch Duffy & Bass LLP ("**Coblentz**") as special counsel to the Debtors *nunc pro tunc* to the Petition Date, as more fully described in the Application; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application, the Declaration of Gregg M. Ficks and the Supplemental Declaration of Gregg M. Ficks (together, the "**Ficks Declarations**"), and the Declaration of Janet Loduca submitted in support thereof; and upon the record of the Hearing and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED**

1. The Application is granted as set forth herein.

---

[1] Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to such terms in the Application and Fisk Declarations.

2. The retention and employment of Coblentz as special counsel to the Debtors pursuant to section 327(e) and Fed. R. Bankr. P. 2014(a) and 2016, on the terms set forth in the Application and in the Fisk Declarations, hereby is approved, effective *nunc pro tunc* as of the Petition Date.

3. Coblentz is authorized to render the following services to either or both of the Debtors during the pendency of these Chapter 11 Cases:

   a) Advise and represent PG&E in real estate purchase and sale transactions and matters, lease transactions and matters, and related or similar work, as further described in the Application and Fisk Declarations;

   b) advise and represent PG&E in land conservation commitment transactions and matters, and related or similar work, as further described in the Application and Fisk Declarations;

   c) advise and represent PG&E in litigation, investigatory, and regulatory matters, including in the DWR Matter, and related or similar work, as further described in the Application and Fisk Declarations;

   d) advise and represent PG&E in the Ex Parte OII Matter, and related or similar work, as further described in the Application and Fisk Declarations; and

   e) perform any other necessary legal services requested by the Debtors, and accepted by Coblentz, during the pendency of these Chapter 11 cases.

4. Coblentz shall be compensated in accordance with, and will file, interim and final fee applications for allowance of its compensation and expenses and shall be subject to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and any applicable Order of the Court.

5. Coblentz shall provide reasonable advance notice to the Debtors and the U.S. Trustee of any increase of its hourly rates.

6. Coblentz shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. Notice of the Application as provided therein shall be deemed good and sufficient

| | |
|---|---|
| 1 | notice of the Application. |
| 2 | 9. In the event of any inconsistency between the Engagement Agreement, the |
| 3 | Application and the Order, the Order shall govern. |
| 4 | 10. The Court shall retain jurisdiction to hear and determine all matters arising from, or |
| 5 | related to, the implementation of this Order. |
| 6 | ** END OF ORDER ** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119