Entered on Docket
November 15, 2019
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: November 15, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>   - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>      Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered<br><br><br>Date:  December 10, 2019<br>Time:  10:00 AM<br>Place: Courtroom 17<br>       450 Golden Gate Ave.<br>       16th Floor<br>       San Francisco, CA |

**MEMORANDUM REGARDING CONFIRMATON ISSUES**

The following identifies a number of issues for the further consideration about plan confirmation in the coming months.

1. For avoidance of doubt, the court disapproves the proposed confirmation timeline offered by the Senior Unsecured Noteholders ("Noteholders") (Dkt. No. 4373).  The court is determined to have just one joint disclosure statement, and one

-1-

confirmation schedule, for the two competing plans. It rejects the notion that terminating exclusivity compels consideration of the Noteholders/TCC plan prior to consideration of the Debtors' plan, particularly in light of the progress of that plan to date. This is so whether or not the court approves the Amended and Restated Restructuring Support Agreement (Dkt. No. 4554) in the coming days.

2. Even if the Noteholders and TCC are correct that their plan does not require an estimation of direct and subrogation wildfire claims because of the proposed treatment of those claims, they have not satisfactorily explained how the court could ignore the impact of that treatment upon equity interests in a solvent case. Whatever finding emerges from the estimation by the district court after its proceedings and the Tubbs Fire trial would necessarily affect the disposition of objections to the Noteholders/TCC plan treatment of lower classes. How else could the court ascertain whether their plan impermissibly overpays either of the two classes of wildfire claimants?

Stated otherwise, the Noteholders/TCC plan does not directly implicate the estimation of personal injury and wrongful death claims "for purposes of distribution" (28 U.S.C. § 157(b)(2)(B)). For their plan, the district court does not need to deal with that issue. Nevertheless, the amount of those same claims has to be known or valued for purposes of 11 U.S.C. § 1129(b)(2)(C)(i). Whether it is called "estimation" or "valuation", the inquiry is the same. It makes no sense to have the district court make the estimation as required under Debtors' plan under 28 U.S.C. § 157 (b)(2)(B) and this court to

-2-

Case: 19-30088    Doc# 4760    Filed: 11/15/19    Entered: 11/15/19 12:14:31    Page 2 of 4

make the same determination under the competing plan for a different purpose.

For these reasons, the court is of the view that the district court should not be told that there is no need for an estimation under the Noteholders/TCC plan, even though required under the Debtors' plan. The more efficient approach is for this court to amend its recommendation for withdrawal of the reference (Dkt. No. 3648) to ask the district court to make its estimation (valuation} decision for all purposes in these cases. Before doing so, the court wants to hear from the parties.

3. In the next three weeks, principal counsel for the Debtors, the two official committees and the Ad Hoc Noteholders Committee and Ad Hoc Subrogation Claim Holders should meet and confer in attempt to fashion an agreed timetable that is similar to the Debtors' proposal (Dkt. No. 4388-1) but accelerates it as much as possible.

They should also discuss just what the Disclosure Statement to be disseminated to wildfire victims should look like. By the time the district court's estimation decision is available, the Disclosure Statement should be ready to go with a very short explanation of the amount that has been "estimated", what that amount represents to the voting claimants, what their vote means and any other vitally important information the parties' counsel believe they need. 11 U.S.C. § 1125(a) is very flexible in directing what must be disclosed, keeping in mind the complexity of the case and the benefit of providing additional information. Also keep in mind the adage: KISS - Keep it Simple ***, particularly for the victims

4. The court has already set a briefing schedule for various legal issues. *See, Order Establishing Pre-Confirmation Briefing and Hearing Schedule for Certain Legal Issues* (Dkt. No. 4540). Now it wants counsel to identify any other issues that could be dealt with and perhaps briefed and argued before final approval of any Disclosure Statement. For example, should the court fix an early deadline for confirmation objections based on the requirements of 11 U.S.C. § 1129(a)(1), (2), (3), (4), (5) and (13)? There may be other issues that can be dealt with early, reserving until later any challenges based on feasibility (§ 1129(a)(11)) and other critical elements of the confirmation process (e.g. § 1129(b)).

5. Counsel identified in Para. 3 should be prepared to discuss these issues and any other they believe will facilitate and simplify the confirmation process at a status conference on December 10, 2019, at 10:00 AM.

**\*\*END OF MEMORANDUM\*\***

Case: 19-30088    Doc# 4760    Filed: 11/15/19    Entered: 11/15/19 12:14:31    Page 4 of 4