Jonathan Sanders (No. #228785)
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5000
Facsimile: (650) 252-5002

Michael H. Torkin
Nicholas Goldin
Kathrine A. McLendon
Jamie J. Fell
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Counsel for the Board of Each of PG&E Corporation
and Pacific Gas and Electric Company and for
Certain Current and Former Independent Directors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**SUMMARY SHEET TO SECOND INTERIM APPLICATION OF SIMPSON THACHER & BARTLETT LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF MAY 1, 2019 THROUGH AUGUST 31, 2019**<br><br>Date: December [ ], 2019<br>Time: 9:30 am (Pacific Time)<br>Place: United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>         San Francisco, CA 94102 |

**Objection Deadline:** December 5, 2019 at 4:00 p.m. (Pacific Time)

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

| General Information | |
|---|---|
| Name of Applicant | Simpson Thacher & Bartlett LLP |
| Name of Client | Board of Each of PG&E Corporation and Pacific Gas and Electric Company and Certain Current and Former Independent Directors |
| Petition Date | January 29, 2019 |
| Retention Date | May 10, 2019 *nunc pro tunc* to January 29, 2019 |

| Summary of Fees and Expenses Sought in this Application | |
|---|---|
| Time Period Covered by Application | May 1, 2019 – August 31, 2019[1] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary | $2,837,908.50 |
| Amount of Compensation Sought Pursuant to Section 327(e) | $1,529,396.50 |
| Amount of Compensation Sought Pursuant to Section 363 | $1,308,512.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary Pursuant to Section 327(e) | $23,795.07 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary Pursuant to Section 363 | $28,150.53 |

| Total Fees and Expenses Allowed Pursuant to Prior Applications | |
|---|---|
| Total Allowed Compensation Paid to Date | N/A |
| Total Allowed Expenses Paid to Date | N/A |

| Total Fees and Expenses Paid to Applicant Pursuant to Monthly Statements but Not Yet Allowed | |
|---|---|
| Compensation Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed | $753,378.80 |

3

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

(80% of Fees in the Second and Third Monthly Fee Statements)

| | |
|---|---|
| Expenses Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed (100% of Expenses in Second and Third Monthly Fee Statements) | $22,570.64 |

### Summary of Total Fees and Expenses Sought in this Application

| | |
|---|---|
| Total Compensation and Expenses Sought in this Application (100% of fees and expenses) | $2,889,854.10 |
| Total Compensation and Expenses Sought in this Application Not Yet Paid or Allowed | $2,113,904.66 |

### Summary of Rates and Related Information

| | |
|---|---|
| Number of Timekeepers in this Application | 42 (30 Attorneys, 12 Paraprofessionals) |
| Hours Billed by Timekeepers this Compensation Period | 2,292.90 |
| Blended Rate for Attorneys | $1,261.86 |
| Blended Rate for all Professionals | $1,237.69 |

This is a(n) __X__ Interim _____ Final Application

---

[1] Pursuant to the Interim Compensation Order (as defined below), the initial interim compensation period was to include the period from the Petition Date (as defined below) through and including May 31, 2019, and the second interim compensation was to include June 1, 2019 through and including September 30, 2019. However, as of the filing date of Simpson's first Interim Free Application, Simpson Thacher had not yet filed a Monthly Fee Statement (as defined below) for the calendar month of May 2019, and as of the date hereof, Simpson Thacher has not yet filed a Monthly Fee Statement for the calendar month of September 2019. Accordingly, the Compensation Period for this Application includes the period from May 1, 2019 through and including August 31, 2019.

## SUMMARY OF MONTHLY STATEMENTS

| Date Filed | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Previously Requested with Prior Monthly Fee Statement | | Total Amount Paid to Date | | Holdback Fees Requested |
|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (@ 80%) | Expenses (@ 100%) | Fees (@ 80%) | Expenses (@ 100%) | Fees (@ 20%) |
| July 31, 2019 | 05/01/19 - 05/31/19 | $490,889.50 | $9,877.60 | $392,711.60 | $9,877.60 | $392,711.60 | $9,877.60 | $98,177.90 |
| August 30. 2019 | 06/01/19 - 06/30/19 | $450,834.00 | $12,693.04 | $360,667.20 | $12,693.04 | $360,667.20 | $12,693.04 | $90,166.80 |
| September 30. 2019 | 07/01/19 - 07/31/19 | $709,809.00 | $568.59 | $567,847.20 | $568.59 | N/A | N/A | $136,213.60[2] |
| October 30, 2019 | 08/01/19 – 08/31/19 | $1,186,376.00 | $28,806.37 | $949,100.80 | $28,806.37 | N/A | N/A | $237,275.20 |
| **Total** | | **2,837,908.50** | **$51,945.50** | **$2,270,326.80** | **$51,945.50** | **$753,378.80** | **$22,570.64** | **$561,833.50** |

---

[2] On October 21, 2019, the Public Employees Retirement Association of New Mexico ("**PERA**") filed an objection to a portion of fees in Simpson Thacher's Fourth Monthly Fee Statement in the amount of $28,741 (the "**PERA Fee Objection**"). Pursuant to the Interim Compensation Order (as defined below), Simpson Thacher deducted this amount from the total amount of fees ($709,809) before calculating the 80% requested fee and the 20% holdback.

