1  UNITED STATES DEPARTMENT OF JUSTICE
   CIVIL DIVISION
2  JOSEPH H. HUNT
   Assistant Attorney General
3  RUTH A. HARVEY
   Director
4  KIRK MANHARDT
   Deputy Director
5  MATTHEW J. TROY (GABN 717258)
   Senior Trial Counsel
6  P.O. Box 875
   Ben Franklin Station
7  Washington, DC 20044-0875
   Telephone: (202) 514-9038
8  E-mail: matthew.troy@usdoj.gov

9  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
10 ROBIN M. WALL (CABN 235690)
   Assistant United States Attorney

11
   Attorneys for the United States of America
12

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | |
| - and - | Chapter 11 |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Lead Case) |
| | (Jointly Administered) |
| **Debtors.** | Date: December 17, 2019 |
| | Time: 10:00 a.m. |
| | Place: United States Bankruptcy Court |
| ☐ Affects PG&E Corporation | 450 Golden Gate Avenue |
| ☐ Affects Pacific Gas and Electric Company | Courtroom 17 |
| ■ Affects both Debtors | San Francisco, CA 94102 |
| | Judge: Hon. Dennis Montali |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | RE: Docket No. 4553 |

**OPPOSITION OF THE UNITED STATES OF AMERICA TO NOTICE OF DEBTORS' DESIGNATION OF CLAIMS FILED BY THE UNITED STATES OF AMERICA, THE STATE OF CALIFORNIA AND ADVENTIST HEALTH SYSTEM AS UNLIQUIDATED AND SUBJECT TO ESTIMATION UNDER SECTION 502(c) OF THE BANKRUPTCY CODE**

The United States of America, on behalf of the United States Department of Homeland Security, Federal Emergency Management Agency ("FEMA"); the United States Department of Agriculture, United States Forest Service ("USFS"); the United States Department of the Interior, Bureau of Land Management ("BLM") and the National Park Service ("NPS"); the United States Small Business Administration ("SBA"); and the Environmental Protection Agency ("EPA"), hereby files this opposition to the *Notice of Debtors' Designation of Claims Filed by the United States of America, the State of California and Adventist Health System as Unliquidated and Subject to Estimation under Section 502(c) of the Bankruptcy Code* (the "Designation") (Docket No. 4553).[1]

## BACKGROUND

Designated Claims **Not** Subject to the Estimation Proceeding Before the District Court

In the Designation, Debtors listed twenty claims filed by the United States. Of those, eight are Additional Wildfire Claims, i.e., "claims that do not arise from the Wildfires that are subject to the estimation proceedings before the District Court." *Designation* at 9, lines 17-18. The wildfires underlying these eight Additional Wildfire Claims are El Portal, Railroad, and Murphy. Because these wildfires are not included in the definition of Wildfires in the Estimation Motion, the United States' claims arising from them are not part of the estimation proceeding before the District Court. Accordingly, Debtors acknowledge that they are not seeking to estimate these Additional Wildfire Claims in the estimation proceeding before the District Court. *Id.*, line 19-22.

One additional claim, filed by the EPA and the Department of the Interior, is wholly unrelated to any wildfire and therefore, not subject to the estimation proceeding before the District Court as the Estimation Motion seeks only to estimate claims arising from the Wildfires specified therein.

---

[1] Terms not otherwise defined herein shall have the meaning ascribed to them in the Designation.

For ease of reference, these <u>nine</u> claims of the United States that the Debtors are <u>not</u> seeking to estimate are set forth, with claim numbers, on the attached Exhibit A -- *Debtor Designated Claims of the United States Not Subject to Estimation Proceeding Before the District Court*.

As the Debtors are not seeking to estimate the claims listed on Exhibit A, *Designation* at 9, the United States will not address whether those claims are unliquidated or otherwise subject to estimation under 11 U.S.C. § 502(c) and reserve all rights in that regard. And like the Debtors, the United States reserves all rights related to those claims' allowance or disallowance and the determination of the amounts thereof.[2]

### Eleven Remaining Designated Claims Subject to Estimation Proceeding Before the District Court

Of the remaining <u>eleven</u> United States' claims listed in the Designation, the Debtors listed the same claim twice – a BLM claim arising out of the Butte Fire. *Designation* at 4, lines 6-10. Accordingly, the Debtors have designated <u>ten</u> claims of the United States related to the Wildfires as unliquidated and subject to the estimation proceeding before the District Court. For ease of reference, these claims are set forth, with claim numbers, on the attached Exhibit B -- *Debtor Designated Wildfire Claims of the United States Subject to Estimation Proceeding Before the District Court*.[3]

Of the <u>ten</u> claims listed on Exhibit B, the United States is not contesting the Debtors' designation of five of those claims as unliquidated and subject to estimation in the estimation proceeding before the District Court but otherwise reserves all rights with respect to that proceeding as well as all rights related

---

[2] In the Designation, Debtors purport to "reserve their rights to supplement" their list of claims. *Designation* at 10-11. Such reservation is ineffectual, as the Order provides no such right. Moreover, the trial in the estimation proceeding before the District Court starts only two months after this Court's December 17 hearing on the Designation. What claims are part of that trial must be finalized and not subject to change based upon the Debtors' purported reservation.

