WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11 (Lead Case)<br><br>(Jointly Administered)<br><br>**STIPULATION BETWEEN THE DEBTORS AND AD HOC GROUP OF INTERCONNECTION CUSTOMERS TO PERMIT PAYMENT OF CERTAIN PASS-THROUGH AMOUNTS**<br><br>Related Docket Ref: Docket No.: 4400<br><br>[No Hearing Date Requested] |

This stipulation and agreement for order ("**Stipulation**") is entered into by Pacific Gas and Electric Company (the "**Utility**"), as debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), on the one hand, and each of the Interconnection Customers of the Utility identified on <u>Schedule 1</u> hereto (the "**AHG of Interconnection Customers**"), on the other. The Debtors and each of the members of the AHG of Interconnection Customers are referred to in this Stipulation collectively as the "**Parties**," and each as a "**Party**." The Parties hereby stipulate and agree as follows:

## RECITALS

A. On January 29, 2019 (the "**Petition Date**"), PG&E Corporation and the Utility (collectively, the "**Debtors**") commenced the Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**").

B. As of the Petition Date, the Utility was party to a number of three-party interconnection agreements (each an "**Interconnection Agreement**" and collectively, the "**Interconnection Agreements**") among the Utility, the California Independent System Operator Corporation ("**CAISO**"), and the applicable interconnection customer party thereto (each an "**Interconnection Customer**").

C. Pursuant to each of the Interconnection Agreements, the Utility is required to, among other things, reimburse the applicable Interconnection Customer for certain amounts, plus interest, advanced by the Interconnection Customer to the Utility for network transmission upgrades necessary to integrate the Interconnection Customer's electrical generation or energy storage project with the Utility's transmission system once the project has reached its commercial operation date (the "**Network Upgrade Reimbursements**").

D. The Utility typically pays the Network Upgrade Reimbursements in quarterly installments (or some other mutually agreed upon schedule) over a five year period, as required under the applicable Interconnection Agreement and CAISO's FERC-approved Open Access Transmission Tariff (the "**Tariff**").

E. In accordance with the Tariff, the costs of the Network Upgrade Reimbursements are included by the Utility in its transmission rates after it has refunded the Network Upgrade Reimbursements to the applicable Interconnection Customer, resulting in the Utility recovering the full amount of the Network Upgrade Reimbursements, plus a return on such amounts.

F. The transmission rate case that the Utility is currently operating under for 2019 contemplated payment of all of the currently outstanding Network Upgrade Reimbursements in 2019, and accordingly, if the Utility does not pay the outstanding Network Upgrade Reimbursements in 2019, the Utility would be required to true-up its transmission customers for any overpayments collected in rates on account of the Network Upgrade Reimbursements.

G. As a result of the commencement of the Chapter 11 Cases, the Utility suspended the payment of all Network Upgrade Reimbursements as it focused on stabilizing its operations as well as assessing its rights and obligations under its various agreements.

H. On October 22, 2019, the AHG of Interconnection Customers filed its *Motion and Memorandum of the Ad Hoc Group of Interconnection Customers to Compel Payment of the Pass-Through Amounts Withheld by Pacific Gas and Electric Company* (together with the Declarations filed in support thereof, the "**Pass-Through Motion**") [Dkt. Nos. 4400-4405] seeking an Order (i) directing the Utility to remit all outstanding Network Upgrade Reimbursements and to honor future Network Upgrade Reimbursements as and when they become due and (ii) directing the Utility to forward certain test energy payments claimed by CA Flats Solar 150, LLC (the "**Test Energy Payments**").

I. In addition to the Interconnection Customers that make up the AHG of Interconnection Customers, a number of the Utility's other Interconnection Customers have contacted the Utility to discuss the status of the Network Upgrade Reimbursements throughout the Chapter 11 Cases.

J.	The Utility currently owes approximately $46 million (inclusive of interest) on account of accrued and outstanding Network Upgrade Reimbursements under all of its Interconnection Agreements for the period from the Petition Date through October 21, 2019. Quarterly payments going forward are estimated to be approximately $9 million, with additional upcoming payments due to be made by the Utility on January 1, 2019 and April 1, 2020.

