# EXHIBIT 1

Case: 19-30088   Doc# 4783-1   Filed: 11/15/19   Entered: 11/15/19 17:22:29   Page 1 of 14

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

In re:

PG&E CORPORATION,

Debtor.

Bankruptcy Case
No. 19-30088 (DM)

Chapter 11
(Lead Case)
(Jointly Administered)

# Proof of Claim (Fire Claim Related)

Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.

Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Please type or print in the spaces below. Do NOT use red ink or pencil.

## Part 1: Identify the Claim

1. Who is the current creditor?

   Adventist Health System/West, a California religious non-profit corporation, and Feather River Hospital, a California religious non-profit corporation, d/b/a Adventist Health Feather River
   Name of the current creditors (the persons or entities to be paid for this claim)

2. Has this claim been acquired from someone else?
   ☒ No
   ☐ Yes. From whom? _____

3. Are you filing this claim on behalf of your family?
   ☒ No
   ☐ Yes

   A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.

   If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:
   _____ _____
   _____ _____
   _____ _____
   _____ _____

4. Where should notices and payments to the creditor be sent?

   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   Where should notices to the creditor be sent?

   Adventist Health System/West
   Robert L. Layton
   Associate General Counsel
   Assistant Vice President
   ONE Adventist Health Way
   Roseville, California 95661
   Tel: 916-406-1577
   Email: laytonrl@ah.org

   Where should payments to the creditor be sent? (if different)

   Name _____
   Attorney Name (if applicable) _____
   Attorney Bar Number (if applicable) _____
   Street Address _____
   City _____
   State _____
   Zip Code _____
   Phone Number _____
   Email Address _____

5. Does this claim amend one already filed?
   ☒ No
   ☐ Yes. Claim number on court claims registry (if known) _____

   Filed on _____
   MM / DD / YYYY

6. Do you know if anyone else has filed a proof of claim for this claim?
   ☒ No
   ☐ Yes. Who made the earlier filing? _____

34332725.2

Proof of Claim (Fire Related)                                   Page 1

| Part 2: | Give Information About the Claim as of the Date this Claim Form is Filed |
|---|---|
| 7. What fire is the basis of your claim?<br><br>Check all that apply. | ☒ Camp Fire (2018)<br>☐ North Bay Fires (2017)<br>☐ Ghost Ship Fire (2016)<br>☐ Butte Fire (2015)<br>☐ Other (please provide date and brief description of fire) _____ |
| 8. What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different? | Location(s): Feather River Hospital, 5974 Pentz Road, Paradise, California 95969 and other locations in Paradise, California (see addendum). |
| 9. How were you and/or your family harmed?<br><br>Check all that apply | ☒ Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)<br>   ☒ Owner ☐ Renter ☐ Occupant ☒ Other (Please specify): See addendum<br>☐ Personal Injury<br>☐ Wrongful Death (if checked, please provide the name of the deceased)<br>☒ Business Loss/Interruption<br>☒ Lost wages and earning capacity<br>☐ Loss of community and essential services<br>☐ Agricultural loss<br>☒ Other (Please specify): See addendum. |
| 10. What damages are you and/or your family claiming/seeking?<br><br>Check all that apply | ☒ Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)<br>☐ Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)<br>☒ Punitive, exemplary, and statutory damages<br>☒ Attorney's fees and litigation costs<br>☒ Interest<br>☒ Any and all other damages recoverable under California law<br>☒ Other (Please specify): See addendum. |
| 11. How much is the claim? | ☒ $1,012,061,204; see addendum. (optional)<br>☐ Unknown / To be determined at a later date |

| Part 3 | Sign Below |
|---|---|

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date October 17, 2109

Adventist Health System/West

By: Bill Wing
Title: CFO
Address: ONE Adventist Health Way, Roseville, CA 95661

Tel: (916) 406-0000
Email: WingBD@ah.org


Feather River Hospital d/b/a Adventist Health Feather River

By: Bill Wing
Title: Assistant Secretary
Address: 5125 Skyway, Paradise, CA 95969

Tel: (916) 406-0000
Email: WingBD@ah.org

Addendum "A" to Proof of Claim of Adventist Health System/West and Feather River Hospital, d/b/a Adventist Health Feather River

Adventist Health System/West ("Adventist Health"), a California religious nonprofit corporation, and Feather River Hospital, a California religious nonprofit corporation, d/b/a Adventist Health Feather River ("AHFR"), hereby submit this proof of claim, including this Addendum "A" to Proof of Claim and Addendum "B" attached hereto (together, the "Proof of Claim").

