CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) |
| | (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | |
| **Debtors.** | **SUMMARY SHEET TO SECOND INTERIM FEE APPLICATION OF CRAVATH, SWAINE & MOORE LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JUNE 1, 2019 THROUGH AND INCLUDING SEPTEMBER 30, 2019** |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ☒ Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Date:     TBD<br>Time:     TBD (Pacific Time)<br>Place:     United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 94102<br><br>**Objection Deadline:** December 9, 2019, at 4:00 p.m. (Pacific Time) |

| General Information | |
|---|---|
| Name of Applicant: | Cravath, Swaine & Moore LLP ("**Cravath**") |
| Authorized to Provide Professional Services to: | Attorneys for Debtors and Debtors in Possession |
| Petition Date: | January 29, 2019 |
| Retention Date: | April 25, 2019 *nunc pro tunc* to January 29, 2019 |
| Prior Applications: | *First Interim Fee Application of Cravath, Swaine & Moore LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 29, 2019 Through and Including May 31, 2019* [Docket No. 3683] (the "**First Interim Fee Application**") |

| Summary of Fees and Expenses Sought in this Application | |
|---|---|
| Time Period Covered by this Application: | June 1, 2019 through and including September 30, 2019 (the "**Compensation Period**") |
| Amount of Compensation Sought as Actual, Reasonable and Necessary for the Compensation Period: | $35,901,138.00 |
| Amount of Expense Reimbursement Sought As Actual, Reasonable and Necessary for the Compensation Period: | $3,852,996.21 |
| Total Compensation and Expenses Requested for the Compensation Period: | $39,754,134.21 |

| Summary of Voluntary Fee Reductions for the Compensation Period | |
|---|---|
| Amount of Voluntary Reductions to Compensation Incurred During the Compensation Period: | $444,744.00 in voluntary write offs |

| Total Fees and Expenses Allowed Pursuant to Prior Applications | |
|---|---|
| Total Allowed Compensation Paid to Date: | N/A |
| Total Allowed Expenses Paid to Date: | N/A |
| Total Allowed Compensation and Expenses Paid to Date: | N/A |
| **Total Fees and Expenses Paid to Applicant Pursuant to Monthly Statements, but Not Yet Allowed** | |
| Compensation Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed (80% of Fees in June Monthly Fee Statement): | $5,176,351.40 |
| Expenses Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed (100% of Expenses in June Monthly Fee Statement): | $374,444.13 |
| **Summary of Fees and Expenses Sought in this Application** | |
| Total Compensation and Expenses Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed: | $5,550,795.53 |
| Total Compensation and Expenses Sought in this Application Not Yet Paid: | $34,203,338.68 |
| **Summary of Rates and Other Related Information in this Application** | |
| Blended Rate in this Application for All Attorneys: | $721.08 |
| Blended Rate in this Application for All Timekeepers: | $659.82 |
| Number of Timekeepers Included in this Application: | 147 |
| Number of Attorneys in this Application Not Included in Staffing Plan Approved by Client: | N/A |
| Difference Between Fees Budgeted and Compensation Sought for this Period: | In the aggregate, $2,064,047.79 under the "high-case" budget for the Compensation Period |

Number of Attorneys Billing Fewer than 15
Hours to the Cases During the Compensation
Period:                                       10 attorneys

Increase in Rates:                      None

This is a(n):  <u>X</u>   Interim ___ Final Application

## SUMMARY OF FIRST INTERIM FEE APPLICATION

| Date Filed and Dkt No. | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Paid to Date | | Holdback Fees Not Yet Paid |
|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (@ 80%) | Expenses (@ 100%) | Fees (@20%) |
| 06/19/19 Dkt. No. 2645 | 01/29/19 – 02/28/19 | $7,350,674.50 | $410,918.01 | $5,880,539.60 | $410,918.01 | $1,470,134.90 |
| 07/18/19 Dkt. No. 3084 | 03/01/19 – 03/31/19 | $7,888,829.00 | $247,388.40 | $6,311,063.20 | $247,388.40 | $1,577,765.80 |
| 08/08/19 Dkt No. 3484 | 04/01/19 – 04/30/19 | $7,599,874.75 | $219,270.08 | $6,079,899.80 | $219,270.08 | $1,519,974.95 |
| 08/20/19 Dkt. No. 3614 | 05/01/19 – 05/31/19 | $7,503,720.75 | $144,485.33 | $6,002,976.60 | $144,485.33 | $1,500,744.15 |
| **Total:** | | **$30,343,099.00**[1] | **$1,022,061.82** | **$24,274,479.20** | **$1,022,061.82** | **$6,068,619.80** |

---

[1] Net of $1,139,607.50 in voluntary write offs.

## SUMMARY OF SECOND INTERIM FEE APPLICATION

| Date Filed and Dkt No. | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Previously Requested with Prior Monthly Fee Statement | | Total Amount Paid to Date | | Holdback Fees Requested |
|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (@ 80%) | Expenses (@ 100%) | Fees (@ 80%) | Expenses (@ 100%) | Fees (@20%) |
| 09/13/2019 Dkt. No. 3892 | 06/01/19 – 06/30/19 | $6,470,439.25 | $374,444.13 | $5,176,351.40 | $374,444.13 | $5,176,351.40 | $374,444.13 | $1,294,087.85 |
| 10/31/2019 Dkt. No. 4539 | 07/01/19 – 07/31/19 | $7,788,617.50 | $1,058,420.09 | $6,230,894.00 | $1,058,420.09 | $0.00 | $0.00 | $1,557,723.50 |
| 11/15/2019 Dkt. No. 4764 | 08/01/19 – 08/31/19 | $9,705,244.75 | $1,164,938.29 | $7,764,195.80 | $1,164,938.29 | $0.00 | $0.00 | $1,941,048.95 |
| 11/15/2019 Dkt. No. 4765 | 09/01/19 – 09/30/19 | $12,059,050.75 | $1,255,193.70 | 9,647,240.60 | $1,255,193.70 | $0.00 | $0.00 | $2,411,810.15 |
| **Total:** | | **$36,023,352.25[2]** | **$3,852,996.21** | **$28,818,681.80** | **$3,852,996.21** | **$5,176,351.40** | **$374,444.13** | **$7,204,670.45** |
| **Travel Adjustment:[3]** | | | | | | | | **(122,214.25)** |
| **Adjusted Total:** | | | | | | | | **$7,082,456.20** |

Summary of Any Objections to Monthly Fee Statements:  None[4]

Compensation and Expenses Sought in this Application Not Yet Paid:  $34,203,338.68

---

[2]  Net of $444,744.00 in voluntary write offs.

[3]  Consistent with the Fee Procedures Order entered on November 15, 2019 (defined below), Cravath has capped Non-Working Travel Time (airplane travel) at two hours for billing purposes resulting in a discount of $842,409.50 for the Compensation Period.  Prior to the entry of the Fee Procedures Order, Cravath had discounted Non-Working Travel Time by 50% as reflected in the Fifth, Sixth, Seventh and Eighth Monthly Fee Statements for a discount of $720,195.25 for the Compensation Period.  The Travel Adjustment of $122,214.25 is the difference between those discount amounts (*i.e.*, the additional discount applied to give effect to the Fee Procedures Order).

[4]  The objection deadline with respect to Cravath's Sixth Monthly Fee Statement is November 21, 2019, the objection deadline with respect to Cravath's Seventh Monthly Fee Statement is December 6, 2019, and the objection deadline with respect to Cravath's Eighth Monthly Fee Statement is December 6, 2019.  If each deadline passes without objection, the Debtors will remit payment of 80% of the requested fees and 100% of the requested expenses for each period.

