

**DIEMER & WEI, LLP**

Kathryn S. Diemer (#133977)
100 West San Fernando Street, Suite 555
San Jose, CA 95113
Telephone: 408-971-6270
Facsimile: 408-971-6271
Email: kdiemer@diemerwei.com

**WILLKIE FARR & GALLAGHER LLP**

Matthew A. Feldman (*pro hac vice*)
Joseph G. Minias (*pro hac vice*)
Benjamin P. McCallen (*pro hac vice*)
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: mfeldman@willkie.com
       jminias@willkie.com
       bmccallen@willkie.com

*Counsel for Ad Hoc Group of Subrogation Claim Holders*

Signed and Filed: November 19, 2019

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Case No. 19-30088 |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| Debtors. | **ORDER RE: THE PRODUCTION OF CURRENT ADDRESS INFORMATION FOR INSUREDS** |
| ☐ Affects PG&E Corporation ☐ Affects Pacific Gas and Electric Company ☒ Affects both Debtors | |
| *All papers shall be filed in the lead case, No. 19-30088 (DM)* | |

The Court, having considered the *Stipulation Re: the Production of Current Address Information for Insureds* (the "**Stipulation**"),[1] entered into by the Official Committee of Tort Claimants (the "**TCC**"), any fiduciary, if any, appointed to represent wildfire victims who have not yet filed proofs of claim (the "**Claims Representative**") and the Ad Hoc Group of Subrogation Claim Holders (the "**Ad Hoc Subrogation Group**"), filed on November 18, 2019 in connection with the above-captioned chapter 11 cases pending before the United States Court for the Northern District of California (the "**Chapter 11 Cases**"), pursuant to such stipulation and agreement of the Parties, and good cause appearing,

**IT IS HEREBY ORDERED THAT:**

1. The Stipulation is granted.

2. The Information will be shared only with counsel for the TCC, the TCC's professionals retained in these bankruptcy cases, or the Claims Representative, and the Claims Representative's support staff, vendors or professionals for the Requested Purposes. Any documents or spreadsheets produced that contain the Information for Requested Purposes shall be designated "PROFESSIONAL EYES ONLY" for TCC Counsel, professionals, and the Claims Representative.

3. The TCC and the Claims Representative agree that the Ad Hoc Subrogation Group will receive drafts of any notifications they plan to send to insureds using the Information, and that the Ad Hoc Subrogation Group will have an opportunity to review and comment on those drafts.

4. The Information will not be shared with counsel for the individual plaintiffs, the interests of which are represented by the TCC.

5. The Information will be used solely for the Requested Purposes and will not be used for any other purpose, including but not limited to attorney advertisement, solicitations, or promoting claims against insurers.

6. Given, among other things, (i) the short time period remaining until the Bar Date, (ii) the burden that would be imposed on the TCC or the Claims Representative to attempt to

---

[1] Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Stipulation.

obtain the Information from other sources, (iii) the limited number of sources available other than the members of the Ad Hoc Subrogation Group to obtain this information, and (iv) the potential harm to fire victims who do not file proofs of claim by the Bar Date, the Court accordingly finds that a compelling need exists to order the production of this Information from the members of the Ad Hoc Subrogation Group that outweighs any privacy interest the insureds may have in that Information.

7. The members of the Ad Hoc Subrogation Group will undertake reasonable efforts to provide such Information and shall not be held responsible in any way if any of the Information is incorrect or incomplete. The Ad Hoc Subrogation Group reserves all rights to object to any additional requests for insured information on any and all grounds.

8. In agreeing to provide the Information pursuant to the Stipulation and pursuant to this Order, the members of the Ad Hoc Subrogation Group act reasonably, in good faith and are advancing and protecting the interests of their insureds.

9. Nothing in the Stipulation or this Order approving the Stipulation shall diminish or alter the obligations of the members of the Ad Hoc Subrogation Group set forth in the Order (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors (Dkt. No. 2806) entered on July 1, 2019, which obligations remain in full force and effect.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

APPROVED AS TO FORM AND CONTENT:

Dated: November 18, 2019

WILLKIE FARR & GALLAGHER LLP

/s/ *Benjamin P. McCallen*
Matthew A. Feldman (*pro hac vice*)
Joseph G. Minias (*pro hac vice*)
Benjamin P. McCallen (*pro hac vice*)
Joseph G. Davis
Antonio Yanez, Jr. (*pro hac vice*)

787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: mfeldman@willkie.com
      jminias@willkie.com
      bmccallen@willkie.com
      jdavis@willkie.com
      ayanez@willkie.com

*Counsel for Ad Hoc Group of Subrogation Claim Holders*

BAKER & HOSTETLER LLP

 /s/ *Kimberly S. Morris*
Kimberly S. Morris
1160 Battery Street, Suite 100
San Francisco, CA 94111
Telephone: (628) 208-6434
Facsimile: (310) 820-8859
Email: kmorris@bakerlaw.com

*Counsel to the Official Committee of Tort Claimants*

MICHAEL G. KASOLAS

/s/ *Michael G. Kasolas*
Michael G. Kasolas
Claims Representative

**\*\* END OF ORDER \*\***