1  Anne Costin (SBN 260126)
   **COSTIN LAW INC.**
2  315 Montgomery Street, 10th Floor
   San Francisco, CA 94104
3  Tel: (415) 977-0400
   Email: anne@costinlawfirm.com
4  Attorney for Creditor TODD HEARN

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION<br><br>&<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>Debtors | Bankruptcy Case No. 19-30088<br><br>Chapter 11<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Hearing Date/Time: December 17, 2019<br>10:00 a.m.<br>Objection Deadline: December 12, 2019<br>4:00 p.m. |
| TODD HEARN<br><br>Creditor and Moving Party<br><br>v.<br><br>PACIFIC GAS & ELECTRIC COMPANY<br><br>Debtor & Responding Party | Dept: Courtroom 17, 16th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

## MOTION FOR RELIEF FROM STAY

Moving party and creditor TODD HEARN is a former PACIFIC GAS AND ELECTRIC COMPANY ("PG&E") lineman/employee. PG&E fired HEARN after HEARN made numerous complaints to PG&E about unsafe and illegal activities and conditions. HEARN alleges that PG&E violated California's whistleblower statutes, i.e. Labor Code Sections 1102.5 and 6310.

Pursuant to 11 U.S.C. § 362, HEARN seeks relief from the automatic stay in this action so that he may pursue his employment claims in the Napa County Superior Court.

DATED: November 18, 2019

COSTIN LAW, INC.

By: _____
ANNE COSTIN
Attorney for Creditor/Moving Party HEARN

Anne Costin (SBN 260126)
**COSTIN LAW INC.**
315 Montgomery Street, 10th Floor
San Francisco, CA 94104
Tel: (415) 977-0400
Email: anne@costinlawfirm.com
Attorney for Creditor TODD HEARN

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION<br><br>&<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>Debtors | Bankruptcy Case No. 19-30088<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Hearing Date/Time: December 17, 2019<br>10:00 a.m.<br>Objection Deadline: December 12, 2019<br>4:00 p.m. |
| TODD HEARN<br><br>Creditor and Moving Party<br><br>v.<br><br>PACIFIC GAS & ELECTRIC COMPANY<br><br>Debtor & Responding Party | Dept: Courtroom 17, 16th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF FACTUAL BACKGROUND.

Moving party and creditor TODD HEARN worked as a lineman for PACIFIC GAS AND ELECTRIC COMPANY ("PG&E") for over 20 years. In 2017 and 2018, HEARN made numerous complaints to PG&E regarding his belief that PG&E had unsafely installed devices called "Tripsavers" on PG&E power lines in and around Napa, California. HEARN also complained that PG&E had improperly downgraded repair orders (called "Tags") for malfunctioning equipment. HEARN asserts that PG&E knowingly ignored safety complaints and engaged in these actions to save money on labor costs, and in doing so created dangerous fire conditions in high risk areas.

In 2018 (i.e. after the devastating wildfires occurred in Napa), HEARN renewed his complaints that unsafe and malfunctioning equipment was still present on PG&E power lines. Instead of acting to address the underlying fire danger, PG&E removed HEARN from work, claiming for the first time in over 20 years that HEARN had violated failed to report his work time accurately. After HEARN complained to PG&E's attorney/investigator, and after he filed a safety and retaliation complaint with the California State Department of Industrial Relations, PG&E fired HEARN and labeled him ineligible to work for any of the company's subcontractors. HEARN alleges that by firing him in retaliation for complaining of unsafe and illegal conditions, PG&E violated California's whistleblower statutes, i.e. Labor Code Sections 1102.5 and 6310.

Because PG&E monopolizes the entire power industry in the area, this termination by PG&E effectively ended HEARN's career: there are no non-PG&E affiliated lineman positions within hours of HEARN's home. HEARN has lost his income and health benefits and suffers from increasing anxiety regarding his ability to support his family.

HEARN filed a Proof of Claim in this action on September 27, 2019 (and an Amended Proof of Claim on October 21, 2019), wherein he attempted to financially value the loss of his career. HEARN expects that PG&E will contest liability and damages, and as such HEARN seeks leave from this Court to prove these matters through prosecution of his California Labor Code claims to judgment in the Napa County Superior Court. A copy of the Complaint HEARN seeks to file is

attached as Exhibit A to the concurrently filed Declaration of HEARN's Counsel Anne Costin. It contains detailed information regarding the facts and law supporting HEARN's claims.

## II. LEGAL ARGUMENT.

HEARN moves for relief from automatic stay pursuant to 11 U.S.C. § 362, which provides that a bankruptcy court shall grant relief from the stay upon a showing of "cause." (11 U.S.C. § 362(d)(1).) Cause is determined by the Court on a case-by-case basis. (*Christensen v. Tucson Estates, Inc.* (9th Cir. 1990) 912 F.2d 1162, 1166.)

### A. CAUSE EXISTS TO GRANT RELIEF FROM STAY.

In determining whether sufficient "cause" has been shown so as to permit litigation to proceed outside of the bankruptcy forum, Courts commonly consider the twelve factors set forth in *In re Curtis* (Bankr. D. Utah 1984) 40 B.R. 795. As set forth below, application of the *Curtis* factors here supports relief from the stay.

