COLETTE F. STONE, ESQ. (SBN: 129773)
RONALD F. BERESTKA, JR. ESQ. (SBN: 155707)
LYDIA V. KO, ESQ. (SBN: 272588)
STONE & ASSOCIATES
A Professional Corporation
2125 Ygnacio Valley Road, Suite 101
Walnut Creek, CA 94598
Telephone: (925) 938-1555
Facsimile: (925) 938-2937
Email: cstone@stonelawoffice.com
rberestka@stonelawoffice.com

Attorneys for Defendants,
GEORGE M. VLAZAKIS; MARIA BARBIS; JOHN BARBIS;
and ATHANASIA V. VLAZAKIS

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re:<br><br>PG&E CORPORATION,<br><br>And<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors,<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects Both Debtors<br><br>*All papers shall be filed in the Lead Case, no. 19-30088 (DM)* | CASE NO. 19-30088 (DM)<br><br>Chapter 11<br><br>**MOTION AS TO INAPPLICABILITY OF STAY, AND IN THE ALTERNATIVE FOR RELIEF FROM STAY**<br>**Title 11 U.S.C. §§362(a)(1) and (d)**<br><br>Date: December 17, 2019<br>Time: 10:00 a.m.<br>Dept.: 17<br>    450 Golden Gate Ave<br>    San Francisco, CA 94102<br>Judge: Dennis Montali<br><br>Objection Deadline: December 12, 2019<br>Time: 4:00 p.m. (Pacific Time) |

## I. INTRODUCTION/SUMMARY OF ARGUMENT

On January 29, 2019, PG & E Corporation and Pacific Gas & Electric Company filed for Chapter 11 bankruptcy protection. Four months later, on June 4, 2019, Pacific Gas & Electric Company (PG & E) filed a lawsuit in the California Superior Court, County of Alameda, Case number RG19021463, against Athanasia Vlazakis, George Vlazakis, John Barbis and Maria Barbis (collectively Vlazakis defendants). PG & E through its state court lawsuit claims that the Vlazakises are trespassing and have created a nuisance by continuing to utilize a common party

wall attached to PG & E's building to support the roof structure of Vlazakis' adjoining building. PG & E seeks injunctive relief for removal of the alleged encroachment of the Vlazakis's building; essentially PG & E wishes to gain court approval to tear down the party wall which will cause the Vlazakis' building to collapse. Significantly, these adjoining structures have been in place for more than 60 years.

The Vlazakises answered the complaint and sought to file an affirmative cross-complaint against PG & E, including a quiet title claim in which they seek to establish legal and equitable rights to continued use of the party wall. PG & E claims that such a cross-complaint—which is a compulsory cross-complaint under California law—is barred by the automatic stay. The cross-complaint is compulsory because the claims therein are directly related to those asserted in PG & E's lawsuit, and it seeks to resolve the very same issue posited by PG & E's complaint, to wit, whether the Vlazakises have a right to the continued use of the party wall or whether their conduct amounts to a trespass and/or nuisance. Significantly, the claims sought to be asserted in the Vlazakis' compulsory cross-complaint will be forever barred if the stay prohibits its filing.

Ironically, PG & E seeks to pursue injunctive relief at the state trial court level *in equity* to tear the wall down, while at the same time barring the Vlazakises from filing a mandatory cross-complaint to assert their right to continued use of the party wall, which if established, would bar PG & E's claim.

Here, PG & E refuses to acknowledge that the stay is inapplicable as the current lawsuit is a post-bankruptcy filing, nor will PG & E stipulate to relief from the stay for this action to permit an orderly and fair process by which the Vlazakises could defend themselves and their property rights by showing a continued right to use of the wall.

