ESTELA O. PINO, SBN 112975
(epino@epinolaw.com)
**PINO & ASSOCIATES**
1520 Eureka Rd., Suite 101
Roseville, CA 95661
Telephone: (916) 641-2288

Attorneys for the Plaintiffs' Executive Committee appointed by the Superior Court of the State of California, in and for the County of Alameda, in Case No. RG16843631 and related cases.

THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br>**PG&E CORPORATION,**<br><br>-and-<br><br>In re:<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* All papers shall be filed in the lead case, No. 19-30088(DM) | Case Nos. 19-30088 (DM)<br><br>Chapter 11<br><br>**DECLARATION OF MARY E. ALEXANDER IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY TO PERMIT THE COURTS OF THE STATE OF CALIFORNIA TO CONDUCT A JURY TRIAL AND RELATED PRETRIAL AND POST TRIAL MATTERS IN CONNECTION WITH THE GHOST SHIP FIRE CASES**<br><br>DATE: December 17, 2019<br>TIME: 10:00 a.m.<br>PLACE: Courtroom 17<br>450 Golden Gate Avenue, 16th Fl.<br>San Francisco, California<br><br>JUDGE: Hon. Dennis Montali<br><br>OBJECTION DEADLINE: **December 12, 2019 (4:00 P.M. Prevailing Pacific Time)** |

I, Mary E. Alexander do hereby respectfully declare as follows in support of the Motion for Relief from Automatic Stay to Permit the Courts of the State of California to Conduct a Jury Trial and Related Pretrial and Post Trial Matters in Connection with the Ghost Ship Fire Cases.

1. I have personal knowledge of the matters set forth herein and if called upon

to testify, I could do so truthfully and competently.

2. I am admitted to practice law before all courts in the State of California. I am also admitted to practice law in the United States District Court for the Northern District of California.

3. I am the principal of Mary Alexander & Associates, P.C. which maintains its offices at 44 Montgomery Street, Suite 1303, San Francisco, CA 94104. A true and correct copy of my curriculum vitae is attached hereto and incorporated by reference herein as **Exhibit 1**. My practice is, and has always been focused on the representation of plaintiffs in personal injury and mass tort matters.

4. My firm and I represent twenty-five (25) wrongful death claimants for 13 decedents and eight (8) personal injury claimants in connection with litigation pending in the Superior Court of the State of California, County of Alameda (the "Superior Court") arising from the catastrophic fire which occurred on December 2, 2016, at real property located on 31st Avenue in the City of Oakland, County of Alameda, State of California, bearing Assessor's Parcels Numbers 25-690-10 and 25-690-11 (the "Ghost Ship").

5. On December 23, 2016, my firm and I filed the first action arising from the fire which occurred at the Ghost Ship on December 2, 2016 (the "Ghost Ship Fire"), on behalf of David Gregory and Kimberly Gregory, the parents of Michela Angelina Gregory who was born on March 14, 1996, and perished in the Ghost Ship Fire On December 2, 2016. That case was assigned Case No. RG16843631.

6. The Ghost Ship Fire resulted in thirty-six (36) deaths and other victims suffered personal injuries. The families of thirty-three (33) decedents have filed civil actions.

7. I also represent Lesley Moran, as Guardian Ad Litem to A.G. and L.G., minors, individually and as Successor in Interest of Alex Ghassan; Lesley Moran as Personal Representative of the Estate of Alex Ghassan; and the Estate of Alex Ghassan.

8. Alex Ghassan perished in the Ghost Ship Fire leaving behind A.G. and L.G., his twin daughters, who were four (4) years old at the time their father died on December 2, 2016. The twin girls have been severely impacted by their father's death almost three (3) years ago, but have yet to receive any redress for their grievous loss, including the financial and emotional support provided by their deceased father.

