# EXHIBIT A-26

# Twenty-Sixth Supplemental Indenture

## Dated as of November 5, 2015

## Supplement to the Amended and Restated Indenture
## Dated as of April 22, 2005

**PACIFIC GAS AND ELECTRIC COMPANY**
Issuer

and

**THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.**
Trustee

OHSUSA:763628595.3

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| ARTICLE I | DEFINITIONS | 2 |
| ARTICLE II | REOPENING OF 3.50% SENIOR NOTES | 4 |
| ARTICLE III | ESTABLISHMENT OF THE 4.25% SENIOR NOTES | 4 |
| SECTION 301 | Establishment and Designation of the 4.25% Senior Notes | 4 |
| SECTION 302 | Form of the 4.25% Senior Notes | 5 |
| SECTION 303 | Principal Amount of the 4.25% Senior Notes | 5 |
| SECTION 304 | Interest Rates; Stated Maturity of the 4.25% Senior Notes; Minimum Denomination | 5 |
| SECTION 305 | No Sinking Fund | 5 |
| SECTION 306 | Paying Agent and Bond Registrar | 5 |
| SECTION 307 | Global Securities; Appointment of Depositary for Global Securities | 5 |
| SECTION 308 | Other Terms of the 4.25% Senior Notes | 6 |
| ARTICLE IV | OPTIONAL REDEMPTION 4.25% SENIOR NOTES BY COMPANY | 6 |
| SECTION 401 | Optional Redemption of 4.25% Senior Notes | 6 |
| SECTION 402 | Calculation of Redemption Price | 6 |
| SECTION 403 | Notice of Redemption | 7 |
| ARTICLE V | MISCELLANEOUS | 7 |
| SECTION 501 | Application of Twenty-Sixth Supplemental Indenture | 7 |
| SECTION 502 | Effective Date of Twenty-Sixth Supplemental Indenture | 7 |
| SECTION 503 | Counterparts | 7 |
| EXHIBIT A | | |
| EXHIBIT B | | |

TWENTY-SIXTH SUPPLEMENTAL INDENTURE, dated as of November 5, 2015 (this "Twenty-Sixth Supplemental Indenture"), by and between **PACIFIC GAS AND ELECTRIC COMPANY**, a corporation duly organized and existing under the laws of the State of California (the "Company" or the "Issuer"), and **THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.**, a national banking association organized and existing under the laws of the United States of America (formerly known as The Bank of New York Trust Company, N.A.), as Trustee under the Base Indenture (as hereinafter defined) (the "Trustee").

