**EXHIBIT D**

**FEMA CLAIMS**

In re:
 PG&E CORPORATION,
 - and -
 PACIFIC GAS AND ELECTRIC COMPANY,
  Debtors.

Bankruptcy Case
No. 19-30088 (DM)

Chapter 11
(Lead Case)
(Jointly Administered)

[X] Date Stamped Copy Returned
[ ] No Self-Addressed Stamped Envelope
[ ] No Copy Provided

# Proof of Claim (Fire Claim Related)

Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.

> Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Please type or print in the spaces below. Do NOT use red ink or pencil.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Department of Homeland Security/Federal Emergency Management Agency
Name of the current creditor (the person or entity to be paid for this claim)

**2. Has this claim been acquired from someone else?**
[X] No
[ ] Yes. From whom? _____

**3. Are you filing this claim on behalf of your family?**
[X] No
[ ] Yes
A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.

If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:

**4. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name: Matthew J. Troy, Senior Trial Attorney, Department of Justice
Attorney Name (if applicable): _____
Attorney Bar Number (if applicable): _____
Street Address: PO Box 875, Ben Franklin Station
City: Washington
State: DC
Zip Code: 20044-0875
Phone Number: (202) 514-9038
Email Address: Matthew.Troy@usdoj.gov

Where should payments to the creditor be sent? (if different)

Name: _____
Attorney Name (if applicable): _____
Attorney Bar Number (if applicable): _____
Street Address: _____
City: _____
State: _____
Zip Code: _____
Phone Number: _____
Email Address: _____

**5. Does this claim amend one already filed?**
[X] No
[ ] Yes. Claim number on court claims registry (if known) _____ Filed on ___/___/___ MM/DD/YYYY

**6. Do you know if anyone else has filed a proof of claim for this claim?**
[X] No
[ ] Yes. Who made the earlier filing? _____

193008880010766

| Part 2: | Give Information About the Claim as of the Date this Claim Form is Filed | |
|---|---|---|
| 7. What fire is the basis of your claim?<br><br>Check all that apply. | ☒ Camp Fire (2018)<br>☐ North Bay Fires (2017)<br>☐ Ghost Ship Fire (2016)<br>☐ Butte Fire (2015)<br>☐ Other (please provide date and brief description of fire: _____ | |
| 8. What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.? | Location(s): _See attachment_ | |
| 9. How were you and/or your family harmed?<br><br>Check all that apply | ☐ Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)<br>   ☐ Owner ☐ Renter ☐ Occupant ☐ Other (Please specify): _____<br>☐ Personal Injury<br>☐ Wrongful Death (if checked, please provide the name of the deceased)<br>☐ Business Loss/Interruption<br>☐ Lost wages and earning capacity<br>☐ Loss of community and essential services<br>☐ Agricultural loss<br>☒ Other (Please specify): _See attachment_ | |
| 10. What damages are you and/or your family claiming/seeking?<br><br>Check all that apply | ☐ Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)<br>☐ Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)<br>☐ Punitive, exemplary, and statutory damages<br>☐ Attorney's fees and litigation costs<br>☐ Interest<br>☐ Any and all other damages recoverable under California law<br>☒ Other (Please specify): _See attachment_ | |
| 11. How much is the claim? | ☒ $ _2,552,285,006.62 - See attachment_ (optional)<br>☐ Unknown / To be determined at a later date | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date **OCT 17 2019** (mm/dd/yyyy)

_____
Signature

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | Robert | J. | Fenton |
| | First name | Middle name | Last name |
| Title | Regional Administrator | | |
| Company | Department of Homeland Security/Federal Emergency Management Agency/Region IX | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 1111 Broadway, Suite 1200 | | |
| | Number  Street | | |
| | Oakland | CA | 94607 |
| | City | State | ZIP Code |
| Contact phone | 510-627-7100 | Email | FEMA-R9-Regional-Administrator@fema.dhs.gov |

**Attachment to Proof of Claim of United States of America
in In re Pacific Gas and Electric Company
Chapter 11 Case No. 19-30088 (DM)
pending in the United States Bankruptcy Court for the
Northern District of California**

Name of Creditor and Address:

    United States of America
    Department of Homeland Security
    Federal Emergency Management Agency
    Region IX
    1111 Broadway, Suite 1200
    Oakland, CA 94607
    Attn: Robert J. Fenton

Name and Address Where Notices Should Be Sent:

    MATTHEW J. TROY
    Civil Division
    U.S. Department of Justice
    P.O. Box 875
    Ben Franklin Station
    Washington, D.C. 20044-0875

    Attorney for United States

    Telephone numbers:

    (202) 514-9038 (Matthew J. Troy)

Account or other number by which creditor identifies debtor:

    None.

