RECEIVED
OCT 18 2019
PRIME CLERK LLC

☒ Date Stamped Copy Returned
☐ No Self-Addressed Stamped Envelope
☐ No Copy Provided

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

| In re:<br>PG&E CORPORATION,<br>- and -<br>PACIFIC GAS AND ELECTRIC COMPANY,<br>Debtors. | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered) |
|---|---|

# Proof of Claim (Fire Claim Related)

Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.

**Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.**

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Please type or print in the spaces below. Do NOT use red ink or pencil.

## Part 1: Identify the Claim

1. **Who is the current creditor?**
   Department of Homeland Security/Federal Emergency Management Agency
   Name of the current creditor (the person or entity to be paid for this claim)

2. **Has this claim been acquired from someone else?**
   ☒ No
   ☐ Yes. From whom? _____

3. **Are you filing this claim on behalf of your family?**
   ☒ No
   ☐ Yes
   A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.

   If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:

4. **Where should notices and payments to the creditor be sent?**
   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   Where should notices to the creditor be sent?
   Name: Matthew J. Troy, Senior Trial Attorney, Department of Justice
   Attorney Name (if applicable): _____
   Attorney Bar Number (if applicable): _____
   Street Address: PO Box 875, Ben Franklin Station
   City: Washington
   State: DC
   Zip Code: 20044-0875
   Phone Number: (202) 514-9038
   Email Address: Matthew.Troy@usdoj.gov

   Where should payments to the creditor be sent? (if different)
   Name: _____
   Attorney Name (if applicable): _____
   Attorney Bar Number (if applicable): _____
   Street Address: _____
   City: _____
   State: _____
   Zip Code: _____
   Phone Number: _____
   Email Address: _____

5. **Does this claim amend one already filed?**
   ☒ No
   ☐ Yes. Claim number on court claims registry (if known) _____ Filed on __ / __ / ____

6. **Do you know if anyone else has filed a proof of claim for this claim?**
   ☒ No
   ☐ Yes. Who made the earlier filing? _____

Proof of Claim (Fire Related)  Page 1

Claim Number: 59783

| Part 2: | Give Information About the Claim as of the Date this Claim Form is Filed | |
|---|---|---|
| 7. What fire is the basis of your claim?<br><br>Check all that apply. | ☐ Camp Fire (2018)<br>☐ North Bay Fires (2017)<br>☐ Ghost Ship Fire (2016)<br>☒ Butte Fire (2015)<br>☐ Other (please provide date and brief description of fire: _____ | |
| 8. What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.? | Location(s): See attachment | |
| 9. How were you and/or your family harmed?<br><br>Check all that apply | ☐ Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)<br>  ☐ Owner ☐ Renter ☐ Occupant ☐ Other (Please specify): _____<br>☐ Personal Injury<br>☐ Wrongful Death (if checked, please provide the name of the deceased)<br>☐ Business Loss/Interruption<br>☐ Lost wages and earning capacity<br>☐ Loss of community and essential services<br>☐ Agricultural loss<br>☒ Other (Please specify): See attachment | |
| 10. What damages are you and/or your family claiming/seeking?<br><br>Check all that apply | ☐ Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)<br>☐ Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)<br>☐ Punitive, exemplary, and statutory damages<br>☐ Attorney's fees and litigation costs<br>☐ Interest<br>☐ Any and all other damages recoverable under California law<br>☒ Other (Please specify): See attachment | |
| 11. How much is the claim? | ☐ $160,598,290.22 - See attachment (optional)<br>☐ Unknown / To be determined at a later date | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☒ I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date **OCT 17 2019** (mm/dd/yyyy)

_____
Signature

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | Robert | J. | Fenton |
| | First name | Middle name | Last name |
| Title | Regional Administrator | | |
| Company | Department of Homeland Security/Federal Emergency Management Agency/Region IX | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 1111 Broadway, Suite 1200 | | |
| | Number  Street | | |
| | Oakland | CA | 94607 |
| | City | State | ZIP Code |
| Contact phone | 510-627-7100 | Email | FEMA-R9-Regional-Administrator@fema.dhs.gov |

Proof of Claim (Fire Related) — Page 3

## Attachment to Proof of Claim of United States of America
## in In re Pacific Gas and Electric Company
## Chapter 11 Case No. 19-30088 (DM)
## pending in the United States Bankruptcy Court for the
## Northern District of California

Name of Creditor and Address:

    United States of America
    Department of Homeland Security
    Federal Emergency Management Agency
    Region IX
    1111 Broadway, Suite 1200
    Oakland, CA 94607
    Attn: Robert J. Fenton

Name and Address Where Notices Should Be Sent:

    MATTHEW J. TROY
    Civil Division
    U.S. Department of Justice
    P.O. Box 875
    Ben Franklin Station
    Washington, D.C. 20044-0875

    Attorney for United States

    Telephone numbers:

    (202) 514-9038 (Matthew J. Troy)

Account or other number by which creditor identifies debtor:

    None.

