Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone:    415-659-2900
Facsimile:    415-659-2601
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
David J. Richardson (SBN 168592)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone:   310.820.8800
Facsimile:   310.820.8859
Email: esagerman@bakerlaw.com
Email: drichardson@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel to the Official Committee of Tort Claimants*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

**In re:**

**PG&E CORPORATION**

   **-and-**

**PACIFIC GAS AND ELECTRIC COMPANY,**

                    **Debtors.**

☐ Affects PG&E Corporation

☐ Affects Pacific Gas and Electric Company

■ Affects both Debtors

*All papers shall be filed in the Lead Case, No. 19-30088 (DM)*

Bankruptcy Case
No. 19-30088 (DM)

Chapter 11 (Lead Case)
(Jointly Administered)

**JOINDER OF OFFICIAL COMMITTEE OF TORT CLAIMANTS TO GHOST SHIP PLAINTIFFS' MOTION FOR RELIEF FROM STAY [Dkt. No. 4875]**

Date:      December 17, 2019
Time:      10:00 a.m. (Pacific Time)
Place:     United States Bankruptcy Court
           Courtroom 17, 16th Floor
           San Francisco, CA 94102

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

The Official Committee of Tort Claimants ("**TCC**") in the chapter 11 cases of PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") respectfully files this joinder ("**Joinder**") to the motion ("**Motion**") of the Ghost Ship plaintiffs ("**Ghost Ship Plaintiffs**") for relief from the automatic stay [Dkt. No. 4875].

The December 2, 2016 Ghost Ship Fire killed 36 individuals and injured dozens more. A total of 70 survivors and family members who lost their loved ones filed 53 lawsuits against a group of defendants and PG&E alleging the defendants were responsible for their damages. Declaration of Mary Alexander [Dkt. No. 4877], filed in support of the Motion, at ¶¶ 4-9. PG&E's insurance for 2016 fully insures the Ghost Ship claims and hence does not compete with the 2015, 2017 and 2018 wildfire claims that caused PG&E to file this chapter 11 case. *Id.* at ¶¶ 23, 30.

In both of the proposed plans of reorganizations, the Ghost Ship Plaintiffs' claims would ride through the bankruptcy subject to the Debtors' insurance. *See* Debtors' Joint Chapter 11 Plan of Reorganization Dated Nov. 4, 2019 at Section 4.21 [Dkt. No. 4563]; Joint Chapter 11 Plan of Reorganization of Official Committee of Tort Claimants and Ad Hoc Committee of Unsecured Noteholders at Section 10.09(f) [Dkt. No. 4257]. It is in the best interests of the Ghost Ship Plaintiffs for their resolution of their claims by that insurance to be advanced, rather than delayed to after plan confirmation.

The Ghost Ship Plaintiffs have stated that they believe that their claims are within the limits of the Debtors' insurance. Alexander Declaration at ¶ 23. According to Ms. Alexander, "Granting relief from stay will allow the Ghost Ship Litigation to proceed against the Debtors, in order to establish liability of the Debtors, obtain judgment(s) against the Debtors, and collect any judgment(s) obtained against the Debtors to the extent of available insurance." *Id.* at ¶ 31. Hence, relief from stay is in the best interests of the estate and wildfire victims who seek to maximize their recoveries from the non-Ghost Ship insurance assets.

The Ghost Ship Plaintiffs have filed their Motion to enable them to recover from the Debtors' insurance policies without delay. Insurance coverage for both Valero Refining Company

California ("**Valero**") and the Ghost Ship Plaintiffs exists under 2016 policies that do not cover the 2015, 2017 and 2018 wildfire claims. The Court has granted relief from stay for Valero to proceed against the same 2016 insurance [Dkt. No. 3819] and therefore the Ghost Ship Plaintiffs' claims against the 2016 insurance should have equal access and relief from stay. The Ghost Ship Plaintiffs are suffering and there is no valid reason for delaying the liquidation of their claims against the insurance.

## **CONCLUSION**

Wherefore, for all of the reasons argued herein and in the Motion, the TCC respectfully requests that this Court grant the Motion.

Dated: December 2, 2019

Respectfully submitted,

BAKER & HOSTETLER LLP

By:   _/s/Robert A. Julian_
 Robert A. Julian

*Counsel to the Official Committee of Tort Claimants*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case: 19-30088   Doc# 4945   Filed: 12/02/19   Entered: 12/02/19 17:14:02   Page 3 of 3