JOSHUA HILL JR. (SBN 250842)
jhill@mofo.com
CHRISTINE Y. WONG (SBN 284026)
christinewong@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Tel: (415) 268-7000
Fax: (415) 268-7522

*Special Regulatory Counsel to Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**SUPPLEMENTAL APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. § 327(E) AND FED. R. BANKR. P. 2014(A) AND 2016 FOR AN ORDER AMENDING THE SCOPE OF THE RETENTION OF MORRISON & FOERSTER LLP AS SPECIAL REGULATORY COUNSEL FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**<br><br>[No Hearing Requested] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Supplemental Application (the "**Supplemental Application**"), pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order amending the scope of the Debtors' retention of Morrison & Foerster LLP ("**Morrison & Foerster**" or the "**Firm**") as special regulatory counsel to the Debtors effective as of the Petition Date (as defined below).

In support of this Supplemental Application, the Debtors submit the Supplemental Declaration of Joshua Hill Jr., a member of the Firm (the "**Supplemental Hill Declaration**"), filed concurrently herewith. A proposed form of order approving the retention and employment of Morrison & Foerster is annexed hereto as **Exhibit A** (the "**Proposed Order**").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND AND INITIAL RETENTION OF MORRISON & FOERSTER

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

On May 22, 2019, the Debtors filed the *Application of Debtors Pursuant to 11 U.S.C. § 327(e) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Retain and Employ Morrison & Foerster LLP as Special Regulatory Counsel for the Debtors Effective as of the Petition Date* [Docket No. 2193] (the "**Initial Application**"). The Initial Application sought the entry of an order authorizing the Debtors to retain Morrison & Foerster as special regulatory counsel in connection

with certain ongoing investigations by the Safety and Enforcement Division of the CPUC (collectively, the "**Special Counsel Matters**").

On June 12, 2019, the Court entered an order approving the retention of Morrison & Foerster to advise the Debtors with respect to the Special Counsel Matters. *See* Docket No. 2502 (the "**Initial Retention Order**").

As described in greater detail in the *Declaration of Joshua Hill, Jr. in Support of Application of Debtors Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bank. P. 2014(a) and 2016 for Authority to Retain and Employ Morrison & Foerster LLP as Special Regulatory Counsel for the Debtors Effective as of the Petition Date* [Docket No. 2194] (the "**Initial Hill Declaration**," and along with the Supplemental Hill Declaration, the "**Hill Declarations**"), the Debtors' post-petition retention of Morrison & Foerster is governed by a prepetition engagement letter and related Master Services Agreement (together, the "**Engagement Letter**"), attached to the Initial Hill Declaration as Exhibit A. In addition to providing services related to the Special Counsel Matters, the Engagement Letter also contemplates that, from time to time, Morrison & Foerster may also advise—and historically has advised—the Debtors with respect to certain capital markets, corporate governance, and executive compensation matters as well.

Morrison & Foerster has determined that certain of the services it has provided to the Debtors are—although within the scope of the Engagement Letter—beyond the scope of the Special Counsel Matters. Further, and subsequent to the entry of the Initial Retention Order, the Debtors have requested that Morrison & Foerster provide certain additional services outside of the scope of the Special Counsel Matters. The Debtors submit this Supplemental Application for entry of an order authorizing the Debtors to retain Morrison & Foerster to provide such supplemental services.

**III. SCOPE OF SUPPLEMENTAL RETENTION**

Subject to further order of this Court, it is proposed that Morrison & Foerster be employed pursuant to the Engagement Letter to render the following professional services (the "**Supplemental Matters**"):

    a.    preparing memoranda analyzing compensation, corporate, and labor law considerations relating to the PG&E Corp. and Utility Executive Incentive Compensation Recruitment Policy;

b.  formulating strategy and providing general legal advice with respect to executive compensation policies;

c.  advising the Debtors with respect to regulatory disclosures, corporate governance, and the Debtors' corporate form; and

d.  performing all other necessary legal services in connection with the foregoing; *provided*, *however*, that to the extent Morrison & Foerster determines that such services fall outside of the scope of services historically or generally performed by Morrison & Foerster as special regulatory counsel, Morrison & Foerster will file a supplemental declaration.

It is necessary for the Debtors to employ attorneys to render the forgoing services. Morrison & Foerster has stated its desire and willingness to act in these cases and render these services as attorneys for the Debtors, and provided similar services pursuant to the Engagement Letter prior to the Petition Date. Therefore, the Debtors seek to expand the scope of Morrison & Foerster's retention.

