**Entered on Docket
December 03, 2019**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: December 3, 2019

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

In re:

PG&E CORPORATION,

   - and -

PACIFIC GAS AND ELECTRIC COMPANY,

   Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Bankruptcy Case No. 19-30088-DM

Chapter 11

Jointly Administered

### ORDER ON APPLICABILITY OF INVERSE CONDEMNATION; RULE 54(b) CERTIFICATION

**I.    INTRODUCTION**

For the reasons stated in this court's Memorandum Decision on Inverse Condemnation filed on November 27, 2019 (Dkt. #4895), the doctrine of inverse condemnation applies to Debtors as a matter of law.

1   This order is issued pursuant to this court's Order Establishing Pre-Confirmation Briefing and Hearing Schedule for Certain Legal Issues (Dkt. #4540), Rule 54(b) of the Federal Rules of Civil Procedure ("FRCP") and Rules 7054, 9014 and 9021 of the Federal Rules of Bankruptcy Procedure.

## II.     BACKGROUND

The court's concurrent Memorandum Decision concludes that the doctrine of inverse condemnation applies to Debtors. The Memorandum Decision is based purely on the legal issue with no factual findings. Although there was no motion or request formally filed to obtain this order, this court's Order Establishing Pre-Confirmation Briefing and Hearing Schedule for Certain Legal Issues (Dkt. #4540) sets the stage for orders being deemed final and being certified for direct appeal if it appeared appropriate at the time of the decision. At the hearing on inverse condemnation, the court asked the parties whether they wished to pursue this issue on direct appeal to the Ninth Circuit. The parties answered in the affirmative.

## III.    FINAL JUDGMENT

FRCP 54(b) provides that, when more than one claim for relief is presented in an action, a court may direct entry of final judgment upon an express determination that there is no just reason for delay. As laid out by the United States Supreme Court, a court must first determine it is dealing with a final judgment. *Curtiss-Wright Corporation v. General Electric Company*, 446 U.S. 1, 7 (1980). The judgment must be "a decision upon a cognizable claim for relief" and must be final in the sense that "it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.*, *quoting Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956). The court must then determine whether there is any just reason for delay. *Curtiss-Wright*, 446 U.S. at 8.

Here, this court is dealing with a final judgment. The issue of whether inverse condemnation applies to Debtors has been fully briefed and disposed of in the context of this proceeding. Nothing further needs to be adjudicated on this topic and no sub-issues remain. The issue of whether inverse condemnation will not be called into question by further proceedings in this case.

In addition, there is no just reason for delay. In making this determination, this court must take into account judicial administrative interest as well as equities, particularly to preserve federal policy against piecemeal appeals. *See Curtiss-Wright*, 446 U.S. at 8. Here, the issue of inverse condemnation in this case is separable from other issues of Debtors' liability in wildfires, as this issue pertains to just one theory of liability, one without regard to fault or negligence, only causation. An appellate court will not be faced with deciding this discrete issue more than once: this court has ruled on the issue of inverse condemnation, which shall not be disturbed unless an appellate court overturns it. *See In Re Pacific Gas and Electric Company*, 275 B.R. 1, 3 (Bankr. N.D. Cal. 2002) (where court's definitive ruling on discrete issue was a factor in favor of finding no just reason for delay).

Finally, equity favors certification. As laid out in the Memorandum Decision, this issue determines Debtors' liability for billions of dollars and shapes the outline of a Chapter 11 plan and this case in general. The California Supreme Court has not ruled on this issue directly and the parties to this case require answers before a legislative deadline of June 30, 2020. Due to the dearth of California Supreme Court authority on this issue of public importance and the weight of an impending legislative deadline, this court sees no just reason for delay.

**\*\*\* END OF ORDER \*\*\***