XAVIER BECERRA, SBN 118517
Attorney General of California
MARGARITA PADILLA, SBN 99966
Supervising Deputy Attorney General
JAMES POTTER, SBN 166992
Deputy Attorney General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 879-0815
Fax: (510) 622-2270
Margarita.Padilla@doj.ca.gov
James.Potter@doj.ca.gov

STEVEN H. FELDERSTEIN, SBN 059678
PAUL J. PASCUZZI, SBN 148810
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Fax: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com

Attorneys for California Department of Toxic
Substances Control, et al.

XAVIER BECERRA, SBN 118517
Attorney General of California
DANETTE VALDEZ, SBN 141780
ANNADEL ALMENDRAS, SBN 192064
Supervising Deputy Attorneys General
Cara M. Porter, SBN 266045
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3367
Fax: (415) 703-5480
Danette.Valdez@doj.ca.gov
Annadel.Almendras@doj.ca.gov
Cara.Porter@doj.ca.gov

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>    - and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                  Debtors.<br>☐   Affects PG&E Corporation<br>☐   Affects Pacific Gas and Electric Company<br>☑   Affects both Debtors | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**STIPULATION AND AGREEMENT FOR ORDER ADDING CERTAIN CALIFORNIA STATE AGENCIES AS PARTIES TO CONFIDENTIALITY AND PROTECTIVE ORDER [DKT. NO. 3405], AS MODIFIED HEREIN**<br><br>[No hearing requested] |

This stipulation and agreement for order ("**Stipulation and Agreement for Order**") is entered into by PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, the "**Debtors**"), on the one hand, and the California Department of Forestry and Fire Protection, California Department of Toxic Substances Control, California Governor's Office of Emergency Services, California Department of Veterans Affairs, California State University, California Department of Parks and Recreation, California Department of Developmental Services and the California Department of Transportation (collectively, the "**California State Agencies**")[1], on the other hand. The Debtors and the California State Agencies are referred to in this Stipulation and Agreement for Order collectively as the "**Parties**," and each as a "**Party**." The Parties hereby stipulate and agree as follows:

## RECITALS

A. The California State Agencies desire to be parties to the Confidentiality and Protective Order entered by the United States Bankruptcy Court for the Northern District of California on August 7, 2019 in *In re PG&E Corp., et al.*, Case No. 3:19-bk-30088 at Docket No. 3405 (the "**Order**"), with certain modifications, to which the Debtors have agreed.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT THE ORDER BE MODIFIED AS FOLLOWS:**

1. <u>Treatment of Confidential Information for Law Enforcement Purposes</u>. Notwithstanding anything to the contrary in the Order, the California State Agencies may use Protected Material for duly authorized law enforcement or regulatory purposes and disclose such information to law enforcement personnel and agencies as set forth in California Government Code § 11181(g), and personnel of other California government agencies for such purpose (in either case, hereinafter referred to as "Law Enforcement Personnel"), provided that all such Law Enforcement Personnel agree to maintain the confidentiality of all Protected Material consistent with the terms of this Order. To the extent the California State Agencies or Law Enforcement Personnel deem it

---

[1] For avoidance of doubt, the California State Agencies joining the Order are only those listed herein above.

necessary in their regulatory or law enforcement discretion to disclose Protected Material in any public filing before a court or regulatory body, the California State Agencies or Law Enforcement Personnel may do the following: (a) file a motion or request with the applicable court or regulatory body to submit the Protected Material under seal for a minimum of 20 business days based on the terms of this Protective Order; (b) provide the Designating Party written notice no fewer than the greater of (i) 14 calendar days or (ii) 10 business days prior to the day such motion or request is filed so as to allow the Designating Party an opportunity to request that the filing remain under seal; and (c) agree to maintain the filing under seal for 20 business days, unless an applicable court or regulatory body orders otherwise. Provided, however, nothing in the Order or any modification herein: (i) prevents the California State Agencies or Law Enforcement Personnel from obtaining any document or writing produced in discovery in the Chapter 11 Cases through any other lawful procedure(s) and to use the information obtained through such lawful procedure(s) in accordance with applicable law or (ii) limits the California State Agencies or Law Enforcement Personnel from challenging, at any time, the propriety of a confidential designation under the terms of the Order.

2. <u>Treatment of Confidential Information Under California Public Records Act</u>. Protected Material may include documents relating to litigation and confidential financial, proprietary and trade secret information of the Debtors entitled to protection from public disclosure under 11 U.S.C. § 107. As such, a Designating Party may contend that the Protected Material is exempt from disclosure under the California Public Records Act (Cal. Gov't Code § 6250 *et seq*.), and protected from disclosure under 11 U.S.C. § 107, which is incorporated as an exemption from disclosure under the California Public Records Act, California Government Code § 6254(k).

a. If Protected Material is sought by a non-party to the Order by discovery request, subpoena, deposition question, interrogatories, Public Records Act request (California Government Code section 6250 et seq.), or otherwise sought through a requirement by law or regulation (collectively a "Requirement") such information shall not be disclosed except as required by applicable law or court order. A Party to the Order, as may be modified by the Court, receiving a Public Records Act request shall be the party that determines whether the disclosure of Protected Material in its possession is required by law or court order.

b. The Party receiving a request or demand for Protected Material through a Requirement shall immediately provide written notice to the Designating Party of the existence, terms, and circumstances of the request or demand, and will not disclose the Protected Material at issue for at least 10 calendar days from the date of providing the Designating Party written notice of such demand or request, to give each other Party an opportunity to seek an order to prevent such disclosure. If such an order is sought, the Party that received the request or demand shall refrain from disclosing the requested or demanded Protected Material until such time as a final determination is made on that order.

c. In the event that no order is timely sought by the Designating Party as provided for by paragraph (b) and a Party subject to a request or demand through a Requirement is compelled, in the opinion of its legal counsel, to disclose Protected Material in order to avoid violating the law, being found in contempt, or other substantial penalty, that party shall furnish only that portion of the Privileged Material which is legally required and will not be liable to any other party for the disclosure of Protected Material.

d. The costs and expenses for seeking a protective order shall be borne only by the party(ies) seeking the protective order.

Dated: December 3, 2019

| KELLER & BENVENUTTI LLP | XAVIER BECERRA |
| --- | --- |
| | Attorney General of California |
| */s/ Jane Kim* | MARGARITA PADILLA |
| Jane Kim | Supervising Deputy Attorney General |
| Attorneys for Debtors and | |
| Debtors in Possession | */s/ Paul J. Pascuzzi* |
| | STEVEN H. FELDERSTEIN |
| | PAUL J. PASCUZZI |
| | FELDERSTEIN FITZGERALD |
| | WILLOUGHBY PASCUZZI & RIOS LLP |
| | Attorneys for California Department of Forestry and Fire Protection, California Department of Toxic Substances Control, California Governor's Office of Emergency Services, California Department of Veterans Affairs, California State University, California Department of Parks and Recreation, California Department of Developmental Services, and California Department of Transportation |

# PROOF OF SERVICE

I, Karen L. Widder, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 500 Capitol Mall, Suite 2250, Sacramento, CA 95814. On December 3, 2019, I served the within documents:

**STIPULATION AND AGREEMENT FOR ORDER ADDING CALIFORNIA STATE AGENCIES AS PARTIES TO CONFIDENTIALITY AND PROTECTIVE ORDER [DKT. NO. 3405], AS MODIFIED HEREIN**

By Electronic Service only via CM/ECF.

*/s/ Karen L. Widder*
Karen L. Widder