# Milbank

**ANDREW M. LEBLANC**

*Partner*

1850 K Street, NW, Suite 1100  |  Washington, DC 20006

T: 202.835.7574

aleblanc@milbank.com  |  milbank.com

December 3, 2019

**VIA ECF**

Honorable Dennis Montali
United States Bankruptcy Court
Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, CA 94102

     Re:  *In re PG&E Corporation*, Case No. 19-30088 (DM) (Jointly Administered)

Dear Judge Montali:

   I write on behalf of the Official Committee of Unsecured Creditors (the "Creditors' Committee") of PG&E Corporation and its affiliated debtors (collectively, the "Debtors") regarding the need for a continuance of the December 17, 2019 hearing on the Debtors' *Motion for Entry of Orders (I) Approving Terms of, and Debtors' Entry Into and Performance Under, Exit Financing Commitment Letters and (II) Authorizing Incurrence, Payment, and Allowance of Related Fees and/or Premiums, Indemnities, Costs and Expenses as Administrative Expense Claims* (the "Motion") [Docket No. 4446] and a corresponding extension of time to respond to that Motion. The continuance is required because of the Debtors' ongoing failure to produce documents in response to discovery requests of the Creditors' Committee, the Official Committee of Tort Claimants (the "TCC"), and the Ad Hoc Committee of Unsecured Creditors (the "AHC," collectively, the "Requesting Parties").

   The Debtors filed their Motion on Wednesday, October 23, 2019, and set it for hearing on November 13, 2019. The Motion sought approval of Exit Financing Commitment Letters[1] sufficient to consummate the Debtors' plan of reorganization. The Requesting Parties served document requests and deposition notices focused on the negotiation of the terms of the Exit Financing Commitment Letters and fees, and what consideration, if any, was given to the present

---

[1]   Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | BEIJING | HONG KONG | SEOUL | SINGAPORE | TOKYO

Case: 19-30088   Doc# 4964   Filed: 12/03/19   Entered: 12/03/19 17:17:36   Page 1 of 3

uncertainties that might trigger a Termination Event, such as the joint plan of reorganization filed by the TCC/AHC, or ongoing or future fires in the Debtors' service areas. The document requests were "continuing" in nature, requiring supplemental document productions as appropriate.

On November 4, 2019, the Requesting Parties wrote to the Court with concerns regarding, among other things, the Debtors' dilatory responses to this discovery and whether it made sense for the hearing to proceed on November 13.[2] In response, the Court issued a docket text order stating, among other things, that "[i]f the Debtors are unwilling to continue the Exit Financing Motion" it may unilaterally extend certain response deadlines. *See* Docket Text Order, Nov. 5, 2019. The Debtors continued the hearing to December 17, 2019 and the objection deadline to December 10, 2019.

On November 18, 2019 the Debtors filed a Form 8-K with the SEC that changed the landscape of the proposed financing and, as a result, the Motion. The Debtors disclosed that they had entered into ***new*** exit financing commitments (the "New Backstop Commitment Letters") that materially changed the terms of the Financing Commitments sought to be approved by the Motion, including by increasing the amount of financing commitments secured and materially altering certain of the Termination Events.[3] None of the Creditors' Committee, the TCC, nor the AHC had advance notice of these changes in circumstance, nor did the Debtors supplement their document production or file a motion for approval of the new relief. On November 20, 2019, the Requesting Parties served the Debtors with supplemental document requests and a notice for deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). Through this discovery, the Requesting Parties sought to understand, among other things, why the Debtors believed these new commitments were necessary, why the Debtors sought increased financing commitments, and what prompted the changes to the Termination Events. On November 25, 2019, the Debtors served Responses and Objections to the supplemental requests, broadly objecting on the basis that the requests were premature because of, as Debtors' counsel subsequently explained, "ongoing developments." Debtors' counsel provided no specifics on the nature of these ongoing developments.

After multiple inquiries as to whether the Debtors intended to comply with the supplemental discovery, the Debtors represented that they will produce documents in response to

---

[2]     *See Letter to Hon. Dennis Montali Regarding Exit Financing Discovery* [Dkt. 4562] (Creditors' Committee letter); *Letter to Hon. Dennis Montali Regarding Exit Financing Discovery* [Dkt. 4575] (TCC letter); *Letter to Hon. Dennis Montali in Regards to Nov. 4, 2019 Letter from Creditors' Committee* [Dkt. 4566] (AHC letter).

[3]     The Debtors have not filed updated debt financing commitment letters, nor have they indicated if they plan to do so. The Bridge Facility Letters annexed as exhibits to the Motion are likely obsolete as they provided the lending parties a Termination Event if the commitments were not approved by the Court on or before November 20, 2019.

the supplemental requests and will present a witness for deposition on December 6, 2019.  The Debtors did not specify when they would produce documents and have not made any productions.  The delay in document production has a cascading effect—even if the Debtors were to produce documents in the near-term (and there is no indication they will do so), the Requesting Parties are already prejudiced in their ability to diligence the Motion (including its apparent modifications), meaningfully depose the Debtors' 30(b)(6) witness, respond to the Motion by December 10, or prepare for a December 17 hearing.

Because of these delays, none of which are of the Requesting Parties' making, the Creditors' Committee submits that an adjournment of the hearing on the Motion is necessary.

Sincerely,

*/s/ Andrew M. Leblanc*

Andrew M. Leblanc