RICHARD DOYLE, City Attorney (88625)
ED MORAN, Chief Deputy City Attorney (86992)
ELISA T. TOLENTINO, Sr. Deputy City Attorney (228726)
LUISA F. ELKINS, Sr. Deputy City Attorney (286703)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address: cao.main@sanjoseca.gov

Attorneys for Defendants
Attorneys for The City San Jose

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors. | Bankruptcy Case No. 19 - 30088 (DM)<br><br>Chapter 11 (Lead Case) *(Jointly Administered)*<br><br>**RESPONSE OF THE CITY OF SAN JOSE TO THE MOTION OF DEBTORS PURSUANT TO 11 U.S.C. § 1121(d) TO EXTEND THE EXCLUSIVE SOLICITATION PERIOD**<br><br>**(THE "EXCLUSIVE SOLICITATION PERIOD MOTION")**<br><br>**Related to: Docket Nos. 4825 and 4826** |
| ☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | **Hearing Date:**    **December 11, 2019**<br>**Time:**    **10:00 a.m. (P.T.)**<br><br>Courtroom:    Hon. Dennis Montali<br>               450 Golden Gate Avenue<br>               16th Floor, Courtroom 17<br>               San Francisco, CA 94102<br><br>**Objections Due: December 4, 2019, 4:00 (P.T.)** |

The City of San Jose, California, submits this response to the motion of PG&E Corporation ("PG&E Corp.") and Pacific Gas and Electric Company (the "Utility" and together with PG&E Corp., "PG&E" or the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), pursuant

to section 1121(d) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), for a further extension of the Debtors' exclusive solicitation period to and including March 20, 2020 (the "<u>Motion</u>") and respectfully state as follows:[1]

## I. INTRODUCTION

Although the Court terminated the exclusive right of the Debtors to *file* a plan, the Debtors are now seeking to extend their exclusive right to *solicit* acceptances of a plan. This end run around the Court's previous Order terminating exclusivity should be denied.

## II. BACKGROUND

On October 9, 2019, the Court terminated exclusivity, holding in relevant part that:

> For the foregoing reasons, the court hereby GRANTS the joint motion of the Movants to terminate the exclusivity period of Bankruptcy Code section 1121(d). By a separate order, the court is denying the Debtors' Second Exclusivity Motion (Dkt. No. 4005).

*Order Granting Joint Motion of the Official Committee of Tort Claimants and Ad Hoc Committee of Senior Unsecured Noteholders to Terminate the Debtors' Exclusive Periods Pursuant to Section 1121(d)(1) of the Bankruptcy Code* entered on October 9, 2019 (Dkt. No. 4167) (defined in the Motion as the "<u>Exclusivity Termination Order</u>") at p. 3.

The Motion seeks to extend the Exclusive Solicitation Period to March 20, 2020, stating that "[t]he Exclusivity Termination Order did not modify the Debtors' Exclusive Periods as to any other parties or plan." (Motion at pp. 7-8). However, nowhere does the Exclusivity Termination Order provide that exclusivity was only terminated with respect to the TCC/Noteholders Plan. Indeed, as the Debtors acknowledge, "the Court denied a pending request by the Debtors to further extend their Exclusive Periods." (Motion at p. 7).

## III. Objection

### A. Any Party in Interest May File a Plan Once Exclusivity is Terminated

It is axiomatic that once exclusivity is terminated, any party in interest may file a plan. The Bankruptcy Code expressly provides that "[a]ny party in interest … may file a plan" once exclusivity

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

has been terminated. 11 U.S.C. §1121(c). *See, e.g., In re Whaley*, Case No. 09-05130-8-JRL, 2010 Bankr. LEXIS 1266 at *3, 2010 WL 1609293 (Bankr. E.D.N.C. April 20, 2010) ("Once the exclusivity period has expired or abated, any party in interest, including the debtor, may file a plan for reorganization."); *In re El Comandante Mgmt. Co.*, LLC, 359 B.R. 410, 416 (Bankr. D. P.R. 2006) ("If the debtor loses his or her exclusive right to file a plan, then any party in interest may file one.") (quotations and citations omitted); *In re Dark Horse Tavern*, 189 B.R. 576, 583 (Bankr. N.D.N.Y. 1995) ("As Debtor's period of exclusivity to file a plan has terminated, any party in interest, including equity security holders, may file a disclosure statement and a plan of reorganization."); *In re Mother Hubbard Inc.*, 152 B.R. 189, 196 (Bankr. W.D. Mich. 1993) ("Pursuant to the plain language of § 1121(c)(3), a creditor may file a reorganization plan if the debtor has not filed a plan which has been accepted by all impaired classes within the exclusive period."); *In re First Humanics Com.*, 124 B.R. 87, 93 (Bankr. W.D. Mo. 1991) (stating that the "Code specifically authorizes the filing and distribution of more than one plan after expiration of the debtor's exclusive period. If Congress had intended for only one plan to be distributed at a time, it would have written that restriction into the Bankruptcy Code."); *In re J.F. Toner & Son. Inc.*, 40 B.R. 461,462 (Bankr. W.D. Va. 1984) (holding that after the exclusive period has ended, any party in interest may file a plan and the "Debtor cannot be heard to complain that the creditors have exercised their rights.") (quotations and citations omitted); *In re Kun*, 15 B.R. 852, 853 (Bankr. D. Ariz. 1981) (holding that upon expiration of the exclusive period "any party in interest … may file a plan as provided for under Section 1121(c) of the Bankruptcy Code.").

