

## THOMAS KRELLER

*Partner*
2029 Century Park East | 33rd Floor | Los Angeles, CA 90067-3019
T: 424-386-4463
tkreller@milbank.com | milbank.com

December 5, 2019

**VIA ELECTRONIC MAIL**

Hon. Dennis Montali
United States Bankruptcy Judge
450 Golden Gate Avenue, 16th Floor
San Francisco, CA 94102

**Re: *Consolidated Opening and Reply Briefs of the Creditor Groups Regarding the Appropriate Postpetition Interest Rate Payable on Unsecured Claims in a Solvent Debtor Cases (Docket Nos. 4634 and 4855, the "Creditor Groups' Briefs")***

Dear Judge Montali:

      The undersigned (collectively, the "Creditor Groups") write to provide the Court with an update regarding an appellate decision issued since the Creditor Groups' submissions to the Court regarding the applicable rate of postpetition interest payable on unsecured claims in a solvent debtor case (the "PPI Issue"). The appellate decision concerns a case cited both in the Creditor Groups' Briefs and in the Debtors' briefs.

      As you are likely aware, following a panel rehearing, the Fifth Circuit recently withdrew its initial opinion in Ultra Petroleum Corp. v. Ad Hoc Comm. of Unsecured Creditors of Ultra Res., Inc. (In re Ultra Petroleum Corp.), 913 F.3d 533, 546 (5th Cir. 2019) ("Ultra I") and substituted it with a new opinion. See Ultra Petroleum Corp. v. Ad Hoc Comm. of Unsecured Creditors of Ultra Res., Inc. (In re Ultra Petroleum Corp.), 2019 WL 6318074 (5th Cir. Nov. 26, 2019), attached hereto ("Ultra II"). This withdrawal and substitution occurred after the briefing of the PPI Issue had already concluded in these cases.

      In Ultra II, just as in Ultra I, the Fifth Circuit held that a creditor of a solvent debtor may not be impaired where it is denied an optional redemption premium or postpetition interest at the contract (or otherwise applicable state law) by the Bankruptcy Code, and not by the subject plan.

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | BEIJING | HONG KONG | SEOUL | SINGAPORE | TOKYO

Case: 19-30088    Doc# 5003    Filed: 12/05/19    Entered: 12/05/19 17:11:38    Page 1 of 3

The Fifth Circuit did not decide and remanded to the bankruptcy court the questions of whether the Bankruptcy Code did in fact require disallowance of those amounts.[1]

In Ultra II, however, it is notable that the Fifth Circuit also clearly identified that other avenues exist for creditors to establish contractual entitlements such as contractual postpetition interest in the solvent-debtor context. Specifically, the Fifth Circuit stated that:

> Our review of the record reveals no reason why the solvent-debtor exception could not apply. As other circuits have recognized, 'absent compelling equitable considerations, when a debtor is solvent, it is the role of the bankruptcy court to enforce the creditors' contractual rights.' In re Dow Corning Corp., 456 F.3d 668, 679 (6th Cir. 2006); see also In re Chicago, Milwaukee, St. Paul and Pac. RR. Co., 791 F.2d 524, 528 (7th Cir. 1986). That might be the case here.

Ultra II, 2019 WL 6318074, at * 6.

Furthermore, the Fifth Circuit approvingly cited In re Energy Future Holdings Corp., 540 B.R. 109, 123–24 (Bankr. D. Del. 2015) (finding that the debtor's plan must pay postpetition interest on unimpaired unsecured claims "at an appropriate rate under equitable principles" in order to protect their "equitable rights"), noting that "[w]hile we express no view on the matter, it is possible a bankruptcy court's equitable power to enforce the solvent-debtor exception is moored in 11 U.S.C. § 1124's command that a 'plan leave[ ] unaltered ... equitable ... rights.'" 2019 WL 6318074, at *6, n. 2.

The foregoing directly supports the Creditor Groups' argument that creditors with contracts or other applicable state law rights must be paid postpetition interest (and other contractual entitlements) at the rates stated in those contracts or established by the applicable state law in order to be deemed unimpaired. See Opening Brief at 2. It also undercuts the Debtors' assertion that cases like In re Dow Corning, which presume that solvent debtors must pay postpetition interest at a contract rate, are "irrelevant." Debtors' Opp. Br. at 11 n.8.

Given the significance of the Fifth Circuit's recent opinion in Ultra II, the Creditor Groups felt it was important to bring it to the Court's attention so that it may take it into account when reaching a decision on the matter.

Respectfully,

**MILBANK LLP**

/s/ Thomas Kreller
*Counsel for the UCC*

---

[1] For the reasons set forth in the Creditor Groups' Briefs, there is nothing in the Bankruptcy Code that impairs the right to receive postpetition interest in a solvent-debtor case consistent with a holder's state law rights; section 726(a)(5) only provides a floor for the applicable rate for impaired unsecured creditors.

**GIBSON, DUNN & CRUTCHER LLP**

/s/ David M. Feldman
*Counsel for the Ad Hoc Committee of Holders of Trade Claims*

**ARENT FOX LLP**

/s/ Aram Ordubegian
*Counsel for BOKF, NA, in its capacity as Indenture Trustee for the Utility Senior Notes*

**AKIN GUMP STRAUSS HAUER & FELD LLP**

/s/ Ashley Vinson Crawford
*Counsel for the Ad Hoc Committee of Senior Unsecured Noteholders of Pacific Gas and Electric Company*

**DAVIS POLK & WARDWELL LLP**

/s/ Timothy Graulich
*Counsel for Citibank N.A., as Administrative Agent for the Utility Revolving Credit Facility*

**STROOCK & STROOCK & LAVAN LLP**

/s/ Mark A. Speiser
*Counsel for Mizuho Bank, Ltd., in its capacity as HoldCo Term Loan Administrative Agent*


cc: Stephen Karotkin (stephen.karotkin@weil.com)
 Cecily Dumas (cdumas@bakerlaw.com)
 Mark Speiser (mspeiser@stroock.com)
 Timothy Graulich (timothy.graulich@davispolk.com)
 Bruce Bennett (bbennett@jonesday.com)