Entered on Docket
December 06, 2019
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: December 6, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered<br><br><br>Date:  December 11, 2019<br>Time:  10:00 AM<br>Place: Courtroom 17<br>       450 Golden Gate Ave.<br>       16th Floor<br>       San Francisco, CA |

**ORDER GRANTING MOTION TO EXTEND**
**THE EXCLUSIVE SOLICITATION PERIOD**

The court has considered the Motion of Debtors Pursuant to 11 U.S.C. § 1121(d) to Extend the Exclusive Solicitation Period (Dkt. No. 4825) and oppositions filed by The City of San Jose (Dkt. No. 4981), the Public Advocates Office (Dkt. No. 4982) joined by TURN, The Utility Reform Network (Dkt. No. 4983) and

the limited objection of the California State Agencies (Dkt. No. 4976).

No purpose would be served by proceeding with the scheduled hearing on the motion on December 11, 2019. The objections are overruled and the motion is GRANTED. Counsel for Debtors should upload their proposed order, Exhibit A to motion.

The State Agencies' limited objection is a protective position only, preserving their position in response to Debtors' representation that they are current on post-petition obligations. The State Agencies do not offer a substantive objection to the motion.

The City of San Jose's objection accuses the Debtors of making an end run on the court's Exclusivity Termination Order (Dkt. No. 4167). The City cites cases for the proposition that once exclusivity is terminated, any party may file a plan. That misconstrues the court's intention in, and the plain words of, the Exclusivity Termination Order. That order terminated Debtors' exclusivity ". . . solely as to the TCC and the Senior Noteholders so that they can proceed with their proposed plan. It will deny the oral and written requests by other parties that exclusivity should be terminated globally". By its own terms, therefore, the court was only permitting the proponents of the TCC/Noteholder plan to proceed with their alternative plan.

Debtors affirmatively acknowledge the impact of that order by the present motion. Specifically, the motion and the proposed order granting it extend the Exclusive Solicitation Period to the Debtors and to the TCC and the Ad Hoc Noteholder Committee.

-2-

Case: 19-30088    Doc# 5017    Filed: 12/06/19    Entered: 12/06/19 16:01:52    Page 2 of 3

If there is any doubt about what the Debtors expected to obtain by the current motion, the absence of any opposition by the TCC and/or the Ad Hoc Noteholder Committee speaks volumes.

If the City of San Jose or any other party wishes to file their own plan, the Bankruptcy Code instructs them how to proceed in § 1121(c) and (d).

The Public Advocates Office's opposition, while contending that Debtors' plan is not confirmable, is incorrect in contending that the current motion prohibits the right of any other party from proposing a plan or seeking to terminate further the current status of Debtors' exclusivity. The confirmability of the Debtors' plan is not before the court at present. The Public Advocates Office and TURN are both free to follow the same advice the court offers to the City of San Jose in the foregoing paragraph if they wish to seek permission to propose a plan.

**\*\*END OF ORDER\*\***