# Weil, Gotshal & Manges LLP

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

Theodore E. Tsekerides
+1 (212) 310-8218
theodore.tsekerides@weil.com

BY ECF AND EMAIL

December 6, 2019

Hon. Dennis Montali
United States Bankruptcy Judge
450 Golden Gate Avenue, 16th Floor
San Francisco, CA 94102

Re: Consolidated Postpetition Interest Briefing

Dear Judge Montali:

      PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**"), submit this letter in response to the Creditor Group's December 5, 2019 letter to this Court, ECF No. 5003 (the "**Creditor Group Letter**"). As an initial matter, the Creditor Group Letter violates Local Bankruptcy Rule 9013-1(e) and should be disregarded as improper supplemental argument. To the extent the Court considers the Creditor Group Letter, the Debtors offer the following, brief response for the Court's consideration.

      As your Honor is aware, on November 26, 2019, the Fifth Circuit withdrew and substituted its prior decision in *Ultra Petroleum Corp. v. Ad Hoc Comm. of Unsecured Creditors of Ultra Res., Inc. (In re Ultra Petroleum Corp.)*, 913 F.3d 533, 546 (5th Cir. 2019) ("*Ultra I*"), with a new opinion, *Ultra Petroleum Corp. v. Ad Hoc Comm. of Unsecured Creditors of Ultra Res., Inc. (In re Ultra Petroleum Corp.)*, 2019 WL 6318074 (5th Cir. Nov. 26, 2019) ("*Ultra II*"). *Ultra II* was issued four days after the Creditor Group and Debtors submitted briefing to this Court on the issue of what rate of postpetition interest is payable to an unsecured creditor in a solvent-debtor chapter 11 case in this Circuit. *Ultra II*, a Fifth Circuit decision, provides no basis for this Court to depart from *In re Cardelucci*, 285 F.3d 1231, 1233 (9th Cir. 2002), the controlling precedent in the Ninth Circuit on this question, in which the Ninth Circuit unambiguously held that no rate other than the federal judgment rate is payable on unsecured claims in a solvent-debtor chapter 11 case.

      As the Debtors have set forth in their pleadings, this Court is bound by the Ninth Circuit's holding in *Cardelucci*. *See Brief Regarding Applicable Rate of Postpetition Interest*, ECF No. 4624 and *Brief in Opposition to Consolidated Opening Brief of Unsecured Creditors*, ECF No. 4849 (the "**Debtors' Briefs**"). Any decision from any other Circuit, even if relevant, is simply not binding on this Court. In any event, nothing in the Fifth Circuit's opinion in *Ultra II* calls into question *Cardelucci*'s binding precedent. In fact, *Ultra II* expressed "no view" on the postpetition interest rate payable to unsecured creditors. *Ultra II*, 2019 WL 6318074, at *6 n.2.

The Debtors referenced *Ultra I* in opposition to the Creditor Group's briefing to make it clear that a debtor's plan does not impair a creditor's rights where those rights do not exist under the Bankruptcy Code in the first instance. See Debtors' Op. 8, 14. Notably, the Fifth Circuit affirmed this principle in *Ultra II*:

> Section 1124(1) says "a class of claims or interests" is not impaired if "the plan . . . leaves unaltered the [claimant's] legal, equitable, and contractual rights." . . . The plain text of § 1124(1) requires that "the plan" do the altering. We therefore hold a creditor is impaired under § 1124(1) only if "the plan" itself alters a claimant's "legal, equitable, [or] contractual rights."

*Ultra II*, 2019 WL 6318074 at *3.

The Creditor Group nonetheless suggests that the Fifth Circuit's passing comments at the end of *Ultra II*, which are *dicta*, support their argument for receiving interest at contractual or state law rates. Specifically, the Creditor Group relies on footnote 2 in *Ultra II*, in which the Fifth Circuit notes that "[w]hile we express *no view on the matter*, it is possible a bankruptcy court's equitable power to enforce the solvent-debtor exception is moored in 11 U.S.C. § 1124's command that a 'plan leave[ ] unaltered . . . equitable . . . rights.'" *Ultra II*, 2019 WL 6318074, at *6, n. 2 (emphasis added). But the Creditor Group Letter ignores the preceding sentence in footnote 2 of *Ultra II*, where the Fifth Circuit states: "Of course, we follow the Supreme Court's command that any 'equitable powers [that] remain in the bankruptcy courts must and *can only be exercised within the confines of the Bankruptcy Code*.'" *Id.* (quoting *Law v. Siegel*, 571 U.S. 415, 421 (2014)) (emphasis added). *Cardelucci* unambiguously held that section 726(a)(5) of the Bankruptcy Code defines the rate of interest payable to unsecured creditors in a solvent debtor case. Finally, as explained in the Debtors' Briefs, the Ninth Circuit weighed any equitable considerations in *Cardelucci* and found that no rate other than the federal judgment rate applies in a solvent debtor case. Debtors' Op. 12.

Respectfully Submitted,

/s/ *Theodore E. Tsekerides*


Theodore E. Tsekerides


cc:  Thomas Kreller (tkreller@milbank.com)
David Feldman (dfeldman@gibsondunn.com)
Aram Ordubegian (aram.ordubegian@arentfox.com)
Ashley Vinson Crawford (avcrawford@akingump.com)
Timothy Graulich (timothy.graulich@davispolk.com)
Mark A. Speiser (mspeiser@stroock.com)

Cecily Dumas (cdumas@bakerlaw.com)
Mark Speiser (mspeiser@stroock.com)
Timothy Graulich (timothy.graulich@davispolk.com)
Bruce Bennett (bbennett@jonesday.com)