

Signed and Filed: December 9, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered<br><br><br><br>Date:  December 11, 2019<br>Time:  10:00 AM<br>Place: Courtroom 17<br>       450 Golden Gate Ave.<br>       16th Floor<br>       San Francisco, CA |

**ORDER RE TIME ALLOWANCES FOR HEARING AND QUESTIONS FOR COUNSEL ON ISSUE OF POST-PETITION INTEREST**

On December 11, 2019, at 10:00 AM, the court will conduct a hearing on the proper post-petition interest to apply under the Debtors' proposed Plan of Reorganization (currently the Nov 4, 2019, draft, Dkt. No. 4564). The Debtors, joined by PG&E Shareholders and others aligned with them, will have forty-five minutes, to be shared as their counsel agree, and including time

-1-

for rebuttal. The Official Committee of Unsecured Creditors, the Ad Hoc Committee of Senior Unsecured Noteholders and others aligned with them will also have forty-five minutes, to be shared as their counsel agree.

Counsel should be prepared to address the following to assist the court:

Pre-petition unsecured non-priority creditors (excluding Wildfire claimants) are placed into classes 3A, 3B, 4A and 4B. Some claimants assert contractual claims providing for interest ABOVE the applicable federal judgment rate. Some assert contractual claims providing for interest BELOW the applicable federal judgment rate. *See,* Dkt. No. 4624, at 2:8: 2.45% vs federal judgment rate of 2.59%. Some may assert claims based upon contracts providing NO or some other rate of interest. *See*, *Id.,* at 2:4-17. Some may assert claims based on pre-petition judgments entitled to post-judgment interest per state law (assume California). And some may assert unliquidated tort claims.

What is the proper post-petition, pre-confirmation rate of interest to apply to those four classes? The choices are the contract rates, if there are any, or the federal judgment rate. Debtors' opponents need to tell the court why it should, or even may, reject *Cardelucci's* one-size-fits-all approach of using the same rate for all of the interest claims. This approach avoids the problem the decision warns of, namely figuring out the correct rate to apply unevenly with each class, or even within each class, where equality of treatment appears as one of the bankruptcy code's goals.

Case: 19-30088    Doc# 5024    Filed: 12/09/19    Entered: 12/09/19 12:26:07    Page 2 of 4

Those creditors also question the application of 11 U.S.C. § 726(a)(5) at all.  But if that section is disregarded, doesn't 11 U.S.C. § 502(b)(2) dictate an even less attractive alternative?

The issue appears confined principally to the "gap" between the petition date, January 29, 2019, and the effective date of the plan (assume June 30, 2020) *Id* at 1:8-9.  Classes 3A, 4A and 4B will be paid in full, so post-effective date interest is a non-issue.  *See*, Dkt. No. 4634 at 4:13-14.  But Class 3B's treatment will be modified if Debtors' argument fails, so the court will need to determine what rate applies to that class until it is paid in full.  Debtors will need to explain how *Cardelucci* extends beyond the gap.  If not, what rate does apply?

Both sides need to explain why it matters whether a class is IMPAIRED or UNIMPAIRED.  *Ultra II* appears to settle the issue in the Fifth Circuit that impairment or unimpairment are concepts driven by 11 U.S.C. § 1124's focus on what the plan does or does not do, not what the bankruptcy code does.  *PPI* agrees that 11 U.S.C. § 502(b)(2) is the culprit.  There the creditor claiming to be impaired complained about the loss of state law, pre-bankruptcy entitlements, but the court upheld the operation of the bankruptcy code's limitation of those rights, not the debtor's plan.  This court finds it hard to imagine that the Ninth Circuit would go the other way and conclude that the plan here is the source of the Debtors' assertion of generally lower post-petition interest entitlements.  Equally hard to imagine is that creditors whose contract rates of interest are

-3-

LOWER than the federal judgment rate would be pleased with an even lower rate. How is that explained?

Finally, the creditors pressing for gap contract interest need to explain why there should be any discussion of *fair and equitable* under 11 U.S.C. § 1129(b). Under 11 U.S.C. § 1126(f), unimpaired classes are deemed to have accepted the plan. Thus section 1129(b) is not an option for them to invoke.

***END OF ORDER***