WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>***EX PARTE* MOTION OF DEBTORS PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON TORT CLAIMANTS RSA MOTION**<br><br>Related Document: Dkt. 5038<br><br>[No hearing requested] |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion to Shorten**"), pursuant to Rule 9006-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for entry of an order shortening time for a hearing on December 17, 2019, at 10:00 a.m. (prevailing Pacific Time), on the *Debtors' Motion Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 for Entry of an Order (I) Authorizing the Debtors and TCC to Enter Into Restructuring Support Agreement With the TCC, Consenting Fire Claimant Professionals, and Shareholder Proponents and (II) Granting Related Relief* (the "**Tort Claimants RSA Motion**"), filed contemporaneously herewith. The Debtors request that any responses or objections be in writing and filed with the Court and served by 4:00 p.m. (prevailing Pacific Time) on December 13, 2019.

In support of this Motion to Shorten, the Debtors submit the Declaration of Jessica Liou (the "**Liou Declaration**"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein will be uploaded contemporaneously herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     JURISDICTION**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.    BACKGROUND**

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes

only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**TCC**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

### III. RELIEF REQUESTED IN THE TORT CLAIMANTS RSA MOTION

The Tort Claimants RSA Motion seeks entry of an order (i) authorizing the Debtors and TCC to enter into and perform under that certain Restructuring Support Agreement, dated as of December 6, 2019 (the "**Tort Claimants RSA**"), among the Debtors, the TCC, the Consenting Fire Claimant Professionals[1], and the Shareholder Proponents parties thereto, a copy of which is annexed to the Tort Claimants RSA Motion as <u>**Exhibit A**</u>, and (ii) granting related relief.

### IV. SHORTENING TIME FOR HEARING ON THE TORT CLAIMANTS RSA MOTION IS WARRANTED

Pursuant to Bankruptcy Local Rule 9014-1(b)(3)(A), a hearing on the Tort Claimants Motion requires twenty-one (21) days' notice of an opportunity for a hearing. Bankruptcy Local Rule 9006-1(a) provides that, except as set forth therein, "approval of the Court is required to enlarge or to shorten time to perform any act or file any paper pursuant to the Federal Rules of Civil Procedures, the Bankruptcy Rules, or these Bankruptcy Local Rules." B.L.R. 9006-1(a).

As described in the Tort Claimants RSA Motion, the Tort Claimants RSA reflects a substantial compromise of the asserted Fire Victim Claims. The Tort Claimants RSA fairly resolves the largest remaining category of disputed claims asserted against the Debtors and will expedite the successful resolution of these Chapter 11 Cases by dispensing with the pending estimation proceedings

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Tort Claimants RSA Motion.

and Tubbs trial and will pave the way toward confirmation of the Amended Plan well within the June 30, 2020 deadline established under AB 1054.

Time is of the absolute essence. As an initial matter, because of the pending Tubbs trial and estimation proceedings, if the Tort Claimants RSA is not approved by this Court by December 20, 2019, it automatically terminates. The Tubbs trial is scheduled to begin with jury selection on January 7, 2020, with the estimation proceedings to commence before the District Court shortly thereafter on February 18, 2020. The parties are devoting massive amounts of time and resources in anticipation of moving ahead with those proceedings in accordance with the compressed schedules previously established. Consideration of the Tort Claimants RSA on shortened notice is essential for the parties to know whether the estimation proceedings and the Tubbs trial will be proceeding as scheduled or will be resolved as provided in the Tort Claimants RSA. Pursuant to the Tort Claimants RSA, the estimation proceedings have been temporarily stayed by the District Court and the parties have agreed to seek a 15-day continuance of the Tubbs trial and are scheduled to appear before the Superior Court of the State of California tomorrow morning. Whether the estimation proceedings or Tubbs trial will recommence depends on the outcome of the hearing on the Tort Claimants RSA Motion, and accordingly, the parties need to know promptly whether those proceedings will move forward or not.

Expedited consideration and approval of the Tort Claimants RSA will eliminate the costs, litigation, and risks associated with the estimation of the Fire Victim Claims currently pending before three separate courts. If the Tort Claimants RSA is not approved, the Fire Victim Claims would be subject to the pending estimation proceedings before the District Court and this Court, and a jury trial in the California State Superior Court. As the Court is aware, estimation will be a time-consuming, expensive, and highly uncertain process involving complicated issues of state and federal law and fact-specific issues relating to causation, liability, and damages involving not less than twenty-two separate wildfires and literally thousands of individual loss claims. The Tort Claimants RSA avoids the risks and uncertainties of the estimation proceedings to the Debtors and their other economic stakeholders with respect to a major claims constituency, providing greater certainty to the plan process and the Debtors' timely emergence from chapter 11. Moreover, as stated in the Tort

Claimants RSA Motion, approval of the Tort Claimants RSA will result in the support of the Amended Plan by all impaired classes, facilitating a successful conclusion of these Chapter 11 Cases.

As discussed above, the exigencies of the cases warrant limited notice. In this regard, the Debtors note that they publicly disclosed their entry into the Tort Claimants RSA by press release on Friday, December 6, 2019 and 8-K filing early this morning. The press release resulted in widespread publicity, including articles published on Friday evening by the Wall Street Journal, Bloomberg News, and other national publications.

Based on the foregoing, the Debtors request that notice be shortened to permit the Tort Claimants RSA Motion to be heard on December 17, 2019, at 10:00 a.m. (prevailing Pacific Time), and for written objections, if any, to be filed and served by 4:00 p.m. (prevailing Pacific Time) on December 13, 2019. As stated in the Liou Declaration, the TCC consents to the relief sought in this Motion to Shorten. The Debtors also sought consent from the U.S. Trustee and Creditors' Committee, however, the U.S. Trustee and Creditors Committee have not yet provided their consent.

In view of the foregoing, the Debtors believe more than ample cause exists to grant the relief requested herein.

V.   NOTICE

Notice of this Motion to Shorten will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the TCC; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; (xii) the Consenting Fire Claimant Professionals; (xiii) counsel for the Shareholder Proponents; and (xiv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: December 9, 2019

**WEIL, GOTSHAL & MANGES LLP**
**CRAVATH SWAINE & MOORE LLP**
**KELLER & BENVENUTTI LLP**

/s/ *Jessica Liou*
Jessica Liou

*Attorneys for Debtors and Debtors in Possession*