**Entered on Docket**
**December 10, 2019**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: December 10, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

| | |
|---|---|
| 1 | WEIL, GOTSHAL & MANGES LLP |
| 2 | Stephen Karotkin (*pro hac vice*) (stephen.karotkin@weil.com) |
| 3 | Ray C. Schrock, P.C. (*pro hac vice*) (ray.schrock@weil.com) |
| 4 | Jessica Liou (*pro hac vice*) (jessica.liou@weil.com) |
| 5 | Matthew Goren (*pro hac vice*) (matthew.goren@weil.com) |
| 6 | 767 Fifth Avenue New York, NY 10153-0119 |
| 7 | Tel: 212 310 8000 Fax: 212 310 8007 |

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> Debtors. <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☑ Affects both Debtors <br><br> * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br> Chapter 11 (Lead Case) (Jointly Administered) <br><br> **ORDER GRANTING *EX PARTE* MOTION OF DEBTORS PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON TORT CLAIMANTS RSA MOTION** <br><br> Related Document: Dkt. 5038 <br><br> [No hearing requested] |

Case: 19-30088    Doc# 5046    Filed: 12/10/19    Entered: 12/10/19 11:46:29    Page 1 of 3

Upon the Motion, dated December 9, 2019 (the "**Motion to Shorten**"),[1] of Pacific Gas and Electric Company and PG&E Corporation, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**"), pursuant to Rule 9006-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for entry of an order shortening time for a hearing on *Debtors' Motion Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 for Entry of an Order (I) Authorizing the Debtors and TCC to Enter Into Restructuring Support Agreement With the TCC, Consenting Fire Claimant Professionals, and Shareholder Proponents and (II) Granting Related Relief* (the **"Tort Claimants RSA Motion"**), as more fully set forth in the Motion to Shorten; and upon consideration of the Liou Declaration submitted in support of the Motion to Shorten; and this Court having jurisdiction to consider the Motion to Shorten and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and consideration of the Motion to Shorten and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion to Shorten having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion to Shorten; and this Court having determined that the legal and factual bases set forth in the Motion to Shorten establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion to Shorten is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interests; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Tort Claimants RSA Motion or the Motion to Shorten, as applicable.

**IT IS HEREBY ORDERED THAT:**

1. The Motion to Shorten is granted as provided herein.

2. The hearing on the Tort Claimants RSA Motion shall be held on **December 17, 2019, at 2:00 p.m. (prevailing Pacific Time)** (the "**Hearing**").

3. Any oppositions or responses to the Tort Claimants RSA Motion must be in writing, filed with the Bankruptcy Court, and served on the counsel for the Debtors at the above-referenced addresses so as to be received by no later than **12:00 p.m. (prevailing Pacific Time) on December 16, 2019**. Copies of any oppositions or responses to the Tort Claimants RSA Motion filed must also be served on the notice parties listed in the Tort Claimants RSA Motion and all "Standard Parties" as defined in, and in accordance with, the *Second Amended Order Implementing Certain Notice and Case Management Procedures* entered on May 14, 2019 [Dkt No. 1996] ("**Case Management Order**").

4. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

6. Notice of entry of this Order shall be served per the Case Management Order by **5:00 p.m. (prevailing Pacific Time) on December 10, 2019.**

**END OF ORDER**