UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION
JOSEPH H. HUNT
Assistant Attorney General
RUTH A. HARVEY
Director
KIRK MANHARDT
Deputy Director
MATTHEW J. TROY (GABN 717258)
Senior Trial Counsel
P.O. Box 875
Ben Franklin Station
Washington, DC 20044-0875
Telephone: (202) 514-9038
E-mail: matthew.troy@usdoj.gov

DAVID L. ANDERSON (CABN 149604)
United States Attorney

Attorneys for the United States of America

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>Date: December 17, 2019<br>Time: 10:00 a.m.<br>Place: United States Bankruptcy Court<br>450 Golden Gate Avenue<br>Courtroom 17<br>San Francisco, CA 94102<br>Judge: Hon. Dennis Montali<br>RE: Docket No. 4760 |

**STATEMENT OF THE UNITED STATES OF AMERICA IN RESPONSE TO THE COURT'S MEMORANDUM REGARDING CONFIRMATION ISSUES**

The United States of America, on behalf of various federal agencies, hereby responds to the Court's *Memorandum Regarding Confirmation Issues* ("Memorandum") (Dkt. No. 4760) entered November 15, 2019. In the Memorandum, the Court, among other things, requested principal counsel

for the Debtors, the two official committees and the Ad Hoc Noteholders Committee, and the Ad Hoc Subrogation Claim Holders to meet and confer on an agreed confirmation timetable that is similar to the Debtors' existing proposed timetable (Dkt. No. 4388-1) but accelerates it as much as possible. *Memorandum* at 3, para. 3.  The Court also asked counsel to identify any other confirmation related issues that the Court could address through briefing and argument prior to final approval of a disclosure statement.  *Id*. at 4, para. 4.  Specifically, the Court asked whether it "should fix an early deadline for confirmation objections based on the requirements of 11 U.S.C. § 1129(a)(1), (2), (3), (4), (5) and (13)?"  *Id*.

The United States is aware that the Debtors have filed their *Motion Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 for Entry of an Order (I) Authorizing the Debtors and TCC to Enter into Restructuring Support Agreement with the TCC, Consenting Fire Claimant Professionals, and Shareholder Proponents, and (II) Granting Related Relief* (Dkt. No. 5038) (the "RSA Motion"), in which they seek approval of a restructuring support agreement (the "RSA") between them and, among others, the Official Committee of Tort Claimants ("TCC").  The United States reserves all rights with respect to the RSA Motion but notes that the RSA requires the Debtors to file an amended plan by December 12, 2019, reflecting the RSA's terms and conditions. As of the filing of this statement, however, the United States has not reviewed such amended plan and accordingly, references to the plans herein are to the Noteholders/TCC Plan (Dkt. No. 4257) and the Debtors' Joint Plan (Dkt. No. 4564).[1]

While not identified in the Memorandum as one of the parties to meet and confer, the United States files this statement to alert the Court to potential issues with both plans.  Various United States agencies have filed wildfire related claims aggregating approximately $4.3 billion and many other

---

[1] The United States' initial review of the RSA seems to indicate that the issues raised herein will also apply to the Debtors' amended plan to be filed December 12.

non-wildfire related claims in these cases.

The United States is generally not opposed to the Court setting an early deadline for certain confirmation objections. However, in doing so, the Court should account for the fact that each of the plans before the Court is missing critical elements.

- ● <u>Potential Unequal Treatment of Claims</u>. Neither plan explains whether there will be one wildfire trust or multiple trusts "to administer, process, settle, resolve, liquidate, satisfy, and pay" wildfire claims. *Noteholders/TCC Plan*, Art. 1, § 1.179; *Debtors' Joint Plan*, Art. 1, § 1.128. The possibility of more than one trust raises the possibility of wildfire trusts funded in different amounts with different wildfire claims channeled to unequally funded trusts with different claims resolution procedures. This potential difference in the treatment of wildfire claims implicates several of the subsections of section 1129. The plan proponents must clarify whether their plans will create one or more wildfire trusts before the Court sets an early plan objection deadline as suggested in its Memorandum.

- ● <u>Trust Governance and Operation</u>. Neither plan attaches nor otherwise provides any meaningful description of the trust agreements or the claims resolution procedures that will govern the resolution, liquidation, and payment of claims from their respective wildfire trusts. *Noteholders/TCC Plan*, Art. 1, §§ 1.78 and 1.79, and 1.80; *Debtors' Joint Plan*, Art. 1, §§ 1.127, 1.128, and 1.130. Nor does either plan provide the identities of the trustee(s) for the wildfire trust or the members of the committee or board to oversee the trusts. *Noteholders/TCC Plan*, Art 1, §§ 1.81 and 1.82; *Debtors' Joint Plan*, Art. 1, §§ 1.129 and 1.131. Under the two plans, the plan proponents will provide this critical information just fourteen days before the confirmation objection deadline (when they file their respective Plan Supplements). *Noteholders/TCC Plan*, Art 1, § 1.154; *Debtors' Joint Plan*, Art. 1, § 1.139. Such short notice may be justified where a supplement includes only schedules of rejected

contracts and debtor-retained causes of action, new organizational documents, and identity of new officers. Here, though, that document will contain detailed information regarding the treatment of wildfire creditors' claims, including (i) how creditors assert wildfire claims against the trust(s), (ii) procedures for resolving those claims, (iii) who will decide how claims are resolved, and (iv) the form of consideration for satisfaction of those claims. Fourteen days is clearly insufficient for purported wildfire creditors, like certain United States' agencies, to review a likely lengthy and detailed trust agreement and claims resolution procedures to assess the treatment of its claim and decide whether to object to that treatment. In particular, given the size of the its claims, the United States is entitled to ensure that the trust is governed by neutral and experienced trustees. Accordingly, the Court should not impose a plan confirmation objection deadline in the absence of such necessary information. If it is nevertheless inclined to set an early objection deadline for those subsections, then it should also require the plan proponents to file the trust agreements, claim resolution procedures, and the identities of the trustee(s) and members of the oversight committee at least thirty days before that early objection deadline.

These issues likely implicate confirmation objections based on the requirements of 11 U.S.C. § 1129(a)(1), (2), (3), and (5). The United States reserves all rights with regard to objections to confirmation of either plan.

Date: December 12, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
DAVID L. ANDERSON (CABN 149604)
United States Attorney

/s/ Matthew J. Troy
RUTH A. HARVEY
Director
KIRK MANHARDT
Deputy Director
MATTHEW J. TROY
Senior Trial Counsel
Attorneys for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2019, I electronically filed the foregoing Statement with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

/s/ Matthew J. Troy
Matthew J. Troy
Senior Trial Counsel
Attorney for United States