**WEIL, GOTSHAL & MANGES LLP**
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)|
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

**KELLER & BENVENUTTI LLP**
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☑ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF KENYON MARK LEE IN SUPPORT OF DEBTORS' PRELIMINARY LIMITED OPPOSITION TO VLAZAKIS DEFENDANTS' MOTION AS TO THE INAPPLICABILITY OF STAY, AND IN THE ALTERNATIVE FOR RELIEF FROM STAY**<br><br>Relates to Dkt. Nos. 4846, 4847<br><br>Date:  December 17, 2019<br>Time:  10:00 a.m.<br>Place:  United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 94102 |

I, Kenyon Mark Lee, declare:

1. I am an attorney admitted to the practice of law in the State of California. I am a partner in the law firm of Lee Law Offices, attorneys for Pacific Gas and Electric Company (the "**Utility**"). I make this Declaration in support of the *Debtors' Preliminary Limited Opposition to Vlazakis Defendants' Motion as to the Inapplicability of Stay and in the Alternative for Relief from Stay* (the "**Opposition**").[1]

2. I have personal knowledge of the matters set forth herein except where specifically stated otherwise and could, and would, competently testify to these matters.

3. On June 4, 2019, my office filed an action in the Superior Court for the County of Alameda (the "**State Court**"), *PG&E v. Vlazakis et al.*, Case No. RG19021463 (the "**State Court Action**"), alleging causes of action for trespass, nuisance, declaratory judgment and an injunction. In the State Court Action, the Utility asks for a ruling that the Vlazakis Defendants are encroaching on the Utility's property by having wrongfully and secretly supported their building by attaching it to the wall of a building on the Utility's property, and seeks an injunction requiring abatement of the encroachment so that the Utility can complete construction of its Gas Regulation Station located in Oakland.

4. On June 6, 2019 this office filed an application for a preliminary injunction barring the Vlazakis Defendants from interfering with the Utility's removal of the encroachment by the Vlazakis Defendants and allowing it to proceed with the construction of its Gas Regulation Station. The judge assigned to the case recused himself prior to the hearing on the application and the matter was reassigned to Judge Whitman, who heard the application on August 13, 2019 and issued her decision denying the application on September 11, 2019.

5. In recognition of the urgency of the matters raised by the Utility, Judge Whitman set an expedited case management schedule and scheduled a bench trial for May 12, 2020.

6. While the Vlazakis Defendants raised arguments based on their alleged rights under a letter agreement entered into by PG&E and the Vlazakis Defendants in November 2017 (the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Opposition.

Case: 19-30088    Doc# 5090    Filed: 12/12/19    Entered: 12/12/19 15:15:22    Page 2 of 6

"**Contract**") in their Opposition to the preliminary injunction application dated July 5, 2019 and on numerous occasions since then they made no effort to assert these claims in a cross-complaint at any time prior to October 29, 2019, when they filed an *ex parte* application for leave to file a cross-complaint.

7. On November 4, 2019 the Vlazakis Defendants appeared in the State Court on an *ex parte* application for leave to file a cross-complaint and an amended answer. The State Court denied the application and issued an order requiring the Vlazakis Defendants first to seek a ruling from the Bankruptcy Court "*forthwith*" regarding the applicability of the automatic stay to the proposed cross-claims and setting a briefing schedule for any motions for leave to file additional or amended pleadings. A copy of the State Court's November 4, 2019 order is attached hereto as **Exhibit A**.

8. I am informed and believe that at the November 4, 2019 hearing, counsel for the Vlazakis Defendants advised the court that he would seek relief in bankruptcy court within a week or ten days. Judge Whitman set the briefing schedule based on these representations. The Vlazakis Defendants did not file a motion seeking relief from the automatic stay in the time represented but waited until November 22, 2019.

9. On December 2, 2019 the Vlazakis Defendants filed a motion for leave to file an Amended Answer; on December 10, 2019 they filed a motion for leave to file a Cross-Complaint, both without having first obtained relief from the automatic stay.

### The Vlazakis Defendants' Title Claims

10. The Vlazakis Defendants' proposed Cross-Complaint alleges eight causes of action. The eighth cause of action seeks declaratory relief based on the preceding seven causes of action and asserts no independent substantive basis for relief. The fourth through seventh causes of action seek to establish the Vlazakis Defendants' alleged right to use the Utility's building/wall for support of their building by seeking to quiet title in the Vlazakis Defendants' alleged property rights in the Utility's building based on various easement theories. These claims, invoking theories of adverse possession, prescriptive easement, implied easement, and easement by necessity are typical real property title claims (collectively, the "**Title Claims**").

