# EXHIBIT B

GEORGE M. VLAZAKIS, ESQ. (SBN: 88237)
225 Brush Street
Oakland, CA 94607
Telephone: (510) 836-4437
Facsimile: (510) 836-4464

Defendant, in pro per

~~MARIA A. BARBIS~~
~~400 No. Middlefield Court~~
~~Visalia, CA 93291~~
~~Telephone: (559) 732-0237~~

~~Defendant, in pro per~~

~~JOHN A. BARBIS~~
~~400 No. Middlefield Court~~
~~Visalia, CA 93291~~
~~Telephone: (559) 732-0237~~

~~Defendant, in pro per~~

~~ATHANASIA V. VLAZAKIS~~
~~1201 California St., Suite 605~~
~~San Francisco, CA 94109~~
~~Telephone: (415) 775-9000~~

~~Defendant, in pro per~~

**COLETTE F. STONE, ESQ. (SBN: 129773)**
**RONALD F. BERESTKA, JR. ESQ. (SBN: 155707)**
**STONE & ASSOCIATES**
**A Professional Corporation**
**2125 Ygnacio Valley Road, Suite 101**
**Walnut Creek, CA 94598**
Telephone: (925) 938-1555
Facsimile: (925) 938-2937
Email: cstone@stonelawoffice.com
rberestka@stonelawoffice.com

**Attorneys for Defendants,**
**GEORGE M. VLAZAKIS; MARIA A. BARBIS; JOHN A. BARBIS;**
**And ATHANASIA V. VLAZAKIS**

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

-1-

[PROPOSED] AMENDED ANSWER OF DEFENDANTS GEORGE M. VLAZAKIS; MARIA A. BARBIS; JOHN A. BARBIS; AND ATHANASIA V. VLAZAKIS TO PLAINTIFF PACIFIC GAS AND ELECTRIC COMPANY'S COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTION, ABATEMENT OF NUISANCE, TRESPASS, DECLARATORY RELIEF (REMOVAL OF ENCROACHMENT

| | | |
|---|---|---|
| 1 | PACIFIC GAS AND ELECTRIC COMPANY, | CASE NO. RG19021463 |
| 2 | Plaintiff, | [PROPOSED] AMENDED ANSWER OF DEFENDANTS GEORGE M. |
| 3 | vs. | VLAZAKIS; MARIA A. BARBIS; JOHN A. BARBIS; AND ATHANASIA |
| 4 | ATHANASIA V. VLAZAKIS, GEORGE M. VLAZAKIS, JOHN A. BARBIS, MARIA A. | V. VLAZAKIS TO PLAINTIFF PACIFIC GAS AND ELECTRIC |
| 5 | BARBIS, and DOES 1 to xx, | COMPANY'S COMPLAINT FOR PRELIMINARY AND PERMANENT |
| 6 | Defendants. | INJUNCTION, ABATEMENT OF NUISANCE, TRESPASS, |
| 7 | | DECLARATORY RELIEF (REMOVAL OF ENCROACHMENT |
| 8 | | |
| 9 | | Complaint filed: June 4, 2019<br>Assigned for all purposes to Judge Jenna Whitman, Dept. 507 |

1. ~~This answering Defendant George M. Vlazakis (hereinafter "Defendant") denies~~ **These answering Defendants, George M. Vlazakis, Maria Barbis, John A. Barbis, and Athanasia V. Vlazakis (hereinafter "Defendants") deny** generally and specifically each of the allegations contained in the unverified Complaint for Preliminary and Permanent Injunction, Abatement of Nuisance, Trespass, Declaratory Relief (Removal of Encroachment) (hereinafter "Complaint") and also ~~denies~~ **deny** each of the allegations contained in the prayer for judgment and relief. ~~Defendant alleges~~ **Defendants allege** that Plaintiff is not entitled to any of the relief requested on its first, second, and third causes of action of the Complaint.

2. ~~Defendant admits~~ **Defendants admit** that ~~he is a~~ **they are co-owners** in possession of the property located at APN 001-011-001 commonly known as 225-229 Brush Street and 751 Third Street, Oakland, California and APN 001-0111-002 (a vacant lot with no address assigned).

