# EXHIBIT A

```
 1  ANN H. KIM (CSBN 167104)
    CESAR V. ALEGRIA, JR. (CSBN 145625)
 2  PACIFIC GAS AND ELECTRIC COMPANY
 3  P.O. Box 7442
    San Francisco, CA 94120
 4
    DIRECT CORRESPONDENCE TO:
 5
 6  KENYON MARK LEE, SBN 94102
    MONIKA PLEYER LEE, SBN 117019
 7  LEE LAW OFFICES
    1700 South El Camino Real, Suite 450
 8  San Mateo, California 94402
 9  Telephone: (650) 212-3400
    Facsimile: (650) 212-3414
10
    Attorneys for Plaintiff
11  PACIFIC GAS AND ELECTRIC COMPANY
```

FILED BY FAX
ALAMEDA COUNTY
June 06, 2019
CLERK OF
THE SUPERIOR COURT
By Milagros Cortez, Deputy
CASE NUMBER:
RG19021463

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY,<br><br>   Plaintiff,<br><br>vs.<br><br>ATHANASIA V. VLAZAKIS, GEORGE M. VLAZAKIS, JOHN A. BARBIS, MARIA A. BARBIS, and DOES I through XX,<br><br>   Defendants. | Case No.: RG19021463<br>ASSIGNED FOR ALL PURPOSES TO JUDGE Noel Wise<br>DEPARTMENT 24<br><br>DECLARATION OF BRIAN GARBER IN SUPPORT OF PACIFIC GAS AND ELECTRIC COMPANY'S APPLICATION FOR PRELIMINARY INJUNCTION<br><br>Action Filed: June 4, 2019<br>Trial Date:  None Set<br>Hearing Date: July 18, 2019<br>Hearing Time: 9:00 a.m.<br><br>Reservation No.: R-2084863 |

I, Brian Garber, declare:

1. I am a currently a Senior Project Manager for Pacific Gas and Electric

---

DECLARATION OF BRIAN GARBER IN SUPPORT OF PACIFIC GAS AND ELECTRIC COMPANY'S APPLICATION
FOR PRELIMINARY INJUNCTION; Case No. RG19021463
1

Case: 19-30088    Doc# 5091-1    Filed: 12/12/19    Entered: 12/12/19 15:16:50    Page 2 of 16

Company ("PG&E") and have been since 2015. I have been a project manager, or otherwise employed in the construction industry in various management or supervisorial capacities since 1986. In my capacity as a PG&E Senior Project Manager, I oversee a variety of construction, development, repair, or replacement projects for the company's natural gas transmission network system-wide.

2. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify truthfully to the matters set forth below. I make this declaration in support of PG&E's Application for a Preliminary Injunction.

3. I have been tasked with the responsibility of managing the construction of a new natural gas regulation station located at 225 Brush Street, Oakland, California, to meet current applicable standards of safety and code requirements for the regulation station, as well as the East Bay gas transmission system. This system includes what PG&E refers to as Lines 105N, 105C, and L-153; the new station project is part of a larger L-153 and L-105N pipe replacement and testing upgrade program and also incorporates the project design for the L-153 (R-511 Oakland West pipe replacement) project and, when complete, will include remotely controlled valves which can be shut remotely during an emergency, and pressure regulation and metering between three 24" diameter gas transmission lines, and traditional and nontraditional internal line inspection access points.

4. The construction of this new gas regulation station requires the demolition of existing improvements on PG&E's property, including its unreinforced brick structure adjacent to Defendant's property line. In August of 2016, PG&E determined that its brick wall was being used by Defendants, who relied upon the integrity of the PG&E wall for support of their own building. Not only do Defendants not have any exterior or interior walls of their own, but the steel I-beams Defendants rely upon for support of their roof and perpendicular walls are bolted, or otherwise permanently fastened, to PG&E's wall. PG&E's structural engineers have determined that the removal of PG&E's brick wall would leave Defendants' structure without sufficient support unless Defendants took appropriate action on their property to shore up their own roof and perpendicular walls. Attached

DECLARATION OF BRIAN GARBER IN SUPPORT OF PACIFIC GAS AND ELECTRIC COMPANY'S APPLICATION FOR PRELIMINARY INJUNCTION; Case No. RG19021463

Case: 19-30088    Doc# 5091-1    Filed: 12/12/19    Entered: 12/12/19 15:16:50    Page 3 of 16

hereto as Exhibit E, and incorporated herein by reference, is a photograph illustrating the encroaching structure on the property at 225 and 229 Brush Street, Oakland, California as it exists as of the date of this declaration.

