1 | UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION
2 | JOSEPH H. HUNT
Assistant Attorney General
3 | RUTH A. HARVEY
Director
4 | KIRK MANHARDT
Deputy Director
5 | MATTHEW J. TROY (GABN 717258)
Senior Trial Counsel
6 | P.O. Box 875
Ben Franklin Station
7 | Washington, DC 20044-0875
Telephone: (202) 514-9038
8 | E-mail: matthew.troy@usdoj.gov

9 | DAVID L. ANDERSON (CABN 149604)
United States Attorney

Attorneys for the United States of America

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>Date: December 17, 2019<br>Time: 10:00 a.m.<br>Place: United States Bankruptcy Court<br>450 Golden Gate Avenue<br>Courtroom 17<br>San Francisco, CA 94102<br>Judge: Hon. Dennis Montali<br>RE: Docket No. 5038 and 5076 |

**STATEMENT OF THE UNITED STATES OF AMERICA IN RESPONSE TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 363(b) AND 105(a) AND FED. R. BANKR. P. 6004 AND 9019 FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS AND TCC TO ENTER INTO RESTRUCTURING SUPPORT AGREEMENT WITH THE TCC, CONSENTING FIRE CLAIMANT PROFESSIONALS, AND SHAREHOLDER PROPONENTS, AND (II) GRANTING <u>RELATED RELIEF</u>**

The United States of America, on behalf of various federal agencies, hereby responds to the *Debtors' Motion Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 for Entry of an Order (I) Authorizing the Debtors and TCC to Enter into Restructuring Support Agreement with the TCC, Consenting Fire Claimant Professionals, and Shareholder Proponents, and (II) Granting Related Relief* (Dkt. No. 5038) (the "RSA Motion"), in which they seek approval of a restructuring support agreement (the "RSA") between them and, among others, the Official Committee of Tort Claimants ("TCC").

The United States does not object to the relief requested in the RSA Motion but files this statement to (1) address one assertion made in the Motion and (2) reserve its rights with respect to the Estimation Approval Motion described in the RSA Motion as well as the establishment, administration, and governance of the Fire Victim Trust.[1]

Resolution of All Prepetition Fire Claims

Various United States agencies have filed wildfire related claims aggregating approximately $4.3 billion in these cases. The Amended Plan described in the RSA and Term Sheet propose to channel the United States' wildfire related claims to the Fire Victim Trust for resolution and satisfaction. The RSA Motion asserts that the RSA and Term Sheet "fully resolve the chapter 11 plan's treatment of all prepetition fire claims" including "the claims asserted by the DOJ, FEMA, and certain California State agencies (including Cal OES and CAL FIRE)." *RSA Motion* at 9, n.3.[2] But as the Debtors' 8-K SEC filing announcing the RSA correctly noted, the United States is not a party to the RSA. And it was not involved in any way in the negotiations leading to it and has not otherwise settled its wildfire related claims. In other words, there is a significant creditor in these cases asserting

---

[1] Terms not otherwise defined herein shall have the meaning ascribed to them in the Motion and accompanying exhibits.

[2] To be clear, the Department of Justice has not asserted wildfire related claims in these cases. Other agencies of the United States, such as FEMA, the Small Business Administration, the Department of the Interior, and the Department of Agriculture, have done so.

wildfire related claims that does not view the RSA and Term Sheet as having fully resolved the plan's treatment of its claims. In essence, the only thing the RSA and Term Sheet resolved was how much consideration had to be in the Fire Victim Trust to satisfy wildfire related claims. The treatment of those claims through that trust is, however, still subject to the rigors of 11 U.S.C. § 1129 and a confirmation hearing. Accordingly, there remains much to be resolved, or decided by the Court, with respect to the Amended Plan's treatment of the United States' wildfire related claims, and the United States reserves all right with respect thereto.

Reservation of Rights

The RSA describes an Estimation Approval Motion, which will seek approval of a settlement of the Estimation Matters "provid[ing] for the aggregate estimation and aggregate allocation of the Fire Victim Claims in the amount of the Aggregate Fire Victims Consideration for all purposes in these Chapter 11 cases." *RSA Motion*, Ex. A, paras. 1(h) and (i).[3] The RSA Motion does not explain what "aggregate allocation" of Fire Victim Claims means but it seems certain to impact the treatment of those claims, including the United States' wildfire related claims, in relation to the Fire Victim Trust. The RSA further describes Definitive Documents defined broadly as any documents necessary to implement the RSA, the Amended Plan, or the Disclosure Statement. *Id*. para. 1(f). These documents presumably would include the Fire Victim Trust Agreement and the Fire Victim Claim Resolution Procedures, *RSA Motion*, Ex. B [Term Sheet], at 6-8, both of which relate to the establishment, administration, and governance of the Fire Victim Trust -- an issue of paramount importance to the United States' given the amount of its wildfire related claims. Accordingly, the United States reserves all rights with respect to the Estimation Approval Motion, the Disclosure Statement, the Amended Plan, the Definitive Documents, and the establishment, administration, and

---

[3] Estimation Matters is defined as the Debtors' section 502(c) motion filed in this Court (Dkt. No. 3091) as well as the estimation proceeding before Judge Donato in the District Court, Case No. 19-cv-05257-JD. *RSA Motion*, Ex A. para. 1(j).

governance of the Fire Victim Trust.

Date: December 16, 2019                               Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
DAVID L. ANDERSON (CABN 149604)
United States Attorney

/s/ Matthew J. Troy
RUTH A. HARVEY
Director
KIRK MANHARDT
Deputy Director
MATTHEW J. TROY
Senior Trial Counsel
Attorneys for the United States

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2019, I electronically filed the foregoing Statement with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

/s/ Matthew J. Troy
Matthew J. Troy
Senior Trial Counsel
Attorney for United States