**CALIFORNIA PUBLIC UTILITIES COMMISSION**
Arocles Aguilar (SBN 94753)
Geoffrey Dryvynsyde (SBN 139884)
Candace Morey (SBN 233081)
505 Van Ness Avenue
San Francisco, California 94102
Telephone:     (415) 703-2015
Facsimile:     (415) 703-2262
Email: arocles.aguilar@cpuc.ca.gov
        geoffrey.dryvynsyde@cpuc.ca.gov
        candace.morey@cpuc.ca.gov

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Alan W. Kornberg
Brian S. Hermann (*pro hac vice*)
Walter Rieman (SBN 139365)
Sean A. Mitchell (*pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone:     (212) 373-3000
Facsimile:     (212) 757-3990
Email: akornberg@paulweiss.com
        bhermann@paulweiss.com
        wrieman@paulweiss.com
        smitchell@paulweiss.com

*Attorneys for the California Public Utilities Commission*

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| Debtors. | **RESERVATION OF RIGHTS BY CALIFORNIA PUBLIC UTILITIES COMMISSION REGARDING (A) DEBTORS' MOTION SEEKING APPROVAL OF RSA AND (B) THE AMENDED PLAN** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors | |
| * All papers shall be filed in the lead case, No. 19-30088 (DM) | <u>Hearing</u><br>Date: Tuesday, December 17, 2019<br>Time: 10:00 a.m. (PT) |
| | **Re: Docket Nos. 5038 and 5101** |

The California Public Utilities Commission (the "**Commission**"), by and through its undersigned counsel, hereby files this reservation of rights (the "**Reservation of Rights**") regarding the (a) *Debtors' Motion Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 for Entry of an Order (i) Authorizing the Debtors and TCC to Enter Into Restructuring Support Agreement with the TCC, Consenting Fire Claimant Professionals, and Shareholder Proponents, and (ii) Granting Related Relief* [Docket No. 5038] (the "**RSA Motion**")[1] and (b) *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated December 12, 2019* [Docket No. 5101] (the "**Amended Plan**").  In support of this Reservation of Rights, the Commission respectfully states as follows:

1.  The Commission does not intend to second-guess the Debtors' business judgment in entering into the Tort Claimants RSA nor oppose the settlement embodied therein. Promptly and fairly addressing the billions of dollars of individual claimants' prepetition wildfire claims is a moral imperative; the harm caused by, and the tragic losses that Californians suffered in, the wildfires in the fall of 2017 and 2018 is devastatingly apparent to all.  And the Commission is cognizant of the immense challenges in formulating a plan of reorganization that ensures (i) the fair and prompt resolution of the Debtors' wildfire-related liabilities, (ii) responsible corporate governance and executive compensation that prioritizes a vigilant safety culture and the State's climate goals, (iii) a sustainable post-effective capital structure and (iv) rate neutrality as well as the least possible burden on the Utility's ratepayers.  Furthermore, the June 30, 2020 statutory deadline established by Assembly Bill 1054 (Stats. 2019, ch. 79) relating to the Utility's eligibility to participate in the wildfire fund imposes a short time for the Bankruptcy Court and the Commission—each exercising its separate, respective authority—to review and approve a plan of reorganization and related documents that resolve the Utility's chapter 11 case.[2]  Accordingly, given that time is of the essence, the Commission is raising its concerns about the Amended Plan

---

[1]  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the RSA Motion or the Amended Plan, as applicable.

[2]  Cal. Pub. Util. Code § 3292(b)(1)(A)–(E).

at this juncture and expressly reserving its right to raise at the appropriate time confirmation issues, including issues raised by parties in the Bankruptcy OII (as defined below) and by Governor Gavin Newsom in his letter dated December 13, 2019.[3]

2. The Commission is the state agency charged by Article 12 of the Constitution of California with regulating the Utility. As the California Supreme Court has explained, the Commission's "authority derives not only from statute but from the California Constitution, which creates the agency and expressly gives it the power to fix rates for public utilities."[4] Accordingly, the California Constitution and Public Utilities Code confer board authority on the Commission. These powers include the authority to impose monetary fines, to fashion equitable remedies and to do all things which are "necessary and convenient" in the supervision and regulation of public utilities.[5] The Commission regularly institutes formal investigatory proceedings with respect to utilities in discharging its regulatory authority.[6]

