Law Office of Kenneth Roye
Kenneth P. Roye SBN 42572
Joseph G. Astleford SBN 231494
142 West 2nd Street, Suite B
Chico, CA 95928
Phone: 530-893-2398
Fax: 530-893-2396
Attorney for Claimants

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 19-30088 (DM) |
| | Chapter 11 |
| PG&E CORPORATION; PACIFIC GAS AND ELECTRIC COMPANY | (Lead Case) |
| | (Jointly Administered) |
| | **OBJECTION TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 363(b) AND 105(a) AND FED. R. BANKR. P. 6004 AND 9019 FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS AND TCC TO ENTER INTO RESTRUCTURING SUPPORT AGREEMENT WITH THE TCC, CONSENTING FIRE CLAIMANT PROFESSIONALS, AND SHAREHOLDER PROPONENTS, AND (II) GRANTING RELATED RELIEF [DOCKET NO. 5038]** |
| (Affects Both Debtors) | |
| | DATE: DECEMBER 17, 2019 |
| | TIME: 2:00 P.M. |
| | CTRM: 17 |
| | JUDGE: DENNIS MONTALI |

-1-

Camp Fire Claimants, represented by the Law Offices of Kenneth Roye, ("Camp Fire Claimants" hereafter), by and through their attorneys, Kenneth Roye and Joseph Astleford, hereby Object to Debtors' Motion Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and FED. R. BANKR. P. 6004 and 9019 for entry of an order (I) Authorizing the Debtors and TCC to enter into restructuring support agreement ("RSA" hereafter) with the TCC, consenting fire claimant professionals, and shareholder proponents, and (II) Granting related relief.

1. The Law Office of Kenneth Roye represents 284 individuals and 4 businesses that were damaged in the Camp Fire. It represents one individual in the Butte Fire whose matter has been successfully mediated. The outstanding individual in the Butte Fire was a minor at the time of the settlement and was waiting on court approval at the time debtor filed bankruptcy. ("Roye Plaintiffs" hereafter). The Law Office of Kenneth Roye does not represent any victims of the North Bay Fires or any other creditors.

2. The Roye Plaintiffs come before this court objecting to the proposed RSA on the basis that the victims of the deadly fires caused by debtor, PG&E, should not be forced to take stock as part of their compensation. Further, the Roye Plaintiffs object to this RSA in that it allows the insurance carriers to receive a settlement made entirely of cash. It is those same insurance carriers that are better equipped and should take stock if PG&E must issue

stock to satisfy its obligations, not the victims of the fires caused by debtor. The Roye Plaintiffs also object in that the RSA does not address significant liability issues with the Tubbs Fire. Finally, there has been no determination of the application of the made whole rule.

3. The proposed RSA requires fire victims to take PG&E stock as part of their compensation. This is a failing company with volatile stock values. It is the individuals who have felt the most impact of these fires and will be forced to rely on the financial viability of the company that destroyed their towns, their way of life and their lives. Why should subrogating insurers receive all cash and not have to take the risk of both the volatility of debtor's stock and the volatility of the entire stock market? These subrogating insurance companies are experienced in managing large portfolios of various securities, including stocks.

4. The liability in the Tubbs Fire case must be established by a fully and fairly contested liability trial. After a year-long investigation, CalFire determined that the Tubbs Fire "was caused by a private electrical system adjacent to a residential structure," and that there were no violations of the Public Resources Code. This Code and its regulations form the basis of most utility caused fire liability findings. This Court must assure itself that the defense of the Tubbs Fire liability case will be presented with skill and integrity.

The current liability trial should proceed so evidence is presented and a finder of facts is able to determine the liability of PG&E.

5. Have the subrogating insurers in this case performed any analysis whether their insureds have been made whole? An analysis should be made and proven to this Court as a condition of the approval of their entitlement to share in the bankruptcy proceeds.

6. The Made Whole Rule in California:

A. *Sapiano v. Williamsburg National Insurance Co.*, 28 Cal.App.4th 533 (1994).

This case was a declaratory relief action concerning a subrogation clause in a commercial vehicle policy. The insured contended that the insurers subrogation rights were subordinate ". . . until Sapiano was fully compensated for his property loss." (p.536)

In affirming the trial court's ruling the Second District Division Four Appeals Court relied upon the "made whole rule." Thus,

> The general rule is that an insurer that pays a portion of the debt owed to the insured is not entitled to subrogation for that portion of the debt until the debt is fully discharged. In other words, the entire debt must be paid. Until the creditor has been whole for its loss, the subrogee may not enforce its claim based on its right of subrogation. (Cites omitted). (p.536)

B. *Progressive West Insurance Co. v. Superior Court*, 135 Cal.App.4th 263 (2005). This Third District case involved the subrogation rights of an insured under a medical payments provision of an automobile insurance policy. On review,

> Progressive further argues the language of the policy abrogates the made whole rule because it states that in the event of payment under the policy, Progressive 'is entitled to all the rights of recovery that the insured person to whom payment was made has against another.' We reject this claim.

It is a general principal of insurance law that *absent an agreement to the contrary*, an insurance company may not enforce a right to subrogation until the insured has been fully compensated for (his or) her injuries, that is, has been made whole." (Cites) (Cites omitted)

C. The general rule was restated by the Supreme Court in *Century Insurance Co. v. Superior Court*, 47 Cal.App.4th 511 (2009) at p.519. The Century Insurance case involved a question of whether an insured was not made whole because he or she had to bear the attorneys' fees incurred in recovering damages not covered by the insurance contract.

///

///

///

**CONCLUSION**

The RSA provides for different treatment of fire victim claimants depending on which fire they were injured by and how they will be compensated in violation of 11 USC §1123(a)(4). Thus, adopting this settlement will impair the Debtor's ability to timely exit bankruptcy. It should not be adopted unless and until the issues raised herein are resolved.

Respectfully submitted:

Date: 12/16/19

Law Offices of Kenneth Roye

By: Joseph G. Astleford
Attorney for Claimants