| | |
|---|---|
| **LABATON SUCHAROW LLP**<br>Thomas A. Dubbs<br>Louis Gottlieb<br>Carol C. Villegas<br>Jeffrey A. Dubbin (SBN 287199)<br>140 Broadway<br>New York, New York 10005<br><br>*Lead Counsel to Lead Plaintiff and the Proposed Class*<br><br>**MICHELSON LAW GROUP**<br>Randy Michelson (SBN 114095)<br>220 Montgomery Street, Suite 2100<br>San Francisco, California 94104<br><br>*Bankruptcy Counsel to Lead Plaintiff and the Proposed Class* | **LOWENSTEIN SANDLER LLP**<br>Michael S. Etkin *(pro hac vice)*<br>Andrew Behlmann *(pro hac vice)*<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br><br>*Bankruptcy Counsel to Lead Plaintiff and the Proposed Class*<br><br><br><br>*Additional counsel listed on Exhibit A* |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☒ Affects Both Debtors<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company | Case No. 19-30088 (DM) (Lead Case)<br>Chapter 11<br>(Jointly Administered)<br><br>**SECURITIES LEAD PLAINTIFF'S STATEMENT AND RESERVATION OF RIGHTS WITH RESPECT TO [ECF NO. 5038]**<br><br>**Objection Deadline:** December 16, 2019 at 12:00 PM (Pacific Time)<br><br>**Hearing Date:** December 17, 2019 at 10:00 AM (Pacific Time) |

Public Employees Retirement Association of New Mexico ("Lead Plaintiff" or "PERA"), the court-appointed lead plaintiff in the securities class action captioned as *In re PG&E Corporation Securities Litigation*, Case No. 18-03509 (the "Securities Litigation") pending in the United States District Court for the Northern District of California (the "District Court"), on behalf of itself and the proposed class it represents in the Securities Litigation (the "Class"), together with York County on behalf of the County of York Retirement Fund, City of Warren Police and Fire Retirement System, and Mid-Jersey Trucking Industry & Local No. 701 Pension Fund (collectively with Lead Plaintiff, the "Securities Plaintiffs"), hereby submit this statement and reservation of rights with respect to the *Debtors' Motion Pursuant to 11 U.S.C. §§363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 for Entry of an Order (I) Authorizing the Debtors and TCC to Enter Into Restructuring Support Agreement With the TCC, Consenting Fire Claimant Professionals, and Shareholder Proponents and (II) Granting Related Relief* (the "TCC RSA Motion") [ECF No. 5038] and respectfully state as follows:

**STATEMENT AND RESERVATION OF RIGHTS**

Lead Plaintiff does not object to the relief sought in the TCC RSA Motion as a general matter since it does not seek to bind Lead Plaintiff or the Class to the Tort Claimants RSA (as defined in the TCC RSA Motion). Prior to filing this Statement and Reservation of Rights, bankruptcy counsel for Lead Plaintiff conferred with counsel for the Debtors, who confirmed that:

- the Assigned Rights and Causes of Action (as defined in the TCC RSA Motion) include only claims and causes of action that are property of the Debtors' estates, and do not include any of the claims of Lead Plaintiff and the Class asserted, or that could be asserted, in the Securities Litigation (which are direct claims held by Lead Plaintiff and the members of the Class, and thus are not property of the Debtors' estates);
- the reference in the TCC RSA Motion to "2015 and 2016 insurance policies" refers solely to general liability insurance policies, and not directors' and officers' liability insurance; and

- the claims asserted in the Securities Litigation and in the class and individual proofs of claim filed by the Securities Plaintiffs[1] are not "Fire Claims" (as defined in the TCC RSA Motion).

Nothing in the Tort Claimants RSA or Term Sheet (each as defined in the TCC RSA Motion), if approved, should prejudice Lead Plaintiff's rights to interpose objections to the Amended Plan (as defined in the TCC RSA Motion) or the related disclosure statement, once filed, prior to the relevant objection deadlines. Therefore, for the avoidance of any doubt, notwithstanding the entry of any order approving the Tort Claimants RSA, Lead Plaintiff reserves the right, on behalf of itself and the Class, to object to confirmation of the Amended Plan, or any other plan filed in these Chapter 11 Cases, and approval of any disclosure statement and solicitation procedures proposed in connection therewith, on any grounds whatsoever.

