DUANE M. GECK (State Bar No. 114823)
dmg@severson.com
DONALD H. CRAM (State Bar No. 160004)
dhc@severson.com
BERNARD J. KORNBERG (State Bar No. 252006)
bjk@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Great Lakes Insurance SE and
Certain Interested Underwriters at Lloyd's,
London subscribing to Apollo Liability
Consortium 9984

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>   -and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>          Debtors.<br><br>☐ Affects PG&E Company<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | Case No. 19-30088<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered with Case No. 19-30089)<br><br>**JOINDER OF CERTAIN INSURERS OF DEBTOR IN RESPONSE OF GOVERNMENT ENTITIES TO COURT'S MEMORANDUM REGARDING CONFIRMATION ISSUES, AND RESERVATIONS OF RIGHTS**<br><br>Date: December 17, 2019<br>Time: 10:00 a.m.<br>Ctrm: 17<br><br>Judge: The Honorable Dennis Montali |

Great Lakes Insurance SE, Koeniginstr. 107, 80802 Munich, Germany acting through its branch office in the United Kingdom at Plantation Place, 30 Fenchurch Street, London, EC3M 3AJ and Certain Interested Underwriters at Lloyd's, London subscribing to Apollo Liability Consortium 9984 ("Insurers"), hereby join the Statement Of The United States Of America In

Response To The Court's Memorandum Regarding Confirmation Issues [Dkt. #5087] and Statement of the California State Agencies In Response To The Court's Memorandum Regarding Confirmation Issues [Dkt. #5104], as set forth below.

The Insurers both insure PG&E Corporation ("Debtor") under separate policies (the "Policy" or "Policies"). Each Policy provides that the Insurers will reimburse Debtor for any liability, in excess and up to certain defined limits, for personal injury or property damages incurred between February 1, 2016 and August 1, 2017. The Policies cover the time period for the Ghost Ship Fire.

Each Policy is subject to numerous insurer rights and conditions. These rights and conditions include, but are not limited to, (i) a right to associate in and control any defense in an action which involves a claim likely to involve the Policy; (ii) a right to be furnished information by the Debtor regarding any claim against the Policy; and (iii) a prohibition against assignment of interest in the Policy without the consent of the Insurer.

Further, each Policy is for Reimbursement only. The Insurers have no obligation to make payment under each Policy unless a claim is litigated to judgment against the Debtor after trial or a settlement is entered into which is approved by the Insurer *and* Debtor has paid the judgment or settlement amount.

In Debtor's original and first amended Chapter 11 plan, the claims arising out of the Ghost Ship Fire were treated as a separate, unimpaired class of claims from wildfire claimants. See First Amended Chapter 11 Plan, p. 33 [Dkt. #3966]. Under the prior plans, "each holder of a HoldCo Ghost Ship Fire Claim shall be entitled to pursue its Claim against Reorganized HoldCo as if the Chapter 11 Cases had not commenced." First Amended Chapter 11 Plan, p. 36 [Dkt. #3966]. Non-subrogation wildfire claimants, on the other hand, were to be paid through a capped trust via a channeling injunction. First Amended Chapter 11 Plan, p. 36 [Dkt. #3966]. As the Ghost Ship Fire claims were unimpaired in the original and first amended plan, the plan provisions did not conflict with any of terms of the Policy.

On December 12, 2019, Debtor filed its Second Amended Chapter 11 plan. This plan treats the Ghost Ship Fire claims very differently from the prior versions of the plan. Under the

Second Amended Plan, wildfire claims and Ghost Ship Fire claims are both considered "Fire Victim Claims." See Second Amended Plan, §§ 1.74-1.75, 1.82 [Dkt. 5101]. Fire Victim Claims are treated as a single class of claims to be paid through a Fire Victim capped trust via a channeling injunction (the "Fire Victim Trust"). Second Amended Plan, §4.19 [Dkt. 5101]. The Fire Victim Trust will be funded, in part, by "assignment of rights . . . under the 2015 and 2016 Insurance Policies to resolve any claims related to Fires in those policy years." Second Amended Plan, §1.6 [Dkt. 5101]. Prosecution and liquidation of claims against the Fire Victim Trust will be done by a trustee, who shall act "in accordance with the terms of the Plan and the Fire Victim Trust Agreement." Second Amended Plan, § 6.8(a) [Dkt. 5101]. The Fire Victim Trust Agreement is not yet on file. Because Debtor has failed to set forth any of the procedures, guidelines, and other terms that the Fire Victim Trust must follow, the Insurers are unable to assess at this time whether the proposed Second Amended Chapter 11 Plan breaches the terms of the Policies.

Debtor has stated that it will not file the relevant supplements to the Second Amended Chapter 11 Plan, including the very material Fire Victim Trust Agreement, until 14 days before the deadline to object to confirmation of the Chapter 11 plan. Second Amended Plan, § 1.142 [Dkt. 5101

Accordingly, the Insurers joins in the request of the United States of America and the California State Agencies that Debtor file a full and complete plan, with all supplements and other material terms, no later than 30 days before the last date to object to plan confirmation. At that time, the Insurers will be able to assess the effect of the proposed Chapter 11 plan and determine if the provisions violate their rights under the Policies. The Insurers reserve all rights to object to any plan provision until that time.

| | | |
|---|---|---|
| 1 | DATED: December 16, 2019 | SEVERSON & WERSON<br>A Professional Corporation |
| 2 | | |
| 3 | | |
| 4 | | By:     /s/ Bernard J. Kornberg<br>            Bernard J. Kornberg |
| 5 | | |
| 6 | | Attorneys for Great Lakes Insurance SE and Certain Interested Underwriters at Lloyd's, London subscribing to Apollo Liability Consortium 9984 |

# PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On December 16, 2019, I served true copies of the following document(s):

**JOINDER OF CERTAIN INSURERS OF DEBTOR IN RESPONSE OF GOVERNMENT ENTITIES TO COURT'S MEMORANDUM REGARDING CONFIRMATION ISSUES, AND RESERVATIONS OF RIGHTS**

on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 16, 2019, at San Francisco, California.

/s/ Bernard J. Kornberg
Bernard J. Kornberg