JACOB T. BEISWENGER (S.B. #321012)
jbeiswenger@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

PETER FRIEDMAN (*pro hac vice*)
pfriedman@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

NANCY A. MITCHELL (*pro hac vice*)
nmitchell@omm.com
MATTHEW L. HINKER (*pro hac vice*)
mhinker@omm.com
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (213) 326-2061

*Attorneys for Governor Gavin Newsom*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    -and-<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas & Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Case No. 19-30088 (DM)<br>Chapter 11 Lead Case<br>(Jointly Administered)<br><br>**STATEMENT OF GOVERNOR GAVIN NEWSOM REGARDING DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 363(B) AND 105(A) AND FED. R. BANKR. P. 6004 AND 9019 FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS AND TCC TO ENTER INTO RESTRUCTURING SUPPORT AGREEMENT WITH THE TCC, CONSENTING FIRE CLAIMANT PROFESSIONALS, AND SHAREHOLDER PROPONENTS, AND (II) GRANTING RELATED RELIEF**<br><br>**[Docket No. 5038]**<br><br>Date: December 17, 2019<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 94102 |

Governor Gavin Newsom, by and through his counsel, O'Melveny & Myers LLP, respectfully submits this statement (the "**Statement**") regarding *Debtors' Motion Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 for Entry of an Order (I) Authorizing the Debtors and TCC to Enter into Restructuring Support Agreement with the TCC, Consenting Fire Claimant Professionals, and Shareholder Proponents, and (II) Granting Related Relief* [Docket No. 5038] (the "**TCC RSA Motion**").[1] Governor Newsom files this Statement in his official capacity as Governor of the State of California, but not on behalf of any agency, department, unit or entity of the State of California.[2] In support of this Statement, Governor Newsom respectfully states as follows:

1. Catastrophic wildfires fueled by climate change, decades of mismanagement by PG&E, and a challenging regulatory environment destabilized the investor-owned utility sector and contributed to the filing of these Chapter 11 Cases in January. In Assembly Bill 1054 (Holden, Chapter 79, Statutes of 2019) ("**AB 1054**"), the state stepped in to address those issues and assure Californians access to safe, reliable, and affordable power. AB 1054 provided the Debtors with the tools to resolve the Chapter 11 Cases, but <u>only</u> if the reorganized company could meet California's goals. AB 1054 is clear that the Debtors can benefit from the wildfire fund only if they also meet the obligations to the people of California that come with the right to operate within the state.

2. The wildfire fund established in AB 1054 is critical to the Debtors having a path to a feasible plan. Any resolution of these cases requires not only confirmation of a plan by the Bankruptcy Court, but also approval by the California Public Utilities Commission. To that end, AB 1054 requires real, durable, and transformational changes to the governance and operation of the utility, and a flexible capital structure that allows for billions of dollars in safety investments and grid upgrades. These reforms are not optional, but instead are the core of the compact set forth in AB 1054.

---

[1] Capitalized terms used but not defined herein have the meaning given to such terms in the TCC RSA Motion.
[2] The Attorney General has appeared in these proceedings on behalf of certain agencies and departments of the State of California. The Governor does not take a position in this pleading on any issues raised in any filing by the Attorney General related to the TCC RSA Motion.

3. On December 13, 2019, Governor Newsom informed the Debtors that the Amended Plan and related restructuring transactions provided therein do not, in his judgment, comply with AB 1054. The Amended Plan does not result in a reorganized entity positioned to meet the compact of providing safe, reliable, and affordable service to its customers. A copy of the December 13, 2019 letter is attached hereto as <u>Exhibit A</u>.

4. These concerns are not new. Throughout the fall, the Governor, through his advisors and staff, raised concerns that the Debtors' proposed plan of reorganization did not meet the requirements of AB 1054.[3] Yet the Debtors have continued to push forward—first with the motion to approve the restructuring support agreement entered into with the Consenting Subrogation Claimholders (the "**Subro RSA**") [Docket No. 3992], and now with the TCC RSA Motion.

5. Progress toward fair treatment of victims is good. And, in principle, settlements between the Debtors and other creditors move these chapter 11 cases toward timely resolution. Unfortunately, the Tort Claimants RSA contains provisions limiting competition and precluding the TCC and Consenting Fire Claimant Professionals from supporting any other competing plan of reorganization—even one that provides identical treatment of the fire victims' claims. That type of "progress" is more about creating an illusion of momentum than it is about advancing the Chapter 11 Cases. Any feasible plan of reorganization must start with a plan anchored in providing safe, reliable, and affordable power to Californians as required by AB 1054.

6. These Chapter 11 Cases are unique. Without AB 1054, the Debtors have no path to a feasible plan. Further, it is unclear whether the Debtors have sufficient value under the Amended Plan to pay claims in full, make required payments to participate in the wildfire fund, and exit bankruptcy with the necessary fiscal capacity to meet the requirements of AB 1054. As a result, the Debtors must meet their fiduciary obligations, allow all potential plan proponents to benefit from the various restructuring support agreements proposed in these Chapter 11 Cases, and focus on ensuring that the plan that is ultimately presented to this Bankruptcy Court for confirmation complies with AB 1054.

---

[3] To be clear, the Alternative Plan also does not meet AB 1054.

7. Therefore, to the extent the proposed settlement proceeds, the Bankruptcy Court should require amendments that allow the TCC and Consenting Fire Claim Professionals to support any alternative restructuring, or deem the Fire Victim Claims unimpaired, provided those claims receive the value set forth in the Tort Claimants RSA.

Dated: December 16, 2019           **O'MELVENY & MYERS LLP**

By: */s/ Jacob T. Beiswenger*

JACOB T. BEISWENGER

By: */s/ Nancy A. Mitchell*

NANCY A. MITCHELL (*pro hac vice*)
PETER FRIEDMAN (*pro hac vice*)
MATTHEW HINKER (*pro hac vice*)

*Attorneys for Governor Gavin Newsom*