December 17, 2019

FILED

DEC 17 2019

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

Case No. 19-30088

Sharon Zimmerman C/O
Eric Ratinoff Law Corp
401 Watt Avenue
Sacramento, CA 95864
sszman57@gmail.com

Honorable Judge Montali
450 Golden Gate Avenue
Mailbox 36099
San Francisco, CA 94102

To Honorable Judge Montali;

I'm writing to express my opposition to FEMA receiving a portion of the Wildfire Victims settlement with PG&E as part of the bankruptcy process. My husband and I lost two homes in Santa Rosa in the Tubbs Fire. We used FEMA to do the debris removal for both our properties, in spite of hearing significant issues caused by FEMA experienced by past wildfire victims who used them for debris removal. We were assured by local and Federal government officials in community meetings that the FEMA contract would be well supervised and that any damage caused by FEMA in the process of debris removal would be remediated.

Our experience with the FEMA contractors in the process of their performance of debris removal of our home on St Andrews Drive in Santa Rosa home confirmed all our worst fears of using FEMA for debris removal. The FEMA contractor (Ashbritt in our case) damaged our driveway, damaged site walls we didn't want removed, damaged retaining walls, removed a planter for no apparent reason, over excavated our lot and buried concrete debris from our house in the middle of the building site. FEMA/Ashbritt drove two massive excavators down our driveway with no attempt at mitigating damage to the driveway. The dump trucks continued to mar the surface of the driveway and due to the extreme weight of the trucks the driveway was cracked beyond repair in several places. The over excavation of the property required significant rock and aggregate to be brought onto the property to rebuild the foundation and added significantly to the cost of the project.

The damage to the driveway and site walls and over excavation were noticeable during the week in December 2017 that the FEMA contractor was performing debris removal. I called Congressman Mike Thompson's office to report the damage and his office arranged for an onsite inspection by the US Army Corps of Engineers. On December 13th 2017 while the FEMA contractor was still on site I met with Tasha Alexander, QA Inspector for the US Army Corps of Engineers, and the manager of Ashbritt Construction to show them the damage that the FEMA contractor was causing to our property. They told me that remediating the damage was not part of their contract. Then in May of 2018 our builder discovered while starting to dig the footings for our rebuild that the FEMA contractor had buried large sections of the concrete walls from our Insulated Concrete Form (ICF) house in the middle of our building envelope rather than removing them from the property as they were required to do as part of the debris removal process. I reported the damage by FEMA to Congressman Thompson's office, Supervisor Zane's office,

Cal OES and FEMA and Army Corps of Engineers. I was provided a letter signed by Cal OES and FEMA stating I could use the debris removal funds in our insurance policy to remediate the damage caused by the FEMA contractor.

The estimated additional costs to remediate the damage caused by FEMA to our property totaled over $197,000 and the breakdown is:

- $136,800 to repair the driveway
- $26,000 for rock and aggregate plus labor and equipment for over excavation
- $19,000 to repair damage to site walls and retaining walls
- $15,288 to remove the debris buried by the FEMA contractor

An apparent cause of some of the issues with the FEMA debris removal process from the Wine Country 2017 wild fires was the change in the FEMA contract during the debris removal process. Initially contractors were paid by the ton for the amount of the debris that they removed. This clearly incentivized the contractors to remove the maximum amount of debris which resulted in significant over excavation. When FEMA realized this was causing not only significant over excavation but also high costs, they renegotiated the contract with the FEMA contractors to a per lot rate for debris removal. This amount per lot exceeded $250,000 per lot which in most cases was far in excess of what private debris removal estimates were for the same work. In the case of the debris removal for our home on St Andrews Drive the contract was being renegotiated while the contractor was working on debris removal. This resulted in the worst of both situations- the over excavation of the property but also burial of some concrete walls from our house when the contractor realized that the cost to remove our ICF walls exceeded this negotiated flat rate.

FEMA's management of the debris removal process in the Wine Country 2017 wild fires was clearly flawed and lead to cost overruns on the project. It is not the fault nor should be the responsibility of Wildfire Victims to reimburse FEMA for their negligence in managing their contracts with their contractors. To allocate $4.5 billion of the negotiated settlement with PG&E for Wildfire Victims to FEMA will serve to victimize them yet again. The Wildfire Victims need and deserve the settlement funds from PG&E to rebuild their homes and lives.

Respectfully,

Sharon Zimmerman