

Signed and Filed: December 18, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered<br><br><br>Date: October 7, 2019<br>Time: 10:00 AM<br>Place: Courtroom 17<br>      450 Golden Gate Ave.<br>      16th Floor<br>      San Francisco, CA |

**AMENDED[1] ORDER GRANTING FEE EXAMINER'S**
**MOTION TO APPROVE FEE PROCEDURES**

On May 28, 2019, this court entered an order appointing Bruce A. Markell as the Fee Examiner in these chapter 11 cases. In accordance with that order, the Fee Examiner filed a Notice of Terms of Protocol Regarding Submission of Fee Applications on

---

[1] The court has revised paragraph 2(b) for clarity. The revisions are noted in bold.

-1-

August 30, 2019 ("Protocol") (dkt. 3762).  On September 19, 2019, the Fee Examiner filed the underlying Motion to Approve Fee Procedures ("Fee Procedures Motion") (dkt. 3950) seeking court approval of procedures set forth in the Protocol.  Nine law firms filed a joint response (dkt. 4064) and Milbank LLP (dkt. 4050) filed a separate response opposing several material terms of the Protocol and the Fee Procedures Motion.  The United States Trustee ("UST") filed a response (dkt. 4025) largely supporting the Fee Procedures Motion, which The Utility Reform Network (dkt. 4475) joined.

After issuing a tentative ruling on October 6, 2019, the court held a hearing on the Fee Procedures Motion in support of the Fee Examiner's motion to approve fee procedures (dkt. 3950) the following day.  The court encouraged the Fee Examiner and those parties responding to the Protocol and Fee Procedures Motion to meet and confer to attempt to resolve their disputes as to the terms of proposed Protocol.

On October 24, 2019, the Fee Examiner filed a reply (dkt. 4475) indicating that the parties had negotiated the terms of a revised protocol, thereby addressing all issues except the ability of professionals to bill for non-working travel.  On the same date, Debtors filed a copy of the Revised Protocol and a red-lined version of the Revised Protocol (dkt. 4473). Section 5.1.8 (Travel Billing) provides two alternates:

> Alternate Provision 1: Non-working travel time is compensable at 50% of the Biller's standard hourly rate.
>
> Alternate Provision 2: Non-working travel time is compensable as provided in the existing Local Guidelines and Court Guidelines.

Case: 19-30088    Doc# 5168    Filed: 12/18/19    Entered: 12/18/19 16:33:43    Page 2 of 5

(dkt. 4473-1 at ECF pg. 10).

The court's position on nonworking travel time has been published and in place for over eighteen years. Consistency and predictability are important and will not be disturbed absent good reason. All employed professionals took on their assignments in these cases with knowledge or at least notice of the court's requirements in this area. None sought relief at the outset of their employment. Those who chose to adopt a 50% non-working travel time protocol did so at their own risk. "Better to ask forgiveness than permission" will not carry the day. The Court will not deviate from its existing Practices & Procedures, and will allow only two hours to be billed for non-working airplane travel time. *See* PRACTICES AND PROCEDURES IN JUDGE MONTALI'S COURT *(July 2018)* at III(I), page 12 (available at http://www.canb.uscourts.gov/procedure/montali/judge-montalis-practices-and-procedures).

In light of the foregoing, and good cause appearing therefor, it is hereby ORDERED that:

1. The Fee Examiner's Motion to set Fee Procedures is granted as provided herein.
2. As to any currently pending interim fee application (defined as any interim fee application filed before November 15, 2019):
    a. Only the Fee Examiner shall have authority to set a hearing date, and such dates shall be set under the provisions of Paragraph 9 of the Order Appointing Fee Examiner, i.e., after a final

-3-

report, in coordination with Debtors' counsel, and grouped to advance judicial economy.

      b. If a fee applicant and the Fee Examiner have reached a compromise, a hearing should be set on the same basis and be coordinated with other fee hearings, so that hearings are grouped to advance judicial economy. A**ny hearing on a fee application exceeding $1,000 shall be heard on 21 days notice as required by Fed. R. Bankr. Pro. 2002(a)(6) and the notice of hearing shall comply with Fed. R. Bankr. Pro. 2002(c)(2). Additionally, the notice should set forth the deadline for objections, identify the amount applied for, the amount of any compromise with the Fee Examiner, and the net amount claimed. The notice should also state that all professionals may appear via CourtCall.**

3. As to future cycles of interim fee applications, the following procedures shall be implemented;

      a. Interim fee applications shall be considered every four months, as provided for in the Order [Establishing] Procedures for Interim Compensation and Reimbursement of Expenses of Professionals entered on February 28, 2019 (dkt. 701). The next deadline to file an interim fee application shall be March 15, 2020, and future interim applications may be filed at four-month intervals. If an interim fee application is

-4-

filed after the deadline, it will be deemed filed at the next interval. Each application will cover fees and expenses incurred through the end of the second full month preceding the deadline.

    b. In the discretion of the Fee Examiner, the hearing dates on the interim applications will be grouped into three blocks as follows:

        i. The "core" debtors' counsel and committee counsel (Keller Benvenutti, Weil Gotshal, Cravath, Milbank, and Baker Hostetler);

        ii. Debtors' other legal counsel subject to fee examination; and

        iii. Non-legal professionals.

4. The Fee Examiner will determine when each block is set for hearing, attempting to do so in a manner respecting judicial economy and the efficient use of Fee Applicants' time. The Fee Examiner may set each block on a different day. The goal is to group applications such that duplication of effort can be more easily detected (if it exists), and to also spread out the work of the Fee Examiner and his limited staff.

5. Any Revised Protocol agreed to by the parties should provide "Non-working travel time is compensable as provided in the existing Local Rules and Court Guidelines."

**\*\*END OF ORDER\*\***

Case: 19-30088    Doc# 5168    Filed: 12/18/19    Entered: 12/18/19 16:33:43    Page 5 of 5