Sander L. Esserman *(Admitted Pro Hac Vice)*
Cliff I. Taylor *(Admitted Pro Hac Vice)*
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, P.C.
2323 Bryan Street, Suite 2200
Dallas, TX 75201-2689
Telephone: 214-969-4900
Email: esserman@sbep-law.com

Scott Summy
John Fiske (CSBN 249256)
BARON & BUDD, P.C.
3102 Oak Lawn Avenue #1100
Dallas, TX 75219
Telephone: 214-521-3605
Email: ssummy@baronbudd.com

Christopher H. Hart (CSBN 184117)
Kimberly S. Fineman (CSBN 184433)
NUTI HART LLP
411 30TH Street, Suite 408
Oakland, CA 94609-3311
Telephone: 510-506-7152
Email: kfineman@nutihart.com

Attorneys for the Association of California Water Agencies
Joint Powers Insurance Authority

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>    and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088-DM. | Case No. 19-30088-DM<br><br>Chapter 11<br>Lead Case, Jointly Administered<br><br>**MOTION PURSUANT TO FED. R. BANKR. P. 9006(b)(1) TO ENLARGE THE TIME FOR ACWA/JPIA TO FILE PROOF OF CLAIM**<br><br>Date: February 26, 2020<br>Time: 10:00 a.m.<br>Place: 450 Golden Gate Avenue, Ctrm 17<br>       San Francisco, CA 94102<br>Judge: Hon. Dennis Montali<br><br>**Objection Deadline:** February 19, 2020<br>                               4:00 p.m. (Pacific Time) |

STUTZMAN BROMBERG ESSERMAN & PLIFKA, P.C.
2323 BRYAN STREET, SUITE 2200
DALLAS, TX 75201-2689
TELEPHONE: 214-969-4900

Pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, by this motion ("*Motion*") the Association of California Water Agencies Joint Powers Insurance Authority ("*ACWA/JPIA*" or "*Movant*") seeks an order expanding the time for it to file its proof of claim in these cases, a true copy of which is attached hereto as **Exhibit 1.** Movant is causing a true copy of Exhibit 1 hereto to be filed in Debtors' claims register contemporaneously with the filing of this Motion. This Motion is based upon the points and authorities set forth herein and the concurrently filed notice of hearing, declaration of Jennifer Nogosek ("*Nogosek Decl.*") in support of the Motion, and any evidence or oral argument presented at the time of any hearing on this matter. In support thereof, the ACWA/JPIA, by an through its undersigned counsel, respectfully represents as follows:

## Summary of Argument

The general bar date in these cases was October 21, 2019 ("*Original Bar Date*"). The process for submission of timely claims has continued after the Original Bar Date. Pursuant to the Stipulation Between Debtors and Official Committee of Tort Claimants to Extend Bar Date for Fire Claimants and for Appointment of Claims Representative (Dkt# 4651), the Original Bar Date was extended for the benefit of Unfiled Fire Claimants to December 31, 2019 at 5:00 p.m. (Prevailing Pacific Time).

This Motion concerns a subrogation claim in the amount of $350,000 that, although not technically a "fire claim," is assuredly fire related. Plaintiff, a risk-sharing pool for its member water utilities, has a $350,000 retention claim for damages sustained by its member, the Paradise Irrigation District, as a result of the Camp Fire in November 2018.

Application of the so-called *Pioneer* factors shows that Movant's late filing is the result of excusable neglect and therefore permissible under Rule 9006(b)(1). As to the first such factor, Plaintiff's late filing will cause no prejudice to Debtors, inasmuch as their reorganizations are solvent, timely claims are still being received, and their reorganizations are at an early stage (no confirmed plan, no disclosure statement on file, no voting deadlines, no distribution schedule, *etc*.). As to the second *Pioneer* factor, Movant's delay in asserting its claim and the potential impact on these proceedings are exceedingly modest and immaterial for the same reasons that

