1  Anne Costin (SBN 260126)
   **COSTIN LAW INC.**
2  315 Montgomery Street, 10th Floor
   San Francisco, CA 94104
3  Tel: (415) 977-0400
   Email: anne@costinlawfirm.com
4  Attorney for Creditor TODD HEARN

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION<br><br>&<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>Debtors<br>_____<br>TODD HEARN<br><br>Creditor and Moving Party<br><br>v.<br><br>PACIFIC GAS & ELECTRIC COMPANY<br><br>Debtor & Responding Party | Bankruptcy Case No. 19-30088<br><br>Chapter 11<br><br>**DECLARATION OF ALEXANDER PACHECO SUBMITTED WITH SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Dept:  Courtroom 17, 16th Floor<br>         450 Golden Gate Avenue<br>         San Francisco, CA 94102 |

# DECLARATION OF ALEXANDER PACHECO

I, Alexander Pacheco, do hereby declare and state as follows:

1. I am an adult above the age of eighteen years of age. I have personal knowledge of the facts contained herein and if called as a witness I could and would testify competently thereto.

2. I attended the University of California, Davis School of Law, and have been licensed to practice law in New York since 2012 and California since 2015.

3. I have been employed by the International Brotherhood of Electrical Workers, Local 1245 ("IBEW 1245" or "Union") since April 2013, first as a staff attorney, then, from July 2016 to current, as general counsel. As the in-house attorney for IBEW 1245, I am tasked with representing the Union and affected employees through arbitration of disciplinary matters and disputes over interpretation of the Union's various collective bargaining agreements.

4. In 2018 I was also appointed as an IBEW 1245 Assistant Business Manager. In this role I am part of a select executive leadership committee responsible for overseeing the operations of the Union.

5. Based on my experience working for IBEW 1245, I am familiar with the collective bargaining agreement ("CBA") in effect between the Union and PG&E covering the wages, hours, and working conditions of PG&E employees who are part of IBEW 1245's physical bargaining unit, and I understand the procedures, as set forth within that CBA, by which grievances are handled, and know the scope and limitations of the grievance process.

6. In early 2019, IBEW 1245 filed a grievance on Todd Hearn's behalf pursuant to the procedures set forth in the CBA between the Union and PG&E. The grievance asserts that Hearn was "terminated without just and sufficient cause," which is a requirement for termination of IBEW 1245's members under the CBA.

7. It is my understanding and experience that, as a matter of law, labor arbitrators (i.e. arbitrators appointed to hear grievances as defined above) are typically not vested with authority to determine matters of "external law" (e.g. State or Federal law). The only exception would be in the limited scenario where a CBA sets forth an external statutory right – such as those granted by the

Family and Medical Leave Act (FMLA) – as a term of the agreement, thereby making that right an enforceable term of the contract. In all cases, labor arbitrators are tasked solely with determining whether the terms of the written contract – in this case, the CBA between IBEW 1245 and PG&E – have been violated. Labor arbitrators cannot step into the shoes of a civil court judge or jury and adjudicate statutory whistleblower claims. Accordingly, the grievance filed on behalf of Hearn does <u>not</u> include allegations of whistleblower retaliation, nor does it allege any violations of the California Labor Code.

8. The CBA between IBEW 1245 and PG&E sets forth five steps for processing and resolving grievances between IBEW 1245 and PG&E. The fifth and final step is arbitration.

9. If the grievance filed on behalf of Hearn ultimately proceeds to arbitration, then he, along with IBEW 1245, will be represented by an attorney through completion of the arbitration process. Pursuant to the CBA between IBEW 1245 and PG&E, those who are represented by IBEW 1245 through the grievance process (called "grievants") are represented by non-attorney IBEW 1245 business representatives through the four grievance steps that precede arbitration. Grievants are not permitted to have their own hired counsel represent them in any step of IBEW 1245's grievance process.

10. There are no depositions in the CBA grievance process. Prior to an arbitration hearing, witnesses may be interviewed in accordance with the grievance steps, but those interviews are not formally recorded and are not taken under oath.

11. If the grievance filed on behalf of Hearn is ultimately decided by an arbitrator in the Union's favor, barring some unforeseen circumstances, the best-case scenario for Hearn would be that he is (1) reinstated to his former position, (2) made whole for all lost wages and benefits, and (3) has all other emoluments of his position restored.

12. General damages (i.e. emotional distress damages) are not an available remedy in the CBA grievance process. Neither are punitive damages.

13. Attorney's fees are not available and are not awarded to the prevailing party in this CBA grievance process. Each side (i.e. IBEW 1245 and PG&E) bears its own fees and costs.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This declaration was executed on December 30, 2019.

_____/s// *Alexander Pacheco*_____
Alexander Pacheco