# EXHIBIT A
## [Proposed] Order – Equity Backstop Commitment Letters

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>             **Debtors.**<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No.<br>19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**[PROPOSED] ORDER (I) APPROVING TERMS OF, AND DEBTORS' ENTRY INTO AND PERFORMANCE UNDER, EQUITY BACKSTOP COMMITMENT LETTERS AND (II) AUTHORIZING INCURRENCE, PAYMENT AND ALLOWANCE OF RELATED PREMIUMS AND EXPENSES AS ADMINISTRATIVE EXPENSE CLAIMS** |

| | |
|---|---|
| 1 | Upon the Amended Motion, dated January 3, 2020 (the "**Motion**")[1], of PG&E Corporation |
| 2 | ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in |
| 3 | possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the |
| 4 | "**Chapter 11 Cases**"), pursuant to sections 105(a), 363(b), 503(b) and 507(a)(2) of title 11 of the |
| 5 | United States Code (the "**Bankruptcy Code**"), and Rule 6004 of the Federal Rules of Bankruptcy |
| 6 | Procedure (the "**Bankruptcy Rules**"), for entry of an order (i) approving the terms of, and the Debtors' |
| 7 | entry into and performance under, the Equity Backstop Commitment Letters with the Equity Backstop |
| 8 | Parties and (ii) authorizing the incurrence, payment and allowance of all related commitment |
| 9 | premiums and expenses (the "**Equity Backstop Obligations**") as administrative expense claims, all |
| 10 | as more fully provided in the Equity Backstop Commitment Letters and as set forth in the Motion; and |
| 11 | this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 |
| 12 | U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy* |
| 13 | *Judges*, General Order 24 (N.D. Cal.) and Rule 5011-1(a) of the Bankruptcy Local Rules for the United |
| 14 | States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and |
| 15 | consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 |
| 16 | U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; |
| 17 | and this Court having found that it may enter a final order consistent with Article III of the United |
| 18 | States Constitution; and this Court having found and determined that notice of the Motion is reasonable |
| 19 | and sufficient under the circumstances, and it appearing that no other or further notice need be |
| 20 | provided; and this Court having reviewed the Motion and the Ziman Declaration; and a hearing to |
| 21 | consider the Motion having been held before this Court on January 21, 2020 (the "**Hearing**"); and this |
| 22 | Court having found that the Equity Backstop Commitment Letters have been negotiated in good faith |
| 23 | and at arms'-length between the Debtors and the other parties to such agreements; and this Court |

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

having determined that the legal and factual bases set forth in the Motion and the Ziman Declaration and at the Hearing establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein. Any and all objections with respect to the Motion, to the extent not withdrawn, are hereby overruled in all respects on the merits.

2. The Equity Backstop Commitment Letters, each in substantially the form attached to the Motion as **Exhibit C** with the Equity Backstop Parties identified on **Exhibit D** to the Motion, are hereby approved in their entirety. The Equity Backstop Commitment Letters are valid, binding and enforceable against the Debtors.

3. The Debtors' entry into the Equity Backstop Commitment Letters constitutes a reasonable exercise of the Debtors' business judgment and is hereby approved. The Debtors are authorized to perform under and implement the terms of the Equity Backstop Commitment Letters and the exhibits thereto (including delivery of extension notices as provided therein), and to negotiate, prepare, execute and deliver all documents, and to take any and all actions necessary and appropriate to implement the terms of the Equity Backstop Commitment Letters and to perform all obligations thereunder on the terms and conditions set forth therein, without further notice, hearing or order of this Court.

4. The Equity Backstop Obligations are actual and necessary costs and expenses of preserving the Debtors' estates and as such shall be treated as allowed administrative expenses of the Debtors pursuant to section 503(b) of the Bankruptcy Code with the priority set forth in section 507(a)(2) of the Bankruptcy Code, whether or not the Equity Backstop Commitments are funded, and none of the amounts shall be discharged, modified, or otherwise affected by any chapter 11 plan of any of the Debtors, subject to and in accordance with the Equity Backstop Commitment Letters.

5. The Debtors are authorized to reimburse the Equity Backstop Parties for their expenses and pay and incur the premiums and all other Equity Backstop Obligations in accordance with the terms of the Equity Backstop Commitment Letters, whether incurred prior to, on, or after the date of this Order, in each case pursuant to the terms and conditions set forth in the applicable Equity Backstop Commitment Letter, without further notice, hearing, or order of this Court, as, when, and to the extent they become due and payable under the terms of the applicable Equity Backstop Commitment Letter, which Equity Backstop Obligations shall not be subject to any challenge, contest, attack, rejection, recoupment, reduction, defense, counterclaim, offset, subordination, recharacterization, avoidance or other claim, cause of action or other challenge of any nature under the Bankruptcy Code, under applicable non-bankruptcy law or otherwise.

6. The terms and provisions of this Order shall be binding in all respects upon all parties in these chapter 11 cases, the Debtors, their estates, and all successors and assigns thereof, including any chapter 7 trustee or chapter 11 trustee appointed in any of these cases or after conversion of any of these cases to cases under chapter 7 of the Bankruptcy Code; *provided*, that the Equity Backstop Parties shall be under no obligation to extend any financing to any chapter 7 trustee or chapter 11 trustee.

7. Subject to the terms and conditions of the Equity Backstop Commitment Letters, the Debtors and the Equity Backstop Parties may enter into any nonmaterial amendment, modification or supplement of any provision of the Equity Backstop Commitment Letters, and the Debtors are authorized to enter into any such amendment, modification, supplement or waiver (and to pay any premiums and expenses, amounts, costs and other obligations in connection therewith), without further notice, hearing or order of this Court. In the case of any material amendment, modification or supplement to the Equity Backstop Commitment Letters that is adverse to the Debtors (a "**Material Amendment**"), the Debtors shall provide notice (which may be provided via electronic mail or other electronic means) to the Notice Parties, each of whom shall have five (5) calendar days from the date

of receipt of such notice to object in writing to the Debtors and the Equity Backstop Parties to such Material Amendment. If no objections are timely received (or if the Notice Parties indicate via electronic mail that they have no objection) to a Material Amendment, the Debtors are authorized to execute such Material Amendment, which shall become effective and enforceable against the Debtors and their estates immediately upon execution. If a Notice Party timely objects and such objection is not resolved prior to the date upon which such objection is scheduled to be heard by this Court, approval of this Court (which may be sought on an expedited basis) will be necessary to execute a Material Amendment.

8. Nothing in this Order, the Equity Backstop Commitment Letters or any other documents related to the transactions contemplated thereby shall in any way be construed or interpreted to impose or allow the imposition upon any Equity Backstop Party of any liability for any claims arising from the post-petition activities of the Debtors in the operation of their businesses, or in connection with their restructuring efforts.

9. Except as explicitly provided for herein, this Order does not create any rights for the benefit of any third party, creditor, equity holder or any direct, indirect or incidental beneficiary.

10. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

11. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or any other Bankruptcy Rule or otherwise, the terms and provisions of this Order shall be immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted pursuant to this Order in accordance with this Order and the Motion.

13. The automatic stay under section 362 of the Bankruptcy Code is hereby modified to the extent necessary to enable the Equity Backstop Parties to perform under the Equity Backstop Commitment Letters and to exercise any and all of their contractual rights thereunder.

14. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**\*\* END OF ORDER \*\***