**WEIL, GOTSHAL & MANGES LLP**
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)|
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

**KELLER & BENVENUTTI LLP**
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☑ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**DEBTORS' MOTION TO REJECT VLAZAKIS CONTRACT AND GRANT RELATED RELIEF AND BRIEF IN SUPPORT OF REJECTABILTY**<br><br>Date:  February 11, 2020<br>Time:  10:00 a.m.<br>Place:  United States Bankruptcy Court<br>            Courtroom 17, 16th Floor<br>            San Francisco, CA  94102<br><br>Relates to Dkt. Nos. 4846, 4847<br><br>Objection Deadline:<br>January 28, 2020, 4:00 p.m. (PT)<br>January 20, 2020 (for Vlazakis Defendants) |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned Chapter 11 Cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to sections 105(a) and 365(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 6006-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), (i) granting authority for the Utility to reject that certain November 22, 2017 letter agreement between Athanasia Vlazakis, George Vlazakis, John Barbis, and Maria Barbis (collectively, the "**Vlazakis Defendants**") and the Utility (the "**Contract**"), attached to the Garber Declaration (as defined herein) as **Exhibit A**; (ii) denying the Stay Relief Motion (as defined herein) to the extent set forth herein and in the Debtors' Stay Relief Opposition (as defined herein) and (iii) granting related relief.

In support of the Motion, the Debtors submit the Declaration of Brian Garber (the "**Garber Declaration**"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A** (the "**Proposed Order**").

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ................................................................................1

II. JURISDICTION .......................................................................................................2

III. BACKGROUND .......................................................................................................3

IV. BASIS FOR RELIEF REQUESTED .......................................................................5

    A. The Contract Is Executory and Therefore Subject to Rejection .......................5

        1. The Vlazakis Defendants Characterize the Contract as Executory .......6

        2. An Alleged Breach Does Not Render the Contract Non-Executory......7

    B. Rejection of the Contract Constitutes a Sound Exercise of the Debtors' Reasonable Business Judgment ........................................................................8

    C. Stay Relief Is Improper as to the Contract Claims ..........................................10

        1. That the Cross-Complaint Potentially Is Compulsory Is Not Dispositive ..........................................................................................10

        2. There Is No "Cause" for Stay Relief for the Contract Claims .............10

V. REQUEST FOR WAIVERS OF USUAL NOTICE REQUIREMENTS..................111

VI. NOTICE...................................................................................................................12

# TABLE OF AUTHORITIES

**Cases**   **Page(s)**

*In re A.J. Lane & Co.*, 107 B.R. 435 (Bankr. D. Mass. 1989) ...................................................... 11

*Agarwal v. Pomona Valley Med. Grp., Inc. (In re Pomona Valley Med. Grp., Inc.)*, 476 F.3d 665 (9th Cir. 2007) ................................................................................................................... 9

*In re Alexander*, 670 F.2d 885 (9th Cir. 1982) ........................................................................... 7

*In re Am. Suzuki Motor Corp.*, 494 B.R. 466 (Bankr. C.D. Cal. 2013) ......................................... 8

*In re Aslan*, 909 F.2d 367 (9th Cir. 1990) ................................................................................... 8

*In re CB Holding Corp.*, 448 B.R. 684 (Bankr. D. Del. 2011) .................................................... 11

*In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984) ................................................................. 10, 11

*Durkin v. Benedor Corp. (In re G.I. Indus., Inc.)*, 204 F.3d 1276 (9th Cir. 2000) ......................... 8

*Jackson v. County of Los Angeles*, 60 Cal. App. 4th 171 (1997) ................................................. 7

*Kaonohi Ohana, Ltd. v. Sutherland*, 873 F.2d 1302 (9th Cir. 1989) .......................................... 11

*In re Kemeta, LLC,* 470 B.R. 304 (Bankr. D. Del. 2012) ............................................................ 7

*Kronemyer v. Am. Contrs. Indem. Co. (In re Kronemyer)*, 405 B.R. 915 (B.A.P. 9th Cir. 2009) ... 10

*In re MF Glob. Holdings Ltd.*, 466 B.R. 239 (Bankr. S.D.N.Y. 2012) ..................................... 8, 9

