| | |
|---|---|
| **WEIL, GOTSHAL & MANGES LLP**<br>Stephen Karotkin (*pro hac vice*)<br>(stephen.karotkin@weil.com)<br>Ray C. Schrock, P.C. (*pro hac vice*)<br>(ray.schrock@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007 | **KELLER & BENVENUTTI LLP**<br>Tobias S. Keller (#151445)<br>(tkeller@kellerbenvenutti.com)<br>Peter J. Benvenutti (#60566)<br>(pbenvenutti@kellerbenvenutti.com)<br>Jane Kim (#298192)<br>(jkim@kellerbenvenutti.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 650 636 9251 |

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☑ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF BRIAN GARBER IN SUPPORT OF DEBTORS' MOTION TO REJECT VLAZAKIS CONTRACT AND GRANT RELATED RELIEF AND BRIEF IN SUPPORT OF REJECTABILTY**<br><br>Date: February 11, 2020<br>Time: 10:00 a.m.<br>Place: United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102<br><br>Relates to Dkt. Nos. 4846, 4847<br><br>Objection Deadline:<br>January 28, 2020, 4:00 p.m. (PT)<br>January 20, 2020 (for Vlazakis Defendants) |

I, Brian Garber, declare:

1. I am a Senior Project Manager for Pacific Gas and Electric Company (the "**Utility**"), and have held that position since 2015. I have been a project manager, or otherwise employed in the construction industry in various management and supervisorial capacities, since 1986. In my capacity as a Senior Project Manager at the Utility, I oversee a variety of construction, development, repair, or replacement projects for the Utility's natural gas transmission network system-wide.

2. I make this Declaration in support of the *Debtors' Motion to Reject Vlazakis Contract and Grant Related Relief and Brief Supporting Rejectability* (the "**Motion**").[1]

3. I have personal knowledge of the matters set forth herein except where specifically stated otherwise and could, and would, competently testify to these matters.

4. A true and correct copy of the Contract is attached hereto as **Exhibit A**.

5. I hereby reaffirm my two declarations that I provided in the State Court Action in support of the Utility's Application for Preliminary Injunction on June 6, 2019 and July 11, 2019. These declarations are attached hereto as **Exhibit B** and **Exhibit C**, respectively. This declaration assumes knowledge of the facts stated in my prior declarations.

6. The Utility negotiated and entered into the Contract with the Vlazakis Defendants in an attempt to resolve the issue created by the encroachment on the Utility's Property of the building on the Vlazakis Defendants' property, preventing the Utility from moving forward with the Project.

7. The Contract provides that the Utility will shore up the wall on the Utility's building that supports the Vlazakis Defendants' building and will convey to the Vlazakis Defendants the narrow strip of land, immediately adjacent to the Vlazakis Defendants' property on which that wall is situated, conditioned on obtaining necessary permits and regulatory approvals that the Utility agreed to seek. The Vlazakis Defendants are obligated to cooperate with the Utility's efforts and to assist in carrying out the actions contemplated under the Contract.

8. The Contract was predicated on a specific construction approach to shoring up the wall, requiring the installation of metal fasteners that would have crossed property lines. The City

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

of Oakland refused to issue a permit for this design because the wall bracing system was not designed such that no encroachments occur across property lines.

9. The City of Oakland also notified the Utility that any improvements to the Utility's wall for the purpose of supporting the Vlazakis Defendants' building would require that their building be upgraded to become seismic code and ADA-compliant. The Vlazakis Defendants were unwilling to comply with this condition.

10. The City of Oakland approved the wall-bracing design described in paragraph 5 of my July declaration; however, after the Utility received this approval, in August 2018 it became clear that the design was not compatible with the Utility's gas transmission engineers' plans for the Project.

11. When this second approach proved infeasible, the Utility proposed to the Vlazakis Defendants a number of other alternative approaches both orally and in writing. For example, the Utility proposed sharing in demolition costs of all or a portion of the Vlazakis Defendants' building, constructing a permanent wall on their property, or building, at the Utility's expense, a temporary wall to shore up their building to have time for them to build their own permanent wall.

12. These subsequent attempts to reach a resolution of the encroachment problem to which the Vlazakis Defendants would agree were not predicated on or required by the Contract, but were rather efforts independent of the Contract which the Utility pursued in a good faith attempt to avoid litigation.

13. During the entire process of its attempts to resolve the encroachment problem, the Utility has been transparent with the Vlazakis Defendants regarding status and setbacks. Every document submitted to the City of Oakland was copied to the Vlazakis Defendants. Utility employees regularly updated the Vlazakis Defendants regarding the approval process and the Utility's internal discussions.

14. Throughout this process, the consistent position of the Vlazakis Defendants has been an unwillingness to incur any expense or other material burden to resolve the very real and very serious issue caused by their building's encroachment on Utility's property.

15. In my interactions with the Vlazakis Defendants to date, they have shown an unwillingness to incur any expenses or take any required actions. For example, in addition to their unwillingness to upgrade their building to become seismic code and ADA-compliant (*see* para. 9 above), the Vlazakis Defendants also have failed to provide the written documentation regarding title to their property as contemplated by paragraph 1 of the Contract.

16. Performing under the Contract would be significantly burdensome to the Utility. Doing so would entail both expense and further delay of indefinite dimensions, especially since it would require coordination with and the cooperation of the Vlazakis Defendants, who have thus far sat on the sidelines and shown themselves unwilling to undertake any expense or make any meaningful effort at mutual accommodation.

[*Signature on next page*]

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: January 6, 2020

_____
Brian Garber