| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>Stephen Karotkin (*pro hac vice*)<br>(stephen.karotkin@weil.com)<br>Ray C. Schrock, P.C. (*pro hac vice*)<br>(ray.schrock@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007 | CRAVATH, SWAINE & MOORE LLP<br>Paul H. Zumbro (*pro hac vice*)<br>(pzumbro@cravath.com)<br>Kevin J. Orsini (*pro hac vice*)<br>(korsini@cravath.com)<br>Omid H. Nasab (*pro hac vice*)<br>(onasab@cravath.com)<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel: 212 474 1000<br>Fax: 212 474 3700 |

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br><br>**DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 107(b) AND FED. R. BANKR. P. 9018 FOR ENTRY OF AN ORDER AUTHORIZING REDACTION AND SEALING OF CONFIDENTIAL INFORMATION FROM TUBBS SETTLEMENT DOCUMENTS**<br><br>[No Hearing Requested] |

PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion to Redact**"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 1001-2(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), and the *New District Wide Procedures for Electronically Filing Sealed and Redacted Documents* adopted by the United States Bankruptcy Court for the Northern District of California (the "**Local Procedures**"), for entry of an order (i) authorizing the Debtors to redact and seal certain highly sensitive and confidential information from the Declaration of Janet Loduca (the "**Loduca Declaration**") and the Tubbs Settlement Agreement, General Release, and Assignment executed by each of the Tubbs Preference Claimants (collectively, the "**Tubbs Settlements**") filed in support of the *Debtors' Motion Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 for Entry of an Order (i) Authorizing the Debtors to Settle the Claims of the Tubbs Preference Claimants, and (ii) Granting Related Relief* (the "**Tubbs Settlement Motion**")[1] and from all other related documents (collectively, the "**Tubbs Settlement Documents**"), and (ii) directing that the unredacted copies of the Tubbs Settlement Documents shall be confidential, remain under seal, designated "Professional Eyes Only," and not be made available to any party except the Permitted Parties (as defined below). The Debtors shall provide unredacted copies of the Tubbs Settlement Documents to (i) this Court, (ii) counsel to the respective parties to the Tubbs Settlements, (iii) the professionals for the Creditors Committee and for the TCC, (iv) the United States Trustee for Region 17, and (v) any other party as otherwise permitted by the Tubbs Settlements (collectively, the "**Permitted Parties**").

In support of the Motion to Redact, the Debtors respectfully submit the Declaration of Kevin Orsini (the "**Orsini Declaration**"), filed contemporaneously herewith. A proposed form of

---

[1] Capitalized terms used but not defined in this Motion to Redact shall have the meanings ascribed to them in the Tubbs Settlement Motion.

order granting the relief requested herein is submitted concurrently herewith in accordance with the Local Procedures (the "**Proposed Order**").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On December 9, 2019, the Debtors filed a motion seeking approval of that certain Restructuring Support Agreement, dated as of December 6, 2019 (as amended on December 16, 2019, the "**Tort Claimants RSA**"), among the Debtors, the TCC, the Consenting Fire Claimant Professionals, and the Shareholder Proponents (each as defined in the Tort Claimants RSA).

Among other things, the Tort Claimants RSA—which was agreed to by the TCC and representatives of individuals holding over 70% in number of the Fire Victim Claims—provides that the Debtors shall (i) enter "into one or more settlement agreements settling all of the Tubbs Cases . . . which shall (A) allow such claims subject to payment solely from the Fire Victim[] Trust . . . (C) be confidential and sealed, and (D) not be admissible or introduced into evidence for any purpose in any proceeding, including without limitation the Estimation Matters or in any other case or proceeding in or related to the Chapter 11 Cases." Tort Claimants RSA § 2(h).

No party objected to the Tort Claimants RSA's requirement that the Tubbs Settlements be confidential and sealed. On December 17, 2019, the Court held a hearing to consider the Debtors' motion to approve the Tort Claimants RSA and granted the motion. The Court issued a formal order, *inter alia*, authorizing the Debtors to enter into the Tort Claimants RSA and approving the terms thereof on December 19, 2019 [Docket No. 5174].

Upon their entry into the Tort Claimants RSA, the Debtors promptly entered into settlement discussions with the Tubbs Preference Claimants. The settlement discussions culminated in the Debtors and each of the Tubbs Preference Claimants entering into settlement agreements to resolve the Tubbs Cases and settle and liquidate the claims of the Tubbs Preference Claimants asserted against the Debtors. Pursuant to the Tubbs Settlements, the settled claims will be paid and resolved

under the Debtors' Amended Plan. Upon the effective date of the Tubbs Settlements, counsel for the Tubbs Preference Claimants will execute a request for dismissal with prejudice of the Tubbs Cases and deliver the executed request to the Debtors, which the Debtors will file with the State Court. Contemporaneously herewith, the Debtors have filed the Tubbs Settlement Motion and supporting Loduca Declaration seeking this Court's approval of the Tubbs Settlements, which are described in further detail therein.

