| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>Stephen Karotkin (*pro hac vice*)<br>(stephen.karotkin@weil.com)<br>Ray C. Schrock, P.C. (*pro hac vice*)<br>(ray.schrock@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007 | CRAVATH, SWAINE & MOORE LLP<br>Paul H. Zumbro (*pro hac vice*)<br>(pzumbro@cravath.com)<br>Kevin J. Orsini (*pro hac vice*)<br>(korsini@cravath.com)<br>Omid H. Nasab (*pro hac vice*)<br>(onasab@cravath.com)<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel: 212 474 1000<br>Fax: 212 474 3700 |

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF KEVIN ORSINI IN SUPPORT OF DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 107(b) AND FED. R. BANKR. P. 9018 FOR ENTRY OF AN ORDER AUTHORIZING REDACTION AND SEALING OF CONFIDENTIAL INFORMATION FROM TUBBS SETTLEMENT DOCUMENTS**<br><br>[No Hearing Requested]<br><br>Related Document: Dkt. [XXXX] |

I, Kevin Orsini, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a partner at Cravath, Swaine & Moore, LLP, attorneys for PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**").

2. I submit this Declaration in support of the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 107(b) and Fed. R. Bankr. P. 9018 for Entry of an Order Authorizing Redaction and Sealing of Confidential Information from Tubbs Settlement Documents* (the "**Motion to Redact**"), filed contemporaneously herewith.[1] Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, information provided to me by the Debtors' employees, or my opinion based upon my knowledge and experience. I am authorized to submit this Declaration on behalf of the Debtors.

3. Upon their entry into that certain Restructuring Support Agreement, dated as of December 6, 2019 (as amended on December 16, 2019, the "**Tort Claimants RSA**"), the Debtors promptly entered into settlement discussions with the Tubbs Preference Claimants, in accordance with the terms thereof. The settlement discussions culminated in the Debtors and each of the Tubbs Preference Claimants entering into settlement agreements to resolve the Tubbs Cases and settle and liquidate the claims of the Tubbs Preference Claimants asserted against the Debtors.

4. Contemporaneously herewith, the Debtors have filed the Tubbs Settlement Motion and supporting Loduca Declaration seeking this Court's approval of the Tubbs Settlements a motion seeking to have the Tubbs Settlement Motion heard on an expedited basis at 10:00 a.m. (prevailing Pacific Time) on January 21, 2020.

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the *Debtors' Motion Pursuant to 11 U.S.C. §§ 363(b) and 105(b) and Fed. R. Bankr. P. 6004 and 9019 For Entry of an Order (i) Authorizing the Debtors to Settle the Claims of Tubbs Preference Claimants and (ii) Granting Related Relief* (the "**Tubbs Settlement Motion**") or the Motion to Redact, as applicable.

5.      The Tubbs Settlements and Aggregate Claim Amount (the cumulative settled amount of the claims of the Tubbs Preference Claimants, as defined in the Loduca Declaration) are highly sensitive and confidential information. As a result, the parties have agreed to keep the terms of the Tubbs Settlements and the Aggregate Claim Amount strictly confidential, providing limited access only to certain parties. This requirement to maintain confidentiality is embodied in the Tort Claimants RSA and the individual settlements with the Tubbs Preference Claimants.

6.      The Debtors and the Tubbs Preference Claimants have agreed that unredacted copies of the Tubbs Settlement Documents will be provided only to (i) this Court, (ii) counsel to the respective parties to the Tubbs Settlements, (iii) the professionals for the Creditors Committee and for the TCC, (iv) the United States Trustee for Region 17, and (v) any other party as otherwise permitted by the Tubbs Settlements (collectively, the "**Permitted Parties**") on a confidential and "Professional Eyes Only" basis.

7.      The Debtors have tailored their redactions to the Tubbs Settlement Documents according to the Local Procedures, redacting only the Aggregate Claim Amount and requesting authority to seal only the individual Tubbs Settlements.

8.      I believe the confidentiality of the Tubbs Settlements and Aggregate Claim Amount is fundamental to the Tort Claimants RSA and the global settlement embodied therein. Further, I believe maintaining the confidentiality of the Tubbs Settlements and the Aggregate Claim Amount as provided in the Tort Claimants RSA will preserve and further the carefully negotiated resolution struck by the key constituencies in these Chapter 11 Cases, and in turn, the expeditious and successful conclusion of the Chapter 11 Cases and resolution of all Fire Victim Claims—an outcome that will benefit all creditors.

9.      The importance of maintaining confidentiality is underscored by the explicit requirement imposed by the Tort Claimants RSA, and agreed to by the TCC and representatives of individuals holding over 70% in number of the Fire Victim Claims, that the terms of the Tubbs Settlements would be "confidential and sealed" and "not be admissible or introduced into evidence for any purpose in any proceeding, including without limitation the Estimation Matters or in any other case or proceeding in or related to the Chapter 11 Cases." Tort Claimants RSA § 2(h).

10. I believe section 2(h) of the Tort Claimants RSA, which requires, among other things, the terms of the Tubbs Settlements to be confidential and sealed, was important to enable the parties to reach a resolution of the individual claims of the Tubbs Preference Claimants and to the ultimate dismissal of the Tubbs Cases.

11. In my opinion, the relief requested in the Motion to Redact is consistent with the Court's previously approved and entered Confidentiality and Protective Order, dated August 6, 2019 [Docket No. 3405], which permitted parties to designate as "highly confidential" or "professional eyes only" information that poses a material risk to the Debtors' development of a plan of reorganization or emergence from chapter 11. *Id.* at § 5.2.

12. For all the reasons discussed herein, in the Motion to Redact, and in the Tubbs Settlement Motion, disclosure of the highly sensitive and confidential information would violate the terms of the Tort Claimants RSA and Tubbs Settlements, undermine the global resolution negotiated by the parties thereto, and be detrimental to the successful and timely administration of the Chapter 11 Cases.

1 | I declare under penalty of perjury that, to the best of my knowledge and after reasonable
2 | inquiry, the foregoing is true and correct and that this Declaration was executed in New York, NY, on
3 | January 6, 2020.

                     */s/ Kevin Orsini*
                         Kevin Orsini