| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>Stephen Karotkin (*pro hac vice*)<br>(stephen.karotkin@weil.com)<br>Ray C. Schrock, P.C. (*pro hac vice*)<br>(ray.schrock@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007 | CRAVATH, SWAINE & MOORE LLP<br>Paul H. Zumbro (*pro hac vice*)<br>(pzumbro@cravath.com)<br>Kevin J. Orsini (*pro hac vice*)<br>(korsini@cravath.com)<br>Omid H. Nasab (*pro hac vice*)<br>(onasab@cravath.com)<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel: 212 474 1000<br>Fax: 212 474 3700 |

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>***EX PARTE* MOTION OF DEBTORS PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 363(b) AND 105(a) AND FED. R. BANKR. P. 6004 AND 9019 FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO SETTLE THE CLAIMS OF TUBBS PREFERENCE CLAIMANTS AND (II) GRANTING RELATED RELIEF**<br><br>Related Document: Dkt. 5282<br><br>[No hearing requested] |

PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion to Shorten**"), pursuant to Rule 9006-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for entry of an order shortening time for a hearing on January 21, 2020, at 10:00 a.m. (prevailing Pacific Time), on the *Debtors' Motion Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 for Entry of an Order (i) Authorizing the Debtors to Settle the Claims of Tubbs Preference Claimants and (ii) Granting Related Relief* (the "**Tubbs Settlement Motion**"), filed contemporaneously herewith. The Debtors request that any responses or objections to the Tubbs Settlement Motion be in writing and filed with the Court and served by 4:00 p.m. (prevailing Pacific Time) on January 15, 2020.

In support of this Motion to Shorten, the Debtors submit the Declaration of Jessica Liou (the "**Liou Declaration**"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein will be uploaded contemporaneously herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. BACKGROUND

On January 29, 2019, the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an

Case: 19-30088    Doc# 5287    Filed: 01/06/20    Entered: 01/06/20 22:21:30    Page 2 of 7
WEIL:\97332683\1\67615.0014

Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**TCC**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

### III. RELIEF REQUESTED IN THE TUBBS SETTLEMENT MOTION[1]

The Tubbs Settlement Motion seeks entry of an order authorizing the Debtors to enter into the Tubbs Settlements with the Tubbs Preference Claimants. The Tubbs Settlements are an integral element and requirement of the Tort Claimants RSA, which was approved by the Court on December 17, 2019. The Tubbs Settlements settle and liquidate the claims of the Tubbs Preference Claimants by allowing each of the claims at the agreed-upon settlement amount reflected in the relevant agreement, as described in further detail in the Tubbs Settlement Motion. Each of the settled claims is to be channeled to, paid, and resolved solely by the Fire Victim Trust, in accordance with the terms and procedures of the Fire Victim Trust to be established pursuant to the Debtors' Amended Plan. Importantly, the Tubbs Settlements do not increase the consideration to be funded by the Debtors to the Fire Victim Trust under the Amended Plan.

Additionally, the Tubbs Settlements provide for the dismissal of the Tubbs Cases. Upon the effective date of the Tubbs Settlements, after Court approval, counsel for the Tubbs Preference Claimants will execute a request for dismissal, with prejudice, of the Tubbs Cases and deliver the executed request to the Debtors, which the Debtors will file with the State Court.

### IV. SHORTENING TIME FOR HEARING ON THE TUBBS SETTLEMENT MOTION IS WARRANTED

Pursuant to Bankruptcy Local Rule 9014-1(b)(3)(A), a hearing on the Tubbs Settlement Motion requires twenty-one (21) days' notice of an opportunity for a hearing.

---

[1] Capitalized terms used but not herein defined shall have the meanings ascribed to them in the Tubbs Settlement Motion or the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated December 12, 2019* [Docket No. 5101] (the "**Amended Plan**"), as applicable.

Bankruptcy Local Rule 9006-1(a) provides that, except as set forth therein, "approval of the Court is required to enlarge or to shorten time to perform any act or file any paper pursuant to the Federal Rules of Civil Procedures, the Bankruptcy Rules, or these Bankruptcy Local Rules." B.L.R. 9006-1(a).

On December 9, 2019, the Debtors filed a motion seeking approval of the Tort Claimants RSA (the "**Tort Claimants RSA Motion**") and a motion seeking a hearing on the Tort Claimants RSA Motion on shortened notice. On December 10, 2019, the Court granted the Debtors' motion to hear the Tort Claimants RSA Motion on shortened notice. A week later, on December 17, 2019, the Court held a hearing to consider the Tort Claimants RSA Motion and approved the Tort Claimants RSA. The Court issued a formal order authorizing the Debtors to enter into the Tort Claimants RSA and approving the terms of the Tort Claimants RSA on December 19, 2019 [Docket No. 5174].

