# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                   Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**STIPULATED AMENDMENT TO FIRST INTERIM FEE APPLICATION OF DEVELOPMENT SPECIALISTS, INC. FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES (MARCH 20, 2019 THROUGH JULY 31, 2019)**<br><br>Date: January 29, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102<br>Judge: Hon. Dennis Montali<br><br>**OBJECTION DATE**:<br>January 22, 2019 |

## SUMMARY OF STIPULATED
## AMENDMENT[1] TO FIRST INTERIM FEE APPLICATION

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Paid Fees | Paid Expenses | Holdback Fees Requested |
|---|---|---|---|---|---|---|
| 08/09/2019 (Doc 3486) | 03/20/2019 - 05/31/2019 | $ 380,479.00 | $ 12,662.69 | $ 304,383.20 | $ 12,662.69 | $ 76,095.80 |
| 09/20/2019 (Doc 3955) | 06/01/2019 - 06/30/2019 | 303,452.25 | 13,155.97 | 242,761.80 | 13,155.97 | 60,690.45 |
| 10/15/2019 (Doc 4209) | 07/01/2019 - 07/31/2019 | 406,567.75 | 7,589.23 | 325,254.20 | 7,589.23 | 81,313.55 |
| | | $ 1,090,499.00 | $ 33,407.89 | $ 872,399.20 | $ 33,407.89 | $218,099.80 * |

<u>Objections to Monthly Fee Statements:</u> No objections have been filed regarding the First, Second or Third Monthly Fee Statements.

*<u>Holdback Amount Requested by Applicant:</u> $218,099.80 <u>minus</u> a reduction in fees and expenses as agreed to by the Applicant and the Fee Examiner in the amount of $55,000.00 for a total request of $163,099.80.

<u>Fee Examiner Waives Objection to First Interim Application:</u> In exchange for the reductions agreed to by the Applicant, the Fee Examiner waives any further objection to the First Interim Fee Application and preserves his right to object to the final fee application.

---

[1] This Stipulated Amendment is being filed to reflect a reduction to the amount sought for fees and expenses in Applicant's First Interim Fee Application of $55,000.00 as well as acknowledging the fees for non-working travel time pursuant to the 2 hour cap provided in the existing Local Rules and Court Guidelines and the order approving the Fee Examiner's procedures entered on November 15, 2019 [Docket No. 4770] are in compliance as part of this reduction.

**STIPULATED AMENDMENT TO FIRST INTERIM APLICATION OF DEVELOPMENT SPECIALISTS, INC. FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MARCH 20, 2019 THROUGH JULY 31, 2019.**

Development Specialists, Inc. ("**DSI**" or the "**Applicant**"), a financial advisor for the Official Committee of Tort Claimants (the "**Tort Committee**"), representing the largest group of stakeholders in the jointly administered bankruptcy cases (the "**Chapter 11 Cases**") of PG&E Corporation and Pacific Gas and Electric Company (the "**Debtors**"), hereby submits its *Stipulated Amendment to First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period March 20, 2019 through July 31, 2019* (the "**Amendment**") for allowance and payment of compensation for professional services rendered, and for allowance and reimbursement of actual and necessary expenses incurred for the period commencing March 20, 2019 through and including July 31, 2019 (the "**Compensation Period**") pursuant to the Order Pursuant to 11 U.S.C §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals dated February 27, 2019 Dkt. No. 701 (the "**Interim Compensation Procedures Order**"), sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* (the "**Northern District Guidelines**"), the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330* (the "**UST Guidelines**") and the Local Bankruptcy Rules for the Northern District of California.

The Amendment seeks interim approval of $1,068,906.89 in total compensation and reimbursement of expenses, consisting of $1,090,499.00 in compensation and $33,407.89 in expenses <u>minus</u> a reduction in fees and expenses in the amount of $55,000.00 as agreed upon by the Applicant and the Fee Examiner. The Amendment would reduce the 20% holdback amount of $218,099.80 due to Applicant by $55,000.00 (as evidenced by the Declaration of Bradley D. Sharp, attached hereto as **Exhibit A**) for a total holdback amount due of **$163,099.80**.

