**WEIL, GOTSHAL & MANGES LLP**
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Theodore Tsekerides (pro hac vice)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)|
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

**KELLER & BENVENUTTI LLP**
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**MOTION PURSUANT TO 11 U.S.C. § 362(d) AND FED. R. BANKR. P. 4001(d) TO APPROVE STIPULATION BETWEEN PACIFIC GAS AND ELECTRIC COMPANY AND GARY GEORGE BEYROUTI AND DARYL J. SPREITER FOR LIMITED RELIEF FROM THE AUTOMATIC STAY**<br><br>**Objection Deadline**: January 31, 2020<br>4:00 pm (Pacific Time)<br><br>**No hearing requested absent timely objection. If timely objection is filed, hearing reserved for:**<br><br>Date: February 26, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

PG&E Corporation and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (each, a "**Debtor**," and collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to section 362(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 4001(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 4001-1 and 9014-1(b)(3) of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for approval of an automatic stay modification agreement between the Utility and Gary George Beyrouti, Trustee of Gary George Beyrouti Revocable Trust, Dated December 10, 2003 ("**Beyrouti**") and Daryl J. Spreiter, Trustee of the Daryl J. Spreiter Revocable Trust Dated February 6, 2006 ("**Spreiter**," and, together with Beyrouti, the "**Landowners**"), as embodied in the *Stipulation Between Debtor Pacific Gas and Electric Company and Gary George Beyrouti and Daryl J. Spreiter for Limited Relief from the Automatic Stay* (the "**Stipulation**"), a true copy of which is attached as **Exhibit A**, by issuance of an order in the form attached hereto as **Exhibit B** (the "**Proposed Order**"). The Stipulation and the Proposed Order modify the automatic stay to permit the Utility to file an answer and cross-complaint in the State Court Action (as defined herein). In support of the Motion, the Debtors submit the Declaration of Cesar V. Alegria, Jr. (the "**Alegria Declaration**"), filed contemporaneously herewith.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**," and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

## III. THE STIPULATION

On November 15, 2019, the Landowners filed *Beyrouti v. Pacific Gas and Electric Company*, Case No. SCV265541 (the "**State Court Action**") in the Superior Court of California, County of Sonoma (the "**State Court**"). The State Court Action arises out of the Utility's plan to replace an overhead electrical transmission line and install two new poles on property owned by the Landowners at 11140 Canyon Road, Forestville, California, APN No. 081-180-023 (the "**Property**"). The Utility asserts that it has an unrecorded easement on the Property (the "**Easement**") that permits the Utility to perform the work it plans to do. It also asserts that the filing by the Landowners of the State Court

Action violates the automatic stay under section 362(a) of the Bankruptcy Code. The Landowners disagree with both assertions.

Through the State Court Action, the Landowners seek a determination that the Utility does not have the Easement. They allege causes of action against the Utility for Quiet Title, Declaratory Relief, and Injunctive Relief. The Landowners do not seek money damages in the State Court Action. The Utility intends to file an answer and cross-complaint in the State Court Action to secure a determination regarding its rights with respect to the Easement. Such a determination is essential to permit the Utility to proceed with replacing the overhead electrical transmission line and installing the two new poles on the Property, both of which are necessary for the safe and efficient operation of the Utility's electricity transmission system.

Pursuant to the Stipulation, within five days of entry of an order approving the Stipulation, the Utility will file an answer and cross-complaint in the State Court Action. No damages or other monetary relief may be sought against the Utility, other than as compensation to the Landowners ancillary to and as a condition of equitable relief awarded to the Utility, provided that the determination of the amount of such compensation shall not delay the Utility's right to enforce any equitable relief awarded to it by the State Court. The automatic stay shall remain in effect as to any judgment that might be obtained against the Utility, and no such judgment shall be enforced without further relief from the automatic stay.

