# EXHIBIT A

**WEIL, GOTSHAL & MANGES LLP**
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
New York, NY 10153-0119
Tel:   (212) 310-8000
Fax:   (212) 310-8007

**KELLER & BENVENUTTI LLP**
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel:   (415) 496-6723
Fax:   (415) 636-9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>* *All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**STIPULATION BETWEEN DEBTOR PACIFIC GAS AND ELECTRIC COMPANY AND GARY GEORGE BEYROUTI AND DARYL J. SPREITER FOR LIMITED RELIEF FROM THE AUTOMATIC STAY** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

This stipulation (the "**Stipulation**") is entered into by and between Pacific Gas and Electric Company (the "**Utility**" or the "**Debtor**"), as debtor and debtor in possession, and Gary George Beyrouti, Trustee of the Gary George Beyrouti Revocable Trust, Dated December 10, 2003 ("**Beyrouti**") and Daryl J. Spreiter, Trustee of the Daryl J. Spreiter Revocable Trust Dated February 6, 2006 ("**Spreiter**," and, together with Beyrouti, the "**Landowners**"). The Debtor and the Landowners are referred to in this Stipulation collectively as the "**Parties**," and each as a "**Party**." The Parties hereby stipulate and agree as follows:

## RECITALS

A. The Debtor and its parent, PG&E Corporation (collectively with the Utility, the "**Debtors**"), filed these Chapter 11 Cases on January 29, 2019 (the "**Petition Date**").

B. On November 15, 2019, the Landowners filed *Beyrouti v. Pacific Gas and Electric Company*, Case No. SCV265541 (the "**State Court Action**") in the Superior Court of California, County of Sonoma (the "**State Court**").

C. The State Court Action arises out of the Utility's plan to replace an overhead electrical transmission line and install two new poles on property owned by the Landowners at 11140 Canyon Road, Forestville, California, APN No. 081-180-023 (the "**Property**"). The Utility asserts that it has an easement on the Property that allows the Utility to perform the work it plans to do.

D. In the State Court Action, the Landowners seek a determination that the Utility does not have an easement on the Property, alleging causes of action against the Utility for Quiet Title, Declaratory Relief, and Injunctive Relief. The Landowners do not seek money damages in the State Court Action.

E. The Debtors assert that the filing of the State Court Action constitutes a violation of the automatic stay under 11 U.S.C. § 362(a). The Landowners assert that it is not a violation of the automatic stay.

F. The Utility asserts that a prompt and efficient resolution of the underlying property issues in the State Court Action is essential to its operations and public safety, and therefore seeks

to avoid protracted litigation in this Court over the scope of the automatic stay, which would likely ensue absent this stipulation.

**NOW, THEREFORE, IT HEREBY IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT:**

1. This Stipulation shall be effective upon entry of an order by this Court approving it.

2. When this Stipulation becomes effective, the automatic stay shall immediately be modified to the extent necessary to allow the State Court Action to proceed through judgment as provided here.

3. The Utility agrees to file an answer and cross-complaint in the State Court Action to enforce its easement and other rights in the Property on or before the date that is five (5) business days after the entry of an order approving this Stipulation. The Landowners agree that the time for the Utility to file an answer and cross-complaint in the State Court Action be extended accordingly.

4. Until the order approving the Stipulation has been entered, neither party shall initiate any action in the State Court Action, except that the Landowners may:

    a. File a notice with the State Court advising it of the Stipulation and the situation with respect to the automatic stay; and

    b. Respond to demands or requests from the State Court for information concerning the status of the case. In any such instance, the Landowners shall seek the Utility's input to make the form and content of such notice or response reasonably acceptable to the Utility. The Landowners shall retain sole authority over and responsibility for any such filing.

5. No damages or other monetary relief may be sought against the Utility other than as compensation to Landowners ancillary to and as a condition of equitable relief awarded to the Utility; provided that the determination of the amount of such compensation shall not delay

the Utility's right to enforce any equitable relief awarded to it by the State Court. The automatic stay shall remain in effect as to any judgment that might be obtained against the Utility, and no such judgment shall be enforced without further relief from the automatic stay.

6. The automatic stay shall remain in place for all other purposes.

Dated: January 10, 2020

WEIL, GOTSHAL & MANGES LLP
KELLER & BENVENUTTI LLP

/s/ 
Peter J. Benvenutti

*Attorneys for Debtors
and Debtors in Possession*

Dated: January 6, 2020

FIDELITY NATIONAL LAW GROUP,
THE LAW DIVISION OF FIDELITY
NATIONAL TITLE GROUP, INC.

Ethan Friedman

*Attorneys for Gary George Beyrouti, Trustee of the Gary George Beyrouti Revocable Trust, Dated December 10, 2003, and Daryl J. Spreiter, Trustee of the Daryl J. Spreiter Revocable Trust, Dated February 6, 2006*