# EXHIBIT B

**WEIL, GOTSHAL & MANGES LLP**
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)|
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

**KELLER & BENVENUTTI LLP**
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☑ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**[PROPOSED] ORDER APPROVING STIPULATION BETWEEN PACIFIC GAS AND ELECTRIC COMPANY AND GARY GEORGE BEYROUTI AND DARYL J. SPREITER FOR LIMITED RELIEF FROM THE AUTOMATIC STAY** |

Upon the Motion, dated January 10, 2020 (the "Motion")[1] of PG&E Corporation and Pacific Gas and Electric Company (the "**Utility**") as debtors and debtors in possession (each, a "**Debtor**," and collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to section 362(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 4001(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 4001-1 and 9014-1(b)(3) of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Local Rules**") to approve the *Stipulation Between Debtor Pacific Gas and Electric Company and Gary George Beyrouti and Daryl J. Spreiter for Limited Relief from the Automatic Stay* (the "**Stipulation**"), all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion and the Declaration of Cesar Alegria establish just cause for the relief sought; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Stipulation is approved, and the automatic stay is modified effective immediately to the extent necessary to allow the State Court Action to proceed through judgment as provided below:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

a. The Utility may file an answer and cross-complaint in the State Court Action to enforce the Easement and other rights in the Property on or before the date that is five (5) business days after the entry of this Order. The Landowners have consented to a corresponding extension of time for the Utility to file an answer and cross-complaint in the State Court Action.

b. No damages or other monetary relief may be sought against the Utility other than as compensation to Landowners ancillary to and as a condition of equitable relief awarded to the Utility; provided that the determination of the amount of such compensation shall not delay the Utility's right to enforce any equitable relief awarded to it by the State Court. The automatic stay shall remain in effect as to any judgment that might be obtained against the Utility, and no such judgment shall be enforced without further relief from the automatic stay.

2. The automatic stay shall remain in place for all other purposes.

3. This Court retains jurisdiction to resolve any disputes or controversies arising from this Order or the Stipulation.

* * * END OF ORDER * * *