**WEIL, GOTSHAL & MANGES LLP**
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Theodore Tsekerides (pro hac vice)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)|
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

**KELLER & BENVENUTTI LLP**
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF CESAR V. ALEGRIA, JR. IN SUPPORT OF DEBTORS' MOTION PURSUANT TO 11 U.S.C. § 362(d) AND FED. R. BANKR. P. 4001(d) TO APPROVE STIPULATION BETWEEN PACIFIC GAS AND ELECTRIC COMPANY AND GARY GEORGE BEYROUTI AND DARYL J. SPREITER FOR LIMITED RELIEF FROM THE AUTOMATIC STAY**<br><br>**Objection Deadline**: January 31, 2020<br>4:00 pm (Pacific Time)<br><br>**No hearing requested absent timely objection.  If timely objection is filed, hearing reserved for:**<br><br>Date:  February 26, 2020<br>Time:  10:00 a.m. (Pacific Time)<br>Place:  United States Bankruptcy Court<br>   Courtroom 17, 16th Floor<br>   San Francisco, CA 94102 |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

I, Cesar V. Alegria, Jr., declare:

I am attorney licensed to practice law in the State of California. I am Senior Counsel at Pacific Gas and Electric Company, and am authorized to make this Declaration in that capacity.

1. I file this Declaration in support of the *Motion Pursuant to 11 U.S.C. § 362(d) and Fed. R. Bankr. P. 4001(d) to Approve Stipulation Between Debtor Pacific Gas and Electric Company and Gary George Beyrouti and Daryl J. Spreiter for Limited Relief from the Automatic Stay* (the "**Motion**").[1] Except as otherwise indicated, all statements in this Declaration are based on my personal knowledge, and, if called upon to do so, I could and would testify competently thereto.

2. On November 15, 2019, the Landowners filed *Beyrouti v. Pacific Gas and Electric Company*, Case No. SCV265541 (the "**State Court Action**") in the Superior Court of California, County of Sonoma (the "**State Court**").

3. The State Court Action arises out of the Utility's plan to replace an overhead electrical transmission line and install two new poles on property owned by the Landowners at 11140 Canyon Road, Forestville, California, APN No. 081-180-023 (the "**Property**").

4. The Utility asserts that it has an unrecorded easement on the Property (the "**Easement**") that permits the Utility to perform the work it plans to do. It also asserts that the filing by the Landowners of the State Court Action violates the automatic stay under section 362(a) of the Bankruptcy Code. The Landowners disagree with both assertions.

5. Through the State Court Action, the Landowners seek a determination that the Utility does not have the Easement. They allege causes of action against the Utility for Quiet Title, Declaratory Relief, and Injunctive Relief.

6. The Landowners do not seek money damages in the State Court Action.

7. The Utility intends to file an answer and cross-complaint in the State Court Action to secure a determination regarding its rights with respect to the Easement. Such a determination is essential to permit the Utility to proceed with replacing the overhead electrical transmission line

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

and installing the two new poles on the Property, both of which are necessary for the safe and efficient operation of the Utility's electricity transmission system.

8. Prompt and efficient resolution of the underlying property issues in the State Court Action is essential to the Utility's operations and to public safety.

9. The Utility seeks to avoid protracted litigation in this Court over the scope of the automatic stay, which would likely ensue absent the Stipulation.

10. The Landowners' complaint and the answer and cross-complaint the Utility will file pursuant to the Stipulation relate to the same underlying issues and will involve the same or similar discovery and motion practice. It would be inefficient to litigate only the Utility's claims now and to litigate the Landowners' claims separately, whether in this Court or the State Court.

11. Allowing the Landowners to litigate their action on the terms provided in the Stipulation will not prejudice the Debtors' estates or other creditors. The Stipulation provides material benefits to the Debtors and their estates at little cost, has been authorized by the Debtors in the exercise of their business judgment, and is in the best interest of the Debtors, their estates, and their creditors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed in San Francisco, California this 9th day of January, 2020.

*/s/ Cesar V. Alegria, Jr.*
Cesar V. Alegria, Jr.