WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Chapter 11 Case No. 19-30088 (DM)<br>(Lead Case)<br>(Jointly Administered)<br><br>**DEBTORS' OBJECTION TO MOTION OF THE AD HOC COMMITTEE OF SENIOR UNSECURED NOTEHOLDERS FOR RECONSIDERATION AND RELIEF FROM ORDERS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 59(e) AND 60(b)**<br><br>**Related Docket No.: 5241**<br><br>Date: January 21, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 94102 |

PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Objection to the *Motion of the Ad Hoc Committee of Senior Unsecured Noteholders for Reconsideration and Relief from Orders Pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)* [Docket No. 5241] (the "**Motion to Vacate**").[1]

---

[1] Capitalized terms used but not otherwise herein defined have the meanings ascribed to such terms in the Motion to Vacate.

## TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................7

I.    PRELIMINARY STATEMENT ................................................................................7

II.   THE MOTION TO VACATE SHOULD BE DENIED .............................................8

      A.    The AHC Has Not and Cannot Sustain the Heavy Burden for the Extraordinary Relief it is Seeking. ...........................................................................8

      B.    The Motion to Vacate is Premised on Arguments and Contentions Already Fully Considered and Rejected by the Court. ..................................................12

      C.    The AHC Has Not Presented Any Newly Discovered Evidence or Facts to Warrant the Extraordinary Relief it is Seeking. ...........................................13

III.  CONCLUSION .........................................................................................................17

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*389 Orange St. Partners v. Arnold*,
  179 F.3d 656 (9th Cir. 1999) .................................................................................................. 10

*In re Armstrong Store Fixtures Corp.*,
  139 B.R. 347, 349-50 (Bankr. W.D. Pa. 1992)), *aff'd*, 277 F. App'x 718 (9th Cir. 2008) ...... 9

*Backlund v. Barnhart*,
  778 F.2d 1386 (9th Cir.1985) .................................................................................................. 13

*Ball v. Birdsell (In re Ball)*,
  No. AZ-07-1400, 2008 WL 8444789 (B.A.P. 9th Cir. Nov. 20, 2008) ....................... 11-12, 13

*Beverly v. Network Sols., Inc.*,
  No. C-98-0337-VRW, 1998 WL 917526 (N.D. Cal. Dec. 30, 1998) ................................. 9, 14

*California v. Summer Del Caribe, Inc.*,
  821 F. Supp. 574 (N.D. Cal. 1993), *abrogated on other grounds as recognized by*,
  *Cal. Dep't of Toxic Substances Control v. Alco Pacific, Inc.*,
  508 F.3d 930 (9th Cir. 2007) ..................................................................................................... 9

*Carroll v. Nakatani*,
  342 F.3d 934 (9th Cir. 2003) ............................................................................................... 8, 16

*City of L.A., Harbor Div. v. Santa Monica Baykeeper*,
  254 F.3d 882 (9th Cir. 2001) ................................................................................................ 9-10

*Collier v. County of Los Angeles*,
  No. CV 06-05267 JFW, 2008 WL 11420057 (C.D. Cal. Feb. 8, 2008), *aff'd*, 331 F. App'x
  468 (9th Cir. 2009) ................................................................................................................... 15

*Cont'l Cas. Co. v. Certain Underwriters at Lloyd's*,
  No. C-9204094-DLJ, 1993 WL 299232 (N.D. Cal. July 21, 1993) ......................................... 10

*Corex Corp. v. United States*,
  638 F.2d 119 (9th Cir. 1981), *impliedly overruled on other grounds by*, *Gregorian v.
  Izvestia*, 871 F.2d 1515 (9th Cir. 1989) ............................................................................ 11, 14

*Fantasyland Video, Inc. v. County of San Diego*,
  505 F.3d 996 (9th Cir. 2007) ................................................................................................... 11

*Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.*,
  764 F.2d 604 (9th Cir. 1985) ................................................................................................... 11

*GenCorp, Inc. v. Am. Int'l Underwriters*,
  178 F.3d 804 (6th Cir. 1999) ................................................................................................... 16

*Harvest v. Castro*,
  531 F.3d 737 (9th Cir. 2008) ................................................................................................... 11

