# EXHIBIT F

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin (*pro hac vice*)
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
metkin@lowenstein.com

**MICHELSON LAW GROUP**
Randy Michelson (#114095)
220 Montgomery St, Suite 2100
San Francisco, CA 94104
Telephone: (415) 512-8600
Facsimile: (415) 512-8601
randy.michelson@michelsonlawgroup.com

*Bankruptcy Counsel for the Public Employees Retirement Association of New Mexico*

**LABATON SUCHAROW LLP**
Thomas A. Dubbs
Louis Gottlieb
Carol C. Villegas
Jeffrey A. Dubbin (#287199)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
tdubbs@labaton.com
lgottlieb@labaton.com
cvillegas@labaton.com
jdubbin@labaton.com

*Counsel for the Public Employees Retirement Association of New Mexico and Lead Counsel for the Class*

Additional Counsel appear on signature page

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>- and -<br><br>**PACIFIC GAS & ELECTRIC COMPANY,**<br><br>       **Debtors.** | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**Adv. Pro. No. 19-03006 (DM)** |
| **PG&E CORPORATION,<br>PACIFIC GAS & ELECTRIC COMPANY,**<br><br>       **Plaintiffs,**<br>v.<br><br>**PUBLIC EMPLOYEES RETIREMENT ASSOCIATION OF NEW MEXICO, et al.**<br><br>       **Defendants.** | **STIPULATION AND AGREEMENT FOR ORDER BETWEEN DEBTORS AND THE PUBLIC EMPLOYEES RETIREMENT ASSOCIATION OF NEW MEXICO**<br><br>[No Hearing Requested] |

1        This stipulation and agreement for order ("**Stipulation and Agreement for Order**") is entered into by and between PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**"), and the Public Employees Retirement Association of New Mexico ("**New Mexico**"). The Debtors and New Mexico are referred to in this Stipulation and Agreement for Order collectively as the "Parties," and each as a "Party." The Parties hereby stipulate and agree as follows:

**RECITALS**

A.     Prior to the filing of the Chapter 11 Cases, the Parties were engaged in putative class action litigation under the federal securities laws in the District Court for the Northern District of California (the "**District Court**"). *See In re PG&E Corporation Securities Litigation*, No. 18-cv-03509-RS (N.D. Cal.) (the "**New Mexico Securities Action**"). By virtue of 11 U.S.C. § 362 (the "**Automatic Stay**"), the New Mexico Securities Action is stayed as to the Debtors.

B.     On December 14, 2018, New Mexico filed a Second Amended Consolidated Class Action Complaint (the "**SAC**") in the New Mexico Securities Action, pursuant to its appointment as Lead Plaintiff over the New Mexico Securities Action and under the schedule ordered by the District Court.

C.     The SAC asserts claims under Section 10(b) and Section 20(a) of the Securities Exchange Act of 1934 against the Debtors and certain of the Debtors' current and former directors and officers (the "**New Mexico Securities Action Individual Defendants**").

D.     On February 15, 2019, the Debtors filed a complaint (ECF No. 1) (the "**Complaint**") initiating the above-captioned adversary proceeding (the "**Adversary Proceeding**"), and also filed a motion (ECF No. 2) (the "**Motion**"), seeking to preliminarily and permanently enjoin the prosecution of twenty-two pending civil actions as against non-debtor defendants, including to so enjoin the prosecution of the New Mexico Securities Action as against the New Mexico Securities Action Individual Defendants, with the same effect and to the same extent as would be the case if the Automatic Stay applied to such non-debtor defendants.

E. On February 22, 2019, York County, on behalf of the County of York Retirement Fund, City of Warren Police and Fire Retirement System, Mid-Jersey Trucking Industry & Local No. 701 Pension Fund (collectively, the "**Securities Act Plaintiffs**"), and all others similarly situated, filed in the District Court a putative securities class action (the "**York County Securities Action**") asserting claims under the Securities Act of 1933 against certain of the Debtors' current and/or former directors and officers (the "**York County Securities Action Individual Defendants**"), as well as against the underwriters of certain of the Debtors' notes offerings (the "**Underwriters**", and together with the New Mexico Securities Action Individual Defendants and the York County Securities Action Individual Defendants, the "**Non-Debtor Defendants**").[1]

F. The Parties, together with the Securities Act Plaintiffs and the Non-Debtor Defendants, have agreed to seek to consolidate the York County Securities Action with the New Mexico Securities Action, and that New Mexico should file a Third Amended Consolidated Class Action Complaint (the "**TAC**") in the New Mexico Securities Action reflecting such consolidation. New Mexico will continue to act as Lead Plaintiff in the New Mexico Securities Action after it files the TAC.

G. The Parties, together with the Securities Act Plaintiffs and the Non-Debtor Defendants, are accordingly simultaneously entering into a stipulation (the "**New Mexico Securities Action Stipulation**") in the New Mexico Securities Action that will consolidate the York County Securities Action with the New Mexico Securities Action, and will further set a schedule pursuant to which, *inter alia*: (i) New Mexico shall file the TAC, and (ii) the Non-Debtor Defendants shall move, answer, or otherwise respond to the TAC. The terms of this Stipulation and Agreement for Order are consistent with the terms of the New Mexico Securities Action Stipulation to the extent relevant.

---

[1] For purposes of this Stipulation and Agreement for Order, Lebenthal & Co., LLC, an underwriter named as a defendant in the York County Securities Action, is not included among the defined groups "Underwriters" or "Non-Debtor Defendants."

