**EXHIBIT 10**

# UNITED STATES BANKRUPTCY COURT

Northern District of California

In re  PG&E Corporation
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 19-30088 (DM)

Chapter 11

_____
Plaintiff
v.
_____
Defendant

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To:  Oliver Wyman c/o Cindy M. Oliver, 12307 Wildwood Park Place, Bakersfield, CA 93311
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    See attachment Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Bridget McCabe c/o Veritext, 900 Truxtun Ave., Suite 320, Bakersfield, CA 93301 | January 29, 2020, at 1:00 PM PST |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 1/15/2020

CLERK OF COURT

OR

_____    /s/ Bridget S. McCabe
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*
                                         Bridget S. McCabe

The name, address, email address, and telephone number of the attorney representing *(name of party)* Official Committee of Tort Claimants , who issues or requests this subpoena, are:

Bridget S. McCabe, 11601 Wilshire Blvd., Suite 1400, Los Angeles, CA 90025, bmccabe@bakerlaw.com, (310) 442-8844

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

American LegalNet, Inc.
www.FormsWorkFlow.com

# EXHIBIT A

# DEFINITIONS

1. As used herein, the words "Document" and "Documents" mean each written, typed, printed, recorded, transcribed, taped, electronically stored, digitized, disked, filmed, or graphic matter of every kind, however produced or reproduced, including originals or copies of originals not in existence or available, all drafts or partial copies, wherever located, and including all Electronic Data, correspondence, letters, emails, memoranda, requests for information, reports, studies, tests, inspections, working papers, handwritten notes, diaries, charts, spreadsheets, photographs, sketches, drawings, blueprints, videos, graphs, indices, submittals, data sheets, databases, conversations, statements, minutes, notations (including notes or memorandum of conversations), telephone conversations in whatever form, suggestions, comments, instructions, warnings, notices, manuals, periodicals, pamphlets, brochures, catalogues, bulletins, schedules, invoices, and other documentation.

2. The term "Electronic Data" as used herein, shall be construed as the following types of electronic data and data compilations in the custody and/or control of the party responding to this Subpoena:

   a. All electronic mail and information about electronic mail sent or received by the party responding to this Subpoena;

   b. All databases containing any reference and/or information;

   c. All activity logs on any computer system which may have been used to process or store electronic data containing information;

   d. All word processing files and file fragments, including metadata, containing information about the below listed subjects;

   e. All electronic data files and file fragments created by application programs that process information requested herein;

   f. All electronic data files and file fragments from electronic calendars and scheduling programs that contain information about the below-listed subjects; and

g. All audio and video recordings sent, received, or stored by the party responding to this Subpoena that contains, references, or otherwise identifies information about the below listed subjects.

3. The terms "and" and "or" as used herein, shall, where the context permits, be construed to mean "and/or" as necessary to bring within the scope of the subpoena request.

4. The terms "You" and "Your" refer to the party responding to this Subpoena.

5. The term "PG&E" refers to PG&E Corporation and/or Pacific Gas & Electric Company.

6. The term "Work" means any activity performed by You in fulfillment of Your duties, contractual or otherwise, to PG&E.

7. The term "Communication(s)" means any transmission of information from one person or entity to another, including (without limitation) by personal meeting, conference, conversation, telephone, radio, electronic mail, teleconference, or any other method of communication or by any medium.

8. The term "Fires" means the fires that occurred in Northern California in 2015, 2017 and 2018 listed below:

    1. Butte Fire (2015)
    2. North Bay Wildfires (2017)
        a. 37
        b. Adobe
        c. Atlas
        d. Blue
        e. Cascade
        f. Cherokee
        g. Honey
        h. LaPorte
        i. Lobo
        j. Maacama / Youngs

k. McCourtney
l. Norrbom
m. Nuns
n. Partrick
o. Pocket
p. Point
q. Pressley
r. Pythian / Oakmont
s. Redwood / Potter Valley
t. Sullivan
u. Sulphur
v. Tubbs

3. Camp Fire (2018)

# REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents that constitute and/or memorialize any and all contracts and/or work agreements between You and PG&E, for the time period 2013 to the present.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents that constitute and/or memorialize, any and all indemnification and/or hold harmless agreements between You and PG&E, for the time period 2013 to the present.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents that constitute and/or, memorialize any and all reports, analyses, summaries, or descriptions of Your work for PG&E, for the time period 2013 to the present.

