WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**SUPPLEMENTAL APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO AMEND THE SCOPE OF THE RETENTION OF WILLIS TOWERS WATSON US LLC AS HUMAN RESOURCE AND COMPENSATION CONSULTANTS *NUNC PRO TUNC* TO NOVEMBER 19, 2019**<br><br>[No Hearing Date Requested] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this supplemental application (the "**Supplemental Application**"), pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order amending the scope of the Debtors' retention of Willis Towers Watson US LLC f/k/a Towers Watson Delaware Inc. ("**WTW**") as human resource and compensation consultants for the Debtors effective as of the Petition Date (as defined below).

In support of this Supplemental Application, the Debtors submit the Supplemental Declaration of Mark J. Kazmierowski, a Senior Director of WTW (the "**Supplemental Kazmierowski Declaration**"), filed concurrently herewith. A proposed form of order approving amended scope of the retention and employment of WTW is annexed hereto as **Exhibit A** (the "**Proposed Order**").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

On August 21, 2019, the Debtors filed the *Application of Debtors Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Retain and Employ Willis Towers Watson US LLC as Human Resource and Compensation Consultants Nunc Pro Tunc to the Petition Date* [Docket No. 3650] (the "**WTW Retention Application**").[1] The WTW Retention Application was supported by

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the WTW Retention Application.

the Declaration of Mark J. Kazmierowski (the "**Kazmierowski Declaration**"). The WTW Retention Application sought the entry of an order authorizing the Debtors to retain WTW as human resource and compensation consultants for the Debtors effective as of the Petition Date in accordance with the terms and conditions set forth in: (i) that certain engagement letter dated December 10, 2018, and (ii) that certain statement of work (the "**Original SOW**") under that certain Master Services Agreement number 4400009506 (the "**MSA**"), all of which were attached to the Kazmierowski Declaration as **Exhibits 1-A** through **Exhibit 1-C** (collectively, the "**Original Engagement Agreements**"). On September 10, 2019, the Court entered an order approving the retention of WTW [Docket No. 3856] (the "**WTW Retention Order**").

As described in greater detail in the Supplemental Kazmierowski Declaration, following the Petition Date, the terms of certain of the Original Engagement Agreements expired and the Debtors have requested that WTW continue to perform work thereunder (the "**Supplemental SOW**"), attached to the Supplemental Kazmierowski Declaration as **Exhibit 1-D**. The Supplemental SOW will be performed under the MSA. The Debtors submit this Supplemental Application for entry of an order authorizing them to retain WTW to provide services in accordance with the Supplemental SOW, the terms of which are described below.

### III. SCOPE OF SUPPLEMENTAL SERVICES

Pursuant to the terms and conditions of the Supplemental SOW, the Debtors seek to continue to retain WTW to provide, among other things, the following services:

a) Providing compensation consulting for the Debtors and their advisors;

b) Work with the Utility's Board of Directors' Compensation Committee, management, and advisors on competitive benchmarking, incentive design, and other related requests and analyses;

c) Provide services related to these Chapter 11 Cases, including the preparation of declarations, participation in depositions, provision of expert testimony, and meetings with the Utility's management and advisors.

As disclosed in the WTW Retention Application, the Debtors also employ WTW in the ordinary course of their business entirely unrelated to the pendency of these Chapter 11 Cases and in the same manner and for the same or similar services as those conducted by WTW prior to the Petition Date. Such

services include, but are not limited to, reporting services related to the Debtors' retirement programs, services related to the Debtors' pension administration, services related to the review of worker's compensation claims, pharmacy benefit management services, and audit services of leave and disability claim processes. These services are performed under terms and conditions set forth in distinct contract work authorizations by and between the Debtors and WTW, issued pursuant to the MSA, and are not the subject of this Supplemental Application and shall be continued in the ordinary course.

In addition to the foregoing, at the request of the Debtors, WTW may provide additional services deemed appropriate and necessary to benefit the Debtors' estates. Should WTW agree in its discretion to undertake any such matter that is outside the services conducted by WTW in the ordinary course of business and unrelated to the Chapter 11 Cases, WTW and the Debtors will seek additional separate retention orders with regard to any such additional agreements and the services provided therein will not be subject to the fee limit described below.

### IV. WTW'S DISINTERESTEDNESS

Based upon the Supplemental Kazmierowski Declaration, the Debtors submit that WTW remains a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code. The Debtors have been informed that WTW will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise. If any new relevant facts or relationships are discovered, WTW will further supplement its disclosure to the Court.

### V. NO DUPLICATION OF SERVICES

The Debtors intend that the services of WTW will complement, and not duplicate, the services being rendered by other professionals retained in these Chapter 11 Cases. WTW understands that the Debtors have retained and may retain additional professionals during the term of the engagement. WTW has worked and will continue to work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtors.

### VI. PROFESSIONAL COMPENSATION

As set forth in the Supplemental Kazmierowski Declaration, WTW will continue to apply to the Court for allowances and reimbursement of expenses in accordance with the applicable provisions of the

Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees, effective February 19, 2014 (the "**Local Guidelines**"), the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), the Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 701] and any further Orders of the Court in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses (the "**Orders**"). Subject to the provisions of the Bankruptcy Code, Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and the Orders, the Debtors propose to continue to compensate WTW as contemplated in the Original Engagement Agreements on an hourly basis subject to the fee limit as described below.

**Hourly Fees**

Pursuant to the Original Engagement Agreements, WTW will charge the Debtors on a time and expense basis. Billing rates are evaluated periodically to ensure they are consistent with market practice and may change over time. The current hourly rates for the levels of personnel expected to work on this matter are as follows:

| Position | Rate |
|---|---|
| Managing Director | $1,000 - $1,200 |
| Senior Director | $800 - $1,000 |
| Director | $600 - $800 |
| Analyst / Other Associates | $175 - $615 |

**Fee Limits**

In the Supplemental SOW, WTW has agreed to cap its fees payable under the Supplemental SOW at $741,063.00. As of the date hereof, WTW has not received any payments pursuant to the Supplemental SOW. WTW recognizes and has agreed to accept as compensation such sums as may be allowed by the Court and understands that interim and final fee awards are subject to approval by the Court.

The Debtors respectfully submit that WTW's rates and policies stated in the WTW Retention Application and the Initial Kazmierowski Declaration and restated in the Supplemental Kazmierowski Declaration are reasonable given the nature of these Chapter 11 Cases.

## VII. NOTICE

Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order (i) granting the relief requested herein as a sound exercise of the Debtors' business judgment and in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest, and (ii) such other and further relief as the Court may deem just and appropriate.

| | | |
|---|---|---|
| Dated: January 22, 2020 | | **WEIL, GOTSHAL & MANGES LLP** |
| | | **KELLER & BENVENUTTI LLP** |
| | | By: */s/ Dara L. Silveira* |
| | | Dara L. Silveira |
| | | *Attorneys for Debtors and Debtors in Possession* |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119