**Exhibit 1-D**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>   - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                                 **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**SUPPLEMENTAL DECLARATION OF MARK J. KAZMIEROWSKI IN SUPPORT OF SUPPLEMENTAL APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO AMEND THE SCOPE OF THE RETENTION OF WILLIS TOWERS WATSON US LLC AS HUMAN RESOURCE AND COMPENSATION CONSULTANTS *NUNC PRO TUNC* TO NOVEMBER 19, 2019**<br><br>[No Hearing Date Requested] |

|  | Pursuant 28 U.S.C. § 1746, I, Mark J. Kazmierowski, hereby declare as follows: |
|---|---|

1. Pursuant 28 U.S.C. § 1746, I, Mark J. Kazmierowski, hereby declare as follows:

2. I am a Senior Director of the firm Willis Towers Watson US LLC f/k/a Towers Watson Delaware Inc. ("**WTW**"), with principal offices located at 345 California Street, Suite 2000, San Francisco, CA 94104 -2612.

3. I am duly authorized to make this supplemental declaration (this "**Supplemental Kazmierowski Declaration**") on behalf of WTW. Unless otherwise stated herein, I have personal knowledge of the facts set forth herein.

4. I submit this Supplemental Kazmierowski Declaration (i) in support of the *Supplemental Application of Debtors Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Amend the Scope of the Retention of Willis Towers Watson US LLC as Human Resource and Compensation Consultants Nunc Pro Tunc to November 19, 2019* (the "**Supplemental Application**") and (ii) in compliance with the *Order Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) and 2016 Authorizing the Debtors to Retain and Employ Willis Towers Watson US LLC as Human Resource and Compensation Consultants Nunc Pro Tunc to the Petition Date* [Docket No. 3856] (the "**WTW Retention Order**").[1]

5. On August 21, 2019, the Debtors filed the *Application of Debtors Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Retain and Employ Willis Towers Watson US LLC as Human Resource and Compensation Consultants Nunc Pro Tunc to the Petition Date* [Docket No. 3649] (the "**WTW Retention Application**"). Thereafter, on September 10, 2019, the Bankruptcy Court entered the WTW Retention Order. Pursuant to the WTW Retention Order, the Debtors are required to seek Bankruptcy Court approval to the extent they request that WTW perform any service other than those set forth therein.

6. This Supplemental Kazmierowski Declaration is a supplement to my original declaration dated August 21, 2019 [Docket No. 3650] (the "**Kazmierowski Declaration**") in connection with the retention of WTW as human resource and compensation consultants for PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Supplemental Application.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

"**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I hereby incorporate by reference the Kazmierowski Declaration as if its contents were set forth fully herein.

**Scope of Supplemental Services**

Following the Petition Date, the terms of certain of the Original Engagement Agreements expired and the Debtors have requested that WTW continue to perform services thereunder, pursuant to a new Statement of Work dated November 19, 2019 (the "**Supplemental SOW**"), attached hereto as **Exhibit 1-D**. The Supplemental SOW will be performed subject to the Master Services Agreement number 4400009506 (the "**MSA**"), which was attached as **Exhibit 1-B** to the Kazmierowski Declaration.

Pursuant to the terms and conditions of the Supplemental SOW, the Debtors seek to continue to retain WTW to provide, among other things, the following services:

a) Providing compensation consulting for the Debtors and their advisors;

b) Work with the Utility's Board of Directors' Compensation Committee, management, and advisors on competitive benchmarking, incentive design, and other related requests and analyses;

c) Provide services related to these Chapter 11 Cases, including the preparation of declarations, participation in depositions, provision of expert testimony, and meetings with the Utility's management and advisors.

The Debtors also employ WTW in the ordinary course of their business entirely unrelated to the pendency of these Chapter 11 Cases and in the same manner and for the same or similar services as those conducted by WTW prior to the Petition Date. Such services include, but are not limited to, reporting services related to the Debtors' retirement programs, services related to Debtors' rewards programs, services related to the Debtors' pension administration, services related to the review of worker's compensation claims, pharmacy benefit management services, and audit services of leave and disability claim processes. These services are performed under terms and conditions set forth in distinct contract work authorizations by and between the Debtors and WTW, issued pursuant to the MSA, and are not the subject of this Supplemental Application and shall be continued in the ordinary course.

In addition to the foregoing, at the request of the Debtors, WTW may provide additional services deemed appropriate and necessary to benefit the Debtors' estates. Should WTW agree in its discretion to undertake any such matter that is outside the services conducted by WTW in the ordinary course of

business and unrelated to the Chapter 11 Cases, WTW and the Debtors will seek additional separate retention orders with regard to any such additional agreements and the services provided therein will not be subject to the fee limit described below.

### WTW's Disinterestedness

To the best of my knowledge and based upon the results of the relationship search described above and disclosed herein, WTW neither holds nor represents an interest adverse to the Debtors' estates that would impair WTW's ability to objectively perform professional services for the Debtors, in accordance with section 327 of the Bankruptcy Code. To the best of my knowledge, WTW continues to be a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that WTW: (i) is not a creditor, an equity security holder, or an insider of the Debtors; (ii) is not and was not, within two years before the date of filing of these Chapter 11 Cases, a director, officer, or employee of the Debtors; and (iii) does not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason. WTW has not provided, and will not provide, any professional services to any of the creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to these Chapter 11 Cases.

### No Duplication of Services

It is my understanding that the Debtors intend that the services of WTW will complement, and not duplicate, the services being rendered by other professionals retained in these Chapter 11 Cases. WTW understands that the Debtors have retained and may retain additional professionals during the term of the engagement. WTW has worked and will continue to work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtors.

### Professional Compensation

WTW will continue to apply to the Court for allowances and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankrupcy Local Rules, the United States Bankruptcy Court Northern District of California Guidelines

for Compensation and Expense Reimbursement of Professionals and Trustees, effective February 19, 2014 (the "**Local Guidelines**"), the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), the Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 701] and any further Orders of the Court in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses (the "**Orders**"). Subject to the provisions of the Bankruptcy Code, Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and the Orders, the Debtors propose to continue to compensate WTW as contemplated in the Original Engagement Agreements on an hourly basis subject to the fee limit as described below.

Hourly Fees

Pursuant to the Original Engagement Agreements, WTW will charge the Debtors on a time and expense basis. Billing rates are evaluated periodically to ensure they are consistent with market practice and may change over time. The current hourly rates for the levels of personnel expected to work on this matter are as follows:

| Position | Rate |
|---|---|
| Managing Director | $1,000 - $1,200 |
| Senior Director | $800 - $1,000 |
| Director | $600 - $800 |
| Analyst / Other Associates | $175 - $615 |

Fee Limits

In the Supplemental SOW, WTW has agreed to cap its fees payable at $741,063.00. As of the date hereof, WTW has not received any payments pursuant to the Supplemental SOW. WTW recognizes and has agreed to accept as compensation such sums as may be allowed by the Court and understands that interim and final fee awards are subject to approval by the Court.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated January 21, 2020

/s/ *Mark J. Kazmierowski*
Mark J. Kazmierowski
Senior Director, Willis Towers Watson US LLC
f/k/a Towers Watson Delaware Inc.
345 California Street, Suite 2000
San Francisco, CA 94104-2612