**LABATON SUCHAROW LLP**
Thomas A. Dubbs
Carol C. Villegas
Jeffrey A. Dubbin (SBN 287199)
140 Broadway
New York, New York 10005

*Lead Counsel to Lead Plaintiff and the Class*

**MICHELSON LAW GROUP**
Randy Michelson (SBN 114095)
220 Montgomery Street, Suite 2100
San Francisco, California 94104

*Bankruptcy Counsel to Lead Plaintiff and the Class*

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin (*pro hac vice*)
Andrew Behlmann (*pro hac vice*)
Scott Cargill
Nicole Fulfree
Colleen Maker
One Lowenstein Drive
Roseland, New Jersey 07068

*Bankruptcy Counsel to Lead Plaintiff and the Class*

*(additional counsel on Exhibit A)*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☒ Affects Both Debtors<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company | Case No. 19-30088 (DM) (Lead Case)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>***EX PARTE* APPLICATION FOR ORDER PURSUANT TO B.L.R. 9013-1(c) AUTHORIZING OVERSIZE REPLY BRIEF IN SUPPORT OF SECURITIES LEAD PLAINTIFF'S MOTION TO APPLY BANKRUPTCY RULE 7023 TO CLASS PROOF OF CLAIM**<br><br>**(No Hearing Requested)** |

Public Employees Retirement Association of New Mexico ("**Lead Plaintiff**"), the court-appointed lead plaintiff in the securities class action captioned as *In re PG&E Corporation Securities Litigation*, Case No. 18-03509 (the "**Securities Litigation**"), pending in the United

36328/2

States District Court for the Northern District of California, on behalf of itself and the proposed class it represents in the Securities Litigation (the "**Class**"), together with York County on behalf of the County of York Retirement Fund, City of Warren Police and Fire Retirement System, and Mid-Jersey Trucking Industry & Local No. 701 Pension Fund, hereby submit this *Ex Parte* Application (the "**Application**"), pursuant to Rule 9013-1(c) of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for entry of an order, substantially in the form submitted herewith (the "**Proposed Order**"), authorizing the Lead Plaintiff to file an oversize reply brief (the "**Reply**") in support of its Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim (the "**Motion**").

For the reasons set forth below, the Application should be granted.

## ARGUMENT

### A. An Oversize Reply Brief is Warranted

Bankruptcy Local Rule 9013-1(c) provides that, "[u]nless the Court expressly orders otherwise, the initial and response memoranda of points and authorities shall not exceed 25 pages of text, and reply memorandum shall not exceed 15 pages of text." B.L.R. 9013-1(c).

Lead Plaintiff submits that sufficient cause exists for the Court to allow an oversize reply brief in support of the Motion. First, the issues raised in the Motion are varied and complex. They involve application of a two-step analysis, the first step of which is the subject of the Motion and involves consideration of various factors. *See In re Chaparral Energy, Inc.*, 571 B.R. 642 (Bankr. D. Del. 2017); *In re Musicland Holding Corp.*, 362 B.R. 644 (Bankr. S.D.N.Y. 2007). Second, both the Debtors and the Official Committee of Tort Creditors (the "**TCC**") have filed lengthy oppositions to the Motion. The Debtors' opposition brief contains 23 pages of text and relies on three declarations and a request for judicial notice. [ECF 5369 – 5372, and 5374]. The TCC opposition (the "**TCC Objection**") has 21 pages of text. [ECF 5373]. Perhaps more important

than the length of the TCC Objection is that it raises issues which, as addressed in more detail in the Reply, are both meritless and entirely unrelated to the Motion.

Finally, in seeking the application of Bankruptcy Rule 7023 and eventual certification of the Class if the Motion is granted, the Motion is designed to protect and preserve the rights and claims of thousands of absent Class members, who will otherwise be without a remedy. Accordingly, Lead Plaintiff believes it is appropriate to request authority for its reply brief in support of the Motion to exceed the 15 pages of text allowed under Bankruptcy Local Rule 9013-1(c).

**B. Notice**

Notice of this Application will be provided to the Standard Parties and the Rule 2002 Parties, as those Parties are defined in Sections 5 and 6 of the Court's *Second Amended Order Implementing Certain Notice and Case Management Procedures*. [ECF 1996]. Lead Plaintiff respectfully submits that no further notice is required.

**C. No Previous Request for Relief**

No previous request for the relief sought herein has been made by Lead Plaintiff in this or any other court.

## **CONCLUSION**

WHEREFORE, Lead Plaintiff respectfully requests entry of the Proposed Order authorizing it to file a Reply in excess of 15 pages of text, but not to exceed 25 pages of text (exclusive of any schedules or exhibits thereto and/or any declarations filed in connection therewith), and such other and further relief as the Court may deem just and proper.

