

**WEIL, GOTSHAL & MANGES LLP**
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
New York, NY 10153-0119
Tel:    (212) 310-8000
Fax:    (212) 310-8007

**KELLER & BENVENUTTI LLP**
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel:    (415) 496-6723
Fax:    (415) 636-9251

*Attorneys for Debtors and Debtors in Possession*

Signed and Filed: January 22, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

*Weil, Gotshal & Manges LLP*
*767 Fifth Avenue*
*New York, NY 10153-0119*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**,<br><br>          **- and -**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY**,<br><br>                    **Debtors**.<br><br>☐  Affects PG&E Corporation<br>☑  Affects Pacific Gas and Electric Company<br>☐  Affects both Debtors<br><br>*\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**ORDER APPROVING STIPULATION BETWEEN DEBTOR PACIFIC GAS AND ELECTRIC COMPANY AND TIGER NATURAL GAS, INC.  FOR LIMITED RELIEF FROM THE AUTOMATIC STAY**<br><br>[Relates to Dkt. Nos. 4321-4322]<br><br>[Regarding Motion Set for Hearing February 26, 2020 at 10:00 am] |

On consideration of the *Stipulation Between Debtor Pacific Gas and Electric Company and Tiger Natural Gas, Inc. for Limited Relief from the Automatic Stay*, filed January 21, 2020 as Docket No. 5431 (the "**Stipulation**"),[1] between Tiger Natural Gas, Inc. ("**Tiger**") and Pacific Gas and Electric Company (the "**Utility**" or "**Debtor**"), one of the debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), in resolution of Tiger's *Motion for Relief from Stay Pursuant to 11 U.S.C. § 362(d)(1)* [Dkt. 4322] (the "**Motion**"); and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California, and to consider the Stipulation and its provisions pursuant to that same authority and Federal Rule of Bankruptcy Procedure 4001(d)(4); and consideration of the Motion, the Stipulation and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and sufficient to afford reasonable notice of the material provisions of the Stipulation and opportunity for hearing; and it appearing that no other or further notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for approval of the Stipulation; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor, and good cause appearing,

IT IS HEREBY ORDERED:

1. The Stipulation is approved.

2. The February 26 Hearing shall be taken off calendar.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Stipulation.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

3.      The Parties shall promptly engage in good faith settlement negotiations with respect to the Tiger Action. To that end, the Parties agree to engage a mediation neutral – Hon. Carl J. West (ret.), who has assisted the Parties in prior settlement efforts, if he is available; and if not, a neutral selected by mutual agreement – to serve as a settlement facilitator in the Parties' informal settlement negotiations and, if those negotiations do not result in a settlement of the Tiger Action, to conduct a formal mediation session (the "**Mediation**") on a mutually agreeable date that will afford sufficient time for informal settlement efforts before the Mediation.

4.      The automatic stay shall immediately be modified, to the extent necessary, to permit the Parties to engage in the settlement and mediation activities described in para. 3 above. The automatic stay shall remain in place for all other purposes.

5.      If the Parties' settlement efforts, including the Mediation, do not result in a settlement between Utility and Tiger, Tiger may put the Motion back on calendar on reasonable notice.

6.      This Court shall retain jurisdiction to resolve any dispute regarding, and to enforce, the terms of this Stipulation and the order approving it.

Approved:

Dated: January 21, 2020

HOLLAND & KNIGHT LLP

/s/ *Leah E. Capritta*

Leah E. Capritta

*Attorneys for Tiger Natural Gas, Inc.*

* * * END OF ORDER * * *