# EXHIBIT 2

**BEFORE THE PUBLIC UTILITIES COMMISSION
OF THE STATE OF CALIFORNIA**

| | |
|---|---|
| Order Instituting Investigation on the Commission's Own Motion to Consider the Ratemaking and Other Implications of a Proposed Plan for Resolution of Voluntary Cases filed by Pacific Gas and Electric Company Pursuant to Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court, Northern District of California, San Francisco Division, In re Pacific Gas and Electric Corporation and Pacific Gas and Electric Company, Case No. 19-30088. | INVESTIGATION 19-09-016 |

**PACIFIC GAS AND ELECTRIC COMPANY'S (U 39 M)
MOTION TO MODIFY SCHEDULE**

Pursuant to Rule 11.1 of the Commission's Rules of Practice and Procedure, Pacific Gas and Electric Company (together with PG&E Corporation, "PG&E") respectfully submits this motion to modify the schedule of this proceeding by moving back scheduled dates for the service of opening and reply testimony by two weeks, and moving back the dates of hearings and post-hearing briefing to a lesser extent. PG&E respectfully requests a ruling on this motion by the close of business on Friday, January 17, 2020.

The requested schedule modification would permit the parties and the Commission to consider testimony describing further developments that may result from ongoing discussions with the Ad Hoc Committee of Bondholders ("AHC") regarding a potential settlement. The AHC supports the relief sought in this motion. In addition, an extension would permit the presentation of consolidated opening testimony describing any further amendments to PG&E's Plan of Reorganization that may result from ongoing discussions with the California Governor's Office (the "Governor's Office").

**I.      Background**

On December 12, 2019, PG&E filed with the Bankruptcy Court Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated December 12, 2019 (the "PG&E Plan"). On December 27, 2019, the Administrative Law Judge's Ruling Modifying Schedule required testimony of plan proponents to be served on January 22, 2020, reply testimony to be served on February 7, 2020, and evidentiary hearings to begin on February 18, 2020, with post-hearing briefing to follow.[1]

**II.     Discussion**

The pendency of discussions with the AHC justifies modifying the schedule of this proceeding. On January 14, 2020, PG&E and the AHC appeared in the Bankruptcy Court for a hearing on the issue of whether the payment of "make whole premiums" was required in connection with the refinancing of certain outstanding notes pursuant to the PG&E Plan. The Court was advised that the parties are engaged in settlement discussions and requested a one-week postponement of the hearing, which was granted.

By postponing the currently scheduled dates for the service of testimony by two weeks, PG&E and the AHC will have the opportunity to bring these discussions to conclusion, which in turn would enable the Commission and the parties to receive testimony that would reflect any resulting developments, including any amendments to the PG&E Plan.

In addition, an extension would permit PG&E to provide updated testimony reflecting and addressing any further amendments to the PG&E Plan that may result from ongoing discussions with the Governor's Office. In a letter dated December 13, 2019, Governor Gavin Newsom set forth his views regarding the PG&E Plan, including certain modifications that, in

---

[1] In a statement submitted in advance of the Prehearing Conference, PG&E suggested a modified schedule for testimony, but noted that the schedule was premised on PG&E being able to present pertinent information by the due date, and that PG&E "reserves the possibility that it may request that the Commission further change the schedule based on circumstances in early January." Pacific Gas and Electric Company's (U 39 M) Prehearing Conference Statement, I.19-09-016 (Dec. 19, 2019), at p. 6 n.9.

Case: 19-30088    Doc# 5458-2    Filed: 01/22/20    Entered: 01/22/20 17:51:16    Page 3 of 6

his view, would be needed for the plan to comply with the requirements for participation in the Wildfire Fund established by Assembly Bill ("AB") 1054.  PG&E currently is engaged in ongoing discussions with representatives of the Governor's Office regarding PG&E's Plan, which PG&E expects will lead to amendments of the current PG&E Plan.

Were PG&E to serve testimony on January 22, 2020 describing the PG&E Plan, significant portions of that testimony would likely quickly become out of date.  For example, the financing of the PG&E Plan likely would materially change if there is a settlement between PG&E and the AHC, and potentially also based on the ongoing discussions with the Governor's Office.  No purpose would be served by testimony describing the financing in the PG&E Plan, which PG&E expects will be amended in the near future.  Likewise, PG&E anticipates that the ongoing discussions with the Governor's Office will lead to material changes to certain non-financial terms of the PG&E Plan, such as governance.

In view of the foregoing, the schedule should be extended.  This would create an opportunity for a single consolidated description and presentation that takes into account the anticipated imminent developments, and would allow other parties to respond to a single set of testimony describing the most up-to-date terms of the PG&E Plan as it may be amended.  Based on the current status of discussions with the AHC and with the Governor's Office, PG&E believes that a two week extension to the schedule for testimony is warranted.

PG&E recognizes that the requested extension will compress the time available to the Commission and the parties to complete this proceeding by May 2020, but believes that, on balance, the extension is warranted in order to permit the orderly creation of a full and fair record.  To mitigate the impact of the requested extension on the Commission, PG&E proposes to reduce the interval between service of reply testimony and the commencement of hearings.

The schedule that would result from the modification PG&E proposes would be as follows:

|  | **Current Date** | **Proposed Date** |
|---|---|---|
| Testimony of Plan Proponents | January 22, 2020 | February 5, 2020 |
| Reply Testimony | February 7, 2020 | February 21, 2020 |
| Evidentiary Hearings | February 18-28, 2020 | February 26-March 10, 2020 |
| Post-Hearing Opening Briefs | March 13, 2020 | March 24, 2020 |
| Post-Hearing Reply Briefs | March 20, 2020 | March 31, 2020 |

In the event that this motion is not granted, it will require PG&E to serve revised and supplemental testimony shortly after the opening testimony to address revisions to the PG&E Plan based on further developments. This alternative approach is not preferred, however, as it would force the Commission and the parties to review the testimony in a piecemeal, confusing, and inefficient fashion, and, in any case, would likely require a comparable extension of time for reply testimony and hearings to afford other parties an opportunity to respond to those changes.

For the reasons stated in this motion, PG&E respectfully requests that the Commission modify the schedule of the proceeding in accordance with the schedule proposed above.

///

///

///

Dated: January 16, 2020

Respectfully Submitted,

HENRY WEISSMANN
KEVIN ALLRED
GIOVANNI SAARMAN GONZÁLEZ
TERESA REED DIPPO


By: */s/ Henry Weissmann*
        Henry Weissmann

Munger, Tolles & Olson LLP
350 South Grand Avenue
Los Angeles, CA 90071-3426
Telephone: (213) 683-9150
Facsimile: (213) 683-5150
E-Mail: henry.weissmann@mto.com

JANET C. LODUCA
WILLIAM V. MANHEIM

Pacific Gas and Electric Company
77 Beale Street, B30A
San Francisco, CA 94105
Telephone: (415) 973-6628
Facsimile: (415) 973-5520
E-Mail: William.Manheim@pge.com

Attorneys for PACIFIC GAS AND ELECTRIC COMPANY