| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP | CRAVATH, SWAINE & MOORE LLP |
| Stephen Karotkin (*pro hac vice*) | Paul H. Zumbro (*pro hac vice*) |
| (stephen.karotkin@weil.com) | (pzumbro@cravath.com) |
| Ray C. Schrock, P.C. (*pro hac vice*) | Kevin J. Orsini (*pro hac vice*) |
| (ray.schrock@weil.com) | (korsini@cravath.com) |
| Jessica Liou (*pro hac vice*) | Omid H. Nasab (*pro hac vice*) |
| (jessica.liou@weil.com) | (onasab@cravath.com) |
| Matthew Goren (*pro hac vice*) | 825 Eighth Avenue |
| (matthew.goren@weil.com) | New York, NY 10019 |
| 767 Fifth Avenue | Tel: 212 474 1000 |
| New York, NY 10153-0119 | Fax: 212 474 3700 |
| Tel: 212 310 8000 | |
| Fax: 212 310 8007 | |

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| Debtors. | **DEBTORS' REPLY TO THE OBJECTING CAMP FIRE CLAIMANTS' OBJECTION TO THE TUBBS SETTLEMENT MOTION [DKT. 5459] AND THE ADDITIONAL OBJECTING CAMP FIRE CLAIMANTS' JOINDER [DKT. 5472]** |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | Re: Docket Nos. 5282, 5459, 5472 |
| ☒ Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), are debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). On January 22, 2020, the Objecting Camp Fire Claimants[1] filed the *Objection to Debtors' Motion Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 for Entry of an Order (I) Authorizing the Debtors to Settle the Claims of Tubbs Preference Claimants and (II) Granted Related Relief; and Debtors' Motion Pursuant to 11 U.S.C. § § 105(a) and 107(b) and Fed. R. Bankr. P. 9018 for Entry of an Order Authorizing Redaction and Sealing of Confidential Information from Tubbs Settlement Documents*, (Dkt. 5459), (the "**Tubbs Sealing Objection**"). On January 23, 2020, the Additional Objecting Camp Fire Claimants[2] filed a joinder to the Tubbs Sealing Objection, (Dkt. 5472), (the "**Joinder**"). The Debtors hereby reply to the Tubbs Sealing Objection and the Joinder (the "**Reply**"). For the reasons set forth below, the Debtors respectfully submit that the Court should disregard the Tubbs Sealing Objection and the Joinder.

**REPLY**

**A. Background**

On December 9, 2019, the Debtors filed the *Debtors' Motion Pursuant to 11 U.S.C. § § 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 for Entry of an Order (I) Authorizing the Debtors and TCC to Enter into Restructuring Support Agreement with the TCC, Consenting Fire Claimant Professionals, and Shareholder Proponents, and (II) Granting Related Relief*, (Dkt. 5038), (the "**Tort Claimants RSA Motion**"). The Tort Claimants RSA Motion sought the Court's approval of the Restructuring Support Agreement, dated December 6, 2019 (as amended on December 16, 2019, the "**Tort Claimants RSA**"), among the Debtors, the Tort Claimants Committee (the "**TCC**"), the Consenting Fire Claimant Professionals, and the Shareholder Proponents (each as defined in the Tort Claimants RSA).

---

[1] As referenced herein, "Objecting Camp Fire Claimants" shall have the meaning ascribed to them in the Tubbs Sealing Objection. (*See* Dkt. 5459 at App'x A.)

[2] As referenced herein, "Additional Objecting Camp Fire Claimants" shall have the meaning ascribed to them in the Joinder. (*See* Dkt. 5472 at App'x A.)

Among other things, the Tort Claimants RSA, which was agreed to by the TCC and representatives of individuals holding over 70% in number of the Fire Victim Claims, provides that the Debtors shall:

> (i) [enter] into one or more settlement agreements settling all of the Tubbs Cases . . . which shall (A) allow such claims subject to payment solely from the Fire Victim[] Trust . . . (C) *be confidential and sealed*, and (D) not be admissible or introduced into evidence for any purpose in any proceeding, including without limitation the Estimation Matters or in any other case or proceeding in or related to the Chapter 11 Cases.

Tort Claimants RSA § 2(h), (Dkt. 5038-1 at 5) (emphasis added).

The deadline for parties to object to the Tort Claimants RSA Motion was December 13, 2019. (Dkt. 5038 at 1.) Despite the fact that, upon information and belief, the Objecting Camp Fire Claimants' counsel was deeply involved with the TCC in all discussions resulting in the TCC becoming party to the Tort Claimants RSA, the Objecting Camp Fire Claimants did not object to the motion. Indeed, no party objected to the provision of the RSA requiring the Debtors to settle the Tubbs Preference Claims[3] or to the provision that stated that such settlements would remain confidential. On December 17, 2019, the Court held a hearing and on the record, the Court granted the Tort Claimants RSA Motion. (Dec. 17, 2019 Hr'g Tr. at 302:3-9.) The Court issued a formal order authorizing the Debtors to enter into the Tort Claimants RSA and approving the terms thereof on December 19, 2019. (Dkt. 5174.) The approval of the Tort Claimants RSA was a milestone in the Debtors' continuing effort to confirm their plan of reorganization.

