1  FRANK M. PITRE (SBN 100077)
   fpitre@cpmlegal.com
2  ALISON E. CORDOVA (SBN 284942)
   acordova@cpmlegal.com
3  **COTCHETT, PITRE & McCARTHY, LLP**
4  San Francisco Airport Office Center
   840 Malcolm Road, Suite 200
5  Burlingame, OA 94010
   Telephone: (650) 697-6000 Facsimile: (650) 697 0577
6
7  *Counsel for Tubbs Preference Plaintiffs*
   *(Wilson, Fourkas, Kamprath, and Berriz)*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Case No. 19-30088 (Jointly Administered) |
| **PG&E CORPORATION** | Chapter 11 |
| -and- | |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **RESPONSE TO OBJECTION TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 363(b) AND 105(a) AND FED. R. BANKR. P. 6004 AND 9019 FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO SETTLE THE CLAIMS OF TUBBS PREFERENCE CLAIMANTS AND (II) GRANTING RELATED RELIEF; AND DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 107(b) AND FED. R. BANKR. P. 9018 FOR ENTRY OF AN ORDER AUTHORIZING REDACTION AND SEALING OF CONFIDENTIAL INFORMATION FROM TUBBS SETTLEMENT DOCUMENTS [Dkt. No. 5459]** |
| **Debtors.** | |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ■ Affects both Debtors | |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | |
| | Date: January 29, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 94102 |

## I. INTRODUCTION

The objection should be denied because: (1) it is procedurally untimely; (2) all of the concerns raised relate to clearly enumerated terms in the RSA; (3) the terms of the RSA at issue were fully disclosed to the TCC (including the two TCC members represented by Attorneys Scarpulla, Hallisey and Balabanian) and the TCC unanimously approved it; (4) the terms of the RSA were filed publicly and approved by this Court; (5) there has been no change in facts or law to warrant re-evaluation of the RSA; (6) confidentiality of each individual Tubbs Settlement is important to the financial privacy of each victim who personally settled their case; (7) PG&E has required, as part of its business practice and judgment that all settlement agreements with fire victims be confidential dating back to the San Bruno Gas Explosion; and (8) the settlement amounts for Tubbs Preference Plaintiffs are simply "allowed claims" in the Bankruptcy, and shall be paid in accordance with the terms and procedures created by the Trustee of any future Fire Victim Trust. (See Declaration of Frank Pitre in Support ¶¶ 2 – 4).

## II. RESPONSE TO OBJECTION

### A. The Objection is Untimely.

Attorneys Scarpulla, Hallisey and Balabanian had two opportunities over the course of a month to lodge an objection to the RSA and the Tubbs Settlement Agreements, but failed to do so. Instead, five days after the Court-approved deadline to object to the Tubbs Settlement Agreements, attorneys Scarpulla, Hallisey and Balabanian raise issue with clearly enumerated terms of the Court-approved RSA. This delay and dissonance can only be explained by the major filing in this case that pre-dated the filing of their objection by mere hours: PG&E and the Ad Hoc Committee of Bondholders filed an RSA whereby the bondholders agreed to withdraw their plan.

### B. The Objection is Misinformed.

The objectors argue that "the [confidentiality] terms prevent the TCC and fire victims from

having an opportunity to evaluate how the settlements will impact the funds available in the eventual fire victims trust."

However, section 2(h) of the RSA states: "upon entry of the RSA Approval Order, the Debtors shall (i) have entered into one or more settlement agreements settling all of the Tubbs Cases (the "Tubbs Settlements"), which shall (A) allow such claims subject to payment solely from the Fire Victims Trust (as defined in the Term Sheet and provided in the Amended Plan) … ." The Term Sheet defines "Fire Victims Trust" as "one or more trusts established on the Effective Date to administer, process, settle, resolve, satisfy, and pay Fire Victim Claims." (pg. 3 of Term Sheet). Further, according to term 6.6, "On or before the Effective Date, the Fire Victim Trust shall be established. In accordance with the Plan, the Confirmation Order, the Fire Victim Trust Agreement and the Fire Victim Claims Resolution Procedures, the Fire Victim Trust <u>shall administer, process, settle, resolve, liquidate, satisfy, and pay *all* Fire Victim Claims</u>." (pg. 7 of Term Sheet [emphasis added]).

