Dario de Ghetaldi – Bar No. 126782
Amanda L. Riddle – Bar No. 215221
Steven M. Berki – Bar No. 245426
Sumble Manzoor – Bar No. 301704
**COREY, LUZAICH,**
**DE GHETALDI & RIDDLE LLP**
700 El Camino Real
P.O. Box 669
Millbrae, CA 94030-0669
Telephone: (650) 871-5666
Facsimile: (650) 871-4144
deg@coreylaw.com
alr@coreylaw.com
smb@coreylaw.com
sm@coreylaw.com

Michael S. Danko – Bar No. 111359
Kristine K. Meredith – Bar No. 158243
Shawn R. Miller – Bar No. 238447
**DANKO MEREDITH**
333 Twin Dolphin Drive, Suite 145
Redwood Shores, CA 94065
Telephone: (650) 453-3600
Facsimile: (650) 394-8672
mdanko@dankolaw.com
kmeredith@dankolaw.com
smiller@dankolaw.com

Eric Gibbs – Bar No. 178658
Dylan Hughes – Bar No. 209113
**GIBBS LAW GROUP**
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@classlawgroup.com
dsh@classlawgroup.com

Attorneys for Individual Fire Victim Creditors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PG&E CORPORATION and<br>PACIFIC GAS AND ELECTRIC<br>COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM) | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**DECLARATION IN SUPPORT OF JOINDER OF CERTAIN TUBBS PREFERENCE PLAINTIFFS IN SUPPORT OF RESPONSE TO OBJECTIONS TO TERMS OF TUBBS SETTLEMENT DOCUMENTS [DKT. 5459 & 5472]**<br><br>Re: Dkt. ## 5282, 5459, 5472, 5485, 5497, 5498, & 5500<br><br>Date: January 29, 2020<br>Time: 10:00 a.m.<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

I, Dario de Ghetaldi, hereby declare under penalty of perjury:

1. I am a partner in the firm of Corey, Luzaich, de Ghetaldi & Riddle LLP. Along with our co-counsel, our firm represents approximately 6,300 victims of the 2015 Butte Fire, the 2017 North Bay Fires, and the 2018 Camp Fire. I approved the terms of and executed the the Restructuring Support Agreement between the Debtor and the Tort Claimants (the "RSA").

2. I understood when I approved the terms of the RSA that the RSA called for the settlement of the all the preference cases arising out of the Tubbs Fire pending in the San Francisco Superior Court for the State of California (the "**Tubbs Cases**"), and that terms of those settlements would be kept confidential pursuant to ¶ 2(h) of the RSA that states in part as follows:

> "upon entry of the RSA Approval Order, the Debtors shall (i) have entered into one or more settlement agreements settling all of the Tubbs Cases (the "**Tubbs Settlements**"), which shall (A) allow such claims subject to payment solely from the Fire Victims Trust (as defined in the Term Sheet and provided in the Amended Plan), (B) be in form and substance satisfactory to the parties thereto, (C) ***be confidential and sealed***, and (D) not be admissible or introduced into evidence for any purpose in any proceeding, including without limitation the Estimation Matters or in any other case or proceeding in or related to the Chapter 11 Cases; and (ii) have filed a motion with the Bankruptcy Court seeking approval of the Tubbs Settlements on shortened notice. [Emphasis added.]"

3. In addition, the initial draft of the Trust Agreement, which I approved along with counsel for more than 70% of the Fire Victims, as well as by a majority of the members of the TCC, states that:

> "[T]he amount of any Fire Victim Claim that is approved, accepted, or disallowed in whole or in part ***shall not be disclosed to any person or entity other than to the Trustee, the Claims Administrator, Claims Processor, the Neutrals, the Fire Victim, the Fire Victim's authorized agent, or to any court of competent jurisdiction, and, in the latter case, only then in a document filed with the court under seal***. [Emphasis added.]"

/ / /

4. Our firm previously represented 142 victims of the San Bruno Explosion and Fire caused by PG&E in 2010 and settled each one of the cases brought by those victims against PG&E. Each of those settlements, including the amount to be paid, was kept confidential.

5. Our firm previously settled cases on behalf of approximately 130 Butte Fire Victims against PG&E. Each of those settlements, including the amount to be paid, was kept confidential.

6. Along with our co-counsel, we represented the following clients in the Tubbs Trial whose claims against Debtors were settled: Barbara W. Thompson, individually and as Trustee of the Barbara W. Thompson Revocable Living Trust, John Thompson, individually, Julia Megna, individually, Teagan Thompson, individually, Kira Thompson, individually, Peter Thompson, individually, Matthew Thompson, individually, and Lauren Altman, individually ("Tubbs Preference Plaintiffs").

7. Each of our Tubbs Preference Plaintiffs has an inalienable right to privacy guaranteed by Article 1, Section 1 of the California Constitution. In order to protect that right, the amount of compensation that they are to receive for the horrors and damages they suffered as a result of the Tubbs Fire should be kept confidential and shared only as necessary to have their claim resolved. Along with our co-counsel, our firm objects to having the amount of compensation that our Tubbs Preference Plaintiffs are to receive being made public.

8. We ask that the Court overrule the objections (Doc. ## 5459 and 5472) that seek to have those amounts made public, and join in the responses to those objections filed by the Debtors and counsel for other settling preference plainitffs in the Tubbs Cases (Doc. ## 5485, 5497, 5498, and 5500).

I declare under penalty of perjury that the foregoing is true and correct after reasonable inquiry to the best of my knowledge.

Executed on January 24, 2020, at Millbrae, California.

_____
Dario de Ghetaldi