Bill Robins, III (State Bar No. 296101)
Robert T. Bryson (State Bar No. 156193)
Kevin M. Pollack (State Bar No. 272786)
**ROBINS CLOUD LLP**
808 Wilshire Blvd., Suite 450
Santa Monica, CA 90401
Telephone: (310) 929-4200
Facsimile: (310) 566-5900
robins@robinscloud.com
rbryson@robinscloud.com
kpollack@robinscloud.com

Attorneys for Individual Fire Victim Creditors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PG&E CORPORATION and<br>PACIFIC GAS AND ELECTRIC<br>COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br>*All papers shall be filed in the Lead Case,<br>No. 19-30088 (DM) | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**DECLARATION IN SUPPORT OF JOINDER OF CERTAIN TUBBS PREFERENCE PLAINTIFFS IN SUPPORT OF RESPONSE TO OBJECTIONS TO TERMS OF TUBBS SETTLEMENT DOCUMENTS [DKT. 5459 & 5472]**<br><br>Re: Dkt. ## 5282, 5459, 5472, 5485, 5497, 5498, 5500, 5501 & 5502<br><br>Date: January 29, 2020<br>Time: 10:00 a.m.<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

I, Robert T. Bryson, hereby declare under penalty of perjury:

1. I am a partner in the firm of Robins Cloud LLP. Along with our co-counsel, our firm represents approximately 2,200 victims of the 2017 North Bay Fires, and the 2018 Camp Fire. Our law firm approved the terms of and executed the the Restructuring Support Agreement between the Debtor and the Tort Claimants (the "RSA").

2. We understood when we approved the terms of the RSA that the RSA called for the settlement of the all the preference cases arising out of the Tubbs Fire pending in the San Francisco

Superior Court for the State of California (the "**Tubbs Cases**"), and that terms of those settlements would be kept confidential pursuant to ¶ 2(h) of the RSA that states in part as follows:

> "upon entry of the RSA Approval Order, the Debtors shall (i) have entered into one or more settlement agreements settling all of the Tubbs Cases (the "**Tubbs Settlements**"), which shall (A) allow such claims subject to payment solely from the Fire Victims Trust (as defined in the Term Sheet and provided in the Amended Plan), (B) be in form and substance satisfactory to the parties thereto, (C) *be confidential and sealed*, and (D) not be admissible or introduced into evidence for any purpose in any proceeding, including without limitation the Estimation Matters or in any other case or proceeding in or related to the Chapter 11 Cases; and (ii) have filed a motion with the Bankruptcy Court seeking approval of the Tubbs Settlements on shortened notice. [Emphasis added.]"

3. In addition, the initial draft of the Trust Agreement, which we approved along with counsel for more than 70% of the Fire Victims, as well as by a majority of the members of the TCC, states that:

> "[T]he amount of any Fire Victim Claim that is approved, accepted, or disallowed in whole or in part *shall not be disclosed to any person or entity other than to the Trustee, the Claims Administrator, Claims Processor, the Neutrals, the Fire Victim, the Fire Victim's authorized agent, or to any court of competent jurisdiction, and, in the latter case, only then in a document filed with the court under seal*. [Emphasis added.]"

5. Along with our co-counsel, we represented the following clients in the Tubbs Trial whose claims against Debtors were settled: John Caslin individually and the John Caslin Trustee of the 1999 Caslin Revocable Trust U/D/T, and Phyllis Lowe individually and in her capacity as Trustee of the Lowe Family Trust, Randy Lowe in his capacity as Trustee of the Lowe Family Trust and the Lowe Family Trust. ("Tubbs Preference Plaintiffs").

6. Each of our Tubbs Preference Plaintiffs has an inalienable right to privacy guaranteed by Article 1, Section 1 of the California Constitution. In order to protect that right, the amount of compensation that they are to receive for the horrors and damages they suffered as a result of the Tubbs Fire should be kept confidential and shared only as necessary to have their claim resolved. Along with

our co-counsel, our firm objects to having the amount of compensation that our Tubbs Preference Plaintiffs are to receive being made public.

7. We ask that the Court overrule the objections (Doc. ## 5459 and 5472) that seek to have those amounts made public, and join in the responses to those objections filed by the Debtors and counsel for other settling preference plainitffs in the Tubbs Cases (Doc. Nos. 5282, 5459, 5472, 5485, 5497, 5498, 5500, 5501 and 5502.

I declare under penalty of perjury that the foregoing is true and correct after reasonable inquiry to the best of my knowledge.

Executed on January 25, 2020, at Santa Monica, California.

_____
Robert T. Bryson