GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

David M. Feldman
Direct: +1 212.351.2366
Fax: +1 212.351.6366
DFeldman@gibsondunn.com

January 27, 2020

VIA ECF FILING

The Honorable Dennis Montali
United States Bankruptcy Judge
450 Golden Gate Avenue, 16th Floor
San Francisco, CA 94102

Re:  *In re PG&E Corp., et al. (Case No. 19-30088)* - Ad Hoc Trade Committee's Statement in Connection with January 29, 2020 Status Conference

Dear Judge Montali:

We represent the Ad Hoc Committee of Holders of Trade Claims (the "Trade Committee").[1] We write in connection with the plan status conference on January 29, 2020 to address the Court's Docket Text Order of January 9, 2020, requesting that counsel be prepared to address whether the Court's Memorandum Decision on postpetition interest [D.I. 5226] (the "PPI Decision") should be certified for direct appeal to the Ninth Circuit Court of Appeals under 28 U.S.C. § 158(d)(2)(A) and/or certified as a final order under Federal Rule of Civil Procedure ("FRCP") 54(b).  In short, the Trade Committee intends to appeal the PPI Decision and believes that this appeal should be prosecuted as expeditiously as possible in advance of confirming any chapter 11 plan in these cases.  Certification of the PPI Decision as a final order for direct appeal to the Ninth Circuit will aid in providing the quickest path to resolving this dispute with finality and will facilitate all parties' goal of confirming a plan on the timeline set under AB 1054.

Since September 2019, the Court and the other parties in interest have recognized that the dispute regarding the proper rate of postpetition interest under any plan represents a "pivotal," "critical confirmation issue[]," and should be resolved prior to any later confirmation hearing.  *See, e.g.*, Hr'g Tr. Sept. 24, 2019, p. 26:8-13 (Court) ("But do you think it would be helpful and efficient . . . to deal with some of these pivotal legal questions at a time when there could be rulings but there also could be challenges later on by others."); *id.*, p. 26:18–20 (Debtors) ("Again, we have no objection to teeing up . . the two issues [that] relate to the federal judgment rate of interest and the make whole . . . .").  In fact, the Debtors have recognized the postpetition interest dispute as a "gating issue[] that should be addressed

---

[1] The Trade Committee consists of creditors holding over $308 million in trade claims against the Debtors. *See First Amended Verified Statement of Ad Hoc Committee of Holders of Trade Claims Pursuant to Bankruptcy Rule 2019* [D.I. 5060].

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

# GIBSON DUNN

early in the process." Hr'g Tr. Oct. 23, 2019, p. 32:10–14. The postpetition interest dispute is of such importance that, from the outset of scheduling discussions, the Court has recognized the likelihood that any ruling on this issue would be appealed. *See* Hr'g Tr. Sept. 24, 2019, p. 34:5–7 (recognizing that parties "might want to take interlocutory appeals"); *see also Order Establishing Pre-Confirmation Briefing and Hearing Schedule for Certain Legal Issues* [D.I. 4540], p. 6.

The recently announced Restructuring Support Agreement between the Debtors and consenting senior noteholders (the "Noteholder RSA") appears to resolve the postpetition interest dispute with respect to holders of certain funded debt claims. But the Noteholder RSA does not resolve this dispute in respect of other unsecured claims, as the Debtor's plan continues to provide for unimpairment of General Unsecured Claims (such as the claims held by members of the Trade Committee) while capping postpetition interest thereon at the Federal Judgment Rate, making an appeal of the PPI Decision unavoidable. See D.I. 5101, ¶¶ 4.4, 4.16. Of course, the Court is familiar with the standard for certifying decisions for direct appeal to the Ninth Circuit, having done so twice for important issues that may impact the progress of these chapter 11 cases. [Adv. D.I. 156, D.I. 4965]. Similarly, the Court is familiar with the standard for certifying a final order under FRCP 54(b), having used this procedure for the appeal of the Court's ruling on inverse condemnation. The Trade Committee respectfully asserts that all three standards for direct appeal under 28 U.S.C. § 158(d)(2)(A) are satisfied with respect to the PPI Decision, and that certification of a final order with respect to that decision is appropriate under FRCP 54(b). Certifying a final order on the PPI Decision for direct appeal to the Ninth Circuit will further the goal for litigating the postpetition dispute ahead of confirmation in the first place, namely, to resolve with finality a discrete "gating issue" that may impact recoveries for holders of General Unsecured Claims by over $100 million.

The Trade Committee shares the goal of confirming a plan that satisfies the timeline set under AB 1054. However, notwithstanding the Noteholder RSA, the postpetition interest dispute with the Trade Committee (and other similarly-situated unsecured creditors) remains a live issue that should be definitively resolved as expeditiously as possible. We look forward to discussing these issues in more detail with the Court during the status conference on January 29, 2020.

Respectfully,

GIBSON, DUNN & CRUTCHER LLP

*/s/ David M. Feldman*

David M. Feldman