WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> **Debtors.** <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) (Jointly Administered) <br><br> **DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 107(b) AND FED. R. BANKR. P. 9018 FOR ENTRY OF AN ORDER AUTHORIZING THE SEALING OF THE NOTEHOLDER RSA LETTER AGREEMENT** <br><br> [No Hearing Requested] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Sealing Motion**"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 1001-2(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), and the *New District Wide Procedures for Electronically Filing Sealed and Redacted Documents* adopted by the United States Bankruptcy Court for the Northern District of California (the "**Local Procedures**"), for entry of an order (i) authorizing the Debtors to file under seal that certain Noteholder RSA Letter Agreement (as defined below) entered into by and among the Debtors, the Specified Consenting Noteholders, and the Shareholder Proponents in connection with such parties' entry into and execution of the Noteholder RSA (as defined below) and the relief sought in connection with the *Debtors' Motion Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 for Entry of an Order (I) Approving and Authorizing the Debtors to Enter into Restructuring Support Agreement with Consenting Noteholders and Shareholder Proponents, and (II) Granting Related Relief* (the "**Noteholder RSA Motion**[1]"), filed contemporaneously herewith, and (ii) directing that the Noteholder RSA Letter Agreement remain under seal and confidential and not be made available to anyone except as set forth herein. The Debtors will provide copies of the Noteholder RSA Letter Agreement, on a "Confidential" and "Professional Eyes Only" basis, to (i) this Court, (ii) the United States Trustee for Region 17 (the "**U.S. Trustee**"), and (iii) the professionals for the Creditors Committee and the Tort Claimants Committee (each as defined below).

In support of the Sealing Motion, the Debtors respectfully submit the Declaration of Stephen Karotkin (the "**Karotkin Declaration**"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein is submitted concurrently herewith in accordance with the Local Procedures (the "**Proposed Order**").

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Noteholder RSA Letter Agreement or the Noteholder RSA Motion, as applicable.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the U.S. Trustee appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

## III. THE NOTEHOLDER RSA AND THE NOTEHOLDER RSA LETTER AGREEMENT

On January 27, 2020, the Debtors filed the Noteholder RSA Motion seeking, inter alia, approval of that certain Restructuring Support Agreement, dated January 22, 2020 (together with the Term Sheet attached thereto as Exhibit A, and as may be amended, modified, or supplemented from time to time, the "**Noteholder RSA**"), among the Debtors, the Consenting Noteholders, and the Shareholder Proponents (each as defined in the Noteholder RSA).

The Noteholder RSA resolves the treatment of the Utility Senior Notes and Utility Funded Debt Claims under the Debtors' Amended Plan, as well as the significant litigation that has arisen over that treatment, including litigation over the competing plan process, payment of postpetition interest and make-whole premiums, certain challenges to the Debtors' Exit Financing Motion, the Reconsideration Motion, and in proceedings before the CPUC. By resolving all these issues, the Noteholder RSA streamlines the Debtors' path toward timely confirmation well within the June 30, 2020 timeline, expedites distributions to holders of Fire Victim Claims, and allows the Debtors to emerge as an even healthier and more financially sound utility.

In connection with the parties' entry into and execution of the Noteholder RSA, the Debtors, the Shareholder Proponents, and certain of the Consenting Noteholders (the "**Specified Consenting Noteholders**") simultaneously entered into a letter agreement (the "**Noteholder RSA Letter Agreement**") that sets forth certain sensitive and confidential terms with respect to the parties' commitments regarding public and private communications about the Amended Plan, the Alternative Plan, and the Debtors' reorganization. A breach of any of the agreements set forth in the Noteholder RSA Letter Agreement constitutes a material breach of the Noteholder RSA. The terms of the Noteholder RSA Letter Agreement are non-economic and do not impact or concern distributions to the Consenting Noteholders, the Specified Consenting Noteholders, or any other creditors or interest holders under the Debtors' Amended Plan, and do not impact any other substantive provision of the Debtors' Amended Plan. These commitments and undertakings are highly sensitive to the Specified Consenting Noteholders and, therefore, the parties to the Noteholder RSA have agreed to keep the terms of the Noteholder RSA Letter Agreement strictly confidential and to seek to file the Noteholder RSA Letter Agreement under seal as set forth herein. As set forth above, the Debtors will provide copies of the Noteholder RSA Letter Agreement, on a "Confidential" and "Professional Eyes Only" basis, to (i) the Court, (ii) the U.S. Trustee, and (iii) the professionals for the Committees.

## IV. BASIS FOR RELIEF REQUESTED

A. <u>Bankruptcy Courts Must Protect Confidential Information Pursuant to Section 107(b) Upon Request and the Noteholder RSA Letter Agreement Contains Confidential Information.</u>

Section 107(b) of the Bankruptcy Code, as applied through section 105(a), protects against the disclosure of certain confidential information. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) further provides:

> On request of a party in interest, the bankruptcy court *shall*, and on the
>
> bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or
>
> confidentia*l* research, development, or commercial
>
> information . . . .

11 U.S.C. § 107(b). Parsing the language of 107(b), courts have emphasized that once the court determines that the information falls within one of the enumerated 107(b) categories, the court "is *required* to protect [the movant] and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). Section 107(b) expressly authorizes the court to grant protection, where warranted, to an entity's confidential commercial information. Unlike its counterpart Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require the movant to demonstrate "good cause." *Orion Pictures Corp.*, 21 F.3d at 28. This protection extends to any party whose information needs protecting; it is not limited to the Debtors. *See In re Borders Grp., Inc.*, 462 B.R. 42, 48 (Bankr. S.D.N.Y. 2011) (granting motion to seal share purchase agreement between the debtors and a purchaser to protect the information of the purchaser and the company whose stock was being sold).

The Bankruptcy Rules similarly authorize the Court to "make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018; *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y 2003) ("[T]he whole point of [Bankruptcy Rule 9018] is to

protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Finally, the Local Procedures require that a request to seal is tailored to the sealable materials. *New District Wide Procedures For Electronically Filing Sealed and Redacted Documents*.

As discussed above, the agreement to maintain the confidentiality of the Noteholder RSA Letter Agreement is material to the global settlement embodied in the Noteholder RSA. The commitment of the parties to seek authorization from the Court to keep the terms of the Noteholder RSA Letter Agreement confidential and under seal was important to the Specified Consenting Noteholders and enabled the parties to reach agreement on the Noteholder RSA that resolves the treatment of the Utility Senior Notes and Utility Funded Debt Claims as well as the significant litigation in these Chapter 11 Cases and the competing chapter 11 plan process. For the reasons set forth herein and in the Noteholder RSA Motion, this Court should grant the Debtors' request to seal the Noteholder RSA Letter Agreement.

C. <u>The Court has Authority Under Section 105(a) of the Bankruptcy Code to Grant the Requested Relief and Such Relief is Appropriate</u>

Section 105(a) of the Bankruptcy Code provides, in relevant part: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable powers to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's estate. *See, e.g., In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."). As discussed above, the relief requested herein is warranted and appropriate, and clearly promotes the purposes of the Bankruptcy Code in achieving a consensual plan.

**V. NOTICE**

Notice of this Sealing Motion will be provided to (i) the U.S. Trustee (Attn: Andrew Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor-in-possession financing facilities; (xii) counsel for the Consenting Noteholders; and (xiii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: January 27, 2020

**WEIL, GOTSHAL & MANGES LLP**
**CRAVATH, SWAINE & MOORE LLP**
**KELLER & BENVENUTTI LLP**

/s/ *Stephen Karotkin*
Stephen Karotkin

*Attorneys for Debtors and Debtors in Possession*