| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>Stephen Karotkin (*pro hac vice*)<br>(stephen.karotkin@weil.com)<br>Ray C. Schrock, P.C. (*pro hac vice*)<br>(ray.schrock@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007 | CRAVATH, SWAINE & MOORE LLP<br>Paul H. Zumbro (*pro hac vice*)<br>(pzumbro@cravath.com)<br>Kevin J. Orsini (*pro hac vice*)<br>(korsini@cravath.com)<br>Omid H. Nasab (*pro hac vice*)<br>(onasab@cravath.com)<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel: 212 474 1000<br>Fax: 212 474 3700 |

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>  - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                              **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF STEPHEN KAROTKIN IN SUPPORT OF DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 107(b) AND FED. R. BANKR. P. 9018 FOR ENTRY OF AN ORDER AUTHORIZING THE SEALING OF THE NOTEHOLDER RSA LETTER AGREEMENT**<br><br>[No Hearing Requested] |

I, Stephen Karotkin, pursuant to 11 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a member of the firm Weil, Gotshal & Manges LLP, which serves as legal advisors to PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I am authorized to submit this Declaration on behalf of the Debtors. The facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, and information provided to me by the Debtors' other employees or the Debtors' legal, restructuring, and financial advisors. If called upon to testify, I would testify to the facts set forth in this Declaration.

2. This Declaration is submitted in support of the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 107(b) and Fed. R. Bankr. P. 9018 for Entry of an Order Authorizing the Sealing of the Noteholder RSA Letter Agreement* (the "**Sealing Motion**"), filed concurrently herewith, which seeks entry of an order (i) authorizing the Debtors to file under seal that certain Noteholder RSA Letter Agreement (as defined below) entered into by and among the Debtors, the Specified Consenting Noteholders, and the Shareholder Proponents in connection with such parties' entry into and execution of the Noteholder RSA (as defined below) and the relief sought in connection with the *Debtors' Motion Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 for Entry of an Order (I) Approving and Authorizing the Debtors to Enter into Restructuring Support Agreement with Consenting Noteholders and Shareholder Proponents, and (II) Granting Related Relief* (the "**Noteholder RSA Motion**[1]"), filed contemporaneously herewith, and (ii) directing that the Noteholder RSA Letter Agreement remain under seal and confidential and not be made available to anyone except as set forth in the Sealing Motion.

3. On January 27, 2020, the Debtors filed the Noteholder RSA Motion seeking, inter alia, approval of that certain Restructuring Support Agreement, dated January 22, 2020 (together with the Term Sheet attached thereto as Exhibit A, and as may be amended, modified, or supplemented from time

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Noteholder RSA Letter Agreement or the Noteholder RSA Motion, as applicable.

to time, the "**Noteholder RSA**"), among the Debtors, the Consenting Noteholders, and the Shareholder Proponents (each as defined in the Noteholder RSA).

4. In connection with the parties' entry into and execution of the Noteholder RSA, the Debtors, the Shareholder Proponents, and certain of the Consenting Noteholders (the "**Specified Consenting Noteholders**") simultaneously entered into a letter agreement (the "**Noteholder RSA Letter Agreement**") that sets forth certain sensitive and confidential terms with respect to the parties' commitments regarding public and private communications about the Amended Plan, the Alternative Plan, and the Debtors' reorganization.

5. A breach of any of the agreements set forth in the Noteholder RSA Letter Agreement constitutes a material breach of the Noteholder RSA. The terms of the Noteholder RSA Letter Agreement are non-economic and do not impact or concern distributions to the Consenting Noteholders, the Specified Consenting Noteholders, or any other creditors or interest holders under the Debtors' Amended Plan, and do not impact any other substantive provision of the Debtors' Amended Plan. It is my understanding that these commitments and undertakings are highly sensitive to the Specified Consenting Noteholders and, therefore, the parties to the Noteholder RSA have agreed to keep the terms of the Noteholder RSA Letter Agreement strictly confidential and to seek to file the Noteholder RSA Letter Agreement under seal. As set forth in the Sealing Motion, the Debtors will provide copies of the Noteholder RSA Letter Agreement, on a "Confidential" and "Professional Eyes Only" basis, to (i) the Court, (ii) the U.S. Trustee, and (iii) the professionals for the Committees.

6. The agreement to maintain the confidentiality of the Noteholder RSA Letter Agreement is material to the global settlement embodied in the Noteholder RSA. I further believe that the commitment of the parties to seek authorization from the Court to keep the terms of the Noteholder RSA Letter Agreement confidential and under seal was important to the Specified Consenting Noteholders and enabled the parties to reach agreement on the Noteholder RSA that resolves the treatment of the Utility Senior Notes and Utility Funded Debt Claims as well as the significant litigation in these Chapter 11 Cases and the competing chapter 11 plan process.

7. Accordingly, the Debtors respectfully request this Court to issue an order allowing the Debtors to file the Noteholder RSA Letter Agreement under seal.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury, that the foregoing is true and correct.

Dated: January 27, 2020

Respectfully submitted,

By: /s/ *Stephen Karotkin*
    Stephen Karotkin