| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>Stephen Karotkin (*pro hac vice*)<br>(stephen.karotkin@weil.com)<br>Ray C. Schrock, P.C. (*pro hac vice*)<br>(ray.schrock@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007 | CRAVATH, SWAINE & MOORE LLP<br>Paul H. Zumbro (*pro hac vice*)<br>(pzumbro@cravath.com)<br>Kevin J. Orsini (*pro hac vice*)<br>(korsini@cravath.com)<br>Omid H. Nasab (*pro hac vice*)<br>(onasab@cravath.com)<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel: 212 474 1000<br>Fax: 212 474 3700 |

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>***EX PARTE* MOTION OF DEBTORS PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON NOTEHOLDER RSA MOTION**<br><br>Related Document: Dkt. 5519<br><br>[No hearing requested] |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion to Shorten**"), pursuant to Rule 9006-1 of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for entry of an order shortening time for a hearing on Tuesday, February 4, 2020, at 10:00 a.m. (prevailing Pacific Time), on the *Debtors' Motion Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 for Entry of an Order (i) Approving and Authorizing the Debtors to Enter Into Restructuring Support Agreement With Consenting Noteholders and Shareholder Proponents, and (ii) Granting Related Relief* (the "**Noteholder RSA Motion**"), filed contemporaneously herewith. The Debtors request that any responses or objections to the Noteholder RSA Motion be in writing and filed with the Court and served by 4:00 p.m. (prevailing Pacific Time) on Friday, January 31, 2020.

In support of this Motion to Shorten, the Debtors submit the Declaration of Jessica Liou (the "**Liou Declaration**"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein will be uploaded contemporaneously herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. BACKGROUND

On January 29, 2019, the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to

Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**TCC**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

### III. RELIEF REQUESTED IN THE NOTEHOLDER RSA MOTION

The Noteholder RSA Motion seeks entry of an order (i) approving and authorizing the Debtors to enter into and perform under, that certain Restructuring Support Agreement, dated as of January 22, 2020 (with the Term Sheet attached thereto as Exhibit A and the letter agreement dated January 22, 2020 executed in connection therewith, the "**Noteholder RSA**"), among the Debtors, the Consenting Noteholders,[1] and the Shareholder Proponents, and (ii) granting related relief.

The Debtors' entry into the Noteholder RSA is a major achievement in these Chapter 11 Cases. Pursuant to the Noteholder RSA, the Debtors and key members of the Ad Hoc Committee of Senior Unsecured Noteholders of the Utility (the "**Ad Hoc Noteholder Committee**") have agreed to a settlement of all issues relating to the treatment of the Utility's prepetition funded debt under the Debtors' Amended Plan, as well as the significant litigation that has arisen over that treatment, including litigation over the competing plan process, payment of postpetition interest and make-whole premiums, certain challenges to the Debtors' Exit Financing Motion, the Reconsideration Motion, and in proceedings before the CPUC. By resolving all these issues, the Noteholder RSA streamlines the Debtors' path toward timely confirmation of the Debtors' Amended Plan well within the June 30, 2020 deadline established by AB 1054, expedites distributions to holders of Fire Victim Claims, and allows the Debtors to emerge as an even healthier and more financially sound utility, while reducing the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Noteholder RSA Motion.

Debtors' cost of long-term borrowing by over $1 billion to the benefit of their customers and stakeholders.

IV.     **SHORTENING TIME FOR HEARING ON THE NOTEHOLDER RSA MOTION IS WARRANTED**

Pursuant to Bankruptcy Local Rule 9014-1(b)(3)(A), a hearing on the Noteholder RSA Motion requires twenty-one (21) days' notice of an opportunity for a hearing. Bankruptcy Local Rule 9006-1(a) provides that, except as set forth therein, "approval of the Court is required to enlarge or to shorten time to perform any act or file any paper pursuant to the Federal Rules of Civil Procedures, the Bankruptcy Rules, or these Bankruptcy Local Rules." B.L.R. 9006-1(a).

The parties to the Noteholder RSA recognize that time is of the essence in approving and effectuating the agreement to provide certainty as soon as possible to all parties in interest regarding the path forward in these Chapter 11 Cases and the related CPUC proceeding. Indeed, the Debtors are required under the Noteholder RSA to file the Noteholder RSA Motion no later than three (3) business days after the agreement became effective on January 22, 2020 and request an order shortening time to hold a hearing by no later than February 5, 2020. *See* Noteholder RSA § 3(a)(i). Importantly, the most critical dispute regarding the plan process is resolved if this Court enters an order approving the Noteholder RSA Motion. Specifically, the Noteholder RSA provides that the Consenting Noteholders shall "after the Agreement Effective Date, direct counsel for the Ad Hoc Committee to file a notice of withdrawal of the Alternative Plan *within one (1) business day of the entry of the RSA Approval Order*." Noteholder RSA § 2(a)(i) (emphasis added).

The sooner this Court considers the Noteholder RSA Motion, the sooner all parties will have clarity as to how these cases will proceed, and hopefully, will all be working together toward confirmation and implementation of the Debtors' Amended Plan. In addition, prompt consideration of the Noteholder RSA Motion also will provide the parties with clarity as to pending litigation before the Court, whether it will proceed, and where the parties' resources should be devoted.

As discussed above, the exigencies of the cases warrant limited notice. In this regard, the Debtors note that they publicly disclosed their entry into the Noteholder RSA by press release on that same day and by 8-K filing the following morning on Thursday, January 23, 2020. The press

release resulted in widespread publicity, including articles published by Bloomberg that Wednesday, the Wall Street Journal the next day, and other national publications.

Most recently, this Court granted an expedited hearing to consider the Tort Claimants RSA Motion for substantially the same reasons and under substantially the same circumstances. *See* Docket Nos. 5040, 5046. Expedited consideration of the Noteholder RSA Motion is likewise warranted.

Based on the foregoing, the Debtors request that notice be shortened to permit the Noteholder RSA Motion to be heard on Tuesday, February 4, 2020, at 10:00 a.m. (prevailing Pacific Time), and for written objections, if any, to be filed and served by 4:00 p.m. (prevailing Pacific Time) on Friday, January 31, 2020.

As stated in the Liou Declaration, the Debtors previewed the relief requested in this Motion to Shorten with the TCC, the Creditors Committee, and the U.S. Trustee. The TCC consents to the relief requested in this Motion to Shorten, and neither the U.S. Trustee nor the Creditors Committee objects to the relief requested. In view of the foregoing, the Debtors believe more than ample cause exists to grant the relief requested herein.

## V. NOTICE

Notice of this Motion to Shorten will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the TCC; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; (xii) Counsel for the Ad Hoc Noteholder Committee; (xiii) counsel for the Shareholder Proponents; and (xiv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: January 27, 2020

**WEIL, GOTSHAL & MANGES LLP**
**CRAVATH SWAINE & MOORE LLP**
**KELLER & BENVENUTTI LLP**


/s/ *Jessica Liou*
    Jessica Liou

*Attorneys for Debtors and Debtors in Possession*