1  WEIL, GOTSHAL & MANGES LLP
   Stephen Karotkin (*pro hac vice*)
2  (stephen.karotkin@weil.com)
   Ray C. Schrock, P.C. (*pro hac vice*)
3  (ray.schrock@weil.com)
   Jessica Liou (*pro hac vice*)
4  (jessica.liou@weil.com)
   Matthew Goren (*pro hac vice*)
5  (matthew.goren@weil.com)
   767 Fifth Avenue
6  New York, NY 10153-0119
   Tel: 212 310 8000
7  Fax: 212 310 8007

8  KELLER & BENVENUTTI LLP
   Tobias S. Keller (#151445)
9  (tkeller@kellerbenvenutti.com)
   Jane Kim (#298192)
10 (jkim@kellerbenvenutti.com)
   650 California Street, Suite 1900
11 San Francisco, CA 94108
   Tel: 415 496 6723
12 Fax: 650 636 9251

   CRAVATH, SWAINE & MOORE LLP
   Paul H. Zumbro (*pro hac vice*)
   (pzumbro@cravath.com)
   Kevin J. Orsini (*pro hac vice*)
   (korsini@cravath.com)
   Omid H. Nasab (*pro hac vice*)
   (onasab@cravath.com)
   825 Eighth Avenue
   New York, NY 10019
   Tel: 212 474 1000
   Fax: 212 474 3700

13 *Attorneys for Debtors and Debtors in Possession*

14

15                    **UNITED STATES BANKRUPTCY COURT**
16                    **NORTHERN DISTRICT OF CALIFORNIA**
                      **SAN FRANCISCO DIVISION**

17

| | |
|---|---|
| 18 **In re:** | Case No. 19-30088 (DM) |
| 19 **PG&E CORPORATION,** | Chapter 11 |
| 20 - and - | (Lead Case) (Jointly Administered) |
| 21 **PACIFIC GAS AND ELECTRIC COMPANY,** | **DECLARATION OF JESSICA LIOU IN SUPPORT OF *EX PARTE* MOTION OF DEBTORS PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON NOTEHOLDER RSA MOTION** |
| 22 | |
| 23 **Debtors.** | |
| 24 ☐ Affects PG&E Corporation ☐ Affects Pacific Gas and Electric | Related Document: Dkt. 5519 |
| 25 Company ☒ Affects both Debtors | [No hearing requested] |
| 26 | |
| 27 * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

28

I, Jessica Liou, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1.      I am a partner at Weil, Gotshal & Manges LLP, attorneys for PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**").

2.      I submit this Declaration in support of the *Ex Parte Motion of Debtors Pursuant to B.L.R. 9006-1 Requesting Order Shortening Time for Hearing on Noteholder RSA Motion* (the "**Motion to Shorten**") on the *Debtors' Motion Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 for Entry of an Order (i) Approving and Authorizing the Debtors to Enter Into Restructuring Support Agreement With Consenting Noteholders and Shareholder Proponents, and (ii) Granting Related Relief* (the "**Noteholder RSA Motion**"), filed contemporaneously herewith.[1] Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, information provided to me by the Debtors' employees or advisors, or my opinion based upon my knowledge and experience. I am authorized to submit this Declaration on behalf of the Debtors.

3.      In the Motion to Shorten, the Debtors request that the Noteholder RSA Motion be heard on an expedited basis at 10:00 a.m. (prevailing Pacific Time) on Tuesday, February 4, 2020 and that any responses or objections to the Noteholder RSA Motion be in writing and filed with the Court and served by 4:00 p.m. (prevailing Pacific Time) on Friday, January 31, 2020.

4.      As described in the Motion to Shorten and the Noteholder RSA Motion, on January 22, 2020, the Debtors entered into a Restructuring Support Agreement with the Consenting Noteholders and the Shareholder Proponents (with the Term Sheet attached thereto as Exhibit A and the letter agreement dated January 22, 2020 executed in connection therewith, the "**Noteholder RSA**") that resolves all issues relating to the treatment of the Utility's prepetition funded debt under the Debtors'

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Noteholder RSA Motion or the Motion to Shorten, as applicable.

Amended Plan, as well as the significant litigation that has arisen over that treatment, including litigation over the competing plan process, payment of postpetition interest and make-whole premiums, certain challenges to the Debtors' Exit Financing Motion, the Reconsideration Motion, and in proceedings before the CPUC.

5. The Debtors publicly disclosed their entry into the Noteholder RSA by press release on that same day and by 8-K filing the following morning on Thursday, January 23, 2020. The press release resulted in widespread publicity, including articles published by Bloomberg that Wednesday, the Wall Street Journal the next day, and other national publications.

6. The parties to the Noteholder RSA recognize that time is of the essence in approving and effectuating the agreement to provide certainty as soon as possible to all parties in interest regarding the path forward in the Chapter 11 Cases and the related CPUC proceeding. Indeed, the Debtors are required under the Noteholder RSA to file the Noteholder RSA Motion no later than three (3) business days after the agreement became effective on January 22, 2020 and request an order shortening time to hold a hearing by no later than February 5, 2020. *See* Noteholder RSA § 3(a)(i).

7. Importantly, the most critical dispute regarding the plan process is resolved if this Court enters an order approving the Noteholder RSA Motion. Specifically, the Noteholder RSA provides that the Consenting Noteholders shall "after the Agreement Effective Date, direct counsel for the Ad Hoc Committee to file a notice of withdrawal of the Alternative Plan within one (1) business day of the entry of the RSA Approval Order." Noteholder RSA § 2(a)(i).

8. I believe that the sooner the Court considers the Noteholder RSA Motion, the sooner all parties will have clarity as to how these cases will proceed. Prompt consideration of the Noteholder RSA Motion also will provide the parties with clarity as to pending litigation before the Court, whether it will proceed, and where the parties' resources should be devoted.

9. The Debtors previewed the relief requested in the Motion to Shorten with the TCC, the Creditors Committee, and the U.S. Trustee. The TCC consents to the relief requested in the Motion to Shorten, and neither the U.S. Trustee nor the Creditors Committee objects to the relief requested.

10. Given the exigencies and the sensitivities concerning the relief requested in the Noteholder RSA Motion, it was not feasible to seek consent from other parties prior to the filing of

the Motion to Shorten.  However, cause exists to hear the Noteholder RSA Motion on shortened time, as described in the Motion to Shorten and in the related filings.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct and that this Declaration was executed in New York, NY, on January 27, 2020.

/s/ *Jessica Liou*
Jessica Liou