MARY ELLMANN TANG (SBN 154340)
PATRICIA H. LYON (SBN 126761)
KEVIN E. FUSCH (SBN 255877)
FRENCH LYON TANG
A Professional Corporation
1990 N. California Blvd., Suite 300
Walnut Creek, CA 94596
Telephone: (925) 678-1876

Attorneys for Movant
CRISTINA MENDOZA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**In Re:**

**PG&E CORPORATION**

   **-and-**

**PACIFIC GAS AND ELECTRIC COMPANY**

   **Debtors.**

_____/

☐ Affects PG&E Corporation

☒ Affects Pacific Gas and Electric Company

☐ Affects both Debtors

*All papers shall be filed in the Lead Case,
No. 19-30088(DM)*

Case No. 19-30088 (DM)
Chapter 11
R.S. No. MET- 964

(Lead Case)
(Jointly Administered)

**MOTION FOR RELIEF FROM STAY**


Hearing
Date: February 11, 2020
Time: 10:00 a.m.
Ctrm: 17


CRISTINA MENDOZA ("Movant" or "Plaintiff") hereby moves this Court for relief

from the automatic stay pursuant to 11 U.S.C. § 362 with a waiver of FRBP 4001(a)(3), to allow

her to file an amended complaint in a lawsuit that was filed pre-petition. The amended complaint

affects other defendants in the lawsuit, but will not change the status of PG&E in the lawsuit, nor

does this motion request leave to proceed against PG&E at this time.

The Bankruptcy Court has jurisdiction over this proceeding pursuant to 11 U.S.C. §§362, 1301, 28 U.S.C. §157 and §1334, and it is a core proceeding within the definition of 28 U.S.C. §157(b).

On or about January 29, 2019, PACIFIC GAS AND ELECTRIC COMPANY ("Debtor" or "PG&E") filed a Petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Northern District of California, Bankruptcy Case No. 19-30089.

## I.    FACTUAL SUMMARY

On June 21, 2017, Plaintiff filed a complaint ("Complaint") in the U.S. District Court, Northern District of California, San Jose Division, Case number 5:17-CV-03579 ("Lawsuit"). PG&E is one of the defendants in the Lawsuit along with various other entities ("Defendants"). The Lawsuit is based on the severe injuries Plaintiff suffered as a result of the hazardous conditions on a walkway ("Incident").

Upon the filing of PG&E's bankruptcy case, all actions against PG&E were stayed in the Lawsuit, but continued as to the Defendants. The presiding judge in the Lawsuit is requiring that the Plaintiff continue prosecuting her claims in the Lawsuit as to the Defendants. This motion does not seek to change the status quo in regards to PG&E.

Recently, however, the Plaintiff learned that a new entity, Skyport Plaza Owner's Association, must be added as a defendant in the Lawsuit. Furthermore, there are other changes Plaintiff needs to make in the Complaint, none of which change the Plaintiff's claims against PG&E. Accordingly, the Plaintiff seeks relief from stay to file an amended complaint ("Amended Complaint") in the Lawsuit.

## II.    LEGAL ANALYSIS

### A. Non-debtors are Not Protected by the Automatic Stay.

Section 362(a)(1) stays the "commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case." 11 U.S.C. § 362(a)(1).

As a general rule, "[t]he automatic stay of section 362(a) protects only the debtor, property of the debtor or property of the estate. It does not protect non-debtor parties or their property. Thus, section 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor." *In re Chugach Forest Prods., Inc.*, 23 F.3d 241, 246 (9th Cir.1994) quoting *Advanced Ribbons & Office Prods. v. U.S. Interstate Distributing, Inc.*, 125 B.R. 259, 263 (9th Cir.BAP 1991)). Furthermore:

> In cases involving multiple parties or multiple claims, the courts have disaggregated the proceedings so that claims against co-defendants who are not under the protection of the bankruptcy court may go forward, as well as claims for which stay is unnecessary to protect the debtor.... It is clearly established that the automatic stay does not apply to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor." (internal quotation marks omitted).

*Seiko Epson Corp. v. Nu-Kote Int'l, Inc.,* 190 F.3d 1360, 1364 (Fed. Cir. 1999).

Accordingly, the Defendants are not protected by the automatic stay.

B. Relief from Stay Should be Granted

Cause exists for relief from the automatic stay under §362(d)(1) because the Plaintiff is required to move forward in the Lawsuit as to the other Defendants. Moving forward requires Plaintiff to add a new defendant and change the language in the Complaint. While Plaintiff is not taking any action in the Lawsuit against PG&E at this time, the Lawsuit is not stayed as to the other Defendants. Plaintiff needs to amend the Complaint to add the new defendant, clarify the description of the real property where the Incident occurred, add new language to the Complaint regarding Plaintiff's actions, remove defendants, and add new causes of action against existing Defendants. The Amended Complaint will not add any new causes of action against PG&E, nor is Movant seeking relief from stay to pursue the Lawsuit against PG&E at this time. A copy of the proposed Amended Complaint is attached to the Declaration of Steven L. Derby. As is evident from the Amended Complaint, the changes affect the other Defendants, but the claim against PG&E for negligence is essentially unchanged.

Plaintiff is seeking relief from stay because filing the Amended Complaint might be considered continuing a judicial action against the Debtor. Cause exists to grant Plaintiff relief

1    from stay to file the Amended Complaint because Plaintiff must continue prosecuting the

2    Lawsuit even though PG&E is not participating at this time.

3         C.   <u>Waiver of the 14-day Stay is Appropriate.</u>

4         Movant requests that the Court waive the 14-day stay of FRBP 4001(a)(3). The Amended

5    Complaint will not change any of Plaintiff's claims against PG&E. The Defendants in the

6    Lawsuit are not protected by the automatic stay, so the 14-day stay would simply prevent the

7    Plaintiff from moving forward in the Lawsuit with respect to the Defendants.

8                         III.      CONCLUSION

9         Movant requests that the court grant Movant relief from the automatic stay, with a waiver

10    of FRBP 4001(a)(3), to allow Movant to file the Amended Complaint.

12                                       FRENCH LYON TANG
                                         A Professional Corporation

13    Dated: January 28, 2020             By: _____

14                                      MARY ELLMANN TANG
                                     Attorneys for CRISTINA MENDOZA

4

MOTION FOR RELIEF FROM STAY