1 MARY ELLMANN TANG (SBN 154340)
2 PATRICIA H. LYON (SBN 126761)
  KEVIN E. FUCSH (SBN 255877)
3 FRENCH LYON TANG
  A Professional Corporation
4 1990 N. California Blvd., Suite 300
  Walnut Creek, CA 94596
5 Telephone: (925) 678-1876

6 Attorneys for Movant,
  CRISTINA MENDOZA
7

8                    UNITED STATES BANKRUPTCY COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11 **In Re:**                              Case No. 19-30088 (DM)
                                           Chapter 11
12 **PG&E CORPORATION**                     R.S. No. MET- 964
13
         **-and-**                          (Lead Case)
14                                          (Jointly Administered)
   **PACIFIC GAS AND ELECTRIC**
15 **COMPANY**                              **DECLARATION IN SUPPORT OF**
                                           **MOTION FOR RELIEF FROM STAY**
16       **Debtors.**
17 _____/

18 ☐ Affects PG&E Corporation            <u>Hearing</u>
                                           Date: February 11, 2020
19 ☒ Affects Pacific Gas and Electric Company   Time: 10:00 a.m.
                                           Ctrm: 17
20
21 ☐ Affects both Debtors

22 *All papers shall be filed in the Lead Case,*
   *No. 19-30088(DM)*
23

24 I, Steven L. Derby, declare as follows:

25      1.    I am a partner with Derby, McGuinness & Goldsmith, LLP, attorneys of record for

26 Cristina Mendoza, the Movant herein and Plaintiff in the subject lawsuit ("Movant" or

27 "Plaintiff").

28      2.    In my capacity as counsel for the Plaintiff, I am active in the subject lawsuit and have

Case: 19-30088    Doc# 5535-2    Filed: 01/28/20    Entered: 01/28/20 15:32:37    Page 1
                                          of 23

1 personally worked on the complaint and amended complaint. As to the following facts, I know
2 them to be true of my own knowledge. If called upon to testify in this action as to the matters set
3 forth in this Declaration, I could and would competently testify thereto.

4     3. On June 21, 2017, Plaintiff filed a complaint ("Complaint") in the U.S. District Court,
5 Northern District of California, San Jose Division, Case number 5:17-CV-03579 ("Lawsuit").
6 PG&E is one of the defendants in the Lawsuit along with the City of San Jose and various other
7 entities ("Defendants"). The Lawsuit is based on the severe injuries Plaintiff suffered as a result
8 of the hazardous conditions on a walkway ("Incident").

9     4. The Lawsuit is proceeding against the Defendants, but not PG&E. Recently, the
10 Plaintiff learned that a new entity, Skyport Plaza Owner's Association, must be added as a
11 defendant in the Lawsuit. Furthermore, there are other changes and clarifications which must be
12 corrected in the Complaint so that Plaintiff can move forward in the Lawsuit against the
13 Defendants.

14     5. The Plaintiff is in the process of amending the Complaint to add the new defendant,
15 clarify the description of the real property where the Incident occurred, add new language to the
16 Complaint regarding Plaintiff's actions, remove defendants, and add new causes of action against
17 existing Defendants. The Amended Complaint will not add any new causes of action against
18 PG&E, nor is Movant seeking relief from stay to pursue the Lawsuit against PG&E at this time.

19     6. A copy of the proposed amended complaint is attached hereto as Exhibit "A."
20 Plaintiff may alter the wording of the proposed amended complaint slightly before filing it in the
21 Lawsuit, but Plaintiff will not be making any changes that affect PG&E.

22     I declare under penalty of perjury under the laws of the United States that the foregoing is
23 true and correct.

24     Executed this 25th day of January, 2020, at Oakland, California.

25

26                               Steven L. Derby

MISC-276

27

28

DECLARATION                                              2

EXHIBIT "A"

1 | Robert Kopelson, Esq. (SBN 83523)
Law Office of Robert B. Kopelson
2 | 75 E. Santa Clara Street, Suite 1180
San Jose, CA 95113
3 | Telephone: (408) 293-4000
Facsimile: (408) 293-8369
4 | Email: kopelaw@hotmail.com

5 | Steven L. Derby, Esq. (SBN 148372)
Anthony E. Goldsmith, Esq. (SBN 125621)
6 | Celia McGuinness, Esq. (SBN 159420)
DERBY McGUINNESS & GOLDSMITH LLP
7 | 200 Lakeside Drive, Suite A
Oakland, CA 94612
8 | Telephone: (510) 987-8778
Facsimile: (510) 359-4419
9 | Email: info@dmglawfirm.com

10

11 | Attorney for Plaintiff
CRISTINA MENDOZA

12

13 | UNITED STATES DISTRICT COURT

14 | NORTHERN DISTRICT OF CALIFORNIA

15 | CRISTINA MENDOZA,                          CASE NO. 5:17-cv-03579 SVK
                                              Civil Rights
16 |                    Plaintiff,
                                              **FIRST AMENDED COMPLAINT FOR
17 |         v.                                 INJUNCTIVE RELIEF AND DAMAGES**

