

**Signed and Filed: December 3, 2019**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>   - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>   Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

### ORDER ON APPLICABILITY OF INVERSE CONDEMNATION; RULE 54(b) CERTIFICATION

### I.      INTRODUCTION

For the reasons stated in this court's Memorandum Decision on Inverse Condemnation filed on November 27, 2019 (Dkt. #4895), the doctrine of inverse condemnation applies to Debtors as a matter of law.

-1-

1    This order is issued pursuant to this court's Order Establishing Pre-Confirmation

2  Briefing and Hearing Schedule for Certain Legal Issues (Dkt. #4540), Rule 54(b) of the Federal

3  Rules of Civil Procedure ("FRCP") and Rules 7054, 9014 and 9021 of the Federal Rules of

4  Bankruptcy Procedure.

5  ## II.    BACKGROUND

6      The court's concurrent Memorandum Decision concludes that the doctrine of inverse

7  condemnation applies to Debtors.  The Memorandum Decision is based purely on the legal

8  issue with no factual findings.  Although there was no motion or request formally filed to obtain

9  this order, this court's Order Establishing Pre-Confirmation Briefing and Hearing Schedule for

10  Certain Legal Issues (Dkt. #4540) sets the stage for orders being deemed final and being

11  certified for direct appeal if it appeared appropriate at the time of the decision.  At the hearing

12  on inverse condemnation, the court asked the parties whether they wished to pursue this issue

13  on direct appeal to the Ninth Circuit.  The parties answered in the affirmative.

14  ## III.    FINAL JUDGMENT

15      FRCP 54(b) provides that, when more than one claim for relief is presented in an action,

16  a court may direct entry of final judgment upon an express determination that there is no just

17  reason for delay.  As laid out by the United States Supreme Court, a court must first determine

18  it is dealing with a final judgment.  *Curtiss-Wright Corporation v. General Electric Company*,

19  446 U.S. 1, 7 (1980).  The judgment must be "a decision upon a cognizable claim for relief" and

20  must be final in the sense that "it is an ultimate disposition of an individual claim entered in the

21  course of a multiple claims action."  *Id*., *quoting Sears, Roebuck & Co. v. Mackey*, 351 U.S.

22  427, 436 (1956).  The court must then determine whether there is any just reason for delay.

23  *Curtiss-Wright*, 446 U.S. at 8.

24      Here, this court is dealing with a final judgment.  The issue of whether inverse

25  condemnation applies to Debtors has been fully briefed and disposed of in the context of this

26  proceeding.  Nothing further needs to be adjudicated on this topic and no sub-issues remain.

27  The issue of whether inverse condemnation will not be called into question by further

28  proceedings in this case.

UNITED STATES BANKRUPTCY COURT
for the Northern District of California

-2-

Case: 19-30088    Doc# 5543-22    Filed: 01/29/20    Entered: 01/29/20 11:57:43    Page 2
Case: 19-30088    Doc# 4949    Filed: 12/03/19    Entered: 12/03/19 09:48:48    Page 2 of
of 33

1   In addition, there is no just reason for delay.  In making this determination, this court

2   must take into account judicial administrative interest as well as equities, particularly to

3   preserve federal policy against piecemeal appeals.  *See Curtiss-Wright*, 446 U.S. at 8.  Here, the

4   issue of inverse condemnation in this case is separable from other issues of Debtors' liability in

5   wildfires, as this issue pertains to just one theory of liability, one without regard to fault or

6   negligence, only causation.  An appellate court will not be faced with deciding this discrete

7   issue more than once: this court has ruled on the issue of inverse condemnation, which shall not

8   be disturbed unless an appellate court overturns it.  *See In Re Pacific Gas and Electric*

9   *Company*, 275 B.R. 1, 3 (Bankr. N.D. Cal. 2002) (where court's definitive ruling on discrete

10  issue was a factor in favor of finding no just reason for delay).

11  Finally, equity favors certification.  As laid out in the Memorandum Decision, this issue

12  determines Debtors' liability for billions of dollars and shapes the outline of a Chapter 11 plan

13  and this case in general.  The California Supreme Court has not ruled on this issue directly and

14  the parties to this case require answers before a legislative deadline of June 30, 2020.  Due to

15  the dearth of California Supreme Court authority on this issue of public importance and the

16  weight of an impending legislative deadline, this court sees no just reason for delay.

17

18                                  **\*\*\* END OF ORDER \*\*\***

19

20

21

22

23

24

25

26

27

28

-3-