WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>   - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**EIGHTH OMNIBUS MOTION OF THE UTILITY PURSUANT TO 11 U.S.C § 365(a), FED. R. BANKR. P. 6006, AND B.L.R. 6006-1 FOR AN ORDER APPROVING ASSUMPTION OF CERTAIN REAL PROPERTY LEASES**<br><br>**("THIRD LEASE ASSUMPTION MOTION")**<br><br>Date:  February 26, 2020<br>Time:  10:00 a.m. (Pacific Time)<br>Place:  United States Bankruptcy Court<br>         Courtroom 17, 16th Floor<br>         San Francisco, CA 94102<br><br>**Objection Deadline:** February 12, 2020<br>                              4:00 p.m. (Pacific Time) |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

> **NOTICE TO COUNTERPARTIES**
>
> **This Motion seeks to assume certain leases. A list of the Real Property Leases (as defined below) sought to be assumed pursuant to this Motion is annexed hereto as <u>Exhibit B</u>. If you have received this Motion and are a counterparty to a lease with Pacific Gas and Electric Company, please review <u>Exhibit B</u> to determine if this Motion affects your lease and your rights thereunder.**

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to section 365(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 6006-1 of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for an order (i) approving the Utility's assumption of the Real Property Leases (as defined below), (ii) authorizing the Utility to make Cure Payments (as defined below) totaling $31,920.32 in connection with the Real Property Leases, (iii) following such payments, barring the lessors from asserting that any default exists under the Real Property Leases, and (iv) granting related relief.

In support of the Motion, the Utility submits the Declaration of Mark Redford, the "**Redford Declaration**") filed contemporaneously herewith. A proposed form of order granting the relief requested herein is annexed hereto as <u>**Exhibit A**</u> (the "**Proposed Order**").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. JURISDICTION**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal. Feb. 22, 2016), and Rule 5011-1(a) of the Bankruptcy Local Rules. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No chapter 11 trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

## III. THE REAL PROPERTY LEASES

The Debtors are party to numerous real property leases, which are used by the Debtors in connection with their ongoing business operations. The Debtors received two extensions of the deadline to assume or reject a number of their nonresidential real property leases by the *Order Pursuant to 11 U.S.C. Sections 365(d)(4) and B.L.R. 6006-1 Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property* [Docket No. 2227] and *Order Pursuant to 11 U.S.C. §§ 365(d)(4) and B.L.R. 6006-1 Further Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property* [Docket No. 3749].

By this Motion, the Utility seeks to assume (i) that certain Lease, dated March 5, 2008, as subsequently amended, between the Utility and Nearon Sunset, LLC, for real property located at 3401 Crow Canyon Road, San Ramon, California (the "**Nearon Lease**"); and (ii) that certain Office Lease Agreement, dated February 28, 2014, as subsequently amended, between the Utility and Roseville

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Parkway 20, LLC, JCP Lincoln, LLC, and Pappas Lincoln, LLC (as successors in interest for the original lessor, Opus Real Estate CA VII Rocklin, L.P.) for the property located at 6030 West Oaks Boulevard, Suite 300, Rocklin, California (the "**Roseville Lease**," and together with the Nearon Lease, the "**Real Property Leases**"). The deadline for the Utility to assume or reject the Nearon Lease is January 31, 2020 and the deadline for the Utility to obtain an order to assume or reject the Roseville Lease is the date of the hearing on a motion seeking approval of a disclosure statement, pursuant to section 1125 of the Bankruptcy Code, in these Chapter 11 Cases.

A schedule of the Real Property Leases (including the details of all counterparties, amendments and assignments), along with any Cure Payments to be made in connection with the assumption is set forth on **Exhibit B** to this Motion.

As further discussed below, the Utility has determined that assumption is in the best interests of the Utility and its estate. If the Utility is not granted authority to assume the Real Property Leases, to the extent such leases are unexpired leases of nonresidential real property, section 365(d)(4)(A) of the Bankruptcy Code provides that the Real Property Leases will be deemed rejected, and the Utility will be obligated to immediately surrender the properties subject to such Real Property Leases (the "**Leased Properties**") to the respective lessors.

### A. Nearon Lease

The Nearon Lease covers the Utility's San Ramon Office, a highly utilized local office with over 600 employees. The site is primarily occupied by the Utility's information technology team. Other users include the Utility's Shared Services and Electric Operations teams. The Utility believes that the current rent pursuant to Nearon Lease is below market rate.

