**Exhibit A**

**Proposed Order**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | |
| **PG&E CORPORATION** | Bankruptcy Case No. 19-30088 (DM) |
| **- and -** | |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | Chapter 11 (Lead Case) (Jointly Administered) |
| **Debtors.** | |
| ☐  Affects PG&E Corporation<br>☑  Affects Pacific Gas and Electric Company<br>☐  Affects both Debtors<br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | **[PROPOSED] ORDER PURSUANT TO 11 U.S.C § 365(a), FED. R. BANKR. P. 6006, AND B.L.R. 6006-1 APPROVING ASSUMPTION OF CERTAIN REAL PROPERTY LEASES** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Upon the Motion, dated January 29, 2020 (the "**Motion**"),[1] of PG&E Corporation and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases, pursuant to section 365(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 6006-1 of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for an order approving the Utility's assumption of the Real Property Leases with the Lessors identified in **Exhibit B** to the Motion, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion, the Wells Declaration (as amended on February 2, 2019 [Docket No. 263]), the Redford Declaration; and this Court having determined that the legal and factual bases set forth in the Motion, the Wells Declaration and Redford Declaration establish just cause for the relief granted herein; and the Court having held a hearing on the Motion; and it appearing that the relief requested in the Motion reflects the sound business judgment of the Utility and is in the best interests of the Utility, its estate, creditors, shareholders, and all parties in interest; and upon the record of the hearing and all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

    1.    The Motion is granted as provided herein.

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

2. Pursuant to section 365 of the Bankruptcy Code, the Utility's assumption of the Real Property Leases in **Schedule 1** annexed to this Order is hereby approved, effective as of the date of entry of this Order.

3. Assumption of the Real Property Leases shall be effective notwithstanding a dispute over the proposed Cure Payment. The Utility is authorized to and shall promptly pay any Cure Payments as soon as practicable after assumption of the Real Property Leases. Any disputed Cure Payment must be paid promptly after the earlier of the date (a) on which the Utility and the applicable Lessor agree to such amounts and (b) specified in a final and non-appealable order entered by this Court determining such amounts.

4. Following the payment of the Cure Payment, the non-debtor parties to the Real Property Leases shall be forever barred, estopped, and permanently enjoined from asserting against the Utility, its successors or assigns, or its property, any default existing under the Real Property Leases as of the date hereof.

5. Nothing in the Motion or this Order, nor as a result of any payment made pursuant to this Order, shall impair, prejudice, waive or otherwise affect the rights of the Utility and its estate to subsequently assign any of the Real Property Leases pursuant to, and in accordance with, the requirements of section 365 of the Bankruptcy Code.

6. The Utility is authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, and documents, and to take any and all actions reasonably necessary or appropriate to perform under the Real Property Leases.

7. The Utility is authorized to take all steps necessary or appropriate to carry out this Order.

8. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# SCHEDULE 1[2]

| No | Lessor | Real Property Lease | Leased Property | Cure Payment |
|----|--------|---------------------|-----------------|--------------|
| 1 | Nearon Sunset, LLC | Lease dated March 5, 2008, as amended by that certain First Amendment to Lease dated as of August 15, 2008, that certain Second Amendment to Lease dated as of October 15, 2015, that certain Third Amendment to Lease dated as of September 1, 2016, and that certain Subordination, Non-Disturbance and Attornment Agreement dated February 28, 2018. | 3401 Crow Canyon Road, San Ramon, California | $23,164.88 |
| 2 | Roseville Parkway 20, LLC, JCP Lincoln, LLC, and Pappas Lincoln, LLC, as tenants-in-common. | Office Lease Agreement dated February 28, 2014, as affected by that certain Subordination, Non-Disturbance and Attornment Agreement dated March 30, 2018. | 6030 West Oaks Boulevard, Suite 300, Rocklin, California | $8,755.44 |

---

[2] Inclusion of any lease, contract, or agreement on this **Schedule 1** shall not constitute an admission as to the determination of the legal status of any such lease, contract, or agreement (including whether any such lease, contract, or agreement is an unexpired lease of nonresidential real property, a true lease, or a financing arrangement), and the Utility reserves all of its rights to reclassify or recharacterize any such lease, contract, or agreement listed on this **Schedule 1**.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119