WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **DECLARATION OF MARK REDFORD IN SUPPORT OF THIRD LEASE ASSUMPTION MOTION** |
| ☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors | Date: February 26, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>    Courtroom 17, 16th Floor<br>    San Francisco, CA 94102 |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | **Objection Deadline:** February 12, 2020<br>    4:00 p.m. (Pacific Time) |

I, Mark Redford, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Principal Real Estate Transaction Manager in the Corporate Real Estate Strategy & Services department ("**CRESS**") of Pacific Gas and Electric Company (the "**Utility**" and, together with PG&E Corporation, the "**Debtors**"), and have served in my current role since 2017. I was first employed by the Utility between 2007 and 2016 and held a number of positions in the Utility, including Supervisor, Corporate Real Estate Transactions Department and Corporate Real Estate Transactions Specialist. After a brief departure in 2016, I rejoined the Utility in 2017. I hold a Bachelor of Science in Planning and Resource Management (Urban Planning) from Brigham Young University.

2. I am authorized to submit this Declaration (the "**Declaration**") on behalf of the Debtors in support of the *Eighth Omnibus Motion of the Utility Pursuant to 11 U.S.C § 365(a), Fed. R. Bankr. P. 6006, and B.L.R. 6006-1 for an Order Approving Assumption of Certain Real Property Leases* (the "**Motion**").[1]

3. I am knowledgeable and familiar with the Debtors' day-to-day operations and, specifically, the Debtors' portfolio of real property leases managed by CRESS. The facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, and information provided to me by the Debtors' other employees or the Debtors' legal, restructuring, and financial advisors. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

## THE REAL PROPERTY LEASES

4. The Debtors are party to numerous real property leases, which are used by the Debtors in connection with their ongoing business operations. By the Motion, the Utility seeks to assume (i) that certain Lease, dated March 5, 2008, as subsequently amended, between the Utility and Nearon Sunset, LLC, for real property located at 3401 Crow Canyon Road, San Ramon,

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1  California (the "**Nearon Lease**"); and (ii) that certain Office Lease Agreement, dated February 28, 2014, as subsequently amended, between the Utility and Roseville Parkway 20, LLC, JCP Lincoln, LLC, and Pappas Lincoln, LLC (as successors in interest for the original lessor, Opus Real Estate CA VII Rocklin, L.P.) for the property located at 6030 West Oaks Boulevard, Suite 300, Rocklin, California (the "**Roseville Lease**," and together with the Nearon Lease, the "**Real Property Leases**"). A schedule of the Real Property Leases (including the details of all counterparties, amendments and assignments), along with any Cure Payments to be made in connection with the assumption is set forth on **Exhibit B** to the Motion.

5. I understand the Debtors received two extensions of the deadline to assume or reject a number of their nonresidential real property leases, including the Real Property Leases. I understand the deadline for the Utility to assume or reject the Nearon Lease is January 31, 2020 and the deadline for the Utility to obtain an order to assume or reject the Roseville Lease is the date of the hearing on a motion seeking approval of a disclosure statement, pursuant to section 1125 of the Bankruptcy Code, in these Chapter 11 Cases.

6. As further discussed below, I believe assumption of the Real Property Leases is in the best interests of the Utility and its estate.

7. If the Utility is not granted authority to assume the Real Property Leases by the Motion, I understand that the Real Property Leases may be deemed rejected, and the Utility may be obligated to immediately surrender the Leased Properties to the respective lessors.

**A. Nearon Lease**

8. The Nearon Lease covers the Utility's San Ramon Office, a highly utilized local office with over 600 employees. The site is primarily occupied by the Utility's information technology team. Other users include the Utility's Shared Services and Electric Operations teams.

9. I believe that the current rent pursuant to Nearon Lease is below market rate.

10. Assumption of the Nearon Lease will allow the Utility to continue its operations at the San Ramon Office. I believe that deemed rejection of the Nearon Lease would cause significant business interruption to the Utility's operations and its customers and be costly, as

no existing office space in the Utility's real estate portfolio is available to relocate the employees based at the San Ramon Office.

11. If the Utility is unable to assume the Nearon Lease, I believe it would be required to relocate the San Ramon Office and enter into a new lease. I expect that the lease of an alternative location, if a suitable site could be located in the area, would be on less favorable terms than those of the Nearon Lease.

### B. Roseville Lease

12. The Roseville Lease covers the Utility's Rocklin Regional Office. The site is utilized by over 200 Utility employees from all of its lines of business.

13. I believe that the current rent pursuant to the Roseville Lease is below market rate when incentives provided to the Utility under the Roseville Lease are considered.

14. Assumption of the Roseville Lease will allow the Utility to continue its operations at the Rocklin Regional Office. I believe that deemed rejection of the Roseville Lease would cause significant business interruption to the Utility's operations and its customers and be costly, as no existing office space in the Utility's real estate portfolio is available to relocate the employees based at the Rocklin Regional Office. If the Utility is unable to assume the Roseville Lease, I expect it would be required to relocate the Rocklin Regional Office and enter into a new lease.

15. I expect that the lease of an alternative location, if a suitable site could be located in the area, would be on less favorable terms than those of the Roseville Lease.

### C. Alternatives to Assumption

16. To the extent that any rental savings could be achieved by rejecting either of the Real Property Leases and acquiring new property—or obtaining new leases in their place—I believe that such savings would be immaterial and would be outweighed by the costs of rejection, including (a) the expenses that the Utility would incur in moving its equipment and fixtures to new locations, (b) the time, cost, and difficulty of finding replacement leases, (c) the adverse impact and interruption to the Utility's business operations unless and until the Utility is able to negotiate new leases, and (d) the potential claims for damages arising from the rejection the Real Property Leases.

17. Absent the relief sought by the Motion, if the Real Property Leases are deemed rejected, I believe the Utility could face adverse consequences from such deemed rejection, as outlined above. I also believe the Utility and its estate will be deprived of the benefit of the opportunity to realize any potential value from a subsequent assignment of the Real Property Leases if the Utility determines in the future it no longer has a business use for such leases.

## CURE AMOUNTS AND ADEQUATE ASSURANCE

18. I have reviewed the Utility's books and records in respect of the Real Property Leases and have attempted to identify any prepetition defaults requiring cure under section 365(b) of the Bankruptcy Code. Where such defaults have been identified, I have calculated a monetary amount that I believe will satisfy the defaults, which amounts are listed in **Exhibit B** of the Motion.

19. I believe that the Utility has sufficient financial capacity to meet its obligations under the Real Property Leases, including through the Debtors' access to the $5.5 billion debtor-in-possession financing facility approved by the Bankruptcy Court, which, as I understand it, was intended to satisfy the Debtors' liquidity needs through December 2020. I further believe that there is adequate assurance of future performance under the Real Property Leases in light of the Utility's history of timely payments and timely performance of obligations thereunder during the Chapter 11 Cases.

20. I understand where required by section 365(d)(3) of the Bankruptcy Code, to the Utility's knowledge, the Utility has timely performed its postpetition obligations under the Real Property Leases and has remained current on such obligations since the Petition Date.

21. Given the matters set out above, I believe the relief requested in the Motion should be granted, and assumption of the Real Property Leases approved as a sound exercise of the Utility's business judgment.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information, and belief, and that this Declaration was executed at San Ramon, California on January 29, 2020.

_____
Mark Redford

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119