**WEIL, GOTSHAL & MANGES LLP**
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

**KELLER & BENVENUTTI LLP**
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel:   (415) 496-6723
Fax:   (415) 636-9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11 (Lead Case) (Jointly Administered)<br><br>**DEBTORS' NOTICE OF DE MINIMIS CLAIMS SETTLED IN THE PERIOD OCTOBER 1, 2019 TO DECEMBER 31, 2019**<br><br>Re:  Dkt. No. 3855 |

**PLEASE TAKE NOTICE** that on January 29, 2019 (the "**Petition Date**"), PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Northern District of California (San Francisco Division) (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that by order dated September 10, 2019 [Dkt. No. 3855], the Bankruptcy Court authorized procedures (the "**De Minimis Settlement Procedures**") to settle and compromise certain claims and causes of action (each, a "**Settlement**").

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the De Minimis Settlement Procedures, the Debtors hereby file their report of Settlements for the last quarter, entitled *De Minimis Claims Settled in the Period October 1, 2019 to December 31, 2019*, attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that the Debtors' claim settlement and reconciliation process is ongoing. To the extent that any Settlement was inadvertently omitted from this notice, the Debtors will include it on the next quarterly notice.

Dated: January 30, 2020

        **WEIL, GOTSHAL & MANGES LLP**
        **KELLER & BENVENUTTI LLP**

        /s/ *Peter J. Benvenutti*
        Peter J. Benvenutti

        *Attorneys for Debtors and Debtors in Possession*

# Exhibit A
## De Minimis Claims Settled in the period October 1, 2019 to December 31, 2019

### Tier 1
### (Settlement Amount <= $1,000,000)[1]

| Claimant Name | Relevant Proofs of Claim Numbers | Settlement Amount |
|---|---|---|
| Brian Ashbrook | 71380 | Confidential |
| Wendy Nathan | 55567 | $230,000.00 |
|  | 91067 |  |

### Tier 2
### (Settlement Amount $1,000,000 - $10,000,000)[2]

| Claimant Name | Relevant Proofs of Claim Numbers | Settlement Amount |
|---|---|---|
| United Energy Trading, LLC d/b/a Blue Spruce Energy | 63822 | $8,500,000.00 |
|  | 3.3782 (1035221) |  |
|  | 3.17987 (923616) |  |
|  | 3.13951 (923935) |  |

---

[1] Pursuant to Paragraph 2(a) of the De Minimis Settlement Procedures, the Debtors are authorized to settle any and all Claims without prior approval of, or notice to, the Court or any other party in interest, whenever the aggregate amount to be allowed for an individual Claim is less than or equal to $1 million; provided, however, such settlement amounts shall not include any Settlement of a Claim (i) to which any present or former insider of the Debtors is a party or (ii) that includes a release by any of the Debtors of a Claim they may have against the holder of a Claim pursuant to chapter 5 of the Bankruptcy Code.

[2] Pursuant to Paragraph 2(b) of the De Minimis Settlement Procedures, the Debtors provided ten (10) business days' notice of any proposed Settlement where the Settlement Amount for a Claim was more than $1 million but was less than or equal to $10 million to (i) the U.S. Trustee, (ii) counsel for each of the Committees, (iii) any party to the Settlement; and (iv) any third party providing consideration with respect to a Settlement (each a "Reviewing Party," and collectively, the "Reviewing Parties"). The Reviewing Parties did not raise any objection within the 10 business day timeframe and, accordingly, pursuant to paragraph 2(c) of the De Minimis Settlement Procedures, the Debtors were authorized to proceed with such Settlements without further order of the Court.