Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone:     415.659.2900
Facsimile:     415.659.2601
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA  90025
Telephone:     310.820.8800
Facsimile:     310.820.8859
Email:  esagerman@bakerlaw.com
Email:  lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION**<br>-and-<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002 TO RETAIN AND EMPLOY LYNN A. BAKER AS SPECIAL COUNSEL EFFECTIVE AS OF JANUARY 27, 2020**<br><br>Date:     February 26, 2020<br>Time:    10:00 a.m. (Pacific Time)<br>Place:    United States Bankruptcy Court<br>           Courtroom 17, 16th Floor<br>           San Francisco, CA  94102<br>Objection Deadline: February 19, 2020<br>                          4:00 p.m. (Pacific Time) |

The Official Committee of Tort Claimants (the "**TCC**") of PG&E Corporation and Pacific Gas and Electric Company (collectively the "**Debtors**") hereby submits this application (the "**Application**") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the TCC to retain and employ Professor Lynn A. Baker ("**Professor Baker**") as the TCC's special ethics counsel effective as of January 27, 2020, pursuant to section 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and in accordance with the terms and conditions set forth in the engagement letter between the TCC and Professor Baker dated January 27, 2020 (the "**Engagement Letter**"). In support of the Application, the TCC submits the Declaration of Lynn A. Baker. (the "**Baker Declaration**"), which is filed concurrently herewith, and respectfully represents as follows:

## I. JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges* of the United States District Court of the Northern District of California, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

2. On January 29, 2019 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "**Cases**") in the United States Bankruptcy Court for the Northern District of California (the "**Court**"). On January 31, 2019, the Court entered an order consolidating the Chapter 11 Cases for joint administration (Dkt. No. 207).

3. The Debtors continue to manage their assets and operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in the Chapter 11 Cases.

4. On February 15, 2019, the Office of the United States Trustee ("**U.S. Trustee**") filed an Appointment of the Official Committee of Tort Claimants (Dkt. No. 453). Following the resignation of Richard Heffern from the original committee and the addition of Tommy Wehe, on February 21, 2019, the U.S. Trustee filed the Amended Appointment of the Official Committee of Tort Claimants (Dkt. No. 530). The members of the TCC are: (i) GER Hospitality, LLC, in its capacity as an individual claimant; (ii) Kirk Trostle; (iii) Tommy Wehe; (iv) Angelo Loo; (v) Karen K. Gowins; (vi) Agajanian, Inc.; (vii) Susan Slocum; (viii) Samuel Maxwell; (ix) Karen M. Lockhart; (x) Wagner Family Wines-Caymus Vineyards; and (xi) Gregory Wilson. The TCC conducted a meeting on February 15, 2019, at which all members were present, and appointed Karen M. Lockhart as Chairperson.

5. The TCC has a unique role in the Cases. It is the representative of the largest and most vulnerable group of creditors. One of its core functions is to participate in the plan formulation and confirmation process. Consistent with its responsibilities, the TCC has analyzed multiple proposed plans, jointly proposed plans, and is continuing to engage in negotiations in order to maximize the recovery for tort claimants who have been impacted by more than two dozen fires caused by the Debtors. During the course of this process certain questions have arisen which the TCC believes require the guidance of an ethics specialist. Accordingly, the TCC seeks to retain Professor Baker to assist the TCC in carrying out its fiduciary duties.

**III. Retention of Professor Baker**

    **A. Qualifications of Professor Baker**

6. Professor Baker is a professor at the University of Texas Law School where she has taught as a tenured professor since 1997. She is the holder of the Frederick M. Baron Chair in Law, and a Co-Director at the Center on Lawyers, Civil Justice and the Media. She is a member of the Bars of the States of Texas (active) and Arizona (inactive) and of the United States Supreme Court. She is an elected Member of the American Law Institute. Professor Baker is nationally recognized for her scholarship and expertise in professional responsibility, including ethical issues involving mass torts, attorneys' fees, group settlements, and "aggregate" litigation. Her many scholarly publications on these issues have been cited by numerous commentators and courts, and

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

in leading treatises including the ALI's Principles of Aggregate Litigation (2010). She has frequently appeared as an invited speaker on issues of legal ethics at symposia, conferences, and continuing legal education programs throughout the country. She has decades of experience in legal ethics as a consultant and advisor in complex litigation and large-dollar, large-group settlements, as an expert witness, and as a court-appointed expert. She has served as an expert or consultant on issues of legal ethics in more than 100 group settlements over the past twenty years, including many high-profile, large-dollar, large-group cases. She was previously appointed by the U.S. District Court for the Southern District of New York to serve as a Mass Tort Settlement Ethics Advisor. See *In re: Fosamax Products Liability Litigation* (MDL No. 1789) (Order entered April 10, 2014). She was also previously appointed on multiple occasions by the U.S. District Court for the Southern District of West Virginia to serve as a settlement allocation Special Master. See *In re: Ethicon Inc., Pelvic Repair System Products Liability Litigation* (MDL No. 2327) (Pretrial Order #286, entered March 1, 2018); *In re: Ethicon Inc., Pelvic Repair System Products Liability Litigation* (MDL No. 2327) (Pretrial Order #263, entered July 13, 2017); *In re: C.R. Bard, Inc., Pelvic Repair System Products Liability Litigation* (MDL No. 2187) (Pretrial Order #202, entered Nov. 24, 2015). A copy of Professor Baker's curriculum vitae is attached to the Engagement Letter.

