**Entered on Docket
February 03, 2020**
**EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**



**Signed and Filed: February 3, 2020**

_____

**DENNIS MONTALI
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

<div style="writing-mode: vertical">UNITED STATES BANKRUPTCY COURT
for the Northern District of California</div>

| | |
|---|---|
| In re: | ) Bankruptcy Case |
| | ) No. 19-30088-DM |
| PG&E CORPORATION, | ) |
| | ) Chapter 11 |
| - and - | ) |
| | ) Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) |
| | ) |
| Debtors. | ) |
| | ) |
| ☐ Affects PG&E Corporation | ) |
| ☐ Affects Pacific Gas and Electric Company | ) |
| ☒ Affects both Debtors | ) |
| | ) |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## TENTATIVE RULING REGARDING MOTION TO APPLY RULE 7023 AND ORDER SETTING DEADLINE

The court has considered the motion (the "Motion") (dkt. #5042) filed by the Public Employees Retirement Association of New Mexico ("PERA") to apply Federal Rule of Bankruptcy Procedure 7023 to its filed class proofs of claim, the oppositions and reply, and following oral argument, hereby issues this tentative ruling regarding the Motion.

Case: 19-30088    Doc# 5604    Filed: 02/03/20    Entered: 02/03/20 16:56:49    Page 1 of 2

The court is inclined to grant the Motion and will briefly describe its reasoning.  PERA has adequately demonstrated that the factors articulated in *In re Musicland Holding Corp.* weigh in its favor.  362 B.R. 644, 654-55 (Bankr. S.D.N.Y. 2007).  First, the lack of pre-petition certification is not fatal to PERA or dispositive in the context of the Motion.  Second, there remain grave due process concerns regarding the adequacy of actual or constructive notice of the claims bar date given to class members, and in particular to class members who were no longer securities or equity holders as of the Record Date.  Finally, the court is not convinced that granting the Motion would adversely affect the estate, where PERA recognizes that its claims are subordinated pursuant to 11 U.S.C. § 510(b) and will not impact other creditors.  The court adds that the bankruptcy process has tools for the resolution of mass claims—for example, the claims could be estimated—and this reduces the possibility of an adverse effect on administration of the estate.

Having tentatively decided to grant the Motion, the court recognizes an alternative result.  Case law indicates that, if the court denies the Motion, it may set a reasonable bar date to allow members of the class to file individual claims.  *See Schuman v. The Connaught Grp., Ltd. (In re The Connaught Grp., Ltd.)*, 491 B.R. 88, 97 (Bankr. S.D.N.Y. 2013).  The court is open to considering this result but neither party has had an opportunity to argue their position regarding whether the court should consider this alternative route.  Consequently, the court hereby

ORDERS PERA and Debtors to each file a supplemental brief no later than **February 14, 2020**, limited to ten pages, containing their respective arguments for why extension of the bar date for these claimants is not preferable.  To be clear, the court is not inclined to deny the Motion outright and intends to either grant it or deny it and extend the bar date as to these specific claimants.  The briefs should be narrowly tailored to this issue.  Other parties are welcome, but not required, to file a brief by the deadline.  The court will consider the parties' positions and subsequently issue a final ruling on the Motion.

**\*\*\* END OF TENTATIVE RULING AND ORDER \*\*\***