WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11 (Lead Case) (Jointly Administered)<br><br>**MOTION CONFIRMING RELIEF GRANTED UNDER FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 362(d), 363(b), 363(c), AND 364 AND FED. R. BANKR. P. 4001, 6003, AND 6004 (I) AUTHORIZING DEBTORS TO (A) MAINTAIN INSURANCE POLICIES, WORKERS' COMPENSATION PROGRAM, AND SURETY BOND PROGRAM AND (B) PAY ALL OBLIGATIONS WITH RESPECT THERETO; AND (II) GRANTING RELIEF FROM THE AUTOMATIC STAY WITH RESPECT TO WORKERS' COMPENSATION CLAIMS**<br><br>Hearing Date: February 26, 2019<br>Hearing Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>Objection Deadline: February 19, 2019<br>4:00 p.m. (Pacific Time) |

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**") for entry of an order clarifying and confirming the relief previously approved by the Court in its Final Order, dated February 27, 2019 [Docket No. 695] (the "**Insurance and Surety Bond Order**"), with respect to the *Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 362(d), 363(b), 363(c), and 364 and Fed. R. Bankr. P. 4001, 6003, and 6004 for Interim and Final Orders (i) Authorizing the Debtors to Maintain Insurance Policies, Workers' Compensation Program, and Surety Bond Program and Pay All Obligations with Respect Thereto; and (ii) Granting Relief from the Automatic Stay with Respect to Workers' Compensation Claims* [Docket No. 9] (the "**Insurance and Surety Bond Motion**").[1]

A proposed form of Order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Order**").

---

[1] Capitalized terms used but not otherwise herein defined have the meanings ascribed to such terms in the Insurance and Surety Bond Motion.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No chapter 11 trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

## III. RELIEF REQUESTED

On the Petition Date, the Debtors filed the Insurance and Surety Bond Motion, which sought authority, *inter alia*, to (i) maintain the Debtors' existing Surety Bond Program in accordance with their prepetition practices and to perform and pay all Surety Bond Obligations with respect thereto, (ii) provide Sureties with cash or other collateral, if required, to renew or to acquire additional bonding

capacity or new Surety Bonds as needed in the ordinary course of their business, and (iii) execute any other indemnity agreements, as needed, in connection with the Surety Bond Program. On February 27, 2019, the Court entered the Insurance and Surety Bond Order granting the relief requested in the Insurance and Surety Bond Motion on a final basis.

In connection with seeking to obtain new Surety Bonds that the Debtors require in the ordinary course of their business and operations, certain concerns have been raised by providers of Surety Bonds that the authority granted in the Insurance and Surety Bond Order may not be sufficiently clear. Specifically, although it is clear under the Insurance and Surety Bond Order that the Debtors are authorized to renew or obtain and provide additional or new Surety Bonds, *see* Insurance and Surety Bond Order, ¶ 4, the definition of "Surety" in the Insurance and Surety Bond Motion specifically refers to the Debtors' then existing Surety Bond issuers, XL Specialty Insurance Company and Liberty Mutual Insurance Company, and does not expressly include any other or additional Surety Bond providers, which could be interpreted to limit the Debtors' ability to procure Surety Bonds from those two Sureties only, which was not the intent of the Insurance and Surety Bond Motion. In addition, the Insurance and Surety Bond Order authorizes the Debtors to provide cash or other collateral required under existing, renewed, or new Surety Bonds, *see id.,* but it does not expressly authorize the Debtors to provide cash or other collateral that may be requested under Surety Indemnity Agreements or as may otherwise be necessary or required to secure the issuance of new Surety Bonds, which is common practice in the Debtors' experience.

Accordingly, to ensure the Debtors have the ability to renew, replace, or procure new or additional Surety Bonds that may be required for their ordinary course operations at market and economic terms, by this Motion, the Debtors are requesting the Court clarify and confirm with respect to the Insurance and Surety Bond Order that (i) in addition to any specific Surety explicitly identified in the Insurance and Surety Bond Motion, the definition of Surety includes any new or additional Surety Bond issuer or provider and that the relief granted in the Insurance and Surety Bond Order applies with full force and effect to any such new or additional Surety, and (ii) that, pursuant to Paragraph 4 of the Insurance and Surety Bond Order, the Debtors are authorized to execute new Surety Indemnity Agreements, and to provide cash or other collateral, as required or as they may deem desirable in order

to obtain any new Surety Bonds, or with respect to the alteration, replacement, extension or renewal of any Surety Bonds and/or in connection with any new or existing Surety Indemnity Agreements or Surety Bond Program.

## IV. BASIS FOR RELIEF REQUESTED

The Insurance and Surety Bond Motion sets forth in detail the legal bases that support the relief requested herein and the Debtors incorporate the same into this Motion. To continue their business operations during these Chapter 11 Cases, the Debtors must be able to continue to provide financial and other assurances to state governments, regulatory agencies, and other third parties in the form of Surety Bonds. This requires the Debtors to maintain their existing Surety Bond Program, including obtaining new Surety Bonds, as required, from providers offering the best economic terms, and providing the Sureties with collateral, if required, in connection with the Surety Bond Program. The Debtors believe that the relief requested herein is entirely consistent with the relief granted in the Insurance and Surety Bond Order and merely clarifies the intent and purpose of such order.

## V. RESERVATION OF RIGHTS

Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's Order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

## VI. NOTICE

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern

District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court, except as set forth in the Insurance and Surety Bond Motion.

WHEREFORE the Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Debtors' business judgement and in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: February 5, 2020

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: _Stephen Karotkin_
      Stephen Karotkin

*Attorneys for Debtors and Debtors in Possession*