WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>** All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. § 327(e), FED. R. BANKR. P. 2014(a) AND 2016, AND THE ORDER AUTHORIZING THE DEBTORS TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS FOR AUTHORITY TO RETAIN AND EMPLOY LATHAM & WATKINS LLP AS SPECIAL COUNSEL FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**<br><br>Date: February 26, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br>Objection Deadline: February 19, 2020, 4:00 p.m. (PT) |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Application (the "**Application**"), pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to retain and employ Latham & Watkins LLP ("**Latham**" or the "**Firm**") as special counsel for the Debtors effective as of the Petition Date (as defined below).

The Debtors request the Court approve the retention of Latham, as the Debtors' special counsel, pursuant to section 327(e) of the Bankruptcy Code, to perform the Specific Matters (as defined below), which Latham has performed for the Debtors prior to and during these Chapter 11 Cases in accordance with Latham's existing agreed-upon hourly rates in effect when services are rendered and Latham's existing reimbursement policies applicable to the Debtors.

On February 27, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a), 327, 328, and 330 Authorizing the Debtors to Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Petition Date* [Dkt No. 707] (the "**OCP Order**") authorizing the Debtors to retain and compensate legal services professionals that the Debtors employ in the ordinary course of business (collectively, the "**Ordinary Course Professionals**") subject to the terms of the OCP Order. Latham has served as counsel to the Debtors prior to the Petition Date and has continued to serve in such capacity pursuant to the OCP Order. Pursuant to the OCP Order, the Debtors previously filed the *Declaration and Disclosure Statement of Robert W. Perrin on Behalf of Latham & Watkins LLP* (the "**Prior Perrin Declaration**"), annexed as Exhibit A-29 to the *Notice of Filing of (I) Ordinary Course Professional Declarations and Retention Questionnaires and (II) List of Additional Ordinary Course Professionals* [Dkt. No 1130].

Because the services the Debtors have asked, and expect to ask, Latham to perform in connection with the Specific Matters will exceed the caps set forth in the OCP Order, the Debtors seek approval of Latham as special counsel in connection with the Specific Matters pursuant to section 327(e) of the Bankruptcy Code, *nunc pro tunc* to the Petition Date, as contemplated by paragraph 2(ix) of the OCP Order. Latham has been fully compensated pursuant to the terms of the OCP Order for all fees and

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

expenses incurred through September 30, 2019, and has been compensated for all time incurred through October 31, 2019, with the exception of one October invoice in the amount of $237,087.30, the payment of which would have caused Latham to exceed the cap imposed by the OCP Order. Latham intends to apply for all compensation and reimbursement of this amount, and for all additional expenses incurred after November 1, 2019 pursuant to the procedures approved by the Court in the *Order Pursuant to 11 U.S.C §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, entered on February 27, 2019 [Dkt. No. 701].

In support of this Application, the Debtors submit the Declaration of Robert W. Perrin, a partner of the Firm (the "**Perrin Declaration**"), and the Declaration of Janet Loduca, Senior Vice President and General Counsel of PG&E Corp. (the "**Loduca Declaration**"), each of which is filed concurrently herewith, and incorporate by reference the Prior Perrin Declaration (as supplemented by the Perrin Declaration). A proposed form of order approving the retention and employment of Latham is annexed hereto as **<u>Exhibit A</u>** (the "**Proposed Order**").

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Latham & Watkins LLP has long served, and continues to serve, as PG&E's securities litigation counsel. Latham currently represents and/or advises PG&E (i) in two securities class actions, one of which was filed pre-petition and one that was filed post-petition, including related insurance counseling; (ii) with respect to six pre-petition derivative actions pending in federal and state court related to the 2017 and 2018 Northern California wildfires; (iii) regarding compliance issues stemming from the settlement of a derivative action in connection with the San Bruno accident; and (iv) in a variety of environmental regulatory matters (together, (i) through (iv), the "**Specific Matters**"). The Specific Matters are described in more detail below.

While Latham was approved and has been serving as an Ordinary Course Professional in the Chapter 11 Cases, recent developments—particularly in the securities class actions—have compelled Latham to dedicate significantly more time to its representation of the Debtors, thus increasing the costs of the representation beyond the maximum allowable under the OCP Order.

As discussed below, Latham's continued representation of PG&E in these matters, and specifically in the Pre-Petition Securities Class Action (as defined below), is the most efficient and cost-effective path for PG&E. For these reasons, the Debtors request that the Court grant this Application to retain Latham as special counsel.

