1   ERIC A. GRASBERGER (*pro hac vice*)          DAVID B. LEVANT (*pro hac vice*)
    eric.grasberger@stoel.com                     david.levant@stoel.com
2   MARIO R. NICHOLAS (SB #273122)                STOEL RIVES LLP
    mario.nicholas@stoel.com                      101 S. Capitol Boulevard, Suite 1900
3   STOEL RIVES LLP                               Boise, ID 83702
    760 SW Ninth Avenue, Suite 3000               Telephone: 208.389.9000
4   Portland, OR 97205                            Facsimile: 208.389.9040
    Telephone: 503.224.3380
5   Facsimile: 503.220.2480

6   *Attorneys for JH Kelly, LLC*

7

8

9                    **UNITED STATES BANKRUPTCY COURT**

10                   **NORTHERN DISTRICT OF CALIFORNIA**

11                        **SAN FRANCISCO DIVISION**

12  **In re:**                              Case No. 19-30088 (DM)
                                            Chapter 11
13  **PG&E CORPORATION**                    (Lead Case)
                                            (Jointly Administered)
14       **- and -**

15  **PACIFIC GAS AND ELECTRIC**            **JH KELLY LLC'S MOTION FOR RELIEF
    **COMPANY,**                            FROM THE AUTOMATIC STAY**
16                      **Debtors.**
                                            Date: February 26, 2020
17  ☐    Affects PG&E Corporation           Time: 10:00 a.m. (PT)
    ☐    Affects Pacific Gas and Electric   Place: United States Bankruptcy Court
18       Company                                   Courtroom 17, 16th Floor
    ☒    Affects both Debtors                       San Francisco, CA 94102
19
                                            **Objection Deadline:**
20  *All papers shall be filed in the Lead Case,*      **February 21, 2020, at 4:00 p.m. (PT)**
    *No. 19-30088 (DM)*
21

22  **TO THE COURT, TO DEBTORS PG&E CORPORATION AND PACIFIC GAS AND**
    **ELECTRIC COMPANY, AND TO DEFENDANT AECOM TECHNICAL SERVICES,**
23  **INC.:**

24

25        JH Kelly, LLC hereby moves pursuant to 11 U.S.C. § 362(d)(1), Federal Rule of

26  Bankruptcy Procedure 4001, and Bankruptcy Local Rule 4001-1 for relief from the automatic stay

27  to permit JH Kelly, LLC to move to join Pacific Gas & Electric Company as a party to the litigation

28  between JH Kelly, LLC, as plaintiff, and AECOM Technical Services, Inc., as defendant, pending

1    in the Superior Court of the State of California, County of Shasta, under Case No. 192600.

2         This Motion is based on the attached Memorandum of Points and Authorities, the

3    concurrently filed Declaration of Mario R. Nicholas, the records and files in Adversary Proceeding

4    No. 19-03008 (DM) pending in this Court, and such other and further matters as this Court may

5    consider at or before any hearing on this Motion.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................... 4

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 6

I.      PRELIMINARY STATEMENT ................................................................................. 6

II.     JURISDICTION AND VENUE ................................................................................. 6

III.    FACTUAL AND PROCEDURAL HISTORY ........................................................ 7

      A.     The Project ......................................................................................................... 7

      B.     The State Court Litigation ................................................................................. 9

      C.     The Bankruptcy Court Proceedings ................................................................. 9

      D.     PG&E's Role in the *JH Kelly v. AECOM* Litigation ............................... 10

IV.    REQUEST FOR RELIEF ......................................................................................... 14

V.     ARGUMENT ............................................................................................................. 14

      A.     Legal Standards: Bankruptcy Code Section 362(d)(1) and the *Curtis* Factors .............................................................................................................. 14

      B.     The Relevant *Curtis* Factors Support JH Kelly's Motion for Relief from Stay .................................................................................................................. 16

            1.    *Curtis* Factor (1): Granting Stay Relief to Allow Joinder of PG&E in the State Court Litigation Will Allow for a Complete Resolution of the Legal Issues Among JH Kelly, AECOM and PG&E ................... 16

            2.    *Curtis* Factor (2): Granting Stay Relief to Allow Joinder of PG&E in the State Court Litigation Will Not Interfere with the Bankruptcy Case ........................................................................................................... 19

            3.    *Curtis* Factor (7): Granting Stay Relief to Allow Joinder of PG&E in the State Court Litigation Will Not Prejudice the Interests of Other Creditors, the Creditors' Committees, or Other Interested Parties ........................................................................................................ 20

            4.    *Curtis* Factor (10): Granting Stay Relief Will Serve the Interests of Judicial Economy and Lead to an Expeditious and Economical Determination of the Litigation for the Parties ........................................ 21

            5.    *Curtis* Factor (11): The State Court Proceedings Are Progressing Towards Trial ................................................................................................ 22

            6.    *Curtis* Factor (12): The Automatic Stay Is Having a Negative Impact on JH Kelly and AECOM, and the "Balance of Hurt" Favors Stay Relief ................................................................................... 23

VI.    RESERVATION OF RIGHTS ................................................................................. 24

VII.   CONCLUSION ......................................................................................................... 24

Case: 19-30088   Doc# 5649   Filed: 02/05/20   Entered: 02/05/20 19:05:14   Page 3 of 25

# TABLE OF AUTHORITIES

**Cases**

*Baack v. Horizon Womens Care Prof'l LLC (In re Horizon Womens Care Prof'l LLC)*,
  506 B.R. 553 (Bankr. D. Colo. 2014) ............................................................................ 21

*In re Badax, LLC*,
  608 B.R. 730 (Bankr. C.D. Cal. 2019) .......................................................................... 21

*Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*,
  912 F.2d 1162 (9th Cir. 1990) ....................................................................................... 15

*In re Curtis*,
  40 B.R. 795 (Bankr. D. Utah 1984) .......................................................................... passim

*In re Danzik*,
  No. 16-20002, 2016 WL 1417784 (Bankr. D. Wyom. Apr. 7, 2016) ............................. 21

*Kaczorowski v. Mendocino Cty. Bd. of Supervisors*,
  106 Cal. Rptr. 2d 14 (Cal. Ct. App. 2001) .................................................................... 13

*Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer)*,
  405 B.R. 915 (B.A.P. 9th Cir. 2009) .............................................................................. 15

