| | |
|---|---|
| ERIC A. GRASBERGER (*pro hac vice*)<br>eric.grasberger@stoel.com<br>MARIO R. NICHOLAS (SB #273122)<br>mario.nicholas@stoel.com<br>STOEL RIVES LLP<br>760 SW Ninth Avenue, Suite 3000<br>Portland, OR 97205<br>Telephone: 503.224.3380<br>Facsimile: 503.220.2480 | DAVID B. LEVANT (*pro hac vice*)<br>david.levant@stoel.com<br>STOEL RIVES LLP<br>101 S. Capitol Boulevard, Suite 1900<br>Boise, ID 83702<br>Telephone: 208.389.9000<br>Facsimile: 208.389.9040 |

*Attorneys for JH Kelly, LLC*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>  - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                **Debtors.**<br><br>☐   Affects PG&E Corporation<br>☐   Affects Pacific Gas and Electric Company<br>☒   Affects both Debtors<br><br>\**All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**DECLARATION OF MARIO R. NICHOLAS IN SUPPORT OF JH KELLY'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Date:  February 26, 2020<br>Time:  10:00 a.m. (PT)<br>Place:  United States Bankruptcy Court<br>         Courtroom 17, 16th Floor<br>         San Francisco, CA 94102<br><br>**Objection Deadline:**<br>      **February 21, 2020, at 4:00 p.m. (PT)** |

I, Mario R. Nicholas, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am one of the attorneys representing JH Kelly, LLC ("***JH Kelly***") in the above-captioned matter, and I submit this declaration in support of JH Kelly's *Motion for Relief from the Automatic Stay* in the above-captioned proceeding.

2. I have personal knowledge of the facts set forth in this declaration, except as stated below. If called as a witness I could, and would, competently testify under oath as set forth in this declaration. All dates referred to in paragraphs three through 17 hereof are 2019 dates.

3. On January 29, JH Kelly filed a complaint (the "***Complaint***") against AECOM Technical Services, Inc. ("***AECOM***") in Shasta County Superior Court (the "***State Court***") with the caption *JH Kelly, LLC v. AECOM Technical Services, Inc. and DOES 1-10* (Case No. 192600; formally Case No. 19CV0172) (the "***State Court Litigation***"). A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

4. On January 25 (four days prior to filing the Complaint that commenced the State Court Litigation), JH Kelly filed a complaint against Pacific Gas and Electric Company ("***PG&E***") in Shasta County Superior Court with the caption *JH Kelly, LLC v. Pacific Gas and Electric Company and DOES 1-10* (Case No. 191759) (the "***Foreclosure Action***"). The Foreclosure Action includes a single cause of action against PG&E for foreclosure of the *Claim of Mechanics Lien* (the "***Mechanics Lien***") filed and recorded by JH Kelly in the records of Shasta County, as document no. 2018-0030534, against the real property and improvements thereon constituting the construction project at issue in the State Court Litigation. A true and correct copy of such lien is attached hereto as **Exhibit 2**. A true and correct copy of the complaint in the Foreclosure Action is attached hereto as **Exhibit 3**.

5. On January 31, JH Kelly filed a Notice of Related Case in the Foreclosure Action. A true and correct copy of such notice is attached hereto as **Exhibit 4**.

6. On March 1, AECOM removed the State Court Litigation to the U.S. Bankruptcy Court for the Eastern District of California (the "***Eastern Bankruptcy Court***"). One week later, AECOM and JH Kelly stipulated to transfer of venue to the U.S. Bankruptcy Court for the Northern District of California (the "***Northern Bankruptcy Court***" or this "***Court***"). On March 14, this Court entered a notice of the transfer of the removed action to the Northern Bankruptcy Court.

7. On March 18, AECOM filed its *Answer to Complaint, Affirmative Defenses and Counterclaim Against Plaintiff JH Kelly, LLC* (Adv. Proc. Dkt. No. 16) (the "***Answer &***

*Counterclaim*"). A true and correct copy of such Answer, Affirmative Defenses and Counterclaim is attached hereto as **Exhibit 5**.

