# EXHIBIT 8

1

2  C. Scott Penner (SBN 124826)
   Carney Badley Spellman, P.S.
3  701 Fifth Avenue, Suite 3600
   Seattle, WA 98104-7010
4  Tel.: 206-622-8020

5
   Robert M. Harding (SBN 101751)
6  Randall C. Nelson (SBN 138298)
   Carr, Kennedy, Peterson & Frost
7  420 Redcliff Drive
   Redding, CA 96002
8  Tel: 530-222-2100

9
   Attorneys for Defendant *AECOM Technical Services, Inc.*
10

FILED

JUN 2 8 2019

CLERK OF THE SUPERIOR COURT
BY: G. HOYT, DEPUTY CLERK

11          SUPERIOR COURT FOR THE STATE OF CALIFORNIA
                  IN THE COUNTY OF SHASTA

12  JH KELLY, LLC, a Washington limited
    liability company,                          NO. 192600
13
                    Plaintiff,                   **DEFENDANT AECOM TECHNICAL**
14                                               **SERVICES, INC.'S GENERAL**
        v.                                       **DENIAL TO COMPLAINT AND**
15                                               **AFFIRMATIVE DEFENSES**
    AECOM TECHNICAL SERVICES, INC., a            **AGAINST PLAINTIFF JH KELLY,**
16  purported California corporation, and DOES   **LLC**
    1 through 10, inclusive,
17
                    Defendants.
18

                        I.    **GENERAL DENIAL**
19
            Defendant AECOM Technical Services, Inc. ("AECOM"), in answer to the unverified
20
    complaint of Plaintiff JH Kelly, LLC ("JH Kelly"), and by virtue of the provisions of Section
21
    431.30(d) of the California Code of Civil Procedure, now files its general denial to the
22
    Complaint, and in answering all the allegations of the Complaint, this answering defendant
23
    denies each and every allegation thereof.
24
                        II.   **AFFIRMATIVE DEFENSES**
25
            In addition to its general denial above, AECOM asserts the following affirmative
26
    defenses to each and every cause of action made against it by JH Kelly and without admitting
27
    it has the burden of proof on any of the issues raised below.
28

    DEFENDANT AECOM TECHNICAL SERVICES, INC.'S
    GENERAL DENIAL TO COMPLAINT AND AFFIRMATIVE
    DEFENSES AGAINST PLAINTIFF JH KELLY, LLC – 1
    AEC002-0006 5837526

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State Facts Sufficient to Constitute a Cause of Action)

1.     JH Kelly fails to state facts in its Complaint sufficient to constitute a cause of action against AECOM.

## SECOND AFFIRMATIVE DEFENSE
### (Indispensable Party – CCP Section 389)

2.     JH Kelly's Complaint, and each cause of action alleged therein, are barred on the grounds that JH Kelly has failed to join Pacific Gas & Electric Company ("PG&E"), a necessary and indispensable party to this action, and the Complaint is thereby defective.

## THIRD AFFIRMATIVE DEFENSE
### (Breach of Contract)

3.     JH Kelly has breached the Subcontract and therefore is not entitled to recovery against AECOM.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches)

4.     JH Kelly's claims, in whole or in part, are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

5.     JH Kelly's claims, in whole or part, are barred because JH Kelly has waived, relinquished, and/or abandoned any entitlement to relief against AECOM regarding the matters that are the subject of the Complaint (and AECOM asserts no such entitlement exists) by failing to follow the terms of the Subcontract.

## SIXTH AFFIRMATIVE DEFENSE
### (Consent)

6.     JH Kelly's claims, in whole or part, are barred by the doctrine of consent.

## SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

7.     JH Kelly's claims, in whole or part, are barred by the equitable doctrine of estoppel. JH Kelly has failed to comply with certain contractual requirements, refused to present

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S
GENERAL DENIAL TO COMPLAINT AND AFFIRMATIVE
DEFENSES AGAINST PLAINTIFF JH KELLY, LLC – 2
AEC002-0006 5837526

and prosecute its claims against PG&E as required by the Subcontract, and is thus estopped from asserting such claims against AECOM.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

8. JH Kelly's claims, in whole or part, are barred by the equitable doctrine of unclean hands. JH Kelly is responsible for damages resulting from its own acts or omissions, including breaches of contract, including but not limited to its failure to timely and efficiently prosecute the work.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

9. If JH Kelly has suffered any damages, which AECOM expressly denies, AECOM alleges that JH Kelly's recovery for those damages may be barred, in whole or in part, by its failure to mitigate, reduce, or otherwise avoid its damages.

## TENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

10. JH Kelly's claims, in whole or part, are barred because it seeks relief that would result in unjust enrichment of JH Kelly.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Offset)

11. If AECOM has any liability to JH Kelly for the claims made in this action, which AECOM expressly denies, AECOM is entitled to an appropriate set-off for the claims it has asserted in its Cross-Complaint against JH Kelly and for claims that are the ultimate responsibility of PG&E.

## TWELFTH AFFIRMATIVE DEFENSE
### (Apportionment)

12. If JH Kelly suffered any damages as alleged in the Complaint, those damages were proximately caused and contributed to by persons or entities other than AECOM, including but not limited to PG&E, such that the liability of all other responsible parties, named or

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S
GENERAL DENIAL TO COMPLAINT AND AFFIRMATIVE
DEFENSES AGAINST PLAINTIFF JH KELLY, LLC – 3
AEC002-0006 5837526

1

2  unnamed, should be apportioned relative to the degree of fault of each, and that the liability of

3  AECOM, if any, should be reduced accordingly, and furthermore, if JH Kelly recovers against

4  AECOM, AECOM is entitled to contribution from such third parties and/ or defendants, and

5  each of them.

6
                          **THIRTEENTH AFFIRMATIVE DEFENSE**
7                                  **(Prompt Payment Laws)**

8        13.     AECOM's decision to withhold amounts from JH Kelly's invoices is justified

9  and supportable under California law. These withholdings were made in good faith, within

10 AECOM's rights under the Subcontract, and permitted by California's Prompt Payment Statutes.

11                        **FOURTEENTH AFFIRMATIVE DEFENSE**
                                        **(Ripeness)**
12
          14.    JH Kelly's claims, in whole or in part, are not ripe for adjudication as JH Kelly
13
   has failed to satisfy the required contractual dispute resolution process required by the
14
   Subcontract.
15
                           **FIFTEENTH AFFIRMATIVE DEFENSE**
16                          **(Failure to Satisfy Conditions Precedent)**

17        15.     JH Kelly's claims, in whole or in part, are barred because JH Kelly has failed to

18 satisfy the conditions precedent of the Subcontract, which requires JH Kelly to cooperate in the

19 presentment and prosecution of its claims against PG&E.

20                          **SIXTEENTH AFFIRMATIVE DEFENSE**
                            **(Failure to Exhaust Contractual Remedies)**
21
          16.    JH Kelly's claims are barred, in whole or in part, because JH Kelly has failed to
22
   exhaust the dispute resolution procedures and remedies required by the Subcontract before
23
   commencing this action.
24
                          **SEVENTEENTH AFFIRMATIVE DEFENSE**
25                                 **(Intervening Cause)**

26        17.     All or part of the damages and/or losses alleged by JH Kelly were caused by acts

27 and conduct of other persons or entities, including but not limited to PG&E, which intervened

28

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S
GENERAL DENIAL TO COMPLAINT AND AFFIRMATIVE
DEFENSES AGAINST PLAINTIFF JH KELLY, LLC – 4
AEC002-0006 5837526

between the acts and conduct of AECOM, and JH Kelly's alleged damages and/or losses, if any, are therefore not recoverable from AECOM. In the alternative, any damages that JH Kelly may be entitled to recover against AECOM must be reduced to the extent that such damages are attributable to the intervening acts and/or conduct of persons or entities other than AECOM.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Comparative Contribution)

18.     JH Kelly's alleged damages, if any, were caused or contributed to, in whole or in part, by the negligence, breach of contract, or other wrongful conduct of JH Kelly, or other persons or entities not within the control of AECOM, including but not limited to PG&E. In the event AECOM is held liable to JH Kelly, which liability is expressly denied, then JH Kelly's recovery should be reduced in accordance with the principles of equitable indemnity and comparative contribution to the extent that the negligence, breach of contract, or other wrongful conduct of JH Kelly or other persons or entities that contributed to such damages.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

19.     AECOM reserves the right to amend its answer to assert further defenses that are not presently known but may become known and available through further investigation and discovery.

## III.    PRAYER FOR RELIEF

WHEREFORE, AECOM prays for the following relief:

1.     For dismissal with prejudice of all claims and causes of action asserted by JH Kelly;

2.     For a judgment in favor of AECOM against JH Kelly;

3.     That JH Kelly take nothing by way of its Complaint on file herein;

4.     For an award of AECOM's costs and attorneys' fees as provided for by contract or allowed by law;

5.     For such other and further relief as the Court may deem just and proper.

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S
GENERAL DENIAL TO COMPLAINT AND AFFIRMATIVE
DEFENSES AGAINST PLAINTIFF JH KELLY, LLC – 5
AEC002-0006 5837526

Case: 19-30088     Doc# 5651-2     Filed: 02/05/20     Entered: 02/05/20 19:30:45     Page 6
of 97

DATED this 28th day of June, 2019.

CARNEY BADLEY SPELLMAN, P.S.

By _____
C. Scott Penner (SBN 124826)
Attorneys for Defendant AECOM Technical
Services, Inc.

AND

Robert M. Harding (SBN 101751)
Randall C. Nelson (SBN 138298)
Attorneys for Defendant AECOM Technical
Services, Inc.

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S
GENERAL DENIAL TO COMPLAINT AND AFFIRMATIVE
DEFENSES AGAINST PLAINTIFF JH KELLY, LLC – 6
AEC002-0006 5837526

Case: 19-30088    Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 7
of 97

**CERTIFICATE OF SERVICE**

The undersigned certifies under penalty of perjury under the laws of the State of California that I am an employee at Carr, Kennedy, Peterson & Frost, over the age of 18 years, not a party to nor interested in the above-entitled action, and competent to be a witness herein. On the date stated below, I caused to be served a true and correct copy of the foregoing document on the below-listed attorney(s) of record by the method(s) noted:

☒ Email and first-class United States mail, postage prepaid, to the following:

> **Mario R. Nicholas**
> **Stoel Rives LLP**
> **760 SW Ninth Avenue, Suite 3000**
> **Portland, OR 97205**
> **Attorney for Plaintiff JH Kelly, LLC**
> Tel: (503) 224-3380
> Fax: (503) 220-2480

☐ Legal messenger service, for delivery on _____, to the following:

☐ Overnight mail service, for delivery on _____, to the following:

☐ Via court e-filing website, which sends notification of such filing to the following:

☐ Other _____.

DATED this 28ᵗʰ day of June, 2019.

_____
Randi Diem, Legal Assistant

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S
GENERAL DENIAL TO COMPLAINT AND AFFIRMATIVE
DEFENSES AGAINST PLAINTIFF JH KELLY, LLC – 7
AEC002-0006 5837526

# EXHIBIT 9

1   ERIC A. GRASBERGER (*Pro Hac Vice* Pending)
    Eric.grasberger@stoel.com
2   MARIO R. NICHOLAS (SB #141663)
    Mario.nicholas@stoel.com
3   STOEL RIVES LLP
    760 SW Ninth Avenue, Suite 3000
4   Portland, OR 97205
    Telephone: 503.224.3380
5   Facsimile: 503.220.2480

6   Attorneys for Plaintiff
    JH Kelly, LLC
7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF SHASTA

10  JH KELLY, LLC, a Washington limited           CASE NO. 192600
    liability company,
11                                                **MEMORANDUM OF POINTS AND**
                      Plaintiff,                   **AUTHORITIES IN SUPPORT OF**
12                                                 **MOTION FOR SUMMARY**
              v.                                   **ADJUDICATION**
13
    AECOM TECHNICAL SERVICES, INC., a             Hearing:
14  purported California corporation; and DOES 1
    through 10, inclusive,                        Date:     September 30, 2019
15                                                Time:     8:30 am
                      Defendants.                 Dept:     8
16                                                Judge:    Tamara L. Wood
17
18                                                Complaint Filed: January 29, 2019
                                                  Trial Date: TBD
19
20
21
22
23
24
25
26
27
28

-1-

STOEL RIVES LLP
ATTORNEYS AT LAW   ─────────────────────────────────────────────────────────────
PORTLAND           MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY
                             ADJUDICATION – CASE NO. 192600

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................3

I.   INTRODUCTION ........................................................................................5

II.  FACTUAL BACKGROUND ........................................................................6

    A.   The Project ........................................................................................6

    B.   The Subcontract ................................................................................7

III. PROCEDURAL HISTORY ...........................................................................9

IV.  LEGAL STANDARD ...................................................................................12

V.   LEGAL ARGUMENT ..................................................................................13

    A.   The Undisputed Facts Entitle JH Kelly to Summary Adjudication on AECOM's Second Affirmative Defense That PG&E Is a Necessary and Indispensable Party .............................................................................13

        1.   PG&E is not a necessary party under CCP section 389(a)(1) because complete relief can be accorded to the parties in its absence .......14

        2.   PG&E is also not a necessary party under CCP section 389(a)(2)(i) because disposition of the action in its absence will not as a practical matter impair or impede its ability to protect its interest in the Burney Property ...........................................................................16

        3.   PG&E is also not a necessary party under CCP section 389(a)(2)(ii) because disposition of the action in its absence will not leave JH Kelly or AECOM at substantial risk of incurring double, multiple or otherwise inconsistent obligations ...............................................17

        4.   Even if PG&E is a necessary party, it is not an indispensable party under CCP section 389(b) .......................................................18

    B.   The Undisputed Facts Entitle JH Kelly to Summary Adjudication on AECOM's Contractual Duty to Pay JH Kelly Within a Reasonable Time, and Notwithstanding Sections 5.4.1 and 7.2.4 of the Subcontract ........................20

VI.  CONCLUSION..............................................................................................22

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION -- 192600

102234343410034592-00012

## TABLE OF AUTHORITIES

Page

**Cases**

Bank of Cal. Nat'l Ass'n v. Superior Court in and for City & Cty. of San Francisco
(1940) 16 Cal.2d 516 ......................................................................................................18, 19

Capitol Steel Fabricators, Inc. v. Mega Constr. Co.
(1997) 58 Cal.App.4th 1049 ....................................................................................15, 16, 21

Countrywide Home Loans, Inc. v. Superior Court
(1999) 69 Cal.App.4th 785 ...................................................................................... passim

Cty. of San Joaquin v. State Water Res. Control Bd.
(1997) 54 Cal.App.4th 1144 (1997).................................................................................14

Deltakeeper v. Oakdale Irrigation Dist.
(2001) 94 Cal.App.4th 1092 .......................................................................................14, 18

Lafayette Steel Erectors, Inc. v. Roy Anderson Corp.
(S.D. Miss. 1997) 71 F.Supp.2d 582.................................................................................20

Linden Partners v. Wilshire Linden Assocs.
(1998) 62 Cal.App.4th 508 .................................................................................................12

People ex rel. Lungren v. Cmty. Redevelopment Agency
(1997) 56 Cal.App.4th 868 .................................................................................................19

Peacock Constr. Co. v. Modern Air Conditioning, Inc.
(Fla. 1977) 353 So.2d 840...................................................................................................20

Power & Pollution Servs., Inc. v. Suburban Power Piping Corp.
(Ohio Ct. App. 1991) 598 N.E.2d 69 ...............................................................................20

Powerhouse Wholesale Elec. Supply., Inc. v. Spartan Bldg. Corp.,
525 So.2d 1216 (La. Ct. App. 1988).................................................................................20

S. States Masonry, Inc. v. J.A. Jones Constr. Co.
(La. 1987) 507 So.2d 198...................................................................................................20

Thos. J. Dyer Co. v. Bishop Int'l Eng'g Co.
(6th Cir. 1962), 303 F.2d 655 .........................................................................................6, 19

Transamerica Ins. Co. v. Superior Court
(1994) 29 Cal.App.4th 1705 ...............................................................................................12

Union Carbide Corp. v. Superior Court
(1984) 36 Cal.3d 15 ............................................................................................................17

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

-3-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY
ADJUDICATION – CASE NO. 192600

Case: 19-30088    Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 12
of 97

*Van Zant v. Apple Inc.*
(2014) 229 Cal.App.4th 965 ..........................................................................................18

*Vita Planning & Landscape Architecture, Inc. v. HKS Architects, Inc.*
(2015) 240 Cal.App.4th 763 ..........................................................................................15

*Wm. R. Clarke Corp. v. Safeco Insurance Co.*
(1997) 15 Cal.4th 882 ............................................................................15, 16, 20, 21

*Yamanishi v. Bleily & Collishaw, Inc.*
(1972) 29 Cal.App.3d 457 ............................................................................................16

**Statutes**

CCP § 389 ..........................................................................................................5, 12, 13, 20

CCP § 389(a) ..........................................................................................................................13

CCP § 389(a)(1) ..............................................................................................................14, 16

CCP § 389(a)(2) .............................................................................................................. passim

CCP § 389(a)(2)(i) .........................................................................................................16, 17

CCP § 389(a)(2)(ii) ..............................................................................................................18

CCP § 389(b) .............................................................................................................13, 14, 18

CCP § 437c(f)(1) .............................................................................................................12, 22

**Rules**

Fed. R. Civ. P. 19 ..........................................................................................................10, 18

**Other Authorities**

Restatement (Second) of Contracts § 227(1), Westlaw ......................................................6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY
ADJUDICATION -- 192600

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

1
2
3          This is a construction dispute between JH Kelly, LLC ("JH Kelly"), a subcontractor, and
4    AECOM Technical Services, Inc. ("AECOM"), a prime contractor and design-builder, regarding
5    a construction project for Pacific Gas and Electric Company ("PG&E") at PG&E's natural gas
6    distribution compressor station near Burney, California (the "Project" or "Burney Property").  As
7    set forth in the Complaint filed in this matter ("Complaint"), JH Kelly has spent out-of-pocket
8    and is owed in excess of $26 million as a result of delays, changes to its scope of work, and other
9    issues with the Project.  JH Kelly alleges that AECOM is 100% responsible for payment of JH
10   Kelly's damages.  AECOM agrees that the Project "experienced substantial cost overruns and
11   delays," but argues that PG&E is responsible for many of the delays and related issues.
12         This motion is directed at two issues.  First, JH Kelly seeks summary adjudication that
13   PG&E is not a necessary and indispensable party, as alleged in AECOM's second affirmative
14   defense in its General Denial to Complaint and Affirmative Defenses ("General Denial").  That
15   affirmative defense has no merit under any of the factors in California Code of Civil Procedure
16   ("CCP") section 389.  JH Kelly believes the defense is merely another delay tactic by AECOM—
17   similar to AECOM's wrongful and unsuccessful removal of this matter to the Bankruptcy Court.
18   The only basis on which PG&E *might* be a necessary and indispensable party is if payment by
19   PG&E to AECOM were a condition precedent to payment by AECOM to JH Kelly.  But
20   California courts have held that such provisions are either void and unenforceable as against
21   public policy (when interpreting "pay *if* paid" provisions), or at most only permit payment to be
22   delayed for a "reasonable time" (when interpreting "pay *when* paid" provisions).  While AECOM
23   included a "pay if paid" provision in section 5.4.1 of the Subcontract (defined below) and a "pay
24   when paid" provision in section 7.2.4 of the Subcontract, the "pay if paid" provision is void and
25   unenforceable and the "pay when paid" provision at most allows AECOM to delay payment for a
26   reasonable time.
27         A contrary interpretation of the "pay if paid" and "pay when paid" provisions would shift
28   the risk of PG&E's insolvency from AECOM, which has a direct contract with PG&E, to JH

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

-5-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION — CASE NO. 22CV00720
102254344.4 0034592-00012

Kelly, a subcontractor. As held in the leading case on the enforceability of such clauses:

> [W]e see no reason why the usual credit risk of the owner's insolvency assumed by the general contractor should be transferred from the general contractor to the subcontractor. . . . To construe [the subcontract] as requiring the subcontractor to wait to be paid for an indefinite period of time until the general contractor has been paid by the owner, ***which may never occur***, is to give to [the subcontract] an unreasonable construction which the parties did not intend at the time the subcontract was entered into.

(*Thos. J. Dyer Co. v. Bishop Int'l Eng'g Co.* (6th Cir. 1962), 303 F.2d 655, 661, emphasis added [hereinafter "*Dyer*"].) *Dyer* is consistent with the general principle that disfavors construing a contract provision to effect a forfeiture, particularly when the party at risk of the forfeiture, such as a subcontractor, has not assumed the risk. (See Restatement (Second) of Contracts § 227(1), Westlaw [database updated June 2019].) The following example illustrates this general principle:

> A, a general contractor, contracts with B, a sub-contractor, for the plumbing work on a construction project. B is to receive $100,000, "no part of which shall be due until five days after Owner shall have paid Contractor therefor." B does the plumbing work, but the owner becomes insolvent and fails to pay A.
>
> ***A is under a duty to pay B after a <u>reasonable time</u>***.

(*Id.*, illus. 1, emphasis added.) As payment by PG&E to AECOM is not a condition precedent to payment by AECOM to JH Kelly, there is no merit to AECOM's affirmative defense that PG&E is a necessary and indispensable party.

Second, JH Kelly seeks summary adjudication that AECOM owes a contractual duty to pay JH Kelly within a reasonable time notwithstanding section 5.4.1 of the Subcontract, which includes the "pay if paid" provision, and section 7.2.4 of the Subcontract, which includes the "pay when paid" provision. AECOM cannot rely on the "pay if paid" or "pay when paid" provisions to further delay payment to JH Kelly, especially where payment by PG&E may never be made, or at a minimum will take years to be made, as a result of PG&E's bankruptcy.

## II.    FACTUAL BACKGROUND

### A.    The Project

The Project involved the construction of a replacement compressor station at a remote mountain location along PG&E's natural gas distribution pipelines. (See Request for Judicial

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

-6-

1  Notice ("RJN"), Ex. J (*AECOM's Answer to Complaint, Affirmative Defenses and Counterclaim*

2  *Against JH Kelly* ("Bankr. Ct. Answer")) ¶¶ 1, 2.)  AECOM performed work on the Project

3  pursuant to an Engineering, Procurement and Construction of Natural Gas & Electric

4  Transmission Facilities Agreement with PG&E (the "EPC Agreement") in the amount of

5  $40,510,262.  (See *id.*, Ex. J (Bankr. Ct. Answer) ¶ 2; *id.*, Ex. B (Complaint) ¶ 15.)

6       It is undisputed that the Project "experienced substantial cost overruns and delays."  (*Id.*,

7  Ex. J (Bankr. Ct. Answer) ¶ 3.)  It is also undisputed that "[t]he Project was not completed until

8  **more than a year later than expected** . . . ."  (*Id.*, Ex. K (*AECOM's Third Party Complaint*

9  *Against PG&E* ("Third Party Complaint") ¶ 12, emphasis in original.)

10      As a result of the delays and other issues with the Project, JH Kelly incurred substantial

11  damages for which it has not been compensated, including a 238% increase in Project costs and

12  35,039 overtime hours (when none were planned), and JH Kelly is out-of-pocket in excess of $26

13  million.  (See *id.*, Ex. B (Complaint) ¶¶ 5(c), 5(d), 43.)  JH Kelly further alleges as follows:

14    • JH Kelly has been paid only 34% of its total costs incurred on the Project;

15    • JH Kelly has been paid only 62% of the base contract and approved change order

16      amounts; and

17    • JH Kelly has submitted 143 pending change order requests totaling $9,562,782 that

18      have yet to be processed, the oldest of which was submitted more than two years ago

19      in April 2017.

20   (See *id.*, Ex. B (Complaint) ¶¶ 5(i), 5(j), 5(k).)

21      Despite being owed over $26 million on the Project, (i) JH Kelly paid all of its

22  subcontractors, employees, and vendors, (ii) no JH Kelly subcontractors or vendors filed liens

23  against the Project, (iii) no employees filed payment claims regarding the Project, (iv) JH Kelly

24  finished the job with zero recordable injuries, and (v) JH Kelly diligently and successfully

25  executed the work until completion in June 2018, which is consistent with JH Kelly's history of

26  never abandoning a project.  (See *id.*, Ex. B (Complaint) ¶ 5(l).)

