

Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
600 Montgomery Street, Suite 3100
San Francisco, CA 94111
Telephone:   628.208.6434
Facsimile:   310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
David J. Richardson (SBN 168592)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone:   310.442.8875
Facsimile:   310.820.8859
Email: esagerman@bakerlaw.com
Email: drichardson@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for the Official Committee of Tort Claimants*

Signed and Filed: February 6, 2020

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> Debtors. <br><br> ☐ Affects PG&E Corporation <br><br> ☐ Affects Pacific Gas and Electric Company <br><br> ■ Affects both Debtors <br><br> * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br> (Lead Case) <br> (Jointly Administered) <br><br> **ORDER GRANTING FIRST INTERIM APPLICATION OF BAKER & HOSTETLER LLP, AS AMENDED, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FEBRUARY 15, 2019 THROUGH MAY 31, 2019** <br><br> [Relates to Dkt. Nos.: 2995, 4926, 5307] |

**THIS MATTER** came before the Court upon the First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses [Docket No. 2995] ("**First Interim Application**") for the period February 15, 2019 through May 31, 2019 ("**Application Period**") and the Stipulated Amendment to the First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses for the period February 15, 2019 through May 31, 2019 [Docket No. 4926] ("**Amendment**") filed by Baker & Hostetler LLP ("**Baker**"), counsel for the Official Committee of Tort Claimants ("**TCC**"), seeking the entry of an order, on an interim basis, pursuant to sections 330(a) and 331 of title 11, United States Code ("**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure, ("**Bankruptcy Rules**"), Rule 2016-1 of the Local Bankruptcy Rules for the Northern District of California ("**Local Rules**") the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees, promulgated pursuant to Local Rule 9029-1, governing the narrative portion of fee applications, effective February 19, 2014 ("**Narrative Guidelines**"), the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 ("**UST Guidelines**"), and the Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals ("**Interim Compensation Order**") (collectively, the "**Guidelines**"), for allowance of compensation for professional services and reimbursement of actual and necessary expenses in connection with Baker's representation of the TCC in the above-captioned cases.

Based upon the Court's review and consideration of the First Interim Application and the Amendment, the certification in support thereof, and the other records and pleadings filed in the above-captioned chapter 11 cases,

**THE COURT HEREBY FINDS** that notice of and opportunity for a hearing on the First Interim Application and Amendment was duly given and that such notice was appropriate and sufficient; the relief requested is in the best interests of the Debtors, their estates, creditors, shareholders and all parties in interest; good cause exists for interim approval of the fees and expenses requested by Baker in the First Interim Application and Amendment, pursuant to

section 330 of the Bankruptcy Code and Bankruptcy Rule 2016; and that the fees and expenses requested in the First Interim Application, as modified by the Amendment, are reasonable and have been earned.

**THE COURT FURTHER FINDS** that (i) to date, Baker has been paid $5,986,111.54 in fees and expenses for the Application Period; (ii) the amount of fees and expenses initially requested by Baker in the First Interim Application was $7,190,851.00 in fees and $233,430.74 in expenses, (iii) the amount of fees and expenses stipulated and agreed upon in the Amendment is $6,820,134.67 in fees and $233,430.74 in expenses, which reflects a reduction of $370,716.33; and (iv) the remaining fees due and owing to Baker for the Application Period is $1,067,453.87.

**THE COURT FURTHER FINDS** that in exchange for the reductions agreed to by Baker, the Fee Examiner waives any further objection to the First Interim Fee Application and preserves his right to object to Baker's final fee application, and that Baker's agreement to the reductions is conditioned upon no further or additional objections being asserted by the United States Trustee.

**THEREFORE, IT IS HEREBY ORDERED:**

1. The First Interim Application and Amendment are approved on an interim basis as reflected herein:

2. Baker is awarded interim fees and expenses during the Application Period in the total amount of **$7,053,565.41**, consisting of $6,820,134.67 in fees and $233,430.74 in expenses.

3. This order is effective immediately and no stay shall apply. As such, the Debtors are authorized and directed to make immediate payment to Baker in the total remaining amount owed of **$1,067,453.87** in fees for the Application Period**.**

4. The Court retains jurisdiction over any issues or disputes arising out of or relating to this Order.

**\*\*\* END ORDER \*\*\***