Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone:     415.659.2900
Facsimile:     415.659.2601
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025
Telephone:     310.820.8800
Facsimile:     310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>        **Debtors.**<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM) | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**OBJECTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS TO THE MOTION OF WILLIAM B. ABRAMS FOR RECONSIDERATION OF THE ORDER PURSUANT TO 11 U.S.C. §§ 363(b) AND 105(a) AND FED. R. BANKR. P. 6004 AND 9019 (I) AUTHORIZING THE DEBTORS AND TCC TO ENTER INTO RESTRUCTURING SUPPORT AGREEMENT WITH THE TCC, CONSENTING FIRE CLAIMANT PROFESSIONALS, AND SHAREHOLDER PROPONENTS, AND (II) GRANTING RELATED RELIEF [Dkt. 5174]**<br><br>Date:  February 11, 2020<br>Time:  10:00 a.m. (Pacific Time)<br>Place:  United States Bankruptcy Court<br>     Courtroom 17, 16th Floor<br>     San Francisco, CA 94102 |

The Official Committee of Tort Claimants (the "**TCC**") of PG&E Corporation and Pacific Gas and Electric Company (collectively, "**Debtors**"), by its attorneys Baker & Hostetler LLP, hereby objects (the "**Objection**") to the *Motion of William B. Abrams for Reconsideration of the Order Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 (I) Authorizing the Debtors and TCC to Enter into Restructuring Support Agreement with the TCC, Consenting Fire Claimant Professionals, and Shareholder Proponents, and (II) Granting Related Relief [Dkt. 5174]* (the "**Reconsideration Motion**") (Docket No. 5577).[1] In support of this Objection, the TCC respectfully represents as follows:

## OBJECTION

**1. The Reconsideration Motion is Untimely**

Movant failed to move for reconsideration within the time periods set forth under Federal Rule of Civil Procedure ("**Rule**") 59 and Rule 60, incorporated into the Federal Rules of Bankruptcy Procedure in Rules 9023 and 9024, respectively. The Reconsideration Motion was filed more than twenty-eight (28) days after the entry of the order approving the Restructuring Support Agreement (the "**RSA**") between the TCC and Debtors (the "**RSA Approval Order**"). This is beyond the time frame set forth in Rule 59 and the Reconsideration Motion is untimely.

The Reconsideration Motion is also untimely under Rule 60(c)(1) because it was not filed within a "reasonable time" after entry of the RSA Approval Order. "Reasonable time" is not a defined term, but it "depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties.'" *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981); *see AmTrust Bank v. Lewis*, 687 F. App'x 667, 670 (9th Cir. 2017).

---

[1] Movant also filed an "Amended and Renewed Objection of William B. Abrams for Reconsideration and Relief from TCC and Subrogation RSA Orders Pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)" on January 28, 2020 (Docket No. 5533). That motion and the Reconsideration Motion appear substantially similar, with minimal differences as noted by this Court at the hearing held on February 4, 2020.

It is respectfully submitted that Movant failed to move within a "reasonable time" due to the nature of these bankruptcy cases and the looming deadline of June 30, 2020 imposed by AB 1054. Movant does not state why he did not appeal the RSA Approval Order or move for reconsideration after its entry. If the Reconsideration Motion is granted it would revert the TCC and the Debtors to a pre-RSA posture, causing significant delay in the progression of these cases and prejudice to the parties. Thus, Movant's requested relief is untimely under Rule 60.

**2. The Reconsideration Motion Does Not Raise "Newly Discovered Evidence"**

If this Court determines that the Reconsideration Motion is timely, it is respectfully submitted that the Reconsideration Motion should be denied for the same reasons this Court approved the RSA, which Debtors exercised their business judgment in supporting. Specifically, the RSA and the $13.5 billion for fire victims represents the best recovery the TCC and the Consenting Fire Claimant Professionals (as defined in the RSA) believe can be achieved in these chapter 11 cases based the facts of these cases and given the June 30, 2020 AB 1054 deadline.

