**DIEMER & WEI, LLP**
Kathryn S. Diemer (#133977)
100 West San Fernando Street, Suite 555
San Jose, CA 95113
Telephone: 408-971-6270
Facsimile: 408-971-6271
Email: kdiemer@diemerwei.com

**WILLKIE FARR & GALLAGHER LLP**
Matthew A. Feldman (*pro hac vice*)
Joseph G. Minias (*pro hac vice*)
Benjamin P. McCallen (*pro hac vice*)
Daniel I. Forman (*pro hac vice*)
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: mfeldman@willkie.com
      jminias@willkie.com
      bmccallen@willkie.com
      dforman@willkie.com

*Counsel for Ad Hoc Group of Subrogation Claim Holders*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>   -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                        **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>*\* All papers shall be filed in the lead case,*<br>*No. 19-30088 (DM)* | Chapter 11<br>Bankr. Case No. 19-30088 (DM)<br>(Jointly Administered)<br><br>**RESTATED OBJECTION OF THE AD HOC SUBROGATION GROUP TO THE MOTION OF WILLIAM B. ABRAMS FOR RECONSIDERATION OF THE ORDER PURSUANT TO 11 U.S.C. §§ 363(b) AND 105(a) AND FED. R. BANKR. P. 6004 AND 9019 (I) AUTHORIZING THE DEBTORS AND TCC TO ENTER INTO RESTRUCTURING SUPPORT AGREEMENT WITH THE TCC, CONSENTING FIRE CLAIMANT PROFESSIONALS, AND SHAREHOLDER PROPONENTS, AND (II) GRANTING RELATED RELIEF**<br>Date:    February 11, 2020<br>Time:   10:00 a.m. (Pacific Time)<br>Place:   United States Bankruptcy Court<br>           Courtroom 17, 16th Floor<br>           San Francisco, CA 94102 |

The Ad Hoc Group of Subrogation Claim Holders (the "**Ad Hoc Subrogation Group**") in the above-captioned chapter 11 cases of PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**"), by its attorneys Willkie Farr & Gallagher LLP and Diemer & Wei, LLP, previously filed the *Objection of the Ad Hoc Group of Subrogation Claim Holders to the Motion of the Ad Hoc Committee of Senior Unsecured Noteholders for Reconsideration and Relief from Orders Pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)* [Docket No. 5366] (the "**Initial Objection**"). In light of the renewed motion for reconsideration filed by William B. Abrams [Docket No. 5577] (the "**Motion**"),[1] the Ad Hoc Subrogation Group hereby restates the Initial Objection, and respectfully represents as follows:

## OBJECTION

The standard for reconsideration of a Court order in the Ninth Circuit is well-established and strict. It requires the presentation of newly-discovered evidence that was in existence at the time of the Court order but was not known by the Court, which otherwise would have affected the disposition of the issue. There is no such new evidence presented to the Court through the renewed Motion. Instead, Mr. Abrams seeks to introduce certain actions that he took after the Court approved the TCC and Subrogation RSAs as a basis for advancing many of the same objections to the RSAs that he raised prior to their approval. Because Mr. Abrams' arguments are plan objections to be made at confirmation, they fail to meet the requisite burden to reconsider this Court's orders under Federal Rules of Civil Procedure 59 and 60. Accordingly, the Motion should be denied.

The Motion is deficient with respect to the Subrogation RSA, because it offers no argument why approval of the Subrogation RSA specifically should be reconsidered. In fact, Mr. Abrams removed any reference to the Subrogation RSA when he converted his joinder to the Bondholders' original reconsideration motion into a stand-alone motion. For that reason alone, the Motion should be denied with respect to the Subrogation RSA. Yet even if the Motion is interpreted to request

---

[1] Capitalized terms used but not defined shall have the meanings ascribed in the Motion.

1

reconsideration of the Subrogation RSA, Mr. Abrams cannot satisfy the applicable legal standard.

A movant seeking reconsideration of an order must present previously-unknown evidence that was in existence at the time the Court entered the order and that would have affected the disposition of the issue. Fed. R. Civ. P. 59(e) and 60(b); *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Relief under both Federal Rule of Civil Procedure 59(e) and 60(b) is considered extraordinary and the Ninth Circuit has instructed courts to find circumstances justifying such relief sparingly. *See McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999); *United States v. Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996). The thrust of Mr. Abrams' argument is based on a survey of 238 wildfire victims—out of the tens of thousands in these cases—which took place *after* the orders approving the RSAs were entered. Because the results of this survey were not in existence at the time of the Court's decision, Mr. Abrams' survey cannot constitute newly discovered evidence justifying the extraordinary relief the Motion seeks. *Corex Corp. v. United States*, 638 F.2d 119, 121 (9th Cir. 1981) ("Cases construing 'newly discovered evidence,' either under 60(b)(2) or Rule 59, uniformly hold that evidence of events occurring after the trial is not newly discovered evidence within the meaning of the rules.").

The other points raised in the Motion are either issues properly raised at confirmation, or were previously considered by the court when making its decision to approve the Subrogation RSA and TCC RSA. As this Court has noted, whether a specific individual plaintiff supports their treatment under the Debtors' plan is a separate inquiry from whether the Court should approve either of the RSAs. *See* Dec. 17 H'rg Tr. 217:21-23 (The Court: "And if you don't like that treatment, you have a right to be heard. But that doesn't go to the question of whether I disapprove this particular RSA."). Any objections Mr. Abrams' has to the treatment of his claim under the Debtors' plan should be raised at confirmation, not as a motion for the Court to reconsider its previous rulings on the RSAs. Moreover, Mr. Abrams survey of roughly 200 wildfire victims does not change the reasonableness of the Court's decisions. The Court was keenly aware that it was relying on the judgment of the victims' lawyers when it approved the TCC RSA. Dec. 17 H'rg Tr. 300:5-8 (The Court: "And in all of those decisions, I had to think to myself, do I know better than

2

the lawyers representing the victims know best for their clients, and I haven't changed my view today….").

The Court's approval of the RSAs resolved many significant issues, and has set these chapter 11 cases on a clear path towards confirmation by the June 30, 2020 deadline. With just over four months until that deadline, the Debtors and each of the major creditor constituencies have united to finalize a global settlement, and positioned these cases for a timely exit. Granting the Motion would risk derailing these chapter 11 cases and reopening numerous fights that the key constituencies have worked tirelessly to settle. For this reason—in addition to the fact that it fails to satisfy the high burden necessary to grant a motion for reconsideration—the Motion should be denied.

Dated: February 9, 2020

**WILLKIE FARR & GALLAGHER LLP**

/s/ *Matthew A. Feldman*
Matthew A. Feldman (*pro hac vice*)
Joseph G. Minias (*pro hac vice*)
Benjamin P. McCallen (*pro hac vice*)
Daniel I. Forman (*pro hac vice*)
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email:  mfeldman@willkie.com
  jminias@willkie.com
  bmccallen@willkie.com
  dforman@willkie.com

**DIEMER & WEI, LLP**
Kathryn S. Diemer (#133977)
100 West San Fernando Street, Suite 555
San Jose, CA 95113
Telephone: (408) 971-6270
Facsimile: (408) 971-6271
Email: kdiemer@diemerwei.com

*Counsel for Ad Hoc Group of Subrogation Claim Holders*