WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Chapter 11 Case No. 19-30088 (DM)<br>(Lead Case) (Jointly Administered)<br><br>**DEBTORS' OBJECTION TO MOTION OF WILLIAM B. ABRAMS FOR RECONSIDERATION OF THE ORDER PURSUANT TO 11 U.S.C. §§ 363(b) AND 105(a) AND FED. R. BANKR. P. 6004 AND 9019 (I) AUTHORIZING THE DEBTORS AND TCC TO ENTER INTO RESTRUCTURING SUPPORT AGREEMENT WITH THE TCC, CONSENTING FIRE CLAIMANT PROFESSIONALS, AND SHAREHOLDER PROPONENTS, AND (II) GRANTING RELATED RELIEF [DKT. 5174]**<br><br>**Related Docket No.: 5577**<br><br>Date: February 11, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: U.S. Bankruptcy Court<br>         Courtroom 17, 16th Floor<br>         San Francisco, CA 94102 |

PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Objection to the *Motion of William B. Abrams for Reconsideration of the Order Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 (i) Authorizing the Debtors and TCC to Enter into Restructuring Support Agreement with the TCC, Consenting Fire Claimant Professionals, and Shareholder Proponents, and (ii) Granting Related Relief [Dkt. 5174]* [Docket No. 5577] (the "**Motion for Reconsideration**" and Mr. Abrams, the "**Movant**").[1]

Notably, the Motion for Reconsideration does not seek any relief as to the Court's Order approving the Subrogation Claims RSA.

---

[1] Capitalized terms used but not otherwise herein defined have the meanings ascribed to such terms in the Debtors' Motion to approve the Tort Claimants RSA [Docket No. 5038] (the "**Tort Claimants RSA Motion**").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

The Tort Claimants RSA, which was the product of hard-fought, good faith, and arms' length negotiations among the Debtors, the Shareholder Proponents, the Tort Claimants Committee, and law firms representing approximately 70% of the Fire Victim Claimants, is a key element of a consensual chapter 11 plan that is supported by all impaired voting creditor and equity constituencies and will expedite the Debtors' successful and timely emergence from chapter 11. Movant, however, seeks to set aside this achievement, asking this Court to disregard what it already has determined—that the Tort Claimants RSA represents an exercise of the Debtors' sound and reasoned business judgment—and the express statements of the TCC and Consenting Fire Claimant Professionals that the Tort Claimants RSA represents the best possible deal achievable and is in the best interests of all Fire Victims.

Movant presents no evidence or other facts or circumstances that would provide any basis for the extraordinary relief he seeks; rather, he rehashes many of the same arguments he previously submitted in opposition to the original Tort Claimants RSA Motion, all of which the Court either overruled outright or correctly noted were matters to be considered in connection with confirmation or by other authorities, such as the CPUC or California State legislature. Movant similarly attempts to raise additional arguments for the first time in the Motion for Reconsideration, including that the Court should not defer to the Debtors' business judgement or that Movant has supposedly brought forth new, previously unavailable evidence that demonstrates that certain individual plaintiffs may not support approval of the Tort Claimants RSA or the Debtors' Amended Plan. These arguments, however, do not constitute newly discovered evidence or any other basis that would support granting the relief requested in his Motion for Reconsideration.

Accordingly, the Motion for Reconsideration should be denied.[2]

---

[2] At the hearing on February 4, 2020, Movant informed the Court that he was requesting that the Court vacate both the order approving the Tort Claimants RSA as well as the order approving the Subrogation Claims RSA. The Motion for Reconsideration, however, makes no mention of the Subrogation Claims RSA.

## II. THE MOTION FOR RECONSIDERATION SHOULD BE DENIED

### A. Movant Has Not, and Cannot, Sustain the Heavy Burden for the Extraordinary Relief He Seeks.

Reconsideration of a final order is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *see also In re Valence Tech. Sec. Lit.*, No. C-95-20459-JW, 1995 WL 798927, at *2 (N.D. Cal. Sept. 19, 1995) ("The party moving for reconsideration must show more than a disagreement with the court's decision; the court should not grant the motion unless there is a need to correct a clear error of law or prevent manifest injustice."); *Wall St. Plaza, LLC v. JSJF Corp. (In re JSJF Corp.)*, 344 B.R. 94, 103 (B.A.P. 9th Cir. 2006) ("The standard for granting a motion to reconsider is strict in order to preclude repetitive arguments that have already been fully considered by the court.") (quoting *In re Armstrong Store Fixtures Corp.*, 139 B.R. 347, 349-50 (Bankr. W.D. Pa. 1992)), *aff'd*, 277 F. App'x 718 (9th Cir. 2008).

To succeed on a motion to reconsider or vacate, a party must "set forth 'facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *California v. Summer Del Caribe, Inc.*, 821 F. Supp. 574, 578 (N.D. Cal. 1993) (quoting *Steiny & Co. v. Local Union 6, IBEW*, No. C-91-0155-DLJ, 1991 WL 516835, at *5 (N.D. Cal. Dec. 19, 1991)), *abrogated on other grounds as recognized by*, *Cal. Dep't of Toxic Substances Control v. Alco Pacific, Inc.*, 508 F.3d 930, 940 (9th Cir. 2007); *Beverly v. Network Sols., Inc.*, No. C-98-0337-VRW, 1998 WL 917526, at *4 (N.D. Cal. Dec. 30, 1998) ("[T]o justify reconsideration based on an error of law or on the need to prevent a manifest injustice, the moving party must demonstrate clear error.") (quotation marks omitted).

