William B. Abrams
end2endconsulting@gmail.com
1519 Branch Owl Place
Santa Rosa, CA, 95409
Tel: 707 397 5727

*Claimant and*

*Party to California Public Utilities Commission Proceeding I.19-09-016 to Consider the Ratemaking and Other Implications of a Proposed Plan for Resolution of Voluntary Case filed by Pacific Gas and Electric Company, pursuant to Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court, Northern District of California, San Francisco Division, In re Pacific Gas and Electric Corporation and Pacific Gas and Electric Company, Case No. 19- 30088.*

*Party to California Public Utilities Commission Proceeding I.15-08-019 to Determine whether Pacific Gas and Electric Company and PG&E's Corporation's Organizational Culture and Governance Prioritizes Safety*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

In re:

PG&E CORPORATION,

    -and-

PACIFIC GAS AND ELECTRIC
COMPANY,
             Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☑ Affects both Debtors

\* *All papers shall be filed in the lead case,*
*No. 19-30088 (DM)*

Bankr. Case No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administrated)

**WILLIAM B. ABRAMS RESPONSE TO OFFICIAL COMMITTEE OF TORT CLAIMANTS OBJECTION [Dkt. 5698] AND THE RESTATED OBJECTION OF THE AD HOC SUBROGATION GROUP [Dkt. 5702] TO WILLIAM B. ABRAMS MOTION FOR RECONSIDERATION OF THE ORDER PURSUANT TO 11 U.S.C. §§ 363(b) AND 105(a) AND FED. R. BANKR. P. 6004 AND 9019 FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS AND THE TCC TO ENTER INTO RESTRUCTURING SUPPORT AGREEMENT WITH THE TCC, CONSENTING FIRE CLAIMANT PROFESSIONALS, AND SHAREHOLDER PROPONENTS, AND (II) GRANTING RELATED RELIEF [Dkt. 5577]**

## Preliminary Statement

The objections should be denied because: (1) the motion for reconsideration was timely filed given the pace set by other parties and approved by this Court; (2) all of the objections raised regarding the motion are based on unreasonable or ill-informed consideration of the new evidence; (3) these objections are based upon a limited view of Your Honor's discretion under relevant precedent and the Federal Rules of Civil and Bankruptcy Procedure that provide specific mechanisms for revisiting issued orders.

## Response to the Objections

1. **Response to the TCC and Ad Hoc Subrogation Group Objections that the Abrams Motion was Untimely**

The Motion of William B. Abrams for Reconsideration and Relief [Dkt. 5577] from the TCC RSA Order ("Abrams Motion") [Dkt. 5174] was timely filed on January 31, 2020, after the Ad Hoc Committee of Unsecured Noteholders ("AHC") dropped their motion for reconsideration of the order for which I filed a joinder. I provided notice to the court, the Debtors and the TCC of my intention to request shortening time in the hearing on February 4, 2020 so that my renewed motion could be heard on February 11, 2020. In the hearing on February 4, 2020, I indicated that I was requesting this shortened time to keep up with the TCC and Debtors push for an expedited and hasty timeline. In response, parties were provided an opportunity to object and following those statements Your Honor stated "I am not going to just throw him out in the woodwork and if he has an argument to get me to set it (the RSA) aside, I need to do it earlier rather than later".

Please, consider that as a non-attorney and PG&E wildfire survivor I have followed the proper procedures, filed notices informing parties of my intention to request shortening time and gone above and beyond to reach out directly to parties in good faith to discuss and remedy my objections and discuss my strong concerns regarding the TCC RSA. In contrast, the TCC does not file their objections in the days following the February 4th hearing but waits until 5:38pm on Friday knowing full well that as a claimant without access to file electronically, I would not be able to file this

response over the weekend forcing me to file it the day before the hearing. I was also not even served a copy of their objections, leaving me to only find out about it through other claimants who were concerned that these ingrained problems with the RSA would not be remedied or potentially not even heard in this Court. Of course, this effort by the TCC may be viewed as consistent with an overall effort to hide the adverse implications of the TCC RSA which if provided the opportunity to argue my motion, I will demonstrate to the court.

### 2. Response to the TCC and Ad Hoc Subrogation Group Objections Indicating that the Abrams Motion Does Not Raise "Newly Discovered Evidence"

The Abrams Motion clearly points out that the record represented by the TCC and the Debtor that Your Honor relied upon for your ruling was incorrect, mischaracterized and misrepresented to the court in order to expeditiously approve the RSA on the way to an assured plan confirmation. The straight-forward method that revealed this evidence should not make it any less compelling to the court. Certainly, the methodology for gathering the evidence that I outlined in my motion is by far more compelling and stands in contrast to the TCC that provided no substantive response to the point that claimants were not informed about the material components of the RSA and never provided support that would prompt the TCC to vote in favor and put forward the RSA. Indeed, the opposite is clear that despite the TCC's efforts to hide the hugely detrimental components of the RSA, victims are starting to learn what is in the RSA and expressing that it is inconsistent with their best interests. Simply stated, they are learning that the RSA points in the wrong direction for victims.

