UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re: PG&E and Pacific Gas and Electric Company  Case No. 19-30088

NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE. Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **Bradford Capital Holdings, LP**<br>Name of Transferee | **PJS Lumber Inc, dba PJ's Rebar Inc.**<br>Name of Transferor |
|---|---|
| Name and address where transferee payments should be sent:<br><br>c/o Bradford Capital Management, LLC<br>PO Box 4353<br>Clifton, NJ 07012<br>Attn: Brian Brager<br>Phone: 862-249-1349<br>Email: bbrager@bradfordcapitalmgmt.com | Scheduled Claim # 1033165<br>Scheduled Claim Amount: $34,049.00<br>Proof of Claim # 1695<br>Proof of Claim Amount: $30,046.63 |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**Bradford Capital Holdings, LP**
**By: Bradford Capital GP, LLC, its General Partner**

By: /s/ Brian Brager            Date: 02/11/2020
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571

4. **Indemnity.** Assignor further agrees to reimburse Assignee for all losses, costs and expenses, including reasonable legal fees (whether before or at the trial or appellate levels) incurred by Assignee as a result of, in connection with, or related to any (a) Disallowance, (b) Assignor's breach of this Assignment, including without limitation any misrepresentation by Assignor, and/or (c) litigation arising out of or in connection with this Assignment or in order to enforce any provision of this Assignment.

5. **Distributions.** In the event the Claim is ultimately allowed in an amount in excess of the Claim Amount purchased herein, Assignor is hereby deemed to sell to Assignee, and at Assignee's option only, Assignee hereby agrees to purchase, the balance of said Claim at the same percentage of claim paid herein. Such payment shall be sent upon Assignee's satisfaction that the claim has been allowed in the higher amount and is not subject to any objection by the Debtor. Assignor agrees that if Assignor receives any distributions, payments or notices with respect to the Claim, Assignor shall accept the same as Assignee's agent and shall hold the same in trust for the sole benefit of Assignee, and shall deliver to Assignee in the same form received (free of any withholding, set-off, claim or deduction of any kind), within two business days in the case of cash and/or notices and within five business days in the case of securities, in good deliverable form, with the endorsement of Assignor when necessary.

6. **Transferability.** The terms of this Assignment shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns. If for any reason the assignment of the Transferred Rights is invalidated, voided, nullified, or otherwise challenged, this agreement shall be deemed to grant Assignee an undivided 100% interest in all of the Transferred Rights. The parties to this agreement hereto acknowledge and agree that none of the Parties hereto intend, nor should such protective participation be deemed, to in any way derogate the absolute assignment of the Transferred Rights by Assignor to Assignee. Assignor hereby acknowledges that Assignee may at any time re-assign the Claim, and all rights, title and interest of Assignee in and to this Assignment. All representations and warranties made herein shall survive the execution and delivery of this Assignment and any such re-assignment.

7. **Power of Attorney; Acts.** Assignor irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead, to demand, sue for, compromise and recover all amounts as now are, or may hereafter become, due and payable on account of the Claim. Assignor grants Assignee full authority to do all things necessary to enforce the Claim and its rights thereunder. Assignor agrees that the powers granted in this paragraph are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to prove or defend the Claim.

8. **Governing Law; Counterparts.** This Assignment shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Assignment may be brought in any State or Federal court located in the State of New Jersey, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be made upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Assignment, and in any action hereunder the Assignor and Assignee each waive the right to demand a trial by jury.

CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment and hereby waives its right to raise any objections thereto and its right to receive notice pursuant to Rule 3001 of the Rule of Bankruptcy Procedure. Assignor consents to the substitution of Assignor for Assignee for all purposes in the Bankruptcy Case. The Evidence of Transfer of Claim attached to this Assignment and incorporated herein by reference may be filed by Assignee with the Bankruptcy Court as evidence of the transfer.

IN WITNESS WHEREOF, the undersigned has duly executed this Assignment by its duly authorized representative dated as of the 20 day of January, 2020.

PJ's Lumber Inc dba PJ's Rebar Inc

By: _____
Name: Shirly Lane
Title: Finance

Bradford Capital Holdings, LP
By: Bradford Capital GP, LLC, its General Partner

By: _____
Name: Brian Brager
Title: Managing Member