Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone:    415.659.2600
Facsimile:    415.659.2601
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025
Telephone:    310.820.8800
Facsimile:    310.820.8859
Email:   esagerman@bakerlaw.com
Email:   lattard@bakerlaw.com

Elizabeth A. Green (*pro hac vice*)
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone:    407.649.4036
Facsimile:    407.841.0168
Email: egreen@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                **Debtors.**<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002 TO RETAIN AND EMPLOY CATHY YANNI AS CLAIMS ADMINISTRATOR *NUNC PRO TUNC* TO JANUARY 13, 2020 THROUGH THE EFFECTIVE DATE OF THE RESOLUTION TRUST AGREEMENT**<br><br>Date:    March 10, 2020<br>Time:    10:00 a.m. (Pacific Time)<br>Place:    United States Bankruptcy Court<br>         Courtroom 17, 16th Floor<br>         San Francisco, CA  94102<br>Objection Deadline: March 3, 2020 |

The Official Committee of Tort Claimants (the "**TCC**") of PG&E Corporation and Pacific Gas and Electric Company (collectively the "**Debtors**") hereby submits this application (the "**Application**") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the employment Cathy Yanni ("**Ms. Yanni**") as the proposed claims administrator of the claims resolution trust (the "**Trust**" *nunc pro tunc* to January 13, 2020, and terminating on the effective date of the Trust, pursuant to section 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). In support of the Application, the TCC submits the Declaration of Cathy Yanni (the "**Yanni Declaration**"), which is filed concurrently herewith, and respectfully represents as follows:

## I.    JURISDICTION

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges* of the United States District Court of the Northern District of California, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.    BACKGROUND

2.    On January 29, 2019 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "**Cases**") in the United States Bankruptcy Court for the Northern District of California (the "**Court**"). On January 31, 2019, the Court entered an order consolidating the Chapter 11 Cases for joint administration (Dkt. No. 207).

3.    The Debtors continue to manage their assets and operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in the Chapter 11 Cases.

4.    On February 15, 2019, the Office of the United States Trustee ("**U.S. Trustee**") filed an Appointment of the Official Committee of Tort Claimants (Dkt. No. 453). Following the resignation of Richard Heffern from the original committee and the addition of Tommy Wehe, on

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

February 21, 2019, the U.S. Trustee filed the Amended Appointment of the Official Committee of Tort Claimants (Dkt. No. 530). The members of the TCC are: (i) GER Hospitality, LLC, in its capacity as an individual claimant; (ii) Kirk Trostle; (iii) Tommy Wehe; (iv) Angelo Loo; (v) Karen K. Gowins; (vi) Agajanian, Inc.; (vii) Susan Slocum; (viii) Samuel Maxwell; (ix) Karen M. Lockhart; (x) Wagner Family Wines-Caymus Vineyards; and (xi) Gregory Wilson. The TCC conducted a meeting on February 15, 2019, at which all members were present, and appointed Karen M. Lockhart as Chairperson.

5.      The TCC has been working with the Honorable John K. Trotter (Ret.) ("**Justice Trotter**"), Ms. Yanni, and other parties in the Cases towards the formulation of claims resolution procedures for the Trust. The Trust, which is anticipated to become effective post-confirmation, will be overseen by a trustee and other professionals. The TCC and consenting fire claimant professionals (the "**Professionals**") envision that Ms. Yanni will be the claims administrator of the Trust. However, because of the urgent need to develop and expedite the claims distribution process, the vast number of fire claims involved, and different types of damages suffered, it is appropriate to retain Ms. Yanni as claims administrator immediately so that the claims process may be developed preconfirmation and that the Trust may commence making distributions as soon as practicable following the effective date. The selection of Ms. Yanni as claims administrator is particularly appropriate because she presently serves as the court-appointed Administrator of the Wildfire Assistance Program and has gained extensive knowledge of the Cases and needs of fire victims through her role.

## III.    Retention of Ms. Yanni

### A.      Qualifications of Ms. Yanni

6.      As set forth in the Yanni Declaration, and the Declaration of Cathy Yanni in Support of the Order (A) Establishing a Qualified Settlement Fund for the Wildfire Assistance Program and (B) Authorizing QSF Administrator (Dkt. No. 3022) (the "**Settlement Fund Declaration**"), Ms. Yanni is an attorney at law in good standing in the State of California. Ms. Yanni has been a member of JAMS since January 1998 and has settled tens of thousands of cases and facilitated distribution of billions of dollars in settlement funds to claimants. Ms. Yanni has also worked with

