Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone: 415.659.2900
Facsimile: 415.659.2601
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

Elizabeth A. Green (*pro hac vice*)
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone: 407.649.4036
Facsimile: 407.841.0168
Email: egreen@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>              **Debtors.**<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**DECLARATION OF CATHY YANNI IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002 TO RETAIN AND EMPLOY CATHY YANNI AS CLAIMS ADMINISTRATOR *NUNC PRO TUNC* TO JANUARY 13, 2020 THROUGH THE EFFECTIVE DATE OF THE RESOLUTION TRUST AGREEMENT**<br><br>Date:    March 10, 2020<br>Time:   10:00 a.m. (Pacific Time)<br>Place:   United States Bankruptcy Court<br>           Courtroom 17, 16th Floor<br>           San Francisco, CA 94102<br>Objection Deadline: March 3, 2020 |

Pursuant to section 1746 of title 28 of the United States Code, I, Cathy Yanni, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1. I am an attorney at law licensed to practice law in the state of California. I am in good standing. I am duly authorized to make this Declaration (the "**Declaration**"). Unless otherwise stated in this Declaration, I have knowledge of the facts set forth herein and, if called as a witness, I would testify thereto.

2. I submit this Declaration in support of the Application (the "**Application**") of the Official Committee of Tort Claimants (the "**TCC**") of PG&E Corporation and Pacific Gas and Electric Company (collectively the "**Debtors**") for the entry of an order authorizing my employment as the proposed claims administrator for the period beginning on January 13, 2020 and terminating on the effective date of the claims resolution trust agreement (the "**Trust**"), pursuant to section 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). I am being retained to independently evaluate issues of concern to the establishment of a claims resolution process and receive input from the TCC and consenting fire claimant professionals for this purpose. Presently, I am serving as the court-appointed Administrator of the Wildfire Assistance Program (the "**Wildfire Assistance Program**").

3. I am a specialist in claims resolution and administration as well as alternative dispute resolution. As the Administrator of the Wildfire Assistance Program, I developed the specific eligibility requirements and applications for the Wildfire Assistance Program. I am responsible for ensuring that the funds in the Wildfire Assistance Program as distributed in a fair and equitable manner to claimants with urgent and unmet needs. Currently, there are more than 20,000 claimants, and approximately $70 million has been distributed. As a result of my work as Administrator, I have significant experience in addressing the types of challenges presented in the cases (the "**Cases**").

4. I worked with Justice Trotter to formulate a resolution program for the 2007 San

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

Diego fire cases, ultimately acting as mediator and arbitrator for the program.

5.  In addition to my work as the Administrator of the Wildfire Assistance Program, I have settled tens of thousands of cases and facilitated distribution of billions of dollars in settlement funds to claimants. I have overseen claims reconciliation processes and worked with multiple claims management firms, including BrownGreer PLC, one of the professionals in the Cases. I have been a Court Appointed Special Master and/or Mediator in numerous cases involving wildfires, mass torts, and class actions. In addition to being appointed as an appeal panelist in the Takata Airbag Tort Compensation Trust Fund established in the *TK Holdings Inc.* bankruptcy case, I have been appointed as an Administrator, Special Master, or Mediator in thousands of other cases, including:

- Settlement Special Master for the *In Re: National Prescription Opiate Litigation* by The Hon. Dan Polster, US District Court for the Northern District of Ohio

- Special Master for the *Abilify MDL* by The Hon. M. Casey Rodgers, US District Court for the Northern District of Florida, following the joint recommendation of the plaintiffs and defendants settlement committee

- Settlement Special Master for *Medtronic Infuse* by The Hon. John D. Minton, Kentucky Supreme Court (2016)

- Special Master by The Hon. David A. Katz, US District Court for the Northern District of Ohio, for *In re: DePuy Orthopaedics, Inc. ASR Hip Implant Products Liability Litigation*

- Settlement and Discovery Special Master by The Hon. Dan Polster, US District Court for the Northern District of Ohio, in *Gadolinium Contrast Dyes Product Liability Litigation*

- Special Master by The Hon. Richard Kramer, Superior Court of California, San Francisco County by agreement of the parties for the JCCP, *Gadolinium Contrast Dyes Product Liability Litigation*

- Special Master by agreement of the parties for the *St. Jude Riata Lead Wire Medical Device Litigation*

- Special Master by agreement of the parties for *Kelly v. Xoft*, for claims arising out of alleged tungsten migration used in breast cancer treatment

- Special Master by The Hon. Wynne Carvill, Superior Court of California, Alameda County for the *Medtronic Infuse Litigation*

- Special Master in the JCCP, *PPA* Consolidated Cases by The Hon. Anthony Mohr, Superior Court of California, Los Angeles County
- Federal Mediator in the *Baycol MDL* by The Hon. Michael J. Davis, US District Court for the District of Minnesota
- Settlement Special Master by agreement of the parties in the *Bextra MDL* and the *Ortho Evra MDL*
- Settlement Special Master by agreement of the parties in the *Zicam I and II MDL*
- Settlement Special Master in the *Zyprexa I and II MDL* by The Hon. Jack Weinstein, US District Court for the Eastern District of New York
- Federal Mediator in *Silicon Gel Breast Implant Litigation* by The Hon. Denise Hood, US District Court for the Eastern District Michigan

6. I have received multiple honors my work. In 2019, I was included in the "National Mediators" List, *Chambers USA*. In 2016, I was recognized as an "ADR Champion" by the National Law Journal. In 2014 and 2015, I was honored for being a Woman Leader in the Law, *ALM Publications*. In 2013, I was named a *Daily Journal* Top Master. I was recognized by the *Daily Journal* as a Top 50 California Neutral in 2003 to 2005 and 2010 to 2012, a Top 40 California Neutral in 2007 and 2008, and a Top 30 California Neutral in 2006. I have an "AV Preeminent" rating with Martindale-Hubble.

7. I obtained from the TCC and/or its representatives the names of individuals and entities that may be parties in interest (individually a "**Potential Party in Interest**" and collectively the "**Potential Parties in Interest**") in the Cases. I reviewed the name of each Potential Party in Interest to determine the names of each Potential Party in Interest that has entered into engagement agreements with me in the last two years. Additionally, where the review *did not* produce a name identical to the name of Potential Party In Interest but *did* produce a name that could potentially be an affiliate of a Potential Party in Interest or associated with a Potential Party in Interest by virtue of name similarity, I also identified and disclosed relationships with any such Potential Party in Interest.

8. In several instances, the names on the list of Potential Parties in Interest were very

common and/or generic. As such, it was not possible to identify with certainty whether I have any client relationship to disclose for those specific names.

9. My search revealed that I previously served as a neutral in cases involving parties who were represented by attorneys who are representing certain fire victims and committee members. The attorneys are Steven Skikos, Gregory Skikos and Matthew Skikos from the firm Skikos Crawford Skikos & Joseph, LLP, Anne Andrews from the firm Andrews & Thornton, Khaldoun Baghdadi and Michael Kelly from the firm of Walkup, Melodia, Kelly & Schoenberger, Mary Alexander from the firm Mary Alexander & Associates, P.C., Frank Pitre from the firm Cotchett, Pitre & McCarthy, Elizabeth Cabraser from the firm Lieff, Cabraser, Heimann & Bernstein LLP, and Thomas Brandi from the Brandi Law Firm. I also served as a neutral in a matter involving AIG Europe Limited. The mediations are closed and did not involve the Debtors.

10. In addition to the above disclosures, in my role as Administrator of the Wildfire Assistance Program, I have interacted with multiple claimants directly or through their attorneys. I also work with BrownGreer PLC on the Wildfire Assistance Program.

11. It is possible that I may now or in the future be retained by one or more of the Potential Parties in Interest in unrelated matters. To the extent the Debtors discover and disclose additional Potential Parties in Interest during the course of these Cases, I will use reasonable efforts to identify whether a material relationship exists with any such parties. To the extent that I discover or enter into any new, material relationship with Potential Parties in Interest, I will supplement this Declaration.

12. Although unlikely, in addition to the above disclosures, I may also represent, or may have represented, affiliates, equity holders or sponsors of Potential Parties in Interest and I may have worked with, continue to work with, have or had mutual clients with, been represented by and/or advised certain accounting and law firms that are Potential Parties in Interest (and, in the case of law firms, may have entered into engagement agreements in which the law firm was named as client although the work was performed for a mutual client of mine and the applicable law firm). I may also represent, or may have represented in the past, committees or groups of lenders or

creditors, which committees or groups include, or included, entities that are Potential Parties in Interest.

13. Although I have researched the Potential Parties in Interest list, the Debtors may have customers, creditors, competitors, and other parties with whom they maintain business relationships that are not included as Potential Parties in Interest and with whom I may maintain business relationships.

14. Other than as disclosed herein, I have no relationship with the Debtors, the United States Trustee for Region 17 or any person employed in the San Francisco office of the United States Trustee or any United States Bankruptcy Judge for the Northern District of California of which I am aware after due inquiry. Based on the foregoing, I believe that I am disinterested as defined in section 101(14) of the Bankruptcy Code and do not hold or represent an interest materially adverse to the Debtors or their estates.

15. As of the date of this Declaration, I have not received any compensation for my work on behalf of the TCC. I receive compensation for my work as Administrator of the Wildfire Assistance Program from funds in the program.

16. I intend to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines promulgated by the Office of the United States Trustee, pursuant to the order entered by this Court on February 28, 2019, establishing the procedures for interim compensation and reimbursement of expenses of professionals (Dkt. No. 701), the Notice of Filing of Parties' Revised Fee Examiner Protocol (Dkt. No. 4473), and any additional procedures that may be established by the Court in these Cases.

17. Subject to the Court's approval, I will be compensated at my standard hourly rates, which are based on my level of experience, plus reimbursement of the actual and necessary expenses that I incur in accordance with the ordinary and customary rates which are in effect on the date the services are rendered. At present, my standard hourly rate for a matter such as this is $1,250.

18. This rate is subject to adjustments in the ordinary course of my business, notice of which adjustments shall be provided to the Debtors, the United States Trustee and the Fee Examiner. I will maintain detailed, contemporaneous records of time and any necessary costs and expenses incurred in connection with the rendering of its services as described above and will be reimbursed for such costs and expenses in conformity with the Guidelines promulgated by the United States Trustee as in effect in this District.

19. Other than as set forth above there is no proposed arrangement between the TCC and me for compensation to be paid in these Cases. I have no agreement with any other entity to share any compensation received, nor will there be, except as permitted under section 504(b) of the Bankruptcy Code.

Statement Regarding United States Trustee Guidelines

20. The following information is provided in response to the Request for Additional Information Set Forth in Paragraph D.1 of the Appendix B – Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, Effective as of November 1, 2013:

| | |
|---|---|
| Question: | Did you agree to any variations from, or alternatives to, your standard customary billing arrangements for this engagement? |
| Response: | No. |
| Question: | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| Response: | No. |
| Question: | If you represented the client in the 12 months prepetition, disclose your billing rates and material terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the |

Baker & Hostetler LLP
Attorneys at Law
San Francisco, CA

difference.

Response: I did not represent the TCC prior to the commencement of the Debtors' Cases.

Question: Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

Response: I will be working in this matter as a sole practitioner. I understand that the TCC, along with the Debtors, United States Trustee and Fee Examiner, will maintain active oversight of my billing practices.

21. I will use reasonable efforts to comply with the above Guidelines.

Dated: February __, 2020

By: _____
Cathy Yanni

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA