Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone:    415.659.2600
Facsimile:    415.659.2601
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025
Telephone:    310.820.8800
Facsimile:    310.820.8859
Email:  esagerman@bakerlaw.com
Email:  lattard@bakerlaw.com

Elizabeth A. Green (*pro hac vice*)
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone:    407.649.4036
Facsimile:    407.841.0168
Email: egreen@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>       **Debtors.**<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002 TO RETAIN AND EMPLOY HON. JOHN K. TROTTER (RET.) AS TRUSTEE *NUNC PRO TUNC* TO JANUARY 13, 2020 THROUGH THE EFFECTIVE DATE OF THE RESOLUTION TRUST AGREEMENT**<br><br>Date: March 10, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>   Courtroom 17, 16th Floor<br>   San Francisco, CA 94102<br>Objection Deadline: March 3, 2020 |

The Official Committee of Tort Claimants (the "**TCC**") of PG&E Corporation and Pacific Gas and Electric Company (collectively the "**Debtors**") hereby submits this application (the "**Application**") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the employment of the Honorable John K. Trotter (Ret.) ("**Justice Trotter**") as trustee of the claims resolution trust (the "**Trust**") *nunc pro tunc* to January 13, 2020 and terminating on the effective date of the Trust, pursuant to section 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). In support of the Application, the TCC submits the Declaration of the Honorable John K. Trotter (Ret.) (the "**Trotter Declaration**"), which is filed concurrently herewith, and respectfully represents as follows:

## I. JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges* of the United States District Court of the Northern District of California, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

2. On January 29, 2019 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "**Cases**") in the United States Bankruptcy Court for the Northern District of California (the "**Court**"). On January 31, 2019, the Court entered an order consolidating the Chapter 11 Cases for joint administration (Dkt. No. 207).

3. The Debtors continue to manage their assets and operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in the Chapter 11 Cases.

4. On February 15, 2019, the Office of the United States Trustee ("**U.S. Trustee**") filed an Appointment of the Official Committee of Tort Claimants (Dkt. No. 453). Following the resignation of Richard Heffern from the original committee and the addition of Tommy Wehe, on

February 21, 2019, the U.S. Trustee filed the Amended Appointment of the Official Committee of Tort Claimants (Dkt. No. 530). The members of the TCC are: (i) GER Hospitality, LLC, in its capacity as an individual claimant; (ii) Kirk Trostle; (iii) Tommy Wehe; (iv) Angelo Loo; (v) Karen K. Gowins; (vi) Agajanian, Inc.; (vii) Susan Slocum; (viii) Samuel Maxwell; (ix) Karen M. Lockhart; (x) Wagner Family Wines-Caymus Vineyards; and (xi) Gregory Wilson. The TCC conducted a meeting on February 15, 2019, at which all members were present, and appointed Karen M. Lockhart as Chairperson.

5. The TCC has been working with Justice Trotter, Ms. Yanni, and other parties in the Cases towards the formulation of claims resolution procedures for the fire claims resolution trust. The Trust, which is anticipated to become effective post-confirmation, will be overseen by a trustee and other professionals. The TCC and consenting fire claimant professionals (the "**Professionals**") envision that Justice Trotter will be the trustee of the Trust. However, because of the urgent need to develop and expedite the claims distribution process, the vast number of fire claims involved, and different types of damages suffered, it is appropriate to retain Justice Trotter as trustee immediately so that the claims process may be developed preconfirmation and that the Trust may commence making distributions as soon as practicable following the effective date. The selection of Justice Trotter as trustee is particularly appropriate because of his extensive experience with tort claims resolution.

### III. Retention of Justice Trotter

#### A. Qualifications of Justice Trotter

6. As set forth in the Trotter Declaration, Justice Trotter is an attorney in good standing in the State of California. Justice Trotter is a former judge, having retired from the California Court of Appeal in 1987. Upon retiring from the bench, Justice Trotter joined JAMS, gaining a reputation as one of the nation's leading experts in ADR. He also served as a Special Master in numerous Multi District Litigation matters, including, Zyprexa I, Zyprexa II, Baycol, Rezulin, Vioxx, the Toyota Sudden Acceleration case, and other complex cases in both Federal and State court, supervising the claims and payment to thousands of plaintiffs in each litigation. Most notably for the proposed retention, Justice Trotter formulated a resolution program for the 2007

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

San Diego fire cases and supervised the resolution of all the victims' claims.

7. Through his tenure with JAMS, Justice Trotter has successfully resolved thousands of cases involving a variety of matters, including: (i) mass torts; (ii) class actions; (iii) complex business disputes; (iv) personal injury; (v) insurance coverage; (vi); employment; (vii) bad faith; (viii) pharmaceuticals; (ix) contract disputes; (x) toxic torts; and (xi) professional liability. He has received numerous honors and recognitions over his career, including:

- Recognized as Best Lawyer, *Best Lawyers*
- Most Influential Attorney in ADR, *National Law Journal*
- Recognized as a Top Master, *Daily Journal*
- Orange County Mediation Lawyer of the Year, *Best Lawyers*
- Orange County ADR Lawyer of the Year, *Best Lawyers*
- Lifetime Achievement Award for his distinguished career as an attorney, judge, and major contributor to the advancement of ADR, Orange County Trial Lawyers Association
- Recognized as a Best Lawyer, ADR Category, *Best Lawyers in America*
- "Appellate Justice of the Year" Award, California Trial Lawyers Association
- "Justice of the Year Award", Los Angeles Trial Lawyers Association
- "Franklin G. West" Award, Lifetime Achievement Award, Orange County Bar Association
- "Award of Appreciation", Mexican-American Bar Association
- Founding President, Robert A. Banyard Inns of Court
- Past President, Orange County Bar Association
- Past President, American Board of Trial Advocates
- Faculty Member: College of Trial Advocacy, National Institute of Trial Advocacy
- Taught Negotiation and Mediation Techniques to judges, attorneys, and business people

### B. Scope of Services to be Provided by Justice Trotter and Lack of Duplication

8. The proposed trustee shall be retained to independently evaluate issues of concern to the establishment of a claims resolution process and receive input from the TCC and Professionals for this purpose, as he deems necessary and appropriate in his judgment.

9. It is anticipated that Justice Trotter will retain professionals to assist him in his role as proposed trustee, including seeking to retain such professionals prior to the effective date of the Plan or the establishment of the Trust. Should Justice Trotter seek to retain such professionals prior to the effective date of the Plan or the establishment of the Trust, Justice Trotter will be authorized to seek court approval to retain those professionals, *nunc pro tunc* to the date such professionals began advising Justice Trotter, by separate application pursuant to sections 105(a) and 1103(a) of the Bankruptcy Code.

10. Given the unique role of the trustee, the TCC does not believe that Justice Trotter's services, or the services of any professional he seeks to retain, will overlap with the services of Ms. Yanni, who is the proposed Claims Administrator, the TCC's experts, BrownGreer PLC, Prime Clerk or the other professionals in the Cases. Justice Trotter and Ms. Yanni may seek to further avoid duplication of professional services by retaining the same professionals, if appropriate.

### C. Justice Trotter's Disinterestedness

11. To the best of the TCC's knowledge, information and belief, based on and except as otherwise set forth in the Trotter Declaration, filed contemporaneously herewith, Justice Trotter does not have any connection with or represent any other entity having an adverse interest to the Debtors, their creditors or any other party in interest, or their respective attorneys or accountants. The Trotter Declaration also sets forth, pursuant to Bankruptcy Rule 2014(a), to the best of Justice Trotter's knowledge, all of Justice Trotter's connections with the Debtors, known creditors, other known parties in interest and their respective attorneys and accountants, and any person employed in the San Francisco Office of the United States Trustee for Region 17. Based upon the Trotter Declaration, Justice Trotter is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

12. The TCC believes that the employment of Justice Trotter on the terms set forth in this Application is appropriate and in the best interests of the tort victim creditor body that the TCC represents. The TCC has reviewed the Trotter Declaration, including the description of Justice Trotter's connections with parties in interest and/or potential parties in interest, and has no objection to any matter set forth therein. The TCC thus seeks an order approving Justice Trotter's engagement on the terms set forth in this Application.

### D. Effective Date of Retention

13. The TCC requests that Justice Trotter's retention be approved *nunc pro tunc* to January 13, 2020, shortly after Justice Trotter began doing substantive work. The TCC believes retention effective as of January 13, 2020 is appropriate in view of the nature of these Cases.

### E. Compensation of Justice Trotter

14. Justice Trotter intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines promulgated by the Office of the United States Trustee, and pursuant to the order entered by this Court on February 28, 2019, establishing the procedures for interim compensation and reimbursement of expenses of professionals (Dkt. No. 701), the Notice of Filing of Parties' Revised Fee Examiner Protocol (Dkt. No. 4473), and any additional procedures that may be established by the Court in these Cases.

15. Subject to the Court's approval, Justice Trotter will be compensated at $1,500 per hour, which is his standard rate for matters such as this, and which is based on his level of experience, plus reimbursement of the actual and necessary expenses that Justice Trotter incurs in accordance with the ordinary and customary rates which are in effect on the date the services are rendered.

16. These rates are subject to adjustments in the ordinary course of Justice Trotter's business, notice of which adjustments shall be provided to the Debtors, the U.S. Trustee and the Fee Examiner. Justice Trotter will maintain detailed, contemporaneous records of time and any necessary costs and expenses incurred in connection with the rendering of his services as described

above and will be reimbursed for such costs and expenses in conformity with the Guidelines promulgated by the U.S. Trustee as in effect in this District.

## IV. BASIS FOR RELIEF

17. The TCC respectfully requests that the Court authorize the retention and employment of Justice Trotter as the trustee, effective as of January 13, 2020, and terminating on the effective date of the Trust, pursuant to section 1103(a) of the Bankruptcy Code, which provides that a committee appointed under section 1102 of the Bankruptcy Code:

> [M]ay select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).

Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

18. The TCC submits that for all the reasons stated above and based upon the Trotter Declaration, the retention of Justice Trotter as the trustee is merited. Further, as stated in the Trotter Declaration, Justice Trotter is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors or their related parties except as may be disclosed in the Trotter Declaration. Accordingly, the retention of Justice Trotter as the trustee should be approved.

## V. NOTICE

19. Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to

the Creditors Committee; (iii) counsel to the Debtors; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; (xii) counsel for the Fee Examiner, Bruce A. Markell, and (xiii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The TCC respectfully submits that no further notice is required.

## VI. NO PRIOR REQUEST

20. No previous request for the relief sought herein has been made to this or any other court.

## VII. RESERVATION OF RIGHTS

21. The TCC respectfully reserves the right to file a brief and memorandum of law in response to any objection to this Application.

**WHEREFORE**, the TCC respectfully requests that this Court enter an order, in the form attached hereto as **Exhibit A**, (a) authorizing the retention of Justice Trotter *nunc pro tunc* to January 13, 2020; and (b) granting such other and further relief as is just and proper.

Dated: February 11, 2020

OFFICIAL COMMITTEE OF TORT CLAIMANTS
OF PG&E CORPORATION AND PACIFIC GAS
AND ELECTRIC COMPANY

By: /s/ Karen Lockhart
Name: Karen M. Lockhart
Title: Chair of the Official Committee of Tort Claimants