Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone: 415.659.2600
Facsimile: 415.659.2601
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

Elizabeth A. Green (*pro hac vice*)
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone: 407.649.4036
Facsimile: 407.841.0168
Email: egreen@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION**<br>-and-<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>　　　　　Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**DECLARATION OF HON. JOHN K. TROTTER (RET.) IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002 TO RETAIN AND EMPLOY HON. JOHN K. TROTTER (RET.) AS TRUSTEE *NUNC PRO TUNC* TO JANUARY 13, 2020 THROUGH THE EFFECTIVE DATE OF THE RESOLUTION TRUST AGREEMENT**<br>Date: March 10, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>　　　Courtroom 17, 16th Floor<br>　　　San Francisco, CA 94102<br>Objection Deadline: March 3, 2020 |

Pursuant to section 1746 of title 28 of the United States Code, I, John K. Trotter, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1. I am an attorney at law licensed to practice law in the state of California. I am in good standing. I am duly authorized to make this Declaration (the "**Declaration**"). Unless otherwise stated in this Declaration, I have knowledge of the facts set forth herein and, if called as a witness, I would testify thereto.

2. I submit this Declaration in support of the Application (the "**Application**") of the Official Committee of Tort Claimants (the "**TCC**") of PG&E Corporation and Pacific Gas and Electric Company (collectively the "**Debtors**") for the entry of an order authorizing my employment as the proposed trustee for the period beginning on January 13, 2020 and terminating on the effective date of the claims resolution trust agreement (the "**Trust**"), pursuant to section 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). I am being retained to independently evaluate issues of concern to the establishment of a claims resolution process and receive input from the TCC and consenting fire claimant professionals for this purpose.

3. I am a former judge, having retired from the California Court of Appeal in 1987. Upon retiring from the bench in 1987, I joined JAMS, and have gained a reputation as one of the nation's leading experts in ADR. I have served as a Special Master in several Multi District Litigation Pharmaceutical matters, including, Zyprexa I, Zyprexa II, Baycol, Rezulin, Vioxx, the Toyota Sudden Acceleration case, and other complex cases in both Federal and State court, supervising the claims and payment to thousands of plaintiffs in each litigation. I also formulated a resolution program for the 2007 San Diego fire cases and supervised the resolution of all the victims' claims.

4. Through my tenure with JAMS, I have successfully resolved thousands of cases involving a variety of matters, including: (i) mass torts; (ii) class actions; (iii) complex business

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

disputes; (iv) personal injury; (v) insurance coverage; (vi) employment (vii) bad faith; (viii) pharmaceuticals; (ix) contract disputes; (x) toxic torts; and (xi) professional liability. I have received numerous honors and recognitions over the course of my career, including:

- Recognized as Best Lawyer, *Best Lawyers*
- Most Influential Attorney in ADR, *National Law Journal*
- Recognized as a Top Master, *Daily Journal*
- Orange County Mediation Lawyer of the Year, *Best Lawyers*
- Orange County ADR Lawyer of the Year, *Best Lawyers*
- Lifetime Achievement Award for his distinguished career as an attorney, judge, and major contributor to the advancement of ADR, Orange County Trial Lawyers Association
- Recognized as a Best Lawyer, ADR Category, *Best Lawyers in America*
- "Appellate Justice of the Year" Award, California Trial Lawyers Association
- "Justice of the Year Award", Los Angeles Trial Lawyers Association
- "Franklin G. West" Award, Lifetime Achievement Award, Orange County Bar Association
- "Award of Appreciation", Mexican-American Bar Association
- Founding President, Robert A. Banyard Inns of Court
- Past President, Orange County Bar Association
- Past President, American Board of Trial Advocates
- Faculty Member: College of Trial Advocacy, National Institute of Trial Advocacy
- Taught Negotiation and Mediation Techniques to judges, attorneys, and business people

5. I am a veteran of the United States Army having served in Korea and Hawaii from 1953 to 1956. I served in the 25th Infantry Division and was Honorably Discharged with the rank of Staff Sergeant.

6. I obtained from the TCC and/or its representatives the names of individuals and entities that may be parties in interest (individually a "**Potential Party in Interest**" and

collectively the "**Potential Parties in Interest**") in the Cases. I reviewed the name of each Potential Party in Interest to determine the names of each Potential Party in Interest that has entered into engagement agreements with me in the last two years. Additionally, where the review *did not* produce a name identical to the name of Potential Party In Interest but *did* produce a name that could potentially be an affiliate of a Potential Party in Interest or associated with a Potential Party in Interest by virtue of name similarity, I also identified and disclosed relationships with any such Potential Party in Interest.

7. In several instances, the names on the list of Potential Parties in Interest were very common and/or generic. As such, it was not possible to identify with certainty whether I have any client relationship to disclose for those specific names.

8. My search revealed that in the past two years I served as a neutral in a pharmaceutical multi district litigation involving parties who were represented by attorneys who are representing certain fire victims and committee members. The lead attorney was Steven Skikos from the firm Skikos Crawford Skikos & Joseph, LLP. The mediations are closed and did not involve the Debtors.

9. It is possible that I may now or in the future be retained by one or more of the Potential Parties in Interest in unrelated matters. To the extent the Debtors discover and disclose additional Potential Parties in Interest during the course of these Cases, I will use reasonable efforts to identify whether a material relationship exists with any such parties. To the extent that I discover or enter into any new, material relationship with Potential Parties in Interest, I will supplement this Declaration.

10. Although unlikely, in addition to the above disclosures, I may also represent, or may have represented, affiliates, equity holders or sponsors of Potential Parties in Interest and I may have worked with, continue to work with, have or had mutual clients with, been represented by and/or advised certain accounting and law firms that are Potential Parties in Interest (and, in the case of law firms, may have entered into engagement agreements in which the law firm was named as client although the work was performed for a mutual client of mine and the applicable law firm).

I may also represent, or may have represented in the past, committees or groups of lenders or creditors, which committees or groups include, or included, entities that are Potential Parties in Interest.

11. Although I have researched the Potential Parties in Interest list, the Debtors may have customers, creditors, competitors, and other parties with whom they maintain business relationships that are not included as Potential Parties in Interest and with whom I may maintain business relationships.

12. Other than as disclosed herein, I have no relationship with the Debtors, the United States Trustee for Region 17 or any person employed in the San Francisco office of the United States Trustee or any United States Bankruptcy Judge for the Northern District of California of which I am aware after due inquiry. Based on the foregoing, I believe that I am disinterested as defined in section 101(14) of the Bankruptcy Code and do not hold or represent an interest materially adverse to the Debtors or their estates.

13. As of the date of this Declaration, I have not received any compensation for my work on behalf of the TCC.

14. I intend to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines promulgated by the Office of the United States Trustee, pursuant to the order entered by this Court on February 28, 2019, establishing the procedures for interim compensation and reimbursement of expenses of professionals (Dkt. No. 701), the Notice of Filing of Parties' Revised Fee Examiner Protocol (Dkt. No. 4473), and any additional procedures that may be established by the Court in these Cases.

15. Subject to the Court's approval, I will be compensated at my standard hourly rates, which are based on my level of experience, plus reimbursement of the actual and necessary expenses that I incur in accordance with the ordinary and customary rates which are in effect on the date the services are rendered. At present, my standard hourly rate for a matter such as this is $1,500.

16. This rate is subject to adjustments in the ordinary course of my business, notice of which adjustments shall be provided to the Debtors, the United States Trustee and the Fee Examiner. I will maintain detailed, contemporaneous records of time and any necessary costs and expenses incurred in connection with the rendering of its services as described above and will be reimbursed for such costs and expenses in conformity with the Guidelines promulgated by the United States Trustee as in effect in this District.

17. Other than as set forth above there is no proposed arrangement between the TCC and me for compensation to be paid in these Cases. I have no agreement with any other entity to share any compensation received, nor will there be, except as permitted under section 504(b) of the Bankruptcy Code.

## Statement Regarding United States Trustee Guidelines

18. The following information is provided in response to the Request for Additional Information Set Forth in Paragraph D.1 of the Appendix B – Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, Effective as of November 1, 2013:

| | |
|---|---|
| Question: | Did you agree to any variations from, or alternatives to, your standard customary billing arrangements for this engagement? |
| Response: | No. |
| Question: | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| Response: | No. |
| Question: | If you represented the client in the 12 months prepetition, disclose your billing rates and material terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

| | | |
|---|---|---|
| Response: | I did not represent the TCC prior to the commencement of the Debtors' Cases. | |
| Question: | Has your client approved your prospective budget and staffing plan, and, if so, for what budget period? | |
| Response: | I will be working in this matter as a trustee. I understand that the TCC, along with the Debtors, United States Trustee and Fee Examiner, will maintain active oversight of my billing practices. | |

19. I will use reasonable efforts to comply with the above Guidelines.

Dated: February 11, 2020

By: _____
The Hon. John K. Trotter (Ret.)

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA