Thomas Tosdal
Tosdal Law Firm
777 S. Highway 101
Suite 215
Solana Beach, CA 92075
Tel. (858) 704-4710
Email tom@tosdallaw.com

Angela Jae Chun
Law Office of Angela Jae Chun
777 S. Highway 101
Suite 215
Solana Beach, CA 92075
Tel. (619) 719-5757
Email ajc@chun.law

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re:<br><br>PG&E CORPORATION<br><br>and<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>Debtors. | Bankr. Case No. 19-30088-DM<br><br>**JOINDER OF FIRE CLAIMANTS IN TCC'S OBJECTIONS TO CLAIMS BY FEMA AND CAL OES**<br><br>Date: February 26, 2020<br><br>Time: 10:00 a.m.<br><br>Place: U.S. Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

**1. Joinder In The TCC's Objections To FEMA And Cal OES Claims**

Claimants represented by the undersigned are victims of the Atlas, Redwood, and Camp Fires who join the TCC's objections to proofs of claim filed by FEMA and Cal OES. These claimants supplement the TCC's objections as follows.

**2. Pending Government Claims Threaten To Derail This Bankruptcy**

The magnitude of pending government claims threatens to derail this bankruptcy. The approved RSA provides for $13.5 billion, split half cash and half stock, to be paid to

"fire victims," which presently include government agencies. The combined claims of FEMA and Cal OES amount to half of the total ($6,634,535,739). A cornucopia of other state and federal agencies claim an additional $1,068,457, 907, which brings the government claim total to $7,702,993,646. There are additional government claims in an as yet undetermined amount.

There is no way the fire victims, taxpayers all, will vote to support a plan with the government claims coming out of a fund that should be used to compensate them. A resounding NO vote will derail this bankruptcy and throw this proceeding into chaos.

**3. The Evidence Precludes FEMA From Recovery Under the Stafford Act**

The TCC objection challenges the FEMA and Cal OES claims on their face. There is much more to defeat the Stafford Act claims, because the evidence establishes PG&E did not intentionally cause the fires.

Only "[a]ny person who intentionally causes a condition for which Federal assistance is provided" is subject to liability under the Stafford Act. (42 U.S.C. §5160(a).) Intentional torts require the actor intend the consequences of the act in addition to the act itself. Kawaauhu v. Geiger, 523 U.S. 57, 61-2 (1998). FEMA assistance was rendered for fire damage, not the conditions causing the fires, such as untrimmed trees or aging infrastructure. Even if "condition" in the statute is interpreted to mean the fires, FEMA will have to prove PG&E intended to cause the fires to recover under the StaffordAct. There is zero evidence PG&E intended to cause the fires.

There are 25 fires subject to this bankruptcy. This chart sets forth the findings of the responsible investigating agency of the cause of 22 of the fires. None conclude PG&E

intentionally caused a fire. There is no evidence PG&E intentionally caused the remining three fires.

| Name of Fire | Public Agency's Determination of Cause |
|---|---|
| Butte (2015) | "contact between a tree and a PG&E powerline" (Ex. 1) |
| Ghost Ship (2016) | "undetermined" (Ex. 2) |
| LaPorte (2017) | "tree branches falling onto PG&E power lines" (Ex. 3) |
| McCourtney (2017) | "tree falling onto PG&E power lines" (Ex. 3) |
| Lobo (2017) | "a tree contacting PG&E power lines" (Ex. 3) |
| Honey (2017) | "an Oak branch contacting PG&E power lines" (Ex. 3) |
| Redwood (2017) | Two locations – "tree or parts of trees falling onto PG&E power lines" (Ex. 4) |
| Sulphur (2017) | "failure of a PG&E power pole, resulting in the power lines and equipment coming in contact with the ground" (Ex. 4) |
| Cherokee (2017) | "tree limbs coming into contact with PG&E power lines" (Ex. 4) |
| 37 Fire (2017) | "associated with the PG&E distribution lines in the area" (Ex. 4) |
| Blue (2017) | "a PG&E conductor separated from a connector, causing the conductor to fall to the ground" (Ex. 4) |
| Norrbom (2017) | "a tree falling and coming in contact with PG&E power lines" (Ex. 4) |
| Adobe (2017) | "a eucalyptus tree falling into a PG&E powerline" (Ex. 4) |
| Partrick (2017) | "an oak tree falling into PG&E powerlines" (Ex. 4) |
| Pythian (2017) | "a downed powerline after PG&E attempted to reenergize the line" (Ex. 4) |
| Nuns (2017) (includes Pressley) | "a broken top of a tree coming in contact with a power line" (Ex. 4) |
| Pocket (2017) | "the top of an oak tree breaking and coming into contact with PG&E power lines" (Ex. 4) |
| Atlas (2017) | Two locations: "At one location … a large limb broke from a tree and came into contact with a PG&E power line. At the second location … a tree fell into the same line" (Ex. 4) |
| Cascade (2017) | "sagging power lines coming into contact during heavy winds" (Ex. 5) |
| Sullivan (2017) | "high winds causing power lines to arc" (See Decl. Counsel) |
| Camp (2018) | A worn C-hook failed, causing an energized conductor to contact a tower, sending sparks (See Decl. of Counsel) |

That leaves three fires:

The Point or <u>West Point Fire</u>, burned four structures. The public record does not appear to indicate a cause. CalFire's website and the public record do not mention a <u>Maacama Fire</u>. Finally, the cause of the very large <u>Tubbs Fire</u> will be addressed by a joinder by another fire victim counsel.

The available evidence establishes PG&E did not intentionally cause any of the subject fires. Neither FEMA, nor derivatively Cal OES, can recover from PG&E under the Stafford Act.

**4. FEMA And Cal OES Cannot Recover Damages For Nuisance**

The FEMA claims assert private and public nuisance as a basis for recovery from PG&E. (*Cal. Civil Code* §§ 3479-3481.) Neither FEMA nor Cal OES can state a cause of action for recovery of damages for private or public nuisance.

The essence of private nuisance is an interference with the use and enjoyment of land, and a cause of action for private nuisance is not stated without such interference. *Venuto v. Owens-Corning Fiberglass Corp.* (1971) 22 Cal. App. 3d 116, 124-5. The FEMA and Cal OES claims do not allege interference with their lands, but rather public assistance to others whose lands were harmed by the fires. Neither agency has standing to claim damages for private nuisance.

While a government agency may have standing to seek abatement of a public nuisance, a government agency cannot recover damages for abating a public nuisance. *County of San Luis Obispo v. Abalone Alliance* (1986) 178 Cal. App. 3d 848, 859-60; *County of Santa Clara v. Atlantic Richfield Co.* (2006) 137 Cal. App. 4th 292, 310-11. The agencies' claims for damages for public nuisance are foreclosed by California law.

Neither FEMA nor Cal OES can recover damages for private or public nuisance.

**5. FEMA And Cal OES Cannot Recover Damages For Unjust Enrichment**

FEMA's final basis for its claims is restitution for "unjust enrichment." There is no cause of action in California for "unjust enrichment." *Levine v. Blue Shield of California* (2010) 189 Cal. App. 4th 1117, 1138. Even were there such a cause of action, FEMA and Cal

OES could not state a cause of action because the elements of the equitable doctrine of unjust enrichment are receipt of a benefit and unjust retention of the benefit at the expense of another. *Lyles v. Sangadeo-Patel* (2014) 225 Cal. App. 4th 759, 769. The public assistance for which FEMA and Cal OES seek reimbursement was not provided to PG&E but to those harmed by PG&E. Neither FEMA nor Cal OES conferred a benefit on PG&E within the meaning of "unjust enrichment."

FEMA and Cal OES cannot state a cause of action for unjust enrichment.

**6. Fire Victim Dissatisfaction With Government Inclusion In the Fund Is Growing**

There is growing dissatisfaction among individual fire victims with the atttempts of governments, state and federal, to take a share of the $13.5 billion which rightfully should be shared by those individuals and businesses actually harmed by the PG&E fires. A very small sampling of these sentiments, widely shared among the fire victim population, is set forth in the letters to the Court attached as Exhibit 6.

**7. Conclusion**

The Court is urged to sustain the TCC's objections to the claims of FEMA and Cal OES for the reasons set forth in this joinder.

Dated: February 11, 2020            */s/ Thomas Tosdal*
                                     Attorney for Some Fire Victims