# EXHIBIT D

ASSEMBLY COMMITTEE ON JUDICIARY        SB 1672
ELIHU M. HARRIS, Chairman

SB 1672 (Seymour)   As amended 05/03/84 ※ *Amended in Committee*

PRIOR ACTION

Sen. H. & H.S. Com. 7-0                 Sen. Floor 31-0

SUBJECT

This bill is intended to afford public agencies an additional right of recovery for cleanup, suppression or evacuation costs incurred in an effort to meet an emergency created by the release of a hazardous substance into the environment.

DIGEST

The Carpenter-Presley-Tanner Hazardous Substance Account Act (Health and Safety Code Sections 25300 et seq.) created a special account within the General Fund (commonly referred to as "California Superfund") for the purpose of providing a mechanism by which a public agency may be reimbursed itself for monies expended in a hazardous substance.

Additionally, California Health and Safety Code Section 13009 provides the statutory basis for a right of recovery by public agencies from a negligent party who causes or allows a fire to escape either public or private property. Under Section 13009 the negligent party must reimburse the public agency, which combats the fire, for the cost of "fire suppression...and for the cost of providing rescue or emergency medical services."

This bill would add a new Section 13009.6 to the California Health and Safety Code which would extend the liability to a negligent party for the cosats associated with an emergency response by a public agency in the face of a hazardous substance release.

Specifically, it would:

- Permit public agencies to seek reimbursement for cleanup costs from a negligent party's who (1) causes fires, and allows them to spread, (2) causes hazardous substance releases and allows them to spread or (3) is responsible for a fire stemming from a hazardous substance release. In order for the public agency to receive reimbursement, for cleanup costs from the negligent party, either one of two conditions must be met:

(CONTINUED)

Consultant M. Harris                                SB 1672
08/06/84                                            Page 1

Case: 19-30088   Doc# 5746-4   Filed: 02/12/20   Entered: 02/12/20 14:26:54   Page 2 of 13

4218-0044

(1) There must be a determination by the public agency that the hazardous substance release poses a "real and imminent threat to public safety beyond the property of origin," or

(2) The release caused the public agency to evacuate an area beyond the property where the release originated;

- Establish that expenses reimbursable to the public agency are a debt of the liable person and analogous to an obligation under contract;

- Establish that a negligent party's employer is liable for the cost of reimbursement if the hazardous substance release was caused during the course of the negligent party's employment;

- Establish that any amount recovered under procedures of this bill is deductible from any amount recoverable under Superfund. However, any negligent party would remain liable for the entire amount of the cost incurred;

- Accept as a definition of "hazardous substance" the definition which is provided in California Superfund; and

- Not preempt any local regulations in the area of hazardous substance cleanup liability or limit the remedies afforded local agencies under current law.

STAFF COMMENTS

1. The proponents of this bill contend that this legislation is needed to plug the gaps found under current law relating to public agency rights of reimbursement for funds expended in cleaning-up and/or suppressing hazardous substance releases. Specifically, the proponents offer as an example, a situation involving the City of Orange, which incurred $20,000 in unreimbursed expenses associated with the evacuation of an area after a hazardous substance release. Due to the fact that the city had not received approval from the state Department of Health Services, prior to reaching its decision to evacuate the area, the city was not reimbursed for its expenses under California Superfund.

Additionally, under current law, the city has no right to a direct civil action for reimbursement against the negligent tortfeasor. Therefore, the proponents argue that without the type of change proposed by this bill, an incident such as the

(CONTINUED)

Consultant M. Harris    SB 1672

Case: 19-30088    Doc# 5746-4    Filed: 02/12/20    Entered: 02/12/20 14:28:54    Page 3 of 13
4218-0045

==one described above is apt to repeat itself to the detriment of the public coffers.==

It should be noted that had the City of Orange followed the procedure outlined in California Superfund (i.e., had it sought and received prior approval) it could have received reimbursement for the costs associated with the evacuation.

Should the Legislature enact new legislation to address one singular incident which, in large part, was caused by the city's failure to comply with a clearly articulated procedure? Even assuming arguendo, that the "prior approval" provision of the California Superfund is too harsh, would it not be more advisable to amend that provision of California Superfund rather than create an alternative procedure?

2. This bill, by its terms, seems to limit itself to extending a right of reimbursement to the public agency if one of three things occurs:

  (1) The public agency expends money to stop the "spread of toxic ~~gasses~~ substances."

  (2) The public agency expends money to stop the spread of "_fire_" which was associated with a hazardous substance release; or

  (3) The public agency reaches a decision to evacuate the area surrounding the hazardous substance release.

~~Are the above limitations appropriate? For example, is it sound policy to limit the application of the alternative procedures found in this bill to those situations where the toxic substance was gaseous or where a fire resulted from the hazardous substance release? Should this bill bar a public agency from recovering reimbursement for expenses where the hazardous substance released was in liquid or in powder form -- in nongaseous form?~~ Additionally, does not Section 13009 already affix liability to a negligent party whose conduct leads to a fire (which escaped that party's property) regardless of whether the fire emanated from a toxic or non-toxic source?

Consultant M. Harris
08/06/84

SB 1672
Page 3

Case: 19-30088   Doc# 5746-4   Filed: 02/12/20   Entered: 02/12/20 14:26:54   Page 4 of 13

4218-0046

SOURCE

City of Orange, Fire Department

SUPPORT

American Society of Safety Engineers
Department of Health Services
State Fire Marshal
California Fire Chief's Association
County of Santa Cruz
County of Ventura
City of Burbank
City of Los Angeles
City of San Diego
city of Costa Mesa, Fire Department
City of Fullerton, Fire Department
City of Pasadena, Fire Department
City of San Francisco, Fire Department
(Partial list)

OPPOSITION

Unknown

Consultant M. Harris
08/06/84

SB 1672

Case: 19-30088    Doc# 5746-4    Filed: 02/12/20    Entered: 02/12/20 14:26:54    Page 5 of 13

4218-0047

PLEASE RETURN IMMEDIATELY

ASSEMBLY COMMITTEE ON JUDICIARY

6031 State Capitol

Work Sheet

RE: Bill No. *SB 1672 - Seymour*

Please complete this form and return it to the Assembly Committee on Judiciary as soon as possible.

PLEASE INDICATE THE RECORD OF FINAL VOTE IN EACH SENATE COMMITTEE IN WHICH THIS BILL WAS ANALYZED. IN ADDITION, KINDLY SUPPLY THE SENATE FLOOR VOTE.

1. Origin of the bill:

   (a) What is the source of the bill? (What person, organization or governmental entity, if any, requested introduction?)
   City of Orange, Fire Department
      Chief Doug Flaherty   (714)  532-0411

   (b) Has a similar bill been before either this or a previous session of the Legislature? If so, please identify the Session, bill number and disposition of the bill.
   Yes -- as it relates to ogvernmental entities responding to fire suppression situations and their ability to be reimbursed for expenses.

   (c) Has there been an interim committee report on the bill? If so, please identify the report.
   No

2. Problem or deficiency in the present law which the bill seeks to remedy: Under current law, a local entity may pursue and receive reimbursement for costs associated with a fire response which occurred at the hands of a negligent party. However, as the League of California Cities and the City of Orange have shown, the law is silent as it relates to hazardous incidences.

3. Please attach copies of any background material in explanation of the bill, or state where such material is available for reference by the committee staff and letters of support or opposition.
   We know of no opposition; Support please find attached.

4. Hearing:

   (a) Approximate amount of time necessary for hearing.

   (b) Preference for date of hearing.

   (c) Names of witnesses to testify at the hearing.

SENATE BILL 1672

SUPPORT   (sent to committee)

American Society of Safety Engineers
State Fire Marshall
Department of Health Services
League of California Cities
California Fire Chiefs Association
City of Burbank
City of South San Francisco, Fire Department
City of San Luis Obispo, Fire Department
City of Pasadena, Fire Department
Westminster Fire Department
City of Orange, Fire Department (SPONSOR)
City of San Jose, Fire Department
City of Fullerton, Fire Department
City of Costa Mesa, Fire Department
City of Rialto, Fire Department
City of Manteca, Fire Department
City of Huntington Beach
Chino Fire District
Salinas Rural Fire District
Florin Fire Protection District
Central Valley Fire Protection District
County of Ventura, Fire Department
County of Santa Cruz

City of San Francisco, Fire Department
City of San Diego, Fire Department
City of San Diego

STATE OF CALIFORNIA—STATE AND CONSUMER SERVICES AGENCY                GEORGE DEUKMEJIAN, *Governor*

**STATE FIRE MARSHAL**
7171 BOWLING DRIVE, SUITE 600
SACRAMENTO, CALIFORNIA 95823

(916) 427-4161
ATSS 466-4161



August 2, 1984

CAPITOL OFFICE

Honorable Elihu Harris, Chairman
Assembly Judiciary Committee
State Capitol, Room 6031
Sacramento, CA 95814

Dear Assemblyman Harris:

This is to inform you of the State Fire Marshal support for SB 1672 (Seymour) which will be heard in your committee August 6. This bill would allow public agencies to charge for costs associated with responding to hazardous substance incidents caused by negligence.

Hazardous spills typically call for expensive emergency clean-up and special chemical agents to mitigate emergencies, both of which can create a heavy financial burden on local budgets. Persons who, due to negligence on their part, cause a hazardous substance incident should be held accountable for this negligence.

I urge your support of this bill. If I can be of assistance to you on this or any other fire related matter, please feel free to contact me.

Sincerely,

*Ronald W. Bogardus*

RONALD W. BOGARDUS, P.E.
State Fire Marshal

RWB:JW:ri

cc: Members, Assembly Judiciary Committee
    Honorable John Seymour
    Legislative Unit, Governor's Office
    State and Consumer Services Agency

STATE OF CALIFORNIA—HEALTH AND WELFARE AGENCY  GEORGE DEUKMEJIAN, *Governor*

# DEPARTMENT OF HEALTH SERVICES
714/744 P STREET
SACRAMENTO, CA 95814
(916) 445-1248



AUG 06 1984

The Honorable John Seymour
Member of the Senate
State Capitol, Room 3056
Sacramento, CA 95814

Dear Senator Seymour:

SB 1672 (MAY 3, 1984) -- SUPPORT IF AMENDED

Prior to the May 3, 1984 amendments to SB 1672, the Department was in total support of this bill. However, as amended May 3, 1984, the Department must withdraw our unequivocable support unless the bill is amended to restore the previous language.

This bill would expressly create liability for negligence which would result in the incurrence of public agency costs in an emergency for the prevention or mitigation of the release of hazardous substances to the environment, where necessary, to protect the public if (1) evacuation beyond the property of origin is necessary or (2) toxic gases or fire go beyond the property of origin. As amended (the deletion of lines 17 through 20 of Section 1, 13009.6 (2)), the liability for negligence established by the original version of the bill would be narrowed in scope, such that expenses incurred by public agencies for the evacuation and sheltering of persons in an emergency response situation involving the release or burning of hazardous substances would no longer be expressly reimbursable under the law. Consequently, potential cost recovery by involved public agencies would be reduced by an indeterminate amount. The Department feels that this language should be retained in order to maintain the level of potential cost recovery established in the original bill.

Toxic Substances Control Division staff would be available to discuss SB 1672 with you should you desire such a meeting. If you have any questions regarding the Department's position on this bill, please contact Joel S. Moskowitz, Deputy Director of the Toxic Substances Control Program, at 322-7202.

Sincerely,

Original Signed By
Pat Rauscher

Peter Rank
Director

Case: 19-30088   Doc# 5746-4   Filed: 02/12/20   Entered: 02/12/20 14:26:54   Page 9 of 13

4218-0051



# CITY COUNCIL OF THE
# CITY OF LOS ANGELES

July 5, 1984

KEN SPIKER

CHIEF LEGISLATIVE ANALYST

Mr. Rubin Lopez
Consultant
Assembly Judiciary Committee
Room 6031 State Capitol
Sacramento, CA 95814

        Re: SB 1672 (Seymour) - SUPPORT
            As Amended May 3, 1984
            Set August 6, 1984
            Assembly Judiciary Committee

Dear Mr. Lopez:

    The City of Los Angeles supports SB 1672 relative to hazardous materials release.

    Under existing law, there are no provisions for a public agency to recover costs incurred in an emergency involving hazardous materials from a negligent party responsible for causing the incident.

    SB 1672 would allow a public agency to recover costs incurred while abating an emergency involving hazardous materials from a negligent party responsible for causing the incident, provided an evacuation occurs or toxic gases or fire spreads beyond the property of origin.

    Presently, a negligent party is not liable for costs incurred by a public agency in abating an emergency related to a hazardous materials incident. An example is the City of Orange, which has been unsuccessful in seeking reimbursement from a chemical company for costs incurred in abating a hazardous materials incident in which negligence caused the incident to occur.

1400 K STREET, ROOM 308 · SACRAMENTO 95814      ROOM 255 · CITY HALL · LOS ANGELES 90012
(916) 441-2533      (213) 485-3327

Case: 19-30088    Doc# 5746-4    Filed: 02/12/20    Entered: 02/12/20 14:26:54    Page 10 of 13

4218-0052

4218-0053

SB 1672 would have a direct impact upon our Fire Department by providing a means to obtain reimbursement from the responsible party for costs incurred by the City in abating an emergency involving hazardous materials. The responsible party can only be held liable for costs if they are negligent and evacuation occurs or toxic gases or fire goes beyond the property of origin.

SB 1672 will enable the City of Los Angeles to recover costs incurred in abating a hazardous materials incident from the negligent party responsible for causing the emergency incident.

Therefore, we strongly support the enactment of SB 1672.

Yours very truly,

Norm Boyer
Chief Legislative Representative

NB/lv
cc: All Members of the Assembly Judiciary Committee

# city of orange 

incorporated 1888

176 south grand street • orange, california 92666
post office box 449

office of fire chief
(714) 532-0401

August 3, 1984

Honorable Elihu Harris
Chairperson, Assembly Judiciary Committee
State Capitol
Sacramento, CA 95814

Dear Assemblywoman Harris:

The purpose of this letter is to voice support for Senate Bill 1672 introduced by Senator Seymour.

This timely and important bill is necessary for several reasons. First, there is presently no way under State law for local jurisdictions to require payment for emergency mitigation of negligent hazardous materials incidents.

Secondly, hazardous materials responses typically call for expensive emergency clean-up and special chemical agents to mitigate emergencies, both of which can create a heavy financial burden on already tight local budgets.

Thirdly, many hazardous materials incidents last for several days, requiring resource commitment from Fire, Police, Public Works, local school districts, county, and state agencies. These resource commitments are also very costly and withdraw vital resources from daily pro-active and productive operational needs.

For these reasons, I would like to request your help and support for the speedy passage of SB 1672.

Working with you for a fire safe state, I am

Yours truly,

Edward D. Rowlett
Acting Fire Chief

EDR/DF/gb

cc: Karen Yelverton, Senator Seymour's Office
    Joan Jennings, State Fire Marshals Office
    Members of the Assembly Judiciary Committee

The documents following this page were photocopied from the files of the Assembly Republican Caucus.

4218-0055