| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | Steven M. Campora (SBN: 110909)<br>DREYER BABICH BUCCOLA WOOD CAMPORA, LLP<br>20 Bicentennial Circle<br>Sacramento, CA 95826<br>Telephone: (916) 379-3500<br>Facsimile: (916) 379-3599<br>Email: scampora@dbbwc.com |
| 6<br>7 | *Counsel for Pedro Arroyo, Karen Arroyo, Tara Kulkarni, William Rodda, Corey Manning, Emily Manning, Karen Lockhart, Andrew Coolidge, Alfreda Runge, Philippe Langner, Kitoko Vineyards, Patti Meyer, Wardah Dator, Patricia O'Keefe, Scott Patterson, Rebecca Christensen, Wayne Charvel, Susan Charvel, Priscilla Hanford, Rick Scott and Kimberly Scott* |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>    -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                                        **Debtors.**<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**JOINDER TO OMNIBUS OBJECTIONS OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS (SUBSTANTIVE) TO CLAIMS FILED BY THE DEPARTMENT OF HOMELAND SECURITY/FEDERAL EMERGENCY MANAGEMENT AGENCY (CLAIMS NOS. 59692, 59734 & 59783) AND TO CLAIMS FILED BY CALIFORNIA GOVERNOR'S OFFICE OF EMERGENCY SERVICES (CLAIM NOS. 87748, 87754, & 87755)**<br><br>Date:    February 26, 2020<br>Time:   10:00 a.m. (Pacific Time)<br>Place:   United States Bankruptcy Court<br>            Courtroom 17, 16th Floor<br>            San Francisco, CA  94102<br><br>Re: Docket Nos. 4943, 5096, 5319, 5320 |

Pedro Arroyo, Karen Arroyo, Tara Kulkarni, William Rodda, Corey Manning, Emily Manning, Karen Lockhart, Andrew Coolidge, Alfreda Runge, Philippe Langner, Kitoko Vineyards, Patti Meyer, Wardah Dator, Patricia O'Keefe, Scott Patterson, Rebecca Christensen, Wayne Charvel, Susan Charvel, Priscilla Hanford, Rick Scott and Kimberly Scott (the "**Fire Victims**"), in the above-captioned chapter 11 cases of PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") hereby support and join the following objections filed by the Official Committee of Tort Claimants (the "**TCC**"): (i) *Omnibus Objection of the Official Committee of Tort Claimants (Substantive) to Claims Filed by the Department of Homeland Security/Federal Emergency Management Agency (Claim Nos. 59692, 59734 & 59783)* [Dkt. No. 4943] (the "**TCC FEMA Objection**"); (ii) *Supplement To Omnibus Objection of the Official Committee of Tort Claimants (Substantive) to Claims Filed by the Department of Homeland Security/Federal Emergency Management Agency (Claim Nos. 59692, 59734 & 59783)* [Dkt. No. 5319] (the "**TCC Supplemental FEMA Objection**") (iii) *Omnibus Objection of the Official Committee of Tort Claimants (Substantive) to Claims Filed by California Governor's Office of Emergency Services (Claim Nos. 87748, 87754, & 87755)* [Dkt. No. 5096] (the "**TCC Cal OES Objection**"); and (iv) *Supplement to Omnibus Objection of the Official Committee of Tort Claimants (Substantive) to Claims Filed by California Governor's Office of Emergency Services (Claim Nos. 87748, 87754, & 87755)* [Dkt. No. 5320] (the "**TCC Supplemental Cal OES Objection**," and together with the TCC FEMA Objection, the TCC Supplemental FEMA Objection, and the TCC Cal OES Objection, the "**Objections**").

## JOINDER

Pursuant to Section 502(b)(1) of the Bankruptcy Code, a claim is not allowed if the claim "is unenforceable against the debtor . . . under any . . . applicable law." 11 U.S.C. § 502(b)(1). The Fire Victims support and join in all arguments asserted in the Objections and raise the following additional points in support of the Objections:

**1. THERE IS NO EVIDENCE THAT PG&E INTENTIONALLY CAUSED THE SUBJECT FIRES.**

No evidence has been discovered, which indicates that PG&E intentionally caused any of the subject fires, specifically including the Tubbs Fire. The evidence discovered, concerning the

Tubbs Fire, demonstrated that the fire was the result of contact between PG&E lines and a tree branch. (See the Declaration of Steven M. Campora, filed herewith.)

Only "[a]ny person who intentionally causes a condition for which Federal assistance is provided" is subject to liability under the Stafford Act. (42 U.S.C. §5160(a)[1].) Intentional torts require the actor intend the consequences of the act in addition to the act itself. *Kawaauhu v. Geiger*, 523 U.S. 57, 61-2 (1998). FEMA assistance was rendered for fire damage, not the conditions causing the fires, such as untrimmed trees or aging infrastructure. Even if "condition" in the statute is interpreted to mean the fires, FEMA will have to prove PG&E intended to cause the fires to recover under the Stafford Act. There is zero evidence PG&E intended to cause the fires.

**2. THE GOVERNMENTAL ENTITIES HAVE FAILED TO ALLEGE ANY INTEREST IN ANY OF THE REAL PROPERTY DAMAGED BY THE SUBJECT FIRES AND HAVE FAILED TO SPECIFICALLY ALLEGE ANY INTEREST IN ANY PROPERTY DAMAGED BY THE SUBJECT FIRE.**

The public entities are entitled to recovery only if (1) there is specific statutory authority permitting the public entity to recover or (2) the public entity has alleged a tort that would entitle it to compensatory damages "that are not based upon expenditures for the benefit of the public." (See *Cty. of San Luis Obispo v. Abalone All.*, 178 Cal. App. 3d 848, 859 (1986).) The claims made by the governmental entities are not for compensatory damages based on damage to their property. Instead the claims are specifically for "expenditures for the benefit of the public." As such, the objections should be sustained.

**3. CONCLUSION**

The Fire Victims reserve all rights to be heard before the Court in connection with the Objections (and any joinders thereto), to amend, supplement, or otherwise modify this Joinder prior

---

[1] **(a) Party liable.** Any person who *intentionally causes* a condition for which Federal assistance is provided under this Act or under any other Federal law as a result of a declaration of a major disaster or emergency under this Act shall be liable to the United States for the reasonable costs incurred by the United States in responding to such disaster or emergency to the extent that such costs are attributable to the intentional act or omission of such person which caused such condition. Such action for reasonable costs shall be brought in an appropriate United States district court. 42 U.S.C.S. § 5160(a), emphasis added.

to or during the preliminary hearing on the Objections, and to assert such other and further objections prior to the final adjudication of the matter.

For the reasons set forth in the Objections, the Fire Victims respectfully request that the Court enter an order disallowing and expunging the FEMA Claims and the Cal OES Claims identified in the Objections.

Dated: February 12, 2020

DREYER BABICH BUCCOLA WOOD CAMPORA, LLP

By: */s/ Steven M. Campora*
Steven A. Campora

*Counsel for Pedro Arroyo, Karen Arroyo, Tara Kulkarni, William Rodda, Corey Manning, Emily Manning, Karen Lockhart, Andrew Coolidge, Alfreda Runge, Philippe Langner, Kitoko Vineyards, Patti Meyer, Wardah Dator, Patricia O'Keefe, Scott Patterson, Rebecca Christensen, Wayne Charvel, Susan Charvel, Priscilla Hanford, Rick Scott and Kimberly Scott*