# EXHIBIT 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO HERRING ASSOCIATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PACIFIC GAS AND ELECTRIC COMPANY, et al., <br><br> Defendants. | Case No. 14-cv-04393-WHO <br><br> **ORDER DEFINING CLAIMS AND SETTING SCHEDULE FOR TRIAL OF THE FIRST PHASE** <br><br> Re: Dkt. Nos. 63, 65 |

In entering the Order Lifting Stay Concerning Known Clarke Property Claims, Dkt. No. 63, I directed the parties to meet and confer over the delineation of the Known Clarke Property Claims, on which I lifted a stay, as opposed to the Broader Environmental Claims, which require extensive testing protocols before they can be tried. I also directed the parties to meet and confer about the schedule of the Known Clarke Property Claims for trial. The parties could not reach agreement and submitted a Joint Statement, Dkt. No. 65, which we discussed at some length during the Case Management Conference on August 4, 2015.

Counsel for plaintiffs essentially reiterated Clarke's concern that the severance of any claims will prejudice Clarke. I have considered those concerns again and still disagree. As I wrote before, "[W]hile I recognize the possible overlap between the two categories of claims, I disagree with Clarke that the remediation of his property will necessarily be insufficient if I sever the claims. I agree with PG&E that cleanup of a known hazard is environmentally advantageous. I do not see a potential for inconsistent rulings. If further remediation of the problems affecting the Clarke property is warranted as determined when the Broader Environmental Claims are litigated, Clarke will get the benefit of that remediation." Dkt. No. 63, p. 1. Plaintiffs' counsel conceded during the Case Management Conference that the trial on the Broader Environmental

1  Claims is at least three years away, given the amount of testing that needs to be completed. The
2  Known Clarke Property Claims are ready for discovery and trial now, and the parties have already
3  spent four years attempting but failing to reach agreement. It is time to adjudicate them. And
4  though plaintiffs' counsel argued that it would be a burden for Clarke to prepare for two trials
5  instead of one, that burden will fall primarily on counsel and not Clarke, since the overwhelming
6  bulk of Clarke's claims will have been addressed in the phase one trial. Plaintiff San Francisco
7  Herring Association's claims are severed for the second phase of the trial. There will not be
8  significant overlap in the evidence presented for each phase and there will be no prejudicial
9  burden on either Clarke or his counsel.

Accordingly, the first phase of this trial on the Known Clarke Property Claims is limited to the state law claims as they relate to the Clarke Property. These include Counts 4-7 in the Complaint and Clarke's claims for punitive damages that arise from those counts. This phase does not include the Broader Environmental Claims, for which the stay remains in effect. The stayed, phase two claims include all Resource Conservation and Recovery Act claims; all Clean Water Act claims; all claims brought by plaintiff San Francisco Herring Association; all public nuisance claims; and any remaining issues not tried in the first phase of the case.

Given the lack of discovery to date, I am reinstating the original Trial and Pretrial Schedule, as requested by plaintiffs. It is:

| | |
|---|---|
| Fact Discovery Cut-Off: | January 15, 2016 |
| Simultaneous Expert Disclosures: | March 1, 2016 |
| Rebuttal Expert Disclosures: | April 1, 2016 |
| Expert Discovery Cut-Off: | May 16, 2016 |
| Last Day to Hear Dispositive Motions: | May 18, 2016 |
| Pretrial Conference: | July 18, 2016 |
| Trial: | August 15, 2016 |

1  A further Case Management Conference is set for February 16, 2016 at 2:00 p.m.
2  **IT IS SO ORDERED**.
3  Dated: August 11, 2015



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California