5

Jonathan Sanders (No. #228785)
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5000
Facsimile: (650) 252-5002

Michael H. Torkin
Nicholas Goldin
Kathrine A. McLendon
Jamie J. Fell
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Counsel for the Board of Each of PG&E Corporation
and Pacific Gas and Electric Company and for
Certain Current and Former Independent Directors*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and – | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **SECOND INTERIM APPLICATION OF SIMPSON THACHER & BARTLETT LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF MAY 1, 2019 THROUGH AUGUST 31, 2019** |
| ☐ Affects PG&E Corporation ☐ Affects Pacific Gas and Electric Company ☒ Affects both Debtors | |
| * All papers shall be filed in the Lead Case No. 19-30088 (DM). | Date:  December [  ], 2019 Time:  9:30 am  (Pacific Time) Place: United States Bankruptcy Court      Courtroom 17, 16th Floor       San Francisco, CA 94102 |

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Simpson Thacher & Bartlett LLP ("**Simpson Thacher**"), as counsel for (i) the Board of Directors (the "**Board**") of each of PG&E Corporation and Pacific Gas and Electric Company (the "**Debtors**"), as the Board may be constituted from time to time, and for the members of the Board from time to time in their capacities as members of the Board, and (ii) certain current and former independent directors in their individual capacities who serve or served as independent directors prior to and/or as of the Petition Date (as defined below) (each an "**Independent Director**" and collectively, the "**Independent Directors**"), pursuant to sections 330(a), 331 and 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), hereby submits its second interim application (this "**Application**") for the allowance and payment of compensation for professional services performed in the amount of $2,837,908.50 and for reimbursement of actual and necessary expenses incurred in the amount of $51,945.60 for the period commencing May 1, 2019 through and including August 31, 2019 (the "**Compensation Period**")[3], and in support thereof, respectfully states as follows:

### Preliminary Statement

1.     Since January 29, 2019, and throughout the Compensation Period, Simpson Thacher has served as counsel for and has provided important and necessary legal advice to the Board and Independent Directors.  Specifically, during the Compensation Period, Simpson Thacher has, among other things, provided representation and legal advice in connection with (i) these chapter 11 cases (the "**Chapter 11 Cases**") and material aspects of the

---

[3] Pursuant to the Interim Compensation Order (as defined below), the initial interim compensation period was to include the period from the Petition Date (as defined below) through and including May 31, 2019, and the second interim compensation was to include June 1, 2019 through and including September 30, 2019.  However, as of the filing date of Simpson's first Interim Fee Application, Simpson Thacher had not yet filed a Monthly Fee Statement (as defined below) for the calendar month of May 2019, and as of the date hereof, Simpson Thacher has not yet filed a Monthly Fee Statement for the calendar month of September 2019.  Accordingly, the Compensation Period for this Application includes the period from May 1, 2019 through and including August 31, 2019.

2

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

bankruptcy process; (ii) regulatory, judicial and other proceedings concerning the conduct of the Debtors, the Board or the Independent Directors; (iii) derivative shareholder and securities litigation and related issues; (iv) the exercise of the Board's fiduciary duties, including with respect to maximizing the value of the Debtors' estates for all stakeholders; (v) director liability insurance and indemnification matters; (vi) the appointment of new directors to the Board; (vii) the review of disclosures to be made with the Securities and Exchange Commission (the "**SEC**"); (viii) director and officer compensation matters; and (ix) general corporate governance matters.

2.      Simpson Thacher's advice to the Board and the Independent Directors and representation of them in connection with the aforementioned matters during the Compensation Period were of substantial benefit to the Board and the Independent Directors, and the professional services performed and expenses incurred in connection therewith were actual and necessary.  Importantly, the Board is entitled to engage and retain advisors and experts it determines are necessary and appropriate to properly discharge its fiduciary duties to the Debtors.  Moreover, Simpson Thacher has worked closely with the Debtors' legal and financial advisors to ensure there has been no duplication of efforts with respect to legal matters affecting the Debtors.  In light of the size and complexity of these Chapter 11 Cases, Simpson Thacher's fees for services rendered and incurred expenses are reasonable under the applicable standards as set forth in more detail herein.  Simpson Thacher therefore respectfully requests that the Court grant this Application and allow interim compensation for professional services performed and reimbursement for expenses as requested herein.

3.      This Application has been prepared in accordance with and submitted pursuant to the sections 105, 330(a), 331 and 363 of title 11 of the Bankruptcy Code, Bankruptcy Rule 2016, the Local Bankruptcy Rules for the Northern District of California (the "**Local Rules**"), the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals dated February 27, 2019* [Docket No. 701] (the "**Interim Compensation**

**Order**"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California effective February 19, 2014* (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013* (the "**UST Guidelines**") and the *Revised Fee Examiner Protocol* dated October 24, 2019 [Docket No. 4473] (the "**Fee Examiner Protocol**," and, together with the Local Guidelines, collectively, the "**Fee Guidelines**").

4.  The Interim Compensation Order provides that professionals may file a Monthly Fee Statement or a Consolidated Monthly Fee Statement (each as defined in the Interim Compensation Order) and serve it upon certain designated notice parties. If there is no objection within twenty-one (21) days after service of the Monthly Fee Statement or Consolidated Monthly Fee Statement, the Debtor is authorized to pay 80% of the fees (with the remaining 20% of the fees requested referred to herein as the "**Holdback Amount**") and 100% of the expenses requested. If there is an objection to the Monthly Fee Statement or Consolidated Monthly Fee Statement, the Debtor is authorized to pay 80% of the fees and 100% of the expenses that are not subject to an objection.

5.  On July 30, 2019, August 30, 2019, September 30, 2019 and October 30, 2019, Simpson Thacher filed and served, respectively, a Second Monthly Fee Statement covering the period from May 1, 2019 through and including May 31, 2019 [Docket No. 3319] (the "**Second Monthly Fee Statement**"), a Third Monthly Fee Statement covering the period from June 1, 2019 through and including June 30, 2019 [ Docket No. 3761] (the "**Third Monthly Fee Statement**"), a Fourth Monthly Fee Statement covering the period from July 1, 2019 through and including July 31, 2019 [Docket No. 4032] (the "**Fourth Monthly Fee Statement**") and a Fifth Monthly Fee Statement covering the period from August 1, 2019 through and including August 31, 2019 [Docket No. 4521] (the "**Fifth Monthly Fee Statement**," and collectively, the "**Monthly Fee Statements**").

4

6.      In the Monthly Fee Statements, Simpson Thacher requested $2,270,326.80 (80% of total fees, of which $1,223,517.20 was in respect of representation of the Board under section 327(e) and $1,046,809.60 was in respect of representation of the Independent Directors under section 363) as compensation for professional services and $51,945.60 (100% of expenses, of which of which $23,795.07 was in respect of representation of the Board under section 327(e) and $28,150.53 was in respect of representation of the Independent Directors under section 363) as reimbursement for actual and necessary expenses, and the total Holdback Amount was $561,833.50 (20% of total fees not subject to an objection).  The deadline for objections to the Second Monthly Fee Statement and Third Monthly Fee Statement passed on August 21, 2019 and September 20, 2019, respectively, and no objections were filed.  The deadline for the Fourth Monthly Fee Statement passed on October 21, 2019, and one objection was filed by the Public Employees Retirement Association of New Mexico ("**PERA**") objecting to $28,741 (the "**Objection Amount**") of the fees in the Fourth Monthly Fee Statement (the "**PERA Fee Objection**").  The deadline for the Fifth Monthly Fee Statement will pass on November 20, 2019.  Consistent with the Interim Compensation Order, Simpson Thacher currently seeks interim approval for the allowance and payment (to the extent not paid prior to the hearing on this Application) of all outstanding amounts requested under the Monthly Fee Statements, including the Holdback Amount and the Objection Amount, subject to final review and approval when Simpson Thacher submits its final fee application in these Chapter 11 Cases.

## Jurisdiction

7.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

8.      On January 29, 2019 (the "**Petition Date**"), each of the Debtors filed a petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015.

9. On February 12, 2019, the Acting United States Trustee for Region 3 (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors [Docket No. 409], which was amended on March 20, 2019 [Docket No. 962]. On February 15, 2019, the U.S. Trustee appointed the Official Committee of Tort Claimants [Docket No. 453], which was amended on February 21, 2019 [Docket No. 530].

10. Additional information regarding the events leading to these chapter 11 cases is set forth in the *Amended Declaration of Jason P. Wells in Support of First Day Motions and Related Relief* [Docket No. 263].

11. Simpson Thacher was first engaged to represent the Independent Directors in December 2017 to (i) provide legal advice regarding legislation concerning dividends and related issues, (ii) represent the Independent Directors regarding alleged breaches of fiduciary duties and other claims arising out of the 2017 and 2018 wildfires and (iii) advise the Independent Directors in connection with a number of ongoing litigations and inquiries.

12. On April 2, 2019, the Debtors filed an application to retain Simpson Thacher as counsel for the Independent Directors under section 363 of the Bankruptcy Code (the "**Retention Application**"). After the filing of the Retention Application, Simpson Thacher was also asked to represent the Board and the members of the Board from time to time in their capacities as members of the Board. The U.S. Trustee then requested that the retention of Simpson Thacher to represent the Board be approved under section 327(e) of the Bankruptcy Code. *See Supplemental Declaration of Michael H. Torkin in Support of the Motion Pursuant to 11 U.S.C. §363 Authorizing Debtors to Pay the Fees and Expenses of Simpson Thacher & Bartlett LLP as Counsel to the Independent Directors of PG&E Corp. (as Modified as Described Herein)* [Docket No. 1802] (the "**STB Retention Declaration**"). The Retention Application, as

modified, was approved by this Court on May 10, 2019 [Docket No. 1979] (the "**Retention Order**"). The Retention Order is attached hereto as **Exhibit A**.

13. The Retention Order authorizes the Debtors to employ and retain Simpson Thacher *nunc pro tunc* to January 29, 2019 as attorneys for the Board and Independent Directors in accordance with Simpson Thacher's normal hourly rates and disbursement policies, as described in the Retention Application. Further, the Retention Order authorizes the Debtors, (i) pursuant to section 327(e) of the Bankruptcy Code, to pay the reasonable fees of, and reimburse the reasonable and necessary expenses incurred by, Simpson Thacher in connection with the Board Representation (as defined in the Retention Order), including with respect to "all matters related to corporate governance" and "other related matters"; and (ii) pursuant to section 363, to pay the reasonable fees of, and reimburse the reasonable and necessary expenses incurred by, Simpson Thacher in connection the Independent Director Representation (as defined in the Retention Order), including with respect to "representation in ongoing litigation and regulatory inquiries," "fact-gathering," and "related matters."

14. During the Compensation Period, Simpson Thacher filed and served the Monthly Fee Statements seeking (i) payment of $2,270,326.80 as compensation for professional services rendered, of which $28,741 has been objected to and $561,833.50 was held back as the Holdback Amount; and (ii) $51,945.60 as reimbursement for actual and necessary expenses incurred for the months covered by the Compensation Period. Simpson Thacher received one objection to its Fourth Monthly Fee Statement, and the deadline to object to its Fifth Monthly Fee Statement is November 20, 2019. As of the date of this Application, $1,298,233.20 (representing 80% of the Second and Third Monthly Fee Statements and 80% of the Fourth Monthly Fee Statement that was not subject to the PERA Fee Objection, plus 100% of all

7

expenses in the Second, Third and Fourth Monthly Fee Statements) have been paid to Simpson Thacher.[4]

### Summary of Professional Compensation and Reimbursement of Expenses Requested

15.     Simpson Thacher seeks the interim allowance and payment of compensation for professional services performed during the Compensation Period in the amount of $2,889,854.10, including the Holdback Amount of $561,833.50 and the Objection Amount of $28,741.  Of the total amount of compensation requested, $1,308,512.00 is being requested in connection with Simpson Thacher's Independent Director Representation pursuant to section 363 of the Bankruptcy Code, and $1,529,396.50 is being requested in connection with Simpson Thacher's Board Representation pursuant to section 327(e) of the Bankruptcy Code.

16.     There is no agreement or understanding between Simpson Thacher and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases.  Except as  otherwise described herein, no payments have heretofore been made or promised to Simpson Thacher for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases.

17.     The fees charged by Simpson Thacher in these cases are billed in accordance with Simpson Thacher's normal and existing billing rates and procedures in effect during the Compensation Period.  The rates charged by Simpson Thacher for professional and paraprofessional services in these Chapter 11 Cases are the same rates that Simpson Thacher charges for comparable bankruptcy and non-bankruptcy representations.  Such fees are

---

[4] The objection deadline for the Fifth Monthly Fee Statement is November 20, 2019.  Once the deadline passes, Simpson Thacher expects that the Debtors will promptly remit compensation for 80% of fees that are not subject to an objection and 100% of expenses as requested in the Fifth Monthly Fee Statement.

8

reasonable based on the customary compensation by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

18. Attached hereto as **Exhibit B** is a certification regarding Simpson Thacher's compliance with the Fee Guidelines.

19. Attached hereto as **Exhibit C** is a summary and comparison of the aggregate blended hourly rates billed by Simpson Thacher's timekeepers in all domestic offices to non-bankruptcy matters during the preceding year on a rolling 12 months year ending August 31, 2019 and the blended hourly rates billed to the Debtors during the Compensation Period.

20. With respect to the Independent Director Representation, Simpson Thacher discussed its rates, fees and staffing with the Independent Directors and Debtors at the outset of these Chapter 11 Cases. A summary of Simpson Thacher's budget is attached hereto as **Exhibit D.** Simpson Thacher estimated its fees for the Compensation Period in connection with the Independent Director Representation would be approximately $1,698,247, and the fees sought for the Compensation Period are less than that estimate.

21. With respect to the Board Representation, professional services were or are being provided on the basis of specific assignments, and accordingly no budget was prepared. However, as set forth in the Retention Motion and the STB Retention Declaration, Simpson Thacher's rates, fees and staffing for the Board Representation are the same as those used in connection with the Independent Director Representation. Simpson Thacher will prepare a budget in connection with the Board Representation if the Board so requests.

22. The attorneys and paraprofessionals assigned to this matter were necessary to assist with the Board's and Independent Directors' exercise of their fiduciary duties to the Debtors, the preservation of the Debtors' estates, and the other matters described herein. The

9

Debtors are aware of the complexities of these cases, the number of issues to be addressed, the various disciplines and specialties involved in Simpson Thacher's representation, and the number of factors arising in these cases impacting staffing needs. Simpson Thacher has coordinated closely with the Debtors' professionals to ensure there has been no duplication of efforts with respect to any legal matters impacting the Debtors in or outside of these Chapter 11 Cases.

23. The compensation and fees sought are reflected in the Monthly Fee Statements and are set forth therein and in **Exhibits E, F** and **H**. **Exhibit E** attached hereto sets forth: (a) the name of each professional and paraprofessional who rendered services and his or her area of practice; (b) whether each professional is a partner, counsel, associate or paraprofessional in the firm; (c) the year that each professional was licensed to practice law; (d) the practice group or specialty of the professional; (e) the number of hours of services rendered by each professional and paraprofessional; and (f) the hourly rate charged by Simpson Thacher for the services of each professional and paraprofessional. **Exhibit F** contains a summary of Simpson Thacher's hours billed using project categories (or "task codes") described therein. **Exhibit H** sets forth the detailed time entries by Simpson Thacher partners, counsel, associates and paraprofessionals, contemporaneously recorded in increments of one-tenth of an hour. Simpson Thacher also maintains computerized records of the time spent by all Simpson Thacher attorneys and paraprofessionals in connection with these Chapter 11 Cases. Copies of these computerized records in LEDES format have been furnished to the Debtors, the U.S. Trustee and the Fee Examiner in the format specified in the Fee Guidelines.

24. Simpson Thacher also hereby requests reimbursement of $51,945.60 for actual and necessary costs and expenses incurred in rendering services to the Board and Independent Directors. Of the total amount of costs and expenses sought, $28,150.53 is being

10

Case: 19-30088    Doc# 4767    Filed: 11/15/19    Entered: 11/15/19 14:36:16    Page 15 of 28

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

requested for reimbursement in connection with Simpson Thacher's Independent Director Representation pursuant to section 363 of the Bankruptcy Code, and $23,795.07 is being requested for reimbursement in connection with Simpson Thacher's Board Representation pursuant to section 327(e) of the Bankruptcy Code. The costs and expenses sought are described in the Second through Fifth Monthly Fee Statements and are set forth therein and in **Exhibit G** which sets forth a summary of costs and expenses incurred during the Compensation Period, and **Exhibit I**, which sets forth an itemized schedule of all such costs and expenses.

25. To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the preparation of this Application, Simpson Thacher reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

## Summary of Services Performed by Simpson Thacher
### During the Compensation Period

26. As described above, during the Compensation Period, Simpson Thacher rendered substantial professional services to the Board and Independent Directors in connection with ongoing litigation, the exercise of their fiduciary duties to the Debtors and their stakeholders, the protection of the Board's and Independent Directors' interests and other matters relating to these Chapter 11 Cases. The following is a summary of the professional services rendered by Simpson Thacher during the Compensation Period, organized in accordance with Simpson Thacher's internal system of task codes.[5]

a. Corporate Governance and Board Matters (Task Code: BCG)
   Fees: $1,618,466.50; Total Hours: 1,219.30

---

[5] Certain services rendered may overlap between more than one task code. If a task code does not appear below, then Simpson Thacher did not bill significant, if any, time to that task code during the Compensation Period.

11

i. Attended and provided legal advice during in-person and telephonic Board, committee and sub-committee meetings, and prepared presentations and reviewed and provided comments with respect to Board and committee materials;

ii. Advised in connection with Directors & Officers insurance ("**D&O Insurance**") issues, including reviewing current policies and preparing overviews and analyses, assessing proposed policies, engaging in negotiations with insurance providers and discussions with risk management personnel regarding policy terms and conditions, and procuring a Directors & Officers liability insurance policy, as approved by the Court on July 11, 2019 [Docket No. 2927];

iii. Prepared for and engaged in meetings with California Public Utilities Commission;

iv. Engaged in discussions, advised on strategy and process and conducted diligence, conducted legal and factual research, prepared presentations and other written materials, and participated in calls and meetings regarding numerous issues including Director compensation, fiduciary duties, insurance coverage, and the bankruptcy process, including settlements with public utilities and subrogation claimholders;

v. Advised in connection with governance and fiduciary issues associated with the resignation and appointment of Directors;

vi. Advised on strategy, process and substance with respect to strategic alternatives and financing commitments; and

vii. Reviewed and commented on various SEC filings.

b. Court Hearings  (Task Code: BCH)
Fees: $53,092.50; Total Hours: 38.90

i. Prepared for and attended hearings regarding status, estimation, exclusivity to propose chapter 11 plans and termination thereof, settlement approval and other matters.

c. Claims Administration and Objections (Task Code: BCM)
Fees: $13,074.00; Total Hours: 11.30

i. Research regarding and preparation for filing proofs of claim, and discussions with Directors in advance of preparing proofs of claim.

12

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

d. <u>Employee Benefits/Pensions  (Task Code: BEE)</u>
Fees: $15,503.50; Total Hours: 10.10

    i.  Reviewed public disclosures and director compensation plans, prepared summaries of compensation materials, communicated with Board in written correspondence and in meetings and provided advice regarding compensation issues.

e. <u>Fee/Employment Applications  (Task Code: BFA)</u>
Fees: $199,663.00; Total Hours: 188.60

    i.  Reviewed billing records and prepared required monthly fee statements and interim fee applications.

    ii.  Research and participated in discussions regarding revised protocol with Fee Examiner.

    iii.  Reviewed all applicable fee guidelines and updated internal systems and coding as necessary for developments regarding retention and billing matters in connection with these Chapter 11 Cases.

f. <u>Litigation/Contested Matters (Task Code: BLI)</u>
Fees: $72,706.50; Total Hours: 69.80

    i.  Reviewed briefs and other papers in connection with stay of Securities Litigation, conducted research and diligence, reviewed insurance policies and provided analysis and advice to Board and Independent Directors regarding D&O Insurance.

    ii.  Researched, reviewed insurance policies and drafted and/or provided comments to motions and reply papers regarding approval of D&O Insurance.

g. <u>Plan/Disclosure Statement</u> (Task Code: BPL)
Fees: $589,729.00; Total Hours: 418.50

    i.  Reviewed and researched, conducted diligence and provided analysis and advice regarding exclusivity and termination thereof, various chapter 11 plan proposals, proposed settlements in connection with plan process, and funding alternatives.

    ii.  Attended and provided legal advice during in-person and telephonic Board, committee and sub-committee meetings regarding chapter 11 plan proposals, settlements, equity commitment, other funding alternatives and related matters.

13

h. <u>Fact Investigation & Development (Task Code: L110)</u>
Fees: $209,800.00; Total Hours: 261.20

    i. Conducted fact analysis in connection with inquiries from Independent Directors, including preparing document requests, conducting document review, preparing written summaries and analysis of work product and communicating with Independent Directors regarding analysis and review.

i. <u>Analysis & Strategy (Task Code: L120)</u>
Fees: $39,192.00; Total Hours: 35.40

    i. Conducted legal research in connection with ongoing litigation matters;

    ii. Reviewed and analyzed case filings in ongoing litigation matters and prepared written analysis work product regarding case status and strategies;

    iii. Drafted various court submissions in connection with ongoing litigation, including to stay such proceedings; and

    iv. Coordinated with other counsel in ongoing litigation regarding scheduling, stipulations and strategy.

j. <u>Pre-Trial Pleadings and Motions  (Task Code: L200)</u>
Fees: $4,548.50; Total Hours: 5.20

    i. Reviewed case dockets and filings and coordinated regarding case administration; and drafted various administrative motions.

k. <u>eDiscovery  (Task Codes: L620, L630, L650 and L653)</u>
Fees: $6,706.00; Total Hours: 16.30

    i. Coordinated and conducted document review in connection with prepetition litigation, including document collection, processing and review.

27. The foregoing is merely a summary of the professional services rendered by Simpson Thacher during the Compensation Period.  The professional services performed by

14

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Simpson Thacher were necessary and appropriate to the representation of the Board and Independent Directors, including in connection with these Chapter 11 Cases, and were in the best interests of the Board, the Independent Directors and the Debtors and their estates. The services provided by Simpson Thacher to the Board and Independent Directors were separate from and not duplicative of any of the services provided to the Debtors by their professionals. The compensation requested for Simpson Thacher's services is commensurate with the complexity, importance and nature of the issues and tasks involved.

28. The professional services rendered by partners, counsel and associates of Simpson Thacher were rendered primarily by the Litigation, Corporate, Executive Compensation and Executive Benefits, and Bankruptcy and Restructuring Departments. Simpson Thacher has an esteemed and nationally recognized reputation for its expertise in these fields, particularly in connection with the representation of boards of directors in challenging and complex matters.

29. During the Compensation Period, a total of 2,292.90 hours were expended by attorneys and paraprofessionals at Simpson Thacher in connection with the aforementioned services performed. 1,190.70 hours were spent on the Independent Director Representation pursuant to section 363 of the Bankruptcy Code, and 1,102.20 hours were spent on the Board Representation pursuant to section 327(e) of the Bankruptcy Code. In the aggregate, the partners and counsel of Simpson Thacher accounted for 1,428.50 hours (approximately 62% of time), associates accounted for 801.60 hours (approximately 34% of time), and paraprofessionals and miscellaneous timekeepers accounted for 62.80 hours (approximately 3% of time).

30. During the Compensation Period, Simpson Thacher billed for time expended by attorneys based on hourly rates ranging from $590 to $1,640 per hour for attorneys. Allowance for compensation in the amount requested herein would result in a blended hourly

rate for attorneys of approximately $1,261.86, and a blended rate for all professionals and paraprofessionals of approximately $1,237.69.

### **Actual and Necessary Disbursements of Simpson Thacher**

31.    Simpson Thacher has disbursed $51,945.60 as expenses incurred in providing professional services during the Compensation Period.  These expenses were reasonable and necessary and were essential to, among other things, participate in necessary meetings or hearings, timely respond to client or counsel inquiries and provide effective representation in ongoing regulatory and litigation-related matters.  The costs and expenses are not incorporated into Simpson Thacher's hourly billing rates because it is Simpson Thacher's policy to charge such costs and expenses to those clients requiring such expenditures in connection with the services rendered to them.

32.    The Fee Examiner Protocol was not filed with this Court until October 24, 2019.  Therefore, consistent with firm policy, attorneys and other employees of Simpson Thacher who worked late into the evenings or on weekends were reimbursed for their reasonable meal costs and their cost for transportation home from the office.  The amounts for which Simpson Thacher is seeking reimbursement for reasonable meal and transportation costs are consistent with the local practice for comparable cases filed in the Southern District of New York and District of Delaware as well as with the approach taken by the Debtors' professionals and other professionals retained in these Chapter 11 Cases.

33.    Simpson Thacher has begun applying the rates as set forth in the Fee Examiner Protocol as of October 24, 2019.  However, prior to October 24, 2019, Simpson Thacher charged for disbursements at its standard rates.  With respect to photocopying and duplicating expenses, reimbursement for costs is at a maximum rate of $.20 per page.  Computer-

Case: 19-30088    Doc# 4767    Filed: 11/15/19    Entered: 11/15/19 14:36:16    Page 21 of 28

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

assisted legal research, court conferencing participation and mail services are charged at actual cost.  Only clients who use services of the types set forth in **Exhibits G** and **I** are separately charged for such services.

34.    Simpson Thacher has made every effort to minimize its disbursements in these Chapter 11 Cases.  The actual expenses incurred in providing professional services were reasonable, necessary and justified under the circumstances.

## Basis for Allowance of Requested Compensation and Reimbursement

35.    With respect to the Board Representation, section 331 of the Bankruptcy Code provides for the interim compensation of professionals pursuant to the standards set forth in section 330 governing the Court's award of any such compensation.  11 U.S.C. § 331.  Section 330 provides that a professional employed under section 327 of the Bankruptcy Code may be awarded "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).

36.    Section 330 further provides that, "[i]n determining the amount of reasonable compensation to be awarded to [a] professional person, the court shall consider the nature, the extent and the value of such services, taking into account" the following factors:

a.    Time spent on the services performed;

b.    Rates charged for the services performed;

c.    Whether the services performed were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of the applicable chapter 11 case;

d.    Whether the services were performed in a reasonable amount of time "commensurate with the complexity, importance, and nature of the problem, issue, or task addressed";

17

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

e.   Whether the professional is board certified or otherwise has demonstrated skill and experience in bankruptcy; and

f.   Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than chapter 11 cases.

37.   With respect to the Independent Director Representation, section 363 of the Bankruptcy Code applies. Section 363(b) of the Bankruptcy Code provides that a debtor in possession "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363. In considering whether to approve use of estate property under section 363(b), the bankruptcy judge examines whether there is a sound business purpose for the proposed use and in doing so, "should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike." *Walter v. Sunwest Bank (In re Walter),* 83 B.R. 14, 19 (9th Cir. BAP 1988). Courts have found business justification for and approved the payment of fees and expenses of counsel for a debtor's independent directors pursuant to section 363. *See, e.g., In re SunEdison, Inc.,* No. 16-10992 (SMB) (Bankr. S.D.N.Y. July 13, 2016) [ECF No. 764]; *In re Sabine Oil & Gas Corp.*, No. 15-11835 (SCC) (Bankr. S.D.N.Y. Nov. 5, 2015) [ECF No. 485]. The Debtors explained in the Retention Motion that (i) the Debtors' Articles of Incorporation and board resolutions authorize the payment of the fees and expenses of professionals for the Independent Directors, and (ii) it is common for a company the size of the Debtors to engage and pay for separate counsel to provide independent advice to its directors, and asserted that the retention of Simpson Thacher' by the Board and the payment of its reasonable fees and expenses were an exercise of the Debtor's sound business judgment.

18

38.     Simpson Thacher submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to, among other things, the Board's and the Independent Directors' exercise of their fiduciary duties, the need for the Board and Independent Directors to continue receiving objective and independent legal advice, and the protection of their interests in these unique and challenging circumstances.  Specifically, during the Compensation Period, Simpson Thacher has represented and advised the Board and Independent Directors in connection with (i) these Chapter 11 Cases and key aspects of the bankruptcy process, including the proposed settlement with public entities, the process for estimation of wildfire-related claims, the filing of proofs of claim for the Directors, the settlement with the subrogation claimholders and the submission of the chapter 11 plan and evaluation of other proposed plans and the protocol for competing plans; (ii) regulatory, judicial and other proceedings concerning the conduct of the Debtors, the Board or the Independent Directors; (iii) derivative shareholder and securities litigation and related issues; (iv) the exercise of the Board's and the Independent Directors' fiduciary duties to the Debtors and their stakeholders; (v) director liability and indemnification matters, including procuring a Directors & Officers liability insurance policy, as approved by the Court on July 11, 2019 [Docket No. 2927]; (vi) the appointment of new directors to the Board; (vii) the formation of board committees; (viii) director and officer compensation matters and (ix) general corporate governance matters applicable to the board of directors and management. Additionally, during the Compensation Period, Simpson Thacher reviewed and advised on SEC disclosures; attended and provided legal advice during in-person and telephonic board and committee meetings; reviewed and commented on various pleadings and motions filed in connection with, among other things, the categories listed in this paragraph 38, and advised the

19

Board and Independent Directors on appropriate courses of action; and drafted or participated in the drafting of all necessary motions, applications, stipulations, orders, responses and other papers in support of the positions or interests of the Board and Independent Directors.

39.     Simpson Thacher not only has extensive experience in representing directors in such complex situations, but it also had an established history with the Independent Directors prior to the Petition Date regarding many of the matters referenced herein.  The compensation and reimbursement requested herein are reasonable in light of the nature, extent and value of such services to the Board and Independent Directors, and accordingly, should be approved.

### The PERA Fee Objection Should be Overruled

40.     PERA objects to $28,741 of fees reported in the Fourth Monthly Fee Statement primarily on the grounds that the disputed fees are for services rendered to the Independent Directors in connection with the Securities Litigation and that the Debtors are not authorized to pay such fees under the Retention Order.  As a threshold matter, PERA is incorrect regarding the Retention Order, which expressly authorizes the Debtors to pay Simpson Thacher's fees for services rendered in connection with its representation of the Independent Directors in "ongoing litigation," which includes the Securities Litigation.  Moreover, the PERA Fee Objection incorrectly classifies certain Simpson Thacher time entries as relating directly to the Securities Litigation when, in fact, those entries relate to insurance coverage issues that Simpson Thacher needed to address in response to certain arguments made by PERA.  Such fees are not Securities Litigation fees but, rather fees for legal advice and analysis provided to the Board and Independent Directors regarding their D&O Insurance.  For these reasons, among others, Simpson Thacher requests that the PERA Fee Objection be overruled.  Simpson Thacher will file

separate papers further responding to the PERA Fee Objection prior to any hearing on this Second Interim Fee Application and reserves all rights with respect thereto.

## Notice and Objections

41.     Notice of this Application has been provided to parties in interest (the "**Notice Parties**") in accordance with the Interim Compensation Order, and a joint notice of hearing on this Application and other interim compensation applications will be filed by the Debtors with this Court and served upon all parties that have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  Such notice is sufficient and no other or further notice need be provided.

42.     In accordance with the Interim Compensation Order, responses and objections to this Application, if any, must be filed and served on Simpson Thacher and the Notice Parties on or before 4:00 pm on the 20th day (or the next business day if such day is not a business day) following the date this Application is served.

## Conclusion

43.     Simpson Thacher respectfully requests that the Court enter an Order (i) allowing on an interim basis Simpson Thacher's compensation for professional services rendered during the Compensation Period in the amount of $2,889,854.10, consisting of the $2,270,326.80 requested in the Monthly Fee Statements (inclusive of the Objection Amount) and the $561,833.50 Holdback Amount; and reimbursement for actual and necessary costs and expenses incurred during the Compensation Period in the amount of $51,945.60,[6] and that such allowance

---

[6] As noted above, the objection deadline with respect to Simpson Thacher's Fifth Monthly Fee Statement is November 20, 2019.  Once the deadline passes, Simpson Thacher expects that the Debtors will promptly remit compensation for 80% of fees that are not subject to an objection and 100% of expenses as requested in the Fifth Monthly Fee Statement.

be without prejudice to Simpson Thacher's rights to seek additional compensation for services performed and expenses incurred during the Compensation Period that were not processed in time to be included in this Application, if any, and (ii) grant such other and further relief and this Court deems just.

Dated: November 15, 2019

Respectfully submitted,

/s/ Jonathan C. Sanders
Jonathan C. Sanders
Michael H. Torkin
Nicholas Goldin
Kathrine A. McLendon
Jamie J. Fell

SIMPSON THACHER & BARTLETT LLP

*Counsel for the Board of Each of PG&E Corporation and Pacific Gas and Electric Company and for Certain Current and Former Independent Directors*

22

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

## NOTICE PARTIES

PG&E Corporation
c/o Pacific Gas & Electric Company
77 Beale Street
San Francisco, CA 94105
Attn: Janet Loduca, Esq.

Weil Gotshal & Manges
767 Fifth Avenue
New York, NY 10153-0119
Attn: Stephen Karotkin, Esq.,
Rachael Foust, Esq.

Keller & Benvenutti LLP
650 California Street, Suite 1900
San Francisco, CA 94108
Attn: Tobias S. Keller, Esq.,
Jane Kim, Esq.

The Office of the United States Trustee for Region 17
450 Golden Gate Avenue, 5th Floor, Suite #05-0153
San Francisco, CA 94102
Attn: James L. Snyder, Esq.,
Timothy Laffredi, Esq.

Milbank LLP
55 Hudson Yards
New York, NY 10001-2163
Attn: Dennis F. Dunne, Esq.,
Sam A. Khalil, Esq.

Milbank LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Attn: Paul S. Aronzon, Esq.,
Gregory A. Bray, Esq.,
Thomas R. Kreller, Esq.

Baker & Hostetler LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Attn: Eric Sagerman, Esq.,
Cecily Dumas, Esq.

Bruce A. Markell
541 N. Fairbanks Court, Suite 2200
Chicago, IL 60611-3710
bamexampge@gmail.com
pge@legaldecoder.com
traceygallegos@gmail.com