[3] Each of the proofs of claim listed on Exhibit A and B are expressly incorporated into this opposition. Given the size of the proofs of claim and because PDFs of each can be easily downloaded from the official claims register on the claims agent's website, the United States opted not file copies with this opposition.

to those claims' allowance or disallowance and the determination of the amounts thereof. Those five claims are listed in the below table.

| Agency | Claim No. | Fire | Amount |
|---|---|---|---|
| FEMA | 59692 | Camp | $2,552,285,006.62 |
| BLM | 56756 | Camp | $7,721,234.36 |
| BLM | 63797 | Butte | $31,469,881.00 |
| SBA | 62342 | North Bay Fires | $11,641,027.00[4] |
| SBA | 86440 | Camp | $27,774,829.00 |

For the reasons set forth below, the United States opposes the Debtors' designation of the remaining five claims listed on Exhibit B and maintains those claims are liquidated and therefore, not subject to estimation under 11 U.S.C. § 502(c).

## ARGUMENT

If a claim is neither contingent nor unliquidated, it is not subject to estimation under section 502(c). *In re Rhead*, 179 B.R. 169, 172 (Bankr. D. Ariz. 1995) (citing *In re Continental Airlines*, 981 F.2d 1450 (5th Cir. 1993)). The Court has already noted that wildfire related claims are not contingent, because the contingency, the fires, have already occurred. *Hrg Transcript*, August 27, 2019 Status Conference, at 126:20-21 ("And so I believe when a fire occurs, that's the contingency.").[5] Debtors have asserted only that the United States' wildfire claims are subject to estimation under section 502(c) because they are unliquidated. *Designation* at 3, lines 12-14.

The Bankruptcy Code does not define the term liquidated, but Ninth Circuit law is clear:

---

[4] This claim timely amended SBA's previously filed Claim No. 86438, which is the claim Debtors listed in their designation.

[5] The Court's belief properly reflects Ninth Circuit authority. *Nicholes v. Johnny Appleseed* (*In re Nicholes*), 184 B.R. 82, 88 (B.A.P. 9th Cir. 1995) (section 109(e) case); *In re Audre, Inc.*, 202 B.R. 490, 492 (Bankr. S.D. Cal. 1996) (applying *Nicholes* analysis in interpreting contingent under section 502(c)).

"whether a debt is liquidated turns on whether it is subject to ready determination and precision in computation of the amount due." *Fostvedt v. Dow* (*In re Fostvedt*), 823 F.2d 305, 306 (9th Cir. 1987) (citations omitted) (section 109(e) case). Moreover, a debt is liquidated even if liability has not been adjudicated or it is disputed. *Slack v. Wilshire Ins. Co.* (*In re Slack*), 187 F.3d 1070, 1075 (9th Cir. 1999) (section 109(e) case). Courts have used the same definition from section 109(e) decisions in interpreting the term unliquidated in section 502(c). *In re Audre, Inc.*, 202 B.R. at 492; *In re Kennan*, 201 B.R. 263, 265 (Bankr. S.D. Cal. 1996).

Liquidated United States' Claims

NPS Fire Suppression Claims

Of the remaining five designated claims on Exhibit B, three are for fire suppression costs as set forth below. They aggregate $145,421.20.

| Agency | Claim No. | Fire | Amount |
|---|---|---|---|
| NPS | 59682 | Atlas | $9,368.42 |
| NPS | 63744 | Butte | $33,749.97 |
| NPS | 65522 | Tubbs | $102,302.81 |

Each of these claims are for specific amounts NPS incurred and spent in suppressing the specified wildfire. The amounts reflect two categories of costs – personnel and travel. Attached to the claims is supporting documentation for those costs such as fire fighter time reports, hotel receipts, credit card statements, fuel receipt and mileage logs, and gas station receipts. Simply by looking at this documentation and the amounts reflected thereon, the total amount of each claim is "subject to ready determination and precision in computation of the amount due." These three claims are clearly liquidated and not subject to estimation.

FEMA Claims

Of the remaining five designated claims on Exhibit B, two are FEMA claims for the recovery of disaster assistance provided pursuant to the Robert T. Stafford Disaster Assistance and Emergency Relief Act, 42 U.S.C.§ 5121 *et seq.*, as set forth below. The two claims aggregate $1,388,185,764.03.

| Agency | Claim No. | Fire | Amount |
|--------|-----------|------|--------|
| FEMA | 59734 | North Bay Fires | $1,227,587,473.81 |
| FEMA | 59783 | Butte | $160,598,290.22 |

As each claim makes clear, the claims asserted are for specific amounts falling within three categories: (1) public assistance, both direct and financial, to the State of California, local governments, tribal governments and certain non-profits for debris removal, emergency protective measures, and the permanent repair/replacement of damaged infrastructure;[6] (2) individual assistance, both direct and financial, to individuals and households;[7] and (3) FEMA's direct costs incurred in administering these two assistance programs.

The tables in the attachment to the proofs of claim detail the different components of assistance provided under the three above categories. For example, public assistance is broken down into (1) financial assistance, which is then broken down between counties and the state, and (2) direct assistance, which is then broken down between mission assignment and FEMA commodities. As the claims

---

[6] Direct assistance is different from financial assistance in that the federal government itself provides the assistance as opposed to reimbursing the state or a local government the federal share of eligible work performed by the state or local government. A prime example of direct assistance is FEMA, at the request of the State of California, tasking the Army Corps of Engineers with performing private property debris removal after the Tubbs Fire.

[7] An example of direct individual assistance is FEMA providing temporary housing, e.g., mobile homes and trailers, whereas financial individual assistance is FEMA providing funds or vouchers for individuals to use in securing temporary housing.

explain, each of these components of public assistance represents funds that FEMA has recorded as federal obligations in either the (1) Emergency Management Mission Integrated Environment (EMMIE) for financial public assistance, or (2) the Enterprise Coordination & Approvals Processing System (eCaps) for direct public assistance, for the fires identified in the proofs of claim. Both are electronic systems that tie directly into the Integrated Financial Management Information System (IMFIS) where all FEMA obligations are posted for financial reporting purposes. Funds are recorded in EMMIE as federal obligations only after FEMA has approved a state's or local government's Project Worksheet for specified eligible work. Similarly, FEMA records funds as federal obligations in eCaps only after the federal government has either (1) approved assistance for a state or local government and tasked another federal agency to perform the work or (2) provided commodities or equipment to a state or local government. Likewise, individual assistance and administrative costs are broken down in to sub-components and further sub-components reflecting amounts recorded in IMFIS and actually obligated and expended in response to the fires identified in the proofs of claim.

Accordingly, like the NPS claims, the amounts of FEMA's claims are subject to ready determination and precise computation and are therefore, liquidated.

**CONCLUSION**

For all of the foregoing reasons, the Court should rule that NPS Claim Nos. 59682, 63744, and 65522, and FEMA Claim Nos. 59734 and 59783, are liquidated and not subject to estimation.

Date: November 15, 2019                         Respectfully submitted,

                                                JOSEPH H. HUNT
                                                Assistant Attorney General
                                                DAVID L. ANDERSON (CABN 149604)
                                                United States Attorney
                                                ROBIN M. WALL (CABN 235690)
                                                Assistant United States Attorney

                                                /s/ Matthew J. Troy
                                                RUTH A. HARVEY
                                                Director
                                                KIRK MANHARDT
                                                Deputy Director
                                                MATTHEW J. TROY

Senior Trial Counsel
Attorneys for United States

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2019, I electronically filed the foregoing Opposition with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

/s/ Matthew J. Troy
Matthew J. Troy
Senior Trial Counsel
Attorney for United States

# EXHIBIT A

**Debtor Designated Claims of the United States <u>Not</u> Subject to Estimation Proceeding Before the District Court**

| Agency | Claim No. | Fire | Amount |
|---|---|---|---|
| U.S Department of Agriculture, Forest Service ("USFS") | 59662 | El Portal | $9,895,433.64 |
| USFS | 59712 | El Portal | $19,466,029.49 |
| USFS | 59664 | Railroad | $21,029,700.59 |
| USFS | 63837 | Railroad | $76,554,779.95 |
| U.S Department of the Interior, Bureau of Land Management | 62632 | Murphy | $81,167.00 |
| U.S. Department of the Interior, National Park Service ("NPS") | 63092 | El Portal | $3,763,144.49 |
| NPS | 63748 | Murphy | $14,170.15 |
| NPS | 63756 | Railroad | $90,415.07 |
| EPA/Interior | 64169 | N/A | $0.00 |

# EXHIBIT B

**Debtor Designated Wildfire Claims of the United States Subject to Estimation Proceeding Before the District Court**

| Agency | Claim No. | Fire | Amount |
|---|---|---|---|
| FEMA | 59692 | Camp | $2,552,285,006.62 |
| FEMA | 59734 | North Bay Fires | $1,227,587,473.81 |
| FEMA | 59783 | Butte | $160,598,290.22 |
| U.S Department of the Interior, Bureau of Land Management ("BLM") | 56756 | Camp | $7,721,234.36 |
| BLM | 63797 | Butte | $31,469,881.00[1] |
| U.S. Department of the Interior, National Park Service ("NPS") | 59682 | Atlas | $9,368.42 |
| NPS | 63744 | Butte | $33,749.97 |
| NPS | 65522 | Tubbs | $102,302.81 |
| U.S. Small Business Administration ("SBA") | 62342 | North Bay Fires | $11,641,027.00[2] |
| SBA | 86440 | Camp | $27,774,829.00 |

---

[1] Without using claim numbers, the Designation listed this claim twice in the exact same amount for the same fire. BLM filed, however, only one claim in this amount – Claim No. 63797.

[2] This claim timely amended SBA's previously filed Claim No. 86438.