K.	Counsel for the Debtors and counsel for the AHG of Interconnection Customers have met and conferred to discuss the relief requested in the Pass-Through Motion, and have reached an agreement (i) to resolve all matters with respect to the payment of Network Upgrade Reimbursements owed by the Utility under all Interconnection Agreements; and (ii) to address separately through other or further proceedings the portion of the Pass-Through Motion seeking relief with respect to the Test Energy Payments (the "**Test Energy Portion of the Pass-Through Motion**").

L.	The Official Committee of Unsecured Creditors and the Official Committee of Tort Claimants have each reviewed the Stipulation and have no objection to the agreements set forth herein or to entry of an Order approving the terms of the Stipulation.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT:**

1.	This Stipulation shall have no force and effect unless and until approved by the Bankruptcy Court (the date of entry of an Order approving the Stipulation, the "**Approval Date**").

2.	Upon the Approval Date, the Debtors shall (i) as soon as reasonably practicable, and in all events no later than December 31, 2019, make payment to each Interconnection Customer for all undisputed Network Upgrade Reimbursements that are currently due and owing pursuant to the applicable Interconnection Agreement and (ii) timely pay all

Network Upgrade Reimbursements that become due and payable after the Approval Date in accordance with the applicable Interconnection Agreement and Tariff.

3. The Parties agree to confer in good faith to determine as soon as reasonably practicable the dates and amounts on which the Network Upgrade Reimbursements due under the CA Flats Interconnection Agreement (as defined in the Narayanan Declaration filed in support of the Pass-Through Motion [Dkt. No. 4404]) are payable to CA Flats Solar 130, LLC and CA Flats Solar 150, LLC.

4. For the avoidance of doubt, the relief granted herein shall apply with respect to outstanding Network Upgrade Reimbursements owed by the Utility as of, or that become due and payable after, the Approval Date under all of the Utility's Interconnection Agreements regardless of whether an Interconnection Customer is a member of the AHG of Interconnection Customers.

5. Neither the terms of this Stipulation nor the payment of Network Upgrade Reimbursements pursuant hereto shall limit, expand, or otherwise modify any Party's rights under section 365 of the Bankruptcy Code with respect to each of the Interconnection Agreements, all of which rights are expressly preserved hereby.

6. Within three (3) Business Days of the Approval Date, the AHG of Interconnection Customers shall withdraw the Pass-Through Motion (i) *with* prejudice with respect to the payment of Network Upgrade Reimbursements, and (ii) *without* prejudice with respect to the Test Energy Portion of the Pass-Through Motion. Nothing in this paragraph shall limit the rights of the AHG of Interconnection Customers to move to compel compliance with the provisions of this Stipulation and the Order approving it or to seek relief with respect to any continuing dispute regarding the Network Upgrade Reimbursements due under the CA Flats Interconnection Agreement.

7. In connection with the withdrawal without prejudice of the Test Energy Portion of the Pass-Through Motion, each of the Utility and CA Flats Solar 150, LLC shall, and shall cause its legal counsel to, undertake a good faith effort to resolve the Test Energy Portion of

the Pass-Through Motion by no later than December 31, 2019. For avoidance of doubt, such undertaking shall not waive any of the Parties' rights with respect to the Test Energy Portion of the Pass-Through Motion or in any manner require the Parties to reach agreement on the merits of the Test Energy Portion of the Pass-Through Motion.

8. This Stipulation shall constitute the entire agreement and understanding of the parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

9. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

10. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

*[Signature Page Follows]*

DATED: November 15, 2019

STOEL RIVES LLP

__/s/ *David B. Levant*_____
David B. Levant (*pro hac vice*)

*Attorneys for AHG of
Interconnection Customers*

DATED: November 15, 2019

WEIL, GOTSHAL & MANGES LLP
KELLER & BENVENUTTI LLP

___/s/ *Matthew Goren*_____
Matthew Goren (*pro hac vice*)

*Attorneys for Debtors
and Debtors in Possession*