The claims of Adventist Health and AHFR, asserted jointly and severally by Adventist Health and AHFR (together, the "Claimants") against the estates of Debtor Pacific Gas and Electric Company and PG&E Corporation (together, the "Debtors") arise as a result of the following.

## I. THE CLAIMANTS

1. Adventist Health is a faith-based, nonprofit integrated health delivery system headquartered in Roseville, California. It seeks to empower healthy communities and enhance the quality of life for those it services by improving access to comprehensive, quality health care services across multiple communities in California, Hawaii and Oregon.

2. AHFR is part of the Adventist Health hospital system. Prior to the Camp Fire, AHFR was a 100-bed acute care, community hospital with extensive operations in Butte County, but primarily in Paradise, California, including cancer, cardiology and a critical care unit, a diagnostic laboratory, an emergency department with connected MRI, CT and X-Ray services, an outpatient surgery center, home health and hospice services, hospital-based outpatient clinics, rural health clinics, and home oxygen, medical imaging, obstetrics, same-day and sleep medicine services. The hospital was staffed by nearly 200 physicians and advance practice professionals, approximately 1,200 employees and more than 400 volunteers.

## II. THE DEBTORS' LIABILITY TO THE CLAIMANTS

1. Prior to the filing of the Debtors' chapter 11 cases on January 29, 2019 (the "Petition Date"), and during the morning of November 8, 2019, a fire began near the community of Pulga in Butte County, California. According to the California Department of Forestry and Fire Protection ("Cal Fire"), the fire was caused by electrical transmission lines owned and operated by the Debtors located in the Pulga area. The fire rapidly burned into Pulga to the east and west into Concow, Paradise, Magalia and to the outskirts of Chico. Additionally, according to Cal Fire, a second fire began near the intersection of Concow Road and Rim Road, the cause of which was vegetation into electrical distribution lines, again owned and operated by the Debtors. This second fire was consumed by the initial fire near Pulga, and both such fires shall be referred to herein as the "Camp Fire."

2. The Camp Fire burned thousands of acres of land and devastated the Town of Paradise and nearby communities. It also devastated the main campus of Feather River Hospital, located at 5974 Pentz Road in Paradise (the "Main Hospital Campus"). Approximately 30 of the approximately 50 acres making up the developed portion of the Main Hospital Campus, plus another approximately 68 acres of AHFR's adjacent woodlands, were burned. The Camp Fire swept over large portions of the Main Hospital Campus, essentially destroying the Lower Level

Case: 19-30088    Doc# 4783-1    Filed: 11/15/19    Entered: 11/15/19 17:22:29    Page 5 of 14

of the hospital and all of the central utility plant, including the cooling tower yard and switchgear yard, and seriously damaging the Upper Level of the hospital. Multiple related hospital buildings, located closer to the woodlands, were also completely destroyed, while other related hospital buildings were heavily damaged. The damage and destruction done to the Main Hospital Campus was so extensive that it has rendered the Main Hospital Campus incapable of operation since the date of the fire, and the hospital and nearly all of the other services provided on the Main Hospital Campus remain closed.

3. In addition to the Main Hospital Campus, the Camp Fire significantly damaged several of AHFR's other areas of operations in the town of Paradise, including Feather River Health Center, which had been one of the largest Rural Health Clinics in Adventist Health's system. While the Feather River Health Center has reopened, it has only limited services and is not equipped or staffed to handle patients with emergencies or other acute care needs, and must send them out of town to other facilities.

4. The Camp Fire was a direct and legal result of the negligence, carelessness, recklessness, internal misconduct and/or unlawfulness of the Debtors, and each of them. Among other things, the Claimants are informed and believe that the Debtors and each of them failed to: (a) comply with applicable statutory, regulatory, and/or professional standards of care; (b) timely and properly maintain, manage, inspect and/or monitor the power lines, electrical equipment, and/or adjacent vegetation owned by the Debtors or its affiliates; (c) properly cut, trim, prune and/or otherwise keep vegetation at a sufficient distance to avoid foreseeable contact with power lines; (d) trim and/or prune vegetation so as to avoid the creation of a safety hazard within close proximity of the power lines of the Debtors and their affiliates; (e) make the overhead lines safe under all conditions; (f) conduct adequate, prompt, proper, effective and/or frequent inspections and/or repairs of the electrical transmission lines, wires, and/or associated equipment; (g) design, construct, monitor, and/or maintain electrical transmission and/or distribution power lines in a manner that avoids the potential for fire by allowing vegetation to grow in an unsafe manner; (h) install equipment necessary and/or to inspect and/or repair installed equipment to prevent electrical transmission and distribution lines from improperly sagging, operating, and/or making contact with other metal wires placed on its poles and igniting fires; (i) keep equipment in a safe condition and/or manage equipment to prevent fire at all times; (j) failing to de-energize power lines during fire prone conditions; (k) failing to de-energize power lines after the ignition of the Camp Fire; and/or (l) failing to properly train and supervise employees and/or agents responsible for maintenance and inspection of the distribution lines and/or vegetation areas near such lines.

5. The Claimants assert that the damage incurred by the Claimants was legally and substantively caused by the actions of the Debtors in their installation, ownership, operation, use, control, management and/or maintenance of the power lines and other electrical equipment for a public use. The Claimants further have not received adequate compensation for the damage to and/or destruction of their real and personal property, thus constituting a taking or damaging of such property.

6. The Claimants further assert that the Debtors and each of them acted wantonly, intentionally, unlawfully, carelessly, recklessly and/or negligently in failing to property inspect, manage, and/or control the power lines and other electrical equipment for a public use, and the vegetation

98745820.7  -2-

near its power lines along the real property which makes up the Main Hospital Campus and each of the other locations in which AHFR maintained operations.

7. Based on all of the foregoing, the Claimants assert that the Debtors are jointly and severally liable for each other's wrongful acts and/or omissions, and are further liable to each of the Claimants pursuant to numerous causes of action, including negligence, inverse condemnation, public nuisance, private nuisance, premises liability, trespass, and violation of multiple statutes of the State of California, including, without limitation, Cal. Pub. Util. Code § 2106, Cal. H. & S. Code § 13007 and Cal. Bus. & Prof. Code § 17500.

### III. THE CLAIMANTS' DAMAGES AND RELATED EXPENSES

The Claimants have lost the occupancy, possession, use, and/or enjoyment of their real and personal property, including the loss of their business operations at the Main Hospital Campus and each of AHFR's other locations, and the contributions which AHFR made as an important and integral part of the entire Adventist Health System. As a result of each of the Debtors' intentional, wrongful and negligent acts or omissions, the Claimants are entitled to recover from each of the Debtors amounts relating to, among other things, damages to real and personal property as well as lost profits in an amount of not less than **$1,012,061,204 plus** any related and other losses or other amounts (including fees and expenses, including, without limitation, attorneys' fees and expenses), as described below and as set forth on Addendum B attached hereto.

Set forth below is a more detailed description of the nature and location of the damage and destruction done to the Claimants' operations by the Camp Fire, all of which were caused by the Debtors' intentional, wrongful and negligent acts or omissions.

A. <u>Destroyed Buildings:</u>

1. During the fire event, the following buildings listed below were destroyed as a result of the Camp Fire:

| BUILDING NAME | STREET ADDRESS | CITY |
|---|---|---|
| BioMed Storage and Workshop | 5724 Canyon View Drive | Paradise |
| Canyon View Clinic | 5734 Canyon View Drive | Paradise |
| Quality/Risk Management Building and Call Center | 5810 Canyon View Drive | Paradise |
| Education and Training Building | 5820 Canyon View Drive | Paradise |
| Ambulance Building | 5824 Canyon View Drive | Paradise |
| Storage Facility | 5826 Canyon View Drive | Paradise |
| Human Resources Building | 5839 Canyon View Drive | Paradise |
| HVAC and Grounds Building and Yard | 5841 (A), (B) Canyon View Drive | Paradise |
| Administrative Office | 5845 Canyon View Drive | Paradise |
| Visiting Physicians Quarters | 5847 Canyon View Drive | Paradise |
| Marketing Building | 5849 Canyon View Drive | Paradise |
| Storage Building | 5853 Canyon View Drive | Paradise |

| | | |
|---|---|---|
| Volunteers Building | 5858 Canyon View Drive | Paradise |
| IT Garage/Storage | 5960 Pentz Road | Paradise |
| Project Planning Office | 6056 Pentz Road | Paradise |

2. Additionally, the contents of all of the foregoing buildings were destroyed, including any medical equipment, medical supplies, furniture, office equipment or maintenance equipment or supplies located therein.

B. <u>Damaged Buildings</u>:

1. During the fire event, the buildings listed below were damaged to varying degrees as a result of the Camp Fire. In addition to the destruction of the Lower Level of the hospital and central utility plant described above, the Upper Level of the hospital was seriously damaged because hot embers permeated its roof (as they did to the roofs of several of the other buildings listed below), and permitted water (through fire suppression activities and subsequent rain storms) to damage the structures and their interiors, which in turn caused mold and additional damage.

| **BUILDING NAME** | **STREET ADDRESS** | **CITY** |
|---|---|---|
| Feather River Hospital/Main Hospital Building (Lower Level and Central Utility Plant essentially destroyed; Upper Level significantly damaged) | 5974 Pentz Road | Paradise |
| Sewer Control Shed and Field (shed destroyed; sewer caps damaged) | 5974 Pentz Road | Paradise |
| Accounting Office and Med Records | 5628 Canyon View Drive | Paradise |
| Feather River Cancer Center | 5629 Canyon View Drive | Paradise |
| Family Health Center | 5730 Canyon View Drive | Paradise |
| Medical Records Storage Building | 5843 Canyon View Drive | Paradise |
| Sleep Study Lab | 1925 Peach Lane | Paradise |
| Outpatient Surgery Center | 1933 Peach Lane | Paradise |
| Feather River Health Center – RHC, including Pharmacy | 5125 Skyway | Paradise |
| Hospice Care Building | 1289 Bille Road | Paradise |
| Home Health, Home Oxygen and Storage Building | 1295 Bille Road | Paradise |
| Condominiums in Medical Office Building | 6283 Clark Road (Suites 1, 4, 5, 6, 12, 13, 14 and 15) | Paradise |

2. Service roads, parking lots and walkways throughout the Main Hospital Campus were damaged due to intense heat resulting from the fire event. Additionally, heavy smoke permeated throughout the town of Paradise during and as a result of the Camp Fire, thereby requiring abatement or other smoke remediation to be done to AHFR's locations. Other temporary repairs also became necessary to mitigate further damage. This included roof patches, septic system patches and segregating the upper hospital (seriously damaged) from the lower hospital (essentially destroyed). One or more potable water container(s) were purchased in order to restore basic functions to the Feather River Health Clinic, as potable water was not available.

3. Further, the contents of the buildings identified above, including medical equipment, medical supplies, furniture, office and maintenance equipment and supplies, were either damaged as a

result of the fire, and/or significantly affected by smoke. To the extent that they were salvageable, they had to be cleaned, repaired or otherwise remediated. Additionally, carpets or other flooring had to be cleaned or replaced, and walls had to be cleaned or repainted.

C.  Leased Locations

Prior to the Camp Fire, AHFR leased the following locations for its operations:

| BUILDING NAME | STREET ADDRESS | CITY |
|---|---|---|
| FR Specialty Services | 6009 Pentz Road | Paradise |
| Feather River Urology | 6480 Pentz Road | Paradise |
| Women's Health Center | 6283 Clark Road (Suite 8) | Paradise |

During and after the Camp Fire, heavy smoke permeated these leased locations. As a result, the contents of each of the foregoing locations were significantly impacted and had to be cleaned, repaired or otherwise remediated, or were no longer usable and had to be destroyed.

D.  Other Damages

The Claimants have incurred substantial additional damages as a result of the Camp Fire and the Debtors' wrongful acts which caused such fire. Such additional damages are itemized or identified on Addendum "B" hereto, and are further explained below:

(1) The Camp Fire cut off all utilities and water supplies to the Main Hospital Campus. As remediation began, the Claimants contracted to bring in rental equipment to restore basic functions, including portable lighting, hand washing stations, portable bathrooms, generators and multiple storage containers to salvage medical equipment. Several contractors were also hired to perform emergency work, including disposing of medical biohazards (i.e., medications, sharp containers) and perishables, erosion control, supplying compressed gas for generators and potable drinking water. The damage done by the Camp Fire to the Main Hospital Campus also created potentially unsafe conditions to the public. Fencing was rented and large quantities of debris were removed. A security station was installed in a rented mobile trailer on the Main Hospital Campus and it has been, and continues to be, staffed 24 hours a day.

(2) Similar remediation and security activities were completed for the Feather River Health Center locations and, to the extent necessary, all other locations maintained by the Claimants in the town of Paradise.

(3) Prior to the Camp Fire, the Main Hospital Campus contained formal landscaped areas and native trees around the buildings and parking lots. As a result of the Camp Fire, in excess of 200 individual landscaped trees were burned. Most are a complete loss and require removal. Additionally, adjacent to the Main Hospital Campus, the Claimants own a mixed woodland. An additional approximately 68 acres of that woodland was heavily damaged, resulting in the loss of hundreds of additional trees. The Claimants have incurred, and will continue to incur, substantial costs for cleanup and remediation of these areas. Pursuant to Cal. Civ. Code § 3346 and Cal. Code Civ. Proc. § 733, the Claimants are entitled to recover three times their damages for these losses and expenses.

Case: 19-30088    Doc# 4783-1    Filed: 11/15/19    Entered: 11/15/19 17:22:29    Page 9 of 14

(4) As a result of the Camp Fire, the Claimants were forced to incur the fees and expenses of attorneys and other professionals to advise them on their rights. Additionally, in the aftermath of the Camp Fire, the Claimants incurred numerous miscellaneous out-of-pocket expenses, including for additional labor and storage costs.

(5) The Claimants provide a self-insured health plan for employees. Because of the cessation of health care services on the Main Hospital Campus and related facilities in the town of Paradise, employees were forced to go to other facilities for their healthcare needs, thereby causing the Claimants to incur additional costs meeting those needs.

(6) Claimant Adventist Health is self-insured for unemployment benefits. As a result of the Camp Fire, it has become obligated for additional unemployment claims.

(7) As a result of the Camp Fire, Claimant Adventist Health has been or will be charged substantially higher insurance premiums for the period from October 1, 2019 to September 30, 2020 for less coverage, and will have to either pay massive additional premiums to obtain coverage similar to what it had previously, or accept substantially greater uninsured risk than it faced before the Camp Fire.

(8) The Claimants are entitled to recover certain additional amounts from each of the Debtors in connection with the Camp Fire on and after the filing of this Proof of Claim, including, without limitation, any and all attorneys' and other consultants' and professionals' fees and expenses, future costs and repairs, further timber-related losses and expenses, insurance-related costs, and punitive damages. The Claimants hereby reserve all rights to amend this Proof of Claim to assert additional claims against each of the Debtors.

## IV. RESERVATION OF RIGHTS

1. This Proof of Claim is filed under the compulsion of the deadline set by the United States Bankruptcy Court for the Northern District of California in these cases for the assertion of prepetition claims against the Debtors. Each of the Claimants reserves, without limitation and to the fullest extent allowed by applicable law, the right to amend, modify, withdraw, renew, extend, restate and/or supplement, for any reason, this Proof of Claim and any of the claims set forth herein, including but not limited to, the recovery of any and all fees, expenses, and interest to which it may be entitled under applicable law. Each of the Claimants further reserves, without limitation, the right to assert any and all additional claims that either of the Claimants may have against either of the Debtors, to the fullest extent allowed by applicable law.

2. In addition, each of the Claimants reserve, without limitation, all of its defenses and rights, procedural and substantive, and any and all setoff, offset, recoupment, and similar rights under any applicable contract, statute, common law or equitable principle, including any such right that arises post-petition, and shall not be deemed to have waived or released any claim by virtue of it not being liquidated or fixed herein. Each of the Claimants further expressly reserves its right to assert any and all indemnification and/or reimbursement claims that may exist or that may arise under any applicable law, including to the extent that either of the Claimants may become subject to any complaint or cross-complaint asserted or otherwise filed against it, or any other claim asserted against it by any person or entity.

3. The documents which evidence the facts and claims set forth herein are too voluminous to attach to this Proof of Claim at this time. Accordingly, the Claimants expressly reserve the right to attach, produce and/or rely upon additional documentation that supports their respective claims and any additional documents that may become available after further investigation or discovery, particularly in light of the minimal time afforded them to both discover and liquidate the extensive nature of the damages which occurred as a result of the Camp Fire.

4. The filing of this Proof of Claim is not and shall not be deemed or construed as:

(a) a waiver or release of the Claimants' right to trial by jury in this court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution;

(b) consent by the Claimants to a jury trial in this court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157 or otherwise;

(c) consent by the Claimants or waiver or release of the Claimants' right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge;

(d) a waiver of the right to move to withdraw the reference with respect to the subject matter of the Proof of Claim, any objection thereto, or other proceeding which may be commenced in these cases against or otherwise involving the Claimants;

(e) consent by the Claimants or release of the Claimants' right to contest the venue or jurisdiction of this Court over any bankruptcy case, adversary proceeding, contested matter, or other proceedings;

(f) an election of remedies;

(g) a waiver of the Claimants' right to claim any prepetition or postpetition interest or all reasonable fees, costs, or charges under the Bankruptcy Code, including sections 503 and 507 thereof;

(h) a waiver of the Claimants' right to assert an administrative expense claim under Bankruptcy Code section 503(b) or otherwise;

(i) a concession or admission by Claimant of facts with respect to any claims or alleged damages (or the amount thereof);

(j) a waiver of any right to the subordination, in favor of the Claimants, of indebtedness or liens held by other creditors of the Debtors;

Case: 19-30088    Doc# 4783-1    Filed: 11/15/19    Entered: 11/15/19 17:22:29    Page 11 of 14

(k) a waiver of any right to arbitration or other alternative dispute resolution mechanism that is otherwise applicable; or

(l) a waiver of any right of Claimant to have any liquidated portion of any claim determined by the Bankruptcy Court.

5. Discovery is continuing with respect to the nature and extent of the Debtors' wrongful conduct and/or omissions and the damages incurred by the Claimants as a result thereof. Accordingly, the Claimants specifically reserve the right to assert any and all additional rights and claims that have arisen or may arise between or among the parties, including any rights or claims arising after the Petition Date or after the date of this Proof of Claim. The Claimants do not waive or release (and expressly reserve) any claim, right, or right of action, or any power or remedy, that any of the Claimants has or might have against the Debtors, the Debtors' estates, or any other person or entity, including but not limited to FM Global, any insurer of the Debtors, or any other person, company or entity which may have provided any policy of insurance or other agreement to indemnify for losses related to the Camp Fire, regardless of whether such claim, right, or action arises prior to, upon, or after the Petition Date or after the date of this Proof of Claim.

6. This Proof of Claim is not intended to be, and shall not be construed as, an election of remedies, a waiver of any defaults or a waiver or limitation of any rights, remedies, claims, defenses, or interests of any of the Claimants, including but not limited to any right of setoff, offset, recoupment, a § 502(h) claim, or similar rights or defenses under any agreement, contract, statute, common law, or equitable doctrine. Nothing contained in this Proof of Claim shall limit the rights of the Claimants to file papers or pleadings, or commence any proceedings, or take any actions concerning its claims, liens or security interests. Claimant further reserves its right to pursue claims (including but not limited to the claims described herein) against any of the Debtors based upon additional or alternative legal theories.

7. This Proof of Claim is filed by the Claimants against each of the Debtors. However, neither of the Claimants is seeking to recover more than 100% of its claim amount in the aggregate from the Debtors.

8. The Claimants file this Proof of Claim without prejudice and in addition to any other claims of the Claimants that have been listed in any of the Debtors' schedules or may become listed in any of the Debtors' schedules.

# Addendum "B" to Proof of Claim of Adventist Health System/West and Feather River Hospital d/b/a Adventist Health Feather River

| Loss/Expense Category | Amount |
|---|---|
| **Costs to Clean-Up, Secure, Repair and Remediate Facilities After Fire (To Date):** | |
| ▪ Clean-up, immediate repairs and securing sites | $ 3,198,557 |
| ▪ Construction and further repairs completed to date | $ 3,449,136 |
| **Cost to Repair/Rebuild/Replace Facilities:** | |
| ▪ Construction and repairs not yet completed (including labor, material and related "soft" costs) | $110,622,586 |
| **Timber:** | |
| ▪ Value of lost landscape trees (including remediation costs) | $ 875,158 |
| ▪ Initial treatment and remediation of woodland trees | $ 5,319,500 |
| ▪ Additional damages per Cal. Civ. Code § 3346 and Cal. Code Civ. Pro. § 733 | $ 12,389,316 |
| **Loss of Inventory/Equipment/Contents of AHFR Locations** | $ 14,433,149 |
| **Loss of Surplus (Profit):** | |
| ▪ Loss of surplus (profit) (11/8/18 to 10/31/19) | $ 16,223,272 |
| ▪ Value of future lost surplus (profit) (11/19 to 12/24) | $ 70,369,798 |
| ▪ Operating losses (11/8/18 to 10/31/19) | $ 39,868,262 |
| ▪ Value of future operating losses (11/19 to 12/24) | $ 61,663,375 |
| ▪ Additional system-wide charges that cannot be avoided (11/8/18 to 10/31/19) | $ 25,463,291 |
| ▪ Value of future additional system-wide charges that cannot be avoided (11/19 to 12/24) | $ 99,386,397 |
| **Other Miscellaneous Damages:** | |
| ▪ Professional fees and expenses as of October 16, 2019 (attorneys, consultants and other professionals) | $ 1,210,412 |
| ▪ Miscellaneous Out-of-Pocket Expenses | $ 337,239 |
| ▪ Additional employee health plan costs (11/8/18 to 10/31/19) | $ 824,453 |
| ▪ Value of future additional employee health plan costs (11/19 onwards) | $ 936,493 |
| ▪ Assistance to Camp Fire Assistance Fund (for employees) | $ 500,000 |
| ▪ Unemployment insurance claims (2/6/19 to 9/16/19) | $ 1,215,722 |
| ▪ Unemployment insurance claims (liability remaining) | $ 1,579,826 |
| ▪ Impact on insurance premiums and coverage on policy from 10/1/19 to 9/30/20 | $ 36,164,660 |
| **Subtotal** | **$506,030,602** |
| ***Plus:*** | |
| Value of Lost Woodland Trees and Cost of Ongoing Mitigation Needs | TBD |
| Contribution and Indemnity Claims for Third Party Liabilities | TBD |
| Other unliquidated amounts | TBD |
| Punitive Damages | $506,030,602 |
| **Total** | **$1,012,061,204** |

Case: 19-30088    Doc# 4783-1    Filed: 11/15/19    Entered: 11/15/19 17:22:29    Page 13 of 14

# Electronic Proof of Claim_PE!HA27397

Final Audit Report 2019-10-18

| | |
|---|---|
| Created: | 2019-10-18 |
| By: | Prime Clerk E-Filing (efiling@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA5RaWYUFC2NqmGMqJ5Aa1dEYYGRykCF_k |

## "Electronic Proof of Claim_PE!HA27397" History

- Web Form created by Prime Clerk E-Filing (efiling@primeclerk.com)
  2019-10-18 - 3:17:08 PM GMT

- Bill Wing (james.copeland@nortonrosefulbright.com) uploaded the following supporting documents:
  Attachment
  2019-10-18 - 3:31:43 PM GMT

- Web Form filled in by Bill Wing (james.copeland@nortonrosefulbright.com)
  2019-10-18 - 3:31:43 PM GMT- IP address: 38.122.49.122

- (User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/72.0.3626.121 Safari/537.36)
  2019-10-18 - 3:31:49 PM GMT- IP address: 38.122.49.122

- Signed document emailed to Prime Clerk E-Filing (efiling@primeclerk.com) and Bill Wing (james.copeland@nortonrosefulbright.com)
  2019-10-18 - 3:31:49 PM GMT

Prime Clerk | Adobe Sign