**COMPENSATION BY PROFESSIONAL**
**FOR THE COMPENSATION PERIOD**

The attorneys who rendered professional services in these Chapter 11 Cases during the Compensation Period are:

| NAME OF PROFESSIONAL PARTNERS: | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Evan R. Chesler | Litigation | 1976 | $1,500 | 50.50 | $75,750.00 |
| Peter T. Barbur | Litigation | 1989 | 1,500 | 116.00 | 174,000.00 |
| Richard A. Hall | Corporate | 1989 | 1,500 | 287.20 | 430,800.00 |
| Julie A. North | Litigation | 1990 | 1,500 | 343.90 | 515,850.00 |
| Darin P. McAtee | Litigation | 1993 | 1,500 | 120.50 | 180,750.00 |
| Andrew W. Needham | Tax | 1995 | 1,500 | 80.20 | 120,300.00 |
| George E. Zobitz | Corporate | 1996 | 1,500 | 174.30 | 261,450.00 |
| Antony L. Ryan | Litigation | 1997 | 1,500 | 14.00 | 21,000.00 |
| Paul H. Zumbro | Corporate | 1998 | 1,500 | 452.00 | 678,000.00 |
| Timothy G. Cameron | Litigation | 1999 | 1,500 | 329.90 | 494,850.00 |
| Kevin J. Orsini | Litigation | 2004 | 1,500 | 1,099.40 | 1,649,100.00 |
| David M. Stuart | Litigation | 1996 | 1,350 | 19.40 | 26,190.00 |
| John D. Buretta | Litigation | 1997 | 1,350 | 12.90 | 17,415.00 |
| Benjamin Gruenstein | Litigation | 2000 | 1,350 | 37.60 | 50,760.00 |
| J. Wesley Earnhardt | Litigation | 2005 | 1,350 | 13.20 | 17,820.00 |
| Omid H. Nasab | Litigation | 2007 | 1,350 | 395.60 | 534,060.00 |
| Damaris Hernandez | Litigation | 2008 | 1,350 | 412.70 | 557,145.00 |
| Andrew C. Elken | Corporate | 2009 | 1,100 | 71.10 | 78,210.00 |
| Nicholas A. Dorsey | Corporate | 2010 | 1,100 | 20.10 | 22,110.00 |
| **Total Partners:** | | | | **4,050.50** | **$5,905,560.00** |

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Christopher J. Kelly | Corporate | 2000 | $1,240 | 19.40 | $24,056.00 |
| Evan Norris | Litigation | 2003 | 1,025 | 800.30 | 820,307.50 |
| Lillian S. Grossbard | Litigation | 1998 | 1,020 | 828.70 | 845,274.00 |
| Lindsay J. Timlin | Litigation | 2010 | 1,010 | 57.20 | 57,772.00 |
| David A. Herman | Litigation | 2008 | 975 | 599.10 | 584,122.50 |
| Deborah L. Fox | Litigation | 2008 | 975 | 58.40 | 56,940.00 |
| Scott Reents | Litigation | 2008 | 975 | 467.00 | 455,325.00 |
| Nathan Denning | Litigation | 2011 | 960 | 1,108.10 | 1,063,776.00 |
| Brittany L. Sukiennik | Litigation | 2012 | 960 | 404.00 | 387,840.00 |
| Daniel C. Haaren | Corporate | 2013 | 960 | 622.50 | 597,600.00 |
| Jordan Peterson | Litigation | 2014 | 960 | 86.40 | 82,944.00 |
| Paul Sandler* | Corporate | 2014 | 960 940 | 102.40 173.50 | 98,304.00 163,090.00 |
| Katherine D. Janson | Litigation | 2006 | 945 | 14.80 | 13,986.00 |
| Arvind Ravichandran | Tax | 2013 | 940 | 17.20 | 16,168.00 |
| Holden K. Sumner | Corporate | 2014 | 940 | 13.70 | 12,878.00 |
| Christopher Beshara* | Litigation | 2015 | 940 890 | 254.30 738.40 | 239,042.00 657,176.00 |
| Kelsie Docherty* | Litigation | 2015 | 940 890 | 279.70 248.70 | 262,918.00 221,343.00 |
| Michael Zaken* | Litigation | 2015 | 940 890 | 224.80 326.30 | 211,312.00 290,407.00 |
| Brendan Benedict* | Litigation | 2016 | 890 855 | 155.30 120.40 | 138,217.00 102,942.00 |
| Charles E. Loeser* | Litigation | 2016 | 890 855 | 43.60 38.00 | 38,804.00 32,490.00 |
| Christina Barreiro* | Litigation | 2016 | 890 855 | 177.50 141.70 | 157,975.00 121,153.50 |
| Clay H. Greenberg* | Litigation | 2016 | 890 855 | 214.80 85.30 | 191,172.00 72,931.50 |
| Matthias Thompson* | Litigation | 2016 | 890 855 | 216.50 529.80 | 192,685.00 452,979.00 |
| Max A. Winograd* | Litigation | 2016 | 890 855 | 150.00 38.20 | 133,500.00 32,661.00 |
| Norman J. Walczak | Corporate | 2016 | 890 | 17.50 | 15,575.00 |
| Peter Fountain* | Litigation | 2016 | 890 855 | 17.80 395.40 | 15,842.00 338,067.00 |
| Salah M. Hawkins* | Litigation | 2016 | 890 855 | 170.40 79.50 | 151,656.00 67,972.50 |
| Evan E. H. Schladow* | Corporate | 2017 | 855 840 | 18.70 98.40 | 15,988.50 82,656.00 |
| Grant S. May* | Litigation | 2017 | 855 840 | 221.40 704.70 | 189,297.00 591,948.00 |

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Marco Wong* | Litigation | 2017 | 855<br>840 | 162.90<br>485.30 | 139,279.50<br>407,652.00 |
| Melissa Valladares | Litigation | 2017 | 855 | 32.40 | 27,702.00 |
| Sarah V. Warburg-Johnson* | Litigation | 2017 | 855<br>840 | 106.90<br>48.70 | 91,399.50<br>40,908.00 |
| Beatriz Paterno | Litigation | 2017 | 840 | 275.50 | 231,420.00 |
| Valerie Sapozhnikova | Corporate | 2017 | 840 | 54.90 | 46,116.00 |
| Alex Weiss* | Litigation | 2018 | 840<br>750 | 158.10<br>439.50 | 132,804.00<br>329,625.00 |
| Allison Kempf* | Litigation | 2018 | 840<br>750 | 126.70<br>371.50 | 106,428.00<br>278,625.00 |
| Allison Tilden* | Litigation | 2018 | 840<br>750 | 231.90<br>546.40 | 194,796.00<br>409,800.00 |
| Bradley R. Niederschulte* | Litigation | 2018 | 840<br>750 | 219.00<br>126.40 | 183,960.00<br>94,800.00 |
| Christina S. Shin* | Corporate | 2018 | 840<br>750 | 14.00<br>39.70 | 11,760.00<br>29,775.00 |
| Dean M. Nickles | Litigation | 2018 | 840 | 27.30 | 22,932.00 |
| Jessica Choi* | Litigation | 2018 | 840<br>750 | 211.60<br>404.50 | 177,744.00<br>303,375.00 |
| Jonathan D. Mooney* | Litigation | 2018 | 840<br>750 | 100.80<br>9.60 | 84,672.00<br>7,200.00 |
| Katherine O'Koniewski* | Litigation | 2018 | 840<br>750 | 23.00<br>332.70 | 19,320.00<br>249,525.00 |
| Michael Ardeljan* | Litigation | 2018 | 840<br>750 | 32.00<br>103.20 | 26,880.00<br>77,400.00 |
| Monica D. Kozycz* | Litigation | 2018 | 840<br>750 | 247.90<br>592.00 | 208,236.00<br>444,000.00 |
| Patrick S. Taylor* | Corporate | 2018 | 840<br>750 | 31.50<br>74.40 | 26,460.00<br>55,800.00 |
| Sarah M. Topol* | Litigation | 2018 | 840<br>750 | 165.50<br>111.10 | 139,020.00<br>83,325.00 |
| Edgar Myer | Litigation | 2017 (Admitted in New South Wales) | 750 | 608.70 | 456,525.00 |
| Christopher J. Charlton | Litigation | 2018 (Admitted in England and Wales) | 750 | 267.60 | 200,700.00 |
| Michael Fahner | Corporate | 2018 | 750 | 353.70 | 265,275.00 |
| Victoria Ryan | Litigation | 2018 | 750 | 16.70 | 12,525.00 |
| Aishlinn R. Bottini* | Litigation | 2019 | 750<br>595 | 175.50<br>433.60 | 131,625.00<br>257,992.00 |
| Caleb Robertson* | Litigation | 2019 | 750<br>595 | 219.30<br>774.90 | 164,475.00<br>461,065.50 |
| Derek Mong | Litigation | 2019 | 750 | 40.60 | 30,450.00 |

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Feyilana Lawoyin* | Litigation | 2019 | 750 595 | 78.30 389.50 | 58,725.00 231,752.50 |
| Kalana Kariyawasam* | Litigation | 2019 | 750 595 | 281.70 488.20 | 211,275.00 290,479.00 |
| Lauren A. Cole* | Litigation | 2019 | 750 595 | 241.90 191.30 | 181,425.00 113,823.50 |
| Margaret Fleming* | Corporate | 2019 | 750 595 | 143.90 537.20 | 107,925.00 319,634.00 |
| Mika Madgavkar* | Litigation | 2019 | 750 595 | 87.20 196.30 | 65,400.00 116,798.50 |
| Sara Bodner* | Litigation | 2019 | 750 595 | 159.70 647.90 | 119,775.00 385,500.50 |
| Seann Archibald* | Corporate | 2019 | 750 595 | 13.30 92.30 | 9,975.00 54,918.50 |
| Sofia Gentel* | Litigation | 2019 | 750 595 | 90.30 571.00 | 67,725.00 339,745.00 |
| Sylvia Mahaffey* | Corporate | 2019 | 750 595 | 187.80 484.80 | 140,850.00 288,456.00 |
| Ya Huang* | Corporate | 2019 | 750 595 | 112.10 185.00 | 84,075.00 110,075.00 |
| Ciara Grubbs | Litigation | 2019 | 595 | 7.20 | 4,284.00 |
| Emily Tomlinson | Corporate | 2019 | 595 | 11.60 | 6,902.00 |
| Lauren Phillips | Litigation | 2019 | 595 | 305.50 | 181,772.50 |
| Rebecca Schwarz | Litigation | 2019 | 595 | 339.40 | 201,943.00 |
| Ryan Sila | Litigation | 2019 | 595 | 11.80 | 7,021.00 |
| Andrew Astore | Corporate | ** | 595 | 24.10 | 14,339.50 |
| Evan Siegel | Litigation | ** | 595 | 21.20 | 12,614.00 |
| Harold King | Corporate | ** | 595 | 41.70 | 24,811.50 |
| Shanique Campbell | Litigation | ** | 595 | 36.00 | 21,420.00 |
| Swara Saraiya | Litigation | ** | 595 | 73.30 | 43,613.50 |
| William LaRosa | Litigation | ** | 595 | 84.50 | 50,277.50 |
| Marisa Wheeler | Litigation | 2003 | 565 | 733.70 | 414,540.50 |
| Raffaele DiMaggio | Litigation | 2004 | 565 | 819.50 | 463,017.50 |
| Joel Hagood | Litigation | 2010 | 565 | 311.70 | 176,110.50 |
| Jay Holt | Litigation | 1977 | 415 | 787.30 | 326,729.50 |
| Katherine Geraci | Litigation | 1984 | 415 | 61.10 | 25,356.50 |
| Alain Rozan | Litigation | 1985 | 415 | 1,099.40 | 456,251.00 |
| Andrea Naham | Litigation | 1987 | 415 | 1,210.10 | 502,191.50 |
| Matthew Goetz | Litigation | 1992 | 415 | 137.00 | 56,855.00 |

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Louise Quick | Litigation | 1993 | 415 | 139.30 | 57,809.50 |
| Trebor Lloyd | Litigation | 1993 | 415 | 780.40 | 323,866.00 |
| Grace Sommero | Litigation | 1995 | 415 | 129.90 | 53,908.50 |
| Andrew Weiner | Litigation | 1997 | 415 | 795.30 | 330,049.50 |
| Peter Lee | Litigation | 2004 | 415 | 1,021.70 | 424,005.50 |
| Peter Truong | Litigation | 2004 | 415 | 932.30 | 386,904.50 |
| Alejandro MacLean | Litigation | 2008 | 415 | 533.10 | 221,236.50 |
| Robert Njoroge | Litigation | 2008 | 415 | 676.60 | 280,789.00 |
| Moshe K. Silver | Litigation | 2009 | 415 | 829.30 | 344,159.50 |
| Daniel Berkowitz | Litigation | 2010 | 415 | 54.50 | 22,617.50 |
| Michael Pfeffer | Litigation | 2010 | 415 | 928.80 | 385,452.00 |
| Dianne Rim | Litigation | 2011 | 415 | 968.90 | 402,093.50 |
| Elizabeth Shura | Litigation | 2011 | 415 | 54.30 | 22,534.50 |
| Michael Fessler | Litigation | 2011 | 415 | 909.00 | 377,235.00 |
| Elizabeth Varas | Litigation | 2013 | 415 | 109.00 | 45,235.00 |
| Joanna Ingalls | Litigation | 2013 | 415 | 77.40 | 32,121.00 |
| Ryan Spence | Litigation | 2013 | 415 | 865.70 | 359,265.50 |
| Kimberly Tolman* | Litigation | 2014 | 415<br>390 | 217.50<br>604.30 | 90,262.50<br>235,677.00 |
| Matthew Ng | Litigation | 2014 | 415 | 790.70 | 328,140.50 |
| Nathan Ancheta | Litigation | 2017 | 415 | 808.60 | 335,569.00 |
| **Total Associates:** | | | | **43,399.70** | **$28,309,779.00** |

\* - During the Compensation Period, these individuals advanced in seniority and their hourly rates were subject to a step increase.

\*\* - Not yet admitted.

The paraprofessionals and other non-legal staff who rendered professional services in these Chapter 11 Cases during the Compensation Period are:

| NAME OF PARAPROFESSIONALS: | DEPARTMENT | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Alex Kol | Litigation Technology | $400 | 19.00 | $7,600.00 |
| Brian Ross | Litigation Technology | 400 | 8.50 | 3,400.00 |
| Janet Venegas Fernando | Litigation Technology | 400 | 217.40 | 86,960.00 |
| Justin McMullen | Litigation Technology | 400 | 9.50 | 3,800.00 |
| Miguel Gonzalez | Litigation Technology | 385 | 74.80 | 28,798.00 |
| Vaughn Harper | Litigation Technology | 385 | 46.20 | 17,787.00 |
| Lee Michael Stein | Litigation Technology | 375 | 26.70 | 10,012.50 |
| Roberto Severini | Litigation Technology | 360 | 162.20 | 58,392.00 |
| Dana Crandall | Litigation Support Administrator | 335 | 64.00 | 21,440.00 |
| Lauren Ruffin | Litigation Legal Assistant | 335 | 51.90 | 17,386.50 |
| Somaiya Kibria | Litigation Legal Assistant | 335 | 487.70 | 163,379.50 |
| David Sizer | Litigation Legal Assistant | 310 | 78.40 | 24,304.00 |
| Elizabeth Greene | Litigation Legal Assistant | 310 | 135.60 | 42,036.00 |
| Jim Bell* | Litigation Legal Assistant | 310 / 290 | 595.00 / 35.60 | 184,450.00 / 10,324.00 |
| Joan Lewandowski | Litigation Legal Assistant | 310 | 700.70 | 217,217.00 |
| Kathleen Driscoll* | Litigation Legal Assistant | 310 / 290 | 375.60 / 234.40 | 116,436.00 / 67,976.00 |
| Laura De Feo | Litigation Legal Assistant | 310 | 79.60 | 24,676.00 |
| Stephanie Scanzillo* | Litigation Legal Assistant | 310 / 290 | 731.60 / 63.50 | 226,796.00 / 18,415.00 |
| Zachary Sanders* | Litigation Legal Assistant | 310 / 290 | 264.20 / 10.70 | 81,902.00 / 3,103.00 |
| Charlie Zhen | Litigation Legal Assistant | 290 | 627.20 | 181,888.00 |
| Husniye Cogur | Litigation Legal Assistant | 290 | 455.30 | 132,037.00 |
| Nicole Jakobson | Litigation Legal Assistant | 290 | 540.50 | 156,745.00 |
| Raley Abramczyk | Litigation Legal Assistant | 290 | 592.70 | 171,883.00 |
| Veronica Velasco | Litigation Legal Assistant | 290 | 812.10 | 235,509.00 |
| Vivian Fernandez | Litigation Legal Assistant | 290 | 736.40 | 213,556.00 |
| **Total Paraprofessionals:** | | | **8,237.00** | **$2,528,208.50** |

\* - During the Compensation Period, these individuals advanced in seniority and their hourly rates were subject to a step increase.

The total fees for the Compensation Period are:

| PROFESSIONALS | BLENDED RATE | HOURS | TOTAL COMPENSATION |
|---|---|---|---|
| Partners | $1,457.98 | 4,050.50 | $5,905,560.00 |
| Associates | 652.30 | 43,399.70 | 28,309,779.00 |
| Paraprofessionals | 306.93 | 8,237.00 | 2,528,208.50 |
| **Blended Attorney Rate** | **721.08** | | |
| **Blended Rate for All Timekeepers** | **659.82** | | |
| **Total Hours and Fees Incurred** | | **55,687.20** | **36,743,547.50[5]** |
| **Less Discount on Non-Working Travel Time (Two Hour Cap)** | | | **(842,409.50)** |
| **Total Adjusted Fees** | | | **$35,901,138.00** |

---

[5]  Net of $444,744.00 in voluntary write offs.

## COMPENSATION BY PROJECT CATEGORY
## FOR THE COMPENSATION PERIOD

| TASK CODE | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| ADMN | Case Administration | 767.50 | $243,085.00 |
| ASST | Use and Sale of Assets, Including 363 Sales | 7.00 | 7,639.50 |
| AUTO | Automatic Stay | 107.00 | 94,537.50 |
| BARN | Bar Date and Claims Noticing Matters | 76.90 | 70,711.00 |
| CASE | General Case Strategy | 1,438.80 | 1,225,836.00 |
| CASH | Financing/Cash Collateral | 973.40 | 951,389.50 |
| COMM | Committee Matters | 6,488.90 | 3,910,073.50 |
| CRAV | Cravath Retention and Fee Application | 1,574.40 | 950,685.00 |
| CRED | Creditor Inquiries | 2.60 | 2,630.00 |
| DSSV | Disclosure Statement/ Solicitation/Voting Matters | 10.90 | 9,550.50 |
| FEEO | Retention and Fee Application of Non-Cravath Professionals | 4.20 | 5,493.00 |
| GOVR | Corporate Governance and Securities Matters | 1,068.80 | 1,059,966.00 |
| HEAR | Hearings and Court Matters | 507.30 | 472,438.00 |
| INVS | Investigations | 1,294.40 | 912,650.00 |
| NONB | Non-Bankruptcy Litigation | 15,395.20 | 8,927,256.00 |
| OCMS | Other Contested Matters | 103.10 | 102,647.50 |
| OPRS | Business Operations Matters | 484.20 | 397,622.50 |
| PLAN | Plan of Reorganization/Plan Confirmation | 291.00 | 322,259.50 |
| PUBL | Public Relations Strategy | 113.00 | 113,192.00 |
| REGS | Regulatory and Legislative Matters | 5,781.90 | 3,766,118.00 |
| TRVL | Non-Working Travel Time | 1,684.90 | 597,981.00* |
| USTM | U.S. Trustee Matters/Meetings/Communications/Reports | 26.50 | 18,384.00 |
| WILD | Wildfire Claims Matters | 17,485.30 | 11,738,993.00 |
| **Total:** | | **55,687.20** | **$35,901,138.00**** |

\* - Non-Working Travel Time (airplane travel) capped at two hours for billing purposes.

\*\* - Net of $444,744.00 in voluntary write offs.

**EXPENSE SUMMARY**
**FOR THE COMPENSATION PERIOD**

| EXPENSES | AMOUNT |
|---|---|
| Business Meals | $23,224.75 |
| Courier/Mail Services | 11,230.59 |
| Duplicating | 13,936.95 |
| Meeting/Deposition Rooms | 250.00 |
| Miscellaneous | 130.50 |
| Special Disbursements (Including Expert Fees) | 3,272,750.41 |
| Transportation | 29,771.60 |
| Travel | 501,701.41* |
| **Total** | **$3,852,996.21** |

\* - Hotel expenses have been capped for reimbursement purposes at $600.00/night.

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| | (Lead Case) |
| **- and -** | (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **SECOND INTERIM FEE APPLICATION OF CRAVATH, SWAINE & MOORE FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JUNE 1, 2019 THROUGH AND INCLUDING SEPTEMBER 30, 2019** |
| **Debtors.** | |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ☒ Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Date: TBD |
| | Time: TBD (Pacific Time) |
| | Place: United States Bankruptcy Court |
| | Courtroom 17, 16th Floor |
| | San Francisco, CA 94102 |
| | **Objection Deadline:** December 9, 2019, at 4:00 p.m. (Pacific Time) |

Cravath, Swaine & Moore LLP ("Cravath"), attorneys for PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for its second application (the "**Second Interim Fee Application**" or the "**Application**"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for the interim allowance of compensation for professional services performed by Cravath for the period commencing June 1, 2019 through and including September 30, 2019 (the "**Compensation Period**") and for reimbursement of its actual and necessary expenses incurred during the Compensation Period, respectfully represents:

## PRELIMINARY STATEMENT AND CASE STATUS

1.       The Chapter 11 Cases and the hundreds of stayed and contemplated litigations concerning the 2015 Butte fire, the 2017 North Bay fires (including the 2017 Tubbs fire with respect to which the automatic stay under section 362 of the Bankruptcy Code was lifted during the Compensation Period) and the 2018 Camp fire (collectively, the "**Wildfire Litigations**") are large, complex actions.  Cravath's role in representing the Debtors is expansive and concerns six primary areas, among several others.  *First*, Cravath is lead counsel in all the Wildfire Litigations.  The Wildfire Litigations comprise claims by thousands of plaintiffs—including individuals, insurance companies and public entities—with potential liabilities in excess of $30 billion if the Debtors were to be found liable for certain or all of the alleged damages (excluding potential punitive damages, fines and penalties and damages from claims that have not manifested yet).  During the Compensation Period, Cravath spent over 17,400 hours of attorney and para-professional time (under task code "WILD"; an increase of over 8,000 hours compared with the prior compensation period) investigating the facts of the fires underlying the Wildfire Litigations, including working with experts, interviewing witnesses and reviewing reports issued by the California Department of Forestry and Fire Protection ("**CAL FIRE**").  *Second*, Cravath advises the Debtors on all wildfire and related issues that have arisen in connection with the Utility's corporate probation resulting from its January 27, 2017 federal criminal

convictions. This has entailed drafting detailed responses to the federal monitor appointed to oversee that probation, as well as to the Hon. William H. Alsup, and the review and production of documents. Cravath recorded over 15,300 hours of professional time (under task code "NONB"; an increase of over 4,600 hours compared with the prior compensation period) in connection with the criminal probation and other criminal inquiries. Cravath is also lead counsel in the Tubbs state court litigation. To prepare for the state court trial currently set for January, Cravath has retained and worked with experts, engaged in extensive factual depositions, responded to continuous requests for additional documents and engaged in motion practice concerning trial schedule, form and procedures. *Third*, Cravath has represented the Debtors in responding to numerous Committee discovery requests, inquiries and motions spending over 6,400 hours of professional time on such responses (under task code "COMM"; an increase of over 5,900 hours compared with the prior compensation period). *Fourth*, Cravath has represented the Debtors in responding to detailed data requests from state regulatory agencies, municipalities and consumer groups, spending over 5,700 hours of professional time on such responses (under task code "REGS"; a decrease of over 5,100 hours compared with the prior compensation period), including the California Public Utilities Commission (the "**CPUC**"), California Independent System Operator ("**CAISO**"), CAL FIRE, California Public Advocate ("**CalPA**"), City of San Francisco and The Utility Reform Network ("**TURN**"). *Fifth*, during the Compensation Period, Cravath conducted other categories of investigations, spending over 1,200 hours of professional time on such responses (primarily under task code "INVS"; a decrease of over 1,500 hours compared with the prior compensation period), including in connection with an investigation by the Securities and Exchange Commission ("**SEC**"). *Sixth*, Cravath advised the Debtors regularly during the Compensation Period on corporate governance matters, spending over 1,000 hours of professional time on such responses (under task code "GOVR"; a decrease of over 1,800 hours compared with the prior compensation period), including in connection with the postpetition changes in the composition of the boards of directors of the Debtors and the drafting and/or review of the Debtors' SEC filings and other public disclosures to investors. *Seventh*, Cravath participated in various aspects of these Chapter 11 Cases with the Debtors' other professionals,

including in connection with the debtor-in-possession ("**DIP**") financing facilities, the exit financing for the Debtors' proposed plan of reorganization and preparing for section 502(c) estimation proceedings with respect to the Wildfire claims. Such bankruptcy work has been divided among several task codes, including "BARN", "CASE", "CASH" and "CRAV" (for drafting documents related to Cravath's retention and fee applications and related matters). These categories—among several others—are described in greater detail below. Given the breadth, complexity and volume of the work for which Cravath seeks compensation on behalf of its team of 147 professionals—who in the aggregate recorded 55,687.20 hours during the 4-month Compensation Period—the descriptions herein are necessarily summary in fashion.

2. This Application has been prepared in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules for the Northern District of California (the "**Local Rules**"), the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 701] (the "**Interim Compensation Order**"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California*, dated February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**"), the revised *Fee Examiner Protocol for Chapter 11 Cases of PG&E Corporation and Pacific Gas and Electric Company* [Docket No. 4473-1] filed on October 24, 2019 (the "**Revised Protocol,**" and, together with the Local Guidelines and the U.S. Trustee Guidelines, the "**Fee Guidelines**") and the *Order Granting Fee Examiner's Motion to Approve Fee Procedures* [Docket No. 4770] entered on November 15, 2019 (the "**Fee Procedures Order**").

<u>**JURISDICTION**</u>

3. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General

Order 24 (N.D. Cal.) and Rule 5011-1(a) of the Local Rules. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in either of the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

5. On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors' Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors' Committee, the "**Committees**"). On May 29, 2019, the Court entered an order appointing Bruce A. Markell as the fee examiner for the Chapter 11 Cases (the "**Fee Examiner**"). On August 30, 2019, the Fee Examiner filed the *Fee Examiner Protocol for Chapter 11 Cases of PG&E Corporation and Pacific Gas and Electric Company* [Docket No. 3762-1] with the Court. On October 24, 2019, having met and conferred with the Debtors, the U.S. Trustee and the Committees, the Fee Examiner filed the Revised Protocol with the Court. On November 15, 2019, the Court entered the Fee Procedures Order.

6. Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

### The Debtors' Retention of Cravath

7. On March 22, 2019, the Debtors filed an application to employ Cravath as their attorneys, effective as of the Petition Date [Docket No. 1024] (the "**Retention Application**"), which application was approved by the Court by Order entered April 25, 2019 [Docket No. 1683] (the "**Retention Order**").

8. The Retention Order authorizes the Debtors to compensate and reimburse Cravath in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Fee Guidelines and the Interim Compensation Order. The Retention Order also authorizes the Debtors to compensate Cravath at its customary hourly rates for services rendered and to reimburse Cravath for its actual and necessary expenses incurred, subject to application to this Court. Specifically, the Retention Order authorizes Cravath "to render the professional services specified in or contemplated by the [Retention] Application" [Docket No. 1683 ¶ 3], which are:

- "advising and representing the Debtors with respect to the Wildfire Litigation Matters, including by prosecuting actions on the Debtors' behalf, defending actions commenced or ongoing against the Debtors, negotiating disputes in which the Debtors are involved and preparing objections to motions or to claims filed against the Debtors' estates;

- advising and representing the Debtors in connection with claims allowance, claims estimation and related settlement and plan of reorganization matters with respect to claims in connection with the Wildfire Litigation Matters;

- representing the Debtors in connection with investigations and inquiries by regulators and prosecuting authorities related to the Northern California wildfires, and advising the Debtors in connection with wildfire issues that have arisen or may arise in connection with their criminal probation arising from the San Bruno gas explosion;

- advising and representing the Debtors with respect to (i) any sale or other disposition or separation of assets or other strategic transactions; (ii) any financing transactions, including any amendment to, or incremental borrowing under, the DIP Financing, and bankruptcy exit financings; (iii) corporate governance and disclosure matters; and (iv) tax and employee benefits matters; in each case including negotiating and preparing on the Debtors' behalf any agreements, applications, motions and other filings related thereto;

- in consultation with the Debtors' other professionals, taking all necessary actions in connection with any Chapter 11 plan and related disclosure statement and/or other related documents, including in particular as they relate to the matters specified above; and

- performing all other necessary legal services in connection with these Chapter 11 Cases as requested by the Debtors and without duplication of other professionals' services."

[Docket No. 1024 at 8.]

## Summary of Professional Compensation and Reimbursement of Expenses Requested

9.      Cravath seeks allowance of interim compensation for professional services performed during the Compensation Period in the amount of $35,901,138.00 and for reimbursement of expenses incurred in connection with the rendition of such services in the amount of $3,852,996.21. During the Compensation Period, Cravath attorneys and paraprofessionals expended a total of 55,687.20 hours in connection with the necessary services performed.

10.     There is no agreement or understanding between Cravath and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases. Except as set forth below with respect to payments received by Cravath pursuant to the Interim Compensation Order, during the Compensation Period, Cravath received no payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.

11.     The fees charged by Cravath in these Chapter 11 Cases are billed in accordance with Cravath's existing billing rates and procedures in effect during the Compensation Period. The rates Cravath charges for the services rendered by its professionals and paraprofessionals in these Chapter 11 cases are generally the same rates Cravath charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

12.     The summary sheets contain a schedule of Cravath professionals and paraprofessionals who have performed services for the Debtors during the Compensation Period, the capacities in which each individual is employed by Cravath, the department in which each individual practices, the hourly billing rate charged by Cravath for services performed by such individuals, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed therefor. Biographical information for paraprofessionals can be made available upon request by the Court or the Fee Examiner.

13. The summary sheets also contain a summary of Cravath's hours billed during the Compensation Period using project categories (each of which correspond to a billing task code) described therein and hereinafter described. Cravath maintains computerized records of the time spent by all Cravath attorneys and paraprofessionals in connection with its representation of the Debtors. Copies of these computerized records have been filed on the docket with Cravath's monthly fee statements and furnished to the Debtors, counsel for each of the Committees, the U.S. Trustee and the Fee Examiner in the format specified by the Fee Guidelines.

14. The summary sheets also contain a schedule specifying the categories of expenses for which Cravath is seeking reimbursement and the total amount for each such expense category. Itemized schedules of all such expenses have been filed on the docket with Cravath's monthly fee statements, provided to the Debtors, counsel for each of the Committees, the U.S. Trustee and the Fee Examiner.

15. Annexed hereto as **<u>Exhibit A</u>** is a certification regarding Cravath's compliance with the Fee Guidelines.

16. Annexed hereto as **<u>Exhibit B</u>** is a summary and comparison of the aggregate blended hourly rates billed by Cravath's timekeepers in its New York office (Cravath's sole domestic office) on all matters during the preceding year on a rolling 12-months year ending September 30, 2019 and the blended hourly rates billed to the Debtors during the Compensation Period.

17. Cravath discussed its rates, fees and staffing with the Debtors at the outset of these cases. Further, Cravath provided the Debtors with an estimated budget in connection with the Debtors' postpetition financing, which, as to the Compensation Period, was most recently amended and agreed-upon on August 22, 2019. A summary of Cravath's budget, as applicable for the Compensation Period, is attached hereto as **<u>Exhibit C</u>**. For the Compensation Period, Cravath estimated its fees and expenses, including pass-through expenses for retained experts, would be $41,818,182 in the "high-case", and the fees and expenses sought for the Compensation Period are below that estimate. A summary of staffing is attached hereto as **<u>Exhibit D</u>**. Attorneys and paraprofessionals assigned to this matter were necessary to assist with the administration of the

Chapter 11 Cases, preservation of the Debtors' assets and the other matters described herein.  The Debtors are aware of the complexities of these cases, the many issues that need to be addressed, the various disciplines involved and that staffing needs are dynamic based on a number of factors, many of which are unpredictable, including the activities of other parties in interest in these Chapter 11 Cases.

18.    To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the preparation of this Application, Cravath reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

**Summary of Services Performed by
Cravath During the Compensation Period**

19.    As described above, during the Compensation Period, Cravath rendered substantial professional services to the Debtors in connection with their ongoing restructuring efforts, corporate governance matters, regulatory investigations and the Wildfire Litigations.  The following is a summary of the significant professional services rendered by Cravath during the Compensation Period, organized in accordance with Cravath's internal system of project or work codes:

a.    <u>Case Administration (Incl. Docket Updates and Case Calendar) (Task Code ADMN)</u>
<u>Fees:  $243,085.00; Total Hours:  767.50</u>

- Tracked litigation and investigations, including collecting and saving pertinent case materials and correspondence, preparing materials for investigation interviews and productions to various entities, organizing hearing, deposition and interview transcripts and updating a calendar of deadlines across multiple matters;
- Maintained credentials for secure File Transfer Protocol sites and transmission of files through the same; and
- Organized and circulated contact information of Debtor personnel to facilitate interviews further to fact investigations.

b.    <u>Use and Sale of Assets, Including 363 Sales (Task Code ASST)</u>
<u>Fees:  $7,639.50; Total Hours:  7.00</u>

- Analyzed provisions in the Equity Backstop Commitment Letters in connection with asset sales and other dispositions; and
- Assessed offers to buy certain assets of Debtors.

c.  Automatic Stay (Task Code AUTO)
    Fees: $94,537.50; Total Hours: 107.00

    - Analyzed motion seeking relief from the automatic stay for the Tubbs fire;
    - Drafted a motion to reinstate the automatic stay for the Tubbs fire.
    - Conducted legal and factual research concerning enforcement of the automatic stay as applied to state court wildfire litigation; and
    - Coordinated with the Debtors' other legal advisors regarding relating to the automatic stay.

d.  Bar Date and Claim Noticing Matters (Task Code BARN)
    Fees: $70,711.00; Total Hours: 76.90

    - Prepared, drafted and filed proof of claim forms to be used for specific wildfire-related claims, including for individual wildfire-related claims and subrogation wildfire-related claims;
    - Coordinated with the Debtors' claims and noticing agent, Prime Clerk LLC, and other professionals regarding noticing procedures and tracking of claims; and
    - Correspondence with counsel for each of the Committees regarding the bar date, proof of claim forms and noticing procedures.

e.  General Case Strategy (Task Code CASE)
    Fees: $1,225,836.00; Total Hours: 1,438.80

    - Participated in numerous meetings, conferences and teleconferences and engaged in written communications among Cravath, the Debtors and the Debtors' other advisors regarding general case strategy and status;
    - Prepared for and participated in meetings and teleconferences concerning case resolution and strategy, including relating to section 502(c) estimation matters;
    - Conducted and reviewed legal research and fact investigation and prepared associated materials, including orders of proof and memos, and coordinated with experts;
    - Reviewed and provided legal advice concerning business matters and media inquiries relevant to the Chapter 11 Cases, Wildfire Litigations, investigations and various related issues; and
    - Organized and tracked legal holds and document collection work in support of all matters.

f.  Committee Matters (Task Code COMM)
    Fees: $3,910,073.50; Total Hours: 6,488.90

    - Reviewed documents and drafted responses to numerous Committee discovery requests and motions;
    - Coordinated productions for Committee discovery requests related to various matters, including settlement benchmarking data from Butte and San Bruno; and
    - Responded to specific Committee inquiries.

g.  Financing / Cash Collateral (Task Code CASH)
    Fees: $951,389.50; Total Hours: 973.40

    - Drafted and negotiated documentation related to the Debtors' proposed Exit Financing, including the Equity Backstop Commitment Letters, and reviewed

and revised the Bridge Commitment Letters and related Engagement and Fee Letters;
- Drafted the Exit Financing approval motion and the motion to seal the Bridge Fee Letters and redact the Bridge Engagement Letters;
- Participated in numerous conferences and teleconferences with the Debtors, other Debtor professionals, the Backstop and Commitment Parties, the Backstop and Commitment Parties' professionals regarding the Exit Financing and Exit Financing orders, and prepared and reviewed certain related presentations and other materials;
- Prepared and/or reviewed drafts of various public and/or regulatory filings in respect of the Exit Financing; and
- Attention to matters regarding the DIP facility including responding to information requests from and coordination with counsel to the DIP Agent.

h. <u>Cravath Retention and Fee Applications (Task Code CRAV)</u>
<u>Fees: $950,685.00; Total Hours: 1,574.40</u>

- Drafted, edited and reviewed monthly fee statements and interim fee application and related exhibits;
- Prepared guidance and provided advice regarding proper time entry preparation; and
- Revised time entries prepared for submission with monthly fee statements to prevent the disclosure of privileged information or attorney work product.

i. <u>Creditor Inquiries (Task Code CRED)</u>
<u>Fees: $2,630.00; Total Hours: 2.60</u>

- Coordinated the replacement of the administrative agent for PG&E Corp.'s prepetition revolving credit facility;
- Addressed matters raised by prepetition lenders regarding the Debtors' ability to elect certain treatment of borrowings under existing credit facilities and related issues; and
- Resolved creditor inquiries in connection with the Debtors' DIP financing, committee interests and issues related to the existing wildfire litigation.

j. <u>Disclosure Statement/Solicitation/Voting Issues (Task Code DSSV)</u>
<u>Fees: $9,550.50; Total Hours: 10.90</u>

- Reviewed and edited Debtors' SEC filings.

k. <u>Retention and Fee Applications of Non-Cravath Professionals (Task Code FEEO)</u>
<u>Fees: $5,493.00; Total Hours: 4.20</u>

- Conferred with the Debtors, Debtor's other professionals and experts regarding retention applications.

l. <u>Corporate Governance and Securities Matters (Task Code GOVR)</u>
<u>Fees: $1,059,966.00; Total Hours: 1,068.80</u>

- Drafted or edited numerous of Debtors' SEC filings;
- Reviewed and provided comments to Debtors' earnings releases and other investor communications;
- Corresponded with shareholders and their representatives;

- Assisted and advised the Debtors in connection with the postpetition changes in the composition of the Debtors' boards of directors, including related securities law and SEC disclosure matters;
- Prepared materials for and participated in meetings of the Debtors' boards of directors and related committees;
- Researched California and federal regulatory and securities law for the purpose of rendering advice regarding public disclosures related to Debtors' proposed Exit Financing;
- Conferred with Debtors' auditors and financial advisors regarding securities, accounting and other governance issues; and
- Corresponded with Debtors' officers and directors on corporate governance matters.

m. <u>Hearings and Court Matters (Task Code HEAR)</u>
<u>Fees: $472,438.00; Total Hours: 507.30</u>

- Prepared for and attended certain in-person and telephonic hearings before the Court, including hearings related to bar date, exclusivity, relief from the automatic stay, estimation procedures and conferences addressing wildfire-related discovery disputes.

n. <u>Investigations (Task Code INVS)</u>
<u>Fees: $912,650.00; Total Hours: 1,294.40</u>

- Conducted factual investigations regarding various electric operations issues, including interviewing Debtor personnel and reviewing Debtor documents regarding the same; and
- Represented Debtors in connection with SEC investigation, including by reviewing and commenting on accounting and accrual matters and providing updates to the SEC.

o. <u>Non-Bankruptcy Litigation (Task Code NONB)</u>
<u>Fees: $8,927,256.00; Total Hours: 15,395.20</u>

- Conducted factual depositions, worked with experts, responded to requests for additional documents and engaged in motion practice in preparation for the Tubbs state court litigation;
- Coordinated collection, review and production of numerous documents in response to requests from government entities in relation to criminal investigations surrounding the Camp Fire;
- Conducted meetings and interviews with Debtor personnel to determine location and collection strategy for documents responsive to requests for production by government entities in relation to criminal investigations surrounding the Camp Fire;
- Reviewed documents, including custodial Electronically Stored Information, for privilege and responsiveness to requests for production by government entities;
- Drafted cover letters to attach to productions to government entities;
- Reviewed documents and conducted interviews with Debtor personnel related to ongoing investigations surrounding the Camp Fire;
- Conferred with Debtors' other advisors and Debtor personnel regarding strategy and approach to criminal investigations surrounding the Camp Fire;
- Drafted responses to dozens of information requests by the federal monitor appointed in *United States of America v. Pacific Gas and Electric Company*, No. 3:14-cr-00175-WHA; and

- Conducted numerous meetings and interviews with subject matter experts to gather information and confirm accuracy of drafted responses to orders in *United States of America v. Pacific Gas and Electric Company*, No. 3:14-cr-00175-WHA.

p.    Other Contested Matters (Task Code OCMS)
     Fees: $102,647.50; Total Hours: 103.10

- Participated in conferences and teleconferences with the Debtors, other Debtor professionals and the Fee Examiner regarding various contested matters, and prepared reports, responses and other materials with respect to the same;
- Drafted revisions to Fee Examiner's proposed protocol and related correspondence with other Debtor professionals, legal counsel for the Committee and the Fee Examiner; and
- Drafted opposition brief to Fee Examiner's proposed protocol.

q.    Business Operations Matters (Task Code OPRS)
     Fees: $397,622.50; Total Hours: 484.20

- Prepared for and participated in regular meetings and teleconferences with PG&E personnel regarding strategy for business operations matters for the purposes of providing legal advice, including the Community Wildfire Safety Program ("**CWSP**"), the Public Safety Power Shutoff program and other operations of PG&E;
- Reviewed and commented on draft policies, public official communications, internal communications and other documents regarding business operations matters, including the CWSP, the Public Safety Power Shutoff program and other operations of PG&E;
- Responded to data requests concerning the CWSP; and
- Advised PG&E's in-house legal team and other PG&E personnel on various regulatory requirements, records-keeping practices and legal issues associated with business operations matters, including the CWSP, the Public Safety Power Shutoff program and other day-to-day operations of PG&E.

r.    Plan of Reorganization / Plan Confirmation (Task Code PLAN)
     Fees: $322,259.50; Total Hours: 291.00

- Participated in internal and external conferences and teleconferences with the Debtors, other Debtor professionals and other parties in interest regarding Debtors' Plan of Reorganization;
- Analyzed and revised wildfire claims related aspects of Debtors' Plan of Reorganization and Amended Plan of Reorganization;
- Prepared, negotiated and executed plan support agreements with certain parties in interest; and
- Reviewed and analyzed motion to terminate exclusivity and prepared status conference statements regarding the same.

s.    Public Relations Strategy (Task Code PUBL)
     Fees: $113,192.00; Total Hours: 113.00

- Reviewed and provided legal advice concerning public relations, including press releases and public statements, responses to investor inquiries and preparation for shareholder meetings; and
- Reviewed documents and draft response to media inquiries.

t.  **Regulatory & Legislative Matters (Task Code REGS)**
    Fees: $3,766,118.00; Total Hours: 5,781.90

- Conducted meetings and interviews with Debtor personnel to determine location and collection strategy for documents responsive to data requests served by the CPUC, CAISO, CAL FIRE, CalPA, the City of San Francisco and TURN pertaining to the 2017 North Bay Fires, the 2018 Camp Fire and other areas contemplated by the requests;
- Collected and reviewed documents for responsiveness to data requests served by the CPUC, CAISO, CAL FIRE, CalPA, the City of San Francisco and TURN pertaining to the 2017 North Bay Fires, the 2018 Camp Fire and other areas contemplated by the requests;
- Reviewed and redacted documents responsive to CPUC, CAISO, CAL FIRE, CalPA the City of San Francisco and TURN data requests for privilege and prepared confidentiality declarations;
- Produced documents responsive to CPUC, CAISO, CAL FIRE, CalPA the City of San Francisco and TURN data requests and coordinated with document vendors with respect to the same;
- Drafted narrative responses to questions posed by CPUC, CAISO, CAL FIRE, CalPA the City of San Francisco and TURN pertaining to the 2017 North Bay Fires, the 2018 Camp Fire and other areas contemplated by the requests; and
- Reviewed and analyzed documents, interviewed Debtor personnel and prepared response to CPUC Order Instituting Investigation regarding the 2017 North Bay Fires.

u.  **Non-Working Travel Time (Task Code TRVL)**
    Fees:[1] $597,981.00; Total Hours: 1,684.90

- Travel time to Debtors' offices and court hearings not otherwise billable.

v.  **U.S. Trustee Matters / Meetings /Communications / Reports (Task Code USTM)**
    Fees: $18,384.00; Total Hours: 26.50

- Responded to requests for information from the U.S. Trustee; and
- Participated in discussions with representatives of the U.S. Trustee regarding expert retention matters.

w.  **Wildfire Claims Matters (Task Code WILD)**
    Fees: $11,738,993.00; Total Hours: 17,485.30

- Conducted ongoing factual investigations of North Bay and Camp fires, including interviewing Debtor personnel and reviewing Debtor documents regarding the same;
- Reviewed documents and records related to the ongoing factual investigations of the wildfire claims, including in preparation for factual depositions;
- Conducted ongoing factual depositions of eye witnesses, first responders and CAL FIRE investigators related to wildfire claims;
- Conducted site visits related to wildfire claims;
- Conferred with Debtors' other advisors and Debtor personnel regarding settlement strategy and approach related to the wildfire claims;

---

[1] Consistent with the Fee Procedures Order entered on November 15, 2019, Non-Working Travel Time (airplane travel) has been capped at two hours for billing purposes.

- Managed the preservation and collection of evidence related to the North Bay and Camp fires;
- Retained and worked with numerous subject matter experts regarding fire cause and origin, electrical and metallurgical evidence, damages and other issues relevant to wildfire claims;
- Conducted and reviewed legal research relevant to wildfire claims; and
- Drafted, reviewed and commented on various court filings related to resolution of the wildfire claims.

20.  The foregoing is merely a summary of the various professional services rendered by Cravath during the Compensation Period.  The professional services performed by Cravath were necessary and appropriate to the administration of the Chapter 11 Cases and were in the best interests of the Debtors and the estates.  Compensation for such services as requested is commensurate with the complexity, importance and nature of the issues and tasks involved.

21.  The professional services performed by partners, counsel and associates of Cravath were primarily rendered by the Corporate and Litigation Departments.[2]

22.  The professional services performed by Cravath on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 55,687.20 recorded hours by Cravath's partners, counsel, associates and paraprofessionals.  Of the aggregate time expended, 4,050.50 recorded hours were expended by Cravath partners; 43,399.70 recorded hours were expended by associates, counsel, practice area attorneys and discovery attorneys; and 8,237.00 recorded hours were expended by paraprofessionals and other non-legal staff of Cravath.

23.  During the Compensation Period, Cravath billed the Debtors for time expended by attorneys based on hourly rates ranging from $390.00 to $1,500.00 per hour for attorneys. Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys of approximately $721.08 (based on 47,450.20 recorded hours for attorneys at Cravath's billing rates in effect at the time of the performance of services).

---

[2] Cravath's Financial Restructuring and Reorganization ("**FR&R**") practice group is organizationally located in the Corporate Department, but involves the participation of attorneys from both the Corporate and Litigation Departments.

## Actual and Necessary Disbursements of Cravath

24.     Cravath has disbursed $3,852,996.21[3] as expenses incurred in providing professional services during the Compensation Period. These expenses are reasonable and necessary and were essential to, among other things, ongoing work of subject matter experts retained for purposes of the Wildfire Litigations, travel to and from court hearings and preparation of materials for the same. Pursuant to arrangements agreed to between the Debtors and the Office of the U.S. Trustee (and disclosed to the Committees), expenses for subject matter experts relating to the Wildfire Litigations and associated claims are included as pass-through expenses under the line item "Special Disbursements", and separate approval by the Court of the employment of these subject matter experts by Cravath has not been sought or obtained.

25.     Cravath has made every effort to minimize its disbursements in these Chapter 11 Cases. The actual expenses incurred in providing professional services were necessary, reasonable and justified under the circumstances to serve the needs of the Debtors, their estates and their economic stakeholders.

## The Requested Compensation Should Be Allowed

26.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 of the Bankruptcy Code provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
>     (A)     the time spent on such services;

---

[3] Including $3,272,750.41 of Special Disbursements, the majority of which are pass-through expenses for subject matter experts.

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

27. In the instant case, Cravath submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the preservation and maximization of value for all stakeholders and to the orderly administration of the Chapter 11 Cases. The Debtors sought Chapter 11 protection "to find the quickest and most efficient way to provide compensation" to the victims "of the tragic 2017 and 2018 wildfires" who are entitled to compensation. (Aug. 14, 2019 Hr'g Tr. 22:21-23:2 (Statement of K. Orsini); *accord* Aug. 13, 2019 Hr'g Tr. 7:13-8-23 (Statement of the Court).) Cravath's work, as summarized above and detailed in its time entries, is focused on the resolution of claims stemming from the wildfires, as well as related regulatory compliance investigations and activities. Such services and expenditures were necessary to and in the best interests of the Debtors' estates, creditors and all other parties in interest. The compensation requested herein is reasonable and appropriate in light of the nature, extent and value of such services to the Debtors, as well as the size and complexity of these Chapter 11 Cases, the Wildfire Litigations and related investigations and corporate governance matters.

28. The professional services were performed expediently and efficiently. Whenever possible, Cravath sought to minimize the costs of its services to the Debtors by utilizing

junior attorneys and paraprofessionals to handle routine work and initial drafting of litigation materials.

29.     In sum, the services rendered by Cravath were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance and nature of the issues involved.  Accordingly, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

**Notice**

30.     Notice of this Application has been provided to parties in interest in accordance with the procedures set forth in the Interim Compensation Order.  Cravath submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

**Conclusion**

31.     Cravath respectfully requests that the Court (i) award an interim allowance of Cravath's compensation for professional services rendered during the Compensation Period in the amount of $39,754,134.21, consisting of $35,901,138.00, representing 100% of fees incurred during the Compensation Period, and reimbursement of $3,852,996.21, representing 100% of actual and necessary expenses incurred during the Compensation Period; (ii) direct payment by the Debtors of the difference between the amounts allowed and any amounts previously paid by the Debtors pursuant to the Interim Compensation Order; and (iii) grant such other and further relief as is just.

Dated: November 18, 2019

**CRAVATH, SWAINE & MOORE LLP**

_____/s/ _Paul H. Zumbro_____

Paul H. Zumbro

_Attorneys for Debtors and Debtors in Possession_

**Notice Parties**

PG&E Corporation
c/o Pacific Gas & Electric Company
77 Beale Street
San Francisco, CA 94105
Attn: Janet Loduca, Esq.

Keller & Benvenutti LLP
650 California Street, Suite 1900
San Francisco, CA 94108
Attn:  Tobias S. Keller, Esq.,
       Jane Kim, Esq.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Attn:  Stephen Karotkin, Esq.
       Jessica Liou, Esq.
       Matthew Goren, Esq.

The Office of the United States Trustee for Region 17
450 Golden Gate Avenue, 5th Floor, Suite #05-0153
San Francisco, CA 94102
Attn:  James L. Snyder, Esq.,
       Timothy Laffredi, Esq.

Milbank LLP
55 Hudson Yards
New York, NY 10001-2163
Attn:  Dennis F. Dunne, Esq.,
       Sam A. Khalil, Esq.

Milbank LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Attn:  Paul S. Aronzon, Esq.,
       Gregory A. Bray, Esq.,
       Thomas R. Kreller, Esq.

Baker & Hostetler LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Attn:  Eric Sagerman, Esq.,
       Cecily Dumas, Esq.

Bruce A. Markell
Fee Examiner
541 N. Fairbanks Ct., Ste 2200
Chicago, IL 60611-3710

Scott H. McNutt
324 Warren Road
San Mateo, California 94402