#### 1. Resolution of the Issues.

In order to determine whether HEARN is entitled to reinstatement to his job, and/or to the damages resulting from PG&E's actions, a Judge or Jury must first determine whether PG&E violated California's whistleblower statutes, i.e. Labor Code Sections 1102.5 and 6310.

In order to determine whether HEARN's damages are dischargeable, it must also be determined whether PG&E is subject to punitive damages, i.e. whether managing agents of the Company acted with malice, fraud, or oppression. HEARN asserts that PG&E will face such liability, as it fired HEARN for making complaints of unsafe and illegal practices and conditions, and did so to save money.

A full resolution of all liability and damages issues can and should take place in the Napa Superior Court, which regularly adjudicates employment lawsuits.

#### 2. Lack of Connection/Interference With the Bankruptcy Case.

Permitting HEARN's whistle-blower retaliation case to proceed in State Court would not interfere with this Court's bankruptcy case in any manner. This employment action does not involve fundamental or "core" bankruptcy issues.

3. **Debtor as Fiduciary.**

This matter does not involve PG&E as a fiduciary.

4. **State Court Forum Better Suited to Determination of the Issues.**

As with many employment actions, the allegations supporting HEARN's claims (see draft Complaint attached as Exhibit A to the concurrently filed Declaration of HEARN's Counsel Anne Costin) span years and involve complex issues of motive and pretext. The statutory claims alleged by HEARN are California State law claims, which are the subject of a developing and expanding area of law.

In order to prevail in this whistle-blower action, HEARN will need to prove that he did in fact make complaints of what he reasonably believed to be unsafe and unlawful practices and conditions, and that those complaints led to his suspension and ultimate termination. Given PG&E's expected defense (i.e. HEARN deserved to be fired for inaccurately reporting his work time), the allegations against HEARN will also have to be proven to be false.

And, as set forth above, it must also be determined whether HEARN is entitled to return to work as a form of injunctive relief (a remedy presumably not available in this bankruptcy action), and whether PG&E is liable for punitive damages in this action.

The Napa Superior Court is better suited to adjudicate HEARN's California State law claims.

5. **Insurance Defense.**

HEARN does not believe that PG&E carries Employment Practices Liability Insurance ("EPLI").

6. **Third Parties.**

PG&E would be the sole defendant in this action. Third parties are involved only insofar as they were involved in the actions related to HEARN's termination.

7. **No Prejudice to Other Creditors.**

Other creditors will not be prejudiced if HEARN's claims are allowed to be adjudicated in State Court.

**8. Equitable Subordination.**

A judgment in this action is not subject to equitable subordination.

**9. Judicial Lien.**

HEARN prevailing in this action would not result in a judicial lien.

**10. Interests of Judicial Economy.**

It is certainly in the interest of judicial economy to have this whistle-blower employment case decided expeditiously outside of this bankruptcy Court. Written discovery, document exchanges, and depositions need to occur in order to determine liability and damages. The Napa County Superior Court is better suited to adjudicate this matter.

**11. Status of Foreign Proceedings.**

Litigation has not yet commenced; PG&E terminated HEARN's employment on January 22, 2019, i.e. exactly one week before the Company initiated bankruptcy proceedings.

**12. The Impact of the Stay and the Balance of Hurt.**

TODD HEARN lost his ability to earn living as a lineman when PG&E terminated his employment and labeled him ineligible to work for any of the company's subcontractors. Without an income, each day that passes HEARN's financial situation becomes more dire. The hurt and harm to him (and to his wife and children) of doing nothing is grave.

As is set forth on Page 16 of the Draft Complaint concurrently submitted, HEARN seeks injunctive relief through his State Court action, "i.e. for PG&E to make, in good faith, an offer of employment to PLAINTIFF in a position with like seniority, status, pay and benefits as PLAINTIFF would have enjoyed but for PG&E'S wrongful conduct, and to provide training to its employees on the topics of safety and retaliation in the workplace."

Obtaining an Order returning HEARN to work would drastically reduce his hurt, and the future financial losses he seeks as a Creditor in this bankruptcy action.

As such, allowing HEARN to proceed with an action in State Court provides HEARN with the opportunity to return to employment and regain crucial health benefits for himself and his family. It will provide HEARN a chance to regain all that he lost.

1  In contrast, defending a single employment action will not cause PG&E any significant harm.
2  PG&E certainly has a dedicated team of lawyers who only handle employment matters for the
3  Company. Allowing this action to proceed would not impact the administration of the bankruptcy
4  estate.

**III. CONCLUSION.**

As set forth above, cause exists for relief from stay so as to allow moving party and creditor TODD HEARN to pursue his California Labor Code claims in the Napa County Superior Court.

Respectfully Submitted,

DATED: November 18, 2019

COSTIN LAW INC.

By: _____
ANNE COSTIN
Attorney for Creditor/Moving Party HEARN

Case: 19-30088    Doc# 4820    Filed: 11/20/19    Entered: 11/20/19 13:18:05    Page 8 of 8