## II. RELIEF REQUESTED

By this application the Vlazakises seek the following:

A. A determination by the Bankruptcy Court that the automatic stay does not apply to the state court action filed by PG &E and the Vlazakis' proposed compulsory cross-complaint, as both occurred after PG & E's bankruptcy filing and the Vlazakises had no

reason to file a lawsuit, much less the proposed cross-complaint, until after PG & E filed suit. See 11 USC §362 (a)(1); or in the alternative:

B. For an order lifting the bankruptcy stay for "cause" under basic concepts of equity and fairness, as the causes of action in PG & E's state court action are directly related to those contained in the Vlazakis' proposed *compulsory* cross-complaint, the Vlazakis' asserted legal and equitable claims will be forever barred if the cross-complaint cannot be filed, and the stay will deny the Vlazakis' right to a trial by jury on issues therein guaranteed under the California Constitution. 11 USC §362 (d)(1); Cal. Civ. Proc. Code §426.30; *Arciero Ranches v. Meza*, 17 Cal.App.4th 114, 125-126 (1993)

## III. FACTUAL BACKGROUND

### A. The PG & E and Vlazakis Properties

In 2015, plaintiff, Pacific Gas and Electric Company, (PG & E) purchased property in Oakland, California, with street addresses of 205-209 Brush Street (parcel APN 001-0111-005) (Exhibits 1 and 2 attached to the Declaration of Ronald F. Berestka, JR.)[1] PG & E alleges that it purchased this property in order to construct a natural gas pipeline substation. (Exhibit 1) PG & E's property is adjacent to, and shares an entire city block with, property owned by the Vlazakises, which have street addresses of 225-229 Brush Street and 751 Third Street (APN 001-0111-001 and 001-0111-002). (Exhibits 1 and 2) (Declaration of Maria Barbis ¶2)

Located on PG & E's property is a long-standing brick building that is fronted on Third Street roughly to the north. (Declaration of Maria Barbis ¶3) The eastern-facing wall of PG & E's brick building runs along the property line with the Vlazakis' property and is adjacent to the Vlazakis' 751 Third Street building. (Declaration of Maria Barbis ¶3) The 751 Third Street building has a series of three support I-beams, all on the Vlazakis' property, which are bolted to the brick wall of PG & E's building, and act to support the Vlazakis' building. (Exhibtt 1) These braces have been in place for at least 50 years, pre-dating the Vlazakises purchase of their property in 1960. (Declaration of Maria Barbis ¶3)

---

[1] All references to exhibits herein shall be to the evidence attached to the Declaration of Ronald F. Berestka Jr., unless otherwise noted.

At some point in time, PG & E determined that it would be necessary to demolish its brick building in order to construct the substation. Given that the east-facing wall of the brick building acts to support the Vlazakis' 751 Third Street building, PG & E approached the Vlazakises and proposed a solution which essentially required a lot line adjustment extending the Vlazakis' property to include the entire subject brick wall, with PG & E agreeing to shore up that wall so that it would continue to support the Vlazakis' 751 Third Street building. (Exh. 1 Complaint with Contract attached thereto as Exhibit B) This agreement was reduced to a written contract that was signed by PG & E and the Vlazakis defendants. (Exh. 1 Complaint with Contract attached thereto as Exhibit B) The Vlazakises satisfied their obligations under the contract, PG & E obtained permits to conduct the shoring work, and the lot line adjustment was submitted for approval. (Exh. 2; Exh.7, City of Oakland for approval of lot line adjustment)

Subsequently, PG & E notified the Vlazakises that it could not move forward with the promised lot line adjustment and shoring of the brick wall, stating that the proposed structural repair of the common wall was unfeasible.

Only recently was it discovered that the reason PG & E failed to honor the agreement was that it miscalculated the amount of space that it would need to construct the vault to house its natural gas substation. (Berestka Declaration ¶7) PG & E either did not account for size of, or miscalculated the space necessary for the footing required to shore up the wall that supports the Vlazakis' building.

### C. PG & E Files for Chapter 11 Bankruptcy Protection

On January 29, 2019, PG & E filed for Chapter 11 bankruptcy protection.

### D. PG & E Files Lawsuit in California State Court

On June 4, 2019, PG & E sued the Vlazakis family defendants alleging that the support I beams attached to the brick wall constituted a nuisance and a trespass, and PG & E sought injunctive relief to permit the demolition of the common party brick wall, which would cause the collapse of the Vlazakis' 751 Third Street building. (Exh. 1) This matter is set for a bench trial set to commence on May 12, 2020. The trial court has determined that the current pleadings permit trial of the "equitable" issue of the permanent injunction sought by PG & E, first.

**E. The Vlazakis' Answer and Proposed Cross-Complaint**

The Vlazakises answered plaintiff's complaint denying PG & E's claims. The Vlazakises assert a right to damages for PG & E's breach of contract with regard to the disputed property which would have given the Vlazakis' ownership of the disputed common party wall. Further, the Vlazakises contend that they possess a right to use of the wall as it is a common party wall pursuant to California Civil Code §801(12). (Exh. 2) The Vlazakises also have prepared and intend to file an amended answer that also includes the affirmative defenses of consent, right to easement, privilege, private necessity, and accord and satisfaction.

Moreover, the Vlazakises allege in their proposed cross-complaint, among other things, a claim to quiet title based on adverse possession and prescriptive easement, a claim that the brick wall with the attached braces is a common party wall, and that the Vlazakises are entitled to specific performance and damages for PG & E's breach of contract which required PG & E to transfer ownership of the wall to the Vlazakises. (Exh. 3)

Significantly, the Vlazakises will be entitled to a jury trial as to the prescriptive easement and adverse possession claims - before equitable issues of the current May 12, 2020 trial - if the cross-complaint is permitted. This would then require resetting this action for a jury trial in the state court.

**F. California Trial Court Refuses to Allow Filing of Cross-Complaint Citing Potential Bankruptcy Stay**

On November 4, 2019, the Vlazakis defendants sought leave to file their compulsory cross-complaint against PG & E. PG & E opposed the application arguing that the bankruptcy stay prohibited the filing of the cross-complaint. (Berestka Decl. ¶10) The trial court denied the Vlazakis' request without prejudice, stating that it would not make the determination as to whether the automatic bankruptcy stay was applicable in this instance. The court instructed defense counsel to petition the bankruptcy court for adjudication of the applicability of the stay, and/or to obtain relief from the stay. The instant motion followed.

## IV. LEGAL DISCUSSION/BASIS FOR RELIEF REQUESTED

### A. Bankruptcy Stay Inapplicable to Proposed Cross-Claims in a Lawsuit Filed After PG & E's Bankruptcy Petition

Title 11 USC 362 (a) states that the filing of a bankruptcy petition operates as an automatic stay of:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

Simply put, the stay does not apply to the present action and the proposed cross-complaint.

Here, PG & E filed it bankruptcy petition on January 29, 2019. Four months later, on June 4, 2019, PG & E initiated suit against the Vlazakises in California state court. The Vlazakises now seek to file a compulsory cross-claim against PG & E in the state court action filed after PG & E declared bankruptcy. Clearly the Vlazakises did not commence or continue an action before PG & E's bankruptcy petition.

Undoubtedly PG & E will argue that somehow the Vlazakises should have divined PG & E's intent and motivation prior to PG & E's bankruptcy petition, anticipated a claim, or could have filed some type of preemptive suit against PG & E. This is absurd.

First, prior to PG & E initiating its state court lawsuit—months after it had petitioned for bankruptcy—the Vlazakises had no reason to sue PG & E. There simply was no reason to assert the claims contained in the cross-complaint until after PG & E had declared bankruptcy.

Here the proposed cross-claims under a quiet title action are in response to PG & E failing to assert its title to the property as against the Vlazakises. Ordinarily there is no reason for one to assert a quiet title claim until a dispute regarding the title or use of the premises arises. Moreover, under California law, the adverse possession vests as a matter of law when specific conditions are met. *See Marriage v. Keener*, 26 Cal.App.4th 186, 190-191 (1994) (citing *Richmond Cedar Works v. Pinnix,* 208 F. 785, 795 (D.N.C. 1913) ["[i]t is said that the ground upon which the disseisor acquires title by adverse possession is the laches of the owner"] and *Berger v. Horsfield*, 188 A.D. 649 [176 N.Y.S. 854, 856] (1919) ["title gained by adverse possession rests upon the

laches of the real owner who fails to assert his title against the one claiming adversely ...."].)"
"California law does not require a plaintiff to bring an action to perfect his or her claim of adverse possession. Rather, it is the record owner - not the intruder - who must bring an action within five years after adverse possession commences in order to recover the property. (Code Civ. Proc., § 318.) 'Occupancy for the [five-year] period prescribed by the Code of Civil Procedure as sufficient to bar any action for the recovery of the property confers a title thereto, denominated a title by prescription, which is sufficient against all ....' (Civ. Code, § 1007.) '[W]hen fee is once acquired by a [sic] five years' adverse possession it continues in the possessor till conveyed in the manner prescribed for the conveyance of titles acquired in other modes ....' (*Cannon v. Stockmon* (1869) 36 Cal. 535, 541)" *Keener*, 26 Cal.App.4th at 191-192.

Here it is undisputed that the Vlazakises owned the premises adjacent to the brick wall at issue, along with the structure depending on the wall for support since at least 1960. Any claimed easement or adverse possession then would have vested and there was no claim for them to file until their right was challenged by PG & E's lawsuit in June of 2019, well after PG & E's bankruptcy petition. At that point, it was PG & E's obligation to file suit, not the Vlazakises.

Similarly, there was no reason to assert a breach of contract claim, or the other causes of action now contained in the proposed cross-complaint given that these potential claims were not factually ripe—the Vlazakises had no reason to file suit until events developed indicating that PG & E was wrongly breaching the contract and that PG & E may have engaged in bad faith conduct to support its claim that the agreement was not feasible, which in this instance, was the result of PG & E's own failure to properly calculate the space required for its substation. Certainly, it is not the policy of our judicial system to encourage that lawsuits be filed before one has determined actual cause to assert a claim.

Second, there was no complaint against the Vlazakises by PG & E to which they could have filed a cross-complaint (which by definition, requires a complaint in the first instance), until PG & E's state court lawsuit which, as shown above, was several months post-bankruptcy petition.

In sum, the Vlazakis' claims in its proposed cross-complaint were not commenced before PG & E's bankruptcy petition, nor "could" they have been. Anyone "could" file a lawsuit at any

time, even without good cause, or a good faith belief in a claim. Here, the cause to file a claim against PG & E was not apparent and the Vlazakises had no good faith basis to file a lawsuit until after the bankruptcy petition. As such, the automatic stay is inapplicable here.

**B. In the Alternative, Cause Exists to Lift the Stay to Ensure that the Vlazakis' Substantive Legal Rights are not forever Barred, and to Protect their right to a Jury Trial in the State Court Action**

Title 11 U.S.C. § 362(d)(1) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay, ... for cause, including the lack of adequate protection of an interest in property of such party in interest."

"Cause" as used in Bankruptcy Code §362(d)(1), "has no clear definition and is determined on a case-by-case basis." *Christensen v. Tucson Estates, Inc*., 912 F.2d 1162, 1166 (9th Cir. 1990); accord *In re Castlerock Properties*, 781 F.2d 159, 161 (9th Cir. 1986); *In re Beguelin*, 220 B.R. 94, 97-98 (9th Cir. BAP 1998). "Cause" warranting relief from the automatic stay is an intentionally broad and flexible concept, made so in order to permit courts to respond in equity to inherently fact-sensitive situation. *In re Sentry Park Ltd*., 87 B.R. 427, 430 (BK. W.D. Tex. 1988). In determining whether "cause" exists to terminate and vacate the automatic stat requires an inquiry into the totality of the facts and circumstances of a particular case and a balancing of the equities between the parties. *In re Barrows*, 15 B.R. 338, 341 (Bankr. M.D. Pa. 1981)("[a]s a court of equity, the Bankruptcy Court must consider the impact of the stay on the parties and the 'balance of hurt' in fashioning relief"). A judge may determine cause on a case-by-case basis, and may grant relief from stay on any basis, including but not limited to statutory causes. *In re Tucson Estates, Inc*., 912 F.2d 1162 (9th Cir. 1990); *In re Santa Clara County Fair Ass'n*, 180 B.R. 564 (B.A.P. 9th Cir. (Cal.) 1995).

Cause exits to grant relief from automatic stay in this instance as it is manifestly inequitable to allow Debtor in possession PG & E to pursue an affirmative lawsuit as a plaintiff in a state court action while at the same time utilizing the automatic stay to deny the defendants the right to assert defenses to that claim and pursue a compulsory cross-claim that arises out of the

same facts as those which form the basis for the Debtor's action.  Indeed, if the Vlazakises are not permitted to file and pursue their compulsory cross-complaint now, those claims are forever barred under California law.  *Cal. Code Civ. Proc*. §426.30.  No greater prejudice can be imagined.

Here it is indisputable that the claims set forth in the Vlazakis' proposed cross-complaint meet the very definition of a statutory compulsory cross-complaint.  Under California law, a defendant in an action is required to assert as a "cross-complaint" any "related cause of action." *Cal.Civ.Proc.Code* § 426.30. A related cause of action is defined as "a cause of action which arises out of the same transaction, occurrence, or a series of transactions or occurrences as the cause of action which the plaintiff alleges in his complaint." *Cal.Civ.Proc.Code* § 426.10.  As noted above, failure to bring the compulsory cross-complaint results in a waiver of those causes of action. Given that the proposed cross-complaint relates solely to the brick wall and legal and equitable rights to the use thereof, the cross-complaint indisputably arises out of the transaction, occurrences and events giving rise to the allegations contained in PG & E complaint.

Given these facts, permitting PG & E to use the bankruptcy stay to bar the Vlazakis' compulsory cross complaint would not only force them to fight PG & E's action with both hands tied behind their back, it would also forever prohibit the Vlazakises from establishing legal and equitable rights to the subject brick wall, whether they be contractual, via easement or adverse possession, any one of which would defeat the claims asserted in PG & E's complaint.

Moreover, not only would barring the Vlazakis' cross-complaint be patently unjust, it would deprive them of their right to a jury trial and Due Process rights under the 14th Amendment to the United States Constitution.  The law is well-established that a claim for a prescriptive easement or adverse possession entitles the party asserting such rights to a trial by jury in California. (*Arciero Ranches v. Meza,* 17 Cal.App.4th 114 (1993) (claim for prescriptive easement seeks common law legal remedy entitling party to jury trial before equitable remedies to the property can be addressed)).  As such, a refusal to lift the stay would not only deprive the Vlazakises of substantive legal rights to pursue their claims, it would deprive them of their constitutional right to a jury trial in California.  *Id*. at 125-126 (common law legal remedy required to be tried by jury before equitable issues under California Constitution)

The Vlazakises did not pick this fight, rather they were dragged into court by PG & E. As such, PG & E should not be permitted to use the Vlazakises as a punching bag and expect not to get punched back. As a court in equity, this court should afford the Vlazakises relief from stay and allow them to prove their right to ownership or continued use of the brick wall in order to save the structure that exists on the Vlazakis's premises from destruction, and to ensure that they are not deprived of their right to a jury trial under the California Constitution.

## V.  CONCLUSION

PG & E is seeking to use the bankruptcy stay as both a shield and a sword. It filed a state court action regarding the subject brick wall and then claims that the bankruptcy stay prohibits the Vlazakises from proving that they possess legal and equitable rights to continued use of the wall. In doing so, PG & E looks to forever bar the Vlazakises from asserting their rights to ownership or use of the subject brick wall as required by the compulsory cross-complaint statute, and rob the Vlazakises of their right to a jury trial in this matter. This is outrageous to say the least.

As set forth herein, the Vlazakises respectfully request that this court deem the automatic stay inapplicable to the pending state court action which PG & E filed several months after its bankruptcy petition. In the alternative, the Vlazakises respectfully request that the stay be lifted to permit the fair, just and complete resolution of all claims asserted by both PG & E and the Vlazakises with regard to the property at issue.

DATED: November 21, 2019                    STONE & ASSOCIATES

By _____
COLETTE F. STONE
RONALD F. BERESTKA, JR.
LYDIA V. KO
Attorneys for Defendants
GEORGE M. VLAZAKIS; MARIA A. BARBIS; JOHN A. BARBIS; and ATHANASIA V. VLAZAKIS