9. There are fifty-three (53) civil lawsuits (collectively the "Ghost Ship Litigation") pending in the Superior Court, brought by seventy (70) individual plaintiffs asserting claims for wrongful death and personal injury. The 53 civil actions have been consolidated. The plaintiffs are represented by various law firms. The plaintiffs shall be hereinafter collectively referred to as the "Ghost Ship Plaintiffs." A list of Ghost Ship Plaintiffs, their respective case numbers, the date their respective cases were filed with the Superior Court, and their respective counsel is attached hereto and incorporated by reference herein as **Exhibit 2**. Three (3) cases listed and crossed out within **Exhibit 2** have been dismissed.

10. Pursuant to the Order regarding complex determination (the "Order Re Complex Determination"), issued by the Superior Court on February 14, 2017, the Ghost Ship Litigation has been designated as a "Complex Case" before the Honorable Brad Seligman ("Judge Seligman"), Superior Court Judge. A true and correct copy of the Order Re Complex Determination is attached hereto and incorporated by reference herein as **Exhibit 3**. Judge Seligman has presided over at least 15 Case Management Conferences, at least 13 Informal Discovery Conferences, and heard and determined at least 9 pretrial motions during the course of the Ghost Ship Litigation.

11. Judge Seligman has appointed an Executive Committee in connection with Ghost Ship Litigation. I am a member of the Executive Committee and I have been designated by Judge Seligman as Plaintiffs' Liaison Counsel in the Ghost Ship Litigation. The following are also the members of the Executive Committee: Thomas Brandi of the Brandi Law Firm; W. Gordon Kaupp of Kaupp & Feinberg LLP; Chris Dolan of the Dolan

Law Firm, PC; and Robert L. Bale of Dreyer Babich Buccola Wood Campora, LLP.

12. As the Plaintiffs' Liaison Counsel in the Ghost Ship Litigation, I have been actively involved in all aspects of the Ghost Ship Litigation.

13. The Ghost Ship Litigation has been designated as *In Re Ghost Ship Fire Litigation*, Case No. RG16843631 (And Related Cases). David Gregory and Kimberly Gregory, whom I represent, are the lead plaintiffs in the Ghost Ship Litigation.

14. A number of persons and entities are named as defendants in the Ghost Ship Litigation, including, but not limited to the following:

- Chor Nar Siu Ng, individually and as Trustee of the Chor Nar Siu Ng Revocable Trust Dated September 28, 2007; and
- Eva Ng; and
- Kai Ng; and
- Yee Lo Ng; and
- The City of Oakland; and
- PG&E Corporation; and
- Pacific Gas & Electric Company.

15. On May 16, 2017, PG&E Corporation and Pacific Gas & Electric Company were added as defendants to the Ghost Ship Litigation, pursuant to a Master Complaint filed with the Superior Court.

16. On June 28, 2017, PG&E Corporation and Pacific Gas & Electric Company appeared in the Ghost Ship Litigation, by and through Clarence Dyer & Cohen LLP and Steptoe & Johnson LLP (collectively "Defense Counsel"). PG&E Corporation and Pacific Gas & Electric Company have been ably represented by their Defense Counsel, including Kate Dyer of Clarence Dyer & Cohen LLP and Laurie Edelstein of Steptoe & Johnson LLP, who are their lead attorneys in connection with the Ghost Ship Litigation.

17. The Second Amended Master Complaint against PG&E Corporation, Pacific Gas & Electric Company, and the other defendants was filed on January 19, 2018, in the

Superior Court. This is the operative Complaint against PG&E Corporation and Pacific Gas & Electric Company. A true and correct copy of the Second Amended Master Complaint is attached hereto and incorporated by reference herein as **Exhibit 4**. Thereafter, the Ghost Ship Plaintiffs filed Notices of Adoption of Second Amended Master Complaint. All the Ghost Ship Plaintiffs have requested a jury trial.

18. On January 29, 2019, PG&E Corporation and Pacific Gas & Electric Company (collectively the "Debtors") filed petitions for relief under Chapter 11 of Title 11 of the United States Code. Since that time the Ghost Ship Litigation has been stayed against the Debtors pursuant to the automatic stay. During the pendency of the automatic stay, my firm and I have continued to send courtesy copies of all pleadings, discovery requests, and discovery responses to the Debtors' Defense Counsel. I understand that other parties to the Ghost Ship Litigation and the Superior Court have done likewise.

19. A Third Amended Master Complaint was filed in the Superior Court on April 24, 2019, to amend allegations against the City of Oakland, another defendant in the Ghost Ship Litigation. Due to the automatic stay, the Third Amended Complaint has not been served on the Debtors. The Defense Counsel, however, have been provided courtesy copies of the Third Amended Complaint.

20. The Ghost Ship Litigation was scheduled for trial on October 7, 2019. That trial date has been vacated. The trial has been rescheduled to commence on **May 26, 2020**, at 9:00 A.M. in Department 23 of the Superior Court.

21. The claims and defenses involved in the Ghost Ship Litigation are based on the laws of the State of California and the Ghost Ship Litigation has been pending before the Superior Court since December 23, 2016.

22. The Ghost Ship Plaintiffs' claims against the Debtors have not been liquidated. I am informed and believe that the Debtors dispute liability to the Ghost Ship Plaintiffs.

23. Based on discovery to date, I am also informed and believe that there is ample insurance to cover indemnity and defense of the Debtors regarding the Ghost Ship Litigation. Since the Ghost Ship Fire occurred in 2016, the Ghost Ship Plaintiffs are not competing for coverage with any of the victims of the 2017 or 2018 wildfires. Based on the admissions made by the Debtors in the "Preliminary Response in Opposition to Valero Refining Company-California's Motion for Relief from Stay" filed with this Court on February 22, 2019 (ECF 601), I am also informed and believe that there is a ten (10) million dollar self-insured retention that applies to both defense costs and damages. I do not, however, have information regarding how much of the self-insured retention has already been exhausted in connection with the defense of the Debtors by the two prominent law firms.

24. I believe that the goals of judicial economy will be advanced if the claims against the Debtors are determined and adjudicated at the same time as the claims against the other defendants through a jury trial to be conducted by Judge Seligman. Judge Seligman has spent substantial time and judicial resources coordinating the Ghost Ship Litigation, hearing and determining numerous pretrial motions, and conducting numerous case management conferences and informal discovery conferences.

25. There are currently no mediations scheduled between the Ghost Ship Plaintiffs and the Debtors and their multiple insurance carriers, and none are anticipated in the coming weeks or months.

26. The Ghost Ship Plaintiffs' claims against the Debtors should be tried at the same time as the claims against the other defendants. Unless the actions are tried and determined by a jury at the same time, the Ghost Ship Plaintiffs will be prejudiced by having to litigate in a piecemeal fashion, which could lead to inconsistent results and will further delay adjudication of the Ghost Ship Litigation.

27. The third year anniversary of the Ghost Ship Fire, December 2, 2019, is fast approaching, and will have passed by the date this Motion is heard. The May 2020 trial date needs to be preserved.

28. For the reasons set forth herein, the Executive Committee has determined that it is necessary and appropriate to seek relief from the automatic stay from this Court, so that the Ghost Ship Litigation may be tried against the Debtors at the same time as it is tried against the other defendants.

29. The Executive Committee, by and through its bankruptcy counsel, has requested that the Debtors stipulate to relief from the automatic stay. This request has been rejected. Accordingly, the Executive Committee now seeks relief from this Court.

30. Although there is ample insurance to cover the claims, under California law, the Ghost Ship Plaintiffs cannot move forward against the insurance companies, directly. The Ghost Ship Plaintiffs must first establish liability against the Debtors and can only then seek to collect from available insurance.

31. Granting relief from the automatic stay, will allow the Ghost Ship Litigation to proceed against the Debtors, in order to establish the liability of the Debtors, obtain judgment(s) against the Debtors, and collect any judgment(s) obtained against the Debtors to the extent of available insurance.

32. The Executive Committee is not seeking relief from the automatic stay to collect any judgment(s) obtained directly against the Debtors, without further order of this Court.

33. The injured survivors of the Ghost Ship Fire and the parents, children, and loved ones of those who perished in the Ghost Ship Fire should be allowed access to justice to obtain final resolution of their claims against the Debtors and the other defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of November, 2019, at San Francisco, San Francisco County, California.

/s/ Mary E. Alexander
Mary E. Alexander