## RECITALS OF THE COMPANY

A. The Company and the Trustee are parties to that certain Amended and Restated Indenture, dated as of April 22, 2005 (the "Base Indenture"), as supplemented by the First Supplemental Indenture, dated as of March 13, 2007 (the "First Supplemental Indenture"), the Second Supplemental Indenture, dated as of December 4, 2007 (the "Second Supplemental Indenture"), the Third Supplemental Indenture, dated as of March 3, 2008 (the "Third Supplemental Indenture"), the Fourth Supplemental Indenture, dated as of October 21, 2008 (the "Fourth Supplemental Indenture"), the Fifth Supplemental Indenture, dated as of November 18, 2008 (the "Fifth Supplemental Indenture"), the Sixth Supplemental Indenture, dated as of March 6, 2009 (the "Sixth Supplemental Indenture"), the Seventh Supplemental Indenture, dated as of June 11, 2009 (the "Seventh Supplemental Indenture"), the Eighth Supplemental Indenture, dated as of November 18, 2009 (the "Eighth Supplemental Indenture"), the Ninth Supplemental Indenture, dated as of April 1, 2010 (the "Ninth Supplemental Indenture"), the Tenth Supplemental Indenture, dated as of September 15, 2010 (the "Tenth Supplemental Indenture"), the Eleventh Supplemental Indenture, dated as of October 12, 2010 (the "Eleventh Supplemental Indenture"), the Twelfth Supplemental Indenture, dated as of November 18, 2010 (the "Twelfth Supplemental Indenture"), the Thirteenth Supplemental Indenture, dated as of May 13, 2011 (the "Thirteenth Supplemental Indenture"), the Fourteenth Supplemental Indenture, dated as of September 12, 2011 (the "Fourteenth Supplemental Indenture"), the Fifteenth Supplemental Indenture, dated as of November 22, 2011 (the "Fifteenth Supplemental Indenture"), the Sixteenth Supplemental Indenture, dated as of December 1, 2011 (the "Sixteenth Supplemental Indenture"), the Seventeenth Supplemental Indenture, dated as of April 16, 2012 (the "Seventeenth Supplemental Indenture"), the Eighteenth Supplemental Indenture, dated as of August 16, 2012 (the "Eighteenth Supplemental Indenture"), the Nineteenth Supplemental Indenture, dated as of June 14, 2013 (the "Nineteenth Supplemental Indenture"), the Twentieth Supplemental Indenture, dated as of November 12, 2013 (the "Twentieth Supplemental Indenture"), the Twenty-First Supplemental Indenture, dated as of February 21, 2014 (the "Twenty-First Supplemental Indenture"), the Twenty-Second Supplemental Indenture, dated as of May 12, 2014 (the "Twenty-Second Supplemental Indenture"), the Twenty-Third Supplemental Indenture, dated as of August 18, 2014 (the "Twenty-Third Supplemental Indenture"), the Twenty-Fourth Supplemental Indenture, dated as of November 6, 2014 (the "Twenty-Fourth Supplemental Indenture"), the Twenty-Fifth Supplemental Indenture, dated as of June 12, 2015 (the "Twenty-Fifth Supplemental Indenture"), and this Twenty-Sixth Supplemental Indenture, and together with the Base Indenture, the First Supplemental Indenture, the Second Supplemental Indenture, the Third Supplemental Indenture, the Fourth Supplemental Indenture, the Fifth Supplemental Indenture, the Sixth Supplemental Indenture, the Seventh Supplemental Indenture, the Eighth Supplemental Indenture, the Ninth Supplemental Indenture, the Tenth Supplemental Indenture, the Eleventh Supplemental Indenture, the Twelfth

Supplemental Indenture, the Thirteenth Supplemental Indenture, the Fourteenth Supplemental Indenture, the Fifteenth Supplemental Indenture, the Sixteenth Supplemental Indenture, the Seventeenth Supplemental Indenture, the Eighteenth Supplemental Indenture, the Nineteenth Supplemental Indenture, the Twentieth Supplemental Indenture, the Twenty-First Supplemental Indenture, the Twenty-Second Supplemental Indenture, the Twenty-Third Supplemental Indenture, the Twenty-Fourth Supplemental Indenture and the Twenty-Fifth Supplemental Indenture, the "Indenture"), which supplements, amends and restates that certain Indenture of Mortgage, dated as of March 11, 2004, as supplemented by the First Supplemental Indenture thereto, dated as of March 23, 2004 and the Second Supplemental Indenture thereto, dated as of April 12, 2004, providing for the issuance by the Company of an unlimited number of series of Bonds (as defined in the Base Indenture) from time to time.

B.  Under the Base Indenture, the Company is authorized to establish one or more series of Bonds at any time in accordance with and subject to the provisions of the Base Indenture, and the terms of such series of Bonds may be described by a supplemental indenture executed by the Company and the Trustee.

C.  The execution and delivery of this Twenty-Sixth Supplemental Indenture has been authorized by a Board Resolution (as defined in the Base Indenture).

D.  Concurrent with the execution hereof, the Company has caused its counsel to deliver to the Trustee an Opinion of Counsel (as defined in the Base Indenture) pursuant to Section 13.03 of the Base Indenture, together with the documents required under Article V of the Base Indenture.

E.  The Company has done all things necessary to make this Twenty-Sixth Supplemental Indenture a valid agreement of the Company, in accordance with its terms.

NOW, THEREFORE, the Company and the Trustee agree, for the benefit of each other and for the equal and proportionate benefit of Holders of the 3.50% Senior Notes and the 4.25% Senior Notes (both as defined below) with respect to all provisions herein applicable to each such series of notes, as follows:

## ARTICLE I

## DEFINITIONS

Unless the context otherwise requires, capitalized terms used but not defined herein have the meaning set forth in the Indenture. The following additional terms are hereby established for purposes of this Twenty-Sixth Supplemental Indenture and shall have the meanings set forth in this Twenty- Sixth Supplemental Indenture only for purposes of this Twenty- Sixth Supplemental Indenture:

"**3.50% Senior Notes**" has the meaning set forth in Article II hereto.

"**4.25% Senior Notes**" has the meaning set forth in Section 301 hereto.

"**Adjusted Treasury Rate**" means, with respect to any Redemption Date for any 4.25% Senior Note, the rate per annum equal to the semi-annual equivalent yield to maturity of the Comparable Treasury Issue, assuming a price for the Comparable Treasury Issue (expressed as a percentage of its principal amount) equal to the Comparable Treasury Price for such Redemption Date.

"**Comparable Treasury Issue**" means the United States Treasury security selected by the Quotation Agent as having a maturity comparable to the remaining term of the 4.25% Senior Notes to be redeemed that would be used, at the time of selection and in accordance with customary financial practice, in pricing new issues of corporate debt securities of comparable maturity to the remaining term of the 4.25% Senior Notes to be redeemed.

"**Comparable Treasury Price**" means, with respect to any Redemption Date for any 4.25% Senior Note, (1) the average of the Reference Treasury Dealer Quotations for such Redemption Date, after excluding the highest and lowest of the Reference Treasury Dealer Quotations or (2) if the Company obtains fewer than four Reference Treasury Dealer Quotations, the average of all Reference Treasury Dealer Quotations so received.

"**Primary Treasury Dealer**" means a primary U.S. Government Securities dealer in the United States.

"**Quotation Agent**" means the Reference Treasury Dealer appointed by the Company.

"**Redemption Price**" means the price at which 4.25% Senior Notes may be redeemed pursuant to Section 401(a) or Section 401(b) hereto, as applicable.

"**Reference Treasury Dealer**" means (1) each of Goldman, Sachs & Co., Merrill Lynch, Pierce, Fenner & Smith Incorporated, RBC Capital Markets, LLC and Wells Fargo Securities, LLC, and their respective successors, unless any of them ceases to be a Primary Treasury Dealer, in which case the Company shall substitute another Primary Treasury Dealer; and (2) any other Primary Treasury Dealer selected by the Company.

"**Reference Treasury Dealer Quotations**" means, with respect to each Reference Treasury Dealer and any Redemption Date, the average, as determined by the Company, of the bid and asked prices for the Comparable Treasury Issue (expressed in each case as a percentage of its principal amount) quoted in writing to the Company by that Reference Treasury Dealer at 5:00 p.m., New York City time, on the third Business Day preceding such Redemption Date. For purposes of this definition only, "Business Day" means any day that is not a day on which banking institutions in New York City are authorized or required by law or regulation to close.

"**Remaining Scheduled Payments**" means, with respect to each of the 4.25% Senior Notes that the Company is redeeming pursuant to Section 401(a) hereto, the remaining scheduled payments of principal and interest that would be due after the applicable Redemption Date if such 4.25% Senior Notes were not redeemed. However, if the Redemption Date is not a scheduled Interest Payment Date with respect to such 4.25% Senior Notes, the amount of the next succeeding scheduled interest payment on such 4.25% Senior Notes will be reduced by the amount of interest accrued on such 4.25% Senior Notes to the Redemption Date.

3

"**U.S. Government Securities**" means securities which are (a) direct obligations of the United States of America for the payment on which its full faith and credit is pledged or (b) obligations of a Person controlled or supervised by and acting as an agency or instrumentality of the United States of America the payment of which is unconditionally guaranteed as a full faith and credit obligation of the United States of America, and which in the case of (a) and (b) are not callable or redeemable at the option of the issuer thereof, and shall also include a depository receipt issued by a bank or trust company as custodian with respect to any such U.S. Government Security or a specific payment of interest on or principal of any such U.S. Government Security held by such custodian for the account of the holder of a depository receipt, provided that (except as required by law) such custodian is not authorized to make any deduction from the amount payable to the holder of such depository receipt from any amount received by the custodian in respect of the U.S. Government Security evidenced by such depository receipt.

The words "herein," "hereof" and "hereunder" and other words of similar import refer to this Twenty-Sixth Supplemental Indenture as a whole and not to any particular Article, Section or other subdivision.

## ARTICLE II

## REOPENING OF 3.50% SENIOR NOTES

Pursuant to the Section 201 of the Twenty-Fifth Supplemental Indenture, the 3.50% series of Bonds established by said section and designated as the "3.50% Senior Notes due June 15, 2025" (the "3.50% Senior Notes") is reopened and additional Bonds comprising part of such series shall be issued in the aggregate principal amount of $200,000,000 and shall be issued in the form of one or more Global Bonds in substantially the form set forth in Exhibit A hereto. As a result of the further issuance of $200,000,000 aggregate principal amount of Bonds of the forty-eighth series on November 5, 2015, the issued amount of Bonds of such series now totals $600,000,000.

## ARTICLE III

## ESTABLISHMENT OF THE 4.25% SENIOR NOTES

SECTION 301    *Establishment and Designation of the 4.25% Senior Notes.*

Pursuant to the terms hereof and Section 3.01 of the Indenture, the Company hereby establishes a forty-ninth series of Bonds designated as the "4.25% Senior Notes due March 15, 2046" (the "4.25% Senior Notes"). The 4.25% Senior Notes may be reopened, from time to time, for issuances of additional Bonds of such series, and any additional Bonds issued and comprising 4.25% Senior Notes shall have identical terms as the 4.25% Senior Notes, except that the issue price, issue date and, in some cases, the first Interest Payment Date may differ.

4

OHSUSA:763628595.3

Exhibit A-26
Page 712

Case: 19-30088    Doc# 4903-27    Filed: 11/27/19    Entered: 11/27/19 17:31:51    Page 7 of 13

SECTION 302   *Form of the 4.25% Senior Notes.*

The 4.25% Senior Notes shall be issued in the form of one or more Global Bonds in substantially the form set forth in Exhibit A hereto.

SECTION 303   *Principal Amount of the 4.25% Senior Notes.*

The 4.25% Senior Notes shall be issued in an initial aggregate principal amount of $450,000,000.

SECTION 304   *Interest Rates; Stated Maturity of the 4.25% Senior Notes; Minimum Denomination.*

The 4.25% Senior Notes shall bear interest at the rate of 4.25% per annum and shall have a Stated Maturity of March 15, 2046.

The 4.25% Senior Notes are issuable in denominations of $2,000 and any integral multiple of $1,000 in excess thereof.

SECTION 305   *No Sinking Fund.*

No sinking fund is provided for the 4.25% Senior Notes.

SECTION 306   *Paying Agent and Bond Registrar.*

The Trustee is hereby appointed as initial Paying Agent and initial Bond Registrar for the 4.25% Senior Notes. The Place of Payment of the 4.25% Senior Notes shall be the Corporate Trust Office of the Trustee.

SECTION 307   *Global Securities; Appointment of Depositary for Global Securities.*

The 4.25% Senior Notes shall be issued in the form of one or more permanent Global Bonds as provided in Section 3.13 of the Indenture and deposited with, or on behalf of, the Depositary, or with the Trustee, as custodian for the Depositary, duly executed by the Company and authenticated by the Trustee.

The Company hereby initially appoints The Depository Trust Company ("DTC") to act as the Depositary with respect to all 4.25% Senior Notes, and the 4.25% Senior Notes shall initially be registered in the name of Cede & Co., as the nominee of DTC.

The Company and DTC have executed a Blanket Letter of Representations, and the Trustee is hereby authorized in connection with any successor nominee for DTC or any successor Depositary, to enter into appropriate or comparable arrangements, if necessary, and shall have the same rights with respect to its actions thereunder as it has with respect to its actions under the Indenture.

5

None of the Company, the Trustee, any Paying Agent or any Bond Registrar will have any responsibility or liability for any aspect of Depositary records relating to, or payments made on account of, beneficial ownership interests in a Global Bond or for maintaining, supervising or reviewing any Depositary records relating to such beneficial ownership interests, or for transfers of beneficial interests in the Bonds or any transactions between the Depositary and beneficial owners.

SECTION 308    *Other Terms of the 4.25% Senior Notes.*

The other terms of the 4.25% Senior Notes shall be as expressly set forth herein and in Exhibit A.

## ARTICLE IV

## OPTIONAL REDEMPTION 4.25% SENIOR NOTES BY COMPANY

SECTION 401    *Optional Redemption of 4.25% Senior Notes.*

(a)    Subject to the terms and conditions of the Indenture, at any time prior to September 15, 2045 (the date that is six months prior to the Maturity Date), the 4.25% Senior Notes are redeemable at the option of the Company in whole or in part at a Redemption Price equal to the greater of:

(i)    100% of the principal amount of the 4.25% Senior Notes to be redeemed; or

(ii)    as determined by the Quotation Agent, the sum of the present values of the Remaining Scheduled Payments of principal and interest on the 4.25% Senior Notes to be redeemed (not including any portion of payments of interest accrued as of the Redemption Date), calculated as if the Maturity Date of such 4.25% Senior Notes was September 15, 2045 (the date that is six months prior to the Maturity Date), discounted to the Redemption Date on a semiannual basis at the Adjusted Treasury Rate, plus 25 basis points;

plus, in either of the above cases, accrued and unpaid interest thereon to but not including the Redemption Date.

(b)    Subject to the terms and conditions of the Indenture, at any time on or after September 15, 2045 (the date that is six months prior to the Maturity Date), the 4.25% Senior Notes are redeemable at the option of the Company in whole or in part at 100% of the principal amount of the 4.25% Senior Notes to be redeemed, plus accrued and unpaid interest thereon to but not including the Redemption Date.

(c)    The Redemption Price shall be calculated assuming a 360-day year consisting of twelve 30-day months.

SECTION 402    *Calculation of Redemption Price.*    The Company shall calculate the Redemption Price for the redemption of any 4.25% Senior Notes pursuant to Section 401,

6

and notify the Trustee of such Redemption Price before it sends the amount of the Redemption Price to the Trustee or any Paying Agent.

SECTION 403 *Notice of Redemption.* Notice of any redemption pursuant to Section 401 shall be given to Holders of the 4.25% Senior Notes not less than ten (10) days nor more than sixty (60) days prior to the Redemption Date in the manner set forth in Section 6.04 of the Indenture; provided, however, that such notice need not state the dollar amount of the Redemption Price if such dollar amount has not been determined as of the date such notice is being given to the Holders of the 4.25% Senior Notes being redeemed. Notwithstanding Section 6.02 of the Indenture, if the Company elects to redeem 4.25% Senior Notes pursuant to Section 401 hereof, it shall give written notice to the Trustee of such Redemption Date and of the principal amount of the 4.25% Senior Notes to be redeemed at least twenty (20) days prior to the redemption date fixed by the Company (unless a shorter notice shall be satisfactory to the Trustee).

## ARTICLE V

## MISCELLANEOUS

SECTION 501 *Application of Twenty-Sixth Supplemental Indenture.*

Except as provided in Section 501 hereof, each and every term and condition contained in this Twenty-Sixth Supplemental Indenture that modifies, amends or supplements the terms and conditions of the Indenture shall apply only to the 3.50% Senior Notes and the 4.25% Senior Notes, as applicable, and not to any other series of Bonds established under the Indenture. Except as specifically amended and supplemented by, or to the extent inconsistent with, this Twenty-Sixth Supplemental Indenture, the Indenture shall remain in full force and effect and is hereby ratified and confirmed.

SECTION 502 *Effective Date of Twenty-Sixth Supplemental Indenture.*

This Twenty-Sixth Supplemental Indenture shall be effective upon the execution and delivery hereof by each of the parties hereto.

SECTION 503 *Counterparts.*

This Twenty-Sixth Supplemental Indenture may be executed in any number of counterparts, each of which so executed shall be deemed to be an original, but all such counterparts shall together constitute but one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have caused this Twenty-Sixth Supplemental Indenture to be duly executed by their respective officers hereunto duly authorized, all as of the day and year first above written.

**PACIFIC GAS AND ELECTRIC COMPANY,**
as Issuer

By: _____
Name: Nicholas M. Bijur
Title: Vice President and Treasurer


**THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.,**
as Trustee

By: _____
Name:
Title:

**Signature Page to Twenty-Sixth Supplemental Indenture**

IN WITNESS WHEREOF, the parties hereto have caused this Twenty-Sixth Supplemental Indenture to be duly executed by their respective officers hereunto duly authorized, all as of the day and year first above written.

PACIFIC GAS AND ELECTRIC COMPANY,
as Issuer

By: _____
Name: Nicholas M. Bijur
Title: Vice President and Treasurer


THE BANK OF NEW YORK MELLON
TRUST COMPANY, N.A.,
as Trustee

By: *Valère Boyd* (signature)
Name: Valère Boyd
Title: Vice President

Signature Page to Twenty-Sixth Supplemental Indenture