ITEMS 8, 9, and 10 – Loss Location, Harm, and Damages:

    By filing this claim using the **Proof of Claim (Fire Claim Related)**, the United States (a) does not concede that this claim is a Wildfire Claim, as defined in the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 502(c) for the Establishment of Wildfire Claims Estimation Procedures*, Docket No. 3091; (b) reserves its right to argue that this claim is not subject to estimation; and (c) reserves its right to object to any plan of reorganization filed in the Debtor's case that purports to classify the United States' wildfire related claims as Wildfire Claims whose only source of recovery is a litigation trust with a channeling injunction and a capped funding amount established pursuant to an estimation proceeding.

1

**A. The Stafford Act Provides FEMA a Statutory Cause of Action for Recovering Federal Assistance from Persons Who, by Their Intentional Acts or Omissions, Cause a Condition Resulting in a Major Disaster.**

On November 8, 2018, what became known as the "Camp Fire" started in Butte County, California. That same day, the Governor of California requested a federal emergency declaration under section 501 of the Robert T. Stafford Disaster Assistance and Emergency Relief Act ("Stafford Act"), 42 U.S.C. §§ 5121 *et seq*, asserting to the President that the State of California was overwhelmed and in need of supplementary federal assistance to support firefighting, sheltering, and other emergency operations. On November 9, 2018, the President issued an emergency declaration under the Stafford Act (FEMA-3409-EM-CA) for the State of California for three wildfires in the state, including the Camp Fire. On November 11, 2019, the Governor requested a major disaster declaration under section 401 of the Stafford Act for this wildfire event, asserting to the President the event was beyond the capability of the state to respond to, and requesting supplementary federal assistance for debris removal, emergency protective measures, repair and replacement of public infrastructure, and assistance to individuals impacted by the fires. The President on November 12, 2018 determined the Camp Fire was beyond state and local capability and issued a major disaster declaration, (FEMA-4407-DR-CA), authorizing FEMA to provide Public Assistance and Individual Assistance to Butte County.

The destruction caused by the Camp Fire was unprecedented. It affected tens of thousands of people, and left millions of tons of debris in its wake. According to the California Department of Forestry and Fire Protection (Cal FIRE), the Camp Fire alone destroyed more than 18,000 structures, burned a total of 153,336 acres, and resulted in 85 civilian fatalities and several firefighter injuries. Cal FIRE News Release, *CAL FIRE Investigators Determine Cause of the Camp Fire* (May 15, 2019). FEMA has incurred significant costs to provide assistance to individuals, state and local governments and private non-profits for their expenses and losses resulting from the Camp Fire. To individuals FEMA has provided financial grants for housing repair, rental and other unmet, disaster-caused needs, and manufactured housing units for temporary housing. To the state and local governments FEMA has provided direct federal assistance which includes goods and services for debris removal activities and emergency medical response and financial grants for debris removal, firefighting and the repair and replacement of public infrastructure damaged by the fire. To certain non-profits FEMA has provided financial grants for the repair and replacement of facilities damaged by the fire. In addition, FEMA incurred significant expenses in coordinating, distributing, and overseeing this assistance.

The Stafford Act is clear that assistance under the Act is supplementary. 42 U.S.C. § 5122(2). The Act expects FEMA to offset taxpayer costs from third parties responsible for the event that resulted in the need for a major disaster declaration. 42 U.S.C. § 5160(a). The Act mandates FEMA avoid duplicating resources available to applicants from insurance and other sources. 42 U.S.C. § 5155(a).

Cal FIRE investigators determined that electrical transmission lines in the Pulga area, owned and operated by Pacific Gas and Electric Company (the Debtor) caused the Camp Fire. Cal FIRE

2

Attachment to Proof of Claim of United States of America
In re Pacific Gas and Electric Company, Chapter 11 Case No. 19-30088 (DM)

News Release, *CAL FIRE Investigators Determine Cause of the Camp Fire* (May 15, 2019). The investigation also identified a second fire ignition site also caused by the Debtor's electrical distribution lines, which was consumed by the first. *Id.* Cal FIRE forwarded their investigative report to the Butte County District Attorney for potential prosecution. *Id.*

The Camp Fire is the latest of several major fires that Cal FIRE has attributed to the Debtor's equipment in the last four years. In addition to the Camp Fire, the deadliest and most destructive wildfire in the history of California, Cal FIRE also determined the Debtor's equipment caused 12 of the 14 major fires that occurred in October 2017. Cal FIRE News Release, *CAL FIRE Investigators Determine Causes of 12 Wildfires in Mendocino, Humboldt, Butte, Sonoma, Lake, and Napa Counties* (June 8, 2018). The 2017 Northern California Wildfires attributed to PG&E burned 175,337 acres, destroyed 8,585 structures, and caused 42 fatalities. The Debtor also caused the Butte Fire in Calaveras County in 2015 which burned 70,868 acres, 965 structures, and resulted in deaths and injuries. Cal FIRE News Release, *CAL FIRE Investigators Determine cause of destructive Butte Fire* (April 28, 2016). Though caused by PG&E, these fires were included in separate major disaster declarations under the Stafford Act.

Section 317 of the Stafford Act states, "[a]ny person who intentionally causes a condition for which Federal assistance is provided under this Act or under any other Federal law as a result of a declaration of a major disaster or emergency under this Act shall be liable to the United States for the reasonable costs incurred by the United States in responding to such disaster or emergency to the extent that such costs are attributable to the intentional act *or omission* of such person which caused such condition. Such action for reasonable costs shall be brought in an appropriate United States district court." (emphasis added) 42 U.S.C. § 5160(a).

FEMA is required to seek reimbursement for the assistance it provided under the Stafford Act. FEMA asserts that the costs it expended in disaster assistance for the Camp Fire, as described in Item 11, are reasonable and were required by a condition caused by the Debtor. PG&E is therefore liable to the United States for these costs.

### B. FEMA Can Recover Disaster Assistance from the Debtor Because the Debtor Created a Public Nuisance.

The Debtor's creation of the Camp Fire constituted a nuisance that was harmful to health and interfered with the comfortable enjoyment of life or property. Under California law, a nuisance is defined as "[a]nything which is injurious to health, ... or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property." Cal. Civ. Code §3479. A public nuisance also "affect[s] at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal." Cal. Civ. Code §3480.

The Debtor created the Camp Fire condition causing widespread, substantial harm to both people and property that is not outweighed by the social utility of Debtor's conduct. With the State of California's resources overwhelmed, FEMA expended costs to abate the nuisance that was the direct result of Debtor's conduct and lack of oversight of its electric system.

3

**Attachment to Proof of Claim of United States of America**
**In re Pacific Gas and Electric Company, Chapter 11 Case No. 19-30088 (DM)**

### C. FEMA's Provision of Disaster Assistance Unjustly Enriched the Debtor.

Restitution for an unjust enrichment is an appropriate remedy for the Debtor's conduct in causing the Camp Fire. Restitution is appropriate because it would be inequitable for the Debtor to retain the benefit of FEMA's assistance without paying for its value. The Debtor has received an unjust enrichment from the Federal government because the Debtor has not accepted the financial burden resulting from its conduct and instead, has relied on the public fisc to make the victims of the fire whole. Providing restitution in the amounts described in Item 11 would remove some of the financial gains of the Debtor's conduct and would require the Debtor to pay its fair share of recovery.

ITEM 11 – Amount of Claim:

**Overview**

The stated amount of this claim reflects the Debtor's currently known liability to the Department of Homeland Security, Federal Emergency Management Agency (FEMA) for the debt described herein, and FEMA reserves the right to amend, supplement, and/or correct this proof of claim.

This claim is entitled to treatment as a secured claim under 11 U.S.C. § 506 to the extent it is subject to setoff by a claim of the Debtor against FEMA or any other United States agency, department or instrumentality. The United States is a unitary creditor for purposes of setoff. Any monies identified as owing to the Debtor by any United States agency, department or instrumentality other than FEMA are subject to setoff against this claim. The administrative freeze of any such monies owing to the Debtor by the United States is without prejudice to the United States' right under 11 U.S.C. § 553 to setoff such monies against this claim.

Costs associated with FEMA's Proof of Claim has three broad categories:

1. <u>Public Assistance</u> – Direct assistance and financial assistance to the State, local government, tribal governments, and certain private non-profits for debris removal, emergency protective measures, and the permanent repair/replacement of damaged infrastructure.

2. <u>Individual Assistance</u> – (1) Financial assistance to individuals and households for repair/replacement of damaged housing, temporary housing, and other needs; (2) Direct temporary housing assistance to individuals and households (e.g., Mobile homes and travel trailers); and (3) Financial assistance to government agencies or non-profits to provide community services for disaster unemployment, crisis counseling, case management, and legal services.

3. <u>Administrative Costs</u> – FEMA's direct costs incurred in administering its major disaster assistance programs. These costs include, but are not limited to, wages, travel, support

4

from other Federal agencies, support from contractors, temporary facility expenses, and supplies and equipment.

The below sections provide additional detail on each of these categories of costs. FEMA is providing summary spreadsheets accounting for these costs. The primary spreadsheet FEMA utilizes to track disaster specific obligations is the Financial Information Tool (FIT) Report. A large portion of Public Assistance projects have not yet been obligated, so a summary spreadsheet from the FEMA Grants Manager system is also included. FEMA has thousands of pages of documentation available to support each entry on the FIT Report and Grants Manager which can be made available upon request.

### FEMA CAMP FIRE (DR-4407) COSTS

| PUBLIC ASSISTANCE | | |
|---|---|---|
| *Financial Assistance* | | |
| County Project Worksheets | $ | 197,373,344.89 |
| State Agency Project Worksheets | $ | 1,957,329,141.70 |
| *Direct Federal Assistance* | | |
| Mission Assignments | $ | 56,272,331.84 |
| FEMA Commodities | $ | 3,316,167.57 |
| | | |
| **PA TOTAL** | **$** | **2,214,290,986.00** |
| | | |
| **INDIVIDUAL ASSISTANCE** | | |
| *Individuals and Households Program* | | |
| Housing Assistance | $ | 51,883,922.55 |
| Other Needs Assistance (75% Federal Share) | $ | 30,185,791.05 |
| Transitional Sheltering Assistance | $ | 3,621,020.43 |
| *Direct Temporary Housing Assistance* | $ | 128,856,931.49 |
| *Community Services Programs* | | |
| Disaster Unemployment Assistance | $ | 882,581.98 |
| Crisis Counseling Program | $ | 3,046,295.14 |
| Disaster Case Management | $ | 3,988,826.08 |
| Disaster Legal Services | $ | 4,700.00 |
| | | |
| **IA TOTAL** | **$** | **222,470,068.72** |
| | | |
| **ADMINISTRATIVE COSTS** | | |
| Salaries and Benefits | $ | 49,311,172.27 |
| Travel | $ | 22,147,041.34 |
| Transportation | $ | 299,065.28 |
| Rent, Communications, and Utilities | $ | 3,482,304.01 |

Attachment to Proof of Claim of United States of America
In re Pacific Gas and Electric Company, Chapter 11 Case No. 19-30088 (DM)

| | | |
|---|---|---:|
| Federal Operations Support | $ | 20,118,490.49 |
| Supplies and Materials | $ | 523,484.29 |
| Equipment | $ | 1,077,676.27 |
| Other Services | $ | 4,103,392.27 |
| Contractor Services | $ | 14,461,325.68 |
| | | |
| **ADMIN COST TOTAL** | $ | 115,523,951.90 |
| | | |
| **CAMP FIRE TOTAL** | $ | 2,552,285,006.62 |

**Public Assistance Costs**

Public Assistance includes direct assistance and financial assistance to the State, local government, tribal governments, and certain private non-profits (Applicant) for debris removal, emergency protective measures, and the permanent repair/replacement of damaged infrastructure authorized under sections 403, 406, and 407 of the Stafford Act. FEMA may provide Public Assistance through either financial assistance or direct Federal assistance.[1]

A. Financial Assistance

FEMA divides Public Assistance into two broad categories: emergency work and permanent work. These types of work are further subdivided into specific categories as follows:

| **Emergency Work** | **Permanent Work** |
|---|---|
| Category A – Debris Removal | Category C – Roads and Bridges |
| Category B – Emergency Protective Measures | Category D – Water Control Facilities |
| | Category E – Buildings |
| | Category F – Utilities |
| | Category G – Parks, Recreation, Other |

Debris removal (Category A) includes the removal and disposal of debris from public property. FEMA may also reimburse State and local governments for debris removal from private property when it is determined that the removal of such debris is in the public interest. Emergency protective measures (Category B) includes actions taken to save lives and alleviate immediate threats to public health and safety such as, but not limited to, fire suppression, evacuations, sheltering, and emergency medical care. Permanent work (Categories C-G) includes the permanent repair or replacement of disaster-damaged facilities. In addition, FEMA provides Public Assistance funding for administrative costs referred to as Category Z.

---

[1] FEMA notes it is only including the Federal share of Public Assistance costs in this Proof of Claim. Other public entities, including the State and local governments, may be filing a Proof of Claim for the same projects that include the Federal and non-Federal share. If FEMA's claim is allowed by the Court, the Proofs of Claim filed by these other entities may be reduced by the Federal share.

6

FEMA may provide Public Assistance through either financial assistance or direct Federal assistance. Under financial assistance, FEMA reimburses the Applicant for the Federal share of eligible work performed by the Applicant. The eligible scope of work and cost for each project funded by FEMA is documented in a Project Worksheet. FEMA is in the process of transferring from the Emergency Management Mission Integrated Environment (EMMIE), a system used to record Federal obligations for the Public Assistance program, to the Grants Manager (GM) system. Project Worksheets for DR-4407 are being recorded in Grants Manager and include both obligated/approved projects and estimates for projects pending final review. Due to the voluminous documentation supporting each Project Worksheet, this Attachment includes a summary spreadsheet of Public Assistance projects for DR-4407. Additional supporting documentation is available for each project, which can be made available upon request.

### B. Direct Federal Assistance

Besides financial assistance, FEMA may also provide direct Federal assistance. Under direct Federal assistance, the Federal government provides Federal property or services to perform a specific mission requested by the State. FEMA may provide commodities or equipment directly to the State from existing warehouse stores or directly purchase and provide commodities or equipment. These costs are recorded in the Enterprise Coordination & Approvals Processing System (eCAPS) for each order. Costs associated with FEMA commodities provided to the State are included in the "Immediate Needs Assistance" line item of the FIT Report. Additional supporting documentation can be made available upon request.

FEMA may also task and reimburse another Federal agency, under the authority of the Stafford Act, to provide direct Federal assistance to a State. The scope of work and cost eligible for reimbursement to the other Federal agency is documented in a Mission Assignment, which is recorded in eCAPS. Due to the voluminous documentation available to support each Mission Assignment, this Attachment includes a summary spreadsheet of the Mission Assignment orders for DR-4407. Additional supporting documentation is available for each Mission Assignment, which can be made available upon request.

### C. Incident Summary

The major disaster declaration DR-4407 included the Camp Fire in Butte County and the Hill and Woolsey Fires in Los Angeles and Ventura Counties. All Public Assistance costs directly related to the Hill and Woolsey Fires are excluded from this Proof of Claim. For State Agency work that supported all three wildfires, FEMA is claiming 88% of costs based on the relative damage caused by the Camp Fire versus the Hill and Woolsey Fires. FEMA calculated this percentage by comparing State Agency costs that were directly related to the Camp Fire versus those directly related to the Hill and Woolsey Fires.

FEMA has funded 35 Project Worksheets for Applicants located within Butte County to date with an additional 77 Project Worksheets pending final review, which are all directly related to the Camp Fire. FEMA funded an additional 25 Project Worksheets for State Agency Applicants with an additional 44 Project Worksheets pending final review. Fifteen (15) of the State Agency

7

**Attachment to Proof of Claim of United States of America
In re Pacific Gas and Electric Company, Chapter 11 Case No. 19-30088 (DM)**

Project Worksheets were for work solely performed in Butte County and are all directly related to the Camp Fire. Twenty-nine (29) of the State Agency Project Worksheets were for work solely performed in Los Angeles and Ventura Counties and are not related to the Camp Fire. The remaining 25 of the State Agency Project Worksheets were for work supporting all three fires, so FEMA is claiming 88% of the costs.

FEMA is also claiming costs for two major State Agency projects that are not yet recorded in the Grants Manager system. The first is a revised update to the cost of the California Department of Resources Recycling and Recovery (Cal Recycle) debris removal mission in Butte County, which comprises the majority of FEMA's claim. Cal Recycle has provided an up-to-date estimate of their costs based on costs incurred to date as they near mission completion. The second major project is a recently authorized program to remove hazardous trees that are a threat to public safety that may fall into rights-of-way and other improved public property. The California Governor's Office of Emergency Services (Cal OES) will be carrying out this mission and has provided an initial cost estimate for this program.

FEMA issued 14 direct Federal assistance Mission Assignments to other Federal agencies to provide direct assistance to the State, which supported response to all of the fires, so FEMA is claiming 88% of the costs. FEMA commodities were provided for all of the fires, so FEMA is claiming 88% of the costs.

**Individual Assistance Costs**

**Overview**

Individual Assistance includes financial assistance to individuals and households for repair/replacement of damaged housing, temporary housing, and other needs and direct temporary housing assistance (e.g., Mobile homes and travel trailers) under section 408 of the Stafford Act. Individual Assistance also includes financial assistance to government agencies or non-profits to provide community services for disaster unemployment, crisis counseling, case management, and legal services under sections 410, 415, 416, and 426 of the Stafford Act. The Federal share of Individual Assistance, with one exception, is 100% of eligible costs. The Federal share of the Individual and Household Program – Other Needs Assistance program is 75% of eligible costs with the State paying the other 25%.

**A. Assistance Directly to Individuals and Households**

Assistance directly to individuals and households is provided through the Individuals and Households Program. Under the Individuals and Households Program, FEMA may provide financial assistance for the repair/replacement of damaged housing, temporary housing (e.g., the cost of renting temporary housing or lodging expenses), and other unmet disaster-caused needs (referred to as the Other Needs Assistance program) such as replacement of personal property, medical/dental expenses, childcare expenses, and funeral expenses. For DR-4407, the maximum amount of financial assistance available under the Individuals and Households Program was $34,900 for each of the three categories of assistance ($104,700 total).

8

Individuals and households are also eligible for direct temporary lodging assistance under the Transitional Sheltering Assistance program. Under the Transitional Sheltering Assistance program, FEMA directly pays participating hotels to house disaster survivors. Eligible applicants must receive authorization from FEMA to stay in a Transitional Sheltering Assistance program participating hotel. When there is insufficient temporary housing available in an affected community, FEMA may also provide individuals and households with direct temporary housing assistance through temporary housing units such as a mobile homes and travel trailers. FEMA provides temporary housing by placing temporary housing units on disaster survivor's land, commercially leased space, or on group sites built by FEMA. Costs associated with a direct housing mission include purchase, transportation, installation, and removal of a temporary housing unit, lease costs for a temporary housing unit site, and other incidental expenses such as utilities or installation of accessibility features.

### B. Community Services Programs

In addition to assistance provided directly to individuals and households, FEMA provides financial assistance to government agencies or non-profits to provide community services to the entire disaster affected community for disaster unemployment, crisis counseling, case management, and legal services.

For the Disaster Unemployment Program, FEMA provides funding to the California Employment Development Department to provide assistance to the State for individuals who have disaster-caused unemployment.

For the Crisis Counseling Program, FEMA provides financial assistance to the California Department of Healthcare Services to fund mental health counseling for disaster survivors. Funding is provided under two grants: the Immediate Services Program and the Regular Service Program.

For the Disaster Case Management Program, FEMA provides financial assistance to the California Department of Social Services to provide case management services to disaster survivors to address their unmet needs.

For the Disaster Legal Services program, FEMA provides financial assistance to the American Bar Association, Young Lawyers Division to fund administrative costs associated with coordinating disaster pro bono legal services to individuals affected by a disaster.

### C. Incident Summary

The major disaster declaration DR-4407 included the Camp Fire (Butte County) and the Hill and Woolsey Fires (Los Angeles and Ventura Counties). All Individual Assistance costs directly related to the Hill and Woolsey Fires are excluded from this Proof of Claim. For the community services programs that supported all three fires, FEMA is claiming 94% of costs based on the relative damage caused by the Camp Fire versus the Hill and Woolsey Fires. FEMA calculated this percentage by comparing the amount of financial assistance provided to disaster survivors

Attachment to Proof of Claim of United States of America
In re Pacific Gas and Electric Company, Chapter 11 Case No. 19-30088 (DM)

impacted by the Camp Fire versus those disaster survivors directly impacted by the Hill and Woolsey Fires.

FEMA provided 12,190 Housing Assistance awards and 4,821 Other Needs Assistance awards to individuals and households within Butte County, which are all directly related to the Camp Fire. 619 individuals and households within Butte County received Transitional Sheltering Assistance for a total of 33,737 room nights.

Because of the lack of available temporary housing in the affected community, FEMA activated its direct housing program for DR-4407. FEMA is providing 684 temporary housing units for disaster survivors in Butte County. The direct housing program was not activated for the Hill or Woolsey Fires. Temporary housing units are located on private sites, commercial sites, and group sites built by FEMA. Documentation for costs associated with temporary housing are included in "Manufactured Housing" line item of the FIT Report.

### Administrative Costs

#### Overview

FEMA's costs for administering its major disaster assistance programs include, but are not limited to, salaries and benefits, travel, support from other Federal agencies, support from contractors, temporary facility expenses, and supplies and equipment. FEMA's administrative costs are fully funded by the Federal government, as there is no State cost share.

#### A. Salaries & Benefits

FEMA utilizes both permanent and temporary staff to support its major disaster assistance programs. FEMA's permanent staff are hired under the authority of Title 5 of the U.S. Code and are funded from regularly occurring appropriations. For permanent employees, FEMA charges overtime costs to a specific major disaster declaration, and those are the only wages included in this Proof of Claim for this category of employee.

FEMA's temporary employees that support major disaster declarations are hired under the authority of the Stafford Act and can be either full-time or part-time. Full-time temporary employees are referred to as Cadre of On-Call Response Employees (CORE), and part-time employees are referred to as Reservists. FEMA may also employ local hires that support a specific disaster declaration. For all categories of temporary employees, both base wages (e.g., 40 hours per week) and overtime spent working on activities directly related to a specific major disaster declaration are charged to that major disaster declaration and are included in this Proof of Claim.

Time and attendance for all categories of FEMA employees is recorded in the Web Time and Attendance (WebTA) system administered by the U.S. Department of Agriculture National Finance Center. Payment made to employees are recorded in the Integrated Financial

10

Management Information System (IFMIS). Due to the voluminous documentation available to support these costs, this Attachment includes a summary spreadsheet from the FIT Report.

### B. Travel

FEMA incurs travel expenses to ensure staff are on-site to support disaster affected communities at the Joint Field Office, Area Field Office, Disaster Recovery Centers, and other locations. These costs include transportation, per diem (lodging and meals), and other necessary expenses in accordance with the Federal Travel Regulations. FEMA utilizes Concur Government Edition for all travel arrangements, including the processing of travel authorizations and vouchers. Payments made in support of approved travel vouchers are recorded in IFMIS. Due to the voluminous documentation available to support these costs, this Attachment includes a summary spreadsheet from the FIT Report.

### C. Transportation

In order to carry out its mission, FEMA must transport commodities and equipment to staging areas and disaster affected locations. Transportation also includes package and document delivery services (e.g., FedEx, UPS, DHL, etc.). Orders for transportation services are recorded in eCAPS. Due to the voluminous documentation available to support these costs, this Attachment includes a summary spreadsheet from the FIT Report.

### D. Rent, Communications, Utilities; Print and Reproduction; Supplies and Materials; Equipment; Other Services

In order to provide its disaster assistance directly to disaster affected communities, FEMA operates temporary facilities for each major disaster declarations. Typical temporary facilities include the Joint Field Office, Area Field Offices, Disaster Recovery Centers, and other locations. Typical costs incurred in operating these facilities include, but are not limited to, rent, utilities, security services, and janitorial services. FEMA also incurs costs for necessary supplies, equipment, and printing and copy services to operate at these facilities and administer its programs. Costs associated with each of these expenses are recorded in eCAPS. Due to the voluminous documentation available to support these costs, this Attachment includes a summary spreadsheet from the FIT Report.

### E. Mission Assignments – Federal Operations Support

In order to carry out its mission, FEMA may task and reimburse another Federal agency, under the authority of the Stafford Act, to provide Federal Operations Support for FEMA. This may include, but is not limited to, technical experts from other Federal agencies, transportation for FEMA assets and personnel on other Federal agency vehicles, or supplemental personnel to carry out FEMA functions. The scope of work and cost eligible for reimbursement to the other Federal agency is documented in a Mission Assignment, which is recorded in the Enterprise Coordination & Approvals Processing System (eCAPS). Due to the voluminous documentation available to support these costs, this Attachment includes a summary spreadsheet from the FIT Report as well as a summary spreadsheet of each Mission Assignment order.

Attachment to Proof of Claim of United States of America
In re Pacific Gas and Electric Company, Chapter 11 Case No. 19-30088 (DM)

### F. Contractor Services

In order to carry out its mission, FEMA may also utilize the services of Federal contractors to provide technical and other services. The primary contract mechanism that FEMA utilizes for major disaster declarations are the Public Assistance Technical Assistance Contract (PA-TAC) and the Individual Assistance Technical Assistance Contract (IA-TAC). (There is also a Hazard Mitigation Technical Assistance Contract which is not included in this Proof of Claim.) Orders for services against these pre-existing Agency contracts are recorded in eCAPS. Due to the voluminous documentation available to support these costs, this Attachment includes a summary spreadsheet from the FIT Report.

### G. Incident Summary

The major disaster declaration DR-4407 included the Camp Fire (Butte County) and the Hill and Woolsey Fires (Los Angeles and Ventura Counties). FEMA's administrative costs are supporting activities for all three fires and cannot be separated. FEMA is claiming 89% of costs based on the relative damage caused by the Camp Fire versus the Hill and Woolsey Fires. FEMA calculated this percentage by comparing the amount of disaster assistance being provided for the Camp Fire versus the amount of disaster assistance being provided for the Hill and Woolsey Fires.

### Supporting Documentation Index

| Document Summary | Pages |
|---|---|
| Financial Information Tool Report | 13-15 |
| Summary Spreadsheet of Public Assistance Projects | 16-34 |
| Updated Cal Recycle Debris Removal Estimate | 35 |
| Cal OES Tree Removal Estimate | 36 |
| Summary Spreadsheet of Direct Federal Assistance Mission Assignments | 37 |
| Summary Spreadsheet of Federal Operations Support Mission Assignments | 38-39 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

In re:
PG&E CORPORATION,
- and -
PACIFIC GAS AND ELECTRIC COMPANY,
Debtors.

Bankruptcy Case
No. 19-30088 (DM)

Chapter 11
(Lead Case)
(Jointly Administered)

OCT 18 2019

PRIME CLERK LLC

☒ Date Stamped Copy Returned
☐ No Self-Addressed Stamped Envelope
☐ No Copy Provided

# Proof of Claim (Fire Claim Related)

Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.

**Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.**

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Please type or print in the spaces below. Do NOT use red ink or pencil.

### Part 1: Identify the Claim

**1. Who is the current creditor?**
Department of Homeland Security/Federal Emergency Management Agency
Name of the current creditor (the person or entity to be paid for this claim)

**2. Has this claim been acquired from someone else?**
☒ No
☐ Yes. From whom? _____

**3. Are you filing this claim on behalf of your family?**
☒ No
☐ Yes

A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.

If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:

**4. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name  Matthew J. Troy, Senior Trial Attorney, Department of Justice
Attorney Name (if applicable) _____
Attorney Bar Number (if applicable) _____
Street Address  PO Box 875, Ben Franklin Station
City  Washington
State  DC
Zip Code  20044-0875
Phone Number  (202) 514-9038
Email Address  Matthew.Troy@usdoj.gov

Where should payments to the creditor be sent? (if different)

Name _____
Attorney Name (if applicable) _____
Attorney Bar Number (if applicable) _____
Street Address _____
City _____
State _____
Zip Code _____
Phone Number _____
Email Address _____

**5. Does this claim amend one already filed?**
☒ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on ___/___/___  MM / DD / YYYY

**6. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing? _____

Proof of Claim (Fire Related)



Page 1

Claim Number: 59734
Case: 19-30088    Doc# 4943-5    Filed: 12/02/19    Entered: 12/02/19 16:07:12    Page 17 of 20

| Part 2: | Give Information About the Claim as of the Date this Claim Form is Filed |
|---|---|
| 7. What fire is the basis of your claim?<br><br>Check all that apply. | ☐ Camp Fire (2018)<br>☒ North Bay Fires (2017)<br>☐ Ghost Ship Fire (2016)<br>☐ Butte Fire (2015)<br>☐ Other (please provide date and brief description of fire: _____ |
| 8. What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.? | Location(s): See attachment |
| 9. How were you and/or your family harmed?<br><br>Check all that apply | ☐ Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)<br>   ☐ Owner ☐ Renter ☐ Occupant ☐ Other (Please specify): _____<br>☐ Personal Injury<br>☐ Wrongful Death (if checked, please provide the name of the deceased)<br>☐ Business Loss/Interruption<br>☐ Lost wages and earning capacity<br>☐ Loss of community and essential services<br>☐ Agricultural loss<br>☒ Other (Please specify): See attachment |
| 10. What damages are you and/or your family claiming/seeking?<br><br>Check all that apply | ☐ Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)<br>☐ Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)<br>☐ Punitive, exemplary, and statutory damages<br>☐ Attorney's fees and litigation costs<br>☐ Interest<br>☐ Any and all other damages recoverable under California law<br>☒ Other (Please specify): See attachment |
| 11. How much is the claim? | ☒ $ 1,227,587,473.81 – See attachment _____ (optional)<br>☐ Unknown / To be determined at a later date |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

**If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.**

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date **OCT 17 2019** (mm/dd/yyyy)

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Signature*

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | Robert | J. | Fenton |
| | First name | Middle name | Last name |
| Title | Regional Administrator | | |
| Company | Department of Homeland Security/Federal Emergency Management Agency/Region IX | | |
| | *Identify the corporate servicer as the company if the authorized agent is a servicer.* | | |
| Address | 1111 Broadway, Suite 1200 | | |
| | Number   Street | | |
| | Oakland | CA | 94607 |
| | City | State | ZIP Code |
| Contact phone | 510-627-7100 | Email | FEMA-R9-Regional-Administrator@fema.dhs.gov |

**Attachment to Proof of Claim of United States of America
in In re Pacific Gas and Electric Company
Chapter 11 Case No. 19-30088 (DM)
pending in the United States Bankruptcy Court for the
Northern District of California**

Name of Creditor and Address:

    United States of America
    Department of Homeland Security
    Federal Emergency Management Agency
    Region IX
    1111 Broadway, Suite 1200
    Oakland, CA 94607
    Attn: Robert J. Fenton

Name and Address Where Notices Should Be Sent:

    MATTHEW J. TROY
    Civil Division
    U.S. Department of Justice
    P.O. Box 875
    Ben Franklin Station
    Washington, D.C. 20044-0875

    Attorney for United States

    Telephone numbers:

    (202) 514-9038 (Matthew J. Troy)

Account or other number by which creditor identifies debtor:

    None.

ITEMS 8, 9, and 10 – Loss Location, Harm, and Damages:

    By filing this claim using the **Proof of Claim (Fire Claim Related)**, the United States (a) does not concede that this claim is a Wildfire Claim, as defined in the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 502(c) for the Establishment of Wildfire Claims Estimation Procedures*, Docket No. 3091; (b) reserves its right to argue that this claim is not subject to estimation; and (c) reserves its right to object to any plan of reorganization filed in the Debtor's case that purports to classify the United States' wildfire related claims as Wildfire Claims whose only source of recovery is a litigation trust with a channeling injunction and a capped funding amount established pursuant to an estimation proceeding.

1