ITEMS 8, 9, and 10 – Loss Location, Harm, and Damages:

    By filing this claim using the **Proof of Claim (Fire Claim Related)**, the United States (a) does not concede that this claim is a Wildfire Claim, as defined in the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 502(c) for the Establishment of Wildfire Claims Estimation Procedures*, Docket No. 3091; (b) reserves its right to argue that this claim is not subject to estimation; and (c) reserves its right to object to any plan of reorganization filed in the Debtor's case that purports to classify the United States' wildfire related claims as Wildfire Claims whose only source of recovery is a litigation trust with a channeling injunction and a capped funding amount established pursuant to an estimation proceeding.

Attachment to Proof of Claim of United States of America
In re Pacific Gas and Electric Company Chapter 11 Case No. 19-30088 (DM)

### A. The Stafford Act Provides FEMA a Statutory Cause of Action for Recovering Federal Assistance from Persons Who, by Their Intentional Acts or Omissions, Cause a Condition Resulting in a Major Disaster.

On September 9, 2015, a wildfire that became known as the "Butte Fire" started in Amador County, California and quickly spread to Calaveras County, California. On September 21, 2015, the Governor of California requested a federal major disaster declaration under section 401 of the Robert T. Stafford Disaster Assistance and Emergency Relief Act ("Stafford Act"), 42 U.S.C. §§ 5121 *et seq*, asserting to the President that the State of California was overwhelmed and in need of supplementary federal assistance for debris removal, emergency protective measures, repair and replacement of public infrastructure, and assistance to individuals impacted by the Butte Fire. The President on September 23, 2015 determined the Butte Fire was beyond state and local capability and added it to an existing major disaster declaration for a fire burning concurrently (FEMA-4240-DR-CA), authorizing FEMA to provide Individual Assistance for Calaveras County. On September 24, 2015 and October 8, 2015, the major disaster declaration was further amended to authorize Public Assistance for Calaveras County.

The destruction caused by the Butte Fire affected thousands of people and left hundreds of thousands of tons of debris in its wake. According to the California Department of Forestry and Fire Protection (Cal FIRE), the Butte Fire destroyed 965 structures, burned a total of 70,868 acres, and resulted in deaths and injuries. FEMA has incurred significant costs to provide assistance to individuals, state and local governments and private non-profits for their expenses and losses resulting from the Butte Fire. To individuals FEMA has provided financial grants for housing repair, rental and other unmet, disaster-caused needs, and manufactured housing units for temporary housing. To the state and local governments FEMA has provided direct federal assistance which includes goods and services for debris removal activities and emergency medical response and financial grants for debris removal, firefighting and the repair and replacement of public infrastructure damaged by the fire. To certain non-profits FEMA has provided financial grants for the repair and replacement of facilities damaged by the fire. In addition, FEMA incurred significant expenses in coordinating, distributing, and overseeing this assistance.

The Stafford Act is clear that assistance under the Act is supplementary. 42 U.S.C. § 5122(2). The Act expects FEMA to offset taxpayer costs from third parties responsible for the event that resulted in the need for a major disaster declaration. 42 U.S.C. § 5160(a). The Act mandates FEMA avoid duplicating resources available to applicants from insurance and other sources. 42 U.S.C. § 5155(a).

Cal FIRE investigators determined that electrical transmission lines owned and operated by Pacific Gas and Electric Company (the Debtor) caused the Butte Fire. Cal FIRE News Release, *CAL FIRE Investigators Determine Cause of Destructive Butte Fire* (April 28, 2016). Cal FIRE forwarded their investigative report to the County District Attorney for potential prosecution. *Id.*

In the years leading up to the Butte Fire, the California Public Utilities Commission found that the Debtor had failed to effectively cure critical safety problems and manage risk appropriately, putting PG&E on notice that its distribution system had significant safety

2

Case: 19-30088    Doc# 4943-7    Filed: 12/02/19    Entered: 12/02/19 16:07:12    Page 5 of 12

issues. The Butte Fire was the first of several major fires that Cal FIRE has attributed to the Debtor's equipment in the last four years. In addition to Butte Fire, Cal FIRE also determined the Debtor's equipment caused the Camp Fire that occurred in November 2018, the deadliest and most destructive wildfire in the history of California. Cal FIRE News Release, *CAL FIRE Investigators Determine Cause of the Camp Fire* (May 15, 2019). The 2018 Camp Fire attributed to PG&E burned 153,336 acres, destroyed more than 18,000 structures, and caused 85 fatalities. The Debtor also caused the 2017 Northern California Wildfires in October 2017 which destroyed 8,585 structures, burned a total of 175,337 acres, and resulted in 42 civilian fatalities and several firefighter injuries. Cal FIRE News Release, *CAL FIRE Investigators Determine Causes of 12 Wildfires in Mendocino, Humboldt, Butte, Sonoma, Lake, and Napa Counties* (June 8, 2018). Though caused by PG&E, these fires were included in separate major disaster declarations under the Stafford Act.

Section 317 of the Stafford Act states, "[a]ny person who intentionally causes a condition for which Federal assistance is provided under this Act or under any other Federal law as a result of a declaration of a major disaster or emergency under this Act shall be liable to the United States for the reasonable costs incurred by the United States in responding to such disaster or emergency to the extent that such costs are attributable to the intentional act *or omission* of such person which caused such condition. Such action for reasonable costs shall be brought in an appropriate United States district court." (emphasis added) 42 U.S.C. § 5160(a).

FEMA is required to seek reimbursement for the assistance it provided under the Stafford Act. FEMA asserts that the costs it expended in disaster assistance for the Butte Fire, as described in Item 11, are reasonable and were required by a condition caused by the Debtor. PG&E is therefore liable to the United States for these costs.

### B. FEMA Can Recover Disaster Assistance from the Debtor Because the Debtor Created a Public Nuisance.

The Debtor's creation of the Butte Fire constituted a nuisance that was harmful to health and interfered with the comfortable enjoyment of life or property. Under California law, a nuisance is defined as "[a]nything which is injurious to health, ... or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property." Cal. Civ. Code §3479. A public nuisance also "affect[s] at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal." Cal. Civ. Code §3480.

The Debtor created the Butte Fire condition causing widespread, substantial harm to both people and property that is not outweighed by the social utility of Debtor's conduct. With the State of California's resources overwhelmed, FEMA expended costs to abate the nuisance that was the direct result of Debtor's conduct and lack of oversight of its electric system.

### C. FEMA's Provision of Disaster Assistance Unjustly Enriched the Debtor.

Restitution for an unjust enrichment is an appropriate remedy for the Debtor's conduct in causing the Butte Fire. Restitution is appropriate because it would be inequitable for the Debtor

**Attachment to Proof of Claim of United States of America**
**In re Pacific Gas and Electric Company Chapter 11 Case No. 19-30088 (DM)**

to retain the benefit of FEMA's assistance without paying for its value. The Debtor has received an unjust enrichment from the Federal government because the Debtor has not accepted the financial burden resulting from its conduct and instead, has relied on the public fisc to make the victims of the fire whole. Providing restitution in the amounts described in Item 11 would remove some of the financial gains of the Debtor's conduct and would require the Debtor to pay its fair share of recovery.

ITEM 11 – Amount of Claim:

**Overview**

The stated amount of this claim reflects the Debtor's currently known liability to the Department of Homeland Security, Federal Emergency Management Agency (FEMA) for the debt described herein, and FEMA reserves the right to amend, supplement, and/or correct this proof of claim.

This claim is entitled to treatment as a secured claim under 11 U.S.C. § 506 to the extent it is subject to setoff by a claim of the Debtor against FEMA or any other United States agency, department or instrumentality. The United States is a unitary creditor for purposes of setoff. Any monies identified as owing to the Debtor by any United States agency, department or instrumentality other than FEMA are subject to setoff against this claim. The administrative freeze of any such monies owing to the Debtor by the United States is without prejudice to the United States' right under 11 U.S.C. § 553 to setoff such monies against this claim.

Costs associated with FEMA's Proof of Claim has three broad categories:

1. Public Assistance – Direct assistance and financial assistance to the State, local government, tribal governments, and certain private non-profits for debris removal, emergency protective measures, and the permanent repair/replacement of damaged infrastructure.

2. Individual Assistance – (1) Financial assistance to individuals and households for repair/replacement of damaged housing, temporary housing, and other needs; (2) Direct temporary housing assistance to individuals and households (e.g., Mobile homes and travel trailers); and (3) Financial assistance to government agencies or non-profits to provide community services for disaster unemployment, crisis counseling, case management, and legal services.

3. Administrative Costs – FEMA's direct costs incurred in administering its major disaster assistance programs. These costs include, but are not limited to, wages, travel, support from other Federal agencies, support from contractors, temporary facility expenses, and supplies and equipment.

The below sections provide additional detail on each of these categories of costs. FEMA is providing summary spreadsheets accounting for these costs. The primary spreadsheet FEMA

4

Attachment to Proof of Claim of United States of America
In re Pacific Gas and Electric Company Chapter 11 Case No. 19-30088 (DM)

utilizes to track disaster specific obligations is the Financial Information Tool (FIT) Report. FEMA has thousands of pages of documentation available to support each entry on the FIT Report which can be made available upon request.

### FEMA Butte Fire (DR-4240) Cost Summary

| PUBLIC ASSISTANCE | | |
|---|---|---:|
| *Financial Assistance* | | |
| County Project Worksheets | $ | 12,939,516.63 |
| State Agency Project Worksheets | $ | 116,923,899.33 |
| | | |
| *Direct Federal Assistance* | | |
| Mission Assignments | $ | 1,159,552.47 |
| FEMA Commodities | $ | 28,123.30 |
| | | |
| **PA TOTAL** | $ | **131,051,091.73** |
| | | |
| **INDIVIDUAL ASSISTANCE** | | |
| *Individuals and Households Program* | | |
| Housing Assistance | $ | 4,194,564.68 |
| Other Needs Assistance (75% Federal Share) | $ | 781,412.38 |
| Transitional Sheltering Assistance | $ | 89,168.86 |
| | | |
| *Direct Temporary Housing Assistance* | $ | 6,281,254.02 |
| | | |
| *Community Services Programs* | | |
| Disaster Unemployment Assistance | $ | 454,073.36 |
| Crisis Counseling Program | $ | 287,921.82 |
| | | |
| **IA TOTAL** | $ | **12,088,395.12** |
| | | |
| **ADMINISTRATIVE COSTS** | | |
| Salaries and Benefits | $ | 8,599,187.13 |
| Travel | $ | 4,219,227.24 |
| Transportation | $ | 70,189.72 |
| Rent, Communications, and Utilities | $ | 896,411.82 |
| Federal Operations Support | $ | 1,055,768.02 |
| Supplies and Materials | $ | 111,785.68 |
| Equipment | $ | 104,393.50 |
| Other Services | $ | 1,016,084.17 |
| Contractor Services | $ | 1,385,756.09 |

Attachment to Proof of Claim of United States of America
In re Pacific Gas and Electric Company Chapter 11 Case No. 19-30088 (DM)

| ADMIN COST TOTAL | $ | 17,458,803.37 |
|---|---|---|
| | | |
| BUTTE FIRE TOTAL | $ | 160,598,290.22 |

**Public Assistance Costs**

Public Assistance includes direct assistance and financial assistance to the State, local government, tribal governments, and certain private non-profits (Applicant) for debris removal, emergency protective measures, and the permanent repair/replacement of damaged infrastructure authorized under sections 403, 406, and 407 of the Stafford Act. FEMA may provide Public Assistance through either financial assistance or direct Federal assistance.[1]

### A. Financial Assistance

FEMA divides Public Assistance into two broad categories: emergency work and permanent work. These types of work are further subdivided into specific categories as follows:

| **Emergency Work** | **Permanent Work** |
|---|---|
| Category A – Debris Removal | Category C – Roads and Bridges |
| Category B – Emergency Protective Measures | Category D – Water Control Facilities |
| | Category E – Buildings |
| | Category F – Utilities |
| | Category G – Parks, Recreation, Other |

Debris removal (Category A) includes the removal and disposal of debris from public property. FEMA may also reimburse State and local governments for debris removal from private property when it is determined that the removal of such debris is in the public interest. Emergency protective measures (Category B) includes actions taken to save lives and alleviate immediate threats to public health and safety such as, but not limited to, fire suppression, evacuations, sheltering, and emergency medical care. Permanent work (Categories C-G) includes the permanent repair or replacement of disaster-damaged facilities. In addition, FEMA provides Public Assistance funding for administrative costs referred to as Category Z.

FEMA may provide Public Assistance through either financial assistance or direct Federal assistance. Under financial assistance, FEMA reimburses the Applicant for the Federal share of eligible work performed by the Applicant. The eligible scope of work and cost for each project funded by FEMA is documented in a Project Worksheet. Project Worksheets for DR-4240 were recorded in the Emergency Management Mission Integrated Environment (EMMIE), a system used to record Federal obligations for the Public Assistance program. Due to the voluminous

---

[1] FEMA notes it is only including the Federal share of Public Assistance costs in this Proof of Claim. Other public entities, including the State and local governments, may be filing a Proof of Claim for the same projects that include the Federal and non-Federal share. If FEMA's claim is allowed by the Court, the Proofs of Claim filed by these other entities may be reduced by the Federal share.

6

documentation supporting each Project Worksheet, this Attachment includes a summary spreadsheet of Project Worksheets for DR-4240. Additional supporting documentation is available for each Project Worksheet, which can be made available upon request.

### B. Direct Federal Assistance

Besides financial assistance, FEMA may also provide direct Federal assistance for emergency work. Under direct Federal assistance, the Federal government provides Federal property or services to perform a specific mission requested by the State. FEMA may provide commodities or equipment directly to the State from existing warehouse stores or directly purchase and provide commodities or equipment. These costs are recorded in the Enterprise Coordination & Approvals Processing System (eCAPS) for each order. Documentation for costs associated with FEMA commodities provided to the State are included in the "Immediate Needs Assistance" line item of the Financial Information Tool Report in Exhibit D. Additional supporting documentation is available for each order, which can be made available upon request.

FEMA may also task and reimburse another Federal agency, under the authority of the Stafford Act, to provide direct Federal assistance to a State. The scope of work and costs eligible for reimbursement to the other Federal agency are documented in a Mission Assignment, which is recorded in eCAPS. Due to the voluminous documentation available to support each Mission Assignment, this Attachment includes a summary spreadsheet of the Mission Assignment orders for DR-4240. Additional supporting documentation is available for each Mission Assignment, which can be made available upon request.

### C. Incident Summary

The major disaster declaration DR-4240 included both the Valley Fire (Lake County) and Butte Fire (Calaveras County). All Public Assistance costs directly related to the Valley Fire are excluded from this Proof of Claim. For State Agency work that supported both the Valley Fire and Butte Fire, FEMA is claiming 55% of costs based on the relative damage caused by the Valley Fire versus the Butte Fire. FEMA calculated this percentage by comparing State Agency costs that were directly related to the Butte Fire versus those directly related to the Valley Fire.

FEMA funded 33 Project Worksheets for Applicants located within Calaveras County, which are all directly related to the Butte Fire. FEMA funded an additional 37 Project Worksheets for State Agency Applicants. Nine (9) of the State Agency Project Worksheets were for work solely performed in Calaveras County and are all directly related to the Butte Fire. Sixteen (16) of the State Agency Project Worksheets were for work solely performed in Lake County and are not related to the Butte Fire. The remaining 12 of the State Agency Project Worksheets were for work supporting both the Valley and Butte Fires, so FEMA is claiming 55% of the costs.

FEMA issued two direct Federal assistance Mission Assignments to other Federal agencies to provides direct assistance to the State. These 2 Mission Assignments supported both the Valley and Butte Fires, so FEMA is claiming 55% of the costs. FEMA commodities were also provided for both fires, so FEMA is claiming 55% of the costs.

Attachment to Proof of Claim of United States of America
In re Pacific Gas and Electric Company Chapter 11 Case No. 19-30088 (DM)

**Individual Assistance Costs**

Individual Assistance includes financial assistance to individuals and households for repair/replacement of damaged housing, temporary housing, and other needs and direct temporary housing assistance (e.g., Mobile homes and travel trailers) under section 408 of the Stafford Act. Individual Assistance also includes financial assistance to government agencies or non-profits to provide community services for disaster unemployment, crisis counseling, case management, and legal services under sections 410, 415, 416, and 426 of the Stafford Act. The Federal share of Individual Assistance, with one exception, is 100% of eligible costs. The Federal share of the Individual and Household Program – Other Needs Assistance program is 75% of eligible costs with the State paying the other 25%.

### A. Assistance Directly to Individuals and Households

Assistance directly to individuals and households is provided through the Individuals and Households Program. Under the Individuals and Households Program, FEMA may provide financial assistance for the repair/replacement of damaged housing, temporary housing (e.g., the cost of renting temporary housing or lodging expenses), and other unmet disaster-caused needs (referred to as the Other Needs Assistance program) such as replacement of personal property, medical/dental expenses, childcare expenses, and funeral expenses. For DR-4240, the maximum amount of financial assistance available under the Individuals and Households Program was $32,900 across all categories of assistance.

Individuals and households are also eligible for direct temporary lodging assistance under the Transitional Sheltering Assistance program. Under the Transitional Sheltering Assistance program, FEMA directly pays participating hotels to house disaster survivors. Eligible applicants must receive authorization from FEMA to stay in a Transitional Sheltering Assistance program participating hotel. When there is insufficient temporary housing available in an affected community, FEMA may also provide individuals and households with direct temporary housing assistance through temporary housing units such as a mobile homes and travel trailers. FEMA provides temporary housing by placing temporary housing units on disaster survivor's land, commercially leased space, or on group sites built by FEMA. Costs associated with a direct housing mission include purchase, transportation, installation, and removal of a temporary housing unit, lease costs for a temporary housing unit site, and other incidental expenses such as utilities or installation of accessibility features.

### B. Community Services Programs

In addition to assistance provided directly to individuals and households, FEMA provides financial assistance to government agencies or non-profits to provide community services to the entire disaster affected community for disaster unemployment, crisis counseling, case management, and legal services.

Attachment to Proof of Claim of United States of America
In re Pacific Gas and Electric Company Chapter 11 Case No. 19-30088 (DM)

For the Disaster Unemployment Program, FEMA provides financial assistance to the California Employment Development Department to provide assistance to individuals who have disaster-caused unemployment.

For the Crisis Counseling Program, FEMA provides financial assistance to the California Department of Healthcare Services to fund mental health counseling for disaster survivors. Funding is provided under two grants: the Immediate Services Program and the Regular Service Program.

### C. Incident Summary

The major disaster declaration DR-4240 included both the Valley Fire (Lake County) and Butte Fire (Calaveras County). All Individual Assistance costs directly related to the Valley Fire are excluded from this Proof of Claim. For the community services programs that supported both the Valley Fire and Butte Fire, FEMA is claiming 41% of costs based on the relative damage caused by the Valley Fire versus the Butte Fire. FEMA calculated this percentage by comparing the amount of financial assistance provided to disaster survivors impacted by the Butte Fire versus those disaster survivors directly impacted by the Valley Fire.

FEMA provided 597 Housing Assistance awards and 312 Other Needs Assistance awards to individuals and households within Calaveras County, which are all directly related to the Butte Fire. Twenty-eight (28) individuals and households within Calaveras County received Transitional Sheltering Assistance for a total of 883 room nights.

Because of the lack of available temporary housing in the affected community, FEMA activated its direct housing program for DR-4240. FEMA provided 32 temporary housing units in Calaveras County, which represented 39% of all temporary housing units provided for DR-4240. All temporary housing units were located on private sites or commercial sites. Documentation for costs associated with temporary housing are included in the "Manufactured Housing" line item of the FIT Report.

### Administrative Costs

FEMA's costs for administering its major disaster assistance programs include, but are not limited to, salaries and benefits, travel, support from other Federal agencies, support from contractors, temporary facility expenses, and supplies and equipment. FEMA's administrative costs are fully funded by the Federal government, as there is no State cost share.

### A. Salaries & Benefits

FEMA utilizes both permanent and temporary staff to support its major disaster assistance programs. FEMA's permanent staff are hired under the authority of Title 5 of the U.S. Code and are funded from regularly occurring appropriations. For permanent employees, FEMA charges overtime costs to a specific major disaster declaration, and those are the only wages included in this Proof of Claim for this category of employee.

9