## IV. NO DUPLICATION OF SERVICES

In addition to this Application, the Debtors have retained: (i) Weil Gotshal & Manges LLP, as lead bankruptcy counsel, (ii) Keller & Benvenutti LLP, as co-bankruptcy counsel, (iii) Cravath, Swaine & Moore LLP, as corporate counsel ("**Cravath**"), (iv) Munger, Tolles & Olson LLP, as regulatory counsel, (v) Lazard Frères & Co. LLC, as investment banker, (vi) AP Services, LLP, to provide a chief restructuring officer, deputy chief restructuring officer, and other personnel, (vii) Prime Clerk, LLC, as claims and noticing agent, and (viii) Groom Law Group, Chartered ("**Groom**"), as special employee benefits counsel. The Debtors may also file applications to employ additional professionals. Rather than resulting in any extra expense to the Debtors' estates, it is anticipated that the efficient coordination of efforts of the Debtors' attorneys and other professionals will greatly add to the progress and effective administration of these Chapter 11 Cases.

As described in the Hill Declarations, Morrison & Foerster will only advise the Debtors with respect to the Special Counsel Matters and the Supplemental Matters. The scope of Morrison & Foerster's engagement with respect to the Special Counsel Matters is described in detail in the Initial Hill Declaration. Further, the management compensation matters and other Supplemental

Matters for which Morrison & Foerster has been retained is separate from the general corporate work that Cravath performs. In addition, Morrison & Foerster has coordinated—and intends to continue coordinating—with Cravath (as well as the other professionals in these Chapter 11 Cases) to ensure a clear delineation of each firm's respective roles to prevent duplication of services and ensure the cases are administered in the most efficient fashion possible.

The management compensation work for which Morrison & Foerster has been retained—which is limited to advising the Debtors with respect to their executive and management compensation programs—is distinct from the work being performed by Groom. In particular, Groom provides legal services to the Debtors with respect to their pension and employee benefit plans, and advises the Debtors on issues relating to the Debtors' obligations under ERISA, the Internal Revenue Code, and other applicable labor laws and regulations, all of which are beyond the scope of the Special Counsel Matters and the Supplemental Matters. Nonetheless, to the extent that any overlap may arise between the scope of the work performed by Morrison & Foerster and Groom, Morrison & Foerster intends to coordinate with Groom to prevent the duplication of services.

## V.   MORRISON & FOERSTER'S DISINTERESTEDNESS

To the best of the Debtors' knowledge, the partners of, counsel to, and associates of Morrison & Foerster do not have any connection with or any interest adverse to the Debtors, their creditors, or any other party in interest with respect to the Special Counsel Matters or the Supplemental Matters. In addition, to the best of the Debtors' knowledge, and based on the Hill Declarations, Morrison & Foerster does not have any connection with any creditor or other party in interest, except as may be set forth in the Hill Declarations.

Based upon the information set forth in the Hill Declarations, Morrison & Foerster is therefore qualified to serve as counsel to the Debtors pursuant to Bankruptcy Code section 327(e). *See In re AroChem Corp.*, 176 F.3d 610, 622 (2d. Cir. 1999) ("[W]here the trustee seeks to appoint counsel only as 'special counsel' for a specific matter, there need only be no conflict between the trustee and counsel's creditor client with respect to the specific matter itself.") (quoting *Stombous v. Kilimnik*, 988 F.2d 949, 964 (9th Cir. 1993)) (internal quotations omitted).

The Debtors have been informed that Morrison & Foerster will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise. If any new relevant facts or relationships are discovered, Morrison & Foerster will supplement its disclosure to the Court.

## VI. PROFESSIONAL COMPENSATION

As set forth in the Hill Declarations, for the 90 days prior to the Petition Date, Morrison & Foerster received payments and advances in the aggregate amount of $280,521.63 for professional services performed and to be performed, and expenses incurred and to be incurred in connection therewith. Morrison & Foerster did not receive an advance payment retainer from the Debtors, and all amounts collected were in connection with invoices submitted to the Debtors by Morrison & Foerster.

The Debtors understand and have agreed that Morrison & Foerster hereafter will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees,* effective February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), and any further Orders of the Court (the "**Orders**") for all professional services performed and expenses incurred after the Petition Date.

Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and the Orders, the Debtors propose to compensate Morrison & Foerster for services rendered at the hourly rates in effect from time to time, as set forth in the Hill Declarations and the Engagement Letter, and to reimburse Morrison & Foerster according to its customary reimbursement policies. The Debtors respectfully submit that Morrison & Foerster's rates and policies stated in the Hill Declarations, which were approved by the Court in connection with the Initial Retention Order, are reasonable and appropriate.

**VII. NOTICE**

Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order (i) granting the relief requested herein as a sound exercise of the Debtors' business judgment and in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: December 2, 2019

Respectfully submitted,

*/s/ Janet Loduca*

Janet Loduca
Title: Senior Vice President and Interim General Counsel