### B. The Exclusive Solicitation Period May Not be Extended

Once the exclusive right to file a plan has been terminated, the exclusive right to solicit acceptances may not be extended so as to maintain exclusivity. Such an end run around the clear statutory right under Bankruptcy Code section 1121(c) of any party in interest to file a plan is impermissible.

The cases cited by the Debtors in the Motion do not stand for the proposition that the Exclusive Solicitation Period may be extended even though the exclusive right to file a plan has been terminated. For example, the Debtors cite to *In re United Press Int'l, Inc.*, 60 B.R. 265 (Bankr. D.D.C. 1986)

(Motion at p. 10), but in that case the court held that the continued exclusive right to file a plan was a necessary pre-condition to consider whether to grant a motion to extend the exclusive right to solicit acceptances, finding that:

> Sections 1121(c)(2) [the exclusive right to file a plan] and (c)(3) [the exclusive right to solicit acceptances of a plan] relate to two different acts, within two consecutive time periods. But unless and until the first act takes place, the second act-- and its time period -- simply do not yet come into play.

*Id.* at 269. By the same logic, here, the Debtors cannot maintain their Exclusive Solicitation Period where their exclusive right to file a plan has previously been terminated.

The Debtors also rely on *In re Hermanos Torres Perez, Inc.*, 491 B.R. 316 (Bankr. D.P.R. 2010) (Motion at p. 10). In that case, the court found that the extension of the debtor's exclusive right to file a plan did not automatically extend the debtor's exclusive right to solicit acceptances of a plan, and instead found that both exclusivity provisions had been terminated and did not operate to "bar any party in interest from filing a competing plan at this time." *Id* at 323.

The only court to squarely address the unusual circumstance where a debtor's right to exclusive right file a plan has been terminated and the debtor seeks to extend to its exclusive right to solicit acceptances rejected that attempt. *See In re Grant Family Farms, Inc.,* Case No. 06-11795 ABC, 2007 Bankr. LEXIS 2779 (Bankr. D. Colo., Aug. 13, 2007), where the court held:

> Section 1121(d)(2)(B) concerning extension of the period for acceptance where a debtor has timely filed a plan in the exclusive period, is not a back door that allows extension of the exclusivity period where a debtor has failed to file a plan in the exclusivity period for plan filing provided for in § 1121. The triggering events in § 1121(c) that allow for competing plans -- i.e. the termination of the debtors' exclusive right to file a plan -- are *in the disjunctive*. Once the debtor fails to file a plan in the initial 120-day exclusivity period, as it may be extended under § 1121(d)(2)(A), the debtor's exclusive rights concerning plan filing are over.

*Id.* at *3-*4 (emphasis in the original).

Here, the Court should not countenance the Debtors' attempt to maintain the Exclusive Solicitation Period where the Debtors' exclusive right to file a plan has already been terminated. To do so would be to render the Court's previous Exclusivity Termination Order meaningless. *See In re Hermanos Torres Perez, Inc.*, 491 B.R. at 320 (Once the debtor's exclusive right to file a plan ends,

"competing plans are fai[r] game") (quoting *In re Grant Family Farms*, 2007 Bankr. Lexis at *3); 7 *Collier on Bankruptcy* ¶ 1121.04 (Richard Levin & Henry J. Sommer eds., 16th ed. 2019) ("If the debtor fails to file a plan in the initial 120-day exclusivity period, or within such period as extended under section 1121(d)(2)(A), then the debtor's exclusive right to file a plan is over, as well as the debtor's right to seek an extension of the extended time").

## IV. CONCLUSION

For the foregoing reasons, the Court should deny the Motion and grant such other and further relief as the Court may deem just and appropriate.

Dated: December 4, 2019

Respectfully submitted,

RICHARD DOYLE, City Attorney

By:    */s/ Elisa T. Tolentino*
     ELISA T. TOLENTINO
     Sr. Deputy City Attorney

Attorneys for The City San Jose