11. The same Title Claims also are alleged – in the form of affirmative defenses – in the Vlazakis Defendants' proposed Amended Answer. In their motion for leave to file an Amended Answer, the Vlazakis Defendants seek to add new affirmative defenses based on prescriptive easement, express easement, equitable easement, implied easement and easement by necessity (25th through 29th Affirmative defenses). A copy of the proposed Amended Answer is attached as **Exhibit B**.[2]

12. The Title Claims and corresponding affirmative defenses involve only conduct and events that took place prior to the Utility's discovery of the encroachment by the Vlazakis Defendants, which occurred in August 2016. The question to be resolved in this context is whether the Vlazakis Defendants had a right to use the PG&E building/wall to support their building as of that date or whether such use constituted trespass or nuisance. These claims and defenses do not implicate the Contract.

<u>The Vlazakis Defendants' Contract Claims</u>

13. The first through third causes of action of the proposed Cross-Complaint are based on the Utility's alleged breach of, and negligence in performing, the Contract. The Vlazakis Defendants seek damages for breach of contract and negligence in its performance, and specific performance of the contract (the "**Contract Claims**").

14. The Vlazakis Defendants' Answer also contains a number of affirmative defenses that refer to the Utility's alleged obligation to perform the Contract. For instance, the 4th Affirmative Defense alleges that defendants are "entitled to specific performance of Plaintiff's agreement to go forward with structural upgrades of the common party wall since a binding contract supported by considerations was entered into by the parties to perform a specific undertaking enforceable by the Court." The 11th Affirmative Defense alleges that the Utility breached the Contract and "PG&E's covenants to perform" it by "reinforcing the existing masonry wall and to solidify and stabilize the subgrade below the wall."

---

[2] A page is missing in the version of Exhibit B that was filed and served in the State Court Action.

15. In essence, these "failure to perform" affirmative defenses are all based on the equitable principle of estoppel. This is confirmed by the 13th Affirmative Defense, which alleges that "PG&E is estopped by its conduct in failing to maintain and to protect the existing common party wall as previously represented to Defendants."

16. To the extent the Contract has any relevance to the Vlazakis Defendants' defense to the Utility's encroachment claims and request for an injunction it would be due only to the Vlazakis Defendants' estoppel type arguments. The Vlazakis Defendants' claims for breach of contract, negligence and resulting damages, all of which are based on conduct and events that post-date the Utilities' discovery of the encroachment and the formation of the Contract, are entirely separate from any issues that are potentially relevant to an adjudication of the Utility's claims.

17. The evidence relevant to the Contract Claims would include complex design, engineering, permitting and cost matters related to the construction contemplated by the Contract, which would not be required if only the Title Claims were adjudicated.

<u>The Vlazakis Defendants' Request for a Jury Trial</u>

18. The Vlazakis Defendants have requested a jury trial.

19. Under California law, claims for breach of contract and negligence generally give rise to a right to a jury trial.

20. The Utility's complaint against the Vlazakis Defendants seeks the equitable remedy of an injunction. The Utility's claims based on the encroachment, and the Vlazakis Defendants' defenses to these claims based on real property title issues or estoppel, are essentially equitable and are not likely to give rise to a jury trial right. To the extent any of the Vlazakis Defendants' affirmative defenses based on real property title issues, such as the prescriptive easement theory, might give rise to a jury trial, I believe there is a reasonable prospect that such issues can be eliminated by summary adjudication and will not change the nature of the bench trial or cause it to be postponed.

<u>Maintenance of the May 12, 2020 Trial Date</u>

21. I expect that the May 12, 2020 bench trial date can be maintained if the trial does not involve the proposed contract based cross-claims but is limited to the Utility's claims and the

Vlazakis Defendants' Title Claims relating to their alleged right to use the Utility's building/wall for support of their building.

22. A trial of the Vlazakis Defendants' proposed Contract Claims would involve complex design, engineering, permitting and cost issues, and would require extensive discovery that would not be required if the Contract Claims were not part of the trial. At a meet and confer prior to the October 1 case management hearing, counsel for the Vlazakis Defendants suggested they would seek to assert claims based on the Contract and identified fourteen witnesses (or categories of witnesses) that they contended would need to be deposed in connection with such claims. Among the witnesses they identified were six employees of the Utility, a geotechnical engineer, two Craig Communications contractors, a CPUC representative, two City of Oakland building department employees, a Port of Oakland employee, and an unidentified "third-party witness."

23. If the Vlazakis' proposed contract-based cross-claims were included in the trial it would not be possible to keep the May 12, 2020 bench trial date. The judge hearing this matter has informed the parties that a jury trial would not be available as early as a bench trial. Moreover, the parties would require additional time to conduct discovery and trial preparation on the contract issues raised by the proposed cross-complaint. While the Utility would press for the earliest possible trial date, I would not be surprised at a delay of six months or more in getting to trial and obtaining a resolution of the Title Issues.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: December 12, 2019

_____
Kenyon Mark Lee