3. ~~Defendant admits~~ **Defendants admit** that on or about November 22, 2017, Plaintiff PG&E and ~~Defendant~~ **Defendants** agreed that PG&E would convey title to a four foot by fifty foot strip of real property along their common border that includes PG&E's brick wall and that this letter of agreement was reduced to writing and signed by the parties, as included in Exhibit B attached to the Complaint.

-2-

[PROPOSED] AMENDED ANSWER OF DEFENDANTS GEORGE M. VLAZAKIS; MARIA A. BARBIS; JOHN A. BARBIS; AND ATHANASIA V. VLAZAKIS TO PLAINTIFF PACIFIC GAS AND ELECTRIC COMPANY'S COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTION, ABATEMENT OF NUISANCE, TRESPASS, DECLARATORY RELIEF (REMOVAL OF ENCROACHMENT

Case: 19-30088    Doc# 5090-2    Filed: 12/12/19    Entered: 12/12/19 15:15:22    Page 3 of 11

4. ~~Defendant denies~~ **Defendants deny** that key condition precedents to the agreement were not met and that the Defendants, including ~~this answering Defendant,~~ **these answering Defendants,** could not or would not meet the City of Oakland permit requirements.

5. ~~This answering Defendant denies~~ **These answering Defendants deny** all other allegations contained in Plaintiff's Complaint, including the prayer for relief contained therein.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As and for a first separate and distinct affirmative defense, Plaintiff's lawsuit should be dismissed and/or stayed because it violates fundamental fairness and due process under the Fourteenth Amendment of the U.S. Constitution, which is applicable to the states by its terms and Article VI, Clause 2 of the United States Constitution, under the Supremacy Clause. Defendants are prevented from seeking affirmative relief against Plaintiff under the automatic stay of the U.S. Bankruptcy Code, giving Plaintiff an unfair advantage in this lawsuit.

### SECOND AFFIRMATIVE DEFENSE

As and for a second separate and distinct affirmative defense, Plaintiff's Complaint and each cause of action for relief alleged is barred by the doctrine of laches since Plaintiff unreasonably delayed in the bringing of this action, all to ~~Defendant's~~ **Defendants'** prejudice and detriment.

### THIRD AFFIRMATIVE DEFENSE

As and for a third separate and distinct affirmative defense, Plaintiff and its agents voluntarily assumed all risks of the undertaking, including agreeing to structurally upgrade the common party wall at its sole cost and expense and to solidify and stabilize the soils beneath the common party wall and is estopped from failing to go forward with this work as agreed.

### FOURTH AFFIRMATIVE DEFENSE

As and for a fourth separate and distinct affirmative defense, ~~this Defendant is~~ **these Defendants are** entitled to specific performance of Plaintiff's agreement to go forward with structural upgrades of the common party wall since a binding contract supported by considerations

Case: 19-30088    Doc# 5090-2    Filed: 12/12/19    Entered: 12/12/19 15:15:22    Page 4 of 11

was entered into by the parties to perform a specific undertaking enforceable by the Court.

## FIFTH AFFIRMATIVE DEFENSE

As and for a fifth separate and distinct affirmative defense, Plaintiff has unclean hands by failing to take timely and reasonable steps to relocate it's pipes, equipment, and infrastructure away from the subject property boundary line and the common wall separating the subject properties.

## SIXTH AFFIRMATIVE DEFENSE

As and for a sixth separate and distinct affirmative defense, Plaintiff has failed to allege sufficient facts to state a cause of action for monitory and/or injunctive relief against ~~this answering Defendant and the other named Defendants~~ **these answering Defendants** in this case.

## SEVENTH AFFIRMATIVE DEFENSE

As and for a seventh separate and distinct affirmative defense, Plaintiff breached the covenant of good faith and fair dealing by refusing to undertake the structural upgrades to the common party wall after agreeing orally and in writing to do so, as represented to Defendants, including ~~this answering Defendant,~~ **these answering Defendants,** over an extended period of time.

## EIGHTH AFFIRMATIVE DEFENSE

As and for an eighth separate and distinct affirmative defense, Plaintiff is contributorily negligent and at fault by failing to plan and design the second phase of the project by placing pipes above and below ground away from the existing common party wall.

## NINTH AFFIRMATIVE DEFENSE

As and for a ninth separate and distinct affirmative defense, ~~this Defendant and the co-Defendants~~ **these Defendants** are innocent property owners, and the balancing of hardships are in Defendants' favor because the common party wall was in existence, along with the building at 751 Third Street and its component parts for decades before Plaintiff acquired its property in 2015 and contemplated its project.

///

-4-

[PROPOSED] AMENDED ANSWER OF DEFENDANTS GEORGE M. VLAZAKIS; MARIA A. BARBIS; JOHN A. BARBIS; AND ATHANASIA V. VLAZAKIS TO PLAINTIFF PACIFIC GAS AND ELECTRIC COMPANY'S COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTION, ABATEMENT OF NUISANCE, TRESPASS, DECLARATORY RELIEF (REMOVAL OF ENCROACHMENT

Case: 19-30088    Doc# 5090-2    Filed: 12/12/19    Entered: 12/12/19 15:15:22    Page 5 of 11

## TENTH AFFIRMATIVE DEFENSE

As and for a tenth separate and distinct affirmative defense, Plaintiff, through its agents, withheld material information and misrepresented material facts by failing to provide copies of written engineering reports, correspondence, and notes requested by Defendants to support the conclusion that upgrading the common party wall and solidifying and stabilizing the soil beneath this wall were allegedly no longer feasible as of approximately January 15, 2019 to the present.

## ELEVENTH AFFIRMATIVE DEFENSE

As and for a eleventh separate and distinct affirmative defense, Plaintiff and it's agents breached the written agreement entered into in December of 2017 and signed by the parties in December 2017 and January 2018 since under Paragraph 9 of the agreement it constitutes the entire agreement of the parties and PG&E's covenants to perform under the agreement under Paragraph 2, reinforcing the existing masonry wall and to solidify and stabilize the subgrade below the wall, which was a covenant running with PG&E's land under Paragraph 11 of the agreement, thereby binding PG&E and its successors and assigns.

## TWELFTH AFFIRMATIVE DEFENSE

As and for a twelfth separate and distinct affirmative defense, Plaintiff PG&E has unclean hands in the undertaking by failing to take reasonable steps to shore up and protect the existing common party **wall** at PG&E's expense as previously agreed and represented to Defendants over an extended period of time of their direct dealings.

## THIRTEENTH AFFIRMATIVE DEFENSE

As and for a thirteenth separate and distinct affirmative defense, Plaintiff PG&E is estopped by its conduct in failing to maintain and to protect the existing common party wall as previously represented to Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

As and for a fourteenth separate and distinct affirmative defense, the common wall separating the parties' property is a common party wall, based on the facts and law of this case,

-5-

[PROPOSED] AMENDED ANSWER OF DEFENDANTS GEORGE M. VLAZAKIS; MARIA A. BARBIS; JOHN A. BARBIS; AND ATHANASIA V. VLAZAKIS TO PLAINTIFF PACIFIC GAS AND ELECTRIC COMPANY'S COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTION, ABATEMENT OF NUISANCE, TRESPASS, DECLARATORY RELIEF (REMOVAL OF ENCROACHMENT

Case: 19-30088    Doc# 5090-2    Filed: 12/12/19    Entered: 12/12/19 15:15:22    Page 6 of 11

including but not limited to California Civil Code § 801(12), which results in ~~this answering Defendant and the other co-Defendants~~ **these answering Defendants** having an easement in this common party wall, which allows Defendants to continue to use the wall for support and protection of their building.

## FIFTEENTH AFFIRMATIVE DEFENSE

As and for a fifteenth separate and distinct affirmative defense, ~~this answering Defendant alleges~~ **these answering Defendants allege** that the Complaint, and each purported cause of action therein fails to state facts sufficient to constitute a cause of action against ~~this answering Defendant~~ **these answering Defendants** and in fact fails to allege any cause of action against ~~this answering Defendant~~ **these answering Defendants**.

## SIXTEENTH AFFIRMATIVE DEFENSE

As and for a sixteenth separate and distinct affirmative defense, ~~this answering Defendant alleges~~ **these answering Defendants allege** that any other injuries, if any, sustained or suffered by the Plaintiff, were proximately and substantially caused and contributed to by the negligence of the Plaintiff and/or other third parties other than ~~this answering Defendant,~~ **these answering Defendants,** in that Plaintiff failed to exercise ordinary and reasonable care and diligence in this matter.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As and for a seventeenth separate and distinct affirmative defense, ~~this answering Defendant alleges~~ **these answering Defendants allege** that ~~this answering Defendant is~~ **these answering Defendants are** not legally responsible in any fashion with respect to alleged damages and injuries claimed by the Plaintiff, if any. However, if ~~this answering Defendant is~~ **these answering Defendants are** found to be legally responsible, which ~~he fully disputes~~ **they fully dispute,** then ~~this answering Defendant alleges that his~~ **these answering Defendants allege that their** legal responsibility, if any, is not the sole and proximate cause of the injuries alleged by the Plaintiff, and that the damages awarded to Plaintiff, if any, are to be apportioned

-6-

[PROPOSED] AMENDED ANSWER OF DEFENDANTS GEORGE M. VLAZAKIS; MARIA A. BARBIS; JOHN A. BARBIS; AND ATHANASIA V. VLAZAKIS TO PLAINTIFF PACIFIC GAS AND ELECTRIC COMPANY'S COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTION, ABATEMENT OF NUISANCE, TRESPASS, DECLARATORY RELIEF (REMOVAL OF ENCROACHMENT

Case: 19-30088    Doc# 5090-2    Filed: 12/12/19    Entered: 12/12/19 15:15:22    Page 7 of 11

according to the respective fault and legal responsibility of the agents, servants, and employees of Plaintiff who contributed to and/or caused any alleged injury, according to proof presented at the time of trial.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As and for an eighteenth separate and distinct affirmative defense, ~~this answering Defendant alleges~~ **these answering Defendants allege** that the Complaint and each purported cause of action therein is barred by the applicable statute of limitations, including but not limited to § 338(b) of the California Code of Civil Procedure.

### NINETEENTH AFFIRMATIVE DEFENSE

As and for a nineteenth separate and distinct affirmative defense, ~~this answering Defendant alleges~~ **these answering Defendants allege** that as between the Plaintiff and ~~this answering Defendant~~ **these answering Defendants** the equities do not preponderate in favor of the Plaintiff, and accordingly, the Plaintiff is barred from any recovery against ~~this answering Defendant~~ **these answering Defendants**.

### TWENTIETH AFFIRMATIVE DEFENSE

As and for a twentieth separate and distinct affirmative defense, ~~this answering Defendant alleges the Defendant~~ **these answering Defendants allege the Defendants** claim an equitable right of recoupment against any alleged claim by Plaintiff, based on Plaintiff's savings of costs, expenses, fees, and time in failing to perform under the terms of the agreement entered into by the parties on or about December of 2017 to structurally upgrade the common wall.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As and for a twenty-first separate and distinct affirmative defense, Plaintiff and its agents were negligent in this matter, and Plaintiff's negligence bars any claimed recovery for damages and/or injunctive relief against ~~this answering Defendant and the other co-Defendants~~ **these answering Defendants**.

///

-7-

[PROPOSED] AMENDED ANSWER OF DEFENDANTS GEORGE M. VLAZAKIS; MARIA A. BARBIS; JOHN A. BARBIS; AND ATHANASIA V. VLAZAKIS TO PLAINTIFF PACIFIC GAS AND ELECTRIC COMPANY'S COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTION, ABATEMENT OF NUISANCE, TRESPASS, DECLARATORY RELIEF (REMOVAL OF ENCROACHMENT

Case: 19-30088    Doc# 5090-2    Filed: 12/12/19    Entered: 12/12/19 15:15:22    Page 8 of 11

## TWENTY-SECOND AFFIRMATIVE DEFENSE

As and for a twenty-second separate and distinct affirmative defense, Plaintiff failed to mitigate its damages, if any, and accordingly is not entitled to the relief sought in said Complaint against ~~this answering Defendant~~ **these answering Defendants**.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

As and for a twenty-third separate and distinct affirmative defense, Plaintiff's knowledge and acceptance of conditions found on the real property purchased and owned by Plaintiff and it's location and proximity to the estuary was with full knowledge of these conditions and thus constitutes a waiver of objections to these conditions and any alleged claims and/or causes of action alleged against ~~this answering Defendant and the other co-Defendants~~ **these answering Defendants**.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

As and for a twenty-fourth separate and distinct affirmative defense, the Complaint and each cause of action therein is stated in conclusory terms, and therefore ~~Defendant~~ **Defendants** cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, ~~Defendant reserves~~ **Defendants reserve** the right to add additional affirmative defenses to ~~Defendant's~~ **Defendants'** answer by way of amendment, if any, to the extent such affirmative defenses are applicable to this action

## **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**As and for a twenty-fifth separate and distinct affirmative defense, these answering Defendants allege that they are entitled to the continued use of the real property and wall that is the subject of this action due to the existence of a prescriptive easement that burdens said real property and wall in favor of Defendants.**

## **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**As and for a twenty-sixth separate and distinct affirmative defense, these answering Defendants allege that they are entitled to the continued use of the real property and wall**

-8-

[PROPOSED] AMENDED ANSWER OF DEFENDANTS GEORGE M. VLAZAKIS; MARIA A. BARBIS; JOHN A. BARBIS; AND ATHANASIA V. VLAZAKIS TO PLAINTIFF PACIFIC GAS AND ELECTRIC COMPANY'S COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTION, ABATEMENT OF NUISANCE, TRESPASS, DECLARATORY RELIEF (REMOVAL OF ENCROACHMENT

Case: 19-30088    Doc# 5090-2    Filed: 12/12/19    Entered: 12/12/19 15:15:22    Page 9 of 11

that is the subject of this action due to the existence of an express easement that burdens said real property and wall in favor of Defendants.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As and for a twenty-seventh separate and distinct affirmative defense, these answering Defendants allege that they are entitled to the continued use of the real property and wall that is the subject of this action due to the existence of an equitable easement that burdens said real property and wall in favor of Defendants.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As and for a twenty-eighth separate and distinct affirmative defense, these answering Defendants allege that they are entitled to the continued use of the real property and wall that is the subject of this action due to the existence of an implied easement that burdens said real property and wall in favor of Defendants.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

As and for a twenty-ninth separate and distinct affirmative defense, these answering Defendants allege that they are entitled to the continued use of the real property and wall that is the subject of this action due to the existence of an easement by necessity that burdens said real property and wall in favor of Defendants.

### THIRTIETH AFFIRMATIVE DEFENSE

As and for a thirtieth separate and distinct affirmative defense, these answering Defendants allege that all relevant times their conduct was privileged.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

As and for a thirty-first separate and distinct affirmative defense, these answering Defendants allege that they are entitled to the continued use of the real property and wall due to private necessity.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

As and for a thirty-second separate and distinct affirmative defense, these answering

[PROPOSED] AMENDED ANSWER OF DEFENDANTS GEORGE M. VLAZAKIS; MARIA A. BARBIS; JOHN A. BARBIS; AND ATHANASIA V. VLAZAKIS TO PLAINTIFF PACIFIC GAS AND ELECTRIC COMPANY'S COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTION, ABATEMENT OF NUISANCE, TRESPASS, DECLARATORY RELIEF (REMOVAL OF ENCROACHMENT

1  ~~Dated:~~ _____
2                     ~~MARIA A. BARBIS~~
                      ~~Defendant, in pro per~~
3

4  ~~Dated:~~ _____
                      ~~JOHN A. BARBIS~~
5                     ~~Defendant, in pro per~~

6

7  ~~Dated:~~ _____
                      ~~ATHANASIA V. VLAZAKIS~~
8                     ~~Defendant, in pro per~~

9  DATED:                    STONE & ASSOCIATES

11                      By _____
12                         COLETTE F. STONE
                           RONALD F. BERESTKA, JR.
13                         Attorneys for Defendants
                           GEORGE M. VLAZAKIS; MARIA A.
14                         BARBIS; JOHN A. BARBIS; and
                           ATHANASIA V. VLAZAKIS

-11-

[PROPOSED] AMENDED ANSWER OF DEFENDANTS GEORGE M. VLAZAKIS; MARIA A. BARBIS; JOHN A. BARBIS; AND ATHANASIA V. VLAZAKIS TO PLAINTIFF PACIFIC GAS AND ELECTRIC COMPANY'S COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTION, ABATEMENT OF NUISANCE, TRESPASS, DECLARATORY RELIEF (REMOVAL OF ENCROACHMENT