5. On November 22, 2017, PG&E agreed with Defendants to convey title to a strip of real property along their common border that included the PG&E brick wall (the "Lot Line Adjustment Agreement"), conditioned upon local and regulatory approval of the transaction. Key conditions to the agreement were not met, however, and the Lot Line Adjustment Agreement could not, and cannot, be performed. Attached hereto as Exhibit B, and incorporated herein by reference, is a true and correct copy of the Lot Line Adjustment Agreement.

6. In January of 2019, PG&E made an offer to defendants for the purchase of their parcels for $1,400,000, a price determined by an independent and licensed commercial appraiser to represent the fair market value per Govt. Code § 7267.2 (offers of just compensation). The defendants rejected the offer.

7. From August of 2016 to June of 2019, both parties sought alternative solutions to the issue. PG&E has requested that Defendants remove its beams and bolts/fasteners from PG&E's wall, and construct their own wall, on their own property, in order to provide the necessary structural support for Defendants' building so that PG&E can safely remove its brick wall and proceed with the gas regulator development project. To date, Defendants have failed and refused to remove its fixtures from PG&E's structure, or to provide a satisfactory alternative solution.

8. Defendants' encroachment has impeded PG&E's project, and PG&E has been required to delay its gas regulator project repeatedly in an effort to resolve the encroachment problem presented by Defendants' attachments. PG&E has incurred additional costs as a consequence of the encroachment and related construction delays presented by Defendants.

9. A project of this scope requires advanced planning and cooperation with PG&E employees, subcontractors, Oakland city and Alameda County authorities, and the

DECLARATION OF BRIAN GARBER IN SUPPORT OF PACIFIC GAS AND ELECTRIC COMPANY'S APPLICATION FOR PRELIMINARY INJUNCTION; Case No. RG19021463

Case: 19-30088    Doc# 5091-1    Filed: 12/12/19    Entered: 12/12/19 15:16:50    Page 4 of 16

affected local businesses and landowners, since all parties must be coordinated well ahead of the actual mobilization of construction crews. We need to know with certainty that we can proceed on a given scheduled date without an owner's last-minute objection or obstruction when we mobilize.

10. This project has pipeline inspection deadlines dictated by the U.S. Department of Transportation's Pipeline and Hazardous Materials Safety Administration ("PHMSA"), as delegated to the California Public Utilities Commission ("CPUC"). To meet those deadlines, PG&E planned to remove its building in April of 2017, with a target date of operational completion for October of 2017. The latter date was revised to October, 2018 after we encountered the defendants' encroachment problem. That date was again revised to allow for the redesign of the regulator station in an effort to address part of the problem caused by the encroachment. The redesign work led to separate phases of construction, which has allowed for partial operational status for the station. PG&E has committed to an operational date of December 2019, which will require that demolition of the existing PG&E building be completed by no later than September, 2019.

11. This project has already been delayed by two years due to the defendants' encroachment problem. The consequences of further delay include (1) the health and safety impact when the scheduled gas-line inspections are not carried out pursuant to CPUC regulatory requirements and PG&E commitments; (2) unacceptable levels of risk arising from delayed inspections of the 24" high-pressure gas lines; and (3) compromise of PG&E's ability to utilize the critical shut-off valves to speed the response to reported gas leaks or related risks.

12. Additionally, if forced to conduct multiple, and scattered, mobilizations of the construction crews, PG&E would experience a severe impact on the efficiency and costs associated with the project. Coordination of the crews requires adherence to a tight, and fixed schedule, for the performance of this project.

//
//

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed this 4 day of June, 2019 at San Ramon, California.

*signature*

Brian Garber

---

DECLARATION OF BRIAN GARBER IN SUPPORT OF PACIFIC GAS AND ELECTRIC COMPANY'S APPLICATION FOR PRELIMINARY INJUNCTION; Case No. _____

# EXHIBIT B



6111 Bollinger Canyon Road
San Ramon, CA 94583

# LETTER AGREEMENT

November 22, 2017

Athanasia V. Vlazakis
George M. Vlazakis
Maria A. Barbis
225 Brush Street
Oakland, CA 94607

**Re: Letter Agreement Pertaining to 225 Brush Street, Oakland**

Dear Ms. Vlazakis, Mr. Vlazakis, and Ms. Barbis:

At Pacific Gas and Electric Company ("PG&E"), we're committed to strengthening our natural gas transmission system to better serve our communities. As part of that commitment, we are moving forward with our **Oakland Regulator Station Project S0-81**. This letter is to memorialize the discussion of our meeting held on November 17, 2018 in which we discussed PG&E's proposal to address the attachment of the adjoining owner's roof and attachments to PG&E's property located at 225 Brush Street, more specifically the property at the corner of 3rd and Market Street. This Letter Agreement ("Agreement"), when countersigned, will serve to memorialize the agreement by and between you as the owners of the 229 Brush Street property (collectively "Owners") and PG&E as to the specific actions that will be undertaken to informally resolve this matter so that the roof may remain attached to the wall and to cooperate with the construction of PG&E's Oakland Regulator Station Project S0-81.

Now therefore for good and valuable consideration, the receipt of which are acknowledged the Parties agree to the following:

1. Owners will provide the written documentation/deeds to verify how title was acquired for APNs 001-0111-001 and 001-0111-002 prior to transfer of fee title.

2. PG&E will reinforce the existing masonry wall on its property located at the Southeast corner of 3rd and Market Street, which constitutes the easterly wall of the existing building and immediately adjacent to the easterly property line. PGE to solidify and stabilize the subgrade soil beneath around the shared wall. PGE shall install wall bracings to stabilize the wall. All work will conform to standards and codes of applicable engineering and local state and federal codes.

3. Subject to obtaining all required regulatory approvals described in sections 4, 5, and 6 below, PG&E will convey to Owners, by grant deed the strip of land currently occupied by the wall and its supporting foundation, the approximate area of which is 4' in width x 50' in length. Prior to conveying the this strip of land, PG&E must obtain approval from City of Oakland ("City") for a lot line adjustment and from the California Public Utilities Commission ("CPUC") under Public Utilities Code Section 851.

PG&E and Owners will apply jointly to the City for approval of a lot line adjustment. PG&E will be responsible for the preparation of the application for the lot line adjustment and all necessary supporting documents. PG&E will provide the draft application to Owners for their review and approval prior to submittal to the City. The City's approval of the lot line adjustment ("City Approval") is a condition precedent to the conveyance.

4. Upon obtaining the City Approval, PG&E will apply to the CPUC for its approval of the conveyance of this strip of land pursuant to Public Utilities Code Section 851. The CPUC's approval of the conveyance ("CPUC Approval") is a condition precedent to the conveyance. Owners acknowledge and agree that CPUC Approval shall not be deemed to have occurred for purposes of this Letter Agreement unless and until the CPUC approves the conveyance of the strip of land to Owners in a form that is final, unconditional and unappealable, including exhaustion of all administrative appeals or remedies before the CPUC, and such CPUC Approval is approved by PG&E in its sole and absolute discretion, including PG&E's approval of the proposed accounting and ratemaking treatment of the conveyance. Owners further acknowledge and agree that PG&E makes no representation or warranty with respect to the likelihood of, or timing of, CPUC Approval, and Owners waive all claims against PG&E for losses, expenses or damages suffered or incurred by Owner as a direct and sole result of the need for CPUC Approval, any delay in receipt of CPUC approval or the failure of the CPUC to approve the conveyance to Owners.

5. Owners will cooperate in the effort to obtain City Approval and CPUC Approval, including signing any related documents that may be necessary for such approvals.

6. Upon obtaining the CPUC Approval, PG&E will convey by Grant Deed that strip of land on which the shared wall is located to Owners. PG&E will prepare the Grant Deed and legal description, which will be recorded with the County Recorder's Office. The conveyance of the strip of land and the wall shall be to the maximum extent of the law, on an "**As-Is**" and "**With All Faults**" basis, and Owners agree that they will accept the strip of land and wall in such condition. PG&E does not make and specifically disclaims any representations or warranties, promises, covenants or guarantees of any kind or character whatsoever, whether express or implied, oral or written as to, concerning or with respect to the strip of land or wall.

7. The Owners acknowledge and agree that PG&E no longer owes any further payments.

8. Owner agrees to provide PG&E and subcontractors required access to parcels 001-0111-001 and 001-0111-002 for the stabilization of the masonry wall and construction of the concrete block wall; including the right to work, laydown and stage construction materials and equipment during the work.

9. This Agreement supersedes all previous oral and written agreements between and representation by or on behalf of the parties and constitutes the entire agreement of the parties with respect to the subject matter hereof.

10. Authority of Signatory - Each party to this Agreement warrants to the other that it has the sole right and authority to enter into and consummate this Agreement and all related documents.

11. Successors, Heirs, and Assigns - The Rights provided for herein shall inure to successors, heirs and assigns of the respective parties hereto, and all covenants shall apply to and run with the land.

PG&E's signature on this Agreement constitutes PG&E's agreement to the terms and conditions set forth herein. Thus, if the terms of this Agreement are acceptable to Owners, please signed this Agreement in the places provided below and return the signed letter to me. We will construe this Agreement as being executed upon our receipt of either signed original or the transmittal of electronic pdf version of the signed letter.

Sincerely,

Emad Gholami
Supervisor, Land Acquisition

ACKNOWLEDGED AND ACCEPTED:

Signature: _____  Date: _____
Name: Maria Barbis
Title: Trustee of the 2017 John and Maria Barbis Revocable Trust

Signature: _____  Date: _____
Name: Athanasia V. Vlazakis

Signature: _____  Date: _____
Name: George M. Vlazakis

PG&E's signature on this Agreement constitutes PG&E's agreement to the terms and conditions set forth herein. Thus, if the terms of this Agreement are acceptable to Owners, please signed this Agreement in the places provided below and return the signed letter to me. We will construe this Agreement as being executed upon our receipt of either signed original or the transmittal of electronic pdf version of the signed letter.

Sincerely,

*[signature]*

Emad Gholami
Supervisor, Land Acquisition

ACKNOWLEDGED AND ACCEPTED:

Signature: *[signature: Maria Barbis]*     Date: 1/2/2018
Name: Maria Barbis
Title: Trustee of the 2017 John and Maria Barbis Revocable Trust

Signature: _____     Date: _____
Name: Athanasia V. Vlazakis

Signature: _____     Date: _____
Name: George M. Vlazakis

Case: 19-30088   Doc# 5091-1   Filed: 12/12/19   Entered: 12/12/19 15:16:50   Page 11 of 16

PG&E's signature on this Agreement constitutes PG&E's agreement to the terms and conditions set forth herein. Thus, if the terms of this Agreement are acceptable to Owners, please signed this Agreement in the places provided below and return the signed letter to me. We will construe this Agreement as being executed upon our receipt of either signed original or the transmittal of electronic pdf version of the signed letter.

Sincerely,

*[signature]*

Emad Gholami
Supervisor, Land Acquisition


ACKNOWLEDGED AND ACCEPTED:

Signature: _____  Date: _____
Name: Maria Barbis
Title: Trustee of the 2017 John and Maria Barbis Revocable Trust

Signature: *Athanasia V. Vlazakis*  Date: 12/5/17
Name: Athanasia V. Vlazakis

Signature: _____  Date: _____
Name: George M. Vlazakis

PG&E's signature on this Agreement constitutes PG&E's agreement to the terms and conditions set forth herein. Thus, if the terms of this Agreement are acceptable to Owners, please signed this Agreement in the places provided below and return the signed letter to me. We will construe this Agreement as being executed upon our receipt of either signed original or the transmittal of electronic pdf version of the signed letter.

Sincerely,

Emad Gholami
Supervisor, Land Acquisition

ACKNOWLEDGED AND ACCEPTED:

Signature: _____  Date: _____
Name: Maria Barbis
Title: Trustee of the 2017 John and Maria Barbis Revocable Trust

Signature: _____  Date: _____
Name: Athanasia V. Vlazakis

Signature: _George M. Vlazakis_ (signed)  Date: 12/2/17
Name: George M. Vlazakis

Case: 19-30088    Doc# 5091-1    Filed: 12/12/19    Entered: 12/12/19 15:16:50    Page 13 of 16

EXHIBIT A



# EXHIBIT E