3. Currently, the Utility is subject to five investigatory proceedings before the Commission (each, an "*OII*") relating to the Utility's prepetition business activities and safety practices.[7] Additionally, the Utility is the defendant in a separate prepetition proceeding pending before the Commission (together with the pending OIIs, the "***Pending Proceedings***").[8] Without

---

[3] The Commission has issued an order instituting investigation to afford parties the opportunity to be heard in the Commission's regulatory review of proposed plans of reorganization for the Utility, any proposed settlement regarding these chapter 11 cases between the Utility and Commission staff filed in connection with a plan, any approvals required pursuant to Public Utilities Code Section 3992 for the Utility to be eligible to participate in the wildfire fund, and other matters that may need to be decided by the Commission in connection with a plan (such proceeding, the "***Bankruptcy OII***"). *See Order Instituting Investigation*, I.19-09-016, 2019 WL 5079246 (Sept. 26, 2019). The Commission's rate-setting proceedings (including the Bankruptcy OII) are independent from, and apply different standards than those applied in proceedings before the Bankruptcy Court. Accordingly, this Reservation of Rights relates solely to confirmation issues that may arise before the Bankruptcy Court and in no way affects matters pending before the Commission.

[4] *Southern California Edison Co.* v. *Peevy*, 31 Cal. 4th 781, 792 (2003).

[5] Cal. Pub. Util. Code § 701.

[6] Cal. Code Regs. Tit. 20, § 5.1.

[7] *See* Proof of Claim No. 70367 (filed on October 18, 2019) at ¶¶ 5–8.

[8] *See id.*

prejudging future Commission action, actions taken in the Pending Proceedings may include, for example, (i) the imposition of monetary fines and penalties, (ii) directing the Utility to take certain actions or make certain expenditures designed to improve the Utility's safety practices and service provided to California ratepayers, (iii) ordering other equitable remedies to address any underlying violations, or (iv) relief agreed upon by the parties to the Pending Proceedings.

4. Pursuant to the Amended Plan, all Fire Victim Claims—which include any Claim against the Debtors "in any way arising out of" the Fires for fines and penalties—are channeled to the Fire Victim Trust.[9] It is unclear if the Amended Plan classifies and channels Commission claims (including claims, if any, resulting from certain of the Pending Proceedings) in the same manner as the Fire Victim Claims. If it does, such provisions would not only potentially dilute the effects of the Commission's exercise of its regulatory authority but also the amount of recoveries available to wildfire victims. Accordingly, the Commission reserves its right to object to such classification and treatment at the appropriate time.

5. This Reservation of Rights is without prejudice to the Commission's rights and immunities under the Eleventh Amendment to the United States Constitution and related principles of sovereign immunity.

*[Signatures on Next Page]*

---

[9] Amended Plan, Art. I § 1.74.

DATED: December 16, 2019

**CALIFORNIA PUBLIC UTILITIES COMMISSION**

Arocles Aguilar (SBN 94753)
Geoffrey Dryvynsyde (SBN 139884)
Candace Morey (SBN 233081)
505 Van Ness Avenue
San Francisco, California 94102
Telephone: (415) 703-2015
Facsimile: (415) 703-2262
Email: arocles.aguilar@cpuc.ca.gov
       geoffrey.dryvynsyde@cpuc.ca.gov
       candace.morey@cpuc.ca.gov

-and-

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: /s/ Alan W. Kornberg
    Alan W. Kornberg
    Brian S. Hermann (*pro hac vice*)
    Walter Rieman (SBN 139365)
    Sean A. Mitchell (*pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email: akornberg@paulweiss.com
       bhermann@paulweiss.com
       wrieman@paulweiss.com
       smitchell@paulweiss.com

*Attorneys for the California Public
Utilities Commission*