Dated: December 16, 2019

**LOWENSTEIN SANDLER LLP**
**MICHELSON LAW GROUP**

By: */s/ Randy Michelson*
Randy Michelson (SBN 114095)

*Bankruptcy Counsel to Lead Plaintiff and the Class*

---

[1] Claim Nos. 61556, 68009, 69105, 69202, 71310, 71345, 72193, 72200, 72273, and 72620

<u>**EXHIBIT A**</u><br>**COUNSEL**

| | |
|---|---|
| **LOWENSTEIN SANDLER LLP**<br>Michael S. Etkin (*pro hac vice*)<br>Andrew Behlmann (*pro hac vice*)<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>Telephone 973-597-2500<br>Facsimile 973-597-2333<br>metkin@lowenstein.com<br>abehlmann@lowenstein.com | **MICHELSON LAW GROUP**<br>Randy Michelson, Esq. (SBN 114095)<br>220 Montgomery Street, Suite 2100<br>San Francisco, CA 94104<br>Telephone 415-512-8600<br>Facsimile 415-512-8601<br>randy.michelson@michelsonlawgroup.com |

*Bankruptcy Counsel to Lead Plaintiff and the Proposed Class*

| | |
|---|---|
| **LABATON SUCHAROW LLP**<br>Thomas A. Dubbs<br>Louis Gottlieb<br>Carol C. Villegas<br>Jeffrey A. Dubbin (SBN 287199)<br>Aram Boghosian<br>140 Broadway<br>New York, New York 10005<br>Telephone 212-907-0700<br>tdubbs@labaton.com<br>lgottlieb@labaton.com<br>cvillegas@labaton.com<br>jdubbin@labaton.com<br>aboghosian@labaton.com | **WAGSTAFFE, VON LOEWENFELDT,<br>BUSCH & RADWICK, LLP**<br>James M. Wagstaffe (SBN 95535)<br>Frank Busch (SBN 258288)<br>100 Pine Street, Suite 725<br>San Francisco, California 94111<br>Telephone 415-357-8900<br>wagstaffe@wvbrlaw.com<br>busch@wvbrlaw.com<br><br><br><br><br><br>*Liaison Counsel for the Proposed Class* |

*Lead Counsel to Lead Plaintiff and the Proposed Class*

| | |
|---|---|
| **ROBBINS GELLER RUDMAN & DOWD LLP**<br>Darren J. Robbins (SBN 168593)<br>Brian E. Cochran (SBN 286202)<br>655 West Broadway, Suite 1900<br>San Diego, California 92101<br>Telephone 619-231-1058<br>darrenr@rgrdlaw.com<br>bcochran@rgrdlaw.com | **ROBBINS GELLER RUDMAN & DOWD LLP**<br>Willow E. Radcliffe (SBN 200089)<br>Kenneth J. Black (SBN 291871)<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, California 94104<br>Telephone 415-288-4545<br>willowr@rgrdlaw.com<br>kennyb@rgrdlaw.com |
| **VANOVERBEKE, MICHAUD &<br>TIMMONY, P.C.**<br>Thomas C. Michaud<br>79 Alfred Street<br>Detroit, Michigan 48201<br>Telephone 313-578-1200<br>tmichaud@vmtlaw.com | |

*Additional Counsel for the Securities Act Plaintiffs*

# EXHIBIT B
# RESERVATION OF RIGHTS

This Reservation of Rights and any subsequent pleading, appearance, argument, claim, or suit made or filed by Lead Plaintiff, either individually or for the Class or any member thereof, do not, shall not, and shall not be deemed to:

    a. constitute a submission by Lead Plaintiff, either individually or for the Class or any member thereof, to the jurisdiction of the Bankruptcy Court;

    b. constitute consent by Lead Plaintiff, either individually or for the Class or any member thereof, to entry by the Bankruptcy Court of any final order or judgment, or any other order having the effect of a final order or judgment, in any non-core proceeding, which consent is hereby withheld unless, and solely to the extent, expressly granted in the future with respect to a specific matter or proceeding;

    c. waive any substantive or procedural rights of Lead Plaintiff or the Class or any member thereof, including but not limited to (a) the right to challenge the constitutional authority of the Bankruptcy Court to enter a final order or judgment, or any other order having the effect of a final order or judgment, on any matter; (b) the right to have final orders and judgments, and any other order having the effect of a final order or judgment, in non-core matters entered only after de novo review by a United States District Court judge; (c) the right to trial by jury in any proceedings so triable herein, in the Chapter 11 Cases, including all adversary proceedings and other related cases and proceedings (collectively, "Related Proceedings"), in the Securities Litigation, or in any other case, controversy, or proceeding related to or arising from the Debtors, the Chapter 11 Cases, any Related Proceedings, or the Securities Litigation; (d) the right to seek withdrawal of the bankruptcy reference by a United States District Court in any matter subject to mandatory or discretionary withdrawal; or (e) all other rights, claims, actions, arguments, counterarguments, defenses, setoffs, or recoupments to which Lead Plaintiff or the Class or any member thereof are or may be entitled under agreements, at law, in equity, or otherwise, all of which are expressly reserved.

For the avoidance of doubt, Lead Plaintiff, on behalf of itself and the Class, does not, and will not impliedly, consent to this Court's adjudication of, including through any order of this Court purporting to adjudicate, release, waive, enjoin, or otherwise impact, the claims of Lead Plaintiff and the Class or any member thereof against any defendant now or hereafter named in the Securities Litigation.