STUTZMAN BROMBERG ESSERMAN & PLIFKA, P.C.
2323 BRYAN STREET, SUITE 2200
DALLAS, TX 75201-2689
TELEPHONE: 214-969-4900

Debtors will not be prejudiced. As to the third *Pioneer* factor, the reason for the delay and whether it was in Movant's reasonable control, no notice of the bar date appears to have been sent to Movant's offices.[1] As evidenced by the Declaration of Jennifer Nogosek, the person at AWCA/JPIA responsible for administering the underlying claim does not recall ever seeing or receiving any notice regarding the Original Bar Date or any other bar date. These circumstances effectively remove the resulting delay in filing the proof of claim from Movant's reasonable control. Although generally unfamiliar with bankruptcy practices and procedures and having never before been involved in the filing of a proof of claim in bankruptcy, Ms. Nogosek promptly made inquiries upon seeing a news report during the first half of December 2019 suggesting the possibility of a deadline for asserting a claim against Debtors. These inquiries demonstrate Movant's good faith, satisfying the fourth *Pioneer* factor. Because consideration of the *Pioneer* factors points overwhelmingly to Movant's neglect having been excusable, late filing of the proof of claim should be permitted.

**Jurisdiction and Venue**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure.

**Background**

As set forth in the Declaration of Jennifer Nogosek filed contemporaneously herewith, ACWA/JPIA is a risk sharing cooperative owned and governed by its member agencies, all California water utilities. ACWA/JPIA was first formed by certain California water agencies in

---

[1] This potentially implicates a fifth factor some courts have considered as part of the Pioneer analysis, the adequacy or sufficiency of notice.

1979 to provide, among other things, risk-sharing pools. Like its members, ACWA/JPIA is a special district subject to the California Government Code.

Infrastructure losses are among the most frequent and significant casualty-related losses sustained by ACWA/JPIA's member agencies. The Paradise Irrigation District—water utility to the Town of Paradise devastated by the deadly Camp Fire—is an ACWA/JPIA member agency. As a result of the Camp Fire, the Paradise Irrigation District sustained sizeable losses, mostly in the nature of damage and destruction to its infrastructure. As a risk-sharing cooperative, ACWA/JPIA effectively insures fire-related claims of the Paradise Irrigation District arising from the Camp Fire to the extent of ACWA/JPIA's $350,000 insured retention. Various excess carriers are responsible for the loss to the extent it exceeds $350,000 retention.

## Basis for Relief Requested

Bankruptcy Rule 9006(b)(1) allows the enlargement of time for "an act . . . required or allowed to be done at or within a specified period . . .by order of court." Rule 9006(b)(1) further provides:

> [T]he court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Bankruptcy Rule 9006(b)(1). "Excusable neglect" under Bankruptcy Rule 9006(b)(1) is a flexible concept and caselaw has identified a four non-exclusive factors to be considered:

> With regard to determining whether a party's neglect of a deadline is excusable . . . we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . [1] the danger of prejudice to the [nonmovant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498 (1993) (citations omitted); *see also In re Orthopedic Bone Screw Prods. Liability Litig.*, 246 F.3d 315, 323 (3d Cir. 2001) (citing *Pioneer*, 507 U.S. at 395). Rule 9006(b)(1)

allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 381.

In *Pioneer*, a creditor represented by experienced bankruptcy counsel missed the proof of claim deadline because his lawyer overlooked the filing date in the bankruptcy court's notice. The Supreme Court affirmed the Sixth Circuit's finding of excusable neglect and endorsed a balancing test, the hallmark of which is consideration of various factors to aid in determining whether a movant's neglect of a bar date was excusable, thereby justifying a late proof of claim filing. This equitable determination is to "tak[e] account of all relevant circumstances surrounding the party's omission." *Id*. at 395, 113 S. Ct. at 1498; *see also Corning v. Corning (In re Zilog, Inc.)*, 450 F.3d 996 (9th Cir. 2006) (noting *Pioneer*'s non-exhaustive list of relevant factors). Consideration of all four *Pioneer* factors—as well as a fifth engrafted onto the *Pioneer* analysis by some courts--supports the conclusion that ACWA/JPIA's failure to file its proof of claim in connection with its $350,000 retention prior to the general bar date was excusable.

Because in this case there is no danger of prejudice to the Debtors, the first Pioneer factor weighs overwhelmingly in Movant's favor. Debtors estates are solvent, and all creditors stand to be paid. *See, e.g., In re Best Payphones, Inc*., 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) (citing Scott I. Davidson & Jennifer A. Bender, *Late-Filed Claims are not Always Excluded from the Distribution Party*, AM. BANKR. INST. J. 16, 62 (Jan. 2014)) (where unsecured creditors will be made whole, "the debtor will not be able to object to a proof of claim solely on the grounds that the proof of claim was filed after the bar date.") and *In re Sheehan Mem'l Hosp*., 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.). The tininess of ACWA/JPIA's claim relative to Debtors' estates speaks to the absence of prejudice even if the estates were not solvent (which they are). *See, e.g., In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice).

Beyond the Debtors' solvency, any prospect of disruptive prejudice seems especially unlikely here because Debtors' reorganizations are at an early stage. Although prospective plans

are on file, claims are still coming in. Fire claimants' proofs of claim are not due until December 31, 2019. No disclosure statement has yet been approved or even filed. No voting deadline has been established. Distributions have not been made, nor are any set to be made. *See In re 50-Off Stores, Inc.*, 220 B.R. 897, 902 (Bankr. W.D. Tex. 1998) (in assessing prejudice, court distinguished between situations in which a reorganization plan is formulated, negotiated, and consummated after receipt and notice of the late-filed claim and where, as here, all of that is yet to occur).

Consideration of the second *Pioneer* factor, the length of the delay and its potential impact on these proceedings, also strongly favors Movant. Here, ACWP/JPIA missed the applicable bar date by barely two months and, in any event, filed its proof of claim before the deadline applicable to Debtors' almost innumerable fire claimants. *See In re Lyondell Chemical Co.*, 543 B.R. 400, 410 (Bankr. S.D.N.Y. 2016) (length of delay is only given meaning by its effect on the administration of the case). ACWA/JPIA's late filing, if permitted by the Court, would have little to no appreciable impact on these proceedings.

As to the third *Pioneer* factor, the reason for the delay and whether it was in Movant's reasonable control, does not move the *Pioneer* needle in the direction of inexcusability. Movant acknowledges this Court's observation, in 2004, that "[o]n balance, … the authorities construing *Pioneer* weigh the reasons for the delay factor most heavily." *In re Pacific Gas & Electric, Co.*, 311 B.R. 84, 91 (Bankr. N.D. Cal. 2004) (citing *Graphic Communications Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1 (1st Cir. 2001)).[2] A "satisfactory explanation for the late filing" is required. *Graphic Communications* at 5. In *Pincay v. Andrews*,

---

[2] That said, the Fifth and Eleventh Circuits and courts in at least two other circuits (the Third and the Eighth) have identified the danger of prejudice is the most important of the *Pioneer* factors. *See Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg., Inc.)*, 62 F.3d 730, 737 (5th Cir. 1995) ("Under *Pioneer*, the central inquiry is whether the *debtor* will be prejudiced."); *Advanced Estimating System, Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) ("Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration.); *In re Cable & Wireless USA, Inc.*, 338 B.R. 609, 614 (Bankr. D. Del. 2006) (quoting *In re Tannen Towers Acquisition Corp.*, 235 B.R. 748, 755 (D.N.J. 1999) ("In applying the *Pioneer* test, courts place the greatest weight on whether any prejudice to the other parties will occur by allowing a late claim."); *Matter of Papp Intern., Inc.*, 189 B.R. 939, 944 (Bankr. D. Neb. 1995) (citing *In re Sacred Heart Hos. of Norristown*, 186 B.R. 891 as suggesting "the most significant [*Pioneer*] factor … is that of prejudice to the debtor.").

389 F.3d 853, 855-56 (9th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 961, 125 S.Ct. 1726, 161 L.Ed.2d 602 (2005), the Ninth Circuit applied *Pioneer* to hold that a district court did not abuse its discretion in finding excusable neglect when a sophisticated law firm missed a notice of appeal deadline because a paralegal has mistakenly calendared the 60-day deadline applicable to government parties instead of the correct 30-day deadline. In *In re Zilog*, which also involved a late proof of claim, a panel of the Ninth Circuit found excusable neglect based on an ambiguous email from debtor's general counsel to three unrepresented employees that the court found "was not calculated to inform the women that they needed to file their wage claims with the bankruptcy court." 450 F.3d at 1003.

In her accompanying declaration, Ms. Nogosek's identifies herself, in her capacity as a Liability and Property Claims Manager at ACWA/JPIA, as the person generally responsible for administering the claim for losses sustained by the Paradise Irrigation District in the Camp Fire to the extent of Movant's $350,000 retention. She does not recall *ever* seeing or receiving a notice of any claims bar date in these cases, and the record contains no indication to the contrary. Prior to seeing a report on the news during the first or second week of December 2019 that prompted her to make inquiries on her own, Ms. Nogosek avers that she had no knowledge of any deadline or bar date for filing a claim in Debtors' bankruptcy cases apart from the applicable California statute of limitations. Ms. Nogosek, in her declaration, also acknowledges her general unfamiliarity with bankruptcy practices and procedures and notes that she has not been involved in the filing of *any* proof of claim in *any* bankruptcy case previously and has never before pursued a subrogation claim that involved bankruptcy. Nogosek Decl., ¶ 8. The Ninth Circuit's comment in *In re Zilog* resonates here: "It would be very strange indeed to find the neglect in our case inexcusable, when the neglect in *Pioneer* and *Pincay* was found excusable." 450 F.3d at 1006.

A few courts have recognized the adequacy or sufficiency of notice to a creditor of the claims bar date as an additional factor to be considered in the *Pioneer* balancing test. *See, e.g., In re R.H. Macy & Co., Inc.*, 166 B.R. 799, 801 (S.D.N.Y. 1994). Debtors did list Movant on their schedules of unsecured creditors filed March 14, 2019, p. 479 of Dkt.# 906-7 noting "Wildfire Litigation" as the basis for unspecified claim(s). It appears from these schedules,

however, that Debtor provided no notice to Movant at its Roseville, California, office address; the only addresses appearing on the schedules are those of Movant's various lawyers, including Baron & Budd's San Diego office and that of its co-counsel, the Dixon Diab & Chambers firm in San Diego. This is unremarkable because these firms were counsel to Movant with respect to a *pending* lawsuit asserting claims against Debtors stemming from 2017's North Bay wildfires and damages sustained by another ACWA/JPIA member, the Circle Oaks County Water District in Napa County. While Movant's counsel of record in that *pending* lawsuit did file a proof of claim on Movant's behalf with respect to that litigation claim,[3] neither firm had been retained by Movant with respect to the $350,000 retention claim at issue in this motion.[4]

There is no litigation with respect to Movant's $350,000 retention claim, as to which ACWA/JPIA was, as yet, working with adjusters, not counsel, until mid-December 2019. Nogosek Decl., ¶ 9. As reflected in her declaration, although Ms. Nogosek was the person at ACWA/JPIS dealing with the Paradise Irrigation District claim resulting from the Camp Fire, she was not the person at ACWA/JPIA responsible for the administration of any claims related to 2017's North Bay wildfires or with respect to damages sustained at Circle Oaks. Nogosek Decl., ¶ 9.

Finally, as to the fourth *Pioneer* factor, no reasonable suggestion can be made that ACWA/JPIA failed to act in good faith, particularly inasmuch Ms. Nogosek acted responsibly and with expedition upon being alerted to the possibility of a claims deadline by an early December 2019 newscast, which culminated in a proof of claim being filed prior to December 31, 2019 deadline applicable to fire claimants.

## Conclusion

For the reasons set forth above, Movant respectfully requests that this Court enter an order pursuant to Bankruptcy Rule 9006(b)(1) as follows:

1. Granting this Motion;

---

[3] Claim # 56573.

[4] Nor had Movant retained the Jang & Associates law firm in Walnut Creek, which is also listed on Debtors' schedules, with respect to the retention claim at issue.

2. Directing that Exhibit 1 hereto be deemed timely filed;

3. Directing that Movant shall have until 30 days from the date of the filing of this Motion to submit "Attachment 1" to Prime Clerk as referenced on Exhibit 1 hereto.

4. Granting such other or further relief as the Court deems just and proper.

Dated: December 27, 2019   STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, P.C.

By: */s/ Sander L. Esserman*
     Sander L. Esserman

Attorneys for the Association of California Water Agencies Joint Powers Insurance Authority

Dated: December 27, 2019   BARON & BUDD, P.C.

By: */s/ Scott Summy*
     Scott Summy

Attorneys for the Association of California Water Agencies Joint Powers Insurance Authority

Dated: December 27, 2019   NUTI HART LLP

By: */s/ Kimberly S. Fineman*
     Kimberly S. Fineman

Attorneys for the Association of California Water Agencies Joint Powers Insurance Authority

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

| In re: | Bankruptcy Case |
| --- | --- |
| PG&E CORPORATION, <br> - and - <br> PACIFIC GAS AND ELECTRIC COMPANY, <br> Debtors. | No. 19-30088 (DM) <br><br> Chapter 11 <br> (Lead Case) <br> (Jointly Administered) |

# Proof of Claim (Wildfire Related – Subrogation Insurers)

Read the instructions before filling out this form.

> This form is for Subrogation Insurers to assert general unsecured claims based on amounts paid or reserved for damages or losses resulting from a wildfire. Do not use this form to assert any other pre-petition claims.
>
> Include the aggregate total estimated amount of all insurance subrogation claims, across all individual policies, held by a single creditor on this Proof of Claim.
>
> Complete Attachment 1, substantially in the form provided, to provide detailed information about each of the individual claims that are included in the aggregate total amounts shown on this Proof of Claim, to the extent the information is maintained in the ordinary course of business. When submitting Attachment 1, please provide definitions or explanations of all defined terms used therein. Attachment 1 must be provided to Prime Clerk no later than 30 days after the Bar Date.
>
> Signing this form constitutes an acknowledgement that you will provide additional support documentation for each individual claim on a confidential and professionals' eyes only basis to counsel for the Debtors, the U.S. Trustee, any Statutory Committee appointed in these cases, and any additional parties the Court directs but only after each such party agrees to keep the information provided confidential, which support documentation shall be kept confidential and not filed with the Court unless under seal or with the express written consent of the undersigned creditor.
>
> **Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. **Fill in all the information about the claim as of January 29, 2019, except where otherwise specified.**

## Part 1: Identify the Claim

| | | |
| --- | --- | --- |
| 1. | Is this proof of claim being filed on behalf of one or multiple creditors (i.e., other affiliated insurance companies)? | [✓] One creditor <br> [ ] More than one creditor |
| 2. | Who is (are) the current creditor(s)? For more than ten creditors, please attach separate schedule. | ACWA JPIA <br> Name of Creditor 1     Name of Creditor 2 <br><br> Name of Creditor 3     Name of Creditor 4 <br><br> Name of Creditor 5     Name of Creditor 6 <br><br> Name of Creditor 7     Name of Creditor 8 <br><br> Name of Creditor 9     Name of Creditor 10 |
| 3. | Are the creditor(s) part of one Carrier Group? (See definition of Carrier Group in the attached instructions) | [✓] No <br> [ ] Yes. Identify the group: _____ |
| 4. | Has this subrogation claim been acquired from someone else other than the underlying insured? (See question 10) | [✓] No <br> [ ] Yes. From whom? _____ |

| | | |
|---|---|---|
| 5. Where should notices and payments to the Creditor(s) be sent?<br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor(s) be sent?**<br><br>Edward S. Diab, Esq.<br>Wildfire Recovery Attorneys<br>3102 Oak Lawn Ave., Suite 1100<br>Dallas, TX 75219<br><br>Contact phone 619.354.2662<br>Contact email diab@theddcfirm.com | **Where should payments to the creditor(s) be sent?** (if different)<br><br><br><br><br><br>Contact phone _____<br>Contact email _____ |
| 6. Does this claim amend one already filed? | ✔ No<br>☐ Yes. Claim number on court claims registry (if known) _____ Filed on ___/___/___ MM / DD / YYYY | |
| 7. Was a subrogation lawsuit filed pre-petition in connection with this (these) claim(s)? | ✔ No<br>☐ Yes. Please Identify Lawsuit: Case/Docket # _____ Court: _____ | |

### Part 2: Attorney Information (Optional)

8. Who represents you in this matter?

   You do not need an attorney to file this form

   **Who represents you in this matter?**

   Wildfire Recovery Attorneys
   Law Firm Name
   Edward S. Diab, Esq.
   Attorney Name
   3102        Oak Lawn Avenue, Suite 1100
   Number      Street
   Dallas         TX         75219
   City           State      ZIP Code
   Contact phone 619.354.2662    Contact email diab@theddcfirm.com

### Part 3: Give Information About the Claim as of the Date the Case Was Filed

9. **Provide a summary of the underlying claims:**

   Subrogation insurers must produce a file containing details of the individual claims (paid or reserved) that form the basis of this claim.

   Name of Insurer (if different than the creditor listed in question 1): _____

   Nature of underlying claim(s) (check all that apply):
   ✔ Structure and Real Property Claims
   ☐ Debris Removal Claims
   ☐ Personal Property Claims
   ☐ Additional Living Expenses, Business Interruption, Loss of Use/Rent Claims
   ☐ Automobile (Rental, Loss of Use, Tow, Storage) Claims
   ☐ Other. Describe: _____

   Total number of insured losses that form the basis of this claim: 1

   Total aggregate amount of liquidated claims (i.e., payments made to insureds) as of the date hereof: $ 350,000.00

   Total aggregate amount of reserved claims as of the date hereof: $ 0.00

   Total aggregate amount of estimated claims (i.e., claims that have not been paid or reserved but are estimated for relevant wildfire incidents that occurred pre-petition): $ 0

| 10. Provide supporting documentation for any underlying claims that have been assigned, sold or otherwise transferred to the Creditor. | If any of the individual claims that form the basis of this claim have been assigned, sold or otherwise transferred to the Creditor, please provide the following additional information for each individual claim, or such additional information as otherwise agreed to between the Creditor and the Debtors:<br><br>1. A copy of the original contract of sale / assignment of contract for the underlying subrogated claim, or any other documentation reflecting a valid assignment of the subrogated rights.<br><br>2. A copy of insurer's written notification to insured (pursuant to 10 Cal. Code Regs. § 2695.7(p)) of its election not to directly pursue subrogation or discontinuation of its pursuit of subrogation.<br><br>3. A copy of the underlying policy for the subrogated claim.<br><br>Due to the voluminous nature of this information and confidentiality concerns, in lieu of attaching this information to their Proof of Claim, Creditors holding assigned claims may agree to provide this information directly to the Debtors on terms acceptable to such Creditors and the Debtors including pursuant to a Non-Disclosure Agreement. |
|---|---|

## Part 4: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.
☒ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  12/26/2019  (mm/dd/yyyy)

_____
Signature

Print the name of the person who is completing and signing this claim:

Name: Edward S. Diab
       First name / Middle name / Last name

Title: Attorney

Company: Wildfire Recovery Attorneys
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 3102 Oak Lawn Avenue, Suite 1100
         Number / Street
         Dallas, TX 75219
         City / State / ZIP Code

Contact phone: 619.354.2662       Email: diab@theddcfirm.com