*Midway Motor Lodge of Elk Grove v. Innkeepers' Telemanagement & Equip. Corp.*, 54 F.3d 406 (7th Cir. 1995) ............................................................................................................... 11

*In re Miller*, 2016 Bankr. LEXIS 1046 (Bankr. D. Mont. Apr. 1, 2016) .................................. 8, 9

*N.L.R.B. v. Bildisco & Bildisco,* 465 U.S. 513 (1984) ................................................................. 6

*Pac. Shores Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 292 B.R. 195 (N.D. Cal. 2003) .. 8

*In re Select-A-Seat Corp.*, 625 F.2d 290 (9th Cir. 1980) ............................................................. 6

*In re Spoverlook*, LLC, 551 B.R. 481 (Bankr. D. N.M. 2016) ..................................................... 8

*Wolkowitz v. FDIC (In re Imperial Credit Indus.)*, 527 F.3d 959 (9th Cir. 2008) ......................... 6

**Statutes & Rules**

11 U.S.C. § 365 ................................................................................................................. passim

Cal. Evid. Code § 623 ................................................................................................................ 7

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

In an exercise of their sound business judgment, the Debtors seek to reject the Contract as a burdensome executory contract pursuant to section 365(a) of the Bankruptcy Code. The business purpose underlying the relief requested in the Motion is to facilitate the construction of improvements to the Utility's natural gas distribution system to meet current safety standards and enhance operational efficiency and public safety. This Motion is brought in response to a motion for relief from the automatic stay filed by the Vlazakis Defendants [Docket No. 4846] (the "**Stay Relief Motion**"). The Vlazakis Defendants seek relief from the automatic stay, pursuant to section 362(d) of the Bankruptcy Code, to file a proposed affirmative cross-complaint (the "**Cross-Complaint**") against the Utility in the case pending in the Superior Court for the State of California, County of Alameda (the "**State Court**"), *Pacific Gas and Electric Company v. Vlazakis, et al.*, Case No. RG19021463 (the "**State Court Action**").

Through the State Court Action, the Utility seeks to clear physical encroachments on the Utility's property by the Vlazakis Defendants that prevent the Utility from moving forward with its intended gas system improvement project (as defined herein, the "**Project**"). In its preliminary opposition to the Stay Relief Motion [Docket Nos. 5089-5091] (the "**Stay Relief Opposition**"), the Utility informed the Court of its intention to reject the Contract which would preclude the specific performance remedy sought by the Vlazakis Defendants. This would make litigation of any issues relating to the Contract in the State Court unnecessary to the State Court's determination of the respective real property interests of the Utility and the Vlazakis Defendants, and likely promote a more expeditious determination of the State Court Action consistent with the Utility's objective to construct the Project and comply with safety standards as soon as possible.

At the preliminary hearing on the Stay Relief Motion, the Court directed the Utility to file this Motion to confirm the Utility's ability to reject the Contract. As set forth below, under standard executory contract principles and applicable Ninth Circuit authority:

- The Contract is an executory contract properly subject to rejection. The Vlazakis Defendants could prevail on their claims for specific performance only if the Utility

*continues to owe performance* on the Contract. Because the Vlazakis Defendants would owe ongoing performance as well,[1] this necessarily makes the Contract executory. Therefore, the Vlazakis Defendants cannot contest here the Contract's nature as executory.

- Rejection of the Contract as burdensome is an exercise of the Utility's sound business judgment and is otherwise consistent with, and supported by, section 365(a) of the Bankruptcy Code.

Accordingly, for the reasons set forth below, the Utility requests that the Court authorize rejection of the Contract and deny the Stay Relief Motion insofar as it seeks leave to file a Cross-Complaint seeking any relief—including specific performance or damages—based on the Contract.

## II. JURISDICTION

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal. Feb. 22, 2016), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Utility asserts that there has been failure of conditions precedent that excuse its duty to perform under the Contract: (i) the rejection by the City of Oakland of the construction plan on which the Contract and its ultimate objective (conveyance to the Vlazakis Defendants of the five-foot strip of land on which the Utility's wall is situated) were predicated and (ii) the Vlazakis Defendants' unwillingness to bring their property into ADA and seismic compliance, as required by the City of Oakland. Garber Decl. Ex. C at para. 4; Garber Decl. at para. 9. The Utility also asserts that its subsequent attempts to reach a resolution of the encroachment issue to which the Vlazakis Defendants would agree—specifically including the proposal based on subgrade injection of cement on the Utility's property which, as it turns out, would not have permitted construction of the Project that was the Utility's overriding objective—were not predicated on or required by the Contract, but rather were efforts independent of the Contract which the Utility pursued in a good faith attempt to avoid litigation. Garber Decl. at para. 12. For purposes of this Motion, the Utility accepts the Vlazakis Defendants' implicit characterization of the Contract as executory.

## III. BACKGROUND

### Overview of the Project

As previously set forth in the Stay Relief Opposition, the Utility seeks to construct a new natural gas regulation station on its property at 205 Brush Street[2] in Oakland, California (the "**Project**"). Completion of the Project will better enable the Utility to meet current applicable safety standards and code requirements and enhance the inspection of gas transmission lines and the safe management of the lines in an emergency. Garber Decl. Ex. B at para. 3. To do this, the Utility must demolish the existing building on the Utility-owned property. *Id*. at para. 4. The Utility's ability to do this so it can move forward with the Project has been frustrated for several years by an encroachment from the Vlazakis Defendants' property; specifically, the building on the Vlazakis Defendants' property immediately adjacent to the Utility's property and building is supported by the exterior wall of the Utility's adjoining building. The Vlazakis Defendants' building has no wall of its own along the property line it shares with the Utility. Garber Decl. Ex. B at para. 4. Demolition of the Utility's building will leave the Vlazakis building without an exterior wall or support for its roof and perpendicular walls, which likely will lead to its collapse. *Id*.

### Circumstances Surrounding the Impossibility of Performance of the Contract

In November 2017, the Utility entered into the Contract with the Vlazakis Defendants in an attempt to resolve the issue created by the encroachment on the Utility's Property. Garber Decl. at para. 6. The Contract provides that the Utility will shore up the wall on the Utility's building that supports the Vlazakis Defendants' building and will convey to the Vlazakis Defendants the narrow strip of land immediately adjacent to the Vlazakis Defendants' property on which that wall is situated, conditioned on obtaining (and accepting) necessary permits and regulatory approvals that the Utility agreed to seek. The Vlazakis Defendants are obligated under the terms of the Contract to cooperate with the Utility's efforts to obtain required permits and approvals, Garber Decl. Ex. A

---

[2] The Utility erroneously listed the address of its property as 225 Brush Street in several early filings in the State Court Action.

at para. 5, and to assist in carrying out the other actions contemplated under the Contract by providing access to their property as required for construction activity. *Id*. at para. 8.

The Contract was predicated on a specific construction approach to shoring up the wall, requiring the installation of metal fasteners that would have crossed property lines. The City of Oakland refused to issue a permit for this design because the wall-bracing system was not designed such that no encroachments occur across property lines. Garber Decl. Ex. C at para. 4; Garber Decl. at para. 8. The City of Oakland also notified the Utility that any improvements to the Utility's wall for the purpose of supporting the Vlazakis Defendants' building would require that their building be upgraded to become seismic code and ADA-compliant. *Id*. The Vlazakis Defendants were unwilling to comply with these requirements. *Id*.

When the contemplated approach to curing the encroachment failed, the Utility proposed a plan to inject cement under the ground on the Utility's property in order to shore up the Utility's wall for use by the Vlazakis Defendants. Garber Decl. Ex. C at para. 5. In order to complete this process as quickly as possible, the Utility sought approval from the City of Oakland for this design before all of the Utility's Project designs had been finalized. *Id*. The City of Oakland approved this wall-bracing design; however, after the Utility received this approval, in August 2018 it became clear that the design was not compatible with the Utility's gas transmission engineers' plans for the Project because the sub-grade injection of cement would make it impossible to install the gas pipelines, conduits, sensors, and other portions of the facilities required to complete the Project as designed. *Id*. at para. 6; Garber Decl. at para. 10.

When this second approach proved infeasible, the Utility proposed to the Vlazakis Defendants a number of other alternative approaches both orally and in writing. Garber Decl. at para. 11. For example, the Utility proposed sharing in demolition costs of all or a portion of the Vlazakis Defendants' building, constructing a permanent wall on their property, or building, at the Utility's expense, a temporary wall to shore up their building to have time for them to build their own permanent wall. *Id*. Finally, in January 2019, the Utility made an offer to the Vlazakis Defendants for the purchase of their parcels at fair market value. Garber Decl. Ex. B at para. 6.

During the entire process of its attempts to resolve the encroachment issue, the Utility has been transparent with the Vlazakis Defendants about the designated approval process and challenges therein. Every document submitted to the City of Oakland was copied to the Vlazakis Defendants. Utility employees regularly updated the Vlazakis Defendants regarding the approval process and the Utility's internal discussions. Garber Decl. at para. 13. Throughout this process, the consistent position of the Vlazakis Defendants has been an unwillingness to incur any expense or other material burden to resolve the very real and very serious issue caused by their building's encroachment on Utility's property. *Id.*

Litigation Background

After several years of unsuccessful efforts—including execution of the Contract—to resolve the situation with the Vlazakis Defendants consensually, the Utility filed the State Court Action on June 4, 2019, seeking a determination permitting it to demolish its own building, including the wall that adjoins the Vlazakis property and supports the Vlazakis building. The Utility promptly sought a preliminary injunction. The State Court denied the Utility's request for an injunction but set an expedited case management schedule and an early date for a bench trial on May 12, 2020.[3] Stay Relief Opposition at 2. Five months after State Court Action was filed, and after the expedited trial date had been set, the Vlazakis Defendants belatedly requested leave from the State Court to file the Cross-Complaint. *Id*. The State Court properly declined to consider that request until the Vlazakis Defendants obtained a ruling from this Court that the stay does not prevent the Vlazakis Defendants from making it. *Id*. The State Court, on November 4, directed the Vlazakis Defendants to bring a motion "forthwith" in this Court. The Stay Relief Motion was filed on November 22, 2019. *Id*.

## IV. BASIS FOR RELIEF REQUESTED

### A. The Contract Is Executory and Therefore Subject to Rejection

Subject to court approval, a debtor may reject a contract that is executory. 11 U.S.C. § 365(a). The Bankruptcy Code does not define "executory contract." The Supreme Court has defined it as a contract on which "performance remains due to some extent on both sides."

---

[3] Due to a judicial reassignment, the trial is now set for May 13, 2020.

*N.L.R.B. v. Bildisco & Bildisco,* 465 U.S. 513, 522 n.6 (1984). The Ninth Circuit has defined executory contracts as those in which the obligations of both parties "are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." *In re Select-A-Seat Corp*., 625 F.2d 290, 292 (9th Cir. 1980); *Wolkowitz v. FDIC (In re Imperial Credit Indus.)*, 527 F.3d 959, 974 (9th Cir. 2008).

### 1. The Vlazakis Defendants Characterize the Contract as Executory

If the Vlazakis Defendants are correct that the Debtors have remaining obligations under the Contract, which they are seeking to enforce by specific performance in the State Court Action, then the Contract is executory and subject to rejection. In the Cross-Complaint, the Vlazakis Defendants allege that the Utility remains obligated under the Contract to convey the wall at issue and the four-foot strip of land on which it sits. Declaration of Ronald F. Berestka, Jr. in Support of Motion as to Inapplicability of Stay, and in the Alternative for Relief from Stay [Docket No. 4846-2], Exhibit 3 (Cross-Complaint), at paras. 10-13. The allegation that the Utility continues to have an obligation to convey its property to them "pursuant to [the Contract's] terms, provisions, covenants and conditions," *id*. at para. 13, is the foundation for the Vlazakis Defendants' claims in the Cross-Complaint for breach of contract, seeking specific performance of the Contract and damages [First Cause of Action], breach of the covenant of good faith and fair dealing [Second Cause of Action], and negligence in performing the Contract [Third Cause of Action].

And, if the Utility has a continuing obligation of performance sufficient to support the Vlazakis Defendants' claim for specific performance, so also do the Vlazakis Defendants: they must cooperate in the manner specified in paragraph 5 of the Contract and provide access to their property pursuant to paragraph 8 of the Contract. Garber Decl. Ex. A. Any continued performance by the Utility would require the Vlazakis Defendants' assistance in seeking approval of the relevant authorities and access to the Vlazakis Defendants' property, which requires their cooperation in myriad ways called for if not spelled out in the Contract. These obligations of cooperation and access are ongoing—and essential—if, and as long as, the Utility is required to perform under the Contract. The Vlazakis Defendants must also deliver the documentation and other information specified in paragraph 1 of the Contract, which they have not yet done. Garber Decl. at para. 15.

The Vlazakis Defendants' own characterization of the Contract as executory—a characterization that is inherent in the specific performance demand in the Cross-Complaint—must carry the day here. It would be nonsensical for the Vlazakis Defendants to seek performance of a contract that did not have outstanding performance obligations. They cannot claim here that the Contract is *not* executory while at the same time seeking permission from this Court to pursue the Cross-Complaint that makes the directly opposite contention as the predicate to the specific performance relief they seek. Cal. Evid. Code § 623 ("Whenever a party has, by his own statement or conduct, intentionally and deliberately led another to believe a particular thing true and to act upon such belief, he is not, in any litigation arising out of such statement or conduct, permitted to contradict it."); *Jackson v. County of Los Angeles*, 60 Cal. App. 4th 171, 183 (1997) (judicial estoppel applies when "(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake.").

### 2. An Alleged Breach Does Not Render the Contract Non-Executory

At the hearing on the Motion, the Court alluded to whether the Vlazakis Defendants' allegation that the Utility has breached the Contract means that the Contract could not be rejected. December 17, 2019 Omnibus Hearing Transcript at 90:7-11. The Utility disputes any alleged breach, but, even if there is a breach, as the Ninth Circuit has explained, "the fact of breach does not somehow convert the executory contract into an executed contract." *In re Alexander*, 670 F.2d 885, 887 n. 1 (9th Cir. 1982), *superseded by statute on other grounds* as stated in *In re Safakish*, 2018 Bankr. LEXIS 3320, at *12 (Bankr. N.D. Cal. Oct. 23, 2018). "A material breach by a party to an executory contract before the bankruptcy of either party gives the other party a unilateral option to treat his own obligations under the contract as discharged and claim damages for the breach *or to waive the breach and treat the contract as still in effect*." *Id*. (citing Countryman, Executory Contracts in Bankruptcy: Part II, 58 Minn. L. Rev. 479, 506-07 (1974)) (emphasis added); *see also In re Kemeta, LLC,* 470 B.R. 304, 322-325 (Bankr. D. Del. 2012) (holding that pre-petition breaches

do not render a contract non-executory); *In re Spoverlook*, LLC, 551 B.R. 481, 485 (Bankr. D. N.M. 2016) ("a contract is not deemed terminated [or] no longer executory simply because the debtor has defaulted or breached the contract before the commencement of a bankruptcy case" (citing *In re RLR Celestial Homes, Inc.*, 108 B.R. 36, 45 (Bankr. S.D.N.Y. 1989))).

Here, the Vlazakis Defendants have treated the Contract as still in effect despite their allegations of breach; that they have sought specific performance of the Contract precludes them from arguing that it is not executory. Had the Contract been fully performed, or had they elected to treat their obligations as discharged and pursue a damages remedy only, the Vlazakis Defendants could not bring the Cross-Complaint seeking specific performance. *See, e.g.*, *In re Aslan*, 909 F.2d 367, 370 (9th Cir. 1990) ("It is clear that by choosing to seek specific performance of the contract, [counterparty] treated the contract as still in effect.").

### B. Rejection of the Contract Constitutes a Sound Exercise of the Debtors' Reasonable Business Judgment

Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any . . . executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Bankruptcy Courts generally "approve motions to assume, assume and assign, or reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment." *In re MF Glob. Holdings Ltd.*, 466 B.R. 239, 242 (Bankr. S.D.N.Y. 2012); *see also Durkin v. Benedor Corp. (In re G.I. Indus., Inc.)*, 204 F.3d 1276, 1282 (9th Cir. 2000); *In re Miller*, 2016 Bankr. LEXIS 1046, at *10 (Bankr. D. Mont. Apr. 1, 2016). The "business judgment" standard is liberal, and supports relief on a showing that the debtor has exercised reasonable business judgment in determining that assumption or rejection as requested by the debtor will benefit the debtor's estate. *See Pac. Shores Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 292 B.R. 195, 199 (N.D. Cal. 2003), *aff'd*, 392 F.3d 1064 (9th Cir. 2004) ("Bankruptcy courts generally approve rejection if the debtor demonstrates that the rejection will benefit the estate under a 'business judgment' test."); *In re Am. Suzuki Motor Corp.*, 494 B.R. 466, 475 n.4 (Bankr. C.D. Cal. 2013). "Courts generally will not second-guess a debtor's business judgment concerning whether the assumption or rejection of

an executory contract or unexpired lease would benefit the debtor's estate." *In re MF Glob. Holdings Ltd.*, 466 B.R. at 242; *In re Miller*, 2016 WL 1316763, at *4 ("Although…business judgment is the proper standard for determining whether to permit assumption or rejection of an executory contract or unexpired lease, the court should focus on the business judgment of the trustee or debtor in possession, not on its own business judgment."). The Court should "presume that the debtor-in-possession acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate." *Agarwal v. Pomona Valley Med. Grp., Inc. (In re Pomona Valley Med. Grp., Inc.)*, 476 F.3d 665, 670 (9th Cir. 2007) (in the context of a motion to reject under section 365(a)). Only a decision which is "so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice" runs afoul of the rule. *Id*.

Rejection of the Contract is a sound exercise of the Debtors' business judgment because it will enable the Utility to proceed more expeditiously with the Project and achieve its safety objectives and operational efficiencies sooner. It will spare the Debtors the significant burden of performing under the Contract—entailing both expense and further delay of indefinite dimensions—resulting from the Utility trying to solve the encroachment issue at its sole expense, through coordination with and the cooperation of the Vlazakis Defendants, who have thus far sat on the sidelines and shown themselves unwilling to undertake any expense or make any meaningful effort at mutual accommodation. Garber Decl. at para. 16. Instead, as a result of rejection of the Contract rendering specific performance unavailable, the Vlazakis Defendants will be compelled to fix themselves the problem created by *their building's* encroachment on the Utility's property; and, if they are legally entitled to it, they can receive compensation in the form of a bankruptcy claim measured by what they actually spend on the fix, uninflated by the leverage inherent in their ability to delay the Project by dragging out the State Court Action. Furthermore, as explained in the Stay Relief Opposition, rejection will likely get the State Court Action to trial more expeditiously. The project has encountered many delays already, Garber Decl. Ex. B at para. 11, and the trial date moving further into 2020 or even 2021 would create even more delays and resulting public safety concerns. *Id.*

### C. Stay Relief Is Improper as to the Contract Claims

The Stay Relief Motion seeks this Court's permission to file the Cross-Complaint in the State Court Action. The Cross-Complaint contains two categories of claims. The first three causes of action (the "**Contract Claims**") are based on the Contract. Causes of Action Four through Seven are based on traditional real estate principles and doctrines (the "**Title Claims**"): adverse possession (Fourth), prescriptive easement (Fifth), implied easement (Sixth) and easement by necessity (Seventh). As the Utility stated in the Stay Relief Opposition, it does not oppose relief from stay as to the Title Claims.

#### 1. That the Cross-Complaint Potentially Is Compulsory Is Not Dispositive

The Vlazakis Defendants assert that the Cross-Complaint is compulsory and that the claims sought therein will be "forever barred" if this Court does not permit the filing of the Cross-Complaint. Stay Relief Motion at 2. It is for the State Court to decide whether the Cross-Complaint is a compulsory counterclaim; the Utility believes that it is not, but that is not dispositive here. Rather, what is important is that the Vlazakis Defendants' claims will not be "forever barred" if the stay is not lifted, because they have filed a timely proof of claim asserting their entitlement to damages based on the Contract. Claim No. 71712 (the "**Proof of Claim**"). The Utility does not object to litigating the Title Claims in the State Court Action (as cross-claims or affirmative defenses, or both). The Contract Claims can be litigated later through the chapter 11 process. Accordingly, there is no risk that the Vlazakis Defendants will lose the right to bring any of their claims if stay relief is denied.

#### 2. There Is No "Cause" for Stay Relief for the Contract Claims

The Stay Relief Motion failed to demonstrate "cause" for stay relief under section 362(d)(1) of the Bankruptcy Code and *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984)[4] with respect to the Contract Claims. *Curtis* Factor 10, the interests of judicial economy and the expeditious and

---

[4] *See also Kronemyer v. Am. Contrs. Indem. Co. (In re Kronemyer)*, 405 B.R. 915, 921 (B.A.P. 9th Cir. 2009) ("We agree that the *Curtis* factors are appropriate, nonexclusive, factors to consider in deciding whether to grant relief from the automatic stay to allow pending litigation to continue in another forum.")

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

economical determination of litigation for the parties and *Curtis* factor 12, the impact of the stay and the "balance of hurt" both demonstrate that the Utility would be harmed if the May 2020 trial date slipped because of a jury trial associated with the Contract Claims. There would be no judicial economy associated with trying the Contract Claims together with the Title Claims, because without a claim for specific performance, they do not overlap and are readily severable.

Upon rejection of the Contract, specific performance will not be available to the Vlazakis Defendants. *Kaonohi Ohana, Ltd. v. Sutherland*, 873 F.2d 1302, 1306 n. 5 (9th Cir. 1989) ("Specific performance of a rejected executory contract cannot be required."); *In re A.J. Lane & Co.*, 107 B.R. 435, 439 (Bankr. D. Mass. 1989) (right of specific performance subordinate to debtor's rejection rights). Accordingly, following rejection of the Contract, the Vlazakis Defendants will have only a claim for (money) damages against the Utility.[5] *See, e.g.*, *Midway Motor Lodge of Elk Grove v. Innkeepers' Telemanagement & Equip. Corp.*, 54 F.3d 406, 407 (7th Cir. 1995) (holding that "rejection avoids specific performance" and results only in a claim for damages); *In re CB Holding Corp.*, 448 B.R. 684, 690 (Bankr. D. Del. 2011) (where no right to specific performance, only a pre-petition claim for rejection damages). The Proof of Claim seeks $500,000 in damages for breach of the Contract, which can be adequately addressed through the chapter 11 claims process. Accordingly, with the ability to litigate the Title Claims in the State Court Action and their damages claim before this Court, the Vlazakis Defendants have a complete remedy available to them such that stay relief with respect to the Contract Claims is unnecessary and improper.

V. **REQUEST FOR WAIVERS OF USUAL NOTICE REQUIREMENTS**

The Debtors request a waiver of the notice requirements under Bankruptcy Rule 6006(a) and Bankruptcy Local Rules 6006-1(a)(1) and 9014-1(c)(1). Given the circumstances under which this Motion has been filed, the Vlazakis Defendants have had ample notice of the Debtors' intention to seek rejection of the Contract. No other parties are entitled to notice under the Contract. Accordingly, ample cause exists to justify the waiver of the applicable notice requirements.

---

[5] The Utility reserves all defenses to any such claim.

## VI. NOTICE

Notice of this Motion will be provided to: (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; (xii) counsel for the Vlazakis Defendants; and (xiii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002, or who, by virtue of their counsel being registered electronic filers in this District, automatically receive this and other papers through the Court's ECF system. The Debtor respectfully submits that no further notice is required.

Other than as set forth in the Stay Relief Opposition, no previous request for the relief sought herein has been made by the Debtor to this or any other court.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order (i) granting the relief requested herein as a sound exercise of the Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties interests, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: January 6, 2020  **WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVNUTTI LLP**

By:   _/s/    Peter J. Benvenutti_
        Peter J. Benvenutti

*Attorneys for Debtors and Debtors in Possession*