The Tubbs Settlements and Aggregate Claim Amount (the cumulative settled amount of the claims of the Tubbs Preference Claimants, as defined in the Loduca Declaration) are highly sensitive and confidential information, and the parties have agreed to keep the terms of the Tubbs Settlements strictly confidential, providing limited access only to certain parties. Indeed, the requirement to maintain the confidentiality of the Aggregate Claim Amount and the Tubbs Settlements is embodied in the Tort Claimants RSA and the individual settlements with the Tubbs Preference Claimants. As required by section 2(h) of the Tort Claimants RSA and by the Tubbs Settlement Agreements, and as counsel for the TCC advised the Court during the December 17 hearing, the parties seek authority to redact the Aggregate Claim Amount from the Tubbs Settlement Documents and to seal the individual Tubbs Settlements attached as Exhibits 1 through 16 to the Loduca Declaration. *See* Hr'g Tr., 133:4-6, Dec. 17, 2019. Copies of the unredacted Tubbs Settlement Documents will be provided to the Permitted Parties on a confidential and "Professional Eyes Only" basis.

### III. BASIS FOR RELIEF REQUESTED

A. Courts Must Protect Confidential Information Pursuant to Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.

Section 107(b) of the Bankruptcy Code, as applied through Section 105(a), protects against the disclosure of certain confidential information. Section 107(b) provides, in pertinent part:

> On request of a party in interest, the bankruptcy court *shall*, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b). Parsing the language of section 107(b), Courts have emphasized that once the Court determines that the information falls within section 107(b), the court "is *required* to protect [the movant] and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original). Section 107(b) expressly authorizes the court to grant protection, where warranted, to an entity's confidential commercial information. Unlike its counterpart Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require the movant to demonstrate "good cause." *In re Orion Pictures Corp.*, 21 F.3d at 28. This protection is not limited to the Debtors; it extends to creditors and other parties in interest. *See In re Borders Grp., Inc.*, 462 B.R. 42, 48 (Bankr. S.D.N.Y. 2011) (granting motion to seal share purchase agreement between the Debtors and a purchaser to protect the information of the purchaser and the company whose stock was being sold).

The Bankruptcy Rules similarly authorize the Court to "make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018; *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y 2003) ("[T]he whole point of [Bankruptcy Rule 9018] is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Finally, Local Procedures require that a request for seal or redaction is tailored to the sealable materials. *New District Wide Procedures for Electronically Filing Sealed and Redacted Documents*.

   B. <u>The Tubbs Settlements and Aggregate Claim Amount Are Confidential Information Within the Scope of Section 107(b) of the Bankruptcy Code.</u>

Courts have defined confidential commercial information protected under section 107(b) of the Bankruptcy Code broadly to include information that could have a "chilling effect on negotiations, ultimately affecting the viability of Debtors." *In re Lomas Fin. Corp.*, No. 90 Civ. 7827 (LLS), 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991); *In re Borders Grp., Inc.*, 462 B.R. at 47 (same). Courts have additionally approved the redaction of information where doing so would preserve the value of the estate. *See In re A.G. Fin. Serv. Ctr., Inc.*, 395 F.3d 410, 416 (7th Cir. 2005) (protecting customer list, the release of which would have diminished the value of the estate); *In re*

*Georgetown Steel Co., LLC*, 306 B.R. 542, 547 (Bankr. D.S.C. 2004) (broadly considering relevant facts and circumstances outside the explicitly delineated factors under section 107(b) in approving motion to seal, including that public release of the protected information could severely undermine debtor's efforts to maximize value for creditors and could have severe repercussions for key employees); *cf. In re Lomas Fin. Corp.* 1991 WL 21231 at *2 (holding that defining "commercial information" as "only information that may give a debtor's competitors an unfair advantage" is "too narrow.").

With respect to settlement agreements in particular, the "criteria to be considered in determining whether confidentiality provisions in settlements justify keeping the substance of such settlements from public access must be flexible and vary according to the nature of the settlement and the specific extent and core-ness of the impact of the settlement on the bankruptcy case." *In re Hemple*, 295 B.R. 200, 202 (Bankr. D. Vt. 2003). Relevant facts to consider include "the necessity of the settlement to the viability of the bankruptcy case," "whether the creditors will clearly benefit from the settlement notwithstanding a lack of access to the specific terms of that settlement," "whether the debtor will suffer irreparable harm if the settlement is not filed under seal," and "whose interests are being protected by allowing the filing of the settlement agreement under seal and whether there is any negative impact either on the estate or in the treatment of other interested parties in the case." *Id.*

For example, in *In re Brahmacom, Inc.*, under a similar "confluence of circumstances" as here, the Court approved a motion to seal the terms of a settlement, where the settlement was with the Debtor's largest creditor, was case-determinative, benefitted creditors, and would not proceed absent confidentiality. No. 04-15243-RS, 2005 WL 3240584, at *1-2 (Bankr. D. Mass. June 3, 2005); *see also In re EPIC Assocs. V.*, 54 B.R. 445, 448 (Bankr. E.D. Va. 1985) (approving a motion to seal in a "highly unusual and extraordinary case" where disclosure of the protected information would have negatively impacted creditors); *In re Lomas Fin. Corp.* 1991 WL 21231 at *2.

The same circumstances that made protection of certain information appropriate in *Brahmacom* and *EPIC Assocs.* exist here. The confidentiality of the Tubbs Settlements and Aggregate Claim Amount is fundamental to the Tort Claimants RSA and the global settlement embodied therein. Maintaining the confidentiality of the Tubbs Settlements and the Aggregate Claim Amount as

provided in the Tort Claimants RSA will preserve and further the carefully negotiated resolution struck by the key constituencies in these Chapter 11 Cases, and in turn, the expeditious and successful conclusion of the Chapter 11 Cases and resolution of all Fire Victim Claims—an outcome which benefits all creditors.

As discussed above, the requirement to maintain the confidentiality of the Aggregate Claim Amount and the individual Tubbs Settlements are part of the global settlement embodied in the Tort Claimants RSA. The importance of maintaining confidentiality is underscored by the explicit requirement imposed by the Tort Claimants RSA, and agreed to by the TCC and representatives of individuals holding over 70% in number of the Fire Victim Claims, that the terms of the Tubbs Settlements would be "confidential and sealed" and "not be admissible or introduced into evidence for any purpose in any proceeding, including without limitation the Estimation Matters or in any other case or proceeding in or related to the Chapter 11 Cases." Tort Claimants RSA § 2(h). Notably no parties raised any objections to these requirements when the Tort Claimants RSA Motion was before this Court.

This provision was important to enable the parties to reach a resolution of the individual claims of the Tubbs Preference Claimants and to the ultimate dismissal of the Tubbs Cases. *See In re Lomas Fin. Corp.* 1991 WL 21231 at *2 (approving motion to seal plan of reorganization terms where disclosure would have a "chilling effect" on settlement negotiations). And, as stated, the Tubbs settlements are an integral element of the Tort Claimants RSA and the comprehensive settlement embodied therein. *See In re Brahmacom*, 2005 WL 3240584 at *2 (noting that sealing the settlement agreement would "facilitate the Debtor's reorganization, which would be significantly less viable if not wholly unachievable absent the [s]ettlement").

Furthermore, the relief requested in this Motion to Redact is entirely consistent with the Court's previously approved and entered Confidentiality and Protective Order, dated August 6, 2019 [Docket No. 3405], which permitted parties to designate as "highly confidential" or "professional eyes only" information that poses a material risk to the Debtors' development of a plan of reorganization or emergence from chapter 11. *Id.* at § 5.2. For all the reasons discussed herein and in the Tubbs Settlement Motion, disclosure of the highly sensitive and confidential information would

violate the terms of the Tort Claimants RSA and Tubbs Settlements, undermine the global resolution negotiated by the parties thereto, and be detrimental to the successful and timely administration of the Chapter 11 Cases.

The Debtors have tailored their redactions to the Tubbs Settlement Documents according to the Local Procedures, redacting only the Aggregate Claim Amount and the individual Tubbs Settlements, and propose to share unredacted copies of the Tubbs Settlement Documents only with the Permitted Parties on a confidential and "Professional Eyes Only" basis.

C. <u>Section 105(a) of the Bankruptcy Code Also Supports Protecting the Tubbs Settlements and Aggregate Claim Amount From Disclosure.</u>

Section 105(a) of the Bankruptcy Code provides, in relevant part: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable powers to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's estate. *See, e.g., In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."). As discussed above, the relief requested herein is warranted and appropriate. The Tubbs Settlements and the confidentiality thereof are an integral component of the global settlement encompassed in the Tort Claimants RSA. Disclosure of this confidential information would undermine the Tort Claimants RSA and the significant achievement that it represents.

IV. NOTICE

Notice of this Motion to Redact will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the TCC; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor-in-possession financing facilities; (xii) counsel to the Tubbs Preference Claimants; and (xiii) those persons who have formally appeared in these Chapter

11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: January 6, 2020

**WEIL, GOTSHAL & MANGES LLP**
**CRAVATH, SWAINE & MOORE LLP**
**KELLER & BENVENUTTI LLP**

 */s/ Jessica Liou*

Jessica Liou

*Attorneys for Debtors and Debtors in Possession*