As discussed in the Tort Claimants RSA Motion and the Tubbs Settlement Motion, the Tort Claimants RSA represents a monumental step in these Chapter 11 Cases and incorporates the terms of a comprehensive, carefully negotiated settlement, of which an integral component is the resolution of the pending wildfire claims estimation proceedings before the District Court for the Northern District of California and, relatedly, the state court cases of the Tubbs Preference Claimants (the "**Tubbs Cases**"). Indeed, parties negotiated express language in the Tort Claimants RSA requiring the Debtors to "*promptly*" enter into settlement discussions with the Tubbs Preference Claimants, to settle the claims, and, once settled, requiring the Debtors "file a motion with the Bankruptcy Court *on shortened notice* seeking approval of the [Tubbs Settlements]." Tort Claimants RSA §§ 2(a), (h) (emphasis added). Absent the Tort Claimants RSA and a satisfactory resolution of the Tubbs Cases as required therein, a jury trial in the Tubbs Cases was set to begin imminently, with jury selection scheduled for January 7, 2020.

Consistent with their obligations under the Tort Claimants RSA, upon its execution, the Debtors promptly entered into settlement discussions with the Tubbs Preference Claimants, which culminated in the Debtors and each of the Tubbs Preference Claimants entering into settlement agreements to resolve the Tubbs Cases and the claims asserted against the Debtors. In
Case: 19-30088    Doc# 5287    Filed: 01/06/20    Entered: 01/06/20 22:21:30    Page 4 of 7

further compliance with their obligations under the Tort Claimants RSA, the Debtors now seek shortened notice of the Tubbs Settlement Motion.

The Debtors respectfully submit that shortening the notice period by six (6) days is necessary to provide certainty to all parties as soon as possible regarding whether the Tubbs Cases are fully resolved, as provided in the Tort Claimants RSA. To the extent the Tubbs Settlements are not approved by this Court, the parties will need to immediately redeploy substantial resources to prepare for a costly and time-consuming trial. As noted in the Loduca Declaration, the Tubbs Cases involve 18 different damage claims and 50 individual claimants. Loduca Decl. at ¶12. Fact and expert discovery has not yet been completed and the parties anticipated an 8-week trial. *Id.* On the other hand, prompt approval of the Tubbs Settlements as provided in the Tort Claimants RSA will allow the Debtors to expedite the chapter 11 plan confirmation timeline, their successful emergence from chapter 11, and distributions to fire victims. Shortening time for a hearing on the Tubbs Settlement Motion will save the Debtors and their estates significant time and attorneys' fees that would otherwise be devoted to preparing for the contingency of a Tubbs jury trial, and allow the Debtors and their professionals to turn their full efforts toward expeditiously confirming the Debtors' Amended Plan well within the deadline established by AB 1054.

Most recently, this Court granted an expedited hearing to consider the Tort Claimants RSA Motion for substantially the same reasons. *See* Docket Nos. 5040, 5046. Expedited consideration of the Tubbs Settlement Motion is likewise warranted.

Based on the foregoing, the Debtors request that notice be shortened to permit the Tubbs Settlement Motion to be heard on January 21, 2020, at 10:00 a.m. (prevailing Pacific Time), and for written objections, if any, to be filed and served by 4:00 p.m. (prevailing Pacific Time) on January 15, 2020. As stated in the Liou Declaration, the Debtors previewed the relief requested in this Motion to Shorten with the TCC and the TCC consents to the relief sought herein. The Debtors also sought consent from the U.S. Trustee and Creditors Committee to the relief requested in this Motion to Shorten, however, the U.S. Trustee and Creditors Committee have not yet provided their consent. In view of the foregoing, the Debtors believe more than ample cause exists to grant the relief requested herein.

## V. NOTICE

Notice of this Motion to Shorten will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the TCC; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; (xii) Counsel for the Tubbs Preference Claimants; and (xiii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: January 6, 2020

**WEIL, GOTSHAL & MANGES LLP**
**CRAVATH SWAINE & MOORE LLP**
**KELLER & BENVENUTTI LLP**

/s/ *Jessica Liou*
　　　Jessica Liou

*Attorneys for Debtors and Debtors in Possession*