## BACKGROUND AND BASIS FOR AMENDMENT

### A. The Debtors Bankruptcy Proceedings

On January 29, 2019, the Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code.

On February 15, 2019, the Office of the United States Trustee ("U.S. Trustee") filed an Appointment of the Official Committee of Tort Claimants [Doc. No. 453]. Following the resignation of Richard Heffern from the original committee and the addition of Tommy Wehe, on February 21, 2019, the U.S. Trustee filed the Amended Appointment of the Official Committee of Tort Claimants [Doc. No. 530]. The members of the TCC are: (i) GER Hospitality, LLC, in its capacity as an individual claimant; (ii) Kirk Trostle; (iii) Tommy Wehe; (iv) Angelo Loo; (v) Karen K. Gowins; (vi) Agajanian, Inc.; (vii) Susan Slocum; (viii) Samuel Maxwell; (ix) Karen M. Lockhart; (x) Wagner Family Wines-Caymus Vineyards; and (xi) Gregory Wilson. The TCC conducted a meeting on February 15, 2019, at which all members were present, and appointed Karen M. Lockhart as Chairperson.

### B. The TCC Retention of Development Specialists, Inc.

On April 15, 2019, the TCC filed the *Application of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. Section 1103 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Development Specialists, Inc. as a Financial Advisor Effective as of March 20, 2019* (Doc. 1461)(the "DSI Application") and modified in the *Supplement to the Applications of the Official Committee of Tort Claimants to Retain and Employ Lincoln Partners Advisors LLC and Development Specialists, Inc. As Its Financial Advisors* (Doc 1837) DSI agreed to provide the following categories of professional services to the TCC:

i. Advising the Committee and its counsel regarding the tort claims process, filing and processing of tort claims and estimation of tort claims,

ii. Monitor developments in the Debtors' case and assist counsel,

iii. Claims management,

  iv. Advise the Committee with respect to formulation of a plan and disclosure statement, as well as plan feasibility matters that involve the foregoing,

  v. Participate in meetings/calls with the Debtors, creditors, other committees, the US Trustee, and other parties in interest and professionals hired by the same, as requested and

  vi. Perform such other tasks as may be agreed to by DSI and directed by the Committee or order of any Court having jurisdiction over the Committee.

On May 10, 2019, the Court entered the *Order Approving the Application of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. Section 1103 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Development Specialists, Inc. as A Financial Advisor Effective as of March 20, 2019* (Doc. 1977) (the "**Retention Order**").

On May 28, 2019, the Court entered an order appointing Bruce A. Markell as fee examiner ("**Fee Examiner**") in the Bankruptcy Cases. [Docket No. 2267]. DSI has communicated with the Fee Examiner and has supplied information to the Fee Examiner as requested and necessary for the Fee Examiner to evaluate the reasonableness of the compensation sought in this Application.

On November 14, 2019, (the "**Application Date**"), Applicant filed its *First Interim Fee Application of Development Specialists, Inc. for Allowance and Payment of Compensation and Reimbursement of Expenses (March 20, 2019 through July 31, 2019)* [Docket No. 4731] (the "**First Interim Fee Application**").

On December 8, 2019, the Fee Examiner served its *Initial Report of the Fee Examiner* ("**Initial Report**") which provided the initial conclusions and finding of the Fee Examiner concerning Applicant's First Interim Fee Application.

On December 18, 2019, the Court entered *Amended Order Granting Fee Examiner's Motion to Approve Fee Procedures* [Docket No. 5168].

Since December 8, 2019, the Applicant, the Fee Examiner, and Mr. Scott McNutt ("**McNutt**"), the attorney for the Fee Examiner, have been involved in multiple discussions regarding the First Interim Fee Application and the Initial Report. These discussions were productive and led to an agreement between the Applicant, the Fee Examiner, and McNutt, that

Applicant would reduce the holdback amount due from the First Interim Application by a total of $55,000.00.

Applicant reviewed the fees for non-working travel pursuant to the order approving the Fee Examiner's procedures entered on November 15, 2019 [Docket No. 4770] and amended on December 18, 2019 [Docket No. 5158] (which were entered subsequent to the filing of the First Interim Fee Application) authorizing a two-hour allowance for non-working travel. In the First Interim Fee Application, Applicant billed these fees at the full time incurred, but at 50% of the normal rate. Applicant reviewed the non-working travel fees and determined that if Applicant were to adjust these entries to the two-hour allowance, but at its full billing rate, it would result in an increase of fees due to Applicant of approximately $15,000. Applicant has agreed to forego these increased fees and the Fee Examiner has agreed that the Applicant is in compliance with the order regarding non-working travel fees.

An agreed proposed form of order is attached hereto as **Exhibit B**. The Fee Examiner agrees to entry of this order.

In exchange for the reductions by the Applicant, the Fee Examiner waives any further objection to the First Interim Fee Application and preserves his right to object to DSI's final fee application.

WHEREFORE, Applicant respectfully seeks entry of an order substantially in the form attached hereto as **Exhibit B**:

1. Awarding interim allowance of compensation during the Application Period in the total amount of **$1,068,906.89**, consisting of $1,090,499.00 in compensation and $33,407.89 in expenses minus a reduction in fees and expenses in the amount of $55,000.00 as agreed upon by the Applicant and the Fee Examiner.

2. Authorizing and directing the Debtors to make prompt payment to DSI of the total amount of **$163,099.80**, representing the 20% holdback of fees in the amount of $218,099.80 minus the reduction in fees and expenses in the amount of $55,000.00 as agreed upon by the Applicant and the Fee Examiner.

3. Granting such other and further relief as the Court may deem just and proper.

Dated: January  6 , 2020                Respectfully submitted,

_____
**Bradley D. Sharp**

Development Specialists, Inc.

Financial Advisors to the Official Committee of Tort Claimants

Agreed and Approved

*/s/ Scott H. McNutt*
_____
Counsel to the Fee Examiner

# EXHIBIT A
# CERTIFICATION

I, Bradley D. Sharp, certify as follows:

The following facts are personally known to me, and if called to do so, I could and would competently testify thereto.

1. I am President and CEO of Development Specialists, Inc. ("DSI"). I submit this certification in support of the *Stipulated Amendment to First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period March 20, 2019 through July 31, 2019* (the "**Amendment**").

2. I have personally reviewed the information contained in the Amendment and believe its contents to be true to the best of my knowledge, information and belief.

3. The compensation and expense reimbursement sought in this Amendment, to the best of my knowledge, information and belief, after reasonable inquiry, is in conformity with sections 330, 331, and 1103 of title 11, United States Code; Rule 2016 of the Federal Rules of Bankruptcy Procedure; the Local Rules for the United States Bankruptcy Court for the Northern District of California; the *Order Pursuant to 11 U.S.C §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, entered on February 27, 2019; the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013; and the *Guidelines for Compensation and Expense Reimbursement of Professional and Trustees*, promulgated pursuant to Local Rule 9029-1, governing the narrative portion of fee applications, effective February 19, 2014; the revised Fee Examiner Protocol filed on October 24, 2019 (the "**Revised Protocol**") [Docket No. 4473] as approved by the Court on November 15, 2019 [Docket No. 4770] and *Amended Order Granting Fee Examiner's Motion to Approve Fee Procedures* [Docket No. 5168] (collectively, the "**Guidelines**"

4. The compensation and expense reimbursement requested in this Application are billed

at rates, in accordance with practices, no less favorable than those customarily employed by DSI and generally accepted by DSI's clients.

5.  As stated in the Amendment, since December 8, 2019, DSI, the Fee Examiner, and Mr. Scott McNutt ("**McNutt**"), the attorney for the Fee Examiner, have been involved in multiple discussions regarding the First Interim Fee Application and the Initial Report. These discussions have been productive and led to an agreement between DSI, the Fee Examiner, and McNutt, that DSI would reduce the holdback amount due from the First Interim Application by a total of $55,000.00.

Date: January  6 , 2020

_____
**Bradley D. Sharp**

Development Specialists, Inc.

Financial Advisors to the Official Committee of Tort Claimants

# EXHIBIT B

# PROPOSED ORDER

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                              Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**ORDER GRANTING FIRST INTERIM FEE APPLICATION OF DEVELOPMENT SPECIALISTS, INC. FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES (MARCH 20, 2019 THROUGH JULY 31, 2019)** |

**THIS MATTER** came before the Court upon consideration of the *First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period March 20, 2019 through July 31, 2019* [Docket No. 4731] (the "**First Interim Application**") and the *Stipulated Amendment to First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period March 20, 2019 through July 31, 2019* [Docket No. XXXX] (the "**Amendment**") filed by Development Specialists, Inc. ("**DSI**"), financial advisors for the Official Committee of Tort Claimants ("**TCC**"). Based upon the Court's review and consideration of the First Interim Application and the Amendment, the certification in support thereof, and the other records and pleadings filed in the above-captioned chapter 11 cases,

**THE COURT HEREBY FINDS** that notice of and opportunity for a hearing on the First Interim Application and Amendment was duly given and that such notice was appropriate and sufficient under the particular circumstances. It appears to the Court that good cause exists for interim approval of the fees and expenses requested by Baker in the First Interim Application and Amendment, pursuant to section 330 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2016. The Court further finds that the fees and expenses requested in the First Interim Application, as modified by the Amendment, are reasonable and have been earned.

**THEREFORE, IT IS HEREBY ORDERED:**

1. The First Interim Application and Amendment are approved on an interim basis as reflected herein:

2. DSI is awarded an interim allowance of compensation during the Application Period in a total amount of **$1,068,906.89**, consisting of $1,090,499.00 in compensation and $33,407.89 in expenses <u>minus</u> a reduction in fees and expenses in the amount of $55,000.00 as agreed upon by the Applicant and the Fee Examiner.

3. The Debtors are authorized and directed to make prompt payment to DSI the total amount of **$163,099.80**, representing the 20% holdback of fees in the amount of $218,099.80 minus the reduction in fees and expenses in the amount of $55,000.00 as agreed upon by the Applicant and the Fee Examiner.

4. In exchange for the reductions agreed to by the Applicant, the Fee Examiner waives

any further objection to the First Interim Fee Application and preserves his right to object to DSI's final fee application.

5. The Court retains jurisdiction over any issues or disputes arising out of or relating to this Order.

**\*\*\* END ORDER \*\*\***

**Notice Parties**

| | |
|---|---|
| PG&E Corporation<br>c/o Pacific Gas & Electric Company<br>Attn: Janet Loduca, Esq.<br>77 Beale Street<br>San Francisco, CA 94105 | Keller & Benvenutti LLP<br>Attn: Tobias S. Keller, Esq.<br>         Jane Kim, Esq.<br>650 California Street, Suite 1900<br>San Francisco, CA 94108 |
| The Office of the United States Trustee for Region 17<br>Attn: James L. Snyder, Esq.<br>         Timothy Laffredi, Esq.<br>450 Golden Gate Avenue, 5th Floor, Suite #05-0153<br>San Francisco, CA 94102 | Milbank LLP<br>Attn: Dennis F. Dunne, Esq.<br>         Sam A. Khalil, Esq.<br>55 Hudson Yards<br>New York, NY 10001-2163 |
| Milbank LLP<br>Attn: Paul S. Aronzon, Esq.<br>         Gregory A. Bray, Esq.<br>         Thomas R. Kreller, Esq.<br>2029 Century Park East, 33rd Floor<br>Los Angeles, CA 90067 | Weil, Gotshal & Manges LLP<br>Attn: Stephen Karotkin, Esq.<br>         Jessica Liou, Esq.<br>         Matthew Goren, Esq.<br>767 Fifth Avenue<br>New York, NY 10153-0119 |
| Bruce A. Markell<br>Fee Examiner<br>541 N. Fairbanks Court Suite 2200<br>Chicago, IL 60611-3710 | Scott H. McNutt<br>Attorney for the Fee Examiner<br>324 Warren Road<br>San Mateo, CA 94402 |