### IV. BASIS FOR RELIEF REQUESTED

Limited relief from the automatic stay as provided in the Stipulation is appropriate under section 362 of the Bankruptcy Code. Section 362(d)(1) authorizes a court to modify or terminate the stay for "cause." The definition of "cause" for purposes of granting relief from stay "has no clear definition and is determined on a case-by-case basis." *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990) (citation omitted). In determining whether such cause exists to permit an action to proceed in a non-bankruptcy forum, courts analyze the twelve factors set forth in *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984);[1] *see also Kronemyer v. Am.*

---

[1] The twelve *Curtis* factors are: (1) whether the relief will result in partial or complete resolution of issues; (2) the lack of any connection with or interference with the bankruptcy case; (3) whether the

*Contrs. Indem. Co. (In re Kronemyer)*, 405 B.R. 915, 921 (B.A.P. 9th Cir. 2009) ("We agree that the *Curtis* factors are appropriate, nonexclusive, factors to consider in deciding whether to grant relief from the automatic stay to allow pending litigation to continue in another forum.").

The applicable *Curtis* factors weigh heavily in favor of lifting the stay in the State Court Action. First and foremost, determining the Utility's rights under the Easement is important from a public safety perspective, so that the Utility can move forward with the replacement of the overhead electrical transmission line and the installation of two new poles on the Property as soon as possible. Such a determination also implicates the Utility's business operations. Accordingly, it is desirable that the Utility avoid protracted litigation in this Court over the scope and effect of the automatic stay.

Allowing the State Court Action to proceed will not prejudice the Debtors' estates or other creditors. To the contrary, litigating the entire State Court Action will save the estates time and money: the Landowners' complaint and the answer and cross-complaint the Utility will file pursuant to the Stipulation relate to the same underlying issues and will involve the same or similar discovery and motion practice. It would be inefficient to litigate only the Utility's claims now and to litigate the Landowners' claims separately, whether in this Court or the State Court. The Debtors seek to avoid the time and expense associated with a contested motion for relief from the stay which, absent the Stipulation, the Landowners could be expected to bring. For these reasons, the Stipulation provides material benefits to the Debtors and their estates at little cost, has been authorized by the Debtors in the exercise of their business judgment, and is in the best interest of the Debtors, their estates, and their creditors.

---

foreign proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal has been established to hear the particular cause of action and whether the tribunal has expertise to hear such cases; (5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (6) whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question; (7) whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties; (8) whether the judgment claim arising from the foreign action is subject to equitable subordination; (9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under section 522(f); (10) the interests of judicial economy and the expeditious and economical determination of litigation for the parties; (11) whether the foreign proceedings have progressed to a point where the parties are prepared for trial; and (12) the impact of the stay and the "balance of hurt."

## V. NOTICE

Notice of motions to approve agreements to modify or terminate the automatic stay is governed by Bankruptcy Rule 4001(d)(1)(C), Bankruptcy Local Rule 9014-1(b)(3), and the *Second Amended Order Implementing Certain Notice and Case Management Procedures* entered by this Court on May 13, 2019 [Docket No. 1996].

Bankruptcy Rule 4001(d)(1)(C) specifies that notice of a motion such as this must be served on any official committee and on any other entity that the Court directs. Notice here will be given much more broadly than as required by that Rule: notice of this Motion will be provided to (1) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (2) counsel to the Creditors Committee; (3) counsel to Tort Claimants Committee; (4) the Securities and Exchange Commission; (5) the Internal Revenue Service; (6) the Office of the California Attorney General; (7) the California Public Utilities Commission; (8) the Nuclear Regulatory Commission; (9) the Federal Energy Regulatory Commission; (10) the Office of the United States Attorney for the Northern District of California; (11) counsel for the agent under the Debtors' debtor in possession financing facility; and (12) counsel for the Landowners; and (13) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002, or who, by virtue of their counsel being registered electronic filers in this District, automatically receive this and other papers through the Court's ECF system. The Debtor respectfully submits that no further notice is required. No previous request for the relief sought herein has been made by the Debtor to this or any other court.

**WHEREFORE,** the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: January 10, 2020

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: */s/ Peter J. Benvenutti*
      Peter J. Benvenutti

*Attorneys for Debtors and Debtors in Possession*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119