*Kilopass Tech. Inc. v. Sidense Corp.*,
　No. C 10-02066 SI, 2012 WL 1901198 (N.D. Cal. May 24, 2012) ...................................... 16

*Kona Enters. v. Estate of Bishop*,
　229 F.3d 877 (9th Cir. 2000) ................................................................................................ 9

*In re Krow*,
　No. 12-31601DM, 2016 WL 4167966 (Bankr. N.D. Cal. Aug. 4, 2016) ........................ 15-16

*Lee v. Bank of N.Y. Mellon (In re Lee)*,
　No. CC-15-1240-DTaKu, 2016 WL 1450210 (B.A.P. 9th Cir. Apr. 11, 2016) .................... 14

*McDowell v. Calderon*,
　197 F.3d 1253 (9th Cir. 1999) .............................................................................................. 8

*Raber v. Pittway Corp.*,
　No. C-91-2399-JPV, 1992 WL 219016 (N.D. Cal. May 4, 1992),
　aff'd, 996 F.2d 318 (Fed. Cir. 1993) ................................................................................... 14

*Reynoso v. All Power Mfg. Co.*,
　No. SACV 16-1037 JVS, 2018 WL 5906645 (C.D. Cal. Apr. 30, 2018) ............................. 15

*In re Ricks*,
　No. 13-00264-TLM, 2015 WL 6125559 (Bankr. D. Idaho Oct. 16, 2015),
　aff'd, 2016 WL 5724059 (D. Idaho Sept. 29, 2016) ............................................................ 15

*Ricks v. Randal J. French, P.C. (In re Ricks)*,
　No. 13-00264-TLM, 2016 WL 5724059 (D. Idaho Sept. 29, 2019) ......................... 12, 13, 15

*Sch. Dist. No. 1J Multnomah Cty. v. ACandS, Inc.*,
　5 F.3d 1255 (9th Cir. 1993) .......................................................................................... 10, 16

*Schwarzkopf v. Goodrich (In re Michaels)*,
　Nos. CC-08-1078-PaDMo, CC-08-1081-PaDMO,
　2009 WL 7809926 (B.A.P. 9th Cir. Feb. 27, 2009) ............................................................. 14

*Shiley, Inc. v. Bentley Labs., Inc.*,
　115 F.R.D. 169 (C.D. Cal. 1987) ........................................................................................ 14

*Sierra Club v. City & County of Honolulu*,
　No. 04-00463 DAE-BMK, 2008 WL 515963, at *7 (D. Haw. Feb. 26, 2008) .................... 15

*Steiny & Co. v. Local Union 6, IBEW*,
　No. C-91-0155-DLJ, 1991 WL 516835 (N.D. Cal. Dec. 19, 1991) ................................. 9, 11

*In re Valence Tech. Sec. Lit.*,
　No. C-95-20459-JW, 1995 WL 798927 (N.D. Cal. Sept. 19, 1995) ...................................... 9

*In re Wahlin*,
　No. 10-20479, 2011 WL 1063196, at *4 n.9 (Bankr. D. Idaho Mar. 21, 2011) ............... 14-15

*Wall St. Plaza, LLC v. JSJF Corp. (In re JSJF Corp.)*,
　344 B.R. 94 (B.A.P. 9th Cir. 2006) .......................................................................... 9, 12, 13

*Whiting v. City of Cathedral City*,
　No. CV 13-00250 BRO, 2014 WL 12852451 (C.D. Cal. Oct. 30, 2014) ............................ 11

*Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.)*,
 503 F.3d 933 (9th Cir. 2007) .................................................................................. 9, 12

**Other Authorities**

11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995) .......... 8-9

Fed. R. Bankr. P. 9023 ........................................................................................................ 9

Fed. R. Bankr. P. 9024 ........................................................................................................ 9

Fed. R. Civ. P. 59 ................................................................................................... 10, 15, 16

Fed. R. Civ. P. 59(e) .................................................................................................. *passim*

Fed. R. Civ. P. 60 ................................................................................................... 10, 15, 16

Fed. R. Civ. P. 60(b) ........................................................................................... 7, 8, 9, 10, 14

Fed. R. Civ. P. 60(b)(2) ................................................................................................ 10, 11

Fed. R. Civ. P. 60(b)(6) ........................................................................................... 10, 11, 12

12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000) ....................... 9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

After three lengthy hearings, as to which all parties in interest were given a full and fair opportunity to submit pleadings and present argument, the Court granted the Debtors' Motions to approve both the Subrogation Claimants RSA and the Tort Claimants RSA [Docket Nos. 5173 and 5174] (collectively, the "**RSA Approval Orders**"). Notably, with the approval of both RSAs, the Debtors, with the assistance of the Court-appointed mediator, have achieved a comprehensive, global resolution of these Chapter 11 Cases, which has been embodied in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* dated December 12, 2019 [Docket No. 5101] (as may be amended, modified, or supplemented from time to time, the "**Debtors' Plan**"). The Debtors' Plan and that global consensus will expedite both the Debtors' successful emergence from chapter 11 well in advance of the June 30, 2020 AB 1054 deadline, and distributions to wildfire claimants.

Notwithstanding the foregoing and the loss of the support of the Tort Claimants Committee (the "**TCC**") for its competing chapter 11 plan, the Ad Hoc Committee of Senior Unsecured Noteholders (the "**AHC**") has filed its Motion, pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure (the "**Federal Rules**"), seeking to vacate the RSA Approval Orders or, "in the alternative, to vacate the [RSA Approval Orders] and condition [their] subsequent approval on removal of the anticompetitive provisions." Motion to Vacate at ¶ 7. The Motion to Vacate, which is devoid of any legal or factual support, and clearly fails to satisfy the applicable legal standard for the extraordinary relief being requested, must be denied.

First, virtually the entire thrust of the Motion to Vacate is premised on a rehash of arguments regarding the RSAs' lock-up and support provisions raised in the pleadings and argued at length at each of the hearings to consider approval of the Subrogation Claimants RSA and the Tort Claimants RSA. This plainly is not newly discovered evidence, new factual evidence, or anything remotely resembling cause for the Court to reconsider its prior rulings. The Court, in granting the RSA Approval Orders, carefully and thoroughly considered these contentions, and there is no basis to revisit them again.

Second, the AHC's futile attempt to manufacture new evidence with its December 20, 2019 letter to Governor Newsom (the "**AHC Letter**"), sent one day after the Court entered the RSA Approval Orders, fares no better. Initially, as demonstrated below, the AHC's unilateral proposals outlined in the AHC Letter are not newly discovered evidence within the purview of Federal Rules 59(e) and 60(b). Moreover, the AHC's surfacing of the AHC Letter three days after failing to defeat approval of the RSAs and claiming it is "new" is nothing more than an ill-conceived and inappropriate strategic ploy. The Court can be sure that the substance of the AHC Letter was available prior to the December 17 hearing and that it never would have materialized if the Court had ruled otherwise. This type of gamesmanship should neither be condoned nor tolerated.

As this Court is well aware, the fundamental reason why the Court terminated the Debtors' exclusive periods was the TCC's support for the TCC/Noteholder Plan as to which the TCC was then a co-proponent. That support, and therefore the basis for the Court's decision, has vanished, calling into question any basis to allow the AHC to move forward with its competing plan.

Additionally, conspicuously missing from the AHC Letter is any proposed treatment for the Subrogation Claimants. And there is no doubt that, as the Subrogation Claimants have repeatedly noted, if approval of the Subrogation Claimants RSA is vacated as the AHC requests, the $11 billion settlement provided for therein evaporates, and the Subrogation Claimants will pursue an allowed claim of nearly $20 billion, completely eviscerating the global settlement achieved by the Debtors with <u>all</u> impaired classes, and any hope of a successful reorganization by June 30, 2020 will be completely lost.

The Motion to Vacate should be summarily denied.

## II. THE MOTION TO VACATE SHOULD BE DENIED

### A. The AHC Has Not and Cannot Sustain the Heavy Burden for the Extraordinary Relief it is Seeking.

Reconsideration of a final order is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (quoting 11

Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)); *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)); *see also In re Valence Tech. Sec. Lit.*, No. C-95-20459-JW, 1995 WL 798927, at *2 (N.D. Cal. Sept. 19, 1995) ("The party moving for reconsideration must show more than a disagreement with the court's decision; the court should not grant the motion unless there is a need to correct a clear error of law or prevent manifest injustice."); *Wall St. Plaza, LLC v. JSJF Corp. (In re JSJF Corp.)*, 344 B.R. 94, 103 (B.A.P. 9th Cir. 2006) ("The standard for granting a motion to reconsider is strict in order to preclude repetitive arguments that have already been fully considered by the court.") (quoting *In re Armstrong Store Fixtures Corp.*, 139 B.R. 347, 349-50 (Bankr. W.D. Pa. 1992)), *aff'd*, 277 F. App'x 718 (9th Cir. 2008).

To succeed on a motion to reconsider or vacate, a party must "set forth 'facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *California v. Summer Del Caribe, Inc.*, 821 F. Supp. 574, 578 (N.D. Cal. 1993) (quoting *Steiny & Co. v. Local Union 6, IBEW*, No. C-91-0155-DLJ, 1991 WL 516835, at *5 (N.D. Cal. Dec. 19, 1991)), *abrogated on other grounds as recognized by*, *Cal. Dep't of Toxic Substances Control v. Alco Pacific, Inc.*, 508 F.3d 930, 940 (9th Cir. 2007); *Beverly v. Network Sols., Inc.*, No. C-98-0337-VRW, 1998 WL 917526, at *4 (N.D. Cal. Dec. 30, 1998) ("[T]o justify reconsideration based on an error of law or on the need to prevent a manifest injustice, the moving party must demonstrate clear error.") (quotation marks omitted). The AHC plainly has not and cannot carry this heavy burden.

The Court may vacate or amend a prior order or judgment through application of Federal Rules 59(e) or 60(b), made applicable to these Chapter 11 Cases through Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure, respectively, or through its own inherent powers. *See Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.)*, 503 F.3d 933, 940 (9th Cir. 2007) ("Rule 60(b) compliments the discretionary power that bankruptcy courts have as courts of equity to reconsider, modify or vacate their previous orders so long as no intervening rights have become vested in reliance on the orders.") (quotation marks omitted); *City of L.A.,*

*Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001); *Cont'l Cas. Co. v. Certain Underwriters at Lloyd's*, No. C-9204094-DLJ, 1993 WL 299232, at *2-3 (N.D. Cal. July 21, 1993) (noting that Federal Rule 60(b) "still illuminates the factors for reconsideration" under the court's general, non-statutory authority to reconsider or rescind an interlocutory order). Although the AHC obscures and confuses the precise subsections of Federal Rules 59 and 60 pursuant to which it attempts to seek relief, it makes no difference, as the AHC utterly fails to articulate any basis that would warrant such extraordinary relief.

Federal Rule 59(e) permits a Court to alter or amend a prior order if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) ("Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."). No such circumstances exist here.

Similarly, Federal Rule 60(b) permits a Court to reconsider a prior judgment or order "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *Sch. Dist. No. 1J Multnomah Cty.*, 5 F.3d at 1263 (quotation marks omitted); *see also Cont'l Cas. Co.*, 1993 WL 299232 at *2-3 ("Two arguments are commonly used to justify the reconsideration of an order. The first is a clear error of law by the Court or the need to prevent a 'manifest injustice' from occurring. . . . The second major ground for a motion for reconsideration is that a party has produced new evidence."). Again, no such circumstances exist here.

The AHC asserts that its basis for relief is a "new factual development" in the form of the AHC Letter, *see* Motion to Vacate at ¶ 26, which would appear to be a request pursuant to the "newly discovered evidence" provisions of Federal Rules 59(e) and Rule 60(b)(2). The AHC, however, also cites the catchall provision of Federal Rule 60(b)(6) as a possible basis for relief.

*See* Motion to Vacate at ¶ 27. The case law makes clear, however, that the AHC cannot seek relief under Federal Rule 60(b)(6) on the same factual basis for which it seeks relief pursuant to Federal Rule 60(b)(2). *See Corex Corp. v. United States*, 638 F.2d 119, 121 (9th Cir. 1981) ("It is established that clause (6) and the preceding clauses are mutually exclusive; a motion brought under clause (6) must be for some reason other than the five reasons preceding it under the rule."), *impliedly overruled on other grounds by*, *Gregorian v. Izvestia*, 871 F.2d 1515 (9th Cir. 1989). Accordingly, Federal Rule 60(b)(6) is not available to the AHC.[2]

To warrant reconsideration under Federal Rules 59(e) and 60(b)(2), newly discovered evidence must meet three standards: "First, it must be of such a character that it would change the outcome of the Court's prior decision. Second, it must have been undiscovered at the time of Court's original decision. Third, it could not have been discovered through exercise of reasonable diligence by the moving party." *Steiny & Co.*, 1991 WL 516835 at *2 (citations omitted); *see also Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985) ("the movant is obliged to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing.") (quotation marks omitted); *Whiting v. City of Cathedral City*, No. CV 13-00250 BRO, 2014 WL 12852451, at *5 (C.D. Cal. Oct. 30, 2014) ("Evidence is 'newly discovered' for the purpose of Rule 60(b)(2) if it (1) existed at the time of the court's ruling; (2) was not discoverable through due diligence; and (3) would likely have caused the court to reach a different conclusion.").

Additionally, regardless of the particular subsection or statute, a motion for reconsideration "is not permitted to rehash the same arguments made the first time or to simply

---

[2] But even if this Court were to consider relief under Federal Rule 60(b)(6), the AHC also has not and cannot demonstrate any basis for relief thereunder. Federal Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Fantasyland Video, Inc. v. County of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007) (quotation marks omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) ("A party moving for relief under Rule 60(b)(6) must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion.") (quotation marks omitted). Those circumstances do not exist here.

express an opinion that the court was wrong." *Ball v. Birdsell (In re Ball)*, No. AZ-07-1400 MoMKE, 2008 WL 8444789, at *7 (B.A.P. 9th Cir. Nov. 20, 2008). As the Ninth Circuit B.A.P. observed in *In re JSJF Corp.*, 344 B.R. at 103:

> [B]ankruptcy proceedings are not exercises in successive approximation, on the model of early modern (World War II and before) naval gunfire, wherein one shoots a salvo, observes the splashes relative to the target, corrects, and shoots again, repeating the process until the target (or one's own ship) is destroyed. . . . A motion to reconsider may not be used to present a new legal theory for the first time or to raise legal arguments which could have been raised in connection with the original motion. *Also, a motion to reconsider may not be used to rehash the same arguments presented the first time or simply to express the opinion that the court was wrong. The standard for granting a motion to reconsider is strict in order to preclude repetitive arguments that have already been fully considered by the court.*

(citation omitted) (emphasis supplied); *see also In re Int'l Fibercom, Inc.*, 503 F.3d at 941 ("[J]udgments are not often set aside under Rule 60(b)(6). Rather, Rule 60(b)(6) should be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.") (citations and quotation marks omitted); *Ricks v. Randal J. French, P.C., (In re Ricks)*, No. 13-00264-TLM, 2016 WL 5724059, at *4 (D. Idaho Sept. 29, 2019) ("Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.").

The AHC, not surprisingly, does not and cannot meet this strict standard. As stated, the Motion to Vacate does nothing more than rehash the same failed arguments this Court already considered when it approved the Tort Claimants RSA and Subrogation Claimants RSA. Moreover, the AHC fails to present any facts or evidence, newly discovered or otherwise, that would warrant reconsideration of the Court's prior reasoned opinion.

**B.     The Motion to Vacate is Premised on Arguments and Contentions Already Fully Considered and Rejected by the Court.**

As set forth above, the Motion to Vacate consists virtually entirely of the same arguments and positions that the AHC (and others) previously presented at length in connection with the

Court's hearings to consider approval of the Tort Claimants RSA and Subrogation Claimants RSA. The Motion to Vacate is devoted to rehashing prior arguments made as to the alleged anticompetitive provisions of the RSAs and why the Court should reject them. *See* Motion to Vacate at ¶¶ 10, 16, 17. As the AHC is well aware, the Court fully considered and rejected all of these arguments when it approved the RSAs and determined they were in the best interests of moving these Chapter 11 Cases forward toward a timely and consensual resolution. Specifically, the Court stated:

> I'm sure you all know the committee is very active, and the governor's observation about is it better to have open the door….And so I've concluded that whether it's the exercise of leverage or being in the right place at the right time, the law permits the parties,…, whether the classes are impaired or unimpaired, it permits the litigants to do things like insist on lockups. Because I'm persuaded that the chances of getting to the goal of confirmation are enhanced rather than impeded, I'm sticking with [the Debtors'] advice and their recommendation.

Hr'g Tr. (Dec. 17, 2019) 300:24-301:13.

As demonstrated above, it is well-settled that arguments and assertions that have already been raised and were previously found by the Court to be unpersuasive **cannot** constitute cause to reconsider a prior ruling as the AHC seeks to do in the Motion to Vacate. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.1985) ("The motion was properly denied here because . . . it presented no arguments that had not already been raised in opposition to summary judgment."); *In re Ball*, 2008 WL 8444789 at *7; *In re JSJF Corp.*, 344 B.R. at 103; *In re Ricks*, 2016 WL 5724059 at *4.

    C.    **The AHC Has Not Presented Any Newly Discovered Evidence or Facts to Warrant the Extraordinary Relief it is Seeking.**

The AHC Letter—the sole basis for the AHC's claim of newly discovered evidence, which was manufactured and surfaced less than three days after the Court's oral ruling—provides no support whatsoever for the Motion to Vacate. It is nothing more than a self-serving press release and letter to the Governor that was strategically issued after the AHC failed in its efforts to defeat the RSAs. Indeed, to permit court orders to be vacated any time a party lobs in a new

proposal after seeing how the Court ruled would completely undercut the finality of judicial determinations, waste judicial resources, and treat each decision as an advisory opinion.

Notably, despite the fact that the case law makes it clear that unsworn claims, like those set forth in the Motion to Vacate, are not evidence that may support reconsideration of a prior judgement or order, the Motion to Vacate has no supporting declaration. *See* Bankr. Local R. 9013-1(d); *Beverly*, 1998 WL 917526 at *5 ("First, the court notes that the statements in plaintiff's memorandum are not evidence. These are unverified statements. Unsworn statements appearing in the body of a motion or supporting memorandum cannot be considered as evidence."); *Lee v. Bank of N.Y. Mellon (In re Lee)*, No. CC-15-1240-DTaKu, 2016 WL 1450210, at *8 (B.A.P. 9th Cir. Apr. 11, 2016) (finding a conclusory statement in a declaration "for which no evidentiary support is provided or even suggested" did not establish newly discovered evidence).

Regardless, even if the AHC Letter did constitute evidence of some sort (which it does not), it clearly cannot and does not constitute "newly discovered evidence" as required under Federal Rules 59(e) or 60(b). The case law is clear that "***evidence of events occurring after the trial is not newly discovered evidence within the meaning of the rules***." *Corex Corp.*, 638 F.2d at 121 (emphasis added); *see also Schwarzkopf v. Goodrich (In re Michaels)*, Nos. CC-08-1078-PaDMo, CC-08-1081-PaDMO, 2009 WL 7809926, at *11 (B.A.P. 9th Cir. Feb. 27, 2009) ("[T]he newly discovered evidence offered to the trial court for reconsideration must have been in existence at the time of the trial."); *Raber v. Pittway Corp.*, No. C-91-2399-JPV, 1992 WL 219016 (N.D. Cal. May 4, 1992) ("In a last ditch effort to avoid dismissal, plaintiff asks this Court to consider a new declaration and a Revised Side Agreement, **both of which were executed after this case was dismissed**. This court declines to do so. These documents are not evidence which this Court did not have before such that it would be 'new' evidence, but rather are newly created evidence.") (emphasis in original) (citations omitted), *aff'd*, 996 F.2d 318 (Fed. Cir. 1993) (table); *Shiley, Inc. v. Bentley Labs., Inc.*, 115 F.R.D. 169, 170-71 (C.D. Cal. 1987) (finding an admission after trial was not an event that qualified as newly discovered evidence); *In re Wahlin*, No. 10-20479, 2011 WL 1063196, at *4 n.9 (Bankr. D. Idaho Mar. 21, 2011) ("Debtor appears to argue

that these developments (amended plan proposals, different disclosure statements, an affidavit regarding infusion into the estate of funds not shown in financial reports, etc.) should be viewed as 'evidence' on which the Dismissal Motion should be evaluated. However, the events occurring after the Dismissal Motion was submitted do not qualify as 'newly discovered evidence' under the Rule 59(e) standards.").

Indeed, a critical requirement for relief under either Federal Rule 59 or 60 is that "the 'newly discovered evidence' not be in fact 'newly created evidence.'" *In re Ricks*, No. 13-00264-TLM, 2015 WL 6125559, at *3 (Bankr. D. Idaho Oct. 16, 2015), *aff'd*, 2016 WL 5724059 (D. Idaho Sept. 29, 2016); *Collier v. County of Los Angeles*, No. CV 06-05267 JFW, 2008 WL 11420057, at *2 (C.D. Cal. Feb. 8, 2008) (denying motion to reconsider where "the newly discovered evidence submitted with plaintiff's supplemental memorandum was not in existence at the time judgment was entered in this case and concerns events that occurred after the entry of judgment"), *aff'd*, 331 F. App'x 468 (9th Cir. 2009).

Based on the foregoing, under no circumstances can the AHC Letter constitute newly discovered evidence. As an initial matter, the AHC Letter was completely in control of the AHC. At the very least (and giving the AHC the benefit of the doubt), it constitutes an event occurring after the hearing and cannot, under applicable authority, constitute newly discovered evidence. And, in the more likely circumstance where the AHC, as a tactical and strategic ploy, determined not to submit the AHC Letter until after it failed to prevail at the RSA hearings, the AHC Letter hardly constitutes facts in evidence *but not known* at the time of the RSA hearings.

Even the cases cited by the AHC allow for reconsideration only when a fact that was in existence but unknown at the time of trial later became apparent, which is clearly not the case here. *See Reynoso v. All Power Mfg. Co.*, No. SACV 16-1037 JVS, 2018 WL 5906645 (C.D. Cal. Apr. 30, 2018) (approving reconsideration when the movant was not apprised until after filing its motion of a fact unknown to the movant, but in existence, at the time of filing); *Sierra Club v. City & County of Honolulu*, No. 04-00463 DAE-BMK, 2008 WL 515963, at *7 (D. Haw. Feb. 26, 2008) (reconsidering order where a subsequent decision showed clear error in the initial interpretation of a then-existing fact); *In re Krow*, No. 12-31601DM, 2016 WL 4167966 (Bankr.

N.D. Cal. Aug. 4, 2016) (reconsidering decision based on the validity of an agreement, when subsequent evidence revealed the agreement was not, in fact, valid at the time of the Court's decision); *see also Sch. Dist. No. 1J Multnomah Cty.*, 5 F.3d at 1263 (holding late-filed documents are not newly discovered evidence).

Whatever the reasons, relief under Federal Rules 59 and 60 is not available to a disappointed litigant as a means to remedy a party's "own legal and strategic shortcomings." *Carroll*, 342 at 945; *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (finding reconsideration based on amendments the movant made to a settlement agreement after the lower court's decision, which were "certainly within [movant's] power and control . . . to revise . . . prior to the lower court's ruling," would serve no purpose other than to correct a "poor strategic decision"); *Kilopass Tech. Inc. v. Sidense Corp.*, No. C 10-02066 SI, 2012 WL 1901198, at *4 (N.D. Cal. May 24, 2012) ("The Court finds that the rule does not apply where the 'new material fact' is merely a party's attempt to undo a strategic position for which it has been penalized.").

### III. CONCLUSION

In an ill-conceived strategic ploy, the AHC seeks to have this Court reconsider and vacate its well-reasoned decision approving the Tort Claimants RSA and the Subrogation Claimants RSA. As demonstrated, the AHC has presented no legal or factual basis to support the extraordinary relief it is seeking, nor should its tactical maneuvers be condoned by the Court.

WHEREFORE the Debtors respectfully request entry of an order denying the Motion to Vacate, and granting the Debtors such other and further relief as the Court may deem just and appropriate.

Dated: January 14, 2020

        **WEIL, GOTSHAL & MANGES LLP**

        **KELLER & BENVENUTTI LLP**

        _/s/ Stephen Karotkin_
        Stephen Karotkin

        *Attorneys for Debtors and Debtors in Possession*