H.     Upon the filing of the TAC, the Debtors intend to seek to preliminarily and permanently enjoin the prosecution of the New Mexico Securities Action as against all Non-Debtor Defendants;

I.     The Parties agree that, in light of the foregoing, and in the interests of efficiency and judicial economy: (i) New Mexico should be dismissed, without prejudice, from the Adversary Proceeding; (ii) the Debtors may initiate a new, separate adversary proceeding (the "**New Mexico Adversary Proceeding**") as against New Mexico and relating only to the New Mexico Securities Action, as consolidated, seeking to preliminarily and permanently enjoin the prosecution of the New Mexico Securities Action against all Non-Debtor Defendants, and (iii) certain scheduling matters with respect to the New Mexico Adversary Proceeding should be resolved as set forth below.

**NOW, THEREFORE, IT HEREBY IS STIPULATED AND AGREED:**

1)     New Mexico shall be dismissed, without prejudice, from the Adversary Proceeding, effective upon the filing of this Stipulation and Agreement for Order;

2)     No later than **21 days** from the date that the New Mexico Securities Action Stipulation is "So Ordered," New Mexico shall file the TAC in the New Mexico Securities Action. The TAC shall continue to name the Debtors as defendants in the New Mexico Securities Action notwithstanding the Automatic Stay, provided that the TAC includes language that "it is understood that this action against the PG&E Defendants is stayed pursuant to the automatic stay provisions of 11 U.S.C. § 362";

3)     No later than **21 days** from the date of the filing of the TAC, the Debtors shall initiate the New Mexico Adversary Proceeding by filing a complaint (the "**New Mexico Adversary Proceeding Complaint**") and motion (the "**New Mexico Adversary Proceeding Motion**") seeking to preliminarily and permanently enjoin the prosecution of the New Mexico Securities Action, as consolidated, as against the Non-Debtor Defendants;

4)     No later than **30 days** from the date of the filing of the New Mexico Adversary Proceeding Motion, New Mexico shall file one brief in opposition (the "**Opposition**") to the New Mexico Adversary Proceeding Motion;

5) No later than **14 days** from the date of the filing of the Opposition, the Debtors shall file one reply brief (the "**Reply**") in further support of the New Mexico Adversary Proceeding Motion;

6) The Parties shall set the hearing on the New Mexico Adversary Proceeding Motion (the "**Hearing**") for the first available regularly scheduled Debtors' hearing date that is at least **7 days** from the date of filing of the Reply;

7) New Mexico shall, to the extent necessary, move, answer, or otherwise respond to the New Mexico Adversary Proceeding Complaint on or before the date that is **30 days** from the date a decision on the New Mexico Adversary Proceeding Motion is rendered by this Court;

8) Nothing herein is intended to restrict New Mexico from seeking discovery in the New Mexico Adversary Proceeding, nor to restrict the Debtors from objecting to any such request(s) for discovery, and the Parties agree to cooperate to the extent reasonably practicable in that regard.

9) If any of the foregoing deadlines falls on a weekend, holiday, or other day on which this Court is closed, then such deadline shall be extended until the next day on which this Court is open.

10) This Stipulation and Agreement for Order shall be governed by, and construed in accordance with, applicable state and federal law.

11) The Court retains jurisdiction with respect to all matters arising out of and related to the implementation, interpretation, and enforcement of this Stipulation and Agreement for Order. Nothing herein shall be deemed to divest or otherwise impact the jurisdiction of the District Court with respect to the New Mexico Securities Action.

| | | |
|---|---|---|
| DATED: May 1, 2019 | | */s / Randy Michelson* |

Randy Michelson (#114905)
**MICHELSON LAW GROUP**
220 Montgomery St, Suite 2100
San Francisco, CA 94104
Telephone: (415) 512-8600
Facsimile: (415) 512-8601
randy.michelson@michelsonlawgroup.com

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin (*pro hac vice*)
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
metkin@lowenstein.com

*Bankruptcy Counsel for the Public Employees Retirement Association of New Mexico*

**LABATON SUCHAROW LLP**
Thomas A. Dubbs
Louis Gottlieb
Carol C. Villegas
Jeffrey A. Dubbin (#287199)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
tdubbs@labaton.com
lgottlieb@labaton.com
cvillegas@labaton.com
jdubbin@labaton.com

*Counsel for the Public Employees Retirement Association of New Mexico and Lead Counsel for the Class*

|   |   |
|---|---|
| 1 | |
| 2 | /s/ *Peter J. Benvenutti* |
| | Peter J. Benvenutti (#60566) |
| 3 | (pbenvenutti@kellerbenvenutti.com) |
| | Tobias S. Keller (#151445) |
| 4 | (tkeller@kellerbenvenutti.com) |
| | Jane Kim (#298192) |
| 5 | (jkim@kellerbenvenutti.com) |
| | **KELLER & BENVENUTTI LLP** |
| 6 | 650 California Street, Suite 1900 |
| | San Francisco, CA 94108 |
| 7 | Tel: (415) 496-6723 |
| | Fax: (415) 636-9251 |
| 8 | |
| | **WEIL, GOTSHAL & MANGES LLP** |
| 9 | Stephen Karotkin (*pro hac vice*) |
| | (stephen.karotkin@weil.com) |
| 10 | Jessica Liou (*pro hac vice*) |
| | (jessica.liou@weil.com) |
| 11 | Matthew Goren (*pro hac vice*) |
| | (matthew.goren@weil.com) |
| 12 | New York, NY 10153-0119 |
| | Tel: (212) 310-8000 |
| 13 | Fax: (212) 310-8007 |
| 14 | *Attorneys for the Debtors* |