**REQUEST FOR PRODUCTION NO. 4**

All Documents that constitute and/or, memorialize Commercial General Liability insurance policies, including but not limited to all applications, declarations, policies and endorsements, for which You are an insured, for the time period 2013 to the present. Included in this request are all such policies whether insuring You alone, or You as well as others.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents that constitute and/or, memorialize Errors & Omissions/Professional Liability insurance policies, including but not limited to all applications, declarations, policies and endorsements, for which You are an insured, for the time period 2013 to the present. Included in this request are all such policies whether insuring You alone, or You as well as others.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents that constitute and/or, memorialize Directors & Officers insurance policies, including but not limited to all applications, declarations, policies and endorsements, for which You are an insured, for the time period 2013 to the present. Included in this request are all such policies whether insuring You alone, or You as well as others.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents that constitute and/or, memorialize Environmental/Pollution Liability insurance policies, including but not limited to all applications, declarations, policies and

endorsements, for which You are an insured, for the time period 2013 to the present. Included in this request are all such policies whether insuring You alone, or You as well as others.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents that constitute and/or, memorialize insurance policies, not otherwise produced in response to Request Nos. 4-7, that You were contractually required to maintain pursuant to any contracts You had with PG&E, including but not limited to all applications, declarations, policies and endorsements, for which You are an insured, for the time period 2013 to the present. Included in this request are all such policies whether insuring You alone, or You as well as others.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents that constitute and/or, memorialize other insurance policies, not otherwise produced in response to Requests 4-8, that provide defense coverage, indemnity, and/or other coverage of claims arising from or related to Your services or acts, including but not limited to all applications, declarations, policies and endorsements, for the time period 2013 to the present. Included in this request are all such policies whether insuring You alone, or You as well as others.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents that constitute, refer or relate to notices of claims, tenders and coverage Communications—including but not limited to coverage positions and insurance analyses—between You and any insurers for all such insurance policies subject to Request Nos. 4-9, for the time period 2013 to the present related, directly or indirectly, to the Fires and/or Your Work for PG&E.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents that constitute, refer or relate to notices of claims, tenders and coverage Communications—including but not limited to coverage positions and insurance analyses—between You and any insurance brokers or agents for all such insurance policies subject to Request Nos. 4-9, for the time period 2013 to the present related, directly or indirectly, to the Fires and/or Your Work for PG&E.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents that constitute, refer or relate to notices of claims, tenders and coverage Communications—including but not limited to coverage positions and insurance analyses—between You and any insurers for all such insurance policies subject to Request Nos. 4-9, for the time period 2013 to the present related to work that You performed for any entity other than PG&E but that was the same or similar in nature to the Work you performed for PG&E.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents that constitute, refer or relate to notices of claims, tenders and coverage Communications—including but not limited to coverage positions and insurance analyses—between You and any insurance brokers or agents for all such insurance policies subject to Request Nos. 4-9, for the time period 2013 to the present related to work that You performed for any entity other than PG&E but that was the same or similar in nature to the Work You performed for PG&E.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents constituting, memorializing, or reflecting any payment of Your defense costs and/or indemnity and/or ultimate net loss, however it may be defined by any given policy, made by each insurance carrier subject to Request Nos. 4-9 for the time period 2013 to the present.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents constituting, memorializing, or reflecting insurance policy limits remaining available for payment of covered claims under each policy where an insurance carrier has made a payment subject to Request No. 14.