[ *signature page follows* ]

Dated: January 22, 2020

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**
**MICHELSON LAW GROUP**

By: /s/ Randy Michelson
Randy Michelson (SBN 114095)

*Bankruptcy Counsel to Lead Plaintiff and the Class*

- and -

**LABATON SUCHAROW LLP**

*Lead Counsel to Lead Plaintiff and the Class*

- and -

**WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK, LLP**

*Liaison Counsel for the Class*

- and -

**ROBBINS GELLER RUDMAN & DOWD LLP**

*Counsel for the Securities Act Plaintiffs*

- and -

**VANOVERBEKE, MICHAUD & TIMMONY, P.C.**

*Additional Counsel for the Securities Act Plaintiffs*

# EXHIBIT A
## COUNSEL

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin *(Pro Hac Vice)*
Andrew Behlmann
Nicole Fulfree
Colleen Maker
Scott Cargill
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone  973-597-2500
Facsimile  973-597-2333
metkin@lowenstein.com
abehlmann@lowenstein.com

**MICHELSON LAW GROUP**
Randy Michelson, Esq. (SBN 114095)
220 Montgomery Street, Suite 2100
San Francisco, CA 94104
Telephone  415-512-8600
Facsimile  415-512-8601
randy.michelson@michelsonlawgroup.com

*Bankruptcy Counsel to Lead Plaintiff and the Class*

**LABATON SUCHAROW LLP**
Thomas A. Dubbs
Louis Gottlieb
Carol C. Villegas
Jeffrey A. Dubbin (SBN 287199)
Aram Boghosian
140 Broadway
New York, New York 10005
Telephone  212-907-0700
tdubbs@labaton.com
lgottlieb@labaton.com
cvillegas@labaton.com
jdubbin@labaton.com
aboghosian@labaton.com

**WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK, LLP**
James M. Wagstaffe (SBN 95535)
Frank Busch (SBN 258288)
100 Pine Street, Suite 725
San Francisco, California 94111
Telephone  415-357-8900
wagstaffe@wvbrlaw.com
busch@wvbrlaw.com

*Liaison Counsel for the Class*

*Lead Counsel to Lead Plaintiff and the Class*

**ROBBINS GELLER RUDMAN & DOWD LLP**
Darren J. Robbins (SBN 168593)
Brian E. Cochran (SBN 286202)
655 West Broadway, Suite 1900
San Diego, California 92101
Telephone  619-231-1058
darrenr@rgrdlaw.com
bcochran@rgrdlaw.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
Willow E. Radcliffe (SBN 200089)
Kenneth J. Black (SBN 291871)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, California 94104
Telephone  415-288-4545
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

**VANOVERBEKE, MICHAUD & TIMMONY, P.C.**
Thomas C. Michaud
79 Alfred Street
Detroit, Michigan 48201
Telephone  313-578-1200
tmichaud@vmtlaw.com

*Additional Counsel for the Securities Act Plaintiffs*

# EXHIBIT B
# RESERVATION OF RIGHTS

The Application and any subsequent pleading, appearance, argument, claim, or suit made or filed by Lead Plaintiff, either individually or for the Class or any member thereof, do not, shall not, and shall not be deemed to:

    a. constitute a submission by Lead Plaintiff, either individually or for the Class or any member thereof, to the jurisdiction of the Bankruptcy Court;

    b. constitute consent by Lead Plaintiff, either individually or for the Class or any member thereof, to entry by the Bankruptcy Court of any final order or judgment, or any other order having the effect of a final order or judgment, in any non-core proceeding, which consent is hereby withheld unless, and solely to the extent, expressly granted in the future with respect to a specific matter or proceeding;

    c. waive any substantive or procedural rights of Lead Plaintiff or the Class or any member thereof, including but not limited to (a) the right to challenge the constitutional authority of the Bankruptcy Court to enter a final order or judgment, or any other order having the effect of a final order or judgment, on any matter; (b) the right to have final orders and judgments, and any other order having the effect of a final order or judgment, in non-core matters entered only after de novo review by a United States District Court judge; (c) the right to trial by jury in any proceedings so triable herein, in the Chapter 11 Cases, including all adversary proceedings and other related cases and proceedings (collectively, "Related Proceedings"), in the Securities Litigation, or in any other case, controversy, or proceeding related to or arising from the Debtors, the Chapter 11 Cases, any Related Proceedings, or the Securities Litigation; (d) the right to seek withdrawal of the bankruptcy reference by a United States District Court in any matter subject to mandatory or discretionary withdrawal; or (e) all other rights, claims, actions, arguments, counterarguments, defenses, setoffs, or recoupments to which Lead Plaintiff or the Class or any member thereof are or may be entitled under agreements, at law, in equity, or otherwise, all of which rights, claims, actions, arguments, counterarguments, defenses, setoffs, and recoupments are expressly reserved.

For the avoidance of doubt, Lead Plaintiff, on behalf of itself and the Class, does not, and will not impliedly, consent to this Court's adjudication of the claims asserted against any Non-Debtor Defendants now or hereafter named in the Securities Litigation.