Relying on the Court's order and to comply with the provisions of the Tort Claimants RSA, the Debtors settled the Tubbs Cases and then on January 6, 2020 the Debtors filed: (i) *Debtors' Motion Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed R. Bankr. P. 6004 and 9019 For Entry of an Order (I) Authorizing the Debtors to Settle the Claims of Tubbs Preference Claimants and (II) Granting Related Relief*, (Dkt. 5282), (the "**Tubbs Settlement Motion**"); and (ii) *Debtors' Motion Pursuant to 11 U.S.C §§ 105(a) and 107(b) and Fed. R. Bankr. P. 9018 for Entry of an Order Authorizing Redaction and Sealing of Confidential Information from Tubbs Settlement Documents*,

---

[3] As defined in the Tubbs Settlement Motion, (Dkt. 5282).

(Dkt. 5284), (the "**Tubbs Sealing Motion**"). In the Tubbs Sealing Motion, the Debtors set forth in detail the reasons that redactions were necessary and appropriate and supported that motion with a declaration from Jessica Liou, an attorney for the Debtors, (Dkt. 5288). The Debtors also noted that, consistent with the terms of the Tort Claimants RSA approved by the Court, the professionals for the various official committees would be given the opportunity to review the Tubbs Settlements[4] in full before deciding whether to object to the Tubbs Settlement Motion. (Dkt. 5284 at 5, 9.) The Court granted the Tubbs Sealing Motion on January 7, 2020. (*See* Dkt. 5301.) After the Debtors moved to shorten time for a hearing on the Tubbs Settlement Motion, the Court set January 17, 2020 as the objection deadline. (Dkt. 5292 at 2.)

The Objecting Camp Fire Claimants filed the Tubbs Sealing Objection on January 22, and the Additional Objecting Camp Fire Claimants filed the Joinder on January 23, which dates are: (i) after the deadline for objecting to the Tort Claimants RSA Motion and its approval by the Court, (ii) after the Court granted the Tubbs Sealing Motion and (iii) after the deadline for objecting to the Tubbs Settlement Motion. No other party has objected either to the requested and ordered redactions or to the Tubbs Settlement Motion.

**B. Argument**

The Tubbs Sealing Objection and the Joinder should be given no weight for the following reasons.

*First*, as noted above, the Tort Claimants RSA Motion explicitly provided that the Debtors would settle the Tubbs Cases and that the settlement agreements would be confidential and sealed. Tort Claimants RSA § 2(h), (Dkt. 5038-1 at 5). Parties such as the Objecting Camp Fire Claimants and the Additional Objecting Camp Fire Claimants were provided the opportunity to object to the Tort Claimants RSA Motion and any provisions therein. Neither group objected. In fact, *no* party to these proceedings objected to the confidentiality provision. After the objection deadline passed, the Court approved of the confidentiality provisions in the Tort Claimants RSA in two separate

---

[4] As defined in the Tubbs Settlement Motion, (Dkt. 5282).

rulings—first, when the Court granted the Tort Claimants RSA Motion and second, when the Court granted the Tubbs Sealing Motion.

Notably, the Tubbs Sealing Objection was filed by attorneys who represent a member of the TCC—G.E.R. Hospitality, Inc.—and participated in discussions concerning the Tort Claimants RSA before it was executed and approved.[5] The TCC, which includes their client, approved the Tort Claimants RSA, including the provision requiring the Tubbs Settlements to remain confidential. Nonetheless, the Objecting Camp Fire Claimants' attorneys now somehow argue that "the confidentiality provision prevents the Objecting Camp Fire Claimants and other fire victims from evaluating the propriety of the settlements . . . ." (Dkt. 5459 at 2.) As the Court noted in granting the Tort Claimants RSA Motion, "frankly, it's [not] my role to second-guess the decisions of those victims who have told their lawyers, this is how we want to go with the plan . . . and I'm approving the two separate RSAs . . . ." (Dec. 17 Hr'g Tr. 300:10-12; 302:6-7.) Counsel for the Objecting Camp Fire Claimants represent members of the very committee the Court deferred to, and in that committee's judgment, the Tort Claimants RSA is a just and proper settlement of the wildfire claims held by their constituents. (*See* Dec. 17 Hr'g Tr. 94:23-24 ("The TCC would strongly urge the Court to approve the RSA"); 120:8-10 (TCC counsel noting discussions over "the Tubbs preference claims").) If these attorneys had an objection to the confidentiality of the Tubbs Settlements, they had an opportunity to raise that objection before the Court approved the Tort Claimants RSA. They had a second opportunity to raise concerns when the Debtors filed the Tubbs Sealing Motion. The same is true with respect to the Additional Camp Fire Objecting Claimants. Neither group took the opportunity to object at the proper time. Their untimely about face should be disregarded in light of the Court's two prior orders approving the confidential nature of the Tubbs Settlements.

*Second*, the Tubbs Sealing Objection and the Joinder are untimely even when considered solely through the lens of the Tubbs Settlement Motion. On January 7, 2020, the Court set

---

[5] According to the proofs of claim submitted by G.E.R. Hospitality, they are represented by the Law Offices of Francis O. Scarpulla. (*See, e.g.*, Claim No. 35.) Prior to the bankruptcy, G.E.R. Hospitality was the named plaintiff in a putative class action filed by that firm as well as the law firm of Hallisey and Johnson, PC. *See* Compl., *GER Hosp.,LLC v. PG&E Corp.*, No. SCV-261723 (Cal. Super. Ct. Dec. 22, 2017). Those are two of the three firms that filed the Tubbs Sealing Objection.

5

a January 17 deadline for all objections to the Tubbs Settlement Motion. (Dkt. 5292 at 3.) The Objecting Camp Fire Claimants and Additional Objecting Camp Fire Claimants disregarded that objection deadline and, respectively, filed their oppositions five and six days after the deadline passed. The late filings were made on the eve of the scheduled hearing on the motion and after the Debtors had already filed a notice requesting entry of a default order based on the absence of any objections being filed before the objection deadline, (Dkt. 5444).

*Third*, on its merits, the decision to enter into the Tubbs Settlements and the decision to seek confidential treatment for those settlements is reserved to the sound business judgment of the Debtors. *See City Sanitation v. Allied Waste Servs. of Mass., LLC (In re Am. Cartage, Inc.)*, 656 F.3d 82, 91-92 (1st Cir. 2011). The importance of the confidentiality of those settlements is set out at length in the Tubbs Sealing Motion. The Objecting Camp Fire Claimants and the Additional Objecting Camp Fire Claimants fail to present any facts or law establishing that confidentiality is inappropriate in these circumstances. The interests of all parties are adequately protected by the fact that the professionals for the court-appointed fiduciaries have had access to the Tubbs Settlements and, in exercising their own judgment and considering their fiduciary duties, have decided that an objection is not warranted.

*Fourth,* the arguments in the Joinder regarding "preference" and "secrecy" lack any support in law or fact. The Additional Objecting Camp Fire Claimants assert that the Tubbs Settlements are an unfair "preference" to the Tubbs Preference Claimants (Dkt. 5472 at 3), but such an argument reflects a misunderstanding of California law. The Tubbs Preference Claimants were permitted to proceed to trial before anyone else because of California's preference statute, which allows certain classes of individuals to receive fast-track trials. *See* Cal. Code Civ. Proc. § 36. As a result of being granted a fast-track trial, the Debtors needed to settle with the Tubbs Preference Claimants in order to reach a global resolution with the TCC in which the parties settle all of the individual wildfire claims. The Debtors were not affording any timing preference to the Tubbs Preference Claimants; California law provided for that treatment, and the Court relied on that law in granting those plaintiffs relief from the automatic stay. (*See* Dkt. 3571 at 2-3.) There is also no merit to the Additional Objecting Camp Fire Claimants' assertion that the confidentiality of the Tubbs Settlements is a violation of the law. (*See* Dkt. 5472 at 3.) The Joinder cites numerous cases about

government "secrecy," but none of those cases supports the proposition that it is improper for investor-owned utilities to enter confidential settlement agreements. The cases deal with topics such as rate-making proceedings and the sale of a utility's assets, which are irrelevant here. *See, e.g.*, *Cal. Portland Cement Co. v. Public Util. Comm.*, 315 P.2d 709 (Cal. 1957) (rate-making case). Accepting the Additional Objecting Camp Fire Claimants' arguments would mean that an investor-owned utility like PG&E could never make confidential filings in court proceedings. That, of course, is not the law.

## CONCLUSION

For the reasons set forth above, the Debtors respectfully request that the Court deny the Tubbs Sealing Objection and the Joinder.

Dated: January 24, 2020

**WEIL, GOTSHAL & MANGES LLP**
**CRAVATH, SWAINE & MOORE LLP**
**KELLER & BENVENUTTI LLP**

 /s/ *Kevin Orsini*

*Attorneys for Debtors and Debtors in Possession*