In summary, the settlement amounts for Tubbs Preference Plaintiffs are simply "allowed claims" in the Bankruptcy, and shall be paid in accordance with the terms and procedures created by the Trustee of any future Fire Victim Trust.

### C. <u>The Objection is a Misplaced Attack on the Court-Approved RSA</u>

1. <u>The RSA Required the Debtors to Enter Settlement Discussions with the Tubbs Preference Plaintiffs.</u>

Page four of the RSA, section 2(a) states: "the Debtors shall…(vi) promptly enter into discussions for the settlement of all the preference cases arising out of the Tubbs fire pending in the Superior Court for the State of California." After the RSA was approved by the TCC and Consenting Fire Professionals, the Debtors began settlement negotiations with the Tubbs Preference Plaintiffs and those negotiations were successful.

Case: 19-30088    Doc# 5497    Filed: 01/24/20    Entered: 01/24/20 18:26:14    Page 3 of 5

### 2. The RSA Requires All Tubbs Settlements be Confidential.

Page five of the RSA, section 2(h) states: "upon entry of the RSA Approval Order, the Debtors shall (i) have entered into one or more settlement agreements settling all of the Tubbs Cases (the "Tubbs Settlements"), which shall … (C) be confidential and sealed."

### 3. The RSA Bars Use of the Tubbs Settlements as Data Points

The objectors also argue that "the confidentiality provision prevents objecting Camp fire claimants and other fire victims from accessing critical data points that reflect PG&E's evaluation of claims". But section 2(h) of the RSA bans use of the Tubbs Settlements as data points in any proceeding: "upon entry of the RSA Approval Order, the Debtors shall (i) have entered into one or more settlement agreements settling all of the Tubbs Cases (the "Tubbs Settlements"), which shall … (D) not be admissible or introduced into evidence for any purpose in any proceeding, including without limitation the Estimation Matters or in any other case or proceeding in or related to the Chapter 11 Cases … ."

### 4. The RSA Directed the Debtors to Settle with the Tubbs Preference Plaintiffs

Finally, the objectors argue that "the confidentiality provision prevents the objecting Camp fire claimants and other fire victims from evaluating the propriety of the settlements, particularly since they were reached on the eve of trial and were effectively a prerequisite to the RSA". The TCC approved the RSA before settlement negotiations even began related to the Tubbs Preference cases, and the RSA clearly demanded that the Tubbs Preference cases be settled upon entry of the RSA Approval Order. Section 2(h) of the RSA states "upon entry of the RSA Approval Order, the Debtors shall (i) have entered into one or more settlement agreements settling all of the Tubbs Cases (the "Tubbs Settlements") … ."

The fact the Tubbs cases settled, as opposed to proceeding to trial, should not be seized upon to create a sinister motive behind the confidentiality provision. Confidentiality provisions are

standard, and they serve to not only protect the financial privacy of victims, but also are required by PG&E and have always been, dating back to the San Bruno Gas Explosion in 2010. (See Declaration of Frank Pitre in Support ¶ 3). Each of the Tubbs Settlements was negotiated on behalf of individual victims, and there is not good cause to invade their contractual and privacy rights, especially when those rights were clearly defined and approved by the TCC and this Court.

DATED: January 24, 2020

Respectfully submitted,

**COTCHETT, PITRE & McCARTHY, LLP**

By: /s/ Frank M. Pitre
    Frank. M. Pitre

*Attorneys for Tubbs Preference Plaintiffs and Claimants Armando & Carmen Berriz, Armando J. Berriz, Carmen T. Berriz, Arielle Lysacek, Luis Ocon, Monica Ocon, Elizabeth Fourkas, Alissa Fourkas, Pete Fourkas, Donald Louis Kamprath, Ruth Kamprath, Christina Wilson, Gregory Wilson, the Fourkas Family Trust, and the Donald L. Kamprath and Ruth Johnson Kamprath Revocable Trust*