18 | PACIFIC GAS & ELECTRIC
      COMPANY, a California registered
19 | domestic stock corporation, HUDSON         DEMAND FOR JURY TRIAL
      SKYPORT PLAZA, LLC, a Delaware
20 | limited liability company, HUDSON
      SKYPORT PLAZA LAND, LLC, a
21 | Delaware limited liability company,
      HUDSON PACIFIC PROPERTIES, INC.,
22 | a Maryland corporationSKYPORT PLAZA
      OWNER'S ASSOCIATION, a California
23 | non-profit mutual benefit association, and
      DOES 1-100
24 |                    Defendants.

25

26

27 | Plaintiff, CRISTINA MENDOZA complains of defendants PACIFIC GAS & ELECTRIC

28

1

COMPANY, a California registered domestic stock corporation, HUDSON SKYPORT PLAZA, LLC, a Delaware limited liability company, HUDSON SKYPORT PLAZA LAND, LLC, a Delaware limited liability company, HUDSON PACIFIC PROPERTIES, INC., a Maryland corporation, SKYPORT PLAZA OWNER'S ASSOCIATION, a California non-profit mutual benefit association, and  DOES 1-100 inclusive, and each of them, and alleges as follows:

**INTRODUCTION**

1.      This case involves the violations of state and federal law resulting in denial of accessible and safe sidewalks, walkways, and paths of travel to plaintiff CRISTINA MENDOZA ("Plaintiff" or "Ms. Mendoza"), a qualified person with a disability, in connection with a sidewalk and walkways or portions thereof that were designed and/ or constructed and/ or owned and/or operated and/or maintained and/or inspected and/or subject to modifications and alterations by defendants; as well as Plaintiff having been subjected to and severely injured by hazardous conditions created or allowed to exist by such defendants. Although Defendants HUDSON SKYPORT PLAZA, LLC, a Delaware limited liability company, HUDSON SKYPORT PLAZA LAND, LLC, a Delaware limited liability company, HUDSON PACIFIC PROPERTIES, INC., a Maryland corporation (aka HUDSON Defendants) have acknowledged the existence of and have undertaken remediation of over 120 disability access barriers, the lack of any program of inspection maintenance and repair means that the property in an around 90 Skyport Drive and 1650 Technology Drive (APN 230-29-118) hereinafter, (" Skyport Plaza") will once again fall into a state of disrepair and pose barriers to access by disabled persons and hazardous conditions to such persons such as Plaintiff attempting to navigate in and around Skyport Plaza.

2.      As a result of the inaccessible and hazardous facilities, conditions and elements and other harmful conduct as alleged herein, Plaintiff suffered severe physical personal injuries as well as a denial of her civil rights.  At all times herein mentioned, Plaintiff was and is a "person with a disability" or "physically handicapped person," who is mobility impaired, and unable to

2

safely use portions of walkways, sidewalks and other public facilities that are not fully accessible to physically disabled persons.

3.    Plaintiff seeks injunctive relief; recovery of damages for both the personal injuries she incurred and the violation of her civil rights as well as the recovery of reasonable attorney fees, including litigation expenses and costs.

**JURISDICTION AND VENUE**

4.    This Court has subject matter jurisdiction of this action pursuant to:  (a) 28 USC § 1331 for violations of the Americans with Disabilities Act of 1990 (hereinafter, the "ADA"), 42 U.S.C. §§ 12101 et seq.; (b) 28 USC § 1343(3) for claims arising under § 504 of the Rehabilitation Act of 1973; and (c) 28 U.S.C. § 1367 for supplemental jurisdiction over attendant and related causes of action arising from the same nucleus of facts and brought under California law, including but not limited to violations of California Civil Code §§ 51, 54, 54.1, and common law negligence.  This court also has jurisdiction over Plaintiff's claims for  injunctive relief pursuant to the ADA, Rule 65 of the Federal Rules of Civil Procedure and State law authorizing injunctive relief.

5.    Venue is proper in this court pursuant to 28 USC § 1391(b) because Plaintiff's claims arose within the Judicial District of the United States District Court of the Northern District of California.

**PARTIES**

6.    Plaintiff is and at all times relevant to this Complaint was, a "physically disabled person" and a "person with disabilities," as these terms are used under California law and under federal laws, including but not limited to the ADA and California Government Code § 12926 et seq.. The terms "physically disabled person," "person with a disability" and a "person with disabilities" will be used interchangeably throughout this Complaint. Ms. Mendoza requires the use of a wheelchair for mobility.

3

1     7.     At all relevant times, Defendant PACIFIC GAS & ELECTRIC COMPANY, a

2  California registered domestic stock corporation (hereinafter, PG&E) that, on information and

3  belief, at all times relevant to this Complaint, designed and/or constructed and/or modified and/or

4  maintained and/or inspected and/or owned, and/or operated and/or exerted control over the

5  design, construction, maintenance, inspection or modification of the sidewalk / walkway area

6  where Plaintiff was injured or some portion thereof or the utility vault thereunder.

7     8.     Defendants  HUDSON SKYPORT PLAZA, LLC, a Delaware limited liability

8  company, HUDSON SKYPORT PLAZA LAND, LLC, a Delaware limited liability company,

9  HUDSON PACIFIC PROPERTIES, INC., a Maryland corporation, (collectively, the "HUDSON

10  Defendants"), and SKYPORT PLAZA OWNER'S ASSOCIATION, a California non-profit

11  mutual benefit association, hereinafter (the "ASSOCIATION")are on information and belief

12  entities that, at all times relevant to this Complaint, designed and/or  constructed and/or altered

13  and/or modified and/or inspect, maintain and/or exert control over and currently own and/or

14  operate (or at relevant times in the past, owned and/or operated) a property used as a place of

15  public accommodation located in the City of San Jose, California at 90 Skyport Drive and/or

16  1650 Skyport Drive and commonly known as Skyport Plaza (including ownership and operation

17  of the sidewalk / walkway area where Plaintiff was injured).

18     9.     On information and belief, defendant DOES 1-100  are or were agents, contractors,

19  subcontractors or employees of defendants and/or other fictitiously-named defendants. Plaintiff

20  alleges that all the named defendants and DOE defendants were negligent in connection with the

21  manner in which they designed and/or constructed and/or modified and/or maintained and/or

22  inspected and/or owned, and/or operated and/or exerted control over the design, construction,

23  maintenance, inspection or modification, alteration of the sidewalk / walkway area where Plaintiff

24  was injured.

25     10.     Plaintiff does not know the identities of DOES 1-100 at this time and prays leave

26  to substitute the true names of each such defendant when they have been ascertained.

27     11.     Plaintiff does not know the relative responsibilities of the defendants with respect

28  to the responsibility for the  design, construction, modification, alteration, maintenance,

4

inspection or repair of the operation of the public accommodations, facilities and elements

herein complained of, and alleges a joint venture and common enterprise by defendants in the

ownership and/or operation of each of said public accommodations, facilities and elements.

12.     Plaintiff is informed and believes that each of the defendants herein is the agent,

servant, employee, representative, joint venturer and/or common enterprise affiliate of each of the

other defendants, and performed all acts and omissions stated herein within the scope of such

agency or employment or representative capacity or joint venture or common enterprise and is

responsible, in some manner, for the acts and omissions of the other defendants in proximately

causing the damages complained of herein.

13.     Plaintiff is informed and believes and on that basis alleges that each of the named

defendants and each of the fictitiously named defendants are legally responsible in some manner

for the occurrences herein alleged and that the injuries as alleged herein were caused by the acts

and/or omissions of such defendants. Adherence to the fiction of the separate existence of these

certain defendants as an entity distinct from certain other defendants would permit an abuse of the

corporate privilege and would sanction fraud and/or promote injustice.

## FACTUAL BASIS FOR COMPLAINT AGAINST ALL DEFENDANTS

14.     On the evening of June 16, 2016, Plaintiff has dinner at the Sonoma Chicken Coop

restaurant located at Skyport Plaza, which Plaintiff is informed and believes now known as

Airport Place, hereinafter referred to as Skyport Plaza. Plaintiff left the restaurant at about 8:30

p.m. from the doors that lead out to a parking lot thereon. She was accompanied by her room-

mate. Plaintiff had called for an Uber ride to take them home. Plaintiff and her room-mate

headed to the corner of Skyport Drive and Technology Drive to meet their ride. They transited the

walkway that led from the side door of the restaurant to the main sidewalk / walkway along the

east side of Technology Drive and turned right onto the sidewalk/ walkway along the east side of

Technology Drive. While travelling along the sidewalk / walkway and before reaching the

5

Case: 19-30088    Doc# 5535-3    Filed: 01/28/20    Entered: 01/28/20 15:33:37    Page 8
of 23
FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

southeast corner of Technology Drive and Skyport Drive, the front wheels of Plaintiff's wheelchair hit a raised portion the south edge of the sidewalk /walkway section immediately north of a utility vault lid or cover. The section of sidewalk / walkway she was on demonstrated concrete chipping and spalling, leaving dangerous gouges / divots such that the sidewalk section just north of and adjacent to the divot / gouge was approximately 1 3/4" higher. The section of sidewalk/ walkways she was on was lower than the adjoining section to the north, particularly on its left side. When Plaintiff's wheelchair wheels struck against the higher edge of the sidewalk / walkway it caused Plaintiff's wheelchair to abruptly stop which caused her to fall forward out of her wheelchair onto the sidewalk/walkway,  causing a fracture of her right femur. The sidewalk / walkway in question was in a  dangerous condition, as well as exhibiting non-compliance with State and federal disability rights laws, codes and regulations as set forth herein in that area where Plaintiff was injured.

15. There were no signs that warned of this dangerous condition that caused Plaintiff's injuries, so as to provide Plaintiff, (who was using the subject sidewalk / walkway with due care), adequate time to prepare for and/or avoid the dangerous condition.

16. Plaintiff's sustained the injuries and loses described herein as a result of the negligence and violation of disabled access and safety standards protecting disabled persons and others by the defendants and their employees and/or agents and/or contractor and/ or subcontractors and the acts and omissions of defendants and their employees and/or agents and/or contractors and/ or subcontractors were a substantial factor in Plaintiff's injuries and other damages.

17. As a result of the aforementioned incident, Plaintiff sustained serious and permanent injuries to her body and mind. Plaintiff has been compelled to incur obligations for, *inter alia* medical care, medicines, medical imaging, hospitalizations, surgeries and related care, and will, in the future, be compelled to incur additional obligations. Plaintiff's income and career as a real estate professional have been impacted by the injuries she sustained and her loss of income continues to accrue and on information and belief, impact her future earning capacity.

6

18.     As a result of defendants' failures to provide a safe and accessible sidewalk/walkway, Plaintiff has, in addition to the injuries and losses described herein, suffered denial of her civil rights; including the denial to her right to full and equal access to public facilities and public accommodations, and programs services and activities, all to her general, special and statutory damages. Plaintiff intends to continue to patronize businesses at Skyport Plaza as it is convenient to her, but she is deterred from doing so as often as she would otherwise like because she is not assured that the sidewalks, walkways, and paths of travel at Skyport Plaza will kept and maintained in compliance with State and federal access requirements and thus a denial of her civil rights continues to the date of filing this Complaint and into the future.

19.     On or about December 16, 2014, the HUDSON Defendants and the ASSOCIATION entered into a contract to purchase Skyport Plaza. In connection with such purchase, the HUDSON Defendants and the ASSOCIATION were advised of their obligations to inspect, maintain, and repair the accessible features at Skyport Plaza including the walkway on which Plaintiff suffered her injury on June 16, 2016. Despite such advisement and knowledge, the HUDSON Defendants and the ASSOCIATION failed to make any efforts to inspect, maintain and/or repair the accessible features at Skyport Plaza thereby causing such property to be grossly out of compliance with existing state and federal accessibility laws and causing Plaintiff's fall and injuries as set forth herein.

20.     Plaintiff is informed and believes and on that basis alleges, that defendants and owed a duty of care to Plaintiff to design, construct, alter, modify, inspect and maintain Skyport Plazawith reasonable care, that defendants failed to exercise such care and diligence, and that the result of defendants' breach of their duty of care resulted in Plaintiff's injuries and attendant damages.

21. Plaintiff is informed and believes that defendants owned and/or operated and/or designed and/or constructed and/or modified/ altered and/or maintained and/or inspected and/or exerted control over the design, construction, maintenance, inspection, modification of the sidewalk/ walkway area where Plaintiff was injured at all times relevant in this Complaint.

7

**FIRST CLAIM**

**(Against Hudson Skyport Plaza, LLC, Hudson Skyport Plaza Land, LLC, Hudson Pacific**

**Properties, Inc., Skyport Plaza Owner's Associationand DOES 1-100 )**

[FOR DISCRIMINATION IN VIOLATION OF TITLE III OF THE AMERICANS WITH

DISABILITIES ACT OF 1990]

53.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the facts and allegations contained in the preceding paragraphs of this Complaint and incorporates them herein.

54.     Based on the facts and allegations above (which Plaintiff re-pleads and incorporates herein by reference), Plaintiff was denied full and equal enjoyment of and access to the Skyport Plaza Defendants' goods, services, facilities, privileges, advantages or accommodations in violation of the ADA.  Plaintiff alleges that the HUDSON Defendants and the ASSOCIATION owned or own, leased or lease and/or operated or operate a place of public accommodation as the term public accommodation is defined in 42 U.S.C. §12181(7).  The condition of Skyport Plaza and/or the manner in which the HUDSON Defendants and the ASSOCIATION provided services, failed to provide full and equal access to Defendants' goods and services in public accommodations as required, generally, by the provisions of 42 U.S.C. §12182(a)and 42 U.S.C. §12182(b)(1)(A).  As set forth in this Complaint below, Plaintiff was specifically subjected to discrimination in violation of 42 U.S.C. §12182(b)(2)(A)(iv); 12182(b)(2)(A)(v); 42 U.S.C §12182 (b)(2)(A)(iii); 42 U.S.C. §12183 and 42 U.S.C. §12188 because Plaintiff was denied equal access to and enjoyment of the Skyport Plaza.

55.     Plaintiff has physical disabilities as alleged above because Plaintiff's conditions affect one or more of the following body systems: Neurological, musculoskeletal, special sense organs, and/or cardiovascular.  Further, Plaintiff's physical impairments substantially limit major life activities; including standing and walking as required by 42 U.S.C. §12102(2)(A).  Plaintiff cannot perform the above-noted major life activities in the manner, speed and duration when

8

compared to the average person.  Moreover, Plaintiff has a history of or has been diagnosed and/or classified as having a physical impairment..

56.     The HUDSON Defendants have conceded the existence of and have agreed to remediate over 120 access barriers at Skyport Plaza. However, Plaintiff is informed believes and based thereon alleges that  the HUDSON Defendants and/or the ASSOCIATION  have  not implemented a a program for the  inspection, maintenance and/or repair of  accessible features at Skyport Plaza as required by 28 C.F.R. Section 36.211, among other laws.

57.     Many of the inaccessible conditions which existed at Skyport Plaza were due to conditions (such as ground subsidence) which will continue over time and thus it is more likely than not that in the absence of a court enforceable obligation to inspect, maintain and repair accessible features at Skyport Plaza, these conditions or other inaccessible and/or hazardous conditions will recur.

58.     One of the specific prohibitions against discrimination under the ADA is set forth in 42 U.S.C. §12182(b)(2)(A)(iv).  That Section prohibits, in pertinent part: "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities ... where such removal is readily achievable."

59.     Plaintiff alleges, on information and belief, that the removal of each of the specific barriers that Plaintiff encountered as set forth above, was at all times, "readily achievable" pursuant to the factors set forth in the ADA and the applicable Regulations adopted by the United States Department of Justice under the ADA (said Regulations being set forth in 28 CFR Part 36). Further, assuming, arguendo, that the HUDSON Defendants and the ASSOCIATION were able to meet their burden of proof that the removal of the defined architectural barriers (or any of them) was or is not "readily achievable," the HUDSON Defendants and the ASSOCIATION have conspicuously failed to make their goods, services, facilities, privileges, advantages and/or accommodations available through alternative readily achievable means pursuant to the requirements of 42 U.S.C. §12182(b)(2)(A)(v).

60.     The specific prohibitions against discrimination under the ADA, as set forth in 42 U.S.C. §12182(b)(2)(A)(ii) proscribe the following: "A failure to make reasonable modifications

9

1   in policies, practices and procedures when such modifications are necessary to afford such goods,

2   services, facilities, privileges, advantages or accommodations to individuals with disabilities . . . "

3        61.    Based on the facts and allegations pled herein, the HUDSON Defendants and the

4   ASSOCIATION failed and refused to reasonably modify their policies, practices and procedures

5   in that they failed to have a scheme, plan or design to assist Plaintiff and/or others similarly

6   situated in enjoying and utilizing Defendants' services, facilities, privileges, advantages or

7   accommodations, as required by the ADA. Additionally, the HUDSON Defendants and the

8   ASSOCIATION  failed to adopt required policies and procedures to allow people with disabilities

9   to effectively and safely navigate Skyport Plaza.

10        62.    Plaintiff is informed and believes and based thereon alleges that the HUDSON

11   Defendants and /or the ASSOCIATION designed, built and constructed Skyport Plaza on or after

12   January 26, 1993 and modified and altered Skyport Plaza on or after January 26, 1992 in a manner

13   that affects the usability and accessibility of Skyport Plaza.  The ADA specifically prohibits

14   discrimination against persons with disabilities in the construction and alteration of covered public

15   accommodation properties and commercial facilities.  In this regard, 42 U.S.C. §12183(a)(1) states

16   that discrimination includes a failure to design and construct facilities for first occupancy later than

17   January 26, 1993, that are readily accessible to and usable by individuals with disabilities, except

18   where an entity can demonstrate that it is structurally impracticable. In the instant case, Plaintiff is

19   informed and believes and based thereon alleges that Skyport Plaza was constructed after January

20   26, 1993 and that the barrier that caused her physical injuries and /or the other barriers at Skyport

21   Plaza, were in existence at the time the facility was constructed.

22        63.    As to alterations and modifications of covered public accommodation properties

23   and commercial facilities, the ADA specifically prohibits discrimination caused by failing to

24   design and conduct alterations and modifications in compliance with the Act. On information and

25   belief Plaintiff alleges that the HUDSON Defendants and the ASSOCIATION, at times relevant to

26   this Complaint, conducted alterations and modifications at Skyport Plaza that would have required

27   the elimination of the barrier on the sidewalk / walkway that injured Plaintiff and the other surface

28

slope and condition barriers that she has been informed and believes exist at Skyport Plaza. In this regard 42 U.S.C. §12183(a)(2) states:

> (2) with respect to a facility or part thereof that is altered by, on behalf of, or for the use of an establishment in a manner that affects or could affect the usability of the facility or part thereof, a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs. Where the entity is undertaking an alteration that affects or could affect usability of or access to an area of the facility containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities where such alterations to the path of travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope (as determined under criteria established by the Attorney General).

62. Sections 36.402 and 36.403 of 28 C.F.R. Part 36 contain the regulations called for and referenced in 42 U.S.C. §12183(a)(2). As enforceable at the time of the incident alleged herein, Section 36.402 of 28 C.F.R. Part 36 states, in pertinent part:

> (a) General. (1) Any alteration to a place of public accommodation or a commercial facility, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.
> (2) An alteration is deemed to be undertaken after January 26, 1992, if the physical alteration of the property begins after that date.
> (b) Alteration. For the purposes of this part, an alteration is a change to a place of public accommodation or a commercial facility that affects or could affect the usability of the building or facility or any part thereof.
> (1) Alterations include, but are not limited to, remodeling, renovation, rehabilitation, reconstruction, historic restoration, changes or rearrangement in structural parts or elements, and changes or rearrangement in the plan configuration of walls and full-height partitions...
> (2) If existing elements, spaces, or common areas are altered, then each such altered element, space, or area shall comply with the applicable provisions of appendix A to this part.

63. Section 36.403(a) of 28 C.F.R. Part 36 requires additional "path of travel" accessibility work to be conducted in connection with certain alterations. That section, as enforceable at the time of the incidents alleged herein states, in pertinent part:

> (a) General. An alteration that affects or could affect the usability of or access to an area of a facility that contains a primary function shall be made so as to ensure that, to the maximum extent feasible, the path of travel to the altered area and the restrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities, including individuals who

11

use wheelchairs, unless the cost and scope of such alterations is disproportionate to the cost of the overall alteration.

Section 36.403(e) defines a path of travel as follows:

(e) Path of Travel.

(1) A 'path of travel' includes a continuous, unobstructed way of pedestrian passage by means of which the altered area may be approached, entered, and exited, and which connects the altered area with an exterior approach (including sidewalks, streets, and parking areas), an entrance to the facility, and other parts of the facility.

(2) An accessible path of travel may consist of walks and sidewalks, curb ramps and other interior or exterior pedestrian ramps; clear floor paths through lobbies, corridors, rooms, and other improved areas; parking access aisles; elevators and lifts; or a combination of these elements.

(3) For the purposes of this part, the term 'path of travel' also includes the restrooms, telephones, and drinking fountains serving the altered area.

64. Section 36.403(f), as enforceable as of the time of the incidents alleged herein limits required changes to the path of travel to those changes that are not "disproportionate" to the work being conducted in the area of primary function. Section 36.403(f) states, in pertinent part: "(f) Disproportionality. (1) Alterations made to provide an accessible path of travel to the altered area will be deemed disproportionate to the overall alteration when the cost exceeds 20% of the cost of the alteration to the primary function area."

65. In the instant case, Plaintiff is informed and believes and based thereon alleges that Skyport Plaza was modified an/or altered after January 26, 1992 and that the barrier that caused her physical injuries and /or the other barriers at Skyport Plaza were created by or should have been remediated or eliminated in connection with said modifications and alterations.

66. Plaintiff wishes to return to Skyport Plaza, but is deterred from doing so; particularly with respect to the conditions where features in or connected to sidewalks, walkways and paths of travel may create inaccessible and hazardous abrupt changes in level or demonstrate non-compliant slopes and cross slopes and because of her knowledge of the lack of any program of inspection, maintenance and repair at Skyport Plaza.

WHEREFORE, Plaintiff prays for relief as set forth below.

12

## SECOND CLAIM

**(Against Hudson Skyport Plaza, LLC, Hudson Skyport Plaza Land, LLC, Hudson Pacific Properties, Inc., Skyport Plaza Owner's Association, and DOES 1-100)**

[FOR VIOLATION OF CALIFORNIA CIVIL CODE §§ 51, 54, 54.1 and CALIFORNIA HEALTH & SAFETY CODE §§ 19953 et seq.]

67.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the facts and allegations contained in the preceding paragraphs of this Complaint and incorporates them herein.

At all times relevant to this Complaint, California Civil Code § 54(a) has provided that:

> (a) Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings..., public facilities and other public places.

61. At all times relevant to this Complaint, California Civil Code § 54.1has provided that physically disabled persons are not to be discriminated against because of physical handicap or disability in the use of a public accommodation:

> . . . [P]hysically disabled persons shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities and privileges of all common carriers, airplanes, motor vehicles.. . . or any other public conveyances or modes of transportation, telephone facilities, hotels, lodging places, places of public accommodation, and amusement or resort, and other places to which the general public is invited, subject only to the conditions or limitations established by law, or state or other federal regulations, and applicable alike to all other persons.

68.     At all times relevant to this Compliant California Civil Code §51(b) has provided, in pertinent part:

> (b) All persons within the jurisdiction of this state are free and equal and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical conditions, are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

69.     Health & Safety Code §§ 19955 and 19955.5 were enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code." On

13

information and belief the provisions of both Health and Safety Code §§ 19955 and 19955.5, apply to Skyport Plaza.  Title 24, California Code of Regulations, was in effect at the time of the construction of Skyport Plaza and at each alteration, structural repair or modification which, on information and belief, occurred at such facility, thus requiring access complying with the specifications of Title 24 whenever new construction was undertaken or each such alterations, structural repairs or additions were carried out.  On information and belief, the HUDSON Defendants and the ASSOCIATION designed and constructed Skyport Plaza, including but not limited to the sidewalk / walkway on which Plaintiff was injured and/or carried out alterations, structural repairs, or additions to the Facility buildings and other facilities and elements during the period Title 24 has been in effect that would have required them to assure the existence of accessible routes, including the sidewalk/walkway where Plaintiff was injured. Additionally, Title 24 requires that buildings, facilities and elements that are required to be accessible must be maintained in an accessible condition. Further, Plaintiff alleges that, at all relevant times, the HUDSON Defendants and the ASSOCIATIONwere required to comply with Title III of the ADA, as more fully set forth in the First Claim, above and on information and belief, failed to do so; including. without limitation, (i) failures in the design, construction, modification and alteration of elements of Skyport Plaza;  (ii) failure to remove barriers at Skyport Plaza to the extent that the same was readily achievable; (iii) failure to adopt a plan or scheme to assure access to people with disabilities; ( iv) failure to modify policies practices and procedures to assure access at Skyport Plaza; and (v) failure to maintain elements and features required to be accessible in an accessible and useable condition.

70.     Plaintiff and other similarly situated physically disabled persons, including those who require the use of a wheelchair, are unable to use sidewalks, walkways, public buildings, public facilities and other public facilities, businesses and public accommodations on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code §§ 19953 et seq.  Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §§ 19953 et seq.

14

The actions and omissions of these defendants, as herein alleged, constitute a denial of access to and use of the described sidewalks, walkways, public buildings, public facilities and other public facilities, businesses and public accommodations by Plaintiff and other similarly situated physically disabled persons within the meaning of Government Code §§ 19953 et seq. et seq. As a proximate result of defendants' action and omissions, defendants have discriminated against plaintiffs in violation of Government Code §§ 19953 et seq., and of Title 24-2 regulations adopted to implement § 4450. A violation of these sections and the Title 24 regulations adopted thereunder constitutes a violation of the general anti-discrimination provisions Civil Code §§ 51(b), 54 and 54.1.

71. Each violation of the Americans With Disabilities Act of 1990 (as pled in the First Cause of Action) also constitutes a violation of §§ 51(f), 54(c) and 54.1(d) of the California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law. Plaintiff alleges that she has been denied such full and equal access as required by California law which incorporates Title III of the ADA.

72. Each violation of Plaintiff's rights under §51 of the Civil Code entitles Plaintiff to injunctive relief and an award of damages, attorneys' fees and costs pursuant to §52 of the Civil Code. Each violation of Plaintiff's rights under §§54 or 54.1 of the Civil Code entitles Plaintiff to an award of damages, attorneys' fees and costs pursuant to §54.3 of the Civil Code.

WHEREFORE, Plaintiff prays for relief as set forth below.


### THIRD  CLAIM

**(Against Defendants Pacific Gas & Electric Company, Hudson Skyport Plaza, LLC, Hudson Skyport Plaza Land, LLC, Hudson Pacific Properties, Inc., Skyport Plaza Owners Association and DOES 1-100)**

*[NEGLIGENCE AND NEGLIGENCE PER SE]*

73.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the facts and allegations contained in preceding paragraphsof this Complaint and incorporates them herein.

74.     At all times herein mentioned the Skyport Plaza where the subject incident that forms the basis of this lawsuit occurred was in a dangerous condition(s) due to the negligence and other breaches of duty owed to Plaintiff by defendants.

75.     As a proximate result of the dangerous conditions, Plaintiff sustained serious and permanent injuries and attendant damages as set forth herein.

76.     The known dangerous condition(s), as described above, created a substantial risk of the type of injury alleged herein when such property was used with due care in a manner in which it was reasonably foreseeable that Skyport Plaza would be used.

77.     At all times relevant to this Complaint, on information and belief, defendants, and each of them, owned, operated, maintained, controlled, designed, constructed, altered, modified, inspected, equipped, supervised, and administered the area which is the subject of this Complaint, such that they were in some manner substantially responsible for property design, construction, maintenance, repair, inspection, monitoring, and signing, and/or other work that was conducted in the subject area or in the area leading to or surrounding the place where the Plaintiff was injured.

78.     Defendants, and each of them, failed to notify the other Defendants of dangerous condition(s).

79.     Defendants, and each of them, through their acts and omissions, created the dangerous condition(s) and/or failed to remedy the dangerous condition(s) and/or failed to warn of the dangerous conditions.

80.     Defendants, and each of them, had the authority and the funds and other means available to take alternative action that would not have created the dangerous condition or at least would have warned Plaintiff of its existence.

16

81.    Defendants, and each of them, had the authority and the responsibility to take adequate measures to protect against the dangerous condition that caused Plaintiff's injuries.

82.    Although these defendants had actual and/or constructive knowledge of the dangerous condition(s) of Skyport Plaza  they failed to warn the public of the dangerous condition(s).

83.    Prior to or on or about the date of Plaintiff injury, these defendants, their employees, contractors, subcontractors and agents, and each of them, acting within the scope of their employment, were negligent and careless in doing the acts set forth above, which negligence created the dangerous condition(s) as described herein.

84.    These defendants, and each of them, were further negligent in that they failed to monitor and/or inspect their work or the area so as to determine if there were conditions which would develop that would pose a risk of harm to individuals that would be using the Skyport Plaza in a foreseeable manner.  Additionally, defendants, and each of them, failed to inspect, warn, and perform adequate repair and/or maintenance of Skyport Plaza.

85.    Defendants, their employees, contractors, subcontractors and agents, and each of them, had actual and/or constructive knowledge of the existence of the dangerous condition(s) and knew or should have known of their dangerous character in that the condition had existed for a sufficient period of time, and was of such a nature that defendants, in the exercise of due care should have discovered the conditions and their dangerous character within a sufficient period of time prior to the occurrence of the injury, to have taken measures to protect against the dangerous condition(s).

86.    At all times, defendants failed to install any safety and/or preventative measures to guard against i injuries occurring in the area of Skyport Plaza that isat issue.

87.    As a result of such negligence, Plaintiff has sustained damages.

88.    At all times, Defendants owed a duty of reasonable care to prevent injury to members of the public, including Plaintiff.  Through their acts and omissions, defendants breached the duty of reasonable care to prevent injury to Plaintiff.  As a result of such acts and/or omissions

17

by defendants, Plaintiff suffered personal injuries and attendant damages. As such, defendants are liable to Plaintiff.

89.     Plaintiff in no way contributed to, nor was she in any way at fault for any of the injuries she sustained. The negligence of defendants, as alleged herein above was a substantial factor in Plaintiff's fall and injury.

90.     As and to the extent that the HUDSON Defendants, the ASSOCIATION, PG&E, as well as any other defendant, violated any statute, law or ordinance designed to protect against the sorts of risks that caused Plaintiff's fall and injuries, including but not limited to the ADA, §§ 51, 54, 54.1 of the California Civil Code, §§ 19953 et seq. of the California Government Code and the Title 24 regulations concerning the construction, modification, alteration and maintenance of features designed to provide for safe and accessible conditions for people with disabilities or the general public the negligence of said defendants constitutes negligence *per se*.

91.     To the extent that any of the negligent acts or omissions alleged herein were the result of the negligence of any defendant's employees acting in the course and scope of their employment, said defendants are liable for the acts or omissions of said employees under the principles of *respondeat superior*.

WHEREFORE, Plaintiff prays for relief as follows:

## **PRAYER FOR RELIEF**

1. Issue a preliminary and permanent injunction under 42 U.S.C. §12188 to address violations of Title III of the ADA as pled in the First Claim, under §52 of the California Civil Code to address violations of §51 as pled in the First Claim. Plaintiff does not seek any injunctive relief under §55 of the California Civil Code or any provision of the Health and Safety Code. Such injunction should direct all defendants who currently own and/or operate Skyport Plaza to implement and continue a comprehensive program of preventive maintenance designed to detect and eliminate all barriers access at Skyport Plaza including, without limitation, the

18

sidewalk / walkway barrier that caused Plaintiff's injuries and other surface slope barriers at the Skyport Plaza ;

2.     Retain jurisdiction over those defendants until such time as the Court is satisfied that said defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible subject sidewalk, walkway, and paths of travel as complained of herein no longer occur, and will not recur;

3.     Award to Plaintiff all appropriate damages, including but not limited to statutory damages, special damages, general damages, and up to three times her actual damages for each violation of §51 (per §52 of the Civil Code) and each violation of §54 and §54.1 of the California Civil Code (per §54.3 of the California Civil Code); provided that Plaintiff shall, before trial, elect as to whether to pursue an award of damages under §52 or §54.3;

4.     Award to Plaintiff all reasonable attorneys' fees, litigation expenses and costs of this proceeding, as provided by 42 U.S.C. §12205 for violations of Title III of the ADA; §52 of the Civil Code for violation of §51 of the Civil Code, under §54.3 of the California Civil Code for violation of § §54 and 54.1 of the California Civil Code and under California Code of Civil Procedure 1021.5;

5.     Award prejudgment interest pursuant to Civil Code § 3291; and

6.     Grant such other and further relief as this Court may deem just and proper.

DERBY McGUINNESS & GOLDSMITH LLP

DATED:   January __, 2020

By_____
Steven L. Derby, Esq.
Attorney for Plaintiff
CRISTINA MENDOZA

**DEMAND FOR JURY**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

19

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

DATED:  January __, 2020

DERBY McGUINNESS & GOLDSMITH LLP

By_____

Steven L. Derby, Esq.
Attorney for Plaintiff
CRISTINA MENDOZA

20