Assumption of the Nearon Lease will allow the Utility to continue its operations at the San Ramon Office. Deemed rejection of the Nearon Lease would cause significant business interruption to the Utility's operations and its customers and be costly, as no existing office space in the Utility's real estate portfolio is available to relocate the employees based at the San Ramon Office. If the Utility is unable to assume the Nearon Lease, it would be required to relocate the San Ramon Office and enter into a new lease. The Utility expects that the lease of an alternative location, if a suitable site could be

located in the area, would be on less favorable terms than those of the Nearon Lease.

### B. Roseville Lease

The Roseville Lease covers the Utility's Rocklin Regional Office. The site is utilized by over 200 Utility employees from all of its lines of business. The Utility believes that the current rent pursuant to the Roseville Lease is below market rate when incentives provided to the Utility under the Roseville Lease are considered.

Assumption of the Roseville Lease will allow the Utility to continue its operations at the Rocklin Regional Office. Deemed rejection of the Roseville Lease would cause significant business interruption to the Utility's operations and its customers and be costly, as no existing office space in the Utility's real estate portfolio is available to relocate the employees based at the Rocklin Regional Office. If the Utility is unable to assume the Roseville Lease, it would be required to relocate the Rocklin Regional Office and enter into a new lease. The Utility expects that the lease of an alternative location, if a suitable site could be located in the area, would be on less favorable terms than those of the Roseville Lease.

### C. Alternatives to Assumption

To the extent that any rental savings could be achieved by rejecting either of the Real Property Leases and acquiring new property—or obtaining new leases in their place—the Utility believes that such savings would be immaterial and would be outweighed by the costs of rejection, including (a) the expenses that the Utility would incur in moving its equipment and fixtures to new locations, (b) the time, cost, and difficulty of finding replacement leases, (c) the adverse impact and interruption to the Utility's business operations unless and until the Utility is able to negotiate new leases, and (d) the potential claims for damages arising from the rejection the Real Property Leases.

Absent the relief sought by this Motion, if the Real Property Leases are deemed rejected, the Utility could face adverse consequences from such deemed rejection, as outlined above. Moreover, the Utility and its estate will be deprived of the benefit of the opportunity to realize any potential value from a subsequent assignment of the Real Property Leases if the Utility determines in the future it no longer has a business use for such leases.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## IV. RELIEF REQUESTED

The Utility seeks an order (i) approving the assumption of the Real Property Leases under section 365(a) of the Bankruptcy Code, (ii) authorizing the cure payments to the lessors of the Real Property Leases (the "**Lessors**") as set out in **Exhibit B** to this Motion (the "**Cure Payments**"), and (iii) following payment of the Cure Payments, barring the Lessors from asserting that any default exists under the Real Property Leases as of the date of the entry of an order on this Motion.

## V. BASIS FOR RELIEF REQUESTED

The Utility's assumption of the Real Property Leases should be approved under section 365(a) of the Bankruptcy Code. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). As an initial matter, each of the Real Property Leases is unexpired, and therefore is capable of being assumed under section 365(a). *Diatom LLC v. Comm. of Creditors Holding Unsecured Claims (In re Gentile Family Indus.)*, No. BAP CC-13-1563-KITAD, 2014 WL 4091001, at *3 (B.A.P. 9th Cir. Aug. 19, 2014).

Bankruptcy Courts generally "approve motions to assume, assume and assign, or reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment." *In re MF Glob. Holdings Ltd.*, 466 B.R. 239, 242 (Bankr. S.D.N.Y. 2012); *see also Durkin v. Benedor Corp. (In re G.I. Indus., Inc.)*, 204 F.3d 1276, 1282 (9th Cir. 2000); *In re Miller*, No. 15-61159-12, 2016 WL 1316763, at *4 (Bankr. D. Mont. Apr. 1, 2016).

The "business judgment" standard is not a strict standard; it requires only a showing that either assumption or rejection of the unexpired lease will benefit the debtor's estate. *See Pac. Shores Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 292 B.R. 195, 199 (N.D. Cal. 2003), *aff'd*, 392 F.3d 1064 (9th Cir. 2004) ("Bankruptcy courts generally approve rejection if the debtor demonstrates that the rejection will benefit the estate under a 'business judgment' test."); *In re Am. Suzuki Motor Corp.*, 494 B.R. 466, 475 n.4 (Bankr. C.D. Cal. 2013). Furthermore, "[c]ourts generally will not second-guess a debtor's business judgment concerning whether the assumption or rejection of an executory contract or

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

unexpired lease would benefit the debtor's estate." *In re MF Glob. Holdings Ltd.*, 466 B.R. at 242; *In re Miller,* 2016 WL 1316763, at *4 ("Although . . . business judgment is the proper standard for determining whether to permit assumption or rejection of an executory contract or unexpired lease, the court should focus on the business judgment of the trustee or debtor in possession, not on its own business judgment."). The Court should "presume that the debtor-in-possession acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate." *Agarwal v. Pomona Valley Med. Grp., Inc. (In re Pomona Valley Med. Grp., Inc.)*, 476 F.3d 665, 670 (9th Cir. 2007) (in the context of a motion to reject under section 365(a)). Only a decision which is "so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice" runs afoul of the rule. *Id*.

As discussed above and in the Redford Declaration, the Utility seeks to assume the Real Property Leases to avoid any disruption to its business operations. The Utility considers the Real Property Leases to contain more favorable terms than those that would be obtained in replacement leases, if suitable replacement properties could be located to rent. Assumption of the Real Property Leases will also avoid the costs arising from relocation, decommissioning, and rejection damages if the Real Property Leases are deemed rejected.

When assuming an unexpired lease or executory contract, section 365(b) of the Bankruptcy Code requires the debtor to cure any defaults under the contract or lease and provide adequate assurance that it will promptly cure these defaults, and provide adequate assurance of future performance under the contract or lease. *See* 11 U.S.C. § 365(b)(1)(A)-(C); *see also In re Crummie*, 194 B.R. 230, 237 (Bankr. N.D. Cal. 1996); *In re Heitman*, No. 99-20559, 1999 WL 33486720, at *1 (Bankr. D. Idaho July 22, 1999) ("Additionally, § 365(a) and (b) require Court approval of assumption, and only then upon proof of satisfaction of certain prerequisites regarding cure of defaults and adequate assurance of future performance.").

The Utility has reviewed its books and records in respect of the Real Property Leases and has attempted to identify any prepetition defaults requiring cure under section 365(b) of the Bankruptcy Code. Where the Utility has identified such defaults, it has calculated a monetary amount to satisfy the

defaults, which amounts are listed in **Exhibit B**.

The Utility seeks authorization to make the Cure Payments to the applicable Lessors. Following the making of the Cure Payments, the Utility seeks, by this Motion, to forever bar, estop, and permanently enjoin the Lessors from asserting against the Utility, its successors or assigns, or the property of any of them, any default existing under Real Property Leases as of the date of the entry of the order on this Motion.

With respect to adequate assurance of future performance, the Utility has sufficient financial capacity to meet its obligations under the Real Property Leases, including through the Debtors' access to the $5.5 billion debtor-in-possession financing facility approved by the Bankruptcy Court, which was intended to satisfy the Debtors' liquidity needs through December 2020. *See Declaration of David Kurtz In Support of Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 362, 363, 364, 503 and 507 and Fed. R. Bankr. P. 2002, 4001, 6003, 6004 and 9014 for Interim and Final Orders (i) Authorizing the Debtors to Obtain Senior Secured, Superpriority, Postpetition Financing, (ii) Granting Liens and Superpriority Claims, (iii) Modifying the Automatic Stay, (iv) Scheduling Final Hearing and (v) Granting Related Relief* [Docket No. 24]. The Utility further believes that there is adequate assurance of future performance under the Real Property Leases in light of the Utility's history of timely payments and timely performance of obligations thereunder during the Chapter 11 Cases.

Where required by section 365(d)(3) of the Bankruptcy Code to the Utility's knowledge, the Utility has timely performed its postpetition obligations under the Real Property Leases and has remained current on such obligations since the Petition Date. The Utility's history of meeting such obligations under the Real Property Leases during these Chapter 11 Cases evidences the ability to continue to do so in the future. Consequently, the Utility submits that no further showing of adequate assurance of future performance is necessary.

### VI. RESERVATION OF RIGHTS

Nothing in this Motion is intended to impair, prejudice, waive or otherwise affect the rights of the Utility and its estate to subsequently assign any of the Real Property Leases pursuant to, and in accordance with, the requirements of section 365 of the Bankruptcy Code.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## VII. NOTICE

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; (xii) the non-debtor parties to the Real Property Leases; and (xiii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Utility respectfully submits that no further notice is required.

The Debtors have previously sought relief from this Court to assume certain executory contracts and unexpired leases. No previous request for the relief sought herein to assume the Real Property Leases has been made by the Debtors to this or any other court.

WHEREFORE the Utility respectfully requests entry of an order granting (i) the relief requested herein as a sound exercise of the Utility's business judgment and in the best interests of its estate, creditors, shareholders, and all other parties in interest, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: January 29, 2020

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: _/s/ Jessica Liou_
     Jessica Liou

*Attorneys for Debtors
and Debtors in Possession*