**B.     Scope of Services to be Provided by Professor Baker and Lack of Duplication**

7.     The TCC has requested that Professor Baker consult with and advise the TCC and its members with respect to conflicts of interest and other issues of legal ethics as such issues may arise during the period of the retention. The members of the TCC are largely lay people and neither the members of the TCC nor their individual attorneys are specialists in legal ethics. The TCC believes that Professor Baker is uniquely qualified to provide guidance to the TCC on issues of legal ethics that may arise during the plan process and that Professor Baker's counsel will enable the TCC to continue to work to maximize recovery for the tort victims while simultaneously navigating the many challenges presented by the competing interests in the Cases.

8.     As discussed herein, Professor Baker will only advise the TCC on matters relating to conflicts of interest and other issues of legal ethics. The TCC will ensure that the scope of

3

Professor Baker's services will complement, and not overlap, the services of Baker & Hostetler LLP, and anticipates that the retention of Professor Baker will facilitate the effective and efficient discharge of the TCC's fiduciary duties.

### C. Professor Baker's Disinterestedness

9. To the best of the TCC's knowledge, information and belief, based on and except as otherwise set forth in the Baker Declaration, filed contemporaneously herewith and to which the Engagement Letter is attached, Professor Baker does not have any connection with or represent any other entity having an adverse interest to the Debtors, their creditors or any other party in interest, or their respective attorneys or accountants. The Baker Declaration also sets forth, pursuant to Bankruptcy Rule 2014(a), to the best of Professor Baker's knowledge, all of Professor Baker's connections with the Debtors, known creditors, other known parties in interest and their respective attorneys and accountants, and any person employed in the San Francisco Office of the U.S. Trustee for Region 17. Based upon the Baker Declaration, Professor Baker is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

10. The TCC believes that the employment of Professor Baker on the terms set forth in this Application is appropriate and in the best interests of the tort victim creditor body that the TCC represents. The TCC has reviewed the Baker Declaration, including the description of Professor Baker's connections with parties in interest and/or potential parties in interest, and has no objection to any matter set forth therein. The TCC thus seeks an order approving Professor Baker's engagement on the terms set forth in this Application and the Engagement Letter.

### D. Effective Date of Retention

11. The TCC requests that Professor Baker's retention be approved effective as of January 27, 2020, the date Professor Baker was selected by the TCC and began substantive work. The TCC believes retention effective as of January 27, 2020 is appropriate in view of the nature of these Cases.

### E. Compensation of Professor Baker

12. Professor Baker intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the

4

Bankruptcy Rules, the Guidelines promulgated by the Office of the U.S. Trustee, pursuant to the order entered by this Court on February 28, 2019, establishing the procedures for interim compensation and reimbursement of expenses of professionals (Dkt. No. 701), the Notice of Filing of Parties' Revised Fee Examiner Protocol (Dkt. No. 4473), and any additional procedures that may be established by the Court in these Cases.

13. Subject to the Court's approval, Professor Baker will be compensated at her standard hourly rates for matters such as this, which are based on her level of experience, plus reimbursement of the actual and necessary expenses that Professor Baker incurs in accordance with the ordinary and customary rates which are in effect on the date the services are rendered. At present, the standard hourly rate for Professor Baker is $1200.

14. These rates are subject to adjustments in the ordinary course of Professor Baker's business, notice of which adjustments shall be provided to the Debtors, the U.S. Trustee and the Fee Examiner. Professor Baker will maintain detailed, contemporaneous records of time and any necessary costs and expenses incurred in connection with the rendering of her services as described above and will be reimbursed for such costs and expenses in conformity with the Guidelines promulgated by the U.S. Trustee as in effect in this District.

15. Professor Baker has agreed not to share with any person or firm the compensation to be paid her for professional services rendered in connection with her engagement.

### IV. BASIS FOR RELIEF

16. The TCC respectfully requests that the Court authorize the retention and employment of Professor Baker as the TCC's special ethics counsel effective as of January 27, 2020, pursuant to section 1103(a) of the Bankruptcy Code, which provides that a committee appointed under section 1102 of the Bankruptcy Code:

> [M]ay select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a); *see also*, 7 Collier on Bankruptcy ¶ 1103.03[3][b] (Richard Levin & Henry J. Sommer eds. 16th ed) ("It is not unusual, however, for a committee to retain multiple counsel if the case is large or if specialized services are necessary").

5

Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

17. The TCC submits that for all the reasons stated above and based upon the Baker Declaration, the retention of Professor Baker as special ethics counsel to the TCC is merited. Further, as stated in the Baker Declaration, Professor Baker is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors or their related parties except as may be disclosed in the Baker Declaration. Accordingly, the retention of Professor Baker as the TCC's special ethics counsel should be approved.

## V. NOTICE

18. Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Debtors; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; (xii) counsel for the Fee Examiner, Bruce A. Markell, and (xiii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The TCC respectfully submits that no further notice is required.

## VI. NO PRIOR REQUEST

19. No previous request for the relief sought herein has been made to this or any other court.

## VII. RESERVATION OF RIGHTS

20. The TCC respectfully reserves the right to file a brief and memorandum of law in response to any objection to this Application.

**WHEREFORE**, the TCC respectfully requests that this Court enter an order, in the form attached hereto as **Exhibit A**, (a) authorizing the retention of Professor Baker effective as of January 27, 2020; and (b) granting such other and further relief as is just and proper.

Dated: January 28, 2020

OFFICIAL COMMITTEE OF TORT CLAIMANTS OF PG&E CORPORATION AND PACIFIC GAS AND ELECTRIC COMPANY

By: /s/ Karen Lockhart
Name: Karen M. Lockhart
Title: Chair of the Official Committee of Tort Claimants

7