### II. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### III. BACKGROUND ON PG&E MATTERS WHERE LATHAM IS COUNSEL

Latham has represented and continues to represent PG&E in the Specific Matters, as further discussed below.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

### A. The Securities Class Actions

#### 1. The Pre-Petition Securities Class Action

On September 10, 2018, the District Court for the Northern District of California entered an order appointing plaintiff Public Employees Retirement Association of New Mexico ("**PERA**") as lead plaintiff in a securities class action initially filed in June 2018, styled *In re PG&E Corporation Securities Litigation* (No. 18-cv-359, N.D. Cal.) (the "**Pre-Petition Securities Class Action**"). *See In re PG&E Corporation Securities Litigation* (Case No. 18-CV-359, N.D. Cal.), Dkt. No. 62. On November 9, 2018, PERA filed its consolidated class action complaint on behalf of a putative class of current and former PG&E shareholders, alleging that 13 representations made by certain of PG&E's officers regarding PG&E's fire safety practices were false and constituted violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "**Exchange Act**") and Rule 10b-5 promulgated thereunder. *Id.*, Dkt. No. 83. PERA alleged that the falsity of those statements was revealed by the 2017 and 2018 Northern California wildfires (the "**North Bay Fires**") and the ensuing investigations. PERA alleged a class period from April 29, 2015 through June 8, 2018. On December 14, 2018, PERA amended its complaint to include allegations related to the 2018 Northern California wildfire that started in Camp Creek Road (the "**Camp Fire**"). The second amended complaint alleged 19 misrepresentations regarding PG&E's fire safety practices, and alleged the same class period and violations of the Exchange Act.[1]

On February 22, 2019, after the Debtors filed the bankruptcy petitions, a new securities class action was filed by plaintiffs York County on behalf of the County of York Retirement Fund, City of Warren Police and Fire Retirement System and Mid-Jersey Trucking Industry & Local No. 701 Pension Fund (the "**Noteholder Plaintiffs**"). *See York County, et al. v. Rambo, et al.* (Case No. 19-cv-994, N.D. Cal.), Dkt. No. 1. The Noteholder Plaintiffs alleged that they purchased senior notes issued by the Utility

[1] The Debtors sought to enjoin the Pre-Petition Securities Action on the basis that the automatic stay should be extended to the current and former officers named as defendants; however, this Court found that the automatic stay should not extend to the individual defendants. *See Order Denying Motion for Preliminary Injunction*, Adv. Pro. No. 19-03039 (DM), Dkt. No. 23. Pursuant to the parties' stipulation, the individual defendants filed their motion to dismiss the Pre-Petition Securities Action on October 4, 2019. These motions have been fully briefed, and are currently under submission with the District Court.

on alleged misrepresentations by underwriters and certain of PG&E's current and former officers and directors. The Noteholder Plaintiffs alleged violations of Sections 11 and 15 of the Securities Act of 1933.

On May 28, 2019, PERA and the Noteholder Plaintiffs (together, the "**Securities Plaintiffs**") filed the Third Amended Complaint (the "**TAC**"). The TAC combines the allegations from the two securities class actions and asserts putative classes of both equityholders and noteholders. *See In re PG&E Corporation Securities Litigation* (Case No. 18-CV-359, N.D. Cal.), Dkt. No. 121. The TAC names PG&E and certain current and former directors and officers as defendants.

On October 21, 2019 (the bar date), the Securities Plaintiffs filed proofs of claim against both Debtors in the Chapter 11 Cases. On December 9, 2019, nearly two months after the Securities Plaintiffs filed their proofs of claim, the Securities Plaintiffs filed a motion (the "**Rule 7023 Motion**") requesting (1) that the Court apply Bankruptcy Rule 7023 to their proofs of claim, and (2) that the Court enter an order establishing a briefing schedule for the Securities Plaintiffs' motion to certify the putative classes asserted in the TAC. *See* Dkt. No. 5042. The Rule 7023 Motion is set to be heard on January 29, 2020, with the Debtors' opposition due January 14 and the Securities Plaintiffs' reply due January 22.

**2. The Post-Petition Securities Class Action**

On October 25, 2019, a purported PG&E shareholder filed a securities class action alleging that certain of PG&E's officers made pre- and post-petition misrepresentations regarding PG&E's wildfire prevention and safety protocols related to rolling power cuts that PG&E implemented to minimize wildfire risk. *Vataj v. Johnson, et al.* (Case No. 19-cv-6996, N.D. Cal.), Dkt. No. 1. The plaintiff asserts a class period from December 11, 2018 through October 11, 2019, and alleges violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder. Motions to serve as lead plaintiff were filed on December 24, 2019. The hearing on the motions is set for February 6, 2020.

**B. <u>The Pending Derivative Actions</u>**

PG&E has been named as a nominal defendant in six pre-petition derivative actions (the "**Derivative Actions**"). The three pending federal derivative actions are styled *Oklahoma Firefighters Pension & Retirement System v. Chew et al.* (No. 18-cv-04698, N.D. Cal.), *Williams v. Earley et al.* (No. 18-cv-7128, N.D. Cal.), and *Blackburn v. Meserve et al.* (No. 19-cv-00501, N.D. Cal.).

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

The three pending state derivative actions are styled *In re California North Bay Fire Derivative Litigation* (No. CGC-17-562591), *Bowlinger v. Chew et al.* (No. CGC-18-572326), and *Hagberg v. Chew et al.* (No. CGC-19-573190). The plaintiffs in the Derivative Actions allege that certain current and former officers and directors failed to implement fire safety measures in advance of the North Bay Fires and/or the Camp Fire. Although plaintiff in the *Bowlinger* action argued that the automatic stay should not extend to the individual defendants, on April 30, 2019, this Court entered an order granting the Debtors' motion to enjoin plaintiff from proceeding against the individual defendants. Dkt. No. 1770.

**C. <u>The San Bruno Derivative Action</u>**

Latham continues to represent PG&E in connection with its obligation, arising under the settlement of the San Bruno Fire Derivative Cases (Case No. JCCP 4648-C), to report PG&E's progress implementing corporate governance and gas operations therapeutics on a quarterly basis to the San Mateo Superior Court and City of San Mateo. PG&E's reporting obligations continue through January 16, 2023.

**D. <u>Environmental Matters</u>**

Latham has been representing and advising PG&E regarding federal law compliance issues associated with PG&E's implementation of a remedy to address contamination at the Topock Compressor Station Project Site pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act (Superfund Act), including on compliance with respect to the National Historic Preservation Act and Endangered Species Act.

## IV. SCOPE OF SERVICES

By this Application, the Debtors seek to engage Latham as special counsel to provide professional services in connection with the Specific Matters. As noted above, the Specific Matters consist primarily of advising and/or representing the Debtors regarding (1) the two securities class actions, including related insurance counseling; (2) the six pre-petition shareholder derivative lawsuits; (3) the San Bruno Derivative Action; and (4) the various environmental matters.

As to the Pre-Petition Securities Class Action, Latham has been coordinating and will continue to coordinate PG&E's objection to the Securities Plaintiffs' Rule 7023 Motion with Debtors' bankruptcy

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

counsel (which motion is currently under submission to this Court), and in the event the Rule 7023 Motion is granted, Latham will represent PG&E in connection with any motion to certify the putative classes, and with any estimation proceedings (should such proceedings be necessary). Further, Latham is overseeing potential settlement efforts regarding the pending securities class actions, which has required and will continue to require a significant amount of work coordinating and negotiating with the various interested parties, including the various plaintiffs, the current and former officer defendants, the current and former director defendants, the underwriter defendants, and the insurance carriers whose coverage may be applicable to any award or settlement related to those actions. In connection with these potential settlement efforts, Latham has been and will continue to: analyze the merits of the securities claims; confer with experts and analyze the possible exposure of the securities claims; respond to requests for documents made by plaintiffs; and advise PG&E in all respects related to the securities class actions.[2]

Latham will also continue to represent the Debtors in connection with the Derivative Actions. Latham's representation will include, but will not be limited to, preparing case management statements in those actions, drafting motions if any are required, managing negotiations, and appearing and participating in hearings.[3]

Moreover, Latham will continue to provide quarterly reports as required in the San Bruno settlement through January 16, 2023.

With respect to environmental regulatory matters, Latham will continue to represent and advise PG&E regarding federal law compliance issues associated with PG&E's implementation of a remedy to address contamination at the Topock Compressor Station Project Site pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act (Superfund Act), including on compliance with the National Historic Preservation Act and Endangered Species Act.

---

[2] Latham would also represent PG&E in the event that there is an estimation of the Securities Plaintiffs' claims in the Chapter 11 Cases.

[3] In the restructuring support agreement approved by the Court on December 19, 2019, the Debtors assign the derivative claims to the Fire Victim Trust (as defined therein), which may diminish the amount of work Latham is required to perform with respect to the Derivative Actions.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Latham will also provide all other necessary legal services for the Debtors, as related to the above matters, in connection with the above-captioned Chapter 11 Cases, including fact investigation, legal researching, briefing, argument, discovery, reorganization, plan and disclosure statement matters, appearance and participation in hearings, and communications and meetings with parties in interest.

## V. LATHAM'S QUALIFICATIONS

The Specific Matters for which Latham's retention is sought hereunder as special counsel are expected to be substantially the same as those performed under the OCP Order; *however*, the scope of such services is expected to increase in connection with the Chapter 11 Cases, necessitating the filing of the Application.

Latham is highly-qualified with respect to both securities litigation defense and environmental regulation matters. Latham's securities litigation defense practice has been recognized as a top-tier practice among various legal publications. The securities litigation team is led by James E. Brandt and Robert W. Perrin, Co-Chairs of Latham's Litigation & Trial Departments in New York and Los Angeles, respectively. Latham's environmental regulatory practice is also nationally recognized as a leading law firm in representing oil, gas, and energy companies regarding environmental regulatory matters.

Further, as noted above, Latham already has extensive experience advising and representing the Debtors on the various pending litigation and environmental law matters. Accordingly, Latham is both well-qualified and uniquely able to represent the Debtors in the Chapter 11 Cases with respect to the Specific Matters.

## VI. COORDINATION WITH OTHER PROFESSIONALS

Latham is aware that the Debtors have retained other law firms in connection with the Chapter 11 Cases, including in connection with various civil litigation matters. Latham has been coordinating and will continue to coordinate closely with the Debtors and their other retained professionals to delineate the scope of services and avoid duplication of services wherever reasonably possible.

## VII. NO ADVERSE INTEREST WITH RESPECT TO THE SPECIFIC MATTERS

As set forth in the Perrin Declaration, incorporated herein by reference, Latham has disclosed its representations of parties adverse to the Debtors that Latham has been able to determine as of the time of filing this Application. In reliance on the Perrin Declaration, the Debtors believe that Latham does

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

not represent or hold an interest adverse to the Debtors or their estates with respect to the Specific Matters. A list of unrelated adverse matters (all of which have been disclosed to and approved by the Debtors, and related to which Latham has established an ethical wall as to all Latham attorneys involved in such matters) is included in the Perrin Declaration. The Debtors believe that Latham's employment as special counsel with respect to the Specific Matters is in the best interests of their estates and, accordingly, that Latham's retention pursuant hereto is appropriate pursuant to section 327(e) of the Bankruptcy Code.

**VIII. PROFESSIONAL COMPENSATION**

Prior to the filing of this Application, Latham was compensated pursuant to the OCP Order. Pursuant to the OCP Order, between the Petition Date and the date hereof, Latham has been paid in the amount of $968,644.10 on account of its post-petition fees and expenses. Currently, Latham is owed approximately $237,087.30 on account of its post-petition services as an ordinary course professional for the Debtors for the month of October 2019, and $291,112.50 for the month of November 2019. Latham additionally incurred $291,893.85 in fees and expenses for the month of December 2019 (unbilled). This Application seeks approval of Latham as special counsel in connection with the Specific Matters pursuant to section 327(e) of the Bankruptcy Code, *nunc pro tunc* to the Petition Date, as contemplated by paragraph 2(ix) of the OCP Order.

On October 21, 2019, Latham filed two proofs of claim related to pre-petition claims held against PG&E Corp. and the Utility, in the amounts of $219,397.95 and $206,459.45, respectively. The proofs of claim are duplicative, except that the proof of claim filed against PG&E Corp. includes an invoice related to services provided to only PG&E Corp.

In accordance with the OCP Order, following entry of the order approving the Application (or, in accordance with the OCP Order, for any prior period to the extent Latham's fees and expenses will exceed the applicable caps set forth in the OCP Order), Latham will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees,* effective February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee*

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

*Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), the OCP Order, and any further Orders of the Court (the "**Orders**") for all professional services performed and expenses incurred after the foregoing dates. Latham will seek allowance of its fees and reimbursement of its expenses beginning with one unpaid invoice for October 2019 in the amount of $237,087.30, and all fees and expenses incurred after November 1, 2019.

Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and the Orders, the Debtors propose to compensate Latham for services rendered at its customary hourly rates that are in effect from time to time, as set forth in the Perrin Declaration, and to reimburse Latham according to its customary reimbursement policies. The Debtors respectfully submit that Latham's rates and policies stated in the Perrin Declaration are reasonable, particularly given the nature of these Chapter 11 Cases.

## IX. NOTICE

Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

WHEREFORE the Debtors respectfully request entry of an order (i) granting the relief requested herein as a sound exercise of the Debtors' business judgment and in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: February 5, 2020

Respectfully submitted,

By: /s/ *Janet Loduca*

Name: Janet Loduca

Title: Senior Vice President and General Counsel

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119