*In re Landmark Fence Co.*,
  No. 6:09-BK-20206 MJ, 2011 WL 6826253 (C.D. Cal. Dec. 9, 2011) .......................... 23

*In re Mac Donald*,
  755 F.2d 715 (9th Cir. 1985) .......................................................................................... 15

*Mazzeo v. Lenhart (In re Mazzeo)*,
  167 F.3d 139 (2d Cir. 1999) ............................................................................................ 15

*In re PG & E Corp.*,
  No. 19-30088 (DM), 2019 WL 3889247 (Bankr. N.D. Cal. Aug. 16, 2019) ............ 19, 20

*In re Roger*,
  539 B.R. 837 (C.D. Cal. 2015) ............................................................................ 20, 21, 22

*Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*,
  907 F.2d 1280 (2d Cir. 1990) .......................................................................................... 15

*Tracy Press Inc. v. Super. Ct.*,
  80 Cal. Rptr. 3d 464 (Cal. Ct. App. 2008) .................................................................... 13

Case: 19-30088    Doc# 5649    Filed: 02/05/20    Entered: 02/05/20 19:05:14    Page 4 of 25

*Truebro, Inc. v. Plumberex Specialty Prods., Inc. (In re Plumberex Specialty Prods., Inc.)*,
   311 B.R. 551 (Bankr. C.D. Cal. 2004) ...................................................................... 14, 15, 16

*Wilson v. Bittick*,
   403 P.2d 159 (Cal. 1965) .................................................................................................. 13

**Statutes**

11 U.S.C. § 362(d) ........................................................................................................... 6

11 U.S.C. § 362(d)(1) ............................................................................................. 6, 14, 15

28 U.S.C. § 157(b)(2)(G) ................................................................................................. 6

28 U.S.C. § 1334 .............................................................................................................. 6

28 U.S.C. § 1409(a) ......................................................................................................... 6

California Code of Civil Procedure § 389 ............................................................... passim

U.C.C. ............................................................................................................................ 21

**Rules**

Federal Rule of Bankruptcy Procedure 4001 .................................................................. 6

Federal Rule of Bankruptcy Procedure 4001(a) .............................................................. 6

Federal Rule of Bankruptcy Procedure 9014 .................................................................. 6

Local Rule 4001-1 ........................................................................................................... 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

JH Kelly, LLC ("*JH Kelly*"), by and through its undersigned attorneys of record, moves for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1), Federal Rule of Bankruptcy Procedure 4001, and Bankruptcy Local Rule 4001-1 to permit it to move to join Pacific Gas & Electric Company ("*PG&E*") as a party to the litigation between JH Kelly and AECOM Technical Services, Inc. ("*AECOM*") pending in the Superior Court of the State of California, County of Shasta (the "*State Court*"), under Case No. 192600 (the "*State Court Litigation*").

Stay relief is necessary in this case to ensure that any judgment issued in the State Court Litigation is a final adjudication. Motion practice in the State Court Litigation has made clear that, without stay relief, JH Kelly would bear the risk of proceeding through an extended two-party State Court trial with AECOM, only to see either (a) a State Court ruling during trial or after trial finding that PG&E is necessary and indispensable and must be joined—likely with a trial reset—before the State Court Litigation can try to judgment, or (b) any verdict in JH Kelly's favor appealed, and possibly overturned, for the failure to join PG&E as an allegedly necessary and indispensable party under California Code of Civil Procedure ("*CCP*") § 389.

Granting JH Kelly relief from stay to allow it to pursue joinder of PG&E to the State Court Litigation also will help achieve a complete and final resolution of the issues among the parties, will not interfere with PG&E's bankruptcy case or prejudice the other creditors of PG&E's bankruptcy estate, and serves the interests of judicial economy and the expeditious and economical determination of the litigation for the parties.

## II. JURISDICTION AND VENUE

The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157(b)(2)(G) and 1334. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a). This is a contested matter pursuant to 11 U.S.C. § 362(d), Federal Rules of Bankruptcy Procedure 4001(a) and 9014, and Bankruptcy Local Rule 4001-1.

Case: 19-30088   Doc# 5649   Filed: 02/05/20   Entered: 02/05/20 19:05:14   Page 6 of 25

### III. FACTUAL AND PROCEDURAL HISTORY

This stay relief motion (this "***Motion***") arises out of a fact-intensive payment dispute between a prime contractor (AECOM) and its subcontractor (JH Kelly) with respect to JH Kelly's work on a construction project (the "***Project***") for PG&E. Although PG&E is not a party to the subcontract between JH Kelly and AECOM relating to the Project (the "***Subcontract***"), PG&E is participating in the State Court Litigation as a third-party witness because of its ownership of the Project and its role in the dispute between AECOM and JH Kelly.

### A. The Project

The Project relates to PG&E's Burney compressor station, which is located near the town of Burney in Shasta County, California (the "***Property***"). The station compresses gas to help move it through pipelines that run from Oregon to California. The Project involved the replacement of a natural gas compressor unit, various upgrades to the compressor station, and limited demolition of existing equipment and facilities at the Project site.

AECOM was the design-builder and prime contractor on the Project pursuant to an "Engineering, Procurement, and Construction of Natural Gas & Electric Transmission and Distribution Facilities Agreement" with PG&E dated February 11, 2016 (the "***EPC Agreement***"). AECOM was responsible for designing the Project, obtaining building permits, procuring large and long-lead-time materials, building the Project, and providing related construction management and administration. It was also responsible for developing, maintaining, updating, and achieving the Project schedule set forth in the EPC Agreement.

AECOM hired JH Kelly as a subcontractor on the Project pursuant to an "Agreement Between Design-Builder and Subcontractor (Where Subcontractor Does Not Provide Design Services), Subcontract No. 60482831-SC-001," dated October 21, 2016 (*i.e.*, the Subcontract).

The work schedule included in the Subcontract provided that JH Kelly would complete its work in two phases, with the second phase ending in October 2017. But shortly after JH Kelly entered into the Subcontract, disputes arose between AECOM and PG&E regarding the Project design that led AECOM to notify JH Kelly that AECOM would not be able to meet deadlines set forth in the Subcontract schedule. For example, the Subcontract required AECOM to provide JH

Case: 19-30088   Doc# 5649   Filed: 02/05/20   Entered: 02/05/20 19:05:14   Page 7 of 25

Kelly with essential "Issued for Construction" electrical drawings (the "***IFC Electrical Drawings***")
by December 1, 2016. Due to design issues and resulant delays between only AECOM and PG&E,
the final IFC Electrical Drawings were not delivered to JH Kelly until around two months prior to
the date by which JH Kelly was scheduled to achieve mechanical completion. The IFC Electrical
Drawings continued to be revised for more than a year after they were scheduled to be complete.

Changes to the Project design and the attendant delays massively impacted JH Kelly's
planned construction schedule because material procurement and off-site detailing and fabrication,
among other services, could not begin without the final IFC Electrical Drawings. This directly and
significantly increased the cost of JH Kelly's work on the Project, resulting in a 238% increase in
project costs, 35,039 overtime hours when none were planned, and a doubling of JH Kelly's scope
of work from $14,341,281 to $27,871,287 (excluding schedule and productivity impact delays).

As alleged in JH Kelly's Complaint in the State Court Litigation:

- JH Kelly is owed in excess of $26 million for its work on the Project (excluding, *inter alia*, interest and attorneys' fees);

- JH Kelly has been paid only 34% of its total costs incurred on the Project and only 62% of the base contract and approved change order amounts;

- JH Kelly has submitted 143 pending change order requests totaling $9,562,782 that have yet to be processed, the oldest of which was submitted over two and a half years ago in April 2017; and

- JH Kelly has not been paid for any work performed after March 25, 2018.

*See* Declaration of Mario R. Nicholas in Support of JH Kelly's Motion for Relief from the
Automatic Stay ("***Nicholas Decl.***"), Ex. 1 (JH Kelly's Complaint), ¶¶ 5(i)-(k), 43.

Despite these circumstances, (i) JH Kelly paid all of its subcontractors, employees, and
vendors, (ii) no JH Kelly subcontractors or vendors filed liens against the Project, (iii) no employees
filed payment claims regarding the Project, (iv) JH Kelly finished the job with zero recordable
injuries, and (v) JH Kelly diligently and successfully executed the work until completion in June
2018, which is consistent with JH Kelly's history of never abandoning a project. *See* Nicholas
Decl., Ex. 1, ¶ 5(l). While JH Kelly maintains it is entitled to payment from AECOM in full under
the terms of the Subcontract, AECOM in turn believes it is entitled to payment from PG&E under

the terms of the EPC Agreement.

**B.     The State Court Litigation**

On November 1, 2018, in order to preserve its rights to payment, JH Kelly filed and recorded a $15,881,776.21 Claim of Mechanics Lien in the official records of Shasta County (the "***Mechanics Lien***").  *See* Nicholas Decl., Ex. 2.

On January 25, 2019, several days prior to filing the State Court Litigation against AECOM, JH Kelly filed a complaint against PG&E in the State Court with a single claim for foreclosure of the Mechanics Lien (the "***Foreclosure Action***").  *See* Nicholas Decl., Ex. 3.

On January 29, 2019, JH Kelly commenced the State Court Litigation by filing its complaint against AECOM in State Court (Case No. 19CV0172).  *See* Nicholas Decl., Ex. 1.  The complaint asserts various causes of action against AECOM, including breach of contract, and seeks damages in excess of $26 million.

Two days later, JH Kelly filed a *Notice of Related Case in the Foreclosure Action*, notifying the State Court of the pendency of the State Court Litigation.  *See* Nicholas Decl., Ex. 4.

**C.     The Bankruptcy Court Proceedings**

Following PG&E's bankruptcy filing in this Court, AECOM removed the State Court Litigation to the U.S. Bankruptcy Court for the Eastern District of California on March 1, commencing adversary proceeding number 19-03008 (Adv. Proc. Dkt. No. 1) (the "***Adversary Proceeding***").

On March 14, 2019, with the express consent of JH Kelly, this Court entered a notice of transfer of the removed action (Adv. Proc. Dkt. No. 11).

The next day, JH Kelly filed an *Objection to the Bankruptcy Court's Entry of Final Orders Pursuant to FRBP 9027(e)(3)* (Adv. Proc. Dkt. No. 14).

On March 18, 2019, AECOM filed its *Answer to Complaint, Affirmative Defenses and Counterclaim Against Plaintiff JH Kelly, LLC* (Adv. Proc. Dkt. No. 16) (the "***Answer & Counterclaim***").  Nicholas Decl., Ex. 5.

On March 22, 2019, AECOM filed its *Third-Party Complaint against PG&E* (Adv. Proc. Dkt. No. 19) (the "***Third-Party Complaint***").  *See* Nicholas Decl., Ex. 6.

On April 16, 2019, JH Kelly filed a motion in this Court to remand the case to the State Court (Adv. Proc. Dkt. No. 30) (the "**Motion to Remand**"). *See* Nicholas Decl., Ex. 7. PG&E filed a partial objection to the Motion to Remand in which it did not object to the remand of the two-party dispute between AECOM and JH Kelly but objected to its own inclusion in any order remanding the case. Adv. Proc. Dkt. No. 42.

On June 10, 2019, this Court granted JH Kelly's Motion to Remand the removed litigation between JH Kelly and AECOM to the State Court but ordered AECOM's third-party claim against PG&E severed and retained jurisdiction over it. Adv. Proc. Dkt. No. 53. AECOM opposed the Motion to Remand, arguing that it would be inequitable to remand "this three-party dispute" to State Court without PG&E because PG&E is a "critical party." Adv. Proc. Dkt. No. 44.

**D.    PG&E's Role in the *JH Kelly v. AECOM* Litigation**

In both its Answer & Counterclaim against JH Kelly and its Third-Party Complaint against PG&E, AECOM alleged that PG&E was the cause of the Project delays, *see* Nicholas Decl., Ex. 5 (Answer & Counterclaim), ¶¶ 4, 8, *passim*, and that PG&E is a necessary and indispensable party to the State Court Litigation. *See id.*, Ex. 6 (Third-Party Complaint), ¶ 13, *passim*.

In its Answer & Counterclaim filed in this Court, AECOM pleaded an affirmative defense of failure to join an indispensable party. *See* Nicholas Decl., Ex. 5, ¶¶ 81-89. Specifically, AECOM alleged that the State Court Litigation should be dismissed or stayed in PG&E's absence because it (and the Foreclosure Action, too) arises out of the same nexus of facts and circumstances related to the construction of the Project. *See id.*, Ex. 5, ¶ 87. Continuing, AECOM contended that

> [t]he substantial majority of JH Kelly's claims in both suits involve changes PG&E directed AECOM to implement. While the question of who is ultimately responsible for the changes and resulting delays will undoubtedly be disputed, what is indisputable is that all three parties are necessary to adjudicate this matter.
>
> 89.    PG&E is an indispensable party to this matter as complete relief cannot be accorded in its absence among those already parties, and PG&E is so situated that the disposition of this action without PG&E may as a practical matter impair or impede PG&E's ability to protect its interest in the Burney Property and it leaves the parties to this action subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

*See id.*, Ex. 5, ¶¶ 88-89.

On June 28, 2019, AECOM filed a *General Denial to Complaint and Affirmative Defenses Against JH Kelly, LLC* ("**General Denial**") in the State Court Litigation. *See* Nicholas Decl., Ex. 8 (General Denial). In its General Denial, AECOM pleaded an affirmative defense of failure to join an indispensable party, PG&E, pursuant to CCP § 389 (the "**Affirmative Defense**"). *See* id., Ex. 8, ¶ 2

On July 11, 2019, JH Kelly moved for summary adjudication on the Affirmative Defense in the State Court Litigation (the "**Motion for Summary Adjudication**"), seeking a declaratory judgment that AECOM is not a necessary and indispensable party under CCP § 389. *See* Nicholas Decl., Ex. 9.

On September 16, 2019, AECOM filed a memorandum opposing JH Kelly's Motion for Summary Adjudication and arguing, *inter alia*, that PG&E is a necessary party under CCP § 389(a)[1] and an indispensable party under CCP § 389(b).[2] *See* Nicholas Decl., Ex. 10. In its opposition brief, AECOM reiterated its contention that any relief afforded in PG&E's absence would be "hollow," would compromise PG&E's interest in the Property, and would subject AECOM to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. *See id.*

---

[1] CCP § 389(a) mandates joinder of a party if:

> (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

[2] Where the court determines that a person described in § 389(a) cannot be joined as a party, CCP § 389(b) requires the court to consider

> whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice, the absent person being thus regarded as indispensable. The factors to be considered by the court include: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff or cross-complainant will have an adequate remedy if the action is dismissed for nonjoinder.

AECOM subsequently moved to dismiss the State Court Litigation (the "**Motion to Dismiss**") on September 27 on the grounds that PG&E was an indispensable party pursuant to CCP § 389(b).  *See* Nicholas Decl., Ex. 11.

On Sunday, October 20, 2019, the State Court issued its tentative ruling denying JH Kelly's Motion for Summary Adjudication on the Affirmative Defense.  *See* Nicholas Decl., Ex. 12.  The next day, the State Court denied JH Kelly's Motion for Summary Adjudication on the Affirmative Defense.  *See id.*, Exs. 12 & 13.  In its ruling, the State Court made the following statements with respect to the joinder of PG&E:

- In order to determine damages owed to JH Kelly in this case, the Court will have to determine whether the unpaid amounts were due to the conduct or decisions of PG&E, AECOM, or JH Kelly itself.  If the amounts due were due to the conduct or decisions of PG&E, the Court must conduct a CCP § 389 analysis.

- Here, there is evidence that, without PG&E, complete relief cannot be accorded among those already party to the action.  While JH Kelly is correct in that AECOM could be ordered to pay JH Kelly damages, there is evidence AECOM would not be provided relief in this action without determination of its rights against PG&E.  Further, there is a triable issue as to whether JH Kelly is contractually obligated to cooperate and assist AECOM in litigation against PG&E.

- PG&E has an interest in the subject of this action . . . and determining the issues in the instant case in the absence of PG&E will leave the parties at a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of PG&E's interest.

- [T]here are triable issues as to whether PG&E is indispensable under CCP § 389(b).  Because parallel issues are being litigated in Bankruptcy Court, and any judgment rendered in this Court would not be binding on the parties, there is no way to protect against any prejudice to PG&E, JH Kelly, or AECOM.

*See id.*, Ex. 13.

On or about November 20, 2019, the State Court denied AECOM's Motion to Dismiss pursuant to CCP § 389(b).  *See* Nicholas Decl., Ex. 14.

Throughout the State Court Litigation and the Adversary Proceeding, JH Kelly has asserted its right to seek relief directly—and solely—against AECOM, without the requirement of joining PG&E.  As explained in both JH Kelly's Motion to Remand and its Motion for Summary Adjudication, PG&E is not a party to the Subcontract between JH Kelly and AECOM, and there is

no contract of any kind between PG&E and JH Kelly. Indeed, prior to commencement of the PG&E bankruptcy case, AECOM refused to allow JH Kelly to involve PG&E in the issues between JH Kelly and AECOM related to the Project, despite JH Kelly's efforts to include PG&E. AECOM's insistence, *after* PG&E's bankruptcy filing, that PG&E must be included in the Subcontract litigation appeared calculated to further delay adjudication of JH Kelly's claims against AECOM by taking advantage of the bankruptcy stay of litigation against PG&E.

JH Kelly's position has not changed in any respect. JH Kelly continues to perceive that its two-party State Court Litigation against AECOM is entirely proper, and it remains concerned that bringing PG&E into the State Court Litigation will only delay its ultimate payment by AECOM. Though JH Kelly would prefer to continue toward an expeditious trial of its claims against AECOM in the State Court Litigation without impleading PG&E, it has concluded that the path it is pursuing may yet be blocked by AECOM in the State Court by either (a) an during-trial or after-trial ruling by the State Court that PG&E is indispensable and the case cannot proceed to judgment until PG&E is joined or (b) the State Court's agreement with JH Kelly that PG&E is not indispensable, a subsequent appeal by AECOM, and the possibility of a complete re-trial of JH Kelly's claims against AECOM after PG&E is able to join. California district courts have discretion to determine whether a party is indispensable under CCP § 389, and indispensability determinations are subject to appeal. *Wilson v. Bittick*, 403 P.2d 159, 162 (Cal. 1965) (holding that CCP § 389 expressly provides that where an indispensable party has not been joined to an action, the court "shall dismiss without prejudice all causes of action to which such party is indispensable. After a dismissal . . . a new lawsuit asserting the same causes of action but joining the indispensable party may be instituted as a matter of right within the period of limitation" (internal quotation marks omitted)); *see also Tracy Press Inc. v. Super. Ct.*, 80 Cal. Rptr. 3d 464, 470 (Cal. Ct. App. 2008) (considering the issue of indispensability under CCP § 389 *on appeal* and holding that decision "to dismiss an action for failure to name an indispensable party is subject to the discretion of the court") (citing *Kaczorowski v. Mendocino Cty. Bd. of Supervisors*, 106 Cal. Rptr. 2d 14, 17-18 (Cal. Ct. App. 2001).

In light of these risks, JH Kelly's conviction that it should be able to pursue AECOM

directly, without joining PG&E as a party (not merely a witness) or the delay attendant to its joinder, has been overcome by JH Kelly's concern that AECOM may ultimately convince the State Court, or the California State Court of Appeals, that PG&E must be a party to the State Court Litigation. JH Kelly is thus embracing a position it formerly opposed because principles must sometimes yield to practicalities. In doing so, JH Kelly expressly disclaims any reversal of its views regarding the appropriateness of its litigation directly and solely against AECOM.

## IV. REQUEST FOR RELIEF

JH Kelly requests relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to permit it to move the State Court to join PG&E as a party to the State Court Litigation. If the Bankruptcy Court grants such primary relief, JH Kelly further requests relief from stay to permit the State Court to (1) determine the validity and amount of JH Kelly's Mechanics Lien against the Property and (2) determine the relative rights of PG&E and AECOM under the EPC Agreement.[3] JH Kelly does not request permission to enforce any claims, judgments, or liens against PG&E or the property of PG&E's bankruptcy estate.

## V. ARGUMENT

### A. Legal Standards: Bankruptcy Code Section 362(d)(1) and the *Curtis* Factors

Section 362(d)(1) provides: "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—(1) for cause, including lack of adequate protection of an interest in property of such party in interest."

"To obtain relief from the automatic stay, the party seeking relief must first establish a *prima facie* case that 'cause' exists for relief under § 362(d)(1)." *Truebro, Inc. v. Plumberex Specialty Prods., Inc. (In re Plumberex Specialty Prods., Inc.)*, 311 B.R. 551, 557 (Bankr. C.D. Cal. 2004)

---

[3] JH Kelly anticipates that the State Court Litigation may soon include Ed Staub & Sons Petroleum, Inc. ("*Staub*"), a subcontractor to JH Kelly, as a cross-claim defendant (*i.e.,* a third-party defendant) with respect to an incident in which a truck driver from Staub backed into an above-ground pipe at the Burney Project ("*Valve Strike*"). In AECOM's Answer & Counterclaim, AECOM alleges that PG&E claims $777,701.91 in damages as a result of the Valve Strike, and AECOM claims $27,705 in damages as a result of the Valve Strike. *See* Nicholas Decl., Ex. 5, ¶ 148(a). Assuming that Staub is joined in the State Court Litigation, it is likely it will also seek relief from stay to join PG&E in the State Court Litigation.

(citing *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 142 (2d Cir. 1999)). "Once a *prima facie* case has been established, the burden shifts to the debtor to show that relief from the stay is unwarranted." *Id.* (citing, *e.g.*, *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1285 (2d Cir. 1990)).

What constitutes "cause" under section 362(d)(1) "has no clear definition and is determined on a case-by-case basis." *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990) (citing *In re Mac Donald*, 755 F.2d 715, 717 (9th Cir. 1985)).

The Ninth Circuit has recognized that "the *Curtis* factors are appropriate, nonexclusive, factors to consider in deciding whether to grant relief from the automatic stay to allow pending litigation to continue in another forum." *Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer)*, 405 B.R. 915, 921 (B.A.P. 9th Cir. 2009). The 12 *Curtis* factors are:

> (1) Whether the relief will result in partial or complete resolution of the issues.
>
> (2) The lack of any connection with or interference with the bankruptcy case.
>
> (3) Whether the foreign proceeding involves the debtor as a fiduciary.
>
> (4) Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases.
>
> (5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation.
>
> (6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question.
>
> (7) Whether litigation in another forum would prejudice the interests of creditors, the creditors' committee and other interested parties.
>
> (8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c).
>
> (9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f).
>
> (10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties.
>
> (11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial.

(12) The impact of the stay on the parties and the "balance of hurt."

*In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984) (citations omitted). While the *Curtis* factors are widely used to determine the existence of "cause," not all of the factors are relevant in every case, nor is a court required to give each factor equal weight. *Plumberex*, 311 B.R. at 560.

**B.** **The Relevant *Curtis* Factors Support JH Kelly's Motion for Relief from Stay**

The six *Curtis* factors that JH Kelly believes are relevant to the Motion are factors (1), (2), (7), and (10) through (12). The remaining *Curtis* factors ((3) through (6), (8), and (9)) appear irrelevant to the Motion and are not adverse to the requested relief. Each of the relevant *Curtis* factors is considered in turn below.

**1.** ***Curtis* Factor (1): Granting Stay Relief to Allow Joinder of PG&E in the State Court Litigation Will Allow for a Complete Resolution of the Legal Issues Among JH Kelly, AECOM and PG&E**

As stated by the *Curtis* court, "the stay insures that the debtor's affairs will be centralized, initially, in a single forum in order to prevent conflicting judgments from different courts and in order to harmonize all of the creditors' interests with one another." *Curtis*, 40 B.R. at 798. Where the debtor is already a party to a lawsuit affecting its rights, the stay ensures the appropriate centralization of litigation in the bankruptcy court, thus serving a core purpose of the Bankruptcy Code. However, the instant case presents a situation where the stay must actually be modified so that litigation related to the debtor may be centralized in a single forum. The appropriate forum in this case is the State Court, where JH Kelly and AECOM are already parties to the litigation, and PG&E is already participating in the case as a third-party fact witness.

Throughout the State Court Litigation and the Adversary Proceeding, JH Kelly has asserted its right to seek relief directly from AECOM without the involvement of PG&E. This is because PG&E is not a party to the Subcontract between JH Kelly and AECOM, and there is no contract between JH Kelly and PG&E. Prior to PG&E's bankruptcy filing, JH Kelly tried to include PG&E in the non-judicial resolution of Project disputes between JH Kelly and AECOM, but AECOM would not allow it, insisting it would resolve any issues directly with PG&E without the involvement of JH Kelly. It was only after PG&E filed its bankruptcy petition that AECOM changed its position, arguing that PG&E was a necessary and indispensable party to AECOM's

dispute with JH Kelly.

JH Kelly maintains its belief that the State Court is the best place to resolve what it believes is a two-party dispute between JH Kelly and AECOM. Nonetheless, JH Kelly believes this Motion is consistent with that position. In fact, in its Motion to Remand, JH Kelly recognized the possibility that resolution of the dispute in State Court among three parties was a possibility:

> Regardless of whether AECOM succeeds in turning the two-party Litigation under the Subcontract into a three-party dispute with PG&E involving the EPC Agreement, the Litigation should be remanded to the State Court in any event, either as a two-party dispute under the Subcontract, or as a three-party action if PG&E is deemed an indispensable party (which JH Kelly denies) and relief from stay is requested and granted.

Nicholas Decl., Ex. 7 at p. 19.

JH Kelly would still prefer to continue toward a trial and an expeditious resolution of its claims against AECOM in State Court without impleading PG&E. However, the State Court's remarks in its order denying JH Kelly's Motion for Summary Adjudication, as discussed in greater detail below, suggest PG&E may be an indispensable party to the State Court Litigation. Therefore, JH Kelly must now request permission to add PG&E as a party in order to ensure the finality of any judgment issued by the State Court.

AECOM twice sought to add PG&E as a party to the litigation with JH Kelly: first, when it removed the State Court Litigation to this Court and filed its Third-Party Complaint against PG&E, *see* Nicholas Decl., Ex. 6, then again, in the State Court following remand, when it contended that PG&E is a necessary and indispensable party and raised the necessary and indispensable party defense in its answer to JH Kelly's complaint, *see* Nicholas Decl., Ex. 5.

JH Kelly filed its Motion for Summary Adjudication in State Court in an effort to resolve its claims against AECOM without the need to implead PG&E. The State Court denied JH Kelly's Motion for Summary Adjudication and expressly deferred judgment on the issue until trial. *See* Nicholas Decl., Exs. 11 & 12.

The State Court's order denying JH Kelly's Motion for Summary Adjudication suggests that joinder of PG&E may be necessary to afford complete relief among the parties. The State Court indicated there was evidence that complete relief could not be afforded between JH Kelly

and AECOM in PG&E's absence. *See* Nicholas Decl., Ex. 13. "PG&E has an interest in the subject of this action . . . and determining the issues in the instant case in the absence of PG&E will leave the parties at a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of PG&E's interest." *Id.*, Ex. 13. Continuing, the judge expressed concern that PG&E is a potentially indispensable party under CCP § 389 and "any judgment rendered in [State Court] would not be binding on the parties," leaving the State Court unable to protect JH Kelly, PG&E, and AECOM from prejudice. *Id.*, Ex. 13.

Further, while the State Court signaled that it was receptive to JH Kelly's argument that PG&E is not necessary and indispensable to resolution of the State Court Litigation, *id.*, Ex. 13, it also made it clear that the issue of indispensability will persist through and after any trial in the State Court Litigation. Specifically, in its order denying summary adjudication, the State Court noted that

> the issue of failure to join a necessary and indispensable party can be raised by a party at any time, or *sua sponte* by the Court. *In re Marriage of Ramirez* (2011) 198 Cal. App. 4th 336, 345. Indispensability is determined by the status of the parties at the time relief is to be entered, or at the time the issue of indispensability is raised, rather than their status at the time the suit is filed. *City of Imperial v. Superior Court* (2007) 152 Cal. App. 4th 13, 36-37. *See also Kraus v. Willow Park Public Golf Course* (1977) 73 Cal. App. 3d. 354, 368; *Union Carbide v. Superior Court* (1984) Cal. 3d. 15, 22.

*Id.*, Ex. 13 at 4. Accordingly, AECOM, or the State Court itself, may raise the issue of indispensability at any time during or after the State Court Litigation, subject to the applicable appeal filing deadline.

Based on the State Court's comments on indispensability in its order denying summary adjudication, there is a significant risk that the State Court Litigation will not be able to achieve a complete resolution of all the legal issues related to the Project disputes in the absence of PG&E as a party. Therefore, this *Curtis* factor strongly favors modification of the automatic stay so as to achieve a complete resolution of the legal issues among the parties and avoid unnecessary and duplicative litigation in multiple forums.

Case: 19-30088   Doc# 5649   Filed: 02/05/20   Entered: 02/05/20 19:05:14   Page 18 of 25

## 2. *Curtis* Factor (2): Granting Stay Relief to Allow Joinder of PG&E in the State Court Litigation Will Not Interfere with the Bankruptcy Case

The *Curtis* court held that interference with the administration of the bankruptcy estate is the most important factor in determining whether it is appropriate to allow litigation to proceed against a debtor in a non-bankruptcy forum. *Curtis*, 40 B.R. at 806. Here, modification of the automatic stay to allow joinder of PG&E to the State Court Litigation will not interfere with the administration of PG&E's bankruptcy case.

In a separate matter decided in August 2019 in this case, this Court held that the commencement of state court litigation on PG&E's liability for wildfire damages, while related to the bankruptcy case, would not interfere with the bankruptcy case. *In re PG & E Corp.,* No. 19-30088 (DM), 2019 WL 3889247, at *1 (Bankr. N.D. Cal. Aug. 16, 2019). The Court further explained that "[t]he state court trial may proceed on a parallel track to the proceedings in this court. The state court is also suited for a proceeding which consists entirely of state law issues, and it may be aided by the [litigation] in order to resolve these issues and the several parties implicated." *Id.*, at *2.

This logic applies with equal force to the instant Motion. JH Kelly has brought state law claims against AECOM in State Court. AECOM has brought state law claims against PG&E in this Court. Accordingly, JH Kelly, AECOM, and PG&E are all parties to claims related to PG&E's bankruptcy case that are governed by state law, but the adjudication of such claims by the State Court will not interfere with the administration of PG&E's bankruptcy estate just as the resolution of wildfire claims through state court proceedings did not interfere with the administration of PG&E's bankruptcy estate.

The State Court Litigation may also proceed on a parallel track to the proceedings in this Court with little disruption to PG&E. On information and belief, PG&E's outside counsel that presumably would handle the State Court Litigation are construction attorneys that are not otherwise involved in PG&E's bankruptcy proceedings before this Court. Nicholas Decl., ¶ 18. Also on information and belief, PG&E maintains a natural gas division that is separate from its electrical distribution and transmission division. *Id.* Only the natural gas division is involved in

the Burney natural gas compression station Project at issue here. *Id.* It follows that PG&E's fact witnesses concerning the Project have no role in addressing the wildfire claims against PG&E or administration of PG&E's bankruptcy estate. *Id.*

Other courts have addressed the issue of interference with the bankruptcy case in a similar fashion. For example, a district court reversed a bankruptcy court's order denying stay relief where a creditor sought to try claims and obtain judgments against a debtor but did not ask the state court to issue any orders enforcing those judgments. *In re Roger*, 539 B.R. 837, 849-50 (C.D. Cal. 2015). The district court found that such proceedings would not adversely affect the bankruptcy estate. *Id.* at 850.

Both JH Kelly and AECOM must obtain a determination of their claims against PG&E, either by the State Court or by this Court. The State Court is well suited for a proceeding that concerns entirely state law issues. The determination of those claims in the State Court will not interfere with the administration of PG&E's bankruptcy estate, especially where, as explained below, the adjudication of those rights by the State Court is not prejudicial to creditors, is in the interest of judicial economy, and will encourage an expeditious and economical resolution of the disputes among all parties.

### 3. *Curtis* Factor (7): Granting Stay Relief to Allow Joinder of PG&E in the State Court Litigation Will Not Prejudice the Interests of Other Creditors, the Creditors' Committees, or Other Interested Parties

Stay relief will not prejudice the interests of other creditors, the creditors' committees, or other interested parties. JH Kelly's state law rights under the Subcontract, and PG&E and AECOM's rights and responsibilities under the EPC Agreement will inevitably be adjudicated somewhere. Whether these claims are decided in State Court or in the Bankruptcy Court, the parties' legal rights and the impact of those rights on the bankruptcy estate, and thus the creditors of the estate, will be the same.

Determining the debtor's liability under state law in the State Court with any resulting judgments against the debtor addressed in the bankruptcy case, is not prejudicial to creditors. In its previous opinion regarding stay relief to pursue wildfire litigation in state court, this Court held that such litigation would not be prejudicial to creditors. *In re PG & E Corp.*, 2019 WL 3889247, at

Case: 19-30088   Doc# 5649   Filed: 02/05/20   Entered: 02/05/20 19:05:14   Page 20 of 25

*2. Other courts have reached the same conclusion. *See, e.g.*, *In re Badax, LLC*, 608 B.R. 730, 745-46 (Bankr. C.D. Cal. 2019) (explaining that allowing a state court to litigate the extent of U.C.C. liens is not prejudicial to creditors); *see also Baack v. Horizon Womens Care Prof'l LLC (In re Horizon Womens Care Prof'l LLC)*, 506 B.R. 553, 559 (Bankr. D. Colo. 2014) (explaining that debtor's risk of liability on a claim is not prejudicial to creditors, especially where the final liquidation of claims among the parties is a necessity); *In re Danzik*, No. 16-20002, 2016 WL 1417784, at *4 (Bankr. D. Wyom. Apr. 7, 2016) ("The fact that lawful and appropriate resolution of a legal claim may result in a reduced potential for recovery by the estate does not constitute legal prejudice to the rights of creditors."). The same is true in this case where allowing the State Court to determine liability, issue judgments, and determine the extent of liens would not be prejudicial to the creditors of PG&E's bankruptcy estate.

### 4. *Curtis* Factor (10): Granting Stay Relief Will Serve the Interests of Judicial Economy and Lead to an Expeditious and Economical Determination of the Litigation for the Parties

Granting stay relief will serve the interests of judicial economy by allowing the consolidation into a single action of multiple proceedings arising from the same core set of facts that are currently pending in two different courts. A consolidated State Court proceeding could determine, *inter alia*, all of the parties' rights under the Subcontract, the EPC Agreement, and with respect to JH Kelly's Mechanics Lien claim against the Burney Project.[4]

Bankruptcy courts commonly permit stay relief in the interest of judicial economy, especially where the litigation in another forum will not disrupt the debtor's bankruptcy case or prejudice its creditors. For example, in *In re Roger*, the court allowed proceedings in state court to continue because "judicial economy would be well-served by permitting the State Court action to reach resolution before addressing the bankruptcy issues, particularly where the State Court action involves solely state law issues and not doing so runs a significant risk of creating inconsistent

---

[4] More specifically, a consolidated State Court proceeding would resolve (1) the State Court Litigation, (2) the issues raised in the Adversary Proceeding, (3) JH Kelly's proof of claim in the bankruptcy case, (4) AECOM's proof of claim in the bankruptcy case, (5) JH Kelly's Mechanics Lien Foreclosure Action, (6) the validity and extent of AECOM's mechanics lien against the Property, and potentially (7) any Valve Strike litigation involving Staub.

rulings." *In re Roger*, 539 B.R. at 851. Modification of the automatic stay permitting three-party litigation in State Court is appropriate to ensure the conservation of judicial resources by avoiding unnecessary and duplicative litigation in separate forums regarding the same nucleus of facts and legal issues related to the Project.

Allowing the State Court Litigation to proceed with PG&E as a party may also lead to a more expeditious resolution of the litigation for the parties. A settlement conference in the State Court Litigation is scheduled for April 13, 2020, and trial is set to begin on July 28, 2020. While the addition of PG&E as a party to the State Court Litigation will likely require adjustment of these dates, PG&E has already been participating in the State Court Litigation as a third-party witness and is familiar with the factual and legal issues involved, so State Court likely still offers the best prospect for an expeditious and economical resolution of the litigation among the parties.

### 5. *Curtis* Factor (11): The State Court Proceedings Are Progressing Towards Trial

This *Curtis* factor (whether the state court proceeding has progressed to the point where the parties are ready for trial) also favors relief from stay. As noted above, the State Court has fixed a trial date of July 28, 2020. While the addition of PG&E as a party would likely require adjustment of that date, the State Court has stated its commitment to hold a trial in an expeditious manner.

By contrast, the Adversary Proceeding between AECOM and PG&E remains in its infancy. PG&E has not yet answered or otherwise moved with respect to the Third-Party Complaint filed by AECOM (*see* Adv. Proc. Dkt. No. 57). The last docket entry in the Adversary Proceeding was on October 2, 2019, and provided in relevant part as follows:

> If the Mediation concludes without a settlement, the Parties shall meet and confer as to a briefing schedule for the Response Stipulation Deadlines and hearing date on the Response, if any, and shall jointly propose a new date for the Status Conference.

Adv. Proc. Dkt. No. 58 at 2. JH Kelly was a party to the referenced "Mediation," which was not successful and has concluded. Accordingly, the next step in the Adversary Proceeding is for AECOM and PG&E to meet and confer as to the schedule and hearing date for PG&E's answer to AECOM's Third-Party Complaint.

While the State Court Litigation has not yet "progressed to the point where the parties are ready for trial," this *Curtis* factor still favors relief from stay because the State Court Litigation has progressed much further and faster than the Adversary Proceeding or related proceedings in this Court concerning the Burney Project. *Cf. In re Landmark Fence Co.*, No. 6:09-BK-20206 MJ, 2011 WL 6826253, at *8 (C.D. Cal. Dec. 9, 2011) (finding this factor neutral when litigation in either court would transpire at roughly the same speed).

### 6. *Curtis* Factor (12): The Automatic Stay Is Having a Negative Impact on JH Kelly and AECOM, and the "Balance of Hurt" Favors Stay Relief

JH Kelly recognizes that the negative impacts it might suffer as a result of the automatic stay pale in comparison to the devastating losses suffered by the wildfire victims in the PG&E bankruptcy case. Even so, non-payment for the work done on the Project is a substantial hardship on JH Kelly in its own right. Consistent with JH Kelly's history of never abandoning a project, JH Kelly diligently and successfully performed its work on the Project through completion and paid all of its subcontractors, employees, and vendors, none of which filed liens or payment claims against the Project. Having itself performed, JH Kelly is now owed more than $26 million for its work. While JH Kelly maintains it is entitled to payment from AECOM in full under the terms of the Subcontract, AECOM in turn believes it is entitled to payment from PG&E under the terms of the EPC Agreement.

The State Court has signaled that it may not be able to determine "the issues in the [State Court Litigation] in the absence of PG&E, [leaving] the parties at a substantial risk of incurring, double, multiple, or otherwise inconsistent obligations by reason of PG&E's interest." Nicholas Decl., Ex. 13. The judge explicitly expressed concern that any judgment rendered in the State Court Litigation would not be binding on the parties. The prospect of a full trial in State Court that fails to resolve the Project disputes in their entirety, or does not lead to a full adjudication binding on all necessary parties, is harmful to JH Kelly, AECOM, and PG&E.

Based on the State Court's remarks, JH Kelly, AECOM, and PG&E (as a third-party witness) face the prospect of preparing for a trial in State Court during or after which the State Court might well find that PG&E must be joined as a necessary and indispensable party.

Presumably, PG&E would be joined to the State Court Litigation after the automatic stay in its bankruptcy case ends, or after relief from stay is otherwise granted, and the parties would be required to bear the cost and expense of a second trial.

In the alternative, if the State Court agrees with JH Kelly that PG&E is not a necessary and indispensable party at trial, then any judgment in JH Kelly's favor would be subject to appeal. Any appeal would further delay payment to JH Kelly, and a successful appeal would require the parties to expend resources to prepare for and conduct a second trial in State Court. In either scenario, JH Kelly would bear the risk of conducting two trials in the State Court regarding the same facts and legal issues—a harm that can be avoided by modifying the stay to allow JH Kelly to join PG&E to the State Court Litigation and ensure complete resolution of the disputes among the parties.

Consolidation of the litigation will mitigate the negative impact on JH Kelly, AECOM, and PG&E by resolving their legal rights with respect to the Project. Consolidation of the disputes in State Court will allow JH Kelly to pursue payment under the Subcontract without bearing the risk of multiple trials on the same issues. It will also fix AECOM and PG&E's legal rights and obligations under the EPC Agreement. Moreover, PG&E's interests in the State Court Litigation would presumably be represented by outside counsel and thus would not hinder PG&E's efforts to reorganize. Modifying the automatic stay to allow JH Kelly to pursue consolidation would mitigate many of these negative effects on the parties and, at the same time, determine the existence and extent of a claim PG&E will inevitably be required to address in its plan of reorganization.

## VI.    RESERVATION OF RIGHTS

Nothing herein is intended to or should be construed as waiver of any right of JH Kelly under the Bankruptcy Code, California law, any other applicable law, or in any other proceeding.

## VII.    CONCLUSION

The *Curtis* factors relevant to this matter strongly favor modification of the automatic stay to allow JH Kelly to join PG&E to the State Court Litigation. Most importantly, PG&E must be added to the State Court Litigation to ensure that all issues among JH Kelly, AECOM, and PG&E are completely and finally resolved without the need for duplicative litigation in separate courts and proceedings involving the same operative facts and parties. Further, the resolution of the

1  disputes among these parties in State Court will not interfere with the administration of PG&E's

2  bankruptcy estate, will not prejudice the interests of PG&E's creditors, and will serve the interests

3  of judicial economy by conserving precious judicial resources and providing the parties with an

4  expeditious and economical resolution of the disputes among them.

5      For the foregoing reasons, JH Kelly respectfully requests that the Court grant relief from

6  stay pursuant to the terms of the proposed Order submitted herewith.

7      DATED:  February 5, 2020.                    STOEL RIVES LLP

8

9                                                   */s/ David B. Levant*
                                                    David B. Levant (*pro hac vice*)
                                                    Eric A. Grasberger (*pro hac vice*)
10                                                  Mario R. Nicholas
                                                    101 S. Capitol Boulevard, Suite 1900
11                                                  Boise, ID 83702
                                                    Telephone: 208.389.9000
12                                                  Facsimile: 208.389.9040

13                                                  *Attorneys for JH Kelly, LLC*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28