8. On March 22, AECOM filed its *Third-Party Complaint* against PG&E (Adv. Proc. Dkt. No. 19). A true and correct copy of such third-party complaint is attached hereto as **Exhibit 6**.

9. On April 16, JH Kelly filed a *Motion to Remand Adversary Proceeding* (Adv. Proc. Dkt. No. 30) (the "***Motion to Remand***") to remand the State Court Litigation to the State Court. A true and correct copy of such motion is attached hereto as **Exhibit 7**.

10. On June 10, this Court granted JH Kelly's Motion to Remand the State Court Litigation between JH Kelly and AECOM to the State Court but ordered AECOM's third-party claim against PG&E severed and retained jurisdiction over it (Adv. Proc. Dkt. No. 53).

11. On June 28, AECOM filed a *General Denial to Complaint and Affirmative Defenses Against JH Kelly, LLC* ("***General Denial***") in the State Court Litigation. In its General Denial, AECOM pleaded an affirmative defense of failure to join an indispensable party, PG&E, pursuant to California Code of Civil Procedure ("***CCP***") § 389 (the "***Affirmative Defense***"). A true and correct copy of such general denial is attached hereto as **Exhibit 8**.

12. On July 11, JH Kelly filed a *Motion for Summary Adjudication* (the "***Motion for Summary Adjudication***") seeking a declaratory judgment that, *inter alia*, AECOM is not a necessary and indispensable party under CCP § 389. A true and correct copy of JH Kelly's memorandum of points and authorities in support of such motion is attached hereto as **Exhibit 9**.

13. On September 16, AECOM filed an *Opposition to Plaintiff's Motion for Summary Adjudication* in the State Court Litigation. A true and correct copy of AECOM's memorandum of points and authorities in support of such opposition is attached hereto as **Exhibit 10**.

14. On September 27, AECOM filed a *Motion to Dismiss Pursuant to Cal. Code Proc. §389(b)* (the "***Motion to Dismiss***"). A true and correct copy of AECOM's memorandum of points and authorities in support of such motion is attached hereto as **Exhibit 11**.

15. On October 20, the State Court issued a tentative ruling (the "***Tentative Ruling***") denying JH Kelly's Motion for Summary Adjudication. A true and correct copy of the Tentative Ruling is attached hereto as **Exhibit 12**.

16. The next day, on October 21, the State Court entered an *Order Denying JH Kelly, LLC's Motion for Summary Adjudication* (the "***State Court Order***"). The State Court Order provided in part as follows: "the Court finds that there are no triable issues of any material fact and that JH Kelly's Motion for Summary Adjudication is denied based on the Court's tentative ruling [*i.e.*, Exhibit 11 hereto] which was made the final ruling . . . ." A true and correct copy of such order is attached hereto as **Exhibit 13**. To avoid any confusion by this Court, although the State Court Order states that the Tentative Ruling "is attached hereto," it is my understanding that the order as entered does not include any attachments.

17. On November 20, the State Court entered an *Order Denying Defendant AECOM Technical Services, Inc.'s Motion to Dismiss for Failure to Join Indispensable Party Pursuant to Cal. Code Proc. §389(b)*. A true and correct copy of the such order is attached hereto as **Exhibit 14**.

18. It is my understanding and belief that PG&E's outside construction counsel, who are not otherwise involved in the bankruptcy proceeding, will handle the State Court Litigation and not the attorney(s) who represent PG&E in connection with the bankruptcy. It is also my understanding that PG&E has a division for natural gas operations that is separate from its electrical distribution and transmission division. As a result, most if not all of PG&E's fact witnesses concerning the State Court Litigation have no role in addressing the wildfire claims against PG&E or administration of PG&E's bankruptcy estate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 5, 2020.

By: _____
Mario R. Nicholas