27    **B.    The Subcontract**

28      AECOM  hired JH Kelly as a subcontractor on the Project pursuant to an "Agreement

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND
-7-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY
ADJUDICATION
102254344.4 0034592-00012

Case: 19-30088   Doc# 5651-2   Filed: 02/05/20   Entered: 02/05/20 19:30:45   Page 16
of 97

1  Between Design-Builder and Subcontractor (Where Subcontractor Does Not Provide Design
2  Services), Subcontract No. 60482831-SC-001," dated October 21, 2016 (the "Subcontract").  A
3  copy of the Subcontract—excluding most of the exhibits to it, as the entire Subcontract, including
4  all exhibits, is 2,259 pages long—is attached as Exhibit A to the Complaint and Exhibit A to the
5  Declaration of Craig Yabui (the "Yabui Decl.") filed in support of this Motion.  The Subcontract
6  is solely between JH Kelly and AECOM; PG&E is not a party to it.  (See Yabui Decl., Ex. A
7  (Subcontract) at 36.)

8          The Subcontract defines the mutual obligations of the parties, and provides that AECOM
9  and JH Kelly shall (i) "at all times to cooperate fully with each other," (ii) "proceed on the basis
10  of trust and good faith," (iii) "permit each party to realize the benefits afforded under the Contract
11  Documents," and (iv) "perform their respective responsibilities, obligations and services in a
12  timely manner."  (*Id.*, Ex. A (Subcontract) § 1.5.1.)

13          Regarding "Delays to the Work," the Subcontract distinguishes between PG&E-caused
14  delays and AECOM-caused delays.  Regarding PG&E-caused delays, the Subcontract provides as
15  follows:

16          **Owner-Caused Delays.** If Subcontractor is delayed in the performance of the
            Work due to the acts or omissions of the Owner, or for which Owner is
17          responsible, and Subcontractor demonstrates such delay through a critical path
            analysis or other such proof that Design-Builder and/or Owner may reasonably
18          require, then Subcontractor's time for performance shall be reasonably extended
            by Change Order, provided that a corresponding adjustment to Design-Builder's
19          time for performance is made by the Owner under the EPC Agreement. In
            addition, Subcontractor will also be entitled to an appropriate adjustment of the
20          Contract Price under this Section 5.4.1, provided a corresponding adjustment to
            Design-Builder's compensation is made by the Owner under the EPC Agreement.
21          Notwithstanding any other provision to the contrary, any disputes between
            Design-Builder and Subcontractor involving delay and resulting damages that
22          arise out of, or relate to, the acts or omissions by Owner or for which Owner is
23          responsible shall be resolved pursuant to Section 13.3 hereof. ***Subcontractor's
            recovery shall be limited to the amount, if any, which Design-Builder, on behalf
24          of Subcontractor, actually receives from Owner on account of such claim.
            Payment by Owner shall be by an <u>express condition precedent</u> to Design-
25          Builder's duty of payment to Subcontractor.***
26
27  (*Id.*, Ex. A (Subcontract) § 5.4.1, emphasis added.)

28

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

-8-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION No. 2602

Case: 19-30088    Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 17 of 97

102254344.4 0034592-00012

Regarding "Progress Payments" by AECOM to JH Kelly, the Subcontract provides in relevant part as follows:

> Design-Builder shall make payment on Subcontractor's properly submitted and accurate Application for Payment ***within seven (7) days after Design-Builder's receipt of payment from Owner*** on account of Subcontractor's monthly Application for Payment, but in each case less the total of payments previously made, and less amounts properly withheld under this Agreement. Payment terms not to exceed 30 days from approved invoice date. Balances outstanding after 45 days shall accrue interest at a rate of 1.5% per month.

(*Id.*, Ex. A (Subcontract) § 7.2.4, emphasis added.)

As set forth in more detail below, the emphasized portion of section 5.4.1 above is a "pay if paid" provision that is unenforceable as against public policy under California law. (See Section V.A.1, *infra*.) The emphasized portion of section 7.2.4 is a "pay <u>when</u> paid" provision that, at most, entitles AECOM to delay payment to JH Kelly for a reasonable time; regardless of when (or if) AECOM is ultimately paid by PG&E. (See Section V.A.1, *infra*.)

## III. **PROCEDURAL HISTORY**

On November 1, 2018, in order to preserve its rights to payment, JH Kelly filed and recorded a $15,881,776.21 Claim of Mechanics Lien in the official records of Shasta County (the "Mechanics Lien"). (See RJN, Ex. D at Ex. B thereto.) On January 25, 2019, several days prior to filing this lawsuit against AECOM, JH Kelly filed a complaint against PG&E in Shasta County Superior Court with a single claim for foreclosure of the Mechanics Lien (the "Foreclosure Action"). (See *id.*, Ex. D.)

On January 29, 2019, JH Kelly filed this lawsuit against AECOM (the "Litigation"). (See *id.*, Ex. B (Complaint).) The Complaint asserts claims against AECOM for damages exceeding $26 million for (i) breach of contract, (ii) breach of contract/total cost or modified total cost, (iii) breach of implied warranty (adequacy of plans and specifications), (iv) breach of the implied covenant of good faith and fair dealing, (v) *quantum meruit*/abandonment, (vi) violation of prompt payment laws, and (vii) *quantum meruit*/reasonable value. (See *id.*, Ex. B (Complaint) ¶¶ 45-77.)

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION

102254344.4 0034592-00012

1    The same day, January 29, 2019, PG&E filed a Voluntary Petition for Non-Individuals

2    Filing for Bankruptcy in the U.S. Bankruptcy Court for the Northern District of California (the

3    "Northern Bankruptcy Court"). (See RJN, Ex. G at 2-16.) As a result, JH Kelly's Foreclosure

4    Action was automatically stayed. (See *id.*, Ex. G at 1; see also *id.*, Ex. H (Shasta County Superior

5    Court Order vacating the trial date in the Foreclosure Action).)

6        On January 31, 2019, JH Kelly filed a Notice of Related Case in both the Foreclosure

7    Action and the Litigation. (See RJN, Exs. E and F.) The Notices of Related Case both provide

8    that "[t]his case and the case referenced above could require duplication of judicial resources

9    because the claims in both cases arise from the same construction project." (See *id.*)

10       On March 1, 2019, AECOM removed the Litigation to the U.S. Bankruptcy Court for the

11   Eastern District of California (the "Eastern Bankruptcy Court"). (See *id.*, Ex. I.) The Eastern

12   Bankruptcy Court later transferred venue of the Litigation to the Northern Bankruptcy Court.

13       On March 18, 2019, AECOM filed its Answer, Affirmative Defenses and Counterclaims

14   in the Northern Bankruptcy Court. (See *id.*, Ex. J (Bankr. Ct. Answer).) In its Answer, AECOM

15   alleged as an affirmative defense that PG&E is an indispensable party under Rule 19 of the

16   Federal Rules of Civil Procedure. (See *id.*, Ex. J (Bankr. Ct. Answer) ¶¶ 81-89.) On March 22,

17   2019, AECOM filed its Third Party Complaint against PG&E in the Northern Bankruptcy Court.

18   (See *id.*, Ex. K.)

19       On April 16, 2019, JH Kelly filed a Motion to Remand the Litigation back to this Court

20   (the "Motion to Remand"). (See RJN, Ex. L (Motion to Remand).) JH Kelly argued that the

21   Northern Bankruptcy Court should exercise its discretion to remand the Litigation to this Court

22   because, *inter alia*, (i) remand would promote efficient administration of the bankruptcy

23   proceeding and the two matters could proceed on parallel tracks; (ii) the Litigation is only

24   "remotely related" to the bankruptcy proceeding; (iii) AECOM's removal of the Litigation was a

25   delay tactic tantamount to forum shopping; (iv) the Litigation was solely a dispute between non-

26   debtors, JH Kelly and AECOM; and (v) removal of the Litigation was prejudicial to JH Kelly.

27   (See *id.*, Ex. L (Motion to Remand) at 21, 25, 27-29.)

28

102254344.4 0034592-00012

On May 9, PG&E filed its Response and Partial Objection to the Motion to Remand. (See *id.*, Ex. M.) While PG&E could have taken the position that the Litigation should be remanded to this Court with PG&E as a party, PG&E instead "expresse[d] no view as to whether the contract dispute between JH Kelly and AECOM should be remanded," and took the position that "[t]he AECOM Third-Party Action should not be remanded to Shasta County Superior Court." (See *id.*, Ex. M at 2-3.) PG&E argued that AECOM's Third Party Complaint was "improperly filed as an adversary proceeding rather than as a proof of claim," that it "was never before the state court," and that it would be "inequitable" and "countenance an end-run around the automatic stay" to allow the Third Party Complaint to be remanded to this Court. (See *id.*, Ex. M at 2.)

AECOM disputed JH Kelly's Motion to Remand the Litigation to this Court. (See *id.*, Ex. N.)

On May 20, 2019, the day before the hearing scheduled on the Motion to Remand, Judge Dennis Montali issued the following tentative ruling in favor of granting the Motion to Remand:

> The court has considered the motion to remand and subsequent reply of plaintiff JH Kelly LLC as well as the oppositions filed by AECOM Technical Services, Inc. and Pacific Gas and Electric Company.[] **The court has tentatively determined to sever and retain the third-party claim against PG&E, and the remand the balance of the litigation to state court**. If any party objects to this tentative ruling, it should notify the courtroom deputy (lorena_parada@canb.uscourts.gov) no later than 1:00 p.m. on May 21, 2019, and copy other counsel on the e-mail. If no party timely objects to the tentative ruling, the hearing will be taken off calendar and counsel for JH Kelly should upload an order consistent with this tentative ruling (and serve other counsel in accordance with B.L.R. 9021-1(c)). (RE: related document(s)[30] Motion Miscellaneous Relief filed by Counter-Defendant JH Kelly, LLC, Plaintiff JH Kelly, LLC). (Montali, Dennis)

(See *id.*, Ex. O (Northern District Bankuptcy Court Docket Text Order) ("Tentative Ruling"), emphasis added.)

No party timely objected to the Tentative Ruling. On June 10, 2019, the Northern Bankruptcy Court entered an Order (i) remanding the Litigation to this Court, and (ii) severing and retaining the Third Party Complaint filed by AECOM against PG&E. (See *id.*, Ex. P.)

On June 28, 2019, AECOM filed its General Denial. (See *id.*, Ex. C (General Denial).) In its General Denial, AECOM alleged as an affirmative defense that PG&E is an indispensable party, as follows:

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

-11-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION

Case: 19-30088    Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 20 of 97

102254344.4 0034592-00012

<center>**SECOND AFFIRMATIVE DEFENSE**</center>

<center>**(Indispensable Party - CCP Section 389)**</center>

JH Kelly's Complaint, and each cause of action alleged therein, are barred on the grounds that JH Kelly has failed to join Pacific Gas & Electric Company ("PG&E"), a necessary and indispensable party to this action, and the Complaint is thereby defective.

(*Id.*, Ex. C (Answer) ¶ 2.)

AECOM also filed a Cross-Complaint against JH Kelly on June 28, 2019.

## IV.    LEGAL STANDARD

"A party may move for summary adjudication as to one or more causes of action within an action, one or more affirmative defenses, one or more claims for damages, or one or more issues of duty, if the party contends that the cause of action has no merit, that there is no affirmative defense to the cause of action, that there is no merit to an affirmative defense as to any cause of action, that there is no merit to a claim for damages, as specified in Section 3294 of the Civil Code, or that one or more defendants either owed or did not owe a duty to the plaintiff or plaintiffs." (CCP, § 437c(f)(1).)  To warrant an order of summary adjudication, the motion must completely dispose "of a cause of action, an affirmative defense, a claim for damages, or an issue of duty." (*Id.*)

Issues of duty are questions of law amenable to determination by way of summary adjudication. (*Ibid.*; *Transamerica Ins. Co. v. Superior Court* (1994) 29 Cal.App.4th 1705, 1713 ["The language of the statute is clear and unequivocal, a plaintiff may seek a determination of whether a defendant or defendants owed a duty to the plaintiff."].)  Contractual duties are among the issues of duty that may be resolved by way of summary adjudication. (*Linden Partners v. Wilshire Linden Assocs.* (1998) 62 Cal.App.4th 508, 519 ["[I]f, under the facts and circumstances of a given case, a court finds it appropriate to determine the existence or nonexistence of a duty in the nature of a contractual obligation, it may properly do so by a ruling on that issue presented by a motion for summary adjudication."].)

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

-12-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION

Case: 19-30088    Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 21 of 97

102254344.4 0034592-00012

# V. LEGAL ARGUMENT

AECOM cannot prevail on its second affirmative defense that PG&E is an indispensable party for the reasons set forth below, and therefore summary adjudication as to that affirmative defense is appropriate. In addition, the undisputed facts entitle JH Kelly to summary adjudication on AECOM's contractual duty to pay JH Kelly within a reasonable time notwithstanding sections 5.4.1 and 7.2.4 of the Subcontract, and regardless of whether AECOM is paid by PG&E. AECOM cannot rely on the unenforceable "pay if paid" provision in section 5.4.1 or the "pay when paid" provision in section 7.2.4 to circumvent its duty to pay JH Kelly in a timely manner.

### A. The Undisputed Facts Entitle JH Kelly to Summary Adjudication on AECOM's Second Affirmative Defense That PG&E Is a Necessary and Indispensable Party

CCP section 389 outlines the process for determining whether a party is indispensable. First, the court determines whether an absent party is necessary:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party.

(CCP § 389(a).)

Second, if the party is necessary, and if the party cannot be made a party to the action, the court must determine whether:

> in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice, the absent person being thus regarded as indispensable.

(CCP, § 389(b).)

To determine whether the action shall proceed or be dismissed, the factors considered by courts "include" the following:

> (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective

Case: 19-30088    Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 22
of 97

1    provisions in the judgment, by the shaping of relief, or other measures, the
     prejudice can be lessened or avoided; (3) whether a judgment rendered in the
2    person's absence will be adequate; [and] (4) whether the plaintiff . . . will have an
3    adequate remedy if the action is dismissed for nonjoinder.

4    (*Id.*)

5           The four factors are weighed on "practical considerations in the context of a particular

6    litigation," and the judge has "substantial discretion" in considering how to weigh each factor in

7    comparison of one another when deciding whether the action should go forward.  (*Cty. of San*

8    *Joaquin v. State Water Res. Control Bd.* (1997) 54 Cal.App.4th 1144, 1152 (1997), citation

9    omitted.)

10                  **1.     PG&E is not a necessary party under CCP section 389(a)(1) because**
                          **complete relief can be accorded to the parties in its absence**
11

12          Clause (1) of CCP section 389(a) "'stresses the desirability of joining those persons in

13   whose absence the court would be obliged to grant partial or 'hollow' rather than complete relief

14   to the parties before the court.'"  *Deltakeeper v. Oakdale Irrigation Dist.* (2001) 94 Cal.App.4th

15   1092, 1100, quoting *Countrywide Home Loans, Inc. v. Superior Court* (1999) 69 Cal.App.4th

16   785, 792–793 [hereinafter "*Countrywide*"].)  Clause (1) requires joinder "only when the

17   absentee's nonjoinder precludes the court from rendering complete justice *among those already*

18   *joined*." (*Countrywide*, *supra*, 69 Cal.App.4th at 794, internal quotation marks and citation

19   omitted.)  Properly interpreted, the "complete relief" clause "is not invoked simply because some

20   absentee may cause future litigation. . . .  Simply put, the term complete relief refers only to relief

21   as between the persons already parties, and not as between a party and the absent person whose

22   joinder is sought." (*Id*, internal quotation marks and citations omitted.)

23          PG&E need not be joined in this action because complete relief regarding JH Kelly's

24   claims and damages and AECOM's defenses and cross-claims can be accorded in PG&E's

25   absence.  The mere fact that AECOM desires to assert claims against PG&E for indemnity

26   against JH Kelly's claims is not a basis for finding that PG&E is an indispensable party.  There is

27   no risk of partial or hollow relief to the named parties as contemplated by CCP section 389(a)(1).

28

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND
                                          -14-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY
ADJUDICATION
102254344.4.0034592.00012

1     Further, "it is relatively rare for a court to invoke the 'complete relief' clause as

2   its *sole* basis for finding an absentee necessary. Instead, most cases seem to use the clause in

3   conjunction with at least one of the other bases of compulsory party joinder[, i.e., where

4   nonjoinder may harm the interests of an absentee or expose an existing party to multiple

5   liability]." (*Countrywide*, *supra*, 69 Cal.App.4th at 794, internal quotation marks and citation

6   omitted; emphasis and brackets in original.) As set forth below, no other bases exist for finding

7   PG&E a necessary party.

8     PG&E is also not a necessary party because JH Kelly is entitled to payment from AECOM

9   regardless of whether or when AECOM is paid by PG&E. JH Kelly anticipates that AECOM

10  may argue that complete relief cannot be accorded to the current parties because payment by

11  PG&E to AECOM is a condition precedent to payment by AECOM to JH Kelly under the "pay ***if***

12  paid" provision in section 5.4.1 and under the "pay ***when*** paid" provision in section 7.4.2. That

13  argument would fail for the following reasons.

14    First, AECOM cannot rely on the "pay if paid" language in section 5.4.1 because that

15  language is unenforceable under California law. In *Wm. R. Clarke Corp. v. Safeco Insurance*

16  *Co.* (1997) 15 Cal.4th 882 (hereinafter "*Clarke*"), the Supreme Court defined "pay if paid"

17  provisions as follows: "[a] pay if paid provision makes payment by the owner to the general

18  contractor a *condition precedent* to the general contractor's obligation to pay the subcontractor for

19  work the subcontractor has performed." (*Id.* at 885, footnote omitted; emphasis added.) Section

20  5.4.1 governs claims related to PG&E-caused delays to the work, and provides that "[p]ayments

21  by [PG&E] shall be an *express condition precedent* to [AECOM]'s duty of payment to [JH

22  Kelly]." (Subcontract § 5.4.1, emphasis added.) Section 5.4.1, on its face, makes payment by

23  PG&E to AECOM an "express condition precedent" to AECOM's obligation to pay JH Kelly.

24  Such provisions are unenforceable under California law and AECOM cannot rely on the "pay if

25  paid" language in section 5.4.1. (See *Clarke*, *supra*, 15 Cal.4th at 886 [holding that "pay if paid"

26  provisions are "contrary to the public policy of this state and therefore unenforceable"]; see also

27  *Vita Planning & Landscape Architecture, Inc. v. HKS Architects, Inc.* (2015) 240 Cal.App.4th

28  763, 770; *Capitol Steel Fabricators, Inc. v. Mega Constr. Co.* (1997) 58 Cal.App.4th 1049, 1058–

1059 [hereinafter "*Capitol Steel Fabricators*"]; *Yamanishi v. Bleily & Collishaw, Inc.* (1972) 29 Cal.App.3d 457 ["Conditions precedent are not favored by the law and are to be strictly construed against one relying thereon." (internal quotation marks and citation omitted)].)

Second, AECOM cannot rely on the "pay when paid" language in section 7.2.4 because that language at most entitles AECOM to delay payment to JH Kelly for a "reasonable time," but does not entitle AECOM to wait for payment from PG&E before paying JH Kelly. A "pay when paid" provision fixes "the usual time for payment" to the subcontractor, but demands that payment be made within a "reasonable time" regardless of whether the owner ultimately pays the general contractor. (See *Clarke*, *supra*, 15 Cal.4th at 885.) AECOM agrees that a "pay when paid" provision "'only permits payment to be delayed for a reasonable time.'" (See RJN, Ex. M at 16, quoting *Capitol Steel Fabricators*, *supra*, 58 Cal.App.4th at 1057.) As a result, regardless of when or if PG&E pays AECOM, complete relief can be afforded to JH Kelly and AECOM without PG&E's joinder in this matter.

Accordingly, PG&E is not a necessary party needed for joinder under CCP section 389(a)(1).

### 2. PG&E is also not a necessary party under CCP section 389(a)(2)(i) because disposition of the action in its absence will not as a practical matter impair or impede its ability to protect its interest in the Burney Property

Clause (2)(i) of CCP section 389(a) "recognizes the importance of protecting the person whose joinder is in question against the practical prejudice to him which may arise through a disposition of the action in his absence." (*Countrywide*, *supra*, 69 Cal.App.4th at 793, internal quotation marks and citation omitted.) Plainly PG&E does not claim that any of its interests would be impaired or impeded by its absence in this action, or it would not have opposed the Bankruptcy Court lifting the automatic stay to be joined in this action. (See RJN, Ex. M at 2 ["Although the Utility expresses no view as to whether the contract dispute between JH Kelly and AECOM should be remanded, the Utility does object to any remand that includes the third-party action AECOM commenced against the Utility."]; see also *id.* at 3 ["The Utility, however, does

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

-16-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION

Case: 19-30088    Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 25 of 97

102254344.4 0034592-00012

1  not consent to lifting the automatic stay to permit such a result . . . ."].)

2        PG&E's interest relating to the subject of this action, the Burney Property, is not at risk

3  because this action does not involve any claims directed against the Burney Property.  This action

4  includes no cause of action to determine the validity or amount of JH Kelly's lien claim, or any

5  other relief against PG&E, or to establish the priority of JH Kelly's lien claim vis-à-vis any other

6  lien.  This action will have no direct effect on JH Kelly's and AECOM's lien claims against the

7  Burney Property, and the only indirect effect it might have is to *reduce or eliminate* JH Kelly's

8  lien claim.  There is no support for AECOM's assertion that "disposition of this action without

9  PG&E may as a practical matter impair or impede PG&E's ability to protect its interest in the

10  Burney Property."  (Bankr. Ct. Answer ¶ 89.)  Certainly, PG&E has asserted no such position.

11        Accordingly, PG&E is not a necessary party needed for joinder under CCP section

12  389(a)(2)(i).

13        **3.**      **PG&E is also not a necessary party under CCP section 389(a)(2)(ii)**
            **because disposition of the action in its absence will not leave JH Kelly**

14              **or AECOM at substantial risk of incurring double, multiple or**
            **otherwise inconsistent obligations**

15

16        Clause 2(ii) of CCP section 389(a) "recognizes the need for considering whether a party

17  may be left, after the adjudication, in a position where a person not joined can subject him to a

18  double or otherwise inconsistent liability."  (*Countrywide*, *supra*, 69 Cal.App.4th at 793 (internal

19  quotation marks and citation omitted.)  A "'substantial risk' means more than a theoretical

20  possibility of the absent party's asserting a claim that would result in multiple liability."  (*Union*

21  *Carbide Corp. v. Superior Court* (1984) 36 Cal.3d 15, 21.)  "The risk must be substantial as a

22  practical matter."  (*Ibid.*)

23        There is no risk of double or inconsistent liability here.  If JH Kelly prevails on its claims

24  for breach of the Subcontract against AECOM, then AECOM will not face *liability* to PG&E.

25  Rather, AECOM will seek to shift its liability *to* PG&E, which AECOM argues is the party

26  responsible for the changes and resulting delays to the Project.  (See generally RJN, Ex. K (Third

27  Party Complaint).)  PG&E's potential liability to AECOM—and not vice versa—does not support

28

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

-17-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY
ADJUDICATION

102254344.4 0034592-00012

a finding that PG&E is a necessary party under Clause 2(ii) of CCP section 389(a). (See *Van Zant v. Apple Inc.* (2014) 229 Cal.App.4th 965, 979 ["It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." (internal quotation marks and citations omitted)]; *Countrywide*, *supra*, 69 Cal.App.4th at 797 ["'[P]otential contributors and indemnitors are not necessary [parties] . . . .'" (quoting federal treatise on Fed. R. Civ. P. 19)].)

Accordingly, PG&E is not a necessary party needed for joinder under CCP section 389(a)(2)(ii).

### 4. Even if PG&E is a necessary party, it is not an indispensable party under CCP section 389(b)

Even if PG&E were deemed a necessary party, in order to prevail on its affirmative defense that PG&E is indispensable, AECOM must demonstrate that in "equity and good conscience" the action should not proceed among the parties before the Court. In determining whether a party is indispensable, courts consider the following four factors:

> (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff . . . will have an adequate remedy if the action is dismissed for nonjoinder.

(CCP, § 389(b).)

The standard of review of a trial court's determination of whether a party is indispensable is abuse of discretion. (*Deltakeeper*, *supra*, 94 Cal.App.4th at 1106.) The Supreme Court has cautioned that courts must "be careful to avoid converting a discretionary power or a rule of fairness in procedure into an arbitrary and burdensome requirement which may thwart rather than accomplish justice." (*Bank of Cal. Nat'l Ass'n v. Superior Court in and for City & Cty. of San Francisco* (1940) 16 Cal.2d 516, 521.) As a result, even when a party is "so interested in the controversy that they should normally be made parties in order to enable the court to do complete justice, . . . if their interests are separable from the rest . . . they are not indispensable parties."

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION

102254344.4 0034592-00012

1 | (*Id*, internal quotation marks and citation omitted.)

2 |      Here, a weighing of these factors makes clear that PG&E is not an indispensable party.

3 | Factor <u>one</u>—the extent to which the judgment will be prejudicial to PG&E or AECOM—weighs

4 | against dismissal: PG&E's only interest in the action is the Burney Property and disposition of

5 | this action will only *improve* PG&E's ability to protect its interest in the Burney Property. (See

6 | Section V.A.2, *supra*.) A judgment rendered in PG&E's absence will also not prejudice AECOM

7 | because AECOM can seek relief from PG&E to the extent it hopes to shift liability to PG&E.

8 | This analysis mirrors the analysis above under Clause (2) of CCP section 389(a). (*People ex rel.*

9 | *Lungren v. Cmty. Redevelopment Agency* (1997) 56 Cal.App.4th 868, 880 ["This is essentially the

10 | same assessment that must be made under subdivision (a) in determining whether a party's

11 | absence would impair or impede that party's ability to protect his or her interests, and

12 | determining whether proceeding to judgment would subject existing parties to inconsistent

13 | obligations."].)

14 |      Factor <u>two</u>—the extent to which the prejudice to the parties can be lessened or avoided—

15 | assumes that there is prejudice to PG&E or AECOM under factor one. Accordingly, factor two

16 | weighs against dismissal.

17 |      Factor <u>three</u>—whether a judgment rendered in PG&E's absence will be adequate—weighs

18 | against dismissal because any judgment rendered will adequately adjudicate the rights of the

19 | parties before the Court. (See Section V.A.1, *supra*.)

20 |      Factor <u>four</u>—whether JH Kelly will have an adequate remedy if the action is dismissed for

21 | nonjoinder—weighs heavily against dismissal. If the action were dismissed, JH Kelly would be

22 | forced to wait years for payment when it did not assume the risk associated with PG&E's

23 | potential insolvency.[1] As stated above (see Section I, *supra*), there is "no reason why the usual

24 | credit risk of the owner's insolvency assumed by the general contractor should be transferred

25 | from the general contractor to the subcontractor." (*Dyer*, *supra*, 303 F.2d at 661.) *Dyer* is the

26 |

27 |      [1] The inequity to JH Kelly in this matter is particularly strong because JH Kelly has

28 | already been forced to wait nearly two years for payment of even undisputed contract amounts.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY

Case: 19-30088   Doc# 5651-2   Filed: 02/05/20   Entered: 02/05/20 19:30:45   Page 28 of 97

103254344.4 0034592-00012

seminal case on this issue, and its reasoning is directly in line with California's prohibition on a general contractor's ability to shift the risk of the owner's bankruptcy to a subcontractor through a "pay if paid" provision. (See *Clarke*, *supra*, 15 Cal.4th at 885.) Other courts that have addressed whether it is equitable to require a subcontractor to wait years to be paid following an owner's bankruptcy have also ruled in favor of the subcontractor.[2]

In sum, PG&E's joinder is not required under virtually any reading of the joinder statute. Continuing the action with the current parties accords with the wishes of PG&E, which chose not to consent to its joinder in this action. (See RJN, Ex. M at 2-3) PG&E will suffer no harm if this matter proceeds in its absence. While AECOM may *prefer* to have PG&E as a party to this case, that does not make PG&E a necessary let alone indispensable party. To the extent AECOM seeks to shift its liability to JH Kelly to PG&E, it may seek that relief in the Bankruptcy Court. But none of the factors set forth in CCP section 389 weigh in favor of a finding that PG&E is a necessary and indispensable party. JH Kelly respectfully requests that the Court grant JH Kelly's motion for summary adjudication as to AECOM's second affirmative defense that AECOM is an indispensable party because that affirmative defense lacks merit.

**B.     The Undisputed Facts Entitle JH Kelly to Summary Adjudication on AECOM's Contractual Duty to Pay JH Kelly Within a Reasonable Time, and Notwithstanding Sections 5.4.1 and 7.2.4 of the Subcontract**

As set forth in Section V.A.1, *supra*, section 5.4.1 of the Subcontract includes an unenforceable "pay if paid" provision and section 7.2.4 of the Subcontract includes a "pay when paid" provision. Notwithstanding these provisions, AECOM owes a duty to pay JH Kelly within

---

[2] (*See, e.g.*, *Lafayette Steel Erectors, Inc. v. Roy Anderson Corp.* (S.D. Miss. 1997) 71 F.Supp.2d 582, 589 ("pay when paid" provision in subcontract gave contractor reasonble time to pay but did not shift risk of owner's nonpayment to subcontractor); *S. States Masonry, Inc. v. J.A. Jones Constr. Co.* (La. 1987) 507 So.2d 198, 202 ("[T]he better reasoned view is that the provisions create terms for payment which at most retard the execution of the contractor's obligation for a reasonable time."); *Powerhouse Wholesale Elec. Supply., Inc. v. Spartan Bldg. Corp.*, 525 So.2d 1216, 1219 (La. Ct. App. 1988) ("pay when paid" provision at most delays payment for a reasonable period of time ); *Power & Pollution Servs., Inc. v. Suburban Power Piping Corp.* (Ohio Ct. App. 1991) 598 N.E.2d 69 (same); *Peacock Constr. Co. v. Modern Air Conditioning, Inc.* (Fla. 1977) 353 So.2d 840 (same).) By contrast, courts that permit a general contractor to shift the risk of the owner's insolvency to a subcontractor do so based solely on the enforceability of "pay if paid" provisions. Such "pay if paid" provisions are unenforceable under California law.

-20-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION... no. 2...

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

102254344.4 0034592-00012

1  a reasonable time, and regardless of whether or when PG&E pays AECOM under the EPC

2  Agreement.

3      The plain language of section 5.4.1 purports to make payment by PG&E to AECOM an

4  "express condition precedent" to AECOM's obligation to pay JH Kelly.  As set forth above (see

5  Section V.A.1, *supra*), such provisions are "contrary to the public policy of this state and

6  therefore unenforceable." (*Clarke*, *supra*, 15 Cal.4th at 886.)  JH Kelly respectfully requests that

7  the Court enter an order that the following language in section 5.4.1 is a void and unenforceable

8  "pay if paid" provision, and that AECOM owes a duty to pay JH Kelly under section 5.4.1

9  regardless of when or if PG&E pays AECOM under the EPC Agreement:

10      **Owner-Caused Delays**.... Subcontractor's recovery shall be limited to the
         amount, if any, which Design-Builder, on behalf of Subcontractor, actually
11       receives from Owner on account of such claim. Payment by Owner shall be by an
         express condition precedent to Design-Builder's duty of payment to
12       Subcontractor.

13

14  (Subcontract § 5.4.1.)

15      Section 7.2.4 also purports to condition payment by PG&E to AECOM as a condition

16  precedent to AECOM's obligation to pay JH Kelly, as follows:

17      Design-Builder shall make payment on Subcontractor's properly submitted and
         accurate Application for Payment ***within seven (7) days after Design-Builder's***
18       ***receipt of payment from Owner*** on account of Subcontractor's monthly
         Application for Payment, but in each case less the total of payments previously
19       made, and less amounts properly withheld under this Agreement. Payment terms
         not to exceed 30 days from approved invoice date. Balances outstanding after 45
20       days shall accrue interest at a rate of 1.5% per month.

21

22  (*Id.* § 7.2.4, emphasis added.)  Unlike section 5.4.1, section 7.2.4 does not expressly state that

23  payment by PG&E is an "express condition precedent" to AECOM's duty to pay to JH Kelly.

24  For this and other reasons, section 7.2.4 is a "pay *when* paid" provision and not a "pay *if* paid"

25  provision.  A "pay when paid" provision demands that payment to the subcontractor be made

26  within a "reasonable time" under the facts of the case.  (See *Clarke*, *supra*, 15 Cal.4th at 885; see

27  also *Capitol Steel Fabricators*, *supra*, 58 Cal.App.4th at 1057.)  JH Kelly respectfully requests

28

Case: 19-30088    Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 30
of 97

1  that the Court enter an order that AECOM owes a duty to pay JH Kelly within a "reasonable

2  time" under section 7.4.2, notwithstanding the emphasized language above in section 7.4.2.

3      While JH Kelly believes that a "reasonable time" for payment has long since passed, JH

4  Kelly is not seeking a determination on that issue, or on the dollar amount that is long overdue, at

5  this time.  JH Kelly reserves all rights in this regard.

6  **VI.    CONCLUSION**

7      For the reasons stated in this Memorandum of Points and Authorities, JH Kelly

8  respectfully requests that the Court grant JH Kelly's Motion for Summary Adjudications and

9  enter an order that (1) AECOM's second affirmative defense that PG&E is an indispensable party

10  has no merit under CCP section 437c(f)(1) and should be stricken, and (2) AECOM owes a

11  contractual duty to pay JH Kelly within a reasonable time, and notwithstanding sections 5.4.1 and

12  7.4.2 of the Subcontract, under CCP section 437c(f)(1).

13      DATED:  July 11, 2019

14                          STOEL RIVES LLP

15

16                          By: _____

17                              ERIC A. GRASBERGER
                               MARIO R. NICHOLAS
18                              Attorneys for Plaintiff JH KELLY, LLC

19

20

21

22

23

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

-22-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY
ADJUDICATIONS, etc.

Case: 19-30088    Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 31
of 97

102254344.4 0034592-00012

# DECLARATION OF SERVICE

I declare that I am over the age of eighteen years and not a party to this action. I am employed in the City of Portland and County of Multnomah and my business address is 760 SW Ninth Avenue, Suite 3000, Portland, Oregon 97205.

On July 11, 2019, at Portland, Oregon, I served the attached document(s):

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JH KELLY'S MOTION FOR SUMMARY ADJUDICATION**

on the following parties:

| | | |
|---|---|---|
| **C. Scott Penner, SBN 124826** | **Robert M. Harding, SBN 101751** | **Marsha Houston, SBN 129956** |
| **S. Jay Terry (PHV pending)** | **Randall C. Nelson, SBN 138298** | **Christopher Rivas, SBN 238765** |
| **Carney Badley Spellman, P.S.** | **Carr, Kennedy, Peterson & Frost** | **Reed Smith LLP** |
| **701 Fifth Avenue, Suite 3600** | **420 Redcliff Drive** | **355 South Grand Avenue, Ste 3900** |
| **Seattle, WA 98104-7010** | **Redding, CA 96002** | **Los Angeles, CA 90071-1514** |
| **Phone: (206) 622-8020** | **Phone: (530) 222-2100** | |

**Attorneys for Defendant/Cross-Complainant AECOM Technical Services, Inc.**

☐ **BY FIRST CLASS MAIL:** I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the U.S. Postal Service. In the ordinary course of business, correspondence would be deposited with the U.S. Postal Service on the day on which it is collected. On the date written above, following ordinary business practices, I placed for collection and mailing at the offices of Stoel Rives LLP, 760 SW Ninth Avenue, Suite 3000, Portland, Oregon 97205, a copy of the attached document in a sealed envelope, with postage fully prepaid, addressed as shown on the service list. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing contained in this declaration.

☐ **BY FACSIMILE:** On the date written above, I caused a copy of the attached document to be transmitted to a fax machine maintained by the person on whom it is served at the fax number shown on the service list. That transmission was reported as complete and without error and a transmission report was properly issued by the transmitting fax machine.

☐ **BY HAND DELIVERY:** On the date written above, I placed a copy of the attached document in a sealed envelope, with delivery fees paid or provided for, and arranged for it to be delivered by messenger that same day to the office of the addressee, as shown on the service list.

☐ **BY EMAIL:** On the date written above, I emailed a copy of the attached documents to the addressee, as shown on the service list.

☒ **BY OVERNIGHT MAIL:** I am readily familiar with my employer's practice for the collection and processing of correspondence for overnight delivery. In the ordinary course of business, correspondence would be deposited in a box or other facility regularly maintained by the express service carrier or delivered to it by the carrier's authorized courier on the day on which it is collected. On the date written above, following ordinary business practices, I placed for collection and overnight delivery at the offices of Stoel Rives LLP, 760 SW Ninth Avenue, Suite 3000, Portland, Oregon 97205, a copy of the attached document in a sealed envelope, with delivery fees prepaid or provided for, addressed as shown on the service list.

☐ **(Federal Courts Only)** I declare that I am employed in the office of a member of this court at whose direction this service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on July 11, 2019, at Portland, Oregon.

*Cherie Clark*

Cherie Clark

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

102254344.4 0034592-00012

Case: 19-30088    Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 32 of 97

# EXHIBIT 10

1   C. Scott Penner, SBN 124826
    S. Jay Terry (Pro Hac Vice)
2   Elliot C. Copenhaver (Pro Hac Vice *Pending*)
    Carney Badley Spellman, P.S.
3   701 Fifth Avenue, Suite 3600
    Seattle, WA 98104-7010
4   (206) 622-8020
5
    Robert M. Harding (SBN 101751)
6   Randall C. Nelson (SBN 138298)
    Carr, Kennedy, Peterson & Frost
7   420 Redcliff Drive
    Redding, CA 96002
8   Tel: 530-222-2100
9

10  **Attorneys for Defendant/Cross-Complainant**
    *AECOM Technical Services, Inc.*
11

12              SUPERIOR COURT FOR THE STATE OF CALIFORNIA
                          IN THE COUNTY OF SHASTA

13  JH KELLY, LLC, a Washington limited
    liability company,                        NO. 192600
14
                   Plaintiff,                 **MEMORANDUM OF POINTS AND**
15                                            **AUTHORITIES IN SUPPORT OF**
                   v.                         **OPPOSITION TO PLAINTIFF'S**
16  AECOM TECHNICAL SERVICES, INC., a         **MOTION FOR SUMMARY**
    purported California corporation, and DOES **ADJUDICATION**
17  1 through 10, inclusive,
18                 Defendant.                 Date: September 30, 2019
                                              Time: 8:30 a.m.
19                                            Dept: 8
20                                            FILED BY FAX
21                                            Complaint Filed: January 29, 2019
22                                            Trial Date: TBD
23
24
25
26

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF        **CARNEY BADLEY SPELLMAN, P.S.**
OPPOSITION TO PLAITNIFF'S MOTION FOR SUMMARY                      701 Fifth Avenue, Suite 3600
ADJUDICATION– 1                                                  Seattle, WA 98104-7010
                                                                        (206) 622-8020
Case 19-30088   Doc# 5651-2   Filed: 02/05/20   Entered: 02/05/20 19:30:45   Page 34
                                   of 97

1

## **TABLE OF CONTENTS**

2

3

TABLE OF CONTENTS .................................................................................................... 2

4

TABLE OF AUTHORITIES ............................................................................................. 3

I.      INTRODUCTION ................................................................................................... 5

5

II.     STATEMENT OF FACTS ...................................................................................... 5

6

        A.      Project and Subcontract ............................................................................... 5

7

        B.      Project Difficulties, Changes and Delays ................................................... 7

        C.      Procedural History ....................................................................................... 8

8

                1.      After PG&E announces its intention to file for bankruptcy, JH
9                        Kelly files two separate suits against PG&E and AECOM .................... 8

10              2.      AECOM seeks to resolve JH Kelly's claims in the Bankruptcy
                        Action. ................................................................................................... 9

11

        D.      JH Kelly removes its claims against AECOM back to State Court. ............... 10

12      E.      PG&E states its Intention to Emerge from the Bankruptcy Action by June
                2020 and Submits a Plan for Reorganization to the Bankruptcy Court. .......... 10

13

III.    LEGAL STANDARD ............................................................................................. 11

14

IV.     ARGUMENT ......................................................................................................... 12

15      A.      The Affirmative Defense of Failure to Join an Indispensable Party is Not
                Subject to Summary Adjudication as a Matter of Law. ................................. 12

16      B.      PG&E is a Necessary and Indispensable Party to this Action ........................... 13

17              1.      PG&E is a necessary party under the factors set forth in CCP
                        389(a) ..................................................................................................... 13

18
                2.      The § 389(b) factors support a finding that PG&E is an
19                       indispensable party. ............................................................................... 17

20      C.      JH Kelly's Interpretation of the Subcontract is Incompatible with
                California's Prompt Payment Statutes .............................................................. 21

21      D.      Reading in a "Reasonable Time" Requirement for Payment is at Odds
                with the Plain Language of the Subcontract and California Laws of
22              Interpretation. ................................................................................................... 22

23      V.      CONCLUSION ...................................................................................................... 24

24

25

26

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
OPPOSITION TO PLAITNIFF'S MOTION FOR SUMMARY
ADJUDICATION–2

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(006) 622-8020

Case 19-30088    Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 35
of 97

# TABLE OF AUTHORITIES

## Cases

*Aguilar v. Atl. Richfield Co.*,
   25 Cal. 4th 826, 24 P.3d 493 (2001).................................................... 11

*Am. Indian Model Sch. v. Oakland Unified Sch. Dist.*,
   227 Cal. App. 4th 258, 296, 173 Cal. Rptr. 3d 544 (2014) ............... 17

*Apple Inc. v. Superior Court*,
   56 Cal. 4th 128, 292 P.3d 883 (2013)................................................. 22

*Bank of the Orient v. Superior Court*,
   67 Cal. App. 3d 588, 136 Cal. Rptr. 741 (1977) ............................... 12

*Bay Guardian Co. v. New Times Media LLC*,
   187 Cal. App. 4th 438, 114 Cal. Rptr. 3d 392 (2010) ....................... 22

*Brisbane Lodging, L.P. v. Webcor Builders, Inc.*,
   216 Cal. App. 4th 1249, 157 Cal. Rptr. 3d 467 (2013) ..................... 23

*Brown v. Goldstein*,
   34 Cal. App. 5th 418, 246 Cal. Rptr. 3d 161 (2019) ......................... 23

*Citizens for Amending Proposition L v. City of Pomona*,
   28 Cal. App. 5th 1178, 239 Cal.Rptr.3d 750 (2018) .................. 17, 19

*Countrywide Home Loans, Inc. v. Superior Court*,
   69 Cal. App.4th 785, 82 Cal. Rptr.2d 63 (1999) ......................... 13, 15

*Cty. of Imperial v. Superior Court*,
   152 Cal. App. 4th 13, 61 Cal. Rptr. 3d 145 (2007) ........................... 12

*In re Marriage of Ramirez*,
   198 Cal. App. 4th 336, 132 Cal. Rptr. 3d 41 (2011) ......................... 12

*Lambert v. Superior Court*,
   228 Cal. App.3d 383, 279 Cal.Rptr. 32 (1991) .................................... 9

*Law Offices of Dixon R. Howell v. Valley*,
   129 Cal. App. 4th 1076, 29 Cal. Rptr. 3d 499 (2005) ....................... 11

*Richardson v. Dep't of Motor Vehicles*,
   25 Cal. App. 5th 102, 235 Cal. Rptr. 3d 434 (Ct. App. 2018)........... 11

*Sehulster Tunnels/Pre-Con v. Traylor Bros./Obayashi Corp.*,
   111 Cal. App. 4th 1328, 4 Cal. Rptr. 3d 655 (2003) .................. 16, 18

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
OPPOSITION TO PLAITNIFF'S MOTION FOR SUMMARY
ADJUDICATION-3
AEC002-0006 5905572

CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case 19-30088   Doc# 5651-2   Filed: 02/05/20   Entered: 02/05/20 19:30:45   Page 36
of 97

*Simonelli v. City of Carmel-by-the-Sea,*
  240 Cal.App.4th 480, 192 Cal.Rptr.3d 609(2015) ............................ 18

*State of California v. Cont'l Ins. Co.,*
  55 Cal. 4th 186, 281 P.3d 1000 (2012).............................................. 22

*Tesco Controls, Inc. v. Monterey Mech. Co.,*
  124 Cal. App. 4th 780, 21 Cal. Rptr. 3d 751 (2004) ................... 21, 22

*Wm. R. Clarke Corp v. Safeco Insurance Co.,*
  15 Cal. 4th 882, 938 P.2d 372 (1997)............................................... 22

### Federal Cases

*A.J. Kellos Constr. Co. v. Balboa Constr. Co.,*
  495 F.Supp. 408 (S.D.Ga.1980) ........................................................ 18

*Acton Co. Inc. of Mass v. Bachman Foods, Inc.,*
  668 F.2d 76 (1st. Cir. 1982) ....................................................... 16, 19

### Statutes

11 U.S.C. § 362 ............................................................................................ 9

28 U.S.C. § 1452(b)................................................................................... 10

Cal. Civ. Code § 8802 ......................................................................... 21, 22

Cal. Civ. Code § 8812 ......................................................................... 21, 22

Cal. Civ. Code § 8814 ............................................................................... 21

Cal. Civ. Proc. Code § 389(a-b) ......................................................... *passim*

Cal. Civ. Proc. Code § 437c(f)(1)........................................................ 11, 12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
OPPOSITION TO PLAITNIFF'S MOTION FOR SUMMARY
ADJUDICATION - 4
AEC002-0006 5905572

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case 19-30088    Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 37
of 97

# I.  INTRODUCTION

Through its motion for summary adjudication ("MSA"), Plaintiff JH Kelly, Inc. ("JH Kelly") asks the Court to grant summary adjudication (1) against Defendant AECOM Technical Services, Inc.'s ("AECOM") affirmative defense that Pacific Gas & Electric Company ("PG&E") is a necessary and indispensable party to this action, and (2) find, as a matter of law, that AECOM has a contractual duty to pay JH Kelly within a reasonable time regardless of whether or when PG&E pays AECOM.

The affirmative defense of failure to join a necessary and indispensable cannot be permanently foreclosed under California law. Consequently, the relief requested by JH Kelly is not appropriate for summary adjudication. Additionally, the relevant factors plainly dictate that PG&E is both necessary and indispensable to this action.

Similarly, JH Kelly's interpretation of the parties' subcontract ("Subcontract"), which reads in a duty for AECOM to pay all amounts claimed as due and owing by JH Kelly within a "reasonable time," regardless of whether PG&E pays AECOM, cannot be reconciled with the written terms of the Subcontract, California's prompt payment statutes, or California case law.

Further fatal to both requests for summary adjudication is JH Kelly's complete lack of consideration of the disputes resolution procedures set forth in Section 13 of the Subcontract. Per Section 13, any JH Kelly claims that relates to the acts or omissions of PG&E must be prosecuted as a pass-through claim against PG&E, with the cooperation of JH Kelly. Because the vast majority of JH Kelly's claims against AECOM are PG&E-related, PG&E is a necessary and indispensable party to this action. Similarly, because both AECOM and JH Kelly expressly agreed to be bound by the final determination of any claims passed through to PG&E, JH Kelly's interpretation of the Subcontract cannot be reconciled with the express terms agreed to by the parties and must be rejected.

# II.  STATEMENT OF FACTS

## A.  Project and Subcontract

As stated in its MSA and Complaint, JH Kelly's causes of action and alleged damages in this lawsuit all relate to construction work performed by JH Kelly for the replacement of a

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
OPPOSITION TO PLAITNIFF'S MOTION FOR SUMMARY
ADJUDICATION - 5
AEC002-0006 5905572

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case 19-30088    Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 38
of 97

natural gas compressor unit ("Project") at PG&E's Burney Compressor Station in Burney, California (the "Burney Property"). (*See JH Kelly Request for Judicial Notice* ("*JH Kelly RJN*"), Ex. B (*JH Kelly Complaint against AECOM ("Complaint")*, ¶ 5)); (*JH Kelly Memorandum of Points and Authorities ("JH Kelly MPA")* at p. 5)). It is also undisputed that AECOM performed work on the Project pursuant to an Engineering, Procurement and Construction of Natural Gas & Electric Transmission Facilities Agreement ("EPC Agreement") that AECOM entered into with PG&E. (*JH Kelly Statement of Undisputed Material Facts ("JH Kelly SUMF")*, No. 1). The parties similarly do not dispute that JH Kelly entered into a Subcontract with AECOM to complete the construction scope of work for the Project, and that JH Kelly agreed to be responsible for all construction aspects of the compressor station, construction planning and scheduling, and the supply of certain materials. (*Declaration of Craig Yabui (Yabui Decl.)*, Ex. A, (Subcontract), at § 1.2.1.15)).

In its MSA, JH Kelly essentially argues that AECOM uses Sections 5.4.1 and 7.2.4 of the Subcontract (which JH Kelly asserts are unenforceable "pay-if-paid" provisions[1]) to shield AECOM from having to pay JH Kelly amounts earned and past due simply because AECOM has not yet received a corresponding payment from PG&E. JH Kelly's sole reliance on Sections 5.4.1 and 7.2.4 misconstrues AECOM's position on the Project: namely, that the vast majority of JH Kelly's claims were caused by PG&E and that JH Kelly and AECOM must first exhaust their remedies against PG&E before JH Kelly turns its quivers on AECOM. That this is the process previously negotiated and agreed on by JH Kelly and AECOM is confirmed by Section 13.3 of the Subcontract:

### 13.3 Disputes Involving Owner.

**13.3.1** To the extent a claim, dispute or controversy arises out of, or relates to, problems caused by [PG&E] or for which [PG&E] is responsible ("[PG&E] Disputes"), such [PG&E] Disputes *shall be resolved pursuant to the dispute resolution clause set forth in the EPC Agreement. Both [AECOM] and [JH Kelly] agree to cooperate in the presentation and prosecution or defense of [PG&E] Disputes.* If, after a request for an extension of time or additional

---
[1] *I.e.,* clauses that purportedly condition payment by AECOM to JH Kelly on AECOM first receiving a corresponding payment from PG&E.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTNIFF'S MOTION FOR SUMMARY ADJUDICATION - 6
AEC002-0006 5905372

CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

compensation from [JH Kelly], [AECOM] believes that the event causing the delay or additional compensation is the responsibility of [PG&E], then [AECOM] will cooperate with and assist [JH Kelly] in presenting a request for an extension of time or additional compensation to [PG&E]. Notwithstanding the above, [AECOM] reserves the right not to submit a claim to [PG&E]. In such cases, the claim shall be resolved pursuant to Section 13.4.

(*Yabui Decl.*, Ex. A, (Subcontract, at §13.3.1)) (emphasis added).

Further, under Section 13.3.2 of the Subcontract, AECOM and JH Kelly each agreed "*to accept the relief as to a time extension or additional compensation obtained from [PG&E]*, if any, as well as all other aspects of the final decision following appeal or the expiration of the time for appeal, *as full and final resolution of any [PG&E Dispute]. Id.*, at § 13.3.2 (emphasis added).[2] JH Kelly has yet to exhaust these obligations and there has not been a full and final resolution of the PG&E Disputes underlying JH Kelly's claims. JH Kelly does not attempt to reconcile the alleged implied duty of AECOM to pay JH Kelly, within a reasonable time and without qualification, with Section 13.3 of the Subcontract.

**B.      Project Difficulties, Changes and Delays**

The parties both acknowledge "that the Project experienced substantial cost overruns and delays[,]" and that "the Project was not completed until more than a year later than expected[.]" *(JH Kelly MPA, at p. 7)*. It is also undisputed JH Kelly has alleged that it is "owed in excess of $26 million as a result of delays, changes to its scope of work, and other issues with the Project." *Id.* at p. 5. However, AECOM contests JH Kelly's assertion that all of its damages are attributable to AECOM.

As explained in AECOM's competing Motion for Summary Adjudication, the majority of JH Kelly's claims and damages, to the extent actionable, qualify as PG&E Disputes and are subject to Section 13.3 of the Subcontract. *(AECOM Request for Judicial Notice ("AECOM RJN")*, Ex. 1 *(AECOM's Memorandum and Points of Authorities in Support of its Motion for Summary Adjudication))*. In fact, over the course of the Project, AECOM informed both JH

---

[2] Section 5.4.1 also provides, as to claims of PG&E-caused delay, "[n]otwithstanding any other provision to the contrary, any disputes between Design-Builder and Subcontractor involving delay and resulting damages that arise out of, or relate to, the acts or omissions by Owner or for which Owner is responsible shall be resolved pursuant to Section 13.3 hereof." JH Kelly does not argue that this portion of Section 5.4.1 is an unenforceable pay-if-paid provisions. *(See JH Kelly MPA*, at pp. 8-9).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION -7
AEC002-0006 5903372

CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case 19:30088    Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 40 of 97

1  Kelly and PG&E that the claims set forth in JH Kelly's Complaint are PG&E Disputes and that

2  PG&E is liable for JH Kelly's damages arising from these issues. *Id.*, at pp, 7-10.

3      Moreover, there is no dispute that AECOM is presently prosecuting claims against

4  PG&E, in an adversary proceeding pending in the same bankruptcy court where PG&E filed

5  for Chapter 11, that include claims and damages asserted by JH Kelly against AECOM in the

6  present action. (*See JH Kelly RJN,* Ex. K (*AECOM's Third Party-Complaint Against PG&E*

7  ("*Third-Party Complaint*")).

8  **C.     Procedural History**

9      Due to JH Kelly's tactical maneuvering and total disregard of Section 13.3 of the

10  Subcontract, its claims for increased costs and delays relating to the PG&E Disputes are now

11  the subject of three separate lawsuits.

12      **1.     After PG&E announces its intention to file for bankruptcy, JH Kelly files
               two separate suits against PG&E and AECOM.**
13

14      There is no dispute that JH Kelly filed a complaint for the foreclosure of its mechanic's

15  lien ("Lien Foreclosure Action") against PG&E in this Court on January 25, 2019, four days

16  before the anticipated bankruptcy filing by PG&E, and that JH Kelly did not name AECOM as

17  a party to the Lien Foreclosure Action. (*JH Kelly RJN*, Ex. D (*JH Kelly Complaint for*

18  *Foreclosure of Mechanics' Lien ("Complaint for Lien Foreclosure")*))). In its Complaint

19  against PG&E, JH Kelly seeks damages in the amount of $15.9M, representing "the reasonable

20  value of the labor, materials and equipment" furnished by JH Kelly. *Id.*, ¶ 11.

21      On January 29, 2019, JH Kelly initiated the present action against AECOM, the same

22  day that PG&E filed its petition for Chapter 11 bankruptcy ("Bankruptcy Action") in the United

23  States Bankruptcy Court of the Northern District of California ("Bankruptcy Court"). (*JH Kelly*

24  *RJN*, Ex. B (*Complaint*)); *JH Kelly MPA*, at pp. 9-10. Just like the Lien Foreclosure Action,

25  JH Kelly seeks to recover from AECOM the reasonable value of the labor, services and

26  materials provided by JH Kelly for the Project in the amount of $15.9M, plus alleged schedule

27  and productivity impacts of approximately $10M. (*JH Kelly RJN*, Ex. B (*Complaint*, ¶¶ 43-48,

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY
ADJUDICATION 8

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case 19-30088    Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 41
of 97

64-68, 75-77)).[3] In fact, JH Kelly's own notice filed with this Court acknowledges that both cases "could require duplication of judicial resources because the claims in both cases arise from the same construction project." (*JH Kelly RJN*, Ex. E, (*Notice of Related Case*)).

It appears that because JH Kelly knew that the Lien Foreclosure Action would be automatically stayed under 11 U.S.C. § 362 once PG&E filed the Bankruptcy Action, JH Kelly deliberately bifurcated the Lien Foreclosure Action from this action, so as to avoid joining PG&E in this lawsuit and thereby having this suit subject to the automatic stay.

**2.     AECOM seeks to resolve JH Kelly's claims in the Bankruptcy Action.**

Because (as detailed below), this dispute cannot be resolved without PG&E's involvement, on March 1, 2019, AECOM removed and transferred the present action to the Bankruptcy Court. (*JH Kelly RJN*, Ex., I (*Notice of Removal*). AECOM then joined PG&E to this dispute via a third-party complaint against PG&E, which it filed in the Bankruptcy Court. That complaint asserts claims for *inter alia:* (i) a determination of AECOM's Mechanics' Lien, (ii) breach of contract, and (iii) breach of implied warranty of adequacy of plans and specifications. (RJN, Ex. K (*Third-Party Complaint)*, ¶¶ 71-89, 103-106)).

The vast majority of the claims sought against PG&E are for the benefit of JH Kelly. Indeed, through the Third-Party Complaint, AECOM seeks damages from PG&E for the balance owed under the EPC Agreement (most of which would pass through to JH Kelly), and both JH Kelly's and AECOM's increased costs caused by PG&E's (i) issuance of defective bid documents, (ii) changes to scope the scope of work, (iii) the improper rejection and processing of change order requests, (iv) delays, (v) PG&E's direction to accelerate the work and perform work through the winter months, and (vi) changes to the contractor's means and methods. *See id.* In effect, through the Third-Party Complaint, AECOM sought a determination of all of the PG&E Disputes in the only forum where all three parties could participate, as agreed on and required by Section 13 of the Subcontract.

---

[3] The difference between the damages alleged in the Lien Foreclosure Action and the present case is due to the fact that JH Kelly's schedule and productivity damages are not lienable under California law. *See Lambert v. Superior Court*, 228 Cal. App.3d 383, 389, 279 Cal.Rptr. 32 (1991); *See also (JH Kelly RJN*, Ex. B (*Complaint*, ¶¶ 5(b)).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION - 9

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case 19-30088    Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 42
of 97

AEC002-0006 5905572

**D.     JH Kelly removes its claims against AECOM back to State Court.**

Despite the obvious benefits of having all PG&E Disputes litigated simultaneously in a single forum, and the inability of a state court to adjudicate the PG&E Disputes without the involvement of PG&E, JH Kelly moved for remand of its claims against AECOM to this Court. (*JH Kelly RJN*, Ex. L (*JH Kelly Motion to Remand Adversary Proceedings ("Motion to Remand")*). In its Motion for Remand, JH Kelly expressly asked the Bankruptcy Court not to consider the Subcontract's dispute resolution provision in deciding whether to remand:

> The Court need not determine whether or to what extent AECOM presented JH Kelly's claims to PG&E or decide if AECOM made an election under the Subcontract to proceed on a bilateral basis under Section 13.4 without PG&E rather than on a trilateral basis under Section 13.3. Those issues are not before the Court and would require discovery and an evidentiary proceeding to resolve.

*Id.*, at p. 17. Instead, JH Kelly argued that the Bankruptcy Court should exercise its discretion to abstain from deciding its claims against AECOM on equitable grounds. *Id.* at pp. 19-30. In its brief response to JH Kelly's Motion to Remand, PG&E "express[ed] no view as to whether the contact dispute between JH Kelly and AECOM should be remanded, [but PG&E] does object to any remand that includes the third-party action AECOM commenced against [PG&E]." (*JH Kelly RJN*, Ex. L (*Debtor's Response and Partial Objection to Motion to Remand Adversary Proceeding* ("*Debtor's Response to Motion to Remand*"), at p. 1)).

In exercising its discretion to abstain the exercise of jurisdiction on equitable grounds, the Bankruptcy Court ordered the severance of AECOM's Third-Party Claim against PG&E and remanded JH Kelly's claims against AECOM to this court pursuant to 28 U.S.C. § 1452(b). (*JH Kelly RJN*, Ex. P (*Order Granting Motion to Remand*, dated June 6, 2019)). Importantly, nothing in the order addresses whether PG&E is a necessary and indispensable party to the present action, as this issue was not before the Bankruptcy Court. *Id.*

**E.     PG&E states its Intention to Emerge from the Bankruptcy Action by June 2020 and Submits a Plan for Reorganization to the Bankruptcy Court.**

While JH Kelly contends that it "would be forced to wait years for payment" in the Bankruptcy Action, this assertion is not supported by any evidence. (*JH Kelly MPA*, at p. 19)). To the contrary, PG&E is moving expeditiously with the Bankruptcy Action, as required by the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION 10

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case: 19-30088    Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 43 of 97

AEC002-0006 5905372

California Legislature, who recently passed legislation that requires PG&E to confirm a plan of reorganization in the Bankruptcy Action by June 30, 2020, in order for PG&E to be eligible to participate in an insurance fund specifically created for California electrical corporations. A.B. 1054, 2019 Assemb. (Cal. 2019). Per PG&E's own motion, "[f]or PG&E to enjoy the benefit of this insurance against future wildfire liability," it must have its reorganization plan confirmed by the Bankruptcy by June 30, 2020. (*AECOM RJN*, Ex. 2 (*Motion for Wildfire Claims Estimation*), at p.8). In fact, PG&E already submitted its Chapter 11 Plan of Reorganization (Reorganization Plan) to the Bankruptcy Court on September 9, 2019. (*AECOM RJN*, Ex. 3 (*Chapter 11 Plan of Reorganization*). PG&E also settled $11 Billion in claims relating to the wildfires that were the purported impetus of the Chapter 11 filing. (*AECOM RJN*, Ex. 4 (*Chediak, M. and Deveau, S.* (2019). PG&E Reaches $11 Billion Settlement with Insurers Over Deadly Wildfires. *Los Angeles Times* ("Los Angeles Times Article"))). Thus, JH Kelly's assertion that it would "be forced to wait years for payment" in the Bankruptcy Action is entirely speculative.

### III. LEGAL STANDARD

"A motion for summary adjudication shall be granted only if it completely disposes of a cause of action, an affirmative defense, a claim for damages, or an issue of duty." Cal. Civ. Proc. Code § 437c(f)(1). The moving party "bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law." *Law Offices of Dixon R. Howell v. Valley*, 129 Cal. App. 4th 1076, 1091, 29 Cal. Rptr. 3d 499 (2005). In order to defeat a motion for summary adjudication, the non-moving party "must demonstrate the existence of a triable issue of material fact." *Richardson v. Dep't of Motor Vehicles*, 25 Cal. App. 5th 102, 108, 235 Cal. Rptr. 3d 434 (Ct. App. 2018). "In ruling on the motion, the court must consider all of the evidence and all of the inferences reasonably drawn therefrom and must view such evidence in the light most favorable to the opposing party. *Aguilar v. Atl. Richfield Co.*, 25 Cal. 4th 826, 843, 24 P.3d 493 (2001), as modified (July 11, 2001).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
OPPOSITION TO PLAITNIFF'S MOTION FOR SUMMARY
ADJUDICATION—11

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010

Case 19-30088    Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 44
of 97

## IV.   ARGUMENT

**A.   The Affirmative Defense of Failure to Join an Indispensable Party is Not Subject to Summary Adjudication as a Matter of Law.**

JH Kelly asks the Court to determine, as a matter of law, that PG&E is not a necessary and indispensable party to this action and grant summary adjudication against AECOM's affirmative defense regarding JH Kelly's failure to join PG&E. The unique nature of this affirmative defense, however, renders it inappropriate for summary adjudication.

"Because the requirement that indispensable parties be before the court is mandatory, **it** *may be raised at any time* and it may be raised by the appellate court on its own motion if the parties fail to make the objection." *In re Marriage of Ramirez*, 198 Cal. App. 4th 336, 345, 132 Cal. Rptr. 3d 41 (2011) (emphasis added). Additionally, "[i]ndispensability is determined by *considering the status of the parties at the time relief is to be entered, or at the time the issue of indispensability is raised*, rather than to their status at the time the suit is filed." *Cty. of Imperial v. Superior Court*, 152 Cal. App. 4th 13, 36–37, 61 Cal. Rptr. 3d 145 (2007) (emphasis added). Because "the omission of indispensable parties is so fundamental that it need not be raised by the parties themselves; the court may, of its own motion, dismiss the proceedings, or refuse to proceed, until indispensable parties are brought in." *Bank of the Orient v. Superior Court*, 67 Cal. App. 3d 588, 595, 136 Cal. Rptr. 741 (1977).

Because a motion for summary adjudication must completely dispose of an affirmative defense (*see* CCP § 437c(f)(1)), and because the issue of whether a party is indispensable cannot be waived and may be raised at any time, even *sua sponte* by the Court, summary adjudication is not available against AECOM's necessary and indispensable affirmative defense. Whether a party is necessary and indispensable is determined under CCP § 389(a-b). Thus, changes in circumstances related to these statutory tests, such as the conclusion of PG&E's Bankruptcy Action, may affect the Court's assessment under CCP § 389.[4] Therefore, even if the Court determines that PG&E is not currently a necessary and indispensable party (which AECOM

---

[4] For instance, if the court determines that PG&E is necessary, and there is no automatic stay preventing PG&E's joinder, then the Court must order the joinder of PG&E. Cal. Code Civ. Proc., § 389(a).

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

disputes), this does not foreclose PG&E from becoming necessary and indispensable, nor does it prevent AECOM (or the Court) from raising this issue in the future. Thus, JH Kelly's request for summary adjudication against AECOM's affirmative defense should be denied on this basis alone.

**B.     PG&E is a Necessary and Indispensable Party to this Action**

Even if the Court determines that JH Kelly's request for summary adjudication as to whether PG&E is necessary and indispensable is proper under CCP § 473c, JH Kelly is not entitled to summary adjudication because indisputable material facts require a determination that PG&E is both necessary and indispensable.

**1.     PG&E is a necessary party under the factors set forth in CCP 389(a).**

In deciding whether a party is necessary, California courts "analyze the three distinct parts, or clauses of section 389, subdivision (a)." *Id.* at 792. Per § 389(a), a party is "necessary" if any one of the following sets of circumstances exist:

> (1) in [its] absence complete relief cannot be accorded among those already parties or (2) [it] claims an interest relating to the subject of the action and is so situated that the disposition of the action in [its] absence may (i) as a practical matter impair or impede [its] ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

CCP §389(a). As applied to PG&E, all three clauses require a finding that PG&E is a necessary party to the PG&E Disputes asserted by JH Kelly in the present action.

**(a)     Any relief granted without PG&E's joinder will be "hollow."**

"Clause (1) stresses the desirability of joining those persons in whose absence the court would be obliged to grant partial or 'hollow' rather than complete relief to the parties before the court." *Countrywide Home Loans, Inc. v. Superior Court*, 69 Cal. App.4th 785, 792, 82 Cal. Rptr.2d 63 (1999). "The interests that are being furthered here are not only those of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter." 69 Cal. App.4th at 792-93.

Here, JH Kelly asserts that PG&E is not a necessary party – even with regards to PG&E

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY
ADJUDICATION[13]

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

AEC002-0006 5905572

Case 19-30088    Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 46
of 97

Disputes – "because JH Kelly is entitled to *payment from AECOM regardless of whether or when AECOM is paid by PG&E*." (*JH Kelly MPA*, at p.15) (emphasis added). Noticeably absent from JH Kelly's briefing is any reference to Section 13.3 of the Subcontract which requires, with regards to PG&E Disputes, that JH Kelly "cooperate in the presentation and prosecution or defense of [PG&E] Disputes"; and that JH Kelly "accept the relief as to a time extension or additional compensation obtained from [PG&E], if any, . . . as full and final resolution of any [PG&E Dispute]." *Id.*, § 13.3.2. These provisions make plain that JH Kelly is not entitled to relief from AECOM now for PG&E Disputes. Rather, Section 13.3 requires JH Kelly to cooperate and assist AECOM with its litigation against PG&E in the Bankruptcy Action, and to accept the results and determination of entitlement obtained in that action. It is indisputable that JH Kelly has not abided by this process.

Notably, JH Kelly offers no explanation for why its claims involving PG&E Disputes are not subject to Section 13.3. This is likely because, due to Section 13.3, PG&E is undeniably a necessary and indispensable party to the resolution of PG&E Disputes. JH Kelly skirts this impediment to summary adjudication by contending that AECOM can simply seek indemnity from PG&E later. *JH Kelly MPA*, at p.14. But, as discussed *infra* at Section IV B(2)(c), prosecuting claims for indemnity against PG&E in a separate, later action would be inadequate relief and prejudicial to AECOM because this would subject AECOM to the substantial risk of multiple and inconsistent judgments. Moreover, this is simply not the process negotiated and agreed on by JH Kelly and AECOM in the Subcontract.

As it stands today, there are the only two means to effectuate Section 13.3: JH Kelly can exhaust its remedies under Section 13.3 by cooperating in the prosecution of PG&E Disputes in the Bankruptcy Court, or PG&E can be joined in this action. Otherwise, there is no means for a court to grant complete relief to any PG&E Dispute.

       **(b)**    **The determination of JH Kelly's claims will practically prejudice PG&E's property interest in the Burney Property.**

JH Kelly argues that CCP § 389(a)(2)(i) weighs against a finding that PG&E is necessary simply because PG&E did not object to the remand of JH Kelly's claims against

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
OPPOSITION TO PLAITNIFF'S MOTION FOR SUMMARY
ADJUDICATION - 14
AEC002-0006 5905572

CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case: 19-30088   Doc# 5651-2   Filed: 02/05/20   Entered: 02/05/20 19:30:45   Page 47 of 97

AECOM. In actuality, PG&E "express[ed] no view as to whether the contract dispute between JH Kelly and AECOM should be remanded[.]" (*JH Kelly RJN*, Ex. L (*Debtor's Response to Motion to Remand*, at p. 1)). Further, CCP 389(a)(2)(i) was not at issue with respect to JH Kelly's Motion to Remand. (*See JH Kelly RJN*, Ex. L (*Motion to Remand*)). Moreover, whether PG&E objected or not to JH Kelly's Motion to Remand is not the test for whether a party is necessary under CCP § 389(a)(2)(i).

"Clause (2)(i) recognizes the importance of protecting the person whose joinder is in question against the practical prejudice to him which may arise through a disposition of the action in his absence." *Countrywide Home Loans, Inc. v.*, 69 Cal. App.4th at 793. Here, both AECOM and JH Kelly have asserted claims for foreclosure of mechanics' liens against PG&E's property, in the principal amounts of $23,535,812.39 and $15,881,776.21, respectively. (*JH Kelly RJN*, Ex. D (*Lien Foreclosure Complaint)*); *(JH Kelly RJN*, Ex. K (*Third Party Complaint*, ¶¶ 71-81). Under California law, the amount of a lien claim is the lesser of (1) the reasonable value of the work, or (2) the amount owed under the contract. Cal. Civ. Code § 8430.

While it is true that any recovery that JH Kelly obtains against AECOM may reduce JH Kelly's lien claim against PG&E, it is also true that AECOM's lien claim against the Burney Property substantially overlaps with the $15,881,776.21 in contract/reasonable value damages alleged by JH Kelly and AECOM's lien claim would not be reduced by AECOM's payments to JH Kelly. AECOM's lien claim is for "the principal unpaid balance then owed to AECOM under the EPC Agreement for the direct costs to complete the Project[,]" or, alternatively, "the reasonable value of the labor, services, materials, and equipment furnished by AECOM to PG&E . . . ." (*JH Kelly RJN*, Ex. K (*Third Party Complaint*, ¶¶ 76-77)). As alleged in the Third-Party Complaint, this includes JH Kelly's costs incurred as a result of "increased scope of work, and costs impacts that directly arise from the design changes (in particular, the IFC Electrical design changes), acts and omissions of PG&E enumerated above." *Id.*, at ¶68.

While PG&E might not be legally bound by this Court's determination of the value of JH Kelly's portion of AECOM's lien, such a determination would, at a very minimum, be

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY
ADJUDICATION - 15

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

AEC002-0006 5905372

Case: 19-30088    Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 48
of 97

persuasive evidence that AECOM will use to establish the value of its own lien against PG&E and "as a practical matter, impair or impede its interest in the property." *See Acton Co. Inc. of Mass v. Bachman Foods, Inc.*, 668 F.2d 76.78 (1st. Cir. 1982).

Therefore, because this action requires the Court to determine the lienable amounts of the work performed by JH Kelly, and because AECOM is seeking to recover those same amounts against PG&E, there is a substantial risk of practical prejudice to PG&E's interest in the Burney Property if PG&E is not given an opportunity to contest the amounts sought by JH Kelly.

> (c) **Proceeding without PG&E will subject AECOM to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.**

JH Kelly argues that because AECOM is seeking affirmative recovery from PG&E, it will not technically be "liable" to PG&E, and therefore there is "no risk of double or inconsistent liability." However, this is not the language or test used in CCP § 389(a)(2)(ii). Rather, the Court must consider whether the disposition of this action in the absence of PG&E may "leave any of the persons *already parties* subject to a substantial risk of incurring double, multiple, or otherwise inconsistent *obligations* . . . ." CCP § 389(a)(2)(ii) (emphasis added). "An obligation is a legal duty, by which a person is bound to do or not to do a certain thing." Cal. Civ. Code § 1427.

Here, there is a substantial, if not inevitable, risk of AECOM incurring double, multiple, or otherwise inconsistent obligations if it is forced to litigate the same subject matter in two different forums against two different parties. This is precisely why the Subcontract requires PG&E Disputes to be resolved on a pass-through basis and requires JH Kelly's cooperation in the prosecution of claims relating to PG&E Disputes. And it is precisely why such agreements are commonplace in the construction industry.[5]

---

[5] *See Sehulster Tunnels/Pre-Con v. Traylor Bros./Obayashi Corp.*, 111 Cal. App. 4th 1328, 1349, 4 Cal. Rptr. 3d 655 (2003) ("The pass-through process and such agreements are designed to shorten the legal process by not requiring the subcontractor to first sue the general contractor and the latter to actually pay damages to the former before suing the owner.").

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION - 16
AEC002-0008 5905572

CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case 19-30088 Doc# 5651-2 Filed: 02/05/20 Entered: 02/05/20 19:30:45 Page 49 of 97

For example, JH Kelly's Complaint attributes its damages to the "11-month delay in issuing the IFC Electrical, and the extensive changes to the IFC Electrical, fundamentally changed the timing, sequencing, and scope of JH Kelly's work on the Project." [6] *(JH Kelly RJN*, Ex. B *(Complaint*, ¶ 34)); *(see also id* ¶¶ 25-35). Through the Third-Party Complaint, AECOM seeks damages from PG&E for its untimely and substantial changes to the IFC Electrical, including those incurred by JH Kelly. *(JH Kelly RJN*, Ex. K *(Third Party Complaint*, ¶¶ 34-42)). Similarly, JH Kelly seeks damages for changes to the scope and method of excavation on the Project. *(JH Kelly RJN*, Ex. B *(Complaint*, ¶38(h-i))). Likewise, AECOM is seeking to recover these exact damages from PG&E. *(JH Kelly RJN*, Ex. K *(Third Party Complaint*, ¶¶ 52-53)). If this Court determines that AECOM has an obligation to compensate JH Kelly for increased costs and delays caused by PG&E's changes to the Project's electrical design or the excavation changes, and the Bankruptcy Court later determines that PG&E has no obligation to compensate AECOM for the time and cost impacts resulting from PG&E's late changes to the electrical design and changes in excavation, AECOM will undeniably be subject to "inconsistent obligations" under § 389(a)(2)(ii). Therefore, because all three clauses of CCP § 389(a) independently support a finding that PG&E is a necessary party, the Court must then determine if PG&E is indispensable.

## 2. The § 389(b) factors support a finding that PG&E is an indispensable party.

"If a person is determined to qualify as a 'necessary' party . . . courts then determine if the party is also 'indispensable." *Am. Indian Model Sch. v. Oakland Unified Sch. Dist.*, 227 Cal. App. 4th 258, 296, 173 Cal. Rptr. 3d 544 (2014). Subdivision (b) of § 389 sets forth the factors to follow to determine 'whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice[.]" *Citizens for Amending Proposition L*, 28 Cal. App. 5th at 1178–79. "The subdivision (b) factors 'are not arranged in a hierarchical order, and no factor is determinative or necessarily more important than another." *Id.* Rather, the trial court's "assessment of indispensability and consideration of these factors

---

[6] "IFC Electrical" refers to the final, "Issued-for-Construction" electrical design package for the Project.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY
ADJUDICATION - 17
AEC002-0006 5903572

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case: 19-30088   Doc# 5651-2   Filed: 02/05/20   Entered: 02/05/20 19:30:45   Page 50
of 97

involve the balancing of competing interests and must be steeped in "pragmatic considerations." *Id.* The factors to be considered by the court are:

> (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff or cross-complainant will have an adequate remedy if the action is dismissed for nonjoinder.

CCP § 389(b). As detailed below, all four factors weigh entirely in favor of finding that PG&E is indispensable to the causes of action asserted in JH Kelly's Complaint.

> **(a)** **Both AECOM and PG&E will be prejudiced if JH Kelly's claims are litigated in this Action, while any prejudice to JH Kelly is unlikely.**

In weighing the factors of §389(b) "potential prejudice is the critical issue in determining whether an absent entity is an indispensable party[.]" *Simonelli v. City of Carmel-by-the-Sea,* 240 Cal.App.4th 480 (2015). In assessing prejudice to the parties under an indispensable party analysis, "prejudice to the plaintiff is rarely a consideration since the plaintiff has elected the forum and the parties." *A.J. Kellos Constr. Co. v. Balboa Constr. Co.*, 495 F.Supp. 408, 414 (S.D.Ga.1980) (*citing* 3A Moore's Federal Practice Manual P 19.07 (2)(1), at 19-166 (2d ed. 1979)).

As explained in Section III B(1)(c) above, the risk of prejudice to AECOM if it is forced to litigate the same issues in two different forums against two different parties who are not bound by the findings made in the other action will be substantial. *See* Section IV B(1)(c), *supra.* More importantly, permitting this action to proceed will deprive AECOM of its contractual right to have all PG&E Disputes determined in a single setting with PG&E involved. California law recognizes that "by contract or settlement agreement, a general contractor and a subcontractor can agree that the contractor will pass through the subcontractor's claims against the contractor to the owner." *Sehulster Tunnels/Pre-Con v. Traylor Bros./Obayashi Corp.*, 111 Cal. App. 4th 1328, 1348, 4 Cal. Rptr. 3d 655, 673 (2003). "The pass-through process and such agreements are designed to shorten the legal process by not requiring the subcontractor to first sue the general contractor." *Id.* at 1349. Thus, allowing JH Kelly to circumvent the contractual

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION 18

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case: 19-30088   Doc# 5651-2   Filed: 02/05/20   Entered: 02/05/20 19:30:45   Page 51 of 97

AEC002-0006 5905572

dispute resolution process is not only inconsistent with California law, but will result in the exact type of prejudice and judicial inefficiency that the Subcontract was designed to protect against.

Further, any prejudice asserted by JH Kelly is not only immaterial to an indispensable party analysis, but also unsubstantiated. JH Kelly has resisted litigating its claims against PG&E in the Bankruptcy Action based on its unfounded assertion that it "would be forced to wait years for payment" in the Bankruptcy Action. (*JH Kelly MPA*, at 19). However, this alleged prejudice is unsupported by any facts. As explained in Section II E above, PG&E is moving expeditiously with the Bankruptcy Action, having already filed the Reorganization Plan, which it must confirm prior to June 30, 2020 (*AECOM RJN,* Ex. 2 (*PG&E Motion to Establish Wildfire Claims,* at 8); (*AECOM RJN*, Ex. 3 (Chapter 11 Plan of Reorganization)) and settled 85% of the wildfire insurance claims (*AECOM RJN*, Ex. 4 (Los Angeles Times Article).

With respect to PG&E, in addition to the potential prejudice to its interest in the Burney Property described in Section III B(2), it may also suffer practical prejudice through any adverse findings made by this Court concerning its responsibility for project delays, increased costs, wrongful withholdings, defective bid documents, and changes to the contractor's means and methods. While such findings will not have any preclusive effect against PG&E, they will be used as persuasive evidence by AECOM against PG&E in the Bankruptcy Action and prejudice PG&E in a practical sense. *See Acton*, 668 F.2d at 78.

      **(b)**    **JH Kelly will not be deprived of any remedy if its claims are dismissed without prejudice.**

Here, JH Kelly cannot claim that it will be without an adequate remedy if this action is dismissed without prejudice or stayed until PG&E may be joined. This is not an instance where JH Kelly faces a risk of losing its claims or legal rights due to an impending expiration of the statute of limitations. *See Citizens for Amending Proposition L,* 28 Cal. App. 5th at 769. Further, AECOM is prosecuting and presenting JH Kelly's claims in the Bankruptcy Action, as required by the Subcontract, and JH Kelly has not only the right, but a duty, to cooperate in the prosecution of these claims. The only "remedy" that JH Kelly will be deprived of, is the ability

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY
ADJUDICATION - 19
AEC002-0008 5905572

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010

Case 19:30088   Doc# 5651-2   Filed: 02/05/20   Entered: 02/05/20 19:30:45   Page 52
of 97

1   to circumvent Section 13.3 of the Subcontract, and pursue PG&E Disputes directly against

2   AECOM.

3           **(c)    Adequate judgment cannot be rendered by the Court in the absence
4                    of PG&E.**

5           For the same reasons described in Section III(B)(1)(a), the Court will not be able to

6   render adequate judgment in the absence of PG&E.  Under the Subcontract, JH Kelly's

7   entitlement to compensation for the PG&E Disputes is defined by the relief obtained by

8   AECOM and JH Kelly against PG&E pursuant to Section 13.3.  Thus, there is no way for this

9   Court to adjudicate any PG&E Dispute without JH Kelly first exhausting the dispute resolution

10  process in Section 13.3.

11          **(d)    Prejudice may only be lessened through a stay of litigation.**

12          Here, there is no practical means for the Court to lessen this prejudice other than staying

13  the litigation of JH Kelly's claims until PG&E may be joined as a party or its presence is no

14  longer required. While dismissal without prejudice is entirely appropriate under these

15  circumstances, AECOM recognizes that JH Kelly's inability to join PG&E is not permanent.

16  For one, AECOM will not oppose any additional attempts by JH Kelly to obtain relief from the

17  Bankruptcy Action's automatic stay. Similarly, upon the resolution of AECOM's Third-Party

18  Complaint in the Bankruptcy Action, PG&E will no longer be necessary and indispensable to

19  this action, as there will be a full and final determination of the PG&E Disputes. Last, based

20  on the recent passing of A.B. 1054, 2019 Assemb. (Cal. 2019) by the California legislature (*see*

21  Section II E *supra*), and the fact that PG&E already submitted a Reorganization Plan in the

22  Bankruptcy Action, there is no indication that resolution of the Bankruptcy Action, and

23  AECOM's pending claims against PG&E on its and JH Kelly's behalf will take "years," as

24  alleged by JH Kelly. Therefore, the court could lessen or avoid the prejudice to AECOM and

25  PG&E discussed above by staying this action until PG&E may be joined or until its

26  participation is no longer required.

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF          **CARNEY BADLEY SPELLMAN, P.S.**
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY                  701 Fifth Avenue, Suite 3600
ADJUDICATION - 20                                            Seattle, WA 98104-7010
AEC002-0008 3905372

Case 19:30088   Doc# 5651-2   Filed: 02/05/20   Entered: 02/05/20 19:30:45   Page 53
                                     of 97

## C. JH Kelly's Interpretation of the Subcontract is Incompatible with California's Prompt Payment Statutes.

In its second request for summary adjudication, JH Kelly asks the Court to find that AECOM has a duty to pay JH Kelly "within a reasonable time, and regardless of whether or when PG&E pays AECOM under the EPC Agreement." Said otherwise, JH Kelly is asking the Court to read into the Subcontract a requirement that AECOM pay JH Kelly within a reasonable time after a demand for payment from AECOM without qualification **and** even where JH Kelly may not have entitlement. Such an interpretation is entirely at odds with California law.

California has enacted several prompt payment statutes that address the release and withholding of progress payments and retention payments among project owners, general contractors and subcontracts. Cal. Civ. Code § 8802, which applies specifically to projects for public utilities, provides:

> (b) Unless the direct contractor and a subcontractor otherwise agree in writing, within 21 days after receipt of a progress payment from the public utility the direct contractor shall pay the subcontractor the amount allowed the direct contractor on account of the work performed by the subcontractor to the extent of the subcontractor's interest in the work. If there is a good faith dispute over all or part of the amount due on a progress payment from the direct contractor to a subcontractor, the direct contractor may withhold an amount not in excess of 150 percent of the disputed amount.

Similarly, § 8814 provides that "a direct contractor shall, within 10 days after receiving all or part of a retention payment, pay to each subcontractor from whom retention has been withheld that subcontractor's share of the payment." Cal. Civ. Code § 8814. Importantly, California Courts have established that prompt payment statutes "are not triggered by whether the general contractor 'should have' received a payment from the owner. Rather, they begin to run upon the general contractor actually receiving a progress payment." *Tesco Controls, Inc. v. Monterey Mech. Co.*, 124 Cal. App. 4th 780, 803–04, 21 Cal. Rptr. 3d 751 (2004).

In light of § 8802 and 8812 of the California Civil Code and *Tesco Controls*, California law does not support an implied contractual duty for AECOM to make progress payments and

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAITNIFF'S MOTION FOR SUMMARY ADJUDICATION - 21
AEC002-0006 5903572

CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case 19-30088   Doc# 5651-2   Filed: 02/05/20   Entered: 02/05/20 19:30:45   Page 54 of 97

1  retention payments to JH Kelly prior to receiving such payments from PG&E.[7] Further,

2  AECOM is entitled to withhold 150% of amounts that are in dispute from progress payments

3  and retention payments claimed as due and owing.

4      To the extent JH Kelly argues that a "reasonable time" requirement should be read into

5  §§ 8802 and 8812 based on *Wm. R. Clarke Corp v. Safeco Insurance Co.*, 15 Cal. 4th 882, 938

6  P.2d 372 (1997), such a reading is similarly inconsistent with California law. Both §§ 8802

7  and 8812 were most recently amended in 2010, after both *Tesco Controls* and *Clarke*. And as

8  explained by the California Supreme Court, "the Legislature is deemed to be aware

9  of existing laws and judicial decisions in effect at the time legislation is enacted and to have

10  enacted and amended statutes in the light of such decisions as have a direct bearing upon them."

11  *Apple Inc. v. Superior Court*, 56 Cal. 4th 128, 146, 292 P.3d 883, 893 (2013). "The courts are

12  not authorized to insert provisions or rewrite a statute to conform to an assumed intention which

13  does not appear from its language." *Bay Guardian Co. v. New Times Media LLC*, 187 Cal. App.

14  4th 438, 454-55, 114 Cal. Rptr. 3d 392 (2010).

15      Here, the California Legislature did not include a "reasonable time" requirement in the

16  language of §§ 8802 or 8812, but tied a general contractor's duty to pay its subcontractor to the

17  date the general contractor actually receives payment from the owner. Because JH Kelly's

18  interpretation of the Subcontract is contrary to California law, its request for summary

19  adjudication must be denied.

20  **D.    Reading in a "Reasonable Time" Requirement for Payment is at Odds with the
21        Plain Language of the Subcontract and California Laws of Interpretation.**

22      Further, under California law, the "fundamental goal of contractual interpretation is to

23  give effect to the mutual intention of the parties." *State of California v. Cont'l Ins. Co.*, 55 Cal.

24  4th 186, 195, 281 P.3d 1000 (2012). "Such intent is to be inferred, if possible, solely from the

25  written provisions of the contract." *Id.*

26  _____

[7] As set forth in its Third-Party Complaint, AECOM has not been paid $23,535,812.19, representing the principal
unpaid balance owed to AECOM under the EPC Agreement for its direct costs to complete the Project. (*JH Kelly*
27  *RJN*, Ex K (*Third Party Complaint*, ¶ 75). PG&E has withheld these amounts from progress payments and
retention owed to AECOM and refused to process and pay change orders for undisputed change order work. *Id.*,
28  ¶¶ 103-104.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF        **CARNEY BADLEY SPELLMAN, P.S.**
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY                     701 Fifth Avenue, Suite 3600
ADJUDICATION - 22                                                    Seattle, WA 98104-7010
AEC002-0008 5905572                                                      (206) 622-8020

Case 19:30088   Doc# 5651-2   Filed: 02/05/20   Entered: 02/05/29 19:30:45   Page 55
of 97

1    Here, AECOM and JH Kelly agreed that "[PG&E] Disputes shall be resolved pursuant
2    to the dispute resolution clause set forth in the EPC Agreement." (*Yabui Decl.*, Ex. A
3    (*Subcontract*, at § 13.3.1)). Similarly, AECOM and JH Kelly both agreed to cooperate in the
4    presentation of such PG&E Disputes against PG&E. *Id.* Furthermore, JH Kelly and AECOM
5    each agreed "to accept the relief as to a time extension or additional compensation obtained
6    from [PG&E], if any, . . . as full and final resolution of any [PG&E Dispute]. *Id.*, § 13.3.2.
7    Last, even without the alleged unenforceable "pay-if-paid" language, Section 5.4.1 still
8    specifically provides that "any disputes between Design-Builder and Subcontractor involving
9    delay and resulting damages that arise out of, or relate to, the acts or omissions by Owner or for
10   which Owner is responsible shall be resolved pursuant to Section 13.3 hereof." *Id.* at § 5.4.1.
11   However, JH Kelly's reading of the Subcontract would require AECOM to pay all amounts
12   claimed as due and owing by JH Kelly before a final resolution of PG&E Disputes.

13   Furthermore, if the portions of Sections 5.4.1 or 7.4.2 identified by JH Kelly are invalid
14   under *Clarke*[8], the Subcontract provides that the all other provisions "shall remain in full force
15   and effect as if the unenforceable provision or part were deleted." *Id.* at § 14.4.1. This same
16   result is required by California law. *Brown v. Goldstein*, 34 Cal. App. 5th 418, 438, 246 Cal.
17   Rptr. 3d 161 (2019), *review denied* (July 31, 2019) ("If a contract is capable of two
18   constructions courts are bound to give such an interpretation as will make it lawful, operative,
19   definite, reasonable, and capable of being carried into effect.").

20   Consequently, even if JH Kelly is correct in its application of *Clarke* to Sections 5.4.1
21   or 7.4.2 of the Subcontract, neither the Subcontract's terms nor California rules of interpretation
22   support any implied duty of AECOM to pay all amounts demanded by JH Kelly within a
23   reasonable time. Rather, the Subcontract provides that claims related to PG&E Disputes must
24   be pursued on a pass-through basis under Section 13.3. For claims that do not involve PG&E
25   Disputes, the Subcontract contemplates that such claims will be resolved through the disputes

26

---

27   [8] "Before labeling a contract as being contrary to public policy, courts must carefully inquire into the nature of the
     conduct, the extent of public harm which may be involved, and the moral quality of the conduct of the parties in
28   light of the prevailing standards of the community." *Brisbane Lodging, L.P. v. Webcor Builders, Inc.*, 216 Cal.
     App. 4th 1249, 1264, 157 Cal. Rptr. 3d 467 (2013).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF          **CARNEY BADLEY SPELLMAN, P.S.**
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY                         701 Fifth Avenue, Suite 3600
ADJUDICATION - 23                                                        Seattle, WA 98104-7010
AEC002-0006 3905572                                                             (206) 622-8020

Case 19-30088    Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 56
of 97

1  procedure set forth in Section 13.4, followed by litigation. *Yabui Decl.*, Ex. A (*Subcontract*, at

2  §§ 13.4, 17.1)). In summary, there is no reasonable reading of the Subcontract that requires

3  AECOM to simply hand over amounts claimed by JH Kelly within a "reasonable" time,

4  regardless of whether these amounts are disputed or pending payment from PG&E.

5                              **V.    CONCLUSION**

6       For the reasons provided herein, AECOM respectfully requests that the Court deny JH

7  Kelly's motion for summary adjudication.

8

9       DATED this 16th day of September, 2019.

10

11                              CARNEY BADLEY SPELLMAN, P.S.

12

13                              By: _____
                                    C. Scott Penner, SBN 124826
14                                  S. Jay Terry, *Pro Hac Vice*
                                    *Attorneys for Defendant AECOM Technical*
15                                  *Services, Inc.*

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF          **CARNEY BADLEY SPELLMAN, P.S.**
OPPOSITION TO PLAITNIFF'S MOTION FOR SUMMARY                701 Fifth Avenue, Suite 3600
ADJUDICATION - 24                                          Seattle, WA 98104-7010
AEC002-0006 5903572                                        (206) 622-8020

Case: 19-30088   Doc# 5651-2   Filed: 02/05/20   Entered: 02/05/20 19:30:45   Page 57
of 97

# PROOF OF SERVICE

| CASE NAME | : | *JH KELLY v. AECOM TECHNICAL SERVICES, INC.* |
|---|---|---|
| COURT: | : | **Shasta** |
| CASE NO. | : | **192600** |

I, the undersigned, declare:

I am over the age of eighteen years and not a party to the cause. I am employed by the law firm of Carr, Kennedy, Peterson & Frost, 420 Redcliff Dr., Redding, California 96002.

On this date, I served the document described as: **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION** on the interested parties in this matter by placing a true copy thereof in a sealed envelope addressed as follows:

| |
|---|
| Eric A. Grasberger<br>Mario R. Nicholas<br>STOEL RIVES LLP<br>760 SW Ninth Avenue, Suite 3000<br>Portland, OR 97205<br>Fax 503-220-2480<br>eric.grasberger@stoel.com<br>Mario.nicholas@stoel.com |

Service of the above document was effectuated by the following means of service:

X    **By Overnight Delivery Service** -- I caused such envelope(s) to be deposited in a box or other facility regularly maintained by the express service carrier or delivered to an authorized courier or driver authorized by the express service carrier to receive documents. The envelope(s) was/were deposited at Redding, California with the express service carrier with delivery fees paid or provided for.

X    **By Electronic Mail**

X    **State Court** -- I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that service was made under the direction of an active member of the State Bar of California and who is not a party to the cause.

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
OPPOSITION TO PLAITNIFF'S MOTION FOR SUMMARY
ADJUDICATION - 25
AEC002-0008 3905572

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Executed this _____ day of September, 2019, at Redding, California.

_____

RANDI DIEM

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
OPPOSITION TO PLAITNIFF'S MOTION FOR SUMMARY
ADJUDICATION - 26
AEC002-0008 5905572

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case: 19-30088    Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 59
of 97

# EXHIBIT 11

1  C. Scott Penner, SBN 124826
   S. Jay Terry (Pro Hac Vice)
2  Elliot C. Copenhaver (Pro Hac Vice *Pending*)
   Carney Badley Spellman, P.S.
3  701 Fifth Avenue, Suite 3600
   Seattle, WA 98104-7010
4  (206) 622-8020
5
   Robert M. Harding (SBN 101751)
6  Randall C. Nelson (SBN 138298)
   Carr, Kennedy, Peterson & Frost
7  420 Redcliff Drive
   Redding, CA 96002
8  Tel: 530-222-2100
9
   **Attorneys for Defendant/Cross-Complainant**
10   *AECOM Technical Services, Inc.*
11          SUPERIOR COURT OF THE STATE OF CALIFORNIA
12                    COUNTY OF SHASTA
13
   JH KELLY, LLC, a Washington limited
14 liability company,                         CASE NO. 192600
15          Plaintiff,                        **DEFENDANT AECOM TECHNICAL**
                                              **SERVICES, INC.'S MEMORANDUM**
16          v.                                **OF POINTS AND AUTHORITIES IN**
                                              **SUPPORT OF ITS MOTION TO**
   AECOM TECHNICAL SERVICES, INC., a          **DISMISS PURSUANT TO CAL. CODE**
17 purported California corporation, and DOES  **CIV. PROC § 389(b)**
   1 through 10, inclusive,
18                                            Date:  October 21, 2019
           Defendants.                        Time:  8: 30 a.m.
19                                            Dept:  8
                                              Judge: Tamara L. Wood
20
21                                            Complaint Filed: January 29, 2019
22                                            Trial Date: TBD
23
24
25
26

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S MEMORANDUM    **CARNEY BADLEY SPELLMAN, P.S.**
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO         701 Fifth Avenue, Suite 3600
DISMISS PURSUANT TO CAL. CODE CIV. PROC § 389(b)  − 1              Seattle, WA 98104-7010
                                                                    (206) 622-8020

Case 1:90-cv-00885 Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 61
of 97

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ 2

TABLE OF AUTHORITIES ........................................................................................ 3

I.     INTRODUCTION .......................................................................................... 4

II.    FACTUAL BACKGROUND ......................................................................... 4

       A.    Project and Subcontract ..................................................................... 4

       B.    Project Difficulties, Changes and Delays .......................................... 6

       C.    Procedural History .............................................................................. 7

             1.    After PG&E announces its intention to file for Chapter 11, JH
                   Kelly files two separate suits against PG&E and AECOM. ................... 7

             2.    AECOM seeks to resolve JH Kelly's claims in the Bankruptcy
                   Action with the involvement of PG&E. ................................................. 8

       D.    JH Kelly Removes its Claims Against AECOM Back to State Court. .............. 8

       E.    PG&E Continues to Move Expeditiously with the Bankruptcy Action. ........... 9

III.   LEGAL ARGUMENT ................................................................................. 10

       A.    Legal Standard .................................................................................. 10

       B.    PG&E is "Necessary" Under CCP § 389(a) ..................................... 11

             1.    Any relief granted without PG&E's joinder will be "hollow". ........... 11

             2.    The determination of JH Kelly's claims will practically prejudice
                   PG&E's property interest in the Burney Property............................... 12

             3.    Proceeding without PG&E will subject AECOM to a substantial
                   risk of incurring double, multiple, or otherwise inconsistent
                   obligations. ........................................................................................ 14

       C.    Because PG&E Is a Necessary Party that Cannot be Joined, Dismissal
             Without Prejudice is Appropriate. .................................................... 15

             1.    Both AECOM and PG&E will be prejudiced if JH Kelly's claims
                   are litigated in this Action, while any prejudice to JH Kelly is *De
                   Minimis*. ............................................................................................ 16

             2.    JH Kelly will not be deprived of any remedy if its claims are
                   dismissed without prejudice. ............................................................. 17

             3.    Adequate judgment cannot be rendered in the absence of PG&E.
                   ........................................................................................................... 17

             4.    Prejudice may only be lessened through a stay of litigation. ............. 18

IV.    CONCLUSION ............................................................................................ 18

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS PURSUANT TO CAL. CODE CIV. PROC § 389(b) – 2

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case 19-30088 Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 62
of 97

# TABLE OF AUTHORITIES

## Cases

*Am. Indian Model Sch. v. Oakland Unified Sch. Dist.*,
227 Cal. App. 4th 258, 296, 173 Cal. Rptr. 3d 544 (2014) .............. 15

*Citizens for Amending Proposition L v. City of Pomona*,
28 Cal. App. 5th 1178, 239 Cal.Rptr.3d 750 (2018) ....... 10, 14, 15, 17

*Countrywide Home Loans, Inc. v. Superior Court*,
69 Cal. App.4th 785, 82 Cal. Rptr.2d 63 (1999) .................. 11, 12, 13

*Cty. of Imperial v. Superior Court*,
152 Cal.152 App. 4th 13, 61 Cal. Rptr. 3d 145 (2007) ..................... 10

*In re Marriage of Ramirez*,
198 Cal. App. 4th 336, 132 Cal. Rptr. 3d 41 (2011) ........................ 10

*Sehulster Tunnels/Pre-Con v. Traylor Bros./Obayashi Corp.*,
111 Cal. App. 4th 1328, 4 Cal. Rptr. 3d 655 (2003) .................. 14, 16

*Simonelli v. City of Carmel-by-the-Sea*,
240 Cal.App.4th 480, 192 Cal.Rptr.3d 609(2015) ........................... 16

*TG Oceanside, L.P. v. City of Oceanside*,
156 Cal. App. 4th 1355 (2007)............................................................ 10

## Federal Cases

*A.J. Kellos Constr. Co. v. Balboa Constr. Co.*,
495 F.Supp. 408 (S.D.Ga.1980) ......................................................... 16

*Acton Co. Inc. of Mass v. Bachman Foods, Inc.*,
668 F.2d 76 (1st. Cir. 1982) ........................................................ 13, 17

## Statutes

11 U.S.C. § 362 ...................................................................................... 7

28 U.S.C. § 1452(b)................................................................................. 9

Cal. Civ. Proc. Code § 389(b) ............................................... *passim*

Cal. Civ. Code § 8430 .......................................................................... 12

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S MEMORANDUM **CARNEY BADLEY SPELLMAN, P.S.**
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO                    701 Fifth Avenue, Suite 3600
DISMISS PURSUANT TO CAL. CODE CIV. PROC § 389(b)  – 3                          Seattle, WA 98104-7010
                                                                                                      (206) 622-8020

Case 19-90080085.doc Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 63
of 97

# I.    INTRODUCTION

In this action, Plaintiff JH Kelly, LLC ("JH Kelly") seeks to recover over $26,000,000 in damages it allegedly incurred during the construction of the "Burney K2 Replacement Project" ("Project"). JH Kelly entered into a subcontract ("Subcontract") with AECOM to perform the construction work at issue. As is often the case with construction contracts, the Subcontract contemplated that JH Kelly may incur damages as a result of the acts and/or omissions of the Project's owner, Pacific Gas & Electric Company ("PG&E"), and specified a dispute resolution procedure for JH Kelly and AECOM to cooperate in the recovery of compensation from PG&E in the event of an owner-related dispute ("PG&E Dispute").

However, rather than follow the mandatory dispute resolution procedure, and despite the fact that its Complaint plainly seeks a determination of PG&E Disputes, JH Kelly brought the present action solely against AECOM. It appears JH Kelly elected to do this, so as to avoid litigating the PG&E Disputes in the United States Bankruptcy Court for the Northern District of California ("Bankruptcy Court") where PG&E's Chapter 11 petition is pending. In doing so, JH Kelly has ignored the dispute resolution process and shirked its contractual obligations with respect to these PG&E Disputes. It has also put AECOM in an untenable and highly prejudicial position, where AECOM must now litigate the same issues in two separate forums against two separate parties. But because PG&E is both necessary and indispensable to the resolution of PG&E Disputes under CCP § 389(a-b), dismissal of this action without prejudice, or a stay until PG&E may be joined, is appropriate.

# II.    FACTUAL BACKGROUND

## A.    Project and Subcontract

PG&E entered into an agreement ("EPC Agreement") with AECOM to design, supply and construct a replacement compressor station ("Project") on PG&E's property in Burney, CA (the "Burney Property"). (Request for Judicial Notice ("RJN"), Ex. 1 (*JH Kelly Statement of Undisputed Material Facts* (*"JH Kelly SUMF"*), No. 1). To complete the construction scope of

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS PURSUANT TO CAL. CODE CIV, PROC § 389(b) – 4

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case 19-30088 Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 64 of 97

work, AECOM entered into the Subcontract with JH Kelly, wherein JH Kelly agreed to be responsible for all construction aspects of the compressor station, construction planning and scheduling, and the supply of certain materials. (*See* RJN, Ex. 2 (*Exhibit A to the Declaration of Craig Yabui* ("*Subcontract*")), § 1.2.1.15).

Critical to this action and motion, the Subcontract provides that JH Kelly will cooperate and assist AECOM in the presentation and prosecution against PG&E of any claim or dispute relating to the acts of PG&E ("PG&E Disputes"):

> **13.3.1** To the extent a claim, dispute or controversy arises out of, or relates to, problems caused by [PG&E] or for which [PG&E] is responsible ("[PG&E] Disputes"), such [PG&E] Disputes ***shall be resolved pursuant to the dispute resolution clause set forth in the EPC Agreement. Both [AECOM] and [JH Kelly] agree to cooperate in the presentation and prosecution or defense of [PG&E] Disputes.*** If, after a request for an extension of time or additional compensation from [JH Kelly], [AECOM] believes that the event causing the delay or additional compensation is the responsibility of [PG&E], then [AECOM] will cooperate with and assist [JH Kelly] in presenting a request for an extension of time or additional compensation to [PG&E]. Notwithstanding the above, [AECOM] reserves the right not to submit a claim to [PG&E]. In such cases, the claim shall be resolved pursuant to Section 13.4.

*Id.*, §13.3.1 (emphasis added). Furthermore, under Section 13.3.2 of the Subcontract, AECOM and JH Kelly each agreed "*to accept the relief as to a time extension or additional compensation obtained from [PG&E]*, if any, as well as all other aspects of the final decision following appeal or the expiration of the time for appeal, *as full and final resolution of any [PG&E Dispute]. Id.*, § 13.3.2 (emphasis added). Last, Section 5.4.1, with respect to claims of PG&E-caused delay, provides that "any disputes between [AECOM] and [JH Kelly] involving delay and resulting damages that arise out of, or relate to, the acts or omissions by [PG&E] or for which [PG&E] is responsible shall be resolved pursuant to Section 13.3 hereof." *Id.*, § 5.4.1.

Thus, the procedure for PG&E Disputes under the Subcontract is straightforward: if JH Kelly seeks additional compensation from AECOM for a PG&E Dispute (as determined by AECOM), then AECOM will support JH Kelly's presentation of its request for compensation.

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS PURSUANT TO CAL. CODE CIV. PROC § 389(b)  – 5

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Further, JH Kelly's entitlement to compensation under the Subcontract for any such PG&E Dispute is established by the relief obtained from PG&E.

The present action, along with JH Kelly's overall litigation strategy, is entirely at odds with this process. Rather than present its claims against PG&E, as required by the Subcontract, JH Kelly has asserted its claims solely against AECOM and actively avoided litigating its claims with PG&E in the Bankruptcy Court.

**B.    Project Difficulties, Changes and Delays**

As acknowledged by JH Kelly, "[i]t is undisputed that the Project experienced substantial cost overruns and delays." (RJN, Ex. 3 *(JH Kelly Memorandum of Points and Authorities in Support of Motion for Summary Adjudication ("JH Kelly MPA")*, at 7). In its Complaint, JH Kelly identifies several key issues and events as the primary cause of its alleged damages, namely, (1) defective bid documents  (RJN, Ex. 4 *(Complaint,* ¶¶ 12, 58-59)), (2) changes to the electrical design and the late issuance of completed electrical design documents[1] *(id.*, ¶¶ 24-35), (3) the implementation of an accelerated schedule with winter work *(id.*, ¶¶ 13-14, 35-37), and (4) increased excavation costs due to the presence of large boulders and changes to JH Kelly's method of excavation *(id,* ¶ 38(h-i))).

During the Project, AECOM identified and treated all of these issues as PG&E Disputes. The bid documents provided to JH Kelly were prepared and provided to AECOM by PG&E and misrepresented (to AECOM and JH Kelly) the Project's electrical design and status of the design completion. (RJN, Ex. 5 (Declaration of S. Petto dated September 30, 2019, with attached Exhibits ("Petto Decl."), ¶ 2; Ex. A)). Similarly, as AECOM explained to JH Kelly in November of 2017, the changes to the electrical design and delays in issuing electrical design drawings were caused by PG&E's extensive and untimely design changes. (RJN, Ex. 5 *(Petto Decl.*, Ex. B)). In fact, AECOM expressly informed JH Kelly that it was seeking relief against

---

[1] These are referred to by JH Kelly as the IFC (Issued for Construction) Electrical drawings.

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS PURSUANT TO CAL. CODE CIV. PROC § 389(b) – 6

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case 19-03058   Doc# 5651-2   Filed: 02/05/20   Entered: 02/05/20 19:30:45   Page 66 of 97

PG&E for these changes and delays and expected "JH Kelly's full participation and support." *Id.* Regarding acceleration and winter work, AECOM specifically requested that PG&E agree to a 90-day winter shutdown, and asserted that PG&E would be responsible for the increased costs and impacts caused associated with "PG&E's directive instructing AECOM to proceed with winter work on an accelerated basis[,]" including JH Kelly's costs. (RJN, Ex. 5 (*Petto Decl.*, Ex. C)). Last, with respect to the increased excavation costs incurred by JH Kelly, AECOM specifically informed JH Kelly that it would be requesting reimbursement from PG&E for these costs, and asked JH Kelly to provide additional documentation as required by Section 13 of the subcontract. (RJN, Ex. 5 (*Petto Decl.*, Ex. D)).

C.     **Procedural History**

1.     **After PG&E announces its intention to file for Chapter 11, JH Kelly files two separate suits against PG&E and AECOM.**

On January 25, 2019, four days before PG&E filed for bankruptcy ("Bankruptcy Action"), JH Kelly filed a complaint for the foreclosure of its mechanic's lien ("Lien Foreclosure Action") against PG&E in this Court. (RJN, Ex. 6 (*JH Kelly Complaint for Foreclosure of Mechanics' Lien ("Complaint for Lien Foreclosure")*)). Therein, JH Kelly alleged damages in the amount of $15,881,776.21, representing the alleged balance owed to JH Kelly under the Subcontract and/or "the reasonable value of the labor, materials and equipment" furnished by JH Kelly. *Id.*, ¶ 11.

JH Kelly, however, knew that the Lien Foreclosure Action would be automatically stayed under 11 U.S.C. § 362[2] once PG&E commenced the Bankruptcy Action. Rather than combining the Lien Foreclosure Action with this lawsuit, JH Kelly bifurcated these interrelated suits, and commenced this action against AECOM on January 29, 2019 (the same day PG&E

---

[2] 11 U.S.C. § 362 provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities," for the commencement or continuation of a judicial "action or proceeding against the debtor . . . to recover a claim against the debtor that arose before the commencement of the case under this title[.]" 11 U.S.C. § 362(1). The stay is also applicable to "any act to create, perfect, or enforce any lien against property of the estate[,]" Id. at § 362(4).

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS PURSUANT TO CAL. CODE CIV. PROC § 389(b)  – 7

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

filed bankruptcy). Just like the Lien Foreclosure Action, JH Kelly seeks to recover from AECOM the reasonable value of the labor, services and materials provided by JH Kelly for the Project in the amount of $15.9M, plus alleged schedule and productivity impacts of approximately $10M. (RJN, Ex. 4 (*Complaint*, ¶¶ 43-48, 64-68)). JH Kelly's own Notice of Related Case filed with this Court acknowledges that both cases "could require duplication of judicial resources because the claims in both cases arise from the same construction project." (RJN, Ex. 7, (*Notice of Related Case*)).

> ### 2. AECOM seeks to resolve JH Kelly's claims in the Bankruptcy Action with the involvement of PG&E.

Because (as detailed below), this dispute cannot be resolved without PG&E's involvement, on March 1, 2019, AECOM removed and transferred the present action to the Bankruptcy Court. (RJN, Ex. 8 (*Notice of Removal*)); (RJN, Ex. 9 (*Notice of Transfer*)). AECOM then filed its Third-Party Complaint against PG&E in the Bankruptcy Action, seeking damages from PG&E for the balance owed under the EPC Agreement, and both JH Kelly's and AECOM's increased costs caused by PG&E's (i) delays and changes to the Project's electrical design (RJN, Ex. 10 (*Third-Party Complaint*, ¶¶ 34-42, 82-85)), (ii) issuance of defective bid documents (*id.*, ¶¶ 28-31, 86-89, 94-99), (iii) PG&E's direction to accelerate the work and perform work through the winter months (*id.* ¶¶ 43-51), and (iv) changes to the contractor's means and methods. (*Id.* ¶ 53). In effect, through the Third-Party Complaint, AECOM seeks a determination of all of the PG&E Disputes in the only forum where all three parties could participate and in the only forum that could give effect to the dispute resolution procedure of the Subcontract.

### D. JH Kelly Removes its Claims Against AECOM Back to State Court.

Despite the obvious benefits of having all PG&E Disputes litigated simultaneously in a single forum, and the inability of a state court to adjudicate the PG&E Disputes without the involvement of PG&E, JH Kelly moved for remand of its claims against AECOM to this Court.

---

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS PURSUANT TO CAL. CODE CIV. PROC § 389(b) − 8

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case: 19-03008 Doc# 5651-2 Filed: 02/05/20 Entered: 02/05/20 19:30:45 Page 68 of 97

(RJN, Ex. 11 (*JH Kelly Motion to Remand Adversary Proceedings ("Motion to Remand")*)). In its Motion for Remand, JH Kelly expressly asked the Bankruptcy Court not to consider the Subcontract's dispute resolution provision in deciding whether to remand:

> The Court need not determine whether or to what extent AECOM presented JH Kelly's claims to PG&E or decide if AECOM made an election under the Subcontract to proceed on a bilateral basis under Section 13.4 without PG&E rather than on a trilateral basis under Section 13.3. Those issues are not before the Court and would require discovery and an evidentiary proceeding to resolve.

*Id.*, at 17. Instead, JH Kelly argued that the Bankruptcy Court should exercise its discretion to abstain from deciding its claims against AECOM on equitable grounds. *Id.* at pp. 19-30. In its brief response to JH Kelly's Motion to Remand, PG&E "express[ed] no view as to whether the contact dispute between JH Kelly and AECOM should be remanded, [but PG&E] does object to any remand that includes the third-party action AECOM commenced against [PG&E]." (RJN, Ex. 12 (*Debtor's Response and Partial Objection to Motion to Remand Adversary Proceeding* ("*Debtor's Response to Motion to Remand")*, at 1)).

In exercising its discretion to abstain the exercise of jurisdiction on equitable grounds, the Bankruptcy Court ordered the severance of AECOM's Third-Party Claim against PG&E and remanded JH Kelly's claims against AECOM to this court pursuant to 28 U.S.C. § 1452(b). (RJN, Ex. 13 (*Order Granting Motion to Remand*, dated June 6, 2019)). Importantly, nothing in the order addresses whether PG&E is a necessary and indispensable party to the present action, as this issue was not before the Bankruptcy Court. *Id.*

After remand, AECOM filed its general denial and affirmative defenses asserting *inter alia* that PG&E is a necessary and indispensable party to this action. (RJN, Ex. 14 (AECOM's General Denial to Complaint and Affirmative Defenses Against JH Kelly, ¶ 2)).

**E.    PG&E Continues to Move Expeditiously with the Bankruptcy Action.**

While JH Kelly has asserted that it "would be forced to wait years for payment" in the Bankruptcy Action, this assertion is not supported by any evidence. (RJN, Ex. 3 (*JH Kelly*

---

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO CAL. CODE CIV. PROC § 389(b)  − 9

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

*MPA*, at p. 19)). To the contrary, PG&E is moving expeditiously with the Bankruptcy Action, as required by the California Legislature, who recently passed legislation that requires PG&E to confirm a plan of reorganization in the Bankruptcy Action by June 30, 2020, in order for PG&E to be eligible to participate in an insurance fund specifically created for California electrical corporations. A.B. 1054, 2019 Assemb. (Cal. 2019). In fact, PG&E already submitted its Chapter 11 Plan of Reorganization (Reorganization Plan) to the Bankruptcy Court on September 9, 2019. (RJN, Ex. 15 (*Chapter 11 Plan of Reorganization*)). Per its most recent motion, PG&E has settled $12 Billion in wildfire liabilities and is on track to meeting the June 30, 2020 deadline. (RJN, Ex. 16 (*Debtor's Motion to Extend Exclusivity Period*, at 13)). Thus, JH Kelly's assertion that it would "be forced to wait years for payment" in the Bankruptcy Action is entirely speculative.

### III. LEGAL ARGUMENT

#### A. Legal Standard

"Because the requirement that indispensable parties be before the court is mandatory, it may be raised at any time . . . ." *In re Marriage of Ramirez*, 198 Cal. App. 4th 336, 345 (2011). "Indispensability is determined by **considering the status of the parties at the time relief is to be entered, or at the time the issue of indispensability is raised**, rather than to their status at the time the suit is filed. *Cty. of Imperial v. Superior Court*, 152 Cal. App. 4th 13, 36–37 (2007) (emphasis added).

"The determination of whether a party is necessary or indispensable is one in which the court weighs factors of practical realities and other considerations." *TG Oceanside, L.P. v. City of Oceanside*, 156 Cal. App. 4th 1355, 1366 (2007). The factors for determining whether a party is necessary and indispensable are set forth in CCP § 389. The "court must determine that a party is necessary under subdivision (a) before assessing whether the party is indispensable under subdivision (b)." *Citizens for Amending Proposition L v. City of Pomona*, 28 Cal. App. 5th 1159, 1178, (2018), *reh'g denied* (Nov. 28, 2018). Here, when considering the practical

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS PURSUANT TO CAL. CODE CIV. PROC § 389(b) – 10

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case 19-30088 Doc# 5651-2 Filed: 02/05/20 Entered: 02/05/20 19:30:45 Page 70 of 97

realities of this case, the Court should find that PG&E is a necessary party under CCP § 389(a) and indispensable under CCP § 389(b).

## B. PG&E is "Necessary" Under CCP § 389(a)

A party is "necessary" if any one of the following sets of circumstances exist:

(1) in [its] absence complete relief cannot be accorded among those already parties or (2) [it] claims an interest relating to the subject of the action and is so situated that the disposition of the action in [its] absence may (i) as a practical matter impair or impede [its] ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

CCP § 389(a). As applied to PG&E, all three clauses require a finding that PG&E is a necessary party to the PG&E Disputes in the present action.

### 1. Any relief granted without PG&E's joinder will be "hollow".

"Clause (1) stresses the desirability of joining those persons in whose absence the court would be obliged to grant partial or 'hollow' rather than complete relief to the parties before the court." *Countrywide Home Loans, Inc. v. Superior Court*, 69 Cal. App.4th 785, 792 (1999). Thus, joinder is required if "the absentee's nonjoinder precludes the court from *rendering complete justice* among those already joined." *Id.* at 794 (emphasis added). Further, it is important to note that under Clause (1), "[t]he interests that are being furthered here are not only those of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter." *Id.* at 792-93.

Here, the Court cannot render complete justice with respect to JH Kelly's claims against AECOM involving PG&E Disputes. Under the Subcontract, JH Kelly not only agreed that, with AECOM's assistance and cooperation, JH Kelly would prosecute claims for compensation related to PG&E Disputes against PG&E, but also agreed to "accept the relief as to a time extension or additional compensation obtained from Owner, if any, as well as all other aspects of the final decision . . . **as full and final resolution of any Owner Dispute**." (RJN, Ex. 2

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS PURSUANT TO CAL. CODE CIV. PROC § 389(b)  – 11

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

(*Subcontract*, § 13.3.2))(emphasis added). Consequently, without ignoring the specific procedure negotiated and bargained for by AECOM and JH Kelly, there is no way for the Court to determine JH Kelly's entitlement to compensation under the Subcontract in the absence of PG&E. Simply put, until JH Kelly fully and finally prosecutes its claims involving PG&E Disputes against PG&E, the Court must either decline to address the PG&E Disputes until PG&E has been joined or JH Kelly has otherwise fully and finally prosecuted PG&E disputes against PG&E.

Furthermore, permitting JH Kelly to litigate PG&E Disputes in this Court, while those same disputes are pending before the Bankruptcy Court, inherently undermines California's public interest in avoiding repeated lawsuits on the same essential subject matter. Therefore, under CCP § 389(a)(1) and *Countrywide Home Loans*, PG&E is necessary to this action.

> 2. **The determination of JH Kelly's claims will practically prejudice PG&E's property interest in the Burney Property.**

"Clause (2)(i) recognizes the importance of protecting the person whose joinder is in question against the practical prejudice to him which may arise through a disposition of the action in his absence." *Countrywide*, 69 Cal. App.4th at 793.

Here, both AECOM and JH Kelly have asserted claims for foreclosure of mechanic's liens against PG&E's property, in the principal amounts of $23,535,812.39 and $15,881,776.21, respectively. (RJN, Ex. 6 (*Lien Foreclosure Complaint*)); (RJN Ex. 10 (*Third Party Complaint*, ¶¶ 71-81)). Consistent with California law,[3] AECOM's $23,535,812.39 lien is for "the principal unpaid balance then owed to AECOM under the EPC Agreement for the direct costs to complete the Project." (RJN, Ex. 10 (*Third Party Complaint*, ¶¶ 76-77)). This amount includes JH Kelly's costs incurred as a result of "increased scope of work, and costs impacts that directly arise from the design changes (in particular, the IFC Electrical design changes), acts and

---

[3] Under California law, the amount of a lien claim is the lesser of (1) the reasonable value of the work, or (2) the amount owed under the contract. *See* Cal. Civ. Code § 8430.

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS PURSUANT TO CAL. CODE CIV, PROC § 389(b) – 12

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case 19-30088 Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 72
of 97

omissions of PG&E enumerated above." *Id.*, at ¶68. Thus, AECOM's lien claim against the Burney Property includes the vast majority of the $15,881,776.21 in contract/reasonable value damages alleged by JH Kelly.

JH Kelly will likely argue there is no risk of prejudice to PG&E's interest in the Burney Property because JH Kelly's lien will be reduced by any recovery it obtains from AECOM for the Subcontract balance or reasonable value of JH Kelly's services. But this argument fails to consider the practical prejudice to PG&E. Amounts paid by AECOM to JH Kelly to complete the Project are a major component of AECOM's lien against the Burney Property and, consequently, this Court's determination of these amounts necessarily impacts the value of AECOM's own lien on the same property. While PG&E might not be legally bound by this Court's determinations regarding JH Kelly's entitlement to additional compensation, AECOM will use any such determination as persuasive evidence to establish the value of its own lien against PG&E. As explained by the First Circuit of the United States Court of Appeals,[4] as a practical matter, this still impairs or impedes PG&E's interest in the Burney Property."

> Even if [the absent party] would not be legally bound, an adverse ruling would be a persuasive precedent in a subsequent proceeding, and would weaken [the absent party's] bargaining position for settlement purposes. In either case, to proceed without [the absent party] might "as a practical matter impair or impede" [the absent party's] ability to protect its interest in this matter.

*Acton Co. of Massachusetts v. Bachman Foods, Inc.*, 668 F.2d 76, 78 (1st Cir. 1982).

Therefore, because this action requires the Court to determine the lienable value of the work performed by JH Kelly, and because AECOM is seeking to recover those amounts against PG&E through its lien claim, there is a substantial risk of practical prejudice to PG&E's interest in the Burney Property if PG&E is not given an opportunity to contest the amounts sought by JH Kelly in this action.

---

[4] Because Section 389 "tracks the language of its federal counterpart . . . it is therefore appropriate to use federal precedents as a guide to application of the statute." *Countrywide Home Loans, Inc. v. Superior Court*, 69 Cal. App. 4th 785, 792–93, 82 Cal. Rptr. 2d 63 (1999).

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S MEMORANDUM **CARNEY BADLEY SPELLMAN, P.S.**
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO    701 Fifth Avenue, Suite 3600
DISMISS PURSUANT TO CAL. CODE CIV. PROC § 389(b) – 13    Seattle, WA 98104-7010
(206) 622-8020

Case 19-30088 Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 73 of 97

**3.** **Proceeding without PG&E will subject AECOM to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.**

"Clause (2)(ii) recognizes the need for considering whether a party may be left, after the adjudication, in a position where a person not joined can subject him to a double or otherwise inconsistent liability." *Citizens for Amending Proposition L*, 28 Cal. App. at 1178.

Here, there is a substantial, if not inevitable, risk of AECOM incurring double, multiple, or otherwise inconsistent obligations if it is forced to litigate the same subject matter in two different forums against two different parties. This is precisely why the Subcontract requires PG&E Disputes to be resolved under the EPC agreement in a single action and requires JH Kelly's cooperation in the prosecution of such claims. It is also why such agreements are commonplace in the construction industry.[5]

For example, JH Kelly's Complaint attributes certain of its damages to the "11-month delay in issuing the IFC Electrical, and the extensive changes to the IFC Electrical, fundamentally changed the timing, sequencing, and scope of JH Kelly's work on the Project."[6] (RJN, Ex. 4 (*Complaint*, ¶ 34)); (*see also id* ¶¶ 25-35). Through the Third-Party Complaint, AECOM seeks damages from PG&E for its untimely and substantial changes to the IFC Electrical, including those incurred by JH Kelly. (RJN, Ex. 10 (*Third Party Complaint*, ¶¶ 34-42)). Similarly, JH Kelly seeks damages for changes to the scope and method of excavation on the Project. (RJN, Ex. 4 (*Complaint*, ¶38(h-i))). Likewise, AECOM is seeking to recover these exact damages from PG&E. (RJN, Ex. 10 (*Third Party Complaint*, ¶¶ 52-53)). If this Court determines that AECOM has an obligation to compensate JH Kelly for increased costs and delays caused by PG&E's changes to the Project's electrical design or the excavation changes, and the Bankruptcy Court later determines that PG&E has no obligation to compensate

---

[5] *See Sehulster Tunnels/Pre-Con v. Traylor Bros./Obayashi Corp.*, 111 Cal. App. 4th 1328, 1349, 4 Cal. Rptr. 3d 655 (2003) ("The pass-through process and such agreements are designed to shorten the legal process by not requiring the subcontractor to first sue the general contractor and the latter to actually pay damages to the former before suing the owner.").

[6] "IFC Electrical" refers to the final, "Issued-for-Construction" electrical design package for the Project.

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO CAL. CODE CIV. PROC § 389(b)  − 14

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case 19-30088   Doc# 5651-2   Filed: 02/05/20   Entered: 02/05/20 19:30:45   Page 74 of 97

AECOM for the time and cost impacts resulting from those very same acts, AECOM will undeniably be subject to "inconsistent obligations" under CCP § 389(a)(2)(ii).

The same is true for the parties' respective responsibility for delays to the Project. If this Court finds that JH Kelly did not cause any delays to the Project, while the Bankruptcy Court reaches the opposite conclusion, AECOM would be liable to PG&E for delays caused by JH Kelly but without any recourse against JH Kelly.

Therefore, because all three clauses of CCP § 389(a) independently support a finding that PG&E is a necessary party, the Court must then determine if PG&E is indispensable.

**C.    Because PG&E Is a Necessary Party that Cannot be Joined, Dismissal Without Prejudice is Appropriate.**

"If a person is determined to qualify as a 'necessary' party . . . courts then determine if the party is also 'indispensable.'" *Am. Indian Model Sch. v. Oakland Unified Sch. Dist.*, 227 Cal. App. 4th 258, 296 (2014). Subdivision (b) of CCP § 389 sets forth the factors to follow to determine 'whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice[:]"

> (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff or cross-complainant will have an adequate remedy if the action is dismissed for nonjoinder.

CCP § 389(b); *Citizens for Amending Proposition L*, 28 Cal. App. 5th at 1178–79.

These factors "are not arranged in a hierarchical order, and no factor is determinative or necessarily more important than another." *Citizens for Amending Proposition L*, 28 Cal. App. 5th at 1178–79. Rather, the trial court's "assessment of indispensability and consideration of these factors involve the balancing of competing interests and must be steeped in "pragmatic considerations." *Id.* All four factors weigh entirely in favor of finding that PG&E is indispensable to the PG&E Disputes.

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS PURSUANT TO CAL. CODE CIV. PROC § 389(b) – 15

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case 19-30088 Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 75 of 97

**1.   Both AECOM and PG&E will be prejudiced if JH Kelly's claims are litigated in this Action, while any prejudice to JH Kelly is *De Minimis*.**

In weighing the factors of CCP § 389(b) "potential prejudice is the critical issue in determining whether an absent entity is an indispensable party[.]" *Simonelli v. City of Carmel-by-the-Sea,* 240 Cal.App.4th 480, 485 (2015). In assessing prejudice to the parties under an indispensable party analysis, "prejudice to the plaintiff is rarely a consideration since the plaintiff has elected the forum and the parties." *A.J. Kellos Constr. Co. v. Balboa Constr. Co.*, 495 F.Supp. 408, 414 (S.D.Ga.1980) (*citing* 3A Moore's Federal Practice Manual P 19.07 (2)(1), at 19-166 (2d ed. 1979)).

As explained in Section III B(3) above, the risk of prejudice to AECOM if it is forced to litigate the same issues in two different forums against two different parties where PG&E may not be bound to the findings made in this lawsuit will be substantial. More importantly, permitting this action to proceed will deprive AECOM of its contractual right to have all PG&E Disputes determined in a single setting with all parties involved. California law recognizes that "by contract or settlement agreement, a general contractor and a subcontractor can agree that the contractor will pass through the subcontractor's claims against the contractor to the owner." *Sehulster Tunnels/Pre-Con v. Traylor Bros./Obayashi Corp.*, 111 Cal. App. 4th 1328, 1348 (2003). "The pass-through process and such agreements are designed to shorten the legal process by not requiring the subcontractor to first sue the general contractor." *Id.* at 1349. Thus, allowing JH Kelly to circumvent the contractual dispute resolution process is not only inconsistent with California law, but will result in the exact type of prejudice and judicial inefficiency that the Subcontract was designed to protect against.

Further, any prejudice asserted by JH Kelly is not only immaterial to an indispensable party analysis, but also unsubstantiated. JH Kelly has resisted litigating its claims against PG&E in the Bankruptcy Action based on its unfounded assertion that it "would be forced to wait years for payment" in the Bankruptcy Action. (RJN, Ex. 3 (*JH Kelly MPA*, at 19)).

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS PURSUANT TO CAL. CODE CIV. PROC § 389(b) – 16

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case 19-30088 Doc# 5651-2   Filed: 02/05/20   Entered: 02/05/20 19:30:45   Page 76 of 97

1  However, this alleged prejudice is unsupported by any facts. As explained in Section II E
2  above, PG&E is moving expeditiously with the Bankruptcy Action, having already filed the
3  Reorganization Plan, which it must confirm prior to June 30, 2020, and settled 85% of the
4  wildfire insurance claims.

5      With respect to PG&E, in addition to the potential prejudice to its interest in the Burney
6  Property described in Section III B(2), it may also suffer practical prejudice through any adverse
7  findings made by this Court concerning its responsibility for project delays, increased costs,
8  wrongful withholdings, defective bid documents, and changes to the contractor's means and
9  methods. Such findings will be used as persuasive evidence by AECOM against PG&E in the
10  Bankruptcy Action and prejudice PG&E in a practical sense. *See Acton*, 668 F.2d at 78.

11      **2.    JH Kelly will not be deprived of any remedy if its claims are dismissed**
12          **without prejudice.**

13      Here, JH Kelly cannot claim that it will be without an adequate remedy if this action is
14  dismissed without prejudice. This is not an instance where JH Kelly faces a risk of losing its
15  claims or legal rights due to an impending expiration of the statute of limitations. *See Citizens*
16  *for Amending Proposition L,* 28 Cal. App. 5th at 769. Further, AECOM is prosecuting and
17  presenting JH Kelly's claims in the Bankruptcy Action, as required by the Subcontract, and JH
18  Kelly has not only the right, but a <u>duty</u>, to cooperate in the prosecution of these claims. The
19  only "remedy" that JH Kelly will be deprived of, is the ability to circumvent the Subcontract,
20  and pursue its owner-related claims directly against AECOM without any full and final
21  determination of those claims under the EPC Agreement.

22      **3.    Adequate judgment cannot be rendered in the absence of PG&E.**

23      For the same reasons described in Section III B (1), the Court will not be able to render
24  adequate judgment in the absence of PG&E. Under the Subcontract, JH Kelly's entitlement to
25  compensation for the PG&E Disputes is defined by the relief obtained by AECOM and JH
26  Kelly against PG&E pursuant to Section 13.3. Thus, there is no way for this Court to adjudicate

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S MEMORANDUM    **CARNEY BADLEY SPELLMAN, P.S.**
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO                    701 Fifth Avenue, Suite 3600
DISMISS PURSUANT TO CAL. CODE CIV. PROC § 389(b) – 17                          Seattle, WA 98104-7010
(206) 622-8020

Case: 19-30088  Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 77
of 97

any PG&E Dispute without JH Kelly first exhausting the dispute resolution process in Section 13.3.

### 4. Prejudice may only be lessened through a stay of litigation.

Here, there is no practical means for the Court to lessen this prejudice other than staying the litigation until PG&E may be joined as a party or its presence is no longer required. While dismissal without prejudice is entirely appropriate under these circumstances, AECOM recognizes that JH Kelly's inability to join PG&E is not permanent. For one, AECOM will not oppose any additional attempts by JH Kelly to obtain relief from the Bankruptcy Action's automatic stay. Similarly, upon the resolution of AECOM's Third-Party Complaint in the Bankruptcy Action, PG&E will no longer be necessary and indispensable to this action, as there will be a full and final determination of the PG&E Disputes. Last, based on the recent passing of A.B. 1054, 2019 Assemb. (Cal. 2019) by the California legislature (*see* Section II E *supra*), the fact that PG&E already submitted a Reorganization Plan in the Bankruptcy Action, and PG&E's settlement of $12 Billion in wildfire, there is no indication that resolution of the Bankruptcy Action, and AECOM's pending claims against PG&E on its and JH Kelly's behalf will take "years," as alleged by JH Kelly. Therefore, the court could lessen or avoid the prejudice to AECOM and PG&E discussed above by staying this action until PG&E may be joined or until its participation is no longer required.

### IV. CONCLUSION

In light of the foregoing, the Court should find that PG&E is indispensable to this action and, in equity and good conscience, the action cannot proceed in PG&E's absence. Therefore, the Court should dismiss this action without prejudice, or in the alternative, stay this action until PG&E may be joined or its participation is no longer necessary.

///

///

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS PURSUANT TO CAL. CODE CIV. PROC § 389(b)  – 18

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case 19-30088 Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 78
of 97

DATED this 27th day of September, 2019.

CARNEY BADLEY SPELLMAN, P.S.

By: _____
    S. Jay Terry, (*Pro Hac Vice)*
    C. Scott Penner, SBN 124826
    Elliot C. Copenhaver (*Pro Hac Vice Pending)*

*Attorneys for Defendant AECOM Technical Services, Inc.*

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS PURSUANT TO CAL. CODE CIV. PROC § 389(b)  – 19

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Case 19-30088    Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 79
of 97

# PROOF OF SERVICE

| CASE NAME | : | *JH KELLY v. AECOM TECHNICAL SERVICES, INC.* |
|---|---|---|
| COURT | : | **Shasta** |
| CASE NO. | : | **192600** |

I, the undersigned, declare:

I am over the age of eighteen years and not a party to the cause.  I am employed by the

law firm of Carr, Kennedy, Peterson & Frost, 420 Redcliff Dr., Redding, California 96002.

On this date, I served the document described as: **DEFENDANT AECOM**

**TECHNICAL SERVICES, INC.'S MEMORANDUM OF POINTS AND**

**AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO CAL.**

**CODE CIV. PROC § 389(b)**  on the interested parties in this matter by placing a true copy

thereof in a sealed envelope addressed as follows:

Eric A. Grasberger
Mario R. Nicholas
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Fax 503-220-2480
eric.grasberger@stoel.com
Mario.nicholas@stoel.com

Service of the above document was effectuated by the following means of service:

X       **By Hand Delivery Service** --

X       **By Electronic Mail**

Executed this ___day of September, 2019, at Seattle, Washington.

Patti Saiden

DEFENDANT AECOM TECHNICAL SERVICES, INC.'S MEMORANDUM **CARNEY BADLEY SPELLMAN, P.S.**
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO                       701 Fifth Avenue, Suite 3600
DISMISS PURSUANT TO CAL. CODE CIV. PROC § 389(b)  – 20                       Seattle, WA 98104-7010
                                                                                                                    (206) 622-8020

# EXHIBIT 12

# Tentative Rulings and Resolution Review Hearings
# October 21, 2019
# Department 8

This Court does not follow the procedures described in Rules of Court, Rule 3.1308(a). Tentative rulings appear on the calendar outside the court department on the date of the hearing, pursuant to California Rule of Court, Rule 3.1308(b)(1). As a courtesy to counsel, the court also posts tentative rulings no less than 12 hours in advance of the time set for hearing. The rulings are posted on the court's website (www.shasta.courts.ca.gov) and are available by clicking on the "Tentative Rulings" link. A party is not required to give notice to the Court or other parties of intent to appear to present argument.

*********************************************************************************************
## 8:30 a.m. – Law & Motion
*********************************************************************************************

## EATMON, ET AL VS. LOCKWOOD, ET AL
## Case Number: 191680
## Tentative Ruling on Motion for Attorney's Fees and Costs:

<u>Request for Judicial Notice</u>. Defendant's request for judicial notice is granted, without objection.

<u>Merits of the Motion</u>. CCP §425.16(c)(1) provides that "[i]f the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5." There does not appear to be any allegation here that the motion was filed for the purpose of causing unnecessary delay (in fact, as Defendant points out, several of the defendants charged in the FAC have not yet been served). The allegation is limited to the argument that the motion was frivolous. CCP §128.5 defines frivolous as "totally and completely without merit or for the sole purpose of harassing an opposing party."

"For a determination that an anti-SLAPP action was frivolous, the court must make a finding that the defendant's motion was 'totally and completely without merit,' namely 'any reasonable attorney would agree such motion is totally devoid of merit.'" *Ben-Shahar v. Pickart* (2014) 231 Ca. App. 4th 1043, 1054, citing *Baharian–Mehr v. Smith* (2010) 189 Cal. App. 4th 265, 275.

Here, Defendant sought to strike the various causes of action alleging that the activity of statements made in and participating in a company harassment investigation are protected activity. The Court found that "the actions identified by Defendant are not the actions which form the basis of the causes of action. The allegations of the FAC are much broader and include that Defendant mismanaged, misappropriate and attempted to defraud Plaintiff and the company. It also alleges that Defendant through his actions created a hostile and toxic work place." Ultimately, the Court found that Defendant had not met his initial burden to show protected activity.

There is, however, a difference between denying a motion and determining that the motion was frivolous. In order to find the motion was frivolous, the Court would have to find that "any reasonable attorney would agree such motion is totally devoid of merit."

Here, although the motion was deserving of being denied, it does not rise to the level of being frivolous, as defined in CCP §128.5, as this Court cannot say that it was totally and completely without merit such that any reasonable attorney would agree that the motion was totally devoid of merit. The Court finds that Defendant had a good faith argument and basis for presenting the argument, although the Court was not ultimately persuaded.

The motion for attorney's fees is **DENIED.** A proposed order was lodged with the Court, which will be modified and executed at the time of the hearing. The parties are also reminded of the requirements of CCP § 425.16(j), which requires that "[a]ny party who files a special motion to strike pursuant to this section, and any party who files an opposition to a special motion to strike, shall, promptly upon so filing, transmit to the Judicial Council, by e-mail or facsimile, a copy of the endorsed, filed caption page of the motion or opposition, a copy of any related notice of appeal or petition for a writ, and a conformed copy of any order issued pursuant to this section, including any order granting or denying a special motion to strike, discovery, or fees."

1

**JH KELLY, LLC VS. AECOM TECHNICAL SERVICES**
**Case Number: 192600**
**Tentative Ruling on Plaintiff's Motion for Summary Adjudication:** Plaintiff JH Kelly, LLC moves for summary adjudication of the second affirmative defense in Defendant AECOM Technical Services, LLC's Answer, as well as AECOM's duty to pay JH Kelly within a reasonable time period. The Answer states as an affirmative defense the failure to join necessary and indispensable parties, namely, PG&E.

JH Kelly's Requests for Judicial Notice: JH Kelly requests that the Court take Judicial Notice of 16 items, including pleadings filed by JH Kelly and AECOM in this Court and in Federal Court. Cal. Evidence Code section 452 governs the taking of judicial notice. "Although the existence of a document may be judicially noticeable, the truth of statements contained in the document and its proper interpretation are not subject to judicial notice if those matters are reasonably in dispute." *Unruh-Haxton v. Regents of University of California* (2008) 162 Cal. App. 4th 343, 364 (internal citations omitted). See also California Evidence Code section 450. While the Court will take judicial notice of the <u>fact</u> of pleadings in a case, the Court will not take judicial notice of the <u>truth of the content</u> of those pleadings.

AECOM's Request for Judicial Notice: AECOM requests that the Court take Judicial Notice of various pleadings, including their own MSA, Debtors' Motion and Plan of Reorganization from Bankruptcy Court, and an article in the Los Angeles Times. For the reasons described above, the Court will take Judicial Notice of the <u>fact</u> of the pleadings in this and the Federal Action. Any request for notice of the truth of the <u>contents</u> of those pleadings is denied. As to the *Los Angeles Times* article, the Court notes that "a request for judicial notice of published material is unnecessary. Citation to the material is sufficient." *Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal. 4th 26, 45 fn 9. As such, the Court considers the request to be a citation to the published article.

Factual Background: This case arises out of a construction contract dispute. AECOM was hired to construct a replacement compressor along PG&E's natural gas pipeline in Burney. AECOM subcontracted with JH Kelly. The contract contained 3 provisions that appear to be at issue, related to JH Kelly's recovery in the event of delays or disputes:

1. §5.4.1: Subcontractor's recovery shall be limited to the amount, if any, which Design-Builder, on behalf of Subcontractor, actually receives from Owner on account of such claim. Payment by Owner shall be an express condition precedent to Design-Builder's duty of payment to Subcontractor.

2. §7.2.4: Design-Builder shall make payment on Subcontractor's properly submitted and accurate Application for Payment within seven (7) days after Design-Builder's receipt of payment from Owner on account of Subcontractors monthly Application for Payment, but in each case less the total of payments previously made, and less amounts properly withheld under this Agreement.

3. §13.3.1: To the extent a claim, dispute or controversy arises out of, or relates to, problems caused by Owner or for which Owner is responsible ("Owner Disputes"), such Owner Disputes shall be resolved pursuant to the dispute resolution clause set forth in the EPC Agreement. Both Design-Builder and Subcontractor agree to cooperate in the presentation and prosecution or defense of Owner Disputes. If, after a request for an extension of time or additional compensation from Subcontractor, Design-Builder believes that the event causing the delay or additional compensation is the responsibility of Owner, then Design-Builder will cooperate with and assist Subcontractor in presenting a request for an extension of time or additional compensation to Owner. Notwithstanding the above, Design-Builder reserves the right not to submit a claim to Owner. In such cases, the claim shall be resolved pursuant to Section 13.4.

The parties do not dispute that the project experienced substantial cost overruns and delays. JH Kelly filed a complaint for a foreclosable mechanics lien against PG&E under a separate case number on January 25, 2019. On January 29, 2019, PG&E filed a Voluntary Petition for Bankruptcy. The same day, JH Kelly filed

3

this breach of contract action against AECOM. On March 1, 2019, AECOM removed this action to Bankruptcy Court. On April 16, 2019, this Court issued a Stay. AECOM subsequently filed a third-party complaint against PG&E in Bankruptcy Court. JH Kelly filed a motion to remand the litigation back to this court on April 16, 2019. That motion was granted on June 6, 2019. AECOM's third party claim was severed, and the action between JH Kelly and AECOM was remanded to this Court. AECOM filed its Answer on June 29, 2019. In the Answer, AECOM alleges an affirmative defense of Failure to Join Indispensable Parties.

JH Kelly now seeks summary adjudication of the second affirmative defense, Failure to Join Indispensable Parties. JH Kelly further seeks summary adjudication of the issue of AECOM's contractual duty to pay JH Kelly within a reasonable time

Analysis: JH Kelly's motion for summary adjudication seeks to negate an affirmative defense, and also to establish a legal issue or claim for damages.

*Second Affirmative Defense.* AECOM has asserted as an affirmative defense that PG&E is a necessary and indispensable party, and that in the absence of PG&E, any relief granted will be hollow.

CCP § 389(a) mandates joinder of a party if:

(1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

In the event that a party meets the above definition of a person who should be joined (also known as a "necessary" party), but cannot be joined in the action, the court must engage in a determination of "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice, the absent person being thus regarded as indispensable." CCP § 389(b). Factors that the Court may consider in making such a determination include:

(1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff or cross-complainant will have an adequate remedy if the action is dismissed for nonjoinder.

Notably, the issue of failure to join a necessary and indispensable party is one that can be raised by a party at any time, or *sua sponte* by the Court. *In re Marriage of Ramirez* (2011) 198 Cal. App. 4th 336, 345. Indispensability is determined by determining the status of the parties at the time relief is to be entered, or at the time the issue of indispensability is raised, rather than their status at the time the suit is filed." *City of Imperial v. Superior Court* (2007) 152 Cal. App. 4th 13, 36-37. *See also Kraus v. Willow Park Public Golf Course* (1977) 73 Cal.App.3d 354, 368*; Union Carbide Corp. v. Superior Court* (1984) 36 Cal.3d 15, 22.

Here, the contract between the parties provides for a method of dispute resolution between the parties where the dispute does not involve PG&E (Section 13.4 of Exhibit A) and in the event of overages or charges stemming from PG&E's conduct or decision (Section 13.3 of Exhibit A). Where the dispute involves or relates to problems caused by PG&E or are the responsibility of PG&E, the contract requires the prosecution or defense of these disputes under the dispute resolution clause of the EPC Agreement and both parties (JH Kelly and AECOM) agree to accept the relief awarded as full and final resolution of the claim.

In order to determine damages owed to JH Kelly in this case, the Court will have to determine whether the unpaid amounts were due to the conduct or decisions of PG&E, AECOM, or JH Kelly itself. If the unpaid

4

amounts were due to the conduct or decisions of PG&E, the Court must conduct a CCP § 389 analysis.

PG&E's responsibility (or lack thereof) for the damages claimed by plaintiff appear to be directly at issue or arguably intertwined with regard to a number of plaintiff's claims. For example, the Complaint includes the following, "Specifically, the AECOM Defendants are wrongfully withholding (i) $750,000 from JH Kelly based on PG&E's assessment of $1,500,000 in liquidated damages against AECOM defendants for the AECOM defendants' failure to meet the project substantial completion deadline" (Complaint page 14 Lines 22-25).

AECOM is correct that PG&E's status will likely change during the pendency of this action, which will necessitate the Court engaging in the CCP § 389 balancing again. It is also true that there may come a time when AECOM's Bankruptcy action against PG&E involving these same issues has been adjudicated, and PG&E is no longer a necessary or indispensable party. However, because a Motion for Summary Adjudication should only be granted where it completely disposes of an affirmative defense, and because joinder of indispensable parties is a fluid concept that may change depending on any number of factors, and may be raised again, the Court finds that it is not an appropriate subject for the granting of Summary Adjudication in this case at this time.

However, even if this were an appropriate subject for Summary Adjudication, the court would deny the motion in this case. The entire dispute in this matter revolves around the "substantial cost overruns and delays" of the project to rebuild a compressor on PG&E's pipeline. Under CCP § 389(a), PG&E is a necessary party if either of the two elements is met. Here, there is evidence that, without PG&E, complete relief cannot be accorded among those already parties to the action. While JH Kelly is correct in that AECOM could be ordered to pay JH Kelly damages, there is evidence that AECOM would not be provided relief in this action without determination of its rights against PG&E. Further, there is a triable issue as to whether JH Kelly is contractually obligated to cooperate and assist AECOM in litigation against PG&E.

Additionally, there is evidence that PG&E has an interest in the subject of this action, in that the fact finder in this action will necessarily have to make findings of fault and calculations of damages as part of the determination of the action. JH Kelly has a parallel action pending against PG&E related to similar issues, as does AECOM. JH Kelly and AECOM have mechanic's liens on PG&E's property. There is evidence that determining the issues in the instant case in the absence of PG&E will leave the parties at a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of PG&E's interest.

Finally, it appears that there are triable issues as to whether PG&E is indispensable under CCP §389(b). Because parallel issues are being litigated in Bankruptcy Court, and any judgment rendered in this Court would not be binding on the parties, there is no way to protect against any prejudice to PG&E, JH Kelly, or AECOM.

Because there is a triable issue as to whether PG&E is a necessary and indispensable party, and because summary adjudication on that issue as requested by JH Kelly would not completely dispose of that defense, the Motion for Summary Adjudication as to Affirmative Defense No. 2 is denied.

*AECOM's Contractual Duty to Pay JH Kelly Within a Reasonable Time*. A motion for summary adjudication lies where one or more causes of action or affirmative defenses lack merit. CCP § 437c(f).

CCP § 437c(f) allows a motion for summary adjudication to lie as it relates to "one or more issues of duty…if the party contends… that one or more defendants either owed or did not owe a duty to the plaintiff…." JH Kelly has filed a complaint alleging breach of contract, breach of implied warranty, breach of implied covenant of good faith and fair dealing, quantum meruit, and violation of prompt payment laws. "[I]f, under the facts and circumstances of a given case, a court finds it appropriate to determine the existence or non-existence of a duty in the nature of a contractual obligation, it may properly do so by a ruling on that issue presented by a motion for summary adjudication." *Linden Partners v. Wilshire Linden Associates* (1998) 62 Cal. App. 4th 508, 519.

*Linden* involved a real estate transaction where the defendants sold an office building to Plaintiffs. A dispute arose as to one of the subleasing tenants of the building. Plaintiffs sought summary adjudication on the

5

issue of the defendants' duty to deliver estoppel certificates that accurately reflected monthly rent for each tenant. The defendants alleged that this was beyond the scope of what CCP § 437c(f) permitted. In ruling against the argument of the defendants, the Court reiterated that "the existence and scope of a duty is a question of law for the court." *Id.* at 518.

In this matter, the JH Kelly has submitted a copy of the contract (sans exhibits). That contract contains provisions as outlined by JH Kelly – 5.4.1, 7.2.4, and 13.3.1. Section 5.4.1 explicitly states that "any disputes between Design-Builder and Subcontractor involving delay and resulting damages that arise out of, or relate to, the acts or omissions by Owner or for which Owner is responsible shall be resolved pursuant to Section 13.3 hereof." The section goes on to limit the recovery to the amount actually received by AECOM from PG&E. And finally, the section, which deals expressly with owner-caused delays, states that "[p]ayment by Owner shall be by an express condition precedent to Design-Builder's duty of payment to Subcontractor."

Section 5.4.3 provides that any delay as a result of AECOM's conduct will cause AECOM to be liable to JH Kelly for JH Kelly's "actual direct damages cause by Design-Builder." Section 5.4.4 provides that delays caused by JH Kelly shall result in JH Kelly being responsible to "compensate and indemnify Design-Builder for all costs and expenses arising from such delay." Section 5.4.5 precludes JH Kelly from recovering "any damages for any delays, disruptions or interferences cause by Subcontractor or its Sub-Subcontractors."

Section 7.2.4 governs prompt payments, as discussed above. And section 13.3 governs disputes over Owner-caused delays and overages.

These provisions make it clear that the pivotal question in determining the duty, if any, owed by AECOM to pay JH Kelly turns on the questions of what money was owed, for how much, what entity was the cause of the delays and overages so that a determination can be made of which contractual provision(s) apply to the controversy.

Under CCP § 437c(f), a "motion for summary adjudication shall be granted only if it completely disposes of a cause of action, an affirmative defense, a claim for damages, or an issue of duty." There is a triable issue here as to the cause of the delays and damages. The cause of the delays and damages controls the duties of the parties to act, in offering prompt payment or prosecuting actions against PG&E. JH Kelly has raised the allegation that the delays and resulting damages were the fault of AECOM alone. AECOM has raised the allegation that PG&E was at fault. Viewing the evidence in the light most favorable to the party opposing the motion, it is not unreasonable to believe that a jury could conclude that PG&E bears the fault of the delays. In that case, AECOM would not owe JH Kelly a duty to pay until which time the controversy with PG&E is determined under the EPC Agreement. Under such provision, JH Kelly and AECOM would be bound to prosecute an action against PG&E and to support one another in that action and accept the relief granted in that action. These triable issues of fact preclude the granting of the Motion for Summary Adjudication as to the issue of AECOM's contractual duty to pay JH Kelly within a reasonable time and it is therefore also denied.

**The Court notes that plaintiff's Supplemental Declaration of David B. Levant in Support of JH Kelly's Motion for Summary Adjudication and Supplemental Request for Judicial Notice in Support of JH Kelly, LLC's Motion for Summary Adjudication filed October 18, 2019 were untimely and therefore not considered by the Court.**

JH Kelly's motion for summary adjudication is **DENIED** in its entirety. A proposed order has been submitted and will be executed by the Court.

**Tentative Ruling on Defendant's Motion for Summary Adjudication:** AECOM Technical Services, Inc. (AECOM) moves for summary adjudication of the Fourteenth, Fifteenth, and Sixteenth Affirmative Defenses in its Answer, as well as the issue of JH Kelly, LLC (JH Kelly)'s duty to cooperate, as well as declaratory relief as requested in its Cross-Complaint.

AECOM's Requests for Judicial Notice: In support of their motion, AECOM requests that this Court take judicial notice of 12 pleadings in this and the related Federal Bankruptcy cases, including their own general

6

denial and affirmative defenses in this matter. "Although the existence of a document may be judicially noticeable, the truth of statements contained in the document and its proper interpretation are not subject to judicial notice if those matters are reasonably in dispute." *Unruh-Haxton v. Regents of University of California* (2008) 162 Cal. App. 4th 343, 364 (internal citations omitted). See also California Evidence Code section 450. There being no objection to these documents, the Court will take judicial notice of the fact of the pleadings, but not as to the truth of statements contained therein.

JH Kelly's Requests for Judicial Notice: In support of their opposition, JH Kelly requests that this Court take judicial notice of its own reply brief in support of JH Kelly's Motion for Summary Adjudication, as well as JH Kelly's own response to AECOM's Separate Statement of Additional Material Facts. For the reasons discussed above, the Court will take judicial notice of the fact that those documents were filed, but not as to the veracity or interpretation of the content therein.

Merits of Motion: A party may move for summary adjudication as to one or more causes of action or affirmative defenses if the cause of action lacks merit. See Code of Civ. Proc. § 437c(f). The motion for summary adjudication may only be granted if it completely disposes of a cause of action, an affirmative defense, a claim for damages, or an issue of duty. *Id.*; see also *Lilienthal & Fowler v. Superior Court* (1992) 12 Cal.App.4th 1848, 1853–1854.

The moving party "bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law." *Law Offices of Dixon R. Howell v. Valley* (2005) 129 Cal. App. 4th 1076, 1091 (citing *Aguilar v. Atlantic Richfield* (2001) 25 Cal. 4th 826, 850). Any evidentiary doubts or ambiguities must be resolved in the opposing party's favor. *Nazir v. United Airlines, Inc.* (2009) 178 Cal.App.4th 243, 254.

In the context of a contractual dispute, when the meaning of the language of a contract is uncertain, the question is one of fact. *Walsh v. Walsh* (1941) 18 Cal. 2d 439, 441. When the court has to examine extrinsic circumstances to construe the intent of the parties, "it is the primary duty of the trial court to construe the language after a full opportunity afforded to all parties in the case to produce evidence of facts, circumstances and conditions surrounding its effect and the conduct of the parties relating thereto. Such duty is not performed, cannot be performed by the summary judgment procedures." *Loree v. Robert F. Driver Co.* (1978) 87 Cal. App. 3d 1032, 1040.

*Fourteenth, Fifteenth, and Sixteenth Affirmative Defenses*. AECOM argues that summary adjudication should be granted, because JH Kelly failed to exhaust, or even follow, the mandatory dispute resolution procedures set forth in Section 13.3 of the subcontract. AECOM argues that section 13 of the subcontract unambiguously mandates that JH Kelly present and assist in the prosecution of PG&E disputes against PG&E until a final decision is rendered, which decision is binding on JH Kelly and AECOM. AECOM argues that, because JH Kelly has gone out of its way to avoid compliance by splitting its claim against PG&E and AECOM into separate actions pending in this Court, and by declining to prosecute PG&E disputes against PG&E in the Bankruptcy Action. Conversely, JH Kelly argues that section 13.3 of the subcontract provides that AECOM may assert a claim involving JH Kelly against PG&E, which triggers the dispute resolution provision of the contract between AECOM and PG&E, in which prompt presentation of claims is required. Alternatively, according to JH Kelly, JH Kelly may assert a claim to AECOM, who determines whether PG&E has a potential role in the claim. In that event, according to JH Kelly, AECOM must either cooperate with and assist JH Kelly in presenting a request to PG&E, or not submit a claim to PG&E and proceed pursuant to section 13.4 of the subcontract (the route followed by JH Kelly here).

The parties have clearly laid out material, triable issues of fact as to the meaning of contractual provisions in both the subcontract, as well as the contract between AECOM and PG&E. In the context of a contractual dispute, when the meaning of the language of a contract is uncertain, the question is one of fact. *Walsh v. Walsh* (1941) 18 Cal. 2d 439, 441. When the court has to examine extrinsic circumstances to construe

7

the intent of the parties, "it is the primary duty of the trial court to construe the language after a full opportunity afforded to all parties in the case to produce evidence of facts, circumstances and conditions surrounding its effect and the conduct of the parties relating thereto. Such duty is not performed, cannot be performed by the summary judgment procedures." *Loree v. Robert F. Driver Co.* (1978) 87 Cal. App. 3d 1032, 1040. There being triable issues of material fact as to the meaning of the contractual provisions, and the underlying cause of the damages, the motion for summary adjudication as to these affirmative defenses is denied.

*JH Kelly's Duty to Cooperate*. AECOM next argues that it is entitled to summary adjudication on the issue of JH Kelly's duty to cooperate under section 13.3 of the subcontract. According to AECOM, Section 13.3.1 is unambiguous. Both parties agreed to cooperate in the presentation of disputes involving Owner disputes, which are defined as any claim, dispute, or controversy that arises out of or relates to problems caused by Owner (PG&E) or for which Owner is responsible. According to AECOM, nothing in the contract permits JH Kelly to avoid its duty by simply denying that its claims relate to PG&E's conduct. Conversely, JH Kelly argues that it has no such duty, because AECOM chose not to assert the majority of its claims on the project against PG&E. JH Kelly points out that the subcontract provides AECOM with the election to either cooperate with and assist JH Kelly in presenting claims to PG&E, in which case the claims must be presented within 30 days (as JH Kelly reads the dispute resolution provisions of the contract between PG&E and AECOM), or AECOM could choose not to submit the claims, in which case the claims must be resolved pursuant to section 13.4 of the subcontract. Because, in JH Kelly's opinion, AECOM elected not to submit the claims, section 13.4 controls, and JH Kelly has no obligation to participate in prosecuting those claims against PG&E.

Once again, the parties have highlighted material, triable issues of fact related not only to contractual provisions, but to the cause of the costs and delays. There being triable issues of material fact as to the meaning of the contractual provisions, and the underlying cause of the damages, the motion for summary adjudication as to JH Kelly's duty to cooperate is denied.

*Declaratory Relief*. AECOM seeks declaratory relief, as raised in its Cross-Complaint, regarding (1) JH Kelly's duty to follow the dispute process in the subcontract; (2) the binding effect of any final determination of the Owner disputes on JH Kelly, and (3) JH Kelly's obligation to indemnify AECOM from claims for property damage and defective work caused by JH Kelly or its sub-subcontractors under section 11.4.1 of the subcontract. JH Kelly argues that this request should be denied, as there are disputed material facts as to whether AECOM timely presented JH Kelly's claims as "Owner disputes" to PG&E under section 13.3. The same logic, according to JH Kelly, extends to AECOM's motion regarding JH Kelly's alleged duty under section 13.3. That argument is premised on whether JH Kelly's claims are Owner disputes, which, as JH Kelly points out, is a material fact at issue in the case. JH Kelly further argues that AECOM's request for declaratory relief is premature, and boils down to a request for an advisory opinion before factual determinations have been made

JH Kelly's arguments on this point are well-taken. It is clear from all of the briefing and the more than 1,800 pages of exhibits that there are significant, material, triable issues of fact here as to the interpretation of contractual provisions, the cause of the delays and cost overruns, and offsets from various events that occurred during the years in which this construction project was ongoing. Because there are material, triable issues of fact related to these points, the motion for summary adjudication related to declaratory relief is denied.

There being material, triable issues of fact as to each of three areas identified by AECOM in their Motion for Summary Adjudication, the motion is **DENIED** in its entirety. A proposed order has been submitted and will be modified and executed by the Court.


## ORREY, ET AL VS. OCWEN LOAN SERVING, LLC
**Case Number: 192094**

**Tentative Ruling on Defendants' Demurrer to the Complaint:** Ocwen Loan Servicing, LLC (Ocwen) and Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2007-6, Asset-Backed Certificates, Series 2007-6 (Wells Fargo) demur to a document titled "Plaintiff's First Amended Complaint to Defendant's

# EXHIBIT 13

Case: 19-30088    Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 89
of 97

# OR:3INAL

1  ERIC A. GRASBERGER (Admitted *Pro Hac Vice*)
   MARIO R. NICHOLAS (SB #273122)
2  STOEL RIVES LLP
   760 SW Ninth Avenue, Suite 3000
3  Portland, OR  97205
   Telephone:  503.224.3380
4  Facsimile:  503.220.2480

5  Attorneys for Plaintiff
   JH Kelly, LLC
6

7

**FILED**

OCT 2 1 2019

CLERK OF THE SUPERIOR COURT
BY: C. REGER, DEPUTY CLERK

8        SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   COUNTY OF SHASTA

10  JH KELLY, LLC, a Washington limited          CASE NO. 192600
    liability company,                           DENYING
11                                               (PROPOSED) ORDER GRANTING JH
                    Plaintiff,                   KELLY, LLC'S MOTION FOR
12                                               SUMMARY ADJUDICATION
           v.
13                                               Date:    October 21, 2019
    AECOM TECHNICAL SERVICES, INC., a            Time:    8:30 a.m.
14  purported California corporation; and        Dept:    8
    DOES 1 through 10, inclusive,                Judge:   Tamara L. Wood
15
                    Defendants.                  Complaint Filed:  January 29, 2019
16                                               Trial Date:  TBD

17

18       The motion of Plaintiff JH Kelly, LLC ("JH Kelly"), for summary adjudication of (1)

19  AECOM Technical Services, Inc.'s ("AECOM") Second Affirmative Defense that Pacific Gas

20  and Electric Company ("PG&E") is an indispensable party pursuant to Code of Civil Procedure

21  ("CCP") section 389 and (2) a determination of AECOM's contractual duty to pay JH Kelly

22  within a reasonable time, and notwithstanding sections 5.4.1 and 7.2.4 of the parties' contract (the

23  "Subcontract"), came on for hearing before me on October 21, 2019.

24       After full consideration of the evidence submitted by the parties, it appears and the Court

25  finds that there ~~is no~~ are triable issues of any material fact and that JH Kelly ~~is entitled to summary~~ Motion For Summary

~~adjudication as to (1) AECOM's Second Affirmative Defense that PG&E is an indispensable~~ adjudication is denied upon the ruling which was made the trial ruling and is attached

27  ~~party pursuant to CCP section 389 and (2) the existence of a contractual duty for AECOM to pay~~

28  hereto.

-1-

**RECEIVED**

OCT 15 2019

Case: 19-30088   Doc# 5651-2   Filed: 02/05/20   Entered: 02/05/20 19:30:45   Page 90
of 97

CLERK OF THE
SUPERIOR COURT

BY FAX

1  ~~JH Kelly within a reasonable time, and notwithstanding sections 5.4.1 and 7.2.4 of the~~
2  ~~Subcontract.~~

3  As to JH Kelly's first request for summary adjudication, regarding AECOM's Second
4  Affirmative Defense that PG&E is an indispensable party pursuant to CCP section 389, the Court
5  hereby finds that there are no genuine issues regarding the following facts:

6  1.    AECOM performed work on PG&E's natural gas distribution compressor station
7  near Burney, California (the "Project") pursuant to an Engineering, Procurement and
8  Construction of Natural Gas & Electric Transmission Facilities Agreement with PG&E;

9  2.    AECOM entered into the Subcontract with JH Kelly for the performance of certain
10  construction work for the Project;

11  3.    On January 29, 2019, PG&E filed a Voluntary Petition for Non-Individuals Filing
12  for Bankruptcy in the U.S. Bankruptcy Court for the Northern District of California (the
13  "Bankruptcy Proceeding");

14  4.    PG&E is not a necessary party to the above-captioned lawsuit under CCP section
15  389(a); and

16  5.    Even if PG&E were a necessary party to the above-captioned lawsuit (the
17  "Lawsuit"), which it is not, PG&E is not an indispensable party under CCP section 389(b)
18  because, among other reasons, JH Kelly will not have an adequate remedy if the action is
19  dismissed for nonjoinder of PG&E as a result of the Bankruptcy Proceeding.

20  As to JH Kelly's second request for summary adjudication, regarding AECOM's
21  contractual duty to pay JH Kelly within a reasonable time, and notwithstanding sections 5.4.1 and
22  7.2.4 of the Subcontract, the Court hereby finds that there are no genuine issues regarding the
23  following facts:

24  1.    AECOM performed work on PG&E's natural gas distribution compressor station
25  near Burney, California (the "Project") pursuant to an Engineering, Procurement and
26  Construction of Natural Gas & Electric Transmission Facilities Agreement with PG&E;

27  2.    AECOM entered into the Subcontract with JH Kelly for the performance of certain
28  construction work for the Project;

-2-

STOEL RIVES LLP
ATTORNEYS AT LAW
Portland

(PROPOSED) ORDER GRANTING JH KELLY'S MOTION FOR SUMMARY ADJUDICATION
CASE NO. 192600
Case: 19-30088    Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 91
of 97

1    3.    Section 5.4.1 of the Subcontract purports to make AECOM's receipt of payment

2    from PG&E for "Owner-Caused Delays", as defined in the Subcontract, an express condition

3    precedent to AECOM's duty to pay JH Kelly, as follows:

4        ".... Subcontractor's recovery shall be limited to the amount, if any, which
5        Design-Builder, on behalf of Subcontractor, actually receives from Owner on
         account of such claim. Payment by Owner shall be by [sic] an express condition
6        precedent to Design-Builder's duty of payment to Subcontractor."

7    The above-quoted language from Section 5.4.1 of the Subcontract is generally referred to as a

8    "pay if paid" provision, and such provisions are void and unenforceable under California law.

9    Accordingly, to the extent JH Kelly is found to be entitled to payment under Section 5.4.1 of the

10   Subcontract, AECOM has a contractual duty to pay JH Kelly within a reasonable time. What

11   constitutes a "reasonable time" under Section 5.4.1 shall be determined at an appropriate later

12   time based on the facts of this case.

13       4.    Section 7.2.4 of the Subcontract purports to make AECOM's receipt of payment

14   from PG&E a condition precedent to AECOM's duty to pay JH Kelly, as follows:

15       "Design-Builder shall make payment on Subcontractor's properly submitted and
         accurate Application for Payment *within seven (7) days after Design-Builder's*
16       *receipt of payment from Owner* on account of Subcontractor's monthly
         Application for Payment, but in each case less the total of payments previously
17       made, and less amounts properly withheld under this Agreement...."

18   (Emphasis added.)  The above-quoted language from Section 7.2.4 of the Subcontract is generally

19   referred to as a "pay when paid" provision. Accordingly, to the extent JH Kelly is found to be

20   entitled to payment under Section 7.2.4 of the Subcontract, AECOM has a contractual duty to pay

21   JH Kelly within a reasonable time. What constitutes a "reasonable time" shall be determined at

22   an appropriate later time based on the facts of this case.

23       IT IS ORDERED that JH Kelly's motion for summary adjudication is granted and that:

24       (1)    AECOM's Second Affirmative Defense that PG&E is an indispensable party

25   under CCP section 389 has no merit under CCP section 437c(f)(1) and is stricken; and

26       (2)    Subject to a finding of JH Kelly's entitlement to payment under Section(s) 5.4.1

27   and/or 7.2.4 of the Subcontract, AECOM has a contractual duty to pay JH Kelly under Section(s)

28

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

-3-

5.4.1 and/or 7.4.2 within a "reasonable time," as determined at an appropriate later time by the facts of this case.

IT IS SO ORDERED:

Dated: 10/31/17

Honorable Tamara L. Wood

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

-4-

(PROPOSED) ORDER GRANTING JH KELLY'S MOTION FOR SUMMARY ADJUDICATION
CASE NO. 192600

Case: 19-30088    Doc# 5651-2    Filed: 02/05/20    Entered: 02/05/20 19:30:45    Page 93
of 97

| | |
|---|---|
| 1 | <div align="center">**DECLARATION OF SERVICE**</div> |
| 2 | I declare that I am over the age of 18 years and not a party to this action. I am employed |
| 3 | in the City of Portland and County of Multnomah and my business address is 760 SW Ninth Avenue, Suite 3000, Portland, Oregon 97205. |
| 4 | On October 15, 2019, at Portland, Oregon, I served the attached document(s): |
| 5 | **(PROPOSED) ORDER GRANTING JH KELLY, LLC'S MOTION FOR SUMMARY ADJUDICATION** |
| 6 | on the following parties: |

1    DECLARATION OF SERVICE

2        I declare that I am over the age of 18 years and not a party to this action. I am employed
     in the City of Portland and County of Multnomah and my business address is 760 SW Ninth
3    Avenue, Suite 3000, Portland, Oregon 97205.

4        On October 15, 2019, at Portland, Oregon, I served the attached document(s):

5    **(PROPOSED) ORDER GRANTING JH KELLY, LLC'S MOTION FOR
     SUMMARY ADJUDICATION**
6
     on the following parties:
7
         Stanley J. Terry (PHV) (Attorney)          terry@carneylaw.com
8        Elliott C. Copenhaver (Attorney)           copenhaver@carneylaw.com
         Patti Saiden (Legal Asst.)                 saiden@carneylaw.com
9        Ann Durkin (Legal Asst.)                   durkin@carneylaw.com

10       Carney Badley Spellman, P.S.

11       Robert M. Harding (Attorney)               RHarding@ckpf.com
         Randy C. Nelson (Attorney)                 RNelson@ckpf.com
12       Patrick M. Hensleigh (Attorney)            PHensleigh@ckpf.com
         Randi Diem (Legal Asst.)                   Rdiem@ckpf.com
13
         Carr, Kennedy, Peterson & Frost
14

15   **Attorneys for Defendant/Cross-Complainant AECOM Technical Services, Inc.**

16   ☒  **BY EMAIL:** Pursuant to the email service agreement between the parties, on the date written above, I emailed
        a copy of the attached documents to the addressee, as shown on the service list above.
17
        I declare under penalty of perjury under the laws of the State of California that the
18   foregoing is true and correct and that this document was executed on October 15, 2019, at
     Portland, Oregon.
19
                                                        *Cherie Clark*
20                                                      Cherie Clark

21

22

23

24

25

26

27

28
                                              -1-

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

# EXHIBIT 14

1   C. Scott Penner, SBN 124826
    S. Jay Terry (Pro Hac Vice)
2   Elliot C. Copenhaver (Pro Hac Vice)
    Carney Badley Spellman, P.S.
3   701 Fifth Avenue, Suite 3600
    Seattle, WA 98104-7010
4   (206) 622-8020

5
    Robert M. Harding, SBN 101751
6   Randall C. Nelson, SBN 138298
    Carr, Kennedy, Peterson & Frost
7   420 Redcliff Drive
    Redding, CA 96002
8   (530) 222-2100

9
    **Attorneys for Defendant/Cross-Complainant**
10  *AECOM Technical Services, Inc.*

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA
                          COUNTY OF SHASTA
13

14  JH KELLY, LLC, a Washington limited
    liability company,                          CASE NO. 192600
15
                    Plaintiff,                  **ORDER DENYING DEFENDANT**
16                                              **AECOM TECHNICAL SERVICES,**
              v.                                **INC.'S MOTION TO DISMISS FOR**
17                                              **FAILURE TO JOIN INDISPENSABLE**
    AECOM TECHNICAL SERVICES, INC., a           **PARTY PURSUANT TO CAL. CODE**
18  purported California corporation, and DOES   **CIV. PROC § 389(b)**
    1 through 10, inclusive,
                                                Date:  October 28, 2019
19                  Defendants.                 Time:  8:30 a.m.
20                                              Dept:  8
                                               Judge: Tamara L. Wood
21

22                                             Complaint Filed: January 29, 2019
                                               Trial Date: TBD
23

24      The motion of Defendant AECOM Technical Services, Inc. ("AECOM"), for an order

25  dismissing this action for nonjoinder of Pacific Gas & Electric Company ("PG&E") pursuant

26

ORDER DENYING DEFENDANT AECOM TECHNICAL
SERVICES, INC.'S MOTION TO DISMISS FOR FAILURE TO JOIN
INDISPENSABLE PARTY PURSUANT TO CAL. CODE CIV.
PROC § 389(b) −1

CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

AEC002-0006 5959387.docx

to California Code of Civil Procedure § 389(b), came on for hearing before me on October 28, 2019.

After full consideration of the evidence submitted by the parties, and having heard oral argument of counsel, the Court adopts its tentative ruling attached hereto as Exhibit 1, and AECOM's motion to dismiss is hereby DENIED.

Dated: NOV 2 0 2019

TAMARA L. WOOD
Judge of the Superior Court

ORDER DENYING DEFENDANT AECOM TECHNICAL
SERVICES, INC.'S MOTION TO DISMISS FOR FAILURE TO JOIN
INDISPENSABLE PARTY PURSUANT TO CAL. CODE CIV.
PROC § 389(b) –2

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

AEC002-0006 5959387.docx