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Movant appears to seek reconsideration on the basis that there is "newly discovered evidence:"[2] (i) fire victim claimants were not informed of certain provisions of the RSA or that such information is being obscured from them (Reconsideration Motion, ¶ 4-7); (ii) Governor Newsom's December 13, 2019 letter was effectively ignored by the TCC and Debtors (*Id.*, ¶ 8); (iii) Governor Newsom's January 22, 2020 objection is critical of Debtors' post-RSA approved actions (*Id.*, ¶ 9); and (iv) that provisions of the RSA are unacceptable to Movant and other claimants (*Id.*, ¶¶ 9-15.) Simply stated, Movant fails to meet his burden.

---

[2] For evidence to be "newly discovered," a movant "must establish that (1) the evidence was discovered after [the judgment], (2) the exercise of due diligence would not have resulted in the evidence being discovered at an earlier stage and (3) the newly discovered evidence is of such magnitude that production of it earlier would likely have changed the outcome of the case." *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 928–29 (9th Cir. 2000).

The arguments Movant raises about the contents of the RSA, as well as Governor Newsom's December 13, 2019 letter, were all arguments and information available at the time of the December 17, 2019 hearing and, as a result, do not constitute "newly discovered evidence." Movant himself filed an objection to the motion to approve the RSA (Docket No. 5139). That objection, among others, was overruled by this Court upon entry of the RSA Approval Order. Additionally, Governor Newsom's January 22, 2020 objection was a post-RSA hearing development. It constitutes a negotiation between the Governor and the Debtors which are on-going and results of which are unknown. Article IX of the proposed Plan[3] requires that the Plan receive all necessary approvals, including those from the State of California. There is a significant amount of work to be done by all the parties between now and the ultimate plan confirmation and the Governor continues to play a role in that process.

Movant misunderstands key provisions of the RSA. The RSA does not preclude claimants' counsel and advisors from providing them with unfettered advice on the proposed Plan nor does it constrain them to "debtor approved" correspondence and opinions (Reconsideration Motion, ¶¶ 11-13.) The RSA explicitly provides for the exchange of information in Subsection 2(l):

> the Requisite Consenting Fire Claimant Professionals shall provide to counsel, who are not Consenting Fire Claimant Professionals, <u>written information to facilitate the holders of Fire Victim Claims</u> not represented by a Consenting Fire Claimant Professional and their counsel <u>making a meaningful and informed participation and voting decision on the Amended Plan</u>, and <u>each holder of a Fire Victim Claim shall have the right to make his or her own decision regarding voting on the Amended Plan after receiving the advice of his or her individual counsel</u>.

(emphasis added). Claim holders can freely consult with their counsel and render a "meaningful and informed" determination on whether to approve of the proposed Plan. The TCC has worked to ensure that when the solicitation materials are distributed to the creditor body, they provide information for the creditors to consider when voting. Further, when the time to vote does arrive,

---

[3] The "**Plan**" refers to "Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, dated January 31, 2020" (Docket No. 5590).

any determination made on the proposed Plan is entirely in the hands of Debtors' creditors, including the fire victims. It is their voices that will be heard at the end of the day, and they can do so with the assistance of their chosen counsel.

As for the self-prepared survey prepared and administered by Movant, the only thing that is clear is that the surveyed claimants did not have (i) Court approved solicitation materials in considering whether to the support the proposed Plan, or (ii) the benefit of fulsome discussion with their own counsel or information sufficient for appropriately informed consent as provided for in the RSA. In creating and administering the survey, Movant created the very information that he now relies upon to assert that the process is flawed. This does not constitute "newly discovered evidence."

Finally, Movant's contention that the TCC's representatives are not acting on behalf of the interests of the claimants (Reconsideration Motion, ¶ 14) is erroneous. Counsel is acting at the direction of the TCC, which is comprised of members acting with a fiduciary duty to the tort claimant creditor body. *See In re National R.V. Holdings Inc.*, 390 B.R. 690, 700 (Bankr. C.D. Cal. 2008). The members of the TCC and their counsel and professionals are working to ensure that the victims receive the best possible result from the outcome of these bankruptcy cases. This is a complex case, with a lot of moving parts, but the best interests of the tort claimants are the priority.

For the reasons argued herein, the TCC respectfully requests that this Court deny the Reconsideration Motion.

Dated: February 7, 2020                BAKER & HOSTETLER LLP

                                       By:   */s/ Robert A. Julian*
                                             Robert A. Julian
                                             Cecily A. Dumas
                                             Author: Michael Sabella

                                             Counsel to the Official Committee of Tort Claimants