The Court may vacate or amend a prior order or judgment through application of Federal Rules 59(e) or 60(b), made applicable to these Chapter 11 Cases through Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure, respectively, or through its own inherent powers. *See Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.)*, 503 F.3d 933, 940 (9th Cir. 2007). Federal Rule 59(e) permits a Court to alter or amend a prior order if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was

manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Similarly, Federal Rule 60(b) permits a Court to reconsider a prior judgment or order "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *Id.* (quotation marks omitted).

To warrant reconsideration under Federal Rules 59(e) and 60(b)(2), newly discovered evidence must meet three standards: "First, it must be of such a character that it would change the outcome of the Court's prior decision. Second, it must have been undiscovered at the time of Court's original decision. Third, it could not have been discovered through exercise of reasonable diligence by the moving party." *Steiny & Co.*, 1991 WL 516835 at *2 (citations omitted); *see also Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985) ("[T]he movant is obliged to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing.") (quotation marks and emphasis omitted).

A motion for reconsideration "is not permitted to rehash the same arguments made the first time or to simply express an opinion that the court was wrong." *Ball v. Birdsell (In re Ball)*, No. AZ-07-1400 MoMKE, 2008 WL 8444789, at *7 (B.A.P. 9th Cir. Nov. 20, 2008); *see also In re JSJF Corp.*, 344 B.R. at 103 ("A motion to reconsider may not be used to present a new legal theory for the first time or to raise legal arguments which could have been raised in connection with the original motion. Also, a motion to reconsider may not be used to rehash the same arguments presented the first time or simply to express the opinion that the court was wrong.") (quoting *In re Armstrong Store Fixtures Corp.*, 139 B.R. at 349-50). The Motion for Reconsideration does not satisfy any of these criteria, and as a result, it should be denied.

**B. Movant has not Presented any New Evidence or Facts to Warrant the Extraordinary Relief he is Seeking.**

The majority of the Motion for Reconsideration is dedicated to repurposing many of the same arguments Movant previously raised in his objection to the Tort Claimants RSA Motion.

Specifically, he asserts that the Tort Claimants RSA should not have been approved (and its approval should now be vacated) because, among other things, the (i) Tort Claimants RSA fails, in Movant's view, to adequately address changes he asserts are necessary to PG&E's infrastructure and governance structure to adequately mitigate against future wildfire risks, (ii) approval of the Tort Claimants RSA resulted in the suspension of the ongoing estimation proceedings including the Tubbs preference trials, which Movant views as unfair notwithstanding the fact that those actions have all been consensually settled with the individual claimants, and (iii) the Tort Claimants RSA and the Debtors' Amended Plan, in Movant's view, fail to address the concerns raised by Governor Newsom in his December 13 letter regarding the Debtors' ability to comply with AB 1054.

As noted above, the Court previously considered all of these issues when it approved the Tort Claimants RSA. The Court overruled the objections and also noted that certain issues were confirmation issues or were not relevant to these Chapter 11 Cases and should be brought before the CPUC or other regulatory or governing body. *See* Hr'g Tr. (Dec. 17, 2019) 26:10-16, 130:21-25, 131:1-6, 131:7-8 ("[THE COURT:] I've looked at all the objections and considered them . . . [Mr. Abrams] also seems to want to let the Tubbs fire victims have their day in court. I'm not prepared to be persuaded by that argument . . . And the final list of objections that I reviewed are the governor's comments, which I've already addressed."); *id.* at 214-220 ("THE COURT: A lot of [Mr. Abrams'] arguments really aren't something I can deal with today . . . you don't like the corporate structure. That's not for today . . . The governor's got that on his plate." ). Accordingly these arguments provide no basis for vacating the Tort Claimants RSA.

The additional "evidence" or subsequent events that Movant cites to in the Motion for Reconsideration similarly do not warrant reconsideration. For example, the new self-prepared survey that Movant cites to in the Motion for Reconsideration is not credible or new evidence of anything. Whether certain individual Fire Victims may not currently support, or may even ultimately decide to vote against, the Amended Plan is a separate matter. The TCC and the Consenting Fire Claimant Professionals made the decision to enter into the Tort Claimants RSA because, as they stated on the record at the December 17 hearing, it was the best deal available and was in the best interests of their clients. *See, e.g.*, Hr'g Tr. (Dec. 17, 2019) 245:13-16 ("[MR.

PITRE:] [N]obody left money on the table, and it is not within our wherewithal as trial lawyers, to leave money on the table. We did the best thing we could do."); *id.* at 222:14-233:14 ("[MS. DUMAS:] We believe that, based on the improvements of the value of the proposal coming from the debtors and the equity security holders, together with the uncertainties associated with the bond holder proposal, that this is the -- we are fulfilling our fiduciary duties at this point in time by signing on to an integrated contract with the debtors and the equity security holders . . ."). Further, no evidence was presented to the contrary nor has Movant presented anything now.

Movant has submitted no evidence to support his accusations that the TCC or any of the Consenting Fire Claimant Professionals have or will fail to adhere to their professional responsibilities. *See In re Lloyd E. Mitchell, Inc.,* 373 B.R. 416, 425 (Bankr. D. Md. 2007) ("It is a great leap however, and one that does a great disservice to counsel in this case, to assume that in the face of potential tensions (and there has been no evidence here that such representations or tension even exist) that counsel will shirk responsibilities to clients, ignore the code of professional conduct and take maverick action motivated solely by self-interest. The Court will not make this assumption, and will not make this funding without evidence.").

### III. CONCLUSION

The Movant has completely failed to meet his burden for the extraordinary relief he is seeking. For all of the foregoing reasons, the Debtors respectfully request entry of an order denying the Motion for Reconsideration.

Dated: February 10, 2020

**WEIL, GOTSHAL & MANGES LLP**
**KELLER & BENVENUTTI LLP**

_/s/ Stephen Karotkin_
Stephen Karotkin

*Attorneys for Debtors and Debtors in Possession*