In some ways the court and the TCC should hope that the survey results and the other evidence that I will bring to light is "newly discovered" because the converse should be even more concerning to the court. If claimants were not informed about the material impacts of the RSA and did not voice support for the RSA, the TCC's representation to the court on December 17, 2019 should provide even stronger grounds to overturn the RSA ruling and send the Debtors and the TCC back to make sure they are advocating in the best-interests of victims. Without this consideration, victims will be victimized again by either the omission of the evidence or by the commission of not considering evidence at this time. It would be imprudent of the court to let the detrimental facts of the RSA continue to slowly leak out, causing claimants to be more outraged about the RSA and either

vote down the plan or feel like it provided them with the sole choice to accept an unjust outcome. I urge the court not to force this type of choice upon the victims who have already lost so much.

### 3. The TCC and Ad Hoc Subrogation Group objections are based upon a limited view of Your Honor's discretion under relevant precedent and the Federal Rules of Civil and Bankruptcy Procedure

The Federal Rules of Civil and Bankruptcy Procedure provide specific mechanisms for revisiting issued orders. Under Federal Rule of Civil Procedure 59(e), as incorporated by Federal Rule of Bankruptcy Procedure 9023, a motion for reconsideration may be granted if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law[,]" though "[t]here may also be other, highly unusual, circumstances warranting reconsideration." *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). The court has "considerable discretion" when hearing such a motion. *See McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999) (citing 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)). Courts have also granted motions for reconsideration in light of new factual developments—the basis for the current motion. *See Reynoso v. All Power Mfg. Co.*, No. SACV 16-1037 JVS (JCGx), 2018 WL 5906645, at *2 (C.D. Cal. Apr. 30, 2018); *see also Sierra Club v. City & Cnty. of Honolulu*, No. CV 04-00463 DAE-BMK, 2008 WL 515963, at *4 (D. Haw. Feb. 26, 2008); *In re Krow*, No. BR 12-31601DM, 2016 WL 4167966, at *1 (Bankr. N.D. Cal. Aug. 4, 2016). Under Federal Rule of Civil Procedure 60(b), as incorporated by Federal Rule of Bankruptcy Procedure 9024, a court may grant relief from an order or proceeding when "any other reason . . . justifies relief." Moreover, it is also recognized that a court has "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," City of L.A., Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, (9th Cir. 2001) (emphasis omitted).

## <u>Conclusion</u>

The objections filed by the TCC and the Ad Hoc Subrogation Group were untimely, ill-informed and most certainly designed to ensure the evidence is not brought to light. In many ways, the response of the TCC should provide all the proof Your Honor needs to overturn the order and send the Debtors and the TCC back to the negotiation table. What did the TCC do when they saw my survey and understood that claimants did not agree with RSA provisions? Nothing. Did they reach out to me to understand which claimant groups were surveyed? No. Did they go to these claimants directly and address their concerns? No. Did they reach out to me to explain their interpretation of the RSA and why they felt that this was in the best interests of victims? Definitely not.

I was asked at the end of the last hearing if I was putting forward this motion in "good faith". Of course, the answer is yes. I need to go home to my kids and tell them Daddy is working to make sure they don't need to run from another fire and I want to tell my neighbors that we are all rebuilding in a safer environment among the PG&E lines. Deep down I know we all want to do that for our kids and our communities but unfortunately a myopic view of claimant "best interests" has gotten in the way of careful consideration of this RSA and the evidence presented to the court. Attorneys have assumed that they know best and so that must be the same as what is in the best interests of victims. The excuses are "no time to consult", or "it is just too complicated to explain" or we need to "streamline" or victims are just "confused".

I ask the court to consider that these misconceptions and misstatements have led to a mischaracterization of what is in the "best interests" of claimants. Victims know PG&E stock provided for in this RSA has significant risks and they see the other parties in this proceeding hedging those investor risks leaving them more exposed. They know that FEMA and CALOES with an undefined claim on their funds is a bad deal. They know the implications of PG&E mismanagement, neglect and misconduct first-hand and have heard them say "safety is our first priority" too many times without real restructuring. They also understand the words "SHALL support" and know that regardless of what transpires between now and plan confirmation attorneys must abide by this agreement, encourage a yes vote and stand in direct opposition with their rules of professional conduct. Now, the court can either assume that victims knew about these significant

negative implications in the RSA and ignore the clear evidence to the contrary or Your Honor can overturn this order and these baseless objections that have everything to do with process expediency and nothing to do with the merits of my arguments.

Dated:  February 10, 2020

Respectfully submitted,

William B. Abrams
Claimant