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

multiple claims management firms, including BrownGreer PLC, and has significant experience in addressing the types of challenges presented in the Cases. In addition to her role as Administrator of the Wildfire Assistance Program in these Cases, Ms. Yanni worked with Justice Trotter to formulate a resolution program for the 2007 San Diego fire cases, ultimately acting as mediator and arbitrator for the program. In 2018, Ms. Yanni was appointed as an appeal panelist in the Takata Airbag Tort Compensation Trust Fund established in the *TK Holdings Inc.* bankruptcy case. Ms. Yanni also has been a Court Appointed Special Master in numerous cases involving wildfires, mass torts, and class actions. Ms. Yanni has been appointed as an Administrator, Special Master, or Mediator in thousands of cases, including:

- Settlement Special Master for the *In Re: National Prescription Opiate Litigation* by The Hon. Dan Polster, US District Court for the Northern District of Ohio

- Special Master for the *Abilify MDL* by The Hon. M. Casey Rodgers, US District Court for the Northern District of Florida, following the joint recommendation of the plaintiffs and defendants settlement committee

- Settlement Special Master for *Medtronic Infuse* by The Hon. John D. Minton, Kentucky Supreme Court (2016)

- Special Master by The Hon. David A. Katz, US District Court for the Northern District of Ohio, for *In re: DePuy Orthopaedics, Inc. ASR Hip Implant Products Liability Litigation.*

- Settlement and Discovery Special Master by The Hon. Dan Polster, US District Court for the Northern District of Ohio, in *Gadolinium Contrast Dyes Product Liability Litigation.*

- Special Master by The Hon. Richard Kramer, Superior Court of California, San Francisco County by agreement of the parties for the JCCP, *Gadolinium Contrast Dyes Product Liability Litigation*

- Special Master by agreement of the parties for the *St. Jude Riata Lead Wire Medical Device Litigation*

- Special Master by agreement of the parties for *Kelly v. Xoft*, for claims arising out of alleged tungsten migration used in breast cancer treatment

- Special Master by The Hon. Wynne Carvill, Superior Court of California, Alameda County for the *Medtronic Infuse Litigation*

- Special Master in the JCCP, *PPA* Consolidated Cases by The Hon. Anthony Mohr, Superior Court of California, Los Angeles County

- Federal Mediator in the *Baycol MDL* by The Hon. Michael J. Davis, US District Court for the District of Minnesota

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

- Settlement Special Master by agreement of the parties in the *Bextra MDL* and the *Ortho Evra MDL*

- Settlement Special Master by agreement of the parties in the *Zicam I and II MDL*

- Settlement Special Master in the *Zyprexa I and II MDL* by The Hon. Jack Weinstein, US District Court for the Eastern District of New York.

- Federal Mediator in *Silicon Gel Breast Implant Litigation* by The Hon. Denise Hood, US District Court for the Eastern District Michigan

Ms. Yanni has received multiple honors for her work. In 2019, Ms. Yanni was included in the "National Mediators" List, *Chambers USA*. In 2016, Ms. Yanni was recognized as an "ADR Champion" by the National Law Journal. In 2014 and 2015, Ms. Yanni was honored for being a Woman Leader in the Law, *ALM Publications*. In 2013, Ms. Yanni was named a *Daily Journal* Top Master. Ms. Yanni was recognized by the *Daily Journal* as a Top 50 California Neutral in 2003 to 2005 and 2010 to 2012, a Top 40 California Neutral in 2007 and 2008, and a Top 30 California Neutral in 2006. Ms. Yanni has an "AV Preeminent" rating with Martindale-Hubble.

### B. Scope of Services to be Provided by Ms. Yanni and Lack of Duplication

7. The proposed claims administrator shall be retained to independently evaluate issues of concern to the establishment of the claims resolution process and receive input from the TCC and Professionals for this purpose, as she deems necessary and appropriate in her judgment. The TCC believes that Ms. Yanni is highly qualified to provide the services set forth above, particularly because Ms. Yanni is already familiar with the Cases and has knowledge regarding many of the claimants by virtue of her work as Administrator of the Wildfire Assistance Program. The TCC also believes that such services will enable the claims distribution process to proceed more efficiently.

8. It is anticipated that Ms. Yanni will retain professionals to assist her in her role as claims administrator, including seeking to retain such professionals prior to the effective date of the Plan or the establishment of the Trust. Should Ms. Yanni seek to retain such professionals prior to the effective date of the Plan or the establishment of the Trust, Ms. Yanni will be authorized to seek court approval to retain those professionals, *nunc pro tunc* to the date such professionals

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

begin advising Ms. Yanni, by separate application pursuant to section 1103(a) of the Bankruptcy Code.

9. Given the unique role of the claims administrator, the TCC does not believe that Ms. Yanni's services, or the services of any professional she seeks to retain, will overlap with the services of Justice Trotter, who is the proposed Trustee, the TCC's experts, BrownGreer PLC, Prime Clerk or the other professionals in the Cases. Ms. Yanni and Justice Trotter may seek to further avoid duplication of professional services by retaining the same professionals, if appropriate.

**C. Ms. Yanni's Disinterestedness**

10. To the best of the TCC's knowledge, information and belief, based on and except as otherwise set forth in the **Yanni Declaration**, filed contemporaneously herewith, Ms. Yanni does not have any connection with or represent any other entity having an adverse interest to the Debtors, their creditors or any other party in interest, or their respective attorneys or accountants. The Yanni Declaration also sets forth, pursuant to Bankruptcy Rule 2014(a), to the best of Ms. Yanni's knowledge, all of her connections with the Debtors, known creditors, other known parties in interest and their respective attorneys and accountants, and any person employed in the San Francisco Office of the United States Trustee for Region 17. Based upon the Yanni Declaration, Ms. Yanni is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

11. The TCC believes that the employment of Ms. Yanni on the terms set forth in this Application is appropriate and in the best interests of the tort victim creditor body that the TCC represents. The TCC has reviewed the Yanni Declaration, including the description of Ms. Yanni's connections with parties in interest and/or potential parties in interest, and has no objection to any matter set forth therein. The TCC thus seeks an order approving Ms. Yanni's engagement on the terms set forth in this Application.

**D. Effective Date of Retention**

12. The TCC requests that Ms. Yanni's retention be approved *nunc pro tunc* to January 13, 2020, shortly after Ms. Yanni began doing substantive work. The TCC believes retention

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

effective as of January 13, 2020 is appropriate in view of the nature of these Cases.

**E.    Compensation of Ms. Yanni**

13.    Ms. Yanni intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines promulgated by the Office of the United States Trustee, and pursuant to the order entered by this Court on February 28, 2019, establishing the procedures for interim compensation and reimbursement of expenses of professionals (Dkt. No. 701), the Notice of Filing of Parties' Revised Fee Examiner Protocol (Dkt. No. 4473), and any additional procedures that may be established by the Court in these Cases.

14.    Subject to the Court's approval, Ms. Yanni will be compensated at $1,250 per hour, which is her standard rate for matters such as this, and which is based on her level of experience, plus reimbursement of the actual and necessary expenses that Ms. Yanni incurs in accordance with the ordinary and customary rates which are in effect on the date the services are rendered.

15.    These rates are subject to adjustments in the ordinary course of Ms. Yanni's business, notice of which adjustments shall be provided to the Debtors, the U.S. Trustee and the Fee Examiner. Ms. Yanni will maintain detailed, contemporaneous records of time and any necessary costs and expenses incurred in connection with the rendering of her services as described above and will be reimbursed for such costs and expenses in conformity with the Guidelines promulgated by the U.S. Trustee as in effect in this District.

**IV.    BASIS FOR RELIEF**

17.    The TCC respectfully requests that the Court authorize the retention and employment of Ms. Yanni as claims administrator, effective as of January 13, 2020 and terminating on the effective date of the Trust, pursuant to section 1103(a) of the Bankruptcy Code, which provides that a committee appointed under section 1102 of the Bankruptcy Code:

> [M]ay select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).

Bankruptcy Rule 2014(a) requires that an application for retention include:

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

18. The TCC submits that for all the reasons stated above and based upon the Yanni Declaration, the retention of Ms. Yanni as the claims administrator is merited. Further, as stated in the Yanni Declaration, Ms. Yanni is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors or their related parties except as may be disclosed in the Yanni Declaration. Accordingly, the retention of Ms. Yanni as the claims administrator should be approved.

## V.     **NOTICE**

19. Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Debtors; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; (xii) counsel for the Fee Examiner, Bruce A. Markell, and (xiii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The TCC respectfully submits that no further notice is required.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

## VI. NO PRIOR REQUEST

20. No previous request for the relief sought herein has been made to this or any other court.

## VII. RESERVATION OF RIGHTS

21. The TCC respectfully reserves the right to file a brief and memorandum of law in response to any objection to this Application.

**WHEREFORE**, the TCC respectfully requests that this Court enter an order, in the form attached hereto as **Exhibit A**, (a) authorizing the retention of Ms. Yanni *nunc pro tunc* to January 13, 2020; and (b) granting such other and further relief as is just and proper.

Dated: February 11, 2020

OFFICIAL COMMITTEE OF TORT CLAIMANTS
OF PG&E CORPORATION AND PACIFIC GAS
AND ELECTRIC COMPANY

By: _____

Name: Karen M. Lockhart
Title: Chair of the Official Committee of Tort
      Claimants

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA